1  Annette W. Jarvis, Utah Bar No. 1649
   RAY QUINNEY & NEBEKER P.C.
2  36 South State Street, Suite 1400
3  P.O. Box 45385
   Salt Lake City, Utah 84145-0385
4  Telephone: (801) 532-1500
   Facsimile: (801) 532-7543
5  Email: ajarvis@rqn.com

6  and

7  Lenard E. Schwartzer
   Nevada Bar No. 0399
8  Jeanette E. McPherson
   Nevada Bar No. 5423
9  Schwartzer & McPherson Law Firm
   2850 South Jones Boulevard, Suite 1
10 Las Vegas, Nevada  89146-5308
   Telephone:  (702) 228-7590
11 Facsimile:  (702) 892-0122
12 E-Mail:  bkfilings@s-mlaw.com
   Attorneys for Debtors

E-FILED ON APRIL 14, 2006

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Chapter 11 |
| In re:<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **MOTION OF THE DEBTORS PURSUANT TO SECTIONS 363(b) AND 105(a) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO PAY PREPETITION** |
| In re:<br><br>USA SECURITIES, LLC,<br>Debtor. | **WAGES, COMPENSATION AND EMPLOYEE BENEFITS** |
| Affects:<br>☒  All Debtors<br>☐  USA Commercial Mortgage Company<br>☐  USA Securities, LLC<br>☐  USA Capital Realty Advisors, LLC<br>☐  USA Capital Diversified Trust Deed Fund, LLC<br>☐  USA First Trust Deed Fund, LLC | Date:<br>Time: |

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

The above captioned debtors and debtors in possession (collectively "USA" or the "Debtors"), by and through their attorneys, submit this motion (the "Motion") seeking authority (i) to pay certain prepetition accrued wages, salaries and other compensation, (ii) to reimburse employee business expenses, (iii) to honor vacation and sick leave entitlements accrued prepetition in accordance with established company policy, (iv) to honor any payroll checks that remain uncashed for payroll periods which included days, or ended, prior to the Petition Date, (v) to make contributions to ordinary course employee benefit plans, (vi) to pay taxes relating to employee compensation, and (vii) to pay certain court ordered payments and pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"). In support of the above, the Debtors respectfully represent as follows:

## BACKGROUND

1.      On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.      The Debtors incorporate by reference herein the Declaration of Thomas J. Allison (the "Declaration") submitted concurrently, herewith. The Declaration sets forth the Debtors' history, business and current financial condition and the events leading to the commencement of these cases.

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. sections 157 and 1334. Venue of these cases and the within Motion in this district is proper pursuant to 28 U.S.C. sections 1408 and 1409. The statutory predicate for the relief sought herein is section 105(a) of the Bankruptcy Code.

4.      No trustee or examiner has been appointed herein. No creditors' or other committee has been appointed in these chapter 11 cases.

## THE DEBTORS' PREPETITION EMPLOYEE OBLIGATIONS

5.      The Debtors employ approximately 32 full-time and part-time, hourly and salaried employees (collectively the "Hourly and Salaried Employees") (collectively the "Employees").

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

P:\USA Commercial Mortgage\Pleadings\Pre-Petition Wages & Benefits Motion\Motion to Approve Pre-Petition Wages & Benefits - Final.doc

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    These Hourly and Salaried Employees include accounting and finance, technical support staff,

2    office staff, and other personnel.

3          6.     The Debtors also employ on a contract basis 12 sales and marketing personnel (the

4    "Contract Personnel"). The majority of the Contract Personnel are paid commissions on

5    investment money that they bring in, and on completed real estate loans.

6          7.     USA has well established personnel policies regarding vacation, sick leave, a

7    Defined Benefit Retirement Plan, medical insurance, long-term disability, and life insurance (the

8    "Employee Benefits").

