Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer
Nevada Bar No. 0399
Jeanette E. McPherson
Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
Attorneys for Debtors

E-FILED ON APRIL 14, 2006

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                    Debtor. | Case Nos. BK-S-06-<br>Case Nos. BK-S-06-<br>Case Nos. BK-S-06-<br>Case Nos. BK-S-06- |
| In re:<br>USA SECURITIES, LLC,<br>                                                    Debtor. | Case Nos. BK-S-06-<br><br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                    Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                    Debtor. | DEBTORS' MOTION FOR ORDER AUTHORIZING (I) THE EMPLOYMENT AND RETENTION OF MESIROW FINANCIAL INTERIM MANAGEMENT, LLC AS CRISIS MANAGERS FOR THE DEBTORS, AND (II) THE DESIGNATION OF THOMAS J. ALLISON OF MESIROW FINANCIAL INTERIM MANAGEMENT, LLC AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTORS AND THE EMPLOYMENT OF CERTAIN TEMPORARY EMPLOYEES |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                    Debtor | |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |

Date:
Time:

The above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors"), hereby respectfully seek the issuance and entry of an order pursuant to section 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing (i) the employment and retention of Mesirow Financial Interim Management, LLC ("MFIM") as crisis managers to the Debtors, and (ii) the designation of Thomas J. Allison of MFIM as Chief Restructuring Officer of the Debtors and the employment of certain temporary employees provided by MFIM (the "Temporary Employees"). The Debtors seek to employ and pay compensation to MFIM pursuant to the terms of the Agreement (as defined below). In support of this Motion, the Debtors rely on the accompanying Affidavit of Thomas J. Allison of MFIM (the "Allison Affidavit"), which is filed herewith. In further support of this Motion, the Debtors respectfully represent as follows:

## INTRODUCTION AND JURISDICTION

1. On April 13, 2006 (the "Petition Date"), the Debtors commenced their reorganization case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. Since the commencement of this case, the Debtors have operated their business as debtors-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108 of the Bankruptcy Code.

3. This Court has jurisdiction over this motion under 28 U.S.C. § 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157.

4. The statutory predicate for the relief requested herein is section 363(b) of the Bankruptcy Code.

## BACKGROUND OF DEBTORS

5. The Debtors are Nevada corporations with their principal place of business located at 4484 S. Pecos Las Vegas Nevada. The USA Capital group of companies operates in the

commercial mortgage business. USA Realty Advisors, LLC ("USARA") is the sole manager of two investment funds, USA Capital First Trust Deed Fund, LLC and USA Diversified Trust Deed Fund, LLC (the "Funds"). USA Securities, LLC ("USASA") served as a sales agent for the investments. USA Commercial Mortgage Company ("USACM") is the service agent for the Funds. In addition, USACM originates commercial mortgages, underwrites loans and services the various loans for other investors.

6. The commercial mortgages, in which the Funds and the individual investors, are high risk, high interest rate loans secured in most cases with real estate and property under development. Over the past several years, as the borrowers paid interest and repaid principal, the Funds and the investors were paid their interest on a monthly basis. Unfortunately, over the past year, several of the borrowers did not make their interest payments and are in default under the loan provisions. USACM does not have a collection department to oversee these delinquent loans.

7. Even as more borrowers became delinquent in their interest and principal payments, USACM continued to disburse funds from collections and from its own cash reserves to the investors and the Funds in payment of their interest in the loans. By the beginning of April, 2006, USACM could no longer make the interest payments to the investors and the Funds based upon collections from the borrowers and other sources of funds. The interest payment due on April 10th was not made.

8. The Securities and Exchange Commission is currently conducting an investigation of the operations of the USA Capital First Trust Deed Fund, LLC, an entity registered with the SEC. The SEC is investigating possible violations of the federal securities laws by USA Capital First Trust Deed Fund, LLC, its manager, USASA, and its loan servicer USACM. The Debtors are cooperating fully with the investigation.

**BACKGROUND OF MFIM EMPLOYMENT AND RELIEF REQUESTED**

9. The Debtors seek to retain MFIM as crisis managers under Section 363 of the Bankruptcy Code and to designate Thomas J. Allison of MFIM as the Chief Restructuring Officer of the Debtors (the "CRO"). Certain Temporary Employees of MFIM will assist MFIM and the CRO in the performance of the required services. The Engagement Letter and Indemnification

Agreement (the "Agreement") entered into between the Debtors and MFIM is attached to the Allison Affidavit as <u>Exhibit A</u>.

10. The CRO will have complete and exclusive charge of the management and operation of the Debtor's business, including hiring and firing employees and agents, paying the wages and other compensation of all of the Debtors' employees and agents, and controlling all bank accounts and financial affairs of the Debtors including the authority to open and close all bank and investment accounts, paying all bills, expenses and other charges incurred or payable with respect to the operation of the Debtors' business. MFIM has extensive experience and extensive knowledge in the field of insolvency and reorganization cases and provides interim management services to financially distressed and troubled companies.

11. The professional services that MFIM, the CRO and the Temporary Employees will render include the following:

  a. Develop and implement case management strategies, tactics and later develop a plan of reorganization;

  b. Manage the professionals who are advising and assisting the Debtors in their reorganization process to ensure the individual work product is consistent with the Debtors' overall restructuring goals;

  c. Lead management with the development of a business plan, and such other related forecasts as may be required by the Debtors to support the reorganization and related negotiations with stakeholders;

  d. Communicate and/or negotiate with creditors, their advisors, and other outside stakeholders;

  e. Serve as the representative for the Debtors during communications with the Securities and Exchange Commission and the Nevada Mortgage Lending Division;

  f. Provide the Debtors with any Investigative Services, Accounting Analyses, and Transaction Tracing, as may be deemed necessary or appropriate;

  g. Supervise the preparation of periodic reporting required by the Bankruptcy Court and/or the US Trustee, manage the claim reconciliation process, and provide testimony before the Bankruptcy Court on matters that are within MFIM's area of expertise; and render such other service as may be deemed necessary as part of the reorganization process; and

h. Such other necessary or appropriate services as may be agreed to by the Debtors and MFIM.

