Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer
Nevada Bar No. 0399
Jeanette E. McPherson
Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors

**E-FILED ON APRIL 18, 2006**

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

USA COMMERCIAL MORTGAGE COMPANY,

Debtor.

Case Nos. BK-S-06-10725 LBR

Chapter 11

**APPLICATION TO EMPLOY AND RETAIN RAY QUINNEY & NEBEKER P.C. AS COUNSEL FOR THE DEBTORS**

Date: n/a
Time: n/a

///

///

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Debtors USA Commercial Mortgage Company ("USA Mortgage"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund ("USA Diversified"), and USA Capital First Trust Deed Fund ("USA First") (collectively referred to as "Debtors"), by and through their counsel, Ray Quinney & Nebeker P.C., hereby apply to the Court for an order pursuant to section 327(a) of the Bankruptcy Code, authorizing Debtors to employ and retain Annette W. Jarvis and the law firm of Ray Quinney & Nebeker P.C. ("Ray Quinney") as counsel for the Debtors in their respective chapter 11 proceedings. This application is accompanied by the declaration of Ms. Jarvis and a proposed Order Approving the employment of Ms. Jarvis and the law firm of Ray Quinney (the "Proposed Order"). A copy of Ms. Jarvis' Declaration is attached hereto as Exhibit A. In support of this application, the Debtors represent as follows:

## BACKGROUND

1. On or about April 13, 2006, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtors incorporate by reference herein the Declaration of Thomas J. Allison (the "Declaration") submitted concurrently, herewith. The Declaration sets forth the Debtors' history, business and current financial condition, and the events leading to the commencement of these cases.

3. The Debtors seek approval to retain Ms. Jarvis and Ray Quinney to act as its bankruptcy and litigation counsel in these proceedings.

4. Ms. Jarvis and Ray Quinney are willing to undertake the representation as counsel for the Debtors in the above captioned bankruptcy cases.

5. The Debtors desire to employ and retain Ms. Jarvis and Ray Quinney pursuant to §§ 327 and 328 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure to perform legal services that will be necessary during the above captioned chapter 11 cases.

**RAY QUINNEY & NEBEKER QUALIFICATIONS**

6. The Debtors have selected Ms. Jarvis and Ray Quinney to serve as their counsel based upon their extensive experience in bankruptcy proceedings and related litigation. Ray Quinney began advising the Debtors with respect to bankruptcy matters prior to the Petition Date. Ray Quinney has thus become familiar with the Debtors' business affairs and capital structure. Accordingly, Ray Quinney has the necessary background to deal effectively with issues that may arise in the context of Debtors' chapter 11 cases.

7. Ray Quinney is both well-qualified and uniquely able to represent the Debtors' chapter 11 cases in an efficient, effective and timely manner. Ray Quinney's retention is necessary and in the best interests of the Debtors in the above captioned case and should be approved.

8. In addition to Ms. Jarvis, it is anticipated that the following attorneys from Ray Quinney will perform services for the Debtors: (i) Steven T. Waterman; (ii) Douglas M. Monson; (iii) Kevin G. Glade; (iv) Lon A. Jenkins; (v) Stephen C. Tingey; (vi) Elaine A. Monson; (vii) Peggy Hunt; (viii) Steven C. Strong; (ix) Mark W. Pugsley; (x) Benjamin J. Kotter; and (xi) Angelina Tsu. Copies of the biographies for each of these attorneys are attached hereto as Exhibit B.

9. Ms. Jarvis will be the primary attorney working on behalf of the Debtors in this matter. Other attorneys and legal assistants of the firm may be used, if and when necessary.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

The Debtors believes that Ms. Jarvis and Ray Quinney are well qualified and able to represent Debtors in the above cases in an efficient and timely manner.

10. The Debtors have selected Ray Quinney as its attorneys because of the firm's knowledge of the Debtors' business and financial affairs and Ray Quinney's extensive experience and knowledge in the field of the debtors' and creditors' rights and business reorganization under the Bankruptcy Code. In addition to the depth of knowledge and experience offered by the attorneys at Ray Quinney, the attorneys at Ray Quinney have expertise in the areas of litigation, corporate, and securities law all of which have been, and will likely continue to be, needed to achieve a successful reorganization of the Debtors.

**RAY QUINNEY'S DISINTERESTEDNESS**

11. To the best of the Debtors' knowledge, neither Ms. Jarvis, Ray Quinney nor its members or its associates, have any undisclosed connection with the Debtors, or any one of their creditors or any party in interest, or their respective attorneys or accountants or any other interest adverse to the estates. All connections to Debtors, their creditors or any party in interest are set forth in the Declaration of Ms. Jarvis attached hereto and incorporated herein as Exhibit A.

12. To the best of the Debtors' knowledge, Ms. Jarvis and Ray Quinney are disinterested persons as provided in section 328 and do not represent or hold an undisclosed interest adverse to the interest of the Debtors or their respective estates.

**SERVICES TO BE RENDERED**

13. The services of attorneys are necessary to enable the Debtors to reorganize and restructure their respective businesses in these proceedings. Ray Quinney may be required to render all or some of the following services to the Debtors:

To prepare on behalf of the Debtors any necessary motions, applications, answers, orders, reports and papers as required by applicable bankruptcy or nonbankruptcy law, dictated by

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

the demands of the cases, or required by the Court, and to represent the Debtors in proceedings or hearings related thereto;

Assist the Debtors in analyzing and pursuing any proposals relating to disposition of assets of Debtors' estate;

Review, analyze and advise the Debtors regarding claims or causes of action to be pursued on behalf of their respective estates;

Assist Debtors in providing information to creditors, partners in interest and investors;

Review, analyze and advise the Debtors regarding any fee applications or other issues involving professional compensation in the Debtors' respective cases;

Prepare and advise the Debtors regarding any chapter 11 plan filed by the Debtors herein and advise the Debtors regarding chapter 11 plans filed by other constituents in the Debtors' respective cases;

Assist the Debtors in negotiations with various creditor constituencies regarding treatment, resolution and payment of the creditors' claims herein;

Review and analyze the validity of the claims filed herein and advise the Debtors as to the filing of objections to claims, if necessary;

To provide continuing legal advice with respect to the bankruptcy estate, litigation, avoidance actions and other legal matters; and

To perform all other necessary legal services as may be required by the needs of the Debtors in the above cases.

