Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer
Nevada Bar No. 0399
Jeanette E. McPherson
Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors

E-FILED ON APRIL 19, 2006

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

USA COMMERCIAL MORTGAGE COMPANY,

Debtor.

Case Nos. BK-S-06-10725 LBR

Chapter 11

**MOTION FOR ORDER GRANTING DEBTOR ADDITIONAL TIME TO FILE ITS STATEMENTS AND SCHEDULES**

Date of Hearing: OST REQUESTED
Time of Hearing: OST REQUESTED

///

///

///

USA Commercial Mortgage Company, the debtor and debtor-in-possession (the "Debtor"), by and through its counsel, submits this motion (the "Motion") seeking an order granting additional time for the Debtor to file its Statements and Schedules. This Motion is based upon Fed.R.Bankr. P. 1007(c) and is supported by the entire record before the Court, the Declaration of Thomas J. Allison, and the following Points And Authorities.

## POINTS AND AUTHORITIES

### Factual Background

1. The Debtor filed a voluntary petition for relief under Chapter 11 of Bankruptcy Code on April 13, 2006. The Debtor continues to operate its business as a debtor-in-possession in accordance with Bankruptcy Code §§ 1107 and 1108.

2. This Court has jurisdiction over this Chapter 11 Proceedings under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

3. The Debtor maintains its business and headquarters in Las Vegas, Nevada. Accordingly, venue of the Debtor's Chapter 11 proceeding is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief requested in this Motion is Rule 1007(c) of the Federal Rules of Bankruptcy Procedure.

5. In support of this Motion, the Debtor incorporates the factual statements contained in the Declaration of Thomas J. Allison and the First Day Motions which have been filed.

6. Under Bankruptcy Rule 1007(c), the Debtor is required to file its Statements and Schedules within fifteen (15) days after the Petition Date. To prepare the Statements and Schedules in these cases, the Debtor must gather information from books, records and documents relating to hundreds of loans and which involve thousands of investors.

7. The collection of the information necessary to complete the Statements and Schedules will require an expenditure of substantial time and effort on the part of the Debtor's management and employees.

8. In addition, at the time of the filing of the petitions, Debtor's management was changed. Representatives of Mesirow Financial Interim Management, LLC ("Mesirow") have

now taken over the Debtor's business operations and Mesirow is in the process of familiarizing itself with the Debtor's records and its financial condition.

9. Moreover, there are a number of parties in interest in these cases. The combined mailing matrices of all of the related Debtors contain approximately 6,900 creditors, equity security holders, and other parties in interest.

10. In the early days of the case, the Debtor anticipates that its key management and other employees will have many competing demands relating to the Debtor's restructuring efforts while also addressing a myriad of employee, investor and financial issues.

11. Given the size and complexity of the Debtor's business operations, the large number of parties and interests, and its new management, the Debtor needs additional time to file its Statements and Schedules.

## Memorandum of Law

Fed.R.Bankr.P. 1007(c) provides in relevant part:

(c) Time Limits.
In a voluntary case, the schedules and statements, other than the statement of intention, shall be filed with the petition, or within 15 days thereafter, except as otherwise provided in subdivisions (d), (e), (f), and (h) of this rule…Any extension of time for the filing of the schedules and statements may be granted only on motion for cause shown and on notice to the United States trustee and to any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct. Notice of an extension shall be given to the United States trustee and to any committee, trustee, or other party as the court may direct.

Fed. R. Bankr. P. 1007(c). See also LR 1007.

As set forth herein, to prepare the Statements and Schedules in these cases, the Debtor must gather information from books, records and documents relating to hundreds of loans and which involve thousands of investors. The collection of the information necessary to complete the Statements and Schedules will require an expenditure of substantial time and effort on the part of the Debtor's management and employees. Given the size and complexity of the Debtor's business operations, the large number of parties and interests, and its new management, the Debtor needs additional time to file its Statements and Schedules. Cause, therefore, exists to extend the time to file the Debtor's Statements and Schedules.

/s/ Jeanette McPherson

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
Email: www.lawyers.com/schwartzermcpherson

4

P:\USA Commercial Mortgage\USA Commercial Mortgage Company\Motion Additional Time To File Schedules and Statements.doc