**Entered on Docket**
**April 25, 2006**

Hon. Linda B. Riegle
**United States Bankruptcy Judge**

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer
Nevada Bar No. 0399
Jeanette E. McPherson
Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com
Attorneys for Debtors

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br><br><br>Debtor. | Case Nos. BK-S-06-10725  LBR<br>Chapter 11<br><br>**ORDER APPROVING DEBTOR'S EX PARTE APPLICATION FOR ORDER APPROVING EMPLOYMENT OF BMC GROUP, INC. AS THE CLAIMS AGENT FOR DEBTOR'S ESTATE**<br><br>Date: n/a<br>Time: n/a |

Upon the Ex Parte Application of the Debtor for an Order Approving Employment of

BMC Group, Inc. as the Claims Agent for Debtor's Estate, and after due deliberation and

1

P:\USA Commercial Mortgage\Pleadings\Order Application Employ BMC Group.doc

1  sufficient cause appearing therefore,

2      **IT IS SO ORDERED** as follows:

3      1.  The Debtor's Ex Parte Application is granted in its entirety;

4      2.  The Service Agreement between Debtor and BMC Group, Inc. ("BMC") is approved

5  and Debtor and BMC are authorized to take such action, make such payments and do such other

6  things as may be necessary to implement and effectuate the terms of this order;

7      3.  BMC, on a monthly basis, shall submit detailed invoices to the Debtor for the services

8  rendered, with a copy to the United States Trustee;

9      4.  BMC shall comply with the Guidelines by the Claims Agent adopted by this Court

10  which are attached hereto as **Exhibit "A"**;

11      5.  The fees and expenses of BMC incurred in the performance of the services described

12  herein and in the Service Agreement shall be treated as an administrative expense of the Debtor's

13  Chapter 11 estate and shall be paid by the Debtor in the ordinary course of business; and

14      6.  Service of this Order shall be made by the Debtor's counsel to the United States

15  Trustee, and all parties in interest that have filed notices of appearance or requests to receive

16  notices and pleadings in the above-entitled case(s) at the date of this order.

17  Submitted by:

18  Annette W. Jarvis, Utah Bar No. 1649
    RAY QUINNEY & NEBEKER P.C.
19  36 South State Street, Suite 1400
    P.O. Box 45385
20  Salt Lake City, Utah 84145-0385

21  
22  and

23  

24  Lenard E. Schwartzer, Nevada Bar No. 0399
    Jeanette E. McPherson, Nevada Bar No. 5423
25  SCHWARTZER & MCPHERSON LAW FIRM
    2850 South Jones Boulevard, Suite 1
26  Las Vegas, Nevada   89146
    Attorneys for Debtor
27                                      ###

28  

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

2

# EXHIBIT "A"

## AGREEMENT FOR SERVICES

This Agreement (the "Agreement") dated as of April 17, 2006, is entered between USA Commercial Mortgage Company and its related affiliates ("Customer") and BMC Group, Inc. ("BMC"). The services rendered by BMC pursuant to this Agreement will commence on the date first set forth above and will continue until the Agreement is terminated as set forth below

## TERMS AND CONDITIONS

I.    **SERVICES**

In accordance with the terms and conditions contained in this Agreement and in the Fee Schedule annexed hereto, BMC agrees to provide services as follows: (a) assisting the Customer, Counsel and Office of the Clerk with noticing and claims handling and (b) assisting Customer with the compilation, administration, evaluation and production of documents and information necessary to support a restructuring effort. At Customer's, Counsel's or the Clerk's Office's direction, as the case may be, and in accordance with any court orders or rules in the bankruptcy case(s) (including any court order authorizing BMC's engagement), BMC will (1) prepare and serve those notices required in the bankruptcy case(s); (2) receive, record and maintain copies of all proofs of claim and proofs of interest filed in the bankruptcy case(s); (3) create and maintain the official claims register(s); (4) receive and record all transfers of claims pursuant to Bankruptcy Rule 3001(e); (5) maintain an up-to-date mailing list for all entities who have filed proofs of claim and/or requests for notices in the bankruptcy case(s); (6) assist Customer and Counsel with the administrative management of claims; (7) mail and tabulate ballots for purposes of plan voting; (8) assist with the production of reports, exhibits and schedules of information for use by the Customer, Counsel or to be delivered to the Court, the Clerk's Office, the U.S. Trustee or third parties; (9) provide other technical and document management services of a similar nature requested by the Customer or the Clerk's office; (10) facilitate or perform distributions; and (11) maintain a Customer call center and public website

II.    **TECHNOLOGY SUPPORT**

BMC agrees to provide computer software support and to educate and train Customer in the use of the support software, provide BMC's standard reports as well as consulting and programming support for Customer requested reports, program modifications, data base modification, and/or other features.

III.    **PRICES, CHARGES AND PAYMENT**

A.    BMC agrees to charge, and Customer agrees to pay, BMC's standard prices for its services, expenses and supplies at the rates or prices in effect on the day such services and/or supplies are provided to the Customer, in accordance with the Fee Schedule annexed hereto.

B.    BMC raises its rates from time to time and generally does so each January to reflect changes in the business and economic environment.

