Robert C. LePome, Esq.                                      E-Filed April 25, 2006
330 S. Third St. #1100B
Las Vegas, NV 89101
(702) 385-5509
Nevada Bar #1980
Attorney for Interested Parties

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re: | ) | BK-S-06-10725-LBR |
|---|---|---|
| | ) | Chapter 11 |
| USA COMMERCIAL MORTGAGE COMPANY | ) | |
| Debtor | ) | |
| In re: | ) | BK-S-06-10726-LBR |
| | ) | Chapter 11 |
| USA CAPITAL REALTY ADVISORS, LLC, | ) | |
| Debtor | ) | |
| In re: | ) | BK-S-06-10727-LBR |
| | ) | Chapter 11 |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | ) | |
| Debtor | ) | |
| In re: | ) | BK-S-06-10728-LBR |
| | ) | Chapter 11 |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | ) | |
| Debtor | ) | |
| In re: | ) | BK-S-06-10729-LBR |
| | ) | Chapter 11 |
| USA SECURITIES, LLC, | ) | |
| Debtor | ) | |
| Affects: | ) | |
| ■ All Debtors | ) | |
| ☐ USA Commercial Mortgage Co. | ) | |
| ☐ USA Securities, LLC | ) | |
| ☐ USA Capital Realty Advisors, LLC | ) | DATE:    5/3/06 |
| ☐ USA Capital Diversified Trust Deed | ) | TIME:    9:30 AM |
| ☐ USA First Trust Deed Fund, LLC | ) | |
| | ) | |

1

**OPPOSITION TO MOTION FOR ORDER UNDER 11 USC §§ 105(a), 345, AND 363 APPROVING DEBTORS' PROPOSED CASH MANAGEMENT PROCEDURES AND INTERIM USE OF CASH IN ACCORDANCE WITH PROPOSED CASH BUDGET AND COUNTERMOTION FOR SEQUESTERING OR ALTERNATIVELY FOR RELEASE OF FUNDS AND FOR REVOCATION OF POWER OF ATTORNEY**

COMES NOW STANLEY ALEXANDER TRUST AND DRS. STANLEY ALEXANDER AND FLORENCE ALEXANDER, individually (hereafter "ALEXANDER") by and through their attorney, ROBERT C. LEPOME, ESQ., and file their Opposition to Debtor's Motion for Order Under 11 USC §§ 105(a), 345, and 363 Approving Debtors' Proposed Cash Management Procedures and Interim Use of Cash in Accordance with Proposed Cash Budget.

This Opposition and Countermotion for Sequestering or Alternatively for Release of Funds and for Revocation of Power of Attorney is based upon the Points and Authorities attached hereto.

Robert C. LePome, Esq.

/s/ Robert C. LePome, Esq
Robert C. LePome, Esq.
330 S. Third St. #1100B
Las Vegas, NV 89101
(702) 385-5509
Nevada Bar #1980
Attorney for Interest Parties

POINTS AND AUTHORITIES

Facts

The ALEXANDERS are of advanced years and are retired. Their primary

2

retirement income is from the Interest earned pursuant to the Notes Secured by Deeds of Trust on Nevada Real Property. The Debtors collectively had fiduciary duties which included obtaining suitable borrowers with real property appraised in excess of the proposed loans and with a reasonable plan to repay the loans. Debtors charged origination fees or "points" to the borrowers and these origination fees or "points" are the primary income of Debtors. At no time were Debtors authorized to co-mingle with or use any funds intended for investment.

Debtors were operating under a Power of Attorney which allowed them to collect the payments from the borrowers and to pay said funds to ALEXANDER. ALEXANDER hereby revokes the Power of Attorney. Once the Notes are released to ALEXANDER, he will either collect them himself or place them for collection. This "collection" is a ministerial act but with fiduciary duties. Debtors have no legal interest in the funds collected from borrowers. Debtors are not the Payees of the Notes nor are they the beneficiaries of the Deeds of Trust.

