MICHAELSON, SUSI & MICHAELSON
A Professional Corporation
ATTORNEYS AT LAW
SEVEN WEST FIGUEROA STREET, SECOND FLOOR
SANTA BARBARA, CALIFORNIA 93101-3191
Telephone: (805) 965-1011
Facsimile: (805) 965-7351

Peter Susi, Bar No. 62957

Attorneys for Investors

(SPACE BELOW FOR FILING STAMP ONLY)

'06 APR 27 A10:55

U.S. BANKRUPTCY COURT
PATRICIA GRAY, CLERK

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br>USA COMMERCIAL MORTGAGE COMPANY,<br>        Debtor.<br><br>In re<br>USA CAPITAL REALTY ADVISORS, LLC,<br>        Debtor.<br><br>In re<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>        Debtor.<br><br>In re<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>        Debtor.<br><br>In re<br>USA SECURITIES, LLC,<br>        Debtor. | Case Nos. BK-S-06-10725 LBR<br>Case Nos. BK-S-06-10726 LBR<br>Case Nos. BK-S-06-10727 LBR<br>Case Nos. BK-S-06-10728 LBR<br>Case Nos. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>OPPOSITION TO DEBTORS' MOTION FOR ORDER APPROVING CASH MANAGEMENT PROCEDURES AND INTERIM USE OF CASH<br><br>Date: May 3, 2006<br>Time: 9:30 a.m. |

Investors identified on the attached declarations, Exhibit "A" hereto (hereafter "the Objecting Investors"), hereby oppose the Debtors' Motion for Order Under 11 11 U.S.C. § 105(a), 345 and 363 Approving Proposed Cash Management Procedures and

-1-

opp2

Interim Use of Cash, and in support of their objection state as follows:

## I. Statement of Facts

The Objecting Investors own individual fractional interests in various notes and deeds of trust promoted by the Debtors herein, all as set forth in greater detail in the declarations attached hereto. In each case, the Objecting Investor forwarded funds to Debtors as directed and in return acquired a fractional interest in a discrete loan and deed of trust originated by Debtors. Debtor, USA Commercial Mortgage Company, served as the servicing agent for the loan pursuant to a written loan servicing agreement between that Debtor and the Objecting Investor, and periodically remitted payments to the Objecting Investor in accordance with the agreement.

Objecting Investors object to the use of interest payments and/or principal pay downs received in connection with their respective notes on the grounds that these funds are not property of this estate, and the Debtors are not authorized to use these funds under any applicable provision of Sections 105, 345, or 363 of the Bankruptcy Code. Objecting Investors have not individually received appropriate notice of this motion or of this case. While Objecting Investors recognize that the Debtors may well have pressing needs and uses for incoming funds, these funds are property of the Objecting Investors and, based upon the showing made to date, the Objecting Investors are not willing to consent to the use of their funds for the reorganization of these Debtors.

Further, the amounts requested by Debtors are excessive and the motion does not present sufficient detail to support the request. Financial advisor fees and expenses of approximately $150,000 per week and legal fees and expenses of $66,700 per week have been requested without further specifics as to number of employees and specific actions to be performed. Rather, the motion identifies three general categories of activities: "(a) continue servicing the loan portfolio; (b) analyze and investigate the amounts owed to and from each investor; (c) collect amounts due from borrowers including commencing foreclosure proceedings or other collection expenses." Motion, p. 6, line 27 ff.

What is not on Debtors' list, but should be Debtors' first and most immediate priority is determining the performing or non-performing status of each loan in the portfolio. Only when Objecting Investors have this information can they intelligently decide whether and to what extent to support this reorganization process. Objecting Investors' funds should not be used for the purposes requested by Debtors. Debtors' servicing fees only should be applied for these purposes.

II. <u>None of the Sections Cited by the Debtors Authorize the Use of Third Party's Property for the Reorganization Process.</u>

Section 345 of the Bankruptcy Code cited by Debtors is entitled "Money of Estates" and, as its title suggests, deals with the use of money of the estate. The funds which Debtors seek to use by their motion are not money of the estate, but rather are property of each of the Objecting Investors, to

-3-

which they each have exclusive claim and title. There is nothing in Section 345 of the Bankruptcy Code that authorizes a debtor to use money of third parties.

Section 363 of the Bankruptcy Code, while entitled "Use, Sale or Lease of Property", again deals primarily with property of the estate and lays out the requirements for use of such property by the trustee or debtor-in-possession. Objecting Investors have not seen any authority cited by Debtors under Section 363, or otherwise, which would authorize the use of property owned by the Objecting Investors. In fact, the Ninth Circuit has frowned upon attempts by the trustee to use or dispose of property until there has first been a determination that the property is, in fact, property of the bankruptcy estate. See, for example, *In re Ronald Frederick Popp*, 323 B.R. 260 (9th Cir. BAP 2005), holding that the bankruptcy court should not have authorized the sale of property free and clear of liens without first resolving the disputed question of whether the Chapter 7 estate had an interest in the property being sold, and citing *In re Rodeo Cannon Development Corp.*, 362 F.3d 903 (9th Cir. 2004) for that proposition. Although the *Rodeo Cannon* opinion was subsequently withdrawn, the statement in *Popp* remains good law.

