# ATTACHMENT NO. 2

may, at any time, sell, transfer, assign or grant participation in the Loan and in the Loan Documents and Lender may forward to its Partners or to such participant and prospective participant all documents and information relating to the Loan and to Borrower, whether furnished by Borrower or otherwise, as Lender determines necessary or desirable. Lender and USA may also reasonably divulge and advertise the making of the Loan and the amount thereof.

8.18    Headings. Section headings in this Agreement are included for convenience of reference only and are not part of this Agreement for any other purpose.

8.19    Time of the Essence. Time is of the essence with respect to all duties and obligations of Borrower under any Loan Document.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed as of the date first above written.

**BORROWER:** One Point Street, Inc.

By:    *Karim Chowdhury*

R. Karim Chowdhury, Vice President

**LENDER:**

By: _____         By:

# EXHIBIT "A"

## LENDER

| | Names | Amount |
|---|---|---|
| 1. | Joseph R. Agliolo Trustee of The 1991 Agliolo Revocable Living Trust | $50,000 |
| 2. | Stanley Alexander Trustee of the Stanley Alexander Trust | $100,000 |
| 3. | Rod Arbogast & Donna Arbogast Trustees of the Arbogast Family Trust | $250,000 |
| 4. | B.E.A. Family, Inc., a Nevada corporation | $50,000 |
| 5. | Robert J. Asselin & Mary E. Asselin Trustees of the 1994 Robert Asselin & Mary Asselin Family Trust | $50,000 |
| 6. | Laila Aziz, a single woman | $50,000 |
| 7. | Peter L. Backes Trustee of the Peter L. Backes Trust | $50,000 |
| 8. | William A. Banos & Angel J. Banos Co-Trustees of the Mirtha M. Banos Family Trust F/B/O William A. Banos, as his undivided one-half interest & Angel J. Banos, as his undivided one-half interest | $95,000 |
| 9. | Frank J. Belmonte Trustee of the Belmonte Family Trust | $50,000 |
| 10. | Jay Betz & Joy Betz Trustees of the Betz Family Trust | $50,000 |
| 11. | Thomas E. Bishofberger & Betty T. Bishofberger Trustees of the Bishofberger Restated Family Trust U/A 9/8/95 | $50,000 |
| 12. | Daryl L. Blanck & Yvonne M. Blanck Trustees of the Daryl Blanck & Yvonne Blanck Trust dated 3/23/94 | $50,000 |
| 13. | James R. Bonfiglio & Donna M. Bonfiglio Trustees of the Bonfiglio Family Limited Partnership | $100,000 |
| 14. | John Borkoski & Kathleen Borkoski, husband & wife, as joint tenants with right of survivorship | $75,000 |
| 15. | Kathleen K. Borkoski Trustee of the Austin John Borkoski Trust dated 12/10/92 | $50,000 |
| 16. | Kathleen K. Borkoski Trustee of the Kali Gene Borkoski Trust dated 12/21/89 | $75,000 |
| 17. | Charles E. Borom & Lanna G. Borom, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 18. | Helena A. Bova, a single woman | $50,000 |
| 19. | Kathleen A. Boyce Trustee of the Boyce 1989 Trust dated 6/12/89 | $200,000 |
| 20. | Marshall J. Brecht & Janet L. Brecht Trustees of the Marshall J. Brecht Trust 2/5/86 | $50,000 |
| 21. | June Brehm, a unmarried woman | $50,000 |
| 22. | Michael M. Bright & Anne E. Bright, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 23. | Gary S. Brill Trustee of the Gary S. Brill Living Trust dated 9/21/83 as amended & restated on 3/20/88 | $100,000 |
| 24. | Penny L. Brock Trustee of the Brock Family Trust dated 5/25/95 | $50,000 |
| 25. | Marlo Brooke | $60,000 |

| | | |
|---|---|---|
| 26. | Martin E. Brown Trustee of the Martin E. Brown Family Survivor's Trust & Exempt Trust dated 3/21/95 | $100,000 |
| 27. | R. Gene Brown & Jagoda Brown, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 28. | Raymond E. Brown, a single man dealing with his sole & separate property | $140,000 |
| 29. | Bruce Bryen, an unmarried man transferrable on death to Erica Bryen, an unmarried woman | $50,000 |
| 30. | First Savings Bank Custodian For Bruce Bryen IRA | $50,000 |
| 31. | Janet Buckalew Trustee of the Buckalew Trust | $100,000 |
| 32. | Neil G. Buckwald Trustee of the Buckwald Revocable Trust dtd 2/11/92 | $50,000 |
| 33. | Cynthia Burdige Trustee of the Cynthia Burdige Trust U/A dated 4/13/00 | $100,000 |
| 34. | Donald E. Burt & Connie L. Cejmer Trustees of the Burt Family Trust | $50,000 |
| 35. | Eugene W. Cady & Sandra L. Cady Trustees of the Eugene W. Cady & Sandra L. Cady Trust dated 9/24/85 | $50,000 |
| 36. | Ralph F. Cameron Trustee of the Cameron Survivors Trust dtd 12/22/97 For the Benefit of his children John Cameron & Katherine Cameron-Hoffman | $50,000 |
| 37. | Peter W. Capone & Deidre D. Capone, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 38. | AJC Realty & Consulting Inc. | $50,000 |
| 39. | Jennifer Chun, an unmarried woman & Vernon Chun, a married man dealing with his sole & separate property, as joint tenants with right of survivorship | $50,000 |
| 40. | Stella P. Ciadella Trustee of the Ciadella Living Trust dated 2/8/99 | $150,000 |
| 41. | Billie R. Cislaghi Trustee of the Billie R. Cislaghi Trust | $100,000 |
| 42. | Jack R. Clark & Linda C. Reid, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 43. | Rosanne L. Clark, a single woman | $50,000 |
| 44. | Raymond J. Clay Jr. & Joan Marie Clay, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 45. | George S. Cohan Trustee of the George S. Cohan & Natalie H. Cohan Family Trust dated 4/1/03 | $200,000 |
| 46. | Pamela Conboy, an unmarried woman | $50,000 |
| 47. | Harold Corcoran & Joyce Corcoran, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 48. | James B. Corison Trustee of the James B. Corison Trust dated 12/3/98 | $50,000 |
| 49. | Jacqueline Corkill, an unmarried woman & David Corkill, an unmarried man, as joint tenants with right of survivorship | $50,000 |
| 50. | Sam Costanza Trustee of the Costanza 1987 Survivor's Trust dtd 3/12/87 | $50,000 |
| 51. | Sam Costanza Trustee of The Costanza 1987 Decedent's Trust | $50,000 |
| 52. | David C. Coulson & Maria V. Ardila-Coulson, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 53. | Melanie Cowan, a single woman | $50,000 |

