Robert C. LePome, Esq.                                      E-Filed May 1, 2006
330 S. Third St. #1100B
Las Vegas, NV 89101
(702) 385-5509
Nevada Bar #1980
Attorney for Interested Parties

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | BK-S-06-10725-LBR |
| | ) | Chapter 11 |
| USA COMMERCIAL MORTGAGE COMPANY | ) | |
| Debtor | ) | |
| In re: | ) | BK-S-06-10726-LBR |
| | ) | Chapter 11 |
| USA CAPITAL REALTY ADVISORS, LLC, | ) | |
| Debtor | ) | |
| In re: | ) | BK-S-06-10727-LBR |
| | ) | Chapter 11 |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | ) | |
| Debtor | ) | |
| In re: | ) | BK-S-06-10728-LBR |
| | ) | Chapter 11 |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | ) | |
| Debtor | ) | |
| In re: | ) | BK-S-06-10729-LBR |
| | ) | Chapter 11 |
| USA SECURITIES, LLC, | ) | |
| Debtor | ) | |
| Affects: | ) | |
| ■ All Debtors | ) | |
| ☐ USA Commercial Mortgage Co. | ) | |
| ☐ USA Securities, LLC | ) | |
| ☐ USA Capital Realty Advisors, LLC | ) | DATE: 5/3/06 |
| ☐ USA Capital Diversified Trust Deed | ) | TIME: 9:30 AM |
| ☐ USA First Trust Deed Fund, LLC | ) | |
| | ) | |

1

**OPPOSITION TO MOTION FOR ORDER UNDER 11 USC §§ 105(a), 345, AND 363 APPROVING DEBTORS' PROPOSED CASH MANAGEMENT PROCEDURES AND INTERIM USE OF CASH IN ACCORDANCE WITH PROPOSED CASH BUDGET AND COUNTERMOTION FOR SEQUESTERING OR ALTERNATIVELY FOR RELEASE OF FUNDS AND FOR REVOCATION OF POWER OF ATTORNEY**

COMES NOW NANCY GOLDEN (hereafter "GOLDEN"), by and through her attorney, ROBERT C. LEPOME, ESQ., and file her Opposition to Debtor's Motion for Order Under 11 USC §§ 105(a), 345, and 363 Approving Debtors' Proposed Cash Management Procedures and Interim Use of Cash in Accordance with Proposed Cash Budget.

This Opposition and Countermotion for Sequestering or Alternatively for Release of Funds and for Revocation of Power of Attorney is based upon the Points and Authorities attached hereto.

Robert C. LePome, Esq.

/s/ Robert C. LePome, Esq
Robert C. LePome, Esq.
330 S. Third St. #1100B
Las Vegas, NV 89101
(702) 385-5509
Nevada Bar #1980
Attorney for Interest Parties

POINTS AND AUTHORITIES

<u>Facts</u>

GOLDEN resides in Dallas, Texas. She executed a Power of Attorney whereby Debtors would broker certain loans to borrowers which loans were secured by Deeds

of Trust. The Debtors collectively had fiduciary duties which included obtaining suitable borrowers with real property appraised in excess of the proposed loans and with a reasonable plan to repay the loans. Debtors charged origination fees or "points" to the borrowers and these origination fees or "points" are the primary income of Debtors. At no time were Debtors authorized to co-mingle with or use any funds intended for investment.

Debtors were operating under a Power of Attorney which allowed them to collect the payments from the borrowers and to pay said funds to GOLDEN. GOLDEN hereby revokes the Power of Attorney. Once the Notes are released to GOLDEN, she will either collect them herself or place them for collection. This "collection" is a ministerial act but with fiduciary duties. Debtors have no legal interest in the funds collected from borrowers. Debtors are not the Payees of the Notes nor are they the beneficiaries of the Deeds of Trust.

Debtors receipted for approximately $260,000.00 of GOLDEN's money and brokered $150,000.00 to borrowers PLACER VINEYARDS, ROAM DEVELOPMENT and WASCO INVESTMENTS. The remaining $110,000.00 was transferred in early April, 2006 and was not brokered prior to the petition filing. The Notes and Deeds of Trust owned by GOLDEN is summarized as Exhibit "A" hereto. Exhibit "B" is proof of $50,000.00 wire transferred on April 3, 2006 which was to be used for a loan to FIESTA MURRIETTA and $60,000.00 for OAK SHORES II which it is believed were not funded.

