Robert C. LePome, Esq.                                        E-Filed May 1, 2006
330 S. Third St. #1100B
Las Vegas, NV 89101
(702) 385-5509
Nevada Bar #1980
Attorney for Interested Parties

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | BK-S-06-10725-LBR |
| | ) | Chapter 11 |
| USA COMMERCIAL MORTGAGE COMPANY | ) | |
| Debtor | ) | |
| In re: | ) | BK-S-06-10726-LBR |
| | ) | Chapter 11 |
| USA CAPITAL REALTY ADVISORS, LLC, | ) | |
| Debtor | ) | |
| In re: | ) | BK-S-06-10727-LBR |
| | ) | Chapter 11 |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | ) | |
| Debtor | ) | |
| In re: | ) | BK-S-06-10728-LBR |
| | ) | Chapter 11 |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | ) | |
| Debtor | ) | |
| In re: | ) | BK-S-06-10729-LBR |
| | ) | Chapter 11 |
| USA SECURITIES, LLC, | ) | |
| Debtor | ) | |
| Affects: | ) | |
| ■ All Debtors | ) | |
| ☐ USA Commercial Mortgage Co. | ) | |
| ☐ USA Securities, LLC | ) | |
| ☐ USA Capital Realty Advisors, LLC | ) | DATE:      5/3/06 |
| ☐ USA Capital Diversified Trust Deed | ) | TIME:      9:30 AM |
| ☐ USA First Trust Deed Fund, LLC | ) | |
| | ) | |

1

OPPOSITION TO MOTION FOR ORDER UNDER 11 USC §§ 105(a), 345, AND 363 APPROVING DEBTORS' PROPOSED CASH MANAGEMENT PROCEDURES AND INTERIM USE OF CASH IN ACCORDANCE WITH PROPOSED CASH BUDGET AND COUNTERMOTION FOR SEQUESTERING OR ALTERNATIVELY FOR RELEASE OF FUNDS AND FOR REVOCATION OF POWER OF ATTORNEY

COME NOW GRABLE B. RONNING, THE WILD WATER LIMITED PARTNERSHIP, CROSBIE B. RONNING and THE BOSWORTH 1988 FAMILY TRUST (hereafter "RONNING"), by and through their attorney, ROBERT C. LEPOME, ESQ., and file their Opposition to Debtor's Motion for Order Under 11 USC §§ 105(a), 345, and 363 Approving Debtors' Proposed Cash Management Procedures and Interim Use of Cash in Accordance with Proposed Cash Budget.

This Opposition and Countermotion for Sequestering or Alternatively for Release of Funds and for Revocation of Power of Attorney is based upon the Points and Authorities attached hereto.

Robert C. LePome, Esq.


 /s/ Robert C. LePome, Esq
Robert C. LePome, Esq.
330 S. Third St. #1100B
Las Vegas, NV 89101
(702) 385-5509
Nevada Bar #1980
Attorney for Interest Parties

POINTS AND AUTHORITIES

Facts

The RONNING's have loaned funds to various borrowers which loans were

brokered by the Debtors.  The interest is their primary income for their retirement.  The Debtors collectively had fiduciary duties which included obtaining suitable borrowers with real property appraised in excess of the proposed loans and with a reasonable plan to repay the loans.  Debtors charged origination fees or "points" to the borrowers and these origination fees or "points" are the primary income of Debtors.  At no time were Debtors authorized to co-mingle with or use any funds intended for investment.

Debtors were operating under a Power of Attorney which allowed them to collect the payments from the borrowers and to pay said funds to RONNING. RONNING hereby revokes the Power of Attorney.  Once the Notes are released to RONNING, they will either collect them themselves or place them for collection.  This "collection" is a ministerial act but with fiduciary duties.  Debtors have no legal interest in the funds collected from borrowers.  Debtors are not the Payees of the Notes nor are they the beneficiaries of the Deeds of Trust.

Debtors receipted for approximately $1,485,000.00 of RONNING's money and brokered all funds to borrowers.  Certain funds have been repair by the borrowers and the amount outstanding is now $1,321,036.46.

The Law

Debtors and their affiliates are licensed by the State of Nevada Financial Institution Division as mortgage brokers or mortgage agents under NRS 645B.  Escrow Accounts are required under NRS 645B.165 through 175 and commingling is prohibited under NRS 645B.180.

Debtors serve as a collection agent for benefit of the Movant under a power of Attorney.

11 USC 541(b)(1) states that: "Property of the estate does not include any power that the debtor may exercise solely for the benefit of an entity other than the debtor."

Argument

RONNING is the owner of the various Notes Secured by Deed of Trust that have been recorded showing an Assignment from Debtors to RONNING in all or a proportionate amount of each Note and Deed of Trust. These Notes and Deeds of Trust are clearly not property of the estate and indeed the Debtor does not appear to contend otherwise.

