Robert C. LePome, Esq.  E-Filed May 1, 2006
330 S. Third St. #1100B
Las Vegas, NV 89101
(702) 385-5509
Nevada Bar #1980
Attorney for Interested Parties

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | BK-S-06-10725-LBR |
| | ) | Chapter 11 |
| USA COMMERCIAL MORTGAGE COMPANY | ) | |
| Debtor | ) | |
| In re: | ) | BK-S-06-10726-LBR |
| | ) | Chapter 11 |
| USA CAPITAL REALTY ADVISORS, LLC, | ) | |
| Debtor | ) | |
| In re: | ) | BK-S-06-10727-LBR |
| | ) | Chapter 11 |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | ) | |
| Debtor | ) | |
| In re: | ) | BK-S-06-10728-LBR |
| | ) | Chapter 11 |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | ) | |
| Debtor | ) | |
| In re: | ) | BK-S-06-10729-LBR |
| | ) | Chapter 11 |
| USA SECURITIES, LLC, | ) | |
| Debtor | ) | |
| Affects: | ) | |
| ■ All Debtors | ) | |
| ☐ USA Commercial Mortgage Co. | ) | |
| ☐ USA Securities, LLC | ) | |
| ☐ USA Capital Realty Advisors, LLC | ) | DATE: 5/3/06 |
| ☐ USA Capital Diversified Trust Deed | ) | TIME: 9:30 AM |
| ☐ USA First Trust Deed Fund, LLC | ) | |
| | ) | |

1

OPPOSITION TO MOTION FOR ORDER UNDER 11 USC §§ 105(a), 345, AND 363 APPROVING DEBTORS' PROPOSED CASH MANAGEMENT PROCEDURES AND INTERIM USE OF CASH IN ACCORDANCE WITH PROPOSED CASH BUDGET AND COUNTERMOTION FOR SEQUESTERING OR ALTERNATIVELY FOR RELEASE OF FUNDS AND FOR REVOCATION OF POWER OF ATTORNEY

COMES NOW PATRICK DAVIS, SUSAN DAVIS, FIRST SAVINGS BANK, CUSTODIAN FOR PATRICK DAVIS IRA, and FIRST SAVINGS BANK, CUSTODIAN FOR SUSAN DAVIS IRA, by and through their attorney, ROBERT C. LEPOME, ESQ., and file his Opposition to Debtor's Motion for Order Under 11 USC §§ 105(a), 345, and 363 Approving Debtors' Proposed Cash Management Procedures and Interim Use of Cash in Accordance with Proposed Cash Budget.

This Opposition and Countermotion for Sequestering or Alternatively for Release of Funds and for Revocation of Power of Attorney is based upon the Points and Authorities attached hereto.

Robert C. LePome, Esq.

/s/ Robert C. LePome, Esq
Robert C. LePome, Esq.
330 S. Third St. #1100B
Las Vegas, NV 89101
(702) 385-5509
Nevada Bar #1980
Attorney for Interest Parties

POINTS AND AUTHORITIES

Facts

The DAVIS are of advanced years and are retired.  Their primary retirement

2

income is from the Interest earned pursuant to the Notes Secured by Deeds of Trust on Nevada Real Property.  The Debtors collectively had fiduciary duties which included obtaining suitable borrowers with real property appraised in excess of the proposed loans and with a reasonable plan to repay the loans.  Debtors charged origination fees or "points" to the borrowers and these origination fees or "points" are the primary income of Debtors.  At no time were Debtors authorized to co-mingle with or use any funds intended for investment.

Debtors were operating under a Power of Attorney which allowed them to collect the payments from the borrowers and to pay said funds to DAVIS.  DAVIS hereby revokes the Power of Attorney.  Once the Notes are released to DAVIS, they will either collect them themselves or place them for collection.  This "collection" is a ministerial act but with fiduciary duties.  Debtors have no legal interest in the funds collected from borrowers.  Debtors are not the Payees of the Notes nor are they the beneficiaries of the Deeds of Trust.

Debtors receipted for approximately $2,202,000.00 of DAVIS's money and brokered all funds to borrowers.  Principal was repaid on some of the loans and the total is now $1,831,967.31.  The Notes and Deeds of Trust owned by DAVIS is summarized as Exhibit "A" hereto.

