Richard McKnight
330 S. Third Street #900
Las Vegas, Nevada 89101
Phone: 702-388-7185
Fax: 702-388-0108
mcknightlaw@cox.net

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| USA COMMERCIAL MORTGAGE COMPANY,<br><br>    Debtor. | Case № BK-S-06-10725-LBR |

**OPPOSITION TO MOTION FOR ORDER UNDER 11 U.S.C. 105(A), 345, AND 363 APPROVING DEBTORS' PROPOSED CASH MANAGEMENT PROCEDURES AND INTERIM USE OF CASH IN ACCORDANCE WITH PROPOSED CASH BUDGET**

The Richard and Sheila J. McKnight 2000 Family Trust and the Richard McKnight SEP-IRA are Direct Lenders[1] in the loans shown on Exhibit A attached to this opposition. Richard McKnight, although a member of this bar, does not appear here as an attorney but only as concerned Lender and to oppose any effort by the Debtor to sequester or use payments made by Direct Borrowers to USA to fund USA's reorganization as is apparently the purpose of the instant motion.

## POINTS AND AUTHORITIES

The distinction between the investors in the Funds, and the Direct Lenders who actually made direct loans to Borrowers serviced by USA Commercial, is critical in this case. Payments received by Debtors from loans involving Direct Lenders are clearly not property of Debtors' bankruptcy estates (except to the extent of a Debtor's servicing fees or to the extent they are also a direct lender in one of the loans). Focusing on what is, and, more importantly, what is not property of the Debtors' bankruptcy estates is crucial, because non-estate property is not subject to this Court's jurisdiction and cannot be commandeered, as Debtors' Cash Management Motion

---

[1] Either the McKnight Trust or SEP-IRA is named on each trust deed shown on Exhibit A.

seeks to do, for the claimed "greater good" of Debtors' reorganization efforts.

Section 541(a)(1) of the Bankruptcy Code provides that a debtor's bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case . . . ." 11 U.S.C. § 541(a)(1). What constitutes property of the estate within the meaning of Section 541 of the Bankruptcy Code is a question of federal law, see *Chicago Board of Trade v. Johnson*, 264 U.S. 1 (1924), however, "[p]roperty interests are created and defined by state law" and "there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States,* 440 U.S. 48, 55 (1979).

The case at hand is very similar to the situation at issue in *Golden Mortgage Fund #14 v. Kennedy (In re Golden Triangle Capital, Inc.)*, 171 B.R. 79 (B.A.P. 9th Cir. 1994). In *Golden Triangle*, the Bankruptcy Appellate Panel held that funds which a loan servicing agent received from a lender for disbursement to a borrower were held in trust, and therefore were not property of the loan servicing agent's bankruptcy estate. See id. at 83. The BAP reasoned that the parties entered into a relationship that the court characterized as an express trust, and that the parties only intended legal title to pass to the loan servicing agent. See id. at 82-83. The BAP noted that the loan servicing agent never had rights in the funds, and was instead intended to be a mere "conduit" for the funds. See id. at 83.

At best, Debtors' bankruptcy estates have bare legal title to the payments received on the extent Direct Lenders' loans, and not any equitable interest (other than the loan servicing fees).

Section 541(d) of the Bankruptcy Code provides in pertinent part as follows:

> (d) Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(l) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

Furthermore, the Direct Lender's loans do not appear to be the type of secondary market

mortgage "participation" transactions given as the example in Section 541(d) of the Bankruptcy Code. See, e.g., *In re Lemons & Assocs., Inc.*, 67 B.R. 198 (Bankr. D. Nev. 1986); *In re Mortgage Funding, Inc.,* 48 B.R. 152 (Bankr. D. Nev. 1985). Generally, loan "participations" involve arrarangements where a lender, after making a loan, sells undivided partial interests in the loan to one or more participants. The loan documents in a participation are exclusively between the borrower and the original lender, and the participation of other lenders is evidenced by a participation agreement between the lead lender and the loan participants.

By contrast, "syndicated" or "joint" loans, like the loans involving the Direct Lenders in the case at hand, involve multiple lenders on a loan from the start, where the multiple lenders are actual parties to the loan documents. In contrast to participations, in multiple lender syndicated arrangements, the lender members have direct contractual privity with the borrower– as in the case at hand– and any funds that flow through the lead agent are held in trust for disbursement to the members.

The following cases illustrate the point: *In re Cheqnet Sys., Inc.*, 246 B.R. 873 (Bankr. E.D. Ark. 2000) (proceeds of checks which debtor held, prior to its Chapter 7 filing, only as collection agent with right to retain $7 on each check as fee, were included in "property of the estate" only to extent of debtor's $7 per check interest); *Rine & Rine Auctioneers, Inc. v. Douglas County Bank & Trust Co. (In re Rine & Rine Auctioneers, Inc.)*, 74 F.3d 854, 857 (8th Cir. 1996) (if property is in the debtor's hands as agent, the property or proceeds therefrom is not treated as property of the debtor's bankruptcy estate).

Finally, Debtors' request pursuant to Section 363 of the Bankruptcy Code must be denied because § 363 applies, by its own terms, to property "in which the estate [has] an interest" pursuant to Section 363(a) of the Bankruptcy Code, and to "property of the estate" pursuant to Section 363(b)(1) of the Bankruptcy Code. Loan payments received post-petition for loans involving Direct Lenders, however, can very clearly be attributed to specific loans, should be segregated, and paid to Direct Lenders in accordance with the loan it was collected from and should not used to fund Debtors' reorganization.

## CONCLUSION

WHEREFORE, The Richard and Sheila J. McKnight 2000 Family Trust and the Richard McKnight SEP-IRA respectfully request that the Court enter order as follows:

1. Denying Debtors' Cash Management Motion with respect to any payments Debtors received post-petition for any loans involving Direct Lenders;

2. Sequestering any payments Debtors received post-petition for any loans payments involving Direct Lenders, and prohibiting any such monies, except for any loan servicing fees, from being used to fund Debtors' operations or reorganization; and

3. Granting such other and further relief as is just and proper.

Respectfully submitted this 1st day of May 2006.

By:      //s/ Richard McKnight
Richard McKnight
330 S. Third St., #900
Las Vegas, Nevada 89101

| Direct Lender | Amount | Date of investment | Borrower |
|---|---|---|---|
| SEP-IRA | $100,000.00 | 6/30/05 | Roam Development |
| Trust | $100,000.00 | 8/30/05 | Del Valle/Livingston |
| Trust | $100,000.00 | 9/19/05 | Castaic Partners III, LLC |
| Trust | $100,000.00 | 10/31/05 | Eagle Meadows Development |
| Trust | $50,000.00 | 11/21/05 | Gateway Stone |
| Trust | $50,000.00 | 12/14/05 | 5252 Orange LLC |