# EXHIBIT 4

# EXHIBIT 4



# PROMISSORY NOTE
## SECURED BY DEED OF TRUST

$20,500,000  
Las Vegas, Nevada  
June 15, 2004

This Promissory Note ("Note"), dated as of June 15, 2004 is made and delivered by Oak Mesa Investors, LLC, a California limited liability company ("Borrower"), in favor of the persons listed on **Exhibit "A"** hereto ("Lender").

FOR VALUE RECEIVED, Borrower promises to pay to Lender, or order, the principal sum of Twenty Million Five Hundred Thousand Dollars ($20,500,000) (the "Note Amount"), together with interest as provided herein.

1. <u>Interest Rate</u>. Interest shall accrue on the outstanding portion of the Note Amount, from the date Lender initially disburses such funds until the date the Note Amount is paid in full, at the rate of twelve percent (12%) per annum. Interest shall be calculated on the basis of a 360-day year and actual days elapsed. Accrued but unpaid interest shall be compounded monthly.

2. <u>Payments</u>. Monthly interest on the Note Amount shall be due and payable on the first day of each month, in arrears. For example, interest that accrues in the month of May will be due and payable on June 1, and will be calculated on the amount due under the Note on that day. All payments shall be made in lawful money of the United States of America and in immediately available funds at Lender's office, the address for which is specified below, or at such other place as the Lender hereof may from time to time direct by written notice to Borrower.

3. <u>Maturity Date</u>. If not sooner paid, the outstanding principal balance under this Note, all accrued and unpaid interest, and all other indebtedness of Borrower owing under any and all of the Loan Documents shall be due and payable in full on or before the date which is eighteen (18) months after the Deed of Trust is recorded (the "Maturity Date").

4. <u>Application of Payments</u>. All payments on this Note shall, at the option of the Lender hereof, be applied first to the payment of accrued interest then payable.

5. <u>Prepayment</u>. Borrower agrees that all loan fees and any prepaid finance charges are fully earned as of the date hereof and will not be subject to refund upon early payment (whether voluntary or as a result of default). Subject to the foregoing, at any time prior to the Maturity Date, Borrower may prepay this Note in full or in part at any time.

6. <u>Collateral</u>. This Note is secured by a deed of trust encumbering real property located in Riverside and San Bernardino Counties, California.

7. <u>Defaults; Acceleration</u>. The occurrence of any Event of Default (as hereinafter

1

defined) shall be a default hereunder. Upon the occurrence of an Event of Default, Lender may declare the entire principal balance of the Note then outstanding (if not then due and payable) and all other obligations of Borrower hereunder to be due and payable immediately. Subject to the applicable provisions of law, upon any such declaration, the principal of the Note and accrued and unpaid interest, and all other amounts to be paid under this Note shall become and be immediately due and payable, anything in this Note to the contrary notwithstanding.

The occurrence of any one or more of the following, whatever the reason therefor, shall constitute an "Event of Default" hereunder:

(a) Borrower shall fail to pay when due any amount due pursuant to the Note; or

(b) Borrower or any guarantor ("Guarantor") of the Note shall fail to perform or observe any term, covenant or agreement contained in the Note or any guaranty executed and delivered concurrently herewith on its part to be performed or observed, other than the failure to make a payment covered by subsection (a), and such failure shall continue uncured as of ten (10) calendar days after written notice of such failure is given by Lender to Borrower; provided, however, that if the default cannot be cured in 10 days but Borrower is diligently pursuing the cure, then Borrower shall have thirty (30) days after written notice to effect the cure (the cure period set forth in this subsection (b) shall not apply to any other Event of Default); or

(c) any representation or warranty contained in any document made or delivered pursuant to or in connection with any of the Loan Documents proves incorrect or to have been incorrect in any material respect when made; or

(d) Borrower (which term shall include any entity comprising Borrower) is dissolved or liquidated, or otherwise ceases to exist, or all or substantially all of the assets of Borrower or any Guarantor are sold or otherwise transferred without Lender's written consent; or

(e) Borrower or any Guarantor is the subject of an order for relief by the bankruptcy court, or is unable or admits in writing its inability to pay its debts as they mature, or makes an assignment for the benefit of creditors; or Borrower or any Guarantor applies for or consents to the appointment of any receiver, trustee, custodian, conservator, liquidator, rehabilitator or similar officer (the "Receiver"); or any Receiver is appointed without the application or consent of Borrower or any Guarantor, as the case may be, and the appointment continues undischarged or unstayed for sixty (60) calendar days; or Borrower or any Guarantor institutes or consents to any bankruptcy, insolvency, reorganization, arrangement, readjustment of debt, dissolution, custodianship, conservatorship, liquidation, rehabilitation or similar proceedings relating to it or to all or any part of its property under the laws of any jurisdiction; or any similar proceeding is instituted without the consent of Borrower or any Guarantor, as the case may be, and continues undismissed or unstayed for sixty (60) calendar days; or any judgment, writ, attachment, execution or similar process is issued or levied against all or any part of the Property or Borrower or any Guarantor, and is not released, vacated or fully bonded within thirty (30) calendar days after such issue or levy; or

