```
 1  JEFFREY H. DAVIDSON (CA State Bar No. 73980),
    FRANK A. MEROLA (CA State Bar No. 136934), and
 2  CHRISTINE M. PAJAK (CA State Bar No. 217173), Members of
    STUTMAN, TREISTER & GLATT PROFESSIONAL CORPORATION
 3  1901 Avenue of the Stars, 12th Floor
    Los Angeles, California 90067
 4  Telephone:  (310) 228-5600
    Counsel for the Interim Committee
 5  Of Concerned Investors

 6  James Patrick Shea
    Nevada Bar No. 000405
 7  Shea & Carlyon, Ltd.
    233 S. Fourth Street
 8  Suite 200
    Las Vegas, NV  89101
 9  Telephone:  (702) 471-7432
10  Proposed local counsel for Stutman,
      Treister & Glatt Professional Corporation,
11      Specially appearing solely with regard to this
        Pleading
12
```

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY<br>         Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>         Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>         Debtor | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>         Debtor | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>         Debtor | BK-S-06-10729-LBR<br>Chapter 11 |

390462v4

| | |
|---|---|
| Affects:<br><br>☒ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☐ USA First Trust Deed Fund, LLC | )<br>)  **LIMITED OPPOSITION TO THE**<br>)  **DEBTORS' CASH MANAGEMENT**<br>)  **MOTION AND INTERIM USE OF CASH**<br>)<br>)  Date:   May 3, 2006<br>)  Time:   9:30 a.m.<br>)  Place:  Foley Federal Bldg.<br>)          300 Las Vegas Blvd. S.<br>)          Las Vegas, NV 89101<br>)<br>) |

390462v4                                    2

**TO THE HONORABLE LINDA B. RIEGLE, UNITED STATES BANKRUPTCY JUDGE:**

In response to the "Motion For Order Under 11 U.S.C. §§105(A), 345, And 363 Approving Debtors' Proposed Cash Management Procedures And Interim Use Of Cash In Accordance With Proposed Cash Budget" (the "Cash Management Motion")[1], filed by USA Commercial Mortgage Company ("USACM"), on behalf of itself and its affiliated debtors (each, a "Debtor" and, collectively, the "Debtors"), an organized group of investors, who each have done business with one or more of the Debtors (the "Interim Committee"), hereby files this limited opposition ("Limited Opposition") and states as follows:

### A. Until An Official Committee Has Been Appointed, The Debtors' Use Of Cash Should Be Strictly Limited.

Having received interim approval to implement their cash management system through May 3, 2006, the Debtors now seek final approval of their cash management system until July 15, 2006. Essentially, the Debtors are making this request in a vacuum, where no independent third party has been able to perform any due diligence and virtually no information has been filed with the Court or even been made available to creditors or investors. Indeed, the Debtors are simultaneously requesting a forty-five (45) day extension of the filing of their Schedules of Assets and Liabilities. The issues relating to the extended use of cash are particularly troubling in light of the fact that no official investors' committee or creditors' committee has been appointed in these cases.

---

[1] Terms not otherwise defined herein shall have the same meanings ascribed to them in the Cash Management Motion.

390462v4                                3

In the upcoming weeks, the Debtors' Budget reflects certain receipts and disbursements that raise particular concern. For example, in the week ending May 6, 2006, the Debtors anticipate spending $250,000 in legal fees and expenses in connection with post-petition financing. As the Debtors have yet to file any motion to seek approval of post-petition financing, it is premature to have the Court approve the payment of any such fees and these fees should not be approved. Further, the Debtors' Budget contemplates accruals of significant fees and expenses for legal and financial advisory services for the Debtors' estates. Once again, it is simply too early in these cases to determine whether these amounts are appropriate and whether the Debtors should be authorized to expend such funds.

Of the greatest concern, however, is the fact that the Debtors anticipate collecting more than $11.5 million during the week ending May 13, 2006, in connection with estimated receipts of interest and principal on outstanding loans from third party borrowers. Currently, the ownership of these funds is disputed – does this money belong the Debtors' estates or their investors or do the investors have a partial interest in such funds? If this money belongs to the Debtors' investors, which investors or group of investors does it belong to? These and other questions make clear that an independent voice is needed in these proceedings, and that the appointment of an official investors' committee must occur before significant expenditures of funds in the possession of the Debtors' estates are made for any purpose.

