ORIGINAL

RECEIVED & FILED

'06 MAY -2 A9 :04

U.S. BANKRUPTCY COURT
[illegible stamp]

Nicholas J. Santoro
Nevada Bar Number 00532
Email: NSantoro@Nevadafirm.com
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:    702/791-1912

*Attorney for Nicholas J. Santoro and Juanita Santoro as Trustees of the Nicholas J and Juanita Santoro Family Trust*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No.: 06-10725-LBR<br>Chapter 11<br><br>**JOINDER OF NICHOLAS J. SANTORO IN SUPPORT IN PARTIAL OPPOSITION TO "DEBTORS' PROPOSED CASH MANAGEMENT PROCEDURES AND INTERIM USE OF CASH IN ACCORDANCE WITH PROPOSED CASH BUDGET"**<br><br>Date of Hearing:    May 3, 2006<br>Time of Hearing:    9:30 a.m.<br>Place: Courtroom No. 1, Third Floor<br>Foley Federal Building<br>300 Las Vegas Blvd., S.<br>Las Vegas, NV 89101<br><br>Judge: Hon. Linda Riegle |

Nicholas J. and Juanita Santoro, Co-Trustees of the Nicholas J. and Juanita Santoro Family Trust (the "Trust"), by and through their undersigned attorney, hereby join in the GREGORY J. WALCH'S PARTIAL OPPOSITION TO "DEBTORS' PROPOSED CASH MANAGEMENT PROCEDURES AND INTERIM USE OF CASH IN ACCORDANCE WITH PROPOSED CASH BUDGET" filed by Gregory J. and Shauna M. Walch Family Trust (the "Opposition") for the reasons set forth in the Opposition and based upon the attached Declaration

01969-00/78646.doc

of Nicholas J. Santoro in Support of Joinder in Partial Opposition to "Debtors' Proposed Cash Management Procedures and Interim Use of Cash in Accordance with Proposed Cash Budget".

Dated this ___1___ day of May, 2006.

*[signature]*

Nicholas J. Santoro, Esq.
Nevada Bar Number 00532
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: 702/791-0308
Facsimile: 702/791-1912

- 2 -

01985-00/78646.doc

# EXHIBIT 1

# EXHIBIT 1

Nicholas J. Santoro
Nevada Bar Number 00532
Email: NSantoro@Nevadafirm.com
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:   702/791-0308
Facsimile:   702/791-1912

*Attorney for Nicholas J. Santoro and Juanita Santoro as Trustees of the Nicholas J and Juanita Santoro Family Trust*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 06-10725-LBR<br>Chapter 11 |
| USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | **DECLARATION OF NICHOLAS J. SANTORO IN SUPPORT OF JOINDER IN PARTIAL OPPOSITION TO "DEBTORS' PROPOSED CASH MANAGEMENT PROCEDURES AND INTERIM USE OF CASH IN ACCORDANCE WITH PROPOSED CASH BUDGET"**<br><br>Date of Hearing:   May 3, 2006<br>Time of Hearing:   9:30 a.m.<br>Place: Courtroom No. 1, Third Floor<br>Foley Federal Building<br>300 Las Vegas Blvd., S.<br>Las Vegas, NV 89101<br><br>Judge: Hon. Linda Riegle |

1. I am an attorney licensed to practice law in the State of Nevada and am a co-trustee of the Nicholas J. and Juanita Santoro Family Trust ("the Trust"). I am submitting this declaration in support of the Trust's Joinder in the Partial Opposition filed by Gregory J. Walch and Shauna M. Walch to "Debtors' Proposed Cash Management Procedures And Interim Use Of Cash In Accordance With Proposed Cash Budget" ("Interim Request"), and make this declaration based upon my personal knowledge.

2. The Trust is a direct lender in five loans (the "Loans") arranged by USA Commercial Mortgage Company ("UCM") between August 2005 and March 2006: Marlton Square, Binford Medical Developers, Gateway Stone, Fox Hills and Copper Sage Center Phase II. In each case,

01969-00/78638.doc

1  UCM's broker approached the Trust about making a loan to a borrower with real estate to pledge
2  as security for the loan.

3        3. In each loan transaction, the Trust sent a check to UCM for which the Trust obtained a
4  receipt; the loan was made to the borrower; the borrower gave a note reflecting the loan from the
5  Trust; the borrower executed a deed of trust securing the note; and the deed of trust was to be
6  recorded by UCM.

7        4. I executed on behalf of the Trust a Loan Servicing Agreement between the Trust and
8  UCM, which provided, among other things, that UCM would collect interest and, if applicable,
9  principal owed by the borrowers to the Trust on a monthly basis from each of the Loans, charge
10 a service fee of up to 3% per annum (netting the Trust between 12% and 12.5% yield), and
11 distribute the payment to the Trust and other direct lenders. Other than the described Loan
12 Servicing Agreement and accompanying powers of attorney for each Loan (which basically
13 allowed UCM to foreclose and take other actions consistent with its servicing duties), there was
14 no other arrangement between the Trust and UCM. The Trust did not invest in UCM, the
15 affiliated pooled real estate lending funds, or borrowers.

16       4. The Trust does not consent to the Debtor's Interim Request insofar as it seeks to
17 perpetuate the wrongful commingling, misuse, and possible conversion of lender funds that
18 brought UCM to this court in the first place. Specifically, the Trust opposes any use of Trust
19 money held in the DIP Collection Account or other accounts to fund operating expenses of
20 Debtor or its affiliates as contemplated in paragraphs "f" and "g" of the Interim Request. Having
21 said that, with proper accounting procedures in place, the Trust has no objection to the Debtor
22 deducting from the DIP Collection Account applicable Loan servicing fees and the amounts to
23 which the two UCM affiliate pooled funds may be entitled as fractional payees on the Loan
24 notes. Everything else collected from borrowers on the Loans prior to and after the petition,
25 however, is not property of the estate under 11 U.S.C. § 541 and cannot be re-characterized as
26 such merely because Debtor happens to be the addressee for the borrowers' payments on the
27 Loans and Debtor thinks it is more expedient to take the Trust's money than obtain appropriate
28 post-petition financing.

01985-00/78638.doc

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this ____1____ day of May, 2006.

                                                             /s/ Nicholas J. Santoro
                                                             Nicholas J. Santoro, Esq.