Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer
Nevada Bar No. 0399
Jeanette E. McPherson
Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
Proposed Attorneys for Debtors and Debtors-in-Possession

**E-FILED ON MAY 8, 2006**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                        Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                        Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                        Debtor. | **MOTION FOR ORDER AUTHORIZING REIMBURSEMENT OF DUE DILIGENCE EXPENSES OF POTENTIAL POST-PETITION LENDER (AFFECTS ALL DEBTORS)** |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                        Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>                                                        Debtor. | Date: May 18, 2006<br>Time: 9:30 a.m. |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |

1

Debtors, USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund ("USA Diversified"), and USA Capital First Trust Deed Fund ("USA First") (collectively referred to as "Debtors"), by and through their counsel, Ray Quinney & Nebeker P.C. and Schwartzer & McPherson Law Firm, hereby file this Motion For Order Authorizing Reimbursement Of Due Diligence Expenses Of Potential Post-Petition Lender (the "Motion"). This Motion seeks an Order from the Court pursuant to 11 U.S.C. §§ 105(a), 363(b) and 364, granting the Debtors the authority to pay to Fortress Credit Corp. ("Fortress") a deposit in the amount of $150,000, to be used to reimburse Fortress for expenses incurred or anticipated to be incurred in connection with due diligence review of potential debtor-in-possession financing. In support of this Motion, the Debtors represent as follows.

## POINTS AND AUTHORITIES

### Factual Background

1. On April 13, 2006 (the "Petition Date"), the Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code.

2. Debtors have been actively soliciting lenders for post-petition, debtor-in-possession financing for purposes of, among other things, funding operational expenses, outstanding loan commitments or additional construction on real estate projects associated with loans currently being serviced by USACM (one of the Debtors herein), and making new commercial real estate loans. Debtors believe in their business judgment that obtaining debtor-in-possession financing, on appropriate terms and subject to Court approval which will be sought separately at a later time, will be beneficial to their respective bankruptcy estates and to all parties in interest.

3. Fortress is a sophisticated lender with interest in providing debtor-in-possession financing to Debtors. Debtors and Fortress have not entered into any binding agreement concerning any anticipated debtor-in-possession financing. This motion is a predicate to reaching such an agreement. Fortress has presented to the Debtors a draft Term Sheet for the purpose of discussing potential debtor-in-possession financing with the Debtors, and the Debtors will separately file a summary of the key proposed terms. The Debtors have selected Fortress from

1  among several other debtor-in-possession lenders because the draft Term Sheet of Fortress was, in
2  Debtors' business judgment, more favorable than those proposed by other lenders.

3      4.    Before Fortress is willing to commit additional time and resources in evaluating this potential transaction, Fortress has asked Debtors to agree to reimburse Fortress for actual expenses (including Fortress's reasonable attorney fees) incurred by Fortress in connection with completion of due diligence and other matters with respect to the anticipated transaction. Fortress has asked that Debtors provide a cash deposit (the "Deposit") in the amount of $150,000, to be applied by Fortress toward actual expenses incurred or to be incurred in completing due diligence and other matters with respect to the anticipated transaction. In the event Fortress's actual due-diligence expenses, as reasonably documented to the Debtors' satisfaction, are less than $150,000, the balance will be refunded to the Debtors. In the event Fortress's actual due-diligence expenses for the limited due diligence period exceed $150,000, the Debtors may request, as part of a motion seeking approval of a definitive debtor-in-possession financing agreement with Fortress, for Court approval to reimburse Fortress for such additional expenses.

    5.    In exchange for Debtors' agreement to reimburse due diligence expenses of Fortress, Fortress has agreed that if Fortress concludes, for any reason, not to proceed with this proposed transaction, Fortress will deliver to the Debtors copies of all written work-product created by Fortress in its due diligence review of the potential financing transaction (excluding documents protected by attorney/client privilege or the attorney work product doctrine). Debtors will be able to use the due diligence work product created by Fortress to explore alternative debtor-in-possession financing options with other lenders.

    6.    Debtors desire to have Fortress continue with its due diligence and to have Fortress continue to consider entering into a definitive agreement with the Debtors respecting post-petition financing. As noted above, any agreement between Debtors and Fortress that may be reached at a later time respecting post-petition financing will be subject to Court approval after notice and hearing.

**MEMORANDUM OF LAW**

11 U.S.C. §363(b) allows the Debtors to use property of the estate, other than in the

P:\USA Commercial Mortgage\Pleadings\DIP (Motion To Pay Due Diligence Fee) Motion\Motion To Pay Due Diligence Fee (DIP).DOC/870629

1 ordinary course of business, after notice and hearing. 11 U.S.C. §364 allows the Debtors, after notice and hearing and subject to the restrictions of that provision, to obtain post-petition financing. In order for Debtors to utilize the benefits granted in these statutory provisions, Debtors should be permitted to pay the Deposit required by the potential debtor-in-possession lender.

**CONCLUSION**

Based upon the foregoing, USACM respectfully requests that the Court enter an order authorizing USACM to pay to Fortress the Deposit, in the amount of $150,000, to be used solely to reimburse Fortress for its reasonable and actual due-diligence expenses, as described herein.

DATED this 8th day of May, 2006.

/s/ Jeanette E. McPherson
Lenard E. Schwartzer, Esq.
Jeanette E. McPherson, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas, Nevada 89146
Proposed Attorneys for Debtors
and Debtors-in-Possession