Robert C. LePome, Esq.  
330 S. Third St. #1100B  
Las Vegas, NV 89101  
(702) 385-5509  
Nevada Bar #1980  
Attorney for Interested Parties

E-Filed May 9, 2006

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: ) | BK-S-06-10725-LBR |
| ) | Chapter 11 |
| USA COMMERCIAL MORTGAGE COMPANY ) | |
| Debtor ) | |
| In re: ) | BK-S-06-10726-LBR |
| ) | Chapter 11 |
| USA CAPITAL REALTY ADVISORS, LLC, ) | |
| Debtor ) | |
| In re: ) | BK-S-06-10727-LBR |
| ) | Chapter 11 |
| USA CAPITAL DIVERSIFIED TRUST DEED ) | |
| FUND, LLC, ) | |
| Debtor ) | |
| In re: ) | BK-S-06-10728-LBR |
| ) | Chapter 11 |
| USA CAPITAL FIRST TRUST DEED FUND, ) | |
| LLC, ) | |
| Debtor ) | |
| In re: ) | BK-S-06-10729-LBR |
| ) | Chapter 11 |
| USA SECURITIES, LLC, ) | |
| Debtor ) | |
| Affects: ) | |
| ☐ All Debtors ) | |
| ■ USA Commercial Mortgage Co. ) | |
| ☐ USA Securities, LLC ) | |
| ☐ USA Capital Realty Advisors, LLC ) | DATE: 6-5-06 |
| ☐ USA Capital Diversified Trust Deed ) | TIME: 9:30 AM |
| ☐ USA First Trust Deed Fund, LLC ) | |
| ) | |

MOTION FOR ORDER AUTHORIZING RETURN OF NON-INVESTED FUNDS OF
GRABLE B. RONNING, THE WILD WATER LIMITED PARTNERSHIP,
CROSBIE B. RONNING and THE BOSWORTH 1988 FAMILY TRUST

COME NOW GRABLE B. RONNING, THE WILD WATER LIMITED PARTNERSHIP, CROSBIE B. RONNING and THE BOSWORTH 1988 FAMILY TRUST (hereafter "RONNING") by and through their attorney, ROBERT C. LEPOME, ESQ., and files a Motion for Order Authorizing Return of Non-Invested Funds of Grable B. Ronning, The Wildwater Limited Partnership, Crosbie B. Ronning and The Bosworth 1988 Family Trust. This Motion is based upon the Points and Authorities attached hereto.

Robert C. LePome, Esq.

/s/ Robert C. LePome, Esq
Robert C. LePome, Esq.
330 S. Third St. #1100B
Las Vegas, NV 89101
(702) 385-5509
Nevada Bar #1980
Attorney for Interest Parties

POINTS AND AUTHORITIES

Facts

The Debtors receipted for approximately $100,000.00 of RONNING's money on the eve of the Chapter 11 filing to be invested in Margarita Annex and Fox Hills. See checks dated "D", "E" and "F" respectively. Some of the checks cleared on April 12, 2006 the banking system the day prior to the Bankruptcy filing. These funds were not advanced to the borrowers prior to the filing of April 13, 2006. The Movant bases

this belief on the fact that no documentation has been received nor has there been a Deed of Trust recorded to their knowledge. RONNING further were paid off with funds issued by Debtor prior to the filing from loans which were either paid off or extensions denied. See check for $100,000.00 attached as Exhibit "A", and check for $50,000.00 attached as Exhibit "B", and check for $50,000.00 attached as Exhibit "C". The funds were merely receipted for and placed into the trust account on the eve of bankruptcy. They were disbursed to no one and not used for any purpose.

The Law

Debtors and their affiliates are licensed by the State of Nevada Financial Institution Division as mortgage brokers or mortgage agents under NRS 645B. Escrow Accounts are required under NRS 645B.165 through 175 and commingling is prohibited under NRS 645B.180.

RONNING is the owner of funds placed into Trust prior to investment. It would appear that under NRS 645B, the Debtor cannot claim that any of "recent checks" represented by Exhibits "A", "B", "C", "D", "E" and "F" are property of the estate. Indeed NRS 645B.165 through 180 make it very clear that the funds are trust funds very similar to those in an attorney's trust account and are given the same protection. The law at NRS 645B.180 specifically states that "Money in an impound trust account is not subject to execution or attachment on any claim against the mortgage broker or his mortgage agents." To the extent that Debtors have breached their fiduciary duties, they should be disqualified as servicing agents or indeed, as Debtors-in-Possession.

The funds represented by Exhibits "A", "B", "C", "D", "E" and "F" do not belong to the Debtor and must be returned. This is clearly the law in our circuit. See <u>Golden Mortgage v. Kennedy</u>, 171 B.R. 79 (B.A.P. 9th Cir.) 1994. These funds are very different from the $1.5 Million previously funded by Movants' RONNING which are similar to those of all other investors. Movants' RONNING do not seek the release of any funds advanced prior to March 1, 2006. The facts herein are very similar to those previously ruled on concerning return of investor's recently deposited easily identifiable funds which were not used for the intended purpose. See Motion for Order Authorizing Return of Investors of Certain Escrowed Funds Intended for the Bundy Canyon Project filed herein on April 27, 2006 as Document #68.

## Conclusion

The Motion to Allow Payment of Non-Invested Funds should be granted and the funds not invested by Debtors and turned over to Borrowers should be returned to Movant upon entry of the Order of this Court plus 11 days.

Robert C. LePome, Esq.

 /s/ Robert C. LePome, Esq
Robert C. LePome, Esq.
330 S. Third St. #1100B
Las Vegas, NV 89101
(702) 385-5509
Nevada Bar #1980
Attorney for Interest Parties