| | |
|---|---|
| JANET L. CHUBB, ESQ.<br>Nevada State Bar No. 176<br>LOUIS M. BUBALA III, ESQ.<br>Nevada State Bar No. 8974<br>JONES VARGAS<br>100 W. Liberty St, 12th Floor<br>P.O. Box 281<br>Reno, NV 89504-0281<br>Telephone:  775-786-5000<br>Fax:  775-786-1177<br>Email:  jlc@jonesvargas.com<br>   and   tbw@jonesvargas.com<br>   and   lbubala@jonesvargas.com<br><br>Attorneys for Direct Lenders | *Electronically Filed on:*<br>*May 11, 2006* |

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                                Debtor.<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                                Debtor.<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                                Debtor.<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                                Debtor.<br><br>USA SECURITIES, LLC,<br>                                                                Debtor.<br><br>Affects:<br>☐ All Debtors<br>■ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>Chapter         11<br><br>**DIRECT LENDERS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY (AFFECTS USA COMMERCIAL MORTGAGE CO.)**<br><br>Hearing Date:  June 5, 2006<br>Hearing Time:  9:30 am |

1

Jones Vargas represents numerous direct lenders, who are named beneficiaries under recorded deeds of trust (hereinafter "Direct Lenders"), of certain loans which were originated and serviced by Debtor USA Commercial Mortgage Co. (hereinafter "USA Commercial"). The Direct Lenders hereby move to obtain relief from the automatic stay, pursuant to Fed. R. Bankr. P. 9013 and 11 U.S.C. § 362(d). This motion is based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and any other material this Court may wish to consider.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. INTRODUCTION

The Direct Lenders seek relief from the automatic stay to terminate USA Commercial as the loan servicing agent, pursuant to the terms of their Loan Servicing Agreements. A copy of a Direct Lenders' Loan Servicing Agreement is attached as Exhibit 1. The Direct Lenders bring this motion to protect their rights in the borrower payments, which USA Commercial currently receives for them as their loan servicing agent.

To appreciate how these rights arise, it is important to understand the relationship between USA Commercial and the Direct Lenders. USA Commercial is, in part, a mortgage broker that solicits funding from private, non-bank lenders to directly finance commercial developments. *See* Debtor's Motion For Order Under 11 U.S.C. Sections 105(a), 345, and 363 Approving Debtors' Proposed Cash Management Procedures and Interim Use Of Cash In Accordance With Proposed Cash Budget, Ct. Dkt. #8 at Ex. C p. 3 ("Third Party Investors"). To be clear, USA Commercial does not finance the loans originally, and then bring in the Direct Lenders as investors to back its loans, but rather, solicits enough lenders to directly fund the loan. Once USA Commercial secures sufficient lenders to fully fund a project, it then prepares the loan agreements, promissory notes, deeds of trust, and other related documents for the transaction. The documents specify the amount each lender loans the borrower, and each lender is secured as a direct beneficiary in the promissory note in an amount proportional to its contribution to the loan. The promissory notes, loan agreements and recorded deeds of trust include the names of each beneficiary in an attachment, usually as Exhibit A. After the documents are executed, USA Commercial's only

2

H:\Fs1Wp51\Direct Lenders-Beneficiaries\Pleadings\Mtn, Relief Stay-Change Agent, 5.2.06\Mtn, Relief Stay-Change Agent, 5.2.06.doc

1  relationship to the transaction is as an agent for the Direct Lenders, who contractually retain USA
2  Commercial as their loan servicing agent.[1]

3  The Direct Lenders acknowledge that USA Commercial has an interest in the fees it
4  collects as servicing agent, pursuant to its loan servicing contract. However, the Direct Lenders
5  also have a contractual right to terminate USA Commercial as the servicing agent if it fails to
6  perform its duties. Given that USA Commercial admits in its pleadings that it failed to properly
7  account for the funds associated with the loans it is servicing and failed to commence foreclosure
8  proceedings on the non-performing loans, it is in breach of its servicing contracts with the Direct
9  Lenders. Therefore, the Direct Lenders move for relief from the automatic stay to invoke their
10 contractual rights to terminate USA Commercial as their servicing agent on their loans.

