AUGUST B. LANDIS, Assistant United States Trustee
State Bar # IA PK9228
SCOTT ANDREW FARROW, Attorney
State Bar # WI 1000609
scott.a.farrow@usdoj.gov
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600 Attorney Ext. 224
Facsimile:  (702) 388-6658

E-Filed on May 12, 2006

Attorneys for the Acting United States Trustee
   SARA L. KISTLER

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

**USA Commercial Mortgage Company**
    **06-10725 -- Lead Case**

**USA Capital Realty Advisors, LLC**
    06-10726

**USA Capital Diversified Trust Deed Fund, LLC**
    06-10727

**USA Capital First Trust Deed Fund, LLC**
    06-10728

**USA Securities, LLC**
    06-10729                    Debtors

**Jointly Administered**
Chapter 11 Cases
Judge **Linda B. Riegle** Presiding

Date:  **May 18, 2006**
Time:  **9:30 a.m.**
**Affecting:**
☒ All Cases
**or Only:**
☐ USA Commercial Mortgage Company
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA Capital First Trust Deed Fund, LLC

# THE UNITED STATES TRUSTEE'S OPPOSITION TO APPLICATIONS TO EMPLOY AND RETAIN RAY QUINNEY & NEBEKER P.C. AS COUNSEL FOR THE DEBTORS

To the Honorable **LINDA B. RIEGLE**, United States Bankruptcy Judge:

The United States Trustee opposes the Applications to Employ and Retain Ray Quinney & Nebeker P.C. as Counsel for the Debtors filed in each of the five separate Chapter 11 cases identified in the caption. The retention proposed in the applications would exacerbate actual and create potential conflicts of interest, and is inconsistent with the provisions of 11 U.S.C. § 327. This opposition is supported by the pleadings and papers comprising the official Court files in

the five separate Chapter 11 cases identified in the caption, and the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the applications and this opposition pursuant to 28 U.S.C. §§ 1334(a) and (b), and 28 U.S.C. §§ 157(a) and (b)(1).

2. The applications and this opposition are premised upon 11 U.S.C. § 327, and present the Court with a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).

3. Venue is appropriate in the District of Nevada pursuant to 28 U.S.C. § 1409(a).

### FACTS

4. On April 13, 2006, separate Chapter 11 bankruptcy petitions were filed in each of the five cases identified in the caption. As a result, there are five separate cases, five separate debtors, and five separate bankruptcy estates before the Court as of the filing of this opposition.[1]

5. On May 9, 2006, the Court entered its Order Regarding Joint Administration Without Substantive Consolidation, noting "the potential conflicts of interest among the Debtors." *See* Docket No. 184.

6. Pursuant to a written Loan Servicing Agreement, Debtor USA Commercial Mortgage Company services more than $80 million in loans in which Debtor USA Capital Diversified Trust Deed Fund holds an interest. *See* Supplemental Declaration of Thomas J. Allison in Support of Debtors' Motion [Docket No. 130] at ¶ 28.

7. Pursuant to a written Loan Servicing Agreement, Debtor USA Commercial Mortgage Company services more than $65 million in loans in which Debtor USA Capital First Trust Deed Fund holds an interest. *Id.*

8. USA Commercial Mortgage Company receives servicing income from its Loan Servicing Agreements with USA Capital Diversified Trust Deed Fund and USA Capital First

---

[1] *See, e.g.,* In re Interwest Bus. Equip., Inc., 23 F. 3d 311, 316 n. 9 (10th Cir. 1994).

1  Trust Deed Fund, and that income will continue only so long as those Loan Servicing
2  Agreements remain in force.  *See* Allison Declaration at ¶¶ 28 - 30.

3        9.  The Allison Declaration also reveals that "a large portion of the Loan Investors [which
4  include USA Capital Diversified Trust Deed Fund and USA Capital First Trust Deed Fund]
5  received monthly payments from [USA Commercial Mortgage Company] that they were not
6  entitled to receive (because they were invested, at least in part, in one or more Nonperforming
7  Loans), and thus such investors owe a debt to [USA Commercial Mortgage Company] for the
8  amounts overpaid to them."  Allison Declaration at ¶¶ 2, 5-9, and 11.

