LAUREL E. DAVIS, ESQ., Nevada Bar No. 3005
LIONEL SAWYER & COLLINS
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
Telephone: (702) 383-8888
Facsimile: (702) 383-8845
Email: Ldavis@lionelsawyer.com

E-Filed on May 15, 2006

Attorneys for the Canepa Group

# UNITED STATE BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-06-10725-LBR |
| | Case No. BK-S-06-10726-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | Case No. BK-S-06-10727-LBR |
| | Case No. BK-S-06-10728-LBR |
| Debtor. | Case No. BK-S-06-10729-LBR |
| In re: | Chapter 11 |
| USA CAPITAL REALTY ADVISORS, LLC, | |
| | **Jointly Administered Under** |
| Debtor. | **Case No. BK-S-06-10725-LBR** |
| In re: | |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | |
| Debtor. | |
| In re: | **OPPOSITION TO MOTION** |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | **FOR ORDER AUTHORIZING** |
| | **REIMBURSEMENT OF DUE** |
| Debtor. | **DILIGENCE EXPENSES OF** |
| | **POTENTIAL POST-PETITION** |
| In re: | **LENDER (AFFECTS ALL DEBTORS)** |
| USA SECURITIES, LLC, | |
| Debtor. | |
| Affects: | |
| [x] All Debtors | |
| [ ] USA Commercial Mortgage Company | |
| [ ] USA Securities, LLC | Date: May 18, 2006 |
| [ ] USA Capital Realty Advisors, LLC | Time: 9:30 a.m. |
| [ ] USA Capital Diversified Trust Deed Fund, LLC | |
| [ ] USA First Trust Deed Fund, LLC | |

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

-1-

1  The Canepa Group consists of seven Direct Lenders[1] whose original investments in 13 different loans[2] exceed $3.1 million. They provide this Opposition to the Emergency Motion for Order authorizing Reimbursement of Due Diligence Expenses of Potential Post-Petition Lender ("Motion") because the Motion, described as a "predicate" to reaching an agreement for debtor-in-possession financing, is premature, procedurally improper and without sufficient evidentiary or legal justification. Unless and until each of these defects is cured, the Motion must be denied.

**POINTS AND AUTHORITIES**

**A. SUMMARY OF RELEVANT FACTS AND PROCEDURE**

1. On April 13, 2006 (the "Petition Date"), the five related Debtors filed their petitions for chapter 11 relief.

2. On April 18, 2006, the Court approved employment of Meisrow Financial as Interim Management ("Meisrow") and Thomas Allison as Chief Restructuring Manager ("Allison") for all five Debtors on an interim basis until July 27, 2006.

3. On May 3, 2006, the Court granted the Debtors' motions for additional time to file statements and schedules in all cases, extending the filing deadline until June 16, 2006.

4. On May 3, 2006, the Court granted the Debtors' motions for Joint Administration of all five cases, entering a procedures order with respect to motion practice and related matters.

5. On May 3, 2006, after live testimony by Allison, the Court approved Allison's Proposed Budget and Cash Management System ("Cash Management Motion") until July 16, 2006, with a status hearing to be held on June 21, 2006.

6. During the May 3, 2006, argument on the Cash Management Motion, counsel for the Debtors orally sought approval of a $50,000 advance of the $150,000 due diligence expenses which

---

[1] Scott K. Canepa; Shawntelle Davis-Canepa; Scott K. Canepa Defined Benefit Pension Plan; Evelyn G. Canepa Trust, Evelyn G. Canepa and Scott Krusee Canepa Trustees; Gary T. and Lori R. Canepa, Trustees of the G. & L. Trust dated 11/25/91; Louis John Canepa Trustee of the Louis John Canepa Revocable Trust dated 6/18/98; and Michael Wagnon (collectively "the Canepa Group")

[2] 3685 Fernando Road, Boise Gowan, Brookmere, Bundy Canyon, Cabernet, Clear Creek, Fiesta/Murietta, Hasley Canyon, Margarita Annex, Opaque, Placer Vineyards, Rio Bravo/SVRP, and Southern California Land Development.

