Richard McKnight
330 S. Third Street #900
Las Vegas, Nevada 89101
Phone: 702-388-7185
Fax: 702-388-0108
mcknightlaw@cox.net

Efiled on May 15, 2006.

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

USA COMMERCIAL MORTGAGE COMPANY,

          Debtor.

Case № BK-S-06-10725-LBR

Date May 18, 2006
Time: 9:30 a.m.

**PARTIAL OPPOSITION TO DEBTOR'S MOTION AUTHORIZING DEBTOR, PURSUANT TO 11 U.S.C. §§ 105 AND 363(B)(1), TO ACCEPT LOAN PAYMENT PROCEEDS AND PROVIDE PARTIAL RELEASES OR FULL RELEASES IN CONNECTION WITH THE SALE OF PROPERTIES SECURING LOANS ORIGINATED BY THE DEBTOR TO THIRD PARTY BORROWERS, AND TO RATIFY PARTIAL RELEASES PREVIOUSLY PROVIDED BY THE DEBTOR**

COMES NOW Richard McKnight Co-Trustee of the McKnight 2000 Family Trust dated 4/20/00 and opposes the Debtor's request for releases and requesting the entry of an order directing that the Debtor -In- Possession deposit all funds received for or on account of any named payees under any note secured by deed of trust in an impound account pursuant to 28 U.S.C. § 959(b) and N.R.S. 645B.175, and account for the same monthly and for entry of an order pursuant to 11 U.S.C. §363(c)(4) requiring the debtor to segregate all funds due named payees under any note secured by deed of trust from funds of the bankruptcy estate.

For the reasons stated in the opposition filed by Direct Lender the undersigned opposes the motion for partial releases and would point out the following to the court. The undersigned has reviewed the so-called Non-performing loan list which lists six loans of interest to the undersigned. Of those six two are listed as non-performing. The basis for this ignominious title is that at the time the list was distributed two of the loans (Roma Development and 5252 Orange were **two (2) days late**. We should only hope that all our obligations are "non-performing" in such a manner. Why does the Debtor cast these obligations in such a negative light? So that they

1  can tell the media with a semi straight face that sixty percent of the loans are non-performing. So
2  that they sow the seeds of despair and discord in the hopes that uniformed Direct Lenders will go
3  along with their plan to use assets which do not belong to this estate for their own purposes. So
4  that they can formulate plans such as the one to appraise property Docket # 172 at great and
5  unnecessary expense to the estate. Of course once these unnecessary appraisals are performed a
6  cadre of lawyers and law clerks as well as paralegals can bill this estate for vast amounts of busy
7  work reviewing the appraisals. At least in the case of the undersigned appraisals gotten at the
8  May 15, 2006 time of the initiation of the loan are no more than seven months old. Since the loans are
9  performing what is the point of the appraisal (other than make work)? Should the loans go into
10 default and need to be foreclosed the appropriate time for an appraisal is on the day of the
11 foreclosure for deficiency purposes. The undersigned does not consent in any way to being
12 surcharged for this foolishness.

      DATED this 15th day of May 2006.

                                  THE LAW OFFICES OF RICHARD MCKNIGHT, P.C.

                                  By:    /s/ Richard McKnight
                                         Richard McKnight, Esq.
                                         State Bar No. 1313
                                         330 S. Third St., #900
                                         Las Vegas, Nevada 89101
                                         Attorneys for Debtor

Page 2 of 2

W:\2006\2377usa.ch11\Partial opposition to release motion unless direct lenders are creditied directly.wpd    May 15, 2006 (3:28pm)