**ELECTRONICALLY FILED**
**ON MAY 15, 2006**

JEFFREY H. DAVIDSON (CA State Bar No. 73980),
FRANK A. MEROLA (CA State Bar No. 136934), and
EVE H. KARASIK (CA State Bar No. 155356), Members of
STUTMAN, TREISTER & GLATT PROFESSIONAL CORPORATION
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
Email: JDavidson@Stutman.com
       FMerola@Stutman.com
       EKarasik@Stutman.com

SHEA & CARLYON, LTD.
JAMES PATRICK SHEA, ESQ. (NV State Bar No. 000405)
CANDACE C. CARLYON (NV State Bar No. 002666)
233 S. Fourth Street, Second Floor
Las Vegas, NV  89101
Telephone: (702)471-7432
Facsimile: (702)471-7435
Email: jshea@sheacarlyon.com
       ccarlyon@sheacarlyon.com

[Proposed Counsel] for the
Official Committee of Equity Security Holders
of USA Capital First Trust Deed Fund, LLC

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY<br>Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS,<br>LLC,<br>Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST<br>DEED FUND, LLC,<br>Debtor | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED<br>FUND, LLC,<br>Debtor | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>Debtor | BK-S-06-10729-LBR<br>Chapter 11 |

390931v2

| | |
|---|---|
| Affects: | ) **OPPOSITION TO THE DEBTORS'** |
| | ) **MOTION FOR ORDER AUTHORIZING** |
| ☒ All Debtors | ) **REIMBURSEMENT OF DUE DILIGENCE** |
| ☐ USA Commercial Mortgage Co. | ) **EXPENSES OF POTENTIAL POST-** |
| ☐ USA Securities, LLC | ) **PETITION LENDER (AFFECTS ALL** |
| ☐ USA Capital Realty Advisors, LLC | ) **DEBTORS)** |
| ☐ USA Capital Diversified Trust Deed | ) |
| ☐ USA First Trust Deed Fund, LLC | ) Date:  May 18, 2006 |
| | ) Time:  9:30 a.m. |
| | ) Place: Foley Federal Bldg. |
| | )         300 Las Vegas Blvd. S. |
| | )         Las Vegas, NV 89101 |
| | ) |
| | ) |

**TO THE HONORABLE LINDA B. RIEGLE, UNITED STATES BANKRUPTCY JUDGE:**

In response to the "Motion For Order Authorizing Reimbursement Of Due Diligence Expenses Of Potential Post-Petition Lender" (the "DIP Fee Motion")[1], filed by USA Commercial Mortgage Company ("USACM"), on behalf of itself and its affiliated debtors (each, a "Debtor" and, collectively, the "Debtors"), the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "First Trust Deed Committee"), hereby files this opposition ("Opposition") and states as follows:

### A. The Debtors Have Failed to Articulate a Sound Business Justification to Pay Due Diligence Expenses.

The DIP Fee Motion seeks authority to pay $150,000 in estate funds to a proposed lender for due diligence expenses (the "Due Diligence Expenses") related to a yet to be disclosed debtor in possession financing loan (the "DIP Financing").  The DIP Financing is allegedly for the "purposes of, among other things, funding operational expenses, outstanding loan commitments or

---

[1]  Terms not otherwise defined herein shall have the same meanings ascribed to them in the DIP Fee Motion.

1  additional construction on real estate projects associated with

2  loans currently being serviced by USACM (one of the Debtors

3  herein) and making new commercial real estate loans." See DIP Fee

4  Motion, ¶2.  The DIP Fee Motion lacks any description of these

5  proposed uses and relies solely on this conclusory statement.

6        In support of this request, the Debtors state, without

7  any evidentiary support, that they "believe in their business

8  judgment that obtaining debtor-in-possession financing . . . will

9  be beneficial to their respective bankruptcy estates and to all

10  parties in interest."  See id.

11        Bankruptcy Code section 363 provides that a debtor

12  "after notice and a hearing, may use, sell or lease, other than in

13  the ordinary course of business, property of the estate."  See 11

14  U.S.C. §363(b)(1).  Under Bankruptcy Code section 363(b), a debtor

15  is required to articulate "a good business reason" for a proposed

16  use of property of the estate other than in the ordinary course of

17  business.  Official Committee of Unsecured Creditors of LTV

18  Aerospace and Defense Co. v. LTV Corp. (In re Chateaugay Corp.),

19  973 F.2d 141, 143 (2nd Cir. 1992) (citations omitted); In re

20  Walter, 83 B.R. 14, 19-20 (B.A.P. 9th Cir. 1988) (same); In re

21  Montgomery Ward Holding Corp., 242 B.R. 147, 153 (D. Del. 1999)

22  ("In determining whether to authorize the use, sale or lease of

23  property of the estate under [Section 363(b)], courts require the

24  debtor to show that a sound business purpose justifies such

25  actions.").

26        "[I]n evaluating whether a sound business purpose

27  justifies the use, sale, or lease of property under Section

28  363(b), courts consider a variety of factors, which essentially

1    represent a 'business judgment test.'"  <u>Montgomery Ward</u>, 242 B.R.

2    at 153.  <u>See</u> <u>also</u> <u>In re Walter</u>, 83 B.R. at  19-20 ; <u>In re 240</u>

3    <u>North Brand Partners, Ltd.</u>, 200 B.R. 653, 659 (B.A.P. 9th Cir.

