ELECTRONICALLY FILED
ON MAY 16, 2006

JEFFREY H. DAVIDSON (CA State Bar No. 73980),
FRANK A. MEROLA (CA State Bar No. 136934), and
EVE H. KARASIK (CA State Bar No. 155356), Members of
STUTMAN, TREISTER & GLATT PROFESSIONAL CORPORATION
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
Email: JDavidson@Stutman.com
       FMerola@Stutman.com
       EKarasik@Stutman.com

SHEA & CARLYON, LTD.
JAMES PATRICK SHEA, ESQ. (NV State Bar No. 000405)
CANDACE C. CARLYON (NV State Bar No. 002666)
233 S. Fourth Street, Second Floor
Las Vegas, NV 89101
Telephone: (702)471-7432
Facsimile: (702)471-7435
Email: jshea@sheacarlyon.com
       ccarlyon@sheacarlyon.com

[Proposed Counsel] for the
Official Committee of Equity Security Holders
of USA Capital First Trust Deed Fund, LLC

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY<br>        Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>        Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>        Debtor | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>        Debtor | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>        Debtor | BK-S-06-10729-LBR<br>Chapter 11 |

390931v2

| | |
|---|---|
| Affects:<br><br>☒ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☐ USA First Trust Deed Fund, LLC | **NOTICE OF ERRATA RE OPPOSITION TO THE DEBTORS' MOTION FOR ORDER AUTHORIZING REIMBURSEMENT OF DUE DILIGENCE EXPENSES OF POTENTIAL POST-PETITION LENDER (AFFECTS ALL DEBTORS)**<br><br>Date:  May 18, 2006<br>Time:  9:30 a.m.<br>Place: Foley Federal Bldg.<br>       300 Las Vegas Blvd. S.<br>       Las Vegas, NV 89101 |

**TO THE HONORABLE LINDA B. RIEGLE, UNITED STATES BANKRUPTCY JUDGE:**

On May 15, 2006, the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC filed an opposition (the "Opposition") to the "Motion For Order Authorizing Reimbursement Of Due Diligence Expenses Of Potential Post-Petition Lender," which was filed by USA Commercial Mortgage Company, on behalf of itself and its affiliated debtors (collectively, the "Debtors"). Exhibit "1", which is a copy of a letter dated May 10, 2006, from Eve H. Karasik to Debtors' proposed counsel, was inadvertently omitted from the Opposition.

Attached hereto please find a copy of Exhibit "1".

390931v2                                2

1  Respectfully submitted this 16th day of May, 2006.

2

3  _____s/ Eve H. Karasik_____

4  JEFFREY H. DAVIDSON (CA State Bar No. 73980),
   FRANK A. MEROLA (CA State Bar No. 136934), and
5  EVE H. KARASIK (CA State Bar No. 155356), Members of
   STUTMAN, TREISTER & GLATT, P.C.
6  1901 Avenue of the Stars, 12th Floor
   Los Angeles, CA  90067
7  Telephone:  (310) 228-5600

8  and

9
   CANDACE C. CARLYON
10 Shea & Carlyon, Ltd.
   233 S. Fourth Street, Suite 200
11 Las Vegas, NV  89101
   Telephone:  (702) 471-7432
12

13 [PROPOSED COUNSEL] FOR THE
   OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
14 OF USA CAPITAL FIRST TRUST DEED FUND, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

390931v2                         3

# EXHIBIT 1



LAW OFFICES
STUTMAN
TREISTER
& GLATT
PROFESSIONAL
CORPORATION

1901 Avenue of the Stars
Twelfth Floor
Los Angeles, California
90067-6013

Telephone: 310.228.5600
Facsimile: 310.228.5788

Writer's Direct Number:

310-228-5605

VIA FACSIMILE, EMAIL AND FIRST CLASS MAIL

May 10, 2006

Annette W. Jarvis, Esq.
Ray Quinney & Nebeker, P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

Lenard E. Schwartzer, Esq.
Jeannette E. McPherson, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308

Re:   Re: USA Commercial Mortgage Company, et al. (the "Debtors") -- Motion for Authority to Pay Due Diligence Fee

Dear Annette, Lenny and Jeanette:

   This week the Debtors filed their "Motion for Order Authorizing Reimbursement of Due Diligence Expenses of Potential Postpetition Lender (Affects All Debtors)" (the "DIP Fee Motion"). The DIP Fee Motion is set for hearing on Thursday, May 18 and oppositions are due on Monday May 15. In order to avoid having to file an opposition to the DIP Fee Motion, I would appreciate it if you would clarify one issue and provide the information requested below.

   The DIP Fee Motion seeks authority to pay $150,000 in estate funds to a proposed lender for a yet to be disclosed debtor in possession financing loan. The DIP Fee Motion, however, is unclear as to which funds will be used to pay the $150,000 fee. Per the Budget attached to the supplemental declaration of Tom Allison filed in support of the Debtors' motion to use cash and for approval of the Debtors' cash management system, it appears that the Debtors have projected that they will have collected sufficient funds from postpetition servicing fees and a reimbursement from USA Capital Realty to fund payment of the $150,000 fee. Please confirm that the Debtors will use only amounts collected from postpetition servicing fees and the reimbursement to pay the requested due diligence expense.

   In addition, the DIP Fee Motion references a "draft Term Sheet," and provides that "a summary of the key proposed terms" will be filed separately. As of this morning, no such summary has been filed. Yesterday, I sent an email to Lenny and Jeannette that requested a copy

390780v1

Annette W. Jarvis, Esq.
Lenard E. Schwartzer, Esq.
May 10, 2006
Page 2

of the draft Term Sheet, but did not receive a response. In order to determine whether the estates have demonstrated the "sound business justification" necessary for the use of the estates' assets outside of the ordinary course of business, it is necessary that parties in interest have access to the draft Term Sheet. Absent an understanding of the proposed debtor in possession financing, it is not possible to determine whether the expenditure of $150,000 of the estates' assets satisfies the Bankruptcy Code section 363(b) requirements for use of funds outside of the ordinary course of business. Accordingly, at you earliest convenience, please forward a copy of the draft Term Sheet to my attention.

Sincerely,

*Eve H. Karasik*

Eve H. Karasik

cc: Interim Committee
Jeffrey H. Davidson, Esq.
Frank A. Merola, Esq

390780v1