Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com
and
Lenard E. Schwartzer
Nevada Bar No. 0399
Jeanette E. McPherson
Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
Proposed Attorneys for Debtors and Debtors-in-Possession

E-FILED on May 17, 2006

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                            Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                            Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                            Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                            Debtor. | Date: March 18, 2006<br>Time: 9:30 a.m. |
| In re:<br>USA SECURITIES, LLC,<br>                                                            Debtor. | **REPLY IN SUPPORT OF MOTION AUTHORIZING DEBTOR TO ACCEPT LOAN PAYMENT PROCEEDS AND PROVIDE PARTIAL OR FULL RELEASES IN CONNECTION WITH THE SALE OF PROPERTIES SECURING LOANS ORIGINATED BY THE DEBTOR TO THIRD-PARTY BORROWERS, AND TO RATIFY PARTIAL RELEASES [AFFECTS USA COMMERCIAL MORTGAGE CO.]** |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |

Debtor and Debtor-in-Possession USA Commercial Mortgage Company ("Debtor" or "USA"), by and through its counsel, Ray Quinney & Nebeker P.C. and the Schwartzer & McPherson Law Firm, hereby replies to the objections filed to the Motion Authorizing Debtor To Accept Loan Payment Proceeds And Provide Partial Or Full Releases In Connection With Sale Of Properties Securing Loans Originated By Debtor To Third-Party Borrowers, And To Ratify Partial Releases (the "Motion").

## I. REPLY TO OBJECTION BY RICHARD McKNIGHT

On May 15, 2006, Richard McKnight, Co-Trustee of the McKnight 2000 Family Trust ("McKnight") filed a Partial Opposition to the Motion (docket no. 236), stating that McKnight "opposes the Debtor's request for releases" but without explaining any basis for opposing the Debtor's request to provide certain releases as set forth in the Motion. To the extent McKnight's opposition is based on grounds similar to those raised by the Walch objection discussed below, Debtor replies to such arguments below. To the extent McKnight's opposition is based on some other unstated ground, the opposition should be denied.

The McKnight objection further requests affirmative relief, including that loan payments received by the Debtor be deposited into an impound account pursuant to Nev. Rev. Stat. § 645B.175, be accounted for monthly, and be segregated pursuant to 11 U.S.C. § 363(c)(4). McKnight's requests for affirmative relief were not made by a proper motion filed with this Court, and this Court indicated at an earlier hearing in this case that it would not consider "countermotions." Nevertheless, Debtor replies that since the petition date: (1) it is holding all funds it receives as loan servicer in a segregated collection account in compliance with Nev. Rev. Stat. § 645B.175 and 11 U.S.C. § 363(c)(4); (2) it is not commingling the collection account funds with any operating funds of Debtor or any of its affiliates and is transferring to its separate operating account only amounts that are approved by this Court (and that Debtor is contractually entitled to receive); and (3) it will provide a monthly accounting of the funds in the collection account as part of its monthly operating reports to be filed with the Court.

The McKnight objection also appears to address, although indirectly, Debtor's separate motion for retention of a real estate appraisal firm. Debtor will file a reply in support of that

motion at the appropriate time, but notes that, as stated in that motion, Debtor intends to carefully and economically consider the appropriate level of valuation information needed as to each of the properties securing the loans its services, and certainly will take into account the availability and reliability of existing appraisals, if any, and the performance status of the particular loan at issue.

II. REPLY TO OBJECTION BY GREGORY AND SHAUNA WALCH[1]

On May 15, 2006, Gregory J. Walch and Shauna M. Walch as Trustees of the Gregory J. and Shauna M. Walch Family Trust ("Walch") filed a Partial Opposition to the Motion (docket no. 239). Walch's objection primarily addresses the Motion to Temporarily Hold Funds Pending a Determination of the Proper Recipients (the "Motion to Hold Funds"), filed May 8, 2006 by Debtor and the other jointly-administered debtors captioned above. Debtor will file a reply Motion in support of the Motion to Hold Funds at the appropriate time.

To the extent Walch's objection addresses the present Motion, it is based on a faulty analysis of the Loan Servicing Agreement ("LSA"), the document entitled "Special Power of Attorney" ("POA"), and the relationship between them. Walch claims, based on the POA, that USA cannot provide collateral releases in the ordinary course of its loan servicing business unless and until payments of the proceeds of any such releases are made directly to Walch. This contention ignores Section 2 of the Loan Servicing Agreement, in which Walch granted USA broad contractual authority to service loans, including specific authority to "collect all payments due under the terms of the note and promptly pay the proper parties, when and if due, principal, interest, late charges, insurance and other specified funds." Loan principal reductions paid to USA as servicer on account of ordinary-course collateral releases certainly are "payments due under the terms of the note," and therefore Walch specifically authorized USA to collect such payments and promptly pay "the proper parties." As set forth in the Motion to Hold Funds, the Debtor intends to promptly pay "the proper parties" as soon as this Court determines who the proper parties are after Debtor completes it investigations and reconciliations and makes a report to the Court.

