| | |
|---|---|
| Robert R. Kinas (Nevada Bar No. 6019)<br>Jennifer L. McBee (Nevada Bar No. 9110)<br>SNELL & WILMER L.L.P.<br>3800 Howard Hughes Parkway<br>Suite 1000<br>Las Vegas, NV 89109<br>Telephone: (702) 784-5200<br>Facsimile: (702) 784-5252<br>E-mail: rkinas@swlaw.com<br>         jmcbee@swlaw.com<br><br>*Attorneys for Jayem Family Limited Partnership* | **Electronically Filed:**<br>**May 17, 2006** |

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERICAL MORTGAGE COMPANY,<br>                    Debtor. | **Case No. BK-S-06-10725-LBR**<br>Chapter 11 |
| In re:<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br>                    Debtor | **Case No. BK-S-06-10726-LBR**<br>Chapter 11 |
| In re:<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                    Debtor. | **Case No. BK-S-06-10727-LBR**<br>Chapter 11 |
| In re:<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                    Debtor. | **Case No. BK-S-06-10728-LBR**<br>Chapter 11 |
| In re:<br><br>USA SECURITIES, LLC<br>                    Debtor.<br>Affects:<br>   ■ All Debtors<br>   ☐ USA Commercial Mortgage Co.<br>   ☐ USA Securities, LLC<br>   ☐ USA Capital Realty Advisors, LLC<br>   ☐ USA Capital Diversified Trust Deed<br>   ☐ USA First Trust Deed Fund, LLC | **Case No. BK-S-06-10729-LBR**<br>Chapter 11<br><br>**OPPOSITION TO MOTION FOR ORDER AUTHORIZING THE RETURN TO INVESTORS OF CERTAIN ESCROWED FUNDS INTENDED FOR THE BUNDY CANYON PROJECT**<br><br>Hearing Date: May 18, 2006<br>Hearing Time: 9:30 a.m. |

/ / /

111477

Jayem Family Limited Partnership ("Jayem"), by and through its counsel, Snell & Wilmer L.L.P., hereby files this Opposition to the Debtor's Motion for Order Authorizing the Return to Investors of Certain Escrowed Funds Intended for the Bundy Canyon Project. The grounds supporting this Opposition are set forth in the following Memorandum of Points and Authorities.

DATED May 17, 2006.

SNELL & WILMER L.L.P.

By: /s/
Robert R. Kinas, Esq.
Jennifer L. McBee, Esq.
3800 Howard Hughes Parkway
Suite 1000
Las Vegas, NV 89109
Attorneys for Jayem Family Limited Partnership

## MEMORANDUM OF POINTS AND AUTHORITIES

In or about March 2006, USA Capital (the "Debtor") solicited Jayem as a potential investor in a Bundy Canyon real estate project. *See* Declaration of Jacques Massa, attached hereto as Exhibit A, at paragraph 3. The Debtor represented to Jacques Massa, the general partner of Jayem, that Bundy Canyon Land Development LLC (the "Borrower") was seeking investors for a new loan to fund the acquisition of land on Bundy Canyon Road in Riverside, California. *See* Massa Declaration, at paragraph 3. During the same time period the Debtor solicited Jayem, the Debtor was also soliciting other potential investors for the "Bundy Canyon Project," as referenced in the Debtor's Motion. *See* Debtor's Motion, at paragraph 2.

Based on representations made by the Debtor regarding the nature of the investment, Jayem invested $240,000 in a Bundy Canyon loan on March 15, 2006. *See* Massa Declaration, at paragraph 4; *see also* Jayem's cancelled check in the amount of $240,000, dated March 15, 2006, attached hereto as Exhibit B. Jayem's check was deposited in the Debtor's "Investors Trust Account" on or about March 20, 2006. *See* Ex. B. The "Investors Trust Account" where Jayem's

111477

investment check was deposited is the same account where the Debtor deposited the investment money for the Bundy Canyon Project. *See* Debtor's Motion, at paragraphs 2-3.

On or about April 10, 2006 – after Jayem tendered the $240,000 check – Jayem received a letter from the Debtor confirming receipt of Jayem's $240,000 investment. *See* Massa Declaration, at paragraph 5; *see also* Debtor's April 10, 2006 confirmation letter, attached hereto as Exhibit C. In the April 10, 2006 letter, the Debtor represented that Jayem's investment in a $5,725,000 Bundy Canyon loan was funded on March 24, 2006. The Debtor did not include with the letter any supporting documentation regarding the specific Bundy Canyon loan in which Jayem invested. *See* Massa Declaration, at paragraph 6. In fact, the Debtor has failed to provide any such documentation to date. *See* Massa Declaration, at paragraph 7.

It was not until May 14, 2006 that Jayem learned the status of the $5,725,000 loan in which its money was purportedly invested. *See* Massa Declaration, at paragraph 8. The $5,725,000 Bundy Canyon loan was not a new construction loan, as represented to Jayem when soliciting investment money. *See* Massa Declaration, at paragraph 8. Instead, the $5,725,000 Bundy Canyon loan was already in existence at the time of the solicitation, and had been in existence since January 14, 2005. *See* Exhibit A to Thomas J. Allison's Supplemental Declaration, filed on May 2, 2006, attached hereto as Exhibit D; *see also* Massa Declaration, at paragraph 8. Moreover, the $5,725,000 Bundy Canyon loan was non-performing, and wholly in default, at the time the Debtor solicited Jayem's investment. *See id*.

The $8.9 million Bundy Canyon loan, which is the subject of the Debtor's Motion, is the loan in which Jayem intended to invest its $240,000. *See* Massa Declaration, at paragraph 9. The $8.9 million Bundy Canyon loan was a new construction loan – not a pre-existing, defaulted loan – that was set to close in April 2006, which is precisely what Jayem intended to invest in. *See* Massa Declaration, at paragraph 9.

111477

- 3 -

At this time, it is unclear where Jayem's money was routed, and in which Bundy Canyon loan it invested, if any. *See* May 15, 2006 e-mail correspondence between Jacques Massa and Mark Olson, attached hereto as Exhibit E. In its Motion, the Debtor requests that the Court authorize the return of $8.9 million in investment money to *certain* investors involved in a Bundy Canyon loan, but Jayem is not included on the list. *See* Exhibit A to the Debtor's Motion. Until the Debtor provides documentation to Jayem proving the specific loan in which Jayem's money is invested, as well as a complete set of documentation regarding each Bundy Canyon loan, Jayem objects to the distribution of funds to any Bundy Canyon investor. *See* Massa Declaration, at paragraph 10.

WHEREFORE, in order to preserve the escrowed funds and ensure their distribution to the correct investors, Jayem requests that this Court preclude the distribution of any escrowed funds until Jayem is provided documentation sufficient to identify whether its $240,000 investment was part of the $8.9 million Bundy Canyon loan. To make that determination, Jayem hereby requests that the Debtor provide a complete compilation of all documentation regarding all Bundy Canyon loans, and an accounting as to the whereabouts of each investor's money.

DATED this 17th day of May, 2006.

SNELL & WILMER L.L.P.

By: _____
Robert R. Kinas, Esq.
Jennifer L. McBee, Esq.
3800 Howard Hughes Parkway
Suite 1000
Las Vegas, NV 89109
*Attorneys for Jayem Family Limited Partnership*

111477

- 4 -