ELECTRONICALLY FILED
ON MAY 18, 2006

JEFFREY H. DAVIDSON (CA State Bar No. 73980),
FRANK A. MEROLA (CA State Bar No. 136934), and
EVE H. KARASIK (CA State Bar No. 155356), Members of
STUTMAN, TREISTER & GLATT PROFESSIONAL CORPORATION
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
Email: JDavidson@Stutman.com
        FMerola@Stutman.com
        EKarasik@Stutman.com

SHEA & CARLYON, LTD.
JAMES PATRICK SHEA, ESQ. (NV State Bar No. 000405)
CANDACE C. CARLYON (NV State Bar No. 002666)
233 S. Fourth Street, Second Floor
Las Vegas, NV  89101
Telephone: (702)471-7432
Facsimile: (702)471-7435
Email: jshea@sheacarlyon.com
        ccarlyon@sheacarlyon.com

[Proposed] Counsel for the
Investor Committees

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY<br>　　　　　Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS,<br>LLC,<br>　　　　　Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST<br>DEED FUND, LLC,<br>　　　　　Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED<br>FUND, LLC,<br>　　　　　Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>　　　　　Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |

391055v3

| | |
|---|---|
| Affects: | ) **APPLICATION BY THE OFFICIAL** |
| | ) **INVESTOR COMMITTEES TO EMPLOY** |
| ☒ All Debtors | ) **STUTMAN, TREISTER & GLATT,** |
| ☐ USA Commercial Mortgage Co. | ) **P.C. AS COUNSEL FOR MATTERS OF** |
| ☐ USA Securities, LLC | ) **COMMON INTEREST (AFFECTS ALL** |
| ☐ USA Capital Realty Advisors, LLC | ) **DEBTORS)** |
| ☐ USA Capital Diversified Trust Deed | ) |
| ☐ USA First Trust Deed Fund, LLC | ) **[OST REQUESTED]** |
| | ) Date:  June 5, 2006 |
| | ) Time:  9:30 a.m. |
| | ) Place: Foley Federal Bldg. |
| | )        300 Las Vegas Blvd. S. |
| | )        Las Vegas, NV 89101 |
| | ) |

**TO THE HONORABLE LINDA B. RIEGLE, UNITED STATES BANKRUPTCY JUDGE:**

The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "First Trust Deed Committee"); the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (the "Diversified Trust Deed Committee"); and the Official Committee of Holders Of Executory Contract Rights Through USA Commercial Mortgage Company (the "Direct Lender Committee" and, collectively with the First Trust Deed Committee and Diversified Trust Deed Committee, the "Investor Committees") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases"), respectfully request that the Court approve, *nunc pro tunc* as of May 10, 2006 (the date of appointment of the Investor Committees), the employment of Stutman, Treister & Glatt Professional Corporation ("ST&G") as special bankruptcy counsel for the Investor Committees for all matters of common interest.  In support of this Application, the Investor Committees represent as follows:

1

# I. BACKGROUND

2      1.    On April 13, 2005 (the "Petition Date"), USA

3 Commercial Mortgage Company ("USA Mortgage"), USA Securities,

4 LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA

5 Realty"), USA Capital Diversified Trust Deed Fund, LLC ("USA

6 Diversified"), and USA Capital First Trust Deed Fund, LLC ("USA

7 First" and, collectively with USA Mortgage, USA Securities, USA

8 Realty, and USA Diversified, the "Debtors") filed voluntary

9 petitions for relief under chapter 11 of title 11 of the United

10 States Code (the "Bankruptcy Code").

11      2.    The Debtors continue to operate their businesses

12 and manage their properties as debtors in possession pursuant to

13 sections 1107 and 1108 of the Bankruptcy Code.

14      3.    On May 10, 2006, the Office of the United States

15 Trustee (the "U.S. Trustee") appointed four separate committees

16 in these Chapter 11 Cases, including the three Investor

17 Committees.

18      4.    Thereafter, members of each Investor Committee

19 contacted representatives of ST&G to discuss the possibility of

20 retaining ST&G as bankruptcy counsel for their respective

21 Investor Committee.

22      5.    On May 12, 2006, the First Trust Deed Committee

23 met telephonically and decided to engage ST&G.

