FRANKLIN C. ADAMS, Bar No. 85351
BEST BEST & KRIEGER LLP
3750 University Avenue
P.O. Box 1028
Riverside, California 92502
Telephone: (951) 686-1450
Telecopier: (951) 686-3083
Email: Franklin.Adams@bbklaw.com

STEVEN R. SCOW
STEVEN B. SCOW
A Professional Law Corporation
612 South Seventh Street
Las Vegas, Nevada  89101
Telephone: (702) 385-7269
Fax: (702) 385-3505
Email: Scowlaw@aol.com

Attorneys for Direct Lender James Corison

**Electronically Filed on May 18, 2006**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                         Debtor.<br>_____<br>In re<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                         Debtor.<br>_____<br>In re<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC<br>                                                         Debtor.<br>_____<br>In re<br>USA CAPITAL FIRST TRUST DEED FUND, LLC<br>                                                         Debtor.<br>_____<br>In re<br>USA SECURITIES, LLC<br>                                                         Debtor.<br>_____<br>Affects:<br>  ý    All Debtors<br>  ¤    USA Commercial Mortgage Company<br>  ¤    USA Securities<br>  ¤    USA Capital Realty Advisors, LLC<br>  ¤    USA Capital Diversified Trust Deed Fund, LLC<br>  ¤    USA First Trust Deed Fund, LLC | Case No.  BK-S-06-10725-LBR<br>Case No.  BK-S-06-10726 LBR<br>Case No.  BK-S-06-10727 LBR<br>Case No.  BK-S-06-10728 LBR<br>Case No.  BK-S-06-10729 LBR<br><br>Chapter 11<br><br>**Jointly Administered Under**<br>**Case No. BK-S-06-10725 LBR**<br><br>Judge: Honorable Linda B. Riegle<br><br>LIMITED OPPOSITION TO MOTION TO TEMPORARILY HOLD FUNDS PENDING A DETERMINATION OF THE PROPER RECIPIENTS<br><br>Date:  June 5, 2006<br>Time: 9:30 a.m. |

**TO ALL PARTIES IN INTEREST:**

James Corison (Corison), a Direct Lender and holder of various deeds of trust subject to servicing agreement with USA Commercial Mortgage files his limited opposition to the Debtor's MOTION TO TEMPORARILY HOLD FUNDS PENDING A DETERMINATION OF THE PROPER RECIPIENTS:

Corison does not object to the relief requested. However, he does object to three of the proposed bases upon which the Debtor relies for the requested relief. This Court has sufficient basis to grant the requested relief without reaching a determination as to the three theories discussed below. The Debtor asks this court to base the requested relief on three theories as follows:

1. Recognize the Debtor's equitable interest in the funds.[1]

2. Deem the Direct Lenders to be creditors of the Debtor[2]

3. Determine that Debtors have an equitable lien on the collateral of all Direct Lenders[3].

The practical effect of all of the above theories is to pool the collateral and provide for a pro rata distribution among creditors. It also opens the door for an argument to use the funds in the DIP Collection Account for payment of administrative expenses and ongoing operations of the Debtors.

The potential legal effect of granting the motion based upon any or all of the three theories

---

[1] See Debtors' motion at page 9 part C
[2] See Debtors' motion at page 10, part D
[3] See Debtors' motion at page 11, part E

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3750 UNIVERSITY AVENUE
P.O. BOX 1028
RIVERSIDE, CALIFORNIA 92502

1  set forth above is that they will become the "law of the case" and become binding without proper
2  adjudication.

## A FINDING OF AN EQUITABLE INTEREST OF THE ESTATE IN THE MONEY IN THE DIP COLLECTION ACCOUNT IS UNWARRANTED.

Debtor relies exclusively on In Re Builders Capital Services, Inc., 317 B.R. 603 (Bankr. W. D.N.Y. 2004) for the proposition that the Debtor has an equitable interest in the pool of promissory notes. In addition to getting the facts of the case wrong the case has no precedential authority and is not binding on this court. The Debtors misstate the relevant underlying facts of that case when they assert that, "As part of the transaction, investors were required to appoint Builders Capital, the debtor, as agent under the notes and accompanying mortgages."[4] While the court in Builders concedes that the investors " . . may have designated Builders Capital to serve as their agent, but they did not establish any such relationship with either William or Diane Gordon[5]." The notes promissory notes in question in the Builders case were made between the borrowers and William and Diane Gordon as agents for the named investors. The lack of an agency relationship between the lenders and the Gordons formed the substantial basis for the Builders court's findings and ruling. The Builders court also found that the Debtor operated a "ponzi scheme"[6].

