LAUREL E. DAVIS, ESQ., Nevada Bar No. 3005
LIONEL SAWYER & COLLINS
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
Telephone: (702) 383-8888
Facsimile: (702) 383-8845
Email: Ldavis@lionelsawyer.com

E-Filed on May 18, 2006

Attorneys for SCOTT K. CANEPA

# UNITED STATE BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-06-10725-LBR |
| | Case No. BK-S-06-10726-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | Case No. BK-S-06-10727-LBR |
| | Case No. BK-S-06-10728-LBR |
| Debtor. | Case No. BK-S-06-10729-LBR |
| In re: | Chapter 11 |
| USA CAPITAL REALTY ADVISORS, LLC, | |
| | **Jointly Administered Under** |
| Debtor. | **Case No. BK-S-06-10725-LBR** |
| In re: | |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | |
| Debtor. | |
| In re: | |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | |
| Debtor. | |
| In re: | |
| USA SECURITIES, LLC, | |
| Debtor. | |
| Affects: | |
| [ ] All Debtors | |
| [x] USA Commercial Mortgage Company | |
| [ ] USA Securities, LLC | Date: June 15, 2006 |
| [ ] USA Capital Realty Advisors, LLC | Time: 10:00 a.m. |
| [ ] USA Capital Diversified Trust Deed Fund, LLC | |
| [ ] USA First Trust Deed Fund, LLC | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY
TO TERMINATE LOAN SERVICING AGREEMENT
FOR DIRECT LOAN TO BOISE/GOWAN, LLC**

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

-1-

1    Pursuant to 11 U.S.C. §362 and Bankruptcy Rules 4001(a) and 9014, SCOTT K. CANEPA, a Direct Lender holding over 58% of the beneficial interest in the promissory note secured by deed of trust signed by BOISE/GOWAN, LLC ("Boise/Gowan"), moves this Court for an order granting him relief from the automatic stay to change the loan servicing agent and terminate his Loan Servicing Agreement with respect to the Boise/Gowan loan.

This Motion is made and based upon the attached points and authorities, the accompanying Declaration of Scott K. Canepa and exhibits, all of the papers and pleadings on file herein and any and all evidence adduced at the hearing of this matter.

DATED: this 18th day of May, 2006.

LIONEL SAWYER & COLLINS

By  /s/ Laurel E. Davis
    _____
    Laurel E. Davis
Attorneys for the Canepa Group

**POINTS AND AUTHORITIES**

**A.    PRELIMINARY STATEMENT**

Scott K. Canepa ("Mr. Canepa") seeks this Court's permission to exercise his contractual rights under the Loan Servicing Agreement and Power of Attorney he entered into with USA Commercial Mortgage Company ("USA Commercial Mortgage") with respect to the Boise/Gowan Loan. Based upon USA Commercial's pre-petition and post-petition breaches of the Loan Servicing Agreement, Mr. Canepa seeks relief from the automatic stay to change the loan servicing agent for the Boise/Gowan Loan as permitted by Paragraph 3 of the Loan Servicing Agreement and to terminate the Loan Servicing Agreement and revoke his Power of Attorney granted to USA Commercial Mortgage for the Boise/Gowan Loan as permitted by Paragraph 8 of the Loan Servicing Agreement.

///

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

-2-

**B.    SUMMARY OF RELEVANT FACTS**

1. Mr. Canepa is a Direct Lender to Boise/Gowan 93 LLC ("Boise/Gowan") for a loan that was brokered by USA Commercial Mortgage. *See* accompanying Declaration of Scott K. Canepa ("Canepa Declaration"), filed separately herein which provides the evidentiary basis for this Motion.

2. In August of 2005, Mr. Canepa loaned Boise/Gowan One Million Two Hundred Fifty Thousand ($1,250,000.00) and no/100 Dollars as a participating lender in a loan to Boise/Gowan for the total principal amount of Two Million One Hundred Fifty Thousand ($2,150,000.00) and no/100 Dollars. An authentic copy of his August 17, 2005 check written to fund this loan is attached to the Canepa Declaration as Exhibit B.

3. Mr. Canepa is the largest participating lender in the Boise/Gowan loan. His loan represents more than fifty-eight (58%) percent of the total dollar amount borrowed by Boise/Gowan.

4. Authentic copies of the Boise/Gowan Promissory Note dated August 26, 2005 and Deed of Trust recorded August 31, 2005 are attached to the Canepa Declaration as Exhibit C and Exhibit D. Exhibit A to the Promissory Note expressly identifies Mr. Canepa's $1,250,000.00 loan to Boise/Gowan, and Exhibit A to the Deed of Trust expressly acknowledges that Mr. Canepa is a beneficiary of the Deed of Trust for the amount of his loan to Boise/Gowan. *Id*.

