

PROMISSORY NOTE
SECURED BY DEED OF TRUST

$18,000,000.00                                                                                  Las Vegas, Nevada
                                                                                                August 2, 2005

        This Promissory Note ("Note"), dated as of August 16, 2005 is made and delivered by **Del Valle Capital Corporation, Inc.**, a California corporation ("Borrower"), in favor of the persons listed on **Exhibit "A"** hereto ("Lender"). Capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Loan Agreement dated of even date herewith between Borrower and Lender.

        FOR VALUE RECEIVED, Borrower promises to pay to Lender, or order, the principal sum of Eighteen Million Dollars ($18,000,000.00) (the "Note Amount"), together with interest as provided herein.

        1.    <u>Interest Rate</u>. Interest shall accrue on the outstanding portion of the Note Amount, from the date Lender initially disburses such funds until the date the Note Amount is paid in full, at the rate of twelve and one-half percent (12.5%) per annum. Interest shall be calculated on the basis of a 360-day year and actual days elapsed. Accrued but unpaid interest shall be compounded monthly.

        2.    <u>Payments</u>. Monthly interest on the Note Amount shall be due and payable on the first day of each month, in advance. For example, interest that would accrue in the month of May will be due and payable on May 1, and will be calculated on the amount due under the Note on that day. Provided no Event of Default is then existing, at the time any principal amount of the Loan is repaid, the next interest payment (or the final principal payment that fully repays the Loan) shall be reduced by the excess prepaid interest, if any. All payments shall be made in lawful money of the United States of America and in immediately available funds at Lender's office, the address for which is specified below, or at such other place as the Lender hereof may from time to time direct by written notice to Borrower.

        3.    <u>Maturity Date</u>. If not sooner paid, the outstanding principal balance under this Note, all accrued and unpaid interest, and all other indebtedness of Borrower owing under any and all of the Loan Documents shall be due and payable in full on or before the date which is twelve (12) months after the entire Loan Amount and documents needed to close the Loan are deposited with the Title Company (the "Maturity Date").

        4.    <u>Application of Payments</u>. All payments on this Note shall, at the option of the Lender hereof, be applied first to the payment of accrued interest then payable.

        5.    <u>Prepayment</u>. Borrower agrees that all loan fees and any prepaid finance charges are fully earned as of the date hereof and will not be subject to refund upon early payment (whether

1

voluntary or as a result of default). Subject to the foregoing, at any time prior to the Maturity Date, Borrower may prepay this Note in full or in part at any time.

6. Collateral. This Note is secured by deeds of trust encumbering real property located in Merced County, California.

7. Defaults; Acceleration. The occurrence of any Event of Default (as hereinafter defined) shall be a default hereunder. Upon the occurrence of an Event of Default, Lender may declare the entire principal balance of the Note then outstanding (if not then due and payable) and all other obligations of Borrower hereunder to be due and payable immediately. Subject to the applicable provisions of law, upon any such declaration, the principal of the Note and accrued and unpaid interest, and all other amounts to be paid under this Note shall become and be immediately due and payable, anything in this Note to the contrary notwithstanding.

The occurrence of any one or more of the following, whatever the reason therefor, shall constitute an "Event of Default" hereunder:

(a) Borrower shall fail to pay when due any amount due pursuant to the Note; or

(b) Borrower or any guarantor ("Guarantor") of the Note shall fail to perform or observe any term, covenant or agreement contained in the Note or any guaranty executed and delivered concurrently herewith on its part to be performed or observed, other than the failure to make a payment covered by subsection (a), and such failure shall continue uncured as of ten (10) calendar days after written notice of such failure is given by Lender to Borrower; provided, however, that if the default cannot be cured in 10 days but Borrower is diligently pursuing the cure, then Borrower shall have thirty (30) days after written notice to effect the cure (the cure period set forth in this subsection (b) shall not apply to any other Event of Default); or

(c) any representation or warranty contained in any document made or delivered pursuant to or in connection with any of the Loan Documents proves incorrect or to have been incorrect in any material respect when made; or

(d) Borrower (which term shall include any entity comprising Borrower) is dissolved or liquidated, or otherwise ceases to exist, or all or substantially all of the assets of Borrower or any Guarantor are sold or otherwise transferred without Lender's written consent; or

(e) Borrower or any Guarantor is the subject of an order for relief by the bankruptcy court, or is unable or admits in writing its inability to pay its debts as they mature, or makes an assignment for the benefit of creditors; or Borrower or any Guarantor applies for or consents to the appointment of any receiver, trustee, custodian, conservator, liquidator, rehabilitator or similar officer (the "Receiver"); or any Receiver is appointed without the application or consent of Borrower or any Guarantor, as the case may be, and the appointment continues undischarged or unstayed for sixty (60) calendar days; or Borrower or any Guarantor institutes or consents to any bankruptcy, insolvency, reorganization, arrangement, readjustment of debt, dissolution, custodianship, conservatorship, liquidation, rehabilitation or similar proceedings relating to it or to

