LAUREL E. DAVIS, ESQ., Nevada Bar No. 3005
LIONEL SAWYER & COLLINS
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
Telephone: (702) 383-8888
Facsimile: (702) 383-8845
Email: Ldavis@lionelsawyer.com

E-Filed on May 24, 2006

Attorneys for the Canepa Group

# UNITED STATE BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-06-10725-LBR |
| | Case No. BK-S-06-10726-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | Case No. BK-S-06-10727-LBR |
| | Case No. BK-S-06-10728-LBR |
| Debtor. | Case No. BK-S-06-10729-LBR |
| In re: | Chapter 11 |
| USA CAPITAL REALTY ADVISORS, LLC, | |
| | **Jointly Administered Under** |
| Debtor. | **Case No. BK-S-06-10725-LBR** |
| In re: | |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | |
| Debtor. | |
| In re: | |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | |
| Debtor. | |
| In re: | |
| USA SECURITIES, LLC, | |
| Debtor. | |
| Affects: | |
| [x] All Debtors | |
| [ ] USA Commercial Mortgage Company | |
| [ ] USA Securities, LLC | Date: June 5, 2006 |
| [ ] USA Capital Realty Advisors, LLC | Time: 9:30 a.m. |
| [ ] USA Capital Diversified Trust Deed Fund, LLC | |
| [ ] USA First Trust Deed Fund, LLC | |

**OPPOSITION TO DEBTOR'S MOTION TO TEMPORARILY HOLD FUNDS
PENDING A DETERMINATION OF THE PROPER RECIPIENTS**

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

-1-

The Canepa Group consists of seven Direct Lenders[1] whose original investments in 13 different loans[2] exceed $3.1 million. They oppose[3] the Motion to Temporarily Hold Funds Pending a Determination of the Proper Recipients ("Motion") because this relief must be sought by Adversary Complaint and accompanying motions for extraordinary relief, not by contested matter.

## POINTS AND AUTHORITIES

**A. PRELIMINARY STATEMENT**

The Debtors admit pre-petition fiduciary breaches of their duties and pre-petition irregularities in handling the funds entrusted to them by others – "irregularities" that were not the result of any action or inaction by the Direct Lenders. Yet, the Debtors now seek this Court's permission to continue their pre-petition "irregularities" by requesting an order from this Court that will permit them to remain in breach of the loan servicing agreements by refusing to disburse any funds to Direct Lenders and Direct Investors.

One of the articulated reasons for this motion is to enable the Debtors to calculate the amount of their uncollected servicing fees and to determine their setoff rights. As an initial matter, setoff is generally asserted as a defense to the claims of others, not as an affirmative right to relief. Setoff is also an equitable remedy within the Court's discretion, and the Debtors will apparently attempt to assert certain alleged setoff rights notwithstanding their admittedly unclean hands arising from their direct involvement in the "irregularities" that have created the need for any relief.

Even more astounding is the fact that the Debtors seek to continue to hold these funds solely

---

[1] Scott K. Canepa; Shawntelle Davis-Canepa; Scott K. Canepa Defined Benefit Pension Plan; Evelyn G. Canepa Trust, Evelyn G. Canepa and Scott Krusee Canepa Trustees; Gary T. and Lori R. Canepa, Trustees of the G. & L. Trust dated 11/25/91; Louis John Canepa Trustee of the Louis John Canepa Revocable Trust dated 6/18/98; and Michael Wagnon (collectively "the Canepa Group")

[2] 3685 Fernando Road, Boise Gowan, Brookmere, Bundy Canyon, Cabernet, Clear Creek, Fiesta/Murietta, Hasley Canyon, Margarita Annex, Opaque, Placer Vineyards, Rio Bravo/SVRP, and Southern California Land Development.

[3] The Canepa Group apologizes to the Court and counsel for the late filing of this opposition; however, their counsel encountered technical and other difficulties in preparing and filing this document while traveling out of the country, causing an unavoidable delay in filing and serving this opposition.

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

-2-

based upon this contested matter, and not pursuant to an appropriate adversary complaint and accompanying motion or motions for extraordinary relief. The due process and other protections provided by an adversary complaint should not be circumvented by requesting such extraordinary relief by Motion. The Motion must therefore be denied, and the Debtors must be ordered to fully perform their post-petition obligations under the Loan Servicing Agreements, which include making disbursements to Direct Lenders and Direct Investors. To do otherwise would be to allow USA Commercial to continue to breach the Loan Servicing Agreements with impunity.

