1  LAUREL E. DAVIS, ESQ., Nevada Bar No. 3005
   LIONEL SAWYER & COLLINS
2  1700 Bank of America Plaza                             E-Filed on May 24, 2006
   300 South Fourth Street
3  Las Vegas, NV  89101
   Telephone:  (702) 383-8888
4  Facsimile:  (702) 383-8845
   Email:  Ldavis@lionelsawyer.com
5
   Attorneys for the Canepa Group
6
                    **UNITED STATE BANKRUPTCY COURT**
7
                    **DISTRICT OF NEVADA**
8

| | | |
|---|---|---|
| In re: | ) | Case No. BK-S-06-10725-LBR |
| | ) | Case No. BK-S-06-10726-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | ) | Case No. BK-S-06-10727-LBR |
| | ) | Case No. BK-S-06-10728-LBR |
| Debtor. | ) | Case No. BK-S-06-10729-LBR |
| _____ | ) | |
| In re: | ) | Chapter 11 |
| USA CAPITAL REALTY ADVISORS, LLC, ) | | |
| | ) | **Jointly Administered Under** |
| Debtor. | ) | **Case No. BK-S-06-10725-LBR** |
| _____ | ) | |
| In re: | ) | |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | **OPPOSITION TO MOTION** |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | ) | **FOR ORDER AUTHORIZING** |
| | ) | **REIMBURSEMENT OF DUE** |
| Debtor. | ) | **DILIGENCE EXPENSES OF** |
| _____ | ) | **POTENTIAL POST-PETITION** |
| In re: | ) | **LENDER (AFFECTS ALL DEBTORS)** |
| USA SECURITIES, LLC, ) | | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| Affects: | ) | |
| [x]  All Debtors | ) | |
| [ ]  USA Commercial Mortgage Company | ) | |
| [ ]  USA Securities, LLC | ) | Date:    June 5, 2006 |
| [ ]   USA Capital Realty Advisors, LLC | ) | Time:    9:30 a.m. |
| [ ]  USA Capital Diversified Trust Deed Fund, LLC | ) | |
| [ ]  USA First Trust Deed Fund, LLC | ) | |
| _____ | ) | |

**OPPOSITION TO APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT
OF HILCO REAL ESTATE, LLC/HILCO REAL ESTATE APPRAISAL, LLC AS
DEBTOR'S REAL ESTATE APPRAISER**

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

-1-

The Canepa Group consists of seven Direct Lenders[1] whose original investments in 13 different loans[2] exceed $3.1 million. They oppose[3] the Application for an Order Authorizing the Employment of Hilco Real Estate, LLC/Hilco Real Estate Appraisal, LLC as Debtor's Real Estate Appraiser ("Motion") as expensive and unnecessary at this time.

## POINTS AND AUTHORITIES

### A. SUMMARY OF RELEVANT FACTS AND PROCEDURE

1. On April 13, 2006 (the "Petition Date"), the five related Debtors filed their petitions for chapter 11 relief.

2. On April 18, 2006, the Court approved employment of Meisrow Financial as Interim Management ("Meisrow") and Thomas Allison as Chief Restructuring Manager ("Allison") for all five Debtors on an interim basis until July 27, 2006.

3. On May 3, 2006, the Court granted the Debtors' motions for additional time to file statements and schedules in all cases, extending the filing deadline until June 16, 2006.

4. On May 10, 2006, the Office of the U.S. Trustee appointed four creditors' committees: Unsecured Creditors for USA Commercial Mortgage Company, Holders of Executory Contract Rights Through USA Commercial Mortgage Company, Equity Security Holders of USA Capital Diversified Trust Deed Fund and Equity Security Holders of USA Capital First Trust Deed Fund.

---

[1] Scott K. Canepa; Shawntelle Davis-Canepa; Scott K. Canepa Defined Benefit Pension Plan; Evelyn G. Canepa Trust, Evelyn G. Canepa and Scott Krusee Canepa Trustees; Gary T. and Lori R. Canepa, Trustees of the G. & L. Trust dated 11/25/91; Louis John Canepa Trustee of the Louis John Canepa Revocable Trust dated 6/18/98; and Michael Wagnon (collectively "the Canepa Group")

[2] 3685 Fernando Road, Boise Gowan, Brookmere, Bundy Canyon, Cabernet, Clear Creek, Fiesta/Murietta, Hasley Canyon, Margarita Annex, Opaque, Placer Vineyards, Rio Bravo/SVRP, and Southern California Land Development.

[3] The Canepa Group apologizes to the Court and counsel for the late filing of this opposition; however, their counsel encountered technical and other difficulties in preparing and filing this document while traveling out of the country, causing an unavoidable delay in filing and serving this opposition.

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

-2-

8.     On May 17, 2006, the initial Section 341(a) meeting for each case was held, with a further meeting set for July.

9.     On May 18, 2006, during the hearing on the Debtors' Motion to Advance Funds to the proposed DIP lender, which was denied, the Debtors' represented that they had limited funds available for any purpose. This Motion should likewise be denied.

### B.  LEGAL ARGUMENT

Five bare bones chapter 11 petitions were filed on April 13, 2006, and we will not know much more about the financial affairs of these five entities until the June 16, 2006 deadline for filing the statement of affairs and completed schedules for each of these Debtors. Meisrow and Allison have been granted only interim approval to manage the five debtors until July 27, 2006, with a status hearing on their interim management set for June 21, 2006. Four Official Committees were just formed, and they are now in the process of retaining counsel.

The Debtors' estates hold a limited funds for the costs of administration and other purposes. In light of the limited funds, incurring an obligation to expend $300,000 for appraisals that may not be necessary is not prudent. To the extent that there is a shortfall in estate funds to satisfy the appraisal fees, the Debtors are not permitted to surcharge the Direct Lenders for the shortfall. *See e.g.*, In re Golden Plan of California, Inc., 829 F.2d 705 (9th Cir. 1986) (owners of notes and deeds of trust are not "secured creditors" subject to surcharge under Section 506(c)).

Additionally, until USA Commercial Mortgage Company successfully cures and assumes each one of the executory Loan Servicing Agreements, it cannot rely upon them as property of the estate. *See e.g.*, In re Lovitt, 757 F.2d 1035 (9th Cir. 1985) (executory contract is not property of the estate until assumed pursuant to Section 365); and In re Qintex Entertainment, Inc., 950 F.2d 1492 (9th Cir. 1991) (same). Hence, to the extent that USA Commercial claims a property interest in uncollected service fees it claims are property of the estate, USA Commercial must first comply with the requirements to assume each of those contracts. Otherwise, these contracts and their proceeds in the form of loan servicing and other fees are not property of the estate and cannot be used to fund administrative expenses.

Furthermore, there is no demonstrated need for new appraisals on these 115 loans. Each

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

-3-

loan brokered by USA Commercial was supported by an appraisal obtained from the borrower for the express purpose of making the loan. Mr. Allison has previously provided a schedule of performing and non-performing loans, and that schedule identifies 46% of the 115 loans as performing loans. *See* May 2, 2006, Declaration of Thomas Allison and Exhibit A to the declaration. There is even less justification for appraisals on appraise performing loans.

### C. CONCLUSION

The Motion should be denied in its entirety.

Dated: May 24, 2006.

> Respectfully submitted,
>
> LIONEL SAWYER & COLLINS
>
> By /s/ Laurel E. Davis
> _____
> Laurel E. Davis
>
> Attorneys for the Canepa Group

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

-4-