Electronically Filed on
May 26, 2006

1  JANET L. CHUBB, ESQ.
   Nevada State Bar No. 176
2  LOUIS M. BUBALA III, ESQ.
   Nevada State Bar No. 8974
3  JONES VARGAS
   100 W. Liberty St, 12th Floor
4  P.O. Box 281
   Reno, NV 89504-0281
5  Telephone: 775-786-5000
   Fax: 775-786-1177
6  Email: jlc@jonesvargas.com and tbw@jonesvargas.com
       and   lbubala@jonesvargas.com
7
   Attorneys for Direct Lenders:
8  Andrew Dauscher, Ellen Dauscher,
   Evelyn Asher Sheerin, Trustee for
9  the benefit of The Chris H. Sheerin
   (deceased) and Evelyn Asher Sheerin
10 1984 Trust Dated 5/31/84, Evelyn Asher
   Sherrin, Trustee of the Chris and Evelyn
11 Sheerin 1990 Trust, Sheerins Inc., Fertitta
   Enterprises, and Mojave Canyon Inc.

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-06-10725-LBR |
| | Case No. BK-S-06-10726-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | Case No. BK-S-06-10727-LBR |
| Debtor. | Case No. BK-S-06-10728-LBR |
| | Case No. BK-S-06-10729-LBR |
| USA CAPITAL REALTY ADVISORS, LLC, | |
| Debtor. | Chapter    11 |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | **DIRECT LENDERS' OPPOSITION TO DEBTORS' APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF HILCO (AFFECTS ALL DEBTORS)** |
| Debtor. | |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | |
| Debtor. | |
| USA SECURITIES, LLC, | |
| Debtor. | |
| Affects: | |
| ■ All Debtors | |
| ☐ USA Commercial Mortgage Company | |
| ☐ USA Capital Realty Advisors, LLC | Hearing Date: June 5, 2006 |
| ☐ USA Capital Diversified Trust Deed Fund, LLC | Hearing Time: 9:30 a.m. |
| ☐ USA Capital First Trust Deed Fund, LLC | |
| ☐ USA Securities, LLC | |

1

H:\Fs1Wp51\Direct Lenders-Beneficiaries\Pleadings\Opp, App to Hire Appr 5.25.06.doc

Jones Vargas represents numerous direct lenders who are named beneficiaries ("Direct Lenders") of certain loans which were originated and serviced by Debtor USA Commercial Mortgage Co. (hereinafter, "Debtor" or "USA Commercial"). The Direct Lenders represented by Jones Vargas are among the roughly 3,600 direct lenders who provided funds for loans originated and serviced by USA Commercial. The Direct Lenders files this Opposition to Debtors' Application for An Order Authorizing the Employment of Hilco Real Estate LLC/Hilco Real Estate Appraisal, LLC as Debtors' Real Estate Appraiser (Ct. Dkt. #172, Application), based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and any other material this Court may wish to consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Direct Lenders oppose Debtors' application to employ a real estate appraiser as unnecessary. The application is premature at best; at worst, it is a substantial waste of limited resources. Debtors propose spending $300,000 immediately for valuations, with the certainty of, and the contractual obligation for, additional expenses for more valuations, expert witnesses and advisory services, disposition commissions, and any and all other costs incurred by the appraiser. The only thing we know for certain is that the costs will be paid by Debtors, but the loan servicing agreements allow Debtors to charge the lenders for certain evaluative and dispositive costs. Although Debtors do not specify who will pay for the appraiser, the costs may ultimately be borne by the lenders and/or investors in the loans arranged or funded by Debtors. Since Debtors will not bear the appraisal costs in the long run, it is not surprising they are willing to sign up an appraiser even at a starting minimum price of $300,000. The Direct Lenders submit that the Court should deny Debtors' application to hire an appraiser, or at least limit appraisals to certain properties until the Direct Lenders can evaluate the Debtors' loan-status reports due June 15, 2006.

### II. DISCUSSION AND ARGUMENT

**A. Debtors Fail to Substantiate the Need to Hire an Appraiser**

Debtors rely on a significant number of self-serving, conclusory statements to support their application. For example, Debtors state that some of the loan files contain "outdated or unreliable

2

1  appraisals." Ct. Dkt. #172 at ¶3. However, Debtors neither define "outdated" or "unreliable," nor
2  provide any evidence to support either characterization. The Direct Lenders would like to offer
3  analysis of their objection, but cannot given the lack of information shared by Debtors.

