Thomas J. Gilloon, Esq.
Nevada Bar No. 00578
Law Offices of Richard McKnight, P.C.
330 S. Third St., #900
Las Vegas, Nevada 89101
Phone: 702-388-7185
Fax: 702-388-0108
Attorneys for McKnight 2000 Family Trust

**E-filed on May 26, 2006.**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                     Debtor.<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC.,<br>                                     Debtor.<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC.,<br>                                     Debtor.<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC.,<br>                                     Debtor.<br>In re:<br>USA SECURITIES, LLC.,<br>                                     Debtor.<br>Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>Chapter 11<br><br>**Jointly Administered Under<br>Case No. BK-S-06-10725-LBR**<br><br><br>Date: June 5, 2006<br>Time: 9:30 a.m.<br><br><br>**LIMITED OPPOSITION OF THE MCKNIGHT 2000 FAMILY TRUST TO APPLICATION BY THE OFFICIAL INVESTOR COMMITTEE TO EMPLOY STUTMAN, TREISTER & GLATT P.C. AS COUNSEL FOR MATTERS OF COMMON INTEREST** |

W:\2006\2377usa.ch11\Opp to STG App To Employ Atty TG 05-24-06.wpd                                                                           May 26, 2006 (3:47pm)

Richard McKnight, Esq., Co-Trustee of the McKnight 2000 Family Trust, opposes the Application By The Official Investors Committee To Employ Stutman, Treister & Glatt, P.C., As Counsel for Matters Of Common Interest and submits the following:

A. <u>11 U.S.C. §1103(b) Prohibits Counsel For A Creditor Committee From Representing Conflicting Interests</u>.

11 U.S.C. §1103(b) provides as follows:

> An attorney or accountant employed to represent a committee appointed under section 1102 of this title *may not, while employed by such committee, represent any other entity having an adverse interest in the case.* Representation of one or more of the same class shall not per se constitute the representation of an adverse interest.

(Emphasis added). A creditor committee's obligation is to act as a fiduciary to the class of creditors it represents. *In re Caldor, Inc.*193 B.R. 165 (NY Bkrtcy.S.D.N.Y.,1996). Its principal function "is to advise the creditors of their rights and the proper course of any actions in the bankruptcy proceedings. *Bohack Corp. v. Gulf & Western Indus*., 607 F.2d 258, 262 n. 4. ("[t]he committee owes a fiduciary duty to the creditors, and must guide its actions so as to safeguard as much as possible the rights of minority as well as majority creditors.").

The Debtor -In- Possession's pending Motion To Temporarily Hold Funds Pending A Determination Of The Proper Recipients in this case asserts that the Debtor may seek to recover funds from Direct Investors and that the debtor may have some 'equitable' interest in the loans made by the Direct Investors. Further, in that motion, the Debtor states that 60% of the investors were invested in more than one loan. The Debtor has also threatened to claim that the direct investors made loans to the USACM rather than loans to particular borrowers. In addition, if the Direct Lenders file claims in this action, their claims too would fall within the category of "Holders of Executory Contract Rights Through USA Commercial Mortgage" whom Stutman, Treister & Glatt Professional Corporation proposes to also represent.

The question of a single firm representing multiple creditor committees in a bankruptcy was addressed in *Matter of Proof of the Pudding, Inc*., 3 B.R. 645 (Bkrtcy.N.Y., 1980). In that case, the same firm sought to represent the three creditor committees that were appointed in a

1 consolidated case involving three debtor entities. The Court denied the employment applications
2 with respect to two of the three committees because the various debtor entities had obligations
3 from one debtor to another. In fact, in *TWI Intern., Inc. v. Vanguard Oil and Service Co.*
4 162 B.R. 672 (S.D.N.Y.,1994), the court found that the existence of an actual conflict involving
5 counsel for the debtor and creditor committees mandated disqualification:.

> Given these parameters, courts hold that the determination of "disinterestedness" is a fact specific inquiry. In re BH & P Inc., 949 F.2d 1300, 1315 (3rd Cir.1991). Moreover, "merely hypothesizing that conflicts may arise is not a sufficient basis to warrant the disqualification" of an attorney. In re Stamford Color Photo, Inc., 98 B.R. 135, 138 (Bankr.D.Conn.1989). Rather, "*[d]isqualification should be mandated when an actual*, as opposed to hypothetical or theoretical, conflict is present. This in no way precludes disqualification for a potential conflict. The test is merely one of a potential actual conflict." In re Wm. J. O'Connor, 52 B.R. 892, 897 (Bankr.W.D.Okl.1985).

*Id., at 675.*

Under the circumstances presented here, the conflict between the interests of the Direct Investors, the parties represented by the First Trust Deed Committee, the Diversified Trust Deed Committee, and the committee claiming to represent the Holders of Executory Contracts could hardly be more concrete. That conflict has dominated the early proceedings in this case as evidenced by the several motions filed by direct investors . The conflict that exists between the various investors and the committees appointed by the United States Trustee is in fact the proverbial '800 pound gorilla' camped in the middle of the room. The suggestion that employment of 'Conflicts Counsel' will somehow alleviate the harm to the interests of the various parties itself demonstrates what is obvious to all - a single firm cannot realistically take any effective measure to insure that the interests of the various creditor committee are adequately protected.

CONCLUSION

The Court should deny the appointment of Stutman, Treister & Glatt, P.C., as counsel for more than one creditor committee. In the alternative, the Court should consider delaying appointment of outside counsel at least until the Debtor has been to able to file schedules or a statement of its affairs, as well as the accounting the Debtor

1  professes to need to evaluate potential claims against individual investors. Until such
2  time, as those steps have been taken, the Court may well wish to avoid making decisions
3  in a vacuum with respect to matters that are going to cost investors and the estate huge
4  sums of money.

5       DATED this 26th day of May 2006

6                      LAW OFFICES OF RICHARD McKNIGHT, P.C.

8                      By:   /s/ Thomas J. Gilloon
                              Thomas J. Gilloon, Esq.
9                              State Bar No. 000578
                              330 S. Third St., #900
10                            Las Vegas, NV 89101
                              Attorneys for McKnight 2000 Family
11                            Trust