ELECTRONICALLY FILED
MAY 26, 2006

| | |
|---|---|
| STUTMAN, TREISTER & GLATT, P.C. | SHEA & CARLYON, LTD. |
| JEFFREY H. DAVIDSON | JAMES PATRICK SHEA |
| (CA State Bar No. 73980) | (Nevada State Bar No. 000405) |
| FRANK A. MEROLA | CANDACE C. CARLYON |
| (CA State Bar No. 136934) | (Nevada State Bar No. 002666) |
| EVE H. KARASIK | SHLOMO S. SHERMAN |
| (CA State Bar No. 155356), Members of | (Nevada State Bar No. 009688) |
| 1901 Avenue of the Stars, 12th Floor | 233 South Fourth Street, Second Floor |
| Los Angeles, California 90067 | Las Vegas, Nevada 89101 |
| Telephone: (310) 228-5600 | Telephone: (702) 471-7432 |
| Facsimile: (310) 228-5788 | Facsimile: (702) 471-7435 |
| Email:  jdavidson@stutman.com | Email:  jshea@sheacarlyon.com |
|        fmerola@stutman.com |        ccarlyon@sheacarlyon.com |
|        ekarasik@stutman.com |        ssherman@sheacarlyon.com |

[Proposed] Counsel for the Official Committee Of Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: <br> USA COMMERCIAL MORTGAGE COMPANY, <br> Debtor. | BK-S-06-10725-LBR <br> Chapter 11 |
| In re: <br> USA CAPITAL REALTY ADVISORS, LLC, <br> Debtor. | BK-S-06-10726-LBR <br> Chapter 11 |
| In re: <br> USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, <br> Debtor. | BK-S-06-10727-LBR <br> Chapter 11 |
| In re: <br> USA CAPITAL FIRST TRUST DEED FUND, LLC, <br> Debtor. | BK-S-06-10728-LBR <br> Chapter 11 |
| In re: <br> USA SECURITIES, LLC, <br> Debtor. | BK-S-06-10729-LBR <br> Chapter 11 |
| Affects <br> ☒ All Debtors <br> ☐ USA Commercial Mortgage Co. <br> ☐ USA Securities, LLC <br> ☐ USA Capital Realty Advisors, LLC <br> ☐ USA Capital Diversified Trust Deed <br> ☐ USA First Trust Deed Fund, LLC | Date:  June 5, 2006 <br> Time:  9:30 a.m. <br> Place:  Courtroom #2 |

**STATEMENT REGARDING THE DEBTORS' MOTION TO TEMPORARILY HOLD FUNDS PENDING A DETERMINATION OF THE PROPER RECIPIENTS AND OMNIBUS OBJECTION TO THE RELEASE FUNDS MOTIONS**
<u>**(AFFECTS ALL DEBTORS)**</u>

391290v3

**TO THE HONORABLE LINDA B. RIEGLE, UNITED STATES BANKRUPTCY JUDGE:**

The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "First Trust Deed Committee") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases"), hereby files this Statement: (A) in response to the "Debtors' Motion to Temporarily Hold Funds Pending a Determination of the Proper Recipients" (the "Hold Funds Motion")[1] and (B) in opposition to the (i) "Motion for Order Authorizing the Return of Non-Invested Funds of Grable B. Ronning, The Wild Water Limited Partnership, Crosbie B. Ronning and The Bosworth 1988 Family Trust" (the "Ronning Motion"), "Motion for Order Authorizing Return of Non-Invested Funds of Stanley Alexander Trust, Drs. Stanley Alexander and Florence Alexander" (the "Alexander Motion"), "Motion for Order Authorizing Return of Non-Invested Funds of Jasper Benincasa Jr. and Flocerfida Benincasa" ("Benincasa Motion"), "Direct Lenders' Motion for Relief from the Automatic Stay" ("RFS Motion"), and "Direct Lenders' Motion:  1.  To Compel Debtor to Continue to Forward Lender Payments to Direct Lenders; and 2. To Delay or Prohibit Appraisals on Performing Loans" (the "Payment Motion" and, collectively with, the Ronning Motion, Alexander Motion, Benincasa Motion, and RFS Motion, the "Release Funds Motions") and respectfully states as follows:

As this Court is aware, prior to the Petition Date, the Debtors made regular interest payments to all investors regardless of whether the underlying loans were performing or non-performing.  Under new management, the Debtors are performing an extensive analysis of these loans and the payments received by thousands of investors in connection therewith. Pursuant to the Hold Funds Motion, the Debtors seek a Court order that grants them a limited period of time, in which they will not distribute funds to any investors, to complete this analysis. In support of their request, the Debtors seek a factual determination from the Court to characterize the ownership of the funds and the rights of investors, among other parties in interest, in such funds.

However, as the Debtors, themselves, recognize, the Court cannot determine the

---

[1]  Terms not otherwise defined herein shall have the same meanings ascribed to them in the Holds Fund Motion.

391290v3                            2

nature or ownership of the funds until a proper and thorough accounting has been completed. The Debtors' legal arguments in the Hold Funds Motion is nothing more than provocative speculation. Without any basic evidentiary support, it is too early in these cases for this Court to make any factual determination, and it is irresponsible to make lists of legal theories that may or may not be applicable.

On the other hand, the Release Funds Motions, seek, in one way or another, the return and payment of certain funds to the respective investors who filed the Release Funds Motions. It is simply too early for the Debtors to disburse any funds in these cases. The First Trust Deed Fund Committee supports the Debtors' request that before they resume distributing any funds they collect in the DIP Collection Account, they should be given a limited amount of time to finish their investigation and reconciliation of the Debtors' books and records, *without prejudice to the rights of any party to assert their interests in the funds collected*. It is important that distributions are made to investors only after the Debtors have calculated the balance sheet for each investor as some investors were undoubtedly overpaid prior to the Petition Date. It is not efficient for the Debtors nor is it fair to the investors to have the Debtors resume payments to investors only to have these funds recovered at a later date. Moreover, until this accounting is completed, it is premature for this Court to make any findings regarding the nature or ownership of the funds collected.

**WHEREFORE**, the First Trust Deed Fund Committee requests that the Court, without making any factual determinations on the record, grant the Holds Fund Motion, in part, and provide the Debtors with a limited period of time, in which they are not required to distribute any funds collected in the DIP Collection Account, to complete their investigation and reconciliation of the Debtors' books and records, without prejudice to the rights of any party in interest to assert an ownership interest in such funds and deny the Release Fund Motions, without prejudice, until such accounting is complete.

Respectfully submitted this 26th day of May, 2006.

             /s/ Eve H. Karasik            

JEFFREY H. DAVIDSON (CA State Bar No. 73980),
FRANK A. MEROLA (CA State Bar No. 136934), and
EVE H. KARASIK (CA State Bar No. 155356), Members of
STUTMAN, TREISTER & GLATT, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA  90067
Telephone:  (310) 228-5600

and

CANDACE C. CARLYON
Shea & Carlyon, Ltd.
233 S. Fourth Street, Suite 200
Las Vegas, NV  89101
Telephone:  (702) 471-7432
[PROPOSED] COUNSEL FOR THE
OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
OF USA CAPITAL FIRST TRUST DEED FUND, LLC

391290v3                               4