GORDON & SILVER, LTD.
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: gmg@gordonsilver.com
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: geg@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89109
Telephone (702) 796-5555
Facsimile (702) 369-2666
[Proposed] Counsel to the Official Committee
of Holders of Executory Contract Rights Through
USA Commercial Mortgage Company

E-Filed On May 26, 2006

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | OST REQUESTED<br>Date: June 5, 2006<br>Time: 9:30 a.m. |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |

**APPLICATION OF THE OFFICIAL COMMITTEE OF HOLDERS OF EXECUTORY CONTRACT RIGHTS THROUGH USA COMMERCIAL MORTGAGE COMPANY TO EMPLOY GORDON & SILVER, LTD.**

**TO: THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100911-001/404233

1  The Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company (the "Committee") respectfully requests that this Court approve, as of May 26, 2006, the employment of Gordon & Silver, Ltd. ("G&S") as counsel to the Committee.

This application ("Application") is made and based upon Sections 327 and 328, Title 11, of the United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 2014, the papers and pleadings contained in the Court's file, judicial notice of which is respectfully requested, and the Declaration of Gregory E. Garman, Esq. ("Garman Declaration") filed contemporaneously herewith, and any argument of counsel to be entertained at any hearing on this Application.

# I.
# BACKGROUND

1. On April 13, 2005 (the "Petition Date"), USA Commercial Mortgage Company ("USA Mortgage"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("USA Diversified"), and USA Capital First Trust Deed Fund, LLC ("USA First" and, collectively with USA Mortgage, USA Securities, USA Realty, and USA Diversified, the "Debtors") filed voluntary petitions for relief under Chapter 11, Title 11 of the United States Code.

2. On May 10, 2006, the Office of the United States Trustee (the "US Trustee") appointed the following four committees in these Chapter 11 cases:

   1. The Official Committee of Holders of Executory Contract Rights Through USA Commercial Mortgage Company;

   2. The Official Unsecured Creditors Committee for USA Commercial Mortgage Company;

   3. The Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC; and

   4. The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC.

The Committee initially sought to retain the law firm of Stutman, Treister and Glatt collectively with one or both of the fund committees. However, after deliberating the issue at

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100911-001/404233

2

their first full meeting on May 23, 2006, the Committee has determined that joint representation is not in its best interest. As such, the Committee desires to employ Gordon & Silver, Ltd. as its counsel. Subject to Court approval, the Committee has entered into a Legal Representation Agreement with G&S, a copy of which is attached to the Garman Declaration as Exhibit "1."

## II.
## JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The statutory basis for the relief sought herein is Sections 328, 1107 and 1108 of the Bankruptcy Code and Fed. R. Bankr. P. 2014. Venue of Debtor's Chapter 11 case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## THE FIRM

6. The attorneys employed by G&S are duly admitted to practice before this Court.

7. Members of G&S have practices emphasizing insolvency and reorganization matters and have been actively involved in many of the largest bankruptcy cases filed in this District. G&S has represented debtors, various committees and other parties-in-interest in cases of national significance, and is well qualified to act as attorneys for the Committee. The Committee has selected G&S for the following reasons:

    a.    G&S is familiar with the bankruptcy practice and these bankruptcy proceedings, and is well qualified to act as attorneys for the Committee; and

    b.    It is necessary for the Committee to employ attorneys to render the following professional services:

        (i)    To advise the Committee of its rights and obligations and performance of its duties during administration of these bankruptcy cases;

        (ii)    To represent the Committee in all proceedings before this Court or other courts of jurisdiction over these cases;

        (iii)    To assist the Committee in the performance of its duties as set

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100911-001/404233

3

forth in 11 U.S.C. § 1103;

  (iv) To assist the Committee in developing legal positions and strategies with respect to all facets of these proceedings; and

  (v) To provide such other counsel and advice as the Committee may require in connection with the above-captioned proceeding.

8. To the best of Debtor's knowledge, G&S is disinterested within the meaning of Section 101(14) of the of the Bankruptcy Code in that G&S, its shareholders, counsel and associates:

  a. are not creditors or insiders of Debtor;

  b. are not and were not, within two years before the date of this application, a director, officer, or employee of Debtor as specified in subparagraph (c) of 11 U.S.C. § 101(14);

  c. do not hold an interest materially adverse to the interest of the estate or of any class of creditors or equity holders except as stated herein.

