GORDON & SILVER, LTD.
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: gmg@gordonsilver.com
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: geg@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89109
Telephone (702) 796-5555
Facsimile (702) 369-2666
[Proposed] Counsel to the Official Committee
of Holders of Executory Contract Rights Through
USA Commercial Mortgage Company

E-Filed On May 26, 2006

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | OST REQUESTED<br>Date: June 5, 2006<br>Time: 9:30 a.m. |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |

**DECLARATION OF GREGORY E. GARMAN, ESQ. IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF HOLDERS OF EXECUTORY CONTRACT RIGHTS THROUGH USA COMMERCIAL MORTGAGE COMPANY TO EMPLOY GORDON & SILVER, LTD.**

100933-001/404358

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

I, GREGORY E. GARMAN, Esq., declares as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so. I make this declaration in support of the Application of the Official Committee of Official Committee of Holders of Executory Contract Rights Through USA Commercial Mortgage Company to Employ Gordon & Silver, Ltd.

2. I am a shareholder with the law firm of Gordon & Silver, Ltd., ("G&S"), which firm maintains its offices at 3960 Howard Hughes Parkway, Ninth Floor, Las Vegas, Nevada 89109. I am admitted to practice law before this Court.

3. Neither, I, G&S, nor any member or associate thereof, insofar as I have been able to ascertain, has any present connection with USA Commercial Mortgage Company, USA Securities, LLC, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, and USA Capital First Trust Deed Fund, LLC (the "Debtors"), or their creditors or other parties-in-interest except as set forth below. To the best of my knowledge, G&S and its shareholders and associates do not hold or represent any interest adverse to the Debtors bankruptcy estates and G&S and its shareholders and associates are disinterested within the meaning of 11 U.S.C. § 101(14).

4. G&S entered into a legal representation agreement ("Legal Representation Agreement") with the Committee on or about May 26, 2006. A true and correct copy of the Legal Retainer Agreement is attached hereto as Exhibit "1."

5. The attorneys employed by G&S are duly admitted to practice before this Court.

6. Members of G&S have practices emphasizing insolvency and reorganization matters and have been actively involved in many of the largest bankruptcy cases filed in this District. G&S has represented debtors, various committees and other parties-in-interest in cases of national significance, and is well qualified to act as attorneys for the Committee.

7. G&S has an existing relationship with Nevada State Bank. With regard to these bankruptcy proceedings, Nevada State Bank holds an unsecured credit line outstanding to USA Capital Mortgage which is guaranteed by, among others, Thomas Hantges, a former principle of

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100933-001/404358

2

one or more of the Debtors. Additionally, Nevada State Bank has a depository relationship with one or more of the Debtors. Finally, Nevada State Bank has a note secured by a Deed of Trust on an office building owned by Hapinov, LLC, a Nevada limited liability company, which is currently occupied by one or more of the debtors under a lease agreement.

8. G&S has an existing relationship with Janet Buckalew, Trustee of the Buckalew Trust in both unrelated matters and the above-captioned debtors. With specific regard to the USA Capital cases, Buckalew, as Trustee, is a direct lender and holds equity security interests in one or more of the funds. Counsel has appeared at the initial hearing in these proceedings on behalf of Buckalew, as Trustee, and on behalf of Kevin Higgins, another direct lender and brother of one of G&S' shareholders. Prior to the appointment of the Committee, G&S was in the process of forming an Ad Hoc Committee of Holders of Direct Lenders. G&S terminated its efforts to form an Ad Hoc Committee upon the appointment of the Official Committee and did not at any point accept representation of the Ad Hoc Committee or its members. If appointed as Committee counsel, G&S will not represent any individual direct lenders in these proceedings.

9. William M. Noall, Esq., a shareholder with G&S, currently acts as Chapter 11 Trustee in the bankruptcy proceeding of Mega-C Power Corporation, case no. BK-N-04-50962-GWZ, pending in the United States Bankruptcy Court for the District of Nevada. In his capacity as Chapter 11 trustee, Mr. Noall has retained Jeffrey R. Truitt of Mesirow Financial Consulting, LLC, as his financial advisor.

