1   GORDON & SILVER, LTD.                          E-Filed On May 26, 2006
    GERALD M. GORDON, ESQ.
2   Nevada Bar No. 229
    E-mail: gmg@gordonsilver.com
3   BRIGID M. HIGGINS, ESQ.
    Nevada Bar No. 5990
4   E-mail: bmh@gordonsilver.com
    GREGORY E. GARMAN, ESQ.
5   Nevada Bar No. 6654
    E-mail: geg@gordonsilver.com
6   3960 Howard Hughes Pkwy., 9th Floor
    Las Vegas, Nevada 89109
7   Telephone (702) 796-5555
    Facsimile (702) 369-2666
8   [Proposed] Attorneys for The Official Committee of Holders
    of Executory Contract Rights Through
9   USA Commercial Mortgage Company

10              **UNITED STATES BANKRUPTCY COURT**

11                **FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| 12  In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>13<br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR |
| 14  In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>15<br>Debtor. | BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| 16  In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>17<br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 |
| 18  In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>19<br>Debtor. | |
| 20  In re:<br>USA SECURITIES, LLC,<br><br>21<br>Debtor. | Date: June 5, 20 06<br>Time: 9:30 a.m. |
| 22  Affects:<br>☐ All Debtors<br>23  ☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>24  ☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>25  ☐ USA Securities, LLC | |

26      **OPPOSITION OF OFFICIAL DIRECT LENDER COMMITTEE TO APPLICATION**
        **FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF HILCO REAL ESTATE**
27      **LLC/HILCO REAL ESTATE APPRAISAL, LLC AS DEBTORS' REAL ESTATE**
                                **APPRAISER**
28

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100933-001/404415

1    The Official Committee of Holders of Executory Contract Rights through USA

2    Commercial Mortgage Company (the "Official Direct Lender Committee") by and through by

3    and through their proposed counsel, the law firm of Gordon & Silver, Ltd., hereby submit their

4    Opposition ("Opposition") to <u>Debtors' Application For an Order Authorizing the Employment of</u>

5    <u>Hilco Real Estate LLC/Hilco Real Estate Appraisal, LLC as Debtors' Real Estate Appraiser</u>

6    ("Hilco Employment Application").

7    This Opposition is made and based on the points and authorities which follow, the

8    pleadings and papers contained in the Court's file, judicial notice of which is hereby requested,

9    and any evidence or oral argument presented at the time of the hearing in this matter.

10    WHEREFORE, the Official Direct Lender Committee respectfully requests that the

11    Court: (a) approve the Hilco Employment Application only to the extend Hilco is employed to

12    appraise "non-performing" properties or those expected by the Debtors to become non-

13    performing within the next 60 days; (b) deny retention for the remainder of the service; and (c)

14    provide the Official Direct Lender Committee with such other and further relief as is just and

15    proper.

16    DATED this 26 day of May, 2006.

17    GORDON & SILVER, LTD.

18

19    By: _____
     GERALD M. GORDON, ESQ.
     BRIGID M. HIGGINS, ESQ.

20    GREGORY M. GARMAN, ESQ.
     3960 Howard Hughes Pkwy., 9th Floor

21    Las Vegas, Nevada 89109
     [Proposed] Attorneys To The Official Committee of

22    Holders of Executory Contract Rights through USA
     Commercial Mortgage Company

23

24    **POINTS AND AUTHORITIES**

25    **I.**
     **STATEMENT OF FACTS**

26
     **A.    <u>Debtors' Bankruptcy Proceedings To Date.</u>**

27
     1.    On April 13, 2006 (the "Petition Date"), the following five (5) Nevada entities

28

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100933-001/404415

2

1  filed their voluntary Chapter 11 bankruptcy petitions: USA Commercial Mortgage Company

2  ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC

3  ("Realty Advisors"), USA Capital Diversified Trust Deed Fund, LLC (the "Diversified Fund"),

4  and USA Capital Trust Deed Fund, LLC (the "Trust Deed Fund" and, together with USACM,

5  USA Securities, Realty Advisors, and Diversified Funds, hereinafter collectively referred to as

6  the "Debtors").

