9/19/05

2|

5.2     Right to Release. Without affecting the liability of any other person for the payment of any indebtedness herein mentioned (including Trustor should it convey said Mortgaged Property) and without affecting the lien or priority hereof upon any property not released, Beneficiary may, without notice, release any person so liable, extend the maturity or modify the terms of any such obligation, or grant other indulgences, release or reconvey or cause to be released or reconveyed at any time all or any part of the Mortgaged Property, take or release any other security or make compositions or other arrangements with debtors. Beneficiary may also accept additional security, either concurrently herewith or hereafter, and sell same or otherwise realize thereon either before, concurrently with, or after sale hereunder.

5.3     Protection of Security. Should Trustor fail to make any payment or to perform any covenant as herein provided, Beneficiary (but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof) may: (i) make or do the same in such manner and to such extent as Beneficiary may deem necessary to protect the security hereof, Beneficiary being authorized to enter upon the Mortgaged Property for such purposes; (ii) commence, appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary; and/or (iii) pay, purchase, contest, or compromise any encumbrance, charge or lien which in the judgment of Beneficiary is prior or superior hereto and, in exercising any such power, incur any liability and expend whatever amounts in its absolute discretion it may deem necessary therefor, including cost of evidence of title and reasonable attorneys' fee. Any expenditures in connection herewith shall be deemed an Advance and shall constitute part of the indebtedness secured by this Deed of Trust

5.4     Rules of Construction. When the identity of the parties hereto or other circumstances make it appropriate, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural. The headings of each article, section or paragraph are for information and convenience only and do not limit or construe the contents of any provision hereof.

5.5     Severability. If any term of this Deed of Trust or the application thereof to any person or circumstances, shall, to any extent, be invalid or unenforceable, the remainder of this Deed of Trust, or the application of such term to persons or circumstances other than those as to which it is invalid or unenforceable, shall not be affected thereby, and each term of this Deed of Trust shall be valid and enforceable to the fullest extent.

5.6     Successors in Interest. This Deed of Trust applies to, inures to the benefit of, and is binding not only on the parties hereto, but on their heirs, executors, administrators, successors and assigns All obligations of Trustor hereunder are joint and several. The term "Beneficiary" shall mean the holder and owner, including pledges, of the Note secured hereby, whether or not named as Beneficiary herein and any owner or holder of the beneficial interest under this Deed of Trust.

5.7     Governing Law; Jurisdiction; Waiver of Jury Trial.

(a)     This Deed of Trust shall be construed according to and governed by the laws of the State of Nevada excepting the provisions in Articles 3.6, 3.7 and 3.8 governing the remedy of foreclosure, which shall be governed by the laws of the State of California

19

05 2251101

9/19/05

(b) BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, (i) SUBMITS TO PERSONAL JURISDICTION IN THE STATE OF NEVADA OVER ANY SUIT, ACTION OR PROCEEDING BY ANY PERSON ARISING FROM OR RELATING TO THE NOTE, THIS INSTRUMENT OR ANY OTHER OF THE LOAN DOCUMENTS, (ii) AGREES THAT ANY SUCH ACTION, SUIT OR PROCEEDING MAY BE BROUGHT IN ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION SITTING IN CLARK COUNTY, NEVADA, (iii) SUBMITS TO THE JURISDICTION OF SUCH COURTS, AND, (iv) TO THE FULLEST EXTENT PERMITTED BY LAW, AGREES THAT IT WILL NOT BRING ANY ACTION, SUIT OR PROCEEDING IN ANY FORUM OTHER THAN CLARK COUNTY, NEVADA (BUT NOTHING HEREIN SHALL AFFECT THE RIGHT OF LENDER TO BRING ANY ACTION, SUIT OR PROCEEDING IN ANY OTHER FORUM). BORROWER FURTHER CONSENTS AND AGREES TO SERVICE OF ANY SUMMONS, COMPLAINT OR OTHER LEGAL PROCESS IN ANY SUCH SUIT, ACTION OR PROCEEDING BY REGISTERED OR CERTIFIED U.S. MAIL, POSTAGE PREPAID, TO THE BORROWER AT THE ADDRESS FOR NOTICES DESCRIBED IN SECTION 5.12 HEREOF, AND CONSENTS AND AGREES THAT SUCH SERVICE SHALL CONSTITUTE IN EVERY RESPECT VALID AND EFFECTIVE SERVICE (BUT NOTHING HEREIN SHALL AFFECT THE VALIDITY OR EFFECTIVENESS OF PROCESS SERVED IN ANY OTHER MANNER PERMITTED BY LAW).

