# UNCONDITIONAL REPAYMENT
# AND COMPLETION GUARANTY

Pursuant to a promissory note ("Note") dated August 11, 2005, MS Acquisition Company, LLC, a California limited liability company ("Borrower"), is indebted to those persons listed on **Exhibit "A"** attached hereto ("Lender") in the principal amount of up to Thirty Million Dollars ($30,000,000). The loan evidenced by the Note is referred to herein as the "Loan." The Note is secured by a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing (the "Deed of Trust"), covering the real property ("Real Property") owned by the Borrower, located in Los Angeles County, California (which Real Property is more particularly described in the Deed of Trust), and the improvements existing thereon (which improvements along with the Real Property shall be referred to herein as the "Property"). The Note, Deed of Trust and this Guaranty are executed pursuant to that certain Loan Agreement of even date herewith between Lender and Borrower (the "Loan Agreement"). For purposes hereof, the term "Loan Documents" means and refers to the Loan Agreement, the Note, the Deed of Trust and those other documents described in the Loan Agreement as Loan Documents. Capitalized terms used herein and not otherwise defined herein are used with the meanings set forth in the Loan Agreement, as amended.

The undersigned (collectively, the "Guarantor"), as an affiliate of Borrower, expect to derive substantial benefits from the making of the Loan and, to induce Lender to make the Loan pursuant to the terms of the Loan Agreement, Guarantor finds it in its best interests to execute and deliver this Guaranty to guarantee full performance of all of the terms and provisions of the Loan Agreement relating to Borrower's obligations to (i) repay all sums due under the Note and Deed of Trust, and (ii) conduct the required remediation and demolition the Property, pursuant to the terms of this Guaranty.

In further consideration of the Loan and for other good and valuable consideration, the sufficiency of which hereby is acknowledged, Guarantor jointly and severally agrees, for the benefit of Lender, as follows:

Section 1. Terms of Guaranty.

(a) Repayment. Guarantor absolutely and unconditionally guarantees and promises to pay to Lender, on demand, in lawful money of the United States of America all Indebtedness (as defined below) of Borrower to Lender under and/or arising out of and/or related to the Loan pursuant to the Loan Documents. "Indebtedness" is used herein in its most comprehensive sense and includes all debts, obligations and liabilities of Borrower or any one or more of them to Lender currently existing or now or hereafter made, incurred or created, whether voluntary or involuntary and however arising or evidenced, whether direct or acquired by assignment or succession, whether due or not due, absolute or contingent, liquidated or unliquidated, determined or undetermined, whether now known or unknown, material or immaterial, and whether Borrower may be liable individually or jointly with others, or whether recovery upon such debt may be or become barred by any statute of limitation or otherwise unenforceable. "Indebtedness"

1

includes, without limitation, (i) the payment obligations under the Note and/or the Deed of Trust, (ii) the indemnity obligations under the Loan Documents (which guaranty shall survive concurrently with such indemnity obligations); (iii) upon the failure of the Borrower timely to pay or perform any of the obligations under the Loan Documents, the payment of all reasonable costs and expenses incurred by Lender in paying or performing such obligations (but Lender shall not be required to pay or perform such obligations); and (iv) all actual costs, reasonable attorneys' fees, and expenses that may be incurred by Lender by reason of an event of default by Borrower, including reasonable fees and expenses in any appellate or bankruptcy proceedings, and regardless of whether denied by a court, in whole or in part, in any such action. This is a guaranty of payment and performance, not a guaranty of collection.

(b) <u>Performance</u>. Guarantor hereby guarantees the performance by Borrower of all of the terms and provisions of the Loan Agreement including, without limitation, those relating to Borrower's obligations with respect to the construction of the Improvements. Without limiting the generality of the foregoing, Guarantors guarantee that: (i) demolition of the existing Improvements shall commence and be completed within the time limits set forth in the Loan Agreement; (ii) the demolition shall be completed in accordance with the demolition plan in the agreement with Contractor and the other provisions of the Loan Agreement; (iii) the Improvements shall be demolished free and clear of any mechanic's liens, materialman's liens and equitable liens (as provided in subsection (c), below); (iv) all costs of demolishing the Improvements shall be paid in full when due; and (v) the Loan proceeds shall remain available for disbursement free and clear of any stop notices.

