GORDON & SILVER, LTD.
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: gmg@gordonsilver.com
GREGORY M. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: geg@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89109
Telephone (702) 796-5555
Facsimile (702) 369-2666
[Proposed] Attorneys to the Official Committee
of Holders of Executory Contract Rights through
USA Commercial Mortgage Company

E-Filed On 5/30/06

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>                              Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>                              Debtor. | BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>                              Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>                              Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br><br>                              Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Date:  June 5, 2006<br>Time:  9:30 a.m. |

**OFFICIAL COMMITTEE OF DIRECT LENDERS OMNIBUS RESPONSE TO INDIVIDUAL DIRECT LENDERS REQUEST FOR RELIEF**

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100933-001/404717.doc

The Official Committee Holders of Executory Contract Rights through USA Commercial Mortgage Company ("Official Direct Lender Committee"), by and through their proposed counsel, the Law Firm of Gordon & Silver, Ltd., hereby submits its Omnibus Response to Individual Direct Lenders Request For Relief ("Response") to the following requests for relief filed by individual Direct Lenders:

- Motion for Order Authorizing Return of Non-Invested Funds of Stanley Alexander Trust, Drs. Stanley Alexander and Florence Alexander (the "Alexander Motion"), Docket No. 155;

- Motion for Order Authorizing Return of Non-Invested Funds by Grabel B. Ronning, the Wild Water Limited Partnership, Crosbie B. Ronning, and the Bosworth 1988 Family Trust ("Ronning Group Motion"), Docket No. 194;

- Direct Lenders Motion for Relief from the Automatic Stay (the "DL Motion for Relief"), Docket No. 209;

- Direct Lenders Motions: (1) To Compel Debtor to Continue to Forward Lender Payments to Direct Lenders; and (2) To Delay or Prohibit Appraisals on Performing Loans (that "DL Motion to Forward Payment"), Docket No. 215;

- Motion for Relief from the Automatic Stay to Terminate Loan Servicing Agreement for Direct Loan to Boise/Gowan LLC (the "Canepa Motion for Relief"), Docket No. 208; and

- Motion Directing Payments to Direct Lenders, Docket No. 336.

This Response is made and based on the points and authorities which follow, the pleadings and papers contained in the Court's file, judicial notice of which is respectfully requested, and any evidence or oral argument presented at the time of hearing on the Direct Lenders' Individual Request for Relief.

///

///

///

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100933-001/404717.doc

2

# POINTS AND AUTHORITIES

## I.
## LEGAL ARGUMENT

**A.    THE OFFICIAL COMMITTEE OF DIRECT LENDERS**

The Official Committee of Direct Lenders was formed by the Office of the United States Trustee to speak to the interests common among Direct Lenders (defined herein). The members of the committee owe a fiduciary duty to the approximately 3,600 parties who individually lent money (the "Direct Lenders") to various borrowers, however, such duty is to the class as a whole and not to any individual member. In re Drexel Burnham Lambert Group, Inc., 138 BR 717, Bankr. S.D. N.Y. 1992). Thus, it is equally appropriate for the Official Committee of Direct Lenders to address certain issues of common interest, however, it is appropriate under certain circumstances for individual Direct Lenders to pursue remedies on their individual behalf.

**B.    DIRECT LOANS AND PAYMENTS ON SUCH LOANS DO NOT CONSTITUTE PROPERTY OF DEBTORS BANKRUPTCY ESTATES.**

Individual Direct Lenders and the Official Committee of Direct Lenders are in complete agreement that each of the direct loans being serviced by USA Commercial Mortgage ("USACM"), and payment and proceeds thereof, do not constitute property of the Debtors' bankruptcy estates. Nevada law specifically provides that all payments received on account of direct loans are held "in trust" for the benefit of direct lenders. See NRS section 645B.174(5). Moreover, section 541(d) of the Bankruptcy Code specifically excludes proceeds received by a loan servicing agent for the benefit of direct lenders. In re Golden Triangle Capital, Inc., 171 B.R. 79 (B.A.P. 9th Cir. 1994).[1]

---

[1] The Official Committee of Direct Lenders hereby incorporates the points and authorities contained in its Opposition to Debtors' Motion to Temporarily Hold Funds Pending the Determination of the Proper Recipients, Docket No. 384.

Gordon & Silver, Ltd.
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89109
(702) 796-5555

100933-001/404717.doc

3

C.   **DIRECT LENDERS INDIVIDUAL STAY OF RELIEF MOTIONS.**

Several Direct Lenders have filed motions seeking relief from the automatic stay to change the loan servicing agent, terminate the Loan Service Agreement, and revoke various powers of attorney granted to USACM.

