Paula K. Jacobi, Esq. (IL Bar No. 1311247)
Andrew J. Abrams, Esq. (IL Bar No. 6271836)
SUGAR FRIEDBERG & FELSENTHAL LLP
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
Telephone: 312-704-9400
Email: pjacobi@sff-law.com
       aabrams@sff-law.com

Robert Kinas, Esq.
SNELL & WILMER
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89109
Telephone: 702.784.5203
Email: rkinas@swlaw.com

Attorneys for Norman Kiven

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor<br><br>In re:<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor<br><br>In re:<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor<br><br>In re:<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor<br><br>In re:<br><br>USA SECURITIES, LLC<br>Debtor<br><br>Affects:<br>   X   All Debtors<br>        USA Commercial Mortgage Company<br>        USA Securities, LLC<br>        USA Capital Realty Advisors, LLC<br>        USA Capital Diversified Trust Deed Fund, LLC<br>        USA First Trust Deed Fund, LLC | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>**Jointly Administered Under<br>Case No. BK-S-06-10725 LBR**<br><br>**CERTIFICATE OF SERVICE** |

112398.1

On the 31st day of May, 2006, the following parties were electronically served a copy of **Kiven's Opposition to Debtors' Motion to Temporarily Hold Funds** via the bankruptcy court's ECF system, as evidenced by the attached and the individuals identified below were served by regular mail.

Joshua D. Brysk
Law Offices of James G. Schwartz
7901 Stoneridge Drive, Suite 401
Pleasanton, CA  94588

Richard J. Mason
130 Pinetree Lane
Riverwoods, IL  60015

Nicholas J. Santoro
Gregory J. Walch
400 S. Fourth St., 3rd Floor
Las Vegas, NV  89101

James G. Schwartz, Esq.
7901 Stoneridge Dr., #401
Pleasanton, CA  94588

Bradley J. Stevens
3300 N. Central Ave., #1800
Phoenix, AZ  85012

Annette W. Jarvis
P.O. Box 45385
36 South State Street, #1400
Salt Lake City, UT  84145-0385

Jay L. Michaelson

Regina M. McConnell
Kravitz Schnitzer & Sloane, Chtd.
1389 Galleria Drive, Suite 200
Henderson, NV  89014

Erven T. Nelson
6060 W. Elton Avenue, Suite A
Las Vegas, NV  89107

Michael M. Schmahl
McGuire Woods LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL  60601

Patricia K. Smoots
318 N. Grove
Oak Park, IL  60302

William E. Winfield
POB 9100
Oxnard, CA  93031

Gregory J. Walch
400 S. Fourth St., Third Floor
Las Vegas, NV  89101

Dated this 31st day of May, 2006.

_/s/ Lda McCad_
an employee of Snell & Wilmer L.L.P.

112398.1

- 2 -

Paula K. Jacobi, Esq. (IL Bar No. 1311247)
Andrew J. Abrams, Esq. (IL Bar No. 6271836)
SUGAR FRIEDBERG & FELSENTHAL LLP
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
Telephone: 312-704-9400
Email: pjacobi@sff-law.com
       aabrams@sff-law.com

Robert Kinas, Esq.
SNELL & WILMER
3800 Howard Hughes Parkway, Suite1000
Las Vegas, Nevada 89109
Telephone: 702.784.5203
Email: rkinas@swlaw.com

