ELECTRONICALLY FILED
June 2, 2006

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA
(CA State Bar No. 136934)
EVE H. KARASIK
(CA State Bar No. 155356)
CHRISTINE M. PAJAK
(CA State Bar No. 217173), Members of
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
Email:      fmerola@stutman.com
            ekarasik@stutman.com
            cpajak@stutman.com

SHEA & CARLYON, LTD.
JAMES PATRICK SHEA
(Nevada State Bar No. 000405)
CANDACE C. CARLYON
(Nevada State Bar No. 002666)
SHLOMO S. SHERMAN
(Nevada State Bar No. 009688)
233 South Fourth Street, Second Floor
Las Vegas, Nevada 89101
Telephone: (702) 471-7432
Facsimile: (702) 471-7435
Email:      jshea@sheacarlyon.com
            ccarlyon@sheacarlyon.com
            ssherman@sheacarlyon.com

[Proposed] Counsel for the Official Committee Of
Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>           Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>           Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>           Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>           Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>           Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| Affects<br><br>☒ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☐ USA First Trust Deed Fund, LLC | Date:  June 5, 2006<br>Time:  9:30 a.m.<br>Place: Courtroom #2 |

**OPPOSITION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC TO APPLICATION OF THE OFFICIAL COMMITTEE OF HOLDERS OF EXECUTORY CONTRACT RIGHTS THROUGH USA COMMERCIAL MORTGAGE COMPANY TO EMPLOY GORDON & SILVER, LTD. (AFFECTS ALL DEBTORS)**

391494v3

**TO THE HONORABLE LINDA B. RIEGLE, UNITED STATES BANKRUPTCY JUDGE:**

The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "First Trust Deed Committee") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases"), hereby objects (the "Objection") to the "Application Of The Official Committee Of Holders Of Executory Contract Rights Through USA Commercial Mortgage Company To Employ Gordon & Silver, Ltd." (the "Application")[1] and respectfully represents as follows:

### I.   INTRODUCTION

1.   The First Trust Deed Committee recognizes that the Official Committee Of Holders Of Executory Contract Rights Through USA Commercial Mortgage Company (the "Direct Lender Committee") is entitled to retain any counsel it chooses so long as such counsel complies with applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules), including but not limited to Bankruptcy Code sections 327(a) and 1103(b) and Bankruptcy Rules 2014(a) and 2019(a).  As such, in filing this Objection, the First Trust Deed Committee does not wish to prevent the Direct Lender Committee from employing the counsel it has chosen, but rather, the First Trust Deed Committee simply seeks to ensure that Gordon & Silver, Ltd. ("G&S") complies with the disclosure requirements under the Bankruptcy Code and Bankruptcy Rules and that, if employed, G&S will be compensated from the appropriate sources for appropriate tasks.

2.   Specifically, the First Trust Deed Committee objects to the Application on the grounds that: (1) due to the Application's vague disclosures and the failure of G&S to file a statement pursuant to Bankruptcy Rule 2019(a) (the "2019 Statement"), G&S has not satisfied its burden under section 327(a) of the Bankruptcy Code of showing that it is a disinterested person that does not hold or represent an interest adverse to the Debtors' estates in the Chapter 11 Cases; and (2) the Application does not contain sufficient information regarding G&S's compensation.

3.   Accordingly, the First Trust Deed Committee respectfully requests that

---

[1] Any terms not defined herein shall have the same meanings ascribed to them in the Application.

391494v3                                    2

1  prior to approving the Application, the Court require that G&S fulfill its disclosure requirements
2  by, among other things, augmenting the disclosures made in the Application and filing a 2019
3  Statement.  Furthermore, the First Trust Deed Committee also requests that any Court order
4  approving the retention of G&S by the Direct Lender Committee provide that G&S shall be
5  compensated only from the estate of USA Commercial Mortgage Company ("USA Mortgage")
6  or from the Direct Lenders themselves.

## II.    FACTS

4.    Chapter 11 bankruptcy petitions in each of the five Chapter 11 Cases were filed on April 13, 2006.

5.    On May 9, 2006, the Court entered its Order Regarding Joint Administration Without Substantive Consolidation (the "Joint Administration Order"), by which the Court ordered the Chapter 11 Cases to be jointly administered but not substantively consolidated.  See Docket # 184.

6.    On May 10, 2006, the United States Trustee filed the Notice of Appointment of Official Committee of Holders of Executory Contract Rights Through USA Commercial Mortgage Company.  See Docket # 202.

