Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com
   and
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
Attorneys for Debtors and Debtors-in-Possession

E-FILED ON JUNE 2, 2006

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | Date: June 5, 2006<br>Time: 9:30 a.m. |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **DEBTORS' LIMITED OBJECTION TO APPLICATION OF THE OFFICIAL COMMITTEE OF HOLDERS OF EXECUTORY CONTRACT RIGHTS THROUGH USA COMMERCIAL MORTGAGE COMPANY TO EMPLOY GORDON & SILVER, LTD. (AFFECTS USA COMMERCIAL MORTGAGE COMPANY)** |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |

Objection To G&S Employment Application

1

USA Commercial Mortgage Company ("USA"), USA Securities, LLC, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, and USA Capital First Trust Deed Fund, LLC (collectively, the "Debtors") respectfully submit this limited objection to the Application of the Official Committee of Holders of Executory Contract Rights Through USA Commercial Mortgage Company (the "Committee") to Employ Gordon & Silver, Ltd. (the "Gordon Firm") filed May 26, 2006 (docket no. 378) (the "Application").

The Debtors do not object generally to the Committee's retention of the Gordon Firm in this case. The Debtors object only on a limited and precautionary basis to the extent, if any, that the Application seeks a pre-determination of the reasonableness of the hourly rates and fees described in this case. For instance, it is simply premature for the Court to pre-approve the reasonableness of the hourly rates and other terms and conditions set forth in the Application without allowing for further scrutiny by parties in interest and the Court after fee applications are filed in these cases.

> The Bankruptcy Code authorizes the bankruptcy court to award a professional "reasonable compensation for actual necessary expenses." 11 U.S.C. §330(a)(1) (1994). In determining the award of compensation, the court considers the nature, extent, and the value of the professional's services, taking into account factors such as "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case … [and] whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed …." 11 U.S.C. §330(a)(3) (1994). The bankruptcy court cannot allow compensation for services that were not reasonably likely to benefit the estate or were not necessary to the administration of the estate. 11 U.S.C. §330(a)(4)(A)(ii) (1994).

<u>Lobel & Opera v. United States Trustee (In re Auto Parts Club, Inc.)</u>, 211 B.R. 29, 33 (9th Cir. BAP 1997). The Debtors object to any determination at this juncture as to the nature, extent or value of services performed and to be performed by the Gordon Firm in this case. In particular, Debtors specifically reserve the right to challenge the reasonableness of the hourly rates charged by the Gordon Firm, and the reasonableness of the total fees and costs it may charge in this case.

The Debtors also object to the Application to the extent that the Gordon Firm is being retained or will seek to be paid for services performed that are contrary to the interests of the creditors of the USA bankruptcy estate, including but not limited to services relating to efforts to:

1  (1) obtain the release of any funds from the estate; (2) prohibit any funds from becoming part of
2  the estate; (3) remove property from the estate; (4) argue that property is not property of the estate;
3  or (5) obtain relief from the automatic stay. Debtors intend to file within the next week a motion
4  seeking reconstitution of the Committee under 11 U.S.C. §1102 because the Committee members
5  apparently were chosen only from among the largest Direct Lenders whose loans are serviced by
6  USA, and these Direct Lenders are not representative of creditors holding the largest claims
7  against USA. Accordingly, the Debtors assert that if the Court is inclined to authorize the
8  Committee's employment of the Gordon Firm, the Court should do so only on a temporary basis
9  and reserve approval for permanent retention until after the Court considers the Debtors' motion
10 seeking reconstitution of the Committee.

11 Respectfully submitted this 2nd day of June, 2006.

/s/ Jeanette E. McPherson
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146

and

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385