Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com
      and
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

E-FILED ON JUNE 2, 2006

Attorneys for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                       Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>Date:  June 5, 2006<br>Time:  9:30 a.m.<br><br>**DEBTORS' LIMITED OBJECTION TO APPLICATIONS OF FIRST TRUST DEED COMMITTEE TO EMPLOY STUTMAN, TREISTER & GLATT, P.C., AND SHEA & CARLYON, LTD.  (AFFECTS USA FIRST TRUST DEED FUND, LLC)** |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                       Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                       Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                       Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>                                                       Debtor. | |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☒ USA First Trust Deed Fund, LLC | |

1

Objection to Stutman & Shea Employment Applications

USA Commercial Mortgage Company ("USA"), USA Securities, LLC, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, and USA Capital First Trust Deed Fund, LLC (collectively, the "Debtors") respectfully submit this limited objection to the applications of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "Committee") to employ Stutman, Treister & Glatt, P.C. (the "Stutman Firm") and Shea & Carlyon (the "Shea Firm") (collectively, the "Applications") as bankruptcy counsel in these jointly administered cases.

The Debtors do not object generally to the Committee's retention of the Stutman Firm and the Shea Firm. The Debtors object only on a limited and precautionary basis to the extent, if any, that the Applications seek a pre-determination of the reasonableness of the hourly rates and fees described in this case. For instance, it is simply premature for the Court to pre-approve the reasonableness of the hourly rates and other terms and conditions set forth in the Applications without allowing for further scrutiny by parties in interest and the Court after fee applications are filed in these cases.

> The Bankruptcy Code authorizes the bankruptcy court to award a professional "reasonable compensation for actual necessary expenses." 11 U.S.C. §330(a)(1) (1994). In determining the award of compensation, the court considers the nature, extent, and the value of the professional's services, taking into account factors such as "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case … [and] whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed …." 11 U.S.C. §330(a)(3) (1994). The bankruptcy court cannot allow compensation for services that were not reasonably likely to benefit the estate or were not necessary to the administration of the estate. 11 U.S.C. §330(a)(4)(A)(ii) (1994).

Lobel & Opera v. United States Trustee (In re Auto Parts Club, Inc.), 211 B.R. 29, 33 (9th Cir. BAP 1997). The Debtors object to any determination at this juncture as to the nature, extent or value of services performed and to be performed by the Stutman Firm and the Shea Firm in this case. In particular, Debtors specifically reserve the right to challenge the reasonableness of the hourly rates charged by the Stutman Firm and the Shea Firm, and the reasonableness of the total fees and costs they may charge in this case.

2

Objection to Stutman & Shea Employment Applications

1   The Debtors also specifically object on a limited based to the retention of the Shea Firm to
2   the extent it has an unwaived or unwaivable conflict with Wells Fargo Bank. Before seeking
3   retention by the Committee, the Shea Firm appeared and participated in these cases on behalf of
4   Wells Fargo Bank in a matter adverse to the Debtors. The Committee's application to employ the
5   Shea Firm discloses that "Shea & Carlyon represents Wells Fargo Bank ('Wells Fargo') in
6   numerous matters, including issues related to the USACMC prepetition and postpetition bank
7   accounts, as well as prepetition debts owed by USACMC to Wells Fargo." Application, p. 6. The
8   Application also describes two current disputes between USA and Wells Fargo arising in these
9   cases that apparently have not been resolved and may need to be resolved in these cases.
10  Although the Committee states that the Stutman Firm will handle "any matter arising with respect
11  to Wells Fargo that may pose a potential conflict or interest for Shea & Carlyon," Application at p.
12  7, there is no affirmative statement by the Committee or by the Shea Firm that the Shea Firm will
13  not continue to represent Wells Fargo in any dispute involving these Debtors. The Debtors
14  believe that the Shea Firm cannot be retained on behalf of the Committee if the Shea Firm intends
15  to continue representing Wells Fargo Bank in matters adverse to the Debtors in these cases.
16  Moreover, the Shea Firm has not disclosed whether it has received appropriate conflicts waivers,
17  and the content and limitations stated in any such waivers, that may be required in this situation.
18  Unless and until the apparent conflicts situation of the Shea Firm respecting its representation of
19  Wells Fargo Bank in these cases is properly resolved and documented, the Debtors object to the
20  Committee's retention of the Shea Firm.
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

3

Objection to Stutman & Shea Employment Applications

WHEREFORE, the Debtors respectfully request that Court consider these limited objections and condition the Committee's employment of the Stutman Firm and the Shea Firm as set forth above.

Respectfully submitted this _____ day of June, 2006.

/s/ Jeanette E. McPherson
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146

and

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

4

Objection to Stutman & Shea Employment Applications