GORDON & SILVER, LTD.
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: gmg@gordonsilver.com
BRIGID M. HIGGINS, EQ.
Nevada Bar No. 5990
E-mail: bmh@gordonsilver.com
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: geg@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89109
Telephone (702) 796-5555
Facsimile (702) 369-2666
[Proposed] Counsel to the Official Committee
of Holders of Executory Contract Rights Through
USA Commercial Mortgage Company

E-Filed On 6/2/06

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>                           Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>                           Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>                           Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>                           Debtor. | **REPLY TO OPPOSITION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC AND LIMITED OPPOSITION OF DEBTOR TO APPLICATION OF THE OFFICIAL COMMITTEE OF HOLDERS OF EXECUTORY CONTRACT RIGHTS THROUGH USA COMMERCIAL MORTGAGE COMPANY TO EMPLOY GORDON & SILVER, LTD.** |
| In re:<br>USA SECURITIES, LLC,<br><br>                           Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | <br><br>Date: June 5, 2006<br>Time: 9:30 a.m. |

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100911-001/405390.doc

The Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company (the "Direct Lender Committee") hereby submits its Reply ("Reply") to Opposition of The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "First Trust Deed Fund Committee") and the Limited Opposition of Debtors (together the "Oppositions') to the Application Of The Official Committee Of Holders Of Executory Contract Rights Through USA Commercial Mortgage Company To Employ Gordon & Silver, Ltd. ("Application")

This Reply is made and based on the Declaration of Gregory E. Garman, Esq. (the "Garman Declaration") in Support of Reply ("Reply") to Opposition of The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "First Trust Deed Fund Committee") and the Limited Opposition of Debtors (together the "Oppositions') to the Application Of The Official Committee Of Holders Of Executory Contract Rights Through USA Commercial Mortgage Company To Employ Gordon & Silver, Ltd., the points and authorities which follow, the papers and pleadings contained in the Court's file, judicial notice of which is respectfully requested, and any argument of counsel to be entertained at any hearing on this Application.

## I.
## INTRODUCTION

In the Opposition, the First Trust Deed Fund Committee objects to the Application of Gordon & Silver, Ltd ("G&S") based on the following allegations: "(i) due to the Application's vague disclosures and the failure of G&S to file a statement pursuant to Bankruptcy Rule 2019(a) (the "2019 Statement"), G&S has not satisfied its burden under section 327(a) of the Bankruptcy Code of showing that it is a disinterested person that does not hold or represent an interest adverse to the Debtors' estates in the Chapter 11 Cases; and (2) the Application does not contain sufficient information regarding G&S's compensation." G&S disagrees with the First Trust Deed Fund Committee's allegations.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100911-001/405390.doc

2

## II.
## LEGAL ARGUMENT

**A.  G&S Provided Adequate Disclosures Related to Nevada State Bank.**

In the Declaration of Gregory E. Garman filed in support of the Application, G&S disclosed the following:

> G&S has an existing relationship with Nevada State Bank. With regard to these bankruptcy proceedings, Nevada State Bank holds an unsecured credit line outstanding to USA Capital Mortgage which is guaranteed by, among others, Thomas Hantges, a former principle [sic] of one or more of the Debtors. Additionally, Nevada State Bank has a depository relationship with one or more of the Debtors.

See Garman Declaration, p. 2, ll. 26-28, p. 3, ll. 1-4.

The First Trust Deed Fund Committee states that this disclosure is inadequate and requests that G&S make "further detailed disclosures regarding the credit line held by Nevada State Bank, G&S's relationship with Nevada State Bank, and how G&S proposes to avoid and/or address any conflict that may arise on account of the foregoing." See Opposition, p. 5, ll. 4-7. The First Trust Deed Fund Committee asserts that because Mr. Hantges is a guarantor on the Nevada State Bank line of credit G&S may have an "irreconcilable conflict of interest." See Opposition, p. 5, ll. 1-4.

As disclosed previously, Nevada State Bank holds an unsecured credit line with USA Capital Mortgage which is guaranteed by Tom Hantges a former principal of one or more of the Debtors. The principal amount of the unsecured credit line is Three Hundred Thousand Dollars ($300,0000).

