1  Donna Cangelosi, Direct Lender
2  5860 Lausanne Drive
   Reno, NV  89511
   (775) 849-7869
3  (775) 530-7079

4

5              UNITED STATES BANKRUPTCY COURT
                    DISTRICT OF NEVADA

| In re: | Case No. BK-S-06-10725 LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | Case No. BK-S-06-10726 LBR |
| Debtor. | Case No. BK-S-06-10727 LBR |
| In re: | Case No. BK-S-06-10728 LBR |
| USA CAPITAL REALTY ADVISORS, LLC, | Case No. BK-S-06-10729 LBR |
| Debtor. | Chapter 11 |
| In re: | |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | Jointly Administered Under |
| Debtor. | Case No. BK-S-06-10725 LBR |
| In re: | |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | Date: June 5, 2006 |
| Debtor. | Time: 9:30 a.m. |
| In re: | |
| USA SECURITIES, LLC, | |
| Debtor. | **OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO TERMINATE LOAN SERVICING AGREEMENT FOR DIRECT LOAN TO BOISE/GOWAN, LLC(AFFECTS USA COMMERCIAL MORTGAGE)** |
| Affects: | |
| ☐ All Debtors | |
| ☒ USA Commercial Mortgage Company | |
| ☐ USA Securities, LLC | |
| ☐ USA Capital Realty Advisors, LLC | |
| ☐ USA Capital Diversified Trust Deed Fund, LLC | |
| ☐ USA First Trust Deed Fund, LLC | |

Donna Cangelosi, Investor in Boise Gowan, by and through herself, hereby responds in opposition to the Motion for Relief From the Automatic Stay to Terminate Loan Servicing Agreement for Direct Loan to Boise/Gowan, LLC (the "Motion for Relief") (docket no. 292, filed May 18, 2006) filed by Scott K. Canepa ("Canepa").

The motion should be denied for the following reasons:

1. Canapa's motions does not identify the proposed Loan Servicing Agent.

1

2. Costs associated with moving the loan are not identified. Who will bare the legal expenses associated with this motion, to contact the investors, to defend the motion and to ultimately service the loan?

3. Moving performing loans selectively will weaken the Debtor who are servicing other loans in my portfolio, both performing and non-performing. It is more economical for me to have one loan servicing agent service all my loans than to split them out among servicing agents. In addition, Debtor's expense to service my non-performing loans will be greater if they cannot realize the loan servicing fees from performing loans. Also, I am an unsecured creditor because two of my loans were repaid pre-petition and the principal was paid to other investors as interest. By removing loan servicing revenues from Debtor, it further harms my ability to recover this unsecured money as an unsecured creditor because Debtor will be additionally harmed from the loss of servicing fees of performing loans.

4. Canapa offers no guarantee that the new loan servicing agent can do a better job than Debtor under Mesirow management.

5. I understand this project may need additional funding for me to realize the full value of my investment. It is not clear if the new loan servicing agent is a mortgage broker who can secure additional financing, or if they simply are a loan servicer. If additional financing is needed, and the new loan servicer could provide it, what are the terms that would be offered to the borrower? What encumbrances would I incur? No information is provided to assure me that these terms would be acceptable to myself or the borrower.

6. No where does it state that an appraisal has been performed and the new loan servicer understands the underlying collateral should the need for foreclosure action arise.

7. Canapa has not offered me assurance that I can recoup 100 percent of my investment. If I cannot recoup 100% of my investment, who will be responsible for my loss? By keeping my entire portfolio with Debtor, I may have recourse for recovery. By moving my loan, I may loose all recourse for any recovery.

1
2 *[signature: Donna Cangelosi]*
3 Donna Cangelosi (Investor)
4 5860 Lausanne Drive
5 Reno, NV 89511

3