Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer
Nevada Bar No. 0399
Jeanette E. McPherson
Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
Attorneys for Debtors

**E-FILED on June 6, 2006**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case Nos. BK-S-06-10725 LBR<br>Case Nos. BK-S-06-10726 LBR<br>Case Nos. BK-S-06-10727 LBR<br>Case Nos. BK-S-06-10728 LBR<br>Case Nos. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **DEBTOR'S LIMITED OPPOSITION TO EMERGENCY MOTION FOR ORDER REGARDING PROJECT DISBURSEMENT GROUP, INC.'S DISBURSEMENT OF INTEREST PAYMENTS TO DEBTOR [AFFECTS DEBTOR USA COMMERCIAL MORTGAGE COMPANY]** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Date of Hearing: June 15, 2006<br>Time of Hearing: 10:00 a.m. |

1

1  On or about May 22, 2006, Project Disbursement Group, Inc. ("PDG") filed its Emergency Motion for Order Regarding Project Disbursement Group, Inc.'s Disbursement of Interest Payments to Debtor (the "PDG Motion"). Debtor USA Commercial Mortgage Company ("USACM") hereby files its Limited Opposition to the PDG Motion.

## POINTS AND AUTHORITIES

### Factual Background

As outlined in the PDG Motion, on or about May 12, 2006, Debtor USACM and PDG signed a "Stipulation And Interim Order Authorizing Project Disbursement Group, Inc. To Make Disbursements From Funds It Holds As Disbursement Agent" (the "Stipulation") with respect to the disbursement to USACM as Servicer of interest payments from interest reserves being held by PDG for various loans pursuant to certain Escrow Agreements and Control Services Agreements with Debtor USACM. A true and correct copy of the Stipulation as it was signed by Debtor USACM and PDG is attached hereto as **Exhibit "A"** and incorporated herein. The Stipulation was subsequently forwarded to the Court, but before entering the Stipulation, the Court requested that the Office of the United States Trustee and the Committees appointed in these jointly administered cases also execute the Stipulation. The Office of the United States Trustee has now executed the Stipulation, and Debtor USACM has circulated the Stipulation to counsel for the Committees[1] for their review. For that reason, the Stipulation has not yet been resubmitted to the Court.

### Memorandum of Law

To the extent the PDG Motion constitutes an additional request by PDG that the Court approve and enter the Stipulation, Debtor USACM joins in that request by PDG. However, to the extent that PDG has now changed its mind, and the PDG Motion can be construed to seek other relief that is inconsistent with the Stipulation that has already been agreed to by PDG, such as permission from the Court for PDG "to retain the funds, to pay the funds to another party whom this Court directs, or to file a motion to interplead the funds with this Court," (see Page 4 of PDG

---

[1] At the time of circulation, Stutman Treister & Glatt was the only existing counsel in place for the Committees.

2

Motion), Debtor USACM objects to PDG's request for any relief that is not consistent with the terms of the Stipulation.

Debtor USACM is entitled to collect its servicing fee from interest payments made on the loans for which PDG is acting as disbursement agent. However, notwithstanding its agreement in the Stipulation to begin making disbursements, PDG is still holding the interest reserves and not disbursing them to Debtor USACM as Servicer as agreed between the parties. By holding on to the interest reserves and not disbursing them, PDG is exercising control over property of Debtor USACM's bankruptcy estate because the portion of the unpaid interest payments that is attributable to Debtor USACM's servicing fee is property of Debtor USACM's bankruptcy estate.

PDG's continued refusal to disburse to Debtor USACM, notwithstanding its agreement to do so in the Stipulation, is a violation of the automatic stay. PDG is holding significant sums in the interest reserves, which should be paid over immediately to Debtor USACM pursuant to the Stipulation. Under 11 U.S.C. § 362(a)(3), the filing of Debtor USACM's Chapter 11 bankruptcy petition automatically operates as a stay, applicable to all entities, including PDG, of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." PDG is exercising control inconsistent with the terms of the Control Account Escrow Agreements and Security Agreements and the Stipulation over the interest reserves that need to be used to pay interest payments on the loans for which PDG is acting as disbursement agent, thereby causing damages to Debtor USACM as well as damaging the borrowers for those loans. Debtor USACM reserves the right to seek sanctions against PDG for this violation of the automatic stay.

