Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>    Debtor.<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>    Debtor.<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>    Debtor.<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>    Debtor.<br>In re:<br>USA SECURITIES, LLC,<br>    Debtor.<br>Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>Date: June 21, 2006<br>Time: 9:30 a.m.<br><br>**OPPOSITION TO MOTION DIRECTING PAYMENTS TO DIRECT LENDERS (AFFECTS ALL DEBTORS)** |

1

Opposition To McKnight Motion For Payments

1  Debtors USA Commercial Mortgage Company ("USACM"), USA Securities, LLC, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, and USA Capital First Trust Deed Fund (collectively referred to as "Debtors"), by and through their counsel, hereby respond in opposition to the Motion Directing Payments to Direct Lenders (the "McKnight Payment Motion") (docket no. 336, filed May 23, 2006).

The McKnight Payment Motion is premature and should be denied until Debtors under their new, post-petition management, completes the reconciliation of all of the investor accounts and loan ledgers, as more specifically described in the Motion to Temporarily Hold Funds Pending a Determination of the Proper Recipients and Memorandum of Points and authorities (the "Motion to Hold Funds") (docket no. 173) filed on May 8, 2006. This Opposition is supported by the Declarations of Thomas J. Allison on file in this case, the arguments set forth below, and other relevant items of record before this Court in the Debtors' bankruptcy cases.

## POINTS AND AUTHORITIES

### FACTS

1. The jointly administered Debtors filed voluntary petitions for relief on April 13, 2006 (the "Petition Date").

2. Prior to the Petition Date, USACM was primarily in the business of originating, brokering, and servicing commercial real estate loans and fractional interests therein. USACM has not originated or brokered any new loans since the Petition Date, and will not do so without Court approval.

3. On the Petition Date, Thomas J. Allison ("Allison") of Mesirow Interim Financial Management ("Mesirow") became the President of USACM and the Manager of the four remaining Debtors captioned above who are limited liability companies. In an order entered April 19, 2006, this Court authorized the Debtors' employment of Allison as the Chief Restructuring Officer for an interim period until July 27, 2006.

4. Since the Petition Date, the Debtors, under their new management, have worked diligently to begin analyzing all of the loans being serviced by USACM, including those in which

///

1  the McKnight Trust holds a fractional interest.[1]

2  5.  On May 8, 2006, the Debtors filed the Motion to Hold Funds which requests an Order from the Court to permit USACM to temporarily hold the funds USACM has collected and continues to collect from borrowers in its capacity as the loan servicer pending the completion of Mesirow's investigation, analysis and report to the Court recommending the proper disbursement of the funds, and pending the Court order on or after July 25, 2006 relating to the distribution of the funds to the proper recipients.

6.  On May 23, 2006, Richard McKnight, Co-Trustee of the McKnight 2000 Family Trust dated 4/20/00, filed the McKnight Payment Motion seeking to compel the Debtors to immediately pay all sums due on any notes secured by a deed of trust that are payable to any of the Direct Lenders.

7.  While being couched as a new motion, the McKnight Payment Motion is really an opposition to the Motion to Hold Funds that was filed on May 8, 2006.

8.  The Motion to Hold Funds was originally scheduled for a hearing on June 5, 2006 at 9:30 a.m., but that hearing was rescheduled for June 15, 2006 at 9:30 a.m.  The Debtors will be filing a reply memorandum in support of their Motion to Hold Funds by June 13, 2006.

## MEMORANDUM OF LAW

### I.  THE McKNIGHT PAYMENT MOTION SHOULD BE DENIED

The McKnight Payment Motion requests that all Direct Lenders be immediately paid all amounts that are owed to them on any notes they hold that are secured by a deed of trust.  In response, Debtors incorporate by reference those arguments that are set forth in the Motion to Hold Funds.  In addition, the Debtors will file by June 13, 2006, a reply memorandum in support

---

[1] The McKnight Payment Motion takes issue with some of the analysis that has been provided to date with respect to the loans in which it has an interest, and in particular with the Eagle Meadows loan.  The McKnight Trust asserts that all of the loans in which it holds an interest should be deemed to be performing loans.  The analysis of all of the loans being serviced by USACM is ongoing and updated information is being filed with the Court as it becomes available.  It is important for Mesirow to be able to fully complete its analyses of all of the serviced loans and illustrates why premature motions, such as the McKnight Payment Motion, should be denied.

3

Opposition To McKnight Motion For Payments

1  of the Motion to Hold Funds which will further address the issues being raised by those parties
2  who have filed oppositions thereto, including those contained in the McKnight Payment Motion.
3        A brief summary of the arguments in support of the Motion to Hold Funds, and also in
4  opposition to the McKnight Payment Motion is as follows.   First, USACM should not be required
5  to disburse or distribute any funds to the investors until USACM, through its new management, is
6  able to thoroughly investigate and evaluate the Debtors' files and records and determine, among
7  other things, what portions of the funds held by USACM represent unpaid servicing and loan
8  origination fees, which investors have been overpaid as a result of USACM's pre-petition practice
9  of making regular monthly interest payments regardless of the status of the underlying loan, and
10 which investors have been underpaid, including investors to whom principal repayments were not
11 remitted when collateral was released pre-petition.  Second, USACM has a contractual obligation
12 under paragraph 2(c)(i) of the loan servicing agreements and a statutory obligation under Nev.
13 Rev. Stat. § 645B.175(5) not to release the funds being held by USACM until their rightful
14 ownership is determined.  Third, until various rights to the funds in the DIP Collection Account
15 are determined, the Debtors may have a limited equitable interest in the notes and mortgages to
16 administer them as servicer, possibly making the funds property of the estate to a limited extent so
17 that no immediate distribution should be made.  Fourth, it may be possible that the Direct Lenders
18 may be deemed to be creditors of USACM in certain instances, and USACM may have rights of
19 recoupment or offset.
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

4

Opposition To McKnight Motion For Payments

## CONCLUSION

Based on the foregoing, Debtors respectfully request that the Court deny the McKnight Payment Motion.

Respectfully submitted this 7th day of June, 2006.

/s/ Jeanette E. McPherson
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146

and

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385