Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com

E-FILED ON JUNE 9, 2006

Attorneys for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | Date:  OST Pending<br>Time:  OST Pending |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **DEBTORS' APPLICATION FOR ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**<br><br>**(AFFECTS ALL DEBTORS)** |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |

USA Commercial Mortgage Company ("USA"), USA Securities, LLC, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, and USA Capital First Trust Deed Fund, LLC (collectively, the "Debtors") hereby respectfully move this Court for entry of an order establishing a procedure for the payment of interim compensation and the reimbursement of expenses of certain professionals retained by the Debtors and the official committees in these jointly administered cases (the "Application"), and respectfully represent as follows:

## I.    FACTUAL BACKGROUND

1. The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on April 13, 2006 (the "Petition Date"), which cases are being jointly administered as captioned above.

2. Prior to the Petition Date, USA was primarily in the business of originating, brokering and servicing commercial real estate loans and fractional interests therein.

3. Under prior management, pre-petition irregularities occurred in servicing the loans.

4. On the Petition Date, Thomas J. Allison of Mesirow Interim Financial Management became the President of USA and the Manager of the four remaining Debtors who are limited liability companies. Thereafter, the Court entered an order appointing Mr. Allison as the interim Chief Restructuring Officer of each of the Debtors.

5. No trustee or examiner has been appointed in these jointly administered cases.

6. The United States Trustee has appointed the following four committees for these cases: (1) the Official Committee of Unsecured Creditors of USA; (2) the Official Committee of Holders of Executory Contract Rights Through USA; (3) the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC; (4) the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (together, the "Committees").

## II.    RETENTION OF PROFESSIONALS

7. Mesirow Interim Financial Management ("Mesirow") was retained by the Debtors to assist in the Debtors' restructuring efforts. An order approving the Debtors' interim retention of

Thomas J. Allison as Chief Restructuring Officer of the Debtors, and Mesirow as crisis managers and temporary employees of the Debtors, was entered on April 19, 2006 (Dkt. #26). Mr. Allison and various other Mesirow professionals are serving in various critical capacities for the Debtors in analyzing and resolving the Debtors' pre-petition problems.

8. The Debtors' retention of Ray Quinney & Nebeker P.C. as their lead bankruptcy counsel was approved pursuant to this Court's order entered on June 5, 2006 (Dkt. #474).

9. The Debtors' retention of the Schwartzer & McPherson Law Firm as their local counsel was approved pursuant to this Court's earlier order also entered on June 5, 2006 (Dkt. #475).

10. Each of the Committees has filed applications with the Court seeking to retain counsel pursuant to the Bankruptcy Code. The retention applications of two of the Committees were granted by the Court at the June 5, 2006 hearing. The retention applications of the other two Committees are pending.

11. Pursuant to Section 331 of the Bankruptcy Code, all case professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, "or more often if the court permits."

### III. PROPOSED COMPENSATION AND DISBURSEMENT PROCEDURES

12. The Debtors request that procedures for compensating and reimbursing professionals on a monthly basis be established. The procedures proposed herein would allow each professional retained (with Court approval) by the Debtors or a Committee (the "Professionals") to present to the Debtors' counsel, the United States Trustee, and counsel for each of the Committees (collectively, the "Reviewing Parties") a detailed statement of professional services rendered and expenses incurred each month. If no timely objection is made by a Reviewing Party, the Debtors would be authorized to make payments equal to eighty percent (80%) of the amount of compensation requested for the month, with the remaining twenty percent (20%) to be withheld (the "Holdback"), and one hundred percent (100%) of expenses requested for the month. These payments, as well as the later payment of the Holdback, would be subject to the Court's subsequent approval as part of the normal interim fee application process,

1  approximately every 120 days, and as part of the final fee application process after the conclusion
2  of the cases.
3      13.    The Debtors propose that the monthly payment of compensation and
4  reimbursement of expenses of the Professionals be structured as follows:
5      a.    On or about the 25th day of each month following the month for which
6  compensation is sought, each Professional may submit a monthly statement ("Monthly
7  Statement") to each of the Reviewing Parties. Each of the Reviewing Parties will have
8  until the fifteenth day of the next calendar month to review the Monthly Statement. If
9  none of the Reviewing Parties objects as provided in paragraph (b) below, the Debtor shall
10 promptly pay (to the extent funds are available in a court-approved budget) eighty percent
11 (80%) of the compensation and one hundred percent (100%) of the expenses requested in
12 that particular Monthly Statement.
13     b.    In the event a Reviewing Party determines that the compensation or
14 reimbursement sought in a particular Monthly Statement is inappropriate or unreasonable,
15 or that the numbers and calculations are incorrect, such Reviewing Party, on or before the
16 later of the tenth day of the next calendar month shall serve upon (i) the Professional
17 whose statement is objected to, and (ii) the other Reviewing Parties, a "Notice of Objection
18 to the Monthly Statement" setting forth the precise nature of the objection and the amount
19 at issue. Thereafter, the objecting party of the Professional whose statement is objected to
20 shall meet or confer to attempt to reach an agreement regarding the correct payment to be
21 made. If an agreement cannot be reached or if no meeting or conference takes place, the
22 Professional whose Monthly Statement is objected to shall have the option of: (i) filing the
23 Monthly Statement, the Notice of Objection to the Monthly Statement and a request for
24 payment with the Court, or (ii) forgoing payment of the disputed amount until the next
25 interim fee application hearing, at which time the Court will consider and resolve the
26 objection. The Debtor shall be required to pay promptly eighty percent (80%) of any
27 portion of the compensation and one hundred percent (100%) of any portion of the
28 expenses requested that are not the subject of a Notice of Objection to the Monthly

