GORDON & SILVER, LTD.
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: gmg@gordonsilver.com
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: geg@gordonsilver.com
KONRAD PILATOWICZ
Nevada Bar No. 9651
E-mail: kpilatowicz@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89109
Telephone (702) 796-5555
Facsimile (702) 369-2666
Counsel to the Official Committee
of Holders of Executory Contract Rights Through
USA Commercial Mortgage Company

E-FILED ON JUNE 12, 2006

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| In re: | Case Nos.: |
|---|---|
| USA COMMERCIAL MORTGAGE COMPANY, Debtor. | BK-S-06-10725-LBR<br>BK-S-06-10726-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC, Debtor. | BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC, Debtor. | Date:<br>Time: |
| In re:<br>USA SECURITIES, LLC, Debtor. | |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |

**THE OFFICIAL COMMITTEE OF DIRECT LENDERS OMNIBUS OPPOSITION TO DEBTORS': (1) EX PARTE APPLICATION FOR ORDER SHORTENING TME TO HEAR MOTION FOR ORDER TO REMOVE FERTITTA ENTERPRISES, INC. AS MEMBER OF OFFICIAL COMMITTEE OF HOLDERS OF EXECUTORY CONTRACT RIGHTS; (2) EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR DEBTORS' APPLICATION FOR ADMIINSTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF PROFESSIONALS; (3) EX PARTE APPLICATION FOR**

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100933-001/406733.doc

**ORDER SHORTENING TIME TO HEAR MOTION FOR AUTHORITY TO FORBEAR AND TO PROVIDE FURTHER FUNDING FOR CERTAIN OUTSTANDING LOANS; (4) EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR DEBTORS' MOTION FOR ORDER APPROVING AGREEMENT WITH INVESTMENT PARTNERS; AND (5) EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR MOTION FOR EMERGENCY INTERIM AND PERMANANT ORDERS AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION FINANCING**

The Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company (the "Official Committee of Direct Lenders"), by and through its counsel, the law firm of Gordon & Silver, Ltd. ("G&S"), hereby submits its Omnibus Opposition (the "Opposition") to Debtors': (1) Ex Parte Application ("Fertitta Application") For Order Shortening Time To Hear Motion For Order To Remove Fertitta Enterprises, Inc. As Member Of Official Committee Of Holders Of Executory Contract Rights (the "Fertitta Motion"); (2) Ex Parte Application ("Interim Compensation Application") For Order Shortening Time To Hear Debtors' Application For Administrative Order Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals (the "Interim Compensation Motion"); (3) Ex Parte Application ("Funding Application") For Order Shortening Time To Hear Motion For Authority To Forbear And To Provide Further Funding For Certain Outstanding Loans (the "Funding Motion"); (4) Ex Parte Application ("Investment Partners Application") For Order Shortening Time To Hear Debtors' Motion For Order Approving Agreement With Investment Partners (the "Investment Partners Motion"); and (5) Ex Parte Application ("DIP Application") For Order Shortening Time To Hear Debtors' Motion For Emergency Interim And Permanent Orders Authorizing The Debtors To Obtain Post-Petition Financing (The "DIP Motion" and collectively, the "Ex Parte Applications")

## LEGAL ANALYSIS AND ARGUMENT

From early afternoon to close of business on Friday, June 9, 2006, the Debtors filed five (5) substantive motions, the outcome of which will have a considerable and enduring impact on

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100933-001/406733.doc

2

these proceedings. In each instance, the Debtors seek hearings on June 21, 2006, thereby limiting due process without demonstrating reasonable justification. Given the Case Management Order employed in this case, parties in interest including the Official Committee of Direct Lenders would have only three (3) business days in which to fully analyze and respond to Debtors' pleadings. Debtors' gamesmanship is transparent and unrefined; use the Case Management Order as a sword to deny this Court and all parties in interest sufficient time to scrutinize their requests for relief.

One common theme for all of the applications is that the Court will not be available from after June 21, 2006, until the next scheduled hearing on July 25, 2006. As such, Debtors claim that all of these motions must come on for hearing on June 21, 2006, because Debtors cannot wait a month to have hearings held on the five (5) substantive motions. Without conceding that these motions need to be heard prior to July 25, 2006, and pointing out that the Court's schedule has been known for weeks, the obvious solution is to have these motions heard in the ordinary course by a visiting judge or Judge Markell, provided these motions can be so accommodated.

Fed. R. Bankr. P. 9006(c)(1) permits a Bankruptcy Court, for cause shown and in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules. Bankruptcy Rule 9006(c)(1) provides as follows:

> Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

Local Rule 9006 provides further authority for shortening the time for a hearing. According to Local Rule 9006(b), every motion for an order shortening time must be accompanied by a sworn statement evidencing the need for an expedited hearing. Here, the basis for every Ex Parte Application is insufficient.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100933-001/406733.doc

3

Investment Partners Motion

Debtors' seek to hear the Investment Partners Motion on shortened time, however, Debtors' have failed to act timely in bringing the motion. On May 24, 2006, Debtors recorded UCC Financing Statement No. 2006016582-4 (the "Statement") with the Nevada Secretary of State securing assets from Investment Partners. The implication of the Statement is that the principals of Debtor USA Capital Mortgage Company have granted a security interest in numerous of their membership interests in partnerships in favor of another Debtor, USA First Trust Deed Fund, LLC. This raises serious issues regarding the ability of other Debtors, creditors and parties in interest to pursue causes of action against and guarantees executed by these same individuals which need to be explored, as well as the motivations of management of the Debtors to agree to such a transaction.

