Thomas J. Gilloon, Esq.
Nevada Bar No. 00578
330 S. Third Street #900
Las Vegas, Nevada 89101
Phone: 702-388-7185
Fax: 702-388-0108
mcknightlaw@cox.net

**Efiled on June 12, 2006.**

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re:
USA COMMERCIAL MORTGAGE COMPANY,

Debtor.

In re:
USA CAPITAL REALTY ADVISORS, LLC.,

Debtor.

In re:
USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC.,

Debtor.

In re:
USA CAPITAL FIRST TRUST DEED FUND, LLC.,

Debtor.

In re:
USA SECURITIES, LLC.,

Debtor.

Affects:
   Q All Debtors
   Q USA Commercial Mortgage Company
   Q USA Securities, LLC
   Q USA Capital Realty Advisors, LLC
   Q USA Capital Diversified Trust Deed Fund, LLC
   Q USA First Trust Deed Fund, LLC

Case No. BK-S-06-10725-LBR
Case No. BK-S-06-10726-LBR
Case No. BK-S-06-10727-LBR
Case No. BK-S-06-10728-LBR
Case No. BK-S-06-10729-LBR

Chapter 11

**Jointly Administered Under
Case No. BK-S-06-10725-LBR**

Date:
Time:

**OPPOSITION TO JOINT MOTION FOR NUNC PRO TUNC ORDER CLARIFYING REQUIREMENTS TO PROVIDE ACCESS TO INFORMATION**

Page 1 of 2

W:\2006\2377usa.ch11\Opp to Nunc To Pro Tunc order TG 06-12-06.wpd    June 12, 2006 (11:55am)

A. The Creditors Rights to Conduct A 2004 Examination Should Remain Unfettered.

On notice shortened to less than one full business day, it is impossible to sufficiently parse the syntax of the proposed order regarding access to information to determine what it says, much less what it means. Does the Joint Committee's motion seek to restrict the right of creditor's to conduct a 2004 examination of officer's and employees of the Debtor or fact witnesses with information relevant to the bankruptcy or otherwise inhibit the discovery rules applicable in an adversary proceeding? Does the Information Protocol serve to actually vitiate the statutory requirements under 11 U.S.C.§1103(2) that the committees actually provide access to information and "be subject to a court order that compels any additional report or disclosure to be made to the creditors. " What limitations exist on the committees ability to enter into confidentiality agreements that may hide important information concerning the claims that the Debtor may assert from public view? The suggestion that the court should enter any such matter *nunc pro tunc* as a strictly administrative matter when the motion itself acknowledges an ambiguity in the statute is simply audacious.

## CONCLUSION

The motion should properly be denied unless and until these questions concerning the scope and effect of the proposed order are answered.

DATED this 12th day of June 2006

LAW OFFICES OF RICHARD McKNIGHT, P.C.

By: /s/   Thomas J. Gilloon
    Thomas J. Gilloon, Esq.
    Nevada Bar No.  00578
    330 S. Third St., #900
    Las Vegas, NV 89101
    Attorneys for McKnight 2000
    Family Trust