Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

E-FILED ON June 12, 2006

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                               Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                               Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                               Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                               Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>                                                               Debtor. | **DEBTORS' RESPONSE TO JOINT MOTION OF COMMITTEES PURSUANT TO 11 U.S.C. § 105(a), 107(b) 1102(b)(3)(A) AND 1103(c), FOR NUNC PRO TUNC ORDER CLARIFYING REQUIREMENT TO PROVIDE ACCESS TO INFORMATION (AFFECTS ALL DEBTORS)** |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |
| | Date:  June 21, 2006<br>Time:  9:30 a.m. |

Debtors USA Commercial Mortgage Company, USA Securities, LLC, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, and USA Capital First Trust Deed Fund (collectively referred to as "Debtors"), by and through their counsel, hereby respond to the Joint Motion of Committees Pursuant to 11 U.S.C. § 105(a), 107(b) 1102(b)(3)(A) and 1103(c), for Nunc Pro Tunc Order Clarifying Requirement to Provide Access to Information (the "Access to Information Motion") (docket no. 521, filed June 7, 2006).

**STATEMENT OF FACTS**

1. The jointly administered Debtors filed voluntary petitions for relief on April 13, 2006 (the "Petition Date").

2. On May 10, 2006, the United States Trustee appointed four separate committees in these Chapter 11 cases: (a) the Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "First Trust Deed Committee"), (b) the Committee of Holders of Executory Contract Rights Through USA Commercial Mortgage Company (the "Executory Contracts Committee"), (c) the committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (the "Diversified Trust Deed Committee"), and (d) the Unsecured Creditors' Committee for USA Commercial Mortgage Company (the "Unsecured Creditors Committee") (collectively referred to as the "Committees").

3. On June 7, 2006, the Committees filed the Access to Information Motion in which they moved the Court for an order (a) clarifying and providing that the Committees are not authorized or required, pursuant to newly enacted section 1102(b)(3)(A) of the Bankruptcy Code, to provide access to confidential and other non-public proprietary information, or to privileged information, to their respective constituencies, and (b) establishing certain procedures by which the Committees may provide information to and solicit and receive comments from their respective constituencies and thereby satisfy their duty under section 1102(b)(3) of the Bankruptcy Code.

4. As of June 12, 2006, the First Trust Deed Committee, the Diversified Trust Deed Committee and the Unsecured Creditors Committee had all executed or were in the process of executing confidentiality agreements with the Debtors. These confidentiality agreements are the

same form, except for the names of the parties, and were negotiated at arms length. The Executory Contracts Committee has thus far refused to execute the same form of confidentiality agreement with the Debtors.

## MEMORANDUM

The Debtors generally support the Access to Information Motion and the Committees efforts to establish an information protocol as the means by which the Committees are to provide information to and receive and solicit comments from the respective members of each Committee's constituency, thereby satisfying their duties under section 1102(b)(3)(A) and (B) of the Bankruptcy Code.

However, to the extent the Access to Information Motion could, in any way, be construed as requiring that access to confidential information be given to the Executory Contracts Committee, which has yet to execute a confidentiality agreement with the Debtors, or to any other Committee member refusing to sign a confidentiality agreement, the Debtors object to the Access to Information Motion on that limited basis. The Debtors further object to the Access to Information Motion to the extent that it may require different procedures for determining confidential information or different rules for disseminating confidential information as this would be unwieldy, unduly burdensome and unfair to the Debtors.

Three of the Committees have entered into confidentiality agreements with the Debtors, all of which are in the same form, and the Debtors are in the process of starting to share confidential information with those Committees. However, the Executory Contracts Committee has thus far refused to execute the form of confidentiality agreement that was agreed to by the other Committees. It makes absolutely no sense for the Executory Contracts Committee to be allowed to execute a different form of confidentiality agreement than that executed by the other Committees which would impose different or more stringent obligations on the Debtors. Rather, the same requirements and protections governing the sharing of confidential information should apply to all of the Committees. Indeed, it would be a very awkward situation if the "confidential information" that the Debtors turned over to three of the Committees was subject to a different interpretation than the "confidential information" that was turned over to the Executory Contracts

1  Committee.

2  Furthermore, the Debtors agree with that part of the Access to Information Motion which
3  seeks clarification from the Court that the Committees will not be required to provide access to
4  confidential or other non-proprietary information to their respective constituencies.  However, the
5  Access to Information Motion also contemplates the possibility that confidential information may
6  be turned over to a Committee constituent in very limited circumstances.   To the extent the
7  Access to Information Motion does not already so require, the Debtors assert that such information
8  should only be provided to the constituent if it agrees to enter into a confidentiality agreement
9  relating to that information and further agrees to take any other necessary action to protect the
10 confidentiality of the information it receives.

## CONCLUSION

Based on the foregoing, Debtors respectfully request that the Access to Information Motion be granted subject to the limitations set forth herein.

Respectfully submitted this 12th day of June, 2006

/s/     JEANETTE E. MCPHERSON
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146

and

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122