Marc A. Levinson (California Bar No. 57613)
Lynn Trinka Ernce (California Bar No. 179212)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA  95814-4497
Telephone:  (916) 447-9200
Facsimile:  (916) 329-4900
Email:    malevinson@orrick.com; lernce@orrick.com

Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)
BECKLEY SINGLETON, CHTD.
530 Las Vegas Boulevard South
Las Vegas, NV 89101
Telephone:  (702) 385-3373
Facsimile:  (702) 385-5024
Email:    bolson@beckleylaw.com; aloraditch@beckleylaw.com

[Proposed] Attorneys for the Official Committee of Equity
Security Holders of USA Capital Diversified Trust Deed Fund,
LLC

E-filed on June 12, 2006

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                             Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                             Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>                                             Debtor. | Chapter 11<br><br>Jointly Administered Under |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                             Debtor. | Case No. BK-S-06-10725-LBR |
| In re:<br>USA SECURITIES, LLC,<br>                                             Debtor. | **OST REQUESTED**<br>Date:   June 21, 2006<br>Time:   9:30 a.m.<br>Place:  Courtroom #2 |
| Affects:<br>  ☐   All Debtors<br>  ☐   USA Commercial Mortgage Company<br>  ☐   USA Securities, LLC<br>  ☐   USA Capital Realty Advisors, LLC<br>  ☒   USA Capital Diversified Trust Deed Fund, LLC<br>  ☐   USA First Trust Deed Fund, LLC | |

**EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR THE APPLICATION BY THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC TO EMPLOY ORRICK, HERRINGTON & SUTCLIFFE LLP**

**TO THE HONORABLE LINDA B. RIEGLE, UNITED STATES BANKRUPTCY JUDGE:**

The Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (the "USA Diversified Committee"), by and through its proposed bankruptcy counsel, Orrick, Herrington & Sutcliffe LLP ("Orrick"), has filed its "Application by the Official Committee of Equity Security Holders of USA Capital Diversified Trust Fund, LLC, to Employ Orrick, Herrington & Sutcliffe LLP" (the "Orrick Application"). This ex parte application is made and based upon Fed. R. Bankr. P. 9006, the following memorandum of points and authorities and Declaration of Marc A. Levinson (the "Levinson Declaration"), the Attorney Information Sheet filed contemporaneously herewith, and the papers and pleading on file herein, judicial notice of which is respectfully requested.

WHEREFORE, the USA Diversified Committee respectfully requests that this Court grant this ex parte application and issue an order shortening time to hear the Orrick Application at the Omnibus Hearing on June 21, 2006, and for such other and further relief at the Court deems just and proper.

Respectfully submitted this 12th day of June 2006.

Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)
BECKLEY SINGLETON, CHTD.
530 Las Vegas Boulevard South
Las Vegas, NV 89101
Telephone: (702) 385-3373

and

Marc A. Levinson (California Bar No. 57613)
Lynn Trinka Ernce (California Bar No. 179212)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: (916) 447-9200

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      Bankruptcy Code section 105 allows this Court to issue such orders as are necessary to

3   carry out the provisions of this title. 11 U.S.C. § 105. Rule 9006(c)(1) of the Federal Rules of

4   Bankruptcy Procedure ("Bankruptcy Rules") generally permits a bankruptcy court, for cause

5   shown and in its discretion, to reduce the period during which any notice is given in accordance

6   with the Bankruptcy Rules. Bankruptcy Rule 9006(c)(1) provides as follows:

7           Except as provided in paragraph (2) of this subdivision, when an act is
            required or allowed to be done at or within a specified time by these rules
8           or by a notice given thereunder or by order of court, the court for cause
            shown may in its discretion with or without motion or notice order the
9           period reduced.

10   11 U.S.C. § 105. Local Rule 9006 provides further authority for shortening the time for a

11   hearing. According to Local Rule 9006(b), every motion for an order shortening time must be

12   accompanied by an affidavit stating the reasons for an expedited hearing. As set forth in the

13   Levinson Affidavit, there is a compelling reason for an expedited hearing on the Orrick

14   Application.

15      Local Rule 9006 requires the moving party to submit an Attorney Information Sheet

16   indicating whether opposing counsel was provided with notice, whether opposing counsel

17   consented to the hearing on an order shortening time, the date counsel was provided with notice

18   and how notice was provided or attempted to be provided. An Attorney Information Sheet is

19   being filed contemporaneously with this ex parte application.

20      For the reasons set forth in the Levinson Declaration below, Orrick asks that the Court

21   extend the deadline for filing an opposition to the Orrick Application, if necessary, to June 15,

22   2006, (i.e. two days after the Orrick Application is filed) in order to afford all parties in interest

23   sufficient opportunity to review and formulate a position on the Orrick Application.

