1  Marc A. Levinson (California Bar No. 57613)
2  Lynn Trinka Ernce (California Bar No. 179212)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
3  400 Capitol Mall, Suite 3000
   Sacramento, CA  95814-4497
4  Telephone:  (916) 447-9200
   Facsimile:  (916) 329-4900
5  Email: malevinson@orrick.com; lernce@orrick.com

6  Bob L. Olson (Nevada Bar No. 3783)
7  Anne M. Loraditch (Nevada Bar No. 8164)
   BECKLEY SINGLETON, CHTD.
8  530 Las Vegas Boulevard South
   Las Vegas, NV 89101
9  Telephone:  (702) 385-3373
   Facsimile:  (702) 385-5024
10 Email:  bolson@beckleylaw.com; aloraditch@beckleylaw.com

11 [Proposed] Special (Nevada) Counsel for the Official Committee
12 of Equity Security Holders of USA Capital Diversified Trust
   Deed Fund, LLC
13

14                    **UNITED STATES BANKRUPTCY COURT**

15                          **DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                          Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                          Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>                          Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                          Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>                          Debtor. | Date:   June 21, 2006<br>Time:   9:30 a.m.<br>Place:  Courtroom #2 |

E-filed June 12, 2006

Affects:
☐ All Debtors
☐ USA Commercial Mortgage Company
☐ USA Securities, LLC
☐ USA Capital Realty Advisors, LLC
☒ USA Capital Diversified Trust Deed Fund, LLC
☐ USA First Trust Deed Fund, LLC

**APPLICATION BY THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC TO EMPLOY BECKLEY SINGLETON, CHTD.; DECLARATION OF BOB L. OLSON**

**TO THE HONORABLE LINDA B. RIEGLE, UNITED STATES BANKRUPTCY JUDGE:**

The Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (the "Committee") appointed in the above-captioned bankruptcy case (the "Case"), respectfully requests that the Court approve, *nunc pro tunc* as of June 9, 2006, the employment of Beckley Singleton, Chartered ("Beckley") as Special (Nevada) Counsel for the Committee. In support of this Application, the Committee represents as follows:

**I.**

**BACKGROUND**

1.      On April 13, 2006 (the "Petition Date"), USA Capital Diversified Trust Deed Fund, LLC ("USA Diversified"), USA Commercial Mortgage Company ("USA Mortgage"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty") and USA Capital First Trust Deed Fund, LLC ("USA First" and, collectively with USA Mortgage, USA Securities, USA Realty and USA Diversified, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"), which cases are being jointly administered as captioned above.

2.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      On May 10, 2006, the Office of the United States Trustee (the "US Trustee") appointed the following four committees in the Debtors' Cases:

(a)      The Official Committee of Holders of Executory Contract Rights Through USA Mortgage (the "Direct Lenders' Committee");

(b)    The Official Unsecured Creditors Committee for USA Mortgage;

(c)    The Official Committee of Equity Security Holders of USA First (the "USA First Committee"); and

(d)    The Official Committee of Equity Security Holders of USA Diversified (the "Committee," together with the Direct Lenders' Committee, the Official Unsecured Creditors Committee for USA Mortgage, and the USA First Committee, the "Investor Committees").

4.    The Direct Lenders' Committee initially sought to retain the law firm of Stutman, Treister and Glatt ("ST&G") collectively with one or both of the fund committees. However, on May 23, 2006, the Direct Lenders' Committee determined that joint representation was not in its best interest and retained Gordon & Silver, Ltd. late in the evening on May 23, 2006. This Court has since approved such employment.

5.    Thereafter, the USA First Committee retained ST&G, leaving the USA Diversified Committee without counsel. This Court has since approved the employment of ST&G as counsel for the USA First Committee.

6.    On June 1, 2006, the Committee met telephonically and decided to engage Orrick, Herrington & Sutcliffe LLP ("Orrick") as its bankruptcy counsel. The Committee's application to employ Orrick as bankruptcy counsel is being filed separately.

