JANET L. CHUBB, ESQ.
Nevada State Bar No. 176
LOUIS M. BUBALA III, ESQ.
Nevada State Bar No. 8974
JONES VARGAS
100 W. Liberty St, 12th Floor
P.O. Box 281
Reno, NV 89504-0281
Telephone:  775-786-5000
Fax:  775-786-1177
Email:  jlc@jonesvargas.com
  and    tbw@jonesvargas.com
  and    lbubala@jonesvargas.com

Electronically Filed on:
June 13, 2006

Attorneys for JV Direct Lenders: Fertitta Enterprises, Inc.; Mojave Canyon, Inc.; A. William and Ranee L. Ceglia; Robert A. and Sandra L. Cowman; Andrew and Ellen Dauscher; Drs. David and Bonny Enrico; David W. and Pamela K. Sexton; Evelyn Asher Sheerin, Trustee for the benefit of The Chris H. Sheerin (deceased) and Evelyn Asher Sheerin 1984 Trust Dated 5/31/84, Evelyn Asher Sherrin, Trustee of the Chris and Evelyn Sheerin 1990 Trust, Sheerins Inc.; Bruce Corum, Trustee of the Credit Shelter Trust, Juanita N. Carter, Charles B. Anderson Trust, Rita P. Anderson Trust, and Baltes Company ("JV Direct Lenders")

# UNITED STATES  BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | Case No. BK-S-06-10725-LBR |
|---|---|
| USA COMMERCIAL MORTGAGE COMPANY, Debtor. | Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR |
| USA CAPITAL REALTY ADVISORS, LLC, Debtor. | Chapter        11 |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, Debtor. | **JV DIRECT LENDERS' REPLY TO OPPOSITION TO MOTION TO COMPEL DEBTOR  TO CONTINUE TO FORWARD PAYMENTS TO DIRECT LENDERS (AFFECTS USA COMMERCIAL MORTGAGE CO.)** |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, Debtor. | |
| USA SECURITIES, LLC, Debtor. | |
| Affects:<br>☐ All Debtors<br>■ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Hearing Date:   June 15, 2006<br>Hearing Time:  9:30 am |

1

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

Jones Vargas represents numerous direct lenders who are named beneficiaries ("JV Direct Lenders") of certain loans which were originated and serviced by Debtor USA Commercial Mortgage Co. (hereinafter, "Debtor" or "USA Commercial"). Specifically, Jones Vargas represents Fertitta Enterprises, Inc.; Mojave Canyon, Inc.; A. William and Ranee L. Ceglia; Robert A. and Sandra L. Cowman; Andrew and Ellen Dauscher; Drs. David and Bonny Enrico; David W. and Pamela K. Sexton; Evelyn Asher Sheerin, Trustee for the benefit of The Chris H. Sheerin (deceased) and Evelyn Asher Sheerin 1984 Trust Dated 5/31/84, Evelyn Asher Sherrin, Trustee of the Chris and Evelyn Sheerin 1990 Trust, Sheerins Inc.; Bruce Corum, Trustee of the Credit Shelter Trust Juanita N. Carter, Charles B. Anderson Trust, Rita P. Anderson Trust, and Baltes Company.. The JV Direct Lenders are among the roughly 3,600 direct lenders who provided funds for loans originated and serviced by USA Commercial.

On May 11, 2006, JV Direct Lenders moved to compel USA Commercial to continue to forward lender payments to JV Direct Lenders (Ct. Dkt. #215). The motions were joined by the Stanley Alexander Trust *et al.* (Ct. Dkt. #319) and Lou O. Maldonado, Trustee for the Maldonado Trust (Ct. Dkt. #445). Response briefs were filed by USA Commercial (Ct. Dkt. #374), the Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company (Ct. Dkt. #406), and the Official Committee of Unsecured Creditors (Ct. Dkt. #s 566, 573). On June 2, 2006, the Court approved a stipulation to reschedule the motion hearing to June 15, 2006, and ordered the JV Direct Lenders to file a reply brief by noon on June 13, 2006 (Ct. Dkt. #452).

This reply is based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and any other material this Court may wish to consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

The JV Direct Lenders brought these motions because they—and not USA Commercial—hold all rights in the borrower payments and the underlying loans, promissory notes, and securing deeds of trust. USA Commercial, as the originating mortgage broker and servicing agent, does not have any interest in the transaction beyond the fees it collects as servicing agent. Debtor holds

neither legal nor equitable title; it is merely a conduit for the borrower payments on the promissory notes and owed to the JV Direct Lenders. The borrower payments, loans, promissory notes, and securing deeds of trust are not USA Commercial's property. As such, the JV Direct Lenders move for orders compelling USA Commercial to continue to forward borrower payments to them.

