JANET L. CHUBB, ESQ.
Nevada State Bar No. 176
LOUIS M. BUBALA III, ESQ.
Nevada State Bar No. 8974
JONES VARGAS
100 W. Liberty St, 12th Floor
P.O. Box 281
Reno, NV 89504-0281
Telephone:  775-786-5000
Fax:  775-786-1177
Email:  jlc@jonesvargas.com
   and    tbw@jonesvargas.com
   and    lbubala@jonesvargas.com

Attorneys for JV Direct Lenders: Fertitta Enterprises, Inc.;
Mojave Canyon, Inc.; A. William and Ranee L. Ceglia;
Robert A. and Sandra L. Cowman; Andrew and Ellen Dauscher;
Drs. David and Bonny Enrico; David W. and Pamela K. Sexton;
Evelyn Asher Sheerin, Trustee for the benefit of The Chris
H. Sheerin (deceased) and Evelyn Asher Sheerin 1984 Trust
Dated 5/31/84, Evelyn Asher Sherrin, Trustee of the
Chris and Evelyn Sheerin 1990 Trust, Sheerins Inc.;
Bruce Corum, Trustee of the Credit Shelter Trust, Juanita
N. Carter, Charles B. Anderson Trust, Rita P. Anderson
Trust, and Baltes Company ("JV Direct Lenders")

**Electronically Filed on:**
**June 13, 2006**

# UNITED STATES  BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

USA COMMERCIAL MORTGAGE COMPANY,
                                         Debtor.

USA CAPITAL REALTY ADVISORS, LLC,
                                         Debtor.

USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,
                                         Debtor.

USA CAPITAL FIRST TRUST DEED FUND, LLC,
                                         Debtor.

USA SECURITIES, LLC,
                                         Debtor.

Affects:
☐ All Debtors
■ USA Commercial Mortgage Company
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA Capital First Trust Deed Fund, LLC
☐ USA Securities, LLC

Case No. BK-S-06-10725-LBR
Case No. BK-S-06-10726-LBR
Case No. BK-S-06-10727-LBR
Case No. BK-S-06-10728-LBR
Case No. BK-S-06-10729-LBR

Chapter        11

**JV DIRECT LENDERS' REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY (AFFECTS USA COMMERCIAL MORTGAGE CO.)**

Hearing Date:   June 15, 2006
Hearing Time:  9:30 am

1

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000    Fax: (775) 786-0281
(775) 786-1177

1    Jones Vargas represents numerous direct lenders who are named beneficiaries ("JV Direct

2    Lenders") of certain loans which were originated and serviced by Debtor USA Commercial

3    Mortgage Co. (hereinafter, "Debtor" or "USA Commercial").    Specifically, Jones Vargas

4    represents Fertitta Enterprises, Inc.; Mojave Canyon, Inc.; A. William and Ranee L. Ceglia;

5    Robert A. and Sandra L. Cowman; Andrew and Ellen Dauscher; Drs. David and Bonny Enrico;

6    David W. and Pamela K. Sexton; Evelyn Asher Sheerin, Trustee for the benefit of The Chris H. Sheerin

7    (deceased) and Evelyn Asher Sheerin 1984 Trust Dated 5/31/84, Evelyn Asher Sherrin, Trustee of the

8    Chris and Evelyn Sheerin 1990 Trust, Sheerins Inc.; Bruce Corum, Trustee of the Credit Shelter Trust

9    Juanita N. Carter, Charles B. Anderson Trust, Rita P. Anderson Trust, and Baltes Company.    The JV

10    Direct Lenders are among the roughly 3,600 direct lenders who provided funds for loans

11    originated and serviced by USA Commercial.

12    On May 11, 2006, JV Direct Lenders moved for relief from the automatic stay (Ct. Dkt. #s

13    208, 509, Motion and Section 362 Information Sheet, respectively).    Response briefs were filed by

14    USA Commercial (Ct. Dkt. #387); the Official Committee of Equity Security Holders of USA

15    Capital First Trust Deed Fund, LLC (Ct. Dkt. #376); the Official Committee of Holders of

16    Executory Contract Rights through USA Commercial Mortgage Company (Ct. Dkt. #406); and the

17    Official Committee of Unsecured Creditors (Ct. Dkt. #566).    On June 2, 2006, the Court approved

18    a stipulation to reschedule the motion hearing to June 15, 2006, and ordered the JV Direct

19    Lenders' to file a reply brief by noon on June 13, 2006 (Ct. Dkt. #452).

20    This reply is based upon the attached Memorandum of Points and Authorities, the

21    pleadings and papers on file herein, and any other material this Court may wish to consider.

