ELECTRONICALLY FILED
JUNE 13, 2006

| | |
|---|---|
| STUTMAN, TREISTER & GLATT, P.C. | SHEA & CARLYON, LTD. |
| FRANK A. MEROLA | JAMES PATRICK SHEA |
| (CA State Bar No. 136934) | (Nevada State Bar No. 000405) |
| EVE H. KARASIK | CANDACE C. CARLYON |
| (CA State Bar No. 155356) | (Nevada State Bar No. 002666) |
| CHRISTINE M. PAJAK | SHLOMO S. SHERMAN |
| (CA State Bar No. 217173), Members of | (Nevada State Bar No. 009688) |
| 1901 Avenue of the Stars, 12th Floor | 233 South Fourth Street, Second Floor |
| Los Angeles, California 90067 | Las Vegas, Nevada 89101 |
| Telephone: (310) 228-5600 | Telephone: (702) 471-7432 |
| Facsimile: (310) 228-5788 | Facsimile: (702) 471-7435 |
| Email: fmerola@stutman.com | Email: jshea@sheacarlyon.com |
| ekarasik@stutman.com | ccarlyon@sheacarlyon.com |
| cpajak@stutman.com | ssherman@sheacarlyon.com |

Counsel for the Official Committee Of
Equity Security Holders Of USA Capital First Trust
Deed Fund, LLC

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: <br> USA COMMERCIAL MORTGAGE COMPANY, <br> Debtor. | BK-S-06-10725-LBR <br> Chapter 11 |
| In re: <br> USA CAPITAL REALTY ADVISORS, LLC, <br> Debtor. | BK-S-06-10726-LBR <br> Chapter 11 |
| In re: <br> USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, <br> Debtor. | BK-S-06-10727-LBR <br> Chapter 11 |
| In re: <br> USA CAPITAL FIRST TRUST DEED FUND, LLC, <br> Debtor. | BK-S-06-10728-LBR <br> Chapter 11 |
| In re: <br> USA SECURITIES, LLC, <br> Debtor. | BK-S-06-10729-LBR <br> Chapter 11 |
| Affects <br> ☐ All Debtors <br> ☐ USA Commercial Mortgage Co. <br> ☐ USA Securities, LLC <br> ☐ USA Capital Realty Advisors, LLC <br> ☐ USA Capital Diversified Trust Deed <br> ☒ USA First Trust Deed Fund, LLC | Date: June 15, 2006 <br> Time: 9:30 a.m. <br> Place: Courtroom #2 |

**APPLICATION OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL, LLC AS ITS FINANCIAL AND REAL ESTATE ADVISOR NUNC PRO TUNC TO JUNE 1, 2006
(AFFECTS USA FIRST TRUST DEED FUND, LLC)**

396527v1

**TO THE HONORABLE LINDA B. RIEGLE, UNITED STATES BANKRUPTCY JUDGE:**

The Official Committee of Equity Security Holders of USA Capital First Trust Deed, LLC (the "Committee") hereby applies (the "Application") for an order, under sections 330(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the employment and retention of Alvarez & Marsal, LLC ("A&M" or "Applicant") as its Financial and Real Estate Advisor *nunc pro tunc* to June 1, 2006 in the above-captioned cases (the "Chapter 11 Cases"). The facts and circumstances supporting this Application are set forth in the Declaration of Matthew E. Kvarda, a Director of A&M, sworn to June 8, 2006 (the "Kvarda Declaration") filed concurrently herewith.

### I. BACKGROUND

1. On April 13, 2005 (the "Petition Date"), USA Commercial Mortgage Company ("USA Mortgage"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("USA Diversified"), and USA Capital First Trust Deed Fund, LLC ("USA First" and, collectively with USA Mortgage, USA Securities, USA Realty, and USA Diversified, the "Debtors") filed voluntary petitions for relief under chapter 11 of the "Bankruptcy Code.

2. Thereafter, on May 9, 2006, this Court entered its <u>Order Regarding Joint Administration Without Substantive Consolidation</u> [docket no. 184] whereby the Court ordered that the Chapter 11 Cases be jointly administered under the name of USA Commercial Mortgage Company, bankruptcy case number BK-S-06-10725-LBR.

