ELECTRONICALLY FILED
JUNE 13, 2006

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA
(CA State Bar No. 136934)
EVE H. KARASIK
(CA State Bar No. 155356)
CHRISTINE M. PAJAK
(CA State Bar No. 217173), Members of
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
Email:      fmerola@stutman.com
            ekarasik@stutman.com
            cpajak@stutman.com

SHEA & CARLYON, LTD.
JAMES PATRICK SHEA
(Nevada State Bar No. 000405)
CANDACE C. CARLYON
(Nevada State Bar No. 002666)
SHLOMO S. SHERMAN
(Nevada State Bar No. 009688)
233 South Fourth Street, Second Floor
Las Vegas, Nevada 89101
Telephone: (702) 471-7432
Facsimile: (702) 471-7435
Email:      jshea@sheacarlyon.com
            ccarlyon@sheacarlyon.com
            ssherman@sheacarlyon.com

Counsel for the Official Committee Of
Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| Affects<br>☐ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☒ USA First Trust Deed Fund, LLC | Date:  June 15, 2006<br>Time:  9:30 a.m.<br>Place: Courtroom #2 |

**DECLARATION OF MATTHEW E. KVARDA IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103(a) AND FED. R. BANKR. P. 2014(a) AUTHORIZING THE RETENTION AND EMPLOYMENT OF ALVAREZ & MARSAL, LLC AS FINANCIAL AND REAL ESTATE ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO JUNE 1, 2006 (AFFECTS USA FIRST TRUST DEED FUND, LLC)**

394226v1

Matthew E. Kvarda, being duly sworn upon his oath, states and affirms as follows:

1. I am a Director of Alvarez & Marsal, LLC ("A&M" or the "Applicant"), which maintains offices at 633 West Fifth Street, Suite 2560, Los Angeles, California 90071. I submit this affidavit in support of the application (the "Application") of the Official Committee of Equity Security Holders of USA Capital First Trust Deed, LLC (the "Committee"), for an order pursuant to sections 330(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing and approving the employment and retention of A&M as Financial and Real Estate Advisor to the Committee in the above-captioned cases (the "Chapter 11 Cases"), on the terms as defined in the Application.

2. The financial and real estate advisory services A&M has been engaged to provide to the Committee are as follows:

(a) Analyze and evaluate the financial and operational condition of the Debtors and advise the Committee concerning such matters;

(b) Assist the Committee and its counsel in evaluating and responding to various developments or motions during the course of the Debtors' chapter 11 proceedings including such "core" matters as claims analysis, preference analysis, substantive consolidation and executory contracts;

(c) Provide various analyses related to the value of the Debtors' various properties and investments including any security interests thereto;

(d) Advise the Committee concerning various measures for operational improvement at the Debtors' operations;

(e) Assist the Committee and its counsel in analyzing and evaluating various forensic accounting analyses prepared by the Debtors and its professionals;

394226v1

2

1   (f)  Analyze any interim financing, business plan or plan of
2        reorganization and disclosure statement prepared by the Debtors;
3   (g)  Provide other services that may be required by the Committee and
4        that do not overlap with services provided by the Committee's
5        other advisors.

6   3.   I and the other professionals employed by A&M are qualified to act as the
7   Committee's financial and real estate advisor. A&M has the requisite experience to perform the
8   services specified above. A&M specializes in working with underperforming and troubled
9   companies and it and its employees have had extensive restructuring experience in many
10  industries, including the loan origination industry and valuing commercial and residential
11  properties.

12  4.   Given the magnitude of these cases, it is conceivable that A&M may have
13  rendered services to, and may continue to render services to, or have other connections with,
14  certain of the Debtors' equity security holders, creditors, or other parties-in-interest or interests
15  adverse to such equity security holders, creditors, or parties-in-interest in matters wholly
16  unrelated to these cases beyond those specified below. More specifically, A&M and its
17  principals and employees have had and will continue to have (i) unrelated business associations
18  with certain of the Debtors' equity security holders, creditors, or other parties-in-interest, (ii)
19  unrelated business associations with entities having interests adverse to such equity security
20  holders, creditors, or parties-in-interest, including providing similar services to companies whose
21  creditors are also equity security holders or creditors of the Debtors, and (iii) investments in
22  certain of the Debtors' equity security holders or creditors that are public companies or
23  investment funds and in companies whose creditors are also equity security holders or creditors
24  of one or more of the Debtors. However, in each case, the association or investment, as the case
25  may be, is completely unrelated to these cases.

