```
LAUREL E. DAVIS, ESQ., Nevada Bar No. 3005
LIONEL SAWYER & COLLINS
1700 Bank of America Plaza                          E-Filed on June 13, 2006
300 South Fourth Street
Las Vegas, NV 89101
Telephone: (702) 383-8888
Facsimile: (702) 383-8845
Email: Ldavis@lionelsawyer.com

Attorneys for SCOTT K. CANEPA
```

UNITED STATE BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-06-10725-LBR |
|  | Case No. BK-S-06-10726-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | Case No. BK-S-06-10727-LBR |
|  | Case No. BK-S-06-10728-LBR |
| Debtor. | Case No. BK-S-06-10729-LBR |
| In re: | Chapter 11 |
| USA CAPITAL REALTY ADVISORS, LLC, |  |
|  | **Jointly Administered Under** |
| Debtor. | **Case No. BK-S-06-10725-LBR** |
| In re: |  |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, |  |
| Debtor. |  |
| In re: |  |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, |  |
| Debtor. |  |
| In re: |  |
| USA SECURITIES, LLC, |  |
| Debtor. |  |
| Affects: |  |
| [ ] All Debtors |  |
| [x] USA Commercial Mortgage Company |  |
| [ ] USA Securities, LLC | Date: June 15, 2006 |
| [ ] USA Capital Realty Advisors, LLC | Time: 10:00 a.m. |
| [ ] USA Capital Diversified Trust Deed Fund, LLC |  |
| [ ] USA First Trust Deed Fund, LLC |  |

**SUPPLEMENTAL DECLARATION OF SCOTT K. CANEPA IN SUPPORT OF
MOTION FOR RELIEF FROM THE AUTOMATIC STAY
TO TERMINATE LOAN SERVICING AGREEMENT
FOR DIRECT LOAN TO BOISE/GOWAN, LLC**

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

-1-

Scott K. Canepa, makes the following statements:

1. I am a Direct Lender to Boise/Gowan 93 LLC ("Boise/Gowan") for a loan that was brokered by USA Commercial Mortgage Company ("USA Commercial"), and I am an attorney licensed to practice law in the State of Nevada. I have personal knowledge of the facts recited herein, I am competent to testify regarding them if called as a witness in this matter, except with respect to those matters stated herein on information and belief, and as to those matters, I believe them to be true.

2. I make this Supplemental Declaration in support of my Motion for Relief from the Automatic Stay to Terminate the Loan Servicing Agreement for Direct Loan to Boise/Gowan.

3. The Boise/Gowan loan is the only existing Direct Loan brokered by USA Commercial that I made in my name. My remaining Direct Loans that were brokered by USA Commercial were made in the name of my Defined Benefit Pension Plan or in my capacity as a Trustee for my mother's trust. The other Direct Investors in the Boise/Gowan loan do not include USA Commercial or either one of the two USA funds, and USA Commercial's loan summaries on file with the Court each list the Boise/Gowan loan as a performing loan, despite the fact that I have not received any interest payments, post-petition.

4. Attached as Exhibit H is an authentic copy of the Boise/Gowan Construction Loan Agreement ("Loan Agreement") dated August 26, 2005, that I signed as a Direct Lender. The Boise/Gowan loan was a loan to acquire raw land (*see* Exhibit N and ¶¶ 12(f) and 12(g), *infra*), and Exhibit "B" to the Loan Agreement provides for site development and engineering work, not construction. Section Three of the Construction Loan Agreement contains the following provisions:

> 3.1 Amount of the Loan. Subject to the terms and conditions set forth in this Agreement, Lender agrees to make a loan ("Loan") to Borrower in a principal amount of Two Million One Hundred Fifty Thousand Dollars ($2,150,000) (the "Loan Amount"). ...
>
> 3.2 Increase in Loan Amount. From the Effective Date through and including August 1, 2006, Lender and USA shall have the exclusive right, but not the obligation, to increase the Loan amount to an amount not to exceed Two Million Five Hundred Fifty Thousand Dollars ($2,550,000). ...

Exhibit H, attached, pp. 6-7 (emphasis added).

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

5. My Loan Servicing Agreement entered into with USA Commercial, <u>Exhibit E</u>, *see* Scott Canepa Declaration in Support of Motion ("Initial Decl.") Docket ("DE") 293, contains the following provision:

> Notwithstanding the foregoing or any other provision contained herein, <u>USA may not permit any modification to any Loan that would ... change the outstanding principal amount, or extend the maturity date, without Lender's prior consent</u>; provided, however, if Lender fails to grant or deny its consent within three (3) business days after notice from USA, Lenders shall be deemed to have conclusively given its consent.

