1   Annette W. Jarvis, Utah Bar No. 1649          **E-FILED ON June 14, 2006**
    RAY QUINNEY & NEBEKER P.C.
2   36 South State Street, Suite 1400
    P.O. Box 45385
3   Salt Lake City, Utah 84145-0385
    Telephone: (801) 532-1500
4   Facsimile: (801) 532-7543
    Email: ajarvis@rqn.com
5
6       and
7   Lenard E. Schwartzer, Nevada Bar No. 0399
    Jeanette E. McPherson, Nevada Bar No. 5423
8   SCHWARTZER & MCPHERSON LAW FIRM
    2850 South Jones Boulevard, Suite 1
9   Las Vegas, Nevada 89146-5308
    Telephone: (702) 228-7590
10  Facsimile: (702) 892-0122
    E-Mail: bkfilings@s-mlaw.com
11
    Attorneys for Debtors and Debtors-in-Possession
12

13              UNITED STATES BANKRUPTCY COURT

                    DISTRICT OF NEVADA

14  In re:                                        Case No. BK-S-06-10725 LBR
15  USA COMMERCIAL MORTGAGE COMPANY,              Case No. BK-S-06-10726 LBR
                                      Debtor.     Case No. BK-S-06-10727 LBR
16  In re:                                        Case No. BK-S-06-10728 LBR
                                                  Case No. BK-S-06-10729 LBR
17  USA CAPITAL REALTY ADVISORS, LLC,
                                      Debtor.     Chapter 11
18  In re:
                                                  Jointly Administered Under
19  USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, Case No. BK-S-06-10725 LBR
                                      Debtor.
20  In re:
21  USA CAPITAL FIRST TRUST DEED FUND, LLC,
                                      Debtor.     **DEBTORS' SUPPLEMENTAL**
22  In re:                                        **RESPONSE TO JOINT MOTION OF**
                                                  **COMMITTEES PURSUANT TO 11 U.S.C.**
    USA SECURITIES, LLC,                          **§ 105(a), 107(b) 1102(b)(3)(A) AND 1103(c),**
23                                    Debtor.     **FOR NUNC PRO TUNC ORDER**
    Affects:                                      **CLARIFYING REQUIREMENT TO**
24  ☒ All Debtors                                 **PROVIDE ACCESS TO INFORMATION**
    ☐ USA Commercial Mortgage Company             **(AFFECTS ALL DEBTORS)**
25  ☐ USA Securities, LLC
    ☐ USA Capital Realty Advisors, LLC
26  ☐ USA Capital Diversified Trust Deed Fund, LLC Date: June 15, 2006
    ☐ USA First Trust Deed Fund, LLC              Time: 10:00 a.m.
27

28

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

- 1 -

Debtors USA Commercial Mortgage Company, USA Securities, LLC, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, and USA Capital First Trust Deed Fund (collectively referred to as "Debtors"), by and through their counsel, hereby submit this supplemental response to the Joint Motion of Committees Pursuant to 11 U.S.C. § 105(a), 107(b) 1102(b)(3)(A) And 1103(c), for Nunc Pro Tunc Order Clarifying Requirement to Provide Access to Information (the "Access to Information Motion") (docket no. 521, filed June 7, 2006).

## STATEMENT OF FACTS

1.      On June 13, 2006, the Debtors filed their response to the Access to Information Motion.

2.      After the Debtors response to the Access to Information Motion had already been filed, Debtors' counsel received a draft of a proposed confidentiality agreement from counsel for the Executory Contracts Committee (the "ECC Proposed Confidentiality Agreement"), a red-lined version of which is attached hereto as Exhibit A.  The red-lined version has been attached because it shows the differences between the ECC Proposed Confidentiality Areement and the confidentiality agreement that has been agreed to and signed by the other three committees.

