Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                        Debtor | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                        Debtor | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                        Debtor | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                        Debtor | Date: June 5, 2006<br>Time: 9:30 a.m. |
| In re:<br>USA SECURITIES, LLC,<br>                                        Debtor | **FOURTH SUPPLEMENTAL DECLARATION OF THOMAS J. ALLISON IN SUPPORT OF DEBTORS' MOTIONS (AFFECTS ALL DEBTORS)** |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |

1

I, Thomas J. Allison, hereby declare, verify and state as follows:

1. I make this Fourth Supplemental Declaration as additional support for various motions of USA Commercial Mortgage Company ("USACM") and its four affiliates who filed bankruptcy petitions in this Court on April 13, 2006 (collectively, the "Debtors"), including the Motion for Authority to Forbear and to Provide Further Funding for Certain Outstanding Loans (docket no. 592, filed June 9, 2006) (the "Forbearance and Funding Motion"), and the Opposition to the Motion for Relief From the Automatic Stay to Terminate Loan Servicing Agreement for Direct Loan to Boise/Gowan, LLC (docket no. 468, filed June 2, 2006). My Fourth Supplemental Declaration is based upon personal knowledge and the facts set forth herein.

2. On May 18, 2006, Scott K. Canepa ("Canepa") filed the Motion for Relief from the Automatic Stay to Terminate Loan Servicing Agreement for Direct Loan to Boise/Gowan 93, LLC (the "Motion for Relief"), in which he seeks relief to terminate the Loan Servicing Agreement in connection with the loan to Boise/Gowan 93, LLC (the "Boise/Gowan Loan"). However, in my business judgment, Canepa's requested relief cannot be considered in isolation, but must take into account the impact it will have on other loans originated by USACM, as well as all the investors whose loans are being serviced by USACM. Based on my knowledge as the CEO of the Debtors of the inter-relationships of the loans, borrowers and investors, in my business judgment, removing performing loans such as the Boise/Gowan Loan from the USACM servicing portfolio at this time could impact USACM's ability to service other loans during this critical time period, thereby harming the investors on those other loans, and in particular investors in non-performing loans. Furthermore, based on my experience in negotiating with borrowers as CEO of the Debtors, in my business judgment, removing loans such as the Boise/Gowan Loan from the loan portfolio at this time could make it more difficult to negotiate with borrowers who hold an interest in multiple loans that were originated by USACM. For instance, it would be much more difficult for USACM to negotiate with a borrower who has some loans that are still being serviced by USACM, but has other loans that are now being serviced by other loan servicers because they were prematurely removed from the USACM servicing portfolio. In my business judgment, it would be more practical and beneficial to the estate to deal with all of the loans in which a borrower holds an interest in a global fashion, as opposed to in a piecemeal fashion.

2

3. Furthermore, in my business judgment there is no harm in denying the Motion for Relief because the Boise/Gowan Loan is a performing loan, its not in default, and the Debtors plan to file a motion requesting court approval to distribute the funds it is holding in the Collection Account in time to be heard at the July 25, 2006 hearing and to make regular distributions thereafter. Specifically, with respect to the Boise/Gowan Loan, the interest payments are current, those payments are being held by USACM or Project Disbursement Group, and Debtors will be requesting that it be permitted to distribute those payments to the appropriate investors (including Canepa), less the applicable service fees.

4. In consideration of the foregoing, I directed Mesirow, as well as Debtors' employees and its attorneys, to identify and review all of the loans in which Canepa, individually or otherwise, holds an interest. That review indicates that Canepa, individually, the Scott K. Canepa Defined Benefit Pension Plan, and Scott K. Canepa, as one of the Trustees of the Evelyn G. Canepa Trust dated 9/19/00, hold an interest in the following loans that were originated by USACM1:

| Loan Name | Number of Investors | Performance Evaluation |
|---|---|---|
| Boise/Gowen 93 | 17 | Performing |
| Hasley Canyon | 114 | Non-Performing |
| SVRB 2nd $2,325,000 | 25 | Performing |
| 3685 San Fernando Road Partners | 83 | Performing |
| Bundy Canyon $7,500,000 | 83 | Performing |
| Cabernet Highlands | 65 | Performing |
| Clear Creek Plantation | 36 | Performing |
| Opaque/Mt. Edge $7,350,000 | 95 | Repaid |
| Placer Vineyards 2nd | 118 | Non-Performing |

5. The borrower on the Boise/Gowen Loan is Boise/Gowan 93 LLC, which is not a borrower on any other loans originated by USACM. However, its manager, Robert Russell, is

3

also the manager for other entities which are borrowers on 10 other loans originated by USACM[2] involving a total of 335 investors.

6. The borrower of SVRB 2nd $2,325,000 loan is SVRB Investments, LLC. It appears from an unsigned operating agreement in Debtors' files that the manager of SVRB Investments, LLC is Robert Russell and one of its two members is USA Investment Partners, LLC ("IP"). As outlined in paragraph 5 above, Mr. Russell is also the manager of other entities which are borrowers on 10 other loans originated by USACM, and IP is an entity affiliated with USACM that owes a substantial inter-company receivable to USACM.

