| | |
|---|---|
| STUTMAN, TREISTER & GLATT, P.C. | LEWIS AND ROCA, LLP |
| FRANK A. MEROLA (CA Bar No. 136934) | ROB CHARLES, ESQ. (NV Bar No. 6593) |
| EVE H. KARASIK (CA Bar No. 155356), | SUSAN M. FREEMAN, ESQ. |
| ANDREW M. PARLEN (CA Bar No. 230429) | (AZ Bar No. 004199) |
| 1901 Avenue of the Stars, 12th Floor | 3993 Howard Hughes Parkway, 6th Floor |
| Los Angeles, California 90067 | Las Vegas, Nevada 89109 |
| Telephone: (310) 228-5600 | Facsimile (702) 949-8321 |
| Facsimile: (310) 228-5788 | Telephone (702) 949-8320 |
| E-mail: fmerola@stutman.com | E-mail: rcharles@lrlaw.com |
| ekarasik@stutman.com | sfreeman@lrlaw.com |
| aparlen@stutman.com | *[Proposed] Counsel for Official Committee of* |
| *Counsel for the Official Committee of Equity Security* | *Unsecured Creditors of USA Commercial Mortgage* |
| *Holders of USA Capital First Trust Deed Fund, LLC* | *Company* |
| GORDON & SILVER, LTD | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| GERALD M. GORDON, ESQ. (NV Bar No. 229) | MARC A. LEVINSON, ESQ. (CA Bar No. 57613) |
| GREGORY E. GARMAN, ESQ. | LYNN TRINKA ERNCE, ESQ. (CA Bar No. 179212) |
| (NV Bar No. 6654) | 400 Capitol Mall, Suite 3000 |
| 3960 Howard Hughes Pkwy, 9th Floor | Sacramento, California 95814 |
| Las Vegas, NV 89109 | Telephone: (916) 447-9200 |
| Telephone: (702) 796-5555 | Facsimile: (916) 329-4900 |
| Facsimile: (702) 369-2666 | E-mail: malevinson@orrick.com |
| E-mail: gmg@gordonsilver.com | lernce@orrick.com |
| geg@gordonsilver.com | |
| *Counsel for Official Committee of Holders of Executory Contract Rights of USA Commercial Mortgage Company* | *[Proposed] Counsel for Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC* |

**JOINT OMNIBUS REPLY TO OPPOSITIONS FILED AGAINST JOINT MOTION OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC, THE OFFICIAL COMMITTEE OF HOLDERS OF EXECUTORY CONTRACT RIGHTS THROUGH USA COMMERCIAL MORTGAGE COMPANY, THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, AND THE OFFICIAL UNSECURED CREDITORS' COMMITTEE FOR USA COMMERCIAL MORTGAGE COMPANY PURSUANT TO 11 U.S.C. §§ 105(a), 107(b), 1102(b)(3)(A) AND 1103(c), FOR NUNC PRO TUNC ORDER CLARIFYING REQUIREMENT TO PROVIDE ACCESS TO INFORMATION (AFFECTS ALL DEBTORS)**

396502v5

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>    Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>    Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>    Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>    Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>    Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| Affects<br>☒ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☐ USA First Trust Deed Fund, LLC | Date: June 15, 2006<br>Time: 10:00 a.m.<br>Place: Courtroom #1 |

**JOINT OMNIBUS REPLY TO OPPOSITIONS FILED AGAINST JOINT MOTION OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC, THE OFFICIAL COMMITTEE OF HOLDERS OF EXECUTORY CONTRACT RIGHTS THROUGH USA COMMERCIAL MORTGAGE COMPANY, THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, AND THE OFFICIAL UNSECURED CREDITORS' COMMITTEE FOR USA COMMERCIAL MORTGAGE COMPANY PURSUANT TO 11 U.S.C. §§ 105(a), 107(b), 1102(b)(3)(A) AND 1103(c), FOR NUNC PRO TUNC ORDER CLARIFYING REQUIREMENT TO PROVIDE ACCESS TO INFORMATION (AFFECTS ALL DEBTORS)**

