Thomas J. Gilloon, Esq.
330 S. Third Street #900
Las Vegas, Nevada 89101
Phone: 702-388-7185
Fax: 702-388-0108
mcknightlaw@cox.net

Efiled on June 15, 2006.

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>           Debtor. | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC.,<br>           Debtor. | Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC.,<br>           Debtor. | Chapter 11<br><br>**Jointly Administered Under**<br>**Case No. BK-S-06-10725-LBR** |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND,<br>LLC.,<br>           Debtor. | Date: June 21, 2006<br>Time: 9:30 a.m. |
| In re:<br>USA SECURITIES, LLC.,<br>           Debtor. | |
| Affects:<br> Q All Debtors<br> Q USA Commercial Mortgage Company<br> Q USA Securities, LLC<br> Q USA Capital Realty Advisors, LLC<br> Q USA Capital Diversified Trust Deed Fund, LLC<br> Q USA First Trust Deed Fund, LLC | |

**LIMITED OPPOSITION TO MOTION FOR AUTHORITY TO FOREBEAR AND TO PROVIDE FURTHER FUNDING FOR CERTAIN OUTSTANDING LOANS [AFFECTS DEBTOR USA COMMERCIAL MORTGAGE COMPANY, DEBTOR USA CAPITAL DIVERSIFIED TRUST FUND, L.L.C., AND USA CAPITAL FIRST TRUST DEED FUND, L.L.C.]**

Page 1 of 3

# MEMORANDUM OF LAW

A. <u>The Transactions In Question Are Not In The Ordinary Course Of Business</u>.

The assertion that this 'settlement' might somehow be a transaction in the ordinary course of business which USACM may enter into without notice or a hearing pursuant to 11 U.S.C.§361(c)(1)..." should not be allowed to stand as the law of the case. The Debtors characterization of the debt restructuring agreements as transactions within their 'ordinary course of business' is simply an erroneous statement of the law. If the transactions in question are approved, the Court should be particularly careful to make it clear that approval of these transactions does not in any way authorize the Debtors to restructure any of the other loans owned by the Direct Lenders without court approval, on adequate notice and a hearing. The McKnight 2000 Family Trust is not a direct lender with regard to any of the loans in question and does not take issue with the particular transactions that are at issue here. Each loan transaction or loan restructuring, however, should properly be considered on its merits.

In *In re Waterfront Companies, Inc. v. Johnston*, 56 B.R. 31 (Bkrtcy D. Minn,1985), the bankruptcy court held that an indemnity agreement executed by the debtor while it was still in bankruptcy was not enforceable. The agreement indemnified third parties that had assisted the debtor in obtaining financing to purchase real property while it was in bankruptcy. The bankruptcy court applied the 'creditor expectation' test and held that the agreement, which greatly increased the potential liability of the debtor, was not a transaction in the ordinary course of business even though the debtor had been in the real estate development business for years.

Likewise, *In re Roth American, Inc*., 975 F.2d 949 (3rd Cir.),1992, the 8th Circuit Court of Appeals held that a post-petition collective bargaining agreement that bound the debtor to continue operations in the Wilkes-Barre area for two years was not within the reasonable expectations of creditors and subjected creditors to economic risk of a nature different from that which they accepted at the time the original credit transactions with the debtor took place. The same analysis applies to the facts of this case. Many of the direct loans were relatively short term loans or simple land loans. Many were relatively well collateralized. The point is that the Direct Lenders should not have their bargains

changed unilaterally by the Debtors simply because the estate stands to earn additional loan origination or extension fees. At the very least, the Direct Lenders should be afforded an opportunity to be heard before fundamental changes in the nature of their investments are made. Once again, the Debtors are attempting to treat the loans they have agreed to *service* as a pool of investment capital to be used for their own benefit rather than that of the Direct Lenders.

**CONCLUSION**

The Court will note that, in the Debtors June 12, 2006 Reply In Support Of Motion To Temporarily Hold Funds Pending A Determination Of The Proper Recipients, the Debtors expressly agreed that it would not seek "any factual determinations or legal conclusions" from the Court with respect to that motion. The Debtors should not be permitted to maintain that any determination of the present motion gives it carte blanche authority to make investment decisions affecting other Direct Lenders without court approval.

DATED this 15th day of June 2006.

LAW OFFICES OF RICHARD McKNIGHT, P.C.

By: /s/ Richard McKnight
Thomas J. Gilloon, Esq.
State Bar No. 000578
330 S. Third St., #900
Las Vegas, NV 89101
Attorneys for McKnight 2000
Family Trust