Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

        and

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com
Attorneys for Debtors and Debtors-in-Possession

**E-FILED on June 15, 2006**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **STATEMENT OF FINANCIAL AFFAIRS [AFFECTS USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC]** |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |

# AMENDMENT COVER SHEET

**Amendments to the following are transmitted herewith.  Check all that apply.**

(  )    Petition (must be signed by debtor and attorney for debtor per Fed.R.Bankr.P. 9011)
(  )    Summary of Schedules
(  )    Schedule A - Real Property
(  )    Schedule B - Personal Property
(  )    Schedule C - Property Claimed as Exempt
(  )    Schedule D, E or F, and/or Matrix, and/or List of Creditors or Equity Holders

　　　(  )    Add/delete creditor(s), change amount or classification of debt - **$26 fee required**

　　　(  )    Add/change address of already listed creditor, add name/address of attorney for already listed creditor, amend petition, attach new petition on converted case, supply missing document(s) - **no fee**

*Must provide diskette and comply with Local Rule 1007 if add/delete creditor or add/change address of already listed creditor

(  )    Schedule G - Schedule of Executory Contracts & Expired Leases
(  )    Schedule H - Codebtors
(  )    Schedule I - Current Income of Individual Debtor(s)
(  )    Schedule J - Current Expenditures of Individual Debtor(s)
(X)    Statement of Financial Affairs
(  )    Other:  List of Creditors Holding 20 Largest Unsecured Claims; List Of Creditors, Matrix, Profit & Loss Statement for October Through December 2005; Cash Flow Statement For Year Ending Dec. 2005; and U.S. Income Tax Return For An S Corporation.

GLOBAL NOTES AND DISCLAIMERS REGARDING STATEMENT OF
FINANCIAL AFFAIRS AND SCHEDULE OF ASSETS AND LIABILITIES FOR USA
CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,
<u>CASE NO. BK-S-06-10727 LBR FILED APRIL 13, 2006</u>

These Global Notes and Disclaimers (the "<u>Global Notes</u>") Regarding the
Schedule of Assets and Liabilities and the Statement of Financial Affairs (the "<u>Schedules
and Statements</u>") for USA Capital Diversified Trust Deed Fund, LLC (the "<u>Debtor</u>") are
incorporated by reference in, and comprise an integral part of, the Schedules and
Statements, and should be referred to and reviewed in connection with any review of the
Schedules and Statements.

<u>General Disclosures</u>

1.  The Schedules and Statements have been prepared by the Debtor's management
    and are unaudited.  While management of the Debtor has made every effort to
    ensure that the Schedules and Statements are accurate and complete based on
    information that was available at the time of preparation, the subsequent receipt of
    information may result in material changes to the financial data contained in the
    Schedules and Statements and inadvertent errors or omissions may exist.  To the
    extent the Debtor discovers a material error or omission, or becomes aware of
    additional information that may suggest a material difference, the Debtor will
    amend the Schedules and Statements to reflect such changes.

2.  Unless otherwise indicated, all amounts are listed as of April 13, 2006 (the
    "<u>Petition Date</u>"), the date that the Debtor commenced its chapter 11 case in the
    Bankruptcy Court for the District of Nevada (the "<u>Bankruptcy Court</u>").

3.  It would be prohibitively expensive and unduly burdensome to obtain current
    market valuations of the Debtor's property interests.  Accordingly, unless
    otherwise indicated, net book values, as of the Petition Date, rather than current
    market values of the Debtor's interests in property, are reflected on the Debtor's
    Schedules and Statements.

4.  Any failure to designate a claim on the Debtor's Schedules as disputed,
    contingent, or unliquidated does not constitute an admission by the Debtor that
    such amount is not disputed, contingent, or unliquidated.  The Debtor reserves all
    of its rights with respect to the claims listed in the Schedules and Statements,
    including, without limitation, the right to (i) assert offsets or defenses to any
    claim, (ii) dispute any claim on any basis, including, without limitation, as to
    amount, liability or classification or (iii) designate any claim as disputed,
    contingent or unliquidated.

5.  The claims of individual creditors for, among other things, goods, products,
    services or taxes are listed as the amounts entered on the Debtor's books and
    records and do not reflect credits or allowances that may be due from such

creditors to the Debtor.  The Debtor reserves all of its rights regarding any and all such credits and allowances.

