AUGUST B. LANDIS, Assistant United States Trustee
State Bar # IA PK9228
SCOTT ANDREW FARROW, Attorney
State Bar # WI 1000609
scott.a.farrow@usdoj.gov
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600 Attorney Ext. 224
Facsimile: (702) 388-6658

Attorneys for the Acting United States Trustee
    SARA L. KISTLER

E-Filed on June 19, 2006

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>**USA Commercial Mortgage Company**<br>    **06-10725 -- Lead Case**<br><br>**USA Capital Realty Advisors, LLC**<br>    06-10726<br><br>**USA Capital Diversified Trust Deed Fund, LLC**<br>    06-10727<br><br>**USA Capital First Trust Deed Fund, LLC**<br>    06-10728<br><br>**USA Securities, LLC**<br>    06-10729           Debtors | **Jointly Administered**<br>Chapter 11 Cases<br>Judge **Linda B. Riegle** Presiding<br><br>Date:  June 21, 2006<br>Time:  9:30 a.m.<br>Place:  Courtroom # 1<br>**Affecting:**<br>☐ All Cases<br>**or Only:**<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC |

# THE UNITED STATES TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION TO REMOVE A MEMBER OF THE EXECUTORY CONTRACT RIGHTS COMMITTEE (AFFECTS USA COMMERCIAL MORTGAGE COMPANY ONLY)

To the Honorable **LINDA B. RIEGLE**, United States Bankruptcy Judge:

    The United States Trustee opposes the motion to remove a member of the Official Committee of Holders of Executory Contract Rights filed by debtor USA Commercial Mortgage

Company.  Because the Committee was formed by the United States Trustee in compliance with 11 U.S.C. § 1102(a)(1) and (b)(1), and the members of the Committee, including Fertitta Enterprises, Inc., are representative of the Committee's constituency, debtor's motion is without merit.  In support of its objection to debtor's motion, the United States Trustee states:

1. The United States Trustee is charged with the responsibility of appointing committees in reorganization proceedings under Chapter 11 of the United States Bankruptcy Code. 11 U.S.C. § 1102(a)(1).

2. Pursuant to 11 U.S.C. § 1102(b)(1), the United States Trustee is to ordinarily appoint persons, willing to serve, "that hold the seven largest claims against the debtor of the kinds represented on such committee."  As a general proposition, the United States Trustee looks to the list of the 20 largest creditors prepared by a debtor, and canvasses those creditors to determine who would be willing to serve.  Once that is completed, the seven largest willing to serve are typically selected.

3. In this case, the debtor provided the United States Trustee with a list of the "Top 20 Investors" through USA Commercial Mortgage.  The list prepared by the debtor identifies Fertitta Enterprises, Inc., as the single largest non-insider investor through debtor USA Commercial Mortgage.  A copy of the list prepared by the debtor and provided to the United States Trustee is attached as Exhibit 1, and is incorporated into the United States Trustee's opposition by this reference.

4. The United States Trustee forwarded committee solicitation forms to all of the entities identified in the "Top 20 Investors" list provided by the debtor, requesting information as to their willingness to serve, and also the extent of their holdings and ownership interests in debtor entities other than USA Commercial Mortgage.  Solicitation forms were also provided to any interested party not identified in the "Top 20 Investors" list.

5. The members appointed to the Committee, including Fertitta Enterprises, indicated that they were willing to serve, and did not have any holdings or ownership interests in debtor entities other than USA Commercial Mortgage.

6. Like the rest of the Committee's members and their constituents, Fertitta Enterprises' claims against USA Commercial Mortgage arise under servicing agreements with the debtor. Just like the other constituents, the Committee's members, including Fertitta Enterprises, want to recover as much of their money as possible as quickly as possible.

7. As a result, the Committee's members, including Fertitta Enterprises, were properly chosen and, as a committee, are representative of the kinds of claims held by the constituency represented by the Committee.

8. Fertitta Enterprises disclosed to the United States Trustee that it had negotiated the right to share in a portion of the "exit fee" payable to USA Commercial Mortgage upon satisfaction of the loans that Fertitta had invested in. Because the Fertitta Enterprise's right to receive the "exit fee" is dependent upon repayment of the pertinent loan, Fertitta Enterprise's interest in that "exit fee" is nothing more than an additional incentive for Fertitta Enterprises to do everything in its power to maximize the likelihood that the loans it invested in are paid in full as quickly as possible. All of the Committee's constituents share that primary concern and goal.

9. On information and belief, Fertitta Enterprises disclosed these additional incentives to the other Committee members and counsel. With this knowledge, the Committee selected the representative of Fertitta Enterprises as the chair. In addition to the $12,943,500.01 claim held by Fertitta Enterprises, the other members of the Committee represent claims totaling more than $26.9 million.

10. Debtor's motion alleges that Fertitta Enterprises can assert undue influence on the Committee. As Fertitta Enterprises holds only one vote on the Committee out of a total of seven, this contention is baseless.

11. USA Commercial Mortgage alleges that it needs to be able to work cooperatively with the Committee in order to pursue claims. While an admirable goal, committee cooperation is never assured or required. *See* In re Refco, Inc., 336 B.R. 187, 195 (Bankr. S.D.N.Y. 2005)("The creditors' committee is not merely a conduit through whom the debtor speaks to and negotiates with creditors generally. On the contrary, it is purposely intended to represent the necessarily different interests and concerns of the creditors it represents. It must necessarily be

adversarial in a sense, though its relations with the debtor may be supportive and friendly. There is simply no other entity established by the Code to guard those interests. The committee as the sum of its members is not intended to be merely an arbiter but a partisan which will aid, assist, and monitor the debtor pursuant to its own self-interest."). Changing membership to gerrymander cooperation is inappropriate, renders the Committee powerless, and does not constitute grounds to order the United States Trustee to change the membership of the Committee.

12. While the United States Trustee agrees that, when appropriate, the Court may order the United States Trustee to change the membership of a committee, the United States Trustee does not concede that this also creates the "inherent authority to remove a committee member for cause", especially the cause advanced by this debtor. The statute provides that the Court may order the United States Trustee to change membership to "ensure adequate representation" - - nothing more. 11 U.S.C. § 1102(a)(4).

13. Adequate representation is provided by the Committee in its current state, and debtor's motion presents insufficient grounds for the relief requested.

**WHEREFORE,** the United States Trustee respectfully requests that the Court enter an order denying debtor's motion in all respects, and granting such other and additional relief as is just and equitable.

Respectfully submitted,

**SARA L. KISTLER**
**ACTING UNITED STATES TRUSTEE**
**REGION 17**

By: _/s/ August B. Landis_
August B. Landis, Assistant United States Trustee
United States Department of Justice

# # #