AUGUST B. LANDIS, Assistant United States Trustee
State Bar # IA PK9228
SCOTT ANDREW FARROW, Attorney
State Bar # WI 1000609
*scott.a.farrow@usdoj.gov*
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600 Attorney Ext. 224
Facsimile: (702) 388-6658

Attorneys for the Acting United States Trustee
  SARA L. KISTLER

E-Filed on June 19, 2006

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

**USA Commercial Mortgage Company**
  **06-10725 -- Lead Case**

**USA Capital Realty Advisors, LLC**
  06-10726

**USA Capital Diversified Trust Deed Fund, LLC**
  06-10727

**USA Capital First Trust Deed Fund, LLC**
  06-10728

**USA Securities, LLC**
  06-10729                          Debtors

**Jointly Administered**
Chapter 11 Cases
Judge **Linda B. Riegle** Presiding

Date:  June 21, 2006
Time:  9:30 a.m.
Place: Courtroom # 1

**Affecting:**
☒ All Cases
**or Only:**
☐ USA Commercial Mortgage Company
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA Capital First Trust Deed Fund, LLC
☐ USA Securities, LLC

# THE UNITED STATES TRUSTEE'S RESPONSE TO DEBTORS' MOTION FOR ORDER AUTHORIZING POST-PETITION FINANCING (AFFECTS ALL CASES)

To the Honorable **LINDA B. RIEGLE**, United States Bankruptcy Judge:

   The United States Trustee submits the following for its response to the debtors' motion for approval of emergency and permanent post-petition financing. If the relief requested in the motion is granted, it will significantly and, most likely irreversibly, impact the creditors of each

estate, yet debtors demand immediate consideration without detailed analysis. Before the Court considers this matter for approval, the creditors and parties-in-interest should be permitted additional time for appropriate investigation and due diligence. In considering debtors' motion, the Court and parties will need to further evaluate a number of critical issues raised by the motion, including the following:

1. While no one has had a realistic opportunity to review or analyze debtors' schedules of assets and liabilities, it appears that the only significant assets in these estates are:

    (a) USA Commercial Mortgage's rights to fees under the servicing agreements;

    (b) USA Capital Diversified Trust Deed Fund's secured notes;

    (c) USA Capital First Trust Deed Fund's secured notes; and

    (d) Avoidance claims under Chapter 5 of the United States Bankruptcy Code.

It does not appear that any creditor currently holds a secured interest in these assets, leaving them unencumbered.

2. Debtors are proposing to grant a security interest in the unencumbered assets of the estates.

3. The members of the Fund debtors will be most directly affected. They presently hold ownership interests in the Fund LLCs, which in turn hold unencumbered assets and virtually no non-insider debt. If the proposed DIP financing is approved, the unencumbered assets held by the Funds will be encumbered not for the purpose of repaying investors, but for the purpose of paying the costs of the administration of these estates, and primarily, the operating costs of debtor USA Commercial Mortgage.

4. Both members of the Fund debtors and creditors of USA Capital Mortgage Company (direct lenders) are at significant risk of having their interests or positions diluted by new or re-financing of existing loans.

5. The costs of the DIP financing proposed in debtors' motion are not estimated, and may be significant. The new lender has the right to receive reimbursement in undisclosed

amounts for due diligence, expenses and professional fees if funding occurs. There is no estimate of these costs contained in debtors' motion.

6. USA Commercial Mortgage is collecting and holding payments of principal and interest. It is unclear whether the motion intends to grant the proposed DIP lender a lien in these funds, which would otherwise be payable to investors.

7. The DIP financing proposed in Debtors' motion contemplates a "carve-out for certain professional fees and U.S. Trustee's fees."   It does not appear that other administrative claims, such as post-petition employee wages and operating costs, are protected. It is also unclear which professional fees are contemplated to be included.

8. Upon default, interest is increased by 3%. There are also additional fees associated with collateral management, unused credit, commitment, and exit.

9. Prepayment is mandatory if there are "changes of control." It is unclear whether such changes would include the appointment of a trustee or examiner, conversion of one or more cases, and/or the replacement of one or more officers.

10. Optional prepayment is subject to unused line fees and "customary make-whole provisions." It is unclear what such customary provisions would cost the estates.

**WHEREFORE,** the Court should deny the motion until such time as the debtors provide the missing detail necessary to fully evaluate the propriety of the proposed DIP financing, and the Court, creditors, investors and parties in interest have had reasonable and sufficient time to properly investigate how the proposed DIP financing will impact their rights and interests.

Respectfully submitted,

**SARA L. KISTLER**
**ACTING UNITED STATES TRUSTEE**
**REGION 17**

By:  */s/ August B. Landis*
        August B. Landis, Assistant United States Trustee
        United States Department of Justice

# # #