AUGUST B. LANDIS, Assistant United States Trustee
State Bar # IA PK9228
SCOTT ANDREW FARROW, Attorney
State Bar # WI 1000609
*scott.a.farrow@usdoj.gov*
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600 Attorney Ext. 224
Facsimile:  (702) 388-6658

E-Filed on June 19, 2006

Attorneys for the Acting United States Trustee
   SARA L. KISTLER

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

**USA Commercial Mortgage Company**
   **06-10725 -- Lead Case**

**USA Capital Realty Advisors, LLC**
   06-10726

**USA Capital Diversified Trust Deed Fund, LLC**
   06-10727

**USA Capital First Trust Deed Fund, LLC**
   06-10728

**USA Securities, LLC**
   06-10729                           Debtors

**Jointly Administered**
Chapter 11 Cases
Judge **Linda B. Riegle** Presiding

Date:   June 21, 2006
Time:   9:30 a.m.
Place:  Courtroom # 1
**Affecting:**
☐ All Cases
**or Only:**
☒ USA Commercial Mortgage Company
☐ USA Capital Realty Advisors, LLC
☒ USA Capital Diversified Trust Deed Fund, LLC
☒ USA Capital First Trust Deed Fund, LLC
☐ USA Securities, LLC

### THE UNITED STATES TRUSTEE'S OPPOSITION TO DEBTORS' MOTION FOR AUTHORITY TO FORBEAR AND TO PROVIDE FURTHER FUNDING FOR CERTAIN OUTSTANDING LOANS
### (AFFECTS USA COMMERCIAL MORTGAGE AND THE FUND DEBTORS)

To the Honorable **LINDA B. RIEGLE**, United States Bankruptcy Judge:

   For its Opposition to debtors' Motion for Authority to Forbear and to Provide Further Funding for Certain Outstanding Loans, the United States Trustee states:

1. The motion asks the Court to enter an order approving post-petition actions taken by debtor USA Commercial Mortgage ("USACM") under loan servicing agreements related to the following loans:

| Loan Name | Amount Funded | No. of Direct Lenders |
|---|---|---|
| Franklin/Stratford Investments, LLC | $ 5,225,000.00 | 2 |
| Boise/Gowan 93, LLC | $ 2,425,000.00 | 17 |
| Amesburyport Corporation | $19,242,193.06 | 393 |
| HFA Monaco | $ 4,000,000.00 | 1 |
| HFA Clear Lake | $16,050,000.00 | 207 |
| HFA Clear Lake - 2nd | $ 2,750,000.00 | 36 |
| HFA Windham/Asylum | $ 5,550,000.00 | 74 |
| HFA Riviera | $ 5,000,000.00 | 90 |
| HFA Riviera - 2nd | $ 8,000,000.00 | 99 |
| HFA North Yonkers | $24,000,000.00 | 298 |

2. On June 5, 2006, the Court entered its Order Limiting Notice and Approving Master Service List for Limited Notice [Docket No. 473].

3. The Court's June 5, 2006 order provides in part that notice is to be served upon the persons and entities identified in a master service list established and maintained by the debtors. The order expressly provides that the master service list is to include, among other persons and entities:

> k.   Any party directly affected by the motion or application for which notice is given and, in particular, in regard to any motion affecting a specific loan serviced by USA Commercial Mortgage Company, the persons holding a direct interest in any such loan.

*See* Docket No. 473, p. 3 at para. 2(k).

4. The relief requested in the motion substantively and materially affects the interests of hundreds of persons holding direct interests in loans totaling more than $90,000,000.00, as identified in both the motion and paragraph 1 of this opposition.

5. While the Debtors have apparently been engaged in substantive negotiations with respect to the loans referenced in the motion since May of 2006, and have already entered into agreements that materially affect the rights of the parties holding direct interests in those loans:

    a.    The motion was not filed until June 9, 2006;

    b.    The motion is now before the Court on an expedited basis pursuant to Debtors' June 9, 2006 *ex parte* motion for hearing on shortened time [Docket No. 592], and the Court's June 12, 2006 *ex parte* order granting that motion [Docket No. 607]; and

    c.    It does not appear from the Court's CM/ECF docket that notice of the motion has been served upon all of the persons holding a direct interest in the loans identified in the motion as required by paragraph 2(k) of the Court's June 5, 2006 Order Limiting Notice and Approving Master Service List for Limited Notice [Docket No. 473].

Motion, p. 2 at para. 16 (sale of 2.51 acres of land related to Franklin Stratford loan "is set to close on June 19, 2006", two days prior to the scheduled hearing on the motion), and p. 16 at para. 49 - 50 (three HFA Loans paid off in May 2006, in exchange for an agreement from debtor USACM to forbear from declaring a default and exercising collection remedies in connection with four separate and distinct HFA Loans).

6. If notice of the motion was not provided to all parties holding a direct interest in the loans identified in the motion as required by paragraph 2(k) of the Court's June 5, 2006 order, the motion should either be denied, or continued to a hearing date that will allow service to be completed so that all interested parties have an opportunity to be heard.

7. If notice of the motion was provided by debtors in compliance with paragraph 2(k) of the Court's June 5, 2006 order, and the transactions detailed in the motion are truly transactions that occurred in the ordinary course of the debtors' business as suggested by the debtors, then pursuant to 11 U.S.C. § 363(c)(1) there is no need for an order from the Court approving those transactions.

8. If the transactions described in the motion did not occur in the ordinary course of the debtors' business[1], and 11 U.S.C. § 363(b)(1) is the statutory predicate for the relief requested in the motion:

    a. Pursuant to 11 U.S.C. § 363(b)(1), notice and a hearing is required before court approval of the transactions can be obtained;

    b. Debtors are required to present proof that they provided adequate notice, both of the motion and the expedited hearing, to all of the persons holding a direct interest in the loans at issue in compliance with paragraph 2(k) of the Court's June 5, 2006 Order Limiting Notice and Approving Master Service List for Limited Notice [Docket No. 473]; and

    c. Debtors should be required to present evidence that the property involved in the transactions described in the motion is "property of the estate" in the context of 11 U.S.C. § 363(b)(1).

If debtors cannot verify that proper notice of the motion was given in compliance with the Court's June 5, 2006 order, or present proof that the property involved in the transactions described in the motion is "property of the estate" in the context of 11 U.S.C. § 363(b)(1), the motion should be denied.

9. Finally, the motion does not disclose whether former insiders of the debtors hold interests in the projects underpinning the transactions at issue, or the extent of any benefits they will derive through those transactions. As a result, it is not possible for the Court or parties in interest to fully and fairly evaluate whether there is truly a "sound business purpose [that] justifies such actions." In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (D. Del. 1999).

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order denying the Motion, and granting such other relief as is just and equitable.

---

[1] Of particular concern in this regard is debtors' decision to negotiate and obtain an early payoff on three loans (HFA Riviera, HFA Riviera - 2nd, and HFA North Yonkers) resulting in an immediate and significant benefit to the investors in those loans, by agreeing to forbear from the immediate exercise of existing collection rights beneficial to the investors in four separate and distinct non-performing loans (HFA Monaco, HFA Clear Lake, HFA Clear Lake - 2nd, and HFA Windham Asylum). Motion, p. 16 at para. 49 - 50.

1 | Respectfully submitted,

2 | **SARA L. KISTLER**
3 | **ACTING UNITED STATES TRUSTEE**
  | **REGION 17**

4

5 | By: _/s/ August B. Landis_
  |     August B. Landis, Assistant United States Trustee
6 |     United States Department of Justice

7

8 | # # #