AUGUST B. LANDIS, Assistant United States Trustee
State Bar # IA PK9228
SCOTT ANDREW FARROW, Attorney
State Bar # WI 1000609
*scott.a.farrow@usdoj.gov*
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600 Attorney Ext. 224
Facsimile:  (702) 388-6658

Attorneys for the Acting United States Trustee
    SARA L. KISTLER

E-Filed on June 19, 2006

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>**USA Commercial Mortgage Company**<br>    **06-10725 -- Lead Case**<br><br>**USA Capital Realty Advisors, LLC**<br>    06-10726<br><br>**USA Capital Diversified Trust Deed Fund, LLC**<br>    06-10727<br><br>**USA Capital First Trust Deed Fund, LLC**<br>    06-10728<br><br>**USA Securities, LLC**<br>    06-10729                                    Debtors | **Jointly Administered**<br>Chapter 11 Cases<br>Judge **Linda B. Riegle** Presiding<br><br>Date:    June 21, 2006<br>Time:   9:30 a.m.<br>Place:  Courtroom #1<br>**Affecting:**<br>☒ All Cases<br>**or Only:**<br>☐ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC |

# THE UNITED STATES TRUSTEE'S OPPOSITION TO DEBTORS' MOTION FOR ORDER APPROVING AGREEMENT WITH INVESTMENT PARTNERS (AFFECTS ALL CASES)

To the Honorable **LINDA B. RIEGLE**, United States Bankruptcy Judge:

The United States Trustee opposes the Debtors' Motion for Order Approving Agreement with Investment Partners.[1]  The motion does not fully disclose the nature of the relationship

---

[1] The Nevada limited liability company known as USA Investment Partners, LLC is referred to in Debtors' motion, and throughout this opposition, as "Investment Partners."

between the debtors and Investment Partners, the related but non-debtor entity offering the compromise. The motion also fails to disclose sufficient information from which the Court and parties in interest can meaningfully assess the value of the compromise proposal against the $58,374,918.81 in claims that are to be compromised. In support of its opposition, the United Trustee states:

    1. The motion recites that business records maintained by debtor USA Commercial Mortgage "reflect pre-petition receivables and debts owed by Investment Partners", and that debtor USA Commercial Mortgage "contends that the receivables and debts owed by Investment Partners are immediately due and payable." Motion, para. 6.

    2. The motion fails to identify the business records establishing the existence and total amount of the "pre-petition receivables and debts owed by Investment Partners", fails to clearly identify the debtor(s) to whom those receivables and debts are immediately due and payable, fails to disclose the relationship(s) between Investment Partners and the various debtors in these five bankruptcy cases, and fails to identify the principals of Investment Partners.

    3. The motion also reveals that the terms of the compromise were offered by Investment Partners "in an attempt to prevent the immediate collection of the receivables and debts owed to USACM[2] and the other Debtors". *Id.*

    4. The motion, having first acknowledged that business records of USACM already in existence "reflect pre-petition receivables and debts owed by Investment Partners" which are purportedly "immediately due and payable", subsequently suggests that it is necessary for the Court to approve a promissory note "documenting at least some of those obligations to USACM". *Id*. The motion fails to identify exactly which of the pre-petition receivables and debts owed by Investment Partners to the debtors are "documented" by the promissory note, or why additional documentation beyond USACM's existing business records is necessary. Instead, the promissory note, in the stated principal amount of $58,374,918.81 and attached to the motion

---

[2]Debtor USA Commercial Mortgage Company is referred to throughout the motion, and also in this opposition, as "USACM."

as Exhibit A, provides only that the obligations of Investment Partners under that note are in addition to the obligations owed by Investment Partners to USA Capital Diversified First Trust Deed Fund under various transactions involving "10-90, Inc."[3]  Motion, Ex. A at p. 3.

5. Although the motion states that the pre-petition receivables and debts owed by Investment Partners to the debtors are immediately due and payable, the $58,374,918.81 promissory note attached to the motion:

    a.    Is payable *only* to debtor USACM, not to any of the other debtors involved in the bankruptcy cases pending before the Court;

    b.    Does not require Investment Partners to make *any* immediate cash payment to the debtors for distribution to investors in these estates;

    c.    Does not require Investment Partners, in the absence of default, to make *any* payments to the debtors for distribution to investors in these estates until May 31, 2007; and

    d.    Allows Investment Partners to extend the maturity of the promissory note without making any payments to investors for an additional year after May 31, 2007, by the expedient of remitting "promissory notes" to USACM totaling only $20,000,000.00; approximately 34% of the face amount of the note, without consideration of interest accrued at the stated rate of 7.75% per year.

6. Although the promissory note attached to the motion is payable only to USACM, the related security agreement, attached to the motion as Exhibit B, identifies all of the debtors collectively as the "Secured Party."  Motion, Ex. B at p. 1.

