ELECTRONICALLY FILED
June 19, 2006

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA
(CA State Bar No. 136934)
EVE H. KARASIK
(CA State Bar No. 155356)
CHRISTINE M. PAJAK
(CA State Bar No. 217173), Members of
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
Email:       fmerola@stutman.com
             ekarasik@stutman.com
             cpajak@stutman.com

SHEA & CARLYON, LTD.
JAMES PATRICK SHEA
(Nevada State Bar No. 000405)
CANDACE C. CARLYON
(Nevada State Bar No. 002666)
SHLOMO S. SHERMAN
(Nevada State Bar No. 009688)
233 South Fourth Street, Second Floor
Las Vegas, Nevada 89101
Telephone: (702) 471-7432
Facsimile: (702) 471-7435
Email:       jshea@sheacarlyon.com
             ccarlyon@sheacarlyon.com
             ssherman@sheacarlyon.com

Counsel for the Official Committee Of
Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| Affects<br>☒ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund LLC<br>☐ USA First Trust Deed Fund, LLC | Date:  June 21, 2006<br>Time:  9:30 a.m. |

**LIMITED OPPOSITION TO DEBTORS' MOTION FOR ORDER APPROVING AGREEMENT WITH INVESTMENT PARTNERS (AFFECTS ALL DEBTORS)**

396561v1

**TO THE HONORABLE LINDA B. RIEGLE, UNITED STATES BANKRUPTCY JUDGE:**

The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "First Trust Deed Committee") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases"), hereby submits its limited opposition (the "Opposition") to the "Debtors' Motion for Order Approving Agreement with Investment Partners" (the "Motion"), filed by USA Commercial Mortgage Company ("USACM"), on behalf of itself and its affiliated debtors (each, a "Debtor" and, collectively, the "Debtors"), based on the facts and argument set forth below:

## I. INTRODUCTION

1. On June 9, 2006, the Debtors filed the Motion seeking Court authority to approve the promissory note and related security agreement recently given by USA Investment Partners, LLC ("Investment Partners") to document a $58.3 million obligation owed by Investment Partners and to provide collateral, including, among other things, all of Investment Partners' interests in certain entities (the "LLCs"), for that obligation, as well as others owed by Investment Partners. The First Trust Deed Committee has carefully reviewed the Motion, and had engaged in preliminary discussions with the Debtors regarding these agreements.

2. Based on these discussions, the First Trust Deed Committee understands that while the books and records of USACM show the obligations owed by Investment Partners, the Debtors believe that these obligations may be actually owed to one or more of the Debtors. However, in an effort to document this deal as quickly as possible to ensure maximum protection to the Debtors' estates, the Debtors negotiated a promissory note between USACM and Investment Partners but ensured that the security agreement would benefit all Debtors.

3. While the First Trust Deed Committee supports the Debtors in documenting this transaction, the form of documents raise particular concerns. Moreover, additional protections need to be put in place to ensure that payments made by Investment Partners are equitably distributed among the various Debtor entities and there is no race to seize control of the collateral pledged by Investment Partners. Finally, the First Trust Deed Committee believes that, if Investment Partners or the Debtors' former insiders have the requisite

396561v1      2

authority, additional security agreements with each of the LLCs are necessary to ensure that the Debtors receive the benefit of their bargain as described further below.

## II. ARGUMENT

### A. Promissory Note.

4. Pursuant to its terms, the promissory note becomes due and fully payable on May 31, 2007. This deadline, however, may be automatically extended to May 31, 2008 if there is no event of default and USACM shall have received proceeds from the collateral encumbered from the security agreement in an amount equal to $20 million "in cash or *promissory notes*". See Promissory Note, ¶2. The Debtors have advised that "promissory notes" means cash equivalents. However, the note, itself, does not use the term "cash equivalent," and it is non-sensical to pay down one promissory note with another. The maturity date of the promissory note should only be extended if USACM receives cash of $20 million or possibly some specifically defined cash equivalent by May 31, 2007. Moreover, the payment of $20 million should not be limited to the proceeds of the collateral encumbered by the security agreement. Investment Partners should be required to pay the promissory note from all available sources, whether or not pledged in the security agreement. Finally, any payments USACM receives in connection with the promissory note should be held in trust for the benefit of all Debtors.

