ELECTRONICALLY FILED
June 19, 2006

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA
(CA State Bar No. 136934)
EVE H. KARASIK
(CA State Bar No. 155356)
CHRISTINE M. PAJAK
(CA State Bar No. 217173), Members of
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
Email:      fmerola@stutman.com
            ekarasik@stutman.com
            cpajak@stutman.com

SHEA & CARLYON, LTD.
JAMES PATRICK SHEA
(Nevada State Bar No. 000405)
CANDACE C. CARLYON
(Nevada State Bar No. 002666)
SHLOMO S. SHERMAN
(Nevada State Bar No. 009688)
233 South Fourth Street, Second Floor
Las Vegas, Nevada 89101
Telephone: (702) 471-7432
Facsimile: (702) 471-7435
Email:      jshea@sheacarlyon.com
            ccarlyon@sheacarlyon.com
            ssherman@sheacarlyon.com

Counsel for the Official Committee Of
Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>     Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>     Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>     Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>     Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>     Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| Affects<br>☐ All Debtors<br>☒ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund LLC<br>☒ USA First Trust Deed Fund, LLC | Date: June 21, 2006<br>Time: 9:30 a.m.<br>Place: Courtroom #1 |

**LIMITED OPPOSITION TO MOTION FOR AUTHORITY TO FORBEAR AND TO PROVIDE FURTHER FUNDING FOR CERTAIN OUTSTANDING LOANS (AFFECTS DEBTORS USA COMMERCIAL MORTGAGE COMPANY, USA CAPITAL FIRST TRUST DEED FUND LLC AND USA CAPITAL DIVERSIFIED TRUST DEED FUND LLC)**

396535v1

**TO THE HONORABLE LINDA B. RIEGLE, UNITED STATES BANKRUPTCY JUDGE:**

The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "First Trust Deed Committee") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases"), hereby submits its limited opposition (the "Opposition") to the "Motion for Authority to Forbear and To Provide Further Funding for Certain Outstanding Loans" (the "Motion"), filed by USA Commercial Mortgage Company, USA Capital First Trust Deed Fund LLC and USA Capital Diversified Trust Deed Fund, LLC, certain of the above-captioned debtors and debtors and possession (the "Debtors"), based on the facts and argument set forth below:

1. On June 9, 2006, the Debtors filed the Motion seeking approval to forbear or provide additional funds to four projects subject to first priority, secured loans made by various investors, including the USA Capital First Trust Deed Fund, LLC (the "FTDF"). The First Trust Deed Committee has carefully reviewed the Motion, engaged in discussion with the Debtors and performed its own diligence on the forbearance and funding requests for the four projects. The First Trust Deed Committee's response on each request is as follows.

2. <u>Franklin Stratford Project</u> – The First Trust Deed Committee consents to the proposal to sell the excess collateral and use the proceeds therefrom to pay the portion of the $864,936.67 remaining due to Petra, Inc., the project contractor, with any proceeds balance to be remitted to pay down the Franklin Stratford loan or to be placed in an escrow account for the benefit of the project lenders.

3. <u>Boise Gowan Project</u> – FTDF is not a lender on the Boise Gowan project. However, FTDF has an interest in USA Commercial Mortgage Company retaining sufficient funds to operate its business as loan servicer. FTDF has been advised that the Boise Gown project is extremely profitable and believes that the developer should fund or at a minimum make a significant contribution to the additional $125,000 allegedly needed for the project at this time. Furthermore, two of the guarantors on the loan are Thomas A. Hantges and Joseph D. Malinowski, the former insiders of the Debtors, and there is no disclosure as to whether these insiders have an interest in the borrower Boise/Gowan 93 LLC. As with the Franklin Stratford

project, the First Trust Deed Committee believes that the burden of providing funding needs above the original loan amounts should be shared among all parties in interest.

4. <u>Amesbury/Hatters Point</u> – The First Trust Deed Committee supports the sale of the three remaining condominiums in Phase 1 of the project and the corresponding partial collateral releases in exchange for the net sales proceeds of $1.5 million. As provided for in the Motion, the net sales proceeds should be placed in the Collection Account and all liens claims and interests that attached to the real property will attach to the proceeds with the same validity, priority and enforceability. Use of the net sale proceeds by the Debtors shall be limited and governed by the applicable orders of the Court.

5. <u>Homes for America Loans ("HFA Loans")</u> – FTDF owns a 100% interest in the loan to HFAH-Monaco, LLC (the "Monaco Loan"). There is $4 million in principal and approximately $1.2 million in interest due on the Monaco Loan, and the Debtors have deemed the Monaco Loan a non-performing loan. The current maturity date is December 19, 2006. FTDF has no interest in any of the other three HFA Loans that are the subject of the Motion.

6. The Debtors seek to enter into a forbearance agreement with the borrower on the Monaco Loan until January 1, 2007. The Debtors do not attach a sample forbearance agreement and state only that they will "forbear from declaring a default and . . . forbear from exercising remedies." The Committee cannot evaluate the forbearance request absent the terms and conditions of such forbearances, including whether the investors will receive any consideration for the forbearance. Further, the Debtors have not answered many of the Committee's questions about the Monaco Loan, including why the Monaco Loan is a non-performing loan (and not just because the interest is due, but why such interest is due), whether the former insiders or any of their entities are borrowers on this loan, whether there are guarantees on the loan and if so, the identity and solvency of the guarantors as well as whether the guarantees are collateralized. While the Committee would very much like to see this loan refinanced and paid off in the same manner as the three other HFA loans described in the Motion, absent an analysis of the answers to these questions and an understanding of the

```
```
Case 06-10725-gwz    Doc 720    Entered 06/19/06 11:58:17    Page 4 of 4

forbearance terms and conditions, the Committee cannot consent to and opposes the forbearance request.

**WHEREFORE**, the Committee hereby opposes the Motion on the limited grounds set forth above.

Respectfully submitted this 19th day of June, 2006.

/s/ Eve H. Karasik

FRANK A. MEROLA (CA State Bar No. 136934),
EVE H. KARASIK (CA State Bar No. 155356), and
CHRISTINE M. PAJAK (CA State Bar No. 217173), Members of
STUTMAN, TREISTER & GLATT, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone: (310) 228-5600

and

CANDACE C. CARLYON
Shea & Carlyon, Ltd.
233 S. Fourth Street, Suite 200
Las Vegas, NV 89101
Telephone: (702) 471-7432
COUNSEL FOR THE
OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
OF USA CAPITAL FIRST TRUST DEED FUND, LLC

396535v1                                          4