# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER** (Court Use Only)

| | |
|---|---|
| **PLAINTIFF**<br>USA Commercial Mortgage Company | **DEFENDANT**<br>Wells Fargo Bank, N.A. and James Feeney |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Lenard E. Schwartzer, Esq.<br>Jeanette E. McPherson, Esq.<br>Schwartzer & McPherson Law Firm<br>2850 South Jones Blvd., Suite 1<br>Las Vegas NV 89146<br>(702) 228-7590 | **ATTORNEYS** (If Known) |

**PARTY** (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ■ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
11 U.S.C. §362 and §105
11 U.S.C. §542
11 U.S.C. §549 and §550

## NATURE OF SUIT
(Check the one most appropriate box only.)

- ■ 454 To Recover Money or Property
- ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
- ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☐ 424 To object or to revoke a discharge 11 U.S.C. §727
- ☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan
- ☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523
- ☐ 434 To obtain an injunction or other equitable relief
- ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan
- ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 498 Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only.)   ■ 1 Original Proceeding   ☐ 2 Removed Proceeding   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another Bankruptcy Court

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND | NEAREST THOUSAND $100 | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| USA Commercial Mortgage Company<br>USA Capital Realty Advisors, LLC<br>USA Capital Diversified Trust Deed Fund, LLC<br>USA First Trust Deed Fund, LLC<br>USA Securities, LLC | BK-S-06-10725 LBR<br>BK-S-06-10726 LBR<br>BK-S-06-10727 LBR<br>BK-S-06-10728 LBR<br>BK-S-06-10729 LBR<br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |

| DISTRICT IN WHICH CASE IS PENDING<br>NEVADA | DIVISIONAL OFFICE<br>LAS VEGAS | NAME OF JUDGE<br>HONORABLE LINDA B. RIEGLE |
|---|---|---|

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only.)   ■ FEE ATTACHED   ☐ FEE NOT REQUIRED   ☐ FEE IS DEFERRED

| DATE<br>6/19/06 | PRINT NAME<br>Jeanette E. McPherson, Esq. | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Jeanette E. McPherson |
|---|---|---|

B-104

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

E-FILED on June 19, 2006

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | **Jointly Administered Under Case No. BK-S-06-10725 LBR**<br>**Adversary No. 06-** |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |
| USA COMMERCIAL MORTGAGE COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A. and JAMES FEENEY,<br><br>Defendants. | **COMPLAINT UNDER 11 U.S.C. §§ 105, 362, 542, 549, AND 550** |

- 1 -

Plaintiff, USA Commercial Mortgage Company ("USACM"), by and through its counsel, Schwartzer & McPherson Law Firm, hereby complains as follows:

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 105, 362, 542, 549, and 550.

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O).

3. This is an adversary proceeding pursuant to Fed.R.Bankr.P. 7001.

4. This court has venue over this proceeding pursuant to 28 U.S.C. § 1409(a).

## GENERAL ALLEGATIONS

5. USACM filed for relief under Chapter 11 of the Bankruptcy Code on April 13, 2006.

6. USACM held an Investors Trust Account at Wells Fargo Bank, N.A. ("Wells Fargo").

7. USACM held a Collections Trust Account at Wells Fargo.

8. Wells Fargo had actual knowledge of the USACM bankruptcy filing no later than April 14, 2006.

9. An Order Re Stipulation Re Setoff And Bank Accounts (Wells Fargo) became effective on April 17, 2006.

10. On April 19, 2006, Wells Fargo honored a check, which had been re-deposited, made payable to James Feeney ("Feeney") in the amount of $100,000 from the Investors Trust Account (the "$100,000 Transfer"). A true and correct copy of this check is attached hereto as **Exhibit "1."**

11. On May 3, 2006, Wells Fargo honored a check made payable to George W. Urda, number 88626, in the amount of $486.11 and a check made payable to George W. Urda, number 86935, in the amount of $104.17 both drawn on the Collections Trust Account (collectively, the "Collections Trust Transfers").

