

**Entered on Docket
June 20, 2006**

_____
**Hon. Linda B. Riegle
United States Bankruptcy Judge**

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer
Nevada Bar No. 0399
Jeanette E. McPherson
Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case Nos. BK-S-06-10725 LBR<br>Case Nos. BK-S-06-10726 LBR<br>Case Nos. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case Nos. BK-S-06-10728 LBR<br>Case Nos. BK-S-06-10729 LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **ORDER AUTHORIZING THE EMPLOYMENT OF HILCO REAL ESTATE LLC/HILCO REAL ESTATE APPRAISAL, LLC AS DEBTORS' REAL ESTATE APPRAISER** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |

1

RQN DOC 871389

Affects:
☒ All Debtors
☐ USA Commercial Mortgage Company
☐ USA Securities, LLC
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA First Trust Deed Fund, LLC

Hearing Date: June 5, 2006
Time: 9:00 A.M.

The Debtors in the instant case filed an Application for an Order Authorizing the Employment of Hilco Real Estate LLC/Hilco Real Estate Appraisal, LLC as Debtors' Real Estate Appraiser (the "Application"). The Court, having independently reviewed the Application, the relief sought therein, and the Declaration of Jeffrey W. Linstrom submitted in support of the Application (the "Linstrom Declaration") and the Court, now being satisfied, based on the representations made in the Application and the Linstrom Declaration, that Hilco Real Estate, LLC ("Hilco"), which maintains an office at 5 Revere Drive, Suite 320, Northbrook, Illinois 60062, neither represents nor holds an interest adverse to the Debtors or their respective estates as to the matters upon which it is to be employed and is disinterested under Section 101(14) of the Bankruptcy Code, and that the employment of Hilco is necessary and in the best interests of the Debtors and their respective estates; and notice of the Application having been properly given and it appearing that no further notice is necessary or required; and after due deliberation and sufficient cause appearing therefore; IT IS HEREBY ORDERED THAT:

1.  The Application is approved;

2.  Debtors are authorized to employ Hilco in their respective chapter 11 cases pursuant to the terms set forth in the Amended and Restated Real Estate Consulting and Advisory Services Agreement ("Amended Agreement") (a copy of which is attached hereto as **Exhibit "A"**); and

3.  In respect of fees payable to Hilco for its valuation services, (a) Hilco shall be compensated in accordance with the terms described in the Amended Agreement, (b) Hilco's fees in such regard shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code (c) Hilco shall allocate such fees for valuation services it provides to the Debtors on a loan-by-loan basis, and (d) Hilco shall be entitled to be paid for such valuation services in the

RQN DOC 871389

1  amounts and at the times provided under the Amended Agreement by the Debtors without further
2  order of the Court or the necessity of filing any interim or final fee applications.

3      4.    With respect to any Expert Witness, Consulting, and Advisory Services provided
4  by Hilco, Hilco shall keep contemporaneous time records and shall be compensated in accordance
5  with the procedures set forth in Sections 330 and 331 of the Bankruptcy Code, the applicable
6  Federal Rules of Bankruptcy Procedure, the local rules of this Court and administrative and other
7  orders as have been entered previously or may be entered by the Court.

8  Submitted by:

9  Annette W. Jarvis, Utah Bar No. 1649
   RAY QUINNEY & NEBEKER P.C.
10 36 South State Street, Suite 1400
   P.O. Box 45385
11 Salt Lake City, Utah 84145-0385

12 and

15 Lenard E. Schwartzer, Esq.
   Jeanette E. McPherson, Esq.
16 SCHWARTZER & MCPHERSON LAW FIRM
   2850 South Jones Boulevard, Suite 1
17 Las Vegas, Nevada 89146
   Attorneys for Debtor and Debtor-In-Possession

20 Approved/Disapproved by:                    Approved/Disapproved by:

21 OFFICE OF THE U.S. TRUSTEE                  LEWIS AND ROCA, LLP

23 By: _____               By: _____
       August Landis, Esq.                         Susan M. Freeman
24     Scott Farrow, Esq.                          Rob Charles
                                                   [Proposed] Counsel for Official
25                                                 Committee of Unsecured Creditors of
                                                   USA Commercial Mortgage Company
27 ///
28 ///

3

1. amounts and at the times provided under the Amended Agreement by the Debtors without further order of the Court or the necessity of filing any interim or final fee applications.

