

Entered on Docket
June 27, 2006

_____
**Hon. Bruce A. Markell**
**United States Bankruptcy Judge**

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA (CA Bar No. 136934)
EVE H. KARASIK (CA Bar No. 155356),
CHRISTINE M. PAJAK (CA Bar No. 217173)
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
E-mail:       fmerola@stutman.com
              ekarasik@stutman.com
              cpajak@stutman.com
*Counsel for the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC*

LEWIS AND ROCA, LLP
ROB CHARLES, ESQ. (NV Bar No. 6593)
SUSAN M. FREEMAN, ESQ.
(AZ Bar No. 004199)
3993 Howard Hughes Parkway, 6th Floor
Las Vegas, Nevada 89109
Facsimile (702) 949-8321
Telephone (702) 949-8320
E-mail:       rcharles@lrlaw.com
              sfreeman@lrlaw.com
*Counsel for Official Committee of Unsecured Creditors of USA Commercial Mortgage Company*

GORDON & SILVER, LTD
GERALD M. GORDON, ESQ. (NV Bar No. 229)
GREGORY E. GARMAN, ESQ.
(NV Bar No. 6654)
3960 Howard Hughes Pkway, 9th Floor
Las Vegas, NV 89109
Telephone: (702) 796-5555
Facsimile: (702) 369-2666
E-mail:       gmg@gordonsilver.com
              geg@gordonsilver.com
*Counsel for Official Committee of Holders of Executory Contract Rights of USA Commercial Mortgage Company*

ORRICK, HERRINGTON & SUTCLIFFE LLP
MARC A. LEVINSON, ESQ. (CA Bar No. 57613)
LYNN TRINKA ERNCE, ESQ. (CA Bar No. 179212)
400 Capitol Mall, Suite 3000
Sacramento, California 95814
Telephone: (916) 447-9200
Facsimile: (916) 329-4900
E-mail:       malevinson@orrick.com
              lernce@orrick.com
*Counsel for Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC*

**ORDER GRANTING JOINT MOTION OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC, THE OFFICIAL COMMITTEE OF HOLDERS OF EXECUTORY CONTRACT RIGHTS THROUGH USA COMMERCIAL MORTGAGE COMPANY, THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, AND THE OFFICIAL UNSECURED CREDITORS' COMMITTEE FOR USA COMMERCIAL MORTGAGE COMPANY PURSUANT TO 11 U.S.C. §§ 105(a), 107(b), 1102(b)(3)(A) AND 1103(c), FOR NUNC PRO TUNC ORDER CLARIFYING REQUIREMENT TO PROVIDE ACCESS TO INFORMATION, AS MODIFIED (AFFECTS ALL DEBTORS)**

391698v5

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| Affects<br>☒ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☐ USA First Trust Deed Fund, LLC | |

**ORDER GRANTING JOINT MOTION OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC, THE OFFICIAL COMMITTEE OF HOLDERS OF EXECUTORY CONTRACT RIGHTS THROUGH USA COMMERCIAL MORTGAGE COMPANY, THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, AND THE OFFICIAL UNSECURED CREDITORS' COMMITTEE FOR USA COMMERCIAL MORTGAGE COMPANY PURSUANT TO 11 U.S.C. §§ 105(a), 107(b), 1102(b)(3)(A) AND 1103(c), FOR NUNC PRO TUNC ORDER CLARIFYING REQUIREMENT TO PROVIDE ACCESS TO INFORMATION, AS MODIFIED (AFFECTS ALL DEBTORS)**

The "Joint Motion Of Official Committee Of Equity Security Holders Of USA Capital First Trust Deed Fund, LLC, The Official Committee Of Holders Of Executory Contract Rights Through USA Commercial Mortgage Company, The Official Committee Of Equity Security Holders Of USA Capital Diversified Trust Deed Fund, LLC, And The Official Unsecured Creditors' Committee For USA Commercial Mortgage Company Pursuant To 11 U.S.C. §§ 105(a), 107(b), 1102(b)(3)(A) And 1103(C), For Nunc Pro Tunc Order Clarifying

