Robert C. LePome, Esq.  E-filed on June 29, 2006
330 S. Third St. #1100B
Las Vegas, NV 89101
(702) 385-5509
Nevada Bar #1980
Attorney for Alexander et, al.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: ) | BK-S-06-10725-LBR | |
| ) | Chapter 11 | |
| USA COMMERCIAL MORTGAGE COMPANY ) | | |
| Debtor ) | | |
| In re: ) | BK-S-06-10726-LBR | |
| ) | Chapter 11 | |
| USA CAPITAL REALTY ADVISORS, LLC, ) | | |
| Debtor ) | | |
| In re: ) | BK-S-06-10727-LBR | |
| ) | Chapter 11 | |
| USA CAPITAL DIVERSIFIED TRUST DEED ) | | |
| FUND, LLC, ) | | |
| Debtor ) | | |
| In re: ) | BK-S-06-10728-LBR | |
| ) | Chapter 11 | |
| USA CAPITAL FIRST TRUST DEED FUND, ) | | |
| LLC, ) | | |
| Debtor ) | | |
| In re: ) | BK-S-06-10729-LBR | |
| ) | Chapter 11 | |
| USA SECURITIES, LLC, ) | | |
| Debtor ) | | |
| Affects: ) | | |
| ■ All Debtors ) | | |
| ☐ USA Commercial Mortgage Co. ) | | |
| ☐ USA Securities, LLC ) | | |
| ☐ USA Capital Realty Advisors, LLC ) | DATE: | July 25, 2006 |
| ☐ USA Capital Diversified Trust Deed ) | TIME: | 9:30 AM |
| ☐ USA First Trust Deed Fund, LLC ) | | |
| ) | | |

1

## SUPPLEMENTAL BRIEF AND
## REQUEST FOR RULING ON ISSUE OF LAW

### CASE HISTORY

COMES NOW Stanley Alexander and others who are detailed in the Rule 2019 Disclosure filed by Robert C. LePome as Document #650 and move this Court for a decision on an issue of law that was extensively briefed to the Court on May 18, 2006 in Document #281. This brief is supplemental thereto.

Issue:

Does Debtor have a claim against good faith note-holders who were paid interest required under their notes when Debtor made payments to the holders without collection of the interest payments from the borrowers under the notes?

This issue was extensively briefed in Document #281 filed on May 18, 2006 and argued on June 5, 2006 and extensively re-argued on June 15, 2006. The issue is ripe for decision. The case law supports the view that the holders of notes who received payment from their servicer in the ordinary course of business may not be sued for the funds received. The servicer's remedy is against the borrower. There are no known cases to the contrary. Yet Debtor continues to file unsupported rhetoric. On June 20th in Document 750 at page 6 & 7 paragraph c, Mr. Allison states: "Currently the Mesinow team and its attorneys are diligently working to thoroughly investigate and evaluate the Debtors' files and records to determine, among other things, what portion of the funds held by USACM represent unpaid servicing and origination fees,  which investors have been overpaid as a result of USACM's pre-

2

<u>petition practice of making regular monthly interest payments regardless of the status of the underlying loan</u> (emphasis added), and which investors have been underpaid, including investors to whom principal repayments were not remitted when collateral was released pre-petition, and to propose the distribution of monies held in the Collection Account or to be collected in the future to investors in an appropriate manner under the law." See Fifth Supplemental Declaration of Thomas J. Allison in Support of Debtors' Motions at page 6 paragraph c lines 25-26 through page 7 line 8.

Such rhetoric is misleading because the actual practice of the Mesirow team is not to seek "reimbursement" from those who received regular intent payments on non-performing loans. Instead it reimbursed itself from the proceeds of each post-petition borrower's payoff proceeds for each advance to the lender plus late fees paid to the Debtor. In other words <u>the Debtor has indeed followed the law which creates an account receivable against the borrowers in the amount of each payment of interest to the lenders.</u> This account receivable is larger than the amounts paid. The practice of advancing the payment and "pocketing the late fees" has been followed by numerous servers for several decades. Indeed, it is so common that it is almost "standard procedure" among hard money servicers who do their own collecting. This "standard" procedure creates a source of income to the Debtor which is substantial. The Debtor, however, does not suggest in his rhetoric that the procedure which it has followed both pre-petition and post-petition is its <u>sole remedy</u> under the law. This Court must give the Debtor the guidance that it needs to make an appropiate

distribution under the law.

The issue is ripe for decision so that this Court will no longer have to listen to the legally unsupported assertions that there is somehow an issue of "which of your lenders will be sued by the other lenders whom you represent.". Such a result is not possible under existing law. The Court should so rule. Otherwise Debtor will be left to flounder in the quagmire of its own creation and be unable to "propose the distribution of moneys held in the Collection Account or to be collected in the future to investors in an appropriate manner under the law" as Debtor frequently states.

