220. The activities of the enterprise affect interstate commerce in that the transactions at issue in this action involved use of the instrumentalities of interstate commerce, including the mails and wires, and USA, Housing Partners, Amblamo, American Communities and PCI are involved in interstate commerce.

221. These Defendants participated in the conduct of the enterprise through a pattern of racketeering, they have violated Section 1962(c), and such conduct has become these Defendants' regular way to conduct their business.

222. By reason of these Defendants' participation in the conduct of the enterprise through a pattern of racketeering, all Plaintiffs have been directly and proximately injured thereby.

223. The conduct of these Defendants was willful, malicious, and fraudulent. As a result of such conduct, Plaintiffs are entitled to punitive damages in an amount to be determined at trial.

224. Pursuant to 19 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages and recovery of their attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**

**(Federal RICO - 18 U.S.C. § 1962(d))**

**PLAINTIFFS**: All

**DEFENDANTS**: USA; Housing Partners; Amblamo;

Hantges; Milanowski; Kropp; Reale; Tomljenovich

225. Plaintiffs reallege the allegations of Paragraphs 1 through 224 as if set forth fully herein.

226. Defendants USA, Housing Partners, Amblamo, Hantges, Milanowski, Kropp, Reale and Tomljenovich conspired and agreed to perform the above-mentioned acts and to violate 18 U.S.C. §§ 1962(c).

227. Due to the actions of these Defendants, in violation of 18 U.S.C. § 1962(d), all Plaintiffs have been damaged in an amount to be determined at trial.

228. The conduct of these Defendants was willful, malicious, and fraudulent. As a result of such conduct, Plaintiffs are entitled to punitive damages in an amount to be determined at trial.

Hale Lane Peck Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

229. Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages and recovery of their attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**

**(State RICO - NRS 207.400(1)(c))**

**PLAINTIFFS:** All

**DEFENDANTS:** Hantges; Milanowski; Kropp; Reale; Tomljenovich

230. Plaintiffs reallege the allegations of Paragraphs 1 through 229 as if set forth fully herein.

231. Hantges is associated with an association in fact enterprise consisting of Hantges, Milanowski, Kropp, Reale and Tomljenovich; Hantges is also employed by or associated with USA, Housing Partners and Amblamo in that Hantges is the chief executive officer of USA, which was formerly the sole member of Amblamo, and is a member of Housing Partners.

232. Milanowski is associated with an association in fact enterprise consisting of Hantges, Milanowski, Kropp, Reale and Tomljenovich; Milanowski is also associated with USA, Housing Partners and Amblamo in that Milanowski is the president and treasurer of USA, which was formerly the sole member of Amblamo, and is a member of Housing Partners.

233. Kropp is associated with an association in fact consisting of Hantges, Milanowski, Kropp, Reale and Tomljenovich; Kropp is also associated with USA, Housing Partners and Amblamo in that Kropp is a vice-president for USA, which was formerly the sole member of Amblamo, and is employed by Hantges and Milanowski, who are members of Housing Partners.

234. Reale is associated with an association in fact consisting of Hantges, Milanowski, Kropp, Reale, and Tomljenovich; Reale is also associated with USA, Amblamo, and Housing Partners in that Reale is a major lender to USA, which was formerly the sole member of Amblamo, and is closely associated with Hantges and Milanowski, who are members of Housing Partners.

235. Tomljenovich is associated with an association in fact consisting of Hantges, Milanowski, Kropp, Reale, and Tomljenovich; Tomljenovich is also associated with USA, Amblamo and Housing Partners in that he is either an employee and/or agent of USA, which was formerly the

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

sole member of Amblamo, and is closely associated with Hantges and Milanowski, who are members of Housing Partners.

236. These Defendants took property under circumstances not amounting to robbery from the Porters by taking proceeds from the American Communities Working Capital Loan for the purchase of Inco stock and never delivering said stock to the Porters in violation of NRS 207.360(9).

237. These Defendants engaged in the collection of extensions of credit by extortionate means by sending an individual to the Porters' residence who threatened violence against the Porters in relation to the Porters', American Communities', and PCI's relationship with USA in violation of NRS 205.322 and NRS 207.360(12).

238. These Defendants committed grand larceny by intentionally taking property valued at more than $250.00 in the form of Weddell's confidential criminal records, in violation of NRS 205.220(1)(a) and NRS 207.360(16).

239. These Defendants received and possessed stolen goods valued at more than $250.00 by requesting that Levin obtain Weddell's confidential criminal records from corrupt government workers and paying for this information on gaining possession of same, in violation of NRS 207.360(24).

