# EXHIBIT "E"

# EXHIBIT "E"

1  ANTHONY A. ZMAILA, ESQ.
   Nevada Bar No. 2319
2  BRIAN W. BOSCHEE, ESQ.
   Nevada Bar No. 7612
3  **SANTORO, DRIGGS, WALCH,**
   **KEARNEY, JOHNSON & THOMPSON**
4  400 South Fourth Street, Third Floor
   Las Vegas, Nevada 89101
5  Telephone:  (702) 791-0308
   Facsimile:  (702) 791-1912
6
   Attorneys for Defendant
7  USA COMMERCIAL MORTGAGE COMPANY

8

9              **UNITED STATES DISTRICT COURT**

10                   **DISTRICT OF NEVADA**

11  ROLLAND P. WEDDELL and SPECTRUM
    FINANCIAL GROUP, LLC,                    Case No.:  CV-S-01-0355-KJD(LRL)
12
                   Plaintiffs,
13
        vs.
14
    USA COMMERCIAL MORTGAGE COMPANY, a
15  Nevada corporation; HOUSING PARTNERS, LLC;
    AMBLAMO, LLC; USA CAPITAL DIVERSIFIED
16  TRUST DEED FUND, LLC; USA INVESTMENT
    PARTNERS, LLC; THOMAS A. HANTGES; JOSEPH
17  MILANOWSKI; RICHARD KROPP; SALVATORE J.
    REALE; ROBERT FRANCIS TOMLJENOVICH,
18
                   Defendants.
19  _____
                                               **DEFENDANT USA COMMERCIAL**
20  USA COMMERCIAL MORTGAGE COMPANY,           **MORTGAGE COMPANY'S**
                                               **ANSWER TO FOURTH**
21                 Counterclaimant,            **AMENDED COMPLAINT**
                                               **AND COUNTERCLAIMS**
22      vs.

23  ROLLAND P. WEDDELL; and SPECTRUM
    FINANCIAL GROUP, LLC,
24
                   Counterdefendants.
25

26

27          Defendant USA Commercial Mortgage Company (in this Answer, "Defendant USA"), a Nevada

28  corporation, responds to and answers the allegations of Plaintiffs' Fourth Amended Complaint.

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 · Fax (702) 791-1912

**I. RESPONSE AND ANSWER TO "PARTIES, JURISDICTION AND VENUE"**

1.      Defendant USA admits that Plaintiffs attempt to plead an action under Title 18 of the United States Code. Defendant USA denies that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334(a) and further denies that any of the claims constitute related proceedings under 28 U.S.C. § 157(c)(1).

2.      Defendant USA denies that venue of this action is proper pursuant to 28 U.S.C. § 1409.

3.      Defendant USA admits the allegations of Paragraph 3 of the Fourth Amended Complaint.

4.      Defendant USA admits the allegations of Paragraph 4 of the Fourth Amended Complaint.

5.      Defendant USA admits the allegations of Paragraph 5 of the Fourth Amended Complaint.

6.      Defendant USA admits the allegations of Paragraph 6 of the Fourth Amended Complaint.

7.      Defendant USA admits the allegations of Paragraph 7 of the Fourth Amended Complaint.

8.      Defendant USA admits the allegations of Paragraph 8 of the Fourth Amended Complaint.

9.      Defendant USA admits the allegations of Paragraph 9 of the Fourth Amended Complaint.

10.      Defendant USA admits the allegations of Paragraph 10 of the Fourth Amended Complaint.

11.      Defendant USA denies the allegations of Paragraph 11 of the Fourth Amended Complaint.

12.      Defendant USA admits that it is a Nevada corporation, has its principal place of business in Clark County, Nevada, and does business as USA Capital; but, otherwise, is without knowledge or information sufficient to form a belief with respect to the remaining allegations of Paragraph 12 of the Fourth Amended Complaint, and therefore denies such allegations.

13.      Defendant USA admits that Housing Partners, LLC is a Nevada limited-liability company and has its principal place of business in Clark County, Nevada (in this Answer, "Housing Partners"); but, otherwise, denies the allegations of Paragraph 13 of the Fourth Amended Complaint.

14.      Defendant USA admits that Amblamo is a Nevada limited-liability company, has its principal place of business in Clark County, Nevada, and Paul S. Hamilton is its manager; but denies that Paul S. Hamilton is its sole member. Defendant USA admits that Paul S. Hamilton was an employee of USA Commercial Mortgage Company. Defendant USA denies that Amblamo was previously USA

- 2 -

1   Commercial Mortgage Company. Otherwise, Defendant USA is without knowledge or information

2   sufficient to form a belief with respect to the remaining allegations of Paragraph 14 of the Fourth

3   Amended Complaint, and therefore denies such allegations.

4        15.    Defendant USA admits that Hantges is an individual, that he resides in Clark County,

5   Nevada, and is an officer of USA; Defendant USA denies that USA Commercial Mortgage Company

6   was formerly the sole member of Amblamo; otherwise Defendant USA is without knowledge or

7   information sufficient to form a belief with respect to the remaining allegations of Paragraph 15 of the

8   Fourth Amended Complaint, and therefore denies such allegations.

9        16.    Defendant USA admits that Milanowski is an individual, that he resides in Clark County,

10  Nevada, and is an officer of USA; Defendant USA denies that USA Commercial Mortgage Company

11  was formerly the sole member of Amblamo; otherwise Defendant USA is without knowledge or

12  information sufficient to form a belief with respect to the remaining allegations of Paragraph 16 of the

13  Fourth Amended Complaint, and therefore denies such allegations.

14       17.    Defendant USA admits the allegations of Paragraph 17 of the Fourth Amended

15  Complaint.

16       18.    Defendant USA admits the allegations of Paragraph 18 of the Fourth Amended

17  Complaint.

18       19.    Defendant USA admits the allegations of Paragraph 19 of the Fourth Amended

19  Complaint.

20       **II. RESPONSE AND ANSWER TO "GENERAL ALLEGATIONS"**

21       20.    Defendant USA admits that American Communities, LLC, a Nevada limited-liability

22  company, (in this Answer, "ACL") began constructing single-family homes in Clark County, Nevada,

23  in 1996; and otherwise denies the allegations of Paragraph 20 of the Fourth Amended Complaint.

24       21.    Defendant USA admits that PCI claims to be a member of Destination II, Enchantment

25  II, Harmony II, Imagination and Inspiration, and that Destination II, Enchantment II, Harmony II,

26  Imagination and Inspiration began constructing single-family homes in Clark County, Nevada, in April

27  2000; but, otherwise, is without sufficient knowledge or information to form a belief as to the truth of

28  ///

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 · Fax (702) 791-1912

1  the remaining allegations, and therefore denies the remaining allegations of Paragraph 21 of the Fourth

2  Amended Complaint.

3      22.    Defendant USA admits that USA is a mortgage broker licensed in the State of Nevada

4      23.    Defendant USA admits that ACL utilized the services of Defendant USA; but, otherwise,

5  is without sufficient knowledge or information to form a belief as to the truth of the remaining

6  allegations, and therefore denies the remaining allegations of Paragraph 23 of the Fourth Amended

7  Complaint.

8      24.    Defendant USA denies the allegations of Paragraph 24 of the Fourth Amended Complaint

9          **III. RESPONSE AND ANSWER TO "A. Proposed Inco Merger"**

10     25.    Defendant USA admits that between 1996 and 1998, ACL generally repaid loans

11  brokered by Defendant USA, but, otherwise, is without knowledge or information sufficient to form a

12  belief as to the truth of the allegations and therefore denies the allegations of Paragraph 25 of the Fourth

13  Amended Complaint.

14     26.    Defendant USA is without knowledge or information sufficient to form a belief as to the

15  truth of the allegations and therefore denies the allegations of Paragraph 26 of the Fourth Amended

16  Complaint.

17     27.    Defendant USA is without knowledge or information sufficient to form a belief as to the

18  truth of the allegations and therefore denies the allegations of Paragraph 27 of the Fourth Amended

19  Complaint.

20     28.    Defendant USA is without knowledge or information sufficient to form a belief as to the

21  truth of the allegations and therefore denies the allegations of Paragraph 28 of the Fourth Amended

22  Complaint.

23     29.    Defendant USA admits that in 1998 Hantges was a shareholder, director and officer of

24  USA; but, otherwise, denies the remaining allegations of Paragraph 29 of the Fourth Amended

25  Complaint.

26     30.    Defendant USA admits that in 1998 Hantges was a shareholder of Inco Homes

27  Corporation (in this Answer, "Inco Homes"), and served on the board of Inco Homes; that as of 1998,

28  USA had brokered loans for Inco Homes; that Milanowski knew David Fogg; and that Inco Homes, a

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 · Fax (702) 791-1912

- 4 -

1 | publicly-traded company, provided information to the investing public; but, otherwise, denies the

2 | remaining allegations of Paragraph 30 of the Fourth Amended Complaint.

3 |     31.    Defendant USA admits that Inco Homes reported a net operating loss that could be

4 | available to another entity in an appropriately structured transaction; and that Hantges encouraged ACL

5 | to explore a merger with Inco Homes; but, otherwise, denies the remaining allegations of Paragraph 31

6 | of the Fourth Amended Complaint.

7 |     32.    Defendant USA is without knowledge or information sufficient to form a belief as to the

8 | truth of the allegations and therefore denies the allegations of Paragraph 32 of the Fourth Amended

9 | Complaint.

10 |     33.    Defendant USA is without knowledge or information sufficient to form a belief as to the

11 | truth of the allegations and therefore denies the allegations of Paragraph 33 of the Fourth Amended

12 | Complaint.

13 |     34.    Defendant USA admits that Inco Homes announced its intention to merge with ACL in

14 | 1999; but, otherwise, is without knowledge or information sufficient to form a belief as to the truth of

15 | the allegations and therefore denies the allegations of Paragraph 34 of the Fourth Amended Complaint.

16 |     35.    Defendant USA denies the allegations of Paragraph 35 of the Fourth Amended

17 | Complaint.

18 |     36.    Defendant USA denies the allegations of Paragraph 36 of the Fourth Amended

19 | Complaint.

20 |     37.    Defendant USA admits that ACL obtained loans to acquire lots in several single-family

21 | home projects in Clark County, Nevada; but, otherwise, denies the allegations of Paragraph 37 of the

22 | Fourth Amended Complaint.

23 |     38.    Defendant USA admits that ACL obtained loans to acquire lots in several single-family

24 | home projects in Clark County, Nevada; that Defendant USA brokered the loans; that the loan amount

25 | exceeded $12,000,000; and that such loans were made on terms different than previous loans brokered

26 | for ACL by Defendant USA; but, otherwise, denies the allegations of Paragraph 38 of the Fourth

27 | Amended Complaint.

