331. Defendant USA denies the allegations of Paragraph 366 of the Fourth Amended Complaint.

332. Defendant USA denies the allegations of Paragraph 367 of the Fourth Amended Complaint.

333. Defendant USA denies the allegations of Paragraph 368 of the Fourth Amended Complaint.

334. Defendant USA denies the allegations of Paragraph 369 of the Fourth Amended Complaint.

335. Defendant USA denies the allegations of Paragraph 370 of the Fourth Amended Complaint.

336. Defendant USA denies the allegations of Paragraph 371 of the Fourth Amended Complaint.

**RESPONSE AND ANSWER TO "TWENTY SECOND (SIC) CLAIM (SIC) FOR RELIEF"**
**DEFENDANT: USA**

337. In answer to Paragraph 372 of the Complaint, Defendant USA incorporates by this reference its each and every Answer to Paragraphs 1 through 371 of the Fourth Amended Complaint.

338. Defendant USA denies the allegations set forth in Paragraph 373.

339. Defendant USA denies the allegations set forth in Paragraph 374.

340. Defendant USA denies the allegations set forth in Paragraph 375.

341. Defendant USA denies the allegations set forth in Paragraph 376.

342. Defendant USA denies the allegations set forth in Paragraph 377.

343. Defendant USA denies the allegations set forth in Paragraph 378.

344. Defendant USA denies the allegations set forth in Paragraph 379.

///
///
///
///

**RESPONSE AND ANSWER TO TWENTY-THIRD (SIC) CLAIM FOR RELIEF"**
**DEFENDANTS:** USA; Housing Partners; Amblamo; Hantges; Milanowski; Kropp; Reale; Tomljenovich

345.  In answer to Paragraph 380 of the Fourth Amended Complaint Defendant USA incorporates by this reference its each and every Answer to Paragraphs 1 through 379 of the Fourth Amended Complaint.

346.  Defendant USA denies the allegations of Paragraph 381 of the Fourth Amended Complaint.

347.  Defendant USA denies the allegations of Paragraph 382 of the Fourth Amended Complaint.

348.  Defendant USA denies the allegations of Paragraph 383 of the Fourth Amended Complaint.

349.  Defendant USA denies the allegations of Paragraph 384 of the Fourth Amended Complaint.

350.  Defendant USA denies the allegations of Paragraph 385 of the Fourth Amended Complaint.

351.  Defendant USA denies the allegations of Paragraph 386 of the Fourth Amended Complaint.

**RESPONSE AND ANSWER TO "TWENTY-FOURTH (SIC) CLAIM FOR RELIEF"**
**DEFENDANTS:** USA; Housing Partners; Amblamo; Hantges; Milanowski; Kropp

352.  In answer to Paragraph 387 of the Fourth Amended Complaint Defendant USA incorporates by this reference its each and every Answer to Paragraphs 1 through 386 of the Fourth Amended Complaint.

353.  Defendant USA denies the allegations set forth in Paragraph 388.

354.  Defendant USA denies the allegations set forth in Paragraph 389.

355.  Defendant USA denies the allegations set forth in Paragraph 390.

### IX. DEFENDANT USA'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject-matter jurisdiction of this action.

## SECOND AFFIRMATIVE DEFENSE

This Courtlacks jurisdiction because Plaintiffs have failed to properly assert jurisdictional claims.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to assert proper jurisdiction pursuant to 28 U.S.C. § 1367.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim for relief in general and as to specific claims in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' First, Third, and Ninth (sic) Claims for Relief in the Fourth Amended Complaint do not name Defendant USA as a defendant and make no claims against Defendant USA. Therefore, Plaintiffs First, Third, and Ninth (sic) Claims for Relief in the Fourth Amended Complaint fail to state a claim against Defendant USA upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Second, Fourth, Fifth, Sixth, Seventh, Eighth, and Tenth (sic) through Twenty-fourth Claims for relief fail to state a claim against Defendant USA upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead or assert any conduct that would rise to the level of oppression or malice.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege any conduct by any Defendants which would constitute the intentional infliction of emotional distress.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege any facts indicating that Weddell suffered extreme or severe emotional distress.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege the required elements of 18 U.S.C. § 1962(c).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to sufficiently allege a pattern of racketeering activities.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege any activity affecting interstate commerce.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege a predicate act as defined by 18 U.S.C. § 1962 and Nevada Revised Statutes § 207, et seq.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege with specificity any facts that would meet the requirements of Nevada Revised Statutes §§ 207.380, 207.390, or 207.400.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by virtue of a release set forth in the DRA.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by virtue of a settlement and release given by American Communities LLC, American Communities, Inc., Robert Porter and Cheryl Porter.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by virtue of the common law doctrine forbidding assignment of tort claims.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by virtue of Plaintiffs' abuse of process committed in this and related actions.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from asserting a claim sounding in misrepresentation by virtue of their own acts or omissions taken or not taken in connection with the alleged statements.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege any fraudulent misrepresentation with the requisite specificity.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The statements on which Plaintiffs allegedly relied in asserting a claim sounding in misrepresentation were truthful.

