# EXHIBIT "F"

**EXHIBIT "F"**

Anthony A. Zmaila, Esq.
Nevada Bar No. 2319
SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON
3773 Howard Hughes Parkway, Suite 290N
Las Vegas, Nevada 89109
Telephone: (702) 791-0308

Attorneys for Defendants

RECEIVED AND FILED
2002 JAN 17 P 4:34
U.S. BANKRUPTCY COURT
PATRICIA GRAY, CLERK

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

ADV- 01-2140

| | |
|---|---|
| In re: PRINCIPLE CENTERED, INC. a Nevada Corporation, Debtor | Case No. BK-S-01-11719-RCJ Chapter 11 Jointly Administered |
| In re: AMERICAN DESTINATION, II, LLC a Nevada limited liability company, Debtor | Case No. BK-S-01-11720-RCJ Chapter 11 Jointly Administered |
| In re: AMERICAN ENCHANTMENT II, LLC a Nevada limited liability company, Debtor | Case No. BK-S-01-11721-RCJ Chapter 11 Jointly Administered |
| In re: AMERICAN HARMONY II, LLC a Nevada limited liability company, Debtor | Case No. BK-S-01-11722-RCJ Chapter 11 Jointly Administered |
| In re: AMERICAN INSPIRATION, LLC a Nevada limited liability company, Debtor | Case No. BK-S-01-11723-RCJ Chapter 11 Jointly Administered |
| In re: AMERICAN IMAGINATION, LLC. a Nevada limited liability company, Debtor | Case No. BK-S-01-11724-RCJ Chapter 11 Jointly Administered |

| | |
|---|---|
| AMERICAN COMMUNITIES, LLC, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>USA COMMERCIAL MORTGAGE COMPANY, a Nevada Corporation, et al.<br><br>Defendants. | Adversary No.: Not Assigned<br>(Formerly Case No.: CV-S-01-0355-KJD-LRL;<br>United States District Court, District of Nevada)<br><br>Date of Hearing:    December 5, 2001<br>Time of Hearing:    1:00 p.m. |

### REPORT AND RECOMMENDATION OF BANKRUPTCY COURT

Pursuant to Order entered October 31, 2001 in *American Communities, LLC et.al. v. USA Commercial Mortgage Co. et. al.*, Case No. CV-S-01-0355-KJD(LRL), (the "Referred Case") pending in the United State District Court, District of Nevada, The Honorable Kent Dawson referred the above-captioned action "to Judge Robert Clive Jones of the U. S. Bankruptcy Court for the District of Nevada to determine whether this action may be resolved in Bankruptcy Court" (the "Referral Order"). Subsequent to the entry of the Referral Order, Defendants in the Referred Case filed a "Request for Ruling on Motion to Expunge Lis Pendens" (the "Request for Ruling").

The Referral Order and the Request for Ruling came before the court on December 5, 2001. J. Stephen Peek and Stephen R. Harris appeared for debtors and for Plaintiffs in the Referred Case (hereinafter, "Plaintiffs") and Anthony Zmaila appeared for certain secured creditors and for Defendants in the Referred Case (hereinafter, the "Defendants").

Both the Plaintiffs in the Referred Case, on the one hand, and the Defendants in the Referred Case, on the other hand, submitted papers in connection with the Referral Order and the Request for Ruling.

The Court takes notice that three adversary proceedings are pending before this Court that bear some relationship to the Referred Case. Those adversary proceedings are: Principle Centered, Inc. et al v. USA Commercial Mortgage Co., Adversary No. 01 2140 RCJ; USA Commercial Mortgage Co. V. Robert Porter, et al, Adversary No. 01 2275 RCJ; and American Communities, LLC et al v. USA Commercial Mortgage Co., et al, Adversary No. 01-2269-RCJ..

Having reviewed the papers on file and considered the presentations of counsel, the Court hereby makes its report as follows:

# REPORT

## A. Jurisdiction

. The Plaintiffs in the Referred Case argue that the Bankruptcy Court can assert jurisdiction over all claims made in the Referred Case. The Defendants in the Referred Case argue that the Bankruptcy Court can assert jurisdiction only over the claims of the debtors, and certain claims of affiliates of the debtors, but not over the claims of Robert and Cheryl Porter or American Communities, LLC. Despite the argument of Defendants in the Referred Case and without further briefing, this Court believes that it has jurisdiction over all claims made in the Referred Case.

## B. Core, Non-core And Other Matters.

The Plaintiffs in the Referred Case suggest that the sole core matter alleged in the Referred Case are the claims brought pursuant to 11 U.S.C. §510(c). They further suggest that the remainder of the claims are likely non-core. The Defendants in the Referred Case suggest that the claims brought pursuant to 11 U.S.C. §510(c) are core matters; that the remaining claims brought by the debtors are core matters; that the claims brought by the affiliates of the debtors are core/non-core matters; and that the claims of Robert and Cheryl Porter and American Communities, LLC are neither core or non-core and are matters over which the Bankruptcy Court does not have subject matter jurisdiction.

The Plaintiffs in the Referred Case will consent to jurisdiction in the Bankruptcy Court and will agree to entry of final orders by the Bankruptcy Court on all claims. The Defendants in the Referred Case will not so consent.

## C. Jury trial

The Plaintiffs in the Referred Case made a demand for jury trial and argue that they are entitled to jury trial on all claims before the court. The Defendants in the Referred Case did not demand a jury trial and, in fact, assert that the debtors and the affiliates of the debtors, who filed proofs of claim in these bankruptcy cases, are not entitled to a jury trial on any claims before the Bankruptcy Court or any other court. This Court is cognizant of the teachings of the United States Supreme Court in Katchen v. Landy and its progeny with respect to the limitations on jury trials for debtors and others who submit themselves to the jurisdiction of the bankruptcy court. The issue of any party's right to jury trial is not yet ripe for adjudication.

1       Based on the foregoing, the Court enters its recommendation as follows:

## RECOMMENDATION

The Bankruptcy Court is willing to hear and determine the entirety of the Referred Case. But, this Court believes that it should exercise its jurisdiction only if: (a) it could hear and determine the entire Referred Case and enter final orders with respect to all issues in the entire Referred Case, including those matters which may be triable by a jury, or (b) discrete parts of the case were referred to it for decision. However, the Defendants have requested that they be able to assert their rights: (x) to contest the jurisdiction of the Bankruptcy Court as to the claims of Robert and Cheryl Porter and American Communities, LLC, and (y) to de novo review by the District Court of this Court's findings and conclusions on non-core matters. The Bankruptcy Court is, therefore, recommending that the entire Referred Case should not be transferred to the Bankruptcy Court, and that the District Court withdraw the reference as to those issues in the Referred Case which should have been brought in the Bankruptcy Court in the first instance.

On October 16, 2001, Plaintiffs filed an adversary proceeding in this court that mirrors the Referred Case. The Bankruptcy Court further recommends that the adversary proceeding, American Communities, LLC et al v. USA Commercial Mortgage Co., et al, Adversary No. 01-2269-RCJ should be transferred to the District Court.

Pending before this Bankruptcy Court are two adversary proceedings removed from the District Court, Clark County, Nevada. Theses adversary proceedings have been consolidated. The Bankruptcy Court believes that these adversary proceedings are related to the Referred Case. The Bankruptcy Court further recommends that the consolidated adversary proceedings, Principle Centered, Inc. et al v. USA Commercial Mortgage Co., Adversary No. 01 2140 RCJ, and USA Commercial Mortgage Co. v. Robert Porter, et al, Adversary No. 01 2275 RCJ should be transferred to the District Court.

Given the recommendation, the Court also declines to hear the Request for Ruling.

///

///

///

1  If the District Court accepts this recommendation, then the Clerk of the Bankruptcy Court is
2  hereby directed to: (A) transfer the Referred Case to the District Court, (B) transfer Adversary No. 01-
3  2269-RCJ to the District Court, and (C) transfer Adversary No. 01 2140 RCJ and Adversary No. 01 2275
4  RCJ to the Clerk of the District Court.
5  Dated this _11_ day of January 2002.

**IT IS SO RECOMMENDED.**

**ROBERT CLIVE JONES**
United States Bankruptcy Judge

Submitted by
SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON

_[signature]_
Anthony A. Zmaila
Nevada Bar No. 2319
Attorneys for Defendants

Approved/Disapproved as to Form and Content

REFUSED TO EXECUTE
Elissa F. Cadish, Esq.
Hale Lane Peek Dennison Howard and Anderson
2300 W. Sahara, Suite 800
Box 8
Las Vegas, Nevada 89102