**LEWIS AND ROCA LLP**
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89109
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429
Facsimile (602) 734-3824
Telephone (602) 262-5311

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 0065934
Email: rcharles@lrlaw.com

Attorneys for Official Committee of Unsecured Creditors

E-Filed on July 13, 2006

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| In re: | Jointly Administered |
|---|---|
| **USA Commercial Mortgage Company** 06-10725 – Lead Case | Chapter 11 Cases |
| **USA Capital Realty Advisors, LLC** 06-10726 | Judge Linda B. Riegle Presiding |
| **USA Capital Diversified Trust Deed Fund, LLC** 06-10728 | **RESPONSE TO SUPPLEMENT BRIEF AND REQUEST FOR RULING ON ISSUE OF LAW** |
| **USA Capital First Trust Deed Fund, LLC** 06-10728 | Date: July 25, 2006 Time: 9:30 a.m. **Affecting:** ☒ All Cases or Only: ☐ USA Commercial Mortgage Company ☐ USA Capital Realty Advisors, LLC ☐ USA Capital Diversified Trust Deed Fund, LLC ☐ USA Capital First Trust Deed Fund, LLC |
| **USA Securities, LLC** 06-10729 **Debtors.** | |

The Official Unsecured Creditors' Committee for USA Commercial Mortgage Company (the "Committee") asks that the relief requested in the Supplemental Brief and Request for Ruling on Issue of Law (DE 820) filed by Mr. LePome on behalf of his clients be denied as a request for an advisory opinion. The issues posed in Mr. LePome's brief may arise in a variety of factual contexts, whether a suit against an overpaid direct lender,

202640.1

a request for an offset of a post-petition payment by a borrower, or otherwise. They do not now arise in a specific factual context.

The Committee respectfully suggests that the controversy over these issues is, at this time, outside the jurisdiction of a federal court. The Ninth Circuit explained the jurisdictional principle:

> The "basic rationale" of Article III ripeness doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967). Accordingly, "ripeness is peculiarly a question of timing," *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320 (1974), and a federal court normally ought not resolve issues "involv[ing] 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81, 105 S.Ct. 3325, 3333, 87 L.Ed.2d 409 (1985) (quoting 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3532 (1984)). In the absence of an immediate and certain injury to a party, a dispute has not "matured sufficiently to warrant judicial intervention." See *Warth v. Seldin*, 422 U.S. 490, 499 n. 10, 95 S.Ct. 2197, 2205 n. 10, 45 L.Ed.2d 343 (1975).[1]

Except for the narrow request to hold distributions until late July, Debtors have not sought relief from the direct lenders. By attacking the alternatives posed by Debtors, Mr. LePome's brief seeks, in effect, a request for an advisory opinion.[2] There is no case or controversy, the facts have not been developed to indicate whether there is any justification for any of the potential arguments, and the Court simply lacks jurisdiction over these hypothetical disputes.[3]

The Committee requests that Mr. LePome's request be denied and the issues of fact and law addressed as they arise within this Court's jurisdiction.

---

[1] *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996).
[2] See *In re MacNeil*, 907 F.2d 903 (9th Cir. 1990) (bankruptcy court lacked jurisdiction to render advisory opinion of relative priority of superpriority claims).
[3] *In re Lowenschuss*, 170 F.3d 923, 932 (9th Cir. 1999) (issue that is contingent upon future events, here an appeal, is not ripe for decision); *Acequia*, 94 F.3d at 572 (whether one party would breach a contract in the future or not was not a ripe issue, thus outside the jurisdiction of federal courts).



Dated July 13, 2006.

**LEWIS AND ROCA LLP**

By /s/ RC (#006593)
Susan M. Freeman, AZ 4199 (pro hac vice)
Rob Charles, NV 6593
*Attorneys for Official Unsecured Creditors' Committee*

202640.1