Parsons, Behle & Latimer
Nancy L. Allf, Bar No. 0128
Timothy P Thomas, Bar No. 5148
411 E. Bonneville Ave. #100
Las Vegas, NV 89101
(702) 599-6000
nallf@parsonsbehle.com

Robert C. LePome, Esq.
330 S. Third St. #1100B
Las Vegas, NV 89101
(702) 385-5509
Nevada Bar #1980
robert@robertlepome.com

Attorneys for Alexander et, al.

E-filed on July 13, 2006

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | BK-S-06-10725-LBR |
| | ) | Chapter 11 |
| USA COMMERCIAL MORTGAGE COMPANY | ) | |
| Debtor | ) | |
| In re: | ) | BK-S-06-10726-LBR |
| | ) | Chapter 11 |
| USA CAPITAL REALTY ADVISORS, LLC, | ) | |
| Debtor | ) | |
| In re: | ) | BK-S-06-10727-LBR |
| | ) | Chapter 11 |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | ) | |
| Debtor | ) | |
| In re: | ) | BK-S-06-10728-LBR |
| | ) | Chapter 11 |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | ) | |
| Debtor | ) | |
| In re: | ) | BK-S-06-10729-LBR |
| | ) | Chapter 11 |
| USA SECURITIES, LLC, | ) | |
| Debtor | ) | |
| Affects: | ) | |
| ■ All Debtors | ) | |

☐ USA Commercial Mortgage Co.       )
☐ USA Securities, LLC                )
☐ USA Capital Realty Advisors, LLC   )    DATE:    August 16, 2006
☐ USA Capital Diversified Trust Deed )    TIME:    9:30 AM
☐ USA First Trust Deed Fund, LLC     )
_____)

## MOTION TO OBTAIN INFORMATION

COME NOW Stanley Alexander and others detailed in Docket #650 and by and through their attorneys Nancy Allf and Robert C. LePome and move this Court for an Order that the Debtor provide information as to the HILCO Appraisals on the 52 Properties referenced in counsel's letter to Gregory E. Garman, Esq dated June 26, 2006 and in counsel's letter to Leonard E. Schwartzer and Jeanette McPherson dated June 30, 2006 which are attached as Exhibit "A" hereto.

The letter dated June 26, 2006 was served by mail.  The letter dated June 30, 2006 was personally delivered to Lenard E. Schwartzer on June 30, 2006.  The clients referenced each own a portion of the notes secured by the referenced 52 Properties.

Movants have placed funds into attorney's trust account to pursue collection including a lawsuit against the guarantors on the various notes.  It is necessary that the appraisals be examined by counsel to determine whether and when to file suit on non-performing loans which may be undersecured.  This same approach was followed in the Interstate Mortgage bankruptcy where Mr. LePome represented Bob Rogers and Ruby Rogers who sued David Ferrodino who was the principal of Interstate Mortgage.  The Rogers' ultimately received a settlement of $82,000.00 after pursuing their suit in U.S. District Court for the District of Nevada.

There is no issue of security for the appraisals.  They will be kept in a

combination safe which combination is known only to Mr. LePome. The safe is located in a locked room to which Mr. LePome and his 19-year secretary/paralegal have the only keys. The office is also locked and the office is located in a locked suite to which only Mr. LePome, his receptionist, his 19-year secretary/paralegal and another attorney have a key. The Building is locked in the evening and or weekends and is accessible only by a coded key pad. The 11th floor where the office of Mr. LePome is located has the security appropriate to a U.S. District Courtroom location (same and except for a metal detector). The 11th floor courtroom was once used by the Honorable Roger D. Foley and then the Honorable Linda B. Regal and currently by the Honorable Senior Judges of the Eighth Judicial District Court, and their staff.

Attorney's have agreed to execute a confidentiality agreement in the form executed by the 28-30 others who have been furnished a two copy page summary copy of the appraisals. It is settled that the appraisals will remain confidential and that if confidentiality is ever compromised the source is not likely to be that of attorneys. Indeed, Mr. LePome's USAF training and security clearance and office safe and facilities probably exceed the security characteristics of the 28 individuals who currently have access to this sensitive information.

## THE LAW

The guarantors are co-debtors. The co-debtor stay imposed by a bankruptcy filing only applies in Chapter 12 and Chapter 13 cases. See 11 USC 1201 and 1301, and even there the stay is limited to consumer debt of the debtor. There is some precedent to limited protection of the principals of a Chapter 11 filing so that they can

devote full time to preparing a Plan of Reorganization. This equitable power of the Court should not be involved in this case because the principals of Debtor have no duties or decision making-ability. They have given all authority to Mr. Allison who, of course, is neither a principal nor a debtor nor a guarantor. In any event many of the guarantors are not the former insiders of the Debtor. Further, at the creditor's 341 hearing of Debtor on July 12, 2006, Mr. Allison testified he was very close to preparing a Plan of Reorganization for all entities and that such would be filed within the 120 days from the petition date which would be August 12, 2006, three days before the hearing of this motion.

Petitioners have complied with the law of the case which is embodied in the Ordered Clarifying Requirement to Provide Access to Information entered June 27, 2006. Movement made the information request to the appropriate Committee by letter dated June 26, 2006. Allowing three (3) days for mailing it is deemed received on June 29, 2006. There has been no response from the Committee. Movement made their request to Debtor in person by hand-delivering and by a private conference with Mr. Schwartzer in his office on June 30, 2006. The twenty (20) days for resolution will expire on July 19, 2006. This motion is therefore ripe for filing and for decision.

At the meeting with Mr. Schwartzer on June 30, 2006 it was agreed that Mr. LePome would sign the standard non-dis closure agreement, and that such agreement would be provided in a week's time unless Mr. Allison objected to the disclosure. Mr. Schwartzer has not further responded except to say that his office was very busy. Obviously the Debtor is stonewalling. This is not the sort of conduct which was

anticipated when Movants supported the Debtor's request for authority to obtain the appraisals.

## ARGUMENT

It should be noted that attorneys have agreed with their clients that the appraisals would not be given to the clients but they would be used by attorneys to determine what guarantors needed to be sued and when. It should further be noted that the documents will be safeguarded at facilities appropriate to properly safeguard confidential information and that attorneys fully committed to do so. If there is a leak it will not be from this movant. Since the appraisals were obtained with funds that would otherwise be available to movants, it seems burdensome to require the movants to obtain duplicate appraisals at their own expense. Such duplication is an unnecessary expense.

## CONCLUSION

The Court should grant the motion to obtain the appraisal information subject to the usual rules of confidentiality and the confidentiality agreement to be executed.

    /s/ Robert C. LePome, Esq.
Robert C. LePome, Esq.
330 S. Third St. #1100B
Las Vegas, NV 89101
Nevada Bar #1980
(702) 385-5509

and

Parsons, Behle & Latimer
Nancy Allf, Esq., Bar #0128
Timothy P. Thomas, Bar #5148
411 E. Bonneville Ave. #100
Las Vegas, NV 89101

Case 06-10725-gwz    Doc 868    Entered 07/13/06 14:44:16    Page 6 of 6