J. Stephen Peek, Esq., NV. Bar No. 1758
Elissa F. Cadish, Esq., NV Bar No. 8834
Scott D. Fleming, Esq., NV Bar No. 5638
Matthew J. Kreutzer, Esq., NV Bar No. 8834
Hale Lane Peek Dennison and Howard
3930 Howard Hughes Parkway, Fourth Floor
Las Vegas, Nevada  89169
Telephone: (702) 222-2500
Facsimile:  (702) 365-6940
Email:  mkreutzer@halelane.com

Attorneys for Rolland P. Weddell
And Spectrum Financial Group

ELECTRONICALLY FILED July 17, 2006

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

USA COMMERCIAL MORTGAGE COMPANY
               Debtor.
_____/

In re:

USA CAPITAL REALTY ADVISORS, LLC
               Debtor.
_____/

In re:

USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC
               Debtor.
_____/

In re:

USA CAPITAL FIRST TRUST DEED FUND, LLC
               Debtor.
_____/

In re:

USA SECURITIES, LLC
               Debtor.
_____/

ROLAND WEDDELL and SPECTRUM FINANCIAL GROUP, LLC,

               Plaintiffs,

vs.

USA COMMERCIAL MORTGAGE COMPANY,

               Defendant

Bankruptcy No. BK-S-06-10725-LBR

Bankruptcy No. BK-S-06-10726-LBR

Bankruptcy No. BK-S-06-10727-LBR

Bankruptcy No. BK-S-06-10728-LBR

Bankruptcy No. BK-S-06-10729-LBR

(Jointly Administered)
Chapter 11

Adversary No. _____

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

::ODMA\PCDOCS\HLLASDOCS\218154\1      Page 1 of 10

Plaintiffs Rolland P. Weddell and Spectrum Financial Group, Inc. (collectively, "Plaintiffs"), by and through its counsel, Hale Lane Peek Dennison and Howard, hereby complains against debtor USA Commercial Mortgage Company ("USA") to determine that Plaintiffs' claim against the Debtor is not dischargeable pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6), and in support thereof, respectfully state as follows:

## PARTIES

1. At all relevant times, Rolland P. Weddell ("Weddell") was an individual residing in Carson City, Nevada.

2. At all relevant times, Spectrum Financial Group, LLC ("Spectrum") was a Delaware Limited Liability Company doing business in the State of Nevada as Spectrum Financial Group II, LLC.

3. At all relevant times, debtor USA Commercial Mortgage Company ("USA") was a Nevada corporation, with its principal place of business in Clark County, Nevada, doing business as USA Capital.

4. On or about April 13, 2006 (the "Petition Date"), Debtor commenced this case by filing a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code, Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

## JURISDICTION AND VENUE

5. This court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(a). The subject matter of this Complaint is a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(I) and 157(b)(2)(J).

6. The venue of this action is proper pursuant to 28 U.S.C. § 1409.

## GENERAL ALLEGATIONS

7. Prior to the commencement of the above-captioned bankruptcy case, Plaintiffs filed an action against USA in the United States District Court for the District of Nevada. In addition to USA, Plaintiffs named USA's former chief executive officer, Thomas A. Hantges, its former president and treasurer, Joseph Milanowski, and its former Vice President, Richard Kropp. Also named as defendants in that lawsuit were Amblamo, LLC ("Amblamo"), a lender and beneficiary of certain loans made by USA, and Housing Partners LLC ("Housing Partners"), which is an affiliate of USA,

Hantges, and Milanowski.

8. That lawsuit, which is still ongoing, is captioned Roland P. Weddell, *et al.* v. USA Commercial Mortgage, *et al.*, case number CV-S-01-0355 (the "Action"). A copy of Plaintiffs' most recent pleading, the Fourth Amended Complaint, is attached hereto as **"Exhibit A"** and incorporated by reference herein.

9. The Action relates to a series of loans made by USA and its related parties, Amblamo and Housing Partners. Specifically, USA, Amblamo, and Housing Partners loaned money to the Plaintiffs' former partner and co-plaintiff, American Communities, LLC ("American Communities").

10. American Communities' related entities included the now-bankrupt Principle Centered, Inc. ("PCI"). PCI and its subsidiaries, in turn, were created for the sale of single-family homes built by American Communities. Weddell formed PCI with the principals of American Communities, Robert and Cheryl Porter. Spectrum and Weddell worked together in assisting PCI and other American Communities projects to secure financing.

11. Plaintiffs, American Communities, PCI, and its subsidiaries brought the Action alleging that USA and the other defendants conspired with one another in devising a scheme that involved a series of fraudulent transactions designed to conspired to bilk Plaintiffs and their former co-plaintiffs out of millions of dollars.

12. American Communities, Cheryl Porter, and Robert Porter later settled with the defendants, and, pursuant to the bankruptcy filing by PCI and its subsidiaries, the Bankruptcy Court held an auction for the sale of claims held by those entities. Plaintiffs successfully bid on and were assigned the claims by PCI and its subsidiaries, and has asserted the assigned claims in the Action. *See* Order Approving Sale of Claims to Spectrum Financial Group, dated November 18, 2002, attached as **"Exhibit B."**

13. In 1997, American Communities began obtaining acquisition and development loans through USA, working through USA representatives Hantges, Milanowski, and Kropp. Soon, American Communities began speaking with USA regarding the possibility of raising equity to accommodate its growth needs.

14. USA, however, privately wanted American Communities to satisfy its capital needs

through USA-brokered loans instead of obtaining equity.

15. In order to induce American Communities into taking out more loans from USA, USA, Hantges, Milanowski and Kropp used made a series of false representations to American Communities regarding, among other things, the financial status of a prospective candidate for merger with American Communities. The merger candidate was partially controlled by Hantges and, as USA knew, was not economically suited for a merger with American Communities.

16. Eventually, American Communities learned that all representations made by USA, Hantges, Milanowski and Kropp regarding the target company were false, and that the target company was ready to file for bankruptcy protection. As a result, American Communities opted not to go forward with the merger and began to pursue additional equity opportunities with third parties; USA, however, effectively "quashed" these efforts when USA itself promised to become American Communities' equity partner.

17. Instead of providing American Communities with equity, it simply created more loans – which American Communities, its affiliates, and subsidiaries could not afford. American Communities' financial position was weakened further as a result of the loans created under false pretenses by USA.

18. Hantges and Milanowski took advantage of American Communities' weak financial position by seizing the controls of the company without permission or authority. Hantges and Milanowski, individually and as principals of USA, began committing American Communities to harmful business deals, which further injured American Communities economically.

19. After intentionally weakening American Communities with these deals, USA and Hantges informed American Communities that American Communities would have no choice but to deed all of its assets directly to USA.

20. In January of 2000, Weddell and Spectrum, along with the Porters, formed PCI to take over and develop most of American Communities' projects and entered into a Debt Restructuring Agreement with USA and Housing Partners relating to various loans. As part of the Debt Restructuring Agreement, USA falsely promised to extend certain American Communities loans and make other accommodations that would permit American Communities to remain solvent.

Hale Lane Peek Dennison and Howard
3930 Howard Hughes Parkway, Fourth Floor
Las Vegas, Nevada 89169

21. Weddell, Spectrum, PCI, and American Communities relied upon the misrepresentations of USA in entering into the Debt Restructuring Agreement, and gave substantial consideration to USA is so doing.

22. USA, however, refused to comply with the terms of the Debt Restructuring Agreement, and, once again, improperly claimed that PCI and its guarantors owed additional fees to USA. The actions by USA and its principals caused other potential lenders, contractors, and suppliers to refuse to do business with American Communities or the PCI entities, which ultimately caused those businesses to fail.

23. USA also made fraudulent statements and/or actually defrauded Plaintiffs in the ways described in the Fourth Amended Complaint (Exhibit A).

24. Weddell and Spectrum, individually and as the assignees of the claims owned by PCI and its subsidiaries, were substantially harmed by USA's fraudulent actions in the ways described herein and in the Fourth Amended Complaint (Exhibit A).

## FIRST CLAIM FOR RELIEF FOR NONDISCHARGEABILITY
### (For Obtaining Money through False Representations and Actual Fraud
### Under 11 U.S.C. § 523(a)(2)(B))

25. Plaintiffs incorporate by reference paragraphs 1 through 24, and the allegations of the Fourth Amended Complaint (Exhibit A).

265. As set forth herein and in the Fourth Amended Complaint, USA obtained money from Plaintiffs through the Debt Restructuring Agreement by making materially false representations to Plaintiffs. USA knew that its representations were false at the time they were made, and made those representations with the intent to induce reliance by Plaintiffs. USA committed actual fraud when it made its false statements and representations to Plaintiffs.

27. USA also obtained money from Plaintiffs' assignors, PCI and its subsidiaries, by making materially false representations in the ways described herein and in Exhibit A. USA knew that its representations were false at the time they were made, and made those representations with the intent to induce reliance by Plaintiffs' assignors. USA committed actual fraud when it made its false statements and representations to Plaintiffs' assignors.

28. Plaintiffs and their assignors actually relied upon the false statements made by USA, which Plaintiffs and its assignors did not know were false. As a result, Plaintiffs and their assignors were actually defrauded by USA in the ways described herein.

29. Plaintiffs and their assignors were damaged thereby.

## SECOND CLAIM FOR RELIEF FOR NONDISCHARGEABILITY

**(For Fraud in a Fiduciary Capacity, Embezzlement and Larceny Under 11 U.S.C. § 523(a)(4))**

30. Plaintiffs incorporate by reference paragraphs 1 through 29, and the allegations of the Fourth Amended Complaint (Exhibit A).

31. As discussed above and in the Fourth Amended Complaint, USA acted in a fiduciary capacity when it induced Plaintiffs, Plaintiffs' assignors, American Communities, and the Porters to enter into the Debt Restructuring Agreement, because USA and its officers had forcibly taken control of certain aspects of the operations of American Communities and its subsidiaries.

32. As such, USA owed to Plaintiffs a fiduciary duty.

33. USA breached its fiduciary duty by wrongfully inducing Plaintiffs, Plaintiffs' assignors, American Communities, and the Porters to enter into the Debt Restructuring Agreement through false representations and actual fraud. Further, USA breached its fiduciary duty by characterizing certain loans as being in default, when they were not in fact in default. USA breached its fiduciary duty by contacting certain third parties and advising them not to deal with American Communities and its subsidiaries.

34. USA also breached its fiduciary duty to Plaintiffs in the ways described in Exhibit A.

35. Plaintiffs have been damaged by USA's actions in the ways described herein and in Exhibit A.

## THIRD CLAIM FOR RELIEF FOR NONDISCHARGEABILITY

**(For Willful or Malicious Injury Under 11 U.S.C. § 523(a)(6))**

36. Plaintiffs incorporate by reference paragraphs 1 through 354, and the allegations of the Fourth Amended Complaint (Exhibit A).

37. By defrauding Plaintiffs and Plaintiffs' assignors in the ways described herein, USA

willfully and/or maliciously injured the property of Plaintiffs and their assignors.

38. Further, USA injured the property of Plaintiffs and Plaintiffs' assignors in the ways described in Exhibit A.

39. USA's actions were willful and malicious and caused injury to Plaintiffs.

## REQUESTED RELIEF

Based on the foregoing, Plaintiffs respectfully request Judgment providing the following relief:

A. An award of damages in favor of Plaintiffs and against USA for the sums due, as determined by this Court or the United States District Court for the District of Nevada, in Case No. CV-S-01-0355, with interest at the Nevada statutory rate until paid in full.

B. A declaration that the debt owed to Plaintiffs was incurred as a result of fraud in a fiduciary capacity, embezzlement and larceny and that such debt is not dischargeable pursuant to 11 U.S.C. § 523(a)(4).

C. A declaration that the debt owed to Plaintiffs was incurred as a result of its having obtained money from Plaintiffs through false representations and actual fraud and that such debt is not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

D. An award of costs of suit.

E. An award of such other relief as is just and proper.

DATED this 17th day of July, 2006.

/s/ Matthew J. Kreutzer
J. Stephen Peek, Esq.
Elissa F. Cadish, Esq.
Scott D. Fleming, Esq.
Matthew J. Kreutzer, Esq.
Hale Lane Peek Dennison and Howard
3930 Howard Hughes Parkway, Fourth Floor
Las Vegas, Nevada 89169

Attorneys for Rolland P. Weddell
And Spectrum Financial Group

## CERTIFICATE OF MAILING

I certify that on the 17th day of July, 2006, I served a copy of the **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** by depositing a copy of the same in a sealed envelope in the United States mail, Reno, Nevada, first-class postage fully prepaid, or by electronic notification and addressed to the persons as follows: See attached list.

**Electronic notice to:**

- **FRANKLIN C. ADAMS** franklin.adams@bbklaw.com  arthur.johnston@bbklaw.com
- **KELLY J. BRINKMAN** kbrinkman@gooldpatterson.com
- **THOMAS R BROOKSBANK** brooksbankt1@sbcglobal.net kaya1@sbcglobal.net
- **MATTHEW Q. CALLISTER** mqc@callister-reynolds.com maggie@callister-reynolds.com
- **CANDACE C CARLYON** ltreadway@sheacarlyon.com ccarlyon@sheacarlyon.com; bankruptcyfilings@sheacarlyon.com; rsmith@sheacarlyon.com
- **ROB CHARLES** rcharles@lrlaw.com cjordan@lrlaw.com
- **KEVIN B. CHRISTENSEN** kbchrislaw@aol.com
- **JANET L. CHUBB** jlc@jonesvargas.com tbw@jonesvargas.com
- **JEFFREY A. COGAN** jeffrey@jeffreycogan.com sarah@jeffreycogan.com
- **WILLIAM D COPE** cope_guerra@yahoo.com cope_guerra@yahoo.com
- **CICI CUNNINGHAM** bankruptcy@rocgd.com
- **LAUREL E. DAVIS** bklsclv@lionelsawyer.com ldavis@lionelsawyer.com; gbagley@lionelsawyer.com; ldavisesq@aol.com
- **THOMAS H. FELL** THF@GORDONSILVER.COM BANKRUPTCYNOTICES@GORDONSILVER.COM
- **SCOTT D. FLEMING** sfleming@halelane.com dbergsing@halelane.com, ecfvegas@halelane.com
- **GREGORY E GARMAN** bankruptcynotices@gordonsilver.com
- **WADE B. GOCHNOUR** wgochnour@hwmlvlaw.com donnat@hwmlvlaw.com
- **CARLOS A. GONZALEZ** carlos.gonzalez2@usdoj.gov Darlene.Ruckard@usdoj.gov; Eunice.Jones@usdoj.gov; Sue.Knight@usdoj.gov

Hale Lane Peek Dennison and Howard
3930 Howard Hughes Parkway, Fourth Floor
Las Vegas, Nevada 89169

- **GERALD M GORDON** bankruptcynotices@gordonsilver.com
- **TALITHA B. GRAY** tbg@gordonsilver.com bankruptcynotices@gordonsilver.com
- **MARJORIE A. GUYMON** bankruptcy@goldguylaw.com ddias@goldguylaw.com
- **EDWARD J. HANIGAN** haniganlaw@earthlink.net haniganlaw1@earthlink.net
- **XANNA R. HARDMAN** xanna.hardman@gmail.com
- **STEPHEN R HARRIS** steve@renolaw.biz noticesbh&p@renolaw.biz
- **CHRISTOPHER D JAIME** cjaime@waltherkey.com kbernhar@waltherkey.com
- **EVAN L. JAMES** ejameslv@earthlink.net kbchrislaw@aol.com
- **ANNETTE W JARVIS**
- **TY E. KEHOE** TyKehoeLaw@aol.com
- **ROBERT R. KINAS** rkinas@swlaw.com mstrand@swlaw.com; jlustig@swlaw.com; lholding@swlaw.com; imccord@swlaw.com
- **NILE LEATHAM** nleatham@klnevada.com ckishi@klnevada.com; bankruptcy@klnevada.com
- **ROBERT C. LEPOME** robert@robertlepome.com susan@robertlepome.com
- **REGINA M. MCCONNELL** rmcconnell@kssattorneys.com
- **WILLIAM L. MCGIMSEY** lawoffices601@lvcoxmail.com
- **RICHARD MCKNIGHT** mcknightlaw@cox.net gkopang@lawlasvegas.com; cburke@lawlasvegas.com,sforemaster@lawlasvegas.com
- **JEANETTE E. MCPHERSON** bkfilings@s-mlaw.com bkfilings@s-mlaw.com
- **JEANETTE E. MCPHERSON** jmcpherson@s-mlaw.com bkfilings@s-mlaw.com
- **SHAWN W MILLER** bankruptcyfilings@sheacarlyon.com smiller@sheacarlyon.com; aboehmer@sheacarlyon.com; ltreadway@sheacarlyon.com; rsmith@sheacarlyon.com
- **DAVID MINCIN** mcknightlaw@cox.net gkopang@lawlasvegas.com; dmincin@lawlasvegas.com,cburke@lawlasvegas.com,sforemaster@lawlasvegas.com
- **JOHN F MURTHA** jmurtha@woodburnandwedge.com
- **ERVEN T. NELSON** erv@rlbolick.com susan@rlbolick.com
- **BOB L. OLSON** ecffilings@beckleylaw.com bolson@beckleylaw.com;

dgriffis@beckleylaw.com

- **DONNA M. OSBORN** jinouye@marquisaurbach.com dosborn@marquisaurbach.com; tszostek@marquisaurbach.com; kgallegos@MarquisAurbach.com
- **DONALD T. POLEDNAK** sandplegal@yahoo.com spbankruptcy@yahoo.com
- **PAUL C RAY** info@johnpeterlee.com
- **SUSAN WILLIAMS SCANN** sscann@deanerlaw.com palexander@deanerlaw.com
- **LENARD E. SCHWARTZER** bkfilings@s-mlaw.com
- **SHLOMO S. SHERMAN** ssherman@sheacarlyon.com aboehmer@sheacarlyon.com; bankruptcyfilings@sheacarlyon.com; ltreadway@sheacarlyon.com; mmallet@sheacarlyon.com; rsmith@sheacarlyon.com
- **JEFFREY G. SLOANE** gjklepel@yahoo.com rmcconnell@kssattorneys.com
- **PETER SUSI** cheryl@msmlaw.com msm@msmlaw.com
- **JEFFREY R. SYLVESTER** jeff@sylvesterpolednak.com David@sylvesterpolednak.com
- **CARYN S. TIJSSELING** cst@beesleymatteoni.com aha@beesleymatteoni.com
- **JOAN C WRIGHT** jwright@allisonmackenzie.com jbrooks@allisonmackenzie.com
- **MATTHEW C. ZIRZOW** bankruptcynotices@gordonsilver.com
- **U.S. TRUSTEE - LV - 11**   USTPRegion17.lv.ecf@usdoj.gov,

and mailed to:

NICHOLAS J SANTORO
400 S FOURTH ST 3RD FLOOR
LAS VEGAS, NV 89101

BRADLEY J STEVENS
3300 N CENTRAL AVE
PHOENIX, AZ 85012

GREGORY J WALCH
400 S FOURTH ST 3RD FLOOR
LAS VEGAS, NV 89101

GREG GARMAN
3960 Howard Hughes Parkway
9th Floor
Las Vegas, NV 89109

PAUL A. JACQUES
810 SE 7th Street A-103
Deerfield Beach, FL 33441

SCOTT K. CANEPA
CANEPA, RIEDY & RUBINO
851 S. Rampart Blvd., #160
Las Vegas, NV 89145

/s/ Cyndy Arnold
Employee of Hale Lane Peek Dennison and Howard

::ODMA\PCDOCS\HLLASDOCS\218154\1        Page 10 of 10

Hale Lane Peek Dennison and Howard
3930 Howard Hughes Parkway, Fourth Floor
Las Vegas, Nevada 89169

| B 104<br>(Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|---|
| **PLAINTIFFS**<br>ROLAND WEDDELL AND SPECTRUM FINANCIAL GROUP, LLC | **DEFENDANTS**<br>USA COMMERCIAL MORTGAGE COMPANY | |
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>J. Stephen Peek, Esq.  (720)222-2500<br>Elissa F. Cadish, Esq.<br>Hale Lane Peek Dennison and Howard; 3930 Howard Hughes Pwy, Fourth Floor, Las Vegas, NV 89169 | ATTORNEYS (If Known) | |

PARTY (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Determine Dischargeablility of Debt
11 U.S.C. §§523(a)(2), (a)(4), and (a)(6)

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| | | |
|---|---|---|
| ☐ 454 To Recover Money or Property<br>☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property<br>☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property<br>☐ 424 To object or to revoke a discharge 11 U.S.C. § 727 | ☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan<br>☒ 426 To determine the dischargeability of a debt 11 U.S.C. § 523<br>☐ 434 To obtain an injunction or other equitable relief<br>☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan | ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action<br>☐ 459 To determine a claim or cause of action removed to a bankruptcy court<br>☐ 498 Other (specify) |

| ORIGIN OF PROCEEDINGS (Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|
| **DEMAND** $10,000,000 | OTHER RELIEF SOUGHT<br>Debt was incurred as a result of fraud | | | | ☒ JURY DEMAND<br>Check only if demanded in complaint |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>U.S.A. Commerical Mortgage Company, et al | BANKRUPTCY CASE NO.<br>BK-S-06-10725 (jointly administered) |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Nevada | DIVISIONAL OFFICE<br>Southern | NAME OF JUDGE<br>Hon. L. Riegle |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

FILING FEE (Check one box only.)   ☒ FEE ATTACHED   ☐ FEE NOT REQUIRED   ☐ FEE IS DEFERRED

| DATE<br>7/17/06 | PRINT NAME<br>Matthew J. Kreutzer, Esq. | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Matthew J. Kreutzer |
|---|---|---|