# EXHIBIT "A"
## PART 2

# EXHIBIT "A"
## PART 2

243.    These Defendants engaged in acts that operated as a fraud and deceit in the sale of securities upon Plaintiffs by misinforming American Communities and the Porters as to the health of Inco as an enterprise in order to coerce the Porters into purchasing Inco stock out of the proceeds of the American Communities Working Capital Loan at a price well above market value in violation of NRS 90.570(3) and NRS 207.360(30).

244.    The taking of property from Plaintiffs under circumstances not amounting to robbery, the extortionate collection of credit, the obtaining of money or property valued at $250.00 or more by means of false pretenses, and engaging in acts operating as a fraud and deceit in the sale of securities constitute "racketeering activity" as defined in NRS 207.390 and NRS 207.400(1)(a).

245.    These Defendants participated in the conduct of the enterprise through a pattern of racketeering.

246.    Due to the actions of these Defendants, in violation of NRS 207.400(1)(c), Plaintiffs have been damaged in an amount to be determined at trial.

247.    The conduct of these Defendants was willful, malicious, and fraudulent. As a result of such conduct, Plaintiffs are entitled to punitive damages in an amount to be determined at trial.

248.    Pursuant to NRS 207.470(1), Plaintiffs are entitled to treble damages and recovery of their attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF

### (State RICO - NRS 207.400(1)(d))

### PLAINTIFFS: All

### DEFENDANTS: USA; Housing Partners; Amblamo;

### Hantges; Milanowski; Kropp; Reale; Tomljenovich

249.    Plaintiffs reallege the allegations of Paragraphs 1 through 248 as if set forth fully herein.

250.    Defendants USA, Housing Partners, Amblamo, Hantges, Milanowski, Kropp, Reale and Tomljenovich are associated with the enterprise.

251.    These Defendants have organized, managed, directed, supervised and financed USA, which constitutes a "criminal syndicate" within the definition of NRS 207.370.

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

252. Due to the actions of these Defendants, in violation of NRS 207.400(1)(d), Plaintiffs have been damaged in an amount to be determined at trial.

253. The conduct of these Defendants was willful, malicious, and fraudulent. As a result of such conduct, Plaintiffs are entitled to punitive damages in an amount to be determined at trial.

254. Pursuant to NRS 207.470(1), Plaintiffs are entitled to treble damages and recovery of their attorneys' fees and costs.

### FIFTH CLAIM FOR RELIEF

#### (State RICO - NRS 207.400(1)(h))

#### PLAINTIFFS: All

#### DEFENDANTS: USA; Housing Partners; Amblamo;

#### Hantges; Milanowski; Kropp; Reale; Tomljenovich

255. Plaintiffs reallege the allegations of Paragraphs 1 through 254 as if set forth fully herein.

256. Defendants USA, Housing Partners, Amblamo, Hantges, Milanowski, Kropp, Reale and Tomljenovich conspired and agreed to perform the above-mentioned acts and to violate NRS 207.400(1)(c) and(1)(d).

257. Due to the actions of these Defendants, in violation of NRS 207.400(1)(h), Plaintiffs have been damaged in an amount to be determined at trial.

258. The conduct of these Defendants was willful, malicious, and fraudulent. As a result of such conduct, Plaintiffs are entitled to punitive damages in an amount to be determined at trial.

259. Pursuant to NRS 207.470(1), Plaintiffs are entitled to treble damages and recovery of their attorneys' fees and costs.

### SIXTH CLAIM FOR RELIEF

#### (Intentional Misrepresentation)

#### PLAINTIFFS: All

#### DEFENDANTS: USA; Housing Partners, Hantges; Milanowski; Kropp; Reale

260. Plaintiffs reallege the allegations Paragraphs 1 through 259 as if set forth fully herein.

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

261.    By making statements that the Debt Restructuring Agreement would resolve all issues between USA and American Communities regarding the loans that the agreement covered, that all interest in the deeds of trust securing the Harmony Second, Green Valley Ranch Second, and Somerset Second were being conveyed to Gonzales and Barden, and by failing to disclose that they believed there was a continuing obligation to USA with respect to the exit fees, and then asserting that USA was entitled to exit fees under these loans covered by the Debt Restructuring Agreement and the deeds of trust securing them, these Defendants made misrepresentations and omissions that caused Plaintiffs to expend substantial sums of money defending the baseless litigation filed by USA.

262.    By making statements that USA would extend the construction loan without further action on the part of the Plaintiffs when it never intended to extend the loan or inform Sterling of the obligation to extend the loan, and that it was entering the Debt Restructuring Agreement with the authority of the lenders for the affected loans including Sterling, and that no further fees would be required for the extension and/or by omitting to state that an extension fee would be charged, these Defendants made misrepresentations and omissions that caused Plaintiffs to incur additional expenses by filing legal action against USA and Sterling in District Court, Clark County, Nevada.

263.    By making statements that USA, under the Debt Restructuring Agreement, would advance additional development funds for the Inspiration project, by expanding or replacing the Green Valley Ranch First loan, these Defendants made misrepresentations and omissions that caused PCI and American Communities to enter into the Debt Restructuring Agreement with USA and caused PCI, Spectrum, and Weddell to agree to become additional guarantors for the loans secured by first deeds of trust on the Harmony, Inspiration, and Imagination projects, as well as for the American Communities Working Capital Loan, which they would not have agreed to do without Defendants' promise to advance additional development funds.

264.    Said misrepresentations and omissions were made with the knowledge or belief that the representations were false or without a sufficient basis for making the representations.

265.    These Defendants intended to induce all Plaintiffs to act based on the misrepresentations and omissions, and these Plaintiffs justifiably relied on the misrepresentations and omissions.

: ODMA\PCDOCS\HLLASDOCS\147610\5

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

1    266.    As a proximate result of the foregoing acts, these Defendants have become liable to

2    these Plaintiffs for damages in an amount to be proven at trial.

3    267.    These Defendants have engaged in conduct of an oppressive, fraudulent, and malicious

4    nature, thereby entitling these Plaintiffs to an award of punitive damages.

5    268.    PCI, Spectrum, and Weddell are also entitled to rescission of the guaranties entered in

6    connection with the Debt Restructuring Agreement as a result of the fraud on the part of Defendants.

7    269.    Due to these Defendants' misrepresentations, Plaintiffs have incurred substantial

8    attorneys' fees and costs, and these Defendants are thereby liable to these Plaintiffs for reimbursement

9    of these fees.

### SEVENTH CLAIM FOR RELIEF

#### (Negligent Misrepresentation)

#### PLAINTIFFS: All

**DEFENDANTS:** USA; Housing Partners; Hantges; Milanowski; Kropp; Reale

14    270.    Plaintiffs reallege the allegations of Paragraphs 1 through 269 as if set forth fully

15    herein.

16    271.    These Defendants made representations stating that the Debt Restructuring Agreement

17    would resolve all issues between USA and American Communities regarding the loans that the

18    agreement covered, that all interest in the deeds of trust securing the Harmony Second, Green Valley

19    Ranch Second, and Somerset Second were being conveyed to Gonzales and Barden, and by failing to

20    disclose that they believed there was a continuing obligation to USA with respect to the exit fees, and

21    then asserting that USA was entitled to exit fees under these loans covered by the Debt Restructuring

22    Agreement and the deeds of trust securing them, that were false at the time they were made and were

23    material to many of Plaintiffs' business decisions subsequent to these Defendants' making of the

24    representations.

25    272.    These Defendants made representations that USA would extend the Somerset First loan

26    without further action on the part of the Plaintiffs when it never intended to extend the loan or inform

27    Sterling of the obligation to extend the loan, and that it was entering the Debt Restructuring Agreement

28    with the authority of the lenders for the affected loans including Sterling, and that no further fees

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

1    would be required for the extension and/or by omitting to state that an extension fee would be charged

2    that were false at the time they were made and were material to many of Plaintiffs' business decisions

3    subsequent to these Defendants' making of the representations.

4        273.    These Defendants made representations that USA, under the Debt Restructuring

5    Agreement, would advance additional development funds for the Inspiration project, by expanding or

6    replacing the Green Valley Ranch First loan that were false at the time they were made and caused

7    Plaintiffs to enter into the Debt Restructuring Agreement with USA and caused PCI, Spectrum, and

8    Weddell to agree to become additional guarantors for the loans secured by first deeds of trust on the

9    Harmony, Inspiration, and Imagination projects, as well as for the American Communities Working

10    Capital Loan, which they would not have agreed to do without Defendants' promise to advance

11    additional development funds.

12        274.    These Defendants should have known that such representations were false at the time

13    they were made.

14        275.    These Defendants knew or should have known that these Plaintiffs would rely on such

15    representations, and Plaintiffs did so justifiably rely.

16        276.    As a proximate result of the foregoing acts, these Defendants have become liable to

17    these Plaintiffs for damages in an amount to be determined at trial.

18        277.    PCI, Spectrum, and Weddell are also entitled to rescission of the guaranties entered in

19    connection with the Debt Restructuring Agreement as a result of the negligent misrepresentations on

20    the part of Defendants.

21        278.    Due to these Defendants' misrepresentations, Plaintiffs have incurred substantial

22    attorneys' fees and costs, and these Defendants are thereby liable to Plaintiffs for reimbursement of

23    these fees.

24    ///

25    ///

26    ///

27

28

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

1

2                          **EIGHTH CLAIM FOR RELIEF**

3                              **(Breach of Contract)**

4                               **PLAINTIFFS: All**

5                               **DEFENDANT: USA**

6          279.    Plaintiffs reallege the allegations of Paragraphs 1 through 278 as if set forth fully

7    herein.

8          280.    Plaintiffs entered into a Debt Restructuring Agreement with USA, whereby USA

9    assigned its entire interest in the Harmony Second and Green Valley Ranch Second loans to Gonzales

10   and its entire interest in the Somerset Second loan to Barden.

11         281.    Plaintiffs fulfilled all of their requirements under the Debt Restructuring Agreement.

12         282.    USA subsequently sued American Communities and the Porters for payment of the exit

13   fee provisions in these loans despite the fact that USA had no interest in these loans. USA is thereby

14   liable to Plaintiffs for an amount to be determined at trial and claimed right to exit fees from closings

15   by Harmony, Inspiration, and Imagination.

16         283.    Due to the breach by these Defendants, Plaintiffs have incurred substantial attorneys'

17   fees and costs, and these Defendants are thereby liable to these Plaintiffs for reimbursement of these

18   fees.

19                          **TENTH CLAIM FOR RELIEF**

20                              **(Breach of Contract)**

21                               **PLAINTIFFS: All**

22                               **DEFENDANT: USA**

23         284.    Plaintiffs reallege the allegations of Paragraphs 1 through 283 as if set forth fully

24   herein.

25         285.    American Communities entered into a construction loan agreement with Sterling

26   whereby Sterling promised to lend American Communities $1,635,000.00. Plaintiffs later entered a

27   Debt Restructuring Agreement with USA whereby USA on behalf of Sterling agreed to extend the

28

:: )DMA\PCDOCS\HLLASDOCS\147610\5                  Page 43 of 55

1    loan for one year until at least August 16, 2001 and until April 1, 2002 if necessary, and represented

2    that it had the authority of Sterling to do so.

3        286.    Plaintiffs fulfilled all of their requirements under the Debt Restructuring Agreement.

4        287.    USA failed to extend the loan as promised, which led Sterling to issue and record an

5    incorrect Notice of Default. USA is thereby liable to Plaintiffs for an amount to be determined at trial.

6        288.    USA's promise to extend the Somerset First and representation that it had Sterling's

7    authority to do so caused PCI, Spectrum and Weddell to become additional guarantors for the loans

8    secured by first deeds of trust on the Harmony, Inspiration, and Imagination projects, as well as for the

9    American Communities Working Capital Loan which they would not have agreed to do without

10    Defendants' promise to extend the Somerset First.

11        289.    As such, PCI, Spectrum, and Weddell are also entitled to rescission of the guaranties

12    entered in connection with the Debt Restructuring Agreement as a result of the breach of contract on

13    the part of Defendants.

14        290.    Due to the breach by these Defendants, Plaintiffs have incurred substantial attorneys'

15    fees and costs, and these Defendants are thereby liable to these Plaintiffs for reimbursement of these

16    fees.

17                    **ELEVENTH CLAIM FOR RELIEF**

18                        **(Breach of Contract)**

19                        **PLAINTIFFS: All**

20                        **DEFENDANT: USA**

21        291.    Plaintiffs reallege the allegations of Paragraphs 1 through 290 as if set forth fully

22    herein.

23        292.    Plaintiffs entered into a Debt Restructuring Agreement with USA whereby USA

24    promised to advance additional development funds for the Inspiration project, by expanding or

25    replacing the Green Valley Ranch First loan.

26        293.    Plaintiffs fulfilled all of their requirements under the Debt Restructuring Agreement.

27        294.    USA failed to advance additional development funds for the Inspiration project as

28    promised. USA is thereby liable to Plaintiffs for an amount to be determined at trial.

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

Halo Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

1    295.    USA's promise to advance additional development funds caused PCI, Spectrum and

2    Weddell to become additional guarantors for the loans secured by first deeds of trust on the Harmony,

3    Inspiration, and Imagination projects, as well as for the American Communities Working Capital

4    Loan, which they would not have agreed to do without Defendants' promise to advance additional

5    development funds.

6    296.    As such, PCI, Spectrum, and Weddell are also entitled to rescission of the guaranties

7    entered in connection with the Debt Restructuring Agreement, as a result of the breach of contract on

8    the part of Defendants.

9    297.    Due to the breach by these Defendants, these Plaintiffs have incurred substantial

10   attorneys' fees and costs, and these Defendants are thereby liable to these Plaintiffs for reimbursement

11   of these fees.

12                        **TWELFTH CLAIM FOR RELIEF**

13            **(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

14                              **PLAINTIFFS: All**

15                        **DEFENDANTS: USA; Amblamo**

16   298.    Plaintiffs reallege the allegations of Paragraphs 1 through 296 as if set forth fully

17   herein.

18   299.    As a matter of law, every contract contains an implied agreement that the parties will

19   exercise good faith towards each other when performing or enforcing the terms of the contract.

20   300.    Plaintiffs acted in good faith when performing their duties and obligations in each and

21   every agreement.

22   301.    By engaging in the foregoing acts, Defendants USA and Amblamo have failed to deal

23   fairly with and act in good faith towards these Plaintiffs, breaching covenants of good faith and fair

24   dealing implied by law, and are therefore liable to these Plaintiffs for damages in an amount to be

25   determined at trial.

26   302.    Due to the breach by these Defendants, Plaintiffs have incurred substantial attorneys'

27   fees and costs, and these Defendants are thereby liable to these Plaintiffs for reimbursement of these

28   fees.

::ODMA\PCDOCS\HLLASDOCS\147610\5                        **Page 45 of 55**

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

## THIRTEENTH CLAIM FOR RELIEF

### (Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)

### PLAINTIFFS: All

### DEFENDANTS: USA; Amblamo

303.    Plaintiffs reallege the allegations of Paragraphs 1 through 330 as if set forth fully herein.

304.    At all times relevant herein, there has been a special relationship of trust and reliance by the Plaintiffs on these Defendants.

305.    As a matter of law, every contract contains an implied agreement that the parties will exercise good faith towards each other when performing or enforcing the terms of the contract.

306.    Plaintiffs acted in good faith when performing their duties and obligations in each and every agreement.

307.    By engaging in the foregoing acts, these Defendants have failed to deal fairly with and act in good faith towards these Plaintiffs, breaching covenants of good faith and fair dealing implied by law, and are thereby liable to these Plaintiffs for damages in an amount to be proven at trial.

308.    These Defendants have engaged in conduct of an oppressive, fraudulent, and malicious nature, thereby entitling these Plaintiffs to an award of punitive damages.

309.    Due to the breach by these Defendants, these Plaintiffs have incurred substantial attorneys' fees and costs, and these Defendants are thereby liable to these Plaintiffs for reimbursement of these fees.

## FOURTEENTH CLAIM FOR RELIEF

### (Intentional Interference with Contractual Relations)

### PLAINTIFFS: All

### DEFENDANT: USA

310.    Plaintiffs reallege the allegations of Paragraphs 1 through 309 as if set forth fully herein.

311.    Pursuant to the construction loan, American Communities entered into a construction loan agreement with Sterling and Plaintiffs entered the Debt Restructuring Agreement with USA, in

1   which USA, as Sterling's agent, agreed to extend the loan until August 16, 2001 and, if necessary,

2   until April 1, 2002.

3       312.    USA failed to tell Sterling of the obligation to extend, and Sterling recorded a Notice of

4   Default with regard to the loan and instructed Nevada Construction Services to suspend disbursements

5   under the loan from the construction control account, holding up payments to subcontractors who had

6   contracts with PCI and Imagination and had performed work thereunder.

7       313.    USA had knowledge of Plaintiffs' contracts with its subcontractors.

8       314.    USA failed to inform Sterling of the obligation to extend the loan, knowing that

9   Sterling would enter a Notice of Default under the loan and stop payments to Plaintiffs'

10  subcontractors.

11      315.    Sterling did instruct Nevada Construction Services to stop paying Plaintiffs'

12  subcontractors.

13      316.    As a proximate result of the foregoing acts, USA has caused actual harm and is liable to

14  these Plaintiffs for damages in an amount to be proven at trial.

15      317.    USA has engaged in conduct of an oppressive, fraudulent, and malicious nature,

16  thereby entitling these Plaintiffs to an award of punitive damages.

17      318.    Due to this interference by Defendants, these Plaintiffs have incurred substantial

18  attorneys' fees and costs, and these Defendants are thereby liable to these Plaintiffs for reimbursement

19  of these fees.

20              **FIFTEENTH CLAIM FOR RELIEF**

21                  **(Defamation)**

22              **PLAINTIFFS: All**

23      **DEFENDANTS: USA; Hantges; Milanowski; Kropp**

24      319.    Plaintiffs reallege the allegations of Paragraphs 1 through 318 as if set forth fully

25  herein.

26      320.    Through the Notice of Default recorded on the construction loan, USA falsely informed

27  the public that PCI and Imagination were in default on the construction loan.

28

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

1    321.    Through the writ of attachment and notice of *lis pendens*, USA falsely informed the

2    public that PCI and its subsidiaries were in default on the three Mezzanine Loans with respect to the

3    exit fees and that the asserted obligation to pay exit fees affected title to real property being developed

4    by PCI and its subsidiaries.

5    322.    By sending Isenberg and the Advantage Group to question Weddell's neighbors about a

6    crime committed in Churchill County in 1981 and informing them that it was an ongoing investigation,

7    USA, Hantges, Milanowski and Kropp falsely informed the public that Weddell was still a suspect in a

8    homicide and that he could still be charged with the crime.

9    323.    These Defendants knew or should have known that the statements published were false.

10    324.    These Defendants published these statements to various third parties without privilege.

11    325.    These Defendants were aware that the construction loan was not in default when the

12    Notice of Default was recorded.

13    326.    As a proximate result of the foregoing acts, these Defendants have caused actual harm

14    and are liable to these Plaintiffs for damages in an amount to be proven at trial.

15    327.    These Defendants have engaged in conduct of an oppressive, fraudulent, and malicious

16    nature, thereby entitling these Plaintiffs to an award of punitive damages.

17    328.    Due to the defamation by these Defendants, Plaintiffs have incurred substantial

18    attorneys' fees and costs, and these Defendants are thereby liable to these Plaintiffs for reimbursement

19    of these fees.

20    **SIXTEENTH CLAIM FOR RELIEF**

21    **(False Light – Invasion of Privacy)**

22    **PLAINTIFF: Weddell**

23    **DEFENDANTS: USA; Hantges; Milanowski; Kropp**

24    329.    Plaintiffs reallege the allegations of Paragraphs 1 through 328 as if set forth fully

25    herein.

26    330.    By indicating that Weddell was still being investigated for a Churchill County crime

27    when the charges had been permanently dismissed more than two decades ago and giving the

28

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

1    impression that he still could be charged for that crime, these Defendants gave publicity to a matter

2    concerning Weddell that placed Weddell in a false light before the public.

3        331.    The publicity that placed Weddell in a false light was highly offensive to Weddell and

4    would be highly offensive to a reasonable person.

5        332.    These Defendants had knowledge or acted in reckless disregard as to the falsity of the

6    publicized matter and the false light in which Weddell would be placed.

7        333.    As a proximate result of the foregoing acts, these Defendants have caused Weddell

8    actual harm and are liable to him for damages in an amount to be proven at trial.

9        334.    These Defendants have engaged in conduct of an oppressive, fraudulent and malicious

10    nature, thereby entitling Plaintiff to an award of punitive damages.

11        335.    Due to the invasion of privacy by these Defendants, Plaintiffs have incurred substantial

12    attorneys' fees and costs, and these Defendants are thereby liable to the Plaintiff for reimbursement of

13    these fees.

### SEVENTEENTH CLAIM FOR RELIEF

#### (Intrusion upon Seclusion – Invasion of Privacy)

**PLAINTIFF: Weddell**

**DEFENDANTS: USA; Hantges; Milanowski; Kropp**

18        336.    Plaintiffs reallege the allegations of Paragraphs 1 through 335 as if set forth fully

19    herein.

20        337.    These Defendants intentionally intruded upon Plaintiff Weddell's seclusion by paying

21    others to illegally access his confidential NCIC and NCJIS records.

22        338.    The intrusion upon Weddell's seclusion would be highly offensive to a reasonable

23    person, and was highly offensive to Weddell.

24        339.    As a proximate result of the foregoing acts, these Defendants have caused Weddell

25    actual harm and are liable to him for damages in an amount to be proven at trial.

26        340.    These Defendants have engaged in conduct of an oppressive, fraudulent and malicious

27    nature, thereby entitling Plaintiff to an award of punitive damages.

28

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

1    341.    Due to the invasion of privacy by these Defendants, Plaintiffs have incurred substantial

2    attorneys' fees and costs, and these Defendants are thereby liable to the Plaintiff for reimbursement of

3    these fees.

**EIGHTEENTH CLAIM FOR RELIEF**

4

5    (Abuse of Process)

6    PLAINTIFFS: All

7    DEFENDANT: USA

8    342.    Plaintiffs reallege the allegations of Paragraphs 1 through 341 as if set forth fully

9    herein.

10    343.    USA has filed litigation in District Court, Clark County, Nevada against the Porters and

11    others alleging that it is entitled to payment of exit fees for the Mezzanine Loans and has pursued these

12    claims against PCI and its subsidiaries.

13    344.    Hantges has stated that USA is aware that the litigation is baseless and that USA is not

14    entitled to payment under the exit fee provisions in the Mezzanine Loans.

15    345.    The agreements under which USA asserts its claims do not include USA as a party,

16    have precluded USA from having rights thereunder, and USA clearly holds no interest in the deeds of

17    trust on the real property securing the Mezzanine Loans.

18    346.    USA filed the suit regarding the exit fees for ulterior purposes other than resolving a

19    legal dispute, including to harm Plaintiffs' reputation, keep Plaintiffs from being able to obtain

20    construction financing from sources other than USA, and ultimately obtain the property owned by PCI

21    and its subsidiaries without providing fair market value for same.

22    347.    In filing the suit for recovery of exit fees, USA committed willful acts in the use of

23    process not proper in the regular course of the proceeding.

24    348.    As a proximate result of the foregoing acts, USA has caused actual harm and is liable to

25    Plaintiffs for damages in an amount to be proven at trial.

26    349.    USA has engaged in conduct of an oppressive, fraudulent, and malicious nature,

27    thereby entitling these Plaintiffs to an award of punitive damages.

28

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

1    350.    Due to this abuse by USA, Plaintiffs have incurred substantial attorneys' fees and costs,

2    and USA is thereby liable to these Plaintiffs for reimbursement of these fees.

3    ### NINTEENTH CLAIM FOR RELIEF

4    (Slander of Title)

5    PLAINTIFF: All

6    DEFENDANT: USA

7    351.    Plaintiffs reallege the allegations of Paragraphs 1 through 350 as if set forth fully

8    herein.

9    352.    In or about October of 2000, USA began soliciting buyers for land owned by PCI and

10    its subsidiaries.

11    353.    USA's solicitation of buyers for land owned by PCI and its subsidiaries implied that

12    USA had rights to this land and included false and malicious communications disparaging to PCI's and

13    its subsidiaries' title to the land.

14    354.    As a proximate result of the foregoing acts, the value of PCI's and its subsidiaries'

15    properties decreased on the open market because it inspired public speculation regarding PCI's and its

16    subsidiaries' financial status.

17    355.    USA has engaged in conduct of an oppressive, fraudulent, and malicious nature,

18    thereby entitling Plaintiffs to an award of punitive damages.

19    356.    Due to this slander by USA, Plaintiffs have incurred substantial attorneys' fees and

20    costs, and USA is thereby liable to the Plaintiff for reimbursement of these fees.

21    ### TWENTIETH CLAIM FOR RELIEF

22    (Slander of Title)

23    PLAINTIFFS: All

24    DEFENDANTS: USA

25    357.    Plaintiffs reallege the allegations of Paragraphs 1 through 256 as if set forth fully

26    herein.

27    358.    USA and Sterling recorded a Notice of Default on the construction loan.

28

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

::ODMA\PCDOCS\HLLASDOCS\147610\5    Page 51 of 55

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

359.   This Notice of Default was false, malicious and disparaging to PCI's and Imagination's title to land because the construction loan was not in default and USA was aware that the construction loan was not in default.

360.   USA also recorded a writ of attachment and notice of lis pendens with respect to the exit fees claimed on the Mezzanine Loans.

361.   These documents were false, malicious and disparaging to PCI's and its subsidiaries' title to land because there is no valid claim to the exit fees and USA has no actual interest in title to the property.

362.   The foregoing acts proximately caused New South to vastly decrease the amount it was willing to provide PCI and its subsidiaries and caused public speculation about PCI's and its subsidiaries' financial status, making it more difficult for PCI and its subsidiaries to obtain loans from other sources.

363.   USA has engaged in conduct of an oppressive, fraudulent, and malicious nature, thereby entitling Plaintiffs to an award of punitive damages.

364.   Due to this slander by USA, Plaintiffs have incurred substantial attorneys' fees and costs, and USA is thereby liable to the Plaintiff for reimbursement of these fees.

### TWENTY-FIRST CLAIM FOR RELIEF

#### (Intentional Infliction of Emotional Distress)

#### PLAINTIFF: Weddell

#### DEFENDANTS: USA; Hantges; Milanowski; Kropp

365.   Plaintiffs reallege the allegations of Paragraphs 1 through 364 as if set forth fully herein.

366.   These Defendants engaged in extreme and outrageous conduct by seeking and obtaining private and confidential criminal history records, hiring investigators to interrogate Weddell's neighbors and friends and attempting to convince them that Weddell was under suspicion of committing murder and could be charged with that crime, when such allegations were wholly false.

367.   These Defendants either intended to cause Weddell severe emotional distress or showed reckless disregard for whether Weddell would suffer emotional distress as a result of their actions.

1    368.    The interrogations and spreading of false rumors as conducted on Weddell's neighbors

2  and friends by Defendants' investigator was the proximate cause of Weddell's severe emotional

3  distress.

4    369.    As a proximate result of the foregoing acts, these Defendants have caused actual harm

5  and are liable to Weddell for damages in an amount to be proven at trial.

6    370.    These Defendants have engaged in conduct of an oppressive, fraudulent, and malicious

7  nature, thereby entitling the Plaintiff to an award of punitive damages.

8    371.    Due to this intentional infliction of emotional distress by these Defendants, Plaintiffs

9  have incurred substantial attorneys' fees and costs, and these Defendants are thereby liable to the

10  Plaintiff for reimbursement of these fees.

### TWENTY SECOND FOR RELIEF

#### (Breach of Fiduciary Duty)

#### PLAINTIFFS: All

#### DEFENDANT: USA

15    372.    Plaintiffs reallege the allegations of Paragraphs 1 through 371 as if set forth fully

16  herein.

17    373.    As a mortgage broker, USA owed a fiduciary duty to Plaintiffs.

18    374.    Pursuant to USA's fiduciary duty, USA owed a duty of fullest disclosure of all material

19  facts that might have affected Plaintiffs' decisions concerning all transactions.

20    375.    USA also owed Plaintiffs a duty of loyalty and honesty.

21    376.    By the foregoing acts, USA breached its fiduciary duty to Plaintiffs.

22    377.    As a proximate result of USA's breach, USA has caused actual harm and is liable to the

23  Plaintiffs for damages in an amount to be proven at trial, as well as a constructive trust on money

24  obtained by defendants as a result of their breach of fiduciary duty.

25    378.    USA has engaged in conduct of an oppressive, fraudulent, and malicious nature, thereby

26  entitling the Plaintiffs to an award of punitive damages.

27    379.    Due to the breach by USA, Plaintiffs have incurred substantial attorneys' fees and costs,

28  and USA is thereby liable to the Plaintiffs for reimbursement of these fees.
: ODMA\PCDOCS\HLLASDOCS\147610\5          Page 53 of 55

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

## TWENTY-THIRD CLAIM FOR RELIEF

### (Civil Conspiracy)

**PLAINTIFFS:** All

**DEFENDANTS:** USA; Housing Partners; Amblamo;

Hantges; Milanowski; Kropp; Reale; Tomljenovich

380.    Plaintiffs reallege the allegations of Paragraphs 1 through 379 as if set forth fully herein.

381.    These Defendants planned and agreed to defraud Plaintiffs by participating in a scheme to defraud Plaintiffs and to obtain Plaintiffs' property by false representations and false pretenses.

382.    These Defendants also planned and agreed to defraud Plaintiffs by participating in a scheme to ensure that Plaintiffs would be dependent upon Defendants for all loans and operating expenses.

383.    These Defendants also planned and agreed to defame Weddell and harm his reputation in the community by pulling Weddell's private and confidential criminal history records, falsely informing his neighbors and friends that Weddell was being investigation for his alleged participation in a homicide and could be charged with that crime, which information was wholly false.

384.    As a proximate result of the foregoing acts, Defendants have caused actual harm and are liable to the Plaintiffs for damages in an amount to be proven at trial.

385.    USA has engaged in conduct of an oppressive, fraudulent, and malicious nature, thereby entitling the Plaintiffs to an award of punitive damages.

386.    Due to the conspiracy by Defendants, Plaintiffs have incurred substantial attorneys' fees and costs, and these Defendants are thereby liable to the Plaintiff for reimbursement of these fees.

## TWENTY-FOURTH CLAIM FOR RELIEF

### (Alter Ego)

**PLAINTIFFS:** All

**DEFENDANTS:** USA; Housing Partners; Amblamo; Hantges; Milanowski; Kropp

387.    Plaintiffs reallege the allegations of Paragraphs 1 through 386 as if set forth fully herein.

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

1      388.    Plaintiffs are informed, believe and thereon allege that the actions of USA, Housing

2  Partners and Amblamo are influenced and governed by Hantges, Milanowski and Kropp.

3      389.    Plaintiffs are informed and believe, and thereupon allege that there is unity of interest

4  and ownership between USA, Housing Partners, and Amblamo and Hantges, Milanowski, and Kropp

5  such that one is inseparable from the other and that adherence to the fiction of a separate entity would,

6  under the circumstances, permit an abuse of the privilege afforded entities with limited liability,

7  sanction a fraud and/or promote injustice.

8      390.    Plaintiffs are informed and believe, and thereupon allege that, as the alter egos of USA,

9  Housing Partners and Amblamo, Hantges, Milanowski and Kropp should be held individually liable

10  for any and all acts or omissions of USA, Housing Partners and Amblamo.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek judgment against Defendants, jointly and severally as follows:

1.    For damages according to proof at trial;

2.    For exemplary and punitive damages and treble damages;

3.    For rescission of the Guaranties executed by Plaintiffs;

4.    For attorneys' fees and costs; and

5.    For all such other relief as the Court may deem proper and just.

DATED this ___ day of July, 2003.

J. Stephen Peek, Esq.
Fred D. Gibson, III Esq.
Brent C. Eckersley, Esq.
Hale Lane Peek Dennison
 and Howard
2300 West Sahara Ave., Suite 800
Las Vegas, Nevada 89102
Attorneys for Plaintiffs

Hale Lane Peek Dennison and Howard
2300 West Sahara Avenue, Suite 800, Box 8
Las Vegas, Nevada 89102

# EXHIBIT "B"

# EXHIBIT "B"

FILED AND ENTERED

1  LISOWSKI LAW FIRM, CHTD.                    '02  NOV 18  A7 :50
2  James F. Lisowski, Sr., Esq.
   Nevada Bar No.: 4321
3  1771 E. Flamingo Rd., #115-B                U.                   :T
   Las Vegas, NV  89119                         B:.
4  (702) 737-6111
5  Attorneys for Chapter 7 Trustee, Richard A. Davis

6                    UNITED STATES BANKRUPTCY COURT
                           DISTRICT OF NEVADA
7

8  In Re:                              )
   PRINCIPLE CENTERED, INC., a          )    CASE NO.: BK-S-01-11719 RCJ
9  Nevada Corporation,                  )    Chapter 7 - Jointly Administered
                        Debtor.         )
10 EIN: 88-0453436                      )
   In Re:                              )
11 AMERICAN DESTINATION, II, LLC, a     )    CASE NO.: BK-S-01-11720 RCJ
12 Nevada Limited Liability Company,    )    Chapter 7 - Jointly Administered
                        Debtor.         )
13 EIN:  88-0453561                     )
   In Re:                              )
14 AMERICAN ENCHANTMENT, II, LLC, a     )    CASE NO.: BK-S-01-11721 RCJ
15 Nevada Limited Liability Company,    )    Chapter 7 - Jointly Administered
                        Debtor.         )
16 EIN:  88-0453439                     )
   In Re:                              )
17 AMERICAN HARMONY, II, LLC, a         )    CASE NO.: BK-S-01-11722 RCJ
18 Nevada Limited Liability Company,    )    Chapter 7 - Jointly Administered
                        Debtor.         )
19 EIN:  88-0453439                     )
   In Re:                              )
20 AMERICAN INSPIRATION, LLC, a         )    CASE NO.: BK-S-01-11723 RCJ
21 Nevada Limited Liability Company,    )    Chapter 7 - Jointly Administered
                        Debtor.         )
22 EIN:  88-0445974                     )
   In Re:                              )
23 AMERICAN IMAGINATION, LLC, a         )    CASE NO.: BK-S-01-11724 RCJ
                                        )    Chapter 11-Jointly Administered
24 Nevada Limited Liability Company,    )
                        Debtor.         )    Date:  October 21, 2002
25 EIN: 88-0445976                      )    Time:  1:30 p.m.

26 ORDER APPROVING SALE OF CLAIMS TO SPECTRUM FINANCIAL GROUP, LLC

27        THIS MATTER having come on for hearing on this 21st day of October 2002, at the hour

28 of 1:30 p.m., the Trustee, Richard Davis, appearing by and through his attorney, James F. Lisowski,

Sr., Esq.; parties in interest, Rolland Weddell, William Schiltz and Spectrum Financial Group, LLC,

("Spectrum") appearing by and through their attorney, Elissa Cadish, Esq.; parties in interest, USA

Commercial Mortgage Company, et al, (as listed on Exhibit A hereto) appearing by and through their

attorneys, Anthony A. Zmaila, Esq., Victoria Nelson, Esq., and Ty Kehoe, Esq.; party in interest,

Tom Gonzales, appearing by and through his attorney, Thomas Fell, Esq., the Court having

examined the pleadings including the Trustee's Motion to Approve Settlement Agreement Between

Debtor's Trustee and USA Commercial Mortgage Company, et al, the Objection thereto filed by

Weddell and Spectrum and the Opposition filed by R&K Door & Trim, etc., having entertained oral

arguments and having conducted an auction in open court, and the Court being well and sufficiently

advised as to all matters hereto Orders as follows;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Trustee shall be

permitted to sell all of the estate's rights, title and interest in any and all claims that the Debtor's

entities, Principle Centered, Inc., American Destination II, LLC, American Enchantment II, LLC,

American Harmony II, LLC, American Inspiration, LLC, and American Imagination, LLC, have or

may have, against USA Commercial Mortgage Company, et al, to Spectrum, for the sum of two

hundred sixty thousand dollars ($260,000.00). Said sum shall be paid in its entirety, in cash, by

Spectrum on the tenth day following the entry of this order. All claims are being sold "as is" and

"where is" without any warranties or representations as to their value or validity.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Spectrum shall post

a one hundred thousand dollar ($100,000.00) bond with the registry of the Court for purposes of

indemnifying the Trustee against any potential claims or counter-claims asserted by USA

Commercial Mortgage Company, et al, against the Debtors or the Trustee. The bond shall cover any

actual amounts that would otherwise have to be paid out by the estate under a normal distribution

as a result of the claims or counter-claims together with any Trustee's fees or Trustee's Attorney's

fees that may be incurred or ordered paid as a result of their participation in the lawsuits and or

claims of the parties against one another, up to $100,000.00. Such bond would include, but not be

limited to, any fees incurred as a result of an appeal of this order.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this order shall be

stayed for ten (10) days from the entry date of this Order to allow USA Commercial Mortgage

Company, et al, to file an appeal of this order if they should so choose and to obtain a stay of this

Order from the Appellate Court. This Court will not grant any further stays of this Order.

**IT IS SO ORDERED.**

DATED this _18_ day of _Nov_ _2002._

_____
HONORABLE ROBERT C. JONES
United States Bankruptcy Judge

Submitted By:

LISOWSKI LAW FIRM, CHTD.

By: _____
JAMES F. LISOWSKI, SR., ESQ.
Nevada Bar No.: 4321
1771 E. Flamingo Rd., Suite 115-B
Las Vegas, Nevada 89119
(702) 737-6111

APPROVED/DISAPPROVED

By: _____
ELISSA F. CADISH, ESQ.
Nevada Bar No.: 4273
Hale, Lane, Peek, Dennison,
Howard & Anderson
2300 W. Sahara Ave, # 800 Box 8
Las Vegas, NV 89102

APPROVED/DISAPPROVED

By: _____
THOMAS FELL, ESQ.
Nevada Bar No.: 3717
GORDON & SILVER
3960 Howard Hughes 9th Flr
Las Vegas, NV 89109

APPROVED/DISAPPROVED

By: _____
ANTHONY A. ZMAILA, ESQ.
Nevada Bar No.: 2319
Santoro, Driggs, Walch, Kearney,
Johnson & Thompson
400 Fourth St., 3rd Floor
Las Vegas, NV 89101

fees that may be incurred or ordered paid as a result of their participation in the lawsuits and or claims of the parties against one another, up to $100,000.00. Such bond would include, but not be limited to, any fees incurred as a result of an appeal of this order.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this order shall be stayed for ten (10) days from the entry date of this Order to allow USA Commercial Mortgage Company, et al. to file an appeal of this order if they should so choose and to obtain a stay of this Order from the Appellate Court. This Court will not grant any further stays of this Order.

**IT IS SO ORDERED.**

DATED this ___ day of _____ 2002.

_____
HONORABLE ROBERT C. JONES
United States Bankruptcy Judge

Submitted By:

LISOWSKI LAW FIRM, CHTD.

By: _____
JAMES F. LISOWSKI, SR., ESQ.
Nevada Bar No.: 4321
1771 E. Flamingo Rd., Suite 115-B
Las Vegas, Nevada 89119
(702) 737-6111

APPROVED/DISAPPROVED

By: _____
ELISSA F. CADISH, ESQ.
Nevada Bar No.: 4273
Hale, Lane, Peek, Dennison,
Howard & Anderson
2300 W. Sahara Ave. # 800 Box 8
Las Vegas, NV 89102

APPROVED/DISAPPROVED

By: _____
THOMAS FELL, ESQ.
Nevada Bar No.: 3717
GORDON & SILVER
3960 Howard Hughes 9th Flr
Las Vegas, NV 89109

APPROVED/DISAPPROVED

By: _____
ANTHONY A. ZMAILA, ESQ.
Nevada Bar No.: 2319
Santoro, Driggs, Walch, Kearney,
Johnson & Thompson
400 Fourth St., 3rd Floor
Las Vegas, NV 89101

fees that may be incurred or ordered paid as a result of their participation in the lawsuits and or

claims of the parties against one another, up to $100,000.00. Such bond would include, but not be

limited to, any fees incurred as a result of an appeal of this order.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this order shall be

stayed for ten (10) days from the entry date of this Order to allow USA Commercial Mortgage

Company, et al, to file an appeal of this order if they should so choose and to obtain a stay of this

Order from the Appellate Court. This Court will not grant any further stays of this Order.

IT IS SO ORDERED.

DATED this ___ day of _____ 2002.


_____
HONORABLE ROBERT C. JONES
United States Bankruptcy Judge

Submitted By:

LISOWSKI LAW FIRM, CHTD.                    APPROVED/DISAPPROVED


By: _____            By: _____
JAMES F. LISOWSKI, SR., ESQ.               THOMAS FELL, ESQ.
Nevada Bar No.: 4321                       Nevada Bar No.: 3717
1771 E. Flamingo Rd., Suite 115-B          GORDON & SILVER
Las Vegas, Nevada 89119                    3960 Howard Hughes 9th Flr
(702) 737-6111                             Las Vegas, NV 89109

APPROVED/DISAPPROVED                        APPROVED/DISAPPROVED


By: _____            By: _____
ELISSA F. CADISH, ESQ.                     ANTHONY A. ZMAILA, ESQ.
Nevada Bar No.: 4273                       Nevada Bar No.: 2319
Hale, Lane, Peek, Dennison,                Santoro, Driggs, Walch, Kearney,
Howard & Anderson                          Johnson & Thompson
2300 W. Sahara Ave. # 800 Box 8            400 Fourth St., 3rd Floor
Las Vegas, NV 89102                        Las Vegas, NV 89101