**LEWIS AND ROCA LLP**
LAWYERS

E-Filed on July 17, 2006

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-0961
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In Re: | Jointly Administered |
|---|---|
| **USA Commercial Mortgage Company**<br>06-10725 – Lead Case | Chapter 11 Cases |
| **USA Capital Realty Advisors, LLC**<br>06-10726 | Judge Linda B. Riegle Presiding |
| **USA Capital Diversified Trust Deed Fund, LLC**<br>06-10728 | **DECLARATION OF EDWARD M. BURR IN SUPPORT OF APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF SIERRA CONSULTING GROUP, LLC AS FINANCIAL ADVISORS TO THE OFFICIAL UNSECURED CREDITORS' COMMITTEE FOR USA COMMERCIAL MORTGAGE COMPANY** |
| **USA Capital First Trust Deed Fund, LLC**<br>06-10728 | |
| **USA Securities, LLC**<br>06-10729 | |
| Debtors. | |
| | Date: N/A<br>Time: N/A<br>**Affecting:**<br>¨ All Cases<br>**or Only:**<br>× USA Commercial Mortgage Company<br>¨ USA Capital Realty Advisors, LLC<br>¨ USA Capital Diversified Trust Deed Fund, LLC<br>¨ USA Capital First Trust Deed Fund, LLC |

1753249.1

I, Edward M. Burr, hereby declare under penalty of perjury that:

1. I am a principal with Sierra Consulting Group, LLC ("Sierra"). Sierra is one of the leading providers of restructuring advisory and litigation support services in the Southwest. Sierra is a leading national consulting firm comprised of experienced CPAs and other financial professionals. I submit this declaration on behalf of Sierra (the "Declaration") in support of the Application (the "Application") of the Official Unsecured Creditors' Committee for USA Commercial Mortgage Company (the "Committee") for an order authorizing the employment and retention of Sierra as financial advisors under the terms and conditions set forth in the Application. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

2. The Committee has retained the services of Sierra. It is contemplated that Sierra will render the following consulting and advisory services as financial advisors:

- Perform historic financial analyses and review of the USACM books and records;

- Assist in analyzing the loans, assets and other liabilities of USACM;

- Develop recommendations on loans that may require additional funding or disposition;

- Assist the Debtor and the Committee in identifying sources of capital if necessary;

- Assist the Committee and counsel in developing positions and strategies with respect to various facets of these proceedings;

- Work with the Debtors' financial advisor and counsel in developing a plan of reorganization and perform feasibility, liquidation and other analyses as may be required;

- Prepare interim reporting packages to be distributed to Committee members and any other interested creditor of USACM;

- Assist in determining the liabilities of USACM as of the filing;

- Perform financial review of the proceeds that were distributed to the various parties and assist in the development of a strategy to recoup those proceeds;

- Assist in identifying and pursuing any other assets and potential causes of action that the Committee may seek to recover; and

- Perform any other services that the Committee and Sierra mutually agree upon.

3. In connection with the preparation of this Declaration, Sierra conducted a review of its contacts with the five chapter 11 Debtors, their affiliates and certain entities holding large claims against or interests in the Debtors that were made reasonably known to Sierra. A listing of the parties reviewed is reflected on Exhibit 1 to this Affidavit. Sierra's review, completed under my supervision, consisted of a query of the Exhibit 1 parties within an internal computer database containing names of individuals and entities that are present or recent former clients of Sierra. A summary of such relationships that Sierra identified during this process is set forth on Exhibit 2 to this Affidavit.

4. Based on the results of its review, Sierra does not have a relationship with any of the parties on Exhibit 1 in matters related to these proceedings. Sierra has provided and could reasonably expect to continue to provide services unrelated to the Debtors' cases for the various entities shown on Exhibit 2. Sierra's assistance to these parties has been related to providing various financial restructuring, litigation support and/or consulting services. To the best of my knowledge, no services have been provided to these parties in interest, which are adverse to the rights or interests of the Committee, nor does Sierra's involvement in these cases compromise its ability to continue such consulting services.

5. Further, as part of its diverse practice, Sierra appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtors' cases. Also, Sierra has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys, law firms and financial institutions, some of whom

1753249.1

LEWIS
AND
ROCA
LLP
L A W Y E R S

may be involved in these proceedings.  In addition, Sierra has in the past, may currently and will likely in the future be working with or against other professionals involved in these cases in matters unrelated to the Debtors and these cases.  Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interest materially adverse to the Committee herein in matters upon which Sierra is to be employed, and none are in connection with these cases.

6. Sierra is not believed to be a "Creditor" with respect to fees and expenses of any of the Debtors within the meaning of § 101(10) of the Bankruptcy Code.  Further, neither I nor any other member of the Sierra engagement team serving this Committee, to the best of my knowledge, is a holder of any outstanding debt instruments or shares of the Debtors' stock.

7. As such, to the best of my knowledge, Sierra does not represent any other entity having an interest adverse to the Committee in connection with this case, and therefore believes it is eligible to represent the Committee under § 1103(b) of the Bankruptcy Code.

8. It is Sierra's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner.  If any new material relevant facts or relationships are discovered or arise, Sierra will promptly file a Bankruptcy Rule 2014(a) Supplemental Affidavit.

9. Subject to Court approval and in accordance with the applicable provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedures, applicable U.S. Trustee guidelines and the local rules of this District, Sierra will seek payment for compensation on an hourly basis, plus reimbursement of actual and necessary expenses incurred by Sierra.  Sierra's customary hourly rates as charged in bankruptcy and non-bankruptcy matters of this type by the professionals assigned to this engagement are outlined in the Application.  These hourly

1753249.1



rates are adjusted annually. Sierra acknowledges that the approval of the Application does not indicate Court approval of such rates.

10. According to Sierra's books and records, during the ninety-day period prior to the Debtors' petition date, Sierra performed no professional services or incurred any reimbursable expenses on behalf of the Debtors.

11. To the best of my knowledge, (a) no commitments have been made or received by Sierra with respect to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code, and (b) Sierra has no agreement with any other entity to share with such entity any compensation received by Sierra in connection with these chapter 11 cases.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED this __17__ day of July 2006

_/s/ E.M.R._____
Edward M. Burr

1753249.1