E-Filed
July 19, 2006

Andrew M. Brumby, Esq.
Florida Bar No. 0650080
Shutts & Bowen LLP
300 South Orange Avenue, Suite 1000
P.O. Box 4956
Orlando, Florida 32802-4956
Telephone:    407-423-3200
Facsimile:    407-425-8316
E-mail: abrumby@shutts-law.com

and

R. Vaughn Gourley, Esq.
Nevada Bar No. 0503
Stephens, Gourley & Bywater
3636 North Rancho Drive
Las Vegas, Nevada 89130
Telephone:    702-656-2355
Facsimile:    702-656-2776
E-mail: vgourley@1vcm.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA

In re:

USA COMMERCIAL MORTGAGE COMPANY,
    Debtor.
_____/

In re:

USA CAPITAL REALTY ADVISORS, LLC,
    Debtor.
_____/

In re:

USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,
    Debtor.
_____/

In re:

USA SECURITIES, LLC,
    Debtor.
_____/

Affects:
    ☒ All Debtors
    ☐ USA Commercial Mortgage Co.
    ☐ USA Securities, LLC
    ☐ USA Capital Realty Advisors, LLC
    ☐ USA Capital Diversified Trust Deed
    ☐ USA First Trust Deed Fund, LLC
_____/

CASE NOS: BK-5-06-10726 LBR
CASE NOS: BK-5-06-10727 LBR
CASE NOS. BK-5-06-10728 LBR
CASE NOS. BK-5-06-10729 LBR
CHAPTER 11
JOINTLY ADMINISTERED UNDER
CASE NO. BK-5-06-10725-LBR

E-Filed
July 19, 2006

### AFFIDAVIT OF GEORGE VENTURELLA IN SUPPORT OF STANDARD DEVELOPMENT PROPERTY, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

CAME BEFORE the undersigned officer duly authorized to administer oaths, George Venturella ("Venturella"), and after first being duly sworn, stated the following facts are true and correct and within his personal knowledge:

1. My name is George Venturella; I am over the age of 18. I am managing member of Standard Property Development, LLC ("Movant"), and am authorized to give this affidavit on its behalf. I am competent to testify with respect to the matters set forth herein.

2. USA Commercial Mortgage Company ("USA"), and its affiliated entities (individually the "Debtor" and collectively the "Debtors") are debtors in possession under the provisions of Chapter 11 of the Bankruptcy Code, having filed voluntary petitions on April 13, 2006. No trustee having been appointed, the debtors remain in possession of their property and operating their business.

3. Movant is a Florida limited liability company, formed for the purpose of acquiring certain real and personal property in Orange County, Florida, as more specifically described on the attached **Exhibit "A"** (the "Property"). Movant has begun the process of converting the Property from its former utilization as a rental to that of condominium.

4. In order to finance both the acquisition of the Property, and its conversion/ construction to a condominium, Movant obtained a loan to finance such acquisition and construction from USA, as agent for a group of actual lenders comprised of a variety of individuals, entities and other interests (the "Direct Lenders"). In other words, the loan to Movant solicited and originated by USA was actually funded by the Direct Lenders, a group consisting of in excess of 100 different people and entities. Certain small percentages were retained by USA and USA First Capital Trust Deed Fund, LLC (the "Fund").

5. The lending arrangement referenced in the preceding paragraph was evidenced in part by a document entitled Construction Loan Agreement dated as of February 27, 2006, by and between Movant and the Direct Lenders (the "Construction Loan Agreement"). In addition, a Promissory Note Secured by Mortgage dated February 27, 2006, in the original stated principal amount of Seventeen Million Seven Hundred Fifty Thousand Dollars ($17,750,000.00) (the "Note") was duly executed by Movant in favor of the Direct Lenders. In order to provide collateral for the Note, among other documents, Movant executed in favor of the Direct Lenders that certain Mortgage, Security Agreement and Assignment of Rents dated February 27, 2006, granting and conveying to the Direct Lenders (collectively) a first priority mortgage lien upon and security interest in the Property. A true and correct copy of the Construction Loan Agreement, the Note and the Mortgage are attached hereto and incorporated herein as **Exhibits "B", "C" and "D"**, respectively.

6. Notwithstanding the dating of the documents, a closing did not actually occur (i.e., no monies were disbursed, nor was the Property acquired by Movant) until March 15, 2006. As set forth on the Loan Closing Statement, a true and correct copy of which (executed by Movant) is attached hereto as **Exhibit "E"**, on March 15, 2006 the sum of Eight Million Two Hundred Forty Thousand Dollars ($8,240,000.00) was advanced. In addition to closing costs, such amount funded the amount necessary for acquisition of the Property (approximately $6.9 Million), together with an origination fee based upon the entire amount to be borrowed under the Note ($887,500.00), and established an interest reserve in the amount of Three Hundred Seventy-five Thousand Dollars ($375,000.00).

7. In accordance with the Control Account, Escrow Agreement and Security Agreement executed by Movant and Project Disbursement Group, Inc. ("PDG"), dated February

27, 2006 (the "Control Agreement"), the interest reserve was deposited with PDG and was to be disbursed to the Direct Lenders, in care of USA, as billed by USA monthly. In addition, PDG was to fund subsequent construction draws pursuant to the terms of, and in accordance with, the applicable provisions of the Construction Loan Agreement and the Control Agreement.

8. Shortly after the loan closing, but prior to April 13, 2006, the Direct Lenders funded the initial monthly construction amount of $1.4 million, in accordance with, and as reflected upon, Exhibits "B" and "C" to the Construction Loan Agreement.

9. Less than 30 days subsequent to the closing and disbursement of the initial loan proceeds, the Debtors filed these bankruptcy cases. It is highly unlikely that the Debtors did not know that the filing of bankruptcy was imminent at the time of execution of the applicable loan documents on February 27, 2006, and almost certainly by the time the initial loan proceeds were disbursed on March 15, 2006.

10. Subsequent to the acquisition of the Property, and the initial construction loan disbursement, Movant, acting in reliance upon what it believed to be the good faith of USA, and its principals, the Direct Lenders, commenced the construction required to convert the Property from its then use to an alternative use as a condominium. That construction required a substantial demolition of the then buildings and improvements to the Property, with an intended subsequent renovation and remodeling, of such improvements.

11. In good faith, Movant commenced such demolition and construction, only to learn after substantial demolition of the applicable improvements had occurred, that the Debtors had in fact filed these bankruptcy cases, and that notwithstanding the terms of the Construction Loan Agreement, the Note, the Mortgage and the acts and conduct of the authorized agents and representatives of USA, itself the authorized agent and representative of the Direct Lenders, that

the Direct Lenders were not, at that point in time at least, intending to fund future construction draws.

12. In or about June, 2006, Movant submitted a construction draw request to PDG in accordance with the terms of, and as contemplated by, the Construction Loan Agreement and the Control Agreement. Notwithstanding the requirement to fund such draw request on or within five days of its submission, neither USA, the Direct Lenders, nor PDG have responded at all - verbally or otherwise – to such draw request, much less funded it.

13. Because of the failure to fund the ongoing construction at the Property, and based upon the limited time to conclude construction based upon the reservations and hard contracts obtained by Movant in connection with the project, Movant is now incurring substantial damages. Construction has been brought to a virtual halt, and the multi-million dollars of deposits and reservations held by Movant for the sale of units are now at risk. Movant has learned its material costs have increased by at least $700,000.00, and the project is likely to be the subject of construction lien, and other, litigation. Upon information and belief, USA continues to submit invoices to PDG as contemplated by the Control Agreement for the monthly payment of interest on the outstanding loan amount, notwithstanding the ongoing damages being incurred by Movant as a result of USA's (individually and in its capacity as the agent of the Direct Lenders) refusal to fund construction in accordance with the applicable loan agreements.

14. Movant either has or will initiate an action against the Direct Lenders, other than the applicable Debtors, in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (the "Orange County Action"). A true and correct copy of the complaint in the Orange County Action is attached hereto and incorporated herein as **Exhibit "F"**.

Further Affiant Sayeth Naught.

_____
George Venturella

Sworn to and subscribed before me this __14TH__ day of July, 2006, by George Venturella, who ____ is personally known to me OR who ____ produced identification. Type of identification produced: _IL DL# V536-3005-6207_ .

(NOTARY SEAL)

_____
Notary Public, State of Florida
Print Name: _____
Commission No.: _____
My Commission Expires: _____

Michele M Champion
My Commission DD210098
Expires August 24, 2007

ORLDOCS 10402261 1