# LOAN CLOSING STATEMENT

**BORROWER:** STANDARD PROPERTY DEVELOPMENT, LLC, a Florida liability company

**LENDER:** Those persons listed on Exhibit "A" to the Mortgage

**PROPERTY:** See Exhibit "A" attached hereto

**CLOSING DATE:** March 15, 2006

**TITLE AGENT:** Shutts & Bowen LLP
300 South Orange Avenue Suite 1000
Orlando, Florida 32801

---

| | |
|---|---:|
| Loan Amount (Initial Advance) | 8,240,000.00 |
| Loan Expenses: | |
| 1.  Title Search to LTIC | 300.00 |
| 2.  Title Updates to LTIC | 200.00 |
| 3.  Title Premium to LTIC, Shutts & Bowen, LLP, Agent | 46,482.50 |

| | |
|---|---:|
| Loan Policy | $41,825.00 |
| Simult. Owners | 250.00 |
| Form 9 Endorse. | 4,207.50 |
| 8.1 Endorsement | 100.00 |
| Survey Endorse. | 100.00 |

| | |
|---|---:|
| 4.  Recording | |
| a.  Documentary Stamps on Note | 62,125.00 |
| b.  Intangible Tax on Mortgage | 35,500.00 |
| c.  Record Mortgage | 231.00 |
| d.  Record UCC-1 | 52.50 |
| 5.  File UCC-1 with Florida Secured Transaction Agency | 39.00 |
| 6.  Buyers Loan Origination Fee | 887,500.00 |
| 7.  Buyer Fees for Lenders Attorney | 9,000.00 |
| 8.  Buyers Interest Reserve | 375,000.00 |
| **TOTAL LOAN EXPENSES:** | **$1,416,430.00** |
| **TOTAL PROCEEDS DISBURSED FOR BUYER'S ACQUISITION OF PROPERTY:** | $6,823,570.00 |



EXHIBIT

"E"

NOTES:

THE UNDERSIGNED HEREBY ACKNOWLEDGE RECEIPT OF A TRUE COPY OF THE FOREGOING AND HEREBY APPROVE THE SAME AND CERTIFY IT CORRECT AND AUTHORIZE SHUTTS & BOWEN LLP TO DISBURSE FUNDS IN ACCORDANCE WITH THIS CLOSING STATEMENT. SELLER AND BUYER AGREE TO MAKE THE APPROPRIATE ADJUSTMENTS, AND PAY SUCH ADDITIONAL AMOUNTS AS MAY RESULT FROM AN UNDER EVALUATION OF ANY AMOUNTS SET FORTH IN THIS CLOSING STATEMENT

LENDER:

USA COMMERCIAL MORTGAGE COMPANY, Attorney-in-fact

By:_____
Print Name:_____
As Its:_____

BORROWER:

STANDARD PROPERTY DEVELOPMENT, LLC, a Florida limited liability company

By: _____
Print Name: STEVE FARMER
As Its: DIRECTOR

| DEBTOR AND COUNSEL |
| --- |
| ANNETTE W. JARVIS |
| DOUGLAS M. MONSON |
| STEVEN C. STRONG |
| RAY QUINNEY & NEBEKER P.C. |
| 36 SOUTH STATE STREET, SUITE 1400 |
| P.O. BOX 45385 |
| SALT LAKE CITY, UTAH 84145-0385 |
| ajarvis@rqn.com |
| sstrong@rqn.com |
| dmonson@rqn.com |

| LENARD E. SCHWARTZER |
| --- |
| JEANETTE E. MCPHERSON |
| SCHWARTZER & MCPHERSON LAW FIRM |
| 2850 SOUTH JONES BOULEVARD, SUITE 1 |
| LAS VEGAS, NEVADA  89146-5308 |
| bkfiling@s-mlaw.com |

| USA COMMERCIAL MORTGAGE |
| --- |
| USA CAPITAL REALTY ADVISORS, LLC |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC |
| USA CAPITAL FIRST TRUST DEED FUND, LLC |
| USA SECURITIES, LLC |
| THOMAS J. ALLISON |
| 4484 SOUTH PECOS ROAD |
| LAS VEGAS, NV  89121 |

| THE UNITED STATES TRUSTEE |
| --- |
| OFFICE OF THE U.S. TRUSTEE |
| 600 LAS VEGAS BLVD., SOUTH, STE. 4300 |
| LAS VEGAS, NV  89101 |
| USTPRegion17.lv.ecf@usdoj.gov |

| USA CAPITAL REALTY ADVISORS, LLC – UNSECURED CREDITORS | |
| --- | --- |
| KUMMER, KAEMPFER, BONNER & RENSHAW | INTERSHOW |
| 3800 HOWARD HUGHES PKWY., 7TH FLOOR | THE GITHLER CENTER |
| LAS VEGAS, NV  89109 | 1258 NORTH PALM AVE. |
|  | SARASOTA, FL  34236 |

| USA SECURITIES, LLC – UNSECURED CREDITORS | |
| --- | --- |
| JAMES HULL | GEORGE GORMAN |
| C/O SIGNATURE FINANCIAL | C/O FINANCIAL WEST GROUP |
| 2601 AIRPORT DRIVE, #370 | 4510 E. THOUSAND OAKS BLVD. |
| TORRANCE, CA  90505 | THOUSAND OAKS, CA  91362 |

2

| R. HAGMAIER<br>C/O FINANCIAL WEST GROUP<br>4510 E. THOUSAND OAKS BLVD.<br>THOUSAND OAKS, CA  91362 | TIM RICH<br>C/O FINANCIAL WEST GROUP<br>4510 E. THOUSAND OAKS BLVD.<br>THOUSAND OAKS, CA  91362 |
|---|---|

**COUNSEL FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF USA COMMERCIAL MORTGAGE COMPANY**

| ROB CHARLES<br>SUSAN M. FREEMAN<br>LEWIS AND ROCA, LLP<br>3993 HOWARD HUGHES PARKWAY, 6TH FLOOR<br>LAS VEGAS, NV  89109<br>rcharles@lrlaw.com<br>sfreeman@lrlaw.com | |
|---|---|

**UNSECURED CREDITORS COMMITTEE FOR USA COMMERCIAL MORTGAGE COMPANY**

| BUNCH, DELL<br>1909 RED ROBIN COURT<br>LAS VEGAS, NV 89134<br><br>C/O DONALD R. WALKER<br>9209 EAGLE HILLS DR.<br>LAS VEGAS, NV  89134-6109<br>drwalker1@cox.net | ADVANCED INFORMATION SYSTEMS<br>C/O MICHAEL T. YODER<br>4270 CAMERON STREET, SUITE #1<br>LAS VEGAS, NV 89103<br>myoder@aisinfo.com |
|---|---|
| RUSSELL AD DEVELOPMENT GROUP, LLC<br>P.O. BOX 28216<br>SCOTTSDALE, AZ 85255<br><br>ROBERT A. RUSSELL<br>8585 EAST HARTFORD DR., SUITE 500<br>SCOTTSDALE, AZ  85255<br>r.russell@industrialwest.com | ANNEE NOUNNA<br>8057 LANDS END COURT<br>LAS VEGAS, NV  89117-7635<br>Bella8049@aol.com |
| ROBERT L. HAGMAIER<br>15254 CANDLEWOOD COURT<br>LAKE OSWEGO, OR  97035<br>rhagmaier@fwg.com | |

/ / /

Master Service List #3   (3)

| COUNSEL FOR THE EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC | |
|---|---|
| FRANK A. MEROLA<br>EVE H. KARASIK<br>CHRISTINE M. PAJAK<br>STUTMAN, TREISTER & GLATT, P.C.<br>1901 AVENUE OF THE STARS, 12TH FLOOR<br>LOS ANGELES, CA 90067<br>fmerola@stutman.com<br>ekarasik@stutman.com<br>cpajak@stutman.com | JAMES PATRICK SHEA<br>CANDACE C. CARLYON<br>SHAWN W. MILLER<br>SHLOMO S. SHERMAN<br>SHEA & CARLYON, LTD.<br>233 S. fourth Street, 2nd Floor<br>Las Vegas, NV 89101<br>bankruptcyfilings@sheacarlyon.com<br>ccarlyon@sheacarlyon.com<br>smiller@sheacarlyon.com<br>ssherman@sheacarlyon.com<br>ltreadway@sheacarlyon.com<br>rsmith@sheacarlyon.com<br>aboehmer@sheacarlyon.com |

| COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC. | |
|---|---|
| ROBERT E. TAYLOR<br>1535 FLYNN ROAD<br>CAMARILLO, CA 93012<br><br>C/O CHUCK HEINRICHS<br>198 EL PAJARO<br>NEWBURY PARK, CA 91320<br>chuckhein@earthlink.net | JOHN WARNER JR., IRA<br>C/O FIRST SAVINGS BANK<br>2605 EAST FLAMINGO RD<br>LAS VEGAS, NV 89121<br><br>JOHN H. WARNER, JR.<br>2048 NORTH CHETTRO TRAIL<br>ST. GEORGE, UT 84770<br>wqfl@aol.com |
| MARY E. AND MATTHEW J. MORO, JTWROS<br>1009 8TH ST<br>MANHATTAN BEACH, CA 90266<br>maryellen.moro@verizon.net | RICHARD G. WOUDSTRA REVOCABLE TRUST<br>RICHARD G. WOUDSTRA, TTEE<br>P.O. BOX 530025<br>HENDERSON, NV 89053 |
| WEN BALDWIN SEPARATE PROPERTY TRUST<br>365 DOOLEY DRIVE<br>HENDERSON, NV 89015 | JOHN GOINGS<br>P.O. BOX 174<br>MASONVILLE, CO 80541<br>jgoings@bhwk.com |

Master Service List #3  (3)

| COUNSEL FOR OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC | |
|---|---|
| MARC A. LEVINSON<br>LYNN TRINKA ERNCE<br>ORRICK, HERRINGTON & SUTCLIFFE, LLP<br>400 CAPITOL MALL, SUITE 3000<br>SACRAMENTO, CA 95814<br>malevinson@orrick.com<br>lernce@orrick.com | BOB L. OLSON<br>ANNE M. LORADITCH<br>BECKLEY SINGLETON CHTD.<br>530 LAS VEGAS BLVD. SOUTH<br>LAS VEGAS, NV 89101<br>bolson@beckleylaw.com<br>aloraditch@beckleylaw.com |

| COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC. | |
|---|---|
| ROBERT G. WORTHEN<br>1112 WORTHEN CIR.<br>LAS VEGAS, NV 89145<br>robertworthen@earthlink.net | KATZ 2000 SEPARATE PROPERTY TRUST<br>SARA M. KATZ, MANAGING TRUSTEE<br>4250 EXECUTIVE SQUARE, #670<br>SAN DIEGO, CA 92037<br>skatz@katzandassociats.com |
| THOMAS C. LAWYER FAMILY TRUST<br>45 VENTANA CANYON DR.<br>LAS VEGAS, NV 89113<br>tclawyer@trane.com | JERRY T. MCGIMSEY<br>3115 SOUTH EL CAMINO RD.<br>LAS VEGAS, NV 89146-6621<br>jtmacg@earthlink.net |
| CHARLES O. NICHOLS AND FLORA A. NICHOLS<br>2561 SEASCAPE DR.<br>LAS VEGAS, NV 89128<br>harleynicols@cox.net | ROBERT HARDY<br>6510 ANSONIA COURT<br>LAS VEGAS, NV 89118-1874 |

| COUNSEL FOR THE OFFICIAL COMMITTEE OF HOLDERS OF EXECUTORY CONTRACT RIGHTS OF USA COMMERCIAL MORTGAGE COMPANY | |
|---|---|
| GERALD M. GORDON<br>GREGORY E. GARMAN<br>TALITHA B. GRAY<br>MATTHEW C. ZIRZOW<br>GORDON & SILVER, LTD<br>3960 HOWARD HUGES PARKWAY, 9TH FLOOR<br>LAS VEGAS, NV 89109<br>gmg@gordonsilver.com<br>geg@gordonsilver.com<br>tbgt@gordonsilver.com<br>bankruptcynotices@gordonsilver.com | |

5

| COMMITTEE OF HOLDERS OF EXECUTORY CONTRACT RIGHTS THROUGH USA COMMERCIAL MORTGAGE COMPANY | |
|---|---|
| FERTITTA ENTERPRISES, INC.<br>2960 W. SAHARA AVE., SUITE 200<br>LAS VEGAS, NV 89102<br><br>WILLIAM J. BULLARD<br>FERTITTA ENTERPRISES, INC.<br>P.O. BOX 27555<br>LAS VEGAS, NV 89126-1555<br>bbullard@gordonbiersch.com | HELMS HOMES, LLC<br>C/O TERRY HELMS<br>809 UPLAND BLVD.<br>LAS VEGAS NV 89107<br>amillionaire4u@earthlink.net |
| TERRY HELMS LIVING TRUST<br>809 UPLAND BLVD.<br>LAS VEGAS NV 89107<br>amillionaire4u@earthlink.net | DENNIS FLIER, INC. DEFINED BENEFIT TRUST<br>20155 PORTO VITA WAY #1803<br>AVENTURA, FL 33180<br>dsfom1@aol.com |
| ARTHUR POLACHECK AND GLORIANNE POLACHECK<br>2056 WOODLAKE CIR.<br>DEERFIELD BEACH FL 33442<br>artclassics@bellsouth.net | JAMES W. MCCOLLUM & PAMELA P. MCCOLLUM<br>1011 F. AVENUE<br>CORONADO, CA 92118<br>james@mccollum@aol.com |
| HOMFELD II, LLC<br>777 SOUTH FEDERAL HIGHWAY<br>SUITE N-409<br>POMPANO BEACH, FL 33062<br><br>C/O EDWARD W. HOMFELD<br>858 BISHOP ROAD<br>GROSSE POINTE PARK, MI 48230<br>nhomfeld@gmacc.com | |
| GOVERNMENTAL and REGULATORY ENTITIES | |
| NEVADA MORTGAGE LENDING DIVISION<br>ATTN: SUSAN ECKHARDT<br>3075 EAST FLAMINGO #100<br>LAS VEGAS, NV 89121<br>seckhardt@mld.nv.gov | U.S. SECURITIES AND EXCHANGE COMMISSION<br>ATTN: SANDRA W. LAVIGNA.<br>5670 WILSHIRE BLVD., 11TH FLOOR<br>LOS ANGELES, CA 90036-3648 |
| PENSION BENEFIT GUARANTY CORPORATION<br>OFFICE OF THE CHIEF COUNSEL<br>1200 K. STREET, N.W.<br>WASHINGTON, D.C. 20005-4026 | DEPARTMENT OF EMPLOYMENT TRAINING<br>EMPLOYMENT SEC DIV, CONTRIBUTIONS SECTION<br>500 EAST THIRD STREET<br>CARSON CITY, NV 89713-0030 |

6

Master Service List #3 (3)

| | |
|---|---|
| DMV AND PUBLIC SAFETY RECORDS SECTION<br>555 WRIGHT WAY<br>CARSON CITY, NV 89711-0250 | EMPLOYERS INSURANCE CO. OF NV<br>ATTN: BANKRUPTCY DESK<br>9790 GATEWAY DRIVE<br>RENO, NV 89521-5906 |
| NV DEPT OF TAXATION<br>BANKRUPTCY DIVISION<br>555 EAST WASHINGTON, #1300<br>LAS VEGAS, NV 89101 | INTERNAL REVENUE SERVICE<br>ATTN: BANKRUPTCY DEPT.<br>STOP 5028<br>110 CITY PARKWAY<br>LAS VEGAS, NV 89106 |
| SECRETARY OF STATE<br>STATE OF NEVADA<br>202 NORTH CARSON STREET<br>CARSON CITY, NV 89701 | NV DEPARTMENT OF TAXATION<br>REVENUE DIVISION<br>CAPITOL COMPLEX<br>CARSON CITY, NV 89710-0003 |
| OFFICE OF LABOR COMMISSIONER<br>555 EAST WASHINGTON AVE., SUITE 4100<br>LAS VEGAS, NV 89101 | DANIEL G. BOGDEN<br>CARLOS A. GONZALEZ<br>OFFICE OF THE U.S. ATTORNEY<br>DISTRICT OF NEVADA<br>333 LAS VEGAS BLVD. SO, #5000<br>LAS VEGAS, NV 89101 |
| UNITED STATES DEPT. OF JUSTICE<br>TAX DIVISION – WESTERN REGION<br>P.O. BOX 683 – BEN FRANKLIN STATION<br>WASHINGTON, D.C. 20044 | DISTRICT COUNSEL<br>INTERNAL REVENUE SERVICE<br>110 CITY PARKWAY<br>LAS VEGAS, NV 89106 |
| INTERNAL REVENUE SERVICE<br>OGDEN, UT 84201 | FHA/HUD<br>DISTRICT OFFICE<br>300 SOUTH LAS VEGAS BLVD. SUITE 2900<br>LAS VEGAS, NV 89101-5833 |
| DEPT. OF VETERANS AFFAIRS<br>LOAN SERVICE AND CLAIMS<br>3225 NORTH CENTRAL<br>PHOENIX, AZ 85012 | CLARK COUNTY TREASURER<br>C/O BANKRUPTCY CLERK<br>P.O. BOX 551220<br>LAS VEGAS, NV 89155-1220 |
| CLARK COUNTY ASSESSOR<br>C/O BANKRUPTCY CLERK<br>P.O. BOX 551401<br>LAS VEGAS, NV 89155-1401 | |

**NOTICES OF APPEARANCE/REQUESTS FOR NOTICE**

| | |
|---|---|
| DON TOMLIN<br>C/O DAVID W. MOUNIER<br>15316 SKY HIGH ROAD<br>ESCONDIDO, CA 92025 | MARYETTA BOWMAN<br>534 ENCHANTED LAKES DRIVE<br>HENDERSON, NV 89052 |

| | |
|---|---|
| EDWARD W. HOMFELD<br>HOMFELD II, LLC<br>777 SOUTH FEDERAL HIGHWAY, SUITE N-409<br>POMPANO BEACH, FLORIDA 33062 | RICHARD MCKNIGHT, ESQ.<br>LAW OFFICES OF RICHARD MCKNIGHT<br>330 SOUTH THIRD STREET #900<br>LAS VEGAS, NV 89101<br>mcknightlaw@cox.net<br>gkopang@lawlasvegas.com<br>cburke@lawlasvegas.com<br>sforemaster@lawlasvegas.com |
| RJ ROCCO<br>12617 COTTAGEVILLE LANE<br>KELLER, TX 76248 | MARGIE GANDOLFO<br>1724 ARROW WOOD DRIVE<br>RENO, NV 89521 |
| JANNY CATHARINA BROUWER<br>2533 KINNARD AVENUE<br>HENDERSON, NV 89074 | ROBERT R. KINAS, ESQ.<br>JENNIFER L. McBEE<br>SNELL & WILMER, LLP<br>3800 HOWARD HUGHES PKWY, #1000<br>LAS VEGAS, NV 89109<br>rkinas@swlaw.com<br>mstrand@swlaw.com<br>jlustig@swlaw.com<br>lholding@swlaw.com<br>imccord@swlaw.com |
| MICHAEL R. SHULER<br>C/O JAY R. EATON<br>EATON & O'LEARY, PLLC<br>115 GROVE AVENUE<br>PRESCOTT, AZ 86301 | KERMIT KRUSE<br>2710 ALBANY AVENUE<br>DAVIS, CA 95616 |
| KELLY J. BRINKMAN, ESQ.<br>GOOLD PATTERSON, ALEX & DAY<br>4496 SOUTH PECOS ROAD<br>LAS VEGAS, NV 89121<br>kbrinkman@gooldpatterson.com | JANET L. CHUBB, ESQ.<br>JONES VARGAS<br>100 WEST LIBERTY STREET, 12TH FLOOR<br>P.O. BOX 281<br>RENO, NV 89504-0281<br>jlc@jonesvargas.com<br>tbw@jonesvargas.com |
| MARTIN B. WEISS, ESQ.<br>THE GARRETT GROUP, LLC<br>ONE BETTERWORLD CIRCLE, SUITE 300<br>TEMECULA, CA 92590 | ATTILA JEFZENSZKY<br>1720 COLAVITA WAY<br>RENO, NV 89521 |

8

Master Service List #3   (3)

| | |
|---|---|
| VINCE DANELIAN<br>P.O. BOX 97782<br>LAS VEGAS, NV 89193 | WILLIAM L. MCGIMSEY, ESQ.<br>601 EAST CHARLESTON BLVD.<br>LAS VEGAS, NV 89104<br>lawoffices601@lvcoxmail.com |
| PAUL & DONNA JACQUES<br>810 SE 7TH STREET, A103<br>DEERFIELD BEACH, FL 33441 | PETER BOLINO<br>17412 SERENE DRIVE<br>MORGAN HILL, CA 95037 |
| STAN WOLKEN<br>Send notice to:<br>bayareastan@yahoo.com | SEAN NAJARIAN, ESQ.<br>THE NAJARIAN LAW FIRM<br>283 S. LAKE AVENUE, SUITE 205<br>PASADENA, CA 91101<br>sean@nlf.la |
| SCOTT D. FLEMING<br>HALE LANE PEEK DENNISION AND HOWARD<br>3930 HOWARD HUGES PARKWAY, 4TH FLOOR<br>LAS VEGAS, NV 89109<br>sfleming@halelane.com<br>dbergsing@halelane.com<br>ecfvegas@halelane.com | NILE LEATHAM<br>JAMES B. MACROBBIE<br>KOLESAR & LEATHAM, CHTD<br>3320 WEST SARAHA AVE., SUITE 380<br>LAS VEGAS, NV 89102-3202<br>nleatham@klnevada.com<br>jmacrobbie@klnevada.com |
| LAUREL E. DAVIS<br>LIONEL SAWYER & COLLINS<br>4700 BANK OF AMERICAN PLAZA<br>300 SOUTH FOURTH STREET<br>LAS VEGAS, NV 89101<br>ldavis@lionelsawyer.com<br>bklsclv@lionelsawyer.com<br>gbagley@lionelsawyer.com<br>ldavisesq@aol.com | GILBERT B. WEISMAN<br>BECKET AND LEE LLP<br>P.O. BOX 3001<br>MALVERN, PA 19355-0701 |
| CARYN S. TIJSSELING<br>BEESLEY, PECK & MATTEONI, LTD<br>5011 MEADOWOOD MALL WAY, #300<br>RENO, NV 89502<br>cst@beesleyandpeck.com<br>aha@beesleyandpeck.com | NICHOLAS J. SANTORO<br>400 SOUTH FOURTH STREET 3RD FLOOR<br>LAS VEGAS, NV 89101<br>NSantoro@Nevadafirm.com |
| JED A. HART<br>ANGELO, GORDON & CO.<br>245 PARK AVENUE, 26TH FLOOR<br>NEW YORK, NY 10167<br>jhart@angelogordon.com | BRADLEY J. STEVENS<br>JENNINGS, STROUSS & SALMON, P.L.C.<br>THE COLLIER CENTER, 11TH FLOOR<br>201 E. WASHINGTON STREET<br>PHOENIX, ARIZONA 85004-2385<br>bstevens@jsslaw.com |

Master Service List #3   (3)

| | |
|---|---|
| CiCi CUNNINGHAM, JAMES A. KOHL<br>CHRISTINE ROBERTS<br>RAWLINGS, OLSON, CANNON, GORMLEY & DESRUISSEAUX<br>9950 WEST CHEYENNE AVE.<br>LAS VEGAS, NV 89129<br>bankruptcy@rocgd.com | THOMAS R. STILLEY<br>SUSSMAN SHANK LLP<br>1000 SW BROADWAY, SUITE 1400<br>PORTLAND, OR 97205-3089 |
| FRANKLIN C. ADAMS<br>BEST BEST & KRIEGER LLP<br>3750 UNIVERSITY AVE<br>P.O. BOX 1028<br>RIVERSIDE, CA 92502-1028<br>franklin.adams@bbklaw.com<br>arthur.johnston@bbklaw.com | JEFFREY G. SLOANE<br>REGINA M. McCONNELL<br>KRAVITZ, SCHNITZER, SLOANE, JOHNSON, &<br>EBERHARDY, CHTD.<br>1389 GALLERIA DR. SUITE 200<br>HENDERSON, NV 89014<br>rmcconnell@kssattorneys.com<br>jsloane@kssattorneys.com<br>giklepel@yahoo.com |
| KEVIN B. CHRISTENSEN<br>XANNA R. HARDMAN<br>EVAN JAMES·<br>7440 WEST SAHARA AVE.<br>LAS VEGAS, NV 89117<br>kbchrislaw@aol.com<br>xanna.hardman@gmail.com<br>ejameslv@earthlink.net | RICHARD MASON<br>PATRICIA K. SMOOTS<br>MICHAEL M. SCHMAHL<br>McGUIRE WOODS, LLP<br>77 WEST WACKER DR., SUITE 4100<br>CHICAGO, IL 60601<br>rimason@mcquirewoods.com<br>psmoots@mcquirewoods.com<br>mschmahl@mcquirewoods.com |
| DONALD T. POLEDNAK<br>JEFFREY R. SYLVESTER<br>SYLVESTER & POLEDNAK, LTD<br>7371 PRAIRIE FALCON, SUITE 120<br>LAS VEGAS, NV 89128<br>sandplegal@yahoo.com<br>spbankruptcy@yahoo.com<br>jeff@sylvesterpolednak.com | PETER SUSI<br>JAY L. MICHAELSON<br>MICHAELSON, SUSI & MICHAELSON<br>SEVEN WEST FIGUEROA ST. 2ND FLOOR<br>SANTA BARBARA, CA·93101-3191<br>peter@msmlaw.com<br>jay@msmlaw.com<br>cheryl@msmlaw.com<br>msm@msmlaw.com |
| JOAN C. WRIGHT<br>ALLISON, MacKENZIE, RUSSELL, PAVLAKIS,<br>WRIGHT & FAGAN, LTD.<br>402 NORTH DIVISION STREET<br>P.O. BOX 646<br>CARSON CITY, NV 89702<br>jwright@allisonmackenzie.com<br>jbrooks@allionmackenzie.com | BAY COMMUNITIES<br>C/O CHRIS MCKINNEY<br>4800 NO. FEDERAL HIGHWAY, SUITE A205<br>BOCA RATON, FL 33431 |

10

| | |
|---|---|
| ERVEN T. NELSON<br>BOLICK & BOYER<br>6060 W. ELTON AVENUE, SUITE A<br>LAS VEGAS, NV 89107 | MATTHEW Q. CALLISTER<br>CALLISTER & REYNOLDS<br>823 LAS VEGAS BLVD. SOUTH<br>LAS VEGAS, NV 89101<br>mqc@callister-reynolds.com<br>maggie@callister-reynolds.com |
| ANDREW WELCHER<br>c/o NORDMAN CORMANY HAIR & COMPTON LLP<br>ATTN: WILLIAM E. WINFIELD, ESQ.<br>1000 TOWN CENTER DRIVE, 6TH FLOOR<br>P.O. BOX 9100<br>OXNARD, CA 93031<br>wwinfield@nchc.com | ROBERT VERCHOTA, GENERAL PARTNER<br>R&N REAL ESTATE INVESTMENTS, LP<br>c/o JEFFREY A. COGAN<br>3990 VEGAS DRIVE<br>LAS VEGAS, NV 89108<br>jeffrey@jeffreycogan.com |
| LAW OFFICES OF JAMES G. SCHWARTZ<br>JOSHUA D. BRYSK, ESQ.<br>7901 STONERIDGE DRIVE, SUITE 401<br>PLEASANTON, CA 94588 | SCOTT K. CANEPA<br>CANEPA, RIEDY & RUBINO<br>851 S. RAMPART BLVD. #160<br>LAS VEGAS, NV 89145<br>scanepa@defectlawyers.com<br>gmuscari@defectlawyers.com<br>scottcanepa@yahoo.com |
| JOHN F. MURTHA<br>WOODBURN & WEDGE<br>6100 NEIL ROAD, SUITE 500<br>P.O. BOX 2311<br>RENO, NV 89505<br>jmurtha@woodburnandwege.com | HOWARD CONNELL<br>1001 JENNIS SILVER STREET<br>LAS VEGAS, NV 89145<br>Howlor5@aol.com |
| SUSAN WILLIAMS SCANN<br>PAUL R. CONNAGHAN<br>DEANER, DEANER, SCANN MALAN & LARSEN<br>ATTORNEYS FOR FRANKLIN/STRATFORD<br>INVESTMENT, LLC<br>720 SOUTH FOURTH STREET, SUITE #300<br>LAS VEGAS, NV 89101<br>sscann@deanerlaw.com<br>palexander@deanerlaw.com | WILLIAM D. COPE<br>COPE & GUERRA<br>595 HUMBOLDT STREET<br>RENO, NV 89509-1603<br>cope-guerra@yahoo.com |
| THOMAS &. STILLEY<br>SUSSMAN SHANK, LLP<br>ATTORNEYS FOR DAVID FOSSATI<br>1000 SW BROADWAY, SUITE 1400<br>PORTLAND, OR 97205-3089<br>tom@susmanshank.com | THOMAS R. BROOKSBANK<br>BROOKSBANK &ASSOCIATES<br>ATTORNEYS FOR AUGUSTINE TUFFANELLI<br>689 SIERRA ROSE DRIVE, SUITE A-2<br>RENO, NV 89511<br>tom@tombrooksbank.com |

11

| | |
|---|---|
| RUSSELL JAMES ZUARDO<br>1296 HIGH FOREST AVE<br>LAS VEGAS, NV 89123<br>rizrph@cox.net | JOHN PETER LEE, LTD<br>JOHN PETER LEE, ESQ.<br>830 LAS VEGAS BOULEVARD SOUTH<br>LAS VEGAS, NV 89101 |
| STEPHEN R. HARRIS<br>BELDING, HARRIS & PETRONI, LTD.<br>ATTORNEYS FOR FRANK SNOPKO<br>417 WEST PLUMB LANE<br>RENO, NV 89509 | BMC GROUP, INC.<br>1330 EAST FRANKLIN AVE.<br>EL SEGUNDO, CA 90245 |
| JERROLD T. MARTIN<br>8423 PASO ROBLES<br>NORTHRIDGE, CA 91325 | WADE B. GOCHNOUR<br>ARYN M. FITZWATER<br>HANEY, WOLOSON & MULLINS<br>ATTORNEYS FOR LIBERTY BANK<br>1117 SOUTH RANCHO DRIVE<br>LAS VEGAS, NV 89102 |
| JONATHAN L. MILLS<br>SUGAR, FRIEDBERG & FELSENTHAL LLP<br>For Norman Kiven<br>30 NORTH LASALLE STREET, SUITE 3000<br>CHICAGO, IL 60602 | GOLDSMITH & GUYMON, P.C.<br>ATTN: MARJORIE A. GUYMON<br>2055 N. VILLAGE CENTER CIRCLE<br>LAS VEGAS, NV 89134 |
| JOSEPH HUGGINS<br>HUGGINS & ASSOCIATES<br>1000 N. GREEN VALLEY PARKWAY, SUITE 440-2<br>HENDERSON, NV 89014<br>joehuggins@sbcglobal.net | RUSSELL S. WALKER<br>ELiZABETH R. LOVERIDGE<br>REID W. LAMBER<br>WOODBURY & KESLER, P.C.<br>ATTORNEYS FOR MILANWOSKI, HANTGES,<br>  USA INVESTMENT PARTNERS<br>265 EAST 100 SOUTH, SUITE 300<br>SALT LAKE CITY, UT 84111 |

IN THE CIRCUIT COURT OF THE
NINTH      JUDICIAL      CIRCUIT
IN AND FOR ORANGE COUNTY,
FLORIDA

STANDARD PROPERTY DEVELOPMENT, LLC, a
Florida limited liability company,

      Plaintiff,

v.

CASE NO.: 2006 - CA - 5756
Division: 43



RECEIVED
JUL 1 7 2006
BY

PREMIERE HOLDINGS INC. DEFINED BENEFIT
PENSION PLAN & TRUST; ANNE E. ABRAMS, as
Trustee of the Abrams Living Trust; SIDNEY R.
ADAMS AND LISA ADAMS INVESTMENT
ACCOUNT; AUGUST J. AMARAL INC, a Nevada
corporation; CHARLES B. ANDERSON, as Trustee of
the Charles B. Anderson Trust; LOUISE M. BARKER,
Individually; ROBERT B. BENDER AND PAULA S.
BENDER, husband and wife; HARRIET BENDER, as
Trustee of the Bender Family Trust By-Pass Trust
Dated      7/30/92;      LAND      EXCHANGE
ACCOMMODATIONS; PETER A. BOLINO AND
FABIOLA A. BOLINO, as Trustees of the Bolino
Family Revocable Trust Dated 3/6/95; BROADWALK
INVESTMENTS      LIMITED      PARTNERSHIP;
JEROME BRESSON, as Trustee of the Jerome Bresson
Revocable Trust Dated 12/1/89; MICHAEL T.
BRIDGES, as Trustee of the Bridges Family Trust;
WILLIAM L. BROGAN AND DYXEEN L. BROGAN,
husband and wife; HOWARD D. BROOKS AND
DOREEN C. BROOKS, as Trustees of the Brooks
Living Trust Dated 6/30/97; CHARLES R. BROOKS
AND WENDY S. BROOKS, as Trustees of the Charles
R. Brooks and Wendy S. Brooks Trust; RICHARD L.
CADIEUX AND CLARA M. CADIEUX, husband and
wife; PETER W. CAPONE AND DIEDRE D.
CAPONE, husband and wife; JAMES B. CARDWELL,
as Trustee of the Cardwell Charitable Trust; JAMES B.
CARDWELL AND REBA JO CARDWELL, as
Trustees of the Cardwell Family Trust; REBA JO
CARDWELL, Individually; TRACY CAVIN, as
Trustee of the Tracy Cavin Family Trust dtd 11/10/03;
BERNARD COHEN AND ELAINE COHEN, as
Trustees of the Bernard Cohen Trust Dated 3/24/88;
GARETH A.R. CRANER, as Trustee of the Gareth A.

**EXHIBIT**

**"F"**

GEORGE A. DI GIOIA IRA; CHARLES B. DUNN IV, as Trustee of the Charles B. Dunn IV Trust Dated 8/12/05; WILLIAM DUPIN AND PENNY DUPIN, husband and wife; ELLIS L. ELGART AND SIVIA V. ELGART, as Trustees of the Ellis L. Elgart Revocable Living Trust Dated 7/8/02; SAGRARIO T. EVERS, as Trustee of the Sagrario T. Evers Living Trust Dated 5/1/01; JOSEPH A. FARRAH AND EMILY T. FARRAH, as Trustees of the Farrah Family Trust Dated 9/18/03; DIONISIO A. FERNANDES MD AND FIOLA FERNANDES, husband and wife; SEYMOUR FRANK, Individually; ANTHONY FRUSCIONE AND LYDA FRUSCIONE, as Trustees of the Fruscione Family Trust Dated 11/21/2005; THEODORE J. FULLER AND JOAN L. FULLER, as Trustees of the Fuller Family Trust Dated 5/29/97; RONALD G. GARDNER, as Trustee of the Ronald G. Gardner Trust; THEODORA GOTTWALD, Individually; WILLIAM HARRISON GOULDING AND ELIZABETH R. GOULDING, husband and wife; DAVID W. GRACE AND DENISE GRACE, as Trustees of the David W. Grace and Denise Grace Family Trust Dated 10/18/96; JEFF HACKER, Individually; JOANNE A. HALVORSON, Individually; CHRISTIAN K. HARTMAN AND KATHARINA HARTMAN, as Trustees of the Hartman 1997 Trust U/A Dated 1/29/97; RAYMOND G. HAWKINS, Individually; DIANE H. HIGGINS, Individually; ROBERT HITCHINS, Individually; JOHN A. HOGLUND AND PATRICIA O. HOGLUND, husband and wife; JOHN M. HOOVER AND SUZANNE J. HOOVER, as Trustees of the Hoover Family 1985 Trust Dated 4/3/85; RICHARD HOULIHAN, Individually; MILTON P. KAPLAN MD, TTEE DBO the Milton P. Kaplan Profit Sharing Plan dtd 10/1/77; G. ROBERT KNOWLES AND CHRISTINA G. KNOWLES, husband and wife; PATRICE A. LABOSSIERE, Individually; RENEE LEFF-KAPLAN, Individually; JAMES E. LOFTON AND DENISE G. LOFTON, husband and wife; MARY COUNCIL MAYFIELD, as Trustee of the Hazel R. Council Trust Dated 9/23/05; JOSEPH E. MELE, Individually; DON D. MEYER, Individually; DENISE E HEIN, Individually; MICHAELIAN HOLDINGS LLC, a Nevada limited liability company; MAHENDRA C. MODY, Individually; MONIGHETTI INC., a Nevada corporation; WESLEY L. MONROE, Individually; JEANNIE M. MONROE, Individually; DANIEL D. NEWMAN, as Trustee of the Daniel D Newman Trust Dated 11/1/92; ROBERT L. OGREN, as

Trustee for the benefit of the Robert L. Ogren Trust
Dated 6/30/92; PHILIP A. PALMINTERE AND
NANCI S. PALMINTERE, as Trustees of the
Palmintere Revocable Trust Dated 6/19/98; MOJAVE
CANYON INC., a Nevada corporation; C. NICHOLAS
PEREOS IRA; BEAUX PONTAK AND DENISE
PONTAK, husband and wife; STEPHANIE K.
RESLEY, Individually; SEYMOUR H. ROSENBURG,
as Trustee of the Seymour H. Rosenberg Revocable
Trust Dated 11/20/03; ROBERT A. SCHELL IRA;
KARL O. SCHELLING, Individually; WALTER E.
SEEBACH, as Trustee of the Walter E. Seebach Living
Trust Dated 11/1/85; JAMES W. SHAW IRA;
MICHAEL SHUBIC IRA; TOMMIE W. SISK,
Individually; DONALD J. SMITH AND SHIRLEY M.
SMITH, as Trustees of the Donald J. Smith and Shirley
M. Smith Trust; TERRANCE H. SMITH, Individually;
ROBERT SPECKERT IRA; JENNIFER CHONG
STALDER, as Trustee of the Chong Chu Stalder Trust
Dated 4/19/90; NICHOLAS A. STEINMETZ AND
CYNTHIA M. STEINMETZ, as Trustees of the 2001
Steinmetz Family Trust; GORDON N. STIMPSON
AND MARJORIE I. STIMPSON, as Co-Trustees of the
Stimpson Family Trust; BERTHA M. STRAUSS,
Individually; LEONARD L. TEACHENOR AND
THERESE M. TEACHENOR, as Trustees of the
Leonard and Therese Teachenor Trust Dated 2/12/01;
CAL TERRILL AND JUDY TERRILL, as Trustees of
the Terrill Family Revocable Living Trust Dated
3/11/02; JACK S. TIANO, as Trustee for an
Accountancy Corporation Profit Sharing Plan and Trust
Dated 02/28/1997; WILLIAM E. TRAPPMAN AND
CAROL B. TRAPPMAN, husband and wife;
WARREN W. TRIPP, as Trustee of the Tripp
Enterprises Inc. Restated Profit Sharing Plan; T-2
ENTERPRISES LLC.; T-3 ENTERPRISES LLC;
WARREN W. TRIPP, Individually; TRIPP
ENTERPRISES INC., a Nevada corporation; CAROL
A. TRIPP, Individually; GARY E. TUCKER AND
LINDA L. TUCKER, husband and wife; GEORGE
TURNER, Individually; ROBERT H. TURNER AND
NANCY A. TURNER, as Trustees of the 1994 Turner
Family Trust Dated 9/23/94; MALDEN VENTURES
LTD. DEFINED BENEFIT PENSION PLAN;
ROBERT R. WADE, as Trustee of the Robert R. Wade
Revocable Trust Dated 5/22/01; DAVID C. WAHL
AND MARGARET A WAHL, husband and wife;
KURT WEBER AND PATRICIA WEBER, husband
and wife; BRUCE H. WOMBLE AND R. JOANNE

3

WOMBLE, as Trustees of the Womble Living Trust dtd 2/3/98; ROBERT R. WRIGHT AND BETTY M. WRIGHT, as Trustees of the Wright Trust; and ZAWACKI, a California LLC,

    Defendants.

_____/

## COMPLAINT

    **COMES NOW,** Plaintiff, STANDARD PROPERTY DEVELOPMENT, LLC, a Florida limited liability company ("Plaintiff"), and files this its Complaint against Defendants, PREMIERE HOLDINGS INC. DEFINED BENEFIT PENSION PLAN & TRUST; ANNE E. ABRAMS, as Trustee of the Abrams Living Trust; SIDNEY R. ADAMS AND LISA ADAMS INVESTMENT ACCOUNT; AUGUST J. AMARAL INC, a Nevada corporation; CHARLES B. ANDERSON, as Trustee of the Charles B. Anderson Trust; LOUISE M. BARKER, Individually; ROBERT B. BENDER AND PAULA S. BENDER, husband and wife; HARRIET BENDER, as Trustee of the Bender Family Trust By-Pass Trust Dated 7/30/92; LAND EXCHANGE ACCOMMODATIONS; PETER A. BOLINO AND FABIOLA A. BOLINO, as Trustees of the Bolino Family Revocable Trust Dated 3/6/95; BROADWALK INVESTMENTS LIMITED PARTNERSHIP; JEROME BRESSON, as Trustee of the Jerome Bresson Revocable Trust Dated 12/1/89; MICHAEL T. BRIDGES, as Trustee of the Bridges Family Trust; WILLIAM L. BROGAN AND DYXEEN L. BROGAN, husband and wife; HOWARD D. BROOKS AND DOREEN C. BROOKS, as Trustees of the Brooks Living Trust Dated 6/30/97; CHARLES R. BROOKS AND WENDY S. BROOKS, as Trustees of the Charles R. Brooks and Wendy S. Brooks Trust; RICHARD L. CADIEUX AND CLARA M. CADIEUS, husband and wife; PETER W. CAPONE AND DIEDRE D. CAPONE, husband and wife; JAMES B. CARDWELL, as Trustee of the Cardwell Charitable Trust; JAMES B. CARDWELL AND

REBA JO CARDWELL, as Trustees of the Cardwell Family Trust; REBA JO CARDWELL, Individually; TRACY CAVIN, as Trustee of the Tracy Cavin Family Trust dtd 11/10/03; BERNARD COHEN AND ELAINE COHEN, as Trustees of the Bernard Cohen Trust Dated 3/24/88; GARETH A.R. CRANER, as Trustee of the Gareth A. R. Craner Trust dtd 6/01/02; RICHARD N. DAHLK, Individually; MONICA J. DELLA, Individually; GEORGE A. DI GIOIA IRA; CHARLES B. DUNN IV, as Trustee of the Charles B. Dunn IV Trust Dated 8/12/05; WILLIAM DUPIN AND PENNY DUPIN, husband and wife; ELLIS L. ELGART AND SIVIA V. ELGART, as Trustees of the Ellis L. Elgart Revocable Living Trust Dated 7/8/02; SAGRARIO T. EVERS, as Trustee of the Sagrario T. Evers Living Trust Dated 5/1/01; JOSEPH A. FARRAH AND EMILY T. FARRAH, as Trustees of the Farrah Family Trust Dated 9/18/03; DIONISIO A. FERNANDES MD AND FIOLA FERNANDES, husband and wife; SEYMOUR FRANK, Individually; ANTHONY FRUSCIONE AND LYDA FRUSCIONE, as Trustees of the Fruscione Family Trust Dated 11/21/2005; THEODORE J. FULLER AND JOAN L. FULLER, as Trustees of the Fuller Family Trust Dated 5/29/97; RONALD G. GARDNER, as Trustee of the Ronald G. Gardner Trust; THEODORA GOTTWALD, Individually; WILLIAM HARRISON GOULDING AND ELIZABETH R. GOULDING, husband and wife; DAVID W. GRACE AND DENISE GRACE, as Trustees of the David W. Grace and Denise Grace Family Trust Dated 10/18/96; JEFF HACKER, Individually; JOANNE A. HALVORSON, Individually; CHRISTIAN K. HARTMAN AND KATHARINA HARTMAN, as Trustees of the Hartman 1997 Trust U/A Dated 1/29/97; RAYMOND G. HAWKINS, Individually; DIANE H. HIGGINS, Individually; ROBERT HITCHINS, Individually; JOHN A. HOGLUND AND PATRICIA O. HOGLUND, husband and wife; JOHN M. HOOVER AND SUZANNE J. HOOVER, as Trustees of the Hoover Family 1985 Trust

Dated 4/3/85; RICHARD HOULIHAN, Individually; MILTON P. KAPLAN MD, TTEE DBO

the Milton P. Kaplan Profit Sharing Plan dtd 10/1/77; G. ROBERT KNOWLES AND

CHRISTINA G. KNOWLES, husband and wife; PATRICE A. LABOSSIERE, Individually;

RENEE LEFF-KAPLAN, Individually; JAMES E. LOFTON AND DENISE G. LOFTON,

husband and wife; MARY COUNCIL MAYFIELD, as Trustee of the Hazel R. Council Trust

Dated 9/23/05; JOSEPH E. MELE, Individually; DON D. MEYER, Individually; DENISE E

HEIN, Individually; MICHAELIAN HOLDINGS LLC, a Nevada limited liability company;

MAHENDRA C. MODY, Individually; MONIGHETTI INC., a Nevada corporation; WESLEY

L. MONROE, Individually; JEANNIE M. MONROE, Individually; DANIEL D. NEWMAN, as

Trustee of the Daniel D Newman Trust Dated 11/1/92; ROBERT L. OGREN, as Trustee for the

benefit of the Robert L. Ogren Trust Dated 6/30/92; PHILIP A. PALMINTERE AND NANCI S.

PALMINTERE, as Trustees of the Palmintere Revocable Trust Dated 6/19/98; MOJAVE

CANYON INC., a Nevada corporation; C. NICHOLAS PEREOS IRA; BEAUX PONTAK AND

DENISE PONTAK, husband and wife; STEPHANIE K. RESLEY, Individually; SEYMOUR H.

ROSENBURG, as Trustee of the Seymour H. Rosenberg Revocable Trust Dated 11/20/03;

ROBERT A. SCHELL IRA; KARL O. SCHELLING, Individually; WALTER E. SEEBACH, as

Trustee of the Walter E. Seebach Living Trust Dated 11/1/85; JAMES W. SHAW IRA;

MICHAEL SHUBIC IRA; TOMMIE W. SISK, Individually; DONALD J. SMITH AND

SHIRLEY M. SMITH, as Trustees of the Donald J. Smith and Shirley M. Smith Trust;

TERRANCE H. SMITH, Individually; ROBERT SPECKERT IRA; JENNIFER CHONG

STALDER, as Trustee of the Chong Chu Stalder Trust Dated 4/19/90; NICHOLAS A.

STEINMETZ AND CYNTHIA M. STEINMETZ, as Trustees of the 2001 Steinmetz Family

Trust; GORDON N. STIMPSON AND MARJORIE I. STIMPSON, as Co-Trustees of the

Stimpson Family Trust; BERTHA M. STRAUSS, Individually; LEONARD L. TEACHENOR
AND THERESE M. TEACHENOR, as Trustees of the Leonard and Therese Teachenor Trust
Dated 2/12/01; CAL TERRILL AND JUDY TERRILL, as Trustees of the Terrill Family
Revocable Living Trust Dated 3/11/02; JACK S. TIANO, as Trustee for an Accountancy
Corporation Profit Sharing Plan and Trust Dated 02/28/1997; WILLIAM E. TRAPPMAN AND
CAROL B. TRAPPMAN, husband and wife; WARREN W. TRIPP, as Trustee of the Tripp
Enterprises Inc. Restated Profit Sharing Plan; T-2 ENTERPRISES LLC.; T-3 ENTERPRISES
LLC.; WARREN W. TRIPP, Individually; TRIPP ENTERPRISES INC., a Nevada corporation;
CAROL A. TRIPP, Individually; GARY E. TUCKER AND LINDA L. TUCKER, husband and
wife; GEORGE TURNER, Individually; ROBERT H. TURNER AND NANCY A. TURNER, as
Trustees of the 1994 Turner Family Trust Dated 9/23/94; MALDEN VENTURES LTD.
DEFINED BENEFIT PENSION PLAN; ROBERT R. WADE, as Trustee of the Robert R. Wade
Revocable Trust Dated 5/22/01; DAVID C. WAHL AND MARGARET A WAHL, husband and
wife; KURT WEBER AND PATRICIA WEBER, husband and wife; BRUCE H. WOMBLE
AND R. JOANNE WOMBLE, as Trustees of the Womble Living Trust dtd 2/3/98; ROBERT R.
WRIGHT AND BETTY M. WRIGHT, as Trustees of the Wright Trust; and ZAWACKI, a
California LLC (collectively, hereafter referred to as "The Parties, Jurisdiction and Venue Direct
Lenders"), as follows:

1.    The Plaintiff is a Florida limited liability company formed for the purpose of
acquiring the real property and related personal property and other improvements, described on
the attached **Exhibit "A** (the "Property"), and thereafter converting the Property from its then
current utilization as a motel to that of a condominium.

2.    The Direct Lenders are a group of individuals, trusts, associations, or other interests which, pursuant to the terms of a Loan Servicing Agreement (the "LSA"), the substantial form of which is attached hereto as **Exhibit "B"**, collectively through their duly authorized agent, USA Commercial Mortgage Company ("USA Capital"), entered into a lending arrangement with the Plaintiff for the acquisition and development of the Property.  USA Capital was authorized by each of the Direct Lenders to undertake such actions, enter into such arrangements, and otherwise to perform such acts as were necessary or appropriate to enter into lending relationships with borrowers solicited and obtained by USA Capital including, in this instance, the Plaintiff.  At all times pertinent, USA Capital was the duly authorized agent of the Direct Lenders for any and all purposes relating to such lending relationships, including that with Plaintiff.

3.    The Direct Lenders are subject to the jurisdiction of this Court pursuant to Fla. Stat. §48.193(c) and (g) as they have owned, used, possessed or held a mortgage or other lien on real property within this State, and/or breached a contract in this State by failing to perform acts required by the contract to be performed in this State, and the causes of action asserted herein relate to such acts.  The Direct Lenders are subject to service of process in accordance with Fla. Stat. §48.194(1).  Moreover, and as more fully explained hereafter, the forum selection clause contained in paragraph 8.15(b) of the Construction Loan Agreement dated as of February 27, 2006, entered into by and between Plaintiff and the Direct Lenders (the "Construction Loan Agreement"), a true and correct copy of which is attached hereto as **Exhibit "C"**, is unenforceable and inapplicable under these facts and circumstances because, among other things, the forum selection clause was a non-negotiated, mandatory provision in the USA Capital and the Direct Lenders' form loan agreements; enforcement would violate the public policy of this

State; and enforcement would transfer an essentially local dispute (ultimately, a foreclosure action and claims related thereto) to an inconvenient and inappropriate forum in order to seriously inconvenience and prejudice the Plaintiff. Therefore, the Direct Lenders are subject to the jurisdiction of, and venue in, this Court.

## FACTUAL BACKGROUND

4.      Among other potential lending sources approached by the Plaintiff, in or about the Fall of 2005, the members of Plaintiff, Steve Parmee ("Parmee") and/or George Venturella ("Venturella"), approached the authorized agents of USA Capital (itself the duly authorized agent and representative of the Direct Lenders) to discuss the obtaining of a loan sufficient to acquire the Property, and to undertake the requisite construction and development to convert the then use of the Property as a motel to that of a condominium.

5.      Over the course of the next several months, negotiations continued between the representatives of the Plaintiff, and the duly authorized representatives and agents of USA Capital including, without limitation, Joseph D. Milanowski ("Milanowski"). At all times during such ongoing negotiations, Milanowski, and the other authorized agents and representatives of USA Capital (itself the duly authorized agent and representative of the Direct Lenders) were well aware that Plaintiff's borrowing needs consisted of both an acquisition phase and a construction and conversion phase in order to make the project feasible and viable, and that funding of both phases would be required in order for the Plaintiff to utilize the Direct Lenders (acting through their authorized agent, USA Capital) as the lending source rather than other potential lending sources.

6.      As Milanowski, and the other duly authorized agents and representatives of USA Capital, also well knew, that after acquisition by the Plaintiff, the motel then existing on the Property would be closed, the building(s) virtually gutted, and then the necessary refurbishment

and construction undertaken in order to convert the building(s) from their then utilization as a motel to that of a condominium. In addition, Milanowski, and the other duly authorized agents and representatives of USA Capital (itself the duly authorized agent and representative of the Direct Lenders) well knew that the Plaintiff had obtained tens of millions of dollars in reservations, and hard contract deposits from end purchasers of units which themselves were premised and conditioned upon an agreed delivery date of the Spring of 2007 for the condominium units. All such parties were aware that failure to timely deliver the condominium units to the end purchasers could place Plaintiff in breach of its reservation agreements and contracts, and put at risk the tens of millions of dollars held as deposits.

7.    Based upon the foregoing, Milanowski, and the other duly authorized agents and representatives of USA Capital with whom Plaintiff dealt (USA Capital being the duly authorized agent and representative of the Direct Lenders) well knew that the failure to fund all of the requested loan (both the acquisition and the construction/conversion phases) would significantly harm and damage Plaintiff, prohibit the construction and conversion of the project to its condominium use, place at risk the reservation and contract deposits, and would, in effect, destroy the purpose for which even the acquisition phase of the loan was being undertaken. In short, without the funding of the construction/conversion phase of the loan, the entering into the acquisition phase of the loan made no sense.

8.    At all times throughout the negotiations, Milanowski, and the other duly authorized agents and representatives of USA Capital (itself the duly authorized agent and representative of the Direct Lenders) promised and assured the members and representatives of Plaintiff with whom they dealt, Venturella and Parmee, that the entire amount needed to both acquire and thereafter construct/convert the Property to a condominium use would in fact be

10

funded. Based upon the commitment of the Direct Lenders, acting through their duly authorized agent and representative, USA Capital, Plaintiff agreed to enter into a lending arrangement with the Direct Lenders which would provide an amount sufficient to both acquire and thereafter construct and convert the Property to a condominium use. The proposed lending arrangement was for a limited term of twelve (12) months, at what was otherwise a relatively high interest rate and with a relatively high origination fee (one-half of a point on the entire (i.e., both phases loan amounts, or $877,500.00).

9. In order to evidence the agreed lending relationship between the Direct Lenders, acting by and through their authorized agent and representative, USA Capital, and the Plaintiff, the following documents, among others, were executed:

(a) The Construction Loan Agreement;

(b) That certain Promissory Note Secured by Mortgage dated February 27, 2006, in the originally stated principal amount of $17,750,000.00 (the "Note");

(c) That certain Mortgage, Security Agreement and Assignment of Rents dated February 27, 2006, executed by the Plaintiff in favor of USA Capital, as agent for The Direct Lenders (the "Mortgage").

A true and correct copy of the Note and Mortgage are attached hereto and incorporated herein as **Exhibits "D" and "E".**

10. Notwithstanding the date on the Construction Loan Agreement, the Note and the Mortgage, no portion of the loan was actually funded on February 27, 2006. To the contrary, the actual loan closing, and the corollary acquisition of the Property by Plaintiff and the initial disbursement of any loan proceeds did not occur until March 15, 2006. A true and correct copy

of the Loan Closing Statement dated March 15, 2006, as executed by the Plaintiff, is attached hereto and incorporated herein as **Exhibit "F".**

11.    As reflected on the Loan Closing Statement, the initial advance was in the amount of $8,240,000.00 (the "Loan Amount"), and included the amount necessary to acquire the Property ($6,823,570.00) with the balance either going to an origination fee to USA Capital, an interest reserve for the benefit of the Direct Lenders in the amount of $375,000.00, or for various loan fees and costs.

12.    The Construction Loan Agreement, in paragraph 3.2, provided for the advancing of further funds up to the amount set forth in the Note ($17,750,000.00) and in other portions of the Construction Loan Agreement provided procedures and mechanisms by which such additional advances were to be undertaken, and otherwise addressed lending issues and practices applicable only to advancing additional construction funds.    Notwithstanding the prior commitments of Milanowski, and the other duly authorized agents and representatives of USA Capital (itself the duly authorized agent and representative of the Direct Lenders), and virtually all other provisions of the Construction Loan Agreement and its exhibits, the final sentence of paragraph 3.2 of the Construction Loan Agreement provides:

> Nothing herein shall be deemed to be a commitment by Lender or USA to fund to Borrower any more than the Initial Loan Amount.

Construing the Construction Loan Agreement as a whole, even including such sentence (itself inconsistent with virtually the entire remainder of the document), once any amount was funded after the Initial Loan Amount, the entire remainder would be required to be funded.

13.    Shortly after, if not simultaneous with, the funding of the Initial Loan Amount (i.e., the $8.24 million dollars shown on the Closing Statement), the Direct Lenders advanced the first portion of the construction funding in the amount of $1.4 million dollars in accordance with,

and as reflected on, Exhibit "C" to the Construction Loan Agreement. The advance of this initial construction amount was in furtherance of, and consistent with, the representations of Milanowski, and the other duly authorized agents and representatives of USA Capital (itself the duly authorized agent and representative of the Direct Lenders) that the construction/conversion portion of the loan in its entirety would be funded (in accordance with, and as reflected on Exhibits "B" and "C" to the Construction Loan Agreement).

14.    After acquisition of the Property, and while receiving the first construction disbursement in accordance with and as reflected on Exhibit "C" to the Construction Loan Agreement, Plaintiff commenced the construction and conversion of the Property from its then motel use to its future condominium use. As had been well known to all parties from the time the loan first began to be negotiated forward, such construction required the closing of the motel, and the virtual gutting of the buildings to a point at which the value of the Property was then diminished to less than the value at the time of acquisition, and less than the then-amount outstanding on the indebtedness. In addition, the ongoing construction and conversion of the Property from its utilization as a motel to that of a condominium necessarily required ongoing construction by the applicable general contractor and its subcontractors, which would then lead, if not paid, to the imposition of varieties of construction liens upon the Property, and the inevitable cessation of construction and the commencement of construction litigation.

15.    Notwithstanding the implicit representations and commitments made by Milanowski and the other duly authorized agents and representatives of USA Capital (itself the duly authorized agent and representative of the Direct Lenders) of financial strength and stability, and unbeknownst to Plaintiff, USA Capital, and its affiliated entities, including, without limitation, USA Capital First Trust Deed Fund, LLC (the "Fund"), were then in dire financial

straights, with an ever-worsening financial condition.   Unbeknownst to the Plaintiff, USA
Capital had apparently, among other things, pooled monies received as payments on various
loans, and disbursed such amounts to investors on all loans regardless of the source of the actual
payment; had compromised the total amount of certain indebtedness, or, at least, had not
remitted the applicable amounts to the investors on any specific loan; had released collateral or
comprised or satisfied certain debts without the knowledge of or payment to the applicable
investors; and/or had engaged in other acts and practices, including the diversion of funds, from
the appropriate, ultimate payee.

16.    Upon information and belief, by the time the documents evidencing the lending
arrangement between Plaintiff and the Direct Lenders was executed in late February, 2006, and
certainly by the time of the disbursement of the Initial Loan Amount of funds in March, 2006,
the authorized agents and representatives, including Milanowski, of USA Capital (which itself
was acting as the duly authorized agent and representative for the Direct Lenders) were well
aware of the dire financial straights in which USA Capital and its affiliated entities, including the
Trust, then existed; that existing management, including Milanowski, was likely to be replaced
(and in fact has now been replaced by Thomas Allison ("Allison") of Mesirow Interim Financial
Management, LLC) and that the filing of bankruptcy was likely, if not imminent.   All such
authorized representatives and agents likewise knew that, upon the filing of bankruptcy, or,
simply because of the deteriorating financial condition of USA Capital and its affiliated entities,
that the ultimate funding of the entire construction/conversion portion of the Construction Loan
Agreement and Note would not likely occur.   Notwithstanding such knowledge, the authorized
agents and representatives of USA Capital (itself the duly authorized agent and representative of
the Direct Lenders) induced Plaintiff to close on the Construction Loan Agreement and Note,

14

and to commence construction on the condominium conversion project, knowing the damage that would ensue from the later failure to fund. Upon information and belief, USA Capital, the duly authorized agent and representative of the Direct Lenders, undertook the actions and conduct described herein in order to obtain the origination fee (which was then desperately needed by USA Capital) and to provide additional monies as a source of funds to add to the pool for potential disbursement to the direct lenders on various loans.

17.    On April 13, 2006, USA Capital, the Trust, and various other affiliated entities filed voluntary petitions under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada. All such cases remain pending. Since the filing of the bankruptcy cases, former management of USA Capital (including Milanowski) has been displaced and Allison invested as the Chief Restructuring Officer of USA Capital and its affiliated debtors. Moreover, the bankruptcy court in the bankruptcy cases has to this point refused to permit further funding on any of the pre-petition loan commitments made by USA Capital, on behalf of any of its investors, including the Direct Lenders, notwithstanding the acknowledgment of the Debtor representatives of the existence of such commitments and the extensive damage to borrowers—including Plaintiff--from the cessation of funding, and the likely litigation that will ensue from failure to do so.

18.    Consequently, and notwithstanding the promises, commitments, representations and agreements of the duly authorized agents and representatives, including Milanowski, of USA Capital (itself the duly authorized agent and representative of the Direct Lenders), and the terms of the Construction Loan Agreement and Note, as construed, interpreted and acted upon by the parties, no further funding of the construction/conversion portion of the Construction Loan Agreement and Note has occurred. A construction draw request was submitted by Plaintiff in or

15

about June, 2006, in accordance with the Control Account Escrow Agreement and Security Agreement dated February 27, 2006, and executed by the Direct Lenders, Plaintiff and the Project Disbursement Group, Inc. (the "Disbursing Agent")(the "Control Agreement"). No response has been received from the Direct Lenders, USA Capital, and/or the Disbursing Agent since the submission of such draw request. Notwithstanding the failure to fund the draw request, and notwithstanding the cessation of the funding of the loan generally, upon information and belief the Disbursing Agent continues to disburse monthly to USA Capital, for ultimate disbursement to the Direct Lenders, the amount of the alleged interest accruing monthly on the Initial Loan Amounts and the first construction advance.

19.     Because of the cessation of funding, construction at the Property has come to a virtual halt, the general contractor and his sub-contractors have not been paid, and the project is at a substantial risk of becoming, and is likely to become, embroiled in significant construction and other litigation. Moreover, because the motel has been closed and the building(s) virtually gutted, the Property is now worth less than its value at the time of its acquisition, and is worth significantly less than the amount of the outstanding indebtedness allegedly owing the Direct Lenders. Plaintiff has now likewise been advised that because of the delay in construction, if and when construction is able to be resumed the cost of the required construction materials will have increased by an amount in excess of $700,000.00. Finally, and because of the virtual cessation of construction as a result of the Direct Lenders' cessation of funding, complying with the required completion deadline of the Spring of 2007 appears unlikely, and the reservation and contract deposits currently held by Plaintiff from the end purchasers are at risk.

20.     Because of the pendency of the bankruptcy cases of USA Capital and the Trust, both of which are two of the approximately 100 persons, entities and other interests which

comprise the Direct Lenders, USA Capital and the Trust have not been named as defendants in this action. Nonetheless, Plaintiff will be seeking relief from the automatic stay of Section 362 of the Bankruptcy Code to add USA Capital and the Trust as party defendants in order to liquidate the claims against all Direct Lenders, including USA Capital and the Trust in one action, and to otherwise liquidate whatever other claims Plaintiff may have against USA Capital and/or its affiliated entities, at one time.

21.     In addition, Plaintiff intends to seek relief from the automatic stay of Section 362 of the Bankruptcy Code to send notice to the Disbursing Agent to cease disbursing the interest amounts monthly on the Note given that Plaintiff contends it has setoffs and affirmative claims against the Direct Lenders which far exceeds the amounts owing on the Note. Even if such relief from the automatic stay is denied, once the interest reserve is exhausted, Plaintiff will not fund further interest payments to the Direct Lenders. Consequently, the Direct Lenders will be required, in order to recover on the indebtedness, to institute an action to foreclose the Mortgage in this Court. The claims asserted herein would appear to be compulsory counter-claims in any such foreclosure litigation. The foreclosure litigation may only be brought in the jurisdiction in which the Property exists and the facts and circumstances certainly give rise to defenses and affirmative defenses in such litigation. Because the forum selection clause contained in paragraph 8.15(b) of the Construction Loan Agreement and the similar provision of the Note was a non-bargained for, mandatory provision in USA Capital and the Direct Lenders form loan documents; is unreasonably one-sided; violates the public policy of this state; and purports to transfer a local dispute to an inconvenient and prejudicial forum to the benefit the drafting party, such provision is unenforceable.

22.    Plaintiff has been required to retain the services of Shutts & Bowen LLP to enforce its rights and pursue the claims set forth herein, and has agreed to pay such attorneys a reasonable fee for their services.

23.    All conditions precedent to the institution of this action have been waived, excused, or otherwise performed.

## COUNT I

24.    The averments of paragraphs 1 through 23 above are incorporated herein and made a part hereof by this specific reference.

25.    This is an action for damages in excess of $15,000.00, exclusive of interest, fees and costs.

26.    As set forth above, the failure of the Direct Lenders to fund the construction/conversion portion of the Note, in its entirety, constitutes a breach of the Construction Loan Agreement and the Note as construed by the parties, and the overall loan commitment made to Plaintiff by the Direct Lenders.

27.    As set forth above, the damage incurred by the Plaintiff as a result of the breach of the Construction Loan Agreement, the Note, and the loan commitment generally by the Direct Lenders is extensive, ongoing, and increasing.

28.    Pursuant to Paragraph 8.11 of the Construction Loan Agreement, Paragraph 11 of the Note, and Fla. Stat. §57.105, the Direct Lenders are liable to Plaintiff for the amount of its attorney's fees and expenses incurred in bringing this action and seeking the relief herein.

29.    The Direct Lenders are liable for such damage in an amount to be proven at trial.

## COUNT II

30.    The averments of paragraphs 1 through 23 above are incorporated and made a part hereof by this specific reference.

31.    This is an action for damages in excess of $15,000.00, exclusive of interest, fees and costs.

32.    Every contract, including paragraph 3.2 of the Construction Loan Agreement, includes a covenant of good faith and fair dealing in the performance of each contractual obligation.

33.    The Direct Lenders, acting by and through their authorized agent, USA Capital, failure to fund the construction/conversion portion of the indebtedness after inducing the Plaintiff into the loan arrangement generally, and after funding the initial portion of the construction/conversion portion of the loan constitutes a breach of the implied covenant of good faith and fair dealing.

34.    As a consequence of the breach of such implied covenant of good faith and fair dealing, and as set forth above, Plaintiff has incurred extensive damage, which is ongoing and increasing.

35.    The Direct Lenders are liable to Plaintiff for such damages in an amount to be proven at trial.

36.    Pursuant to Paragraph 8.11 of the Construction Loan Agreement, paragraph 11 of the Note, and Fla. Stat. §57.105, the Direct Lenders are liable to Plaintiff for the amount of the attorneys' fees and costs incurred by it in brining this action and seeking the relief herein.

## COUNT III

37.    The averments of paragraphs 1 through 23 above are incorporated herein and made a part hereof by this specific reference.

38.    This is an action for damages in excess of $15,000.00 exclusive of interest, fees and costs.

39.    As set forth above, Milanowski, and the other duly authorized agents and representatives of USA Capital (itself the duly authorized agent and representative of the Direct Lenders), repeatedly represented to the authorized agents and representatives of Plaintiff that both the acquisition and construction/conversion portions of the Construction Loan Agreement and Note would be funded, notwithstanding whatever language may occur in the mandatory, non-bargained for, form documents utilized by USA Capital in its business practices.   Such representations were made at a time when the duly authorized representatives of USA Capital knew that given the dire financial circumstances of USA Capital and its affiliated entities that the construction/conversion portion of the loan would likely not be funded.   Such false representations were made in order to induce reliance thereon by Plaintiff.   But for such materially false representations and inducements, Plaintiff would not have entered into the loan arrangement and would have sought financing elsewhere.

40.    Plaintiff did, in fact, rely upon such false, material representations and inducements in entering into the loan arrangement, the commencement of construction on the Property, and the corollary devaluing of the Property.

41.    Based upon such materially false representations and inducements by the duly authorized agents and representatives of the Direct Lenders, made with the intent that Plaintiff rely and upon which it did in fact rely, Plaintiff has incurred extensive damage, which is ongoing and increasing.

42.    The Direct Lenders are liable to Plaintiff for such damage in an amount to be proven at trial.

<u>COUNT IV</u>

43.    The averments of paragraph 1 through 23 are incorporated herein and make a part hereof by this specific reference.

44. This is an action for damages in excess of $15,000.00 exclusive of interest, fees and costs.

45. As set forth above, Milanowski and the other duly authorized agents and representatives of USA Capital (itself the duly authorized agent and representative of the Direct Lenders), repeatedly represented to the authorized agents and representatives of Plaintiff that both the acquisition and construction/conversion portions of the Construction Loan Agreement and Note would be funded in its entirety. Indeed, the Direct Lenders, acting by and through their authorized agent and representative, USA Capital, in fact advanced the first construction amount in accordance with, and as reflected on, Exhibits "B" and "C" to the Construction Loan Agreement. But for the materially false representations that all amounts would be funded, Plaintiff would have never entered into the lending arrangement with the Direct Lenders, and would have sought funding elsewhere.

46. Such material, false representations and inducements were made with intent to induce reliance thereon by Plaintiff, and did, in fact, induce such reliance.

47. As a result thereof, the Direct Lenders are estopped to deny the existence of a binding, contractual obligation to fund the entire amount evidenced by the Construction Loan Agreement and Note.

48. As a result of the cessation of funding, Plaintiff has incurred extensive damage, which is ongoing and increasing.

49. The Direct Lenders are liable to Plaintiff for such damages in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment in its favor and against the Direct Lenders as follows:

(a)    For damages in an amount to be proven at trial;

(b)    For the amount of attorneys' fees and costs incurred by it in bringing this action and recovering the damages sought herein;

(c)    That all costs be taxed against the Direct Lenders; and

(d)    For such other and further relief this court deems just and proper.

SHUTTS & BOWEN LLP
Attorneys for the Plaintiff
300 S. Orange Ave., Suite 1000
Orlando, Florida  32801-5403
*Mailing Address:*   P.O. Box 4956
Orlando, Florida  32802-4956
407/423-3200
407/425-8316 (Facsimile)

Andrew M. Brumby, Esq.
Florida Bar No. 0650080
Lee D. Mackson, Esq.
Florida Bar No. 435929

10406384.1

22