FROM :HOMES FOR AMERICA HOLDINGS,INC    FAX NO. :914-964-7034    Jun. 20 2006 05:56PM P1/6

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer
Nevada Bar No. 0399
Jeanette E. McPherson
Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
Attorneys for Debtors

E-FILED ON JULY 20, 2006

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case Nos. BK-S-06-10725 LBR<br>Case Nos. BK-S-06-10726 LBR<br>Case Nos. BK-S-06-10727 LBR<br>Case Nos. BK-S-06-10728 LBR<br>Case Nos. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC<br>Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | DECLARATION OF KARIM CHOWDHURY IN SUPPORT OF APPLICATION BY DEBTOR AND DEBTOR-IN-POSSESSION FOR AUTHORIZATION TO FORBEAR ON FOUR HFA LOANS |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Date: N/A<br>Time: |

KARIM CHOWDHURY states and declares as follows:

1. I am the Chief Financial Officer of Homes for America Holdings, Inc. ("HFA") and state the following on personal knowledge.

### HFA Monaco Loan

2. On December 19, 2003, Debtor Diversified Trust Deed Fund as a 100% Direct Lender entered into a loan (the "HFA Monaco Loan") to HFAH-Monaco, LLC, a Florida limited liability company ("HFA Monaco"). The HFA Monaco Loan is evidenced by a Loan Agreement (the "HFA Monaco Loan Agreement"), dated December 19, 2003 between HFA Monaco, as Borrower, and Debtor Diversified Trust Deed Fund, as Lender.

3. The HFA Monaco Loan is secured by a first lien Trust Deed on real property and improvements, dated December 19, 2003 and recorded in Lee County, Florida (the "HFA Monaco Trust Deed").

4. The maturity date of the HFA Monaco Loan was originally December 19, 2004. HFA Monaco and Debtor Diversified Trust Deed Fund entered into two Loan Extension Agreements in which the maturity date of the HFA Monaco Loan was extended to December 19, 2006. However, the HFA Monaco Loan is a Nonperforming Loan in that interest payments have not been made as required by the HFA Monaco Loan Agreement and are past due. The amount owed by HFA Monaco on the HFA Monaco Loan, according to the records of Debtor USACM, is the principal sum of $4,000,000, plus interest as of May 26, 2006 in the amount of $1,279,500, plus any other costs and fees that are due and owing.

### HFA Clear Lake Loan

5. On January 6, 2005, Debtor USACM originated a loan (the "HFAH Clear Lake Loan") to HFAH Clear Lake, LLC, a Florida limited liability company ("HFAH Clear Lake"). The HFAH Clear Lake Loan is evidenced by a Loan Agreement (the "HFAH Clear Lake Loan Agreement"), dated January 6, 2005. There are 207 Direct Lenders for the HFAH Clear Lake Loan. The HFAH Clear Lake Loan is secured by a first

FROM :HOMES FOR AMERICA HOLDINGS,INC    FAX NO. :914-964-7034    Jun. 20 2006 05:57PM  P3/6

lien Trust Deed on real property and improvements, dated January 6, 2005 and recorded in Palm Beach County, Florida on January 21, 2005 (the "HFAH Clear Lake Trust Deed").

6. The maturity date of the HFAH Clear Lake Loan was originally January 7, 2006. HFAH Clear Lake entered into a Loan Extension Agreement in which the maturity date of the HFAH Clear Lake Loan was extended to January 7, 2007. However, the HFAH Clear Lake Loan is a Nonperforming Loan in that interest payments have not been made as required by the HFAH Clear Lake Loan Agreement and are past due.

7. The amount owed by HFAH Clear Lake on the HFAH Clear Lake Loan, according to the records of Debtor USACM, is the principal sum of $16,050,000, plus interest as of May 26, 2006 in the amount of $2,642,136, plus any other costs and fees that are due and owing.

### HFA Clear Lake-2nd Loan

8. On June 24, 2005, USACM originated a second loan (the "HFAH Clear Lake 2nd Loan") to HFAH Clear Lake. The HFAH Clear Lake 2nd Loan is evidenced by a Loan Agreement (the "HFAH Clear Lake 2nd Loan Agreement"), dated June 24, 2005. There are 36 Direct Lenders for the HFAH Clear Lake 2nd Loan. The HFAH Clear Lake 2nd Loan is secured by a second lien Trust Deed on the same real property and improvements that secures the HFAH Clear Lake Loan, as evidenced by a Mortgage (Second Position) dated June 24, 2005 and recorded in Palm Beach County, Florida on July 28, 2005 (the "HFAH Clear Lake 2nd Trust Deed").

9. The HFAH Clear Lake 2nd Loan matures on July 1, 2006. However, the HFAH Clear Lake 2nd Loan is a Nonperforming Loan in that interest payments have not been made as required by the HFAH Clear Lake 2nd Loan Agreement and are past due.

10. The amount owed by HFA Clear Lake on the HFAH Clear Lake 2nd Loan, according to the records of Debtor USACM, is the principal sum of $2,750,000, plus interest as of May 26, 2006 in the amount of $386,233, plus any other costs and fees that are due and owing.

### HFA Windham/Asylum Loan

11. On August 30, 1999, Enterprise Capital, Inc., now known as Independence Bank, an entity unrelated to the Debtors, made a loan to Windham Mills Development Corporation ("Windham"), secured by a Mortgage on real property owned by Windham (the "Windham Loan"). On or about September 24, 2004, at a time when the Windham Loan was in default, Homes for America Holdings, Inc. ("HFAH") purchased all of the rights of Independence Bank in the Windham Loan, including all collateral documents. On or about November 15, 2004, USACM originated a loan (the "HFAH Windham/Asylum Loan") to enable HFAH to purchase the position of Independence Bank in the Windham Loan. The HFAH Loan was funded by 74 non-Debtor Direct Lenders (the "HFAH-Asylum Direct Lenders"). Although it was the intention of USACM and the HFAH-Asylum Direct Lenders to obtain collateral assignments of all of the rights of HFAH in the Windham Loan, the records of USACM on the HFAH Windham/Asylum Loans are incomplete.

12. According to the records of Debtor USACM, the HFAH Windham/Asylum Loan matures on June 16, 2006. However, the HFAH Windham/Asylum Loan is a Nonperforming Loan in that interest payments have not been made and are past due. The amount owed by HFAH on the HFAH Windham/Asylum Loan, according to the records of USACM, is the principal sum of $5,550,000, plus interest as of May 26, 2006 in the amount of $951,580, plus any other costs and fees that are due and owing.

### Recent Repayment of Three Other HFA Loans

13. USACM also originated three other loans to HFAH or its affiliates, which loans were funded by non-Debtor Direct Lenders and by First Trust Deed Fund. In May of 2006, these three HFA loans were paid in full by HFAH or its affiliates, prior to the stated maturity of these loans, and the loan repayment proceeds were delivered to USACM as Servicer. Specifically, HFA Riviera repaid in full a loan owed to 90 non-Debtor Direct Lenders by paying the principal sum of $5,000,000, plus interest in the amount of

FROM :HOMES FOR AMERICA HOLDINGS,INC    FAX NO. :914-964-7034    Jun. 20 2006 05:58PM P5/6

$767,361. HFA North Yonkers (One Point Street, Inc.) repaid in full a loan owed to Debtor First Trust Deed Fund as a Direct Lender and 298 other non-Debtor Direct Lenders by paying the principal sum of $24,000,000, plus interest in the amount of $4,168,403. HFA Riviera also repaid in full a loan owed to 99 non-Debtor Direct Lenders by paying the principal sum of $8,000,000, plus interest in the amount of $2,698,080.

14. In connection with the arrangements for HFA or its affiliates to make these early payments in full, USACM as Servicer agreed, dependent upon approval of the Court (if such action were deemed to not be an ordinary course of business transaction), to forbear from declaring a default and to forbear from exercising remedies on the HFA Monaco Loan, the HFAH Clear Lake, the HFAH Clear Lake 2nd Loan and the HFAH Windham/Asylum Loan (the "Four HFA Loans"), until January 1, 2007, even though the Four HFA Loans are Nonperforming Loans. No claims are being released or waived against the Borrowers or any Guarantors of the Four HFA Loans.

15. HFA and its affiliates requested this forbearance for the Four HFA Loans to facilitate the refinancing of the Four HFA Loans or the sale of the collateral for the Four HFA Loans to allow them to be repaid, which HFA hopes to have accomplished by the end of 2006.

16. HFA or its affiliates related to the Four HFA Loans have made applications to and been engaged in negotiations with several new lenders in connection with the refinancing of the Four HFA Loans. These lenders recognize that the project for each subject real property for each of the Four HFA Loans, as being developed by HFA and its affiliates, will be constructed as planned and would be a performing asset

17. In the cases of HFA Clear Lake and HFA Monaco, the applicable HFA affiliate has obtained project entitlements and other approvals, including a construction loan commitment for HFA Clear Lake sufficient to commence construction after pre-sales are complete and for HFA Monaco a tax-increment financing from the City of Fort Myers

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

FROM :HOMES FOR AMERICA HOLDINGS,INC    FAX NO. :914-964-7034    Jun. 20 2006 05:58PM P6/6

to subsidize the project, which make the project as planned more valuable in the hands of HFA than if taken in foreclosure

18. In the case of HFA Windham, the underlying asset is a real property subject to a bankruptcy reorganization for which the underlying value depends upon the undertakings made by HFA to take title to the site and developing it as planned. In the hands of USACM the collateral is less valuable inasmuch as USACM would need to undertake similar obligations to secure and realize the value of the collateral..

19. Each new lender that HFA is making loan application to however is or would be unwilling to pursue a refinancing if the existing lenders retained the ability to declare an immediate default and proceed with related exercise of remedies, including potential foreclosure.

20. This forbearance will facilitate the refinancing of the Four HFA Loans by permitting HFA or its affiliate to represent to the new lender that HFA or its affiliates is not in material breach under any of the Four HFA Loans. The absence of such forbearance would assure that USACM would be required to expend greater efforts, upon obtaining control, to realize the benefit from the collateral than HFA would, as the current developer of a pending development plan, and the lenders would take longer to realize the return of the lenders' principal than allowing the forbearance.

I declare, under penalty of perjury, that the foregoing is true and correct, to the best of my knowledge, information and belief.

DATED: July 20, 2006.

_____
(signature)

KARIM CHOWDHURY
(print name)

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

PAGE 6/6 * RCVD AT 7/20/2006 5:55:27 PM [Eastern Daylight Time] * SVR:NYC-US-FAX-01/10 * DNIS:5667 * CSID:914 964 7034 * DURATION (mm-ss):03-34