AUGUST B. LANDIS, Assistant United States Trustee
State Bar # IA PK9228
augie.landis@usdoj.gov
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600 Ext. 235
Facsimile:  (702) 388-6658

Attorneys for the Acting United States Trustee
    SARA L. KISTLER

E-Filed on July 21, 2006

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

| | |
|---|---|
| **USA Commercial Mortgage Company**<br>    **06-10725 -- Lead Case**<br>**USA Capital Realty Advisors, LLC**<br>    06-10726<br>**USA Capital Diversified Trust Deed Fund, LLC**<br>    06-10727<br>**USA Capital First Trust Deed Fund, LLC**<br>    06-10728<br>**USA Securities, LLC**<br>    06-10729                      Debtors | **Jointly Administered**<br>Chapter 11 Cases<br>Judge **Linda B. Riegle** Presiding<br><br>Date:  **July 25, 2006**<br>Time:  **9:30 a.m.**<br>**Affecting:**<br>☒ All Cases<br>**or Only:**<br>☐ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC |

# THE UNITED STATES TRUSTEE'S SUPPLEMENTAL OPPOSITION TO APPLICATIONS TO EMPLOY AND RETAIN RAY QUINNEY & NEBEKER, P.C. AS COUNSEL FOR THE DEBTORS

To the Honorable **LINDA B. RIEGLE**, United States Bankruptcy Judge:

The United States Trustee has previously opposed, and continues to oppose, the Applications to Employ and Retain Ray Quinney & Nebeker, P.C. as Counsel for the Debtors in each of the five separate Chapter 11 cases identified in the caption. *See* Docket #221. Supplementation of the United States Trustee's opposition as originally filed is necessary to address subsequent events which substantiate the United States Trustee's opposition.  This

supplement is supported by the United States Trustee's opposition as originally filed and incorporated herein by this reference, the pleadings and papers comprising the official court file in this case, and the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. Through the applications, Ray Quinney & Nebeker, P.C. seeks approval to serve as counsel for the debtor entity in each of the five different cases pending before the Court.

## CONTROLLING STATUTES AND POLICY CONSIDERATIONS

2. The applications, requesting authorization for Ray Quinney & Nebeker, P.C. to serve as counsel for the debtor entity in each of the five different cases at issue, are premised upon 11 U.S.C. § 327(a).

3. The text of 11 U.S.C. § 327(a) provides generally that the trustee may employ one or more attorneys that do not hold or represent an interest adverse to the estate, and are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties in connection with a bankruptcy case.

4. The disclosures required of a professional seeking employment under 11 U.S.C. § 327(a) are set forth in Fed. R. Bankr. P. 2014(a).

5. In addition to the provisions of 11 U.S.C. § 327(a), the issues here turn on the provisions of 11 U.S.C. § 327(c). Section 327(c) generally provides that while an attorney is not disqualified from employment on behalf of the trustee solely because he or she represents a creditor, upon objection by the United States Trustee "the court shall disapprove such employment if there is an actual conflict of interest."

6. The policy objectives of 11 U.S.C. § 327 include holding professionals performing duties for the estate to strict fiduciary standards, and to assure that a professional employed in a bankruptcy case will devote undivided loyalty to the client. In re Wheatfield Bus. Park, LLC, 286 B.R. 412, 417-18 (Bankr. C.D. Cal. 2002), *citing* In re Envirodyne Indus., Inc., 150 B.R. 1008, 1016 (Bankr. N.D. Ill. 1993) *and* In re Lee, 94 B.R. 172, 178 (Bankr. C.D. Cal. 1988). "Having to divide one's allegiance between two clients is what Section 327 attempts to prevent."

In re Mercury, 280 B.R. 35, 54 (Bankr. S.D.N.Y. 2002), *quoting* In re Roger J. Au & Son, Inc., 101 B.R. 502, 505 (Bankr. N.D. Ohio 1989).

### AUTHORITY AND ARGUMENT

### SINCE PROPOSED COUNSEL HAS NOW ACKNOWLEDGED THAT AN ACTUAL CONFLICT OF INTEREST EXISTS BETWEEN THE DEBTORS, THE APPLICATIONS SHOULD BE DENIED.

7. Subsequent to the May 12, 2006 filing of the United States Trustee's original opposition to the applications, on July 18, 2006, Debtor USA Commercial Mortgage Company filed an "Application by Debtor and Debtor-in-Possession for Authorization to Retain and Employ David W. Huston *as Special Conflicts Counsel* Under General Retainer." *See* Docket # 883 (emphasis added).

8. That motion expressly acknowledges that because one set of attorneys has been representing all five of the debtors in these five separate Chapter 11 cases, it has now become necessary to hire another attorney in these proceedings to address "matters where USACM's bankruptcy counsel, Ray Quinney & Nebeker and Schwartzer & McPherson Law Firm have a conflict of interest or an appearance of a conflict of interest" in connection with an interpleader action "in which USACM will be the plaintiff and USA Capital First Trust Deed Fund (the "FTDFund") will be a defendant." The interpleader action is needed "to determine the ownership of the funds in USACM's Ivestor Trust Account which contains approximately which contains approximately $1.7 million and against which there are approximately $3.4 million in claims by persons who either sold or purchased fractional interests in direct loan investments", including a $100,000.00 claim held by debtor USA Capital First Trust Deed Fund. *See* Special Counsel Motion, Docket # 883, at para. 2.

9. The special counsel application also expressly acknowledges that "Bankruptcy counsel for USACM believes that it would appear to be inappropriate for counsel, who also represents FTDFund in these proceedings, to represent either USACM or FTDFund in this litigation." *Id.* The United States Trustee agrees, and contends that the same logic applies with respect to representation of all of the debtors by a single set of attorneys.

10. In addition, debtor USACM has sought to obtain debtor in possession financing on two separate occasions under terms that offered a lien to the proposed lender not only on the assets of debtor USACM, but also a "priming lien" on the unencumbered assets held by two other debtors, USA Capital First Trust Deed Fund and USA Capital Diversified Trust Deed Fund. *See* Docket # 171, 254 and 588.

11. An "actual" conflict of interest in the context of 11 U.S.C. § 327 is "an active competition between two interests, in which one interest can only be served at the expense of the other." In re Mercury, 280 B.R. 35, 54 (Bankr. S.D.N.Y. 2002)(citations omitted).

12. "Section 327(a) prohibits an attorney (or other professional) from representing a debtor in a chapter 11 case if the attorney has or represents an actual conflicting interest. This prohibition is absolute, and is not subject to waiver or consent." In re Wheatfield Bus. Park, LLC, 286 B.R. 412, 420-21 (Bankr. C.D. Cal. 2002)(citations omitted); *see also* In re Interwest Bus. Equip., Inc., 23 F. 3d 311, 315-16 (10th Cir. 1994)(Where a "creditor or the U.S. Trustee objects, the bankruptcy judge can disqualify a professional *solely* on the basis of simultaneous representation, *if* it finds the joint representation creates an actual conflict.")(emphasis in original); *see generally* 11 U.S.C. § 327(c)(where objection to retention of a professional is made by the United States Trustee, "the court shall disapprove such employment if there is an actual conflict of interest.").

13. The filing of multiple motions seeking to obtain the benefit of debtor in possession financing for one debtor (USACM), at the expense of two other debtors (the Funds) and the unencumbered assets held in their estates, confirms the presence of an existing and "actual" conflict of interest in the context of 11 U.S.C. § 327. Such conduct clearly demonstrates the presence of "an active competition between two interests, in which one interest can only be served at the expense of the other." In re Mercury, 280 B.R. at 54.

14. The standard under 11 U.S.C. § 327 is very high: "If there is any doubt as to the existence of a conflict, that doubt should be resolved in favor of disqualification." Wheatfield, 286 B.R. at 418, *citing* Lee, 94 B.R. at 177.

15.  Because an actual conflict exists between the interests of USA Commercial Mortgage Company on one hand, and USA Capital Diversified Trust Deed Fund and USA Capital First Trust Deed Fund on the other, the retention proposed in the applications violates the provisions of 11 U.S.C. § 327, and must therefore be denied.  *See* Wheatfield, 286 B.R. at 421 ("[A]n actual conflict of interest creates a violation of § 327.").

## CONCLUSION

The United States Trustee therefore respectfully requests that the Court enter an order denying the applications, and granting such other and additional relief as is just and equitable.

Respectfully submitted,

**SARA L. KISTLER**
**ACTING UNITED STATES TRUSTEE**
**REGION 17**

By:  */s/ August B. Landis*
　　　August B. Landis, Assistant United States Trustee
　　　United States Department of Justice