ELECTRONICALLY FILED
July 21, 2006

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA (CA Bar No. 136934)
EVE H. KARASIK (CA Bar No. 155356),
CHRISTINE M. PAJAK (CA Bar No. 217173)
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
E-mail:      fmerola@stutman.com
             ekarasik@stutman.com
             cpajak@stutman.com
*Counsel for the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC*

ORRICK, HERRINGTON & SUTCLIFFE LLP
MARC A. LEVINSON, ESQ. (CA Bar No. 57613)
LYNN TRINKA ERNCE, ESQ. (CA Bar No. 179212)
400 Capitol Mall, Suite 3000
Sacramento, California 95814
Telephone: (916) 447-9200
Facsimile: (916) 329-4900
E-mail:    malevinson@orrick.com
           lernce@orrick.com

*Counsel for Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC*

GORDON & SILVER, LTD
GERALD M. GORDON, ESQ. (NV Bar No. 229)
GREGORY E. GARMAN, ESQ.
(NV Bar No. 6654)
3960 Howard Hughes Pkway, 9th Floor
Las Vegas, NV 89109
Telephone: (702) 796-5555
Facsimile: (702) 369-2666
E-mail:    gmg@gordonsilver.com
           geg@gordonsilver.com
*Counsel for Official Committee of Holders of Executory Contract Rights of USA Commercial Mortgage Company*

**JOINT OMNIBUS RESPONSE OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC, THE OFFICIAL COMMITTEE OF HOLDERS OF EXECUTORY CONTRACT RIGHTS THROUGH USA COMMERCIAL MORTGAGE COMPANY, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC TO (1) APPLICATION TO EMPLOY AND RETAIN RAY QUINNEY & NEBEKER P.C. AS COUNSEL FOR THE DEBTORS; (2) APPLICATION BY DEBTOR AND DEBTOR-IN-POSSESSION FOR AUTHORIZATION TO RETAIN AND EMPLOY SCHWARTZER & McPHERSON LAW FIRM AS COUNSEL UNDER GENERAL RETAINER; AND (3) DEBTORS' MOTION FOR ORDER AUTHORIZING (I) THE EMPLOYMENT AND RETENTION OF MESIROW FINANCIAL INTERIM MANAGEMENT, LLC AS CRISIS MANAGERS FOR THE DEBTORS, AND (II) THE DESIGNATION OF THOMAS J. ALLISON OF MESIROW FINANCIAL INTERIM MANAGEMENT, LLC AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTORS AND THE EMPLOYMENT OF CERTAIN TEMPORARY EMPLOYEES. (AFFECTS <u>ALL DEBTORS</u>)**

397594v5

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| Affects<br>☒ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☐ USA First Trust Deed Fund, LLC | Date:  July 25, 2006<br>Time:  9:30 a.m.<br>Place: Courtroom #2 |

**JOINT OMNIBUS RESPONSE OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC, THE OFFICIAL COMMITTEE OF HOLDERS OF EXECUTORY CONTRACT RIGHTS THROUGH USA COMMERCIAL MORTGAGE COMPANY, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC TO (1) APPLICATION TO EMPLOY AND RETAIN RAY QUINNEY & NEBEKER P.C. AS COUNSEL FOR THE DEBTORS; (2) APPLICATION BY DEBTOR AND DEBTOR-IN-POSSESSION FOR AUTHORIZATION TO RETAIN AND EMPLOY SCHWARTZER & McPHERSON LAW FIRM AS COUNSEL UNDER GENERAL RETAINER; AND (3) DEBTORS' MOTION FOR ORDER AUTHORIZING (I) THE EMPLOYMENT AND RETENTION OF MESIROW FINANCIAL INTERIM MANAGEMENT, LLC AS CRISIS MANAGERS FOR THE DEBTORS, AND (II) THE DESIGNATION OF THOMAS J. ALLISON OF MESIROW FINANCIAL INTERIM MANAGEMENT, LLC AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTORS AND THE EMPLOYMENT OF CERTAIN TEMPORARY EMPLOYEES. (AFFECTS ALL DEBTORS)**

397594v5

2

**TO THE HONORABLE LINDA B. RIEGLE, UNITED STATES BANKRUPTCY JUDGE:**

The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC, the Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company, and the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (collectively, the "Responding Committees") hereby respond (the "Response") to the (1) Application To Employ And Retain Ray Quinney & Nebeker P.C. As Counsel For The Debtors (the "Ray Quinney Application"); (2) Application By Debtor And Debtor-In-Possession For Authorization To Retain And Employ Schwartzer & McPherson Law Firm As Counsel Under General Retainer (the "Schwartzer Application"); and (3) Debtors' Motion For Order Authorizing (I) The Employment And Retention Of Mesirow Financial Interim Management, LLC As Crisis Managers For The Debtors, And (II) The Designation Of Thomas J. Allison Of Mesirow Financial Interim Management, LLC As Chief Restructuring Officer For The Debtors And The Employment Of Certain Temporary Employees. (the "Mesirow Motion") and respectfully represent as follows:

## I.    FACTS

1. Chapter 11 bankruptcy petitions in each of the five Chapter 11 Cases were filed on April 13, 2006 (the "Petition Date").

2. On April 14, 2006, USA Commercial Mortgage ("USACM"), USA Capital Diversified Trust Deed Fund, LLC ("USA Diversified"), USA Capital First Trust Deed Fund, LLC ("USA First"), USA Securities, LLC ("USA Securities"), and USA Capital Realty Advisors, LLC ("USA Realty, and together with USACM, USA Diversified, USA First, and USA Securities, the "Debtors") filed the Mesirow Motion, whereby the Debtors requested the Court enter an order authorizing (i) the employment and retention of Mesirow Financial Interim Management, LLC ("Mesirow") as crisis managers to all of the Debtors, (ii) the designation of Thomas J. Allison ("Allison") of Mesirow as Chief Restructuring Officer ("CRO") of all of the Debtors; and (iii) the employment of certain temporary employees provided by Mesirow (the "Temporary Employees").

3. On April 18, 2006, the Debtors filed the Ray Quinney Application and the

Schwartzer Application. Through the Ray Quinney Application, the Debtors sought an order authorizing the employment of Ray, Quinney & Nebeker P.C. ("Ray Quinney") as counsel for the Debtors in the Chapter 11 Cases. The Schwartzer Application requested an order authorizing the employment of Schwartzer & McPhereson Law Firm ("Schwartzer & McPherson" and together with Mesirow, Allison, the Temporary Employees, and Ray Quinney, the "Debtors' Professionals") as counsel to the Debtors in the Chapter 11 Cases.

4. By order dated April 19, 2006, the Mesirow Motion was granted on an interim basis (the "Interim Mesirow Order"). The Interim Mesirow Order provides that the Debtors are authorized to employ Allison as CRO and other employees of Mesirow from the Petition Date through July 27, 2006, at which time the Court will consider an extension of the employment of Mesirow and Allison.

5. On June 5, 2006, the Court entered orders granting the Ray Quinney Application (the "Interim Ray Quinney Order") and the Schwartzer Application (the "Interim Schwartzer Order") on an interim basis. Specifically, the Interim Ray Quinney Order and the Interim Schwartzer Order respectively provide that the Debtors are authorized to employ Ray Quinney and Schwartzer & McPherson as counsel in the Chapter 11 Cases for the same length of time as the interim employment of Mesirow and Allison (through July 27, 2006).

6. On June 9, 2006, the Debtors filed the "Debtors' Application For Administrative Order Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals" (the "Interim Compensation Motion"), which is set for hearing on August 4, 2006. The Interim Compensation Motion proposes procedures for compensating and reimbursing professionals in the Chapter 11 Cases on a monthly basis.

7. The Debtors have informed the Responding Committees that if the Interim Compensation Motion is granted at the August 4, 2006 hearing, the Debtors' Professionals will provide to the official committees appointed in the Chapter 11 Cases a statement of their fees and expenses to date in the Chapter 11 Cases no later than August 11, 2006, which statement will allocate fees and expenses according to Debtors' estate(s) on account of which such fees and expenses were incurred. The Debtors have further informed the Responding Committees that

397594v5                                  4

thereafter the Debtors' Professionals will provide monthly fee and expense statements that will allocate fees and expenses on an estate by estate basis.

## II.   ARGUMENT

**A.   The Employment of the Debtors' Professionals Should Be Extended For Only 60 Days Because Significant Conflicts Among The Estates May Still Emerge.**

8.  In initially considering whether to authorize the employment of the Debtors' Professionals, the Court voiced its concern that it may be inappropriate to have one set of professionals represent multiple estates where, as here, significant conflicts may emerge among the estates. Indeed, this concern, in large part, apparently motivated the Court's decision to authorize the employment of the Debtors' Professionals on an interim basis rather than for the duration of the Chapter 11 Cases on the theory that the Court believed that by the end of July 2006, the Court and parties in interest would have a clearer idea of whether significant conflicts between the estates were on the horizon.

9.  Just over three months into the Chapter 11 Cases, the potential for significant conflict among the Debtors' estates remains a likely, if not probable, outcome. Certain of the Debtors' estates appear to have opposing economic interests that may give rise to litigation. Even if such conflicting interests do not result in full blown litigation, the Debtors' Professionals will likely face numerous situations in which they must choose among courses of action that benefit some Debtors while harming (or at least not maximizing benefit to) other Debtors.

10.  Chief among these potentially flammable situations is the Debtors' anticipated joint plan of reorganization, which the Responding Committees believe will be filed in the near future. If, upon the filing of the Debtors' plan, it is evident that the plan treats certain estates more favorably than others, then parties in interest may be forced to move to employ professionals to represent specific estates. Merely extending the interim employment of the Debtors' Professionals rather than authorizing their employment for the duration of the Chapter 11 Cases will provide flexibility to parties in interest as well as continue to ensure that the Debtors' Professionals focus their efforts on not favoring any of the estates over the others.

11.  Moreover, as the Chapter 11 Cases move beyond their preliminary stage

397594v5

5

and into detailed plan discussions and negotiations, the Responding Committees believe that it is crucial that the Debtors' Professionals are incentivized to proceed expediently so as not to prolong these cases any further than necessary. In extending the employment of the Debtors' Professionals by only 60 days, the Court will send a clear message to the Debtors' Professionals that there can be no delay in reaching the exit of the Chapter 11 Cases, which message cannot help but serve as a strong incentive to the Debtors' Professionals to administer the Chapter 11 Cases in a prudent yet efficient manner.

**B.  As A Condition To Extending The Employment Of The Debtors' Professionals, They Should Be Required To Allocate Their Fees And Expenses To The Estate(s) On Behalf Of Which Specific Fees And Expenses Were Incurred.**

12. While the Chapter 11 Cases are being jointly administered for procedural purposes, they have not been substantively consolidated. As such, each of the Debtors' estates continues to be a distinct entity with its own creditors and equity interests.

13. Since the inception of the Chapter 11 Cases, the Debtors' Professionals have rendered substantial services. Presumably, while certain services have been rendered on account of all of the Debtors, other services have been rendered on account of fewer than all of the Debtors or even on account of a single Debtor.

14. To date, the Debtors' Professionals have not allocated their fees and expenses according to the Debtor's estate on behalf of which particular fees and expenses have been incurred. However, the Debtors have informed the Responding Committees that they will provide an allocation of their fees and expenses to the official committees in the Chapter 11 Cases no later than August 11, 2006 and that fee statements including estate-by-estate allocation of fees and expenses will continue on a monthly basis for the duration of the employment of the Debtors' Professionals.

15. The continued employment of the Debtors' Professionals should be conditioned on the provision of monthly fee statements that allocate the fees and expenses of the Debtors' Professionals by estate. If the Debtors' Professionals are permitted to continue incurring fees and expenses at the expense of the Debtors' estates but are not required to allocate their fees and expenses, certain of the Debtors' estates, to the detriment of their creditors and equity interest

397594v5                                    6

holders, may be forced to subsidize the professional fees of other estates, whose creditors and equity interest holders will reap a windfall.

16. This allocation issue must be addressed immediately, as the Debtors' Professionals have rendered and are seeking to be able to continue to render substantial services to the Debtors. Given the large volume of services being rendered to the Debtors, any further delay in the commencement of such allocation threatens to impede the ability of the Debtors' Professionals to analyze their fees and expenses so as to retroactively allocate such fees and expenses accurately.

17. Furthermore, in order to understand, strategize, and make informed decisions with respect to the Chapter 11 Cases, each estate's creditors and equity security interest holders, need to be informed as to the amount of professional fees being incurred by the particular estate in which they hold an interest. Currently, parties in interest are completely in the dark with respect to each estate's professional fees and expenses, and, therefore, are left to guess as to the net amount that may be available for investors.

18. Accordingly, the Responding Committees request that as a condition of the continued employment of the Debtors' Professionals, the Court order the Debtors' Professionals to allocate their fees and expenses to the estate(s) on behalf of which particular services are rendered, with such allocation to begin with the Debtors' fee and expense statement dated August 11, 2006. Furthermore, for the duration of their employment, the Debtors' Professionals should be required to serve such allocation on a monthly basis on the United States Trustee and official committees in the Chapter 11 Cases.

**WHEREFORE**, the Responding Committees hereby request that (i) the Court extend the employment of the Debtors' Professionals on an interim basis for no more than 60 days through and including September 25, 2006; and (ii) the Court condition any extension of the employment of the Debtors' Professionals in the Chapter 11 Cases on their providing monthly fee statements to the U.S. Trustee and the official committees in these cases beginning on August 11, 2006, which statements shall include an estate by estate allocation of fees and expenses.

Respectfully submitted this 21st day of July, 2006.

SUBMITTED BY:

STUTMAN, TREISTER & GLATT, P.C.

/s/ Frank A. Merola

FRANK A. MEROLA, ESQ.
EVE H. KARASIK, ESQ.
ANDREW M. PARLEN, ESQ.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

Counsel for the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC

SUBMITTED BY:

ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
MARC A. LEVINSON, ESQ.
LYNN TRINKA ERNCE, ESQ.
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4407

Counsel for Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC

SUBMITTED BY:

GORDON & SILVER, LTD

_____
GERALD M. GORDON, ESQ.
GREGORY E. GARMAN, ESQ.
3960 Howard Hughes Pkway, 9th Floor
Las Vegas, NV 89109

Counsel for Official Committee of Holders of Executory Contract Rights of USA Commercial Mortgage Company

397594v5

Respectfully submitted this 21st day of July, 2006.

SUBMITTED BY:

STUTMAN, TREISTER & GLATT, P.C.

_____
FRANK A. MEROLA, ESQ.
EVE H. KARASIK, ESQ.
ANDREW M. PARLEN, ESQ.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

Counsel for the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC

SUBMITTED BY:

ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
MARC A. LEVINSON, ESQ.
LYNN TRINKA ERNCE, ESQ.
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4407

Counsel for Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC

SUBMITTED BY:

GORDON & SILVER, LTD

_____
GERALD M. GORDON, ESQ.
GREGORY E. GARMAN, ESQ.
3960 Howard Hughes Pkway, 9th Floor
Las Vegas, NV 89109

Counsel for Official Committee of Holders of Executory Contract Rights of USA Commercial Mortgage Company

1 | Respectfully submitted this 21st day of July, 2006.

| SUBMITTED BY: | SUBMITTED BY: |
|---|---|
| STUTMAN, TREISTER & GLATT, P.C. | GORDON & SILVER, LTD |
| FRANK A. MEROLA, ESQ.<br>EVE H. KARASIK, ESQ.<br>ANDREW M. PARLEN, ESQ.<br>1901 Avenue of the Stars, 12th Floor<br>Los Angeles, CA 90067 | GERALD M. GORDON, ESQ.<br>GREGORY E. GARMAN, ESQ.<br>3960 Howard Hughes Pkway, 9th Floor<br>Las Vegas, NV 89109 |
| Counsel for the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC | Counsel for Official Committee of Holders of Executory Contract Rights of USA Commercial Mortgage Company |

SUBMITTED BY:

ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Marc A. Levinson

MARC A. LEVINSON, ESQ.
LYNN TRINKA ERNCE, ESQ.
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4407

Counsel for Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC