Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com
and
Lenard E. Schwartzer
Nevada Bar No. 0399
Jeanette E. McPherson
Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
Attorneys for Debtors and Debtors-in-Possession

E-FILED on July 24, 2006

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                          Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                          Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                          Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                          Debtor. | **REPLY BRIEF IN SUPPORT OF CONTINUED APPLICATION BY DEBTOR AND DEBTOR-IN-POSSESSION FOR AUTHORIZATION TO RETAIN AND EMPLOY SCHWARTZER & McPHERSON LAW FIRM, RAY QUINNEY & NEBEKER, P.C., AND MESIROW INTERIM FINANCIAL MANAGEMENT** |
| In re:<br>USA SECURITIES, LLC,<br>                                                          Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Date: July 25, 2006<br>Time: 9:30 a.m. |

1

Reply Brief in Support of Employment Applications for 72506 hearing

1  The Debtors and Debtors-in Possession ("Debtors" or "DIP"), by and through their
2  counsel, Jeanette E. McPherson, Esq. of Schwartzer & McPherson Law Firm, hereby file their
3  Reply Brief In Support Of Continued Application By Debtor And Debtor-in-Possession For
4  Authorization To Retain And Employ Schwartzer & McPherson Law Firm, Ray Quinney &
5  Nebeker, P.C., And Mesirow Interim Financial Management.
6  This Reply Brief is made and based upon the Points And Authorities set forth herein, the
7  pleadings on file, and any argument and evidence presented at the time of hearing.

## POINTS AND AUTHORITIES

### Facts

10  1.  The Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of
11  the United States Bankruptcy Code on April 13, 2006 (the "Petition Date"), and the Debtors
12  continue to operate their businesses and possess their property as debtors-in-possession pursuant
13  to Bankruptcy Code §§ 1107 and 1108.

14  2.  On the Petition Date, Thomas J. Allison ("Allison") of Mesirow Interim Financial
15  Management became the President of USA Commercial Mortgage Company ("USACM") and the
16  Manager of the four remaining Debtors who are limited liability companies. In an order entered
17  April 19, 2006, this Court authorized the Debtors' employment of Allison as the Chief
18  Restructuring Officer for an interim period until July 27, 2006.

19  3.  On April 18, 2006, an Application By Debtor And Debtor-in-Possession For
20  Authorization To Retain And Employ Schwartzer & McPherson Law Firm As Counsel Under
21  General Retainer was filed ("S&M Application").

22  4.  On April 18, 2006, an Application By Debtor And Debtor-in-Possession For
23  Authorization To Retain And Employ Ray Quinney & Nebeker, P.C. As Counsel for the Debtors
24  was filed (the "RQN Application").

25  5.  Prior to the hearing on the S&M Application and the RQN Application, the Office
26  of the United States Trustee ("UST") had filed oppositions, raising its concerns regarding conflicts
27  of interest in the representation of S&M and RQN of all of the Debtors. RQN and S&M filed
28  responses to the UST's opposition. At the hearing on the S&M Application and the RQN

1  Application, the Court reviewed the pleadings filed and considered the issues regarding the
2  representation by S&M and RQN of all of the Debtors.

3      6.      On June 5, 2006, an Order Granting Application By Debtor And Debtor-in-
Possession For Authorization To Retain And Employ Schwartzer & McPherson Law Firm As Counsel Under General Retainer and an Order Granting Application By Debtor And Debtor-in-Possession For Authorization To Retain And Employ Ray Quinney & Nebeker, P.C. As Counsel Under General Retainer were entered. Each of these orders provided for the continued employment of S&M and RQN for the period of time that Mesirow would be employed and provided that the continued employment of Schwartzer & McPherson would be heard on July 27, 2006.[1]

7.      On July 21, 2006, the UST filed a supplemental opposition to the employment of S&M and RQN (the "Supplement"). In the Supplement, the UST contends that there is an actual conflict of interest for S&M and RQN (not Mesirow) to represent all five debtors because: 1) special counsel, David Huston, Esq., was employed to represent the plaintiff, USA Commercial Mortgage ("USACM"), in connection with an interpleader action (the "Interpleader Action"), and 2) the Debtors have sought to obtain debtor in possession financing.

8.      Also, on July 21, 2006, the four committees (the "Committees") filed a joint omnibus response to the continued employment of S&M, RQN, and Mesirow. In the Committees' Response filed on July 21, 2006 (the "Response"), the Committees state: 1) that the employment of S&M, RQN, and Mesirow (collectively, the "Debtors' Professionals") should be continued only for another interim period of 60 days (presumably from July 25, 2006), and 2) Debtors' Professionals should be ordered to allocate their time to each Debtor.

9.      As stated previously in its response to the opposition to employment, the employment of S&M and RQN is not per se prohibited, and the employment of the S&M, RQN, and Mesirow would serve to alleviate duplicative efforts and avoid the fees and expenses incurred by five separate sets of counsel and five separate financial advisors/chief restructuring officers.

---

[1] The hearing has been moved to July 25, 2006 by stipulation of the Debtors and Debtors-in-possession and the four committees.

3

Reply Brief in Support of Employment Applications for 72506 hearing

1  Requiring the Debtors to each have separate counsel and financial advisors would be a waste of
2  the Debtors' scarce resources, be unnecessarily duplicative, and financially disabling.
3        10.    The Debtors are already concerned by the substantial financial burden arising from
4  the duplicative efforts and fees and costs incurred by the four separate committees that have been
5  appointed, each of whom has their own financial advisor.[2]  While having separate counsel for each
6  Debtor and Committee may be the easiest approach to take mechanically, it does not provide the
7  best practical solution economically and one that serves the best interests of creditors and
8  investors.  Notably, although the Debtors' Professionals have not seen any of the fees and costs of
9  the Committees, based upon oral representations that have been made, it is anticipated that the fees
10  and costs of the four separate Committees for an approximate two-month period is well in excess
11  of $500,000.

## Memorandum of Law

13  The Debtors' Professionals hereby supplement their previous filings only to the extent that
14  additional concerns have been raised by the UST in its Supplement and the Committees in its
15  Response and otherwise incorporate any prior response.  The Debtors' Professionals request that
16  they be allowed to continue to represent all Debtors for another 60 days, or September 25, 2006, at
17  which time the Court can consider the continued employment of Debtors' Professionals.
18  The Debtors' Professionals believe that this time is necessary for them to continue to
19  maximize the distribution to investors and creditors in this case. The Debtors' Professionals
20  believe that this interim employment is in the best interests of all parties for several reasons.  First,
21  new, multiple attorneys would create delay, as they will need to learn about the history and facts
22  pertaining to these debtors and their bankruptcy case.  Second, new, multiple attorneys would
23  create substantial additional expense.  This estate is already burdened by the expense of four
24  separate committees and their own separate financial advisors.  Lastly, there are no actual conflicts
25  amongst the Debtors that are precluding the effective representation of each of the Debtors.

---

[2] The Official Committee of Unsecured Creditors has selected a financial advisor whose employment is set for hearing on August 4, 2006.

4

Reply Brief in Support of Employment Applications for 72506 hearing

The conflicts alleged by the UST are not actual conflicts. With regard to the Interpleader Action, special counsel has been employed to file this action. Because this is an interpleader action, USACM asserts that it has no interest in the funds interplead and therefore the named claimants/defendants (one of whom includes the FTDF fund) can determine who are the rightful owners. Also, the pending motion for debtor in possession financing has been withdrawn. Thus, there is no need to discuss any alleged conflicts arising as a result of this motion.

In addition, the Debtors' Professionals understand the Committees' concerns regarding the allocation of their time. As a result, Debtors' Professionals are in the process of assembling their time according to each Debtor through the period ending July 31, 2006. And, while Debtors' Professionals are faced with issues pertaining to allocation of fees and costs, Debtors' Professionals anticipate that Committee counsel is only billing for fees and costs as necessary to represent their respective constituencies and not for time reviewing pleadings and issues that pertain to other Debtors.

The Firm believes that its continued interim employment is appropriate in these circumstances due to the expense involved in hiring new general counsel for each Debtor compared to any alleged benefits. Hiring separate counsel for each of the Debtors will be much more expensive due to the likely duplication of legal services and fees and the additional costs. In addition, there is likely to be a significant interruption in the orderly administration of these cases. Further, the ultimate goal of bankruptcy, one of which is to maximize the distribution to all creditors as quickly as possible, must be accorded significant weight in these cases. If this goal is not considered, and the cases disqualifying counsel due to potential conflicts of interest are rigidly followed, the goal of reorganization and maximization of distributions may not be able to be achieved. Instead, Debtors' Professionals request that this Court weigh and balance the needs for effective representation against the policies underlying bankruptcies and allow for the continued interim employment of Debtors' Professionals. This interim employment, along with the appointment of special counsel to represent the Debtors in limited circumstances, serves as the most cost effective and efficient means of administering these cases while allowing for any potential conflict issues to be properly addressed and handled.

# CONCLUSION

Based upon the foregoing, the Firm respectfully requests that this Court determine that the Debtors' Professionals be allowed to continue to represent all of the Debtors until September 25, 2006, at which time the Court can consider the continued employment of the Debtors' Professionals, if necessary.

Respectfully submitted this 24th day of July, 2006.

> Annette W. Jarvis, Utah Bar No. 1649
> RAY QUINNEY & NEBEKER P.C.
> 36 South State Street, Suite 1400
> P.O. Box 45385
> Salt Lake City, Utah 84145-0385
> Email: ajarvis@rqn.com
>
> and
>
> /s/    JEANETTE E. MCPHERSON
> Lenard E. Schwartzer, Nevada Bar No. 0399
> Jeanette E. McPherson, Nevada Bar No. 5423
> SCHWARTZER & MCPHERSON LAW FIRM
> 2850 South Jones Boulevard, Suite 1
> Las Vegas, Nevada  89146
> Email:  www.lawyers.com/schwartzermcpherson

Reply Brief in Support of Employment Applications for 72506 hearing