Jeffrey G. Sloane, Esq. (NSB# 784 )
Regina M. McConnell, Esq. (NSB# 8029)
Kravitz, Schnitzer, Sloane, Johnson & Eberhardy, Chtd.
1389 Galleria Drive, Suite 200
Henderson NV 89014
Telephone: (702) 362-6666
Facsimile: (702) 362-2203
rmcconnell@kssattorneys.com
jsloane@kssattorneys.com
        and
Richard J. Mason, PC
Patricia K. Smoots
Michael M. Schmahl
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL  60601
Telephone: (312) 849-8100
Facsimile: (312) 849-3690
rjmason@mcguirewoods.com
psmoots@mcguirewoods.com
mschmahl@mcguirewoods.com

*Admitted Pro Hac Vice*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>        Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>        Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC<br><br>        Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC<br><br>        Debtor. | **Jointly Administered Under<br>Case No. BK-S-06-10725 LBR** |
| In re:<br>USA SECURITIES, LLC,<br><br>        Debtor. | **LIMITED OBJECTION OF THE KANTOR GROUP TO DEBTORS' MOTION TO DISTRIBUTE FUNDS AND TO GRANT ORDINARY-COURSE RELEASES AND** |

|   |   |
|---|---|
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☒ USA First Trust Deed Fund, LLC | DISTRIBUTE PROCEEDS<br><br>Date: August 4, 2006<br><br>Time: 1:30 P.M. |

### LIMITED OBJECTION OF THE KANTOR GROUP TO DEBTORS' MOTION TO DISTRIBUTE FUNDS AND TO GRANT ORDINARY-COURSE RELEASES AND DISTRIBUTE PROCEEDS

Dr. Gary Kantor, personally and as the trustee of the Kantor Nephrology Consultants, Ltd. 401(k) Profit Sharing Plan, and Mrs. Lynn Kantor (f/k/a Lynn Maguire), personally and on behalf of the Lynn Kantor IRA (collectively, the "Kantor Group"), hereby object to the Debtors' Motion to Distribute Funds and To Grant Ordinary-Course Releases and Distribute Proceeds (the "Motion") to the limited extent that the USA Commercial Mortgage Company ("USA") seeks conclusively to determine, limit, or decrease the amount of any current or future distributions ("Postpetition Distributions") owed to the members of the Kantor Group by "netting" any such payments against certain payments made to any member of the Kantor Group prior to the commencement of these cases (including any alleged overpayments, the "Prepetition Distributions") or otherwise, and, in support thereof, respectfully states as follows:

### Background

1. The Kantor Group invested substantial funds with the Debtors as a direct lender in at least four specific loans (the "Kantor Direct Investments") or by purchasing membership interests or "shares" of the USA First Trust Deed Fund, LLC

(the "FTD Fund") and the USA Capital Diversified Trust Deed Fund, LLC (the "Diversified Fund" and, along with the FTD Fund, the "Funds").[1]

2. Like other direct lenders, the members of the Kantor Group previously received various Prepetition Distributions related to the Kantor Direct Investments but has not received any distributions since the commencement of these cases.

3. In the Motion, USA proposes, among other things, to make Postpetition Distributions to each of the direct lenders that it believes is owed money on a "net" basis, after subtracting certain alleged Prepetition Distributions, as detailed in certain account statements USA recently mailed to each direct lender. *See* Motion at ¶ 8.

### Relief Requested

4. The Kantor Group does not take a position on USA's request to make current and future Postpetition Distributions to direct lenders as set forth in the Motion, including the Kantor Group and the Funds or to grant ordinary course releases.

5. However, the Kantor Group contends that any order authorizing Postpetition Distributions cannot constitute a final determination of the Debtors' rights to "recoup" or otherwise "net" any Prepetition Distributions to the Kantor Group without the procedural protections of an adversary proceeding under Rule 7001 ("Rule 7001") of the Federal Rules of Bankruptcy Procedure.

/ / /

---

[1] References in this Limited Objection to the Kantor Group's investments are not intended to suggest that the members of the Kantor Group own any investment as a group. In fact, each member of the Kantor Group owns his/her/its investments independently of the other members of the Kantor Group.

**Argument**

6.     The Kantor Group objects to USA's current proposal, as described in the Motion, because the proposed procedure would: (i) deprive the Kantor Group of the opportunity to verify or challenge USA's internal "netting" calculations; (ii) possibly result in a final determination of the Kantor Group's rights with respect to the Postpetition Distributions without adequate notice and an opportunity to be heard; and (iii) leave the Kantor Group without a practical remedy.

A.   No Final Determination of Appropriateness of "Netting"

7.     In the limited time available to review the account statements the Kantor Group has received to date[2], the Kantor Group has not had an opportunity to fully investigate USA's calculations or to obtain information needed to understand or verify USA's initial calculations. Furthermore, the Kantor Group cannot determine from the Motion any specific legal theory or theories that USA has applied in calculating the "net" Postpetition Distributions owed to the Kantor Group.[3]

---

[2]     As of the time of the filing of this Limit Objection, the members of the Kantor Group have not received all of the account statements related to the Kantor Direct Investments and their interests in the Funds. Moreover, one of the account statements the Kantor Group has received appears to contain significant errors in that it lists a third party that is not related to the Kantor Group as the "vested" party. The members of the Kantor Group reserve all of their rights to object or otherwise dispute any information, calculations, or representations described or contained in any account statement related to any of the Kantor Group's investments, including any account statement that its members have received to date. Counsel for the Kantor Group has brought these problems to USA's attention, but these problems have not been resolved as of the filing of this Limited Objection.

[3]     In the Motion, the Debtors generally claim authority to make "net" Postpetition Distributions based on the doctrine of recoupment, section 254 of the Restatement (First) of Trusts, and sections 502(d), 544, 547, 548, and 550 of the Bankruptcy Code. However, the Motion fails to identify which theory, if any, USA has applied in addressing Postpetition Distributions to the Kantor Group. At a minimum, the Debtors must specify the legal bases they believe are applicable to the Kantor Group and allow the Kantor Group an opportunity to conduct discovery and respond to any such legal theories and "netting" calculations asserted by the Debtors. With respect to the legal theories cited in the Motion, the Debtors' reliance on the doctrine of recoupment or on any provision of the Bankruptcy Code presupposes that the money disbursed in the Prepetition Distributions and the Postpetition Distributions is property of the applicable Debtor, a proposition that has not been established and which is hotly contested by numerous parties in these cases. Furthermore, these theories appear to be directly contradicted by the Debtors' reference to the law of trusts, in which they appear to assume this

Therefore, it is impossible for the Kantor Group to determine whether USA's proposed "netting" is mathematically accurate or legally appropriate.

8.  Allowing USA to recover any Prepetition Distributions to the Kantor Group in this manner violates Rule 7001 and the Kantor Group's basic due process rights.

B.  Escrow of Postpetition Distributions Tentatively "Netted"

9.  Moreover, once USA has made the proposed initial Postpetition Distributions of approximately $64.7 million to other direct lenders, the Kantor Group may be without a practical remedy to recover their Postpetition Distributions, as the money would be disbursed to potentially thousands of individuals. This result is highly prejudicial to the Kantor Group and should not be permitted before a final determination by the Court of the Kantor Group's rights with respect to any Postpetition Distributions.

10. To the extent that USA claims it should not make any current or future Postpetition Distributions to any member of the Kantor Group, due to an alleged right of recoupment or any other theory related to its proposed practice for "netting", the amount held back should be placed in an escrow pending further order of the Court. This procedure would allow the parties an opportunity to fully investigate the facts and legal theories involved.

---

money is not the Debtors' property but solely held in trust for the various direct investors and can be traced to the trusts. To the extent that any of these theories applies to any Prepetition Distributions or Postpetition Distributions (including any such distributions that the Debtors believe should be recouped or otherwise held back), the Debtors must initiate formal litigation against the Kantor Group and allow the Court to make a final determination of the parties respective rights. The Kantor Group demands that the Debtors identify any and all legal theories they believe apply to each Postpetition Distribution recouped or otherwise held back from the Kantor Group and expressly reserves all of its rights to object or otherwise respond at an appropriate time.

11. Finally, the Kantor Group objects to any attempt to "net" any Prepetition Distributions and any Postpetition Distributions they have received in a fiduciary capacity (i.e. funds Dr. Kantor may have received as the trustee of the Kantor Nephrology 401(k) plan) (the "Fiduciary Distributions") with any distributions they may have received in their individual capacity (i.e. funds Dr. Kantor may have received from his personal investments). The plain fact is that any Fiduciary Distributions the Kantor Group may have received in the past or may receive in the future are not the property of Dr. Kantor or Mrs. Kantor and vice versa. In fact, the Fiduciary Distributions benefit a number of individuals and employees of Kantor Nephrology. Therefore, any such "netting" is inappropriate.[4]

///

///

///

///

///

///

///

///

///

///

///

---

[4] Footnote 1 of the Motion suggests that the Debtors do not currently intend to engage in such a broad "netting" practice. However, to the extent that the Debtors or any other party later advocates such broad "netting," the Kantor Group objects and expressly reserves all of its rights to supplement or amend this limited objection.

WHEREFORE, the members of the Kantor Group respectfully request that the Court provide in any Order authorizing Postpetition Distributions that: (i) each member of the Kantor Group reserves its rights to establish that the Debtors have no right to "net" Prepetition Distributions against Postpetition Distributions; (ii) the Debtors shall escrow any Postpetition Distributions that would be due to the members of the Kantor Group, absent "netting" pending further Order of Court; and (iii) granting such other and further relief as the Court determines is just or appropriate.

DATED this 27th day of July, 2006.

Respectfully Submitted

KRAVITZ, SCHNITZER, SLOANE,
JOHNSON & EBERHARDY, CHTD.


/s/ Regina M. McConnell
Jeffrey G. Sloane, Esq. (NSB# 784 )
Regina M. McConnell, Esq. (NSB# 8029)
1389 Galleria Drive, Suite 200
Henderson NV 89014
Telephone: (702) 362-6666
Facsimile: (702) 362-2203
rmcconnell@kssattorneys.com
jsloane@kssattorneys.com

Richard J. Mason, PC
Patricia K. Smoots
Michael M. Schmahl
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL  60601
Telephone: (312) 849-8100
Facsimile: (312) 849-3690
rjmason@mcguirewoods.com
psmoots@mcguirewoods.com
mschmahl@mcguirewoods.com

*Admitted Pro Hac Vice*