1  JANET L. CHUBB, ESQ.
   Nevada State Bar No. 176
2  LOUIS M. BUBALA III, ESQ.
   Nevada State Bar No. 8974
3  JONES VARGAS
   100 W. Liberty St, 12th Floor
   P.O. Box 281
4  Reno, NV 89504-0281
   Telephone:  775-786-5000
5  Fax:  775-786-1177
   Email:  jlc@jonesvargas.com
6     and    tbw@jonesvargas.com
      and    lbubala@jonesvargas.com

7  Attorneys for JV Direct Lenders: Fertitta Enterprises, Inc.;
   Mojave Canyon, Inc.; A. William and Ranee L. Ceglia;
8  Robert A. and Sandra L. Cowman; Andrew and Ellen Dauscher;
   Drs. David and Bonny Enrico; David W. and Pamela K. Sexton;
   Evelyn Asher Sheerin, Trustee for the benefit of The Chris
9  H. Sheerin (deceased) and Evelyn Asher Sheerin 1984 Trust
   Dated 5/31/84; Evelyn Asher Sheerin, Trustee of the
10 Chris and Evelyn Sheerin 1990 Trust; Sheerins Inc.;
   Bruce Corum, Trustee of the Credit Shelter Trust; Juanita
11 N. Carter; Charles B. Anderson Trust; Rita P. Anderson
   Trust; Baltes Company; The Mault Family Trust; Kehl Family;
   and Sierra Health Services, Inc. ("JV Direct Lenders")

12

**Electronically Filed on July 27, 2006**

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

13                **UNITED STATES  BANKRUPTCY COURT**

14                      **DISTRICT OF NEVADA**

| | |
|---|---|
| 15  In re: | Case No. BK-S-06-10725-LBR |
| 16  USA COMMERCIAL MORTGAGE COMPANY, | Case No. BK-S-06-10726-LBR |
|                                    Debtor. | Case No. BK-S-06-10727-LBR |
| 17 | Case No. BK-S-06-10728-LBR |
| 18  USA CAPITAL REALTY ADVISORS, LLC, | Case No. BK-S-06-10729-LBR |
|                                    Debtor. | |
| 19 | Chapter         11 |
| 20  USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | **JV DIRECT LENDERS' PARTIAL OPPOSITION TO DEBTORS' MOTION TO DISTRIBUTE FUNDS AND TO GRANT ORDINARY-COURSE RELEASES AND DISTRIBUTE PROCEEDS** (*AFFECTS USA COMMERCIAL MORTGAGE, USA CAPITAL DIVERSIFIED TRUST DEED FUND, AND USA CAPITAL FIRST TRUST DEED FUND*) |
| 21  Debtor. | |
| 22  USA CAPITAL FIRST TRUST DEED FUND, LLC, | |
|                                    Debtor. | |
| 23 | |
| 24  USA SECURITIES, LLC, | |
|                                    Debtor. | |
| 25  Affects: | |
|       ☐ All Debtors | |
| 26   ■ USA Commercial Mortgage Company | Hearing Date:  August 4, 2006 |
|      ☐ USA Capital Realty Advisors, LLC | Hearing Time:  1:30 p.m. |
| 27   ■ USA Capital Diversified Trust Deed Fund, LLC | |
|      ■ USA Capital First Trust Deed Fund, LLC | |
| 28   ☐ USA Securities, LLC | |

1

JONES VARGAS
100 W. Liberty Street, 12ᵗʰ Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

1    Jones Vargas represents numerous direct lenders who are named beneficiaries ("JV Direct

2  Lenders," specified in the caption) of certain loans which were originated and serviced by Debtor

3  USA Commercial Mortgage Co. (hereinafter, "Debtor" or "USA Commercial").  The JV Direct

4  Lenders are among the roughly 3,600 direct lenders who provided funds for loans originated and

5  serviced by USA Commercial.  The JV Direct Lenders hereby filed their Partial Opposition to

6  Debtors' Motion to Distribute Funds and to Grant Ordinary-Course Releases and Distribute

7  Proceeds (Ct. Dkt. #s 847, 880, Debtor's Motion & Supplement), based upon the attached

8  Memorandum of Points and Authorities, the pleadings and papers on file herein, and any other

9  material this Court may wish to consider.

10                                   **Discussion & Analysis**

11    The JV Direct Lenders supports Debtors' proposal to distribute the borrower funds held by

12  Debtors to their rightful owners, the direct lenders.  However, the JV Direct Lenders oppose

13  Debtors' proposed net distribution based on the equitable theory of recoupment.

14  **A.  Debtors Provide No Evidence That Allows for a Substantive Response**

15    Once again, debtors have moved for an order without providing any evidence to

16  substantiate their position.  Moreover, the dearth of evidence makes it impossible for the JV Direct

17  Lenders to substantively respond to the motion.  Debtors propose distributing $64.7 million (Ct.

18  Dkt. #880, Debtor's Supplement), yet they have not provided any information to the Court or

19  direct lenders about how much they intend to distribute to individual JV Direct Lenders or the

20  thousands of other direct lenders.  Debtors' motion states:  "The actual amounts sought to be

21  distributed are still being reconciled and determined by the Debtors' post-petition management,

22  and will be supplied shortly in a supplemental filing" (Ct. Dkt. #847, Motion at 2).  Debtors'

23  supplemental filing provides just a lump sum, $64.7 million (Ct. Dkt. #880, Supplement).

24    The closest that debtors come to disclosing distribution information about individual JV

25  Direct Lenders is with a statement that they "project[]" they will have statements "ready to mail

26  out of the Direct Lenders on or about July 19, 2006."  *Id.* (emphasis added).  This means Debtors

27  did not expect to provide the specifics of their proposals to the individual JV Direct Lenders until

28  two weeks after they filed this motion.  Moreover, Debtors expressly state that there is no

2

JONES VARGAS
100 W. Liberty Street, 12ᵗʰ Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

1    guarantee that this proposed distribution is accurate.   The Direct Lender statements "remain

2    subject to revision and correction" (Ct. Dkt. #847, Motion at 4 & 5), Debtors expect to change the

3    distribution amount due to inaccurate statements (Ct. Dkt. #880, Supp. at 2 n.1), and Debtors

4    refuse to waive any rights to recalculate the proper amount for distribution, even after distribution

5    (Ct. Dkt. #880, Motion at 7).   To date, counsel for the JV Direct Lenders has not received any

6    statements, making it impossible to assess the impact of debtors' proposed distribution.

7       Debtors, by their own admission, brought this motion before they had evidence to

8    substantiate their conduct.  By bringing the motion without evidence—and just the naked promise

9    that information would be forthcoming—Debtors make it impossible for JV Direct Lenders to

10   substantively respond.  This is a recurring problem.  Debtors continually make statements without

11   any evidentiary support, not even affidavits from debtors' employees.  When JV Direct Lenders

12   and other direct lenders ask Debtors to substantiate the basis for their proposals, Debtors simply

13   respond that they are still reviewing and assessing the lender and borrower records.  Yet when

14   Debtors want to do something that benefits them, the numbers are readily available.  Debtors'

15   conduct—submitting motions without evidentiary support—should not be tolerated.

16   **B.  Debtors Violate Direct Lenders' Rights by Netting Proceeds From Different Loans**

17      Debtors violate the JV Direct Lenders' rights with their proposal to make individual

18   distributions based on a net assessment of the different loans in which individual JV Direct

19   Lenders participated.  Debtors effectively terminate the individual JV Direct Lenders' rights in

20   payments on individual loans, rights that are secured by loan documents, security agreements, and

21   deeds of trust.

22      As Debtors explained, they propose to take all the loans that an individual direct lender

23   funded, then distribute the net amount based on the difference between the amount Debtors still

24   owe each direct lenders, and any prior excess distribution to the individual direct lenders.  This net

25   distribution ignores the rights that the individual JV Direct Lenders have in each loan they

26   partially funded.  The record is replete with evidence, showing that individual direct lenders are

27   the parties that entered into the loan agreements, the named beneficiaries, and specifically secured

28   by deeds of trust.   To the extent that individual loans are performing post-petition, the direct

H:\Fs1Wp51\Direct Lenders\JV Direct Lenders 500953.1\Pleadings\Opp, D Mtn, Distribute-Pay\Opp, Distribute-Pay, 7.24.06.doc

1    lenders in those loans are entitled to the borrower payments, regardless of whether the individual

2    direct lenders were "overpaid" in other loans.

3    **C.  Debtors Must Bring an Adversary Proceeding to Recover Money Owed to the Estate**

4             By proposing net distributions, Debtors attempt to avoid the requirement that a debtor

5    bring an adversary proceeding.  Federal Rule of Bankruptcy Procedure 7001(1) unequivocally

6    states that "a proceeding to recover money property of the estate" must be brought as an adversary

7    proceeding.  Debtors' motion seeks to recover pre-petition "excess" distributions that they made to

8    certain direct lenders by offsetting that amount against post-petition collections.  This is a veiled

9    attempted to collect money allegedly owed to the estate, and must be brought as an adversary

10   proceeding.  Fed. R. Bankr. P. 7001(1).  Debtors claim it is too expensive to bring adversary

11   proceedings (Ct. Dkt. #847, Motion at 9), but this does not constitute a legal argument that allows

12   Debtors to ignore the requirements of the Federal Rules of Bankruptcy Procedure.

13   **D.  Debtors' Cannot Proceed under Recoupment Unless They Bring an Adversary Action**

14            Recoupment, in its essence, is a method to recover money or property of the estate.  As

15   Judge Markell explained, "Recoupment involves a netting out of <u>debt</u> arising from a single

16   transaction."  *Leonard v. Optimal Payments Ltd.* (*In re National Audit Defense Network*), 332

17   B.R. 896, 913 (Bankr. D. Nev. 2005) (emphasis added; quotation & citation omitted).  A debt is

18   nothing more than money owed to the estate.  *See* 11 U.S.C. § 101(12).  Thus, to raise

19   recoupment, Debtors must bring an adversary proceeding pursuant to Federal Rule of Bankruptcy

20   Procedure 7001(1).  *See, e.g., Reiter v. Cooper*, 507 U.S. 258, 265 n.2 (1993) ("It is well settled,

21   moreover, that a <u>bankruptcy defendant can meet a plaintiff-debtor's claim</u> with a counterclaim

22   arising out of the same transaction, at least to the extent that the defendant merely seeks

23   recoupment." (emphasis added)); *see also, e.g., Sims v. United States* (*In re TLC Hosps., Inc.*), 224

24   F.3d 1008 (9th Cir. 2000) (raising recoupment in adversary proceeding); *Newbery Corp. v.*

25   *Fireman's Fund Ins. Co.*, 95 F.3d 1392 (9th Cir. 1996) (same); *Montana v. Goldin* (*In re Pegasus*

26   *Gold Corp.*), 296 B.R. 227, 242 (D. Nev. 2003) (Hagen, J.) (same), *reversed in part on other*

27   *grounds*, 394 F.3d 1189 (9th Cir. 2005); *Leonard*, 332 B.R. at 911-14 (same); *Aureal, Inc. v. I/O*

28   *Magic Corp.* (*In re Aureal, Inc.*), 279 B.R. 573 (Bankr. N.D. Cal. 2002) (same).

JONES VARGAS
100 W. Liberty Street, 12ᵗʰ Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

4

**E.  Even if Recoupment Can be Raised, There Are No Mutual Debts**

The Debtors do not "owe" money to the direct lenders.  Debtors are merely the servicing agent that collects the borrower payments legally owed to the direct lenders.  Since there are no mutual debts that can be set off, recoupment does not apply in this situation.  See *Leonard*, 332 B.R. at 913-14 (discussing recoupment).

The *Restatement on Restitution* is clear:

> A creditor of another [a direct lender] or one having a lien on another's property [a direct lender] who has received from a third person [the debtor] any benefit in discharge of the debt or lien [a payment from the debtor reducing the borrower's debt], is under no duty to make restitution therefore, although the discharge was given by mistake of the transferor [the debtor' as to his interests or duties, if the transferee [direct lender] made no misrepresentation and did not have notice of the transferor's mistake.

*Restatement of Restitution* § 14(1) (1936).  In the present case, the direct lenders made no misrepresentations and did not have notice of the transferor's mistake.  Debtors' alleged excess pre-petition payments were made with reference to the existence of the debt or lien, and not with reference to the duty or interest of the transferor.  Hence, it would be inequitable to require restitution from the transferee, since, in reducing the debt or lien, the direct lender has given value.

The JV Direct Lenders also join Direct Lender Alexander's opposition as to the argument that the direct lenders do not owe a debt to Debtors (Ct. Dkt. #905).  As the Alexander opposition explained, Debtors willfully made allegedly excess payments to the direct lenders, and the direct lenders received these payments in good faith and in regular course of business.  Therefore, to the extent that Debtors made allegedly excess payments to direct lenders, these payments are loans that Debtor made to the borrowers in order to pay the direct lenders.  Therefore, Debtors' cause of action is against the borrowers, not the direct lenders.  See Ct. Dkt. #905, Alexander Opp., citing *Restatement of Restitution* §§ 13-14 (1936); *Chase Manhattan Bank v. Burden*, 489 A.2d 494, 497 (D.C. App. 1985); and *Greenwald v. Chase Manhattan Mortgage Corp.*, 241 F.3d 76, 79 (1st Cir. 2001).  The direct lenders do not owe a debt to Debtors, and there is nothing that offsets Debtors' debts to the direct lenders.

JONES VARGAS
100 W. Liberty Street, 12ᵗʰ Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

**Conclusion**

Debtors' motion should be denied to the extent it seeks to make a <u>net</u> distribution.  From a procedural perspective, Debtors fail to provide any evidence to allow JV Direct Lenders to assess and substantively respond to the motion.  Regardless, Debtors' legal propositions are flawed. Debtors' proposed "net distribution" violates the direct lenders' contractual rights to payments in individual loans, since the direct lenders are secured parties specifically identified in the loans. Furthermore, the proposed "net distribution" simply is an attempt to recover estate property, which, therefore, must be brought as an adversary proceedings pursuant to Rule 7001(1).  The lack of adversary proceedings also precludes Debtors' reliance on the equitable theory of recoupment. Finally, even if recoupment may be appropriate, it is not applicable because there are no mutual debts between Debtors and direct lenders.

The JV Direct Lenders support the distribution of the funds legally owed to the direct lenders.  However, they oppose the motion to the extent that Debtors attempt to collect property of the estate through their proposed "net distribution."

DATED this 27th day of July, 2006.

JONES VARGAS

By:    _____//s// Janet L. Chubb_____
         JANET L. CHUBB, ESQ.
         LOUIS M. BUBALA, ESQ.

Attorneys for JV Direct Lenders

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

6

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

**CERTIFICATE OF SERVICE**

1.    On  July 27, 2006, I served the following document(s):

**JV DIRECT LENDERS' PARTIAL OPPOSITION TO
DEBTORS' MOTION TO DISTRIBUTE FUNDS AND
TO GRANT ORDINARY-COURSE RELEASES**
(*AFFECTS USA COMMERCIAL MORTGAGE, USA CAPITAL DIVERSIFIED
TRUST DEED FUND, AND USA CAPITAL FIRST TRUST DEED FUND*)

2.    I served the above-named document(s) by the following means to the persons as listed below:

    **:**  a.   **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

- **FRANKLIN C. ADAMS**
franklin.adams@bbklaw.com arthur.johnston@bbklaw.com
- **NANCY L ALLF**
nallf@parsonsbehle.com;klawrence@parsonsbehle.com;tthomas@parsonsbehle.com;ecf@parsonsbehle.com
- **KELLY J. BRINKMAN**
kbrinkman@gooldpatterson.com
- **THOMAS R BROOKSBANK**
brooksbankt1@sbcglobal.net kaya1@sbcglobal.net
- **MATTHEW Q. CALLISTER**
mqc@callister-reynolds.com maggie@callister-reynolds.com
- **CANDACE C CARLYON**
ltreadway@sheacarlyon.com;ccarlyon@sheacarlyon.com;bankruptcyfilings@sheacarlyon.com;rsmith@sheacarlyon.com
- **ROB CHARLES**
rcharles@lrlaw.com cjordan@lrlaw.com
- **MICHAEL W. CHEN**
michael@ccfirm.com yvette@ccfirm.com
- **KEVIN B. CHRISTENSEN**
kbchrislaw@aol.com
- **JEFFREY A. COGAN**
jeffrey@jeffreycogan.com sarah@jeffreycogan.com
- **WILLIAM D COPE**
cope_guerra@yahoo.com cope_guerra@yahoo.com
- **CICI CUNNINGHAM**
bankruptcy@rocgd.com
- **LAUREL E. DAVIS**
bklsclv@lionelsawyer.com;ldavis@lionelsawyer.com;gbagley@lionelsawyer.com;ldavisesq@aol.com
- **THOMAS H. FELL**
thf@gordonsilver.com bankruptcynotices@gordonsilver.com
- **SCOTT D. FLEMING**
sfleming@halelane.com dbergsing@halelane.com,ecfvegas@halelane.com
- **GREGORY E GARMAN**
bankruptcynotices@gordonsilver.com
- **WADE B. GOCHNOUR**
wgochnour@hwmlvlaw.com donnat@hwmlvlaw.com
- **CARLOS A. GONZALEZ**
carlos.gonzalez2@usdoj.gov;arlene.Ruckard@usdoj.gov;Eunice.Jones@usdoj.gov;Sue.Knight@usdoj.gov

7

JONES VARGAS
100 W. Liberty Street, 12ᵗʰ Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

1    • **GERALD M GORDON**
bankruptcynotices@gordonsilver.com

2    • **TALITHA B. GRAY**
tbg@gordonsilver.com bankruptcynotices@gordonsilver.com

3    • **MARJORIE A. GUYMON**
bankruptcy@goldguylaw.com ddias@goldguylaw.com

4    • **EDWARD J. HANIGAN**
haniganlaw@earthlink.net haniganlaw1@earthlink.net

5    • **XANNA R. HARDMAN**
xanna.hardman@gmail.com

6    • **STEPHEN R HARRIS**
steve@renolaw.biz noticesbh&p@renolaw.biz

7    • **DAVID W. HUSTON**
dwh@hustonlaw.net swaits@hustonlaw.net

8    • **CHRISTOPHER D JAIME**
cjaime@waltherkey.com kbernhar@waltherkey.com

9    • **EVAN L. JAMES**
ejameslv@earthlink.net kbchrislaw@aol.com

10   • **ANNETTE W JARVIS**
     • **TY E. KEHOE**
TyKehoeLaw@aol.com

11   • **ROBERT R. KINAS**
rkinas@swlaw.com

12   mstrand@swlaw.com;jlustig@swlaw.com;chaines@swlaw.com;imccord@swlaw.com

13   • **ZACHARIAH LARSON**
ecf@lslawnv.com

14   • **NILE LEATHAM**
nleatham@klnevada.com ckishi@klnevada.com;bankruptcy@klnevada.com

15   • **ROBERT C. LEPOME**
robert@robertlepome.com susan@robertlepome.com

16   • **REGINA M. MCCONNELL**
rmcconnell@kssattorneys.com

17   • **WILLIAM L. MCGIMSEY**
lawoffices601@lvcoxmail.com

18   • **RICHARD MCKNIGHT**
mcknightlaw@cox.net

19   gkopang@lawlasvegas.com;cburke@lawlasvegas.com,sforemaster@lawlasvegas.com

     • **JEANETTE E. MCPHERSON**

20   bkfilings@s-mlaw.com    bkfilings@s-mlaw.com;jmcpherson@s-mlaw.com    bkfilings@s-mlaw.com

21   • **SHAWN W MILLER**
bankruptcyfilings@sheacarlyon.com;smiller@sheacarlyon.com;aboehmer@sheacarlyon.co

22   m;ltreadway@sheacarlyon.com;rsmith@sheacarlyon.com

     • **DAVID MINCIN**

23   mcknightlaw@cox.net;kopang@lawlasvegas.com;dmincin@lawlasvegas.com,cburke@lawlasvegas.com,sforemaster@lawlasvegas.com

24   • **JOHN F MURTHA**
jmurtha@woodburnandwedge.com

25   • **ERVEN T. NELSON**
erv@rlbolick.com susan@rlbolick.com

26   • **BOB L. OLSON**
ecffilings@beckleylaw.com bolson@beckleylaw.com;dgriffis@beckleylaw.com

27   • **DONNA M. OSBORN**
ebaker@marquisaurbach.com;dosborn@marquisaurbach.com;tszostek@marquisaurbach.c

28   om;kgallegos@MarquisAurbach.com

8

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

1  • **DONALD T. POLEDNAK**
   sandplegal@yahoo.com spbankruptcy@yahoo.com
2  • **PAUL C RAY**
   info@johnpeterlee.com
3  • **SUSAN WILLIAMS SCANN**
   sscann@deanerlaw.com palexander@deanerlaw.com
4  • **LENARD E. SCHWARTZER**
   bkfilings@s-mlaw.com
5  • **SHLOMO S. SHERMAN**
   ssherman@sheacarlyon.com;aboehmer@sheacarlyon.com;bankruptcyfilings@sheacarlyon
6  .com;ltreadway@sheacarlyon.com;mmallet@sheacarlyon.com;rsmith@sheacarlyon.com
   • **JEFFREY G. SLOANE**
7  gjklepel@yahoo.com rmcconnell@kssattorneys.com
   • **DAVID A. STEPHENS**
8  dstephens@lvcm.com
   • **PETER SUSI**
9  cheryl@msmlaw.com msm@msmlaw.com
   • **JEFFREY R. SYLVESTER**
10 jeff@sylvesterpolednak.com David@sylvesterpolednak.com
   • **CARYN S. TIJSSELING**
11 cst@beesleymatteoni.com aha@beesleymatteoni.com
   • **WHITNEY B. WARNICK**
12 wbw@albrightstoddard.com bstessel@albrightstoddard.com
   • **JOAN C WRIGHT**
13 jwright@allisonmackenzie.com jbrooks@allisonmackenzie.com
   • **MATTHEW C. ZIRZOW**
14 bankruptcynotices@gordonsilver.com

15       :   b.       **United States mail, postage fully prepaid** (list persons and addresses):

16 Evan Beavers
   1625 Highway 88, #304
17 Minden, NV  89423

18 Joshua D Brysk
   Law Offices of James G Schwartz
19 7901 Stoneridge Drive, Suite 401
   Pleasanton, CA 94588
20
   Elissa F. Cadish, Esq.
21 Matthew J. Kreutzer, Esq.
   J. Stephen Peek, Esq.
22 Hale Lane Peek Dennison
   3920 Howard Hughes Pky, 4th Floor
23 Las Vegas, NV  89169

24 R. Vaughn Gourley, Esq.
   Stephens Gourley & Bywater, P.C.
25 3636 N. Rancho Dr.
   Las Vegas, NV  89130
26
   Thomas J. Allison
27 c/o USA Capital
   4484 S. Pecos Blvd.
28 Las Vegas, NV  89121

9

H:\Fs1Wp51\Direct Lenders\JV Direct Lenders 500953.1\Pleadings\Opp, D Mtn, Distribute-Pay\Opp, Distribute-Pay, 7.24.06.doc

1    Reid W. Lambert, Esq.
     Elizabeth P. Loveridge, Esq.
2    Russell S. Walker, Esq.
     Woodbury & Kesler, P.C.
3    265 East 100 Southy, Suite 300
     Salt Lake City, UT 84111
4
     Lee D. Mackson, Esq.
5    Shutts & Bowen, LLP
     1500 Miami Center
6    201 South Biscayne Blvd.
     Miami, FL  33131
7
     Breck E. Milde, Esq.
8    60 South Market St., #200
     San Jose, CA  95113
9
     James G Schwartz
10   7901 Stoneridge Dr #401
     Pleasanton, CA 94588
11
     Thomas W Stilley
12   1000 SW Broadway #1400
     Portland, OR 97205
13
     Gregory J Walch
14   400 S Fourth St 3rd Floor
     Las Vegas, NV 89101
15
     Marion E. Wynne, Esq.
16   Wilkins, Bankester, Biles & Wynne, P.A.
     Post Office Box 1367
17   Fairhope, AL 36533-1367

18              ❾  c.      **Personal Service** (list persons and addresses):
                           I personally delivered the document(s) to the persons at these addresses:
19
20              ❾          For a party represented by an attorney, delivery was made by
                           handing the document(s) to the attorney or by leaving the
                           document(s) at the attorney's office with a clerk or other person in
21                         charge, or if no one is in charge by leaving the document(s) in a
                           conspicuous place in the office.
22
                ❾          For a party, delivery was made by handing the document(s) to the
23                         party or by leaving the document(s) at the person's dwelling house
                           or usual place of abode with someone of suitable age and discretion
24                         residing there.

25              :  d.      **By direct email (as opposed to through the ECF System**) (list persons
                           and email addresses):
26
     Susan M. Freeman
27   sfreeman@lrlaw.com

28   Frank Merola, Eve Karasik & Christine M. Pajak
     fmerola@stutman.com: ekarasik@stutman.com; cpajak@stutman.com

JONES VARGAS
100 W. Liberty Street, 12ᵗʰ Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

H:\Fs1Wp51\Direct Lenders\JV Direct Lenders 500953.1\Pleadings\Opp, D Mtn, Distribute-Pay\Opp, Distribute-Pay, 7.24.06.doc

1

2   Marc A. Levinson & Lynn Trinka Ernce
    malevinson@orick.com;lernce@orrick.com

3   Bob L. Olson & Anne M. Loraditch
    bolson@beckleylaw.com; aloraditch@beckleylaw.com

4

5   Stan Wolken
    bayareastan@yahoo.com

6   Nicholas J. Santoro
    NSantoro@Nevadafirm.com

7

8   Jed A. Hart, Esq.
    jhart@angelogordon.com

9   Bradley J. Stevens, Esq.
    bstevens@jsslaw.com

10

11  Richard Mason, Patricia K. Smoots, & Michael M. Schmahl
    rjmason@mcguirewoods.com; psmoots@mcguirewoods.com; mschmahl@mcguirewood.com

12  Andrew Welcher c/o William E. Winfield,
    wwinfield@nchc.com

13

14  Annette W. Jarvis, Steven C. Strong, & Douglas M. Monson
    ajarvis@rqn.com; sstrong@rqn.com; dmonson@rqn.com

15          Based upon the written agreement of the parties to accept service by email
            or a court order, I caused the document(s) to be sent to the persons at the
16          email addresses listed below.  I did not receive, within a reasonable time
            after the transmission, any electronic message or other indication that the
17          transmission was unsuccessful.

18      ❧ e.     **By fax transmission** (list persons and fax numbers):

19          Based upon the written agreement of the parties to accept service by fax
            transmission or a court order, I faxed the document(s) to the persons at the
20          fax numbers listed below.  No error was reported by the fax machine that I
            used.  A copy of the record of the fax transmission is attached.

21

22      ❧ f.     **By messenger**:

23          I served the document(s) by placing them in an envelope or package
            addressed to the persons at the addresses listed blow and providing them to
            a messenger for service.  (A declaration by the messenger must be attached
24          to this Certificate of Service).

25      **I declare under penalty of perjury that the foregoing is true and correct.**

26      DATED this 27th day of  July, 2006.

27

28      ___J. Englehart & Tawney Waldo___        ___//s// Tawney Waldo & J. Englehart___
        Name                                     Signature

11

JONES VARGAS
100 W. Liberty Street, 12ᵗʰ Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177