**ELECTRONICALLY FILED**
July 27, 2006

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA (CA Bar No. 136934)
EVE H. KARASIK (CA Bar No. 155356)
ANDREW M. PARLEN (CA Bar No. 230429)
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone:    (310) 228-5600
Facsimile:    (310) 228-5788
E-mail:    fmerola@stutman.com
           ekarasik@stutman.com
           aparlen@stutman.com

ORRICK, HERRINGTON & SUTCLIFFE LLP
MARC A. LEVINSON, ESQ.
(CA Bar No. 57613)
LYNN TRINKA ERNCE, ESQ.
(CA Bar No. 179212)
400 Capitol Mall, Suite 3000
Sacramento, California  95814
Telephone:    (916) 447-9200
Facsimile:    (916) 329-4900
E-mail:    malevinson@orrick.com
           lernce@orrick.com

CANDACE C. CARLYON
(NV State Bar No. 002666)
Shea & Carlyon, Ltd.
233 S. Fourth Street, Suite 200
Las Vegas, NV  89101
Telephone:    (702) 471-7432
Facsimile:    (702) 471-7435
E-mail:    ccarlyon@sheacarlyon.com

BOB B. OLSON (Nevada State Bar No. 3783)
BECKLEY SINGLETON, CHTD.
530 Las Vegas Boulevard South
Las Vegas, Nevada 89101
Telephone:    (702) 385-3373
Facsimile:    (702) 385-5024
E-mail:    bolson@beckleylaw.com

*Counsel for the Official Committee of Equity
SecurityHolders of USA Capital First Trust
Deed Fund, LLC*

*Counsel for Official Committee of Equity
Security Holders of USA Capital Diversified
Trust Deed Fund, LLC*

**JOINT LIMITED OPPOSITION BY THE FUND COMMITTEES
TO DEBTORS' MOTION FOR ORDER APPROVING
CONTINUED USE OF CASH THROUGH OCTOBER 29, 2006
PURSUANT TO THIRD REVISED BUDGET (AFFECTS ALL DEBTORS)**

398923v3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | ) BK-S-06-10725-LBR<br>) Chapter 11<br>) |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | ) BK-S-06-10726-LBR<br>) Chapter 11<br>) |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | ) BK-S-06-10727-LBR<br>) Chapter 11<br>) |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | ) BK-S-06-10728-LBR<br>) Chapter 11<br>) |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | ) BK-S-06-10729-LBR<br>) Chapter 11<br>) |
| Affects<br>☒ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund LLC<br>☐ USA First Trust Deed Fund, LLC | )<br>)<br>) Date:   August 4, 2006<br>) Time:  9:30 a.m.<br>)<br>)<br>)<br>) |

17

18

19

**JOINT LIMITED OPPOSITION BY THE FUND COMMITTEES**
**TO DEBTORS' MOTION FOR ORDER APPROVING**
**CONTINUED USE OF CASH THROUGH OCTOBER 29, 2006**
**PURSUANT TO THIRD REVISED BUDGET (AFFECTS ALL DEBTORS)**

20

21

22

23

24

25

26

27

28

398923v3                                    2

1  **TO THE HONORABLE LINDA B. RIEGLE, UNITED STATES BANKRUPTCY JUDGE:**

2  In response to the "Motion for Order Approving Continued Use of Cash Through

3  October 29, 2006 Pursuant to Third Revised Budget" (the "Cash Management Motion")[1], filed

4  by USA Commercial Mortgage Company ("USACM"), on behalf of itself and its affiliated

5  debtors (each, a "Debtor" and, collectively, the "Debtors") on July 7, 2006 and the third revised

6  budget (the "Third Revised Budget") that the Debtors filed on July 19, 2006, the Official

7  Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF

8  Committee") and the Official Committee of Equity Security Holders of USA Capital Diversified

9  Trust Deed Fund, LLC (the "Diversified Trust Deed Committee" and, together with the FTDF

10  Committee, the "Fund Committees"), hereby file this limited opposition ("Limited Opposition").

11  This Limited Opposition is made and based upon the Points and Authorities filed

12  herewith; the pleadings, papers and records on file in this action; and any evidence and oral

13  argument to be considered at the time of the hearing of the Cash Management Motion.

14  Dated this 27th day of July, 2006.

15

16

17  EVE H. KARASIK, ESQ. and
   CHRISTINE M. PAJAK, ESQ., Members of
18  STUTMAN, TREISTER & GLATT, P.C.

   MARCA. LEVINSON, ESQ.
   LYNN TRINKA ERNCE, ESQ.
   ORRICK, HERRINGTON & SUTCLIFFE LLP

19  and

   and

20  CANDACE C. CARLYON
   SHEA & CARLYON, LTD.
21

   BOB B. OLSON (Nevada State Bar No. 3783)
   BECKLEY SINGLETON, CHTD.

22  COUNSEL FOR THE
   OFFICIAL COMMITTEE OF EQUITY
23  SECURITY HOLDERS OF USA CAPITAL
   FIRST TRUST DEED FUND, LLC
24

   COUNSEL FOR THE
   OFFICIAL COMMITTEE OF EQUITY
   SECURITY HOLDERS OF USA CAPITAL
   DIVERSIFIED TRUST DEED FUND, LLC

25

26

27

28  [1] Terms not otherwise defined herein shall have the same meanings ascribed to them in the
   Cash Management Motion.

1

## POINTS AND AUTHORITIES

2          Through their respective financial advisors, the Fund Committees have voiced

3  their concerns with the Third Revised Budget to Debtors' management.  Since these concerns

4  have not yet been resolved,  the Fund Committees have no other option than to object to the

5  numerous deficiencies in the Third Revised Budget, which are set forth below.

6

7     **A.    The Funds Should Not Be Triple-Charged for Professional Services Provided
            to Their Estates.**

8          Most troubling to the Fund Committees is that the Debtors seek to triple-charge

9  the estates of USA Capital First Trust Deed Fund, LLC (the "First Trust Deed Fund") and USA

10  Capital Diversified Trust Deed Fund, LLC ("Diversified" and, together with the First Trust Deed

11  Fund, the "Funds") for professional services provided to their estates.

12          First, like all Direct Lenders, the Funds are charged a service fee in connection

13  with their loans serviced by USACM.  Second, the Third Revised Budget contemplates that the

14  Funds will pay certain management fees.  Finally, the Debtors have indicated their intention to

15  allocate the fees and costs of the Debtors' professionals across the Debtors' five estates, including

16  the Funds.  While the Funds are incurring three separate fees, it is the understanding of the Fund

17  Committees that the Funds are not getting the benefit of three different types of services.

18  Debtors' management is simply doing the same work on behalf of the Funds but charging the

19  Funds three separate times for this work.  As the Funds will bear their proportionate share of the

20  fees and expenses of the Debtors' professionals, which will necessarily include the cost of

21  managing the Funds, no basis exists for the Funds to incur any additional management fees.[2]

22  The Fund Committees, therefore, object to the Funds' payment of the so-called management fees

23  as set forth in the Third Revised Budget.

24

25

26  ────────────────────

27  [2]  In addition, the Funds will likely have a claims against USA Capital Realty, LLC, the manager
      of the funds, and USACM, the entity which contemplates spending the purported postpetition
      management fees, based upon their prepetition misconduct.  To the extent the Debtors are able
28     to continue to transfer monies from the Funds for the benefit of USACMC and the same are
      expended, such rights would likely be prejudiced.

1

2

**B.**    **Without the Allocation of the Debtors' Professional Fees, the Third Revised Budget is Meaningless.**

3

4    As the Fund Committees have emphasized in numerous filings with the Court and

communications to the Debtors, the Debtors' professionals must disclose any proposed allocation

5    of their fees and expenses across the Debtors' estates. The Third Revised Budget, however,

6    contemplates that the Debtors' professionals will be paid solely from the USACM estate. Unless

7    Debtors' professionals have determined that such fees and expenses will not be apportioned, this

8    assumption is highly misleading. Without this allocation, the Fund Committees do not know the

9    extent of their administrative burden of these cases. Furthermore, as currently budgeted,

10    USACM relies on alleged "estate funds" in the Collections Account to pay for these professional

11    services. Once again, the Debtors needlessly stir up a hornet's nest. It is not clear that, if

12    properly allocated, whether the Debtors would need to rely on these funds to pay professional

13    fees. It is, thus, critical that the Debtors allocate the fees and expenses among the Debtors'

14    estates prior to any Court approval of a proposed budget.

15

16

**C.**    **The Alleged Estate Funds in the Collections Account Should Not Be Used by the Debtors Absent a Court Determination That the Money Belongs to USACM's Estate.**

17    For a second time, the Debtors have asserted, through their budget, not their

18    moving papers, that certain amounts in the Collections Account is property of the USACM's

19    estate. The Collections Account is now divided into two parts – (a) Investor Funds and

20    (b) Estate Funds. While the Debtors fail to explain any of this in their Cash Management

21    Motion, the Fund Committees understand that the Debtors assert that the "re-payment" of pre-

22    paid interest is property of USACM's estate. The Debtors provide no support for this allegation.

23    The Debtors cannot wholesale re-characterize certain funds in the Collections

24    Account as estate funds by simply including it is a separate line item in the Third Revised

25    Budget. Absent a further court order, no interest collected on behalf of the Debtors' investors nor

26    interest earned on the Collections Account should be used to pay the Debtors' operating

27    expenses. All money collected in connection with the loans that the Debtors brokered should be

28    placed in the Collections Account and accounted for on a loan-by-loan basis. At this time, the

1   Debtors have not asserted any rationale to segregate out a portion of the Collections Account as
2   "Estate Funds".

3              Accordingly, the Fund Committees request that the Debtors be required to amend
4   their Third Revised Budget by (i) placing the collection of all interest and principal payments in
5   the Collections Account and accounting for such sums on a loan by loan basis and (ii) keeping
6   all earned interest from the Collections Account in the Collections Account. Furthermore, the
7   Fund Committees request that, to the extent that the Debtors seek to assert that any of the funds
8   in the Collections Account belong to the Debtors' estates and seek Court authority to use such
9   funds, they be required to file a motion on regular notice requesting such relief.

10        **D.**    **Distributions to Investors.**

11             Through the "Motion To Distribute Funds And To Grant Ordinary Course
12  Releases And Distribute Proceeds" (the "Distribution Motion"), the Debtors seek Court
13  authority to make distributions to investors. According to the Debtors' supplement to the
14  Distribution Motion (the "Distribution Supplement"), the Debtors state that approximately $64.7
15  million will be distributed to investors as part of their proposed initial distribution. The Third
16  Revised Budget, however, states that the Debtors will be making distributions to investors of
17  approximately $88.3 million during the week ending August 6, 2006. The Debtors should be
18  required to reconcile their numbers.

19             The Fund Committees, however, are most troubled by the fact that the Debtors do
20  not provide for any distribution to the Funds' estates in the Third Revised Budget. Clearly,
21  distributions must be paid to the Funds before distributions are made to the Fund members.
22  While the Debtors assert that the Diversified estate will not receive any funds from the initial
23  distribution, the Distribution Supplement indicates that the First Trust Deed Fund estate is
24  expected to receive approximately $1.8 million. Yet, the Third Revised Budget does not reflect
25  this distribution being made nor does it contemplate that, following appropriate holdbacks,
26  distributions shall be made to members of First Trust Deed Fund.

27             Finally, the Fund Committees oppose weekly distributions to investors as set forth
28  in the Third Revised Budget. The administrative burden of making weekly distributions is

1  simply too great in both dollars and time. Prior to the Petition Date, investors received monthly,

2  not weekly, distributions, and monthly distributions would be acceptable with appropriate

3  holdbacks for expenses as discussed below. There is simply no reason why the Debtors' estates

4  should be burdened with the time and expense of making weekly distributions to investors.

**E.    The Debtors Should be Required to Provide for Adequate Holdbacks Before Making Distributions to Investors.**

7          The Third Revised Budget contemplates that distributions will be made to

8  investors without the Debtors holding back the necessary amounts to cover the estates' expenses.

9  Under the standard loan servicing agreement, USACM is entitled to seek from each direct lender

10  its pro rata share of "attorney's fees, trustee's fees and the foreclosure costs" and may holdback

11  payments on investors' loans until such payments have been made. See Loan Servicing

12  Agreement, § 4. In addition, the Debtors should also holdback the appropriate amounts to cover

13  the costs of the administration of these bankruptcy cases, including fees and costs incurred by

14  counsel for the Direct Lender Committee. The Debtors should be required to update the Third

15  Revised Budget to include these holdback amounts. Furthermore, it is the understanding of the

16  Fund Committees that the line item titled "Loan Servicing Expenses" relate to anticipated

17  foreclosure costs. Again, payments of foreclosure costs should not be borne by the USACM

18  estate but rather should be charged against the direct lenders who will benefit from such

19  foreclosures.

20          With respect to the Funds, the Debtors should also indicate in their revised budget

21  the amount for all administrative expenses and unsecured claims that should be held back before

22  distributions are made to Fund investors. As the FTDF Committee has previously discussed with

23  the Debtors, it believes that the appropriate holdback amount for the first interim distribution to

24  members of the First Trust Deed Fund should be $800,000 for (i) fees incurred by professionals

25  of the FTDF Committee[3] and (ii) a reserve for the unsecured claims that have been asserted

26  against the FTDF.

27  _____

28  [3]   As the Debtors have not included holdbacks for amounts incurred by the Debtors' professionals
       from distributions to investors, the FTDF Committee has not included any such amounts in this
       proposed holdback.

1

**F.    Professional Fees.**

2     The Third Revised Budget includes accruals of payments on behalf of various

3   professionals of the Debtors' estates but does not accurately reflect the estimated amounts for

4   fees and expenses that the FTDF Committee had previously provided to the Debtors.  The FTDF

5   Committee understands that the Debtors will update this estimate.  Notwithstanding any

6   correction by the Debtors to update this estimate, the Fund Committees believe that the budgeted

7   amounts may not, in the end, be accurate and reserve the right to seek compensation that varies

8   with the amounts contained in the Third Revised Budget.

9     Furthermore, in footnote "a" on page 2 of the Third Revised Budget, the Debtors

10   assert that the "[s]ource of payment for professional fees for the investor and fund committees

11   will be via surcharge or some other source yet to be determined."  While this may be true for

12   payments made to the professionals of the Direct Lender Committee, the same cannot be said of

13   the Fund Committees.  Payments to the Fund Committees will come from their respective

14   estates.  As distributions are made to the Funds, sufficient monies will be available to pay the

15   professionals of the Fund Committees.  Accordingly, this footnote should delete any reference to

16   the Fund Committees.

17

18
**G.    In Connection With The Budgeting Process, Which Is On A Weekly
Basis, The Court Should Require Weekly Cash Flow Updates To The
Committees.**

19     The Fund Committees have repeatedly requested that the Debtors provide them

20   with weekly cash reports, which compare the Debtors actual cash flow against their budgeted

21   cash flow.  Without these updates, the Fund Committees cannot monitor the Debtors' use of cash

22   nor evaluate whether the Debtors are in compliance with their budget.  Only recently have the

23   Debtors indicated that they will provide the Fund Committees with such a report.  To date,

24   however, the Fund Committees have yet to receive any such report.  The Fund Committees,

25   therefore, request that the Court require, as a condition to the continued use of cash, that the

26   Debtors to provide all committees appointed in these cases weekly cash reports that compare the

27   Debtors' actual use of cash against their budgeted use of cash.

28

# III.

# CONCLUSION

For the reasons stated above, the Fund Committees request that the Court (i) withhold approval of the Debtors' Cash Management Motion and Third Revised Budget until the Debtors have filed an updated budget in accordance with the modifications requested herein and (ii) require the Debtors, as a condition to the continued use of cash, to circulate to all committees appointed in these cases weekly cash reports that compare the Debtors' actual use of cash against their budgeted use of cash.

Respectfully submitted this 27TH day of July, 2006.

SUBMITTED BY:

OFFICIAL COMMITTEE OF EQUITY
SECURITY HOLDERS OF USA CAPITAL
FIRST TRUST DEED FUND, LLC

EVE H. KARASIK, ESQ. and
CHRISTINE M. PAJAK, ESQ., Members of
STUTMAN, TREISTER & GLATT, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone: (310) 228-5600

and

CANDACE C. CARLYON
Shea & Carlyon, Ltd.
233 S. Fourth Street, Suite 200
Las Vegas, NV 89101
Telephone: (702) 471-7432
Facsimile:   (702) 471-7435

COUNSEL FOR THE
OFFICIAL COMMITTEE OF EQUITY
SECURITY HOLDERS OF USA CAPITAL
FIRST TRUST DEED FUND, LLC

SUBMITTED BY:

OFFICIAL COMMITTEE OF EQUITY
SECURITY HOLDERS OF USA CAPITAL
DIVERSIFIED TRUST DEED FUND, LLC

MARC A. LEVINSON, ESQ.
LYNN TRINKA ERNCE, ESQ.
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4407
Telephone: (916) 447-9200

and

BOB B. OLSON (Nevada State Bar No. 3783)
BECKLEY SINGLETON, CHTD.
530 Las Vegas Boulevard South
Las Vegas, Nevada 89101
Telephone: (702) 385-3373
Facsimile:   (702) 385-5024

COUNSEL FOR THE
OFFICIAL COMMITTEE OF EQUITY
SECURITY HOLDERS OF USA CAPITAL
DIVERSIFIED TRUST DEED FUND, LLC

398923v3

9