Paula K. Jacobi, Esq. (IL Bar No. 1311247)
Andrew J. Abrams, Esq. (IL Bar No. 6271836)
SUGAR FRIEDBERG & FELSENTHAL LLP
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
Telephone: 312-704-9400
Email: pjacobi@sff-law.com
       aabrams@sff-law.com

Robert Kinas, Esq. (NV Bar No. 6019)
Mark Konrad, Esq. (NV Bar No. 4462)
SNELL & WILMER
3800 Howard Hughes Parkway, Suite1000
Las Vegas, Nevada 89169
Telephone: 702.784.5203
Email: rkinas@swlaw.com

Attorneys for Norman Kiven

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                         Debtor<br>In re:<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                         Debtor<br>In re:<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                         Debtor<br>In re:<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                         Debtor<br>In re:<br><br>USA SECURITIES, LLC<br>                                                         Debtor<br>Affects:<br>  X    All Debtors<br>         USA Commercial Mortgage Company<br>         USA Securities, LLC<br>         USA Capital Realty Advisors, LLC | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>**DIRECT LENDER KIVEN'S OPPOSITION TO DEBTORS' MOTION TO DISTRIBUTE FUNDS** |

| | | |
|---|---|---|
| USA Capital Diversified Trust Deed Fund, LLC ) | Date: August 4, 2006 |
| USA First Trust Deed Fund, LLC ) | Time: 9:30 a.m. |

Norman Kiven ("Kiven") opposes Debtors' Motion to Distribute Funds and to Grant Ordinary-Course Releases and Distribute Proceeds (the "Motion") filed by debtor USA Commercial Mortgage Company ("USA Commercial") and the related captioned debtors (collectively, "Debtors") as follows:

### INTRODUCTION

The Motion is without legal merit. While USA Commercial is contractually obligated to pay over to Kiven all distributions made on the Kiven Direct Loans, and Kiven demands such immediate turnover, Debtors have no legal or equitable right to seize the first $48,248 of those distributions and not deliver them to Kiven. In short, Debtors are attempting to seize property that admittedly belongs to Kiven and not Debtors, without right or due process. This Court has no authority to authorize this seizure.

Kiven, an elderly individual, lent over $1 million to approximately twelve borrowers, and not to USA Commercial or any of the other Debtors, through a set of loans (the "Kiven Direct Loans").[1] USA Commercial contractually agreed to serve as servicing agent on the Kiven Direct Loans. As a Direct Lender, Kiven owns the Kiven Direct Loans. And as the owner of the Kiven Direct Loans, Kiven has the sole right to payment made by the borrowers on those Loans, not Debtors.[2] It is Kiven who holds all other rights as a Direct Lender in the underlying loans, promissory notes, and securing deeds of trust and mortgages. Any interest payments that the borrowers make on Kiven Direct Loans are the property of Kiven. USA Commercial has a contractual right to a servicing fee related to the Kiven Direct Loan, but nothing more. To the

---

[1] The last account statement that Kiven received from USA Commercial identified the following twelve borrowers: Anchor B, LLC, Castaic Partners III, ComVest Capital, Cornman Toltec 160, Fiesta USA/Stoneridge, Foxhill 216, LLC, Gateway Stone, HFA-North Yonkers, Marquis Hotel, Mountain House, Ocean Atlantic, and Palm Harbor One (the "Kiven Direct Loans"). Kiven is also a Direct Lender on the Bundy Canyon loan, which Debtors advise did not close prior to the Petition Date. Investigation continues as to whether Kiven is a Direct Lender on any other loans.
[2] Kiven's rights are pro-rata with the other Direct Lenders that own the given Loans.

extent the Kiven Direct Loans are paid off, Kiven owns those proceeds, not Debtors. USA Commercial, as servicing agent, is nothing more than a conduit for the payments made by borrowers on Direct Loans to the Direct Lenders.

The auspicious title of "Motion to Distribute Funds" belies the relief Debtors are actually requesting: the seizure, attachment, and then use of Kiven's property. Debtors ask this Court to authorize the seizure of up to $48,248 in payments and/or proceeds made on Kiven Direct Loans that USA Commercial, as servicer, received as Kiven's agent both before and after the Petition Date. Debtors justify the seizure as a purported "setoff" of $48,248 that Debtors claim they have a legal right to recover from Kiven. Debtors acknowledge that they are holding proceeds of the Kiven Direct Loans, but seek Court permission to keep those funds for Debtors' estates. No adversary proceeding has been filed against Kiven; no adjudication has been made that Kiven owes one cent to Debtors' estate. No evidence has been submitted to the Court or produced to Kiven to show that Debtors even hold a cognizable claim against Kiven.

In making this request, Debtors ask this Court to deprive Kiven of due process and contravene the Unites States Supreme Court's holding in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999), in which the Court prohibited a pre-judgment attachment of property. Debtors' request is even more egregious than the relief sought in *Grupo*. In *Grupo*, at least a complaint against the defendant was pending. Debtors have not even filed a pleading (which must be done as an adversary) asserting a claim against Kiven.

The extraordinary relief Debtors seek is done without any evidentiary support. Instead, Debtors take the "trust us" approach which wholly ignores the need to file a complaint and then meet the evidentiary burdens once a complaint is ever filed. Such actions violate Debtors' rights to due process of law, and the "equitable circumstances" that Debtors claim justify their seizure

of Kiven's property, have no basis in law. This Court simply has no legal right or ability to grant the relief requested in the Motion.

## ARGUMENT

**I.  This Court Does Not Have Authority to Authorize Debtors to Seize Kiven's Property Before Debtors' Alleged Potential Claims Are Legally Asserted and Brought to Judgment**

Bankruptcy Rule 7001(1) requires that an adversary proceeding be initiated to recover money or property. If Debtors believe they have some claim against Kiven, then Debtors must file an adversary proceeding to assert that claim. Debtors cite to no law that allows them to side step such a procedure.

Even if Debtors were to bring such an adversary action, they would have no right to the relief requested in the Motion, *i.e.* the seizure of the Kiven Direct Loan proceeds. The Supreme Court ruled in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999), that it is beyond the power of the courts to enjoin a defendant from transferring its assets prior to entry of any judgment in favor of plaintiffs on their contract claims for money damages. The Supreme Court chose to "follow the well-established general rule that *a judgment establishing the debt was necessary* before a court of equity would interfere with the debtor's use of his property." *Id.* at 321 (emphasis added). Where a general creditor (i.e., one without a judgment) does not have a "cognizable interest, either at law or in equity, in the property of his debtor," the creditor, under this general rule, cannot interfere with the debtor's use of that property. *Id.* at 320.[3]

Kiven recognizes that if an adversary proceeding were ever filed against Kiven, Debtors would have a right under Nevada's pre-judgment attachment statute, made applicable by Rule 64 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7064, to attempt such a seizure.

---

[3] It is not in dispute that the funds USA Commercial collects from borrowers as agent for the Direct Lenders are not property of Debtors' estates.

- 4 -

However, none of the grounds for attachment, either with or without notice and hearing, under NRS 31.013 and NRS 31.017 would apply.

Debtors admit that they have no interest (equitable or otherwise) in payments made by borrowers on the Kiven Direct Loans.[4] Yet, Debtors request that this Court authorize them to seize property that does not belong to them and apply that property to satisfy an alleged claim against Kiven for $48,248 that has never been asserted or proven. Debtors must first bring their Complaint against Kiven before such seizure could *ever* be ordered.

## II. Debtors Fail To Allege In Their Motion Any Viable Causes of Action Against Kiven And No Evidence To Support Any Claim

Debtors posit several legal theories in their Motion that *may* support a claim against Kiven. None have merit.

Debtors' recoupment theory fails because Debtors are attempting to collapse all of the Direct Loans into a single transaction. This extension goes far beyond the "flexible meaning" for "transaction" that Debtors claim in their Motion. As a matter of fact, the various Direct Loans could never be considered a part of the same "transaction." The property involved with each Direct Loan is unique; the time when each Direct Loan comes due is different; the parties to each Direct Loan are different; and the status (in terms of payments, property condition etc.) of the property and borrower of each Direct Loan are unique. In short, factually each Direct Loan is its own transaction, with its own unique lenders, unique borrowers and unique real property. Debtors' argument is akin to a company attempting to declare that all of its pre-petition sales of product were a single "transaction" because the product sold and documentation for each sale was the same. No law supports such a proposition.

---

[4] To the extent Debtors hold equitable liens on the borrower payments collected prior the Petition Date (that cannot be adequately traced) for the benefit of all Direct Lenders, the same does not apply to payments collected post-petition that can be traced to the particular performing loan.

- 5 -

Debtors' own cases compel a finding that the Direct Loans do not amount to a "single transaction". In *In re Madigan*, 270 B.R. 749, 755 (B.A.P. 10th Cir. 2001), the court found that a "single transaction" exists for purpose of recoupment where the claims and counterclaims bear a "logical relationship" to each other. The *Madigan* court found this test is satisfied where a claim and counterclaim are based on "same operative facts." *Id.* (citation omitted). In that case, a disability plan administrator could not recoup overpayments to the since discharged Chapter 7 debtor from outstanding post-discharge benefits where there were "*two* Reimbursement Agreements, *two* disability periods, and *two* claims separated by a two-year period of employment and a bankruptcy." *Id.* at 761 (emphasis original). The court affirmed the bankruptcy court's application of the "logical relationship" test to deny recoupment. Likewise, this Court should treat each of the Direct Loans as separate transactions and not use the "recoupment" doctrine to seize $48,248 of Kiven's property.[5]

Debtors' citation to the Restatement of Trusts also does not advance the Motion. Section 254 of the Restatement, as cited in the Motion, refers to one beneficiary's recovery of trust property at the expense of the other beneficiaries *of that same trust*. If Kiven had received a disproportionate share of the proceeds of the *res, i.e.* a Kiven Direct Loan, when compared to the other lenders on that Loan, then Debtors' citation could be a worthwhile analogy. However, Debtors somehow argue that all Direct Loans should be treated as the *res* of a single trust and all the lenders in all of the Direct Loans should be considered lenders (beneficiaries) of all of them. The Restatement of Trusts provides for no such relief.

Section 502(d) of the Code is equally irrelevant to the Motion. When USA Commercial distributes payments made on the Kiven Direct Loans, or their proceeds, it is not paying a "claim"

---

[5] As for *Newberry Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392 (9th Cir. 1996), also cited by Debtors, that case is readily distinguishable. The court found a "single transaction" where, *inter alia*, the claims all arose from a single contract. *Id.* at 1401-1402. In these cases, numerous contracts are involved.

- 6 -

that Kiven has against USA Commercial or any of the other Debtors. USA Commercial is a servicing conduit, contractually required to deliver borrower payments to the lenders. Accordingly, Debtors' argument that it does not have to turn over payment made on the Kiven Direct Loans because it would violate Section 502(d) is nonsensical.

For the same reason that Section 502(d) is inapplicable to advance the Motion, Debtors could not have claims against the Direct Lenders under Section 547 of the Code. Section 547 allows Debtors to avoid transfers "to or for the benefit of a creditor". As Debtors have readily acknowledged, the tender of borrower payments on Direct Loans is not paying a debt that was owed by USA Commercial. It is the delivery of the Direct Lenders' property to which USA Commercial had no legal interest.

Lastly, Debtors' contention that fraudulent conveyance claims might exist under Sections 548 and 549 of the Code is unfounded. Unless and until Debtors can show that Kiven received an "interest of the debtor in property" or "property of the estate", no fraudulent conveyance action can lie. And, Debtors cite to nothing in their Motion to suggest that property in which they had an interest was ever transferred to Kiven.

### III.  No Authority Exists To Grant The Relief Sought By Debtors; It Violate All Concepts of Due Process

Notwithstanding the substantive deficiencies of Debtors' purported claims, Debtors ask this Court to seize Debtors' property without a trial on the merits and presentation of evidence. Debtors claim that "equitable and legal doctrines" should be applied to the "unique circumstances" of this case as justification for the requested relief because otherwise there would be "protracted litigation" involving all the Direct Lenders. What Debtors declare as "protracted litigation" is nothing more than due process. Due process ensures that evidentiary burdens are met and litigants (such as Kiven) have the ability to review and contest such evidence. Not surprisingly, Debtors fail in their Motion to cite a single case that justifies overlooking the

Federal Rules of Evidence and, more importantly, Kiven's constitutional rights, by authorizing the seizure of his property without suitable legal process.

As for evidence to support any of Debtors' alleged claims against Kiven, Debtors provide none – admissible or otherwise. Instead, Debtors' professionals have prepared a chart of alleged loan summaries through the Petition Date that were recently served on the Direct Lenders. Debtors did not provide the Direct Lenders with the underlying materials that purportedly formed the basis for the alleged overpayments found in the statements. More importantly, Debtors have not produced these materials, let alone with the proper evidentiary foundation, to this Court. When Kiven's counsel requested in writing such alleged "evidence", Debtors' counsel offered "to discuss" the bank statements, cancelled checks, and reconstructed loan histories that underlie the loan summaries that Debtors' agents prepared. But to date, Kiven has not had an opportunity to review the documents that support the alleged $48,248 claim to judge the validity or accuracy of the loan summaries. Nor, without the filing of an adversary complaint, does Kiven have a means by which to contest Debtors' alleged legal claims.

In short, this Court is without authority to ignore the due process demands of the Constitution.

## CONCLUSION

USA Commercial should comply with its obligations to Kiven and pay over to Kiven and the other Direct Lenders the post-petition payments, and at the appropriate time, pre-petition payments, that USA Commercial received and receives as servicing agent on performing Kiven Direct Loans. Unless and until this Court enters a judgment in favor of Debtors and against Kiven, with Debtors meeting their evidentiary burden, *and then* Debtors request and receive the appropriate post-judgment relief, this Court cannot deprive Kiven of his property based on the possible claims that Debtors may (or may not) have against him.

This Court has no authority to grant Debtors' request to seize the first $48,248 of the distributions owing to Kiven and apply them against the property USA Commercial is contractually obligated to payout to him.

DATED this ___ day of July, 2006.

By: _____
Paula K. Jacobi, Esq. (IL Bar No. 1311247)
Andrew J. Abrams, Esq. (IL Bar No. 6271836)
SUGAR FRIEDBERG & FELSENTHAL LLP
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
Telephone: 312-704-9400
Email: pjacobi@sff-law.com
       aabrams@sff-law.com

Robert Kinas, Esq. (NV Bar No.6019)
Mark Konrad, Esq. (NV Bar No. 4462)
SNELL & WILMER
3800 Howard Hughes Parkway
Suite1000
Las Vegas, Nevada 89109
702.784.5203
Email: rkinas@swlaw.com

Attorneys for Norman Kiven