AUGUST B. LANDIS, Assistant United States Trustee
State Bar # IA PK9228
augie.landis@usdoj.gov
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600 Attorney Ext. 235
Facsimile:  (702) 388-6658

Attorneys for the Acting United States Trustee
    SARA L. KISTLER

E-Filed on July 27, 2006

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

**USA Commercial Mortgage Company**
    **06-10725 -- Lead Case**

**USA Capital Realty Advisors, LLC**
    06-10726

**USA Capital Diversified Trust Deed Fund, LLC**
    06-10727

**USA Capital First Trust Deed Fund, LLC**
    06-10728

**USA Securities, LLC**
    06-10729            Debtors

**Jointly Administered**
Chapter 11 Cases
Judge **Linda B. Riegle** Presiding

Date:   August 4, 2006
Time:   9:30 a.m.
**Affecting:**
☐ All Cases
**or Only:**
☒ USA Commercial Mortgage Company
☐ USA Capital Realty Advisors, LLC
☒ USA Capital Diversified Trust Deed Fund, LLC
☒ USA Capital First Trust Deed Fund, LLC
☐ USA Securities, LLC

# THE UNITED STATES TRUSTEE'S LIMITED OPPOSITION TO DEBTORS' MOTION TO DISTRIBUTE FUNDS AND TO GRANT ORDINARY-COURSE RELEASES AND DISTRIBUTE PROCEEDS

To the Honorable **LINDA B. RIEGLE**, United States Bankruptcy Judge:

The United States Trustee supports all appropriate efforts to promptly distribute money collected and held by Debtors post-petition to the creditors who are entitled to receive that money. The United States Trustee opposes Debtors' Motion to Distribute Funds and to Grant Ordinary-Course Releases and Distribute Proceeds to the extent that the motion seeks to disburse

1 any property of the Debtors' estates without affording creditors the protections they would
2 receive in the plan confirmation process.

## MEMORANDUM OF POINTS AND AUTHORITIES

### FACTS

5   1. Through the motion, Debtors seek to recover a portion of the money held in the
6 Collection Account in the form of a 1% loan servicing fee. *See* Motion, p. 7 ll. 11 - 15.

7   2. Through the motion, Debtors also seek to have the Court adopt Debtors' view of the
8 validity, priority, and extent of creditors' interests in the money held in the Collection Account,
9 without any meaningful evidentiary predicate. *See* Motion, pp. 7 - 14.

10   3. Debtors have not commenced an adversary proceeding to establish their right to
11 recover loan servicing fees from the Collection Account, or to limit creditors' interests in the
12 distribution of Collection Account funds to the "netted" amounts suggested in the motion.

13   4. Debtors' motion seeks to control the disposition of nearly $65 million in proceeds
14 from post-petition collection of pre-petition loans, without the benefit of an order from the Court
15 establishing (or a plain statement of Debtors' position regarding) how much of the money to be
16 distributed, if any, is property of the Debtors' bankruptcy estates.

17   5. To date, Debtors' collective reorganization efforts have consisted of accounting
18 services, and the collection or "monetizing" of prepetition loans, in a manner very much
19 resembling liquidation.

20   6. No plans of reorganization have been filed with the Court. However, Debtors have
21 stated repeatedly and under oath that plans of reorganization will be filed during the month of
22 July, 2006.

23   7. The 120 day exclusivity period within which only Debtors may file plans of
24 reorganization expires on August 12, 2006, just eight days after the scheduled hearing on
25 Debtors' motion.

### POINTS AND AUTHORITIES

27   8. Proceedings to recover money or property constitute adversary proceedings, and
28 require the attendant due process protections. *See generally*, Fed. R. Bankr. P. 7001(1).

9. Similarly, proceedings to determine the validity, priority, and extent of "a lien or other interest" in non-exempt property constitute adversary proceedings, and require the related due process protections. *See generally*, Fed. R. Bankr. P. 7001(2).

10. Debtors' motion does not present the Court with an adversary proceeding through which the Court could establish either Debtors' right to recover loan servicing fees from the Collection Account, or to limit creditors' interests in the distribution of Collection Account funds to the "netted" amounts detailed in the motion.

11. Although not stated with clarity, the apparent statutory basis for Debtors' motion is 11 U.S.C. § 363(b)(1), which generally provides that after notice an a hearing, Debtors may "use . . . other than in the ordinary course of business, **property of the estate**[.]" *See generally*, 11 U.S.C. § 363(b)(1)(emphasis added).

12. The money in the Collection Account is being held by virtue of USA Commercial Mortgage's position as a loan servicing agent. Because that money does not appear to be property of the Debtors' bankruptcy estates, the statutory predicate for Debtors' proposed control over distribution of Collection Account funds pursuant to 11 U.S.C. § 363(b)(1) is lacking. *See* Golden Mortgage Fund # 14 v. Kennedy (*In re* Golden Triangle Capital, Inc.), 171 B.R. 79, 82-83 (9th Cir. BAP 1994)(funds received by loan servicing agent from a lender for disbursement to borrower held in trust, and were not property of the servicing agent's bankruptcy estate); *see also* 11 U.S.C. § 363(b)(1)(debtors authorized to use "property of the estate" after notice and hearing).

13. If Debtors' proof in support of the motion satisfies the Court that an adversary proceeding is unnecessary, and establishes that none of the money in the Collection Account which will be distributed to creditors is property of Debtors' bankruptcy estates, the United States Trustee does not oppose the relief requested in the motion.

14. To the extent that Debtors' proof in support of the motion establishes that any of the money in the Collection Account which will be distributed to creditors pursuant to the motion is property of the Debtors' bankruptcy estates, the Bankruptcy Appellate Panel for the Ninth Circuit has clearly stated that the "general rule is that a distribution on pre-petition debt in a Chapter 11

1 case should not take place except pursuant to a confirmed plan of reorganization, absent
2 extraordinary circumstances." *In re Air Beds, Inc.,* 92 B.R. 419, 422 (9th Cir. BAP 1988), *citing*
3 In re Conroe Forge & Mfg. Corp., 82 B.R. 781, 784 (Bankr. W.D. Pa. 1988) *and* FED. R. BANKR.
4 P. 3021 (distribution shall be made to creditors whose claims have been allowed after
5 confirmation of a plan).

6     15. It is also "well established that section 363(b) is not to be utilized as a means of
7 avoiding Chapter 11's plan confirmation procedures." In re Westpoint Stevens, Inc., 333 B.R.
8 30, 51-52 (S.D.N.Y. 2002)(reversing bankruptcy court order authorizing the sale of Chapter 11
9 debtor's assets outside the ordinary course of business).

10     16. "Undertaking reorganization piecemeal pursuant to § 363(b) should not deny
11 creditors the protection they would receive if the proposals were first raised in the reorganization
12 plan." Westpoint Stevens, 333 B.R. at 52, *quoting* Institutional Creditors of Continental Air
13 Lines, Inc. v. Continental Air Lines, Inc. (*In re* Continental Air Lines, Inc.), 780 F.2d 1223,
14 1226-28 (5th Cir. 1986).

15     17. In addressing the propriety of a proposed preconfirmation distribution of proceeds
16 from the sale of the debtor's equipment under section 363(b), the Bankruptcy Appellate Panel for
17 the Ninth Circuit noted "if distribution is made to creditors in a liquidating Chapter 11 before
18 confirmation of a plan, there will be little incentive for parties in interest to prosecute the case in
19 an expeditious manner, much less to perform the work required to issue and obtain approval of a
20 disclosure statement and plan." Air Beds, 92 B.R. at 423.

21     18. Section 363(b) does not authorize approval of a transaction that requires "'significant
22 restructuring of the rights of [] creditors,' including provisions limiting permissible dispositions
23 of proceeds" from liquidation of a debtor's assets. Westpoint Stevens, 333 B.R. at 52, *quoting*
24 Pension Benefit Guar. Corp. v. Braniff Airways, Inc., (*In re* Braniff Airways, Inc.), 700 F.2d
25 935, 939-40 (5th Cir. 1983).

26     19. To the extent that any of the money in the Collection Account that will be distributed
27 to creditors pursuant to the motion is property of the Debtors' bankruptcy estates, the United
28 States Trustee opposes the relief requested in the motion pursuant to the authorities cited above.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order:

A. Granting the relief requested in the motion, to the extent that the Court determines that an adversary proceeding is unnecessary, and that none of the money in the Collection Account which will be distributed to creditors is property of Debtors' bankruptcy estates; and

B. Denying the relief requested in the motion, to the extent that any of the money in the Collection Account which will be distributed to creditors is property of the Debtors' bankruptcy estates.

The United States Trustee further requests that the Court grant such other and additional relief as is just and equitable.

Respectfully submitted,

**SARA L. KISTLER**
**ACTING UNITED STATES TRUSTEE**
**REGION 17**

By: */s/ August B. Landis*
August B. Landis, Assistant United States Trustee
United States Department of Justice