GORDON & SILVER, LTD.
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: gmg@gordonsilver.com
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: geg@gordonsilver.com
KONRAD PILATOWICZ, ESQ.
Nevada Bar No. 9651
E-mail: kpilatowicz@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89109
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for the Official Committee
of Holders of Executory Contract Rights through
USA Commercial Mortgage Company

E-Filed On July 28, 2006

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                  Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                  Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                  Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                  Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>                  Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Date: August 4, 2006<br>Time: 9:30 am |

**OFFICIAL COMMITTEE
OF DIRECT LENDERS' OPPOSITION TO APPLICATION PURSUANT TO FED. R.
BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY
CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF SIERRA
CONSULTING GROUP, LLC AS FINANCIAL ADVISORS TO THE OFFICIAL
UNSECURED CREDITORS' COMMITTEE FOR USA MORTGAGE COMPANY**

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100933-001/412603.doc

The Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company (the "Official Committee of Direct Lenders"), by and through its counsel, the law firm of Gordon & Silver, Ltd., hereby submits its opposition (the "Opposition") to <u>Application Pursuant To Fed. R. Bankr. P. 2014(a) For Order Under Section 1103 Of The Bankruptcy Code Authorizing The Employment And Retention Of Sierra Consulting Group, LLC As Financial Advisors To The Official Unsecured Creditors' Committee For USA Commercial Mortgage Company</u> (the "Application"). This Opposition is made and based upon the points and authorities which follow, the pleadings and papers contained in the Court's file, and any evidence or oral argument presented at the time of the hearing on the Application.

DATED this 28th day of July, 2006.

GORDON & SILVER, LTD.

By: _____
GERALD M. GORDON, ESQ.
GREGORY E. GARMAN, ESQ.
KONRAD PILATOWICZ, ESQ.

## I.
## POINTS AND AUTHORITIES

The Application seeks approval of Sierra Consulting Group, LLC ("Sierra") as financial advisor for the Official Unsecured Creditors' Committee for USA Commercial Mortgage Company (the "Unsecured Creditors' Committee"). As the Application points out, there have been four committees appointed in this case. Furthermore, the Debtors[1] have retained Mesirow Financial Interim Management, LLC ("Mesirow") as its chief restructuring officer and the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund,

---

[1] On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USA Mortgage"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Deed Fund, LLC ("Diversified Fund"), and USA Capital Trust Deed Fund, LLC ("Trust Deed Fund," and collectively with USA MORTGAGE, USA Securities, USA Realty, and the Diversified Fund, the "Debtors") all filed their voluntary Chapter 11 petitions for relief in this Court, thereby commencing the above-captioned bankruptcy cases (the "Chapter 11 Cases").

All capitalized terms not otherwise defined herein shall have the same meaning as ascribed to them in the Application.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
60 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100933-001/412603.doc

2

LLC (the "Diversified Fund Committee") and the Official Committee of Equity Security Holders of USA Capital First Deed Fund, LLC (the "First Deed Trust Committee") have retained FTI Consulting, Inc. ("FTI") and Alvarez & Marsal, LLC ("Alvarez"), respectively, as their financial advisors. Hence, there are already three entities providing financial advice in this proceeding, and the Official Committee of Direct Lenders is concerned about adding another layer of expense. Therefore, employing Sierra as a fourth would be duplicative and only serve to increase administrative expenses.[2]

In the Application, the Unsecured Creditors' Committee lists a number of services it foresees that Sierra will provide. Most, if not all, of these services will also be performed by Mesirow for the Debtors or by Alvarez and FTI for their respective committees. Employing more financial advisors to perform the same tasks would clearly be duplicative and unnecessary. Furthermore, the Court has already raised caution about the employment of professionals and admonished the parties as to the Court's desire to keep administrative costs at a minimum in this Case. In addition, the Court has suggested that the parties share the information provided by professionals and allocate the costs of the professionals accordingly to the extent feasible. To this end, the Official Committee of Direct Lenders, while contemplating the employment of financial advisors, has not sought to hire its own financial advisors having instead opted to seek to work with other committees, specifically the First Trust Deed Fund Committee, to share the financial information it requires to the extent feasible and without breaching the confidentiality or loyalty constraints placed upon the financial advisors. Why can't the Unsecured Creditors' Committee work together with the other committees, specifically the Diversified Fund Committee, and the Debtors to share the cost of and the information gathered by the financial advisors already employed and avoid needlessly increasing administrative expenses by employing more financial advisors to perform the same tasks?

///

///

---

[2] The Official Committee of Direct Lenders does not take issue with Sierra or its qualifications. This objection is limited to the issue addressed herein.

## II.
## CONCLUSION

WHEREFORE, the Official Committee of Direct Lenders hereby respectfully requests that the Court deny the Motion and instead require the Unsecured Creditors' Committee to share the services of the financial advisors already employed in the Case.

DATED this 28th day of July, 2006.

                                                GORDON & SILVER, LTD.

                                                By: _____
                                                   GERALD M. GORDON, ESQ.
                                                   GREGORY E. GARMAN, ESQ.
                                                   KONRAD PILATOWICZ, ESQ.
                                                   3960 Howard Hughes Pkwy., 9th Floor
                                                   Las Vegas, Nevada 89109
                                                   Attorneys for the Official Committee
                                                   of Holders of Executory Contract Rights
                                                   through USA Commercial Mortgage Company

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89109
(702) 796-5555

100933-001/412603.doc