**E-FILED ON JULY 28, 2006**

ORRICK, HERRINGTON & SUTCLIFFE LLP
MARC A. LEVINSON, ESQ. (CA Bar No. 57613)
LYNN TRINKA ERNCE, ESQ. (CA Bar No. 179212)
400 Capitol Mall, Suite 3000
Sacramento, California 95814
Telephone: (916) 447-9200
Facsimile: (916) 329-4900
E-mail:     malevinson@orrick.com
               lernce@orrick.com

Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)
BECKLEY SINGLETON, CHTD.
530 Las Vegas Boulevard South
Las Vegas, NV 89101
Telephone:  (702) 385-3373
Facsimile: (702) 385-5024
Email:  bolson@beckleylaw.com;
           aloraditch@beckleylaw.com

*Counsel for Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC*

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA (CA Bar No. 136934)
EVE H. KARASIK (CA Bar No. 155356),
CHRISTINE M. PAJAK (CA Bar No. 217173
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
E-mail:        fmerola@stutman.com
                 ekarasik@stutman.com
                 cpajak@stutman.com

James Patrick Shea (Nevada Bar No. 405)
Candace C. Carlyon (Nevada Bar No. 2666)
Shlomo S. Sherman (Nevada Bar No. 9688)
SHEA & CARLYON, LTD.
233 South Fourth Street, Second Floor
Las Vegas, NV 89101
Telephone: (702) 474-7432
Facsimile:  (702) 471-7435
Email:        jshea@sheacarlyon.com
                 ccarlyon@sheacarlyon.com
                 ssherman@sheacarlyon.com

*Counsel for the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **JOINT RESPONSE OF<br>THE FUND COMMITTEES TO<br>DEBTORS' APPLICATION FOR<br>ADMINISTRATIVE ORDER<br>ESTABLISHING PROCEDURES<br>FOR INTERIM COMPENSATION<br>AND REIMBURSEMENT OF<br>EXPENSES OF PROFESSIONALS<br>(AFFECTS ALL DEBTORS)** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | Date:   August 4, 2006<br>Time:  9:30 a.m.<br>Place:  Courtroom #1 |

OHS West:260038074.4

Affects:
☒ All Debtors
☐ USA Commercial Mortgage Company
☐ USA Securities, LLC
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA First Trust Deed Fund, LLC

**TO THE HONORABLE LINDA B. RIEGLE, UNITED STATES BANKRUPTCY JUDGE:**

The Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (the "Diversified Trust Deed Committee") and the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "First Trust Deed Committee," and together with the Diversified Trust Deed Committee, the "Fund Committees") appointed in the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"), hereby jointly respond (the "Response") to the Debtors' Application For Administrative Order Establishing Procedures For Interim Compensation And Reimbursement Of Expense Of Professionals (the "Interim Fee Procedures Motion").[1]  In support of this Response, the Fund Committees respectfully represent as follows:

## THE PROPOSED INTERIM FEE PROCEDURES

1.    In the Interim Fee Procedures Motion, the Debtors request that the Court enter an order establishing a procedure for the payment of interim compensation and the reimbursement of expenses of the professionals retained by the Debtors and by the four official committees in the Chapter 11 Cases.  The Debtors' proposal is that estate professionals be permitted to apply for compensation and reimbursement of expenses on a monthly basis, rather than every 120 days (as provided in Bankruptcy Code section 331), and the Debtors would be authorized to pay such professionals an amount equaling 80% of the amount of compensation requested for the month, with the remaining 20% to be withheld, and one hundred percent of expenses requested for the month, subject to the limited review process set forth in the Interim

---

[1] Terms not defined herein have the same meanings as ascribed to them in the Interim Fee Procedures Motion.

1    Fee Procedures Motion.[2] The monthly payments, as well as withheld amounts, would be subject

2    to the Court's subsequent approval as part of the normal fee application process, which would

3    occur approximately every 120 days.

4            2.      When the Debtors first filed their Interim Fee Procedures Motion, the

5    Fund Committees initially had significant concerns regarding the appropriateness of establishing

6    interim fee procedures in the Chapter 11 Cases.  Due to recent developments and progress in the

7    Chapter 11 Cases, and the Debtors' agreement to address a major concern of the Fund

8    Committees regarding the allocation of the Debtors' professional fees, the Fund Committees'

9    concerns have largely been alleviated.  Accordingly, the Fund Committees believe that approval

10   of procedures authorizing the payment of interim compensation to estate professionals on a

11   monthly basis is appropriate at this time, so long as the two conditions set forth below are

12   approved by the Court and satisfied by the Debtors.

### Condition 1:  The Fees Be Allocated Among The Debtors

14           3.      The Interim Fee Procedures Motion does not identify precisely which

15   estate's assets will be the source of payments to which professionals under the proposed

16   procedure and instead simply states that "the Debtors" will be authorized to make payments

17   to the estate professionals.

18           4.      The Fund Committees believe that any order approving the Interim Fee

19   Procedures Motion should clearly state that each professional shall only be entitled to be paid

20   only from the assets of the estate that employed the professional, subject to any substantial

---

[2] The Fund Committees note that there is some ambiguity in the timing for the procedures set forth in paragraph 13 of the Interim Fee Procedures Motion.  Specifically, the deadline by which Reviewing Parties must serve any objections to a particular monthly statement, as set forth in paragraph 13.b. of the Interim Fee Procedures Motion, is unclear.  The procedures seem to require that, while the Reviewing Parties have until the 15th of the month following receipt of a monthly statement to review the monthly statement, the Reviewing Parties only have until the 10th of that same month (i.e. 5 days earlier) to file any objection to the monthly statement.  It does not make sense that the time to object should run before the review period has expired. The Fund Committees submit that it makes more sense for the objection deadline and the review period to coincide, or for the objection deadline to be shortly after the review period has expired and request that the Debtors clarify this ambiguity in their reply brief or at the hearing on the Interim Fee Procedures Motion.

1  contribution motion that may subsequently be filed by any professional or Committee and
2  approved by the Court.

3          5.        Moreover, as a condition of the Interim Fee Procedures Motion, the
4  Debtors should be required to disclose how they are currently tracking and allocating fees on a
5  debtor-by-debtor and loan-by-loan basis.  The Fund Committees are pleased that the Debtors
6  have agreed, and have represented to the Court that, in connection with the granting of the
7  Interim Fee Procedures Motion, the Debtors' Professionals will provide to all of the official
8  committees appointed in the Chapter 11 Cases no later than August 11, 2006 a statement of their
9  fees and expenses to date which will allocate fees and expenses according to the Debtors'
10  estate(s) on account of which such fees and expenses were incurred.  The Debtors have further
11  informed the Fund Committees that, thereafter, the Debtors' Professionals will provide monthly
12  fee and expense statements that will allocate fees and expenses on an estate-by-estate basis.

13          6.        Based on the Debtors' representations that they will allocate their
14  professionals' fees and expenses for past services and also on a regular basis going forward, and
15  so long as the Debtors are required to do so by any order approving the Interim Fee Procedures
16  Motion, the Fund Committees believe that their concerns in this regard will be adequately
17  addressed.

18  **Condition 2:  Distributions To Investors Commence Before Professionals Are Paid**

19          7.        A primary concern of the Fund Committees when the Debtors initially
20  proposed the interim fee procedures was that implementation of such procedures at such an early
21  stage in the Chapter 11 Cases was premature.  At that time, the Debtors were still trying to sort
22  through their finances to ascertain more fully their assets and liabilities, the status of each loan
23  and investor, and to determine the cash flow potential of the Debtors' estates.

24          8.        The Fund Committees' concern was exacerbated at that time by the fact
25  that the timing contemplated by the Interim Fee Procedures Motion could result in the estates'
26  professionals being paid before any distributions were made to the potentially thousands of
27  investors entitled to receive interest payments in the Chapter 11 Cases.

28

9.     Since that time, the Debtors have made substantial progress towards sorting out their books and records and have, among other things, mailed statements to all investors both as of the petition date and as of June 30, 2006.[3]  Moreover, the Court will hear the Debtors' motion to distribute funds to investors (as well as any arguments by the Fund Committees regarding that Motion) at the August 4 omnibus hearing.  Thus, the prospect that investors soon will receive some distribution of cash from the Debtors' estates is no longer mere speculation and may soon be a reality.

10.     Under these fairly recent circumstances, the Fund Committees no longer oppose approval of the Interim Fee Procedures Motion on the grounds that such procedures are premature, so long as any order approving the Interim Fee Procedures Motion makes clear that payments will not be made to the estates' professionals under the proposed procedures unless and until a meaningful distribution is first made to investors pursuant to an order approving the Debtors' distribution motion.[4]

**WHEREFORE**, the Fund Committees hereby request that the Court enter an order approving the Interim Fee Procedures Motion which includes provisions requiring the Debtors to allocate their fees and providing that no payments will be made to estate professionals until investors have begun receiving distributions, as set forth above.

Respectfully submitted this 28th day of July, 2006.

---

[3] The Debtors informed the Fund Committees that the investor statements as of June 30 were to be mailed the week of July 25, 2006.  The Fund Committees are assuming that, by the time that the Interim Fee Procedures Motion will be heard on August 4, the mailing of those statements will have been completed by the Debtors.

[4] The Fund Committees do not necessarily agree upon the definition of a "meaningful distribution" in this context.  The Fund Committees each reserve the right to withdraw their approval of the Interim Fee Procedures Motion if the distribution motion is approved, and the approved distribution amount is not "meaningful" to such committee.

1

2

SUBMITTED BY:

3
Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)

4
BECKLEY SINGLETON, CHTD.
530 Las Vegas Boulevard South

5
Las Vegas, NV 89101

6
Telephone: (702) 385-3373

7

8
and

9
Marc A. Levinson (CA Bar No. 57613)
Lynn Trinka Ernce (CA Bar No. 179212)

10
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000

11
Sacramento, CA 95814-4497
Telephone: (916) 447-9200

12

13
Counsel for the Official Committee of Equity

14
Security Holders of USA Capital Diversified
Trust Deed Fund, LLC

15

16

17

SUBMITTED BY:

James Patrick Shea (Nevada Bar No. 405)
Candace C. Carlyon (Nevada Bar No. 2666)
Shlomo S. Sherman (Nevada Bar No. 9688)
SHEA & CARLYON, LTD.
233 South Fourth Street, Second Floor
Las Vegas, NV 89101
Telephone: (702) 471-7432

and

Frank A. Merola (CA Bar No. 136934)
Eve H. Karasik (CA Bar No. 155356)
Christine M. Pajak (CA Bar No. 217173)
STUTMAN, TREISTER & GLATT, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone: (310) 228-5600

Counsel for the Official Committee of Equity
Security Holders of USA Capital First Trust
Deed Fund, LLC

18

19

20

21

22

23

24

25

26

27

28