LEWIS AND ROCA LLP
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-0961
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429
Facsimile (602) 734-3824
Telephone (602) 262-5311

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 0065934
Email: rcharles@lrlaw.com

Attorneys for Official Committee of Unsecured Creditors

E-Filed on July 31, 2006

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| **In re:** | Jointly Administered |
| **USA Commercial Mortgage Company**<br>**06-10725 – Lead Case** | Chapter 11 Cases<br>Judge Linda B. Riegle Presiding |
| **USA Capital Realty Advisors, LLC**<br>**06-10726** | **REPLY IN SUPPORT OF APPLICATION TO EMPLOY SIERRA CONSULTING GROUP, LLC** |
| **USA Capital Diversified Trust Deed Fund, LLC**<br>**06-10728** | Date: August 4, 2006<br>Time: 9:30 a.m. |
| **USA Capital First Trust Deed Fund, LLC**<br>**06-10728** | **Affecting:**<br>¨ All Cases<br>**or Only:** |
| **USA Securities, LLC**<br>**06-10729**<br>**Debtors.** | ✕ USA Commercial Mortgage Company<br>¨ USA Capital Realty Advisors, LLC<br>¨ USA Capital Diversified Trust Deed Fund, LC<br>¨ USA Capital First Trust Deed Fund, LLC<br>¨ USA Securities, LLC |

The Direct Lenders Committee opposes the Official Unsecured Creditors' Committee for USA Commercial Mortgage Company (the "UC Committee")'s application to employ Sierra Consulting Group, LLC ("Sierra") as Financial Advisors. The Direct Lenders ask, "Why can't the Unsecured Creditors' Committee work together with the other Committees, specifically the Diversified Fund Committee, and the Debtors to share

203977.1

the cost of and the information gathered by the Financial Advisors already employed and avoid needlessly increasing administrative expenses by employing more Financial Advisors to perform the same tasks?"

The UC Committee intentionally did not seek to hire a financial advisor at the inception of this case for this exact reason. Unfortunately, while the logic seems compelling, the Diversified Fund Committee's financial advisor works for its client, not for the UC Committee. Nor is Mesirow Financial Interim Management, LLC ("Mesirow") or its affiliates willing to provide information to any Committee in this case unless in the context of limited, specific requests or in a joint presentation by the Debtors for their purposes.

Finally, the professional reality is that the financial advisors approach issues differently than the lawyers or Committee members. They see different issues, they ask different questions, and they understand information with a different point of view than do the lawyers or Committee members. Absent a joint employment of, for example, FTI Consulting, Inc. ("FTI") by the Diversified Fund Committee and the UC Committee, the UC Committee effectively lacks the ability to meaningfully participate on a number of important issues in this case.

We offer recent examples from the Debtors' Motion to Distribute Funds, which entailed complex accounting issues.

1.  The Distribution Motion raised questions as to how Debtors compiled, sorted and analyzed the data concerning collected funds.[1] Mesirow provided data in a relatively raw form. None of the analysis of that data by either FTI or Alvarez & Marsal, LLC[2] was provided, or even made available to, the UC Committee. In fact, Ted Burr of

---

[1] The following statements are amplified and supported by Mr. Burr's attached supplemental declaration.
[2] The UC Committee's interests on the Distribution Motion are largely antagonistic to those of the First Deed Trust Committee and the Direct Lenders Committee, and substantially different than those experienced by the Diversified Fund Committee.



Sierra analyzed the data, provided the results to Susan Smith of Mesirow, and Mesirow substantially revised its data to address the issues Mr. Burr noted. When Mesirow provided the data in a relatively raw form a second time, Mr. Burr again identified issues that Mesirow would need to resolve. Finally, Mr. Burr was able to provide examples used in the UC Committee's response to the Distribution Motion. The UC Committee freely shared Mr. Burr's work with all of the other Committees. Conversely, (and we are not complaining) no information or analysis of that data by any of Mesirow, FTI or Alvarez was offered or provided to the UC Committee. Mr. Burr's analysis was then used in preparing the UC Committee's response and his declaration.

2. An example of efforts to avoid duplication is similarly found in the Tucker declaration supporting the Diversified Committee's response to the Distribution Motion. Mr. Burr was not asked to and did not duplicate that FTI analysis.

3. Simply from reading the responses to the Distribution Motion, it is apparent that only the UC Committee has pointed out USA Commercial's apparent fraudulent conveyance claims against Lenders that received distributions from commingled funds in USA Commercial accounts that were not derived from the respective Lender's Borrower. The other Committees' constituents are entirely Lenders, and they might understandably overlook a fraudulent conveyance analysis, and have a conflict of interest in advocating for such litigation.

The UC Committee will continue to cooperate and coordinate with other financial advisors to avoid duplicative services or billings to the estate. The UC Committee in many ways stands between Debtors, Direct Lenders and the Funds, and may well be able to assist in a consensual reorganization. Especially on issues where its interests are adverse to the Funds and the Direct Lenders, however, the UC Committee's constituency needs supporting financial analysis for effective representation, as well as a source of

203977.1



possible expert witness testimony and preparation of financial exhibits for use in presentations to the Court.

## Conclusion

The UC Committee needs to employ a financial advisor, and asks the Court to approve Sierra's employment. Nevertheless, the UC Committee remains committed to the goal of having only one of the several financial advisors analyze issues whenever their interests are aligned, and then provide its analysis transparently to the other Committees and Debtors.

Dated July 31, 2006.

**LEWIS AND ROCA LLP**

By /s/ RC (#006593)
Susan M. Freeman, AZ 4199 (pro hac vice)
Rob Charles, NV 6593
*Attorneys for Official Unsecured Creditors' Committee for USA Commercial Mortgage Company*

4

203977.1