**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-0961
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429
Facsimile (602) 734-3824
Telephone (602) 262-5311

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 0065934
Email: rcharles@lrlaw.com

Attorneys for Official Committee of Unsecured Creditors

E-Filed on July 31, 2006

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| **In re:** <br><br> **USA Commercial Mortgage Company** <br> **06-10725 – Lead Case** <br><br> **USA Capital Realty Advisors, LLC** <br> **06-10726** <br><br> **USA Capital Diversified Trust Deed Fund, LLC** <br> **06-10728** <br><br> **USA Capital First Trust Deed Fund, LLC** <br> **06-10728** <br><br> **USA Securities, LLC** <br> **06-10729** <br>                                     **Debtors.** | Jointly Administered <br><br> Chapter 11 Cases <br><br> Judge Linda B. Riegle Presiding <br><br> **DECLARATION OF EDWARD M. BURR** <br><br> Date: August 4, 2006 <br> Time: 9:30 a.m. <br> **Affecting:** <br> ¨ All Cases <br> **or Only:** <br> ☓ USA Commercial Mortgage Company <br> ¨  USA Capital Realty Advisors, LLC <br> ¨  USA Capital Diversified Trust Deed Fund, LC <br> ¨  USA Capital First Trust Deed Fund, LLC <br> ¨  USA Securities, LLC |

I, Edward M. Burr, hereby declare under penalty of perjury that:

1. I am a principal with Sierra Consulting Group, LLC ("Sierra"). I submit this declaration on behalf of the Response of the Official Unsecured Creditors' Committee for USA Commercial Mortgage Company (the "UC Committee") to employ this firm. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

1740475.1

LEWIS
AND
ROCA
LLP
LAWYERS

2. Sierra was retained by the UC Committee to act as their financial advisor and accountant effective as of July 14, 2006, subject to this Court's approval.

3. Immediately after being notified by counsel for the UC Committee of the Committee's desire to employ Sierra, we were asked to assist in the analysis and understand the supporting data for the Debtors' Motion to Distribute Funds (the "Motion"). In was imperative that the Committee fully understand the financial impact of this Motion as it involved the recovery of prepaid interest to Lenders, which is one of the largest assets ($39 to $41 million) of USACM. In addition, all of the other parties, especially the Direct Lenders, will have different opinions on this Motion.

As part of this request, we performed the following tasks:

- Read the Motion.
- Performed high level analysis on the pre-paid interest to Lenders.
- Analyzed original data (over 11,000 lines of data) as provided by Mesirow to support the numbers in Motion and noted errors in the data and calculation issues.
- Discussed the various methodologies of grouping data with Mesirow including by Client Number, Account Number and Loan Number and calculated the financial impact on both the amount to be distributed as well as the amount of recovered prepaid interest.
- Prepared summary schedules of amounts to be distributed under each scenario and amount of recovered prepaid interest.
- Prepared an example of a particular lender and financial impact on that lender as well as amount of recovered prepaid interest.
- Discussed errors or inconsistencies in original database and had Mesirow make corrections.
- Assisted counsel in educating the UC Committee members on the various issues involved with the Motion and the financial impact to the Unsecured Creditors.

1740475.1

- Met with Mesirow to gain further understanding of the assumptions utilized in generating the database including calculating prepaid interest, servicing fees withheld, principal collections, etc.
- Drafted a memo on our initial analyses and findings of the Mesirow database that was shared and distributed to all UC Committee members as well as counsel and financial advisors for all of the other Committees. Participated in conference call with counsel and financial advisors for the various Committees and discussed the above issues.
- Assisted counsel in preparing sections and data for a proposed Joint Response to the Motion.
- Analyzed the revised database as supplied by Mesirow that contained recent revisions.
- Discussed missing account number that was not included in revised database summary as calculated by Mesirow.
- Prepared revised summary schedules on amounts proposed to be distributed under the various scenarios and amount of recovered prepaid interest under each scenario.
- Prepared revised lender example based upon revised data.
- At the request of counsel, prepared a summary schedule for each client number who would be impacted by the additional grouping by client number vs. account number and would receive no distribution.
- Worked with counsel in finalizing the Response to the Motion based upon the revised numbers from Mesirow and demonstrated the financial impact to the Unsecured Creditors for USACM.
- Shared information with the financial advisors for the Diversified Trust Fund Committee, and discussed the summaries and explained issued with missing account number and sorting by loan number.

1740475.1

1  • Held several conversations with individual members of the UC Committee to further explain financial impact of the Motion on unsecured creditors and answered other related questions.

• Prepared with counsel a declaration in support of the UC Committee's position on the Motion.

4. None of the other financial advisers employed in these cases was available to the UC Committee to perform any of these services.

5. The UC Committee and I recognize the need to avoid duplication of work among the professionals in this case. I think I have already demonstrated I can do so. On the AgriBioTech case before this Court where I worked as the lead financial advisor (when I was with PwC) to the unsecured creditors' committee, the Court noted during our final fee application hearing on how well we cooperated with the Debtors' financial advisor and kept the duplication of efforts to a minimum.

6. I have reviewed the objection to the UC Committee's application to employ Sierra. The objection indicates that the services to be rendered will also be performed by Mesirow and the other two advisors and that employing more financial advisors to perform the same task would clearly be duplicative and unnecessary. This statement is in error. The advisors will not all be performing the same task. With respect to work done by Sierra, once Sierra performs a task (such as analyzing the Mesirow data) it will be shared with the other advisors (which we did on the Motion) who will then determine the impact on their own clients (such as whether or not to distribute funds and if so, by what method). This is necessary and not duplicative.

1740475.1



1  I declare under penalty of perjury that the foregoing is true and correct to the
2  best of my knowledge, information and belief.
3  DATED July 31, 2006.

/s/ Edward M. Burr
Edward M. Burr

1740475.1