ELECTRONICALLY FILED
August 1, 2006

1  STUTMAN, TREISTER & GLATT, P.C.
   FRANK A. MEROLA
2  (CA State Bar No. 136934)
   EVE H. KARASIK
3  (CA State Bar No. 155356)
   ANDREW M. PARLEN
4  (CA State Bar No. 230429), Members of
   1901 Avenue of the Stars, 12th Floor
5  Los Angeles, California 90067
   Telephone: (310) 228-5600
6  Facsimile: (310) 228-5788
   Email:      fmerola@stutman.com
7              ekarasik@stutman.com
               aparlen@stutman.com
8
   SHEA & CARLYON, LTD.
   JAMES PATRICK SHEA
   (Nevada State Bar No. 000405)
   CANDACE C. CARLYON
   (Nevada State Bar No. 002666)
   SHLOMO S. SHERMAN
   (Nevada State Bar No. 009688)
   233 South Fourth Street, Second Floor
   Las Vegas, Nevada 89101
   Telephone: (702) 471-7432
   Facsimile: (702) 471-7435
   Email:      jshea@sheacarlyon.com
               ccarlyon@sheacarlyon.com
               ssherman@sheacarlyon.com

9  Counsel for the Official Committee Of
   Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

10              **UNITED STATES BANKRUPTCY COURT**
11                      **DISTRICT OF NEVADA**

12

| In re: | ) | BK-S-06-10725-LBR |
|---|---|---|
| USA COMMERCIAL MORTGAGE COMPANY, Debtor. | ) ) ) | Chapter 11 |
| In re: USA CAPITAL REALTY ADVISORS, LLC, Debtor. | ) ) ) ) | BK-S-06-10726-LBR Chapter 11 |
| In re: USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, Debtor. | ) ) ) ) | BK-S-06-10727-LBR Chapter 11 |
| In re: USA CAPITAL FIRST TRUST DEED FUND, LLC, Debtor. | ) ) ) ) | BK-S-06-10728-LBR Chapter 11 |
| In re: USA SECURITIES, LLC, Debtor. | ) ) ) ) | BK-S-06-10729-LBR Chapter 11 |
| Affects ☐ All Debtors ☐ USA Commercial Mortgage Co. ☐ USA Securities, LLC ☐ USA Capital Realty Advisors, LLC ☐ USA Capital Diversified Trust Deed ☒ USA First Trust Deed Fund, LLC | ) ) ) ) ) ) ) ) ) ) ) | Date:  August 31, 2006 Time:  9:30 a.m. Place:  Courtroom #1 |

26  **OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY
27  HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC TO MISFILED
    CLAIMS (AFFECTS DEBTOR USA CAPITAL FIRST TRUST DEED FUND, LLC AND
28  CLAIMANTS MELANIE COWAN, ROSS DELLER, BRENDA FALVAI, FRIEDA
    MOON, EDWARD J. AND DARLENE A QUINN, AND SHARON C. VAN ERT)**

1    The Official Committee of Equity Security Holders of USA Capital First Trust
2    Deed Fund, LLC (the "FTDF Committee") appointed in the above-captioned bankruptcy cases (the
3    "Chapter 11 Cases"), hereby submits this "Omnibus Objection Of The Official Committee Of
4    Equity Security Holders Of USA Capital First Trust Deed Fund, LLC To Misfiled Claims" (the
5    "Objection"), pursuant to which the FTDF Committee objects to the proofs of claim referenced
6    herein (the "Wrong Debtor Claims") on the grounds that they have been erroneously filed against
7    the USA Capital First Trust Deed Fund, LLC ( the "FTDF") and that the FTDF has no liability on
8    account of such claims.  By this Objection, the FTDF Committee does not seek to prejudice the
9    rights of any of the claimants who filed Wrong Debtor Claims (the "Claimants") to recover from
10    other Debtors in the Chapter 11 Cases on account the liabilities asserted in the Wrong Debtor
11    Claims, nor does the FTDF Committee seek to prejudice the right of Claimants to file proofs of
12    claim that are based on outstanding debts that the FTDF may owe to them.

13    This Objection is made pursuant to section 502 of chapter 11 of title 11 of the
14    United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy
15    Procedure ("Bankruptcy Rules"), and Rule 3007 of the Local Rules of Bankruptcy Practice (the
16    "Local Rules") and is based upon the points and authorities which follow, the pleadings, papers
17    or other matters contained in the Court's file, judicial notice of which is respectfully requested,
18    and any oral argument of counsel to be presented at the time of the hearing on this Objection.

19
20                                            Respectfully submitted,
21
22    Dated:  August 1, 2006
23                                            Andrew M. Parlen, Esq.
                                             Stutman, Treister & Glatt
24                                            Professional Corporation
                                             Counsel to the Official Committee of Equity
25                                            Security Holders of USA Capital First Trust Deed
                                             Fund, LLC
26
27
28

**POINTS AND AUTHORITIES**

## I.    STATEMENT OF FACTS

**A.    General Background**

1.    On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC (the "DTDF"), and the FTDF (collectively with USA Mortgage, USA Securities, USA Realty, and USA Diversified, the "Debtors") filed voluntary petitions for relief under chapter 11 the Bankruptcy Code.

2.    Thereafter, on May 9, 2006, this Court entered its <u>Order Regarding Joint Administration Without Substantive Consolidation</u> [docket no. 184] whereby the Court ordered that the foregoing Chapter 11 Cases be jointly administered under the name of USA Commercial Mortgage Company, bankruptcy case number BK-S-06-10725-LBR.

3.    No trustee or examiner has been appointed in the Chapter 11 Cases. Rather, the Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.    On May 10, 2006, the Office of the United States Trustee (the "U.S. Trustee") appointed four separate committees in these Chapter 11 Cases, including the FTDF Committee.

5.    The FTDF Committee represents the interests of those persons who invested in the FTDF (the "FTDF Members").  FTDF Members own membership interests in the FTDF.

6.    On June 15, 2006, each of the Debtors filed their "Summary of Schedules and Statement of Financial Affairs" (collectively, the "Schedules") pursuant to Bankruptcy Code section 521(a)(1)(B), based upon their books and records as of the Petition Date.

7.    A deadline to file proofs of claim in the Chapter 11 Cases has not yet been established.

**B.     The Debtors' Businesses**

8.      As of the Petition Date, USACM was acting as the loan servicer for 115 separate loans (the "Serviced Loans") having a combined outstanding loan balance of approximately $962 million.  Supplemental Declaration of Thomas J. Allison in Support of Debtors' Motions (the "Allison Declaration") [docket no. 130], ¶ 2. According to the Debtors, all but three of the Serviced Loans are secured by a deed of trust on commercial real estate.  Id. at ¶ 3.

9.      There are approximately 3,600 investors (the "Loan Investors") whose names appear as a "Lender" in the documents for one or more of the Serviced Loans.  Id. at ¶ 5. Among the Loan Investors are the FTDF and the DTDF (collectively, the "Funds").

10.     As of the Petition Date, the FTDF had an interest as a Loan Investor in 53 of the Serviced Loans.  At such time, the FTDF owned a fractional interest in 45 Serviced Loans, while it was the sole investor in eight Serviced Loans.  All of the FTDF's loans are serviced by USACM.

11.     There are approximately 1,300 FTDF Members, each of whom own membership interests in the FTDF.  It bears emphasizing that the FTDF, not the FTDF Members, is a lender on the Serviced Loans, and its investments, not those of the FTDF Members, are secured by deeds of trust.  FTDF Members are only entitled to receive distributions to the extent that the profits of the FTDF exceed its losses.  In other words, FTDF Members hold equity security interests in the FTDF.

**C.     Analysis of Proofs of Claim Filed Against the FTDF**

12.     As of the filing of this Objection, 29 proofs of claim have been filed against the FTDF.  The FTDF Committee has analyzed these proofs of claim and has determined that, with respect to the Wrong Debtor Claims, the FTDF has no liability as such claims were erroneously filed against the FTDF.  Indeed, all but two of the Wrong Debtor Claims were filed by Claimants who are not FTDF Members, but rather are either members of the DTDF or are simply Loan Investors.

13.     In analyzing the Wrong Debtor Claims, certain trends are apparent.

1   Above all, some Claimants appear to have filed claims against all of the Debtors in the Chapter

2   11 Cases irrespective of whether they have any connection to a particular Debtor. As such,

3   certain Claimants have filed Wrong Debtor Claims against the FTDF on account of an

4   investment made through one of the other Debtors even though such Claimants are not FTDF

5   Members. For instance, Brenda Falvai filed proofs of claim in the amount of $50,972.22 against

6   all of the Debtors, including the FTDF, on account of her agreement to loan $50,000 to Glendale

7   Tower Partners, LLC through USACM.

8           14.    Another explanation for the number Wrong Debtor Claims is that upon

9   loaning money through USACM to a borrower, Loan Investors received a sheet summarizing

10  their investment, which sheet states in large, bold, underlined print: "First Trust Deed

11  Investment." Claimants may not realize that making a "First Trust Deed Investment" as a Loan

12  Investor is distinct from investing in the FTDF and becoming a FTDF Member.

13          15.    In sum, the FTDF Committee believes that the claims listed on the table

14  below are Wrong Debtor Claims:[1]

| Claim No. | Claimant | Date Filed | Claim Amount | Comments | Proposed Disposition |
|---|---|---|---|---|---|
| 3 | Frieda Moon, Trustee of the Decedent's Trust of the Restated Moon Irrevocable Trust Dated 6/12/1987 | May 22, 2006 | $37,860.24 | While Claimant is a FTDF Member, the supporting documentation attached to the proof of claim indicates that the basis of this claim is the Claimant's direct loan to Bay Pompano Beach, LLC. | Disallow in its entirety. |

---

[1]  A copy of this table is also attached hereto as Exhibit "1".

| Claim No. | Claimant | Date Filed | Claim Amount | Comments | Proposed Disposition |
|---|---|---|---|---|---|
| 4 | Frieda Moon, Trustee of the Decedent's Trust of the Restated Moon Irrevocable Trust Dated 6/12/1987 | May 22, 2006 | $51,033.34 | While Claimant is a FTDF Member, the supporting documentation attached to the proof of claim indicates that the basis of this claim is the Claimant's direct loan to Homes for America Holding. | Disallow in its entirety. |
| 5 | Frieda Moon, an unmarried woman and Sharon c. Van Ert, an unmarried woman, as joint tenants with right of survivorship | May 23, 2006 | $51,033.34 | Claimant is not a FTDF Member nor is she otherwise connected to the FTDF. Proof of claim appears to be based on various loans made by Claimant through USACM. | Disallow in its entirety. |
| 8 | Frieda Moon, an unmarried woman and Sharon c. Van Ert, an unmarried woman, as joint tenants with right of survivorship | May 23, 2006 | $51,076.38 | Claimant is not a FTDF Member nor is she otherwise connected to the FTDF. Proof of claim appears to be based on a loan made to Marlton Square Associates, LLC. | Disallow in its entirety. |
| 9 | Frieda Moon, Trustee of the Decedent's Trust of the Restated Moon Irrevocable Trust Dated 6/12/1987 | May 23, 2006 | $51,076.38 | While Claimant is a FTDF Member, the supporting documentation attached to the proof of claim indicates that the basis of this claim is the Claimant's direct loan to Castaic Partners III, LLC. | Disallow in its entirety. |

401823v3

6

| Claim No. | Claimant | Date Filed | Claim Amount | Comments | Proposed Disposition |
|---|---|---|---|---|---|
| 10 | Frieda Moon, Trustee of the Decedent's Trust of the Restated Moon Irrevocable Trust Dated 6/12/1987 | May 23, 2006 | $25,538.20 | While Claimant is a FTDF Member, the supporting documentation attached to the proof of claim indicates that the basis of this claim is the Claimant's direct loan to BarUSA, LLC. | Disallow in its entirety. |
| 11 | Brenda Falvai | June 2, 2006 | $50,933.34 | Claimant is not a FTDF Member nor otherwise connected to the FTDF. Proof of claim appears to be based on a loan made to Del Valle Capital Corporation, Inc. | Disallow in its entirety. |
| 12 | Brenda Falvai | June 2, 2006 | $50,972.22 | Claimant is not a FTDF Member nor otherwise connected to the FTDF. Proof of claim appears to be based on a loan made to Glendale Tower Partners, LLC. | Disallow in its entirety. |
| 13 | Brenda Falvai | June 2, 2006 | $50,933.34 | Claimant is not a FTDF Member nor otherwise connected to the FTDF. Proof of claim appears to be based on a loan made to John and Carol King. | Disallow in its entirety. |
| 14 | Brenda Falvai | June 2, 2006 | $50,933.34 | Claimant is not a FTDF Member nor otherwise connected to the FTDF. Proof of claim appears to be based on a loan made to John and Carol King. | Disallow in its entirety. |

| Claim No. | Claimant | Date Filed | Claim Amount | Comments | Proposed Disposition |
|---|---|---|---|---|---|
| 15 | Brenda Falvai | June 2, 2006 | $37,860.24 | Claimant is not a FTDF Member nor otherwise connected to the FTDF. Proof of claim appears to be based on a loan made to Bay Pompano Beach, LLC. | Disallow in its entirety. |
| 18 | Melanie Cowan | June 23, 2006 | $100,000.00 | Claimant is not a FTDF Member nor otherwise connected to the FTDF. Proof of claim appears to be based on loans made to Homes for America Holding and Eagle Meadows Development, Ltd. . | Disallow in its entirety. |
| 21 | Ross Deller | June 23, 2006 | $50,000.00 | Claimant is not a FTDF Member nor otherwise connected to the FTDF. Proof of claim appears to be based on investment in the DTDF. | Disallow in its entirety. |
| 22 | Ross Deller | June 23, 2006 | $120,000.00 | Claimant is not a FTDF Member nor otherwise connected to the FTDF. Proof of claim appears to be based on a loan made to Roam Development Group, L.P. | Disallow in its entirety. |
| 23 | Ross Deller | June 23, 2006 | $50,000.00 | Claimant is not a FTDF Member nor otherwise connected to the FTDF. Proof of claim appears to be based on investment in DTDF. | Disallow in its entirety. |

401823v3

8

| Claim No. | Claimant | Date Filed | Claim Amount | Comments | Proposed Disposition |
|---|---|---|---|---|---|
| 24 | Ross Deller | June 23, 2006 | $100,000.00 | Claimant is not a FTDF Member nor otherwise connected to the FTDF. Proof of claim appears to be based on investment in the DTDF. | Disallow in its entirety. |
| 27 | Edward J. Quinn and Darlene A. Quinn | July 24, 2006 | $156,388.48 | Claimant is not a FTDF Member nor otherwise connected to the FTDF. Proof of claim appears to be based on loans made to Freeway 101 USA Investors, LLC, LCG Gilroy, LLC, and Bay Pompano Beach, LLC. | Disallow in its entirety. |
| 28 | Edward J. Quinn and Darlene A. Quinn | July 26, 2006 | $156,388.48 | Claimant is not a FTDF Member nor otherwise connected to the FTDF. Proof of claim appears to be based on loans made to Freeway 101 USA Investors, LLC, LCG Gilroy, LLC, and Bay Pompano Beach, LLC. | Disallow in its entirety. |
| 29 | Edward J. Quinn and Darlene A. Quinn | July 26, 2006 | $156,388.48 | Claimant is not a FTDF Member nor otherwise connected to the FTDF. Proof of claim appears to be based on loans made to Freeway 101 USA Investors, LLC, LCG Gilroy, LLC, and Bay Pompano Beach, LLC. | Disallow in its entirety. |

## II.    ARGUMENT

16.    Bankruptcy Code section 502 authorizes a party in interest to object to claims. See 11 U.S.C. § 502(a). Upon such objection, this Court, "after notice and a hearing,

401823v3    9

1   shall determine the amount of such claim in lawful currency of the United States as of the date of

2   the filing of the petition . . . ." 11 U.S.C. § 502(b). Although a proper proof of claim is

3   presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption,

4   the creditor has the ultimate burden of persuasion as to the validity and amount of the claim.

5   Ashford v. Consolidated Pioneer Mortg. (In re Consolidiated Pioneer Mortg.), 178 B.R. 222, 226

6   (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996) (quoting In re Allegheny International,

7   Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)).

8           17.     The FTDF Committee has analyzed the Wrong Debtor Claims and has

9   determined that the FTDF has no liability on account of any of the Wrong Debtor Claims.

10  Rather, all of the Wrong Debtor Claims are based on either loans to borrowers made through

11  USACM or on investments in the DTDF. Accordingly, all of the Wrong Debtor Claims should

12  be disallowed in their entirety.

13                          **III.    NOTICE**

14          18.     This Objection[2] will be served on (i) the Claimants who filed the Wrong

15  Debtor Claims at the addresses set forth on the claimants' respective proofs of claim, (ii) all

16  parties on Master Service List for Limited Notice #3 Dated July 12, 2006 and (iii) all parties who

17  have filed requests for special notice since the filing of such master service list. In light of the

18  nature of the relief requested, the FTDF Committee submits that no other or further notice need

19  be given.

20                          **IV.    CONCLUSION**

21          19.     For the reasons set forth herein, the FTDF Committee respectfully

22  requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing the Wrong

23  Debtor Claims, in their entirety, as filed against the FTDF, without prejudice the right of any

24  Claimant to assert the Wrong Debtor Claims against the appropriate Debtor in these Chapter 11

25  _____

26  [2]  Given the voluminous nature of the Wrong Debtor Claims and the attachments thereto and in
        light of the facts that the Court has access to the FTDF claims register and the claimants
27      already have copies or are aware of their own respective Wrong Debtor Claims, the FTDF
        Committee is not filing or serving copies of the Wrong Debtor Claims along with this
28      Objection. Copies of the Wrong Debtor Claims will be provided upon request to the FTDF
        Committee's counsel.

401823v3                                    10

1 | Cases and without prejudice to the right of any Claimant to file proofs of claim against the FTDF

2 | asserting that a debt is owed to them by the FTDF; and (iii) granting such other and further relief

3 | as the Court deems just and proper.

4 |

5 | Respectfully submitted this 1st day of August, 2006.

6 |

7 |

8 | FRANK A. MEROLA (CA State Bar No. 136934),
EVE H. KARASIK (CA State Bar No. 155356), and

9 | ANDREW M. PARLEN (CA State Bar No. 230429), Members of
STUTMAN, TREISTER & GLATT, P.C.

10 | 1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

11 | Telephone: (310) 228-5600

12 | and

13 |
CANDACE C. CARLYON

14 | Shea & Carlyon, Ltd.
233 S. Fourth Street, Suite 200

15 | Las Vegas, NV 89101
Telephone: (702) 471-7432

16 | COUNSEL FOR THE

17 | OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
OF USA CAPITAL FIRST TRUST DEED FUND, LLC

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |