ELECTRONICALLY FILED
August 1, 2006

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA
(CA State Bar No. 136934)
EVE H. KARASIK
(CA State Bar No. 155356)
ANDREW M. PARLEN
(CA State Bar No. 230429), Members of
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
Email:    fmerola@stutman.com
          ekarasik@stutman.com
          aparlen@stutman.com
Counsel for the Official Committee Of
Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

SHEA & CARLYON, LTD.
JAMES PATRICK SHEA
(Nevada State Bar No. 000405)
CANDACE C. CARLYON
(Nevada State Bar No. 002666)
SHLOMO S. SHERMAN
(Nevada State Bar No. 009688)
233 South Fourth Street, Second Floor
Las Vegas, Nevada 89101
Telephone: (702) 471-7432
Facsimile: (702) 471-7435
Email:    jshea@sheacarlyon.com
          ccarlyon@sheacarlyon.com
          ssherman@sheacarlyon.com

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| Affects<br>☐ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☒ USA First Trust Deed Fund, LLC | Date: August 31, 2006<br>Time: 9:30 a.m.<br>Place: Courtroom #1 |

**OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC TO CLAIMS BASED ON PREPETITION EQUITY SECURITY INTERESTS OF USA CAPITAL FIRST TRUST DEED FUND, LLC (AFFECTS DEBTOR USA CAPITAL FIRST TRUST DEED FUND, LLC AND CLAIMANTS CONCETTA CARNICELLI, JOSEPH GRGURICH; FRIEDA MOON, LOUIE AND CHARLOTTE POLANCO, ROCCO J. ROCCO, MARGARET VALLI, SHARON C. VAN ERT, AND HEINRICH RICHARD AND BRIGITTE S. WEBER)**

398920v3

   The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases"), hereby submits this "Omnibus Objection to Claims Based on Prepetition Equity Security Interests of USA Capital First Trust Deed Fund, LLC" (the "Objection"), pursuant to which the FTDF Committee objects to the proofs of claim referenced herein (the "Equity Interests") on the grounds that they do not reflect "claims" against USA Capital First Trust Deed Fund, LLC ( the "FTDF") as that term is defined in Bankruptcy Code section 101(5). Rather, the Equity Interests reflect "equity security" interests based on the membership interests in the FTDF. Accordingly, the Equity Interests should be reclassified as proofs of interest, without prejudice to the right of any party in interest, including the FTDF Committee, to object to the amount asserted in any Equity Interest. By this Objection, the FTDF Committee does not seek to prejudice the rights of any FDTF Member (as defined herein) to recover from the FTDF estate on account of his or her membership interest in the FTDF but simply seeks the entry of a Court order that would properly classify the proofs of claims that have been filed by such FTDF Members as proofs of interest.

   This Objection is made pursuant to section 502 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules") and is based upon the points and authorities which follow, the pleadings, papers or other matters contained in the Court's file, judicial notice of which is respectfully requested, and any oral argument of counsel to be presented at the time of the hearing on this Objection.

Respectfully submitted:

Dated: August 1, 2006

_/s/ Andrew M. Parlen_
Andrew M. Parlen, Esq.
Stutman, Treister & Glatt
Professional Corporation
Counsel to the Official Committee of Equity
Security Holders of USA Capital First Trust Deed
Fund, LLC

398920v3     2

**POINTS AND AUTHORITIES**

**I.      STATEMENT OF FACTS**

**A.      General Background**

1. On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC (the "DTDF"), and the FTDF (collectively with USA Mortgage, USA Securities, USA Realty, and USA Diversified, the "Debtors") filed voluntary petitions for relief under chapter 11 the Bankruptcy Code.

2. Thereafter, on May 9, 2006, this Court entered its <u>Order Regarding Joint Administration Without Substantive Consolidation</u> [docket no. 184] whereby the Court ordered that the foregoing Chapter 11 Cases be jointly administered under the name of USA Commercial Mortgage Company, bankruptcy case number BK-S-06-10725-LBR.

3. No trustee or examiner has been appointed in the Chapter 11 Cases. Rather, the Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On May 10, 2006, the Office of the United States Trustee (the "U.S. Trustee") appointed four separate committees in these Chapter 11 Cases, including the FTDF Committee.

5. The FTDF Committee represents the interests of those persons who invested in the FTDF (the "FTDF Members"). FTDF Members own membership interests in the FTDF.

6. On June 15, 2006, each of the Debtors filed their "Summary of Schedules and Statement of Financial Affairs" (collectively, the "Schedules") pursuant to Bankruptcy Code section 521(a)(1)(B), based upon their books and records as of the Petition Date.

7. A deadline to file proofs of claim in the Chapter 11 Cases has not yet been established.

**B.     The Debtors' Businesses**

8.    As of the Petition Date, USACM was acting as the loan servicer for 115 separate loans (the "Serviced Loans") having a combined outstanding loan balance of approximately $962 million. Supplemental Declaration of Thomas J. Allison in Support of Debtors' Motions (the "Allison Declaration") [docket no. 130], ¶ 2. According to the Debtors, all but three of the Serviced Loans are secured by a deed of trust on commercial real estate. Id. at ¶ 3.

9.    There are approximately 3,600 investors (the "Loan Investors") whose names appear as a "Lender" in the documents for one or more of the Serviced Loans. Id. at ¶ 5. Among the Loan Investors are the FTDF and the DTDF (collectively, the "Funds").

10.    As of the Petition Date, the FTDF had an interest as a Loan Investor in 53 of the Serviced Loans. At such time, the FTDF owned a fractional interest in 45 Serviced Loans, while it was the sole investor in eight Serviced Loans. All of the FTDF's loans are serviced by USACM.

11.    There are approximately 1,300 FTDF Members, each of whom own membership interests in the FTDF. It bears emphasizing that the FTDF, not the FTDF Members, is a lender on the Serviced Loans, and its investments, not those of the FTDF Members, are secured by deeds of trust. FTDF Members are only entitled to receive distributions to the extent that the profits of the FTDF exceed its losses. In other words, FTDF Members hold an equity security interest in the FTDF.

**C.     Analysis of Proofs of Claim Filed Against the FTDF**

12.    As of the filing of this Objection, 29 proofs of claim have been filed against the FTDF. The FTDF Committee has analyzed these proofs of claim and has determined that certain of these proofs of claim are Equity Interests and, therefore, do not reflect "claims" as that term is defined in Bankruptcy Code section 101(5). Rather, a review of the Equity Interests themselves, the FTDF's operating agreement, and the Schedules filed by the FTDF makes it abundantly clear that the Equity Interests are based on the prepetition membership interests in the FTDF, which constitute prepetition "equity security" interests of the FTDF. As such, the FTDF

Committee believes that the Equity Interests should be reclassified as proofs of interest.

13. Specifically, the FTDF Committee believes that the claims listed on the table below are Equity Interests:[1]

| Claim No. | Claimant | Date Filed | Claim Amount | Proposed Disposition |
|---|---|---|---|---|
| 2 | Joseph Grgurich | April 27, 2006 | $25,000.00 | Reclassify as proof of interest. |
| 6 | Frieda Moon FBO Sharon C. Van Ert | May 23, 2006 | $35,583.34 | Reclassify as proof of interest. |
| 7 | Frieda Moon FBO Sharon C. Van Ert | May 23, 2006 | $17,538.18 | Reclassify as proof of interest. |
| 17 | Concetta Carnicelli or Margaret Valli JT WROS | June 23, 2006 | $45,000.00 | Reclassify as proof of interest. |
| 19 | Louie and Charlotte Polanco | June 23, 2006 | $13,110.26 | Reclassify as proof of interest. |
| 20 | Joseph Grgurich | June 23, 2006 | $25,000.00 | Reclassify as proof of interest. |
| 25 | Rocco J. Rocco | July 7, 2006 | $10,132.00 | Reclassify as proof of interest. |
| 26 | Heinrich Richard Weber and Brigitte S. Weber | July 21, 2006 | $30,275.00 | Reclassify as proof of interest. |

## II.    ARGUMENT

14. Bankruptcy Code section 502 authorizes a party in interest to object to claims. See 11 U.S.C. § 502(a). Upon such objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b). Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim.

---

[1] A copy of this table is also attached hereto as Exhibit "1".

1  Ashford v. Consolidated Pioneer Mortg. (In re Consoldiated Pioneer Mortg.), 178 B.R. 222, 226
2  (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996) (quoting In re Allegheny International,
3  Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)).

4        15.    The FTDF Committee has analyzed the Equity Interests and has
5  determined that they were incorrectly designated as "proofs of claims". Pursuant to Bankruptcy
6  Code section 502, a "creditor . . . may file a proof of claim." An equity security interest holder,
7  however, must file a proof of interest. See 11 U.S.C. § 501(a). Bankruptcy Code
8  section 101(16) defines "equity security" to include a "share in a corporation, whether or not
9  transferable or denominated 'stock', or *similar security*" or a "warrant or right . . . to purchase,
10 sell, or subscribe to a share, security, or interest" of a share in a corporation. 11 U.S.C. § 101(16)
11 (emphasis added). See also Nev. Rev. Stat. §86.521 (upon dissolution of a limited liability
12 company, a limited liability company must pay liabilities to creditors before paying liabilities in
13 respect of profits and/or capital to members of the limited liability company).

14       16.    In most instances, the Equity Interests themselves and the attachments
15 thereto, clearly reflect that they are based on memberships in the FTDF and are not based on any
16 debt the claimants hold against the FTDF. For example, annexed to many of the Equity Interests
17 are account statements that list the number of shares a particular claimant holds in the FTDF and
18 the price of such shares.

19       17.    Membership interests and/or shares in the FTDF clearly fall within the
20 definition of "equity security" under Bankruptcy Code section 101(16). Thus, the holders of the
21 Equity Interests are equity security interest holders of the FTDF and are asserting unsecured
22 claims against the FTDF estate. Accordingly, all of the Equity Interests should be reclassified, in
23 their entirety, as proofs of interest without prejudice to the right of parties in interest to object to
24 the amounts asserted in such reclassified proofs of interest and without prejudice to the right of
25 such interest holders to file proofs of claim that are based on outstanding debts that the FTDF
26 may owe to them.

27
28

398920v3      6

### III. NOTICE

18. This Objection[2] will be served on (i) the claimants who filed the Equity Interests at the addresses set forth on the claimants' respective proofs of claim, (ii) all parties on Master Service List for Limited Notice #3 Dated July 12, 2006 and (iii) all parties who have filed requests for special notice since the filing of such master service list. In light of the nature of the relief requested, the FTDF Committee submits that no other or further notice need be given.

### IV. CONCLUSION

19. For the reasons set forth herein, the FTDF Committee respectfully requests that the Court enter an order (i) sustaining the Objection; (ii) reclassifying the Equity Interests as proofs of interest without prejudice to the right of parties in interest, including the FTDF, to object to the amount asserted in such reclassified proofs of interest and without prejudice to the right of such interest holders to file proofs of claim against the FTDF asserting that a debt is owed to them by the FTDF; and (iii) granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 1st day of August, 2006.

*[signature]*

FRANK A. MEROLA (CA State Bar No. 136934),
EVE H. KARASIK (CA State Bar No. 155356), and
ANDREW M. PARLEN (CA State Bar No. 230429), Members of
STUTMAN, TREISTER & GLATT, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone: (310) 228-5600

and

CANDACE C. CARLYON
Shea & Carlyon, Ltd.

---

[2] Given the voluminous nature of the Equity Interests and the attachments thereto and in light of the facts that the Court has access to the FTDF claims register and the claimants already have copies or are aware of their own respective Equity Interests, the FTDF Committee is not filing or serving copies of the Equity Interests along with this Objection. Copies of the Equity Interests will be provided upon request to the FTDF Committee's counsel.

1  233 S. Fourth Street, Suite 200
2  Las Vegas, NV 89101
   Telephone: (702) 471-7432
3  COUNSEL FOR THE
   OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
4  OF USA CAPITAL FIRST TRUST DEED FUND, LLC

398920v3                              8