ELECTRONICALLY FILED
August 1, 2006

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA
(CA State Bar No. 136934)
EVE H. KARASIK
(CA State Bar No. 155356)
ANDREW M. PARLEN
(CA State Bar No. 230429), Members of
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
Email:    fmerola@stutman.com
          ekarasik@stutman.com
          aparlen@stutman.com

SHEA & CARLYON, LTD.
JAMES PATRICK SHEA
(Nevada State Bar No. 000405)
CANDACE C. CARLYON
(Nevada State Bar No. 002666)
SHLOMO S. SHERMAN
(Nevada State Bar No. 009688)
233 South Fourth Street, Second Floor
Las Vegas, Nevada 89101
Telephone: (702) 471-7432
Facsimile: (702) 471-7435
Email:    jshea@sheacarlyon.com
          ccarlyon@sheacarlyon.com
          ssherman@sheacarlyon.com

Counsel for the Official Committee Of
Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| Affects<br>☐ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☒ USA First Trust Deed Fund, LLC | Date: August 31, 2006<br>Time: 9:30 a.m.<br>Place: Courtroom #1 |

**OBJECTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC TO PROOF OF CLAIM FILED BY PROSPECT HIGH INCOME FUND, ML CBOIV (CAYMAN) LTD, PAMCO CAYMAN, LTD., PAM CAPITAL FUNDING, L.P., HIGHLAND CRUSADER FUND, LTD., AND PCMG TRADING PARTNERS XXIII, L.P. (AFFECTS DEBTOR USA CAPITAL FIRST TRUST DEED FUND, LLC)**

401869v2

The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases"), hereby submits this "Objection Of The Official Committee Of Equity Security Holders Of USA Capital First Trust Deed Fund, LLC To Proof of Claim Filed by Prospect High Income Fund, ML BCOIV (Cayman) Ltd., Pamco Cayman, Ltd., Pam Capital Funding, L.P., Highland Crusader Fund, Ltd., and PCMG Trading Partners XXIII, L.P." (the "Objection"), pursuant to which the FTDF Committee objects to and seeks disallowance of claim number 16 (the "Highland Capital Claim") filed by Prospect High Income Fund, ML BCOIV (Cayman) Ltd., Pamco Cayman, Ltd., Pam Capital Funding, L.P., Highland Crusader Fund, Ltd., and PCMG Trading Partners XXIII, L.P. (collectively, "Highland Capital") against USA Capital First Trust Deed Fund, LLC ("the FTDF") on June 7, 2006. The FTDF Committee objects to the Highland Capital Claim on the grounds that the Highland Capital Claim is based on a lawsuit against USA Capital Diversified Trust Deed Fund, LLC (the "DTDF"), and that, accordingly, the FTDF has no liability on account of such claim. By this Objection, the FTDF Committee does not seek to prejudice the right of Highland Capital to recover from the DTDF or any of the other Debtors in the Chapter 11 Cases on account the lawsuit underlying the Highland Capital Claim.

This Objection is made pursuant to section 502 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules") and is based upon the points and authorities which follow, the pleadings, papers or other matters contained in the Court's file, judicial notice of which is respectfully requested, and any oral argument of counsel to be presented at the time of the hearing on this Objection.

Dated: August 1, 2006

Respectfully submitted:

_____
Andrew M. Parlen, Esq.
Stutman, Treister & Glatt
Professional Corporation
Counsel to the Official Committee of Equity
Security Holders of USA Capital First Trust Deed
Fund, LLC

401869v2

2

## POINTS AND AUTHORITIES

### I.     STATEMENT OF FACTS

**A.     General Background**

1. On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), the DTDF, and the FTDF (collectively with USA Mortgage, USA Securities, USA Realty, and the DTDF, the "Debtors") filed voluntary petitions for relief under chapter 11 the Bankruptcy Code.

2. Thereafter, on May 9, 2006, this Court entered its <u>Order Regarding Joint Administration Without Substantive Consolidation</u> [docket no. 184] whereby the Court ordered that the foregoing Chapter 11 Cases be jointly administered under the name of USA Commercial Mortgage Company, bankruptcy case number BK-S-06-10725-LBR.

3. No trustee or examiner has been appointed in the Chapter 11 Cases. Rather, the Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On May 10, 2006, the Office of the United States Trustee (the "U.S. Trustee") appointed four separate committees in these Chapter 11 Cases, including the FTDF Committee.

5. The FTDF Committee represents the interests of those persons who invested in the FTDF (the "FTDF Members"). FTDF Members own membership interests in the FTDF.

6. On June 15, 2006, each of the Debtors filed their "Summary of Schedules and Statement of Financial Affairs" (collectively, the "Schedules") pursuant to Bankruptcy Code section 521(a)(1)(B), based upon their books and records as of the Petition Date.

7. A deadline to file proofs of claim in the Chapter 11 Cases has not yet been established.

**B.     The Debtors' Businesses**

8.    As of the Petition Date, USACM was acting as the loan servicer for 115 separate loans (the "Serviced Loans") having a combined outstanding loan balance of approximately $962 million. Supplemental Declaration of Thomas J. Allison in Support of Debtors' Motions (the "Allison Declaration") [docket no. 130], ¶ 2. According to the Debtors, all but three of the Serviced Loans are secured by a deed of trust on commercial real estate. Id. at ¶ 3.

9.    There are approximately 3,600 investors (the "Loan Investors") whose names appear as a "Lender" in the documents for one or more of the Serviced Loans. Id. at ¶ 5. Among the Loan Investors are the FTDF and the DTDF (collectively, the "Funds").

10.    As of the Petition Date, the FTDF had an interest as a Loan Investor in 53 of the Serviced Loans. At such time, the FTDF owned a fractional interest in 45 Serviced Loans, while it was the sole investor in eight Serviced Loans. All of the FTDF's loans are serviced by USACM.

11.    There are approximately 1,300 FTDF Members, each of whom own membership interests in the FTDF. It bears emphasizing that the FTDF, not the FTDF Members, is a lender on the Serviced Loans, and its investments, not those of the FTDF Members, are secured by deeds of trust. FTDF Members are only entitled to receive distributions to the extent that the profits of the FTDF exceed its losses.

**C.    The Highland Capital Claim**

12.    On June 7, 2006, Highland Capital filed the Highland Capital Claim, by which it asserts an unsecured nonpriority claim in the amount of $20,000,000.00 against the FTDF. The Highland Capital Claim is nearly identical to proofs of claim filed by Highland Capital on June 7, 2006 against each of the other four Debtors in the Chapter 11 Cases.

13.    The supporting documentation for the Highland Capital Claim reveals that the Highland Capital Claim is based on a lawsuit filed on July 11, 2002 in the Eighth Judicial District Court, Clark County, Nevada (Case Number 02-A-453232) against the DTDF and John Rodgers Burk (the "State Court Action"). According to the complaint, a copy of which is annexed to the Highland Capital Claim, Highland Capital alleges that the DTDF tortiously

interfered with the contractual agreements between Highland Capital and Epic Resorts with respect to certain financing agreements.

14. The FTDF is not a party to the State Court Action, nor is the FTDF mentioned in the State Court Action complaint. Indeed, to the knowledge of the FTDF Committee, the FTDF has had no involvement whatsoever in the State Court Action. Nothing in the supporting documentation to the Highland Capital Claim even alleges that the FTDF has any liability with respect to the State Court Action.

## II.    ARGUMENT

15. Bankruptcy Code section 502 authorizes a party in interest to object to claims. See 11 U.S.C. § 502(a). Upon such objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b). Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. Ashford v. Consolidated Pioneer Mortg. (In re Consoldiated Pioneer Mortg.), 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996) (quoting In re Allegheny International, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)).

16. The FTDF Committee has analyzed the Highland Capital Claim and has determined that the FTDF has no liability on account of such claim. As set forth above, the Highland Capital Claim is based on a lawsuit against the DTDF and a non-debtor third party. The FTDF has no involvement in the State Court Action, and, as such, has no potential liability on account of the State Court Action. Accordingly, the Highland Capital Claim should be disallowed in its entirety.[1]

## III.    NOTICE

---

[1] The FTDF Committee is hopeful that, following the hearing scheduled for August 4, 2006, it will be able to reach an agreement with Highland Capital with respect to this Objection and that the parties will subsequently enter into a stipulation settling this Objection. Out of an abundance of caution, however, the FTDF has filed this Objection so that it may be heard, if necessary, at the August 31, 2006 hearing.

17. This Objection[2] will be served on (i) Highland Capital, (ii) all parties on Master Service List for Limited Notice #3 Dated July 12, 2006 and (iii) all parties who have filed requests for special notice since the filing of such master service list. In light of the nature of the relief requested, the FTDF Committee submits that no other or further notice need be given.

### IV.   CONCLUSION

18. For the reasons set forth herein, the FTDF Committee respectfully requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing the Highland Capital Claim, in its entirety, as filed against the FTDF, without prejudice the right of Highland Capital to assert the Highland Capital Claim against the appropriate Debtor in these Chapter 11 Cases; and (iii) granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 1st day of August, 2006.

*[signature]*

FRANK A. MEROLA (CA State Bar No. 136934),
EVE H. KARASIK (CA State Bar No. 155356), and
ANDREW M. PARLEN (CA State Bar No. 230429), Members of
STUTMAN, TREISTER & GLATT, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA  90067
Telephone:  (310) 228-5600

and

CANDACE C. CARLYON
Shea & Carlyon, Ltd.
233 S. Fourth Street, Suite 200
Las Vegas, NV  89101
Telephone:  (702) 471-7432
COUNSEL FOR THE
OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
OF USA CAPITAL FIRST TRUST DEED FUND, LLC

---

[2] Given the voluminous nature of the Highland Capital Claim and the attachments thereto and in light of the facts that the Court has access to the FTDF claims register and that Highland Capital already has a copy or is aware of the Highland Capital Claim, the FTDF Committee is not filing or serving a copy of the Highland Capital Claim along with this Objection. Copies of the Highland Capital Claim will be provided upon request to the FTDF Committee's counsel.