Annette W. Jarvis, Utah Bar No. 1649
Douglas M. Monson, Utah Bar No. 2293
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com
Attorneys for Debtors

**E-FILED ON AUGUST 2, 2006**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><div align=right>Debtor.</div> | Case Nos. BK-S-06-10725 LBR<br>Case Nos. BK-S-06-10726 LBR<br>Case Nos. BK-S-06-10727 LBR<br>Case Nos. BK-S-06-10728 LBR<br>Case Nos. BK-S-06-10729 LBR<br>Chapter 11<br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><div align=right>Debtor.</div> | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><div align=right>Debtor.</div> | **MOTION FOR AUTHORITY, SUBJECT TO ADVANCE APPROVAL BY NEVADA MORTGAGE LENDING DIVISION, FOR FERTITTA ENTERPRISES OR ITS AFFILIATE TO PROVIDE AN ADDITIONAL ADVANCE FOR THE RIO** |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><div align=right>Debtor.</div> | **RANCHO EXECUTIVE PLAZA LOAN SERVICED BY DEBTOR USA COMMERCIAL MORTGAGE COMPANY [AFFECTS  DEBTOR USA** |
| In re:<br>USA SECURITIES, LLC,<br><div align=right>Debtor.</div> | **COMMERCIAL MORTGAGE COMPANY AND DEBTOR USA CAPITAL FIRST TRUST DEED FUND, LLC]** |
| Affects:<br>☐  All Debtors<br>☒  USA Commercial Mortgage Company<br>☐  USA Capital Realty Advisors, LLC<br>☐  USA Capital Diversified Trust Deed Fund, LLC<br>☒  USA Capital First Trust Deed Fund, LLC<br>☐  USA Securities, LLC | Date of Hearing:  OST Requested<br>Time of Hearing:  OST Requested |

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    Debtors in Possession USA COMMERCIAL MORTGAGE COMPANY ("USACM") and

2    USA FIRST TRUST DEED FUND, LLC ("First Trust Deed Fund") (collectively the "Debtors"),

3    by and through their counsel Lenard E. Schwartzer, Esq. of the Schwartzer & McPherson Law

4    Firm, hereby file their "Motion for Authority, Subject to Advance Approval by Nevada Mortgage

5    Lending Division, for Fertitta Enterprises or its Affiliate to Provide an Additional Advance for the

6    Rio Rancho Executive Plaza Loan Serviced by Debtor USA Commercial Mortgage Company (the

7    "Motion"), requesting that the Court authorize the Debtors to do the following:

8        A.    Subject to the advance approval of the Division of Mortgage Lending of the

9    Nevada Department of Business and Industry (the "Nevada Mortgage Lending Division" or the

10   "Division"), for Debtor USACM to modify the Loan Documents for the existing loan (the "Rio

11   Rancho Loan") serviced by USACM that has been extended to Borrower Rio Rancho Executive

12   Plaza, LLC, a New Mexico limited liability company ("Rio Rancho" or "Borrower"), to provide

13   for an additional loan advance in the amount of $3,773,000.00 (the "Additional Advance") to Rio

14   Rancho from Fertitta Enterprises or its affiliate ("Fertitta") as an additional Direct Lender on the

15   Rio Rancho Loan, upon the terms and conditions set forth in the Fertitta Term Sheet that is

16   attached hereto as **Exhibit "A,"** such terms and conditions being summarized below.   The Rio

17   Rancho Loan is the source of funding for a construction/development project being developed by

18   the Borrower (the "Rio Rancho Project") for a 48,000 square foot office condominium project in

19   Albuquerque, New Mexico.

20       B.    For Debtor First Trust Deed Fund, one of the existing Direct Lenders for the Rio

21   Rancho Loan, to consent to the Additional Advance.

22       This Motion is made and based upon 11 U.S.C. §§ 105 and 363(b)(1), the Points and

23   Authorities set forth herein, the Declaration of Robert A. Russell, the Declarations of Thomas J.

24   Allison on file with this Court, and any arguments presented at the hearing on the Motion.  The

25   Court should grant this Motion to prevent a collapse of the construction funding for the Rio

26   Rancho Project and to avoid claims litigation resulting from the collapse of the Rio Rancho

27   Project that would likely involve the Debtors, the Direct Lenders on the Rio Rancho Loan, the

28   Borrower, the guarantors of the Rio Rancho Loan, and the contractor for the Rio Rancho Project.

Granting this Motion should result in the repayment in full of the Rio Rancho Loan after the Rio Rancho Project is completed, which will benefit not only the Debtors' bankruptcy estates, but also benefit the Direct Lenders for the Rio Rancho Loan.

## POINT AND AUTHORITIES

### General Factual Background

1.     Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code on April 13, 2006 (the "Petition Date").  The Debtors continue to operate their businesses and possess their property as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2.     The statutory predicates for the relief requested herein are 11 U.S.C. § 105 and 11 U.S.C. § 363(b)(1).

3.     There are currently 32 Direct Lenders for the Rio Rancho Loan.  Debtor First Trust Deed Fund is one of the 32 current Direct Lenders for the Rio Rancho Loan, and has a $70,000 undivided interest in the Rio Rancho Loan funding.

4.     Each of the Direct Lenders for the Rio Rancho Loan entered into an individual Loan Servicing Agreement (collectively the "Servicing Agreements") with Debtor USACM whereby they authorized and empowered Debtor USACM, on behalf of each Direct Lender, to undertake various servicing functions in connection with the Rio Rancho Loan.

5.     Among other powers, Debtor USACM as Servicer is authorized pursuant to Section 2(e) of the Loan Servicing Agreement to do the following:  "(e)  Without limiting the generality of anything contained herein, [Direct] Lender hereby authorizes and empowers USA [CM], on [Direct] Lender's behalf, to:  (1) execute and deliver demands for payoff and beneficiary's/lender's statements of condition and the like; (2) execute and deliver any and all instruments [of] satisfaction or cancellation, or of partial or full release, discharge, or reconveyance, or authorizations in connection therewith, with respect to any Loans paid in full and with respect to the related real or personal property securing such Loans; (3) execute and deliver any and all other documents with respect to any Loans that are customary and consistent with loan servicing practices pertaining to such loans; (4) consent to modifications of the Loans if the effect

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  of any such modification will not materially or adversely affect the security provided by the real or

2  personal property in connection therewith; (5) institute foreclosure proceedings (judicial or non-

3  judicial), obtain a deed-in-lieu thereof, engage in settlement discussions, and enter into

4  forbearance and other settlement-related agreement (which agreements may contain provisions

5  that release or waive claims against a Borrower or Guarantor); and (6) take title in the name of

6  [Direct] Lender (in proportion to its interest in the Loan) to any real property upon a foreclosure or

7  delivery of a deed-in-lieu thereof.  Notwithstanding the foregoing or any other provision contained

8  herein, USA[CM] may not permit any modification to any Loan that would change the interest

9  rate, forgive the payment of any principal or interest (expressly excluding late charges or the

10  difference between default and non-default interest), change the outstanding principal amount, or

11  extend the maturity date, without [Direct] Lender's prior consent; provided, however, if [Direct]

12  Lender fails to grant or deny its consent within three (3) business days after notice from

13  USA[CM], [Direct] Lender shall be deemed to have conclusively given its consent."

14        6.     The Rio Rancho Loan was originated on January 17, 2006.  The original principal

15  balance of the Rio Rancho Loan was $2,000,000.  Section 3.2 of the Construction Loan

16  Agreement dated January 17, 2006, between the Borrower and the Direct Lenders for the Rio

17  Rancho Loan, provides in part as follows:  "3.2  <u>Increase in Loan Amount.</u>  From the Effective

18  Date through and including January 1, 2007, [Direct] Lender[s] and USA [CM] shall have the

19  exclusive right, but not the obligation, to increase the Loan Amount to an amount not to exceed

20  Six Million One Hundred Thousand Dollars ($6,100,000).  All amounts that [Direct] Lender[s]

21  may advance after the Effective Date shall increase the Loan Amount and be used for the

22  following purposes:  (i) to pay loan fees and closing costs in connection therewith, (ii) to fund the

23  Interest Reserve (defined below), and (iii) to pay Project Costs in accordance with the Approved

24  Budgets.  Upon each increase in the Loan Amount, Borrower shall execute amendments to the

25  Note and the Deed of Trust which shall memorialize the increase in the Loan Amount, the change

26  in the identity of the persons and entities which comprise [Direct] Lender[s] and their respective

27  undivided interests in the Loan."

28        7.     The interest rate for the Rio Rancho Loan is 12.5% per annum.

1    8.    The Guarantors of the Rio Rancho Loan are Russell/AD Development Group, LLC,

2    and Robert A. Russell, individually (the "Guarantors").

3    9.    Pursuant to a Fee Agreement dated January 17, 2006, between the Borrower and

4    Debtor USACM, Borrower agreed to pay the following Exit Fee to Debtor USACM:  "4.  Exit

5    Fee.  Borrower shall pay to USA[CM] an exit fee equal to 40% of the net profits from the sale of

6    the Property, payable from the closing of each sale when all of the Property is sold.  The term 'net

7    profits' as used herein means the total consideration paid for the Property less customary and

8    necessary closing costs; provided, however, that [if] a real estate brokerage commission is paid to

9    Borrower or an affiliate of Borrower, then the maximum that may be deducted to calculate net

10    profit shall be 2% of the total consideration."

11    10.    The Rio Rancho Loan is secured by a first priority Deed of Trust, Assignment of

12    Rents, Security Agreement and Fixture Filing dated January 17, 2006, between the Borrower as

13    Trustor and the Direct Lenders as Beneficiaries (the "Deed of Trust").  The Deed of Trust was

14    recorded in Sandoval County, New Mexico on January 20, 2006 in Book 409 at Page 3317 of

15    Sandoval County Records.  The Deed of Trust provides that it secures the initial $2,000,000

16    advance on the Rio Rancho Loan, and also states that it is "understood that the Note amount may

17    be increased to $6,100,000".

18    11.    The Maturity Date of the Rio Rancho Loan is January 20, 2007 (twelve months

19    from the date the Deed of Trust was recorded).

20    12.    On March 17, 2006, an additional advance of $250,000 was made on the Rio

21    Rancho Loan, which was evidenced by a First Amendment to Deed of Trust (the "Trust Deed

22    Amendment") and a First Amendment to Loan Documents dated March 17, 2006 (the "First

23    Amendment") signed by the Borrower, the Guarantors, and Debtor USACM as Attorney-in-Fact

24    for the Direct Lenders, evidencing the increase in the Loan Amount for the Rio Rancho Loan from

25    $2,000,000 to $2,250,000.

26    13.    The construction on the Rio Rancho Project commenced in February 2006, shortly

27    after the Rio Rancho Loan was closed; however, the Borrower is in desperate need of additional

28    funding to complete the construction of the Rio Rancho Project.   The Borrower has presold one of

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    the five buildings in the Rio Rancho Project to a medical group, and has also leased one of the

2    buildings to Waste Management, Inc.  However, if the Borrower is unable to get immediate

3    additional funding for the uncompleted Rio Rancho Project, the Borrower will be forced to

4    abandon the Rio Rancho Project for lack of construction funding, and let the ensuing litigation

5    take its course.

6        14.    The Borrower has very few feasible alternatives for the partially completed Rio

7    Rancho Project.  The Rio Rancho Project currently consists of several building pads in a fenced

8    area on vacant land.  The contractor is threatening to file liens if it is not paid immediately, and the

9    Borrower also anticipates litigation by the contractor, Waste Management, Inc., and the medical

10   group that is purchasing one of the buildings from the Borrower if the Borrower is forced to

11   abandon the Rio Rancho Project.  The Borrower asserts that its refinancing options for a partially

12   completed construction project are very expensive.

13       15.    Debtor USACM's license to broker additional loan advances on the loans that it has

14   originated by locating loan funds from private investors has been suspended by the Nevada

15   Mortgage Lending Division in the absence of further authorization from the Division.  However,

16   Fertitta has offered, subject to the advance approval of the Nevada Mortgage Lending Division, to

17   make an additional advance of $3,773,000 on the Rio Rancho Loan, which would increase the

18   Loan Amount on the Rio Rancho Loan from $2,250,000 to $6,023,000.  The terms and conditions

19   of the Fertitta offer (the "Fertitta Offer") to make the Additional Advance (which is subject to the

20   advance approval of the Division, as outlined above), are as follows (the terms and conditions of

21   which are more fully set forth in the Fertitta Term Sheet attached hereto as **Exhibit "A"**):

22       (a)    The amount of the Additional Advance to be loaned by Fertitta as an

23   additional Direct Lender to the Borrower is $3,773,000.  However, subject to the advance approval

24   of the Nevada Mortgage Lending Division, the existing Direct Lenders will have the opportunity

25   to participate in this Additional Advance on the same pro rata terms and conditions as Fertitta,

26   with the amount of Fertitta's portion of the Additional Advance to be decreased in amounts equal

27   to those advanced by the existing Direct Lenders (provided, that the total Additional Advance

28   funding from all parties shall be the $3,773,000 amount outlined above).

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

885314                                - 6 -

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1       (b)    The interest rate on the Additional Advance shall be 12.5% per annum,

2   which is the same interest rate as the current principal balance on the Rio Rancho Loan, and the

3   interest shall be paid to Fertitta (and other participating Direct Lenders, if any) without any

4   reduction by Debtor USACM for any loan servicing fee.

5       (c)    The Additional Advance shall be secured by a pari-passu interest in the

6   Deed of Trust.  The Additional Advance will be evidenced by a Second Amendment to Loan

7   Documents (the "Second Amendment") and a Second Amendment to Deed of Trust (the "Second

8   Amended Deed of Trust") in substantially the forms attached hereto as **Exhibits "B"** and **"C,"**

9   subject to review and comment by Fertitta and its counsel.

10      (d)    Fertitta (and other participating Direct Lenders, if any) will receive from,

11  or participate in the greater of $400,000.00 or a 50% interest, in whatever interest in any success

12  fee or equity participation currently held by Debtor USACM in connection with the Rio Rancho

13  Project and the repayment of the Rio Rancho Loan.

14      (e)    Interest and principal payments attributable to the Additional Advance will

15  be passed through to Fertitta (and other participating Direct Lenders, if any) without any hold

16  backs, offsets or other impairments as a result of the bankruptcy cases for the Debtors.

17      (f)    Notwithstanding that Debtor USACM will function as the loan servicer for

18  all of the Direct Lenders for the Rio Rancho Loan, including Fertitta (as the additional Direct

19  Lender), Debtor USACM will only collect loan servicing fees for the current $2,250,000 principal

20  balance of the Rio Rancho Loan, and will not collect any loan servicing fees in connection with

21  the Additional Advance.

22      (g)    If Debtor USACM is in breach of its servicing obligations for the Rio

23  Rancho Loan under the Loan Servicing Agreement and fails to diligently pursue remedies on

24  behalf of the Direct Lenders against the Borrower and the Project after an Event of Default under

25  the Rio Rancho Loan that is not cured by Borrower within the time periods outlined in the Loan

26  Documents, and upon Fertitta's written notice to Debtor USACM, Fertitta shall be substituted for

27  Debtor USACM as the loan servicer of the Rio Rancho Loan, and Fertitta will thereafter be

28

1    entitled to proceed with all remedies against the Borrower without the need for any further order

2    from the Bankruptcy Court.

3              (h)    Debtors shall not attempt to impair, modify or amend the terms of the

4    Ferrita Offer in any manner through a plan of reorganization or otherwise.  In the event that it is

5    determined that Debtors have contravened the terms of the Fertitta Offer, as approved by the

6    Bankruptcy Court, upon written notice from Fertitta to the Debtors, Fertitta shall be substituted for

7    Debtor USACM as the loan servicer of the Rio Rancho Loan, and Fertitta will thereafter be

8    entitled to proceed with all remedies against the Borrower without the need for any further order

9    from the Bankruptcy Court.

10              (i)    In the event that Fertitta is substituted as the new loan servicer, Debtor

11    USACM will provide to Fertitta all financial records and copies of correspondence for the Rio

12    Rancho Project for Fertitta's use in servicing the Rio Rancho Loan.

13              (j)    The Fertitta Offer is subject to the approval of the Bankruptcy Court.

14              (k)    Fertitta has required the consent in writing of all of the current Direct

15    Lenders to the Additional Advance, rather than relying on the language of Section 2(e) of the Loan

16    Servicing Agreement, which states that the consent of the Direct Lenders will be deemed given if

17    the Direct Lenders fail to grant or deny their consent within three business days after notice from

18    Debtor USACM.  Debtor USACM has agreed to comply with this condition because it is a

19    requirement of the Fertitta Term Sheet, but Debtor USACM does not concede that actual written

20    consent of the Direct Lenders to the Additional Advance is required under the terms of the Loan

21    Servicing Agreement.

22              (l)    The Fertitta Offer is subject to a waiver by or approval by the Nevada

23    Mortgage Leding Division to allow funding of a loan brokered by Debtor USACM by a lender

24    other than a financial institution.

25         16.    If the Additional Advance is made to the Borrower pursuant to the Fertitta Offer,

26    the Borrower and the Guarantors will be required to waive any and all of their existing claims

27    against the Debtors and the existing Direct Lenders for damages arising from any failure to

28    provide additional construction financing for the Rio Rancho Loan.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**Statement of the Law**

17.    Debtor USACM is engaged in the business of originating, underwriting, brokering and servicing commercial loans or fractional interests therein.  As part of that business, Debtor USACM routinely receives requests for loan modifications and additional funding of loans to facilitate the completion and sale of construction projects that permit the related loans to be repaid. After review and analysis of these requests, Debtor USACM routinely provided the requested loan modifications and arranged for additional funding that made economic sense and helped achieve the ultimate goal of completion and sale of the secured construction projects.

18.    The Debtors have reviewed the Borrower's request for the Additional Advance and concluded that the Additional Advance makes economic sense and will help facilitate the completion of the Rio Rancho Project and the payment in full of the Rio Rancho Loan.  It is the Debtors' business judgment that the requested Additional Advance, consistent with the terms of the Fertitta Offer, should be funded.

19.    Although this transaction arguably is in the ordinary course of Debtor USACM's business that would require no Court approval, with the oversight being requested by the Four Official Committees and the United States Trustee, and because the Ferrtita Offer requires Bankruptcy Court approval as a condition precedent, Debtors have brought this Motion for Court approval.

20.  Section 105(a) of the Bankruptcy Court allows this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  Under Section 105(a) of the Bankruptcy Code, the Court has expansive equitable powers to fashion any order or decree that is the interest of preserving or protecting the value of the debtor's assets.  *See, Chinician v. Campolongo (In re Chinichian),* 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.")

21.    If the modification of the Rio Rancho Loan Documents to provide for the Additional Advance is viewed as an extraordinary transaction, such that the "ordinary course of business" authorization of Section 363(c)(1) of the Bankruptcy Code does not apply,  Section

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    363(b)(1) of the Bankruptcy Code provides the necessary authority for the Court to authorize the

2    Additional Advance (assuming that the advance approval of the Nevada Mortgage Lending

3    Division is given for the Additional Advance).  Section 363(b)(1) provides that a debtor in

4    possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of

5    business, property of the estate."  "Section 363 of the [Bankruptcy] Code seems on its face to

6    confer upon the bankruptcy judge virtually unfettered discretion to authorize the use, sale or lease,

7    other than in the ordinary course of business, of property of the estate."  *Committee of Equity Sec.*

8    *Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063, 1069 (2nd Cir. 1983).

9        22.    To approve the use, sale or lease of property other than in the ordinary course of

10   business, there must be "a sound business purpose [that] justifies such actions."  *In re Montgomery*

11   *Ward Holding Corp.,* 242 B.R. 147, 153 (D. Del. 1999).  Under the circumstances outlined above,

12   the Debtors' business judgment that the Rio Rancho Loan Documents should be modified to

13   provide for the Additional Advance, as outlined above, is fully supported by the "business

14   judgment test" which is the standard for approval of transactions under Section 363(b)(1).  *Id.*

15       23.    It is the Debtors' business judgment that the value of the collateral for the Rio

16   Rancho Loan will be preserved and greatly enhanced for the benefit of all parties if the Rio

17   Rancho Project can be completed as contemplated by the Borrower.  A completed construction

18   project that is a candidate for a sale to an investor or a take-out loan from a permanent financing

19   source is much more likely to generate the funds needed to pay off the Rio Rancho Loan than an

20   uncompleted construction project that is likely to be encumbered with mechanic's liens and

21   embroiled in other litigation.  See, Second Supplemental Declaration of Thomas J. Allison dated

22   May 17, 2006 that was e-filed with the Court on May 17, 2006 (Docket No. 267) ("Second

23   Supplemental Allison Declaration") at ¶ 31.  Granting this Motion will also eliminate a potential

24   source of contention or litigation between the Debtors, the existing Direct Lenders, and the

25   Borrower regarding whether or not there are additional funding obligations to the Borrower.

26       24.    Bankruptcy Rule 6004(g) states:  "An order authorizing the use, sale, or lease of

27   property other than cash collateral is stayed until the expiration of 10 days after entry of the order,

28   unless the court orders otherwise."  Because of the immediate need to preserve value for the Rio

1   Rancho Loan outlined above, the Debtors also request that the Court order that the automatic 10

2   day stay under Bankruptcy Rule 6004(g) not apply to any Order granting this Motion, and that

3   such Order be effective immediately upon entry of such Order.

4                                    **CONCLUSION**

5          The Debtors request that the Motion be granted, and that the Court authorize Debtor

6   USACM (after the advance approval of the Nevada Mortgage Lending Division is given and after

7   the written consents of the existing Direct Lenders are obtained) to take the actions outlined above

8   to modify the Loan Documents for the Rio Rancho Loan to provide for the Additional Advance

9   with respect to the Rio Rancho Loan, and to otherwise implement the terms of the Fertitta Offer,

10  and that the Court authorize Debtor First Trust Deed Fund to consent to the Additional Advance,

11  based upon the Debtors' business judgments that these actions are in the best interests of all

12  concerned parties.   The Debtors also request that the automatic 10 day stay under Bankruptcy

13  Rule 6004(g) not apply to any Order granting this Motion, and that such Order be effective

14  immediately upon entry of such Order.

15         DATED: August 2, 2006.

16                                           Annette W. Jarvis, Utah Bar No. 1649
17                                           Douglas M. Monson, Utah Bar No. 2293
                                             Steven C. Strong, Utah Bar No. 6340
18                                           RAY QUINNEY & NEBEKER P.C.
                                             36 South State Street, Suite 1400
19                                           P.O. Box 45385
                                             Salt Lake City, Utah 84145-0385
20

21                                           And

22

23                                           /s/     LENARD E. SCHWARTZER
                                             Lenard E. Schwartzer, Nevada Bar No. 0399
24                                           Jeanette E. McPherson, Esq., Nevada Bar No. 5423
                                             SCHWARTZER & MCPHERSON LAW FIRM
25                                           2850 South Jones Boulevard, Suite 1
                                             Las Vegas NV  89146
26                                           Attorneys for Debtors and Debtors-in-Possession

27

28  885314.04/dmm

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# EXHIBIT "A" TO MOTION

### Fertitta Offer Term Sheet

See Attached

**SUMMARY TERM SHEET**
**RIO RANCHO EXECUTIVE PLAZA, LLC**
<u>Revised as of 8/02/06</u>

Additional funding to be provided by Fertitta Enterprises or its affiliate.

The following is a summary of terms which Fertitta Enterprises (and or its affiliate) ("Fertitta") would be willing to fund the balance of a construction/development loan (the "Loan") originated by USA Commercial Mortgage on behalf of the borrower ("Borrower"), Rio Rancho Executive Plaza, LLC, for the Rio Rancho project (the "Project"). These terms and conditions acknowledge the existing state of bankruptcy of USA Commercial Mortgage and its affiliates (the "Debtor") and, accordingly, attempt to address certain issues and concerns relative to providing funding through a servicer that is in bankruptcy.

| | |
|---|---|
| Funding Amount: | $3,773,000.00 |
| Interest Rate: | 12.5% without reduction for any servicing fee. |
| Collateral: | The additional funding provided by Fertitta or any other participants in the funding (the "Fertitta Funding") will be secured by a pari-passu interest in a deed of trust already existing for the Project. |
| Equity Participation: | The participants in the Fertitta Funding will receive from, or participate in the greater of $400,000.00 or a 50% interest, in whatever interest in any success fee or equity participation currently held by USA Commercial Mortgage in the Project (USA Commercial Mortgage to provide all documentation with respect to its equity interest in the Project prior to any funding). |
| Other Conditions: | The participants in the Fertitta Funding to have all interest and principal payments pass through without hold backs, offsets or other impairments which may result in the bankruptcy proceedings. Loan servicing fees generated by USA Commercial Mortgage with respect to the Project will only be based on amounts funded prior to the Fertitta Funding. |
| | If USA Commercial Mortgage is in breach of its servicing obligations for the Rio Rancho Loan under the Loan Servicing Agreement and fails to diligently pursue remedies on behalf of the Direct |

Deleted: , on a pro rata basis,

Deleted: respectively

Deleted: , of

Lenders against the Borrower and the Project after an Event of Default under the Loan that is not cured by Borrower within the time periods outlined in the Loan Documents, and upon the Lender's written notice to USA Commercial Mortgage, USA Commercial Mortgage shall within ten business days, substitute Fertitta as the servicing agent on the Loan. USA Commercial Mortgage further agrees and stipulates that Fertitta may then proceed with all remedies against Borrower without further order of the bankruptcy court.

Debtor USA Commercial Mortgage shall not attempt to impair, modify or amend these terms in any manner through a plan of reorganization or otherwise. In the event Fertitta determines, in its sole discretion, that any actions by Debtor USA Commercial Mortgage contravenes these terms and gives written notice, Debtor USA Commercial Mortgage shall, within ten business days, substitute Fertitta as the servicing agent on the Loan in the place of Debtor USA Commercial Mortgage and agrees that Fertitta may then pursue all of its remedies against Borrower without further order of the bankruptcy court. In the event that Fertitta elects to become the substitute servicing agent, Debtor USA Commercial Mortgage will provide Fertitta all financial records and copies of correspondence with respect to the Loan on the Project for Fertitta's use in servicing the Loan.

Court Approval:

Debtor will obtain all necessary court approval for the execution of the agreement between Fertitta and Debtor to satisfy the above terms and conditions. Debtor will also make an effort to contact all existing Direct Lenders for the Loan and offer all existing Direct Lenders the ability to participate on a pro rata basis in the Fertitta Funding under the same terms and conditions established by Fertitta for the Additional Advance amount of $3,773,000.00. The approval of the Direct Lenders on the Rio Rancho loan is being sought pursuant to state law and the powers of attorney. This means that each of them must consent in writing.

This is not a binding agreement and will be subject to final approved documentation to be
be provided by debtor with respect to these terms.


SUBMITTED

William J. Bullard

885383v1

# EXHIBIT "B" TO MOTION

## SECOND AMENDMENT TO LOAN DOCUMENTS

Reference is made to that certain loan agreement (the "Loan Agreement"), dated as of January 17, 2006 by and between **Rio Rancho Executive Plaza, LLC** ("Borrower"), and those persons listed on Exhibit "A" thereto ("Lenders").  Capitalized terms used but not otherwise defined herein are used with the same meanings assigned to them in the Loan Agreement.

<u>RECITALS</u>

A.  WHEREAS Section 3.2 of the Loan Agreement provides for increases in the Loan Amount up to $6,100,000; and

B.  WHEREAS the Loan is evidenced by a Note dated January 17, 2006 in the principal amount of $2,000,000, which Note is secured by a Deed of Trust of even date therewith, recorded on or about January 20, 2006 in the Official Records of Sandoval County, State of New Mexico; and

C.  WHEREAS the Loan Amount was previously increased to $2,250,000; and

D.   WHEREAS Borrower has requested an additional increase in the Loan Amount of $3,773,000; and

E.  WHEREAS USA Commercial Mortgage Company, Debtor in Possession under Bankruptcy Case No. BK-S-06-10725 LBR (United States Bankruptcy Court for the District of Nevada) ("USACM"), as Servicer, has obtained the approval of the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") and the approval of the Division of Mortgage Lending of the Nevada Department of Business and Industry (the "Nevada Mortgage Lending Division" or the "Division") for an additional increase in the Loan Amount of $3,773,000;

F.   WHEREAS the Deed of Trust provides for the lien created thereby to secure all future amounts advanced to Trustor pursuant to the Loan Agreement; and

G.   WHEREAS **Russell/AD Development Group, LLC** and **Robert A. Russell, individually** ("Guarantors") guaranteed the Loan, and explicitly agreed that its guaranty would remain valid and enforceable in the event the Loan was modified;

NOW, THEREFORE, Lender, Borrower, Guarantors, and USA hereby agree as follows:

1.  <u>Increase in Note Amount</u>.  The amount of the Note is hereby increased from $2,250,000 to $6,023,000.   Interest on the additional $3,773,000 shall begin to accrue at the close of escrow.

2.  <u>Amendment of Note</u>.  The Note is hereby amended by adding thereto a new Exhibit "A," in the form attached hereto describing the Lenders.

3

3.   <u>Amendment of Deed of Trust</u>.   The Deed of Trust is hereby amended to add the new Beneficiaries to include the new investors and reflect the revised percentage interests on each on the amount secured, and to add a new Exhibit "A" to reflect these changes.   In connection therewith, Borrower agrees to execute and deliver for recording an amendment to the Deed of Trust in the form annexed hereto as Exhibit "B." Borrower also agrees to pay all costs and expenses in connection with recording the amendment, as well as the cost of an endorsement to the Title Insurance Policy to reflect these changes.

4.   <u>Incorporation with Loan Documents</u>. This Amendment modifies the Loan Documents as specifically recited herein, and is incorporated as an amendment to the Note, Deed of Trust, and Loan Agreement. Except as modified hereby, all terms, covenants and conditions of the Loan Documents remain unchanged.

5.   <u>Affirmation of Guaranty</u>.   Guarantors hereby reaffirm that their Guaranty remains in full force and effect, as expressly set forth therein, after this Amendment becomes effective.

6.   <u>Validity of Loan Documents; No Defenses</u>.   Borrower and Guarantors represent and acknowledge that the Deed of Trust and all other Loan Documents are in full force and effect, and that Borrower and Guarantors have no defense to the validity or enforceability of any of them.

7.   <u>Waiver of Claims.</u>   The Borrower and the Guarantors hereby waive, discharge and release any existing claims against the Lenders and against Debtor USACM as Servicer, known and unknown, including but not limited to any claim for damages arising from any failure to provide additional construction financing for the Loan.

Dated this _____ day of August, 2006.

BORROWER:       **Rio Rancho Executive Plaza, LLC**,
                A New Mexico limited liability company

                By:_____
                    Robert A. Russell, Manager

**GUARANTORS:    Russell/AD Development Group, LLC**

                By:_____
                    Robert A. Russell, Manager

                _____
                Robert A. Russell, individually

4

**LENDER**:        **USA Commercial Mortgage Company, Attorney-in-Fact, and Debtor in Possession under Bankruptcy Case No. BK-S-06-10725 LBR (United States Bankruptcy Court for the District of Nevada)**

By:_____
      Thomas J. Allison, President

**EXHIBIT "A"**

<u>LENDERS</u>

**Names**                                                          **Amount**

See attached

**EXHIBIT "B"**

<u>SECOND AMENDMENT TO DEED OF TRUST</u>

6

# EXHIBIT "C" TO MOTION

## SECOND AMENDMENT TO DEED OF TRUST

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Trustor hereby agrees to the execution, delivery, and recording of this Second Amendment to that certain Deed of Trust, Assignments of Rents, Security Agreement and Fixture Filing (the "Deed of Trust") dated January 17, 2006, executed by **Rio Rancho Executive Plaza, LLC**, a New Mexico limited liability company to **First American Title Insurance Company** as Trustee, in favor of those persons listed on Exhibit "A" as Beneficiaries. The Deed of Trust was recorded on January 20, 2006 as Document No. 200603317, Book 409, Page 3317 in the Official Records of Sandoval County, State of New Mexico. The First Amendment to Deed of Trust was recorded on April 4, 2006 as Document No. 200616926, Book 409, Page 16926 in the Official Records of Sandoval County, State of New Mexico.

Said Deed of Trust is hereby amended to increase the amount secured thereby from $2,250,000 to $6,023,000 and to add a new **Exhibit "A"** (in the form attached hereto) thereto to reflect the present Beneficiaries.

Said Deed of Trust affects the real property described on **Exhibit "B"** hereto.

Dated this _____ day of August, 2006.

**TRUSTOR**:   **Rio Rancho Executive Plaza, LLC**
                A New Mexico limited liability company


                By:_____
                    Robert A. Russell, Manager

**BENEFICIARY:**   **Debtor USA Commercial Mortgage Company, Attorney-in-Fact, and Debtor in Possession under Bankruptcy Case No. BK-S-06-10725 LBR (United States Bankruptcy Court for the District of Nevada)**


                By:_____
                    Thomas J. Allison, President

(Notary acknowledgment follows)

STATE OF NEVADA        )
                       ) ss.
COUNTY OF CLARK       )

On August ___, 2006, before me, _____, a Notary Public in and for said State, personally appeared **THOMAS J. ALLISON,** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument, the person or the entity upon behalf of which the person acted, executed the instrument.

                                                      (Seal)
WITNESS my hand and official seal.

_____
       Signature

STATE OF _____)
                       ) ss.
COUNTY OF _____)

On August ___, 2006, before me, _____, a Notary Public in and for said State, personally appeared **Robert A. Russell,** Manager of Rio Rancho Executive Plaza, LLC personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument, the person or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.                (Seal)

_____
       Signature

9

**EXHIBIT "A"**

<u>LENDERS</u>

**Names**                                                                                    **Amount**

See attached

**EXHIBIT "B"**

<u>PROPERTY DESCRIPTION</u>

See attached

10