Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

**E-FILED ON AUGUST 2, 2006**

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>Date:  August 4, 2006<br>Time: 9:30 a.m.<br><br>**REPLY IN SUPPORT OF DEBTORS' MOTION TO DISTRIBUTE FUNDS AND TO GRANT ORDINARY-COURSE RELEASES AND DISTRIBUTE PROCEEDS**<br><br>**(AFFECTS USA COMMERCIAL MORTGAGE, USA CAPITAL DIVERSIFIED TRUST DEED FUND, AND USA CAPITAL FIRST TRUST DEED FUND)** |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☒ USA First Trust Deed Fund, LLC | |

1

RQNDOCS-#885589-v1-Reply_re_Motion_to_Distribute

USA Commercial Mortgage Company ("USA"), USA Capital Diversified Trust Deed Fund, LLC ("Diversified Fund"), and USA Capital First Trust Deed Fund, LLC ("FTD Fund") (collectively, the "Debtors") submit this Reply in support of the Debtors' Motion to Distribute Funds and to Grant Ordinary-Course Releases and Distribute Proceeds (the "Motion") (DN 847). A Declaration of Thomas J. Allison in support of the Motion is filed herewith (the "Allison Declaration").

The following responses to Motion to Distribute were filed: (1) Partial Opposition filed by Stanley Alexander and others (the "Alexander Objection") (DN 905); (2) Response and Request for Clarification filed by Boise-Gowan LLC ("Boise-Gowan Response") (DN 936); (3) Limited Objection of the Kantor Group ("Kantor Objection") (DN 985); (4) JV Direct Lenders' Partial Opposition (DN 986) ("JV Objection"); (5) Diversified Fund Committee's Limited Opposition (DN 987); (6) Opposition filed by Prospect High Income Fund and others (DN 991); (7) Response filed by Unsecured Creditors' Committee of USACM (DN 995); (8) Direct Lender Kiven's Opposition ("Kiven Objection") (DN 999); (9) Response of FTD Fund Committee (DN 1000); (10) Mantas Group's Joinder in the Alexander partial opposition (DN 1001); (11) United States Trustee's Limited Objection (DN 1005); (12) Official Committee of Direct Lenders' Limited Opposition (DN 1042); and (13) Canepa Group Joinder in the limited opposition of the Direct Lenders' Committee (DN 1044).

**SUMMARY**

The Motion seeks permission to distribute promptly approximately $68.2 million to Direct Lenders.[1] See Allison Declaration ¶¶ 10-18. Debtors believe that if the Court approves the distribution to Direct Lenders as proposed in the Motion, USACM will be able to mail out payments to Direct Lenders within two weeks after an order approving the distributions is entered. Nearly all, if not all, of the thirteen responses to the Motion support the Debtors' desire to distribute a substantial portion of the funds held in the Collection Account to the Direct Lenders.

---

[1] Capitalized terms used but not defined herein are defined in the Motion to Distribute.

Some of the responses, such as those by the Diversified Committee and the Unsecured Creditors Committee, support a substantial distribution at this time but suggest that additional amounts based on unsupported percentages should be held back. Other responses, such as the Alexander Objection, JV Objection, and Kiven Objection, support a substantial distribution but oppose any netting or holdbacks by the Debtors. Debtors believe that amounts sought to be distributed pursuant to the Motion are justified and appropriate, that the proposed netting and resulting temporary holdbacks described in the Motion are justified and appropriate, and that arguments for a lesser or greater distribution are unconvincing.

## DEFERRAL OF CERTAIN ISSUES

Several of the responding parties correctly note that Debtors have agreed to defer the consideration of ongoing distributions until the hearing set for August 31, 2006. The Motion sought authority to make an initial distribution to Direct Lenders based on the Direct Lender Statements as of June 30, 2006, and also to make ongoing periodic distributions after the initial distribution is made. At the request of certain of the Committees, Debtors agree that it is appropriate to address only the proposed initial distribution at the August 4, 2006 hearing, and request that the hearing on the issue of further periodic distributions be continued to August 31, 2006. This continuance will allow Debtors time to address certain issues respecting the ongoing distributions that the Committees have raised in discussions with Debtors. The continuance will not cause any delay in making future distributions, because Debtors will not have the system and procedures in place for beginning ongoing periodic distributions before early September in any event.

The Motion also requests authority for the Funds to make distributions to their Fund Members from available funds (if any) after appropriate reserves for claims and administrative expenses are determined. As set forth in the Supplement to the Motion filed July 17, 2006 (as modified by paragraph 11 of the Allison Declaration), the proposed distribution to Direct Lenders would result in an initial distribution of approximately $2.4 million to the FTD Fund and no initial distribution to the Diversified Fund. The FTD Fund Committee, with the consent of the FTD Fund, recently filed objections to certain claims filed against the FTD Fund, and the claims

objections will be heard on August 31, 2006. FTD Fund believes that these objections must be resolved before an appropriate claims and expense reserve for FTD Fund can be determined, and therefore requests that the Court continue the hearing on the proposed distributions to the Funds to August 31, 2006. Distributions to Fund Members of the FTD Fund can be made shortly thereafter if the Court approves the distributions and an appropriate a reserve amount at the August 31, 2006.

Finally, in response to certain limited objections raised by the responding parties, including the Kantor Objection and the limited objection of the Direct Lenders' Committee, Debtors hereby reaffirm and clarify that they are not seeking by the Motion to obtain a conclusive and final determination on legal issues addressed in the Motion respecting the proposed netting, including the applicability of equitable recoupment and/or Section 502(d) of the Bankruptcy Code. Debtors merely seek authority to distribute $68.2 million of the $93.5 million in the Collection Account as an initial distribution, and reserve for another day a determination of the legal issues raised in opposition to the proposed netting and holdbacks. Debtors will continue to hold the undistributed funds in the Collection Account to be disbursed only in accordance with applicable orders of the Court. The proposed netting and holdback of certain funds prior to releasing to Direct Lenders the amounts to be distributed in the initial distribution as proposed in the Motion is based on the Debtors' careful and laborious reconstruction of the pre-petition loan accounting system based on source records of payments made or not made by borrowers to USACM as servicer and payments made or not made by USACM to Direct Lenders. *See* Allison Declaration ¶¶ 3-19. Although the Motion and the Allison Declaration establish a sound legal and factual basis for the lender-by-lender netting proposed in the Motion, Debtors agree to defer to a later date any final determination of the legal issues presented. Debtors seek no ruling at this time as to whether the funds held back as a result of the proposed netting at this interim stage ultimately should be distributed to Direct Lenders.

## NO RESTITUTION OR SEIZURE OF FUNDS SOUGHT

Contrary to the arguments raised in the Alexander Objection and Kiven Objection, the netting and holdbacks proposed in connection with the Debtors' proposed initial distribution do not constitute an attempt at "restitution" or to "seize" or "attach" property. Debtors have not and

are not arguing for the application of the doctrine of restitution as set forth in the Restatement of Restitution published in 1936.  Nor do the two cases cited in the Alexander Objection, *Chase Manhattan Bank v. Burden*, 489 A.2d 494 (D.C. App. 1985) and *Greenwald v. Chase Manhattan Mortgage Corp.*, 241 F.3d 76 (1st Cir. 2001), have any application on the facts of this case.  The two cases were not bankruptcy cases and do not address the equitable principles, statutory provisions, and policy considerations at issue in bankruptcy.  In any event, the cases are not binding on this Court.  Even if the doctrine of restitution were relevant in this case, the Ninth Circuit has not adopted the reasoning of the two cases cited by the Alexander Objection respecting the doctrine of restitution.

Debtors are not seizing or attaching property.  The property at issue is already in USACM's possession, and the automatic stay applies equally to enjoin attempts to obtain property *from* the estate as it does in enjoining attempts to obtain property *of* the estate.  11 U.S.C. § 362(a)(3).  The automatic stay of Section 362(a)(3) "requires that no entity grab non-estate property *from* the estate without the court supervision that comes from a stay relief proceeding."  3 Collier on Bankruptcy ¶ 362.03[5] at 362-20 (15th rev. ed. 2002).  Thus, Debtors are entitled to retain possession of the property held by their estates, whether or not such property constitutes property of the estate, unless and until the Court grants relief from stay after an appropriate motion or unless and until Debtors move for authority to distribute funds, as they have done in the Motion, and the Court grants such motion.

The case relied upon in the Kiven Objection, *Groupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999), does not apply on the unique facts and circumstances of this case.  In *Groupo Mexicano,* the Court held, in relation to the issues relevant to the Kiven Objection, that a district court lacked power to issue a pre-judgment preliminary injunction preventing the defendant from transferring assets in which no lien or equitable interest was claimed.  In that case, the plaintiff alleged that the defendant was favoring Mexican creditors and that if a pre-judgment preliminary injunction was not issued, there would be no assets available to satisfy the judgment.  Importantly, the plaintiff sought to attach assets of the defendant which were completely unrelated to the claim being asserted.  Indeed, the Supreme Court, in

1  distinguishing *United States v. First Nat. City Bank*, 379 U.S. 378 (1965), a case relied upon by
2  the respondents in *Groupo Mexicano*, observed that one of the factors in that case where the
3  Supreme Court upheld the grant of a prejudgment injunction prohibiting the transfer of assets, was
4  "the creditor (the Government) asserted an equitable lien on the property, ... which presents a
5  different case from that of the unsecured general creditor." *First National City Bank*, 379 U.S. at
6  326 (the *First National* Court relied heavily on the existence of a statute authorizing tax
7  injunctions and public policy (i.e., collection of taxes)).  Furthermore, although there was no
8  extensive discussion of the impact of the bankruptcy law on such situations, the Court recognized
9  that the "law of fraudulent conveyances and bankruptcy was developed to prevent [the dissipation
10 of assets and favoring of creditors]."  *Id.* at 322.  Accordingly, Groupo Mexicano has limited
11 precendential value in this case.  Here, Debtors may assert at least an equitable interest or lien
12 upon the funds held back and the ability to withhold the funds at this point is certainly related to
13 the final relief to be sought in the case.  Finally, unlike the pre-judgment injunction in *Groupo*
14 *Mexicano* that prohibited the transfer of *any* of the defendant's assets, USACM is only temporarily
15 holding back a portion of the funds in the Collection Account to the extent the Direct Lenders and
16 Debtors both assert an interest. .

### NO OBJECTIONS RAISED TO ORDINARY-COURSE PARTIAL RELEASES

18 None of the responses to the Motion objected to Debtors' request in the Motion for
19 authority to grant ordinary-course partial releases on the limited conditions set forth in the Motion.
20 Thus, this particular relief requested in the Motion should be granted promptly to facilitate
21 USACM's ongoing loan servicing responsibilities.  Debtors agree that, as suggested in the Boise-
22 Gowan Response, the order granting such relief should make it clear that no releases granted pre-
23 petition in connection with pre-petition closings are affected.
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

6

RQNDOCS-#885589-v1-Reply_re_Motion_to_Distribute

1   WHEREFORE, Debtors respectfully request that the Court grant the relief requested in the
2   Motion, as modified in this Reply.
3   Respectfully submitted this 2nd day of August, 2006.

/s/ Jeanette E. McPherson
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385