GORDON & SILVER, LTD.
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: gmg@gordonsilver.com
BRIGID M. HIGGINS, ESQ.
Nevada Bar No. 5990
E-mail: bmh@gordonsilver.com
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: geg@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for the Official Committee
of Holders of Executory Contract Rights through
USA Commercial Mortgage Company

E-Filed On 08/07/06

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                              Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                              Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                              Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                              Debtor. | **OFFICIAL COMMITTEE OF DIRECT LENDERS' OPPOSITION TO STANDARD PROPERTY DEVELOPMENT'S MOTION FOR RELIEF FROM AUTOMATIC STAY [AFFECTS USA COMMERCIAL MORTGAGE COMPANY AND USA CAPITAL FIRST TRUST DEED FUND]** |
| In re:<br>USA SECURITIES, LLC,<br>                              Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☒ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Date: August 16, 2006<br>Time: 9:30 a.m. |

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/416085

The Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company (the "Official Committee of Direct Lenders"), by and through its counsel, the law firm of Gordon & Silver, Ltd. ("G&S"), hereby submits its Opposition (the "Opposition") to the <u>Motion for Relief from Automatic Stay [Affects USA Commercial Mortgage Company and USA Capital First Trust Deed Fund]</u> (the "Motion") filed by Standard Property Development ("Standard").[1]

On or about July 28, 2006, counsel for the Official Committee of Direct Lenders sent a letter to USA Commercial Mortgage's ("USACM") counsel demanding that, pursuant to the USACM's duties under the Loan Servicing Agreement, USACM seek injunctive relief on behalf of the Direct Lenders on the Standard Note (as defined herein) to enjoin the Standard Court State Action (as defined herein) pursuant to 11 U.S.C. §105(a). A true and correct copy of a representative Loan Servicing Agreement is attached to the Declaration of Brigid M. Higgins In Support of the Opposition ("Higgins Declaration") as Exhibit "1"; a true and correct copy of the July 28, 2006 correspondence is attached to the Higgins Declaration In Support of the Opposition as Exhibit "2". Counsel for the Official Committee of Direct Lenders received absolutely no response to the demand.

The Official Committee of Direct Lenders did not intend on filing any pleading in opposition to the Motion. However, upon review of USA Commercial Mortgage Company's opposition to the Motion ("USACM Opposition") (<u>see</u> docket no. 1112), despite its obligations under the Loan Servicing Agreement, it is clear that the USACM does not intend to protect the interests of the more than 100 Direct Lenders on the Standard Note who have been sued in Florida and will be required to defend that action. In the USACM Opposition, USACM seeks protection of its own interests and relegates its duties to the Direct Lenders on the Standard Loan to several noncommittal footnotes. <u>See</u> USACM Opposition, p. 3, f.2, p. 7, f. 3 &4.

---

[1] This Opposition is made and based on the points and authorities which follow, the pleadings and papers contained in the Court's file, judicial notice of which is hereby requested, and any evidence or oral argument presented at the time of the hearing in this matter.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/416085

2

USACM cannot continue to reap the benefits under the Loan Servicing Agreements by charging loan servicing fees, yet at the same time shirk any responsibilities it has to protect the interests of the Direct Lenders. In addition to USACM's failure to protect the Direct Lenders' interest, the Direct Lenders have been refused the very remedy expressly available to them under the Loan Servicing Agreement- replacement of USACM as the loan servicer. The Loan Servicing Agreement provides that if USACM fails to act on the Direct Lenders' behalves then the Direct Lenders may, with approval of 51% or more of all of the holders of the beneficial interest of record in the Loan, designate another servicing agent to so act. See Loan Servicing Agreement, § 3(a). USACM has continued to deny the Direct Lenders access to the contact information of the other Direct Lenders on their respective loans to allow the Direct Lenders to effectively exercise this option. Moreover, the Direct Lenders have been denied their right to terminate the Loan Servicing Agreements. This quagmire has placed the Direct Lenders in an untenable situation which the Court should not continue to permit.

DATED this 7* day of August, 2006.

GORDON & SILVER, LTD.

By: _____
GERALD M. GORDON, ESQ.
BRIGID M. HIGGINS, ESQ.
GREGORY M. GARMAN, ESQ.

**POINTS AND AUTHORITIES**

1. On or about July 19, 2006, Standard filed the Motion [docket no. 903] in which Standard states that it has already commenced an action, case no. 2006-CA-5756 ("Standard State Court Action"), in the Ninth Judicial District in and for Orange County, Florida ("Florida State Court"), against all of the Direct Lenders listed on that certain Promissory Note Secured By Mortgage dated February 27, 2006 in favor of Standard ("Standard Note").[2] The Standard State Court Action was allegedly commenced on July 17, 2006 and the complaint ("Standard

---

[2] The Official Committee of Direct Lenders has been informed that service has been effectuated upon many of the Direct Lenders involved in the Standard Note.

Complaint") generally asserts that the Direct Lenders breached the Standard Note and that certain Construction Loan Agreement by failing to continue to fund the Standard Note and that USACM (as the alleged agent of the Direct Lenders) fraudulently induced Standard into entering the contracts and seeks monetary damages against the Direct Lenders on the Standard Note. See Standard Complaint, Exhibit F to docket no. 904. Virtually all of the alleged claims against the Direct Lenders in the Standard Complaint are based on conduct of USACM and its principals. See Standard Complaint, Exhibit F to docket no. 904.

2. In the Stay Relief Motion, Standard seeks relief from the automatic stay: (1) to provide notices to the construction control company, Project Disbursement Group ("PDG"), instructing PDG to withhold further interest amounts; and (2) to add USACM and the First Trust Deed Fund as defendants in the Standard State Court Action and liquidate any claims Standard may have against those parties. See docket no. 903.

3. On August 4, 2006, USACM filed the USACM Opposition in which it objects to granting relief from the automatic stay to Standard. See docket no. 1112.[3] The Official Committee of Direct Lenders believe that USACM's obligations to the Direct Lenders pursuant to the Loan Servicing Agreement require affirmative action to prevent the Standard State Court Action from proceeding against the Direct Lenders or to defend the Direct Lenders on the Standard Note.

---

[3] The Official Committee of Direct Lenders joins in and incorporates the arguments raised by USACM and the First Trust Deed Committee in their respective oppositions to the Motion. See docket nos. 1111 and 1112. In particular, the Official Committee of Direct Lenders joins the arguments related to: (1) the lack of an obligation under the Construction Loan Agreement on the part of either the Direct Lenders or USACM to increase the loan amount to $17,750,000 (Section 3.2 of Construction Loan Agreement); (2) the clear choice of law and choice of forum provisions in both the Construction Loan Agreement and the Standard Note (¶¶16 and 18 of Standard Note, ¶8.15(a), (b) of the Construction Loan Agreement and the jurisdiction; and (3) the inappropriate attempt by Standard to argue extrinsic evidence to contradict the express terms of the loan documents related to the Standard Loan.

In addition, despite these unambiguous choice of law and choice of forum provisions, Standard justifies the filing in Florida State Court by claiming that the choice of forum provisions are against public policy and therefore, unenforceable. Standard alleges jurisdiction in Florida is granted pursuant to Fla. Stat. §48.193(c) and (g) (granting jurisdiction in Florida courts arising from "[o]wning, using, possessing, or holding a mortgage or other lien on any real property within this State." and "[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state."). However, in Florida, choice of forum provisions are presumptively valid and enforceable in the absence of a showing that enforcement would be "unreasonable or unjust." Swarovski North America, Ltd., v. House of China, Crystal & Silver, Inc., 848 So.2d 452, 453 (Fla.App. 4 Dist. 2003). The test for whether a forum selection provision is unreasonable or unjust is whether the forum "is the equivalent of no forum at all". Corsec, S.L. v. VMC International Franchising, LLC, 909 So.2d 945, 947 (Fla.App. 4 Dist. 2005). Clearly, the provisions designating Nevada as the choice of forum are enforceable.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/416085

4

4. Pursuant to the Loan Servicing Agreement, USACM agreed to take steps to collect payment, including obtaining representation for the direct lender in litigation "as deemed appropriate by USACM in its business judgment to fully protect the interests of the [Direct Lender], and all of the [Direct Lenders] in the loan." See Loan Servicing Agreement, Exhibit "1" to the Higgins Declaration, §2(c)(ii). Generally, USACM agrees to assist the Direct Lender in foreclosure proceedings to protect the Direct Lenders' interest in the note and deed of trust. See Loan Servicing Agreement, §4. In fact, the Direct Lenders appointed USACM as its agent to accept service of any summons or complaint which named the direct lender as a party. See Loan Servicing Agreement, §4. In addition, the Loan Servicing Agreement provides that the Direct Lenders authorized USACM to "do all things and take all actions on behalf of [direct lender] which are necessary or convenient to effectuate this agreement and its intent and to protect [direct lender's] interest under any note, deed of trust, guaranty, security agreement or other document pertaining to any Loan." See Loan Servicing Agreement, §11.

5. The Official Committee of Direct Lenders believes that USACM has both standing and the responsibility under the relevant documents to seek to enjoin the Florida State Action as against the Direct Lenders pursuant to 11 U.S.C.§105(a) and Beck v. Fort James Corp. et al (In re Crown Vantage, Inc.), 421 F.3d 963 (9th Cir. 2005). The Official Committee of Direct Lenders demanded that USACM seek such injunctive relief on behalf of the Direct Lenders on the Standard Note. Instead, USACM merely sought to protect its own interests by filing an opposition to the Motion requesting the Court deny relief from the automatic stay. USACM noted in a footnote that it "is not, at this time, asking the Court to enjoin the Florida litigation but it is possible that such a request will be made based upon the relationship between USACM and the Direct Lenders." See USACM Opposition, docket no. 1112, p. 3, f.2.

6. Given that the Standard Complaint was filed three weeks ago and certain Direct Lenders have been served with a summons and the Standard Complaint, the Official Committee of Direct Lenders is uncertain what USACM is waiting for. Debtors acknowledge that this Court will have to decide the "inevitable cross-claims of the Direct Lenders against the Debtors". See USACM's Opposition, p. 7, ll. 8-10. In addition to the inevitable cross-claims for contribution

Gordon & Silver, Ltd.
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

100933-001/416085

5

or indemnification facing USACM as a result of the Standard Complaint, USACM is also facing damages resulting from its failure to take any action to protect the interests of the Direct Lenders on the Standard Note.

DATED this 7th day of August, 2006.

GORDON & SILVER, LTD.

By /s/ 
GERALD M. GORDON, ESQ.
BRIGID M. HIGGINS, ESQ.
GREGORY E. GARMAN, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89109
Attorneys for the Official Committee
of Holders of Executory Contract Rights
through USA Commercial Mortgage Company
("Official Committee of Direct Lenders")

100933-001/416085

6