J. Stephen Peek, Esq., NV. Bar No. 1758
Elissa F. Cadish, Esq., NV Bar No. 4273
Scott D. Fleming, Esq., NV Bar No. 5638
Matthew J. Kreutzer, Esq., NV Bar No. 8834
Hale Lane Peek Dennison and Howard
3930 Howard Hughes Parkway, Fourth Floor
Las Vegas, Nevada  89169
Telephone: (702) 222-2500
Facsimile:  (702) 365-6940
Email:  mkreutzer@halelane.com

Attorneys for Rolland P. Weddell
And Spectrum Financial Group

ELECTRONICALLY FILED August 11, 2006

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY<br>                    Debtor. | Bankruptcy No. BK-S-06-10725-LBR<br>Bankruptcy No. BK-S-06-10726-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC<br>                    Debtor. | Bankruptcy No. BK-S-06-10727-LBR<br>Bankruptcy No. BK-S-06-10728-LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC<br>                    Debtor. | Bankruptcy No. BK-S-06-10729-LBR<br>(Jointly Administered)<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC<br>                    Debtor. | **REPLY BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**<br>(Affects:  All Debtors) |
| In re:<br>USA SECURITIES, LLC<br>                    Debtor. | Hearing Date:  August 16, 2006<br>Hearing Time:  9:30 a.m. |

Rolland P. Weddell and Spectrum Financial Group (collectively, "Movants") hereby file their Reply to debtor USA Commercial Company's ("USA") Opposition to their Motion for Relief from the Automatic Stay for the limited purpose of permitting litigation currently pending in the United States District Court for the District of Nevada, Case No. 2:01-cv-0355-KJD-LRL (the "Action") to continue.

**I.**

**ARGUMENT**

Section 362(d) of the U.S. Bankruptcy Code is clear that, under certain circumstances, it is absolutely appropriate for a bankruptcy court to lift the automatic stay imposed on litigation involving the debtor. Indeed, as stated in the Motion, Congress has specifically recognized that in certain circumstances, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." ***Matter of Holtkamp***, 669 F.2d 505, 508 (D. Ind. 1982), citing S.Rep.No.989, 95th Cong., 2d Sess. 50, reprinted in (1978) U.S.Code Cong. & Ad.News 5836.

Contrary to the arguments presented by USA in its Opposition brief, the Action is exactly the type of case for which Section 362(d) was designed. Indeed, almost all of the principal factors cited by USA actually <u>support</u> granting Movants their requested relief from the automatic stay.

**A.     The Factors Cited In USA's Reply Brief Support Granting Relief From Stay**

In its Opposition, USA cites a number of factors from the cases ***Sonnox Industries, Inc. v. Tri Components Products Corp.***, 907 F.2d 1280, 1285 (2nd Cir. 1990) and ***In re Johnson***, 115 B.R. 634, 636 (Banrk.D.Minn. 1989). Opposition, at 4 – 5. A balancing of these factors, however, heavily favors Movants and relief from the automatic stay.

- The Action involves several third parties – specifically, Thomas Hantges, Joseph Milanowski, Richard Kropp, Amblamo, Inc., and Housing Partners, Inc.

- Granting Movants their requested relief would result in a complete resolution of the Action because Movants would not have to try the case twice, and therefore avoid a multiplicity of suits

- The balance of harms strongly favors Movants

If the Court denies the Motion for Relief from Stay, Movants will likely be forced to conduct two separate trials – one involving the third parties, and one involving USA alone. In the Action, USA was the primary participant in the events forming the basis of Movant's Fourth Amended Complaint, and trying the case without having the benefit of USA's participation will cause substantial prejudice to Plaintiffs and will result in significant expense. This is exactly the type of situation contemplated in

the *Johnson* case – one of the principal authorities on which USA relies – which states that one factor that weighs in favor of relief from stay is where "the litigation involves other parties over whom the Bankruptcy Court lacks jurisdiction, and whether full relief may be accorded to all such nondebtor parties without the debtor's presence in the lawsuit." *Johnson*, 115 B.R. at 636.

These factors strongly support granting the requested relief from the automatic stay. *In re Hoffman*, 33 B.R. 937, 941 (Bkrtcy.Okl. 1983) ("causing the Plaintiffs to proceed once against [the debtor] in a bankruptcy proceeding and then against [the debtor] and the co-defendants in District Court would result in an even greater prejudice to the Plaintiffs"). Indeed, *Johnson* counsels that the court should "avoid a multiplicity of suits and proceedings involving the same subject matter." *Johnson*, 115 B.R. at 636.

Although USA complains about the potential expense of being forced to participate in the Action, that consideration should not be given much weight. *See In re Bock Laundry Mach. Co.* 37 B.R. 564, 567 (Bkrtcy.Ohio 1984) ("Courts have not, however, ascribed much significance to the fact that the debtor will be required to participate in their defense"). Being forced to proceed with the Action once against the current third-party Defendants and once against USA will cause much greater harm to Movants. Accordingly, the balance of harms here clearly favors Movants.

- The District Court, while not a "specialized tribunal," has been involved with the case for more than five years, and has developed an understanding of the facts and basis of the dispute
- Allowing the Action to proceed would serve the interests of judicial economy

The Action has been pending for more than five years. The docket in this matter approaches five hundred (500) entries. During the entire course of the Action, it has been assigned to the Honorable Kent J. Dawson, who has had the opportunity to become familiar with the facts while ruling on numerous motions. In a complex case involving a thorny set of loan transactions spanning a period of several years, it is particularly time-consuming for a court to review the file and become familiar with the case. While the District Court is not a specialized tribunal, it has gained specialized experience in the Action. Accordingly, allowing the Action to continue would serve the interests of judicial economy. *Matter of Fernstrom Storage and Van Co.*, 938 F.2d 731, 737 (7th Cir. 1991) ("the further along the litigation, the more unfair it is to force the plaintiff suing the debtor-defendant 'to duplicate

all of its efforts in the bankruptcy court").

- Allowing the Action to continue will not prejudice the interests of secured creditors, as any judgment would necessarily be unsecured and not subject to a preference

- If Movants are successful, USA is unlikely to bring a judicial lien avoidance action

If Movants are successful in the Action, the resulting judgment would not prejudice creditors in this action because the judgment would necessarily be unsecured debt. Even if there are no assets remaining for unsecured creditors at the conclusion of the bankruptcy proceedings, allowing USA to participate in the Action would serve an important purpose in that it would permit Movants to obtain the information they need to proceed against the other defendants in the Action.

- Movants have not completed discovery in the Action and are not currently in the position to "prove" their claims in the Action; however, indications from the bankruptcy case at least suggest that Movants have a good chance of success

- While the parties are not yet ready for trial in the Action, they have made significant progress towards that point, and refusal to grant the Motion and relieve Movants from the stay may result in substantial duplication of work at a later date.

Even though the Action has been proceeding for more than five years, Movants are not currently ready to try the case. The bankruptcy rules, however, do not require Movants to first prove their case before they can succeed on a motion to lift the stay. Only a "very slight" showing of probability of success is needed for a party seeking relief from automatic stay. ***In re Rexene Prods. Co.***, 141 B.R. 574, 578 (Bankr.D.Del.1992) ("[t]he required showing is very slight"). This is particularly true where, as here, "the balance of hardships weighs in favor of [the moving party]." ***Continental Airlines***, 152 B.R. at 426 (*citing* ***In re Fernstrom Storage & Van Co.***, 938 F.2d at 737).

As discussed in the Motion, this case involves allegations of fraudulent misrepresentations and other wrongdoing on the part of USA and its co-defendants. From the face of the Fourth Amended Complaint, it is clear that the bulk of the alleged wrongdoing was committed by Thomas Hantges and Joseph Milanowski, the former principals of USA. *See* Motion, at Exhibit B. As the Court knows, these same individuals are reputed to be under investigation by various state and federal authorities for various alleged wrongdoing relating to their management of USA. Hantges has already been forced by

the Securities and Exchange Commission to pay fines relating to his misconduct. Certain of Movants' allegations in the Fourth Amended Complaint relate to USA's practice of paying direct lenders on nonperforming loans, a practice that has been admitted by USA in the bankruptcy litigation. *See* Motion, Exhibit C. Clearly, USA has met the required "very slight" showing of probability of success.

As one court has observed, "the further along the litigation, the more unfair it is to force the plaintiff suing the debtor-defendant to duplicate all of its efforts in the bankruptcy court". ***Matter of Fernstrom Storage and Van Co.***, 938 F.2d 731, 737 (7th Cir. 1991)). Here, the parties have already completed a substantial amount of discovery in the Action. Permitting the stay to continue in full force and effect as to USA may result in wasted efforts by Movants. As stated in ***Johnson***, a court should seriously consider granting a motion for relief from stay where it is likely that "investment of resources in trial preparation would be wasted" if the stay relief is not granted. ***Johnson***, 115 B.R. at 636.

In light of the foregoing, the factors cited by the ***Sonnox*** and ***Johnson*** courts, as cited by USA, favor granting relief from the automatic stay as to the Action.

### B. USA Should Decide The Ownership Of Its Counterclaims

Repeatedly throughout its Opposition brief, USA claims that it does not yet know whether "it is the proper party to the Counterclaims or if some or all of the personal guarantees should be the subject of litigation for the benefit of Direct Lenders." Opposition, at 2:20-22; 6:22-24. At this point in the bankruptcy proceedings, however, it should know. Movants respectfully submit that the Court should at the very least require USA to determine whether its Counterclaims are, indeed owned by USA or by its direct lenders.

If the Court is inclined to deny the Motion and USA determines that its counterclaims in the Action belong to its direct lenders, and not USA, then Movants respectfully request that the Court lift the stay for the limited purpose of allowing Movants to have the counterclaims dismissed. Either way, USA should not, at this point in its bankruptcy, be permitted to hide behind professed ignorance when it already has the information it needs to decide whether it owns the counterclaims that it asserted years ago.

/ / /

/ / /

## II.

## CONCLUSION

Based on the foregoing and on the original Motion, Movants' request for relief from the automatic stay imposed in favor of USA should be granted, and Movants should be permitted to proceed against USA in the case captioned *Rolland P. Weddell, et al. v. USA Commercial Mortgage, et al.*, case number 2:01-CV-0355 KJD(LRL), currently pending in the United States District Court for the District of Nevada.

DATED this 11th day of August, 2006.

/s/ Matthew J. Kreutzer
J. Stephen Peek, Esq.
Elissa F. Cadish, Esq.
Scott D. Fleming, Esq.
Matthew J. Kreutzer, Esq.
Hale Lane Peek Dennison and Howard
3930 Howard Hughes Parkway, Fourth Floor
Las Vegas, Nevada 89169

Attorneys for Rolland P. Weddell
And Spectrum Financial Group

# CERTIFICATE OF MAILING

I certify that on the 11th day of August, 2006, I served a copy of the **REPLY BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY** by depositing a copy of the same in a sealed envelope in the United States mail, Reno, Nevada, first-class postage fully prepaid, or by electronic notification and addressed to the persons as follows: See attached list.

**Electronic notice to:**

FRANKLIN C. ADAMS    franklin.adams@bbklaw.com, arthur.johnston@bbklaw.com

NANCY L ALLF    nallf@parsonsbehle.com, klawrence@parsonsbehle.com; tthomas@parsonsbehle.com; ecf@parsonsbehle.com

BMC GROUP, INC.    evrato@bmcgroup.com, ecf@bmcgroup.com; jmiller@bmcgroup.com; jbartlett@bmcgroup.com

KELLY J. BRINKMAN    kbrinkman@gooldpatterson.com,

THOMAS R BROOKSBANK    tom@tombrooksbank.com, renee@tombrooksbank.com

MATTHEW Q. CALLISTER    mqc@callister-reynolds.com, maggie@callister-reynolds.com

CANDACE C CARLYON    ltreadway@sheacarlyon.com, ccarlyon@sheacarlyon.com; bankruptcyfilings@sheacarlyon.com; rmsmith! @sheacarlyon.com

ROB CHARLES    rcharles@lrlaw.com, cjordan@lrlaw.com

MICHAEL W. CHEN    yvette@ccfirm.com

KEVIN B. CHRISTENSEN    kbchrislaw@aol.com,

JANET L. CHUBB    tbw@jonesvargas.com

JEFFREY A. COGAN    jeffrey@jeffreycogan.com, sarah@jeffreycogan.com

WILLIAM D COPE    cope_guerra@yahoo.com, cope_guerra@yahoo.com

CICI CUNNINGHAM    bankruptcy@rocgd.com

LAUREL E. DAVIS    bklsclv@lionelsawyer.com, ldavis@lionelsawyer.com; gbagley@lionelsawyer.com; ldavisesq@aol.com

DEBT ACQUIS! ITION COMPANY OF AMERICA V, LLC (tf)    tfette@daca4.! com,

THOMAS H. FELL    BANKRUPTCYNOTICES@GORDONSILVER.COM

SCOTT D. FLEMING    sfleming@halelane.com, dbergsing@halelane.com,ecfvegas@halelane.com

GREGORY E GARMAN    bankruptcynotices@gordonsilver.com

WADE B. GOCHNOUR    wgochnour@hwmlvlaw.com, donnat@hwmlvlaw.com

Hale Lane Peek Dennison and Howard
3930 Howard Hughes Parkway, Fourth Floor
Las Vegas, Nevada 89169

| | |
|---|---|
| 1 | CARLOS A. GONZALEZ    carlos.gonzalez2@usdoj.gov, Darlene.Ruckard@usdoj.gov; Eunice.Jones@usdoj.gov; Sue.Knight@usdoj.gov |
| 2 | |
| 3 | GERALD M GORDON    bankruptcynotices@gordonsilver.com |
| 4 | TALITHA B. GRAY    bankruptcynotices@gordonsilver.com |
| 5 | MARJORIE A. GUYMON &! nbsp    bankruptcy@goldguylaw.com, ddias@goldguylaw.com |
| 6 | XANNA R. HARDMAN    xanna.hardman@gmail.com, |
| 7 | STEPHEN R HARRIS    noticesbh&p@renolaw.biz |
| 8 | BRIGID M. HIGGINS    bankruptcynotices@gordonsilver.com, |
| 9 | DAVID W. HUSTON    dwh@hustonlaw.net, swaits@hustonlaw.net |
| 10 | CHRISTOPHER D JAIME    cjaime@waltherkey.com, kbernhar@waltherkey.com |
| 11 | EVAN L. JAMES    ejameslv@earthlink.net, kbchrislaw@aol.com |
| 12 | ANNETTE W JARVIS    , |
| 13 | TY E. KEHOE    TyKehoeLaw@aol.com |
| 14 | ROBERT R. KINAS !    rkinas@swlaw.com,! mstran d@swlaw.com; jlustig@swlaw.com; chaines@swlaw.com; imccord@swlaw.com |
| 15 | ZACHARIAH LARSON    ecf@lslawnv.com |
| 16 | JOHN J. LAXAGUE    jlaxague@caneclark.com |
| 17 | NILE LEATHAM    nleatham@klnevada.com, ckishi@klnevada.com; bankruptcy@klnevada.com |
| 18 | ROBERT C. LEPOME    robert@robertlepome.com, susan@robertlepome.com |
| 19 | ANNE M. LORADITCH    ecffilings@beckleylaw.com, aloraditch@beckleylaw.com; pkois@beckleylaw.com |
| 20 | |
| 21 | REGINA M. MCCONNELL    rmcconnell@kssattorneys.com, |
| 22 | WILLIAM L. MCGIMSEY    lawoffices601@lvcoxmail.com, |
| 23 | RICHARD MCKNIGHT !    mcknightlaw@cox.net, gkopang@lawlasvegas.com; cburke@lawlasvegas.com,sforemaster@lawlasvegas.com |
| 24 | JEANETTE E. MCPHERSON    bkfilings@s-mlaw.com |
| 25 | JEANETTE E. MCPHERSON    bkfilings@s-mlaw.com |
| 26 | SHAWN W MILLER    bankruptcyfilings@sheacarlyon.com, smiller@sheacarlyon.com; aboehmer@sheacarlyon.com; ltreadway@sheacarlyon.com; rsmith@sheacarlyon.com |
| 27 | |
| 28 | DAVID MINCIN    mcknightlaw@cox.net, gkopang@lawlasvegas.com; dmincin@lawlasvegas.com,cburke@lawlasvegas.com,sforemaster@lawlasvegas.com |

Hale Lane Peek Dennison and Howard
3930 Howard Hughes Parkway, Fourth Floor
Las Vegas, Nevada 89169

Hale Lane Peek Dennison and Howard
3930 Howard Hughes Parkway, Fourth Floor
Las Vegas, Nevada 89169

| | |
|---|---|
| 1 | JOHN F MURTHA     jmurtha@woodburnandwedge.com |
| 2 | ERVEN T. NELSON     erv@rlbolick.com, susan@rlbolick.com |
| 3 | BOB L. OLSON !     ecffilings@beckle! ylaw.com , bolson@beckleylaw.com; dgriffis@beckleylaw.com |
| 4 | |
| 5 | DONNA M. OSBORN     jinouye@marquisaurbach.com, dosborn@marquisaurbach.com; tszostek@marquisaurbach.com; kgallegos@MarquisAurbach.com |
| 6 | DONALD T. POLEDNAK     sandplegal@yahoo.com, spbankruptcy@yahoo.com |
| 7 | PAUL C RAY     info@johnpeterlee.com |
| 8 | SUSAN WILLIAMS SCANN     sscann@deanerlaw.com, palexander@deanerlaw.com |
| 9 | LENARD E. SCHWARTZER     bkfilings@s-mlaw.com |
| 10 | SHLOMO S. SHERMAN     ssherman@sheacarlyon.com, aboehmer@sheacarlyon.com; bankruptcyfilings@sheacarlyon.com; ltreadway@sheacarlyon.com; rsmith@sheacarlyon.com |
| 11 | |
| 12 | JEFFREY G. SLOANE !     gjklepel@yahoo.com, rmcconnell@kssattorneys.com |
| 13 | DAVID A. STEPHENS     dstephens@lvcm.com |
| 14 | PETER SUSI     cheryl@msmlaw.com, msm@msmlaw.com |
| 15 | JEFFREY R. SYLVESTER     jeff@sylvesterpolednak.com, David@sylvesterpolednak.com |
| 16 | CARYN S. TIJSSELING     cst@beesleymatteoni.com, aha@beesleymatteoni.com |
| 17 | U.S. TRUSTEE - LV - 11     USTPRegion17.lv.ecf@usdoj.gov, |
| 18 | WHITNEY B. WARNICK     wbw@albrightstoddard.com, bstessel@albrightstoddard.com |
| 19 | JOAN C WRIGHT     jwright@allisonmackenzie.com, jbrooks@allisonmackenzie.com |
| 20 | MATTHEW C. ZIRZOW     bankruptcynotices@gordonsilver.com |
| 21 | /// |
| 22 | /// |

and mailed to:

| | |
|---|---|
| NICHOLAS J SANTORO<br>400 S FOURTH ST 3RD FLOOR<br>LAS VEGAS, NV 89101 | GREG GARMAN<br>3960 Howard Hughes Parkway<br>9th Floor<br>Las Vegas, NV 89109 |
| BRADLEY J STEVENS<br>3300 N CENTRAL AVE<br>PHOENIX, AZ 85012 | PAUL A. JACQUES<br>810 SE 7th Street A-103<br>Deerfield Beach, FL 33441 |
| GREGORY J WALCH<br>400 S FOURTH ST 3RD FLOOR<br>LAS VEGAS, NV 89101 | SCOTT K. CANEPA<br>CANEPA, RIEDY & RUBINO<br>851 S. Rampart Blvd., #160<br>Las Vegas, NV 89145 |

/s/ Cyndy Arnold
Employee of Hale Lane Peek Dennison and Howard

Hale Lane Peek Dennison and Howard
3930 Howard Hughes Parkway, Fourth Floor
Las Vegas, Nevada 89169