E-Filed
August 15, 2006

Andrew M. Brumby, Esq.
Florida Bar No. 0650080
Shutts & Bowen LLP
300 South Orange Avenue, Suite 1000
P.O. Box 4956
Orlando, Florida 32802-4956
Telephone:      407-423-3200
Facsimile:      407-425-8316
E-mail:   abrumby@shutts-law.com

and

Vaughn Gourley, Esq.
Nevada Bar No. 0503
Stephens, Gourley & Bywater
3636 North Rancho Drive
Las Vegas, Nevada  89130
Telephone:      702-656-2355
Facsimile:      702-656-2776
E-mail:  vgourley@1vcm.com

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

In re:

USA COMMERCIAL MORTGAGE COMPANY,

     Debtor.

_____/

In re:

USA CAPITAL REALTY ADVISORS, LLC,

     Debtor.

_____/

In re:

USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,

     Debtor.

_____/

In re:

USA SECURITIES, LLC,

     Debtor.

_____/

Affects:
     ☐ All Debtors
     ☒ USA Commercial Mortgage Co.
     ☐ USA Securities, LLC
     ☐ USA Capital Realty Advisors, LLC
     ☐ USA Capital Diversified Trust Deed
     ☒ USA First Trust Deed Fund, LLC

_____/

CASE NOS: BK-5-06-10726 LBR
CASE NOS: BK-5-06-10727 LBR
CASE NOS. BK-5-06-10728 LBR
CASE NOS. BK-5-06-10729 LBR
CHAPTER 11
JOINTLY ADMINISTERED UNDER
CASE NO. BK-5-06-10725-LBR

E-Filed
August 15, 2006

## STANDARD PROPERTY DEVELOPMENT, LLC'S REPLY TO OPPOSITION OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW, Standard Property Development, LLC ("Standard Property"), by and through its undersigned counsel, and files this Reply in response to the Oppositions to the Motion for Relief from the Automatic Stay (the "Motion"), (collectively known as "Oppositions") filed by USA Commercial Mortgage Company ("USACM"), USA Capital First Trust Deed Fund, LLC ("Capital First") (collectively, the "Debtors"), Official Committee of Equity Security Holders of USA Capital First Deed Trust Fund, LLC (the "Equity Committee"), and the Official Committee Holders of Executory Contract Rights (the "Direct Lenders Committee") (known collectively as "Opponents").[1]

### RESPONSE TO ALLEGATIONS BY THE OPPOSITIONS

Generally, the Opponents recite four basic arguments as to why the Motion should be denied: (1) the existence of a forum selection clause, a choice of law provision, and provision stating there is no requirement to fund, which allegedly causes the Florida court action (the "Lawsuit") to be meritless; (2) the Court should not interfere with the payment of interest; (3) the <u>Curtis</u> factors show that relief from the stay is not warranted; and (4) USACM is responsible for the defense of the Direct Lenders in litigation. Each of these four arguments is addressed below.

**I.      The Lawsuit Allegedly Lacks Merit**

A.      Choice of Law, Choice of Forum Provisions

The Opponents contest the Motion based upon a provision in the Loan Documents which they assert requires that any actions arising from the Loan Agreement to be brought in Clark County, Nevada. However, whether or not there is an enforceable forum selection clause does

---

[1]    Unless otherwise defined, all capitalized terms have the meaning ascribed to them in the Motion.

2

E-Filed
August 15, 2006

not preclude the Lawsuit or the Debtors' liability in the Lawsuit, but only effects the forum in which the action will be brought.

Given the existing forum of the Lawsuit, Florida law will determine whether the forum selection clause should be enforced, or whether there is a reason not to do so. Kerr Construction, Inc. v. Peters Contracting, Inc., 767 So.2d 610, 612 (Fla.Dist.Ct.App. 2000). Standard Property believes there are several reasons which provide a basis to challenge the enforcement of the forum selection clause – fraud, inequity, multiplicity of suits, and a Florida public policy requiring that all Florida construction related litigation be brought in Florida. See, e.g., Interval Marketing Associates, Inc. v. Sea Club Associates IV, LTD., 468 So.2d 262, 263 (Fla. Dist. Ct. App. 1985) (holding that a court is not bound to follow a forum selection clause, where there are compelling reasons not to enforce it, including the avoidance of multiple suits); Girdley Construction Company v. Architectural Exteriors, Inc., 517 So.2d 137, 138 (Fla. Dist. Ct. App. 1987) (transferring the lawsuit would result in multiple suits and a splitting of the cause of action, therefore provision should not be enforced); Kerr Construction, Inc., 767 So.2d at 612 (Forum selection clause is void as a matter of public policy based on provisions of Fla. Stat. §47.025); W.G. Mills, Inc. v. Hughes Supply, Inc., 816 So.2d 225, 226 (Fla. Dist. Ct. App. 2002) (there are circumstances to which the court has discretion not to give effect to a forum selection clause). In this instance, Standard Property believes the applicable court may well conclude that Florida is the appropriate forum to resolve all of the related disputes between Standard Property and the Direct Lenders, including any foreclosure claim the Direct Lenders may bring.

As such, this argument should not prelude the Court from rendering a decision on lifting the automatic stay so the two applicable Debtors might be included in ongoing litigation. Given that one element of the dispute may only be had in the courts of Orange County, Florida – the

E-Filed
August 15, 2006

foreclosure element – there is likely a legitimate basis to conclude that all claims and causes of action be litigated together, including (for purposes of the liquidation of the claims only) those against the two applicable Debtors.  Otherwise, the cost to the parties of duplicative, parallel track proceedings is apparent, and creates a risk of inconsistent results and unnecessary cost and expense to all parties.

Additionally, the Opponents challenge the Lawsuit based on a choice of law provision. This argument should not weigh on the Court, as even assuming the Opponents are correct, this would do nothing more than have the Florida court (or whatever court ultimately hears the case) apply Nevada law.  Courts commonly apply the laws of various states and nothing would stand to oppose the belief that they could not perform the same function with Nevada law.  As such, even assuming their argument is correct, this would not preclude the lawsuit and should not weigh into the decision of the Court when examining the Curtis factors assessing whether lifting the automatic stay is appropriate.

B.    Increase in Loan Amount precluded by the Contract

The Opponents argue that the lawsuit lacks merit because any requirement of additional funding is precluded by Paragraph 3.2 of the Construction Loan Agreement which states:

> "Lender and USA shall have the exclusive right, but not the obligation, to increase the Loan Amount to an amount not to exceed Seventeen Million Seven Hundred Fifty Thousand Dollars ($17,750,000.00)."

However, what the Opponents fail to mention is that the Direct Lenders (and USACM) did commence funding the Construction Loan Agreement in accordance with the obligation to fund the entire Seventeen Million Seven Hundred Fifty Thousand Dollars (17,750,000.00) amount of the Note.  That construction funding is entirely consistent with the decision to execute

E-Filed
August 15, 2006

a promissory note in the amount of $17,750,000.00 (not $8.24 million), as well as, presumably, the general business practices of USACM.

As such, among other things, the totality of the Note in the amount of the entire acquisition and construction costs, the Disbursement Schedule attached to the Construction Loan Document and the Construction Loan Agreement provisions generally, the USCAM business practices generally, and the actions of the Direct Lenders and their agent in commencing funding of the construction portion loan provide amplification of the correct interpretation of Paragraph 3.2 of the Construction Loan Agreement. While the court trying the Lawsuit will eventually need to interpret paragraph 3.2 – whether it is ambiguous, inconsistent or contradictory, or consistent with the balance of the documents if interpreted in a certain manner, that, again, is not a basis for denying whatever court (and Standard Property) the opportunity to do just that.

In Florida, "construction of a contract is ordinarily a question of law for the trial court provided that the terms used are unequivocal, clear, undisputed, and not subject to conflicting inferences." Chhabra v. Morales, 906 So.2d 1261 (Fla. Dist. Ct. App. 2005) (quoting Segal v. Rhumbline Int'l, Inc., 688 So.2d 397, 398 (Fla. Dist. Ct. App. 1997)). "However, when the terms of a written instrument are disputed and rationally susceptible to more than one construction, an issue of fact is presented which cannot properly be resolved by summary judgment." Id. When an agreement is susceptible to more than one construction, it is therefore ambiguous. See Strama v. Union Fid. Life Ins. Co., 793 So.2d 1129, 1132 (Fla. Dist. Ct. App. 2001) (holding that when a contract is ambiguous because it is susceptible to different interpretations, parol evidence is admissible to explain or clarify ambiguous term); Gorman v. Kelly, 658 So.2d 1049, 1052 (Fla. Dist. Ct. App. 1995) ("Where a term in a contract is ambiguous or unclear, 'the court may consider extrinsic matters not to vary the terms of the

E-Filed
August 15, 2006

contract, but to explain, clarify or elucidate the ambiguous language with reference to the subject matter of the contract, the circumstances surrounding its making, and relation of the parties.'"); Specialty Rests. Corp. v. City of Miami, 501 So.2d 101, 103 (Fla. Dist. Ct. App. 1987) ("A contract is ambiguous when its language is reasonably susceptible to more than one interpretation, or is subject to conflicting inferences.")

Additionally, in finding a contract ambiguous, if there are two interpretations equally plausible, then the contract is construed against the draftsman. Gorman, 658 So.2d at 1052 (quoting Vienneau v. Metro. Life Ins. Co., 548 So.2d 856, 859 (Fla. Dist. Ct. App. 1989)); Bacardi v. Bacardi, 386 So.2d 1201, 1203 (Fla. Dist. Ct. App. 1980) ("When a contract is ambiguous and the parties suggest different interpretations, the issue of the proper interpretation is an issue of fact requiring the submission of evidence extrinsic to the contract bearing upon the intent of the parties.").

The Opponents argue that under Nevada law, if a contract that is clear on its face, interpretation is a matter of law, and the court will enforce the contract as written. Chwialkowski v. Sachs, 834 P.2d 404, 406-407 (Nev. 1992)). However, as stated by the Nevada Supreme Court in Ringle v. Bruton, 120 Nev. 82, 86 P.2d 1032, 1039 (2004) and numerous other times:[2]

> "When contract language is ambiguous and incomplete, however, extrinsic evidence may be admitted to determine the parties' intent, explain ambiguities, and supply omissions. In determining the parties' intent, the trier of fact must construe the contract as a whole, including consideration of the contract's subject matter and objective, the circumstances of its drafting and execution, and the parties' subsequent conduct. Ambiguous terms should be construed against the party who drafted them, ...."

---

[2]  Ringle v. Bruton, 120 Nev. 82, 86 P.3d 1032, 1039 (2004); Sandy Valley Assocs. V. Sky Ranch Estates, 117 Nev. 948, 35 P.3d 964, 967-68 (2001); Siggelkow v. Phoenix Ins. Co., 109 Nev. 42, 44, 846 P.2d 303, 304 (1993) (holding that a court must construe an insurance contract as a whole in order to give reasonable and harmonious meaning to the entire contract).

E-Filed
August 15, 2006

Additionally, in <u>Shelton v. Shelton</u>, 119 Nev. 492, 497, 78 P.3d 507, 510, the Supreme

Court stated:

> "'A contract is ambiguous if it is susceptible to more than one interpretation." <u>Margrave v. Dermody Properties</u>, 110 Nev. 824, 827, 878 P.2d 291, 293 (1994); *see also* <u>Pressler v. City of Reno</u>, 118 Nev. 506, ---, 50 P.3d 1096, 1098 (2002). The best approach for interpreting an ambiguous contract is to delve beyond its express terms and "examine the circumstances surrounding the parties' agreement in order to determine the true mutual intentions of the parties." <u>Hilton Hotels v. Butch Lewis Productions</u>, 107 Nev. 226, 231, 808 P.2d 919, 921 (1991). This examination includes not only the circumstances surrounding the contract's execution, but also subsequent acts and declarations of the parties. *See* <u>Trans Western Leasing v. Corrao Constr. Co.</u>, 98 Nev. 445, 447, 652 P.2d 1181, 1183 (1982). Also, a specific provision will qualify the meaning of a general provision. *See* <u>Mayer v. Pierce County Medical Bureau</u>, 80 Wash. App. 416, 909 P.2d 1323, 1327 (1995). Finally, "[a]n interpretation which results in a fair and reasonable contract is preferable to one that results in a harsh and unreasonable contract." <u>Dickenson v. State, Dep't of Wildlife</u>, 110 Nev. 934, 937, 877 P.2d 1059, 1061 (1994)."

The applicable language, when read in conjunction with the remainder of the documents, is

capable of several interpretations. Even if it was not, the good faith and fair dealing overlay to

all contracts, including these, still remains. As such, the ambiguous, conflicting provisions may

well require a court to examine the surrounding circumstances to determine the intent.

What is demonstrated by all 3 Oppositions is that USACM, given that  was the agent of

the Direct Lenders, is an appropriate participant in the Lawsuit for a variety of reasons and

purposes, including in order to supply knowledge of the facts and circumstances surrounding the

initiation of the loan. This is another factor that the Court should consider when deciding

whether to allow the lifting of the automatic stay so that all appropriate parties be included in the

Lawsuit and a just outcome can be determined in a single proceeding.

    C.    <u>USACM Had No Authority to Promise Additional Funding</u>

This argument is without merit as USACM has at all times represented to Standard

Property, that it had and has full power to bind Direct Lenders to any and all agreements. Indeed

E-Filed
August 15, 2006

the whole USACM business model, as evidenced by the limited powers of attorney, is premised

on the fact that USACM is an apparent, if not express, agent of the Direct Lenders and has the

ability to bind them to obligations to fund. Alleged agreements between the Direct Lenders and

USACM to the contrary, to which Standard Property was not a party, are of no moment.

D.      Court Should Not Interfere With the Payment of Interest

The Opponents argue that Standard Property does not have the right to interfere with the

interest payments as they have waived their right to offset. Standard Property has not asked for

an offset;[3] rather the relief sought is simply to maintain the interest reserve until such time as the

litigation involving the parties has run its course. To the extent funds are disbursed by PDG to

one of the Debtors, which then disburses such monies to the Direct Lenders, such disbursement

increases the burden and expense upon Standard Property, and unduly prejudices Standard

Property in its efforts to recover the damages it claims to be due it by the Direct Lenders. On the

other hand, no damage or harm will befall the Direct Lenders, given that the status quo will be

maintained, and the funds presumptively retained by PDG, pending ultimate resolution of the

disputes between the parties regarding to whom such amounts should be paid. Simply

preserving the status quo, without prejudice to any of the parties, would seem to be more than

sufficient cause for permitting Standard Property to provide such notice to PDG. As such, there

---

[3] Authorities generally suggest that recoupment, as opposed to setoff, is not prohibited by the automatic stay. The claims at issue here – the amount allegedly owing the Direct Lenders pursuant to the applicable loan documents and the amount Standard Property contends is owed it for breach of the Construction Loan Agreement and other loan documents, might well be characterized as recoupment. For resolution purposes of the pending motion, that characterization need not be resolved: Standard Property is not seeking, at this point, authorization to setoff or recoup the amount allegedly owing by any Debtor or the Direct Lenders against any interest payment. The relief sought here is far more limited.

8

is no logical reason to not allow the automatic stay to be lifted for Standard Property to instruct PDG not to disperse interest payments.

Standard Property has reason to believe that this issue might be moot as there is some indication that the interest reserve has been depleted. If this is in fact the case, then this would render the request to give notice to cease releasing funds from the interest reserve moot. However, if there remains an interest reserve, then Standard Property insists, for the reasons stated above, that the stay should be lifted so as to allow Standard Property to give notice to PDG to withhold all remaining interest payments.

E.    Curtis Factors Suggest that the Motion Should Not Be Granted

The second element of the relief sought – that Stand Property be permitted to add the two applicable Debtors as defendants in the Lawsuit- does nothing more than add two additional parties of some importance to a proceeding that is currently ongoing against 140 individuals and entities. With this backdrop, and considering that the Direct Lenders themselves are not debtors and therefore the litigation against them in a non-bankruptcy forum is free to proceed (whether in Florida or Nevada), it would seem appropriate that all claims by and among the parties related to the Property, and the funding of the project, be undertaken in one forum, at one time.

Obviously, the decision to modify the automatic stay "is within the discretion of the bankruptcy judge," and that "[b]ecause there is no clear definition of what constitutes "cause," discretionary relief from the stay must be determined on a case by case basis." See Debtors Motion in Opposition, p.4, ln. 6-10. Standard Property agrees that, as stated in In re Plumberex Specialty Products, Inc., 311 B.R. 551, 556-57 (Bankr. C.D. Cal. 2004):

> Section 362(d)(1) directs the court to grant relief from the automatic stay upon a showing of "cause." Although the term "cause" is not defined in the Code, courts in the Ninth Circuit have granted relief from the stay under § 362(d)(1) when necessary to permit pending litigation to be concluded in another forum *if the*

E-Filed
August 15, 2006

*non-bankruptcy suit involves multiple parties* or is ready for trial.  (Emphasis
Added).  *See*, e.g., Christenson v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)
912 F.2d 1162, 1166 (9th Cir. 1990) (stating that "[w]here a bankruptcy curt may
abstain from deciding issues in favor of an imminent state court trial involving the
same issues, cause may exist for lifting the stay as to the state court trial.");
Packerland Packing Co. v. Griffith Brokerage Co. (In re Kemble), 776 F.2d 802,
807 (9th Cir. 1985) (affirming an order lifting the stay to permit a creditor to
pursue a conversion and fraudulent conveyance action pending in the federal
district court following a remand of the case by the appellate court for a retrial on
the damages issues); Santa Clara, 180 B.R. at 567 (affirming an order lifting the
stay to allow prosecution of a pending Title VII claim against the debtor in the
federal district court.)***[I]t will often be more appropriate to permit proceedings
to continue in their place of origin, *when no great prejudice to the bankruptcy
estate would result*, in order to leave the parties to their chosen forum and to
relieve the bankruptcy court from many duties that may be handled elsewhere.
H.R. Rep. No. 95-595, at 341 (1977); S. Rep. No. 95-989, at 50 (1978), reprinted
in 1978 U.S.C.C.A.N. 5787, 5836.  Judicial economy is a factor to be considered
by bankruptcy courts when deciding to lift stay issues.  *See* Piomo Corp. v.
Castlerock Prop. (In re Castlerock Prop.), 781 F.2d 159, 163 (9th Cir. 1986);
Kemble, 776 F.2d at 807; Santa Clara, 180 B.R. at 566.

Plumberex describes the burden of proof of a motion to lift the automatic stay as follows:

The burden of proof on a motion to modify the automatic stay is a shifting one.
Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.),
907 F.2d 1280, 1285 (2nd Cir. 1990).  To obtain relief from the automatic stay,
the party seeking the relief must first establish a *prima facie* case that "cause"
exists for relief under § 362(d)(1).  Mazzeo v. Lenhart (In re Mazzeo), 167 F.3d
139, 142 (2nd Cir. 1999); Duvar Apt., Inc. v. Fed. Deposit Ins. Corp. (In re Duvar
Apt., Inc.), 205 B.R. 196, 200 (9th Cir. BAP 1996); FSFG Serv. Corp. v. Kim (In
re Kim), 71 B.R. 1011, 1015 (Bankr. C.D. Cal. 1987).  Once a prima facie case
has been established, the burden shifts to the debtor to show that relief from the
stay is unwarranted.  Sonnax, 907 F.2d at 1285; Duvar Apt., 205 B.R. at 200.  If
the movant fails to meet its initial burden to demonstrate cause, relief from the
automatic stay should be denied.  Spencer v. Bogdanovich (In re Bogdanovich),
292 F.3d 104, 110 (2nd Cir. 2002); Mazzeo, 167 F.3d at 142; Kim, 71 B.R. at
1015.

Standard Property has met this burden by arguing in the Motion that the Curtis[4] factors

militate in favor of the Court to lifting the automatic stay.  The opponents cite various cases that

---

[4] See, e.g., In re Curtis, 40 B.R. 795 (Bankr. Utah 1984); In re Plumberex Specialty Products,
Inc., 311 B.R. 551, 558-59 (Bank. C.D. Cal. 2004).

(cont.)

E-Filed
August 15, 2006

would either re-list the Curtis factors, or narrow and focus on only a few of such factors, or similar considerations. *See*, *e.g.*, In re Curtis, 40 B.R. 795 (Bankr. Utah 1984); In re Plumberex Specialty Products, Inc., 311 B.R. 551, 558-59 (Bank. C.D. Cal. 2004).

A consideration of the Sonnox[5] factors, relied upon by one or more of the Opponents, by Standard Property suggests that the stay should be modified as it requests:

(1)     Stay relief would result in a complete resolution of the issues relating to the Property because this Court could limit stay relief to only cross-claims that have to do with the Property;

(2)     USACM's inclusion in the lawsuit may result in a recognition on behalf of USACM to defend the Direct Lenders and actually result in a lessening of the financial burden in the Lawsuit to the Direct Lenders;

(3)     There might well be a fiduciary relationship between the Direct Lenders and USACM;

(4)     While there is no specialized tribunal yet (i.e., the Florida state court is more familiar with Florida foreclosure and related lender litigation), this is in part due to the generous answer filing deadline to which Standard Property (at USACM's request)has agreed;

(5)     The action involves a number of third parties and will continue whether or not the Debtors are included.  The Direct Lenders (through their agent, USACM) breached a loan commitment, and as such, the appropriateness for the Debtors being added to the Lawsuit is apparent;

---

[5] Sonnox Industries, Inc. v. Tri Components Prods. Corp., 907 F.2d 1280, 1285 (2d. Cir. 1990) (reiterating the Curtis factors).

E-Filed
August 15, 2006

(6)     The Direct Lenders are individuals located throughout the country and will be no more inconvenienced by Florida litigation than in Nevada.  In any event, the Direct Lenders – and the applicable Debtors, if defendants – can certainly seek dismissal or transfer (as appropriate) based upon the forum selection clause or otherwise;

(7)     The interests of judicial economy will be served by allowing the Debtors to be added as parties, for purposes of claim liquidation and completeness of the proceeding. Otherwise, the cost to the parties of duplication, parallel track proceedings, is apparent, and creates a risk of inconsistent results and unnecessary cost and expense to all parties.

The most telling consideration is simple:  given that certain elements of the dispute may only be had in the courts of Orange County, Florida – the foreclosure element – it only makes sense that all such claims and causes of action be litigated together, including (for purposes of the liquidation of the claims only) those against the two applicable Debtors.  It is therefore consistent with the <u>Curtis</u> factors for the Court to lift the automatic stay and allow the Debtors be allowed to be attached in the Orange County litigation.

F.     <u>USACM Is Responsible for the defense of the Direct Lenders in Litigation</u>

Standard Property can not respond to this assertion as it seems to be an attack on the Debtors, and really a complaint by the Direct Lenders Committee about the Debtors.  Since this element of the Opposition does not ask the Court – in any existing procedural context -- to do anything, and simply addresses a concern that the Direct Lenders have regarding USACM's alleged unwillingness to represent them in the Lawsuit, this argument should not be addressed by the Court.

E-Filed
August 15, 2006

## II.    CONCLUSION

WHEREFORE, Standard Property continues to request the entry of an order in its favor as follows:

(1)    To provide any and all notice necessary or appropriate under the terms of the Control Agreement to notify PDG of the Direct Lenders' alleged breach of the applicable loan agreements, and instructing PDG to withhold payment of any further interest amounts;

(2)    To permit Standard Property to add USA and the Trust as additional defendants in the Orange County, Florida Action in order to liquidate the claims against those parties simultaneous with the liquidation of the related claims against the other Direct Lenders; and

(3)    For such other and further relief as this Court deems just and proper.

Dated this 15th day of August, 2006.

SHUTTS & BOWEN LLP
Attorneys for Standard Property Development, LLC
300 S. Orange Avenue, Suite 1000
Orlando, Florida  32801
*Mailing Address:*    Post Office Box 4956
Orlando, Florida  32802-4956
407-423-3200
407-425-8316 (Facsimile)

By: /s/ Andrew M. Brumby
    Andrew M. Brumby, Esquire
    Florida Bar No. 0650080

and

E-Filed
August 15, 2006

STEPHENS, GOURLEY & BYWATER
3636 North Rancho Drive
Las Vegas, Nevada 89130
Telephone:      702-656-2355
Facsimile:      702-656-2776

By: /s/ R. Vaughn Gourley,
    Vaughn Gourley, Esq.
    Nevada Bar No. 0503

## CERTIFICATE OF SERVICE

    This is to certify that I have this 15th day of August 2006, served a copy of the foregoing

by regular U.S. Mail, postage prepaid thereon, to those persons set forth on the attached matrix.

          /s/ Andrew M. Brumby
          Andrew M. Brumby, Esq.

ORLDOCS 10443076 3

Annette W. Jarvis, Esq.
Ray Quinney & Nebeker P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt lake City, UT 84145-0385

Douglass M. Monson, Esq.
Ray Quinney & Nebeker P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt lake City, UT 84145-0385

Steven C. Strong, Esq.
Ray Quinney & Nebeker P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt lake City, UT 84145-0385

Lenard E. Schwartzer
Jeanette E. McPherson
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, NV 89146-5308

Thomas J. Allison
4484 South Pecos Road
Las Vegas, NV 89121

Office of the U.S. Trustee
600 Las Vegas Boulevard, South, Ste. 4300
Las Vegas, NV 89101

Kummer, Kaempfer, Bonner & Renshaw
3800 Howard Hughes Pkway, 7th Floor
Las Vegas, NV 89109

Intershow
The Githler Center
1258 North Palm Avenue
Sarasota, FL 34236

James Hull
c/o Signature Financial
2601 Airport Drive, #370
Torrance, CA 90505

George Gorman
c/o Financial West Group
4510 E. Thousand Oaks Blvd.
Thousand Oaks, CA 91362

R. Hagmaier
c/o Financial West Group
4510 E. Thousand Oaks Blvd.
Thousand Oaks, CA 91362

Rob Charles
Susan M. Freeman
Lewis and Roca, LLP
3993 Howard Hughes Parkway, 6th Floor
Las Vegas, NV 89109

Dell Bunch
1909 Red Robin Court
Las Vegas, NV 89134

Advanced Information Systems
c/o Michael T. Yoder
4270 Cameron Street, Suite #1
Las Vegas, NV 89103

Russell Ad Development Group, LLC
P.O. Box 28216
Scottsdale, AZ 85255

Robert A. Russell
8585 East Hartford Drive, Suite 500
Scottsdale, AZ 85255

Annee Nounna
8057 Lands End Court
Las Vegas, NV 89117-7635

Robert L. Hagmaier
15254 Candlewood Court
Lake Oswego, OR 97035

Frank A. Merola, Esq.
Stutman, Treister & Glatt, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

Eve H. Karasik, Esq.
Stutman, Treister & Glatt, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

Christine M. Pajak
Stutman, Treister & Glatt, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

James Patrick Shea
Shea & Carlyon, Ltd.
233 S. Fourth Street, 2nd Floor
Las Vegas, NV 89101

Candace C. Carlyon
Shea & Carlyon, Ltd.
233 S. Fourth Street, 2nd Floor
Las Vegas, NV 89101

Shawn W. Miller
Shea & Carlyon, Ltd.
233 S. Fourth Street, 2nd Floor
Las Vegas, NV 89101

Shlomo S. Sherman
Shea & Carlyon, Ltd.
233 S. Fourth Street, 2nd Floor
Las Vegas, NV 89101

Robert E. Taylor
1535 Flynn Road
Camarillo, CA 93012

Robert E. Taylor
c/o Chuck Heinrichs
198 El Pajaro
Newbury Park, CA 91320

John Warner, Jr., IRA
c/o First Savings Bank
2605 East Flamingo Road
Las Vegas, NV 89121

John H. Warner, Jr.
2048 North Chetro Trail
St. George, UT 84770

Mary E. and Matthew J. Moro, JTWROS
1009 8th Street
Manhattan Beach, CA 90266

Richard G. Woudstra Revocable Trust
Richard G. Woudstra, TTEE
P.O. Box 530025
Henderson, NV 89053

Wen Baldwin Separate Property Trust
365 Dooley Drive
Henderson, NV 9015

John Goings
P.O. Box 174
Masonville, CO 80541

Marc A. Levinson
Lynn Trinka Emce
Orrick, Herrington & Sutcliffe, LLP
400 Capital Mall, Suite 3000
Sacramento, CA 95814

Bob L. Olson
Anne M. Loraditch
Beckley Singleton Chtd.
530 Las Vegas Blvd. South
Las Vegas, NV 89101

Robert G. Worthen
1112 Worthen Cir.
Las Vegas, NV 89145

Katz 2000 Separate Property Trust
Sara M. Katz, Managing Trustee
4250 Executive Square, # 670
San Diego, CA 92037

Thomas C. lawyer Family Trust
45 Ventana Canyon Dr.
Las Vegas, NV 89113

Jerry T. McGimsey
3115 South El Camino Road
Las Vegas, NV 89146-6621

Charles O. Nichols and Flora a. Nichols
2561 Seascape Dr.
Las Vegas, NV 89128

Robert Hardy
6510 Ansonia Court
Las Vegas, NV 89118-1874

Gerald M. Gordon
Gregory E. Garman
Gordon & Silver, Ltd.
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, NV 89109

Talitha B. Gray
Matthew C. Zirzow
Gordon & Silver, Ltd.
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, NV 89109

Fertitta Enterprises, Inc.
2960 W. Sahara Avenue, Suite 200
Las Vegas, NV 89102

William J. Bullard
Fertitta Enterprises, Inc.
P.O. Box 27555
Las Vegas, NV 89126-1555

Helms Homes, LLC
c/o Terry Helms
809 Upland Blvd.
Las Vegas, NV 89107

Terry Helms Living Trust
809 Upland Boulevard
Las Vegas, NV 89107

Dennis Flier, Inc.
Defined Benefit Trust
20155 Porto Vita Way #1803
Aventura, FL 35180

Arthur Polacheck and Glorianne Polacheck
2056 Woodlake Circle
Deerfield Beach, FL 33442

James w. McCollum & Pamela P. McCollum
1011 F Avenue
Coronado, CA 92118

Homfeld II, LLC
777 South Federal Highway
Suite N-409
Pompano Beach, FL 33062

Homfeld II, LLC
c/o Edward W. Homfeld
858 Bishop Road
Grosse Point Park, MI 48230

Nevada Mortgage Lending Division
Attn: Susan Eckhardt
3075 East Flamingo #100
Las Vegas, NV 89121

U.S. Securities and Exchange Commission
Attn: Sandra W. Lavigna
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90036-3648

Pension Benefit Guaranty Corporation
Office of the Chief Counsel
1200 K Street, N.W.
Washington, D.C. 20005-4026

DMV and Public Safety Records Section
555 Wright Way
Carson City, NV 89711-0250

NV Department of Taxation
Bankruptcy Division
555 East Washington, #1300
Las Vegas, NV 89101

Secretary of State
State of Nevada
202 North Carson Street
Carson City, NV 89701

Office of Labor Commissioner
555 East Washington Avenue, Suite 4100
Las Vegas, NV 89101

U.S. Department of Justice
Tax Division – Western Region
P.O. Box 683-Ben Franklin Station
Washington, D.C. 20044

Internal Revenue Service
Ogden, UT 84201

Dept. of Veterans Affairs
Loan Service and Claims
3225 North Central
Phoenix, AZ 85012

Clark County Assessor
c/o Bankruptcy Clerk
P.O. Box 551401
Las Vegas, NV 89155-1401

Department of Employment Training
Employment Sec Div, Contributions Section
500 East Third Street
Carson City, NV 89713-0030

Employers Insurance Co. of NV
Attn: Bankruptcy Desk
9790 Gateway Drive
Reno, NV 89521-5906

Internal Revenue Service
Attn: Bankruptcy Dept.
Stop 5028
110 City Parkway
Las Vegas, NV 89106

NV Department of Taxation
Revenue Division
Capitol Complex
Carson City, NV 89710-0003

Daniel G. Bogden
Carlos A. Gonzalez
Office of the U.S. Attorney
District of Nevada
333 Las Vegas Blvd. So., #5000
Las Vegas, NV 89155-1220

District Counsel
Internal Revenue Service
110 City Parkway
Las Vegas, NV 89106

FHA/HUD
District Office
300 South Las Vegas Blvd. Suite 2900
Las Vegas, NV 89155-1220

Clark County Treasurer
c/o Bankruptcy Clerk
P.O. Box 551220
Las Vegas, NV 89155-1220

Don Tomlin
c/o David W. Mourier
15316 Sky High Road
Escondido, CA 92025

Maryetta Bowman
534 Enchanted Lakes Drive
Henderson, NV 89052

Edward W. Homfeld
Homfeld II, LLC
777 South Federal Highway, Suite N-409
Pompano Beach, FL 33062

Richard McKnight, Esq.
Law Offices of Richard McKnight
330 South Third Street, #900
Las Vegas, NV 89101

RJ Rocco
12617 Cottageville Lane
Keller, TX 76248

Margie Gandolfo
1724 Arrow Wood Drive
Reno, NV 89521

Janny Catharina Brouwer
2533 Kinnard Avenue
Henderson, NV 89074

Robert R. Kinas, Esq.
Jennifer L. McBee
Snell & Wilmer, LLP
3800 Howard Hughes Pkwy, #1000
Las Vegas, NV 89109

Michael R. Shuler
c/o Jay R. Eaton
Eaton & O'Leary, PLLC
115 Grove Avenue
Prescott, AZ 86301

Kermit Kruse
2710 Albany Avenue
Davis, CA 95616

Kelly J. Brinkman, Esq.
Goold Patterson, Alex & Day
4496 South Pecos Road
Las Vegas, NV 89121

Janet L. Chubb, Esq.
Jones Vargas
100 West Liberty Street, 12th Floor
P.O. Box 281
Reno, NV 89504-0281

Martin B. Weiss, Esq.
The Garrett Group, LLC
One Better World Circle, Suite 800
Temecula, CA 92590

Vince Danelian
P.O. Box 97782
Las Vegas, NV 89193

William L. McGimsey, Esq.
601 East Charleston Blvd.
Las Vegas, NV 89104

Paul & Donna Jacques
810 SE 7th Street, A103
Deerfield Beach, FL 33441

Peter Bolino
17412 Serene Drive
Morgan Hill, CA 95037

Sean Najarian, Esq.
The Najarian Law Firm
283 S. Lake Avenue, Suite 205
Pasadena, CA 91101

Scott D. Fleming
Hale Lane Peek Dennision and Howard
3990 Howard Hughes Parkway, 4th Floor
Las Vegas, NV 89109

Nile Leatham
James B. Macrobbie
Kolesar & Leatham, CHTD
3320 West Saraha Avenue, Suite 380
Pasadena, CA 91101

Gilbert B. Weisman
Becket and Lee LLP
P.O. Box 3001
Malvern, PA 19355-0701

Nicholas J. Santoro
400 South Fourth Street 3rd Floor
Las Vegas, NV 89101

Bradley J. Stevens
Jennings, Strouss & Salmon, P.L.C.
The Collier Center Center, 11th Floor
201 E. Washington Street
Phoenix, AZ 85004-2385

Thomas R. Stilley
Sussman Shank LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205-3089

Jeffrey G. Sloane
Regina M. McConnell
Kravitz, Schnitzer, Sloane, Johnson, et al.
1389 Galleria Drive, Suite 200
Hendeson, NV 89014

Richard Mason
Patricia K. Smoots
Michael M. Schmahl
McGuire Woods, LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601

Peter Susi
Jay L. Michaelson
Michaelson, Susi & Michaelson
Seven West Figueroa Street, 2nd Floor
Santa Barbara, CA 93101-3191

Bay Communities
c/o Chris McKinney
4800 No. Federal Highway, Suite A205
Boca Raton, FL 33431

Laurel E. Davis
Lionel Sawyer & Collins
4700 Bank of American Plaza
300 South Fourth Street
Las Vegas, NV 89101

Caryn S. Tijsseling
Beesley, Peck & Matteoni, Ltd.
5011 Meadowood Mall Way, #300
Reno, NV 89502

Jed A. Hart
Angelo, Gordon & Co.
245 Park Avenue, 26th Floor
New York, NY 10167

CiCi Cunningham, James A. Kohl
Christine Robert
Rawlings, Olson, Cannon, et al.
9950 West Cheyenne Avenue
Las Vegas, NV 89129

Franklin C. Adams
Best Best & Krieger LLP
3750 University Avenue
P.O. Box 1028
Riverside, CA 92502-1028

Kevin B. Christensen
Xanna R. Hardman
Evan James
7440 West Sahara Avenue
Las Vegas, NV 89117

Donald T. Polednak
Jeffrey R. Sylvester
Sylvester & Polednak, Ltd.
7371 Prairie Falcon, Suite 120
Las Vegas, NV 89128

Joan C. Wright
Allisn, MacKenzie, Russell, Pavlakis, et al.
402 North Division Street
P.O. Box 646
Carson City, NV 89702

Erven T. Nelson
Bolick & Boyer
6060 W. Elton Avenue, Suite A
Las Vegas, NV 89107

Matthew Q. Callister
Callister & Reynolds
823 Las Vegas Blvd. South
Las Vegas, NV 89101

Robert Verchota, General Partner
R&N Real Estate Investments, LP
c/o Jeffrey A. Cogan
3990 Vegas Drive
Las Vegas, NV 89108

Scott K. Canepa
Canepa, Riedy & Rubino
851 S. Rampart Blvd. #160
Las Vegas, NV 89145

Howard Connell
1001 Jennis Silver Street
Las Vegas, NV 89145

William D. Cope
Cope & Guerra
595 Humboldt Street
Reno, NV 89509-1603

Thomas R. Brooksbank
Brooksbank & Associates
689 Sierra Rose Drive, Suite A-2
Reno, NV 89511

John Peter Lee, Ltd.
John Peter Lee, Esq.
830 Las Vegas Boulevard South
Las Vegas, NY 89101

BMC Group, Inc.
1330 East Franklin Avenue
El Segundo, CA 90245

Wade B. Gochnour
Aryn M. Fitzwater
Haney, Woloson & Mullins
1117 South Rancho Drive
Las Vegas, NV 89102

Andrew Welcher
c/o Nordman Company Hair & Compton LLP
Attn: William E. Winfield, Esq.
10000 Town Center Drive, 6th Floor
P.O. Box 9100
Oxnard, CA 93031

Law Offices of James G. Schwartz
Joshua D. Bryak, Esq.
7901 Stoneridge Drive, Suite 401
Pleasanton, CA 94588

John F. Murtha
Woodburn & Wedge
6100 Neil Road, Suite 500
P.O. Box 2311
Reno, NV 89505

Susan Williams Scann
Paul R. Connaghan
Deaner, Deaner, Scann Malan & Larsen
Attorneys for Franklin/Stratford Investment, LLC
720 South Fourth Street, Suite 300
Las Vegas, NV 89101

Thomas & Stilley
Sussman Shank, LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205-3089

Russell James Zuardo
1296 High Forest Avenue
Las Vegas, NV 89123

Stephen R. Harris
Belding, Harris & Petroni, Ltd.
417 West Plumb Lane
Reno, NV 89509

Jerrold T. Martin
8423 Paso Robles
Northridge, CA 91325

Jonathan L. Mills
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street, Suite 3000
Chicago, IL 60602

Goldsmith & Guymon, P.C.
Attn: Marjorie A. Guymon
2055 N. Village Center Circle
Las Vegas, NV 89134

Joseph Huggins
Huggins & Associates
1000 N. Green Valley Parkway, Suite 440-2
Henderson, NY 89014

Russell S. Walker
Elizabeth R. Loveridge
Reid W. Lamber
Woodbury & Kesler, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111