Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

E-FILED ON AUGUST 18, 2006

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **RESPONSE TO MOTION FOR PAYMENT OF PROCEEDS OF NOTES SECURED BY DEEDS OF TRUST WITHOUT REDUCTION FOR NETTING (AFFECTS USA COMMERCIAL MORTGAGE COMPANY, USA CAPITAL DIVERSIFIED TRUST DEED FUND, USA CAPITAL FIRST TRUST DEED FUND)** |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☒ USA Capital First Trust Deed Fund, LLC | Date: August 31, 2006<br>Time: 9:30 a.m. |

1

USA Commercial Mortgage Company ("USACM"), USA Securities, LLC, USA Capital Diversified Trust Deed Fund, LLC, and USA Capital First Trust Deed Fund, LLC (collectively, the "Debtors"), hereby submit this response to the Motion For Payment of Proceeds of Notes Secured By Deeds of Trust Without Reduction For Netting ("Motion for Payment Without Netting") (docket no. 1061).

## POINTS AND AUTHORITIES

### Facts

1. The Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on April 13, 2006. By order entered June 9, 2006, the Court approved the joint administration of the Debtors' bankruptcy cases.

2. On or about August 1, 2006, Nancy Allf and Robert C. LePome, on behalf of Stanley Alexander and others identified in the Rule 2019 statement filed in this case as docket no. 1060 ("Movants"), filed the Motion for Payment Without Netting in which they request a Court order that Debtors be required to pay any distributions to Movant without reduction for netting.

3. On August 16, 2006, the Official Committee of Equity Security holders of USA Capital First Trust Deed Fund, LLC, filed an opposition to the Motion for Payment Without Netting (docket no. 1160) because the issue as to whether distributions should be made without reduction for netting should be reserved for another day, and because "a party seeking to require the Debtors to pay over disputed funds is not appropriately brought by a 'Motion to Compel Payment.'"

### MEMORANDUM OF LAW

The Motion for Payment Without Netting should be denied for three reasons. First, proper notice of the Motion for Payment Without Netting and the relief being sought therein was not given to all parties in interest. Second, the Motion for Payment Without Netting is premature and should be considered at a later time after the appropriate plan, motion or proceeding has been filed with the Court and all parties in interest have had the opportunity to weigh in on the legal issues regarding netting. Third, valid legal bases exist to support the Debtors proposed amounts to be netted from future distributions.

///

**A.    Proper Notice of the Motion for Payment Without Netting Has Not Been Given to All Parties in Interest**.

Notice of the Motion for Payment Without Netting was only provided to a limited number of individuals and entities as set forth in the Movants' Certificate of Service, a copy of which is attached hereto as **Exhibit A**. However, the relief being requested in the Motion for Payment Without Netting, i.e., the Debtors be ordered to pay distributions to Movants without any reduction for netting, seeks to establish a legal precedent that will affect all parties in interest in this case and could unduly damage reorganization possibilities. As such, all parties in interest should have been given notice of Movants requested relief. Because notice of the Motion for Payment Without Netting was not served by Movants on all parties in interest, it should be denied on that basis alone.

**B.    The Motion for Payment Without Netting is Premature and Should Be Determined At a Later Date**.

On July 7, 2006, the Debtors filed their Motion to Distribute Funds and to Grant Ordinary-Course Releases and Distribute Proceeds (the "Distribution Motion") in which they sought to promptly distribute approximately $68 million to the Direct Lenders in this case. The amounts to be distributed in the initial distribution as proposed in the Distribution Motion were based on Debtors' careful and laborious reconstruction of the pre-petition loan accounting system based on source records of payments made or not made by borrowers to USACM as servicer, and payments made or not made by USACM to Direct Lenders. Although the Distribution Motion and the declarations filed in support thereof established a sound legal and factual basis for the lender-by-lender netting proposed in the Motion, there were objections filed to the Distribution Motion that opposed any netting or holdbacks by the Debtors. As a result, the Debtors agreed in their reply in support of the Distribution Motion to defer until a later date any final determination of the legal issues presented by the proposed netting. The Debtors are currently considering whether these issues can be resolved through the confirmation process, and if not by that process then whether the determination must be made by motion or adversary proceeding. As a result, the Debtors anticipate, after consultation with the Committees, that in the near future they will be filing a plan

3

of reorganization, a motion, or an adversary proceeding seeking a final determination of these important legal issues. In the meantime, the Motion for Payment Without Netting is premature and the issues raised therein should be reserved for another day after all parties in interest have had the opportunity to weigh in on the legal issues presented. Furthermore, because the Debtors merely sought authority to distribute a portion of the funds being held in the Collection Account and are continuing to hold all of the undistributed funds to be disbursed in accordance with applicable orders of the Court, there is no prejudice to the Movants if the Motion for Payment Without Netting is denied at this time because they will have the opportunity to make the legal arguments they deem appropriate when the legal issues on netting are ripe for review.

### C. Valid Legal Bases Exist to Support the Debtors Proposed Amounts to Be Netted From Future Distributions.

Although Debtors acknowledge that the determination of the legal issues surrounding netting should ultimately be left for another day, nevertheless valid legal bases do exist to support the Debtors' proposed netting, including the applicability of the equitable doctrine of recoupment, and Section 502(d) of the Bankruptcy Code. These arguments are fully set forth in the Distribution Motion, and in the reply in support of the Distribution Motion, which are attached hereto as **Exhibits B and C**, and are incorporated herein by reference.

Furthermore, the cases cited by Movants in support of the Motion for Payment Without Netting have no application to this case. *Chase Manhattan Bank v. Burden*, 489 A.2d 494 (D.C. App. 1985) and *Greenwald v. Chase Manhattan Mortgage Corp.*, 241 F.3d 76 (1st. Cir. 2001), are not bankruptcy cases and do not address the equitable principles, statutory provisions, and policy considerations at issue in bankruptcy. Furthermore, the cases are not binding on this Court and the Ninth Circuit has not adopted the reasoning of the two cases cited by Movants respecting the doctrine or restitution. Furthermore, although *In re Golden Triangle Capital Inc.*, 171 B.R. 79 (9th Cir. BAP 1994), is a bankruptcy case, the facts of that case are so completely different from those in this case that the conclusions of *Golden Triangle* provide little guidance.

/ / /

/ / /

**CONCLUSION**

For the reasons set forth herein, the Debtors respectfully request that the Court deny the Motion for Payment Without Netting.

Respectfully submitted this 18th day of August, 2006.

/s/     Lenard E. Schwartzer
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146

and

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

885446.01