ELECTRONICALLY FILED
AUGUST 25, 2006

1  STUTMAN, TREISTER & GLATT, P.C.          SHEA & CARLYON, LTD.
   FRANK A. MEROLA                          JAMES PATRICK SHEA
2  (CA State Bar No. 136934)                (Nevada State Bar No. 000405)
   EVE H. KARASIK                           CANDACE C. CARLYON, ESQ.
3  (CA State Bar No. 155356)                (Nevada State Bar No. 002666)
   ANDREW M. PARLEN                         SHLOMO S. SHERMAN, ESQ.
4  (CA State Bar No. 230429)                (Nevada State Bar No. 009688)
   1901 Avenue of the Stars, 12th Floor     233 South Fourth Street, Second Floor
5  Los Angeles, CA 90067                    Las Vegas, Nevada 89101
   Telephone: (310) 228-5600                Telephone: (702) 471-7432
6  Facsimile: (310) 228-5788                Facsimile: (702) 471-7435
7  E-mail:    fmerola@stutman.com           E-mail:    jshea@sheacarlyon.com
              ekarasik@stutman.com                     ccarlyon@sheacarlyon.com
8             aparlen@stutman.com                      ssherman@sheacarlyon.com

9  *Counsel for the Official Committee of Equity Security*
10 *Holders of USA Capital First Trust Deed Fund, LLC*

11                 **UNITED STATES BANKRUPTCY COURT**
                          **DISTRICT OF NEVADA**

| | |
|---|---|
| 12  In re:<br>USA COMMERCIAL MORTGAGE COMPANY<br>13                Debtor | )  BK-S-06-10725-LBR<br>)  Chapter 11<br>) |
| 14  In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>15                Debtor | )  BK-S-06-10726-LBR<br>)  Chapter 11<br>) |
| 16  In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>17                Debtor | )  BK-S-06-10727-LBR<br>)  Chapter 11<br>) |
| 18  In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>19                Debtor. | )  BK-S-06-10728-LBR<br>)  Chapter 11<br>) |
| 20  In re:<br>USA SECURITIES, LLC,<br>                Debtor. | )  BK-S-06-10729-LBR<br>)  Chapter 11<br>) |
| 21  Affects | )<br>) |
| 22  ☐ All Debtors<br>☐ USA Commercial Mortgage Co.<br>23  ☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>24  ☐ USA Capital Diversified Trust Deed<br>25  ☒ USA Capital First Trust Deed Fund, LLC | )  Date: September 25, 2006<br>)  Time: 9:30 a.m.<br>)<br>)<br>)<br>)<br>) |

26  **FIRST INTERIM FEE AND EXPENSE APPLICATION OF SHEA & CARLYON, LTD.,
SPECIAL (LOCAL) COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY
27  HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC (AFFECTS USA CAPITAL
FIRST TRUST DEED FUND, LLC)**

28

1

1    The law firm of Shea & Carlyon, Ltd. ("SC"), special (Nevada) counsel to the Official

2    Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the

3    "FTDF Committee"), hereby submits its Application for Payment of Fees and Reimbursement

4
     of Expenses (the "Application") seeking payment of fees and reimbursement of expenses
5
     incurred from May 10, 2006 through July 31, 2006.  SC requests an award of $171,222.75
6
7    consisting of fees in the amount of $165,122.75, as well as reimbursement of expenses in the

8    amount of $6,100.[1]

9
          This Application is made pursuant to 11 U.S.C. §§328(a), 330(a), and 331, and Fed. R.
10
11   Bankr. P. Rule 2016, and is based upon the Application and exhibits attached hereto, the

12   Declaration of Shlomo S. Sherman, Esq. filed herewith, the pleadings, papers and records on

13   file in this case, and any evidence and oral argument which the Court may entertain at the time

14   of the hearing on the Application.
15
          DATED this 25 day of August, 2006.
16

17                                                 SHEA & CARLYON, LTD.

18
                                                   JAMES PATRICK SHEA
19                                                 CANDACE C. CARLYON, ESQ.
                                                   SHLOMO S. SHERMAN, ESQ.
20                                                 Nevada Bar No. 009688
                                                   233 South Fourth Street, Second Floor
21                                                 Las Vegas, NV 89101

22

23

24

25

26   ───────────────────────
     [1] SC also reserves the right to seek compensation for services rendered on behalf of the Committee for Concerned
27   Investors, an unofficial committee formed prior to the appointment of the official USA Committees, to the extent
     that the court determines such services to have benefited the FTDF Committee or that the services constituted a
28   substantial contribution to the bankruptcy cases.

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

2

# I.

## SUMMARY OF APPLICATION

**A.** **Summary of Fees Incurred from May 10, 2006 through July 31, 2006[2]**

| Names of Professionals and Paraprofessionals | Hours Billed this Period | Rate | Total for Period |
|---|---|---|---|
| James Patrick Shea | 113.00 | $425.00 | $44,540.00 |
| Candace C. Carlyon | 163.50 | $425.00 | $65,343.75 |
| Shawn W. Miller | 0.20 | $325.00 | $65.00 |
| Shlomo S. Sherman | 164.30 | $190.00 | $30,685.00 |
| Paralegals | 41.30 | $150.00 | $6,195.00 |
| Legal Assistants | 152.45 | $120.00 | $18,294.00 |

| **Total Hours** | **Total Fees** | **Blended Rate** (Including paraprofessional time) |
|---|---|---|
| 634.75 | $165,122.75 | $260.14 |

| **Total Hours** | **Total Fees** | **Blended Rate** (Excluding paraprofessional time) |
|---|---|---|
| 441 | $140,633.75 | $318.90 |

**B.** **Summary of Expenses Incurred from May 10, 2006 through July 31, 2006**

| EXPENSE | RATE | TOTAL |
|---|---|---|
| Copying | $.10 per page or actual cost for outside copying service | $4093.50 |
| Delivery | $7.50 per delivery | $240.00 |
| Facsimile | $1.00 per page for long distance transmission; $.50 per page for receipt/local transmission | $105.00 |
| Telephone | Actual costs for long distance and/or teleconferencing services | $11.93 |
| Postage / FedEx | Actual costs | $35.02 |
| Pacer | Actual costs | $189.20 |
| Scanning | $.10 per page | $97.50 |
| Filing Fee | Actual costs | $700 |
| Meals | Actual costs | $627.85 |
| **TOTAL:** | | **$6,100** |

---

[2] In some instances the dollar amounts are less than the hours billed times the hourly rate, due to "no charge" time entries.

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

**POINTS AND AUTHORITIES**

**I.**

**BACKGROUND**

On April 13, 2006, petitions for relief under Chapter 11 of the Bankruptcy Code were filed by the following entities (collectively, the "Debtors"):

USA Commercial Mortgage Company ("USACMC")

USA Capital Realty Advisors, LLC ("USA Realty")

USA Capital Diversified Trust Deed Fund ("Diversified ")

USA Capital First Trust Deed Fund, LLC ("FTDF")

USA Securities, LLC ("USA Securities")

On May 9, 2006, this Court issued an Order Regarding Joint Administration Without Substantive Consolidation, providing for joint administration and noticing in the above listed cases (collectively, the "USA Cases").

On May 10, 2006, the office of the United States Trustee appointed the following four official committees in the USA Cases (collectively, the "USA Committees"):

| USACMC: | Official Committee of Unsecured Creditors (the "UCC") |
| | Official Committee of Holders of Executory Contract Rights (the "Direct Lenders' Committee") |
| Diversified: | Official Committee of Equity Security Holders (the "Diversified Committee") |
| FTDF: | Official Committee of Equity Security Holders (the "FTDF Committee") |

On May 12, 2006, the FTDF Committee formally retained the law firm of Stutman Treister & Glatt ("ST&G") as its lead bankruptcy counsel, and SC as its special (Nevada) counsel.

In an Order entered on June 19, 2006 (docket # 700), this Court approved ST&G's employment application and the subsequently filed amendment thereto, with an effective date of May 10, 2006.

In an Order entered on June 29, 2006 (docket #739), this Court approved SC's employment application and the subsequently filed amendment thereto, with an effective date of May 10, 2006.  A copy of the Order approving SC's employment is attached hereto as **Exhibit "1"**.

## II.

## LEGAL BASIS FOR AWARD

Section 328 of Title 11, United States Code, provides that "[t]he Trustee, or a committee appointed under section 1102 of this title, with the court's approval," may employ professional persons "on any reasonable terms and conditions of employment, including…on an hourly basis …." 11 U.S.C. § 328(a).

Section 330(a)(1) of the Bankruptcy Code provides that, following notice and a hearing, the Court may award to a professional person:

> (A) reasonable compensation for actual, necessary services rendered by the …attorney and by any paraprofessional person employed by any such person, and;
>
> (B) reimbursement for actual, necessary expenses.

On an interim basis, § 331 of the Bankruptcy Code provides that:

> …[A]ny professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.  After notice and a

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

1       hearing, the court may allow and disburse to such applicant such
2       compensation or reimbursement.

3          The Ninth Circuit recognizes that professionals in bankruptcy cases should not be

4   compensated at lower rates than those charged by attorneys employed outside the bankruptcy

5   context. See In re Manoa Finance Co., 853 F.2d 687 (9th Cir. 1988); In re Nucorp Energy,

6   Inc., 764 F.2d 655 (9th Cir. 1985). As stated in the Manoa case, the Bankruptcy Reform Act

7   of 1988 overruled those cases requiring professional compensation to be determined based

8
9   upon notions of conservation of the estate and economy of administration. Otherwise,

10  "attorneys that could earn much higher incomes in other fields would leave the bankruptcy

11  arena." Manoa, 853 F.2d at 689-90.

12                                   **III.**

13                        **SCOPE OF EMPLOYMENT**

14
15         SC's scope of employment as counsel for the UCC, as provided in its Employment

16  Application, is to serve as the FTDF Committee's special (Nevada) counsel pursuant to

17  sections 11 U.S.C. §§ 328(a) and 1103(a) of the Bankruptcy Code; and to work in tandem

18  with the FTDF Committee's lead counsel, ST&G. Specifically, SC was called upon to:

19      1.    Provide representation of the FTDF Committee as "local counsel"
20            for ST&G, including review of pleadings and papers, and
          appearances at such matters as 341 meetings and omnibus hearings,
21            to the extent that both ST&G and SC determine that such SC's
22            appearance would be beneficial or necessary.

    2.    Attend and facilitate local meetings of the FTDF Committee, and
23            assist with tasks related thereto.

24      3.    Assist ST&G with the filing and service of documents.

25      4.    Communicate with members of the FTDF Committee and its
          constituents, as well as other counsel in the USA Cases.
26
    5.    Provide general (overflow) case assistance, to the extent required.

27

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

28

6.  Provide representation as to matters as to which ST&G may have conflicts or potential conflicts.

7.  Handle discrete tasks, to the extent agreed between the Trustee, ST&G and SC.

In allocating the necessary legal tasks and responsibilities between ST&G and SC, great care was taken to avoid the unnecessary duplication of efforts, thereby conserving the resources of the estate.

## IV.

## CASE SUMMARY

At the onset of this case, both ST&G and SC were inundated with inquiries from investors. Mr. Shea, Ms. Carlyon, Mr. Sherman, and various legal assistants at SC, as well as professionals at ST&G, fielded initial calls from investors. The actual time spent communicating with investors during such calls has been billed under the category "Meetings with Creditors." At an early stage, SC was able to post information on its firm website to assist investors in locating the appropriate professional and in forwarding specific questions for written response. While initially many calls were handled at the attorney level, procedures were quickly put into place to handle such calls at the legal assistant level, and to coordinate such matters with ST&G. Christine Pajak of ST&G took responsibility for both the development and updating of the official FTDF Committee website, and for fielding investor inquires. As soon as practicable, such inquiries were directed to a legal assistant at ST&G, under the supervision of Ms. Pajak. Among the materials posted on the official FTDF Committee website are case updates, information regarding FTDF and its investors, links to the bankruptcy court, the BMC, the United States Trustee, and Debtors' websites, and frequently asked investors questions and answers. Mr. Sherman, an associate of SC, had

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

1   primary responsibility for developing website materials of assistance to investors for posting

2   on the SC website (as an interim measure, pending the Debtor/BMC committee websites

3   becoming operational).

4

5          Debtors filed their original schedules on May 15, 2006.  SC took primary

6   responsibility for preparing an initial summary of schedules for FTDF Committee members.

7   These tasks were allocated between Ms. Carlyon and Mr. Sherman.  Debtor filed amended

8   schedules on May 23, 2006, and Mr. Sherman drafted an initial summary of the amendments.

9   These documents were reviewed and revised by Ms. Karasik.  Ms. Carlyon took primary

10   responsibility for discussions with Debtors' professionals relative to questions regarding the

11

12   schedules.

13          Ms. Carlyon, along with members of ST&G, attended both the omnibus hearings on

14   May 17, 2006 as well as the organizational meetings of the FTDF Committee.  Ms. Carlyon

15   took the lead in explaining issues relative to Nevada procedures and prior cases in Nevada

16   involving mortgage brokers or investment companies.  Subsequently, Mr. Sherman prepared a

17

18   summary of the Nevada statutes and regulations, a copy of which was provided to the ST&G.

19          With regard to omnibus hearings, SC prepared hearing binders for each of the matters

20   set on the Court's calendar.  Such binders were prepared by a legal assistant with

21   responsibility for downloading, printing and organizing documents according to the Court's

22   printed calendar.  Mr. Sherman was responsible for supervising completion of such hearing

23

24   binders.  These binders were utilized both by SC and, in many instances, ST&G, in

25   connection with such hearings.  SC also produced copies of key documents for members of

26   the FTDF Committee (and others) present in the courtroom.

27

28

*SHEA & CARLYON, LTD.*
*233 S. Fourth Street, Suite 200*
*Las Vegas, Nevada 89101*
*(702) 471-7432*

1    Ms. Carlyon attended the first meeting of creditors, on May 17, 2006, along with

2    members of ST&G.

3    Ms. Carlyon attended the May 18, 2006 omnibus hearings, at which the following

4    matters were heard:

5

6        Motion of the Debtor's Pursuant to Sections 363(b) and 105(a) of the
         Bankruptcy Code for Authorization to Pay Prepetition Wages,
7        Compensation and Employee Benefits

8        Application by Debtor and Debtor-In-Possession for Authorization to
         Employ and Retain Ray Quinney & Nebeker P.C. as Counsel for the
9        Debtor

10       Application by Debtor and Debtor-In-Possession for Authorization to
         Retain and Employ Schwartzer & McPherson Law Firm as Counsel
11       Under General Retainer

12
         Motion for Order Limiting Notice and Approving Master Service List
13       for Limited Notice

14
         Motion for Order Authorizing the Return to Investors of Certain
15       Escrowed Funds Intended for Bundy Canyon Project

16       Motion Authorizing Debtor, Pursuant to 11 U.S.C. §105 and
         §363(b)(1), to Accept Loan Payment Proceeds and Provide Partial
17       Releases or Full Releases in Connection with Sale of Properties
         Securing Loans Originated by the Debtor to Third-Party Borrowers, and
18       to Ratify Partial Releases Previously Provided by the Debtor

19
         Emergency Motion to Compel Fidelity National Title Insurance
20       Company to Make Disbursements From Loan Funds Being Held by
         Fidelity as Disbursement Agent
21
         Motion for Order Authorizing Reimbursement of Due Diligence
22       Expenses of Potential Postpetition Lender

23    On May 23, 2006, Mr. Shea attended the second creditors' organizational meeting,

24    along with members of ST&G. The FTDF Committee met with various financial advisors.

25
      Mr. Shea also participated in break-out sessions with various professionals, and conducted

26
27    follow-up communications with potential financial advisors.

28

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

1    Mr. Sherman had primary responsibility for the preparation of employment

2   applications relative to SC's employment, as well as orders shortening time for the

3   employment applications of both SC and ST&G. Mr. Sherman also assisted Alvarez and

4   Marsal ("AM"), financial advisor to the FTDF Committee, with the preparation, filing and

5   noticing of its employment application, as well as the order pertaining thereto.

6

7    June 5, 2006 was an omnibus hearing date with the following matters on calendar:

8        Motion for Order Authorizing Return of Non-Invested Funds of Jasper
9        Benincasa Jr. and Flocerfida Benincasa (*continued*)

10       Motion Authorizing the Return of Non-Invested Funds (Alexander)
         (*continued*)

11
         Motion for Order Authorizing the Return of Non-Invested Funds
12       (Ronning) (*continued*)

13       Application for Order Authorizing the Employment of Hilco Real
         Estate LLC/Hilco Real Estate Appraisal, LLC as Debtors' Real Estate
14       Appraiser

15       Debtors' Motion to Temporarily Hold Funds Pending a Determination
16       of the Proper Recipients, and Memorandum of Points and Authorities
         (*continued*)
17
         Application to Employ Stutman Treister & Glatt, P.C., as Counsel for
18       Matter of Common Interest

19       Application to Employ Shea & Carlyon, Ltd. As Special Counsel

20
         Application of the Official Committee of Holders of Executory
21       Contract Rights Through USA Commercial Mortgage Company to
         Employ Gordon & Silver, Ltd.
22
23   Ms. Carlyon attended the hearings up until the time that the employment applications

24  were granted. As the Court excused the presence of local counsel at that hearing, and because

25  no matters were heard after that time for which SC had primary responsibility, Ms. Carlyon

26  left the hearings after employment matters were determined.

27

28

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

Mr. Sherman assisted professionals at ST&G with the filing, revision and order shortening time relative to the Joint Motion of Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC, the Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company, the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC, and the Official Unsecured Creditors' Committee for USA Commercial Mortgage Company Pursuant to 11 U.S.C. §§ 105(a), 107(b), 1102(b)(3)(A), for *Nunc Pro Tunc* Order Clarifying Requirement to Provide Access to Information (the "Information Protocols Motion"), as well as the review and assistance with the filing of the order pertaining thereto.  On June 6, 2006, Mr. Sherman attended a telephonic conference of the several USA Committees, along with Ms.  Pajak of ST&G, regarding the Information Protocols Motion and the Confidentiality Agreements related thereto.

On June 9, 2006 Debtor filed a Motion for Emergency Interim and Permanent Orders Authorizing the Debtors to Obtain Post-Petition Financing (the "DIP Financing Motion"). Ms. Carlyon had initial responsibility for drafting the objection of the FTDF Committee to that proposed financing, and also for the presentation of evidence in opposition to such financing.  Mr. Sherman assisted Ms. Carlyon in the legal research for, and the drafting and review of, the opposition.  Ms. Carlyon reviewed all the pleadings relative to the DIP Financing Motion (as well as conducting a brief review of other pleadings relative to the June 21, 2006 hearings), prepared exhibits and prepared for and conducted the cross-examination of, Thomas Allison.

On the June 15, 2006 omnibus hearing date, the following matters were heard:

1  Motion for Relief from the Automatic Stay to Terminate Loan
2  Servicing Agreement for Direct Loan to Boise/Gowan, LLC (Canepa) (*continued*)

3  Emergency Motion for Order Regarding Project Disbursement Group,
4  Inc.'s Disbursement of Interest Payments to Debtor (PDG)

5  Motion for Relief from Stay Property:  Various Real Property (Direct Lenders)
6

7  Motion to Compel Debtor to Continue to Forward Lender Payments to
   Direct Lenders; Motion to Delay or Prohibit Appraisals on Performing
8  Loans (Direct Lenders)

9  Debtors' Motion to Temporarily Hold Funds Pending a Determination
   of the Proper Recipients, and Memorandum of Points and Authorities
10

11 Motion for Order Authorizing the Return of Non-Invested Funds (Alexander)

12 Motion to Authorize the Return of Non-Invested Funds (Ronning)

13 Application by Official Committee of Unsecured Creditors to Employ
14 Lewis and Roca, LLC as Counsel for the Creditors Committee of USA
   Commercial Mortgage
15

16 Joint Motion of the Official Committee of Equity Security Holders of
   USA Capital First Trust Deed Fund, LLC, the Official Committee of
17 Holders of Executory Contract Rights Through USA Commercial
   Mortgage Company, the Official Committee of Equity Security Holders
18 of USA Capital Diversified Trust Deed Fund, LLC and the Official
   Unsecured Creditors' Committee for USA Commercial Mortgage
19 Company Pursuant to 11 U.S.C. §§105(A), 107(B), 1102(B)(3)(A) and
   1103(C), or Order Clarifying Requirement to Provide Access to
20 Information
21

22    Ms. Carlyon attended the hearings telephonically, billing at one-half her regular rate.

23 Mr. Sherman attended the hearings telephonically as well, billing only for that portion of the

24 hearing (approximately 20 minutes) relating to the Information Protocols Motion.

25    Debtors filed their Monthly Operating Reports for the month of May, 2006, on June

26 23, 2006, and the Monthly Operating Reports for the months of April and June, 2006, on July

27 21, 2006.  Ms. Carlyon and Mr. Sherman conducted a review of the monthly operating reports

28

*SHEA & CARLYON, LTD.*
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

12

1    and prepared summaries for the members of the FTDF Committee and the FTDF Committee's

2    professionals.

3        On the June 21, 2006 omnibus hearing date, the following matters were heard:

4

5        Motion for Order Approving Continued Use of Cash through July 29,
         2006 (Debtors);

6        Motion for Order Under 11 U.S.C. §§ 105(a), 345, and 363 Approving

7        Debtors' Proposed Cash Management Procedures and Interim Use of
         Cash in Accordance with Proposed Cash Budget (Debtors);

8
         Motion for Emergency Interim and Permanent Orders Authorizing the
9        Debtors to Obtain Post-Petition Financing;

10       Motion Directing Payments to Direct Lenders;

11
         Motion for Reconsideration of Motion for Order Authorizing Return of
12       Non-Invested Funds of Jasper Benincasa, Jr. and Flocerida Benincasa;

13       Motion for Authority to Forbear and to Provide Further Funding for
         Certain Outstanding Loans;
14
         Motion for Order Approving Agreement with Investment Partners;
15

16       Application for Administrative Order Establishing Procedures for
         Interim   Compensation   and   Reimbursement   of   Expenses   of
17       Professionals;

18       Motion to Remove Fertitta Enterprises, Inc. as Member of Official
         Committee of Holders of Executory Contract Rights;
19
         Application to Employ Orrick, Herrington & Sutcliffe LLP as Counsel
20       to the Official Committee of Equity Security Holders of USA Capital
         Diversified Trust Deed Fund, LLC;
21

22       Application to Employ Beckley Singleton, Chtd. As Special (Nevada)
         Bankruptcy Counsel to the Official Committee of Equity Security
23       Holders of USA Capital Diversified Trust Deed Fund, LLC;

24       Joint Motion of the Official Committee of Equity Security Holders of
25       USA Capital First Trust Deed Fund, LLC, the Official Committee of
         Holders of Executory Contract Rights Through USA Commercial
26       Mortgage Company, the Official Committee of Equity Security Holders
         of USA Capital Diversified Trust Deed Fund, LLC and the Official
27       Unsecured Creditors' Committee for USA Commercial Mortgage

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

28

1        Company Pursuant to 11 U.S.C. §§105(A), 107(B), 1102(B)(3)(A) and
2        1103(C), or Order Clarifying Requirement to Provide Access to
        Information;

3        Application for Order Under § 1103 of the Bankruptcy Code
4        Authorizing the Employment and Retention of FTI Consulting, Inc. as
        Financial Advisors to the Official Committee of Equity Security
5        Holders of USA Capital Diversified Trust Deed Fund, LLC Nunc Pro
        Tunc as of June 9, 2006; and
6

7        Application to Employ Alvarez & Marsal, LLC as Financial and Real
        Estate Advisor Nunc Pro Tunc to June 1, 2006.

8

Ms. Carlyon attended the hearings in court, and was primarily responsible for the

cross-examination of Thomas Allison with respect to the Debtors' second Motion for

Emergency Interim and Permanent Orders Authorizing the Debtors to Obtain Post-Petition

Financing.

During the week of June 26, 2006, Ms. Carlyon reviewed various loan servicing

agreements, powers of attorney, Nevada Revised Statutes and Nevada Administrative Code

provisions in order to assist with the analysis of potential loan sales or other exit strategies

relative to the loans in which the FTDF holds an interest.

A meeting was held between the various USA Committees and the Debtors and their

professionals on June 29, 2006. Mr. Shea of SC attended that meeting along with Ms. Karasik

from ST&G.

During the month of July, SC worked closely with the FTDF Committee's

professionals in analyzing the extent and nature of the FTDF's loan portfolio. Ms. Carlyon

was primarily responsible for meeting with the Debtors' professionals in order to obtain

information regarding those of the FTDF's loans that allegedly required additional funding.

Mr. Sherman assisted Ms. Carlyon in analyzing these loans, and in preparing loan summaries

to assist in the FTDF's requests for information from the Debtors.

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

Similar summaries were prepared for the balance of the FTDF loans, and Mr. Sherman created a loan summary template for use by the FTDF Committee's professionals in collecting loan information from the Debtors.

Anticipating an attempt by the Diversified Committee to recharacterize all of the investors' interests in the loans as a "Ponzi scheme" warranting pro rata distribution among all investors, the FTDF Committee requested that its professionals perform an analysis of this issue. Ms. Carlyon and Mr. Sherman undertook a review of Diversified's prospectus and a limited review of its loan portfolio for the purpose of contrasting Diversified with the FTDF. Ms. Carlyon was primarily responsible for reviewing and summarizing Diversified's prospectus, and a comparative summary between the Diversified and the FTDF's prospectuses was prepared by Ms. Karasik with ST&G. Mr. Sherman prepared several memoranda summarizing Diversified's loan portfolio.

On the July 25, 2006 omnibus hearing date, the following matters were heard:

> Motion to Withdraw as Attorney of Record for Vince Danelian (Hanigan);
>
> Supplement Brief and Request for Ruling on Issue of Law (LePome);
>
> Objection to Debtor's Proposed Order Re: Motion for Relief from the Automatic Stay to Terminate Loan Servicing Agreement for Direct Loan to BOISE/GOWAN, LLC (Canepa);
>
> Objection to Scott k. Canepa's Proposed Order Regarding Motion for Relief from the Automatic Stay to Terminate Loan Servicing Agreement for Direct Loan to BOISE/GOWAN, LLC (USACMC); and
>
> Motion for Authority to Forbear and to Provide Further Funding for Certain Outstanding Loans.

Ms. Carlyon attended these hearings, along with members of ST&G.

1    Diversified's "recharacterization" argument materialized within the context of its

2    opposition to the Debtors' Motion to Distribute Funds and to Grant Ordinary-Course Releases

3    and Distribute Proceeds (the "Distribution Motion").    While ST&G prepared the FTDF

4    Committee's initial response generally supporting the Distribution Motion, SC and ST&G

5    worked together in reviewing and analyzing the various oppositions to the Distribution

6    Motion, and in preparing a reply to several of those oppositions, including the Diversified

7    

8    Committee's.    Ms. Carlyon, assisted by Mr. Sherman, was the member of SC primarily

9    responsible for reviewing and contributing SC's comments to the Reply.    This opposition

10   incorporated much of the analysis of the Diversified prospectus and loan portfolio which had

11   been performed.

12   

13   SC also assisted the FTDF Committee's professionals in their attempts to gather

14   additional information from the Debtors pertaining to the FTDF's loans, security, and

15   appraisals.    To this end, in coordination with the FTDF Committee's professionals, Ms.

16   Carlyon made several requests for information from the Debtors' professionals.    In addition,

17   Ms. Carlyon's legal assistant was primarily responsible for soliciting proposals from local data

18   scanning and retrieval companies and reviewing the various national and local proposals for

19   

20   the purpose of recommending to the several committees the most cost-effective means of

21   retrieving data from the Debtors.

22   Mr. Shea and Ms. Carlyon of SC, and Ms. Karasik of ST&G, responded to inquiries

23   from potential purchasers who expressed an interest in purchasing the FTDF's interests in its

24   loans, recognizing such a sale as an extra strategy with the potential of realizing a greater

25   value to the FTDF and its constituents.

26   

27   

28   

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

1        Ms. Carlyon took primary responsibility for the preparation and filing of the FTDF

2    Committee's Opposition to Standard Property Development's Motion for Relief from Stay.

3    Mr. Sherman assisted Ms. Carlyon in the review and preparation of the FTDF Committee's

4    opposition.

5

6    IV.

7    **SERVICES RENDERED/TASK ANALYSIS**

8        The following is a description of the tasks performed by SC, and an approximation of

9    the hours and dollar amount attributable to each.  A chronological list of all fees incurred

10   through July 31, 2006, is attached hereto as **Exhibit "2"**.

11

12       **A.**    **Asset Analysis and Recovery**

13       **Hours:  109.60**    **Fees:  $31,021.00**    **Blended Rate: $283.04**

14       Due to the complex nature of the case; the various relationships between Debtors and

15   the FTDF, the FTDF and the other direct lenders, and the FTDF and its own investors; as well

16   as the pervasive nature of the mismanagement by Debtors' former principals; determining the

17   size and nature of the FTDF's estate was paramount.  To this end, SC spent significant time

18   and resources in assisting ST&G and AM, in the collection of information relative to the

19   FTDF's outstanding loans, including: investigating the performing or nonperforming status of

20   those loans; collecting and analyzing the appraisals valuing the real property securing those

21   loans; analyzing the viability of the projects underlying the loans; and formulating strategies

22   with respect to the treatment of such loans, such as whether to permit the borrower to bring

23   the loan current, to commence foreclosure proceedings, or to provide the borrower with

24   additional funding.  SC's efforts with respect to obtaining documentation relative to the loans

25

26

27

28

*SHEA & CARLYON, LTD.*
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

and to Debtors' management thereof are more fully described under the category "Litigation" below.

SC was also primarily responsible for meeting with the Debtors' professionals in order to obtain information regarding those of the FTDF's loans that allegedly required additional funding. SC analyzed these loans, and prepared loan summaries to assist in the FTDF Committee's requests for information from the Debtors. SC also prepared similar summaries for the balance of the FTDF loan portfolio, as well as a loan summary template for use by the FTDF Committee's professionals in collecting loan information from the Debtors.

Anticipating an attempt by the Diversified Committee to recharacterize all of the investors' interests in the loans as a "Ponzi scheme" warranting pro rata distribution among all investors, the FTDF Committee requested that its professionals perform an analysis of this issue. SC undertook a review of Diversified's prospectus as well as a limited review of its loan portfolio for the purpose of contrasting Diversified with the FTDF. SC prepared several memoranda: (i) reviewing and summarizing Diversified's prospectus; (ii) summarizing Diversified's loan portfolio; and (iii) noting some of the questionable content present in Diversified's loans.

As Diversified's "recharacterization" argument materialized within the context of its opposition (docket #987) to the Debtors' Motion to Distribute Funds and to Grant Ordinary-Course Releases and Distribute Proceeds (docket #847; the "Distribution Motion"), SC provided substantive assistance to ST&G in its preparation of the FTDF Committee's reply to Diversified's opposition (docket #1084). This reply incorporated much of the analysis of the Diversified prospectus and loan portfolio which had been performed.

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

18

1    Also included in this category is SC's review and analysis of the pleadings relative to

2  the Debtors' Motion to Distribute Funds, Motion to Forbear (docket #592), and Motion to

3  Approve Agreement with Investment Partners (docket #575), due to the recharacterization

4  issues raised in those pleadings, and the potential impact that an over-distribution would have

5  on the FTDF's assets.    SC generally assisted ST&G in the preparation of the FTDF

6  Committee's responses to such pleadings, and attended the hearings in court relative to those

7

8  matters.

9      **B.    Asset Disposition**

10          **Hours: 5.80          Fees: $2,347.50          Blended Rate: $404.74**

11

12    The time spent under this category includes SC's coordination with ST&G in

13  responding to inquiries from potential purchasers who expressed an interest in purchasing the

14  FTDF's interests in its loans, recognizing such a sale as an exit strategy with the potential of

15  realizing a greater value to the FTDF and its constituents.

16    SC also worked with ST&G towards facilitating such potential purchasers' access to

17

18  loan information and due diligence materials, as well as analyzing the terms of the various

19  offers.

20      **C.    Case Administration**

21          **Hours: 270.95          Fees: $55,758.75          Blended Rate: $205.79**

22    The time spent under this category includes the assistance that SC provided to ST&G

23  in the general administration of the FTDF case, including the following:

24

25          (i)    Information Sharing

26    At the onset of the bankruptcy cases, both SC and ST&G were inundated with

27  inquiries from investors.    Initially, both SC and ST&G fielded calls from investors.    At an

28

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

early stage, SC was able to post information on its firm website to initially assist investors in locating the appropriate professionals and in forwarding specific questions for written response. While many calls were initially handled at the attorney level, procedures were quickly put into place to handle such calls at the legal assistant level, and to coordinate such matters with ST&G.

SC coordinated with the professionals of the Debtors and the USA Committees in establishing protocols and procedures for providing relevant case information to the constituents of the First Trust Deed Committee. In this regard, SC assisted ST&G in the preparation of the Joint Motion of Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC, the Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company, the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC, and the Official Unsecured Creditors' Committee for USA Commercial Mortgage Company Pursuant to 11 U.S.C. §§ 105(a), 107(b), 1102(b)(3)(A), for *Nunc Pro Tunc* Order Clarifying Requirement to Provide Access to Information (the "Information Protocols Motion"). SC also participated in an inter-committee conference relative to modifications and revisions to the Information Protocols Motion and the Confidentiality Agreements related thereto.

SC also assisted ST&G in the preparation and circulation of confidentiality agreements between the FTDF Committee and the Debtors, and privilege agreements among the USA Committees.

(ii)    Review and Summarization of Debtor Information

SC had the primary responsibility of reviewing and summarizing the Debtors' schedules and statements, as well as the Debtors' monthly operating reports, for the FTDF

Committee's benefit.

(iii)     Hearing Preparation and Attendance

For each Omnibus Hearing Date, SC was responsible for preparing hearing binders, organized by motion, containing the up-to-date pleadings for each matter heard by the Court.

In addition, SC generally reviewed the pleadings filed in the bankruptcy cases and attended Court relative to various motions bearing upon the administration of the bankruptcy cases, as requested by ST&G.

(iv)     ECF Filing

SC was responsible for the review and electronic filing of all of the FTDF Committee's pleadings.

(v)     Nevada Law

SC reviewed various loan servicing agreements, powers of attorney, Nevada Revised Statutes, and Nevada Administrative Code provisions, in order to assist with the analysis of potential loan sales or other exit strategies relative to the loans in which the FTDF holds an interest.

SC also prepared a summary of the relevant provisions of the Nevada Revised Statutes and the Nevada Administrative Code for ST&G's convenient reference.

**D.     Claims Administration and Objections**

**Hours:  4.10          Fees: $1,057.00          Blended Rate:  $257.80**

This category primarily includes SC's involvement in the preparation, review, and filing of the FTDF Committee's several claims objections.

**E.     Fee/Employment Applications**

**Hours: 59.30        Fees: $14,747.50        Blended Rate: $248.70**

The time spent under this category includes SC's efforts in communicating with the members of the three committees of equity security holders (the "Equity Committees") regarding the possibilities and limitations of joint representation.  Upon the authorization of all three committees, SC prepared and filed its own employment application, requesting the Court's approval of its joint representation of the Equity Committees.  SC also provided assistance to ST&G in the preparation and filing of its employment application.  Such assistance included the preparation and filing of the necessary OST documents for both SC's and ST&G's employment applications.

Subsequently, the Equity Committees determined to forego joint representation, each opting instead to retain its own professionals.  In accordance therewith, SC prepared an amendment to its employment application, seeking the Court's approval of its employment solely by the FTDF Committee.  SC also assisted ST&G with the filing of a similar amendment to its employment application.

SC also prepared for and attended Court at the hearing on its employment application.

In addition, SC assisted ST&G in filing the employment application of the FTDF Committee's financial advisors, Alvarez & Marsal ("A&M"), as well as the OST documents relative to that application.

**F.     Fee/Employment Objections**

**Hours: 9.70        Fees: $2,555.00        Blended Rate: $263.40**

The category includes time that SC spent in reviewing and responding to objections to the employment applications of both SC and ST&G.  As certain of the objections were

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

predicated upon SC and ST&G's joint representation of the Equity Committees, which had since been vitiated by the filing of an amended application by both SC and ST&G, SC communicated with the objecting parties with respect to withdrawing their objections. For those objections that were not withdrawn, SC assisted ST&G in filing a response to such objections.

SC also assisted ST&G in the preparation and filing of the FTDF Committee's objections to the employment applications filed by the following professionals, on various grounds:

(i)     Gordon & Silver, as counsel to the Direct Lenders' Committee (docket #378);

(ii)    Hilco, as the appraisers for the real property securing the loans serviced by USACMC (docket #379);

(iii)   Ray Quinney and Nebeker, P.C., as lead counsel for the Debtors (docket #944);

(iv)    Schwartzer & McPherson, as local Nevada counsel for the Debtors (docket #944); and

(v)     Mesirow Financial Consulting, as crisis managers for the Debtors (docket #944).

SC also prepared for and attended the hearings relative to these employment applications.

**G.    Financing / Cash Collateral**

**Hours: 42          Fees: $14,646.50          Blended Rate: $348.73**

The time expended by SC under this category includes its review and analysis of the Debtors' various motions relating to the use of cash collateral, including its review and analysis of Debtors' several proposed budgets. SC also assisted ST&G in the preparation and filing of the FTDF Committee's responses to such motions and budgets, and prepared for and attended the hearings on such motions.

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

SC had more substantive involvement in its review and analysis of the Debtors'
several motions for the approval of DIP financing, including being primarily responsible for
the preparation and filing of the FTDF Committee's opposition to the Debtors' second Motion
for Emergency Interim and Permanent Orders Authorizing the Debtors to Obtain Post-Petition
Financing (docket #712).   SC prepared for and attended the hearings on Debtors' DIP
financing motion.  At the hearing, SC was responsible for the cross-examination of Thomas
Allison following his testimony in support of the Debtors' motion, and for the presentation of
evidence opposing Debtors' motion.

**H.    Litigation**

**Hours: 4.50           Fees: $1,251.50          Blended Rate: $278.11**

SC had primary responsibility for obtaining the loan documents relative to the FTDF's
loans (as well as those relating to Diversified's loans).  SC also coordinated with the FTDF
Committee's other professionals in attempting to gather additional information from the
Debtors pertaining to the FTDF's loans, collateral, and appraisals.   In addition, SC was
primarily responsible for soliciting proposals from local data scanning and retrieval
companies and reviewing the various national and local proposals for the purpose of
recommending to the several USA Committees the most cost-effective means of retrieving
data from the Debtors, and making such information available to the USA Committees.

**I.    Meetings of Creditors**

**Hours: 104.60          Fees: $33,160.00         Blended Rate: $317.02**

In the time spent under this category, SC actively participated in various meetings with
the members of the FTDF Committee, meetings among the several USA Committees, and
meetings between the USA Committees and the Debtors.   SC also assisted ST&G in

1   facilitating and occasionally hosting such meetings, as well as in the preparation of materials

2   to be distributed at these meetings.

3           SC also attended the § 341 Meeting of Creditors held on July 12, 2006, along with

4
    members of ST&G.
5

6           This category also includes SC's communications with, and responses to, various

7   investors and creditors regarding the status of the USA Cases.

8           **J.      Plan and Disclosure Statement**

9                   **Hours: 13.50          Fees: $4,960.00          Blended Rate: $367.41**

10
            The time spent by SC under this category includes its coordination with ST&G in the
11

12  formulation of a Plan strategy.  SC assisted ST&G in the preparation of a comprehensive Plan

13  term sheet for the FTDF Committee, setting forth in detail the various possibilities and forms

14  of recovery under alternate Plans.  SC also communicated with the Debtors and professionals

15  of the other USA Committees with respect to Debtors' exclusivity period for filing a plan.

16          **K.      Relief from Stay Proceedings**

17
                    **Hours: 10.70          Fees: $3,618.00          Blended Rate: $338.13**
18

19          During the time represented by this category, SC took primary responsibility for the

20  preparation and filing of the Committee's Opposition to Standard Property Development's

21  Motion for Relief from Stay, and conducted initial legal research related thereto.

22          SC also reviewed, analyzed, and assisted ST&G in the filing of the FTDF Committee's

23
    response to the Motions for Relief from Stay filed by Scott Canepa (docket #1037), and the
24

25  Direct Lenders, represented by Jones Vargas (docket #376).

26

27

*SHEA & CARLYON, LTD.*
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

28

## V.

## EXPENSES INCURRED

Expenses for the period from May 10, 2006 through July 31, 2006, total $6,100. These expenses are summarized by category on page 3 of this Application. SC bills for expenses, including in house photocopies ($.25 per page); telefax transmissions ($1.00 per page long distance; $.50 per page local); scanning/large print jobs ($.10 per page); messenger service ($7.50 to $10.00 per "run" or actual cost where outside messenger service is required on an emergency or out of area basis); postage (actual cost); Westlaw (actual cost)[3]; long distance telephone (actual cost); and third party expenses (including court reporter fees, costs of tapes and transcripts, outside copying services, filing fees, and meals). A chronological list of all expenses incurred through July 31, 2006 is attached hereto as **Exhibit "3"**.

## VII.

## RETAINER /PRIOR AWARDS/ SOURCE OF PAYMENT

SC has received no retainer in this matter. It is SC's understanding that the USA Committee professionals are to be compensated by the particular estate with which such professionals are affiliated, and that SC will therefore be compensated from the funds available to the FTDF estate. SC expects that, following the distribution made to the FTDF pursuant to this Court's Order granting Debtors' Motion to Distribute Funds and to Grant Ordinary-Course Releases and Distribute Proceeds that was heard on August 4, 2006, the estate will have sufficient resources to pay these administrative costs.

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

---

[3] SC currently subscribes to unlimited use of federal and state cases and statutes and does not pass charges for such flat fee subscriptions on to its clients.

## VIII.

## CLIENT REVIEW

Pursuant to U.S. Trustee Guidelines § 2.2.2, SC has provided the members of the FTDF Committee with a copy of this Application and the billing.

## IX.

## CONCLUSION

Based on the foregoing, it is respectfully requested that the Court approve this Application and enter an order awarding SC the sum of $171,222.75, consisting of fees incurred through July 31, 2006 in the amount of $165,122.75, and reimbursement of expenses incurred through July 31, 2006, in the amount of $6,100.

DATED this 25th day of August, 2006.

SHEA & CARLYON, LTD.

JAMES PATRICK SHEA
CANDACE C. CARLYON, ESQ.
SHLOMO S. SHERMAN, ESQ.
233 South Fourth Street, Second Floor
Las Vegas, NV 89101