Parsons, Behle & Latimer
Nancy L. Allf, Bar No. 0128
Timothy P Thomas, Bar No. 5148
411 E. Bonneville Ave. #100
Las Vegas, NV 89101
(702) 599-6000
nallf@parsonsbehle.com

Robert C. LePome, Esq.
330 S. Third St. #1100B
Las Vegas, NV 89101
(702) 385-5509
Nevada Bar #1980
robert@robertlepome.com

Attorneys for Alexander et, al.

E-Filed on August 28, 2006

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re: ) | BK-S-06-10725-LBR |
| ) | Chapter 11 |
| USA COMMERCIAL MORTGAGE COMPANY ) | |
| _____Debtor_____) | |
| In re: ) | BK-S-06-10726-LBR |
| ) | Chapter 11 |
| USA CAPITAL REALTY ADVISORS, LLC, ) | |
| _____Debtor_____) | |
| In re: ) | BK-S-06-10727-LBR |
| ) | Chapter 11 |
| USA CAPITAL DIVERSIFIED TRUST DEED ) | |
| FUND, LLC, ) | |
| _____Debtor_____) | |
| In re: ) | BK-S-06-10728-LBR |
| ) | Chapter 11 |
| USA CAPITAL FIRST TRUST DEED FUND, ) | |
| LLC, ) | |
| _____Debtor_____) | |
| In re: ) | BK-S-06-10729-LBR |
| ) | Chapter 11 |
| USA SECURITIES, LLC, ) | |
| _____Debtor_____) | |
| Affects: ) | |
| ☐  All Debtors ) | |

| | |
|---|---|
| ■ USA Commercial Mortgage Co.    )<br>☐ USA Securities, LLC                     )<br>☐ USA Capital Realty Advisors, LLC  )<br>■ USA Capital Diversified Trust Deed )<br>■ USA First Trust Deed Fund, LLC   )<br>_____ ) | DATE:    N/A<br>TIME:    N/A |

<u>OMNIBUS REPLY TO RESPONSES AND OPPOSITION TO MOTION FOR PAYMENT OF PROCEEDS OF NOTES SECOND BY DEEDS OF TRUST WITHOUT REDUCTION FOR NETTING</u>

COME NOW STANLEY ALEXANDER and others identified in Docket No. 1077 by and through their attorneys, Robert C. LePome, Esq. and Nancy Allf, Esq. of Parson, Behle & Latimer, and file this Omnibus Reply to the Responses and Oppositions to the Motion for Payment of Proceeds of Notes Second By Deeds of Trust Without Resolution for Netting filed on August 18, 2006 as Documents No, 1160, 1164, 1166, and 1168. This Reply is based upon the Points and Authorities attached hereto.

                                                                                    Robert C. LePome, Esq.

                /s/ Robert C. LePome, Esq.
                Robert C. LePome, Esq.
                330 S. Third St. #1100B
                Las Vegas, NV 89101
                (702) 385-5509
                Nevada Bar #1980
                Attorney for Alexander, et al.

<u>POINTS AND AUTHORITIES</u>

Prior to the August 4, 2006 hearings, parties who have filed Responses and Oppositions herein stated that the issue of whether netting is appropriate should be reserved "for another day". Given the sequestration as called for in the Order which

counsel have submitted relative to the Distribution Motion which was heard on August 4, 2006, the issue was preserved "for another day". The "other day" is now August 31, 2006 at 9:30 A.M. The issue is ripe for decision and has been extensively briefed by all parties. Indeed, the briefs submitted prior to the hearing of August 2, 2006 resembled an appellate brief rather than brief for a hearing on a motion. Therefore, nothing new will be gained by further delay. The issue is ripe for the following reasons:

> 1. Debtor has filed its schedules and they show that the Direct Lenders are investors who loaned money to borrowers through the services of the Debtor who acted as a licensed loan broker. These schedules has been accepted and have been filed for months. No amendments suggesting a contrary characterization have been filed.
>
> 2. The Debtor acted as a loan broker from the time of its investment to the day prior to filing. Indeed, Debtor's receipt of checks intended for investment went to the Investor's Account and the funds from such investment were issued at the shortest possible time to assignors of said Notes and Deeds of Trust after delaying 7-10 days to clear out-of-state checks.
>
> 3. All affidavits of the person most knowledgeable being Thomas J. Allison and many hours of sworn Testimony at the Creditor hearings through July 12, 2006 and including the most recent Declaration dated August 2, 2006 as Document No. 1090 of Thomas J. Allison consisting of 8 pages and Exhibits A through F indicate that the Loan Servicing Records of Debtor have ben reconstructed and each direct lender has received a corrected statement. There's not one page of any Declaration of Mr. Allison which suggests that even one dollar came into the door of the Debtor without being placed into one of the 115 loans or into an assignment of one of the loans. Therefore there was no Ponzi scheme.
>
> 4. Debtor has filed an Action which seeks to resolve the issue of who gets their money back or who gets their "new" investments as a result of the dishonor of checks written from the Investor Account which did not clear in the week prior to the filing of the petition. The persons involved in the Interpleader Action (Adversary No06-01167) have been told by Debtor's Counsel that upon settlement the Stipulation which determines who gets which Deed of Trust and who gets their money back will be acted upon and the parties will receive their Deed of Trust or cash on an immediate basis and that funds have been set aside

for that purpose. It is not possible to settle even one of 27 pairings without deciding that the individual fractional interests in the Deeds of Trust are owned by the Direct Lenders.

5. It is not possible to propose a Plan of Reorganization without knowing whether the Direct Investors have a interest in the individual Deeds of Trust which they purchased and which their reconstructed accounts have shown that they own.

Intentional Delay is no Longer Expedient

The Traditional role of the Judiciary is to decide cases and issues on a timely basis. In early May, 2006 the opposing parties took the position that more time was needed to develop all of the facts. The facts are now fully developed. Those facts all support the business model of Debtor as a loan servicer. This loan servicer committed some irregularities such as loaning to insiders and not foreclosing upon themselves, not remitting proceeds of five (5) of the 115 loans and misrepresenting Assignments of Deeds of Trust as "new loans". These acts do not amount to a "Ponzi Scheme". Certain investors harmed by Debtor's misdeeds or misrepresentations have a claim against Debtor and/or its insiders. No new facts are yet to be discovered.

Nevertheless the responses and oppositions urge the Court not to decide the most important issue in the case. They really have no basis for the suggested delay. They make legal arguments that this issue cannot be decided by Motion. What nonsense. The Debtor sought to decide this issue by Motion. That Motion was heard on August 4, 2006. All agreed that the issue could have been decided by the court at this Motion but chose to defer the issue to "another day". Certainly if the distribution itself can be decided by bringing a disbursement motion, then the details left "for another day" can be addressed now by Motion.

It is so clear that August 31, 2006 is the "appropriate time" that Debtor stated in its Response in Docket No. 1168 at Exhibit "C" page 3 under paragraph "DEFERRAL OF CERTAIN ISSUES" that at lines 14-17 that "at the request of certain of the committees, Debtors agree that it is appropriate to address only the proposed initial distribution at the August 4, 2006 hearing, and request that the hearing on the issue of further periodic distributions be continued to August 31, 2006."

### The Trading in Claims

Many Direct Lenders have been approached by various "purchasers of deeds of Trust". The price that they are being offered is severely depressed because the Debtor and the various committees have urged this Court to continually delay the issue of whether they indeed hold valuable fractional interests in Deeds of Trust.

### Foreclosure of Deeds of Trust

It is not possible for Debtor, as loan servicer, to execute a "Notice of Default" without designation of the "Beneficiaries". Therefore, certain borrowers are delaying payments because they believe that the Court will be persuaded to allow further delay. The various committees are therefore intentionally or unwittingly hindering the collection process by their continual urging for a delay. It almost seems that they wish the foreclosure process never to begin because that would solidify the factual determination that the Debtor does not "own" the Deeds of Trust.

### The Interests of Administration

Since the Deeds of Trust are the source of funds, foreclosure of Deeds of Trust and disbursement to the beneficiaries will leave the counsel for the committees and

the counsel for the Debtor with no means for paying their fees. Movants herein have served as Debtor's Counsel on many bankruptcies and for their fees received perhaps 10¢ on the dollar. The most recent case is the case of Coke Maggie, LLC, U.S. Bankruptcy Court, District of Nevada, Case No. 05-17482-LBR. The Debtor's Counsel and committee's counsel know that this was a very real probability by the very nature of the Debtor. Essentially the Debtor is a loan servicer with very few assets. The passage of time does not create new assets - it only increases administrative liabilities - which may, in fact, not be paid. Ultimately it is unfair to require Debtor's Counsel and the Committee's Counsel to labor diligently without a reasonable possibility of payment. Delay also burdens the Court System which can be better used to administer potentially successful Reorganizations.

## Conclusion

The time is at hand to decide the issue of whether the Deeds of Trust are owned by the Debtor or by the Direct Lenders. It is a very simple issue. It needs to be decided now. Justice delayed is justice denied.

Robert C. LePome, Esq.

 /s/ Robert C. LePome, Esq.
Robert C. LePome, Esq.
330 S. Third St. #1100B
Las Vegas, NV 89101
(702) 385-5509
Nevada Bar #1980
Attorney for Alexander, et al.

CERTIFICATE OF SERVICE

I, Susan Stanton, hereby certify that the aforegoing was forwarded to:

FRANKLIN C. ADAMS franklin.adams@bbklaw.com, arthur.johnston@bbklaw.com

NANCY L ALLF nallf@parsonsbehle.com, klawrence@parsonsbehle.com;tthomas@parsonsbehle.com;ecf@parsonsbehle.com

BMC GROUP, INC. evrato@bmcgroup.com, ecf@bmcgroup.com;jmiller@bmcgroup.com;jbartlett@bmcgroup.com

KELLY J. BRINKMAN kbrinkman@gooldpatterson.com,

THOMAS R BROOKSBANK brooksbankt1@sbcglobal.net, kaya1@sbcglobal.net

MATTHEW Q. CALLISTER mqc@callister-reynolds.com, maggie@callister-reynolds.com

CANDACE C CARLYON ltreadway@sheacarlyon.com, ccarlyon@sheacarlyon.com;bankruptcyfilings@sheacarlyon.com;rsmith! @sheacarlyon.com

ROB CHARLES rcharles@lrlaw.com, cjordan@lrlaw.com

MICHAEL W. CHEN yvette@ccfirm.com

KEVIN B. CHRISTENSEN kbchrislaw@aol.com,

JANET L. CHUBB tbw@jonesvargas.com

JEFFREY A. COGAN jeffrey@jeffreycogan.com, sarah@jeffreycogan.com

WILLIAM D COPE cope_guerra@yahoo.com, cope_guerra@yahoo.com

CICI CUNNINGHAM bankruptcy@rocgd.com

LAUREL E. DAVIS bklsclv@lionelsawyer.com, ldavis@lionelsawyer.com;gbagley@lionelsawyer.com;ldavisesq@aol.com

THOMAS H. FEL! L BA! NKRUPTCY NOTICES@GORDONSILVER.COM

SCOTT D. FLEMING sfleming@halelane.com, dbergsing@halelane.com,ecfvegas@halelane.com

GREGORY E GARMAN bankruptcynotices@gordonsilver.com

WADE B. GOCHNOUR wgochnour@hwmlvlaw.com, donnat@hwmlvlaw.com

CARLOS A. GONZALEZ carlos.gonzalez2@usdoj.gov, Darlene.Ruckard@usdoj.gov;Eunice.Jones@usdoj.gov;Sue.Knight@usdoj.gov

GERALD M GORDON bankruptcynotices@gordonsilver.com

TALITHA B. GRAY bankruptcynotices@gordonsilver.com

MARJORIE A. GUYMON bankruptcy@goldguylaw.com, ddias@goldguylaw.com

EDWARD J. HANIGAN ! haniganlaw@earthlink.net, haniganlaw1@earthlink.net

XANNA R. HARDMAN xanna.hardman@gmail.com,

STEPHEN R HARRIS noticesbh&p@renolaw.biz

CHRISTOPHER D JAIME cjaime@waltherkey.com, kbernhar@waltherkey.com

EVAN L. JAMES ejameslv@earthlink.net, kbchrislaw@aol.com

ANNETTE W JARVIS ,

TY E. KEHOE TyKehoeLaw@aol.com

ROBERT R. KINAS rkinas@swlaw.com, mstrand@swlaw.com;jlustig@swlaw.com;chaines@swlaw.com;imccord@swlaw.com

NILE LEATHAM ! nleatham@klnevada.com, ckishi@klnevada.com;ban! kruptcy@ klnevada.com

ROBERT C. LEPOME robert@robertlepome.com, susan@robertlepome.com

REGINA M. MCCONNELL rmcconnell@kssattorneys.com,

WILLIAM L. MCGIMSEY lawoffices601@lvcoxmail.com,

RICHARD MCKNIGHT mcknightlaw@cox.net, gkopang@lawlasvegas.com;cburke@lawlasvegas.com,sforemaster@lawlasvegas.com

JEANETTE E. MCPHERSON bkfilings@s-mlaw.com

JEANETTE E. MCPHERSON bkfilings@s-mlaw.com

SHAWN W MILLER bankruptcyfilings@sheacarlyon.com, smiller@sheacarlyon.com;aboehmer@sheacarlyon.com;ltreadway@sheacarlyon.com;rsmith@sheacarlyon.com

DAVID MINCIN! mcknightlaw@cox.net, gkopang@lawlasvegas.com;dmincin@lawlasvegas.com,cburke@lawlasvegas.com,sforemaster@lawlasvegas.com

JOHN F MURTHA jmurtha@woodburnandwedge.com

ERVEN T. NELSON erv@rlbolick.com, susan@rlbolick.com

BOB L. OLSON ecffilings@beckleylaw.com, bolson@beckleylaw.com;dgriffis@beckleylaw.com

DONNA M. OSBORN jinouye@marquisaurbach.com, dosborn@marquisaurbach.com;tszostek@marquisaurbach.com;kgallegos@MarquisAurbach.com

DONALD T. POLEDNAK sandplegal@yahoo.com, spbankruptcy@yahoo.com

PAUL C RAY info@johnpeterlee.com

SUSAN! WILLIAMS SCANN &! nbsp &nb sp sscann@deanerlaw.com, palexander@deanerlaw.com

LENARD E. SCHWARTZER bkfilings@s-mlaw.com

SHLOMO S. SHERMAN ssherman@sheacarlyon.com, ;aboehmer@sheacarlyon.com;bankruptcyfilings@sheacarlyon.com ltreadway@sheacarlyon.com;mmallet@sheacarlyon.com;rsmith@sheacarlyon.com

JEFFREY G. SLOANE gjklepel@yahoo.com, rmcconnell@kssattorneys.com

PETER SUSI cheryl@msmlaw.com, msm@msmlaw.com

JEFFREY R. SYLVESTER jeff@sylvesterpolednak.com, David@sylvesterpolednak.com

CARYN S. TIJSSELING cst@beesleymatteoni.com, aha@beesleymatteoni.com

U.S. TRUSTEE - LV - 11 USTPRegion17.lv.ecf@usdoj.gov,

JOAN C WRIGHT jwright@allisonmackenzie.com, jbrooks@allisonmackenzie.com

MATTHEW C. ZIRZOW bankruptcynotices@gordonsilver.com

by electronic service on the 28th day of August, 2006 and to the following by

regular mail on the 28th day of August, 2006

EVAN BEAVERS
1625 HIGHWAY 88, #304
MINDEN, NV 89423

JOSHUA D BRYSK
LAW OFFICES OF JAMES G SCHWARTZ
7901 STONERIDGE DRIVE, SUITE 401
PLEASANTON, CA 94588

FRANK A ELLIS
510 S 9TH ST
LAS VEGAS, NV 89101

ANNETTE W JARVIS
POB 45385
36 SOUTH STATE STREET, #1400
SALT LAKE CITY, UT 84145-0385

REID W. LAMBERT
WOODBURY & KESLER, P.C.
265 EAST 100 SOUTH, SUITE 300
SALT LAKE CITY, UT 84111

ELIZABETH R. LOVERIDGE
WOODBURY & KESLER, P.C.
265 EAST 100 SOUTH, SUITE 300
SALT LAKE CITY, UT 84111

RICHARD J. MASON
1130 PINETREE LANE
RIVERWOODS, IL 60015

BRECK E. MILDE
60 South Market St, Suite 200
San Jose, CA 95113

DOUGLAS M MONSON
RAY QUINNEY & NEBEKER P.C.
36 SOUTH STATE STREET
SUITE 1400
PO BOX 45385
SALT LAKE CITY, UT 84145-0385

RAY QUINNEY & NEBEKER P.C.
36 SOUTH STATE STREET, SUITE 1400
P.O. BOX 45385
SALT LAKE CITY, UT 84145

NICHOLAS J SANTORO
400 S FOURTH ST 3RD FLOOR
LAS VEGAS, NV 89101

MICHAEL M. SCHMAHL
MCGUIREWOODS LLP
77 W. WACKER DRIVE, SUITE 4100
CHICAGO, IL 60601

JAMES G SCHWARTZ
7901 STONERIDGE DR #401
PLEASANTON, CA 94588

SCHWARTZER & MCPHERSON LAW FIRM
2850 S. JONES BLVD., #1
LAS VEGAS, NV 89146

PATRICIA K. SMOOTS
318 N GROVE
OAK PARK, IL 60302

BRADLEY J STEVENS
3300 N CENTRAL AVE
PHOENIX, AZ 85012

BRADLEY J STEVENS
3300 N CENTRAL AVE #1800
PHOENIX, AZ 85012

THOMAS W STILLEY
1000 SW BROADWAY #1400
PORTLAND, OR 97205

STEVEN C STRONG
RAY QUINNEY & NEBEKER P.C.
36 SOUTH STATE STREET
SUITE 1400
SALT LAKE CITY, UT 84145-0385

STUTMAN, TREISTER & GLATT PROFESSIONAL CORPORATION
1901 AVENUE OF THE STARS, 12TH FLR
LOS ANGELES, CA 90067

GREGORY J WALCH
400 S FOURTH ST 3RD FLOOR
LAS VEGAS, NV 89101

RUSSELL S. WALKER
265 EAST 100 SOUTH SUITE 300
SALT LAKE CITY, UT 84111

WILLIAM E WINFIELD
POB 9100
OXNARD, CA 93031

MARION E. WYNNE
WILKINS, BANKESTER, BILES & WYNNE, P.A.
POST OFFICE BOX 1367
FAIRHOPE, AL 36533-1367

                                              /s/ Susan Stanton
                                              Employee of Robert C. LePome, Esq.