Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

E-FILED ON AUGUST 29, 2006

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                           Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                           Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                           Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                           Debtor. | **DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 327(a) AND 331 AUTHORIZING RETENTION OF PROFESSIONALS UTILIZED BY DEBTORS IN THE ORDINARY COURSE OF BUSINESS**<br><br>**(AFFECTS ALL DEBTORS)** |
| In re:<br>USA SECURITIES, LLC,<br>                                           Debtor. | |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Date:  September 28, 2006<br>Time:  9:30 a.m. |

USA Commercial Mortgage Company, USA Securities, LLC, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, and USA Capital First Trust Deed Fund, LLC (collectively, the "Debtors") hereby respectfully move this Court, pursuant to sections 105(a), 327(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an Order authorizing the retention and payment of professionals utilized by the Debtors in the ordinary course of business (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

## FACTS

1. On April 13, 2006 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1109 of the Bankruptcy Code.

2. On April 14, 2006, the Debtors moved this Court for an order for joint administration of the above-captioned chapter 11 cases ("Motion for Joint Administration") (Docket No. 4). An order granting the Motion for Joint Administration was entered on May 9, 2006 (Docket No. 184).

3. No trustee or examiner has been appointed in this case.

4. The Debtors seek to retain the services of various attorneys to act as local counsel for one or more of the Debtors with respect to negotiations, bankruptcies, foreclosures, and litigation arising from Debtors' loan portfolios which are secured by real property in numerous states across the country. Many local issues arise due to the location of the real property or the borrowers, and the use of local counsel ("Foreclosure Attorneys") to represent Debtors in these matters arising in the ordinary course of business will be necessary. The Debtors propose to pay Foreclosure Attorneys out of the collection on the loans as allowed under the loan servicing agreements. If there are no current collections on these loans, Debtors may either request that Direct Lenders advance such cost, as provided under the loan servicing agreements, or Debtors may advance the money from estate funds, to be reimbursed by Direct Lenders or out of the loan collections made on that loan at a later time.

5. Prior to the filing of their chapter 11 petitions, the Debtors employed from time to time Ordinary Course Professionals to render services relating to, among other things, (a) tax preparation and other tax advice; (b) employee relations and compensation; (c) legal advice pertaining to collections and real estate; (d) secured transactions; (e) litigation; and (f) other matters requiring the expertise and assistance of professionals.

6. Attorneys are needed to continue work on litigation currently pending across the country ("Litigation Attorneys") (Foreclosure Attorneys and Litigation Attorneys, collectively referred to as "Ordinary Course Attorneys"). Debtors believe that it may be in the best interest of their respective estates to have certain Litigation Attorneys continue working on their respective pending cases. Debtors seek the Court's approval to retain those Litigation Attorneys on a case-by-case basis as Ordinary Course Attorneys.

7. The Debtors further seek to retain the services of accountants to assist the Debtors in preparing state and federal tax returns ("Ordinary Course Accountants") and possibly other professionals to perform duties which are not central to the administration of the estate ("Other Ordinary Course Professionals"). Ordinary Course Attorneys, Ordinary Course Accountants, and Other Ordinary Course Professionals hereinafter collectively referred to as "Ordinary Course Professionals".

8. By this Motion, the Debtors seek authorization (a) to retain the Ordinary Course Professionals pursuant to section 105(a) and 327 of the Bankruptcy Code without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional, and (b) to compensate the Ordinary Course Professionals for post-petition services rendered, subject to certain limits set forth below, without the necessity of additional Court approval.

**MEMORANDUM OF LAW**

The Debtors desire to continue to employ and retain Ordinary Course Professionals to render services to their estates that focus primarily on litigation, issues relating to Debtors' loan portfolios—primarily loan workout issues surrounding the non-performing loans secured by real property in various states—and state and federal tax obligations. The number of Ordinary Course

Professionals that may be required to effectively resolve such issues, however, would render it costly and inefficient for the Debtors to submit individual applications and proposed retention orders to the Court for each such Ordinary Course Professional. The Debtors submit that the retention of the Ordinary Course Professionals and the payment of compensation on the basis set forth herein is in the best interest of the Debtors' estates. Ordinary Course Professionals may be unwilling to become involved in providing post-petition services to the Debtors if they may be paid only after a formal employment and fee application process. Consistent with the dimensions of these cases, the Debtors request that they be permitted to employ and retain Ordinary Course Professionals subject to the terms described below.

A.      Payment of Fees and Expenses

1.      The Debtors propose that they be permitted to pay, without formal application to the Court by any Ordinary Course Professional, 100% of the post-petition interim fees and expenses of each Ordinary Course Professional upon the submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date.

2.      Debtors will not pay more than a total of **$50,000.00**, including both fees and costs, per Ordinary Course Professional under this procedure. The Debtors propose that all payments of compensation to any Ordinary Course Professional will become subject to approval for all amounts in excess of $50,000 upon application to the Court for allowance of compensation and reimbursement of expenses pursuant to section 330 and 331 of the Bankruptcy Code after total fees and costs reaches $50,000.00 for that Ordinary Course Professional.

3.      The Debtors propose that to the extent that fees and costs payable to any Ordinary Course Professional exceed the $50,000.00 limit, that Ordinary Course Professional shall, on or before the 30th day of the month following the month for which compensation is sought (the "Monthly Statement Date"), submit a monthly statement for the additional compensation sought to counsel to each of the official committees formed in these cases and to the United States Trustee (collectively, the "Interested Parties"). This monthly statement will include a summary and itemized statements of all fees and costs previously requested or paid to such Ordinary Course Professional.

4. The Interested Parties will have twenty (20) days after the monthly Statement Date to review the statement for the additional compensation and object to the fees requested by the Ordinary Course Professionals. If any of the Interested Parties object to the payment of fees, then the Ordinary Course Professionals will be required to submit a formal application to the Court for the additional compensation.

B.  <u>The Submission of Rule 2014 Affidavits</u>

5. Pursuant to this Motion, the Debtors therefore request that Ordinary Course Professionals be excused from submitting separate applications for proposed retention. The Debtors recognize, however, the importance of providing information regarding each Ordinary Course Attorney to the Court and the United States Trustee.

6. The Debtors therefore propose that each Ordinary Course Attorney be required to file with the Court and serve upon the United States Trustee an Affidavit of Ordinary Course Professional (the "Affidavit") within twenty (20) days after the professional's post-petition engagement by the Debtors.

C.  <u>Objections to the Retention of an Ordinary Course Professional</u>

7. The Debtors propose that any Interested Party shall have twenty (20) days after the receipt of each Ordinary Course Professional's Affidavit (the "Objection Deadline") to object to the retention of such Ordinary Course Professional. The objecting party shall serve any objections upon the Ordinary Course Professional and the Interested Parties on or before the Objection Deadline.

8. If any such objection cannot be resolved within twenty (20) days, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus presentment date or date otherwise agreeable to the Ordinary Course Professional, the Debtors, and the United States Trustee. If no objection is received within twenty (20) days after the filing of an Ordinary Course Professional's Affidavit, the Debtors shall be deemed authorized to retain such Professional as a final matter.

/ / /

/ / /

1   D.      Statement of Ordinary Course Professionals

2       9.  The Debtors further propose to file a statement with the Court approximately every 120 days, or such other period as the Court shall order, and serve such statement upon the Interested Parties, a statement that includes the following information for each Ordinary Course Professional: (a) the name of such Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursements of expenses incurred by such Ordinary Course Professional during the 120 days; and (c) a general description of the services rendered by each Ordinary Course Professional.

E.      Prior Employment of Ordinary Course Professional Not a Bar

    10. The Debtors further propose that the fact that an Ordinary Course Professional (a) was previously employed by any of the Debtors or one of their affiliates or (b) is a creditor of any of the Debtors for fees and costs incurred pre-petition shall not be a bar to the employment of such Ordinary Course Professional if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

### APPLICABLE AUTHORITY

11. Because the nature of the work performed by the Ordinary Course Professionals is only indirectly related to bankruptcy cases of the Debtors, because the degree of discretion afforded the Ordinary Course Professionals in performing such work is marginal, and because the Ordinary Course Professionals will not be involved in the administration of these chapter 11 cases, the Debtors do not believe that the Ordinary Course Professionals are necessarily "professionals" within the meaning of section 327 of the Bankruptcy Code, whose retention must be approved by the Court. Elstead v. Nolden, 168 B.R. 226, 230 (N.D. Cal. 1994) (stating that only the retention of professionals whose duties are central to the administration of the estate requires prior court approval under section 327).

12. For purposes of interpreting § 327, a person's status as a "professional" is not determinative of whether the person is a professional requiring court approval. "[T]he term 'professional persons,' is a 'term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate." Id. The inquiry "focuses on that person's duties." Id. If the

duties provided are "central to the administration of the estate, such duties are professional in nature." Id.

13. Courts have recognized the following as duties central to the administration of the estate: "assisting in the negotiation of the debtor's plan, assisting in the adjustment of the debtor/creditor relationship, disposing of the assets of the estate and acquiring assets on behalf of the estate."

14. The Ordinary Course Attorneys in the instant case will not be required to perform any duties "central to the administration of the estate." Rather, they will act as local counsel for Debtors and advise Debtors regarding local rules, laws, and procedures. Further, the Ordinary Course Accountants will not be required to perform any duties "central to the administration of the estate." Rather, they will act as accountants for Debtors with respect to Debtors' state and federal taxes and will prepare tax documents for filing.

15. Nevertheless, out of an abundance of caution, the Debtors seek the relief requested herein to avoid any subsequent controversy as to the Debtors' employment and payment of the Ordinary Course Professionals during the pendency of these chapter 11 cases. The Debtors shall seek specific Court authority under section 327 to employ any other professionals involved in activities that are central to the administration of the above-captioned chapter 11 cases.

16. Section 327 (e) provides for the employment of counsel which was previously employed by a debtor and who is owed pre-petition fees. It provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

17. The Debtors submit that their proposed employment of the Ordinary Course Professionals and the payment of compensation on the basis set forth above is in the best interests of the Debtors' estate and creditors.

/ / /

/ / /

**CONCLUSION**

Based upon the foregoing, the Debtors respectfully request that this Motion be granted and the Court enter an order allowing the employment of Ordinary Course Professionals pursuant to the terms set forth above and such relief as the Court deems appropriate.

Respectfully submitted this 29th day of August, 2006.

/s/ Jeanette E. McPherson
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146

and

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

884986