Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

**E-FILED ON AUGUST 29, 2006**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | Chapter 11 |
| In re:<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | **DEBTORS' MODIFICATION TO MOTION TO DISTRIBUTE FUNDS AND PROPOSED PROCEDURES FOR ONGOING DISTRIBUTIONS** |
| In re:<br><br>USA SECURITIES, LLC,<br><br>Debtor. | **(AFFECTS USA COMMERCIAL MORTGAGE, USA CAPITAL DIVERSIFIED TRUST DEED FUND, AND USA CAPITAL FIRST TRUST DEED FUND)** |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☒ USA Capital First Trust Deed Fund, LLC | Date:  August 31, 2006<br>Time:  9:30 a.m. |

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

USA Commercial Mortgage Company ("USA"), USA Capital Diversified Trust Deed Fund, LLC ("Diversified Fund"), and USA Capital First Trust Deed Fund, LLC ("FTD Fund") (collectively, the "Debtors") respectfully submit the following modification of their "Distribution Motion" (defined below), and propose the following procedures for making ongoing distributions pursuant thereto.

## STATEMENT OF FACTS

1.    On July 7, 2006, Debtors filed their Motion to Distribute Funds and to Grant Ordinary-Course Releases and Distribute Proceeds (the "Distribution Motion"), pursuant to which Debtors sought an order authorizing USA to distribute certain funds held in USA's collection account to Lenders.

2.    On August 24, 2006, the Court entered an order approving the Distribution Motion subject to the specific provisions set forth therein, but the parties reserved for a later determination by the Court the issue of further distributions of funds held in USA's collection account on an ongoing basis.

3.    After consultation with the Committees, the Debtors seek to modify the relief requested in the Distribution Motion and to propose specific procedures by which future interim distributions can be made to direct lenders and fund members on a monthly basis.[1]

## MEMORANDUM

The proposed procedures for future interim distributions are as follows:

　　a.  USA shall be authorized to make interim distributions on a monthly basis ("Monthly Interim Distribution") to the Diversified Fund and the FTD Fund (collectively referred to as the "Funds") and each of the other direct lenders (collectively, "Lenders") as set forth below:

　　　　i.  Monthly Interim Distributions to the Lenders (including the Funds) in any given month shall be made from the post-petition collections deposited in the

---

[1] Debtors are continuing their discussions with the Committees and to the extent a consensus is reached on any different procedures than as set forth herein, a further modification to the Distribution Motion will be filed with the Court.

collection account that relate to such Lenders' subject Loans for the period through the end of the prior month (the "Subject Month") as calculated by USA less the amounts set forth below:

    1.  fees actually collected from the borrower that consist of (A) USA's servicing fees (i.e. the 1% servicing fee that the Debtors requested in the Distribution Motion which shall be transferred to the Debtors' operating account), and (B) all other fees and costs charged and collected (collectively the "Fee Reduction");

    2.  an additional 2% of principal on all Loans collected during the Subject Month (the "2% Holdback") pending Debtors' review of the Loan Servicing Agreements ("LSA") to determine whether 1% or 3% is the proper loan servicing fee to be charged under the applicable LSA, after which review the additional 2% will either be transferred to the Debtors' operating account as part of its 3% servicing fee, as applicable, or released to the Lender as part of the continuing monthly payments subject to the procedures set forth herein;

    3.  the costs of the Hilco appraisals allocated evenly among the projects appraised with such costs to be deducted from the principal collected on a loan by loan basis (the "Hilco Holdback"), and

    4.  any remaining amounts that each Lender received pre-petition from USA on non-performing loans (the "Offsets"), as reflected by the sum of the amounts to be remitted by USA as shown on the Direct Lender Statements prepared for each Lender by account number for the month in question.[2]

  b.  Not later than the 15th day after a month's end (except that for July 2006, collections, the scheduled distribution date shall not be later than September 15, 2006) the Debtors shall distribute to a designated representative for each of the four Official

---

[2] For example, if a particular Lender invested in five different loans under a single vesting name, the amounts (which may be positive or negative) shown on the five Direct lender Statements for that vesting name will be netted together and the resulting amount, if positive, will be available for distribution to the Lender.

Modification_to_Motion_to_Distribute_Funds 082906

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Committees appointed in these cases (collectively, the "Reviewing Parties") a schedule (the "Schedule") that contains the following information: (a) the post-petition collections deposited in the collection account during the Subject Month, (b) the identity and corresponding payoff amounts of the loans that were fully paid off post-petition during the Subject Month, (c) the amount of the 2% Holdback, (d) the amount of the Hilco Holdback, and (e) the amount of the net Offsets to be held back by USACM.

    i.    Each Reviewing Party shall have seven (7) business days to review the Schedule (the "Objection Deadline"). If none of the Reviewing Parties object as provided in paragraph (ii) below, USA shall proceed in making the Monthly Interim Distribution as set forth herein.

    ii.    In the event a Reviewing Party determines that the proposed Monthly Interim Distribution and/or Schedule is inappropriate or inaccurate, or that the numbers or calculations are incorrect, such Reviewing Party, on or before the Objection Deadline, shall send a writing to (i) the Debtors, and (ii) the other Reviewing Parties setting forth the precise nature of the objection and the amount at issue (the "Objection"). Thereafter, the objecting party and the Debtors shall meet and confer in an attempt to reach an agreement regarding the Objection. If an agreement cannot be reached or if no meeting or conference takes place within five (5) business days of the Objection Deadline, any Reviewing Party may file a motion with the Court to have the dispute heard at the next omnibus hearing date that is at least ten (10) business days after the date such motion is filed.[3] In addition, if an agreement is reached regarding an Objection, the parties to the Objection shall submit an explanation of the resolution to the other Reviewing Parties.

---

[3] The Debtors and Reviewing Parties, hereby, consent to Objections being heard on shortened time provided that any such hearing is held at least ten (10) business days after the filing of the motion.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

c.  All amounts held back by USA pursuant to these procedures shall be held and segregated in the collection account unless otherwise provided herein, with the rights and legal positions of all parties, including the Debtors or any Lender, reserved in such funds and shall not be further disbursed absent an applicable order of the Court.  Such funds held and segregated in the collection account shall be deemed to be not commingled.

d.  Upon the FTD Fund receiving its share of the Monthly Interim Distribution, the FTD Fund is hereby authorized, after establishing a reserve that the FTD Fund, Debtor and the FTD Fund Committee deem to be sufficient to pay all accrued administrative expenses through the end of the Subject Month and all scheduled or asserted unsecured claims, to distribute remaining available funds to Fund Members of the FTD Fund (the "Monthly FTDF Distribution"), in accordance with the terms of the Second Amended and Restated Operating Agreement of the FTD Fund; provided, however, that any such distribution is without prejudice to the right of any party in interest to claim and assert an interest in such distributed funds.

e.  Upon the Diversified Fund receiving its share of the Monthly Interim Distribution, the Diversified Fund is hereby authorized, after establishing a reserve that the Diversified Fund, Debtor and the Diversified Fund Committee deem to be sufficient to pay all accrued administrative expenses through the end of the Subject Month and all scheduled or asserted unsecured claims, to distribute remaining available funds to Fund Members of the Diversified Fund (the "Monthly Diversified Fund Distribution"), in accordance with the terms of the applicable Operating Agreement of the Diversified Fund; provided, however, that any such distribution is without prejudice to the right of any party in interest to claim and assert an interest in such distributed funds.

f.  The Monthly Interim Distribution, the Monthly FTDF Distribution and the Monthly Diversified Fund Distribution are made without waiving the rights or claims of any party in interest, including the rights or claims of any Debtor, creditor or Lender in connection with (i) USA's calculation of the amounts distributed, (ii) USA's right to collect servicing fees and other fees provided under the LSA's and other applicable agreements, (iii) USA's

1    right to net all amounts that may be owed to and from a Lender, and (iv) all other rights

2    and arguments, specifically including, without limiting the foregoing, any rights USA may

3    have to file a motion with the Court requesting additional holdbacks for foreclosure or

4    other collections costs under the LSA's, and to recover from any Lender to the extent the

5    Lender receives a distribution under any Monthly Interim Distribution that is ultimately

6    determined to be greater than such Lender had a right to receive, and the right of any

7    Lender to recover any amounts from any Offsets which are finally determined to be

8    improper, incorrect or contrary to applicable law.

9      g. The Monthly Interim Distribution, the Monthly FTDF Distribution and the Monthly

10    Diversified Fund Distribution are preliminary in nature and the payment of such will not

11    finally determine the rights of any party with respect to such distributions.  Any final

12    determination with respect to any Monthly Interim Distribution, Monthly FTDF

13    Distribution, or Monthly Diversified Fund Distribution, and any Offsets, 2% Holdbacks

14    and Hilco Holdbacks related thereto, including any factual findings and legal rulings, shall

15    be made upon appropriate notice and in such additional proceedings as to be determined by

16    the Court.

17    The foregoing procedures will permit monthly distributions to be made to the Lenders and

18    fund members while at the same time providing for appropriate holdbacks and offsets with a

19    reservation of all of the parties rights to make future claims regarding the validity and amount of

20    the distributions, holdbacks and/or offsets.

21    / / /

22

23    / / /

24

25    / / /

26

27    / / /

28    / / /

Modification_to_Motion_to_Distribute_Funds 082906

## CONCLUSION

WHEREFORE, Debtors respectfully request that this Court enter an order permitting the Debtors to make interim monthly distributions to Lenders and fund members pursuant to the terms set forth herein.

Respectfully submitted this 29th day of August, 2006.

                                                 /s/  Jeanette E. McPherson

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146
and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385