CiCi CUNNINGHAM, ESQ.
Nevada Bar No.: 4960
JAMES A. KOHL, ESQ.
Nevada Bar No.: 5692
CHRISTINE A. ROBERTS, ESQ.
Nevada Bar No.: 6472
RAWLINGS, OLSON, CANNON,
GORMLEY & DESRUISSEAUX
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Phone: (702) 384-4012
Fax: (702) 383-0701
Email: bankruptcy@rocgd.com
Attorneys for Creditors,
Prospect High Income Fund,
ML CBO IV (Cayman) Ltd.,
PAMCO Cayman, Ltd.,
PAM Capital Funding, L.P.,
Highland Crusader Fund, Ltd.,
and PCMG Trading Partners XXII, L.P.

**E-FILED ON: August 30, 2006**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><div align="right">Debtor.</div> | CASE NO.: BK-S-06-10725-LBR<br>CASE NO.: BK-S-06-10726-LBR<br>CASE NO.: BK-S-06-10727-LBR<br>CASE NO.: BK-S-06-10728-LBR<br>CASE NO.: BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><div align="right">Debtor.</div> | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br><div align="right">Debtor.</div> | **Jointly Administered Under<br>Case No. BK-S-6-10725-LBR** |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><div align="right">Debtor.</div> | |
| In re:<br>USA SECURITIES, LLC,<br><div align="right">Debtor.</div> | |
| Affects:<br>☐ All Debtors<br>■ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>■ USA Capital Diversified Trust Deed Fund, LLC<br>■ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC, | **HEARING:**<br>Date: August 31, 2006<br>Time: 9:30 a.m. |

**OPPOSITION TO DEBTOR'S MODIFICATION TO MOTION TO DISTRIBUTE FUNDS AND PROPOSED PROCEDURES FOR ONGOING DISTRIBUTIONS (AFFECTS USA COMMERCIAL MORTGAGE, USA CAPITAL DIVERSIFIED TRUST DEED FUND, AND USA CAPITAL FIRST TRUST DEED FUND**

COMES NOW, CiCi Cunningham, Esq. on behalf of Creditors, Prospect High Income Fund, ML CBO IV (Cayman) Ltd., PAMCO Cayman, Ltd., PAM Capital Funding, L.P., Highland Crusader Fund, Ltd., and PCMG Trading Partners XXII, L.P., (hereinafter "Highland Capital") and opposes the Debtor's Modification to Motion to Distribute Funds and Proposed Procedures for Ongoing Distributions. This Opposition is based upon the entire case file, the points and authorities contained herein, and any oral argument that this Court may entertain.

## POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

**A.    State Court**

1.    On or about July 12, 2002, Highland Capital filed a tortious interference complaint in the Eighth Judicial District Court, Clark County, Nevada (Case Number 02-A-453232) against Debtor USA Capital Diversified Trust Deed Fund, LLC (hereinafter "Diversified")

**B.    Bankruptcy Court**

2.    On or about April 13, 2006, the above-referenced Debtors filed voluntary bankruptcy petitions under Chapter 11, Title 11 of the United States Code and an order for relief was entered.

3.    On or about May 9, 2006, the Court entered an order jointly administering the above-referenced Debtors.

4.    On or about May 26, 2006, Highland Capital filed proof of claim in the amount of Twenty Million Dollars ($20,000,000.00) in the Diversified case. The Proof of Claim is in regards to the above-referenced state court litigation.

5.    On or about July 7, 2006, the Debtors filed a Motion to Distribute Funds.

6.    On or about July 27, 2006, Highland Capital filed an Opposition to Motion to Distribute Funds on the basis that the Debtors' could not "skip over" Highland Capital's claim to pay Fund members and also because no reserve amount was mentioned or where the reserve

funds would come from. (*See* copy of Opposition to Motion to Distribute Funds attached hereto and incorporated herein as Exhibit "A".)

7.     At the hearing held on August 4, 2006, Highland Capital agreed to a **one time** distribution to **USA Capital First Trust Deed Fund, LLC,** (hereinafter "FTD") **only** and **never** agreed to any **distribution to Diversified Fund members**.

8.     At that hearing, the Motion to Distribute Funds to Diversified Fund Members was taken off calendar by the Debtors as no funds are to be distributed to the Diversified Fund at his time.

9.     On or about **August 29, 2006 at 4:16 p.m.** the Debtor filed a Modification to Motion to Distribute Funds seeking this motion to be heard less then two (2) days later at the August 31, 2006 hearing. (*See* copy of Notice of Electronic Filing attached hereto and incorporated herein by reference as Exhibit "B".)

10.    In the Modification to Motion to Distribute Funds, the Debtor is seeking to make interim distributions on a **monthly** basis to **Diversified fund holders**.

11.    Highland Capital **never** agreed to any distribution to **Diversified fund holders**.

12.    It is Highland Capital's contention that the fund holders are lower in priority than an unsecured creditor such as Highland Capital, and therefore distribution to the fund holders without One Hundred Percent (100%) distribution to Highland Capital is improper and violates the "Absolute Priority Rule".

13.    Highland Capital objects to any argument on the Modification to Motion to Distribute as Highland Capital has not been served with sufficient notice.

14.    Highland Capital objects to any distribution to Diversified fund holders over its claim.

15.    Highland Capital fully incorporates its previous Opposition to Motion to Distribute as in pertains to Diversified. (*See* Exhibit "A".)

///
///
///

*Law Offices of*
**RAWLINGS, OLSON, CANNON
GORMLEY & DESRUISSEAUX**
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

## II. LEGAL ARGUMENT

1.    Highland Capital objects to distribution to Diversified Fund Members prior to payment of Highland Capital's Proof of Claim.

2.    Highland Capital objects to the Modification to the Motion to Distribute Funds.

3.    Highland Capital objects to the short notice on this modification as Highland Capital received merely 1 days notice prior to the hearing.

In the Modification to Motion to Distribute Funds, the Debtor is seeking to make interim distributions on a monthly basis to Diversified fund members. At the hearing held on August 4, 2006, the Debtors *withdrew* the motion to distribute to Diversified and its fund members claiming that there were no funds to be distributed to Diversified fund members. Prior to its withdrawal, Highland Capital objected to that motion on the basis that the fund holders could not preempt Highland Capital's claim and that the Debtors did not specify any reserve amounts, nor justify the safeguarding of these funds. (*See* Exhibit "A".) Highland Capital fully incorporates their previous objection. The Debtors still claim that there are no funds but yet are seeking Court permission to make *future* monthly distributions to Diversified fund members to the exclusion of Highland Capital.

Highland Capital objects to the following contained in the Modification on Page 5, Lines 19-23:

. . .

> to distribute remaining available funds to **Fund members** of the **Diversified Fund** (the "Monthly **Diversified Fund Distribution**), in accordance with the terms of the applicable Operating Agreement of the **Diversified Fund**; provided, however, that any such distribution is without prejudice to the right of any party in interest to claim and assert an interest in such distributed funds.

[Emphasis Added.]

Highland Capital has **never** agreed to any distribution to be made Diversified Fund members prior to payment of Highland Capital's claim. Highland Capital objects to any distribution prior to payment of Highland Capital's claim.

/ / /

WHEREFORE, Highland Capital prays that this Court deny the Motion to Distribute funds to the extent that there is not a sufficient reserve to pay Highland Capital's Twenty Million Dollars ($20,000,000.00) claim; to the extent that Highland Capital would be bypassed without a sufficient reserve to cover its claim; to the extent that there is not sufficient reserve to pay all claims; and for any further relief that this Court deems just and proper in the premises.

DATED this ____ day of August, 2006.

Respectfully Submitted By:

CiCi CUNNINGHAM, ESQ.
Nevada Bar No.: 4960
RAWLINGS, OLSON, CANNON,
GORMLEY & DESRUISSEAUX
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Attorneys for Creditors,
Prospect High Income Fund,
ML CBO IV (Cayman) Ltd.,
PAMCO Cayman, Ltd.,
PAM Capital Funding, L.P.,
Highland Crusader Fund, Ltd.,
and PCMG Trading Partners XXII, L.P.

# EXHIBIT A

## TO HIGHLAND CAPITAL'S OPPOSITION TO MODIFICATION TO MOTION TO DISTRIBUTE FUNDS

CiCi CUNNINGHAM, ESQ.                          **E-FILED ON: July 27, 2006**
Nevada Bar No.: 4960
JAMES A. KOHL, ESQ.
Nevada Bar No.: 5692
CHRISTINE A. ROBERTS, ESQ.
Nevada Bar No.: 6472
RAWLINGS, OLSON, CANNON,
GORMLEY & DESRUISSEAUX
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Phone: (702) 384-4012
Fax: (702) 383-0701
Email: bankruptcy@rocgd.com
Attorneys for Creditors,
Prospect High Income Fund,
ML CBO IV (Cayman) Ltd.,
PAMCO Cayman, Ltd.,
PAM Capital Funding, L.P.,
Highland Crusader Fund, Ltd.,
and PCMG Trading Partners XXII, L.P.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | CASE NO.: BK-S-06-10725-LBR<br>CASE NO.: BK-S-06-10726-LBR<br>CASE NO.: BK-S-06-10727-LBR<br>CASE NO.: BK-S-06-10728-LBR<br>CASE NO.: BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>Debtor. | **Jointly Administered Under<br>Case No. BK-S-6-10725-LBR** |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>□ All Debtors<br>■ USA Commercial Mortgage Company<br>□ USA Capital Realty Advisors, LLC<br>■ USA Capital Diversified Trust Deed Fund, LLC<br>■ USA Capital First Trust Deed Fund, LLC<br>□ USA Securities, LLC, | **HEARING:**<br>**Date: August 4, 2006**<br>**Time: 1:30 p.m.** |

*Law Offices of*
**RAWLINGS, OLSON, CANNON,**
**GORMLEY & DESRUISSEAUX**
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

**OPPOSITION TO DEBTOR'S MOTION TO DISTRIBUTE FUNDS AND TO
GRANT ORDINARY-COURSE RELEASES AND DISTRIBUTE PROCEEDS
(AFFECTS USA COMMERCIAL MORTGAGE, USA CAPITAL DIVERSIFIED
TRUST DEED FUND, AND USA CAPITAL FIRST TRUST DEED FUND**

COMES NOW, CiCi Cunningham, Esq. on behalf of Creditors, Prospect High Income

Fund, ML CBO IV (Cayman) Ltd., PAMCO Cayman, Ltd., PAM Capital Funding, L.P.,

Highland Crusader Fund, Ltd., and PCMG Trading Partners XXII, L.P., (hereinafter "Highland

Capital") and opposes the Debtor's Motion to Distribute Funds and to Grant Ordinary-course

Releases and Distribute Proceeds (Affects USA Commercial Mortgage, USA Capital Diversified

Trust Deed Fund, and USA Capital First Trust Deed Fund. This Opposition is based upon the

entire case file, the points and authorities contained herein, and any oral argument that this Court

may entertain.

## POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

**A.    State Court**

1.      On or about July 12, 2002, Highland Capital filed a tortious interference

complaint in the Eighth Judicial District Court, Clark County, Nevada (Case Number 02-A-

453232) against Debtor USA Capital Diversified Trust Deed Fund, LLC (hereinafter

"Diversified")

**B.    Bankruptcy Court**

2.      On or about April 13, 2006, the above-referenced Debtors filed voluntary

bankruptcy petitions under Chapter 11, Title 11 of the United States Code and an order for relief

was entered.

3.      On or about May 9, 2006, the Court entered an order jointly administering the

above-referenced Debtors.

4.      On or about May 26, 2006, Highland Capital filed proof of claim in the amount of

Twenty Million Dollars ($20,000,000.00) in the Diversified case. The Proof of Claim is in

regards to the above-referenced state court litigation. (*See* copy of Proof of Claim attached hereto

and incorporated herein by reference as Exhibit "A".)

5.      On or about July 7, 2006, the Debtors filed a Motion to Distribute Funds.

6.    In the Motion to Distribute Funds, the Debtor is seeking to distribute funds directly to investors in Diversified and bypass the unsecured creditors.

**C.    Disbursement is Premature**

7.    There are at least two other lawsuits against Diversified listed on the Statement of Financial Affairs for additional claims in excess of Twenty Million Dollars ($20,000,000.00). (*See* copy of Statement of Financial Affairs, Question 4a Attachment, regarding lawsuits attached hereto and incorporated herein by reference as Exhibit "B".) These lawsuits include:

a.    Weddell, et al v USA Commercial Mortgage Company, USA Capital Diversified Trust Deed Fund LLC, et al (Case No. 2:01-cv-0355 in U.S. District Court); and

b.    Amblano, LLC et al v Peek, et al. (Case Number 02-A-458515 in Eighth Judicial District Court, Clark County, Nevada).

8.    The Debtor's estimate of unsecured debt did not include Highland Capital's Twenty Million Dollars ($20,000,000.00) Proof of Claim.

9.    Further, additional claims may exist but are unfiled. At the 341(a), it was **repeatedly stated that there is no current bar date for Proof of Claims**.

10.    Highland Capital is concerned about this distribution leaving the Estate unable to pay the unsecured creditors in full.

11.    The Debtor makes no specific breakdown as to dollar amount of funds going to the specific classes of investors.

12.    Nor does the Debtor state how much reserve will be maintained.

13.    At no time does the Debtor, demonstrate that this reserve will be sufficient to pay the unsecured claims in full.

## II. LEGAL ARGUMENT

**A.    Highland Capital Seeks Clarification of the Decision Not to Distribute to Diversified**

In light of the Supplement to the Motion to Distribute, much of this Opposition may be moot. Highland Capital is requesting clarification of the decision not to distribute to Diversified. The Debtor asserts that the Fund has "negative balance". Does the Debtor mean the members of the Fund have already been over paid and will not receive an additional

distribution **to the Fund** at this time? **Or** is the Fund receiving a distribution, but due to the existing debts such as Proof of Claims, there is insufficient funds to make a premature distribution **directly to members?**

**B.    There is not Enough Information to Make an Informed Decision**

Highland Capital further objects because insufficient information has been disclosed. While Highland Capital certainly understands the need for the Debtors to be cautious and discrete with the Investors' personal information; Highland Capital believes that it self and all other parties to this case need additional disclosures. Highland Capital asserts that it and other creditors need sufficient information to make an informed decision.

**C.    Opposition to Distribution Directly to Fund Members**

Highland Capital is an unsecured creditor of Diversified with an unsecured claim amount of Twenty Million Dollars ($20,000,000.00). Highland Capital objects to the Motion for Distribution based on the following reasons: It is too early to distribute as the unsecured claims have not been determined. There is no bar date, no plan, and the Debtor does not have enough information to determine the total amount of the claims. Further, the Debtor's estimate of unsecured claims is incorrect in that the Debtors estimate there is approximately Eight Hundred Eighty-Five Thousand Dollars ($885,000,00) in unsecured debt. Whereas the unsecured debt totals (prior to the bar date) Twenty Million, Two Hundred Thousand Dollars ($20,200,000.00). In addition, an early distribution directly to the investors violates the "absolute priority rule". Finally, there is no guarantee that there will be sufficient funds to pay all creditors and once the funds have been distributed, there is little or no likelihood of retrieval.

**1.    Distribution is Premature Because Unsecured Claims are Not Determined**

Highland Capital asserts that it is too premature to distribute funds directly to the investors, as the Debtor does not know what the unsecured claims are. Furthermore, the Debtor does not have enough information yet to determine these claims. As stated previously, there is no bar date set and so additional claims can continue to be filed even after the proposed distribution would be made. Further, the Debtor has omitted three creditors on its Schedule F, which are listed on the Statement of Financial Affairs. Those creditors are: (1) Highland Capital

with a Proof of Claim of Twenty Million Dollars ($20,000,000.00) (2) RP Weddell et al with an unknown claim value. (3) Amblano LLC, et al also with a currently unknown claim value. These three claims in excess of Twenty Million Dollars ($20,000,000.00) by far exceed the original Eight Hundred Eighty-Five Thousand Dollars ($885,000,00) projected by the Debtor. While the Debtor claims that it will establish a reserve for the unsecured claims, the motion filed by the Debtor does not indicate that the Debtor has taken into account these claims and that the reserve will encompass these claims.

In addition, Highland Capital asserts that this distribution is premature in that the Debtor has filed no plan or even confirmed a plan. The Debtor does not even specify the nature of the distribution and to whom the funds will be distributed, how much will be distributed and how much will be on reserve. It is Highland Capital's position that the Debtor cannot specify this because at this time the Debtor does not know.

**2.      The Debtor's Estimation of Claims is Wrong**

As stated *Supra*, the Debtor estimates Eight Hundred Eighty-Five Thousand Dollars ($885,000,00) in unsecured claims but in reality at this date, the claims total Twenty Million, Two Hundred Thousand Dollars ($20,200,000.00). The Debtor has incomplete information and cannot have complete information until after the bar date has passed. Until all of this information is determined, it is too premature to distribute these funds.

**3.      The Debtor does Not Have Authority for this Distribution**

**a.      The Distribution of Funds Violates the "Absolute Priority Rule"**

The Debtor is seeking to jump over the unsecured creditors to pay the investors. This is a violation of the "absolute priority rule". The pre-confirmation payment violates 11 U.S.C §1123 and Bankruptcy Rule 3021. Creditors cannot be paid out of priority pursuant to 11 U.S.C §§502, 503, 506, and 507.

The Debtor attempts to circumvent priority by asserting that there are "extraordinary circumstances" i.e. sufficient funds to pay all of the claims. The Debtor cannot establish extraordinary circumstances, because the Debtor does not have all of the requisite information.

/ / /

b.    **Extraordinary Circumstances Do Not Exist**

As stated *Supra*, Highland Capital asserts that there are not extraordinary circumstances because the Debtor has no real estimate of claims, whether there is sufficient surplus to justify early distribution.

The Debtor has not established what actual cash is attributed to Diversified. As depicted in the schedules, many of the accounts receivables are actually owed by insiders or may be bad debt. In addition, Mr. Allison testified at both 341(a)s that Diversified is the Fund has the most non-performing loans. Highland Capital suggests that much detailed analysis needs to be done either before the Debtor can make an informed decisions or even the creditors can make an informed decision.

c.    **The Cases Cited By the Debtor are Distinguishable**

Highland Capital asserts that the Debtor has not established extraordinary circumstances to give to rise to an early distribution. To support their assertion that a Court does have power to order distribution prior to the plan, the Debtor cites *In re Realty Associates Sec Corp.*, 58 F. Supp. 220 (E.D.N.Y. 1944), and *In re Industrial Office Bldg. Corp.*, 171 F.2d 890 (3rd Cir. 1949). They are distinguishable as they are not primary authority and they are not from the 9th Circuit and are from 1944 and 1949, prior to the Code. In addition, the extraordinary circumstances were such in these cases that the debtors had an indisputable surplus to pay bond holders. This is distinguishable to the case at bar, which there is not even a bar date, and we do not know that there will be surplus funds. The Debtor's failure to include Highland Capital's Twenty Million Dollar ($20,000,000.00) claim, indicates that there may be other potential large claims of which the Debtor is not aware. At this point, there are at least two other lawsuits, which may have significant value.

Debtors admit in their brief that *Realty Associates* and *Industrial Office* precede the enactment of the code, but have never been overturned and instead has been cited with approval by later Courts. *In re Westpointe Stevens, Inc.*, 333 B.R. 30 (S.D. N.Y. 2005) is referenced as a negative history for *Realty Associates*. While *Westpointe* does not directly overturn *Realty Associates* it does rule that pre-confirmation distributions could not be made to junior lienholders

above senior lienholders. The Court found that *Realty Associates* was different because in that case the pre-confirmation distributions were not made "in derogation of affected creditors interests." *Westpointe* at 52.

Debtors also state that other Courts have cited *Realty Associates* and *Industrial Office* with favor and cite *In re Conroe Forge & Mfg Corporation* 82 B.R. 781, 784 (Bankr. W.D. Pa. 1988), and *In re San Jacinto Glass Industrial Inc.*, 93 B.R. 934 (Bankr. S.D. Texas 1988). Those cases are not 9th Circuit and those cases were dealing with distribution from a §363 sale, whereby the Debtors were liquidating assets. In *Conroe* the Court ruled that distribution **could not be made prior to plan confirmation**. In reaching its decision the Court relied on *In re Braniff Airways Inc.*, 700 F.2d 935 (5th Cir. 1987). *Braniff* stated that Chapter 11 confirmation requirements "should not be short-circuited, and, second, approval of pre-plan distributors in liquidating Chapter 11 cases would leave very little incentive for completing the requirement for disclosure...and plan by way of reorganization or liquidation." *Conroe* at 784 citing *Braniff* at 940.

Debtor's cite *In re Air Beds Inc.*, 92 B.R. 419 (9th Cir. 1988) recognizing that pre-confirmation distributions generally were not appropriate but could be made in extraordinary circumstances. However, *Air Bed* ruled that the Court **was not allowed to make the pre-confirmation distributions** and again the case dealt with a §363 sale and therefore, it is distinguishable. The 9th Circuit also made it clear in that case that it took into consideration that while a plan had not been confirmed, a Plan had been proposed and *filed* with the Court. *Air Beds* at 423 FNI. In *Air Beds* the Court overturned the bankruptcy Court's decision to allow payment from the proceeds of a §363 sale to the IRS over an administration claim without determining whether the IRS claim was secured, priority or unsecured. In *Air Beds,* Debtors had filed a plan of liquidation. The Court stated that "...if distribution is made to creditors in a liquidating Chapter 11 before confirmation of a plan there will be little incentive for parties in interest to prosecute the case in an expeditious manner, much less to perform the work required to issue and obtain approval of a disclosure statement." *Air Beds* at 423.

///

RAWLINGS, OLSON, CANNON
GORMLEY & DESRUISSEAUX
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Telecopier (702) 363-0701
(702) 384-0012

**4.    There is no Guarantee the Reserve Shall be Sufficient to Pay Claims.**

The Debtor asserts that it will set a reserve amount sufficient to pay all claims. However, with the claims being unknown and the Debtor clearly having incorrect information regarding its claims, Highland Capital is concerned the Debtor has insufficient information to set aside a sufficient reserve to pay claims. In addition, the Debtor claims that the money that it will set aside will also be used for administrative fees. In a case this size, the administration fees are staggering. Whatever is set aside for a reserve may also be utilized for administrative fees.

**5.    Too Little Information Has Been Disclosed to Creditors**

Too little information has been disclosed to the creditors to allow the creditors to make an informed decision regarding this matter. Obviously a decision of this magnitude requires notice to all of the creditors. This is something that will be more appropriately disclosed in a disclosure statement of a Chapter 11 Plan. It is Highland Capital's position that too little information has been disclosed to the creditors and too little time to allow the creditors to make an informed decision. There are no specifics regarding payment amounts. There are no specifics regarding the reserve amounts. There are no specifics about what actual claims will be remaining.

WHEREFORE, Highland Capital prays that this Court deny the Motion to Distribute funds to the extent that there is not a sufficient reserve to pay Highland Capital's Twenty Million Dollars ($20,000,000.00) claim; to the extent that Highland Capital would be bypassed without a

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1  sufficient reserve to cover its claim; to the extent that there is not sufficient reserve to pay all

2  claims; and for any further relief that this Court deems just and proper in the premises.

3         DATED this _____ day of July, 2006.

4                                    Respectfully Submitted By:

7                                    CiCi CUNNINGHAM, ESQ.
                                     Nevada Bar No.: 4960
8                                    RAWLINGS, OLSON, CANNON,
                                     GORMLEY & DESRUISSEAUX
9                                    9950 West Cheyenne Avenue
                                     Las Vegas, NV 89129
10                                   Attorneys for Creditors,
                                     Prospect High Income Fund,
11                                   ML CBO IV (Cayman) Ltd.,
                                     PAMCO Cayman, Ltd.,
12                                   PAM Capital Funding, L.P.,
                                     Highland Crusader Fund, Ltd.,
13                                   and PCMG Trading Partners XXII, L.P.

# EXHIBIT A

## U.S. Bankruptcy Court

### District of Nevada

Notice of Electronic Claims Filing

The following transaction was received from CUNNINGHAM, CICI on 6/7/2006 at 1:04 PM PDT

| | |
|---|---|
| **Case Name:** | USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC |
| **Case Number:** | 06-10727-lbr |
| **Creditor Name:** | PROSPECT HIGH INCOME FUND, ET AL C/O CiCi CUNNINGHAM, ESQ. 9950 WEST CHEYENNE AVENUE LAS VEGAS, NV 89129 |
| **Claim Number:** | 20 |
| **Total Amount Claimed:** | $20000000.00 |

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:G:\Bankruptcy\E-Filing\USA Capital\USA Cap Div Trust-POC-27.pdf
Electronic document Stamp:
STAMP bkecfStamp_ID=989277954 [Date=6/7/2006] [FileNumber=6964342-0]
cc9c28f2d3be9b282d0fc8fa727fc5a615d6372299a806498c9d84dbad67c9156d093
f38c79dd48438f46462a65b7f034d17879b24dd61c0a3605fc150a596d]]
Document description: Complaint
Original filename:G:\Bankruptcy\E-Filing\USA Capital\POC-EX1a.pdf
Electronic document Stamp:
STAMP bkecfStamp_ID=989277954 [Date=6/7/2006] [FileNumber=6964342-1]
3d56cd636d7a5aa2449f024453243ca8d6fffbd5161f17627b0cb64306c4608785c7
a0e417337651d8f22ccdc7c8f5ab85998f98b38fa5d59cab66b8736003]]
Document description:Exhibit 1 to Complaint
Original filename:G:\Bankruptcy\E-Filing\USA Capital\POC-EX1b.pdf
Electronic document Stamp:
STAMP bkecfStamp_ID=989277954 [Date=6/7/2006] [FileNumber=6964342-2]
1a691ad89abd90dd3b9d07a6c45215fb4ecdd3ca85037b30c1b4ab005a7af38f7254a
4ff05a3b4212aaa4b0c9e71546aa0314c5f5cc2faff5287334991e29b1]]
Document description:Exhibit 1 to Complaint
Original filename:G:\Bankruptcy\E-Filing\USA Capital\POC-EX1c.pdf
Electronic document Stamp:
STAMP bkecfStamp_ID=989277954 [Date=6/7/2006] [FileNumber=6964342-3]
491e90335e8e653e5364cb8e2c107fd085207d5053231c9e46324d60d377fa60c7674
83fed0df89e9e9062236bb5ab4e1ed28f77dd9c89f932c04ad09f17196]]
Document description:Exhibit 1 to Complaint
Original filename:G:\Bankruptcy\E-Filing\USA Capital\POC-EX1d.pdf
Electronic document Stamp:
STAMP bkecfStamp_ID=989277954 [Date=6/7/2006] [FileNumber=6964342-4]
5c757a7a194f0f0616d627bdb5778c6a73b25baea231c0e8011ba4f1879e0303ae57
1372f90480d572a2feec3faa2daa12fc1eb0cb8dc79a5b1aa1896dc953]]
Document description:Exhibit 1 to Complaint
Original filename:G:\Bankruptcy\E-Filing\USA Capital\POC-EX1e.pdf
Electronic document Stamp:
STAMP bkecfStamp_ID=989277954 [Date=6/7/2006] [FileNumber=6964342-5]

668db8ac100d90a5aef70293ec71bc54_50c7a22b1b307b259a9fa630b27d10b6.  J
5b053d5e40f845f46242e9d24bb086998a76e3b0cf5c7dd8a4787a279c]]

-10727-lbr Notice will be electronically mailed to:

ELLY J. BRINKMAN    kbrinkman@gooldpatterson.com,

NET L. CHUBB    tbw@jonesvargas.com

ILLIAM D COPE    cope_guerra@yahoo.com, cope_guerra@yahoo.com

CI CUNNINGHAM    bankruptcy@rocgd.com

AUREL E. DAVIS    bklsclv@lionelsawyer.com,
avis@lionelsawyer.com;gbagley@lionelsawyer.com;ldavisesq@aol.com

HOMAS H. FELL    BANKRUPTCYNOTICES@GORDONSILVER.COM

HRISTOPHER D JAIME    cjaime@waltherkey.com, kbernhar@waltherkey.com

OBERT R. KINAS    rkinas@swlaw.com,
strand@swlaw.com;jlustig@swlaw.com;lholding@swlaw.com;imccord@swlaw.com

ILLIAM L. MCGIMSEY    lawoffices601@lvcoxmail.com,

ANETTE E. MCPHERSON    bkfilings@s-mlaw.com

ENARD E. SCHWARTZER    bkfilings@s-mlaw.com

S. TRUSTEE - LV - 11    USTPRegion17.lv.ecf@usdoj.gov,

ATTHEW C. ZIRZOW    bankruptcynotices@gordonsilver.com

-10727-lbr Notice will not be electronically mailed to:

NNETTE W JARVIS
OB 45385
SOUTH STATE STREET, #1400
ALT LAKE CITY, UT 84145-0385

AY QUINNEY & NEBEKER P.C.
SOUTH STATE STREET, SUITE 1400
O. BOX 45385
ALT LAKE CITY, UT 84145

CHWARTZER & MCPHERSON LAW FIRM
50 S. JONES BLVD., #1
AS VEGAS, NV 89146

RADLEY J STEVENS
00 N CENTRAL AVE
HOENIX, AZ 85012

| United States Bankruptcy Court<br>District of Nevada | PROOF OF CLAIM<br>CHAPTER: 11 |
|---|---|

| In Re (Name of Debtor):<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC | Case Number:<br>CASE NO.: BK-S-06-10727-LBR<br>Jointly Administered With:<br>CASE NO.: BK-S-06-10725-LBR (Lead Case) |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor:<br>(The person or other entity to whom the Debtor owes money or property)<br>PROSPECT HIGH INCOME FUND, ML CBO IV (Cayman), Ltd.,<br>PAMCO CAYMAN, LTD., PAM CAPITAL FUNDING, L.P.,<br>HIGHLAND CRUSADER FUND, LTD., PCMG TRADING PARTNERS XXIII,<br>L.P. | ☐ Check Box if you are aware that any one else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars |
|---|---|
| Name and Address Where Notices Should Be Sent:<br>CiCi Cunningham, Esq.<br>Rawlings, Olson, Cannon, Gormley & Desrruisseaux<br>9950 West Cheyenne Avenue<br>LasVegas, NV 89129 | ☐ Check Box if you have never received any notices from the Bankruptcy Court in this case.<br><br>☐ Check Box if you have never received any notices from the Bankruptcy Court in this case. |

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR | Check here if this Claim: ☐ Replaces a previously filed claim, dated:_____<br><br>☐ Amends a previously filed claim, dated: |
|---|---|

**1. BASIS FOR CLAIM:**
- ☐ Goods Sold
- ☐ Services Performed (Legal Services)
- ☐ Money Loaned
- ☐ Personal Injury/Wrongful Death
- ☐ Taxes
- ■ Other (Describe Briefly): **Tortious Interference**
  *(See Attached Complaint)*

- ☐ Retiree Benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (Fill out below)
  Your social security number:_____
  Unpaid compensation for services performed from _____ to _____

**2. DATE DEBT WAS INCURRED:**    July 8, 1998

**3. IF COURT JUDGMENT, DATE OBTAINED:**

4. CLASSIFICATION OF CLAIM. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT THE TIME CASE FILED.

☐ SECURED CLAIM:
Attach evidence of perfection of security interest

Brief Description of Collateral:

☐ Real Estate ☐ Motor Vehicle ☐ Other (Briefly Describe):

Amount of arrearage and other charges at time case filed included in secured claim above, if any:

■ UNSECURED NONPRIORITY CLAIM:
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM:    $_____
Specify the priority of the claim.

☐ Wages, salaries, or commissions (up to $4,000), * earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a)(3)

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(4)

☐ Up to $1,800* of deposits toward purchase, lease, or rental of property or services for personal, family or    household use – 11 U.S.C. § 507 (a)(6)

☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a)(7)

☐ Taxes or penalties of governmental units – 11 U.S.C. § 507 (a)(8)

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)____
*Amounts are subject to adjustment on 4/1 1/98 and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**5. TOTAL AMOUNT OF CLAIM AT THE TIME CASE FILED:**

| $20,000,000.00 | $_____ | $_____ | |
|---|---|---|---|
| (Unsecured) | (Secured) | (Priority) | TOTAL:  $20,000,000.00 |

☐ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

6. CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

7. SUPPORTING DOCUMENTS: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. TIME-STAMPED COPY: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date:<br>8-7-06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both, 18 U.S.C. §§ 152 and 3571.

# THE EXHIBIT TO THE PROOF OF CLAIM HAS NOT BEEN ATTACHED DUE TO ITS VOLUMINOUS NATURE. ANYONE REQUIRING A COPY OF THE EXHIBIT PLEASE CONTACT THE OFFICE OF CiCi CUNNINGHAM, ESQ. AT (702) 384-4012.

# EXHIBIT B

Statement of Financial Affairs

Question 4. a. Attachment

SUITS AND ADMINISTRATIVE PROCEEDINGS

4. a.  All suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this case.

| CAPTION OF SUIT | CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|---|
| Prospect High Income Fund v. USA Capital Diversified Trust Deed Fund, LLC, et al. | 02-A-453232 | Tortious Interference | Eighth Judicial District Court - Clark County - State of Nevada | Open |
| Weddell, et al. v. USA Commercial Mortgage Company, USA Capital Diversified Trust Deed Fund, LLC, et al. | 2:01-cv-0355 | Breach of contract | U.S. District Court - Nevada | Open |
| Amblamo, LLC, et al. v. Peek, et al. | 02-A-458515 | Abuse of Process (USA Capital Diversified Trust Deed Fund, LLC is a plaintiff) | Eighth Judicial District Court - Clark County - State of Nevada | Open |

# EXHIBIT B
## TO HIGHLAND CAPITAL'S OPPOSITION TO MODIFICATION TO MOTION TO DISTRIBUTE FUNDS

**From:**   USBC_NEVADA@nvb.uscourts.gov
**Sent:**   Tuesday, August 29, 2006 3:17 PM
**To:**   Courtmail@nvb.uscourts.gov
**Subject:** 06-10725-lbr Miscellaneous Motion

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

## U.S. Bankruptcy Court

### District of Nevada

Notice of Electronic Filing

The following transaction was received from MCPHERSON, JEANETTE E. entered on 8/29/2006 at 4:16 PM PDT and filed on 8/29/2006
**Case Name:**        USA COMMERCIAL MORTGAGE COMPANY
**Case Number:**      06-10725-lbr
**Document Number:** 1203

**Docket Text:**
Modified Motion *To Distribute Funds And Proposed Procedures For Ongoing Distributions* Filed by JEANETTE E. MCPHERSON on behalf of USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, USA CAPITAL FIRST TRUST DEED FUND, LLC, USA COMMERCIAL MORTGAGE COMPANY (MCPHERSON, JEANETTE)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** P:\USA Commercial Mortgage\Pleadings\Distribute
Funds\Modification_to_Motion_to_Distribute_Funds 082906.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=989277954 [Date=8/29/2006] [FileNumber=7229658-0]
[0e547598cd985efc6f92aa534d7254fd3c79554e5373c57f61de060609340b1360a5
54ecae4d67d96740182d907363cd7076bbf2bef2812bc914cd8a135e10df]]

**06-10725-lbr Notice will be electronically mailed to:**

FRANKLIN C. ADAMS    franklin.adams@bbklaw.com, arthur.johnston@bbklaw.com

NANCY L ALLF    nallf@parsonsbehle.com,
klawrence@parsonsbehle.com;tthomas@parsonsbehle.com;ecf@parsonsbehle.com

OGONNA M. ATAMOH    oatamoh@nevadafirm.com,
bkecf@nevadafirm.com;paltstatt@nevadafirm.com;sliberio@nevadafirm.com

BMC GROUP, INC.    evrato@bmcgroup.com, ecf@bmcgroup.com;jmiller@bmcgroup.com;jbartlett@bmcgroup.com

KELLY J. BRINKMAN    kbrinkman@gooldpatterson.com,

8/30/2006