ELECTRONICALLY FILED
August 31, 2006

1  STUTMAN, TREISTER & GLATT, P.C.        SHEA & CARLYON, LTD.
   FRANK A. MEROLA                        JAMES PATRICK SHEA
2  (CA State Bar No. 136934)              (Nevada State Bar No. 000405)
   EVE H. KARASIK                         CANDACE C. CARLYON
3  (CA State Bar No. 155356)              (Nevada State Bar No. 002666)
   ANDREW M. PARLEN                       SHLOMO S. SHERMAN
4  (CA State Bar No. 230429), Members of  (Nevada State Bar No. 009688)
   1901 Avenue of the Stars, 12th Floor   233 South Fourth Street, Second Floor
5  Los Angeles, California 90067          Las Vegas, Nevada 89101
   Telephone: (310) 228-5600              Telephone: (702) 471-7432
6  Facsimile: (310) 228-5788              Facsimile: (702) 471-7435
   Email:     fmerola@stutman.com         Email:      jshea@sheacarlyon.com
7             ekarasik@stutman.com                    ccarlyon@sheacarlyon.com
              aparlen@stutman.com                     ssherman@sheacarlyon.com
8
9  Counsel for the Official Committee Of
   Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

10              UNITED STATES BANKRUPTCY COURT
11                    DISTRICT OF NEVADA

| | |
|---|---|
| 12 In re:<br>13 USA COMMERCIAL MORTGAGE COMPANY,<br>          Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| 14 In re:<br>15 USA CAPITAL REALTY ADVISORS, LLC,<br>          Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| 16 In re:<br>17 USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>          Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| 18 In re:<br>19 USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>          Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| 20 In re:<br>USA SECURITIES, LLC,<br>          Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| 21 Affects<br>22 ☐ All Debtors<br>   ☐ USA Commercial Mortgage Co.<br>23 ☐ USA Securities, LLC<br>   ☐ USA Capital Realty Advisors, LLC<br>24 ☐ USA Capital Diversified Trust Deed<br>25 ☒ USA First Trust Deed Fund, LLC | Date:  September 28, 2006<br>Time: 9:30 a.m.<br>Place:  Courtroom #1 |

26     **FIRST INTERIM APPLICATION OF ALVAREZ & MARSAL, LLC AS FINANCIAL
       AND REAL ESTATE ADVISOR FOR THE OFFICIAL COMMITTEE OF EQUITY
27     SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC FOR
       ALLOWANCE AND PAYMENT OF FEES AND EXPENSES FOR THE PERIOD FROM
28                   JUNE 1, 2006 THROUGH JULY 31, 2006
              (AFFECTS USA CAPITAL FIRST TRUST DEED FUND, LLC)**

402077v3

1    Alvarez & Marsal, LLC ("A&M"), financial and real estate advisor for the Official

2 Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTD

3 Fund Committee") in the above captioned chapter 11 cases (the "Chapter 11 Cases"), hereby

4 submits its First Interim Fee Application (the "First Application"). By this First Application,

5 A&M requests approval of an interim award of $166,030.93 in compensation (net of $29,299.58 in

6 fee reductions) for services rendered and reimbursement of $2,339.68 for costs incurred during

7 A&M's representation of the FTD Fund Committee during the period from June 1, 2006 through

8 July 31, 2006 (the "First Application Period").

9    This First Application is made pursuant to sections 330 and 331 of Title 11 of the

10 United States Code ("Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy

11 Procedure ("Bankruptcy Rule"), Rule 2016 of the Local Rules of Bankruptcy Practice, and the

12 United States Trustee Guidelines for Reviewing Applications for Compensation and

13 Reimbursement of Expenses Filed under 11 U.S.C. § 330 (the "UST Guidelines") and is based

14 upon the points and authorities which follow, the exhibits annexed hereto, the pleadings, papers

15 or other matters contained in the Court's file, judicial notice of which is respectfully requested,

16 and any oral argument of counsel to be presented at the time of the hearing on this First

17 Application.

18

19                                              Respectfully submitted:

20

21    Dated:  August 31, 2006

22                                              Matthew E. Kvarda
                                                Alvarez & Marsal, LLC
23                                              Financial and Real Estate Advisor to the Official
                                                Committee of Equity Security Holders of USA
                                                Capital First Trust Deed Fund, LLC
24

25

26

27

28

402077v3                                        2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SUMMARY OF APPLICATION

**A.**   **Summary of Fees Incurred from June 1, 2006 through July 31, 2006**

| Name | Position | Hours Billed this Period | Gross Rate | Net for Period after 15% Fee Reduction |
|------|----------|------|------|------|
| Gregory G. Gotthardt | Managing Director | 46.0 | $550.00 | $21,505.00 |
| Matthew E. Kvarda | Senior Director | 166.8 | $450.00 | $63,801.00 |
| Dirk S. Aulabaugh | Senior Director | 186.3 | $450.00 | $71,259.75 |
| Stephen R. Peterson | Director | 25.9 | $350.00 | $7,705.25 |
| Jay Ian | Analyst | 10.1 | $205.00 | $1,759.93 |

**Total Hours**     **Total Net Fees**          **Blended Rate**
435.1           $166,030.93            $381.59

**B.**   **Summary of Expenses Incurred from June 1, 2006 through July 31, 2006**

| Expense | Rate | Total |
|---------|------|-------|
| Air Fare | Actual cost (coach class) | $1,563.90 |
| Business Meals | Actual cost | $129.01 |
| Car Rental | Actual cost | $227.99 |
| Mileage | $0.435/mile | $36.79 |
| Hotel | Actual cost | $162.55 |
| Overnight Mail | Actual cost | $22.44 |
| Parking Expense | Actual cost | $100.00 |
| Taxi | Actual cost | $92.00 |
| Other | Actual cost | $5.00 |
| **Total** | | **$2,339.68** |

402077v3                                3

1

<u>POINTS AND AUTHORITIES</u>

2

I.    **STATEMENT OF FACTS**

3

C.    **General Background**

4          1.    On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage

5    Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty

6    Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC (the "DTD

7    Fund"), and USA Capital First Trust Deed Fund, LLC (the "FTD Fund" and collectively with

8    USA Mortgage, USA Securities, USA Realty, and the DTD Fund, the "Debtors") filed

9    voluntary petitions for relief under chapter 11 the Bankruptcy Code.

10          2.    Thereafter, on May 9, 2006, this Court entered its "Order Regarding

11    Joint Administration Without Substantive Consolidation" [docket no. 184] whereby the Court

12    ordered that the foregoing Chapter 11 Cases be jointly administered under the name of USA

13    Commercial Mortgage Company, bankruptcy case number BK-S-06-10725-LBR.

14          3.    No trustee or examiner has been appointed in the Chapter 11 Cases.

15    Rather, the Debtors continue to operate their businesses as debtors in possession pursuant to

16    sections 1107 and 1108 of the Bankruptcy Code.

17          4.    On May 10, 2006, the Office of the United States Trustee (the

18    "U.S. Trustee") appointed four separate committees in these Chapter 11 Cases: (i) the FTD

19    Fund Committee; (ii) the Official Committee of Holders of Executory Contract Rights

20    through USA Commercial Mortgage Company (the "Direct Lender Committee"); (iii) the

21    Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund,

22    LLC (the "DTD Fund Committee"); and (iv) the Official Unsecured Creditors' Committee for

23    USA Commercial Mortgage Company (the "Unsecured Creditors' Committee").[1]

24

25

26

27

28

---

[1]   The FTD Fund Committee, the DTD Fund Committee, the Direct Lender Committee, and the Unsecured Creditors' Committee are collectively referred to herein as the "Committees." When referring to the Committees aside from the FTD Fund Committee, this Application uses the term "Other Committees." When referring to the Committees aside from the Unsecured Creditors Committee, this Application uses the term "Investor Committees."

1          5.      The FTD Fund Committee represents the interests of those persons who

2  invested in the FTD Fund (the "FTD Fund Members"), while the DTD Fund Committee

3  represents the interests of those persons who invested in the DTD Fund. The Direct Lender

4  Committee represents approximately three thousand six hundred (3,600) parties-in-interest

5  (the "Direct Lenders") that have individually lent monies directly to various borrowers, for

6  which USACM is the loan servicer. Finally, the Unsecured Creditors' Committee represents

7  the interests of those individuals who assert general unsecured claims against USACM.

8          6.      On or about June 13, 2006, A&M submitted the Application of Official

9  Committee of Equity Security Holders of USA Capital First Trust Deed Fund for Order

10  Authorizing Employment and Retention of Alvarez & Marsal, LLC as its Financial and Real

11  Estate Advisor Nunc Pro Tunc to June 1, 2006 (the "Employment Application") and the

12  Declaration of Matthew E. Kvarda in Support of Application for Order Pursuant to 11 U.S.C.

13  Sections 328(a) and 1103(a) and FED. R. BANKR. P. 2014(a) Authorizing the Retention of and

14  Employment of Alvarez & Marsal, LLC as Financial and Real Estate Advisor to the Official

15  Committee of Unsecured Creditors Nunc Pro Tunc to June 1, 2006 (the "Kvarda Declaration"

16  and together with the Employment Application, the "Retention Documents") seeking its support

17  to employ A&M.

18          7.      On or about June 23, 2006, the Court entered the Order Approving

19  Alvarez & Marsal, LLC Employment Application (the "Employment Order"), thereby granting

20  the FTD Fund Committee's request to employ A&M to serve as its financial and real estate

21  advisor. A copy of the Employment Order is attached hereto as Exhibit "A".

22          8.      Pursuant to the Employment Order, A&M's retention is effective as of

23  June 1, 2006. In its capacity as financial and real estate advisor to the FTD Fund Committee,

24  A&M has rendered various advisory services to the FTD Fund Committee. As disclosed in the

25  Retention Documents, A&M has not received a retainer in this matter and as of the filing of this

26  First Application has received no interim payments in this case.

27  ///

28  ///

**A.      Terms of A&M's Employment**

9.      As disclosed in the Retention Documents and approved in the Employment Order, in consideration of the circumstances in this case, A&M has agreed to voluntarily reduce its hourly rate structure by 15% at all levels.

**B.      Summary of A&M's Billing Practices**

10.      Pursuant to the Retention Documents, A&M's time entries are recorded contemporaneously with the rendition of services and are maintained at a minimum by one-tenth of an hour (0.10 hour) increments.

11.      Unless A&M professionals were working on FTD Fund Committee matters at the time, A&M has not billed for the travel time its professionals incurred in connection with providing services to the FTD Fund Committee.

12.      Given the breadth of A&M's role in this matter, a reasonable amount of time and effort has been invested in the administration and management of the engagement. Considerable effort has been expended to ensure that each duty and task performed by A&M was performed by a professional who is qualified to render such service and that there was no duplication of efforts among A&M personnel or between A&M personnel and those of the FTD Fund Committee's other professional advisors.   A&M professionals have delegated responsibility (where appropriate) to utilize the services of professionals who bill at lower hourly rates.   A&M is of the opinion that there has been no duplication of time or effort amongst its personnel or amongst the FTD Fund Committe's advisors.

13.      In circumstances where more than one person may have attended a client meeting or participated in a teleconference, such participation was at the request of the FTD Fund Committee counsel and was required as a result of the different projects involved and/or differing expertise of the persons participating.   Other meetings or discussions may have been required as a result of a primary engagement person obtaining specialized data or information from someone not otherwise assigned to the engagement or as a result of having a more senior person review the work product of a more junior person.   In all cases, such attendance at

1  meetings and/or review of work product was not a duplication of effort, but was necessary to
2  adequately represent the interests of the FTD Fund Committee.

3          14.      Fees and expenses for which A&M seeks payment, as outlined in this First
4  Application, are believed to comply with the OUST Billing Guidelines.  The compensation
5  A&M seeks is reasonable and is for actual and necessary services rendered.  The Court, through
6  its Employment Order, previously approved the types of services performed by A&M.  A&M
7  believes that all of the services performed by its professionals have been beneficial to the estate,
8  as well as to the interested parties to these proceedings, and have substantially contributed to the
9  case.  All expenses incurred by A&M were necessarily incurred.

10         15.      There is no agreement or understanding between A&M and any other
11 person, other than the members, associates and employees of A&M, for the sharing of
12 compensation received, or to be received, for services rendered in connection with these matters.

13

14 C.     Summary of Matter Codes and Exhibits

15

16         16.      A&M has provided a variety of services in its capacity as the FTD Fund
17 Committee's financial and real estate advisor.  Professional time incurred on the FTD Fund's
18 behalf has been assigned to the specific tasks/matter classifications to which it most closely
19 relates.  A&M has used its best efforts to assign its time entries to the various matter
20 classifications in a consistent manner.

21         17.      During the First Application Period, A&M utilized eleven (11) separate
22 and distinct matter classifications or "codes."  These matter classifications are summarized
23 below:

24

25                          **MATTER CLASSIFICATIONS**

26 1.   ANALYSIS OF FTD FUND PROPERTIES

27 2.   ANALYSIS OF RESTRUCTURING/LITIGATION ALTERNATIVES

28 3.   ANALYSIS OF POTENTIAL PURCHASE OFFERS
   4.   ANALYSIS OF FINANCING ALTERNATIVES

1    5.  ATTENDANCE AND PARTICIPATION IN COURT HEARINGS

2    6.  ANALYSIS OF MOTIONS FILED IN THE CASES

3    7.  RETENTION/BILLING/ADMINISTRATIVE MATTERS

4    8.  MEETINGS/TELECONFERENCES WITH DEBTORS AND DEBTORS'

5        ADVISORS

6    9.  MEETINGS/TELECONFERENCE WITH COMMITTEE AND COMMITTEE'S

7        ADVISORS

8    10. ANALYSIS OF DISTRIBUTION ISSUES

9    11. ANALYSIS OF FINANCIAL INFORMATION

10

11        18.    A full and detailed description of each of these matter codes is included below in Section III.

12        19.    Attached as Exhibit "B" is a summary of the hours rendered by each A&M professional during the First Application Period and the hourly rate of such professionals.

15        20.    Attached as Exhibit "C" is summary of the hours and fees incurred by matter during the First Application Period.

17        21.    Attached as Exhibit "D" is a summary by A&M professional of the hours and fees, by matter, incurred during the First Application Period.

19        22.    Attached as Exhibit "E" in full and complete detail, are the time entries registered by each A&M professional who provided service to the FTD Fund Committee during the First Application Period.

22        23.    The employees of A&M have extensive experience and expertise in a number of disciplines including: business turnarounds, financial restructuring, bankruptcy, and operations.  Attached as Exhibit "F" is a brief biographical statement of the professional experience of each A&M professional who rendered time during the First Application Period.

26        24.    Attached as Exhibit "G" is an itemized statement of expenses incurred during the First Application Period and for which reimbursement is sought.

27    ///

28    ///

402077v3                    8

1    ///

2    **II.    NARRATIVE CASE SUMMARY**

3              These are complex chapter 11 cases, and the FTD Fund Committee has been

4    intimately involved in the proceedings thus far.  In order to avoid duplication, A&M refers the

5    Court and parties in interest reviewing this Application to the case summary prepared by Shea &

6    Carlyon, Ltd. ("S&C"), the FTD Fund Committee's special (Nevada) counsel, which is included

7    in S&C's first interim fee application (the "S&C Application") filed on August 25, 2006 [Docket

8    no. 1193].

9

10    **III.    SUMMARY OF SERVICES RENDERED AND BENEFITS DERIVED**

11              25.    A&M has extensive experience in providing financial advisory services

12    within the context of chapter 11 bankruptcy proceedings.  The nature and scope of the services

13    rendered by A&M in this case, and the benefits derived therefrom, are described in detail below.

14    **A.    Analysis of FTD Fund Properties**

15              26.    Considerable time and effort has been expended during the First

16    Application Period analyzing the opportunities, challenges and underlying value of the

17    approximately 53 FTD Fund properties at the beginning of this case.   Specific tasks performed

18    by A&M personnel include, but are not limited to, the following:

19              a.    Analyzing the appraisals prepared by Hilco and addressing key

20                    assumptions in the Hilco assumptions that may not accurately reflect

21                    current market conditions.

22              b.    Meeting with, participating in teleconferences with and drafting email

23                    correspondence to employees and advisors to the Debtors regarding the

24                    current status of the valuation, sale and/or refinance of certain

25                    properties.

26              c.    Preparing summary reports for the FTD Fund Committee regarding the

27                    opportunities and challenges facing the various properties that the FTD

28                    Fund has an interest the fees that ST&G has incurred in providing

402077v3                                              9

1             services to the FTD Fund Committee during the First Application Period

2             and is organized by the categories established by the UST Guidelines for

3             billing in these Chapter 11 cases.

4         d.      Analyzing the performing/non-performing status of each loan.

5         27.      Based upon the time and effort incurred by A&M with respect to this

6 matter code, the FTD Fund Committee and FTD Fund Committee counsel were provided with a

7 sound foundation from which they could make an informed decision as to the various

8 restructuring options available to the FTD Fund Committee.

9         28.      In connection with providing the services assigned to this matter code,

10 A&M billed 243.9 hours of professional time during the First Application Period representing

11 gross fees (prior to adjustment) of $108,540.50, and net fees (after a $16,281.07 deduction) of

12 $92,259.43.

13

14    **B. Analysis of Restructuring/Litigation Alternatives**

15         29.      Due to concerns regarding the administrative burden of these cases,

16 considerable amount of time has been spent by the FTD Fund Committee developing and

17 proposing alternatives for the speedy resolution of these cases. In this vein, A&M has prepared a

18 myriad of analyses during the First Application Period at the request, and in support, of FTD

19 Fund Committee Counsel to try and find a way to exit chapter 11 as quickly as possible.

20         30.      Additionally, A&M has analyzed various potential causes of action in

21 these cases. Due to the sensitive nature of the various potential causes of action and the public

22 nature of the First Application, we have not provided demonstrative descriptions of the time

23 incurred in these matters but could provide additional support if necessary and requested.

24         31.      In connection with providing the services assigned to this matter code,

25 A&M billed 60.1 hours of professional time during the First Application Period representing

26 gross fees (prior to adjustment) of $27,125.00 and net fees (after a $4,068.75 adjustment) of

27 $23,056.25.

28 ///

402077v3                   10

1  **C.    Analysis of Potential Purchase Offers**

2          32.      In July 2006, A&M was made aware that the Debtors were exploring a

3  potential sale of the various assets of the various estates. In connection with this, A&M incurred

4  time during the First Application Period related to taking telephone calls from and meeting with

5  potential purchasers, addressing questions from FTD Fund Committee members and FTD Fund

6  Committee counsel and having discussions and meetings with the Debtors' advisors concerning

7  the structure and mechanics of the sale process.

8          33.      In connection with providing the services assigned to this matter code,

9  A&M billed 4.1 hours of professional time during the First Application Period representing gross

10  fees (prior to adjustment) of $1,975.00 and net fees (after a $296.25 deduction) of $1,678.75.

11

12  **D.    Analysis of Financing Alternatives**

13          34.      In response to the Debtors' cash flow needs, A&M prepared various

14  analyses and participated in multiple meetings regarding the Debtors' supposed financing needs

15  and the potential offers to provide debtor-in-possession financing ("DIP Financing"). As

16  discussed at the Court hearing on DIP Financing in July, the FTD Fund Committee had some

17  serious concerns and reservations regarding the structure and amount of DIP Financing proposed

18  by the Debtors and the potential impact to the FTD Fund Committee regarding the proposed

19  structure and collateral package for DIP Financing proposed by the Debtors.

20          35.      Specific tasks performed by A&M personnel include, but are not limited

21  to, the following:

22          a.      Analyzing the Debtors projected sources and uses of cash.

23          b.      Analyzing the various DIP Financing term sheets and discussing our

24                  concerns thereto with the Debtors and potential DIP Financing sources.

25          c.      Preparing various alternative DIP Financing structures that attempted to

26                  address the FTD Fund's concerns.

27          36.      In connection with providing the services assigned to this matter code,

28  A&M billed 12.0 hours of professional time during the First Application Period representing

402077v3                                    11

gross fees (prior to adjustment) of $5,400.00 and net fees (after a $810.00 deduction) of $4,590.00.

**E.    Attendance and Participation in Court Hearings**

37.    Incorporated within this matter code is professional time incurred by A&M personnel while preparing for and attending Court hearings pertaining to a variety of legal matters including the Debtors' proposed DIP Financing, the Debtors' proposed use of cash and various other contested matters. Such participation was requested by the FTD Fund Committee and was necessary to support the activities of FTD Fund Committee counsel with respect to the myriad of issues related to Debtors' operations and restructuring.

38.    In connection with providing the services assigned to this matter code, A&M billed 16.7 hours of professional time during the First Application Period representing gross fees (prior to adjustment) of $7,515.00 and net fees (after a $1,127.25 deduction) of $6,387.75.

**F.    Analysis of Motions Filed by Debtors**

39.    Included within this matter classification is professional time incurred by A&M personnel while analyzing the various motions filed by the Debtors.

40.    Specific activities performed by A&M personnel that are assigned to this matter code include, but are not limited to, assisting in the drafting of various FTD Fund Committee objections to various motions filed by the Debtors.

41.    In connection with providing the services classified to this matter code, A&M billed 7.5 hours of professional time during the First Application Period representing gross fees (prior to adjustment) of $3,375.00 and net fees (after a $506.25 deduction) of $2,868.75.

**G.    Retention/Fee Applications and Other Administrative Matters**

42.    Incorporated within this matter classification is professional time incurred by A&M personnel during the First Application Period in connection with, but not limited to: i). preparing the Retention Documents and preparing fee statements for the FTD

1 | Fund Committee members.

2 |      43.    Specific services include but are not limited to:

3 |      a.  Compiling and organizing time and expense information submitted by, and
4 |          supporting documentation received from, A&M personnel assigned to this
5 |          engagement;

6 |      b.  Reviewing time entries and expense documentation submitted by A&M
7 |          personnel working on the engagement in order to ensure compliance with the
          Bankruptcy Court; and
8 |
9 |      c.  Tracking expenses of A&M personnel and recording such expenses by category.

10 |      44.    As a result of A&M's efforts relating to the fee statement process, the
          creditors, the Court, the OUST, and other parties-in-interest are aware of the
11 |          work performed, fees generated and expenses incurred by A&M.

12 |
13 |      45.    In connection with providing the services classified to this matter code,

A&M billed 8.4 hours of professional time during the First Application Period representing gross
14 |
15 | fees (prior to adjustment) of $3,920.00 and net fees (after a $588.00 deduction) of $3,332.00.

16 |
**H.    Meetings/Teleconferences with Debtor and Debtors' Advisors**

17 |      46.    Since the Petition Date, A&M personnel have engaged in numerous
18 | meetings, teleconferences and one-on-one telephone conversations with the Debtors and the
19 | Debtors' advisors regarding various operational and strategic issues. To the extent interactions
20 | with the Debtors and the Debtors' advisors were related to one single topic, A&M personnel
21 | attempted to assign the time entries related to such interactions to a specific "project based"
22 | matter code. Time entries for interactions with the aforementioned parties related to multiple
23 | topics, global and/or strategic issues, general bankruptcy issues, or topics which did not
24 | warrant a separate matter code, have been assigned to this matter code.

25 |      47.    Members of A&M were in a better position to provide value-added
26 | financial advisory services to the FTD Fund Committee as a result of their interaction with the
27 | Debtors' advisors.

28 |      48.    In connection with providing the services assigned to this matter code,
A&M billed 25.4 hours of professional time during the First Application Period representing

402077v3                                    13

gross fees (prior to adjustment) of $11,430.00. and net fees (after a $1,714.50 deduction) of $9.715.50

## I.     Meetings / Teleconferences with Committee and Committee's Advisors

49.     Included within this matter code is professional time incurred by A&M personnel while preparing for, and participating in, scheduled meetings and teleconferences with the FTD Fund Committee and the FTD Fund Committee's advisors.  Topics addressed during these meetings generally related to global bankruptcy related issues and/or the status of multiple projects being worked on by A&M and, therefore, time related to such meetings could not be accurately assigned to a single "project-oriented" matter code.  These meetings/teleconferences provided a forum for the FTD Fund Committee to receive input from A&M with respect to various issues concerning the Chapter 11 case while also providing a forum for A&M to receive guidance from the FTD Fund Committee with respect to the strategic direction in which the FTD Fund Committee's efforts should be led.  Such interaction also kept the FTD Fund Committee fully informed with respect to the issues, status and results of the current and planned projects in which A&M was or will be involved.

50.     As a result of the interactions between A&M and the FTD Fund Committee and the FTD Fund Committee's other advisors, A&M was able to efficiently support the efforts of the FTD Fund Committee, coordinate efforts in order to meet critical court imposed deadlines and avoid any duplication of effort.

51.     During the First Application Period, A&M billed 45.7 hours of professional time during the First Application Period representing gross fees (prior to adjustment) of $20,965.00 and net fees (after a $3.144.75 deduction) of $17,820.25.

## J.     Analysis of Distribution Issues

52.     During the First Application Period, A&M personnel incurred time analyzing a variety of issues related to the potential holdbacks and deductions to the FTD Fund in connection with the first distribution to FTD Fund Members.  A&M's efforts in this manner ensured that there were no unnecessary delays or holdbacks associated with the distribution.

402077v3                                            14

53.     During the First Application Period, A&M billed 8.8 hours of professional time during the First Application Period representing gross fees (prior to adjustment) of $3,960.00 and net fees (after a $594.00 deduction) of $3,366.00.

**K. Analysis of Financial Information**

54.     Included in this matter code is time spent by A&M analyzing the monthly operating reports filed by the Debtors and preparing various information requests of the Debtors. A&M's efforts in this regard ensured that the FTD Fund Committee had a thorough understanding of the financial issues addressed in various filings by the debtors.

55.     During the First Application Period, A&M billed 2.5 hours of professional time during the First Application Period representing gross fees (prior to adjustment) of $1,125.00 and net fees (after a $168.75 deduction) of $956.25.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

402077v3

15

1

**CONCLUSION**

2     56.    The fees and expenses requested by this First Application are an

3  appropriate award for the operational and strategic advisory services provided by A&M to

4  the FTD Fund Committee. As outlined herein, A&M believes its efforts have facilitated the

5  Debtors' efforts to bring about a resolution to these bankruptcy cases in a manner that

6  maximizes the value of the estate. Accordingly, A&M believes its services have been

7  beneficial to the Debtors' estate and the various interested parties that the costs incurred in

8  connection therewith have been necessary and proper, and that the sums requested for the

9  services rendered and the costs incurred are fair and reasonable.

10

11     WHEREFORE, A&M prays for an Order Awarding Interim Compensation in

12  the total amount of $168,370.61 representing fees incurred during the First Application

13  Period in the amount of $166,030.93 (net of <$29,299.58> in deductions) and actual and

     necessary expenses incurred during the same time period totaling $2,339.68.

14          Executed this 31st day of August 2006 at Los Angeles, California.

15

16                                    Alvarez & Marsal, LLC
                                      633 West Fifth Street
17                                    Suite 2560
                                      Los Angeles, California  90071
18
                                      Financial and Real Estate Advisor to the
19                                    Official Committee of Equity Security
                                      Holders of USA Capital First trust Deed
20                                    Fund
21
22                                    By:  _____
23                                          Matthew E. Kvarda
24

25

26

27

28

402077v3                              16