**ELECTRONICALLY FILED**
August 31, 2006

| | |
|---|---|
| STUTMAN, TREISTER & GLATT, P.C. | SHEA & CARLYON, LTD. |
| FRANK A. MEROLA | JAMES PATRICK SHEA |
| (CA State Bar No. 136934) | (Nevada State Bar No. 000405) |
| EVE H. KARASIK | CANDACE C. CARLYON |
| (CA State Bar No. 155356) | (Nevada State Bar No. 002666) |
| ANDREW M. PARLEN | SHLOMO S. SHERMAN |
| (CA State Bar No. 230429), Members of | (Nevada State Bar No. 009688) |
| 1901 Avenue of the Stars, 12th Floor | 233 South Fourth Street, Second Floor |
| Los Angeles, California 90067 | Las Vegas, Nevada 89101 |
| Telephone: (310) 228-5600 | Telephone: (702) 471-7432 |
| Facsimile: (310) 228-5788 | Facsimile: (702) 471-7435 |
| Email: fmerola@stutman.com | Email: jshea@sheacarlyon.com |
| ekarasik@stutman.com | ccarlyon@sheacarlyon.com |
| aparlen@stutman.com | ssherman@sheacarlyon.com |

Counsel for the Official Committee Of
Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: USA COMMERCIAL MORTGAGE COMPANY, Debtor. | BK-S-06-10725-LBR Chapter 11 |
| In re: USA CAPITAL REALTY ADVISORS, LLC, Debtor. | BK-S-06-10726-LBR Chapter 11 |
| In re: USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, Debtor. | BK-S-06-10727-LBR Chapter 11 |
| In re: USA CAPITAL FIRST TRUST DEED FUND, LLC, Debtor. | BK-S-06-10728-LBR Chapter 11 |
| In re: USA SECURITIES, LLC, Debtor. | BK-S-06-10729-LBR Chapter 11 |
| Affects<br>☐ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☒ USA First Trust Deed Fund, LLC | Date: September 28, 2006<br>Time: 9:30 a.m.<br>Place: Courtroom #1 |

**FIRST INTERIM APPLICATION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC FOR REIMBURSEMENT OF EXPENSES OF COMMITTEE MEMBERS FOR THE PERIOD FROM MAY 10, 2006 THROUGH JULY 31, 2006 (AFFECTS USA CAPITAL FIRST TRUST DEED FUND, LLC)**

402255v2

The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTD Fund Committee") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases"), hereby submits the "First Interim Application Of The Official Committee Of Equity Security Holders Of USA Capital First Trust Deed Fund, LLC For Reimbursement Of Expenses Of Committee Members For The Period From May 10, 2006 Through July 31, 2006" (the "Application").  By this Application, the FTD Fund Committee requests approval of a reimbursement of expenses incurred by members of the FTD Fund Committee in connection with the Chapter 11 Cases during the period from May 10, 2006 through July 31, 2006 (the "First Interim Period").  Specifically, Mary Ellen Moro ("Ms. Moro") and Richard G. Woudstra Revocable Trust (the "Woudstra Trust"), two FTD Fund Committee members, respectively request awards of $1,972.38 and $203.13 for reimbursement of expenses related to their service as members of the FTD Fund Committee.

This Application is made pursuant to section 503(b)(3)(F) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure, and is based on the attached Memorandum of Points and Authorities, the exhibits attached hereto, the record in these cases, and the evidence and oral argument to be presented at the time of the hearing on the Application.

Respectfully submitted:

Dated:  August 31, 2006        __/s/ *Andrew M. Parlen*_____
Andrew M. Parlen, Esq.
Stutman, Treister & Glatt
Professional Corporation
Counsel to the Official Committee of Equity
Security Holders of USA Capital First Trust Deed
Fund, LLC

402255v2                                        2

**POINTS AND AUTHORITIES**

I.  **STATEMENT OF FACTS**

**A.   General Background**

1. On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC (the "DTD Fund"), and USA Capital First Trust Deed Fund, LLC (the "FTD Fund" and collectively with USA Mortgage, USA Securities, USA Realty, and the DTD Fund, the "Debtors") filed voluntary petitions for relief under chapter 11 the Bankruptcy Code.

2. Thereafter, on May 9, 2006, this Court entered its "Order Regarding Joint Administration Without Substantive Consolidation" [docket no. 184] whereby the Court ordered that the foregoing Chapter 11 Cases be jointly administered under the name of USA Commercial Mortgage Company, bankruptcy case number BK-S-06-10725-LBR.

3. No trustee or examiner has been appointed in the Chapter 11 Cases. Rather, the Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On May 10, 2006, the Office of the United States Trustee (the "U.S. Trustee") appointed four separate committees in these Chapter 11 Cases, including the FTD Fund Committee. The current members of the FTD Fund Committee are: Ms. Moro, John H. Warner, Jr., Robert E. Taylor, the Woudstra Trust, the Wen Baldwin Separate Property Trust u/a/d/ 9/2/97, and John Goings. The FTD Fund Committee represents the interests of those persons who invested in the FTD Fund (the "FTD Fund Members").

5. Two FTD Fund Committee members, Ms. Moro and the Woudstra Trust, have incurred actual and necessary expenses arising from their participation on the Committee.

6. Ms. Moro's expenses are as follows:[1]

---

[1] Upon request of the Court or any party in interest, Ms. Moro will provide receipts for any of the costs for which she requests reimbursement.

402255v2                                   3

| Expenditure | Amount |
| --- | --- |
| Airfare charges incurred when traveling to and from Las Vegas, Nevada for hearings and/or meetings. | $1,083.70 |
| Conference call charges incurred hosting FTD Fund Committee telephonic meetings in May and June 2006. | $182.94 |
| Hotel charge incurred when attending meeting with U.S. Trustee on May 17, 2006. | $273.92 |
| Meal charges incurred while in airports for purposes of traveling to or from Las Vegas, Nevada to attend hearings and/or meetings. | $67.46 |
| Meal charge incurred when attending meeting in Las Vegas, Nevada on July 11, 2006. | $25.36 |
| Taxicab transportation to and from airports and to and from the Foley Federal Building when traveling to attend hearings (14 taxicab trips). | $339.00 |
| **Total** | **$1,972.38** |

7. The Woudstra Trust's expenses are as follows:[2]

| Expenditure | Amount |
| --- | --- |
| Parking fee on May 17, 2006 incurred for purpose of attending the May 17, 2006 meeting with the U.S. Trustee. | $10.00 |
| 434 miles @ $0.445 per mile[3] accumulated in driving to and from hearings and/or committee meetings. | $193.13 |
| **Total** | **$203.13** |

8. The FTD Fund Committee makes this Application pursuant to 11 U.S.C. § 503(b)(3)(F) and Bankruptcy Rule 2016(a). This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C.

---

[2] Upon request of the Court or any party in interest, the Woudstra Trust will provide receipts for any of the costs for which it requests reimbursement.

[3] Per the Internal Revenue Service's Information Release 2005-138, beginning January 1, 2006, the standard mileage rate for the use of a car is 44.5 cents per mile for business miles driven.

402255v2                                4

§ 157(b)(2)(A).

## II.    ARGUMENT

### The Committee Members' Expenses Should be Approved as Actual, Reasonable and Necessary Expenses of the Estates

9. Section 503(b)(3)(F) of the Bankruptcy Code grants administrative expense priority to "the actual, necessary expenses… incurred by – a member of a committee appointed under section 1102 of [the Bankruptcy Code], if such expenses are incurred in the performance of the duties of such committee." As such, applicable case law permits the reimbursement of the reasonable and necessary expenses actually incurred by the official creditors' committee members as a result of their service on such committee. See e.g., Creditors' Committee Chairman v. Fibrex, Inc. (In re Fibrex, Inc.), 270 B.R 714, 716 (Bankr. S.D. Ind. 2001); In re Colorado-Ute Elec. Assn., Inc., 132 B.R. 183 (Bankr. D. Colo. 1991); In re General Oil Distribs., Inc., 51 B.R. 794, 805 (Bankr. E.D.N.Y. 1985); In re Malden Mills, Inc., 42 B.R. 476, 487-88 (Bankr. D. Mass. 1984).

10. The expense reimbursement requested by the FTD Fund Committee members satisfies the actual, reasonable and necessary standard set by the case law. All of the expenses were incurred as a result of the members' participation in the Chapter 11 Cases. Furthermore, the FTD Fund appears to have sufficient funds available to pay these expenses. The expense reimbursement request should be approved as actual, reasonable and necessary expenses of the estates.

///

///

///

402255v2                           5

### III. CONCLUSION

11. WHEREFORE, the FTD Fund Committee respectfully requests that the Court enter an order (i) granting the Application; (ii) awarding and direct the payment of $1,972.38 for the reimbursement of costs to Mary Ellen Moro; (iii) awarding and directing the payment of $203.13 for the reimbursement of costs to the Richard G. Woudstra Revocable Trust; and (iv) granting such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 31st day of August, 2006.

  /s/ *Andrew M. Parlen*

FRANK A. MEROLA (CA State Bar No. 136934),
EVE H. KARASIK (CA State Bar No. 155356), and
ANDREW M. PARLEN (CA State Bar No. 230429), Members of
STUTMAN, TREISTER & GLATT, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone: (310) 228-5600
COUNSEL FOR THE
OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
OF USA CAPITAL FIRST TRUST DEED FUND, LLC

402255v2                                6