Marc A. Levinson (California Bar No. 57613)
Lynn Trinka Ernce (California Bar No. 179212)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: (916) 447-9200
Facsimile: (916) 329-4900
Email: malevinson@orrick.com; lernce@orrick.com

Attorneys for the Official Committee of Equity Security Holders of
USA Capital Diversified Trust Deed Fund, LLC

E-filed on August 31, 2006

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **ORRICK, HERRINGTON & SUTCLIFFE LLP'S FIRST INTERIM FEE APPLICATION (JUNE 1, 2006 - JULY 31, 2006)** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Date: September 28, 2006<br>Time: 9:30 a.m.<br>Place: Courtroom #1 |

OHS West:260080575.3

1  Orrick, Herrington & Sutcliffe LLP ("Orrick"), counsel to the Official Committee of
2  Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC ("DTDF
3  Committee"), hereby submits its First Interim Fee Application ("Application") and seeks an order
4  of this Court: (1) allowing Orrick's professional fees in the amount of $467,794.50 and expenses
5  incurred in the amount of $8,173.54 for the period of June 1, 2006 through July 31, 2006
6  ("Application Period"); and (2) authorizing debtor USA Capital Diversified Trust Deed Fund,
7  LLC ("DTDF") to pay such amounts upon entry of an order approving this Application.[1]

8  This Application is supported by the Declaration Of Marc A. Levinson In Support Of
9  Orrick, Herrington & Sutcliffe LLP's First Interim Fee Application ("Levinson Decl.") and the
10 Declaration of Robert Worthen ("Worthen Decl.") filed contemporaneously herewith.

## I.

## INTRODUCTION/BACKGROUND

1. On April 13, 2006, the five above-captioned debtors (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"). The Debtors continue to operate their businesses as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. The Debtors' cases ("Chapter 11 Cases") are being jointly administered.

2. On May 10, 2006, the Office of the United States Trustee ("UST") appointed four official committees: (i) the DTDF Committee; (ii) the Official Committee Of Holders Of Executory Contract Rights Through USA Commercial Mortgage Company ("Direct Lenders Committee"); (iii) the Official Unsecured Creditors Committee For USA Commercial Mortgage Company ("Unsecured Creditors Committee"); and (iv) the Official Committee Of Equity

---

[1] Pursuant to procedures approved by this Court in the Interim Fee Procedures Order (defined in paragraph 6 hereof), Orrick previously circulated a monthly fee statement ("Statement") requesting that the DTDF pay Orrick interim compensation in the amount of $374,235.60, representing eighty percent (80%) of the total fees of $467,794.50 for services performed during the Application Period; and (ii) interim reimbursement of expenses in the amount of $8,173.54, representing one-hundred percent (100%) of the expenses incurred during the Application Period. Per the Interim Fee Procedures Order, objections are due on September 15, 2006 – after the deadline for the filing of this Application. At the September 28th hearing on this Application, Orrick will advise the Court whether any objection was received by September 15th and, if not, whether Orrick received interim compensation and reimbursement of expenses from the DTDF. Following its receipt of payment from DTDF, Orrick will request that the Court authorize the DTDF to pay Orrick the remaining amounts allowed by the Court.

OHS West:260080575.3

Security Holders Of USA Capital First Trust Deed Fund, LLC ("FTDF Committee"). The UST filed an amended notice of appointments to the DTDF Committee on or about June 1, 2006. Currently, there are six official members of the DTDF Committee and one *ex officio* member. Levinson Decl., ¶ 3.

3. Although Stutman Treister & Glatt PC initially sought to be employed to represent each of the Direct Lenders Committee, the DTDF Committee and the FTDF Committee, in response to certain interested parties' objections and concerns about the propriety of having a single law firm represent three committees that may have different or competing interests in the Chapter 11 Cases, the Court determined that each of the four committees should employ and retain its own separate counsel. On June 1, 2006, the DTDF Committee retained Orrick to serve as its counsel in these Chapter 11 Cases. Levinson Decl., ¶ 4.

4. On or about June 9, 2006, the Debtors filed an Application for Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Docket No. 570) ("Interim Fee Procedures Motion") which requested that the Court approve procedures for the interim compensation and reimbursement of expenses of professionals whose employment had been approved by order of the Court.

5. On June 12, 2006, the DTDF Committee filed both its application to employ Orrick and a supporting declaration of Marc A. Levinson.[2] Levinson Decl., ¶ 5. On June 22, 2006, this Court entered an order approving the DTDF Committee's employment of Orrick as its counsel, *nunc pro tunc* as of June 1, 2006. *Id.* and Ex. A.

6. At the August 4, 2006 omnibus hearing, the Court granted the Interim Fee Procedures Motion. On August 25, 2006, pursuant to the Administrative Order Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals (Affects All Debtors) ("Interim Fee Procedures Order"), Orrick sent a monthly fee statement, along with copies of its billing statements for the Application Period, to the Debtors, the UST, the Direct Lenders Committee, the FTDF Committee and the Unsecured Creditors Committee.

---

[2] Orrick filed a supplemental Levinson declaration and a second supplemental Levinson declaration regarding Orrick's employment on June 16, 2006 and August 11, 2006, respectively. Levinson Decl., ¶ 5.

OHS West:260080575.3                                - 2 -

1   Levinson Decl., ¶ 6. The Interim Fee Procedures Order was entered on the Court's docket on
2   August 29, 2006.
3       7.      Orrick sent a copy of its June 2006 billing statement to the Chair of the DTDF
4   Committee on August 18, 2006. Levinson Decl., ¶ 7. On August 25, 2006, Orrick sent a copy of
5   its monthly fee statement, which included copies of its billing statements for the entire
6   Application Period, to the Chair of the DTDF Committee. *Id.* The Chair, on behalf of the DTDF
7   Committee, has reviewed Orrick's billing statements, has found Orrick's fees and costs to be
8   reasonable and necessary, and has approved Orrick's fees and costs for payment by DTDF,
9   subject to Court approval of this Application. Worthen Decl., ¶¶ 3-4.[3]
10      8.      This is Orrick's first interim fee application for allowance and payment of
11  compensation for professional services rendered and reimbursement of actual and necessary costs
12  incurred on behalf of the DTDF Committee. Levinson Decl., ¶ 8. Copies of Orrick's detailed
13  billing statements for June 2006 and July 2006 are attached to the Levinson Declaration as
14  Exhibits B and C, respectively.

## II.

## SUMMARY OF FEES AND EXPENSES

17      9.      The following chart summarizes Orrick's requested fees, sorted by the
18  professionals who have devoted time on behalf of the DTDF Committee during the Application
19  Period:
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///

---

[3] The Diversified Trust Deed Fund Committee and Orrick reserve the right to seek compensation in other of the Debtors' bankruptcy cases pursuant to Sections 503(b)(3) and (4) of the Bankruptcy Code at such time in the future that they deem appropriate.

OHS West:260080575.3                         - 3 -

| Timekeeper | Rate | Hours (June) | Hours (July) | Total Hours | Total Fees |
|---|---|---|---|---|---|
| **Partners** | | | | | |
| Marc A. Levinson | $560.00 | 153.80 | 143.20 | 297.00 | $166,320.00 |
| Daniel J. Tyukody | $635.00 | 12.20 | 4.40 | 16.60 | 10,541.00 |
| **Of Counsel** | | | | | |
| Jeffery D. Hermann | $570.00 | 116.30 | 127.80 | 244.10 | 139,137.00 |
| **Associates** | | | | | |
| Lynn Trinka Ernce | $465.00 | 129.50 | 70.60 | 200.10 | 93,046.50 |
| Kimberly E. Neureiter | $375.00 | 46.40 | 94.60 | 141.00 | 52,875.00 |
| **Law Clerks/Paraprofessionals** | | | | | |
| Rachael Barainca | $140.00 | 1.90 | 9.30 | 11.20 | 1,568.00 |
| Patricia Eichar (Law Clerk) | $225.00 | 16.10 | 0.00 | 16.10 | 3,622.50 |
| Shelley Laufman White | $185.00 | 3.70 | 0.00 | 3.70 | 684.50 |
| **Totals** | | **479.90** | **449.90** | **929.80** | **$467,794.50** |

10. The blended rate for Orrick attorneys during the Application Period was $520.46 per hour ($467,794.50 divided by 898.80 hours). The blended rate for all Orrick professionals and paraprofessionals during the Application Period was $503.11 per hour ($467,794.50 divided by 929.80 hours).

11. A summary of the services provided by Orrick during the Application Period, sorted by task billing category, is set forth in the following chart:

| Task Code | Description | Hours (June) | Hours (July) | Total Hours |
|---|---|---|---|---|
| B110 | Case Administration | 137.10 | 20.60 | 157.70 |
| B120 | Asset Analysis and Recovery | 120.30 | 13.90 | 134.20 |
| B130 | Asset Disposition and Sales | 32.20 | 2.10 | 34.30 |
| B152 | Meetings & Communications With Other Committees | 25.40 | 32.90 | 58.30 |
| B153 | Meetings & Communications With The Committee Or Members Of The Committee | 68.60 | 18.00 | 86.60 |
| B154 | Meetings & Communications With The Creditors Or Equity Holders | 5.10 | 19.10 | 24.20 |
| B160 | Fee/Employment Applications | 25.20 | 19.70 | 44.90 |
| B170 | Fee/Employment Objections | 0.00 | 3.10 | 3.10 |
| B210 | Business Operations | 0.00 | 2.40 | 2.40 |
| B230 | Financing/Cash Collections | 27.20 | 1.90 | 29.10 |
| B310 | Claims Administration And Objections | 9.50 | 23.80 | 33.30 |
| B320 | Plan and Disclosure Statement (including Business Plan) | 0.40 | 8.60 | 9.00 |
| B503 | Litigation | 5.40 | 235.20 | 240.60 |
| B504 | EPIC Loan | 7.20 | 6.50 | 13.70 |
| B505 | 10-90 Loan | 16.30 | 42.10 | 58.40 |
| | **Totals** | **479.90** | **449.90** | **929.80** |

12. A summary of Orrick's requested fees, sorted by task billing category, is set forth in the following chart:

| Task Code | Description | Fees (June) | Fees (July) | Total Fees |
|---|---|---|---|---|
| B110 | Case Administration | $70,750.50 | $10,602.00 | $81,352.50 |
| B120 | Asset Analysis and Recovery | 66,347.50 | 7,628.50 | 73,976.00 |
| B130 | Asset Disposition and Sales | 12,895.50 | 1,184.50 | 14,080.00 |
| B152 | Meetings & Communications With Other Committees | 12,855.50 | 18,220.50 | 31,076.00 |
| B153 | Meetings & Communications With The Committee Or Members Of The Committee | 30,329.50 | 9,396.00 | 39,725.50 |
| B154 | Meetings & Communications With The Creditors Or Equity Holders | 2,476.00 | 9,134.50 | 11,610.50 |
| B160 | Fee/Employment Applications | 11,692.50 | 6,628.00 | 18,320.50 |
| B170 | Fee/Employment Objections | 0.00 | 1,498.50 | 1,498.50 |
| B210 | Business Operations | 0.00 | 1,135.00 | 1,135.00 |
| B230 | Financing/Cash Collections | 14,453.00 | 1,010.00 | 15,463.00 |
| B310 | Claims Administration And Objections | 4,568.50 | 9,072.50 | 13,641.00 |
| B320 | Plan and Disclosure Statement (including Business Plan) | 224.00 | 4,807.50 | 5,031.50 |
| B503 | Litigation | 2,712.00 | 117,732.00 | 120,444.00 |
| B504 | EPIC Loan | 4,051.50 | 3,583.00 | 7,634.50 |
| B505 | 10-90 Loan | 9,000.50 | 23,805.50 | 32,806.00 |
|  | **Totals** | **$242,356.50** | **$225,438.00** | **$467,794.50** |

13. Orrick's time spent in preparing this Application was incurred after the Application Period, and will be disclosed in Orrick's second interim fee application.

14. <u>Voluntary Write-offs</u>: Orrick voluntarily wrote off approximately $15,000 of fees billed to this case as duplicative, unnecessary or unproductive. The $467,794.50 in total fees for the Application Period is net of the amount voluntarily written off. Levinson Decl., ¶ 9.

15. <u>Travel Time</u>: The lead attorneys representing the DTDF Committee reside in Orrick's offices in Sacramento and Los Angeles. Attendance at hearings and meetings in Las Vegas generally requires that such attorneys travel by plane or automobile to Las Vegas. Mindful of the limited resources in this case, Orrick has voluntarily limited its charges for travel time to and from Las Vegas and Salt Lake City to 2.5 hours each way, although such travel generally takes longer. In fact, the actual travel time is approximately 3.5 hours each way and maximum time, due to flight delays and the like, can exceed (and has exceeded) five hours. Orrick attorneys almost always work on the plane on this matter while traveling. Levinson Decl., ¶ 10.

OHS West:260080575.3                    - 5 -

## III.

## SERVICES RENDERED

16. The following summarizes, by billing category, the services rendered by Orrick during the Application Period. Far more detailed descriptions may be found in Orrick's invoices attached to the Levinson Declaration.

**Category B110 - Case Administration**. Orrick devoted 157.70 hours to tasks encompassed in this category, representing $81,352.50 of fees. As described below, the matters handled by Orrick that have been classified under this category are diverse and wide-ranging, and generally include numerous services which do not neatly fit under the other task billing categories established by Orrick. Thus, while they all fall under the heading of Case Administration for purposes of this Application, many of the services classified here are substantive matters. The great bulk of such services (137.10 out of 157.70 hours) were rendered during the first month of Orrick's employment in an attempt to "hit the ground running," since other professionals had been in the case for a month or two by the time Orrick was retained. The services rendered during the Application Period in this category break down into several subgroups, described as follows:

- Learning About The Case And The Business. Getting up to speed on the cases, the companies, the loan portfolios, background and issues since the case had been progressing for almost two months before Orrick was retained

- Retaining Other Professionals. Locating and retaining Nevada counsel and a financial advisor to assist the DTDF Committee and Orrick, preparing *pro hac vice* and Nevada counsel designation papers

- Corporate Governance. Dealing with corporate governance matters, including drafting of DTDF Committee bylaws and negotiating the terms of joint defense/common interest agreement and/or confidentiality agreements with the Debtors and the other official committees appointed in these cases

- Joint Protocols Motion. Reviewing, analyzing and providing input on the committees' joint motion to establish protocols for communications with investors, including negotiation of confidentiality provisions in light of Bankruptcy Code section 1102(3)

- Other Miscellaneous Motions. Attending meetings, reviewing, analyzing and drafting responses to the "hold funds" motion, the motion to disqualify Fertitta from the Direct Lenders Committee and other various motions

OHS West:260080575.3                                - 6 -

- **Conferences Among Professionals**: Conferences among DTDF Committee professionals in preparation for DTDF Committee meetings, hearings or meetings with other interested parties, where multiple topics were covered

- **Due Diligence Request.** Reviewing and providing input on the committees' joint due diligence request to the Debtors

- **Analysis of Key Agreements.** Reviewing and analyzing DTDF operating and servicing agreements and research regarding motion to terminate same

- **DTDF Committee Email Account**: Establishing an email account for communicating with individual DTDF investors

- **General Case Administration.** Reviewing daily electronic notices, non-working travel time, and other general case administration matters

**Category B120 – Asset Analysis and Recovery.** Orrick devoted 134.20 hours to this category, representing $73,976.00 of fees. Much of Orrick's time in this category was spent in the first month (120.30 out of 134.20 hours) and was devoted to investigating and learning about DTDF's assets. The services rendered during the Application Period in this category break down into several subgroups, described as follows:

- **Loan Analysis.** Extensive review and analysis of documentation for loans in which the DTDF is a direct lender, including multiple on-site visits to Debtors' offices in Las Vegas, conference calls and meetings

- **Asset And Recovery Analysis**: Extensive analysis of collateral securing DTDF loans and review and analysis of collection options and strategies for enforcement of DTDF loans; review and analysis of DTDF schedules and statement of financial affairs; review DTDF prospectus and analysis regarding potential causes of action and recovery options

- **Investment Partners Settlement And Security Agreement.** Review and analysis of Debtors' proposed security agreement with Investment Partners, including extensive meetings with DTDF professionals and others, drafting and revising limited opposition to motion to approve Investment Partners agreement and attending hearing on motion

- **Interim Distribution Analysis.** In anticipation of Debtors' motion to distribute funds to direct lenders, research and analysis regarding options and strategies for interim distributions, meetings and communications with Debtors and other committees regarding statements to be provided to investors

- **Ashby And Investment Partner Loans.** Review, analysis and multiple meetings with DTDF professionals and borrowers (including Messrs. Ashby, Redman and Milanowski) regarding loans, assets and related issues

- **Debtors' Proposed Transactions.** Analysis of various transactions proposed by Debtors involving loans and collateral in which DTDF has an interest, meetings, telephone conferences and drafting responses to motions (i.e. Franklin/Stratford, Amesbury/Hatterspoint, HFA, Boise/Gowen)

1  **Category B130 – Asset Disposition**. Orrick devoted 34.30 hours to this category, representing $14,080.00 of fees. The services rendered during the Application Period in this category generally involved efforts related to the Debtors' then-impending motion to distribute funds to direct lenders, including research and analysis of interim distribution options, strategies for interim distribution to benefit constituents of the DTDF and drafting argument outlines for the DTDF Committee's anticipated response to the interim distribution motion. Orrick is aware that some of the time it spent on this analysis also was billed to Category B120, and believes that such work is properly categorized under either.

**Category B152 – Meetings And Communications With Other Committees**. Orrick devoted 58.30 hours to this category, representing $31,076.00 of fees. Most of the time spent by Orrick in this category was spent in the weekly (and sometimes more-frequent) all-hands meetings involving the Debtors and the other committees to discuss global case issues and issues of interest to all constituencies, such as the Debtors' distribution motion, fee procedures motion, plan alternatives and the like. Most of the all-hands meetings were conducted via telephone, but there were some all-hands meetings that were conducted in person in Las Vegas. Time spent in this category also included initial discussions with the various other committees following Orrick's retention to represent the DTDF Committee, regarding case background and issues of common interest among the various committees.

**Category B153 – Meetings And Communications The Committee Or Members**. Orrick devoted 86.60 hours to this category, representing $39,725.50 of fees. The time spent by Orrick in this category consisted primarily of the numerous in-person and telephonic meetings of the DTDF Committee necessary to keep the DTDF Committee apprised of all of the fast-moving events in these Chapter 11 Cases and to advise the DTDF Committee in connection with strategic decisions to be made by the DTDF Committee. This category also includes time spent by Orrick reporting on various case events and Orrick's recommendations to the DTDF Committee via numerous email memoranda and in communicating with individual members of the DTDF Committee.

///

**Category B154 – Meetings And Communications With Creditors Or Equity Holders.** Orrick devoted 24.20 hours to this category, representing $11,610.50 of fees. The time spent by Orrick in this category primarily was geared towards improving communication with and access to information by the approximately 1,900 investors in the DTDF. Among other things, Orrick worked to establish and maintain a DTDF Committee website for communications with DTDF investors. Much of Orrick's time also was spent communicating directly with investors seeking information about the case and the DTDF Committee, both by telephone and via email utilizing the DTDF email account established by Orrick.

**Category B160 – Fee/Employment Applications.** Orrick devoted 44.90 hours to this category, representing $18,320.50 of fees. The services rendered during the Application Period in this category break down into several subgroups, described as follows:

- Retention of DTDF Professionals. Drafting employment applications and supporting pleadings and attending hearings to approve employment of DTDF Committee professionals, Orrick, Beckley Singleton, and FTI Consulting

- Retention of Professionals for Debtors and Other Committees. Reviewing applications, commenting on proposed orders and attending hearings regarding professionals being employed to represent the Debtors or other committees, and the Debtors' request to continue the employment of the Debtors' professionals for an additional 60 days

- Interim Fee Procedures Motion. Communicating with Debtors and other committees regarding the propriety of establishing interim fee procedures in these Chapter 11 Cases and reviewing, analyzing and responding to Debtors' interim fee procedure motion

- Billing Procedures and Bill Review. Establishing billing categories and protocols for use by Orrick timekeepers and reviewing and editing Orrick's time records for purposes of interim fee requests and future fee applications to ensure compliance with guidelines, among other things

**Category B170 – Fee/Employment Objections.** Orrick devoted 3.10 hours to this category, representing $1,498.50 of fees. The services rendered during the Application Period in this category include the review and analysis of objections to the Debtors' motion to continue the employment of its professionals and drafting a joint response to the Debtors' motion.

**Category B210 – Business Operations.** Orrick devoted 2.40 hours to this category, representing $1,135.00 of fees. This time related primarily to initial review and analysis of the Debtors' cash collateral motions and budgets, communications with the DTDF Committee's

OHS West:260080575.3                    - 9 -

financial advisors, preparing a joint response to the cash collateral motion with the FTDF Committee and review objections to the motion filed by other committees and constituents.

**Category B230 – Financing/Cash Collections**. Orrick devoted 29.10 hours to this category, representing $15,463.00 of fees. The services rendered during the Application Period in this category include review and analysis of the Debtors' various motions for use of cash collateral and for debtor-in-possession financing, meetings with the Debtors and/or other committees regarding debtor-in-possession motion and term sheets, filing or joining in responses to such motions and attending the hearings on the motions.

**Category B310 – Claims Administration/Objections**. Orrick devoted 33.30 hours to this category, representing $13,641.00 of fees. The bulk of Orrick's services in this category relate to the proof of claim filed against the DTDF and other Debtors by Prospect High Income Fund and five other bondholders, and research and analysis regarding possible responses to that proof of claim. As disclosed in the second supplemental declaration of Marc A. Levinson filed in this case, during the Application Period, Orrick discovered that the six bondholders collectively referred to themselves as "Highland Capital," which turned out to be an Orrick client. Although Orrick had not represented Highland Capital in connection with the DTDF or any of the other debtors, out of an abundance of caution, Orrick promptly transferred all responsibility for the matter to the DTDF Committee's Nevada counsel.

**Category B320 – Plan And Disclosure Statement.** Orrick devoted 9.00 hours to this category, representing $5,031.50 of fees. The services rendered during the Application Period in this category included meetings and discussions among the DTDF Committee professionals in response to information about various reorganization plan options mentioned at meetings with the Debtors and the other committees, and preliminary discussions with various potential plan proponents.

**Category B503 – Litigation.** Orrick devoted more time to this category than to any other, devoting 240.60 hours to this category, representing $120,444.00 of fees. The bulk of Orrick's efforts related to the Debtors' motion to distribute $65 million to direct lenders (none of which would go to DTDF), and were focused on reviewing, analyzing and strategizing regarding

possible responses and legal theories for the DTDF Committee's opposition to the distribution motion (including substantive consolidation, recharacterization of debt, netting of interim distributions, among other theories), drafting the DTDF Committee's opposition to the distribution motion, reviewing and analyzing the Debtors' supplement to their distribution motion and the objections to the distribution motion filed by other interested parties in these Chapter 11 Cases. Orrick also devoted time to analyzing potential litigation claims against third parties, and analyzing various motions, including the stay relief motion filed by Standard Property Development.

Given the fact that the Debtors' distribution motion did not provide for any payment to DTDF, Orrick believes that the substantial time and effort it expended with respect to the distribution motion was and is of critical importance. While the Court ultimately did not adopt the DTDF Committee's position regarding the amount of funds that should be held back from the proposed distribution given the uncertainties in the case, the DTDF Committee's opposition to the distribution motion provided the Court with extensive information about the looting of the DTDF and misrepresentations to DTDF investors at the hands of USA Capital's former principals as well as the DTDF Committee's arguments why the DTDF, as a victim of the former principals' Ponzi-like scheme, should not be left out in the cold while other direct lenders (who by chance were lucky enough not to have been looted themselves) obtain substantial recoveries of principal and interest. The DTDF Committee's opposition to the distribution motion thus put front and center some of the key issues facing the DTDF in these Chapter 11 Cases. The issues researched may again surface in these cases in connection with plan litigation and/or adversary proceedings. Accordingly, Orrick submits that the substantial time it spent on matters in this category during the Application Period were reasonable and necessary.

**Category B504 – EPIC Loan.** Orrick devoted 13.70 hours to this category, representing $7,634.50 of fees. The EPIC loan is the second largest loan in the DTDF's portfolio. The services rendered during the Application Period in this category include review and analysis of the EPIC loan, reviewing and coordinating the drafting of a complaint related to the EPIC Loan with the Debtors for purposes of collecting the loan, reviewing and analyzing the appraisal of

collateral securing the EPIC loan, and communicating with the Debtors and others regarding developments in the collection of the EPIC loan.

**Category B505 – 10-90 Loan**. Orrick devoted 58.40 hours to this category, representing $32,806.00 of fees. The 10-90, Inc. loan ("10-90 Loan"), which is 100% owned by DTDF is, by far, the largest loan in DTDF's portfolio, accounting for approximately 50% of the total. The 10-90 Loan is non-performing, with a current investment of $55,113,781 and an interest receivable as of July 31, 2006 of $28,375,618 bringing the total owed to DTDF from borrower USA Investment Partners LLC ("IP") to $83,489,399 as of July 31, 2006. It appears that between April 2002 and February 2005 the proceeds of the 10-90 Loan were used to fund IP and its primary members, Tom Hantges and Joe Milanowski, who used a substantial portion of DTDF's funds (*i.e.* the 10-90 Loan) as a source of funds for projects and other deals of IP and IP-related entities. The 10-90 Loan is secured by the assignment of membership interests in Ashby USA, LLC, IP, Capital Land Investors, LLC and Random Developments, LLC. It is not secured by first deeds of trust that encumber the relevant real property, real property interests or by second deeds of trust or other real property. Accordingly, collateral securing the 10-90 Loan is not as readily recoverable in foreclosure or otherwise as it would be were deeds of trust properly in place.

Given the extreme importance of the 10-90 Loan to DTDF, and the complexities created by the loan structure and the convoluted use of the loan proceeds by Hantges and Milanowski, Orrick and the DTDF Committee's financial advisors have devoted, and will continue to devote, considerable time to this category in an effort to recover assets and collect on the 10-90 Loan for the benefit of DTDF investors.

The services rendered during the Application Period in this category include review and analysis of the 10-90 loan, including on-site document review in Las Vegas and a number of in-person meetings in both Southern California and Las Vegas with the Debtors, borrowers and other interested parties), communications and meetings with the Debtors and others regarding developments in the collection of the 10-90 loan. In short, recovery on the 10-90 Loan is critical to DTDF investors, and Orrick submits that the substantial time that it has spent on this category during the Application Period was reasonable and necessary.

## IV.

## SUMMARY OF EXPENSES

17. The total amount of expenses requested by Orrick in performing necessary services for the DTDF Committee in this case during the Application Period is $8,173.54, which amount breaks down as follows:

| Description | June 2006 | July 2006 | Total |
|---|---|---|---|
| Duplicating Expense | $18.30 | $55.20 | $73.50 |
| Facsimile | 0.00 | 38.00 | 38.00 |
| Lexis Research | 1,556.75 | 2,786.00 | 4,342.75 |
| Local Taxi Expense | 0.00 | 35.00 | 35.00 |
| Out of Town Business Meals | 323.14 | 40.00 | 363.14 |
| Outside Services | 40.72 | 0.00 | 40.72 |
| Parking Expense | 102.00 | 32.00 | 134.00 |
| Postage | 3.54 | 2.22 | 5.76 |
| Telephone | 266.00 | 294.78 | 560.78 |
| Travel Expense, Air Fare | 919.80 | 559.70 | 1,479.50 |
| Travel Expense, Local | 153.83 | 26.70 | 180.53 |
| Travel Expense, Out of Town | 370.69 | 227.50 | 598.19 |
| Westlaw Research | 253.42 | 68.25 | 321.67 |
| **Totals** | **$4,008.19** | **$4,165.35** | **$8,173.54** |

18. Orrick generally handles regular and routine photocopying in-house. It is seeking reimbursement of $.20 per page. This amount is less than the amount Orrick customarily charges for photocopying expenses. Orrick's copy machines automatically record the number of pages made when the person that is photocopying enters the client's account number into a device attached to the copy machine. Whenever feasible, Orrick sends large copying projects to outside copy services that charge bulk rates for photocopying. In such instances, Orrick charges clients the same amount that Orrick pays the outside service.

19. Orrick normally charges its clients $1.50 per page for each outgoing facsimile transmission. However, for purposes of these Chapter 11 Cases, charges for all outgoing facsimile transmissions have been reduced to $1.00 per page. Orrick does not charge its clients for incoming faxes.

20. Orrick bills directly to its clients the cost of transmitting mail. Postage is logged and billed through a computer system. Orrick calculates postage costs at a rate set by the postal service for the weight and class of a given mailing. For large mailings, Orrick occasionally uses

OHS West:260080575.3                              - 13 -

an outside mailing house, whose charges are passed on directly to its clients without surcharge of markup. Orrick also seeks reimbursement for overnight package charges, such as Federal Express, messenger delivery charges without surcharge or markup.

## V.

### COMPLIANCE WITH GUIDELINES AND ORDER ESTABLISHING INTERIM COMPENSATION PROCEDURES

21. Orrick endeavors to control fees and expenses by providing services in an efficient and effective manner. To this end, Orrick diligently works to coordinate and facilitate the efficient prosecution of the matters for which it is employed. Staffing of matters within the case is done with the objective of providing the level of representation appropriate to the significance, complexity, or difficulty of the particular matter. Due to the sensitive nature and complexity of these Chapter 11 Cases, it is not always possible to delegate authority to persons with lower billing rates. However, Orrick has made every effort to avoid unnecessary duplication of effort. When more than one attorney attended a meeting or hearing, such attendance was necessary to adequately represent the interests of the DTDF Committee.

22. Orrick reviews all client billings for reasonableness and makes adjustments so that the charges are consistent with the value of the services provided. Orrick charges hourly rates that are similar to those rates charged by comparable law firms for similar legal services. *See, e.g., In re Ginji Corp.*, 117 B.R. 983, 990 (Bankr. D. Nev. 1990). Orrick's blended hourly rate, not including paraprofessionals, during this Application Period was $520.46. Orrick's blended hourly rate, including paraprofessionals, during this Application Period was $503.11.

23. As described above, Orrick has voluntarily reduced its requested fees by approximately $15,000, and Orrick also has limited its charges for travel time by capping travel time between California and Las Vegas/Salt Lake City at 2.5 hours each way, despite the fact that such travel actually takes longer – often far longer – than 2.5 hours each way.

24. Orrick believes that the fees and expenses sought in this Application are appropriate, and were reasonable and necessary in light of the complexity of these Chapter 11 Cases and the scope and difficulty of the business and legal issues involved.

OHS West:260080575.3                                      - 14 -

## VI.

## **CONCLUSION AND PRAYER**

In summary, Orrick has rendered valuable services to the DTDF Committee and now prays that the Court award, on an interim basis, fees in the sum of $467,794.50, and the reimbursement of costs in the sum of $8,173.54, for a total award of $475,968.04 for the Application Period. Such award will be interim only, subject to review at the conclusion of this case.

Dated: August 31, 2006

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ 
Marc A. Levinson (California Bar No. 57613)
Lynn Trinka Ernce (California Bar No. 179212)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: (916) 447-9200

Attorneys for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC

OHS West:260080575.3

- 15 -