GORDON & SILVER, LTD.
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: gmg@gordonsilver.com
BRIGID M. HIGGINS, ESQ.
Nevada Bar No. 5990
E-mail: bmh@gordonsilver.com
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: geg@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for the Official Committee
of Holders of Executory Contract Rights through
USA Commercial Mortgage Company

E-Filed On August 31, 2006

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>                          Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>                          Debtor. | BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>                          Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>                          Debtor. | FIRST INTERIM FEE APPLICATION OF GORDON & SILVER, LTD., SEEKING COMPENSATION FOR LEGAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES |
| In re:<br>USA SECURITIES, LLC,<br><br>                          Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Date: September 28, 2006<br>Time: 9:30 a.m. |

This First Interim Fee Application for Allowance of Compensation (the "First Application") is filed by GORDON & SILVER, LTD. ("G&S"), bankruptcy counsel for the

100933-001/419468_2.doc

Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company, a Nevada corporation (the "Direct Lenders Committee"). Pursuant to this First Application, G&S respectfully requests that the Court enter an Order:

1. For the period from May 23, 2006 through July 31, 2006 (the "First Application Period"), allowing G&S professional compensation in the amount of $257,736.00 and reimbursement of actual and necessary expenses in the amount of $1,963.63;

2. Authorizing USA Commercial Mortgage Company ("USA Mortgage") to pay to G&S all fees and expenses as allowed by the Court;

3. Determining that the total amount of professional fees and reimbursable expenses charged by G&S to USA Mortgage during the First Application Period are reasonable within the meaning of 11 U.S.C. §§ 330(a) and 331; and

4. Determining that the total amount of reimbursable expenses incurred by G&S during the First Application Period are actual and necessary within the meaning of 11 U.S.C. §§ 330(a) and 331.

The attached points and authorities and the exhibits to this First Application, which contain descriptions and analyses of the professional services rendered and the expenses incurred by G&S, support this First Application.

DATED this ____ day of August, 2006.

        GORDON & SILVER, LTD.

        By: _____
        GREGORY E. GARMAN, ESQ.
        Attorneys for the Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/419468_2.doc

2

## GORDON & SILVER, LTD.

### BILLING SUMMARY

| | |
|---|---:|
| Fees Previously Requested | $0.00 |
| Fees Previously Awarded | $0.00 |
| Expenses Previously Requested | $0.00 |
| Expenses Previously Awarded | $0.00 |
| Current Application Fees Requested | $257,736.00 |
| Current Application Expenses Requested | $1,963.63 |

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/419468_2.doc

3

PROFESSIONAL SERVICES

| NAMES OF PROFESSIONALS & PARAPROFESSIONALS | GRADUATED FROM LAW SCHOOL | HOURS BILLED CURRENT APPLICATION | RATE | TOTAL FOR APPLICATION |
|---|---|---|---|---|
| Shareholders | | | | |
| Gerald M. Gordon | 1973 | 143.10 | 525.00 | $75,127.50 |
| Gregory E. Garman | 1997 | 227.80 | 410.00 | $93,398.00 |
| Brigid M. Higgins | 1996 | 123.90 | 410.00 | $50,799.00 |
| Thomas H. Fell | 1989 | 13.50 | 440.00 | $5,940.00 |
| William M. Noall | 1988 | 4.70 | 440.00 | $2,068.00 |
| Total | | 513.00 | | $227,332.50 |
| Associates | | | | |
| Konrad Pilatowicz | 2005 | 41.40 | 175.00 | $7,245.00 |
| Matthew C. Zirzow | 1999 | 39.30 | 300.00 | $11,790.00 |
| Talitha B. Gray | 2004 | 46.80 | 185.00 | $8,658.00 |
| Total | | 127.50 | | $27,693.00 |
| Other Professionals | | | | |
| Jeffrey Hulet | | 8.00 | 135.00 | $580.50 |
| Cynthia A. Roper | | 14.40 | 150.00 | $2,130.00 |
| Total | | 22.40 | | $2,710.50 |
| **Total & Blended Hourly Rate** | | **662.90** | **388.80** | **$257,736.00** |

100933-001/419468_2.doc

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

EXPENSES

| Expense | Rate | Total |
|---|---|---|
| Messenger Fee | $10.00/trip | $90.00 |
| Photocopies/Scanned pages | $0.15 per page | $1,144.50 |
| Fax Telecopy | $0.75 per page | $131.25 |
| Postage | | $117.01 |
| Online Court Electronic Access | | $356.24 |
| Westlaw Research | | $38.63 |
| Service of Process | | $66.00 |
| Parking Expenses | | $20.00 |
| Total | | **$1,963.63** |

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/419468_2.doc

# I.
# POINTS AND AUTHORITIES

GENERAL BACKGROUND

1. On April 13, 2006 (the "Petition Date"), USA Mortgage, USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("USA Diversified"), and USA Capital First Trust Deed Fund, LLC ("USA First" and, collectively with USA Mortgage, USA Securities, USA Realty, and USA Diversified, the "Debtors") filed voluntary petitions for relief under Chapter 11, Title 11 of the United States Code. The Court approved joint administration without substantive consolidation on May 9, 2006.

2. At the Petition Date, USA Mortgage was the servicer for a portfolio of approximately 115 commercial mortgage loans, with a total balance of approximately $962 million. Most loans were funded by multiple parties, with over 3,600 individual direct lenders (the "Direct Lenders") holding an interest in one or more loans.

3. On May 10, 2006, the Office of the United States Trustee (the "US Trustee") appointed the following four committees in these Chapter 11 Cases:

(a) The Direct Lenders Committee;

(b) The Official Unsecured Creditors Committee for USA Commercial Mortgage Company (the "Unsecured Creditors Committee");

(c) The Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (the "Diversified Committee"); and

(d) The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee").

4. The Direct Lenders Committee was formed to speak to the interests common among the Direct Lenders, with a fiduciary duty to the Direct Lenders as a class.

5. On May 26, 2006, the Direct Lenders Committee filed its <u>Application of the Official Committee of Holders of Executory Contract Rights Through USA Commercial Mortgage Company to Employ Gordon & Silver, Ltd.</u> (the "G&S Employment Application").

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/419468_2.doc

6

6. The Court held a hearing to review the G&S Employment Application on June 5, 2006, and entered an order approving the G&S Employment Application on June 20, 2006.

7. Since the approval of the G&S Employment Application, G&S has advised the Direct Lenders Committee of its rights and obligations, represented the Direct Lenders Committee in all proceedings, assisted the Direct Lenders Committee in the performance of its statutory duties, aided the Direct Lenders Committee in developing legal positions and strategies, assisted the Direct Lenders Committee in formulating and negotiating a plan of reorganization, and provided other counsel and advice as the Direct Lenders Committee has required.

8. This is the First Interim Fee Application of Gordon & Silver, Ltd. Seeking Compensation for Legal Services Rendered and Reimbursement of Expenses filed in the above-captioned Chapter 11 Cases.

9. Pursuant to this First Application, G&S requests allowance of compensation of $257,736.00 and reimbursement of actual and necessary expenses in the amount of $1,963.63 in connection with services provided during the First Application Period.

10. This First Application is a "core proceeding" which the Court has jurisdiction to decide pursuant to 28 U.S.C. §§ 157(a), (b), and 1334. The statutory authority for the relief requested by G&S is 11 U.S.C. § 330 and 331. This First Application has been filed in accordance with Federal Bankruptcy Rule 2016 and the Guidelines of the Office of the United States Trustee for the District of Nevada.

11. This First Application has also been submitted in accordance with the Court's <u>Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals</u>. G&S has circulated its monthly statements of fees and expenses for May 2006 through July 2006 to the designated counsel for the Debtors, the US Trustee, and the other committees in a timely manner.

## II.
## TASKS PERFORMED BY G&S DURING THE APPLICATION PERIOD

The First Application Period ran from May 23, 2006 through July 31, 2006. During the First Application Period, G&S performed a wide range of services to the Direct Lenders

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/419468_2.doc

7

Committee. The discussion below provides an overview of the services performed by task category. A detailed description of the work performed by G&S in each of the categories listed below is contained in Exhibit "A" to this First Application.

### A.  G&S Retention and Compensation (1)

G&S billed 17.4 hours ($6,844.50) during the First Application Period related to the retention of G&S by the Direct Lenders Committee. In addition to the preparation of a retention agreement and employment application, time was spent reviewing, analyzing, and preparing a written response to the opposition prepared and filed by the Debtors.

### B.  Petition, Statements and Schedules, and First Day Motions (2)

G&S billed 16.3 hours ($6,823.00) during the First Application Period. This time was spent reviewing first day pleadings and the Debtors' statements and schedules. This category also includes attendance of the Section 341 meeting of creditors and equity security holders held on July 12, 2006.

### C.  Section 364 Financing (3)

G&S billed 49.0 hours ($21,450.00) during the First Application Period related to the Debtors' failed effort to obtain DIP financing and efforts to obtain additional funding on certain projects. Included in this category was time spent reviewing and analyzing the Debtors' ongoing funding requirements and potential sources of capital. Considerable time was further spent analyzing and reviewing the Debtors' Motion for Authority to Forbear and to Provide Further Funding for Certain Outstanding Loans (the "Funding Motion"). The Funding Motion directly impacted Direct Lenders in that it sought, among other requested relief, to subordinate, dilute, or otherwise modify the interests of certain Direct Lenders on certain loans. G&S also reviewed and opposed certain aspects of the Debtors' efforts to obtain DIP financing. Ultimately, the Debtors withdrew their requests for DIP financing. Finally, this category also includes a review and analysis of the Debtors' efforts to obtain financing on the Rio Rancho project.

### D.  Other Professionals Retention and Compensation (4)

G&S billed 16.2 hours ($5,805.50) during the First Application Period related to the retention of other professionals. This category includes review of applications, analysis of

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/419468_2.doc

8

potential conflicts, and, where appropriate, preparation of oppositions. During the First Application Period, G&S reviewed and filed a limited opposition to the employment of Hilco Real Estate LLC/Hilco Real Estate Appraisal, LLC as the Debtors' real estate appraiser. G&S further analyzed the identified conflicts of Mesirow Financial Interim Management, LLC as manager for the Debtors, and reviewed and opposed the employment of Sierra Consulting Group, LLC as financial advisors for the Unsecured Creditors Committee.

### E. **Cash Collateral/Budget (5)**

G&S billed 3.3 hours ($1,433.50) during the First Application Period. This time was spent reviewing the Debtors' motions to use cash collateral, as well as reviewing the ongoing budgets prepared and filed by the Debtors.

### F. **Stay Relief Motions (6)**

G&S billed 21.3 hours ($9,296.50) during the First Application Period related to the various requests for relief from the automatic stay. Time was spent reviewing the pleadings of individual direct lenders for relief and drafting an <u>Omnibus Response to Individual Direct Lenders Request for Relief</u>, filed on May 30, 2006, setting forth the Direct Lenders Committee's position on matters of common interest with respect to any Direct Lender motions for relief from the automatic stay. G&S also spent time reviewing, conferring, and sending correspondence on motions for relief separately filed by Scott K. Canepa, Rolland P. Weddell and Spectrum Financial Group, and Standard Property Development, LLC.

### G. **Section 365/Executory Contracts (9)**

G&S billed 9.7 hours ($4,126.50) during the First Application Period related to the Debtors' Loan Service Agreements ("LSAs"). This time was primarily spent reviewing and analyzing the LSAs and reviewing pleadings filed by individual Direct Lenders related to the LSAs.

### H. **Debtors' Administration (11)**

G&S billed 9.2 hours ($3,615.50) in this category during the First Application Period. The limited time allocated to this category relates to the general administration of the Debtors' bankruptcy proceedings.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/419468_2.doc

### I. Committee Governance (13)

G&S billed 32.6 hours ($11,230.00) during the First Application Period related to the operation of the Direct Lenders Committee. Time was first spent drafting committee bylaws and researching committee obligations. Additionally, time was spent preparing, negotiating, and revising a confidentiality agreement between the Direct Lenders Committee and the Debtors designed to facilitate disclosure of information to the Direct Lenders. Finally, time was spent researching "privacy" issues that directly impact Direct Lenders.

### J. Disclosure Statement and Plan Negotiations and Preparation (15)

G&S billed 22.3 hours ($10,488.50) during the First Application Period. This time included discussions and negotiations with the Debtors and other committees. Additional time was spent in the preparation of a Common Interest/Joint Privilege Agreement between the Direct Lenders Committee and FTDF Committee. This agreement was created to help facilitate the sharing of information between two committees with similar factual and legal issues, for the benefit of the lenders belonging to either committee.

### K. Committee Meetings and Communications (18)

G&S billed 45.5 hours ($21,116.00) during the First Application Period. This time was spent attending committee meetings, teleconferencing with clients, and responding to committee inquiries.

### L. Direct Lenders Related Matters (19)

G&S billed 142.7 hours ($54,724.00) during the First Application Period on issues that directly impact Direct Lenders. Among other motions included in this category was the Debtors' Motion to Temporarily Hold Funds Pending a Determination of the Proper Recipients (the "Motion to Hold Funds"). The Motion to Hold Funds sought to allow USA Mortgage to hold collected loan payments in a collection account without making a distribution to Direct Lenders on whose behalf USA Mortgage received payments. This category also includes time related to the Debtors' Motion to Distribute Funds and to Grant Ordinary-Course Releases and Distribute Proceeds (the "Motion to Distribute").

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/419468_2.doc

10

**M.      Meetings and Communications with the Debtors and Other Committees (20)**

G&S billed 39.1 hours ($17,652.50) during the First Application Period preparing for and attending meetings, participating in conference calls, and corresponding with the Debtors and other committees. Time in this category relates to ongoing negotiations with the Debtors and other committees as well as efforts to obtain information for distribution to Direct Lenders.

**N.      Communications with Direct Lenders (21)**

G&S billed 67.0 hours ($18,407.00) during the First Application Period. This time was spent communicating with the hundreds of individual Direct Lenders who have contacted G&S in an effort to obtain information related to these proceedings. G&S also spent time preparing the Motion For A Nunc Pro Tunc Order Clarifying Requirements to (1) Provide Access to Information, and (2) Solicit and Receive Comments from the Direct Lenders Pursuant to 11 U.S.C. §§ 105(a), 1102(b)(3) and 1103(c) (the "Joint Information Protocol Motion"). By way of the Joint Information Protocol Motion, the committees sought to maintain the confidentiality of certain information provided by the Debtors to the committees, and to clarify rules pertaining to disclosure of information from the committees to their constituents.

**O.      Bullard Motion to Disqualify (22)**

G&S billed 25.9 hours ($7,245.50) during the First Application Period. This time was spent researching, preparing, and revising G&S's Opposition to Motion for Order to Remove Fertitta Enterprises, Inc. as Member of Official Committee of Holders of Executory Contract Rights ("the Fertitta Opposition"), filed on June 19, 2006. This opposition came in response to USA Mortgage's motion to remove Fertitta Enterprises, Inc. ("Fertitta") and William J. Bullard, an officer of Fertitta and chair of the Direct Lenders Committee ("Bullard"), alleging that Fertitta had special arrangements with USA Mortgage's prior management. In response, the Fertitta Opposition demonstrated that Fertitta and Bullard hold no conflict of interest, and the motion was denied.

**P.      Litigation (23)**

G&S billed 13.3 hours ($4,203.50) during the First Application Period related to threatened litigation by the Diversified Committee to recharacterize Direct Lenders' assets as

Gordon & Silver, Ltd.
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

100933-001/419468_2.doc

11

property of the estate.

**Q.** **Sale/Asset Disposition (24)**

G&S billed 4.0 hours ($1,858.50) during the First Application Period meeting and negotiating with potential buyers of assets and other committees, and reviewing buyer documents.

**R.** **Asset Analysis/Recovery (25)**

G&S billed 47.3 hours ($17,174.00) during the First Application Period. This time was spent researching the property of the estate, reviewing discovery issues, and drafting a subpoena for the Debtors to obtain information on the Debtors' assets. G&S reviewed the Debtors' resulting document production, and discussed any remaining discovery issues with the Debtors and other committees.

This category also includes review of the Debtors' Motion for Order Approving Agreement with Investment Partners, in which the Debtors sought approval of a promissory note and security agreement provided by Investment Partners as a compromise of existing obligations. G&S discussed the motion, reviewed related documents, and drafted a response, which was filed on June 19, 2006. The response favored limited acceptance of the agreement to ensure the agreement would not damage the rights of the Direct Lenders.

**S.** **Omnibus Court Hearing Preparation and Attendance (26)**

G&S billed 80.8 hours ($34,241.50) during the First Application Period preparing for and attending the many Omnibus Hearings held in this proceeding.

## III.
## CONTENTS OF THE ATTACHED SUPPORTING EXHIBITS

Exhibit "A" attached to this First Application identifies and provides chronologically throughout the First Application Period: (a) the dates on which G&S performed professional services for the Direct Lenders Committee; (b) each person performing such services; (c) the amount of time spent by each person on each day that the person performed such services (charged in units of one-tenth [0.1] of an hour); and (d) specific daily descriptions of the services performed by each person. These time entries are grouped by task category.

Gordon & Silver, Ltd.
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

100933-001/419468_2.doc

12

Exhibit "B" attached to this First Application contains a detailed statement of actual and necessary out-of-pocket expenses incurred and paid by G&S during the First Application Period in its representation of the Direct Lenders Committee.

Thus, the attached supporting Exhibits "A" and "B" contain a thorough and detailed description of G&S's professional services and reimbursable expenses.

## IV.
## STANDARDS RELEVANT TO INTERIM PROFESSIONAL COMPENSATION AND EXPENSE REIMBURSEMENT

The fees billed by G&S to USA Mortgage for professional services rendered during the First Application Period total $257,736.00. This amount was calculated (as required by Bankruptcy Code Section 330) in accordance with the standards used to calculate what would be charged for comparable services in a non-bankruptcy situation.

The pertinent factors to be considered in establishing fees for legal services rendered are: (a) the time and labor required, the novelty and the difficulty of the questions involved, and the skill required to perform the legal services properly; (b) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (c) the fee customarily charged for similar services; (d) the amount involved and the results obtained; (e) the time constraints required by the exigencies of the case, including the frequency and amount of time required to be devoted other than in regular business hours; (f) the nature and length of the professional relationship with the client; (g) the experience, reputation, and ability of the lawyers performing the services; and (h) whether the fee is fixed or contingent. In re First Colonial Corp. of America, 544 F.2d 1291 (5th Cir. 1977), cert. denied, 431 U.S. 904 (1977); see also American Bar Association's Code of Professional Responsibility, Disciplinary Rule 2-106.

G&S submits that its requested professional compensation during the First Application Period is fair and reasonable under the circumstances of these Chapter 11 Cases and its representation of the Direct Lenders Committee therein. G&S has also incurred and paid out-of-pocket expenses totaling $1,963.63 during the First Application Period. The items for which expense reimbursement are being sought are not included in G&S's overhead, and are not therefore, a part of the hourly rates charged by G&S.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/419468_2.doc

13

Most of the photocopying charges have been incurred in reproducing pleadings prepared, filed and served in these Chapter 11 Cases. In the above-referenced instances (and other similar situations), copies were needed promptly at the time, and/or it was not otherwise feasible for G&S to make other photocopying arrangements. G&S charges $0.15 per page for photocopying. In addition, G&S charges $0.75 for outgoing faxes (G&S does not charge for incoming faxes), and $10.00 per messenger run.

G&S submits that the expenses, which it has incurred and paid in rendering legal services to the Direct Lenders Committee during the First Application Period, are reasonable and necessary under the circumstances of these Chapter 11 Cases and that the reimbursement to G&S for such expenses is appropriate and should be allowed.

## V.
## COMPLIANCE WITH SECTION 504 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016

G&S has not entered into any arrangement or agreement with any person or entity with respect to the sharing of fees and expenses for which G&S is seeking compensation and reimbursement as set forth in this First Application, except as permitted by Bankruptcy Code Section 504(b)(1).

## VI.
## CONCLUSION

WHEREFORE, G&S respectfully requests that the Court enter an Order:

1. For the First Application Period from May 23, 2006 through July 31, 2006, allowing G&S professional compensation in the amount of $257,736.00 and reimbursement of actual and necessary expenses in the amount of $1,963.63;

2. Determining that the total amount of professional fees charged by G&S to USA Mortgage during the Chapter 11 Cases is reasonable within the meaning of 11 U.S.C. §§ 330(a) and 331; and determining that the total amount of reimbursable expenses incurred by G&S during the Chapter 11 Cases are actual and necessary within the meaning of 11 U.S.C. §§ 330(a) and 331;

3. Authorizing USA Mortgage to pay to G&S all fees and expenses as allowed by

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/419468_2.doc

14

1. the Court; and

2. 4. Granting such other and further relief as the Court deems just and appropriate.

3. DATED this _____31_____ day of August, 2006.

GORDON & SILVER, LTD.

By: _____
GREGORY E. GARMAN, ESQ.
Attorneys for the Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/419468_2.doc

15