**LEWIS AND ROCA LLP**
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429
Facsimile (602) 734-3824
Telephone (602) 262-5756

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for Official Committee of Unsecured Creditors

E-Filed on 8/31/06

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| **In re:** | Jointly Administered |
| **USA Commercial Mortgage Company**<br>**06-10725 – Lead Case** | Chapter 11 Cases |
| **USA Capital Realty Advisors, LLC**<br>**06-10726** | Judge Linda B. Riegle Presiding |
| **USA Capital Diversified Trust Deed Fund, LLC**<br>**06-10727** | **LEWIS AND ROCA LLP'S FIRST INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS** |
| **USA Capital First Trust Deed Fund, LLC**<br>**06-10728** | |
| **USA Securities, LLC**<br>**06-10729** | Date: NA<br>Time: NA |
| **Debtors.** | **Affecting:**<br>¨ All Cases<br>**or Only:**<br>× USA Commercial Mortgage Company<br>¨ USA Capital Realty Advisors, LLC<br>¨ USA Capital Diversified Trust Deed Fund, LLC<br>¨ USA Capital First Trust Deed Fund, LLC<br>¨ USA Securities, LLC |

Lewis and Roca LLP ("Lewis and Roca"), counsel for the Committee of Unsecured Creditors of USA Commercial Mortgage Company (the "Committee"), respectfully requests compensation for services rendered and reimbursement of expenses incurred on

1747422.1

behalf of the Committee. Lewis and Roca submits its billing statement, attached as **Exhibit 1**, for the time period from the beginning of the firm's representation May 24, 2006 through July 31, 2006, which itemizes the time and expenses incurred on behalf of the Committee.

### A.  INFORMATION ABOUT APPLICANT AND APPLICATION

#### 1.  Relevant Dates and Nature of Application

a.  On May 24, 2006, Lewis and Roca completed its conflicts clearance and began providing services to the Committee with respect to USA Commercial Mortgage Company.

b.  On April 13, 2006 the Committee filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada were filed by USA Commercial Mortgage Company ("USACM"), USA Capital Diversified Trust Deed Fund, LLC; USA Capital Realty Advisors, LLC; USA Capital First Trust Deed Fund, LLC; and USA Securities, LLC.

c.  An order for Joint Administration of the cases was signed on May 9, 2006.

d.  No trustee or examiner has been appointed pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, and the Debtors are operating their business and managing their property as Debtors in Possession.

e.  An Official Committee of Unsecured Creditors for USACM has been appointed by the Order of the Court. Also appointed were: Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC; Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC; and Official Committee of Executory Contract Rights of USA Commercial Mortgage Company.

1747422.1

f. By Order of this Court dated June 19, 2006, Lewis and Roca was appointed as attorneys for the Committee effective as of May 24, 2006.

g. Compensation is sought under 11 U.S.C. §§ 330(a)(1) and 331.

**2. Terms and Conditions of Employment**

a. Lewis and Roca has no agreement of any kind, express or implied, to divide with any other person or entity any portion of the compensation sought or to be received by it herein except for its partnership agreement. There is on file herein the necessary statements required by Bankruptcy Rules 2014 and 2016 and 11 U.S.C. § 329, which are incorporated herein by reference.

b. The source of compensation for the fees and expenses presently sought through this application will be estate funds, as an administrative expense.

c. Pursuant to the Administrative Order re Establishing Procedures for Interim Compensation Payment and Reimbursement of Expenses, [DE 1199], 80% of the fees and 100% of the expenses Lewis and Roca submitted are to be paid on an interim basis, subject to this Court's review upon interim and final fee applications. In accordance with the Order, Lewis and Roca previously submitted monthly statements. No objections were received as to the June time and expense. The deadline for objections for July time and expense is September 15, 2006. The order provides:

> *On or about the 25th day of each month following the month for which compensation is sought, each Professional may submit a monthly statement ("Monthly Statement"). (1) designated counsel for Debtors (ii) designated counsel for each of the four official committees appointed in these cases; and (iii) the Office of the United State Trustee (collectively, the "Reviewing Parties"). Each of the Reviewing Parties will have until the fifteenth day of the next calendar month to review the Monthly Statement. If none of the Reviewing Parties objects as provided in paragraph (b) below, the applicable Debtor shall promptly pay (to the extent funds are available in such Debtor's estate) eighty percent (80%) of the*

*fees requested and one hundred percent (100%) of the expenses requested in that particular Monthly Statement.*

### 3.  Names and Hourly Rates of Professionals

a.  The names of the Lewis and Roca professionals and paraprofessionals requesting fees during the period of this application, the hourly rate charged by each, and the fees billed (after deduction of fees of which no payment is requested) are as follows:

| Attorney | Billed Per Hour | Hours Billed | Amount Billed |
|---|---|---|---|
| S. Freeman | $510 | 121.0 | $61,710.00 |
| R. Charles | $385 | 235.4 | $90,609.75 |
| S. Brown | $320 | 12.2 | $3,904.00 |
| S. Korn | $275 | 121.8 | $33,495.00 |
| M. Ruth | $200 | 47.5 | $9,500.00 |
| **Paralegal** | | | |
| M. Schoenike | $180 | 104.7 | $18,846.00 |
| N. Tanner | $160 | 21.7 | $3,472.00 |
| C. Arnold | $170 | 0.3 | $51.00 |
| **Summer Associate** | | | |
| N. Williams | $150 | 40.00 | $6,000.00 |
| **Library Research Assistant** | | | |
| S. Bundy | $110 | 0.5 | $55.00 |
| **Litigation Assistants** | | | |
| C. Jordan | $55 | 4.7 | $258.50 |

b.  Solely for the purpose of the Court's evaluation of the reasonableness of those standard hourly rates, a brief summary of the professional

4

1747422.1

experience of the lawyers who provided the bulk of the services for which compensation is sought is attached.

   c. The compensation sought is based on compensation charged by comparably skilled practitioners in cases other than cases under Title 11.

 **4.** **Status of Applications**

  This application is Lewis and Roca's first interim application.

 **5.** **Review and Approval of Application**.

  Monthly statements have been sent to all Committee Members of USACM, and pursuant to the proposed Administrative Order, to the "Reviewing Parties", and no objections have been received as to June, while the deadline for objections for July is September 15. The U.S. Trustee raised certain issues that have been addressed in this application and a responsive letter. This application will also be sent to the Reviewing Parties.

 **6.** **Time Period For Services Covered by This Application.**

  The time period covered by this application is from May 24, 2006 through July 31, 2006.

**B.** **CASE STATUS**

 **1.** **Status of Plans and Disclosure Statements, Quarterly Fees and Monthly Operating Reports**

  a. Quarterly fees have been paid to the United States Trustee to the best of our knowledge.

  b. Monthly operating reports have been submitted to the Office of the U.S. Trustee.

  c. The Debtors have not filed their Disclosure Statement and Plan of Reorganization.

1747422.1



### 2. Accrued Administrative Expenses

As of the date of this application, there are no unpaid pending applications for administrative expense that have been approved by this Court, to the best of Applicant's knowledge.

### C. SUMMARY SHEET

A summary sheet that sets forth the hours billed, hourly rate and total billed for each professional and paraprofessional is attached as Schedule A.

### D. BACKGROUND OF DEBTOR

#### 1. Summary of Legal Services Performed by Lewis and Roca

The services performed by Lewis and Roca during this application period related to (1) advising the Committee with respect to the powers and duties of the Committee; (2) analyzing the Debtors and their financial information with particular focus on USACM, and advising the Committee about them; (3) consulting with the Debtor and other committees concerning the administration of the case; (4) advising the Committee with respect to the powers and duties of the Debtor in the continued operation of its business and management of its assets in the Chapter 11 cases (5) preparing for and participating in meetings of the Committee and joint meetings of the Debtor and all committees; (6) evaluating court filings and advising the Committee with respect to them; (7) preparing for and participating in court hearings and addressing issues with respect to court orders; and (8) communicating with Committee Members and other professionals about various estate matters.

**B110 Case Administration**

Lewis and Roca performed tasks of a general nature including: preparation of a website for creditor inquiries; review of court filings, other documents and dockets; responding to procedural issues and most motions and orders; preparing for and participating in hearings covering uncontested as well as contested matters; responding to

1747422.1

numerous inquiries from Committee Members; resolving confidentiality agreement issues with Debtors; researching issues of general applicability; assisting the Committee with selection of a financial advisor; working with Debtors and the other Committees on means to cost effectively scan Debtors' critical file documents for review, dissemination and archive purposes.

| Attorney | Billed Per Hour | Hours Billed | Amount Billed |
|---|---|---|---|
| S. Freeman | $510 | 28.0 | $14,280.00 |
| R. Charles | $385 | 70.2 | 27,027.00 |
| S. Brown | $320 | 12.2 | 3,904.00 |
| **Summer Associate** | | | |
| N. Williams | $150 | 40.0 | 6,000.00 |
| **Paralegal** | | | |
| M. Schoenike | $180 | 61.6 | 11,088.00 |
| C. Arnold | $170 | 0.3 | 51.00 |
| N. Tanner | $160 | 19.2 | 3,072.00 |
| **Litigation Assistants** | | | |
| C. Jordan | $55 | 4.7 | 258.50 |
| **Library Research Assistant** | $110 | 0.5 | 55.00 |
| **TOTAL** | | 243.8 | $65,735.50 |

**B120 Asset Analysis/Recovery**

This time relates to assistance regarding investigation of the Debtor's assets and their value, including potential causes of action against the Debtor's insiders, requests.

| Attorney | Billed Per Hour | Hours Billed | Amount Billed |
|---|---|---|---|
| S. Freeman | $510 | 0.8 | $408.00 |
| R. Charles | 385 | 2.2 | 847.00 |

|              |       | 3.0 | $1,255.00 |
| ------------ | ----- | --- | --------- |
| **TOTAL**    |       |     |           |

### B130 Asset Disposition

This time relates to evaluation of sales issues and offers from potential purchasers of assets, and communication with the Committee, Debtors, bidders and other professionals about potential sales.

| **Attorney** | **Billed Per Hour** | **Hours Billed** | **Amount Billed** |
| ------------ | ------------------- | ---------------- | ----------------- |
| S. Freeman   | $510                | 3.0              | $1,530.00         |
| R. Charles   | 385                 | 4.8              | 1,848.00          |
| **TOTAL**    |                     | **7.8**          | **$3,378.00**     |

### B140 Relief From Stay Proceedings

Counsel reviewed stay relief motions, researched and prepared responses, and addressed issues with respect to forms of order.

| **Attorney**  | **Billed Per Hour** | **Hours Billed** | **Amount Billed** |
| ------------- | ------------------- | ---------------- | ----------------- |
| S. Freeman    | $510                | 2.5              | $1,275.00         |
| R. Charles    | 385                 | 2.7              | 1,039.50          |
| **Paralegal** |                     |                  |                   |
| M. Schoenike  | 180                 | 0.7              | 126.00            |
| **TOTAL**     |                     | **5.9**          | **$2,440.50**     |

### B150 Meetings Of Creditors

Time in this category relates to Committee meetings, including preparation of Committee bylaws and communicating with Committee members about meetings and

1747422.1

directing discussions. Counsel prepared memoranda for the Committee about pending motions and new developments, and meeting minutes and agendas. Counsel also participated in meetings with Debtor and all committees.

| Attorney | Billed Per Hour | Hours Billed | Amount Billed |
|---|---|---|---|
| S. Freeman | $510 | 47.0 | $23,970.00 |
| R. Charles | 385 | 86.5 | 33,302.50 |
| **Paralegal** | | | |
| M. Schoenike | 180 | 11.5 | 2,070.00 |
| **TOTAL** | | **145.0** | **$59,342.50** |

### B160 Fee/Employment Applications

Counsel prepared the firm's engagement letter, employment application, verified statements and supplements, order of employment and an application order shortening notice. Lewis and Roca prepared a pro hac admission application and submitted monthly statements as required. In addition, counsel reviewed employment application of Debtor's counsel, and also prepared the employment documents for Sierra Consulting Group, Inc., the Committee's financial advisor, and responded to an objection to the Sierra employment.

| Attorney | Billed Per Hour | Hours Billed | Amount Billed |
|---|---|---|---|
| S. Freeman | $510 | 3.5 | $1,785.00 |
| R. Charles | 385 | 9.7 | 3,734.50 |
| **Paralegal** | | | |
| M. Schoenike | 180 | 27.5 | 4,950.00 |
| **TOTAL** | | **40.7** | **$10,469.50** |

1747422.1



## B170 Fee Employment Objections

Time in this category relates to the review of oppositions or objections to employment of counsel for other committees and the Debtor, and resolving issues with respect to forms of orders concerning employment of non-Committee professionals.

| **Attorney** | **Billed Per Hour** | **Hours Billed** | **Amount Billed** |
|---|---|---|---|
| S. Freeman | $510 | 0.6 | $306.00 |
| R. Charles | 385 | 4.7 | 1,809.50 |
| **Paralegal** | | | |
| M. Schoenike | 180 | 0.8 | 144.00 |
| **TOTAL** | | **6.1** | **$2,259.50** |

## B190 Other Contested Matters

Time in this category includes analysis of responses to, and hearings on various contested matters, including the pleadings concerning the Debtor's distribution motion and related motions by other parties.

| **Attorney** | **Billed Per Hour** | **Hours Billed** | **Amount Billed** |
|---|---|---|---|
| S. Freeman | $510 | 29.9 | $15,249.00 |
| R. Charles | 385 | 36.4 | 14,014.00 |
| S. Korn | 275 | 121.8 | 33,495.00 |
| M. Ruth | 200 | 47.5 | 9,500.00 |
| **Paralegal** | | | |
| M. Schoenike | 180 | 1.4 | 252.00 |
| **TOTAL** | | **237.0** | **$72,510.00** |

1747422.1



**B195 Non-Working Travel.**

Time in this category relates to counsel's non-working travel to and from Las Vegas to attend hearings and meetings and billed at fifty percent of the hourly rate.

| Attorney | Billed Per Hour | Hours Billed | Amount Billed |
|---|---|---|---|
| S. Freeman | $510 | 5.0 | $2,550.00 |
| R. Charles | 385 | 9.9 | 3,792.25 |
| **Paralegal** | | | |
| N. Tanner | 160 | 2.5 | 400.00 |
| **TOTAL** | | **17.4** | **$6,742.25** |

**B230 Financing/Cash Collections**

Counsel reviewed and responded to documents related to proposed DIP financing, including collateral and budget issues and proposed revisions to the DIP financing order, and related to the Fertitta completion loan.

| Attorney | Billed Per Hour | Hours Billed | Amount Billed |
|---|---|---|---|
| S. Freeman | $510 | 0.7 | $357.00 |
| R. Charles | 385 | 6.9 | 2,656.50 |
| **Paralegal** | | | |
| M. Schoenike | 180 | 0.8 | 144.00 |
| **TOTAL** | | **8.4** | **$3,157.50** |

1747422.1

**B310 Claims Administration and Objections**

Time in this category relates to responses to investors/creditors regarding claims inquiries.

| Attorney | Billed Per Hour | Hours Billed | Amount Billed |
|---|---|---|---|
| R. Charles | $385 | 1.4 | $539.00 |
| **Paralegal** | | | |
| M. Schoenike | 180 | 0.4 | 72.00 |
| **TOTAL** | | 1.8 | **$611.00** |

**2.    Summary of Costs**

Lewis and Roca seeks reimbursement for costs incurred in the amount of $40,250.68. All costs are also customarily charged to non-bankruptcy clients of Lewis and Roca. The amount charged by Lewis and Roca for photocopies in this case is 20¢ per page. Facsimiles are charged at $1.00 per outgoing facsimile. Deliveries were made when signatures were required, and for documents delivered (principally to the court), and transcript order deliveries.

All costs from outside parties, such as Federal Express, mail, delivery charges, long distance telephone charges, travel expenses, Lexis and Westlaw searches and the like, are charged at the unit rate charged by the vendors. Travel expenses are limited to airfare charges, taxi or rental car and parking charges. The summary of the requested expense is:

| Description | Amount |
|---|---|
| Delivery – Federal Express | 58.81 |
| Travel Expenses | 1,866.40 |
| Other Disbursements | 724.15 |

1747422.1



| Description | Amount |
|---|---|
| Postage | 804.51 |
| Westlaw Computer Research | 31,452.95 |
| Delivery – Federal Express | 58.81 |
| Travel Expenses | 3,322.91 |
| Other Disbursements – Conference Calls for Committee Meeting | 724.15 |
| Postage | 804.51 |
| Westlaw Computer Research | 31,452.95 |
| Filing Fee | 175.00 |
| Meeting Expenses – Meals for Committee Lunches | 75.03 |
| Long Distance Telephone | 646.72 |
| Facsimile Document (pages @ $1.00) | 9.00 |
| Pickup and Delivery | 90.00 |
| Photocopying (pages @ $0.20) | 2,891.60 |
| Outside Copying and Scanning | 649.83 |
| **Total Advances** | **$40,900.51** |

The three Committees incurred an expense in scanning and copying documents for Debtors' production. The cost was split equally among the Committees, and Lewis and Roca advanced $649.83 for this purpose. A copy of the invoices is attached as Exhibit 2. Although this expense was not incurred until the bill was received in August, Lewis and Roca requests reimbursement in this application due to the unusual nature of the request, and to suggest that this expense is one Debtors should incur in the ordinary course of business, without shifting the burden to the Committees' professionals.

The total time for all timekeepers for which fees are requested is 716.9 hours, resulting in total fees requested of $227,901.25 along with expense reimbursement of $40,900.51 from May 24, 2006 through July 31, 2006. Lewis and Roca professionals

1747422.1



spent an additional 7.1 hours representing $721.00 of fees, for which no payment is requested, including time for checking potential conflicts of interest and duplicative work.

### 3. Evaluating Standards

In accordance with 11 U.S.C. § 330, this amount was calculated using the hourly rate for the attorneys involved. *See also In Re Yermakov*, 718 F.2d 1465, 1471 (9th Cir. 1983) ("The primary method used to determine a reasonable attorneys' fee in a bankruptcy case is to multiply the number of hours expended by an hourly rate"). This has also been referred to as the "lodestar" or basic fee which, if warranted, can be adjusted upward or downward. In that regard, the Ninth Circuit in *Yermakov* made specific references to *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974), in which the Fifth Circuit listed twelve factors which should be considered in awarding attorneys' fees. These "*Johnson* factors" have been referred to and utilized by many courts in considering and awarding attorneys' fees in bankruptcy cases. *See In Re Nucorp Energy, Inc*., 754 F.2d 655 (9th Cir. 1985).

The Ninth Circuit Bankruptcy Appellate Panel has held that the "lodestar" approach, coupled with consideration for the "*Johnson* factors" is the appropriate standard to be applied in awarding fees in a bankruptcy case. *See In re Powerine Oil Co*., 71 Bankr. 767 (Bankr. 9th Cir. 1986).

The provisions of § 330(a) place a premium on the timeliness of administration of the case. Compensable services must be "performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed." 11 U.S.C. § 330(a)(3)(A). Lewis and Roca believes all services have been provided in a timely basis.

For a more specific description of the various services provided, categorized as a project basis, as well as a general description of what was accomplished with respect to each project, please consult the attached project billing.

1747422.1

The results obtained by Lewis and Roca within the time frames of this application illustrate that Lewis and Roca:

- Used the skill required to perform the legal services properly;
- Provided services necessary to the administration of the case; and
- Performed the services within a reasonable amount of time commensurate with the complexity, importance and nature of each task.

**E.     CONCLUSION**

Based upon the foregoing, Lewis and Roca respectfully requests the Court to enter an Order approving:

1. Interim compensation for professional services rendered by Lewis and Roca in the amount of $227,901.25;

2. Reimbursement for actual and necessary expenses incurred in the amount of $40,900.51;

3. Authorizing the Debtor to pay the award from unencumbered funds of the USACM estate.

RESPECTFULLY SUBMITTED August 31, 2006.

LEWIS AND ROCA LLP

By  /s/ RC (#006593)
    Susan M. Freeman
    Rob Charles
    *Attorneys for Official Committee of Unsecured Creditors*

**LEWIS AND ROCA LLP LAWYERS**

## Brief biographical information of attorneys

Susan M. Freeman: Partner in the law firm of Lewis and Roca LLP in the Business Section, certified specialist in bankruptcy law, Arizona Board of Legal Specialization. Education: New York University, J.D., 1975 (Root-Tilden Scholar); Mt. Holyoke College, B.A., with distinction 1972. Concentration is in the areas of appeals, bankruptcy. Member of the State Bar Association, and the Bankruptcy Section of the Bar, and of the American Bar Association Business Bankruptcy Section. Fellow and Director, American College of Bankruptcy. Chair Chapter 11 Subcommittee of ABA Business Bankruptcy Committee. Author of Chapter 27, Ethical Responsibilities, Norton Bankruptcy Law & Practice 2d. Lecturer at various continuing legal education programs on bankruptcy in Arizona and nationally.

Rob Charles: Partner in the Tucson, Arizona office of Lewis and Roca LLP. Admitted to Arizona bar, 1982; admitted to Nevada bar. Education: University of Arizona (B.A., 1979); University of Arizona (J.D., 1982 with distinction). Law Clerk to the Hon. Earl H. Carroll, District of Arizona (1982-1984). Adjunct faculty, University of Arizona College of Law. Former chair, State Bar of Arizona, Bankruptcy Section; current chair, State Bar of Arizona Committee on Rules of Professional Conduct. Member, American Bar Association, Sections of Business Law and Litigation, active in the Bankruptcy Committee of the Business Law Section. Recent articles include the Annual Survey of the Automatic Stay, in the Annual Survey of Bankruptcy Law, published by Clark Boardman Callaghan. Recent presentations include panel presentations at the Norton Litigation Institute in Las Vegas, Nevada, and to subcommittee meetings of the American Bar Association Business Law Section's Business Bankruptcy Committee and the American Bankruptcy Institute.

Scott K. Brown: Associate in the Phoenix, Arizona law firm of Lewis and Roca LLP in the Commercial Litigation group, practicing primarily in the area of bankruptcy law. Admitted to bar in 2002. Education: Brigham Young University (BA 1997) and J. Reuben Clark Law School (JD 2000). Author of The Coptic Church in Egypt: A Comment on Protecting Religious Minorities from Non-state Discrimination, Brigham Young University Law Review 1049 (2000); Jehovah's Witnesses v. Land Berlin: Requiring Religious Communities Seeking Public Corporation Status in Germany to Satisfy the "Meaning and Purpose of Corporation Status" Test, Brigham Young University Law Review 673 (1999); and Regulating or Reorganizing?: Depriving Federal Bankruptcy Courts of Their Statutory Authority and Misapplying Fundamental Tenets of Bankruptcy Law in in re Cajun Electric Power Cooperative, Inc., Brigham Young University Journal of Public Law 249 (2000).

Sivan R. Korn: Associate in the Phoenix, Arizona law firm of Lewis and Roca LLP in the Commercial Litigation group, practicing primarily in antitrust litigation, antitrust compliance counseling and intellectual property litigation as well as general commercial litigation. Admitted to bar in 2002. Education: College of Management School of Law (1999 LL.B) and Fordham University School of Law, LL.M, 2001. While in law school in Israel, Ms. Korn was a law clerk for the Hon. Ruth Zochowitzki at the Jerusalem District Court. Following law school she clerked with the Chief Deputy of the Israel Attorney General, focusing on Supreme Court appellate work in matter of national security and complex white collar crime cases. Ms. Korn received an L.LM., magna cum laude, from Fordham University in New York, in 2001, where she also ranked first in class and was a recipient of the Edward Hawk Award as well as the full tuition merit scholarship.

1747422.1



Marvin C. Ruth: Associate in the Phoenix, Arizona law firm of Lewis and Roca LLP in the Commercial Litigation group. Admitted to bar in 2005. Education: University of Arizona (B.A. 2001) Robert C. Boyd Scholar; James E. Ursano Army Scholar, Arizona Regents Scholar and University of Arizona, James E. Rogers College of Law, J.D., 2005 magna cum laude, Perry Rogers Scholar. While in law school, Mr. Ruth was the articles editor for the Arizona Journal of International and Comparative Law and was also a member of the Black Law Students Association and the Jessup International Law Moot Court Team.

1747422.1