Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

E-FILED ON August 31, 2006

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **FIRST APPLICATION FOR INTERIM ALLOWANCE OF ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES OF SCHWARTZER & MCPHERSON LAW FIRM FROM APRIL 14, 2006 THROUGH JULY 31, 2006**<br><br>(AFFECTS ALL DEBTORS) |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Date: September 28, 2006<br>Time: 9:30 a.m. |

fee appl sm

- 1 -

| | | |
|---|---|---|
| 1 | Name of Applicant: | Schwartzer & McPherson Law Firm |
| 2 | Authorized to Provide Professional Services to: | Debtors and Debtors-In-Possession |
| 3 | Date of Retention: | April 13, 2006 (order approving employment entered on June 5, 2006) |
| 5 | Period for which Compensation and Reimbursement is sought: | April 14, 2006 through July 31, 2006 |
| 6 | Amount of Fees requested: | $ 265,016.00 |
| 7 | Amount of Expense Reimbursement requested: | $ 5,465.09 |
| 8 | Total Compensation requested: | $ 270,481.09 |

This is an: __X__ interim _____ final application.

### SUMMARY OF PROFESSIONALS
### APRIL 14, 2006 THROUGH JULY 31, 2006

| ATTORNEY/LEGAL ASSISTANT NAME | HOURLY RATE | APPLICATION HOURS | TOTAL FEES |
|---|---|---|---|
| Lenard E. Schwartzer, Esq. | $ 425 | 304.60 | $ 129,455.00 |
| Jeanette E. McPherson, Esq. | $ 325 | 363.80 | $ 118,235.00 |
| Jason A. Imes, Esq. | $ 225 | .60 | $ 135.00 |
| Linda Daugherty, Paralegal | $ 140 | 8.90 | $ 1,246.00 |
| Lia Dorsey, Paralegal | $ 125 | 118.60 | $ 14,825.00 |
| Legal Assistant | $ 100 | 11.20 | $ 1,120.00 |
| **Total** | | 807.70 | $ 265,016.00 |
| **Blended Rate** | | | $ 328.11 |

### SUMMARY OF DISBURSEMENTS
### APRIL 14, 2006 THROUGH JULY 31, 2006

| EXPENSES | RATE | TOTAL FEES |
|---|---|---|
| Delivery charges | $5.00 per run | $ 267.50 |
| Postage | Actual cost | $ 10.02 |
| Photocopy charge | $.25 per page | $ 534.50 |
| Westlaw research | | $ 1452.42 |
| Pacer research | | $ 1565.05 |
| Conference Room | Actual cost | $ 1198.00 |
| Travel – Airport Parking for Lenard E. Schwartzer | Actual cost | $ 12.00 |
| Travel – Airline Ticket for Lenard E. Schwartzer, Las Vegas-Reno | Actual cost | $ 250.60 |
| Filing Fees | Actual cost | $ 175.00 |
| **Total** | | **$ 5,465.09** |

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

The Schwartzer & McPherson Law Firm ("Applicant"), attorneys for USA Commercial Mortgage Company ("USACM"), USA Capital Realty Advisors, LLC ("USACRA"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF"), and USA Securities, LLC ("Securities") (collectively, the "Debtors") makes application to this Court for interim compensation pursuant to 11 U.S.C. §§ 328, 329, 330, and 331, Fed.R.Bankr.P. 2002 and 2106, and the Guidelines of the United States Department of Justice, Office of the United States Trustee (the "Guidelines"). This Application seeks allowance and authorization for immediate payment of Applicant's 807.70 hours of professional services rendered for the period April 14, 2006 through July 31, 2006 in the amount of $265,016.00 as well as reimbursement for costs expended in the amount of $5,465.09 for a total of $270,481.09.

## I.

## NARRATIVE STATEMENT OF SERVICES PERFORMED

On April 13, 2006 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. As of the petition date, USACM was the loan servicer for approximately 115 commercial loans having a combined outstanding balance of approximately $962 million, nearly all of which are secured by various real estate projects or developments. During the course of its representation of the Debtors, Applicant has performed a variety of services in an effort to maximize the distribution to investors and creditors in this case by providing critical advice to the Debtors and the Debtors' post-petition management team respecting a myriad of legal issues. Applicant has effectively represented the Debtors' positions in pleadings and in court, and has fielded countless inquiries from various parties in interest. Applicant, working in concert with the Debtors' management team during these crucial early stages, has also acquired substantial and critical knowledge about the Debtors' business operations and various investor obligations.

///

///

## II.

## NOTICE

1. A copy of the Application and the Notice of the Application will be served on the United States Trustee at or about the time the Application is filed. Guidelines §1.1.

2. A copy of the Notice of the Application filed in connection with the Application identifying Applicant and the amounts requested, will be served on the debtors and all identified creditors and parties-in-interest. Fed.R.Bankr.P. 2002(a) and (c)(2).

## III.

## STATUTORY AUTHORITY FOR RELIEF SOUGHT

11 U.S.C. §§ 328, 330, and 331 govern the award of compensation to officers and professionals.

11 U.S.C. § 328 provides:

### § 328. Limitation on compensation of professional persons

(a) The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

(b) If the court has authorized a trustee to serve as an attorney or accountant for the estate under section 327(d) of this title, the court may allow compensation for the trustee's services as such attorney or accountant only to the extent that the trustee performed services as attorney or accountant for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate.

(c) Except as provided in section 327(c), 327(e) or 1107(b) of this title, the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title if, at any time during such professional person's employment under section 327 or 1103 of this title, such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

11 U.S.C. § 330 provides:

### § 330. Compensation of officers

(a) (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 228, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, a professional person employed under section 327 or 1103 -
> (A) reasonable compensation for actual, necessary services rendered to the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
> (B) reimbursement for actual, necessary expenses.

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under Chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the services was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for -
> (i) unnecessary duplication of services; or
> (ii) services that were not -
>> (I) reasonably likely to benefit the debtor's estate; or
>> (II) necessary to the administration of the case.

. . . .

(5) The court shall reduce the amount of compensation awarded under this section by the amount of any interim compensation awarded under section 331, and, if the amount of such

interim compensation exceeds the amount of compensation awarded under this section, may order the return of the excess to the estate.

(6) Any compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application.

(7) In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326.

11 U.S.C. § 331 provides:

### § 331. Interim compensation

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

## IV.

## DATE, TERMS AND CONDITIONS OF EMPLOYMENT OF APPLICANT

1. Applicant was retained as counsel for the Debtors under a general retainer by an Order of this Court entered on June 5, 2006.

2. The terms and conditions of the Applicant's employment are that Applicant is to render services to the Debtors as deemed necessary on an hourly basis, with any award of compensation subject to the Bankruptcy Code, the Court, and any party-in-interest upon application.

3. Notwithstanding such terms and conditions, the Court may allow compensation to Applicant on terms and conditions different than as described above, if the original terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of Applicant's employment. 11 U.S.C. § 328(a).

///

///

## V.

## AMOUNT OF COMPENSATION SOUGHT TO BE ALLOWED AND APPROVED

The within Application seeks allowance and payment of compensation for attorneys' fees in the amount of $265,016.00 and reimbursement for expenses in the amount of $5,465.09. Thus, the total amount Applicant seeks to have the Court allow and seeks to be paid by the Debtors is $270,481.09.

## VI.

## SUMMARY OF SERVICES RENDERED, HOURLY RATES AND EXPENSES INCURRED

1. On April 13, 2006 the Debtors filed voluntary cases under Chapter 11 of the Bankruptcy Code.

2. The services rendered by Applicant are set forth in **Exhibit "A"** which includes a detailed list of all time for which compensation is sought, including the date the services were rendered, the person performing the services, the nature of the services performed and the time spent on each service. Fed.R.Bankr.P. 2016(a).

3. Applicant has rendered services on behalf of all of the Debtors. As a result, Applicant has currently allocated its time in the following categories: *USA Commercial Mortgage, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC, USA Securities, LLC, All Debtors, Some But Not All Debtors, Wells Fargo Adversary, Interpleader Adversary,* and *IP Adversary*. These categories include the following time and allocation:

a. *USA Commercial Mortgage* ("USACM"). This category includes time attributable only to USACM.

b. *USA Capital Realty Advisors, LLC* ("USACRA"). This category includes time attributable only to USACRA.

c. *USA Capital Diversified Trust Deed Fund, LLC* ("DTDF"). This category includes time attributable only to DTDF.

d. *USA Capital First Trust Deed Fund, LLC* ("FTDF"). This category includes time attributable only to FTDF.

e. *USA Securities, LLC* ("Securities"). This category includes time attributable only to Securities.

f. *All Debtors.* This category includes time spent on matters that pertain to all debtors. However, this time has been spent for the benefit of USACM and therefore, has been allocated to USACM.

g. *Some But Not All Debtors.* This category includes time spent on matters relative to all of the committees and the following Debtors, USACM, DTDF, and FTDF. The fees incurred in the *Some But Not All Debtors* category have been allocated to USACM, DTDF, and FTDF. Specifically, 50% of this time has been allocated to USACM, 25% of this time has been allocated to FTDF, and 25% has been allocated to DTDF.

h. *Adversaries.* This category includes separate entries for time for the Wells Fargo Adversary, the Interpleader Adversary, and the IP Adversary. Time entries for the Wells Fargo Adversary and the Interpleader Adversary have been allocated to USACM. The time entries for the IP Adversary[1] have been allocated to USACM in the amount of 50%, FTDF in the amount of 25%, and DTDF in the amount of 25%.

The allocation of these fees, as set forth above, has been made among the five Debtors and is part of the amounts in the categories set forth below in paragraph 6.

3. The expenses incurred by Applicant are set forth in **Exhibit "B."** No unusual or costly expenses have been incurred. For copies, Applicant charges twenty-five cents per page. For faxes, Applicant charges one dollar per page to send long distance faxes. Applicant has estimated that the rates it charges for copies and faxes are the actual and necessary expenses incurred. All expenses have been allocated to USACM.

4. Applicant has charged its customary hourly rates for services rendered for which compensation is sought in this Application. Applicant's hourly rates are comparable to or less than

---

[1] An adversary proceeding was not filed because the parties reached a settlement.

fee appl sm

- 8 -

those charged by other professional persons with similar levels of expertise in the Las Vegas, Nevada area.

5. Applicant has not been employed on a contingency basis and Applicant is aware that the fees charged by Applicant are subject to allowance at the discretion of the Court.

6. The following summary is intended only to highlight a number of the services rendered by the Firm in the separate project billing categories where the Firm has expended a considerable number of hours on behalf of the Debtors, and is not meant to be a detailed description of all of the work performed. The separate billing categories, to date, are as follows:

1. Case Administration
2. Asset Analysis and Research
3. Business Operations
4. Fee/Employment Applications
5. Meetings/Communications with Investors and Committees
6. Claims Administration and Objections
7. Employee Benefits / Pensions
8. Executory Contracts/Leases
9. Financing
10. Litigation/Adversary Proceedings
11. Tax Issues
12. Regulatory Matters
13. Unsecured Creditor Committee Relations
14. Executory Contract Rights Committee Relations

Detailed descriptions of the day-to-day services provided by the Firm and the time expended performing such services in each project billing category are fully set for in **Exhibit "A"** to this Application. From April 14, 2006 through July 31, 2006, Applicant has rendered service with respect to the following categories:

a. **Case Administration** (Task 1). This category includes the following: time that was incurred in the general administration of this case, the preparation, review, revisions, and filing of the Debtors' bankruptcy petition, schedules and amendments, participation in numerous telephone calls, email and written correspondence, and conferences with Debtors' counsel, Mesirow Financial, and the Office of the U.S. Trustee; preparation for and attendance at the Initial Debtor Interview and 341 Meeting of Creditors; review of case dockets and correspondence with court personnel, and parties in interest regarding miscellaneous case matters; updating and maintenance of agendas for omnibus hearings; and organizing and compiling documents for case

fee appl sm
- 9 -

files. The total amount of fees requested is $93,349.50. The following is a breakdown by Debtor of the fees requested:

| | |
|---|---|
| USACM | $ 89,445.76 |
| USACRA | $ 295.00 |
| DTDF | $ 1,266.87 |
| FTDF | $ 1,666.87 |
| Securities | $ 675.00 |

b. **Asset Analysis and Research** (Task 2). This category includes fees incurred in connection with work related to the analysis of assets and maximization of the value of the assets, pre-petition receivables and debts owed to Debtors, analysis of liabilities and review of financial statements, particularly with regard to budget issues, and the analysis and review of various documents regarding investors in various projects, loan summaries, payments to the Debtors as servicer of loan funds, and various loan documents. The total amount of fees requested is $53,625.00. The following is a breakdown by Debtor of the fees requested:

| | |
|---|---|
| USACM | $50,552.50 |
| USACRA | $ 0 |
| DTDF | $ 1,536.25 |
| FTDF | $ 1,536.25 |
| Securities | $ 0 |

c. **Business Operations** (Task 3). This category includes the work spent in the review and filing of monthly operating reports and in the preparation of the necessary documents for payment of the filing of cash forecasts. Time was also spent in working on obtaining Court approval for the use of cash to continue business operations. The total amount of fees requested is $15,420.00. The following is a breakdown by Debtor of the fees requested:

| | |
|---|---|
| USACM | $ 14,440.00 |
| USACRA | $ 0.00 |
| DTDF | $ 490.00 |
| FTDF | $ 490.00 |
| Securities | $ 0.00 |

d. **Fee/Employment Applications** (Task 4). This category includes work related to the employment of professionals, including Applicant, co-counsel Ray Quinney & Nebeker, P.C., and the Debtors' management firm Mesirow Financial Interim Management. Time

fee appl sm

- 10 -

in this category was also spent in preparation of the Firm's first interim application for fees and costs, including review of transaction reports, reconciliation of fees and costs for this Application Period, and attendance at the hearing. Applicant also reviewed other employment applications for various committees, including employment of Committee professionals. The total amount of fees requested is $25,370.00. The following is a breakdown by Debtor of the fees requested:

| | |
|---|---|
| USACM | $20,600.00 |
| USACRA | $     0.00 |
| DTDF | $ 1,298.75 |
| FTDF | $ 3,471.25 |
| Securities | $     0.00 |

e. **Meetings/Communications with Investors and Committees** (Task 5). This category includes time that was expended by the Firm in correspondence with and meetings with investors and creditors of the Debtors, as well as telephonic and in-person meetings with counsel for investors and counsel for multiple creditor committees. The total amount of fees requested is $38,946.50. The following is a breakdown by Debtor of the fees requested:

| | |
|---|---|
| USACM | $31,417.75 |
| USACRA | $     0.00 |
| DTDF | $ 3,393.12 |
| FTDF | $ 4,135.63 |
| Securities | $     0.00 |

f. **Claims Administration and Objections** (Task 6). This category includes work involved reviewing claims and objections to claims filed in these cases and correspondence with the Debtors' claim agent. The total amount of fees requested is $1,905.00. The following is a breakdown by Debtor of the fees requested:

| | |
|---|---|
| USACM | $ 1,905.00 |
| USACRA | $     0.00 |
| DTDF | $     0.00 |
| FTDF | $     0.00 |
| Securities | $     0.00 |

g. **Employee Benefits / Pensions** (Task 7). This category includes research and preparing motions to pay employee pre-petition wages and benefits. The total amount of fees requested is $2,572.50. The following is a breakdown by Debtor of the fees requested:

fee appl sm

- 11 -

|   |   |
|---|---|
| USACM | $ 2,572.50 |
| USACRA | $ 0.00 |
| DTDF | $ 0.00 |
| FTDF | $ 0.00 |
| Securities | $ 0.00 |

    h.    **Executory Contracts/ Leases** (Task 8). This category includes time spent involved reviewing various executory contracts and leases and the analysis of same, and the preparation of stipulations and orders and motions regarding the rejection of personal property leases. The total amount of fees requested is $2,122.50. The following is a breakdown by Debtor of the fees requested:

|   |   |
|---|---|
| USACM | $ 2,122.50 |
| USACRA | $ 0.00 |
| DTDF | $ 0.00 |
| FTDF | $ 0.00 |
| Securities | $ 0.00 |

    i.    **Financing** (Task 9). This category includes time spent for research, correspondence, and attendance at hearings regarding the Debtors' attempts to secure debtor-in-possession financing. The total amount of fees requested is $4,890.00. The following is a breakdown by Debtor of the fees requested:

|   |   |
|---|---|
| USACM | $ 4,890.00 |
| USACRA | $ 0.00 |
| DTDF | $ 0.00 |
| FTDF | $ 0.00 |
| Securities | $ 0.00 |

    j.    **Litigation/Adversary Proceedings** (Task 10). This category includes work related to litigation involving the Debtors in other jurisdictions; work related to the research and filing of adversary proceedings, which include Wells Fargo (06-1146), Interpleader (06-1167), and IP. The total amount of fees requested is $22,057.50. The following is a breakdown by Debtor of the fees requested:

|   |   |
|---|---|
| USACM | $ 7,130.00 |
| DTDF | $ 322.50 |
| IP Adversary | $ 8,362.50 |
| Interpleader Adversary | $ 2,325.00 |

Wells Fargo Adversary        $ 3,917.50

k.  **Tax Issues** (Task 11).  This category includes time that was spent corresponding with various tax agencies regarding the Debtors' bankruptcy case and status. The total amount of fees requested is $182.50. The following is a breakdown by Debtor of the fees requested:

| | | |
|---|---|---|
| USACM | $ | 182.50 |
| USACRA | $ | 0.00 |
| DTDF | $ | 0.00 |
| FTDF | $ | 0.00 |
| Securities | $ | 0.00 |

l.  **Regulatory Matters** (Task 12).  This category includes work relating to communications and correspondence with regulatory agencies, such as the Securities Exchange Commission, regarding the Debtors' bankruptcy cases. The total amount of fees requested is $852.50. The following is a breakdown by Debtor of the fees requested:

| | | |
|---|---|---|
| USACM | $ | 852.50 |
| USACRA | $ | 0.00 |
| DTDF | $ | 0.00 |
| FTDF | $ | 0.00 |
| Securities | $ | 0.00 |

m.  **Unsecured Creditor Committee Relations** (Task 13).  This category includes time spent solely with counsel for the Official Committee of Unsecured Creditors of USA Commercial Mortgage. The total amount of fees requested is $1,015.00 and is allocated solely to USA Commercial Mortgage Company.

n.  **Executory Contract Rights Committee Relations** (Task 14).  This category includes time spent communicating solely with counsel for the Holders of Executory Contract Rights Through USA Commercial Mortgage. The total amount of fees requested is $2,707.50 and is allocated solely to USA Commercial Mortgage Company.

See **Exhibit C** for a chart of Tasks 1 through 14.

///

///

fee appl sm

## VII.

## EXPERTISE REQUIRED

Applicant is skilled in insolvency proceedings and has special knowledge which enables Applicant to perform services of benefit to the Debtors. Applicant currently has three attorneys who work primarily in the areas of bankruptcy, reorganization, and insolvency, one of which has almost thirty years experience, and one who has 16 years of experience in these areas. Lenard E. Schwartzer and Jeanette E. McPherson are certified in business bankruptcy law by the American Board of Certification. Applicant has represented numerous committees, debtors, creditors, trustees, and parties-in-interest in bankruptcy cases. Applicant is therefore particularly skilled, knowledgeable, and experienced in the representation of parties in bankruptcy cases and with the issues that may arise and are to be considered.

## VIII.

## SCOPE OF EMPLOYMENT AND RESULTS ACHIEVED

1. The scope of Applicant's employment approved by the Court in the bankruptcy cases is as follows:

   a. To assist in the maximization, recovery, and liquidation of estate assets, and to assist in protecting and preserving these assets where necessary;

   b. To analyze, prepare and review the pleadings and take the appropriate position to protect the rights of the Debtors;

   c. Administrative duties to enable Debtors to perform as debtors in possession, including, but not limited to numerous meetings, email correspondence and telephone conferences with Debtors' principals and parties in interest, attendance at 341 meeting of creditors and initial debtor interview, review operating reports, and research numerous issues;

   d. Become aware of issues affecting the Debtors and protect the rights of the Debtors;

///
///

fee appl sm

- 14 -

## IX.

## PRIOR APPLICATIONS AND ORDERS FOR COMPENSATION

The Applicant has made no previous request for compensation.

## X.

## PAYMENTS MADE OR PROMISED AND LACK OF AGREEMENT TO SHARE COMPENSATION

1. The Debtors paid Applicant an initial retainer of $75,000.00 to institute the bankruptcy proceedings and be advised of bankruptcy procedures as debtors in possession. Applicant received fees in the amount of $12,119.50 prior to the bankruptcy filing, and disbursed reimbursement of $12,119.50 from the initial retainer of $75,000, leaving a balance of $62,880.50 in the trust account. All services for which compensation is requested were performed for, or on behalf of, the Debtors.

2. No compensation received by Applicant will be shared and no agreement or understanding exists between Applicant and any other entity for the sharing of compensation received or to be received for services rendered in connection with this case. Fed.R.Bankr.P. 2016.

Wherefore, Applicant requests the Court to approve legal fees in the amount of $265,016.00 and reimbursement for costs expended in the amount of $5,465.09 for a total of $270,481.09 for the period April 13, 2006 through July 31, 2006, and authorize and direct the Debtors to pay the fees and costs allowed the Schwartzer & McPherson Law Firm.

DATED: August 31, 2006

Respectfully submitted by

Lenard E. Schwartzer, Esq.
Jeanette E. McPherson, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146
Attorneys for Debtors and Debtors in Possession

fee appl sm

- 15 -