Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

E-FILED ON SEPTEMBER 1, 2006

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                              Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                              Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                              Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                              Debtor. | **USA COMMERCIAL MORTGAGE COMPANY'S MOTION FOR APPROVAL OF APPOINTMENT OF A SUCCESSOR TRUSTEE FOR ITS DEFINED BENEFIT PENSION PLAN AND TO FREEZE THE PLAN EFFECTIVE SEPTEMBER 30, 2006** |
| In re:<br>USA SECURITIES, LLC,<br>                                              Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | **(AFFECTS USA COMMERCIAL MORTGAGE)**<br><br>Date:  September 28, 2006<br>Time:  9:30 a.m. |

1

USA Commercial Mortgage Company ("USACM"), hereby submits this Motion for Approval of Appointment of Successor Trustee for its Defined Benefit Pension Plan and to Freeze The Plan Effective September 30, 2006 (the "Motion"). This Motion is supported by the documents attached hereto, the memorandum set forth below, and the entire record in this case.

## STATEMENT OF FACTS

1. USACM commenced its bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code on April 13, 2006 (the "Petition Date"). Its case is being jointly administered, along with the chapter 11 cases of four other affiliates of USACM pursuant to an order of this Court.

2. USACM sponsors a defined benefit plan known as the USA Commercial Mortgage Company Defined Benefit Pension Plan (the "Plan"), a copy of the pertinent portions of which are attached as Exhibit A.

3. Currently, Victoria S. Loob, Thomas Hantges and Joseph Milanowski serve as the Plan Trustees.

4. The Plan provides for the replacement of the Plan's Trustees in Section 5.8 of the trust agreement portion of the Plan, and further provides for the amendment of the Plan in Section 7.1 thereof.

5. On August 31, 2006, the Board of Directors of USACM executed a Written Consent of the Directors of USA Commercial Mortgage Company (the "Written Consent"), a copy of which is attached hereto as Exhibit B, pursuant to which it was resolved as follows:

    a. With regard to freezing the Plan: (i) the Plan will be amended to provide that effective at midnight on September 30, 2006, all accrued benefits under the Plan will be frozen at their then current amount; (ii) no future accrual service after September 30, 2006 will be credited; (iii) no future changes in compensation after September 30, 2006 will be taken into account in the determination of a Participant's accrued benefit; and (iv) after September 30, 2006, no additional employees will become eligible to participate in the Plan;

    b. With regard to the Plan Trustees: (i) effective as of September 30, 2006,

2

Victoria S. Loob, Thomas Hantges and Joseph Milawnowski will resign as Plan Trustees; and (ii) effective immediately upon such resignation, USACM will be appointed as successor trustee of the Plan; and

    c. The officers of USACM are authorized to take such actions and execute such documents as are necessary or advisable to implement and to give effect to these resolutions.

6. Victoria Loob and Joseph Milanowski have executed a Resignation of Office of Trustee, and USACM has executed an Acceptance of Resignation, a copy of which is attached hereto as Exhibit C. USACM has also been informed that Thomas Hantges is traveling but is expected to execute a Resignation of Office of Trustee in approximately one week when he returns home. To the extent Mr. Hantges does not execute the resignation document, pursuant to Section 5.8 of the Plan, USACM will deliver a written notice to Mr. Hantges of his removal as trustee which will become effective 30 days thereafter.

7. As a result of the resignation of Ms. Loob and Mr. Milanowski, and the anticipated resignation of Mr. Hantges, USACM has executed an Acceptance of Office of Trustee and a Notice of Appointment of Trustee, a copy of which is attached hereto as Exhibit D.

8. USACM seeks an order from the Court approving the substitution of USACM as the successor trustee of the Plan in place of Ms. Loob, Mr. Hantges and Mr. Milanowski, and freezing the Plan effective September 30, 2006 in accordance with the terms of the Written Consent.[1]

## MEMORANDUM

Section 5.8 of the trust agreement portion of the Plan provides as follows regarding the resignation, removal and succession of the trustee under the Plan:

    (a) Unless otherwise agreed to by both the Trustee and the Employer, a Trustee may resign at any time be delivering to the Employer, at least thirty (30) days before its effective date, a written notice of resignation.

    (b) Unless otherwise agreed to by both the Trustee and the Employer, the Employer may remove a Trustee at any time by delivering to the Trustee, at least thirty (30) days before its effective date, a written notice of such Trustee's removal.

---

[1] In addition, USACM understands that a minimum funding payment in the approximate amount of $650,000 is due for the 2005 pre-petition plan year by September 15, 2006. USACM does not have sufficient funds and does not intend to make this payment.

3

> (c) Upon the death, resignation, incapacity, or removal of any Trustee, a successor may be appointed by the Employer; and such successor, upon accepting such appointment in writing and delivering same to the Employer, shall, without further act, become vested with all the powers and responsibilities of the predecessor as if such successor had been originally named as a Trustee herein. Until such a successor is appointed, the remaining Trustee or Trustees shall have full authority to act under the terms of the Plan.

In this case, two of the three current trustees of the Plan, Ms. Loob, and Mr. Milanowski, have executed a resignation of their positions as trustees to be effective on September 30, 2006, and it is anticipated that Mr. Hantges will resign his duties as trustee under the Plan in approximately one week or will be removed pursuant to a notice. To replace the foregoing trustees, USACM has indicated (in writing) its willingness to accept its appointment as the successor trustee of the Plan.

Additionally, Section 7.1 of the Plan provides as follows regarding the amendment of the Plan:

> (a) The Employer shall have the right at any time to amend this Plan, subject to the limitations of this Section. However, any amendment which affects the rights, duties or responsibilities or the Trustee or Administrator may only be made with the Trustee's or Administrator's written consent. Any such amendment shall become effective as provided therein upon its execution. The Trustee shall not be required to execute any such amendment unless the amendment affects the duties of the Trustee hereunder.

The Board of Directors of USACM executed the Written Consent to amend the Plan such that effective at midnight on September 30, 2006, (a) all accrued benefits under the Plan will be frozen at their then current amount, (b) no future accruals will be credited, (c) no future changes in compensation will be taken into account in determining the Participant's accrued benefit, and (d) no additional employees will become eligible to participate in the Plan. Sound justification exists to freeze the Plan because, USACM does not have the requisite money to fund the Plan, the number of individuals employed by USACM has been substantially reduced since the Petition

4

Date, and the Plan benefits, at least in part, USACM's prior management which was replaced due to irregularities in the operation of USACM's business.

## CONCLUSION

WHEREFORE, Debtors respectfully request that this Court enter an order approving the substitution of USACM as the successor trustee of the Plan in place of Ms. Loob, Mr. Hantges and Mr. Milanowski and freezing the Plan effective on September 30, 2006 in accordance with the resolutions set forth in the Written Consent.

Respectfully submitted this 1st day of September, 2006.

*[signature]*
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

889531.02

5

"Exhibit A"

USA COMMERCIAL MORTGAGE COMPANY
DEFINED BENEFIT PENSION PLAN

not include any benefits attributable to Employee contributions or rollover contributions, or the assets transferred from a qualified plan that was not maintained by the Employer.

## 6.4 ANNUAL BENEFIT NOT IN EXCESS OF $10,000

This Plan may pay an "annual benefit" to any Participant in excess of the Participant's maximum "annual benefit" if the "annual benefit" derived from Employer contributions under this Plan and all other defined benefit plans maintained by the Employer does not in the aggregate exceed $10,000 for the "limitation year" or for any prior "limitation year" and the Employer has not at any time maintained a defined contribution plan, a welfare benefit fund under which amounts attributable to post-retirement medical benefits are allocated to separate accounts of key employees (as defined in Code Section 419(A)(d)(3)), or an individual medical account in which the Participant participated. For purposes of this paragraph, if this Plan provides for voluntary or mandatory Employee contributions, such contributions will not be considered a separate defined contribution plan maintained by the Employer.

## 6.5 PARTICIPATION OR SERVICE REDUCTIONS

If a Participant has less than ten (10) years of participation in the Plan at the time the Participant begins to receive benefits under the Plan, the limitations in Sections 6.2(a)(1) and 6.3 shall be reduced by multiplying such limitations by a fraction (a) the numerator of which is the number of years of participation (or part thereof) in the Plan and (b) the denominator of which is ten (10), provided, however, that said fraction shall in no event be less than 1/10th. The limitations of Sections 6.2(a)(2) and 6.4 shall be reduced in the same manner except the preceding sentence shall be applied with respect to years of service with the Employer rather than years of participation in the Plan.

## 6.6 ELIMINATION OF MULTIPLE PLAN REDUCTION

Effective as of the first day of the first "limitation year" beginning on or after January 1, 2000 (the "effective date"), and notwithstanding any other provision of the Plan, the Accrued Benefit for any Participant shall be determined without applying the limitations of Code Section 415(e) as in effect on the day immediately prior to the "effective date."

## ARTICLE VII
## PLAN AMENDMENT

### 7.1 AMENDMENT

(a)   The Employer shall have the right at any time to amend this Plan, subject to the limitations of this Section. However, any amendment which affects the rights, duties or responsibilities of the Trustee or Administrator may only be made with the Trustee's or Administrator's written consent. Any such amendment shall become effective as provided therein upon its execution. The Trustee shall not be required to execute any such amendment unless the amendment affects the duties of the Trustee hereunder.

(b)   No amendment to the Plan shall be effective if it authorizes or permits any part of the Trust Fund (other than such part as is required to pay taxes and administration expenses) to be used for or diverted to any purpose other than for the exclusive benefit of the Participants or their Beneficiaries or estates; or causes any reduction in the Accrued Benefit of any Participant (except to the extent permitted under Code Section 412(c)(8)); or causes or

39

# USA COMMERCIAL MORTGAGE COMPANY
# DEFINED BENEFIT PENSION PLAN

## TRUST AGREEMENT

after its receipt thereof shall be deemed an approval thereof. The approval by the Employer of any statement of account shall be binding on the Employer and the Trustee as to all matters contained in the statement to the same extent as if the account of the Trustee had been settled by judgment or decree in an action for a judicial settlement of its account in a court of competent jurisdiction in which the Trustee, the Employer and all persons having or claiming an interest in the Plan were parties. However, nothing contained in this Section shall deprive the Trustee of its right to have its accounts judicially settled if the Trustee so desires.

## 5.7   AUDIT

(a)   If an audit of the Plan's records shall be required by the Act and the regulations thereunder for any Plan Year, the Administrator shall direct the Trustee to engage on behalf of all Participants an independent qualified public accountant for that purpose. Such accountant shall, after an audit of the books and records of the Plan in accordance with generally accepted auditing standards, within a reasonable period after the close of the Plan Year, furnish to the Administrator and the Trustee a report of the audit setting forth the accountant's opinion as to whether any statements, schedules or lists that are required by Act Section 103 or the Secretary of Labor to be filed with the Plan's annual report, are presented fairly in conformity with generally accepted accounting principles applied consistently.

(b)   All auditing and accounting fees shall be an expense of and may, at the election of the Employer, be paid from the Trust Fund.

(c)   If some or all of the information necessary to enable the Administrator to comply with Act Section 103 is maintained by a bank, insurance company, or similar institution, regulated, supervised, and subject to periodic examination by a state or federal agency, then it shall transmit and certify the accuracy of that information to the Administrator as provided in Act Section 103(b) within one hundred twenty (120) days after the end of the Plan Year or such other date as may be prescribed under regulations of the Secretary of Labor.

## 5.8   RESIGNATION, REMOVAL AND SUCCESSION OF TRUSTEE

(a)   Unless otherwise agreed to by both the Trustee and the Employer, a Trustee may resign at any time by delivering to the Employer, at least thirty (30) days before its effective date, a written notice of resignation.

(b)   Unless otherwise agreed to by both the Trustee and the Employer, the Employer may remove a Trustee at any time by delivering to the Trustee, at least thirty (30) days before its effective date, a written notice of such Trustee's removal.

(c)   Upon the death, resignation, incapacity, or removal of any Trustee, a successor may be appointed by the Employer; and such successor, upon accepting such appointment in writing and delivering same to the Employer, shall, without further act, become vested with all the powers and responsibilities of the predecessor as if such successor had been originally named as a Trustee herein. Until such a successor is appointed, the remaining Trustee or Trustees shall have full authority to act under the terms of the Plan.

# "Exhibit B"

## ACTION BY UNANIMOUS WRITTEN CONSENT
## OF THE DIRECTORS OF
## USA COMMERCIAL MORTGAGE COMPANY

The undersigned, being all of the directors of USA Commercial Mortgage Company, a Nevada corporation (the "Corporation"), hereby adopt the following resolution by unanimous written consent in accordance with Section 78.130 of the Nevada General Corporation Law, as amended:

### Freezing of Defined Benefit Plan and Replacement of Trustees

WHEREAS: Pursuant to the power granted him by the Board of Directors, the President of the Corporation approved the following resolutions regarding the USA Commercial Mortgage Company Defined Benefit Pension Plan (the "Plan"):

1. The following resolutions apply regarding freezing the Plan: (a) the Plan is hereby amended to provide that effective at midnight on September 30, 2006, all accrued benefits under the Plan will be frozen at their then current amount; (b) no future accrual service after September 30, 2006 will be credited; (c) no future changes in compensation after September 30, 2006 will be taken into account in the determination of a Participant's accrued benefit; and (d) after September 30, 2006, no additional employees will become eligible to participate in the Plan.

2. The following resolutions apply regarding the Plan Trustees: (a) effective as of September 30, 2006, Victoria S. Loob, Thomas Hantges and Joseph Milanowski will resign as Plan Trustees; and (b) effectively immediately upon such resignation, USA will be appointed as successor trustee of the Plan.

3. The officers of USA are hereby authorized to take such actions and execute such documents as are necessary or advisable to implement and to give effect to these resolutions.

RESOLVED: That to resolve any doubt regarding the proper freezing of the Plan and the replacement of the Plan trustees referenced above, the Corporation hereby ratifies the President's resolutions set forth above.

This action by unanimous written consent may be signed by facsimile and in one or more counterparts, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same instrument. We direct this consent be filed with the Minutes of the Proceedings of the Board of Directors of the Corporation.

IN WITNESS WHEREOF, the undersigned have executed this Action by Written Consent as of the 31st day of August, 2006.

_____
Joseph D. Milanowski

_____
Mark L. Olson

889098

"Exhibit C"

## RESIGNATION OF OFFICE OF TRUSTEE

We, the undersigned Trustees of the USA Commercial Mortgage Company Defined Benefit Pension Plan (the "Plan"), do hereby give notice of resignation as Trustee as provided under the Plan. This resignation is effective as of September 30, 2006, and the written notice requirement is hereby waived.

Dated: August 31, 2006.

_____
Victoria S. Loob

_____
Thomas Hantges

_____
Joseph Milanowski

## ACCEPTANCE OF RESIGNATION

USA Commercial Mortgage Company, Employer-sponsor of the USA Commercial Mortgage Company Defined Benefit Pension Plan, does accept, pursuant to the Plan, the resignation of Victoria S. Loob, Thomas Hantges and Joseph Milanowski as Trustees.

Dated: August 31, 2006.

USA Commercial Mortgage Company

By: _____
Its: _____

886357

# "Exhibit D"

## NOTICE OF APPOINTMENT OF TRUSTEE

USA Commercial Mortgage Company, Employer-sponsor of the USA Commercial Mortgage Company Defined Benefit Pension Plan (the "Plan") in accordance with the Plan, appoints USA Commercial Mortgage Company as successor Trustee to Victoria S. Loob, Thomas Hantges and Joseph Milanowski who resigned as Trustees effective as of September 30, 2006.

USA Commercial Mortgage Company

By: _____

Its: _____

## ACCEPTANCE OF OFFICE OF TRUSTEE

The undersigned hereby accepts the appointment to the office of Trustee of the USA Commercial Mortgage Company Defined Benefit Pension Plan (the "Plan") effective as of September 30, 2006, and agrees to all of the obligations, responsibilities and duties imposed upon the Trustee under the Plan and Trust Agreement.

Dated: _Aug. 31_, 2006

USA Commercial Mortgage Company, Trustee

By: _____

Its: _____

Subscribed and sworn to before me this 31st day of _August_, 2006.

_____
Notary Public

(SEAL)

MARGARET M. STONE
NOTARY PUBLIC
STATE OF NEVADA
Date Appointment Exp: 04-27-2009
Certificate No: 05-96400-1