1

1          UNITED STATES BANKRUPTCY COURT

2               DISTRICT OF NEVADA

3               LAS VEGAS, NEVADA

4   In re:  USA COMMERCIAL MORTGAGE      )  AUGUST 4, 2006
    COMPANY,                             )  E-Filed:  09/04/06
5                                        )
              Debtor.                    )  Case No.
6                                        )  BK-S-06-10725-LBR
    _____)  Chapter 11
7

8               PARTIAL TRANSCRIPT OF PROCEEDINGS
                           OF
9                     JUDGE'S RULING
                           ON
10          MOTION TO TEMPORARILY HOLD FUNDS
        PENDING A DETERMINATION OF THE PROPER RECIPIENTS,
11     AND MEMORANDUM OF POINTS AND AUTHORITIES, NO. 173
                          AND
12          MOTION FOR RELIEF FROM STAY, NO. 208
                          AND
13          MOTION TO COMPEL DEBTOR TO CONTINUE
        TO FORWARD LENDER PAYMENTS TO DIRECT LENDERS,
14       AND MOTION TO DELAY OR PROHIBIT APPRAISALS
               ON PERFORMING LOANS, NO. 215
15                        AND
        APPLICATION TO EMPLOY SIERRA CONSULTING GROUP, LLC,
16                 AS FINANCIAL ADVISORS
        TO THE OFFICIAL UNSECURED CREDITORS COMMITTEE
17           FOR USA COMMERCIAL  MORTGAGE COMPANY
    PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(A)
18  FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE, NO. 878
                          AND
19     MOTION DIRECTING PAYMENTS TO DIRECT LENDERS, NO. 336
                          AND
20     MOTION TO USE CASH COLLATERAL THROUGH JULY 29, 2006,
           PURSUANT TO SECOND REVISED BUDGET, NO. 407
21                        AND
           APPLICATION FOR ADMINISTRATIVE ORDER
22     ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
    AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS, NO. 570
23                        AND

24  Court Recorder:        Helen C. Smith

25  Proceedings recorded by electronic sound recording;
    transcript prepared by transcription service.

2

```
 1                MOTION FOR ORDER APPROVING CONTINUED USE OF CASH
                             THROUGH OCTOBER 29, 2006,
 2              PURSUANT TO THIRD REVISED BUDGET, NO. 846
                                       AND
 3                     MOTION TO DISTRIBUTE FUNDS
                AND TO GRANT ORDINARY-COURSE RELEASES
 4                 AND DISTRIBUTE PROCEEDS, NO. 847
                                       AND
 5              MOTION FOR RELIEF FROM STAY, NO. 863
                                   VOLUME 1
 6              BEFORE THE HONORABLE LINDA B. RIEGLE
                     UNITED STATES BANKRUPTCY JUDGE
 7
                        Friday, August 4, 2006
 8
                             9:30 a.m.
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Proceedings recorded by electronic sound recording;
      transcript produced by transcription service.
```

3

```
1    APPEARANCES:

2    For the Debtor:            ANNETTE W. JARVIS, ESQ.
                                Ray, Quinney & Nebeker, P.C.
3                               36 South State 1400
                                Salt Lake City, Utah 84145
4
                                LENARD E. SCHWARTZER, ESQ.
5                               Schwartzer & McPherson Law Firm
                                2850 South Jones Boulevard
6                               Suite 1
                                Las Vegas, Nevada 89146
7
     For the Official           CANDACE C. CARLYON, ESQ.
8    Committee of Equity        Shea & Carlyon, Ltd.
     Security Holders           233 South Fourth Street
9    of USA Capital             Suite 200
     First Trust Deed Fund,     Las Vegas, Nevada 89101
10   LLC:

11   For the Official           GERALD M. GORDON, ESQ.
     Committee of Executory     GREGORY E. GARMAN, ESQ.
12   Contract Holders of        Gordon & Silver, Ltd.
     USA Commercial             3960 Howard Hughes Parkway
13   Mortgage Company:          Ninth Floor
                                Las Vegas, Nevada 89109
14
     For Highland Capital       CICI CUNNINGHAM, ESQ.
15   (phonetic):               Rawlings, Olson, Cannon, Gormley
                                  & Desruisseaux
16                              9950 West Cheyenne Avenue
                                Las Vegas, Nevada 89129
17
     For Diversified Trust      MARC A. LEVINSON, ESQ.
18   Deed Fund Committee:       Orrick, Harrington & Sutcliffe
                                400 Capitol Mall
19                              Suite 300
                                Sacramento, California 95814
20
                                JEFFERY D. HERMANN, ESQ.
21                              Orrick, Harrington & Sutcliffe
                                777 South Figueroa Street
22                              Suite 3200
                                Los Angeles, California 90017
23
                                BOB L. OLSON, ESQ.
24                              Beckley Singleton, Chtd.
                                530 Las Vegas Boulevard South
25                              Las Vegas, Nevada 89101
```

4

```
 1   APPEARANCES (Cont):

 2   For the Jones Vargas      JANET L. CHUBB, ESQ.
     Direct Lenders:           Jones Vargas
 3                             100 West Liberty
                               Twelfth Floor
 4                             Reno, Nevada 89501

 5   For the Alexanders        ROBERT C. LePOME, ESQ.
     and Others and In         Law Offices of Robert C. LePome
 6   Association with          330 South Third Street
     Nancy Allf, Esq.:         1100-B
 7                             Las Vegas, Nevada 89101

 8   For the Unsecured         ROB CHARLES, JR., ESQ.
     Creditors Committee       Lewis and Roca, LLP
 9   of USA Commercial         3993 Howard Hughes Parkway
     Mortgage Company:         Suite 600
10                             Las Vegas, Nevada 89109

11   For the Group of Direct   PETER SUSI, ESQ.
     Investors from            Michaelson, Susi & Michaelson
12   Santa Barbara:            7 West Figueroa Street
                               Second Floor
13                             Santa Barbara, California 93101

14   For Dr. Gary L. Kantor    MICHAEL M. SCHMAHL, ESQ.
     and Various Affiliates:   McGuire Woods, LLP
15                             77 West Wacker Drive
                               Suite 4100
16                             Chicago, Illinois 60601

17   For the First Trust       FRANK A. MEROLA, ESQ.
     Deed Committee:           CHRISTINE M. PAJAK, ESQ.
18                             Stutman, Treister & Glatt, P.C.
                               1901 Avenue of the Stars
19                             Twelfth Floor
                               Los Angeles, California 90067
20
     For the Direct Lender,    MARK E. KONRAD, ESQ.
21   Norman Kiven:             Snell & Wilmer, LLP
                               One South Church Avenue
22                             Suite 1500
                               Tucson, Arizona 85701
23
     For Standard Property     LEE D. MACKSON, ESQ.
24   Development, LLC:         Shutts & Bowen, LLP
                               1500 Miami Center
25                             210 South Biscayne Boulevard
                               Miami, Florida 33131
```

5

```
1    APPEARANCES (Cont.):

2    For the Canepa              LAUREL E. DAVIS, ESQ.
     Group:                      Lionel, Sawyer & Collins
3                                300 South Fourth Street
                                 Suite 1700
4                                Las Vegas, Nevada 89101

5    For the United States       AUGUST B. LANDIS, ESQ.
     Trustee:                    Office of the United States Trustee
6                                300 Las Vegas Boulevard South
                                 Suite 4300
7                                Las Vegas, Nevada 89101

8    For the McKnight            THOMAS J. GILLOON, ESQ.
     2000 Family Trust           Law Offices Richard McKnight, P.C.
9    and Richard McKnight,       330 South Third Street
     Esq.:                       Suite 900
10                               Las Vegas, Nevada 89101

11   For the (Unknown):          ERVEN T. NELSON, ESQ.
                                 Nelson & Associates
12                               10091 Park Run Drive
                                 Suite 200
13                               Las Vegas, Nevada 89145

14

15

16

17

18

19

20

21

22

23

24

25
```

6

1          (Court previously convened at 09:39:35 a.m.)

2          (Partial transcript of Judge's ruling at 12:14:30 p.m.)

3              THE COURT:  Thank you.

4       I'm going to grant the motion with one minor change,

5   and I'll explain my reasoning for all of this.  With respect

6   to the loans that are paid off, I'd authorize the debtor to

7   hold back an additional two percent while you investigate

8   whether or not you were entitled to more.

9       It seems to be on the loans that are paid off you

10  aren't going to -- you'll have a harder time.  You may have

11  a harder time doing adjustments later if it turns out that

12  the estate was entitled to that.  Again, it's to be held,

13  not to be spent, but held pending that determination.

14      I won't require the same thing vis-a-vis the ongoing

15  payments on the loan because those adjustments could be made

16  later.

17      Now, let me go through my analysis here, and let me

18  make some things clear.  Not everybody who invested money

19  either as a direct lender or with one of the funds is going

20  to receive a check, and that's because we can only

21  distribute those moneys that came in on account of loans

22  that are now paying.

23      Now, the reason that the one fund will get money is

24  because they have a loan which is -- they have loaner loans

25  which are performing, and that's the basis, and then under

7

1    their agreements that goes out to the members.

2         The other fund has no performing loans at this stage,

3    and so, therefore, there is no funds available to go to

4    their investors.  As much as we would all like to change

5    that reality, we can't at this stage or, perhaps, ever.

6         Now, let's go through the analysis as to why these

7    moneys should be distributed as opposed to waiting.  First

8    of all, at least, it appears as if at this stage that people

9    had direct interest in loans and were actual beneficiaries

10   on loans and deeds of trust secured by deeds of trust which

11   were governed by a servicing agreement.

12        Hence, under the servicing agreement to the extent the

13   money came in, they're entitled to be paid those funds out

14   absent a servicing fee.  So absent bankruptcy, that's what

15   would happen.

16        Now, are there questions about whether or not those

17   funds shouldn't be turned over?  Yes.  There are legitimate

18   questions.

19        There are legitimate questions which may arise as to is

20   it truly the lender's money or did it become the estate

21   money because of commingling and all those other legal

22   issues or are there other equitable legal reasons for which,

23   ultimately, these cases all of the money should be put in a

24   pot and shared?

25        But at this stage, it appears as if there is no basis

8

1    for putting the money in an entire pot and sharing it.  Each

2    person has their rights under loans and deed of trust;

3    hence, the money should be distributed.

4         Now, what, though, about the rights to net?  I think

5    it's appropriate at this stage to net without making a final

6    legal determination.  Under the doctrine, I believe

7    recoupment is applicable.

8         I understand recoupment applies to a single

9    transaction, but here not withstanding the fact there may

10   have been four -- an individual may have had several loans

11   the point was they got one statement, the money was in one

12   account, and everybody sort of treated it as sort of this

13   flowing thing.

14        So I think the Doctrine of Recoupment at least as a

15   preliminary stage if I were to view this much like a

16   preliminary injunction weighing the evidence would allow for

17   the Doctrine of Netting, and, again, the money's being held

18   back.  It's not being applied.

19        The next issue is that Mr. Levinson argues that you

20   shouldn't distribute these moneys.  Well, he claims he said

21   you shouldn't distribute it, but he really is hedging.

22        He doesn't want to be the subject of being running out

23   of town on a rail.  He says that it should be limited to

24   distribution.

25        And even though I've given him a hard time, he's doing

9

1   a good job representing his clients who like everybody else

2   was defrauded in this scheme, and his people are left with

3   nothing.

4        But as much as we would all like to see the I guess

5   arguably inequitable concept, the concepts that he argues it

6   seems to me are concepts which require attachment,

7   et cetera, in an adversary proceeding.  It's unlike

8   recoupment.

9        And I apologize for those of you who are not attorneys

10  with these legal doctrines what's very important because as

11  much as again we would all like to see everybody get

12  something, perhaps, from one standpoint the point is as some

13  others argued it's my money, I'm entitled to it, and there's

14  no legal basis for it, and so we have to apply the legal and

15  factual basis.

16       So weighing those two things, I think it's appropriate

17  to distribute the funds, but it's also appropriate to net at

18  least until we can get a little better sense of what we're

19  ultimately going to have to do.

20       Netting makes a lot more sense, too, again as between

21  the direct lenders.  Now, we're not talking about the

22  relationships between the funds and Commercial Mortgage.

23       We're talking about as between the direct lenders.

24  Netting makes much more sense because, otherwise, the

25  argument is that you'd have to sue.

1    That is an incredibly-expensive, frustrating, and

2    unnecessary I think legal position.  I'm not making a final

3    determination, but you can certainly guess which my thinking

4    is on that.

5    I've explained why I think it's appropriate to hold

6    additional moneys off for servicing because under the

7    contract the debtor was entitled to servicing fees, and I

8    think it's better to hold back what you're entitled to and

9    especially on the paid-off loans.

10    And, again, on the loans that payments are still going,

11    there's enough room for a setoff later if it turns out the

12    estate is entitled to those fees.

13    And, quite frankly, as much as we talk about we need to

14    get the moneys to the lenders, the professionals in this

15    case have worked very hard, and, unfortunately, they can't

16    do it for free.

17    And in order to keep this whole thing going and to get

18    back what we've got, we've had to have the professionals, so

19    the servicing fees are moneys that the investors were never

20    entitled to.

21    The servicing fees you agreed in the beginning that USA

22    Commercial would get X percent, and that was the agreement,

23    and that's all we're enforcing is that USA Commercial will

24    get the amount to which they were entitled to be paid under

25    the servicing agreement, and it's better to sort that out

11

1   later.

2       As to Mr. Landis' argument, to the extent that this

3   is -- I think this is appropriate to make these interim

4   distributions because at this stage it does not appear to be

5   property of the estate, and, therefore, no plan is required.

6       (Court concluded at 12:21:50 p.m.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

12

1          I certify that the foregoing is a correct transcript

2     from the electronic sound recording of the proceedings in

3     the above-entitled matter.

4

5

6     /s/ Lisa L. Cline                                    09/04/06
      _____        _____
7     Lisa L. Cline, Transcriptionist                       Date

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25