Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

  and

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

E-FILED ON September 7, 2006

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                                Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                                Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                                Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                                Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>                                                                Debtor. | **EMERGENCY MOTION FOR ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIOD TO FILE A PLAN TO SEPTEMBER 15, 2006 (AFFECTS ALL DEBTORS)** |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | Date: August 31, 2006<br>Time: 9:30 a.m. |

Emergency Motion Extend Exclusivity 090706            - 1 -

Each of the above-captioned Debtors, with the consent of each of the four official committees appointed by the United States Trustee in these jointly administered bankruptcy cases (the "Committees"), hereby move the Court on for entry of an order extending the exclusive period for the Debtors to file a plan of reorganization. In support of this Emergency Motion, the Debtors state as follows:

1. Based on a stipulation executed by the Debtors and each of the Committees, the Court entered a Stipulated Order on August 31, 2006 extending to September 15, 2006 the exclusive period for the Debtors to file a plan of reorganization. The Stipulated Order is attached hereto as **Exhibit "A"** (Docket #1223).

2. The Debtors have given notice to all parties in interest as required by the Order re Case Management Procedures by the service of the Order Shortening Time entered on September 6, 2006 (Docket #1245) which references this motion.

3. By making this motion in conjunction with the four official committees, the Debtors are not waiving their right to file a plan or plans of reorganization that do not have the consent of all of the official committees.

## MEMORANDUM OF LAW

Bankruptcy Code §1121 provides for a period time when only the debtor in possession can file a plan of reorganization. Subsection (d) provides:

> **(d)** On request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

"Cause" is not defined by the Code. Courts have struggled with the definition. One district court stated:

> A review of the case law indicates that, although there are a large number of potential factors that have been identified by various courts as being pertinent to a determination of whether cause has been shown, many courts have chosen to rely upon relatively few factors --- albeit different ones --- to determine whether the necessary cause exists to alter the statutory time period set forth in 11 U.S.C. § 1121. See, e.g., In re Amko Plastics, Inc., 197 B.R. at 77 (relying solely upon the debtor's rapid turn-around effort, the lack of prejudice to the creditors, and the

Emergency Motion Extend Exclusivity 090706      - 2 -

absence of an impermissible motivation for the debtor's request for an extension, to conclude that the requisite cause had been shown); In the Matter of Lake in the Woods, 10 B.R. 338, 345 (E.D.Mich.1981) (relying solely upon the legislative history of § 1121(d) to conclude that the requisite cause had not been shown). Furthermore, it appears that the choice of pertinent factors depends largely upon the factual nature of the case before the court. See In re Amko Plastics, Inc., 197 B.R. at 76 ("We are of the opinion ... that the debate by the parties regarding size and complexity is beside the point and does not fairly deal with the thrust of the evidence. Different considerations should be applied in this case.").

Thus, a bankruptcy court faced with the issue of whether the necessary "cause" exists to extend the exclusivity period has a high degree of flexibility in fashioning the appropriate test to be applied, and is not required to apply any particular set of factors, or number of factors, in every case. See In re Public Serv. Co. of New Hampshire, 88 B.R. 521, 534 (Bankr.D.N.H.1988) ("the legislative intent [behind § 1121(d) ] has been construed to leave the question [of cause] to the reorganization court in the exercise of its discretion and to promote maximum flexibility to suit various types of reorganization proceedings").

In re Elder-Beerman Stores Corp., 1997 WL 1774880 (S.D.Ohio 1997). Another Court stated it as follows:

> The Code does not define "cause" for reducing the exclusivity period. Courts have specified the following factors for determining whether to terminate the exclusivity period: 1) the debtor's use of exclusivity period to force creditors to accept an unsatisfactory or unconfirmable plan; 2) the debtor's delay in filing a plan; 3) gross mismanagement of the debtor's operations; and 4) "acrimonious relations" between the debtor's principals.

In re Situation Management Systems, Inc., 252 B.R. 859, 863 (Bankr. D.Mass. 2000) (citations omitted).

In this case, the Debtors in Possession and the four Official Committees have worked diligently to prepare a joint plan and to avoid the potential expense, litigation and delay which would be caused by competing plans and the four Committees have consented to this extension. While there is no guarantee of successful conclusion of the joint plan process, a short continuance of exclusivity would provide the time for the process to be completed. The facts are that 1) the Debtors are not using exclusivity to force creditors to accept anything; 2) the Debtor is not delaying filing a plan except to consummate negotiations with the Committees; 3) there is no allegation of mismanagement by the Debtors' current management; and 4) there is no problem between Debtors' principals delaying a plan.

Emergency Motion Extend Exclusivity 090706     - 3 -

WHEREFORE, the Debtors respectfully request that the Court ratify the approval of the Stipulated Order and extend the Debtors' exclusive period for filing a plan to September 15, 2006 and to enter an order further extending the Debtors' exclusive period for filing a plan to such further date as stipulated by all of the four official committees.

Dated: September 7, 2006

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

and

/s/   Lenard E. Schwartzer, Esq.
Lenard E. Schwartzer, Esq.
Jeanette E. McPherson, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Attorneys for Debtor and Debtor-In-Possession

# EXHIBIT "A"

Entered on Docket
August 31, 2006



Hon. Linda B. Riegle
United States Bankruptcy Judge

---

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                            Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                            Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                            Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                            Debtor. | Date: N/A<br>Time: N/A |
| In re: | |

| | |
|---|---|
| USA SECURITIES, LLC,<br>                                                 Debtor.<br>Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | **STIPULATED ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIOD TO FILE A PLAN TO SEPTEMBER 15, 2006 (AFFECTS ALL DEBTORS)** |

       The matter before the Court is a Stipulation, evidenced by the signatures of undersigned counsel, between USA Commercial Mortgage Company, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC, USA Securities, LLC and USA Capital Realty Advisors, LLC (collectively, the "Debtors"), on the one hand, and the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC, the Official Committee of Executory Contract Holders of USA Commercial Mortgage Company, the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC and the Official Committee of Unsecured Creditors for USA Commercial Mortgage Company (collectively, the "Committees"), on the other hand, extending the exclusive period set forth in 11 U.S.C. § 1121 for the Debtors to file a plan to September 15, 2006 in order to allow the Debtors and the Committees additional time to further negotiate terms of a plan (or plans) of reorganization for the Debtors. This is the second such stipulation. Pursuant to the first stipulated order extending exclusivity, which was entered by the Court on August 11, 2006 (docket no. 1139), the exclusive period for the Debtors to file a plan was extended from August 11, 20006 to August 31, 2006. The Court has considered the applicable authorities, including 11 U.S.C. § 1121(d)(1), and the basis for this stipulation, and for good cause appearing, it is

       ORDERED that:

       (1)     The Stipulation is APPROVED;

       (2)     The exclusive period set forth in 11 U.S.C. § 1121(b) is extended from August 31, 2006 to September 15, 2006 (the "New Exclusivity Deadline"); and

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

(3)  No extensions of the New Exclusivity Deadline shall be granted unless all of the Committees consent to such an extension.

Submitted and approved by:

_/s/ Annette W. Jarvis_
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146

and

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

*Attorneys for Debtors*

Approved by:
**LEWIS AND ROCA, LLP**

By: _/s/ Rob Charles_
SUSAN M. FREEMAN, ESQ.
ROB CHARLES, ESQ.
*Counsel for the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company*

Approved by:
**GORDON & SILVER, LTD.**

By: _/s/ Gerald M. Gordon_
GERALD M. GORDON, ESQ.
GREGORY E. GARMAN, ESQ.
*Counsel for the Official Committee of Holders of Executory Contract Rights of USA Commercial Mortgage Company*

| | |
|---|---|
| Approved by:<br>**BECKLEY SINGLETON, CHTD. and ORRICK, HERRINGTON & SUTCLIFFE LLP** | Approved by:<br>**STUTMAN TREISTER & GLATT, P.C. and SHEA & CARLYON, LTD.** |
| By: /s/ Marc A. Levinson<br>MARC A. LEVINSON, ESQ.<br>LYNN TRINKA-ERNCE, ESQ.<br>ANNE M. LORADITCH, ESQ.<br>*Counsel for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC* | By: /s/ Eve Karasik<br>FRANK MEROLA, ESQ.<br>EVE KARASIK, ESQ.<br>CHRISTINE PAJAK, ESQ.<br>CANDACE C. CARLYON, ESQ.<br>*Counsel for the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC* |

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122