CiCi CUNNINGHAM, ESQ.
Nevada Bar No.: 4960
JAMES A. KOHL, ESQ.
Nevada Bar No.: 5692
CHRISTINE A. ROBERTS, ESQ.
Nevada Bar No.: 6472
RAWLINGS, OLSON, CANNON,
GORMLEY & DESRUISSEAUX
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Phone: (702) 384-4012
Fax: (702) 383-0701
Email: bankruptcy@rocgd.com
Attorneys for Creditors,
Prospect High Income Fund,
ML CBO IV (Cayman) Ltd.,
PAMCO Cayman, Ltd.,
PAM Capital Funding, L.P.,
Highland Crusader Fund, Ltd.,
and PCMG Trading Partners XXII, L.P.

E-FILED ON: 9/7/06

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                              Debtor. | CASE NO.: BK-S-06-10725-LBR<br>CASE NO.: BK-S-06-10726-LBR<br>CASE NO.: BK-S-06-10727-LBR<br>CASE NO.: BK-S-06-10728-LBR<br>CASE NO.: BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                              Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                              Debtor. | **Jointly Administered Under Case No. BK-S-6-10725-LBR** |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                              Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>                                              Debtor. | |
| Affects:<br>☐ All Debtors<br>■ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>■ USA Capital Diversified Trust Deed Fund, LLC<br>■ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC, | **HEARING:**<br>Date: August 31, 2006<br>Time: 9:30 a.m. |

**OPPOSITION BY HIGHLAND CAPITAL TO MOTION TO AMEND DEBTOR'S PROTOCOL FOR CONTINUING DISTRIBUTIONS AND INTERIM HOLDBACKS (AFFECTS USA COMMERCIAL MORTGAGE, USA CAPITAL DIVERSIFIED TRUST DEED FUND, AND USA CAPITAL FIRST TRUST DEED FUND)**

COMES NOW, CiCi Cunningham, Esq. on behalf of Creditors, Prospect High Income Fund, ML CBO IV (Cayman) Ltd., PAMCO Cayman, Ltd., PAM Capital Funding, L.P., Highland Crusader Fund, Ltd., and PCMG Trading Partners XXII, L.P., (hereinafter "Highland Capital") and opposes the Debtor's Modification to Motion to Distribute Funds and Proposed Procedures for Ongoing Distributions. This Opposition is based upon the entire case file, the points and authorities contained herein, and any oral argument that this Court may entertain.

**POINTS AND AUTHORITIES**

Specifically, Highland Capital objects to paragraph six (6) of page nine (9) of the Motion to Amend Debtor's Protocol for Continuing Distribution and Interim Holdbacks. In paragraph six (6) the unsecured creditors committee suggests that Diversified Fund can distribute to fundholders if it holds back a "sufficient" reserve. The Committee suggests that after establishing a "sufficient reserve" to pay all accrued administrative expenses and all scheduled or asserted unsecured claims, excluding equity interest and claims by direct lenders, the remaining funds should be available to distribute to fund members of Diversified Fund.

Highland Capital remains concerned that a sufficient reserve cannot be set until after the bar date passes. Highland Capital reincorporates and realleges its previous oppositions filed as document numbers 991 and 1207 on the docket.

Highland Capital's concern is that the reserve won't be sufficient and won't be guaranteed. If the administrative expenses utilize the reserve funds, or reserve funds are set aside using "anticipated" income there is a danger that said funds will be dissipated or future income may not come to Diversified at all.

Further, the Absolute Priority Rule is violated by paying equity holders before unsecured claims. If the funds are not guaranteed, Highland Capital may be faced later with suing individuals to recover the funds. This is an inefficient use of resources and needless litigation that can be avoided merely by waiting to distribute until a bar date has passed and a sufficient amount is safe guarded against any other payoffs, including administrative expenses.

In essence, Highland Capital objects to any payment to Diversified fund holders until the following is met:

1. The Bar date has passed to enable determination of a set dollar amount of claims;

2. The reserve is a set amount equal to all unsecured claims; *and*

3. The reserve amount is guaranteed to be paid to unsecured creditors so **no** other entity can utilize the funds, even for administrative fees.

If the Debtor is concerned that the reserve amount will be needed for administrative expenses, then a distribution to the fund holders is not proper at this time.

WHEREFORE, Highland Capital prays that this Court deny the Motion to Distribute to fund holders to the extent that there may not later be a sufficient reserve to pay Highland Capital's Twenty Million Dollars ($20,000,000.00) claim; to the extent that Highland Capital would be bypassed without a sufficient reserve to cover its claim; to the extent that there is not sufficient guaranteed reserve to pay all claims; and for any further relief that this Court deems just and proper in the premises.

DATED this ____ day of September, 2006.

Respectfully Submitted By:

CiCi CUNNINGHAM, ESQ.
Nevada Bar No.: 4960
RAWLINGS, OLSON, CANNON,
GORMLEY & DESRUISSEAUX
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Attorneys for Creditors,
Prospect High Income Fund,
ML CBO IV (Cayman) Ltd.,
PAMCO Cayman, Ltd.,
PAM Capital Funding, L.P.,
Highland Crusader Fund, Ltd.,
and PCMG Trading Partners XXII, L.P.