1              UNITED STATES BANKRUPTCY COURT

2                   DISTRICT OF NEVADA

3                   LAS VEGAS, NEVADA

4    In re:  USA COMMERCIAL MORTGAGE    )  AUGUST 4, 2006
     COMPANY,                          )  E-Filed:  09/04/06
5                                      )
              Debtor.                  )  Case No.
6                                      )  BK-S-06-10725-LBR
     _____)  Chapter 11
7

8              PARTIAL TRANSCRIPT OF PROCEEDINGS
                           OF
9                     JUDGE'S RULING
                           ON
10          MOTION TO TEMPORARILY HOLD FUNDS
     PENDING A DETERMINATION OF THE PROPER RECIPIENTS,
11    AND MEMORANDUM OF POINTS AND AUTHORITIES, NO. 173
                          AND
12          MOTION FOR RELIEF FROM STAY, NO. 208
                          AND
13         MOTION TO COMPEL DEBTOR TO CONTINUE
     TO FORWARD LENDER PAYMENTS TO DIRECT LENDERS,
14      AND MOTION TO DELAY OR PROHIBIT APPRAISALS
              ON PERFORMING LOANS, NO. 215
15                        AND
     APPLICATION TO EMPLOY SIERRA CONSULTING GROUP, LLC,
16             AS FINANCIAL ADVISORS
     TO THE OFFICIAL UNSECURED CREDITORS COMMITTEE
17         FOR USA COMMERCIAL  MORTGAGE COMPANY
     PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(A)
18   FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE, NO. 878
                          AND
19     MOTION DIRECTING PAYMENTS TO DIRECT LENDERS, NO. 336
                          AND
20   MOTION TO USE CASH COLLATERAL THROUGH JULY 29, 2006,
           PURSUANT TO SECOND REVISED BUDGET, NO. 407
21                        AND
          APPLICATION FOR ADMINISTRATIVE ORDER
22    ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
     AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS, NO. 570
23                        AND

24   Court Recorder:        Helen C. Smith

25   Proceedings recorded by electronic sound recording;
     transcript prepared by transcription service.

Ex "A"

2

MOTION FOR ORDER APPROVING CONTINUED USE OF CASH
THROUGH OCTOBER 29, 2006,
PURSUANT TO THIRD REVISED BUDGET, NO. 846
AND
MOTION TO DISTRIBUTE FUNDS
AND TO GRANT ORDINARY-COURSE RELEASES
AND DISTRIBUTE PROCEEDS, NO. 847
AND
MOTION FOR RELIEF FROM STAY, NO. 863
VOLUME 1
BEFORE THE HONORABLE LINDA B. RIEGLE
UNITED STATES BANKRUPTCY JUDGE

Friday, August 4, 2006

9:30 a.m.

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

CLINE TRANSCRIPTION SERVICES   (702) 644-1123

Ex "A"

```
1   APPEARANCES:

2   For the Debtor:              ANNETTE W. JARVIS, ESQ.
                                 Ray, Quinney & Nebeker, P.C.
3                                36 South State 1400
                                 Salt Lake City, Utah 84145
4
                                 LENARD E. SCHWARTZER, ESQ.
5                                Schwartzer & McPherson Law Firm
                                 2850 South Jones Boulevard
6                                Suite 1
                                 Las Vegas, Nevada 89146
7
    For the Official            CANDACE C. CARLYON, ESQ.
8   Committee of Equity          Shea & Carlyon, Ltd.
    Security Holders             233 South Fourth Street
9   of USA Capital               Suite 200
    First Trust Deed Fund,       Las Vegas, Nevada 89101
10  LLC:

11  For the Official            GERALD M. GORDON, ESQ.
    Committee of Executory       GREGORY E. GARMAN, ESQ.
12  Contract Holders of          Gordon & Silver, Ltd.
    USA Commercial               3960 Howard Hughes Parkway
13  Mortgage Company:            Ninth Floor
                                 Las Vegas, Nevada 89109
14
    For Highland Capital        CICI CUNNINGHAM, ESQ.
15  (phonetic):                  Rawlings, Olson, Cannon, Gormley
                                   & Desruisseaux
16                               9950 West Cheyenne Avenue
                                 Las Vegas, Nevada 89129
17
    For Diversified Trust       MARC A. LEVINSON, ESQ.
18  Deed Fund Committee:         Orrick, Harrington & Sutcliffe
                                 400 Capitol Mall
19                               Suite 300
                                 Sacramento, California 95814
20
                                 JEFFERY D. HERMANN, ESQ.
21                               Orrick, Harrington & Sutcliffe
                                 777 South Figueroa Street
22                               Suite 3200
                                 Los Angeles, California 90017
23
                                 BOB L. OLSON, ESQ.
24                               Beckley Singleton, Chtd.
                                 530 Las Vegas Boulevard South
25                               Las Vegas, Nevada 89101
```

*Ex "A"*

```
1    APPEARANCES (Cont):

2    For the Jones Vargas        JANET L. CHUBB, ESQ.
     Direct Lenders:            Jones Vargas
3                               100 West Liberty
                                Twelfth Floor
4                               Reno, Nevada 89501

5    For the Alexanders         ROBERT C. LePOME, ESQ.
     and Others and In          Law Offices of Robert C. LePome
6    Association with           330 South Third Street
     Nancy Allf, Esq.:          1100-B
7                               Las Vegas, Nevada 89101

8    For the Unsecured          ROB CHARLES, JR., ESQ.
     Creditors Committee        Lewis and Roca, LLP
9    of USA Commercial          3993 Howard Hughes Parkway
     Mortgage Company:          Suite 600
10                              Las Vegas, Nevada 89109

11   For the Group of Direct    PETER SUSI, ESQ.
     Investors from             Michaelson, Susi & Michaelson
12   Santa Barbara:             7 West Figueroa Street
                                Second Floor
13                              Santa Barbara, California 93101

14   For Dr. Gary L. Kantor     MICHAEL M. SCHMAHL, ESQ.
     and Various Affiliates:    McGuire Woods, LLP
15                              77 West Wacker Drive
                                Suite 4100
16                              Chicago, Illinois 60601

17   For the First Trust        FRANK A. MEROLA, ESQ.
     Deed Committee:            CHRISTINE M. PAJAK, ESQ.
18                              Stutman, Treister & Glatt, P.C.
                                1901 Avenue of the Stars
19                              Twelfth Floor
                                Los Angeles, California 90067
20
     For the Direct Lender,     MARK E. KONRAD, ESQ.
21   Norman Kiven:              Snell & Wilmer, LLP
                                One South Church Avenue
22                              Suite 1500
                                Tucson, Arizona 85701
23
     For Standard Property      LEE D. MACKSON, ESQ.
24   Development, LLC:          Shutts & Bowen, LLP
                                1500 Miami Center
25                              210 South Biscayne Boulevard
                                Miami, Florida 33131
```

CLINE TRANSCRIPTION SERVICES   (702) 644-1123

Ex "A"

```
1    APPEARANCES (Cont.):

2    For the Canepa            LAUREL E. DAVIS, ESQ.
     Group:                    Lionel, Sawyer & Collins
3                              300 South Fourth Street
                               Suite 1700
4                              Las Vegas, Nevada 89101

5    For the United States     AUGUST B. LANDIS, ESQ.
     Trustee:                  Office of the United States Trustee
6                              300 Las Vegas Boulevard South
                               Suite 4300
7                              Las Vegas, Nevada 89101

8    For the McKnight          THOMAS J. GILLOON, ESQ.
     2000 Family Trust         Law Offices Richard McKnight, P.C.
9    and Richard McKnight,     330 South Third Street
     Esq.:                     Suite 900
10                             Las Vegas, Nevada 89101

11   For the (Unknown):        ERVEN T. NELSON, ESQ.
                               Nelson & Associates
12                             10091 Park Run Drive
                               Suite 200
13                             Las Vegas, Nevada 89145

14

15

16

17

18

19

20

21

22

23

24

25
```

CLINE TRANSCRIPTION SERVICES   (702) 644-1123

Ex "A"

1              (Court previously convened at 09:39:35 a.m.)

2              (Partial transcript of Judge's ruling at 12:14:30 p.m.)

3              THE COURT:  Thank you.

4         I'm going to grant the motion with one minor change,

5    and I'll explain my reasoning for all of this.  With respect

6    to the loans that are paid off, I'd authorize the debtor to

7    hold back an additional two percent while you investigate

8    whether or not you were entitled to more.

9         It seems to be on the loans that are paid off you

10   aren't going to -- you'll have a harder time.  You may have

11   a harder time doing adjustments later if it turns out that

12   the estate was entitled to that.  Again, it's to be held,

13   not to be spent, but held pending that determination.

14        I won't require the same thing vis-a-vis the ongoing

15   payments on the loan because those adjustments could be made

16   later.

17        Now, let me go through my analysis here, and let me

18   make some things clear.  Not everybody who invested money

19   either as a direct lender or with one of the funds is going

20   to receive a check, and that's because we can only

21   distribute those moneys that came in on account of loans

22   that are now paying.

23        Now, the reason that the one fund will get money is

24   because they have a loan which is -- they have loaner loans

25   which are performing, and that's the basis, and then under

CLINE TRANSCRIPTION SERVICES  (702) 644-1123

*Ex "A"*

1    their agreements that goes out to the members.

2        The other fund has no performing loans at this stage,

3    and so, therefore, there is no funds available to go to

4    their investors.  As much as we would all like to change

     that reality, we can't at this stage or, perhaps, ever.

        Now, let's go through the analysis as to why these

     moneys should be distributed as opposed to waiting.  First

     of all, at least, it appears as if at this stage that people

     had direct interest in loans and were actual beneficiaries

10    on loans and deeds of trust secured by deeds of trust which

11    were governed by a servicing agreement.

12        Hence, under the servicing agreement to the extent the

13    money came in, they're entitled to be paid those funds out

14    absent a servicing fee.  So absent bankruptcy, that's what

15    would happen.

16        Now, are there questions about whether or not those

17    funds shouldn't be turned over?  Yes.  There are legitimate

18    questions.

19        There are legitimate questions which may arise as to is

20    it truly the lender's money or did it become the estate

21    money because of commingling and all those other legal

22    issues or are there other equitable legal reasons for which,

23    ultimately, these cases all of the money should be put in a

24    pot and shared?

25        But at this stage, it appears as if there is no basis

Ex "A"

for putting the money in an entire pot and sharing it.  Each person has their rights under loans and deed of trust; hence, the money should be distributed.

Now, what, though, about the rights to net?  I think it's appropriate at this stage to net without making a final legal determination.  Under the doctrine, I believe recoupment is applicable.

I understand recoupment applies to a single transaction, but here not withstanding the fact there may

10  have been four -- an individual may have had several loans

11  the point was they got one statement, the money was in one

12  account, and everybody sort of treated it as sort of this

13  flowing thing.

14  So I think the Doctrine of Recoupment at least as a

15  preliminary stage if I were to view this much like a

16  preliminary injunction weighing the evidence would allow for

17  the Doctrine of Netting, and, again, the money's being held

18  back.  It's not being applied.

19  The next issue is that Mr. Levinson argues that you

20  shouldn't distribute these moneys.  Well, he claims he said

21  you shouldn't distribute it, but he really is hedging.

22  He doesn't want to be the subject of being running out

23  of town on a rail.  He says that it should be limited to

24  distribution.

25  And even though I've given him a hard time, he's doing

Ex "A"

1    a good job representing his clients who like everybody else

2    was defrauded in this scheme, and his people are left with

3    nothing.

4        But as much as we would all like to see the I guess

5    arguably inequitable concept, the concepts that he argues it

6    seems to me are concepts which require attachment,

7    et cetera, in an adversary proceeding.  It's unlike

8    recoupment.

9        And I apologize for those of you who are not attorneys

10   with these legal doctrines what's very important because as

11   much as again we would all like to see everybody get

12   something, perhaps, from one standpoint the point is as some

13   others argued it's my money, I'm entitled to it, and there's

14   no legal basis for it, and so we have to apply the legal and

15   factual basis.

16       So weighing those two things, I think it's appropriate

17   to distribute the funds, but it's also appropriate to net at

18   least until we can get a little better sense of what we're

19   ultimately going to have to do.

20       Netting makes a lot more sense, too, again as between

21   the direct lenders.  Now, we're not talking about the

22   relationships between the funds and Commercial Mortgage.

23       We're talking about as between the direct lenders.

24   Netting makes much more sense because, otherwise, the

25   argument is that you'd have to sue.

Ex "A"

That is an incredibly-expensive, frustrating, and

2  unnecessary I think legal position.  I'm not making a final

3  determination, but you can certainly guess which my thinking

is on that.

I've explained why I think it's appropriate to hold

additional moneys off for servicing because under the

contract the debtor was entitled to servicing fees, and I

8  think it's better to hold back what you're entitled to and

9  especially on the paid-off loans.

10  And, again, on the loans that payments are still going,

11  there's enough room for a setoff later if it turns out the

12  estate is entitled to those fees.

13  And, quite frankly, as much as we talk about we need to

14  get the moneys to the lenders, the professionals in this

15  case have worked very hard, and, unfortunately, they can't

16  do it for free.

17  And in order to keep this whole thing going and to get

18  back what we've got, we've had to have the professionals, so

19  the servicing fees are moneys that the investors were never

20  entitled to.

21  The servicing fees you agreed in the beginning that USA

22  Commercial would get X percent, and that was the agreement,

23  and that's all we're enforcing is that USA Commercial will

24  get the amount to which they were entitled to be paid under

25  the servicing agreement, and it's better to sort that out

Ex "A"

1  later.

2       As to Mr. Landis' argument, to the extent that this

3  is -- I think this is appropriate to make these interim

4  distributions because at this stage it does not appear to be

5  property of the estate, and, therefore, no plan is required.

6       (Court concluded at 12:21:50 p.m.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Ex "A"

12

    I certify that the foregoing is a correct transcript
from the electronic sound recording of the proceedings in
the above-entitled matter.


/s/ Lisa L. Cline                              09/04/06
_____               _____
Lisa L. Cline, Transcriptionist                   Date

Ex "A"

1   Annette W. Jarvis, Utah Bar No. 1649                        E-FILED ON AUGUST 30, 2006
    RAY QUINNEY & NEBEKER P.C.
2   36 South State Street, Suite 1400
    P.O. Box 45385
3   Salt Lake City, Utah 84145-0385
    Telephone: (801) 532-1500
4   Facsimile: (801) 532-7543
    Email: ajarvis@rqn.com
5
6   and

7   Lenard E. Schwartzer
    Nevada Bar No. 0399
8   Jeanette E. McPherson
    Nevada Bar No. 5423
9   Schwartzer & McPherson Law Firm
    2850 South Jones Boulevard, Suite 1
10  Las Vegas, Nevada 89146-5308
    Telephone: (702) 228-7590
11  Facsimile: (702) 892-0122
    E-Mail: bkfilings@s-mlaw.com
12  Attorneys for Debtors and Debtors-in-Possession

13                     UNITED STATES BANKRUPTCY COURT
14                           DISTRICT OF NEVADA

15  In re:                                          Case No. BK-S-06-10725 LBR
                                                    Case No. BK-S-06-10726 LBR
16  USA COMMERCIAL MORTGAGE COMPANY,                Case No. BK-S-06-10727 LBR
                                          Debtor.   Case No. BK-S-06-10728 LBR
17  In re:                                          Case No. BK-S-06-10729 LBR

    USA CAPITAL REALTY ADVISORS, LLC,
18                                        Debtor.   Chapter 11

19  In re:

    USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,   **Jointly Administered Under**
20                                        Debtor.   **Case No. BK-S-06-10725 LBR**

21  In re:

    USA CAPITAL FIRST TRUST DEED FUND, LLC,
22                                        Debtor.   **STATUS AND AGENDA FOR**
                                                    **AUGUST 31, 2006 HEARINGS**
23  In re:

    USA SECURITIES, LLC,
24                                        Debtor.

    Affects:
25   ☒ All Debtors
     ☐ USA Commercial Mortgage Company
26   ☐ USA Capital Realty Advisors, LLC
     ☐ USA Capital Diversified Trust Deed Fund, LLC
27   ☐ USA Capital First Trust Deed Fund, LLC       Date: August 31, 2006
     ☐ USA Securities, LLC                          Time: 9:30 a.m.
28

Hearing Status form for 083106 Hearings        - 1 –

Ex "B"

1.    **Motion For Relief From The Automatic Stay To Terminate Loan Servicing Agreement For Direct Loan To Boise/Gowan, LLC** (Affects USA Commercial Mortgage) filed by Laurel Davis on behalf of Scott K. Canepa (the "Boise/Gowan Lift Stay Motion"). The Boise/Gowan Lift Stay Motion has been continued to this date and seeks relief from the automatic stay to change the loan servicing agent and terminate the Loan Servicing Agreement as to the Boise/Gowan loan.

| Opposition Filed By: | Date | Docket No. |
|---|---|---|
| USA Commercial Mortgage | June 2, 2006 | 468 |
| Donna Cangelosi | June 5, 2006 | 503 |
| Official Committee of Unsecured Creditors of USA Commercial Mortgage (Omnibus Response) | June 9, 2006 | 566 |
| Scott K. Canepa (Reply) | June 13, 2006 | 632 |
| Boise/Gowan LLC (Declaration in Opposition) | July 24, 2006 | 961 |
| Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (Joinder in Opposition) | July 28, 2006 | 1037 |

2.    **Debtors' Motion To Distribute Funds And To Grant Ordinary-Course Releases And Distribute Proceeds (Affects USA Commercial Mortgage, USA Capital Diversified Trust Deed Fund, And USA Capital First Trust Deed Fund)** (the "Distribute Funds Motion") filed by Debtors. In this Motion, the moving Debtors request an order authorizing USA Commercial Mortgage Company ("USA") to distribute certain funds held in USA's collection account to direct lenders, and authorizing USA Capital Diversified Trust Deed Fund, LLC and USA Capital First Trust Deed Fund, LLC to further distribute certain funds to their respective fund members. USA seeks permission to distribute promptly to Direct Lenders a substantial portion of the funds currently held in the Collection Account. A **Debtor's Modification to Motion to Distribute Funds And To Grant Ordinary-Course Releases And**

Ex "B"

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**Distribute Proceeds** was filed on August 29, 2006 (See, Docket No. 1203).  An Order (A) Granting (i) Debtors' Motion To Distribute Funds; (ii) Debtors' Hold Funds Motion And (B) Denying (i) The Lift Stay motion And (ii) McKnight Motion (Affects USA Commercial Mortgage, USA Capital Diversified Trust Deed Fund, And USA Capital First Trust Deed Fund, was entered on August 24, 2006.

| Opposition Filed By: | Date | Docket No. |
|---|---|---|
| Stanley Alexander, et al. (Partial Opposition) | July 19, 2006 | 905 |
| Boise Gowan (Response) | July 21, 2006 | 936 |
| Kantor Group (Limited Objection) | July 27, 2006 | 985 |
| JV Direct Lenders (Partial Opposition) | July 27, 2006 | 986 |
| Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (Limited Opposition) | July 27, 2006 | 987 |
| Prospect High Income Fund | July 27, 2006 | 991 |
| Official Committee of Unsecured Creditors for USA Commercial Mortgage (Response) | July 27, 2006 | 995 |
| Norman Kiven (Response) | July 27, 2006 | 999 |
| Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (Response) | July 27, 2006 | 1000 |
| Mantas Group (Joinder in Alexander Opposition) | July 27, 2006 | 1001 |
| U.S. Trustee (Limited Opposition) | July 27, 2006 | 1005 |
| Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company | July 28, 2006 | 1042 |
| Canepa Group (Joinder in Limited Opposition) | July 28, 2006 | 1044 |

Ex "B"

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

| Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (Omnibus Reply to Responses) | August 2, 2006 | 1084 |
|---|---|---|
| Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (Motion to Strike First Trust Deed Fund's Sur-Reply) | August 2, 2006 | 1088 |
| McKnight 2000 Family Trust and Richard McKnight SEP-IRA | August 3, 2006 | 1100 |
| **Reply Filed By:** | **Date** | **Docket No.** |
| Debtors (Declaration of Thomas J. Allison In Support of Motions To Be Heard On August 4, 2006) | August 2, 2006 | 1090 |
| Debtors | August 2, 2006 | 1092 |

3.      **Motion For Order Approving Continued Use Of Cash Through October 29, 2006 Pursuant To Second Revised Budget (Affects All Debtors)** (the "Continued Cash Motion") filed by Debtors.  The Continued Cash Motion requests that the Court enter an order approving the Debtors' continued use of cash through the week ending October 29, 2006.  An order granting this Motion has been circulated among counsel and will be lodged with the Court.

| Opposition Filed By: | Date | Docket No. |
|---|---|---|
| Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC and Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (JOINT OPPOSITION) | July 27, 2006 | 988 |
| Official Committee of Unsecured Creditors for USA Commercial Mortgage (LIMITED OPPOSITION) | July 27, 2006 | 992 |

Ex "B"

| | | |
|---|---|---|
| Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company | July 27, 2006 | 997 |
| **Reply Filed By:** | **Date** | **Docket No.** |
| Debtors (Declaration of Thomas J. Allison In Support of Motions To Be Heard On August 4, 2006) | August 2, 2006 | 1090 |
| Debtors | August 2, 2006 | 1091 |

4.   **Motion For Payment of Proceeds of Notes Secured By Deeds of Trust Without Reduction For Netting** (the "Payment of Proceeds Motion") filed by Nancy Allf on behalf of Florence Alexander, Stanley Alexander, Stanley Alexander Trust, Charma Block, Jerome Block, Mark R. Campbell, Church of the Movement of Spiritual Inner Awareness, James Cielen, James R. Cielen, IRA, Patrick Davis, Susan Davis, Norma Deull, James Dickinson, First Savings Bank, Custodian For Patrick Davis IRA, Nancy Golden, Robin B. Graham, Graham Family Trust Dated 10/26/78, Jayem Family Ltd Partnership, Sharon Juno, Jeff Karr, Phyllis Karr, Martin Leaf, Pamela Marton, Marilyn Molitch, Molitch 97 Trust, Matthew Moltich, Mark Olds, Sally Olds, Frances Phillips, Stephen Phillips, Phillips Family Trust Dated October 24, 2989, Hans J. Prakelt, Crosbie B. Ronning, Grable L. Ronning, Spectrum Capital, LLC, Carole Talan, The Bosworth 1988 Family Trust, The Wild Water Limited Partnership, Claudia Voss, Wolf Voss, Voss Family Trust, Richard Williams.  The Payment of Proceeds Motion requests that the Court enter an order that Debtor pay distributions to Movants as called for in the Servicing Agreement without reduction for netting.

| Opposition Filed By: | Date | Docket No. |
|---|---|---|
| Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC | August 16, 2006 | 1160 |
| The Kantor Group | August 18, 2006 | 1162 |
| Debtors (Response) | August 18, 2006 | 1168 |

Ex "B"

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

| Official Committee of Unsecured Creditors for USA Commercial Mortgage | August 28, 2006 | 1186 |
|---|---|---|
| **Reply Filed By:** | **Date** | **Docket No.** |
| Stanley Alexander, et al. | August 28, 2006 | 1196 |

5.    **Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC To Misfiled Claims (Affects Debtor USA Capital First Trust Deed Fund, LLC And Claimants Melanie Cowan, Ross Deller, Brenda Falvai, Frieda Moon, Edward J. And Darlene A. Quinn, And Sharon C. Van Ert)** (the "Claim Objection") filed by Shlomo S. Sherman on behalf of Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC. The USA Capital First Trust Deed Fund, LLC Committee objects to the proofs of claim referenced in the Claim Objection on the grounds that they have been erroneously filed against USA Capital First Trust Deed Fund, LLC.

| Opposition Filed By: | Date | Docket No. |
|---|---|---|
| n/a | | |

6.    **Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC To Claims Based on Prepetition Equity Security Interests of USA Capital First Trust Deed Fund, LLC (Affects Debtor USA Capital First Trust Deed Fund, LLC And Claimants Concetta Carnicelli, Joseph Grgurich; Frieda Moon, Louie and Charlotte Polanco, Rocco J. Rocco, Margaret Valli, Sharon C. Van Ert, And Heinrich Richard And Brigitte S. Weber)** (the "Claim Objection") filed by Shlomo S. Sherman on behalf of Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC. The USA Capital First Trust Deed Fund, LLC Committee objects to the proofs of claim referenced in the Claim Objection on the grounds that they do not reflect "claims" against USA Capital First Trust Deed Fund, LLC as that term is defined in Bankruptcy Code section 101(5).

| Opposition Filed By: | Date | Docket No. |
|---|---|---|
| n/a | | |

Ex "B"

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

7. **Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC To Proof of Claim Filed By Prospect High Income Funds, ML CBOIV (CAYMAN) Ltd, Pamco Cayman, Ltd., Pam Capital Funding, L.P., Highland Crusader Fund, Ltd., And PCMG Trading Partners XXIII, L.P. (Affects Debtor USA Capital First Trust Deed Fund, LLC)** (the "Claim Objection") filed by Shlomo S. Sherman on behalf of Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC.  The USA Capital First Trust Deed Fund, LLC Committee objects to and seeks disallowance of claim number 16 on the grounds that the claim is based on a lawsuit against USA Capital Diversified Trust Deed Fund, LLC and that, accordingly, the FTDF has no liability on account of such claim.  A Stipulation and Order Continuing Hearing on Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LL to Proof of Claim Filed by Prospect High Income Fund, ML CBOIV was entered on August 29, 2006 rescheduling this hearing to October 30, 2006 at 9:30 a.m.

8. **Scheduling Conference re Complaint**, in adversary 06-1146 LBR., USA Commercial Mortgage Company v. Wells Fargo Bank, N.A., and James Feeney.

9. **Objection To Stipulated Order Extending The Debtors' Exclusive Period To File A Plan To August 31, 20006** filed by Robert C. LePome.

DATED: August 30, 2006

/s/ Jeanette E. McPherson
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146
and
Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

Attorneys for Debtors and Debtors-in-Possession

Ex "B"

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**B.    USACM Has Contractual and Statutory Obligations Not to Release the Funds Until the Rightful Ownership Is Established.**

Under the Loan Servicing Agreement that each Direct Lender entered into with USACM, USACM is required, among other things, to keep appropriate accounting records and ensure that the loan payments it collects as servicer are paid out only to the "proper parties" entitled to receive such payments. *See* Loan Servicing Agreement ¶ 2(c)(i). Under its new management, USACM is working hard to review, verify, and establish appropriate accounting records that will accurately reflect the proper amounts owed to or from each Direct Lender (including the Funds) with respect to each of the Serviced Loans, for the benefit of all Direct Lenders and Fund Members. Further, since the Petition Date, USACM under its new management has begun to aggressively collect past-due amounts owed on the Nonperforming Loans for the benefit of all Direct Lenders having an interest in one or more of the Nonperforming Loans, which includes both of the Funds and nearly all other Direct Lenders as well.

USACM also has a statutory duty under Nevada law respecting mortgage brokers to ensure that no payments it collects as mortgage servicer are released to any owners of fractional interests in a particular Serviced Loan unless the same amount "is also released to every other investor who owns a beneficial interest in the loan." Nev. Rev. Stat. § 645B.175(5). Thus, although some investors holding an interest in a particular loan may believe they are entitled to have the loan payments released immediately to them, it is in the best interests of other investors in that same loan, and is statutorily required, to allow USACM to hold all collected amounts for the limited period requested in the Motion so that the respective rights of all parties may be clarified before any disbursements are made. Under the statute, USACM is not authorized to release fractional loan payments to only those investors, if any, who may be invested solely in performing loans, because other investors in the same performing loans may have invested also in non-performing loans and thus cannot be paid until the analyses and reconciliations are completed.

/ / /

/ / /

/ / /

Ex "C"

8

ROBERT C. LEPOME

ATTORNEY AT LAW
THE PHOENIX BUILDING    SUITE 1100B
330 SOUTH THIRD STREET
LAS VEGAS, NEVADA 89101
TELEPHONE (702) 385-5509
FAX (702) 385-3417
www.robertlepome.com

ROBERT C. LEPOME*
*ALSO ADMITTED IN NEW YORK

QUINTIN M. DOLLENTE JR.**
**ALSO ADMITTED IN HAWAII

May 12, 2006

Matthew C. Zirzow, Esq.
Thomas H. Fell, Esq.
Gordon & Silver
3960 Howard Hughes Pkwy. 9th Floor
Las Vegas, NV 89109

     Re:   USA Capital Chapter 11 Bankruptcy
            BK-S-06-10725-LBR

Dear Mr. Zirzow and Mr. Fell:

     As you probably already know, I represent several investors in the USA Capital bankruptcy. You are receiving this letter because you too represent one or more investors.

     In my review of the facts concerning USA Capital and many years of experience as a Mortgage Broker and in Bankruptcies involving Mortgage Brokers, it does not appear that a reorganization will be successful in this bankruptcy. My basis for this belief is that it is not likely that the Debtor will find a lending institution to lend over $100 Million when there are no assets to pledge nor is there goodwill. Essentially, all that the Debtor can offer to do is to broker new loans with the $100,000,000.00. There is no reason why such an investor cannot use Consolidated Mortgage, Vestin Mortgage, One Cap Mortgage, or a dozen others. Even if the investor did make the loans, the cash-flow will not save USA Capital. Finally, the Court, if it wished to save Capital as a going concern must find "good faith". The owners of Capital cannot meet this burden. We all know the facts.

     I believe the path each and every investor should take is that new Powers of Attorney be executed by each investor in favor of U.S. Loan Services. They took over Global's loans when Global went under and are well equipped to handle the loan servicing of the USA Capital loans. I have met with the President of U.S. Loan Services and he has agreed to charge a .75% servicing fee which will leave .25% which can be used to reimburse our clients for their attorney fees and costs. If there

$Ex` D`$

Page 2
Letter regarding USA Capital Chapter 11 Bankruptcy
May 12, 2006

is any "surplus" after all reimbursements are made and our clients made whole, the remainder can be used to help those who would receive less than our clients.

It would seem better to have new fully executed powers of attorney for our standby use. It is better to have them and not need them than to need them and not have them.

If we work together, we can divide the mailing by alphabet so that no attorney has to send out more than 200 letters. It is probable that we should have one letter which is endorsed or signed by all investor's attorneys. Such a letter should be ready for signature and mailing as soon as we have all the Schedules filed - which date is fast approaching. Please contact me to discuss and let me know your feelings on this matter.

Very truly yours,

Robert C. LePome, Esq.

RCL/ss

cc:    Franklin C. Adams, Esq.
       Kelly J. Brinkman, Esq.
       Candace Carlyon, Esq.
       Janet L. Chubb, Esq.
       CiCi Cunningham, Esq.
       Laurel E. Davis, Esq.
       Edward J. Hanigan, Esq.
       Robert R. Kinas, Esq.
       Nicholas J. Santoro, Esq.
       Bradley J. Stevens, Esq.
       Peter Susi, Esq.
       Caryn S. Tijsseling, Esq.

Ex "D" 11