|  |  |
|---|---|
| AUGUST B. LANDIS, Assistant United States Trustee<br>State Bar # IA PK9228<br>augie.landis@usdoj.gov<br>**UNITED STATES DEPARTMENT OF JUSTICE**<br>Office of the United States Trustee<br>300 Las Vegas Boulevard, So., Suite 4300<br>Las Vegas, Nevada 89101<br>Telephone: (702) 388-6600 Attorney Ext. 224<br>Facsimile:  (702) 388-6658<br><br>Attorneys for the Acting United States Trustee<br>     SARA L. KISTLER | **E-Filed on September 8, 2006** |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>**USA Commercial Mortgage Company**<br>     **06-10725 -- Lead Case**<br><br>**USA Capital Realty Advisors, LLC**<br>     06-10726<br><br>**USA Capital Diversified Trust Deed Fund, LLC**<br>     06-10727<br><br>**USA Capital First Trust Deed Fund, LLC**<br>     06-10728<br><br>**USA Securities, LLC**<br>     06-10729<br><br>                                        Debtors. | **Jointly Administered**<br>Chapter 11 Cases<br>Judge **Linda B. Riegle** Presiding<br><br>Date:   September 13, 2006<br>Time:   9:30 a.m.<br>**Affecting:**<br>☒ All Cases<br>**or Only:**<br>☐ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC |

# THE UNITED STATES TRUSTEE'S OPPOSITION TO EMERGENCY MOTION FOR ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIOD TO FILE A PLAN TO SEPTEMBER 15, 2006

To the Honorable **LINDA B. RIEGLE**, United States Bankruptcy Judge:

The United States Trustee opposes Debtors' Emergency Motion for Order Extending the Debtors' Exclusive Period to File a Plan to September 15, 2006. The overriding factor to be considered in determining whether exclusivity should be extended under 11 U.S.C. § 1121(d) is whether the requested extension would facilitate moving these jointly administered cases forward. The exclusivity period has been extended prior to the filing of the Emergency Motion.

No plan of reorganization has been filed by the Debtors. The relief requested in the Emergency Motion will result in additional delay, and will do nothing to facilitate moving these jointly administered cases forward. The relief requested in the Emergency Motion should therefore be denied. The United States Trustee's opposition is premised upon the pleadings and papers comprising the official court file in this matter, and the following Memorandum of Points and Authorities.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **FACTS**

1. Debtors filed their five separate bankruptcy petitions on April 13, 2006. The cases are jointly administered pursuant to this Court's order of May 9, 2006. Docket No. 184.

2. Subsequent to the filing of the petitions on April 13, 2006, Debtors stated repeatedly and under oath that they would file plans of reorganization during the month of July, 2006. They failed to do so.

3. Although no related motion was ever filed, no notice or opportunity for a hearing was afforded to creditors and parties in interest as expressly required by 11 U.S.C. § 1121(d)(1), and with knowledge that the United States Trustee did not consent, counsel for the Debtors caused a "Stipulated Order Extending the Debtors' Exclusive Period to File a Plan to August 31, 2006" to be lodged with the Court. The Order was entered by the Court on August 11, 2006. Docket No. 1139.

4. The 120th day after the Debtors' bankruptcy petitions were filed was August 12, 2006, one day after the "Stipulated Order" was entered on the docket.

5. On August 25, 2006, upon inquiry from the United States Trustee, Debtors' counsel expressly advised the United States Trustee that Debtors intended to file a plan following the August 31, 2006 omnibus hearing date, and did not intend to seek further extension of the plan filing exclusivity period.

6. Despite Debtors' prior representations that they did not intend to seek further extension of the plan filing exclusivity period, and again without having filed a motion or providing notice or opportunity for a hearing to creditors and parties in interest as expressly

1  required by 11 U.S.C. § 1121(d)(1), Debtors made an oral request for a further extension of the
2  exclusivity period through September 15, 2006 at the August 31, 2006 omnibus hearing.
3  Debtors also lodged a Stipulated Order Extending the Debtor's Exclusive Period to File a Plan to
4  September 15, 2006 with the Court, which was entered on the docket on August 31, 2006.
5  Docket No. 1223.  The United States Trustee did not sign that order.

6      7.  The first motion ever to be filed with the Court seeking an extension of the
7  exclusivity period is Debtors' Emergency Motion.  The Emergency Motion was filed with the
8  Court on September 7, 2006 - - a full week *after* the Stipulated Order Extending the Debtor's
9  Exclusive Period to File a Plan to September 15, 2006 was entered on the docket.  *Compare*
10 Docket Nos. 1223 and 1252.

11     8.  In addition to ratification of the Stipulated Order Extending the Debtor's Exclusive
12 Period to File a Plan to September 15, 2006 already entered by the Court, Debtors' Emergency
13 Motion asks the Court to "enter an order further extending the Debtors' exclusive period for
14 filing a plan to such further date as stipulated by all of the four official committees" without the
15 notice and hearing expressly required by 11 U.S.C. § 1121(d)(1).  Docket No. 1252, p. 4.

16 **POINTS AND AUTHORITIES**

17     9.  Pursuant to 11 U.S.C. § 1121(b), the general rule is that the debtor has the exclusive
18 right to file a plan of reorganization during the first 120 days after a Chapter 11 bankruptcy
19 petition is filed.  *See* 11 U.S.C. § 1121(b).

20     10.  The 120 day post-petition period during which a Chapter 11 debtor has the exclusive
21 right to file a plan of reorganization under 11 U.S.C. § 1121(b) may be increased in the
22 discretion of the bankruptcy court, but only if "cause" for such an extension exists, and only "on
23 request of a party in interest made within" that period and "after notice and a hearing."  *See* 11
24 U.S.C. § 1121(d)(1); *see also* Official Committee of Unsecured Creditors v. Henry Mayo
25 Newhall Memorial Hosp. (*In re* Henry Mayo Newhall Memorial Hosp.), 282 B.R. 444, 454 (9th
26 Cir. BAP 2002)(Marlar, Bankr. Judge, concurring)("The question of whether or not a trial court
27 chooses to extend or deny exclusivity upon a showing of "cause" is, at its heart, always a
28 discretionary one.").

11. The burden of establishing that "cause" exists for an extension of the period during which a a Chapter 11 debtor has the exclusive right to file a plan of reorganization under 11 U.S.C. § 1121(b) is borne by the party requesting the extension. *See* Bunch v. Hoffinger Indus., Inc. (*In re* Hoffinger Indus., Inc.), 292 B.R. 639, 643 (8th Cir. BAP 2003)(citations omitted).

12. In deciding whether the period during which a a Chapter 11 debtor has the exclusive right to file a plan of reorganization should be extended, "a variety of matters probative of § 1121(d) 'cause' are standardly considered." *See* Henry Mayo Newhall Memorial Hosp., 282 B.R. at 452, *citing* In re Dow Corning Corp., 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996). The oft-cited nine factor list is: (1) the size and complexity of the case; (2) the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (3) the existence of good faith progress toward reorganization; (4) the fact that the debtor is paying its bills as they become due; (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (6) whether the debtor has made progress in negotiating with its creditors; (7) the amount of time which has elapsed in the case; (8) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and (9) whether an unresolved contingency exists. In re Dow Corning Corp., 208 B.R. 661, 665 (Bankr. E.D. Mich. 1997). The United States Trustee contends that factors 2, 3, 5, 7, and 8 militate against the extension of the exclusivity period sought by the Debtors through the Emergency Motion now before the Court, acknowledges that factors 1 and 6 weigh in favor of the requested extension, and submits that factors 4 and 9 have no direct impact upon the analysis. *See, e.g.,* Hoffinger Indus., 292 B.R. at 644 (emphasizing that "these are only factors, not all of which are relevant in every case" and noting that the decision as to whether extension of exclusivity is not "simply a question of adding up the number of factors which weigh for and against an extension.").

13. As a court "is determining whether to terminate a debtor's exclusivity, the primary consideration should be whether or not doing so would facilitate moving the case forward. And that is a practical call that can override a mere toting up of the factors." *See* Dow Corning, 208 B.R. at 670.

14. Extensions of the exclusivity period "should not be employed as a tactical measure to put pressure on parties in interest to yield to a plan they consider unsatisfactory." Id.

15. The legislative history of 11 U.S.C. § 1121(d)(1) "also reveals that Congress intended that the granting of an extension would be based 'on a showing of some promise of probable success [for reorganization].'" Hoffinger Indus., 292 B.R. at 643 (citations omitted).

16. In this case, Debtors have made no showing of some promise of probable success for reorganization. Debtors' two attempts at obtaining debtor in possession financing were denied. Debtors have therefore been unable to originate new loans to generate operating revenue post-petition. While the exclusivity period has previously been extended previously at Debtors' request without notice to parties in interest, and despite repeated promises from the Debtors to the contrary, no plan of reorganization has been filed by Debtors. Debtors' collective reorganization efforts to date have consisted of accounting services, and the collection or "monetizing" of prepetition loans, in a manner very much resembling liquidation. All the while, exclusivity under 11 U.S.C. § 1121(b) has precluded all of the investors and parties in interest, whose money is truly at stake in these proceedings, from substantive participation in the reorganization process through submission of a plan of reorganization.

17. The relief requested in the Emergency Motion will not facilitate moving these cases forward, which is the primary consideration in determining whether an extension of the plan filing exclusivity period under 11 U.S.C. § 1121(d) is appropriate. *See* Dow Corning, 208 B.R. at 670. To the contrary, the relief requested in the Emergency Motion seeks not only ratification of an extension through September 15, 2006, but also entry of "an order further extending the Debtors' exclusive period for filing a plan to such further date as stipulated by all of the four official committees." *See* Docket No. 1252, p. 4. That request improperly eviscerates the statutory requirement of "cause," and the due process predicates of notice and a hearing, before

1 the exclusivity period is extended by court order pursuant to 11 U.S.C. § 1121(d) - - without so
2 much as a suggestion of a date when extensions of exclusivity via "stipulation" would end.[1]

3     18. At the absolute minimum, any order extending the exclusivity period should be
4 closed ended, extending the exclusivity period to a date certain, and expressly holding that no
5 further extensions will be granted. *See, e.g.,* Dow Corning, 208 B.R. at 670 (noting that to "put
6 some teeth into it, this time the order will provide that if the Debtor fails to timely file a new
7 plan, the Debtor's § 1121(c)(3) exclusive period to gain acceptances of its December 2, 1996
8 plan will be terminated.").

9     WHEREFORE, the United States Trustee respectfully requests that the Court enter an
10 order denying the relief requested in Debtors' Emergency Motion in its entirety. In the
11 alternative, the United States Trustee requests that any order extending the exclusivity period
12 should be closed ended, extending the exclusivity period to a date certain, and expressly holding
13 that no further extensions will be granted. The United States Trustee further requests that the
14 Court grant such other and additional relief as is just and equitable.

15                           Respectfully submitted,

16                           **SARA L. KISTLER**
                          **ACTING UNITED STATES TRUSTEE**
17                           **REGION 17**

18
19                           By: */s/ August B. Landis*
                                August B. Landis, Assistant United States Trustee
20                                 United States Department of Justice

---

[1] *See, e.g.,* Harvey Miller, *Chapter 11 Reorganization Cases and the Delaware Myth*, 55 VAND. L. REV. 1987, 2011 (2002)(Discussing concerns regarding the feasibility of reorganization plans reached via consensus in Delaware bankruptcy proceedings, and noting that "The real problem lies not in the Delaware Bankruptcy Court, but in the conference rooms across the country where the debtors and creditors create and agree to reorganization plans. In those conference rooms, a bankruptcy judge has no control or influence, and the parties themselves may bind each other to dubious reorganization plans.")