GORDON & SILVER, LTD.
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: gmg@gordonsilver.com
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: geg@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for the Official Committee
of Holders of Executory Contract Rights through
USA Commercial Mortgage Company

E-Filed On September 11, 2006

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>　　　　　　　　Debtor.<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>　　　　　　　　Debtor.<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>　　　　　　　　Debtor.<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>　　　　　　　　Debtor.<br>In re:<br>USA SECURITIES, LLC,<br><br>　　　　　　　　Debtor.<br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☒ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR<br><br>JOINTLY ADMINISTERED<br>Chapter 11<br><br>**OFFICIAL COMMITTEE OF DIRECT LENDERS' RESPONSE TO MOTION TO AMEND DEBTOR'S PROTOCOL FOR CONTINUING DISTRIBUTIONS AND INTERIM HOLDBACKS**<br><br>Date: September 13, 2006<br>Time: 9:30 a.m. |

The Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company (the "Direct Lenders Committee"), by and through its counsel, the law firm of Gordon & Silver, Ltd. ("G&S"), hereby submits its Response (the "Response") to

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/422645.doc

the Motion to Amend Debtor's Protocol for Continuing Distributions and Interim Holdbacks (the "Motion") filed by the Official Unsecured Creditors' Committee for USA Commercial Mortgage Company ("Unsecured Committee").

1. Relief Requested by the Unsecured Creditors' Committee.

Pursuant to the Motion, the Unsecured Committee seeks two forms of relief. The first is to establish a briefing schedule to determine what sums, if any, over the above servicing fees and other amounts due under the individual loan servicing agreements should be charged against distributions to Direct Lenders. Secondly, the Unsecured Committee seeks to modify the monthly interim distribution order.

2. The Unsecured Creditors' Efforts to Surcharge Direct Lenders.

The unresolved issue of surcharging Direct Lenders' collateral has cast a shadow over these proceedings since its inception. The Direct Lenders Committee supports an orderly briefing schedule to finally resolve the issue in order to bring these proceedings to a more rapid conclusion. However, resolution will require an affirmative motion filed which is noticed and served upon all Direct Lenders thereby insuring due process requirements and the participation by all parties in interest.

3. Modification of the Interim Distribution Order.

On August 24, 2006, the Court entered its interim Order Granting Debtors' Motion to Distribute Funds ("Interim Distribution Order") by which this Court sought to strike a balance between preserving assets that may constitute property of Debtors' bankruptcy estates and making distributions to Direct Lenders and fund investors who, in many instances, need such funds to prevent financial ruin. It is fair to say that the Interim Distribution Order did not fully satisfy any of the Committees, yet a consensus was reached for the benefit of the common good.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/422645.doc

2

The Direct Lenders' Committee supports the Motion to the extent that the Debtors and Committees are able to consensually reach a form of order. However, no such modification should be entered by this Court to the extent it is not approved by each of the various constituencies. In the event of disagreement, the current Interim Distribution Order should remain in effect and subject to modification only upon full briefing and hearing in the ordinary course.

Generally, the Direct Lenders Committee concurs with the concepts contained in the Unsecured Committee's proposed language. Moreover, based upon conversations with counsel, the Direct Lenders Committee remains confident a consensual order can be put in place. However, the Direct Lenders Committee has concerns based upon the language proposed by the Unsecured Committee. For example, paragraph 1.1 contemplates withholding from payment "all other fees and costs charged and collected pursuant to the applicable loan service agreements." As subsequently explained, the Unsecured Committee contemplates that Debtors' professionals will allocate, where appropriate, their collection costs to be allocated as an expense under individual Loan Service Agreements.

The Direct Lenders Committee agrees that on a prepetition basis, certain collection costs would be allocated to Direct Lenders under the terms of individual Loan Service Agreements. For example, outside of bankruptcy, in the event that USACM had commenced foreclosures and advanced outside legal expenses and appraisal fees in their efforts to recover on behalf of the Direct Lenders, the Loan Service Agreements contemplate Direct Lenders will reimburse USACM for such advances. On a post-petition basis, similar collection costs remain the obligation of individual Direct Lenders. However, USACM, at its expense, is obligated to perform a great number of services (including accounting), for which they are compensated by way of the 1-3% service fees. To the extent that Mesirow or Debtors' legal professional are

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/422645.doc

3

performing administrative duties for which USACM is compensated for under loan service fees, such fees may not be allocated or recovered against the Direct Lenders.

Based upon conversations with the various constituencies, it appears as if there will be agreement upon the terms of a modified interim distribution order. However, as set forth above, this Court should not enter the modified interim distribution order to the extent it is not approved by the Debtors and the four Official Committees.

DATED this 11th day of September, 2006.

GORDON & SILVER, LTD.

By: _____
GERALD M. GORDON, ESQ.
GREGORY E. GARMAN, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Attorneys for the Official Committee
of Holders of Executory Contract Rights
through USA Commercial Mortgage Company

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/422645.doc

4