Filed
9-14-06
Electronically

| | |
|---|---|
| STUTMAN, TREISTER & GLATT, P.C. | SHEA & CARLYON, LTD. |
| FRANK A. MEROLA | JAMES PATRICK SHEA |
| (CA State Bar No. 136934) | (Nevada State Bar No. 000405) |
| EVE H. KARASIK | CANDACE C. CARLYON |
| (CA State Bar No. 155356) | (Nevada State Bar No. 002666 |
| CHRISTINE M. PAJAK | SHLOMO S. SHERMAN |
| (CA State Bar No. 217173) | (Nevada State Bar No. 009688) |
| 1901 Avenue of the Stars, 12th Floor | 233 South Fourth Street, Second Floor |
| Los Angeles, CA 90067 | Las Vegas, Nevada 89101 |
| Telephone: (310) 228-5600 | Telephone: (702) 471-7432 |
| E-mail:    fmerola@stutman.com | E-mail:    jshea@sheacarlyon.com |
|              ekarasik@stutman.com |              ccarlyon@sheacarlyon.com |
|              cpajak@stutman.com |              ssherman@sheacarlyon.com |

*Counsel for the Official Committee of Equity Security Holders of*
*USA Capital First Trust Deed Fund, LLC*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | BK-S-06-10725-LBR |
| USA COMMERCIAL MORTGAGE COMPANY | ) | Chapter 11 |
|     Debtor | ) | |
| In re: | ) | BK-S-06-10726-LBR |
| USA CAPITAL REALTY ADVISORS, LLC, | ) | Chapter 11 |
|     Debtor | ) | |
| In re: | ) | BK-S-06-10727-LBR |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | ) | Chapter 11 |
|     Debtor | ) | |
| In re: | ) | BK-S-06-10728-LBR |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | ) | Chapter 11 |
|     Debtor. | ) | |
| In re: | ) | BK-S-06-10729-LBR |
| USA SECURITIES, LLC, | ) | Chapter 11 |
|     Debtor. | ) | |

Affects
☐ All Debtors
☐ USA Commercial Mortgage Co.
☐ USA Securities, LLC
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed
☒ USA First Trust Deed Fund, LLC

Date: September 28, 2006
Time: 9:30 a.m.

## MOTION BY THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND LLC TO COMPEL THE CONFIDENTIAL DISCLOSURE OF USA CAPITAL FIRST TRUST DEED FUND LLC'S MEMBER LIST

401949v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases") hereby files its Motion to Compel the Confidential Disclosure of USA Capital First Trust Deed Fund LLC's Member List (the "Motion").

This Motion is made and based on the pleadings, papers and records on file in the Chapter 11 Cases, the exhibits and points and authorities attached hereto, and any evidence and oral argument to be presented at the time of the hearing of Motion.

DATED this 14th day of September, 2006.

SHEA & CARLYON, LTD.



JAMES PATRICK SHEA
CANDACE C. CARLYON
SHLOMO S. SHERMAN
233 South Fourth Street, Second Floor
Las Vegas, Nevada 89101

and

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA
EVE H. KARASIK
CHRISTINE M. PAJAK
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

## POINTS AND AUTHORITIES

### I.

### BACKGROUND

On April 13, 2006, petitions for relief under Chapter 11 of the Bankruptcy Code were

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

2

401949v1

filed by the following entities (collectively, the "Debtors"):

USA Commercial Mortgage Company ("USACMC")

USA Capital Realty Advisors, LLC ("USA Realty")

USA Capital Diversified Trust Deed Fund ("Diversified")

USA Capital First Trust Deed Fund, LLC ("FTDF")

USA Securities, LLC ("USA Securities")

On May 10, 2006, the office of the United States Trustee appointed the following official committees in the USA Cases:

1. In USACMC, an Official Unsecured Creditors' Committee (the "UCC");

2. Also in USACMC, an Official Committee of Holders of Executory Contract Rights (the "Direct Lenders' Committee");

3. In Diversified, an Official Committee of Equity Security Holders (the "Diversified Committee"); and

4. In FTDF, an Official Committee of Equity Security Holders (the "FTDF Committee").

USACMC, playing a pivotal role in the USA bankruptcies, is in the business of brokering and servicing loans on behalf of certain lenders (the "Lenders"). The Lenders who have acquired interests in loans brokered and serviced by USACMC include both individual Lenders ("Direct Lenders"), and the two funds, FTDF and Diversified (collectively, the "Funds"). The Funds, in turn, are owned by a group of individual members (the "Members," and each, a "Member") who have acquired interests in the Funds in the form of units ("Interests"). These Members represent the respective constituencies of the two Fund

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

401949v1

1  Committees.

2      On August 31, 2006, the Court set November 13, 2006, as the bar date for Lenders and

3  other creditors to file timely proofs of claim, and for Members of the Funds to file timely

4  proofs of interest.

5

6      The FTDF Committee worked closely with the Debtors' in formulating procedures and

7  preparing instructions for the timely filing of proofs of claim or interest. However, an issue

8  arose in the context of implementing procedures for Members to file timely and accurate

9  proofs of interest. The Debtors took the position that the identity of the Members, as well as

10  the amount of their interest in the Funds, was confidential, and could not be disclosed in the

11  context of publicly filed proofs of interest. To address this concern, the FTDF Committee and

12  the Debtors ultimately executed a Stipulated Order, lodged on September 12, 2006, that would

13  deem scheduled all of the Member Interests reflected in the Debtors' books and records. In

14  this way, the Debtors and the FTFD Committee were able to avoid unnecessarily disclosing

15  the identity of the Members and their respective Interests on the public record.

16

17      However, notwithstanding this arrangement with respect to the public record, the

18  FTDF Committee itself requires access to the list of Members of the FTDF, its constituents, as

19  well as a schedule of their respective Interests (the "Member List"), in order to provide

20  meaningful oversight to the Debtors' treatment and scheduling of these Interests.

21  Nonetheless, the Debtors' insist that such information is confidential even as to the FTDF

22  Committee, and have declined to provide the FTDF Committee with this information.[1]

23

24

25

26  ---

[1]  At the hearing on September 13, 2006, Debtors' counsel, Lenard Schwartzer, indicated to the Court that the
27  Debtor would work out the issue of the Member List with the FTDF Committee. Subsequently, however, he
     suggested that the FTDF Committee file the instant motion.

28                                                    4

*SHEA & CARLYON, LTD.*
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

401949v1

1   Accordingly, and pursuant to the legal authority set forth below, the FTDF Committee now

2   moves this Court for an order that would compel the Debtors' to provide the FTDF

3   Committee with access to the Member List.

4                                          **II.**

5                                  **LEGAL ARGUMENT**

6

7   **A.    The Information Requested is Not Confidential as to the FTDF Committee.**

8       The Second Amended and Restated Operating Agreement of the FTDF (the "FTDF

9   Operating Agreement"), effective June 1, 2003, provides as follows:

10
                During the Company's normal business hours and with prior
11              notice of at least five (5) business days, *Members and their
                designated representatives shall have access to all books and*
12              *records of the Company.* An alphabetical list of the names and
                addresses of *all Members, together with the number of Units*
13              *held by each Member, shall be...[made] available upon the*
                *written request of any Member or such Member's representative*
14              *for such stated purpose...*

15
                If the Manager neglects or refuses to exhibit, produce, or mail a
16              copy of the Member list as requested, the Manager shall be
                liable to the requesting Member for the costs, including
17              attorney's fees, incurred by that Member for compelling the
                production of the list and for the actual damages, if any,
18              suffered by that Member die to such refusal or neglect.

19

20      FTDF Operating Agreement, ¶ 5.9 (Emphasis added).

21      At least one court has had the opportunity to address the confidentiality ascribed to a

22  limited liability company's member list.   In Arbor Place, L.P. v. Encore Opportunity Fund,

23  L.L.C., 2002 WL 205681 (Del. Ch. 2002), the member of a limited liability company brought

24  suit against the LLC to compel the LLC to provide it with access to the member list.  In that

25

26  case, the LLC's operating agreement provided merely that the members had a right to inspect

27

28                                          5

*SHEA & CARLYON, LTD.*
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

401949v1

the LLC's "books and records." The defendant LLC argued that "books and records" did not

include the member list, that "the circumstances of the investment support a presumption of

confidentiality," and that providing access to the member list "may be in violation of the

federal securities laws." Id. at *3.

The court held that (1) member lists are clearly "books and records" of the LLC to

which a member should be entitled to access; (2) the reference to confidentiality in the

operating agreement clearly could not extend to a member's right to inspect the member list,

as such an interpretation would vitiate the provision guaranteeing a member's access to the

LLC's books and records; and (3) the Gramm-Leach Bliley Act did not prohibit the disclosure

of the member lists pursuant to an exception where disclosure is required under state law and

other applicable legal requirements. The court explained that:

> Regulation S-P was adopted by the Securities and Exchange
> Commission to implement privacy provisions contained in the
> Gramm-Leach-Bliley Act of 1999. That regulation prohibits
> disclosure of confidential customer information unless
> customers first receive an initial privacy notice explaining what
> nonpublic personal information will be disclosed, to whom, and
> under what circumstances, and then are given the chance to opt
> out of that disclosure. While this is true as a general
> proposition, it does not preclude disclosure in this case because
> of the exception found in 17 C.F.R. § 248.15(a)(7)(i). That
> subsection provides that the otherwise-applicable requirements
> of notice and the right to opt out do not apply when nonpublic
> personal information is disclosed "[t]o comply with federal,
> State, or local laws, rules and other applicable legal
> requirements." Disclosure of nonpublic personal information in
> this case-specifically of a list of names and addresses-would fall
> within 17 C.F.R. § 248.15(a)(7)(i) because it would be required
> under state law and other applicable legal requirements. The
> defendants' argument based on federal law thus fails as well.

Id. at *4.

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

6

401949v1

1    In this case, the FTDF Operating Agreement expressly guarantees "any Member or

2   such Member's representatives" access to the list of "all Members, together with the number

3   of Units held by each Member."  Unlike the LLC agreement in <u>Arbor Place</u>, there is no

4
    provision in the FTDF Operating Agreement that would even cast the color of confidentiality
5
6   upon the Member List, or that would otherwise provide Debtors with any cause to withhold

7   such information.

8    Certainly the FTDF Committee, whether in the individual capacities of each of its

9   members, or in the committee's collective capacity as representative of all FTDF Members,

10
    possesses sufficient authority pursuant to the FTDF Operating Agreement to be entitled to the
11
12  Member List.  "There is little question that shareholders of a corporate debtor-in-possession

13  retain their state law rights to control a corporation, and that such rights cannot be lightly cast

14  aside by this Court."  <u>Matter of Lifeguard Industries, Inc.</u>, 37 B.R. 3, 17 (Bankr. S.D. Ohio

15
    1983).  If this maxim is true with regard to something as significant as corporate control, it is
16
17  certainly true with respect to a review of the corporation's books and records.

18   Accordingly, the FTDF Committee respectfully requests that the Court compel the

19  Debtors' to provide the FTDF Committee with access to the FTDF Member List.

20   **B.**      **<u>Adequate Safeguards Are Already in Place to Ensure the Confidentiality of
              the Requested Information.</u>**
21
22   As discussed above, it is not the FTDF Committee's intent to place the Member List

23  on public record; indeed, it has actively worked with the Debtors' to prevent any unnecessary

24  disclosure of such information.

25   However, with respect to the FTDF Committee's need for the information, there are

26
    safeguards   already   in   place   that   would   adequately address the desire of all parties to
27

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

28                                                  7

401949v1

1   keep the information contained within the Member List confidential.  The FTDF Committee

2   has already entered into a Confidentiality Agreement with the Debtors' with respect to

3   confidential information generally shared throughout the USA bankruptcy cases.    This

4   agreement has been circulated internally such that all of the FTDF Committee's members and

5   

6   professionals are familiar with the terms of the Confidentiality Agreement.

7           Under these circumstances, the FTDF Committee sees no reason justifying the

8   Debtors' continuing reluctance to provide it with access to the Member List.

9                                                **III.**

10                                          **CONCLUSION**

11

12          For the reasons stated above, the FTDF Committee respectfully requests that the Court

13  compel the Debtors' to provide confidential access to the list of the FTDF Members and their

14  respective Interests.

15          DATED this _14TH_ day of September, 2006.

16

17                                          SHEA & CARLYON, LTD.

18

19                                          JAMES PATRICK SHEA
                                            CANDACE C. CARLYON
20                                          SHLOMO S. SHERMAN
                                            233 South Fourth Street, Second Floor
21                                          Las Vegas, Nevada 89101

22

23                                          and

24                                          STUTMAN, TREISTER & GLATT, P.C.
                                            FRANK A. MEROLA
25                                          EVE H. KARASIK
                                            CHRISTINE M. PAJAK
26                                          1901 Avenue of the Stars, 12th Floor
                                            Los Angeles, CA 90067
27

28                                                8

*SHEA & CARLYON, LTD.*
*233 S. Fourth Street, Suite 200*
*Las Vegas, Nevada 89101*
*(702) 471-7432*

401949v1