Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com
   and
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

E-FILED ON September 15, 2006

Attorneys for Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR MOTION TO INCREASE THE DEBTORS' 180-DAY EXCLUSIVE PERIOD TO CONFIRM PLANS OF REORGANIZATION TO DECEMBER 31, 2006 (AFFECTS ALL DEBTORS)** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | Date: OST PENDING<br>Time: OST PENDING |

1  USA Commercial Mortgage Company ("USACM"), on behalf of itself and its affiliated debtors, which are USA Securities, LLC ("Securities"), USA Capital Realty Advisors, LLC ("Realty"), USA Capital Diversified Trust Deed Fund, LLC ("Diversified Fund"), and USA Capital First Trust Deed Fund, LLC ("First Deed Fund") (collectively, the "Debtors"), hereby moves the Court for an order shortening time to hear the Motion To Increase The Debtors' 180-Day Exclusive Period To Confirm Plans of Reorganization To December 31, 2006.  In support of this Motion, Debtors represent as follows:

      1.  A Motion To Increase The Debtors' 180-Day Exclusive Period To Confirm Plans of Reorganization To December 31, 2006 (the "Motion") has been filed.  The Motion requests an order under 11 U.S.C. § 1121(d) to increase the 180-day period under 11 U.S.C. § 1121(c)(3) that the Debtors have to confirm a plan of reorganization.  The 180 day exclusive period to obtain acceptance of the proposed plan of reorganization by each class of claims or interests that is impaired under the plan will expire on or about October 10, 2006.  There is no possibility that the Debtors will be able to obtain approval of the disclosure statement and solicit votes by October 10, 2006.  The process will take at least 90 days and, in a case this size, more likely an additional 120 days.

      2.  The Debtors request that the hearing on the Motion be held on September 28, 2006, as the 180 day exclusive period expires on or about October 10, 2006.  However, if the Court finds that only the request has to be filed in the exclusive period, as found in *In re Perkins,* 71 B.R. 294, 296- 300 (W.D.Tenn.1987)*; In re Nicolet, Inc.*, 80 B.R. 733, 741 (Bankr. E.D.Pa. 1987), but see *In re Westgate General Partnership*, 55 B.R. 562 (Bankr. E.D. Pa. 1985) (request for extension of the exclusivity period is timely if filed, listed, *and* decided before the expiration of the period), then the Court does not have to shorten the time and this motion can be heard at the regular Omnibus Hearing Calendar on October 19, 2006.[1]

---

[1] In addition, *In re Victoria Station Inc.*, 88 B.R. 231 (9th Cir.BAP 1988), stated:
> This Panel's allowance of multiple extensions under § 365(d)(4), so long as cause exists and the motion is brought prior to the lapse of the previous extension, is also supported by several courts' allowance of multiple enlargements of a debtor's exclusive period to file a

3.  Notice can be shortened pursuant to Bankruptcy Rule 9006(c)(1) and LR 9006(a).

Dated: September 15, 2006

                              /s/    Jeanette E. McPherson
Lenard E. Schwartzer, Esq.
Jeanette E. McPherson, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308

and

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

Attorneys for Debtors and Debtors-In-Possession

---

Chapter 11 plan under § 1121(d). *E.g. In re Perkins,* 71 B.R. 294, 296- 300 (W.D.Tenn.1987); *In re Pine Run Trust, Inc.,* 67 B.R. 432 (Bankr.E.D.Pa.1986). In the instant case, Willamette essentially makes the identical argument as that presented to the District Court in **Perkins.** In rejecting the appellant's argument in that case, the District Court stated, "it is not logical to require that the bankruptcy judge make any enlargement decision based only on the facts available to him during the initial 120-day or 180-day period; it would be unfair to expect such prescience." *Perkins,* 71 B.R. at 297.