Filed
9-25-06
Electronically

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA
(CA State Bar No. 136934)
EVE H. KARASIK
(CA State Bar No. 155356)
CHRISTINE M. PAJAK
(CA State Bar No. 217173)
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone: (310) 228-5600
E-mail:   fmerola@stutman.com
          ekarasik@stutman.com
          cpajak@stutman.com

SHEA & CARLYON, LTD.
JAMES PATRICK SHEA
(Nevada State Bar No. 000405)
CANDACE C. CARLYON
(Nevada State Bar No. 002666)
SHLOMO S. SHERMAN
(Nevada State Bar No. 009688)
233 South Fourth Street, Second Floor
Las Vegas, Nevada 89101
Telephone: (702) 471-7432
E-mail:   jshea@sheacarlyon.com
          ccarlyon@sheacarlyon.com
          ssherman@sheacarlyon.com

*Counsel for the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY<br>    Debtor | ) BK-S-06-10725-LBR<br>) Chapter 11<br>) |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>    Debtor | ) BK-S-06-10726-LBR<br>) Chapter 11<br>) |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>    Debtor | ) BK-S-06-10727-LBR<br>) Chapter 11<br>) |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>    Debtor. | ) BK-S-06-10728-LBR<br>) Chapter 11<br>) |
| In re:<br>USA SECURITIES, LLC,<br>    Debtor. | ) BK-S-06-10729-LBR<br>) Chapter 11<br>) |
| Affects<br>☐ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☒ USA First Trust Deed Fund, LLC | ) Date: September 28, 2006<br>) Time: 9:30 a.m.<br>)<br>)<br>)<br>)<br>) |

**JOINT OMNIBUS REPLY TO OBJECTIONS TO THE: (1) FIRST INTERIM APPLICATION OF STUTMAN, TREISTER & GLATT P.C. AS COUNSEL FOR THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL**

FIRST TRUST DEED FUND, LLC FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES FOR THE PERIOD FROM MAY 10, 2006 THROUGH JULY 31, 2006; (2) FIRST INTERIM FEE AND EXPENSE APPLICATION OF SHEA & CARLYON, LTD., SPECIAL (LOCAL) COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC; (3) FIRST INTERIM APPLICATION OF ALVAREZ & MARSAL, LLC AS FINANCIAL AND REAL ESTATE ADVISOR FOR THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES FOR THE PERIOD FROM JUNE 1, 2006 THROUGH JULY 31, 2006; AND (4) FIRST INTERIM APPLICATION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC FOR REIMBURSEMENT OF EXPENSES OF COMMITTEE MEMBERS FOR THE PERIOD FROM MAY 10, 2006 THROUGH JULY 31, 2006 (AFFECTS USA CAPITAL FIRST TRUST DEED FUND, LLC)

Stutman, Treister & Glatt P.C., counsel for the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases"), and Shea & Carlyon, special (Nevada) counsel for the FTDF Committee, jointly reply to the following pleadings: (1) Response of The Richard and Sheila J. McKnight 2000 Family Trust and Richard McKnight SEP-IRA to First Interim Fee and Expenses Application of Shea & Carlyon, Ltd., Special (Local) Counsel to the Official Committee of Equity Security Holders Of USA Capital First Trust Deed Fund, LLC (docket #1294); (2) Omnibus Response of JV Direct Lenders to First Interim Fee and Expense Applications (docket #1316); (3) the Richard and Sheila J. McKnight 2000 Family Trust and Richard McKnight Sep-Ira's Joinder to Omnibus Response of JV Direct Lenders to First Interim Fee and Expense Applications (docket #1317); (4) Objection of Joseph Milanowski and Thomas Hantges to the Applications for Compensation and Reimbursement Of Expenses; and (4) The Richard and Sheila J. McKnight 2000 Family Trust and Richard McKnight SEP-IRA's Joinder to Objection of Joseph Milanowski and

Thomas Hantges to the Applications for Compensation and Reimbursement of Expenses (docket #1330) (the "Reply").[1]

This Reply is made and based on the pleadings, papers and records on file in the Chapter 11 Cases, and any evidence and oral argument to be presented at the time of the hearing of Motion.

DATED this 25TH day of September, 2006.

SHEA & CARLYON, LTD.

JAMES PATRICK SHEA
CANDACE C. CARLYON
SHLOMO S. SHERMAN
233 South Fourth Street, Second Floor
Las Vegas, Nevada 89101

and

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA
EVE H. KARASIK
CHRISTINE M. PAJAK
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

---

[1] This Reply is also intended as a response to the several "Letters" that have been filed, including: (1) the Ventura Letter (docket #1314); (2) the Jessup Letter of Concern (docket #1332); and (3) the Jessup Letter of Declaration (docket #1333).

## POINTS AND AUTHORITIES

### I.

### BACKGROUND

On August 25, 2006, Shea & Carlyon ("SC") filed its First Interim Fee and Expense Application of Shea & Carlyon, Ltd., Special (Local) Counsel to the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "SC Fee Application").

The compensation requested in the SC Fee Application was a total of $171,222.75 for the period of May 10, 2006 through July 31, 2006 (the "Application Period"), including $166,122.75 in fees, and $6,100 in expenses.

The caption of the SC Fee Application indicated that SC's request for interim compensation was one affecting solely the debtor entity USA Capital First Trust Deed Fund, LLC (the "FTDF").

On August 31, 2006, Stutman, Treister & Glatt, P.C. ("STG") filed its First Interim Application of Stutman, Treister & Glatt P.C. as Counsel for the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC for Allowance and Payment of Fees and Expenses for the Period from May 10, 2006 Through July 31, 2006 (the "STG Fee Application").

The compensation requested in the STG Fee Application was a total of $595,675.01 for the Application Period, including $563,338.50 in fees, and $32,336.51 in expenses.

As with the SC Fee Application, the STG Fee Application clearly indicated in its caption that its request for interim compensation was one that would affect solely the FTDF debtor.

On August 31, 2006, Alvarez and Marsal, LLC ("AM"), filed its First Interim Application of Alvarez & Marsal, LLC as Financial and Real Estate Advisor for the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC for Allowance and Payment of Fees and Expenses for the Period from June 1, 2006 Through July 31, 2006 (the "AM Fee Application").

The compensation requested in the AM Fee Application was a total of $168,370.62, including $166,030.93 in fees, and $2,339.69 in expenses.

As with the SC and the STG Fee Applications, the AM Fee Application clearly indicated in its caption that its request for interim compensation was one that would affect solely the FTDF debtor.

On August 31, 2006, the FTDF Committee (and collectively, with SC, STG, and AM, the "Applicants") filed its First Interim Application of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC for Reimbursement of Expenses of Committee Members for the Period from May 10, 2006 Through July 31, 2006 (the "Committee Expense Application", and collectively, with the SC, STG, and AM Fee Applications, the "Applications").

These (and other) Applications engendered several objections, including from: (1) The Richard and Sheila J. McKnight 2000 Family Trust and Richard McKnight SEP-IRA (the "McKnight Objection"); (2) the JV Direct Lenders (the "JV Direct Lenders Objection"); and (3) Joseph Milanowski and Thomas Hantges (the "Milanowski/Hantges Objection," and collectively, the "Objections"), as well as joinders by The Richard and Sheila J. McKnight 2000 Family Trust and Richard McKnight SEP-IRA in both the JV Direct Lender Objection as well as the Milanowski/Hantges Objection (the "McKnight Joinders").

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

The thrust of all of the Objections are essentially the same. Both the JV Direct Lenders Objection and the McKnight Objection request that none of the fees or expenses requested be paid from any of the loans in which those parties hold a beneficial interest, and the Milanowski/Hantges Objection requests that none of the fees of expenses be paid from the USA Commercial Mortgage Company ("USACMC") Collection Trust Account. The Milanowski/Hantges Objection additionally argue that there is insufficient time to review the Fee Applications.

In responding to these Objections, SC, STG, AM, and the FTDF Committee address solely the arguments described above, and do not in any way waive their right to separately address objections made that are based upon other grounds, or that are made by other parties.

## II.

## LEGAL AUTHORITY

Section 503(b)(2) of the Bankruptcy Code provides that, "after notice and a hearing, there shall be allowed administrative expenses...including compensation and reimbursement awarded under section 330(a) of this title." Section 331 of the Bankruptcy Code provides that:

> A trustee...or any professional person employed under section 327 or 1103 of this tile may apply to the court not more than once every 120 days...or more often in the court permits, for such compensation for services rendered before the date of such an application or reimbursement of expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

"The limited purpose of this statute is to provide financial relief to court-appointed officers engaged in protracted bankruptcy litigation, so that these officers do not have to wait

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

for what may be years before receiving compensation." <u>In re Strand</u>, 375 F.3d 854, 858 (9th Cir. 2004). Moreover, such compensation is entitled to priority as an administrative expense under 11 U.S.C. §§ 503(b) and 507(a)(1). <u>See also</u> <u>Industry Network System, Inc. v. Armstrong World Industries, Inc.</u>, 54 F.3d 150, 153 (3d Cir. 1995) ("Section 503(b) of the Code allows reasonable compensation for an attorney as an administrative expense of the estate and § 507(a)(1) gives the expense priority.")

    **A.**    <u>**The Applications Seek Compensation Solely from the FTDF Estate as an Administrative Expense.**</u>

As all of the Applications have made clear, the Applications seek that the interim compensation requested therein be allowed and paid as an administrative cost solely from the FTDF debtor's estate. None of the Applications have suggested that the administrative costs of the FTDF estate be paid either from the loans in which the JV Direct Lenders or McKnight hold a beneficial interest or from the monies held in the USACMC Collection Trust Account. Nor have the Applications taken any position as to whether or not those assets constitute property of any particular estate from which expenses of administration can be paid.

In fact, it is the understanding of SC, STG, AM, and the FTDF Committee that the compensation that they have requested in their respective Applications will be paid from the distributions that this Court has authorized be made to the FTDF debtor's estate. Accordingly, these parties request that their Applications be granted.

    **B.**    <u>**The Notice Provided by the Applicants Pursuant to the Bankruptcy Code and the Court's Order Provides Parties-in-Interest with Adequate Time to Review the Applications.**</u>

The Milanowski/Hantges Objection makes the additional argument that the Court should hold back an undefined portion of the compensation request in the Applications "until final fee applications are improved," due to "insufficient time to fully analyze the Fee

Applications." The Milanowski/Hantges Objection cites as its sole authority the case of In re Smith, 317 F.3d 918 (9th Cir. 2002.) However, that case merely sets forth the standards for reviewing an application for compensation; it says nothing regarding either the inadequacy of the 20-day notice provision for fee applications provided by Federal Rule of Bankruptcy 2002(a)(6),[2] nor is there mention in that case of any reluctance or "holdback" associated with awarding interim fee applications.

In fact the statute expressly authorizes the Court, after notice and a hearing, to "allow and disburse to such applicant *such compensation or reimbursement*" as is requested in the interim fee application. 11 U.S.C. § 331 (emphasis added). In addition, as noted in Strand, awarding interim compensation serves the policy of not forcing court-appointed professionals to wait extended periods of time for their justly earned compensation.

Moreover, the Applications have been filed pursuant to an Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals entered by this Court on August 29, 2006 (docket #1199). That order expressly sets forth the procedures for the interim payment of professional compensation, including: (1) filing interim fee applications every four months; (2) filing monthly statements to be paid without the requirement of obtaining Court approval, but *from which 20% is to be held back*; and (3) a comprehensive system of review of the applications for compensation by parties-in-interest.

Similar procedures were approved in In re Mariner Post-Acute Network, Inc., 257 B.R.

---

[2] In fact, the STG, AM, and FTDF Committee Applications were filed on August 31, 2006, providing parties-in-interest with *28 days* notice; and the SC Application was filed on August 25, 2006, providing parties-in-interest with more than *30 days* notice – all well in excess of the 20-day notice required by the Bankruptcy Code.

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432

723 (Bankr. D. Del. 2000). In that case, the court held that the Chapter 11 debtors' proposed procedures for professionals' interim compensation and reimbursement of expenses satisfied the Bankruptcy Code's requirements for the making of interim payments to professionals without prior court approval. The court noted that the cases were large, and that waiting an extended period for payment would place an undue hardship on the professionals in light of the large amount of fees incurred in the case. The court recognized that the proposed fee procedure was subject to notice and a hearing prior to its approval, and that under the procedures, the debtors could make monthly conditional interim payments of 80% of requested professional fees without prior court approval, subject to later review and disgorgement.

Thus, procedures have already been established by this Court that address the concerns raised in the Milanowski/Hantges Objection. To the extent that the Milanowski/Hantges Objection seeks a reconsideration of the Court's order in this case, it is both procedurally defective and without merit.

### III.

### CONCLUSION

For the reasons stated above, Shea & Carlyon, Ltd., Stutman, Treister & Glatt, P.C., Alvarez & Marsal, LLC, and the FTDF Committee respectfully request that the Court grant

///

///

///

///

1  their respective Applications.

2  DATED this 25TH day of September, 2006.

SHEA & CARLYON, LTD.

JAMES PATRICK SHEA
CANDACE C. CARLYON
SHLOMO S. SHERMAN
233 South Fourth Street, Second Floor
Las Vegas, Nevada 89101

and

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA
EVE H. KARASIK
CHRISTINE M. PAJAK
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

SHEA & CARLYON, LTD.
233 S. Fourth Street, Suite 200
Las Vegas, Nevada 89101
(702) 471-7432