GORDON & SILVER, LTD.
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: gmg@gordonsilver.com
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: geg@gordonsilver.com
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for the Official Committee
of Holders of Executory Contract Rights through
USA Commercial Mortgage Company

E-Filed On September 25, 2006

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                            Debtor.<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                            Debtor.<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                            Debtor.<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                            Debtor.<br>In re:<br>USA SECURITIES, LLC,<br>                            Debtor.<br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR<br><br>JOINTLY ADMINISTERED<br>Chapter 11<br><br>**FIRST INTERIM APPLICATION OF THE OFFICIAL COMMITTEE OF HOLDERS OF EXECUTORY CONTRACT RIGHTS THROUGH USA COMMERCIAL MORTGAGE COMPANY FOR REIMBURSEMENT OF EXPENSES OF COMMITTEE MEMBERS**<br><br>Date: October 19, 2006<br>Time: 9:30 a.m. |

This First Interim Application for Reimbursement of Expenses (the "First Application") is filed by the Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company, a Nevada corporation (the "Direct Lender Committee"). By this First Application, the Direct Lender Committee requests approval of a reimbursement of

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/424487.doc

expenses incurred by members of the Direct Lender Committee in connection with these Chapter 11 Cases during the period from May 17, 2006 through August 26, 2006 (the "First Application Period"). Specifically, Dennis Flier, Jim McCollum, Arthur Polacheck, and Ned Homfeld, four Direct Lender Committee members, respectively request awards of $1,066.92, $1,351.62, $629.57, and $3,048.66 for reimbursement of expenses related to their service as members of the Direct Lender Committee.

This First Application is made pursuant to Section 503(b)(3)(F) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure, and is based on the attached Memorandum of Points and Authorities, the exhibits attached hereto, the record in these cases, and the evidence and oral argument to be presented at the time of the hearing on the First Application.

DATED this 25th day of September, 2006.

GORDON & SILVER, LTD.

By: _____
GERALD M. GORDON, ESQ.
GREGORY E. GARMAN, ESQ.
Attorneys for the Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/424487.doc

2

## POINTS AND AUTHORITIES

### I.
### STATEMENT OF FACTS

1. On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("USA Diversified"), and USA Capital First Trust Deed Fund, LLC ("USA First" and, collectively with USA Mortgage, USA Securities, USA Realty, and USA Diversified, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Court approved joint administration without substantive consolidation on May 9, 2006.

2. At the Petition Date, USACM was the servicer for a portfolio of approximately 115 commercial mortgage loans, with a total balance of approximately $962 million. Most loans were funded by multiple parties, with over 3,600 individual direct lenders (the "Direct Lenders") holding an interest in one or more loans.

3. No trustee or examiner has been appointed in these Chapter 11 Cases. The Debtors continue to operate their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. On May 10, 2006, the Office of the United States Trustee (the "US Trustee") appointed the following four committees in these Chapter 11 Cases:

   (a) The Direct Lender Committee;

   (b) The Official Unsecured Creditors Committee for USA Commercial Mortgage Company (the "Unsecured Creditors Committee");

   (c) The Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (the "Diversified Committee"); and

   (d) The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee").

5. The Direct Lender Committee was formed to speak to the interests common among the Direct Lenders, with a fiduciary duty to the Direct Lenders as a class.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/424487.doc

3

6. Four Direct Lender Committee members, Dennis Flier, Jim McCollum, Arthur Polacheck, and Ned Homfeld, have incurred actual and necessary expenses arising from their participation on the Direct Lender Committee. Upon request of the Court or any party in interest, each Direct Lender Committee member will provide receipts for any of the costs for which they request reimbursement.

7. Mr. Flier's expenses are as follows:

| Expenditure | Amount |
| --- | --- |
| Airfare charges incurred when traveling to and from Las Vegas, Nevada between August 24, 2006, and August 26, 2006, for Direct Lender Committee meetings (the "August Meetings"). | $612.60 |
| Transportation charges incurred in attending the August Meetings. | $145.00 |
| Costs for baggage and tips incurred while attending the August Meetings. | $15.00 |
| Lodging charges incurred when attending the August Meetings. | $206.08 |
| Meal charges incurred while attending the August Meetings. | $88.24 |
| **Total** | **$1,066.92** |

8. Mr. McCollum's expenses are as follows:

| Expenditure | Amount |
| --- | --- |
| Airfare charges incurred while traveling to and from Las Vegas, Nevada on May 17, 2006, between May 22, 2006 and May 23, 2006, and between June 20, 2006 and June 21, 2006, for Direct Lender Committee meetings in May 2006 (the "May Meetings") and June 2006 (the "June Meetings"). | $795.80 |
| Parking charges incurred during the May Meetings and June Meetings. | $111.00 |
| Transportation charges incurred in attending the May Meetings and June Meetings. | $168.00 |
| Lodging charges incurred while attending the May Meetings and June Meetings. | $184.28 |
| Meal charges incurred while attending the May Meetings and June Meetings. | $92.54 |
| **Total** | **$1,351.62** |

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/424487.doc

4

9. Mr. Polacheck's expenses are as follows:

| Expenditure | Amount |
| --- | --- |
| Airfare charges incurred while traveling to and from Las Vegas, Nevada, between May 22, 2006 and May 24, 2006 for the May Meetings. | $489.60 |
| Parking charges incurred during the May Meetings. | $24.00 |
| Transportation charges incurred in attending the May Meetings. | $12.00 |
| Lodging charges incurred while attending the May Meetings. | $92.14 |
| Meal charges incurred while attending the May Meetings. | $11.83 |
| Total | $629.57 |

10. Mr. Homfeld's expenses are as follows:

| Expenditure | Amount |
| --- | --- |
| Airfare charges incurred while traveling to and from Las Vegas, Nevada, between May 16, 2006 and May 18, 2006, and between May 22, 2006 and May 23, 2006 for the May Meetings. | $1,038.20 |
| Parking charges incurred during the May Meetings. | $24.50 |
| 222 miles @ $0.485 per mile accumulated in driving to and from the airport for Direct Lender Committee meetings. | $107.67 |
| Transportation charges incurred while attending the May Meetings. | $78.00 |
| Lodging charges incurred while attending the May Meetings. | $260.36 |
| Meal charges incurred while attending the May Meetings. | $32.93 |
| Costs for luggage and miscellaneous tips incurred while attending the May Meetings. | $7.00 |
| Costs for a database designed to compile and arrange information on loans and Direct Lenders, created by Netfusion Systems and delivered to the Direct Lender Committee on August 8, 2006, paid by $500 deposit on July 26, 2006, with remaining balance paid on August 9, 2006. | $1,500.00 |
| Total | $3,048.66 |

11. The Direct Lender Committee makes this First Application pursuant to 11 U.S.C. § 503(b)(3)(F) and Bankruptcy Rule 2016(a). This Court has jurisdiction to consider this First Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/424487.doc

5

## II.
## ARGUMENT

12. Section 503(b)(3)(F) of the Bankruptcy Code grants administrative expense priority to "the actual, necessary expenses . . . incurred by – a member of a committee appointed under section 1102 of [the Bankruptcy Code], if such expenses are incurred in the performance of the duties of such committee." As such, applicable case law permits the reimbursement of the reasonable and necessary expenses actually incurred by the official committee members as a result of their service on such committee. See e.g., Creditors' Committee Chairman v. Fibrex, Inc. (In re Fibrex, Inc.), 270 B.R. 714, 716 (Bankr. S.D. Ind. 2001); In re Colorado-Ute Elec. Assn., Inc., 132 B.R. 183 (Bankr. D. Colo. 1991); In re General Oil Distribs., Inc., 51 B.R. 794, 805 (Bankr. E.D.N.Y. 1985); In re Malden Mills, Inc., 42 B.R. 476, 487-88 (Bankr. D. Mass. 1984).

13. The expense reimbursement requested by the Direct Lender Committee members satisfies the actual, reasonable and necessary standard set by the case law. All of the expenses were incurred as a result of the members' participation in these Chapter 11 Cases. Furthermore, USACM appears to have sufficient funds available to pay these expenses. The expense reimbursement request should be approved as actual, reasonable, and necessary expenses of the estates.

## III.
## CONCLUSION

WHEREFORE, the Direct Lender Committee respectfully requests that the Court enter an Order:

1. Granting the First Application;

2. Awarding and directing the payment of $1,066.92 for the reimbursement of costs to Dennis Flier;

3. Awarding and directing the payment of $1,351.62 for the reimbursement of costs to Jim McCollum;

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/424487.doc

6

4. Awarding and directing the payment of $629.57 for the reimbursement of costs to Arthur Polacheck;

5. Awarding and directing the payment of $3,048.66 for the reimbursement of costs to Ned Homfeld; and

6. Granting such other and further relief as the Court deems just and appropriate.

DATED this 25th day of September, 2006.

GORDON & SILVER, LTD.

By: _____
GERALD M. GORDON, ESQ.
GREGORY E. GARMAN, ESQ.
Attorneys for the Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/424487.doc

7