E-filed on 9/27/2006

Marc A. Levinson (California Bar No. 57613)
Lynn Trinka Ernce (California Bar No. 179212)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: (916) 447-9200
Facsimile: (916) 329-4900
Email:   malevinson@orrick.com;
         lernce@orrick.com

Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)
BECKLEY SINGLETON, CHTD.
530 Las Vegas Boulevard South
Las Vegas, NV 89101
Telephone: (702) 385-3373
Facsimile: (702) 385-5024
Email:   bolson@beckleylaw.com;
         aloraditch@beckleylaw.com

*Attorneys for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                      Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                      Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>                      Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                      Debtor. | **DIVERSIFIED TRUST DEED FUND COMMITTEE'S RESPONSE TO THE UNSECURED CREDITORS' COMMITTEE'S OBJECTION TO DEBTORS' PROFESSIONALS' FEE APPLICATIONS** |
| In re:<br>USA SECURITIES, LLC,<br>                      Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Date:      September 28, 2006<br>Time:      9:30 a.m.<br>Courtroom: 1 |

{00326445;2}

OHS West:260095880.3

The Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (the "Committee"), hereby submits its response to the Objection To Debtors' Professionals' Fee Applications ("Objection") filed by the Official Committee of Unsecured Creditors' of USA Commercial Mortgage (the "UCC").[1]

The debtors' professionals, Mesirow Financial Investment Management ("Mesirow"), Ray Quinney & Nebeker PC ("RQN"), and Schwarzer McPherson ("SM," and, collectively, with Mesirow and RQN, the "Professionals") have filed fee applications seeking approval and allowance of approximately $4.8 million in fees and expenses (the "Applications") against the estates of debtor USA Commercial Mortgage Company ("USACM") and the other four debtors. Pursuant to the Applications, the bulk of the Professionals' fees and expenses – totaling approximately $4.5 million – will be charged to USACM's estate. Of the $4.8 million total, the Professionals determined that approximately $150,000 should be charged to the estate of USA Capital Diversified Trust Deed Fund, LLC ("Diversified Fund").

The UCC contends that charging the Professionals' fees primarily against the USACM estate is unfair and, by its Objection, seeks an order that in one fell swoop would result in the recharacterization by the Court of a fee application filed in the USACM case to, in fact, a fee application in the Diversified Fund case. The result of this recharacterization would be a tenfold increase in administrative expenses over the $150,000 currently being charged by the Professionals against the Diversified Fund. While the text of the Objection speaks in terms of "reallocating" fees and expenses from USACM to the other debtors, and does not expressly state that such reallocated fees and expenses should be "allowed" against the Diversified Fund

---

[1] The Committee is aware that this response is being filed after the September 25, 2006, extended deadline authorized by the Court. Last week, the Committee determined that it would oppose the UCC's attempts to allocate $1.5 million of the Professionals' fees to the Diversified Fund via its opposition to the Applications filed in the USACM case, and was preparing to draft and file a response by September 25. Based on representations by the UCC on September 22 that it would not pursue reallocation at the hearing, the Committee decided that no response was necessary. Subsequently, during an "all-hands" call at noon on September 26, it became evident that the UCC has renewed its plans to seek reallocation on September 28. Thus, the Committee is left with no choice but to file this tardy response. The UCC will not to object to this response on timeliness grounds. The Committee respectfully requests that the Court excuse the timing of this filing under these circumstances.

{00326445;2}

OHS West:260095880.3

estates, the import of the Objection is clear – the UCC wants the Diversified Fund to be responsible for paying $1.5 million of the total $4.8 million sought by the Professionals.

The Committee will not provide a detailed response to the UCC's proposal on a category-by-category basis and will state only that the UCC's purportedly reasonable reallocation formulas are unreasonable and arbitrary. Simply put, there is no rational basis to support the UCC's request that the Diversified Fund be saddled with nearly 1/3 of the costs of the Professionals when the Professionals themselves did not do so. More importantly, however, the Court need not address the UCC's proposal at this time because the issue of whether additional fees and expenses should be charged against the Diversified Fund, over and above the amounts currently being sought by the Professionals in their Applications, simply is not before the Court.

The UCC's attempt to parlay its Objection to the Applications into a vehicle for shifting additional fees and expenses to Diversified Fund's estate is procedurally improper and should not be countenanced. The UCC has not provided the Court with any legal authority to support its bold assumption that, based on an objection to fees sought against one estate, the Court may shift fees and expenses to another estate, whether in the allocation percentages that the UCC requests or otherwise. The fatal flaw in the UCC's request is that the Professionals have not sought fees and expenses in excess of $150,000 in the Diversified Fund's case; nor have they filed a substantial contribution motion seeking to charge the Diversified Fund for services and expenses over and above the $150,000 currently being sought. The sole issue before the Court is whether the amounts currently sought in the Applications, including the $150,000 to be charged to Diversified Fund, should be allowed.

As the UCC notes in its Objection, Bankruptcy Code section 330, which authorizes the Court to award compensation for actual, necessary services and for reimbursement for actual, necessary expenses, "precludes the Court from allowing compensation for 'services that were not reasonable [sic] likely to benefit *the debtor's estate*' or were not 'necessary to the administration of *the case*.' 11 U.S.C. § 330(a)(4)(a)." Objection, at ¶ 9 (emphasis in original). The portions of section 330(a)(4) emphasized by the UCC make clear that,

{00326445;2}

OHS West:260095880.3

in reviewing the Applications, the Court must determine whether the fees and expenses benefited "the debtor's estate" and were necessary to the administration of "the case." In the context of the pending Applications, both "the debtor's estate" and "the case" refers primarily to USACM, which is where the Professionals allocated the bulk of their fees. *See also* Fed. R. Bankr. P. 2016 (requiring professionals seeking compensation and reimbursement "from the estate" to file an application which describes, among other things, what payments have been made or promised to the applicant for services rendered "in the case").

Under the Bankruptcy Code's compensation approval scheme, in the absence of the filing of a new fee application or a substantial contribution motion in the Diversified Fund's case, the Court lacks the power to make any ruling that would result in the reallocation and allowance of the Professionals' fees from USACM to the Diversified Fund over and above the amounts sought by the currently pending Applications. Thus, the current universe of fees and expenses sought by the Professionals against the Diversified Fund is approximately $150,000 – as stated in the Applications – not $1.5 million as the UCC urges, and the Diversified Fund has not objected to the Applications. The Committee submits that the Court's ruling on the Applications as to the Diversified Fund must therefore be limited to a determination of whether the proposed $150,000 should be allowed as requested by the Professionals. The issue of reallocation is not before the Court and should be left for another day.

///

///

///

{00326445;2}

OHS West:260095880.3

Based on the foregoing, the Committee requests that the Objection be overruled to the extent that it seeks to reallocate fees and expenses to the Diversified Fund over and above the amount already being charged to the Diversified Fund by the Professionals.

Respectfully submitted this 27th day of September 2006.

BECKLEY SINGLETON, CHTD.

By /s/ Anne M. Loraditch
Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)
530 Las Vegas Boulevard South
Las Vegas, NV 89101

Marc A. Levinson (California Bar No. 57613)
Lynn Trinka Ernce (California Bar No. 179212)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497

*Attorneys for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC*

{00326445;2}

OHS West:260095880.3