**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-0961
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429
Facsimile (602) 734-3824
Telephone (602) 262-5311

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 0065934
Email: rcharles@lrlaw.com

Attorneys for Official Committee of Unsecured Creditors

E-Filed on October 5, 2006

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                    Debtor.<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                    Debtor.<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                    Debtor.<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                    Debtor.<br>In re:<br>USA SECURITIES, LLC,<br>                    Debtor.<br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☒ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR<br><br>JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle Presiding<br><br>**NOTICE OF ENTRY OF MODIFIED ORDER AUTHORIZING INTERIM DISTRIBUTIONS AND HOLDBACKS** |

**PLEASE TAKE NOTICE** that on the 2nd day of October 2006, the Court entered its Modified Order Authorizing Interim Distributions and Holdbacks, copy attached.

207834.1



1  Dated October 5, 2006.

2                                  **LEWIS AND ROCA LLP**

3

4                         By /s/ RC (#006593)

5                            Susan M. Freeman, AZ 4199 (pro hac vice)
                          Rob Charles, NV 6593

6                    *Attorneys for Official Unsecured Creditors' Committee
                  for USA Commercial Mortgage Company*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

207834.1

**EXHIBIT A**



Entered on Docket
October 02, 2006

_____
Hon. Linda B. Riegle
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| In re: | Jointly Administered |
|---|---|
| USA Commercial Mortgage Company<br>06-10725 – Lead Case<br><br>USA Capital Realty Advisors, LLC<br>06-10726<br><br>USA Capital Diversified Trust Deed Fund, LLC<br>06-10728<br><br>USA Capital First Trust Deed Fund, LLC<br>06-10728<br><br>USA Securities, LLC<br>06-10729<br><br>Debtors. | Chapter 11 Cases<br><br>Judge Linda B. Riegle Presiding<br><br>**Modified Order Authorizing Interim Distributions and Holdbacks**<br><br>Date:      September 13, 2006<br>Time:      9:30 a.m.<br>Affecting:<br>☐ All Cases<br>or Only:<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☒ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC |

This Court filed its Order (A) Granting (i) Debtors' Motion to Distribute Funds; (ii) Debtors' Hold Funds Motion and (iii) the Compel Motion, and (B) Denying (i) the Lift Stay Motion and (ii) McKnight Motion on August 24, 2006 (DE 1184). Certain issues were continued for hearing on August 31, 2006. Debtor filed its Modified Motion To Distribute Funds And Proposed Procedures For Ongoing Distributions on August 29, 2006 (DE 1203). The matter was continued to a hearing on September 13, 2006 and heard in



connection with the Motion to Amend Debtor's Protocol For Continuing Distributions and Interim Holdbacks filed on September 1, 2006 (DE 1233) by the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company. For the reasons explained in the filings before this Court, good cause appearing,

IT IS ORDERED THAT to the extent applicable, USA Commercial Mortgage Company ("USACM") is authorized to make interim distributions on a monthly basis ("Monthly Interim Distribution") to each of USA Capital Diversified Trust Deed Fund, LLC (the "Diversified Fund"), USA Capital First Trust Deed Fund, LLC (the "FTD Fund" and, together with Diversified Fund, the "Funds") and each of the other Direct Lenders (collectively, "Lenders" and each a "Lender") as set forth below:

1. Monthly Interim Distributions to the Lenders (including the Funds) in any given month shall be made from the post-petition collections deposited in the Collection Account that relate to such Lenders' subject Loans for the period through the end of the prior month (the "Subject Month") as calculated by USACM less the amounts set forth below:

    1.1. Fees actually collected from the borrower that consist of:

        (A) USACM's servicing fees (*i.e.*, the 1% servicing fee that the Debtors requested in the Distribution Motion which shall be transferred to USACM's operating account) and

        (B) all other fees and costs that properly can be charged and collected pursuant to the applicable Loan Servicing Agreement(s) ("LSA") (which shall be transferred to USACM's operating account) (collectively the "Fee Reduction").

        Costs of collection charged to and obtained from a borrower in accordance with the underlying loan documentation will be retained by the Debtors and shall not reduce the distribution of principal and interest, less the sums collected pursuant to sections 1.1 and 1.2 of this Order, to the applicable Lender.

206713.2



  1.2. an additional 2% of principal on all payments of Loans collected (calculated on a per annum basis and on the same basis as servicing fees are charged and collected under the LSA's) during the Subject Month (the "2% Holdback"), pending Debtors' review of the LSA's to determine whether 1% or up to 3% is authorized to be charged under the applicable LSA, and pending any subsequent and further Court order(s).

  1.3. the costs of the Hilco appraisals allocated evenly among the projects appraised with such costs to be deducted from the principal collected on a loan by loan basis (the "Hilco Holdback"), and

  1.4. any remaining amounts that each Lender received pre-petition from USA on non-performing loans (the "Offsets"), as reflected by the sum of the amounts to be remitted by USA {due from the Lender} as shown on the Direct Lender Statements prepared for each Lender by account number for the month in question.[1]

2. Not later than the 25th day of the month after a month's end (except that for July 2006 and August 2006 collections, the scheduled distribution date of the Schedule (defined below) shall be not later than September 29, 2006),

  2.1. Debtors shall distribute to a designated representative for each of the four Official Committees appointed in these cases (collectively, the "Reviewing Parties") a schedule (the "Schedule") that contains the following information:

    2.1.1. the post-petition collections deposited in the Collection Account during the Subject Month, separately identifying, to the extent reasonably practicable to do so, the principal, interest, fees and Collection Costs (as defined below) paid,

    2.1.2. the identity and corresponding payoff amount of the Loans that were fully paid off post-petition during the Subject Month,

---

[1] For example, if a particular Lender invested in five different loans under a single vesting name, the amounts (which may be positive or negative) shown on Line 12 of each of the five Lender Statements for that vesting name will be netted together and the resulting amount, if positive, will be available for distribution to the Lender.

206713.2

LEWIS
AND
ROCA
LLP
LAWYERS

    2.1.3. the amount of the 2% Holdback,

    2.1.4. the amount of the Hilco Holdback, and

    2.1.5. the amount of the net Offsets to be held back by USACM.

  2.2. Each Reviewing Party shall have seven (7) business days to review the Schedule (the "Objection Deadline"). If none of the Reviewing Parties object as provided in paragraph 2.2.1 below, USACM shall proceed in making the Monthly Interim Distribution as set forth herein.

    2.2.1. In the event a Reviewing Party determines that the Monthly Interim Distribution and/or Schedule is inappropriate or inaccurate, or that the numbers or calculations are incorrect, such Reviewing Party, on or before the Objection Deadline, shall send a writing to the Debtors and the other Reviewing Parties setting forth the precise nature of the objection and the amount at issue (the "Objection"). Thereafter, the objecting party and the Debtors shall meet and confer in an attempt to reach an agreement regarding the Objection. If an agreement cannot be reached or if no meeting or conference takes place within five (5) business days of the Objection Deadline, any Reviewing Party may file a motion with the Court to have the dispute heard at the next omnibus hearing date that is at least ten (10) business days after the date such motion is filed.[2] In addition, if an agreement is reached regarding an Objection, the parties to the Objection shall submit an explanation of the resolution to the other Reviewing Parties.

  3. Debtors' professionals will determine the types of professional services rendered and expenses incurred in collecting specific Loans that, in USACM's business judgment, are chargeable against a Borrower under the applicable provisions of the LSA's, and then Debtors' professionals will review their time and expense records with respect to each Loan at issue to identify time spent and expense incurred in collecting specific Loans

---

[2] The Debtors and Reviewing Parties, hereby, consent to Objections being heard on shortened time provided that any such hearing is held at least ten (10) business days after the filing of the motion.

206713.2



that, in USACM's business judgment, is chargeable against the Borrower under the applicable Loan documents, or allocable on a Loan-by-Loan basis pursuant to applicable provisions of the LSA's, including time spent and expense incurred in collecting more than one Loan of a particular borrower or Loans related to more than one borrower which might be allocable to specific Loans in USACM's business judgment, along with other direct collection costs allocable to specific Loans (collectively, the "Collection Costs"). USACM will exercise its reasonable business judgment to attempt to collect the Collection Costs from borrowers. For avoidance of doubt, nothing in this Order shall affect the allowance as administrative expenses under the Bankruptcy Code of the fees and costs of Debtors' professionals that are determined to be Collection Costs as defined herein.

    3.1. To implement the foregoing provisions of this paragraph 3 respecting recovery of Collection Costs, USACM shall proceed as follows:

        3.1.1. USACM shall include the Collection Costs relating to the relevant Loan in the loan payoff figures it provides from time to time to borrowers;

        3.1.2. To the extent Collection Costs are collected from borrowers, such Collection Costs shall be transferred to USACM's operating account pursuant to paragraph 1.1 of this Order;

        3.1.3. To the extent Collection Costs are not collected from borrowers on Loans that are repaid in full during a Subject Month, such Collection Costs shall be withheld from amounts otherwise distributable to Lenders on the Loans at issue and shall be held in USACM's collection account pending a determination by the Court as to whether the Collection Costs are chargeable to the Lenders on those Loans.

    4. All amounts held back by USACM pursuant to this Order shall be held and segregated in the Collection Account unless otherwise provided herein, with the rights and legal positions of all parties, including the Debtors or any Lender, reserved in such funds

206713.2

and shall not be further disbursed absent an applicable order of the Court. Such funds held and segregated in the Collection Account shall be deemed to be not commingled.

5. Upon the FTD Fund receiving its share of the Monthly Interim Distribution, the FTD Fund is hereby authorized, after establishing a reserve that the FTD Fund and the FTD Fund Committee deem to be sufficient to pay all accrued administrative expenses through the end of the Subject Month and all scheduled or asserted unsecured claims (excluding any filed proofs of claim that are asserting amounts for equity interests or on behalf of investments by direct lenders in individual loans and deeds of trust), to distribute remaining available funds to Fund Members of the FTD Fund (the "Monthly FTDF Distribution"), in accordance with the terms of the Second Amended and Restated Operating Agreement of the FTD Fund; provided, however, that any such distribution is without prejudice to the right of any party in interest to claim and assert an interest in such distributed funds.

6. Upon the Diversified Fund receiving its share of the Monthly Interim Distribution, the Diversified Fund is hereby authorized, after establishing a reserve that the Diversified Fund and the Diversified Fund Committee deem to be sufficient to pay all accrued administrative expenses through the end of the Subject Month and all scheduled or asserted unsecured claims (excluding any filed proofs of claim that are asserting amounts for equity interests or on behalf of investments by direct lenders in individual loans and deeds of trust), to distribute remaining available funds to Fund Members of the Diversified Fund (the "Monthly Diversified Fund Distribution"), in accordance with the terms of the Second Amended and Restated Operating Agreement of the Diversified Fund; provided, however, that any such distribution is without prejudice to the right of any party in interest to claim and assert an interest in such distributed funds.

7. The Monthly Interim Distribution, the Monthly FTDF Distribution and the Monthly Diversified Fund Distribution are made without waiving the rights or claims of



any party in interest, including the rights or claims of any Debtor, creditor or Lender in connection with (i) USACM's calculation of the amounts distributed, (ii) USACM's right to collect servicing fees and other fees provided under the LSA's and other applicable agreements and court orders, (iii) USACM's right to net all amounts that may be owed to and from a Lender, (iv) the right or claims discussed in the limited opposition filed by the Diversified Fund Committee (Docket 987); and (v) all other rights and arguments, specifically including, without limiting the foregoing, any rights USACM may have to file a motion with the Court requesting additional holdbacks for foreclosure or other collection costs under the LSA's, and to recover from any Lender to the extent the Lender receives a distribution under any Monthly Interim Distribution that is ultimately determined to be greater than such Lender had a right to receive, and the right of any Lender to recover any amounts from any Offsets which are finally determined to be improper, incorrect or contrary to applicable law.

8. The Monthly Interim Distribution, the Monthly FTDF Distribution and the Monthly Diversified Fund Distribution are preliminary in nature and the payment of such will not finally determine the rights of any party with respect to such distributions. Any final determination with respect to any Monthly Interim Distribution, Monthly FTDF Distribution or Monthly Diversified Fund Distribution and any Offsets, 2% Holdbacks and Hilco Holdbacks related thereto, including any factual findings and legal rulings, shall be made upon appropriate notice and in such additional proceedings as to be determined by the Court.

Submitted and approved by:

**LEWIS AND ROCA LLP**

By /s/ RC (#006593)
    Susan M. Freeman, AZ 4199
    Rob Charles, NV 6593

206713.2

**LEWIS AND ROCA LLP**
LAWYERS

*Attorneys for Official Unsecured Creditors' Committee for USA Commercial Mortgage Company*

| | |
|---|---|
| <u>Approved</u> / Disapproved by: | <u>Approved</u> / Disapproved by: |
| RAY QUINNEY & NEBEKER P.C. and SCHWARTZER & MCPHERSON LAW FIRM | OFFICE OF THE U.S. TRUSTEE |
| By: SCS (UT #6340)<br>LENARD E. SCHWARTZER, ESQ.<br>and<br>ANNETTE W. JARVIS, ESQ.<br>STEVEN C. STRONG, ESQ.<br>Attorneys for Debtor and Debtor-In-Possession | By: _____<br>AUGUST B. LANDIS, ESQ. |
| <u>Approved</u>/Disapproved by: | <u>Approved</u>/Disapproved by: |
| ORRICK, HERRINGTON & SUTCLIFFE LLP and BECKLEY SINGLETON, CHTD. | GORDON & SILVER, LTD. |
| By: MAL (Cal. #057613)<br>MARC A. LEVINSON, ESQ.<br>LYNN TRINKA ERNCE, ESQ.<br>and<br>BRETT A. AXELROD, ESQ.<br>ANNE M. LORADITCH, ESQ.<br>Counsel for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC | By: _____<br>GERALD M. GORDON, ESQ.<br>GREGORY E. GARMAN, ESQ.<br>Counsel for the Official Committee of Holders of Executory Contract Rights of USA Commercial Mortgage Company |
| <u>Approved</u>/Disapproved by: | <u>Approved</u>/Disapproved by: |
| STUTMAN TREISTER & GLATT, P.C. and SHEA & CARLYON, LTD. | RAWLINGS, OLSON, CANNON, GORMLEY & DESRUISSEAUX |
| By: CMP (Cal. #217173)<br>FRANK A. MEROLA, ESQ.<br>EVE KARASIK, ESQ.<br>CHRISTINE M. PAJAK, ESQ.<br>and<br>CANDACE C. CARLYON, ESQ.<br>Counsel for the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund LLC | By: _____<br>CICI CUNNINGHAM, ESQ.<br>Counsel for Prospect High Income Fund |

206713.2

**LEWIS AND ROCA LLP**
LAWYERS

Attorneys for Official Unsecured Creditors'
Committee for USA Commercial Mortgage
Company

Approved / Disapproved by:

RAY QUINNEY & NEBEKER P.C. and
SCHWARTZER & MCPHERSON LAW FIRM

By: _____
LENARD E. SCHWARTZER, ESQ.
and
ANNETTE W. JARVIS, ESQ.
Attorneys for Debtor and Debtor-In-Possession

Approved/Disapproved by:

ORRICK, HERRINGTON & SUTCLIFFE LLP
and BECKLEY SINGLETON, CHTD.

By: _____
MARC A. LEVINSON, ESQ.
LYNN TRINKA ERNCE, ESQ.
and
BRETT A. AXELROD, ESQ.
Counsel for Official Committee of Equity
Security Holders of USA Capital Diversified
Trust Deed Fund, LLC

Approved/Disapproved by:

STUTMAN, TREISTER & GLATT, P.C. and
SHEA & CARLYON, LTD.

By: _____
FRANK A. MEROLA, ESQ.
EVE H. KARASIK, ESQ.
CHRISTINE M. PAJAK, ESQ.
and
CANDACE C. CARLYON, ESQ.
Counsel for Official Committee of
Holders of Executory Contract Rights of USA Capital First
Trust Deed Fund, LLC

Approved/Disapproved by:

OFFICE OF THE U.S. TRUSTEE

By: _____ [signed]
AUGUST LANDIS

Approved/Disapproved by:

GORDON & SILVER, LTD.

By: _____
GERALD M. GORDON, ESQ.
GREGORY E. GARMAN, ESQ.
Counsel for Official Committee of
Holders of Executory Contract Rights of USA
Commercial Mortgage Company

Approved/Disapproved by:

RAWLINGS, OLSON, CANNON,
GORMLEY & DESRUISSEAUX

By: _____
Counsel for Prospect High Income Fund

8

**LEWIS AND ROCA LLP**
LAWYERS

*Attorneys for Official Unsecured Creditors' Committee for USA Commercial Mortgage Company*

Approved / Disapproved by:

RAY QUINNEY & NEBEKER P.C. and
SCHWARTZER & MCPHERSON LAW FIRM

By:_____
LENARD E. SCHWARTZER, ESQ.
and
ANNETTE W. JARVIS, ESQ.
Attorneys for Debtor and Debtor-In-Possession

Approved/Disapproved by:

ORRICK, HERRINGTON & SUTCLIFFE LLP
and BECKLEY SINGLETON, CHTD.

By:_____
MARC A. LEVINSON, ESQ.
LYNN TRINKA ERNCE, ESQ.
and
BRETT A. AXELROD, ESQ.
ANNE M. LORADITCH, ESQ.
Counsel for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC

Approved/Disapproved by:

STUTMAN TREISTER & GLATT, P.C. and
SHEA & CARLYON, LTD.

By:_____
FRANK A. MEROLA, ESQ.
EVE KARASIK, ESQ.
CHRISTINE M. PAJAK, ESQ.
and
CANDACE C. CARLYON, ESQ.
Counsel for the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund LLC

Approved / Disapproved by:

OFFICE OF THE U.S. TRUSTEE

By:_____
AUGUST B. LANDIS, ESQ.

Approved/Disapproved by:

GORDON & SILVER, LTD.

By:_____
GERALD M. GORDON, ESQ.
GREGORY E. GARMAN, ESQ.
Counsel for the Official Committee of Holders of Executory Contract Rights of USA Commercial Mortgage Company

Approved/Disapproved by:

RAWLINGS, OLSON, CANNON, GORMLEY & DESRUISSEAUX

By:_____
CICI CUNNINGHAM, ESQ.
Counsel for Prospect High Income Fund

206713.2

**LEWIS AND ROCA** LLP
LAWYERS

1  Attorneys for Official Unsecured Creditors'
2  Committee for USA Commercial Mortgage Company
3  Approved / Disapproved by:                    Approved / Disapproved by:
4  RAY QUINNEY & NEBEKER, P.C. and              OFFICE OF THE U.S. TRUSTEE
5  SCHWARTZER & MCPHERSON LAW FIRM
6  By: _____              By: _____
7  LENARD E. SCHWARTZER, ESQ.                   AUGUST B. LANDIS, ESQ.
   and
8  ANNETTE W. JARVIS, ESQ.
   Attorneys for Debtor and Debtor-In-Possession
9  Approved/Disapproved by:                      Approved/Disapproved by:
10 ORRICK, HERRINGTON & SUTCLIFFE LLP           GORDON & SILVER, LTD.
11 and BECKLEY SINGLETON, CHTD.
12 By: _____              By: _____
13 MARC A. LEVINSON, ESQ.                       GERALD M. GORDON, ESQ.
   LYNN TRINKA ERNCE, ESQ.                      GREGORY E. GARMAN, ESQ.
14 and                                           Counsel for the Official Committee of
   BRETT A. AXELROD, ESQ.                       Holders of Executory Contract Rights of USA
15 ANNE M. LORADITCH, ESQ.                      Commercial Mortgage Company
   Counsel to the Official Committee of Equity
16 Security Holders of USA Capital Diversified
   Trust Deed Fund, LLC
17 Approved/Disapproved by:                      Approved/Disapproved by:
18 STUTMAN TREISTER & GLATT, P.C. and           RAWLINGS, OLSON, CANNON,
19 SHEA & CARLYON, LTD.                         GORMLEY & DESRUISSEAUX
20
21 By: _____              By: _____
   FRANK A. MEROLA, ESQ.                        CICI CUNNINGHAM, ESQ.
22 CHRISTINE M. PAJAK, ESQ.                     Counsel for Prospect High Income Fund
   and
23 CANDACE C. CARLYON, ESQ.
   Counsel for the Official Committee of
24 Equity Security Holders of USA Capital First
   Trust Deed Fund LLC
25
26

8                                                                          340112.3

**LEWIS AND ROCA LLP LAWYERS**

Approved/Disapproved by:

**JONES VARGAS**

By: JLC (#176)
Janet L. Chubb
100 W. Liberty St., 12th Floor
P. O. Box 281
Reno, NV  89504-0281

9

206713.2