Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

E-Filed October 5, 2006

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>Date: October 30, 2006<br>Time: 9:30 a.m.<br><br>**MOTION TO EXCLUDE DEBTORS FROM HAVING TO FILE INTER-COMPANY CLAIMS AGAINST EACH OTHER BY THE BAR DATE, OR ALTERNATIVELY FOR THE APPROVAL OF THE IMMEDIATE APPOINTMENT OF SPECIAL COUNSEL TO FILE AND PURSUE THE INTER-COMPANY DEBTOR CLAIMS** |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |

1. USA Commercial Mortgage Company ("USACM"), USA Capital Diversified Trust Deed Fund, LLC ("Diversified Fund"), USA Capital First Trust Deed Fund, LLC ("FTD Fund"), USA Capital Realty Advisors, LLC ("Realty Advisors"), and USA Securities, LLC ("USA Securities"), (collectively, the "Debtors") hereby submit this Motion to Exclude Debtors From Having to File Inter-Company Claims Against Each Other by the Bar Date, or Alternatively for the Approval of the Immediate Appointment of Special Counsel for Diversified Fund and FTD Fund to File and Pursue the Inter-Company Debtor Claims (the "Motion"). This Motion is made pursuant to Bankruptcy Rules 3003(c)(3) and 9006(b) and is supported by the Memorandum of Points and Authorities set forth herein, the pleadings on file, and any oral argument at the time of the hearing of this Motion.

## STATEMENT OF FACTS AND REQUESTED RELIEF

1. On April 13, 2006 (the "Petition Date"), USACM and its above-captioned affiliates (collectively, the "Debtors") filed petitions for relief under chapter 11 of the Bankruptcy Code. By order entered June 9, 2006, the Court approved the joint administration of the Debtors' bankruptcy cases.

2. On September 14, 2000, the Court entered an order establishing November 13, 2006 (the "Bar Date") as the last date and time for individuals and entities to file a proof of claim or proof of interest against the Debtors.

3. On September 15, 2006, the Debtors filed their Chapter 11 Plan of Reorganization (the "Plan") and Disclosure Statement (the "Disclosure Statement").

4. On September 18, 2006, the Debtors sent out to all parties in interest, notices of the deadlines for the filing of proofs of claims or proofs of interest, as well as proof of claim and proof of interest forms.

5. These jointly administered cases involve a tremendous amount of overlap and commonality of interests between the Debtors estates. For instance, the Debtors' accounting and business operations overlap and are largely the same. Indeed, the Debtors estates could not have been administered separately to date without multiple counsel performing the same or overlapping functions, which would have been a waste of resources of these estates. The loans being serviced

1. and collected by USACM include loans owned by FTD Fund and Diversified Fund such that the Debtors' interests in collecting and overseeing the loans that are at the heart of these cases are the same.  The Debtors' interests in pursuing claims affiliates or non-debtor insiders of the Debtors, such as IP Investment Partners, involve substantial overlap and involve a common interest among the Debtors.  The sale of the assets of the Debtors, as has currently been negotiated in the Silver Point term sheet and as presented in the jointly filed bidding procedures motion, is a joint effort with overlapping and coordinated interests among the estates that allows for increased value to the estates as a whole.  The Debtors' disclosures for all of the Debtors that have been made in the Disclosure Statement involve substantial overlap.  The Plan, as it is currently being negotiated, also involves a joint strategy for the reorganization or orderly liquidation of the Debtors and the recovery of assets for these estates, and will involve proposed settlements and compromises of inter-company claims as well as claims of third parties.   As a result of these common interests, the Debtors believe it makes sense for the cases to proceed together toward a final resolution.

6. However, there is one discreet area in which it is possible that the Debtors interests may not become fully aligned.  As previously disclosed to the Court, the Debtors are aware of the existence of some potential inter-company claims for things such as the diversion of principal payments from loans, pre-paid interest, mismanagement, breach of fiduciary duty, substantive consolidation and the like.

7. At this time, all indications are that these potential inter-company claims will be resolved between the Debtors with the full agreement of the four official committees.  Indeed, the Debtors are working diligently with the four official committees appointed in these cases (the "FTD Fund Committee," the "Diversified Fund Committee," the "Unsecured Creditors Committee," and the "Direct Lenders Committee," collectively, the "Committees") to reach a consensual Plan resolving all of the major outstanding issues in this case, including the resolution of the potential inter-company Debtor claims.  Should that occur, those resolutions will be described in detail in amendments to both the Plan and the Disclosure Statement to be filed within the next few weeks.

8. The Debtors propose to report to the Court at the omnibus hearing on October 19, 2006 whether or not the potential inter-company claims between the Debtors have all been resolved

1  with the agreement of the Committees. To the extent the Debtors are able to report that there has
2  been a complete resolution, they would request that all inter-company claims between the Debtors
3  be excluded from and made not subject to the Bar Date (or, in the alternative, that the Bar Date be
4  extended indefinitely with respect to these claims). The reason for this request is that the Debtors
5  believe it is not necessary to file those claims if they are going to be resolved in the Plan and
6  described in the Disclosure Statement. Furthermore, such a requirement will only cause
7  significant additional expense to be incurred by the Debtors' estates because the Debtors believe,
8  out of an abundance of caution, that special counsel should be appointed on behalf of the FTD
9  Fund and the Diversified Fund to file any such inter-company claims, even if they are being
10 resolved in a joint Plan.

11    9. To the extent the Debtors are not able to report to the Court at the October 19, 2006
12 omnibus hearing that the inter-company claims between the Debtors have been resolved in full,
13 then the Debtors would alternatively request in this motion that the Court approve the immediate
14 appointment of special counsel for the FTD Fund and the Diversified Fund for the purpose of
15 filing the inter-company claims, which applications will be filed by no later than October 23,
16 2006, which is seven days prior to the hearing on this motion. While responses to this Motion will
17 be due by October 23, 2006, the Debtors agree and propose that if these applications are filed, then
18 with respect to the specific special counsel proposed in the October 23, 2006 applications,
19 objections to such specific special counsel shall be filed on or before October 27, 2006.

## MEMORANDUM OF POINTS AND AUTHORITIES

A. **CAUSE EXISTS TO EXCLUDE THE DEBTORS FROM BEING REQUIRED TO FILE INTER-COMPANY CLAIMS AGAINST EACH OTHER BY THE BAR DATE TO THE EXTENT DEBTORS CAN REPORT TO THE COURT AT THE OCTOBER 19, 2006 HEARING THAT THE INTER-COMPANY CLAIMS HAVE BEEN RESOLVED IN FULL**.

Bankruptcy Rule 3003(c)(2) requires that creditors whose claims are listed as disputed, contingent, or unliquidated must file a proof of claim within the time frame set by the Court. Rule 3003(c)(3) provides that the court shall fix a bar date, but also provides that "for cause shown [the

court] may extend the time within which proofs of claim or interest may be filed. Rule 3003(c)(3) must be read in conjunction with Bankruptcy Rule 9006(b) which provides:

> **(b) Enlargement**
>
> **(1) In General**
>
> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court **for cause shown** may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order . . .

See In re Pioneer Investment Services Co., 106 B.R. 510, 514 (E.D. Tenn. 1989) (emphasis added). Whether or not the Debtors should be excluded from filing inter-company claims by the Bar Date (or, alternatively, the Bar Date extended without date for the filing of such claims) is a matter left to the sound discretion of the bankruptcy court. See In re Eagle-Picher Industries, Inc., 137 B.R. 679, 681 (S.D. Ohio 1992).

In this case, sufficient cause exists for the Court to order that the Debtors not be required to file inter-company claims against one another by the Bar Date, subject to the Debtors being able to report to the Court on October 19, 2006, that the inter-company claims have been fully resolved in the jointly proposed Plan. The reason for this is that it is anticipated that all of the potential inter-company claims will be resolved as part of the plan process. These claims resolutions will be set forth and explained in amendments to the Plan and Disclosure Statement. To the extent this occurs, there is no need for the Debtors to be required to file the inter-company claims by the Bar Date. Indeed, such a requirement will only cause the Debtors to needlessly incur significant additional legal expenses because, out of an abundance of caution, the Debtors believe special counsel should be retained for the FTD Fund and the Diversified Fund to file these inter-company claims. Further, requiring the filing of these claims will not help in the overall proposed resolution of these claims through a Plan.

There is substantial case law to the effect that chapter 11 inter-company claims among multiple, related business entities are not per se actual conflicts of interest. See e.g. In re Int'l Oil

1  Co., 427 F.2d 186, 187 (2nd Cir. 1970) (The court refused to remove a trustee who administered
2  the estates of both a parent and its subsidiary [of whom the parent was debtor] since the complex
3  case was already well-progressed and the potential conflicts had been made known at the time of
4  appointment without objection).   As a result, as this Court has allowed in this case, the courts
5  have recognized that it is quite common for a single law firm to represent multiple affiliated
6  debtors.  See e.g. In re Mulberry Phosphates, Inc., 142 B.R. 997, 998 (Bankr. M.D. Fla. 1992) ("In
7  fact, it is quite common for a single law firm to represent a parent company and all its subsidiaries
8  either when they are all debtors or when only the parent is a debtor").

9  Accordingly, the case law addressing the representation of multiple related debtors
10 establishes that the courts generally have declined to establish a bright line test concerning when a
11 single law firm can represent multiple debtors and instead have adopted an approach that gives the
12 bankruptcy court the discretion to make the determination after taking all of the circumstances into
13 account.  See B H & P, Inc., 949 F.2d 1300, 1315-16 (3rd Cir. 1991) (The Third Circuit rejected a
14 per se disqualification standard and instead endorsed an objective approach).[1]

15 Notwithstanding the foregoing, to avoid even the appearance that any actual conflicts
16 could exist in this case, the Debtors request that if the Debtors can report to the Court that all inter-
17 company claims have been resolved in a proposed Plan supported by all Committees on October
18 19, 2006 that the inter-company claims be excluded from the Bar Date (or the Bar Date extended
19 for these claims without date) or, in the alternative, if the Debtors cannot report to the Court at the
20 hearing on October 19, 2006, that the Debtors' inter-company claims have been fully resolved in a

---

[1] See also In re International Oil Company, 427 F.2d 186, 187 (2nd Cir. 1970) (record which showed existence of inter-company claims was not "sufficient to saddle . . . estates [of four affiliated corporations] with the expense of separate . . . trustees' attorneys at the present time"); In re Star Broadcasting, 81 B.R. 835, 844 (Bankr. D.N.J. 1988) (invariably requiring different counsel in related Chapter 11 proceedings would be unreasonable and unnecessarily cumbersome; whether a disqualifying conflict exists must be considered in light of the particular facts of each case); In re Global Marine, Inc., 108 B.R. 998, 1004 (Bankr. S.D. Tex. 1987) ("mere existence of an inter-company claim does not in and of itself constitute an impermissible conflict of interest that would justify disqualification or denial of compensation")."

proposed Plan, that the Court should approve the immediate appointment of special counsel to file and pursue the inter-company claims at the hearing on this Motion on October 30, 2006. Should the alternative approach be implicated by the Debtors report on October 19, 2006, applications to employ special counsel for the FTD Fund and the Diversified Fund will be filed by October 23, 2006.

### CONCLUSION

Based upon the foregoing, the Debtors request that the Court grant this Motion and that it exclude the Debtors from having to file inter-company claims against each other by the Bar Date (or that the Bar Date be extended without date for the filing of these claims), subject to the Debtors reporting to the Court at the October 19, 2006 hearing that all of the inter-company claims have been fully resolved in a Plan with the full agreement of the Committees, or, alternatively, if all inter-company claims are not fully resolved by October 19, 2006 with the full agreement of the Committees, that the Court approve the immediate appointment of special counsel for the USACM, FTD Fund and the Diversified Fund to file the inter-company claims at the hearing set on this motion on October 30, 2006.

Dated this 5th day of October, 2006.

> Annette W. Jarvis, Utah Bar No. 1649
> Steven C. Strong, Utah Bar No. 6340
> RAY QUINNEY & NEBEKER P.C.
> 36 South State Street, Suite 1400
> P.O. Box 45385
> Salt Lake City, Utah 84145-0385
>
> and
>
> /s/ Lenard E. Schwartzer
> Lenard E. Schwartzer, Nevada Bar No. 0399
> Jeanette E. McPherson, Esq., Nevada Bar No. 5423
> SCHWARTZER & MCPHERSON LAW FIRM
> 2850 South Jones Boulevard, Suite 1
> Las Vegas NV 89146
> Attorneys for Debtors and Debtors-in-Possession