Annette W. Jarvis, Utah Bar No. 1649
Douglas M. Monson, Utah Bar No. 2293
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com
Attorneys for Debtors and Debtors in Possession

**E-FILED on October 10, 2006**
**REDACTED VERSION**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case Nos. BK-S-06-10725 LBR<br>Case Nos. BK-S-06-10726 LBR<br>Case Nos. BK-S-06-10727 LBR<br>Case Nos. BK-S-06-10728 LBR<br>Case Nos. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | *EX PARTE* **APPLICATION TO FILE**<br>**MOTION UNDER SEAL**<br>**[AFFECTS USA COMMERCIAL**<br>**MORTGAGE COMPANY]** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Date of Hearing:  N/A<br>Time of Hearing:  N/A |

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

- 1 -

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Debtor and Debtor in Possession USA COMMERCIAL MORTGAGE COMPANY

("USACM" or "Debtor"), by and through its counsel, Schwartzer & McPherson Law Firm, hereby

files this *Ex Parte* Application To File Motion Under Seal.  This Application is being made

pursuant to 11 U.S.C. § 107, Fed.R.Bankr. P. 9018, LR 9018, and the Points And Authorities set

forth herein.  As set forth below, the Debtor respectfully requests that this Court seal the motion

submitted herewith and any responses that may be filed to the Motion, and order that any party

who obtains a copy of the motion to be sealed be ordered to keep it confidential.

## POINT AND AUTHORITIES

### Factual Background

1.      All five Debtors in the captioned heading above (the "Debtors") filed their

voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code

on April 13, 2006 (the "Petition Date").  The Debtors continue to operate their businesses and

possess their property as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

- 2 -

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1

2

3                                                                          . Although the Debtor is

4  requesting that the Motion be sealed, the Debtor will noti

5          he official committees in each of the Debtors' cases, the United States Trustee, and

6                          out the Debtor hereby requests that the Court enter an order requiring

7  these parties who receive notice to keep the Motion and its contents confidential.  The Debtor

8  further requests that any response to the Motion also be filed under seal.

9                                      **Memorandum of the Law**

10     11 U.S.C. § 107 pertains to public access to pleadings and provides, in relevant part:

11     (a) Except as provided in subsection (b) of this section, a paper filed in a case under
       this title and the dockets of a bankruptcy court are public records and open to
12     examination by an entity at reasonable times without charge.

13     (b) On request of a party in interest, the bankruptcy court shall, and on the
       bankruptcy court's own motion, the bankruptcy court may--

14         (1) protect an entity with respect to a trade secret or confidential research,
       development, or commercial information[.]

15         . . . .

16         (3)  The United States trustee, bankruptcy administrator, trustee, and any
       auditor serving under section 586(f) of title 28-

17

18         (A) shall have full access to all information contained in any paper filed
       or submitted in a case under this title; and

19         (B) shall not disclose information specifically protected by the court under
       this title.

20

21  11 U.S.C. § 107.

22     As explained in Senate Report No. 989, § 107(b) "permits the court, on its own
       motion, and requires the court, on the request of a party in interest, to protect trade
23     secrets, confidential research, development, or commercial information." S. Rep.
       No. 989, supra, para 107.01, at 107-2.  Thus, if the information fits any of the
24     specified categories the court is *required* to protect a requesting interested party and
       has no discretion to deny the application.  2 *Collier on Bankruptcy*, supra, para.
25     107.01, at 107-2 ("Protection is mandatory when requested by an [interested
26     party]").

27         . . . .

28         . . . .

-3-

Commercial information has been defined as information which would cause "an unfair advantage to competitors by providing them information as to the commercial operation of the debtor." *Ad Hoc Protective Comm. For 101/2% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (9th Cir. BAP 1982).

Video Software Dealers Ass'n v. Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994)(emphasis in original).

In <u>Video Software Dealers Ass'n v. Orion Pictures Corp.</u>, 21 F.3d 24 (2d Cir. 1994), the court permitted the debtor, Orion Pictures, to seal all documents relating to its promotional agreement with McDonald's Corporation involving the distribution of certain video cassettes of a movie. The plaintiffs/appellants' members had purchased approximately 500,000 copies of this movie from Orion Pictures for $64 more per copy than McDonald's was selling them as part of its promotional agreement with the debtor. As a result, they sought full access to the documents between the debtor and McDonald's. The Court noted that the bankruptcy court had reviewed these documents *in camera* and determined that they contained confidential commercial information. The bankruptcy court found that the licensing agreement involving McDonalds **"'renders very likely a direct and adverse impairment to Orion's ability to negotiate favorable promotional agreements * * *,** thereby giving Orion's competitors an unfair advantage.'" <u>Id.</u> at 28 (emphasis added).

Even if the Motion is determined to contain information that is not determined to be "commercial information" and therefore required to be sealed, it has been held that the criteria to be considered in determining whether settlements should be kept from public access must be flexible and vary according to the nature of the settlement and the specific extent and impact of the settlement on the bankruptcy case. <u>In re Hemple</u>, 295 B.R. 200, 202 (Bankr. D.Vt. 2003)(citing <u>Joy v. North</u>, 692 F.2d 880, 894 (2d Cir. 1982)(in the context of Fed.R.Civ. P. 26 that the decision to seal is "an exercise of judgment" that must be considered in light of "[t]he importance of the material to the adjudication, the damage disclosure might cause, and the public interest in such materials")). In determining whether a document should be sealed or available to the public, relevant factors to consider include:

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    (1) the necessity of the settlement to the viability of the bankruptcy case; (2)
     whether the confidentiality provision is truly essential to the settlement, *i.e.*,
2    whether the settlement would be withdrawn if the confidential provision were not
     honored; (3) whether the creditors have been notified of the request for approval of
3    the settlement without disclosure of the amount or terms of settlement, and, if so,
     whether any objection was interposed; (4) if there has been an objection to the
4    request to file the agreement under seal, whether the objection demonstrates harm
5    to the public's need to know; (5) whether the creditors will clearly benefit from the
     settlement notwithstanding a lack of access to the specific terms of that settlement;
6    (6) whether the debtor will suffer irreparable harm if the settlement agreement is
7    not filed under seal; (7) whether the parties would be able to keep the terms of the
     settlement confidential in the absence of a bankruptcy filing; (8) whose interests are
8    being protected by allowing the filing of the settlement agreement under seal and
     whether there is any negative impact either on the estate or in the treatment of other
9    interested parties in the case;(9) what is the likelihood of other parties actually
     obtaining the details of the agreement if it is not filed under seal; and (10) whether
10   the document needs to be kept under seal permanently or some shorter time period
11   could suffice.

12   Id. at 202.

13

14

15

16

17

18

19

20

21

22

23

24        Further, the Debtor notes that it will notice the                      of the Motion as

25   they would normally under the applicable agreement with the Debtor.  Although there is a large

26   number of                       the Debtor believes that having this Motion filed under seal

27   will assist in keeping the information regarding the                            be held

28   confidential among these Direct Lenders.                      the United States Trustee,

1  and the official committees appointed in the Debtors' cases will also receive notice of the Motion;

2  however, the Debtor hereby requests that the Court enter an order requiring these parties, along

3  with the Direct Lenders, to keep the Motion and its contents confidential.  Thus, it is only creditors

4  under the limited mailing matrix who will not receive notice of this motion.   Despite providing

5  this notice to these parties, the Debtor believes that if the Motion is sealed, it is more likely that

6  the media which has attended most, if not all hearings, will not learn of and publicize the Motion's

7  contents.

8        In these circumstances, the Debtor does not believe that sealing the Motion will be

9  detrimental to the concept of providing public access to pleadings.  The Debtor does not seek to

10  have the Motion permanently sealed, and once the Debtor has finished all of its collection efforts,

11  the documents can be unsealed for public access.

## CONCLUSION

13       The Debtor requests that this Application be granted, and that the Court seal the

14  Motion                          To

15                                                        submitted herewith and any

16  responses that may be filed to the Motion, and order that any party who obtains a copy of the

17  motion to be sealed through notice by the Debtor be ordered to keep it confidential.

18       DATED: October 10, 2006.

Annette W. Jarvis, Utah Bar No. 1649
19  Douglas M. Monson, Utah Bar No. 2293
Steven C. Strong, Utah Bar No. 6340
20  RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
21  P.O. Box 45385
Salt Lake City, Utah 84145-0385
22  and
23

24

/s/ Jeanette E. McPherson
25  Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Esq., Nevada Bar No. 5423
26  SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
27  Las Vegas NV 89146
28

Attorneys for Debtors and Debtors-in-Possession

- 6 -

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 • Fax: (702) 892-0122