AUGUST B. LANDIS, Assistant United States Trustee
State Bar # IA PK9228
augie.landis@usdoj.gov
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600 Attorney Ext. 235
Facsimile:  (702) 388-6658

Attorneys for the Acting United States Trustee
    SARA L. KISTLER

E-filed on October 12, 2006

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

**USA Commercial Mortgage Company**
    **06-10725 -- Lead Case**

**USA Capital Realty Advisors, LLC**
    06-10726

**USA Capital Diversified Trust Deed Fund, LLC**
    06-10727

**USA Capital First Trust Deed Fund, LLC**
    06-10728

**USA Securities, LLC**
    06-10729                    Debtors

**Jointly Administered**
Chapter 11 Cases
Judge **Linda B. Riegle** Presiding

Date:   June 21, 2006
Time:   9:30 a.m.
Place:  Courtroom # 1
**Affecting:**
☐ All Cases
**or Only:**
☒ USA Commercial Mortgage Company
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA Capital First Trust Deed Fund, LLC
☐ USA Securities, LLC

## THE UNITED STATES TRUSTEE'S OPPOSITION TO MOTION FOR ORDER APPROVING RETENTION PLAN OF DEBTOR'S REMAINING EMPLOYEES (AFFECTS USA COMMERCIAL MORTGAGE COMPANY)

To the Honorable **LINDA B. RIEGLE**, United States Bankruptcy Judge:

The United States Trustee opposes the Motion for Order Approving Retention Plan of Debtor's Remaining Employees filed on behalf of debtor USA Commercial Mortgage Company. While a plan of reorganization that proposes to sell the assets of the only operating entity and the most solvent fund among the debtors is pending, and while creditors are forced to wait for

1  distribution of post-bankruptcy collections attributable to their loans, this motion seeks authority
2  to make bonus and benefit payments in the aggregate amount of $343,000.00 to the existing
3  employees of USA Commercial Mortgage Company outside of the ordinary course of business.
4  The proposed bonus and benefit payments are not justified under the facts and circumstances of
5  this case. The motion should therefore be denied pursuant to 11 U.S.C. § 503(c)(3). The United
6  States Trustee's opposition is supported by the pleadings and papers comprising the official file
7  in the five jointly administered Chapter 11 cases identified in the caption, and the following
8  memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

10  1. The relief sought in the motion is predicated only upon the provisions of 11 U.S.C.
11  §§ 105 and 363, and case law that predates the enactment of the Bankruptcy Abuse Prevention
12  and Consumer Protection Act of 2005.

13  2. 11 U.S.C. § 363(b)(1) generally provides that after notice an a hearing, debtors may
14  "use . . . other than in the ordinary course of business, ***property of the estate***[.]" *See generally*,
15  11 U.S.C. § 363(b)(1)(emphasis added).

16  3. The motion is silent as to the source of funds that will be used to pay the $343,000.00
17  in bonuses and incentives to USA Commercial Mortgage Company's existing employees.
18  Monies held in the Collection Account are being held by virtue of USA Commercial Mortgage
19  Company's position as a loan servicing agent. Because that money does not appear to be
20  property of the debtors' bankruptcy estates, the statutory predicate for use of Collection Account
21  funds to pay the six-figure bonuses described in the motion pursuant to 11 U.S.C. § 363(b)(1) is
22  lacking, and the use of Collection Account funds in that manner should not be allowed. *See*
23  Golden Mortgage Fund # 14 v. Kennedy (*In re* Golden Triangle Capital, Inc.), 171 B.R. 79, 82-
24  83 (9th Cir. BAP 1994)(funds received by loan servicing agent from a lender for disbursement to
25  borrower held in trust, and were not property of the servicing agent's bankruptcy estate); *see also*
26  11 U.S.C. § 363(b)(1) (debtors authorized to use "property of the estate" after notice and
27  hearing).

4. Without citation to authority, the motion suggests that "Debtors do not believe that the recent changes to 11 U.S.C. § 503(c) apply to this case." The motion also posits that "Subsection 503(c) sets forth limitations on the payment or allowance of claims for retention bonuses or severance pay to the debtor's 'insiders'." *See* Motion, p. 7, ll. 19 - 21. The United States Trustee disagrees with that "belief," and the related misstatement of the scope of the controlling provisions of 11 U.S.C. § 503(c). *See* Lamie v. U.S. Trustee, 540 U.S. 526, 534-536, 124 S. Ct. 1023, 1030, 157 L.Ed.2d 1024 (2004)("The starting point in discerning congressional intent is the existing statutory text, *see* Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 438, 119 S. Ct. 755, 142 L.Ed.2d 881 (1999), and not the predecessor statutes. It is well established that 'when the statute's language is plain, the sole function of the courts - at least where the disposition required by the text is not absurd - is to enforce it according to its terms." (citations omitted)).

5. The text of 11 U.S.C. § 503(c)(3) reads:

> **11 U.S.C. § 503. Allowance of administrative expenses**
> . . . .
> (c) Notwithstanding subsection (b), *there shall neither be allowed nor paid* - -
> . . . . .
> (3) *other transfers or obligations that are outside the ordinary course of business and not justified by the facts and circumstances of the case*, *including* transfers made to, or obligations incurred for the benefit of, officers, managers, or consultants hired after the date of the filing of the petition.

11 U.S.C. § 503(c)(3)(emphasis added).

6. The term "insider" does not appear in the text of 11 U.S.C. § 503(c) (3) at all. The payment prohibition established by the plain language of 11 U.S.C. § 503(c) (3) extends well beyond payments to USA Commercial Mortgage Company's "insiders":

> The reference in section 503(c)(3) to "officers, managers, or consultants hired after the date of the filing of the petition" is largely surplusage. The rules of construction in section 103(c)[sic][1] indicate that ***the term "including" is not a limitation. Accordingly, section 503(c)(3) is not limited to such persons and is a general restriction on post-petition transactions.***

*See* 4 ALAN N. RESNICK ET AL., COLLIER ON BANKRUPTCY ¶ 503.17[3] (15th ed. 2006)(emphasis added).

7. To the extent that property of the USA Commercial Mortgage Company estate is available to pay $343,000.00 in bonuses to existing employees, because the motion is premised upon 11 U.S.C. § 363(b)(1), it is axiomatic that the bonus transactions are transactions outside the ordinary course of business and therefore within the purview of 11 U.S.C. § 503(c)(3). *Compare* 11 U.S.C. § 363(b)(1) ("The trustee, after notice and a hearing, may use, sell or lease, ***other than in the ordinary course of business***, property of the estate.") (emphasis added) *with* 11 U.S.C. § 503(c)(3)(". . . there shall neither be allowed nor paid . . . other transfers or obligations that are ***outside the ordinary course of business*** and not justified by the facts and circumstances of the case[.]")(emphasis added). The remaining issue is whether the $343,000.00 in bonus and incentive payments are justified by the facts and circumstances of this case. They are not.

8. The pre-petition actions of USA Commercial Mortgage Company caused creditors of these jointly administered cases to suffer tens of millions of dollars in losses, which they have only recently begun to recover. Notwithstanding the magnitude of the losses suffered by creditors, the shortfall of assets necessary to satisfy those claims, the absence of any post-petition operating income aside from collection of pre-petition loans, and a pending plan of reorganization that proposes to sell the assets of the only operating entity and the most solvent fund among the debtors, the motion proposes to pay $343,000.00 in bonuses to the employees of USA Commercial Mortgage Company, rendering that money unavailable to pay pre-petition creditor claims. The proposed bonuses are in addition to existing ordinary course salary

---

[1] The correct reference is probably to 11 U.S.C. § 102(c)(3), which provides that in bankruptcy cases the terms "'includes' and 'including'" are not limiting." *See generally*, 11 U.S.C. § 102(c)(3).

expenses - - $130,840.00 in the month of August[2] - -  already borne and paid by the USA Commercial Mortgage Company bankruptcy estate.  Creditors of these jointly administered cases should not be made to fund financial incentives for the benefit of employees of the very business that caused them loss.

9.  The payment of $343,000.00 in bonuses and incentives to USA Commercial Mortgage Company employees outside of the ordinary course of business is not justified by the facts and circumstances of this case.  The payments described in the motion are therefore expressly prohibited by the plain language of 11 U.S.C. § 503(c) (3).  The motion must therefore be denied. *See* Connecticut Nat'l Bank v. Germain, 503 U.S.249, 253-254, 112 S. Ct. 1146, 1149, 117 L. Ed.2d 391 (1992)("We have stated time and time again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order denying the Motion, and granting such other relief as is just and equitable.

Respectfully submitted,

**SARA L. KISTLER**
**ACTING UNITED STATES TRUSTEE**
**REGION 17**

By:  */s/ August B. Landis*
        August B. Landis, Assistant United States Trustee
        United States Department of Justice

---

[2]*See* USA Commercial Mortgage Company Monthly Operating Report for the period ended August 31, 2006 [Docket No. 1338].