Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

**E-FILED ON OCTOBER 18, 2006**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ORDER APPROVING RETENTION PLAN OF DEBTOR'S REMAINING EMPLOYEES**<br><br>(AFFECTS USA COMMERCIAL MORTGAGE COMPANY)<br><br>Date: October 19, 2006<br>Time: 9:30 a.m. |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |

USA Commercial Mortgage Company ("USACM") hereby submits this Reply Memorandum in Support of Motion for Order Approving Retention Plan of Debtor's Remaining Employees (the "Motion") (docket no. 1429).

**STATEMENT OF FACTS**

1. USACM filed the Motion on October 3, 2006, seeking approval of a retention plan (the "Retention Plan") to encourage USACM's remaining eleven (11) employees to stay with USACM through confirmation of a plan of reorganization.

2. On October 6, 2006, the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee") filed its response to the Motion (docket no. 1470) in which it indicated that it had no objection to the Motion as long as the Retention Plan was funded by USACM's estate and not by USA Capital First Trust Deed Fund, LLC.

3. On October 12, 2006, the United States Trustee (the "UST") filed an opposition to the Motion (docket no. 1520) in which the UST objected to the approval of the Retention Plan on the grounds that: (a) funds from the Collection Account could not be used to fund the Retention Plan; (b) 11 U.S.C. § 503(c) is the statutory section that applies to the Motion; and (c) approval allegedly is not justified by the facts and circumstances of this case.

4. On October 13, 2006, a group of direct lenders known as the "JV Direct Lenders" joined in the opposition (docket no. 1537) filed by the UST but did not advance any new arguments.

5. USACM files this reply memorandum to respond to the arguments raised by the UST and to support the Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

A. **The Opposition of the UST, as Joined by the JV Direct Lenders, Lacks Merit Because the Facts and Circumstances of This Case Justify Approval of the Retention Plan**.

First, the UST objects to the Motion on the ground that it is silent as to the source of funds that will be used to fund the Retention Plan, and that the funds in the Collection Account should

1 not be used to fund the Retention Plan.  USACM's own funds in its operating account will be used
2 to fund the Retention Plan, just as USACM's own funds are being used to pay employees'
3 ordinary salaries and benefits.  Except for servicing fees and other costs and fees USACM is
4 entitled under the loan servicing agreements or by Court order to transfer to its operating account,
5 funds in the Collection Account are not being used and will not be used in these cases to pay
6 USACM's overhead and administrative expenses.  Funds held in the Collection Account will not
7 be used to fund the Retention Plan, nor will any funds be used from the estate of USA Capital
8 First Trust Deed Fund, LLC to fund the Retention Plan.

9 Second, the UST objects to USACM's contention that 11 U.S.C. § 503(c) does not apply in
10 this case, and instead argues that 11 U.S.C. § 503(c)(3) does apply.  As a clarification, USACM
11 should have stated more precisely in its Motion that Sections 503(c)(1) and 503(c)(2) do not apply
12 in this case because none of the remaining eleven (11) employees are "insiders" of USACM as
13 that term is defined in the Bankruptcy Code.  USACM does not dispute that the approval of the
14 funding of the Retention Plan is outside of the ordinary course of business and that the facts and
15 circumstances of this case must justify the approval of the Retention Plan under 11 U.S.C. §
16 363(b) and/or 11 U.S.C. § 503(c)(3).  USACM contends that the facts and circumstances of this
17 case do justify the approval of the Retention Plan, as set forth in the Motion and the Declaration of
18 Thomas J. Allison filed in support of the Motion.

19 Third, the UST objects to the Motion on the ground that the UST does not believe that the
20 facts and circumstances of this case justify the approval of the Retention Plan, and the UST
21 outlines three reasons as support for this contention.  First, the UST argues that the pre-petition
22 actions of USACM caused the Debtors' creditors to suffer significant losses, and because of the
23 magnitude of those losses, USACM should not be requesting approval of additional incentives for
24 its employees.  Second, the UST argues that if the Retention Plan is approved, the extra money
25 required to fund the Retention Plan will not be available to pay the pre-petition claims of creditors.
26 Third, the UST argues that the proposed incentives are in addition to the employees' existing
27 ordinary salaries and that the additional amounts should not be paid to employees of the business
28 that caused the creditors of the Debtors to suffer their losses in the first place.

In making the foregoing arguments, the UST misapprehends the necessity and reasons for the Retention Plan. USACM is not seeking approval of the Retention Plan in order to provide a windfall to the eleven remaining employees of USACM in the form of bonuses and other incentives. Rather, the goal of USACM's current management has been and will continue to be to maximize the recovery for creditors and other stakeholders of the Debtors' estates, and a critical part of achieving that goal is to keep the current skeleton staff of employees in place so that USACM's business operations can continue to run as smoothly as possible for the next few months while the Debtors' business affairs are wound up and current management works toward the confirmation of a plan of reorganization. If the remaining employees choose to leave USACM at this critical time for more steady employment, and take with them their institutional knowledge of the USACM's business operations, this will make running the USACM's business much more difficult and expensive to the detriment of creditors.

To the extent USACM's creditors ultimately receive less than a full recovery on their pre-petition claims, those losses were not caused by the eleven remaining employees of USACM, but rather by the Debtors' pre-petition management which has been removed and which will not benefit in any way from the Retention Plan.

Moreover, USACM's current management believes that approving the Retention Plan will actually save money in the long run. The UST appears to wrongly assume that if the Retention Plan is not approved, the remaining employees of USACM will be happy to continue working for the company through the effective date of a plan of reorganization without any additional compensation for their very tenuous employment status. There is no support for this unrealistic assumption. If the additional incentives are not approved, the remaining employees of USACM have indicated they will leave USACM for other employment, which is not surprising given that they have no prospect of long term employment with USACM and therefore have no reason to stay absent some incentive to do so. Losing the few remaining current employees will be much more costly to USACM's estate because current management will then have no recourse but to employ other individuals and/or consultants whose billing rates undoubtedly will be much higher than what is proposed to be paid to the remaining employees under the Retention Plan.

Accordingly, approval of the Retention Plan will save money in the long run, and therefore, is justified under the facts and circumstances of this case and is for the benefit of creditors of USACM's estate.

## CONCLUSION

Based upon the foregoing, as well as the arguments set forth in its original memorandum, USACM requests that the Court grant the Motion.

Dated this _____ day of October, 2006.

> Annette W. Jarvis, Utah Bar No. 1649
> Steven C. Strong, Utah Bar No. 6340
> RAY QUINNEY & NEBEKER P.C.
> 36 South State Street, Suite 1400
> P.O. Box 45385
> Salt Lake City, Utah 84145-0385
> and
>
>  /s/   Jeanette E. McPherson
> Lenard E. Schwartzer, Nevada Bar No. 0399
> Jeanette E. McPherson, Esq., Nevada Bar No. 5423
> SCHWARTZER & MCPHERSON LAW FIRM
> 2850 South Jones Boulevard, Suite 1
> Las Vegas NV  89146
> Attorneys for Debtors and Debtors-in-Possession

896844v2

# CERTIFICATE OF SERVICE

1. On October 18, 2006, I served the following document(s):

   a. **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ORDER APPROVING RETENTION PLAN OF DEBTOR'S REMAINING EMPLOYEES(AFFECTS USA COMMERCIAL MORTGAGE COMPANY)**

2. I served the above-named document(s) by the following means to the persons as listed below:

☒   a.   **By ECF System**:

FRANKLIN C. ADAMS     franklin.adams@bbklaw.com, arthur.johnston@bbklaw.com

NANCY L ALLF    nallf@parsonsbehle.com, klawrence@parsonsbehle.com;tthomas@parsonsbehle.com;ecf@parsonsbehle.com

OGONNA M. ATAMOH     oatamoh@nevadafirm.com, bkecf@nevadafirm.com;paltstatt@nevadafirm.com;sliberio@nevadafirm.com

KERIANN M ATENCIO     ATENCIOK@GTLAW.COM

BMC GROUP, INC.    evrato@bmcgroup.com, ecf@bmcgroup.com;jmiller@bmcgroup.com;jbartlett@bmcgroup.com

KELLY J. BRINKMAN     kbrinkman@gooldpatterson.com

THOMAS R BROOKSBANK     tom@tombrooksbank.com, renee@tombrooksbank.com

ANDREW M. BRUMBY     abrumby@shutts-law! .com, rhicks@shutts-law.com;lmackson@shutts-law.com

MATTHEW Q. CALLISTER     mqc@callister-reynolds.com, maggie@callister-reynolds.com

CANDACE C CARLYON     ltreadway@sheacarlyon.com, ccarlyon@sheacarlyon.com;bankruptcyfilings@sheacarlyon.com;rmsmith@sheacarlyon.com

ROB CHARLES     rcharles@lrlaw.com, cjordan@lrlaw.com

MICHAEL W. CHEN     yvette@ccfirm.com

KEVIN B. CHRISTENSEN     kbchrislaw@aol.com

JANET L. CHUBB     tbw@jonesvargas.com

JEFFREY A. COGAN     jeffrey@jeffreycogan.com, sarah@jeffreycogan.com

WILLIAM D COPE    cope_guerra@yahoo.com

CICI CUNNINGHAM     bankruptcy@rocgd.com

1  LA UREL E. DAVIS    bklsclv@lionelsawyer.com,
2  ldavis@lionelsawyer.com;gbagley@lionelsawyer.com;ldavisesq@aol.com

3  DEBT ACQUISITION COMPANY OF AMERICA V, LLC (tf)    tfette@daca4.com

4  THOMAS H. FELL    BANKRUPTCYNOTICES@GORDONSILVER.COM

5  SCOTT D. FLEMING    sfleming@halelane.com, dbergsing@halelane.com,ecfvegas@halelane.com

6  GREGORY E GARMAN    bankruptcynotices@gordonsilver.com

7  WADE B. GOCHNOUR    wgochnour@hwmlvlaw.com, donnat@hwmlvlaw.com

8  CARLOS A. GONZALEZ    carlos.gonzalez2@usdoj.gov,
9  Darlene.Ruckard@usdoj.gov;Eunice.Jones@usdoj.gov;Sue.Knight@usdoj.gov

10  GERALD M GORDON    bankruptcynotices@gordonsilver.com

11  R. VAUGHN GOURLEY    vgourley@lvcm.com

12  TALITHA B. GRAY    bankruptcynotices@gordonsilver.com

13  JAMES D. GREENE    bknotice@schrecklaw.com

14  MARJORIE A. GUYMON    bankruptcy@goldguylaw.com, ddias@goldguylaw.com

15  JEFFREY R. HALL    jhall@sheacarlyon.com,
16  bankruptcyfilings@sheacarlyon.com;aboehmer@sheacarlyon.com;ltreadway@sheacarlyon.com;rsmith@sheacarlyon.com

17  XANNA R. HARDMAN    xanna.hardman@gmail.com

18  STEPHEN R HARRIS    noticesbh&p@renolaw.biz

19  BRIGID M. HIGGINS    bankruptcynotices@gordonsilver.com

20  DAVID W. HUSTON    dwh@hustonlaw.net, swaits@hustonlaw.net

21  CHRISTOPHER D JAIME    cjai! me@walth erkey.com, kbernhar@waltherkey.com

22  EVAN L. JAMES    ejameslv@earthlink.net, kbchrislaw@aol.com

23  TY E. KEHOE    TyKehoeLaw@aol.com

24  ROBERT R. KINAS    rkinas@swlaw.com,
25  mstrand@swlaw.com;jlustig@swlaw.com;chaines@swlaw.com;imccord@swlaw.com

26  ZACHARIAH LARSON    ecf@lslawnv.com

27  JOHN J. LAXAGUE    jlaxague@caneclark.com
28  GEORGE C LAZAR    glazar@foxjohns.com, gclazar@sbcglobal.net

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

| | |
|---|---|
| 1 | NILE LEATHAM    nleatham@klnevada.com, ckishi@klnevada.com;bankruptcy@klnevada.com |
| 2 | ROBERT C. LEPOME    robert@robertlepome.com, susan@robertlepome.com |
| 3, 4 | ANNE M. LORADITCH    ! ecffilings@beckleylaw.com, aloraditch@beckleylaw.com;pkois@beckleylaw.com |
| 5 | REGINA M. MCCONNELL    rmcconnell@kssattorneys.com |
| 6 | WILLIAM L. MCGIMSEY    lawoffices601@lvcoxmail.com |
| 7 | RICHARD MCKNIGHT    mcknightlaw@cox.net, gkopang@lawlasvegas.com;cburke@lawlasvegas.com |
| 8, 9 | SHAWN W MILLER    bankruptcyfilings@sheacarlyon.com, smiller@sheacarlyon.com;aboehmer@sheacarlyon.com;ltreadway@sheacarlyon.com;rsmith@sheacarlyon.com |
| 10, 11 | DAVID MINCIN    mcknightlaw@cox.net, gkopang@lawlasvegas.com;dmincin@lawlasvegas.com,cburke@lawlasvegas.com |
| 12 | JOHN F MURTHA    jmurtha@woodburnandwedge.com! |
| 13 | ERVEN T. NELSON    erv@rlbolick.com, susan@rlbolick.com |
| 14 | VICTORIA L NELSON    bkecf@nevadafirm.com, vnelson@nevadafirm.com;paltstatt@nevadafirm.com;rholley@nevadafirm.com;sliberio@nevadafirm.com |
| 15 | BOB L. OLSON    ecffilings@beckleylaw.com, bolson@beckleylaw.com;dgriffis@beckleylaw.com |
| 16, 17 | DONNA M. OSBORN    ebaker@marquisaurbach.com, dosborn@marquisaurbach.com;tszostek@marquisaurbach.com;kgallegos@MarquisAurbach.com |
| 18 | ANDREW M. PARLEN    aparlen@stutman.com |
| 19 | DONALD T. POLEDNAK    sandplegal@yahoo.com, spbankruptcy@yahoo.com |
| 20 | PAUL C RAY    info@johnpeterlee.com |
| 21 | SUSAN WILLIAMS SCANN    sscann@deanerlaw.com, pale! xander@deanerlaw.com |
| 22, 23 | JAMES PATRICK SHEA    bankruptcyfilings@sheacarlyon.com, ltreadway@sheacarlyon.com;rmsmith@sheacarlyon.com |
| 24, 25 | SHLOMO S. SHERMAN    ssherman@sheacarlyon.com, aboehmer@sheacarlyon.com;bankruptcyfilings@sheacarlyon.com;ltreadway@sheacarlyon.com;rsmith@sheacarlyon.com |
| 26 | AMBRISH S. SIDHU    ecf@lslawnv.com |
| 27 | JEFFREY G. SLOANE    gjklepel@yahoo.com, rmcconnell@kssattorneys.com |
| 28 | DAVID A. STEPHENS    dstephens@lvcm.com |

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  PETER SUSI     cheryl@msmlaw.com, msm@msmlaw.com

2  JEFFREY R. SYLVESTER     jeff@sylvesterpolednak.com, David@sylvesterpolednak.c! om

3  CARYN S. TIJSSELING ! &n bsp cst@beesleymatteoni.com, aha@beesleymatteoni.com

4  AMY N TIRRE     atirre@kkbrf.com, ksims@kkbrf.com;lleverett@kkbrf.com

5  U.S. TRUSTEE - LV - 11     USTPRegion17.lv.ecf@usdoj.gov

6  GREGORY J. WALCH     GWalch@Nevadafirm.com

7  WHITNEY B. WARNICK     wbw@albrightstoddard.com, bstessel@albrightstoddard.com

8  JOAN C WRIGHT     jwright@allisonmackenzie.com, jbrooks@allisonmackenzie.com

9  MATTHEW C. ZIRZOW     bankruptcynotices@gordonsilver.com

☐    b.    **By United States mail, postage fully prepaid**:
☐    c.    **By Personal Service**
        I personally delivered the document(s) to the persons at these addresses:
        ☐    For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.
        ☐    For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐    d.    **By direct email (as opposed to through the ECF System)**
        Based upon the written agreement to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐    e.    **By fax transmission**
        Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐    f.    **By messenger**
        I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

**I declare under penalty of perjury that the foregoing is true and correct.**
Signed on:    October 18, 2006
LIA DORSEY                                    /s/    LIA DORSEY
(Name of Declarant)                           (Signature of Declarant)

P:\USA Commercial Mortgage\Pleadings\Retention of Debtors Remaining Employees\reply_in_support_of_retention_motion.DOC      9