## ADVERSARY PROCEEDING COVER SHEET
### (Instructions on Reverse)

ADVERSARY PROCEEDING NUMBER
(Court Use Only)

| PLAINTIFF | DEFENDANT |
|---|---|
| USA Commercial Mortgage Company | Gateway Stone Associates, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Lenard E. Schwartzer, Esq.<br>Jeanette E. McPherson, Esq.<br>Schwartzer & McPherson Law Firm<br>2850 South Jones Blvd., Suite 1<br>Las Vegas NV 89146<br>(702) 228-7590 | **ATTORNEYS** (If Known)<br>Daniel D. White, Esq.<br>23 Corporate Plaza Drive<br>Suite 160<br>Newport Beach, CA 92660-7942 |

**PARTY** (Check one box only)　☐ 1. U.S. PLAINTIFF　☐ 2. U.S. DEFENDANT　■ 3. U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Injunctive Relief

### NATURE OF SUIT
(Check the one most appropriate box only.)

| | | | |
|---|---|---|---|
| ☐ 454 To Recover Money or Property | ☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan | ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action |
| ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523 | ☐ 459 To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☒ 434 To obtain an injunction or other equitable relief | ☐ 498 Other (specify) |
| ☐ 424 To object to or to revoke a discharge 11 U.S.C. §727 | ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan | |

**ORIGIN OF PROCEEDINGS**
(Check one box only.)

■ 1 Original Proceeding　☐ 2 Removed Proceeding　☐ 4 Reinstated or Reopened　☐ 5 Transferred from Another Bankruptcy Court

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND | NEAREST THOUSAND $0 | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>USA Commercial Mortgage Company<br>USA Capital Realty Advisors, LLC<br>USA Capital Diversified Trust Deed Fund, LLC<br>USA First Trust Deed Fund, LLC<br>USA Securities, LLC | BANKRUPTCY CASE NO.<br>BK-S-06-10725 LBR<br>BK-S-06-10726 LBR<br>BK-S-06-10727 LBR<br>BK-S-06-10728 LBR<br>BK-S-06-10729 LBR<br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
|---|---|

| DISTRICT IN WHICH CASE IS PENDING<br>NEVADA | DIVISIONAL OFFICE<br>LAS VEGAS | NAME OF JUDGE<br>HONORABLE LINDA B. RIEGLE |
|---|---|---|

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only.)　■ FEE ATTACHED　☐ FEE NOT REQUIRED　☐ FEE IS DEFERRED

| DATE<br>10/19/06 | PRINT NAME<br>Lenard E. Schwartzer, Esq. | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Lenard E. Schwartzer, Esq. |
|---|---|---|

B-104

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

**E-file on October 19, 2006**

Attorneys for Plaintiff, USA Commercial Mortgage Company

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | Chapter 11 |
| In re:<br><br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br><br>Debtor. | **Jointly Administered Under<br>Case No. BK-S-06-10725 LBR**<br><br>**Adversary No. 06-** |
| In re:<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | |
| In re:<br><br>USA SECURITIES, LLC,<br><br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |
| USA COMMERCIAL MORTGAGE COMPANY<br><br>Plaintiff,<br>vs.<br><br>GATEWAY STONE ASSOCIATES, LLC, a<br>Delaware limited liability company,<br><br>Defendant. | **COMPLAINT SEEKING<br>INJUNCTIVE RELIEF AGAINST<br>NON-BANKRUPTCY LITIGATION<br>AND FOR DECLARATORY RELIEF** |

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Plaintiff, USA Commercial Mortgage Company ("USACM"), by and through its counsel, Schwartzer & McPherson Law Firm, hereby complains as follows:

## JURISDICTION

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157.

2.      This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and (O).

3.      This is an adversary proceeding pursuant to Fed.R.Bankr.P. 7001.

4.      This court has venue over this proceeding pursuant to 28 U.S.C. § 1409(a).

## GENERAL ALLEGATIONS

5.      USACM and its affiliated entities (referred to collectively herein as the "Debtors") filed for relief under Chapter 11 of the Bankruptcy Code on April 13, 2006.

6.      Pre-petition, defendant, Gateway Stone Associates, LLC ("Gateway") obtained a loan (the "Gateway Loan") to finance the acquisition and conversion/remodeling of a rental property into a condominium project in Riverside County, California(the "Property").

7.      The Gateway Loan was obtained through USACM, as agent and loan servicer for a group of direct lenders (the "Direct Lenders"). The Direct Lenders are a group consisting of approximately of 161 different individuals or entities.

8.      The Gateway Loan arrangement was evidenced by a Loan Agreement dated November 10, 2005, between Gateway and the Direct Lenders (the "Loan Agreement"), a Promissory Note Secured by Deed of Trust  dated November 18, 2005 (the "Promissory Note") in favor of the Direct Lenders in the sum of $17,750,000.00, and a Deed of Trust, Assignment of Rents, Security Agreement and Fixture filing dated November 10, 2005 which was recorded in the Official Records of Riverside County, California on December 6, 2005 (the "Deed of Trust").

9.      The Promissory Note was initially executed in favor of 161 Direct Lenders identified in Exhibit "A" to the Note ("Initial Direct Lenders") with an aggregate amount of funds of $12,600,000.00.

10.     The Direct Lenders executed Loan Servcing Agreements ("Loan Servicing Agreements") with USACM which authorized USACM to perform certain services in connection

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  with arranging and servicing the Gateway Loan.

2      11.    As such, the Direct Lenders had no direct contact with Gateway.

3      12.    On or about December 1, 2005, the Initial Direct Lenders funded the initial loan

4  amount $12,600,000, defined in ¶3.1 of the Loan Agreement as the Loan Amount ("Loan

5  Amount"), for the purchase of the Property, an origination fee and an interest reserve.

6      13.    Pursuant to ¶3.2 of the Loan Agreement, "Lender and USACM have the exclusive

7  right, but not the obligation, to increase the Loan Amount to an amount not to exceed Sixteen

8  Million Two Hundred Thirty Thousand Dollars ($16,230,000)" and, pursuant to ¶4.2 of the Loan

9  Agreement, "Any obligation of the Lender or USA to make any additional advancements pursuant

10 to Section 3.2 above, should the Lender or USA so elect, in their sole and absolute discretion, is

11 subject to the following conditions:"

12     14.    Pursuant to ¶8.15 of the Loan Agreement, all litigation between the parties must be

13 brought in Clark County, Nevada.

14     15.    Gateway has recently commenced a lawsuit in California state court, specifically

15 Case No. RIC458088, in the Superior Court of California, County of Riverside (the "California

16 Litigation"), against the Direct Lenders for breach of the Loan Agreement and the Promissory

17 Note.  A copy of the Complaint, without exhibits, is attached as **Exhibit "A."**

18     16.    In the California Litigation, Gateway alleges that the Joseph Milanowski and Doug

19 Esteves, as the duly authorized representatives of USA Capital, were aware that Gateway's

20 borrowing needs included the purchase costs and the entitlement costs and that failing to fund the

21 entitlement costs would significantly damage Gateway.

22     17.    In the California Litigation, Gateway alleges that Joseph Milanowski and Doug

23 Esteves, as the duly authorized representative of USA ital, fraudulently induced Gateway to

24 execute the Loan Agreement, the Promissory Note and Deed of Trust and to accept the Loan.

25     18.    On or about May 22, 2006, Gateway requested an additional advance of funds from

26 USA.

27     19.    USA has not advanced any additional funds and, pursuant to the terms of its

28 mortgage lending license, may not request or arrange for any loans of additional funds from the

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    Initial Direct Lenders or other individuals.

2         20.    In the California Litigation, Gateway alleges that the Direct Lenders, "acting by

3    and through their authorized agent, USA Capital", by failing to make the additional advance, have

4    breached an implied covenant of good faith and fair dealing.

5         21.    USACM is not named as a defendant in the California Litigation.

6         22.    The Direct Lenders named in the California Litigation are persons who were

7    customers of USACM and parties to the Loan Servicing Agreements who will seek

8    reimbursement, contribution, and other various claims from USACM for any expenses and/or

9    damages they incur in the California Litigation.

10        23.    Pursuant to the Loan Servicing Agreements, USACM may be required to provide

11   representation for the Direct Lenders named in the Gateway Complaint.

12        24.    The California Litigation will necessarily determine facts relating to USACM

13   relationship with Gateway and the Direct Lenders.

14        25.    Although not a party to the California Litigation, USACM will be required to

15   participate in the discovery in the California Litigation and to monitor that litigation.

16        26.    The California Litigation will affect the bankruptcy estate in a legally cognizable

17   manner and threatens the integrity of USACM's bankruptcy estate.

**CAUSE OF ACTION**

**(INJUNCTIVE RELIEF)**

20        27.    USACM repeats and re-alleges 1 through 26 as if fully set forth herein.

21        28.    Although the automatic stay of 11 U.S.C. §362 prevents Gateway from initiating an

22   action against USACM or the other Debtors, it does not automatically prevent the commencement

23   or prosecution of an action against the Direct Lenders.

24        29.    This Court may enjoin actions against non-debtors where such actions would have

25   an adverse effect on a debtor's assets or estate pursuant to the broad powers of 11 U.S.C. §105(a).

26        30.    The California Litigation by Gateway against the Direct Lenders will negatively

27   affect USACM's bankruptcy estate in a legally cognizable manner and threatens the integrity of

28   USACM's bankruptcy estate.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Complaint 101906

31.     If the Direct Lenders are required to defend an action brought by Gateway, it would be detrimental to USACM's estate and to the Debtors' creditors.

32.     Even if no Debtors are named as defendants in an action brought by Gateway, the prosecution of the California Litigation against the Direct Lenders will require the participation of USACM.

33.     The issuance of an injunction against the prosecution of the California litigation is in conformance with the objectives of the Bankruptcy Code.

34.     The issuance of an injunction against the prosecution of the California litigation will prevent irreparable harm to the USACM bankruptcy estate ands will do little immediate harm to Gateway.

35.     The issuance of an injunction against the prosecution of the California litigation will promote the reorganization of USACM, such reorganization is likely, will not cause undue harm to Gateway and will promote the public purpose of allowing business reorganizations.

**SECOND CLAIM FOR RELIEF**

**(DECLARATORY RELIEF)**

36.     USACM repeats and re-alleges 1 through 35 as if fully set forth herein.

37.     For reasons including but not limited to those stated herein, an actual dispute exists between USACM and Gateway, which parties have genuine and opposing interests, which interests are direct and substantial, and of which a judicial determination will be final and conclusive.

38.     USACM seeks declaration relief that USACM did not fraudulently induce Gateway into taking the Gateway Loan, USACM did not violate any implied covenant of good faith and fair dealing, the Loan Agreement does not require USACM or the Direct Lenders from making any additional advances except in their sole and absolute discretion and that Gateway is required under the terms of the Loan Agreement to bring any litigation concerning the Loan in Clark County, Nevada.

**WHEREFORE**, USACM prays that this Court enjoin the prosecution by Gateway of the California Litigation or any other action against the Direct Lenders and a Declaratory Judgment

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  that  USACM did not fraudulently induce Gateway into accepting the Gateway Loan, USACM did

2  not violate any implied covenant of good faith and fair dealing, the Loan Agreement does not

3  require USACM or the Direct Lenders from making any additional advances except in their sole

4  and absolute discretion and that Gateway is required under the terms of the Loan Agreement to

5  bring any litigation concerning the Loan in Clark County, Nevada and for such other relief that

6  that this Court deems just and proper.

7  Dated: October 19, 2006

8                                              _/s/   Lenard E. Schwartzer, Esq._
                                               Lenard E. Schwartzer, Esq.
9                                              Jeanette E. McPherson, Esq.
                                               Schwartzer & McPherson Law Firm
10                                             2850 South Jones Boulevard, Suite 1
                                               Las Vegas, NV  89146
11                                             Attorneys for Plaintiff, USA Commercial Mortgage
                                               Company
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# EXHIBIT "A"

1  Daniel D. White, Esq. SBN 119030
   Law Office of Daniel D. White
2  23 Corporate Plaza Drive, Suite 160
   Newport Beach, California 92660
3  Tel. (949) 729-9119
   Fax (949) 729-9174
4
   Attorneys for Plaintiff GATEWAY STONE
5  ASSOCIATES, LLC



F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 04 2006

6

7

8                  SUPERIOR COURT OF CALIFORNIA

9                     COUNTY OF RIVERSIDE

10

11  GATEWAY STONE ASSOCIATES, LLC, a    )  Case No.: RIC458088
12  Delaware limited liability company,   )
                                          )
13               Plaintiff,               )  COMPLAINT FOR:
                                          )
14         vs.                            )  1.  FRAUD;
                                          )  2.  BREACH OF IMPLIED
15  ARTHUR V. ADAMS, Trustee of the Arthur )      COVENANT OF GOOD FAITH
16  V. Adams Trust dated 9/12/97; HERMAN M. )     AND FAIR DEALING
    ADAMS, BRIAN M. ADAMS & ANTHONY )
17  G. ADAMS as Joint Tenants; KENNETH    )
    ADDES & VICTORIA ADDES, Co-Trustees  )
18  of the Addes Trust; RONALD M. ADDY &  )
    PRISCILLA K. ADDY, husband and wife, as )
19  joint tenants with right of survivorship;  ADIB )
    M. AL-AWAR & ELLEN A. AL-AWAR,       )
20  Trustees of the Al-Awar Living Trust dated )
21  04/05/01; ROBERT P. ANDERSON, Trustee )
    of the Robert P. Anderson Revocable Living )
22  Trust dated 10/22/01; PENSCO TRUST    )
    COMPANY INC., Custodian for Robert S.  )
23  Angel IRA; ROD ARBOGAST & DONNA     )
24  ARBOGAST, Trustees of the Arbogast Family )
    Trust; SHERRY ARCHER, an unmarried    )
25  woman; A A SALAZAR MULTI SERVICES    )
    INC., Annabelle P. Arcilla, President; BERT )
26  E. ARNLUND, Trustee of the Bert E. Arnlund )
27  Charitable Remainder Unitrust dated 12/31/01;)
    DELANA D. ARNOLD, a married woman    )
28  dealing with her sole & separate property;   )

                              1

                         COMPLAINT

DARLENE ASHDOWN & VINCENT N. )
GREENE, husband & wife, as joint tenants )
with right of survivorship; MICHAEL K.M. )
AU, a married man dealing with his sole and )
separate property; BRUCE N. BARTON, )
Trustee of the Barton Revocable Trust; BAY )
AREA CAPITAL, LLC, an Oregon limited )
liability company; ROBERT L. BENSON )
AND MONA L. BENSON, husband and wife, )
as joint tenants with the right of survivorship; )
DAVID P. BETTERIDGE, a single man; )
JERRY L. BLACKMAN, SR. AND )
CAROLYN N. BLACKMAN LIVING )
TRUST, Dated 11/26/01; MICHAEL S. )
BLAU AND SHAMIRAN BLAU, husband )
and wife, as joint tenants with the right of )
survivorship; PATRICIA A. BOSCHETTO, )
an unmarried woman; LARRY R. )
BRASUELL & SUSAN L. BRASUELL, )
Trustees of the Larry R. & Susan L. Brasuell )
1996 Living Trust dated 7/22/96; DONALD E. )
BRINEY, Trustee of the Briney Family )
Exemption Trust dated 11/5/82; CHARLES R. )
BROOKS AND WENDY S. BROOKS, )
husband and wife, as joint tenants with right of )
survivorship; C & B CATTLE COMPANY, )
LLC, a Utah limited liability company; FIRST )
SAVINGS BANK, Custodian for Edward )
Burgess IRA; EUGENE W.CADY & )
SANDRA L. CADY, Trustees of the Eugene )
W. Cady & Sandra L. Cady Trust dated )
9/24/85; PETER W. CAPONE & DEIDRE D. )
CAPONE, husband & wife, as joint tenants )
with right of survivorship; MAURICE A. )
CAUCHOIS & JACQUELINE M. )
CAUCHOIS, Trustees of the M & J Cauchois )
Family Trust dated 2/25/93; STEFAN R. )
CAVIN, Trustee of the Stefan R. Cavin )
Revocable Living Trust dated 05/26/2004; )
ELIO A. CHIAPPE AND GERALDINE N. )
CHIAPPE, Trustees of the Chiappe Family )
Trust dated 1/22/96; DONALD P. CLARK, )
Trustee of the Donald P. Clark Family Trust )
dated 10/25/94; DRS. RAYMOND J. CLAY, )
JR. & JOAN MARIE CLAY, husband & wife, )
as joint tenants with right of survivorship; )

2

1   RAY L. COFFIN, a married man dealing with
    his sole & separate property; PENNY LEE
2   COMSIA, Trustee of the Penny Lee Comsia
    Revocable Trust UDT 4/10/00; JAMES A.
3   COY & MARGARET G. COY, Trustees of
4   the James A. Coy & Margaret G. Coy
    Revocable Trust dated 9/27/00; LOYAL
5   CROWNOVER, Trustee of the Lora and Loyal
6   Crownover Family Trust; FIRST SAVINGS
    BANK, Custodian for Robert J. D'Ambrosio
7   Contributory IRA; DEBORAH A. DANIEL, a
8   single woman; DAVIS INVESTMENTS, a
    Nevada partnership; MARTIN A. DAVIS &
9   VIRGINIA LEE DAVIS, Trustees of the
    Davis Family 2000 Trust; MARRICE L.
10  DAVIS AND NANCI E. DAVIS, husband and
11  wife, as joint tenants with the right of
    survivorship; ROBERT L. DE RUFF, Trustee
12  of the De Ruff 1988 Trust dated 4/25/88;
    CYNTHIA DEVITO, a married woman;
13  THOMAS DI JORIO & ANTONETTE DI
14  JORIO, husband & wife; RICHARD E. DI
    JORIO, Transfer on Death to Robert B. Di
15  Jorio; MARK A. DOLGINOFF, Trustee of the
16  Mark A. Dolginoff Separate Property Trust
    dated 11/21/97 amended/restated on 5/10/00;
17  MICHAEL DONAHUE, a married man, as his
    sole and separate property; GLENN M.
18  DONAHUE AND CARRIE DONAHUE,
19  Trustees of the Glenn & Carrie Donahue
    Living Trust dated 4/30/94; WAYNE A.
20  DUTT & CYNTHIA DEANN DUTT,
    Trustees of the Wayne A. Dutt Trust; MARK
21  L. EAMES & SANDY K. EAMES, husband
22  & wife, as joint tenants with the right of
    survivorship; PIONEER ACCOUNTING &
23  INVESTMENTS, LLC, a Colorado LLC,
    Christian Elbert, Manager; DAVID F.
24  ELDRIDGE AND ELFRIEDE R. FUJITANI,
25  husband and wife, as joint tenants with the
    right of survivorship; ROBERT ESSAFF &
26  CINDY H. ESSAFF, Trustees of the Essaff
    Family Trust dated 6/18/02; DENISE F.
27  FAGER, Trustee of the Denise F. Fager
28  Revocable Trust under agreement dated
    2/28/03; MARGUERITE FALKENBORG,

3

Trustee of the Marguerite Falkenborg 2000
Trust dated 6/20/00; CHRISTOPHER J.
FERNANDES, a single man, and DIONISIO
A. FERNANDES, MD, a married man, as joint
tenants with right of survivorship; FIRST
SAVINGS BANK, Custodian for Nila Ganahl
SEP IRA; STANLEY C. GERMAIN &
DOROTHY GERMAIN, husband & wife, as
joint tenants with right of survivorship; FIRST
SAVINGS BANK, Custodian for Nancy R.
Gilmour IRA; JO M. GLEDHILL, Trustee of
the Gledhill Revocable Family Trust; JOHN
A. GODFREY, an individual; FIRST
SAVINGS BANK, Custodian for Alan Groh
IRA; MICHAEL HADJIGEORGALIS AND
BRENDA G. HADJIGEORGALIS, Husband
and wife as tenants in common; DANIEL R.
HALSETH & SANDRA K HALSETH,
Trustees of the Halseth Family Trust restated
4/21/00; CHARLES T. HAMM AND
SANDRA L. HAMM, Trustees of the Hamm
Trust dated 3/17/05; JOHN A. M. HANDAL,
a single man; FIRST SAVINGS BANK,
Custodian for John A. M. Handal IRA;
DWIGHT W. HAROUFF & MARY ANN
HAROUFF, Trustees of the Harouff
Charitable Remainder Trust 9/5/96; MARY
ANN HAROUFF AND DWIGHT W.
HAROUFF, Trustees of the Skip and Mary
Harouff Trust dated 12/5/95; T. CLAIRE
HARPER, Trustee of the Harper Family Trust
dated 2/28/84; JOHN D. HATHCOCK AND
SUSAN K. HATHCOCK, husband and wife,
as joint tenants with right of survivorship;
ROGER N. HAVEKOST, a married man
dealing with his sole & separate property;
RAYMOND G. HAWKINS, an unmarried
man; WALTER F. HENNINGSEN, Trustee of
the Walter F. Henningsen Revocable Trust
dated 2/18/03; LINDA M. HERDMAN,
Trustee for the Linda M. Herdman Family
Trust dated 12/11/03; EDWARD W.
HOMFELD, an unmarried man; FIRST
SAVINGS BANK, Custodian for George W.
Hubbard Roth IRA; RONALD A. JOHNSON,
Trustee of the Burgarello, Inc. Profit Sharing

4

Plan; FISKO VENTURES, LLC; a Nevada limited liability company; K. KEN KANEDA & BRIGITTE AREND-KANEDA, Trustees of the Kaneda Living Trust dated 5/30/02; STEWART KARLINSKY, a married man dealing with his sole and separate property & MARK WEISSMAN, a married man with his sole and separate property, as joint tenants with the right of survivorship; ARTHUR E. KEBBLE & THELMA M. KEBBLE, Trustees of the Arthur E. Kebble & Thelma M. Kebble Family Trust dated 5/19/95; ROBERT J. KEHL & RUTH ANN KEHL, husband & wife, as joint tenants with right of survivorship; FIRST SAVINGS BANK, Custodian for Lindsey H. Kesler Jr. IRA; NORMAN KIVEN, a married man dealing with his sole & separate property; BERNARD A. KLOENNE, Trustee of the Bernard Kloenne Living Trust dated 10/10/86; L.V. KNIGHT & MARGARET E. KNIGHT, husband & wife, as joint tenants with right of survivorship; MARCIA J. KNOX, Trustee of the Marcia J. Knox Living Trust dated 8/16/04; FIRST SAVINGS BANK, Custodian for Stephen V. Kowalski IRA; PAUL N. KRON, Trustee of the Paul Kron Estate Trust dtd 06/12/90; PAUL L. KWIATKOWSKI AND COLITA JO KWIATKOWSKI, Trustees of the Kwiatkowski Revocable Trust, dated 12/17/04; MELVIN LAMPH, Trustee of the Melvin Lamph Trust dated 2/19/87; FIRST SAVINGS BANK, Custodian for Donald Lechman IRA; TERESA H. LEE, Trustee of the William W. Lee & Teresa H. Lee 2003 Family Trust Agreement dated 6/26/03; VERUSIO SOLUTIONS, LLC, an unknown business entity; PHILIP LYONS & DORA LYONS, Trustees of the Philip & Dora Lyons Trust UA 8/9/99; THOMAS MARUNA AND SAYURI MARUNA, husband and wife, as joint tenants with the right of survivorship; MORRIS MASSRY, a married man dealing with his sole & separate property; KEVIN A. MCKEE AND PAMELA J. MCKEE, husband and wife, as joint tenants with right of

5

1
survivorship; RICHARD MCKNIGHT AND
SHEILA J. MCKNIGHT, Trustees of the
2
McKnight 2000 Family Trust, dated 4/20/00;
3
DALE J. MCMULLAN, Trustee of the
McMullan Living Trust dated 8/19/94; GARY
4
A. MICHELSEN, an unmarried man; JOHN E.
5
MICHELSEN, Trustee of the John E.
Michelsen Family Trust dated 11/75;
6
MONIGHETTI, INC., a Nevada corporation;
MUKS REALTY, LLC, a California limited
7
liability company; WILLIAM RICHARD
MORENO, a married man as his sole &
8
separate property; ANNE MARIE MUELLER,
9
Trustee of the Anne Marie Mueller Trust;
DANIEL D. NEWMAN, Trustee of the Daniel
10
D. Newman Trust dated 11/1/92; MARVIN L.
11
NICOLA, Trustee of the Marvin Lynn Nicola
Family Trust dated 6/13/78; ALLEN N.
12
NIRENSTEIN & DOROTHY H.
NIRENSTEIN, Trustees of the Allen M.
13
Nirenstein & Dorothy H. Nirenstein 1992
14
Revocable Trust dated 3/4/92; JOHN E.
O'RIORDAN & SONHILD A. O'RIORDAN,
15
husband & wife, as joint tenants with the right
of survivorship; MARY ESTHER OATES,
16
transfer on death to Linda Mueller; ROBERT
17
L. OGREN, Trustee of the Robert L. Ogren
Trust dated 6/30/92 (Acct#2); PHILIP A.
18
PALMINTERE & NANCI S. PALMINTERE,
19
Trustees of the Palmintere Revocable Trust
dated 6/19/98; LOWELL ARTHUR
20
PAULSEN AND SHERRI LYNN PAULSEN,
Trustees of The Paulsen Family Trust Under
21
Agreement June 25, 1992; ROBERT H.
22
PERLMAN & LYNN R. PERLMAN, Trustees
of the Robert H. Perlman & Lynn R. Perlman
23
Trust dated 9/17/92; BETTY J. PHENIX, a
married woman dealing with her sole &
24
separate property; ALI PIRANI AND
25
ANISHA PIRANI, husband and wife, as joint
tenants with the right of survivorship; JACK
26
POLEN, Trustee of the Jack & Gladys Polen
Family Trust dated 6/28/88; SYDNEY
27
QUINN, a married woman dealing with her
28
sole & separate property; DENNIS RAGGI, a
married man dealing with his sole & separate

6

property; LEONARD J. RAMOS &
CLAUDIA C. RAMOS, Trustees of the
Ramos Family Trust dated 8/27/97; FIRST
SAVINGS BANK, Custodian For Manuel G.
Rice IRA; ARGUEDA R. ROBBIE A/K/A
EDA ROBBIE, Trustee of the Eda Robbie
Survivor Trust dated 5/22/03; CASSANDRA
J. ROBBINS, an unmarried woman; ALAN
ROBINSON & GAIL ROBINSON, husband
& wife, as joint tenants with right of
survivorship; SAUL ROISENTUL & ILENE
ROISENTUL, Trustees of the Roisentul
Family Trust; SHEILA ROTHBERG, a
married woman dealing with her sole &
separate property; NICOLAS J. SANTORO
AND JUANITA SANTORO, Trustees of the
Santoro Family Trust U/T/D 4/29/02; FIRST
SAVINGS BANK, Custodian for Nancy C.
Serino IRA; DENNIS SIPIORSKI & DONNA
SIPIORSKI, husband & wife, as joint tenants
with right of survivorship; JON RENO
SIRRINE, Trustee of the Sirrene Trust dated
1/28/93; JOYCE E. SMITH, Trustee of the
Joyce E. Smith Trust dated 11/3/99; BRUCE
SONNENBERG & ROSEMARY
SONNENBERG, husband & wife, as joint
tenants with right of survivorship; ROBERT S.
SPECKERT, Trustee of the Robert S. Speckert
Rev. Living Trust dated 6/11/92; T. DWIGHT
SPER & BONNIE J. SPER, Trustees of the
T.D.S. Revocable Family Trust dated 9/29/98;
BRETT W. SPERRY, an unmarried man;
WILLIAM SPITZNER & KATHLEEN
SPITZNER, husband & wife, as joint tenants
with right of survivorship; DUANE
STEWARD AND DIANE J. STEWARD,
husband and wife, as joint tenants with the
right of survivorship; FIRST SAVINGS
BANK, Custodian for Allison Sullivan IRA;
DR. CAROLE TALAN, an unmarried woman;
LUTHER E. TATE, an unmarried man;
NORMAN TEETER, a single man; FIRST
SAVINGS BANK, Custodian For Louise
Teeter IRA Rollover; SIGMUND L.
TOMCZAK & DIANA TOMCZAK, Trustees
of the Tomczak Family Trust dated 4/25/83;

7

ROBERT C. TOOMBES AND PATSY G.
TOOMBES, husband and wife, as joint tenants
with the right of survivorship; A'CHUN LIN
TSAI, an unmarried woman;  DAVID C.
WAHL AND MARGARET A. WAHL,
husband and wife, as joint tenants with the
right of survivorship; BRUCE D. WALLACE,
Trustee of the B.D.W. 1987 Trust dated
9/29/87; ADRIAN P. WALTON & AMY J.
WALTON, husband & wife, as joint tenants
with right of survivorship; DAMON PAUL
WALTON & REBECCA JEAN WALTON,
husband & wife, as joint tenants with right of
survivorship; DIANA F. WEILAND, Trustee
for the benefit of Gerald R. Weiland & Diana
F. Weiland Trust; IRA SERVICES/FIRST
REGIONAL BANK, For the benefit of Dale
Westerhout IRA; LINDA WIMSATT, Trustee
for the Wimsatt Trust dated October 19, 2004;
JULIET WONG, a single woman; and DOES
1 through 20, Inclusive,

      Defendants.

## PARTIES

1.      At all times herein mentioned, Plaintiff GATEWAY STONE ASSOCIATES,

LLC, ("Gateway"), was, and is, a Delaware limited liability company duly organized and

existing under the laws of the State of Delaware, and authorized to conduct business in the State

of California.

2.      Plaintiff is informed and believes, and based thereon alleges, that at all times

herein mentioned, each of the following parties owns a fractionalized interest in the deed of trust

that is the subject of this action: ARTHUR V. ADAMS, Trustee of the Arthur V. Adams Trust

dated 9/12/97; HERMAN M. ADAMS, BRIAN M. ADAMS & ANTHONY G. ADAMS as

Joint Tenants; KENNETH ADDES & VICTORIA ADDES, Co-Trustees of the Addes Trust;

8

1  RONALD M. ADDY & PRISCILLA K. ADDY, husband and wife, as joint tenants with right of
2  survivorship; ADIB M. AL-AWAR & ELLEN A. AL-AWAR, Trustees of the Al-Awar Living
3  Trust dated 04/05/01; ROBERT P. ANDERSON, Trustee of the Robert P. Anderson Revocable
4  Living Trust dated 10/22/01; PENSCO TRUST COMPANY INC., Custodian for Robert S.
5  Angel IRA; ROD ARBOGAST & DONNA ARBOGAST, Trustees of the Arbogast Family
6  Trust; SHERRY ARCHER, an unmarried woman; A A SALAZAR MULTI SERVICES INC.,
7  Annabelle P. Arcilla, President; BERT E. ARNLUND, Trustee of the Bert E. Arnlund Charitable
8  Remainder Unitrust dated 12/31/01; DELANA D. ARNOLD, a married woman dealing with her
9  sole & separate property; DARLENE ASHDOWN & VINCENT N. GREENE, husband & wife,
10  as joint tenants with right of survivorship; MICHAEL K.M. AU, a married man dealing with his
11  sole and separate property; BRUCE N. BARTON, Trustee of the Barton Revocable Trust; BAY
12  AREA CAPITAL, LLC, an Oregon limited liability company; ROBERT L. BENSON AND
13  MONA L. BENSON, husband and wife, as joint tenants with the right of survivorship; DAVID
14  P. BETTERIDGE, a single man; JERRY L. BLACKMAN, SR. AND CAROLYN N.
15  BLACKMAN LIVING TRUST, Dated 11/26/01; MICHAEL S. BLAU AND SHAMIRAN
16  BLAU, husband and wife, as joint tenants with the right of survivorship; PATRICIA A.
17  BOSCHETTO, an unmarried woman; LARRY R. BRASUELL & SUSAN L. BRASUELL,
18  Trustees of the Larry R. & Susan L. Brasuell 1996 Living Trust dated 7/22/96; DONALD E.
19  BRINEY, Trustee of the Briney Family Exemption Trust dated 11/5/82; CHARLES R.
20  BROOKS AND WENDY S. BROOKS, husband and wife, as joint tenants with right of
21  survivorship; C & B CATTLE COMPANY, LLC, a Utah limited liability company; FIRST
22  SAVINGS BANK, Custodian for Edward Burgess IRA; EUGENE W.CADY & SANDRA L.
23  CADY, Trustees of the Eugene W. Cady & Sandra L. Cady Trust dated 9/24/85; PETER W.
24  CAPONE & DEIDRE D. CAPONE, husband & wife, as joint tenants with right of survivorship;
25  MAURICE A. CAUCHOIS & JACQUELINE M. CAUCHOIS, Trustees of the M & J Cauchois
26  Family Trust dated 2/25/93; STEFAN R. CAVIN, Trustee of the Stefan R. Cavin Revocable
27  Living Trust dated 05/26/2004; ELIO A. CHIAPPE AND GERALDINE N. CHIAPPE, Trustees
28  of the Chiappe Family Trust dated 1/22/96; DONALD P. CLARK, Trustee of the Donald P.

9

1  Clark Family Trust dated 10/25/94; DRS. RAYMOND J. CLAY, JR. & JOAN MARIE CLAY,

2  husband & wife, as joint tenants with right of survivorship; RAY L. COFFIN, a married man

3  dealing with his sole & separate property; PENNY LEE COMSIA, Trustee of the Penny Lee

4  Comsia Revocable Trust UDT 4/10/00; JAMES A. COY & MARGARET G. COY, Trustees of

5  the James A. Coy & Margaret G. Coy Revocable Trust dated 9/27/00; LOYAL CROWNOVER,

6  Trustee of the Lora and Loyal Crownover Family Trust; FIRST SAVINGS BANK, Custodian

7  for Robert J. D'Ambrosio Contributory IRA; DEBORAH A. DANIEL, a single woman; DAVIS

8  INVESTMENTS, a Nevada partnership; MARTIN A. DAVIS & VIRGINIA LEE DAVIS,

9  Trustees of the Davis Family 2000 Trust; MARRICE L. DAVIS AND NANCI E. DAVIS,

10  husband and wife, as joint tenants with the right of survivorship; ROBERT L. DE RUFF, Trustee

11  of the De Ruff 1988 Trust dated 4/25/88; CYNTHIA DEVITO, a married woman; THOMAS DI

12  JORIO & ANTONETTE DI JORIO, husband & wife; RICHARD E. DI JORIO, Transfer on

13  Death to Robert B. Di Jorio; MARK A. DOLGINOFF, Trustee of the Mark A. Dolginoff

14  Separate Property Trust dated 11/21/97 amended/restated on 5/10/00; MICHAEL DONAHUE, a

15  married man, as his sole and separate property; GLENN M. DONAHUE AND CARRIE

16  DONAHUE, Trustees of the Glenn & Carrie Donahue Living Trust dated 4/30/94; WAYNE A.

17  DUTT & CYNTHIA DEANN DUTT, Trustees of the Wayne A. Dutt Trust; MARK L. EAMES

18  & SANDY K. EAMES, husband & wife, as joint tenants with the right of survivorship;

19  PIONEER ACCOUNTING & INVESTMENTS, LLC, a Colorado LLC, Christian Elbert,

20  Manager; DAVID F. ELDRIDGE AND ELFRIEDE R. FUJITANI, husband and wife, as joint

21  tenants with the right of survivorship; ROBERT ESSAFF & CINDY H. ESSAFF, Trustees of

22  the Essaff Family Trust dated 6/18/02; DENISE F. FAGER, Trustee of the Denise F. Fager

23  Revocable Trust under agreement dated 2/28/03; MARGUERITE FALKENBORG, Trustee of

24  the Marguerite Falkenborg 2000 Trust dated 6/20/00; CHRISTOPHER J. FERNANDES, a

25  single man, and DIONISIO A. FERNANDES, MD, a married man, as joint tenants with right of

26  survivorship; FIRST SAVINGS BANK, Custodian for Nila Ganahl SEP IRA; STANLEY C.

27  GERMAIN & DOROTHY GERMAIN, husband & wife, as joint tenants with right of

28  survivorship; FIRST SAVINGS BANK, Custodian for Nancy R. Gilmour IRA; JO M.

10

1   GLEDHILL, Trustee of the Gledhill Revocable Family Trust; JOHN A. GODFREY, an

2   individual; FIRST SAVINGS BANK, Custodian for Alan Groh IRA; MICHAEL

3   HADJIGEORGALIS AND BRENDA G. HADJIGEORGALIS, Husband and wife as tenants in

4   common; DANIEL R. HALSETH & SANDRA K HALSETH, Trustees of the Halseth Family

5   Trust restated 4/21/00; CHARLES T. HAMM AND SANDRA L. HAMM, Trustees of the

6   Hamm Trust dated 3/17/05; JOHN A. M. HANDAL, a single man; FIRST SAVINGS BANK,

7   Custodian for John A. M. Handal IRA; DWIGHT W. HAROUFF & MARY ANN HAROUFF,

8   Trustees of the Harouff Charitable Remainder Trust 9/5/96; MARY ANN HAROUFF AND

9   DWIGHT W. HAROUFF, Trustees of the Skip and Mary Harouff Trust dated 12/5/95; T.

10  CLAIRE HARPER, Trustee of the Harper Family Trust dated 2/28/84; JOHN D. HATHCOCK

11  AND SUSAN K. HATHCOCK, husband and wife, as joint tenants with right of survivorship;

12  ROGER N. HAVEKOST, a married man dealing with his sole & separate property; RAYMOND

13  G. HAWKINS, an unmarried man; WALTER F. HENNINGSEN, Trustee of the Walter F.

14  Henningsen Revocable Trust dated 2/18/03; LINDA M. HERDMAN, Trustee for the Linda M.

15  Herdman Family Trust dated 12/11/03; EDWARD W. HOMFELD, an unmarried man; FIRST

16  SAVINGS BANK, Custodian for George W. Hubbard Roth IRA; RONALD A. JOHNSON,

17  Trustee of the Burgarello, Inc. Profit Sharing Plan; FISKO VENTURES, LLC; a Nevada limited

18  liability company; K. KEN KANEDA & BRIGITTE AREND-KANEDA, Trustees of the

19  Kaneda Living Trust dated 5/30/02; STEWART KARLINSKY, a married man dealing with his

20  sole and separate property & MARK WEISSMAN, a married man with his sole and separate

21  property, as joint tenants with the right of survivorship; ARTHUR E. KEBBLE & THELMA M.

22  KEBBLE, Trustees of the Arthur E. Kebble & Thelma M. Kebble Family Trust dated 5/19/95;

23  ROBERT J. KEHL & RUTH ANN KEHL, husband & wife, as joint tenants with right of

24  survivorship; FIRST SAVINGS BANK, Custodian for Lindsey H. Kesler Jr. IRA; NORMAN

25  KIVEN, a married man dealing with his sole & separate property; BERNARD A. KLOENNE,

26  Trustee of the Bernard Kloenne Living Trust dated 10/10/86; L.V. KNIGHT & MARGARET E.

27  KNIGHT, husband & wife, as joint tenants with right of survivorship; MARCIA J. KNOX,

28  Trustee of the Marcia J. Knox Living Trust dated 8/16/04; FIRST SAVINGS BANK, Custodian

11

1  for Stephen V. Kowalski IRA; PAUL N. KRON, Trustee of the Paul Kron Estate Trust dtd
2  06/12/90; PAUL L. KWIATKOWSKI AND COLITA JO KWIATKOWSKI, Trustees of the
3  Kwiatkowski Revocable Trust, dated 12/17/04; MELVIN LAMPH, Trustee of the Melvin
4  Lamph Trust dated 2/19/87; FIRST SAVINGS BANK, Custodian for Donald Lechman IRA;
5  TERESA H. LEE, Trustee of the William W. Lee & Teresa H. Lee 2003 Family Trust
6  Agreement dated 6/26/03; VERUSIO SOLUTIONS, LLC, an unknown business entity; PHILIP
7  LYONS & DORA LYONS, Trustees of the Philip & Dora Lyons Trust UA 8/9/99; THOMAS
8  MARUNA AND SAYURI MARUNA, husband and wife, as joint tenants with the right of
9  survivorship; MORRIS MASSRY, a married man dealing with his sole & separate property;
10 KEVIN A. MCKEE AND PAMELA J. MCKEE, husband and wife, as joint tenants with right of
11 survivorship; RICHARD MCKNIGHT AND SHEILA J. MCKNIGHT, Trustees of the
12 McKnight 2000 Family Trust, dated 4/20/00; DALE J. MCMULLAN, Trustee of the McMullan
13 Living Trust dated 8/19/94; GARY A. MICHELSEN, an unmarried man; JOHN E.
14 MICHELSEN, Trustee of the John E. Michelsen Family Trust dated 11/75; MONIGHETTI,
15 INC., a Nevada corporation; MUKS REALTY, LLC, a California limited liability company;
16 WILLIAM RICHARD MORENO, a married man as his sole & separate property; ANNE
17 MARIE MUELLER, Trustee of the Anne Marie Mueller Trust; DANIEL D. NEWMAN, Trustee
18 of the Daniel D. Newman Trust dated 11/1/92; MARVIN L. NICOLA, Trustee of the Marvin
19 Lynn Nicola Family Trust dated 6/13/78; ALLEN N. NIRENSTEIN & DOROTHY H.
20 NIRENSTEIN, Trustees of the Allen M. Nirenstein & Dorothy H. Nirenstein 1992 Revocable
21 Trust dated 3/4/92; JOHN E. O'RIORDAN & SONHILD A. O'RIORDAN, husband & wife, as
22 joint tenants with the right of survivorship; MARY ESTHER OATES, transfer on death to Linda
23 Mueller; ROBERT L. OGREN, Trustee of the Robert L. Ogren Trust dated 6/30/92 (Acct#2);
24 PHILIP A. PALMINTERE & NANCI S. PALMINTERE, Trustees of the Palmintere Revocable
25 Trust dated 6/19/98; LOWELL ARTHUR PAULSEN AND SHERRI LYNN PAULSEN,
26 Trustees of The Paulsen Family Trust Under Agreement June 25, 1992; ROBERT H.
27 PERLMAN & LYNN R. PERLMAN, Trustees of the Robert H. Perlman & Lynn R. Perlman
28 Trust dated 9/17/92; BETTY J. PHENIX, a married woman dealing with her sole & separate

12

property; ALI PIRANI AND ANISHA PIRANI, husband and wife, as joint tenants with the right of survivorship; JACK POLEN, Trustee of the Jack & Gladys Polen Family Trust dated 6/28/88; SYDNEY QUINN, a married woman dealing with her sole & separate property; DENNIS RAGGI, a married man dealing with his sole & separate property; LEONARD J. RAMOS & CLAUDIA C. RAMOS, Trustees of the Ramos Family Trust dated 8/27/97; FIRST SAVINGS BANK, Custodian For Manuel G. Rice IRA; ARGUEDA R. ROBBIE A/K/A EDA ROBBIE, Trustee of the Eda Robbie Survivor Trust dated 5/22/03; CASSANDRA J. ROBBINS, an unmarried woman; ALAN ROBINSON & GAIL ROBINSON, husband & wife, as joint tenants with right of survivorship; SAUL ROISENTUL & ILENE ROISENTUL, Trustees of the Roisentul Family Trust; SHEILA ROTHBERG, a married woman dealing with her sole & separate property; NICOLAS J. SANTORO AND JUANITA SANTORO, Trustees of the Santoro Family Trust U/T/D 4/29/02; FIRST SAVINGS BANK, Custodian for Nancy C. Serino IRA; DENNIS SIPIORSKI & DONNA SIPIORSKI, husband & wife, as joint tenants with right of survivorship; JON RENO SIRRINE, Trustee of the Sirrene Trust dated 1/28/93; JOYCE E. SMITH, Trustee of the Joyce E. Smith Trust dated 11/3/99; BRUCE SONNENBERG & ROSEMARY SONNENBERG, husband & wife, as joint tenants with right of survivorship; ROBERT S. SPECKERT, Trustee of the Robert S. Speckert Rev. Living Trust dated 6/11/92; T. DWIGHT SPER & BONNIE J. SPER, Trustees of the T.D.S. Revocable Family Trust dated 9/29/98; BRETT W. SPERRY, an unmarried man; WILLIAM SPITZNER & KATHLEEN SPITZNER, husband & wife, as joint tenants with right of survivorship; DUANE STEWARD AND DIANE J. STEWARD, husband and wife, as joint tenants with the right of survivorship; FIRST SAVINGS BANK, Custodian for Allison Sullivan IRA; DR. CAROLE TALAN, an unmarried woman; LUTHER E. TATE, an unmarried man; NORMAN TEETER, a single man; FIRST SAVINGS BANK, Custodian For Louise Teeter IRA Rollover; SIGMUND L. TOMCZAK & DIANA TOMCZAK, Trustees of the Tomczak Family Trust dated 4/25/83; ROBERT C. TOOMBES AND PATSY G. TOOMBES, husband and wife, as joint tenants with the right of survivorship; A'CHUN LIN TSAI, an unmarried woman; DAVID C. WAHL AND MARGARET A. WAHL, husband and wife, as joint tenants with the right of survivorship;

13

1  BRUCE D. WALLACE, Trustee of the B.D.W. 1987 Trust dated 9/29/87; ADRIAN P.

2  WALTON & AMY J. WALTON, husband & wife, as joint tenants with right of survivorship;

3  DAMON PAUL WALTON & REBECCA JEAN WALTON, husband & wife, as joint tenants

4  with right of survivorship; DIANA F. WEILAND, Trustee for the benefit of Gerald R. Weiland

5  & Diana F. Weiland Trust; IRA SERVICES/FIRST REGIONAL BANK, For the benefit of Dale

6  Westerhout IRA; LINDA WIMSATT, Trustee for the Wimsatt Trust dated October 19, 2004;

7  and JULIET WONG, a single woman (hereinafter collectively referred to as "Defendants").

8      3.    Plaintiff is unaware of the true names and capacities, whether individual,

9  corporate, partnership or otherwise, of Defendants Does 1 through 20, inclusive, and therefore

10  sues the Defendants by such fictitious names. Plaintiff is informed and believes and on that basis

11  alleges, that each of the fictitiously named Defendants is, in some manner, responsible for the

12  events and happenings referred to herein, either contractually or tortuously. When Plaintiff

13  ascertains the true names and capacities of Does 1 through 20, it will amend this Complaint

14  accordingly. (Some or all of the named Defendant and Does 1 through 20 are sometimes

15  collectively included in the reference to "Defendants.")

16      4.    Plaintiff is informed and believes, and on that basis alleges, that each Defendant

17  is, and at all times pertinent hereto was, the agent, servant, employee, joint venturer, and/or

18  partner of each of the other Defendants, and in doing the things alleged herein, each Defendant

19  was acting within the scope of the authority conferred upon that party by consent, approval

20  and/or ratification of each of the other Defendants, whether said authority was actual or apparent.

21

22                            **GENERAL ALLEGATIONS**

23      5.    Plaintiff is a Delaware limited liability company that acquired certain real

24  property described on the attached Exhibit "A" ("the Property") for the purpose of thereafter

25  improving the Property.

26      6.    Defendants are a group of individuals, trusts, associations, or other interests

27  which, pursuant to the terms of a Loan Servicing Agreement (the "LSA") collectively through

28  their duly authorized agent, USA Commercial Mortgage Company ("USA Capital"), entered into

14

1  a lending arrangement with the Plaintiff for the acquisition and development of the Property.

2  USA Capital was authorized by each of the Defendants to undertake such actions, enter into such

3  arrangements, and otherwise to perform such acts as were necessary or appropriate to enter into

4  lending relationships with borrowers solicited and obtained by USA Capital including, in this

5  instance, the Plaintiff. At all times pertinent, USA Capital was the duly authorized agent of the

6  Defendants for any and all purposes relating to such lending relationships, including that with

7  Plaintiff.

8    7.    The Defendants are subject to the jurisdiction of this Court pursuant to California

9  Code of Civil Procedure § 410.10 as they have owned, used, possessed, or held a mortgage or

10  other lien on real property within this State, and/or breached a contract in this State by failing to

11  perform acts required by the contract to be performed in this State, and the causes of action

12  asserted herein relate to such acts.

13    8.    Moreover, and as more fully explained hereafter, the forum selection clause

14  contained in paragraph 18 of the Promissory Note dated November 18, 2005, entered into by and

15  between Plaintiff and the Defendants (the "Promissory Note"), a true and correct copy of which

16  is attached hereto as Exhibit "B," and contained in the Loan Agreement dated November 18,

17  2005, a true and correct copy of which is attached hereto as Exhibit "C," are unenforceable and

18  inapplicable under these facts and circumstances because, among other things, the forum

19  selection clauses were non-negotiated, mandatory provisions in the USA Capital and the

20  Defendants' form agreements; enforcement would violate the public policy of this State; and

21  enforcement would transfer an essentially local dispute (ultimately, a foreclosure action and

22  claims related thereto) to an inconvenient and inappropriate forum in order to seriously

23  inconvenience and prejudice the Plaintiff. Therefore, the Defendants are subject to the

24  jurisdiction of, and venue in, this Court.

25    9.    Venue is appropriate in this Court because the Property that is subject to this

26  action is located in the County of Riverside.

27

28

15

## FACTUAL BACKGROUND

10.     Among other potential lending sources approached by the Plaintiff, in or about the Fall 2005, Plaintiff approached the authorized agents of USA Capital (itself the duly authorized agent and representative of the Defendants) to discuss the obtaining of a loan sufficient to undertake entitlement costs and development to improve the use of the Property.

11.     Over the course of the next several months, negotiations continued between the representatives of the Plaintiff, and the duly authorized representatives and agents of USA Capital, including, without limitation Joseph Milanowski ("Milanowski") and Doug Esteves ("Esteves"). At all times during such ongoing negotiations, Milanowski, Esteves, and the other authorized agents and representatives of USA Capital (itself the duly authorized agent and representative of the Defendants) were well aware that Plaintiff's borrowing needs consisted of entitlement costs (for example, costs for consultants, engineers, planners and attorneys) in order to make the project feasible and viable, and that funding of these costs would be required in order for the Plaintiff to utilize the Defendants (acting through their authorized agent, USA Capital) as the lending source rather than other potential lending sources.

12.     As Milanowski, Esteves, and the other duly authorized agents and representatives of USA Capital (itself the duly authorized agent and representative of Defendants) well knew, Plaintiff would undertake entitlement costs on the Property.

13.     Milanowski, Esteves, and the other duly authorized agents and representatives of USA Capital (itself the duly authorized agent and representative of Defendants) also well knew that the failure to fund all of the requested loan would significantly harm and damage Plaintiff, prohibit development on the Property, and would, in effect, destroy the purpose for which the loan was taken.

14.     At all times throughout the negotiations, Milanowski, Esteves, and the other duly authorized agents and representatives of USA Capital (itself the duly authorized agent and representative of Defendants) promised and assured the Plaintiff that the entire amount needed to undertake development of the Property would in fact be funded. Based upon the commitment of the Defendants, action through their duly authorized agent and representative, USA Capital,

16

1 Plaintiff agreed to enter into a lending arrangement with the Defendants which would prove an
2 amount sufficient to commercially develop on the Property.

3      15.      In order to evidence the agreed lending relationship between the Defendants,
4 acting by and through their authorized agent and representative, USA Capital, and the Plaintiff,
5 the following documents, among others, were executed:

6                    (a)      That certain Promissory Note Secured By Deed of Trust dated
7                             November 18, 2005 in the principal amount of $12,600,000 (See,
8                             Exhibit "B");

9                    (b)      The Loan Agreement dated November 18, 2005 (Attached hereto as
10                            Exhibit "C");

11                   (c)      The Deed of Trust (Attached hereto as Exhibit "D"); and

12                   (d)      An Agreement (Attached hereto as Exhibit "E").

13                   (collectively referred to as "the Loan Documents").

14

15     16.      Notwithstanding the date on the Loan Documents, no portion of the loan was
16 actually funded on November 18, 2005. To the contrary, the actual loan closing, and the initial
17 disbursement of any loan proceeds did not occur until December 1, 2005. A true and correct
18 copy of the Loan Closing Statement dated December 1, 2005 is attached hereto and incorporated
19 herein as Exhibit "F."

20     17.      The Loan Agreement, in paragraph 3.2, provide for the advancing of further funds
21 up to the amount of $16,230,000.00, and other portions of the Loan Agreement provided
22 procedures and mechanisms by which such additional advances were to be undertaken, and
23 otherwise addressed lending issues and practices applicable only to advancing additional funds.

24     18.      Plaintiff paid fees, points, and interest based on the full loan amount of
25 $16,230,000.00. Once any amount was funded after the Initial Loan Amount, the entire
26 remainder would be required to be funded. USA Capital committed to advance to Plaintiff the
27 full amount of $16,230,000.00 (See "Agreement," attached hereto as Exhibit "E").

28

17

COMPLAINT

19. Shortly after, if not simultaneous with, the funding of the Initial Loan Amount (i.e. the $12,600,000.00 shown on the Closing Statement), the Defendants advanced the first portion of the funding in the amount of $12,600,000.00 in accordance with the Loan Agreement (See, Exhibit "C"). The advance of this amount was in furtherance of, and consistent with, the representations of Milanowski, Esteves, and the other duly authorized agents and representatives of USA Capital (itself the duly authorized agent and representative of Defendants) that the loan in its entirety would be funded (in accordance with the Loan Documents).

20. After receiving the initial disbursement of funds from Defendants, Plaintiff commenced development on the Property. As had been well known to all parties from the time the loan first began to be negotiated forward, such development required ongoing services of consultants, engineers, planner and attorneys, which would then lead, if not paid, to the imposition of varieties of liens upon the Property, the commencement of litigation, and the inevitable cessation of development.

21. Notwithstanding the implicit representations and commitments made by Milanowski, Esteves, and the other duly authorized agents and representatives of USA Capital (itself the duly authorized agent and representative of Defendants) of financial strength and stability, and unbeknownst to Plaintiff, USA Capital, and its affiliated entities, including, without limitation, USA Capital First Trust Deed Fund, LLC (the "Fund"), were then in dire financial straights, with an ever-worsening financial condition. Unbeknownst to Plaintiff, USA Capital had apparently, among other things, pooled monies received as payments on various loans, and disbursed such amounts to investors on all loans regardless of the source of the actual payment; had compromised the total amount of certain indebtedness, or, at least, had not remitted the applicable amounts to the investors on any specific loan; had released collateral or compromised or satisfied certain debts without the knowledge of or payment to the applicable investors; and/or had engaged in other acts and practices, including the diversion of funds, from the appropriate, ultimate payee.

22. Upon information and belief, by the time the documents evidencing the lending arrangement between Plaintiff and Defendants were executed in November 2005, and certainly

18

by the time of the disbursement of the Initial Loan Amount to Plaintiff, the authorized agents and representatives, including Milanowski and Esteves of USA Capital (which itself was acting as the duly authorized agent and representative of Defendants) were well aware of the dire financial straights in which USA Capital and its affiliated entities, including the Trust, then existed; that existing management, including Milanowski, was likely to be replaced (and in fact has now has been replaced by Thomas Allison, Chief Restructuring Officer of Mesirow Interim Financial Management, LLC) and that the filing of bankruptcy was likely, if not imminent. All such authorized representatives and agents likewise knew that, upon the filing of bankruptcy, or simply because of the deteriorating financial condition of USA Capital and its affiliated entities, that the ultimate funding of the full loan amount of $16,230,000.00 would not likely occur. Notwithstanding such knowledge, the authorized agents and representatives of USA Capital (itself the duly authorized agent and representative of Defendants) induced Plaintiff to close on the Loan Documents and to commence development on the Property, knowing the damage that would ensue from the later failure to fund. Upon information and belief, USA Capital, the duly authorized agent and representative of the Defendants, undertook the actions and conduct described herein in order to obtain the origination fee based on the total funding obligation of $16,230,000.00 (which was then desperately needed by USA Capital) and to provide additional monies as a source of funds to add to the pool for potential disbursement to the direct lenders on various loans.

23.     On April 13, 2006, USA Capital, the Trust, and various other affiliated entities filed voluntary petitions under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada. All such cases remain pending. Since the filing of the bankruptcy cases, former management of USA Capital (including Milanowski) has been displaced and Thomas Allison inserted as the Chief Restructuring Officer of USA Capital and its affiliated debtors. Moreover, the bankruptcy court in the bankruptcy cases has to this point not permitted further funding on any of the pre-petition loan commitments made by USA Capital, on behalf of any of its investors, including the Defendants, notwithstanding the acknowledgement of the Debtor representatives of the existence

19

of such commitments and the extensive damage to borrowers – including Plaintiff – from the cessation of funding, and the likely litigation that will ensure from failure to do so.

24.    Consequently, and notwithstanding the promises, commitments, representations and agreements of the duly authorized agents and representatives, including Milanowski, Esteves, and the other duly authorized agents and representatives of USA Capital (itself the duly authorized agent and representative of Defendants), and the terms of the Loan Agreement and Promissory Note, as construed, interpreted and acted upon by the parties, no further funding of the loan has occurred. A request was submitted by Plaintiff in or around May 22, 2006, advising that the funding schedule is 45 days behind schedule and requesting USA Capital to adhere to the schedule (See, letter dated May 22, 2006, attached hereto as Exhibit "G"). No response has been received from the Defendants, USA Capital, and/or the Disbursing Agent since the submission of such draw request. Notwithstanding the failure to fund the requested amount, and notwithstanding the cessation of the funding of the loan generally, upon information and belief the Disbursing Agent continues to disburse monthly to USA Capital, for ultimate disbursement to the Defendants, the amount of the alleged interest accruing monthly on the Initial Loan Amount.

25.    Because of the cessation of funding, development at the Property has come to a virtual halt, the consultants, engineers, and others who worked on entitlement have not been paid, and the project is at a substantial risk of becoming, and is likely to become, embroiled in significant litigation. Plaintiff has now likewise been advised that because of the delay in development, if and when development is able to be resumed, the cost of the required services and materials will have increased significantly. Finally, and because of the virtual cessation of development as a result of the Defendants' cessation of funding, complying with the required completion deadline is unlikely, and substantial ramp-up costs will be incurred to re-ignite the development process. Consultants would leave due to non-payment, creating a lack of continuity in development of the Property.

26.    Because of the pendency of the bankruptcy cases of USA Capital and the Trust, both of which are two of the approximately 100 persons, entities and other interests which

comprise the Defendants, USA Capital and the Trust have not been named as defendants in this action. Nonetheless, Plaintiff will be seeking relief from the automatic stay of Section 362 of the Bankruptcy Code to add USA Capital and the Trust as party defendants in order to liquidate the claims against all Defendants, including USA Capital and the Trust in one action, and to otherwise liquidated whatever other claims Plaintiff may have against USA Capital and/or its affiliated entities, at one time.

27.    In addition, Plaintiff intends to seek relief from the automatic stay of Section 362 of the Bankruptcy Code to send notice to the Disbursing Agent to cease disbursing the interest amounts monthly on the Promissory Note given that Plaintiff contends it has setoffs and affirmative claims against the Defendants which far exceed the amounts owing on the Note. Even if such relief from the automatic stay is denied, once the interest reserve is exhausted, Plaintiff will not fund further interest payments to the Defendants. Consequently, the Defendants will be required, in order to recover on the indebtedness, to institute an action to foreclose the Deed of Trust in this Court. The claims asserted herein would appear to be compulsory counter-claims in any such foreclosure litigation. The foreclosure litigation may only be brought in the jurisdiction in which the property exists and the facts and circumstances certainly give rise to defenses and affirmative defenses in such litigation. Because the forum selection clauses contained in the Loan Documents were non-bargained for, mandatory provisions in USA Capital's and Defendants' form loan documents; are unreasonably one-sided; violate the public policy of this State; and purports to transfer a local dispute to an inconvenient and prejudicial forum to the benefit of the drafting party, such provisions are unenforceable.

28.    Plaintiff has been required to retain the services of the Law Office of Daniel D. White to enforce its rights and pursue the claims set forth herein, and has agreed to pay such attorneys a reasonable fee for their services.

29.    All conditions precedent to the institution of this action have been waived, excused, or otherwise performed.

21

## FIRST CAUSE OF ACTION:

## FRAUD

### (Against All Defendants)

30. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 29, inclusive, and incorporates the same herein as though set forth in full.

31. As alleged herein, Milanowski, Esteves, and the other duly authorized agents and representatives of USA Capital (itself the duly authorized agent and representative of Defendants) repeatedly represented to Plaintiff that the loan would be fully funded (i.e., in the amount of $16,230,000.00 as set forth in the Agreement, See, Exhibit "E"), notwithstanding whatever language may occur in the mandatory, non-bargained for, form documents utilized by USA Capital in its business practices. Such representations were made at a time when the duly authorized representatives of USA Capital knew that given the dire financial circumstances of USA Capital and its affiliated entities that the loan would not likely be fully funded. Such false representations were made in order to induce reliance thereon by Plaintiff.

32. But for such materially false representations and inducements, Plaintiff would not have entered into the loan arrangement with Defendants and would have sought financing elsewhere.

33. Plaintiff did, in fact, rely upon such false, material representations and inducements in entering into the loan arrangement with Defendants and the commencement of development on the Property.

34. Based upon such materially false representations and inducements by the duly authorized agents and representatives of Defendants, made with the intent that Plaintiff rely upon, and upon which Plaintiff did in fact rely, Plaintiff has incurred extensive damage, which is ongoing and increasing, in an amount to be proven at trial.

35. Plaintiff is informed and believes that the wrongful conduct of Defendants and their duly authorized agents and representatives was willful, malicious, and made with the intent to and designed to obstruct and damage Plaintiff. Plaintiff is therefore entitled to recover exemplary and punitive damages in a sum sufficient to punish Defendants.

22

## SECOND CAUSE OF ACTION:

## BREACH OF IMPLIED COVENANT OF GOOD FAITH

## AND FAIR DEALING

### (Against All Defendants)

36.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 35, inclusive, and incorporates the same herein as though set forth in full.

37.     Every contract relating to the Loan Documents includes a covenant of good faith and fair dealing in the performance of each contractual obligation.

38.     The Defendants, acting by and through their authorized agent, USA Capital, failed to fund the entire amount of the loan (i.e., in the amount of $16,230,000.00 as set forth in the Agreement, See, Exhibit "E") after inducing Plaintiff into the loan arrangement generally.

39.     Milanowski, Esteves, and the other duly authorized agents and representatives of USA Capital (itself the duly authorized agent and representative of Defendants) repeatedly represented to Plaintiff that the loan would be fully funded despite the fact that they knew that given the dire financial circumstances of USA Capital and its affiliated entities that the loan would not likely be fully funded.

40.     The wrongful conduct of Defendants, acting by and through their authorized agent, USA Capital, constitutes a breach of the implied covenant of good faith and fair dealing, in that it is unfair dealing in the form of conscious and deliberate acts that unfairly frustrates the agreed-upon purpose of the Loan Documents and disappoints the reasonable expectations of Plaintiff.

41.     Plaintiff is informed and believes that the Defendants, acting by and through their authorized agent, USA Capital, acted in bad faith to frustrate the benefits Plaintiff was to receive under the loan arrangement.

42.     Based upon such wrongful conduct by the duly authorized agents and representatives of Defendants, Plaintiff has incurred extensive damage, which is ongoing and increasing, in an amount to be proven at trial.

23

43.    Plaintiff is informed and believes that the wrongful conduct of Defendants and their duly authorized agents and representatives was willful, malicious, and made with the intent to and designed to obstruct and damage Plaintiff. Plaintiff is therefore entitled to recover exemplary and punitive damages in a sum sufficient to punish Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

ON ALL CAUSES OF ACTION:

1.    For compensatory and consequential damages in an amount to be proven at trial;

2.    For punitive damages;

3.    For attorneys' fees for services rendered to Plaintiff in this action;

4.    For costs of suit incurred herein; and

5.    For such other and further relief as this Court deems just and proper.

Dated: October 3, 2006

Law Office of Daniel D. White

DANIEL D. WHITE
Attorneys for Plaintiff GATEWAY STONE
ASSOCIATES, LLC

24

COMPLAINT