**LEWIS AND ROCA LLP**
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-0961
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429
Facsimile (602) 734-3824
Telephone (602) 262-5311

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 0065934
Email: rcharles@lrlaw.com

Attorneys for Official Committee of Unsecured Creditors

E-Filed on October 20, 2006

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.: BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | JOINTLY ADMINISTERED UNDER<br>BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br><br>Debtor. | Chapter 11 Cases<br><br>Judge Linda B. Riegle Presiding |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND,<br>LLC,<br><br>Debtor. | **JOINT RESPONSE TO MOTION TO EXCLUDE DEBTORS FROM HAVING TO FILE INTER-COMPANY CLAIMS AGAINST EACH OTHER BY THE BAR DATE, OR ALTERNATIVELY FOR THE APPROVAL OF THE IMMEDIATE APPOINTMENT OF SPECIAL COUNSEL TO FILE AND PURSUE THE INTER-COMPANY DEBTOR CLAIMS** |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Date: October 30, 2006<br>Time: 9:30 a.m. |

The Official Committee of Unsecured Creditors of USA Commercial Mortgage Company ("UCC"), the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC ("Diversified Committee"), the Official Committee of

208405.1

LEWIS AND ROCA LLP
LAWYERS

Equity Security Holders of USA Capital First Trust Deed Fund, LLC ("FTDF Committee"), and the Official Committee Of Holders of Executory Contract Rights Through USA Commercial Mortgage Company ("Direct Lenders Committee") jointly support in part and oppose in part Debtors' Motion to Exclude Debtors From Having To File Inter-Company Claims Against Each Other By The Bar Date, Or Alternatively For The Approval Of The Immediate Appointment Of Special Counsel To File And Pursue The Inter-Company Debtor Claims (the "Motion") (DE 1469).

The Committees concur that, given the potential conflicts of interest among the Debtors, that the Debtors' professionals should not be tasked with having to file inter-company claims for and against each of the Debtors' estates by the November 13, 2006 bar date.

The Committees support the Debtors' professionals' proposed solution of extending the bar date for filing the inter-company claims to a later date and suggest that December 1, 2006 be the inter-company claim bar date. The Committees are negotiating a joint plan term sheet that would resolve and fix the allowed amount of such inter-company claims. Most likely, this joint plan term sheet will form the basis for a further modified plan of reorganization that will be filed on or before the modified Plan solicitation packages are mailed, if not sooner. In the event the Committees are unable to reach agreement on the joint plan term sheet, then the inter-company claims can be prepared at such later date.

The Committees, however, believe that the Debtors' professionals' alternative solution of employing special counsel in each of the estates to prepare inter-company claims is unnecessary and wastefully expensive. Rather, in the event the inter-company claim bar date is not extended, each of the UCC, Diversified Committee and FTDF Committees represents the applicable constituency primarily affected by inter-company claims for their respective estates. Accordingly, each of these Committees (through their

respective Committee professionals) should be authorized by the Debtors, and this authority confirmed by this Court, to file inter-company claims for their respective estates.

Stipulated representation of a debtor's estate by an official committee is permissible under *Liberty Mutual Insurance Company v. Official Unsecured Creditors Committee of Spaulding Composites Co. (In re Spaulding Composites Co.)*, 207 B.R. 899, 904 (9th Cir. BAP 1997), which stated:

> This case is somewhat unusual in that the setting for derivative litigation often involves a debtor-in-possession ("DIP") who is hostile to proposed litigation. *See e.g. Curry*, 57 B.R. at 828,[1] *Louisiana World Exposition v. Federal Ins. Co.*, 858 F.2d at 247;[2] *In re STN Enterprises*, 779 F.2d at 901.[3] In that setting, the concern is that the DIP is failing to attend to litigation which it should pursue. Here, however, rather than opposing the Committee's suit, Spaulding approved of it, and Liberty argues the converse to the above – that is, Liberty argues that the Committee is fostering estate litigation which should not be pursued. The question then, is whether a DIP may stipulate to representation by an unsecured creditors' committee. We hold that it may.[4]

In addition, Bankruptcy Code § 1103(c)(5) states "A committee appointed under section 1102 of this title may perform such other services are in the interest of those represented."[5]

Further, the Committees respectfully request that if claims must be filed by the existing November 13, 2006 deadline, then the Committees should be authorized to file inter-company claims in an undetermined amount, which claims can be later modified, if necessary. There is no need to incur the significant expense to review, research and prepare all of the Debtors' claims against one another, and the filing of claims in undetermined amounts will preserve the claims. As mentioned above, the Committees are hopeful that they will reach a global resolution for these cases soon that will, among other issues, fix the allowed amount of inter-company claims. It would be a significant waste of

---

[1] *In re Curry and Sorensen, Inc.*, 57 B.R. 824 (9th Cir. BAP 1986).
[2] *Louisiana World Exposition v. Federal Ins. Co.*, 858 F.2d 233 (5th Cir. 1988).
[3] *In re STN Enterprises*, 779 F.2d 901 (2nd Cir. 1985).
[4] *See also, In re Commodore Intern. Ltd.*, 262 F.3d 96, 99-100 (2nd Cir. 2001); *In re Walnut Leasing Co.*, 1999 WL 729267 (E.D. Pa. 1999).
[5] *See Official Committee of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 562 (3rd Cir. 2003); *contra, In re Fox*, 305 B.R. 912 (10th Cir. BAP 2004).

investors' and creditors' potential recoveries to require the Committees to file the inter-company claims in fixed amounts at this time given that the parties may very well resolve these claims consensually in the near term. In the event such agreement is not reached among the Committees by a date certain (and December 1, 2006 may be such date), then estate funds should be used by the Committees to review, research and prepare these claims.

### Conclusion

The Committees support the Debtors' request to be excused from the obligation to file inter-company claims by the bar date, but vigorously oppose the Debtors' suggestion to employ three additional sets of counsel in these cases for this task. The Committees support the Debtors' suggestion that the inter-company bar date be extended (possibly to December 1, 2006) or, in the event such bar date is not extended, obtaining authorization from the Court to permit the UCC, the Diversified Committee and FTDF Committees to file the requisite inter-company claims in unknown amounts.

Dated October 20, 2006.

**LEWIS AND ROCA LLP**

By /s/ RC (NV Bar #006593)
Susan M. Freeman, AZ 4199 (pro hac vice)
Rob Charles, NV 6593
*Attorneys for Official Unsecured Creditors' Committee for USA Commercial Mortgage Company*

**STUTMAN TREISTER & GLATT, P.C. and SHEA & CARLYON, LTD.**

By:_____
    Eve Karasik
    Christine M. Pajak
    Candace C. Carlyon
*Counsel for The Official Committee Of Equity Security Holders of USA Capital First Trust Deed Fund LLC*

**ORRICK, HERRINGTON & SUTCLIFF, LLP and BECKLEY SINGLETON CHTD.**

By:   AML (NV Bar #8164)_____
    Marc A. Levinson
    Anne M. Loraditch
*Counsel for Committee of USA Capital Diversified Trust Deed Fund LLC*

**GORDON & SILVER, LTD.**

By: _____
    Gerald M. Gordon
    Gregory E. Garman
*Counsel for Official Committee Of Holders of Executory Contract Rights Through USA Commercial Mortgage Company*

208405.1

**STUTMAN TREISTER & GLATT, P.C. and SHEA & CARLYON, LTD.**

By:_____
  Eve Karasik
  Christine M. Pajak
  Candace C. Carlyon
*Counsel for The Official Committee Of Equity Security Holders of USA Capital First Trust Deed Fund LLC*

**ORRICK, HERRINGTON & SUTCLIFF, LLP and BECKLEY SINGLETON CHTD.**

By: _____
  Marc A. Levinson
  Anne M. Loraditch
*Counsel for Committee of USA Capital Diversified Trust Deed Fund LLC*

**GORDON & SILVER, LTD.**

By: _____
  Gerald M. Gordon
  Gregory E. Garman
*Counsel for Official Committee Of Holders of Executory Contract Rights Through USA Commercial Mortgage Company*

5

404107v1

208405.1

STUTMAN TREISTER & GLATT, P.C. and
SHEA & CARLYON, LTD.

By: /s/ Eve H. Karasik
Eve Karasik
Christine M. Pajak
Candace C. Carlyon
*Counsel for The Official Committee Of Equity Security Holders of USA Capital First Trust Deed Fund LLC*

ORRICK, HERRINGTON & SUTCLIFF, LLP and
BECKLEY SINGLETON CHTD.

By: _____
Marc A. Levinson
Anne M. Loraditch
*Counsel for Committee of USA Capital Diversified Trust Deed Fund LLC*

GORDON & SILVER, LTD.

By: _____
Gerald M. Gordon
Gregory E. Garman
*Counsel for Official Committee Of Holders of Executory Contract Rights Through USA Commercial Mortgage Company*

404107v1    208405.1