**LEWIS AND ROCA LLP**
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-0961
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429
Facsimile (602) 734-3824
Telephone (602) 262-5311

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 0065934
Email: rcharles@lrlaw.com

Attorneys for Official Committee of Unsecured Creditors

E-Filed on October 23, 2006

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case Nos.: BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | JOINTLY ADMINISTERED UNDER BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Chapter 11 Cases<br><br>Judge Linda B. Riegle Presiding |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ORDER APPROVING RETENTION PLAN OF DEBTOR'S REMAINING EMPLOYEES** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | Date: October 25, 2006<br>Time: 9:30 a.m. |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |

The Official Committee of Unsecured Creditors of USA Commercial Mortgage Company (the "Committee"), submits this Reply Memorandum and the attached Declaration in support of the Debtors' Motion for Order Approving Retention Plan of

208583.1

Debtor's Remaining Employees (the "Motion") (DE 1429). In particular, the Committee addresses the assertion of the Office of the United States Trustee that the proposed bonus and incentive payments are not justified by the facts and circumstances of this case.

As Mr. Burr's Declaration as well as the Debtors' declarations demonstrate, USA Commercial Mortgage Company ("USACM") provides loan servicing for the Lenders, including Direct Lenders, as well as USA Capital Diversified Trust Deed Fund, LLC ("Diversified") and USA Capital First Trust Deed Fund, LLC ("First Trust"). Its loan servicing functions require employees to monitor and collect loans, administer requests for pay-offs, and otherwise deal with borrowers. In addition, the loan servicing function requires providing information to Lenders about their loans, accounting for payments received and sums due to Lenders, all of which has become substantially more complex in light of the hold-backs authorized by this Court's prior orders. Separately, USACM provides accounting for Diversified and First Trust.

In addition, USACM is a debtor in a complex Chapter 11 bankruptcy case, responding to requests for information from a myriad of constituencies, including the official Committees, the United States Trustee, the Court, regulators, creditors, investors in the Funds, and interested parties. It needs employees to identify where information can be located and then to provide that information as requested.

Debtors' motion, and the Committee's independent investigation, suggests that the ongoing loss of employees is approaching a critical stage. At some point, the lack of employees means that there is no one left with institutional knowledge, and no one available to service loans or provide requested information. Failure to collect loans hurts Lenders, hurts the Funds to the extent of their interests in the loans, and hurts USACM by its inability to collect loan servicing and other fees. An inability to collect loans would be a breach of applicable loan service agreements and could give rise to Lender damage claims.

208583.1

The alternative to retaining employees is either to hire new employees who lack knowledge of the business, experience and training, or to hire subcontractors or employees of Mesirow Interim Financial Management on an interim basis. Employees hired on an interim basis, or independent contractors, will be hired at a substantially higher rate of compensation than retaining existing employees. New employees obviously lack any institutional knowledge, and consequently their job performance will be materially less efficient, and they will have less ability to provide loan servicing and information response, than would continuing employees of the companies.

The Committee evaluated Debtors' request for approval of the employee retention program. The program offered to this Court was provided only after negotiations with the Committee, as well as representatives of the other official Committees. While not a perfect plan from the Committee's perspective, the compensation package is not overly generous and is tied to the employees' continued retention at the company. For example, the accruing severance obligation is payable to the employee only if and when the employee is terminated by USACM. An employee who voluntarily leaves USACM for another job forfeits the severance, thus giving the employee an economic incentive to stay at work in a job that will not be long term in nature.

For these reasons, the Committee respectfully suggests that there is in fact substantial justification for the proposed program under the facts and circumstances of the case.

Finally, it is impossible for this writer to understand why the Direct Lenders represented by Jones Vargas oppose the retention program, other than as part of a continuing effort to cause USACM to fail. Apparently, the JV Direct Lenders believe that their interests are best served if USACM is unable to service any Loans and, in their particular circumstances, it is to their economic advantage to obtain a new servicing agent in a crisis environment.

208583.1



1  Accordingly, the Committee respectfully requests that the Court approve the
2  motion.
3  Dated October 23, 2006.

**LEWIS AND ROCA LLP**

By /s/ RC (#006593)
Susan M. Freeman, AZ 4199 (pro hac vice)
Rob Charles, NV 6593
*Attorneys for Official Unsecured Creditors' Committee for USA Commercial Mortgage Company*

208583.1

LEWIS AND ROCA LLP
LAWYERS

## DECLARATION OF EDWARD M. BURR

I, Edward M. Burr, hereby declare under penalty of perjury that:

1. I am a principal with Sierra Consulting Group, LLC ("Sierra"). Sierra has been employed as financial adviser employed with the Court's approval by the Official Committee of Unsecured Creditors (the "Committee")

2. I submit this declaration on behalf of the Committee's Reply In Support Of Motion For Order Approving Retention Plan Of Debtor's Remaining Employees.

3. At the request of the Committee, I investigated the merits of the proposed retention plan, and negotiated the proposed terms on behalf of the Committee with representatives of Mesirow Interim Financial Management.

4. I reviewed the employees for whom bonus and severance payments are proposed to be made, considered their job function, the need for and expense of retaining alternate employees, and compared that cost against the proposed cost of the retention plan.

5. In the course of negotiations with Mesirow, the retention plan was changed to provide somewhat less compensation to the employees but, more importantly, to create compensation incentives to the employees to stay with the company as long as they are needed.

6. For example, severance pay is paid to an employee only if and when that employee's employment is terminated by USACM. The additional 2% severance will not be payable if the employee voluntarily leaves.

7. I have served as restructuring officer as well as financial advisor to a number of distressed companies. In that capacity, I have personal experience with the pros and cons of providing employee retention packages in order to maintain existing employees. Such packages must be carefully tailored to ensure that necessary employees are provided

208583.1

a reasonable incentive to stay, while unnecessary payments are not made to the employees, and thus to the detriment of creditors.

8. It is my opinion that while the retention plan proposed by Debtors is not, in my view, perfect, it is a reasonable retention plan and considerably less expensive to the interests of creditors than with the cost of either having no employees, and shutting the company down, or replacing the employees with contract employees. Further, replacement employees would have none of the institutional knowledge that existing employees have today.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: October 23, 2006.

/s/ EMB
_____
Edward M. Burr

208583.1