E-Filed October 23, 2006

GORDON & SILVER, LTD.
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: gmg@gordonsilver.com
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: geg@gordonsilver.com
MATTHEW C. ZIRZOW, ESQ.
E-mail: mcz@gordonsilver.com
Nevada Bar No. 7222
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for the Official Committee
of Holders of Executory Contract Rights
through USA Commercial Mortgage Company

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>            Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>            Debtor. | BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>            Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>            Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>            Debtor. | Date:  October 25, 2006<br>Time:  9:30 a.m. |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |

### OFFICIAL COMMITTEE OF DIRECT LENDERS' STATEMENT IN SUPPORT OF MOTION FOR ORDER SCHEDULING AN AUCTION FOR THE SALE OF CERTAIN ASSETS, APPOINTING SPCP GROUP, LLC, AS LEAD BIDDER, AND APPROVING BID PROCEDURES AND PROTECTIONS

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/432461.doc

The Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company (the "Official Committee of Direct Lenders"), by and through its counsel, the law firm of Gordon & Silver, Ltd., hereby submits the following Statement ("Statement") in Support of Motion for Order Scheduling An Auction for the Sale of Certain Assets, Appointing SPCP Group, LLC as Lead Bidder, and Approving Bid Procedures and Protections (the "Bid Procedures Motion").

This Statement is made and based upon the legal argument contained herein, the papers and pleadings contained in the Court's file, judicial notice of which is respectfully requested, and any argument to be entertained at any hearing on Debtors' Bid Procedures Motion.[1]

## I.
## THE OFFICIAL COMMITTEE OF DIRECT LENDERS SUPPORT THE BID PROCEDURES MOTION

As set forth herein, the Official Committee of Direct Lenders fully supports the Debtors' Bid Procedures Motion as being the most efficient way to (1) maximize value to Debtors' various estates; (2) provide a mechanism to find a replacement loan servicer for the remaining loan portfolio; and (3) provide a foundation on which to confirm a consensual plan.

A.   **The Loan Service Agreements.**

As this Court is aware, the loan portfolio brokered by USACM is short-term in nature with maturity dates of generally no more than two (2) years. As the portfolio evolves during these proceedings, the natural result has been the satisfaction of "performing" loans leaving an ever increasing proportional share of "non-performing" loans. This continued deterioration of the overall portfolio, when taken together with the fact that USACM has already consumed the most profitable components of each loan (origination fees, extension fees, equity participation,

---

[1] Unless otherwise defined herein, all defined terms have the meaning ascribed to them in Debtors' Motion for Order Scheduling an Auction for the Sale of Certain Assets, Appointing Silver Point Group, LLC as Lead bidder, and Approving Bid Procedures and Protections, Docket No. 1352.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/432461.doc

2

success fees, etc.) has made the marketing of the servicing rights under the LSAs exceptionally difficult.

### B. The Economic Decision to Tie the Sale of Servicing Rights to the Sale of FTDF Assets.

For the reasons set forth above, it has proven difficult to find a replacement loan servicer, let alone one willing to pay for the right to service Direct Lender loans. Anecdotally, the sale process has not resulted in the presentation of any bid by a loan servicer contemplating the transfer of only the rights and obligations under the LSAs without the purchase of other estate assets. Quite to the contrary, servicing rights under the LSAs have more value to those bidding for the assets of the FTDF as it provides a mechanism to realize the spread between the FTDF purchase price and face amount of the notes through diligent and effective collection efforts. Without linking the sale of FTDF assets to the transfer of LSA servicing rights, Direct Lenders run the risk of having to come out of pocket to find a replacement loan servicer.

### C. The Official Committee of Direct Lenders is Confident in Silver Point's Ability to Perform Under the LSAs.

The Official Committee of Direct Lenders and their professionals have met on several occasions with principals of Silver Point and are confident in their ability to perform under the LSAs. While it is true that Silver Point is a hedge fund whose primary interest is in purchasing the FTDF loan portfolio, they have demonstrated an ability to service. Among other information provided to the Official Committee of Direct Lenders is evidence that Silver Point has the experience and necessary expertise to effectively service the Direct Lender loans.

### D. Approval of the Bid Procedures Motion will Reduce Administrative Expenses.

One of the Official Committee of Direct Lenders' primary goals is to effectuate a transfer of LSA servicing rights as soon as possible. Given the pace at which administrative claims are accruing, approval of the Bid Procedures Motion and confirmation of a plan will relieve

Mesirow of their obligation to perform servicing functions and will help reduce the pace of professional fees.

### E. The Failure to Find a Replacement Loan Servicer will Result in Chaos for Direct Lenders.

For individual Direct Lenders, the worst case scenario is that a replacement servicer cannot be found and the LSAs are rejected as being a burden to the Estate. In such a scenario, hundreds of Direct Lenders on individual loans, who are not in contact with one another and spread out across the country, would be unable to take any meaningful action under their respective loans. Among other things, there would be no party to perform accountings, deal with non-performing loans, coordinate foreclosures or even accept monthly payments. To ensure there is an orderly process by which to select a replacement servicer, the Official Committee of Direct Lenders supports the Bid Procedure Motion.

## II.
## CONCLUSON

For the reasons set forth herein, the Official Committee of Direct Lenders supports approval of the Bid Procedures Motion and for such further relief as is necessary.

DATED this 23rd day of October, 2006.

GORDON & SILVER, LTD.

By /s/
GERALD M. GORDON, ESQ.
GREGORY M. GARMAN, ESQ.
MATTHEW C. ZIRZOW, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89109
Attorneys for the Official Committee
of Holders of Executory Contract Rights through
USA Commercial Mortgage Company ("Official
Committee of Direct Lenders")

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796 5555

100933-001/432461.doc

4