GORDON & SILVER, LTD.                         E-Filed On 10/24/06
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: gmg@gordonsilver.com
BRIGID M. HIGGINS, ESQ.
Nevada Bar No. 5990
E-mail: bmh@gordonsilver.com
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: geg@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for the Official Committee
of Holders of Executory Contract Rights through
USA Commercial Mortgage Company

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>　　　　　　　　　　　　Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>　　　　　　　　　　　　Debtor. | BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>　　　　　　　　　　　　Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>　　　　　　　　　　　　Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>　　　　　　　　　　　　Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☒ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Date: October 30, 2006<br>Time: 9:30 a.m. |

**OFFICIAL COMMITTEE OF DIRECT LENDERS' OPPOSITION MOTION TO AUTHORIZE DEBTOR USA COMMERCIAL MORTGAGE COMPANY AS LOAN SERVICER TO APPROVE LOAN MODIFICATION FOR PALM HARBOR ONE LOAN, TO PROVIDE THE PREVIOUSLY AUTHORIZED SUBORDINATION OF THE MARLTON SQUARE 2ND LOAN IN CONNECTION WITH THE PAYOFF OF THE MARLTON SQUARE 1ST LOAN, TO AUTHORIZE A SHORT-TERM FORBEARANCE FOR THE MARLTON SQUARE 1ST LOAN, AND TO GENERALLY AUTHORIZE SHORT-TERM LOAN FORBEARANCES AND FULL RELEASES AND RECONVEYANCES FOR LOANS PAID OFF IN FULL [AFFECTS DEBTORS USA COMMERCIAL MORTGAGE COMPANY AND USA CAPITAL FIRST TRUST DEED FUND]**

100933-001/432430.doc

The Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company (the "Official Committee of Direct Lenders"), by and through its counsel, the law firm of Gordon & Silver, Ltd. ("G&S"), hereby submits its Opposition (the "Opposition") to the Motion To Authorize Debtor USA Commercial Mortgage Company As Loan Servicer To Approve Loan Modification For Palm Harbor One Loan, To Provide The Previously Authorized Subordination Of The Marlton Square 2nd Loan In Connection With The Payoff Of The Marlton Square 1st Loan, To Authorize A Short-Term Forbearance For The Marlton Square 1st Loan, And To Generally Authorize Short-Term Loan Forbearances And Full Releases And Reconveyances For Loans Paid Off In Full [Affects Debtors USA Commercial Mortgage Company And USA Capital First Trust Deed Fund] (the "Motion") filed by USA Commercial Mortgage Company ("USACM").

This Opposition is made and based on the points and authorities which follow, the papers and pleadings contained in the Court's file, judicial notice of which is hereby requested.

WHEREFORE, the Official Committee of Direct Lenders respectfully requests that the Motion be denied.

DATED this 24" day of October, 2006.

GORDON & SILVER, LTD.

By

GERALD M. GORDON, ESQ.
BRIGID M. HIGGINS, ESQ.
GREGORY M. GARMAN, ESQ.
Attorneys for the Official Committee
of Holders of Executory Contract Rights
through USA Commercial Mortgage Company
("Official Committee of Direct Lenders")

## POINTS AND AUTHORITIES

### I.
### STATEMENT OF FACTS

A.    **The Motion.**

1.    On October 4, 2006, USACM filed the Motion requesting, among other things, that USACM be authorized to do the following:

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/432430.doc

a.    to modify the loan ("Palm Harbor One Loan") on the Palm Harbor One project ("Palm Harbor One Project") to reduce the minimum sale prices and corresponding release prices for the condominium units for the Palm Harbor One Project by 20%.

b.    to execute necessary documentation to subordinate a 2nd priority lien on a loan ("Marlton Square 2nd Loan") to a new development or construction loan for the Marlton Square project ("Marlton Square Project").

c.    to forbear from exercising collection remedies against the 1st priority lien on a loan ("Marlton Square 1st Loan") on the Marlton Square Project, which matured on September 19, 2006, until November 19, 2006.

d.    agree to short-term forbearances for other unnamed loans being serviced by USACM and to provide full releases and reconveyances for unnamed loans that are being paid in full consistent with the terms of the Loan Servicing Agreements.

e.    to waive the 10-day stay requirements of bankruptcy Rule 6004(g) on any order entered for the requested relief.

See Motion, p. 2, ll. 10-27, p. 3, ll. 1-9, p. 13, ll. 11-16.

2.    USACM seeks authority to do the above-listed items pursuant to 11 U.S.C. §§ 105(a) and 363(b)(1).

3.    In the Motion, USACM states that Direct Lenders are involved the Palm Harbor One Loan, the Marlton Square 2nd Loan and the Marlton Square 1st Loan.

4.    In the Motion, USACM states that it has not provided notice of any kind to the Direct Lenders involved in the Marlton Square 2nd Loan or requested consent of the Direct Lenders involved in the Marlton Square 2nd Loan for the requested relief USACM seeks. See Motion, p. 10, ll. 20-25.

5.    The Official Committee of Direct Lenders opposes the Motion as it relates to each of the above-requested relief and sets forth specific concerns and objections below. The Official Committee of Direct Lenders does not take a position on the economic prudence of the requested relief as it simply does not have enough information to evaluate that aspect of the requested relief.

**B.    Palm Harbor One Loan.**

1.    Generally, the Palm Harbor One Loan was originated on December 15, 2005. The Palm Harbor One Loan provides for a loan in the initial amount of $26,200,000, with the

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/432430.doc

3

right, but not the obligation, to increase the loan to $29,000,000. USACM states that the principal balance of the Palm Harbor Loan is $27,626,770.51. See Motion, p. 5, ll. 4-5. The Palm Harbor One Loan is secured by the real property and the improvements on the Palm Harbor One Project. The Palm Harbor One Loan Agreement provides for a schedule of minimum sales prices for each condominium unit based on square footage. The borrower, Palm Harbor One, is entitled to a partial release of an individual condominium unit upon payment of a partial release price of 90% of the net proceeds from the sale of the unit. See Loan Agreement, ¶3.6.

2.    Palm Harbor One has requested that the minimum sales prices be reduced by 20% as set forth in the Motion. See Motion, p. 5, ll. 18-23. Palm Harbor One has represented to the Debtor that the reduction will expedite the sales of the remaining 419 condominium units in order to allow Palm Harbor One to payoff the Palm Harbor Loan at maturity of December 16, 2006. See Motion, p. 5, ll. 24-28, p. 6, ll. 1-4.

3.    USACM further states that the "current Hilco appraisal information indicates that there should be sufficient equity in the Palm Harbor One Project, even with the 20% reduction in the minimum sales prices under the Loan Modification, for the Palm Harbor One Loan to be paid off in full." See Motion, p. 6, ll. 5-7.

4.    USACM then states that it is its "business judgment that the Loan Modification represents the most feasible means of facilitating the sales of condominium units for the Palm Harbor One Loan in order to allow the Palm Harbor One Loan to be repaid in full by its maturity." See Motion, p. 6, ll. 8-11.

5.    USACM provided three-day negative notice set forth in Section 2(e) of the Loan Servicing Agreement to the Direct Lenders on the Palm Harbor One Loan. See Motion, p. 6, ll. 11-13.

6.    Generally, the Official Committee of Direct Lenders continues to object to the three-day negative notice given to Direct Lenders. Despite the language of Section 2(e) the Loan Servicing Agreements, the intervention of USACM's bankruptcy and corresponding confusion it has caused among the Direct Lenders (through no fault of the Direct Lenders), along with the minimal information available to the Direct Lenders about the status of their respective loans,

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/432430.doc

4

requires that USACM provide more complete disclosures to the Direct Lenders and that USACM request affirmative participation and consent (rather than the silent consent) for any loan modifications. USACM must bring the individual Direct Lenders into the process and the Direct Lenders must be allowed an opportunity to protect their own individualized interests.

7.    In particular, USACM fails to provide the following information to the Direct Lenders on the Palm Harbor One Loan which is necessary for the purposes of full disclosure to the Direct Lenders and to allow the Direct Lenders to make an informed decision on the requested modifications to the Palm Harbor One Loan:

a.    USACM states that 419 condominium units remain unsold. USACM does not provide any analysis of how Palm Harbor One, even with the price reduction, intends to sell 419 units in less than two months.

b.    USACM states that the current appraisal of the Palm Harbor One Project indicates that there should be sufficient equity, even with the reduced minimum sale price, to pay off the Palm Harbor Loan in full. USACM fails to provide a copy of the current appraisal (which USACM is surcharging to the Direct Lenders) of the Palm Harbor One Project for the Direct Lenders review. Moreover, USACM does not even discuss the appraisal.

c.    USACM states that it is exercising its "business judgment" in recommending the modification to the Palm Harbor One Loan, yet provides no analysis of its business judgment. For example, how does the reduction in the minimum sale price impact the payment of the outstanding loan balance? USACM holds and selectively disseminates information related to the loans it services. If USACM is claiming to be exercising its business judgment, USACM, at a minimum, should be required to provide that analysis to the Direct Lenders.

d.    According to the Loan Agreement related to the Palm Harbor One Loan, USACM is entitled to an exit fee. USACM should disclose this to the Direct Lenders.

e.    Finally, according to the loan documentation provided by USACM to the Official Committee of Direct Lenders, at the origination of the Palm Harbor One Loan,

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796 5555

100933-001/432430.doc

5

certain junior lenders with a $1,500,000 note secured by a lien on the Palm Harbor One Project executed a Subordination Agreement in favor of the Direct Lenders on the Palm Harbor One Loan. Is the junior loan still outstanding? See Subordination Agreement attached hereto as Exhibit "1." If so, how will the reduction in the minimum sales price effect the Subordination Agreement? Does USACM intend on receiving the consent of the junior lender and maintaining the validity of that Subordination Agreement?

## C.    The Marlton Square 2nd Loan.

1.      Generally, the second priority loan, Marlton Square 2nd Loan, on the Marlton Square Project was originated on August 11, 2005. The Borrower on the Marlton Square 2nd is MS Acquisition. The Marlton Square 2nd Loan Agreement provides for a loan in the amount of $6,000,000. According to USACM, the maturity date of the Marlton Square Second Loan is March 19, 2007. See Motion, p. 6, ll. 18-24. According to USACM, 108 Direct Lenders have an interest in the Marlton Square 2nd Loan. See Motion, p. 7, ll. 9-10.

2.      The first priority loan ("Marlton Square 1st Loan") on the Marlton Square Project was also originated on August 11, 2005. The Borrower on the Marlton Square 1st Loan is also MS Acquisition. The Marlton Square 2nd Loan Agreement currently has an outstanding principal amount of $30,000,000. See Motion, p. 7, l. 1. The Marlton Square 1st Loan has already matured on September 19, 2006. See Motion, p. 7, ll. 1-2. According to USACM, there are 272 Direct Lenders on the Marlton Square 1st Loan. See Motion, p. 7, l. 9. According to USACM, USACM and the First Trust Deed Fund are Direct Lenders in the Marlton Square 1st Loan in the amounts of $267,500 and $118,000, respectively. See Motion, p. 7, ll. 10-12. USACM is also claiming entitlement to a $300,000 exit fee on the Marlton Square 1st Loan. See Motion, p. 10, l. 11.

3.      In the Motion, USACM represents that MS Acquisition intends on paying off the Marlton Square 1st Loan in full by a refinancing development loan on or before November 19, 2006. See Motion, p. 7, ll. 15-17. MS Acquisition has requested confirmation that the Marlton Square 2nd Loan will be subordinated to the potential refinancing development loan. See Motion, p. 7, ll. 17-19. USACM fails to identify the terms of the proposed refinancing development loan or take out lender. USACM claims that Section 3.13 of the Marlton Square 2nd Loan Agreement

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/432430.doc

6

provides that the Marlton Square 2nd Loan may be subordinated to a deed of trust securing construction or development loan for the Marlton Square Project provided that the amount of the construction or development loan does not exceed 80% loan to value ratio. See Motion, p. 7, ll. 20-23. USACM claims it will verify that the 80% loan to value ratio requirement in Section 3.13 of the Marlton Square 2nd Loan Agreement is satisfied. See Motion, p. 7, ll. 26-28, p. 8, l. 1.

4.     In the Motion, USACM states that the Marlton Square 2nd Loan is non-performing. Moreover, the Marlton Square 1st Loan has already matured. Yet, USACM requests that the Court authorize USACM to agree to a short term, two month forbearance on exercising its remedies on the Marlton Square 1st Loan and authority to provide the requested subordination "only if the Marlton Square 2nd is performing as of the date of the requested subordination." See Motion, p. 9, ll. 18-22, ll. 3-5. Unbelievably and despite the matured and non-performing status of the loans, USACM takes the position that it is not required to provide the Direct Lenders on the Marlton Square 1st Loan or the Marlton Square 2nd Loan even the minimal three-day negative notice. See Motion, p. 10, ll. 20-25.

5.     First, given the matured status of the Marlton Square 1st Loan, it is questionable whether USACM has the authority to do anything under the Loan Servicing Agreement without 100% affirmative consent of the Direct Lenders on the Marlton Square 1st Loan.

6.     Second, nothing in the Loan Servicing Agreement relieves USACM of its duty to provide and receive consent from the Direct Lenders on the Marlton Square 1st Loan regarding the forbearance, which is nothing more than a disguised extension of the maturity date of the loan. Moreover, the Marlton Square 1st Loan Agreement provides that the borrower can request an extension of the maturity date so long as the loan is not in default and that USACM is entitled to an extension fee of 2%. Is USACM waiving this extension fee?

7.     Third, although the Direct Lenders in the Marlton Square 2nd Loan may have pre-consented to the subordination in the Marlton Square 2nd Loan Agreement, that pre-consent provisions certainly cannot apply when the loan is no longer performing (and presumably in default) and the Marlton Square 1st Loan has matured. The Official Committee of Direct Lenders believes that given the status of both the 1st and 2nd, affirmative consent of the Direct Lenders on

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/432430.doc

7

those loans is required.

8.      Fourth, it is the Official Committee of Direct Lenders' understanding that the proposed refinancing loan has fallen through.  As such, the request related to subordination of the Marlton Square 2nd Loan is premature.  USACM tries to alleviate the concerns by promising to verify that the 80% loan to value requirement is satisfied.  Again, USACM fails to provide even the basic information about the current appraised value of the Marlton Square Project. USACM claims that it is exercising it "business judgment" pursuant to 11 U.S.C. §§ 105(a) and 363.  Yet, USACM fails to identify the factors included in the exercise of its business judgment. Even if USACM had requested the Direct Lenders consent (which it must), without more full disclosure and the terms of the new refinancing it is impossible to access whether the subordination is prudent or in the best interests of the Direct Lenders.

9.      Moreover, Section 3.13 of the Marlton Square 2nd Loan Agreement, attached hereto as Exhibit "2", provides that:

> Subordination.    Lender hereby agrees that the Deed of Trust securing this Loan may be subordinated to a deed to trust (or deeds or trust) securing a construction or development loan (or loans) on a lot or lots encumbered by the Deed of Trust provided that the amount of the construction or development loan (or loans) does not exceed 80% of the value of the property subject to the construction loan (or loans).    With respect to this provision, Lender acknowledges the following:
>
> (a)      development loans may be necessary to complete the construction of lots or infrastructure (such as sidewalks, streets or utilities); construction loans may be necessary to complete the construction of homes or condominiums on the lots; without either or both of which the lots are difficult to sell, and are not likely to produce as much cash flow;
>
> (b)      the term "value of the property" as used in this section means the appraised value of the property (based on actual sales of homes or condominiums within the subdivision, whenever possible); and
>
> (c)      depending on the amount of the construction or development loan, and the value of the property with out the construction as compared to with the construction, the subordination of this Loan to a construction or development loan could either increase, decrease, or leave unchanged the value of the property securing this Loan, which outcome would depend, among other things, on whether the construction was actually completed; and

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/432430.doc                                                    8

(d)    a subordination of the Deed of Trust results in Lender's security interest in the Property becoming subject to and of lower priority than the loan of some other or later security instrument.

Lender further agrees that [USACM] may, pursuant to a limited power of attorney given in connection with this Loan, sign for subordinations consistent with the section.

See Marlton Square 2nd Loan Agreement, Exhibit "2", pp. 11-12, §3.12.[1]

10.    At a minimum, prior to subordinating the Marlton Square 2nd Loan, USACM must provide the Direct Lenders with the assurances that the proposed development loan does not exceed 80% loan to value of the Marlton Square Project. "Value of the property" is defined as the appraised value of the project based on actual sales (whenever possible). USACM does not provide a copy of the Marlton Square appraisal or even a discussion of the "value of the property" which are essential to determine whether subordination to a new loan (with undisclosed terms or amounts) is prudent.

11.    In addition, at the time of the origination of the Marlton Square 2nd Loan, two junior lenders, 3901 Santa Rosalia, LLC and 3916 MLK, LLC,  executed a subordination agreements in favor of the Direct Lenders on the Marlton Square 2nd Loan. See Subordination Agreements, Exhibits "3" and "4." USACM fails to state whether these junior loans are still outstanding? If so, how will the proposed transaction effect the subordination agreements? Does USACM intend on receiving the consent of the junior lenders and  maintaining the validity of those subordination agreements?

**D.    Other Advisory Relief Requested.**

1.    Finally, USACM requests "general authorization for [USACM] to agree to short-term forbearances on other unpaid Loans being serviced by [USACM] as an ordinary course of business transaction when the Debtor in its business judgment concludes that such forbearance will enhance the prospects of payment of such Loan, and also authorize [USACM] as an ordinary course business transaction to provide a full reconveyance and release of the related real and personal property collateral for a Loan when that Loan is paid off in full, whether through the

---

[1] According to the Marlton Square 2nd Loan Agreement, USACM is entitled to an exit fee of $60,000 or 1%. See Exhibit "2", §3.12.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/432430.doc

sale of the collateral or through refinancing of the Loan." <u>See</u> Motion, p. 10, ll. 13-19. Apparently, USACM requests this authorization and that USACM not be required to provide notice to the Direct Lenders on the loans of the forbearances. As stated previously in this Opposition and in numerous other pleadings, given the intervention of USACM's bankruptcy, USACM should be required to give more notice - not less notice- to the Direct Lenders.

2.      USACM claims it has authority to conduct all of the requested relief pursuant to 11 U.S.C. §§ 105(a) and 363 in the ordinary course of its business. If the requested action is not authorized under the Loan Servicing Agreements, Nevada law or the relevant loan documents, nothing about the requested relief is in the "ordinary course" of USACM's business.

3.      Finally, USACM requests that the 10-day stay imposed by Bankruptcy Rule 6004(g) not apply to any order granting the Motion. Given the lack of any notice on the Marlton Square loans and the minimal three-day notice on the Palm Harbor One Loan, this request should be denied in its entirety. Approval of a waiver of the 10-stay will effectively take away appeal rights of all parties as USACM will immediately take the requested action.

## II.
## CONCLUSIONS

WHEREFORE, the Official Committee of Direct Lenders respectfully requests the Motion be denied.

DATED this ⸝ʸᵗ day of October, 2006.

GORDON & SILVER, LTD.

By

GERALD M. GORDON, ESQ.
BRIGID M. HIGGINS, ESQ.
GREGORY E. GARMAN, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89109
Attorneys for the Official Committee
of Holders of Executory Contract Rights
through USA Commercial Mortgage Company
("Official Committee of Direct Lenders")

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/432430.doc

10

# EXHIBIT 1

FEB-21-2006  14:06      CHICAGO TITLE                          P.01

I#: 2006064361 BK: 14943  PG: 1726, 02/20/2006 at 02:56 PM, RECORDING 38 PAGES
$324.50    KEN BURKE, CLERK OF COURT PINELLAS COUNTY, FL BY DEPUTY CLERK:
CLKDU13

Prepared by:
Jonathan James Danmonte, Esq.
Jonathan James Danmonte, Chartered
12110 Seminole Blvd.
Largo, FL 33778

Record and return to:
Chicago Title Insurance Co./Chall
495 State Road 436
Casselberry, Florida 32707

## SUBORDINATION AGREEMENT

**NOTICE: THIS SUBORDINATION AGREEMENT RESULTS IN YOUR SECURITY INTEREST IN THE PROPERTY BECOMING SUBJECT TO AND OF LOWER PRIORITY THAN THE LIEN OF SOME OTHER OR LATER SECURITY INSTRUMENT.**

This Agreement, made this *14th* day of *December*, 2005 by and among **PALM HARBOR ONE LLC**, a Florida limited liability company ("Owner"), **DOCKSIDE INVESTORS III, LLC, EVANS & ASSOCIATES I, LLC, FOUNTAINS INVESTORS, LLC, HOLDEN FAMILY, LLC, ID APTS., LLC, MARTIN GROUP APT., LLC, PIONEER TRAILER PARK, LLC, and SHIRE PROPERTIES II, LLC**, all Florida limited liability companies [as to Parcel 1], and **DOCKSIDE INVESTORS IV, LLC, EVANS & ASSOCIATES II, LLC, FOUNTAINS INVESTORS II, LLC, HOLDEN FAMILY II, LLC, SHIRE PROPERTIES III, LLC, and CRITERION LANDHOLDINGS II, LLC**, all Florida limited liability companies [as to Parcel 2] ("Junior Lender"), who is the present owner and holder of the Junior Mortgage (as defined below) and those persons listed on **Exhibit "A"** attached hereto, holders of the Senior Mortgage (as defined below) and Note which has been executed as hereinafter described ("Lender").

### WITNESSETH

THAT WHEREAS, Owner has executed a certain Mortgage, Security Agreement and Assignment of Rents, dated November 28, 2005, to **USA COMMERCIAL MORTGAGE COMPANY**, a Nevada corporation ("Senior Lender"), as agent for the Lender covering real property located in Pinellas County, State of Florida, described as (the "Property"):

### See Exhibit "B"

To secure a Note in the original amount of Twenty-Nine Million Dollars ($29,000,000), dated November 28, 2005, in favor of Lender, (hereinafter the "Senior Mortgage") to be recorded concurrently herewith; and

WHEREAS, Owner has executed, or is about to execute, a Note in the sum of One Million Five Hundred Thousand Dollars ($1,500,000), dated as of December *14*, 2005, in favor of Junior Lender, payable with interest and upon the terms and conditions described therein together with a certain Subordinate Mortgage and Security Agreement, dated as of December *14*, 2005 (the "Junior Mortgage"), which Junior Mortgage is to be recorded concurrently herewith; and

WHEREAS, it is a condition precedent to obtaining said loan from Lender that the Senior Mortgage shall unconditionally be and remain at all times a lien or charge upon the land herein before described, prior and superior to the lien or charge of the Junior Mortgage; and

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1727

WHEREAS, Lender and Senior Lender are willing to make said loan provided the Senior Mortgage is a lien or charge upon the Property prior and superior to the lien or charge of the Junior Mortgage and provided that Junior Lender will specifically and unconditionally subordinate the lien or charge of the Junior Mortgage to the lien or charge of the Senior Mortgage; and

WHEREAS, it is to the mutual benefit of the parties hereto that Lender and Senior Lender make such loan to Owner; and Junior Lender agrees that the Senior Mortgage shall, when recorded, constitute a lien or charge upon the Property which is unconditionally prior and superior to the lien or charge of the Junior Mortgage;

NOW, THEREFORE, in consideration of the mutual benefits accruing to the parties hereto and other valuable consideration, the receipt and sufficiency of which consideration is hereby acknowledged, and in order to induce Lender and Senior Lender to make the loan above referred to, it is hereby declared, understood and agreed as follows:

1.    That the Senior Mortgage and any renewals or extensions thereof, shall unconditionally be and remain at all times a lien or charge on the Property prior and superior to the lien or charge of the Junior Mortgage.

2.    That Lender would not make its loan above described without the subordination agreement.

3.    That this Agreement shall supercede and cancel those provisions, if any, contained in any and all other Agreements, including but not limited to the Junior Mortgage and loan or escrow agreements between the parties hereto, with regard to the subordination of the lien or charge of the Junior Mortgage to the lien or charge of the Senior Mortgage which provisions are inconsistent or contrary to the provisions herein.

**JUNIOR LENDER DECLARES, AGREES AND ACKNOWLEDGES THAT:**

A.    Junior Lender consents to and approves (i) all provisions of the Note and Senior Mortgage, and (ii) all agreements, including but not limited to any loan or escrow agreements, between owner and lender for the disbursement of the proceeds for Lender's loan;

B.    Lender and Senior Lender is making disbursements pursuant to any such agreement and is under no obligation or duty to, nor has Lender represented that it will, see to the application of such proceeds by the persons to whom Lender and Senior Lender disburses such proceeds and any application or use of such proceeds for purposes other than those provided for in such agreement or agreements shall not defeat the subordination herein made in whole or in part; and

C.    Junior Lender intentionally and unconditionally waives, relinquishes and subordinates the lien or charge of the Junior Mortgage in favor of the lien or charge upon the Property of the

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1728

Senior Mortgage and understands that in reliance upon, and in consideration of, this waiver, relinquishment and subordination, specific loan and advances are being and will be made and, as part and parcel thereof, specific monetary and other obligations are being and will be entered into which would not be made or entered into but for said reliance upon this waiver, relinquishment and subordination.

**NOTICE: THIS SUBORDINATION AGREEMENT CONTAINS A PROVISION WHICH ALLOWS THE PERSON OBLIGATED ON YOUR REAL PROPERTY SECURITY TO OBTAIN A LOAN, A PORTION OF WHICH MAY BE EXPENDED FOR PURPOSES OTHER THAN IMPROVEMENT OF THE LAND.**

**[SIGNATURE PAGE TO FOLLOW]**

3

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1729

**OWNER:**

**PALM HARBOR ONE LLC**

By: _____
    Joseph D. Lily
    Managing Member

**AGENT:**

By:   **USA COMMERCIAL MORTGAGE
      COMPANY**, Agent and Attorney in fact

      By: _____
      Print Name: _____
      As Its: _____

**JUNIOR LENDER:**

**DOCKSIDE INVESTORS III, LLC**

By: _____
    Stephen E. McConihay
    Managing Member
Date: _____
**DOCKSIDE INVESTORS IV, LLC**

By: _____
    Stephen E. McConihay
    Managing Member
Date: _____

**SHIRE PROPERTIES II, LLC**

61890, 00002, 101163274, Subordination Agreement - Palm Harbor One4

FEB-21-2005  14:06        CHICAGO TITLE                                    P.05

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1730

By:_____
Print Name:_____
As Its:_____
Date:_____

**CRITERION LAND HOLDINGS II, LLC**

By:_____
Print Name:_____
As Its:_____
Date:_____

STATE OF FLORIDA        )
                        ) SS.
COUNTY OF_____        )

    The foregoing instrument was acknowledged before me this _13th_ day of _December_ 2005, by  Joseph D. Lilly, as Managing Member of  **PALM HARBOR ONE LLC**, a Florida limited liability company, who is personally known to me or has produced _____ as identification.

                                   (Notary Signature)

(NOTARY SEAL)

                              (Notary Name Printed)
                              NOTARY PUBLIC
                              Commission No.

Commonwealth of Massachusetts
Solick, S.S. Date ___12-13-05___
Then personally appeared the above named
_____Joseph Lilly_____
and acknowledged the foregoing instrument to be his/her
free act and deed, before me,
Virginia Indelicato, Notary Public
My commission expires April 23, 2010

STATE OF NEVADA        )
                        ) SS.
COUNTY OF_____       )

    This instrument was acknowledged before me on this ___ day of _____, 2005 by _____, as _____ of **USA COMMERCIAL MORTGAGE COMPANY**, a Nevada corporation, as Agent and Attorney in fact.

       (SEAL)

                    Notary Public

61890, 00002, 101163274, Subordination Agreement - Palm Harbor One7

FEB-21-2006  14:06        CHICAGO TITLE                              P.06

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1731

**OWNER:**

**PALM HARBOR ONE LLC**

By:_____
   Joseph D. Lilly
   Managing Member

**AGENT:**

In the presence of:

By:   **USA COMMERCIAL MORTGAGE**
      **COMPANY**, Agent and Attorney in fact

By:_____
Print Name: Joseph D. Milanowski
As Its: President

_Elisa A. Withrow_
_ELISA A. WITHROW_
Print Name

_Amanda Stevens_
_Amanda Stevens_
Print Name

**JUNIOR LENDER:**

**DOCKSIDE INVESTORS III, LLC**

By:_____
   Stephen E. McConihay
   Managing Member
Date:_____

**DOCKSIDE INVESTORS IV, LLC**

By:_____
   Stephen E. McConihay
   Managing Member
Date:_____

**SHIRE PROPERTIES II, LLC**

61890, 00002, 101163274, Subordination Agreement - Palm Harbor One4

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1732

By:_____
Print Name:_____
As Its:_____
Date:_____


**CRITERION LAND HOLDINGS II, LLC**


By:_____
Print Name:_____
As Its:_____
Date:_____


STATE OF FLORIDA          )
                          ) SS.
COUNTY OF _____        )

   The foregoing instrument was acknowledged before me this _____ day of _____, 2005, by  Joseph D. Lilly, as Managing Member of  **PALM HARBOR ONE LLC,** a Florida limited liability company, who is personally known to me or has produced _____ as identification.


                               _____
                               (Notary Signature)

(NOTARY SEAL)

                               _____
                               (Notary Name Printed)
                               NOTARY PUBLIC
                               Commission No. _____

STATE OF NEVADA          )
                         ) ss.
COUNTY OF *Clerk*        )

   This instrument was acknowledged before me on this *13th* day of *December*, 2005 by *Joseph P. Milanowski*, as *President* of USA COMMERCIAL MORTGAGE COMPANY, a Nevada corporation, as Agent and Attorney in fact.

             (SEAL)         *Margaret M. Stone*
                           Notary Public  *Commission expires: 4/27/09*

61890, 00002, 101163274, Subordination Agreement - Palm Harbor One7

MARGARET. M. STONE
NOTARY PUBLIC
STATE OF NEVADA
Date Appointment Exp: 04-27-2009
Certificate No: 05-96400-1

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1733

**OWNER:**

**PALM HARBOR ONE LLC**

By:_____
    Joseph D. Lilly
    Managing Member

**AGENT:**

By:    **USA COMMERCIAL MORTGAGE**
    **COMPANY, Agent and Attorney in fact**

    By:_____
    Print Name:_____
    As Its:_____

**JUNIOR LENDER:**

**DOCKSIDE INVESTORS III, LLC**

By:_____
    Stephen E. McConihay
    Managing Member
Date:_____December 13, 2005_____
**DOCKSIDE INVESTORS IV, LLC**

By:_____
    Stephen E. McConihay
    Managing Member
Date:_____December 13, 2005_____

**SHIRE PROPERTIES II, LLC**

61890, 00002, 101163274, Subordination Agreement - Palm Harbor One4

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1734

By: _____
    Jonathan James Damonte
    Managing Member
Date: _____

**SHIRE PROPERTIES III, LLC**

By: _____
    Jonathan James Damonte
    Managing Member
Date: _____

**EVANS & ASSOCIATES I, LLC**

By: _____
Print Name: _____
As Its: _____
Date: _____

**EVANS & ASSOCIATES II, LLC**

By: _____
Print Name: _____
As Its: _____
Date: _____

**FOUNTAINS INVESTORS, LLC**

By: _____
Print Name: _peter_ _k._ _Holm_
As Its: _managing_ _member_
Date: _12-15-05_

**FOUNTAINS INVESTORS II, LLC**

61890.00002.101163274. Subordination Agreement - Palm Harbor Doc5

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1735

By: _____
Print Name: _Peter R. Holden_____
As Its: _managing   Member_____
Date: _12-2-05_____

**HOLDEN FAMILY, LLC**

By: _____
Print Name: _Peter W. Holden_____
As Its: _managing   Member_____
Date: _12-13-05_____

**HOLDEN FAMILY II, LLC**

By: _____
Print Name: _Peter W. Holden_____
As Its: _managing   Member_____
Date: _12-13-05_____

**ID APTS., LLC**

By: _____
Print Name: _____
As Its: _____
Date: _____

**MARTIN GROUP APT., LLC**

By: _____
Print Name: _____
As Its: _____
Date: _____

**PIONEER TRAILER PARK, LLC**

61890, 00002, 101163274, Subordination Agreement - Palm Harbor One 6

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1736

STATE OF FLORIDA          )
                          ) SS.
COUNTY OF PINELLAS        )

    The foregoing instrument was acknowledged before me this ___13TH___ day of DECEMBER 2005, by Stephen E. McConihay, as Managing Member of **DOCKSIDE INVESTORS III, LLC**, a Florida limited liability company, who is personally known to me or has produced _____ as identification.

                               _____
                               (Notary Signature)

(NOTARY SEAL)                      _KATHRYN J. ROESCH_
                               (Notary Name Printed)
         Kathryn J. Roesch        NOTARY PUBLIC
     MY COMMISSION # DD742444 EXPIRES    Commission No. _____
          August 18, 2007
    BONDED THRU TROY FAIN INSURANCE INC.

STATE OF FLORIDA          )
                          ) SS.
COUNTY OF PINELLAS        )

    The foregoing instrument was acknowledged before me this ___13TH___ day of DECEMBER 2005, by Stephen E. McConihay, as Managing Member of **DOCKSIDE INVESTORS IV, LLC**, a Florida limited

61890.00002, 101163274, Subordination Agreement - Palm Harbor One 8

FEB-21-2006  14:07        CHICAGO TITLE                                    P.12

PINELLAS COUNTY FL OFF. REC. BK  14943   PG   1737

liability company, who is personally known to me or has produced _____ as
identification.

_Kathryn J. Roesch_
(Notary Signature)

_KATHRYN J. ROESCH_
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

(NOTARY SEAL)

Kathryn J. Roesch
MY COMMISSION # DD242444 EXPIRES
August 18, 2007
BONDED THRU TROY FAIN INSURANCE, INC.

STATE OF FLORIDA         )
                         ) SS.
COUNTY OF PINELLAS       )

The foregoing instrument was acknowledged before me this 13 TH   day of DECEMBER 2005,
by Jonathan James Damonte, as Managing Member of SHIRE PROPERTIES II, LLC, a Florida limited
liability company, who is personally known to me or has produced _____ as
identification.

_Kathryn J. Roesch_
(Notary Signature)

_KATHRYN J. ROESCH_
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

(NOTARY SEAL)

Kathryn J. Roesch
MY COMMISSION # DD242444 EXPIRES
August 18, 2007
BONDED THRU TROY FAIN INSURANCE, INC.

STATE OF FLORIDA         )
                         ) SS.
COUNTY OF PINELLAS       )

The foregoing instrument was acknowledged before me this 13 TH   day of DECEMBER 2005,
by Jonathan James Damonte, as Managing Member of SHIRE PROPERTIES III, LLC, a Florida limited

61890.00002, 101163274, Subordination Agreement - Palm Harbor One9

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1738

liability company, who is personally known to me or has produced _____ as identification.

_____
(Notary Signature)

(NOTARY SEAL)

_KATHRYN J. ROESCH_
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

STATE OF FLORIDA        )
                        ) SS.
COUNTY OF _____     )

The foregoing instrument was acknowledged before me this _____ day of _____, 2005, by _____, as _____ of **EVANS & ASSOCIATES I, LLC,** a Florida limited liability company, who is personally known to me or has produced _____ as identification.

_____
(Notary Signature)

(NOTARY SEAL)

_____
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

STATE OF FLORIDA        )
                        ) SS.
COUNTY OF _____     )

The foregoing instrument was acknowledged before me this _____ day of _____, 2005, by _____, as _____ of **EVANS & ASSOCIATES II, LLC,** a Florida limited

10

liability company, who is personally known to me or has produced _____ as identification.

_____
(Notary Signature)

(NOTARY SEAL)

_____
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

STATE OF FLORIDA        )
                        ) SS.
COUNTY OF PINELLAS      )

The foregoing instrument was acknowledged before me this 13TH day of DECEMBER 2005, by PETER HOLDEN, as MANAGING MEMBER of FOUNTAINS INVESTORS, LLC, a Florida limited liability company, who is personally known to me or has produced _____ as identification.

_____
(Notary Signature)

(NOTARY SEAL)

Kathryn J. Roesch
MY COMMISSION # DD242444 EXPIRES
August 18, 2007
BONDED THRU TROY FAIN INSURANCE INC

KATHRYN J. ROESCH
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

STATE OF FLORIDA        )
                        ) SS.
COUNTY OF PINELLAS      )

The foregoing instrument was acknowledged before me this 13TH day of DECEMBER 2005, by PETER HOLDEN, as MANAGING MEMBER of FOUNTAINS INVESTORS II, LLC, a Florida limited

11

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1740

liability company, who is personally known to me or has produced _____ as identification.

_____
(Notary Signature)

(NOTARY SEAL)

_KATHRYN J. ROESCH_
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

Kathryn J. Roesch
MY COMMISSION # DD242444 EXPIRES
August 18, 2007
BONDED THRU TROY FAIN INSURANCE, INC.

STATE OF FLORIDA        )
                        ) SS.
COUNTY OF _PINELLAS_    )

The foregoing instrument was acknowledged before me this _13TH_ day of _DECEMBER_ 2005, by _JOHN HOLDEN_, as _MANAGING MEM_ of HOLDEN FAMILY, LLC, a Florida limited liability company, who is personally known to me or has produced _____ as identification.

_____
(Notary Signature)

(NOTARY SEAL)

_KATHRYN J. ROESCH_
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

Kathryn J. Roesch
MY COMMISSION # DD242444 EXPIRES
August 18, 2007
BONDED THRU TROY FAIN INSURANCE, INC.

STATE OF FLORIDA        )
                        ) SS.
COUNTY OF _PINELLAS_    )

The foregoing instrument was acknowledged before me this _13TH_ day of _DECEMBER_ 2005, by _JOHN HOLDEN_, as _MANAGING MEM_ of HOLDEN FAMILY II, LLC, a Florida limited liability company, who is personally known to me or has produced _____ as identification.

_____
(Notary Signature)

(NOTARY SEAL)

_KATHRYN J. ROESCH_
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

Kathryn J. Roesch
MY COMMISSION # DD242444 EXPIRES
August 18, 2007
BONDED THRU TROY FAIN INSURANCE, INC.

61890, 00002, 101163274, Subordination Agreement - Palm Harbor One 2

FEB-21-2006  14:08       CHICAGO TITLE                                      P.16

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1741

Dec. 13  2005  2:51PM    J.J DAMONTE                          No. 1323   P  8

By:_____
    Jonathan James Damonte
    Managing Member
Date:_____

**SHIRE PROPERTIES III, LLC**

By:_____
    Jonathan James Damonte
    Managing Member
Date:_____

**EVANS & ASSOCIATES I, LLC**

By: _William Evans_
Print Name: _William Evans_
As Its: _Managing Member_
Date: _12-13-05_

**EVANS & ASSOCIATES II, LLC**

By: _William Evans_
Print Name: _William Evans_
As Its: _Managing Member_
Date: _12·13·05_

**FOUNTAINS INVESTORS, LLC**

By:_____
Print Name:_____
As Its:_____
Date:_____

**FOUNTAINS INVESTORS II, LLC**

51890, 00002, 101163274, Subordination Agreement - Palm Harbor One5

FEB-21-2006  14:08        CHICAGO TITLE                                    P.17

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1742

Dec. 13  2005  4:40PM    J.J. DAMONTE.                          No. 1359   P  1

liability company, who is personally known to me or has produced _____ as
identification.

_____
(Notary Signature)

(NOTARY SEAL)
_____
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

STATE OF FLORIDA  *OE*  )
COUNTY OF *New Castle*  ) SS.

The foregoing instrument was acknowledged before me this __*13*__ day of __*Dec*__, 2005,
by __*Wm Ev*__, as __*Manager of*__ EVANS & ASSOCIATES I, LLC, a Florida limited
liability company, who is personally known to me or has produced _____ as
identification.

*Margaret Mullen*
(Notary Signature)

*MargareT MulLeh*
(Notary Name Printed)
NOTARY PUBLIC
Commission No: *oct '0, 2008*
*ET,]*

STATE OF FLORIDA  *OE.*  )
COUNTY OF *New Castle*  ) SS.

The foregoing instrument was acknowledged before me this __*13*__ day of __*Dec*__, 2005,
by __*Wm Evans*__, as __*Manager*__ of EVANS & ASSOCIATES II, LLC, a Florida limited

61890, 00007, 101163274, Subordination Agreement - Palm Harbor One 10

FEB-21-2005  14:08        CHICAGO TITLE                                   P.18

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1743

Dec. 13. 2005  4:05PM   J.J. DAMONTE                        No. 1345   P  1

liability company, who is personally known to me or has produced _____ as
identification.

_____
(Notary Signature)

_____
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

STATE OF FLORIDA        )
                        ) SS.
COUNTY OF _____     )

       The foregoing instrument was acknowledged before me this _____ day of _____, 2005,
by _____, as _____ of FOUNTAINS INVESTORS, LLC, a Florida limited
liability company, who is personally known to me or has produced _____ as
identification.

_____
(Notary Signature)

(NOTARY SEAL)
_____
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

STATE OF FLORIDA        )
                        ) SS.
COUNTY OF _____     )

       The foregoing instrument was acknowledged before me this _____ day of _____, 2005,
by _____, as _____ of FOUNTAINS INVESTORS II, LLC, a Florida limited

61890, 00002, 101163274, Subordination Agreement - Palm Harbor One  1

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1744

By:_____
Print Name:_____
As Its:_____
Date:_____

**HOLDEN FAMILY, LLC**

By:_____
Print Name:_____
As Its:_____
Date:_____

**HOLDEN FAMILY II, LLC**

By:_____
Print Name:_____
As Its:_____
Date:_____

**ID APTS., LLC**

By:_____
Print Name:_____
As Its:_____
Date:_____

**MARTIN GROUP APT., LLC**

By: *George Martin*
Print Name: *GEORGE MARTIN*
As Its: *Managing Member*
Date: *12-13-05*

**PIONEER TRAILER PARK, LLC**

FEB-21-2006  14:08      CHICAGO TITLE                                    P.20

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1745

STATE OF FLORIDA        )
                        ) SS.
COUNTY OF _____     )

     The foregoing instrument was acknowledged before me this _____ day of _____, 2005, by _____, as _____ of **ID APTS., LLC**, a Florida limited liability company, who is personally known to me or has produced _____ as identification.

                                    _____
                                    (Notary Signature)

(NOTARY SEAL)                       _____
                                    (Notary Name Printed)
                                    NOTARY PUBLIC
                                    Commission No. _____

STATE OF ~~FLORIDA~~ Arizona     )
                                 ) SS.
COUNTY OF Maricopa               )

     The foregoing instrument was acknowledged before me this _13_ day of December, 2005, by George Martin, as Managing Member of **MARTIN GROUP APT., LLC**, a Florida limited liability company, who is personally known to me or has produced FL Driver's Lic. as identification.

        CATHERINE L. DIDOMENICO       Catherine L. DiDomenico
        NOTARY PUBLIC-ARIZONA         (Notary Signature)
        MARICOPA COUNTY
        My Commission Expires         Catherine L. DiDomenico
        FEBRUARY 25, 2007             (Notary Name Printed)
(NOTARY SEAL)                         NOTARY PUBLIC
                                      Commission No. _____

STATE OF FLORIDA        )
                        ) SS.
COUNTY OF _____     )

     The foregoing instrument was acknowledged before me this _____ day of _____, 2005, by _____, as _____ of **PIONEER TRAILER PARK, LLC**, a Florida limited

61890, 00002, 101163274, Subordination Agreement - Palm Harbor Oas 3

Dec. 13. 2005  5:40PM    J. J. DAMONTE                        No. 1365   P. 1

By: _____
Print Name: John G. Holden
As Its: managing Member
Date: 12-13-05

**HOLDEN FAMILY, LLC**

By: _____
Print Name: John W. Holden
As Its: managing, Member
Date: 12-14-05

**HOLDEN FAMILY II, LLC**

By: _____
Print Name: Peter W. Holden
As Its: managing Member
Date: 12-13-05

**ID APTS., LLC**

By: _____
Print Name: ISAAC DAVIS
As Its: managing Member
Date: 12-13-05

**MARTIN GROUP APT., LLC**

By: _____
Print Name: _____
As Its: _____
Date: _____

**PIONEER TRAILER PARK, LLC**

61890,00002, 101361374, Subordination Agreement - Palm Harbor 0605

Dec. 13. 2005  5:47PM    J. J. DAMONTE                          No. 1368   P. 1/1

By: _Eppelina Sines_
Print Name: _EPPELINA SINES_
As Its: _Managing Member_
Date: _12-13-05_

**CRITERION LAND HOLDINGS II, LLC**

By: _____
Print Name: _____
As Its: _____
Date: _____

STATE OF FLORIDA        )
                        ) SS.
COUNTY OF _____       )

    The foregoing instrument was acknowledged before me this _____ day of _____, 2005, by Joseph D. Lilly, as Managing Member of **PALM HARBOR ONE LLC**, a Florida limited liability company, who is personally known to me or has produced _____ as identification.

_____
(Notary Signature)

(NOTARY SEAL)

_____
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

STATE OF NEVADA         )
                        ) ss.
COUNTY OF _____       )

    This instrument was acknowledged before me on this ____ day of _____, 2005 by _____, as _____ of **USA COMMERCIAL MORTGAGE COMPANY**, a Nevada corporation, as Agent and Attorney in fact.

(SEAL)

Notary Public

61890, 00002, 101161274, Subordination Agreement - Palm Harbor One7

FEB-21-2006  14:09        CHICAGO TITLE                                      P.23

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1748

Dec 13 2005 2:52PM  J. J DAMONTE                          No 1324   P 2

STATE OF FLORIDA DE  )
                     ) SS.
COUNTY OF New Castle )

    The foregoing instrument was acknowledged before me this __13__ day of __Dec__, 2005,
by _____, as __Manager__ of ID APTS, LLC, a Florida limited liability company,
who is personally known to me or has produced _____ as identification.

_____
(Notary Signature)

(NOTARY SEAL)              _____
                          (Notary Name Printed)
                          Margaret Mull
                          NOTARY PUBLIC
                          Commission No. Oct 10, 2008

STATE OF FLORIDA       )
                       ) SS.
COUNTY OF _____      )

    The foregoing instrument was acknowledged before me this _____ day of _____, 2005,
by _____, as _____ of MARTIN GROUP APT., LLC, a Florida limited
liability company, who is personally known to me or has produced _____ as
identification.

_____
(Notary Signature)

(NOTARY SEAL)              Margaret Mull
                          (Notary Name Printed)
                          NOTARY PUBLIC
                          Commission No. oct 10, 2008

STATE OF FLORIDA DE    )
                       ) SS.
COUNTY OF New Castle   )

    The foregoing instrument was acknowledged before me this __13__ day of __Dec__, 2005,
by _____ as __Manging Member__ of PIONEER TRAILER PARK, LLC, a Florida limited

61890, 00002, 101161274, Subordination Agreement - Palm Harbor One 3

FEB-21-2006  14:09          CHICAGO TITLE                                      P.24

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1749

Dec. 13. 2005  4:08PM    J. J. DAMONTE                        No. 1348    P.  1

liability company, who is personally known to me or has produced _____ as
identification.

_____
(Notary Signature)          _Margaret Mullen_

_____
(Notary Name Printed)       _Margaret Mullen_
NOTARY PUBLIC
Commission No. _Oct 14, 2008_
                _Exp._

(NOTARY SEAL)

STATE OF FLORIDA        )
                        ) SS.
COUNTY OF _____       )

The foregoing instrument was acknowledged before me this _____ day of _____, 2005,
by _____, as _____ of CRITERION LAND HOLDINGS II, LLC, a Florida
limited liability company, who is personally known to me or has produced _____ as
identification.

_____
(Notary Signature)

(NOTARY SEAL)

_____
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

61870, 00002, 101163274, Subordination Agreement - Palm Harbor Oaks 4

FEB-21-2006  14:09      CHICAGO TITLE                                         P.25

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1750

Dec. 13. 2005  3:01PM    J. J. DAMONTE                    No. 1325   P. 5

By: _____
Print Name: _____
As Its: _____
Date: _____

**CRITERION LAND HOLDINGS II, LLC**

By: _____
Print Name: THOMAS E PEASE
As Its: MANAGING PARTNER
Date: 12/14/05

STATE OF FLORIDA        )
                        ) SS.
COUNTY OF _____       )

   The foregoing instrument was acknowledged before me this _____ day of _____, 2005,
by  Joseph D. Lilly, as Managing Member of  **PALM HARBOR ONE LLC**, a Florida limited liability
company, who is personally known to me or has produced _____ as identification.

                                    _____
                                    (Notary Signature)

(NOTARY SEAL)                       _____
                                    (Notary Name Printed)
                                    NOTARY PUBLIC
                                    Commission No. _____

STATE OF NEVADA         )
                        ) SS.
COUNTY OF _____       )

   This instrument was acknowledged before me on this ____ day of _____, 2005 by
_____, as _____ of **USA COMMERCIAL MORTGAGE COMPANY**,
a Nevada corporation, as Agent and Attorney in fact.

        (SEAL)
                          Notary Public

61890, 00002, 101163274, Subordination Agreement - Palm Harbor One7

FEB-21-2006  14:09        CHICAGO TITLE                                    P.26

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1751

Dec. 13, 2005  3:01PM    J. J. DAMONTE                    No. 1325  P. 6

liability company, who is personally known to me or has produced _____ as
identification.

_____
(Notary Signature)

(NOTARY SEAL)

_____
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

STATE OF FLORIDA        )
                        ) SS.
COUNTY OF Pinellos      )

    The foregoing instrument was acknowledged before me this _14th_ day of _December_ 2005,
by _Thomas Pease_, as _Manager_ of CRITERION LAND HOLDINGS II, LLC, a Florida
limited liability company, who is personally known to me or has produced _____ as
identification.

MARK MUNDINGER
MY COMMISSION # DD 113530
EXPIRES May 1, 2008
Bonded Thru Budget Notary Services

_Mark Mundinger_
(Notary Signature)

_Mark Mundinger_
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _DD 113530_

(NOTARY SEAL)

61890, 00002, 101163274, Subordination Agreement - Palm Harbor Out  14

FEB-21-2006  14:09        CHICAGO TITLE                              P.27

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1752



**EXHIBIT "A"**

LENDERS

| | NAME | Amount |
|---|---|---|
| 1 | Liberty Resource Management Corp. a Pennsylvania company | 200000 |
| 2 | Celso Acosta an unmarried man | 50000 |
| 3 | Gloria Weiner Adams Trustee of the Gloria Weiner Adams Revocable Trust dated 6-8-2005 | 50000 |
| 4 | First Savings Bank Custodian For Kenneth Addes IRA | 50000 |
| 5 | Michel F. Aiello and Patricia A. Aiello Trustees of the Michel F. Aiello and Patricia A. Aiello Trust Agreement dated 10/4/94 | 50000 |
| 6 | Steven C. Altman a married man dealing with his sole and separate property | 100000 |
| 7 | AIG Limited a Nevada Limited Partnership | 50000 |
| 8 | August J. Amaral Inc. a Nevada corporation | 100000 |
| 9 | Pensco Trust Company Inc. Custodian for Robert S. Angel IRA | 70000 |
| 10 | Patrick J. Anglin an unmarried man | 100000 |
| 11 | Toni Antonacci Family Trust dated 6/26/98 | 100000 |
| 12 | John P. Aquino and Lisa Aquino husband and wife as joint tenants with the right of survivorship | 100000 |
| 13 | Rod Arbogast & Donna Arbogast Trustees of the Arbogast Family Trust | 250000 |
| 14 | Richard Armijo & Sanayha Armijo Trustees for the Armijo Family Trust dated 8/19/1999 | 50000 |
| 15 | Bert E. Arnlund Trustee of the Bert E. Arnlund Charitable Remainder Unitrust dated 12/31/01 | 100000 |
| 16 | Darlene Ashdown & Vincent N. Greene husband & wife as joint tenants with right of survivorship | 50000 |
| 17 | Robert J. Asselin & Mary E. Asselin Trustees of the 1994 Robert Asselin & Mary Asselin Family Trust | 50000 |
| 18 | Dr. H. C. Ayoub a married man as his sole & separate property | 75000 |
| 19 | Paul P. Backes & Loretta D. Backes Co-Trustees of the Backes Family Trust dated 8/8/88 | 50000 |
| 20 | Simmtex Inc. a Nevada corporation | 50000 |
| 21 | Gary R. Barton & Mavis J. Barton husband & wife as joint tenants with right of survivorship | 50000 |
| 22 | Beatrice Baskin Trustee of the Beatrice Baskin Family Trust Dtd 6/1/91 | 50000 |
| 23 | Alan B. Bennett A Married Man Dealing With His Sole & Separate Property | 50000 |
| 24 | David P. Betteridge a single man | 100000 |
| 25 | Jerry L. Blackman Sr. and Carolyn N. Blackman Living Trust dated 11/26/01 | 50000 |
| 26 | Wayne Dotson Co. a Nevada company | 50000 |
| 27 | Donald W. Brehm a married man dealing with his sole & separate property | 50000 |
| 28 | June F. Brehm a unmarried woman | 50000 |

Palm Harbor One, LLC
12/13/05                        Page 1 of 11

FEB-21-2006  14:09       CHICAGO TITLE                                    P.28

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1753

| | | |
|---|---|---:|
| 29 | Charles R. Brice and Jaynen L. Brice husband and wife as joint tenants with the right of survivorship | 50000 |
| 30 | Donald E. Briney Trustee of the Briney Family Exemption Trust dated 11/5/82 | 65000 |
| 31 | Charles R. Brooks and Wendy S. Brooks husband and wife as joint tenants with right of survivorship | 50000 |
| 32 | Sunrise Mini-Storage a Nevada General Partnership | 100000 |
| 33 | First Savings Bank Custodian For Edward Burgess IRA | 50000 |
| 34 | June Y. Burlingame & David B. Burlingame husband & wife as joint tenants with right of survivorship | 70000 |
| 35 | PLB Enterprises LLC | 65000 |
| 36 | Richard L. Cadieux & Clara M. Cadieux husband & wife as joint tenants with right of survivorship | 100000 |
| 37 | David S. Cadwallader & Alyce E. Cadwallader Trustees of the Cadwallader 2001 Trust | 50000 |
| 38 | Doris Mae Campbell Trustee of the Doris Mae Campbell Revocable Trust of 1999 dated 3/30/99 | 70000 |
| 39 | Linda F. Carsten an unmarried woman | 80000 |
| 40 | A. William Ceglia a married man dealing with his sole & separate property | 50000 |
| 41 | Robert J. Centanni Sr. & Susan R. Centanni husband & wife as joint tenants with right of survivorship | 50000 |
| 42 | Eunice O. Chapman an unmarried woman payable on death to Barbara Heffner and Elizabeth Tomlin | 50000 |
| 43 | Jack R. Clark & Linda C. Reid husband & wife as joint tenants with right of survivorship | 100000 |
| 44 | Ray L. Coffin a married man dealing with his sole & separate property | 50000 |
| 45 | George S. Cohan Trustee of the George S. Cohan & Natalie H. Cohan Family Trust dated 4/1/03 | 100000 |
| 46 | Irwin Cohen & Marilyn T. Cohen Trustees of the Cohen Living Trust dated 3/6/90 | 50000 |
| 47 | Bernard Cohen and Elaine Cohen Trustees of the Bernard Cohen Trust dated 3/24/88 | 50000 |
| 48 | Gerald E. Colligan an unmarried man | 50000 |
| 49 | Shirley M. Collins Trustee as her sole & separate property under the Collins Family Trust dated 1/29/93 | 50000 |
| 50 | Thomas Raymond Conway & Victoria C. E. Conway husband & wife as joint tenants with right of survivorship | 50000 |
| 51 | Iris G. Corley Trustee of the Iris G. Corley Trust dated 9/19/84 | 50000 |
| 52 | Billy James Corley Trustee of the Billy James Corley Revocable Living Trust dated 9/13/04 | 50000 |
| 53 | April M. Corley Trustee of the April Corley Trust dated 4/25/05 | 50000 |
| 54 | Bruce H. Corum Trustee of the Credit Shelter Trust | 50000 |
| 55 | Sam Costanza Trustee of the Costanza 1987 Survivor's Trust dated 3/12/87 | 100000 |

FEB-21-2006  14:09      CHICAGO TITLE                                      P.29

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1754

| | | |
|---|---|---|
| 56 | Gareth A. R. Craner Trustee of the Craner Family Trust Under Agreement dated 2/23/99 | 50000 |
| 57 | Charles D. Cunningham & Susan M. Cunningham husband & wife as joint tenants with right of survivorship | 80000 |
| 58 | Richard N. Dahlke a married man dealing with his sole & separate property | 50000 |
| 59 | Leslie Shane Daniel and Denise M. Daniel husband and wife as joint tenants with the right of survivorship | 50000 |
| 60 | Deborah A. Daniel A single woman | 50000 |
| 61 | Michael Dashosh & Elizabeth Dashosh husband & wife as joint tenants with rights of survivorship | 100000 |
| 62 | Andrew Dauscher & Ellen Dauscher husband & wife as joint tenants with right of survivorship | 150000 |
| 63 | Davis Investments a Nevada partnership | 300000 |
| 64 | Marrice L. Davis and Nanci E. Davis husband and wife as joint tenants with the right of survivorship | 100000 |
| 65 | DeHart/Hooks LP a Nevada limited partnership | 100000 |
| 66 | Gary Deppe A single man | 50000 |
| 67 | Ann R. Dery and James D. Dery husband and wife as Tenants in Common | 100000 |
| 68 | Dwayne H. Deutscher and Michelle T. Deutscher husband and wife as joint tenants with the right of survivorship | 50000 |
| 69 | Dennis A. DeVito a married man | 100000 |
| 70 | Thomas Di Jorio & Antonette Di Jorio husband & wife | 50000 |
| 71 | Helmut R. Dobeck & Eloise A. Dobeck husband and wife as joint tenants with the right of survivorship | 50000 |
| 72 | Linda Patrucco Doerr Trustee of the Doerr Family Trust dated 9/12/02 | 85000 |
| 73 | Mark A. Dolginoff Trustee of the Mark A. Dolginoff Separate Property Trust dated 11/21/97 amended/restated on 5/10/00 | 50000 |
| 74 | Daniel Drubin & Laura Drubin husband & wife as joint tenants with right of survivorship | 100000 |
| 75 | First Savings Bank Custodian For Daniel Drubin IRA | 25000 |
| 76 | First Savings Bank Custodian For Daniel Drubin Sep IRA | 40000 |
| 77 | James J. Duffy Jr. Trustee of the Duffy 1986 Trust dated 6/18/86 | 150000 |
| 78 | Donald C. Dunbar and Wanda Dunbar Trustees of the Dunbar Revocable Living Trust dated 11/21/1998 | 300000 |
| 79 | Wayne A. Dutt & Cynthia Deann Dutt Trustees of the Wayne A. Dutt Trust | 150000 |
| 80 | Edward D. Earl a married man dealing with his sole and separate property | 75000 |
| 81 | First Savings Bank Custodian For Mary H. Earp IRA | 75000 |
| 82 | Schwartz & Earp Joint Venture | 57000 |
| 83 | Pioneer Accounting & Investments LLC a Colorado LLC  Christian Elbert Manager | 50000 |
| 84 | Ellis L. Elgart and Sivia V. Elgart Trustees of the Ellis L. Elgart Revocable Living Trust dated 7/8/02 | 50000 |
| 85 | Frank E. Ensign a single man | 75000 |

Palm Harbor One, LLC
12/13/05

FEB-21-2006  14:10        CHICAGO TITLE                              P.30

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1755

| | | |
|---|---|---|
| 86 | Melinda Estevez & Richard David Estevez wife & husband as joint tenants with right of survivorship Acct. #2 | 50000 |
| 87 | Daniel L. Everett & Sandra M. Everett husband & wife as joint tenants with right of survivorship | 50000 |
| 88 | Marguerite Falkenborg Trustee of the Marguerite Falkenborg 2000 Trust dated 6/20/00. | 100000 |
| 89 | John J. & Gina A. Fanelli Husband and Wife as joint tenants with rights of survivorship | 500000 |
| 90 | John Fanelli & Jodi Fanelli husband & wife as joint tenants with right of survivorship | 150000 |
| 91 | Patricia Ferguson Trustee of the Ferguson Living Trust dated 6/28/00 | 50000 |
| 92 | Dennis Flier Trustee of the Dennis Flier Inc. Defined Benefit Trust dated 6/29/87 | 40000 |
| 93 | Donald T. Flood & Betty R. Flood Trustees of the Flood Family Trust dated 12/24/85 | 50000 |
| 94 | Sarah A Foley & Bernadette Foley as joint tenants with right of survivorship | 150000 |
| 95 | Allen K. Forbes a single man | 50000 |
| 96 | Seymour Frank a married man dealing with his sole and separate property | 50000 |
| 97 | Robert G. Fuller Trustee of the RGF Revocable Trust | 50000 |
| 98 | Theodore J. Fuller and Joan L. Fuller Trustee of the Fuller Family Trust dated 5/29/97 | 100000 |
| 99 | Susan F. Gackenbach Trustee of the Susan F. Stein Trust Dated 2/12/00 | 100000 |
| 100 | Jerry L. Gage & Darlene C. Gage Trustees of the Dakota Trust dated 9/16/96 | 50000 |
| 101 | Frederick D. Garth and Blair F. Garth husband and wife as joint tenants with the right of survivorship | 50000 |
| 102 | Thornton Garth and Sharon R. Garth husband and wife as joint tenants with the right of survivorship | 50000 |
| 103 | Walter L. Gesper Jr. an unmarried man | 50000 |
| 104 | Christian Geisser & Hildegard Geisser husband & wife as joint tenants with right of survivorship | 50000 |
| 105 | Caroline M. Gerwin Trustee of the Caroline Gerwin Family Trust dated 11/2/95 | 330000 |
| 106 | William L. Ghidossi an unmarried man | 55000 |
| 107 | First Savings Bank custodian for Nancy R. Gilmour IRA | 50000 |
| 108 | Gonska Foundation LLC a Nevada limited liability company | 50000 |
| 109 | Karen Gordon Trustee of the KGG Living Trust dated 7/29/96 | 50000 |
| 110 | Horizon Investment Management LLC | 100000 |
| 111 | William Harrison Goulding and Elizabeth R. Goulding husband & wife as joint tenants with right of survivorship | 50000 |
| 112 | Glenn Greenberg and Denise M. Greenberg husband and wife as joint tenants with the right of survivorship | 50000 |
| 113 | David M. Greenblatt an unmarried man transfer on death to Karl Greenblatt | 50000 |
| 114 | Clifford Hagberg & Claire F. Hagberg husband & wife as joint tenants with right of survivorship | 100000 |

Palm Harbor One, LLC
12/13/05                        Page 4 of 11

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1756

| | | |
|---|---|---:|
| 115 | First Savings Bank Custodian For Gary Haider IRA | 50000 |
| 116 | Stanley Halfter a married man dealing with his sole & separate property | 50000 |
| 117 | Daniel R. Halseth & Sandra K Halseth Trustees of the Halseth Family Trust restated 4/21/00 | 100000 |
| 118 | Larry E. Hanan Trustee of the Larry E. Hanan Revocable Trust dated 5/20/02 | 50000 |
| 119 | T. Claire Harper Trustee of the Harper Family Trust dated 2/28/84 | 50000 |
| 120 | Marisa Deville Harvey a married woman dealing with her sole and separate property payable on death to Liana De Ville Paul De Ville and Christina De Ville | 100000 |
| 121 | Kevin J. Haselhorst A Single Man | 50000 |
| 122 | Roger N. Havekost a married man dealing with his sole & separate property | 50000 |
| 123 | Brooke Ann Hawley an unmarried woman & Stephen Hawley a married man dealing with his sole & separate property as joint tenants with right of survivorship | 100000 |
| 124 | Rose O. Hecker a single woman & Anita Rosenfield a single woman as joint tenants with right of survivorship | 50000 |
| 125 | Michael T. Heffner & Barbara C. Heffner Trustees of the Heffner Family Trust dated 9/10/02 | 100000 |
| 126 | Richard M. Heinen a married man as his sole & separate property | 100000 |
| 127 | Helms Homes LLC a Nevada limited liability company | 2000000 |
| 128 | Walter F. Henningsen Trustee of the Walter F. Henningsen Revocable Trust dated 2/18/03 | 50000 |
| 129 | Brian K. Herndon and Sharon L. Herndon Trustees of the Herndon Family Trust dated 05/29/1997 | 300000 |
| 130 | Donald A. Herrmann & Nancy E. Herrmann husband & wife as joint tenants with right of survivorship | 50000 |
| 131 | Edward O. High an unmarried man | 50000 |
| 132 | Ruby M. Hill Trustee of The Ruby M. Hill Family Trust dated December 12 1992 | 60000 |
| 133 | Ralph C. Holder & Naomi S. Holder Trustees of the Holder Revocable Trust dated 10/21/91 | 75000 |
| 134 | Jason L. Holt a married man dealing with his sole & separate property | 50000 |
| 135 | Edward W. Homfeld an unmarried man | 100000 |
| 136 | Susan N. Houston & William H. Houston  Trustees of the William H. Houston and Susan N. Houston Revocable Family Trust dated 12/20/85 | 100000 |
| 137 | Earl Howsley Jr. a married man dealing with his sole & separate property | 90000 |
| 138 | George W. Hubbard and Carol N. Hubbard Trustees of the Hubbard trust dated 7/29/1998 | 100000 |
| 139 | Richard Ianni an unmarried man | 50000 |
| 140 | Jonathan R. Iger A married man as his sole & separate property | 50000 |
| 141 | Donald E. James an unmarried man transfer on death to Betty A. Roe sister | 60000 |
| 142 | Mary Jean Jellison a married woman dealing with her sole & separate property | 50000 |

Palm Harbor One, LLC
12/13/05

Page 5 of 11

FEB-21-2006  14:10        CHICAGO TITLE                                    P.32

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1757

| | | |
|---|---|---|
| 143 | First Savings Bank Custodian For Mary Jellison IRA | 60000 |
| 144 | Alicia Jenkins a single woman | 50000 |
| 145 | Ronald Johnson Trustee of the C. I. B. B. Inc. Pension Plan | 50000 |
| 146 | Delbert T. Johnston Jr. & Rebecca J. Johnston Trustees of the Johnston Estate Revocable Trust dated 5/17/94 | 100000 |
| 147 | Rodney L. Johnston and Diane E. Johnston Trustees of the Johnston Trust dated 9/7/85 | 50000 |
| 148 | Jack L. Jones a married man dealing with his sole and separate property | 50000 |
| 149 | K. Ken Kaneda & Brigitte Arend-Kaneda Trustees of the Kaneda Living Trust dated 5/30/02 | 50000 |
| 150 | Arthur E. Kebble & Thelma M. Kebble Trustees of the Arthur E. Kebble & Thelma M. Kebble Family Trust dated 5/19/95 | 50000 |
| 151 | Christina M. Kehl an unmarried woman | 50000 |
| 152 | Robert J. Kehl & Ruth Ann Kehl husband & wife as joint tenants with right of survivorship | 500000 |
| 153 | Dr. Dana D. Keith DDS a married man dealing with his sole and separate property | 150000 |
| 154 | Ernest J. Keller Jr. and Helen Keller Trustees of the Keller Family Trust dated 9/16/05 | 100000 |
| 155 | Tally-Ho Fund a Pennsylvania company | 50000 |
| 156 | Norman Kiven a married man dealing with his sole & separate property | 50000 |
| 157 | Othmar Klay and Christine Klay Trustees of the Klay Living Trust dated 7/11/90 | 100000 |
| 158 | Walter Klevay & Gail Klevay husband & wife | 50000 |
| 159 | Bernard A. Kloenne Trustee of the Bernard Kloenne Living Trust dated 10/10/86 | 75000 |
| 160 | G. Robert Knoles and Christina G. Knoles husband and wife as joint tenants with the rights of survivorship | 50000 |
| 161 | Guenther A. Kohler & Elfriede Kohler Trustees of the 1989 Kohler Living Trust dated 6/13/89 | 75000 |
| 162 | Stephen V. Kowalski & Maria T. Sutherland husband and wife as joint tenants with the right of survivorship | 50000 |
| 163 | Ronald Kreykes & Linda Kreykes husband & wife as tenants in common | 50000 |
| 164 | Donald H. Kwiatkowski & Sandra L. Kwiatkowski husband & wife as joint tenants with right of survivorship | 50000 |
| 165 | Paul L. Kwiatkowski and Colita Jo Kwiatkowski Trustees of the Kwiatkowski Revocable Trust dated 12/17/04 | 50000 |
| 166 | Dina Ladd a single woman | 50000 |
| 167 | Teresa H. Lee Trustee of the William W. Lee & Teresa H. Lee 2003 Family Trust Agreement dated 6/26/03 | 100000 |
| 168 | Ron Lifton & Leonora Lifton Trustees of the Lifton Trust dated 2/9/99 | 50000 |
| 169 | Stephen Lincoln & Patricia Lincoln Trustees of the Stephen & Patricia Lincoln Trust dated 8/21/03 | 50000 |

Palm Harbor One, LLC
12/13/05                            Page 6 of 11

FEB-21-2006  14:10       CHICAGO TITLE                                    P.33

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1758

| | | |
|---|---|---|
| 170 | Douglas Littrell & Joani Littrell husband & wife as joint tenants with right of survivorship | 50000 |
| 171 | Ivan Loebs a married man dealing with his sole & separate property | 70000 |
| 172 | Area 2 L.L.C. a Nevada limited liability company | 50000 |
| 173 | Leona Lubliner Trustee of the Leona Lubliner Living Trust U/A dated 7/16/96 | 50000 |
| 174 | Erika G. Lynn an unmarried woman | 50000 |
| 175 | Christopher A. Marando and Noreen E. Marando husband and wife as joint tenants with the right of survivorship | 50000 |
| 176 | Michele L. Marson-Ruiz & Phillip J. Ruiz husband & wife as joint tenants with right of survivorship | 50000 |
| 177 | Norman Martineau & Kathryn J. Martineau husband & wife as joint tenants with right of survivorship | 50000 |
| 178 | Pamela Jean Marton an unmarried woman transfer on death to James Dickinson | 50000 |
| 179 | Gerald Marts & Linda R. Marts husband & wife as joint tenants with right of survivorship | 50000 |
| 180 | Morris Massry a married man dealing with his sole & separate property | 100000 |
| 181 | Monroe Mayo & Louise Mayo Trustees of the Mayo Family Trust | 50000 |
| 182 | Alicia McBride & Marlon McBride husband & wife as joint tenants with right of survivorship | 50000 |
| 183 | Dale J. McMullan Trustee of the McMullan Living Trust dated 8/19/94 | 50000 |
| 184 | Joseph J. Melz and Linda M. Melz husband and wife as joint tenants with the right of survivorship | 50000 |
| 185 | Brian J. Miller and Penny Miller husband and wife as joint tenants with right of survivorship | 50000 |
| 186 | Albert J. Mineconzo Trustee of the Albert J. Mineconzo Living Trust dated 11/4/97 | 50000 |
| 187 | Douglas Minter & Elizabeth F. Minter Trustees of the Minter Family 1994 Trust | 50000 |
| 188 | Equity Trust Company Custodian FBO Gary Moberly IRA | 150000 |
| 189 | First Trust Co. Of Onaga Custodian For Karen S. Moberly IRA | 84000 |
| 190 | Felix N. Moccia Trustee of the Felix N. Moccia Trust dated 4/11/94 | 50000 |
| 191 | Monighetti Inc. a Nevada corporation | 50000 |
| 192 | First Savings Bank custodian for Robert T. Monsen IRA | 50000 |
| 193 | Paula A. Morgan Trustee of the P. Morgan Trust dated 7/1/88 | 50000 |
| 194 | William H. Morgan and Donna R. Morgan Trustees of the William H. and Donna R. Morgan Living Trust dated 6/7/04 | 50000 |
| 195 | Adelaide L. Moschogianis & Christine Moschogianis Trustees of the Al Moschogianis Revocable Trust dated 11/30/04 | 50000 |
| 196 | Frank J. Murphy and Margaret F. Murphy husband and wife as joint tenants with the right of survivorship | 50000 |
| 197 | Dr. James & Tracy Murphy Trustees of The Murphy Family Trust | 75000 |

FEB-21-2006  14:10        CHICAGO TITLE                                P.34

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1759

| | | |
|---|---|---|
| 198 | Walter Musso & Barbara Musso Trustees of the Musso Living Trust dated 11/30/92 | 50000 |
| 199 | Larry J. Newman & Elsie D. Newman Trustees of the Newman Family Trust dated 9/30/97 | 50000 |
| 200 | First Savings Bank Custodian For Marvin Nicola IRA | 75000 |
| 201 | Frank T. Novak & Patricia A. Novak Trustees of the Novak Living Trust dtd 10/21/97 | 50000 |
| 202 | Dennis J. O'Hare & Irene R. O'Hare Trustees of the Irene R. O'Hare Trust dated 7/28/88 | 50000 |
| 203 | John E. O'Riordan & Sonhild A. O'Riordan husband & wife as joint tenants with the right of survivorship | 100000 |
| 204 | Henry J. Obermuller & Mengia K. Obermuller Trustees of the Henry & Mengia Obermuller Trust dated 9/14/90 | 50000 |
| 205 | Robert L. Ogren Trustee of the Robert L. Ogren Trust dated 6/30/92 (Acct#2) | 60000 |
| 206 | Diana A. Oldham a married woman dealing with her sole & separate property | 50000 |
| 207 | David M. Olds & Sally W. Olds husband & wife as joint tenants with right of survivorship | 50000 |
| 208 | Franklin D. Ott and Kathryn R. Ott Trustees of the Ott Family Revocable Trust dated 4/29/98 | 50000 |
| 209 | Shirley Payne an unmarried woman | 50000 |
| 210 | Leland T. Pearce & Isabelle J. Pearce husband & wife as joint tenants with right of survivorship | 50000 |
| 211 | First Savings Bank Custodian for Robert L. Pech IRA | 50000 |
| 212 | Larry Peschke & Susan Peschke husband & wife as joint tenants with right of survivorship | 50000 |
| 213 | Ronald C. Phelps Trustee of the Ronald C. Phelps Trust dated 10/19/01 | 50000 |
| 214 | Betty J. Phenix a married woman dealing with her sole & separate property | 50000 |
| 215 | Mary P. Phillips Trustee of the Mary P. Phillips Trust dated 7/26/01 | 50000 |
| 216 | Michael E. Pile a single man | 50000 |
| 217 | William Platt and Sondra B. Platt husband and wife as joint tenants with the right of survivorship | 50000 |
| 218 | Jack Polen Trustee of the Jack & Gladys Polen Family Trust dated 6/28/88 | 100000 |
| 219 | Martha W. Potter Trustee of the Martha W. Potter Revocable Trust | 50000 |
| 220 | Hans J. Prakelt an unmarried man | 50000 |
| 221 | Evelyn E. Pulley Trustee of the Pulley Revocable Trust dated 12/20/00 | 50000 |
| 222 | Michael J. Pulley & Deborah A. Pulley Trustees of the Pulley Living Trust dated 4/30/01 | 50000 |
| 223 | Justin D. Rafferty & Patricia L. Lewis Trustees of the The Lewis/Rafferty Family Trust dated 6/25/97 | 80000 |
| 224 | Laverne F. Rafferty Trustee of the Harry J. Rafferty & Laverne F. Rafferty Trust dated 4/15/90 | 50000 |
| 225 | Richard M. Raker Trustee of the Richard M. Raker Living Trust dated 3/18/98 | 50000 |

Palm Harbor One, LLC
12/13/05

FEB-21-2006  14:10        CHICAGO TITLE                                    P.35

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1760

| | | |
|---|---|---|
| 226 | Ray Properties LLC a Nevada limited liability company | 50000 |
| 227 | Jean G. Richards Trustee of the Jean G. Richards Trust dated 9/30/1999 | 60000 |
| 228 | Larry L. Rieger & Patsy R. Rieger Trustees of the Larry L. Rieger & Patsy R. Rieger Revocable Trust dated 8/14/91 | 50000 |
| 229 | Brooks H. & Dee Dee Robinson Husband and wife joint tenants with right of survivorship | 50000 |
| 230 | Robert R. Rodriguez an unmarried man | 50000 |
| 231 | Arnold Rosenthal a single man | 50000 |
| 232 | John Ross Enterprises Inc. a California corporation | 50000 |
| 233 | Sheila E. Rothberg a married woman dealing with her sole & separate property | 50000 |
| 234 | Thalia Nicholas Routsis Trustee of the Thalia Routsis Family Trust dated 7/24/90 | 50000 |
| 235 | Ingrid A. Rutherford Trustee of the Ingrid A. Rutherford Family Trust dated 7/8/99 | 50000 |
| 236 | Ronald F. Ryan and Mary A. Ryan husband and wife as joint tenants with the right of survivorship | 50000 |
| 237 | Mark A. Sauceda an unmarried man | 200000 |
| 238 | Irwin Schneider & Ursula Schneider husband & wife as joint tenants with right of survivorship | 50000 |
| 239 | Robert H. Schultz & Sharon L. Schultz Trustees of the Robert H. Schultz & Sharon L. Schultz Living Trust dated 2/25/97 | 50000 |
| 240 | Jacqueline L. Scott a married woman dealing with her sole & separate property | 50000 |
| 241 | Abraham Serouya a married man | 100000 |
| 242 | Ronald C. Shackelford Trustee of the Shackelford Family Trust dated 9/21/04 | 50000 |
| 243 | Ryan S. Shane a single man and Tracy Benson a single woman | 50000 |
| 244 | First Savings Bank Custodian For Gary O. Sharp IRA | 50000 |
| 245 | Gerald A. Sherwin Transfer on Death to Pamela J. Sherwin | 50000 |
| 246 | Andrew Shier & Peri Chickering husband & wife as joint tenants with right of survivorship | 50000 |
| 247 | Donald E. Shoup & Sharon K. Shoup husband & wife as joint tenants with right of survivorship | 100000 |
| 248 | Alan R. Simmons & Judith B. Simmons husband & wife as joint tenants with right of survivorship | 50000 |
| 249 | Herbert Slovis a single man  & Julie B. Slovis a single woman as joint tenants with right of survivorship | 50000 |
| 250 | Oliver F. Smith Trustee of the Oliver F. Smith Incorporated Profit Sharing Plan | 50000 |
| 251 | The Soldo Family Limited Partnership | 100000 |
| 252 | Robert S. Speckert Trustee of the Robert S. Speckert Rev. Living Trust dated 6/11/92 | 100000 |
| 253 | Charles A. Spencer a single man | 60000 |

Palm Harbor One, LLC
12/13/05

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1761

| | | |
|---|---|---|
| 254 | Brett W. Sperry an unmarried man | 300000 |
| 255 | Peter E. Sprock Trustee of the Peter E. Sprock 2001 Trust | 60000 |
| 256 | Stater Family Ltd Parthership | 300000 |
| 257 | Naomi F. Stearns Trustee of the Naomi F. Stearns Trust Dated 8/9/1985 | 50000 |
| 258 | Jay S. Stein Trustee of the Jay S. Stein Charitable Remainder Unitrust dated 7/15/02 | 200000 |
| 259 | Michael D. Stewart & Mary Jude Stewart Trustees of the Stewart Family Trust dated 1/15/98 | 100000 |
| 260 | Lesley Stricker a widow | 50000 |
| 261 | Hans-Ueli Surber a married man dealing with his sole and separate property | 50000 |
| 262 | Marcia Sweany-Volpe a married woman dealing with her sole & separate property transfer on death to Linda St. Pierre | 175000 |
| 263 | Nicholas Randazzo Linda Tabas Stempel & Robert Tabas Executors for the Estate of Daniel Tabas | 250000 |
| 264 | Sovereign Capital Advisors LLC a Nevada limited liability company | 50000 |
| 265 | KTaylorGO Investments LTD a Texas company | 100000 |
| 266 | Kerry S. Taylor & Joyce L. Taylor Trustees of the Taylor Living Trust dated 2/27/98 | 50000 |
| 267 | Annabelle E. TaylorTTEE of the Annabelle E. Taylor Family Trust dated 5/12/95 | 50000 |
| 268 | William Taylor & Lyla Taylor Trustees of the Taylor Family Trust dated 12/23/86 | 50000 |
| 269 | Gregory R. Thompson an unmarried man | 50000 |
| 270 | Ronda L. Threlfall a married woman dealing with her sole & seperate property | 100000 |
| 271 | Lynnette S. Thurman and John H. Thurman husband and wife as joint tenants with right of survivorship | 50000 |
| 272 | Sigmund L. Tomczak & Diana Tomczak Trustees of the Tomczak Family Trust dated 4/25/83 | 85000 |
| 273 | Robert C. Toombes and Patsy G. Toombes husband and wife as joint tenants with the right of survivorship | 100000 |
| 274 | Stephanie Trager & Lawrence B. Trager a husband & wife as joint tenants with rights of survivorship | 100000 |
| 275 | T-2 Enterprises LLC. Manager  Warren W. Tripp | 50000 |
| 276 | T-3 Enterprises LLC. Manager Warren W. Tripp | 50000 |
| 277 | Gary E. Tucker & Linda L. Tucker busband & wife as joint tenants with right of survivorship | 50000 |
| 278 | Mark Tysseling & Sharon Vey-Tysseling husband & wife as joint tenants with right of survivorship | 100000 |
| 279 | USA Capital First Trust Deed Fund | 1174000 |
| 280 | USA Commercial Mortgage Company | 605000 |
| 281 | Peggy Ann Valley Trustee as her sole & separate property under the McLaughlin-Valley Trust dated 2/24/97 | 95000 |

Palm Harbor One, LLC
12/13/05

FEB-21-2006  14:10    CHICAGO TITLE                                      P.37

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1762

| | | |
|---|---|---:|
| 282 | Julie A. Virga an unmarried woman | 50000 |
| 283 | Marietta Voglis a married woman dealing with her sole & separate property | 50000 |
| 284 | Darren E. Watson A single man transfer on death to Linda L. Watson | 50000 |
| 285 | Dean F. Weible & Ardis Weible Co-TTEEs of the Weible 1981 Trust dated 6/30/81 | 50000 |
| 286 | Diana F. Weiland Trustee for the benefit of Gerald R. Weiland & Diana F. Weiland Trust | 100000 |
| 287 | George S. Willett and Laurene Willett husband and wife as joint tenants with right of survivorship | 50000 |
| 288 | Frederick P. Windisch Trustee of the Windisch 1998 Living Trust | 75000 |
| 289 | Frederick Paul Windisch a widower | 50000 |
| 290 | Jerry Woldorsky a married man dealing with his sole & separate property | 50000 |
| 291 | Richard G. Worthen and La Rue S. Worthen Trustees of the Richard G. Worthen Family Trust | 500000 |
| 292 | Gregory D. Yonai Trustee of the Gregory D. Yonai Family Trust | 75000 |
| 293 | Terry Thomas Young a single man | 50000 |
| 294 | First Savings Bank Custodian For Craig Zager SEP IRA | 65000 |
| 295 | Erin Belle Zenor Trustee of the Erin Belle Zenor 1994 Trust dated 4/13/94 | 50000 |
| 296 | Osvaldo Zunino Trustee of the Osvaldo Zunino Living Trust dated 12/18/98 | 100000 |
| | TOTAL | 26200000 |

Palm Harbor One, LLC
12/13/05

Page 11 of 11

PINELLAS COUNTY FL OFF. REC. BK  14943  PG  1763

**Exhibit "B"**

**Parcel 1**

A portion of Lots 18, 19, 58, 59 and 64, TAMPA AND TARPON SPRINGS LAND COMPANY, as recorded in Plat Book 1, page 116, of the public records of Hillsborough County, Florida, of which Pinellas County was formerly a part, situated in the Northwest 1/4 of Section 30, Township 27 South, Range 16 East and also being in the Southwest 1/4 of Section 19, Township 27 South, Range 16 East, Pinellas County, Florida, being more particularly described as follows:

From the Northeast corner of the Northwest 1/4 of said Section 30; thence along the North line of said Section 30, North 86° 04'07" West, 652.04 feet to the Point of Beginning; thence along the boundary of property described in Official Records Book 5309, page 2031, by the following 7 courses: (1) thence continue North 86° 04'07" West, 50.94 feet; (2) thence leaving said line North 65° 02'55" West, 63.86 feet; (3) thence South 00° 03'51" East, 266.72 feet; (4) thence South 89 ° 56'09" West, 83.54 feet; (5) thence South 00° 03'51" East, 455.95 feet; (6) thence North 89° 56'09" East, 69.67 feet; (7) thence South 00° 03'51" East, 265.88 feet; thence North 87° 07'35" West, 536.13 feet to the Easterly right-of-way of Belcher Road Corridor (a 110 foot right-of-way); thence North 00° 02'46" West, along said right-of-way, 1031.73 feet to a point of curve; thence along the arc of a curve to the left, radius 1200.92 feet, delta 04° 33'28", arc 95.53 feet, chord bearing North 02° 19'29" West, 95.51 feet; thence leaving said right-of-way South 81° 32'09" East, 667.87 feet; thence South 00° 36'33" East, 97.60 feet to the Point of Beginning.

LESS AND EXCEPT land conveyed to Pinellas County for CYPRESS POND ROAD by Quitclaim Deed recorded in Official Records Book 6647, page 146, of the public records of Pinellas County, Florida.

ALSO LESS AND EXCEPT land conveyed to Pinellas County for CYPRESS POND ROAD by Quit-Claim Deed recorded in Official Records Book 14642, Page 1104, Public records of Pinellas County, Florida.

**Parcel 2**

A portion of Lots 18 and 59, TAMPA AND TARPON SPRINGS LAND COMPANY, as recorded in Plat Book 1, Page 116, public records of Hillsborough County, Florida, of which Pinellas County was formerly a part situated in the Northwest 1/4 of Section 30, Township 27 South, Range 16 East and also being in the Southwest 1/4 of Section 19, Township 27 South, Range 16 East, Pinellas County, Florida, being more particularly described as follows: From the Northeast corner of the Northwest 1/4 of said Section 30; thence along the North line of said Section 30, North 86° 04'07" West, 437.33 feet to the Point of Beginning; thence leaving said line South 00° 03'51" East, 960.32 feet; thence North 87° 07'35" West, 337.11 feet; thence North 00° 03'51" West, 265.88 feet; thence South 89° 56'09" West, 69.67 feet; thence North  00° 03'51" West, 455.95 feet; thence North 89° 56'09" East, 83.54 feet; thence North 00° 03'51" West, 266.72 feet; thence South 65° 02'55" East, 63.86 feet to a point on the aforedescribed North line of Section 30, thence along said line South 86° 04'07" East, 50.94 feet; thence leaving said line South 00° 36'33" East, 26.60 feet to a point on a curve; thence along the arc of a curve to the right concaved to the Southeast, radius 860.00 delta 14 ° 15'57", arc 214.13 feet, chord bearing North 86° 47'54" East, 213.58 feet to a point of tangency on the aforementioned North section line; thence along said line South 86° 04'07" East, 0.61 feet to the aforedescribed Point of Beginning.