# ATTACHMENT NO. 4

**Legal Description**
**Exhibit "B"**

Parcel 18

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

Lot 15 of Tract No. 16050, in the City of Los Angeles, as per Map recorded in Book 370 Pages 44 through 46 inclusive of Maps, in the office of the County Recorder of said County.

Except therefrom an undivided one-half interest of all petroleum, oil, gas, naphtha, asphaltum, brea and other hydrocarbons and all other minerals, within or underlying said land, as excepted by Chas H. Church, Trustee under Declaration of Trust dated November 30, 1948 in Deed recorded May 19, 1949 as Instrument No. 806 in Book 30124 Page 18 Official Records.

The right to enter upon or use the surface of any part or portion of said land or the subsurface thereof to a depth of 200 feet from the surface for the purpose of exploring, drilling, developing or extracting any oil, gas, naphtha and other hydrocarbon and mineral substances was quitclaimed by a Deed executed by Chas H. Church, as Trustee, recorded in February 10, 1950 as Instrument No. 2316, Book 32246 Page 212 Official Records.

Also except from all of the above described lands all the remaining oil, gas, and other hydrocarbon and minerals now or at any time hereafter situated therein and thereunder or producible therefrom, together with the free and unlimited right to mine, drill and bore beneath the surface of said land at any level or levels 100 feet or more below the surface of said land for the purpose of development or removal of such substances, provided that the surface opening of such well and all other surface facilities shall be located on land other than that described therein, and shall not penetrate any part or portion of the above described real property within 100 feet of the surface and all of the rights so to remove such substances are hereby specifically reserved, including the right to drill, for produce and use water from said real property in connection with such operations, as reserved in the Deed from the Capital Company, recorded September 24, 1951 as Instrument No. 237 in Book 47213 Page 86 Official Records.

APN: 5032-004-003

05 2251105

Legal Description
Exhibit "B"

Parcel 19

Real property in the City of Los Angeles, County of Los
Angeles, State of California, described as follows:

Lot 17 of Tract No. 16050, in the City of Los Angeles, as
per Map recorded in Book 370 Pages 44 to 46 inclusive
of Maps, in the office of the County Recorder of said
County.

Except an undivided one-half interest of all petroleum,
oil, gas, naphtha, asphaltum, brea and other
hydrocarbons and all other minerals, within or
underlying said land, as excepted by Charles H. Church,
Trustee, under Declaration of Trust dated November 30,
1948 in Deed recorded May 19, 1949 as Instrument No.
806, in Book 30124 Page 18 Official Records.

The right to enter upon or use the surface of any part or
portion of said land or the subsurface thereof, to a depth
of 200 feet from the surface for the purpose of
exploring, drilling, developing or extracting any oil, gas,
naphtha and other hydrocarbons and mineral substances
was quitclaimed by a Deed executed by Charles H.
Church, as Trustee, recorded in Book 32246 Page 212
Official Records.

Also saving and excepting from all of the above
described lands, all the remaining oil, gas, and other
hydrocarbons and minerals now or at any time hereafter
situated therein and thereunder or producible therefrom,
together with the free and unlimited right to mine, drill
and bore beneath the surface of said land at any level or
levels 100 feet or more below the surface of said land
for the purpose of development or removal of such
substances, provided that the surface opening of such
well and all other surface facilities shall be located on
land other than that described herein, and shall not
penetrate any part or portion of the above described
real property within 100 feet of the surface thereof, and
all of the rights so to remove such substances are
hereby specifically reserved, including the right to drill,
for produce and use water from said real property in
connection with such operations, as reserved in the
Deed from the Capital Company, recorded May 20, 1955
in Book 47834 Page 272, Official Records.

APN:  5032-004-005

05  2251105

Legal Description
Exhibit "B"

Parcel 20

Real property in the City of Los Angeles, County of Los
Angeles, State of California, described as follows:

PARCEL A:

Lot 18 of Tract 16050, in the city of Los Angeles, as per
map recorded in Book 370 Pages 44, 45 and 46 of Maps,
in the office of the county recorder of said county.

EXCEPT an undivided one-half interest of all petroleum,
oil, gas, naphtha, asphaltum, brea and other
hydrocarbons and all other minerals within or underlying
said above described land, as excepted by Chas H.
Church, Trustee under Declaration of Trust dated
November 30, 1948 in deed recorded May 19, 1949 in
Book 30124 Page 18 of Official Records.

ALSO EXCEPT all the remaining oil, gas and other
hydrocarbons and minerals now or at any time hereafter
situated therein and thereunder or producible therefrom,
together with the free and unlimited right to mine, drill
and bore beneath the surface of said land at any level or
levels one hundred feet (100') or more below the
surface of said land for the purpose of development or
removal of such substances, provided that the surface
opening of such well and all other surface facilities shall
be located on land other than that described herein, and
shall not penetrate any part or portion of the above
described real property within one hundred feet of the
surface thereof and all of the rights so to remove such
substances are hereby specifically reserved, including
the right to drill for, produce and use water from said
real property in connection with such operations as
reserved in the deed recorded April 4, 1955 as
Instrument No. 342.

PARCEL B:

Lot 19 of Tract 16050, in the city of Los Angeles, as per
map recorded in Book 370 Pages 44 through 46 inclusive
of Maps, in the office of the county recorder of said
county.

EXCEPT an undivided one-half interest of all petroleum,
oil, gas, naphtha, asphaltum, brea and other
hydrocarbons and all other minerals within or underlying
said land, as excepted by Charles H. Church, Trustee
under Declaration of Trust dated November 30, 1948 in
deed recorded May 19, 1949 as Instrument No. 806, in
Book 30124 Page 18, Official Records.

The right to enter upon or use the surface of any part or

05  2251105

Legal Description
Exhibit "B"

portion of said land or the subsurface thereof to a depth of 200 feet from the surface for the purpose of exploring, drilling, developing or extracting any oil, gas, naphtha and other hydrocarbon and mineral substances was quitclaimed by a deed executed by Charles H. Church, as trustee, recorded in Book 32246 Page 212, Official Records.

ALSO saving and excepting unto the grantor herein, its successors and assigns, from all of the above described lands, all the remaining oil, gas and other hydrocarbons and minerals now or at any time hereafter situated therein and thereunder or producible therefrom, together with the free and unlimited right to mine, drill and bore beneath the surface of said land at any level or levels 100 feet or more below the surface of said land for the purpose of development or removal of such substances, provided that the surface opening of such well and all other surface facilities shall be located on land other than that described herein, and shall not penetrate any part or portion of the above described real property within 100 feet of the surface thereof and all of the rights so to remove such substances are hereby specifically reserved, including the right to drill for, produce and use water from said real property in connection with such operation, as reserved in the deed from the Capital Company, recorded May 10, 1955 as Instrument No. 1609, Official Records, as to Lot 19 and recorded April 4, 1953 as Instrument No. 342, Official Records as to Lot 18.

APN:  5032-004-006 and 5032-004-007

05 2251105

09/19/05

Exhibit "C"

New Subordination Agreement

RECORDING REQUESTED BY
USA Capital
4484 South Pecos Road
Las Vegas, NV 89121-5030

WHEN RECORDED RETURN TO
USA Capital
4484 South Pecos Road
Las Vegas, NV 89121-5030

THE AREA ABOVE IS RESERVED FOR
RECORDER'S USE

## SUBORDINATION AGREEMENT

05  2251105

09/19/05

**RECORDING REQUESTED BY**
USA Capital
4484 South Pecos Road
Las Vegas, NV 89121-5030

**WHEN RECORDED RETURN TO**
USA Capital
4484 South Pecos Road
Las Vegas, NV 89121-5030

THE AREA ABOVE IS RESERVED FOR
RECORDER'S USE

## SUBORDINATION AGREEMENT

412072 1 — 20204 004

05 2251105

09/19/05

## SUBORDINATION AGREEMENT

**NOTICE: THIS SUBORDINATION AGREEMENT RESULTS IN JUNIOR LENDER'S SECURITY INTEREST IN THE PROPERTY BECOMING SUBJECT TO AND OF LOWER PRIORITY THAN THE LIEN OF ANOTHER SECURITY INSTRUMENT.**

This **SUBORDINATION AGREEMENT** (this "**Agreement**") is made as of this _____ day of _____, 2005, by and among **MS ACQUISITION COMPANY, LLC**, a California limited liability company ("**Borrower**"), **3901 SANTA ROSALIA, LLC**, a California limited liability company ("**Junior Lender**") and those persons and entities listed on **Exhibit "A"** attached hereto (collectively, "**Senior Lender**") by USA Commercial Mortgage Company ("**USA Capital**") as agent for Senior Lender, and is based upon the following recitals. USA Capital shall have the right, from time to time, to designate different or additional persons or entities to be part of the group comprising the "Senior Lender" and upon such designation, **Exhibit "A"** attached hereto shall be automatically amended to reflect such different or additional persons or entities, but such designation by USA Capital shall not otherwise modify this Agreement and, in particular, shall not modify or otherwise affect the rights of "Senior Lender" under this Agreement:

### R E C I T A L S

A. Senior Lender made a loan to Borrower in the original principal amount of up to $6,000,000 (the "**Senior Loan**"), and in connection therewith Borrower executed in favor of Senior Lender that certain Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing, which was recorded in the official records of Los Angeles County on _____, 2005 as Document No. _____. For the purpose of this Agreement, the Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing immediately stated above, as it may from time to time be supplemented, modified, amended, renewed, or extended shall hereinafter be referred to as the "**Senior Deed of Trust**". The Senior Deed of Trust encumbers that certain real property legally described on **Exhibit "B"** attached hereto (the "**Property**").

B. The Senior Loan was made pursuant to, and is evidenced by, in addition to the Senior Deed of Trust, various other documents executed by Borrower in favor of Senior Lender, including but not limited to a loan agreement, promissory note (the "**Senior Note**"), security agreements (including assignments and pledges of, among other things, various rights, permits, licenses, franchises, authorizations, contracts, plans, specifications, and drawings), financing statements, environmental indemnity agreements, guaranties and various other documents. For the purpose of this Agreement, the term "**Senior Loan Documents**" shall mean the Senior Deed

412072 1 ~ 20204 004                                         05  2251105

09/19/05

of Trust and all the above documents described in this Recital B and the Senior Note Amendment (defined below) and any prior Senior Note Amendments described in prior subordination agreements executed by Junior Lender, and, in each case, as originally executed or as they may from time to time be supplemented, modified, amended, renewed or extended together with all other documents or instruments which may at any time be executed by Borrower in connection with the Senior Loan.

C.   Under the Senior Loan, prior hereto Senior Lender made an initial advance to Borrower in the amount of $23,000,000 (the "**Initial Senior Advance**") and, prior hereto Senior Lender may have made one or more additional advances described in various Senior Loan Documents and/or prior subordination agreements executed by Junior Lender (collectively, "**Prior Additional Senior Advances**").   Concurrently herewith, Borrower and Junior Lender desire for Senior Lender to make an additional advance of $_____ (the "**Additional Senior Advance**") under the Senior Loan to be evidenced by an amendment to the Senior Note and other documents desired by Senior Lender (collectively, the "**Senior Note Amendment**"). The Additional Senior Advance is also secured by, among other things, the Senior Deed of Trust.

D.   Subsequent to the Senior Loan, Junior Lender made a loan to Borrower in the original principal amount of $6,000,000 (the "**Junior Loan**") and in connection therewith Borrower executed in favor of Junior Lender that certain Subordinated Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing, which was recorded in the official records of Los Angeles County after the Senior Deed of Trust, on _____, 2005 as Document No. _____.   For the purpose of this Agreement, the Subordinated Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing immediately stated above executed in favor of Junior Lender, as it may from time to time be supplemented, modified, amended, renewed, or extended shall hereinafter be referred to as the "**Junior Deed of Trust**".

E.   The Junior Loan was made pursuant to, and is evidenced by, in addition to the Junior Deed of Trust, various other documents executed by Borrower in favor of Junior Lender, including but not limited to that certain Loan and Financing Agreement (the "**Junior Loan Agreement**"), promissory note (the "**Junior Note**"), security agreements, financing statements, environmental indemnity agreements, guaranties and various other documents.   For the purpose of this Agreement, the term "**Junior Loan Documents**" shall mean the Junior Deed of Trust and all the above documents described in this Recital E, and, in each case, as originally executed or as they may from time to time be supplemented, modified, amended, renewed, or extended together with all other documents or instruments which may at any time be executed by Borrower in connection with the Junior Loan; provided that the definition of Junior Loan Documents and the language in this Recital E shall not in any way (a) modify Borrower's and Junior Lender's agreement in the Prior Subordination Agreement (defined below) by which Borrower and Junior Lender have agreed not to amend, supplement or otherwise modify the Junior Loan Documents (subject to the exception set forth in Section 3 concerning the Retail Parcel, defined below); and (b) negate or otherwise limit Junior Lender's certification in Section 6(i), below.   The Junior Loan Documents give Junior Lender an option to purchase a portion of the Property.   (Any option to purchase granted to the Junior Lender in the Junior Loan Documents or otherwise shall be referred to herein as the "**Junior Purchase Option**.")   .

05 2251105

09/19/05

F.   Borrower and Junior Lender have previously executed on or about _____, 2005 and recorded in the official records of Los Angeles County a Subordination Agreement as Document No. _____ (the **"Prior Subordination Agreement"**) whereby, among other things, Senior Lender and Junior Lender agreed that (1) the Senior Deed of Trust at all times shall unconditionally be a lien or charge upon the Property prior to and superior to the lien or charge of the Junior Deed of Trust and the Junior Purchase Option; and (2) the Senior Loan Documents (and all Senior Lender's rights and security interests set forth therein) at all times shall unconditionally be senior to and superior in priority to the Junior Loan Documents (and all Junior Lender's rights and security interests set forth therein and the Junior Purchase Option). **[SENIOR LENDER MAY CHANGE THIS PROVISION TO RECITE ANY SUBORDINATION AGREEMENTS CONCERNING ANY PORTION OF THE RETAIL PARCEL ACQUIRED BY BORROWER; AND SENIOR LENDER MAY OTHERWISE CHANGE THIS AGREEMENT AS NECESSARY, CONCERNING THE RETAIL PARCEL AND/OR SUCH OTHER SUBORDINATION AGREEMENTS].**

G.   It is a condition precedent to Borrower obtaining the Additional Senior Advance that, among other things, the Senior Deed of Trust, securing all obligations recited therein as being secured thereby, including but not limited to the Senior Note Amendment, shall unconditionally be and remain at all times a lien or charge upon the Property prior to and superior to the lien or charge of the Junior Deed of Trust.

H.   It is for the mutual benefit of Borrower and Junior Lender that Senior Lender make the Additional Senior Advance.  In particular, but without limiting the foregoing, Junior Lender ultimately intends to be the developer of the Property (or part thereof) in accordance with existing agreements between Junior Lender and Borrower; thus, Junior Lender is depending upon the Senior Loan to provide the Additional Senior Advance to allow Borrower to complete certain work so that Borrower will be in a position to sell or otherwise transfer the Property (or part thereof) to Junior Lender in a condition required by Junior Lender.  Without the Additional Senior Advance, Junior Lender would not be able to realize its development opportunity with respect to the Property.  Therefore, Junior Lender does not want, under any circumstances, for the Junior Loan or the Junior Lender in any way to interfere with the Senior Loan or the Additional Senior Advance or the willingness of Senior Lender to make the Additional Senior Advance, or otherwise to interfere or adversely affect the rights of Senior Lender in and to the Property and under the Senior Loan Documents, which rights of the Senior Lender Junior Lender desires, understands and agrees will at all times be senior and of higher priority than Junior Lender's rights.

NOW, THEREFORE, in consideration of the mutual benefits accruing to the parties hereto and other valuable consideration, the receipt and sufficiency of which consideration is hereby acknowledged, and in order to induce Senior Lender to make the Additional Senior Advance, it is hereby declared, understood and agreed as follows:

1.   The Senior Deed of Trust, as to the Additional Senior Advance as well as all other obligations recited as being secured thereby (including but not limited to the Senior Note, the Senior Note Amendment(s), and all renewals, modifications and extensions thereof), is now and shall unconditionally be and remain at all times a lien or charge on the Property prior and

09/19/05

superior to the lien or charge of the Junior Deed of Trust and prior and superior to the Junior Purchase Option.

2.  The Senior Lender would not make the Additional Senior Advance without this Agreement.

3.  The Senior Loan Documents and all rights of Senior Lender thereunder (including all rights in connection with the Additional Senior Advance and all security interests created by the Senior Loan Documents) are now and shall unconditionally be and remain at all times prior and superior to the Junior Loan Documents and all rights of Junior Lender thereunder (including the security interests created thereby and the Junior Purchase Option).   Without limiting the foregoing, Junior Lender agrees that any rights of Junior Lender, whether now existing or later arising, to receive payment on account of any indebtedness (including interest) owed to it by Borrower or any subsequent owner of the Property, or to receive any other payment from Borrower or any subsequent owner of the Property or to pursue any rights and remedies under the Junior Loan Documents (except as provided below), shall at all times be subordinate as to lien and time of payment and in all other respects to the full and prior repayment of the Senior Loan, including but not limited to the Additional Senior Advance and any Prior Additional Senior Advances and the rights and remedies of Senior Lender under the Senior Loan Documents.   Thus (without limiting the subordination above), until the Senior Loan (including but not limited to the Additional Senior Advance and any Prior Additional Senior Advances ) is repaid in full (a) Junior Lender may not receive payments (and shall not be entitled to enforce any obligations to make any such payments) from Borrower or any subsequent owner of the Property in respect of the Junior Loan (or otherwise) and any amounts received by Junior Lender shall be held in trust for Senior Lender and promptly paid over to Senior Lender, (b) any impounded amounts for taxes and insurance or other impounded amounts deposited with Junior Lender under Section 3.7 of the Junior Deed of Trust (or otherwise) must be used solely to pay the costs for which the impounded amounts are given and no portion of such impounded amounts shall be paid to Junior Lender or any of its affiliates, and (c) Junior Lender may not pursue any monetary recourse against Borrower or anyone else liable under the Junior Loan.   In addition, until the Senior Loan is repaid in full, Junior Lender may not exercise the Junior Purchase Option (or any part thereof), except that Junior Lender may exercise the Junior Purchase Option with respect to any portion of the Property if Junior Lender or Borrower has notified Senior Lender in writing that Borrower (or someone on behalf of Borrower) will be paying the release price and Borrower will otherwise be complying with all obligations under the Senior Loan Documents required for the release of such portion of the Property from the lien of the Senior Deed of Trust, provided that, notwithstanding the exercise by Junior Lender of the Junior Purchase Option, such portion of the Property may not be transferred to Junior Lender or otherwise until such time as  Borrower (or someone on behalf of Borrower) has paid the release price and Borrower has otherwise complied with all other requirements under the Senior Loan Documents for the release of such portion of the Property from the lien of the Senior Deed of Trust.   Further, Borrower and Junior Lender may not amend, supplement or otherwise modify the Junior Loan Documents from the final Junior Loan Documents existing as of the date of the recordation of the Junior Deed of Trust in the official records of Los Angeles County, California, except that Junior Lender shall have the right, upon compliance with the provisions of Section 7 of the Prior Subordination Agreement, to amend the Junior Deed of Trust to allow the Junior

4

05  2251105

09/19/05

Deed of Trust to encumber the Retail Parcel (defined below) or parts thereof. Notwithstanding the foregoing (but without otherwise affecting the subordination set forth in this Agreement and without otherwise affecting any of Senior Lender's rights and remedies under the Senior Loan Documents), Junior Lender (a) at all times retains the right to foreclose upon the Property in the event of Borrower's default under the Junior Loan Documents, in accordance with the Junior Loan Documents; and (b) at all times may enforce its remedies against Jeffrey Lee, Michael Adler and Santa Rosalia Homes, LLC, a California limited liability company in accordance with that certain Payment and Performance Guaranty dated as of the date hereof, which Payment and Performance Guaranty is one of the Junior Loan Documents.

4.  Junior Lender will execute all documents and take all other steps requested by Senior Lender to confirm the agreements set forth herein. Without limiting the foregoing, Junior Lender will assist Senior Lender to allow Senior Lender to obtain any title insurance endorsements requested by Senior Lender, including but not limited to endorsements to insure the continuing lien priority of the Senior Deed of Trust as to the Additional Senior Advance and otherwise, including signing all documents requested by any title company in connection therewith.

5.  This Agreement, the Prior Subordination Agreement, and any prior subordination agreements executed by Junior Lender in connection with Prior Additional Senior Advances shall be the whole and only agreements with regard to the subordination of the Junior Deed of Trust to the Senior Deed of Trust and subordination of the Junior Loan Documents (and all rights thereunder) to the Senior Loan Documents (and all rights thereunder) and shall supersede and cancel any prior agreements as to such subordination, including but not limited to, those provisions, if any, contained in the Junior Deed of Trust, which provide for the subordination of the lien or charge thereof to another deed or deeds of trust or to any other mortgage or mortgages.

6.  Junior Lender further declares, agrees and acknowledge as follows:

(a)  Junior Lender has received and reviewed the Senior Note Amendment and Junior Lender consents to, approves, and fully understands the Senior Note Amendment and all modifications to the Senior Loan Documents concerning the Additional Senior Advance. Thus, the exact terms of the Additional Senior Advance and the Senior Note Amendment (and all other provisions of the Senior Loan Documents) are known to, understood by, and approved by, Junior Lender. In particular, but without limiting the foregoing, Junior Lender understands, consents to, and approves, the interest rate, loan fees, prepayment penalties, financing charges, principal amount, maturity date, terms of repayment, mode of repayment, use of funds, and all other provisions of the Senior Note Amendment and all documents related to the Additional Senior Advance (and all other provisions of the Senior Loan Documents).

(b)  Junior Lender agrees that the subordination created by this Agreement is fair and reasonable.

(c)  Junior Lender intentionally and unconditionally waives, relinquishes and subordinates the lien or charge of the Junior Deed of Trust and the Junior Purchase Option in favor of the Senior Deed of Trust as to the Additional Senior Advance as well as all other

05 2251105

09/19/05

obligations recited as being secured thereby (including but not limited to the Senior Note, the Senior Note Amendment(s), and all renewals, modifications and extensions thereof), and understands that in reliance upon and in consideration of this waiver, relinquishment and subordination specific loans (including but not limited to the Additional Senior Advance) are being and will be made and, as part and parcel thereof, specific monetary and other obligations are being and will be entered into which would not be made or entered into but for said reliance upon this waiver, relinquishment and subordination.

(d)  Junior Lender acknowledges and agrees that the Junior Loan Documents (and the agreements and security interests created thereby and the Junior Purchase Option) shall at all times unconditionally be subject and subordinate to, and of lower priority than, the Senior Loan Documents (and all agreements and security interests created thereby, including all rights in connection with the Additional Senior Advance and the Senior Note Amendment).  Junior Lender knowingly waives all rights to claim that the Junior Loan Documents (or the agreements and security interests created thereby or the Junior Purchase Option) are prior or superior to the Senior Loan Documents (or the agreements and security interests created thereby including all rights in connection with the Additional Senior Advance and the Senior Note Amendment) and understands that in reliance upon this waiver specific loans (including but not limited to the Additional Senior Advance) are being and will be made and, as part and parcel thereof, specific monetary and other obligations are being and will be entered into which would not be made or entered into but for said reliance upon this waiver.  Further, without limiting the foregoing, Junior Lender waives the right to receive any payments in respect of the Junior Loan, as further provided in Section 3, above.

(e)  Borrower has not made any promises or other commitments that would limit or otherwise restrict the circumstances under which Junior Lender would be obligated to subordinate the Junior Deed of Trust and the Junior Loan Documents as provided in this Agreement.  This Agreement is consistent with all agreements between Junior Lender and Borrower.

(f)  Borrower may use the funds disbursed by Senior Lender (including the Additional Senior Advance) for any and all purposes provided in the Senior Loan Documents and any other purposes as determined by Senior Lender.  However, to the extent Senior Lender makes disbursements (including the Additional Senior Advance) Senior Lender is under no obligation or duty to, nor has Senior Lender represented that it will, see to the application of such proceeds by the person or persons to whom Senior Lender disburses such proceeds, and any application or use of any such proceeds for purposes other than those provided for in any agreement shall not defeat the subordination provided herein in whole or in part.

(g)  To the extent that the Senior Loan Documents give Senior Lender any discretion or choices, Junior Lender agrees that Senior Lender may exercise such discretion and make such choices in Senior Lender's sole and absolute discretion, and Junior Lender waives all rights in connection therewith.  Further, Senior Lender may, in its sole and absolute discretion, amend the Senior Loan Documents and waive any conditions in the Senior Loan Documents (including any conditions to disbursement of the Additional Senior Advance) and such amendments and waivers shall not affect the subordination and other agreements made by Junior Lender hereunder.  Senior Lender shall not be liable to Junior Lender for (i) any acts or omissions taken by Senior Lender with

05  2251105

09/19/05

respect to the Senior Loan (including the Additional Senior Advance); (ii) Senior Lender's acts, statements, conduct, representations and omissions made in connection therewith; and (iii) any fact, matter, transaction or event related thereto, whether known or unknown.

(h) The subordination created hereby is unconditional and not dependent upon any other event, act or matter whatsoever. Without limiting the foregoing, Junior Lender shall not have any defense to the subordination including any defense based on lack of consideration or that Senior Lender has failed to comply with any obligations (whether express or implied) under the Senior Loan Documents.

(i) Junior Lender represents that the Junior Loan Documents as of the date of the recordation of the Junior Deed of Trust in the official records of Los Angeles County, California have not been amended, supplemented or otherwise modified except (A) in connection with causing the lien of the Junior Deed of Trust to encumber the Retail Parcel, as that term is defined in the Junior Loan Agreement (the "**Retail Parcel**") in strict compliance with Section 7 of the Prior Subordination Agreement, and (B) as otherwise approved in writing by Senior Lender.

7. The Recitals are hereby incorporated by reference and shall be included herein as part of the agreement between the parties hereto.

8. Nothing in this Agreement shall impair or adversely affect any right, privilege, power or remedy of Senior Lender under or with respect to the Senior Loan, the Borrower or anyone else liable under the Senior Loan, or any assets of Borrower. Further, nothing herein shall affect any right, privilege, power or remedy of Senior Lender under or with respect to the Prior Subordination Agreement, or any other prior subordination agreements executed by Junior Lender. The Prior Subordination Agreement and any other prior subordination agreements executed by Junior Lender remain in full force and effect, including but not limited to Junior Lender's rights under Section 2 and Section 7 of the Prior Subordination Agreement. If a dispute arises between Senior Lender and Junior Lender and the provisions of the Senior Loan Documents and the Junior Loan Documents conflict on the issues subject to such dispute, then the Senior Loan Documents shall govern and control, unless the provisions of this Agreement would require a different result (in which case, the provisions of this Agreement shall govern and control). Further, to the extent of any conflict between the terms and provisions of the Junior Loan Documents and this Agreement, the terms and provisions of this Agreement shall govern and control.

9. Senior Lender is a direct beneficiary of this Agreement and may enforce this Agreement and all provisions thereof. The obligations of this Agreement shall be binding on Borrower and Junior Lender and each of their successors and assigns; and the rights and benefits of this Agreement shall inure to the benefit of Senior Lender and its successors and assigns. The failure of Senior Lender to enforce, or the delay of Senior Lender in enforcing, any of its rights under this Agreement shall not be deemed a waiver thereof. This Agreement may not be amended or changed without Senior Lender's written consent.

10. This Agreement shall be governed in all respects by the substantive laws of the State of Nevada, without regard to choice of law principles, and therefore, the law that shall apply is

412072 1 – 20204 004

05 2251105

09/19/05

the substantive law applicable to parties solely domiciled in the State of Nevada, concerning transactions solely within the State of Nevada.

11. Borrower and Junior Lender, to the full extent permitted by law, hereby knowingly, intentionally and voluntarily, with and upon the advice of competent counsel, (i) submit to personal jurisdiction in the State of Nevada, over any suit, action or proceeding by any person arising from or relating to this Agreement, (ii) agree that any such action, suit or proceeding may be brought in any state or federal court of competent jurisdiction only sitting in Clark County, Nevada, (iii) submits to the jurisdiction of such courts, and, (iv) to the fullest extent permitted by law, agrees that it will not bring any action, suit or proceeding in any forum other than in Clark County, Nevada (but nothing herein shall affect the right of Senior Lender to bring any action, suit or proceeding in any other forum).  Borrower and Junior Lender further consent and agree to service of any summons, complaint or other legal process in any such suit, action or proceeding by registered or certified U.S. mail, postage prepaid and consent and agree that such service shall constitute in every respect valid and effective service (but nothing herein shall affect the validity or effectiveness of process served in any other manner permitted by law).

12. Should any provision of this Agreement or portion thereof be unenforceable or in conflict with applicable laws, then the validity of the remaining portions hereof shall not be affected by such unenforceability or conflict, and this Agreement shall be considered as if such provision, or portion thereof, were not contained herein.

8

05  2251105

09/19/05

NOTICE: THIS SUBORDINATION AGREEMENT CONTAINS A PROVISION
WHICH ALLOWS THE PERSON OBLIGATED ON THE REAL PROPERTY
SECURITY TO OBTAIN A LOAN, A PORTION OF WHICH MAY BE EXPENDED
FOR OTHER PURPOSES THAN IMPROVEMENT OF THE LAND.

"BORROWER"

MS ACQUISITION COMPANY, LLC,
a California limited liability Company

By:    Marlton Square Associates, LLC
       a California limited liability company, its
       co-manager

       By:    Capital Vision Equities, LLC, a California
              limited liability company, its managing
              member

              By: _____
                     Christopher Hammond
                     Managing Member

By:    Lee Marlton, LLC, a California limited liability
       Company, its co-manager

       By:    Lee Group, Inc., a California Subchapter
              "S" corporation

              By: _____
                     Jeffrey Lee
                     President

412072 1 – 20204 004

05 2251105

09/19/05

"JUNIOR LENDER"

3901 SANTA ROSALIA LLC,,
a California limited liability company

By:   Santa Rosalia Homes, LLC,
      a California limited liability company, its manager

        By:   Lee Group, Inc., a California Subchapter
            "S" corporation

            By:   _____
                Jeffrey Lee
                President

"SENIOR LENDER"

USA COMMERCIAL MORTGAGE COMPANY,
AS AGENT FOR SENIOR LENDER

By:   _____
Its:

412012 1 -- 20204 004

05 2251105

09/19/05

## Exhibit "A"

### Senior Lender

**[TO BE PROVIDED BY SENIOR LENDER]**

05 2251105

09/19/05

## Exhibit "B"

### Legal Description of Property

**[TO ADD:  LEGAL DESCRIPTION OF THOSE PORTIONS OF RETAIL PARCEL
PREVIOUSLY OR CONCURRENTLY ACQUIRED BY BORROWER]**

412072 1 – 20204 004

05 2251105

09/19/05

**Legal Description**
**Exhibit "B"**

Parcel 1

Real property in the City of Los Angeles, County of Los
Angeles, State of California, described as follows:

Lot 41 of Tract 16050, in the city of Los Angeles, as per
map recorded in Book 370 Pages 44 to 46 inclusive of
maps, in the office of the county recorder of said county.

And that portion of Lot 44 described as follows:

Beginning at the most westerly corner of said Lot 44;
thence along the northwesterly boundary line of said Lot
44, North 30 deg 49' 27" east 47.79 feet to the most
northerly corner of said Lot 44; thence along the
northeasterly boundary line of said Lot 44, South 32 deg
56' 03" east 16.69 feet to a line that bears North 50 deg
39' 52" east from said point of beginning; thence along
said last mentioned line, south 50 deg 39' 52" west
48.65 feet to the said point of beginning.

Excepting all oil and mineral rights as previously
reserved under declaration of trust dated November 30,
1948 in deed recorded May 19, 1949 in Book 30124
Page 18, Official Records, as Instrument No. 806 with
subsequent quitclaim of surface rights, recorded in Book
32246 Page 212, Official Records, and as previously
reserved in deed recorded September 14, 1951 in Book
37205 Page 312, Official Records.

APN: 5032-006-015

05 2251105

09/19/05
Legal Description
Exhibit "B"

Parcel 2

Real property in the City of Los Angeles, County of Los
Angeles, State of California, described as follows:

Lot 40 of Tract No. 16050, in the city of Los Angeles, as
per map recorded in Book 370 Pages 44 45 and 46 of
Maps, in the office of the county recorder of said county.

Except therefrom an undivided one-half interest of all
petroleum, oil, gas, naphtha, asphaltum, brea and other
hydrocarbons and all other minerals, within or
underlying said above described land, as excepted by
Chas H. Church, Trustee under Declaration of Trust
dated November 30, 1949 in deed recorded May 19,
1949 in Book 30124 Page 18 Official Records.

The right to enter upon or use the surface of any part or
portion of said land or the subsurface thereof to a depth
of 200 feet from the surface for the purpose of
exploring, drilling, development or extracting any oil,
gas, naphtha and other hydrocarbon and mineral
substances was quitclaimed by a deed executed by Chas
H. Church, as trustee, recorded in Book 32246 Page 212
Official Records.

Also excepting all the remaining oil, gas and other
hydrocarbons and minerals now or at any time hereafter
situated therein and thereunder or producible therefrom,
together with the free and unlimited right to mine, drill
and bore beneath the surface of said land at any level or
levels 100 feet or more below the surface of said land
for the purpose of development or removal of such
substances, provided that the surface opening of such
well and all other surface facilities shall be located on
land other than that described therein, and shall not
penetrate any part or portion of the above described
real property within 100 feet of the surface thereof and
all of the rights so to remove such substances are
hereby specifically reserved, including the right to drill,
for produce and use water from said real property in
connection with such operations, as in deed by Capital
Company, recorded September 24, 1961 in Book 37262
Page 401 Official Records.

APN: 5032-006-014

05 2251105

09/19/05

Legal Description
Exhibit "B"

Parcel 3

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

Lot 39 of Tract No. 16050, except the westerly 30 feet thereof, in the city of Los Angeles, measured at right angles to the westerly line, as per map recorded in Book 370 Pages 44, 45 and 46 of Maps, in the office of the county recorder of said county.

Except therefrom one-half interest in all oil, gas, minerals, and other hydrocarbon substances lying below the surface of said property, but with no right of surface entry, as provided in the deed recorded recorded May 19, 1949 in Book 30124 Page 18 Official Records.

Also except therefrom one-half interest in all oil, gas, minerals and other hydrocarbon substances lying below a depth of 100 feet from the surface of said property, but with no right of surface entry, as provided in the deed recorded September 19, 1951 in Book 37235 Page 43 Official Records.

APN:  5032-006-013

05  2251105

Legal Description
09/18/05
Exhibit "B"

Parcel 4

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

PARCEL A:

The Westerly 30 feet of Lot 39 of Tract No. 16050 measured at right angles to the Westerly line, in the City of Los Angeles, as per Map recorded in Book 370 Pages 44 through 46 inclusive of Maps, in the office of the County Recorder of said County.

EXCEPT therefrom an undivided 1/2 interest of all petroleum, oil, gas, naphtha, asphaltum, brea, and other hydrocarbons and all other minerals within or underlying said land, as excepted by Chas M. Church, Trustee under Declaration of Trust dated November 30, 1948 in Deed recorded May 19, 1949 as Instrument No. 806 in Book 30124 Page 18 Official Records.

ALSO EXCEPT therefrom all of the above described land, all the remaining oil, gas and other hydrocarbon substances now or at any time hereafter situated therein or thereunder of producible therefrom, together with the free and unlimited right to mine, drill and bore beneath the surface of said land at any level or levels 100 or more below the surface of said land for the purpose of development or removal of such substances, provided that the surface opening of such well and all other surface facilities shall be located on land other than that described herein, and shall not penetrate any part or portion of the above described real property within 100 feet of the surface and all of the rights so to remove such substances are hereby specifically reserved, including the right to drill for, produce and use water from said real property in connection with such operations, as reserved in the Deed from the Capital Company, recorded September 19, 1951 as Instrument No. 1306.

PARCEL B:

The Southeasterly 0.3 feet of Lot 38 of Tract 16050, in the City of Los Angeles, as per Map recorded in Book 370 Pages 44 through 46 inclusive of Maps, in the office of the County Recorder of said County.

EXCEPT therefrom an undivided 1/2 interest of all petroleum, oil, gas, naphtha, asphaltum, brea and other hydrocarbons and all other minerals within or underlying said land, as excepted by Chas M. Church, Trustee

05  2251105

09/19/05
Legal Description
Exhibit "B"

under Declaration of Trust dated November 30, 1948 in
Deed recorded May 19, 1949 as Instrument No. 806 in
Book 30124 Page 18 Official Records.

ALSO EXCEPT therefrom all of the above described land,
all the remaining oil, gas and other hydrocarbon
substances now or at any time hereafter situated therein
or thereunder of producible therefrom, together with the
free and unlimited right to mine, drill and bore beneath
the surface of said land at any level or levels 100 or
more below the surface of said land for the purpose of
development or removal of such substances, provided
that the surface opening of such well and all other
surface facilities shall be located on land other than that
described herein, and shall not penetrate any part or
portion of the above described real property within 100
feet of the surface and all of the rights so to remove
such substances are hereby specifically reserved,
including the right to drill for, produce and use water
from said real property in connection with such
operations, as reserved in the Deed from the Capital
Company, recorded September 19, 1951 as Instrument
No. 1306.

APN: 5032-006-012

05 2251105

09/19/05
Legal Description
Exhibit "B"

Parcel 5

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

Lot 38 of Tract No. 16050, in the city of Los Angeles, as per map recorded in Book 370 Pages 44, 45 and 46 of Maps, in the office of the county recorder of said county.

Except therefrom the southeasterly 0.3 feet thereof.

Also except an undivided one-half interest of all petroleum, oil, gas, naphtha, asphaltum, brea and other hydrocarbons and all other minerals within or under lying said above described land as excepted by Chas. H. Church, Trustee under Declaration of Trust dated November 30, 1948 in deed recorded May 19, 1949 in Book 30124 Page 18 of Official Records.

Also excepting all the remaining oil, gas and other hydrocarbons and minerals now or at any time hereafter situated therein and thereunder or producible therefrom, together with the free and unlimited right to mine, drill and bore beneath the surface of the land at any level or levels one hundred feet (100') or more below the surface of said land for the purpose of development or removal of such substances provided that the surface opening of such well and all other surface facilities shall be located on land other than that described herein, and shall not penetrate any part or portion of the above described real property within one hundred feet of the surface thereof and all the rights so to remove such substances are hereby specifically reserved, including the right to drill for, produce and use waste from said real property in connection with such operations, as reserved in the deed from Capital Company, recorded September 19, 1951.

APN: 5032-006-011

05 2251105

00/10/05
Legal Description
Exhibit "B"

Parcel 6

Real property in the City of Los Angeles, County of Los
Angeles, State of California, described as follows:

Lot 37 of Tract No. 16050, in the City of Los Angeles, as
per Map recorded in Book 370 Pages 44, 45 and 46 of
Maps, in the office of the County Recorder of said
County.

EXCEPT an undivided one-half interest of all petroleum,
oil, gas, naphtha, asphaltum, brea and other
hydrocarbons and all other minerals within or underlying
said above described land, as excepted by Chas H.
Church, Trustee, under Declaration of Trust dated
November 30, 1948 in Deed recorded May 19, 1949 in
Book 30124 Page 18, Official Records.

ALSO EXCEPT all the remaining oil, gas and other
hydrocarbons and minerals now or at any time hereafter
situated therein and thereunder or producible therefrom,
together with the free and unlimited right to mine, drill
and bore beneath the surface of the land at any level or
levels one hundred feet or more below the surface of
said land for the purpose of development or removal of
such substances, provided that the surface opening of
such well and all other surface facilities shall be located
on land other than that described herein, and shall not
penetrate any part or portion of the above described
real property within one hundred feet of the surface
thereof and all the right so to remove such substances
are hereby specifically reserved, including the right to
drill for, produce and use water from said real property
in connection with such operations, as reserved in the
Deed from Capital Company, recorded September 19,
1951 in Book 37235 Page 36, Official Records.

APN: 5032-006-010

05 2251105

09/19/05
Legal Description
Exhibit "B"

Parcel 7

Real property in the City of Los Angeles, County of Los
Angeles, State of California, described as follows:

Lot 36 of Tract 16050, in the city of Los Angeles, as per
map recorded in Book 370 Pages 44 to 46 inclusive of
Maps, in the office of the county recorder of said county.

EXCEPT an undivided one-half interest of all petroleum,
oil, gas, naphtha, asphaltum, brea and other
hydrocarbons and all other minerals within or underlying
said land, as excepted by Chas H. Church, Trustee under
Declaration of Trust dated November 30, 1948 in deed
recorded May 19, 1949 as Instrument No. 806, in Book
30124 Page 18 of Official Records.

The right to enter upon or use the surface of any part or
portion of said land or the subsurface thereof to a depth
of 200 feet from the surface for the purpose of
exploring, drilling, developing or extracting any oil, gas,
naphtha and other hydrocarbon and mineral substances
was quitclaimed by deed executed by Chas H. Church,
as Trustee, recorded in Book 32246 Page 212 of Official
Records.

ALSO all remaining oil, gas and other hydrocarbons and
minerals now or at any time hereafter situated therein
and thereunder or producible therefrom, together with
the free and unlimited right to mine, drill, and bore
beneath the surface of said land at any level or levels
100 feet or more below the surface of said land for the
purpose of development or removal of such substances
provided that the surface opening of such well and all
other surface facilities shall be located on land other
than that described herein, and shall not penetrate any
part or portion of the above described real property
within 100 feet of the surface and all of the rights so to
remove such substances are hereby specifically
reserved, including the right to drill for, produce and use
water from said real property in connection with such
operations, as reserved in deed from the Capital
Company, recorded September 24, 1951 in Book 37262
Page 401 of Official Records.

APN: 5032-006-009

05 2251105

09/19/05

Legal Description
Exhibit "B"

Parcel 8

Real property in the City of Los Angeles, County of Los
Angeles, State of California, described as follows:

Lot 35 of Tract No. 16050, in the city of Los Angeles, as
per map recorded in Book 370 Pages 44, 45 and 46 of
Maps, in the office of the county recorder of said county.

EXCEPT an undivided one-half interest of all petroleum,
oil, gas, naphtha, asphaltum, brea and other
hydrocarbons and all other minerals within or underlying
said above described land, as excepted by Chas H.
Church, trustee, under declaration of trust, dated
November 30, 1948 in deed recorded May 19, 1949 in
Book 30124 Page 18, Official Records.

The right to enter upon or use the surface of any part or
portion of said land or the subsurface thereof, to a depth
of 200 feet from the surface for the purpose of
exploring, drilling, developing or extracting any oil, gas,
naphtha and other hydrocarbon and mineral substances
was quitclaimed by a deed executed by Chas H. Church,
as trustee, recorded in Book 32246 Page 212, Official
Records.

ALSO EXCEPT all the remaining oil, gas and other
hydrocarbons and minerals now or at any time hereafter
situated therein and thereunder or producible therefrom
together with the free and unlimited right to mine, drill
and bore beneath the surface of said land at any level or
levels 100 feet or more below the surface of said land
for the purpose of development or removal of such
substances, provided that the surface opening of such
well and all other surface facilities shall be located on
land other than that described herein, and shall not
penetrate any part or portion of the above described
real property within 100 feet of the surface thereof, and
all of the rights so to remove such substances are
hereby specifically reserved, including the right to drill
for, produce and use water from said real property in
connection with such operations, as in deed by Capital
Company, recorded September 26, 1951 in Book 37286
Page 74, Official Records.

APN: 5032-006-008

05 2251105

09/19/05

Legal Description
Exhibit "B"

Parcel 9

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

Lot 34 of Tract No. 16050, in the city of Los Angeles, as per map recorded in Book 370 Pages 44, 45 and 46 of Maps, in the office of the county recorder of said county.

EXCEPT an undivided one-half interest of all petroleum, oil, gas, naphtha, asphaltum, brea and other hydrocarbons and all other minerals within or underlying said above described land, as excepted by Chas H. Church, trustee, under declaration of trust dated November 30, 1948 in Book recorded May 19, 1949 in Book 30124 Page 18 of Official Records.

The right to enter upon or use the surface or any part or portion of said land or the subsurface thereof to a depth of 200 feet from the surface for the purpose of exploring, drilling, developing, or extracting any oil, gas, naphtha and other hydrocarbon and mineral substances was quitclaimed by a deed executed by Chas H. Church, as trustee, recorded in Book 32246 Page 212 Official Records.

ALSO EXCEPT all the remaining oil, gas and other hydrocarbon and minerals now or at any time hereafter situated therein and thereunder or producible therefrom together with the free and unlimited right to mine, drill and bore beneath the surface of said land at any level or levels 100 feet or more below the surface of said land for the purpose of development or removal of such substances, provided that the surface opening of such well and all other surface facilities shall be located on land other than that described herein, and shall not penetrate any part or portion of the above described real property within 100 feet of the surface thereof and all of the rights so to remove such substances are hereby specifically reserved, including the right to drill for, produce and use water from said real property, in connection with such operations, as in deed by Capital Company, recorded November 16, 1951 in Book 37651 Page 164 Official Records.

APN: 5032-006-007

05 2251105

Legal Description
09/10/05
Exhibit "B"

Parcel 10

Real property in the City of Los Angeles, County of Los
Angeles, State of California, described as follows:

Lot 33 of Tract No. 16050, in the city of Los Angeles, as
per map recorded in Book 370 Pages 44, 45 and 46 of
Maps, in the office of the county recorder of said county.

Except therefrom an undivided one-half interest of all
petroleum, oil, gas, naphtha, asphaltum, brea and other
hydrocarbons and all other minerals, within or
underlying said above described land, as excepted by
Chas H. Church, Trustee under Declaration of Trust
dated November 30, 1949 in deed recorded May 19,
1949 in Book 30124 Page 18 Official Records.

The right to enter upon or use the surface of any part or
portion of said land or the subsurface thereof to a depth
of 200 feet from the surface for the purpose of
exploring, drilling, development or extracting any oil,
gas, naphtha and other hydrocarbon and mineral
substances was quitclaimed by a deed executed by Chas
H. Church, as trustee, recorded in Book 32246 Page 212
Official Records.

Also except therefrom all the remaining oil, gas, and
other hydrocarbons and minerals now or at any time
hereafter situated therein and thereunder or producible
therefrom, together with the free and unlimited right to
mine, drill and bore beneath the surface of said land at
any level or levels 100 feet or more below the surface of
said land for the purpose of development or removal of
such substances, provided that the surface opening of
such well and all other surface facilities shall be located
on land other than that described herein, and shall not
penetrate any part or portion of the above described
real property within 100 feet of the surface thereof and
all of the rights so to remove such substances are
hereby specifically reserved, including the right to drill,
for produce and use water from said real property in
connection with such operations, as in deed by Capital
Company, recorded September 24, 1951 in Book 37262
Page 380, Official Records and recorded as Document
No. 911 Official Records.

APN: 5032-006-006

05  2251105

Legal Description
09/12/05
Exhibit "B"

Parcel 11

Real property in the City of Los Angeles, County of Los
Angeles, State of California, described as follows:

Lot 31 of Tract No. 16050, in the City of Los Angeles, as
per Map recorded in Book 370 Pages 44 to 46 inclusive
of Maps, in the office of the County Recorder of said
County.

Except an undivided one-half interest of all petroleum,
oil, gas, naphtha, asphaltum, brea and other
hydrocarbons and all other minerals, within or
underlying said land, as excepted by Chas H. Church,
Trustee under Declaration of Trust dated November 30,
1948 in Deed recorded May 19, 1949 in Book 30124
Page 18 Official Records.

The right to enter upon or use the surface or any part or
portion of said land or the subsurface thereof to a depth
of 200 feet from the surface for the purpose of
exploring, drilling, developing or extracting any oil, gas,
naphtha and other hydrocarbon and mineral substances
was quitclaimed by a Deed executed by Chas H. Church,
as Trustee, recorded in Book 32246 Page 12 Official
Records.

Also except therefrom all the remaining oil, gas, and
other hydrocarbons and minerals now or at any time,
hereafter situated therein and thereunder or producible
therefrom together with the free and unlimited right to
mine, drill or bore beneath the surface of said land at
any level or levels 100 feet or more below the surface of
said land for the purpose of development or removal of
such substances provided that the surface opening of
such well and all other surface facilities shall not
penetrate any part or portion of the above described
real property within 100 feet of the surface thereof and
all of the rights so as to remove such substances are
hereby specifically reserved including the right to drill,
for, produce and use water from said real property in
connection with such operations, as reserved in the
Deed from Capital Company, recorded August 31, 1953
in Book 42583 Page 181 of Official Records.

APN:  5032-006-004

05  2251105

09/18/05

**Legal Description**
**Exhibit "B"**

Parcel 12

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

Parcel A:

Parcel 1

Lot 30 of Tract No. 16050, in the City of Los Angeles, as per Map recorded in Book 370 Pages 44 to 46 inclusive of Maps, in the office of the County Recorder of said County.

Except therefrom all oil, mineral, etc., as reserved by previous deeds of record.

Parcel 2

An easement for wall purposes over that portion of Lot 31 of Tract No. 16050, in the City of Los Angeles, as per Map recorded in Book 370 Pages 44 to 46 inclusive of Maps, in the office of the County Recorder of said County, included within a strip of land 6 feet wide, the Northwesterly line of said strip of land being that certain boundary line of said lot shown on Map as having a bearing of North 51 Degrees 12' 50" East. The Southeasterly line of said strip of land to be prolonged so as to terminate in the boundary lines of said Lot 31.

Parcel B:

Lot 29 of Tract No. 16050, in the City of Los Angeles, as per Map recorded in Book 370 Pages 44 to 46 inclusive of Maps, in the office of the County Recorder of said County.

Except an undivided one-half interest of all petroleum, oil, gas, naphtha, asphaltum, brea and other hydrocarbons and all other mineral within or under lying said above described land, recorded May 19, 1949, in Book 30124 page 18 of official records.

Rhe right to enter upon or use the surface or any part or portion of said land or the subsurface thereof to a depth of 200 feet from the surface for the purpose of exploring, drilling development or extracting any oil, gas, naphtha and other hydrocarbon and mineral substances was Quitclaimed by a deed recorded in Book 32246 page 212 of official records.

also except all the remaining oil, gas and other hydrocarbons and mineral now orat any time hereinafter situated therein and thereunder or produciuble

05 2251105

09/19/05
**Legal Description**
**Exhibit "B"**

therefrom together with the free and unlimited right to
mine, drill and bore beneath the surface of said land at
any level or levels 100 feet or more below the surface of
said land for the purpose of development or removal of
such subsurfaces, provided that the surface opening of
such well and all other subface facilities shall be located
on land other than that described herein, and shall not
penetrate any part or portion of the above described
real property within 100 feet of the surface thereof, and
all of the rights drill for, produce and water from said
real property in connection with such operations, as in
deed recorded July 24, 1959 as instrument no. 1043 of
official records.

APN: 5032-006-003 and 002

05 2251105

**Legal Description**
**Exhibit "B"**

Parcel 13

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

Lot 48 of Tract 16050, in the City of Los Angeles, as per Map recorded in Book 370 Pages 44 to 46 inclusive of Maps, in the office of the County Recorder of said County.

Except therefrom the Southwest 15 feet thereof.

Except an undivided one-half interest of all petroleum, oil, gas, naphtha, asphaltum, brea and other hydrocarbons and all minerals within or underlying said land, as excepted by Charles H. Church, Trustee under Declaration of Trust dated November 30, 1948, in Deed recorded May 19, 1949 in Book 30124 Page 18, Official Records.

The right to enter upon or use the surface of any part or portion of said land or the subsurface thereof to a depth of 200 feet from the surface for the purpose of exploring, drilling, developing or extracting any oil, naphtha, and other hydrocarbon and mineral substances was quitclaimed by a Deed executed by Chas. H. Church, as Trustee, recorded in Book 32246 Page 212, Official Records.

Also savings, excepting and reserving from all of the above described lands, all the remaining oil, gas and other hydrocarbons and minerals now or at any time hereafter situated therein and thereunder or producible therefrom together with the free and unlimited right to mine, drill and bore beneath the surface of said land at any level or levels 100 feet or more or removal of such substances, provided that the surface opening of such well and all other surface facilities shall be located on land other than that described herein and shall not penetrate any part or portion of the above described real property within 100 feet of the surface thereof and all of the rights so to remove such substances are hereby specifically reserved including the right to drill for, produce and use water from said real property in connection with such operations as reserved in the Deed from Capital Company, a corporation, recorded February 27, 1952 as Instrument No. 922, Official Records.

APN: 5032-003-015

05 2251105

09/19/05

Legal Description
Exhibit "B"

Parcel 14

Real property in the City of Los Angeles, County of Los
Angeles, State of California, described as follows:

Lots 46, 47 and the South 15 feet of Lot 48 of Tract No.
16050, in the City of Los Angeles, as per Map recorded
in Book 370 Pages 44 to 46 inclusive of Maps, in the
office of the County Recorder of said County.

EXCEPT an undivided one-half interest of all petroleum,
oil, gas, naphtha, asphaltum, brea and other
hydrocarbon substances and all minerals within or
underlying said land as excepted by Chas H. Church,
Trustee under Declaration of Trust dated November 30,
1948 in Deed recorded May 19, 1949 in Book 30124
Page 18 of Official Records.

The right to enter upon or use the surface or any part of
portion of said land or the subsurface thereto to a depth
of 200 feet from the surface for the purpose of
exploring, drilling or extracting any oil, gas, naphtha,
and other hydrocarbon and mineral substances was
quitclaimed by a Deed executed by Chas H. Church as
Trustee recorded in Book 32246 Page 212, Official
Records.

ALSO EXCEPT all the remaining oil, gas and other
hydrocarbons and minerals now or at any time hereafter
situated therein and thereunder or producible therefrom
together with the free unlimited right to mine, drill and
bore beneath the surface of said land at any level or
levels 100 feet or more below the surface of said land
for the purpose of development or removal of such
substances that the surface opening of such well and all
other surface facilities shall be located on land other
than that described herein and shall not penetrate any
part of portion of the above described real property
within 100 feet of the surface thereof and all of the right
so to remove such substances are hereby specifically
reserved including the right to drill for, produce and use
water from said real property in connection with such
operation as reserved in Deed from Capital Company, a
corporation recorded April 27, 1953 in Book 41570 Page
141 Official Records, as to Lot 46; recorded May 27,
1953 in Book 39027 Page 19 Official Records, as to Lot
47; and recorded February 27, 1952 as Instrument No.
922, as to Lot 48.

ALSO EXCEPT from said land all petroleum, oil, gas,
naphtha, asphaltum, brea and other hydrocarbons and
all other minerals within or underlying said land as
reserved by James H. Eubank and Vera Eubank,

05 2251105

**Legal Description**
**Exhibit "B"**

husband and wife, in Deed recorded December 29, 1967
as Instrument No. 5307.

APN:  5032-003-014

Legal Description
Exhibit "B"

Parcel 15

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

Lot 45 of Tract No. 16050, in the city of Los Angeles, as per map recorded in Book 370 Pages 44 to 46 inclusive of Maps, in the office of the county recorder of said county.

EXCEPT therefrom all oil, gas, hydrocarbons and kindred substances lying below a depth of 100 feet from the surface of said land, without however the right to enter upon the surface of said land, as provided in an instrument of various deeds of record.

APN: 5032-003-010

05 2251105