Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | Date:  October 30, 2006<br>Time:  9:30 a.m. |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE DEBTORS FROM HAVING TO FILE INTER-COMPANY CLAIMS AGAINST EACH OTHER BY THE BAR DATE, OR ALTERNATIVELY FOR THE APPROVAL OF THE IMMEDIATE APPOINTMENT OF SPECIAL COUNSEL TO FILE AND PURSUE THE INTER-COMPANY DEBTOR CLAIMS** |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |

USA Commercial Mortgage Company ("USACM"), USA Capital Diversified Trust Deed Fund, LLC ("Diversified Fund"), USA Capital First Trust Deed Fund, LLC ("FTDF"), USA Capital Realty Advisors, LLC, and USA Securities, LLC, (collectively, the "Debtors") hereby submit this reply memorandum in support of the Debtors' Motion to Exclude Debtors From Having to File Inter-Company Claims Against Each Other by the Bar Date, or Alternatively for the Approval of the Immediate Appointment of Special Counsel for Diversified Fund and FTD Fund to File and Pursue the Inter-Company Debtor Claims (the "Motion") (Dkt. #1454/1469).

The Debtors' Motion seeks an order from the Court that the Debtors be excluded from filing inter-company claims against each other by the Bar Date[1] (or that the Bar Date be extended without date for the filing of these claims), or alternatively, if all inter-company claims were not resolved by October 19, 2006, with the full agreement of the official committees, that the Court approve the appointment of special counsel for USACM, FTDF and DTDF to file those inter-company claims.

On October 20, 2006, the UCC, Diversified Committee and FTDF Committee (collectively, the "Committees") filed a joint response to the Motion (the "Joint Response") (Dkt. #1622) wherein the Committees concur that the Debtors' professionals should not have to file inter-company claims by the Bar Date and "support the Debtors' professionals' proposed solution of extending the bar date for filing inter-company claims…." Joint Response, p. 2. The Committees disagreed with the Debtors' request for the appointment of special counsel to file those claims due to the increased costs associated therewith.

The Debtors believe that excusing the Debtors from filing inter-company claims by the Bar Date or extending the Bar Date indefinitely for the filing on inter-company claims provides the best solution for these estates and the other interested parties. As the Committee's acknowledge, there is currently being "negotiate[ed] a joint plan term sheet that would resolve and fix the allowed amount of such inter-company claims … [which] likely … will form the basis for a further modified plan of reorganization…." Id. Excusing the Debtors from filing inter-company

---

[1] Unless otherwise defined herein, all capitalized terms have the same meaning as defined in the Motion.

1  claims or indefinitely extending the Bar Date for filing such claims is warranted because it is not
2  necessary to file those claims if they are going to be resolved in a consensual Plan and described in
3  the Disclosure Statement.  Requiring such claims to be filed at this time would cause unnecessary
4  additional expenses to be incurred by the Debtors' estates.  If the Court finds it advisable to extend
5  the Bar Date for filing inter-company claims by a date certain, the Committee's have suggested,
6  and the Debtors' do not oppose, a December 1, 2006 bar date, on which date the Committee's may
7  be authorized to file claims in an indeterminate amount on behalf of the respective debtor's estate
8  in which they were appointed.

9  After further discussions with the Committees, Debtors now agree that if a fully supported
10 resolution of the inter-company claims becomes unfeasible at some future point, it may be
11 appropriate for the UCC, Diversified Committee and FTDF Committee to file claims on behalf of
12 the respective estate in which they were appointed.  However, the better course of action at this
13 juncture, where the resolution of these claims is currently being negotiated as a part of a plan of
14 reorganization and appears likely to be reached by the Debtors and Committees, is to excuse the
15 Debtors from filing inter-company claims or extend the Bar Date indefinitely for the filing of such
16 claims.  Furthermore, while the Debtors are not necessarily adverse to the Committees being
17 authorized to file on behalf of the respective debtor's estate indeterminate inter-company claims,
18 which would later need to be amended, the Debtors believe the better approach is to simply excuse
19 the Debtors from filing inter-company claims by the existing Bar Date and allow those claims to
20 be resolved through the plan negotiation process.

21 The Court has discretion to exclude the Debtors from filing inter-company claims by the
22 Bar Date (or, alternatively, to extend the Bar Date without date for the filing of such claims).  <u>See</u>
23 <u>In re Eagle-Picher Industries, Inc.</u>, 137 B.R. 679, 681 (S.D. Ohio 1992); Fed. R. Bank. P.
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

9006(b)(1) ("[T]he court for cause shown may at any time in **its discretion** … order the period enlarged….") (emphasis added). As set forth above, sufficient cause exists under Fed. R. Bankr. P. 3003(c)(3) for the Court to order that the Debtors not be required to file inter-company claims against one another by the Bar Date or extend the Bar Date for filing inter-company claims indefinitely (or if the Court desires for a determinable period of time).

Dated this _____ day of October, 2006.

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

and

/s/ Jeanette E. McPherson
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Esq., Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas NV 89146
Attorneys for Debtors and Debtors-in-Possession