ELECTRONICALLY FILED
October 27, 2006

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA
(CA State Bar No. 136934)
EVE H. KARASIK
(CA State Bar No. 155356)
ANDREW M. PARLEN
(CA State Bar No. 230429),
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
Email:   fmerola@stutman.com
         ekarasik@stutman.com
         aparlen@stutman.com

SHEA & CARLYON, LTD.
JAMES PATRICK SHEA
(Nevada State Bar No. 000405)
CANDACE C. CARLYON
(Nevada State Bar No. 002666)
SHLOMO S. SHERMAN
(Nevada State Bar No. 009688)
228 South Fourth Street, First Floor
Las Vegas, Nevada 89101
Telephone: (702) 471-7432
Facsimile: (702) 471-7435
Email:   jshea@sheacarlyon.com
         ccarlyon@sheacarlyon.com
         ssherman@sheacarlyon.com

Counsel for the Official Committee Of
Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| Affects<br>☒ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☐ USA First Trust Deed Fund, LLC | Date: October 30, 2006<br>Time: 9:30 a.m. |

**DECLARATION OF MATTHEW KVARDA IN SUPPORT OPPOSITION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC TO UNITED STATES TRUSTEE'S MOTION TO CONVERT CASES TO PROCEEDINGS UNDER CHAPTER 7 (AFFECTS ALL DEBTORS)**

404606v1

I, Matthew Kvarda, declare as follows:

1. I am a director of Alvarez & Marsal, LLC, financial and real estate advisors to the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee").

2. The following facts are personally known to me and/or based on my personal observations. If called to testify thereto, I could and would do so, under oath.

3. In connection with the above-captioned cases (the "Chapter 11 Cases"), I and the members of the engagement team have worked closely with the members of the FTDF Committee and its other professionals regarding the development of a workable exit strategy which maximized the potential return to investors in USA Capital First Trust Deed Fund, LLC (the "FTDF").

4. The four official committees appointed in the Chapter 11 Cases (the "Committees") have spent nearly three months negotiating a term sheet outlining the terms of a chapter 11 plan (the "Joint Plan Term Sheet"). The Joint Plan Term Sheet represents a consensual resolution of myriad intercompany claims and disputes. The Committees are on the verge of reaching a final agreement, with only a handful of issues left to resolve, that will result in a joint plan of reorganization that will maximize value for all of the Debtors, their estates, and those parties who have directly lent funds to borrowers through USACM (the "Direct Lenders").

5. The Debtors and the Committees have made substantial progress in negotiating the sale of certain assets (the "Property") set forth in the Asset Purchase Agreement dated October 19, 2006 between the Debtors and SPCP, Group, LLC ("Silver Point"). The sale process is now moving into its crucial final stage, in which potential bidders will be determining if and how much they will be bidding for the Property. To convert the Chapter 11 Cases to chapter 7 at this time would irrevocably damage the sale process. Not only would bidding be chilled, but Silver Point's stalking horse bid may also be jeopardized.

6. Conversion of the Chapter 11 Cases to chapter 7 would be highly disruptive to the sale of the Property. Any substantial delay of the auction of the Property, such as the delay conversion would cause, will severely chill the bidding process. Additionally, liquidating the

404606v1

2

Debtors' assets in a piecemeal fashion, as is likely to occur in chapter 7, will make it much more difficult for potential purchasers to capitalize on the synergies that exist in purchasing the Property in one package.

I declare under penalty of perjury that the foregoing is true and correct.

_____
MATTHEW KVARDA

Alvarez & Marsal, LLC
Financial and real estate advisor to the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC

404606v1                                3