**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429
Facsimile (602) 734-3824
Telephone (602) 262-5311

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 0065934
Email: rcharles@lrlaw.com

Attorneys for Official Committee of Unsecured Creditors

E-Filed on October 27, 2006

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | Jointly Administered Chapter 11 Cases |
|---|---|
| **USA Commercial Mortgage Company** 06-10725 – Lead Case | Judge Linda B. Riegle Presiding |
| **USA Capital Realty Advisors, LLC** 06-10726 | **RESPONSE TO THE UNITED STATES TRUSTEE'S MOTION TO CONVERT CASES TO PROCEEDINGS UNDER CHAPTER 7** |
| **USA Capital Diversified Trust Deed Fund, LLC** 06-10728 | Date: October 30, 2006 Time: 9:30 a.m. |
| **USA Capital First Trust Deed Fund, LLC** 06-10728 | Affecting: ☒ All Cases or Only: ☐ USA Commercial Mortgage Company ☐ USA Capital Realty Advisors, LLC ☐ USA Capital Diversified Trust Deed Fund, LLC ☐ USA Capital First Trust Deed Fund, LLC ☐ USA Securities, LLC |
| **USA Securities, LLC** 06-10729    Debtors. | |

The Official Unsecured Creditors' Committee for USA Commercial Mortgage Company (the "Committee") asks the Court to deny The United States Trustee's Motion to Convert Cases to Proceedings under Chapter 7 (the "Motion") (DE 1661). The facts available from the record and from the attached declarations of Ted Burr and Robert Russell demonstrate that (a) there is no substantial or continuing loss to or diminution of the estate or absence of a reasonable likelihood of rehabilitation, and (b) that there are

208937.1

unusual circumstances to justify denial of the motion and that conversion or dismissal is not in the best of interest of creditors or the estate.

With respect to the law, neither the language of § 1112 or the legislative history of the BAPCPA demonstrates any intention to preclude liquidating Chapter 11 plans, and require that all liquidations take place under Chapter 7 cases. Even if the United States Trustee is obliged to file a motion to convert, however, this Court should exercise its discretion under Bankruptcy Code § 1112(b)(1) not to do so in this case.

Section 1112(b)(1) provides that the Court can specifically identify unusual circumstances establishing that conversion is not in the best interest of creditors and the estate. Here, as the Court is well aware, thousands of lenders and investors in the Funds are depending on these bankruptcy cases to make the best of a very bad situation, and to maximize the amount that can be recovered for their benefit and minimize their substantial losses. The circumstances are extremely complex, especially with the needs and interests of multiple estates to be balanced.

The Debtors and the four Committees and their professionals have worked long, hard hours to achieve the best possible recovery, under a consensual plan of liquidation that will reduce litigation and its attendant costs. They have negotiated an asset sale that is expected to result in overbids, and significantly more money for creditors and parties in interest than a Chapter 7 trustee could reasonably achieve. All that will be risked, and probably for naught, if the conversion motion proceeds. These are not the "usual circumstances" of a conversion motion.

The Committee respectfully requests that the United States Trustee's motion be denied.

208937.1



1  Dated October 27, 2006.

2  **LEWIS AND ROCA LLP**

4  By /s/ RC (#006593)
   Susan M. Freeman, AZ 4199 (pro hac vice)
   Rob Charles, NV 6593
   *Attorneys for Official Unsecured Creditors' Committee*

208937.1

LEWIS AND ROCA LLP
LAWYERS

# DECLARATION OF EDWARD M. BURR

I, Edward M. Burr, hereby declare under penalty of perjury that:

1. I am a principal with Sierra Consulting Group, LLC ("Sierra"). Sierra has been employed as financial adviser employed with the Court's approval by the Official Committee of Unsecured Creditors (the "Committee").

2. I submit this declaration on behalf of the Committee's Response to The United States Trustee's Motion to Convert Cases to Proceedings Under Chapter 7. I carefully reviewed the allegations in the Motion.

3. In addition to my role with Sierra in this and other cases in this district and elsewhere, I have served as the chief restructuring officer for troubled companies, in an out of bankruptcy.

4. I personally analyze the Debtors' operating results, cash forecasts and results, including the monthly operating reports.

5. I have personally analyzed the assets of USA Commercial Mortgage Company ("USACM"), including its right to collect servicing fees, exit fees, success fees, default interest and other fees.

6. The argument that there is no income from post-petition operations is false. USACM is generating servicing fees post-petition (both accrual and cash-based). No new loans have been made, but the operations are generating income.

7. I have reviewed Debtors' fourth proposed cash budget. Based on the budget, I believe that USACM has even the liquidity to continue operations, and with the ability to use prepaid interest, is in no way administratively insolvent.

8. The argument that "Cause exists for a conversion to Chapter 7, as the ongoing expenses associated with the Debtors' efforts to liquidate estate assets through a Chapter 11 proceeding constitute continuing loss to or diminution of their estates" is misleading. All Chapter 11 cases are faced with this issue and there is no evidence to

suggest that the Chapter 7 fees would be less. In fact, the costs associated with a Chapter 7 trustee and its professionals may exceed the current rate of expenses, particularly if a trustee and professionals are appointed for each of USACM, USA Capital Diversified Trust Deed Fund, LLC, and USA Capital First Trust Deed Fund, LLC. Certainly to the extent any additional administrative expense claimants are brought into the picture now, and spend the resources to bring themselves up to speed, it is likely to result in less asset recovery, which will only harm the creditors.

        9. A liquidating chapter 11 can maximize distribution to creditors over the chapter 7 alternative, as occurred, in my personal experience, in the AgriBioTech case in this district.

        10. Paragraph 16 of the Motion lists the present status of the case. In my experience, all of these points usually exist in all Chapter 11 cases. For example, a debtor's liabilities often outstrip assets and debtors often lack a sufficient employee base to continue meaningful business operations.

        11. It is my opinion that conversion of this case to Chapter 7 (or appointment of three new case trustees) will significantly damage the interests of creditors in terms of their hope for significant repayment.

        I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

        DATED: October 27, 2006.

/s/ Edward M. Burr
Edward M. Burr

## Declaration Of Robert A. Russell

I, Robert A. Russell, hereby declare under penalty of perjury that:

1.  I am a member of the Official Committee of Unsecured Creditors (the "Committee") as well as a principal of the borrower on certain direct loans serviced by USA Commercial Mortgage Company ("USACM"). I make the following statements based upon my personal knowledge and my experience, as indicated herein.

2.  I have developed over 6 million square feet of industrial and office properties throughout the Southwestern United States with a value of over $1 billion. In that experience, I have dealt extensively with borrowers and lenders in circumstances relevant to this case.

3.  I submit this declaration on behalf of the Committee's Response to The United States Trustee's Motion to Convert Cases to Proceedings Under Chapter 7.

4.  The recent filing of the motion to convert USA Capital, et al., to a Chapter 7 gravely concerns me. As one of USACM's larger borrowers, I am very concerned with not only the repercussions of the filing of the motion but also the immense problems that I foresee if the motion is granted.

5.  First, the mere filing of this motion and service of a notice of hearing contradicts the message sent by the Court's approval of the bonus and retention programs for USACM employees on Wednesday. If those remaining key employees are lost, the resultant chaos would wreak havoc with the current Borrowers' lines of communication. How can anyone expect the remaining employees to stay with the company for any length of time when they are faced with this type of situation? It would be untenable for employees to face the prospect of either appointment of a Trustee or conversion to chapter 7 and their resulting unemployment.

6.  I currently have good lines of communication with USACM's staff. This enables us as a borrower to get partial releases and payoff requests completed and to the

title companies to allow us to sell our projects and paydown/payoff our loans. If the Court grants the motion to convert, time will be lost while a trustee is selected for each of the cases, retains counsel, and attempts to come up to speed on decision making, the process would slow down, and it could potentially even kill sales of property. The vultures will line up and stand ready to acquire assets at much lower prices and decimate the value of the remaining assets of the Funds, the Direct Lenders and USCAM itself. There will also be no conduit to negotiate forbearance agreements for short periods of time necessary to complete sales and/or refinancing of projects or any other terms of the Loans. This would almost certainly assure that any profit participations in the projects by USACM, or indirectly through USAIP, would be erased due to the depletion of asset viability.

7. At this time, it is my belief that the Borrowers at least have a feeling and belief that they have a line of reasonable communication with USACM and that decisions, releases, etc., can be rapidly processed. If this case is converted, I can see a rash of litigation filed by the Borrowers, like the litigation already filed in Florida, and a depletion of assets of great magnitude.

8. It is my belief that there are enough blemishes on the existing properties with USA Loans without additional blood in the water. When sophisticated lenders and buyers of property know that properties and/or loans are going to be liquidated at "fire-sale" prices, they will simply sit back and wait. That result is not good for anyone.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: October 27, 2006.

/s/ Robert A. Russell
Robert A. Russell

LEWIS AND ROCA LLP
LAWYERS

# DECLARATION OF ROB CHARLES

I, Rob Charles, hereby declare under penalty of perjury that:

1. I am a partner in Lewis and Roca LLP. Our firm has been employed with the Court's approval by the Official Committee of Unsecured Creditors (the "Unsecured Committee") of USA Commercial Mortgage Company ("USACM").

2. I submit this declaration on behalf of the Unsecured Committee's Response to The United States Trustee's Motion to Convert Cases to Proceedings Under Chapter 7. I make the following statements based upon my personal knowledge except as otherwise indicated.

3. On behalf of the Unsecured Committee, my partner Susan Freeman and I, and Ted Burr of Sierra Consulting Group, LLC, have negotiated with counsel and financial advisers for Debtors and the equity committees of USA Capital Diversified Trust Deed Fund, LLC, and USA Capital First Trust Deed Fund, LLC, as well as counsel for the Direct Lenders Committee. The professionals for all of the Committees and Debtors are close to resolution of a joint plan term sheet that they will recommend to their constituencies. If agreement is reached, this term sheet will be the basis for a consensual plan of liquidation.

4. One of the legal requirements of any plan of reorganization under 11 U.S.C. § 1129(a)(7) is that the holder of each impaired claim or interest either accept the plan or will receive or retain not less than the holder would receive in a chapter 7 liquidation. If the professionals did not believe that a joint plan will result in a significantly greater distribution to creditors and interest holders, and a better economic outcome for the Direct Lenders, then liquidation, we would not spend the time and effort on the joint plan term sheet. Conversely, we believe that the evidence offered at a confirmation hearing will indicate that the plan more than satisfies the best interests test and provides all constituencies a greater recovery than would be obtained in a liquidation.

208937.1



I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: October 27, 2006.

　　　　　　　　　　　　　　　　　　/s/ Rob Charles
　　　　　　　　　　　　　　　　　　Rob Charles

208937.1