Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400      **E-FILED ON OCTOBER 27, 2006**
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                                                              Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>Date: October 30, 2006<br>Time: 9:30 a.m.<br><br>**REPLY IN SUPPORT OF MOTION FOR ORDER APPROVING CONTINUED USE OF CASH THROUGH JANUARY 31, 2007 PURSUANT TO FOURTH REVISED BUDGET (AFFECTS ALL DEBTORS)** |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                                                              Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                                                              Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                                                             Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>                                                                                              Debtor. | |
| Affects:<br>  ☒ All Debtors<br>  ☐ USA Commercial Mortgage Company<br>  ☐ USA Securities, LLC<br>  ☐ USA Capital Realty Advisors, LLC<br>  ☐ USA Capital Diversified Trust Deed Fund, LLC<br>  ☐ USA First Trust Deed Fund, LLC | |

1

Support of Use of Cash Pursuant to Fourth Revised Budget

USA Commercial Mortgage Company, USA Securities, LLC, USA Capital Realty Advisors, LLC ("USA Realty Advisors"), USA Capital Diversified Trust Deed Fund, LLC ("Diversified Fund"), and USA Capital First Trust Deed Fund, LLC ("FTDF") (collectively, the "Debtors"), by and through their counsel, hereby file this Reply in Support of Motion for Order Approving Continued Use of Cash Through January 31, 2007 Pursuant to Fourth Revised Budget (Docket No. 1451, filed October 5, 2006) (the "Motion to Use Cash").  The Motion to Use Cash is supported by the arguments set forth below, and other relevant items of record before this Court in the Debtors' bankruptcy cases.

**FACTS**

1. The Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on April 13, 2006.  By order entered June 9, 2006, the Court approved the joint administration of the Debtors' bankruptcy cases.

2. On October 5, 2006, the Debtors filed the Motion to Use Cash seeking approval of the Debtors' limited use of cash through January 31, 2007, in accordance with a fourth cash budget (the "Fourth Revised Cash Budget").

3. On October 20, 2006, the Debtors filed the Fourth Revised Budget.

4. On October 23, 2006, the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee") filed the Limited Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Motion for Order Approving Use of Cash Through January 31, 2007 Pursuant to Fourth Revised Budget ("FTDF Committee Objection") (Docket No. 1637).

5. The FTDF Committee only objects to the Fourth Revised Budget to the extent that it:  (a) approves the payment by the FTDF of a management fee to USA Realty Advisors; (b) effects a permanent allocation of the Debtors' professional fees and costs to the FTDF absent the consent of the FTDF Committee; and (c) requests the permanent approval of the amounts attributed to the payment of the Debtors' and the Committees professional fees and costs.

6. No other objections or responses to the Motion to Use Cash have been filed.

/ / /

**RESPONSE TO THE FTDF COMMITTEE'S OBJECTIONS**

The Debtors submit the following responses to the objections asserted by the FTDF Committee.

A. **USA Realty Advisors is Contractually Entitled to Receive a Management Fee from the FTDF.**

The FTDF Committee objects to the Fourth Revised Cash Budget to the extent it provides for the payment by the FTDF of a management fee to USA Realty Advisors. This is essentially the same argument that was raised by the FTDF Committee to the Debtors' prior motion to use cash. The Debtors responded to FTDF Committee's arguments in their Reply in support of the prior motion, and the order approving the prior motion did not require the Debtors to hold in reserve any of the management fees it collected by virtue of its contract rights.

The FTDF does not object to the Debtors' actual collection of the management fee but instead argues that the funds collected should be held in a reserve because the management fees being collected *may* be subject to offset or recoupment rights for claims that the FTDF *may* have against USA Realty Advisors. However, there is no reason to require the Debtors to hold the management fees in reserve, because the FTDF is contractually obligated to pay those fees. Section 12.2 of the Second Amended and Restated Operating Agreement of USA Capital First Trust Deed Fund, LLC provides as follows:

> Asset Management Fee and Loan Servicing. The Manager may act as servicing agent with respect to all Company loans and may manage all of the Company's Property. In consideration for such collection and management efforts, the Manager shall be entitled to receive a loan servicing and asset management fee equal to one and one-half percent (1.50%) per annum of the Assets Under Management, which shall be paid monthly at a rate of one-eighth of one percent (0.125%) of Assets Under Management as of the last day of each calendar month and be payable on or before the fifteenth (15th) day of the following calendar month.

To the extent the FTDF Committee wants to challenge the payment of the management fees pursuant to the foregoing contractual provisions, it may take the appropriate actions to initiate such a challenge. However, objecting to the Motion to Use Cash is not the appropriate means to request the relief it is seeking.

Support of Use of Cash Pursuant to Fourth Revised Budget

Additionally, it is important for the Debtors to be permitted to collect and use the management fees because they are needed to administer the Debtors' estates. Finally, if the relief requested by the FTDF Committee is granted, it will have the effect of treating the FTDF differently from the Diversified Fund from whom management fees are also being collected based on a similar contract.

**B.    The Fourth Revised Cash Budget Merely Contains Estimates of How the Debtors' Professional Fees and Costs Will Be Allocated and is Not Intended to Constitute a Permanent Determination of Those Amounts.**

The FTDF Committee also objects to the Fourth Revised Budget to the extent it "effect[s] a permanent allocation of the Debtors' professional fees and costs absent the consent of the FTDF Committee." It is unclear precisely how FTDF Committee arrived at the $130,000.00 figure set forth in its objection, but regardless of the amount at issue, the figures contained in the Fourth Revised Cash Budget are merely good faith estimates set forth by the Debtors for budgeting purposes. Debtors acknowledge that the permanent allocation of its fees and costs across the estates will either need to be determined by the Court or agreed to by the pertinent parties. The Debtors are not moving the Court at this time to approve a permanent allocation of the Debtors' professional fees and costs pursuant to the Fourth Revised Budget and as such this issue is not before the Court in the Motion to Use Cash.

**C.    The Motion to Use Cash Does Not Seek Approval of the Amount of the Professional Fees and Costs To Be Allowed in this Case**.

The FTDF Committee also objects to the Motion to Use Cash on the ground that the approval of the Fourth Revised Budget should have no bearing on the actual professional fees and costs allowed in this case. The Debtors acknowledge that the Fourth Revised Budget is merely a forecast of the amount of professional fees and costs that will accrue and be paid and is not determinative of the actual fees and costs that will be incurred or approved. Debtors further acknowledge that the approval of all of the professional fees and costs in this case will need to be determined by the Court pursuant to separate fee applications that will be filed with the Court. Consequently, the approval of the allowed amount of professional fees and costs is not at issue in

4

Support of Use of Cash Pursuant to Fourth Revised Budget

the Motion to Use Cash.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court approve the continuing use of cash in the Debtors' estate through the week ending January 31, 2007, for the purposes generally set forth in the Fourth Revised Budget, and that the Court overrule the objection filed by the FTDF Committee.

Respectfully submitted this 27th day of October, 2006.

/s/ Jeanette E. McPherson
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146

and

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385