SYLVESTER & POLEDNAK, LTD                  **E-FILED November 4, 2006**
JEFFREY R. SYLVESTER, ESQ.
Nevada Bar No. 4396
7371 Prairie Falcon, Suite 120
Las Vegas, Nevada  89128
(702) 952-5200
*Attorneys for USA Commercial Real Estate Group*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE<br>COMPANY (fka USA CAPITAL)<br>           Debtor. | Case No.  BK-S-06-10725-LBR<br>Case No.  BK-S-06-10726-LBR<br>Case No.  BK-S-06-10727-LBR<br>Case No.  BK-S-06-10728-LBR<br>Case No.  BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC.<br>           Debtor. | Chapter 11<br><br>**Jointly Administered Under**<br>**Case No. BK-S-06-10725-LBR** |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC.<br>           Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND,<br>LLC.<br>           Debtor. | **REPLY TO DEBTORS' OPPOSITION**<br>**TO MOTION TO ENFORCE ORDER**<br>**GRANTING DEBTORS' MOTION TO**<br>**DISTRIBUTE  FUNDS** |
| In re:<br>USA SECURITIES, LLC.<br>           Debtor. | |
| Affects:<br>■  All Debtors<br>☐  USA Commercial Mortgage Company<br>☐  USA Capital Realty Advisors, LLC<br>☐  USA Capital Diversified<br>      Trust Deed Fund, LLC<br>☐  USA Capital First Trust Deed Fund, LLC<br>☐  USA Securities, LLC | Hearing Date:  November 13, 2006<br>Hearing Time:  9:30 a.m. |

       USA Commercial Real Estate Group, Inc., by and through its  attorney, Jeffrey R. Sylvester,

Esq., of the law firm of Sylvester & Polednak, Ltd., hereby replies to the Debtors' opposition to

MOTION TO ENFORCE ORDER GRANTING DEBTORS' MOTION TO DISTRIBUTE FUNDS as follows:

A.    <u>Debtors Have No Right to Setoff Under State Law.</u>

On April 13, 2006, (the "Petition Date"), Debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code. By Order entered June 9, 2006, the Court approved the joint administration of the Debtor's bankruptcy cases. On July 7, 2006, Debtors filed their Motion to Distribute Funds and to Grant Ordinary Course Releases and Distribute Proceeds (the "Distribution Motion") (Docket Number 847) . On August 24, 2006, the Court entered an order approving the Distribution Motion (the " Distribution Order") (Docket Number 1184) authorizing the Debtors to make the interim distributions as requested in the Distribution Motion.

In connection with the Distribution Motion, the Debtors forwarded to USA Commercial Real Estate Group a statement setting forth the proposed distributions wherein the Debtors proposed to pay USA Commercial Real Estate Group a sum of $17,578.48 as and for a partial distribution. A true and correct copy of the proposed distribution is annexed hereto and marked as Exhibit 1. Despite Debtors' representations to this Court and to the Direct Lenders that it intended to make the proposed distributions, the Debtors have refused, and continue to refuse, to distribute the funds to USA Commercial Real Estate Group.

As a result of the Debtors' continuing refusal, USA Commercial Real Estate Group filed the instant Motion seeking an order compelling the Debtors to distribute those funds to USA Commercial Real Estate Group, as a direct lender, as was authorized by the Distribution Order. In Opposition to the Motion to Distribute Funds, the Debtors' posit that any distribution to USA Commercial Real Estate Group is inappropriate as the Debtors *may* have an "offset right" against any funds it is holding for the benefit of USA Commercial Real Estate Group as USA Commercial Real Estate Group is owned by Joseph D. Milanowski and Thomas A. Hantges. The Debtors' offset

argument begins and ends with the statement that the Debtors may have claims against the principals

of USA Commercial Real Estate Group.  The Debtors' position is not well-founded.

While not cited by the Debtors, 11 U.S.C. § 558 permits the Debtor to exercise a defense of

setoff where state law permits.  11 U.S.C. § 558 provides:

> The estate shall have the benefit of any defense available to the debtor
> as against any entity other than the estate, including statutes of
> limitations, statutes of frauds, usury, and other personal defenses.  A
> waiver of any such defense by the debtor after the commencement of
> the case does not bind the estate.

See  11 U.S.C. § 558.

Courts have held that § 558 preserves any right of setoff the debtor may have under state law,

including the right to setoff debtor's pre-petition claims against administrative expense claims.  See

In re Papercraft Court 127 B.R. 346 (W.D. Pa. 1991); In re M.W. Ettinger Transfer Company 1988

WESTLAW 129334 (Bankr. D. Minn. 1988).  As stated by the Court in Papercraft, "[b]ecause

Section 558 preserves to the Debtor the defenses it would have had pre-petition, the Court must

examine the transaction as though the bankruptcy had not been filed."  See Papercraft 127 B.R. at

350.  Furthermore, the rights to setoff must be established under state law before the debtors may

assert the setoff as a defense reserved by § 558.  Accordingly, in analyzing the Debtors' request to

offset any potential claims the estate has against USA Commercial Real Estate Group, one must look

to Nevada state law to determine whether such a setoff is permitted.  Succinctly, it does not.

As set forth in the Nevada Supreme Court decision of Cambell v. Lake Terrace, Inc. 11 Nev.

1329, 905 P.2d. 163 (Nev. 1995) (reversed on other grounds), the Nevada Supreme Court defined

the right to setoff as follows:

> Setoff is the right that exists between two parties who are indebted to
> each other that allows each to apply the debts of the other so that by
> mutual reduction everything but the difference is extinguished.
> Brown v. Lobdell, 36 Or. App. 397, 585 P.2d. 4 (1978).  Claims that
> are eligible for setoff need not  be transactionally related.  In Contrail

> Leasing v. Executive Service 100 Nev. 545, 550, 688 P.2d. 765, 768 (1984) quoting Korlann v. E-Z Pay Plan, Inc. 247 Or. 170, 128 P.2d. 172, 175 (1967) (en banc) (citation omitted)), we stated 'setoff is usually allowed where, through a course of separate transactions, two parties become indebted to each other.'

Id.

Additionally, setoff is, as articulated by the Nevada Supreme Court, a form of counter-claim which the defendant may utilize to obtain a judgment for whatever balance is due. The Nevada Supreme Court in Aviation Ventures, Inc. v. Joan Morris, Inc., 121 Nev. 113, 110 P.3d. 59 (Nev. 2005) stated:

> Setoff is an equitable remedy that should be granted when justice so requires to prevent inequity. 'Setoff is a form of counter-claim which a defendant may urge by way of defense or to obtain a judgment for whatever balance is due.' Setoff is a doctrine used to extinguish the mutual indebtedness of parties who each owe a debt to one another.

Id. (Footnotes omitted.)

Accordingly, in order for the Debtors to establish a right of setoff, it must articulate and establish that each party has a valid and enforceable debt against the other party or, in other words, that each party is mutually indebted to the other.

Addressing the right of creditors to exercise the right of setoff pursuant to 11 U.S.C. § 503, the U.S. Courts of Appeals have held that the debts are mutual if they are between the same parties, standing in the same capacity. See In re Davidovich, 901 F.2d. 1533 (10th Cir. 1990); In re Bevill, Bresler & Schulman Asset Management, 896 F.2d. 54, 59 (3rd Cir. 1990); In re Public Service Company 884 F.2d. 11 (1st Cir. 1989); Braniff Airways, Inc. v. Exxon Company 814 F.2d. 1030 (5th Cir. 1987). "As a general rule, for mutuality to exist, each party must own his claim in his own right severally, with the right to collect in his own name against the debtor in his own right and severally." 4 Collier on Bankruptcy ¶ 553.04, at 553.30 (15th ed. 1985). "To be mutual then, the parties must have full and concurrent rights against each other." In re V.N. De Prizio Construction Company 52 B.R. 283, 287 (Bankr. N.D. Ill. 1985).

Mutuality is defeated, therefore, when one of the parties holds the funds in trust for the other and the reciprocal debt stems from a simple debtor-creditor relationship. <u>See</u> <u>In re Bob Richards Chrysler-Plymouth, Corp.</u> 473 F.2d. 262, 265 (9th Cir. 1973) ("The rational of this rule is simply that the liability arising from a fiduciary duty is entirely independent of the debt owing from the bankrupt. The trust res is not owing to the bankruptcy estate, but rather is owned by it.") <u>See also</u> <u>Cooke County National Bank of the United States</u> 107 US 445, 452 (1882) ("A trustee cannot setoff against the funds held by him in that character his individual demand against the grantor of the trust. Courts of Equity and Courts of Law will not allow such an application of the funds so long as they are affected by any trust. It would open the door to all sorts of chicanery and fraud. The fund must be relieved from its trust character before it can be treated in any other character.") <u>See</u> also <u>In re Gans & Klein Co.</u> 20 F.2d 124 (9th Cir. Mont. 1927). In <u>Gans & Klein</u>, a bank agreed to use deposits to pay certain creditors. However, the bank thereafter refused to pay such creditors and applied the deposits otherwise by a claimed right of setoff. The Court found that because the deposits were in the name of the debtor, the bank occupied the status of a trustee. The Court held that the bank was not entitled to setoff against the funds because the law is well settled that "the trustee, having custody of the deposit, has no right of setoff against the fund, by reason of the depositor's debt to the depository, which can be exercised to the prejudice of beneficiaries or any one in their right." <u>Id.</u>

Application of the foregoing to the case at bar establishes that the Debtors have no rights of setoff against USA Commercial Real Estate Group. While the Debtors purportedly <u>may</u> have claims against the principals of USA Commercial Real Estate Group, they have failed to articulate any claims against USA Commercial Real Estate Group, a duly formed Nevada corporation. However, even assuming, <u>arguendo</u>, that the Debtors had claims against USA Commercial Real Estate Group, the requirements of mutuality remain lacking.

To reiterate, the purpose behind the doctrine of setoff is to allow mutually indebted parties

to apply the debts of the other so that, by mutual reduction, everything but the difference is extinguished. As more fully set forth in the Distribution Motion, the Direct Lenders made loans to the various borrowers directly. The contractual rights, therefore, exist by and between the Debtors and the various borrowers. The Debtors, as the loan servicing agent, are in possession, of the payments due and owing pursuant to the terms and conditions of the agreements by and between the Direct Lenders and the borrowers. It is not the Debtors that are indebted to the Direct Lenders. Rather, the Debtors have possession of property that belongs to the Direct Lenders and are seeking to attach that property in order to secure payment of its alleged, undefined claims against the principals of USA Commercial Real Estate Group. To be clear, the Debtors claim no right, title, or interest in and to the funds held on behalf of the Direct Lenders. Nor could they. As the Ninth Circuit has held in In re Golden Triangle Capital, Inc., 171 B.R. 79 (9th Cir. BAP 1994), funds held by a loan servicing agent received from lending institution for the purpose of disbursement, minus its fees, to ultimate borrower were not included in property of the estate as the parties never intended to enter into a debtor-creditor relationship and the agent was acting only as a conduit for the funds. The Debtor has no interest in and to the funds held and the funds do not constitute property estate. As the Debtors have no ownership interest in the funds, its claim of setoff is inappropriate.

As noted below, what the Debtors are effectually seeking is a prejudgment writ of attachment, which is inappropriate. As there exists no mutuality of the indebtedness, the Debtors have no basis to withhold the funds or to offset any of the funds it is holding for the benefit of USA Commercial Real Estate Group.

B.    Debtors Must Bring and Adversary Proceeding to Recover Money Owed to the Estate.

The Debtors argue that they have refused to distribute the funds as they may have claims of offset against the principals of USA Commercial Real Estate Group. However, the Debtors will concede that Federal Bankruptcy Procedure 7001(1) states that, "[a]ny proceeding to recover money

or property must be brought as an adversary proceeding." As the Federal Rules of Bankruptcy Procedure require the commencement of an adversary proceeding to recover property of the estate, the Debtors' refusal to distribute funds in its possession held for the benefit of USA Commercial Real Estate Group is inappropriate.

C.  Debtors May Not Seize or Attach the Property of USA Commercial Real Estate Group Without Due Process of Law.

As noted above, Debtors have no right, title, and/or interest in and to the funds held. As the Debtors will concede, they acted as a loan servicing agent for USA Commercial Real Estate Group as a direct lender. The funds received by the Debtors, therefore, were received on behalf of USA Commercial Real Estate Group. The only interest in and to the funds the Debtors may have had related to the Debtors' contractually agreed upon loan servicing fee. However, the Debtors requested, and received, permission from this Court to net out of the proposed distribution its loan servicing fees. Therefore, the remaining funds held are the interest and principal payments due pursuant to the agreements by and between the Direct Lenders and the borrowers. The Debtors affirmatively represented to the Court that it did not intend to seize or attach property. The Debtors represented as follows:

> Debtors are not seizing or attaching property. The property at issue is already in USACM's possession and the automatic stay applies equally to enjoined attempts to obtain property *from* the estate as it does in enjoining attempts to obtain property *of* the estate. 11 U.S.C. § 362(a)(3).
>
> The automatic stay of § 362(a)(3) "[r]equires that no entity grab non-estate property from the estate without the Court supervision that comes from a stay of relief preceding." 3 Collier on Bankruptcy § 362.03[5] at 362-20 (15th rev. ed. 2002). Thus, Debtors are entitled to retain possession of the property held by their estates, whether or not such property constitutes property of the estate, unless and until the Court grants relief from stay after an appropriate motion or unless and until the debtors move for authority to distribute funds, as they have done in the motion, and the Court grants such motion.

<u>See</u> Reply in Support of Debtors' Motion to Distribute Funds and to Grant Ordinary Course Releases and Distribute Proceeds. (Emphasis added).

As the Debtors have affirmatively represented to this Court that they are not attempting to seize or attach property and have failed to articulate a claim or interest in and to the funds held, there is no basis, at law, or in equity, to permit the Debtors to retain the property belonging to USA Commercial Real Estate Group. Moreover, any attempt to do so would be in direct contradiction to the Debtors' representation to this Court and to creditors made in connection with its request to distribute the funds.

Additionally, the Debtors have no right, under Nevada state law, to attach the assets of USA Commercial Real Estate Group. State, rather than Federal law, governs the availability and procedures for issuing writs of attachment. <u>See</u> <u>Coombs v. Heers</u> 366 F.Supp. 851 D. Nev. 1973). Moreover, attachment proceedings are purely statutory and recourse to the statute must be had in ascertaining the rights to writ of attachments. <u>See</u> <u>Johnson v. Fong</u> 147 P.2d 884, 62 Nev. 249 (Nev. 1944). Debtors have failed to articulate any basis for the issuance of a writ of attachment pursuant to Nevada Revised Statute 31.010 et seq. Absent application of the statutory requisites, Debtors have no basis to attach the assets of USA Commercial Real Estate Group.

<u>CONCLUSION</u>

In light of the foregoing, USA Commercial Real Estate Group respectfully requests this Court enter an Order compelling the Debtors to distribute all funds in its position that are due, owing, and unpaid to USA Commercial Real Estate Group as Direct Lender.

Dated this 4rd day of November, 2006.

By:   */s/ Jeffrey R. Sylvester*
      Jeffrey R. Sylvester, Esq.
      SYLVESTER & POLEDNAK, LTD.
      7371 Prairie Falcon, Suite 120
      Las Vegas, Nevada 89128

# EXHIBIT
# 1

# EXHIBIT
# 1

**USA Commercial Mortgage Company**
as Loan Servicing Agent for Loans Listed Below

**Loan Summary for Client ID**    7137

## Individual Investments

USA Commercial Real Estate Group
4525 S Sandhill, Suite

LAS VEGAS, NV  89121

| Loan Name | Dates | Original Investment | Current Investment | Principal Due to (from) Investor - USA CMC | Interest Due to (from) Investor USA CMC | Total Due to Investor [Owed from ] Investor |
|---|---|---|---|---|---|---|
| 3585 San Fernando Road Partners | 12/28/05 - 6/30/06 | $25,000.00 | $25,000.00 | $0.00 | $558.19 | $558.19 |
| Amesbury/Hatters Point | 9/19/05 - 6/30/06 | $53,115.00 | $53,115.00 | $0.00 | $838.52 | $838.52 |
| Copper Sage Commerce Center LLC | 8/25/05 - 6/30/06 | $25,000.00 | $0.00 | $1,105.91 | $61.27 | $1,167.18 |
| HFA- Clear Lake | 12/16/05 - 6/30/06 | $50,000.00 | $50,000.00 | $0.00 | -$1,250.01 | -$1,250.01 |
| I-40 Gateway west | 12/20/05 - 6/30/06 | $350,000.00 | $350,000.00 | $0.00 | $11,160.62 | $11,160.62 |
| Oak Shores II | 12/30/05 - 6/30/06 | $1,000.00 | $795.22 | $0.00 | $20.61 | $20.61 |
| SVRB 2nd $2,325,000 | 8/22/05 - 6/30/06 | $225,000.00 | $225,000.00 | $0.00 | $6,010.13 | $6,010.13 |
| Totals: | | $729,115.00 | $703,910.22 | $1,105.91 | $18,397.53 | $20,503.44 |
| Less: | | | | | | |

Court Required Holdback                                                           -2,924.60

Net check amount:                                                                 $17,578.84

This statement is provided for information purposes only and is intended for the sole benefit of the named vested party .
This statement is not intended to represent a loan payoff quote. USA reserves the right to update and supplement this statement.

Prepared by MFIM, LLC

THIS STATEMENT REFLECTS THE STATUS THROUGH JUNE 30, 2006