Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                        Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                        Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                        Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br>**DISCLOSURE STATEMENT HEARING:** |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                        Debtor. | **Date: November 13, 2006**<br>**Time: 9:30 a.m.** |
| In re:<br>USA SECURITIES, LLC,<br>                                                        Debtor. | **CONFIRMATION HEARING:**<br>**Date: December 15, 2006**<br>**Time: 9:30 a.m.** |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | **NOTICE OF FILING COVER SHEET SUMMARY OF DISCLOSURE STATEMENT FOR DEBTORS' SECOND AMENDED JOINT PLAN OF REORGANIZATION DATED NOVEMBER 6, 2006**<br>**(AFFECTS ALL DEBTORS)** |

1  Debtors, with input from the official committees, hereby provide a draft Summary
2  of Disclosure Statement for Debtors' Second Amended Plan of Reorganization (the
3  "Proposed Summary"). It is anticipated that, upon approval of the Court, the Proposed
4  Summary (in its final form) will be circulated to creditors and equity holders as a "cover
5  sheet" for the Disclosure Statement. The purpose of the Proposed Summary is to provide
6  an understandable (although generalized) summary of the highlights of the Debtors' Plan.

Respectfully submitted,

/s/Lenard E. Schwartzer, Esq.
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

**SUMMARY OF TREATMENT OF CREDITORS AND INTEREST HOLDERS UNDER THE SECOND AMENDED PLAN**

**This summary is provided for convenience only, and includes summaries and generalizations which are subject to the provisions of the accompanying Plan and Disclosure Statement (defined below). It is recommended that you read the Plan and Disclosure Statement in full and seek legal and other professional advice if needed. The provisions of this summary are non-binding; only the terms of the Plan, if confirmed, will have any binding effect.**

As discussed more fully in the accompanying "Disclosure Statement For Debtors' Second Amended Joint Plan Of Reorganization Dated November 6, 2006" (the "Disclosure Statement") and the "Debtors' Second Amended Joint Plan of Reorganization" (the "Plan"), these cases involve, generally, the following Debtor entities:

**USA Commercial Mortgage Company** ("**USACM**")-the entity which services loans funded by Direct Lenders, including the Funds (defined below).

**USA Capital Diversified Trust Deed Fund, LLC** ("**DTDF**")-a fund formed for the purpose of making loans serviced by USACM, whose investors were to consist solely of Nevada residents.

**USA Capital First Trust Deed Fund, LLC** ("**FTDF**")-a fund formed for the purpose of making loans serviced by USACM, whose investors were not limited to residents of Nevada.

**DTDF** and **FTDF** are referred to collectively as the "**Funds**".

**USA Capital Realty Advisors, LLC** ("**USA Realty**")-the named manager of the Funds.

**USA Securities, LLC** ("**USA Securities**")-an entity which brokered interests in the Funds.

The Plan generally calls for each Debtor to retain its own assets and liquidate them in an orderly way for distribution to its creditors (and, in the case of the Funds, to their member investors). While the amount to be paid to such creditors and investors is uncertain, generally stated the treatment of the various types of creditors and investors in the Funds is as follows:

**Administrative Claims** (expenses incurred during the Bankruptcy cases) will be paid in full on the date the Plan becomes effective, except as otherwise agreed or ordered. While it is not known what the total of such claims will be for each Debtor, the Debtors are expected to file

Monthly Operating Reports on or about November 20, 2006, which will list accrued professional fees from the beginning of the case through October 31, 2006.

**Secured Claims** (i.e., claims of any creditors secured by assets of any Debtor) will either receive a return of their collateral or shall be paid in full on or before the later of (i) sixty (60) days after the effective date, or (ii) fifteen (15) business days after the date the Secured Claim becomes an Allowed Claim. Secured Tax Claims will receive the payment option.

**Direct Lenders** will retain their rights as lenders under their various loan documents and loan servicing agreements. The Plan contemplates a sale of the loan servicing agreements (except for certain loans in which DTDF is the sole or primary lenders). When the Plan becomes effective, the purchaser of those assets will service the loans according to the terms of the loan servicing agreements. In addition, the Plan provides a compromise under which the Direct Lenders will be released by USACM, FTDF, USA Realty, and USA Securities from all claims, other than what is provided for in the Plan, including but not limited to claims to seek additional payments from Lenders to finance this case (surcharge), claims to have their interests in loans recharacterized and shared pro rata with other investors and creditors in these cases (recharacterization of Direct Lender loans), and the collection of prepetition accrued but unpaid fees under the loan servicing agreements (which were not collected pre-Petition as had been contractually agreed). This means that after the Plan is confirmed, except for recovery of Prepaid Interest which will likely be collected from the Borrowers or through netting, or offsets to claims, Direct Lenders will not be subject to further litigation and will be retaining their interests in all of their loans and receiving monthly distributions of all amounts collected on their loans. The "Prepaid Interest" is principal and interest remitted by USACM to Direct Lenders prior to April 13, 2006 which had not been paid by the underlying Borrower. In exchange for this release of claims, Direct Lenders will acknowledge and agree that Prepaid Interest constitutes an asset of the USACM Estate and that some of the funds already held back from distributions during the pendency of the Bankruptcy case will be retained by USACM principally to pay a portion of the fees of the Direct Lenders Committee, among other considerations.

**Priority Claims** (generally certain tax claims and employee claims, with an extensive list provided in section 507 of the Bankruptcy Code) shall receive payment in full.

**Unsecured Claims** are, generally, claims against any of the Debtors which are not secured by collateral nor given any priority or administrative status under the Bankruptcy Code.

**Unsecured Claims against USACM** shall receive a beneficial interest in a liquidating trust and eventually be paid a pro rata distribution of net amounts recovered from a variety of sources, including (1) a portion of the purchase price paid by the asset purchaser and certain collections on purchased loans made after confirmation by the purchaser, both as a result of the Asset Sale; (2) USACM's share of any overbid at the Asset Sale; (3) cash collected from servicing fees, exit fees, success fees, default interest and other amounts contractually due to USACM pursuant to various loans; (4) Prepaid Interest; and (5) litigation recoveries, including potential litigation against prior management.  These assets will be used to pay the administrative costs of the Bankruptcy, to fund litigation, including litigation against prior management, and to make distributions to creditors in the case as trust beneficiaries. Certain of these assets may also be subject to claims of DTDF, and DTDF also asserts a large unsecured claim against USACM.  If USACM and DTDF are unable to agree on such matters as the amount of that claim and the method of sharing in recoveries from certain assets, those matters will be determined by the Bankruptcy Court.

**Unsecured Claims against FTDF** will be paid in full from loan recoveries and proceeds of the asset sale.  It is anticipated that such funds will be available for distribution when the Plan becomes effective. Holders of Unsecured Claims against FTDF will receive interest from the date of the Bankruptcy as provided in the Plan.

**Unsecured Claims against DTDF** will be paid from loan recoveries and other DTDF assets.  It is currently unknown whether there will be any such claims and, if there are unsecured claims allowed by the Court against DTDF, it is unknown whether there will be sufficient cash to pay these claims immediately; however, holders of Unsecured Claims against DTDF will also receive interest from the date of the Bankruptcy when they are paid, as provided in the Plan.

**FTDF Investors** shall receive a pro rata distribution from all loan recoveries, proceeds from the asset sale, and its claim against USACM after payment of all claims, administrative expenses, and settlement payments to DTDF.  In settling all disputes between FTDF and DTDF, FTDF will pay to DTDF (among other things): (i) a payment of $500,000 to $1,000,000

(depending on the amount received at auction), which is subject to repayment by DTDF under certain conditions set forth in the Plan; and (ii) a transfer of all proceeds of FTDF's unsecured claim against USACM until DTDF investors reach a certain recovery threshold.  In addition, FTDF will pay $125,000 per month of the combined Debtors' chapter 11 professional fees and expenses.

**DTDF Investors** shall receive a pro rata share of the amounts remaining after payment of all creditors of DTDF from loan recoveries, from proceeds of litigation, and from DTDF's claim against USACM.  DTDF asserts significant claims against various Insiders and Affiliates (both defined in Section 101 of the Bankruptcy Code), including USACM.  As discussed above, FTDF will contribute $500,000 to $1,000,000 to DTDF, which is subject to repayment by DTDF, but only if DTDF Investors achieve a recovery on par with FTDF Investors.  This sum will assist with the payment of claims asserted against DTDF and the creation of a litigation fund for recovery of additional assets and assertion of causes of action.

**Unsecured Creditors of USA Realty** will receive a pro rata distribution of available funds after liquidation of this estate.  The Funds will not be charged a management fee by Realty following the Bankruptcy filing, and any such amounts which have been paid since the Bankruptcy filing (which were immediately passed through to USACM) will be returned to the Funds.

**Unsecured Creditors of USA Securities** will receive a pro rata distribution of available funds after liquidation of this estate.

**Equity Holders (other than DTDF Investors and FTDF Investors)** and other insider creditors shall receive no payment under the Plan.

Please note that, if confirmed, the provisions of the Plan will be binding on all of the parties described above and that, if you have problems with any provision of the Plan that applies to you, you must file a timely objection with the Bankruptcy Court or any objection you could have asserted may be deemed waived.  As explained in the Disclosure Statement and Plan, many parties will also have the right to vote on the Plan.  Votes are counted by groups of parties voting together, which are designated as Classes in the Plan. An affirmative vote of a Class will have a certain binding effect on all parties in that Class.

This Plan has been heavily negotiated by the Debtors and the four Committees (the USACM Unsecured Creditor Committee, the DTDF Committee, the FTDF Committee and the Direct Lender Committee).  **The Debtors and each of the Committees supports confirmation of this Plan and urge you to vote to accept the Plan.**