# PHETERSON, STERN, CALABRESE & NEILANS, LLP.

Attorneys and Counselors at Law
The Wilder Building
One East Main Street
Suite 150
Rochester, NY 14614
(585) 546-5600
(585) 546-2474 fax

RECEIVED AND FILED

2006 NOV -6  P 2: 35

U.S. BANKRUPTCY COURT
PATRICIA GRAY, CLERK

Thursday, November 02, 2006

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA
Foley Federal Building
4th Floor
300 Las Vegas Boulevard South
Las Vegas, NV 89101-5833

      In re:  USA COMMERCIAL MORTGAGE COMPANY
      CASE NO. 06-10725-LBR

Dear Judge Riegle:

      Please be advised that I represent myself as an investor in this matter. To date I am owed well in excess of $100,000.

      Please accept this letter in opposition to the US Trustee's application to convert these cases to Chapter 7 liquidations.

      Initially, I respectfully submit that the debtor's petition is defective because the assets substantially outweigh the liabilities.

      That being said, I object to the Trustee's application as it will substantially diminish the value of the estate and irreparably damage the creditors' interest.

      This matter is before the Court due to the gross incompetence of the Debtor and those managing the Debtor's interests. Since the filing of the petition, the Debtor, the Debtor's attorney and those entities retained by the Debtor and their attorneys, the self-proclaimed 'turn-around experts', have managed to waste several million dollars without anything to show for their efforts.

      I would ask that the Court take notice that the assets of the Debtor are largely negotiable instruments secured by real estate and other assets of the borrowers. Collecting the sums owed should be routine.

      Additionally, by converting these matters to Chapter 7 liquidations, you will not only be harming the estate by diminishing its value, you will open the door for defaulting borrowers to acquire their obligations from the Trustee at thirty cents-on-the-dollar.

You will, in effect, be rewarding the borrowers for defaulting on their repayment obligation.

My firm is well experienced in representing lenders and business in commercial collection matters. Our legal credentials are impeccable. Additionally I own several companies which have grown to well in excess of $20,000,000. We have the legal and practical experience to collect some if not all of the outstanding obligations, and turn the recovered sums over to the Court for distribution to creditors.

I am hereby offering to enforce the obligations and significantly increase the value of the estate *on a contingency basis*. There is no risk to the estate.

I will advance the costs of enforcement from my own funds. In return, I will deduct from any recovery a fee equal to 20% of the recovered amount plus reasonable collection costs. I will even work under the general supervision of the Trustee.

I am asking for 12 months to attempt to increase significantly the value of the estate. I am not guaranteeing success within 12 months, but I would expect to have some success in that period, and produce enough evidence that this is a viable course of action, and thereby secure an extension with the Court's indulgence.

There will be no adverse effect on the creditors as their security will be in place throughout the term of my efforts. Currently the investors are secured to the amount of their investment; if the US Trustee is successful, each investor's investment will be reduced by 70%. As painful and non-productive as the current situation is, I do not believe a 70% reduction in value is in the best interest of the estate or the creditors.

Respectfully submitted.

Very truly yours,
PHETERSON, STERN,
CALABRESE & NEILANS, LLP.

Derrick A. Spatorico

Cc: August B. Landis
Assistant US Trustee
US Department of Justice
300 Las Vegas Boulevard South
Suite 4300
Las Vegas, NV 89101