Daniel D. White, Esq.  
California Bar No. 119030  
23 Corporate Plaza Drive, Suite 160  
Newport Beach, CA 92660  
Telephone:     (949) 729-9119  
Facsimile:      (949) 729-9174  
E-mail:          dan@ddwlaw.com  

and  

Stephens, Gourley & Bywater  
R. Vaughn Gourley, Esq.  
Nevada Bar No. 000503  
David A. Stephens, Esq.  
Nevada Bar No. 000902  
3636 North Rancho Drive  
Las Vegas, Nevada 89130  
Telephone:     702-656-2355  
Facsimile:      702-656-2776  
E-mail:          vgourley@lvcm.com  

Attorneys for Defendant  
Gateway Stone Associates, LLC  

**E-filed on November 17, 2006**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>    Debtor.<br>_____/<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>    Debtor.<br>_____/<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>    Debtor.<br>_____/ | CASE NOS: BK-5-06-10726 LBR<br>CASE NOS: BK-5-06-10727 LBR<br>CASE NOS. BK-5-06-10728 LBR<br>CASE NOS. BK-5-06-10729 LBR<br>CHAPTER 11<br>JOINTLY ADMINISTERED UNDER<br>CASE NO. BK-5-06-10725-LBR<br><br>**ANSWER TO COMPLAINT SEEKING INJUNCTIVE RELIEF AGAINST NON-BANKRUPTCY LITIGATION AND FOR DECLARATORY RELIEF** |

1

In re:

USA SECURITIES, LLC,

  Debtor.
_____/

Affects:
  ☐ All Debtors
  ☒ USA Commercial Mortgage Co.
  ☐ USA Securities, LLC
  ☐ USA Capital Realty Advisors, LLC
  ☐ USA Capital Diversified Trust Deed
  ☐ USA First Trust Deed Fund, LLC
_____/

USA COMMERCIAL MORTGAGE COMPANY

             Plaintiff,

vs.

GATEWAY STONE ASSOCIATES, LLC, a Delaware limited liability company,

             Defendant.
_____/

  Comes Now, Defendant, Gateway Stone Associates, LLC ("This Answering Defendant"), by and through its counsel, the Law Offices of Daniel D. White and Stephens, Gourley & Bywater, and hereby answers the Complaint of Plaintiff USA Commercial Mortgage Company ("USACM") as follows:

 1. As to paragraphs 1, 2, 3, 4, 5, 6, 9, 12, 15, 16, 17, 18, 20 and 21 of the Complaint, this Answering Defendant admits the allegations as contained therein.

 2. As to paragraphs 7, 10, 11, 22, 23 and 25 of the Complaint, this Answering Defendant is without sufficient knowledge and/or information as to form a belief as to the truth and/or falsity of the allegations contained therein, and therefore denies the same.

2

3. As to paragraph 8 of the Complaint, this Answering Defendant denies that the Loan Agreement and Deed of Trust are dated November 10, 2005, denies the allegation that the Promissory Note Secured By Deed of Trust is in favor of the Direct Lenders in the sum of $17,750,000.00, but admits the remaining allegations as contained therein.

4. As to paragraph 13 of the Complaint, this Answering Defendant admits the allegations contained therein, but denies that these alleged sections of the Loan Agreement are enforceable.

5. As to paragraph 14 of the Complaint, this Answering Defendant admits the allegations contained therein, but denies that these alleged sections of the Loan Agreement are enforceable.

6. As to paragraph 19 of the Complaint, this Answering Defendant admits that USACM has not advanced any additional funds, but is without sufficient knowledge and/or information as to form a belief as to the truth and/or falsity of the remaining allegations contained therein, and therefore denies all of the remaining allegations.

7. As to paragraphs 24 and 26 of the Complaint, this Answering Defendant denies all of the allegations as contained therein.

8. As to paragraph 27 of the Complaint, this Answering Defendant repeats all of its answers to the allegations as contained in paragraphs 1 through 26 of the Complaint, as though fully set forth herein.

9. As to paragraphs 28 and 29 of the Complaint, this Answering Defendant admits the allegations as contained therein.

10. As to paragraphs 30, 31, 33, 34 and 35 of the Complaint, this Answering Defendant denies all of the allegations as contained therein.

11. As to paragraph 32 of the Complaint, this Answering Defendant is without sufficient knowledge and/or information as to form a belief as to the truth and/or falsity of the allegations contained therein, and therefore denies the same.

12. As to paragraph 36 of the Complaint, this Answering Defendant repeats all of its answers to the allegations as contained in paragraphs 1 through 36 of the Complaint, as though fully set forth herein.

13. As to paragraph 37 of the Complaint, this Answering Defendant admits the allegations as contained therein.

14. As to paragraph 38 of the Complaint, this Answering Defendant denies all of the allegations as contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

This Answering Defendant alleges that each and every purported cause of action fails to state facts sufficient to constitute any cause of action against this Answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

This Answering Defendant alleges that the Plaintiff has failed, neglected and refused to mitigate its alleged damages.

### THIRD AFFIRMATIVE DEFENSE

**(Assumption of Risk)**

This Answering Defendant alleges that the Plaintiff failed to exercise ordinary care, action or prudence to avoid the incidents alleged, or to care for its own property and assumed the risk of the resulting damages to the Plaintiff, if any.

### FOURTH AFFIRMATIVE DEFENSE

### (Plaintiff's Breach of Contract)

This Answering Defendant is informed and believes, and on such information and belief alleges, that the Plaintiff breached the contract, if any, with this Answering Defendant and that by reason of said breach of contract, this Answering Defendant has been excused of any duties to perform the obligations as set forth in said contract.

### FIFTH AFFIRMATIVE DEFENSE

### (Offset)

This Answering Defendant alleges that it has suffered damages by reason of the Plaintiff's conduct and therefore has the right to offset any amount of money owed to or due to the Plaintiff by way of damage.

### SIXTH AFFIRMATIVE DEFENSE

### (Fraud)

This Answering Defendant alleges that the Plaintiff is barred from any recovery against this Answering Defendant by its own fraudulent conduct.

### SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

This Answering Defendant alleges that the Plaintiff's conduct and relationship relative to this Answering Defendant was such as to bring the Plaintiff into this lawsuit with unclean hands, and as such the Plaintiff is estopped from pursuing these claims.

### EIGHTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

This Answering Defendant alleges that any and all injuries, if any, sustained or suffered by the Plaintiff were proximately and substantially caused and contributed to by the negligence of the Plaintiff.

WHEREFORE, this Answering Defendant prays for judgment against the Plaintiff as follows:

1. That the Plaintiff take nothing by way of its Complaint;

2. That this Answering Defendant be awarded costs of suit incurred herein; and

3. For such other and further relief as this Court deems just and proper.

/s/ Daniel D. White, Esq.
Daniel D. White, Esq.
California Bar No. 119030
23 Corporate Plaza Drive, Suite 160
Newport Beach, California 92660

and

R. Vaughn Gourley, Esq.
Nevada Bar No. 000503
David A. Stephens, Esq.
Nevada Bar No. 000902
Stephens, Gourley & Bywater
3636 North Rancho Drive
Las Vegas, Nevada 89130

Attorneys for Defendant
Gateway Stone Associates, LLC