**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
321 NORTH CLARK STREET, SUITE 2800
CHICAGO, ILLINOIS 60610
TELEPHONE (312) 832-4500
FACSIMILE (312) 832-4700

WILLIAM J. MCKENNA

FORECLOSURE ORDINARY COURSE OF BUSINESS COUNSEL

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | CASE NO. BK-S-06-10725 LBR |
| | CASE NO. BK-S-06-10726 LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | CASE NO. BK-S-06-10727 LBR |
| | CASE NO. BK-S-06-10728 LBR |
| USA CAPITAL REALTY ADVISORS, LLC, | CASE NO. BK-S-06-10729 LBR |
| | JOINTLY ADMINISTERED |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | CHAPTER 11 CASES |
| | JUDGE LINDA B. RIEGLE PRESIDING |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | **DECLARATION OF WILLIAM J. MCKENNA IN SUPPORT OF APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) AUTHORIZING THE EMPLOYMENT AND RETENTION OF FOLEY & LARDNER LLP AS ORDINARY COUNSEL OF BUSINESS** |
| USA SECURITIES, LLC, | |
| DEBTORS. | |
| | DATE: N/A |
| | TIME: N/A |
| | AFFECTS: ALL DEBTORS |

I, William J. McKenna, hereby declare under penalty of perjury that:

1. I am a partner in the law firm of Foley & Lardner LLP (the "Firm") which maintains offices at 321 N. Clark Street, Suite 2800, Chicago, Illinois 60610.

2. This affidavit is submitted in connection with an order of the United States Bankruptcy Court for the District of Nevada dated October 23, 2006 authorizing USA Commercial Mortgage Company, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC, USA

CHIC_1267124.1

Securities, LLC, debtors and debtors-in-possession herein (each a "Debtor" and collectively, the "Debtors"), to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases. The Debtors have requested, and the Firm has agreed, to represent and advise the Debtors on foreclosure matters pursuant to Section 327 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code")

3. The Firm uses a comprehensive computer software system to track client representations and engagements Firm-wide. I caused a "connections check" to be run of: (a) the 20 largest unsecured creditors of each of the Debtors (b) the top 20 investors of each of the Debtors; and (c) the professionals retained by the Debtors and Official Committees. The Firm also sent a firm-wide e-mail to check for any connections to the Debtors or the bankruptcy judge presiding in this district or any relation to the United States Trustee in this district, or any person employed in the Office of the United States Trustee.

4. Based upon my review of the connections check report, and to the best of my knowledge, the Firm and all of its partners and associates, are disinterested persons as that term is defined in 11 U.S.C. Section 101(14), and pursuant to FRBP 2014(a). Except as disclosed herein, neither the Firm nor any partners or associates of the Firm are connected with the Trustee, the Debtors, its creditors, its investors, any other party in interest, their respective attorneys and accountants, or to this estate, and have no adverse relation to the bankruptcy judge presiding over this case or the United States Trustee in this district, or any person employed in the Office of the United States Trustee. Except as disclosed herein, neither the Firm nor its attorneys represent or hold an adverse interest with respect to the Debtors, any creditors or to these estates.

5. The Firm will advise and counsel the Debtors specifically concerning foreclosures. The Firm is experienced in bankruptcy proceedings and foreclosures and is willing to accept as compensation pursuant to October 23, 2006, Order Granting Debtors' Motion for an Order Authorizing Retention of Professionals Utilized by Debtors in the

1 | Ordinary Course of Business (the "Ordinary Course Order").

2 |     6.    To the best of my knowledge, neither the Firm, nor any professional employed by this Firm, is or was:

    A.    a creditor, equity security holder, investor, or insider of the Debtors;

    B.    an investment banker for any outstanding security of the Debtors;

    C.    an attorney for an investment banker for any outstanding security of the Debtors; or

    D.    a director, officer, or employee of the Debtors or of any investment banker.

    7.    As part of its diverse nationwide practice, the Firm appears in cases, proceedings, and transactions involving many different professionals, including attorneys, accountants, financial consultants, and investment bankers, some of which may be or represent claimants and parties-in-interest in the Debtors' cases. Based on my current knowledge of the professionals involved, and except as is disclosed herein, the Firm does not represent or have a relationship with any attorneys, accountants, financial consultants, or investment bankers which would be adverse to the U.S. Trustee, the Debtors, its creditors, its investors, or equity security holders, except that the Firm may in the past have acted, or may presently be acting, as co-counsel or as local counsel with some of those attorneys, accountants, financial consultants or investment bankers on matters wholly unrelated to these cases.

    8.    Notwithstanding the foregoing, the Firm employs approximately 1000 attorneys, and by virtue of its size and expertise in numerous fields, may have represented, or still represents, unknown entities that might be creditors or parties-in-interest in these bankruptcy cases. However, those matters or representations are wholly unrelated to the matters for which the Firm seeks to be retained, and thus, I do not believe that an actual (or even potential) conflict of interest exists with respect to those matters for which the Firm seeks to be retained.

    9.    Similarly, the Firm has a large and diversified legal practice which

1  encompasses representation of many financial institutions, commercial corporations, and creditors. Some of these entities (or affiliates of these entities) are or may be holders of claims against, and/or interests in the Debtors, or are parties-in-interest in these cases. In the ordinary course of the practice of law, the Firm and certain of its members, counsel and associates have in the past represented, currently represent, and from time-to-time in the future will represent such entities or affiliates of such entities in matters unrelated to the Debtors' cases. I am not currently aware of any parties-in-interest in these cases which the Firm has in the past represented or is currently representing in matters, other than those wholly unrelated to these proceedings.

10.  Notwithstanding the foregoing, I wish to disclose that the Firm has either previously represented or still represents several creditors of these bankruptcy estates, or other parties-in-interest <u>in matters unrelated to these bankruptcy cases</u>. A true and correct copy of the list of creditors and/or parties-in-interest is attached hereto, marked as Exhibit "1", and incorporated herein by this reference. None of these representations, however, are in any way related to the within bankruptcy cases, and thus, do not constitute an actual (or even potential) conflict of interest. Nor will the Firm undertake to represent any creditor or party-in-interest in these bankruptcy cases. In addition, the fees from each of the entities listed on Exhibit "1" constituted less than one-thousandth of one percent of Foley & Lardner LLP's annual revenue in the last fiscal year. In the event that the Firm discovers any additional facts bearing on the matters described herein, I will supplement the information contained in the Application and this declaration.

11.  Notwithstanding the foregoing, I wish to disclose that the Firm has either previously represented or still represents an entity adverse to William L. Edwards, an investor of these bankruptcy estates, <u>in matters unrelated to these bankruptcy cases</u>. None of these representations, however, are in any way related to the within bankruptcy cases, and thus, do not constitute an actual (or even potential) conflict of interest. In the event that the Firm discovers any additional facts bearing on the matters described herein, I will supplement the information contained in the Application and this declaration.

12. In the event that a conflict regarding these claims later develops, the Firm will assist the Debtors to obtain separate counsel to resolve specific issues related to allegations of any potential or actual conflicts of interest involving the Firm, should they arise. The Firm could continue to represent the Debtors in all other matters. As such, no conflict presently exists.

13. I also wish to disclose that the Firm will seek payment of fees and expenses from the bankruptcy estate pursuant the Ordinary Course Order.

14. The Debtors desire to employ the Firm on an hourly basis and not on a contingent fee arrangement. The Firm will only accept compensation from the bankruptcy estates pursuant to the Ordinary Course Order. Compensation payable to the Firm will be based upon a combination of factors, including, without limitation, its normal hourly fees charged to clients which pay the Firm monthly, as those fees are adjusted from time to time, experience and reputation of counsel, time expended, results achieved, novelty and difficulty of matters undertaken, including time limitations imposed, preclusion from other employment, the nature and length of the professional relationship and awards in similar cases.

15. The various hourly billing rates for the Firm's attorneys and support staff are as follows:

| | |
|---|---|
| Partners | $450-$680 |
| Associates | $260-$415 |
| Paraprofessionals | $65-$155 |

16. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and legal assistants may from time-to-time perform legal services in connection with the matters herein described.

17. In addition, below is a list of rates for reimbursable expenses charged by the Firm:

| | |
|---|---|
| Photocopying: | $0.15/page |
| Faxing: | $0.50/page sent plus actual costs for telephone charges |

|   |   |   |
|---|---|---|
| Telephone Calls: | Actual cost |
| FedEx/USPS: | Actual cost |

18. The expenses set forth above may change from time to time. It also bears noting that the Firm ordinarily charges $.50 per page for outgoing facsimile charges, and imposes a service charge of $1.50 for all long-distance charges exceeding one minute in length to recoup its overhead. The Firm does not charge for incoming facsimiles.

19. The Firm intends to submit for compensation and reimbursement of expenses in accordance with the Ordinary Course Order.

20. The Firm has neither shared, nor agreed to share, any compensation for this engagement with any other person except as among the members of the Firm.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is being executed at Chicago, Illinois, on this 13 day of November, 2006.

_____
William J. McKenna

CHIC_1367124.1

6

## EXHIBIT "1"

### LIST OF CONNECTIONS

Applicant uses a comprehensive computer software system to track client representations and engagements Firm-wide. Applicant caused a "connections check" to be run of: (a) the 20 largest unsecured creditors of each of the Debtors (b) the top 20 investors of the each of Debtors; and (c) the professionals retained by the Debtors and Official Committees. The Firm also sent a firm-wide e-mail to check for any connections to any bankruptcy judge presiding in this district or any relation to the United States Trustee in this district, or any person employed in the Office of the United States Trustee.

Based upon this connections check, Applicant discloses that it has represented the following creditors in matters unrelated to the bankruptcy cases that may have claims against the bankruptcy estates:

### CURRENT CLIENTS

1. The Firm has previously represented and still represents Bank of America, Wells Fargo Bank, U.S. Bank, Citibank, creditors in these cases, in matters wholly unrelated to these bankruptcy cases. None of these representations, however, are in any way related to these bankruptcy cases, and thus, do not constitute an actual (or even potential) conflict of interest. It also bears noting that the fees generated from each of the aforementioned clients constituted less than one-thousandth of one percent of the Firm's annual revenue in the last fiscal year.