E-filed on November 30, 2006

Marc A. Levinson (California Bar No. 57613)
Lynn Trinka Ernce (California Bar No. 179212)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: (916) 447-9200
Facsimile: (916) 329-4900
Email: malevinson@orrick.com;
lernce@orrick.com

Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)
BECKLEY SINGLETON, CHTD.
530 Las Vegas Boulevard South
Las Vegas, NV 89101
Telephone: (702) 385-3373
Facsimile: (702) 385-5024
Email: bolson@beckleylaw.com;
aloraditch@beckleylaw.com

*Attorneys for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor.<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor.<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor.<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor.<br>In re:<br>USA SECURITIES, LLC,<br>Debtor.<br>Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725-LBR<br><br>**OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, TO CLAIMS ON EQUITY MISFILED AS CREDITOR CLAIMS**<br><br>Date: January 3, 2007<br>Time: 9:30 a.m.<br>Courtroom: 1 |

The Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (the "Diversified Committee"), by and through its counsel, Orrick, Herrington Sutcliffe LLP, and Beckley Singleton, Chtd., hereby submits this Omnibus Objection of the

{00330809;3}

Page 1 of 14

OHS West:260095880.3

Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC To Claims on Equity Misfiled As Proofs of Claim (the "Objection"). This Objection is based upon the grounds that the proofs of claim described herein and on Exhibit 1, attached hereto and made a part hereof, are claims on equity interests of debtor USA Capital Diversified Trust Deed Fund, LLC ("Diversified Fund") that have been erroneously filed as creditor claims against Diversified Fund, and that Diversified Fund has no liability on account of such misfiled claims.

The Objection is made pursuant to Sections 502 and 510 of chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules"), the points and authorities contained herein, the pleadings and papers on file with the Court, and any argument of counsel the Court may wish to entertain at the hearing on this matter.

Based on the foregoing, the Diversified Committee requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing the claims described herein and on Exhibit 1, in their entirety, as misfiled against the Diversified Fund; and (iii) granting such other and further relief as the Court may deem just and proper.

Respectfully submitted this 30th day of November 2006.

BECKLEY SINGLETON, CHTD.

By /s/ Anne M. Loraditch
Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)
530 Las Vegas Boulevard South
Las Vegas, NV 89101

Marc A. Levinson (California Bar No. 57613)
Lynn Trinka Ernce (California Bar No. 179212)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497

*Attorneys for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC*

{00330809;3}
OHS West:260095880.3

## POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

**A.  Background Information.**

1. On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA First Trust Deed Fund, LLC ("FTDF"), and the Diversified Fund (collectively with USACM, USA Securities, USA Realty, and the FTDF, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. On May 9, 2006, the Court entered its Order Regarding Joint Administration Without Substantive Consolidation [Docket No. 184] linking the Chapter 11 Cases for joint administration under the USACM case name and number, BK-S-06-10725-LBR.

3. No trustee or examiner has been appointed in the Chapter 11 Cases, and Debtors continue to operate their businesses, if any, as debtors in possession, pursuant to Bankruptcy Code Sections 1107 and 1108.

4. On May 10, 2006, the Office of the United States Trustee (the "UST") appointed four separate committees, including the Diversified Committee, in the Chapter 11 Cases.

5. The Diversified Committee represents the interest of individuals who invested in the Diversified Fund (the "Diversified Fund Members") and hold equity, or membership, interests in the Diversified Fund.

6. On June 15, 2006, pursuant to Bankruptcy Code Section 521(a)(1)(B), the Debtors filed their respective bankruptcy schedules and statements (the "Schedules") based upon their books and records as of the Petition Date.

7. On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] setting the deadline of November 13, 2006, to file proofs of claim in the Chapter 11 Cases.

8. On September 18, 2006, Debtors mailed proof of claim and proof of interest forms, together with instructions explaining that (i) if any equity interest holder (such as a

{00330809;3}

Page 3 of 14

OHS West:260095880.3

Diversified Fund Member) wished to assert a claim (as opposed to an equity interest) against any of the Debtors, then that equity holder must file a proof of claim but that proofs of claim should only be filed in those instances where the claimant believed one of the Debtors owed the claimant monies for such things as damages, rescission, reimbursement or contribution; and (ii) if the equity interest holder had no disagreement with the amount indicated on the proof of interest form included in the mailing, then that equity interest holder need take no action and his proof of interest in the Diversified Fund would be deemed allowed in the amount shown on the proof of interest form.

**B.    The Diversified Fund's Holdings.**

9.    As of the Petition Date, USACM acted as the servicer for 115 separate loans (the "Loans") having a combined outstanding loan balance of approximately $962 million. See Supplemental Declaration of Thomas J. Allison in support of Debtors' Motions [Docket No. 130], ¶ 2. All but three of the Loans were to have been secured by a deed of trust recorded against commercial real property. Id., at ¶ 3.

10.    According to the Debtors, there are an estimated 3,600 investors (the "Lenders") whose names appear as lenders in the documents for one or more of the Loans. Id., at ¶ 5. The Diversified Fund (together with the FTDF, the "Fund Lenders") is one such Lender.

11.    As of the Petition Date, the Diversified Fund had an interest as a Lender in 23 of the Loans (the "Diversified Fund Loans"). In the Diversified Fund Loans, the Diversified Fund was the sole Lender in 7 and held only a fractional interest in the remaining 16 Loans. All of the Diversified Fund Loans are serviced by USACM.

12.    The Diversified Fund is owned by approximately 1,900 Diversified Fund Members who hold membership interests in the Diversified Fund corporate entity. It is the Diversified Fund entity, and not its owners, that is a Lender on the Diversified Fund Loans. Likewise, it is the Diversified Fund's investments, and not those of the Diversified Fund Members, that are secured – or should have been secured – by deeds of trust. The Diversified Fund Members are only entitled to receive distributions from the Diversified Fund to the extent

the Diversified Fund has profits remaining after all of its expenses and valid claims have been paid. Thus, the Diversified Fund Members own the Diversified Fund, not its investments.

C.      **Analysis of Claims Filed Against the Diversified Fund.**

13.     As of the date of this Objection, 137 proofs of claim have been filed against the Diversified Fund. Counsel for the Diversified Committee analyzed each proof of claim filed and determined that 111 of the claims are claims on equity ("Claims on Equity") that were erroneously filed by claimants who are Diversified Fund Members seeking recovery on their equity interests in the Diversified Fund. A detailed listing of those Claims on Equity is attached hereto as **Exhibit 1** and is incorporated herein by reference.

14.     In analyzing the Claims on Equity, it is apparent that most of the claimants simply mistakenly filed a proof of claim form against Diversified Fund instead of a proof of interest form because the vast majority of the Claims on Equity noted "Money Loaned" as the basis for their claim. See Exhibit 1.

15.     However, eight of the Claims on Equity [Claim Nos. 90, and 93 through 95, 129 through 131, and 136] (the "510(b) Claims"), all of which were filed by Diversified Fund Members having the same counsel name, noted "Breach of Contract/Fraud" as the basis for their claims. These eight 510(b) Claims are obviously Claims on Equity because they are duplicative of proofs of interest filed in the Diversified Fund bankruptcy case by the identical parties and in the identical amounts. Moreover, these claims would necessarily be subordinated in any event, pursuant to Bankruptcy Code Section 510. 11 U.S.C. 510(b).

16.     In addition, many of the Claims on Equity, including the 510(b) Claims, were filed in duplicate.

17.     In summary, the Diversified Fund has no liability for any of the Claims on Equity, and all such claims should be disallowed in their entirety.

## II.

## ARGUMENT

Bankruptcy Code Section 502 authorizes a party in interest to object to claims. See 11 U.S.C. §502(a). Upon such objection, this Court, "after notice and a hearing, shall determine

the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b). Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. <u>Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)</u>, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), <u>aff'd</u>, 91 F.3d 151 (9th Cir. 1996) (quoting <u>In re Allegheny International, Inc.</u>, 954 F.2d 167, 173-74 (3d Cir. 1992).

Bankruptcy Code Section 510(b) provides, in pertinent part, that:

> [A] claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security....

11 U.S.C. 510(b).

Section 510(b) prevents equity interest holders from asserting claims alleging fraud or other illegality in the issuance of securities because such claims arise from the purchase or sale of a security for purposes of 510(b). See <u>In re Betacom of Phoenix, Inc.</u>, 240 F.3d 823, 829 (9th Cir. 2001) ("Congress relied heavily on the analysis of two law professors in crafting the statute.") <u>citing</u> John J. Slain and Homer Kripke, *The Interface Between Securities Regulation and Bankruptcy – Allocating the Risk of Illegal Securities Issuance Between Securityholders and the Issuer's Creditors*, 48 N.Y.U. L.Rev. 261 (1973). <u>See</u> H.R.Rep. No. 95-595, 196, U.S. Code Cong. & Admin. News 1978, pp. 5787, 6154-6157 (summarizing the argument in the Slain/Kripke article and stating that "[t]he bill generally adopts the Slain/Kripke position"). Further, claimants who retain the right to participate in corporate profits of a debtor are prevented from recovering the value of their equity investment in parity with general unsecured creditors. <u>In re Telegroup, Inc.</u>, 281 F.3d 133, 142 (3d Cir. 2002).

The Diversified Committee has analyzed the Claims on Equity and has determined that the Diversified Fund has no liability on account of any of these claims because they are all based on an equity interest held by Diversified Fund Members. In fact, many of the Claims on

Equity were filed in duplicate, including the 510(b) Claims, and such duplicate claims should not be allowed.

Furthermore, the 510(b) Claims, filed as Claim Nos. Claim Nos. 90, and 93 through 95, 129 through 131, and 136, are duplicative of identical proofs of interest filed by the same parties in the same amounts and should be disallowed on that basis, or, at the very least, such claims warrant mandatory subordination, under Bankruptcy Code Section 510(b), to be on a par with all other Diversified Fund Members holding an equity interest in the Diversified Fund debtor.

Accordingly, all of the Claims on Equity should be disallowed in their entirety.

## III.

## NOTICE

This Objection will be served on (i) all of the claimants who filed the Claims on Equity at the addresses set forth on the claimants' respective proofs of claim, (ii) all parties on the Master Service List for Limited Notice #5 dated November 1, 2006, and (iii) all parties who have filed requests for special notice since the filing of such master service list. In light of the nature of the relief requested, the Diversified Committee submits that no further notice need be given.

///

///

///

## IV.

## CONCLUSION

For the reasons set forth herein, the Diversified Committee respectfully requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing, in their entirety, the Claims on Equity, as misfiled against the Diversified Fund; and (iii) granting such other and further relief as the Court deems just and proper.

Dated this 30th day of November 2006.

BECKLEY SINGLETON, CHTD.

By: *[signature]*
Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)
530 Las Vegas Boulevard South
Las Vegas, NV 89101

Marc A. Levinson (California Bar No. 57613)
Lynn Trinka Ernce (California Bar No. 179212)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497

*Attorneys for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC*

**EXHIBIT 1**

**CLAIMS ON EQUITY**

| Claim No. | Claimant | Claim Amount | Proposed Disposition |
|---|---|---|---|
| 1-1 | Diana Forde, Trustee of the Michelle Revocable Trust | $168,165.63 | Reclassify as proof of interest |
| 2-1 | Diana Forde, Trustee of the Michelle Revocable Trust | $168,165.63 | Disallow as duplicative of Claim no. 1-1 |
| 3-1 | Joseph Grgurich | $24,023.66 | Reclassify as proof of interest |
| 4-1 | Robert G. Worthen | $1,578,096.69 | Reclassify as proof of interest |
| 5-1 | Roseberry Family LP, Robert L. Roseberry | $25,000.00 | Reclassify as proof of interest |
| 21-1 | David & Sharon Mesker | $83,036.03 | Reclassify as proof of interest |
| 22-1 | Anthony & Nancy Prescia | $144,141.97 | Reclassify as proof of interest |
| 23-1 | Anthony & Nancy Prescia | $233,782.12 | Reclassify as proof of interest |
| 24-1 | Patterson-Rogers 2001 Family Trust | $48,047.32 | Reclassify as proof of interest |
| 25-1 | Simmtex, Inc. | $240,236.61 | Reclassify as proof of interest |
| 26-1 | Jed Barish | $87,870.62 | Reclassify as proof of interest |
| 27-1 | Ross Deller | $50,000.00 | Reclassify as proof of interest |
| 28-1 | Ross Deller | $100,000.00 | Reclassify as proof of interest |
| 29-1 | Ross Deller | $120,000.00 | Reclassify as proof of interest |
| 30-1 | Ross Deller | $50,000.00 | Disallow as duplicative of Claim no. 27-1 |
| 31-1 | Joseph Grgurich | $24,023.66 | Disallow as duplicative of Claim no. 3-1 |
| 32-1 | Diana Forde, Trustee of the Michelle Revocable Trust | $168,165.63 | Disallow as duplicative of Claim no. 1-1 and 2-1 |

| Claim No. | Claimant | Claim Amount | Proposed Disposition |
|---|---|---|---|
| 33-1 | Diana Forde, Trustee of the Michelle Revocable Trust | $93,000.00 | Reclassify as proof of interest |
| 34-1 | Lestor C. Avila | $200,000.00 | Reclassify as proof of interest |
| 35-1 | Rex B. McBride | $50,000 | Reclassify as proof of interest |
| 36-1 | Thomas A. Brodie, Jr. | $24,023.66 | Reclassify as proof of interest |
| 39-1 | Aristotle Melonas | $21,728.50 | Reclassify as proof of interest |
| 40-1 | Aristotle Melonas | $551,616.50 | Reclassify as proof of interest |
| 41-1 | Aristotle Melonas | $72,070.98 | Reclassify as proof of interest |
| 42-1 | Aristotle Melonas | $654,852.55 | Reclassify as proof of interest |
| 43-1 | Aristotle Melonas | $145,496.04 | Reclassify as proof of interest |
| 44-2 | Robert Carollo & Beverly Carollo | $96,094.65 | Reclassify as proof of interest |
| 45-1 | Suzanne C. Mowbray, Trustee | $196,705.49 | Reclassify as proof of interest |
| 46-1 | Walter C. Bell & Enriquita Bell | $50,000.00 | Reclassify as proof of interest |
| 47-1 | First Savings Bank C/F Janice Wise IRA | $120,118.00 | Reclassify as proof of interest |
| 48-1 | First Savings Bank C/F Kenneth N. Wise IRA | $144,141.00 | Reclassify as proof of interest |
| 49-1 | The Chiapetta Trust Pat & John Chiapetta Trustee | $59,104.28 | Reclassify as proof of interest |
| 50-1 | Silver Saver Mort., Inc. | $36,386.45 | Reclassify as proof of interest |
| 51-1 | E. Leslie Combs, Jrs. IRA #507 | $136,029.35 | Reclassify as proof of interest |
| 52-1 | E. Leslie Combs, Jrs. Or Sherri Y. Allen | $48,530.85 | Reclassify as proof of interest |
| 54-1 | Said Mobin | $24,220.26 | Reclassify as proof of interest |
| 55-1 | James C. Connick & Velma M. Connick | $144,141.97 | Reclassify as proof of interest |
| 57-1 | Robert J. Scott & Lois Mae Scott | $77,423.96 | Reclassify as proof of interest |
| 58-1 | Carmine and Ann Vento | $48,047.32 | Reclassify as proof of interest |

| Claim No. | Claimant | Claim Amount | Proposed Disposition |
|---|---|---|---|
| 59-1 | Ramona C. Bigelow | $30,363.07 | Reclassify as proof of interest |
| 60-1 | Alan Benet | $26,577.40 | Reclassify as proof of interest |
| 61-1 | Tamra A. Mamuad | $480,473.24 | Reclassify as proof of interest |
| 62-1 | Manfred S. Spindel & Christine L. Spindel | $296,706.00 | Reclassify as proof of interest |
| 63-1 | Said Mobin | $24,220.26 | Disallow in its entirety as duplicative of Claim no. 54-1 |
| 64-1 | Bill Wallace | $57,530.57 | Reclassify as proof of interest |
| 65-1 | Maila Snider | $31,139.14 | Reclassify as proof of interest |
| 66-1 | Maila Snider | $96,094.65 | Reclassify as proof of interest |
| 67-1 | Walter Hell & Sylvia Hell, Trustees | $124,334.87 | Reclassify as proof of interest |
| 68-1 | Janice J. Hergert Revocable Living Trust Dated 9/15/00 | $25,000.00 | Reclassify as proof of interest |
| 69-1 | Janice J. Hergert Revocable Living Trust Dated 9/15/00 | $50,000.00 | Reclassify as proof of interest |
| 70-1 | Bryan L. Fidler and Dawn E. Lucas | $56,344.00 | Reclassify as proof of interest |
| 71-1 | Alfred Olsen, Jr. | $223,706.67 | Reclassify as proof of interest |
| 72-1 | Joseph And Loretta Donnolo, TTEES Of The Donnolo Family Trust | $48,047.00 | Reclassify as proof of interest |
| 73-1 | John Mulkey | $817.95 | Reclassify as proof of interest |
| 74-1 | Arthur P. Laird & Eulalia Laird, TTEEs of the Laird Family Trust Dated 2/15/97 | $30,829.24 | Reclassify as proof of interest |
| 75-2 | Kristen L. Beling & William J. Dougherty, TTEEs of the Sunset Endodontics PS Trust | $55,644.80 | Reclassify as proof of interest |
| 76-1 | William F. or Louise Scheve | $36,669.07 | Reclassify as proof of interest |
| 77-1 | Bruce and Sherry Layne | $240,000.00 | Reclassify as proof of interest |
| 78-1 | Mark Horton Treasurer Allen Bennett Trustee Shepherd of the Mountains Lutheran Church | $24,708.00 | Reclassify as proof of interest |
| 82-1 | Karen Petersen Tyndall Trust dated 3/9/94 (Acct #1712) | $432,425.91 | Reclassify as proof of interest |

| Claim No. | Claimant | Claim Amount | Proposed Disposition |
|---|---|---|---|
| 83-1 | Karen Petersen Tyndall Trust dated 3/9/94 (Acct #963) | $312,307.60 | Reclassify as proof of interest |
| 84-1 | KPT Irrevocable Trust Dated 7/16/99 | $202,866.38 | Reclassify as proof of interest |
| 85-1 | Karen Petersen Tyndall Trust Dated 3/9/94 (Acct #4231) | $1,115,915.59 | Reclassify as proof of interest |
| 86-1 | William M. Spangler (Acct 6249) | $48,047.32 | Reclassify as proof of interest |
| 87-1 | William M. Spangler Jean A. Spangler (Acct 8249) | $72,070.98 | Reclassify as proof of interest |
| 88-1 | Gary Michelsen | $Unknown | Reclassify as proof of interest |
| 89-1 | John E. Michelsen Family Trust | $Unknown | Reclassify as proof of interest |
| 90-1 | Margaret B. McGimsey Trust | $96,094.75 | Disallow as duplicative of proof of interest already on file |
| 91-1 | Miriam B. Gage and George J. Gage | $283,838.53 | Reclassify as proof of interest |
| 92-1 | George J. Gage Trust Dated October 8, 1999 | $48,047.32 | Reclassify as proof of interest |
| 93-1 | Sharon or Jerry McGimsey | $311,091.58 | Disallow as duplicative of proof of interest already on file |
| 94-1 | Johnny Clark | $99,467.90 | Disallow as duplicative of proof of interest already on file |
| 95-1 | Bruce McGimsey | $86,171.22 | Disallow as duplicative of proof of interest already on file |
| 96-1 | Castulo O. Martinez | $24,573.59 | Reclassify as proof of interest |
| 97-1 | Helen N. Graeber | $216,212.95 | Reclassify as proof of interest |
| 98-1 | Eric T. and Dolores V. Erickson | $120,185.07 | Reclassify as proof of interest |
| 99-1 | Carol Ann Turner | $98,054.36 | Reclassify as proof of interest |
| 100-1 | Terry L. Hansen Revocable Living Trust Dated 9/25/03 | $48,047.32 | Reclassify as proof of interest |

| Claim No. | Claimant | Claim Amount | Proposed Disposition |
|---|---|---|---|
| 101-1 | John A. Godfrey Pinnacle Entertainment Inc. | $262,760.24 | Reclassify as proof of interest |
| 102-1 | Douglas Carson | $1,119.58 | Reclassify as proof of interest |
| 103-1 | Robert A. Susskind | $213,645.91 | Reclassify as proof of interest |
| 104-1 | Ralph W. Sherer Trust | $193,176.95 | Reclassify as proof of interest |
| 105-1 | Cynthia Deitz Aka Cynthia L. Schulte | $264.01 | Reclassify as proof of interest |
| 106-1 | Debra S. Ballinger | $29,632.19 | Reclassify as proof of interest |
| 107-1 | Gwen S. Patton Trust | $129,027.13 | Reclassify as proof of interest |
| 108-1 | Andrew W. & Beth Mitchell | $111,444.82 | Reclassify as proof of interest |
| 109-1 | Jean Jacques Leblanc | $66,050.02 | Reclassify as proof of interest |
| 110-1 | Jean-Jacques Leblanc | $768,757.17 | Reclassify as proof of interest |
| 111-1 | George J. Gage Trust Dated October 8, 1999 | $48,047.32 | Disallow as duplicative of Claim no. 92-1 |
| 112-1 | Miriam B. Gage and George J. Gage | $283,838.53 | Disallow as duplicative of Claim no. 91-1 |
| 113-1 | CFR, Inc. | $53,917.15 | Reclassify as proof of interest |
| 114-1 | David R. Fuller and Monica D. Fuller Trust | $261,687.87 | Reclassify as proof of interest |
| 115-1 | Cynthia Deitz (fka Schulte) | $264.01 | Disallow as duplicative of Claim no. 105 |
| 117-1 | Michael Baginski | $288,283 | Reclassify as proof of interest |
| 118-1 | Karen Petersen Tyndall Trust Dated 3/9/94 | $1,115,915.59 | Disallow as duplicative of Claim no. 85-1 |
| 119-1 | KPT Irrevocable Trust Dated 7/16/99 | $202,866.38 | Disallow as duplicative of Claim no. 84-1 |
| 120-1 | Herman M. Adams/Brian M. Adams/ Anthony G. Adams | $3,625,000.00 | Reclassify as proof of interest |
| 121-1 | Michael L. Gross and Diana M. Gross | $96,094.65 | Reclassify as proof of interest |

| Claim No. | Claimant | Claim Amount | Proposed Disposition |
|---|---|---|---|
| 122-1 | Brian M. Adams | $325,000.00 | Reclassify as proof of interest |
| 123-1 | Olympia Capital Management | $100,000.00 | Reclassify as proof of interest |
| 124-1 | Larry L. & Patsy R. Rieger | $194,337.91 | Reclassify as proof of interest |
| 127-1 | John E. Michelsen Family Trust | $Unknown | Disallow as duplicative of Claim no. 89-1 |
| 128-1 | Gary Michelsen | $Unknown | Disallow as duplicative of Claim no. 88-1 |
| 129-1 | Margaret B. McGimsey Trust | $96,094.75 | Disallow as duplicative of Claim no. 90-1 |
| 130-1 | Sharon or Jerry McGimsey | $311,091.58 | Disallow as duplicative of Claim no. 93-1 |
| 131-1 | Johnny Clark | $99,467.90 | Reclassify as proof of interest and duplicative of claim no. 94-1 |
| 133-1 | Olympia Capital Management | $100,000.00 | Reclassify as proof of interest and duplicative of claim no. 23-2 |
| 134-1 | William M. Spangler | $48,047.32 | Disallow as duplicative of Claim no. 86-1 |
| 135-1 | William M. Spangler and Jean A. Spangler | $72,070.98 | Disallow as duplicative of Claim no. 87-1 |
| 136-1 | Bruce McGimsey | $86,171.32 | Disallow as duplicative of Claim no. 95-1 |
| 137-1 | Jack M. Dunphy | $26,071.08 | Reclassify as proof of interest |