E-filed on November 30, 2006

Marc A. Levinson (California Bar No. 57613)
Lynn Trinka Ernce (California Bar No. 179212)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: (916) 447-9200
Facsimile: (916) 329-4900
Email:  malevinson@orrick.com;
        lernce@orrick.com

Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)
BECKLEY SINGLETON, CHTD.
530 Las Vegas Boulevard South
Las Vegas, NV 89101
Telephone: (702) 385-3373
Facsimile: (702) 385-5024
Email:  bolson@beckleylaw.com;
        aloraditch@beckleylaw.com

*Attorneys for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                              Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                              Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                              Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                              Debtor. | **OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, TO WRONG DEBTOR CLAIMS MISFILED AGAINST USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC** |
| In re:<br>USA SECURITIES, LLC,<br>                                              Debtor. | |
| Affects:<br>☐  All Debtors<br>☐  USA Commercial Mortgage Company<br>☐  USA Securities, LLC<br>☐  USA Capital Realty Advisors, LLC<br>☒  USA Capital Diversified Trust Deed Fund, LLC<br>☐  USA First Trust Deed Fund, LLC | Date:       January 3, 2007<br>Time:       9:30 a.m.<br>Courtroom:  1 |

The Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (the "Diversified Committee"), by and through its counsel, Orrick, Herrington

{00346498;}

OHS West:260095880.3

Page 1 of 11

Sutcliffe LLP, and Beckley Singleton, Chtd., hereby submits this Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC To Wrong Debtor Claims Misfiled Against USA Capital Diversified Trust Deed Fund, LLC (the "Objection"). This Objection is based upon the grounds that the proofs of claim described herein and on Exhibit 1, attached hereto and made a part hereof, have been erroneously filed against debtor USA Capital Diversified Trust Deed Fund, LLC (the "Diversified Fund") and that Diversified Fund has no liability on account of such misfiled claims.

The Objection is made pursuant to Section 502 of chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules"), the points and authorities contained herein, the pleadings and papers on file with the Court, and any argument of counsel the Court may wish to entertain at the hearing on this matter.

Based on the foregoing, the Diversified Committee requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing the claims described herein and on Exhibit 1, in their entirety, as misfiled against the Diversified Fund; and (iii) granting such other and further relief as the Court may deem just and proper.

Respectfully submitted this 30th day of November 2006.

BECKLEY SINGLETON, CHTD.

By /s/ Anne M. Loraditch
Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)
530 Las Vegas Boulevard South
Las Vegas, NV 89101

Marc A. Levinson (California Bar No. 57613)
Lynn Trinka Ernce (California Bar No. 179212)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497

*Attorneys for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC*

{00346498;}

OHS West:260095880.3

## POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

**A.    Background Information.**

1. On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA First Trust Deed Fund, LLC ("FTDF"), and the Diversified Fund (collectively with USACM, USA Securities, USA Realty, and the FTDF, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. On May 9, 2006, the Court entered its Order Regarding Joint Administration Without Substantive Consolidation [Docket No. 184] linking the Chapter 11 Cases for joint administration under the USACM case name and number, BK-S-06-10725-LBR.

3. No trustee or examiner has been appointed in the Chapter 11 Cases, and Debtors continue to operate their businesses, if any, as debtors in possession, pursuant to Bankruptcy Code Sections 1107 and 1108.

4. On May 10, 2006, the Office of the United States Trustee (the "UST") appointed four separate committees, including the Diversified Committee, in the Chapter 11 Cases.

5. The Diversified Committee represents the interest of individuals who invested in the Diversified Fund (the "Diversified Fund Members") and hold equity, or membership, interests in the Diversified Fund.

6. On June 15, 2006, pursuant to Bankruptcy Code Section 521(a)(1)(B), the Debtors filed their respective bankruptcy schedules and statements (the "Schedules") based upon their books and records as of the Petition Date.

7. On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] setting the deadline of November 13, 2006, to file proofs of claim in the Chapter 11 Cases.

8. On September 18, 2006, Debtors mailed proof of claim and proof of interest forms, together with instructions explaining that (i) if any equity interest holder (such as a

Diversified Fund Member) wished to assert a claim (as opposed to an equity interest) against any of the Debtors, then that equity holder must file a proof of claim but that proofs of claim should only be filed in those instances where the claimant believed one of the Debtors owed the claimant monies for such things as damages, rescission, reimbursement or contribution; and (ii) if the equity interest holder had no disagreement with the amount indicated on the proof of interest form included in the mailing, then that equity interest holder need take no action and his proof of interest in the Diversified Fund would be deemed allowed in the amount shown on the proof of interest form.

**B.    The Diversified Fund's Holdings.**

9.    As of the Petition Date, USACM acted as the servicer for 115 separate loans (the "Loans") having a combined outstanding loan balance of approximately $962 million. See Supplemental Declaration of Thomas J. Allison in support of Debtors' Motions [Docket No. 130], ¶ 2. All but three of the Loans were to have been secured by a deed of trust recorded against commercial real property. Id., at ¶ 3.

10.    According to the Debtors, there are an estimated 3,600 investors (the "Lenders") whose names appear as lenders in the documents for one or more of the Loans. Id., at ¶ 5. The Diversified Fund (together with the FTDF, the "Fund Lenders") is one such Lender.

11.    As of the Petition Date, the Diversified Fund had an interest as a Lender in 23 of the Loans (the "Diversified Fund Loans"). In the Diversified Fund Loans, the Diversified Fund was the sole Lender in 7 and held only a fractional interest in the remaining 16 Loans. All of the Diversified Fund Loans are serviced by USACM.

12.    The Diversified Fund is owned by approximately 1,900 Diversified Fund Members who hold membership interests in the Diversified Fund corporate entity. It is the Diversified Fund entity, and not its owners, that is a Lender on the Diversified Fund Loans. Likewise, it is the Diversified Fund's investments, and not those of the Diversified Fund Members, that are secured – or should have been secured – by deeds of trust. The Diversified Fund Members are only entitled to receive distributions from the Diversified Fund to the extent

the Diversified Fund has profits remaining after all of its expenses and valid claims have been paid. Thus, the Diversified Fund Members own the Diversified Fund, not its investments.

C. **Analysis of Claims Filed Against the Diversified Fund.**

13. As of the date of this Objection, 137 proofs of claim have been filed against the Diversified Fund. Counsel for the Diversified Committee analyzed each proof of claim filed and determined that 21 of the claims filed are not claims against Diversified Fund ("Wrong Debtor Claims") but were filed by claimants who are not Diversified Fund Members but are either members of the FTDF or are Lenders who invested directly into Loans ("Direct Lenders"). A detailed listing of those Wrong Debtor Claims is attached hereto as **Exhibit 1** and is incorporated herein by reference.

14. In analyzing the Wrong Debtor Claims, it is apparent that some claimants filed claims on the basis of "Money Loaned" against the Diversified Fund and certain of the other Debtors – and in many cases against each of the Debtors – in these Chapter 11 Cases, irrespective of whether they have any connection to a particular Debtor. As such, those claimants who filed claims against Diversified Fund on the basis of "Money Loaned," but who are not Diversified Fund Members, filed Wrong Debtor Claims against Diversified Fund on account of an investment made through one of the other Debtors. Moreover, many of the Wrong Debtor Claims were filed in duplicate.

15. In summary, the Diversified Fund has no liability for any of the Wrong Debtor Claims, and all such claims should be disallowed in their entirety.

## II.

## ARGUMENT

Bankruptcy Code Section 502 authorizes a party in interest to object to claims. See 11 U.S.C. §502(a). Upon such objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b). Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. Ashford v.

1  Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.), 178 B.R. 222, 226 (B.A.P.
2  9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996) (quoting In re Allegheny International, Inc.,
3  954 F.2d 167, 173-74 (3d Cir. 1992).

4  The Diversified Committee has analyzed the Wrong Debtor Claims and has determined
5  that the Diversified Fund has no liability on account of any of the Wrong Debtor Claims
6  because such claims were filed against Diversified Fund as the wrong debtor in these Chapter
7  11 Cases. In addition, many of the Wrong Debtor Claims were filed in duplicate, and such
8  duplicate claims should not be allowed.

9  Accordingly, all of the Wrong Debtor Claims should be disallowed in their entirety.

## III.

## NOTICE

12  This Objection will be served on (i) all of the claimants who filed the Wrong Debtor
13  Claims at the addresses set forth on the claimants' respective proofs of claim, (ii) all parties on
14  the Master Service List for Limited Notice #5 dated November 1, 2006 and (iii) all parties who
15  have filed requests for special notice since the filing of such master service list. In light of the
16  nature of the relief requested, the Diversified Committee submits that no further notice need be
17  given.

18  ///
19  ///
20  ///

## IV.

## CONCLUSION

For the reasons set forth herein, the Diversified Committee respectfully requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing, in their entirety, the Wrong Debtor Claims, as misfiled against the Diversified Fund; and (iii) granting such other and further relief as the Court deems just and proper.

Dated this 30th day of November 2006.

BECKLEY SINGLETON, CHTD.

By: *(signature)*
Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)
530 Las Vegas Boulevard South
Las Vegas, NV 89101

and

Marc A. Levinson (California Bar No. 57613)
Lynn Trinka Ernce (California Bar No. 179212)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497

*Attorneys for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC*

{00346498;}

OHS West:260095880.3

# EXHIBIT 1
# WRONG DEBTOR CLAIMS

| Claim No. | Claimant | Claim Amount | Comments | Proposed Disposition |
|---|---|---|---|---|
| 6-1 | Frieda Moon, Trustee of the Decedent's Trust | $37,860.24 | Claimant is not a Diversified Fund Member nor otherwise connected to Diversified Fund. Proof of claim appears to be based on an investment in Bay Pompano Beach, LLC | Disallow in its entirety |
| 7-1 | Frieda Moon, Trustee of the Decedent's Trust | $51,033.34 | Claimant is not a Diversified Fund Member nor otherwise connected to Diversified Fund. Proof of claim appears to be based on an investment in HFAH-Clear Lake, LLC | Disallow in its entirety |
| 8-1 | Frieda Moon, and Sharon C. Van Ert | $51,033.34 | Claimant is not a Diversified Fund Member nor otherwise connected to Diversified Fund. Proof of claim appears to be based on an investment in Gramercy Court, Ltd. | Disallow in its entirety |
| 9-1 | Frieda Moon FBO Sharon C. Van Ert | $35,583.34 | Claimant is not a Diversified Fund Member nor otherwise connected to Diversified Fund. Proof of claim appears to be based on an investment in FTDF | Disallow in its entirety |
| 10-1 | Frieda Moon FBO Sharon C. Van Ert | $17,538.18 | Claimant is not a Diversified Fund Member nor otherwise connected to Diversified Fund. Proof of claim appears to be based on an investment in FTDF | Disallow in its entirety |
| 11-1 | Frieda Moon, and Sharon Van Ert | $51,076.38 | Claimant is not a Diversified Fund Member nor otherwise connected to Diversified Fund. Proof of claim appears to be based on an investment in Marlton Square thru FTDF | Disallow in its entirety |
| 12-1 | Frieda Moon, Trustee of the Decedent's Trust | $51,076.38 | Claimant is not a Diversified Fund Member nor otherwise connected to Diversified Fund. Proof of claim appears to be based on an investment in Castaic Partners III, LLC thru FTDF | Disallow in its entirety |

| Claim No. | Claimant | Claim Amount | Comments | Proposed Disposition |
|---|---|---|---|---|
| 13-1 | Frieda Moon, Trustee of the Decedent's Trust | $25,538.20 | Claimant is not a Diversified Fund Member nor otherwise connected to Diversified Fund. Proof of claim appears to be based on an investment in BarUSA, LLC thru FTDF | Disallow in its entirety |
| 14-1 | Brenda Falvai | $50,933.34 | Claimant is not a Diversified Fund Member nor otherwise connected to Diversified Fund. Proof of claim appears to be based on an investment in Del Valle Capital Corporation thru FTDF | Disallow in its entirety |
| 15-1 | Brenda Falvai | $50,972.22 | Claimant is not a Diversified Fund Member nor otherwise connected to Diversified Fund. Proof of claim appears to be based on an investment in Glendale Tower Partners, LLC thru FTDF | Disallow in its entirety |
| 16-1 | Brenda Falvai | $50,933.34 | Claimant is not a Diversified Fund Member nor otherwise connected to Diversified Fund. Proof of claim appears to be based on an investment in Oak Shores II thru FTDF | Disallow in its entirety |
| 17-1 | Brenda Falvai | $50,933.34 | Claimant is not a Diversified Fund Member nor otherwise connected to Diversified Fund. Proof of claim appears to be based on an investment in Oak Shores II thru FTDF and duplicative of claim no. 16-1 | Disallow in its entirety |
| 18-1 | Brenda Falvai | $50,933.34 | Claimant is not a Diversified Fund Member nor otherwise connected to Diversified Fund. Proof of claim appears to be based on an investment in Oak Shores II thru FTDF and duplicative of claim no. 16-1 and 17-1 | Disallow in its entirety |
| 19-1 | Brenda Falvai | $37,860.24 | Claimant is not a Diversified Fund Member nor otherwise connected to Diversified Fund. Proof of claim appears to be based on an investment in Bay Pompano Beach | Disallow in its entirety |

| Claim No. | Claimant | Claim Amount | Comments | Proposed Disposition |
|---|---|---|---|---|
| 37-1 | Edward J. Quinn and Darlene A. Quinn | $156,388.48 | Claimant is not a Diversified Fund Member nor otherwise connected to Diversified Fund. Proof of claim appears to be based on investments in Freeway 101, Gilroy, and Bay Pompano Beach | Disallow in its entirety |
| 38-1 | Edward J. Quinn and Darlene A. Quinn | $156,388.48 | Claimant is not a Diversified Fund Member nor otherwise connected to Diversified Fund. Proof of claim appears to be based on investments in Freeway 101, Gilroy, and Bay Pompano Beach and duplicative of claim no. 37-1 | Disallow in its entirety |
| 53-1 | Sandra O. Masters | $425,000 | Claimant is not a Diversified Fund Member nor otherwise connected to Diversified Fund. Proof of claim appears to be based on an investment in 3685 San Fernando Road Partners | Disallow in its entirety |
| 116-1 | Nancy Brauer | $25,000.00 | Claimant is not a Diversified Fund Member nor otherwise connected to the Diversified Fund. Proof of claim provides no attached supporting documents | Disallow in its entirety |
| 125-1 | Law Offices of James J. Lee | $200,000.00 | Claimant is not a Diversified Fund Member nor otherwise connected to the Diversified Fund. Proof of claim appears to be based on a litigation entitled USA Commercial Mortgage v. James J. Lee, Esq., Case No. A459840, Law Offices of James J. Lee v. Kreg Rowe, et al., Case No. A473664, and U.S.A. Commercial Mortgage Company v James J. Lee, Esq., and Law Offices of James J. Lee, Case No. A488769 to which Diversified Fund is not a party | Disallow in its entirety |

| Claim No. | Claimant | Claim Amount | Comments | Proposed Disposition |
|---|---|---|---|---|
| 126-1 | James J. Lee, Esq. | $200,000.00 | Claimant is not a Diversified Fund Member nor otherwise connected to the Diversified Fund. Proof of claim appears to be based on a litigation entitled USA Commercial Mortgage v. James J. Lee, Esq., Case No. A459840, Law Offices of James J. Lee v. Kreg Rowe, et al., Case No. A473664, and U.S.A. Commercial Mortgage Company v James J. Lee, Esq., and Law Offices of James J. Lee, Case No. A488769 to which Diversified Fund is not a party; Claim is also duplicative of claim no. 125-1 | Disallow in its entirety |
| 132-1 | William Chad Berry | $200,000.00 | Claimant is not a Diversified Fund Member nor otherwise connected to Diversified Fund. Proof of claim appears to be based on an investment in Meadow Creek Partners, LLC thru FTDF | Disallow in its entirety |