9          8.     It is in the best interests of the Debtors' estates to honor all of the pre-petition

10    accrued compensation and Employee Benefits to the extent USA deems it practicable and

11    desirable, on a day-to-day basis, in the ordinary course of business and to permit USA's eligible

12    employees to utilize any vacation or sick leave in accordance with personnel policies even if some

13    part of such benefits may have accrued prior to the Chapter 11 filing. The following is a summary

14    of funds or benefits due directly to the Hourly and Salaried Employees and the Contract

15    Personnel, consisting of Wages and Salary; Reimbursement for Business Expenses; and Vacation

16    Days and Sick Leave (collectively the "Prepetition Employee Obligations"). Following the

17    summary of Prepetition Employee Obligations is a summary of amounts due to third party

18    recipients for Hourly and Salaried Employees and Contract Personnel benefit programs consisting

19    of Disability Benefits and Life Benefits; Medical Insurance premiums; Employer Defined Benefit

20    Retirement Plan Contributions; Tax Payments; and court ordered payments (collectively the

21    "Employee Benefits of Debtors").

22    **Wages & Salary**

23          9.     This case was commenced during the normal course of the Debtors' payroll period

24    for Hourly and Salaried Employees and Contract Personnel during the Debtors' normal

25    reimbursement cycle for wages and salaries. The Debtors pay Hourly and Salaried Employees and

26    Contract Personnel on the 5th day of the month (covering the pay period that begins on the 16th

27    and ends on the last day of the prior month) and 20th day of the month (covering the pay period

28    that begins on the 1st and ends on the 15th day of the same month). The last regular payroll paid by

the Debtors to Hourly and Salaried Employees was for the pay period ending on March 31, 2006, which has been paid.

10.    The Debtors utilize the ADP payroll service which withdraws sufficient funds to pay the payroll, taxes and other withholdings from the Debtors' operating account three days prior to the payroll date.  Hourly and Salaried Employees and Contract Personnel are then paid by check or through direct deposit into their personal bank accounts.

11.    The Hourly and Salaried Employees' and the Contract Personnel's next payroll is due on April 20, 2006 which covers the pay period from April 1, 2006 to April 15, 2006.  Thus, the April 20th Payroll contains 13 days of prepetition wages for the Hourly and Salaried Employees and the Contract Personnel.  It is estimated that the April 20, 2006 payroll will total approximately $206,332.

12.    To minimize the personal hardship that the Hourly and Salaried Employees and the Contract Personnel will suffer if salaries are not paid and to maintain employee morale which is critical to the Debtors' reorganization efforts, the Debtors are seeking authority to honor all of their obligations up to the $10,000 priority limit to their Hourly and Salaried Employees and Contract Personnel for the April 20, 2006 Payroll including the prepetition wages that are due and owing.

13.    In addition, some employees may not have cashed their previous payroll checks before the Petition Date.  Accordingly, in the event that any Hourly and Salaried Employee or Contract Personnel  presents a payroll check to ADP's account post-petition, for wages earned for the period ending March 31, 2006, or earlier, the Debtors request authority to honor those checks.

### Vacation Days and Sick Leave

14.    Under the Debtors' current vacation policy, Hourly and Salaried Employees are eligible for up to three weeks of paid vacation each year depending upon the particular employee's employment level and the number of years of employment with the Debtors.  Hourly and Salaried Employees generally must take their accrued vacation during the year in which it was accrued, although up to five days can be carried over to the following year.  Any Hourly or Salaried Employee who voluntarily leaves or is terminated by the Debtors is generally entitled to be paid

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

P:\USA Commercial Mortgage\Pleadings\Pre-Petition Wages & Benefits Motion\Motion to Approve Pre-Petition Wages & Benefits - Final.doc

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

by the Debtors the value of all of their unused vacation time which accrued in the year of the employee's termination plus up to five carryover days.

15.     Full time Hourly and Salaried Employees also accumulate up to six personal days per year which may be used for sick leave or personal time.  However, upon termination, Hourly and Salaried Employees are not entitled to any cash compensation for sick leave or personal days that have not been used during the period of employment.  With respect to vacation time, it is impossible to determine what amount, if any, of prepetition vacation time the Debtor will be required to pay post-petition, but the Debtors seek to make such payments consistent with prepetition practice.  As of the Petition Date, all vacation and sick leave has accrued prepetition. Debtors seek to honor their obligations to Hourly and Salaried Employees for accrued vacation and sick leave by allowing their Employees to use or take accrued vacation time and sick leave consistent with prepetition practice.

### Reimbursement for Business Expenses

16.     The Debtors customarily reimburse Hourly and Salaried Employees and Contract Personnel who incur a variety of reasonable business-related expenses, such as travel.  Because the Hourly and Salaried Employees and Contract Personnel do not always submit claims for reimbursement promptly, it is difficult for the Debtors to determine the amount outstanding at any particular time.  The Debtors request authority to reimburse the Hourly and Salaried Employees and the Contract Personnel for reasonable pre-petition and post-petition business expenses consistent with prepetition practice.

### Payments Limited to No More Than $10,000

17.     The amounts owed to each individual Hourly and Salaried Employee or Contract Personnel with respect to above-referenced pre-petition employee obligations does not exceed the $10,000 priority claim limitation provided in section 507(a)(3) of the Bankruptcy Code for amounts earned within ninety days before the Petition Date, except for Thomas A. Hantges, a principal, and six of the commissioned sales personnel. The Debtors seek only to compensate each of the Hourly or Salaried Employees and Contract Personnel, including Mr. Hantges, the specific

1    amount that individual is owed up to the $10,000 limitation. Any remaining amounts will be

2    treated as unsecured claims.

### EMPLOYEE BENEFITS OF DEBTORS

3

4    18.    Hourly and Salaried Employees' compensation also includes disability, health and

5    life insurance coverage ("Disability Benefits" "Health Benefits" and "Life Benefits"), and

6    voluntary contributions by the Debtors to a Defined Benefit Retirement Plan.

### a. Disability, Life and Medical Benefits

7

8    19.    The Debtors provide the Hourly and Salaried Employees with long and short term

9    disability coverage, optional life insurance, physician care, hospital care, dental care, prescription

10   drugs, and related health care benefits through Assurant Health Insurance Company. The

11   insurance premiums for these benefits are paid by the Debtors. As of the petition date, there are

12   no outstanding amounts owing to the insurer for this coverage. The premium payments for this

13   coverage are due on a monthly basis and are currently in the amount of $14,664. Debtors request

14   authority to make the future monthly premium payments that are owed for long and short term

15   disability and life insurance coverage consistent with pre-petition practice.

### b. Defined Benefit Retirement Plan Contributions

16

17   The Debtors make payments to a Defined Benefit Retirement Plan for the benefit of the

18   qualifying employees. The Plan is administered by Retirement Planning Co., Inc. The Plan is

19   solely funded by the Debtors and does not receive any contributions from employees. No

20   payment is due at this time, and no determination has been made with regard to future funding.

21   The Debtors request the authority to maintain this plan and have the Third Party Administrator

22   continue to administer the Plan in accordance with the Plan documents.

### TAX PAYMENTS

23

24   20.    The Debtors pay various local, state and federal taxing authorities for Hourly and

25   Salaried Employees and Contract Personnel for employment related taxes (the "Tax Payments").

26   As of the Petition Date, there are no payroll taxes due for wages already paid to Hourly and

27   Salaried Employees and Contract Personnel. However, taxes will become due for unpaid pre-

28   petition wages. The Debtors request authority to calculate taxes due on unpaid prepetition wages,

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    and to have ADP make those payments to appropriate taxing authorities when they come due.

2                                **COURT ORDERED PAYMENTS**

3        21.    Debtors, in compliance with court orders for payment of child support, student

4    loans and the like, has ADP deduct specified amounts from employee wages, and pay these

5    deductions to third party recipients (the "Employee Deductions"). The Employee Deductions are

6    property of the Hourly and Salaried Employee or Contract Personnel and are not property of the

7    Debtors. The Employee Deductions are forwarded by ADP along with any Debtor contributions,

8    to appropriate third-party recipients. From gross pre-petition wages that have been paid to

9    Employees, no amounts are due and currently owing to third party recipients for such payments.

10   However, amounts will become due with future payrolls which include pre-petition wages.

11   Debtors request authority to calculate and pay third party recipients amounts deducted from

12   unpaid prepetition wages and to reserve such amounts for remittance to appropriate third parties in

13   the ordinary course of business consistent with prepetition practice.

14                                **No Assumption of Contracts**

15       22.    The relief requested herein shall not constitute nor be deemed an assumption or an

16   authorization to assume, pursuant to section 365 of the Bankruptcy Code, any of the employment

17   plans, policies, programs and agreements to which the Debtors are a party.

18                                      **ARGUMENT**

19   **PAYMENT OF EMPLOYEE PREPETITION WAGES, SALARIES**
     **AND BENEFITS IS AUTHORIZED BY THE NECESSITY**
20   **OF PAYMENT RULE AND BANKRUPTCY CODE SECTION 507(a)(3)**

21

22       It is well established that the Bankruptcy Court is a court of equity and that its proceedings

23   are inherently proceedings in equity. See Young v. Higbee Co., 324 U.S. 204, 214, 65 S.Ct. 594,

24   599, 89 L.Ed. 890 (1945); Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939);

25   Local Loan Co. v. Hunt, 292 U.S. 234, 240, 54 S.Ct. 695, 697, 78 L.Ed. 1230 (1934); In re Jewish

26   Memorial Hospital, 13 B.R. 417, 419 (Bankr. S.D.N.Y. 1981). Accordingly, "the Bankruptcy

27   Court has the power to sift the circumstances surrounding any claim to see that injustice and

28   unfairness is not done in the administration of the bankrupt estate." Jewish Memorial Hospital, 13

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

7

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    B.R. at 419 (citing, Pepper v. Litton, 208 U.S. at 308). Moreover, "a bankruptcy judge must not

2    be shackled with unnecessarily rigid rules when exercising the undoubtedly broad administrative

3    power granted to him under the Code." The Committee of Equity Security Holders v. The Lionel

4    Corp., (In re Lionel Corp.), 722 F.2d 1063, 1069 (2nd Cir. 1983). Therefore, in order to effectuate

5    the purposes of a chapter 11 reorganization, a bankruptcy judge must be accorded "substantial

6    freedom to tailor his orders to meet differing circumstances." Id.

7    Courts have utilized their equitable powers to allow a debtor to pay employees' prepetition

8    wages through the application of what is commonly referred to as the "necessity of payment rule."

9    Under the necessity of payment rule, a court can authorize a debtor to pay prepetition claims

10   where "such payment is essential to the continued operation of the debtor." In re Ionosphere

11   Clubs, Inc., 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989); See In re Gulf Air, Inc., 112 B.R. 152

12   (Bankr. W.D. La. 1989); In re NVR L.P., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992).

13   Section 507(a)(3) of the Bankruptcy Code, grants a debtor's employees' claims for "wages,

14   salaries, or commissions, including vacation, severance, and sick leave pay" earned within ninety

15   days before the date of filing unsecured priority status to the extent of $10,000 per employee. 11

16   U.S.C. § 507(a)(3). Congress established these priorities to relieve employees, who may depend

17   on weekly paychecks for the necessities of life, from at least part of the hardships which result

18   when their employer files bankruptcy.

19   In discussing these priorities for wages and benefits, Congress indicated that the priorities

20   established in section 507

21   [do] not require that the claims listed be paid temporally [sic] in the
     order listed. For example, if it is clear that there are adequate assets
22   in the estate to pay all priority creditors through the fourth or fifth
     priority, it would be appropriate to pay wage claims as soon as
23   practicable, even before all administrative expenses were
     determined, because most employees that worked for the failing
24   enterprise will need the money they receive in payment of their
     claims to live on.
25

26   H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 357-58 (1977).

27   The Debtors currently have approximately 32 Hourly and Salaried Employees and 12

28   Contract Personnel. Payment of prepetition accrued compensation in amounts up to $10,000 to

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    each of these individuals would result in payment of approximately $206,332. Accordingly, the

2    Debtors respectfully submit that the Court may rely, as other courts have, on section 507 in

3    authorizing the Debtors to pay the compensation obligation set forth herein. Courts have

4    consistently allowed a debtor to make payments to its employees for pre-petition wages to the

5    extent it did not exceed the priority amount set forth in section 507 of the Bankruptcy Code. See

6    e.g., Chateaugay, 80 B.R. 279, 287 (Bankr. S.D.N.Y. 1987) (court stated that an inflexible

7    application of the priority structure of section 507 of the Bankruptcy Code would be inconsistent

8    with the fundamental purpose of a chapter 11 reorganization and with the equitable powers

9    granted to bankruptcy judges under the Bankruptcy Code). See In re Ionsphere Clubs, Inc., 98

10    B.R. 174 (Bankr. S.D.N.Y. 1989) (the bankruptcy court allowed the debtor to pay prepetition

11    wage and benefit claims of certain of its employees); In re Sharon Steel Corp., 159 B.R. 730

12    (Bankr. W.D. Pa. 1993) (the bankruptcy court authorized the debtor's payment of prepetition wage

13    claims).

14        The rationale in making these payments to a debtor's employees is that the payments to

15    them are necessary "to permit the effectuation of the rehabilitative purposes of the Bankruptcy

16    Code." Sharon Steel Corp., 159 B.R. at 736. See Ionosphere, 98 B.R. at 176-177.

17        The Debtors' Hourly and Salaried Employees and Contract Personnel are a critical

18    component of the Debtors' successful reorganization. Any deterioration in employee morale and

19    welfare at this critical time undoubtedly would have a devastating impact on the Debtors, the value

20    of their assets and businesses, and ultimately the Debtors' ability to reorganize. Accordingly, the

21    relief sought hereby is in the best interest of the Debtors' estates and their creditors, and will allow

22    the Debtors to continue to operate their business with minimal disruption and proceed with the

23    important task of stabilizing their operations. The payments requested by the Debtors in this

24    motion fall squarely within these standards.

### CONCLUSION

26        Based on the foregoing, the Debtors respectfully request that the Court enter an order,

27    (a) authorizing pursuant to section 105(a) of the Bankruptcy Code, payment of (i) the Prepetition

28    Employee Obligations, and (ii) Employee Benefits of Debtor; and (b) authorizing the calculation

P:\USA Commercial Mortgage\Pleadings\Pre-Petition Wages & Benefits Motion\Motion to Approve Pre-Petition Wages & Benefits - Final.doc

1   and payment of the Tax Payments due on unpaid prepetition wages to the appropriate taxing

2   authorities when they come due, (c) authorizing the calculation and payment of Employee

3   Deductions to the appropriate third party recipients from unpaid prepetition wages, and

4   (d) granting such other and further relief as the Court deems just and proper.

5       Respectfully submitted this /4th day of April, 2006.

6

7                                           Annette W. Jarvis, Utah Bar No. 1649

8                                           RAY QUINNEY & NEBEKER P.C.
                                            36 South State Street, Suite 1400
9                                           P.O. Box 45385
                                            Salt Lake City, Utah 84145-0385
10

11                                          and

12                                          Lenard E. Schwartzer
                                            Nevada Bar No. 0399
13                                          Jeanette E. McPherson
                                            Nevada Bar No. 5423
14                                          Schwartzer & McPherson Law Firm
                                            2850 South Jones Boulevard, Suite 1
15                                          Las Vegas, Nevada  89146-5308

16                                          Attorneys for Debtors

17

18

19

20

21

22

23

24

25

26

27

28

P:\USA Commercial Mortgage\Pleadings\Pre-Petition Wages & Benefits Motion\Motion to Approve Pre-Petition Wages & Benefits - Final.doc