12. Although MFIM is not being employed as a professional under section 327(a) of the Bankruptcy Code, it nonetheless has disclosed any connections with the Debtors, their creditors and other parties in interest in the Allison Affidavit. To the best of the Debtors' knowledge and as set forth in the accompanying Allison Affidavit, MFIM has no connection with the Debtors, its creditors, equity holders or any other parties in interest except as has been disclosed therein.

13. MFIM intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and Orders of this Court. Subject to this Court's approval, the Debtors propose to pay MFIM at MFIM's customary hourly rates in effect from time to time as set forth in the Allison Affidavit and as may be directed by Court order, and submits that such rates are reasonable.

14. Prior to the Petition Date, MFIM received payment of $400,000, which included a $150,000 retainer as security for post-petition services rendered by MFIM. MFIM shall apply such retainer to its allowed final compensation and expense reimbursement and return any unused portion to the Debtors. MFIM has applied the remaining $250,000 to pre-petition services. In addition to the fees and retainer, the Debtors paid an insurance premium in the amount of $550,000 to obtain directors' & officers' liability coverage for Allison in his capacity as CRO. All fees paid to MFIM were paid by the USACM, one of the Debtors.

15. As a condition to MFIM's employment, MFIM and the CRO have requested, and the Debtors have agreed, to indemnify and hold harmless the CRO, the Temporary Employees and MFIM and its shareholders, affiliates, principals, members, managers, officers, directors, employees, subcontractors, attorneys, professionals, representatives and agents against any and call losses, claims, damages, liabilities, penalties, obligations and expenses, including, without limitation, the costs and expenses for counsel and others (including employees of MFIM), based on their then current hourly billing rates in investigating, preparing or defending any action or

claim, all as set forth in detail in the Indemnification Agreement attached to the Allison Affidavit as <u>Exhibit A</u>. Accordingly, the Debtors request that the Indemnification Agreement be specifically approved as a condition to MFIM's, the CRO's and the Temporary Employees' employment in this case (the "Indemnity").

16. The Indemnity specifically excludes and does not apply to any loss, claim damage, liability or expense to the extent it is found in a final judgment by a court of competent jurisdiction to have resulted primarily from gross negligence or willful misconduct. On information and belief, the Indemnity is customary in matters such as the proposed engagement, and moreover, with respect to the CRO, the Indemnity is backed by a director and officer liability insurance policy.

17. Accordingly, the Debtors submit that the Indemnity is a reasonable term and condition of MFIM's engagement, and appropriate in light of the cost of comparable services in a non-bankruptcy context. *See* <u>In re Busy Beaver Building Ctrs., Inc.</u>, 19 F. 3d 833, 848-849 (3d Cir. 1994). Unlike the market for other professionals that a debtor may retain, indemnification is a standard term of the market for chief restructuring officers, investment bankers and financial advisors. In fact, the Indemnity is comparable to those generally obtained by chief restructuring officers, financial advisory and investment banking firms and for comparable engagements, both in and out of court. *See* <u>In re Ground Round, Inc. et al.</u>, Jointly Administered under Case No. 04-11235 (WCH) (D. Mass. March 4, 2004); <u>In re United Artists Theatre Company et al.</u>, Case No. 00-3514 (SLR) (D. Del. November 14, 2000), appeal pending; <u>In re AmeriServe Food Distribution, Inc.</u>, Case No. 00-0358 (PJW) (Bank. D. Del. May 9, 2000); and <u>In re Planet Hollywood International Inc.</u>, Case No. 99-3612 (JJF) (Bankr. Del. Dec. 17, 1999).

18. The Debtors respectfully submit that the terms of the Agreement are reasonable and based on the customary compensation charged by MFIM and comparably skilled practitioners like

MFIM and Mr. Allison in matters outside and other than Chapter 11 cases, as well as cases under Chapter 11, and have been approved and implemented in Chapter 11 cases in this jurisdiction as well as other jurisdictions.

### NOTICE AND PRIOR MOTIONS

19. Notice of this Motion has been given to the Office of the United States Trustee for the District of Nevada, the Debtors' twenty largest unsecured creditors as identified in its Chapter 11 petition, its secured creditors and those parties and entities who have requested receipt of pleadings in this case pursuant to Fed. R. Bankr. P. 2002. In light of the nature of the relief requested herein, the Debtors submit that no further notice of the Motion is necessary or required.

20. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order (a) granting it authority to retain and employ MFIM, effective as of the petition date, pursuant to the Agreement and as set forth herein, (b) approving each and every term of the Agreement and (c) granting such other and further relief as this Court deems just and proper

Dated:

USA COMMERCIAL MORTGAGE COMPANY
USA CAPITAL REALTY ADVISORS, LLC
USA SECURITIES, LLC
USA CAPITAL FIRST TRUST DEED FUND, LLC
USA DIVERSIFIED TRUST DEED FUND, LLC

By: _____
Name: Joseph D. Milanowski
Title: President-USA Commercial Mortgage Company

Prepared by

/s/ Annette W. Jarvis

Annette W. Jarvis, Esq.
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

and

Lenard E. Schwartzer, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146

Proposed Attorney for Debtors