14. The hourly rate for Ms. Jarvis is $315.00. The hourly rates for other Ray Quinney attorneys currently range between $195.00 and $290.00, and $120.00 for paralegals. Ray Quinney will charge the estates at its customary and agreed upon rates for work of this scope and nature.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Ray Quinney will keep detailed records of time spent and any expenses incurred in the context of this representation. Ray Quinney will abide by the Bankruptcy Code and provisions and any order of this Court may enter in relation to fee application procedures and will apply to the Court for allowance of any compensation and reimbursement in this matter. The firm understands that its compensation in this case is subject to the prior approval of this Court, after notice and a hearing, in accordance with §§ 328(a) and 331(a) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and applicable guidelines issued by the Office of the United States Trustee.

15. This Application has been filed pursuant to § 327 of the Bankruptcy Code. No notice or hearing is required unless ordered by the Court.

16. No previous application for relief sought herein has been made by the Debtors to this or any other court.

17. The Debtors request that the retention of Ms. Jarvis and Ray Quinney be approved.

18. In accordance with Local Bankruptcy Rule 2090-1, the Debtors will promptly retain local counsel to represent the Debtors herein and serve as co-counsel with Ray Quinney.

WHEREFORE, the Debtors respectfully request the entry of an order authorizing the Debtors to employ and retain Ms. Jarvis and Ray Quinney as its counsel effective as of the date of the filing of this Application. The Debtors also request that this Court grant such other and further relief as this Court deems necessary and appropriate.

DATED this __ day of April 2006.

Thomas J. Allison
CEO for USA Commercial Mortgage Co., USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC, USA Securities, LLC

Prepared By:

Annette W. Jarvis (Utah Bar No. 1649)
Steven C. Strong (Utah Bar No. 6340)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Email: ajarvis@rqn.com
Email: strong@rqn.com

AND

Lenard E. Schwartzer
Jeanette E. McPherson
SCHWARTZER & MCPHERSON
2850 South Jones Blvd., Suite 1
Las Vegas, Nevada 89146

*Attorneys for USA Commercial Mortgage Co.*

870629

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

7

C:\Documents and Settings\smsmith\Local Settings\Temporary Internet Files\OLK10\RQNDOCS-#870629-v5-USA_Application_to_Employ_and_Retain_RQN.DOC/870629

# Exhibit A

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer
Nevada Bar No. 0399
Jeanette E. McPherson
Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors

**E-FILED ON APRIL 18, 2006**

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos. BK-S-06-10725 LBR<br><br>Chapter 11<br><br>**DECLARATION OF ANNETTE W. JARVIS IN SUPPORT OF DEBTORS' APPLICATION TO EMPLOY AND RETAIN RAY QUINNEY & NEBEKER P.C. AS COUNSEL FOR THE DEBTORS**<br><br>Date: n/a<br>Time: n/a |

///

///

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

I, ANNETTE W. JARVIS, submit the following verified statements and disclosures as my Declaration in support of the Debtors' Application to Employ Ray Quinney & Nebeker P.C. ("Ray Quinney") as Counsel to the Debtors Pursuant to 11 U.S.C. §§ 327 and 329, and Rules 2014, 2016, and 5002 of the Federal Rules of Bankruptcy Procedure (the "Employment Application"):

1. I am a partner in the Salt Lake City office of the law firm of Ray Quinney. I am a licensed member of the Utah State Bar and am admitted to practice in the United States District Court for the District of Utah and other federal courts. I have personal knowledge of the matters set forth herein except that certain disclosures herein relate to matters within the knowledge of other persons at Ray Quinney and are based on information I received from them.

2. On or about April 13, 2006, debtors USA Commercial Mortgage Company ("USA Mortgage"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund ("USA Diversified"), and USA Capital First Trust Deed Fund ("USA First") (collectively referred to as "Debtors"), by and through their proposed counsel, Ray Quinney, each filed chapter 11 bankruptcy petitions.

3. During the twelve-month period preceding the commencement of these bankruptcy cases (from May 13, 2005 through April 13, 2006), Ray Quinney billed a total of $129,572.63 for professional fees and expenses for services rendered to Debtors, and has received payments from Debtors for fees and expenses totaling approximately $129,572.63.

4. Ray Quinney has received a $210,000.00 retainer for these cases. Payment of $129,572.63 was paid from the retainer leaving $ 80,427.37 in the retainer at the time of the filing. Ray Quinney has not shared nor agreed to share any compensation received or to be received in connection with these cases with any person or entity outside of Ray Quinney.

5. Ray Quinney has an experienced and reputable team of bankruptcy and reorganization professionals practicing in its Salt Lake City office. In these cases, I will lead the Ray Quinney bankruptcy team with assistance from Steven T. Waterman, Lon A. Jenkins, Steven C. Strong, Elaine A. Monson, Benjamin J. Kotter and Angelina Tsu, and others in Ray Quinney's Salt Lake City office will provide general corporate advice, litigation support, and SEC advice to Debtors as needed. Ray Quinney has agreed to perform services in Debtors' cases at the standard and agreed upon hourly rate for work of this nature and scope. The agreed upon hourly billing rates for those expected to work on these cases are currently as follows: partners, $245 to $315; senior counsel, special counsel, and of counsel, $230 to $315; associates, $195 to $250; paralegals, $120. The hourly rates of Ray Quinney's professionals generally increase as of January 1 each year based on increasing experience and expertise, and other factors.

6. Based on Ray Quinney's expertise and experience in bankruptcy reorganization cases, Debtors have requested that Ray Quinney serve as general bankruptcy counsel to Debtors. Debtors are also seeking to employ the Las Vegas, Nevada firm of Schwartzer & McPherson ("Local Counsel"), as local bankruptcy counsel. Ray Quinney & Nebeker will coordinate efforts with Local Counsel to ensure that the Debtors and their respective estates are efficiently and effectively served and that there is no unnecessary duplication of services.

7. In order to permit Ray Quinney to investigate potential connections and potential conflicts it may have with parties in interest in these cases, Debtors provided Ray Quinney with a list of Debtors' twenty (20) largest creditors. The vendor list, is hereinafter referred to as the ("List"). Ray Quinney ran the names of each of the persons and entities appearing on the List through its internal conflicts checking system, and attorneys under my direction have reviewed the resulting reports. To the best of my knowledge based on the information reviewed and reported to me, Ray Quinney does not represent or otherwise have other material connections with any

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

persons or entities on the List other than as disclosed in the subparagraphs immediately below. Ray Quinney will supplement these disclosures in the event further material connections are discovered regarding persons or entities on the List or regarding other persons or entities that later become identified as parties in interest in these cases.

a. Ray Quinney currently represents and has represented Wells Fargo Bank and its affiliates ("Wells Fargo") in transactional and litigation capacities in matters unrelated to the Debtors or these cases. Wells Fargo is listed as one of USA Mortgage's twenty (20) largest creditors. Ray Quinney has requested and received from Wells Fargo a conditional waiver of any conflicts that may arise in connection with Ray Quinney's representation of the Debtors in these bankruptcy cases. A copy of the Wells Fargo waiver is attached hereto as Exhibit "A." Any matters relating to Wells Fargo will be handled by Local Counsel.

b. Ray Quinney currently represents and has represented Zions First National Bank ("Zions Bank") in transactional and litigation capacities in matters unrelated to the Debtors or these cases. Nevada State Bank, an affiliate of Zions Bank, is listed as one of USA Mortgage's top twenty (20) creditors. Nevada State Bank has agreed to a limited waiver of conflicts that may arise in connection with Ray Quinney's representation of the Debtors in these bankruptcy cases. A copy of the Nevada State Bank waiver is attached as Exhibit "B." Any matters relating to Zions Bank will be handled by Local Counsel.

c. Ray Quinney currently represents and has represented U.S. Bank ("U.S. Bank") and its affiliates in transactional and litigation capacities in matters unrelated to the Debtors or these cases. U.S. Bank is listed as one of USA Mortgage's twenty (20) largest creditors. Ray Quinney has requested and received from U.S. Bank a conditional waiver of any conflicts that may arise in connection with Ray Quinney's representation of the Debtors in these

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

bankruptcy cases. A copy of the U.S. Bank waiver is attached as Exhibit "C." Any matters relating to U.S. Bank will be handled by Local Counsel.

d. Ray Quinney has formerly represented several vendors appearing on the Lists in matters including, but not limited to, Bank of America and Citibank in matters that are now closed and that were unrelated to the Debtors. Ray Quinney does not believe that any of these former representations will preclude it from taking positions for or against such entities if required in these cases.

e. Ray Quinney has represented, does represent, and is likely to represent clients in numerous transactional, litigation, and other matters in which entities appearing on the List were, are, or will be involved not as Ray Quinney clients but as parties adverse or parties related to Ray Quinney clients. Ray Quinney does not believe that any such connections between Ray Quinney clients and the entities appearing on the List (or other parties in interest in these cases) will preclude it from taking positions for or against such entities on behalf of the Debtors if required in these cases.

8. On any given day, the Debtor may have claims against certain of the other Debtors as a result of the Debtors' centralized cash management system. See Debtors' Motion for Entry of Interim Cash Management Order, filed on April 14, 2006. Upon information and belief, these inter-company claims as of the Petition Date are all ordinary course claims and are fixed and undisputed by and among the Debtors, and therefore are not likely to present any conflicts of interest among the various Debtors or the creditors of their estates. To the extent that any conflicts concerning inter-company claims do arise, Ray Quinney will supplement these disclosures and take appropriate measures consistent with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and governing rules of professional responsibility.

9. Ray Quinney is a firm of more than 85 lawyers. Insofar as I have been able to determine, with the assistance of other attorneys and employees of the firm, Ray Quinney does not hold or represent an interest materially adverse to the Debtor or its bankruptcy estate. To the best of my knowledge, Ray Quinney is a "disinterested person" and none of the connections described above disqualify Ray Quinney from employment in this case. The list of creditors in these cases has not yet been completed. It is likely that Ray Quinney has represented and may currently represent some additional creditors that do not appear on the List in matters unrelated to Debtor. As noted above, Ray Quinney will supplement the disclosures set forth in this Declaration if additional connections are discovered.

10. To the best of my knowledge, Ray Quinney has no material connections with the U.S. Trustee for this region, employees of the Office of the U.S. Trustee, or the U.S. Bankruptcy Judges of this district.

11. In seeking compensation in these cases, Ray Quinney will comply with all applicable provisions of the Bankruptcy Code, the Federal Bankruptcy Rules, the Local Bankruptcy Rules, any orders of this Court establishing procedures for compensation of professionals, and guidelines of the Office of the United States Trustee. To date, Ray Quinney has received no compensation relating to the Debtors' cases except as disclosed in paragraph 3 of this Declaration.

I declare and verify under penalty of perjury that the foregoing statements are true and correct to the best of my information, knowledge and belief.

Executed this 17th day of April, 2006.

Annette W. Jarvis (Utah Bar No. 1649)
RAY QUINNEY & NEBEKER P.C.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Email: ajarvis@rqn.com

*Attorneys for USA Commercial Mortgage Co.*

869548 v2

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

7

C:\Documents and Settings\smsmith\Local Settings\Temporary Internet Files\OLK10\RQNDOCS-#870626-v7-Declaration_of_AWJ_in_Support_of_Application_to_Appoint_RQN_as_Counsel_for_the_Debtor.DOC

# Exhibit A

April 12, 2006
VIA E-MAIL & FACSIMILE: (612) 667-5098

David R. Garfield, Esq.
Wells Fargo Bank, N.A.
Law Department
MAC-N 9305-174
Sixth & Marquette
Minneapolis, Minnesota 55479

SALT LAKE CITY OFFICE
PO Box 45385
Salt Lake City, Utah 84145-0385
36 South State Street
Suite 1400
Salt Lake City, Utah 84111
801 532-1500 TEL
801 532-7543 FAX
www.rqn.com
PROVO OFFICE
101 North University Ave
Suite 200
Provo, Utah 84601-2833
801 342-2400 TEL
801 375-8379 FAX

Re: Waiver of Conflict of Interest

Dear David:

Ray Quinney & Nebeker, P.C. ("RQN") has been asked to perform legal services for USA Securities, L.L.C. and related parties including USA Commercial Mortgage Company[1] (the "Petitioners") in connection with the pending filing of a bankruptcy case, in the United States Bankruptcy Court for the District of Nevada.[2] This letter constitutes our request for a limited waiver of a prospective conflict of interest with respect to two existing, unpaid lines of credit believed to have been extended by Wells Fargo Bank, N.A. (Southern Nevada Business Banking (*R. Bulmer relationship manager*)) to USA Commercial Mortgage Company. These outstanding lines of credit are believed to have outstanding balances of $150,000.00 and $50,000.00 (although some reductions may have been made recently). The $150,000.00 note is believed to be guaranteed by a principal, Joseph D. Milanowski.

RQN will serve as principal bankruptcy counsel to the Petitioners but the Petitioners will also be represented by Schwartzer & McPherson, local Nevada counsel. It is anticipated that with respect to matters directly involving these two lines of credit, RQN will recuse itself and all direct negotiations, etc. involving Petitioners and Wells Fargo will be handled by such local counsel. Of course, RQN will be indirectly involved in bankruptcy planning and other legal activities which will indirectly affect all creditors of the Petitioners, including Wells Fargo. RQN will disclose its existing working relationship with Wells Fargo (as it is required to do under the Bankruptcy Code) and in no event will RQN advise or represent any Petitioner vis-a-vis Wells Fargo with respect to the payment of any debt to Wells Fargo or in connection with any adversary proceeding. It is presumed that Wells Fargo will appoint Nevada counsel to represent its interests with respect to this bankruptcy proceeding vis-à-vis these two lines of credit.

[1] Other related entities include USA Capital Realty Advisors, USA Capital Diversified Trust Fund, L.L.C., USA Capital First Trust Deed Fund, L.L.C. All related entities may not be included in the proceedings.
[2] Inasmuch as the prospective Petitioners have originated commercial mortgages in excess of $900 million and are publicly held, your discretion in making this information available is requested.

David R. Garfield, Esq.
Wells Fargo Bank, N.A.
April 12, 2006
Page 2 of 3 pages

In the event that Wells Fargo sees fit to grant this limited waiver as requested, RQN will make this document available to the Office of the United States Trustee and will file a copy with the Bankruptcy Court and will seek appointment as "disinterested" legal counsel to the Petitioners, pursuant to 11 U.S.C. § 327 (a) and (c). Please be advised that the terms and conditions of this letter, if granted by Wells Fargo, will not be maintained as "confidential."

Rule 1.7(b) or (c) of the Utah Rules of Professional Conduct requires the consent of Wells Fargo to the concurrent representation in other, unrelated matters. Rule 1.7(b) and (c) provides:

> *(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person or by the lawyer's own interest, unless:*
> *(1) the lawyer reasonably believes that the representation will not be adversely affected; and*
> *(2) Each client consents after consultation.*
> *(c) A lawyer shall not simultaneously represent the interests of adverse parties in separate matters, unless:*
> *(1) The lawyer reasonably believes the representation of each will not be adversely affected; and*
> *(2) Each client consents after consultation.*

In this circumstance, RQN does not believe that the representation of Wells Fargo in matters unrelated to the prospective Petitioners would in any way be affected or compromised by RQN's representation of the Petitioners in the impending bankruptcy proceeding.

We appreciate your consideration of this request. If, based upon your independent analysis of the situation (and based upon the terms and conditions included in this letter), you are willing to allow RQN to represent these prospective Petitioners while simultaneously representing Wells Fargo in other, unrelated matters, please countersign this letter as indicated below and return it to us. Because of the very sensitive nature of the contemplated proceeding and because of urgent need of the prospective Petitioners to implement their proposed plan for reorganization, your prompt consideration of this request would be much appreciated. If you have any questions about this consent, please do not hesitate to contact me.

Respectfully yours,

RAY QUINNEY & NEBEKER, P.C.

[signature]

Scott Hancock Clark

David R. Garfield, Esq.
Wells Fargo Bank, N.A.
April 12, 2006
Page 3 of 3 pages

CONSENT AND WAIVER

Wells Fargo Bank, N.A. agrees and consents to the provisions of this letter, and hereby waives any conflict that exists or may exist due to RQN's simultaneous representation of Wells Fargo in matters unrelated to the prospective Petitioners in the pending bankruptcy proceedings.

Wells Fargo Bank, N.A.

By: Susan E. Bryan
Susan E. Bryan ~~David Garfield, Esq.~~
Senior ~~Deputy General Counsel &~~
~~Executive Vice President~~
Wells Fargo Bank, N.A.

807018/abc

** TOTAL PAGE.04 **

# Exhibit B

RAY QUINNEY & NEBEKER

April 13, 2006

By e-mail

Nevada State Bank
c/o Robert Goodman
Zions First National Bank
P.O. Box 30709
Salt Lake City, Utah 84130-0709

Re: Waiver of Conflict of Interest

Kevin G. Glade
ATTORNEY AT LAW

PO Box 45385
Salt Lake City, Utah
84145-0385

36 South State Street
Suite 1400
Salt Lake City, Utah
84111

801 532-1500 FIRM
801 323-3325 DIRECT
801 532-7543 FAX
kglade@rqn.com
www.rqn.com

Dear Bob:

Ray Quinney & Nebeker, P.C. ("RQN") has been asked to perform legal services for USA Securities, L.L.C. and related parties including USA Commercial Mortgage Company[1] (the "Petitioners") in connection with the pending filing of a bankruptcy case in the United States Bankruptcy Court for the District of Nevada.[2] This letter constitutes our request for a limited waiver of a prospective conflict of interest with respect to an existing line of credit believed to have been extended by Nevada State Bank, a sister bank of Zions First National Bank, to USA Commercial Mortgage Company. This outstanding line of credit is believed to have an outstanding balance of $300,000 (although some reductions may have been made recently). It is always possible that there may be other credit owed by the Petitioners to Nevada State Bank.

RQN will serve as principal bankruptcy counsel to the Petitioners but the Petitioners will also be represented by Schwartzer & McPherson, local Nevada counsel. It is anticipated that with respect to matters directly involving the line of credit, RQN will recuse itself and all direct negotiations, etc. involving Petitioners and Nevada State Bank will be handled by such local counsel. Of course, RQN will be indirectly involved in bankruptcy planning and other legal activities which will indirectly affect all creditors of the Petitioners, including Nevada State Bank. RQN will disclose its existing working relationship with Nevada State Bank and it affiliates (as it is required to do under the Bankruptcy Code) and in no event will RQN advise or represent any Petitioner vis-a-vis Nevada State Bank with respect to the payment of any debt to Nevada State Bank or in connection with any adversary proceeding. It is presumed that Nevada State Bank will appoint Nevada counsel to represent its interests with respect to this bankruptcy proceeding vis-à-vis the line of credit.

[1] Other related entities include USA Capital Realty Advisors, USA Capital Diversified Trust Fund, L.L.C., USA Capital First Trust Deed Fund, L.L.C. All related entities may not be included in the proceedings.

[2] Inasmuch as the prospective Petitioners have originated commercial mortgages in excess of $900 million and are publicly held, your discretion in making this information available is requested.

In the event that Nevada State Bank sees fit to grant this limited waiver as requested, RQN will make this document available to the Office of the United States Trustee and will file a copy with the Bankruptcy Court and will seek appointment as "disinterested" legal counsel to the Petitioners, pursuant to 11 U.S.C. § 327 (a) and (c). Please be advised that the terms and conditions of this letter, if granted by Nevada State Bank, will not be maintained as "confidential."

Rule 1.7(b) or (c) of the Utah Rules of Professional Conduct requires the consent of Nevada State Bank to the concurrent representation in other, unrelated matters. Rule 1.7(b) and (c) provides:

> *(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person or by the lawyer's own interest, unless:*
>
> > *(1) the lawyer reasonably believes that the representation will not be adversely affected; and*
> >
> > *(2) Each client consents after consultation.*
>
> *(c) A lawyer shall not simultaneously represent the interests of adverse parties in separate matters, unless:*
>
> > *(1) The lawyer reasonably believes the representation of each will not be adversely affected; and*
> >
> > *(2) Each client consents after consultation.*

In this circumstance, RQN does not believe that the representation of Nevada State Bank or its affiliates in matters unrelated to the prospective Petitioners would in any way be affected or compromised by RQN's representation of the Petitioners in the impending bankruptcy proceeding.

We appreciate your consideration of this request. If, based upon your independent analysis of the situation (and based upon the terms and conditions included in this letter), you are willing to allow RQN to represent these prospective Petitioners while simultaneously representing Nevada State Bank or its affiliates in other, unrelated matters, please countersign this letter as indicated below and return it to us. Because of the <u>very sensitive nature</u> of the contemplated proceeding and because of urgent need of the prospective Petitioners to implement their proposed plan for reorganization, your prompt consideration of this request would be much appreciated. If you have any questions about this consent, please do not hesitate to contact me.

Respectfully yours,

RAY QUINNEY & NEBEKER P.C.

Kevin G. Glade

Nevada State Bank
c/o Robert Goodman
April 13, 2006
Page 3 of 3 pages

CONSENT AND WAIVER

Nevada State Bank agrees and consents to the provisions of this letter, and hereby waives any conflict that exists or may exist due to RQN's simultaneous representation of Nevada State Bank or its affiliates in matters unrelated to the prospective Petitioners in the pending bankruptcy proceedings.

Nevada State Bank

By: [signature]
Robert Goodman

870199.01

# Exhibit C

RAY QUINNEY & NEBEKER

April 14, 2006

By e-mail

James Susag
U.S. Bancorp
BC-MN-H210
800 Nicollet Mall
Minneapolis, Minnesota 55402

Re: Waiver of Conflict of Interest

Kevin G. Glade
ATTORNEY AT LAW

PO Box 45385
Salt Lake City, Utah
84145-0385

36 South State Street
Suite 1400
Salt Lake City, Utah
84111

801 532-1500 FIRM
801 323-3325 DIRECT
801 532-7543 FAX
kglade@rqn.com
www.rqn.com

Dear Mr. Susag:

Ray Quinney & Nebeker, P.C. ("RQN") has been asked to perform legal services for USA Securities, L.L.C. and related parties including USA Commercial Mortgage Company[1] (the "Petitioners") in connection with the pending filing of a bankruptcy case in the United States Bankruptcy Court for the District of Nevada. This letter constitutes our request for a limited waiver of a prospective conflict of interest with respect to an existing line of credit believed to have been extended by U.S. Bank National Association or an affiliate ("U.S. Bank") to USA Commercial Mortgage Company. This outstanding line of credit has been identified as an "Advantage Line" and is believed to have an outstanding balance of $50,000 (although some reductions may have been made recently). It is always possible that there may be other credit owed by the Petitioners to U.S. Bank.

RQN will serve as principal bankruptcy counsel to the Petitioners but the Petitioners will also be represented by Schwartzer & McPherson, local Nevada counsel. It is anticipated that with respect to matters directly involving the line of credit, RQN will recuse itself and all direct negotiations, etc. involving Petitioners and U.S. Bank will be handled by such local counsel. Of course, RQN will be indirectly involved in bankruptcy planning and other legal activities which will indirectly affect all creditors of the Petitioners, including U.S. Bank. RQN will disclose its existing working relationship with U.S. Bank (as it is required to do under the Bankruptcy Code) and in no event will RQN advise or represent any Petitioner vis-a-vis U.S. Bank with respect to the payment of any debt to U.S. Bank or in connection with any adversary proceeding. It is presumed that U.S. Bank will appoint Nevada counsel to represent its interests with respect to this bankruptcy proceeding vis-à-vis the line of credit.

Professional rules require a law firm to obtain client consents before representing one client on a matter which is adverse to another current client, even though the representations are on unrelated subject matters. In asking these

[1] Other related entities include USA Capital Realty Advisors, USA Capital Diversified Trust Fund, L.L.C., USA Capital First Trust Deed Fund, L.L.C. All related entities may not be included in the proceedings.

consents, we assure you: (1) that we will not use confidential client information in any way to either client's disadvantage, and (2) that we will be able, fully and properly, to represent the Petitioners and U.S. Bank on their separate matters without our representation of either client being affected by our representation of the other client. As explained above, if, however, contentious disputes with or threats of litigation involving U.S. Bank were to arise during our representation of the Petitioners, we would not represent either party with respect to such disputes or litigation.

In the event that U.S. Bank sees fit to grant this limited waiver as requested, RQN will make this document available to the Office of the United States Trustee and will file a copy with the Bankruptcy Court and will seek appointment as "disinterested" legal counsel to the Petitioners, pursuant to 11 U.S.C. § 327 (a) and (c). Please be advised that the terms and conditions of this letter, if granted by U.S. Bank, will not be maintained as "confidential."

Rule 1.7(b) or (c) of the Utah Rules of Professional Conduct requires the consent of U.S. Bank to the concurrent representation in other, unrelated matters. Rule 1.7(b) and (c) provides:

> *(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person or by the lawyer's own interest, unless:*
>
> > *(1) the lawyer reasonably believes that the representation will not be adversely affected; and*
> >
> > *(2) Each client consents after consultation.*
>
> *(c) A lawyer shall not simultaneously represent the interests of adverse parties in separate matters, unless:*
>
> > *(1) The lawyer reasonably believes the representation of each will not be adversely affected; and*
> >
> > *(2) Each client consents after consultation.*

In this circumstance, RQN does not believe that the representation of U.S. Bank in matters unrelated to the prospective Petitioners would in any way be affected or compromised by RQN's representation of the Petitioners in the impending bankruptcy proceeding.

We appreciate your consideration of this request. If, based upon your independent analysis of the situation (and based upon the terms and conditions included in this letter), you are willing to allow RQN to represent these prospective Petitioners while simultaneously representing U.S. Bank in other, unrelated matters, please countersign this letter as indicated below and return it to us. Because of the very sensitive nature of the contemplated proceeding and because of urgent need of the prospective Petitioners to implement their proposed plan for reorganization, your

APR-14-2006 14:16 P.04/05

James Susag
U.S. Bancorp
April 14, 2006
Page 3 of 4 pages

prompt consideration of this request would be much appreciated. If you have any questions about this consent, please do not hesitate to contact me.

Respectfully yours,

RAY QUINNEY & NEBEKER, P.C.

Kevin G. Glade

APR-14-2006 14:16 P.05/05

James Susag
U.S. Bancorp
April 14, 2006
Page 4 of 4 pages

CONSENT AND WAIVER

U.S. Bancorp for itself and on behalf of its affiliates agrees and consents to the provisions of this letter, and hereby waives any conflict that exists or may exist due to RQN's simultaneous representation of U.S. Bancorp entities in matters unrelated to the prospective Petitioners in the pending bankruptcy proceedings.

U.S. Bancorp

By: [signature] JAMES M. SUSAG
Its: Senior Assoc. Counsel, V.P.

870200.02

TOTAL P.05

# Exhibit B



**Annette W. Jarvis**
SHAREHOLDER

801-323-3321 DIRECT
801-532-7543 FAX

ajarvis@rqn.com

Ms. Jarvis has extensive experience in representing debtors, trustees, examiners, creditors' committees, creditors, indenture trustees, equity holders, public bond holders and purchasers of assets in Chapter 11 bankruptcy cases. Ms. Jarvis has represented the debtors in the LTV Corporation, America West Airlines, Sigman Meat Company, and GNI Group, Inc. cases, the Chapter 11 trustee in the Cajun Electric Power Cooperative case (involving the restructuring of over $5 billion in debt of a regulated utility), the examiner in the A.H. Robins case, the Indiana Insurance Commissioner in the Baldwin United case, Bankers Trust Company in the Gillett Holdings, Inc. and Hal Roach Studios, Inc. cases, U. S. Trust in the Continental Airlines and M.C.E.G. cases, Affiliated FM Insurance Company in the Pacor, Inc., Pettibone, and Forty-Eight Insulations, Inc. cases, and the Pennsylvania Public School Employee's Retirement Board in the Highlands Inn Investors case.

Ms. Jarvis is currently bankruptcy counsel for VR Telecommunications, GmbH, Vebacom Holdings, Inc. and their affiliates in representing their interests in the Iridium bankruptcy cases pending in the Southern District of New York. She represents Nippon Iridium (Bermuda) Limited in litigation related to the Iridium bankruptcy case currently pending in the District of Delaware. She is also counsel for Halcyon/Alan B. Slifka Management Co. LLC in the Dow Corning Chapter 11 case pending in Michigan. In the District of Utah, Ms. Jarvis currently represents the Chapter 11 Trustee in the Geneva Steel LLC case.

Ms. Jarvis maintains an "AV" rating with Martindale-Hubbell, which is the highest rating awarded to attorneys for professional competence and ethics. She has also been named as one of The Best Lawyers in America in Bankruptcy and Creditor-Debtor Rights Law, and has also been voted by her peers throughout the state as one of Utah's "Legal Elite" in the categories of Bankruptcy/Creditor Rights Law and Corporate Law (as published in Utah Business Magazine).

## Education

J. Reuben Clark Law School, J.D., 1979

- *magna cum laude*
- BYU LAW REVIEW
- J. Reuben Clark Scholar

Brigham Young University, B.A., History and European Studies, 1977

- *magna cum laude*
- Valedictorian for the Department of History

## Practice Areas

Appellate Practice

Bankruptcy, Reorganizations and Insolvency Law and Litigation

Litigation

## Prior Professional Experience

LeBoeuf, Lamb, Greene & MacRae L.L.P., in their Salt Lake City, Denver, and Washington D.C. Offices

Professor of Commercial Law, J. Reuben Clark Law School, Brigham Young University

Watkiss & Cambell

Law clerk to the Honorable Ralph R. Mabey, United States Bankruptcy Judge

## Admitted to Practice

United States Supreme Court, 1999

The Sixth Circuit Court of Appeals, 2003

The Ninth Circuit Court of Appeals, 1998

The Tenth Circuit Court of Appeals, 1997

The Fifth Circuit Court of Appeals, 1997

Federal courts in Arizona, 1997

All state and federal courts in Colorado, 1994

All state and federal courts in Utah, 1979

## Professional Affiliations and Memberships

Fellow, American College of Bankruptcy

The International Bar Association

The Federal Bar Association

The International Women's Insolvency and Restructuring Confederation

The American Bar Association

The America Bankruptcy Institute

Chair, J. Reuben Clark Law Society, Salt Lake Chapter

## Publications and Presentations

Co-author, "Liability Insurance Settlements in Mass Tort Bankruptcy Cases," Federal Bar News & Journal (1994)

Co-author, "In re Frenville: A Critique by the National Bankruptcy Conference's Committee on Claims and Distributions," Business Law Journal (1987)

## Professional and Civic Activities

2005 Distinguished Alumna Award from the J. Reuben Clark Law School at Brigham Young University

Dorathy Merrill Brothers Award for the Advancement of Women in the Legal Profession, Utah State Bar, 2005

Member of the ABA Subcommittee on Mass Tort and Environmental Claims

Member of the ABA Subcommittee on Claims Trading and Indenture Trustees

Pro Bono Work for the Utah Symphony & Opera Board



## Steven T. Waterman

SHAREHOLDER

801-323-3362 DIRECT
801-532-7543 FAX

swaterman@rqn.com

Steven T. Waterman is a shareholder of Ray Quinney & Nebeker in the Salt Lake City office, where his practice focuses in the area of creditors' rights, commercial litigation and insolvency proceedings. In particular, Mr. Waterman has a reputation as a zealous advocate for financial institutions and franchisors in bankruptcy cases and commercial litigation. His experience includes bankruptcy reorganizations, Uniform Commercial Code litigation, Lanham Act enforcement litigation, receivership cases and stock brokerage liquidations under the Securities Investor Protection Act.

Mr. Waterman was awarded his Juris Doctorate degree by the University of Utah College of Law in 1983, after receiving a Bachelor of Science in Business Management-Finance from Brigham Young University in 1980. He is admitted to practice law in Utah and Wyoming and is admitted to practice before the United States Supreme Court, Utah Supreme Court, Wyoming Supreme Court, Tenth Circuit Court of Appeals, Eighth Circuit Court of Appeals, United States District Courts for the Districts of Utah and Wyoming, and the Courts of the Shoshone and Arapahoe Tribes. He is a member of the American Bankruptcy Institute and the Utah Bankruptcy Lawyer's Forum (Trustee 1994-1997, President 1994-1995). His civic activities include having served as a trustee of his homeowners' association from 1998-2000. Since 1997, Mr. Waterman has served on the Admissions Committee of the Utah State Bar and has served as its Chair or Co-Chair from 1998 to present. In 2001, Governor Michael O. Leavitt appointed Mr. Waterman as the Chair of the Utah Procurement Appeals Board. He has been a presenter at a number of education programs for bankers, lawyers, accountants and the community.

Mr. Waterman has been selected by his peers for inclusion in the list of The Best Lawyers in America in Bankruptcy and Creditor-Debtor Rights Law. Mr. Waterman also maintains an "AV" rating with Martindale-Hubbell, which is the highest rating awarded to attorneys for professional competence and ethics. He has also been voted by his peers throughout the state as one of Utah's "Legal Elite" in the categories of Bankruptcy Law and Business Litigation (as published in Utah Business Magazine).

---

### Education

University of Utah, J.D., 1983

- William H. Leary Scholar

Brigham Young University, B.S., Business Management-Finance, 1980

---

### Practice Areas

Banking and Financial Institutions

Bankruptcy, Reorganizations and Insolvency Law and Litigation

Litigation

---

### Prior Professional Experience

Watkiss & Campbell (Watkiss & Saperstein), 1983-1992

---

### Admitted to Practice

Utah State Bar, 1983

Wyoming State Bar, 1994

United States Supreme Court, 2002

Eighth Circuit Court of Appeals, 1997

Tenth Circuit Court of Appeals, 1985

Courts of the Shoshone and Arapahoe Tribes, 1999

## Professional Affiliations and Memberships

American Bankruptcy Institute

Utah Bankruptcy Lawyer's Forum, Trustee, 1994-1997, President 1994-1995

## Professional and Civic Activities

Board Member, Pepperwood Homeowners' Association (1998-2000)

Member, Admissions Committee, Utah State Bar (1997 to present, Chair or Co-Chair 1998 to present)

Chair, Utah Procurement Appeals Board (2001 to present)

RAY QUINNEY & NEBEKER

A PROFESSIONAL CORPORATION

# STEVEN C. STRONG

## SHAREHOLDER

Phone: 801-323-3362 Email: sstrong@rqn.com

Mr. Strong represents creditors, debtors, trustees, receivers, and other interested parties in commercial litigation, bankruptcy and reorganization proceedings, and related negotiations. He has extensive experience advising and assisting clients in a wide variety of bankruptcy and debtor/creditor matters, including collections actions, claims litigation, preference and other avoidance actions, relief-from-stay litigation, contract assumption and rejection matters, bankruptcy/tax disputes, nondischargeability actions, adequate assurance proceedings involving utilities, and disclosure statement and plan of reorganization development and drafting. Mr. Strong has assisted clients in many large and complex Chapter 11 bankruptcy cases, including CF&I Fabricators, America West Airlines, Cajun Electric Power Cooperative, Geneva Steel, The GNI Group, Iridium LLC, and Amerion LLC. Mr. Strong also represents clients efficiently and effectively in smaller bankruptcy cases and commercial disputes.

Mr. Strong has been voted by his peers throughout the state as one of Utah's "Legal Elite" in the category of Bankruptcy Law (as published in *Utah Business Magazine*).

---

### EDUCATION

**University of Utah College of Law**, J.D., 1992

- UTAH LAW REVIEW, 1990-92
- Note & Comment Editor, UTAH LAW REVIEW
- William H. Leary Scholar, 1989-92

**Brigham Young University**, B.S., Finance, 1985

- Dean's Scholar

---

### PRACTICE AREAS

Appellate Practice
Bankruptcy, Reorganizations and Insolvency Law and Litigation
Litigation

---

### PRIOR PROFESSIONAL EXPERIENCE

- Qwest Communications International, Inc.; Senior Attorney (2002-2003)
- LeBoeuf, Lamb, Greene & MacRae, L.L.P.; Associate (1992-2002)

---

### ADMITTED TO PRACTICE

- Utah State Bar
- United States Court of Appeals for the Ninth Circuit
- United States Court of Appeals for the Tenth Circuit
- United States District Court for the District of Utah
- Utah Supreme Court (and all Utah state courts)

PROFESSIONAL AND CIVIC ACTIVITIES

- Utah State Bar, Bankruptcy and Litigation Sections
- American Bankruptcy Institute
- Utah Bankruptcy Lawyers' Forum

36 SOUTH STATE STREET, SUITE 1400 · SALT LAKE CITY, UTAH 84111 · 801 532-1500
86 NORTH UNIVERSITY AVENUE, SUITE 430 · PROVO, UTAH 84601 · 801 342-2400

feedback@rqn.com

## Elaine A. Monson
SHAREHOLDER

801-323-3346 DIRECT
801-532-7543 FAX

emonson@rqn.com


Ms. Monson is a shareholder at Ray Quinney & Nebeker and is in the Firm's litigation, banking and bankruptcy sections. The primary focus of Ms. Monson's practice is commercial litigation, creditor's rights in bankruptcy and insurance liquidations. Ms. Monson has represented several national, regional and local banks. Ms. Monson also serves as counsel to the liquidator of one of the largest insurance company liquidation cases filed in the United States.

### Education

Brigham Young University, J.D., 1989

- *cum laude*
- West's Publishing Award (Academic Achievement)
- Articles Editor, BYU JOURNAL OF PUBLIC LAW
- Moot Court Board of Advocates
- American Inns of Court I
- Phi Delta Phi

Utah State University, B.A., Business Anministration, 1986

- *cum laude*
- Phi Kappa Phi

### Practice Areas

Bankruptcy, Reorganizations and Insolvency Law and Litigation

Litigation

### Prior Professional Experience

Clerkship, Ray Quinney & Nebeker, 1988

Clerkship, Morgan, Scalley & Reading, 1987

Internship, United States Congress, 1986

### Admitted to Practice

Utah State Bar

United States Court of Appeals, Tenth Circuit

United States District Court for the District of Utah

### Professional Affiliations and Memberships

Utah State Bar Association

American Bar Association

Salt Lake County Bar Association

Women Lawyers of Utah

J. Reuben Clark Law Society

Alumni Board, J. Reuben Clark Law School, Brigham Young University



## Benjamin J. Kotter

ASSOCIATE

801-323-3395 DIRECT
801-532-7543 FAX

bkotter@rqn.com

Mr. Kotter joined Ray Quinney & Nebeker, P.C. after graduating from the University of Utah S.J. Quinney College of Law in 2002. Mr. Kotter centers his practice around creditors' rights and commercial litigation both in and out of bankruptcy, as well as other insolvency and receivership proceedings. Mr. Kotter is also experienced in commercial landlord/tenant disputes and unlawful detainer actions. Mr. Kotter is admitted to practice law in Utah and before the United States Court of Appeals for the Tenth Circuit and is a member of the American Bankruptcy Institute and the Utah Bankruptcy Lawyer's Forum.

### Education

University of Utah S.J. Quinney College of Law, J.D., 2002

- William H. Leary Scholar
- UTAH LAW REVIEW, staff member 2000-01

University of Utah, B.A., Political Science, 1998

### Practice Areas

Appellate Practice

Bankruptcy, Reorganizations and Insolvency Law and Litigation

Litigation

### Admitted to Practice

Utah State and Federal Courts, October 2002

Tenth Circuit Court of Appeals, January 2003

### Professional Affiliations and Memberships

American Bankruptcy Institute

Utah Bankruptcy Lawyer's Forum



## Angelina Tsu

ASSOCIATE

801-323-3332 DIRECT
801-532-7543 FAX

atsu@rqn.com

Ms. Tsu recently joined Ray Quinney and Nebeker after completing a judicial clerkship for Judge Benson at the United States District Court, District of Utah. Her practice involves Reorganizations and Insolvency Law and Litigation and general litigation.

### Education

University of Utah, J.D., 2002

- William H. Leary Scholar
- UTAH LAW REVIEW

Brigham Young University, B.S., Psychology, 1999

### Practice Areas

Bankruptcy, Reorganizations and Insolvency Law and Litigation

Litigation

### Prior Professional Experience

Judicial Clerkship, Honorable Dee V. Benson, United States District Court for the District of Utah, 2003-04

### Admitted to Practice

Utah State Bar, 2003

United States District Court, District of Utah