C.    Customer agrees to pay BMC for reasonable out-of-pocket expenses for transportation, lodging, meals and related items

D.    In connection with noticing services, upon BMC's request, Customer agrees to prepay BMC estimated postage amounts with respect to each notice or shall authorize BMC to cause the courier's charges (such as UPS or FedEx) to be stated to Customer's own account with such courier.

E.    BMC agrees to invoice Customer for fees and expenses and Customer agrees that the amount invoiced is due and payable upon its receipt of the invoice. In the case of a dispute in the invoice amount, notice shall be given to BMC within twenty (20) days of receipt of the invoice by Customer. Interest shall not accrue on any amounts in dispute. The balance of the invoice amount is due and payable in the normal course.

F.    BMC will look only to the Customer for payment of invoices and in no event shall Counsel be liable for any of BMC's invoices in connection with this Agreement.

IV.    **RIGHTS OF OWNERSHIP**

A    The parties understand that the software programs and other similar proprietary materials furnished by BMC pursuant to this Agreement and/or developed during the course of this Agreement by BMC are the sole property of BMC. The term "program" shall include, without limitation, data processing programs, specifications, applications, routines, sub-routines, procedural manuals, and documentation. Customer agrees not to copy or permit others to copy for unauthorized use the source code from the support software or any other programs or similar proprietary materials furnished pursuant to this Agreement.

B.    Customer further agrees that any ideas, concepts, know-how or techniques relating to data processing or BMC's performance of its services developed by BMC during the course of this Agreement shall be the exclusive property of BMC.

C.    Upon Customer's request at any time or times while this Agreement is in effect, BMC shall immediately deliver to Customer at Customer's sole expense, any or all of the non-proprietary data, information and records held or controlled by BMC pursuant to this Agreement, in the form requested by Customer. Any information, data and records, in whatever form existing, whether provided to BMC by Customer or developed by BMC for Customer under this Agreement, may be retained by BMC until all amounts due under this Agreement are paid in full unless otherwise ordered by a court of competent jurisdiction, it being understood that neither party asserts rights of ownership in the official claims register or materials filed with BMC as an agent of the court.

D    Customer shall remain liable for all charges imposed under this Agreement as a result of data or physical media maintained by BMC. BMC shall dispose of the data and media in the manner requested by Customer. Customer agrees to pay BMC for reasonable expenses incurred as a result of the disposition of the data or media. After giving Customer thirty (30) days advance notice, BMC reserves the right to dispose of data or media maintained by BMC for Customer if Customer has not utilized the services provided herein for a period of at least ninety (90) days or if Customer has not paid all charges due to BMC.

V.    **NON-SOLICITATION**

Customer agrees that neither it nor its subsidiaries or other affiliated companies shall directly or indirectly solicit for employment, employ or otherwise retain staff of BMC during the term of this Agreement, nor for a period of twelve (12) months after termination of this Agreement, unless mutually agreed upon by both parties.

VI.    **CONFIDENTIALITY**

BMC agrees to, and shall cause its servants, agents, employees, licensees, and subcontractors to, safeguard and keep confidential all data, records, information and communications of any sort or form, regardless of whether written, oral, visual or otherwise recorded or transmitted, with respect to Customer, but excluding such data, records, information and communications that exist in the public domain by reason other than a breach of BMC's obligations under this Section VI "Confidentiality" (the "Confidential Information"). BMC will use the Confidential Information only for the benefit of Customer in connection with the provision of services under this Agreement. Customer agrees to, and will cause its servants, agents, employees, licensees, and subcontractors to, keep all information with respect to BMC's system, procedures and software confidential; provided, however, that if either party is required to produce any such information by order of any governmental agency or other regulatory body, it may, upon not less than five (5) business days' written notice to the other party, release the required information. The obligations set forth in this paragraph shall survive termination of this Agreement.

VII.    **TERMINATION**

A.    This Agreement shall remain in full force and effect until terminated by Customer on twenty (20) days' prior written notice received by BMC, or, by BMC upon thirty (30) days' prior written notice received by the Customer. In the event the Customer files for bankruptcy protection, the Agreement shall not be terminated without the consent of the Clerk of the United States Bankruptcy Court unless the party or parties seeking termination receive the court's authorization to terminate the agreement.

B.    In the event that this Agreement is terminated, regardless of the reason for such termination, BMC shall cooperate with Customer to orderly transfer to Customer or its designee (or destroy, at Customer's direction) data, records and information in its possession or control and to effect an orderly transition of record-keeping functions. BMC shall provide all necessary staff, services and assistance required for an orderly transfer and transition. Customer agrees to pay for such services in accordance with BMC's then existing prices for such services.

VIII.    **SYSTEM IMPROVEMENTS**

BMC's policy is to provide continuous improvements in the quality of service to the Customer. BMC, therefore, reserves the right to make changes in operation procedure, operating systems, programming languages, general purpose library programs, application programs, time period of accessibility, types of terminals and other equipment and the BMC data center serving the Customer.

IX.    **LIMITATIONS OF LIABILITY AND INDEMNIFICATION**

Except with respect to breaches under Section VI "Confidentiality" above, Customer shall indemnify and hold BMC, its officers, employees and agents harmless against any losses, claims, damages, judgments, liabilities and expense (including reasonable counsel fees and expenses) resulting from action taken or permitted by BMC in good faith with due care and without negligence in reliance upon instructions or orders received from Customer as to anything arising in connection with its performance under this Agreement. Except with respect to breaches under Section VI "Confidentiality" above, BMC shall be without liability to Customer with respect to any performance or non-performance, in accordance with the terms of this Agreement or instructions properly received pursuant hereto, if done in good faith and without negligence or willful or wanton misconduct. Except with respect to breaches under Section VI "Confidentiality" above, in

no event shall liability to Customer for any losses or damages, whether direct or indirect, arising out of this Agreement exceed the total amount billed or billable to Customer for the portion of the particular work which gave rise to the loss or damage   Except with respect to breaches under Section VI "Confidentiality", in no event shall BMC be liable for any indirect, special or consequential damages such as loss of anticipated profits or other economic loss in connection with or arising out of the services provided for in this Agreement.

**X.**     **INDEPENDENT CONTRACTORS**

Customer and BMC are and shall be independent contractors of each other and no agency, partnership, joint venture or employment relationship shall arise, directly or indirectly, as a result of this Agreement.

**XI.**    **NOTICES**

All notices in connection with this Agreement shall be given or made upon the respective parties in writing by facsimile or overnight courier and shall be deemed as given, if by facsimile, on the business day immediately following confirmed transmission, or if by courier, on the day it is delivered by such courier to the appropriate address set forth below:

| | |
|---|---|
| The BMC Group, Inc<br>Attn: Tinamarie Feil<br>720 Third Avenue, 23rd Floor<br>Seattle, WA 98104<br><br>Telephone  (206) 516-3300<br>Fax (206) 516-3304 | Name:<br>Title:<br>Address: |

Or to such other address as the party to receive the notice or request so designates by written notice to the other.

**XII.**   **APPLICABLE LAW**

This Agreement shall be construed in accordance with the laws of the State of Washington and may be modified only by a written instrument duly executed by an authorized representative of Customer and an officer of BMC.

**XIII.**  **ENTIRE AGREEMENT/ MODIFICATIONS**

Each party acknowledges that it has read this Agreement, understands it, and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes and merges all prior proposals, understandings and other agreements, oral and written between the parties relating to the subject matter of this Agreement   The Agreement may be modified or altered by written instrument duly executed by both parties   Customer represents that it has the authority to enter into this Agreement, and understands it may be subject to bankruptcy court approval, and the Agreement is non-dischargeable under any applicable statute or law    If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby   In the event of any conflict between a term of this Agreement and any order of the court exercising jurisdiction over the Customer's bankruptcy case(s), the terms of the order shall govern.

XIV.    ASSIGNMENT

This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other, with the exception that this Agreement can be assigned by BMC to a wholly owned subsidiary of BMC.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement.

| BMC Group, Inc. | USA Commercial Mortgage Company |
|---|---|
| By: _Tinamarie Feil_ | By: _____ |
| Name: Tinamarie Feil | Name: Thomas J. Allison |
| Title: Vice - President | Title: Chief Restructuring Officer |
| Date: April 17, 2006 | Date: April 17, 2006 |

# BMC Fee Structure

**Print Mail and Noticing Services**

| | |
|---|---|
| Document/Mail File Production Setup | $0 - $25 per file |
| Copy/Print | $.08 - $.15 per page or volume quote |
| Finishing (Fold, Insert, Label, Envelope) | Varies based on requirements |
| Postage | At cost |
| Certified Electronic Noticing | $40 per 1000 |
| Certified Fax Service | $.15 per page |
| Legal Notice Publication | Quote |

**Claims Management**

| | |
|---|---|
| Claim Receipt, Processing, Docketing | $45 per hour |
| Claim Analysis and Reconciliation | at applicable engagement support rate |
| b-Linx User fee unlimited on-line access | $35 per user per month |
| b-Linx Hosting | $850 per month |

**Information Management**

| | |
|---|---|
| Call Center | $45 per hour |
| Public Website Hosting | $250 per month |
| b-Worx Hosting | $250 per month |

**Solicitation**

| | |
|---|---|
| Securities Research, Consulting | $275 per hour |
| Production/Mailing of Solicitation Materials | Quote |
| Call Center | $45 per hour |
| Bar Coded Ballot Tabulation | $.50 each |

**Distribution**

| | |
|---|---|
| Check issuance; tax reporting | Quote |
| Issuance Stock, Notes, Warrants | Quote |
| Registrar | Quote |

**Document Management Services**

| | |
|---|---|
| Imaging and storage | $0.25 per image |
| Physical Document Storage | $1.45 per box |
| Upload/Download | $.08 per page (max $2.40 each) |

**Consulting Support**

| | |
|---|---|
| Average Hourly Rate | < $135 |
| Seniors/Principals | $180 - $275 per hour |
| Consultants | $100 - $175 per hour |
| Case Support | $65 - $95 per hour |
| Data Entry/Administrative Support | $45 per hour |