Debtors receipted for approximately $1,800,000.00 of ALEXANDER's money and brokered all funds to borrowers except for the most recent $100,000.00 represented by Check #339 which was deposited into Debtors' account on April 11, 2006 and cleared the banking system on April 12, 2006 which is one (1) day before Debtor's Petition. A copy of this final check is attached hereto as Exhibit "A". ALEXANDER has sought evidence that the funds represented by an additional $100,000.00 represented by Check #336 attached as Exhibit "B", an additional

3

$100,000.00 represented by Check #387 attached as Exhibit "C" and an additional $125,000.00 represented by Check #338 attached hereto as Exhibit "D" have been placed into the hands of borrowers as indicated on each check respectively.

### The Law

Debtors and their affiliates are licensed by the State of Nevada Financial Institution Division as mortgage brokers or mortgage agents under NRS 645B. Escrow Accounts are required under NRS 645B.165 through 175 and commingling is prohibited under NRS 645B.180.

### Argument

ALEXANDER is the owner of the various Notes Secured by Deed of Trust that have been recorded showing an Assignment from Debtors to ALEXANDER in all or a proportionate amount of each Note and Deed of Trust. These Notes and Deeds of Trust are clearly not property of the estate and indeed the Debtor does not appear to contend otherwise.

ALEXANDER is also the owner of funds placed into Trust prior to investment. It would appear that under NRS 645B, the Debtor cannot claim that any of "recent checks" represented by Exhibits "A", "B", "C" and "D" are property of the estate. Indeed NRS 645B.165 through 180 make it very clear that the funds are trust funds very similar to those in an attorney's trust account and are given the same protection. The law at NRS 645B.180 specifically states that "Money in an impound trust account is not subject to execution or attachment on any claim against the mortgage broker or

his mortgage agents." To the extent that Debtors have breached their fiduciary duties, they should be disqualified as servicing agents or indeed, as Debtors-in-Possession. The funds represented by Exhibits "A", "B", "C" and "D" do not belong to the Debtor and must be returned or at the very least subjected to sequestration from any assets of the Debtor so that they will not be expended for operations or subjected to claims against the Debtor or its agents.

The Notes Secured by Deeds of Trust being serviced are owned by ALEXANDER and should be released to ALEXANDER. A summary of the Notes Secured by Deeds of Trust totaling $1,497,429.00 are summarized in Exhibit "E" hereto. This will cause no financial loss to Debtors since the primary income of Debtors is the substantial loan origination fees or "Points" earned at the funding of the loan not the minuscule servicing fees after the loan is funded. Indeed, replacement of the servicing agent will reduce the salary requirement of the collection department of Debtor which is presently being overwhelmed with telephone calls from investors and with borrowers who doubt whether late payments or no payments will be pursued by a bankrupt collection agent who has no incentive or financial interest in the instruments.

## Conclusion

The Power of Attorney to continue collecting and to make loans for the benefit of ALEXANDER has been terminated.

. . .

. . .

Debtors' Motion should be denied and the funds, Notes and Deeds of Trust should be released to their owners.

Robert C. LePome, Esq.

/s/ Robert C. LePome, Esq
Robert C. LePome, Esq.
330 S. Third St. #1100B
Las Vegas, NV 89101
(702) 385-5509
Nevada Bar #1980
Attorney for Interest Parties

## CERTIFICATE OF SERVICE

I, Susan Stanton, hereby certify that a true and correct copy of the aforegoing was forwarded to:

Robert A. Kinas, Esq., rkinas@swlaw.com

Edward J. Hanigan,E sq., haniganlaw@earthlink.net

Kelly J. Brinkman, Esq., kbrinkman@gooldpatterson.com

Annette W. Jarvis, ajarvis@rqn.com

Richard McKnight, Esq., mcknightlaw@cox.net

Jeanette E. McPherson, Esq., jmcpherson@s-mlaw.com

Lenard E. Schwartzer, Esq., bkfilings@s-mlaw.com

Candace Carlyon, Esq., ltreadway@sheacarlyon.com

U.S. Trustee, USTPRegion17.lv.ecf@usdoj.gov

. . .

by electronic service on the 25th day of April, 2006.

        /s/ Susan Stanton
Employee of Robert C. LePome, Esq.