Nor do any of the other provisions of Section 363 authorize the use of property of a third party without that party's consent. Subsection (f) of Section 363 authorizes the trustee to sell property in which an entity other than the estate owns an interest free and clear of that interest only under very limited circumstances, including with the consent of

-4-

1 | the affected party, or where applicable non-bankruptcy law
2 | would permit sale of such property free and clear of such
3 | interest.  None of the enumerated exceptions of subsection (f)
4 | would apply in this case.  Here, the property which the Debtors
5 | propose to use is, at least with respect to each Objecting
6 | Investor's fractional share, exclusively owned by the Objecting
7 | Investor.  The Debtors have no ownership interest in these
8 | proceeds except insofar as it is entitled to a contractual
9 | servicing fee.

### III. Conclusion

11 |     For all of the foregoing reasons, Objecting Creditors
12 | oppose the use of their property as requested by the Debtors
13 | and requests that the court deny Debtors' motion.
14 |     DATED: April 26, 2006.

MICHAELSON, SUSI & MICHAELSON
A Professional Corporation

By _____
PETER SUSI, Attorneys for
Objecting Investors

## DECLARATION OF BERNARD SANDLER

I, Bernard Sandler, declare:

1. I am a resident at 99 La Vuelta, Santa Barbara, California. I have personal knowledge of the matters set forth herein and am competent to testify thereto.

2. I am a trustee of the Bernard Sandler and Linda Marie Sandler Revocable Intervivos Family Trust dated 9/13/91, which currently owns a *pro rata* portion of the following trust deeds which were promoted by USA Capital:

| Borrower | Face Amount of Note | My Investment |
|---|---|---|
| Elizabeth May Real Estate, LLC | $10,500,000 | $ 75,000 |
| Shamrock Tower, LP | $ Unknown | $100,000 |

3. I do not consent to the proposed use of my funds in the Bankruptcy Case of USA Capital Mortgage, Inc. or its affiliates.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25 day of April, 2006, at Santa Barbara, California.

/s/ BERNARD SANDLER

-1-

EXHIBIT "A"

## DECLARATION OF DAVID E. GACKENBACH

I, David E. Gackenbach, declare:

1. My address is 12240 North 128th Place, Scottsdale, Arizona 85259. I have personal knowledge of the matters set forth herein and am competent to testify thereto.

2. I am the trustee of the David E. Gackenbach Revocable Trust of November 10, 1999, and the beneficiary of the David E. Gackenbach IRA, which currently own a *pro rata* portion of the following trust deeds, which were promoted by USA Capital:

| Lender | Borrower | Face Amount of Note | My Investment |
| --- | --- | --- | --- |
| David E. Gackenbach Revocable Trust | Elizabeth May Real Estate LLC | $10,500,000 | $ 100,000 |
| David E. Gackenbach IRA | Gramercy Court Ltd. | $30,879,500 | $ 150,000 |

3. I do not consent to the proposed use of my funds in the Bankruptcy Case of USA Capital Mortgage, Inc. or its affiliates.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25 day of April, 2006, at 12240 N. 128th Pl. Scottsdale, AZ 85259.

_David E. Gackenbach_
DAVID E. GACKENBACH

-1-

## DECLARATION OF SUSAN GACKENBACH

I, Susan Gackenbach, declare:

1. My address is 12240 North 128th Place, Scottsdale, Arizona 85259. I have personal knowledge of the matters set forth herein and am competent to testify thereto.

2. I am the trustee of the Susan F. Stein Trust of February 12, 2000, and the beneficiary of the Susan F. Gackenbach IRA, which currently own a *pro rata* portion of the following trust deeds, which were promoted by USA Capital:

| Lender | Borrower | Face Amount of Note | My Investment |
|---|---|---|---|
| Susan F. Stein Trust | Palm Harbor One, LLC | $29,000,000 | $ 100,000 |
| Susan Gackenbach IRA | Gramercy Court, Ltd. | $30,879,500 | $ 200,000 |
| Susan Gackenbach IRA | Fox Hills 216, LLC | $25,755,000 | $ 150,000 |
| Susan Gackenbach IRA | Elizabeth May Real Estate LLC | $10,050,000 | $ 200,000 |

3. I do not consent to the proposed use of my funds in the Bankruptcy Case of USA Capital Mortgage, Inc. or its affiliates.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26 day of April, 2006, at 10:00 AM.

_____
SUSAN GACKENBACH

-1-

## DECLARATION OF CONNIE COBB

I, Connie Cobb, declare:

1. I am a member of the firm of Hocking Denton Palmquist located at 1485 East Valley Road, Montecito, California.

2. I hold a power of attorney for Jay Stein. I have personal knowledge of the matters set forth in this declaration and am competent to testify thereto. Mr. Stein, in various capacities, holds investments in the following trust deeds, which were promoted by USA Capital:

| Lender | Borrower | Face Amount of Note | My Investment |
|---|---|---|---|
| Jay S. Stein Trust 12/12/00 | Fox Hills 185, LLC | $29,975,000 | $ 100,000 |
| Jay S. Stein Charitable Remainder Unitrust of 7/15/02 | Palm Harbor One, LLC | $29,000,000 | $ 200,000 |
| Jay S. Stein Charitable Remainder Unitrust of 7/15/02 | Fox Hills 216, LLC | $25,755,000 | $ 225,000 |
| Jay S. Stein IRA | Fox Hills 185, LLC | $29,975,000 | $ 100,000 |
| Jay S. Stein IRA | Urban Housing Alliance, LLC | $ 7,970,000 | $ 100,000 |
| Jay S. Stein IRA | 60th Street Ventures, LLC | $ 3,700,000 | $ 200,000 |
| Jay S. Stein IRA | Oak Mesa Investors, LLC | $20,500,000 | $ 100,000 |

3. Mr. Stein does not consent to the proposed use of his funds in the Bankruptcy Case of USA Capital Mortgage, Inc. or its affiliates.

-1-

1  I declare under penalty of perjury that the foregoing is
2  true and correct.
3  Executed this 26th day of April, 2006, at Santa Barbara,
4  California.
5
6  _Connie Cobb_
   CONNIE COBB

-2-

DECLARATION OF ROBERT J. ROWLEY

I, Robert J. Rowley, declare:

1. I am a resident at 398 Arboleda Road, Santa Barbara, California. I have personal knowledge of the matters set forth herein and am competent to testify thereto.

2. I am a trustee of the Robert J. Rowley and Kathleen M. Rowley Living Trust, which currently owns a *pro rata* portion of the following trust deeds which were promoted by USA Capital:

| Borrower | Face Amount of Note | My Investment |
| --- | --- | --- |
| ComVest Capital Advisors | $ 4,500,000 | $100,000 |
| Marlton Square Associates, LLC | $30,000,000 | $ 60,000 |

3. I do not consent to the proposed use of my funds in the Bankruptcy Case of USA Capital Mortgage, Inc. or its affiliates.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of April, 2006, at Santa Barbara, California.

*/s/ Robert J. Rowley*
ROBERT J. ROWLEY

-1-

## DECLARATION OF SERVICE

CHERYL NICCOLI, the undersigned, hereby declares:

Declarant is a citizen of the United States and is employed by the law firm of Michaelson, Susi & Michaelson, a Professional Corporation, Seven West Figueroa Street, Santa Barbara, CA 93101. Declarant is over the age of 18 years and is not a party to the within action.

On the 26th day of April, 2006, at the direction of PETER SUSI of said firm and a Member of the Bar of the United States District Court for the Central District of California, I served the:

OPPOSITION TO DEBTORS' MOTION FOR ORDER APPROVING CASH MANAGEMENT PROCEDURES AND INTERIM USE OF CASH

on the interested parties in this matter by:

( ) mailing, with postage thereon fully prepaid; ( ) personally delivering; ( ) sending via FAX transmission with confirmation of transmittal by follow-up telephone call and transmit confirmation report to the individuals at the addresses and FAX numbers listed below; or (x) sending via overnight carrier, a true copy thereof, to said party at his, her, or their known address, to wit:

-SEE ATTACHED LIST-

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Santa Barbara, California, on the 26th day of April, 2006.

_____
CHERYL NICCOLI, Declarant

Office of the U.S. Trustee
Attention Augie Landis
300 Las Vegas Boulevard South
Suite 4300
Las Vegas, NV 89101

Gordon & Silver, Ltd.
Attention Jerry Gordon
3960 Howard Hughes Pkwy.
Ninth Floor
Las Vegas, NV 89109

Annette W. Jarvis
P.O. Box 45385
Salt Lake City, UT 84145

Jeanette E. McPherson
2850 S. Jones Blvd., Suite 1
Las Vegas, NV 89146

Lenard E. Schwartzer
Schwartzer & McPherson Law Firm
2850 S. Jones Boulevard, Suite 1
Las Vegas, NV 89146

Richard McKnight
330 S. Third Street, #900
Las Vegas, NV 89101