| 54. | Gary W. Crowe & Susan R. Crowe Trustees of the Crowe 1989 Family Revocable Trust dated 6/29/89 | $100,000 |
| 55. | Chesley R. Davies & Mary E. Davies, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 56. | Chesley R. Davies Trustee of the Chesley R. Davies, MD Chtd. PSP | $100,000 |
| 57. | Cynthia G. Davis Trustee of the Cynthia G. Davis Living Trust | $50,000 |
| 58. | Martin A. Davis & Virginia Lee Davis Trustees of the Davis Family 2000 Trust | $100,000 |
| 59. | Evie Dean Trustee of the Evie Dean 2000 Trust dated 12/12/00 | $150,000 |
| 60. | Tracy A. DeBerry | $50,000 |
| 61. | Norma M. Deull, an unmarried women | $50,000 |
| 62. | Pat A. Dolce, a married man dealing with his sole & separate property | $100,000 |
| 63. | Arthur T. Donaldson, a married man dealing with his sole & separate property | $300,000 |
| 64. | Panagiotis Dovanidis, a single man & Dimitra Dovanidou, a married woman dealing with her sole & separate property, as joint tenants with right of survivorship | $50,000 |
| 65. | Daniel Drubin & Laura Drubin, husband & wife, as joint tenants with right of survivorship | $70,000 |
| 66. | Mark L. Eames & Sandy K. Eames, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 67. | Edward D. Earl, an unmarried man | $100,000 |
| 68. | First Savings Bank Custodian For Mary H. Earp IRA | $80,000 |
| 69. | Robert Roy Ecker, a single man | $50,000 |
| 70. | Allan R. Eisenbach & Jayne M. Eisenbach, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 71. | Benjamin F. Elias & Sophie Elias Trustees of the Benjamin F. Elias & Sophie Elias Living Trust dated 4/24/00 | $65,000 |
| 72. | Donna M. Elias Successor Trustee of the Elias Family Trust dated 5/19/04 | $50,000 |
| 73. | Robert Essaff & Cindy H. Essaff Trustees of the Essaff Family Trust dated 6/18/02 | $100,000 |
| 74. | Una B. Essaff Trustee of the Una B. Essaff Trust dated 10/23/96 | $50,000 |
| 75. | Richard David Estevez & Melinda Estevez, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 76. | Ian A. Falconer, a single man | $50,000 |
| 77. | Julia Farrah Trustee of the Julia Farrah Revocable Living Trust dtd 10/8/92 | $100,000 |
| 78. | Ronald G. Finkel & Karen B. Finkel, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 79. | Grant J. Fischer, a married man dealing with his sole & separate property | $50,000 |
| 80. | First Savings Bank Custodian For Anne Flannery IRA | $50,000 |
| 81. | Dennis Flier Trustee of the Dennis Flier, Inc. Defined Benefit Trust dated 6/29/87 | $130,000 |
| 82. | Kevin L. Foster & Allison J. Foster Trustees of the Kevin & Allison Foster Family Trust dated 1/20/99 | $150,000 |
| 83. | Gregory L. Freeman Trustee of the Lillian M. Freeman Trust dtd 5/31/85 | $55,000 |

| | | |
|---|---|---:|
| 84. | Mary Betty French, an unmarried woman transferrable on death to Joyce A. Abraham | $50,000 |
| 85. | Christian Geisser & Hildegard Geisser, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 86. | Roger L. Ghormley & Frances L. Ghormley, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 87. | James J. Goertz & Phyllis A. Goertz Trustees of the Goertz Family Trust dated 1/31/03 | $50,000 |
| 88. | Gonska Foundation, LLC, a Nevada limited liability company | $50,000 |
| 89. | John Goode, a widow | $50,000 |
| 90. | Robin B. Graham Trustee of the Graham Family Marital Trust B dated 2/13/97 | $150,000 |
| 91. | Jean Greco Trustee of the Jean V. Greco Living Trust dated 1/22/02 | $50,000 |
| 92. | First Savings Bank Custodian for Michael H. Greeley IRA | $50,000 |
| 93. | David M. Greenblatt, an unmarried man transferrable on death to Karl Greenblatt | $100,000 |
| 94. | Dixie Gross Trustee of the Dixie B. Gross Revocable Trust | $100,000 |
| 95. | Martin N. Haas Trustee of the Martin N. Haas Living Trust dtd 8/7/03 | $100,000 |
| 96. | Thomas Halvorson & Joanne Halvorson, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 97. | MLH Family Investment Limited, a Texas company | $250,000 |
| 98. | Leslie Harkins & Linda Harkins, Trustees of the Harkins 2001 Revocable Trust dated 8/23/01 | $50,000 |
| 99. | T. Claire Harper Trustee of the Harper Family Trust dated 2/28/84 | $50,000 |
| 100. | Kay Hart, an unmarried woman | $50,000 |
| 101. | Harold G. Hartwell, an unmarried man | $50,000 |
| 102. | Kimberly Havins Trustee of the Paepae Estate Trust dated 05/01/00 | $150,000 |
| 103. | Stephen L. Hawley & Sidney A. Hawley Trustees of the Hawley Family Trust dated 8/15/96 | $100,000 |
| 104. | Linda M. Herdman Trustee for the Linda M. Herdman Family Trust dated 12/11/03 | $100,000 |
| 105. | Marilyn Hilborn Trustee of the Marilyn Hilborn Trust dated 11/18/93 | $50,000 |
| 106. | Michael Hilgenberg & Shellie Hilgenberg, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 107. | William J. Hinson, Jr., an unmarried man | $50,000 |
| 108. | James A. Hodgson & Cynthia H. Hodgson Trustees of the Hodgson Loving Trust dated 1/12/90 | $100,000 |
| 109. | Wallace Hollander Trustee of the P & W Trust dated 8/19/93 | $50,000 |
| 110. | Delwin C. Holt, an unmarried man | $50,000 |
| 111. | Homfeld II, LLC, a Florida limited liability company | $200,000 |
| 112. | First Savings Bank Custodian for Sylvia Hooks IRA | $50,000 |
| 113. | Patrick J. Horgan, a single man | $50,000 |
| 114. | Rochelle Hornsby Trustee of the Rochelle Hornsby Trust dated 1/92 | $50,000 |
| 115. | Rodney G. Huppi & Virginia M. Huppi Trustees of the Huppi Trust dated 1/30/92 | $50,000 |

| | | |
|---|---|---|
| 116. | Richard Ianni, an unmarried man | $100,000 |
| 117. | John A. Ippolito & Patricia M. Ippolito Trustees of the Ippolito Family Trust dated 8/31/89 | $75,000 |
| 118. | Janet P. Johnson & Charles E. Johnson Trustees of the Janet P. Johnson Living Trust dated 7/15/04 | $100,000 |
| 119. | Delbert T. Johnston, Jr. & Rebecca J. Johnston Trustees of the Johnston Estate Revocable Trust dated 5/17/94 | $50,000 |
| 120. | Everett H. Johnston Trustee of the Everett H. Johnston Family Trust dated 1/24/90 | $100,000 |
| 121. | Steven B. Kaplan, a unmarried man | $150,000 |
| 122. | William Kayser & Kristie Kayser, husband & wife, as joint tenants with right of survivorship | $70,000 |
| 123. | Arthur E. Kebble & Thelma M. Kebble Trustees of the Arthur E. Kebble & Thelma M. Kebble Family Trust dated 5/19/95 | $50,000 |
| 124. | Mohammad Kianjah | $50,000 |
| 125. | Lawrence A. Kirkham & Kathleen B. Sanginiti Trustees of the Kirkham & Sanginiti Trust dated 2/29/96 | $50,000 |
| 126. | Norman Kiven, a married man dealing with his sole & separate property | $50,000 |
| 127. | Freedom Properties, Inc. | $50,000 |
| 128. | Bernard A. Kloenne Trustee of the Bernard Kloenne Living Trust dated 10/10/86 | $50,000 |
| 129. | Gregor Kloenne & Otilla M. Kloenne Trustees of the Kloenne Living Trust dated 3/11/87 | $75,000 |
| 130. | Kenneth W. Koerwitz & Jan Case Koerwitz Trustees of the Kenneth W. Koerwitz & Jan Case Koerwitz Family Trust dated 5/13/03 | $50,000 |
| 131. | David Kravitz & Mable R. Kravitz Trustees of the Kravitz Family Revocable Trust under agreement dated 12/9/99 | $50,000 |
| 132. | Ronald Kreykes & Linda Kreykes, husband & wife, as tenants in common | $200,000 |
| 133. | Trust Company of the Pacific Custodian for Arthur I. Kriss IRA | $75,000 |
| 134. | Marshall D. Kubly & Kathleen Kubly, husband & wife, as joint tenants with right of survivorship | $60,000 |
| 135. | Mary Kunis-Bidegary Trustee of the Desert Rose Estate Trust dated 12/01/04 | $50,000 |
| 136. | Dina Ladd, a single woman | $50,000 |
| 137. | Paul A. Stewart Trustee, for Pulmonary Associates Profit Sharing Plan FBO Robert M. Lampert Restated dated 01/01/03 | $50,000 |
| 138. | Floyd H. Lander Trustee of the Floyd H. Lander Living Trust U-A 4/23/99 | $100,000 |
| 139. | Raymond Nunez & Sandra L. Lawson Trustees of the The Raymond & Sandra Nunez Family Trust | $50,000 |
| 140. | Martin N. Leaf, an unmarried man | $50,000 |
| 141. | Larry D. Lehrmann & Kathleen F. Lehrmann Trustees of the Lehrmann Family Trust dated 4/19/96 | $50,000 |
| 142. | First Regional Bank for the Benefit of Irwin Levine IRA | $100,000 |
| 143. | James H. Lidster & Phyllus M. Lidster Trustees of the James H. Lidster Family Trust dated 1/20/92 | $50,000 |

| | | |
|---|---|---|
| 144. | Jay Lim & Kim M. Lim, husband & wife, as joint tenants with right of survivorship | $75,000 |
| 145. | Daniel Lisek, Claire Lisek & Gayle Harkins Trustees of the Lisek Family Trust dated 1/29/92 | $50,000 |
| 146. | Douglas Littrell & Joani Littrell, husband & wife, as joint tenants with right of survivorship | $65,000 |
| 147. | Area 2 L.L.C., a Nevada limited liability company | $50,000 |
| 148. | William Lukasavage & Joanne Lukasavage, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 149. | The Church of Movement of Spiritual Inner Awareness | $100,000 |
| 150. | Barbara Susan Malkoff, a single woman | $100,000 |
| 151. | Michael C Maroko & Haviva Maroko Trustees of the Michael C Maroko & Haviva Maroko 2001 Revocable Intervivos Trust dated 12/19/01 | $100,000 |
| 152. | JV Marrone Trustee for the benefit of The JV Marrone Revocable Trust dated 12/12/95 | $50,000 |
| 153. | Don P. Marshall Trustee of the Don P. Marshall Trust dated 7/18/95 | $50,000 |
| 154. | Joseph V. Marson & Veronica M. Marson Trustees of the Marson Family Trust dated 1/18/95 | $350,000 |
| 155. | Jerrold T. Martin, a single man & James T. Martin, a married man dealing with his sole & separate property, as joint tenant with right of survivorship | $60,000 |
| 156. | Jayem Family LP, a Nevada limited partnership | $100,000 |
| 157. | Morris Massry, a married man dealing with his sole & separate property | $100,000 |
| 158. | Sandra O. Masters Trustee of the Charles T. Masters & Sandra O. Masters Family Trust dated 10/9/92 | $100,000 |
| 159. | Martin W. McColly & Carmen Garcia McColly Trustees of the Martin W. McColly & Carmen Garcia McColly Revocable Trust Agreement dated 5/27/03 | $100,000 |
| 160. | First Savings Bank Custodian for Gary McMahon SEP IRA | $50,000 |
| 161. | Dale J. McMullan Trustee of the McMullan Living Trust dated 8/19/94 | $50,000 |
| 162. | Bradford A. McMullin, a single man | $75,000 |
| 163. | William L. McQuerry Trustee of the McQuerry Family Partnership | $100,000 |
| 164. | Rudy Leroy McTee & Sharon Kaye McTee Trustees of the R & S McTee 1995 Trust dated 4/20/95 | $50,000 |
| 165. | Robert E. Meldrum, a married man dealing with his sole & separate property | $50,000 |
| 166. | D.G. Menchetti Trustee of the D.G. Menchetti LTD Pension Plan | $200,000 |
| 167. | Jack R. Mennis & Susan A. Mennis, husband & wife, as joint tenants with right of survivorship | $200,000 |
| 168. | ACS Properties, Inc. | $100,000 |
| 169. | Michaelian Holdings, LLC, a Nevada limited liability company | $100,000 |
| 170. | Connie Mihos & Ivan Loebs, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 171. | Irene M. Miller Trustee of the Irene M. Miller Revocable Trust dated 12/14/00 | $50,000 |

| 172. | Douglas Minter & Elizabeth F. Minter Trustees of the Minter Family 1994 Trust | $50,000 |
| 173. | Katherin Mirzaian, an unmarried woman | $100,000 |
| 174. | Monighetti, Inc., a Nevada corporation | $50,000 |
| 175. | Angela Mosinskis Trustee of the Angela G. Mosinskis Family Trust dated 11/18/02 | $50,000 |
| 176. | GSL Investments LLC, a Nevada limited liability company | $50,000 |
| 177. | John F. Mount & L. Kay Schultz Mount Trustees of the John & Kay Mount Living Trust dated 9/25/95 | $100,000 |
| 178. | Herbert Mueller & Linda Mueller Trustees of the Herbert & Linda Mueller Trust dated 2/10/93 | $50,000 |
| 179. | Roger Najarian & Janice Najarian Trustees of The Najarian Family Revocable Living Trust dated 7/9/04 | $50,000 |
| 180. | Lelia Yvonne Needens Trustee of the Needens 1997 Living Trust | $75,000 |
| 181. | Alan Newman & Judith Wolfe-Newman Trustees of the Alan Newman & Judith Wolfe-Newman Family Trust dated 7/19/04 | $50,000 |
| 182. | Freda Newman Trustee of the Freda Newman Trust dated 7/26/84 | $50,000 |
| 183. | Larry J. Newman & Elsie D. Newman Trustees of the Newman Family Trust dated 9/30/97 | $50,000 |
| 184. | Marvin Lynn Nicola Trustee of the Marvin Lynn Nicola Family Trust dated 6/13/78 | $50,000 |
| 185. | Allen M. Nirenstein & Dorothy H. Nirenstein Trustees of the Allen M. Nirenstein & Dorothy H. Nirenstein 1992 Revocable Trust dated 3/4/92 | $50,000 |
| 186. | John Nix & Lisa Nix, husband & wife, as joint tenants with right of survivorship | $75,000 |
| 187. | Stanley M. Novara Trustee under The Stanley M Novara Family Trust dated 11/12/04 | $50,000 |
| 188. | John E. O'Riordan & Sonhild A. O'Riordan, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 189. | Jay A. Pandaleon & Leigh B. Pandaleon Co-trustees of the Jay A. Pandaleon Profit Sharing Trust dated 1/1/75 | $50,000 |
| 190. | Robert Patterson-Rogers & Joyce Patterson-Rogers, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 191. | Henry E. Pattison & Ruth V. Pattison, as joint tenants with right of survivorship | $50,000 |
| 192. | Jennefer C. Peele Trustee of the Peele Spousal Trust dated 2/10/87 | $50,000 |
| 193. | Shimon Peress & Hannah Peress Trustees of the Shimon Peress & Hannah K. Peress Trust dated 4/17/01 | $50,000 |
| 194. | Robert H. Perlman & Lynn R. Perlman Trustees of the Robert H. Perlman & Lynn R. Perlman Trust dated 9/17/92 | $50,000 |
| 195. | Nicholas Perrone Trustee of the Nicholas Perrone Trust dated 7/12/99 | $200,000 |
| 196. | Karen Petersen Tyndall Trustee of the Karen Petersen Tyndall Trust dated 3/9/94 | $75,000 |
| 197. | Andrew Peterson & Sharon Peterson Trustees of the Andrew R. Peterson & Sharon Peterson 1991 Living Trust dated 11/22/91 | $50,000 |

| | | |
|---|---|---|
| 198. | Vickie Pieper, an unmarried woman | $50,000 |
| 199. | Michael E. Pile, a single man | $50,000 |
| 200. | Sonja Plesko | $70,000 |
| 201. | Stephen Polacheck Trustee of the Polacheck & Associates, Inc. Profit Sharing Plan dated 2/20/73 | $100,000 |
| 202. | Jack Polen Trustee of the Jack & Gladys Polen Family Trust dated 6/28/88 | $50,000 |
| 203. | Sheldon Portman & Marion G. Portman Trustees of the Sheldon & Marion G. Portman Trust dated 11/01/85 | $100,000 |
| 204. | Michael J. Pulley & Deborah A. Pulley Trustees of the Pulley Living Trust dated 4/30/01 | $50,000 |
| 205. | Dennis Raggi, a married man dealing with his sole & separate property | $100,000 |
| 206. | First Savings Bank FBO Robert E. Ray IRA | $50,000 |
| 207. | Elan Reddell Trustee of the Elan Reddell Revocable Living Trust dated 8/4/03 | $100,000 |
| 208. | First Savings Bank Custodian For Linda S. Reed IRA | $65,000 |
| 209. | First Savings Bank Custodian for Thomas Rehn IRA | $50,000 |
| 210. | Greg Revers, a married man dealing with his sole & separate property | $50,000 |
| 211. | Larry L. Rieger & Patsy R. Rieger Trustees of the Larry L. Rieger & Patsy R. Rieger Revocable Trust dated 8/14/91 | $100,000 |
| 212. | Cassandra Robbins, an unmarried woman | $50,000 |
| 213. | Judd Robbins & Lin Van Heuit-Robbins Trustee of the Tesseract Trust dated 3/31/04 | $50,000 |
| 214. | George A. Roberts & Sharon D. Roberts Trustees of the Roberts Trust dated 3/11/03 | $150,000 |
| 215. | Sarah R. Roberts Trustee of the Roberts Family Trust dated 4/28/04 | $50,000 |
| 216. | Robert Roeder & Patricia Roeder, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 217. | James William Rogers, an unmarried man | $100,000 |
| 218. | First Savings Bank Custodian For L. Earle Romak IRA | $200,000 |
| 219. | Toby Lee Rosenblum Trustee of the Toby Lee Rosenblum Trust dated 9/11/95 | $100,000 |
| 220. | Arnold Rosenthal, a single man | $50,000 |
| 221. | David Rosner Trustee of the David Rosner Revocable Trust dtd 01/05/05 | $50,000 |
| 222. | Burton M. Sack, a married man dealing with his sole & separate property | $250,000 |
| 223. | Taylor Samuels Trustee of the Samuels 1999 Trust | $100,000 |
| 224. | First Savings Bank Custodian For Randy Sanchez IRA | $50,000 |
| 225. | Arthur P. Schnitzer & Lynn S. Schnitzer Trustees of the Schnitzer Living Trust dated 10/29/91 | $100,000 |
| 226. | Kenneth B. Schulz & Mary Kay Bryan-Schulz, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 227. | Walter E. Seebach Trustee of the Walter E. Seebach Living Trust dated 11/1/85 | $100,000 |
| 228. | David W. Sexton & Pamela K. Sexton, husband & wife, as joint tenants with right of survivorship | $50,000 |

| | | |
|---|---|---|
| 229. | Andrew H. Shahin Trustor & Trustee of The Andrew H. Shahin Trust dated 6/6/94 | $50,000 |
| 230. | Louis H. Shahin Trustor & Trustee of The Louis H. Shahin Trust dated 6/9/94 | $50,000 |
| 231. | Rifqa Shahin Trustor & Trustee of The Rifqa Shahin Trust dated 6/8/94 | $50,000 |
| 232. | Sandra A. Shankle, an unmarried woman | $50,000 |
| 233. | H. Lee Shapiro, a single man | $100,000 |
| 234. | First Savings Bank Custodian For James W. Shaw IRA | $50,000 |
| 235. | Salvatore Siciliano, an unmarried man | $200,000 |
| 236. | Dennis Sipiorski & Donna Sipiorski, husband & wife, as joint tenants with right of survivorship | $75,000 |
| 237. | Emery T. Smith & Mary C. Smith, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 238. | Oliver F. Smith Trustee of the Oliver F. Smith Incorporated Profit Sharing Plan | $50,000 |
| 239. | Steven M. Smith Trustee of the Steven M. Smith 1999 Living Trust Agreement dated 4/7/99 | $50,000 |
| 240. | Thomas N. Smith & Deborah L. Bertossa, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 241. | Herbert Sonnenklar & Norma R. Sonnenklar, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 242. | Robert Speckert Trustee of the Robert S. Speckert Rev. Living Trust dated 6/11/92 | $60,000 |
| 243. | T. Dwight Sper & Bonnie J. Sper Trustees of the T.D.S. Revocable Family Trust dated 9/29/98 | $100,000 |
| 244. | Gilbert L. Sperry Trustee of the Sperry Family Trust UDO 4/15/97 | $50,000 |
| 245. | Peter E. Sprock Trustee of the Peter E. Sprock 2001 Trust | $50,000 |
| 246. | Mark A. Stephens | $75,000 |
| 247. | Michael D. Stewart & Mary Jude Stewart Trustees of the Stewart Family Trust dated 1/15/98 | $100,000 |
| 248. | Shiqi Charlie Sun & Jianzhen Jean Sun, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 249. | Janie C. Tammadge, a married woman dealing with her sole separate property | $250,000 |
| 250. | Preswick Corp., a Nevada corporation | $350,000 |
| 251. | KTaylorGO Investments, LTD, a Texas company | $100,000 |
| 252. | William Taylor & Lyla Taylor Trustees of the Taylor Family Trust dated 12/23/86 | $50,000 |
| 253. | Gary A. Thibault & Sandra C. Thibault, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 254. | Douglas Tichenor & Susan Tichenor, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 255. | Louis H. Turner & Shirley M. Turner Trustees of the Louis H. & Shirley M. Turner Family Trust dated 9/9/97 | $50,000 |
| 256. | Thomas Turner & Judy K. Turner Trustees of the T.J. Trust dated 7/24/97 | $50,000 |

| | | |
|---|---|---|
| 257. | Ann Ulfelder & Leonard Ulfelder, husband & wife, as joint tenants with right of survivorship | $75,000 |
| 258. | Pensco Trust Co. Inc. Custodian For Robert William Ulm IRA | $50,000 |
| 259. | USA Capital First Trust Deed Fund | $965,000 |
| 260. | USA Commercial Mortgage | $325,000 |
| 261. | Judy A. Van Winkle Trustee of the Judy A. Van Winkle 1994 Trust dated 3/25/94 | $50,000 |
| 262. | Marietta Voglis, a married woman dealing with her sole & separate property | $65,000 |
| 263. | Madeline P. Von Tagen Trustee of the Von Tagen Trust dated 5/2/96 | $50,000 |
| 264. | Morningstar Limited Partnership | $50,000 |
| 265. | Wolf Dieter Voss & Claudia Voss Trustees of The Voss Family Trust under Trust dated 10/4/99 | $125,000 |
| 266. | Adrian P. Walton & Amy J. Walton, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 267. | Damon Paul Walton & Rebecca Jean Walton, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 268. | Delbert Watkins & Mary Ann Watkins Trustees of the Watkins Family Trust dated 7/24/92 | $50,000 |
| 269. | Robert S. Watson & Joyce A. Watson, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 270. | Dick Wiechers Trustee of the Wiechers Family Trust | $100,000 |
| 271. | Eugene C. Wiehe Trustee of the Eugene C. Wiehe Trust dated 10/31/85 | $50,000 |
| 272. | David R. Wilson, an unmarried man | $50,000 |
| 273. | Carmel Winkler Trustee of the Winkler Family Trust UTD 3/13/86 | $50,000 |
| 274. | Rudolf Winkler & Carmel Winkler Trustees for the benefit of Winkler Family Trust dated 3/13/86 | $50,000 |
| 275. | Arthur Withop & Thelma Withop Trustees of the Kamelot Trust dated 3/9/99 | $50,000 |
| 276. | Stanley C. Witt & Lois J. Witt Trustees of the Stanley C. Witt & Lois J. Witt Revocable Trust dated 4/13/92 | $50,000 |
| 277. | Robert R. Wright & Betty M. Wright Trustees of the Wright Trust | $50,000 |
| 278. | Ken Wyatt Enterprises, Inc., a Nevada corporation | $50,000 |
| 279. | Ernie C. Young Trustee of The Ernie C. Young Living Trust dated 9/23/96 | $100,000 |
| 280. | Spectrum Capital, LLC, a California limited liability company | $50,000 |
| 281. | Bruce A. Zebott & Sally R. Zebott Trustees of the Bruce & Sally Zebott Living Trust dated 9/28/04 | $50,000 |
| 282. | David A. Zook Trustee of the Zook Revocable Living Trust for the benefit of Emily J. Zook (a minor) | $50,000 |
| | TOTAL | $23,000,000 |

**EXHIBIT "B"**

<u>DISBURSEMENT SCHEDULE</u>

Lender shall disburse the last $1,000,000 for interest only at the rate of $83,333 for 11 months, and $83,337 on the 12th month after the loan closes.

**EXHIBIT "C"**

<u>PERMITTED EXCEPTIONS</u>

Items 1 (with all taxes paid current), 4 through 27, and 33, as shown on Schedule B of that Preliminary Report dated as of November 5, 2004 at 9:00 a.m. issued by Fidelity National Title Insurance Company under Title No. 05-7402-62953-W.

## EXHIBIT "D"

## DESCRIPTION OF REAL PROPERTY

**Parcel A**: (Section 2, Block 2114, Lots 20-35)

All that certain plot, piece or parcel of land, situate, lying and being in the City of Yonkers, County of Westchester and State of New York, being bounded and described as follows:

Beginning at the corner formed by the intersection of the Southerly side of Point Street with the Westerly side of Ravine Avenue;

Running thence along the Westerly side of Ravine Avenue, South 11° 58' 47" West 180.67 feet to the Northerly line of the land now or formerly of Clyne P. Starke;

Thence Westerly along the Northerly line of said land now or formerly of Clyne P. Starke and City of Yonkers, North 72° 43' 13" West 241.76 feet to the Easterly side of Glenwood Terrace;

Thence Northerly along the Easterly side of Glenwood Terrace along a curve to the right having a radius of 3953.00 feet, a distance of 184.89 feet to the Southerly side of Point Street;

Thence along the Southerly side of Point Street, South 72° 43' 13" East 267.60 feet to the point or place of beginning.

**Parcel B**: (Section 2, Block 2114, Lot 17)

All that certain piece or parcel of land, situate, lying and being in the City of Yonkers, County of Westchester and State of New York, bounded and described as follows:

Beginning at a point on the Easterly side of lands of the New York Central Railroad Company said Easterly side of said lands is intersected or would be intersected by the prolongation Westerly of the Southerly side of Point Street; and

Running thence South 72° 43' 13" East, along the Southerly side of, or the prolongation Westerly of, the Southerly side of Point Street 25.55 feet to the Westerly side of Glenwood Terrace;

Thence Southerly along the Westerly line of Glenwood Terrace on a curve to the left having a radius of 3,978 feet an arc distance of 184.84 feet to the lands now or formerly of the City of Yonkers;

Thence North 72° 43' 36" West, along said lands now or formerly of the City of Yonkers, 25.82 feet to a point in the Easterly side of the lands of The New York Central Railroad Company;

Thence Northerly, along the Easterly side of lands of The New York Central Railroad Company on a curve to the right having a radius of 4,003 feet an arc distance of 184.77 feet to the point or place of beginning.

**Parcel C:**    (Section 2, Block 2620, Lots 35 and 40; Section 2, Block 2625, Lots 15, 17, 21 and 23; and Section 2, Block 2630, Lots 1, 2, 3 and 10)

All that certain polt, piece or parcel of land, situate, lying and being in the City of Yonkers, County of Westchester and State of New York, bounded and described as follows:

Beginning at a point of intersection of the Westerly side of Polychrome Place formerly Alexander Street with the Westerly prolongation of the centerline of Babcock Place;
Running thence along the Westerly prolongation of the center line of Babcock Place, North 81° 29' 30" West 156.41 feet to the Easterly line of land conveyed by Phelps Dodge Industries, Inc. to Samuel Cohen, Sally Cohen, Michael Cohen and Arleen Neustein by deed dated 7/16/76 and recorded in the Westchester County Clerk's Office on 8/3/76 in Deed Liber 7342 cp 797;
Running thence along said land conveyed, North 10° 18' 30" East 590.98 feet; North 81° 29' 30" West 152.79 feet; and South 14° 40' 08" West 35.21 feet to the point on the Westerly prolongation of the Southerly line of Lamartine Avenue;
Thence Westerly along the Westerly prolongation of the Southerly side of Lamartine Avenue, North 81° 29' 30" West 516.42 feet to the Pierhead and Bulkhead line established by the US War Department on July 11, 1919;
Thence along said Pierhead and Bulkhead line; North 13° 02' 36" East 1,838.73 feet to a point on the Westerly prolongation of the Northerly line of a Grant of land under water granted to the India Rubber and Gutta Percha Insulating Company by the State of New York by Letters Patent dated October 31, 1898 and recorded in the Office of the Secretary of State in Book of Patents No. 50 at page 203;
Thence along the Northerly line of said grant, South 76° 48' 38" East 611.48 feet to the Westerly line of the New York Central Railroad (Hudson Division);
Thence along land of the Railroad the following courses and distances:
In a Southerly direction along a curve to the left having a radius of 4066.00 feet a distance of 224.47 feet; South 18° 50' 15" West 45.65 feet; South 81° 14' 40" East 12.85 feet; South 10° 09' 46" West 137.98 feet; South 10° 49' 13" West 174.04 feet; South 17° 56' 37" West 167.48 feet; South 01° 19' 29" West 392.15 feet; South 09° 08' 17" West 157.55 feet; South 03° 42' 00" East 140.01 feet; and South 01° 48' 22" West 73.26 feet to the Northeasterly corner of land described in Liber 8922 page 54;
Thence along said land the following courses and distances:
South 86° 25' 30" West 93.11 feet and South 10° 26' 00" West 506.56 feet;
Thence South 10° 36' 00" West, along the Westerly line of lands now or formerly of Babcock Place Associates, a distance of 260.23 feet;
Thence South 81° 29' 30" East, along the Southerly line of lands now or formerly of Babcock Place Associates, a distance of 115.68 feet to the Westerly side of Polychrome Place;
Thence South 08° 30' 30" West, along the Westerly side of Polychrome Place, a distance of 50.00 feet to the point and place of beginning.

Together with the benefits and subject to the burdens of the agreements between Habirshaw Wire Company and New York Central and Hudson River Railroad in Liber 1983 cp 364 and Liber 2022 cp 64 with regard to the erection and maintenance of a footbridge from Parcel "C" to Parcel "B" above described.

Address Supplement

The street addresses of the parcels comprising the Real Property are:

76 Point Street, Yonkers, New York - Westchester County - Section 2, Block 2114, Lot 17;

60 Point Street, Yonkers, New York - Westchester County - Section 2, Block 2114, Lot 20,35;

Babcock Place, Yonkers, New York - Westchester County - Section 2, Block 2620, Lot 35;

39 Water Grant, Yonkers, New York - Westchester County - Section 2, Block 2620, Lot 40;

398 Water Street, Yonkers, New York - Westchester County - Section 2, Block 2625, Lot 15;

40 Water Grant, Yonkers, New York - Westchester County - Section 2, Block 2625, Lot 17;

41 Water Grant, Yonkers, New York - Westchester County - Section 2, Block 2625, Lot 21;

41 Water Grant, Yonkers, New York - Westchester County - Section 2, Block 2625, Lot 23;

42 Water Grant, Yonkers, New York - Westchester County - Section 2, Block 2630, Lot 1;

422 Water Grant, Yonkers, New York - Westchester County - Section 2, Block 2630, Lot 2;

423 Water Grant, Yonkers, New York - Westchester County - Section 2, Block 2630, Lot 3;

41 Water Grant-Rear, Yonkers, New York - Westchester County - Section 2, Block 2630, Lot 10

# EXHIBIT 2

# PROMISSORY NOTE
## SECURED BY MORTGAGE



$24,000,000

Las Vegas, Nevada
January 11, 2005

This Promissory Note ("Note"), dated as of January 11, 2005 is made and delivered by One Point Street, Inc., a Delaware corporation ("Borrower"), in favor of the persons listed on **Exhibit "A"** hereto ("Lender").

FOR VALUE RECEIVED, Borrower promises to pay to Lender, or order, the principal sum of Twenty-Four Million Dollars ($24,000,000) (the "Note Amount"), together with interest as provided herein.

1.    Interest Rate.  Interest shall accrue on the outstanding portion of the Note Amount, from the date Lender initially disburses such funds until the date the Note Amount is paid in full, at the rate of twelve and one half percent (12.5%) per annum.  Interest shall be calculated on the basis of a 360-day year and actual days elapsed.  Accrued but unpaid interest shall be compounded monthly.

2.    Payments.  Monthly interest on the Note Amount shall be due and payable on the first day of each month, in arrears.  For example, interest that accrues in the month of May will be due and payable on June 1, and will be calculated on the amount due under the Note on that day.  All payments shall be made in lawful money of the United States of America and in immediately available funds at Lender's office, the address for which is specified below, or at such other place as the Lender hereof may from time to time direct by written notice to Borrower.

3.    Maturity Date.  If not sooner paid, the outstanding principal balance under this Note, all accrued and unpaid interest, and all other indebtedness of Borrower owing under any and all of the Loan Documents shall be due and payable in full on or before the date which is 12 months after the Mortgage is recorded (the "Maturity Date").

4.    Application of Payments.  All payments on this Note shall, at the option of the Lender hereof, be applied first to the payment of accrued interest then payable.

5.    Prepayment.  Borrower agrees that all loan fees and any prepaid finance charges are fully earned as of the date hereof and will not be subject to

1

refund upon early payment (whether voluntary or as a result of default). Subject to the foregoing, at any time prior to the Maturity Date, Borrower may prepay this Note in full or in part at any time.

6.    Collateral.  This Note is secured by a Mortgage encumbering real property located in Westchester County, New York.

7.    Defaults; Acceleration.  The occurrence of any Event of Default (as hereinafter defined) shall be a default hereunder.  Upon the occurrence of an Event of Default, Lender may declare the entire principal balance of the Note then outstanding (if not then due and payable) and all other obligations of Borrower hereunder to be due and payable immediately.  Subject to the applicable provisions of law, upon any such declaration, the principal of the Note and accrued and unpaid interest, and all other amounts to be paid under this Note shall become and be immediately due and payable, anything in this Note to the contrary notwithstanding.

The occurrence of any one or more of the following, whatever the reason therefor, shall constitute an "Event of Default" hereunder:

(a)    Borrower shall fail to pay when due any amount due pursuant to the Note; or

(b)    Borrower or any guarantor ("Guarantor") of the Note shall fail to perform or observe any term, covenant or agreement contained in the Note or any guaranty executed and delivered concurrently herewith on its part to be performed or observed, other than the failure to make a payment covered by subsection (a), and such failure shall continue uncured as of ten (10) calendar days after written notice of such failure is given by Lender to Borrower; provided, however, that if the default cannot be cured in 10 days but Borrower is diligently pursuing the cure, then Borrower shall have thirty (30) days after written notice to effect the cure  (the cure period set forth in this subsection (b) shall not apply to any other Event of Default); or

(c)    any representation or warranty contained in any document made or delivered pursuant to or in connection with any of the Loan Documents proves incorrect or to have been incorrect in any material respect when made; or

(d)    Borrower (which term shall include any entity comprising Borrower) is dissolved or liquidated, or otherwise ceases to exist, or all or substantially all of the assets of Borrower or any Guarantor are sold or otherwise transferred without Lender's written consent; or

(e)    Borrower or any Guarantor is the subject of an order for relief by the bankruptcy court, or is unable or admits in writing its inability to pay its debts as they mature, or makes an assignment for the benefit of creditors; or Borrower or any Guarantor applies for or consents to the appointment of any receiver, trustee, custodian, conservator, liquidator, rehabilitator or similar officer (the "Receiver"); or any Receiver is appointed without the application or consent of Borrower or any Guarantor, as the case may be, and the appointment continues undischarged or unstayed for sixty (60) calendar days; or Borrower or any Guarantor institutes or consents to any bankruptcy, insolvency, reorganization, arrangement, readjustment of debt, dissolution, custodianship, conservatorship, liquidation, rehabilitation or similar proceedings relating to it or to all or any part of its property under the laws of any jurisdiction; or any similar proceeding is instituted without the consent of Borrower or any Guarantor, as the case may be, and continues undismissed or unstayed for sixty (60) calendar days; or any judgment, writ, attachment, execution or similar process is issued or levied against all or any part of the Property or Borrower or any Guarantor, and is not released, vacated or fully bonded within thirty (30) calendar days after such issue or levy; or

(f)    there shall occur a material adverse change in the financial condition of Borrower or any Guarantor from their respective financial conditions as of the date of this Note, as determined by Lender in its reasonable discretion; or

(g)    any Loan Document, at any time after its execution and delivery and for any reason other than the agreement of Lender or the satisfaction in full of all indebtedness and obligations of Borrower under the Loan Documents, ceases to be in full force and effect or is declared to be null and void by a court of competent jurisdiction; or Borrower or any trustee, officer, director, shareholder or partner of any entity comprising Borrower or any Guarantor claims that any Loan Document is ineffective or unenforceable, in whole or in part, or denies any or further liability or obligation under any Loan Document, unless all indebtedness and obligations of Borrower thereunder have been fully paid and performed; or

(h)    all or a substantial portion of the Property is condemned, seized or appropriated by any Governmental Agency; or

(i)    any lien or security interest created by any Security Document, at any time after the execution and delivery of that Security Document and for any reason other than the agreement of Lender or the satisfaction in full of all indebtedness and obligations of Borrower under the Loan Documents, ceases or fails to constitute a valid, perfected and subsisting lien of the priority required by this Agreement or security interest in and to the Property purported to be covered thereby, subject only to the Permitted Exceptions; or

3

(j)    any default occurs in any loan document or other agreement by and between Borrower and Lender or by Borrower in favor of Lender with reference to the Loan or otherwise, or any default occurs in any loan document regarding any loan or other obligation secured by the Property or any portion thereof.

8.    <u>Late Charge</u>.    Borrower acknowledges that if any interest payment is not made when due or if the entire amount due under this Note is not paid by the Maturity Date, or, if accelerated as permitted by this Note or any other Loan Document, by the date given in the notice of acceleration, the Lender hereof will incur extra administrative expenses (i.e., in addition to expenses incident to receipt of timely payment) and the loss of the use of funds in connection with the delinquency in payment.  Because the actual damages suffered by the Lender hereof by reason of such extra administrative expenses and loss of use of funds would be impracticable or extremely difficult to ascertain, Borrower agrees that five percent (5%) of the amount so delinquent shall be the amount of damages to which such Lender is entitled, upon such breach, in compensation therefor. Therefore, Borrower shall, in the event any payment required under this Note is not paid within five (5) days after the date when such payment becomes due and payable pursuant to Sections 2 and 3, above, and without regard to any default notice under Section 7(a), and without further notice, pay to the Lender hereof as such Lender's sole monetary recovery to cover such extra administrative expenses and loss of use of funds, liquidated damages in the amount of five percent (5%) of the amount of such delinquent payment.  The provisions of this paragraph are intended to govern only the determination of damages in the event of a breach in the performance of the obligation of Borrower to make timely payments hereunder, including timely payment of any accelerated amount.  Nothing in this Note shall be construed as an express or implied agreement by the Lender hereof to forbear in the collection of any delinquent payment or in exercising any of its rights and remedies under the Loan Documents, or be construed as in any way giving Borrower the right, express or implied, to fail to make timely payments hereunder, whether upon payment of such damages or otherwise. The right of the Lender hereof to receive payment of such liquidated and actual damages, and receipt thereof, are without prejudice to the right of such Lender to collect such delinquent payments and any other amounts provided to be paid hereunder or under any security for this Note or to declare a default hereunder or under any security for this Note.

9.    <u>Default Rate</u>. From and after the Maturity Date or, if any Event of Default occurs and is not timely cured, from the date the payment was due regardless of any cure period provided in the notice of default, through and

including the date such default is cured, at the option of the Lender hereof, all amounts owing under the Note and all sums owing under all of the Loan Documents shall bear interest at a default rate equal to twenty percent (20%) per annum ("Default Rate"). Such interest shall be paid on the first day of each month thereafter, or on demand if sooner demanded.

10.    Waivers.   Borrower waives any right of offset it now has or may hereafter have against the Lender hereof and its successors and assigns. Borrower waives presentment, demand, protest, notice of protest, notice of nonpayment or dishonor and all other notices in connection with the delivery, acceptance, performance, default or enforcement of this Note. Borrower expressly agrees that any extension or delay in the time for payment or enforcement of this Note, to renewal of this Note and to any substitution or release of the Property, all without any way affecting the liability of Borrower hereunder. Any delay on Lender's part in exercising any right hereunder or under any of the Loan Documents shall not operate as a waiver. Lender's acceptance of partial or delinquent payments or the failure of Lender to exercise any rights shall not waive any obligation of Borrower or any right of Lender, or modify this Note, or waive any other similar default.

11.    Costs of Collection.   Borrower agrees to pay all costs of collection when incurred and all costs incurred by the Lender hereof in exercising or preserving any rights or remedies in connection with the enforcement and administration of this Note or following a default by Borrower, including but not limited to actual attorneys' fees. If any suit or action is instituted to enforce this Note, Borrower promises to pay, in addition to the costs and disbursements otherwise allowed by law, such sum as the court may adjudge reasonable attorneys' fees in such suit or action.

12.    Usury.   Borrower hereby represents that this loan is for commercial use and not for personal, family or household purposes. It is the specific intent of the Borrower and Lender that this Note bear a lawful rate of interest, and if any court of competent jurisdiction should determine that the rate herein provided for exceeds that which is statutorily permitted for the type of transaction evidenced hereby, the interest rate shall be reduced to the highest rate permitted by applicable law, with any excess interest theretofore collected being applied against principal or, if such principal has been fully repaid, returned to Borrower upon written demand.

13.    Notices.   All notices to be given pursuant to this Note shall be sufficient if given by personal services, by guaranteed overnight delivery services, by telex, telecopy or telegram or by being mailed postage prepaid, certified or registered mail, return receipt requested, to the described addresses of the parties hereto as

5

set forth below, or to such other address as a party may request in writing. Any time period provided in the giving of any notice hereunder shall commence upon the date of personal service, the date after delivery to the guaranteed overnight delivery service, the date of sending the telex, telecopy or telegram or two (2) days after mailing certified or registered mail.

**BORROWER'S ADDRESS:**      One Point Street, Inc.
                                            c/o Homes fopr America
                                            One Odell Plaza
                                            Yonkers, New York 10701

**LENDER'S ADDRESS:**          c/o USA Commercial Mortgage Company
                                            4484 South Pecos Road
                                            Las Vegas, Nevada 89121
                                            Attn. Joseph D. Milanowski

14.    <u>Assignment By Lender</u>. Lender may assign its rights hereunder or obtain participants in this Note at any time, and any such assignee, successor or participant shall have all rights of the Lender hereunder.

15.    <u>Multiple Parties</u>. A default on the part of any one entity comprising Borrower or any Guarantor of this Note shall be deemed a default on the part of Borrower hereunder.

16.    <u>Construction</u>. This Note and all security documents and guaranties executed in  connection with this Note have been reviewed and negotiated by Borrower, Lender and Guarantors at arms' length with the benefit of or opportunity to seek the assistance of legal counsel and shall not be construed against either party. The titles and captions in this Note are inserted for convenience only and in no way define, limit, extend, or modify the scope of intent of this Note.

17.    <u>Partial Invalidity</u>. If any section or provision of this Note is declared invalid or unenforceable by any court of competent jurisdiction, said determination shall not affect the validity or enforceability of the remaining terms hereof. No such determination in one jurisdiction shall affect any provision of this Note to the extent it is otherwise enforceable under the laws of any other applicable jurisdiction.

18.    <u>Governing Law; Jurisdiction; Waiver of Jury Trial</u>.

(a)    This Note shall be construed according to and governed by the laws of the State of Nevada, without regard to its choice of law provisions.

6

(b)    BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, (i) SUBMITS TO PERSONAL JURISDICTION IN THE STATE OF NEVADA OVER ANY SUIT, ACTION OR PROCEEDING BY ANY PERSON ARISING FROM OR RELATING TO THIS NOTE, OR ANY OTHER OF THE LOAN DOCUMENTS, (ii) AGREES THAT ANY SUCH ACTION, SUIT OR PROCEEDING MAY BE BROUGHT IN ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION SITTING IN CLARK COUNTY, NEVADA, (iii) SUBMITS TO THE JURISDICTION OF SUCH COURTS, AND, (iv) TO THE FULLEST EXTENT PERMITTED BY LAW, AGREES THAT IT WILL NOT BRING ANY ACTION, SUIT OR PROCEEDING IN ANY FORUM OTHER THAN CLARK COUNTY, NEVADA (BUT NOTHING HEREIN SHALL AFFECT THE RIGHT OF LENDER TO BRING ANY ACTION, SUIT OR PROCEEDING IN ANY OTHER FORUM). BORROWER FURTHER CONSENTS AND AGREES TO SERVICE OF ANY SUMMONS, COMPLAINT OR OTHER LEGAL PROCESS IN ANY SUCH SUIT, ACTION OR PROCEEDING BY REGISTERED OR CERTIFIED U.S. MAIL, POSTAGE PREPAID, TO THE BORROWER AT THE ADDRESS FOR NOTICES DESCRIBED IN SECTION 13 HEREOF, AND CONSENTS AND AGREES THAT SUCH SERVICE SHALL CONSTITUTE IN EVERY RESPECT VALID AND EFFECTIVE SERVICE (BUT NOTHING HEREIN SHALL AFFECT THE VALIDITY OR EFFECTIVENESS OF PROCESS SERVED IN ANY OTHER MANNER PERMITTED BY LAW).

(c)    BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, WAIVES, RELINQUISHES AND FOREVER FORGOES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATING TO THE INDEBTEDNESS SECURED HEREBY OR ANY CONDUCT, ACT OR OMISSION OF LENDER, TRUSTEE OR BORROWER, OR ANY OF THEIR DIRECTORS, OFFICERS, PARTNERS, MEMBERS, EMPLOYEES, AGENTS OR ATTORNEYS, OR ANY OTHER PERSONS AFFILIATED WITH LENDER, TRUSTEE OR BORROWER, IN EACH OF THE FOREGOING CASES, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.

**BORROWER:** One Point Street, Inc.

By: *Karim Chowdhury*

R. Karim Chowdhury, Vice President

# EXHIBIT "A"

## LENDERS

| | Names | Amount |
|---|---|---|
| 1. | Joseph R. Agliolo Trustee of The 1991 Agliolo Revocable Living Trust | $50,000 |
| 2. | Stanley Alexander Trustee of the Stanley Alexander Trust | $100,000 |
| 3. | Rod Arbogast & Donna Arbogast Trustees of the Arbogast Family Trust | $250,000 |
| 4. | B.E.A. Family, Inc., a Nevada corporation | $50,000 |
| 5. | Robert J. Asselin & Mary E. Asselin Trustees of the 1994 Robert Asselin & Mary Asselin Family Trust | $50,000 |
| 6. | Laila Aziz, a single woman | $50,000 |
| 7. | Peter L. Backes Trustee of the Peter L. Backes Trust | $50,000 |
| 8. | William A. Banos & Angel J. Banos Co-Trustees of the Mirtha M. Banos Family Trust F/B/O William A. Banos, as his undivided one-half interest & Angel J. Banos, as his undivided one-half interest | $95,000 |
| 9. | Frank J. Belmonte Trustee of the Belmonte Family Trust | $50,000 |
| 10. | Jay Betz & Joy Betz Trustees of the Betz Family Trust | $50,000 |
| 11. | Thomas E. Bishofberger & Betty T. Bishofberger Trustees of the Bishofberger Restated Family Trust U/A 9/8/95 | $50,000 |
| 12. | Daryl L. Blanck & Yvonne M. Blanck Trustees of the Daryl Blanck & Yvonne Blanck Trust dated 3/23/94 | $50,000 |
| 13. | James R. Bonfiglio & Donna M. Bonfiglio Trustees of the Bonfiglio Family Limited Partnership | $100,000 |
| 14. | John Borkoski & Kathleen Borkoski, husband & wife, as joint tenants with right of survivorship | $75,000 |
| 15. | Kathleen K. Borkoski Trustee of the Austin John Borkoski Trust dated 12/10/92 | $50,000 |
| 16. | Kathleen K. Borkoski Trustee of the Kali Gene Borkoski Trust dated 12/21/89 | $75,000 |
| 17. | Charles E. Borom & Lanna G. Borom, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 18. | Helena A. Bova, a single woman | $50,000 |
| 19. | Kathleen A. Boyce Trustee of the Boyce 1989 Trust dated 6/12/89 | $200,000 |
| 20. | Marshall J. Brecht & Janet L. Brecht Trustees of the Marshall J. Brecht Trust dated 2/5/86 | $50,000 |
| 21. | June Brehm, a unmarried woman | $50,000 |
| 22. | Michael M. Bright & Anne E. Bright, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 23. | Gary S. Brill Trustee of the Gary S. Brill Living Trust dated 9/21/83 as amended & restated on 3/20/88 | $100,000 |
| 24. | Penny L. Brock Trustee of the Brock Family Trust dated 5/25/95 | $50,000 |
| 25. | Marlo Brooke | $60,000 |
| 26. | Martin E. Brown Trustee of the Martin E. Brown Family Survivor's Trust & Exempt Trust dated 3/21/95 | $100,000 |

| 27. | R. Gene Brown & Jagoda Brown, husband & wife, as joint tenants with right of survivorship | $100,000 |
|---|---|---|
| 28. | Raymond E. Brown, a single man dealing with his sole & separate property | $140,000 |
| 29. | Bruce Bryen, an unmarried man transferrable on death to Erica Bryen, an unmarried woman | $50,000 |
| 30. | First Savings Bank Custodian For Bruce Bryen IRA | $50,000 |
| 31. | Janet Buckalew Trustee of the Buckalew Trust | $100,000 |
| 32. | Neil G. Buckwald Trustee of the Buckwald Revocable Trust dtd 2/11/92 | $50,000 |
| 33. | Cynthia Burdige Trustee of the Cynthia Burdige Trust U/A dated 4/13/00 | $100,000 |
| 34. | Donald E. Burt & Connie L. Cejmer Trustees of the Burt Family Trust | $50,000 |
| 35. | Eugene W. Cady & Sandra L. Cady Trustees of the Eugene W. Cady & Sandra L. Cady Trust dated 9/24/85 | $50,000 |
| 36. | Ralph F. Cameron Trustee of the Cameron Survivors Trust dtd 12/22/97 For the Benefit of his children John Cameron & Katherine Cameron-Hoffman | $50,000 |
| 37. | Peter W. Capone & Deidre D. Capone, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 38. | AJC Realty & Consulting Inc. | $50,000 |
| 39. | Jennifer Chun, an unmarried woman & Vernon Chun, a married man dealing with his sole & separate property, as joint tenants with right of survivorship | $50,000 |
| 40. | Stella P. Ciadella Trustee of the Ciadella Living Trust dated 2/8/99 | $150,000 |
| 41. | Billie R. Cislaghi Trustee of the Billie R. Cislaghi Trust | $100,000 |
| 42. | Jack R. Clark & Linda C. Reid, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 43. | Rosanne L. Clark, a single woman | $50,000 |
| 44. | Raymond J. Clay Jr. & Joan Marie Clay, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 45. | George S. Cohan Trustee of the George S. Cohan & Natalie H. Cohan Family Trust dated 4/1/03 | $200,000 |
| 46. | Pamela Conboy, an unmarried woman | $50,000 |
| 47. | Harold Corcoran & Joyce Corcoran, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 48. | James B. Corison Trustee of the James B. Corison Trust dated 12/3/98 | $50,000 |
| 49. | Jacqueline Corkill, an unmarried woman & David Corkill, an unmarried man, as joint tenants with right of survivorship | $50,000 |
| 50. | Sam Costanza Trustee of the Costanza 1987 Survivor's Trust dtd 3/12/87 | $50,000 |
| 51. | Sam Costanza Trustee of The Costanza 1987 Decedent's Trust | $50,000 |
| 52. | David C. Coulson & Maria V. Ardila-Coulson, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 53. | Melanie Cowan, a single woman | $50,000 |
| 54. | Gary W. Crowe & Susan R. Crowe Trustees of the Crowe 1989 Family Revocable Trust dated 6/29/89 | $100,000 |