## The Law

Debtors and their affiliates are licensed by the State of Nevada Financial Institution Division as mortgage brokers or mortgage agents under NRS 645B. Escrow Accounts are required under NRS 645B.165 through 175 and commingling is prohibited under NRS 645B.180.

Debtors serve as a collection agent for benefit of the Movant under a power of Attorney.

11 USC 541(b)(1) states that: "Property of the estate does not include any power that the debtor may exercise solely for the benefit of an entity other than the debtor."

## Argument

GOLDEN is the owner of the various Notes Secured by Deed of Trust that have been recorded showing an Assignment from Debtors to GOLDEN in all or a proportionate amount of each Note and Deed of Trust. These Notes and Deeds of Trust are clearly not property of the estate and indeed the Debtor does not appear to contend otherwise.

The Debtor operated under a Power of Attorney which allows them to collect the payments from GOLDEN and forward GOLDEN her interest. It appears that this master-servant relationship has been breached. To the extent that Debtors have breached their fiduciary duties, they should be disqualified as servicing agents or indeed, as Debtors-in-Possession.

The Notes Secured by Deeds of Trust being serviced are owned by GOLDEN and should be released to GOLDEN. A summary of the Notes Secured by Deeds of Trust totaling $150,000.00 are summarized in Exhibit "A" hereto. This will cause no financial loss to Debtors since the primary income of Debtors is the substantial loan origination fees or "Points" earned at the funding of the loan not the minuscule servicing fees after the loan is funded. Indeed, replacement of the servicing agent will reduce the salary requirement of the collection department of Debtor which is presently being overwhelmed with telephone calls from investors and with borrowers who doubt whether late payments or no payments will be pursued by a bankrupt collection agent who has no incentive or financial interest in the instruments.

The $110,000.00 transferred on April 3, 2006 and identified in Exhibit "B" is easily identifiable and similar to the BUNDY CANYON proposed investment and therefore the $110,000.00 should be refunded immediately.

### Conclusion

The Power of Attorney to continue collecting and to make loans for the benefit of GOLDEN has been terminated and the Court should confirm such termination.

Debtors' Motion should be denied and the funds, Notes and Deeds of Trust should be released to their owners and the $110,000.00 which was received by Debtors in April and not invested or paid out to others should be returned to GOLDEN

. . .

. . .

forthwith.

                                                                      Robert C. LePome, Esq.

                                                  /s/ Robert C. LePome, Esq
                                                  Robert C. LePome, Esq.
                                                  330 S. Third St. #1100B
                                                Las Vegas, NV 89101
                                                (702) 385-5509
                                                Nevada Bar #1980
                                                Attorney for Interest Parties

## CERTIFICATE OF SERVICE

I, Susan Stanton, hereby certify that a true and correct copy of the aforegoing was forwarded to:

Robert A. Kinas, Esq., rkinas@swlaw.com; mstrand@swlaw.com; jlustig@swlaw.com; lholding@swlaw.com; imccord@swlaw.com

Edward J. Hanigan, Esq., haniganlaw@earthlink.net; haniganlaw1@earthlink.net

Kelly J. Brinkman, Esq., kbrinkman@gooldpatterson.com

Annette W. Jarvis, ajarvis@rqn.com

Richard McKnight, Esq., mcknightlaw@cox.net; gkopang@lawlasvegas.com; cburke@lawlasvegas.com; sforemaster@lawlasvegas.com

Jeanette E. McPherson, Esq., jmcpherson@s-mlaw.com

Lenard E. Schwartzer, Esq., bkfilings@s-mlaw.com

Candace Carlyon, Esq., ltreadway@sheacarlyon.com; ccarlyon@sheacarlyon.com; bankruptcyfilings@sheacarlyon.com; rsmith@sheacarlyon.com

U.S. Trustee, USTPRegion17.lv.ecf@usdoj.gov

Franklin C. Adams, franklin.adams@bbklaw.com; arthur.johnston@bbklaw.com

Janet L. Chubb, tbw@jonesvargas.com

CiCi Cunningham, bankruptcy@rocgd.com

Thomas H. Fell, BANKRUPTCYNOTICES@GORDONSILVER.COM

Matthew C. Zirzow, bankruptcynotices@gordonsilver.com

by electronic service on the 1st day of May, 2006 and by regular mail to:

PETER SUSI
MICHAELSON, SUSI & MICHAELSON
7TH WEST FIGUEROA ST 2ND FLOOR
SANTA BARBARA, CA 93101

on the 1st day of May, 2006.

/s/ Susan Stanton
Employee of Robert C. LePome, Esq.