RONNING is also the owner of funds in the amount of $100,000.00 received pursuant to a payoff which was stayed due to the filing of the Bankruptcy herein. The $100,000.000 check is attached hereto as Exhibit "A" which represents the intended payoff of $100,000.00 of proceeds from the sale of Movant GRABLE RONNING's position in the Fiesta Murrietta Note, a copy of which check is attached hereto as Exhibit "A".

A second payoff of $50,000.00 was stopped which represented the payoff of Movant CROSBIE RONNING's position in the Fiesta Murrietta Note, a copy of which check is attached hereto as Exhibit "B".

A third payoff of $50,000.00 was stopped which represented the payoff of

4

Movant WILD WATER's position in the Fiesta Murrietta Note, a copy of which check is attached hereto as Exhibit "C".

NRS 645B.165 through 180 make it very clear that the payoff funds are trust funds very similar to those in an attorney's trust account and are given the same protection.  The law at NRS 645B.180 specifically states that "Money in an impound trust account is not subject to execution or attachment on any claim against the mortgage broker or his mortgage agents."  To the extent that Debtors have breached their fiduciary duties, they should be disqualified as servicing agents or indeed they should be disqualified to be Debtors-in-Possession.  The funds represented by Exhibits "A", "B" and "C" do not belong to the Debtor and must be returned or at the very least subjected to sequestration from any assets of the Debtor so that they will not be expended for operations or subjected to claims against the Debtor or its agents.  It should be noted that only five (5) employees should be necessary - not 32 - in the event that the Court decides to allow the expenditure of funds from the General Investment Funds which include 3200 investors or perhaps from non-objecting investors who hold Notes Secured by Deed of Trust.

The Notes Secured by Deeds of Trust being serviced are owned by RONNING and should be released to RONNING.  The Notes Secured by Deeds of Trust totaling $1,321,036.046 are summarized in Exhibits "D", "E" and "F" hereto. This will cause no financial loss to Debtors since the primary income of Debtors is the substantial loan origination fees or "Points" earned at the funding of the loan not the minuscule

servicing fees after the loan is funded.  Indeed, replacement of the servicing agent will reduce the salary requirement of the collection department of Debtor which is presently being overwhelmed with telephone calls from investors and with borrowers who doubt whether late payments or no payments will be pursued by a bankrupt collection agent who has no incentive or financial interest in the instruments.

Conclusion

The Power of Attorney to continue collecting and to make loans for the benefit of RONNING has been terminated and the Court should approve such termination.

Debtors' Motion should be denied and Movants' funds and Notes Secured by Deeds of Trust should be released to RONNING or the proceeds sequestered.  The money and property of RONNING should be released to RONNING without being diminished by any so-called "management expenses" much less the outlandishly inflated expenses proposed by Debtors.

Robert C. LePome, Esq.


 /s/ Robert C. LePome, Esq
Robert C. LePome, Esq.
330 S. Third St. #1100B
Las Vegas, NV 89101
(702) 385-5509
Nevada Bar #1980
Attorney for Interest Parties

CERTIFICATE OF SERVICE

I, Susan Stanton, hereby certify that a true and correct copy of the aforegoing

was forwarded to:

Robert A. Kinas, Esq., rkinas@swlaw.com; mstrand@swlaw.com;

jlustig@swlaw.com; lholding@swlaw.com; imccord@swlaw.com

Edward J. Hanigan, E sq., haniganlaw@earthlink.net; haniganlaw1@earthlink.net

Kelly J. Brinkman, Esq., kbrinkman@gooldpatterson.com

Annette W. Jarvis, ajarvis@rqn.com

Richard McKnight, Esq., mcknightlaw@cox.net; gkopang@lawlasvegas.com;

cburke@lawlasvegas.com; sforemaster@lawlasvegas.com

Jeanette E. McPherson, Esq., jmcpherson@s-mlaw.com

Lenard E. Schwartzer, Esq., bkfilings@s-mlaw.com

Candace Carlyon, Esq., ltreadway@sheacarlyon.com;

ccarlyon@sheacarlyon.com; bankruptcyfilings@sheacarlyon.com; rsmith@sheacarlyon.com

U.S. Trustee, USTPRegion17.lv.ecf@usdoj.gov

Franklin   C.   Adams,   franklin.adams@bbklaw.com;
arthur.johnston@bbklaw.com

Janet L. Chubb, tbw@jonesvargas.com

CiCi Cunningham, bankruptcy@rocgd.com

Thomas H. Fell, BANKRUPTCYNOTICES@GORDONSILVER.COM

Matthew C. Zirzow, bankruptcynotices@gordonsilver.com

by electronic service on the 1st day of May, 2006 and by regular mail to:

PETER SUSI
MICHAELSON, SUSI & MICHAELSON

7TH WEST FIGUEROA ST 2ND FLOOR
SANTA BARBARA, CA 93101

on the 1st day of May, 2006.

/s/ Susan Stanton
Employee of Robert C. LePome, Esq.