The Law

Debtors and their affiliates are licensed by the State of Nevada Financial Institution Division as mortgage brokers or mortgage agents under NRS 645B. Escrow

Accounts are required under NRS 645B.165 through 175 and commingling is prohibited under NRS 645B.180.

Debtors serve as a collection agent for benefit of the Movant under a power of Attorney.

11 USC 541(b)(1) states that: "Property of the estate does not include any power that the debtor may exercise solely for the benefit of an entity other than the debtor."

## Argument

DAVIS is the owner of the various Notes Secured by Deed of Trust that have been recorded showing an Assignment from Debtors to DAVIS in all or a proportionate amount of each Note and Deed of Trust. These Notes and Deeds of Trust are clearly not property of the estate and indeed the Debtor does not appear to contend otherwise.

The Debtor operated under a Power of Attorney which allows them to collect the payments from DAVIS and forward DAVIS his interest. It appears that this master-servant relationship has been breached. To the extent that Debtors have breached their fiduciary duties, they should be disqualified as servicing agents or indeed, as Debtors-in-Possession.

The Notes Secured by Deeds of Trust being serviced are owned by DAVIS and should be released to DAVIS. A summary of the Notes Secured by Deeds of Trust totaling $1,831,967.31 are summarized in Exhibit "A" hereto. This will cause no

financial loss to Debtors since the primary income of Debtors is the substantial loan origination fees or "Points" earned at the funding of the loan not the minuscule servicing fees after the loan is funded.  Indeed, replacement of the servicing agent will reduce the salary requirement of the collection department of Debtor which is presently being overwhelmed with telephone calls from investors and with borrowers who doubt whether late payments or no payments will be pursued by a bankrupt collection agent who has no incentive or financial interest in the instruments.

### Conclusion

The Power of Attorney to continue collecting and to make loans for the benefit of DAVIS has been terminated and the Court should confirm such termination.

Debtors' Motion should be denied and the funds, Notes and Deeds of Trust should be released to their owners.

Robert C. LePome, Esq.


 /s/ Robert C. LePome, Esq
Robert C. LePome, Esq.
330 S. Third St. #1100B
Las Vegas, NV 89101
(702) 385-5509
Nevada Bar #1980
Attorney for Interest Parties

### CERTIFICATE OF SERVICE

I, Susan Stanton, hereby certify that a true and correct copy of the aforegoing was forwarded to:

Robert A. Kinas, Esq., rkinas@swlaw.com; mstrand@swlaw.com; jlustig@swlaw.com; lholding@swlaw.com; imccord@swlaw.com

Edward J. Hanigan, Esq., haniganlaw@earthlink.net; haniganlaw1@earthlink.net

Kelly J. Brinkman, Esq., kbrinkman@gooldpatterson.com

Annette W. Jarvis, ajarvis@rqn.com

Richard McKnight, Esq., mcknightlaw@cox.net; gkopang@lawlasvegas.com; cburke@lawlasvegas.com; sforemaster@lawlasvegas.com

Jeanette E. McPherson, Esq., jmcpherson@s-mlaw.com

Lenard E. Schwartzer, Esq., bkfilings@s-mlaw.com

Candace Carlyon, Esq., ltreadway@sheacarlyon.com; ccarlyon@sheacarlyon.com; bankruptcyfilings@sheacarlyon.com; rsmith@sheacarlyon.com

U.S. Trustee, USTPRegion17.lv.ecf@usdoj.gov

Franklin C. Adams, franklin.adams@bbklaw.com; arthur.johnston@bbklaw.com

Janet L. Chubb, tbw@jonesvargas.com

CiCi Cunningham, bankruptcy@rocgd.com

Thomas H. Fell, BANKRUPTCYNOTICES@GORDONSILVER.COM

Matthew C. Zirzow, bankruptcynotices@gordonsilver.com

by electronic service on the 1st day of May, 2006 and by regular mail to:

PETER SUSI
MICHAELSON, SUSI & MICHAELSON
7TH WEST FIGUEROA ST 2ND FLOOR
SANTA BARBARA, CA 93101

6

on the 1st day of May, 2006.

        /s/ Susan Stanton
Employee of Robert C. LePome, Esq.