2

(f) there shall occur a material adverse change in the financial condition of Borrower or any Guarantor from their respective financial conditions as of the date of this Note, as determined by Lender in its reasonable discretion; or

(g) any Loan Document, at any time after its execution and delivery and for any reason other than the agreement of Lender or the satisfaction in full of all indebtedness and obligations of Borrower under the Loan Documents, ceases to be in full force and effect or is declared to be null and void by a court of competent jurisdiction; or Borrower or any trustee, officer, director, shareholder or partner of any entity comprising Borrower or any Guarantor claims that any Loan Document is ineffective or unenforceable, in whole or in part, or denies any or further liability or obligation under any Loan Document, unless all indebtedness and obligations of Borrower thereunder have been fully paid and performed; or

(h) all or a substantial portion of the Property is condemned, seized or appropriated by any Governmental Agency; or

(i) any lien or security interest created by any Security Document, at any time after the execution and delivery of that Security Document and for any reason other than the agreement of Lender or the satisfaction in full of all indebtedness and obligations of Borrower under the Loan Documents, ceases or fails to constitute a valid, perfected and subsisting lien of the priority required by this Agreement or security interest in and to the Property purported to be covered thereby, subject only to the Permitted Exceptions; or

(j) any default occurs in any loan document or other agreement by and between Borrower and Lender or by Borrower in favor of Lender with reference to the Loan or otherwise, or any default occurs in any loan document regarding any loan or other obligation secured by the Property or any portion thereof.

8. Late Charge. Borrower acknowledges that if any interest payment is not made when due or if the entire amount due under this Note is not paid by the Maturity Date, or, if accelerated as permitted by this Note or any other Loan Document, by the date given in the notice of acceleration, the Lender hereof will incur extra administrative expenses (i.e., in addition to expenses incident to receipt of timely payment) and the loss of the use of funds in connection with the delinquency in payment. Because the actual damages suffered by the Lender hereof by reason of such extra administrative expenses and loss of use of funds would be impracticable or extremely difficult to ascertain, Borrower agrees that five percent (5%) of the amount so delinquent shall be the amount of damages to which such Lender is entitled, upon such breach, in compensation therefor. Therefore, Borrower shall, in the event any payment required under this Note is not paid within five (5) days after the date when such payment becomes due and payable pursuant to Sections 2 and 3, above, and without regard to any default notice under Section 7(a), and without further notice, pay to the Lender hereof as such Lender's sole monetary recovery to cover such extra administrative expenses and loss of use of funds, liquidated damages in the amount of five percent (5%) of the amount of such delinquent payment. The provisions of this paragraph are intended to govern only the determination of damages in the event of a breach in the performance of the obligation of Borrower to make timely payments hereunder, including timely payment of any

3

accelerated amount. Nothing in this Note shall be construed as an express or implied agreement by the Lender hereof to forbear in the collection of any delinquent payment or in exercising any of its rights and remedies under the Loan Documents, or be construed as in any way giving Borrower the right, express or implied, to fail to make timely payments hereunder, whether upon payment of such damages or otherwise. The right of the Lender hereof to receive payment of such liquidated and actual damages, and receipt thereof, are without prejudice to the right of such Lender to collect such delinquent payments and any other amounts provided to be paid hereunder or under any security for this Note or to declare a default hereunder or under any security for this Note.

9. Default Rate. From and after the Maturity Date or, if any Event of Default occurs and is not timely cured, from the date the payment was due regardless of any cure period provided in the notice of default, through and including the date such default is cured, at the option of the Lender hereof, all amounts owing under the Note and all sums owing under all of the Loan Documents shall bear interest at a default rate equal to twenty percent (20%) per annum ("Default Rate"). Such interest shall be paid on the first day of each month thereafter, or on demand if sooner demanded.

10. Waivers. Borrower waives any right of offset it now has or may hereafter have against the Lender hereof and its successors and assigns. Borrower waives presentment, demand, protest, notice of protest, notice of nonpayment or dishonor and all other notices in connection with the delivery, acceptance, performance, default or enforcement of this Note. Borrower expressly agrees that any extension or delay in the time for payment or enforcement of this Note, to renewal of this Note and to any substitution or release of the Property, all without any way affecting the liability of Borrower hereunder. Any delay on Lender's part in exercising any right hereunder or under any of the Loan Documents shall not operate as a waiver. Lender's acceptance of partial or delinquent payments or the failure of Lender to exercise any rights shall not waive any obligation of Borrower or any right of Lender, or modify this Note, or waive any other similar default.

11. Costs of Collection. Borrower agrees to pay all costs of collection when incurred and all costs incurred by the Lender hereof in exercising or preserving any rights or remedies in connection with the enforcement and administration of this Note or following a default by Borrower, including but not limited to actual attorneys' fees. If any suit or action is instituted to enforce this Note, Borrower promises to pay, in addition to the costs and disbursements otherwise allowed by law, such sum as the court may adjudge reasonable attorneys' fees in such suit or action.

12. Usury. Borrower hereby represents that this loan is for commercial use and not for personal, family or household purposes. It is the specific intent of the Borrower and Lender that this Note bear a lawful rate of interest, and if any court of competent jurisdiction should determine that the rate herein provided for exceeds that which is statutorily permitted for the type of transaction evidenced hereby, the interest rate shall be reduced to the highest rate permitted by applicable law, with any excess interest theretofore collected being applied against principal or, if such principal has been fully repaid, returned to Borrower upon written demand.

13. Notices. All notices to be given pursuant to this Note shall be sufficient if given by personal services, by guaranteed overnight delivery services, by telex, telecopy or telegram or by

4

being mailed postage prepaid, certified or registered mail, return receipt requested, to the described addresses of the parties hereto as set forth below, or to such other address as a party may request in writing. Any time period provided in the giving of any notice hereunder shall commence upon the date of personal service, the date after delivery to the guaranteed overnight delivery service, the date of sending the telex, telecopy or telegram or two (2) days after mailing certified or registered mail.

**BORROWER'S ADDRESS:**   Oak Mesa Investors, LLC
c/o Ashby Development
470 E. Harrison St.
Corona, CA 92879-1314
Attn Richard K. Ashby

**LENDER'S ADDRESS:**   c/o USA Commercial Mortgage Company
4484 South Pecos Road
Las Vegas, Nevada 89121
Attn. Joseph D. Milanowski

14.  Assignment By Lender. Lender may assign its rights hereunder or obtain participants in this Note at any time, and any such assignee, successor or participant shall have all rights of the Lender hereunder.

15.  Multiple Parties. A default on the part of any one entity comprising Borrower or any Guarantor of this Note shall be deemed a default on the part of Borrower hereunder.

16.  Construction. This Note and all security documents and guaranties executed in connection with this Note have been reviewed and negotiated by Borrower, Lender and Guarantors at arms' length with the benefit of or opportunity to seek the assistance of legal counsel and shall not be construed against either party. The titles and captions in this Note are inserted for convenience only and in no way define, limit, extend, or modify the scope of intent of this Note.

17.  Partial Invalidity. If any section or provision of this Note is declared invalid or unenforceable by any court of competent jurisdiction, said determination shall not affect the validity or enforceability of the remaining terms hereof. No such determination in one jurisdiction shall affect any provision of this Note to the extent it is otherwise enforceable under the laws of any other applicable jurisdiction.

18.  Governing Law; Jurisdiction; Waiver of Jury Trial.

(a)  This Note shall be construed according to and governed by the laws of the State of Nevada, without regard to its choice of law provisions.

(b)  BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, (i) SUBMITS TO PERSONAL JURISDICTION IN THE STATE OF NEVADA OVER ANY SUIT, ACTION OR PROCEEDING BY ANY

5

PERSON ARISING FROM OR RELATING TO THIS NOTE, OR ANY OTHER OF THE LOAN DOCUMENTS, (ii) AGREES THAT ANY SUCH ACTION, SUIT OR PROCEEDING MAY BE BROUGHT IN ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION SITTING IN CLARK COUNTY, NEVADA, (iii) SUBMITS TO THE JURISDICTION OF SUCH COURTS, AND, (iv) TO THE FULLEST EXTENT PERMITTED BY LAW, AGREES THAT IT WILL NOT BRING ANY ACTION, SUIT OR PROCEEDING IN ANY FORUM OTHER THAN CLARK COUNTY, NEVADA (BUT NOTHING HEREIN SHALL AFFECT THE RIGHT OF LENDER TO BRING ANY ACTION, SUIT OR PROCEEDING IN ANY OTHER FORUM). BORROWER FURTHER CONSENTS AND AGREES TO SERVICE OF ANY SUMMONS, COMPLAINT OR OTHER LEGAL PROCESS IN ANY SUCH SUIT, ACTION OR PROCEEDING BY REGISTERED OR CERTIFIED U.S. MAIL, POSTAGE PREPAID, TO THE BORROWER AT THE ADDRESS FOR NOTICES DESCRIBED IN SECTION 13 HEREOF, AND CONSENTS AND AGREES THAT SUCH SERVICE SHALL CONSTITUTE IN EVERY RESPECT VALID AND EFFECTIVE SERVICE (BUT NOTHING HEREIN SHALL AFFECT THE VALIDITY OR EFFECTIVENESS OF PROCESS SERVED IN ANY OTHER MANNER PERMITTED BY LAW).

(c)     BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, WAIVES, RELINQUISHES AND FOREVER FORGOES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATING TO THE INDEBTEDNESS SECURED HEREBY OR ANY CONDUCT, ACT OR OMISSION OF LENDER, TRUSTEE OR BORROWER, OR ANY OF THEIR DIRECTORS, OFFICERS, PARTNERS, MEMBERS, EMPLOYEES, AGENTS OR ATTORNEYS, OR ANY OTHER PERSONS AFFILIATED WITH LENDER, TRUSTEE OR BORROWER, IN EACH OF THE FOREGOING CASES, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.

BORROWER:     Oak Mesa Investors, LLC
              Jabral Investments, LLC, Manager

              By: _____
                  Lawrence E. Redman, Manager


N:\LegalShare\Loans\Oak Mesa Investors\Note.wpd

# EXHIBIT "A"

## LENDERS

| Names | Amount |
|---|---|
| Liberty Resource Management Corp. | $200,000.00 |
| Deane Albright & Casey Persing Trustees of the Albright Persing & Associates Profit Sharing Plan | $100,000.00 |
| First Savings Bank Custodian For Harvey Alderson IRA | $50,000.00 |
| Robert L. Allgeier and Donna L. Allgeier trustees of the R. L. Allgeier Family Trust dated 10/4/1997 | $105,000.00 |
| A.I.G. Limited | $50,000.00 |
| James Annin and Betty Annin Trustees of Annin Family Trust | $50,000.00 |
| Rod Arbogast & Donna Arbogast, Trustees of the Arbogast Family Trust | $500,000.00 |
| B.E.A. Family, INC. Non-Profit Corporation, Bert E. Arnlund President | $50,000.00 |
| Bert E. Arnlund Trustee of the Bert E. Arnlund Charitable Remainder Unitrust dated 12/31/01 | $100,000.00 |
| X-Factor, Inc. | $150,000.00 |
| Helen T. Bahneman | $100,000.00 |
| Leonard Baker & Barbara Baker Co-Trustees of the Leonard Baker & Barbara Baker Revocable Trust | $50,000.00 |
| Daniel C. Barcia, a married man dealing with his sole & separate property | $50,000.00 |
| Denise L. Barzan, a married woman dealing with her sole & separate property & Barbara Snelson, a married woman dealing with her sole & separate property, as joint tenants with the right of survivorship | $50,000.00 |
| Jack J. Beaulieu Trustee of the Jack J. Beaulieu Revocable Living Trust dtd 9/1/94 | $400,000.00 |
| Bay Area Capital, LLC | $55,000.00 |
| Stanley Belnap & Gloria Belnap, husband & wife, as joint tenants with right of survivorship | $150,000.00 |
| Russell M. Blood & Judy A. Blood Trustees of the Blood Family Trust dtd 5/18/99 | $50,000.00 |
| William Bolding & Carolyn Bolding, joint tenants with right of survivorship | $50,000.00 |
| Judy A. Bonnet | $100,000.00 |
| John Borkoski & Kathleen Borkoski, husband & wife, as joint tenants with right of survirvorship | $50,000.00 |
| Marshall J. Brecht & Janet L. Brecht Trustees of the Marshall J. Brecht Trust dated 2/5/86 | $125,000.00 |
| June F. Brehm, a married woman dealing with her sole & separate property | $50,000.00 |
| Robert W. Browne & Muriel L. Browne Trustees of the Browne 1990 Family Trust dated 6/11/90 | $100,000.00 |
| Paul Bruggemans | $200,000.00 |
| First Savings Bank Custodian For Edward Burgess IRA | $130,000.00 |
| Leonard E. Cady & Mary Monica Cady, joint tenants with right of survivorship | $50,000.00 |
| Doyne J. Carson & Elsie L. Carson Trustees of the Carson Family Trust dated 9/16/93 | $50,000.00 |

| | |
|---|---:|
| Stefan R. Cavin, an unmarried man | $50,000.00 |
| Barbara A. Cecil, a married woman dealing with her sole & separate property | $50,000.00 |
| Kar Sei Cheung, a married woman dealing with her sole & separate property | $50,000.00 |
| Jill Chioino & John Choe, joint tenants with right of survivorship | $75,000.00 |
| Robert T Chylak & Barbara M Chylak Trustees of the Robert T Chylak & Barbara M Chylak Family Trust dated 10/30/90 | $60,000.00 |
| Larry E. Colborn & Loretta A. Colborn Trustees for the Colborn Revocable Living Trust dated 8/6/90 | $50,000.00 |
| The Mark Combs Pension & Profit Sharing Plans | $300,000.00 |
| Donald W. Cook Trustee of the Donald W. Cook Trust | $100,000.00 |
| June Cook Trustee of the Alvin Broido Marital Trust U/A dated 4/24/72 | $50,000.00 |
| James B. Corison Trustee of the James B. Corison Trust dated 12/3/98 | $100,000.00 |
| Bruce H. Corum, Trustee of the Credit Shelter Trust | $125,000.00 |
| Sam Costanza Trustee of the Costanza 1987 Survivor's Trust dated 3/12/87 | $55,500.00 |
| Sam Costanza, Trustee of The Costanza 1987 Decedent's Trust | $50,000.00 |
| Kevon Cottrell & Karen Cottrell, joint tenants with right of survivorship | $50,000.00 |
| James A. Coy & Margaret G. Coy Trustees of the James A. Coy & Margaret G. Coy Revocable Trust dated 9/27/00 | $50,000.00 |
| Jean C. Crowley an unmarried woman | $50,000.00 |
| Chris Dagiantis Trustee of the Chris Dagiantis Revocable Inter Vivos Trust | $60,000.00 |
| Glenn B. Davis & Bernie S. Davis Trustees of the Davis Revocable Living Trust UA 7/06/88 | $50,000.00 |
| Joseph Davis & Marion Sharp Co-Trustees of the Davis Family Trust | $80,000.00 |
| Tracy A. DeBerry, an unmarried man | $50,000.00 |
| DeHart/Hooks, L.P. | $50,000.00 |
| Robert DiBias & Louise G. Sherk Trustees of the Louise G. Sherk, MD, a medical corporation, Employee Benefit Plan Trust | $60,000.00 |
| Eric C. Disbrow Trustee of the Eric C. Disbrow MD Inc. Profit Sharing Plan | $50,000.00 |
| Pat A. Dolce | $50,000.00 |
| First Savings Bank Custodian for John C. Dunklee IRA | $200,000.00 |
| Sierra Eye Associates Profit Sharing Plan | $100,000.00 |
| Mark E. Eames & Sandy K. Eames, husband & wife, joint tenants with the right of survivorship | $50,000.00 |
| First Savings Bank Custodian for Robert D. Earp IRA | $50,000.00 |
| First Savings Bank Custodian for Lamberto Eugenio IRA | $100,000.00 |
| Byrne E. Falke Trustee of the Village Hardware Pension Trust | $125,000.00 |
| Byrne Falke Trustee of the Byrne Falke Living Trust | $125,000.00 |
| Marguerite Falkenborg Trustee of the Marguerite Falkenborg 2000 Trust dated 6/20/00 | $100,000.00 |
| Sierra West, Inc. | $50,000.00 |
| William H. Favro & Carol M. Favro Trustees of the Favro Trust dated 9/14/00 | $60,000.00 |
| Paul Fedrizzi & Jane E. Fedrizzi, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| A-1 Casters & Equipment Reno, L.L.C. | $50,000.00 |
| E & M Hardware Profit Sharing Plan | $200,000.00 |

| | |
|---|---:|
| William & Belinda Feeney, L.L.C. | $100,000.00 |
| Laura Fensterstock, a married woman dealing with her sole & seperate property | $50,000.00 |
| Larry Fernandez Trustee of the Fernandez Family Trust dated 6/20/84 | $50,000.00 |
| First Savings Bank Custodian For Lynn Fetterly IRA | $125,000.00 |
| Daniel K. Fix & Barbara J. Fix Trustees of the Daniel K. Fix & Barbara J. Fix Family Trust | $50,000.00 |
| Dennis Flier & Carol Flier Trustees of the Flier Family Trust dated 1/21/98 | $50,000.00 |
| Dennis Flier Trustee of the Dennis Flier, Inc. Defined Benefit Trust dated 6/29/87 | $130,000.00 |
| Donald H. Forbes & Raquel R. Forbes Trustees of the Forbes Revocable Trust dated 9/18/03 | $50,000.00 |
| James W. Forsythe & Earlene M. Forsythe, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| Judith L. Fountain trustee of the Judith L. Fountain Irrevocable trust dtd 08/26/97 | $250,000.00 |
| Alan B. Friedman | $100,000.00 |
| Brad H. Friedmutter Trustee of The Friedmutter Family Trust | $50,000.00 |
| Barry Gambarana, an unmarried man | $50,000.00 |
| Lynn M. Gillmore & Jimmy D. Gillmore, husband & wife | $50,000.00 |
| Sylvia M. Good Successor Trustee under the Sylvia M. Good Survivor's Trust established under the Sam Good Family Trust dated 6/25/86, amended & restated 3/14/91, as amended | $50,000.00 |
| Kenneth R. Greene & N. Dean Greene, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| Joanne M. Grundman, a single women & Erna D. Grundman, a single women, as joint tenants with right of survivorship | $50,000.00 |
| Suzanne M. Halvorson Trustee of the Suzanne M. Halvorson Trust dated 3/21/03 | $50,000.00 |
| Robert L. Hansen & Patricia S. Hansen, husband & wife, as joint tenants with the right of survivorship | $50,000.00 |
| William E. Hansen & Kathleen Hansen, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| Paul Hargis & Susan Gail Hargis, as joint tenants with right of survivorship | $125,000.00 |
| First Savings Bank Custodian For Herbert R. Heider IRA | $50,000.00 |
| Richard A. Helmberger & Genene M. Helmberger, joint tenants with right of survivorship | $100,000.00 |
| Donald L. Hess, an unmarried man & Kay J. Hart, an unmarried woman, as joint tenants with right of survivorship | $50,000.00 |
| First Trust Company of Onaga Custodian for Brenda High IRA | $82,000.00 |
| First Trust Company of Onaga Custodian for Hamilton High IRA | $50,000.00 |
| William J. Hinson, Jr. | $50,000.00 |
| Delwin C. Holt, an unmarried man | $50,000.00 |
| Athanasios N Iordanou & Rebecca Iordanou, husband & wife, as joint tenants with right of survivorship | $100,000.00 |
| David Jacobson & Cristina Jacobson Trustees of the Jacobson Family Trust dated 2/13/97 | $50,000.00 |
| Walter M. Jagodzinski & Jacqueline F. Jagodzinski Trustees of the Walter Jagodzinski Family Trust dated 10/31/90 | $100,000.00 |

| | |
|---|---:|
| Charles E. Johnson & Janet P. Johnson, husband & wife, as joint tenants with right of survivorship | $100,000.00 |
| Ronald Alvin Johnson & Janice Burgarello Trustees of the Ronald Alvin Johnson & Janice Burgarello Trust dated 1/10/93 | $50,000.00 |
| David Joyce, a married man dealing with his sole & separate property | $75,000.00 |
| K. Ken Kaneda & Brigitte Arend-Kaneda Trustees of the Kaneda Living Trust dated 5/30/02 | $50,000.00 |
| Russell E. Karsten Trustee of the Karsten 1987 Trust | $200,000.00 |
| Arthur E. Kebble & Thelma M. Kebble Trustees of the Arthur E. Kebble & Thelma M. Kebble Family Trust dated 5/19/95 | $50,000.00 |
| Robert J. Kehl & Ruth Ann Kehl, husband & wife, as joint tenants with right of survivorship | $500,000.00 |
| First Savings Bank Custodian for Frank C. Kendrick IRA | $70,000.00 |
| Leslie F. Kerns & Alma D. Kerns, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| Clawiter Associates, LLC | $50,000.00 |
| Frederick W. Kewell Trustee of the Barbara J. Kewell Trust dated 7/18/89 | $100,000.00 |
| Edward H. Kim, an unmarried man | $50,000.00 |
| Lawrence A. Kirkham & Kathleen B. Sanginiti Trustees of the Kirkham & Sanginiti Trust dated 2/29/96 | $50,000.00 |
| David W. Knobel | $150,000.00 |
| Guenther A. Kohler & Elfriede Kohler Trustees of the 1989 Kohler Living Trust dated 6/13/89 | $75,000.00 |
| Ruth A. Kuester Trustee of the Ruth A. Kuester Trust dated 1/29/91 | $115,000.00 |
| James R. LaFleur & Nancy N. LaFleur, husband & wife, as joint tenants with right of survivorship | $100,000.00 |
| Sidney L. Larson & Ruth Ann Larson Trustees of the Larson Family Trust dated 6/19/94 | $50,000.00 |
| Han K. Lee & Carol L. Lee, husband & wife, as joint tenants with the right of survivorship | $50,000.00 |
| Larry D. Lehrmann & Kathleen F. Lehrmann Trustees of the Lehrmann Family Trust dated 4/19/96 | $75,000.00 |
| Robert E. Levy, a married man dealing with his sole & separate property | $50,000.00 |
| Gerald Lewis & Judith J. Lewis, joint tenants with right of survivorship | $50,000.00 |
| James H. Lidster & Phyllus M. Lidster Trustees of the James H. Lidster Family Trust dated 1/20/92 | $50,000.00 |
| Mario M. Lommori & Clarice E. Lommori Trustees of the Lommori Family Trust dated 4/12/1993 | $50,000.00 |
| Rose M. Louis & Robert S. Louis, wife & husband, as joint tenants with right of survivorship | $50,000.00 |
| William Lukasavage & Joanne Lukasavage, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| Robert Lundberg | $65,000.00 |
| John M. Luongo & Gloria Luongo, joint tenants with right of survivorship payable on death to Stephanie Luongo | $50,000.00 |

| | |
|---|---:|
| B. Sue Luthi Trustee of the B. Sue Luthi Trust dated 7/9/97 | $60,000.00 |
| James E. Maclaren | $150,000.00 |
| Rogie C. Madlambayan, a single man | $100,000.00 |
| Marie A. Maki & Raymond E. Maki, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| Martin L. Manning, a married man dealing with sole & separate property | $50,000.00 |
| Zeev Mansdorf & Cila Mansdorf Trustees of the Mansdorf 1993 Trust | $100,000.00 |
| Lily Markham & Irene Anne Markham-Tafoya | $50,000.00 |
| Terry Markwell & Christiane Markwell Trustees of the Markwell Family Trust | $150,000.00 |
| JV Marrone Trustee for the benefit of The JV Marrone Revocable Trust dated 12/12/95 | $50,000.00 |
| V.R. Marrone & Reba F. Marrone Trustees of the V.R. & Reba F. Marrone Trust dated 10/22/01 | $50,000.00 |
| First Savings Bank Custodian For Bobbie Marrs IRA | $50,000.00 |
| First Savings Bank Custodian For Carmen G. McColly IRA | $62,000.00 |
| First Savings Bank Custodian For Martin W. McColly IRA | $55,000.00 |
| Dale J. McMullan Trustee of the McMullan Living Trust dated 8/19/94 | $50,000.00 |
| Teri L. Melvin, a single woman | $100,000.00 |
| Consuela Masias, a married woman dealing with her sole & seperate property | $50,000.00 |
| George H. Michael & Doramae Michael Trustees of the George H. Michael Family Trust Agreement dated 12/4/81 | $175,000.00 |
| Michaelian Holdings, LLC | $90,000.00 |
| Robert D. Mierau & Sandra J. Mierau Trustees of the Mierau Living Trust dated 9/14/98 | $50,000.00 |
| Connie Mihos & Ivan Loebs, as joint tenants with right of survivorship | $50,000.00 |
| Barbara Reiss Miller Trustee of the Barbara Reiss Miller Revocable Living Trust dated 2/4/03 | $50,000.00 |
| Albert J. Mineconzo Trustee of the Albert J. Mineconzo Living Trust dtd 11/4/97 | $50,000.00 |
| Douglas Minter & Elizabeth F. Minter Trustees of the Minter Family 1994 Trust | $50,000.00 |
| Monighetti, Inc. | $100,000.00 |
| Ronald K. Montesano Trustee for the benefit of The Underpass Trust | $50,000.00 |
| Arthur B. Moore | $60,000.00 |
| Adelaide Moschogianis & Christine Moschogianis | $50,000.00 |
| Anne Marie Mueller Trustee of the Anne Marie Mueller Trust | $50,000.00 |
| Laura Anne Taylor Mulkey | $175,000.00 |
| Daniel D. Newman Trustee of the Daniel D. Newman Trust dated 11/1/92 | $50,000.00 |
| Stanley Omaye, a married man dealing with his sole & separate property | $50,000.00 |
| Philip A. Palmintere & Nanci S. Palmintere Trustees of the Palmintere Revocable Trust dated 6/19/98 | $50,000.00 |
| Charles Lebron Parker & Mary Jane Parker, as joint tenants with right of survivorship | $50,000.00 |
| Bill Penn & Isa Penn Trustees of the Penn Family Trust dated 1/20/90 | $87,000.00 |
| Michael Percy & Carol Percy Trustees of the Percy Family Trust U/A 9/28/99 | $150,000.00 |
| Robert D. Phillips, an unmarried man | $120,000.00 |
| Lynda L. Pinnell Trustee of the Lynda L. Pinnell Living Trust dated 7/24/00 | $75,000.00 |

| | |
|---|---:|
| Ali Pirani, an unmarried man | $100,000.00 |
| Colleen Poindexter, an unmarried woman | $50,000.00 |
| Polacheck & Associates, Inc. Profit Sharing Plan dated 2/20/73 | $50,000.00 |
| Stephen B. Polacheck | $50,000.00 |
| Jack Polen & Gladys Polen Trustees of the Jack & Gladys Polen Family Trust dated 6/28/88 | $50,000.00 |
| Jeanne Rawdin, a single woman | $250,000.00 |
| Donald E. Redmon & Jaylyle Redmon Trustees of the Donald E. Redmon & Jaylyle Redmon Family Trust dated 10/31/95 | $50,000.00 |
| First Savings Bank Custodian For Manuel Rice IRA | $62,000.00 |
| Larry L. Rieger & Patsy R. Rieger Trustees of the Larry L. Rieger & Patsy R. Rieger Revocable Trust dated 8/14/91 | $100,000.00 |
| Rachel Riehle, an unmarried woman | $100,000.00 |
| Joseph N. Rizzuto & Dorothy Rizzuto Trustees of the Joseph N. Rizzuto Family Trust dated 4/24/89 | $50,000.00 |
| Cassandra Robbins, an unmarried woman | $60,000.00 |
| George A. Roberts & Sharon D. Roberts Trustees of the Roberts Trust dtd 3/11/03 | $400,000.00 |
| Saul Roisentul & Ilene Roisentul Trustees of the Roisentul Family Trust | $50,000.00 |
| David Rosner Trustee of the David Rosner Revocable Trust | $50,000.00 |
| Michael C. Ross & Gayle G. Ross Trustees of the Ross Family Trust dtd 6/12/03 | $100,000.00 |
| Thalia Nicholas Routsis Trustee of the Thalia Routsis Family Trust dated 7/24/90 | $100,000.00 |
| Michael P. Sapourn & Catherine O. Spourn, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| Steven G. Sapourn, a married man dealing with his sole & separate property | $65,000.00 |
| Charles Sass | $50,000.00 |
| Howard C. Sayler & Phyllis L. Sayler Trustees of the Sayler Family Trust dated 9/2/98 | $75,000.00 |
| Robert A Schell & Ruth M Schell Trustees of the Schell Family Trust dtd 8/21/92 | $50,000.00 |
| Karryn Rae Sherman Trustee of the Jeanne Heater Trust II | $50,000.00 |
| Alan R. Simmons & Judith B. Simmons, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| Herbert Slovis, a single man & Julie B. Slovis, a single woman, as joint tenants with right of survivorship | $100,000.00 |
| Edwin L. Snelson & Barbara Snelson, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| Rocklin/Redding LLC | $1,000,000.00 |
| Benjamin J. Solomon & Margaret C. Solomon Trustees of the Solomon Family Living Trust dated 3/12/93 | $250,000.00 |
| David A. Souza, a married man dealing with his sole & separate property | $100,000.00 |
| William M. Spangler & Jean A. Spangler, as joint tenants with right of survivorship | $50,000.00 |
| Robert Speckert Trustee of the Robert S. Speckert Rev. Living Trust dtd 6/11/92 | $125,000.00 |
| Brett W. Sperry, an unmarried man | $200,000.00 |
| Roy M. Stephen & Carol J. Stephen Trustees of the Stephen Family Trust dated 3/22/84 | $50,000.00 |

| | |
|---|---:|
| Tad Stephen & Diane Stephen, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| Joseph Sterling & Theresa Sterling Trustees of the Sterling Family Trust dated 6/14/02 | $50,000.00 |
| Michael D. Stewart & Mary Jude Stewart Trustees of the Stewart Family Trust dated 1/15/98 | $50,000.00 |
| David Stoebling Trustee of the Stoebling Family Trust | $50,000.00 |
| Robert A Susskind, an unmarried man | $75,000.00 |
| Leland K. Swanson Trustee of the Alvin M. Swanson & Grace E. Swanson Living Trust dated 7/26/01 | $180,000.00 |
| Sovereign Capital Advisors, LLC | $150,000.00 |
| First Savings Bank Custodian For Louise Teeter IRA Rollover | $60,000.00 |
| Norman Teeter, a single man | $82,000.00 |
| Robert G. Teeter | $60,000.00 |
| Lawrence H. Tengan & Lorraine K. Tengan Trustees of the Lawrence H. Tengan & Lorraine K. Tengan Revocable Trust | $50,000.00 |
| David M. Thatcher, a single man | $50,000.00 |
| Daryl D. Thompson Trustee of the Thompson 1993 Trust dated 1/26/93 | $550,000.00 |
| Sterling Tom Trustee of the Tom Trust | $50,000.00 |
| Sigmund Tomczak & Diana Tomczak Trustees of the Tomczak Family Trust dated 4/25/83 | $150,000.00 |
| Gerry Topp | $50,000.00 |
| Augustine Tuffanelli Trustee of the Augustine Tuffanelli Family Trust dtd 7/26/94 | $50,000.00 |
| Shirley Jean Tuffanelli Trustee of the Shirley Jean Tuffanelli Trust dated 6/18/91 | $50,000.00 |
| Pensco Trust Co. Inc. Custodian For Robert William Ulm IRA | $50,000.00 |
| Robert W. Ulm, an unmarried man | $50,000.00 |
| Benedict E. Urban & Roselyn N. Urban Trustees of The Benedict E. Urban & Roselyn N. Urban Family Trust dated 2/3/04 | $50,000.00 |
| USA Commercial Mortgage | $9,500.00 |
| Gloria Valair, a single woman | $50,000.00 |
| Donald E. Virts & Patricia Virts Trustees of the Virts Revocable Living Trust | $60,000.00 |
| Dennis J. Ward & Patricia A. Ward Trustees of the Ward Trust dated 5/21/96 | $150,000.00 |
| Frank Wasko, a single man | $50,000.00 |
| Ardis Weible & Dean F. Weible Co-Trustees of the Weible 1981 Trust dtd 6/30/81 | $100,000.00 |
| William D. Wickland & Victoria R. Wickland, husband & wife, as joint tenants with right of survivorship | $200,000.00 |
| Sharlyn Woolley, an unmarried woman | $50,000.00 |
| Gregory D. Yonai Trustee of the Gregory D. Yonai Family Trust | $50,000.00 |
| Judy S. Young, an unmarried woman | $100,000.00 |
| David L. Zwarg & Cara D. Zwarg, husband & wife, as joint tenants with right of survivorship | $100,000.00 |
| TOTAL | $20,500,000.00 |