Therefore, the Interim Committee requests that the

Debtors' use of cash, pursuant to the proposed Budget (as modified by the objections made herein), be limited solely through the end of May 13, 2006, and solely to the extent necessary to avoid immediate and irreparable harm to the portfolio of mortgage loans and the Debtors' estates pending a final hearing, with all of the investors' rights reserved to object to any further use of cash.  By that date, it is anticipated that an official investors' committee will be appointed.  Such a committee can commence its investigation to determine whether these collections and the funds that were in the Debtors' accounts on the petition date are property of the Debtors' estates.  The committee can also then discuss with the Debtors the nature and necessity of the Debtors' proposed expenditures to facilitate further negotiations regarding a longer term agreement regarding the Debtors' continued use of cash, if and to the extent appropriate.

**B. To The Extent That Investors Have Interests In The Debtors' Funds, Investors Should Be Granted Adequate Protection.**

The Debtors have not provided any information regarding the source of cash that they seek to spend, nor have the Debtors even acknowledged that the money may constitute cash collateral under section 363(a) of the Bankruptcy Code, subject to the interests of one or more investors.  Under these circumstances, authority to use any significant amount of cash should not be granted unless and until the Debtors meet their burden of showing that investors' interests in the cash collateral to be spent are subject to adequate protection.  See,

1  e.g., 11 U.S. C. § 363(p)(1) (trustee has the burden of proof on
2  the issue of adequate protection); Perrott v. Johnston (In re
3  Johnston), 31 B.R. 202, 205 (Bankr. D. Vt. 1983) ("At the
4  hearing the Debtor offered no testimony as to how she was going
5  to furnish adequate protection and, in the absence of such
6  proof, she has not sustained the burden required by her under
7  Section 362(g) of the Code.").
8  
9          While it is up to the Debtors to propose the method of
10 providing adequate protection, there may be several means by
11 which investors can be protected to the extent that the Debtors
12 use investors' cash collateral.
13         First, the Bankruptcy Code expressly provides that the
14 granting of a replacement lien is a means of adequate
15 protection. See 11 U.S.C. § 361(2).  The Debtors could condition
16 their continued use of funds, on the granting of replacement
17 liens to the Debtors' investors to the extent that the Debtors'
18 use of funds results in any impairment, on or after the petition
19 date, in the investors' interest in such funds as of the
20 petition date.  Such replacement liens would not adversely
21 affect the Debtors and would ensure that the Debtors' investors
22 receive full protection of their interests, if any, in these
23 funds.
24         Second, the Debtors, pursuant to Bankruptcy Code
25 507(b), could also recognize a super-priority claim of any such
26 investors.  Specifically, Bankruptcy Code section 507(b)
27 provides as follows:
28         If the trustee, under section 362, 363, or 364
           of this title, provides adequate protection of

390462v4                          6

> *the interest of a holder of a claim secured by a lien on property of the debtor and if, notwithstanding such protection, such creditor has a claim allowable under subsection (a)(1) of this section arising from the stay of action against such property under section 362 of this title, from the use, sale or lease of such property under section 363 of this title, or from the granting of a lien under 364(d) of this title, then such creditor's claim under such subsection shall have priority over every other claim under such subsection.*

11 U.S.C. §507(b) (emphasis added).

Finally, as further adequate protection, the Debtors could provide their investors access to the Debtors' books and records to ensure that the Debtors are obtaining cash receipts and making disbursements in accordance with their Budget.

**WHEREFORE,** the Interim Committee respectfully requests that the Court (i) limit the use of cash proposed in the Debtors' Cash Management Motion as set forth herein, (ii) prohibit the Debtors from making any disbursements with respect to legal counsel fees and expenses related to post-petition financing absent a further Court order, (iii) withhold approval of the accrued professional fees and expenses set forth in the Budget, (iv) limit the duration of the Debtors' use of cash, pursuant to their proposed Budget (as modified herein), only through May 13, 2006, with all rights of the Debtors' investors reserved with respect to any further use of cash, and (v) grant such other relief as may be necessary or appropriate.

1  Respectfully submitted this 2nd day of May, 2006.

2

3
             _____/s/ Eve H. Karasik_____
4

5  JEFFREY H. DAVIDSON (CA State Bar No. 73980),
   FRANK A. MEROLA (CA State Bar No. 136934), and
6  CHRISTINE M. PAJAK (CA State Bar No. 217173), Members of
   STUTMAN, TREISTER & GLATT, P.C.
7  1901 Avenue of the Stars, 12th Floor
   Los Angeles, CA  90067
8  Telephone:  (310) 228-5600

9
   COUNSEL FOR THE INTERIM COMMITTEE
10 OF CONCERNED INVESTORS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

390462v4                            8