## II. BACKGROUND

As USA Commercial acknowledges, there are thousands of lenders involved in its loans (Ct. Dkt. #8 at ¶4). Therefore, as an overview, the Direct Lenders present a representative example of a lender-loan package: Mojave Canyon, Inc.'s (J.B. Partain, principal) loan in what is referred to as the Roam Development Group, L.P., project. Although this loan was non-performing as of April 13, 2006, the loan used USA Commercial's standard forms and can, therefore, be representative of performing loans as well as non-performing loans. *See* Ct. Dkt. #130, Supplemental Declaration of Thomas J. Allison & Ex. A, discussing loan performance.

On or about February 28, 2005, Mr. Partain as an officer of Mojave Canyon, Inc., signed a generalized Loan Servicing Agreement ("Agreement") with USA Commercial. See Ex. 1. The Agreement states that USA Commercial is a mortgage broker and servicing agent, that Mojave Canyon, Inc., wishes to lend funds to borrowers for loans brokered by USA Commercial, and to retain USA Commercial as a servicing agent. *Id.* at Recitals A-C. The Agreement is not specific to any individual project. *Id.* USA Commercial agrees to provide the services necessary to broker and service loans, which include, without limitation, maintaining account records on each note and

---

[1] Although USA Commercial allegedly contributed money to some of the loans it services, it is not a lender in the Roam Development loan described below.

3

H:\Fs1Wp51\Direct Lenders-Beneficiaries\Pleadings\Mtn, Relief Stay-Change Agent, 5.2.06\Mtn, Relief Stay-Change Agent, 5.2.06.doc

the sums collected, diligent collection of all payments and prompt payment to the lender, at least quarterly statements regarding loan collections, and foreclosure or other necessary actions in the event of borrower non-payment. *Id.* at ¶¶ 1-2. USA Commercial is compensated with an annual service fee of up to one percent of the maximum principal loan amount, payable in a pro-rated monthly amount for each month serviced. *Id.* at ¶ 5.

The Agreement does not explicitly state so, but it is apparent that Mojave Canyon, Inc., is one of many lenders whose funds are pooled to fund loans. If USA Commercial fails to perform its obligations on the Agreement, any lender may, upon thirty (30) days written notice, pursuant to paragraph 8, terminate the Agreement. Under paragraph 3, and upon USA Commercial's failure to act in the event of a default, any lender, with the approval of fifty-one percent (51%) or more of the holders of the beneficial interest of record, may designate a new servicing agent to enforce the rights of the beneficiaries.

On or about February 28, 2005, Mr. Partain, as an officer of Mojave Canyon, Inc. signed a Declaration of Agency/Limited Power of Attorney for a loan to Roam Development Group, L.P. ("Declaration"). A copy of an unsigned version is attached as Exhibit 2. The Declaration specifies that USA Commercial is the Direct Lenders' "agent to accept delivery of the Note and to hold same on [his] behalf throughout the term of the loan." *Id.* at ¶ 1. The Direct Lenders also appointed USA Commercial as his/their/its agent "to ask, demand, sue for, recover, collect and receive each and every sum of money, debt, account and demand, . . . [that] belong[s] to or [is] claimed by [the Direct Lender] in connection with the Loan." *Id.* at ¶ 2(a). USA Commercial may not "use or release any money in which Direct Lender holds a beneficial interest under the Deed of Trust for any purpose not directly related to servicing the Loan." *Id.* at ¶ 3. Mojave Canyon, Inc., provided USA Commercial with the power of attorney for the length of the loan, as defined by the maturity date specified in the promissory note, unless such power is extended in writing to cover an extension of and/or a monetary addition to the loan. *Id.*

On or about February 28, 2005, Mojave Canyon, Inc., became a party to the Loan Agreement, Promissory Note, and Deed of Trust with Roam Development Group, L.P., copies of which are attached as Exhibits 3-5, respectively. Mojave Canyon, Inc., contributed $100,000

4

1  toward the $25.7 million loan, is among nearly 300 lenders listed in the loan documents, and is
2  secured as beneficiary to the Promissory Note and Deed of Trust in an amount proportional to its
3  contribution to the loan. See Ex. 3, Loan Agreement at ¶ 3.1 (Amount of Loan) & Ex. A, p. 32;
4  See also Ex. 4, Promissory Note at Ex. A, p. 12, and Ex. 5, Deed of Trust at Ex. A, p. 29.

5        The borrower agreed to repay the loan at twelve-percent annual interest with interest-only
6  payments until the loan matured eighteen months after the Deed of Trust was recorded. Ex. 3,
7  Loan Agreement at ¶ 1.1 (Defined Terms, "Maturity Date") & ¶ 3.1 (Amount of Loan); Ex. 4,
8  Promissory Note at Recital and ¶¶ 1-3 (Note Amount, Interest Rate, Payments, and Maturity
9  Date). Lenders recorded the Deed of Trust March 31, 2005. Ex. 5. Based on the Loan
10  Agreement and Promissory Note, the loan will mature on or about September 30, 2006, eighteen
11  months after lenders recorded the Deed of Trust.

### III. ARGUMENT

13  "[T]he court shall grant relief from the stay provided under subsection (a) of this section,
14  such as terminating, annulling, modifying, or conditioning such stay for cause." 11 U.S.C. §
15  362(d)(1). Cause exists because USA Commercial has breached its duties under its loan servicing
16  contracts with the Direct Lenders. Among the services that USA Commercial agreed to provide
17  are, without limitation, maintaining account records on each note and the sums collected, diligent
18  collection of all payments and prompt payment of the lender, at least quarterly statements
19  regarding loan collections, and foreclosure or other necessary actions in the event of borrower
20  non-payment. Ex. 1, Loan Servicing Agreement at ¶¶ 1-2. However, USA Commercial admits
21  that it did not keep proper account records, did not diligently collect all payments and promptly
22  pay each lender, and did not foreclose or take other necessary action when borrowers failed to pay
23  on their loans (*E.g.*, Ct. Dkt. #8, Motion for Order Approving Cash Management, and #120,
24  Supplemental Decl. of T.J. Allison). (No declaration is filed in support of this motion because
25  Debtors have acknowledged the numerous breaches.) Therefore, USA Commercial has breached
26  its duties under the Loan Servicing Agreements, regardless of whether a loan is performing or
27  non-performing.

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

5

H:\Fs1Wp51\Direct Lenders-Beneficiaries\Pleadings\Mtn, Relief Stay-Change Agent, 5.2.06\Mtn, Relief Stay-Change Agent, 5.2.06.doc

1    Because of USA Commercial's contractual breaches, the Direct Lenders move to exercise their absolute, contractual rights to terminate USA Commercial as their loan servicing agent. The servicing contract allows the Direct Lenders to terminate the contract when USA Commercial "fails to act on Lender's behalf" or "fails to perform its obligations." According to the Agreement, any lender may, upon thirty (30) days written notice terminate the Agreement. See ¶ 8. Under paragraph 3, any lender, with the approval of fifty-one percent (51%) or more of the holders of the beneficial interest of record, may designate a new servicing agent to enforce the beneficiaries rights. Ex. 1, Loan Servicing Agreement at ¶¶ 3(a) and 8. It is undisputed that USA Commercial has failed to perform is contractual obligations as a servicing agent to act on behalf of the Direct Lenders. Thus, the Direct Lenders move for relief of the automatic stay to allow them to terminate USA Commercial as the servicing agent on their loans.

## IV.  CONCLUSION

USA Commercial has failed to satisfy the terms of its Loan Servicing Agreements with the Direct Lenders. Due to USA Commercial's failures, the Direct Lenders seek to execute their contractual rights to terminate their servicing contracts with USA Commercial and hire a new servicing agent. Therefore, the Direct Lenders move for relief from the automatic stay in order to terminate USA Commercial as the servicing agent on their loans.

DATED this 11th day of May, 2006.

JONES VARGAS

By:    //s// Janet L. Chubb
JANET L. CHUBB, ESQ.
LOUIS M. BUBALA, ESQ.

Attorneys for Direct Lenders/Beneficiaries

H:\Fs1Wp51\Direct Lenders-Beneficiaries\Pleadings\Mtn, Relief Stay-Change Agent, 5.2.06\Mtn, Relief Stay-Change Agent, 5.2.06.doc

# CERTIFICATE OF SERVICE

1.  On May 11, 2006, I served the following document(s):

**DIRECT LENDERS' MOTION TO OBTAIN RELIEF FROM AUTOMATIC STAY (AFFECTS USA COMMERCIAL CO.)**

2.  I served the above-named document(s) by the following means to the persons as listed below:

: a. **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

- **FRANKLIN C. ADAMS**
  franklin.adams@bbklaw.com arthur.johnston@bbklaw.com
- **KELLY J. BRINKMAN**
  kbrinkman@gooldpatterson.com
- **CANDACE C CARLYON**
  ltreadway@sheacarlyon.com
  ccarlyon@sheacarlyon.com;bankruptcyfilings@sheacarlyon.com;rsmith@sheacarlyon.com
- **CICI CUNNINGHAM**
  bankruptcy@rocgd.com
- **LAUREL E. DAVIS**
  bklsclv@lionelsawyer.com
  ldavis@lionelsawyer.com;gbagley@lionelsawyer.com;ldavisesq@aol.com
- **THOMAS H. FELL**
  thf@gordonsilver.com bankruptcynotices@gordonsilver.com
- **SCOTT D. FLEMING**
  sfleming@halelane.com dbergsing@halelane.com,ecfvegas@halelane.com
- **EDWARD J. HANIGAN**
  haniganlaw@earthlink.net haniganlaw1@earthlink.net
- **ROBERT R. KINAS**
  rkinas@swlaw.com
  mstrand@swlaw.com;jlustig@swlaw.com;lholding@swlaw.com;imccord@swlaw.com
- **NILE LEATHAM**
  nleatham@klnevada.com ckishi@klnevada.com;bankruptcy@klnevada.com
- **ROBERT C. LEPOME**
  robert@robertlepome.com susan@robertlepome.com
- **RICHARD MCKNIGHT**
  mcknightlaw@cox.net
  gkopang@lawlasvegas.com;cburke@lawlasvegas.com,sforemaster@lawlasvegas.com
- **JEANETTE E. MCPHERSON**
  jmcpherson@s-mlaw.com bkfilings@s-mlaw.com
- **DONNA M. OSBORN**
  jinouye@marquisaurbach.com
  dosborn@marquisaurbach.com;tszostek@marquisaurbach.com;jcrowe@MarquisAurbach.com;kgallegos@MarquisAurbach.com
- **LENARD E. SCHWARTZER**
  bkfilings@s-mlaw.com

7

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

- **CARYN S. TIJSSELING**
  cst@beesleyandpeck.com aha@beesleyandpeck.com
- **MATTHEW C. ZIRZOW**
  bankruptcynotices@gordonsilver.com

☐ b.     **United States mail, postage fully prepaid** (list persons and addresses):

Annette W Jarvis
P O Box 45385
36 South State Street, #1400
Salt Lake City, UT 84145-0385

Nicholas J Santoro, Esq.
Santoro Driggs et al.
400 S Fourth St 3rd Floor
Las Vegas, NV 89101

Bradley J Stevens, Esq.
3300 N Central Ave
Phoenix, AZ 85012

Peter Susi, Esq.
Michaelson, Susi & Michaelson
7th West Figueroa St 2nd Floor
Santa Barbara, CA 93101

Gregory J Walch, Esq.
400 S Fourth St. 3rd Floor
Las Vegas, NV 89101

☐ c.     **Personal Service** (list persons and addresses):
I personally delivered the document(s) to the persons at these addresses:

☐     For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐     For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☒ d.     **By direct email (as opposed to through the ECF System)** (list persons and email addresses):

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

8

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

1  ❾  e.  **By fax transmission** (list persons and fax numbers):

2     Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

3

4

5  ❾  f.  **By messenger**:

6     I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed blow and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service).

7

8  **I declare under penalty of perjury that the foregoing is true and correct.**

9  DATED this _____ day of May, 2006.

    ___J. Englehart & Tawney Waldo___         _____//s// Tawney Waldo & J. Englehart___
    Name                                      Signature

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

H:\Fs1Wp51\Direct Lenders-Beneficiaries\Pleadings\Mtn, Relief Stay-Change Agent, 5.2.06\Mtn, Relief Stay-Change Agent, 5.2.06.doc