9        10.  There is an unsecured and improperly documented $58 million intercompany
10 receivable owed  by a non-debtor entity, USA Investment Partners, LLC, to USA Commercial
11 Mortgage "and possibly to other Debtors."  The status of intercompany transactions between the
12 various debtors is under investigation, and has not yet been disclosed to the Court or parties in
13 interest.  Allison Declaration at ¶¶ 18 and 20.

14       11.  The applications disclose that Ray Quinney & Nebeker P.C. "received a $210,000.00
15 retainer for these cases[,]" but do not disclose how much of the retainer was provided by each of
16 the separate debtor entities.

17       12.  The applications disclose that Ray Quinney & Nebeker P.C. applied $129,572.83 of
18 the $210,000.00 retainer to services it performed during the 12 months before these cases were
19 filed, but do not disclose how much of the fees are attributable to services provided on behalf of
20 each of the separate debtor entities, when the services were performed, or when the retainer
21 funds were applied.

22       13.  Through the applications, Ray Quinney & Nebeker P.C. seeks approval to serve as
23 counsel for the debtor entity in each of the five different cases pending before the Court.

24 **CONTROLLING STATUTES**

25       14.  The applications, requesting authorization for Ray Quinney & Nebeker P.C. to serve
26 as counsel for the debtor entity in each of the five different cases at issue, are premised upon 11
27 U.S.C. § 327(a).

28

15. The text of 11 U.S.C. § 327(a) provides generally that the trustee[2] may employ one or more attorneys that do not hold or represent an interest adverse to the estate, and are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties in connection with a bankruptcy case.

16. The disclosures required of a professional seeking employment under 11 U.S.C. § 327(a) are set forth in Fed. R. Bankr. P. 2014(a).

17. In addition to the provisions of 11 U.S.C. § 327(a), the issues raised by this opposition are premised upon 11 U.S.C. § 327(c). Section 327(c) generally provides that while an attorney is not disqualified from employment on behalf of the trustee solely because he or she represents a creditor, upon objection by the United States Trustee "the court shall disapprove such employment if there is an actual conflict of interest."

18. The policy objectives of 11 U.S.C. § 327 include holding professionals performing duties for the estate to strict fiduciary standards, and to assure that a professional employed in a bankruptcy case will devote undivided loyalty to the client. In re Wheatfield Bus. Park, LLC, 286 B.R. 412, 417-18 (Bankr. C.D. Cal. 2002), *citing* In re Envirodyne Indus., Inc., 150 B.R. 1008, 1016 (Bankr. N.D. Ill. 1993) *and* In re Lee, 94 B.R. 172, 178 (Bankr. C.D. Cal. 1988). "Having to divide one's allegiance between two clients is what Section 327 attempts to prevent." In re Mercury, 280 B.R. 35, 54 (Bankr. S.D.N.Y. 2002), *quoting* In re Roger J. Au & Son, Inc., 101 B.R. 502, 505 (Bankr. N.D. Ohio 1989).

## AUTHORITY AND ARGUMENT

### I.

**AN ACTUAL CONFLICT OF INTEREST EXISTS BETWEEN THE DEBTORS WHICH PROHIBITS APPROVAL OF THE RETENTION PROPOSED IN THE APPLICATIONS.**

19. An "actual" conflict of interest in the context of 11 U.S.C. § 327 is "an active

---

[2] The powers of the trustee referred to in 11 U.S.C. § 327 are vested in the various debtors in possession in these cases. *See* 11 U.S.C. § 1107(a); *see also* In re Wheatfield Business Park, LLC, 286 B.R. 412, 418 (Bankr. C.D. Cal. 2002), *citing* In re Diamond Mortgage Corp., 135 B.R. 78, 88 (Bankr. N.D. Ill. 1990).

1  competition between two interests, in which one interest can only be served at the expense of the
2  other." In re Mercury, 280 B.R. 35, 54 (Bankr. S.D.N.Y. 2002)(citations omitted).

3     20. Allison's Declaration posits that there are at least two types of prepetition debts owed
4  by two of the debtors (USA Capital Diversified Trust Deed Fund and USA Capital First Trust
5  Deed Fund) to another debtor (USA Commercial Mortgage Company):

6          a.  Loan servicing fees under the debtors' Loan Servicing Agreements; and

7          b.  Amounts purportedly due to USA Commercial Mortgage Company from
8              USA Capital Diversified Trust Deed Fund and USA Capital First Trust
               Deed Fund as a result of monthly payments made by USA Commercial
               Mortgage Company in connection with one or more nonperforming loans
9              prior to bankruptcy.

10 *See* Allison Declaration at ¶¶ 2, 5-9, 11, 18, 20, and 28 - 30.

11     21. The interests of USA Commercial Mortgage Company are served by continuing to
12 receive loan servicing fees, and attempting to recover the money it improvidently paid out in
13 connection with nonperforming loans.  Those interests can only be served if USA Capital
14 Diversified Trust Deed Fund and USA Capital First Trust Deed Fund steadfastly honor their
15 Loan Servicing Agreements even if it is illogical to do so, and do not advance any defenses to
16 claims that they are required to refund the prepetition payments they received from USA
17 Commercial Mortgage Company in connection with nonperforming loans.

18     22. The Allison Declaration, which is part of the record before the Court, demonstrates
19 that an actual conflict of interest exists between USA Commercial Mortgage Company on one
20 hand, and USA Capital Diversified Trust Deed Fund and USA Capital First Trust Deed Fund on
21 the other. *See* In re Interwest Bus. Equip., Inc., 23 F. 3d 311, 314-18 (10th Cir. 1994)(affirming
22 bankruptcy court's holding that an actual conflict of interest existed, and counsel was prohibited
23 from representing  multiple debtors, where two debtor entities were  managed under a "lucrative"
24 management contract held by a third debtor).

25     23. "Section 327(a) prohibits an attorney (or other professional) from representing a
26 debtor in a chapter 11 case if the attorney has or represents an actual conflicting interest.  This
27 prohibition is absolute, and is not subject to waiver or consent." In re Wheatfield Bus. Park,
28 LLC, 286 B.R. 412, 420-21 (Bankr. C.D. Cal. 2002)(citations omitted); *see also* Interwest, 23

F.3d at 315-16 (Where a "creditor or the U.S. Trustee objects, the bankruptcy judge can disqualify a professional *solely* on the basis of simultaneous representation, *if* it finds the joint representation creates an actual conflict.")(emphasis in original); *see generally* 11 U.S.C. § 327(c)(where objection to retention of a professional is made by the United States Trustee, "the court shall disapprove such employment if there is an actual conflict of interest.").

24. Because an actual conflict exists between the interests of USA Commercial Mortgage Company on one hand, and USA Capital Diversified Trust Deed Fund and USA Capital First Trust Deed Fund on the other, the retention proposed in the applications violates the provisions of 11 U.S.C. § 327, and must therefore be denied. *See* Wheatfield, 286 B.R. at 421 ("[A]n actual conflict of interest creates a violation of § 327.").

**II.**

**AT A MINIMUM, A POTENTIAL CONFLICT OF INTEREST EXISTS BETWEEN THE DEBTORS WHICH RENDERS THE RETENTION PROPOSED IN THE APPLICATIONS IMPROPER.**

25. In cases where a bankruptcy debtor is a creditor of a related debtor, "it is presumptively improper for the same attorney (or law firm) to be general counsel for the related debtors." In re Wheatfield Bus. Park LLC, 286 B.R. 412, 418 (Bankr. C.D. Cal. 2002), *citing* In re Interwest Bus. Equip., 23 F. 3d 311, 316 (10th Cir. 1994); In re Lee, 94 B.R. 172, 177 (Bankr. C.D. Cal. 1988); In re Parkway Calabasas, Ltd., 89 B.R. 832, 835 (Bankr. C.D. Cal. 1988), *rev'd on other grounds* Bankr. 9th Cir. 1990 (unpublished opinion), *rev'd,* 949 F.2d 1058 (9th Cir. 1991) (adopting bankruptcy court opinion).

26. As noted previously, there are at least two types of prepetition debts owed by two of the debtors (USA Capital Diversified Trust Deed Fund and USA Capital First Trust Deed) to another debtor (USA Commercial Mortgage Company). *See* para. 20, *supra.* As a result, the retention proposed in the applications is presumptively improper. Wheatfield, 286 B.R. at 418.

27. At an absolute minimum, for the reasons stated in Paragraphs 20 and 21 of this opposition, a potential conflict exists between the interests of USA Commercial Mortgage

1 Company and those of USA Capital Diversified Trust Deed Fund and USA Capital First Trust
2 Deed Fund.

3       28. Additional potential conflicts of interest exist with respect to how the $58 million
4 intercompany receivable owed by a non-debtor entity, USA Investment Partners, LLC, to USA
5 Commercial Mortgage "and possibly to other Debtors" will ultimately be documented, and with
6 respect to intercompany transactions between the various debtors. The status of intercompany
7 transactions is currently under investigation, and has yet to be disclosed to the Court or parties
8 in interest. *See* Allison Declaration at ¶¶ 18 and 20.

9       29. Pursuant to 11 U.S.C. § 327, the existence of a "potential conflict of interest may
10 also require the disqualification of a professional if, in the judgment of the court, the conflict is
11 sufficiently important and there is a sufficient likelihood that it will ripen into an actual conflict."
12 Wheatfield, 286 B.R. at 420-21, *citing* In re Amdura, 121 B.R. 862, 865-68 (Bankr. D. Colo.
13 1990).

14       30. The standard under 11 U.S.C. § 327 is very high: "If there is any doubt as to the
15 existence of a conflict, that doubt should be resolved in favor of disqualification." Wheatfield,
16 286 B.R. at 418, *citing* Lee, 94 B.R. at 177.

17       31. Because one debtor (USA Commercial Mortgage) is a creditor of two related debtors
18 (USA Capital Diversified Trust Deed Fund and USA Capital First Trust Deed Fund), and a
19 myriad of potential conflicts of interests exist between the debtors, the retention proposed in the
20 applications is presumptively improper. Any doubt as to the existence of a conflict is to be
21 resolved in favor of disqualification, and the applications should therefore be denied.

## CONCLUSION

23       To summarize, "[c]onflicting loyalties produce inadequate representation, which
24 threatens the interests of both the debtor and the creditors, and compromises the ability of the
25 court to mete out justice in the case." In re Wheatfield Bus. Park, LLC, 286 B.R. 412, 418
26 (Bankr. C.D. Cal. 2002), *quoting* In re Lee, 94 B.R. 172, 178 (Bankr. C.D. Cal. 1988). "[W]hat
27 may be acceptable in a commercial setting, where all of the entities are solvent and creditors are
28 being paid, is not acceptable when those entities are insolvent and there are concerns about

intercompany transfers and the preference of one entity and its creditors at . . . the expense of another." <u>Wheatfield</u>, 286 B.R. at 418 (citations omitted). Such concerns are certainly present in these cases. Counsel for a debtor "must be able to act in the best interests of the bankruptcy estate, free of any prior or ongoing commitments." *Id.* "Because of these limitations, a chapter 11 debtor does not have an absolute right to counsel of its choice." *Id.*

The United States Trustee therefore respectfully requests that the Court enter an order denying the applications, and granting such other and additional relief as is just and equitable.

Respectfully submitted,

**SARA L. KISTLER**
**ACTING UNITED STATES TRUSTEE**
**REGION 17**

By: */s/ August B. Landis*
August B. Landis, Assistant United States Trustee
United States Department of Justice

# CERTIFICATE OF SERVICE

I, the undersigned, certify that on this date I served the United States Trustee's Opposition to Applications to Employ and Retain Ray Quinney & Nebeker P.C. as Counsel for the Debtors:

1. Electronically upon all counsel and parties in interest on the CM/ECF service list as of May 12, 2006; and

2. By depositing an envelope in the United States Mail, first class postage fully prepaid and addressed to each of the parties listed below, each of which contained a true and correct copy of the United States Trustee's Opposition to Applications to Employ and Retain Ray Quinney & Nebeker P.C. as Counsel for the Debtors:

Annette W. Jarvis
P.O. Box 45385
36 South State Street, #1400
Salt Lake City, UT 84145-0385

Bradley J. Stevens
3300 North Central Avenue
Phoenix, AZ 85012

Gregory J. Walch
400 South Fourth Street, 3rd Floor
Las Vegas, NV 89101

Nicholas J. Santoro
400 South Fourth Street, 3rd Floor
Las Vegas, NV 89101

Peter Susi
Michaelson, Susi & Michaelson
7th West Figueroa Street, 2nd Floor
Santa Barbara, CA 93101

Dated: May 12, 2006

**OFFICE OF THE UNITED STATES TRUSTEE**

SARA L. KISTLER
ACTING UNITED STATES TRUSTEE
REGION 17

By:     */s/ August B. Landis*
        August B. Landis
        Assistant United States Trustee
        Las Vegas, Nevada

# # #