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

-2-

are the subject of this Motion. The Court denied that verbal request, and instructed counsel for the Debtors to prepare and file an appropriate motion which contained full disclosure of the proposed DIP financing, including the proposed loan documents, providing creditors and parties in interest with at least 10 days' notice of the motion.

7.     On May 10, 2006, the Office of the U.S. Trustee appointed four creditors' committees: Unsecured Creditors for USA Commercial Mortgage Company, Holders of Executory Contract Rights Through USA Commercial Mortgage Company, Equity Security Holders of USA Capital Diversified Trust Deed Fund and Equity Security Holders of USA Capital First Trust Deed Fund.

8.     The initial Section 341(a) meeting for each case is set for May 17, 2006, and each meeting will be continued for a final meeting after the statement and schedules have been filed for each of the five debtors.

9.     On May 18, 2006, this Court will hear the Applications to employ Ray Quinney & Nebeker P.C. and Schwartzer & McPherson Law Firm as counsel for all five of the related debtors, and each Application has drawn an objection from the Office of the U.S. Trustee.

### B.     LEGAL ARGUMENT

1.     <u>The Motion is Premature</u>

There are great uncertainties with respect to any post-petition operations by USA Commercial Mortgage as a loan broker and loan servicing agent, let alone the prospects of a successful reorganization that is premised upon the assumption that USA Commercial will continue in business as a loan broker and loan servicing agent. Paradoxically, the Debtors are simultaneously moving forward with their efforts to obtain DIP financing as a "predicate" for a reorganization plan which assumes that the Debtors will remain in this business, and at the same time are seeking this Court's permission to ignore, post-petition, their contractual and fiduciary duties as a loan broker and loan servicing agent, in effect seeking the court's blessing to commit post-petition violations of their contractual and fiduciary duties to Direct Lenders and Direct Investors under the guise of "maintaining the status quo" until they can figure out the extent, legal consequences and, perhaps most significant to the Debtors and their management, the potential legal defenses that they can

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

-3-

assert to reduce their liability for the Debtors' pre-petition breaches of servicing contracts and fiduciary duties which have been readily admitted by Allison.[3]

Five bare bones chapter 11 petitions were filed on April 13, 2006, and we will not know much more about the financial affairs of these five entities until the June 16, 2006 deadline for filing the statement of affairs and completed schedules for each of these Debtors. Meisrow and Allison have been granted only interim approval to manage the five debtors until July 27, 2006, with a status hearing on their interim management set for June 21, 2006. Four Official Committees were just formed, and they have not yet retained counsel. The Court has not yet approved counsel for the Debtors, and the current Applications to employ the same two law firms for all five of the Debtors are under attack from the U.S. Trustee for conflicts of interest arising among the Debtors.

Although the specific details are surprisingly unclear, Mr. Allison's Declarations and live testimony in these related cases demonstrate that USA Commercial Mortgage Company has breached its fiduciary duties owed to the Direct Lenders and Direct Investors herein. *See* NRS 645B.175 which requires, *inter alia,* USA Commercial Mortgage to separately escrow and account for funds received from investors and borrowers, as well as to timely and accurately make disbursements to those persons entitled to receive them. These facts squarely call into question whether or not USA Commercial Mortgage will be permitted by the State of Nevada to make any more loans post-petition or as part of a reorganization plan. The Court has not yet heard from the Division of Mortgage Lending or the Commissioner of Financial Institutions for the State of Nevada on this or related issues, and their input on the licensing issues is critical. As a result, no funds should be expended in preparation for the proposed DIP loan until the state licensing issues are fully addressed.

Furthermore, the name of the recently-appointed Committee of Direct Lenders may be a harbinger of future motions and protracted litigation which would inhibit the proposed reorganization of USA Commercial Mortgage. By naming the Committee of Direct Lenders the

---

[3] *See* Motions at Docket entries 68 (motion to return $8.9 million to investors for unfunded loan); 135 and 170 (collect funds and issue partial releases); and 173 (temporarily hold <u>all</u> funds collected until after July 27, 2006).

Lionel Sawyer & Collins
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Phone 702.383.8888
Fax 702.383.8845

-4-

"Holders of Executory Contract Rights Through USA Commercial Mortgage Company," the Office of the U.S. Trustee seems to suggest that each of the Service Agreements entered into by USA Commercial Mortgage Company and each Direct Lender is an executory contract subject to assumption or rejection under Section 365 of the Bankruptcy Code. The Court, USA Commercial Mortgage Company and each of the Direct Lenders may therefore become embroiled in the litigation of these issues, and until USA Commercial Mortgage Company successfully cures and assumes the executory Service Agreements, it cannot rely upon them as property of the estate. *See e.g.*, In re Lovitt, 757 F.2d 1035 (9th Cir. 1985) (executory contract is not property of the estate until assumed pursuant to Section 365); and In re Qintex Entertainment, Inc., 950 F.2d 1492 (9th Cir. 1991) (same).

At this juncture, is clearly premature to move forward with this Motion described as the "predicate" for obtaining Court approval of a multi-million dollar DIP loan to make loans and facilitate a reorganization plan premised on the assumption that USA Commercial Mortgage will be permitted to arrange and service new loans. The Motion must therefore be denied.

2.   The Motion is Procedurally Improper

On May 3, 2006, during argument on the Cash Management Motion, the Court denied the Debtors' request to fund $50,000 of the $150,000 advance requested by this Motion. In doing so, the Court specifically instructed counsel for the Debtors to seek approval of the $150,000 advance in conjunction with a fully disclosed and fully noticed motion for approval of the proposed DIP financing and the underlying loan documents. This Motion not only reiterates that request, but it also increases the dollar amount requested, now seeking an advance of the full $150,000, not just a $50,000 advance mentioned on May 3. Because the Motion does not comply with the Court's instructions on May 3, the Motion must be denied yet again.

3.   The Motion Lacks Sufficient Evidentiary and Legal Support

In denying the May 3, 2006, request to advance $50,000 of the $150,000 requested by this Motion as a "predicate" to DIP financing, the Court instructed counsel to file the full motion for DIP financing. Fed.R.Bankr.P. 4001(c) permits an emergency motion for authority to obtain credit under Section 364 of the Bankruptcy Code. The substantive provisions of Section 364 require further

Lionel Sawyer & Collins
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Phone 702.383.8888
Fax 702.383.8845

-5-

1  factual and legal support in conjunction with the granting of such a motion. This Motion did not
2  mention Fed.R.Bankr.P. 4001(c) nor does the Motion do anything more than cite to Section 364
3  without even quoting the language of the statute. Instead, the Motion simply reiterated the earlier-
4  denied request for permission to fund the DIP lender's request for an advance of $150,000 against
5  due diligence costs, this time providing more information about the proposed DIP lender, Fortress
6  Credit Corp, but doing so in the form of inadmissible evidence.

7  Furthermore, Local Rule 9014(c)(1) requires the underlying Motion to "state the facts on
8  which it is based and contain a legal memorandum," with the factual basis submitted to the Court
9  through admissible evidence from a competent witness in the form of an accompanying affidavit
10 or declaration. LR 9014(c)(2). The alleged facts in support of this Motion consist of the Factual
11 Background summary which sets forth certain general factual representations about the Debtors'
12 efforts in soliciting financing for a variety of purposes as well as other similarly general
13 representations about the proposed lender, Fortress Credit Corp. The supporting memorandum of
14 law is nothing but bare citations to Sections 363(b) and 364 of the Bankruptcy Code. Even
15 assuming that this Court would consider the Motion on less than a full motion to approve the
16 extension of credit under Section 364 of the Code, the "facts" in support of this Motion are not
17 provided in the form of admissible evidence and the memorandum of law is likewise deficient
18 under the Local Rules. The Motion must therefore be denied.

### C.  CONCLUSION

20 The Motion is premature, procedurally improper and without sufficient evidentiary or legal
21 justification. Unless and until each of these defects is cured, the Motion must be denied.

22 Dated: May 15, 2006.

23 Respectfully submitted,

24 LIONEL SAWYER & COLLINS

26 By  /s/ Laurel E. Davis
      _____
      Laurel E. Davis

27 Attorneys for the Canepa Group

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845