4    1996).

5            Here, the Court is unable to "consider a variety of

6    factors."  The Debtors have simply failed to articulate **any**, let

7    alone a "sound", business justification to support the payment of

8    the Due Diligence Expenses.  Other than the Debtors' bald

9    assertion that they believe obtaining debtor-in-possession

10   financing would be beneficial to the Debtors' estates, the Debtors

11   have not provided any basis for this Court to approve payment of

12   the Due Diligence Expenses.  Unless and until the Debtors can

13   present a sound business justification, with evidentiary support,

14   to pay the Due Diligence Expenses, the First Trust Deed Committee

15   requests that the Court deny the DIP Fee Motion.

16   **B.    The Debtors Have Failed to Identify the Terms and**
     **Conditions of the Proposed Post-Petition Financing.**

17

18          The terms and conditions of the Debtors' proposed DIP

19   Financing are key to determining whether a good business

20   justification exists for the Debtors' estates to fund the Due

21   Diligence Expenses.  Without this information, neither the Court

22   nor any party in interest can evaluate whether funding the Due

23   Diligence Expenses is within the sound discretion of the Debtors'

24   business judgment.

25          While the DIP Fee Motion references a "draft Term Sheet"

26   and provides that "a summary of the key proposed terms" will be

27   filed separately, the Debtors have yet to disclose any of this

28   information.  In fact, proposed counsel to the First Trust Deed

1  Committee requested that the Debtors provide such information as

2  early as May 10, 2006 but, as of the filing of this Opposition,

3  have yet to receive a response.  See Letter, dated May 10, 2006,

4  from Eve H. Karasik to Debtors' proposed counsel (the "May 10

5  Letter"), a copy of which is attached hereto as Exhibit "1".  In

6  particular, the First Trust Deed Committee is concerned about how

7  the Debtors propose to secure the DIP Financing – will it be

8  cross-collateralized by a blanket lien on all of the Debtors'

9  assets?  Will all of the Debtors be cross-guarantors?  How will

10 this affect the Debtors' various parties in interest?  The Due

11 Diligence Expenses should not be paid in a vacuum – more

12 information is needed before the Court can determine if such

13 payment "makes sense".

14

15

      **C.    The Debtors Have Not Identified Which Funds will be
Used to Pay the Due Diligence Expenses.**

16         Furthermore, the DIP Fee Motion is unclear as to which

17 funds will be used to pay the Due Expenses.  Pursuant to the

18 budget attached to the supplemental declaration of Tom Allison

19 filed in support of the Debtors' "Motion For Order Under 11

20 U.S.C. §§105(A), 345, And 363 Approving Debtors' Proposed Cash

21 Management Procedures And Interim Use Of Cash In Accordance With

22 Proposed Cash Budget," it appears that the Debtors have

23 projected that they will have collected sufficient funds from

24 post-petition servicing fees and a reimbursement from USA

25 Capital Realty (the "Realty Reimbursement") to fund the payment

26 of the Due Diligence Expenses.  Despite a request that the

27 Debtors confirm that only amounts collected from post-petition

28 servicing fees and the Realty Reimbursement be used to pay the

1    requested Due Diligence Expenses, the Debtors have yet to

2    identify which funds will be used to pay such expenses.  See May

3    10 Letter, a copy of which is attached hereto as Exhibit "1".

4    To the extent that this Court authorizes the payment of the Due

5    Diligence Expenses, the First Trust Deed Committee requests that

6    the Court authorize the Debtors to pay such expenses only from

7    the funds they have collected from post-petition servicing fees

8    and/or the Realty Reimbursement.

1          **WHEREFORE**, the First Trust Deed Committee respectfully
2   requests that the Court (i) deny the DIP Fee Motion unless and
3   until the Debtors articulate a sound business justification,
4   with evidentiary support, that justifies the payment of the Due
5   Diligence Expenses, (ii) require the Debtors to disclose the
6   terms and conditions of the proposed DIP Financing before
7   payment of the Due Diligence Expenses, and (iii) to the extent
8   that the Court otherwise authorizes the payment of the Due
9   Diligence Expenses, require that any such payment be made only
10  from funds that the Debtors have collected from post-petition
11  servicing fees and/or the Realty Reimbursement, and (iv) grant
12  such other relief as may be necessary or appropriate.
13
14  Respectfully submitted this 15th day of May, 2006.
15
16
17          s/ Eve H. Karasik
    _____
18  JEFFREY H. DAVIDSON (CA State Bar No. 73980),
    FRANK A. MEROLA (CA State Bar No. 136934), and
19  EVE H. KARASIK (CA State Bar No. 155356), Members of
    STUTMAN, TREISTER & GLATT, P.C.
20  1901 Avenue of the Stars, 12th Floor
    Los Angeles, CA  90067
21  Telephone:  (310) 228-5600
22
23  and
24  CANDACE C. CARLYON
    Shea & Carlyon, Ltd.
25  233 S. Fourth Street, Suite 200
    Las Vegas, NV  89101
26  Telephone:  (702) 471-7432
27
28  [PROPOSED COUNSEL] FOR THE
    OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
    OF USA CAPITAL FIRST TRUST DEED FUND, LLC