---

[1] A joinder to the Walch objection was filed by Nicholas J. Santoro, Co-Trustee of the Nicholas J. and Juanita Santoro Family Trust. Debtor's reply to the Walch objection also applies to the Santoro joinder.

1    Section 11 of the LSA further confirms the broad authority Walch agreed that USA would
2 have as servicer, including "full power and authority . . . to do all things and take all actions on
3 behalf of Lender which are necessary or convenient to effectuate this Agreement and its intent to
4 protect Lender's interest under any note, deed of trust, guaranty, security agreement or other
5 document pertaining to any Loan." The next two sentences of Section 11 of the LSA (quoted by
6 Walch in the objection) do not limit the authority granted by Walch to USA under the LSA, but
7 simply provide that USA may request that Walch execute a POA to "further evidence the
8 appointment of USA as Lender's true and lawful attorney-in-fact to undertake the duties of USA
9 hereunder" and also that third parties need not "look beyond" the POA "for evidence of USA's
10 authority hereunder." In other words, the LSA sets forth the specific agreements between USA
11 and Walch regarding the rights and duties USA has as loan servicer, and the POA is a document
12 providing evidence to third-parties concerning a narrow portion of those rights.

13    Further, the actions for which Debtor seeks approval in the Motion are fully compliant
14 with the POA. Debtor is not proposing "the use or release of money in which [Walch] owns a
15 beneficial interest" for any purpose except as contractually allowed and only upon approval by the
16 Court. Any funds USA receives as servicer as a result of the ordinary-course collateral releases
17 described in the Motion will be placed in Debtor's collection account, will be properly accounted
18 for as proceeds of the particular loan(s) at issue, and will not be commingled with any operating
19 funds of the Debtor. Moreover, Walch concedes that the loan documents require that the
20 borrower send all payments to USA at its business address. Section 1.1 of the Deed of Trust
21 included in the exhibits to Walch's objection provides that the Trustor (the borrower) shall make
22 payments due under any of the loan documents "at the time and place in the manner specified in
23 and according to the terms" of the loan documents. Thus, the language of Section b(3) of the POA
24 regarding payments to be made "to the undersigned [lender], as required by the Deed of Trust,"
25 means that payments on account of ordinary-course releases of collateral must be made to USA as
26 servicer, at USA's business address, because that is what is "required by the Deed of Trust." *See*
27 pp. 25 of Deed of Trust. A reasonable interpretation of these provisions of the LSA, POA, and
28 Deed of Trust, when considered together, is that when any loan payments (including payments

resulting from ordinary course collateral releases) are made to USA as servicer for the lender and are held in Debtor's collection account, they are made "directly to" (and as directed by) the lender (i.e., Walch).

Finally, the result Walch seeks in the objection makes no sense and is inconsistent with Nevada law. The loan documents attached to Walch's objection indicate Walch had a $150,000 undivided interest (less than 0.6%) in a $25.7 million loan having 268 separate lenders. In essence, Walch is asking the Court to order the borrower to cut 268 separate checks and address them to each of the 268 lenders every time any ordinary-course principal reduction is made on the loan, and to order such distributions before Debtor's new management has completed the analysis and reconciliations that are necessary because of the pre-petition irregularities in Debtor's business. The relevant provision of the Nevada mortgage broker statute prohibits USA from releasing any funds from its segregated collection account to any fractional interest holder in a loan unless the funds are released to "every other investor who owns a beneficial interest in the loan" and "in exact proportion to the beneficial interest" that each investor owns. Nev. Rev. Stat. § 645B.175(5). Debtor cannot do so at this time, because the exact entitlements of each of the investors are not yet known.

### III.    REPLY TO OBJECTION BY OFFICIAL EQUITY COMMITTEE OF FIRST TRUST DEED FUND

On May 15, 2006, the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "Committee") filed its limited opposition to the Motion. The Committee's objection simply requests that Debtor "be required to report monthly to the Court the following: (i) the sale proceeds that Debtor actually received in connection with the proposed sales [of collateral pursuant to ordinary-course releases] and an accounting for such funds on a per loan basis; and (ii) the sale proceeds that were distributed to any first priority lender and the amount outstanding on any related first priority loan after such payments." Debtor believes that the Committee's request is reasonable and that the information requested would be useful to investors and the Court, and Debtor agrees that it will provide such information as part of its monthly operating reports to be filed with the Court.

WHEREFORE, Debtor respectfully requests that the Court grant the relief requested in the Motion.

Respectfully submitted this 17th day of May, 2006.

>Annette W. Jarvis, Utah Bar No. 1649
>RAY QUINNEY & NEBEKER P.C.
>36 South State Street, Suite 1400
>P.O. Box 45385
>Salt Lake City, Utah 84145-0385
>Email: ajarvis@rqn.com
>
>and
>
>
>/s/    JEANETTE E. MCPHERSON
>Lenard E. Schwartzer, Nevada Bar No. 0399
>Jeanette E. McPherson, Nevada Bar No. 5423
>SCHWARTZER & MCPHERSON LAW FIRM
>2850 South Jones Boulevard, Suite 1
>Las Vegas, Nevada   89146
>Email:  www.lawyers.com/schwartzermcpherson

875399v2