24      6.    Upon learning that ST&G had been engaged by the

25 First Trust Deed Committee, members of the Diversified Trust

26 Deed Committee and members of the Direct Lender Committee made

27 inquiries into whether ST&G would concurrently represent their

28

1   respective committees with respect to all matters other than

2   matters involving conflicts among the Investor Committees.

3          7.   Over the course of several days, members of each

4   of the Investor Committees, along with representatives of ST&G,

5   discussed engaging ST&G to represent the Investor Committees on

6   matters of common interest.

7          8.   After several discussions, the Investor

8   Committees, in an effort to expedite and facilitate the

9   reorganization effort, reduce the anticipated administrative

10  costs in these Chapter 11 Cases, and avoid unnecessary

11  litigation, have agreed to engage ST&G jointly for all matters

12  of common interest and engage separate conflicts counsel for

13  matters as to which any Investor Committee determines (after

14  consultation with its conflicts counsel) that the Investor

15  Committees have conflicting interests that they cannot

16  consensually resolve amongst themselves.

17         9.   Subject to this Court's approval, ST&G has agreed

18  to be special bankruptcy counsel to the Investor Committees for

19  all matters other than matters involving conflicts among the

20  Investor Committees.

21         10.  In the event, however, that the Court does not

22  approve the joint representation described above, each of the

23  Investor Committees has agreed that ST&G will represent the

24  First Trust Deed Committee, and, in the alternative, hereby,

25  request the Court's approval of the First Trust Deed Committee's

26  retention of ST&G.

27

28

## II.   JURISDICTION

11.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.  The statutory predicate for the relief sought herein is 11 U.S.C. § 1103(a).

## III.   THE FIRM

12.   The Investor Committees desire to employ Jeffrey H. Davidson, Frank A. Merola, Eve H. Karasik, and Christine M. Pajak, and other members, associates, and attorneys of counsel of ST&G as special bankruptcy counsel to the Investor Committees for matters of common interest as described above.

13.   ST&G is composed of attorneys who limit their practice to the areas of insolvency, reorganization, and bankruptcy law, and ST&G is well qualified to represent the Investor Committees as special bankruptcy counsel.  All attorneys comprising or associated with ST&G who will render services in the Chapter 11 Cases are duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California, among others.  All such attorneys have filed and/or will file verified petitions to practice before this Court in connection with the Chapter 11 Cases, *pro hac vice*.  A summary of the experience and qualifications of those members of ST&G expected to take primary responsibility in rendering services to the Investor Committees  is attached as Exhibit "1" to the

1  Declaration of Jeffrey H. Davidson (the "Davidson Declaration"),

2  which is annexed hereto as Exhibit "A."

3  **IV.    SCOPE OF ST&G'S EMPLOYMENT WITH RESPECT TO REPRESENTING THE INVESTOR COMMITTEES**

4

5          14.    Subject to this Court's approval, each of the

6  Investor Committees has decided to engage ST&G jointly as their

7  special bankruptcy counsel and to engage Shea & Carlyon, Ltd.

8  ("Shea & Carlyon") jointly as their local bankruptcy counsel to

9  represent them on matters other than matters involving conflicts

10 among the Investor Committees.  The role and responsibilities of

11 counsel will be shared by ST&G and Shea & Carlyon, and counsel

12 will avoid unnecessary duplication in the services to be

13 rendered to the Investor Committees.

14          15.    With respect to representing the Investor

15 Committees on matters of common interest, ST&G will be

16 responsible for (a) protecting and preserving the collective

17 interests of the Debtors' investors; (b) advising the Investor

18 Committees on the requirements of the Bankruptcy Code and the

19 Bankruptcy Rules as they pertain to the interests of the

20 Investor Committees and their constituents; (c) developing,

21 through discussions with the Investor Committees, Shea &

22 Carlyon, and other parties in interest, the Investor Committees'

23 legal positions and strategies with respect to all facets of

24 these Chapter 11 cases, including, without limitation, analyzing

25 the Investor Committees' position on administrative and

26 operational issues; (d) preparing motions, applications,

27 answers, orders, memoranda, reports, and papers in connection

28 with representing the interests of the Investor Committees;

1  (e) participating in the negotiations and resolution of issues

2  related to financing and any plan of reorganization; and

3  (f) rendering such other necessary advice and services that the

4  Investor Committees may require in connection with the

5  bankruptcy cases.

6          **V.  GUIDELINES FOR REPRESENTING THE INVESTOR COMMITTEES**

7          16.  In connection with the proposed joint

8  representation of the Investor Committees by ST&G, members of

9  the Investor Committees and representatives of ST&G have

10 discussed, at length, the protocols for ST&G representing the

11 shared interests of the Investor Committees and have established

12 certain guidelines (the "Guidelines").

13         17.  First, ST&G will be responsible for representing

14 the Investor Committees on all matters of common interest.  In

15 this regard, the Investor Committees will establish a committee

16 (the "Executive Committee") composed of the three designees of

17 the Investor Committees as each of the Investor Committees shall

18 designate.  ST&G will work with the Executive Committee to

19 formulate the Investor Committees' legal positions and

20 strategies with respect to all facets of these Chapter 11 cases

21 and to serve as "lead counsel" to each of the Investor

22 Committees in implementing those strategies.

23         18.  Second, each of the Investor Committees will hire

24 separate conflicts counsel, who will represent its respective

25 Investor Committee with respect to identifying conflicts that

26 would require a particular committee to take and pursue a

27 position (as opposed to resolving it consensually or conceding

28

it) adverse to the shared position of the other committees (a

"Conflicting Issue").

19.   After consulting with conflicts counsel on

matters in which an Investor Committee plans to take a position

conflicting with another Investor Committee, the chair of such

Investor Committee will be responsible for informing the

Executive Committee and ST&G of such matters and, ST&G, in its

representation of the Investor Committees, as a whole, will

refrain from representing the interest of any of the Investor

Committees with regard to such Conflicting Issue but would

otherwise represent the shared interests of the Investor

Committees.  In addition, at the request of the Investor

Committees, ST&G may assist the Investor Committees in seeking a

consensual resolution of such matters at their request.

**VI.   ALTERNATIVELY, THE SCOPE OF ST&G'S EMPLOYMENT WITH RESPECT
        TO REPRESENTING THE FIRST TRUST DEED COMMITTEE**

20.   In the alternative, in the event that the Court

does not approve the joint retention of ST&G by the Investor

Committees, the First Trust Deed Committee seeks to employ ST&G

as its special bankruptcy counsel and Shea & Carlyon as its

local bankruptcy counsel to represent that committee's own

interests in connection with these Chapter 11 Cases.  Each of

the Investor Committees has consented to such representation.

21.   With respect to representing the First Trust Deed

Committee, ST&G will be responsible for (a) protecting and

preserving the collective interests of the equity security

holders of the USA First as a class; (b) advising the First

Trust Deed Committee on the requirements of the Bankruptcy Code

1  and the Bankruptcy Rules as they pertain to the interests of the

2  First Trust Deed Committee and its constituents; (c) developing,

3  through discussion with the First Trust Deed Committee, Shea &

4  Carlyon, and other parties in interest, the First Trust Deed

5  Committee's legal positions and strategies with respect to all

6  facets of these cases, including analyzing the First Trust Deed

7  Committee's position on administrative and operational issues;

8  (d) preparing motions, applications, answers, orders, memoranda,

9  reports, and papers in connection with representing the

10 interests of the First Trust Deed Committee; (e) participating

11 in the negotiations and resolution of issues related to

12 financing and any plan of reorganization; and (f) rendering such

13 other necessary advice and services that the First Trust Deed

14 Committee may require in connection with the bankruptcy cases.

15      22.  Shea & Carlyon will serve as local counsel, and

16 will assist ST&G with respect to its representation, including

17 matters set forth in this Application.  ST&G and Shea & Carlyon

18 will coordinate responsibility for individual matters to

19 minimize duplication.

20      23.  ST&G's employment as special bankruptcy counsel

21 to either the Investor Committees jointly or the First Trust

22 Deed Committee, as the case may be, does not include appearances

23 before any court or agency other than the Bankruptcy Court and

24 the Office of the U.S. Trustee or the provision of advice on

25 taxation issues, securities, torts, environmental, labor, real

26 estate, administrative or regulatory matters or criminal law, or

27 issues of Nevada law.

28

24.  ST&G will represent only the Investor Committees jointly or the First Trust Deed Committee, as the case may be, and not any of their respective individual members or any other investors of the Debtors.

**VII.  COMPENSATION ARRANGEMENT**

25.  No payments have been made or promised to ST&G for services rendered in any capacity whatsoever in connection with the Chapter 11 Cases.  Subject to the Court's approval, ST&G will charge the Debtors' estates[1] for its services to the Investor Committees in accordance with its Guideline Hourly Rates in effect at the time services are rendered.  A list of ST&G's Guideline Hourly Rates is attached as Exhibit "2" to the annexed Davidson Declaration.  ST&G acknowledges that the approval of this Application does not indicate Court approval of its Guideline Hourly Rates.  There is no agreement or understanding between ST&G or any other entity for the sharing of compensation to be received for services rendered in or in connection with the Chapter 11 Cases.  No compensation will be paid to ST&G except as authorized by order of this Court, after notice and an opportunity for a hearing.

**VIII.  ST&G IS DISINTERESTED**

26.  To the best of ST&G's knowledge, based upon and subject to the disclosures in the Davidson Declaration, ST&G and all of the attorneys comprising or employed by it are disinter-

---

[1]  The issue of how to allocate administrative costs amongst the Debtors' five (5) estates is not unique to the Investor Committees.  ST&G will work with the Debtors and the U.S. Trustee to establish a protocol to account for professional fees and costs (and other administrative expenses) amongst the Debtors' estates, which protocol will be filed with the Court.

ested persons who do not hold or represent an interest adverse
to the Debtors' estates and do not have any connection with any
of the Debtors, their creditors, any of the Investor Committees,
any other party in interest in these Chapter 11 Cases, their
respective attorneys or accountants, the U.S. Trustee, or any
person employed in the Office of the U.S. Trustee, except that
(i) ST&G was involved in discussions with (but did not
represent) various of the Debtors' investors prior to the
appointments of the committees by the U.S. Trustee, without
compensation, and (ii) ST&G made a special appearance on behalf
of the Interim Committee of Concerned Investors prior to the
appointment of the committees by the U.S. Trustee, without
compensation.

27.   ST&G has no interest materially adverse to the
interest of the Debtors' estates, of any member of any of the
Investor Committees, or of any class of creditors or equity
security holders, by reason of any direct or indirect
relationship to, connection with, or interest in, the Debtors,
any member of any of the Investor Committees, or an investment
banker for any security of the Debtors or member of any of the
Investor Committees, or for any other reason.

28.   From time to time, ST&G may be engaged by one or
more of the Debtors' creditors and/or investors in matters
entirely unrelated to the Debtors, because of the nature of
ST&G's practice.  ST&G represents parties in interest to
insolvency proceedings and out-of-court negotiations and may
represent one or more of the Debtors' creditors and/or investors
in its capacity as a creditor of some other debtor or in its own

capacity as a debtor.  Any such matter will not relate directly or indirectly to the representation of the Investor Committees.

**WHEREFORE**, the Investor Committees request that the Court enter an order authorizing the Investor Committees to employ Jeffrey H. Davidson, Frank A. Merola, Eve H. Karasik, and Christine M. Pajak, and other members, associates and attorneys of counsel of Stutman, Treister & Glatt Professional Corporation as their special bankruptcy counsel, *nunc pro tunc* as of May 10, 2006, to represent them with respect to all matters other than matters involving conflicts among the three Investor Committees, in accordance with the Guidelines set forth above, with compensation at the expense of the Debtors' estates to be in such amount as the Court may hereafter allow.  Alternatively, in the event that the Court does not approve the retention of ST&G to represent the Investor Committees as provided herein, then the First Trust Deed Committee hereby requests that the Court enter an order authorizing the First Trust Deed Committee to employ Jeffrey H. Davidson, Frank A. Merola, Eve H. Karasik, and Christine M. Pajak, and other members, associates and attorneys of counsel of Stutman, Treister & Glatt Professional Corporation as their special bankruptcy counsel, *nunc pro tunc* as of May 10, 2006, with compensation at the expense of the Debtors' estates to be in such amount as the Court may hereafter allow.

DATED this 18th day of May, 2006.

_s/ Eve H. Karasik_

JEFFREY H. DAVIDSON,
FRANK A. MEROLA, and
EVE H. KARASIK, Members of
STUTMAN, TREISTER & GLATT, P.C.
1901 Avenue of the Stars, 12th
Floor
Los Angeles, CA  90067
Telephone:  (310) 228-5600

**Reviewed and approved by
INVESTOR COMMITTEES:**

OFFICIAL COMMITTEE OF EQUITY
SECURITY HOLDERS OF USA CAPITAL
FIRST TRUST DEED FUND, LLC

_/s/ Mary Ellen Moro_

_____
Mary Ellen Moro

OFFICIAL COMMITTEE OF EQUITY
SECURITY HOLDERS OF USA CAPITAL
DIVERSIFIED TRUST DEED FUND, LLC

_/s/ Robert Worthen_
_____
Robert Worthen

OFFICIAL COMMITTEE OF HOLDERS OF
EXECUTORY CONTRACT RIGHTS THROUGH
USA COMMERCIAL MORTGAGE COMPANY

_/s/ Terry Helms_
_____
Terry Helms

391055v3                          13

1

## DECLARATION OF JEFFREY H. DAVIDSON

2         I, Jeffrey H. Davidson, hereby declare under penalty

3    of perjury that:

4         1.   I am over eighteen years of age and have personal

5    knowledge of the facts set forth herein, and if called as a wit-

6    ness, would testify competently with respect thereto from my own

7    personal knowledge except as otherwise stated.

8         2.   I am a member of Stutman, Treister & Glatt

9    Professional Corporation ("ST&G").  This declaration is

10   submitted pursuant to Bankruptcy Rule 2014(a) in support of the

11   "Application By The Official Investor Committees To Employ

12   Stutman, Treister & Glatt, P.C. As Counsel For Matters Of Common

13   Interest (Affects All Debtors)" (the "Application")[2] filed by

14   the Investor Committees.

15        3.   The Investor Committees desire jointly to employ

16   Jeffrey H. Davidson, Frank A. Merola, Eve H. Karasik, and

17   Christine M. Pajak, and other members, associates and attorneys

18   of counsel of ST&G as special bankruptcy counsel to the Investor

19   Committees for matters of common interest in connection with the

20   Chapter 11 Cases as set forth in the Application.

21        4.   Alternatively, in the event that the Court does

22   not approve such retention, the First Trust Deed Committee

23   desires to employ Jeffrey H. Davidson, Frank A. Merola, Eve H.

24   Karasik, and Christine M. Pajak, and other members, associates

25   and attorneys of counsel of ST&G as special bankruptcy counsel

26   to the First Trust Deed Committee.

27   _____

28   [2]  Terms not otherwise defined herein shall have the same meanings
        ascribed to them in the Application.

5. ST&G is composed of attorneys who limit their practice to the areas of insolvency, reorganization, and bankruptcy law. I believe that ST&G is well qualified to represent the Investor Committees. All attorneys comprising or associated with ST&G who will render services in these Chapter 11 Cases are duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California, among other courts. A summary of the experience and qualifications of those members of ST&G expected to render services to the Committee is attached as Exhibit "1" to this Declaration. All attorneys rendering such services have filed and/or will file verified petitions to practice before this Court in connection with the Chapter 11 Cases, *pro hac vice*.

6. Subject to this Court's approval, each of the Investor Committees has decided to engage ST&G jointly as their special bankruptcy counsel and to engage Shea & Carlyon, Ltd. ("Shea & Carlyon") as its local bankruptcy counsel to represent them on all matters other than matters involving conflicts among all three Investor Committees as set forth in the Application. The role and responsibilities of counsel will be shared by ST&G and Shea & Carlyon, and counsel will avoid unnecessary duplication in the services to be rendered to the Investor Committees.

7. With respect to representing the Investor Committees on matters of common interest, ST&G will be responsible for (a) protecting and preserving the collective interests of the Debtors' investors; (b) advising the Investor

Committees on the requirements of the Bankruptcy Code and the
Bankruptcy Rules as they pertain to the interests of the
Investor Committees and their constituents; (c) developing,
through discussions with the Investor Committees, Shea &
Carlyon, and other parties in interest, the Investor Committees'
legal positions and strategies with respect to all facets of
these Chapter 11 cases, including, without limitation, analyzing
the Investor Committees' position on administrative and
operational issues; (d) preparing motions, applications,
answers, orders, memoranda, reports, and papers in connection
with representing the interests of the Investor Committees;
(e) participating in the negotiations and resolution of issues
related to financing and any plan of reorganization; and
(f) rendering such other necessary advice and services that the
Investor Committees may require in connection with the
bankruptcy cases.

8.    In the alternative, in the event that the Court
does not approve the joint retention of ST&G by the Investor
Committees, the First Trust Deed Committee has decided to employ
ST&G as its special bankruptcy counsel and Shea & Carlyon as its
local bankruptcy counsel to represent that committee's own
interests in connection with these Chapter 11 Cases.

9.    With respect to representing the First Trust Deed
Committee, ST&G will be responsible for (a) protecting and
preserving the interests of the equity security holders of the
USA First as a class; (b) advising the First Trust Deed
Committee on the requirements of the Bankruptcy Code and the
Bankruptcy Rules as they pertain to the interests of the First

1  Trust Deed Committee and its constituents; (c) developing,

2  through discussion with the First Trust Deed Committee, Shea &

3  Carlyon, and other parties in interest, the First Trust Deed

4  Committee's legal positions and strategies with respect to all

5  facets of these cases, including analyzing the First Trust Deed

6  Committee's position on administrative and operational issues;

7  (d) preparing motions, applications, answers, orders, memoranda,

8  reports, and papers in connection with representing the

9  interests of the First Trust Deed Committee; (e) participating

10  in the negotiations and resolution of issues related to

11  financing and any plan of reorganization; and (f) rendering such

12  other necessary advice and services that the First Trust Deed

13  Committee may require in connection with the bankruptcy cases.

14       10.   Shea & Carlyon will serve as local counsel, and

15  will assist ST&G with respect to its representation, including

16  matters set forth in the Application.  ST&G and Shea & Carlyon

17  will coordinate responsibility for individual matters to

18  minimize duplication.

19       11.   ST&G's employment as special bankruptcy counsel

20  to either the Investor Committees jointly or the First Trust

21  Deed Committee, as the case may be, does not include appearances

22  before any court or agency other than the Bankruptcy Court and

23  the Office of the U.S. Trustee or the provision of advice on

24  taxation issues, securities, torts, environmental, labor, real

25  estate, administrative or regulatory matters or criminal law, or

26  issues of Nevada law.

27       12.   ST&G will represent only the Investor Committees

28  jointly or the First Trust Deed Committee, as the case may be,

and not any of their respective individual members or any other
investors of the Debtors.

13.  No payments have been made or promised to ST&G
for services rendered in any capacity whatsoever in connection
with the case.  Subject to the Court's approval, ST&G will
charge the Debtors' estate for its services to the Investor
Committees in accordance with its Guideline Hourly Rates in
effect at the time services are rendered.  A list of ST&G's
Guideline Hourly Rates is annexed hereto as Exhibit "2."  There
is no agreement or understanding between ST&G and any other
entity (including Shea & Carlyon) for the sharing of
compensation to be received for services rendered in or in
connection with the case.

14.  No compensation will be paid to ST&G except as
authorized by order of this Court.

15.  Based on the conflict searches conducted by ST&G
(which include searches of ST&G's client records dating back to
the 1970s), ST&G and all of the attorneys comprising or employed
by it are disinterested persons who do not hold or represent an
interest adverse to the Debtors' estate.  ST&G and its attorneys
do not have any connection with any of the Debtors, their
creditors, any of the Investor Committees, any other party in
interest in this case, their respective attorneys or
accountants, the U.S. Trustee, or any person employed in the
office of the U.S. Trustee, except that (i) ST&G was involved in
discussions with (but did not represent) various of the Debtors'
investors prior to the appointments of the committees by the
U.S. Trustee, without compensation, and (ii) ST&G made a special

appearance on behalf of the Interim Committee of Concerned

Investors prior to the appointment of the committees by the U.S.

Trustee, without compensation.

16.   ST&G has no interest materially adverse to the

interest of the Debtors' estates, of any member of any of the

Investor Committees, or of any class of creditors or equity

security holders, by reason of any direct or indirect

relationship to, connection with, or interest in, the Debtors,

any member of any of the Investor Committees, or an investment

banker for any security of the Debtors or member of the Investor

Committees, or for any other reason.  However, it is possible

that ST&G may in the future represent other parties that are

creditors and/or investors of the Debtors or otherwise adverse

to the Debtors in matters entirely unrelated to the Debtors'

Chapter 11 Cases.  If ST&G undertook any such representation, it

would require any such party to agree that that representation

does not give rise to a conflict or disqualify ST&G from its

continued representation of the Investors Committee.

17.   Several attorneys at ST&G have spouses, parents,

children, siblings, fiancés or fiancées who are attorneys at

other law firms and companies.  Those law firms and companies

are Beckley Singleton Chartered; Buchalter, Nemer, Fields &

Younger; Gibson, Dunn & Crutcher LLP; Munger, Tolles & Olson;

Law Offices of Gerald I. Neiter; Owens & Gach Ray; Pachulski,

Stang, Ziehl, Young, Jones & Weintraub; Proskauer Rose LLP; and

Saltzburg, Ray & Bergman.  The Investor Committees do not

consider ST&G's representation of the Investor Committees to be

1   inappropriate in light of any of the relationships described

2   above.

3         18.   I am the shareholder of ST&G who will bear primary

4   responsibility for supervising the representation of the Investor

5   Committees.  I have read and am generally familiar with the

6   Bankruptcy Code, the Bankruptcy Rules, and the local rules of

7   this Court.  The ST&G attorneys working on these Chapter 11 Cases

8   are also familiar with Bankruptcy Code and the Bankruptcy Rules,

9   and will review the local rules of this Court before seeking

10  admission *pro hac vice*.  The ST&G attorneys working on these

11  Chapter 11 Cases will conduct themselves in accordance with the

12  local rules and procedures of this Court.

13        19.   I believe that ST&G is competent to represent the

14  interests of the Investor Committees as special bankruptcy

15  counsel in connection with these Chapter 11 Cases.

16

17                        */s/ Jeffrey H. Davidson*

18                        JEFFREY H. DAVIDSON

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT "1"

### BIOGRAPHIES OF MEMBERS OF
### STUTMAN, TREISTER & GLATT PROFESSIONAL CORPORATION EXPECTED TO RENDER SERVICES

**JEFFREY H. DAVIDSON**, born Brookline, Massachusetts, April 7, 1952; admitted to bar, 1977, California. Education: Harvard University (B.A., cum laude, 1973); Harvard University (J.D., cum laude, 1976). Fraternity: Phi Beta Kappa. *Member*: Los Angeles County Bar Association (Chairman, Commercial Law and Bankruptcy Section, 1987-1988, Secretary, 1986-1987, Executive Committee, 1985-; Chairman, Bankruptcy Committee, 1984-1986, Member, 1983-; Member, Nominating Committee for County Bar Trustees and Officers, 1988), Federal Bar Association (Member, Bankruptcy Section, 1990-) and American Bar Association (Member, Section on Business Law; Business Bankruptcy Committee; UCC Committee); The State Bar of California (Chairman, UCC Committee, 1986-1987; Vice Chairman, UCC Committee, 1985-1986; Member, UCC Committee, Business Law Section, 1984-1987, 1992-1995, and 1999-2002; Member, 1987-1990 and Treasurer, 1989-1990, Executive Committee, Business Law Section); Member, Bench/Bar Committee on Local Bankruptcy Rules for the Central District of California; Financial Lawyers Conference (Member, Board of Governors, 1988-1991, 2001-2004; 2005-; Secretary 2005-2006; Executive Committee, 1990-1991, 2004-); American Bankruptcy Institute (Member, Business Reorganization Committee, Healthcare Committee, and Uniform Commercial Code Committee). Fellow, American College of Bankruptcy.

**FRANK A. MEROLA**, born Syracuse, New York, June 17, 1963; admitted to bar, 1988, California. Education: Georgetown University (B.S., cum laude, 1985); University of California at Los Angeles (J.D. 1988); Distinguished Advocate, Moot Court Honors Program 1986-1987; Moot Court Honors Program Executive Board of Judges 1987-1988; Order of the Coif; Order of the Barristers. Co-Author: "Ignoring Congressional Intent: Eight Years of Judicial Legislation," 62 Am. Bankr. L.J. 1, 1988. *Member:* American Bar Association (Member, Business Law Section and Subcommittee on Entertainment, Gaming and Real Estate Related Issues); The State Bar of California (Member, Debtor/Creditor Relations and Bankruptcy Committee); Los Angeles County Bar Association (Member, Commercial Law and Bankruptcy Section); Turnaround Managers Association (Chairman-Legislative Action Committee 1996-1998; Director 1998-2001).

1

2

3

4

5

6

        **EVE H. KARASIK,** born Cambridge, Massachusetts, September 2, 1962; admitted to bar, 1991, California. Education:  University of California, Berkeley (B.A., with High Honors, 1984); University of Southern California (J.D. 1991); Member, Order of the Coif.  Managing Editor, University of Southern California Computer Law and Major Tax Planning Journals.  Author, "A Normative Analysis Of Disclosure, Privacy, And Computers:  The State Cases," 10 Computer/L.J. 603, 1990. *Member:*  Los Angeles County (Commercial Law and Bankruptcy Section) and American Bar Association (Business Law Section); The State Bar of California (Business Law Section).

7

8

9

10

        **CHRISTINE M. PAJAK,** born Winston-Salem, North Carolina, May 31, 1973; admitted to bar, 2001, California. Education: Douglass College, Rutgers University (B.A., High Honors, 1995); Stanford Law School (J.D., Honors, 2001). *Member*. Phi Beta Kappa. Recipient: The Hilmer Oehlmann, Jr. Prize. *Member*: The State Bar of California and American Bar Association.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "2"**

**STUTMAN, TREISTER & GLATT**
**PROFESSIONAL CORPORATION**
**RANGE OF HOURLY RATES**

| General Range of Rates | Billing Rate<br>Effective 1/1/2006 |
|---|---|
| Principals | $450 — $725 |
| Associates | $250 — $395 |
| Law Clerks | $150 — $205 |
| Paralegals | $180 — $195 |

**Attorneys Expected to be**
**Most Active in these Cases**

| | |
|---|---|
| Jeffrey H. Davidson | $650 |
| Frank A. Merola | $575 |
| Eve H. Karasik | $550 |
| Christine M. Pajak | $350 |

**Paralegal/Assistant Expected to**
**be**
**Most Active in these Cases**

| | |
|---|---|
| Kendra L. Johnson | $180 |