In this case it appears that Loan Servicing Agreements or "Control Account Escrow Agreements" were executed between the Debtor and the Direct Lenders. Here it also appears that, unlike the Builders case, the debtor creditor / relationship does exist between Direct Lenders and their borrowers. These constitute significant departures from the circumstances that led the Builders court to create an equitable interest in the notes in that case.

---

[4] See Debtors' motion at page 9, lines 9 & 10.
[5] See In Re Builders Capital Services, Inc., 317 B.R. 603 (Bankr. W. D.N.Y. 2004) at page 608.
[6] See In Re Builders Capital Services, Inc., 317 B.R. 603 (Bankr. W. D.N.Y. 2004) at page 605.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3750 UNIVERSITY AVENUE
P.O. BOX 1028
RIVERSIDE, CALIFORNIA 92502

1  Whether or not this court ultimately arrives at the same conclusion in this case should be reserved for another day.  Corison would likely not file any opposition to the motion but for the Debtors request at page 10, lines 1 through 3, inclusive that the, "Debtors are merely seeking **recognition** of their equitable interests in the these funds pending a determination of the Court as to their ultimate disposition." (emphasis added)  Such a request sounds like a request for a finding which is, at a minimum, not required to grant the motion. It is also procedurally defective in that it does properly put the Direct Lenders on notice of the assertion by the Debtor of their asserted equitable interest to the potential derogation of the legal title to the notes and funds held by Direct Lenders.  More properly such action should occur in the context of an adversary proceeding.

## A FINDING THAT DEEMS THE DIRECT LENDERS TO CREDITORS OF THE DEBTOR IS UNWARRANTED

Under this section the Debtor asserts that, "It may be that .. ." and, " it is possible that . . ." the circumstances are such that this court should deem the Direct Lenders as creditors of the estate.  Notably the Debtors say that they may know this once Mr. Allison concludes his investigation.  Corison concurs, such assertions and determinations should be determined after the investigation is complete.  This court should make no finding which could translate to a later argument by the Debtors or any other party-in-interest that this court has already made a finding that the Direct Lenders are creditors of the Debtor in this case.

Debtors again cite to case law not from this circuit with the exception of In re The Woodson Co., 813 F.2d 266.  The Woodson case turns on the "incidence of ownership" of the investors.  In that case the court found that the lack of risk by virtue of guarantees turned the investors into creditors with neither legal or equitable interests in the notes.  Such would, at first blush, seem not to be the case here.

Again, the concern of Corison is that this Court make no rulings or findings that could be

1  considered binding or the law of the case in granting the Debtors motion.

3  <u>A FINDING THAT DETERMINES THAT DEBTORS HAVE AN EQUITABLE LIEN ON THE COLLATERAL FOR THE BENEFIT OF ALL DIRECT LENDERS IS ALSO INAPPROPRIATE</u>

7  Here the Debtor relies on a Nevada case, <u>In re Lemons & Associates, Inc</u>. 67 B.R. 198 (Bankr. Nev. 1986). The Debtor also refers to the *Builders,* case cited above. The Lemons case rests on extensive findings made after an evidentiary hearing which revealed a true parade of horrors. While some of all of the factual elements may ultimately be determined to be true in these cases no so such showing has been made. As a result this court should not make any findings that would permit any party in the future to argue or imply that by granting the Debtors' motion here that this court found that the Debtor has equitable claims on what presently appears to be the Note and collateral of the Direct Lenders.

16  <u>CONCLUSION</u>

18  For all of the reasons set forth above Corison respectfully does not oppose the grant of the relief requested. However, he also respectfully requests that this court also make it clear that in so doing that it is not making any ruling which could be construed as the law of the case or estoppel to argue against any of the three bases or conclusions asserted by the Debtors' under subparts C, D & E of its motion.

Respectfully submitted,

Dated: May 18, 2006                     BEST BEST & KRIEGER LLP

By: /S/
FRANKLIN C. ADAMS
Attorneys for James Corison

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3750 UNIVERSITY AVENUE
P.O. BOX 1028
RIVERSIDE, CALIFORNIA 92502