5. For more than ten years, Mr. Canepa has been a Direct Lender in a number of loans brokered and serviced by USA Commercial. When Mr. Canepa made his first loan as a Direct Lender, he entered into a Loan Servicing Agreement with USA Commercial. Mr. Canepa has not been able to locate a copy of his Loan Servicing Agreement; however, he is informed and believes that USA Commercial has the fully executed original Loan Servicing Agreement in its files. As explained in Paragraph 28 of the May 3, 2006 Declaration of Thomas J. Allison ("Allison Declaration"), prior to 2004, the standard form Loan Servicing Agreement permitted USA Commercial to collect a one percent (1%) servicing fee. To the best of his recollection, Mr. Canepa believes that in his agreement, USA Commercial is entitled to receive an annual servicing fee in the amount of one percent (1%) of the maximum principal amount of each loan serviced for him as a Direct Lender.

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

6. Mr. Canepa does not have a copy of the Loan Servicing Agreement that he signed with USA Commercial, and he is informed and believes that USA Commercial has possession of the original, fully executed copy of that document. Other than the fact that Mr. Canepa's loan servicing fee is one percent (1%) and not three percent (3%), it is his recollection that the Loan Servicing Agreement that he entered into with USA Commercial is essentially identical to Exhibit C to the Allison Declaration. Mr. Canepa therefore adopts Exhibit C to the Allison Declaration as a representation of the Loan Servicing Agreement that he entered into with USA Commercial. Copies of the Allison representative agreement and the Allison Declaration (with Exhibit A to the Allison Declaration) are attached to Mr. Canepa's Declaration as Exhibit E and Exhibit G for the Court's convenience.

7. On August 17, 2005, in conjunction with Mr. Canepa's Direct Loan to Boise/Gowan, he signed a Special Power of Attorney granting USA Commercial the right to perform certain services related to the Boise/Gowan loan. An authentic copy of the Special Power of Attorney is attached to the Canepa Declaration as Exhibit F.

8. In Paragraph 2 of the Loan Servicing Agreement, USA Commercial agreed to do the following in connection with servicing each of Mr. Canepa's loans:

> (c) Until the total amount due under each note is paid in full:
>
> (i) Proceed diligently to collect all payments due under the terms of the note and promptly pay the proper parties, when and if due, principal, interest, late charges, insurance and other specified funds.

Loan Servicing Agreement, Page 2, Paragraph 2(c) [emphasis added], Exhibit E.

9. Paragraph 3 of the Loan Servicing Agreement with USA Commercial grants Mr. Canepa the following remedy:

> Rights of Lender if USA Fails to Act. Pursuant to NAC 645B.073, in the event of default, foreclosure or other matters that require action, if for any reason USA fails to act on Lender's behalf as authorized herein, then Lender may, with approval of fifty-one percent (51%) or more of all of the holders of the beneficial interest of record in the Loan, act on behalf of all such holders of beneficial interest of record. These actions may include, but are not limited to:

Lionel Sawyer & Collins
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Phone 702.383.8888
Fax 702.383.8845

-4-

>      (a)    <u>The designation of the mortgage broker, servicing agent or other person to act on behalf of the holders of the beneficial interests in the loan</u>; and
>
>      (b)    The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of foreclosure.

Loan Servicing Agreement, Pages 3-4, Paragraph 3 [emphasis added], <u>Exhibit E</u>.

   10.   Additionally, Paragraph 8 of the Loan Servicing Agreement grants Mr. Canepa the following rights of termination:

>      <u>Termination</u>.  Lender may, by 30 days written notice to USA, terminate this agreement, and the power of attorney granted, if one is granted, under Section 11 of this Agreement, if USA fails to perform its obligations thereunder.

Loan Servicing Agreement, Page 5, Paragraph 8, <u>Exhibit E</u>.

   11.   Although Mr. Allison has represented that the Boise/Gowan loan is a performing loan, <u>Exhibit G</u>, Allison Declaration, USA Commercial has withheld Mr. Canepa's loan payments for April and May of this year.  Additionally, Mr. Allison has admitted in his Declaration (<u>Exhibit G</u>) and live testimony before this Court on May 3, 2006, that USA Commercial Mortgage Company committed breaches of its contractual duties to Direct Lenders under their Loan Servicing Agreements and its statutory fiduciary duties arising under NRS 645B.175 to Direct Lenders because USA Commercial Mortgage did not separately escrow and account for funds received from investors and borrowers; nor did it timely and accurately make disbursements to those persons entitled to receive them.

   12.   USA Commercial Mortgage's failure to remit Mr. Canepa's March and April, 2006 payments, coupled with the admissions by Mr. Allison demonstrate that USA Commercial Mortgage is in breach of Paragraph 2(c)(i) of the Loan Servicing Agreement and that it has "failed to act," thereby satisfying the predicate for Mr. Canepa's exercise of the remedies available to him under Paragraph 3 of the Loan Servicing Agreement, quoted above.  *See* Paragraphs 2(c)(i) and 3, <u>Exhibit E</u>.  Consequently, in his capacity as the holder of more than 58% of the beneficial interest in the Boise/Gowan loan, Mr. Canepa now seeks to exercise his right to immediately designate a new loan

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

-5-

1  servicing agent for the Boise/Gowan loan. Prior to the hearing of this Motion, Mr. Canepa will serve
2  and file a supplemental declaration that will identify the new loan servicing agent and provide the
3  relevant contact information.

4        13.    Moreover, USA Commercial's breaches of the Loan Servicing Agreement and its
5  fiduciary obligations created under NRS 645B.175 likewise justify Mr. Canepa's exercise of the
6  termination remedy available under Paragraph 8 of the Loan Servicing Agreement. Mr. Canepa
7  therefore seeks to terminate the Loan Servicing Agreement and revoke the Power of Attorney with
8  respect to the Boise/Gowan loan in accordance with the language of the Loan Servicing Agreement
9  quoted above. *See* Paragraph 8, Exhibit E.

10        Based upon the facts and circumstances set forth above, Mr. Canepa seeks entry of an order
11  granting him relief from the automatic stay for the purpose of enforcing the provisions of his Loan
12  Servicing Agreement entered into with USA Commercial to change the loan servicing agent and
13  terminate the Loan Servicing Agreement and revoke his Power of Attorney with respect to the
14  Boise/Gowan Loan.

15        **C.**    **LEGAL ARGUMENT**

16        The automatic stay enjoins the enforcement of "any act to obtain possession of property of
17  the estate or of property from the estate or to exercise control of property of the estate," 11 U.S.C.
18  §362(a)(3), and Congress intended the scope of the automatic stay to be broad. Upon the
19  commencement of a chapter 11 case, "[a]ll proceedings are stayed, including arbitration, license
20  revocation, administrative, and judicial proceedings. Proceeding in this sense encompasses civil
21  actions as well, and all proceedings even if they are not before governmental tribunals." H.R.Rep.
22  No. 595, 95th Cong., 2d Sess. 340 *reprinted in* 1978 U.S. Code Cong. & Admin. News 5963, 6297.

23        "Property of the estate" is defined by 11 U.S.C. §541, and it neither explicitly includes nor
24  excludes contract rights. However, the statutory definition does include "all legal or equitable
25  interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). A
26  review of the legislative history for this section indicates that Congress likewise intended the scope
27  of this paragraph to be broad. "It includes all kinds of property, including tangible or intangible
28  property [and] causes of action." H.R.Rep. No. 595 at 367, *reprinted in* 1978 U.S.Code Cong. &

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

-6-

Admin.News at 6323.

The Ninth Circuit has held that an executory contract, regardless of whether it is assumable or assignable, is property of the estate, and thus, the creditor must obtain relief from the automatic stay before it can terminate the contract. In re Computer Communications, 824 F.2d 725 at 728, 731 (9th Cir. 1987) (contract may not be unilaterally terminated without lift stay). *See also* In re Wegner Farms Co., 49 B.R. 440 (Bankr. N.D. Iowa 1985) (same); and In re Minoco Group of Companies, Ltd., 799 F.2d 517, 518 (9th Cir. 1986) (insurance contracts are property of the estate). *C.f.*. In re Lovitt, 757 F.2d 1035 (9th Cir. 1985) (executory contract is not property of the estate until assumed pursuant to Section 365); and In re Qintex Entertainment, Inc., 950 F.2d 1492 (9th Cir. 1991) (same).

Efforts to terminate a contract without first obtaining relief from the automatic stay have been met with severe sanctions for violation of the automatic stay. *See e.g.,* In re Computer Communications, (Judgment for general damages of $4,750,000 plus punitive damages of $250,000 for wilful violation of the automatic stay in unilateral termination of contract); and In re Carroll, 903 F.2d 1266 (9th Cir. 1990) (case remanded for determination of damages for stay violation resulting from notice to terminate post-petition contract without relief from stay).

**C.    CONCLUSION**

Based upon the above-cited authorities, Mr. Canepa seeks entry of an order granting him relief from the automatic stay for the purpose of enforcing his contractual rights under the Loan Servicing Agreement with respect to the Boise/Gowan Loan and expressly authorizes Mr. Canepa to: (1) change the loan servicing agent for the Boise/Gowan Loan as permitted by Paragraph 3 of the Loan Servicing Agreement; and (2) terminate the Loan Servicing Agreement and revoke his Power of Attorney granted to USA Commercial Mortgage for the Boise/Gowan Loan as permitted by Paragraph 8 of the Loan Servicing Agreement.

Respectfully submitted,

LIONEL SAWYER & COLLINS

/s/ Laurel E. Davis
By _____
Laurel E. Davis
Attorneys for SCOTT K. CANEPA

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845