2

all or any part of its property under the laws of any jurisdiction; or any similar proceeding is instituted without the consent of Borrower or any Guarantor, as the case may be, and continues undismissed or unstayed for sixty (60) calendar days; or any judgment, writ, attachment, execution or similar process is issued or levied against all or any part of the Property or Borrower or any Guarantor, and is not released, vacated or fully bonded within thirty (30) calendar days after such issue or levy; or

(f) there shall occur a material adverse change in the financial condition of Borrower or any Guarantor from their respective financial conditions as of the date of this Note, as determined by Lender in its reasonable discretion; or

(g) any Loan Document, at any time after its execution and delivery and for any reason other than the agreement of Lender or the satisfaction in full of all indebtedness and obligations of Borrower under the Loan Documents, ceases to be in full force and effect or is declared to be null and void by a court of competent jurisdiction; or Borrower or any trustee, officer, director, shareholder or partner of any entity comprising Borrower or any Guarantor claims that any Loan Document is ineffective or unenforceable, in whole or in part, or denies any or further liability or obligation under any Loan Document, unless all indebtedness and obligations of Borrower thereunder have been fully paid and performed; or

(h) all or a substantial portion of the Property is condemned, seized or appropriated by any Governmental Agency; or

(i) Borrower is dissolved or liquidated, or otherwise ceases to exist, or all or substantially all of the assets of Borrower or the Guarantors are sold or otherwise transferred without Lender's written consent; or

(j) any lien or security interest created by any Security Document, at any time after the execution and delivery of that Security Document and for any reason other than the agreement of Lender or the satisfaction in full of all indebtedness and obligations of Borrower under the Loan Documents, ceases or fails to constitute a valid, perfected and subsisting lien of the priority required by this Agreement or security interest in and to the Property purported to be covered thereby, subject only to the Permitted Exceptions; or

(k) any default occurs in any loan document or other agreement by and between Borrower and Lender or by Borrower in favor of Lender with reference to the Loan or otherwise, or any default occurs in any loan document regarding any loan or other obligation secured by the Property or any portion thereof.

8. <u>Late Charge</u>. Borrower acknowledges that if any interest payment is not made when due or if the entire amount due under this Note is not paid by the Maturity Date, or, if accelerated as permitted by this Note or any other Loan Document, by the date given in the notice of acceleration, the Lender hereof will incur extra administrative expenses (i.e., in addition to expenses incident to receipt of timely payment) and the loss of the use of funds in connection with the delinquency in payment. Because the actual damages suffered by the Lender hereof by reason

of such extra administrative expenses and loss of use of funds would be impracticable or extremely difficult to ascertain, Borrower agrees that five percent (5%) of the amount so delinquent shall be the amount of damages to which such Lender is entitled, upon such breach, in compensation therefor. Therefore, Borrower shall, in the event any payment required under this Note is not paid within five (5) days after the date when such payment becomes due and payable pursuant to Sections 2 and 3, above, and without regard to any default notice under Section 7(a), and without further notice, pay to the Lender hereof as such Lender's sole monetary recovery to cover such extra administrative expenses and loss of use of funds, liquidated damages in the amount of five percent (5%) of the amount of such delinquent payment. The provisions of this paragraph are intended to govern only the determination of damages in the event of a breach in the performance of the obligation of Borrower to make timely payments hereunder, including timely payment of any accelerated amount. Nothing in this Note shall be construed as an express or implied agreement by the Lender hereof to forbear in the collection of any delinquent payment or in exercising any of its rights and remedies under the Loan Documents, or be construed as in any way giving Borrower the right, express or implied, to fail to make timely payments hereunder, whether upon payment of such damages or otherwise. The right of the Lender hereof to receive payment of such liquidated and actual damages, and receipt thereof, are without prejudice to the right of such Lender to collect such delinquent payments and any other amounts provided to be paid hereunder or under any security for this Note or to declare a default hereunder or under any security for this Note.

9.  Default Rate. From and after the Maturity Date or, if any Event of Default occurs and is not timely cured, from the date the payment was due regardless of any cure period provided in the notice of default, through and including the date such default is cured, at the option of the Lender hereof, all amounts owing under the Note and all sums owing under all of the Loan Documents shall bear interest at a default rate equal to twenty percent (20%) per annum ("Default Rate"). Such interest shall be paid on the first day of each month thereafter, or on demand if sooner demanded.

10.  Waivers. Borrower waives any right of offset it now has or may hereafter have against the Lender hereof and its successors and assigns. Borrower waives presentment, demand, protest, notice of protest, notice of nonpayment or dishonor and all other notices in connection with the delivery, acceptance, performance, default or enforcement of this Note. Borrower expressly agrees that any extension or delay in the time for payment or enforcement of this Note, to renewal of this Note and to any substitution or release of the Property, all without any way affecting the liability of Borrower hereunder. Any delay on Lender's part in exercising any right hereunder or under any of the Loan Documents shall not operate as a waiver. Lender's acceptance of partial or delinquent payments or the failure of Lender to exercise any rights shall not waive any obligation of Borrower or any right of Lender, or modify this Note, or waive any other similar default.

11.  Costs of Collection. Borrower agrees to pay all costs of collection when incurred and all costs incurred by the Lender hereof in exercising or preserving any rights or remedies in connection with the enforcement and administration of this Note or following a default by Borrower, including but not limited to actual attorneys' fees. If any suit or action is instituted to enforce this Note, Borrower promises to pay, in addition to the costs and disbursements otherwise allowed by law, such sum as the court may adjudge reasonable attorneys' fees in such suit or action.

4

12. <u>Usury</u>. Borrower hereby represents that this loan is for commercial use and not for personal, family or household purposes. It is the specific intent of the Borrower and Lender that this Note bear a lawful rate of interest, and if any court of competent jurisdiction should determine that the rate herein provided for exceeds that which is statutorily permitted for the type of transaction evidenced hereby, the interest rate shall be reduced to the highest rate permitted by applicable law, with any excess interest theretofore collected being applied against principal or, if such principal has been fully repaid, returned to Borrower upon written demand.

13. <u>Notices</u>. All notices to be given pursuant to this Note shall be sufficient if given by personal services, by guaranteed overnight delivery services, by telex, telecopy or telegram or by being mailed postage prepaid, certified or registered mail, return receipt requested, to the described addresses of the parties hereto as set forth below, or to such other address as a party may request in writing. Any time period provided in the giving of any notice hereunder shall commence upon the date of personal service, the date after delivery to the guaranteed overnight delivery service, the date of sending the telex, telecopy or telegram or two (2) days after mailing certified or registered mail.

**BORROWER'S ADDRESS:**   Del Valle Capital Corporation, Inc.
1012 10th Street
Modesto, California 95354
Attn. Scott Myers

**LENDER'S ADDRESS:**   c/o USA Commercial Mortgage Company
4484 South Pecos Road
Las Vegas, Nevada 89121
Attn. Joseph D. Milanowski

**With a copy to:**

Goold, Patterson, Ales & Day
4496 South Pecos Road
Las Vegas, Nevada 89121
Attn: Bryan K. Day

14. <u>Assignment By Lender</u>. Lender may assign its rights hereunder or obtain participants in this Note at any time, and any such assignee, successor or participant shall have all rights of the Lender hereunder.

15. <u>Multiple Parties</u>. A default on the part of any one entity comprising Borrower or any Guarantor of this Note shall be deemed a default on the part of Borrower hereunder.

16. <u>Construction</u>. This Note and all security documents and guaranties executed in connection with this Note have been reviewed and negotiated by Borrower, Lender and Guarantors at arms' length with the benefit of or opportunity to seek the assistance of legal counsel and shall not be construed against either party. The titles and captions in this Note are inserted for convenience only and in no way define, limit, extend, or modify the scope of intent of this Note.

5

17.     <u>Partial Invalidity</u>.  If any section or provision of this Note is declared invalid or unenforceable by any court of competent jurisdiction, said determination shall not affect the validity or enforceability of the remaining terms hereof.  No such determination in one jurisdiction shall affect any provision of this Note to the extent it is otherwise enforceable under the laws of any other applicable jurisdiction.

18. <u>Governing Law; Jurisdiction; Waiver of Jury Trial</u>.

(a) This Note shall be construed according to and governed by the laws of the State of Nevada, without regard to its choice of law provisions.

(b) BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, (i) SUBMITS TO PERSONAL JURISDICTION IN THE STATE OF NEVADA OVER ANY SUIT, ACTION OR PROCEEDING BY ANY PERSON ARISING FROM OR RELATING TO THIS NOTE, OR ANY OTHER OF THE LOAN DOCUMENTS, (ii) AGREES THAT ANY SUCH ACTION, SUIT OR PROCEEDING MAY BE BROUGHT IN ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION SITTING IN CLARK COUNTY, NEVADA, (iii) SUBMITS TO THE JURISDICTION OF SUCH COURTS, AND, (iv) TO THE FULLEST EXTENT PERMITTED BY LAW, AGREES THAT IT WILL NOT BRING ANY ACTION, SUIT OR PROCEEDING IN ANY FORUM OTHER THAN CLARK COUNTY, NEVADA (BUT NOTHING HEREIN SHALL AFFECT THE RIGHT OF LENDER TO BRING ANY ACTION, SUIT OR PROCEEDING IN ANY OTHER FORUM). BORROWER FURTHER CONSENTS AND AGREES TO SERVICE OF ANY SUMMONS, COMPLAINT OR OTHER LEGAL PROCESS IN ANY SUCH SUIT, ACTION OR PROCEEDING BY REGISTERED OR CERTIFIED U.S. MAIL, POSTAGE PREPAID, TO THE BORROWER AT THE ADDRESS FOR NOTICES DESCRIBED IN SECTION 13 HEREOF, AND CONSENTS AND AGREES THAT SUCH SERVICE SHALL CONSTITUTE IN EVERY RESPECT VALID AND EFFECTIVE SERVICE (BUT NOTHING HEREIN SHALL AFFECT THE VALIDITY OR EFFECTIVENESS OF PROCESS SERVED IN ANY OTHER MANNER PERMITTED BY LAW).

(c) BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, WAIVES, RELINQUISHES AND FOREVER FORGOES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATING TO THE INDEBTEDNESS SECURED HEREBY OR ANY CONDUCT, ACT OR OMISSION OF LENDER, TRUSTEE OR BORROWER, OR ANY OF THEIR DIRECTORS, OFFICERS, PARTNERS, MEMBERS, EMPLOYEES, AGENTS OR ATTORNEYS, OR ANY OTHER PERSONS AFFILIATED WITH LENDER, TRUSTEE OR BORROWER, IN EACH OF THE FOREGOING CASES, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.

BORROWER:    Del Valle Capital Corporation, Inc.

By: _____
Scott Myers, President

# EXHIBIT "A"
## LENDERS

Del Valle - Livingston

| Vested AS | Dollars |
|---|---|
| A. Andrew Schwarzman, an unmarried man & Maria T. Cotch, an unmarried woman, as joint tenants with right of survivorship | $50,000.00 |
| A. Stephen Phillips & Frances E. Phillips Trustees of the Phillips Family Trust dated 10/24/89 | $50,000.00 |
| Aaron I. Osherow, Trustee of the Osherow Trust dated 9/11/89 | $50,000.00 |
| ACS Properties, Inc., a Florida corporation | $100,000.00 |
| Adib M. Al-Awar & Ellen A. Al-Awar Trustees of the Al-Awar Living Trust dated 04/05/01 | $200,000.00 |
| Alfonso Tennariello & Jean Tennariello Co-Trustees of the Tennariello Revocable Trust dated 7/10/97 | $50,000.00 |
| Ali Pirani and Anisha Pirani, husband and wife, as joint tenants with the right of survivorship | $50,000.00 |
| Alice I. Sorensen, an unmarried woman | $50,000.00 |
| Allen Herd and Marilyn Herd, Trustees of the Herd Family Trust dated 4/23/90 | $50,000.00 |
| Allen W. Dunn Trustee of the Allen W. Dunn Family Trust | $50,000.00 |
| Allen W. Dunn Trustee of the Dunn Family Decedents Trust dated 8/11/1994 | $50,000.00 |
| Alvaro V. Perez & Heidi L. Perez, husband & wife, as joint tenants with right of survivorship | $80,000.00 |
| Andrew Peterson & Sharon Peterson Trustees of the Andrew R. Peterson & Sharon Peterson 1991 Living Trust dated 11/22/91 | $150,000.00 |
| Angeline M. Christianson, an unmarried woman | $50,000.00 |
| Anthony P. Wynn & Sheri J. Wynn, husband & wife, as joint tenants with right of survivorship | $100,000.00 |
| Anton Trapman, an unmarried man | $50,000.00 |
| August J. Amaral, Inc., a Nevada corporation | $50,000.00 |
| B2PW, Oregon Partnership | $50,000.00 |
| Barbara M. Sanchez Trustee of The Barbara M. Sanchez 2002 Revocable Living Trust dated 4/4/02 | $80,000.00 |
| Barbara Stricklin, a unmarried woman & Robert T. Chylak, a married man dealing with his sole & separate property, as joint tenants with right of survivorship payable on death to Barbara M. Chylak | $75,000.00 |
| Barry J. Goldstein & Patricia B. Goldstein, as joint tenants with right of survivorship | $50,000.00 |
| Basil Honikman & Linda Honikman, husband and wife as joint tenants with rights of survivorship | $75,000.00 |
| Bernard A. Kloenne Trustee of the Bernard Kloenne Living Trust dated 10/10/86 | $100,000.00 |
| Bernard L. Finley and Jacklyn Finley, husband and wife as joint tenants with right of survivorship | $50,000.00 |
| Beverly C. Fritz Trustee of the Harry G. Fritz & Beverly C. Fritz Family Trust dated 4/13/94 | $100,000.00 |
| Brenda Falvai, a married woman dealing with her sole and separate property | $50,000.00 |
| Brian H. Busse & Dawn Busse, husband & wife, as joint tenants with right of survivorship | $100,000.00 |

Del Valle - Livingston

| Vested AS | Dollars |
|---|---|
| Bruce H. Corum Trustee of the Credit Shelter Trust | $100,000.00 |
| Capital Mortgage Investors, Inc., a Florida Corporation | $50,000.00 |
| Chad R. Sandhas, an unmarried man | $50,000.00 |
| Charles T. Hamm and Sandra L. Hamm, Trustees of the Hamm Trust dated 3/17/05 | $75,000.00 |
| Clarence J. Greenwald & Gertrude R. Greenwald, Trustees of the Greenwald Living Trust dated 5/8/90 | $100,000.00 |
| Clark Rex Baron and Joyce Payne Baron, Trustees of the Baron Family Trust dated 2-9-05 | $50,000.00 |
| Dana McDaniel Kanne Trustee of the Dana McDaniel Kanne Separate Property Trust dated 4/27/99 | $100,000.00 |
| Daniel R. Halseth & Sandra K Halseth Trustees of the Halseth Family Trust restated 4/21/00 | $200,000.00 |
| Darin B. Iverson & Tamara C. Iverson Trustees of the Iverson Family Trust dated 5/14/01 | $100,000.00 |
| David Kravitz & Mable R. Kravitz Trustees of the Kravitz Family Revocable Trust under agreement dated 12/9/99 | $50,000.00 |
| DeHart/Hooks, LP a Nevada limited partnership | $100,000.00 |
| Delwin C. Holt, an unmarried man | $50,000.00 |
| Denise A. Murphy, a single woman | $50,000.00 |
| Dennis M. Keegan and Gwen M. Keegan, husband and wife, as joint tenants with the right of survivorship | $50,000.00 |
| Dennis Raggi, a married man dealing with his sole & separate property | $100,000.00 |
| Diane L. Bennett, a single women | $50,000.00 |
| Dina Ladd, a single woman | $50,000.00 |
| Donald H. Kwiatkowski & Sandra L. Kwiatkowski, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| Donald P. Clark Trustee of the Donald P. Clark Family Trust dated 10/25/94 | $100,000.00 |
| Donald S. Tomlin & Dorothy R. Tomlin Trustees of the Donald S. Tomlin & Dorothy R. Tomlin Revocable Trust dated 10/24/79 | $100,000.00 |
| Douglas Tichenor & Susan Tichenor, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| Dr. Carole Talan, an unmarried woman | $50,000.00 |
| Earl Howsley, a married man dealing with his sole & separate property | $60,000.00 |
| Edwin Carlton III | $50,000.00 |
| Elan Reddell Trustee of the Elan Reddell Revocable Living Trust dated 8/4/03 | $50,000.00 |
| Eleanor Varelli | $50,000.00 |
| Ellen B. Adams, Transfer on Death to Denise S. Adams | $50,000.00 |
| Eric B. Freedus and Linda P. Freedus, husband and wife, as joint tenants with the right of survivorship | $50,000.00 |
| Ernie C. Young Trustee of The Ernie C. Young Living Trust dated 9/23/96 | $100,000.00 |
| Eugene W. Cady & Sandra L. Cady Trustees of the Eugene W. Cady & Sandra L. Cady Trust dated 9/24/85 | $50,000.00 |
| First Savings Bank Custodian for Barbara Sue Luthi IRA | $55,000.00 |
| First Savings Bank Custodian For Donald E. Redmon IRA | $50,000.00 |
| First Savings Bank Custodian For Gary O. Sharp IRA | $50,000.00 |
| First Savings Bank Custodian For George W. Hubbard Roth IRA | $100,000.00 |
| First Savings Bank Custodian For Kenneth Addes IRA | $50,000.00 |
| First Savings Bank Custodian For L. Earle Romak IRA | $50,000.00 |
| First Savings Bank Custodian for Ralph Raymond Storch IRA | $96,000.00 |
| First Trust Co. Of Onaga Custodian For David C. Coulson IRA | $100,000.00 |

Del Valle - Livingston

| Vested AS | Dollars |
|---|---|
| Franklin J. & Roxanne Havers, Trustees of the Havers Family Trust | $50,000.00 |
| Freedom Properties, Inc. | $100,000.00 |
| Gary A. Thibault & Sandra C. Thibault, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| Gary I. Miller & Barbara L. Miller Trustees of the Gary I. & Barbara L. Miller Trust dated 08/13/87 | $50,000.00 |
| Gary Larson & Dolores Larson, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| Gary R. Brennan, an unmarried man | $250,000.00 |
| Geoffrey Mott & Maryann Mott, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| Gerald L. Bittner, Sr. DDS. Inc. Profit Sharing Plan & Trust dated 1/15/91 | $50,000.00 |
| Gordon N. Stimpson & Marjorie I. Stimpson Co-Trustees of The Stimpson Family Trust | $50,000.00 |
| Hans - Ueli Surber, a married man dealing with his sole and separate property | $165,000.00 |
| Harriet Bender Trustee of the Bender Family Trust dtd 7/30/92 Survivors Trust | $100,000.00 |
| Harriet Bender Trustee of The Bender Family Trust, By-Pass Trust, dated 7/30/92 | $100,000.00 |
| Harvey A. Kornhaber, a single man | $50,000.00 |
| Henry L. Letzerich and Norma W. Letzerich, husband and wife, as joint tenants with the rights of survivorship | $50,000.00 |
| Herbert Slovis, a single man & Julie B. Slovis, a single woman as joint tenants with right of survivorship | $50,000.00 |
| Hillari Tischler payable on death to Howard Tischler | $50,000.00 |
| Homfeld II, LLC, a Florida limited liability company | $100,000.00 |
| Jack J. Beaulieu Trustee of the Jack J. Beaulieu Revocable Living Trust dated 9/1/94 | $200,000.00 |
| James B. Cardwell & Reba Cardwell Trustees of the Cardwell Family Trust | $300,000.00 |
| James D. Climo and Dolores J. Climo, Trustees of the Climo Family Trust dated 2/6/92 | $75,000.00 |
| James D. Dery & Ann R. Dery, husband & wife | $75,000.00 |
| James William Rogers, an unmarried man | $100,000.00 |
| Jeremy Ainsworth, an unmarried man | $100,000.00 |
| Jerry L. Blackman, Sr. and Carolyn N. Blackman Living Trust, dated 11/26/01 | $50,000.00 |
| John A. Manney & Kathryn B. Manney, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| John C. Barzan and Rosemarie A. Barzan, Trustees of the Barzan Family Trust dated 5/23/90 | $75,000.00 |
| John F. Adams & Jackie Adams, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| John J. & Gina A. Fanelli Husband and Wife as joint tenants with rights of survivorship | $200,000.00 |
| John S. Broders, an unmarried man | $50,000.00 |
| John Sumpolec, Jr. Trustee of the Sumpolec 1989 Trust dated 4/13/89 | $50,000.00 |
| Joseph C. Bellan & Verna J. Bellan Trustees of the Joseph C. Bellan & Verna J. Bellan Revocable Living Trust dated 2/4/00 | $50,000.00 |
| Joseph G. Zappulla & Carol A. Zappulla, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| Joseph P. Walls & Ellen Walls Trustees of the Walls Family Trust dated 12/10/97 | $200,000.00 |
| Joyce E. Smith Trustee of the Joyce E. Smith Trust dated 11/3/99 | $50,000.00 |
| Judy A. Van Winkle Trustee of the Judy A. Van Winkle 1994 Trust dated 3/25/94 | $50,000.00 |
| K. Ken Kaneda & Brigitte Arend-Kaneda Trustees of the Kaneda Living Trust dated 5/30/02 | $50,000.00 |
| Kami D. Wright and David M. Wright, wife and husband, as joint tenants with the right of survivorship | $50,000.00 |

Del Valle - Livingston

| Vested AS | Dollars |
|---|---|
| Kelly Cooper, an unmarried man & Susan Mack, an unmarried woman, as joint tenants with right of survivorship | $50,000.00 |
| Kermit Kruse, a married man dealing with his sole & separate property | $50,000.00 |
| Kevin Ness, a married man and Karen Ness, a single woman, brother and sister as joint tenants with right of survivorship | $100,000.00 |
| Kip E. Virts & Melissa A. Virts, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| Larry Fernandez Trustee of the Fernandez Family Trust dated 6/20/84 | $100,000.00 |
| Larry L. Rieger & Patsy R. Rieger Trustees of the Larry L. Rieger & Patsy R. Rieger Revocable Trust dated 8/14/91 | $50,000.00 |
| Larry W. Johnson, an unmarried man and Lyn Owen, an unmarried woman, joint tenants with the right of survivorship | $50,000.00 |
| Lawrence G. Doull II & Janet K. Doull Trustees of the Lawrence G. Doull II Living Trust dated 12/12/95 | $150,000.00 |
| Linda M. Herdman Trustee for the Linda M. Herdman Family Trust dated 12/11/03 | $50,000.00 |
| Linda S. Ackerman Trustee of the Linda S. Ackerman Separate Property Trust dated February 16, 1999 | $100,000.00 |
| LK Wolfe Family, LP, a Nevada limited partnership | $50,000.00 |
| Lloyd F. Van Sickle Trustee of The Van Sickle Family Trust dated 5/20/99 | $100,000.00 |
| Lori A. Procter, an unmarried woman | $50,000.00 |
| Louis H. Turner & Shirley M. Turner Trustees of the Louis H. & Shirley M. Turner Family Trust dated 9/9/97 | $50,000.00 |
| Loyal Crownover, Trustee of the Lora and Loyal Crownover Family Trust | $200,000.00 |
| Lynelle L. Goodreau and David M. Bailey, wife and husband, as joint tenants with right of survivorship | $50,000.00 |
| M & M Imports Retirement Plan Trust | $50,000.00 |
| M. Anne Riccio | $50,000.00 |
| M. L. Smith and Pauline Smith, Trustees of the M. L. and Pauline Smith Family Living Trust | $200,000.00 |
| Malcolm Telloian Jr. and Joan B. Telloian, husband and wife, as joint tenants with the right of survivorship | $50,000.00 |
| Manuel G. Rice Trustee of the 1993 Manuel G. Rice Revocable Trust dated 10/1/93 | $50,000.00 |
| Marc M. Ingman, an unmarried man | $100,000.00 |
| Marietta Voglis, a married woman dealing with her sole & separate property | $50,000.00 |
| Marilyn Hilborn Trustee of the Marilyn Hilborn Trust dated 11/18/93 | $50,000.00 |
| Mark Bredesen & Katharine Bredesen Trustees of the Mark Bredesen & Katharine Bredesen Living Trust dated 2/14/99 | $50,000.00 |
| Mark Fanelli, a married man dealing with his sole & separate property | $100,000.00 |
| Maurice A. Cauchois & Jacqueline M. Cauchois Trustees of the M & J Cauchois Family Trust dated 2/25/93 | $50,000.00 |
| Mesa LLC, a Nevada limited liability company | $50,000.00 |
| Michael C. Ross & Gayle G. Ross Trustees of the Ross Family Trust dated 6/12/03 | $50,000.00 |
| Michael D. Stewart & Mary Jude Stewart Trustees of the Stewart Family Trust dated 1/15/98 | $100,000.00 |
| Michael Dashosh & Elizabeth Dashosh, husband & wife, as joint tenants with rights of survivorship | $100,000.00 |
| Michael P. Sapourn, Trustee of the Paul J. Sapourn Grantor Retained Annuity Trust dated 10/15/98 | $65,000.00 |
| Michael T. McGrath Trustee of the 2001 Michael T. McGrath Revocable Trust dated 12/11/01 | $75,000.00 |

Del Valle - Livingston

| Vested AS | Dollars |
|---|---|
| MLH Family Investment Limited, a Texas company | $125,000.00 |
| Monighetti, Inc., a Nevada corporation | $50,000.00 |
| Morton J. Port, a married man dealing with his sole & separate property | $50,000.00 |
| Nicholas A. Steinmetz & Cynthia M. Steinmetz Trustees of the 2001 Steinmetz Family Trust | $50,000.00 |
| Nicholas Perrone Trustee of the Nicholas Perrone Trust dated 7/12/99 | $100,000.00 |
| Nili Weingart, an unmarried woman | $50,000.00 |
| Oliver F. Smith Trustee of the Oliver F. Smith Incorporated Profit Sharing Plan | $50,000.00 |
| Osvaldo Zunino Trustee of the Osvaldo Zunino Living Trust dated 12/18/98 | $100,000.00 |
| Pat Dolce & Frank Dolce Co-Trustees of the Pauline Dolce Trust dtd May 9, 1996 | $50,000.00 |
| Patricia Ann Webber Trustee of the Webber Family Trust dated 10/31/89 | $50,000.00 |
| Paul G. Chelew, an unmarried man | $100,000.00 |
| Peggy Ann Valley Trustee as her sole & separate property under the McLaughlin-Valley Trust dated 2/24/97 | $50,000.00 |
| Perlman Investment Partners, L.P., a California limited partnership | $90,000.00 |
| Peter E. Sprock Trustee of the Peter E. Sprock 2001 Trust | $90,000.00 |
| Peter Valve Company, Inc., a Nevada corporation | $50,000.00 |
| Philip A. Palmintere & Nanci S. Palmintere Trustees of the Palmintere Revocable Trust dated 6/19/98 | $50,000.00 |
| Phillip Lackman & Tillie Lackman, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| Phillip M. Rulon & Shirley S. Rulon, husband and wife, as joint tenants with right of survivorship | $75,000.00 |
| Premiere Holdings Inc. Defined Benefit Pension Plan & Trust | $50,000.00 |
| R & N Real Estate Investments LP, Robert J. Verchota, General Partner | $300,000.00 |
| R. David Ferrera Trustee of the Sacramento Research Medical Group Defined Benefit Pension Plan | $50,000.00 |
| Ralph Raymond Storch and Denise Rose Storch, Trustees of the Storch Family Trust, dated 5/3/04 | $150,000.00 |
| Randee B. Borggrebe, Trustee of the Becht Borggrebe Trust dated 11/2/04 | $50,000.00 |
| Randy M. Sanchez & Sharon Sanchez Trustees of the Sanchez Living Trust dated 10/13/03 | $50,000.00 |
| Ray L. Coffin, a married man dealing with his sole & separate property | $100,000.00 |
| RDJ Investments, LLC | $200,000.00 |
| Richard A. Bradbury and Sarah S. Bradbury, Trustees of the Bradbury Retirement Plan and Trust dated 5/26/99 | $50,000.00 |
| Richard A. Helmberger & Genene M. Helmberger, joint tenants with right of survivorship | $50,000.00 |
| Richard A. Paroli and Nancy C. Paroli, husband and wife as joint tenants with the right of survivorship | $50,000.00 |
| Richard D. Barzan and Lelia J. Barzan, husband and wife, as joint tenants with the right of survivorship | $50,000.00 |
| Richard D. Wood Trustee of the Wood Living Trust dated 10/1/99 | $50,000.00 |
| Richard Harrison DeVoe, an unmarried man | $100,000.00 |
| Richard J. Kane & Dianne M. Kane, husband & wife, as joint tenants with right of survivorship | $200,000.00 |
| Richard J. Loughlin & Roberta L. Loughlin Trustees of the Loughlin Family Trust | $300,000.00 |
| Richard McKnight and Sheila J. McKnight, Trustees of the McKnight 2000 Family Trust, dated 4/20/00 | $100,000.00 |
| Richard N. Anderson Trustee of the Richard N. Anderson Separate Property Trust | $200,000.00 |

Del Valle - Livingston

| Vested AS | Dollars |
|---|---|
| Richard N. Krupp a married man dealing with his sole & separate property | $250,000.00 |
| Robert D. Mierau & Sandra J. Mierau Trustees of the Mierau Living Trust dated 9/14/98 | $50,000.00 |
| Robert Essaff & Cindy H. Essaff Trustees of the Essaff Family Trust dated 6/18/02 | $200,000.00 |
| Robert F. Smith and Terrylin W. Smith, Trustees of the Robert F. and Terrylin W. Smith Trust dated 2/6/92 | $50,000.00 |
| Robert G. Hawkins & Debra B. Hawkins Trustees of the Robert G. Hawkins & Debra B. Hawkins Revocable Trust dated 10/1/03 | $50,000.00 |
| Robert H. Schultz & Sharon L. Schultz Trustees of the Robert H. Schultz & Sharon L. Schultz Living Trust dated 2/25/97 | $50,000.00 |
| Robert J. Kehl & Ruth Ann Kehl, husband & wife, as joint tenants with right of survivorship | $600,000.00 |
| Robert L. De Ruff Trustee of the De Ruff 1988 Trust dated 4/25/88 | $50,000.00 |
| Robert Richard Lange, Trustee of the Robert Richard Lange Family Trust | $50,000.00 |
| Robert S. Speckert Trustee of the Robert S. Speckert Rev. Living Trust dated 6/11/92 | $60,000.00 |
| Robert T Chylak & Barbara M Chylak Trustees of the Robert T Chylak & Barbara M Chylak Family Trust dated 10/30/90 | $70,000.00 |
| Robin B. Graham & Celia Allen-Graham Trustees of the Graham Family Trust dated 10/26/78 | $100,000.00 |
| Ronald A. Kantor and Ruth E. Kantor, Trustees of the Kantor Family Trust, dated 5/6/82 | $50,000.00 |
| Ronald F. Ryan and Mary A. Ryan, husband and wife as joint tenants with the right of survivorship | $50,000.00 |
| Ronald W. Harford and Dora D. Harford Trustees of the Harford Family Trust dated 10/15/1993 | $100,000.00 |
| S & P Davis Limited Partnership, a Texas Partnership | $50,000.00 |
| Saul Roisentul & Ilene Roisentul Trustees of the Roisentul Family Trust | $50,000.00 |
| Sharon R. Fitzgerald, a married woman dealing with her sole & separate property | $50,000.00 |
| Sheila Rothberg, a married woman dealing with her sole & separate property | $50,000.00 |
| Shirley Payne, an unmarried woman | $100,000.00 |
| Sovereign Capital Advisors, LLC, a Nevada limited liability company | $50,000.00 |
| Stephen V. Kowalski & Maria T. Sutherland, husband and wife as joint tenants with the right of survivorship | $50,000.00 |
| Suzanne DuBary, an unmarried woman | $100,000.00 |
| Suzanne L. Arbogast, an unmarried woman | $75,000.00 |
| Suzanne S. Riley, an unmarried woman | $50,000.00 |
| Sylvia M. Good Successor Trustee under the Sylvia M. Good Survivor's Trust established under the Sam Good Family Trust dated 6/25/86 as amended & restated 3/14/91 | $50,000.00 |
| T. Claire Harper Trustee of the Harper Family Trust dated 2/28/84 | $100,000.00 |
| T-2 Enterprises, LLC. Manager, Warren W. Tripp | $100,000.00 |
| T-3 Enterprises, LLC. Manager, Warren W. Tripp | $100,000.00 |
| Terence C. Honikman & Jane I Honikman, Trustees of the Honikman 1992 Trust dated 12/28/92 | $100,000.00 |
| Terry Markwell & Christiane Markwell Trustees of the Markwell Family Trust | $50,000.00 |
| TGBA Properties | $60,000.00 |
| The Baltes Company, a Michigan Corporation | $100,000.00 |
| The Janet L. Leedham Revocable Trust, dtd 12/21/98, Janet L. Leedham, TTEE | $100,000.00 |
| The Sherriff Family, LLC, a Nevada limited liability company | $100,000.00 |
| Theodora Gottwald, an unmarried woman | $50,000.00 |

| Vested AS | Dollar |
|---|---|
| Theodore J. Fuller and Joan L. Fuller, Trustee of the Fuller Family Trust dated 5/29/97 | $50,000.0 |
| Tripp Enterprises Inc., a Nevada corporation | $100,000.0 |
| USA Capital First Trust Deed Fund | $129,000.0 |
| Virgil L. Birgen & La Donna F. Birgen Trustees of the Birgen Charitable Trust dated 8/1/90 | $100,000.0 |
| Virgil Leo Birgen & La Donna Frances Birgen Trustees of the Birgen Family Trust | $50,000.0 |
| Warren W. Tripp Trustee of the Tripp Enterprises, Inc. Restated Profit Sharing Plan | $100,000.0 |
| Warren W. Tripp, a married man dealing with his sole & separate property | $100,000.0 |
| William Bolding & Carolyn Bolding, husband & wife, as joint tenants with right of survivorship | $50,000.0 |
| William Chad Berry, a single man | $50,000.0 |
| William R. Buechner & Nancy A. Buechner Trustees of the Buechner Family Trust dated 3/30/99 | $50,000.0 |
| William Thomas Younger & Lisa K. Younger, husband & wife, as joint tenants with right of survivorship | $50,000.0 |
| Wilma Jean Thompson, an unmarried woman | $50,000.0 |
| Wolf Dieter Voss & Claudia Voss Trustees of The Voss Family Trust Under Trust dated 10/4/99 | $100,000.0 |

*Exhibit 'A' for* 220 *people with a total $ value of*  $18,000,000.00