**B.    LEGAL ARGUMENT**

   **1.    Debtors' Cases Do Not Support the Relief Requested**

The Debtors argue that their request for relief is analogous to that approved by a Nevada State Court in an old Nevada receivership case, Ex Rel. Irving National Bank v. District Court, 217 P. 962 (1923), while completely ignoring the additional procedural and due process protections present in that case. In Nevada, a receivership case is commenced by the filing of a separate action, and the complaint must seek more than the mere appointment of a receiver since an appointment, if made, is "ancillary to or in aid of the action brought." *See* NRS 32.010; and Ex rel. Nenzel v. District Court, 49 Nev. 145, 156-57, 241 P.317, 320-21 (1925). Additionally, a receiver must be an independent third party, not an employee of the party seeking the relief. *Id*. The Nevada State Court has discretion to require the receiver to post a bond, but in Federal Court, a receiver is always required to post a bond. *See,* Kraemer v. Kraemer, 79 Nev. 287, 293, 382 P.2d 394, 397 (1963); Bowler, 70 Nev. at 387, 269 P.2d at 841; Johnston, 63 Nev. at 15, 158 P.2d at 554. *See also,* LR 210-9 for the District of Nevada.

By this Motion, the Debtors and Mr. Allison propose a summary proceeding analogous to an *ex parte* request for relief, or a summary proceeding resulting in court approval to continue to hols the property of others. The due process concerns inherent in the proposed Motion should be rejected for the same reasons that an *ex parte* request for receiver was rejected by the Nevada Supreme Court.

> Due process of law requires an orderly proceeding, adapted to the nature of the case, in which the citizen has an opportunity to be heard, and to defend, enforce, and protect his rights. A hearing and an

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

> opportunity to be heard is absolutely essential. We cannot conceive of due process of law without this. . . . Another fatal objection to the irregularity of these proceedings is that the appellants were deprived of the possession of their property without having an opportunity of being heard, and without any sufficient cause for such a summary proceeding. By the settled practice of the court in ordinary suits, a receiver cannot be appointed ex parte before the defendant has had an opportunity to be heard in relation to his rights.

State ex rel. Howell v. Wildes, 34 Nev. 94, 116 P.595, 599 (1911) (quoting Stuart v. Palmer, 74 N.Y. 184 and Verplanck v. Mercantile Ins. Co., 2 Paige 450). The summary proceeding proposed by this Motion is devoid of due process protections and it should likewise not be sanctioned by this Court.

Mr. Allison is the Chief Restructuring Officer for the Debtors; in essence, an independent contractor employed by the Debtors. Although a debtor-in-possession does owe certain fiduciary duties to the debtor, creditors and interested parties, those fiduciary obligations cannot under any stretch of the imagination be considered analogous to that of an independent receiver appointed by the Court. This especially true in light of the Debtors' admissions that: (1) there were pre-petition irregularities in loan servicing – due to no fault of the Direct Lenders; and (2) the only "property of the estate" arising from these collections is limited to loan extension fees and loan servicing fees, consisting of a very small portion of the funds presently held by the Debtors.

As demonstrated above, to act in the nature of a receiver, Nevada law requires much more than this request for total disregard of USA Commercial's contractual and statutory fiduciary duties owed to Direct Lenders. These due process and other concerns cannot simply be ignored in order to facilitate further analysis by the Debtors with respect to the dollar amount of USA Commercial's unpaid fees – which USA Commercial simply assumes that it is entitled to receive – and the extent of the Debtors' defenses to Investor demands for immediate payment of funds collected by USA Commercial.

The Debtors' reliance upon In re Builders Capital Services, Inc., 317 B.R. 603 (Bankr. W.D. N.Y. 2004) is likewise misplaced. That case involved a Ponzi scheme that landed the Debtor's three principals in jail. Notes and mortgages issued by the Debtor were improperly "given to a purported agent acting without authority from the investor," which invalidated the mortgages under New York law. Interpreting New York law regarding mortgages, the Court held that "[n]either the debtor nor

Lionel Sawyer & Collins
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Phone 702.383.8888
Fax 702.383.8845

any individual investor holds a valid legal interest in the disputed notes and related mortgages." New York law was further applied to recognize an equitable interest in the notes and mortgages and to enable the Trustee to administer them for the benefit of all persons with competing claims to the proceeds. 317 B.R. at 608, 610. Clearly, the approach adopted by the Builders Capital Court was required by the extreme facts presented to it; however, those same extreme facts are not present here and the Court should not rely upon this case to justify the relief requested in the Motion.

The rest of the cases cited by the Debtors in support of this request for extraordinary relief outside of an appropriate adversary complaint are merely more examples of extreme fact patterns which do not exist here. See In re Corporate Financing, Inc., 221 B.R. 671 (Bankr. E.D.N.Y. 1998) (court found mortgages were not true mortgage participation loans but were instead unsecured loans based upon the repayment guarantees when the loans were in non-performing status); In re Sprint Mortgage Bankers Corp.,164 B.R. 224 (Bankr. E.D.N,Y. 1994) (same); In re Lemmons & Associates,Inc., 67 B.R. 198 (Bankr. Nev. 1986) (transactions in question were not loans by investors secured by interest in notes, but were instead sales of interests in notes, limiting investors to equitable claims only).

### 2.      An Adversary Complaint is the Necessary Prerequisite to this Motion

The cases cited by the Debtors in support of their motion are quite instructive on the question of whether or not the relief requested may be obtained by contested matter instead of adversary complaint, each answering that question in the negative. For example, in Sprint Mortgage Bankers Corp., *supra*., the Court's decision was rendered in the context of an adversary proceeding which had been commenced to determine the priority and extent of the notes and proceeds thereof. Additionally, the Court in the Lemmons & Associates, *supra.,* rendered its decision after the consolidated trial of five "test cases" which contained common legal issues, but presented different facts. Further, the Court in Corporate Financing,Inc., rendered its decision in the context of the debtor's adversary complaint for declaratory and other relief.

Before such extraordinary relief can be granted to the Debtors, the appropriate procedural and due process requirements must be satisfied. Fed.R.Bankr.P. 7001(2) requires the filing of an adversary complaint to determine the validity, priority or extent of a  lien or other interest in

Lionel Sawyer & Collins
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Phone 702.383.8888
Fax 702.383.8845

property. *See* In re Golden Plan of California, Inc, 829 F.2d 705 (9th Cir. 1986) (Trustee's request for "special instructions" contravened Rule 7001 and its requirement for an adversary complaint, and it also imposed on the investors the burden of challenging his actions.) Moreover, Fed.R.Bankr.P. 7064 and 7065 govern the seizure of property and the issuance of injunctive relief for which the posting of a bond is required, and Nevada law governing pre-judgment writs of attachment likewise requires procedural and other protections as a condition of granting that extraordinary relief. The Debtors' Motion clearly does not satisfy the requirements of these rules in any respect, and it must therefore be denied.

Furthermore, until USA Commercial Mortgage Company successfully cures and assumes each one of the executory Loan Servicing Agreements, it cannot simply assume that servicing fees derived from each contract are, in fact, property of the estate. *See e.g.*, In re Lovitt, 757 F.2d 1035 (9th Cir. 1985) (executory contract is not property of the estate until assumed pursuant to Section 365); and In re Qintex Entertainment, Inc., 950 F.2d 1492 (9th Cir. 1991) (same). Hence, to the extent that USA Commercial claims a property interest in uncollected service fees it claims are property of the estate, USA Commercial must first comply with the requirements to assume each of those contracts. Otherwise, these contracts and their proceeds in the form of loan servicing and other fees are not property of the estate.

## C.    CONCLUSION

The Motion seeks Court approval for the Debtors to continue to hold the property of third party Direct Lenders and Direct Investors, in breach of every Loan Servicing Agreement and in breach of its fiduciary duties under Nevada law, without any of procedural and due process protections required by the Nevada law and the Federal Rules of Bankruptcy Procedure. The stated purpose for the Motion is to allow the Debtors to complete their investigation and shore up their defenses before initiating or responding to any litigation concerning the allegedly competing interests in the funds held by the Debtors. Such an overreaching request should not be sanctioned by this Court. The Motion improperly contravenes Fed.R.Bankr.P. 7001, and like the court in Golden Plan, *supra.*, this Court should not sanction the Debtors' attempts to obtain relief that impacts the property rights of the Direct Lenders, unless such relief is sought in the form of an adversary complaint.

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

-6-

1  The Motion must be summarily denied, and the Debtors should be ordered to immediately
2  proceed with payment of all withheld disbursements to Direct Lenders and Direct Investors.
3  Dated: May 24, 2006.

Respectfully submitted,

LIONEL SAWYER & COLLINS

/s/ Laurel E. Davis

By _____
    Laurel E. Davis

Attorneys for the Canepa Group

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

-7-