4        Debtors also state that some of the appraisals they have pertain to non- or under-performing
5  loans. *Id.* While this may true, the statement provides no indication why Debtors need to spend
6  money on additional appraisals of the properties securing these loans. Debtors eventually state that
7  they need new appraisals for leverage to negotiate with delinquent borrowers. *Id.* Debtors do not
8  indicate what leverage they will gain from new appraisals. A new appraisal may change the loan-to-
9  collateral ratio for better or for worse, but that will not change the fact that the borrower remains
10 delinquent. Contrary to Debtors' statement, new property appraisals on the delinquent loans will not
11 provide leverage and benefit the estate, but will simply be a drain on Debtors' resources, and may
12 end up unnecessarily costing the Direct Lenders.

13       Finally, Debtors assert they need to ascertain the validity of appraisals done on "some"
14 projects invested in by Debtors' former principals. *Id.* Once again, Debtors do not provide any
15 explanation as to why they believe some of the appraisals are suspect. Debtors also fail to provide
16 any information about the number or identity of these projects—let alone whether the loans are
17 performing. Debtors offer no evidence to support their "need" to conduct additional property
18 appraisals on these loans.

19       As the saying goes, "You've got to spend money to make money." But to spend that money,
20 you must have a reason to do so. Debtors have failed to substantiate their need to hire an appraiser,
21 and their application should be denied.

22 **B. Debtors Do Not Fully Explain the Requested Services or the Costs**

23       Debtors also state they need "less rigorous valuation reports" on performing loans and other
24 loans secured with properties that were recently or reliably appraised. *Id.* at ¶4. If the properties
25 were recently or reliably appraised, it is unclear why Debtors need to conduct an additional
26 appraisal, even if it is less rigorous. Debtors provide no information about what these reports will
27 contain beyond "publicly available" information. *Id.* Debtors also fail to explain what these reports
28 will be

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

used for. Debtors provide no evidence or argument to support their "need" for these "less rigorous valuation reports." As it stands, these reports are a waste of money.

Equally troubling is the fact that Debtors do not state how much the reports cost. Debtors identify two cost-structures for valuation reports: $300,000 for forty full reports, and $5,000 for each additional report. *Id.* If the "less rigorous valuation reports" fall in either price structure, Debtors are overpaying for the reports, given their limited nature. If the reports are priced some other way, and the Court finds them appropriate, then Debtor should be required to disclose the cost for them.

**C. Debtors Propose an Inappropriate Payment Structure for the Valuation Reports**

The Direct Lenders also object to the payment structure for the valuation reports. Debtors propose three monthly payments of $100,000 each, regardless of the amount of work done by the appraiser. *Id.* at ¶9. The Direct Lenders submit that it is more appropriate for Debtors to make progress payments based on the work done by the appraiser.

**D. Debtors Should Not Be Bound to the Appraiser for Disposition Services**

The Direct Lenders oppose Debtors use of the Hilco companies for "disposition services." If Debtors foreclose on a loan or otherwise acquire the securing property, a local broker is the best starting point to dispose of the property. A local broker has the best sense of the market's needs, demands, and valuations, and can just as easily tap into a national pool of developers to buy into the project. But if the Debtors' proposed contract with Hilco is approved, Hilco receives the "exclusive right to sell" any properties acquired by Debtors. Ct. Dkt. #172, Application at Ex. B, ¶5. Thus, Debtors will be prohibited from hiring local brokers unless it breaches the Hilco contract.

**E. Debtors Fail to Explain How They Will Pay for the Appraiser**

Debtors provide no information on how they intend to pay for an appraiser. While this might not be a significant question in a case where Debtors have significant assets of their own or DIP financing, the matter is substantial given the dispute over the rights in the borrower payments that USA Commercial receives as a servicing agent. As the Court is well aware, Debtors seek an order allowing them to retain the borrower payments, which Direct Lenders and others vigorously oppose because Debtors have no rights in the borrower payments. *E.g.*, Ct. Dkt. #215, Direct Lenders'

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

4

H:\Fs1Wp51\Direct Lenders-Beneficiaries\Pleadings\Opp, App to Hire Appr 5.25.06.doc

1  Motion to Compel Debtors to Continue to Forward Payments.

2  The Direct Lenders request that Debtors be required to disclose how they will pay for the
3  appraiser. As the situation stands, the Direct Lenders do not have sufficient information about the
4  Debtors' funding to properly develop an argument should it oppose the funding source used to hire
5  an appraiser.

6  If the Court believes appraisals or "less rigorous valuation reports" are appropriate, the Direct
7  Lenders submit that Debtors should be prohibited from surcharging the costs to the Direct Lenders
8  and other similarly situated lenders. As noted above, Debtors have provided a paucity of
9  information about the need for the property evaluations. At a bare minimum, Debtors should be
10 prohibited from passing on costs on performing loans, as well as any costs when Debtors already
11 have recent or reliable appraisals for the securing property.

## III. CONCLUSION

13 Debtors have failed to substantiate their need to hire an appraiser. Their application is
14 premised on self-serving and conclusory statements, and is devoid of any evidence to support their
15 arguments. Given the absence of information, it is difficult for the Direct Lenders to formulate a
16 complete response. Debtors have failed to satisfy the burden necessary to justify the hiring of an
17 appraiser. The Direct Lenders submit that the Court should deny Debtors' application to hire an
18 appraiser, or at least limit appraisals to certain properties until the Direct Lenders can evaluate the
19 Debtors' loan-status reports due June 15, 2006.

20 If the Court finds the hiring of an appraiser appropriate, the Direct Lenders still object to
21 certain portions of the proposed contract. Debtors do not provide information about the "less
22 rigorous valuation reports" or their costs. A progress payment schedule is more appropriate for the
23 valuation reports. Should Debtors need to retain an entity for dispositive services, the appraiser

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

1  contract should not be exclusive so as to preclude the hiring of a local broker.  Finally, Debtors have
2  failed to explain how they intend to pay for an appraiser.
3       DATED this 26th day of May, 2006.
4                                                             JONES VARGAS
5                                                             By:     //s// Janet L. Chubb
                                                                   JANET L. CHUBB, ESQ.
6                                                                   LOUIS M. BUBALA, ESQ.
                                                              Attorneys for Direct Lenders

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

H:\Fs1Wp51\Direct Lenders-Beneficiaries\Pleadings\Opp, App to Hire Appr 5.25.06.doc

# CERTIFICATE OF SERVICE

1. On May 26, 2006, I served the following document(s):

**DIRECT LENDERS' OPPOSITION TO DEBTORS' APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF HILCO (AFFECTS ALL DEBTORS)**

2. I served the above-named document(s) by the following means to the persons as listed below:

: a. **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

- **FRANKLIN C. ADAMS**
  franklin.adams@bbklaw.com arthur.johnston@bbklaw.com
- **KELLY J. BRINKMAN**
  kbrinkman@gooldpatterson.com
- **MATTHEW Q. CALLISTER**
  mqc@callister-reynolds.com maggie@callister-reynolds.com
- **CANDACE C CARLYON**
  ltreadway@sheacarlyon.com
  ccarlyon@sheacarlyon.com;bankruptcyfilings@sheacarlyon.com;rsmith@sheacarlyon.com
- **KEVIN B. CHRISTENSEN**
  kbchrislaw@aol.com
- **JANET L. CHUBB**
  jlc@jonesvargas.com tbw@jonesvargas.com
- **JEFFREY A. COGAN**
  jeffrey@jeffreycogan.com sarah@jeffreycogan.com
- **CICI CUNNINGHAM**
  bankruptcy@rocgd.com
- **LAUREL E. DAVIS**
  bklsclv@lionelsawyer.com
  ldavis@lionelsawyer.com;gbagley@lionelsawyer.com;ldavisesq@aol.com
- **THOMAS H. FELL**
  THF@GORDONSILVER.COM BANKRUPTCYNOTICES@GORDONSILVER.COM
- **SCOTT D. FLEMING**
  sfleming@halelane.com dbergsing@halelane.com,ecfvegas@halelane.com
- **TALITHA B. GRAY**
  tbg@gordonsilver.com bankruptcynotices@gordonsilver.com
- **EDWARD J. HANIGAN**
  haniganlaw@earthlink.net haniganlaw1@earthlink.net
- **CHRISTOPHER D JAIME**
  cjaime@waltherkey.com kbernhar@waltherkey.com
- **EVAN L. JAMES**
  ejameslv@earthlink.net kbchrislaw@aol.com
- **ROBERT R. KINAS**
  rkinas@swlaw.com
  mstrand@swlaw.com;jlustig@swlaw.com;lholding@swlaw.com;imccord@swlaw.com

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

- **NILE LEATHAM**
  nleatham@klnevada.com ckishi@klnevada.com;bankruptcy@klnevada.com
- **ROBERT C. LEPOME**
  robert@robertlepome.com susan@robertlepome.com
- **WILLIAM L. MCGIMSEY**
  lawoffices601@lvcoxmail.com
- **RICHARD MCKNIGHT**
  mcknightlaw@cox.net
  gkopang@lawlasvegas.com;cburke@lawlasvegas.com,sforemaster@lawlasvegas.com
- **JEANETTE E. MCPHERSON**
  jmcpherson@s-mlaw.com bkfilings@s-mlaw.com
- **DAVID MINCIN**
  mcknightlaw@cox.net
  gkopang@lawlasvegas.com;dmincin@lawlasvegas.com,cburke@lawlasvegas.com,sforemaster@lawlasvegas.com
- **JOHN F MURTHA**
  jmurtha@woodburnandwedge.com
- **DONNA M. OSBORN**
  jinouye@marquisaurbach.com
  dosborn@marquisaurbach.com;tszostek@marquisaurbach.com;jcrowe@MarquisAurbach.com;kgallegos@MarquisAurbach.com
- **DONALD T. POLEDNAK**
  sandplegal@yahoo.com spbankruptcy@yahoo.com
- **SUSAN WILLIAMS SCANN**
  sscann@deanerlaw.com palexander@deanerlaw.com
- **LENARD E. SCHWARTZER**
  bkfilings@s-mlaw.com
- **SHLOMO S. SHERMAN**
  ssherman@sheacarlyon.com
  aboehmer@sheacarlyon.com;bankruptcyfilings@sheacarlyon.com;ltreadway@sheacarlyon.com;mmallet@sheacarlyon.com;rsmith@sheacarlyon.com
- **JEFFREY G. SLOANE**
  gjklepel@yahoo.com rmcconnell@kssattorneys.com
- **PETER SUSI**
  cheryl@msmlaw.com msm@msmlaw.com
- **CARYN S. TIJSSELING**
  cst@beesleyandpeck.com aha@beesleyandpeck.com
- **JOAN C WRIGHT**
  jwright@allisonmackenzie.com jbrooks@allisonmackenzie.com
- **MATTHEW C. ZIRZOW**
  bankruptcynotices@gordonsilver.com

∶   b.   **United States mail, postage fully prepaid** (list persons and addresses):

```
JOSHUA D BRYSK
LAW OFFICES OF JAMES G SCHWARTZ
7901 STONERIDGE DRIVE, SUITE 401
PLEASANTON, CA 94588
```

```
ANNETTE W JARVIS
POB 45385
36 SOUTH STATE STREET, #1400
SALT LAKE CITY, UT 84145-0385

RICHARD J. MASON
130 PINETREE LANE
RIVERWOODS, IL 60015

REGINA M. MCCONNELL
1389 GALLERIA DRIVE
SUITE 200
HENDERSON, NV 89052

ERVEN T NELSON
6060 W. ELTON AVENUE, SUITE A
LAS VEGAS, NV 89107

NICHOLAS J SANTORO
400 S FOURTH ST 3RD FLOOR
LAS VEGAS, NV 89101

MICHAEL M. SCHMAHL
MCGUIREWOODS LLP
77 W. WACKER DRIVE, SUITE 4100
CHICAGO, IL 60601

JAMES G SCHWARTZ
7901 STONERIDGE DR #401
PLEASANTON, CA 94588

PATRICIA K. SMOOTS
318 N GROVE
OAK PARK, IL 60302

BRADLEY J STEVENS
3300 N CENTRAL AVE
PHOENIX, AZ 85012

BRADLEY J STEVENS
3300 N CENTRAL AVE #1800
PHOENIX, AZ 85012

GREGORY J WALCH
400 S FOURTH ST 3RD FLOOR
LAS VEGAS, NV 89101

WILLIAM E WINFIELD
POB 9100
OXNARD, CA 93031
```

❐ c.   **Personal Service** (list persons and addresses):
I personally delivered the document(s) to the persons at these addresses:

❐     For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

9

H:\Fs1Wp51\Direct Lenders-Beneficiaries\Pleadings\Opp, App to Hire Appr 5.25.06.doc

❡   For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

❡ d.   **By direct email (as opposed to through the ECF System)** (list persons and email addresses):

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

❡ e.   **By fax transmission** (list persons and fax numbers):

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission is attached.

❡ f.   **By messenger**:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed blow and providing them to a messenger for service.  (A declaration by the messenger must be attached to this Certificate of Service).

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 26th day of May, 2006.

| _J. Englehart & Tawney Waldo_ | _//s// Tawney Waldo & J. Englehart_ |
|---|---|
| Name | Signature |