9. G&S has an existing relationship with Nevada State Bank. With regard to these bankruptcy proceedings, Nevada State Bank holds an unsecured credit line outstanding to USA Capital Mortgage which is guaranteed by, among others, Thomas Hantges, a former principle of one or more of the Debtors. Additionally, Nevada State Bank has a depository relationship with one or more of the Debtors. Finally, Nevada State Bank has a note secured by a Deed of Trust on an office building owned by Hapinov, LLC, a Nevada limited liability company, which is currently occupied by one or more of the debtors under a lease agreement.

10. G&S has an existing relationship with Janet Buckalew, Trustee of the Buckalew Trust in both unrelated matters and the above-captioned debtors. With specific regard to the USA Capital cases, Buckalew, as Trustee, is a Direct Lender and holds equity security interests in one or more of the funds. Counsel has appeared at the initial hearing in these proceedings on behalf of Buckalew, as Trustee, and on behalf of Kevin Higgins, another Direct Lender and brother of one of G&S' shareholders. Prior to the appointment of the Committee, G&S was in the process of forming an Ad Hoc Committee of Holders of Direct Lenders. G&S terminated its

Gordon & Silver, Ltd.
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89109
(702) 796-5555

100911-001/404233

4

1  efforts to form an Ad Hoc Committee upon the appointment of the Official Committee and did
2  not at any point accept representation of the Ad Hoc Committee or its members. If appointed as
3  Committee counsel, G&S will not represent any individual Direct Lenders in these proceedings.

4  11.  William M. Noall, Esq., a shareholder with G&S, currently acts as Chapter 11
5  Trustee in the bankruptcy proceeding of Mega-C Power Corporation, case no. BK-N-04-50962-
6  GWZ, pending in the United States Bankruptcy Court for the District of Nevada. In his capacity
7  as Chapter 11 trustee, Mr. Noall has retained Jeffrey R. Truitt of Mesirow Financial Consulting,
8  LLC, as his financial advisor.

9  12.  G&S also acts as general counsel to Celerity Group, Inc., Kinetics Group, Inc.,
10 Kinetics Chempure Systems, Inc., and FTS Systems, Inc., of which Jeffrey R. Truitt of Mesirow
11 Financial Consulting, LLC is chief executive officer.

12 13.  G&S does not have any connection with the United States Trustee or any persons
13 employed in the Office of the United States Trustee.

## IV.
## COMPENSATION

16 14.  Subject to Court approval, in accordance with 11 U.S.C. § 330, the Committee
17 seeks to retain G&S on an hourly basis at the customary and standard rates that G&S charges for
18 similar representation, plus reimbursement of actual and necessary expenses incurred by G&S in
19 performing its duties.

20 15.  The Committee proposes the compensation of said attorneys and
21 paraprofessionals be at varying rates currently ranging from $150 per hour for paraprofessionals,
22 from $175 per hour to $380 per hour for the services of associates, and from $410 per hour to
23 $525 per hour for the services of shareholders of G&S, subject to change from time to time as
24 provided for in the retainer agreement, Exhibit "1" to the Garman Declaration, and all subject to
25 application to, and approval by, this Court pursuant to Sections 330 and 331 of the Bankruptcy
26 Code.

27 16.  G&S reserves the right to seek compensation for services rendered on behalf of
28 the Ad Hoc Committee to the extent that the Court determines such services to have benefited

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100911-001/404233

5

Direct Lenders or that such service is constituted a substantial contribution to the bankruptcy cases. It is further contemplated that G&S may seek interim compensation during this case as permitted by 11 U.S.C. § 331 and Federal Bankruptcy Procedure 2016. G&S understands that its compensation is subject to prior Court approval.

WHEREFORE, Debtor respectfully requests that it be authorized to employ G&S as its attorneys (as of May 23, 2006), to render legal services as described above, with compensation and with reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court, pursuant to the provisions of Section 330 of the Bankruptcy Code.

DATED this 26 day of May, 2006.

THE OFFICIAL COMMITTEE OF HOLDERS OF EXECUTORY CONTRACT RIGHTS THROUGH USA COMMERCIAL MORTGAGE COMPANY

William J. Bullard, Chairman

GORDON & SILVER, LTD.

By: 
GERALD M. GORDON, ESQ.
GREGORY E. GARMAN, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89109

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100911-001/404233

6