10. G&S also acts as general counsel to Celerity Group, Inc., Kinetics Group, Inc., Kinetics Chempure Systems, Inc., and FTS Systems, Inc., of which Jeffrey R. Truitt of Mesirow Financial Consulting, LLC is chief executive officer.

11. G&S does not have any connection with the United States Trustee or any persons employed in the Office of the United States Trustee.

12. The Committee proposes the compensation of said attorneys and paraprofessionals be at varying rates currently ranging from $150 per hour for paraprofessionals, from $175 per hour to $380 per hour for the services of associates, and from $410 per hour to $525 per hour for the services of shareholders of G&S, subject to change from time to time as

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100933-001/404358

3

provided for in the retainer agreement, Exhibit "1", and all subject to application to, and approval by, this Court pursuant to Sections 330 and 331 of the Bankruptcy Code.

13. G&S reserves the right to seek compensation for services rendered on behalf of the Ad Hoc Committee to the extent that the Court determines such services to have benefited Direct Lenders or that such service is constituted a substantial contribution to the bankruptcy cases. It is further contemplated that G&S may seek interim compensation during this case as permitted by 11 U.S.C. § 331 and Federal Bankruptcy Procedure 2016. G&S understands that its compensation is subject to prior Court approval.

14. Based on the foregoing, I believe G&S and its members and associates thereof are disinterested persons within the meaning of Chapter 11, Title 11, United States Code Sections 101(14) and 327.

I declare under penalty of perjury that these facts are true as to the best of my knowledge and belief.

DATED this 26th day of May, 2006.

_____
GREGORY E. GARMAN, ESQ.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100933-001/404358

4

# EXHIBIT "1"

## LEGAL REPRESENTATION AGREEMENT

THIS AGREEMENT is made on this 24th day of May, 2006, by and between the "Official Committee of Holders of Executory Contract Rights Through USA Commercial Mortgage Company" (hereinafter collectively referred to as "Client"), whose address is set forth on Exhibit "A" attached hereto, and GORDON & SILVER, LTD., whose address is 3960 Howard Hughes Parkway, Ninth Floor, Las Vegas, Nevada 89109 ("Counsel").

### I.    SCOPE OF ENGAGEMENT

Client is a committee appointed pursuant to Section 1102(a)(1) of the Bankruptcy Code to represent the interests of holders of direct loans brokered by USA Capital Mortgage Company fka USA Capital, a Nevada corporation, ("Investments") which may be affected by one or more of the cases commenced under Chapter 11, Title 11, United States Code ("Bankruptcy Code") presently pending before the United States Bankruptcy Court for the District of Nevada ("Bankruptcy Court") involving USA Capital Mortgage Company fka USA Capital, a Nevada corporation, USA Capital First Trust Deed Fund, LLC, a Nevada limited liability company ("First Fund"), USA Capital Diversified Trust Deed Fund, LLC, a Nevada limited liability company ("Diversified Fund" and together with First Fund, the "Funds"), and USA Capital Realty Advisors, LLC, a Nevada limited liability company (collectively the "USA Capital Cases" and the collective debtors involved in the USA Capital Cases, "Debtors").

Subject to approval by Counsel's Executive Committee and entry of a Bankruptcy Court order approving Client's employment of Counsel pursuant to the terms of this Agreement, In accordance with Section 1103(a) of the Bankruptcy Code Client has selected and wishes to engage Counsel to continue or commence the legal representation (the "Representation") of Client in the USA Capital Cases and to assist Client in carrying out its duties as provided for in Sections 1102 (b)(3) and 1103 of the Bankruptcy Code.

Gerald M. Gordon will be the attorney supervising the Representation; however, other attorneys and paralegals may assist in the Representation. Counsel will attempt to communicate expeditiously with Client as to significant developments, will communicate all settlement offers promptly to Client, and will compromise or settle Client's claims only with Client's consent. It is expressly understood that the timetable for litigation, certain actions and approvals is within the sole discretion and control of the Bankruptcy Court. Client expressly acknowledges that Counsel has not given, and cannot give, any assurance of the outcome of any matters covered by the Representation and Client agrees to cooperate fully with Counsel and to provide all information known by, or available to, Client which may aid Counsel in representing Client and the Committee in the Representation, and to keep Counsel informed of Client's members' current telephone numbers, mailing addresses and email addresses.

## II. LEGAL FEES AND EXPENSES

Client and Counsel acknowledge that in the event Counsel is retained under this Agreement as legal counsel for Client under the Bankruptcy Code, any award of legal fees and costs is subject to review, allowance and payment approval by the Bankruptcy Court. Client shall have the opportunity to review all applications for fees and costs prior to their submission to the Bankruptcy Court as provided for by the Bankruptcy Rules and any standing orders of the Bankruptcy Court.

Counsel's current hourly rates and current charges for certain expenses are listed on Exhibit "B" to this Agreement. Counsel's rate schedule is subject to reconsideration semi-annually, and any changes in it will be applicable to Client once Counsel has informed Client of them, directly or by invoice. In certain cases, Counsel's charges may be reflective of factors other than the amount of time expended, such as the difficulty of work performed, or the results obtained. Generally, preparation of pleadings and court appearances will result in charges of not less than one hour's time. In addition, any legal fee award or costs award a court may make to Client as a prevailing party in any lawsuit Counsel may prosecute on Client's behalf is merely that court's determination of the appropriate damages to be assessed against the opposing party. It is not any measure of the actual legal fees and costs that Counsel may charge Client for services rendered.

Client acknowledges that Counsel may incur various expenses in providing services to Client. Client agrees that Counsel shall be reimbursed for all out-of-pocket expenses paid by Counsel. Such expenses include, but are not limited to, charges for serving and filing papers, courier messenger services, recording and certifying documents, depositions, transcripts, application fees, investigative costs, computerized research, witnesses, long-distance telephone calls, title insurance premiums, copying materials, overtime clerical assistance, travel expenses, sending facsimile communications, postage and notarial attestations. Such costs are charged at a rate representing reasonable charges in the community for such services, and may include administrative, clerical or overhead expenses as an element of the per unit charges. Subject to such Bankruptcy Court approvals as required by the Bankruptcy Code, Client authorizes Counsel to retain and seek reimbursement for the charges of every other person or entity hired by Counsel to perform necessary services related to the Representation. Such other persons and entities may include, but are not limited to, court reporters, appraisers, real estate agents, escrow agents, accountants, investigators, expert witnesses, trust officers, stockbrokers, title examiners, surveyors, patent draft persons, and other attorneys hired for ancillary matters in other localities.

## III. INFORMATION TO BE MADE AVAILABLE TO CLIENT

Counsel agrees to assert a diligent effort to assure that Client is informed at all times as to the status of the Representation and as to the courses of actions which are being followed or are being recommended by Counsel. Counsel agrees to make reasonably available to Client for reading all written materials sent or received by Counsel pertaining to these matters. Copies of all such materials will be provided at

Client's request and at Client's expense. All of Counsel's work product will be owned by Counsel.

### IV.    CONFLICTING ENGAGEMENT

The Nevada Rules of Professional Conduct for attorneys provide, in pertinent part, as follows:

1. A lawyer may not represent a client if the representation will be directly adverse to another client, or may be materially limited by the lawyer's responsibilities to another client, unless: (a) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client or the new client, and (b) each client consents, preferably in writing, after consultation.

2. A lawyer who has formerly represented a client in a matter may not thereafter (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents, preferably in writing, after consultation or (b) use information relating to the former representation to the disadvantage of the former client.

Counsel agrees not to accept, without prior approval from Client, and if applicable, the Bankruptcy Court, any engagement known by Counsel to be in direct conflict with the interests of Client in the Representation. If, in the course of representing multiple clients, Counsel determines in its sole discretion that a conflict of interest exists, Counsel will notify all affected clients of such conflict and may withdraw from representing any one or more of the multiple clients, possibly including Client, to the extent such a withdrawal would be permitted or required by applicable ethical provisions and the Bankruptcy Code, Bankruptcy Rules and any orders of the Bankruptcy Court.

With specific regard to the Representation, Counsel discloses to Client the following:

(a) Counsel has existing representations of Nevada State Bank in both unrelated matters and the USA Capital Cases. With specific regard to the USA Capital Cases, (i) Nevada State Bank has an unsecured credit line outstanding to USA Capital Mortgage which is guaranteed by, among others, Thomas Hantges, a former principal of one or more of the Debtors; (ii) Nevada State Bank had a depository relationship with one or more of the Debtors, and (iii) Nevada State Bank has a note secured by deed of trust on an office building owned by Hapinov, LLC, a Nevada limited liability company, which is currently occupied by one or more of the Debtors under a lease arrangement.

(b) Counsel has an existing relationship with Janet Buckalew, Trustee of the Buckalew Trust in both unrelated matters and the USA Capital Cases. With specific regard to the USA Capital Cases, Buckalew, as Trustee, is

both a direct investor and holds equity security interests in one or more of the Funds. Counsel has appeared in the initial hearings of the USA Capital Cases on behalf of Buckalew, as Trustee, and on behalf of Kevin Higgins, another direct investor and brother of Counsel's managing Shareholder. Counsel also attempted to form an ad hoc committee of holders of direct investors, but terminated those efforts after Client was formed. Counsel will not continue to represent either Buckalew, as Trustee, or Kevin Higgins in the USA Capital Cases.

(c)  Counsel believes that conflicts may presently exist or arise between holders of investments represented by Client regarding moneys which may have been misappropriated and/or misdirected from loan payments, resulting in moneys due and owing by certain of such holders to other holders.

V.  **TERMINATION OF REPRESENTATION**

The Representation established by this Agreement is subject to termination only as follows:

A. Subject to any applicable Bankruptcy Rules and the Bankruptcy Code, Counsel reserves the right to terminate the Representation (1) if Client fails to honor this Agreement; (2) for any just reason as permitted or required under the Nevada Code of Professional Responsibility or by any appropriate court; (3) if Client demands that Counsel take action which Counsel, in its discretion, determines would violate Rule 11 of the Federal Rules of Civil Procedure or any state or bankruptcy law derivative thereof; or (4) if Client fails to cooperate with Counsel, makes false representations to counsel, or fails to pay Counsel promptly as required by the terms hereof. Notification of termination shall be made in writing to Client. In the event of termination, Client agrees to cooperate with Counsel for the prompt payment of all services rendered plus all other charges or expenses incurred pursuant to this Agreement prior to termination.

B. Client reserves the right to terminate the Representation at any time and shall notify Counsel in writing of any such termination. In the event of such termination, Client agrees to cooperate with Counsel for the prompt payment of all services rendered by Counsel prior to termination plus all other charges or expenses incurred pursuant to this Agreement prior to termination.

C. Counsel agrees to assert a diligent effort, subject to casualties beyond the control of Counsel, to retain and maintain all major and significant components of the files of Counsel relative to the Representation for a period of four years following the conclusion of the Representation.

D. Subject to the Bankruptcy Code, Counsel shall be entitled to enforce its attorneys' retaining lien and attorneys' charging lien in accordance with Nevada law, so that, in the event Client fails to pay Counsel as provided herein, Counsel may retain

100911-001/398614_3

exclusive control of all Client files as well as any property, monies, or original documents in Counsel's possession, until such fees are paid in full. Client hereby grants a power of attorney to counsel to execute any drafts or instruments payable to Client, apply sums received to Counsel's outstanding fees, and remit any remaining funds to Client.

### VI.  COMPLETE INTEGRATION; BINDING UPON ALL PARTIES; CHOICE OF LAW; CONSENT TO JURISDICTION

This Agreement contains the entire agreement between Client and Counsel regarding the Representation and the legal fees and other charges and expenses to be paid relative thereto. This Agreement shall not be modified except by written agreement signed by Client and Counsel. This Agreement shall be binding upon Client and Counsel and their respective heirs, executors, legal representatives, and successors. This Agreement shall at all times be construed and interpreted in accordance with the laws of the State of Nevada, without regard to principles of conflicts of laws.

### VIII.  PRIVACY POLICY OF GORDON & SILVER, LTD.

Lawyers, as providers of certain personal services, may be required by the Gramm-Leach-Bliley Act (the "Act") to inform their clients of their policies regarding privacy of client information. Gordon & Silver, Ltd. understands your concerns as a client for privacy and the need to ensure the privacy of all your information. Your privacy is important to us and maintaining your trust and confidence is a high priority. Lawyers have been and continue to be bound by professional standards of confidentiality that are even more stringent than those required by the Act. Therefore, we have always protected your right to privacy. The purpose of this notice is to explain our Privacy Policy with regard to personal information about you that we obtain and how we keep that information secure.

#### NONPUBLIC PERSONAL INFORMATION WE COLLECT

We collect nonpublic personal information about you that is provided to us by you or obtained by us with your authorization or consent.

WE DO NOT DISCLOSE ANY PERSONAL INFORMATION ABOUT OUR CLIENTS OR FORMER CLIENTS TO ANYONE, EXCEPT AS PERMITTED BY LAW AND ANY APPLICABLE STATE ETHICS RULES.

We do not disclose any nonpublic personal information about current or former clients obtained in the course of representation of those clients, except as expressly or impliedly authorized by those clients to enable us to effectuate the purpose of our representation or as required or permitted by law or applicable provisions of codes of professional responsibility or ethical rules governing our conduct as lawyers.

#### CONFIDENTIALITY AND SECURITY

We retain records relating to professional services that we provide so that we are better able to assist you with your professional needs and to comply with professional guidelines or requirements of law. In order to guard your nonpublic personal information, we maintain physical, electronic, and procedural safeguards that comply with our professional standards.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date set forth at the beginning hereof.

GORDON & SILVER, LTD.                    CLIENT

By: _____              _____
                                         William J. Bullard, Chairman

100911-001/398614_3

# Exhibit A

1. William J. Bullard
   Contact: Fertitta Enterprises, Inc.
   Address: P.O. Box 27555
   Las Vegas, NV 89126-1555
   Telephone: (702) 221-4715
   Telefax: (702) 362-5889
   Email: bbullard@gordonbiersch.com

2. Helms Homes, LLC
   Contact: Terry Helms
   Address: 809 Upland Boulevard
   Las Vegas, NV 89107
   Telephone: (702) 258-1044
   Telefax: (702) 258-0403
   Email: amillionaire4U@earthlink.net

3. Terry R. Helms Living Trust 11/94
   Contact: Terry Helms
   Address: 809 Upland Boulevard
   Las Vegas, NV 89107
   Telephone: (702) 258-1044
   Telefax: (702) 258-0403
   Email: amillionaire4U@earthlink.net

4. Homfeld II, LLC
   Contact: Edward W. Homfeld
   Address: 858 Bishop Road
   Grosse Pointe Park, MI 48230
   Telephone: (954) 560-7709
   Telefax: (734) 827-7743
   Email: nhomfeld@gmail.com

5. Arthur Polacheck
   Address: 2056 Woodlake Circle
   Deerfield Beach, FL 33442
   Telephone: (954) 650-8768
   Telefax: (561) 417-6620
   Email: artclassics@bellsouth.net

100911-001/398614_3

6. Dennis Flier, Inc. Defined Benefit Trust Dated 6/29/87
   Contact: Dennis Flier
   Address: 20155 Porto Vita Way, # 1803
   Aventura, FL 33180
   Telephone: (305) 792-9601
   Telefax: (305) 792-9602
   Email: DSFOMI@aol.com

7. Jim McCollum
   Address: 1011 F Avenue
   Coronado, CA 92118
   Telephone: (619) 890-5125
   Telefax: None provided
   Email: JamesWMcCollum@aol.com

## EXHIBIT B

## EXPENSES

| | |
|---|---|
| 1. Local Courier Messenger Services | $10.00 |
| 2. Telefacsimile Communication (per page) | .75 |
| 3. Indexing (per tab) | .50 |
| 4. Photocopying (per page) | .25 |
| 5. Information America Services | actual charge |
| 6. Telephone Charge (long distance) | actual charge |
| 7. Equifax | actual charge |
| 8. Federal Express | actual charge |
| 9. UPS Delivery | actual charge |
| 10. Computerized Research | actual charge |
| 11. Scanning (per page) | .25 |
| 12. Electronic Filing and Retrieval Fees | actual charge |

## FEE SCHEDULE

| | |
|---|---|
| Shareholders | $410.00 - $525.00 |
| Associates | $175.00 - $380.00 |
| Law Clerks | $155.00 - $160.00 |
| Paralegals | $150.00 |

Specific Attorneys:

| | |
|---|---|
| Gerald M. Gordon, Esq. | $525.00 |
| Gregory E. Garman, Esq. | $410.00 |

100911-001/398614_3