7      2.   On May 10, 2006, the U.S. Trustee filed his <u>Notice of Appointment</u> of the Official

8  Direct Lender Committee pursuant to 11 U.S.C. §§ 1102(a)(1) and (2).  <u>See</u> Docket No. 202.  On

9  May 26, 2006, contemporaneous with the filing of this Opposition, Gordon & Silver, Ltd. filed

10 an <u>Application Of The Official Committee Of Holders Of Executory Contract Rights Through</u>

11 <u>USA Commercial Mortgage Company To Employ Gordon & Silver, Ltd.</u>

12     3.   The Official Direct Lender Committee represents approximately 3,600 parties (other

13 than Debtors) to the extent these parties have individually lent monies directly (the "Direct

14 Lenders") to various borrowers, for which USACM is only a loan servicer.  Borrowers, to the

15 extent they have received loans from Direct Lenders, are hereinafter collectively referred to as

16 the "Direct Borrowers," and their loans, collectively, as the "Direct Loans."

17     4.   On May 8, 2006, the Debtors filed the Hilco Employment Application which

18 requested approval of employment of Hilco Real Estate, LLC and Hilco Real Estate Appraisal,

19 LLC (together, "Hilco") to provide:

20         (1)   Valuation services of all of "the properties securing the loans serviced

21               by the Debtors" for a base fee of $300,000.  The "base fee" includes

22               payment for a desk top review of "all of the real estate projects

23               serving as collateral for the Debtors' loans and a full written valuation

24               report on up to 40 projects."  <u>See</u> Hilco Employment Application, p.

25               5, ll. 13-16;

26         (2)   At the request of Debtors, valuation services above the 40 written

27               reports at $5,000 per report;  <u>See</u> Hilco Employment Application, p. 5,

28               ll. 16-17.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100933-001/404415

3

(3)     expert witness fees for potential court and deposition testimony to be paid on an hourly rate, consulting services concerning the status of various properties and real estate issues relating to delinquent and defaulted loans to be paid on an hourly rate, and advisory services relating to funding new loans or funding unfunded or under-funded loans paid on an hourly rate; See Hilco Employment Application, p.4 , ll. 24-27, p. 5, ll. 1-2, 20-27.

(4)     Sliding scale percentages (ranging from 1.5%-5%) from the gross proceeds of the disposition of properties which the Debtors acquire through foreclosure, settlement or otherwise." See Hilco Employment Application, p. 5, ll. 3-5, p. 6, ll. 1-6.

## II.
## LEGAL ARGUMENT

**A.    The Hilco Employment Application Should Not Be Approved.**

**1.    Appraisals of Performing Loans Are Unnecessary.**

Debtors claim that its financial advisors have identified 114 separate loan portfolios. See Hilco Employment Application, p. 3, ll. 6-7. Of those loans, Debtors have previously indicated that 54% of those loans are currently "non-performing". See Supplemental Declaration of Thomas Allison In Support of Debtors' Motions filed on May 2, 2006, Docket No. 130. Initially, Debtors have failed to identify how they intend on paying for the fees to Hilco. The Official Direct Lender Committee understands the Debtors' request to provide appraisals on those loans they have identified as "non-performing" and those loans which Debtors reasonably believe are at risk of becoming non-performing within 60 days as those loans may necessitate immediate action. However, the Debtors fail to explain why the loans that are performing require any appraisals (desk top review or otherwise). Given the precarious nature of the Debtors' cash flow situation, such expenditures are unnecessary and imprudent.

Additionally, the Official Direct Lender Committee disagrees with statements in the Hilco Employment Application that either implicitly suggest or expressly state that the Debtors

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100933-001/404415

4

1    have some interest in the real properties securing the Direct Lenders' loans above and beyond the

2    servicing fees that USACM may be entitled to collect upon performance of its obligations

3    thereunder.    The Official Direct Lender Committee reiterates its notice to Debtors that the

4    payments Debtors receive on the Direct Loans (with the exception to servicing fees earned) are

5    not property of the Debtors' bankruptcy estates.  As such, the Official Direct Lender Committee

6    on behalf of all of the Direct Lenders does not consent to any surcharge of their property.  In re

7    Golden Plan of California, Inc., 829 F.2d 705 (9th Cir. 1986) (owners of notes and deeds of trust

8    are not secured creditors subject to surcharge under 11 U.S.C. §506(c)); Golden Mortgage Fund

9    #14 v. Kennedy (In re Golden Triangle Capital, Inc.), 171 B.R. 79 (B.A.P. 9th Cir. 1994).

10       **2.    Approval of Expert Witness Fees, Consulting Fees and Advisory Service Fees Are Unnecessary.**

11

12          Debtors also request that Hilco be approved at hourly rates ranging from $250-$450 for

         potential expert witness fees, including court and deposition testimony, consulting services
13
         related to the status of properties and real estate issues related to delinquent or defaulted loans,
14
         and for advisory services relating to funding new loans or funding unfunded or under-funded
15
         loans. The Debtors fail to explain, and the Official Direct Lender Committee fails to understand,
16
         the necessity of employing anyone to provide these "potential" services at this time.  It is simply
17
         premature.  Debtors are still in the process of investigating the status of the various loans and
18
         have indicated that they will not even report that status until July 2006.  Moreover, the Direct
19
         Lenders certainly should not have to bear the costs of Hilco's advisory services relating to the
20
         Debtors' funding of new loans or unfunded loans.
21
         **3.    Approval of Hilco For Disposition Services Is Unneccessary.**
22
          Finally, Debtors request that Hilco be approved for employment for services relating to
23
         the "disposition of properties which the **Debtors acquire** through foreclosure, settlement or
24
         otherwise." See Hilco Employment Application, p. 5, ll. 3-5 (emphasis added).  These
25
         "disposition services" include developing and designing a marketing program, coordinating and
26
         organizing bidding procedures. . . and negotiating sales of properties."   See Hilco Employment
27
         Application, p. 5, ll. 6-8.   Initially, as the real property securing the Direct Lenders' loans is not
28

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100933-001/404415

5

1  property of the estate, the Debtors will not "acquire" any property upon foreclosure of those

2  loans. Generally, the loan servicing agreements provide that USACM will take title in the name

3  of the Direct Lenders to any real property upon foreclosure or delivery of a deed-in-lieu. <u>See</u>

4  Loan Servicing Agreement, p.3, attached as Exhibit "C" to Supplemental Declaration of Thomas

5  Allison In Support of Debtors' Motions filed May 2, 2006, Docket No. 130. The loan servicing

6  agreements do not provide that USACM with the right or the obligation to market or negotiate

7  the sales of those foreclosed upon properties. Additionally, there is no reason why the Debtors

8  must retain Hilco (or anyone) at this point in the bankruptcy case to market or establish bidding

9  procedures for the sale of real property which has not been foreclosed upon. If allowed at all,

10  this determination should be made on a property by property basis when and if the circumstances

11  present themselves.

### III.
### CONCLUSION

WHEREFORE, the Official Direct Lender Committee respectfully requests that the

Court: (a) approve the Hilco Employment Application only to the extend Hilco is employed to

appraise "non-performing" properties or those expected by the Debtors to become non-

performing within the next 60 days; (b) deny retention for the remainder of the service; and (c)

provide the Official Direct Lender Committee with such other and further relief as is just and

proper.

DATED this 2 day of May, 2006.

GORDON & SILVER, LTD.

By:
GERALD M. GORDON, ESQ.
BRIGID M. HIGGINS, ESQ.
GREGORY M. GARMAN, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89109
[Proposed] Attorneys To The Official Committee of
Holders of Executory Contract Rights through USA
Commercial Mortgage Company

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100933-001/404415

6