(c) BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, WAIVES, RELINQUISHES AND FOREVER FORGOES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATING TO THE INDEBTEDNESS SECURED HEREBY OR ANY CONDUCT, ACT OR OMISSION OF LENDER, TRUSTEE OR BORROWER, OR ANY OF THEIR DIRECTORS, OFFICERS, PARTNERS, MEMBERS, EMPLOYEES, AGENTS OR ATTORNEYS, OR ANY OTHER PERSONS AFFILIATED WITH LENDER, TRUSTEE OR BORROWER, IN EACH OF THE FOREGOING CASES, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.

5.8     Modifications. This Deed of Trust may not be amended, modified or changed nor shall any waiver of any provision hereof be effective, except only by an instrument in writing and signed by the party against whom enforcement of any waiver, amendment, change, modification or discharge is sought.

5.9     No Merger. If both the Lessor's and Lessee's estates under any lease or any portion thereof which constitutes a part of the Mortgaged Property shall at any time become vested in one owner, this Deed of Trust and the lien created hereby shall not be destroyed or terminated by application of the doctrine of merger, and, in such event, Beneficiary shall continue to have and enjoy all of the rights and privileges of Beneficiary as to the separate estates. In addition, upon the foreclosure of the lien created by this Deed of Trust on the Mortgaged Property pursuant to the provisions hereof, any leases or subleases then existing shall not be destroyed or terminated by

20

05 2251101

9/19/05

application of the law of merger or as a matter of law or as a result of such foreclosure unless Beneficiary or any purchaser at any such foreclosure sale shall so elect. No act by or on behalf of Beneficiary or any such purchaser shall constitute a termination of any lease or sublease unless Beneficiary or such purchaser shall have given written notice thereof to such tenant or subtenant.

5.10  Attorneys' Fees. If Beneficiary reasonably incurs any costs or expenses, including attorneys' fees, for any of the following relating to this Deed of Trust (or any other instrument evidencing or securing this loan): (a) the interpretation, performance or enforcement thereof; (b) the enforcement of any statute, regulation or judicial decision; (c) any collection effort; or (d) any suit or action for the interpretation, performance or enforcement thereof is commenced or defended, or, if any other judicial or nonjudicial proceeding is instituted by Beneficiary or any other person, and an attorney is employed by Beneficiary to appear in any such action or proceeding, or to reclaim, seek relief from a judicial or statutory stay, sequester, protect, preserve or enforce Beneficiary's interest in this Deed of Trust or any other security for the Note, including but not limited to proceedings under federal bankruptcy law, in eminent domain, under the probate code, or in connection with any state or federal tax lien, then Trustor agrees to pay the reasonable attorneys' fees and costs thereof. Such fees and costs shall be added to the principal of the Note and shall bear interest at the Default Rate   The foregoing notwithstanding, in any action commenced by Trustor or Beneficiary against the other to enforce the provisions of this Deed of Trust or any other instrument evidencing or securing this loan, the prevailing party of such action shall be entitled to recover its reasonable attorneys' fees (as set forth above) from the non-prevailing party and the non-prevailing party shall not be entitled to recover its attorneys' fees.

5.11  Conflict. If the term of any other Loan Document, except the Note, shall be in conflict with this Deed of Trust, then this Deed of Trust shall govern to the extent of the conflict. If the term of this Deed of Trust shall be in conflict with the Note, the Note will then govern to the extent of the conflict.

5.12  Notices. All notices to be given pursuant to this Deed of Trust shall be sufficient if given by personal service, by guaranteed overnight delivery service, by telex, telecopy or telegram or by being mailed postage prepaid, certified or registered mail, return receipt requested, to the described addresses of the parties hereto as set forth below, or to such other address as a party may request in writing. Any time period provided in the giving of any notice hereunder shall commence upon the date of personal service, the date after delivery to the guaranteed overnight delivery service, the date of sending the telex, telecopy or telegram or two (2) days after mailing certified or registered mail.

TRUSTOR'S ADDRESS:      MS Acquisition Company, LLC
                        c/o Marlton Square Associates, LLC
                        3055 Wilshire Boulevard, Suite 1120
                        Los Angeles, California 90010
                        Attn. Christopher Hammond

21

05 2251101

9/19/05

24

with a copy to:           Lefeba J. Gougis, Jr.
                          Attorney at Law
                          3055 Wilshire Boulevard, Suite 1120A
                          Los Angeles, California 90010

                          and

                          Lee Marlton, LLC
                          310 Washington Boulevard, Suite P214
                          Marina Del Ray, California 90292
                          Attn. Jeff Lee

**BENEFICIARY'S ADDRESS:**    c/o USA Commercial Mortgage Company
                              4484 South Pecos Road
                              Las Vegas, Nevada 89121
                              Attn. Joseph D. Milanowski

    5.13    Request for Notice of Default. Trustor requests that a true and correct copy of any notice of default and any notice of sale be sent to Trustor at the address set forth in Section 5.12 hereof.

    5.14    Late Charges. As set forth and defined in the Note, there shall be due to Beneficiary a Late Charge of five percent (5%) of the amount of any payment which is received by Beneficiary so as to incur a Late Charge, and all such Late Charges are secured hereby.

    5.15    Statutory Covenants. Where not inconsistent with the above, the following covenants, Nos. 1; 2 (full replacement value); 3; 4 (twenty percent [20%] per annum); 5; 6; 7 (a reasonable percentage); 8 and 9 of NRS 107.030 are hereby adopted and made a part of this Deed of Trust.

    5.16    Non-Assumption. Notice is hereby given that Trustor's obligations under this Deed of Trust may not be assumed except as permitted by Section 1.11 hereof. Unless otherwise provided herein, any transfer of Trustor's interest in the Mortgaged Property or any attempted assumption of Trustor's obligations under the Deed of Trust not so approved shall constitute a default hereunder and shall permit Beneficiary to accelerate the Maturity Date of the Note. Reference to applicable sections of the Loan Documents must be made for the full text of such provisions.

    5.17    Review of Covenants, Conditions and Restrictions. No covenant, condition or restriction or any rule or regulation or any other document or agreement, however, denominated, which shall purport to apply to the ownership, operation, maintenance or governance of the Mortgaged Property or any part thereof, nor any article of incorporation bylaw or any other document or agreement, however denominated, which shall purport to establish an organization for the operation, maintenance of governance of the Mortgaged Property or any part thereof, shall be approved, executed and/or recorded without the express prior written consent of Beneficiary.

    5.18    Loan Agreement. Performance of Trustor's obligations under that certain Loan

05 2251101

9/19/05

Agreement of even date herewith by and between Trustor and Beneficiary are secured by this Deed of Trust, and a default thereunder shall constitute an Event of Default under this Deed of Trust.

5.19  Partial Releases of Lots and Units. So long as at the time a release payment in (i) - (iii) below is tendered no monetary Event of Default arising from the failure to pay interest due under the Note has occurred in an amount greater than $1,300,750, Beneficiary shall release portions of the Real Property from the lien of this Deed of Trust upon payment by or on behalf of Trustor to Beneficiary of the following amounts::

(i)  for release of the Retail Parcel (as defined in Section 2.2 of the Loan Agreement), $6,000,000;

(ii)  for release of lots in the Single Family Parcel (as defined in Section 2.2 of the Loan Agreement) $108,425 per lot, or a single payment of $15,179,500; and

(iii)  for release of a unit in the Condominium Parcel, $67,475 per unit, or a single payment of $10,121,250.

In addition to the payments described in (i)-(iii) above, Trustor shall pay all costs and expenses in connection with the releases, and shall pay to USA the Exit Fee of 1% of the release price paid, up to a total of $300,000.

Trustor shall also provide to Beneficiary a form CLTA 111 endorsement to its lender's policy of title insurance, and if requested by Beneficiary, an endorsement insuring that the partial reconveyance does not constitute a violation of the California Subdivision Map Act, all at the cost and expense of Trustor.

For the release of the last Lot remaining subject to the lien of this Deed of Trust, the total amount of the indebtedness secured hereby shall be reduced to zero, and all obligations secured hereby shall be performed in full.

IN WITNESS WHEREOF, the undersigned have caused this instrument to be signed as of the date first above written.

TRUSTOR:    MS Acquisition Company, LLC
By: Marlton Square Associates, LLC, Managing Member
By: Capital Vision Equities, LLC, its Managing Member

By: _____
Christopher Hammond, Managing Member

(Notary acknowledgment follows)

23

05 2251101

9/19/05

2<sup>w</sup>

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of Los Angeles } ss.

On September 14, 2005 before me, NKO Justin, Notary Public,
          Date                                     Name and Title of Officer (e.g. "Jane Doe. Notary Public")

personally appeared Christopher Hammond,
                                    Name(s) of Signer(s)

☐ personally known to me
☒ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

[Notary seal: NKO JUSTIN, Commission # 1449691, Notary Public - California, Los Angeles County, My Comm. Expires Dec 5, 2007]

WITNESS my hand and official seal

_____
Signature of Notary Public

——————————— OPTIONAL ———————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

### Description of Attached Document

Title or Type of Document: _____

Document Date: _____  Number of Pages: _____

Signer(s) Other Than Named Above: _____

### Capacity(ies) Claimed by Signer

Signer's Name: _____

☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

| RIGHT THUMBPRINT OF SIGNER |
| --- |
| Top of thumb here |

© 1999 National Notary Association • 9350 De Soto Ave. P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org    Prod. No. 5907    Reorder: Call Toll-Free 1-800-876-6827

05  2251101

9/19/05

## EXHIBIT "A"

## BENEFICIARY

| | NAME | AMOUNT |
|---|---|---|
| 1. | Robert L. Allgeier & Donna L. Allgeier Trustees of the R. L. Allgeier Family Trust dated 10/4/97 | $50,000 |
| 2. | Karen R. Allison | $50,000 |
| 3. | Charles B. Anderson Trustee of the Charles B. Anderson Trust | $100,000 |
| 4. | Lynda Gay Anderson, Trustee of the Lynda Gay Anderson Trust dated 7/7/04 | $50,000 |
| 5. | Rita P. Anderson Trustee For the Benefit of Rita P. Anderson Trust | $100,000 |
| 6. | Albert Daniel Andrade, a married man dealing with his sole and separate property | $50,000 |
| 7. | Lowell V. Andrews, an unmarried man | $50,000 |
| 8. | Larry Apigian & Leona Apigian, husband & wife, as joint tenants with right of survivorship | $75,000 |
| 9. | Joan M. Arends Trustee of the Arends Family Trust | $50,000 |
| 10. | Sigfried Baker transfer on death to Annee Nounna | $50,000 |
| 11. | First Savings Bank Custodian For John Bauer IRA | $100,000 |
| 12. | Harriet Bender Trustee of the Bender Family Trust dtd 7/30/92 Survivors Trust | $50,000 |
| 13. | Philip Benjamin and Maureen Benjamin, husband and wife, as joint tenants with the right of survivorship | $50,000 |
| 14. | RBR Partnership | $50,000 |
| 15. | Robert Bennett & Michele Bennett, Husband and wife as joint tenants with right of survivorship | $60,000 |
| 16. | John A. & April D. Blevins, husband & wife as joint tenants with right of survivorship | $100,000 |
| 17. | Paul Bloch Trustee of the Paul Bloch Living Trust UA 10/29/02 | $250,000 |
| 18. | Patricia Boschetto, an unmarried woman | $50,000 |
| 19. | Robert Eric Brandin and Evelyn Mary Brandin, Trustees of The Brandin Family Trust dated December 1980 as updated. | $50,000 |
| 20. | Suzanne Brehmer, a single woman | $50,000 |
| 21 | Patricia M. Briggs Trustee of the John McGarry and Maxine McGarry 1990 Trust dated August 17, 1990 and amended August 1, 1999 | $50,000 |
| 22 | John S. Broders, an unmarried man | $50,000 |
| 23. | Howard D. Brooks & Doreen C. Brooks Trustees of the Brooks Living Trust dated 6/30/97 | $50,000 |
| 24. | First Savings Bank Custodian For John W. Brouwers MD SEP IRA | $100,000 |
| 25. | John P. Brouwers Trustee of the Brouwers Family Trust dated 1/11/1995 | $50,000 |
| 26 | JWB Investments, Inc. Pension Plan | $100,000 |

25

05 2251101

9/19/05

| # | Name | Amount |
|---|------|--------|
| 27. | Zoe Brown Trustee of the Zoe Brown 1989 Family Trust | $50,000 |
| 28. | Fertitta Enterprises, Inc. | $3,000,000 |
| 29. | J. Laurel Bushman Trustee of the Grant M. & J. Laurel Bushman Family Trust | $75,000 |
| 30. | Keith J. Cale Trustee of the Cale Family Trust dated 11/16/88 | $100,000 |
| 31. | Peter W. Capone & Deidre D. Capone, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 32. | James Cardwell & Reba Cardwell Trustees of the Cardwell Family Trust | $100,000 |
| 33. | Roland Chavez, Administrator of the Roland Chavez & Assoc., Inc. Defined Benefit Pension Plan | $50,000 |
| 34. | Teresa Conger, an unmarried woman | $75,000 |
| 35 | James A. Coy & Margaret G. Coy Trustees of the James A. Coy & Margaret G. Coy Revocable Trust dated 9/27/00 | $50,000 |
| 36. | Shirley Cupp-Doe & Charles A. Jensen Co-Trustees for the Ronald G. Doe Marital Trust DTD 1-6-95 | $300,000 |
| 37. | Wen Dai & Zhimin Chen, husband & wife as joint tenants with the right of survivorship | $50,000 |
| 38. | Andrew Dauscher & Ellen Dauscher, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 39. | Ellen Dauscher in trust for Carleigh Joy, Alexandra Zoe and Julian Grace Dauscher | $100,000 |
| 40. | Martin A. Davis & Virginia Lee Davis Trustees of the Davis Family 2000 Trust | $100,000 |
| 41. | Angela Jane Deglandon, an unmarried woman | $50,000 |
| 42. | DeHart/Hooks, L.P., a Nevada limited partnership | $50,000 |
| 43. | First Savings Bank Custodian For Gary DeMaine IRA | $50,000 |
| 44. | Marion B. Dittman, an unmarried woman | $50,000 |
| 45. | David B. Doutt Sr. and Johnine M. Doutt, husband and wife as joint tenants with the right of survivorship | $50,000 |
| 46. | Dennis Duesing & Cherie Duesing Trustees of the Duesing 1994 Trust | $100,000 |
| 47. | Mark L. Eames & Sandy K. Eames, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 48. | Mary H. Earp, a married woman dealing with her sole & separate property | $50,000 |
| 49. | Maurice Fink Trustee of the Maurice Fink Trust | * $250,000 |
| 50. | Ronald G. Finkel & Karen B. Finkel, husband & wife, as joint tenants with right of survivorship | $75,000 |
| 51 | Fred J. Foxcroft & Roberta Foxcroft Trustees of the Foxcroft Living Trust dated 1/10/02 | $75,000 |
| 52. | Eric B. Freedus and Linda P. Freedus, husband and wife, as joint tenants with the right of survivorship | $50,000 |
| 53. | What's On LP, a Nevada limited partnership | $100,000 |
| 54. | First Savings Bank Custodian For James D. Gillmore IRA | $50,000 |
| 55. | M. W. Gorts & Company | $100,000 |

26

05 2251101

9/19/05

29

| | | |
|---|---|---|
| 56. | Nelson R. Greene & Eunice A. Greene Trustees of the Greene Family Trust dated 4/25/91 | $100,000 |
| 57. | Dixie Gross Trustee of the Dixie B. Gross Revocable Trust | $100,000 |
| 58. | Charles T. Hamm and Sandra L. Hamm, Trustees of the Hamm Trust dated 3/17/05 | $50,000 |
| 59. | Dwight W. Harouff & Maryann Harouff, joint tenants with right of survivorship | $125,000 |
| 60. | Gold Plated LLC, Dwight W. Harouff, Manager | $110,000 |
| 61. | Third Party Nevada Services | $250,000 |
| 62. | Suze Harrington, an unmarried woman | $100,000 |
| 63. | Raymond E. Harshman & Margaret E. Harshman Trustees of the Raymond E. & Margaret Elise Harshman Family Trust dated 3/4/87 | $100,000 |
| 64. | Roderick J. Harvey, Sr. and Pauline W. Harvey, Trustees of the Harvey Family Trust, dated 4/13/87 | $50,000 |
| 65. | Nancy K. Haugarth Trustee of the Nancy K. Haugarth Revocable Trust | $65,000 |
| 66. | David R Hays and Sue Hays, Trustees of the Hays Revocable Trust | $100,000 |
| 67. | Terry Helms Trustee of the Terry Helms Living Trust dated 11/11/94 | $1,000,000 |
| 68 | Virgil P. Hennen & Judith J. Hennen, husband and wife as joint tenants with the right of survivorship | $50,000 |
| 69. | Robert W. Hill, a married man, dealing with his sole & separate property | $100,000 |
| 70. | Gail Hodes Trustee of the Gail Hodes Living Trust dated 9/10/03 | $50,000 |
| 71. | John A. Hoglund & Patricia O. Hoglund, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 72. | Nienke Hohmann, an unmarried woman | $50,000 |
| 73. | Homfeld II, LLC, a Florida limited liability company | $100,000 |
| 74. | Terence C. Honikman & Jane I Honikman, Trustees of the Honikman 1992 Trust dated 12/28/92 | $100,000 |
| 75. | Mila Horak, an unmarried woman | $50,000 |
| 76. | First Savings Bank Custodian For George W. Hubbard Roth IRA | $100,000 |
| 77. | Edwin Isenberg, a married man dealing with his sole and separate property | $50,000 |
| 78. | Evelyn A. Ives Trustee of the Melvin J. Ives & Evelyn A. Ives Bypass Trust dated 1/6/93 | $75,000 |
| 79 | Jon Paul Jensen & Tamara Lee Jensen, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 80 | Delbert T. Johnston, Jr. & Rebecca J. Johnston Trustees of the Johnston Estate Revocable Trust dated 5/17/94 | $50,000 |
| 81. | K. Ken Kaneda & Brigitte Arend-Kaneda Trustees of the Kaneda Living Trust dated 5/30/02 | $50,000 |
| 82 | Dr. Gary Kantor, a married man dealing with his sole and separate property | $500,000 |
| 83. | Gary L. Kantor Trustee for the benefit of Kantor Nephrology Consultants Ltd./Renal Dialysis Center of LV, Ltd. Employee Pension Plan | $500,000 |

27

05 2251101

9/19/05

30

| | | |
|---|---|---|
| 84. | Dr. Dana D. Keith, DDS a married man dealing with his sole and separate property | $250,000 |
| 85. | Jerry Kirk and Luci Kirk, Trustees of the Kirk Revocable Trust dated 2/10/84 | $90,000 |
| 86. | Freedom Properties, Inc. | $50,000 |
| 87 | Bernard A. Kloenne Trustee of the Bernard Kloenne Living Trust dated 10/10/86 | $50,000 |
| 88. | Klaus Kopf & Colette Kopf, husband & wife | $50,000 |
| 89. | David Kravitz & Mable R. Kravitz Trustees of the Kravitz Family Revocable Trust under agreement dated 12/9/99 | $50,000 |
| 90. | Richard N. Krupp a married man dealing with his sole & separate property | $250,000 |
| 91. | First Savings Bank Custodian For Harriet Kutzman IRA | $50,000 |
| 92. | Donald H. Kwiatkowski & Sandra L. Kwiatkowski, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 93. | Jor Law, a single man | $50,000 |
| 94. | Stephen R. Lima and Paulette C. Lima, husband and wife, as joint tenants with the right of survivorship | $100,000 |
| 95. | Portal Venture, LLC, a California limited liability company | $100,000 |
| 96. | Leona Lubliner Trustee of the Leona Lubliner Living Trust U/A dated 7/16/96 | $50,000 |
| 97 | Erin E. MacDonald Trustee of the Erin E. MacDonald Revocable Living Trust | $100,000 |
| 98. | MacDonald Center for the Arts and Humanities | $525,000 |
| 99. | Lynn M. Kantor, a married woman dealing with her sole and separate property | $65,000 |
| 100. | Helen C. Makepeace Trustee of the Helen C. Makepeace Survivor's Trust UAD 06/18/97 | $50,000 |
| 101. | Leo G. Mantas, an unmarried man | $150,000 |
| 102. | Jerome Marshall & Rochelle Marshall, husband & wife, as Tenants in Common | $50,000 |
| 103. | Richard P. Marson & Mary I. Marson Trustees of the Marson Family Trust dated 6/9/86 | $50,000 |
| 104. | Jerrold T. Martin, a single man & James T. Martin, a married man dealing with his sole & separate property, as joint tenant with right of survivorship | $50,000 |
| 105. | Morris Massry, a married man dealing with his sole & separate property | $100,000 |
| 106. | Yukiyo Matsumura and Machi Liu, mother and daughter as joint tenants with the right of survivorship | $50,000 |
| 107 | Dale J. McMullan Trustee of the McMullan Living Trust dated 8/19/94 | $50,000 |
| 108. | Joann L. McQuerry Trustee of the McQuerry Family Partnership | $50,000 |
| 109. | D. Nathan Meehan, a married man dealing with his sole & separate property | $50,000 |
| 110. | Shahnaz I. Memon and Mohammed I. Memon, husband and wife, as joint tenants with right of survivorship | $50,000 |

28

05 2251101

9/19/05

3\

| | | |
|---|---|---|
| 111. | D. G. Menchetti, an unmarried man | $250,000 |
| 112. | R. G Messersmith & Deaun Messersmith, as joint tenants with right of survivorship | $50,000 |
| 113. | Gary I. Miller & Barbara L. Miller Trustees of the Gary I. & Barbara L. Miller Trust dated 08/13/87 | $50,000 |
| 114. | Mae Mineo Trustee of the Mae Mineo Trust dated 3/23/00 | $50,000 |
| 115. | Matthew Molitch Trustee of the Molitch 1997 Trust | $300,000 |
| 116 | Anne Marie Mueller Trustee of the Anne Marie Mueller Trust | $100,000 |
| 117. | NBNA Unique Properties, LLC, an Washington State limited liability company | $100,000 |
| 118. | Troy A. Nearpass and Brenda L. Nearpass, husband and wife, as joint tenants with the right of survivorship | $50,000 |
| 119. | Oakwood Financial, LLC | $50,000 |
| 120. | First Savings Bank Custodian For Marvin Nicola, IRA | $50,000 |
| 121. | Douglas O'Herron & Nancy O'Herron Trustees of the Douglas & Nancy O'Herron Revocable Trust dated 4/2/02 | $150,000 |
| 122 | Robert L. Ogren Trustee for the benefit of the Robert L. Ogren Trust dated 6/30/92 | $50,000 |
| 123. | John F. Okita & Michiko M Yamamoto, as joint tenants with right of survivorship | $50,000 |
| 124. | Aaron I. Osherow, Trustee of the Osherow Trust dated 9/11/89 | $50,000 |
| 125. | Paul Oster, an unmarried man | $50,000 |
| 126. | Sierra Health Services, Inc., a Nevada corporation | $1,000,000 |
| 127. | Anthony Pasqualotto & Alicia Pasqualotto Trustees of the Anthony Pasqualotto & Alicia Pasqualotto 1997 Trust | $150,000 |
| 128. | Robert L. Pech & Judith G. Pech Trustees of the Robert L. Pech & Judith G. Pech Family Trust dated 9/5/96 | $100,000 |
| 129. | DCGT FBO Claude M. Penchina Roth IRA, Account #13909452 | $50,000 |
| 130. | Shimon Peress & Hannah Peress Trustees of the Shimon Peress & Hannah K. Peress Trust dated 4/17/01 | $50,000 |
| 131. | Karen Petersen Tyndall Trustee of the Karen Petersen Tyndall Trust dated 3/9/94 | $150,000 |
| 132. | First Savings Bank Custodian For Cesari Piazza IRA | $85,000 |
| 133 | Holly J. Pickerel, a single woman | $100,000 |
| 134 | Ali Pirani and Anisha Pirani, husband and wife, as joint tenants with the right of survivorship | $50,000 |
| 135 | Arthur Polacheck and Glorianne Polacheck, Husband and wife as joint tenants with right of survivorship | $1,000,000 |
| 136 | Sheldon Portman & Marion G. Portman Trustees of the Sheldon & Marion G. Portman Trust dated 11/01/85 | $200,000 |
| 137. | Portnoff Building | $75,000 |
| 138. | Rains Properties, LP, a Nevada limited partnership | $350,000 |
| 139. | William S. Reeves, a married man | $50,000 |
| 140. | Annemarie Rehberger, Trustee of the Rehberger Family Trust dated 6/17/92 | $50,000 |

29

05 2251101