(c) <u>Lien Free Completion</u>. Completion of demolition of the Improvements free and clear of liens shall be deemed to have occurred upon: (i) Lender's receipt of (A) a written statement or certificate executed by the Contractor certifying, without qualification or exception, that the Improvements are fully demolished and (B) the expiration of the statutory period(s) within which valid mechanic's liens, materialman's liens and/or stop notices may be recorded and/or served by reason of the demolition of the Improvements, or, alternatively, Lender's receipt of valid, unconditional releases (in form and substance acceptable to Lender) thereof from all persons entitled to record such liens or serve such stop notices; or (ii) Lender's receipt of such other evidence of lien free completion as Lender deems satisfactory in its sole and absolute discretion.

(d) <u>Obligations of Guarantor Upon Default by Borrower</u>. If the demolition of the Improvements is not commenced and completed in the manner and within the time required by the Loan Agreement, or if, prior to the expiration of the time limits for such completion set forth in the Loan Agreement, demolition of the Improvements should cease or be halted prior to completion and such cessation or halt constitutes an Event of Default (as defined in the Loan Agreement), Guarantor shall, promptly upon demand by Lender: (i) diligently proceed to complete the demolition of the Improvements at Guarantor's sole cost and expense; (ii) fully pay and discharge all claims for labor performed and material and services furnished in connection with the demolition of the Improvements whether before or after Guarantor commences performance hereunder; (iii) release and discharge all claims of stop notices, mechanic's liens, materialman's liens and equitable liens that may arise in connection with the demolition of the Improvements whether the same arise before or after Guarantor commences performance hereunder; and (iv) pay to Lender the amount of any

2

loss or damage incurred by Lender as a result of any delay in the demolition of the Improvements beyond the time specified in the Loan Agreement for such completion of the demolition, which amount shall include, but not be limited to, interest on the principal amount outstanding under the Loan for any period of such delay which precedes the transfer of title to the Property to Lender. Without in any way limiting the foregoing obligations of Guarantors, Lender shall make the undisbursed Loan funds available to Guarantor (pursuant to the terms and conditions of the Loan Documents) for the purposes of demolishing the Improvements and fulfilling Guarantor's other obligations under the Guaranty; provided, however, that the obligation of Lender to make such undisbursed Loan funds available to Guarantor is expressly conditioned upon there being no continuing Event of Default by any Guarantor under this Guaranty.

(e) The obligations, covenants, agreement and duties of Guarantor under this Guaranty shall in no way be affected or impaired by reason of the happening from time to time of any of the following with respect to the Note or the Deed of Trust or this Guaranty (all being collectively referred to herein as the "Instruments"), although without notice to or the further consent of Guarantor thereto:

(i) The waiver by Lender of the performance or observance by Borrower of any agreement, covenant, term or condition to be performed or observed by it, including those set forth in the Loan Documents;

(ii) The extension of the time for the payment of any sums owing or payable under the Instruments or the time for the performance of any other obligation under or arising out of or on account of the Instruments;

(iii) The supplementing, modification, extension or amendment (whether material or otherwise) of any of the Instruments or any of the obligations of the Borrower set forth in the Instruments;

(iv) Any failure, omission, delay or lack on the part of the Lender or any other person to enforce, assert or exercise any right, power or remedy conferred on such person in any of the Instruments or any action on such person's part granting indulgence or extension in any form;

(v) The release of any security under the Deed of Trust or the release, modification, waiver or failure to enforce any other guaranty, pledge indemnity or security device whatsoever;

(vi) The voluntary or involuntary liquidation, dissolution, sale of any or substantially all of the property described in the Deed of Trust by private power of sale or otherwise, marshalling of assets and liabilities, receivership, insolvency, bankruptcy, assignment for the benefit of creditors, reorganization, arrangement, composition or readjustment of, or other similar proceeding affecting the Borrower or any of its assets;

(vii) The release of the Borrower or any other guarantor from performance or observance of any of the agreements, covenants, terms or conditions contained in the Instruments

3

by operation of law;

    (viii) Lender's acceptance and/or enforcement of, or failure to enforce, any other guaranties;

    (ix) Lender's exercise of any other rights available to it under the Loan Documents;

    (x) Lender's consent to the change, reorganization or termination of the corporate structure or existence of Borrower and to any corresponding restructuring of the obligations guaranteed hereby (the "Guaranteed Obligations");

    (xi) any failure to perfect or continue perfection of a security interest in any collateral that secures the Guarantied Obligations;

    (xii) any defenses, setoffs or counterclaims that Borrower may allege or assert against Lender with respect to the Guarantied Obligations including, without limitation, failure of consideration, breach of warranty, statute of frauds, statute of limitations and partial accord and satisfaction; and

    (xiii) any other act or thing or omission, or delay to do any other act or thing that might in any manner or to any extent vary the risk of Guarantors as obligors with respect to the Guarantied Obligations.

    (f) Guarantor's obligations hereunder shall be joint and several between themselves, and joint and several and independent of those of Borrower or of any other guarantor of Borrower's obligations under the Note and Deed of Trust.

    (g) Guarantor's liability under this Guaranty shall continue until all sums due under the Note have been paid in full and until all obligations to Lender under the Instruments have been satisfied.

    (h) The liability of Guarantor under this Guaranty is a guarantee of payment and performance and not of collectability, and is not conditioned or contingent upon the genuineness, validity, regularity or enforceability of the Loan Documents or other instruments relating to the creation or performance of the obligations guaranteed hereby or the pursuit by Lender of any remedies which it now has or may hereafter have with respect thereto under the Loan Documents, at law, in equity or otherwise. Guarantor hereby agrees that Guarantor's liability may be larger in amount and more burdensome than that of Borrower. Guarantor's liability hereunder shall not be limited or affected in any way by any impairment or any diminution or loss of value of any security or collateral for the Loan, whether caused by hazardous substances, impaired soil characteristics or otherwise, Lender's failure to perfect a security interest in such security or collateral or any disability or other defense of Borrower or any other guarantor.

Section 2.  Covenants and Warranties.

(a) There is no action or proceeding pending or, to the knowledge of Guarantor, threatened against Guarantor before any court or administrative agency which might result in any material adverse change in the business or condition of Guarantor or in the property of Guarantor.

(b) Guarantor has filed, , or has an allowable extension to file, all Federal and State income tax returns which are required to be filed, and has paid all taxes shown on said returns and on all assessments received by him to the extent that such taxes have become due.

(c) Guarantor is not a party to any contract or agreement which materially and adversely affects his business, property or assets or financial condition. Neither the execution nor delivery of this Guaranty nor fulfillment of nor compliance with the terms and provisions hereof will conflict with, or result in a breach of the terms, conditions or provisions of, or constitute a default under or result in the creation of any lien, charge or encumbrance upon any property or assets of Guarantor under any other agreement or instrument to which Guarantor is now a party or by which Guarantor may be bound.

(d) If Guarantor is an individual, Guarantor represents and warrants to Lender that Guarantor has disclosed to Lender, in writing, any trusts to which Guarantor has transferred any of his assets (without receiving in return full fair market value therefor), and Guarantor further represents and warrants that it will not transfer any of its assets to a trust (without receiving in return full fair market value therefor), or make a gift (or gifts totaling) more than 5% of Guarantor's net worth, during the term of this Guaranty without Lender's prior written consent, which consent may be withheld in Lender's sole and absolute discretion. Guarantor also agrees that any personal or family trusts of which Guarantor is trustee shall be bound by this Guaranty, and that any such trusts shall be a co-guarantor of the Loan.

(e) Guarantor (and any party comprising the Guarantor) hereby represents and warrants that: (i) it has the full power and authority to execute, deliver and perform this Guaranty and any instrument or agreement required under this Guaranty, and to perform and observe the terms and provisions of this Guaranty; (ii) all action on its part necessary for the execution, delivery and performance of this Guaranty and any instrument or document required under this Guaranty has been duly taken; (iii) its agents and officers executing this Guaranty and any instrument or agreement required under this Guaranty are fully authorized to execute the same; (iv) this Guaranty constitutes the valid and binding agreement enforceable against Guarantors in accordance with its terms, subject to applicable bankruptcy statutes and equitable principles; (v) its obligations under this Guaranty do not conflict with its obligations under any other agreement; and (vi) neither the entry into nor the performance of, nor compliance with this Guaranty, or other documents executed concurrently herewith has resulted or will result in any violation of, or be in conflict with, or invalidate, cancel or make inoperative or interfere with, or result in the creation of any lien, encumbrance or any other charge upon its property pursuant to, or constitute a default under, any charter, bylaw, partnership agreement, trust agreement, mortgage, deed of trust, indenture, contract credit agreement, franchise, permit, judgment, decree, order, easement, restriction or other charge, right or interest applicable to Guarantors.

5

Section 3. <u>Rights of Lender</u>. Guarantor authorizes Lender, without giving notice to Guarantor or obtaining Guarantor's consent and without affecting the liability of Guarantors, from time to time, to: (a) approve modifications to the plans demolition of the Improvements so long as such modifications do not materially increase the cost of demolishing the Improvements nor materially increase the time necessary to demolish the Improvements; (b) change the terms or conditions of disbursement of the Loan so long as such changes do not materially interfere with Borrower's ability to demolish the Improvements as and when required under the Loan Agreement; (c) otherwise modify any of the Loan Documents, including, without limitation, making changes in their terms of repayment of the Loan or modifying, extending or renewing payment dates, releasing or subordinating security in whole or in part, changing the interest rate, or advancing additional funds in its discretion for purposes related to the purposes specified in the Loan Agreement; or (d) assign this Guaranty in whole or in part.

Section 4. <u>Guaranty Unconditional</u>. Guarantor agrees that its obligations under this Guaranty are irrevocable, absolute, independent and unconditional and shall not be affected by any circumstance which constitutes a legal, or equitable discharge of a guarantor or surety. In furtherance of the foregoing and without limiting the generality thereof, Guarantor agrees as follows:

(a) The liability of Guarantor under this Guaranty is not conditional or contingent upon the genuineness, validity, regularity or enforceability of the Loan Documents or the pursuit by Lender of any remedies which it now has or may hereafter have under the Loan Documents;

(b) The obligations of Guarantor under this Guaranty are independent of the obligations of Borrower under the Loan Documents and a separate action or actions may be brought and prosecuted against Guarantor (or any of them) whether or not any action is brought against Borrower or any other guarantors and whether or not Borrower is joined in any such action or actions. The obligations of Guarantor hereunder shall be in addition to and shall not limit or in any way affect the obligations of Guarantor under any existing or future guaranties unless said other guaranties are expressly modified or revoked in writing; and

(c) Guarantor's performance of a portion, but not all, of the Guarantied Obligations shall in no way limit, affect, modify or abridge Guarantor's liability for that portion of the Guarantied Obligations which remain outstanding. Without in any way limiting the generality of the foregoing, if Lender is awarded a judgment in any suit brought to enforce a portion of the Guarantied Obligations, such judgment shall not be deemed to release Guarantor from its covenant to perform that portion of the Guarantied Obligations which is not the subject of such suit.

Section 5. <u>Waivers</u>. Guarantor hereby waives, for the benefit of Lender:

(a) any right to require Lender, as a condition of payment or performance by Guarantor, to (i) proceed against Borrower, any other guarantor of the Guarantied Obligations or any other person, (ii) proceed against or exhaust any security held from Borrower, any other guarantor of the Guarantied Obligations or any other person, or (iii) pursue any other remedy whatsoever in the power of Lender;

6

(b) any defense arising by reason of the incapacity, lack of authority or any disability or other defense of Borrower including, without limitation, any defense by reason of the cessation of liability of Borrower under the Loan Documents for any reason or based on or arising out of lack of validity or enforceability of the Guarantied Obligations including, without limitation, the following defenses: (i) any defense arising out of any document or agreement executed in connection with the Guarantied Obligations, for any reason whatsoever; (ii) the act of creating the Guarantied Obligations or any part thereof is ultra vires; (iii) the partners, officers or representatives executing the documents or otherwise creating the Guarantied Obligations acted in excess of their authority; (iv) Borrower has valid defenses, claims, or offsets (whether at law, in equity, or by agreement) which render the Guarantied Obligations wholly or partially nonperformable by Borrower; (v) the creation or performance of the Guarantied Obligations (or the execution, delivery, and performance of any document or instrument representing part of the Guarantied Obligations, or executed in connection with the Obligations) is illegal, legally impossible, unenforceable; (vi) the Note, the Loan Documents or other documents or instruments pertaining to the Guarantied Obligations have been forged or otherwise are irregular or not genuine or authentic; and (vii) the benefit of any and all statutes of limitation with respect to any action based upon, arising out of or related to this Guaranty;

(c) any defense based upon any statute or rule of law that provides that the obligation of a surety must be neither larger in amount nor in other respects more burdensome than that of the principal;

(d) any defense based upon Lender's errors or omissions in the administration of the Guarantied Obligations;

(e) any principles of law, statutory or otherwise, that are or might be in conflict with the terms of this Guaranty and any legal or equitable discharge of Guarantors' obligations hereunder;

(f) the benefit of any statute of limitations affecting Guarantor's liability hereunder or the enforcement hereof;

(g) any rights to setoffs, recoupments or counterclaims against Lender;

(h) promptness, diligence and any requirement that Lender protect, secure, perfect or insure any security interest or lien or any property subject thereto;

(i) notices, demands, presentments, protests, notices of protest, notices of dishonor, notices of default under the Loan Documents, notices of acceptance of this Guaranty, and notices of any matters referred to in Section 2(e) and right to consent thereof;

(j) any defenses or benefits that may be derived from or afforded by law which limit the liability of or exonerate guarantors or sureties, or which may conflict with the terms of this Guaranty;

(k) any bankruptcy, insolvency, reorganization, composition, adjustment, dissolution,

liquidation, or other proceeding relating to Borrower, any of its subcontractors or suppliers or any other guarantors or any affiliate of Guarantor or Borrower, or any action taken with respect to this Guaranty by any trustee or receiver, or by any court in any such proceeding, whether or not Guarantor had notice or knowledge of any of the foregoing;

(l) any defense based upon Lender's election, in any proceeding instituted under the United States Bankruptcy Code, as amended, of the application of Section (b)(2) of the United States Bankruptcy Code, as amended, or any successor statute;

(m) any defense based upon any borrowing or any grant of a security interest under Section 364 of the United States Bankruptcy Code, as amended;

(n) in accordance with California Civil Code § 2856, if applicable, (i) all rights and defenses arising out of an election of remedies by the creditor (Lender), even though that election of remedies, such as nonjudicial foreclosure with respect to security for a Guaranteed Obligation, has destroyed Guarantor's rights of subrogation and reimbursement against the principal (Borrower) by the operation of California Code of Civil Procedure § 580d (if applicable) or otherwise, and (ii) without limiting the generality of the foregoing or any other provision hereof, all rights, benefits and defenses, including, without limitation, all rights of subrogation, reimbursement, indemnification and contribution, under California Civil Code §§ 2787 to 2855, inclusive, 2899 and 3433, and under, or based upon, directly or indirectly, California Code of Civil Procedure §§ 580a, 580b, 580d and 726, if applicable (or any similar law in any other jurisdiction). No other provision of this Guaranty shall be construed as limiting the generality of any covenants and waivers set forth in this subsection (N);

(o) any right Guarantor may have under any applicable law to revoke this Guaranty, it being the intent of Guarantor that this Guaranty remain in full force and effect until termination, as provided in this Guaranty. GUARANTOR HEREBY EXPRESSLY WAIVES THE BENEFITS OF CALIFORNIA CIVIL CODE § 2815 (OR ANY SIMILAR LAW IN ANY OTHER JURISDICTION) PURPORTING TO ALLOW A GUARANTOR TO REVOKE A CONTINUING GUARANTY WITH RESPECT TO ANY TRANSACTIONS OCCURRING AFTER THE DATE OF THIS GUARANTY. If, notwithstanding the foregoing, Guarantor shall have any other right under applicable law to terminate or revoke this Guaranty, Guarantor agrees that such termination or revocation shall not be effective until a written notice of such termination or revocation, specifically referring hereto, signed by Guarantor, is actually received by Lender. Such notice shall not affect the right and power of Lender to enforce rights arising prior to receipt thereof by Lender. If any Guaranteed Obligations arise or accrue after the termination or revocation by Guarantor but prior to Lender's receipt of said written notice, the rights of Lender with respect thereto shall be the same as if such termination or revocation had not occurred;

(p) any duty of Lender to advise Guarantor of any information known to Lender regarding the financial condition of Borrower and all other circumstances affecting the ability of Guarantor to perform their obligations to Lender, or the ability of Borrower to perform its obligations to Lender, it being agreed that Guarantor assumes the responsibility for being and keeping informed regarding such conditions or any such circumstances; and

(q) any right of subrogation, reimbursement, exoneration, contribution, or indemnity, and any right or claim of any kind or nature against Borrower which arises out of or is caused by this Guaranty, and any right to enforce any remedy which Lender now has or may hereafter have against Borrower, and any benefit of, and any right to participate in, any security now or hereafter held by Lender until such time as all of the Guaranteed Obligations have been fulfilled and/or satisfied.

GUARANTOR FURTHER AGREES THAT NOTHING CONTAINED IN THIS GUARANTY SHALL PREVENT LENDER FROM SUING ON THE NOTE OR FROM EXERCISING ANY RIGHTS AVAILABLE TO IT THEREUNDER OR UNDER ANY OF THE LOAN DOCUMENTS, AND THAT THE EXERCISE OF ANY OF THE AFORESAID RIGHTS SHALL NOT CONSTITUTE A LEGAL OR EQUITABLE DISCHARGE OF GUARANTOR. GUARANTOR UNDERSTANDS THAT THE EXERCISE BY LENDER OF CERTAIN RIGHTS AND REMEDIES CONTAINED IN THE LOAN DOCUMENTS WILL ELIMINATE GUARANTOR'S RIGHT OF SUBROGATION AGAINST BORROWER AND THAT, ACCORDINGLY, GUARANTOR SHALL HAVE NO RIGHT OF RECOVERY AGAINST BORROWER FOR MONIES PAID PURSUANT TO THIS GUARANTY OR OTHERWISE; AND GUARANTOR HEREBY AUTHORIZES AND EMPOWERS LENDER TO EXERCISE, IN ITS SOLE DISCRETION, ANY RIGHTS AND REMEDIES, OR ANY COMBINATION THEREOF, WHICH MAY THEN BE AVAILABLE, BECAUSE IT IS THE INTENT AND PURPOSE OF GUARANTOR THAT THE OBLIGATIONS HEREUNDER SHALL BE ABSOLUTE, INDEPENDENT, AND UNCONDITIONAL UNDER ANY AND ALL CIRCUMSTANCES.

WITHOUT LIMITING THE GENERALITY OF THE FOREGOING AND WITHOUT LIMITING ANY OTHER WAIVERS CONTAINED IN THIS GUARANTY, GUARANTOR EXPRESSLY WAIVES ANY AND ALL BENEFITS UNDER CALIFORNIA CIVIL CODE §§ 2809, 2810, 2819, 2845, 2849, 2850, AND 2855, AND CALIFORNIA CODE OF CIVIL PROCEDURE §§ 580a, 580b, 580d, AND 726. GUARANTOR UNDERSTANDS THAT BUT FOR THE WAIVERS CONTAINED HEREIN, IT WOULD HAVE A DEFENSE TO A DEFICIENCY JUDGMENT UNDER CALIFORNIA CODE OF CIVIL PROCEDURE § 580d SHOULD LENDER ELECT TO PURSUE NONJUDICIAL FORECLOSURE REMEDIES. GUARANTOR WAIVES ALL RIGHTS AND DEFENSES ARISING OUT OF AN ELECTION OF REMEDIES BY LENDER, EVEN THOUGH THAT ELECTION OF REMEDIES, SUCH AS A NONJUDICIAL FORECLOSURE WITH RESPECT TO THE SECURITY FOR THE OBLIGATIONS, HAS DESTROYED GUARANTOR'S RIGHT OF SUBROGATION AND REIMBURSEMENT AGAINST BORROWER BY THE OPERATION OF § 580d OF THE CALIFORNIA CODE OF CIVIL PROCEDURE OR OTHERWISE.

NOTWITHSTANDING ANY FORECLOSURE OF THE LIEN OF ANY DEED OF TRUST OR SECURITY AGREEMENT WITH RESPECT TO ANY OR ALL OF ANY REAL OR PERSONAL PROPERTY SECURED THEREBY, WHETHER BY THE EXERCISE OF THE POWER OF SALE CONTAINED THEREIN, BY AN ACTION FOR JUDICIAL FORECLOSURE, BY AN ACCEPTANCE OF A DEED IN LIEU OF FORECLOSURE OR BY ANY OTHER METHOD, GUARANTOR SHALL REMAIN BOUND UNDER THIS GUARANTY FOR ALL OF THE OBLIGATIONS AND SHALL BE LIABLE TO LENDER FOR ANY PART OF THE GUARANTIED OBLIGATIONS REMAINING UNPAID AFTER ANY FORECLOSURE.

Section 6. <u>Bankruptcy of Borrower</u>. In the event that Borrower has performed or hereafter performs all or any portion of the Guarantied Obligations, and if, subsequently, any claim is ever made by Borrower, or any successor of Borrower including, without limitation, any Trustee appointed in any case commenced by or against Borrower or its successors under the United States Bankruptcy Code or any other debt relief or consolidation laws ("Claim"), then Lender and Guarantor shall treat the transaction which is the subject of the Claim as not having occurred and shall revive in full complete performance to Lender in respect of the Guarantied Obligations which are the subject of the Claim and all costs and expenses incurred in connection therewith (including, but not limited to, all reasonable attorneys' fees) and Guarantor's obligations under this Guaranty shall extend to all of such revived Guarantied Obligations and all costs and expenses incurred in connection therewith (including, but not limited to, all reasonable attorney's fees), and Guarantor shall be fully and unconditionally liable for performance, to the extent possible, of such revived Guarantied Obligations. Lender shall have full authority in its sole discretion to compromise or settle any Claim affecting or in respect of the Guarantied Obligations, and any amounts received by Lender which are paid, repaid or returned as a part of such compromise or settlement shall not discharge or reduce the liability of Guarantor hereunder and Guarantor shall be and remain fully liable therefor.

Section 7. <u>Events of Default; Remedies</u>.

(a) <u>Events of Default</u>. An event of default under this Guaranty shall have occurred when any of the following events occur and/or are continuing:

(i) An event of default occurs under the terms of any Loan Document;

(ii) If any representation or warranty made by the Guarantor herein or in any writing furnished in connection with or pursuant to this Guaranty shall be false in any material respect on the date as of which made;

(iii) If the Guarantor defaults in the performance or observance of any agreement, covenant, term or condition contained herein;

(iv) If the Guarantor makes an assignment for the benefit of creditors, except in the ordinary course of Guarantor's business;

(v) If the Guarantor petitions or applies to any tribunal for the appointment of a trustee or receiver of his business, estate or assets or of any substantial part thereof, or commences any proceedings relating to him under any bankruptcy, reorganization, arrangement, insolvency, readjustment of debt, dissolution or liquidation law of any jurisdiction, whether or not hereafter in effect; and/or

(vi) If any such petition or application is filed or any such proceedings are commenced against the Guarantor and the Guarantor by any act indicates his approval thereof, consent thereto, or acquiescence therein, or an order is entered appointing any such trustee or receiver, or adjudicating the Guarantor bankrupt or insolvent, or approving the petition in any such

10

proceedings; unless, within sixty (60) days of the filing of any such petition, application, or order, the same is not withdrawn, dismissed, released, or vacated, as the case may be.

(b) Remedies. If Guarantors fail to promptly perform their obligations under this Guaranty, Lender shall have any and all of the following remedies:

(i) At Lender's option, declare the Note and the Deed of Trust to be, and the Note and the Deed of Trust shall thereupon be and become immediately due and payable together with interest accrued thereon, under the terms of and with the effect provided in this Guaranty.

(ii) In addition, in the case of Guarantor's failure to comply with Borrower's obligations to complete the Improvements as provided in the Loan Documents: (A) at Lender's option, and without any obligation to do so, to proceed and perform on behalf of Guarantor any or all of Guarantor's obligations hereunder and Guarantor shall, upon demand and whether or not construction is actually completed by Lender, pay to Lender all sums expended by Lender in performing Guarantor's obligations hereunder together with interest thereon at the default rate as specified in the Loan Documents; and (b) from time to time, and without first requiring performance by Borrower or exhausting any or all security for the obligations of Borrower under the Note, to bring any action at law or in equity or both to compel Guarantor to perform their obligations hereunder, and to collect in any such action compensation for all loss, cost, damage, injury and expense sustained or incurred by Lender as a direct or indirect consequence of the failure of Guarantor to perform its obligations together with interest thereon at the default rate as specified in the Loan Documents.

Section 8. Miscellaneous.

(a) All guarantees, covenants and agreements contained in this Guaranty shall bind the successors and assigns of Guarantor and Borrower and shall inure to the benefit of the Lender and all future holders of the Note or any part thereof, whether so expressed or not.

(b) This Guaranty shall in all respects be interpreted, enforced and governed by and under the internal laws of the State of Nevada, without to choice of law principles. To the fullest extent permitted by applicable law, Guarantor hereby irrevocably submits to the jurisdiction of any state or federal court in the County in the State of California where the real property securing the Indebtedness is located, over any action, suit or proceeding (i) to enforce or defend any right under this Guaranty or any Loan Document, or (ii) arising from any financing or other relationship existing in connection with this Guaranty or any other Loan Document; and Guarantor hereby irrevocably agrees that all claims in respect of any such action or proceeding may be heard or determined in such state or federal court. To the fullest extent permitted by applicable law, Guarantor hereby irrevocably waives the defense of any inconvenient forum to the maintenance of any such action or proceeding or any other substantive or procedural rights or remedies Guarantor may have with respect to the maintenance of any such action or proceeding in any such forum and Guarantor hereby agrees that a final judgment in any such action or proceeding shall be conclusive and may be enforced in any other jurisdiction by suit on the judgment or in any other manner provided by law. Guarantor agrees not to institute any legal actions or proceedings against Lender or any affiliate of

11

Lender or any director, officer, shareholder, employee, attorney, agent, or property of Lender or any such affiliate, arising out of or relating to this Guaranty or other documents referred to above, in any court other than as hereinabove specified in this Section 4(b).

(c) In the event that the Lender shall receive any payments on account of any of the Guarantied Obligations, whether directly or indirectly, and it shall subsequently determined that such payments were for any reason improper, or a claim shall be made against them that the same were improper, and they either voluntarily or pursuant to court order shall return the same, Guarantor shall be liable, with the same effect as if the same payments had never been paid to, or received by, the Lender for the amount of such repaid or returned payments, notwithstanding the fact that they may theretofore have been credited on account of the Guarantied Obligations or any of them.

(d) No delay on the part of the Lender in exercising any power or right hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of any power or right hereunder or the failure to exercise same in any instance preclude other or further exercise thereof or the exercise of any other power or right; nor shall the Lender be liable for exercising or failing to exercise any such power or right; the rights and remedies hereunder expressly specified are cumulative and not exclusive of any rights or remedies which the Lender may or will otherwise have.

(e) Any and all notices, demands and/or communications described herein, or which may be necessary or appropriate hereunder, shall be valid if delivered personally, if deposited in the U.S. mail, postage prepaid, certified mail, return receipt requested, or sent by a reputable overnight courier service (such as FedEx), to the following addresses:

| | |
|---|---|
| If to Guarantor: | Chris Hammond<br>3055 Wilshire Boulevard, Suite 1120<br>Los Angeles, California 90010 |
| If to Lender: | USA Commercial Mortgage Company<br>4484 South Pecos Road<br>Las Vegas, Nevada 89121<br>Attn: Joseph D. Milanowski |

Any notice shall be deemed given upon (i) receipt in the case of personal delivery, (ii) three (3) days after deposit with the U.S. Postal Service in the case of delivery by certified mail, and (iii) the day after deposit with the reputable overnight delivery service in the case of delivery by an overnight courier service. Each party may change the address to which notices, requests and other communications are to be sent by giving written notice of such change to each other party.

(f) Until the payment and performance in full of all the Guarantied Obligations, Guarantor shall not exercise any rights or remedies against Borrower arising as a result of payment by Guarantor hereunder, by way of subrogation or otherwise, and will not prove any claim in competition with Lender in respect of any payment hereunder in bankruptcy or insolvency