Pursuant to paragraph 3 of the individual Loan Service Agreements, individual Direct Lenders have the contractual right to terminate USA Commercial Mortgage Company as the servicing agent provided such action is taken upon obtaining the consent of fifty-one percent (51%) or more of the holders of beneficial interests on each individual direct loan. Paragraph 3 of Loan Service Agreement provides:

> <u>Rights of Lender if USA Fails to Act</u>.  Pursuant to NAC 545B.073, in the event of default, foreclosure or other matters that require action, if for any reason USA fails to act on Lender's behalf as authorized herein, then Lender may, with approval of fifty-one percent (51%) or more of all of the holders of the beneficial interest of record.  These actions may include, but are not limited to:
>
> (a)   <u>The designation of the mortgage broker, servicing agent or other person to act on behalf of the holders of the beneficial interests in the loan</u>; and
>
> (b)   The sale, encumbrances or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of foreclosure.

See, Canepa Motion for Relief, Exhibit E (emphasis added).

The terms of the Loan Service Agreement are consistent with the Nevada Administrative Code section 645B.073 which also provides for of servicing agents upon instructions by the holders of fifty-one percent (51%) or more of beneficial interest in individual notes. NAC 645B.073 provides:

> 1.   Except as otherwise provided in subsection 3, if a mortgage broker acts on behalf of investors on a matter related to a mortgage loan, and if the beneficial interest in the loan belongs to more than one natural person, <u>the documentation of the matter must</u>

<u>include provisions to allow the holders of 51 percent or a greater specified percentage of the beneficial interests</u> of record to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation.

        (a) <u>The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and</u>

        (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

    2. The provisions required by this section may be included in the deed of trust, the assignment of interest or any other documentation that binds the mortgage broker and the investors.

    3. The provision of this section to not apply to a transaction involving two investors with equal interests.

NAC 645B.073 (emphasis added). Here, the evidence before the Court indicates that Mr. Canepa has satisfied the 51% threshold, has otherwise complied with the terms of the Loan Servicing Agreement, and is thus entitled to relief from stay to terminate the Loan Service Agreement and designate that a replacement loan servicer on the Boise/Gowan loan.

The Official Committee of Direct Lenders also supports relief from the automatic stay for other Direct Lenders on individual loans upon which more that 51% of individual beneficial holders support exercising their statutory and contractual rights. However, the Official Committee of Direct Lenders cannot support individual requests for relief from the automatic stay where there has not been a showing that the 51% threshold has been satisfied. As such, the Official Committee of Direct Lenders does not support granting the DL Motion For Relief, as it is not clear on whose individual behalf such motion was filed, nor is the record clear that such individuals satisfied the 51% threshold.

///

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

**D.      REQUEST FOR RETURN OF NON-INVESTED FUNDS.**

A number of Direct Lenders have filed individual motions seeking return of non-invested funds. Again, the Official Committee of Direct Lenders is in accord with the proposition that Direct Lenders' assets, and proceeds thereof, do not constitute property of Debtors' bankruptcy estates. However, based upon the record placed before the Court, the Official Committee of Direct Lenders takes no position as to whether individual non-invested funds can be traced to individual Direct Lenders. However, if it can be shown that such funds are traceable to the proceeds of individual Direct Lenders, and there are no competing claims for the funds, the individual Direct Lender's motions seeking immediate release of non-invested funds should be granted.

**E.      MOTIONS TO COMPEL PAYMENTS TO INDIVIDUAL DIRECT LENDERS.**

Since the petition date, USACM has failed to forward principal and interest payments received on account of performing loans. Consistent therewith, on May 8, 2006, Debtors filed their Motion to Temporarily Hold Funds Pending a Determination of the Proper Recipients. In response, individual Direct Lenders have filed affirmative motions seeking to compel USACM "as servicing agent, to continue to forward all borrower payments to the Direct Lenders on all performing loans." See, DL Motion to Forward Payments, page 2, lines 10-11. On May 26, 2006, the Official Committee of Direct Lenders filed their Opposition to Debtors' Motion to Temporarily Hold Funds Pending a Determination of the Proper Recipients. As set forth therein, and specifically incorporated herein by reference, USACM is both legally and contractually obligated to immediately distribute to Direct Lenders all principal and interest its receives. As such, USAMC should be compelled by order of this Court to immediately make

///

///

pro rata distributions of all post-petition interest and principal (net of Debtors' servicing fee) to Direct Lenders.

DATED this 30 day of May, 2006.

GORDON & SILVER, LTD.

By: _____
GERALD M. GORDON, ESQ.
GREGORY M. GARMAN, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89109
[Proposed] Attorneys to the Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100933-001/404717.doc

7