Attorneys for Norman Kiven

**Electronically Filed**
**May 25, 2006**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: <br> USA COMMERCIAL MORTGAGE COMPANY, <br> Debtor | Case No. BK-S-06-10725 LBR <br> Case No. BK-S-06-10726 LBR <br> Case No. BK-S-06-10727 LBR <br> Case No. BK-S-06-10728 LBR <br> Case No. BK-S-06-10729 LBR |
| In re: <br> USA CAPITAL REALTY ADVISORS, LLC, <br> Debtor | Chapter 11 |
| In re: <br> USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, <br> Debtor | Jointly Administered Under <br> Case No. BK-S-06-10725 LBR |
| In re: <br> USA CAPITAL FIRST TRUST DEED FUND, LLC, <br> Debtor | |
| In re: <br> USA SECURITIES, LLC <br> Debtor | KIVEN'S OPPOSITION TO DEBTORS' MOTION TO TEMPORARILY HOLD FUNDS |
| Affects: <br> X  All Debtors <br>    USA Commercial Mortgage Company <br>    USA Securities, LLC <br>    USA Capital Realty Advisors, LLC <br>    USA Capital Diversified Trust Deed Fund, LLC <br>    USA First Trust Deed Fund, LLC | Date: June 5, 2006 <br> Time: 9:30 a.m. |

Norman Kiven ("Kiven") opposes as follows the Motion to Temporarily Hold Funds Pending a Determination of the Proper Recipients (the "Motion") filed by debtor USA Commercial Mortgage Company ("USA Commercial") and the related captioned debtors (collectively, "Debtors") as follows:[1]

## INTRODUCTION

Kiven is an elderly individual that has lent over $1 million to approximately twelve borrowers (the "Kiven Direct Loans").[2] USA Commercial contractually agreed to serve as servicing agent on the Kiven Direct Loans. Kiven, as a Direct Lender on the Kiven Direct Loans, has the right to his proportionate payment made by the borrowers on those Loans, and holds all other rights as a Direct Lender in the underlying loans, promissory notes, and securing deeds of trust and mortgages. Any interest payments that the borrowers make on Kiven Direct Loans, less any servicing fees, are the property of Kiven and the other Direct Lenders. To the extent the Kiven Direct Loans are paid off, the proceeds belong as well to Kiven and the other Direct Lenders. USA Commercial serves as nothing more than a conduit for the payments from borrowers to pass to the Direct Lenders.

In their Motion, Debtors ask this Court to enter an Order that not only radically modifies the contractual relationship between Kiven and his borrowers, but the contractual relationship between USA Commercial and Kiven as well. Further, Debtors ask this Court to authorize a seizure, attachment, and then use of Kiven's property, *i.e.*, the payments that USA Commercial receives post-petition from borrowers, for their own operations. The Motion is not limited to the funds that Debtors may have held as of the Petition Date, which Debtors allege cannot be traced

---

[1] Attached as Exhibit A is a copy of the Agreement between counsel for Kiven and Debtors extending the objection deadline to May 25, 2006.
[2] The last account statement that Kiven received from USA Commercial identified the following twelve borrowers: Anchor B, LLC, Castaic Partners III, ComVest Capital, Cornman Toltec 160, Fiesta USA/Stoneridge, Foxhill 216, LLC, Gateway Stone, HFA-North Yonkers, Marquis Hotel, Mountain House, Ocean Atlantic, and Palm Harbor One (the "Kiven Direct Loans"). Kiven is also a Direct Lender on the Bundy Canyon loan, which Debtors advise did not close prior to the Petition Date. Investigation continues as to whether Kiven is a Direct Lender on any other loans.

to the particular performing loan. Rather, Debtors ask this Court for authority to take Kiven's property collected *post-petition* on performing loans (which can certainly be traced) and then hold it and use a portion of it for their operations. Debtors justify their request to hold and use these funds based on potential claims against Kiven. Granting such a request, however, violates the Unites States Supreme Court's holding in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999), in which the Court prohibited such a pre-judgment attachment of property.

For all these reasons, and as more fully set forth below, Kiven respectfully submits to this Court that Debtors do not state any adequate legal basis for their Motion, requiring this Court to deny the same.

## ARGUMENT

### I. This Court Does Not Have Authority to Authorize Debtors to Hold and Use Kiven's Property Before Debtors' Alleged Potential Claims are Brought to Judgment

In *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999), the Supreme Court found that the district court acted beyond its power in enjoining defendant from transferring its assets prior to entry of any judgment in favor of plaintiffs on their contract claims for money damages. The Supreme Court chose to "follow the well-established general rule that *a judgment establishing the debt was necessary* before a court of equity would interfere with the debtor's use of his property." *Id.* at 321 (emphasis added). Where a general creditor (i.e., one without a judgment) does not have a "cognizable interest, either at law or in equity, in the property of his debtor," the creditor, under this general rule, cannot interfere with the debtor's use of that property. *Id.* at 320.[3]

---

[3] Other Direct Lenders have ably argued to this Court why the proceeds from these loans are not part of Debtors' estate under Section 541(d) of the Code. In particular, the Motion filed by the Jones Vargas firm on behalf of other Direct Lenders on May 11, 2006 (Docket No. 208) articulates why the borrower payments are not property of Debtors' estates. Kiven adopts, in part, Jones Vargas' argument at pages 5-7.

- 3 -

In this case, USA Commercial has no interest (equitable or otherwise) in post-petition borrower payments made by borrowers on Kiven's Direct Loans.[4] Yet, Debtors request that this Court authorize them to seize and then use the borrower payments that are owned by Kiven and the other Direct Lenders. The first and principal justification for this extraordinary relief that Debtors seek in their Motion -- that the Debtors may have claims against certain Direct Lenders -- directly contravenes the holding in *Grupo Mexicano*. There is nothing "inequitable", as Debtors allege in their Motion, in requiring USA Commercial to comply with its obligations to Kiven and pay over to Kiven and the other Direct Lenders the post-petition payments USA Commercial received as servicing agent on performing Kiven Direct Loans. Unless and until this Court enters a judgment in favor of Debtors, and against Kiven, and Debtors then request and receive the appropriate post-judgment relief, this Court cannot deprive Kiven of his property based on the possible claims that Debtors may (or may not) have against him.[5]

There is no question that the borrowers owe Kiven and the other Direct Lenders directly on the Kiven Direct Loans. The post-petition payments that borrowers make on those Loans belong to Kiven and the other Direct Lenders, not Debtors. By requesting that this Court authorize them to seize and use Kiven's property, Debtors ask this Court to authorize actions in contravention of Supreme Court precedent. The Motion must be denied.

**II. The Legal Authority that Debtors Cite in the Motion Does Not Take Precedence Over Supreme Court Case Law and is Otherwise Readily Distinguishable**

Debtors erroneously rely upon the non-binding case, *In re Builders Capital Services, Inc.*, 317 B.R. 603 (Bankr. W.D.N.Y. 2004), to support the proposition that the notes and mortgages at issue are rendered property of the estate due to Debtors' "equitable" interest in them. As

---

[4] To the extent Debtors hold equitable liens on the borrower payments collected prior the Petition Date (that cannot be adequately traced) for the benefit of all Direct Lenders, the same does not apply to payments collected post-petition that can be traced to the particular performing loan.

[5] If and when Debtors file an adversary proceeding against Kiven, they can rely upon Rule 64 of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7064, and Nevada's pre-judgment attachment statute and seek to seize Debtors' property to the extent grounds exist for doing so.

- 4 -

articulated in the Opposition filed by James Corison (Docket No. 215), which Kiven adopts in part, the court based its holding largely upon a lack of an agency relationship between the third party lenders and the non-debtor parties that entered into the mortgages (not the debtor with which the agency relationship existed). *Id.* at 608-609. In this case, all the Loan Servicing Agreements on Kiven Direct Loans were between USA Commercial and Kiven. Accordingly, unlike in *Builders Capital*, the mortgages and trust deeds did create a legal interest for the benefit of the Direct Lenders.

Kiven also has direct a debtor/creditor relationship with the borrowers (not Debtors) under the loan agreements, which makes the cases *In re Lemons & Associates, Inc*, 67 B.R. 108 (Bankr. D. Nev. 1986) and *In re Sprint Mortgage Bankers Corp.*, 164 B.R. 224, (Bankr. E.D.N.Y. 1994), distinguishable. Kiven does not have an assigned participation interest in the Kiven Direct Loans as did the "investors" in *Sprint Mortgage* and *Lemons*; he is the "Lender" on his deals. The *Sprint Mortgage* and *Lemons* courts investigated whether or not these participation interests were "loans" to the broker or "sales of an interest in a note" (*i.e.* true loan participation agreements). In this case, Kiven and the other Direct Lenders made the loans and are the "lenders" on the various deals. USA Commercial merely acted as the servicing agent.

Lastly, Debtors' reliance upon the Ninth Circuit case of *Fireman's Fund Ins. Cos. v. Grover (In re The Woodson Co.)*, 813 F.2d 266 (1987), is misplaced. *Woodson* involved a debtor mortgage broker that assigned participation interests in various loans to "investors." The Ninth Circuit found that the "investors" made loans to the debtor mortgage broker, rather than the third-party borrowers, because the investors "possessed none of the usual indicia of ownership." *Id.* at 272. Those are not the facts of this case; Kiven is the Direct Lender and holds the security on the Kiven Direct Loans in his own name. In addition to these factual distinctions, *Woodson* was an adversary proceeding in which the court declared the nature of interest in various notes and trust

deeds. A similar examination of the legal nature of the Kiven Direct Loans may someday come before this Court. But until that ruling is made, this Court does not have authority to freeze Kiven's property based on a potential future ruling on Debtors' equitable liens on the trust deeds and mortgages.[6]

## CONCLUSION

For all the reasons set forth herein, Kiven respectfully requests that this Court deny the Motion to Temporarily Hold Funds Pending a Determination of the Proper Recipients.

SNELL & WILMER L.L.P.

*/s/ Robert R. Kinas*
Robert Kinas, Esq.
SNELL & WILMER
3800 Howard Hughes Parkway, Suite1000
Las Vegas, Nevada 89109
702.784.5203
Email: rkinas@swlaw.com

Paula K. Jacobi, Esq. (IL Bar No. 1311247)
Andrew J. Abrams, Esq. (IL Bar No. 6271836)
SUGAR FRIEDBERG & FELSENTHAL LLP
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
Telephone: 312-704-9400
Email: pjacobi@sff-law.com
       aabrams@sff-law.com

Attorneys for Norman Kiven

---

[6] This Court can deny the Motion and Debtors could still comply with Nev. Rev. Stat. § 645B.175(5). Upon USA Commercial's receipt of payments on a given loan, USA Commercial shall pay out pro-rata to all the Direct Lenders on that performing loan, ensuring compliance with Nevada law. It is without moment that certain Direct Lenders are also lenders in non-performing loans. Nev. Rev. Stat. § 645B.175(5) is limited to a particular serviced loan and, for the reasons stated, any potential claims for pre-petition payments on non-performing loans do not justify withholding payments post-petition on performing ones.

- 6 -

# EXHIBIT A

May. 22. 2006  3:19PM    SCHWARTZER & MCPHERSON    No.2483    P. 2/2

**SUGAR, FRIEDBERG & FELSENTHAL LLP**
ATTORNEYS AT LAW
30 NORTH LASALLE STREET, SUITE 3000
CHICAGO, ILLINOIS 60602
TELEPHONE: (312) 704-9400
WWW.SFF-LAW.COM

Andrew J. Abrams
Direct (312) 704-2172
aabrams@sff-law.com

FAX: (312) 372-7951

May 19, 2006

**VIA FACSIMILE**

Lenard E. Schwartzer, Esq.
Schwartzer & McPherson Law Firm
2850 S. Jones Blvd.
Suite 1
Las Vegas, NV 89146

Re:   *In re USA Commercial Mortgage, et. al.*

Dear Mr. Schwartzer:

This is to confirm our telephone conversation from earlier today regarding the referenced case.

You agreed, on behalf of Debtors, to extend the time for our client, Norman Kiven, to respond to Debtors' Motion to Temporarily Hold Funds Pending a Determination of the Proper Recipients until May 25, 2006.

Please signify your agreement by signing below, and returning a signed copy to my attention.

Thank you again for your cooperation, and your time discussing this matter.

SUGAR, FRIEDBERG & FELSENTHAL LLP

Andrew J. Abrams

AJA/klh
cc:   Paula K. Jacobi, Esq.

Stipulated and Agreed to by:

_____
Lenard E. Schwartzer, Esq.

80251-1

Received Time May.19.  2:15PM

TOTAL P.02

## McCord, Ida

| | |
|---|---|
| **From:** | USBC_NEVADA@nvb.uscourts.gov |
| **Sent:** | Thursday, May 25, 2006 2:52 PM |
| **To:** | Courtmail@nvb.uscourts.gov |
| **Subject:** | 06-10725-lbr Opposition |

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### U.S. Bankruptcy Court

### District of Nevada

Notice of Electronic Filing

The following transaction was received from KINAS, ROBERT R. entered on 5/25/2006 at 2:51 PM PDT and filed on 5/25/2006
**Case Name:**        USA COMMERCIAL MORTGAGE COMPANY
**Case Number:**      06-10725-lbr
**Document Number:** 366

**Docket Text:**
Opposition *TO DEBTORS' MOTION TO TEMPORARILY HOLD FUNDS* Filed by ROBERT R. KINAS on behalf of NORMAN KIVEN (Related document(s)[173] Miscellaneous Motion, filed by Debtor USA COMMERCIAL MORTGAGE COMPANY.) (KINAS, ROBERT)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\Documents and Settings\berdahc\Desktop\Kiven Opposition.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=989277954 [Date=5/25/2006] [FileNumber=6927161-0]
[fa649add56244907b5bb9570194a866e9ed7e06e32ed137593a79603aac5c4c1258e
564de946e29e4ff059e4d447edcd3266170b66a76dbe5269d7ce778ff455]]

### 06-10725-lbr Notice will be electronically mailed to:

FRANKLIN C. ADAMS    franklin.adams@bbklaw.com, arthur.johnston@bbklaw.com

KELLY J. BRINKMAN    kbrinkman@gooldpatterson.com,

MATTHEW Q. CALLISTER    mqc@callister-reynolds.com, maggie@callister-reynolds.com

CANDACE C CARLYON    ltreadway@sheacarlyon.com,
ccarlyon@sheacarlyon.com;bankruptcyfilings@sheacarlyon.com;rsmith@sheacarlyon.com

KEVIN B. CHRISTENSEN    kbchrislaw@aol.com,

5/26/2006

JANET L. CHUBB    tbw@jonesvargas.com

JEFFREY A. COGAN    jeffrey@jeffreycogan.com, sarah@jeffreycogan.com

CICI CUNNINGHAM    &nbs! p bankruptcy@rocgd.com

LAUREL E. DAVIS    bklsclv@lionelsawyer.com, ldavis@lionelsawyer.com;gbagley@lionelsawyer.com;ldavisesq@aol.com

THOMAS H. FELL    BANKRUPTCYNOTICES@GORDONSILVER.COM

SCOTT D. FLEMING    sfleming@halelane.com, dbergsing@halelane.com,ecfvegas@halelane.com

EDWARD J. HANIGAN    haniganlaw@earthlink.net, haniganlaw1@earthlink.net

CHRISTOPHER D JAIME    cjaime@waltherkey.com, kbernhar@waltherkey.com

EVAN L. JAMES    ejameslv@earthlink.net, kbchrislaw@aol.com

ANNETTE W JARVIS    ,

ROBERT R. KINAS !    rkinas@swlaw.com, mstrand@swlaw.com;jlustig@swlaw.com;lholding@swlaw.com;imccord@swlaw.com

NILE LEATHAM    nleatham@klnevada.com, ckishi@klnevada.com;bankruptcy@klnevada.com

ROBERT C. LEPOME    robert@robertlepome.com, susan@robertlepome.com

WILLIAM L. MCGIMSEY    lawoffices601@lvcoxmail.com,

RICHARD MCKNIGHT    mcknightlaw@cox.net, gkopang@lawlasvegas.com;cburke@lawlasvegas.com,sforemaster@lawlasvegas.com

JEANETTE E. MCPHERSON    bkfilings@s-mlaw.com

DAVID MINCIN    mcknightlaw@cox.net, gkopang@lawlasvegas.com;dmincin@lawlasvegas.com,cburke@lawlasvegas.com,sforemaster@lawlasv

JOHN F MURTHA !    jmurtha@woodburnandwedge.com

DONNA M. OSBORN    jinouye@marquisaurbach.com, dosborn@marquisaurbach.com;tszostek@marquisaurbach.com;jcrowe@MarquisAurbach.com;kgallegos

DONALD T. POLEDNAK    sandplegal@yahoo.com, spbankruptcy@yahoo.com

LENARD E. SCHWARTZER    bkfilings@s-mlaw.com

SHLOMO S. SHERMAN    ssherman@sheacarlyon.com,

5/26/2006

aboehmer@sheacarlyon.com;bankruptcyfilings@sheacarlyon.com;ltreadway@sheacarlyon.com;mmallet

JEFFREY G. SLOANE    gjklepel@yahoo.com, gklepel@kssattorneys.com

PETER SUSI    cheryl@msmlaw.com, msm@msmlaw.com

CARYN S. T! IJSSELING    cst@bees leyandpeck.com, aha@beesleyandpeck.com

U.S. TRUSTEE - LV - 11    USTPRegion17.lv.ecf@usdoj.gov,

JOAN C WRIGHT    jwright@allisonmackenzie.com, jbrooks@allisonmackenzie.com

MATTHEW C. ZIRZOW    bankruptcynotices@gordonsilver.com

**06-10725-lbr Notice will not be electronically mailed to:**

JOSHUA D BRYSK
LAW OFFICES OF JAMES G SCHWARTZ
7901 STONERIDGE DRIVE, SUITE 401
PLEASANTON, CA 94588

ANNETTE W JARVIS
POB 45385
36 SOUTH STATE STREET, #1400
SALT LAKE CITY, UT 84145-0385

RICHARD J. MASON
130 PINETREE LANE
RIVERWOODS, IL 60015

REGINA M MCCONNELL
KRAVITZ SCHNITZER & SLOANE, CHTD
1389 GALLERIA DRIVE
STE 200
HENDERSON, NV 89014

JAY L. MICHAELSON
,

ERVEN T NELSON
6060 W. ELTON AVENUE, SUITE A
LAS VEGAS, NV 89107

NICHOLAS J SANTORO
400 S FOURTH ST 3RD FLOOR
LAS VEGAS, NV 89101

MICHAEL M. SCHMAHL
MCGUIRE! WOODS LLP
77 W. WACKER DRIVE, SUITE 4100

5/26/2006

CHICAGO, IL 60601

JAMES G SCHWARTZ
7901 STONERIDGE DR #401
PLEASANTON, CA 94588

PATRICIA K. SMOOTS
318 N GROVE
OAK PARK, IL 60302

BRADLEY J STEVENS
3300 N CENTRAL AVE
PHOENIX, AZ 85012

BRADLEY J STEVENS
3300 N CENTRAL AVE #1800
PHOENIX, AZ 85012

GREGORY J WALCH
400 S FOURTH ST 3RD FLOOR
LAS VEGAS, NV 89101

WILLIAM E WINFIELD
POB 9100
OXNARD, CA 93031

5/26/2006