7.    At the May 18, 2006 hearing, the Court stated that, when applicable, it would hold counsel in the Chapter 11 Cases strictly accountable for filing verified statements pursuant to Bankruptcy Rule 2019.

8.    Thereafter, on May 26, 2006, G&S filed the Application, along with the declaration of Gregory E. Garman, Esq. in support thereof (the "Garman Declaration").  Attached as Exhibit "1" to the Garman Declaration is the legal representation agreement between G&S and the Direct Lender Committee.

9.    As set forth in detail below, the Application, which attempts to satisfy the requirements of Bankruptcy Code sections 327(a) and 328 and Bankruptcy Rule 2014, fails to make adequate disclosures and does not sufficiently describe G&S's proposed compensation.  Accordingly, the First Trust Deed Committee requests that the Court order G&S to correct these deficiencies prior to approval of the Application.

### III. ARGUMENT

**A. The Application's Inadequate Disclosures And The Lack Of A Rule 2019 Statement Preclude Determining Whether G&S Has Fulfilled The Requirements Of 11 U.S.C. §§ 327(a) and 1103(b) and Fed. R. Bankr. P. 2014.**

10. In attempting to satisfy its burden of showing that it is a disinterested person that does not hold or represent an interest adverse to the Debtors' estates under Bankruptcy Code sections 327(a)[2] and 1103(b)[3] and in attempting to satisfy the disclosure requirements of Bankruptcy Rule 2014,[4] G&S discloses, in the Application, connections with certain parties in interest in the Chapter 11 Cases. Certain of these disclosures, however, lack sufficient detail.

11. In particular, G&S must augment its disclosures with respect to "existing representations of Nevada State Bank *in both unrelated matters and [these Chapter 11 Cases]*." See Garman Declaration, Exhibit "1", § IV.2(a). In the Application, G&S states that Nevada State Bank "holds an unsecured credit line outstanding to USA Capital Mortgage which is guaranteed by, among others, Thomas Hantges, a former principle [sic] of one or more of the Debtors." Id. The Application does not provide any further detail with respect to this matter. Thus, an entity with whom G&S has an "existing relationship" may have an unsecured claim against the Debtors' estates, yet G&S does not disclose the amount of such claim or what services are being performed by G&S attorneys on behalf of Nevada State Bank in these Chapter

---

[2] In relevant part, 11 U.S.C. § 327(a) states: "[T]he trustee, with the court's approval, may employ one or more attorneys… that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

[3] In relevant part, 11 U.S.C. § 1103(b) states: "An attorney or accountant employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case."

[4] In relevant part, Fed. R. Bankr. P. 2014(a) states that an application to employ an attorney pursuant to either 11 U.S.C. § 327 or § 1103 must set forth "all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee" and must be accompanied by a verified statement of the person to be employed setting forth the same.

391494v3                                                4

1  11 Cases or other unrelated matters.  Furthermore, the fact that Thomas Hantges, an individual
2  who may be subject to certain causes of action brought by the Debtors' estates, is a guarantor of
3  the Nevada State Bank credit line, raises additional questions about whether G&S may have an
4  irreconcilable conflict of interest.  Accordingly, G&S's employment should not be authorized
5  until G&S makes further detailed disclosures regarding the credit line held by Nevada State
6  Bank, G&S's relationship with Nevada State Bank, and how G&S proposes to avoid and/or
7  address any conflict that may arise on account of the foregoing.
8        12.    Similarly, G&S must provide additional information with respect to its
9  representation (or proposed representation) of the Ad Hoc Committee of Holders of Direct
10 Lenders (the "Ad Hoc Committee"), which representation is only cryptically addressed by the
11 Application.  On one hand, the Application states:

> Prior to the appointment of the [Direct Lender] Committee, G&S was in the process of forming an Ad Hoc Committee of Holders of Direct Lenders.  G&S terminated its efforts to form an Ad Hoc Committee upon the appointment of the [Direct Lender] Committee and did not at any point accept representation of the Ad Hoc Committee or its members.

16 Application, ¶ 10.  Subsequently, however, the Application states that "G&S reserves the right to
17 seek compensation for services rendered on behalf of the Ad Hoc Committee to the extent that
18 the Court determines such services to have benefited Direct Lenders or that such service is
19 constituted a substantial contribution to the bankruptcy estates." Id.  In other words, the
20 Application seeks to reserve G&S's right to request compensation for services rendered to an
21 entity that G&S never represented.  With respect to G&S's representation of the Ad Hoc
22 Committee, it is clear that G&S must disclose information sufficient for this Court to determine
23 whether G&S is a disinterested person that does not hold or represent an interest adverse to the
24 estate.  As such, G&S must provide further and detailed information regarding its relationship
25 with the Ad Hoc Committee, including but not limited to (i) whether G&S received any
26 compensation from members and/or prospective members of the Ad Hoc Committee and, if so,
27 the amount of such compensation and from whom such compensation was paid, (ii) what
28 services, if any, G&S rendered on behalf of the Ad Hoc Committee, and, (iii) to the extent G&S

391494v3                5

accepted compensation and/or retainers from members and/or prospective members of the Ad Hoc Committee, how and when the representation of such persons was terminated.

13. In supplementing its disclosures with respect to the matters set forth above, G&S should both augment the Application and Garman Declaration and file a 2019 Statement.

### B. G&S Should Only Be Compensated From The Estate Of USA Mortgage.

14. While the Application seeks to compensate G&S in accordance with 11 U.S.C. § 330 and sets forth the hourly rates to be charged by G&S's professionals, the Application is notably silent with regard to the source of G&S's compensation for services rendered in its capacity as counsel to the Direct Lender Committee. As discussed above, the Chapter 11 Cases are being jointly administered but have not been substantively consolidated. Accordingly, to the extent that G&S is entitled to be compensated from a Debtor's estate as counsel for the Direct Lender Committee, G&S should be compensated only from the estate of USA Mortgage. In order avoid any confusion and ensuing litigation with regard to this matter, the First Trust Deed Committee requests that any order granting the Application specifically provide that G&S will be compensated for services rendered as counsel to the Direct Lender Committee solely by the estate of USA Mortgage or the Direct Lenders themselves.

15. Additionally, any order granting the Application should specifically provide that G&S will not be compensated by any of the Debtors' estates for services that do not satisfy the requirements of 11 U.S.C. § 330, the provision of the Bankruptcy Code the governs compensation of professionals employed under either Bankruptcy Code Sections 327 or 1103. In particular, G&S is only entitled to receive compensation from a Debtor's estate for services that are "reasonably likely to benefit the debtor's estate" and are "necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A)(ii). Thus, if G&S drafts and files a motion pursuant to 11 U.S.C. § 541(d) on behalf of the Direct Lender Committee by which the Direct Lender Committee asserts that any or all of the Debtors do not have an equitable interest in certain property, the fees and costs incurred in preparing such motion should not be charged to any of the Debtors' estates because such motion does not benefit the Debtors' estates.

391494v3                                              6

1    16. Also, in the event G&S reserves its right to seek compensation for substantial contribution with respect to services rendered on behalf of the Ad Hoc Committee, the Court should ensure that such right is reserved only with respect to G&S having made a substantial contribution to the Debtors' estates and not having rendered services that have benefited the Direct Lenders, as is requested by the Application.

**WHEREFORE**, the First Trust Deed Committee hereby requests that (1) prior to approving the Application, the Court require that the Direct Lender Committee comply with the disclosure requirements of the Bankruptcy Code and the Bankruptcy Rules by, among other things, augmenting the disclosures made in the Application and filing a 2019 Statement; and (2) any order that approves the retention of G&S by the Direct Lender Committee specifically provide that (i) the Direct Lender Committee is to be compensated solely from the estate of USA Mortgage or the Direct Lenders themselves, and (ii) the Direct Lender Committee cannot be compensated for any services that are not reasonably likely to benefit the Debtors' estates in the Chapter 11 Cases.

Respectfully submitted this 2nd day of June, 2006.

_____/s/ Eve H. Karasik_____

FRANK A. MEROLA (CA State Bar No. 136934),
EVE H. KARASIK (CA State Bar No. 155356), and
CHRISTINE M. PAJAK (CA State Bar No. 217173), Members of
STUTMAN, TREISTER & GLATT, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone: (310) 228-5600

and

CANDACE C. CARLYON
Shea & Carlyon, Ltd.
233 S. Fourth Street, Suite 200
Las Vegas, NV 89101
Telephone: (702) 471-7432
[PROPOSED] COUNSEL FOR THE
OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
OF USA CAPITAL FIRST TRUST DEED FUND, LLC

391494v3                                                7