G&S does not believe that its representation of Nevada State Bank against non-debtor, Mr. Hantges, on his guaranty is adverse to the interests of the Direct Lender Committee as prohibited by 11 U.S.C. §1103(b) which in pertinent part provides:

> An attorney . . .employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case.

11 U.S.C. §1102(b); see also

The scope of G&S's authority on behalf of the Direct Lender Committee is generally to

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100911-001/405390.doc

3

act to benefit all of the its constituents. In fact, some of the individual Direct Lenders have guaranties from Mr. Hantges and some do not. Some of the individual Direct Lenders may have to look to the guaranties for payment, some may not. The Debtors' potential causes of action against Mr. Hantges, does not create a conflict for G&S with the Direct Lenders' Committee.

Moreover, G&S does not believe that its representation of Nevada State Bank provides a basis for the discretionary denial of compensation under 11 U.S.C. §328(c) and certainly does not believe such representation creates an "irreconcilable conflict of interest" as alleged by the First Trust Deed Fund Committee. Ultimately, whether G&S's representation of Nevada State Bank is adverse to the Direct Lender Committee is a decision for this Court to make.

**B.    G&S Provided Adequate Disclosure Related to Its Prior Representation of Individual Direct Lenders.**

In the Garman Declaration, G&S disclosed its representation of Janet Buckalew, Trustee of the Buckalew Trust who is a direct lender and holds equity security interests in one or more of the funds and of Kevin Higgins who is a direct lender. See Garman Declaration, p. 3, ll. 5-7. G&S no longer represents the individual interests of Buckalew Trust or Kevin Higgins related to these proceedings. See Declaration of Gregory Garman In Support of Reply, p. 2, ll. 12-14. Moreover, G&S disclosed that prior to the appointment of the Direct Lender Committee, "G&S was in the process of forming an Ad Hoc Committee of Holders of Direct Lenders. G&S terminated its efforts to form an Ad Hoc Committee upon the appointment of the Official Committee and did not at any point accept representation of the Ad Hoc Committee or its members. If appointed as Committee counsel, G&S will not represent any individual direct lenders in these proceedings." See Garman Declaration, p. 3, l. 10-14.

The First Trust Deed Fund Committee demands that G&S provide more specific information related to G&S's relationship with the Ad Hoc Committee. The Garman Declaration made it clear that G&S was never retained by the Ad Hoc Committee. G&S is at a loss for how it can disclose a representation which never existed. G&S was not paid any compensation from the Ad Hoc Committee. See Declaration of Gregory Garman in Support of Reply, p. 2, ll. 16.[1]

---

[1] Moreover, counsel for the First Trust Deed Fund Committee, Stutman Treister & Glatt, P.C.

Gordon & Silver, Ltd.
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89109
(702) 796-5555

100911-001/405390.doc

4

### C. G&S is Entitled to Be Compensated For Services Provided to the Direct Lender Committee.

The First Trust Deed Fund Committee and the Debtors argue that pursuant to 11 U.S.C. §330(a)(4)(A)(ii), G&S is only entitled to be compensated from a Debtor's estate for services that are "reasonably likely to benefit the debtor's estate" and are "necessary to the administration of the case". This is an incorrect reading of 11 U.S.C. §330(a)(4)(A)(ii).

11 U.S.C. §330(a)(1)(A) authorizes the court to award compensation to a professional person under section 1103, among other professionals, for "actual, necessary services rendered by" an attorney employed for such a committee. 11 U.S.C. §330(a)(1). 11 U.S.C. §330(a)(4)(A)(ii) provides, in relevant part, that the court shall not allow compensation for:

>  (ii) services that were not-
>
>    (I) reasonably likely to benefit the debtor's estate; **or**
>
>    (II) necessary to the administration of the case.

11 U.S.C. §330(a)(4)(A)(ii) (emphasis added).[2]

Both the Debtors and the First Trust Deed Fund Committee argue that under 11 U.S.C. §330(a)(4)(A)(ii), G&S cannot be compensated for advocating positions on behalf of our constituency, the Direct Lender Committee. Specifically, the Debtors and the First Trust Deed Committee argue that G&S cannot be compensated for advocating the Direct Lender Committee's position that the Direct Loans are not property of the Debtors' bankruptcy estates pursuant to 11 U.S.C.§541(a). This argument is illogical, untenable and unsupported by the language of the statute.

11 U.S.C.§1102(a) authorizes the United States Trustee to appoint committees as deemed

---

(continued)
("STG") previously represented and filed pleadings on behalf of "an organized group of investors, who each have done business with one of more of the Debtors" and referred to themselves as the "Interim Committee". See Limited Opposition to the Debtors' Cash Management Motion And Interim Use Of Cash, docket no. 119. STG never identified one individual or entity which it represented even by name. It appears as though STG failed to comply with Bankruptcy Rule 2019. The Court may not have sufficient information to determine whether STG represents adverse interests.

[2] See also Colliers on Bankruptcy which provides that subsection 330(a)(4) "prohibits compensation for services that are unnecessarily duplicative, unlikely to benefit the debtors' estates, **or** unnecessary to the administration of the bankruptcy case." Colliers On Bankruptcy, Fifteenth Edition Revised, ¶330.LH[5], p. 330-74 (emphasis added).

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100911-001/405390.doc

5

appropriate. 11 U.S.C.§1102(a). The United States Trustee deemed the appointment of the Direct Lender Committee appropriate. 11 U.S.C. §1103(a) authorizes a committee to employ attorneys and other professionals. 11 U.S.C.§1103(c) sets forth a committee's various functions. In fact, the members of a committee have fiduciary duties to the constituency it represents and not to the estate as a whole. Woods v. City Nat. Bank & Trust Co. of Chicago, 312 U.S. 262, 268-69, 61 S.Ct. 493, 497 (1941) (holding under the Act that protective committees are fiduciaries); Official Unsecured Creditors Committee v. Stern (In re SPM Mfg. Corp.), 984 F.2d 1305, 1315 (1st Cir. 1993). The SPM Mfg. Court held that:

> The creditors' committee is not merely a conduit through whom the debtor speaks to and negotiates with creditors generally. On the contrary, it is purposely intended to represent the necessarily different interests and concerns of the creditors it represents. It must necessarily be adversarial in a sense, though its relation with the debtor may be supportive and friendly. There is simply no other entity established by the Code to guard those interests. The committee as the sum of its members is not intended to be merely an arbiter but a partisan which will aid, assist and monitor the debtor pursuant to its own self interest.

SPM Mfg. Corp., 984 F.2d at 1316

Courts have determined that ". . . necessary services are those rendered to the committee in connection with the committee's performance of its functions under 11 U.S.C. §1103(c)." Lifschultz Fast Freight, Inc., 140 B.R. 482, 485 (1992), citing In re Pettibone Corp., 74 B.R. 293, 308 (Bankr. N.D.Ill. 1987); see also In re Thrifty Oil Company, 205 B.R. 1009, 1019 (Bankr. S.D.Ca. 1997). The Lifschultz Court recognized the realities in virtually every chapter 11 bankruptcy case that the interests of the committee may conflict with the interests of the estate. Lifschultz Fast Freight, Inc., 140 B.R. at 488. As the Lifschultz Court stated:

> It is illogical to presume that Congress meant to allow the committee's attorneys compensation only for those services that benefited the estate's position when Congress expressly authorized the committee to act in the interest of different entities and further authorized the committee to hire lawyers to represent it.

Id. (discussing the inherent conflict a limitation on compensation which solely benefited the estate would have on the counsel for a committee).

The compensation of the counsel for the Direct Lender Committee cannot be limited or prohibited because it is adversarial or contrary to the Debtors' or another committee's position.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100911-001/405390.doc

6

Such a result would chill the ability of a duly appointed committee to ever retain counsel.

## III.
## CONCLUSION

WHEREFORE, Debtor respectfully requests that it be authorized to employ G&S as its attorneys (as of May 26, 2006), to render legal services as described in the Application, with compensation and with reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court, pursuant to the provisions of Section 330 of the Bankruptcy Code.

DATED this 2 day of June, 2006.

GORDON & SILVER, LTD.

By: _____
GERALD M. GORDON, ESQ.
BRIGID M. HIGGINS, ESQ.
GREGORY E. GARMAN, ESQ.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100911-001/405390.doc

7