It is significant that PDG has not indicated in the PDG Motion any reason why the interest payments from the interest reserves that were originally funded through USACM as Servicer should be made to any party other than to USACM as Servicer, which is consistent with the terms of the Control Account Escrow Agreements and Security Agreements with PDG. Debtor USACM

///

///

3

respectfully submits that the payment arrangement agreed to in the Stipulation is the appropriate relief to be granted for the PDG Motion.

Respectfully submitted on June 6, 2006.

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

and

*[signature]*

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Esq., Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas NV  89146
Attorneys for Debtor and Debtor-in-Possession

878181.02/dmm

# EXHIBIT "A"

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com
and
Lenard E. Schwartzer
Nevada Bar No. 0399
Jeanette E. McPherson
Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
Proposed Attorneys for Debtors and Debtors-in-Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | Date: N/A<br>Time: N/A |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |

Affects:
- ☐ All Debtors
- ☒ USA Commercial Mortgage Company
- ☐ USA Securities, LLC
- ☐ USA Capital Realty Advisors, LLC
- ☐ USA Capital Diversified Trust Deed Fund, LLC
- ☐ USA First Trust Deed Fund, LLC

# STIPULATION AND INTERIM ORDER AUTHORIZING PROJECT DISBURSEMENT GROUP, INC. TO MAKE DISBURSEMENTS FROM FUNDS IT HOLDS AS DISBURSEMENT AGENT [AFFECTS USA COMMERCIAL MORTGAGE COMPANY]

Debtor and Debtor-in-Possession USA Commercial Mortgage Company ("Debtor" or "USA"), by and through its counsel, Jeanette E. McPherson, Esq. of the Schwartzer & McPherson Law Firm, and Project Disbursement Group, Inc. ("PDG"), by and through its counsel, Matthew Q. Callister, Esq., hereby stipulate and agree as follows:

**WHEREAS**, the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code on April 13, 2006 (the "Petition Date"), and the Debtor continues to operate its business and possess its property as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

**WHEREAS**, pursuant to certain pre-petition written agreements entitled "Control Account Escrow Agreement and Security Agreement" (the "Escrow Agreements") entered into by and among: (1) PDG, (2) the Debtor as authorized Agent and Servicer for certain loan investors, and (3) certain borrowers (the "Borrowers"), and pursuant to certain other pre-petition written agreements entitled "Agreement for Construction Control Services" (the "Control Services Agreements") entered into between PDG and the Debtor relating to loans to the Borrowers, PDG is currently acting as the disbursement agent for the Debtor (in its capacity as Agent and Servicer) and in some instances for the Borrower in connection with loans that were originated and are serviced by the Debtor (the "Loans"). The Escrow Agreements and the Control Services Agreements are collectively referred to hereinafter as the "Disbursement Agreements." Attached hereto as Exhibit A is a spreadsheet providing certain information about each of the Loans for which PDG acts as disbursement agent under the Disbursement Agreements.

    **WHEREAS,** pursuant to the terms of the Disbursement Agreements, the Debtor as Servicer forwarded to PDG prior to the Petition Date certain loan funds: (1) to be held by PDG as interest reserves to be disbursed periodically to the Debtor (in its capacity as Agent and Servicer) as interest payments for the Loans, and (2) in some cases, to be held by PDG as construction funds to be disbursed as directed by the Borrowers, with the consent of the Debtor as Servicer, as construction advances in connection with the Loans. PDG is still holding some of the loan funds to be disbursed pursuant to the Disbursement Agreements as set forth above.

    **WHEREAS,** after the Petition Date, PDG has continued to disburse loan funds as directed by the Borrowers, with the consent of the Debtor as Servicer, as construction advances in connection with the Loans, but PDG has temporarily stopped disbursing funds as interest payments to the Debtor as Servicer from the interest reserve portions of the Loans.

    **WHEREAS,** PDG asserts that, after the Petition Date, PDG was informed by several investors that interest payments made by PDG to Debtor on or about March 2006 were not subsequently disbursed by Debtor to said investors, and based on this information, PDG temporarily stopped disbursing funds as interest payments to the Debtor.

    **WHEREAS,** the Debtor asserts that it is authorized under the terms of Loan Servicing Agreements entered into between the Debtor as Servicer and various loan investors for the Loans (the "Investor Servicing Agreements") to provide periodic disbursement authorizations to PDG for the payment of interest on the Loans from the interest reserves being held by PDG and, in some cases, for construction funding on the Loans, consistent with the Disbursement Agreements and the disbursement terms of the executed loan documents for the Loans.

    **WHEREAS,** the Debtor asserts that its bankruptcy filing does not relieve PDG of any of its obligations under the Disbursement Agreements, including its obligation to disburse interest payments to the Debtor as Servicer from the interest reserves, and the Debtor further asserts that providing these disbursement authorizations to PDG is in the ordinary course of Debtor's business under Section 363(c)(1) of the Bankruptcy Code and that the Court also has the power under Section 105(a) of the Bankruptcy Code to order PDG to comply with the Disbursement Agreements and to follow the disbursement authorizations and directives PDG receives from the

1  Debtor regarding the Loans.

2  **NOW, THEREFORE**, in consideration of the foregoing, the Debtor and PDG agree as
3  follows:

4      1.    The foregoing recitals are incorporated herein in full.

5      2.    PDG is authorized to continue making disbursements to the Debtor as Servicer for
6  interest payments from the interest reserves and to continue making disbursements as directed by
7  the Borrowers, subject to the consent of the Debtor as Servicer, for construction funding,
8  according to the Disbursement Agreements and relevant loan documents.

9      3.    The Debtor, as Servicer, is authorized to continue to exercise its powers on behalf
10 of the loan investors under the Investor Servicing Agreements and to continue to provide PDG
11 with necessary disbursement instructions and authorizations for the Loans that are consistent with
12 the Disbursement Agreements and terms of the loan documents for the Loans.

13     4.    In those cases where Debtor as Servicer approves a Request for Disbursement and
14 sends to PDG the appropriate Instructions to Disburse, and PDG has previously received the
15 disbursement amount from Debtor as Servicer, then PDG shall immediately make the required
16 disbursements to the Debtor as Servicer for interest payments on the Loans from the interest
17 reserves being held by PDG and shall immediately make the required disbursements as directed by
18 the Borrowers, subject to the consent of the Debtor as Servicer, for construction funding on the
19 Loans.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

5. The Debtor will hold the funds received as interest payments from PDG in its DIP Collection Account (which is separate from and will not be commingled with the Debtor's separate operating account(s)) as described in motions filed by the Debtor in its bankruptcy case and will not disburse such funds except as directed by the Bankruptcy Court.

DATED: May ___, 2006

/s/ Jeanette E. McPherson
Jeanette E. McPherson, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, NV 89146
Proposed Attorneys for Debtors and
Debtors-in-Possession

DATED: May 12, 2006

Matthew Q. Callister, Esq.
Callister & Reynolds
823 Las Vegas Boulevard South
Las Vegas, NV 89101
Attorneys for Project Disbursement Group, Inc.

**ORDER**

IT IS SO ORDERED.

Submitted By:

/s/ Jeanette E. McPherson
Jeanette E. McPherson, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, NV 89146
Proposed Attorneys for Debtors and
Debtors-in-Possession

///

///

///

///

///

Approved/Disapproved by:

_____
James Patrick Shea, Esq.
Candace C. Carlyon, Esq.
Shea & Carlyon, Ltd.
233 South Fourth Street, Second Floor
Las Vegas, NV 89101
Proposed Special Counsel for Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC and USA Capital Diversified Trust Deed Fund, LLC; and for the Official Committee of Executory Contract Holders of USA Commercial Mortgage Company

Approved/Disapproved by:

[signature]
_____
Office of the U.S. Trustee
300 Las Vegas Boulevard South, Suite 4300
Las Vegas, NV 89101

# EXHIBIT "A"

May 4, 2006

| BANK NAME | BANK ACCT# | BALANCE 05/03/06 | PROJECT NAME | INT ONLY | PROJECT # | SOFT | HARD | LENTH |
|---|---|---|---|---|---|---|---|---|
| BK OF LAS VEGAS | #404001907 | $1,107.61 | BARUSA | YES | 23028 | YES | | |
| BK OF LAS VEGAS | #404002853 | $528,719.19 | HESPERIA II | YES | 25071 | YES | YES | |
| BANK OF NV | #5700065001 | $17,434,616.02 | LA HACIENDA ESTATES | NO | 25011 | YES | YES | |
| BK WEST OF NV | #0924444883 | $275,243.60 | UNIVERSITY ESTATES | INT/HARD | 25070 | YES | YES | |
| BUSINESS BANK | #3302024 | $390,500.04 | LERIN HILLS | YES | 26001 | NO | NO | |
| 1st SAVINGS BANK | #6300306605 | $1,006.87 | PLACER COUNTY | YES | 24145 | YES | YES | |
| 1st SAVINGS BANK | #6300387410 | $1,233.06 | SVRB | YES | 25074 | YES | YES | |
| 1st SAVINGS BANK | #6300375300 | $35,624.75 | HEARTHVERA 1.0 | YES | 25112 | YES | YES | |
| NV FIRST BK | #01020029058 | $556,561.82 | MTN HSE/PEGASUS | NO | 24054 | NO | YES | |
| RED ROCK COMM | #4020040 | $39,445.00 | BY SYNERGY | NO | 2401 | YES | YES | |
| RED ROCK COMM | #300004578 | $9247.96 | OCEANA I UNIT C CHICAGO | NO | 2603 | YES | YES | |
| RED ROCK COMM | #300004755 | $213,073.17 | STANDARD PROPERTY DEVELOPMENT | YES | 25082 | NO | NO | |
| SILVER STATE | #2501562 | $26,731.29 | GARDENS | NO | 22001 | YES | YES | |
| SILVER STATE | #25017699 | $86,568.02 | GARDENS 2 | NO | 25107 | YES | YES | |
| SILVER STATE | #25015532 | $358,580.47 | WEST HILLS | NO | 24043 | NO | YES | |
| SILVER STATE | #25015661 | $4,632.75 | DEL VALLE CAPITAL CORP/LIVINGSTON | YES | 25148 | NO | NO | |
| SILVER STATE | #25017500 | $19,212.58 | TAPIA RANCH III | YES | 25167 | YES | NO | |
| SILVER STATE | #25017519 | $46,103.04 | BUNDY CANYON 4 (5 MIL) | NO | 25189 | YES | YES | |
| SILVER STATE | #25017373 | $138,422.83 | OCEAN ATLANTIC | NO | 25178 | YES | YES | |
| SILVER STATE | #25017144 | $58,078.16 | SLADE DEVELOPMENT | | 25182 | | | |
| SILVER STATE | #25017068 | $85.68 | GATEWAY STONE | | 25193 | YES | NO | |
| SILVER STATE | #25015989 | $45,789.00 | 5252 ORANGE | YES | 26005 | NO | NO | |
| SILVER STATE | #25016970 | $45,714.91 | 60TH STREET VENTURE | YES | 26004 | NO | NO | |
| SILVER STATE | #2501724 | $154,540.69 | BUNDY CANYON 3 (1 MIL) | NO | 26006 | YES | NO | |
| SILVER STATE | #25017275 | $79,583.15 | RIO RANCHO EXECUTIVE PLAZA | NO | 26007 | YES | YES | |

| Bank | Account | Amount | Borrower | | | | |
|---|---|---|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] | NO | [illegible] | YES | YES |
| [illegible] | [illegible] | [illegible] | SAVANNAH [illegible] | YES | [illegible] | YES | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] MAN [illegible] | [illegible] | [illegible] | YES | YES |
| [illegible] | [illegible] | [illegible] | [illegible] | NO | [illegible] | YES | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] AMAZAMORA [illegible] | NO | [illegible] | YES | YES |
| [illegible] | [illegible] | [illegible] | [illegible] | NO | [illegible] | YES | [illegible] |
| [illegible] | [illegible] | [illegible] | COPPER [illegible] | NO | [illegible] | YES | YES |
| | | | | | | | |
| VALLEY BANK | #310009861 | $5,064.54 | WASCO INVEST. LLC | YES | 24142 | YES | NO |
| VALLEY BANK | #310007360 | $3,974.24 | TAPIA RANCH, LLC | YES | 26020 | YES | NO |
| VALLEY BANK | #310007410 | $323,372.16 | BUNDY CANYON LAND 1 (5.7) | YES | 26021 | YES | NO |
| VALLEY BANK | #310008724 | $32,501.17 | BUNDY CANYON LAND 2 (.25) | YES | 25095 | YES | NO |
| VALLEY BANK | #310009065 | $526,065.13 | BUNDY CANYON LAND 3 (7.5) | YES | 25135 | YES | NO |
| VALLEY BANK | #310012024 | $206,272.45 | 240 GATEWAY, LLC | YES | 25022 | YES | YES |
| | | $5,122,028.89 | | | | | |