1  Statement. In addition, if an agreement is reached regarding an objection to a Monthly
2  Statement, the parties to the objection shall submit an explanation of the resolution to the
3  other Reviewing Parties. Following receipt of the explanation, the Debtor shall promptly
4  pay eighty percent (80%) of the undisputed compensation and one hundred percent (100%)
5  of undisputed expenses.

6        c.    The first such Monthly Statement shall be submitted by each of the
7  Professionals on or about June 25, 2006 and shall cover the period from the
8  commencement of post-petition services through May 31, 2006.

9        d.    Approximately every four (4) months (the "Fee Application Period"), each
10 of the Professionals shall file with the Court and serve on the Reviewing Parties on or
11 before the last day of the month following the last day of the period for which
12 compensation is sought, an application for interim approval and allowance, pursuant to
13 section 331 of the Bankruptcy Code, of the compensation, including the Holdback, and
14 reimbursement of expenses requested for the preceding four months (the "Fee
15 Application"); <u>provided</u>, <u>however</u>, that if a Plan is confirmed prior to the expiration of the
16 Fee Application Period, the Fee Application shall be filed no later than thirty (30) days
17 following confirmation of the Plan. If a particular Professional fails to file and serve an
18 interim fee application pursuant to this order, such Professional may not submit for
19 payment and the Debtor shall not pay future Monthly Statement until such Professional has
20 complied with the terms of these procedures. The first such Application shall be filed on
21 or before August 31, 2006 for the Fee Application Period ending July 31, 2006.

22       e.    The pendency of a request for payment of a Monthly Statement to which an
23 objection has been made or an order of the Court that payment of compensation or
24 reimbursement of expenses was improper as to a particular Monthly Statement shall not
25 disqualify a Professional from the future payment or compensation or reimbursement of
26 expenses as set forth above.

27       f.    Neither the payment of, nor the failure to pay, in whole or in part, monthly
28 interim compensation and reimbursement of expenses as provided herein shall bind any

Application Order Establishing Professional Payment Procedure 060906(2)      - 5 -

1  party in interest or the Court with respect to the interim or final allowance of applications
2  for compensation and reimbursement of expenses.
3      g.    All proposed time periods set forth in this Application shall be calculated in
4  accordance with Federal Rule of Bankruptcy Procedure 9006(a).
5  14.    The Debtors also request that each member of the Committees be permitted to
6  submit statements of expenses and supporting vouchers to the respective Committee's counsel,
7  who will collect and submit such requests for reimbursement in accordance with the foregoing
8  procedures.
9  15.    The procedures outlined in this Application will enable all parties to monitor
10 closely and more regularly the costs of administration, and enable the Debtors to maintain a level
11 cash flow and implement efficient cash management procedures.  Indeed, the Debtors will include
12 all payments to Professionals on its monthly operating reports, detailed so as to state the amount
13 paid to each of the Professionals.

## IV. APPLICABLE LEGAL AUTHORITY

15 16.    Section 105(a) of the Bankruptcy Code provides that "[t]he Court may issue any
16 order, process, or judgment that is necessary or appropriate to carry out the provisions of this
17 title." 11 U.S.C. § 105(a).  Section 331 of the Bankruptcy Code provides, in relevant part, as
18 follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

23 11 U.S.C. § 331.
24 17.    The Debtors request that a procedure of compensating and reimbursing
25 professionals on a monthly basis be established, comparable to those established in other large
26 Chapter 11 cases. *See, e.g., In re Knudsen*, 84 B.R. 668 (B.A.P. 9th Cir. 1988).  In this way, the
27 Court and all other parties can effectively monitor the fees incurred.  The procedure requested
28 would require interim fee applications to be filed every ninety (90) days, but would allow payment

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

on a monthly basis upon monthly billing statements to be provided to, and reviewed by, the Debtors, the Committees, and other designated parties.

**V.   CONCLUSION**

Based upon the foregoing, the Debtors respectfully request entry of an order granting the relief requested herein and such other relief as this Court deems just and proper.

Respectfully submitted this 9th day of June, 2006.

/s/    LENARD E. SCHWARTZER
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146

and

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385