Upon the filing of the Statement, the Direct Lenders Committee requested information concerning the transaction and copies of the underlying security agreement. Like every other request made to date, Debtors refused to provide the Direct Lenders Committee any information concerning this transaction. Moreover, by their own account, this transaction has been concluded since May 31. See Investment Partners Motion p. 2, ¶ 7. As such, the "emergency" nature of the Investment Partners Motion was caused at worst by Debtors' intentional act to delay filing the Investment Partners Motion or at best by Debtors own failure to timely file their request for relief. As such, given the need for parties in interest to examine the transaction, and given the Debtors' failure to timely seek relief, the Investment Partners Motion should be brought in the ordinary course.

The Fertitta Motion

By way of the Fertitta Motion, Debtors' seek to gerrymander the Direct Lenders Committee and silence its Chairman who has scrutinize the Debtors' actions with a critical eye.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100933-001/406733.doc

4

The Fertitta Motion will ultimately fail because it contains misleading and incorrect factual assertions, suggests bad faith on the part of the Debtors and is logically flawed. However, the Fertitta Application must be denied because its does not demonstrate "cause" and the Debtors have further failed to cooperate with the Direct Lenders Committee by providing documents reasonably necessary to timely file a response.

First, Debtors attempt to demonstrate "cause" by claiming they anticipate negotiating a plan of reorganization sometime in July. Although there are twenty-six (26) members of the four (4) official committees, Debtors are concerned that Mr. Bullard's participation would "so greatly affect the negotiations" as to jeopardize the entire plan process. Obviously, the sum of the Direct Lenders Committee is more than it's Chairman and its other capable members will make sure its fiduciary duties are fulfilled. Moreover, in a telling sign, neither the Direct Lenders Committee itself nor the Office of the United States Trustee believe the Fertitta or Bullard have any conflict which impacts Mr. Bullard's ability to serve on the Direct Lenders Committee.

Second, the Direct Lenders Committee has repeatedly requested of the Debtors certain documents which will affirmatively demonstrate that there is no conflict of interest. To date, the Direct Lenders Committee's requests for information (both written and oral) have gone unanswered. Ultimately, given the Debtors' lack of cooperation, it was necessary to issue a subpoena which is pending service (which Debtors' counsel is unsure whether they have the authority to accept) in order to obtain relevant and necessary information. As such, the Debtors can not properly seek an order shortening time and ask the Direct Lenders Committee to file a written response by Wednesday when Debtors are unwilling to provide information necessary to the Direct Lenders Committee's to timely file a response.

Funding Motion

By way of the Funding Motion, Debtors' seek broad authority to enter into loan

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100933-001/406733.doc

5

modifications, forbearances, releases of collateral and additional funding on a variety of loans. There has been no showing by the Debtors as to why the relief must be obtained immediately. Moreover, to ask parties in interest to fully analyze all the referenced projects and prepare a response within three (3) business days is unwarranted under the circumstances.

Portions of the Funding Motion relate to loans which are non-performing and held by hundreds of direct lenders. The Debtor, USA Capital Mortgage Company, is seeking to use its authority under powers of attorney to forbear or restructure these loans or release collateral affecting hundreds of direct lenders. None of these direct lenders will even receive notice, let alone have time to analyze and respond, to these attempts to materially affect their loans and collateral by June 21, 2006, let alone June 14, 2006.

Interim Compensation Motion

By way of the Interim Compensation Motion, Debtors seek a procedure by which professionals can be paid on a monthly basis. The Interim Compensation Motion should be heard in the ordinary course because it is simply not the type of matter that needs to be approved on shortened time.

DIP Motion

Without having filed its Statements and Schedules, and without having completed the long awaited accounting, Debtors again turn their attention to an "emergency" DIP loan. As with their ill-fated last attempt at a DIP loan, Debtors have yet to demonstrate that a DIP is necessary, let alone on an emergency basis. As with the other Ex Parte Applications, the DIP Motion should be heard in the ordinary course so that the Direct Lenders Committee can investigate whether such relief warranted under the circumstances.

Again, how can the parties in interest properly respond to the DIP Motion on such a shortened time?

### CONCLUSION

WHEREFORE, the Official Direct Lender Committee respectfully requests that the Court deny

Gordon & Silver, Ltd.
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89109
(702) 796-5555

100933-001/406733.doc

6

the Ex Parte Applications and for such other relief that is just and proper.

DATED this 12th day of June, 2006.

GORDON & SILVER, LTD.

By: /s/
GERALD M. GORDON, ESQ.
GREGORY E. GARMAN, ESQ.
KONRAD PILATOWICZ, ESQ.
Counsel to the Official Committee
of Holders of Executory Contract Rights
Through USA Commercial Mortgage Company

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100933-001/406733.doc

7