24      With an extended deadline afforded to parties in interest for filing oppositions to the

25   Orrick Application, the USA Diversified Committee also asks for the opportunity to file a reply

26   no later than the close of business on June 19, 2006, two business days after such oppositions as

27   may be filed and two days prior to the hearing on June 21st.

28   ///

US_WEST:260033701.3                              - 3 -

1
## DECLARATION OF MARC A. LEVINSON

2
I, Marc A. Levinson, hereby declare as follows:

3
1.      I am over eighteen years of age and have personal knowledge of the facts set forth

4
herein, and if called as a witness, would testify competently with respect thereto from my own

5
personal knowledge except as otherwise stated.

6
2.      I am a partner of Orrick, Herrington & Sutcliffe LLP.  This declaration is

7
submitted in support of the USA Diversified Committee's[1] ex parte application to shorten time

8
for hearing the Orrick Application.

9
3.      On April 13, 2006, USA Capital Diversified Trust Deed Fund, LLC ("USA

10
Diversified"), USA Commercial Mortgage Company ("USA Mortgage"), USA Securities, LLC

11
("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty") and USA Capital First

12
Trust Deed Fund, LLC ("USA First" and, collectively with USA Mortgage, USA Securities, USA

13
Realty and USA Diversified, the "Debtors") filed voluntary petitions for relief under chapter 11

14
of title 11 of the United States Code.

15
4.      On May 10, 2006, the Office of the United States Trustee (the "US Trustee")

16
appointed the following four committees in the Debtors' Cases:

17
    (a)      The Official Committee of Holders of Executory Contract Rights Through

18
             USA Mortgage ("Direct Lenders' Committee");

19
    (b)      The Official Unsecured Creditors Committee for USA Mortgage;

20
    (c)      The Official Committee of Equity Security Holders of USA First; and

21
    (d)      The USA Diversified Committee.

22
5.      The Direct Lenders' Committee initially sought to retain the law firm of Stutman,

23
Treister and Glatt ("ST&G") collectively with one or both of the fund committees.  However, on

24
May 23, 2006, the Direct Lenders' Committee determined that joint representation was not in its

25

26

27
_____

[1] Terms not otherwise defined herein shall have the same meaning ascribed to them in the Orrick
28
Application.

1    best interest and retained Gordon & Silver, Ltd. late in the evening on May 23, 2006. This Court

2    has since approved such employment.

3        6.    Thereafter, the USA First Committee retained ST&G, leaving the USA Diversified

4    Committee without counsel. This Court has since approved the employment of ST&G.

5        7.    On June 1, 2006, the USA Diversified Committee met telephonically and decided

6    to engage Orrick as its bankruptcy counsel. The USA Diversified Committee has filed the Orrick

7    Application seeking this Court's approval of such retention.

8        8.    An Omnibus Hearing has been scheduled for the June 21st hearing at which time

9    many matters will be heard. As this Court is well aware, the Debtors' Cases are moving forward

10   at an extraordinary pace and, therefore, it is critical that the USA Diversified Committee's

11   interests be represented. As such, it is necessary that the Orrick Application be heard at the June

12   21st hearing.

13       9.    Orrick only very recently entered this case, and the Committee filed the Orrick

14   Application at the earliest possible opportunity. I believe there is good cause for the Court to

15   extend the deadline for filing an opposition to the Orrick Application, if necessary, to June 15,

16   2006 (i.e. two days after the Orrick Application is filed) in order to afford all parties in interest

17   sufficient opportunity to review and formulate a position on the Orrick Application. The Debtors

18   and the other committees specifically requested that accommodation, and I believe that allowing

19   two days after the Orrick Application is filed for responses is reasonable and appropriate.

20       10.   With an extended deadline afforded to parties in interest for filing oppositions to

21   the Orrick Application, I believe it to be equitable for the Court to permit the USA Diversified

22   Committee the opportunity to file a reply no later than the close of business on June 19, 2006, two

23   business days after such oppositions as may be filed and two days prior to the hearing on June

24   21st.

25       11.   The Court's indulgence in this instance is warranted because the Committee was

26   left without counsel when the Direct Lenders' Committee and the UST objected to ST&G's

27   employment and the Committee moved as promptly as possible to retain Orrick as its bankruptcy

28   counsel.

12.     Moreover, given the nature of the Debtors' Cases, the Committee's interests are best served by having Judge Riegle rather than a visiting judge decide any issues involving the Orrick Application.  Orrick should not be forced to wait until the next Omnibus Hearing date on July 25, 2006, to find out if its retention as the Committee's bankruptcy counsel is approved since, by then, Orrick will have spent substantial time and effort on these matters.

13.     The Office of the United States Trustee, counsel for the Debtors and counsel for the three other committees have agreed that the Orrick Application may be heard on shortened time and the Debtors and committees have requested that they have two days after the Orrick Application is filed to object or otherwise respond.

Executed at Sacramento, California, this 12th day of June, 2006.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

/s/ Marc A. Levinson

Marc A. Levinson