7.    On June 9, 2006, the Committee engaged Beckley as its Special (Nevada) Counsel.

## II.

## JURISDICTION.

8.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is 11 U.S.C. § 1103(a).

///

///

### III.

### <u>QUALIFICATIONS OF BECKLEY SINGLETON, CHTD.</u>

9.      The Committee desires to employ Bob L. Olson and Anne M. Loraditch and other shareholders, associates and attorneys of counsel of Beckley as Special (Nevada) Counsel to the Committee as described below.

10.     Beckley is a law firm comprised of over 30 attorneys resident in offices in Las Vegas and Reno, Nevada.  While its practice is broad in scope, Beckley has 6 attorneys who specialize in the practice of insolvency and reorganization law.  Beckley is well qualified to represent the Committee as its Nevada bankruptcy counsel, and the Committee selected Beckley based upon its substantial experience with bankruptcy cases in the District of Nevada.

11.     All Beckley attorneys who will render services in the Case are duly admitted to practice law in the courts of the states in which they reside and in the United States District Court for the district in which they reside.  A summary of the experience and qualifications of those Beckley lawyers expected to take primary responsibility in rendering services to the Committee is attached to the Verified Statement/Declaration of Bob L. Olson, Esq. (the "Olson Declaration") as **Exhibit 1**, which is attached hereto as Exhibit A and is incorporated in its entirety for all purposes herein by this reference.

### IV.

### <u>THE SCOPE OF BECKLEY'S EMPLOYMENT.</u>

12.     The Committee seeks to employ Beckley as its Nevada bankruptcy counsel. Subject to further order of this Court, it is contemplated that Beckley will provide representation of the Committee as its Special (Nevada) Counsel to assist Orrick in rendering the following types of legal services, which will include, but may not be limited to:   (a) protecting and preserving the collective interests of the equity security holders of USA Diversified as a class; (b) advising the Committee on the requirements of the Bankruptcy Code and the Bankruptcy Rules as they pertain to the interests of the Committee and its constituents; (c) developing, through discussion with the Committee, Orrick and other parties in interest, the Committee's legal positions and strategies with respect to all facets of the Debtors' Cases generally, and the

1   Case in particular, including analyzing the Committee's position on administrative and

2   operational issues; (d) preparing and responding to motions, applications, answers, orders,

3   memoranda, reports and papers in connection with representing the interests of the Committee;

4   (e) participating in the negotiations and resolution of issues related to financing and any plan of

5   reorganization or plan of liquidation; and (f) rendering such other necessary advice and services

6   that the Committee may require in connection with the Debtors' Cases.

7           13.     Beckley will serve as Nevada bankruptcy counsel to the Committee and will assist

8   Orrick with respect to its representation, including matters set forth in this Application.  Orrick

9   and Beckley will coordinate responsibility for individual matters to minimize duplication.

10          14.     Beckley will provide representation as to matters to which Orrick may have

11  conflicts or potential conflicts.  Likewise, Orrick will provide representation as to matters to

12  which Beckley may have conflicts or potential conflicts.  However, the Committee, Beckley, and

13  Orrick have agreed that, to the extent any conflict of interest arises that the Committee, Beckley

14  and Orrick determine cannot be resolved consensually among them, separate conflicts counsel

15  will be engaged for such matters.

16          15.     Beckley's employment as Nevada bankruptcy counsel to the Committee may

17  include appearances before other courts in Nevada, this Court and such courts as may hear

18  appeals from this Court.

19          16.     Beckley will represent only the Committee, and not any of its respective individual

20  members.  Nor will it represent any other investors of the Debtors.

21                                          **V.**

22                                   **COMPENSATION.**

23          17.     No payments have been made or promised to Beckley for services rendered in any

24  capacity whatsoever in connection with the Case.  Subject to the Court's approval, in accordance

25  with Bankruptcy Code Sections 330 and 331, the Committee seeks to retain Beckley on an hourly

26  basis at the customary and standard rates that Beckley charges for similar representation, plus

27  reimbursement of actual and necessary expenses and charges incurred by Beckley in the

28  fulfillment of its duties and responsibilities, subject to compliance with the UST Guidelines.

Beckley will charge the USA Diversified estate for its services to the Committee in accordance with its standard hourly rates in effect at the time services are rendered.[1]  A list of such rates as of the date hereof is attached as **Exhibit 2** to the Olson Declaration.  Although it is not now known over what time period services will be rendered, Beckley's rates are generally increased by approximately 5% - 10%, effective as of January 1st of each year, due to the increased experience of its professionals, among other things.  Beckley acknowledges that the approval of this Application does not indicate Court approval of such rates.

18.    There is no agreement or understanding between Beckley and any other entity for the sharing of compensation to be received for services rendered in or in connection with the Cases, except as permitted under Bankruptcy Code Section 504(b)(1).  No compensation will be paid to Beckley except as authorized by order of this Court, after notice and an opportunity for a hearing.

## VI.

### BECKLEY IS DISINTERESTED.

19.    To the best of the Committee's knowledge, based upon and subject to the disclosures in the Olson Declaration, Beckley and all of the attorneys comprising or employed by it are disinterested persons who do not hold or represent any interest adverse to the USA Diversified estate and do not have any connection with USA Diversified, its creditors, any other party in interest in the Case, the U.S. Trustee or any other person employed in the Office of the U.S. Trustee.

20.    Beckley has no interest materially adverse to the interest of the USA Diversified estate or of any member of the Committee, by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, any member of any of the Committee, or an investment banker for any security of the Debtors or for any other reason.

---

[1] The Committee reserves the right to seek compensation in other of the Debtors' Cases, pursuant to Section 503(b)(3) and (4) of the Bankruptcy Code.

21.     Beckley has no known connection with the Debtors, their creditors, or any other party in interest, except as set forth in the Olson Declaration attached hereto as Exhibit A.

22.     Beckley will file supplemental affidavits or declarations regarding its retention by the Committee if any relevant information subsequently comes to its attention.

23.     From time to time, Beckley may be engaged by one or more of the Debtors' creditors and/or investors in matters entirely unrelated to the Debtors, due to the nature of Beckley's practice.  Beckley represents clients in litigation, transaction, insolvency, and other matters through its offices in Reno and Las Vegas, Nevada.  Any such matter will not relate directly or indirectly to Beckley's representation of the Committee.

24.     Accordingly, the Committee believes that the appointment of Beckley as the Committee's Special (Nevada) Counsel is in the best interests of the Committee and this estate.

## VII.

### CONCLUSION.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order authorizing the Committee to employ Bob L. Olson, Anne M. Loraditch and other shareholders, associates and attorneys of counsel of Beckley Singleton, Chartered as its Special (Nevada) Counsel, *nunc pro tunc* as of June 9, 2006, to represent it with respect to the matters described

///

///

///

1    herein, in accordance with the guidelines set forth above, with compensation at the expense of the

2    USA Diversified estate to be in such amounts as the Court may hereafter allow.

3    Respectfully submitted this 12th day of June 2006.

4    BECKLEY SINGLETON, CHTD.

5        /s/ Anne M. Loraditch

6    BOB L. OLSON (Nevada Bar No. 3783)
     ANNE M. LORADITCH (Nevada Bar No. 8164)
7    BECKLEY SINGLETON, CHTD.
     530 Las Vegas Boulevard South
8    Las Vegas, NV 89101
     Telephone: (702) 385-3373
9
     and
10
     MARC A. LEVINSON (California Bar No. 57613)
11   LYNN TRINKA ERNCE (California Bar No. 179212)
     ORRICK, HERRINGTON & SUTCLIFFE LLP
12   400 Capitol Mall, Suite 3000
     Sacramento, CA  95814-4497
13   Telephone:    (916) 447-9200

14   [PROPOSED] COUNSEL FOR THE OFFICIAL
     COMMITTEE OF EQUITY SECURITY HOLDERS
15   OF USA CAPITAL DIVERSIFIED TRUST DEED
     FUND, LLC
16

17   **Reviewed and approved by:**

18
     OFFICIAL COMMITTEE OF EQUITY
19   SECURITY HOLDERS OF USA CAPITAL
     DIVERSIFIED TRUST DEED FUND, LLC
20
         /s/ Robert Worthen
21
     Robert Worthen, its Chair
22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF BOB L. OLSON

I, Bob L. Olson, hereby declare under penalty of perjury that:

1.      I am over eighteen years of age and have personal knowledge of the facts set forth herein, and if called as a witness, would testify competently with respect thereto from my own personal knowledge, except as otherwise stated.

2.      I am a Shareholder of Beckley Singleton, Chartered ("Beckley"). This declaration is submitted, pursuant Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, in support of the "Application of the Official Committee of Equity Security Holders of USA Capital Diversified Trust Fund, LLC, to Beckley Singleton, Chartered" (the "Application"), as filed by the Committee.[1]

3.      The Committee desires to employ me and Anne M. Loraditch and other shareholders, associates and attorneys of counsel of Beckley as Special (Nevada) Counsel to the Committee as described in paragraphs 4 through 8, below. All Beckley attorneys who will render services in the Case are duly admitted to practice law in the courts of the states in which they reside and in the United States District Court for the district in which they reside. A summary of the experience and qualifications of those Beckley attorneys expected to render services to the Committee is attached hereto as **Exhibit 1** to this Declaration. Beckley is a law firm comprised of over 30 attorneys resident in offices in Las Vegas and Reno, Nevada. While its practice is broad in scope, Beckley has 6 attorneys who specialize in the practice of insolvency and reorganization law. Beckley is well qualified to represent the Committee as its Nevada bankruptcy counsel, and the Committee selected Beckley based upon its substantial experience with bankruptcy cases in the District of Nevada.

4.      The Committee seeks to employ Beckley as its Nevada bankruptcy counsel. Subject to further order of this Court, it is contemplated that Beckley will provide representation of the Committee as its Special (Nevada) Counsel to assist Orrick in rendering the following

---

[1]      Terms not otherwise defined herein shall have the same meaning ascribed to them in the Application.

{00291731;}US_WEST:260031111.1                          - 10 -

1    types of legal services, which will include, but may not be limited to:  (a) protecting and

2    preserving the collective interests of the equity security holders of USA Diversified as a class;

3    (b) advising the Committee on the requirements of the Bankruptcy Code and the Bankruptcy

4    Rules as they pertain to the interests of the Committee and its constituents; (c) developing,

5    through discussion with the Committee, Orrick and other parties in interest, the Committee's

6    legal positions and strategies with respect to all facets of the Debtors' Cases generally, and the

7    Case in particular, including analyzing the Committee's position on administrative and

8    operational issues; (d) preparing and responding to motions, applications, answers, orders,

9    memoranda, reports and papers in connection with representing the interests of the Committee;

10   (e) participating in the negotiations and resolution of issues related to financing and any plan of

11   reorganization or plan of liquidation; and (f) rendering such other necessary advice and services

12   that the Committee may require in connection with the Debtors' Cases.

13        5.       Orrick and Beckley will coordinate responsibility for individual matters to

14   minimize duplication.

15        6.       Beckley will provide representation as to matters to which Orrick may have

16   conflicts or potential conflicts.  Likewise, Orrick will provide representation as to matters to

17   which Beckley may have conflicts or potential conflicts.  However, the Committee, Beckley, and

18   Orrick have agreed that, to the extent any conflict of interest arises that the Committee, Beckley

19   and Orrick determine cannot be resolved consensually among them, separate conflicts counsel

20   will be engaged for such matters.

21        7.       Beckley's employment as Nevada bankruptcy counsel to the Committee may

22   include appearances before other courts in Nevada, this Court and such courts as may hear

23   appeals from this Court.

24        8.       Beckley will represent only the Committee, and not any of its respective individual

25   members.  Nor will it represent any other investors of the Debtors.

26        9.       No payments have been made or promised to Beckley for services rendered in any

27   capacity whatsoever in connection with the Case.  Subject to the Court's approval, in accordance

28   with Bankruptcy Code Sections 330 and 331, the Committee seeks to retain Beckley on an hourly

{00291731;}
US_WEST:260031111.1                                    - 11 -

1  basis at the customary and standard rates that Beckley charges for similar representation, plus

2  reimbursement of actual and necessary expenses and charges incurred by Beckley in the

3  fulfillment of its duties and responsibilities, subject to compliance with the UST Guidelines.

4  Beckley will charge the USA Diversified estate for its services to the Committee in accordance

5  with its standard hourly rates in effect at the time services are rendered.  Beckley reserves the

6  right, however, to file applications for compensation against any of the Debtors' estates pursuant

7  to 11 U.S.C. 503(b)(3) and (4).  A list of such rates as of the date hereof is attached hereto as

8  **Exhibit 2**.  Although it is not now known over what time period services will be rendered,

9  Beckley's rates are generally increased by approximately 5% - 10%, effective as of January 1st of

10  each year, due to the increased experience of its professionals, among other things.  Beckley

11  acknowledges that the approval of this Application does not indicate Court approval of such rates.

12      10.    There is no agreement or understanding between Beckley or any other entity for

13  the sharing of compensation to be received for services rendered in or in connection with the

14  Cases, except as permitted under Bankruptcy Code Section 504(b)(1).

15      11.    No compensation will be paid to Beckley except as authorized by order of this

16  Court, after notice and an opportunity for a hearing.

17      12.    Based upon the conflicts search performed by Beckley's computerized system, I

18  believe Beckley and all of the attorneys comprising or employed by it are disinterested persons

19  who do not hold or represent any interest adverse to the USA Diversified estate and do not have

20  any connection with USA Diversified, its creditors, any other party in interest in the Case, the

21  U.S. Trustee or any other person employed in the Office of the U.S. Trustee.  Although Beckley

22  has represented other creditors and parties in interest in the Case, I believe that Beckley is a

23  disinterested person notwithstanding such representations.

24      13.    Beckley has no interest materially adverse to the interest of the USA Diversified

25  estate or of any member of the Committee, by reason of any direct or indirect relationship to,

26  connection with, or interest in, any of the Debtors, any member of any of the Committee, or an

27  investment banker for any security of the Debtors or for any other reason.

28

US_WEST:260031111.1                                    - 12 -

14.    Beckley has no known connection with the Debtors, their creditors, or any other party in interest, except as set forth below:

(a)    Beckley regularly represents U.S. Bank, N.A. ("US Bank") on matters unrelated to Debtors or their estates.   US Bank is listed as one of the twenty largest unsecured creditors in the USA Mortgage Case.   I have represented and currently represent US Bank in negotiating lease agreements to which US Bank is the lessee.  Brett Axelrod and Kaaran Thomas, also Shareholders of Beckley, and Anne Loraditch, an Associate of Beckley, currently represent US Bank in the bankruptcy cases administratively consolidated under In re Saxton, Inc., BK-S-01-23232-LBR, which are unrelated to the Debtors or its estates.  Beckley is not in possession of any confidential information from US Bank or any of its affiliates relative to the USA Mortgage Case. Beckley will not represent the Committee on any matter adverse to US Bank and will not represent US Bank on any matter concerning Debtors or their estates.

(b)    Beckley was retained by Westar Partners, LLC ("Westar Partners"), to assist its affiliate, Midvale Marketing, LLC ("Midvale") in obtaining a loan payoff from. USA Mortgage.  Midvale is a borrower that obtained financing through USA Mortgage and is seeking to pay off such loan with construction financing that is in place and ready to fund, pending receipt of current payoff figures from USA Mortgage. Pursuant to information received from USA Mortgage, funding of the Midvale loan was comprised of monies from USA First (7.61%) and direct lenders (92.39%).  Thus, the Midvale Loan does not appear to have anything to do with the Committee or USA Diversified.  Neither Beckley, Westar, nor the Committee has been able to ascertain if any of the direct lenders on the Midvale loan is a member of the Committee.  Beckley's only action in the case consists of requesting the payoff demand from USA Mortgage by e-mail.  Beckley has not made an appearance in this case on behalf of Westar Partners or Midvale.  As of this date, Beckley has not received copies of any of the loan documents from Westar.  Subject to further order of the Court, Beckley proposes terminating its representation of Westar and transferring the case to other counsel upon approval of its employment as the Committee's

Special (Nevada) Counsel. Beckley is not in possession of any confidential information from Westar or any of its affiliates relative to the Debtors' Cases.

(c)    Beckley performed a computerized conflicts search on the Debtors, the Debtors' listed insiders, the entities listed by the Debtors as their respective top twenty unsecured creditors, the entities listed by USA Diversified and USA First as their top twenty investors, the members of the Committee, and the members of each of the committees appointed in these Cases, including, but not limited to: "USA Capital Diversified Trust Deed Fund, LLC," "USA Commercial Mortgage," "USA Capital First Trust Deed Fund, LLC," "USA Capital Realty Advisors," "USA Securities," "Milanowski," "Hamilton," "Hantges," and "Allison." In addition to the issues discussed above regarding US Bank and Westar Partners, Beckley's conflict searches resulted in the following:

    o   <u>USA Capital Diversified Trust Deed Fund, LLC</u>:

        (i)   Members of the Official Committee of Equity Security Holders:

           ▪   Beckley represented Committee chair, Robert Worthen, on a matter entirely unrelated to Debtors or their estates. Beckley's representation of Mr. Worthen concluded in March 1995, and the matter was closed in October 1999.

        (ii)   Top Twenty Unsecured Creditors: None.

        (iii)   Top Twenty Investors:

           ▪   Beckley currently represents Nancy Grealis who is adverse to Dr. Gary Kantor on a matter entirely unrelated to Debtors or their estates. The matter was for professional negligence and is currently on appeal. Dr. Kantor and Kantor Nephrology Consultants are listed as two of the twenty largest investors in USA Diversified.

           ▪   Beckley represented Dr. Kusum Desai on a matter entirely unrelated to Debtors or their estates. Dr. Desai is listed as one

of the twenty largest investors in USA Diversified. Beckley's representation of Dr. Desai concluded in January 1985, and the matter was closed in October 1999.

(iv)    Beckley, through an attorney no longer with the firm, represented Thomas F. Flatley in a matter adverse to USA Diversified. USA Diversified sued Flatley on a guaranty and the case has since been settled. Beckley is not currently counsel to Flatley. Current counsel to Flatley is Joe Hardy, Esq., at the law firm of Bullivant Houser Bailey PC.

○    USA Commercial Mortgage

(i)    Members of Official Committee of Holders of Executory Contract Rights: None. Beckley represents numerous affiliates of one of the members of this committee, Fertitta Enterprises, Inc., acting through William Bullard, in matters unrelated to any of the Debtors.

(ii)    Members of Official Unsecured Creditors' Committee: Beckley represented an "Annee Nounna" and a "Donald Walker" in separate matters entirely unrelated to Debtors or their estates. Beckley's respective representations of Annee Nounna and Donald Walker concluded over 20 years ago by attorneys who are no longer with the firm. It is unknown if Beckley's former clients are the same Annee Nounna and Donald Walker who are members of the Official Unsecured Creditors' Committee for USA Commercial Mortgage.

(iii)    Top Twenty Unsecured Creditors:

▪    Beckley, through an attorney that is no longer with Beckley, represented Bank of America and its affiliates in matters entirely unrelated to the Debtors or their estates that was closed on or before October 15, 1999. Beckley, through another attorney that is no longer with Beckley, was engaged in probate

cases that involved Bank of America's trust department.  Bank of America is listed as one of the twenty largest unsecured creditors of USA Mortgage.  Beckley's representation of Bank Beckley has one matter involving arbitration on behalf of Bank of America that remains in an active status although the last work performed on that case was in December 1996.

- ▪ Beckley represented Nevada State Bank and its affiliates in matters entirely unrelated to the Debtors or their estates. Beckley's representation of Nevada State Bank involved, among other things, probate cases for Nevada State Bank's trust department through attorneys who are no longer with the firm. Nevada State Bank is listed as one of the twenty largest unsecured creditors of USA Mortgage.

- ▪ Beckley represented Wells Fargo Bank and its affiliates in matters entirely unrelated to the Debtors or their estates.  Wells Fargo Bank is listed as one of the twenty largest unsecured creditors of USA Mortgage.  Beckley's representation of Wells Fargo Bank involved, among other things, probate cases for Wells Fargo Bank's trust department through attorneys who are no longer with the firm.  Beckley has one matter involving a credit that remains in an active status.

(iv)    Top Twenty Investors:  Beckley represented Donald Tomlin and Dorothy Tomlin on a matter entirely unrelated to Debtors or their estates. The Donald S. Tomlin and Dorothy R. Tomlin Revocable Trust dated 10/24/79 is listed as one of the twenty largest investors in USA Mortgage. Beckley's representation of Donald Tomlin and Dorothy Tomlin concluded in January 1985, and the matter was closed in October 1999.

///

1      o   USA Capital First Trust Deed Fund, LLC:

2          (i)     Members of Official Committee of Equity Security Holders:

3 Beckley represented a "Robert Taylor" on a matter entirely unrelated to

4 Debtors or their estates. Beckley's representation of Robert Taylor

5 involved estate planning (last work performed in July 2003) by an attorney

6 who left the firm in 2003. It is unknown if Beckley's former client is the

7 same Robert Taylor who is a member of the Official Committee of Equity

8 Security Holders of USA Capital First Trust Deed Funds, LLC.

9          (ii)    Top Twenty Unsecured Creditors:   None.

10        (ii)    Top Twenty Investors: Beckley represented Gwen Melonas on a

11 matter entirely unrelated to Debtors or their estates. Ms. Melonas is listed

12 as the trustee of the Gwen Melonas Family Trust, one of the twenty largest

13 investors in USA First. Beckley's representation of Ms. Melonas involved

14 tax matters (last work performed in June 2000) by an attorney who left the

15 firm in 2003.

16      o   USA Capital Realty Advisors:   Beckley represents Kummer, Kaempfer,

17 Bonner & Renshaw ("KKBR") in a matter unrelated to the Debtors' cases that

18 was recently settled. KKBR is listed as one of the twenty largest unsecured

19 creditors in the USA Realty Case. Beckley is not in possession of any

20 confidential information from KKBR or any of its insiders relative to the USA

21 Realty Case.

22      o   USA Securities, LLC:   None.

23      (d)    As USA Mortgage is the servicing agent for approximately 3,600 investors,

24 who hold fractional interests as direct lenders in specific loans, and for approximately

25 3,200 investors who hold membership interests in both USA Diversified and USA First,

26 Beckley has not attempted to process each investor's name through its computerized

27 conflicts search system.

28 ///

15. Beckley will file supplemental affidavits or declarations regarding its retention by the Committee if any relevant information subsequently comes to its attention.

16. From time to time, Beckley may be engaged by one or more of the Debtors' creditors and/or investors in matters entirely unrelated to the Debtors, due to the nature of Beckley's practice. Beckley represents clients in litigation, transaction, insolvency, and other matters through its offices in Reno and Las Vegas, Nevada. Any such matter will not relate directly or indirectly to Beckley's representation of the Committee.

17. I am the Beckley Shareholder who will bear primary responsibility for supervising Beckley's representation of the Committee. I have read and am generally familiar with the Bankruptcy Code, the Bankruptcy Rules, and the local rules of this Court. The Beckley lawyers working on the Case also are familiar with Bankruptcy Code and the Bankruptcy Rules, and the local rules of this Court. The Beckley attorneys working on this matter will conduct themselves in accordance with the local rules and procedures of this Court.

18. I believe that Beckley is competent to represent the interests of the Committee as its bankruptcy counsel.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED this 12th day of June 2006.

/s/ Bob L. Olson
_____
Bob L. Olson

1

2

3

4

# EXHIBIT 1

### BIOGRAPHIES OF MEMBERS OF
### BECKLEY SINGLETON, CHARTERED
### EXPECTED TO RENDER SERVICES

5

6

7

8

9

10

11

12

13

14

15

16

17

18

**BOB L. OLSON** is a Shareholder at Beckley Singleton and practices primarily in the areas of bankruptcy, insolvency, secured transactions, commercial law and commercial litigation. Mr. Olson received his Juris Doctorate degree from the University of Wyoming in 1989. While attending law school, he was inducted into the Order of the Coif and Phi Kappa Phi and published "Joint Tort Feasor Pursues a Breach of Warranty Cross-claim: What is the Proper Measure of Damages?" 23 *Land and Water Law Review* 629 (1988), and also served as Comment Editor for the *Land and Water Law Review*.   Mr. Olson, who is board-certified in Business Bankruptcy Law, has represented creditors, landlords, debtors, trustees, equity security holders as well as creditors in cases ancillary to foreign proceedings in a number of bankruptcy cases.  He has also represented a variety of lenders and landlords in transactional, eviction and litigation matters. Representative clients and matters include the Official Committee of Unsecured Creditors in the State Line Hotel & Casino bankruptcy, Balfour Beatty Construction in the Washington Group International bankruptcy cases, USF&G and National Union Fire Insurance Company of Pittsburgh, Pa., in the Pegasus Gold bankruptcy; Resort Funding, Inc., in the Debbie Reynolds Hotel & Casino bankruptcy, the Debbie Reynolds Hotel & Casino, Timex Corporation in the Nishika bankruptcy, the debtor in possession in the Baby Grand, Inc., dba Maxim Hotel & Casino bankruptcy, and Experian Information Solutions.  Mr. Olson has lectured at numerous seminars accredited by the State Bar of Nevada for continuing legal education. In addition, he has authored or co-authored several papers including "Current Issues in Banking Law Nevada," *N.B.I.* (1992), "Effective Mortgage Foreclosure Techniques in Nevada," *N.B.I.* (1993), "Advanced Principles of Title Insurance in Nevada," *N.B.I.* (1996), "Seller Assisted Financing: Lender Beware," 4 *Nevada Lawyer* No. 11 (Nov. 1996), "Nevada Foreclosure and Repossession," *N.B.I.* (1999), "Advanced Real Estate Law in Nevada," *N.B.I.* (2001), "Foreclosure and Repossession," *S.E.S.* (2002).

19

20

21

22

23

24

25

26

**ANNE M. LORADITCH** is an Associate at Beckley Singleton who will be assisting Mr. Olson in the case.  Ms. Loraditch joined the Firm's bankruptcy unit upon graduation from law school in May 2002.  She specializes in chapter 11 cases representing debtors and creditors alike.  Ms. Loraditch received her Bachelor of Science in Political Science from Texas A&M University, *cum laude*, and her Juris Doctorate from the William S. Boyd School of Law at the University of Nevada-Las Vegas.  She is admitted to practice law in Nevada and Kentucky.  Prior to graduating from law school, Ms. Loraditch enjoyed a decade-long tenure with a local privately funded mortgage company where she gained invaluable experience in the areas of unconventional financing and asset recovery while working closely with her clients to provide the highest quality service, which she carries through to her legal practice.  Ms. Loraditch is a member of the American Bankruptcy Institute, the Turnaround Management Association of Nevada, the American Bar Association, the State Bar Associations of Nevada and Kentucky, and the Clark County Bar Association.

27

28

# EXHIBIT 2

## BECKLEY SINGLETON, CHARTERED
## RANGES OF HOURLY RATES

| Professional | Rates Effective 1/1/2006 |
|---|---|
| Partners/Of Counsel | $300 – $550 |
| Associates | $165 – $300 |
| Law Clerks | $120 – $165 |
| Paralegals | $110 – $145 |

**Attorneys Expected to be
Most Active in this Case**

| | |
|---|---|
| Bob L. Olson | $325 |
| Anne M. Loraditch | $250 |

**Legal Assistants Expected to be
Most Active in this Case**

| | |
|---|---|
| Pat Kois | $140 |

{00291731;}
US_WEST:260031111.1