## II. DISCUSSION & ANALYSIS

### A. The Executory Contract Rights Committee Supports JV Direct Lenders' Motion

The Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company supports the motion to compel USA Commercial to continue to forward lender payments to JV Direct Lenders and others similarly situated lenders. As the committee stated, "USACM is both legally and contractually obligated to immediately distribute to Direct Lenders all principal and interest it[] receives. As such, USAMC should be compelled by order of this Court to immediately make pro rata distributions of all post-petition interest and principal (net of Debtors' servicing fee) to Direct Lenders" (Ct. Dkt. #406 at 6-7).

### B. USA Commercial Had Sufficient Information to Oppose Motion

USA Commercial asserts that it did not have adequate information to respond to the motion because Jones Vargas failed to file a statement of representation pursuant to Federal Rule of Bankruptcy Procedure 2019 and this court order. For the record, Jones Vargas filed its Rule 2019 statement on May 31, 2006 (Ct. Dkt. #423), the first such statement filed by any counsel representing multiple clients. Jones Vargas also sent USA Commercial a list of its clients on May 25, 2006, one day after USA Commercial asked for the information and prior to the response deadline. USA Commercial also stated a list of clients would be acceptable. Ex. 1, USA Commercial letter to Jones Vargas at 2 ("If for some reason you are unable to provide a complete Rule 2019 disclosure at that time, I ask that you provide by that time, at a minimum, a list of each of your clients who are movants with respect to the Motions discussed above."). Moreover, Jones Vargas was unable to provide earlier statement because the Unsecured Creditors requested the firm interview to be committee counsel on May 23, 2006. Jones Vargas ultimately declined one offer to be committee counsel and promptly provided USA Commercial with a list of its clients.

1  Now USA Commercial asserts it did not have sufficient information about the JV Direct
2  Lenders or sufficient time to prepare a proper response. USA Commercial's assertions are not
3  credible. As the loan servicing agent, it has the records documenting JV Direct Lenders' loans
4  and interests. Moreover, JV Direct Lenders' motion for stay relief is premised on the loan-
5  servicing agreement. The agreement a simple form prepared by USA Commercial, used with each
6  lender involved in this case, and identical in all material respects in each loan. The record
7  contains numerous copies of the agreement, including one attached to JV Direct Lenders' motion
8  (Ct. Dkt. #208 at Ex. A). Indeed, USA Commercial did not have a problem drafting and filing a
9  thirteen-page opposition based on the JV Direct Lenders' documents filed with their motion (Ct.
10 Dkt. #387). Whether USA Commercial thinks it had adequate information about the JV Direct
11 Lenders' interests is immaterial, as the motion asks a simple legal question: Whether lenders may
12 change servicing agents pursuant to the contract terms.

**C. Timing is Appropriate for USA Commercial to Continue to Forward Payments**

USA Commercial and the Unsecured Creditors suggest it is inappropriate to continue forwarding payments to JV Direct Lenders until it sorts out its files and records, and that the delay in forwarding payments is appropriate (Ct. Dkt. # 374, USA Commercial Opposition; #566, Unsecured Creditors Committee Opposition).[1] The JV Direct Lenders disagree because they—and not USA Commercial—hold all rights in the post-petition lender payments received by USA Commercial on behalf of JV Direct Lenders as their servicing agent. The JV Direct Lenders are not trying to deplete USA Commercial of its pre-petition assets. Indeed, it is not even seeking to access USA Commercial's post-petition assets, since the post-petition lender payments are not property of the estate. If USA Commercial eventually concludes it has overpaid any lenders, then and only then is it appropriate for USA Commercial to consider its options to resolve the problems arising from its own mismanagement. In the meanwhile, USA Commercial should be obligated to

---

[1] The Unsecured Creditors make a similar argument based on ripeness in their second opposition (Ct. Dkt. #573), but its argument is procedurally improper because it did not receive leave to file a second opposition brief. See L.R. 9014(d) (providing for opponent's response to motion, and movant's reply to the response).

1  continue to forward lender post-petition payments to their rightful owners, the JV Direct Lenders
2  and other similarly situated lenders.

3        USA Commercial also misinterprets Nevada law as requiring it to withhold post-petition
4  payments until it resolves certain record and accounting problems.  It should not be difficult to
5  determine the fractional interests in post-petition payments.  USA Commercial simply needs to
6  look at the loan documents and promissory notes, and distribute the lender payments based on the
7  percentage interests established by these papers.  Moreover, the Nevada Revised Statutes compel
8  USA Commercial to forward the lender payments to the JV Direct Lenders and other similarly
9  situated lenders because it collects servicing fees from post-petition payments (#387, USA
10 Commercial Opposition to JV Direct Lenders' Motion for Relief from Automatic Stay at 4, ¶ 10,
11 admitting collection of fees).  This conduct violates NRS 645B.175(5)(a), which requires a
12 mortgage agent to release lender payments "upon the deduction and payment of any fee or service
13 charge due the mortgage broker."  See Ct. Dkt. #377, JV Direct Lenders' Opposition to Debtors'
14 Motion to Temporarily Hold Funds, for additional discussion.  Since USA Commercial is
15 collecting its service fees from borrower payments, it must forward the payments to the lenders.

16       USA Commercial's other arguments are speculative and without any legal of factual basis.
17 USA Commercial asserts it "<u>may</u> have an equitable interest in the notes and mortgages to
18 administer them, <u>possibly</u> making the funds property of the estate" (Ct. Dkt. #374, Debtor's
19 Opposition at 6 (unnumbered)) (emphasis added).  It also claims it "<u>may be possible</u> that the JV
20 Direct Lenders <u>may be</u> deemed to be creditors of USACM rather than lenders on particular loans,
21 and thus, those loans <u>may be</u> deemed to be property of USACM's estate."  *Id.* (emphasis added).
22 USA Commercial then states it "<u>may</u> have an equitable claim or liens on the collateral."  *Id.*
23 (emphasis added).  USA Commercial fails to provide any evidence support of its arguments and
24 offers no legal authority to support its potential arguments.  USA Commercial's absolute failure to
25 substantiate its defenses should not be a basis to deny JV Direct Lenders' motion.

26       In regards to the arguments by the Unsecured Creditors Committee, the committee does
27 not cite any authority to support the propriety of its argument that the delay is appropriate.
28 Moreover, the committee does not identify any flaws in JV Direct Lenders' claims that USA

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

1  Commercial has no rights in the lender payments and must continue to forward the payments since
2  it lacks an interest in the payments.  The Unsecured Creditors Committee's opposition provides no
3  basis to deny JV Direct Lenders' motion to compel USA Commercial to continue to forward
4  borrower payments to JV Direct Lenders and other similarly situated lenders.

### III.  CONCLUSION

6  USA Commercial should be compelled to continue to forward borrower payments to the
7  JV Direct Lenders because the rights to such payments belong to the JV Direct Lenders, not USA
8  Commercial.  Moreover, USA Commercial is violating the Nevada Revised Statutes by collecting
9  its servicing fees on post-petition payments without distributing the payments to the JV Direct
10 Lenders and other owed pursuant to the loan documents.

11 DATED this 13th day of June, 2006.

JONES VARGAS

By:    //s// Janet L. Chubb
       JANET L. CHUBB, ESQ.
       LOUIS M. BUBALA, ESQ.

Attorneys for JV Direct Lenders Fertitta Enterprises, Inc.; Mojave Canyon, Inc.; A. William and Ranee L. Ceglia; Robert A. and Sandra L. Cowman; Andrew and Ellen Dauscher; Drs. David and Bonny Enrico; David W. and Pamela K. Sexton; Evelyn Asher Sheerin, Trustee for the benefit of The Chris H. Sheerin (deceased) and Evelyn Asher Sheerin 1984 Trust Dated 5/31/84, Evelyn Asher Sherrin, Trustee of the Chris and Evelyn Sheerin 1990 Trust, Sheerins Inc.; Bruce Corum, Trustee of the Credit Shelter Trust, Juanita N. Carter, Charles B. Anderson Trust, Rita P. Anderson Trust, and Baltes Company

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000    Fax: (775) 786-1177

# CERTIFICATE OF SERVICE

1. On June 13, 2006, I served the following document(s):

**JV DIRECT LENDERS' REPLY TO OPPOSITION TO MOTION TO COMPEL DEBTOR TO CONTINUE TO FORWARD PAYMENTS TO DIRECT LENDERS (AFFECTS USA COMMERCIAL CO.)**

2. I served the above-named document(s) by the following means to the persons as listed below:

: a. **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

- **FRANKLIN C. ADAMS**
  franklin.adams@bbklaw.com arthur.johnston@bbklaw.com
- **KELLY J. BRINKMAN**
  kbrinkman@gooldpatterson.com
- **THOMAS R BROOKSBANK**
  brooksbankt1@sbcglobal.net kaya1@sbcglobal.net
- **MATTHEW Q. CALLISTER**
  mqc@callister-reynolds.com maggie@callister-reynolds.com
- **CANDACE C CARLYON**
  ltreadway@sheacarlyon.com
  ccarlyon@sheacarlyon.com;bankruptcyfilings@sheacarlyon.com;rsmith@sheacarlyon.com
- **ROB CHARLES**
  rcharles@lrlaw.com cjordan@lrlaw.com
- **KEVIN B. CHRISTENSEN**
  kbchrislaw@aol.com
- **JEFFREY A. COGAN**
  jeffrey@jeffreycogan.com sarah@jeffreycogan.com
- **WILLIAM D COPE**
  cope_guerra@yahoo.com cope_guerra@yahoo.com
- **CICI CUNNINGHAM**
  bankruptcy@rocgd.com
- **LAUREL E. DAVIS**
  bklsclv@lionelsawyer.com
  ldavis@lionelsawyer.com;gbagley@lionelsawyer.com;ldavisesq@aol.com
- **THOMAS H. FELL**
  THF@GORDONSILVER.COM BANKRUPTCYNOTICES@GORDONSILVER.COM
- **SCOTT D. FLEMING**
  sfleming@halelane.com dbergsing@halelane.com,ecfvegas@halelane.com
- **GREGORY E GARMAN**
  bankruptcynotices@gordonsilver.com
- **GERALD M GORDON**
  bankruptcynotices@gordonsilver.com
- **TALITHA B. GRAY**
  tbg@gordonsilver.com bankruptcynotices@gordonsilver.com

H:\Fs1Wp51\Direct Lenders-Beneficiaries\Pleadings\Mtn, Continue Paymts & No Appraisal\Reply, Mtn to Compel, 6.13.06.doc

- **MARJORIE A. GUYMON**
  bankruptcy@goldguylaw.com ddias@goldguylaw.com
- **EDWARD J. HANIGAN**
  haniganlaw@earthlink.net haniganlaw1@earthlink.net
- **XANNA R. HARDMAN**
  xanna.hardman@gmail.com
- **STEPHEN R HARRIS**
  steve@renolaw.biz noticesbh&p@renolaw.biz
- **CHRISTOPHER D JAIME**
  cjaime@waltherkey.com kbernhar@waltherkey.com
- **EVAN L. JAMES**
  ejameslv@earthlink.net kbchrislaw@aol.com
- **ROBERT R. KINAS**
  rkinas@swlaw.com
  mstrand@swlaw.com;jlustig@swlaw.com;lholding@swlaw.com;lmccord@swlaw.com
- **NILE LEATHAM**
  nleatham@klnevada.com ckishi@klnevada.com;bankruptcy@klnevada.com
- **ROBERT C. LEPOME**
  robert@robertlepome.com susan@robertlepome.com
- **REGINA M. MCCONNELL**
  rmcconnell@kssattorneys.com
- **WILLIAM L. MCGIMSEY**
  lawoffices601@lvcoxmail.com
- **RICHARD MCKNIGHT**
  mcknightlaw@cox.net
  gkopang@lawlasvegas.com;cburke@lawlasvegas.com,sforemaster@lawlasvegas.com
- **JEANETTE E. MCPHERSON**
  jmcpherson@s-mlaw.com bkfilings@s-mlaw.com
- **SHAWN W MILLER**
  bankruptcyfilings@sheacarlyon.com
  smiller@sheacarlyon.com;aboehmer@sheacarlyon.com;ltreadway@sheacarlyon.com;rsmith@sheacarlyon.com
- **DAVID MINCIN**
  mcknightlaw@cox.net
  gkopang@lawlasvegas.com;dmincin@lawlasvegas.com,cburke@lawlasvegas.com,sforemaster@lawlasvegas.com
- **JOHN F MURTHA**
  jmurtha@woodburnandwedge.com
- **DONNA M. OSBORN**
  jinouye@marquisaurbach.com
  dosborn@marquisaurbach.com;tszostek@marquisaurbach.com;jcrowe@MarquisAurbach.com;kgallegos@MarquisAurbach.com
- **DONALD T. POLEDNAK**
  sandplegal@yahoo.com spbankruptcy@yahoo.com
- **PAUL C RAY**
  info@johnpeterlee.com
- **SUSAN WILLIAMS SCANN**
  sscann@deanerlaw.com palexander@deanerlaw.com

H:\Fs1Wp51\Direct Lenders-Beneficiaries\Pleadings\Mtn, Continue Paymts & No Appraisal\Reply, Mtn to Compel, 6.13.06.doc

- **LENARD E. SCHWARTZER**
  bkfilings@s-mlaw.com
- **SHLOMO S. SHERMAN**
  ssherman@sheacarlyon.com
  aboehmer@sheacarlyon.com;bankruptcyfilings@sheacarlyon.com;ltreadway@sheacarlyon.com;mmallet@sheacarlyon.com;rsmith@sheacarlyon.com
- **JEFFREY G. SLOANE**
  gjklepel@yahoo.com rmcconnell@kssattorneys.com
- **PETER SUSI**
  cheryl@msmlaw.com msm@msmlaw.com
- **CARYN S. TIJSSELING**
  cst@beesleyandpeck.com aha@beesleyandpeck.com
- **JOAN C WRIGHT**
  jwright@allisonmackenzie.com jbrooks@allisonmackenzie.com
- **MATTHEW C. ZIRZOW**
  bankruptcynotices@gordonsilver.com

b.    **United States mail, postage fully prepaid** (list persons and addresses):

Joshua D Brysk
Law Offices of James G Schwartz
7901 Stoneridge Drive, Suite 401
Pleasanton, CA 94588

Annette W Jarvis
Douglas M Monson
Steven C Strong
Ray Quinney & Nebeker P.C.
36 South State Street, Suite 1400
POBox 45385
Salt Lake City, UT 84145-0385

Richard J. Mason
130 Pinetree Lane
Riverwoods, IL 60015

Erven T Nelson
6060 W. Elton Avenue, Suite A
Las Vegas, NV 89107

Erven T Nelson
7401 W Charleston Blvd
Las Vegas, NV 89117

Nicholas J Santoro
400 S Fourth St 3rd Floor
Las Vegas, NV 89101

9

|   |   |
|---|---|
| 1 |   |
| 2 | Michael M. Schmahl<br>McGuire Woods LLP |
| 3 | 77 W. Wacker Drive, Suite 4100<br>Chicago, IL 60601 |
| 4 |   |
| 5 | James G Schwartz<br>7901 Stoneridge Dr #401 |
| 6 | Pleasanton, CA 94588 |
| 7 | Patricia K. Smoots<br>318 N Grove |
| 8 | Oak Park, IL 60302 |
| 9 | Bradley J Stevens |
| 10 | Jennings, Strouss & Salmon, PLC<br>201 East Washington Street, 11th Floor |
| 11 | Phoenix, AZ  85004-2385 |
| 12 | Thomas W Stilley<br>1000 SW Broadway #1400 |
| 13 | Portland, OR 97205 |
| 14 | Gregory J Walch |
| 15 | 400 S Fourth St 3rd Floor<br>Las Vegas, NV 89101 |
| 16 |   |
| 17 | William E Winfield<br>POBox 9100 |
| 18 | Oxnard, CA 93031 |
| 19 | Marion E. Wynne |
| 20 | Wilkins, Bankester, Biles & Wynne, P.A.<br>Post Office Box 1367 |
| 21 | Fairhope, AL 36533-1367 |

<div style="margin-left: 2em;">

22  ❉  c.  **Personal Service** (list persons and addresses):
I personally delivered the document(s) to the persons at these addresses:

23  ❉  For a party represented by an attorney, delivery was made by
24  handing the document(s) to the attorney or by leaving the document(s) at
the attorney's office with a clerk or other person in charge, or if no one is in
25  charge by leaving the document(s) in a conspicuous place in the office.

26  ❉  For a party, delivery was made by handing the document(s) to the
party or by leaving the document(s) at the person's dwelling house or usual
27  place of abode with someone of suitable age and discretion residing there.

28  :  d.  **By direct email (as opposed to through the ECF System)** (list persons
and email addresses):

</div>

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

1  2  3    Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

4    ❾ e.    **By fax transmission** (list persons and fax numbers):

5  6  7    Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

    ❾ f.    **By messenger**:

8  9  10    I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed blow and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service).

11  **I declare under penalty of perjury that the foregoing is true and correct.**

12  DATED this 13th day of June, 2006.

    _____J. Englehart & Tawney Waldo_____        _____//s// Tawney Waldo & J. Englehart_____
    Name                                          Signature

H:\Fs1Wp51\Direct Lenders-Beneficiaries\Pleadings\Mtn, Continue Paymts & No Appraisal\Reply, Mtn to Compel, 6.13.06.doc