22    **MEMORANDUM OF POINTS AND AUTHORITIES**

23    **I.  INTRODUCTION**

24    JV Direct Lenders have contractual rights to remove USA Commercial as a servicing agent

25    because of its pre-petition breaches of the loan-servicing agreements.    The breaches constitute

26    cause to grant the stay relief, thereby allowing JV Direct Lenders to change the servicing agent

27    when they provide evidence that fifty-one percent of all of the holders of the beneficial interest in

28    a loan support a change in the agent.

2

JONES VARGAS
100 W. Liberty Street, 12ᵗʰ Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

1    JV Direct Lenders reply below to the points raised in the briefs filed in response to its

2    motion.

3                            **II. DISCUSSION & ANALYSIS**

4    **A. USA Commercial's and Unsecured Creditors' Objections Are Inadequate**

5    JV Direct Lenders address the objections from USA Commercial and the Unsecured

6    Creditors jointly because they raised similar arguments. Additionally, the Unsecured Creditors'

7    opposition fails because it is not supported by affidavits or declarations required by L.R.

8    9014(d)(1).

9                    **1. USA Commercial Had Sufficient Information to Oppose Motion**

10    USA Commercial asserts that it did not have adequate information to respond to the

11    motion because Jones Vargas failed to file a statement of representation pursuant to Federal Rule

12    of Bankruptcy Procedure 2019 and this court order. For the record, Jones Vargas filed its Rule

13    2019 statement on May 31, 2006 (Ct. Dkt. #423), the first such statement filed by any counsel

14    representing multiple clients. Jones Vargas also sent USA Commercial a list of its clients on May

15    25, 2006, one day after USA Commercial asked for the information and prior to the response

16    deadline. USA Commercial also stated a list of clients would be acceptable. Ex. 1, USA

17    Commercial letter to Jones Vargas at 2 ("If for some reason you are unable to provide a complete

18    Rule 2019 disclosure at that time, I ask that you provide by that time, at a minimum, a list of each

19    of your clients who are movants with respect to the Motions discussed above."). Moreover, Jones

20    Vargas was unable to provide earlier statement because the Unsecured Creditors requested the

21    firm interview to be committee counsel on May 23, 2006. Jones Vargas ultimately declined one

22    offer to be committee counsel and promptly provided USA Commercial with a list of its clients.

23    Now USA Commercial asserts it did not have sufficient information about the JV Direct

24    Lenders or sufficient time to prepare a proper response. "As a consequence of this late disclosure,

25    USACM cannot adequately respond to the Motion for Relief." (Ct. Dkt. #387 at 6-7 n.3).

26    "USACM cannot reasonably be expected to be able to adequately respond to the Motion for Relief

27    when it does know [sic] what Serviced Loans are at issues, or the JV Direct Lenders interest in

28    those loans." *Id.* at 6.

3

USA Commercial's assertions are not credible. As the loan servicing agent, it has the records documenting JV Direct Lenders' loans and interests. Moreover, JV Direct Lenders' motion for stay relief is premised on the loan-servicing agreement. The agreement is a simple form prepared by USA Commercial, used with each lender involved in this case, and identical in all material respects in each loan. The record contains numerous copies of the agreement, including one attached to JV Direct Lenders' motion (Ct. Dkt. #208 at Ex. A). Indeed, USA Commercial did not have a problem drafting and filing a thirteen-page opposition based on the JV Direct Lenders' documents filed with their motion (Ct. Dkt. #387). Whether USA Commercial thinks it had adequate information about the JV Direct Lenders' interests is immaterial, as the motion asks a simple legal question: Whether lenders may change servicing agents pursuant to the contract terms.

**2. JV Direct Lenders Acknowledge They Still Must Satisfy Contractual Terms**

JV Direct Lenders acknowledge that the loan servicing contract does not authorize an agent change without "approval of fifty-one percent (51%) or more of all of the holders of the beneficial interest of record in the Loan," and that JV Direct Lenders do not constitute at least fifty-one percent of all of the holders of the beneficial interest in their loans. However, the JV Direct Lenders believe it is prudent to seek the Court's advance authorization in order to change servicing agents if and when the JV Direct Lenders and others constitute fifty-one percent of all of the holders of the beneficial interest. JV Direct Lenders do not—and never have—intended to remove USA Commercial as a servicing agent until such time.

In terms of the exact requirements to change the servicing agent, JV Direct Lenders attempted to harmonize Paragraphs 3 and 8 of the contract by stating that they must have fifty-one percent of all of the holders of the beneficial interest and provide thirty-days notice to change agents (Ct. Dkt. #208, Motion at 6). USA Commercial responds that "paragraph 8 does not govern the removal of USACM as the loan servicer of one of the Serviced Loans" (Ct. Dkt. #387, USA Commercial Opposition at 7). JV Direct Lenders accept USA Commercial's interpretation in this regard. Therefore, JV Direct Lenders may remove USA Commercial as the servicing agent

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000    Fax: (775) 786-1177

4

JONES VARGAS
100 W. Liberty Street, 12ᵗʰ Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

1    *immediately* upon evidence that a fifty-one percent of all of the holders of the beneficial interest in

2    a loan agree with the replacement, pursuant to Paragraph 3 of the servicing agreement.

3                    **3.  USA Commercial's Breach Constitutes Cause for Stay Relief**

4            USA Commercial and the Unsecured Creditors both assert that USA Commercial's pre-

5    petition breach does not constitute cause necessary to justify stay relief (Ct. Dkt. #387, USA

6    Commercial Opposition, *citing Matter of Holly's, Inc.*, 140 B.R. 643, 689 (Bankr. W.D. Mich.

7    1992); #566, Unsecured Creditors Opposition, citing *Holly's* and *In re Tashjian*, 72 B.R. 968, 973-

8    74 (Bankr. E.D. Pa. 1987)).   JV Direct Lenders disagree, in light of (1) the severity of USA

9    Commercial's pre-petition illegal conduct and (2) USA Commercial's admission of a continuing

10   violation of Nevada state law by collecting its servicing fee from post-petition borrower payments

11   without advancing the payments to the lenders.

12           In terms of a legal basis, JV Direct Lenders notes that *Holly's* involved proposed relief stay

13   premised on mismanagement, not breach.   140 B.R. at 688-89.   Even if mismanagement and

14   breach are equated, *Holly's* also recognized authority that pre-petition mismanagement may

15   provide cause for relief stay.  *Id.* at 689, *citing Powers Aero Marine Servs., Inc. v. Merrill Stevens*

16   *Dry Dock Co.* (*In re Powers Aero Marine Servs., Inc.*), 42 B.R. 540, 546 (Bankr. S.D. Tex. 1984).

17   The other cited case, *Tashjian*, also recognized that pre-petition breaches may constitute good

18   cause for stay relief.   72 B.R. at 973, *citing In re Lexington Racquetball Club, Inc.*, 58 B.R. 103

19   (Bankr. E.D. Pa. 1986), *In re Tainin*, 48 B.R. 250 (Bankr. E.D. Pa. 1985), and *In re Rush*, 9 B.R.

20   197 (Bankr. E.D. Pa. 1981).

21           JV Direct Lenders' own research also reveals authority holding that a breach constitutes

22   good cause to grant relief from the automatic stay.   For example, the Bankruptcy Court for the

23   Central District of California held that cause existed when a debtor failed to make payments in

24   breach of the requirements of a prior confirmed plan.  *Lomas Mortgage USA, Inc. v. Elmore* (*In re*

25   *Elmore*), 94 B.R. 670, 678 (Bankr. C.D. Cal. 1988); *In re Gilpin*, 209 B.R. 490, 493 (Bankr. W.D.

26   Mo. 1997) (same).   In another case, the court held the debtor's rejection of a lease is a breach of

27   contract, which "constitute[s] cause under Section 362(d)(1) for the lessor to seek relief from the

28   stay."  *In re Palace Quality Servs. Indus., Inc.*, 283 B.R. 868, 906 n.40 (Bankr. E.D. Mich. 2002).

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

1    In each case, the court held that the debtor's breach of a pre-petition obligation constituted

2   good cause to grant relief from the automatic stay.   In the present case, USA Commercial is

3   undisputedly in breach of the loan servicing agreement because it did not keep proper account

4   records, diligently collect all payments, promptly pay each lender, or foreclose or take other

5   necessary action when borrowers failed to pay on their loans.  USA Commercial acknowledges it

6   is in pre-petition breach, although it tries to minimize its problems by admitting to "certain

7   irregularities" (Ct. Dkt. #387 at 9).  This recharacterization of its conduct is inconsistent with the

8   findings of the State of Nevada's Division of Mortgage Lending, which found USA Commercial

9   violated numerous violations of the Nevada Revised Statutes and Nevada Administrative Code.

10  Ex. 2, Order Conditioning Mortgage Broker's License.   USA Commercial breached its loan

11  servicing agreements and violated state law, and JV Direct Lenders are allowed to select a new

12  servicing agent pursuant to the contract terms and state law.  Therefore, cause exists to grant JV

13  Direct Lender's motion for relief from the automatic stay to hire a new servicing agent.

14    Moreover, USA Commercial admits that it is collecting its servicing fee from the lender

15  payments without forwarding the payments to JV Direct Lenders and other similarly situated

16  (#387, USA Commercial Opposition at 4, ¶ 10).  This conduct violates Nevada Revised Statute

17  645B.175(5)(a), which requires a mortgage agent to release lender payments "upon the deduction

18  and payment of any fee or service charge due the mortgage broker."  See Ct. Dkt. #377, JV Direct

19  Lenders' Opposition to Debtors' Motion to Temporarily Hold Funds, for additional discussion.

20  Since USA Commercial is collecting its service fees from borrower payments without forwarding

21  the payments to the lenders, it is violating state law.  This continued, post-petition misconduct is

22  further evidence that causes exists to warrant relief from the automatic stay.

23    **4. Stay Relief for JV Direct Lenders Does Not Undermine Purpose of Bankruptcy**

24    USA Commercial and the Unsecured Creditors also assert that stay relief undermines the

25  purpose of bankruptcy (Ct. Dkt. #387, USA Commercial Opposition; #566, Unsecured Creditors

26  Opposition).  JV Direct Lenders do not dispute the purpose of bankruptcy,[1] but assert that stay

27

28  [1] However, JV Direct Lenders object to mischaracterizations by the Unsecured Creditors concerning the relevancy of
certain issues in bankruptcy.  The Unsecured Creditors asserts the JV Direct Lenders won't be harmed by USA

6

relief is not violative in the context of their role as lenders and USA Commercial's role as servicing agent.

As USA Commercial explained, "the legislative history of the Bankruptcy Code makes clear that one of the purposes of the automatic stay is to give a debtor a 'breathing spell from his creditors'" (Ct. Dkt. #387 at 11, *quoting In re Sherman*, 441 F.3d 794, 814 (9th Cir. 2006) (emphasis added by JV Direct Lenders). The automatic stay also provides for "an orderly liquidation procedure under which all creditors are treated equally." *Id.* (emphasis added by JV Direct Lenders).

However, JV Direct Lenders are not creditors. A creditor is "one to whom a debt is owed; one who gives credit for money or goods." *Black's Law Dictionary* 304 (Brian A. Garner ed., abridged 7th ed. 2000). JV Direct Lenders have not loaned money to USA Commercial; USA Commercial's sole role as servicing agent is as a conduit moving money lent by JV Direct Lenders to the borrowers, and subsequent borrower payments to JV Direct Lenders. Since JV Direct Lenders are not creditors, they are entitled to stay relief without interfering with the underlying purpose of bankruptcy.

## B.  Equity Security Holders Committee Do Not Articulate A Basis for Its Opposition

The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC filed a statement in opposition several motions, including the JV Direct Lenders' motion for relief from the automatic stay (Ct. Dkt. #376). However, the statement does not address JV Direct Lenders' requested relief, the ability to change servicing agent. Therefore, the committee's opposition has no bearing on the decision concerning JV Direct Lenders' motion.

---

Commercial's continued role as servicing agent, and that they would receive little benefit under a new servicing agent. The arguments are inapposite. USA Commercial entered into a contract with each JV Direct Lender that authorizes the JV Direct Lender to change servicing agents if USA Commercial breaches the contract. USA Commercial is in pre-petition breach. There is no additional requirement that the JV Direct Lender continue to suffer harm or demonstrate it can secure a better deal elsewhere. The JV Direct Lenders have a contractual right to change servicing agent, and they seek an order allowing them do so when they and other lenders represent fifty-one percent of all of the holders of the beneficial interest in a loan.

H:\Fs1Wp51\Direct Lenders-Beneficiaries\Pleadings\Mtn, Relief Stay-Change Agent, 5.2.06\Reply, Relief Stay-Change Agent, 6.13.06.doc

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000    Fax: (775) 786-1177

## C. Executory Contract Rights Committee Supports the General Right to Change Agents

The Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company supports the position that direct lenders are authorized by contract and state law to remove USA Commercial as the servicing agent if they have approval of at least 51 percent of the direct lenders (Ct. Dkt. #406).  However, the committee opposes JV Direct Lenders' motion only because the JV Direct Lenders have not established that they constitute 51 percent of the direct lenders in any loan.

Again, JV Direct Lenders acknowledge that the loan servicing contract does not authorize an agent change without fifty-one percent of all of the holders of the beneficial interest in a loan, and that JV Direct Lenders do not constitute at least fifty-one percent in their loans.  However, the JV Direct Lenders believe it is prudent to seek the Court's advance authorization in order to change servicing agents should the JV Direct Lenders and others constitute fifty-one percent.  JV Direct Lenders do not—and never have—intended to remove USA Commercial as a servicing agent until they and others in agreement constitute fifty-one percent of all of the holders of the beneficial interest in a loan.

///

///

///

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000    Fax: (775) 786-1177

8

1

**IV.  CONCLUSION**

2    USA Commercial has failed to satisfy the terms of its Loan Servicing Agreements with the

3  JV Direct Lenders.  Due to USA Commercial's failures, the JV Direct Lenders seek to execute

4  their contractual rights to terminate their servicing contracts with USA Commercial and hire a new

5  servicing agent.  Therefore, the JV Direct Lenders move for relief from the automatic stay in order

6  to terminate USA Commercial as the servicing agent on their loans.

7    DATED this 13th day of June, 2006.

8    JONES VARGAS

9

10  By:  ____//s// Janet L. Chubb_____
      JANET L. CHUBB, ESQ.
      LOUIS M. BUBALA, ESQ.

11

12  Attorneys for  JV Direct Lenders Fertitta Enterprises, Inc.; Mojave Canyon, Inc.; A. William and Ranee L. Ceglia;Robert A. and Sandra L. Cowman; Andrew and

13  Ellen Dauscher;Drs. David and Bonny Enrico; David W. and Pamela K. Sexton; Evelyn Asher Sheerin, Trustee for

14  the benefit of The Chris H. Sheerin (deceased) and Evelyn Asher Sheerin 1984 Trust Dated 5/31/84, Evelyn Asher

15  Sherrin, Trustee of the Chris and Evelyn Sheerin 1990 Trust, Sheerins Inc..; Bruce Corum, Trustee of the Credit

16  Shelter Trust, Juanita N. Carter, Charles B. Anderson Trust, Rita P. AndersonTrust, and Baltes Company

17

18

19

20

21

22

23

24

25

26

27

28

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

9

JONES VARGAS
100 W. Liberty Street, 12ᵗʰ Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

**CERTIFICATE OF SERVICE**

1.      On  June 13, 2006, I served the following document(s):

**JV DIRECT LENDERS' REPLY TO OPPOSITION TO
MOTION TO OBTAIN RELIEF FROM AUTOMATIC STAY
(AFFECTS USA COMMERCIAL CO.)**

2.      I served the above-named document(s) by the following means to the persons as listed below:

■    a.      **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

- **FRANKLIN C. ADAMS**
  franklin.adams@bbklaw.com arthur.johnston@bbklaw.com
- **KELLY J. BRINKMAN**
  kbrinkman@gooldpatterson.com
- **THOMAS R BROOKSBANK**
  brooksbankt1@sbcglobal.net kaya1@sbcglobal.net
- **MATTHEW Q. CALLISTER**
  mqc@callister-reynolds.com maggie@callister-reynolds.com
- **CANDACE C CARLYON**
  ltreadway@sheacarlyon.com
  ccarlyon@sheacarlyon.com;bankruptcyfilings@sheacarlyon.com;rsmith@sheacarlyon.com
- **ROB CHARLES**
  rcharles@lrlaw.com cjordan@lrlaw.com
- **KEVIN B. CHRISTENSEN**
  kbchrislaw@aol.com
- **JEFFREY A. COGAN**
  jeffrey@jeffreycogan.com sarah@jeffreycogan.com
- **WILLIAM D COPE**
  cope_guerra@yahoo.com cope_guerra@yahoo.com
- **CICI CUNNINGHAM**
  bankruptcy@rocgd.com
- **LAUREL E. DAVIS**
  bklsclv@lionelsawyer.com
  ldavis@lionelsawyer.com;gbagley@lionelsawyer.com;ldavisesq@aol.com
- **THOMAS H. FELL**
  THF@GORDONSILVER.COM BANKRUPTCYNOTICES@GORDONSILVER.COM
- **SCOTT D. FLEMING**
  sfleming@halelane.com dbergsing@halelane.com,ecfvegas@halelane.com
- **GREGORY E GARMAN**
  bankruptcynotices@gordonsilver.com
- **GERALD M GORDON**
  bankruptcynotices@gordonsilver.com
- **TALITHA B. GRAY**
  tbg@gordonsilver.com bankruptcynotices@gordonsilver.com

10

- **MARJORIE A. GUYMON**
  bankruptcy@goldguylaw.com ddias@goldguylaw.com
- **EDWARD J. HANIGAN**
  haniganlaw@earthlink.net haniganlaw1@earthlink.net
- **XANNA R. HARDMAN**
  xanna.hardman@gmail.com
- **STEPHEN R HARRIS**
  steve@renolaw.biz noticesbh&p@renolaw.biz
- **CHRISTOPHER D JAIME**
  cjaime@waltherkey.com kbernhar@waltherkey.com
- **EVAN L. JAMES**
  ejameslv@earthlink.net kbchrislaw@aol.com
- **ROBERT R. KINAS**
  rkinas@swlaw.com
  mstrand@swlaw.com;jlustig@swlaw.com;lholding@swlaw.com;imccord@swlaw.com
- **NILE LEATHAM**
  nleatham@klnevada.com ckishi@klnevada.com;bankruptcy@klnevada.com
- **ROBERT C. LEPOME**
  robert@robertlepome.com susan@robertlepome.com
- **REGINA M. MCCONNELL**
  rmcconnell@kssattorneys.com
- **WILLIAM L. MCGIMSEY**
  lawoffices601@lvcoxmail.com
- **RICHARD MCKNIGHT**
  mcknightlaw@cox.net
  gkopang@lawlasvegas.com;cburke@lawlasvegas.com,sforemaster@lawlasvegas.com
- **JEANETTE E. MCPHERSON**
  jmcpherson@s-mlaw.com bkfilings@s-mlaw.com
- **SHAWN W MILLER**
  bankruptcyfilings@sheacarlyon.com
  smiller@sheacarlyon.com;aboehmer@sheacarlyon.com;ltreadway@sheacarlyon.com;rsmith@sheacarlyon.com
- **DAVID MINCIN**
  mcknightlaw@cox.net
  gkopang@lawlasvegas.com;dmincin@lawlasvegas.com,cburke@lawlasvegas.com,sforemaster@lawlasvegas.com
- **JOHN F MURTHA**
  jmurtha@woodburnandwedge.com
- **DONNA M. OSBORN**
  jinouye@marquisaurbach.com
  dosborn@marquisaurbach.com;tszostek@marquisaurbach.com;jcrowe@MarquisAurbach.com;kgallegos@MarquisAurbach.com
- **DONALD T. POLEDNAK**
  sandplegal@yahoo.com spbankruptcy@yahoo.com
- **PAUL C RAY**
  info@johnpeterlee.com
- **SUSAN WILLIAMS SCANN**
  sscann@deanerlaw.com palexander@deanerlaw.com

11

JONES VARGAS
100 W. Liberty Street, 12ᵗʰ Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

- **LENARD E. SCHWARTZER**
  bkfilings@s-mlaw.com
- **SHLOMO S. SHERMAN**
  ssherman@sheacarlyon.com
  aboehmer@sheacarlyon.com;bankruptcyfilings@sheacarlyon.com;ltreadway@sheacarlyon.com;mmallet@sheacarlyon.com;rsmith@sheacarlyon.com
- **JEFFREY G. SLOANE**
  gjklepel@yahoo.com rmcconnell@kssattorneys.com
- **PETER SUSI**
  cheryl@msmlaw.com msm@msmlaw.com
- **CARYN S. TIJSSELING**
  cst@beesleyandpeck.com aha@beesleyandpeck.com
- **JOAN C WRIGHT**
  jwright@allisonmackenzie.com jbrooks@allisonmackenzie.com
- **MATTHEW C. ZIRZOW**
  bankruptcynotices@gordonsilver.com

❾ b.    **United States mail, postage fully prepaid** (list persons and addresses):

Joshua D Brysk
Law Offices of James G Schwartz
7901 Stoneridge Drive, Suite 401
Pleasanton, CA 94588

Annette W Jarvis
Douglas M Monson
Steven C Strong
Ray Quinney & Nebeker P.C.
36 South State Street, Suite 1400
POBox 45385
Salt Lake City, UT 84145-0385

Richard J. Mason
130 Pinetree Lane
Riverwoods, IL 60015

Erven T Nelson
6060 W. Elton Avenue, Suite A
Las Vegas, NV 89107

Erven T Nelson
7401 W Charleston Blvd
Las Vegas, NV 89117

Nicholas J Santoro
400 S Fourth St 3rd Floor
Las Vegas, NV 89101

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000    Fax: (775) 786-1177

12

H:\Fs1Wp51\Direct Lenders-Beneficiaries\Pleadings\Mtn, Relief Stay-Change Agent, 5.2.06\Reply, Relief Stay-Change Agent, 6.13.06.doc

JONES VARGAS
100 W. Liberty Street, 12ᵗʰ Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

1  Michael M. Schmahl
   McGuire Woods LLP
2  77 W. Wacker Drive, Suite 4100
   Chicago, IL 60601
3

4  James G Schwartz
   7901 Stoneridge Dr #401
5  Pleasanton, CA 94588

6
   Patricia K. Smoots
7  318 N Grove
   Oak Park, IL 60302
8

9  Bradley J Stevens
   Jennings, Strouss & Salmon, PLC
   201 East Washington Street, 11ᵗʰ Floor
10 Phoenix, AZ  85004-2385

11
   Thomas W Stilley
12 1000 SW Broadway #1400
   Portland, OR 97205
13

14 Gregory J Walch
   400 S Fourth St 3rd Floor
15 Las Vegas, NV 89101

16 William E Winfield
   POBox 9100
17 Oxnard, CA 93031

18
   Marion E. Wynne
19 Wilkins, Bankester, Biles & Wynne, P.A.
   Post Office Box 1367
20 Fairhope, AL 36533-1367

21         ❾ c.      **Personal Service** (list persons and addresses):
                     I personally delivered the document(s) to the persons at these addresses:
22
                     ❾      For a party represented by an attorney, delivery was made by
23                   handing the document(s) to the attorney or by leaving the document(s) at
                     the attorney's office with a clerk or other person in charge, or if no one is in
24                   charge by leaving the document(s) in a conspicuous place in the office.

25                   ❾      For a party, delivery was made by handing the document(s) to the
                     party or by leaving the document(s) at the person's dwelling house or usual
26                   place of abode with someone of suitable age and discretion residing there.

27         ☒ d.      **By direct email (as opposed to through the ECF System**) (list persons
                     and email addresses):
28

13

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

❾ e.    **By fax transmission** (list persons and fax numbers):

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission is attached.

❾ f.    **By messenger**:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed blow and providing them to a messenger for service.  (A declaration by the messenger must be attached to this Certificate of Service).

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 13th day of  June, 2006.

____J. Englehart & Tawney Waldo____              _____//s// Tawney Waldo & J. Englehart_____
Name                                                                        Signature

14

H:\Fs1Wp51\Direct Lenders-Beneficiaries\Pleadings\Mtn, Relief Stay-Change Agent, 5.2.06\Reply, Relief Stay-Change Agent, 6.13.06.doc

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177