3. No trustee or examiner has been appointed in the Chapter 11 Cases. Rather, the Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On May 10, 2006, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee.

## II. JURISDICTION

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicate for the relief sought herein are sections 330(a) and 1103(a) of the Bankruptcy Code.

## III. RELIEF REQUESTED

6. The Committee seeks authority to retain and employ A&M as its Financial and Real Estate Advisor in the Chapter 11 Cases. By this Application, the Committee requests that the Court enter an order authorizing the Committee to retain and employ A&M *nunc pro tunc* to June 1, 2006.

## IV. APPLICABLE AUTHORITY

7. Section 1103(a) of the Bankruptcy Code provides, in relevant part, that the Committee, with the Court's approval, "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a).

8. In addition, section 330(a) of the Bankruptcy Code provides, in relevant part, that:

> the court may award to... a professional person employed under section 327 or 1103 – (A) reasonable compensation for actual, necessary services rendered by the... professional persons... and by any paraprofessional person employed by any such person; and (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

9. Bankruptcy Rule 2014 provides, in relevant part, "An order approving the employment of financial advisors . . . or other professionals pursuant to . . . § 1103 . . . of the Code shall be made only on application of the trustee or committee." F.R.B.P. 2014.

## V. A&M'S QUALIFICATIONS

10. A&M is an internationally recognized business turnaround and crisis management company that specializes in providing restructuring and advisory services to companies and constituents of companies in financial and operational distress.

396527v1                                            3

11. Matthew E. Kvarda, a Director of A&M, will be responsible for the overall engagement. Mr. Kvarda has more than thirteen years of experience serving the needs of financially and operationally challenged organizations. He brings leadership and a proven track record to addressing critical business processes including cash flow management and enhancement, profitability improvement, strategic assessment and business plan implementation. Mr. Kvarda has been involved in major corporate restructuring projects throughout the United States. Some of his most notable publicly disclosed engagements have included Oakwood Homes Corporation, Liquidation Trustee of Oakwood Homes Corporation, American Business Financial Services, Inc., Daewoo Motor America, Inc. and Southern California Edison Company among others.

12. The Committee believes that A&M's employment is in the best interests of the Committee and its constituency. Because of A&M's experience in business reorganizations and real estate valuation, the Committee believes that A&M is exceptionally well qualified to serve as its Financial and Real Estate Advisor to the Committee in the Chapter 11 Cases.

### VI.    SERVICES TO BE PROVIDED BY A&M

13. It is expected that A&M will provide the following services, among others, to the Committee in the Chapter 11 Cases:

- Analyze and evaluate the financial and operational condition of the Debtors and advise the Committee concerning such matters;
- Assist the Committee and its counsel in evaluating and responding to various developments or motions during the course of the Debtors' chapter 11 proceedings including such "core" matters as claims analysis, preference analysis, substantive consolidation and executory contracts;
- Provide various analyses related to the value of the Debtors' various properties and investments including any security interests thereto;
- Advise the Committee concerning various measures for operational improvement at the Debtors' operations;
- Assist the Committee and its counsel in analyzing and evaluating various forensic

396527v1                                                                4

1 accounting analyses prepared by the Debtors and its professionals;

2,3 - Analyze any interim financing, business plan or plan of reorganization and disclosure statement prepared by the Debtors;

4,5 - Provide other services that may be required by the Committee, and that do not overlap with services provided by the Committee's other advisors.

### VII. A&M'S COMPENSATION

13. Subject to the Court's approval, A&M will be entitled to the following compensation, in pertinent part, for its services pursuant to the Application:

- <u>Fees.</u> A&M's requested compensation for services rendered to the Committee will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate. A&M's hourly rates are as follows:

| | |
|---|---|
| Managing Directors: | $550 - $650 |
| Directors: | $375 - $475 |
| Senior Associates: | $300 - $370 |
| Associates & Analysts: | $175 - $290 |

In consideration of the circumstances in this case, A&M has agreed to voluntarily reduce its hourly rate structure above by approximately 15% at all levels. The corresponding rate structure that A&M will use on this engagement after the application of the approximate 15% discount is as follows:

| | |
|---|---|
| Managing Directors: | $465 - $550 |
| Directors: | $315 - $400 |
| Senior Associates: | $255 - $310 |
| Associates & Analysts: | $145 - $245 |

- <u>Reimbursement of Expenses.</u> A&M will be reimbursed for its reasonable out-of-pocket expenses (which shall be charged at cost) incurred in connection with this engagement, such as travel, lodging, duplicating, research, messenger, overnight mail and telephone charges. In addition, A&M shall be reimbursed for the reasonable fees and expenses of its counsel incurred in connection with the preparation, approval and enforcement of the Application.

- <u>Indemnification.</u> The Applicant requests by the terms of this engagement that the

396527v1                                                    5

indemnity agreement attached to the Kvarda Declaration as Exhibit C (the "Indemnity Agreement") provide for the Debtors to indemnify and hold harmless A&M and all other Indemnified Parties (as defined in the Indemnity Agreement) against any and all losses, claims, damages, liabilities, penalties, obligations and expenses, including the costs for counsel or others (including employees of A&M, based on their then current hourly billing rates) in investigating, preparing or defending any action or claim, whether or not in connection with litigation in which any Indemnified Party is a party, or enforcing the terms of the Indemnity Agreement, as and when incurred, caused by, relating to, based upon or arising out of (directly or indirectly) the Indemnified Parties' acceptance of or the performance or nonperformance of their obligations under the Indemnity Agreement; provided, however, such indemnity shall not apply to any such loss, claim, damage, liability or expense to the extent it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from such Indemnified Party's gross negligence or willful misconduct.

Under the terms of the Indemnity Agreement, the Debtors and the Committee also agree that no Indemnified Party shall have any liability to the Debtors or the Committee for or in connection with the engagement of A&M, except to the extent for any such liability for losses, claims, damages, liabilities or expenses that are found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from such Indemnified Party's gross negligence or willful misconduct.

**VIII.    DISCLOSURE CONCERNING CONFLICTS OF INTEREST**

14.   To the best of the Committee's knowledge, information, and belief, other than as set forth or in the Kvarda Affidavit, A&M has not represented and has no relationship with: (i) the Debtors, (ii) their respective creditors or equity security holders, (iii) any other parties-in-interest in these cases, (iv) the respective attorneys and accountants of any of the foregoing, or (v) the United States Trustee or any other person employed in the Office of the United States Trustee that would prevent A&M from being employed by the Committee.

15.   The Committee believes that the employment of A&M would be in the best

interests of the Committee, the Debtors and their estates, equity security holders, and creditors.

## IX.    FEE APPLICATIONS AND INTERIM PAYMENTS

16. A&M has received no compensation from the Debtors or any other party-in-interest in connection with these chapter 11 cases.

17. A&M will apply to the Court for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. A&M agrees to accept as compensation such sums as may be allowed by the Court and that such compensation that is at the expense of the USA Capital First Trust Deed Fund, LLC estate. A&M understands that that interim and final fee awards are subject to approval by this Court. A&M will provide time records for its personnel in connection with its fee applications in tenth of the hour (0.10) increments).

## NOTICE

18. Notice of this Application has been given to the parties listed on the Master Service List for Limited Notice #2 Dated June 9, 2006 (collectively, the "Notice Parties"). In light of the relief requested herein and the case management order governing the Chapter 11 Cases, the Committee submits that no other or further notice is required.

## NO PRIOR REQUEST

19. No previous application for the relief requested herein has been made to this or any other court.

396527v1

7

WHEREFORE, the Committee respectfully requests the Court to enter an order, (i) authorizing the Committee to retain and employ A&M *nunc pro tunc* to June 1, 2006 as its Financial and Real Estate Advisor pursuant to sections 330(a) and 1103(a) of the Bankruptcy Code and (ii) granting the Committee such other relief as is just, proper and equitable.

DATED this 13th day of June, 2006.

s/ Eve H. Karasik

FRANK A. MEROLA,
EVE H. KARASIK, and
CHRISTINE M. PAJAK, Members of
STUTMAN, TREISTER & GLATT, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone: (310) 228-5600

**Reviewed and approved by**

OFFICIAL COMMITTEE OF EQUITY
SECURITY HOLDERS OF USA CAPITAL
FIRST TRUST DEED FUND, LLC

John H. Warner, Jr., Vice-Chair