26  5.   A&M has performed a conflicts check with respect to a list of creditors,
27  equity security holders, and other parties provided by the Committee's counsel, which is attached
28  hereto as Exhibit A (the "<u>Interested Parties List</u>"). To the best of my knowledge, information

1  and belief the only persons on the Interested Parties List for whom A&M is currently performing
2  or has within the past three years provided services are the creditors or interest holders specified
3  on the attached Exhibit B. The services provided by A&M to these creditors or interest holders
4  are unrelated to the services to be provided by A&M in these cases.

5        6.     A&M has not shared or agreed to share any of its compensation for its
6  services to the Committee with any other person, other than with a principal or employee of
7  A&M, as permitted by section 504 of the Bankruptcy Code.

8        7.     Except as otherwise set forth herein, to the best of my knowledge,
9  information and belief and based on the foregoing, (i) A&M does not hold or represent any
10 interest adverse to the Debtors, their creditors or other parties-in-interest, as identified to A&M
11 on the Interested Parties List, with respect to the matters upon which A&M is to be engaged and
12 (ii) A&M is not connected with the Debtors, their equity security holders, creditors or other
13 parties-in-interest on the Interested Parties List. Accordingly, I respectfully submit that A&M is
14 a "disinterested person", as defined in section 101(14) of the Bankruptcy Code.

15       8.     It should be understood that A&M's present and former clients and such
16 clients' affiliates, officers, directors, principal shareholders and their respective affiliates may
17 have had relationships with the foregoing entities of which A&M was not informed or may have
18 developed relationships of which A&M is unaware subsequent to the performance of A&M's
19 services. Despite the efforts described above to identify and disclose A&M's connections with
20 parties in interest in these cases, because the Debtors constitute a large enterprise with numerous
21 unidentified creditors and other relationships, A&M is unable to state with certainty that every
22 client representation or other connection has been disclosed. In this regard, if A&M discovers
23 additional information that requires disclosure, A&M will file a supplemental disclosure with the
24 Court as promptly as possible.

25       9.     The Committee and A&M have agreed that A&M's compensation for
26 services rendered to the Committee will be based upon the hours actually expended by each
27 assigned staff member at each staff member's hourly billing rate.

28       10.    A&M's hourly rate structure is as follows:

|   |    |                        |               |
|---|----|------------------------|---------------|
| a.| Managing Directors:    | $550 - $650   |
| b.| Directors:             | $375 - $475   |
| c.| Senior Associates:     | $300 - $370   |
| d.| Associates & Analysts: | $175 - $290   |

11. In consideration of the circumstances in this case, A&M has agreed to voluntarily reduce its hourly rate structure above by 15% at all levels. The corresponding rate structure that A&M will use on this engagement after the application of the approximately 15% discount is as follows:

|   |    |                        |               |
|---|----|------------------------|---------------|
| a.| Managing Directors:    | $465 - $550   |
| b.| Directors:             | $315 - $400   |
| c.| Senior Associates:     | $255 - $310   |
| d.| Associates & Analysts: | $145 - $245   |

12. A&M will also seek reimbursement for reasonable out-of-pocket expenses incurred in connection with this assignment, such as travel, lodging, duplicating, computer research, messenger, overnight mail and telephone charges. In addition, A&M will seek reimbursement for the reasonable fees and expenses of its counsel incurred in connection with the preparation, negotiation, approval and enforcement of the Application.

13. As set forth more fully in the Indemnity Agreement (as such term is defined in the Application), a form of which is attached hereto as Exhibit C, the Debtors will indemnify A&M, its shareholders, employees, agents and representatives from and against any losses, claims, damages, liabilities, penalties, obligations and expenses related to, based upon or arising out of their performance of their obligations under the Application, other than losses, claims, damages, liabilities or expenses that are the result of A&M's or such other indemnified party's gross negligence or willful misconduct.

14. I further state that, to the best of my knowledge, information and belief, the proposed engagement of A&M is not prohibited by Bankruptcy Rule 5002.

394226v1

5

15. I further state that this affidavit is in accordance with Bankruptcy Rule 2014.

_____
Matthew E. Kvarda

# EXHIBIT "A"

## LIST OF INTERESTED PARTIES

**Debtors/Related Parties**

USA Capital

USA Capital Realty Advisors

USA Capital First Trust Deed Fund

USA Capital Diversified Trust Deed Fund

USA Commercial Mortgage Company

US Commercial Real Estate Group

USA Securities

Joseph Milanowski

Tom Hantges

**USA Capital First Trust Deed Fund Top 20 Investors**

R.T. Enterprises, Robert E. Taylor, GP

Robert E. Taylor

Robert G. Berry, Jr. and Jeanette K. Berry

Katz 2000

Sara M. Katz

Jack Katz

Mary E. and Matthew Moro

Gwen Melonas Family Trust

Aristotle S. Melonas

Andrew and Ellen Dauscher

Steven M. and Margaret W. Terry Trust

William Edwards

William W. Miller

Richard G. Woodstra Revocable Trust

| | |
|---|---|
| 1 | The Toni Amonacci Trust |
| 2 | Jack and Sylvia Geldenthal |
| 3 | Wen Baldwin Separate Property Trust |
| 4 | Kohler Living Trust |
| 5 | Guenther and Elfriede Kohler |
| 6 | John Warner, Jr. |
| 7 | First Savings Bank |
| 8 | James J. Tanaka |
| 9 | Retirement Accounts, Inc. |
| 10 | Donna Luttle and Gerhard Luttle and Gwendolyn Allred |
| 11 | |
| 12 | **USA Commercial Mortgage Co. Top 20 Investors** |
| 13 | USA Capital Diversified Trust Fund |
| 14 | USA Capital First Trust Deed Fund |
| 15 | Pertitta Enterprises, Inc. |
| 16 | Robert J. Kehl and Ruth Ann Kehl |
| 17 | Helms Homes, LLC |
| 18 | Terry helms Living Trust |
| 19 | Rocklin/Redding LLC |
| 20 | Arthur Polacheck and Glorianne Polachek |
| 21 | Homfeld II, LLC |
| 22 | Larry L . Rieger & Patsy R. Rieger Revocable Trust |
| 23 | Charles B. Anderson Trust |
| 24 | James W. McCollum & Pamela P. McCollum |
| 25 | Cardwell Family Trust |
| 26 | Dennis Flier Inc. |
| 27 | MLH Family Investment Limited |
| 28 | Donald S. Tomlin & Dorothy R. Tomlin |

1. USA Commercial Mortgage Company
2. August J. Amaral, Inc.
3. Dennis Raggi
4. Eric Lynn Lester and Cassie Lester
5. 
6. **USA Capital Diversified Trust Deed Fund**
7. 
8. Herman M. Adams or Brian M. Adams or Anthony O. Adams
9. Kantor Nephrology Consultants
10. Gary Kantor
11. Robert G. Worthem
12. Katz 2000 Separate Property Trust
13. Kosum Desai, MD
14. AAA Om Financial, LLC
15. Dipak Desari
16. Everett H. Johnston Family Trust
17. Thomas C. Lawyer Family Trust
18. John Parker Kurlinski & Calire Sawyer Kurlinski
19. The L.E. and J.G. Blair Family Trust
20. Lloyd B. Blair
21. The 2003 Richard N. Krupp Charitable Remainder
22. Frank Hatfield
23. Charles O. Nichols and Flora A. Nichols
24. Emona Dental Studios Inc. Pension and Profit Sharing
25. Marjan Rutar
26. Frank Reale, DC
27. Molitch 1997 Trust
28. Matthew Molitch

394226v1                                                    9

1. Michaelian Holdings, LLC
2. Andre Michaelian
3. The Gannaway Charitable Remainder Trust
4. Peyton L. and Patricia Gannaway
5. First trust Company of Oraga C/F Jean-Jacques
6. Childrens Dental Group Inc Defined Benefit Pension
7. Andre Michaelian
8. 
9. **Significant Creditors**
10. Dell Bunch
11. Michael Peterson
12. Nevada State Bank
13. Paris Line LLC
14. Pecos Professional Park
15. Wells Fargo Bank
16. Annee of Paris Coifures, Inc.
17. Haspinov, LLC
18. Bank of America
19. Citibank
20. US Bank
21. Goolde Patterson Ales & day
22. Nevada Department of Taxation
23. Advanced Information Systems
24. Scotsman Publishing, Inc.
25. RD Advertising
26. West Coast Life Insurance
27. Russell AD Development Group, LLC
28. Special Order Systems

394226v1                                    10

| | |
|---|---|
| 1 | **Debtors' Professionals** |
| 2 | Mesirow Financial Interim Management LLC |
| 3 | Tom Allison |
| 4 | Ray Quinney & Nebeker PC |
| 5 | Annette Jarvis |
| 6 | Schwartzer & McPherson |
| 7 | Leonard Schwartzer |
| 8 | |
| 9 | **USA First Trust Deed Fund Professionals** |
| 10 | Stutman, Treister & Glatt |
| 11 | Shea & Carlyon |
| 12 | |
| 13 | **Other Professionals** |
| 14 | Gordon & Silver |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**EXHIBIT B**

**INTERESTED PARTIES IN UNRELATED MATTERS**

Wells Fargo Bank

Bank of America

Citibank

US Bank

Nevada Department of Taxation

West Coast Life Insurance

Stutman, Treister & Glatt

Shea & Carlyon

Gordon & Silver

# EXHIBIT C

## INDEMNITY AGREEMENT

This indemnity is made part of the *Application of Official Committee of Equity Security Holders of USA Capital FirstTrust Deed Fund, LLC for Order Authorizing Employment and Retention of Alvarez & Marsal, LLC as its Financial and Real Estate Advisor Nunc Pro Tunc to June 1, 2006* (the "Application") for services to be rendered by A&M to the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "Committee") appointed in the USA Capital First Trust Deed Fund, LLC and its affiliated chapter 11 debtors (collectively, and with respect to the obligations hereunder, jointly and severally, the "Company") cases.

A.   The Company agrees to indemnify and hold harmless each of A&M, its shareholders, employees, agents, representatives and subcontractors (each, an "Indemnified Party" and collectively, the "Indemnified Parties") against any and all losses, claims, damages, liabilities, penalties, obligations and expenses, including the costs for counsel or others (including employees of A&M, based on their then current hourly billing rates) in investigating, preparing or defending any action or claim, whether or not in connection with litigation in which any Indemnified Party is a party, or enforcing the Application (including these indemnity provisions), as and when incurred, caused by, relating to, based upon or arising out of (directly or indirectly) the Indemnified Parties' acceptance of or the performance or nonperformance of their obligations under the Application; provided, however, such indemnity shall not apply to any such loss, claim, damage, liability or expense to the extent it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from such Indemnified Party's gross negligence or willful misconduct. The Company and the Committee also agree that no Indemnified Party shall have any liability (whether direct or indirect, in contract or tort or otherwise) to the Company or the Committee for or in connection with the engagement of A&M, except to the extent for any such liability for losses, claims,

1  damages, liabilities or expenses that are found in a final judgment by a court of competent
2  jurisdiction (not subject to further appeal) to have resulted primarily and directly from such
3  Indemnified Party's gross negligence or willful misconduct.  The Company and the Committee
4  further agree that it will not, without the prior consent of an Indemnified Party, settle or
5  compromise or consent to the entry of any judgment in any pending or threatened claim, action,
6  suit or proceeding in respect of which such Indemnified Party seeks indemnification hereunder
7  (whether or not such Indemnified Party is an actual party to such claim, action, suit or
8  proceedings) unless such settlement, compromise or consent includes an unconditional release of
9  such Indemnified Party from all liabilities arising out of such claim, action, suit or proceeding.

11  B.    In the event that, at any time whether before or after termination of the engagement or the
12  Application, as a result of or in connection with the Application or A&M's and its personnel's
13  role under the Application, A&M or any Indemnified Party is required to produce any of its
14  personnel (including former employees) or for examination, deposition or other written, recorded
15  or oral presentation, or A&M or any of its personnel (including former employees) or any other
16  Indemnified Party is required to produce or otherwise review, compile, submit, duplicate, search
17  for, organize or report on any material within such Indemnified Party's possession or control
18  pursuant to a subpoena or other legal (including administrative) process, the Company will
19  reimburse the Indemnified Party for its out of pocket expenses, including the reasonable fees and
20  expenses of its counsel, and will compensate the Indemnified Party for the time expended by its
21  personnel based on such personnel's then current hourly rate.

23  C.    If any action, proceeding or investigation is commenced to which any Indemnified Party
24  proposes to demand indemnification hereunder, such Indemnified Party will notify the Company
25  with reasonable promptness; provided, however, that any failure by such Indemnified Party to
26  notify the Company will not relieve the Company from its obligations hereunder, except to the
27  extent that such failure shall have actually prejudiced the defense of such action.  The Company
28  shall promptly pay expenses reasonably incurred by any Indemnified Party in defending,

participating in, or settling any action, proceeding or investigation in which such Indemnified Party is a party or is threatened to be made a party or otherwise is participating in by reason of the engagement under the Application, upon submission of invoices therefore, whether in advance of the final disposition of such action, proceeding, or investigation or otherwise. Each Indemnified Party hereby undertakes, and the Company hereby accept its undertaking, to repay any and all such amounts so advanced if it shall ultimately be determined that such Indemnified Party is not entitled to be indemnified therefore. If any such action, proceeding or investigation in which an Indemnified Party is a party is also against the Company or the Committee, the Company or the Committee may, in lieu of advancing the expenses of separate counsel for such Indemnified Party, provide such Indemnified Party with legal representation by the same counsel who represents the Company or the Committee, provided such counsel is reasonably satisfactory to such Indemnified Party, at no cost to such Indemnified Party; provided, however, that if such counsel or counsel to the Indemnified Party shall determine that due to the existence of actual or potential conflicts of interest between such Indemnified Party and the Company or the Committee such counsel is unable to represent both the Indemnified Party and the Company or the Committee, then the Indemnified Party shall be entitled to use separate counsel of its own choice, and the Company shall promptly advance its reasonable expenses of such separate counsel upon submission of invoices therefore. Nothing herein shall prevent an Indemnified Party from using separate counsel of its own choice at its own expense. The Company will be liable for any settlement of any claim against an Indemnified Party made with the Company's written consent, which consent shall not be unreasonably withheld.

D.   In order to provide for just and equitable contribution if a claim for indemnification pursuant to these indemnification provisions is made but it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal) that such indemnification may not be enforced in such case, even though the express provisions hereof provide for indemnification, then the relative fault of the Company or the Committee, on the one hand, and the Indemnified Parties, on the other hand, in connection with the statements, acts or omissions which resulted in

the losses, claims, damages, liabilities and costs giving rise to the indemnification claim and other relevant equitable considerations shall be considered; and further provided that in no event will the Indemnified Parties' aggregate contribution for all losses, claims, damages, liabilities and expenses with respect to which contribution is available hereunder exceed the amount of fees actually received by the Indemnified Parties pursuant to the Application. No person found liable for a fraudulent misrepresentation shall be entitled to contribution hereunder from any person who is not also found liable for such fraudulent misrepresentation.

E.  The Company will also promptly pay the Indemnified Parties for any expenses reasonably incurred by them, including attorneys' fees and expenses, in seeking payment of all amounts owed it under the Application (or any new engagement agreement) whether through submission of a fee application or in any other manner, without offset, recoupment or counterclaim.

F.  Neither termination of the Application nor termination of A&M's engagement (nor the conversion of the Company's chapter 11 case to a chapter 7 case) shall affect these indemnification provisions, which shall hereafter remain operative and in full force and effect.

G.  The Company acknowledges that, in rendering services to the Committee, A&M may obtain information, including non-public information, from various independent sources, provided that A&M keeps such non-public information confidential in accordance with its duties to the Committee.

| | | |
|---|---|---|
| 1 | | |
| 2 | USA Capital First Trust Deed Fund LLC | ALVAREZ & MARSAL, LLC |
| 3 | Debtor in possession, for itself and its affiliated | |
| 4 | debtors | |
| 5 | | By: _____ |
| 6 | By:_____ | |
| 7 | _____ | Director |

Official Committee of Equity Security Holders
of USA Capital First Trust Deed Fund, LLC

By:_____

394226v1                                17