Initial Decl., DE 293, <u>Exhibit E</u>, p. 3, Section 2(e), last sentence (emphasis added).

6. The Special Power of Attorney that I signed with respect to the Boise Gowan Loan, Initial Decl. DE 293, <u>Exhibit F</u>, contains the following provision:

> The services to be performed are described below: ...
>
> (c)  To modify and amend the Note or Deed of Trust <u>on such terms and conditions as required by the Loan Agreement</u>, subject to the provisions of this Declaration.

<u>Exhibit F</u>, pp. 1-2 (emphasis added).

7. The loan documents, including the Construction Loan Agreement, <u>Exhibit H, p. 41</u>, identify 14 persons and entities as Direct Lenders in the Boise/Gowan loan. However, USA Commercial's Opposition to my Motion indicated that there were three more, or a total of 17 Direct Lenders in the Boise/Gowan loan, DE 468, p. 11. In order to resolve this discrepancy, I obtained a preliminary title report and copies of all items listed in that preliminary title report.

8. Upon receipt of the preliminary title report, I discovered for the first time that two amendments to the deed of trust for additional advances to Boise/Gowan had been arranged by USA Commercial. On September 26, 2005, Boise/Gowan signed a First Amended Deed of Trust, recorded October 6, 2005, which increased the principal amount of the Boise/Gowan loan to $2,300,000 based upon the apparent investment of Mr. and Mrs. Webster Beadle in the amount of $150,000. An authentic copy of the First Amended Deed of Trust is attached as <u>Exhibit I</u> which contains the revised list of lenders as Exhibit A-1. This additional advance was arranged by USA Commercial without my knowledge or consent, in breach of the Loan Servicing Agreement and Power of Attorney.

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

9. Additionally, on February 21, 2006, Boise/Gowan signed a Second Amended Deed of Trust, recorded March 6, 2006, which increased the principal amount of the Boise/Gowan loan to $2,425,000 based upon the apparent investment of August J. Amaral, Inc. in the amount of $125,000. An authentic copy of the Second Amended Deed of Trust is attached as <u>Exhibit J</u> which contains the revised list of lenders as Exhibit A-1. This further additional advance was likewise arranged by USA Commercial without my knowledge or consent.

10. Based upon my concerns about obtaining payment of my Direct Loans and the Direct Loans of the other members of the Canepa Group (which, except for my close friend Michael Wagnon, consist of my spouse and family), the negative publicity regarding the debtors, the chapter 11 bankruptcy proceedings and testimony of Thomas J. Allison, I have been in communication with Scott Bice, Commissioner, State of Nevada, Department of Business and Industry, Division of Mortgage Lending. Mr. Bice has provided me with a copy of his May 1, 2006 Order Conditioning Mortgage Broker's License issued with respect to USA Commercial. An authentic copy of Mr. Bice's May 1, 2006 Order, and the June 9, 2006 Order which establishes the May 1, 2006 Order as final, are attached as <u>Exhibit K</u>. The May 1, 2006 Order contains nine pages of factual findings and conclusions of law with respect to USA Commercial's myriad and diverse violations of Nevada law, and the Order virtually eliminates USA Commercial's future ability to broker loans funded by non-institutional lenders:

> NOW, THEREFORE, IT IS HEREBY ORDERED that <u>USA mortgage broker's license is conditioned upon USA not making any loans secured by liens on real property funded by private, non-institutional investors; USA may only make loans secured by liens on real property funded by institutional investors.</u>

<u>Exhibit K</u>, attached, May 1, 2006 final Order, p. 10 (emphasis added).

11. USA Commercial's Opposition to my Motion argues without any supporting authority that the 51% requirement for termination of the Loan Servicing Agreement under Paragraph 3 and NAC 645B.073 (<u>Exhibit E</u>, p.3) should be interpreted as 51% of the holders, rather than 51% of the dollar amount of the holders' beneficial interests. Although this analysis is not supported by either the Loan Servicing Agreement or Nevada law, I have nonetheless obtained Declarations from 11 persons who represent 9 Direct Lenders evidencing their support of my Motion and my intended

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

-4-

termination of USA Commercial as the Loan Servicing Agent for the Boise/Gowan loan. Collectively attached as <u>Exhibit L</u> are 11 Declarations from the following persons and entities, whose Boise/Gowan Direct Loans total $660,000:

1. Acres Profit Sharing Plan, Annemarie Rehberger, Trustee, $50,000
2. August J. Amaral, President, August J. Amaral, Inc., $125,000
3. Brandon Durham, co-lender of $50,000
4. Leslie Durham, co-lender of $50,000
5. Janice Fortune, Living Trust, $50,000
6. Gary Minter, Minter Investments, L.P., $64,000
7. Constance Rendon, co-lender of $50,000
8. Manuel Rendon, co-lender of $50,000
9. Thomas Sexton, $121,000
10. Bunny Vreeland, $50,000
11. Rosalie Morgan Trust, $100,000

With my Boise/Gowan Direct Loan in the amount of $1,250,000, I can establish that 10 of the 17 Boise/Gowan Direct Lenders, or over 51% of the Direct Lenders, support the Motion. Together we hold Direct Loans in the amount of $1,910,000 or over 75% of the $2,425,000 principal amount of the Boise/Gowan loan. It is therefore not necessary to address the Opposition argument on this point, as the Motion, proposed termination of the Loan Servicing Agreement and proposed retention of a new loan servicing agent for the Boise/Gowan loan are amply supported under either calculation.

12. In addition to the matters identified in the Motion, my initial Declaration and set forth above, the following facts and circumstances, among others, have led me to the conclusion that I wish to terminate the Loan Servicing Agreement with USA Commercial on the Boise/Gowan loan:

(a) As demonstrated in Paragraphs 4 through 6 above, the Principal Amount of this one-year loan was twice increased in violation of the Construction Loan Agreement, Loan Service Agreement, and Power of Attorney, pre-petition.

(b) Based upon Thomas Allison's May 17, 2006 Declaration and Exhibit B (DE 267), copies of which are attached as <u>Exhibit M</u> for the Court's convenience, notwithstanding the

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

-5-

1 above-quoted discretionary language from the Loan Agreement, Mr. Allison appears to have
2 determined that the maximum dollar amount of $2,550,000 <u>must</u> be funded on the Boise/Gowan
3 loan, because the difference between the $2,425,000 currently funded and the absolute maximum
4 of $2,550,000 is $125,000. By his position that this discretionary funding of an additional $125,000
5 is somehow a mandatory funding requirement, Mr. Allison appears poised to repeat USA
6 Commercial's two pre-petition breaches of the Loan Agreement, Loan Service Agreement, and
7 Power of Attorney, by attempting to make a third unauthorized increase of the loan amount, post-
8 petition. Even if Mr. Allison could fund the $125,000, the USA Commercial broker's license is
9 limited to institutional lenders only (¶14, *infra*), and Mr. Allison has not obtained institutional
10 financing that could fund before the Boise/Gowan loan matures on August 26, 2006.
11 Notwithstanding this concern, after the Loan Servicing Agreement is terminated with USA
12 Commercial and a new loan servicing agent is in place, if there is, in fact, a requirement to fund an
13 additional $125,000 to Boise/Gowan, I am ready, willing and able to provide that additional funding
14 with a new agent that can broker loans funded by individuals.

15       (c) The Boise/Gowan loan is a one year loan which matures on or about August
16 26, 2006, Note, Initial Decl. (DE 293), <u>Exhibit C</u>. My Special Power of Attorney will expire on the
17 same date. *See* Initial Decl., <u>Exhibit F</u>. I am informed and believe that on other loans serviced by
18 USA Commercial, USA Commercial has granted borrowers extensions of maturity dates without
19 complying with the Loan Documents and obtaining the necessary additional powers of attorney to
20 do so. I do not, and will not, consent to an extension of the maturity date of this loan. I am therefore
21 concerned that if the loan servicing agent is not changed, that the maturity date may be extended
22 without my knowledge or consent.

23       (d) Mr. Allison and his team have considerable duties and responsibilities as the
24 designated representatives of each of these five debtors, and Mr. Allison's Declarations have detailed
25 the significant forensic accounting and other work that must be done. With their multi-faceted duties
26 and responsibilities, I am not confident that Mr. Allison and his team will have the time and
27 resources to move quickly enough to commence a foreclosure proceeding in the event that the
28 Boise/Gowan loan is not paid off on maturity at the end of August.

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

-6-

  (e) I would prefer to deal with a loan servicing agent that is not a debtor-in-possession in a chapter 11 case that is jointly administered with four other affiliated cases. Based upon unidentified "equitable principles arising in bankruptcy" and without initiating a complaint or obtaining an injunction or writ of attachment, alleging pre-petition "irregularities" of USA Commercial they claim have not occurred post-petition, USA Commercial has not paid me any of the post-petition interest payments due on my Direct Loan even though the Boise/Gowan loan is identified as a performing loan. Motions filed by USA Commercial justifying its retention of professionals and this Court's order approving employment of Hilco to perform an appraisal over my objection cause me great concern that I will be required to subsidize the cost of USA Commercial's chapter 11 proceedings based upon a surcharge, charge back or some other fee assessment for the costs of administering the USA Commercial bankruptcy estate – in effect becoming an involuntary post-petition lender to USA Commercial and possibly the other four bankruptcy estates. I have been required to retain counsel to protect my interests and represent me and the rest of the Canepa Group in these proceedings. As time goes on, even though I am not a creditor, USA Commercial continues to holds <u>my property</u>. This situation makes it all the more likely that I will be required to become even more involved in these bankruptcy proceedings. Additionally, I do not wish to be compelled to waive my Constitutional and other protections by consenting to this Court's jurisdiction by being forced to either file a proof of claim or commence an adversary proceeding to recover my property that is unjustifiably held by USA Commercial. I would therefore prefer to move the servicing of the Boise/Gowan loan to a loan servicing agent that is not a chapter 11 debtor, is not under the cloud of numerous "irregularities," and that holds an unconditional license to broker loans funded by non-institutional lenders.

  (f) The collateral which secures the one-year Boise/Gowan loan is unimproved real property located in Boise, Idaho, and the Boise/Gowan loan was a loan made for the purpose of purchasing this land. An authentic copy of the USA Commercial loan disclosure and solicitation for the Boise/Gowan loan which contains this and other information about the loan and collateral is attached as <u>Exhibit N</u>. Additionally, I am informed and believe that the collateral is not under construction and there would be no reason to fund a construction loan shortfall.

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

-7-

(g) I am informed and believe that the Boise/Gowan loan has been personally guaranteed by Joseph Milanowski, Tom Hantges and Robert A. Russell. *See* Loan Disclosure, Exhibit N. As loan broker and servicing agent, USA Commercial is required to maintain all original loan documents (Exhibit E); however, USA Commercial did not provide me with copies of those documents.

(h) During USA Commercial's course of performance of its duties as the loan servicing agent on the Boise/Gowan loan, USA has not taken even a full one percent loan servicing fee. It has, in fact, restricted the Boise/Gowan loan servicing fee to $12,125 per year, or about $1,010 per month. USA has accepted the difference between the Promissory Note interest rate of 12.5% (Exhibit E) and the guaranteed return to investors rate of 12% (Exhibit N) as its loan servicing fee herein. This number is calculated by determining annual interest on $2,425,000 at 12.5%, which is $303,125, and then deducting the guaranteed return to investors of 12% interest which is $291,000, resulting in an annual loan servicing fee of $12,125, and a monthly loan servicing fee of about $1,010.

13. Donna Cangelosi is a Direct Lender in the Boise/Gowan loan who filed a written opposition *in pro per* to my Motion, raising personal and business questions most of which are not pertinent to the Motion. Much of these "questions" involve the business decisions that any investor makes during the course of a commercial investment, inappropriate efforts to somehow enhance her contractual rights and remedies beyond the Loan Documents, Ms. Cangelosi's personal status as an unsecured creditor in the USA Commercial case and her belief that Mr. Allison and Meisrow will somehow insure her a higher recovery than a different loan servicing agent. All of Ms. Cangelosi's relevant questions are answered in my Motion, Reply and Declarations.

14. If this Court grants my Motion, I will replace USA Commercial as the loan servicing agent for the Boise/Gowan loan, and I have arranged for a company named US Loan Servicing to assume those duties and responsibilities. The contact person at US Loan Servicing is Mark Gross, President, 9670 W. Tropicana Ave., #100, Las Vegas, NV 89147, telephone (702) 362-1234, fax (702) 362-1010, and email mgross@usls.biz. US Loan Servicing will not assess any set up fees or other costs in conjunction with its assumption of the Loan Servicing Agreement for the Boise/Gowan

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845

-8-

loan, and it will assume the duties and obligations under the Loan Servicing Agreement in exchange for the same compensation that is set forth in Paragraph 12(h)

15. I contacted Mortgage Lending Commissioner Bice requesting his opinion on the questions of whether or not USA Commercial's pre- and post-petition conduct constitutes a breach of its obligations and fiduciary responsibilities as a loan servicing agent under Nevada law. In response to my questions, Commissioner Bice provided me with his June 12, 2006 opinion construing NAC 645B.073 and the Loan Servicing Agreement herein, an authentic copy of which is attached as Exhibit O. Commissioner Bice concluded in his opinion:

> Notwithstanding the petitions and arguments offered by the Debtor in Possession of USA <u>it is clear that USA through testimony and known facts violated many provisions of NRS 645B as well as the corresponding regulations; therefore, breaching its fiduciary responsibilities and obligations as set forth in the Loan Servicing Agreements and as such Canepa as a direct lender has the right to terminate the agreement and seek a new loan servicer.</u>

Exhibit O, p. 2 (emphasis added).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 13, 2006.

/s/ Scott C. Canepa
_____
Scott C. Canepa

LIONEL SAWYER & COLLINS
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
PHONE 702.383.8888
FAX 702.383.8845