## MEMORANDUM

The confidentiality agreement being proposed by the Executory Contracts Committee serves to highlight and illustrate the concerns that Debtors outline in their response to the Access to Information Motion.  The definition of "confidential information" contained in the ECC Proposed Confidentiality Agreement is substantially different from the definition of "confidential information" that has been agreed to by the other committees.  Moreover, the documents, records and other information that is excluded from the definition of "confidential information" in the ECC Proposed Confidentiality Agreement is so broad as to essentially render no documents, records and other information as being confidential.   There simply cannot be two standards in this case for determining what documents, records and other information are confidential, i.e. one standard for three of the committees and another standard for the Executory Contract Committee.  Such an outcome would result in confusion, additional expense, needless litigation and unfairness to both the Debtors and the other three committees.  If the Executory Contract Committee is

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    unwilling to sign a confidentiality agreement with the Debtors in substantially the same form as

2    that agreed to by the other committees and which is acceptable to the Debtors, then the Debtors

3    will have no choice except to not provide any confidential information to the Executory Contract

4    Committee.  Accordingly, the Debtors submit a limited objection to the Access to Information

5    Motion on the grounds that it should not be approved unless there is uniformity with respect to

6    how confidential information is defined, protected and disseminated.

7         Respectfully submitted this 14th day of June, 2006.

8

9                              /s/    JEANETTE E. MCPHERSON
                             Lenard E. Schwartzer, Nevada Bar No. 0399
10                            Jeanette E. McPherson, Nevada Bar No. 5423
                             SCHWARTZER & MCPHERSON LAW FIRM
11                            2850 South Jones Boulevard, Suite 1
                             Las Vegas, Nevada  89146
12
                             and
13
                             Annette W. Jarvis, Utah Bar No. 1649
14                            RAY QUINNEY & NEBEKER P.C.
                             36 South State Street, Suite 1400
15                            P.O. Box 45385
                             Salt Lake City, Utah 84145-0385
16

17

18

19

20    878943.01

21

22

23

24

25

26

27

28

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# EXHIBIT "A"

# CONFIDENTIALITY AGREEMENT

1. **Parties.**  In connection with the chapter 11 cases filed by USA Commercial Mortgage Company, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC, and their affiliates (collectively, the "**Company**") in the United States Bankruptcy Court for the District of Nevada, Las Vegas Division, which are being jointly administered under Case No. BK-S-06-10725-LBR (collectively, the **"Case"**), this Confidentiality Agreement (the **"Agreement"**) sets forth the terms and conditions under which the Company will provide to the Official Committee of Holders of Executory Contract Rights Through USA Commercial Mortgage Company (the "**Committee**") and to each Committee member signing this Agreement (the "**Committee Member**") and to each professional advisor employed by the Committee (the **"Committee Advisor"**) the confidential information described in Paragraph 2 below.  As used in this Agreement, Company, Committee, Committee Advisor, and Committee Member include their respective agents, directors, members, officers, managers, representatives, advisors, trustees, accountants, consultants, experts, legal counsel, affiliates, subsidiaries, and employees (collectively, the "**Representatives**"), and the Company, the Committee, the Committee Advisors, and the Committee Members each represent that all Representatives who may receive or generate Confidential Information will be advised of this Agreement and bound by its terms.  For the purposes of this Agreement,  "Direct Lenders" shall mean the approximately 3600 parties that have individually lent monies directly to various borrowers for which USA Commercial Mortgage Company is a loan servicer.

2(a). **Confidential Information.**  As used in this Agreement, "**Confidential Information**" means all information and reproductions of information that:  (a) if written, (i) the Company marks before or upon presentation as "confidential" or "restricted"; or (b) if oral, and (ii) contains information that constitutes proprietary information, trade secrets or contains non-public information concerning the Company's business operation, projections, analyses, compilations, studies prepared by the Company or its advisors; or (b) if oral, (i) the Company identifies when presented as "confidential" or "restricted," and that in each case pertains to or concerns the Company and is not available to the general public.  Confidential Information also includes all information that the Committee, each Committee Advisor, or each Committee Member substantially derives from the information described in the preceding sentence", and (ii) contains information that constitutes proprietary information or trade secrets or contains non-public information concerning the Company's business operation, projections, analyses, compilations, studies prepared by the Company or its advisors.  To the extent the Company provides tax identification numbers or social security numbers of the Direct Lenders to the Committee, Committee Advisor or Committee Members, such information is deemed Confidential Information.  To the extent that the definition of "Confidential Information" can be interpreted as including documents or information listed in paragraph 2(b) of the Agreement, paragraph 2(b) prevails and the document or information is not Confidential Information.  If the Company inadvertently discloses Confidential Information without designating or identifying such information as being

subject to this Agreement, the Company reserves the right to subsequently designate or identify such information as Confidential Information through written notice to the Committee. The Committee, each Committee Advisor, and each Committee Member will treat such subsequently designated or identified Confidential Information as confidential under the terms of this Agreement from the date the Committee, Committee Advisor, or Committee Member receives such notice from the Company. No remedy shall be available against the Committee, Committee Advisor, or Committee Member who has disclosed a document or information that has been produced or provided without the appropriate designation, if the disclosure predates the written notice for designation or identification.

2(b).    The term "**Confidential Information**" does not include:

    (1)    Information that either is or becomes generally available to the public other than by disclosure by the Committee, a Committee Advisor or a Committee Member or is published;

    (2)    Information that was available to the Committee, the Committee Advisor or the Committee Member on a nonconfidential basis before the Company disclosed the information to the Committee, the Committee Advisor or the Committee Member; or

    (3)    Information that lawfully becomes available to the Committee, the Committee Advisor or the Committee Member both on a nonconfidential basis and through a means other than a breach of either this Agreement or any other confidentiality agreement;

    (4)    The names, addresses, telephone numbers, and e-mail addresses of the Direct Lenders;

    (5)    A listing of the specific loans each Direct Lender is involved in;

    (6)    A listing of the specific amount each Direct Lender has outstanding on their respective loans;

    (7)    The notes, deeds of trust, guaranties, appraisals, title policies, loan servicing agreements, powers of attorney, escrow closing instructions, reconveyances, releases, notice of defaults, insurance policies and other loan documents related to the Direct Lenders' loans and any renewals, extensions or modification to the foregoing documents;

    (8)    Accountings or other records of the history of all payments and disbursements made on each of the Direct Lenders' loans and the status and balance due on each of the loans;

877912v2

(9)    Information or documentation related to negotiations of renewals, extensions or modification of Direct Lenders' loans;

(10)    Any documents or information obtained by order of any court of competent jurisdiction, by subpoena, through discovery processes, or through other judicial means; and

2(c).    If the Committee objects to the designation of any Confidential Information, the Committee shall state the objection in writing to counsel for the Company.  If the parties are unable to resolve the objection within five (5) business days from the written objection, any party may move the Court to do so.

3(a).    **Confidentiality Agreement.**  By signing this Agreement, the Committee, each Committee Advisor and each Committee Member agree that:

(1)    The Committee Advisor or Committee Member will hold and treat all Confidential Information in confidence;

(2)    The Committee Advisor or Committee Member will not, without the Company's prior written consent and except as set forth in this Agreement, disclose any Confidential Information in any manner whatsoever, in whole or in part, to any entity; and

(3)    The Committee Advisor or Committee Member will not use any Confidential Information in any way other than in connection with the Case.

3(b).    Notwithstanding anything to the contrary contained in Paragraph 3(a), the Committee Advisor or Committee Member may disclose Confidential Information to their Representatives who need to know the Confidential Information for purposes of assisting the Committee Advisor or Committee Member in performing its duties as the Committee Advisor or Committee Member in connection with the Case.  The Committee Advisor or Committee Member will advise Representatives who receive Confidential Information pursuant to this Agreement (1) of the terms of this Agreement, (2) that upon receipt of any Confidential Information such party will be bound by the terms of this Agreement, and (3) of such party's obligations concerning the confidentiality and the proper use of all such Confidential Information.

4(a).    **Return or Destruction of Confidential Information.**  Subject to Paragraph 4(b), promptly upon the Company's request, the Committee Advisor or the Committee Member will either return to the Company or destroy at the Company's option all written Confidential Information; provided, however, that, to the extent any of the Confidential Information is maintained or transmitted in electronic or digital form, the Committee Advisor or Committee Member will instead be required to implement reasonable appropriate measures to prevent the retrieval or dissemination of the Confidential Information.

877912v2

~~4(b). If the Company requests that the Committee Advisor or the Committee Member return, destroy, or prevent the retrieval or dissemination of written Confidential Information, the Committee Advisor and the Committee Member will promptly give the Company a written statement (i) attesting to the fact that reasonable steps were taken to ensure that all Confidential Information was destroyed; (ii) if applicable, attesting to the fact that reasonable and appropriate measures were taken to prevent the retrieval or dissemination of electronically stored or transmitted Confidential Information; (iii) describing any Confidential Information that was retained in accordance with Paragraph 4; or, (iv) stating that it possesses no written Confidential Information.~~

~~5.~~4. **Compelled Disclosure of Confidential Information.** If the Committee, Committee Advisor or ~~the~~ Committee Member is advised by counsel that it may be required by applicable law, discovery rules, court order, subpoena, or regulatory request ~~issued by any regulatory or supervisory authority having jurisdiction over the Committee Advisor or Committee Member to disclose any Confidential Information, the Committee Advisor or the~~("Compulsory Process"), the Committee, Committee Advisor or Committee Member will provide written notice of this fact to the Company so that the Company may either: (a) seek a protective order or other appropriate remedy; or (b) provide the Committee, Committee Advisor or the Committee Member with its written consent to the disclosure of the Confidential Information in question. The Committee, Committee Advisor's or Committee Member's written notice must be provided as soon as practicable after the Committee, Committee Advisor or the Committee Member is advised by counsel that it may be legally required to disclose Confidential Information but in no event later than ~~10~~5 business days before the date by which the Committee, Committee Advisor or the Committee Member is legally required to disclose the Confidential Information (the "**Disclosure Deadline**"); provided, however, that, if the Committee, Committee Advisor or Committee Member first received the disclosure request within ~~10~~5 business days before the date by which the Committee, Committee Advisor or Committee Member is legally required to disclose the Confidential Information, the Disclosure Deadline will be deemed to be the earliest date on which it is practicable for the Committee, Committee Advisor or Committee Member to provide notice to the Company. If the Company fails, on or before 12:00 p.m. on last business day prior to the Disclosure Deadline, to provide the Committee, Committee Advisor or the Committee Member either with evidence that it has obtained a protective order or similar remedy or with a waiver of compliance with this Agreement and if this failure does not result from the Committee, Committee Advisor or the Committee Member's failure to provide the Company with timely notice as required above, the Committee, Committee Advisor or the Committee Member may, notwithstanding anything contained in Paragraph 3(a) and without liability under this Agreement, ~~disclose only that portion of the Confidential Information that, after consultation with its counsel, the Committee Advisor or the Committee Member reasonably and in good faith believe it is required to disclose; provided, however, that the Committee Advisor or Committee Member must request the confidential treatment of any Confidential Information so disclosed to the extent permitted by law and in a manner reasonably designed to preserve its confidential nature~~comply with such Compulsory Process.

6.5.    **Introduction of Confidential Information Before the Bankruptcy Court.**  The Committee Advisor or the Committee Member may voluntarily file or submit to the bankruptcy court Confidential Information or papers containing or referring to the content or substance of Confidential Information by obtaining an order authorizing the filing of the information or papers under seal and by then filing the information or papers under seal with the first page of any document containing or referring to Confidential Information clearly marked as "*Confidential – Filed under Seal*."  Any papers filed under seal in accordance with this Paragraph must be kept under seal until further Court order. If the Committee Advisor or Committee Member seeks to file or otherwise introduce Confidential Information before the Bankruptcy Court other than under order of the Court, the Committee Advisor or Committee Member must provide the Company with at least ~~five~~3 business days' advanced, written notice so that the Company may, in its reasonable discretion, seek judicial relief.  If the Company fails, on or before the last day of this notice period, to provide the Committee Advisor or the Committee Member either with evidence that it has obtained a protective order or similar remedy or with a waiver of compliance with this Agreement, and if this failure does not result from the Committee Advisor or the Committee Member's failure to provide the Company with timely notice as required above, the Committee Advisor or the Committee Member may, notwithstanding anything contained in Paragraph 3(a) and without liability under this Agreement, disclose that information identified in the Committee Advisor or Committee Member's written notice.

7.    ~~**Securities Laws.**  The Committee Advisor and the Committee Member hereby acknowledge that each is aware—and that each will advise any of their agents who are informed as to the matters that are the subject of this Agreement—that United States securities laws as well as the applicable securities laws in the State of Nevada may prohibit any entity with material, non-public information concerning a company from either purchasing or selling that company's securities or from communicating that information to any other entity under circumstances in which it is reasonably foreseeable that the entity is likely to purchase or sell that company's securities.~~

8(a).    ~~**Enforcement.**  It~~6(a). **Enforcement.**  With the exception of the failure or delay to obtain a protective order or the written consent set forth in paragraph 4 of the Agreement, or the disclosure of information or documents for failure to designate as described in paragraph 2(a) of the Agreement, it is understood and agreed that no failure or delay in exercising any right, power, or privilege in this Agreement will waive that right, power, or privilege. Nor shall any single or partial exercise of any right, power, or privilege in this Agreement preclude any other or further exercise of that right, power, or privilege or the exercise of any other right, power, or privilege in this Agreement.  Nothing contained herein shall restrict the use by the Company of Confidential Information or limit or preclude the Company from raising objections to the production or disclosure of Confidential Information or other documents and information, except as otherwise provided herein.

~~8~~6(b).    **No Representation or Warranties.**  Neither the Company nor any of its Representatives make any representation or warranty as to the accuracy or completeness of any Confidential Information.  Neither the Company nor any of its Representatives will have

5

any liability to the Committee Advisor or Committee Member resulting from the use of the Confidential Information by the Committee Advisor or the Committee Member.

~~9~~7(a).  **Final Agreement.**  This Agreement is intended by the parties to be a final expression of their agreement, and it is intended as a complete and exclusive statement of the terms and conditions of their agreement.

~~9~~7(b).  **Invalidity** . If any provisions of this Agreement shall be determined to be invalid, illegal, or unenforceable, the validity, legality and enforceability of the remaining provisions of this Agreement shall not be affected or impaired thereby.

~~10.~~8.  **Changes, Waiver, Termination.**  Neither this Agreement nor any provisions of this Agreement may be changed, waived, or terminated except by a written statement that is signed by the party against which the change, waiver, or termination is sought to be enforced or as set forth in paragraph 14 of the Agreement.

~~11.~~9.  **Choice of Law.**  This Agreement will be governed and construed in accordance with Nevada law without regard to the conflicts or choice of law provisions under Nevada law.

~~12.~~10.  **Consent to Jurisdiction and Venue.**  The parties to this Agreement irrevocably agree that the Bankruptcy Court for the District of Nevada, Las Vegas Division (the "**Bankruptcy Court**") shall have jurisdiction with respect to any issues, actions, suits, or proceedings arising out of or relating to this Agreement and waive any objections to the laying of venue in the Bankruptcy Court with respect to any action, suit or proceeding arising out of this Agreement.

~~13.~~11.  **Notices.**  Notices required or permitted under this Agreement must be given by overnight mail, facsimile, or personal service to the following parties:

> Counsel to the Debtors and Debtors in Possession
> Ray Quinney & Nebeker P.C.
> 36 South State Street, Suite 1400
> P.O. Box 34385
> Salt Lake City, Utah  84145
> Attn: Annette W. Jarvis
>
> Counsel for the Committee
> Gordon & Silver, Ltd.
> 3960 Howard Hughes Parkway, Ninth Floor
> Las Vegas, Nevada 89109
> Facsimile: (702) 369-2666
>
> Committee Members
> As noted on the signature pages attached hereto.

~~14.~~12.  **Execution of Agreement.**  This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and all of such counterparts taken together shall

6

877912v2

be deemed to constitute one and the same instrument.  The parties agree that facsimile signatures shall be accepted as originals for all purposes under this Agreement.

15.13.  **Assignment**.  This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.  This Agreement may not be assigned by either party without the prior written consent of the other party hereto.  There are no third-party beneficiaries of this Agreement.

16.14.  **Term of the Agreement.**  This Agreement shall be binding upon the Committee Advisor or Committee Member for a period ending upon the earlier of six three (63) months after (i) the effective date of a plan of reorganization in the Case, subject to the terms of any such plan; (ii) the conversion of the Case to a case under Chapter 7 of the Bankruptcy Code; and (iii) the dismissal of the Case.

17.15.  **Specific Performance.**  The parties hereto agree that money damages may not be a sufficient remedy for any breach of this Agreement by the other party (or its Representatives) to this Agreement and that the non-breaching party may be irreparably harmed in the event of such a breach.  Accordingly, in addition to any other remedies to which they may be entitled at law or in equity, the non-breaching party shall be entitled to specific performance and injunctive or other equitable relief as remedy for any breach of this Agreement (regardless of whether damages may or may not be readily quantifiable and without posting a bond or other security).

18.16.  **Waiver of Jury Trial.**  TO THE MAXIMUM EXTENT PERMITTED BY LAW, EACH PARTY TO THIS AGREEMENT HEREBY WAIVES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, OR RELATED TO, THE SUBJECT MATTER OF THIS AGREEMENT (WHETHER SUCH ACTION ARISES IN TORT, CONTRACT, EQUITY OR OTHERWISE), AND HEREBY AGREES THAT ANY CLAIMS, CAUSES OF ACTION, DISPUTE, THEORIES OF RECOVERY OR REQUESTS FOR RELIEF RELATING TO OR ARISING OUT OF THIS AGREEMENT OR THE SUBJECT MATTER OF THIS AGREEMENT WILL BE RESOLVED VIA A BENCH TRIAL BEFORE THE BANKRUPTCY JUDGE SITTING IN THE BANKRUPTCY COURT BEFORE WHOM THE CASE IS PENDING, WHO MAY RESOLVE AND ENTER FINAL ORDERS AND JUDGMENTS WITH REGARD TO SUCH CLAIMS, CAUSES OF ACTION, DISPUTES, THEORIES OF RECOVERY, AND REQUESTS FOR RELIEF AS CORE PROCEEDINGS IN THE CASE.  THIS WAIVER IS KNOWINGLY, INTENTIONALLY, AND VOLUNTARILY MADE BY EACH OF THE PARTIES HERETO, AND EACH PARTY ACKNOWLEDGES THAT NEITHER ANY OF THE PARTIES NOR ANY ENTITY ACTING ON BEHALF OF ANY OF THE PARTIES HAS MADE ANY REPRESENTATIONS OF FACT OR LAW TO INDUCE THIS WAIVER OF JURY TRIAL.  EACH OF THE PARTIES ACKNOWLEDGES THAT: (1) IT BARGAINED AT ARM'S LENGTH AND IN GOOD FAITH, WITHOUT DURESS, CONCERNING THE INCLUSION OF THIS WAIVER IN THE AGREEMENT; (2) IT HAS BEEN REPRESENTED (OR HAS HAD THE OPPORTUNITY TO BE REPRESENTED) IN CONNECTION WITH THE SIGNING OF THIS AGREEMENT, AND IN PARTICULAR THE MAKING OF THIS WAIVER, BY INDEPENDENT LEGAL

7

COUNSEL, SELECTED OF ITS OWN FREE WILL; AND (3) IT HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL.  EACH PARTY FURTHER ACKNOWLEDGES THAT IT HAS READ AND UNDERSTANDS THE MEANING AND RAMIFICATIONS OF THIS WAIVER PROVISION.

877912v2

**Agreed to as of June ____, 2006:**


**USA Commercial Mortgage Company, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund LLC, USA Capital Realty Advisors, LLC, and USA Securities, LLC:**


By  _____
     [Responsible Person]

9

877912v2

**Official Committee of Holders of Executory Contract Rights Through USA Commercial Mortgage Company**


By    _____
       Chair


**Committee Member:**


By:    _____



Its:    _____
        *(Type or print title of individual signing on behalf of Committee Member)*




**Committee Member:**


By:    _____



Its:    _____
        *(Type or print title of individual signing on behalf of Committee Member)*


10

877912v2

**Committee Member:**

By: _____


Its: _____
*(Type or print title of individual signing on behalf of Committee Member)*


**Committee Member:**

By: _____


Its: _____
*(Type or print title of individual signing on behalf of Committee Member)*


**Committee Member:**

By: _____


Its: _____
*(Type or print title of individual signing on behalf of Committee Member)*

11

877912v2

Document comparison done by DeltaView on Monday, June 12, 2006 5:17:34 PM

| Input: | |
|---|---|
| Document 1 | file://C:/Documents and Settings/sdh/Desktop/406025_1.DOC |
| Document 2 | file://C:/Documents and Settings/sdh/Desktop/406025_2.DOC |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 61 |
| Deletions | 31 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 94 |