7. The borrower on the 3685 San Fernando Road Partners loan is 3685 San Fernando Road Partners, L.P. Its managers also have a connection to Glendale Tower Partners, L.P. and the Urban Housing Alliance, LLC, which are borrowers on two other loans originated by USACM[3] involving a total of 205 investors.

8. The borrower on Bundy Canyon $7,500,000 is Bundy Canyon Land Development, LLC, which is also the borrower on four other loans originated by USACM[4] involving a total of 131 investors. In addition, approximately 70% of Bundy Canyon Land Development is owned by IP.

9. The borrower on the Cabernet Highlands loan is Cabernet Highlands, LLC.[5] Cabernet Highlands, LLC is owned by Tanamera Properties which is approximately 56% owned by IP.

---

[1] Notwithstanding the foregoing, at the June 5, 2006 hearing, counsel for Canepa indicated that he may hold an interest in one form or another in as many as 13 loans originated by USA.
[2] The 10 loans are as follows: (a) I-40 Gateway West, LLC (b) I-40 Gateway West, LLC 2nd, (c) Interstate Commerce Center Phase 11, (d) Interstate Commerce Center, LLC (e) Rio Rancho Executive Plaza, LLC, (f) Freeway 101 (g) Copper Sage Commerce Center Phase II, (h) Copper Sage Commerce Center, LLC, (i) SVRB $4,500,000, and (j) SVRB 2nd $2,325,000. The Freeway 101 loan has now been repaid.
[3] The loans are as follows: (a) Glendale Tower Partners, L.P., and (b) Urban Housing Alliance – 435 Lofts.
[4] The loans are as follows: (a) Bundy Canyon $1,050,000, (b) Bundy Canyon $2,500,000, (c) Bundy Canyon $5,000,000, and (d) Bundy Canyon $5,725,000.
[5] Cabernet Highlands, LLC is also the successor in interest to Universal Hawaii which was a borrower on one other loan (the Universal Hawaii loan) originated by USACM involving 127 investors. That loan has now been repaid.

4

10. The borrower on the Opaque/Mt. Edge $7,350,000 is Opaque Land Development, LLC, and it is not a borrower on any other loans originated by USACM. However, it appears from a signed operating agreement in Debtors' files that the members of Opaque Land Development, LLC are Unlimited Holdings, Inc. and IP. IP is related to USACM as outlined in paragraph 6 above, and Unlimited Holdings, Inc. is one of the members of Cornman Toltec 160, LLC, which is a borrower on another loan originated by USACM involving 96 investors.

11. The borrower on both Placer Vineyards and Placer Vineyards 2nd is Placer County Land Speculators, LLC, which is also the borrower on one other loan originated by USACM[6] involving a total of 343 investors. In addition, approximately 88% of Placer County Land Speculators, LLC is owned by IP.

12. In addition to the potential negative impact that the Motion for Relief will have on investors and on negotiations with borrowers of loans originated by USACM, the Boise/Gowan Loan is one of the loans in which certain of the Debtors have requested approval from the Court in the Forbearance and Funding Motion to make an additional $125,000 loan advance from USACM to Boise/Gowan 93, LLC.

13. The Boise/Gowan Loan was made for the development of an approximately 93 acre parcel of unimproved land in Boise, Idaho, adjacent to the Boise Municipal Airport (the "Boise/Gowan Project").

14. The Boise/Gowan Project is 95% funded. Boise/Gowan 93, LLC has requested an additional $125,000 loan advance from USACM, which would bring the total loan amount to the $2,550,000 approved construction budget. The additional $125,000 loan advance will be used by Boise/Gowan 93, LLC to complete the engineering and initial development of the Boise/Gowan Project and pay the property taxes which are currently due on the Boise/Gowan Project.

15. I have determined that it would be in the best interest of the Debtors (subject to Court approval) to provide the requested additional $125,000 loan advance to Boise/Gowan 93, LLC. The additional $125,000 loan advance by USACM as an additional Direct Lender for the Boise/Gowan Loan would share pari passu in the existing collateral for the Boise/Gowan loan and

---

[6] The loan is Placer Vineyards $31,500,000.

5

would be repaid on a pari passu basis with the current 17 Direct Lenders for the Boise/Gowan Loan.

16. Boise/Gowan, 93 LLC has indicated to me that it has received considerable interest in purchasing portions or all of the Boise/Gowan Project, and Boise/Gowan 93, LLC anticipates that it will be able to sell the Project in the near future for far in excess of the principal balance (including the contemplated $125,000 additional loan advance) of the Boise/Gowan Loan.

17. It is my best business judgment that the $125,000 additional loan advance should be made from USACM's existing operating funds to avoid the filing of mechanic's liens on the Boise/Gowan Project and to pay off property taxes on the Boise/Gowan Project in order to enhance Boise/Gowan's ability to quickly sell the completed Boise/Gowan Project and repay the Boise/Gowan Loan.

Executed this 14th day of June, 2006.

_____
Thomas J. Allison

878337 02

6