**TO THE HONORABLE LINDA B. RIEGLE, UNITED STATES BANKRUPTCY JUDGE:**

    The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "First Trust Deed Committee"), the Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company (the "Direct Lender Committee"); the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (the "Diversified Trust Deed Committee"); and the Official Unsecured

396502v5      2

Creditors' Committee for USA Commercial Mortgage Company (the "Unsecured Creditors' Committee" and together with the First Trust Deed Committee, the Direct Lender Committee, and the Diversified Trust Deed Committee, the "Committees") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases"), hereby jointly reply (the "Reply") to the two responses and two oppositions (collectively, the "Responses") filed with regard to the "Joint Motion Of Official Committee Of Equity Security Holders Of USA Capital First Trust Deed Fund, LLC, The Official Committee Of Holders Of Executory Contract Rights Through USA Commercial Mortgage Company, The Official Committee Of Equity Security Holders Of USA Capital Diversified Trust Deed Fund, LLC, And The Official Unsecured Creditors' Committee For USA Commercial Mortgage Company Pursuant To 11 U.S.C. §§ 105(a), 107(b), 1102(b)(3)(A) And 1103(c), For Nunc Pro Tunc Order Clarifying Requirement To Provide Access To Information" (the "Joint Motion"),[1] which are listed below:

(1) The United States Trustee's Limited Opposition To Committees' Joint Motion Pursuant To 11 U.S.C. §§ 105(a), 107(b), 1102(b)(3)(A) and 1103(c) for Nunc Pro Tun Order Clarifying Requirement to Provide Access to Information (the "UST Opposition") [docket # 613];

(2) Debtors' Response to Joint Motion of Committees Pursuant to 11 U.S.C. §§ 105(a), 107(b), 1102(b)(3)(A) and 1103(c) for Nunc Pro Tun Order Clarifying Requirement to Provide Access to Information (the "Debtors' Response") [docket # 615];

(3) Opposition to Joint Motion For Nunc Pro Tunc Order Clarifying Requirements to Provide Access to Information (the "McKnight Opposition") [docket # 614]; and

(4) Debtors' Supplemental Response to Joint Motion of Committees Pursuant to 11 U.S.C. §§ 105(a), 107(b), 1102(b)(3)(A) and 1103(c) for Nunc Pro Tun Order Clarifying Requirement to Provide Access to Information (the "Debtors' Supplemental Response") [docket # 643].

---

[1] Any terms not defined herein shall have the same meanings ascribed to them in the Joint Motion.

396502v5                                    3

## I.    FACTS

1.    On June 7, 2006, the Committees filed the Joint Motion, pursuant to which the Committees requested entry of an order (i) clarifying and providing that the Committees are not authorized or required, pursuant to newly enacted section 1102(b)(3)(A) of the Bankruptcy Code, to provide access to confidential and other non-public proprietary information, or to privileged information, to their respective constituencies; and (ii) establishing certain procedures (the "Information Protocol") by which the Committees may provide information to and solicit and receive comments from their respective constituencies and thereby satisfy their duty under section 1102(b)(3) of the Bankruptcy Code.

2.    On June 12, 2006, the UST Opposition, the Debtors' Response, and the McKnight Opposition were timely filed.

3.    On June 14, 2006, two days after the opposition deadline and just hours before the Committees' reply deadline, the Debtors filed the Debtors' Supplemental Response.

## II.    REPLY TO THE UST OPPOSITION.

4.    The United States Trustee (the "UST") opposed the Joint Motion on the limited basis that the proposed exculpation language contained therein is "overly broad." UST Opposition, ¶ 2. In the UST Opposition, the UST requests that any order approving the Joint Motion should expressly limit the exculpation of the Information Protocol by including language similar to the language in the order annexed to the bankruptcy court's opinion in In re Refco, Inc., 336 B.R. 187, 195 (Bankr. S.D.N.Y. 2005).

5.    The Committees have no objection to including the language used in the Refco order in the Information Protocol's exculpation clause. As such, the Committees propose that the exculpation clause of the Information Protocol now provide (with added language emphasized):

> Exculpation:  None of the Debtors, the Committees or any of their respective directors, officers, employees, members, attorneys, consultants, advisors, and agents (acting in such capacity) (collectively, the "Exculpated Parties") shall have or incur any liability to any entity (including the Debtors) for any act taken or omitted to be taken connection with the preparation, dissemination, or implementation of the Information Protocol, the Committee

396502v5                                              4

Websites, and other information to be provided pursuant to section 1102(b)(3) of the Bankruptcy Code; <u>provided, however, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph 11 that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidentiality agreement or Order.</u> Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

### III.    REPLY TO THE DEBTORS' RESPONSE.

6.    The Debtors' Response pertains to all of the Committees only insofar as the Debtors assert that Confidential Information and/or Privileged Information should only be provided to a constituent of a Committee if such constituent agrees to enter into a confidentiality agreement relating to that information and further agrees to take any other necessary action to protect the confidentiality of the information that the constituent receives.

7.    The purpose of the relief requested in the Joint Motion is to clarify that the Committees are not required to provide Confidential Information or Privileged Information to the Committees' respective constituents to fulfill their duties under 11 U.S.C. § 1102(b)(3) and, furthermore, to establish procedures by which the Committees may communicate with their respective constituents in meeting their statutory obligations. The Committees believe that section "c" of the Information Protocol already addresses the issue raised by the Debtors about Confidential Information and Privileged Information. However, the Committees have no objection to amending the Information Protocol to explicitly provide that Confidential Information and/or Privileged Information that is protected under a confidentiality agreement or protective order may only be provided to a constituent of a Committee if such constituent agrees to enter into a confidentiality agreement relating to that information and further agrees to take any other necessary action to protect the confidentiality of the information the constituent receives.

### IV.    REPLY TO THE MCKNIGHT OPPOSITION.

8.    The McKnight Opposition asks three questions that the Committees will

396502v5                                        5

1 address in turn.

2      9. First, the McKnight Opposition questions whether the Joint Motion seeks "to restrict the rights of creditor's [sic] to conduct 2004 examinations of officer's [sic] and employees of the Debtors or fact witnesses with information relevant to the bankruptcy or otherwise inhibit the discovery rules applicable in an adversary proceeding." The Committees believe that nothing in either the Joint Motion or the Information Protocol impinges on or is intended to impinge on the right of any party in interest to conduct an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure or to lawfully pursue discovery in an adversary proceeding.

10.  Second, the McKnight Opposition asks whether "the Information Protocol serve[s] to actually vitiate the statutory requirements under 11 U.S.C. § 1103(2) [sic] that the committees actually provide access to information and 'be subject to a court order that compels any additional report or disclosure to be made to the creditors.'" Nothing in the Joint Motion or the Information Protocol seeks to usurp this Court's authority to compel disclosure of information pursuant to 11 U.S.C. § 1102(b)(3)(C) or any statute or rule. Indeed, the Information Protocol states that a Committee is not required to provide Confidential Information and Privileged Information to a constituent of such Committee "without further order of the Court." Joint Motion, ¶ 33b. Moreover, the Information Protocol explicitly provides that if a dispute arises in connection with a Committee Response to a constituent's Information Request and the parties cannot reach a consensual resolution of the issue, the requesting constituent may file a motion to compel the disclosure of the requested information for cause.

11.  The McKnight Opposition also asks, "What limitations exist on the committees [sic] ability to enter into confidentiality agreements that may hide important information concerning the claims that the Debtor [sic] may assert from public view?" In response, the Committees answer that question of what constitutes an appropriate confidentiality agreement is beyond the scope of either the Joint Motion or the Information Protocol. Furthermore, if a constituent, such as McKnight, wishes to obtain access to Confidential Information or Privileged Information, that constituent may attempt to enter into a confidentiality

agreement with the Debtors and, if such attempt fails, may move this Court for an order compelling disclosure of the requested information.

12. Finally, McKnight suggests that an order granting the Joint Information Motion <u>nunc pro tunc</u> would be inappropriate, though McKnight does not explain his reasoning. The Committees posit that a <u>nunc pro tunc</u> order is appropriate under the circumstances of these cases because the Committees have been receiving numerous requests for information since their formation and, as such, want to ensure that any actions they have taken since their inception that are consistent with the relief requested in the Joint Motion are ratified.

13. Accordingly, the McKnight Opposition should be overruled in its entirety.

## V.    REPLY TO THE DEBTORS' SUPPLEMENTAL RESPONSE

14. On the morning of June 14, 2006, the Debtors' filed the untimely Debtors' Supplemental Response.[2] The Debtors' Supplemental Response requests that the Joint Motion not be granted unless the Committees and the Debtors agree on a uniform definition of Confidential Information. While the Committees understand the Debtors' desire to have uniformity with respect to how Confidential Information is defined, protected, and disseminated, each Committee must fulfill its statutory duties under 11 U.S.C. § 1102(b)(3). None of the Committees should be precluded from fulfilling such statutory duties because one of the other Committees has a dispute with the Debtors. As such, the Committees request the Court overrule Debtors' Supplemental Response.

**WHEREFORE**, the Committees hereby request that the Court enter an order granting the Joint Motion as modified herein.

Respectfully submitted this 14th day of June, 2006.

---

[2] The Committees request that the Court establish guidelines and/or procedures with respect to the filing of supplemental oppositions. As noted, the Debtors' Supplemental Response was filed several hours before the deadline for the Committees to file a reply, thereby prejudicing the Committees and making it extremely difficult for the Committees to provide the Court with an adequate response.

| | |
|---|---|
| SUBMITTED BY: | SUBMITTED BY: |
| STUTMAN, TREISTER & GLATT, P.C. | GORDON & SILVER, LTD |
| /s/ Andrew M. Parlen | |
| ANDREW M. PARLEN, ESQ.<br>1901 Avenue of the Stars, 12th Floor<br>Los Angeles, CA 90067 | GERALD M. GORDON, ESQ.<br>GREGORY E. GARMAN, ESQ.<br>3960 Howard Hughes Pkway, 9th Floor<br>Las Vegas, NV 89109 |
| Counsel for the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC | Counsel for Official Committee of Holders of Executory Contract Rights of USA Commercial Mortgage Company |
| SUBMITTED BY: | SUBMITTED BY: |
| LEWIS AND ROCA, LLP | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| ROB CHARLES, ESQ.<br>SUSAN M. FREEMAN, ESQ.<br>3993 Howard Hughes Parkway, 6th Floor<br>Las Vegas, Nevada 89109 | MARC A. LEVINSON, ESQ.<br>LYNN TRINKA ERNCE, ESQ.<br>400 Capitol Mall, Suite 3000<br>Sacramento, California 95814-4407 |
| [Proposed] Counsel for Official Committee of Unsecured Creditors of USA Commercial Mortgage Company | [Proposed] Counsel for Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC |

| | |
|---|---|
| SUBMITTED BY: | SUBMITTED BY: |
| STUTMAN, TREISTER & GLATT, P.C. | GORDON & SILVER, LTD |
| ANDREW M. PARLEN, ESQ.<br>1901 Avenue of the Stars, 12th Floor<br>Los Angeles, CA 90067 | GERALD M. GORDON, ESQ.<br>GREGORY E. GARMAN, ESQ.<br>3960 Howard Hughes Pkway, 9th Floor<br>Las Vegas, NV 89109 |
| Counsel for the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC | Counsel for Official Committee of Holders of Executory Contract Rights of USA Commercial Mortgage Company |
| SUBMITTED BY: | SUBMITTED BY: |
| LEWIS AND ROCA, LLP | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| ROB CHARLES, ESQ.<br>SUSAN M. FREEMAN, ESQ.<br>3993 Howard Hughes Parkway, 6th Floor<br>Las Vegas, Nevada 89109 | MARC A. LEVINSON, ESQ.<br>LYNN TRINKA ERNCE, ESQ.<br>400 Capitol Mall, Suite 3000<br>Sacramento, California 95814-4407 |
| [Proposed] Counsel for Official Committee of Unsecured Creditors of USA Commercial Mortgage Company | [Proposed] Counsel for Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC |

| | |
|---|---|
| SUBMITTED BY: | SUBMITTED BY: |
| STUTMAN, TREISTER & GLATT, P.C. | GORDON & SILVER, LTD |
| ANDREW M. PARLEN, ESQ.<br>1901 Avenue of the Stars, 12th Floor<br>Los Angeles, CA 90067<br><br>Counsel for the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC | GERALD M. GORDON, ESQ.<br>GREGORY E. GARMAN, ESQ.<br>3960 Howard Hughes Pkway, 9th Floor<br>Las Vegas, NV 89109<br><br>Counsel for Official Committee of Holders of Executory Contract Rights of USA Commercial Mortgage Company |
| SUBMITTED BY: | SUBMITTED BY: |
| LEWIS AND ROCA, LLP<br><br>*/s/ Susan M. Freeman*<br><br>ROB CHARLES, ESQ.<br>SUSAN M. FREEMAN, ESQ.<br>3993 Howard Hughes Parkway, 6th Floor<br>Las Vegas, Nevada 89109<br><br>[Proposed] Counsel for Official Committee of Unsecured Creditors of USA Commercial Mortgage Company | ORRICK, HERRINGTON & SUTCLIFFE LLP<br><br>MARC A. LEVINSON, ESQ.<br>LYNN TRINKA ERNCE, ESQ.<br>400 Capitol Mall, Suite 3000<br>Sacramento, California 95814-4407<br><br>[Proposed] Counsel for Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC |

396502v5                                    8

| | | |
|---|---|---|
| 1 | SUBMITTED BY: | SUBMITTED BY: |
| 2 | STUTMAN, TREISTER & GLATT, P.C. | GORDON & SILVER, LTD |
| 3 | | |
| 4 | | |
| 5 | ANDREW M. PARLEN, ESQ.<br>1901 Avenue of the Stars, 12th Floor<br>Los Angeles, CA 90067 | GERALD M. GORDON, ESQ.<br>GREGORY E. GARMAN, ESQ.<br>3960 Howard Hughes Pkway, 9th Floor<br>Las Vegas, NV 89109 |
| 6 | | |
| 7 | Counsel for the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC | Counsel for Official Committee of Holders of Executory Contract Rights of USA Commercial Mortgage Company |
| 8 | | |
| 9 | | |
| 10 | SUBMITTED BY: | SUBMITTED BY: |
| 11 | LEWIS AND ROCA, LLP | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 12 | | |
| 13 | ROB CHARLES, ESQ.<br>SUSAN M. FREEMAN, ESQ.<br>3993 Howard Hughes Parkway, 6th Floor<br>Las Vegas, Nevada 89109 | MARC A. LEVINSON, ESQ.<br>LYNN TRINKA ERNCE, ESQ.<br>400 Capitol Mall, Suite 3000<br>Sacramento, California 95814-4407 |
| 14 | | |
| 15 | | |
| 16 | [Proposed] Counsel for Official Committee of Unsecured Creditors of USA Commercial Mortgage Company | [Proposed] Counsel for Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC |
| 17 | | |

396502v5

8