6.  The Debtor has sought to discover and properly classify all claims and interests in this case, and to list all claims and interests against this estate accurately and completely.  However, the Debtor will review its records and other information on an on-going basis to determine whether these Schedules and Statements should be supplemented or otherwise amended.  The Debtor reserves the right to file, at any time, such supplements or amendments to these Schedules and Statements as it deems appropriate.  These Schedules and Statements should not be considered the final word on the Debtor's assets and liabilities as of the Petition Date, but rather the Debtor's current compilation of such information based on its investigations to date.  All parties are encouraged to inform the Debtor or its counsel should they believe any part of these Schedules and Statements to be inaccurate, incomplete or in need of supplementation in any way.

## Notes to Schedules

### Schedule B Notes

#### Exhibit B-16 Notes-Accounts Receivable

The Debtor accounts for gross accounts receivable and allows for doubtful accounts in accordance with Generally Accepted Accounting Principles.  The accounts receivable for notes payable, interest and fees are listed at the accrued amounts and no determination of the collectibility of these accounts has been determined for purposes of this Schedule.

#### Exhibit B-21 Notes-Other Contingent & Unliquidated Claims

The Debtor may be entitled to tax refunds for various federal, state and local taxes.  As of the time of filing of these Schedules and Statements however, it is not certain whether the Debtor will ultimately receive any tax refunds.

The Debtor may be a party to one or more lawsuits in which it has asserted claims as a plaintiff or in which it has asserted counter-claims, third party claims or cross-claims.  The Debtor may also have unasserted claims against known or unknown parties. The ultimate value of such claims cannot be determined at this time.

#### Exhibit B-23 Notes

The Debtor owns (or has the right to use) various licenses in the operation of its business, including, but not limited to business licenses and various other licenses and permits.  The value of these licenses and permits has not been determined.

**Schedule D Notes**

The Debtor has not verified the perfection, nature, extent, validity and priority of the liens and/or security interests described in Schedule D.  Nothing contained in Schedule D shall affect the ability of the Debtor or any, if any, of the Official Committees appointed in these jointly administered cases of the Debtor and affiliates to investigate and/or challenge the perfection, nature, extent, validity and priority of any lien or security interest purportedly granted to a secured creditor listed on Schedule D, or to otherwise seek to recharacterize any such claim or any portion thereof.

Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.  No attempt has been made to identify such agreements for purposes of including them on Schedule D, and accordingly the Debtor reserves all rights with respect thereto.

Lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D.

Although other liens may exist of which the Debtor is unaware, the Debtor believes such liens would be not be material, individually and in the aggregate.

**Schedule E Notes**

Pursuant to various orders issued by the Bankruptcy Court, the debtors in these jointly-administered cases, including the Debtor herein, were authorized to pay various outstanding pre-petition unsecured priority claims, including certain employee wage and benefit claims.  Prepetition claims that have been paid pursuant to such authority have not been listed in Schedule E.  Notwithstanding the foregoing, however, certain claims listed herein may have been satisfied after the compilation of the claim data listed in Schedule E.  Accordingly, certain extinguished claims may inadvertently be listed and the Debtor reserves all of its rights to amend or supplement this statement and/or to dispute such claims in any manner, including, without limitation, disputing that any such claimants retain a claim in these chapter 11 cases.

The Debtor's characterization of the claims listed in Schedule E as priority claims is preliminary in nature and the Debtor reserves the right to dispute or challenge whether such claims are entitled to priority.

**Schedule F Notes**

3

The value of certain claims contained in Schedule F are based on a preliminary review of prepetition invoices and other documentation and financial information that was available at the time of the filing of these Bankruptcy Schedules. The Debtor expects to receive additional prepetition invoices and other documentation and financial information regarding certain of these listed claims in the future. Therefore, the actual unpaid claims of creditors that may be allowed in these cases may differ from the amounts set forth in Schedule F.

Schedule F includes amounts owed to certain direct Lenders on loans serviced by the Debtor for which principal repayments (complete or partial) were received prior to the Petition Date by the Debtor but not remitted to the direct Lenders. Schedule F does not include certain deferred charges or deferred liabilities. Such amounts are, however, reflected on the Debtor's books and records as required in accordance with generally accepted accounting principles.

Certain of the claims listed in Schedule F could be entitled to administrative priority treatment pursuant to section 503(b)(9) of the Bankruptcy Code or otherwise. However, the claims listed in Schedule F arose or were incurred on various dates, and a determination of the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive. Accordingly, the Debtor has not included such dates or attempted to separately identify any claims that might be entitled to such priority treatment.

### **Schedule G Notes**

The Debtor hereby reserves the right to dispute the validity, status or enforceability of any contracts, agreements, leases or documents set forth in Schedule G and to amend or supplement this statement. Notwithstanding the inclusion of a particular contract, agreement, lease or document in this Schedule G, the Debtor hereby reserves the right to assert that such contract, agreement, lease or document is not an executory contract or unexpired lease within the meaning of Section 365 of the Bankruptcy Code.

Certain of the contracts, agreements and leases listed on the Exhibits to Schedule G attached hereto may have expired or may have been modified, amended and supplemented from time to time by the conduct of the parties, various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed herein. Accordingly, any and all contracts listed on Schedule G are the same as may be or have been modified, amended and/or supplemented from time to time.

Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or financing arrangements. The Debtor reserves all rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim.

4

Certain address information for various contracts was not readily available at the time of the filing of these schedules. However, all parties listed on Schedule G will be notified of the claims bar date when set and will be provided with a proof of claim form.

While every effort has been made to make Schedule G accurate and complete, errors or omissions may have occurred. The Debtor does not make any representation or warranty as to, or the validity or enforceability of any contracts, agreements, leases or documents listed herein. The Debtor reserves the rights to amend or supplement Schedule G as necessary.

Schedule G does not include short-term purchase orders used in the normal course of operations due to their large number and transitory nature.

### Notes to the Statement of Financial Affairs

### Question 3c

The management of the Debtor maintained a complex network of real estate investments partnerships and LLC's. The Debtor has attempted to list all payments made to entities known to be affiliates of the Debtor, including Investment Partners LLC, a company under the same ownership as the Debtor, and its affiliates, and the Managers and their relatives. The Debtor reserves the right to amend this Statement of Financial Affairs if and when additional information or additional affiliates are identified.

Payments made by the Debtor to its members who did not own a 5% interest or more in the Debtor and are not related parties or insiders have not been listed.

### Question 4a

The Debtor reserves all of its rights and defenses with respect to the listed suits and administrative proceedings. The listing of these suits and proceedings shall not constitute an admission by the Debtor of any liability or that the actions or proceedings were correctly filed against the Debtor or any affiliates of the Debtor, and the Debtor reserves its right to assert that neither the Debtor nor any affiliate of the Debtor is an appropriate party to such actions or proceedings.

### Question 8

The Debtor has excluded de minimus and ordinary course losses that are below the company's insurance deductibles and are not recorded by the company with any degree of particularity.

**Question 9**

Payments related to the bankruptcy made on behalf of or benefiting the affiliated Debtors are listed in the Question 9 Attachment relating to the Debtor which disbursed the funds.  The payments were intended to benefit all of the affiliated Debtors.

**Question 10(a)**

While the Debtor's management has endeavored to list all property transferred outside of the ordinary course of business within the two years immediately preceeding the Petition Date, the Debtor may have made transfers of assets that are not listed herein, and the Debtor reserves all rights to amend the list as may be necessary or appropriate.

**Question 13**

Aside from possible de minimus setoffs of which the Debtor is not aware, the Debtor does not incur setoffs in the ordinary course of business, and accordingly does not believe that it has incurred any material setoffs in the 90 days preceding the commencement of these cases.

**Question 19d**

The financial affairs and businesses of the Debtor and the Debtor's affiliates are far reaching and complex. The Debtor and its affiliates also have numerous relationships with various vendors, lenders, other creditors and other interested parties.  As such, the Debtor has or may have provided financial information to various financial institutions, customers, suppliers, equity holders, potential Lenders, governmental authorities, rating agencies and other interested parties. The Debtor kept no record of parties furnished with financial statements.

**Question 23**

Compensation and withdrawals by the insiders have been listed in response to Question 3c.

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re   USA Capital Diversified Trust Deed Fund, LLC | Case No.  06-10727-LBR |
| Debtor | Chapter 11 |

# FORM 7 - STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under Chapter 12 or Chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name and address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See U.S.C. § 112; Fed. R. Bankr. P. 1007(m)

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  If the answer to an applicable question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor may also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*   The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 U.S.C. § 101.

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re  USA Capital Diversified Trust Deed Fund, LLC                    Case No.   06-10727-LBR

---

**1.  Income from employment or operation of business**

None

☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | FISCAL YEAR | SOURCE |
|---|---|---|

SEE QUESTION 1 ATTACHMENT.

---

**2.  Income other than from employment or operation of business**

None

☒

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | FISCAL YEAR | SOURCE |
|---|---|---|

---

**3.  Payment to creditors**

None

☒

a. Individual or Joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services and other debts to any creditor, made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitues or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re   USA Capital Diversified Trust Deed Fund, LLC                              Case No.   06-10727-LBR

---

**3.    Payment to creditors (continued)**

None
[ X ]

b.  Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor
made within 90 days immediately preceding the commencement of the case if the aggregate value of all
property that constitutes or is affected by such transfers is not less than $5000. (Married debtors filing under
chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is
filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF<br>CREDITOR AND RELATIONSHIP TO DEBTOR | DATE<br>OF PAYMENT | AMOUNT PAID | AMOUNT<br>STILL OWING |
|---|---|---|---|

---

**3.    Payment to creditors (continued)**

None
[ ]

c.  All Debtors: List all payments made within one year immediately preceding the commencement of this case
to or for the benefit of creditors who are or were insiders. (Married debtors filing under Chapter 12 or
Chapter 13 must include information concerning either or both spouses whether or not a joint petition is
filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF<br>CREDITOR AND RELATIONSHIP TO DEBTOR | DATE<br>OF PAYMENTS | AMOUNT PAID | AMOUNT<br>STILL OWING |
|---|---|---|---|

SEE QUESTION 3C ATTACHMENT.

---

**4.    Suits and administrative proceedings, executions, garnishments and attachments**

None
[ ]

a.  List all suits and administrative proceedings to which the debtor is or was a party within one year
immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter
13 must include information concerning either or both spouses whether or not a joint petition is filed, unless
the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT<br>AND CASE NUMBER | NATURE<br>OF PROCEEDING | COURT AND LOCATION | STATUS<br>OR DISPOSITION |
|---|---|---|---|

SEE QUESTION 4A ATTACHMENT.

---

**4.    Suits and administrative proceedings, executions, garnishments and attachments (Continued)**

None
[ X ]

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process
within one year immediately preceding the commencement of this case.  (Married debtors filing under
chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or
not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR<br>WHOSE BENEFIT PROPERTY WAS SEIZED | DATE<br>OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re   USA Capital Diversified Trust Deed Fund, LLC                                    Case No.   06-10727-LBR

---

**5.    Repossessions, foreclosures and returns**

None
[X]

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6.    Assignments and receiverships**

None
[X]

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

---

**6.    Assignments and receiverships (Continued)**

None
[X]

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT, CASE TITLE AND NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

**7.    Gifts**

None
[X]

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON  OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re   USA Capital Diversified Trust Deed Fund, LLC                                    Case No.   06-10727-LBR

---

### 8.  Losses

None
[X]

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

### 9.  Payments related to debt counseling or bankruptcy

None
[X]

List all payments made or property transferred  by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

### 10.  Other transfers

None
[X]

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both  spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE AND RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

---

### 10.  Other transfers (continued)

None
[X]

b. List all other property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATES OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re   USA Capital Diversified Trust Deed Fund, LLC                                    Case No.   06-10727-LBR

---

### 11.  Closed financial records

None
[X]

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

---

### 12.  Safe deposit boxes

None
[X]

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF  THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

---

### 13.  Setoffs

None
[X]

List all setoffs made by any creditor, including a bank, against a debt or debtor within 90 days preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition s filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

---

### 14.  Property held for another person

None
[X]

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

---

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re   USA Capital Diversified Trust Deed Fund, LLC                              Case No.   06-10727-LBR

---

**15.  Prior address of debtor**

None
[X]

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during the period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separated address of either spouse.

ADDRESS                                NAME USED                                DATES OF OCCUPANCY

---

**16.  Spouses and Former Spouses**

None
[X]

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17.  Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into air, land, soil, surface water, ground water, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
[X]

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
|  |  |  |  |

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re   USA Capital Diversified Trust Deed Fund, LLC                                   Case No.   06-10727-LBR

---

### 17.  Environmental Information (continued)

None    b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a
[X]         release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of
            the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

---

### 17.  Environmental Information (continued)

None    c.  List all judicial or administrative proceeding, including settlements or orders, under any Environmental Law
[X]         with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit
            that is or was a party to the proceedings, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

---

### 18.  Nature, location, and name of business

None    a.  If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the
[X]         businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director,
            partner, or managing executive of a corporation, partner in a partnership, sole proprietorship, or was a self-
            employed in a trade, profession or other activity either full- or part-time within six years immediately
            preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting
            share or equity securities within six years immediately preceding the commencement of this case.

            If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the
            businesses, and beginning and ending dates of all business in which the debtor was a partner or owned 5
            percent or more of the voting or equity securities, within six years immediately preceding the
            commencement of this case.

            If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the
            businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5
            percent or more of the voting equity securities within six years immediately preceding the commencement of
            this case.

| NAME AND ADDRESS | TAXPAYER I.D. NUMBER | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- | --- |

---

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re   USA Capital Diversified Trust Deed Fund, LLC                                        Case No.   06-10727-LBR

---

**18.  Nature, location, and name of business (continued)**

None     b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined
[ X ]        in 11 U.S.C. §101.


| NAME | ADDRESS |
|------|---------|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual
debtor who is or has been, within six years immediately preceding the commencement of this case, any of the
following:  an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities
of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed in a trade,
profession or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in
business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who
has not been in business within those six years should go directly to the signature page.)

**19.  Books, records and financial statements**

None     a.  List all bookkeepers and accountants who within  the two years immediately preceding the filing of this
[  ]         bankruptcy case kept or supervised the keeping of books of account and records of the debtor.


| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------------------|-------------------------|

SEE QUESTION 19A ATTACHMENT.

---

**19.  Books, records and financial statements (continued)**

None     b.  List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case
[ X ]        have audited the books of account and records, or prepared a financial statement of the debtor.


| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|-------------------------|

---

**19.  Books, records and financial statements (continued)**

None     c.  List all firms or individuals who at the time of the commencement of this case were in possession of the
[  ]         books of account and records of the debtor.  If any of the books of account and records are not available,
             explain.


| NAME | ADDRESS |
|------|---------|

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re  USA Capital Diversified Trust Deed Fund, LLC                    Case No.   06-10727-LBR

---

**19.  Books, records and financial statements (continued)**

   SEE QUESTION 19C ATTACHMENT.

---

**19.  Books, records and financial statements (continued)**

None   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
☐        financial statement was issued within the two years immediately preceding the commencement of this case.

NAME AND ADDRESS                              DATE ISSUED

   SEE GLOBAL FOOTNOTES.

---

**20.  Inventories**

None   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the
☒        taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY              INVENTORY SUPERVISOR            DOLLAR AMOUNT OF INVENTORY
                                                              (Specify cost, market or other basis)

---

**20.  Inventories (continued)**

None   b. List the name and address of the person having possession of the records of each of the  inventories
☒        reported in a., above.

                                                              NAME AND ADDRESS OF
DATE OF INVENTORY                                             CUSTODIAN OF INVENTORY RECORDS

---

**21.  Current Partners, Officers, Directors and Shareholders**

None   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
☒        partnership.

NAME AND ADDRESS              NATURE OF INTEREST              PERCENTAGE OF INTEREST

---

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re   USA Capital Diversified Trust Deed Fund, LLC                                    Case No.   06-10727-LBR

---

**21.   Current Partners, Officers, Directors and Shareholders (continued)**

None      b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who
☐              directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the
               corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

SEE QUESTION 21B ATTACHMENT.

---

**22.   Former partners, officers, directors and shareholders**

None      a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year
☒              immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

---

**22.   Former partners, officers, directors and shareholders (continued)**

None      b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated
☒              within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

**23.   Withdrawals from a partnership or distributions by a corporation**

None      If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider,
☒          including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other
           perquisite during one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY  OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**FORM 7 - STATEMENT OF FINANCIAL AFFAIRS**

In re   USA Capital Diversified Trust Deed Fund, LLC                               Case No.   06-10727-LBR

### 24.  Tax Consolidation Group

None

[X]

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purpose of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                          TAXPAYER IDENTIFICATION NUMBER

### 25.  Pension Funds

None

[X]

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

NAME OF PENSION FUND                               TAXPAYER IDENTIFICATION NUMBER

Form 7

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

_____          _____
Date                                              Signature of Debtor


_____          _____
Date                                              Signature of Joint Debtor (if any)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Thursday, June 15, 2006          _____
Date                                              Signature

                                             Thomas J. Allison
                                             _____
                                             Print Name

                                             Chief Restructuring Officer and Manager
                                             _____
                                             Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

_____6____ continuation sheets attached

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 and 3571

Case No. 06-10727-LBR

**Statement of Financial Affairs**

**Question 1 Attachment**

**INCOME FROM EMPLOYMENT OR OPERATION OF BUSINESS**

1.  The gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced and the gross amounts received during the two years immediately preceding this calendar year.

| PERIOD | AMOUNT | SOURCE |
|---|---|---|
| January 1, 2006 - April 13, 2006 | $4,630,374.65 | Interest Investment and Fee Revenue |
| January 1, 2005 - December 31, 2005 | $15,890,068.00 | Interest Investment and Fee Revenue |
| January 1, 2004 - December 31, 2004 | $21,059,206.00 | Interest Investment and Fee Revenue |

**SOFA 3c**

**PAYMENTS TO INSIDERS MADE WITHIN 1 YEAR PRIOR TO FILING**

**USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, CASE NO. 06-10727-LBR**

| NAME AND ADDRESS | CHECK OR WIRE NBR | PAYMENT DATE | METHOD OF PAYMENT | TOTAL AMT PAID |
|---|---|---|---|---|
| TREE MOSS PARTNERS LLC | | | | |
| | | 5/13/2005 | Wire | $162,000.00 |
| | SUBTOTAL FOR: TREE MOSS PARTNERS LLC | | | $162,000.00 |
| USA CAPITAL REALTY ADVISORS | | | | |
| 4484 S PECOS RD | | | | |
| LAS VEGAS  NV  89121-5030 | | | | |
| | | 4/18/2005 | Check | $136,527.92 |
| | | 5/10/2005 | Check | $135,245.50 |
| | | 6/14/2005 | Check | $134,618.49 |
| | | 7/13/2005 | Check | $100,175.12 |
| | | 8/15/2005 | Check | $65,714.08 |
| | | 9/20/2005 | Check | $65,115.28 |
| | | 10/14/2005 | Check | $97,271.12 |
| | | 11/11/2005 | Check | $129,694.82 |
| | | 1/1/2006 | Check | $129,004.71 |
| | 200140 | 1/12/2006 | Check | $129,004.71 |
| | | 3/24/2006 | Check | $124,629.78 |
| | 200023 | 3/24/2006 | Check | $124,629.78 |
| | SUBTOTAL FOR: USA CAPITAL REALTY ADVISORS | | | $1,371,631.31 |
| USA INVESTMENT PARTNERS | | | | |
| 4484 S PECOS RD | | | | |
| LAS VEGAS  NV  89121-5030 | | | | |
| | | 7/15/2005 | Wire | $170,000.00 |
| | SUBTOTAL FOR: USA INVESTMENT PARTNERS | | | $170,000.00 |
| | | | TOTAL | $1,703,631.31 |

**Statement of Financial Affairs**

**Question 4. a. Attachment**

**SUITS AND ADMINISTRATIVE PROCEEDINGS**

4. a.  All suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this case.

| CAPTION OF SUIT | CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|---|
| Prospect High Income Fund v. USA Capital Diversified Trust Deed Fund, LLC, et al. | 02-A-453232 | Tortious Interference | Eighth Judicial District Court - Clark County - State of Nevada | Open |
| Weddell, et al. v. USA Commercial Mortgage Company, USA Capital Diversified Trust Deed Fund, LLC, et al. | 2:01-cv-0355 | Breach of contract | U.S. District Court - Nevada | Open |
| Amblamo, LLC, et al. v. Peek, et al. | 02-A-458515 | Abuse of Process (USA Capital Diversified Trust Deed Fund, LLC is a plaintiff) | Eighth Judicial District Court - Clark County - State of Nevada | Open |

**Statement of Financial Affairs**

**Question 19. a. Attachment**

**KEEPERS OF THE BOOKS OF ACCOUNT AND RECORDS**

19. a.  Bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME | ADDRESS | DATES OF SERVICES RENDERED |
|---|---|---|
| Robert A. Hilson | 4484 South Pecos Road<br>Las Vegas, NV 89121 | 4/13/2004 - Filing Date |

**Case No. 06-10728-LBR**

**Statement of Financial Affairs**

**Question 19. c.  Attachment**

**LOCATION OF BOOKS OF ACCOUNT AND RECORDS**

19. c.  Firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.

| NAME | ADDRESS |
|------|---------|
| USA Commercial Mortgage Company | 4484 South Pecos Road<br>Las Vegas, NV 89121 |

Case No. 06-10727-LBR

**Statement of Financial Affairs**

**Question 21. b. Attachment**

**CURRENT OFFICERS, DIRECTORS AND SHAREHOLDERS**

21. b. Current officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE OF STOCK OWNERSHIP | PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|---|
| USA Capital Realty Advisors, LLC<br>4484 South Pecos Rd.<br>Las Vegas, NV 89121 | Manager | N/A | N/A |