7. The security agreement purports to collateralize a wide range of obligations, including without limitation:

    a.    The $58,374,918.81 promissory note from Investment Partners to USACM attached to the motion as Exhibit A;

    b.    All obligations owed by Investment Partners to USA Capital Diversified Trust Deed Fund under various transactions involving "10-90, Inc."[4]; and

---

[3] The loan summary debtors filed with the Court on May 31, 2006 shows that there are two non-performing loans involving "Ten-Ninety, Ltd." in principal amounts of $55,113,781 and $4,150,000.  It is unclear whether the entity referred to as "10-90, Inc." in the motion is the same entity referred to as "Ten-Ninety, Ltd." in the loan summary.

[4] *See* footnote 3, above.

      c.    "[A]ny and all other advances, loans, obligations, liabilities, indemnifications and claims now or hereafter owed or payable" by Investment Partners to the debtors.

Motion, Ex. B at p. 1, para. 1.1.

    8.  The collateral identified in the security agreement is identified as Investment Partners' membership and other interests in a group of 8 limited liability companies. Motion, Ex. B. at p. 2, para. 2 *and* p. 13.

    9.  The security interest in the collateral created by the security agreement is expressly "subject to the provisions of the operating agreements of the LLCs", which are not available to the Court or parties in interest. Motion, Ex. B. at p. 4, para. 8(a)(ii).

    10.  The motion does not contain any financial or other information from which the Court or parties in interest can determine the value of the membership interests identified as collateral in the security agreement, evaluate the viability of any business operations or development properties owned or operated by the related limited liability companies, or tell who the principals in the limited liability companies are, aside from Investment Partners.

    11.  Both the promissory note and security agreement attached to the motion were signed by Joseph D. Milanowski as manager of Investment Partners. Mr. Milanowski was a principal of all of the debtors before being removed and replaced by Thomas Allison upon the filing of the debtors' bankruptcy petitions. As a result, to the extent that the proposed compromise benefits Investment Partners, there are attendant benefits to Mr. Milanowski.

    12.  When asked to consider the propriety of a proposed compromise, a bankruptcy court is to "'assess [] and balance the value of the claim[s] . . . being compromised against the value . . . of the compromise proposal.'" In re Healthco Int'l, Inc., 136 F.3d 45, 50 (9th Cir. 1998), *quoting* Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995). In that analysis, courts may consider, among other factors: (1) the probability of success were the claim to be litigated - given the legal and evidentiary obstacles and expense, inconvenience and delay entailed in its litigation - measured against the more definitive, concrete and immediate benefits attending the proposed settlement; (2) a reasonable accommodation of the creditors' views regarding the

1  proposed settlement; and (3) the experience and competence of the fiduciary proposing the
2  settlement.  <u>Healthco</u>, 136 F. 3d at 50 (citations omitted).

3       13. Inasmuch as the debtors have stated in the motion that business records maintained
4  by USACM "reflect pre-petition receivables and debts owed by Investment Partners", and that
5  USACM "contends that the receivables and debts owed by Investment Partners are immediately
6  due and payable",  the probability of success is high if those claim were litigated.

7       14. Debtors' motion was filed 10 days after the promissory note and security agreement
8  were signed by Mr. Milanowski, and have been set for hearing on shortened time.  For the
9  reasons set forth previously in this opposition, creditors in these estates do not have sufficient
10 information, and have not had sufficient time, to properly evaluate the proposed compromise and
11 how it will impact upon their rights.

12      15. The United States Trustee does not challenge the experience or competence of the
13 fiduciary proposing this compromise.  The United States Trustee is concerned, though, that the
14 Court is being asked to approve a compromise of claims that will delay collection efforts for a
15 year or more with respect to $58+ million worth of claims that are immediately due and payable,
16 and which can be established by USACM's existing business records, without any money at all
17 being paid to the investor body contemporaneously with the compromise.  The immediate
18 benefit of the proposed compromise runs only to Investment Partners, an entity managed by Mr.
19 Milanowski.

20      WHEREFORE, the United States Trustee respectfully requests that the Court enter an
21 order denying the motion.  In the alternative, the United States Trustee requests that the June 21,
22 2006 hearing on the motion be continued, and set for evidentiary hearing on a date certain that
23 will afford creditors and parties in interest a fair opportunity to develop the facts needed to
24 properly evaluate the compromise outlined in the motion.  Should the Court decide that the
25 compromise addressed in the motion should be approved, the United States Trustee requests that
26 the related order contain language providing that the order shall not binding upon successors in
27 interest to the debtors and/or the debtors' estates.  The United States Trustee further requests that
28 the Court grant such other and additional relief as is just and equitable.

**S**ARA **L**. **K**ISTLER
**A**CTING **U**NITED **S**TATES **T**RUSTEE
**R**EGION **17**

By: */s/ August B. Landis*
    August B. Landis, Assistant United States Trustee
    United States Department of Justice

# # #