### B. Security Agreement.

5. The security agreement secures three different types of obligations. First, it secures the obligations of the promissory note. Second, it secures certain obligations owed by Investment Partners to USA Capital Diversified Trust Deed Fund, LLC, which are defined as the "10-90 Loan". Finally, the security agreement secures "any and all other advances, loans, obligations, liabilities, indemnifications and claims now or hereinafter owed" by Investment Partners to any of the Debtors. See Security Agreement, §1.1.

6. Except for the description of the promissory note, the Debtors do not describe any of the other obligations that are owed by Investment Partners to the other Debtors in their Motion. It is the understanding of the First Trust Deed Committee that the 10-90 Loan is a

significant obligation of approximately $58 million but it is unknown how large the other obligations may be to the other Debtors. The Debtors should be required to provide additional information regarding these other obligations.

7. Given the numerous obligations secured by the security agreement and the extent of those obligations, the First Trust Deed Committee is particularly concerned about how money received from Investment Partners will be applied against the various obligations and the possible race to the "assets" by the various Debtor entities to foreclose on the collateral. In light of these concerns, the First Trust Deed Committee requests that the Court order that all money collected from Investment Partners, whether directly, from the proceeds of the collateral, or from distributions made on account of Investment Partners' membership interests in the pledged LLCs[1], be placed into a segregated account and not be applied to any of the obligations owed to the Debtors absent a further Court order. Only with this protection can all Debtors be ensured that they will receive their equitable share of payments made by Investment Partners.

8. Second, the First Trust Deed Committee also notes that, pursuant to the security agreement, Investment Partners represents, warrants and covenants, that Investment Partners is "the owner of or has other rights in or power to transfer the Collateral, free from any right or claim or any personal or any adverse lien, security interests or other encumbrance except for [among other things]. . . the provisions of the operating agreements of the LLCs." See Security Agreement, §§ 7, 8. The Debtors, however, fail to explain how the operating agreements of the pledged LLCs might affect the Debtors' interests in the collateral. Without more information, it is difficult to determine the value, if any, the security agreement provides to the Debtors. Again, the Debtors should be required to provide additional information.

9. Finally, the First Trust Deed Committee questions whether the collateral secured by the security agreement provides adequate protection for the Debtors. The security agreement only secures Investment Partners' interests in the pledged LLCs, not the property

---

[1] Section 13 of the security agreement provides that the Debtors, subject to a limited carve-out, shall receive all distributions payable on account of Investment Partners' membership interests in the pledged LLCs.

396561v1                                      4

belonging to the LLCs. To the extent that Investment Partners or any of the Debtors' insiders owns a majority interest in any of the LLCs, the Debtors should seek to obtain a direct security interest in any property belonging to any such LLC. Otherwise, the LLCs are free to dispose their property, take and distribute the profits according to their whims (e.g., pay supposed "salaries" to the Debtors' insiders), without any obligation to make corresponding distributions to parties who hold membership interests. Under such a scenario, the Debtors could potentially never receive distributions on account of Investment Partners' membership interests in the pledged LLCs nor realize the benefit of their security interests in the LLCs. The Debtors should be required to negotiate additional security agreements with each of the LLCs.

**WHEREFORE**, the Committee hereby opposes the Motion on the limited grounds set forth above.

Respectfully submitted this 19th day of June, 2006.


____/s/ Eve H. Karasik____

FRANK A. MEROLA (CA State Bar No. 136934),
EVE H. KARASIK (CA State Bar No. 155356), and
CHRISTINE M. PAJAK (CA State Bar No. 217173), Members of
STUTMAN, TREISTER & GLATT, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA  90067
Telephone:  (310) 228-5600

and

CANDACE C. CARLYON
Shea & Carlyon, Ltd.
233 S. Fourth Street, Suite 200
Las Vegas, NV  89101
Telephone:  (702) 471-7432
COUNSEL FOR THE
OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
OF USA CAPITAL FIRST TRUST DEED FUND, LLC