12. The $100,000 Transfer and the Collections Trust Transfers were property of

1  USACM's estate.

2  13.  USACM sent a demand letter to Wells Fargo on May 12, 2006 requesting that
3  Wells Fargo return the sum of $100,590.28 to USACM. A true and correct copy of this demand
4  letter is attached hereto as **Exhibit "2."**

5  14.  Wells Fargo has not turned over the $100,590.28 to USACM.

## FIRST CAUSE OF ACTION
## (11 U.S.C. § 362 and § 105)

15.  USACM repeats and reavers allegations 1 through 14 as if fully set forth herein.

16.  Wells Fargo had actual knowledge of the USACM bankruptcy filing no later than April 14, 2006.

17.  Wells Fargo exercised control over property of USACM by honoring the $100,000 Transfer and the Collections Trust Transfers.

18.  By exercising control over the $100,000 Transfer and the Collections Trust Transfers, Wells Fargo violated 11 U.S.C. § 362 and therefore these transfers are void, and Wells Fargo must return the sum of the $100,000 Transfer and the Collections Trust Transfers to USACM.

19.  USACM has been damaged by Wells Fargo's violation of the automatic stay under 11 U.S.C. § 362.

## SECOND CAUSE OF ACTION
## (11 U.S.C. § 542)

20.  USACM repeats and reavers allegations 1 through 14 as if fully set forth herein.

21.  Wells Fargo had actual knowledge of the USACM bankruptcy filing no later than April 14, 2006.

22.  The $100,000 Transfer and the Collections Trust Transfers were property of USACM's estate.

23.  Wells Fargo must turnover the sum of the $100,000 Transfer and the Collections Trust Transfers to USACM.

///

- 3 -

## THIRD CAUSE OF ACTION

## (11 U.S.C. § 549 and § 550)

24. USACM repeats and reavers allegations 1 through 14 as if fully set forth herein.

25. The $100,000 Transfer and the Collections Trust Transfers were property of USACM's estate.

26. The $100,000 Transfer was made to Feeney.

27. The $100,000 Transfer was made after the commencement of USACM's bankruptcy case.

28. The $100,000 Transfer was not authorized by the bankruptcy court.

29. The $100,000 Transfer to James Feeney is avoidable and Feeney must return the $100,000 Transfer to USACM.

WHEREFORE, USACM prays as follows:

1) For judgment in its favor and against Wells Fargo in the sum of $590.28 plus interest pursuant to 28 U.S.C. § 1961(a) and costs.

2) For judgment against Wells Fargo and James Feeney, jointly and severally, in the sum of $100,000.00 plus interest pursuant to 28 U.S.C. § 1961(a) and costs.

3) For judgment in its favor and against Wells Fargo for Wells Fargo's violation of 11 U.S.C. § 362 and damages pursuant to 11 U.S.C. § 105 and for a determination that the $100,000 Transfer and the Collections Trust Transfer are void.

4) For such other relief that that this Court deems just and proper.

Dated: June 19, 2006

_Jeanette E. McPherson, Esq._
Lenard E. Schwartzer, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, NV 89146

Attorneys for Debtors & Debtors-in-Possession

- 4 -

# EXHIBIT "1"

3013

**USA COMMERCIAL MORTGAGE COMPANY**
INVESTORS TRUST ACCOUNT
4484 S PECOS RD
LAS VEGAS, NV 89121
(702) 734-2400

**WELLS FARGO BANK, N.A.**
LAS VEGAS, NV 89119
94-7074-3212

DATE: 4/11/2006

AMOUNT: $100,000.00

PAY One Hundred Thousand Dollars And 00 Cents

TO THE ORDER OF
James Feeney Trustee
E&M Hardware PSP
P.O. Box 19122
Reno NV 89511

⑆003013⑆ ⑈321 7074 2⑈ 0465657146⑈    ⑆0010000000⑆

Deposit - UBS.
James Feeney

Treasury Information Report                                                                 Page 1 of 1

**WELLS FARGO**

Custom
04/20/2006 11:02 AM ET
CUSTOMER ID: USA00121
OPERATOR ID: WEESL001

**USA COMMERCIAL MORTGAGE CO.**
Previous Day Composite Report
As of 04/19/2006

Commercial Electronic Office®                                    Treasury Information Reporting

Currency: USD
Bank:      321270742                                             WELLS FARGO BANK, N.A.
Account:   465657146(NV)                                         Investors Trust

### Balances

| | |
|---|---:|
| Closing Ledger Balance | 1,877,080.27 |
| Closing Collected Balance | 1,877,080.27 |
| Opening Available Balance | 1,877,080.27 |
| One Day Float | .00 |
| Two+ Day Float | .00 |
| MTD Average Closing Ledger Balance | 2,100,107.86 |
| MTD Average Closing Collected Balance | 764,753.28 |
| Total Credits | .00 |
| Total Debits | 100,000.00 |
| Total Number Credits | 0 |
| Total Number Debits | 1 |

### Summaries

| Type of Debit | Number of Items | Amount |
|---|---:|---:|
| Total Return Item Debits | 1 | 100,000.00 |
| **Debit Totals** | **1** | **100,000.00** |

### Debit Transactions

| Date | Description | | Amount |
|---|---|---|---:|
| 4/19/2006 | 566 / RETURN ITEM<br>Cust Ref: 00000000000<br>RETURN ITEM CHARGE - PAPER AZ 060419 | Debit Amount:<br>Bank Ref: IA009917392425 | 100,000.00 |

Account Net Amount                                                                           -100,000.00

### Grand Total For Currency: USD

**Balances**

| | |
|---|---:|
| Closing Ledger Balance | 1,877,080.27 |
| Closing Collected Balance | 1,877,080.27 |
| Opening Available Balance | 1,877,080.27 |
| One Day Float | .00 |
| Two+ Day Float | .00 |
| MTD Average Closing Ledger Balance | 2,100,107.86 |
| MTD Average Closing Collected Balance | 764,753.28 |
| Total Credits | .00 |
| Total Debits | 100,000.00 |
| Total Number Credits | 0 |
| Total Number Debits | 1 |

---- END OF REPORT ----

# EXHIBIT "2"

# SCHWARTZER & MCPHERSON LAW FIRM

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

Lenard E. Schwartzer*†
Jeanette E. McPherson†
Jason A. Imes*

*Also admitted in California
† Board Certified
Business Bankruptcy Law
American Board of Certification

2850 SOUTH JONES BOULEVARD, SUITE 1
LAS VEGAS, NEVADA 89146-5308
TELEPHONE: (702) 228-7590   FACSIMILE: (702) 892-0122
WEBSITE: WWW.S-MLAW.COM

May 12, 2006

Of counsel:
Gary B. Gelfand*

California Office

161 S. Doheny Drive
Beverly Hills, CA 90210
Telephone: (323) 272-6361

*Via Facsimile: (702) 471-7435*

Candace Carlyon
Shea & Carlyon, Ltd.
233 S. Fourth Street, #200
Las Vegas, NV 89101

Re:   In re USA Commercial Mortgage Company, BK-S-06-10725 LBR

Dear Candace:

As you are aware, on or about April 19, 2006, Wells Fargo was presented with and honored a check postpetition written to Mr. James Feeney in the amount of $100,000 from the Debtor's Investor Trust Account. In addition, Wells Fargo honored two checks in the amount of $590.28 from the Debtor's Collection Trust Account.

Based upon my conversation with you and your email to me, Wells Fargo will not return the $100,000 to the Debtor. Wells Fargo will return the $590.28 if the Debtor waives its claims against Wells Fargo to the $100,000. Further, Wells Fargo believes that the Debtor should seek the return of these funds against the recipient of these funds as a postpetition transfer. In addition, you have raised issues that these funds will be returned to investors anyway. Please note that the issue regarding whether these funds will be returned to investors and/or in what amounts has not yet been determined by the Debtor or this Court. Various pleadings on file address the existence of this issue. Regardless, the right to seek funds against another or the issues regarding the return of funds to investors does not serve as a defense to Wells Fargo's actions.

By honoring these checks, Wells Fargo has violated the provisions of the Bankruptcy Code, including but not limited to 11 U.S.C. § 542(c). In an effort to resolve this issue one last time prior to filing a motion for the return of these funds from Wells Fargo, we are hereby making formal demand upon Wells Fargo to return the sum of $100,590.28 to the Debtor no later than Monday, May 15, 2006 by 4:00 p.m.

Sincerely,

Jeanette E. McPherson

JEM:ah

lettter to C Carlyon re turnover ofmonies 051206

```
                                                                              P. 1
       *  *  *  Transmission Result Report (MemoryTX) ( May.12. 2006  3:59PM ) *  *  *
                                                                  1) SCHWARTZER & McPHERSON
                                                                  2)

Date/Time: May.12. 2006  3:59PM

File                                                                            Page
No. Mode          Destination                       Pg(s)      Result       Not Sent
--------------------------------------------------------------------------------------
2368 Memory TX    4717435                           P.  1       OK


Reason for error
  E.1) Hang up or line fail              E.2) Busy
  E.3) No answer                         E.4) No facsimile connection
```

## SCHWARTZER & McPHERSON LAW FIRM
### A PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW

Lenard E. Schwartzer*†  
Jeanette E. McPherson†  
Jason A. Imes*  

*Also admitted in California  
†Board Certified  
Business Bankruptcy Law  
American Board of Certification  

2850 SOUTH JONES BOULEVARD, SUITE 1  
LAS VEGAS, NEVADA 89146-5308  
TELEPHONE: (702) 228-7590   FACSIMILE: (702) 892-0122  
WEBSITE: WWW.S-MLAW.COM  

Of counsel:  
Gary B. Gelfand*  

California Office  
161 S. Doheny Drive  
Beverly Hills, CA 90210  
Telephone: (323) 272-6361  

May 12, 2006

*Via Facsimile: (702) 471-7435*

Candace Carlyon  
Shea & Carlyon, Ltd.  
233 S. Fourth Street, #200  
Las Vegas, NV 89101

Re:  In re USA Commercial Mortgage Company, BK-S-06-10725 LBR

Dear Candace:

As you are aware, on or about April 19, 2006, Wells Fargo was presented with and honored a check postpetition written to Mr. James Peeney in the amount of $100,000 from the Debtor's Investor Trust Account. In addition, Wells Fargo honored two checks in the amount of $590.28 from the Debtor's Collection Trust Account.

Based upon my conversation with you and your email to me, Wells Fargo will not return the $100,000 to the Debtor. Wells Fargo will return the $590.28 if the Debtor waives its claims against Wells Fargo to the $100,000. Further, Wells Fargo believes that the Debtor should seek the return of these funds against the recipient of these funds as a postpetition transfer. In addition, you have raised issues that these funds will be returned to investors anyway. Please note that the issue regarding whether these funds will be returned to investors and/or in what amounts has not yet been determined by the Debtor or this Court. Various pleadings on file address the existence of this issue. Regardless, the right to seek funds against another or the issues regarding the return of funds to investors does not serve as a defense to Wells Fargo's actions.

By honoring these checks, Wells Fargo has violated the provisions of the Bankruptcy Code, including but not limited to 11 U.S.C. § 542(c). In an effort to resolve this issue one last time prior to filing a motion for the return of these funds from Wells Fargo, we are hereby making formal demand upon Wells Fargo to return the sum of $100,590.28 to the Debtor no later than Monday, May 15, 2006 by 4:00 p.m.

Sincerely,

Jeanette E. McPherson

JEM:ak

letter to C Carlyon re turnover ofmonies 051206