4. With respect to any Expert Witness, Consulting, and Advisory Services provided by Hilco, Hilco shall keep contemporaneous time records and shall be compensated in accordance with the procedures set forth in Sections 330 and 331 of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the local rules of this Court and administrative and other orders as have been entered previously or may be entered by the Court.

Submitted by:

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

and

_____
Lenard E. Schwartzer, Esq.
Jeanette E. McPherson, Esq.
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146
Attorneys for Debtor and Debtor-In-Possession


Approved/Disapproved by:                    Approved/Disapproved by:

OFFICE OF THE U.S. TRUSTEE                  LEWIS AND ROCA, LLP

By: _____                 By: _____
    August Landis, Esq.                         Susan M. Freeman
    Scott Farrow, Esq.                          Rob Charles
                                                [Proposed] Counsel for Official
                                                Committee of Unsecured Creditors of
                                                USA Commercial Mortgage Company

///

///

3

RQN DOC 871389

**ORDER AUTHORIZING THE EMPLOYMENT OF HILCO REAL ESTATE LLC/HILCO REAL ESTATE APPRAISAL, LLC AS DEBTORS' REAL ESTATE APPRAISER**

Approved/Disapproved by:

STUTMAN TREISTER & GLATT and SHEA & CARLYON, LTD.

By: _____
Frank A. Merola, Esq.
Christine Pajak, Esq.
Counsel for the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund LLC

Approved/Disapproved by:

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
Mark A. Levinson Esq.
Lynn Trinka Ernce, Esq.
[Proposed] Counsel for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund LLC

Approved/Disapproved by:

GORDON & SILVER, LTD

By: _____
Gerald M. Gordon, Esq.
Gregory E. Garman, Esq.
Counsel for Official Committee of Holders of Executory Contract Rights of USA Commercial Mortgage Company

###

4

RQN DOC 171389

**ORDER AUTHORIZING THE EMPLOYMENT OF HILCO REAL ESTATE LLC/HILCO REAL ESTATE APPRAISAL, LLC AS DEBTORS' REAL ESTATE APPRAISER**

Approved/Disapproved by:

STUTMAN TREISTER & GLATT and SHEA & CARLYON, LTD.

By: _____
    Frank A. Merola, Esq.
    Christine Pajak, Esq.
    Counsel for the Official Committee of
    Equity Security Holders of USA Capital
    First Trust Deed Fund LLC

Approved/Disapproved by:

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
    Mark A. Levinson, Esq.
    Lynn Trinka Ernce, Esq.
    [Proposed] Counsel for the Official
    Committee of Equity Security Holders of
    USA Capital Diversified Trust Deed
    Fund LLC

Approved/Disapproved by:

GORDON & SILVER, LTD

By: _____
    Gerald M. Gordon, Esq.
    Gregory E. Garman, Esq.
    Counsel for Official Committee of
    Holders of Executory Contract Rights of
    USA Commercial Mortgage Company

###

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

RQN DOC 871389

4

# EXHIBIT "A"

## AMENDED AND RESTATED REAL ESTATE CONSULTING AND ADVISORY SERVICES AGREEMENT

This Amended and Restated Agreement is entered into as of May 1, 2006, by and between Hilco Real Estate, LLC and Hilco Real Estate Appraisal, LLC (collectively, "Hilco") on the one hand, and USA Commercial Mortgage Company; USA Capital Realty Advisors, LLC; USA Securities, LLC; USA Capital First Trust Deed Fund, LLC and USA Capital Diversified Trust Deed Fund, LLC (collectively, the "Companies" or "Debtors") on the other hand, which have filed voluntary petitions for relief under Chapter 11 of the Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Nevada (the "Bankruptcy Court"), subject to notice and Bankruptcy Court approval, and the Debtors hereby agree to retain Hilco with respect to the valuation of certain real estate serving as collateral for loans originated by the Debtors, expert witness and consulting and advisory services relating to the Debtors' real estate loans analysis.

### Recitals:

A.   The Companies are in the business of originating, underwriting, brokering and servicing commercial loans or fractional interests therein.

B.   The Companies desire to retain a real estate services firm to provide the Debtors with valuation services, expert witness and consulting and advisory services in connection with the real estate projects that serve as collateral for the loans they have made. The Debtors require such services to maximize the value of the estates.

C.   Hilco is one of the leading national providers of real estate valuation, consulting, advisory and disposition services, and the Debtors desire to retain Hilco on the terms set forth herein to perform such services in their chapter 11 cases.

### Agreement:

NOW, THEREFORE, in consideration of the foregoing recitals and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Debtors and Hilco agree as follows:

1.   Valuation Services. At the Debtors' request, Hilco shall perform valuations of all of the real estate serving as collateral for the loans made by the Debtors (the "Valuation Services").

2.   Expert Witness, Consulting and Advisory Services. At the Debtors' request, Hilco shall provide real estate consulting and advisory services in connection with assisting the Debtors' maximizing the value of their estates. Such services may include collectively, the "Expert Witness, Consulting and Advisory Services"):

   (a)   preparing for and providing expert witness testimony before the Bankruptcy Court on real estate matters including depositions;

(b) consulting with the Debtors on the status of various real estate projects on which the Debtors have made loans;

(c) consulting with the Debtors on the real estate aspects of any defaulted loans; and

(d) advising the Debtors as to the real estate aspects of making further loans with respect to specific projects.

3. Term. Subject to the entry of an order of the Bankruptcy Court (the "Order"), this Agreement shall commence upon the execution hereof and shall continue unless either Hilco or the Companies give thirty (30) days prior written notice of termination to the other. Upon any termination, the provisions of paragraphs 4 and 5 (to the extent applicable) shall survive the termination of this Agreement to the extent such provisions relate to the payment of fees due on or before the effective date of termination and expenses incurred on or before the effective date of termination.

4. Compensation. As compensation for Hilco's services, Hilco shall be paid the following fees:

(a) Valuation Services. For the Valuation Services, Hilco shall be paid a fee of $300,000 (the "Base Valuation Fee"). Included within the Base Fee is a desk-top valuation review of all the real estate projects serving as collateral for the Debtors' loans and a full written valuation report on up to 40 projects. In the event that the Debtors require as part of the Valuation Services that Hilco perform full written report valuations on more than 40 projects, then in addition to the Base Valuation Fee, Hilco shall be paid an additional fee of $5,000 per project. The Base Valuation Fee shall be paid in three monthly increments of $100,000 on May 31, 2006, June 30, 2006 and July 31, 2006. Any additional fees shall be paid within 30 days of the delivery of the written reports.

(b) Expert Witness, Consulting and Advisory Services. For the Expert Witness, Consulting and Advisory Services, Hilco shall be paid on an hourly fee basis utilizing the following hourly rates for its employees:

   (i) Senior Professionals: $450 per hour

   (ii) Midlevel Professionals: $350-400 per hour

   (iii) Junior Level Professionals: $250-300 per hour

   (iv) Administrative Staff: $100 per hour.

The fees for the Expert Witness, Consulting and Advisory Services shall be invoiced on a monthly basis and paid in accordance with the interim and final professional fee payment procedures approved by the Bankruptcy Court in the Debtors' chapter 11 cases.

USA Capital
391322v4

2

5.  Costs. All Expenses (defined below) shall be borne by the Companies and Hilco shall be entitled to reimbursement from the Companies for all Expenses. Billing shall be monthly and invoices are due not later than thirty (30) days after the date of invoice. "Expenses" means all reasonable out-of-pocket expenses incurred by Hilco in connection with its performance of its services hereunder. Expenses shall include, without limitation: reasonable expenses of all advertising, marketing, coach travel and transportation, including, the cost of out-of-town travel, long distance telephone charges and postage and courier/overnight express fees, and other expenses incurred in connection with performing the services required by this Agreement.

6.  Successors and Assigns. Hilco shall be entitled to compensation for services rendered and this Agreement shall be binding upon the Companies or any successor or assignee including but not limited to, a Chapter 11 or 7 trustee, examiner or liquidator.

7.  Exclusivity. During the term of this Agreement, Hilco shall be the sole and exclusive valuation agent retained by the Companies. The Companies acknowledge that Hilco or its affiliated entities may be engaged to sell or market similar assets by other persons or entities, and that any such engagement shall not constitute or be deemed to be a violation of this Agreement.

8.  Indemnification.

   (a) The Companies shall indemnify and hold harmless the Hilco, its officers, employees, members, affiliates, successors and assigns, (collectively, the "Hilco Indemnitees") from any and all attorneys' fees, causes of action, claims, contentions, contracts, costs, covenants, damages, demands, expenses, injuries, liabilities losses and obligations (collectively, the "Claims"), actually incurred by the Hilco Indemnitees which may hereinafter be asserted or arise in connection with the Agreement; except those that may be subsequently determined by a court of competent jurisdiction to have been caused by Hilco's gross negligence or willful misconduct. Moreover, the Companies agree and covenants to defend the Hilco Indemnitees from any and all of the Claims and to pay all reasonable litigation costs and expenses associated therewith, including the actual attorneys' fees incurred by counsel selected by Hilco. The foregoing indemnification shall survive the expiration or termination of this Agreement.

   (b) The Hilco shall indemnify and hold harmless the Companies, their officers, employees, members, affiliates, successors and assigns, (collectively, the "Company Indemnitees") from any and all attorneys' fees, causes of action, claims, contentions, contracts, costs, covenants, damages, demands, expenses, injuries, liabilities losses and obligations (collectively, the "Claims"), actually incurred by the Companies Indemnitees which may hereinafter be asserted or arise in connection with Hilco's retention of brokers, agents or other representatives who thereafter

assert any claims against the Companies relating to the services to be provided by Hilco hereunder.

12. General Provisions.

(a) The Companies and Hilco shall deal with each other fairly and in good faith so as to allow both parties to perform their duties and earn the benefits of this Agreement.

(b) The effectiveness of this Agreement is subject to and contingent upon the entry of the Order under section 327 and 328 of the Bankruptcy Code, in form and substance acceptable to Hilco, authorizing the Debtors' entry into this Agreement, which Debtors agrees to use their reasonable efforts to obtain.

(c) The Companies recognize and acknowledge that except as to the Expert Witness, Consulting and Advisory Services, the services to be provided by Hilco pursuant to this Agreement are, in general, transactional in nature, and Hilco will not be billing the Companies by the hour or maintaining time records. As for the Expert Witness, Consulting and Advisory Services, Hilco shall maintain contemporaneous hourly time records. As to the Valuation Services, it is agreed that Hilco is not requested or required to maintain such time records and that its compensation will be fixed on the fees set forth herein in Section 4(a) and (c) above.

(d) Any correspondence or required notice shall be addressed as follows:

If to Hilco:    Hilco Real Estate, LLC
                5 Revere Drive
                Suite 320
                Northbrook, Illinois 60062
                Tel.   (847) 714-1288
                Fax   (847) 714-1289
                Attn: Mitchell P. Kahn

If to the Companies:  USA Capital
                      4484 South Pecos Road
                      Las Vegas, Nevada 89121
                      Tel. (702) 734-2400
                      Fax (702) 967-6897
                      Attn: Thomas Allison

(e) This Agreement shall be deemed drafted by both parties hereto, and there shall be no presumption against either party in the interpretation of this Agreement.

(f) Any and all issues, disputes, claims or causes of action which relate or pertain to, or result or arise from this Agreement or Hilco's services hereunder, shall be settled by the Bankruptcy Court.

(g) By executing or otherwise accepting this Agreement, the Companies and Hilco acknowledge and represent that they are represented by and have consulted with independent legal counsel with respect to the terms and conditions contained herein.

(h) This Agreement may be executed in original counterparts, and if executed and delivered via facsimile shall be deemed the equivalent of an original.

(i) This Agreement creates no third-party beneficiaries.

*    *    *

IN WITNESS WHEREOF, the Companies and Hilco have executed and delivered this Agreement as of the date first above written.

| USA COMMERCIAL MORTGAGE | HILCO REAL ESTATE, LLC, |
|---|---|
| By:_____ | By:_____<br>　　　Mitchell P. Kahn |
| Title:_____ | Title: President |
| Date:_____ | Date:_____ |