Requirement To Provide Access To Information" (the "Joint Motion")[1] having come on for hearing in the above-captioned Court on June 15, 2006 and June 21, 2006; attorneys having appeared respectively on behalf of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "First Trust Deed Committee"), the Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company (the "Direct Lender Committee"), the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (the "Diversified Trust Deed Committee"), the Official Unsecured Creditors' Committee for USA Commercial Mortgage Company (the "Unsecured Creditors' Committee" and together with the First Trust Deed Committee, the Direct Lender Committee, and the Diversified Trust Deed Committee, the "Committees"), USA Commercial Mortgage Company ("USA Mortgage"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("USA Diversified"), and USA Capital First Trust Deed Fund, LLC ("USA First" and, collectively with USA Mortgage, USA Securities, USA Realty, and USA Diversified, the "Debtors"), and other appearances having been made on the record; the Court having considered the Joint Motion, the responses and oppositions thereto, and the Committees' joint reply to such responses and oppositions (the "Joint Reply"); appropriate notice and opportunity for a hearing on the Joint Motion having been given; the relief requested in the Joint Motion being in the best interests of the Debtors, their estates, and their creditors and equity security interest holders; this Court having jurisdiction to grant the relief requested pursuant to 28 U.S.C. §§ 157 and 1334; venue before this Court being proper pursuant to 28 U.S.C. §§ 1408 and 1409(a); this matter constituting a core proceeding pursuant to 28 U.S.C. §157(b); and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1. The Joint Motion, as modified by the Joint Reply and as set forth at the June 21 hearing on the Joint Motion, is granted.

---

[1] Terms not otherwise defined herein shall have the same meanings ascribed to them in the Joint Motion.

2.      All responses and oppositions to the Joint Motion that have not been withdrawn, waived, or settled, including all reservations of rights included therein, which are not otherwise resolved in this Order, are overruled on the merits.

3.      For purposes of this Order and the procedures set forth herein, "Debtor Confidential Information" shall mean information provided by or on behalf of the Debtors that constitutes proprietary information or trade secrets or contains non-public information concerning the Debtors' business operation, projections, analyses, compilations, studies prepared by the Debtors or their advisors, but would also specifically include: (a) real property appraisals prepared by Hilco Real Estate LLC ("Hilco") and summaries of such appraisals;[2] (b) information or documentation related to the Debtors' negotiations with borrowers regarding loans serviced by the Debtors; c) information or documentation related to the Debtors' negotiations with the Committees regarding any plans of reorganization or other sensitive case issues; (d) information or documentation related to evaluating and litigating potential causes of action on behalf of one or more of the Debtors' estates; (e) any notes, summaries, compilations, memoranda, or similar written materials disclosing or discussing Confidential Information and (f) any written or oral Confidential Information that is discussed or presented orally.

4.      For purposes of this Order and the procedures set forth herein, "Committee Confidential Information" shall mean (a) actions, deliberations, and discussions of any of the Committees, (b) information or analyses prepared by any of the Committees or their respective retained professionals, and (c) minutes of any of the Committees' meetings. For purposes of this Order and the procedures set forth herein, "Confidential Information" shall mean Committee Confidential Information jointly with Debtor Confidential Information.

5.      Notwithstanding the foregoing, Confidential Information shall not include any information or portions of information that: (i) is or becomes generally available to the public or is or becomes available to any of the Committees on an non-confidential basis, in each

---

[2] With respect to appraisals prepared by Hilco, such appraisals and summaries may be shared with Direct Lenders and investors in USA First and USA Diversified, so long as the Direct Lender or investor with whom the appraisal summary is being shared enters into a confidentiality agreement with the Debtors.

391698v5                                              4

case to the extent that such information became so available other than by a violation of a contractual, legal, or fiduciary obligation to the Debtors or any of the Committees; (ii) was in the possession of the recipient Committee(s) prior to its disclosure by the Debtors or the disclosing Committee(s), and is not subject to any other duty or obligation to maintain confidentiality; or (iii) information that lawfully becomes available to the Committees or their respective retained professionals both on a nonconfidential basis and through a means other than a breach of either a Committee confidentiality agreement or any other confidentiality agreement.

6. For purposes of this Order and the procedures set forth herein, Privileged Information shall mean information subject to the attorney-client, the work-product privilege, or some other state, federal, or other jurisdictional law privilege, whether such privilege is solely controlled by the committee or is a joint privilege with the debtor or some other party.

7. Section 1102(b)(3)(A) of the Bankruptcy Code does not require the Committees to provide access to Confidential Information to their respective constituencies.

8. The Committees are not required to provide access to Privileged Information to their respective constituencies.

9. The Committees, their individual members, and their respective representatives, advisors, and counsel are determined to be in compliance with sections 1102(b)(3)(A) and (B) of the Bankruptcy Code by establishing and maintaining the following information protocol (the "Information Protocol"):

   a. Access to Information: In satisfaction of the Committees' obligations to provide access to information to and to solicit and receive comments from persons that hold claims or interests of a type the Committees respectively represent in accordance with 11 U.S.C. § 1102(b)(3)(A) and (B), each of the Committees shall, until the earliest to occur of dissolution of that Committee, dismissal of the Chapter 11 Cases, or conversion of the Chapter 11 Cases, establish and maintain an Internet-accessed website[3] (collectively, the "Committee Websites") that either

---

[3] In the alternative, one or more of the Committees may create a single website containing information common to all creditors, equity security holders, and Direct Lenders, and, in

391698v5                                    5

directly or by link provides, without limitation:

(1) a link to the Debtors' website, at which general information concerning the Chapter 11 Cases, including case dockets, access to docket filings, the claims docket as and when established, answers to frequently asked questions, and general information concerning significant parties in the cases, is available;

(2) contact information for the Debtors (and any hotlines they may establish), the Debtors' counsel and counsel for each of the Committees;

(3) a general overview of the chapter 11 reorganization process;

(4) no less frequently than monthly, written reports by the Committee summarizing recent proceedings, significant events, and public financial information;

(5) a calendar of upcoming significant events in the Chapter 11 Cases;

(6) copies of monthly operating reports filed by the Debtors;

(7) when appropriate, a copy of any plan or reorganization and disclosure statement, and any voting deadline(s);

(8) press releases (if any) issued by each of the Committees and/or the Debtors;

(9) establish and maintain an electronic mail address through which individuals of the Committee's respective constituency may submit questions, comments, and requests for more information and, in addition, create a non-public form that individuals of the Committee's respective constituency may access to submit questions, comments, and request for more information that will be sent to such electronic mail address;

(10) responses to questions, comments and requests for access to information from the Committee's respective constituency; provided that the Committee may privately

addition, each Committee will maintain its own website which will provide such Committee's constituency with access to information particular to that Committee.

391698v5

6

provide such responses in the exercise of its reasonable discretion, including in the light of the nature of the information request and agreements to appropriate confidentiality and trading constraints;

(11) answers to frequently asked questions;

(12) links to other relevant websites, including but not limited to other Committee Websites (to the extent that such websites are available publicly), the Bankruptcy Court's website, and the U.S. Trustee's website; and

(13) any other non-Confidential and non-Privileged Information, as defined herein, that the Committee or its counsel, at their sole discretion, deem appropriate to the restrictions and limitations set forth herein.

Notwithstanding any construction of section 1102(b) of the Bankruptcy Code and in light of the following Information Protocol, the individual members of each of the Committees shall not be required to, but may in their discretion, respond to any telephone calls, facsimiles, email communications, correspondence, or other communications from the Committees' respective constituencies.

b.  <u>Privileged and Confidential Information</u>: A Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be defined in section 101(15) of the Bankruptcy Code, "Entity") without further order of the Court: (i) Confidential Information or Privileged Information; or (ii) any other information if the effect of such disclosure would constitute a waiver of the attorney-client, work-product, or other applicable privilege possessed by such Committee.

c.  <u>Information Requests</u>: If a member of a Committee's constituency (the "Requesting Constituent") submits a written request (including on the non-public forms or by electronic mail) (the "Information Request") to the appropriate Committee to disclose information, such Committee shall, as soon as practicable and using its best efforts to respond no more than twenty (20) days after receipt of the Information Request, provide a response to the Information Request (the

391698v5

7

"Response"), including providing access to the information requested or the reasons why the Committee cannot provide such requested information. If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed pursuant to the terms of a Court order or otherwise under 11 U.S.C. § 1102(b)(3)(A), or that the Information Request is unduly burdensome, the Requesting Constituent may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served and hearing on such motion shall be noticed pursuant to the Case Management Order.

In its Response to an Information Request for access to Confidential Information or Privileged Information, an Committee shall consider whether (a) the Requesting Constituent is willing to agree to reasonable confidentiality and trading restrictions with respect to such Confidential Information or Privileged Information and represents that such trading restrictions and any information-screening process complies with securities laws (if applicable); and (b) under the particular facts, such agreement and any information-screening process that it implements will reasonably protect the confidentiality of such information; provided, however, that if the Committee elects to provide access to the Confidential Information or Privileged Information on the basis of such confidentiality and trading restrictions, the Committee shall have no responsibility for the Requesting Constituent's compliance with, or liability for violation of, applicable securities or other laws. Except as provided in paragraph 9(d), Confidential Information and/or Privileged Information that is protected under this order or a protective order may only be provided to a constituent of a Committee if such constituent agrees to enter into a confidentiality agreement relating to that information and further agrees to take any other necessary action

to protect the confidentiality of the information the constituent receives. Any disputes with respect to this paragraph shall be resolved as provided in the preceding paragraph.

d.  **Limitation on Access to Information**: Nothing set forth herein requires a Committee to provide access to information or solicit comments from any person or entity that has not demonstrated to the satisfaction of such Committee, in its sole discretion, or the Bankruptcy Court, that it holds an equity security interest, claim, and/or is a Direct Lender in connection with the appropriate Debtor.

Likewise, nothing herein shall prejudice the rights of the Committees, in their sole discretion, to: (i) provide access to information to their constituency, or (ii) solicit and receive comments from their respective constituents, unless the information to be provided is Debtor Confidential Information or was obtained pursuant to a privilege agreement with the Debtors.

e.  **Exculpation**: None of the Debtors, the Committees or any of their respective directors, officers, employees, members, attorneys, consultants, advisors, and agents (acting in such capacity) (collectively, the "Exculpated Parties") shall have or incur any liability to any entity (including the Debtors) for any act taken or omitted to be taken connection with the preparation, dissemination, or implementation of the Information Protocol, the Committee Websites, and other information to be provided pursuant to section 1102(b)(3) of the Bankruptcy Code; provided, however, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph 9(e) that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidentiality agreement or Order. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated

391698v5                                    9

1  Party's qualified immunity under applicable law.

2  f. <u>Retroactivity.</u> Any conduct taken by any of the Committees since their inception that is consistent with the relief sought herein shall be ratified by the entry of the requested order.

SUBMITTED BY:

STUTMAN, TREISTER & GLATT, P.C.

_/s/ Frank A. Merola_
FRANK A. MEROLA, ESQ.
EVE H. KARASIK, ESQ.
CHRISTINE M. PAJAK, ESQ.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

*Counsel for the official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC*

SUBMITTED BY:

LEWIS AND ROCA, LLP

ROB CHARLES, ESQ.
SUSAN M. FREEMAN, ESQ.
3993 Howard Hughes Parkway, 6th Floor
Las Vegas, Nevada 89109

*Counsel for official Committee of Unsecured Creditors of USA Commercial Mortgage Company*

SUBMITTED BY:

GORDON & SILVER, LTD

GERALD M. GORDON, ESQ.
GREGORY E. GARMAN, ESQ.
3960 Howard Hughes Pkwy, 9th Floor
Las Vegas, NV 89109

*Counsel for official Committee of Holders of Executory Contract Rights of USA Commercial Mortgage Company*

SUBMITTED BY:

ORRICK, HERRINGTON & SUTCLIFFE LLP

MARC A. LEVINSON, ESQ.
LYNN TRINKA ERNCE, ESQ.
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4407

*Counsel for official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC*

391698v5

10

Party's qualified immunity under applicable law.

f. <u>Retroactivity.</u> Any conduct taken by any of the Committees since their inception that is consistent with the relief sought herein shall be ratified by the entry of the requested order.

| SUBMITTED BY: | SUBMITTED BY: |
|---|---|
| STUTMAN, TREISTER & GLATT, P.C. | GORDON & SILVER, LTD |
| FRANK A. MEROLA, ESQ.<br>EVE H. KARASIK, ESQ.<br>CHRISTINE M. PAJAK, ESQ.<br>1901 Avenue of the Stars, 12th Floor<br>Los Angeles, CA 90067 | GERALD M. GORDON, ESQ.<br>GREGORY E. GARMAN, ESQ.<br>3960 Howard Hughes Pkwy, 9th Floor<br>Las Vegas, NV 89109 |
| *Counsel for the official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC* | *Counsel for official Committee of Holders of Executory Contract Rights of USA Commercial Mortgage Company* |
| SUBMITTED BY: | SUBMITTED BY: |
| LEWIS AND ROCA, LLP | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| ROB CHARLES, ESQ.<br>SUSAN M. FREEMAN, ESQ.<br>3993 Howard Hughes Parkway, 6th Floor<br>Las Vegas, Nevada 89109 | MARC A. LEVINSON, ESQ.<br>LYNN TRINKA ERNCE, ESQ.<br>400 Capitol Mall, Suite 3000<br>Sacramento, California 95814-4407 |
| *Counsel for official Committee of Unsecured Creditors of USA Commercial Mortgage Company* | *Counsel for official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC* |

391698v5

10

Party's qualified immunity under applicable law.

f. <u>Retroactivity.</u> Any conduct taken by any of the Committees since their inception that is consistent with the relief sought herein shall be ratified by the entry of the requested order.

SUBMITTED BY:

STUTMAN, TREISTER & GLATT, P.C.

FRANK A. MEROLA, ESQ.
EVE H. KARASIK, ESQ.
CHRISTINE M. PAJAK, ESQ.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

*Counsel for the official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC*

SUBMITTED BY:

LEWIS AND ROCA, LLP

ROB CHARLES, ESQ.
SUSAN M. FREEMAN, ESQ.
3993 Howard Hughes Parkway, 6th Floor
Las Vegas, Nevada 89109

*Counsel for official Committee of Unsecured Creditors of USA Commercial Mortgage Company*

SUBMITTED BY:

GORDON & SILVER, LTD

GERALD M. GORDON, ESQ.
GREGORY E. GARMAN, ESQ.
3960 Howard Hughes Pkwy, 9th Floor
Las Vegas, NV 89109

*Counsel for official Committee of Holders of Executory Contract Rights of USA Commercial Mortgage Company*

SUBMITTED BY:

ORRICK, HERRINGTON & SUTCLIFFE LLP

MARC A. LEVINSON, ESQ.
LYNN TRINKA ERNCE, ESQ.
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4407

*Counsel for official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC*

391698v5

10

Party's qualified immunity under applicable law.

f. <u>Retroactivity</u>. Any conduct taken by any of the Committees since their inception that is consistent with the relief sought herein shall be ratified by the entry of the requested order.

| SUBMITTED BY: | SUBMITTED BY: |
|---|---|
| STUTMAN, TREISTER & GLATT, P.C. | GORDON & SILVER, LTD |
| FRANK A. MEROLA, ESQ.<br>EVE H. KARASIK, ESQ.<br>CHRISTINE M. PAJAK, ESQ.<br>1901 Avenue of the Stars, 12th Floor<br>Los Angeles, CA 90067 | GERALD M. GORDON, ESQ.<br>GREGORY E. GARMAN, ESQ.<br>3960 Howard Hughes Pkwy, 9th Floor<br>Las Vegas, NV 89109 |
| *Counsel for the official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC* | *Counsel for official Committee of Holders of Executory Contract Rights of USA Commercial Mortgage Company* |

| SUBMITTED BY: | SUBMITTED BY: |
|---|---|
| LEWIS AND ROCA, LLP | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| ROB CHARLES, ESQ.<br>SUSAN M. FREEMAN, ESQ.<br>3993 Howard Hughes Parkway, 6th Floor<br>Las Vegas, Nevada 89109 | MARC A. LEVINSON, ESQ.<br>LYNN TRINKA ERNCE, ESQ.<br>400 Capitol Mall, Suite 3000<br>Sacramento, California 95814-4407 |
| *Counsel for official Committee of Unsecured Creditors of USA Commercial Mortgage Company* | *Counsel for official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC* |

391698v5                                        10

| | |
|---|---|
| 1  APPROVED/DISAPPROVED BY: | APPROVED/DISAPPROVED BY: |
| 2  LAW OFFICES OF RICHARD MCKNIGHT, P.C. | SCHWARTZER & MCPHERSON LAW FIRM |
| 3 | |
| 4  *[signature]* | |
|    RICHARD MCKNIGHT, ESQ. | LENARD SCHWARTZER, ESQ. |
| 5  THOMAS J. GILLOON, ESQ. | JEANETTE E. MCPHERSON, ESQ. |
|    330 S. Third St., #900 | 2850 South Jones Boulevard, Suite 1, |
| 6  Las Vegas, NV 89101 | Las Vegas, NV 89146 |
| 7  *Counsel for McKnight 2000 Family Trust* | *Counsel for the Debtors* |
| 8 | |
| 9  APPROVED/DISAPPROVED BY: | |
| 10  OFFICE OF THE U.S. TRUSTEE | |
| 11 | |
| 12  _____ | |
|     AUGUST B. LANDIS | |
| 13  office of the United States Trustee | |
|     300 Las Vegas Boulevard, Suite 4300 | |
| 14  Las Vegas, NV 89101 | |
| 15  *Assistant United States Trustee* | |

391698v5                    11

| | |
|---|---|
| APPROVED/DISAPPROVED BY: | APPROVED/DISAPPROVED BY: |
| LAW OFFICES OF RICHARD MCKNIGHT, P.C. | SCHWARTZER & MCPHERSON LAW FIRM |
| RICHARD MCKNIGHT, ESQ.<br>THOMAS J. GILLOON, ESQ.<br>330 S. Third St., #900<br>Las Vegas, NV 89101 | LENARD SCHWARTZER, ESQ.<br>JEANETTE E. MCPHERSON, ESQ.<br>2850 South Jones Boulevard, Suite 1,<br>Las Vegas, NV 89146 |
| Counsel for McKnight 2000 Family Trust | Counsel for the Debtors |

APPROVED/DISAPPROVED BY:

OFFICE OF THE U.S. TRUSTEE

AUGUST B. LANDIS
office of the United States Trustee
300 Las Vegas Boulevard, Suite 4300
Las Vegas, NV 89101

Assistant United States Trustee

391698v5

11

| | |
|---|---|
| APPROVED/DISAPPROVED BY: | APPROVED/DISAPPROVED BY: |
| LAW OFFICES OF RICHARD MCKNIGHT, P.C. | SCHWARTZER & McPHERSON LAW FIRM |

_____       _/s/ Lenard Schwartzer_____
RICHARD MCKNIGHT, ESQ.                    LENARD SCHWARTZER, ESQ.
THOMAS J. GILLOON, ESQ.                    JEANETTE E. MCPHERSON, ESQ.
330 S. Third St., #900                              2850 South Jones Boulevard, Suite 1,
Las Vegas, NV 89101                              Las Vegas, NV 89146

*Counsel for McKnight 2000 Family Trust*        *Counsel for the Debtors*

APPROVED/DISAPPROVED BY:

OFFICE OF THE U.S. TRUSTEE

_____
AUGUST B. LANDIS
office of the United States Trustee
300 Las Vegas Boulevard, Suite 4300
Las Vegas, NV 89101

*Assistant United States Trustee*

RULE 9021 DECLARATION

In accordance with Local Rule 9021, the undersigned certifies:

☐ The Court waived the requirements of LR 9021.

☒ I have delivered a copy of proposed order to all attorneys and unrepresented parties who appeared at the hearing regarding this matter and/or who filed a written objection and each has:

    ☒ approved the form of this order;

    ☐ waived the right to review this order; and/or

    ☐ failed to file and serve papers in accordance with LR 9021(c).

☐ I have delivered a copy of this proposed order to all attorneys and unrepresented parties who appeared at the hearing regarding this matter and/or who filed a written objection and all have either approved the form of this order, waived the right to review the order, failed to file and serve papers in accordance with LR 9021(c) and the following have disapproved the order:

☐ No opposition was filed to the motion and no other party or counsel appeared at the hearing.

DATED this 23rd day of June, 2006.

STUTMAN, TREISTER, & GLATT P.C.

ANDREW M. PARLEN
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067

###