## The Law

Once again the moving parties re-state the law which provides that the lender who receives a payment on his note from a third party is not liable to such third party where the lender receives payment in the ordinary course of business. See Greenwald V. Chase Manhattan Mortgage Corporation, 241 F.3rd 76 (1st Cir. 2001). This is the law in each circuit which has examined this issue.

## The Argument

The reason why there is no restitution is because there was no conversion. The lenders were entitled to their payment. The Third party (Debtor) has their remedy against the borrower. This is the remedy which the Debtor has in fact pursued. The Court needs to rule concerning the issue presented which is now ripe for decision. The Debtor needs to know that the sole reason why it is "diligently working on the accounts" is to determine how much of each pay-off constitutes reimbursement of

advances and late fees which now belong to the estate. The Debtor can then "disburse according to the law".

The result required by the law is a convenient one. The Debtor does not have to concern itself with bringing an action for recoupment created by Debtor's own misconduct. Since there is no claim for recoupment the equitable defenses of unclean hands and misconduct in violation of statute also become moot.

## Conclusion

The Court should rule on the issue of law presented. The Court should rule that the Debtor has no claim against note-holders who were paid interest required under their notes and that the Debtor's sole remedy is against the borrowers and/or guarantors.

Respectfully Submitted,

/s/ Robert C. LePome, Esq.
Robert C. LePome, Esq.
330 S. Third St. #1100B
Las Vegas, NV 89101
Nevada Bar #1980
(702) 385-5509

## CERTIFICATE OF SERVICE

I, Susan Stanton, hereby certify that a true and correct copy of the aforegoing was forwarded to:

FRANKLIN C. ADAMS franklin.adams@bbklaw.com, arthur.johnston@bbklaw.com

BMC GROUP, INC. evrato@bmcgroup.com, ecf@bmcgroup.com;jmiller@bmcgroup.com;jbartlett@bmcgroup.com

KELLY J. BRINKMAN kbrinkman@gooldpatterson.com,

THOMAS R BROOKSBANK brooksbankt1@sbcglobal.net, kaya1@sbcglobal.net

MATTHEW Q. CALLISTER mqc@callister-reynolds.com, maggie@callister-reynolds.com

CANDACE C CARLYON ltreadway@sheacarlyon.com, ccarlyon@sheacarlyon.com;bankruptcyfilings@sheacarlyon.com;rsmith@sheacarlyon.com

ROB CHARLES rcharles@lrlaw.com, cjordan@lrlaw.com

KEVIN B. CHRISTENSEN ! kbchrislaw@aol.com,

JANET L. CHUBB tbw@jonesvargas.com

JEFFREY A. COGAN jeffrey@jeffreycogan.com, sarah@jeffreycogan.com

WILLIAM D COPE cope_guerra@yahoo.com, cope_guerra@yahoo.com

CICI CUNNINGHAM bankruptcy@rocgd.com

LAUREL E. DAVIS bklsclv@lionelsawyer.com, ldavis@lionelsawyer.com;gbagley@lionelsawyer.com;ldavisesq@aol.com

THOMAS H. FELL BANKRUPTCYNOTICES@GORDONSILVER.COM

SCOTT D. FLEMING sfleming@halelane.com, dbergsing@halelane.com,ecfvegas@halelane.com

GREGORY E GARMAN ! bankruptcynotices@gord onsilver.com

GERALD M GORDON bankruptcynotices@gordonsilver.com

TALITHA B. GRAY bankruptcynotices@gordonsilver.com

MARJORIE A. GUYMON bankruptcy@goldguylaw.com, ddias@goldguylaw.com

EDWARD J. HANIGAN haniganlaw@earthlink.net, haniganlaw1@earthlink.net

XANNA R. HARDMAN xanna.hardman@gmail.com,

STEPHEN R HARRIS noticesbh&p@renolaw.biz

CHRISTOPHER D JAIME cjaime@waltherkey.com, kbernhar@waltherkey.com

EVAN L. JAMES ejameslv@earthlink.net, kbchrislaw@aol.com

ROBERT R. KINAS rkinas@swlaw.com, mstrand@swlaw.com;jlustig@swlaw.com;lholding@swlaw.com;imccord@swlaw.com

NILE LEATHAM nleatham@klnevada.com, ckishi@klnevada.com;bankruptcy@klnevada.com

ROBERT C. LEPOME robert@robertlepome.com, susan@robertlepome.com

REGINA M. MCCONNELL rmcconnell@kssattorneys.com,

WILLIAM L. MCGIMSEY lawoffices601@lvcoxmail.com,

RICHARD MCKNIGHT mcknightlaw@cox.net, gkopang@lawlasvegas.com;cburke@lawlasvegas.com,sforemaster@lawlasvegas.com

JEANETTE E. MCPHERSON ! bkfilings@s-mlaw.com

SHAWN W MILLER bankruptcyfilings@sheacarlyon.com, smiller@sheacarlyon.com;aboehmer@sheacarlyon.com;ltreadway@sheacarlyon.com;rsmith@sheacarlyon.com

DAVID MINCIN mcknightlaw@cox.net, gkopang@lawlasvegas.com;dmincin@lawlasvegas.com,cburke@lawlasvegas.com,sforemaster@lawlasvegas.com

JOHN F MURTHA jmurtha@woodburnandwedge.com

DONNA M. OSBORN jinouye@marquisaurbach.com, dosborn@marquisaurbach.com;tszostek@marquisaurbach.com;jcrowe@MarquisAurbach.com;kgallegos@MarquisAurbach.com

DONALD T. POLEDNAK sandplegal@yahoo.com, spbankruptcy@yahoo.com

PAUL C RAY info@johnpeterlee.com

SUSAN WILLIAMS SCANN ! sscann@deanerlaw.com, palexander@deanerlaw.com

LENARD E. SCHWARTZER bkfilings@s-mlaw.com

SHLOMO S. SHERMAN ssherman@sheacarlyon.com, aboehmer@sheacarlyon.com;bankruptcyfilings@sheacarlyon.com;ltreadway@sheacarlyon.com;

mmallet@sheacarlyon.com;rsmith@sheacarlyon.com

JEFFREY G. SLOANE gjklepel@yahoo.com, rmcconnell@kssattorneys.com

PETER SUSI cheryl@msmlaw.com, msm@msmlaw.com

CARYN S. TIJSSELING cst@beesleyandpeck.com, aha@beesleyandpeck.com

U.S. TRUSTEE - LV - 11 USTPRegion17.lv.ecf@usdoj.gov,

JOAN C WRIGHT jwright@allisonmackenzie.com, j! brooks@allisonmackenzie.com

MATTHEW C. ZIRZOW bankruptcynotices@gordonsilver.com

by electronic service on the 29th day of June, 2006 and to the following by regular mail on the 29th day of June, 2006

JOSHUA D BRYSK
LAW OFFICES OF JAMES G SCHWARTZ
7901 STONERIDGE DRIVE, SUITE 401
PLEASANTON, CA 94588

ANNETTE W JARVIS
POB 45385
36 SOUTH STATE STREET, #1400
SALT LAKE CITY, UT 84145-0385

RICHARD J. MASON
130 PINETREE LANE
RIVERWOODS, IL 60015

DOUGLAS M MONSON
RAY QUINNEY & NEBEKER P.C.
36 SOUTH STATE STREET
SUITE 1400
PO BOX 45385
SALT LAKE CITY, UT 84145-0385

ERVEN T NELSON
6060 W. ELTON AVENUE, SUITE A
LAS VEGAS, NV 89107

8

RAY QUINNEY & NEBEKER P.C.
36 SOUTH STATE STREET, SUITE 1400
P.O. BOX 45385
SALT LAKE CITY, UT 84145

NICHOLAS J SANTORO !
GREGORY J. WALCH

400 S FOURTH ST 3RD FLOOR
LAS VEGAS, NV 89101

MICHAEL M. SCHMAHL
MCGUIREWOODS LLP
77 W. WACKER DRIVE, SUITE 4100
CHICAGO, IL 60601

JAMES G SCHWARTZ
7901 STONERIDGE DR #401
PLEASANTON, CA 94588

SCHWARTZER & MCPHERSON LAW FIRM
2850 S. JONES BLVD., #1
LAS VEGAS, NV 89146

PATRICIA K. SMOOTS
318 N GROVE
OAK PARK, IL 60302

BRADLEY J STEVENS
3300 N CENTRAL AVE #1800
PHOENIX, AZ 85012

THOMAS W STILLEY
1000 SW BROADWAY #1400
PORTLAND, OR 97205

STEVEN C STRONG !
RAY QUINNEY & NEBEKER P.C.
36 SOUTH STATE STREET
SUI TE 1400
SALT LAKE CITY, UT 84145-0385

9

WILLIAM E WINFIELD
POB 9100
OXNARD, CA 93031

MARION E. WYNNE
WILKINS, BANKESTER, BILES & WYNNE, P.A.
POST OFFICE BOX 1367
FAIRHOPE, AL 36533-1367

                        /s/ Susan Stanton
                        Employee of Robert C. LePome, Esq.