240. These Defendants obtained possession of money valued at more than $250.00 rightfully belonging to Plaintiffs through false pretenses by selling Inco stock to the Porters and charging the purchase to the American Communities Working Capital Loan, based on representations of the great value of this stock and the positive financial condition of Inco, in violation of NRS 207.360(26).

241. These Defendants obtained possession of money valued at more than $250.00 rightfully belonging to Plaintiffs through false pretenses by having the 3% management fee for Red Hills Condominiums be paid directly to USA instead of to American Communities, and not accounting for the use of those funds, in violation of NRS 207.360(26).

242. These Defendants obtained possession of money valued at more than $250.00 rightfully belonging to Plaintiffs through false pretenses by characterizing the four View loans as being in default for delinquent interest payments when USA/Housing Partners was making the interest payments and reimbursing itself for these payments, and this required payment of substantial amount of money to address the purported defaults, in violation of NRS 207.360(26).

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

243. These Defendants engaged in acts that operated as a fraud and deceit in the sale of securities upon Plaintiffs by misinforming American Communities and the Porters as to the health of Inco as an enterprise in order to coerce the Porters into purchasing Inco stock out of the proceeds of the American Communities Working Capital Loan at a price well above market value in violation of NRS 90.570(3) and NRS 207.360(30).

244. The taking of property from Plaintiffs under circumstances not amounting to robbery, the extortionate collection of credit, the obtaining of money or property valued at $250.00 or more by means of false pretenses, and engaging in acts operating as a fraud and deceit in the sale of securities constitute "racketeering activity" as defined in NRS 207.390 and NRS 207.400(1)(a).

245. These Defendants participated in the conduct of the enterprise through a pattern of racketeering.

246. Due to the actions of these Defendants, in violation of NRS 207.400(1)(c), Plaintiffs have been damaged in an amount to be determined at trial.

247. The conduct of these Defendants was willful, malicious, and fraudulent. As a result of such conduct, Plaintiffs are entitled to punitive damages in an amount to be determined at trial.

248. Pursuant to NRS 207.470(1), Plaintiffs are entitled to treble damages and recovery of their attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**

**(State RICO - NRS 207.400(1)(d))**

**PLAINTIFFS:** All

**DEFENDANTS:** USA; Housing Partners; Amblamo; Hantges; Milanowski; Kropp; Reale; Tomljenovich

249. Plaintiffs reallege the allegations of Paragraphs 1 through 248 as if set forth fully herein.

250. Defendants USA, Housing Partners, Amblamo, Hantges, Milanowski, Kropp, Reale and Tomljenovich are associated with the enterprise.

251. These Defendants have organized, managed, directed, supervised and financed USA, which constitutes a "criminal syndicate" within the definition of NRS 207.370.

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

252. Due to the actions of these Defendants, in violation of NRS 207.400(1)(d), Plaintiffs have been damaged in an amount to be determined at trial.

253. The conduct of these Defendants was willful, malicious, and fraudulent. As a result of such conduct, Plaintiffs are entitled to punitive damages in an amount to be determined at trial.

254. Pursuant to NRS 207.470(1), Plaintiffs are entitled to treble damages and recovery of their attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**

**(State RICO - NRS 207.400(1)(h))**

**PLAINTIFFS:** All

**DEFENDANTS:** USA; Housing Partners; Amblamo;
Hantges; Milanowski; Kropp; Reale; Tomljenovich

255. Plaintiffs reallege the allegations of Paragraphs 1 through 254 as if set forth fully herein.

256. Defendants USA, Housing Partners, Amblamo, Hantges, Milanowski, Kropp, Reale and Tomljenovich conspired and agreed to perform the above-mentioned acts and to violate NRS 207.400(1)(c) and(1)(d).

257. Due to the actions of these Defendants, in violation of NRS 207.400(1)(h), Plaintiffs have been damaged in an amount to be determined at trial.

258. The conduct of these Defendants was willful, malicious, and fraudulent. As a result of such conduct, Plaintiffs are entitled to punitive damages in an amount to be determined at trial.

259. Pursuant to NRS 207.470(1), Plaintiffs are entitled to treble damages and recovery of their attorneys' fees and costs.

**SIXTH CLAIM FOR RELIEF**

**(Intentional Misrepresentation)**

**PLAINTIFFS:** All

**DEFENDANTS:** USA; Housing Partners, Hantges; Milanowski; Kropp; Reale

260. Plaintiffs reallege the allegations Paragraphs 1 through 259 as if set forth fully herein.

261. By making statements that the Debt Restructuring Agreement would resolve all issues between USA and American Communities regarding the loans that the agreement covered, that all interest in the deeds of trust securing the Harmony Second, Green Valley Ranch Second, and Somerset Second were being conveyed to Gonzales and Barden, and by failing to disclose that they believed there was a continuing obligation to USA with respect to the exit fees, and then asserting that USA was entitled to exit fees under these loans covered by the Debt Restructuring Agreement and the deeds of trust securing them, these Defendants made misrepresentations and omissions that caused Plaintiffs to expend substantial sums of money defending the baseless litigation filed by USA.

262. By making statements that USA would extend the construction loan without further action on the part of the Plaintiffs when it never intended to extend the loan or inform Sterling of the obligation to extend the loan, and that it was entering the Debt Restructuring Agreement with the authority of the lenders for the affected loans including Sterling, and that no further fees would be required for the extension and/or by omitting to state that an extension fee would be charged, these Defendants made misrepresentations and omissions that caused Plaintiffs to incur additional expenses by filing legal action against USA and Sterling in District Court, Clark County, Nevada.

263. By making statements that USA, under the Debt Restructuring Agreement, would advance additional development funds for the Inspiration project, by expanding or replacing the Green Valley Ranch First loan, these Defendants made misrepresentations and omissions that caused PCI and American Communities to enter into the Debt Restructuring Agreement with USA and caused PCI, Spectrum, and Weddell to agree to become additional guarantors for the loans secured by first deeds of trust on the Harmony, Inspiration, and Imagination projects, as well as for the American Communities Working Capital Loan, which they would not have agreed to do without Defendants' promise to advance additional development funds.

264. Said misrepresentations and omissions were made with the knowledge or belief that the representations were false or without a sufficient basis for making the representations.

265. These Defendants intended to induce all Plaintiffs to act based on the misrepresentations and omissions, and these Plaintiffs justifiably relied on the misrepresentations and omissions.

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

266. As a proximate result of the foregoing acts, these Defendants have become liable to these Plaintiffs for damages in an amount to be proven at trial.

267. These Defendants have engaged in conduct of an oppressive, fraudulent, and malicious nature, thereby entitling these Plaintiffs to an award of punitive damages.

268. PCI, Spectrum, and Weddell are also entitled to rescission of the guaranties entered in connection with the Debt Restructuring Agreement as a result of the fraud on the part of Defendants.

269. Due to these Defendants' misrepresentations, Plaintiffs have incurred substantial attorneys' fees and costs, and these Defendants are thereby liable to these Plaintiffs for reimbursement of these fees.

**SEVENTH CLAIM FOR RELIEF**

**(Negligent Misrepresentation)**

**PLAINTIFFS:** All

**DEFENDANTS:** USA; Housing Partners; Hantges; Milanowski; Kropp; Reale

270. Plaintiffs reallege the allegations of Paragraphs 1 through 269 as if set forth fully herein.

271. These Defendants made representations stating that the Debt Restructuring Agreement would resolve all issues between USA and American Communities regarding the loans that the agreement covered, that all interest in the deeds of trust securing the Harmony Second, Green Valley Ranch Second, and Somerset Second were being conveyed to Gonzales and Barden, and by failing to disclose that they believed there was a continuing obligation to USA with respect to the exit fees, and then asserting that USA was entitled to exit fees under these loans covered by the Debt Restructuring Agreement and the deeds of trust securing them, that were false at the time they were made and were material to many of Plaintiffs' business decisions subsequent to these Defendants' making of the representations.

272. These Defendants made representations that USA would extend the Somerset First loan without further action on the part of the Plaintiffs when it never intended to extend the loan or inform Sterling of the obligation to extend the loan, and that it was entering the Debt Restructuring Agreement with the authority of the lenders for the affected loans including Sterling, and that no further fees

would be required for the extension and/or by omitting to state that an extension fee would be charged that were false at the time they were made and were material to many of Plaintiffs' business decisions subsequent to these Defendants' making of the representations.

273. These Defendants made representations that USA, under the Debt Restructuring Agreement, would advance additional development funds for the Inspiration project, by expanding or replacing the Green Valley Ranch First loan that were false at the time they were made and caused Plaintiffs to enter into the Debt Restructuring Agreement with USA and caused PCI, Spectrum, and Weddell to agree to become additional guarantors for the loans secured by first deeds of trust on the Harmony, Inspiration, and Imagination projects, as well as for the American Communities Working Capital Loan, which they would not have agreed to do without Defendants' promise to advance additional development funds.

274. These Defendants should have known that such representations were false at the time they were made.

275. These Defendants knew or should have known that these Plaintiffs would rely on such representations, and Plaintiffs did so justifiably rely.

276. As a proximate result of the foregoing acts, these Defendants have become liable to these Plaintiffs for damages in an amount to be determined at trial.

277. PCI, Spectrum, and Weddell are also entitled to rescission of the guaranties entered in connection with the Debt Restructuring Agreement as a result of the negligent misrepresentations on the part of Defendants.

278. Due to these Defendants' misrepresentations, Plaintiffs have incurred substantial attorneys' fees and costs, and these Defendants are thereby liable to Plaintiffs for reimbursement of these fees.

///

///

///

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

**EIGHTH CLAIM FOR RELIEF**

**(Breach of Contract)**

**PLAINTIFFS:** All

**DEFENDANT:** USA

279. Plaintiffs reallege the allegations of Paragraphs 1 through 278 as if set forth fully herein.

280. Plaintiffs entered into a Debt Restructuring Agreement with USA, whereby USA assigned its entire interest in the Harmony Second and Green Valley Ranch Second loans to Gonzales and its entire interest in the Somerset Second loan to Barden.

281. Plaintiffs fulfilled all of their requirements under the Debt Restructuring Agreement.

282. USA subsequently sued American Communities and the Porters for payment of the exit fee provisions in these loans despite the fact that USA had no interest in these loans. USA is thereby liable to Plaintiffs for an amount to be determined at trial and claimed right to exit fees from closings by Harmony, Inspiration, and Imagination.

283. Due to the breach by these Defendants, Plaintiffs have incurred substantial attorneys' fees and costs, and these Defendants are thereby liable to these Plaintiffs for reimbursement of these fees.

**TENTH CLAIM FOR RELIEF**

**(Breach of Contract)**

**PLAINTIFFS:** All

**DEFENDANT:** USA

284. Plaintiffs reallege the allegations of Paragraphs 1 through 283 as if set forth fully herein.

285. American Communities entered into a construction loan agreement with Sterling whereby Sterling promised to lend American Communities $1,635,000.00. Plaintiffs later entered a Debt Restructuring Agreement with USA whereby USA on behalf of Sterling agreed to extend the

loan for one year until at least August 16, 2001 and until April 1, 2002 if necessary, and represented that it had the authority of Sterling to do so.

286. Plaintiffs fulfilled all of their requirements under the Debt Restructuring Agreement.

287. USA failed to extend the loan as promised, which led Sterling to issue and record an incorrect Notice of Default. USA is thereby liable to Plaintiffs for an amount to be determined at trial.

288. USA's promise to extend the Somerset First and representation that it had Sterling's authority to do so caused PCI, Spectrum and Weddell to become additional guarantors for the loans secured by first deeds of trust on the Harmony, Inspiration, and Imagination projects, as well as for the American Communities Working Capital Loan which they would not have agreed to do without Defendants' promise to extend the Somerset First.

289. As such, PCI, Spectrum, and Weddell are also entitled to rescission of the guaranties entered in connection with the Debt Restructuring Agreement as a result of the breach of contract on the part of Defendants.

290. Due to the breach by these Defendants, Plaintiffs have incurred substantial attorneys' fees and costs, and these Defendants are thereby liable to these Plaintiffs for reimbursement of these fees.

**ELEVENTH CLAIM FOR RELIEF**

**(Breach of Contract)**

**PLAINTIFFS**: All

**DEFENDANT**: USA

291. Plaintiffs reallege the allegations of Paragraphs 1 through 290 as if set forth fully herein.

292. Plaintiffs entered into a Debt Restructuring Agreement with USA whereby USA promised to advance additional development funds for the Inspiration project, by expanding or replacing the Green Valley Ranch First loan.

293. Plaintiffs fulfilled all of their requirements under the Debt Restructuring Agreement.

294. USA failed to advance additional development funds for the Inspiration project as promised. USA is thereby liable to Plaintiffs for an amount to be determined at trial.

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

295. USA's promise to advance additional development funds caused PCI, Spectrum and Weddell to become additional guarantors for the loans secured by first deeds of trust on the Harmony, Inspiration, and Imagination projects, as well as for the American Communities Working Capital Loan, which they would not have agreed to do without Defendants' promise to advance additional development funds.

296. As such, PCI, Spectrum, and Weddell are also entitled to rescission of the guaranties entered in connection with the Debt Restructuring Agreement, as a result of the breach of contract on the part of Defendants.

297. Due to the breach by these Defendants, these Plaintiffs have incurred substantial attorneys' fees and costs, and these Defendants are thereby liable to these Plaintiffs for reimbursement of these fees.

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

## TWELFTH CLAIM FOR RELIEF

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

**PLAINTIFFS:** All

**DEFENDANTS:** USA; Amblamo

298. Plaintiffs reallege the allegations of Paragraphs 1 through 296 as if set forth fully herein.

299. As a matter of law, every contract contains an implied agreement that the parties will exercise good faith towards each other when performing or enforcing the terms of the contract.

300. Plaintiffs acted in good faith when performing their duties and obligations in each and every agreement.

301. By engaging in the foregoing acts, Defendants USA and Amblamo have failed to deal fairly with and act in good faith towards these Plaintiffs, breaching covenants of good faith and fair dealing implied by law, and are therefore liable to these Plaintiffs for damages in an amount to be determined at trial.

302. Due to the breach by these Defendants, Plaintiffs have incurred substantial attorneys' fees and costs, and these Defendants are thereby liable to these Plaintiffs for reimbursement of these fees.

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

**THIRTEENTH CLAIM FOR RELIEF**

**(Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)**

**PLAINTIFFS:** All

**DEFENDANTS:** USA; Amblamo

303. Plaintiffs reallege the allegations of Paragraphs 1 through 330 as if set forth fully herein.

304. At all times relevant herein, there has been a special relationship of trust and reliance by the Plaintiffs on these Defendants.

305. As a matter of law, every contract contains an implied agreement that the parties will exercise good faith towards each other when performing or enforcing the terms of the contract.

306. Plaintiffs acted in good faith when performing their duties and obligations in each and every agreement.

307. By engaging in the foregoing acts, these Defendants have failed to deal fairly with and act in good faith towards these Plaintiffs, breaching covenants of good faith and fair dealing implied by law, and are thereby liable to these Plaintiffs for damages in an amount to be proven at trial.

308. These Defendants have engaged in conduct of an oppressive, fraudulent, and malicious nature, thereby entitling these Plaintiffs to an award of punitive damages.

309. Due to the breach by these Defendants, these Plaintiffs have incurred substantial attorneys' fees and costs, and these Defendants are thereby liable to these Plaintiffs for reimbursement of these fees.

**FOURTEENTH CLAIM FOR RELIEF**

**(Intentional Interference with Contractual Relations)**

**PLAINTIFFS:** All

**DEFENDANT:** USA

310. Plaintiffs reallege the allegations of Paragraphs 1 through 309 as if set forth fully herein.

311. Pursuant to the construction loan, American Communities entered into a construction loan agreement with Sterling and Plaintiffs entered the Debt Restructuring Agreement with USA, in

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

which USA, as Sterling's agent, agreed to extend the loan until August 16, 2001 and, if necessary, until April 1, 2002.

312. USA failed to tell Sterling of the obligation to extend, and Sterling recorded a Notice of Default with regard to the loan and instructed Nevada Construction Services to suspend disbursements under the loan from the construction control account, holding up payments to subcontractors who had contracts with PCI and Imagination and had performed work thereunder.

313. USA had knowledge of Plaintiffs' contracts with its subcontractors.

314. USA failed to inform Sterling of the obligation to extend the loan, knowing that Sterling would enter a Notice of Default under the loan and stop payments to Plaintiffs' subcontractors.

315. Sterling did instruct Nevada Construction Services to stop paying Plaintiffs' subcontractors.

316. As a proximate result of the foregoing acts, USA has caused actual harm and is liable to these Plaintiffs for damages in an amount to be proven at trial.

317. USA has engaged in conduct of an oppressive, fraudulent, and malicious nature, thereby entitling these Plaintiffs to an award of punitive damages.

318. Due to this interference by Defendants, these Plaintiffs have incurred substantial attorneys' fees and costs, and these Defendants are thereby liable to these Plaintiffs for reimbursement of these fees.

**FIFTEENTH CLAIM FOR RELIEF**

**(Defamation)**

**PLAINTIFFS:** All

**DEFENDANTS:** USA; Hantges; Milanowski; Kropp

319. Plaintiffs reallege the allegations of Paragraphs 1 through 318 as if set forth fully herein.

320. Through the Notice of Default recorded on the construction loan, USA falsely informed the public that PCI and Imagination were in default on the construction loan.        

321. Through the writ of attachment and notice of *lis pendens*, USA falsely informed the public that PCI and its subsidiaries were in default on the three Mezzanine Loans with respect to the exit fees and that the asserted obligation to pay exit fees affected title to real property being developed by PCI and its subsidiaries.

322. By sending Isenberg and the Advantage Group to question Weddell's neighbors about a crime committed in Churchill County in 1981 and informing them that it was an ongoing investigation, USA, Hantges, Milanowski and Kropp falsely informed the public that Weddell was still a suspect in a homicide and that he could still be charged with the crime.

323. These Defendants knew or should have known that the statements published were false.

324. These Defendants published these statements to various third parties without privilege.

325. These Defendants were aware that the construction loan was not in default when the Notice of Default was recorded.

326. As a proximate result of the foregoing acts, these Defendants have caused actual harm and are liable to these Plaintiffs for damages in an amount to be proven at trial.

327. These Defendants have engaged in conduct of an oppressive, fraudulent, and malicious nature, thereby entitling these Plaintiffs to an award of punitive damages.

328. Due to the defamation by these Defendants, Plaintiffs have incurred substantial attorneys' fees and costs, and these Defendants are thereby liable to these Plaintiffs for reimbursement of these fees.

**SIXTEENTH CLAIM FOR RELIEF**

**(False Light – Invasion of Privacy)**

**PLAINTIFF:** Weddell

**DEFENDANTS:** USA; Hantges; Milanowski; Kropp

329. Plaintiffs reallege the allegations of Paragraphs 1 through 328 as if set forth fully herein.

330. By indicating that Weddell was still being investigated for a Churchill County crime when the charges had been permanently dismissed more than two decades ago and giving the

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

impression that he still could be charged for that crime, these Defendants gave publicity to a matter concerning Weddell that placed Weddell in a false light before the public.

331. The publicity that placed Weddell in a false light was highly offensive to Weddell and would be highly offensive to a reasonable person.

332. These Defendants had knowledge or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Weddell would be placed.

333. As a proximate result of the foregoing acts, these Defendants have caused Weddell actual harm and are liable to him for damages in an amount to be proven at trial.

334. These Defendants have engaged in conduct of an oppressive, fraudulent and malicious nature, thereby entitling Plaintiff to an award of punitive damages.

335. Due to the invasion of privacy by these Defendants, Plaintiffs have incurred substantial attorneys' fees and costs, and these Defendants are thereby liable to the Plaintiff for reimbursement of these fees.

**SEVENTEENTH CLAIM FOR RELIEF**

**(Intrusion upon Seclusion – Invasion of Privacy)**

**PLAINTIFF**: Weddell

**DEFENDANTS**: USA; Hantges; Milanowski; Kropp

336. Plaintiffs reallege the allegations of Paragraphs 1 through 335 as if set forth fully herein.

337. These Defendants intentionally intruded upon Plaintiff Weddell's seclusion by paying others to illegally access his confidential NCIC and NCJIS records.

338. The intrusion upon Weddell's seclusion would be highly offensive to a reasonable person, and was highly offensive to Weddell.

339. As a proximate result of the foregoing acts, these Defendants have caused Weddell actual harm and are liable to him for damages in an amount to be proven at trial.

340. These Defendants have engaged in conduct of an oppressive, fraudulent and malicious nature, thereby entitling Plaintiff to an award of punitive damages.

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

341. Due to the invasion of privacy by these Defendants, Plaintiffs have incurred substantial attorneys' fees and costs, and these Defendants are thereby liable to the Plaintiff for reimbursement of these fees.

**EIGHTEENTH CLAIM FOR RELIEF**

**(Abuse of Process)**

**PLAINTIFFS:** All

**DEFENDANT:** USA

342. Plaintiffs reallege the allegations of Paragraphs 1 through 341 as if set forth fully herein.

343. USA has filed litigation in District Court, Clark County, Nevada against the Porters and others alleging that it is entitled to payment of exit fees for the Mezzanine Loans and has pursued these claims against PCI and its subsidiaries.

344. Hantges has stated that USA is aware that the litigation is baseless and that USA is not entitled to payment under the exit fee provisions in the Mezzanine Loans.

345. The agreements under which USA asserts its claims do not include USA as a party, have precluded USA from having rights thereunder, and USA clearly holds no interest in the deeds of trust on the real property securing the Mezzanine Loans.

346. USA filed the suit regarding the exit fees for ulterior purposes other than resolving a legal dispute, including to harm Plaintiffs' reputation, keep Plaintiffs from being able to obtain construction financing from sources other than USA, and ultimately obtain the property owned by PCI and its subsidiaries without providing fair market value for same.

347. In filing the suit for recovery of exit fees, USA committed willful acts in the use of process not proper in the regular course of the proceeding.

348. As a proximate result of the foregoing acts, USA has caused actual harm and is liable to Plaintiffs for damages in an amount to be proven at trial.

349. USA has engaged in conduct of an oppressive, fraudulent, and malicious nature, thereby entitling these Plaintiffs to an award of punitive damages.

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

350. Due to this abuse by USA, Plaintiffs have incurred substantial attorneys' fees and costs, and USA is thereby liable to these Plaintiffs for reimbursement of these fees.

**NINTEENTH CLAIM FOR RELIEF**

**(Slander of Title)**

**PLAINTIFF:** All

**DEFENDANT:** USA

351. Plaintiffs reallege the allegations of Paragraphs 1 through 350 as if set forth fully herein.

352. In or about October of 2000, USA began soliciting buyers for land owned by PCI and its subsidiaries.

353. USA's solicitation of buyers for land owned by PCI and its subsidiaries implied that USA had rights to this land and included false and malicious communications disparaging to PCI's and its subsidiaries' title to the land.

354. As a proximate result of the foregoing acts, the value of PCI's and its subsidiaries' properties decreased on the open market because it inspired public speculation regarding PCI's and its subsidiaries' financial status.

355. USA has engaged in conduct of an oppressive, fraudulent, and malicious nature, thereby entitling Plaintiffs to an award of punitive damages.

356. Due to this slander by USA, Plaintiffs have incurred substantial attorneys' fees and costs, and USA is thereby liable to the Plaintiff for reimbursement of these fees.

**TWENTIETH CLAIM FOR RELIEF**

**(Slander of Title)**

**PLAINTIFFS:** All

**DEFENDANTS:** USA

357. Plaintiffs reallege the allegations of Paragraphs 1 through 256 as if set forth fully herein.

358. USA and Sterling recorded a Notice of Default on the construction loan.

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

359. This Notice of Default was false, malicious and disparaging to PCI's and Imagination's title to land because the construction loan was not in default and USA was aware that the construction loan was not in default.

360. USA also recorded a writ of attachment and notice of lis pendens with respect to the exit fees claimed on the Mezzanine Loans.

361. These documents were false, malicious and disparaging to PCI's and its subsidiaries' title to land because there is no valid claim to the exit fees and USA has no actual interest in title to the property.

362. The foregoing acts proximately caused New South to vastly decrease the amount it was willing to provide PCI and its subsidiaries and caused public speculation about PCI's and its subsidiaries' financial status, making it more difficult for PCI and its subsidiaries to obtain loans from other sources.

363. USA has engaged in conduct of an oppressive, fraudulent, and malicious nature, thereby entitling Plaintiffs to an award of punitive damages.

364. Due to this slander by USA, Plaintiffs have incurred substantial attorneys' fees and costs, and USA is thereby liable to the Plaintiff for reimbursement of these fees.

**TWENTY-FIRST CLAIM FOR RELIEF**

**(Intentional Infliction of Emotional Distress)**

**PLAINTIFF:** Weddell

**DEFENDANTS:** USA; Hantges; Milanowski; Kropp

365. Plaintiffs reallege the allegations of Paragraphs 1 through 364 as if set forth fully herein.

366. These Defendants engaged in extreme and outrageous conduct by seeking and obtaining private and confidential criminal history records, hiring investigators to interrogate Weddell's neighbors and friends and attempting to convince them that Weddell was under suspicion of committing murder and could be charged with that crime, when such allegations were wholly false.

367. These Defendants either intended to cause Weddell severe emotional distress or showed reckless disregard for whether Weddell would suffer emotional distress as a result of their actions.

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

368. The interrogations and spreading of false rumors as conducted on Weddell's neighbors and friends by Defendants' investigator was the proximate cause of Weddell's severe emotional distress.

369. As a proximate result of the foregoing acts, these Defendants have caused actual harm and are liable to Weddell for damages in an amount to be proven at trial.

370. These Defendants have engaged in conduct of an oppressive, fraudulent, and malicious nature, thereby entitling the Plaintiff to an award of punitive damages.

371. Due to this intentional infliction of emotional distress by these Defendants, Plaintiffs have incurred substantial attorneys' fees and costs, and these Defendants are thereby liable to the Plaintiff for reimbursement of these fees.

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

**TWENTY SECOND FOR RELIEF**

**(Breach of Fiduciary Duty)**

**PLAINTIFFS:** All

**DEFENDANT:** USA

372. Plaintiffs reallege the allegations of Paragraphs 1 through 371 as if set forth fully herein.

373. As a mortgage broker, USA owed a fiduciary duty to Plaintiffs.

374. Pursuant to USA's fiduciary duty, USA owed a duty of fullest disclosure of all material facts that might have affected Plaintiffs' decisions concerning all transactions.

375. USA also owed Plaintiffs a duty of loyalty and honesty.

376. By the foregoing acts, USA breached its fiduciary duty to Plaintiffs.

377. As a proximate result of USA's breach, USA has caused actual harm and is liable to the Plaintiffs for damages in an amount to be proven at trial, as well as a constructive trust on money obtained by defendants as a result of their breach of fiduciary duty.

378. USA has engaged in conduct of an oppressive, fraudulent, and malicious nature, thereby entitling the Plaintiffs to an award of punitive damages.

379. Due to the breach by USA, Plaintiffs have incurred substantial attorneys' fees and costs, and USA is thereby liable to the Plaintiffs for reimbursement of these fees.

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

**TWENTY-THIRD CLAIM FOR RELIEF**

**(Civil Conspiracy)**

**PLAINTIFFS**: All

**DEFENDANTS**: USA; Housing Partners; Amblamo; Hantges; Milanowski; Kropp; Reale; Tomljenovich

380. Plaintiffs reallege the allegations of Paragraphs 1 through 379 as if set forth fully herein.

381. These Defendants planned and agreed to defraud Plaintiffs by participating in a scheme to defraud Plaintiffs and to obtain Plaintiffs' property by false representations and false pretenses.

382. These Defendants also planned and agreed to defraud Plaintiffs by participating in a scheme to ensure that Plaintiffs would be dependent upon Defendants for all loans and operating expenses.

383. These Defendants also planned and agreed to defame Weddell and harm his reputation in the community by pulling Weddell's private and confidential criminal history records, falsely informing his neighbors and friends that Weddell was being investigation for his alleged participation in a homicide and could be charged with that crime, which information was wholly false.

384. As a proximate result of the foregoing acts, Defendants have caused actual harm and are liable to the Plaintiffs for damages in an amount to be proven at trial.

385. USA has engaged in conduct of an oppressive, fraudulent, and malicious nature, thereby entitling the Plaintiffs to an award of punitive damages.

386. Due to the conspiracy by Defendants, Plaintiffs have incurred substantial attorneys' fees and costs, and these Defendants are thereby liable to the Plaintiff for reimbursement of these fees.

**TWENTY-FOURTH CLAIM FOR RELIEF**

**(Alter Ego)**

**PLAINTIFFS**: All

**DEFENDANTS**: USA; Housing Partners; Amblamo; Hantges; Milanowski; Kropp

387. Plaintiffs reallege the allegations of Paragraphs 1 through 386 as if set forth fully herein.

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

388. Plaintiffs are informed, believe and thereon allege that the actions of USA, Housing Partners and Amblamo are influenced and governed by Hantges, Milanowski and Kropp.

389. Plaintiffs are informed and believe, and thereupon allege that there is unity of interest and ownership between USA, Housing Partners, and Amblamo and Hantges, Milanowski, and Kropp such that one is inseparable from the other and that adherence to the fiction of a separate entity would, under the circumstances, permit an abuse of the privilege afforded entities with limited liability, sanction a fraud and/or promote injustice.

390. Plaintiffs are informed and believe, and thereupon allege that, as the alter egos of USA, Housing Partners and Amblamo, Hantges, Milanowski and Kropp should be held individually liable for any and all acts or omissions of USA, Housing Partners and Amblamo.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek judgment against Defendants, jointly and severally as follows:

1. For damages according to proof at trial;
2. For exemplary and punitive damages and treble damages;
3. For rescission of the Guaranties executed by Plaintiffs;
4. For attorneys' fees and costs; and
5. For all such other relief as the Court may deem proper and just.

DATED this 9 day of July, 2003.

J. Stephen Peek, Esq.
Fred D. Gibson, III Esq.
Brent C. Eckersley, Esq.
Hale Lane Peek Dennison and Howard
2300 West Sahara Ave., Suite 800
Las Vegas, Nevada 89102
Attorneys for Plaintiffs