28 | ///

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 · FAX (702) 791-1912

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 • Fax (702) 791-1912

1    39.    Defendant USA is without knowledge or information sufficient to form a belief as to the

2    truth of the allegations and therefore denies the allegations of Paragraph 39 of the Fourth Amended

3    Complaint.

4    40.    Defendant USA is without knowledge or information sufficient to form a belief as to the

5    truth of the allegations and therefore denies the allegations of Paragraph 40 of the Fourth Amended

6    Complaint.

7    41.    Defendant USA admits that ACL obtained a loan brokered by Defendant USA in the

8    amount of $5,000,000 (in this Answer, "the 1999 Working Capital Loan"); that the 1999 Working

9    Capital Loan was secured by a deed of trust; that the 1999 Working Capital Loan contained a provision

10   for a loan fee of five (5) points and bore interest at the rate of 20.5%; and that the 1999 Working Capital

11   Loan was made on terms different than previous loans brokered for ACL by Defendant USA; but,

12   otherwise, denies the allegations of Paragraph 41 of the Fourth Amended Complaint.

13   42.    Defendant USA admits that ACL executed a loan agreement, a note and deed of trust on

14   April 16, 1999 related to the 1999 Working Capital Loan; that the 1999 Working Capital Loan closed,

15   and Defendant USA made the first disbursement of $2,000,000 on April 20, 1999; but, otherwise,

16   denies the allegations of Paragraph 42 of the Fourth Amended Complaint.

17   43.    Defendant USA admits that Defendant USA disbursed $1,000,000 in May 1999;

18   $1,465,000 in August of 1999; and another $535,000 in October 1999 to ACL pursuant to instruments

19   governing the 1999 Working Capital Loan.

20   44.    Defendant USA denies Defendant USA made the representations set forth in Paragraph

21   44 of the Fourth Amended Complaint. Defendant USA is without knowledge or information sufficient

22   to form a belief as to the truth of the allegations regarding Hantges and therefore denies those allegations

23   of Paragraph 44 of the Fourth Amended Complaint. Defendant USA submits that the allegations

24   regarding the provisions in the "loan documents" constitute conclusions of law that do not require a

25   response; but admits that the "loan documents" make certain provisions for repayment of the loan.

26   Defendant USA submits that the allegations regarding "front loading" and "sweeping" constitute

27   improper argument and conclusions of law that do not require a response. To the extent not specifically

28   ///

- 6 -

1 | admitted in this Answer, Defendant USA otherwise denies the allegations of Paragraph 44 of the Fourth

2 | Amended Complaint.

3 |     45.     Defendant USA admits that Defendant USA is currently the sole member of Institutional

4 | Equity Partners, LLC (in this Answer, "IEP"). Defendant USA is without knowledge or information

5 | sufficient to form a belief as to the truth of the allegations and therefore denies the allegations of

6 | Paragraph 45 of the Fourth Amended Complaint.

7 |     46.     Defendant USA is without knowledge or information sufficient to form a belief as to the

8 | truth of the allegations and therefore denies the allegations of Paragraph 46 of the Fourth Amended

9 | Complaint.

10 |     47.     Defendant USA denies that USA conditioned any funding on the Porters' purchase of

11 | Inco stock. Defendant USA submits that the final sentence of Paragraph 47 of the Fourth Amended

12 | Complaint constitutes a conclusion of law to which no response is required. To the extent not

13 | specifically admitted in this Answer, Defendant USA is without knowledge or information sufficient to

14 | form a belief as to the truth of the allegations and therefore denies the allegations of Paragraph 47 of the

15 | Fourth Amended Complaint.

16 |     48.     Defendant USA admits that Defendant USA did not disclose the specific uses to which

17 | ACL put the proceeds of the 1999 Working Capital Loan, but Defendant USA denies Defendant USA

18 | had a duty to make such a disclosure. Defendant USA alleges that Defendant USA made the requisite

19 | disclosures to its investors under the circumstances. To the extent not specifically admitted in this

20 | Answer, Defendant USA otherwise is without knowledge or information sufficient to form a belief as

21 | to the truth of the allegations and therefore denies the allegations of Paragraph 48 of the Fourth

22 | Amended Complaint.

23 |     49.     Defendant USA admits that American Destination II, LLC, American Enchantment II,

24 | LLC, American Harmony II, LLC, American Imagination, LLC, and American Inspiration, LLC assumed

25 | the obligations of ACL under the 1999 Working Capital Loan. Defendant USA otherwise denies the

26 | allegations of Paragraph 49 of the Fourth Amended Complaint.

27 |     50.     Defendant USA admits that in a document titled, "Debt Restructuring Agreement," and

28 | made as of April 21, 2000 (in this Answer, "the DRA"), the parties to the DRA made provision for the

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 • Fax (702) 791-1912

1   transfer of the Inco Homes stock purchased by the Porters to Housing Partners; but, otherwise,

2   Defendant USA is without knowledge or information sufficient to form a belief as to the truth of the

3   allegations and therefore denies the allegations of Paragraph 50 of the Fourth Amended Complaint.

4       51.    Defendant USA admits that Inco Homes and ACL did not complete the proposed merger;

5   but, otherwise, denies the remaining allegations of Paragraph 51 of the Fourth Amended Complaint.

6       52.    Defendant USA admits that Inco Homes filed a petition for relief under the bankruptcy

7   code in October 1999. Defendant USA denies that ACL unilaterally terminated the proposed merger;

8   and that Defendant USA induced ACL to take any action or made the representations suggested in

9   Paragraph 52 of the Fourth Amended Complaint. To the extent not specifically admitted in this Answer,

10  Defendant USA otherwise denies the allegations of Paragraph 52 of the Fourth Amended Complaint.

11      53.    Defendant USA admits that ACL consumed the proceeds of the 1999 Working Capital

12  Loan, but, otherwise, denies the allegations of Paragraph 53 of the Fourth Amended Complaint.

13      54.    Defendant USA denies the allegations of Paragraph 54 of the Fourth Amended

14  Complaint.

15      55.    Defendant USA admits that Hantges, the Porters and a representative of AMRESCO

16  participated in a conference; but, otherwise, denies the allegations of Paragraph 55 of the Fourth

17  Amended Complaint.

18      56.    Defendant USA denies the allegations of Paragraph 56 of the Fourth Amended

19  Complaint.

20      57.    Defendant USA is without knowledge or information sufficient to form a belief as to the

21  truth of the allegations and therefore denies the allegations of Paragraph 57 of the Fourth Amended

22  Complaint.

23      58.    Defendant USA admits that Defendant USA did not make an equity contribution to ACL,

24  but, otherwise, denies the allegations of Paragraph 58 of the Fourth Amended Complaint.

25      59.    Defendant USA admits that Defendant USA did not make an equity contribution to ACL;

26  but, otherwise, Defendant USA denies the allegations of Paragraph 59 of the Fourth Amended

27  Complaint.

28  ///

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 • Fax (702) 791-1912

1    60.    Defendant USA denies the allegations of Paragraph 60 of the Fourth Amended

2    Complaint.

3    61.    Defendant USA admits that Housing Partners made a loan to ACL and that ACL executed

4    a note to evidence the Housing Partners' loan; but, otherwise, denies the allegations of Paragraph 61 of

5    the Fourth Amended Complaint.

6    62.    Defendant USA submits that Paragraph 62 of the Fourth Amended Complaint constitutes

7    a paraphrase of a Nevada statute and a conclusion of law, to which no Answer is required. Defendant

8    USA admits that NRS 645B.185 requires that a mortgage broker make certain disclosures to a private

9    investor under certain circumstances. Except as specifically admitted in this paragraph, Defendant USA

10    otherwise denies the allegations of Paragraph 62 of the Fourth Amended Complaint.

11    63.    Defendant USA denies the allegations of Paragraph 63 of the Fourth Amended

12    Complaint.

13    64.    Defendant USA denies the allegations of Paragraph 64 of the Fourth Amended

14    Complaint.

15    65.    Defendant USA admits that representatives of Defendant USA met with representatives

16    of ACL for a period of time; but, otherwise, denies the allegations of Paragraph 65 of the Fourth

17    Amended Complaint.

18    66.    Defendant USA denies the allegations of Paragraph 66 of the Fourth Amended

19    Complaint.

20    67.    Defendant USA admits that representatives of Defendant USA obtained information

21    regarding the operations of ACL; but, otherwise, denies the allegations of Paragraph 67 of the Fourth

22    Amended Complaint.

23    68.    Defendant USA admits that representatives of Defendant USA obtained information

24    regarding ACL's construction projects; but, otherwise, denies the allegations of Paragraph 68 of the

25    Fourth Amended Complaint.

26    69.    Defendant USA denies the allegations of Paragraph 69 of the Fourth Amended

27    Complaint.

28    / / /

-9-

70.     Defendant USA denies the allegations of Paragraph 70 of the Fourth Amended Complaint.

71.     Defendant USA denies the allegations of Paragraph 71 of the Fourth Amended Complaint.

72.     Defendant USA denies the allegations of Paragraph 72 of the Fourth Amended Complaint.

73.     Defendant USA denies the allegations of Paragraph 73 of the Fourth Amended Complaint.

74.     Defendant USA admits that representatives of Defendant USA ceased meeting with representatives of ACL at or about April 2000; but, otherwise, denies the allegations of Paragraph 74 of the Fourth Amended Complaint.

75.     Defendant USA denies the allegations of Paragraph 75 of the Fourth Amended Complaint.

76.     Defendant USA admits that Defendant USA loaned money to Paragon Homes; but, otherwise, Defendant USA denies the allegations of Paragraph 76 of the Fourth Amended Complaint.

77.     Defendant USA denies the allegations of Paragraph 77 of the Fourth Amended Complaint.

78.     Defendant USA admits ACL became involved with projects identified by ACL as Desert Pride and Eagle Ranch; that projects identified by ACL as Desert Pride and Eagle Ranch had been managed by Inco Homes; and that Defendant USA acquired projects identified by ACL as Desert Pride and Eagle Ranch by a deed in lieu of foreclosure; but, otherwise, denies the allegations of Paragraph 78 of the Fourth Amended Complaint.

79.     Defendant USA admits ACL became involved with a project identified by ACL as Red Hills Condominiums; and that ACL agreed to manage a project identified by ACL as Red Hills Condominiums; but, otherwise, denies the allegations of Paragraph 79 of the Fourth Amended Complaint.

80.     Defendant USA admits ACL agreed to accept a fee for agreeing to manage a project identified by ACL as Red Hills Condominiums; and ACL used part of the fee to repay its obligations

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 · Fax (702) 791-1912

1    on loans brokered by Defendant USA; but, otherwise, denies the allegations of Paragraph 80 of the

2    Fourth Amended Complaint.

3        81.    Defendant USA admits ACL agreed to accept a fee for agreeing to manage a project

4    identified by ACL as Red Hills Condominiums; and ACL used part of the advance fee to repay its

5    obligations to Housing Partners; but, otherwise, denies the allegations of Paragraph 81 of the Fourth

6    Amended Complaint.

7        82.    Defendant USA admits that in January 2000, Defendant USA refused to make additional

8    cash advances to ACL; and that Defendant USA began to exercise its rights under the instruments

9    governing loans brokered by Defendant USA to ACL; but, otherwise, denies the allegations of Paragraph

10    82 of the Fourth Amended Complaint.

11        83.    Defendant USA admits that Defendant USA did not own any of ACL; that Defendant

12    USA had no authority to act as agent for ACL; and that Defendant USA had no authority to act as agent

13    for Plaintiffs; but, otherwise, denies the allegations of Paragraph 83 of the Fourth Amended Complaint.

14        84.    Defendant USA admits ACL requested Defendant USA to cease efforts to assist ACL

15    to liquidate certain of its projects; that Defendant USA communicated with ACL regarding the assistance

16    that Defendant USA attempted to render to ACL; and that Thomas Rondeau authored a letter to Elissa

17    Cadish regarding these matters. Defendant submits that the letter attached to the Fourth Amended

18    Complaint contains factual and legal assertions, and that Plaintiffs' comments on the letter identified

19    in Paragraph 84 of the Fourth Amended Complaint constitute paraphrases of the letter or conclusions

20    of law, to which no response is required. To the extent not specifically admitted in this paragraph,

21    Defendant USA denies the remaining allegations of Paragraph 84 of the Fourth Amended Complaint.

22    **IV. RESPONSE AND ANSWER TO "B. Improper Default for Loans Issued to the American**
      **Black Mountain Limited Partnership"**

23

24        85.    Defendant USA is informed and believes that the American Black Mountain Limited

25    Partnership is an Illinois limited partnership formed on or about April 2, 1998 (in this Answer, "the

26    Black Mountain LP"); but, otherwise, Defendant USA is without knowledge or information sufficient

27    to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations

28    of Paragraph 85 of the Fourth Amended Complaint.

- 11 -

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 • Fax (702) 791-1912

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 • Fax (702) 791-1912

1    86.    Defendant USA is informed and believes that Waukegan Homes Investors, Inc. (in this

2    Answer, "Waukegan Investors") and Town House Vistas, Inc. were the general partners of the Black

3    Mountain LP; and that Black Mountain Vistas Limited Partnership is an Illinois limited partnership (in

4    this Answer, "the Mountain Vistas LP"); but, otherwise, Defendant USA is without knowledge or

5    information sufficient to form a belief as to the truth of the remaining allegations and therefore denies

6    the remaining allegations of Paragraph 86 of the Fourth Amended Complaint.

7    87.    Defendant USA is informed and believes that Robert Porter and Cheryl Porter were

8    officers of Town House Vistas, Inc.; but, otherwise, Defendant USA is without knowledge or

9    information sufficient to form a belief as to the truth of the remaining allegations and therefore denies

10   the remaining allegations of Paragraph 87 of the Fourth Amended Complaint.

11   88.    Defendant USA is without knowledge or information sufficient to form a belief as to the

12   truth of the allegations and therefore denies the remaining allegations of Paragraph 88 of the Fourth

13   Amended Complaint.

14   89.    Defendant USA admits that Defendant USA brokered a loan for the Black Mountain LP

15   for $1,875,000 at 12.75% interest; but, otherwise, Defendant USA is without knowledge or information

16   sufficient to form a belief as to the truth of the remaining allegations and therefore denies the remaining

17   allegations of Paragraph 89 of the Fourth Amended Complaint.

18   90.    Defendant USA admits that Defendant USA brokered a loan for the Black Mountain LP

19   for $1,950,000.00 at 13.25% interest; that the Black Mountain LP made payments on the loan; and that

20   the Black Mountain LP borrowed additional money; but, otherwise, Defendant USA is without

21   knowledge or information sufficient to form a belief as to the truth of the remaining allegations and

22   therefore denies the remaining allegations of Paragraph 90 of the Fourth Amended Complaint.

23   91.    Defendant USA admits that Defendant USA brokered a loan for the Black Mountain LP

24   for $660,000 at 12.50% interest; but, otherwise, Defendant USA is without knowledge or information

25   sufficient to form a belief as to the truth of the remaining allegations and therefore denies the remaining

26   allegations of Paragraph 91 of the Fourth Amended Complaint.

27   92.    Defendant USA admits that Defendant USA brokered a loan for the Black Mountain LP

28   for $1,900,000 at 12.50% interest; but, otherwise, Defendant USA is without knowledge or information

- 12 -

1    sufficient to form a belief as to the truth of the remaining allegations and therefore denies the remaining

2    allegations of Paragraph 92 of the Fourth Amended Complaint.

3        93.    Defendant USA admits that one of the loans brokered by Defendant USA for the Black

4    Mountain LP matured in March 1999; but, otherwise, Defendant USA is without knowledge or

5    information sufficient to form a belief as to the truth of the remaining allegations and therefore denies

6    the remaining allegations of Paragraph 93 of the Fourth Amended Complaint.

7        94.    Defendant USA admits that Defendant USA caused the filing of a notice of default, as

8    described in Paragraph 94 of the Fourth Amended Complaint, to be filed with the Clark County

9    Recorder; but, otherwise, Defendant USA is without knowledge or information sufficient to form a

10   belief as to the truth of the remaining allegations and therefore denies the remaining allegations of

11   Paragraph 94 of the Fourth Amended Complaint.

12       95.    Defendant USA admits that one of the loans brokered by Defendant USA for the Black

13   Mountain LP matured in September 1999; but, otherwise, Defendant USA is without knowledge or

14   information sufficient to form a belief as to the truth of the remaining allegations and therefore denies

15   the remaining allegations of Paragraph 95 of the Fourth Amended Complaint.

16       96.    Defendant USA admits that Defendant USA caused the filing of a notice of default, as

17   described in Paragraph 96 of the Fourth Amended Complaint, to be filed with the Clark County

18   Recorder; but, otherwise, Defendant USA is without knowledge or information sufficient to form a

19   belief as to the truth of the remaining allegations and therefore denies the remaining allegations of

20   Paragraph 96 of the Fourth Amended Complaint.

21       97.    Defendant USA admits that one of the loans brokered by Defendant USA for the Black

22   Mountain LP matured in January 2000; but, otherwise, Defendant USA is without knowledge or

23   information sufficient to form a belief as to the truth of the remaining allegations and therefore denies

24   the remaining allegations of Paragraph 97 of the Fourth Amended Complaint.

25       98.    Defendant USA admits that Defendant USA caused the filing of a notice of default, as

26   described in Paragraph 98 of the Fourth Amended Complaint, to be filed with the Clark County

27   Recorder; but, otherwise, Defendant USA is without knowledge or information sufficient to form a

28   ///

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 · Fax (702) 791-1912

- 13 -

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 · Fax (702) 791-1912

1  belief as to the truth of the remaining allegations and therefore denies the remaining allegations of

2  Paragraph 98 of the Fourth Amended Complaint.

3      99.    Defendant USA admits that one of the loans brokered by Defendant USA for the Black

4  Mountain LP matured in February 2000; but, otherwise, Defendant USA is without knowledge or

5  information sufficient to form a belief as to the truth of the remaining allegations and therefore denies

6  the remaining allegations of Paragraph 99 of the Fourth Amended Complaint.

7      100.    Defendant USA admits that Defendant USA caused the filing of a notice of default, as

8  described in Paragraph 100 of the Fourth Amended Complaint, to be filed with the Clark County

9  Recorder; but, otherwise, Defendant USA is without knowledge or information sufficient to form a

10  belief as to the truth of the remaining allegations and therefore denies the remaining allegations of

11  Paragraph 100 of the Fourth Amended Complaint.

12      101.    Defendant USA admits that Defendant USA brokered loan modifications for loans made

13  to the Black Mountain LP; but, otherwise, Defendant USA is without knowledge or information

14  sufficient to form a belief as to the truth of the remaining allegations and therefore denies the remaining

15  allegations of Paragraph 101 of the Fourth Amended Complaint.

16      102.    Defendant USA admits that the loan modifications for loans to the Black Mountain LP

17  brokered by Defendant USA included provisions for rescission of notices of default on various loans to

18  the Black Mountain LP; but, otherwise, Defendant USA is without knowledge or information sufficient

19  to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations

20  of Paragraph 102 of the Fourth Amended Complaint.

21      103.    Defendant USA admits that the loan modification for one of the loans to the Black

22  Mountain LP brokered by Defendant USA included a provision for extending the term of the loan; but,

23  otherwise, Defendant USA is without knowledge or information sufficient to form a belief as to the

24  truth of the remaining allegations and therefore denies the remaining allegations of Paragraph 103 of the

25  Fourth Amended Complaint.

26      104.    Defendant USA admits that the loan modification for one of the loans to the Black

27  Mountain LP brokered by Defendant USA included provisions for (a) extending the term of the loan,

28  (b) increasing the amount of the loan, (c) and application to fees and interest reserves; but, otherwise,

1  Defendant USA is without knowledge or information sufficient to form a belief as to the truth of the

2  remaining allegations and therefore denies the remaining allegations of Paragraph 104 of the Fourth

3  Amended Complaint.

4      105.   Defendant USA admits that the loan modification for one of the loans to the Black

5  Mountain LP brokered by Defendant USA included a provision for extending the term of the loan; but,

6  otherwise, Defendant USA is without knowledge or information sufficient to form a belief as to the

7  truth of the remaining allegations and therefore denies the remaining allegations of Paragraph 105 of the

8  Fourth Amended Complaint.

9      106.   Defendant USA admits that the loan modification for one of the loans to the Black

10 Mountain LP brokered by Defendant USA included a provision for extending the term of the loan; but,

11 otherwise, Defendant USA is without knowledge or information sufficient to form a belief as to the

12 truth of the remaining allegations and therefore denies the remaining allegations of Paragraph 106 of the

13 Fourth Amended Complaint.

14     107.   Defendant USA admits that Defendant USA brokered a loan for the Black Mountain LP

15 for $1,500,000; and that the Black Mountain LP provided additional security for part of the money that

16 ACL owed on other loans brokered by Defendant USA; but, otherwise, Defendant USA is without

17 knowledge or information sufficient to form a belief as to the truth of the remaining allegations and

18 therefore denies the remaining allegations of Paragraph 107 of the Fourth Amended Complaint.

19     108.   Defendant USA admits that the Black Mountain LP agreed to pay default interest and

20 penalties in connection with loan modifications of loans to the Black Mountain LP brokered by

21 Defendant USA; but, otherwise, Defendant USA is without knowledge or information sufficient to form

22 a belief as to the truth of the remaining allegations and therefore denies the remaining allegations of

23 Paragraph 108 of the Fourth Amended Complaint.

24     109.   Defendant USA admits that the Black Mountain LP defaulted on loans, and failed to pay

25 interest on loans brokered by Defendant USA; and admits that Housing Partners advanced certain sums

26 to the investors and lenders that had advanced the funds to make the loans to the Black Mountain LP;

27 but, otherwise, Defendant USA is without knowledge or information sufficient to form a belief as to

28 ///

- 15 -

1 the truth of the remaining allegations and therefore denies the remaining allegations of Paragraph 109

2 of the Fourth Amended Complaint.

3     110.    Defendant USA admits that Housing Partners advanced certain sums to the investors and

4 lenders that had advanced the funds to make the loans to the Black Mountain LP; but, otherwise,

5 Defendant USA is without knowledge or information sufficient to form a belief as to the truth of the

6 remaining allegations and therefore denies the remaining allegations of Paragraph 110 of the Fourth

7 Amended Complaint.

8     111.    Defendant USA denies that either Defendant USA or Housing Partners made equity

9 contributions to ACL or to the Black Mountain LP; and otherwise is without knowledge or information

10 sufficient to form a belief as to the truth of the remaining allegations and therefore denies the remaining

11 allegations of Paragraph 111 of the Fourth Amended Complaint.

12     112.    Defendant USA is without knowledge or information sufficient to form a belief as to the

13 truth of the allegations and therefore denies the allegations of Paragraph 112 of the Fourth Amended

14 Complaint.

15     113.    Defendant USA submits that Paragraph 113 of the Fourth Amended Complaint

16 constitutes a paraphrase of two Nevada statutes and a conclusion of law, to which no answer is required.

17 Defendant USA admits that NRS 645B.250 prohibits a mortgage broker from "advanc[ing] payments

18 to an investor on behalf of a person who has obtained a loan secured by a lien on real property and who

19 has defaulted in his payments." NRS 645B.250. Defendant USA admits that certain violations of NRS

20 Chapter 645B can constitute misdemeanors. NRS 645B.950. Except as specifically admitted in this

21 paragraph, Defendant USA otherwise denies the allegations of Paragraph 113 of the Fourth Amended

22 Complaint.

23     114.    Defendant USA admits that any sums advanced by either Defendant USA or Housing

24 Partners to ACL constituted a loan to ACL, to be repaid by ACL; and admits that neither Defendant

25 USA nor Housing Partners made any equity infusions to ACL; and otherwise, Defendant USA admits

26 the allegations of Paragraph 114 of the Fourth Amended Complaint.

27     115.    Defendant USA is without knowledge or information sufficient to form a belief as to the

28 truth of the allegations regarding the amount paid by the Black Mountain LP to resolve "default issues;"

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 · Fax (702) 791-1912

1    and regarding the source, if any, the Black Mountain LP used to repay default interest and penalties; and

2    denies that "there was not default." Otherwise, Defendant USA denies the remaining allegations of

3    Paragraph 115 of the Fourth Amended Complaint.

4        116.    Defendant USA is without knowledge or information sufficient to form a belief as to the

5    truth of the allegations and therefore denies the allegations of Paragraph 116 of the Fourth Amended

6    Complaint.

7                **V. RESPONSE AND ANSWER TO "C. Exit Fee Provisions"**

8        117.    Defendant USA admits that neither Robert Porter, Cheryl Porter, Weddell, Spectrum nor

9    PCI took over and developed or otherwise acquired any of the projects related to or owned by the Black

10   Mountain LP; but, otherwise, denies the allegations of Paragraph 117 of the Fourth Amended Complaint.

11       118.    Defendant USA admits that certain parties executed and delivered the DRA on or about

12   April 21, 2000; and that the DRA involved an assumption of loans related to projects identified by ACL

13   as the Harmony project, the Imagination project, and the Inspiration project; but, otherwise, denies the

14   allegations of Paragraph 118 of the Fourth Amended Complaint.

15       119.    Defendant USA admits the parties to the DRA included ACL, Robert Porter, Cheryl

16   Porter, PCI, Spectrum, Defendant USA and Housing Partners; but, otherwise, is without knowledge or

17   information sufficient to form a belief as to the truth of the remaining allegations and therefore denies

18   the remaining allegations of Paragraph 119 of the Fourth Amended Complaint.

19       120.    Defendant USA admits that the DRA made provision for certain loans, designated in the

20   DRA as the "Mezzanine Loans;" and that the Mezzanine Loans provided for a payment of "exit fees,"

21   as defined in the instruments governing the Mezzanine Loans; but, to the extent that Plaintiffs'

22   descriptions differ from those set forth in either the DRA or the instruments governing the Mezzanine

23   Loans, Defendant USA denies the allegations of Paragraph 120 of the Fourth Amended Complaint. In

24   all other respects, Defendant USA is without knowledge or information sufficient to form a belief as to

25   the truth of the allegations and therefore denies the allegations of Paragraph 120 of the Fourth Amended

26   Complaint.

27   ///

28   ///

- 17 -

1     121.   Defendant USA is without knowledge or information sufficient to form a belief as to the

2 truth of the allegations and therefore denies the allegations of Paragraph 121 of the Fourth Amended

3 Complaint.

4     122.   Defendant USA admits that Mr. Reale has lent funds for loans brokered by Defendant

5 USA; otherwise, Defendant USA denies the allegations of Paragraph 122 of the Fourth Amended

6 Complaint.

7     123.   Defendant USA admits that Mr. Tomljenovich presented to Robert Porter and Cheryl

8 Porter and delivered a business card to Robert Porter; but, otherwise Defendant USA is without

9 knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies

10 the allegations of Paragraph 123 of the Fourth Amended Complaint.

11     124.   Defendant USA admits that the Mezzanine Loans as designated in the DRA and as set

12 forth in the instruments governing the Mezzanine Loans include promissory notes, deeds of trust,

13 assignments of rents, security agreements, and fixture filings; but, otherwise is without knowledge or

14 information sufficient to form a belief as to the truth of the remaining allegations and therefore denies

15 the remaining allegations of Paragraph 124 of the Fourth Amended Complaint.

16     125.   Defendant USA admits that Defendant USA brokered the Mezzanine Loans as designated

17 in the DRA and as set forth in the instruments governing the Mezzanine Loans for ACL; and denies the

18 remaining allegations of Paragraph 125 of the Fourth Amended Complaint.

19     126.   Defendant USA submits that the allegations of Paragraph 126 of the Fourth Amended

20 Complaint constitute conclusions of law that do not require a response. Defendant USA is without

21 knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies

22 the allegations of Paragraph 126 of the Fourth Amended Complaint.

23     127.   Defendant USA submits that the allegations of Paragraph 127 of the Fourth Amended

24 Complaint constitute paraphrases of documents, or excerpts from documents, and conclusions of law

25 that do not require a response. Defendant USA admits that Defendant USA, acting on behalf of certain

26 beneficiaries of the loans, assigned certain rights of those beneficiaries to Tom Gonzales, and that the

27 assignment was recorded. Defendant USA denies making an assignment of its rights under the trust

28 deeds, notes and loan. Except as specifically admitted and denied in this paragraph, Defendant is

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 · Fax (702) 791-1912

1   without knowledge or information sufficient to form a belief as to the truth of the allegations and

2   therefore denies the allegations of Paragraph 127 of the Fourth Amended Complaint.

3       128.    Defendant USA submits that the allegations of Paragraph 128 of the Fourth Amended

4   Complaint constitute paraphrases of documents, or excerpts from documents, and conclusions of law

5   that do not require a response. Defendant USA admits that Defendant USA, acting on behalf of certain

6   beneficiaries of the loans, assigned certain rights of those beneficiaries to Tom Gonzales, and that the

7   assignment was recorded. Defendant USA denies making an assignment of its rights under the trust

8   deeds, notes and loan. Except as specifically admitted or denied in this paragraph, Defendant is without

9   knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies

10  the allegations of Paragraph 128 of the Fourth Amended Complaint.

11      129.    Defendant USA submits that the allegations of Paragraph 129 of the Fourth Amended

12  Complaint constitute paraphrases of documents, or excerpts from documents, and conclusions of law

13  that do not require a response. Defendant USA admits that Defendant USA, acting on behalf of certain

14  beneficiaries of the loans, assigned certain rights of those beneficiaries to Cindy Barden, and that the

15  assignment was recorded. Defendant USA denies making an assignment of its rights under the trust

16  deeds, notes and loan. Except as specifically admitted or denied in this paragraph, Defendant is without

17  knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies

18  the allegations of Paragraph 129 of the Fourth Amended Complaint.

19      130.    Defendant USA admits that as an assignee of a deed of trust, Gonzales holds certain

20  rights with respect to enforcement of the provisions of deeds of trust; and Defendant USA denies that

21  Gonzales held any rights with respect to exit fees payable to Defendant USA; but, otherwise, is without

22  knowledge or information sufficient to form a belief as to the truth of the remaining allegations and

23  therefore denies the remaining allegations of Paragraph 130 of the Fourth Amended Complaint.

24      131.    Defendant USA admits that as an assignee of a deed of trust, Barden holds certain rights

25  with respect to enforcement of the provisions of deeds of trust; and Defendant USA denies that Barden

26  held any rights with respect to exit fees payable to Defendant USA; but, otherwise, is without knowledge

27  or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies

28  the remaining allegations of Paragraph 131 of the Fourth Amended Complaint.

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 · fax (702) 791-1912

132.    Defendant USA admits that neither Gonzales nor Barden enforced exit fees payable to Defendant USA because neither had a right to do so; but, otherwise, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations of Paragraph 132 of the Fourth Amended Complaint.

133.    Defendant USA admits that Gonzales purported to eliminate exit fees payable to Defendant USA and that Gonzales had no right to do so; but, otherwise, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations of Paragraph 133 of the Fourth Amended Complaint.

134.    Defendant USA is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations of Paragraph 134 of the Fourth Amended Complaint.

135.    Defendant USA submits that the allegations of Paragraph 135 of the Fourth Amended Complaint constitute a paraphrase of documents, or an excerpt from a document, and conclusions of law that do not require a response. Defendant USA admits that the DRA proffers a definition of the term, "Lender," that contains some of the language set forth in Paragraph 135 of the Fourth Amended Complaint; but, otherwise, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations of Paragraph 135 of the Fourth Amended Complaint.

136.    Defendant USA submits that the allegations of Paragraph 136 of the Fourth Amended Complaint constitute a paraphrase of documents, or an excerpt from a document, and conclusions of law that do not require a response. Defendant USA admits that the DRA contains language similar to that set forth in Paragraph 136 of the Fourth Amended Complaint; but, otherwise, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations of Paragraph 136 of the Fourth Amended Complaint.

137.    Defendant USA submits that the allegations of Paragraph 137 of the Fourth Amended Complaint constitute conclusions of law that do not require a response. Defendant USA admits that, pursuant to the DRA, Gonzales and Barden acquired certain rights, set forth in the DRA, in the deeds of trust relating to the Mezzanine Loans, as designated in the DRA and as defined in the instruments

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 · Fax (702) 791-1912

1    governing the Mezzanine Loans; but, otherwise, is without knowledge or information sufficient to form

2    a belief as to the truth of the remaining allegations and therefore denies the remaining allegations of

3    Paragraph 137 of the Fourth Amended Complaint.

4        138.    Defendant USA submits that Paragraph 138 of the Fourth Amended Complaint

5    constitutes a hypothetical statement of facts, a paraphrase of a Nevada statute, a conclusion of law, and

6    an application of law to a hypothetical or disputed set facts to which no answer is required. Defendant

7    admits that NRS 645B.165 provides:

8            Except as otherwise provided in subsection 3, the amount of any advance
            fee, salary, deposit or money paid to a mortgage broker and his mortgage
9            agents or any other person to obtain a loan which will be secured by a lien
            on real property must be placed in escrow pending completion of the loan
10            or a commitment for the loan.

11    Defendant admits that NRS 645B.960 provides the criminal penalties applicable to a violation of NRS

12    645B.165, as set forth in the statute. Except as specifically admitted in this paragraph, Defendant USA,

13    otherwise, is without knowledge or information sufficient to form a belief as to the truth of the remaining

14    allegations and therefore denies the remaining allegations of Paragraph 138 of the Fourth Amended

15    Complaint.

16        139.    Defendant USA admits the DRA contains a provision for Housing Partners' forgiving

17    a loan to ACL and releasing certain guaranties of a Housing Partners loan to ACL; but, otherwise,

18    Defendant USA is without knowledge or information sufficient to form a belief as to the truth of the

19    remaining allegations and therefore denies the remaining allegations of Paragraph 139 of the Fourth

20    Amended Complaint.

21        140.    Defendant USA admits the allegations of Paragraph 140 of the Fourth Amended

22    Complaint.

23        141.    Defendant USA submits that the allegations of Paragraph 141 of the Fourth Amended

24    Complaint relating to alleged assertions in a Complaint, filed in the District Court, Clark County,

25    Nevada, constitute a paraphrase of documents, or an excerpt from a document, and conclusions of law

26    that do not require a response. Defendant USA admits that Housing Partners made allegations similar

27    to those set forth in Paragraph 141 of the Fourth Amended Complaint. Defendant USA admits that

28    notices of default were recorded with respect to certain loans brokered by Defendant USA for ACL or

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 • Fax (702) 791-1912

1    for the Black Mountain LP; but, otherwise, is without knowledge or information sufficient to form a

2    belief as to the truth of the remaining allegations and therefore denies the remaining allegations of

3    Paragraph 141 of the Fourth Amended Complaint.

4        142.    Defendant USA is without knowledge or information sufficient to form a belief as to the

5    truth of the allegations and therefore denies the allegations of Paragraph 142 of the Fourth Amended

6    Complaint.

7    **VI.  RESPONSE AND ANSWER TO "D.  Failure to Comply with Debt Restructuring**
     **Agreement"**

8

9        143.    Defendant USA admits that ACL obtained a loan brokered by Defendant USA in the

10   amount of $1,635,000 from Samoth USA, Inc. and that the loan related to construction at a project

11   known to ACL either as "Somerset" or "Imagination;" but, otherwise, denies the allegations of

12   Paragraph 143 of the Fourth Amended Complaint.

13       144.    Defendant USA admits that Robert Porter and Cheryl Porter guaranteed a loan brokered

14   by Defendant USA in the amount of $1,635,000 from Samoth USA, Inc.; but, otherwise, is without

15   knowledge or information sufficient to form a belief as to the truth of the remaining allegations and

16   therefore denies the remaining allegations of Paragraph 144 of the Fourth Amended Complaint.

17       145.    Defendant USA admits that ACL executed a promissory note in connection with a loan

18   brokered by Defendant USA in the amount of $1,635,000 from Samoth USA, Inc.; but, otherwise, is

19   without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

20   and therefore denies the remaining allegations of Paragraph 145 of the Fourth Amended Complaint.

21       146.    Defendant USA submits that Paragraph 146 of the Fourth Amended Complaint

22   constitutes a paraphrase of an alleged promissory note and a conclusion of law, to which no answer is

23   required. Defendant USA admits that the promissory note executed in connection with a loan brokered

24   by Defendant USA in the amount of $1,635,000 from Samoth USA, Inc. contained a defined maturity

25   date. Except as specifically admitted in this paragraph, Defendant USA otherwise is without knowledge

26   or information sufficient to form a belief as to the truth of the allegations and therefore denies the

27   allegations of Paragraph 146 of the Fourth Amended Complaint.

28   ///

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 · Fax (702) 791-1912

1    147.    Defendant USA admits that a trust deed secured the promissory note executed in

2    connection with a loan brokered by Defendant USA in the amount of $1,635,000 from Samoth USA,

3    Inc. was recorded; but, otherwise, is without knowledge or information sufficient to form a belief as to

4    the truth of the remaining allegations and therefore denies the remaining allegations of Paragraph 147

5    of the Fourth Amended Complaint.

6    148.    Defendant USA admits that the loan brokered by Defendant USA in the amount of

7    $1,635,000 from Samoth USA, Inc. matured in August 2000; but, otherwise, is without knowledge or

8    information sufficient to form a belief as to the truth of the remaining allegations and therefore denies

9    the remaining allegations of Paragraph 148 of the Fourth Amended Complaint.

10    149.    Defendant USA submits that Paragraph 149 of the Fourth Amended Complaint

11    constitutes an alleged quote from a document, and a conclusion of law, and otherwise contains a

12    conclusion of law regarding an alleged agency relationship, to which no answer is required. Defendant

13    USA otherwise is without knowledge or information sufficient to form a belief as to the truth of the

14    allegations and therefore denies the allegations of Paragraph 149 of the Fourth Amended Complaint.

15    150.    Defendant USA submits that Paragraph 150 of the Fourth Amended Complaint

16    constitutes an alleged quote from a document, and a conclusion of law, and otherwise constitutes

17    conclusions of law, to which no answer is required. Defendant USA otherwise is without knowledge

18    or information sufficient to form a belief as to the truth of the allegations and therefore denies the

19    allegations of Paragraph 150 of the Fourth Amended Complaint.

20    151.    Defendant USA submits that Paragraph 151 of the Fourth Amended Complaint

21    constitutes a conclusion of law, to which no answer is required. Defendant USA admits that American

22    Imagination, LLC assumed the loan brokered by Defendant USA in the amount of $1,635,000 from

23    Samoth USA, Inc.; but, otherwise, is without knowledge or information sufficient to form a belief as

24    to the truth of the allegations and therefore denies the allegations of Paragraph 151 of the Fourth

25    Amended Complaint.

26    152.    Defendant USA submits that Paragraph 152 of the Fourth Amended Complaint

27    constitutes a conclusion of law, to which no answer is required. Defendant USA otherwise is without

28    ///

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 · Fax (702) 791-1912

1    knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies

2    the allegations of Paragraph 152 of the Fourth Amended Complaint.

3        153.    Defendant USA admits that the lender on the loan brokered by Defendant USA in the

4    amount of $1,635,000 noticed a breach of the loan. Except as specifically admitted in this paragraph,

5    Defendant USA otherwise is without knowledge or information sufficient to form a belief as to the truth

6    of the allegations and therefore denies the allegations of Paragraph 153 of the Fourth Amended

7    Complaint.

8        154.    Defendant USA admits that the lender claimed failure to pay the loan brokered by

9    Defendant USA in the amount of $1,635,000 as the breach declared in the lender's notice of breach.

10   Except as specifically admitted in this paragraph, Defendant USA otherwise is without knowledge or

11   information sufficient to form a belief as to the truth of the allegations and therefore denies the

12   allegations of Paragraph 154 of the Fourth Amended Complaint.

13       155.    Defendant USA is without knowledge or information sufficient to form a belief as to the

14   truth of the allegations and therefore denies the allegations of Paragraph 155 of the Fourth Amended

15   Complaint.

16       156.    Defendant USA is without knowledge or information sufficient to form a belief as to the

17   truth of the allegations and therefore denies the allegations of Paragraph 156 of the Fourth Amended

18   Complaint.

19       157.    Defendant USA submits that Paragraph 157 of the Fourth Amended Complaint

20   constitutes a paraphrase of an alleged letter and a conclusion of law, to which no answer is required.

21   Defendant USA admits American Imagination, LLC alleged that it was not in default on the loan

22   brokered by Defendant USA in the amount of $1,635,000 for Samoth USA, Inc. Except as specifically

23   admitted in this paragraph, Defendant USA otherwise is without knowledge or information sufficient

24   to form a belief as to the truth of the allegations and therefore denies the allegations of Paragraph 157

25   of the Fourth Amended Complaint.

26       158.    Defendant USA submits that Paragraph 158 of the Fourth Amended Complaint

27   constitutes a paraphrase of an alleged proposal and a conclusion of law, and contains other conclusions

28   of law, to which no answer is required. Defendant USA otherwise is without knowledge or information

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 • Fax (702) 791-1912

1  sufficient to form a belief as to the truth of the allegations and therefore denies the allegations of

2  Paragraph 158 of the Fourth Amended Complaint.

3      159.    Defendant USA submits that the allegations regarding "obligations" set forth in Paragraph

4  159 of the Fourth Amended Complaint constitute conclusions of law, to which no answer is required.

5  Except as specifically admitted in this paragraph, Defendant USA denies the allegations of Paragraph

6  159 of the Fourth Amended Complaint.

7      160.    Defendant USA submits that the allegations regarding "obligations" set forth in Paragraph

8  160 of the Fourth Amended Complaint constitute conclusions of law, to which no answer is required.

9  Except as specifically admitted in this paragraph, Defendant USA denies the allegations of Paragraph

10  160 of the Fourth Amended Complaint.

11      161.    Defendant USA submits that the allegations regarding "improper refusal" set forth in

12  Paragraph 161 of the Fourth Amended Complaint constitute conclusions of law, to which no answer is

13  required.  Except as specifically admitted in this paragraph, Defendant USA otherwise is without

14  knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies

15  the allegations of Paragraph 161 of the Fourth Amended Complaint.

16      162.    Defendant USA submits that the allegations of Paragraph 162 of the Fourth Amended

17  Complaint constitute conclusions of law, to which no answer is required. Defendant USA admits that

18  Defendant USA purchased the position of the lender on the loan brokered by Defendant USA in the

19  amount of $1,635,000. Except as specifically admitted in this paragraph, Defendant USA otherwise

20  denies the allegations of Paragraph 162 of the Fourth Amended Complaint.

21      163.    Defendant USA submits that the allegations of Paragraph 163 of the Fourth Amended

22  Complaint constitute paraphrases of various documents or alleged statements and conclusions of law,

23  and otherwise constitute conclusions of law, to which no answer is required.  Defendant USA admits

24  that Defendant USA purchased the position of the lender on the loan brokered by Defendant USA in the

25  amount of $1,635,000, and rescinded the notice of default submitted by the lender.  Except as

26  specifically admitted in this paragraph, Defendant USA otherwise is without knowledge or information

27  sufficient to form a belief as to the truth of the allegations and therefore denies the allegations of

28  Paragraph 163 of the Fourth Amended Complaint.

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 · FAX (702) 791-1912

- 25 -

164.    Defendant USA submits that the allegations of Paragraph 164 of the Fourth Amended Complaint constitute conclusions of law, to which no answer is required. Except as specifically admitted in this paragraph, Defendant USA denies the allegations of Paragraph 164 of the Fourth Amended Complaint.

165.    Defendant USA admits that ACL obtained a loan brokered by Defendant USA and that the loan related to a project known to ACL either as "Green Valley Ranch" or "Inspiration;" but, otherwise, is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations of Paragraph 165 of the Fourth Amended Complaint.

166.    Defendant USA submits that Paragraph 166 of the Fourth Amended Complaint constitutes a paraphrase of a document, and a conclusion of law, and otherwise contains conclusions of law, to which no answer is required. Except as specifically admitted in this paragraph, Defendant USA otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations of Paragraph 166 of the Fourth Amended Complaint.

167.    Defendant USA submits that Paragraph 167 of the Fourth Amended Complaint constitutes a conclusion of law, to which no answer is required. Except as specifically admitted in this paragraph, Defendant USA denies the allegations of Paragraph 167 of the Fourth Amended Complaint.

168.    Defendant USA admits that ACL obtained a loan brokered by Defendant USA and that the loan related to a project known to ACL as "Harmony;" but, otherwise, is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations of Paragraph 168 of the Fourth Amended Complaint.

169.    Defendant USA admits that Principle Centered, Inc., Weddell and Spectrum became guarantors of certain loans brokered by Defendant USA and that the loan related to a project known to ACL either as "Somerset" or "Imagination," either as "Green Valley Ranch" or "Inspiration," and as "Harmony;" but, otherwise, is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations of Paragraph 169 of the Fourth Amended Complaint.

///

///

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 · Fax (702) 791-1912

1    170.    Defendant USA is without knowledge or information sufficient to form a belief as to the

2    truth of the allegations and therefore denies the allegations of Paragraph 170 of the Fourth Amended

3    Complaint.

4    171.    Defendant USA admits that various persons and entities loaned money to ACL and that

5    American Destination II, LLC, American Enchantment II, LLC, American Harmony, LLC, American

6    Imagination, LLC and American Inspiration, LLC assumed certain loans from ACL. Defendant USA

7    denies that Principle Centered, Inc. assumed any loan and that any loans were assumed by "100% owned

8    affiliates" of Principle Centered, Inc. Except as specifically admitted and denied in this paragraph,

9    Defendant USA otherwise is without knowledge or information sufficient to form a belief as to the truth

10    of the remaining allegations, and therefore denies the remaining allegations of Paragraph 171 of the

11    Fourth Amended Complaint.

12    172.    Defendant USA is without knowledge or information sufficient to form a belief as to the

13    truth of the allegations and therefore denies the allegations of Paragraph 172 of the Fourth Amended

14    Complaint.

15    **VII. RESPONSE AND ANSWER TO "E. Improper Investigations of Weddell"**

16    173.    Defendant USA admits that it hired Isenberg and Levin to assist in gathering evidence

17    and information regarding Plaintiffs. Defendant USA otherwise denies the allegations of Paragraph 173

18    of the Fourth Amended Complaint.

19    174.    Defendant USA admits that it hired Isenberg to assist in gathering evidence and

20    information on various matters; but, otherwise, denies the allegations of Paragraph 174 of the Fourth

21    Amended Complaint.

22    175.    Defendant USA admits that it hired Isenberg to assist in gathering  evidence and

23    information regarding Plaintiffs. Defendant USA submits that Plaintiffs attempt to interpret or

24    paraphrase portions of purported exhibits, and that such paraphrasing and interpretation constitute

25    conclusions of law to which Defendant USA is not obligated to respond. Except as specifically admitted

26    in this paragraph, Defendant USA denies the allegations of Paragraph 175 of the Fourth Amended

27    Complaint.

28    / / /

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 • FAX (702) 791-1912

176.    Defendant USA admits that it hired Isenberg to assist in gathering evidence and information regarding Plaintiffs. Defendant USA, otherwise, denies the allegations of Paragraph 176 of the Fourth Amended Complaint.

177.    Defendant USA is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations of Paragraph 177 of the Fourth Amended Complaint.

178.    Defendant USA admits the allegations of Paragraph 178 regarding the charge of homicide against Weddell; otherwise, Defendant USA submits that Plaintiffs attempt to interpret or paraphrase portions of purported exhibits constitute conclusions of law to which Defendant USA is not obligated to respond. Except as specifically admitted in this paragraph, Defendant USA denies the allegations of Paragraph 178 of the Fourth Amended Complaint.

179.    Defendant USA admits that the homicide charge made against Weddell in Churchill County, Nevada, was dismissed in or about June 1985. Defendant USA submits that Plaintiffs attempt to interpret or paraphrase portions of purported exhibits, and that such paraphrasing and interpretation constitute conclusions of law to which Defendant USA is not obligated to respond. Defendant USA is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the remaining allegations of Paragraph 179 of the Fourth Amended Complaint.

180.    Defendant USA denies the allegations of Paragraph 180 of the Fourth Amended Complaint.

181.    Defendant USA is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations of Paragraph 181 of the Fourth Amended Complaint.

182.    Defendant USA denies the allegations of Paragraph 182 of the Fourth Amended Complaint.

183.    Defendant USA denies the allegations of Paragraph 183 of the Fourth Amended Complaint.

///

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 · Fax (702) 791-1912

1    184.    Defendant USA admits the allegations of Paragraph 184 of the Fourth Amended

2    Complaint.

3    185.    Defendant USA admits the allegations of Paragraph 185 regarding the Churchill County

4    District Attorney's not prosecuting a charge of homicide against Weddell; otherwise, Defendant USA

5    submits that Plaintiffs' attempt to interpret or paraphrase portions of purported exhibits constitute

6    conclusions of law to which Defendant USA is not obligated to respond. Except as specifically admitted

7    in this paragraph, Defendant USA denies the allegations of Paragraph 185 of the Fourth Amended

8    Complaint.

9    186.    Defendant USA is without knowledge or information sufficient to form a belief as to the

10    truth of the allegations, and therefore denies the allegations of Paragraph 186 of the Fourth Amended

11    Complaint.

12    187.    Defendant USA is without knowledge or information sufficient to form a belief as to the

13    truth of the allegations, and therefore denies the allegations of Paragraph 187 of the Fourth Amended

14    Complaint.

15    188.    Defendant USA is without knowledge or information sufficient to form a belief as to the

16    truth of the allegations, and therefore denies the allegations of Paragraph 188 of the Fourth Amended

17    Complaint.

18    189.    Defendant USA is without knowledge or information sufficient to form a belief as to the

19    truth of the allegations, and therefore denies the allegations of Paragraph 189 of the Fourth Amended

20    Complaint.

21    190.    Defendant USA is without knowledge or information sufficient to form a belief as to the

22    truth of the allegations, and therefore denies the allegations of Paragraph 190 of the Fourth Amended

23    Complaint.

24    191.    Defendant USA is without knowledge or information sufficient to form a belief as to the

25    truth of the allegations, and therefore denies the allegations of Paragraph 191 of the Fourth Amended

26    Complaint.

27    ///

28    ///

- 29 -

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 · Fax (702) 791-1912

1  192.   Defendant USA is without knowledge or information sufficient to form a belief as to the

2  truth of the allegations, and therefore denies the allegations of Paragraph 192 of the Fourth Amended

3  Complaint.

4  193.   Defendant USA denies the allegations of Paragraph 193 of the Fourth Amended

5  Complaint.

6  194.   Defendant USA denies the allegations of Paragraph 194 of the Fourth Amended

7  Complaint.

8  195.   Defendant USA is without knowledge or information sufficient to form a belief as to the

9  truth of the allegations, and therefore denies the allegations of Paragraph 195 of the Fourth Amended

10  Complaint.

11  196.   Defendant USA is without knowledge or information sufficient to form a belief as to the

12  truth of the allegations, and therefore denies the allegations of Paragraph 196 of the Fourth Amended

13  Complaint.

14  197.   Defendant USA denies the allegations of Paragraph 197 of the Fourth Amended

15  Complaint.

16  198.   Upon information and belief, Defendant USA admits that Levin was arrested by the FBI.

17  Defendant USA is otherwise without knowledge or information sufficient to form a belief as to the truth

18  of the remaining allegations, and therefore denies the remaining allegations of Paragraph 198 of the

19  Fourth Amended Complaint.

20  199.   Defendant USA is without knowledge or information sufficient to form a belief as to the

21  truth of the allegations, and therefore denies the allegations of Paragraph 199 of the Fourth Amended

22  Complaint.

23  200.   Defendant USA is without knowledge or information sufficient to form a belief as to the

24  truth of the allegations, and therefore denies the allegations of Paragraph 200 of the Fourth Amended

25  Complaint.

26  201.   Defendant USA is without knowledge or information sufficient to form a belief as to the

27  truth of the allegations, and therefore denies the allegations of Paragraph 201 of the Fourth Amended

28  Complaint.

1   202.   Defendant USA is without knowledge or information sufficient to form a belief as to the

2   truth of the allegations, and therefore denies the allegations of Paragraph 202 of the Fourth Amended

3   Complaint.

4   203.   Defendant USA is without knowledge or information sufficient to form a belief as to the

5   truth of the allegations, and therefore denies the allegations of Paragraph 203 of the Fourth Amended

6   Complaint.

7   204.   Defendant USA is without knowledge or information sufficient to form a belief as to the

8   truth of the allegations, and therefore denies the allegations of Paragraph 204 of the Fourth Amended

9   Complaint.

10   205.   Defendant USA denies the allegations of Paragraph 205 of the Fourth Amended

11   Complaint.

12   206.   Defendant USA denies the allegations of Paragraph 206 of the Fourth Amended

13   Complaint.

14   **VIII. RESPONSES AND ANSWERS TO CLAIMS FOR RELIEF**

15   **RESPONSE AND ANSWER TO FIRST CLAIM FOR RELIEF**
**DEFENDANTS:** Hantges; Milanowski; Kropp; Reale; Tomljenovich

16

17   207.   Plaintiffs reallege the allegations of Paragraphs 1 through 206 as if set forth fully herein.

18   In answer to Paragraph 207 of the Fourth Amended Complaint Defendant USA incorporates by

19   this reference its each and every Answer to Paragraphs 1 through 206 of the Fourth Amended Complaint.

20   Although Plaintiffs make no substantive charging allegations in Paragraphs 208 through 224 of

21   the Fourth Amended Complaint, Plaintiffs attempt to make certain factual allegations. As Plaintiffs do

22   not name Defendant USA as a defendant in this "First Claim for Relief" and make no substantive

23   charging allegations, Defendant USA is not required to respond. To the extent that an allegation in

24   Paragraphs 208 through 224 of the Fourth Amended Complaint can be construed to be against Defendant

25   USA, Defendant USA denies the allegations of Paragraphs 208 through 224 of the Fourth Amended

26   Complaint.

27   ///

28   ///

- 31 -

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 • FAX (702) 791-1912

**RESPONSE AND ANSWER TO "SECOND CLAIM FOR RELIEF"**
**DEFENDANTS**: USA; Housing Partners; Amblamo; Hantges; Milanowski; Kropp; Reale; Tomljenovich

208.    In answer to Paragraph 225 of the Fourth Amended Complaint Defendant USA incorporates by this reference its each and every Answer to Paragraphs 1 through 224 of the Fourth Amended Complaint.

209.    Defendant USA denies the allegations of Paragraph 226 of the Fourth Amended Complaint.

210.    Defendant USA denies the allegations of Paragraph 227 of the Fourth Amended Complaint.

211.    Defendant USA denies the allegations of Paragraph 228 of the Fourth Amended Complaint.

212.    Defendant USA denies the allegations of Paragraph 229 of the Fourth Amended Complaint.

**RESPONSE AND ANSWER TO "THIRD CLAIM FOR RELIEF"**
**DEFENDANTS:** Hantges; Milanowski; Kropp; Reale; Tomljenovich

213.    In answer to Paragraph 230 of the Fourth Amended Complaint Defendant USA incorporates by this reference its each and every Answer to Paragraphs 1 through 229 of the Fourth Amended Complaint.

Although Plaintiffs make no substantive charging allegations in Paragraphs 231 through 249 of the Fourth Amended Complaint, Plaintiffs attempt to make certain factual allegations. As Plaintiffs do not name Defendant USA as a defendant in this "First Claim for Relief" and make no substantive charging allegations, Defendant USA is not required to respond. To the extent that an allegation in Paragraphs 231 through 248 of the Fourth Amended Complaint can be construed to be against Defendant USA, Defendant USA denies the allegations of Paragraphs 231 through 249 of the Fourth Amended Complaint.

/ / /

/ / /

/ / /

- 32 -

## RESPONSE AND ANSWER TO "FOURTH CLAIM FOR RELIEF"
**DEFENDANTS:** USA; Housing Partners; Amblamo; Hantges; Milanowski; Kropp; Reale; Tomljenovich

214.    In answer to Paragraph 249 of the Fourth Amended Complaint Defendant USA incorporates by this reference its each and every Answer to Paragraphs 1 through 248 of the Fourth Amended Complaint.

215.    Defendant USA denies the allegations of Paragraph 250 of the Fourth Amended Complaint.

216.    Defendant USA denies the allegations of Paragraph 251 of the Fourth Amended Complaint.

217.    Defendant USA denies the allegations of Paragraph 252 of the Fourth Amended Complaint.

218.    Defendant USA denies the allegations of Paragraph 253 of the Fourth Amended Complaint.

219.    Defendant USA denies the allegations of Paragraph 254 of the Fourth Amended Complaint.

## RESPONSE AND ANSWER TO "FIFTH CLAIM FOR RELIEF"
**DEFENDANTS:** USA; Housing Partners; Amblamo; Hantges; Milanowski; Kropp; Reale; Tomljenovich

220.    In answer to Paragraph 255 of the Fourth Amended Complaint Defendant USA incorporates by this reference its each and every Answer to Paragraphs 1 through 254 of the Fourth Amended Complaint.

221.    Defendant USA denies the allegations of Paragraph 256 of the Fourth Amended Complaint.

222.    Defendant USA denies the allegations of Paragraph 257 of the Fourth Amended Complaint.

223.    Defendant USA denies the allegations of Paragraph 258 of the Fourth Amended Complaint.

224.    Defendant USA denies the allegations of Paragraph 259 of the Fourth Amended Complaint.

-33-

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 · FAX (702) 791-1912

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 • Fax (702) 791-1912

**RESPONSE AND ANSWER TO "SIXTH CLAIM FOR RELIEF"**
**DEFENDANTS:** USA; Housing Partners, Hantges; Milanowski; Kropp; Reale

225.    In answer to Paragraph 260 of the Fourth Amended Complaint Defendant USA incorporates by this reference its each and every Answer to Paragraphs 1 through 259 of the Fourth Amended Complaint.

226.    Defendant USA denies the allegations of Paragraph 261 of the Fourth Amended Complaint.

227.    Defendant USA denies the allegations of Paragraph 262 of the Fourth Amended Complaint.

228.    Defendant USA denies the allegations of Paragraph 263 of the Fourth Amended Complaint.

229.    Defendant USA denies the allegations of Paragraph 264 of the Fourth Amended Complaint.

230.    Defendant USA denies the allegations of Paragraph 265 of the Fourth Amended Complaint.

231.    Defendant USA denies the allegations of Paragraph 266 of the Fourth Amended Complaint.

232.    Defendant USA denies the allegations of Paragraph 267 of the Fourth Amended Complaint.

233.    Defendant USA denies the allegations of Paragraph 268 of the Fourth Amended Complaint.

234.    Defendant USA denies the allegations of Paragraph 269 of the Fourth Amended Complaint.

**RESPONSE AND ANSWER TO "SEVENTH CLAIM FOR RELIEF"**
**DEFENDANTS:** USA; Housing Partners; Hantges; Milanowski; Kropp; Reale

235.    In answer to Paragraph 270 of the Fourth Amended Complaint Defendant USA incorporates by this reference its each and every Answer to Paragraphs 1 through 269 of the Fourth Amended Complaint.

- 34 -

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 · Fax (702) 791-1912

236.   Defendant USA denies the allegations of Paragraph 271 of the Fourth Amended Complaint.

237.   Defendant USA denies the allegations of Paragraph 272 of the Fourth Amended Complaint.

238.   Defendant USA denies the allegations of Paragraph 273 of the Fourth Amended Complaint.

239.   Defendant USA denies the allegations of Paragraph 274 of the Fourth Amended Complaint.

240.   Defendant USA denies the allegations of Paragraph 275 of the Fourth Amended Complaint.

241.   Defendant USA denies the allegations of Paragraph 276 of the Fourth Amended Complaint.

242.   Defendant USA denies the allegations of Paragraph 277 of the Fourth Amended Complaint.

243.   Defendant USA denies the allegations of Paragraph 278 of the Fourth Amended Complaint.

## RESPONSE AND ANSWER TO "EIGHTH CLAIM FOR RELIEF"
### DEFENDANT: USA

244.   In answer to Paragraph 279 of the Fourth Amended Complaint Defendant USA incorporates by this reference its each and every Answer to Paragraphs 1 through 278 of the Fourth Amended Complaint.

245.   Defendant USA admits that USA, acting as broker, assigned certain rights to Gonzales and Barden. Defendant USA otherwise is without sufficient knowledge to know the truth or falsity of the remaining allegations set forth in Paragraph 280, and therefore denies the same.

246.   Defendant USA denies the allegations set forth in Paragraph 281.

247.   Defendant USA denies the allegations set forth in Paragraph 282.

248.   Defendant USA denies the allegations set forth in Paragraph 283.

///

**RESPONSE AND ANSWER TO NINTH (SIC) CLAIM FOR RELIEF**

Plaintiffs have not designated any of its claims as the Ninth Claim for Relief. Defendant USA therefore does not respond.

**RESPONSE AND ANSWER TO TENTH (SIC) CLAIM FOR RELIEF**
**DEFENDANT: USA**

249.    In answer to Paragraph 284 of the Fourth Amended Complaint Defendant USA incorporates by this reference its each and every Answer to Paragraphs 1 through 283 of the Fourth Amended Complaint.

250.    Defendant USA admits that American Communities obtained a loan brokered by USA in the amount of $1,635,000.00 from Samoth USA, Inc. Defendant USA submits that Plaintiffs' allegations regarding the Debt Restructuring Agreement constitute an attempt to interpret or paraphrase said document, and otherwise constitute a conclusion of law to which Defendant USA is not obligated to respond. Except as specifically admitted in this paragraph, Defendant USA otherwise is without knowledge or information sufficient to determine the truth or falsity of the remaining allegations set forth in Paragraph 285, and therefore denies the same.

251.    Defendant USA denies the allegations set forth in Paragraph 286.

252.    Defendant USA admits that the lender on the loan brokered by USA in the amount of $1,635,000.00 noticed a breach of the loan. Except as specifically admitted in this paragraph, Defendant USA otherwise denies the remaining allegations set forth in Paragraph 287.

253.    Defendant USA submits that Paragraph 288 of the Fourth Amended Complaint constitutes a quote from an alleged exhibit, to which no answer is required. Except as specifically admitted in this paragraph, Defendant USA otherwise is without knowledge or information sufficient to determine the truth or falsity of the remaining allegations of Paragraph 288, and therefore denies the same.

254.    Defendant USA denies the allegations set forth in Paragraph 289.

255.    Defendant USA denies the allegations set forth in Paragraph 290.

/ / /

/ / /

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 · Fax (702) 791-1912

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 · Fax (702) 791-1912

1

2

**RESPONSE AND ANSWER TO ELEVENTH (SIC) CLAIM FOR RELIEF**
**DEFENDANT: USA**

3       256.    In answer to Paragraph 291 of the Fourth Amended Complaint Defendant USA

4   incorporates by this reference its each and every Answer to Paragraphs 1 through 290 of the Fourth

5   Amended Complaint.

6       257.    Defendant USA submits that Paragraph 292 of the Fourth Amended Complaint

7   constitutes a paraphrase of a document, and a conclusion of law, and otherwise contains conclusions of

8   law, to which no answer is required. Except as specifically admitted in this paragraph, Defendant USA

9   otherwise is without knowledge or information sufficient to determine the truth or falsity of the

10   remaining allegations set forth in Paragraph 292, and therefore denies the same.

11       258.    Defendant USA denies the allegations set forth in Paragraph 293.

12       259.    Defendant USA submits that Paragraph 294 of the Fourth Amended Complaint

13   constitutes a paraphrase of a document, and a conclusion of law, and otherwise contains conclusions of

14   law, to which no answer is required. Except as specifically admitted in this paragraph, Defendant USA

15   otherwise is without knowledge or information sufficient to determine the truth or falsity of the

16   remaining allegations set forth in Paragraph 294, and therefore denies the same.

17       260.    Defendant USA submits that Paragraph 295 of the Fourth Amended Complaint

18   constitutes a quote from an alleged exhibit, and a conclusion of law, and that Paragraph 295 of the

19   Fourth Amended Complaint otherwise constitutes conclusions of law, to which no answer is required.

20   Except as specifically admitted in this paragraph, Defendant USA otherwise is without knowledge or

21   information sufficient to determine the truth or falsity of the remaining allegations of Paragraph 295, and

22   therefore denies the same.

23       261.    Defendant USA denies the allegations set forth in Paragraph 296.

24       262.    Defendant USA denies the allegations set forth in Paragraph 297.

25       **RESPONSE AND ANSWER TO "TWELFTH (SIC) CLAIM FOR RELIEF"**
         **DEFENDANTS: USA/Amblamo**
26

27       263.    In answer to Paragraph 298 of the Fourth Amended Complaint Defendant USA

28   incorporates by this reference its each and every Answer to Paragraphs 1 through 297 of the Fourth

1  Amended Complaint.

2      264.   Defendant USA submits that Paragraph 299 of the Fourth Amended Complaint

3  constitutes a conclusion of law to which no answer is required. In general, Defendant USA admits that

4  Paragraph 299 states, in part, the law of contracts in Nevada regarding the implied duty of good faith and

5  fair dealing. Except as specifically admitted in this paragraph, Defendant USA otherwise denies each

6  and every remaining allegation set forth in Paragraph 299.

7      265.   Defendant USA denies the allegations set forth in Paragraph 300.

8      266.   Defendant USA denies the allegations set forth in Paragraph 301.

9      267.   Defendant USA denies the allegations set forth in Paragraph 302.

10  **RESPONSE AND ANSWER TO "THIRTEENTH (SIC) CLAIM FOR RELIEF"**
**DEFENDANTS: USA/Amblamo**

11

12      268.   In answer to Paragraph 303 of the Fourth Amended Complaint Defendant USA

13  incorporates by this reference its each and every Answer to Paragraphs 1 through 302 of the Fourth

14  Amended Complaint.

15      269.   Defendant USA denies the allegations set forth in Paragraph 304.

16      270.   Defendant USA submits that Paragraph 305 of the Fourth Amended Complaint

17  constitutes a conclusion of law to which no answer is required. In general, Defendant USA admits that

18  Paragraph 305 states, in part, the law of contracts in Nevada regarding the implied duty of good faith and

19  fair dealing. Except as specifically admitted in this paragraph, Defendant USA otherwise denies each

20  and every remaining allegation set forth in Paragraph 305.

21      271.   Defendant USA denies the allegations set forth in Paragraph 306.

22      272.   Defendant USA denies the allegations set forth in Paragraph 307.

23      273.   Defendant USA denies the allegations set forth in Paragraph 308.

24      274.   Defendant USA denies the allegations set forth in Paragraph 309.

25  **RESPONSE AND ANSWER TO "FOURTEENTH (SIC) CLAIM FOR RELIEF"**
**DEFENDANT: USA**

26

27      275.   In answer to Paragraph 310 of the Fourth Amended Complaint Defendant USA

28  incorporates by this reference its each and every Answer to Paragraphs 1 through 309 of the Fourth

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 · FAX (702) 791-1912

1    Amended Complaint.

2    276.    Defendant USA admits that American Communities obtained a loan brokered by USA

3    in the amount of $1,635,000.00 from Samoth USA, Inc. Defendant USA submits that, in part, Paragraph

4    311 of the Fourth Amended Complaint constitutes an alleged quote from a document. and a conclusion

5    of law, and otherwise contains a conclusion of law regarding an alleged agency relationship, to which

6    no answer is required. Except as specifically admitted in this paragraph, Defendant USA is otherwise

7    without knowledge or information sufficient to determine the truth or falsity of the remaining allegations

8    set forth in Paragraph 311, and therefore denies the same.

9    277.    Defendant USA admits that the lender on the loan brokered by USA in the amount of

10   $1,635,000.00 noticed a breach of the loan. Defendant USA submits that the allegations regarding

11   "obligations" set forth in Paragraph 312 of the Fourth Amended Complaint constitute conclusions of

12   law, to which no answer is required. Except as specifically admitted in this paragraph, Defendant USA

13   is otherwise without knowledge or information sufficient to determine the truth or falsity of the

14   remaining allegations set forth in Paragraph 312, and therefore denies the same.

15   278.    Defendant USA denies the allegations set forth in Paragraph 313.

16   279.    Defendant USA admits that the lender on the loan brokered by USA in the amount of

17   $1,635,000.00 noticed a breach of the loan. Defendant USA submits that the allegations regarding

18   "obligations" set forth in Paragraph 314 of the Fourth Amended Complaint constitute conclusions of

19   law, to which no answer is required. Except as specifically admitted in this paragraph, Defendant USA

20   is otherwise without knowledge or information sufficient to determine the truth or falsity of the

21   remaining allegations set forth in Paragraph 314, and therefore denies the same.

22   280.    Defendant USA is without knowledge or information sufficient to determine the truth or

23   falsity of the allegations set forth in Paragraph 315, and therefore denies the same.

24   281.    Defendant USA denies each and every allegations set forth in Paragraph 316.

25   282.    Defendant USA denies each and every allegations set forth in Paragraph 317.

26   283.    Defendant USA denies each and every allegations set forth in Paragraph 318.

27   ///

28   ///

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 • FAX (702) 791-1912

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 · Fax (702) 791-1912

## RESPONSE AND ANSWER TO "FIFTEENTH (SIC) CLAIM FOR RELIEF"
**DEFENDANTS:** USA; Hantges; Milanowski; Kropp

284.    In answer to Paragraph 319 of the Fourth Amended Complaint Defendant USA incorporates by this reference its each and every Answer to Paragraphs 1 through 318 of the Fourth Amended Complaint.

285.    Defendant USA admits that the lender on the construction loan noticed a breach of the loan. Except as specifically admitted in this paragraph, Defendant USA otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations of Paragraph 320 of the Fourth Amended Complaint.

286.    Defendant USA admits that the lender on the three Mezzanine Loans filed a writ of attachment and a notice of *lis pendens*. Except as specifically admitted in this paragraph, Defendant USA otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations of Paragraph 321 of the Fourth Amended Complaint.

287.    Defendant USA denies the allegations of Paragraph 322 of the Fourth Amended Complaint.

288.    Defendant USA denies the allegations of Paragraph 323 of the Fourth Amended Complaint.

289.    Defendant USA denies the allegations of Paragraph 324 of the Fourth Amended Complaint.

290.    Defendant USA denies the allegations of Paragraph 325 of the Fourth Amended Complaint.

291.    Defendant USA denies the allegations of Paragraph 326 of the Fourth Amended Complaint.

292.    Defendant USA denies the allegations of Paragraph 327 of the Fourth Amended Complaint.

293.    Defendant USA denies the allegations of Paragraph 328 of the Fourth Amended Complaint.

///

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 · FAX (702) 791-1912

**RESPONSE AND ANSWER TO "SIXTEENTH (SIC) CLAIM FOR RELIEF**
**DEFENDANTS**: USA; Hantges; Milanowski; Kropp

294.    In answer to Paragraph 329 of the Fourth Amended Complaint Defendant USA incorporates by this reference its each and every Answer to Paragraphs 1 through 328 of the Fourth Amended Complaint.

295.    Defendant USA denies the allegations of Paragraph 330 of the Fourth Amended Complaint.

296.    Defendant USA denies the allegations of Paragraph 331 of the Fourth Amended Complaint.

297.    Defendant USA denies the allegations of Paragraph 332 of the Fourth Amended Complaint.

298.    Defendant USA denies the allegations of Paragraph 333 of the Fourth Amended Complaint.

299.    Defendant USA denies the allegations of Paragraph 334 of the Fourth Amended Complaint.

300.    Defendant USA denies the allegations of Paragraph 335 of the Fourth Amended Complaint.

**RESPONSE AND ANSWER TO "SEVENTEENTH (SIC) CLAIM FOR RELIEF"**
**DEFENDANTS**: USA; Hantges; Milanowski; Kropp

301.    In answer to Paragraph 336 of the Fourth Amended Complaint Defendant USA incorporates by this reference its each and every Answer to Paragraphs 1 through 335 of the Fourth Amended Complaint.

302.    Defendant USA denies the allegations of Paragraph 337 of the Fourth Amended Complaint.

303.    Defendant USA denies the allegations of Paragraph 338 of the Fourth Amended Complaint.

304.    Defendant USA denies the allegations of Paragraph 339 of the Fourth Amended Complaint.

1    305.    Defendant USA denies the allegations of Paragraph 340 of the Fourth Amended

2    Complaint.

3    306.    Defendant USA denies the allegations of Paragraph 341 of the Fourth Amended

4    Complaint.

5    **RESPONSE AND ANSWER TO "EIGHTEENTH (SIC) CLAIM FOR RELIEF**
     **DEFENDANT: USA**

6

7    307.    In answer to Paragraph 342 of the Fourth Amended Complaint Defendant USA

8    incorporates by this reference its each and every Answer to Paragraphs 1 through 341 of the Fourth

9    Amended Complaint.

10   308.    Defendant USA admits that it has filed litigation against various parties alleging that

11   Defendant USA is entitled to payment of exit fees. Defendant USA otherwise denies the allegations set

12   forth in Paragraph 343.

13   309.    Defendant USA denies the allegations set forth in Paragraph 344.

14   310.    Defendant USA denies the allegations set forth in Paragraph 345.

15   311.    Defendant USA denies the allegations set forth in Paragraph 346.

16   312    Defendant USA denies the allegations set forth in Paragraph 347.

17   313.    Defendant USA denies the allegations set forth in Paragraph 348.

18   314.    Defendant USA denies the allegations set forth in Paragraph 349.

19   315.    Defendant USA denies the allegations set forth in Paragraph 350.

20   **RESPONSE AND ANSWER TO "NINETEENTH (SIC) CLAIM FOR RELIEF"**
     **DEFENDANT: USA**

21

22   316.    In answer to Paragraph 351 of the Fourth Amended Complaint Defendant USA

23   incorporates by this reference its each and every Answer to Paragraphs 1 through 350 of the Fourth

24   Amended Complaint.

25   317.    Defendant USA denies the allegations set forth in Paragraph 352.

26   318.    Defendant USA denies the allegations set forth in Paragraph 353.

27   319.    Defendant USA denies the allegations set forth in Paragraph 354.

28   320.    Defendant USA denies the allegations set forth in Paragraph 355.

- 42 -

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 · FAX (702) 791-1912

1    321.    Defendant USA denies the allegations set forth in Paragraph 356.

2    **RESPONSE AND ANSWER TO "TWENTIETH (SIC) CLAIM FOR RELIEF"**
     **DEFENDANTS: USA**

3

4    322.    In answer to Paragraph 357 of the Fourth Amended Complaint Defendant USA

5    incorporates by this reference its each and every Answer to Paragraphs 1 through 356 of the Fourth

6    Amended Complaint.

7    323.    Defendant USA admits that the lender on the construction loan noticed a breach of the

8    loan. Except as specifically admitted in this paragraph, Defendant USA otherwise is without knowledge

9    or information sufficient to form a belief as to the truth of the allegations and therefore denies the

10   allegations of Paragraph 358 of the Fourth Amended Complaint.

11   324.    Defendant USA denies the allegations of Paragraph 359 of the Fourth Amended

12   Complaint.

13   325.    Defendant USA denies the allegations of Paragraph 360 of the Fourth Amended

14   Complaint.

15   326.    Defendant USA denies the allegations of Paragraph 361 of the Fourth Amended

16   Complaint.

17   327.    Defendant USA denies the allegations of Paragraph 362 of the Fourth Amended

18   Complaint.

19   328.    Defendant USA denies the allegations of Paragraph 363 of the Fourth Amended

20   Complaint.

21   329.    Defendant USA denies the allegations of Paragraph 364 of the Fourth Amended

22   Complaint.

23   **RESPONSE AND ANSWER TO "TWENTY-FIRST (SIC) CLAIM FOR RELIEF"**
     **DEFENDANTS: USA; Hantges; Milanowski; Kropp**

24

25   330.    In answer to Paragraph 365 of the Fourth Amended Complaint Defendant USA

26   incorporates by this reference its each and every Answer to Paragraphs 1 through 364 of the Fourth

27   Amended Complaint.

28   ///

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 · FAX (702) 791-1912