///

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs are estopped from asserting a claim sounding in misrepresentation as a result of their comparative fault.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As to any contractually based allegations, Plaintiffs were in breach of some, or all, agreements such that Defendants were relieved of performance.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As to any and all contractually based allegations, Defendants performed, or are continuing to perform, or are willing to perform such that no breach of any contract as asserted by Plaintiffs could have occurred.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As to any and all contractually based allegations, Defendants were excused from performance by the wrongful or negligent actions of Plaintiffs and/or their agents.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

At all times relevant, Defendants have acted in compliance to their contractual obligations, if any, in a commercially reasonable manner, in good faith, and with ordinary care.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs prevented or materially interfered with Defendant USA's performance of the contracts alleged in the Fourth Amended Complaint.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs waived their rights under the contracts alleged in the Fourth Amended Complaint by intentionally and knowingly waiving rights known to them.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs request equitable relief within the Complaint, but it should be denied as Plaintiffs are guilty of unclean hands, have engaged in misconduct and misrepresentations.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs are estopped to assert any rights under the contracts alleged in the Fourth Amended Complaint by virtue of their own acts or omissions on which Defendant USA relied.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs are estopped from asserting any rights sounding in contract based on their own contractual, intentional, and negligent breach of the implied covenant of good faith and fair dealing.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Any and all transaction that were negotiated between Defendants and Plaintiffs were done at arm's length, in good faith, and with the ability to seek legal counsel.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant USA's alleged actions do not constitute interference with Plaintiffs' contractual relations or business advantage because Defendant USA's actions were proper as the alleged actions occurred during the course of competition.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant USA's alleged actions do not constitute interference with Plaintiffs' contractual relations or business advantage because Defendant USA's actions were reasonably taken to protect USA's financial interest from being prejudiced by the alleged contract, prospective contract or business relation.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendant USA's alleged actions do not constitute interference with Plaintiffs' contractual relations or business advantage because Defendant USA provided truthful information or honest advice in good faith within the scope of a request for the advice or information.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff Weddell is a "public figure" and his claims for defamation and invasion of privacy are barred.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The alleged production of NCIC and NCJIS records was permitted because Plaintiff Weddell was "in the criminal justice system" at the time of the alleged production.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not individual claims, but derivative claims, for which Plaintiffs have no standing to sue.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate damages.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs, with knowledge of the facts connected with or relating to the transactions and occurrences alleged in the Fourth Amended Complaint, ratified and confirmed the actions of Defendant USA.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Recovery of punitive or exemplary damages is barred as NRS 42.005, under which punitive and exemplary damages are recoverable under Nevada law is unconstitutionally vague under the due process clause of the Fifth Amendment to the United States Constitution and Section 8 of Article I of the Nevada Constitution, and as applied, authorizes an award of punitive or exemplary damages in violation of Defendant's rights of equal protection of the law under the United States Constitution, and authorizes and award of punitive damages which would constitute an excessive fine in violation of Section 6 of Article I of the Nevada Constitution.

### FORTY-SECOND AFFIRMATIVE DEFENSE

The criteria used to determine the imposition of punitive or exemplary damages under Nevada law is unconstitutionally vague under the due process clause of the Fifth Amendment to the United States Constitution and Section 8 of Article I of the Nevada Constitution.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Any claims for punitive damages are exaggerated, insufficiently pled, and without merit.

### RULE 11 STATEMENT

Pursuant to Fed. R. Civ. P. 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts are not available after reasonable inquiry upon the filing of the Plaintiffs' Fourth Amended Complaint. Defendant USA reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants. Some or all of the affirmative defenses may have been pled for the purposes of non-waiver.

///
///

## X. DEFENDANT AND COUNTERCLAIMANT USA'S COUNTERCLAIMS

Defendant and Counterclaimant USA Commercial Mortgage Company (in this Counterclaim, "Defendant USA"), a Nevada corporation, complains and alleges:

### GENERAL ALLEGATIONS

1. USA Commercial Mortgage Co. ("USA") is a corporation authorized and operating under the law of Nevada.

2. Principle Centered, Inc. ("PCI") is corporation authorized and operating under the law of Nevada.

3. American Destination II, LLC ("Destination") is limited-liability company authorized and operating under the law of Nevada.

4. American Harmony II, LLC ("Harmony") is limited-liability company authorized and operating under the law of Nevada.

5. American Imagination, LLC ("Imagination") is limited-liability company authorized and operating under the law of Nevada.

6. American Inspiration, LLC ("Inspiration") is a limited-liability company authorized and operating under the law of Nevada.

7. Rolland Weddell ("Weddell") is an individual and resident of Nevada.

8. Spectrum Financial Group, LLC ("Spectrum") is limited-liability company authorized and operating under the law of Delaware and does business in Nevada.

9. USA, PCI, Destination, Enchantment, Harmony, Imagination, Inspiration, Weddell and Spectrum are parties to an agreement made as of April 21, 2000 and entitled, "Debt Restructuring Agreement" (the "DRA")

10. Pursuant to the DRA, Inspiration assumed the obligations under a loan identified in the DRA as the "Green Valley Ranch First."

11. Pursuant to the DRA, Imagination assumed the obligations under a loan identified in the DRA as the "Somerset First."

12. Pursuant to the DRA, Harmony assumed the obligations under a loan identified in the DRA as the "Harmony A & D Loan."

- 51 -

13. Pursuant to the DRA, Destination, Enchantment, Harmony, Imagination, Inspiration assumed the obligations under a loan identified in the DRA as the "Working Capital Loan."

14. Pursuant to the DRA, PCI guaranteed obligations under a loan identified in the DRA as the "Green Valley Ranch First."

15. Pursuant to the DRA, Weddell guaranteed obligations under a loan identified in the DRA as the "Green Valley Ranch First."

16. Pursuant to the DRA, Spectrum guaranteed obligations under a loan identified in the DRA as the "Green Valley Ranch First."

17. Pursuant to the DRA, PCI guaranteed obligations under a loan identified in the DRA as the "Somerset First."

18. Pursuant to the DRA, Weddell guaranteed obligations under a loan identified in the DRA as the "Somerset First."

19. Pursuant to the DRA, Spectrum guaranteed obligations under a loan identified in the DRA as the "Somerset First."

20. Pursuant to the DRA, PCI guaranteed obligations under a loan identified in the DRA as the "Harmony A & D Loan."

21. Pursuant to the DRA, Weddell guaranteed obligations under a loan identified in the DRA as the "Harmony A & D Loan."

22. Pursuant to the DRA, Spectrum guaranteed obligations under a loan identified in the DRA as the "Harmony A & D Loan."

23. Pursuant to the DRA, PCI guaranteed obligations under a loan identified in the DRA as the "Working Capital Loan."

24. Pursuant to the DRA, Weddell guaranteed obligations under a loan identified in the DRA as the "Working Capital Loan."

25. Pursuant to the DRA, Spectrum guaranteed obligations under a loan identified in the DRA as the "Working Capital Loan."

26. USA is duly authorized to enforce the Green Valley Ranch First.

27. USA is duly authorized to enforce the Somerset First.

28. USA is duly authorized to enforce the Working Capital Loan.

29. USA is duly authorized to enforce PCI's guaranty of the Green Valley Ranch First.

30. USA is duly authorized to enforce Weddell's guaranty of the Green Valley Ranch First.

31. USA is duly authorized to enforce Spectrum's guaranty of the Green Valley Ranch First.

32. USA is duly authorized to enforce PCI's guaranty of the Somerset First.

33. USA is duly authorized to enforce Weddell's guaranty of the Somerset First.

34. USA is duly authorized to enforce Spectrum's guaranty of the Somerset First.

35. USA is duly authorized to enforce PCI's guaranty of the Harmony A & D Loan.

36. USA is duly authorized to enforce Weddell's guaranty of the Harmony A & D Loan.

37. USA is duly authorized to enforce Spectrum's guaranty of the Harmony A & D Loan

38. USA is duly authorized to enforce PCI's guaranty of the Working Capital Loan.

39. USA is duly authorized to enforce Weddell's guaranty of the Working Capital Loan.

40. USA is duly authorized to enforce Spectrum's guaranty of the Working Capital Loan.

41. PCI filed a petition for relief under the bankruptcy code and the PCI bankruptcy case is pending in the United States Bankruptcy Court for the District of Nevada.

42. Destination filed a petition for relief under the bankruptcy code and the PCI bankruptcy case is pending in the United States Bankruptcy Court for the District of Nevada.

43. Harmony filed a petition for relief under the bankruptcy code and the PCI bankruptcy case is pending in the United States Bankruptcy Court for the District of Nevada.

44. Imagination filed a petition for relief under the bankruptcy code and the PCI bankruptcy case is pending in the United States Bankruptcy Court for the District of Nevada.

45. Inspiration filed a petition for relief under the bankruptcy code and the PCI bankruptcy case is pending in the United States Bankruptcy Court for the District of Nevada.

46. The bankruptcy court administratively consolidated the bankruptcy cases of PCI, Destination, Harmony, Imagination and Inspiration.

47. In the administratively consolidated bankruptcy cases of PCI, Destination, Harmony, Imagination and Inspiration, Spectrum acquired the claims, rights and obligations of PCI under the DRA,

///

including PCI's guaranties of the Green Valley Ranch First, the Harmony A & D Loan, and the Working Capital Loan.

48.  In the administratively consolidated bankruptcy cases of PCI, Destination, Harmony, Imagination and Inspiration, Spectrum acquired the claims, rights and obligations of Inspiration under the DRA, the Green Valley Ranch First and the Working Capital Loan.

49.  In the administratively consolidated bankruptcy cases of PCI, Destination, Harmony, Imagination and Inspiration, Spectrum acquired the claims, rights and obligations of Imagination under the DRA, the Somerset First, and the Working Capital Loan.

50.  In the administratively consolidated bankruptcy cases of PCI, Destination, Harmony, Imagination and Inspiration, Spectrum acquired the claims, rights and obligations of Harmony under the DRA, the Harmony A & D Loan, and the Working Capital Loan.

## FIRST COUNTERCLAIM

### (Breach of Green Valley Ranch First against Spectrum)

51.  USA realleges and incorporates by this reference the allegations of Paragraphs 1 through 50 of Defendant USA's Counterclaims.

52.  Inspiration failed to make payments or otherwise perform under the DRA and Green Valley Ranch First.

53.  Inspiration defaulted on its obligations under the DRA and Green Valley Ranch First.

54.  Pursuant to order of the bankruptcy court Spectrum is the successor to Inspiration under the DRA and the Green Valley Ranch First.

55.  As the successor to Inspiration, Spectrum is liable for the defaults of Inspiration under the DRA and the Green Valley Ranch First.

56.  As a result of Inspiration's breaches and defaults under the DRA and the Green Valley Ranch First, USA has suffered damages, the amount of which will be determined at trial.

57.  USA has incurred substantial attorneys' fees and costs for which Spectrum is liable.

///
///
///

## SECOND COUNTERCLAIM

### (Breach of Somerset First against Spectrum)

58. USA realleges and incorporates by this reference the allegations of Paragraphs 1 through 50 of Defendant USA's Counterclaims.

59. Imagination failed to make payments or otherwise perform under the DRA and Somerset First.

60. Imagination defaulted on its obligations under the DRA and Somerset First.

61. Pursuant to order of the bankruptcy court Spectrum is the successor to Imagination under the DRA and the Somerset First.

62. As the successor to Imagination, Spectrum is liable for the defaults of Imagination under the DRA and the Somerset First.

63. As a result of Imagination's breaches and defaults under the DRA and the Somerset First, USA has suffered damages, the amount of which will be determined at trial.

64. USA has incurred substantial attorneys' fees and costs for which Spectrum is liable.

## THIRD COUNTERCLAIM

### (Breach of Harmony A & D Loan against Spectrum)

65. USA realleges and incorporates by this reference the allegations of Paragraphs 1 through 50 of Defendant USA's Counterclaims.

66. Harmony failed to make payments or otherwise perform under the DRA and Harmony A & D Loan.

67. Harmony defaulted on its obligations under the DRA and Harmony A & D Loan.

68. Pursuant to order of the bankruptcy court Spectrum is the successor to Harmony under the DRA and the Harmony A & D Loan.

69. As the successor to Harmony, Spectrum is liable for the defaults of Harmony under the DRA and the Harmony A & D Loan.

70. As a result of Harmony's breaches and defaults under the DRA and the Harmony A & D Loan, USA has suffered damages, the amount of which will be determined at trial.

71. USA has incurred substantial attorneys' fees and costs for which Spectrum is liable.

## FOURTH COUNTERCLAIM

### (Breach of Harmony Working Capital against Spectrum)

72. USA realleges and incorporates by this reference the allegations of Paragraphs 1 through 50 of Defendant USA's Counterclaims.

73. Destination, Enchantment, Harmony, Inspiration, and Imagination failed to make payments or otherwise perform under the DRA and Working Capital Loan.

74. Destination, Enchantment, Harmony, Inspiration, and Imagination defaulted on their respective obligations under the DRA and Working Capital Loan.

75. Pursuant to order of the bankruptcy court Spectrum is the successor to Destination, Enchantment, Harmony, Inspiration, and Imagination under the DRA and the Working Capital Loan.

76. As the successor to Destination, Enchantment, Harmony, Inspiration, and Imagination, Spectrum is liable for the defaults of Destination, Enchantment, Harmony, Inspiration, and Imagination under the DRA and the Working Capital Loan.

77. As a result of Destination, Enchantment, Harmony, Inspiration, and Imagination's breaches and defaults under the DRA and the Working Capital Loan, USA has suffered damages, the amount of which will be determined at trial.

78. USA has incurred substantial attorneys' fees and costs for which Spectrum is liable.

## FIFTH COUNTERCLAIM

### (Breach of Guaranty of Green Valley Ranch First, Somerset First, Harmony A & D Loan, and Working Capital Loans against Weddell)

79. USA realleges and incorporates by this reference the allegations of Paragraphs 1 through 50 of Defendant USA's Counterclaims.

80. Inspiration failed to make payments or otherwise perform under the DRA and Green Valley Ranch First.

81. Inspiration defaulted on its obligations under the DRA and Green Valley Ranch First.

82. Imagination failed to make payments or otherwise perform under the DRA and Somerset First.

83. Imagination defaulted on its obligations under the DRA and Somerset First.

84. Harmony failed to make payments or otherwise perform under the DRA and Harmony A & D Loan.

85. Harmony defaulted on its obligations under the DRA and Harmony A & D Loan.

86. Destination, Enchantment, Harmony, Inspiration, and Imagination failed to make payments or otherwise perform under the DRA and Working Capital Loan.

87. Destination, Enchantment, Harmony, Inspiration, and Imagination defaulted on their respective obligations under the DRA and Working Capital Loan.

88. Conditions precedent, if any, to performance by Weddell under his guaranty of the Green Valley Ranch First occurred or were satisfied or waived.

89. Conditions precedent, if any, to performance by Weddell under his guaranty of the Somerset First occurred or were satisfied or waived.

90. Conditions precedent, if any, to performance by Weddell under his guaranty of the Harmony A & D Loan occurred or were satisfied or waived.

91. Conditions precedent, if any, to performance by Weddell under his guaranty of the Working Capital Loan occurred or were satisfied or waived.

92. Weddell failed to make payments or otherwise perform under his guaranties of the Green Valley Ranch First, the Somerset First, the Harmony A & D Loan, or the Working Capital Loan.

93. Weddell defaulted on his guaranties of the Green Valley Ranch First, the Somerset First, the Harmony A & D Loan, and the Working Capital Loan.

94. As a result of Weddell's breaches and defaults of his guaranties of the Green Valley Ranch First, the Somerset First, the Harmony A & D Loan, and the Working Capital Loan, USA has suffered damages, the amount of which will be determined at trial.

95. USA has incurred substantial attorneys' fees and costs for which Weddell is liable.

### SIXTH COUNTERCLAIM

**(Breach of Guaranty of Green Valley Ranch First, Somerset First, Harmony A & D Loan, and Working Capital Loans against Spectrum)**

96. USA realleges and incorporates by this reference the allegations of Paragraphs 1 through 50 of Defendant USA's Counterclaims.

97. Inspiration failed to make payments or otherwise perform under the DRA and Green Valley Ranch First.

98. Inspiration defaulted on its obligations under the DRA and Green Valley Ranch First.

99. Imagination failed to make payments or otherwise perform under the DRA and Somerset First.

100. Imagination defaulted on its obligations under the DRA and Somerset First.

101. Harmony failed to make payments or otherwise perform under the DRA and Harmony A & D Loan.

102. Harmony defaulted on its obligations under the DRA and Harmony A & D Loan.

103. Destination, Enchantment, Harmony, Inspiration, and Imagination failed to make payments or otherwise perform under the DRA and Working Capital Loan.

104. Destination, Enchantment, Harmony, Inspiration, and Imagination defaulted on their respective obligations under the DRA and Working Capital Loan.

105. Conditions precedent, if any, to performance by Spectrum under its guaranty of the Green Valley Ranch First occurred or were satisfied or waived.

106. Conditions precedent, if any, to performance by Spectrum under its guaranty of the Somerset First occurred or were satisfied or waived.

107. Conditions precedent, if any, to performance by Spectrum under its guaranty of the Harmony A & D Loan occurred or were satisfied or waived.

108. Conditions precedent, if any, to performance by Spectrum under its guaranty of the Working Capital Loan occurred or were satisfied or waived.

109. Spectrum failed to make payments or otherwise perform under its guaranties of the Green Valley Ranch First, the Somerset First, the Harmony A & D Loan, or the Working Capital Loan.

110. Spectrum defaulted on its guaranties of the Green Valley Ranch First, the Somerset First, the Harmony A & D Loan, and the Working Capital Loan.

111. As a result of Spectrum's breaches and defaults of its guaranties of the Green Valley Ranch First, the Somerset First, the Harmony A & D Loan, and the Working Capital Loan, USA has suffered damages, the amount of which will be determined at trial.

112.  USA has incurred substantial attorneys' fees and costs for which Spectrum is liable.

### SEVENTH COUNTERCLAIM

**(Breach of PCI'S Guaranty of Green Valley Ranch First, Somerset First, Harmony A & D Loan, and Working Capital Loans against Spectrum)**

113.  USA realleges and incorporates by this reference the allegations of Paragraphs 1 through 50 of Defendant USA's Counterclaims.

114.  USA realleges the allegations of Paragraphs 80 through 87 as if set forth fully herein.

115.  USA realleges the allegations of Paragraphs 97 through 104 as if set forth fully herein.

116.  Conditions precedent, if any, to performance by PCI under its guaranty of the Green Valley Ranch First occurred or were satisfied or waived.

117.  Conditions precedent, if any, to performance by PCI under its guaranty of the Somerset First occurred or were satisfied or waived.

118.  Conditions precedent, if any, to performance by PCI under its guaranty of the Harmony A & D Loan occurred or were satisfied or waived.

119.  Conditions precedent, if any, to performance by PCI under its guaranty of the Working Capital Loan occurred or were satisfied or waived.

120.  PCI failed to make payments or otherwise perform under its guaranties of the Green Valley Ranch First, the Somerset First, the Harmony A & D Loan, and the Working Capital Loan.

121.  PCI defaulted on its guaranties of the Green Valley Ranch First, the Somerset First, the Harmony A & D Loan, and the Working Capital Loan.

122.  As the successor to PCI, Spectrum is liable for the guaranties of PCI of the Green Valley Ranch First, the Somerset First, the Harmony A & D Loan, and the Working Capital Loan.

123.  As a result of PCI's breaches and defaults under its guaranties of PCI of the Green Valley Ranch First, the Somerset First, the Harmony A & D Loan, and the Working Capital Loan, USA has suffered damages, the amount of which will be determined at trial.

124.  USA has incurred substantial attorneys' fees and costs for which Spectrum is liable.

///

///

## EIGHTH COUNTERCLAIM

### (Breach of Covenant of Good Faith and Fair Dealing against Weddell)

125. USA realleges and incorporates by this reference the allegations of Paragraphs 1 through 50 of Defendant USA's Counterclaims.

126. Implied in every contract in the state of Nevada is an implied covenant of good faith and fair dealing, requiring the parties to exercise good faith towards each other when performing or enforcing the terms of the contract.

127. USA acted in good faith when performing its duties and obligations under the DRA.

128. USA acted in good faith when performing its duties and obligations under the Green Valley Ranch First.

129. USA acted in good faith when performing its duties and obligations under the Somerset First.

130. USA acted in good faith when performing its duties and obligations under the Harmony A & D Loan.

131. USA acted in good faith when performing its duties and obligations under the Working Capital Loan.

132. Weddell failed to deal fairly with and act in good faith in connection with the DRA, the Green Valley Ranch First, the Somerset First, the Harmony A & D Loan, the Working Capital Loan, and his guaranties of the Green Valley Ranch First, the Somerset First, the Harmony A & D Loan, and the Working Capital Loan.

133 Weddell breached the covenant of good faith and fair dealing implied by law.

134. As a result of his breach of the covenant of good faith and fair dealing, Weddell caused USA to incur damages, the amount of which will be determined at trial.

135. The conduct of Weddell and his breach of the covenant of good faith and fair dealing were wilful, wanton and malicious.

136. As result of the wilful, wanton and malicious conduct of Weddell, USA is entitled to punitive damages, the amount of which will be determined at trial.

137. USA has incurred substantial attorneys' fees and costs for which Weddell is liable.

## NINTH COUNTERCLAIM

### (Breach of Covenant of Good Faith and Fair Dealing against Spectrum)

138. USA realleges and incorporates by this reference the allegations of Paragraphs 1 through 50 of Defendant USA's Counterclaims.

139. Implied in every contract in the state of Nevada is an implied covenant of good faith and fair dealing, requiring the parties to exercise good faith towards each other when performing or enforcing the terms of the contract.

140. USA acted in good faith when performing its duties and obligations under the DRA.

141. USA acted in good faith when performing its duties and obligations under the Green Valley Ranch First.

142. USA acted in good faith when performing its duties and obligations under the Somerset First.

143. USA acted in good faith when performing its duties and obligations under the Harmony A & D Loan.

144. USA acted in good faith when performing its duties and obligations under the Working Capital Loan.

145. Spectrum failed to deal fairly with and act in good faith in connection with the DRA, the Green Valley Ranch First, the Somerset First, the Harmony A & D Loan, the Working Capital Loan, and his guaranties of the Green Valley Ranch First, the Somerset First, the Harmony A & D Loan, the Working Capital Loan.

146. Spectrum breached the covenant of good faith and fair dealing implied by law.

147. As a result of his breach of the covenant of good faith and fair dealing, Spectrum caused USA to incur damages, the amount of which will be determined at trial.

148. The conduct of Spectrum and its breach of the covenant of good faith and fair dealing were wilful, wanton and malicious.

149. As result of the wilful, wanton and malicious conduct of Spectrum, USA is entitled to punitive damages, the amount of which will be determined at trial.

150. USA has incurred substantial attorneys' fees and costs for which Spectrum is liable.

## XI. DEFENDANT AND COUNTERCLAIMANT USA'S PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant USA prays for judgment as follows:

A. That Plaintiffs take nothing by virtue of their Fourth Amended Complaint on file herein;

B. For an award of damages according to proof at trial;

C. For an award of reasonable attorneys' fees and costs of suit incurred in the defense of this action; and

D. For such other and further relief as this Court may deem just and proper in the premises.

Dated this ___9___ day of September, 2003.

SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON

_____
Anthony A. Zmaila, Esq.
Nevada Bar No. 2319
Brian W. Boschee, Esq.
Nevada Bar No. 7612
400 South Fourth Street, Third Floor
Las Vegas, NV  89101
(702) 791-0308 Telephone
(702) 791-1912 Facsimile

Attorneys for Defendant
USA COMMERCIAL MORTGAGE COMPANY

## CERTIFICATE OF MAILING

The undersigned, an employee of SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON, hereby certifies that on September 9, 2003, she served a copy of the foregoing document -- **DEFENDANT USA COMMERCIAL MORTGAGE COMPANY'S ANSWER TO FOURTH AMENDED COMPLAINT AND COUNTERCLAIM** -- by placing said copy in an envelope, postage fully prepaid, in the U.S. Mail at Las Vegas, Nevada, said envelope addressed to:

Fred "Pete" Gibson, III, Esq.
Ronald D. Green, Esq.
Hale Lane Peek Dennison & Howard
2300 W. Sahara, Suite 800, Box 8
Las Vegas, Nevada 89102

Richard McKnight, Esq.
McKnight Law Offices
330 South Third Street, Suite 900
Las Vegas, NV 89101

Lynn M. Hansen, Esq.
Jimmerson Hansen
415 South 6th Street, Suite 100
Las Vegas, NV 89101

*Mary A. Barnes*
Mary A. Barnes, an employee of SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON