MOT
SUSAN WILLIAMS SCANN, ESQ.
Nevada Bar No. 000776
PAUL R. CONNAGHAN, ESQ.
Nevada Bar No. 003229
DEANER, DEANER, SCANN, MALAN & LARSEN
720 South Fourth Street, Suite #300
Las Vegas, Nevada 89101 (702) 382-6911
Attorneys for Binford Medical Developers, LLC

E-Filed On 11/30/06

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>_____ Debtor _____ | Case No.  BK-S-06-10725 LBR<br>Case No.  BK-S-06-10726 LBR<br>Case No.  BK-S-06-10727 LBR<br>Case No.  BK-S-06-10728 LBR<br>Case No.  BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC.<br><br>_____ Debtor _____ | Chapter 11<br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBK |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST<br>DEED FUND, LLC.<br><br>_____ Debtor _____ | Adversary No. 06-01212<br><br>Date of Hearing:  OST Requested<br>Time of Hearing:  OST Requested |
| In re:<br>USA CAPITAL FIRST TRUST<br>DEED FUND, LLC.<br><br>_____ Debtor _____ | Affects:<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☒ USA Capital First Trust Deed Fund, LLC |
| In re:<br>USA SECURITIES, LLC.<br><br>_____ Debtor _____ | ☐ USA Securities, LLC<br>☐ USA Realty Advisors, LLC<br>☐ All Debtors |

**MOTION TO TEMPORARILY ALLOW CLAIM OF BINFORD MEDICAL
DEVELOPERS, LLC FOR VOTING PURPOSES**

COMES NOW, the Movant, BINFORD MEDICAL DEVELOPERS, LLC, by and through its attorney, SUSAN WILLIAMS SCANN, ESQ. of the law firm of DEANER, DEANER, SCANN, MALAN & LARSEN, and moves this Court pursuant to Federal Rule FRBP 3018(a) to temporarily allow its claim for the purpose of voting to accept or reject the Debtor's proposed Plan. The Debtor has not formally objected to Binford's Proof of Claim. Binford has filed an adversary proceeding to establish the amount of its claim and to obtain possession of $330,000.00 still held in the

Construction Control Account at Fidelity National Title Group.

      **Binford** did not receive a ballot with the copy of the Disclosure Statement, accordingly, based on the notice, **Binford** is required to file this Motion.

      FRBP 3018(A) provides as follows:

> Notwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purposes of accepting or rejecting the plan.

**Binford** has filed a Proof of Claim for damages in the estimated amount of $3,502,383.00 for Breach of Contract, Intentional Misrepresentation and the other theories listed in the Adversary Complaint. A copy of the Proof of Claim and the Amended Proof of Claim are attached hereto as Exhibit "1" The only exhibits attached are the Agreement dated August 30, 2005, the List of Exhibits and the breakdown of damages. The purpose for this is to reduce the bulk of this Motion. The **Debtor** has just answered the Complaint denying it is in default and counterclaimed for declaratory relief.

      USA Commercial Mortgage ("USACM") has clearly breached its August 30" Agreement to fully fund the $8,375,000.00 budget for the **Binford** Medical project. This fact is undisputed. The basic facts are contained in the Declaration of Ken Schmidt in Support of the Motion for Preliminary Injunction. A copy of that Declaration, again without the exhibits due to their bulk, is attached hereto as Exhibit "2". The elements of a claim for Breach of Contract are material failure of a duty under an agreement. <u>Bernard v. Rockwell Development Company,</u> 103 Nev. 132, 135, 734 P.2d 1238 (1987).

. . .

. . .

. . .

. . .

2

1 | Binford requests that this Court grant its Motion to temporarily allow its claim in the amount
2 | of $3,502,383.00 for voting purposes on the Plan.
3 | DATED this 30th day of November, 2006

Respectfully Submitted,

DEANER, DEANER, SCANN,
MALAN and LARSEN

By: /s/ Susan Williams Scann
SUSAN WILLIAMS SCANN, ESQ.
Nevada Bar No. 000776
PAUL R. CONNAGHAN, ESQ.
Nevada Bar No. 003229
720 South Fourth Street, Suite 300
Las Vegas, Nevada 89101
Attorneys for Binford Medical Developers, LLC

**EXHIBIT 1**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

## PROOF OF CLAIM

Schedule/Claim ID   s579

**Name of Debtor:** USA Commercial Mortgage Company

**Case Number:** 06-10725-LBR

**E-Filed On** 11/7/06

Note: See Reverse for List of Debtors and Case Numbers.
This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A 'request' for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor and Address:**
11321280009794
BINFORD MEDICAL DEVELOPERS, LLC
5200 E 64TH ST
INDIANAPOLIS, IN 46220-4708

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court or BMC Group in this case.

☐ Check box if this address differs from the address on the envelope sent to you by the court.

DO NOT FILE THIS PROOF OF CLAIM FOR A SECURED INTEREST IN A BORROWER THAT IS NOT ONE OF THE DEBTORS.
If you have already filed a proof of claim with the Bankruptcy Court or BMC, you do not need to file again.
**THIS SPACE IS FOR COURT USE ONLY**

**Creditor Telephone Number ( )**

Last four digits of account or other number by which creditor identifies debtor:
Binford Medical Developers LLC

Check here if this claim ☐ replaces ☐ amends a previously filed claim dated: _____

**1. BASIS FOR CLAIM**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other (describe briefly) **Breach of Contract**
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #: _____
  Unpaid compensation for services performed from: _____ to _____ (date) (date)
- ☐ Unremitted principal
- ☐ Other claims against servicer (not for loan balances)

**2. DATE DEBT WAS INCURRED:** June 2006
**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**UNSECURED NONPRIORITY CLAIM** $ 3,502,383.00
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**UNSECURED PRIORITY CLAIM**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
Amount entitled to priority $ _____
Specify the priority of the claim:
- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
- ☐ Wages, salaries, or commissions (up to $10,000)*, earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**SECURED CLAIM**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief description of collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) ( ___ ).

* Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:** $ 3,502,383.00 (unsecured) $ _____ (secured) $ _____ (priority) $3,502,383.00 (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. SUPPORTING DOCUMENTS:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. DATE-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

The original of this completed proof of claim form must be sent by mail or hand delivered (FAXES NOT ACCEPTED) so that it is actually received on or before 5:00 pm, prevailing Pacific time, on November 13, 2006 for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units).

**BY MAIL TO:**
BMC Group
Attn: USACM Claims Docketing Center
P.O. Box 911
El Segundo, CA 90245-0911

**BY HAND OR OVERNIGHT DELIVERY TO:**
BMC Group
Attn: USACM Claims Docketing Center
1330 East Franklin Avenue
El Segundo, CA 90245

**THIS SPACE FOR COURT USE ONLY**

**DATE:** 11/8/06

**SIGN** and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): [signature]

Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 AND 3571

## LIST OF EXHIBITS

Construction Loan Agreement dated August 31, 2005 - attached
Agreement dated August 30, 2005 - attached
Mortgage, Assignment of Leases, Rents and Contracts, Security Agreement, Financing Statement and Fixture Filing - attached
Promissory Note - attached
Breakdown of damages claim

**Due to their bulk the following are listed but not attached**

First Amendment to Deed of Trust dated September 7, 2005
Second Amendment to Deed of Trust dated October 17, 2005
Third Amendment to Deed of Trust dated December 28, 2005
Fourth Amendment to Deed of Trust dated January 25, 2006
Fifth Amendment to Deed of Trust dated February 14, 2006
Sixth Amendment to Deed of Trust dated March 8, 2006

**AMENDED**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

**PROOF OF CLAIM**

Schedule/Claim ID: s579

**Name of Debtor:** USA Commercial Mortgage Company

**Case Number:** 06-10725-LBR

**E-Filed On** 11/13/06

No. — See Reverse for List of Debtors and Case Numbers.
This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor and Address:**
11321280009794
BINFORD MEDICAL DEVELOPERS, LLC
5200 E 64TH ST
INDIANAPOLIS, IN 46220-4708

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court or BMC Group in this case.

☐ Check box if this address differs from the address on the envelope sent to you by the court.

DO NOT FILE THIS PROOF OF CLAIM FOR A SECURED INTEREST IN A BORROWER THAT IS NOT ONE OF THE DEBTORS.

If you have already filed a proof of claim with the Bankruptcy Court or BMC, you do not need to file again.

**THIS SPACE IS FOR COURT USE ONLY**

**Creditor Telephone Number ( )**

Last four digits of account or other number by which creditor identifies debtor:
Binford Medical Developers LLC

Check here if this claim ☐ replaces or ☒ amends a previously filed claim dated 11/09/06

**1. BASIS FOR CLAIM**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other (describe briefly) Breach of Contract, Intentional Misrepresentation and other theories. In attached Complaint.
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  - Last four digits of your SS #: _____
  - Unpaid compensation for services performed from: ___ to ___
- ☐ Unremitted principal
- ☐ Other claims against service (not for loan balances)

**2. DATE DEBT WAS INCURRED:** June 2006

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**UNSECURED NONPRIORITY CLAIM** $3,502,383.00
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**UNSECURED PRIORITY CLAIM**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
Amount entitled to priority $ _____
Specify the priority of the claim:
- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
- ☐ Wages, salaries, or commissions (up to $10,000)*, earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**SECURED CLAIM**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief description of collateral:
- ☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges **at time case filed** included in secured claim, if any: $ _____
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) ( ___ ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:** $3,502,383.00 (unsecured) $___ (secured) $___ (priority) $3,502,383.00 (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. DATE-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

The original of this completed proof of claim form must be sent by mail or hand delivered (FAXES NOT ACCEPTED) so that it is actually received on or before 5:00 pm, prevailing Pacific time, on November 13, 2006 for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units).

**BY MAIL TO:**
BMC Group
c: USACM Claims Docketing Center
P. Box 911
El Segundo, CA 90245-0911

**BY HAND OR OVERNIGHT DELIVERY TO:**
BMC Group
Attn: USACM Claims Docketing Center
1330 East Franklin Avenue
El Segundo, CA 90245

**THIS SPACE FOR COURT USE ONLY**

**DATE:** 11/13/06

**SIGN** and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
[signature]

Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 AND 3571.

Due to USA Capital's filing and subsequent default of its loan, **Binford** Medical Developers **LLC** has sustained the following losses.

1. Failure to **fund** balance of loan — $925,000

2. Additional interest due to delays of payment on April 30 Draw — $20,000

3. Legal Fees having to do with April 30 Draw Request delay — $4,500

4. Construction delay due to contractor not receiving confirmation that **funds** would be available. Approximately 3 months — TBD

5. Loss of **Binford** Behavioral Science (Tenant) lease because of uncertainty with Developer's construction loan agreement — $336,825

6. Loss of **Binford** Family Practice (Tenant) lease because of uncertainty with Developer's construction loan agreement — $308,458

7. Loss of Rescott Group (Tenant) lease because of uncertainty with developer's construction loan agreement — $142,600

    **NOTE:** Tenants do not want to get involved with possible litigious positions with a bankrupt lender.

8. Inability to secure a permanent mortgage due to inability to lease up lease up property by September 15. The maturity rate of the construction loan. — Est. $600,000

9. Loan fees for short-term loans to keep the project ongoing due to the breach of the loan agreement by not **funding** the last $600,000. — $320,000

10. Loan fees and interest cost to replace $8,375,000 existing construction loan with a new $10,000,000 construction loan to finish the project.     $760,000

11. Legal fees to defend and manage our position in regard to the delays. Inquiries and acquisitions caused by USA Capital's filing and subsequent actions     Est.     $85,000

**TOTAL DAMAGES**     **$3,502,383**

**EXHIBIT** 2

E-Filed On 11/9/06

DECLARATION
SUSAN WILLIAMS SCANN, ESQ.
Nevada Bar No. 000776
PAUL R. CONNAGHAN, ESQ.
Nevada Bar No. 003229
DEANER, DEANER, SCANN, MALAN & LARSEN
720 South Fourth Street, Suite #300
Las Vegas, Nevada 89101 (702) 382-6911
Attorneys for Plaintiff Binford Medical Developers, LLC

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>　　　　　　Debtor | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC.<br><br>　　　　　　Debtor | Chapter 11<br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC.<br><br>　　　　　　Debtor | Adversary No.<br><br>Date of Hearing:<br>Time of Hearing: |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC.<br><br>　　　　　　Debtor | Affects:<br>x USA Commercial Mortgage Company<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC<br>☐ USA Realty Advisors, LLC<br>☐ All Debtors |
| In re:<br>USA SECURITIES, LLC.<br><br>　　　　　　Debtor | |
| BINFORD MEDICAL DEVELOPERS, LLC, an Indiana Limited Liability Company,<br>　　　　　　Plaintiff,<br>　vs.<br>USA COMMERCIAL MORTGAGE COMPANY; et al. | |

DECLARATION OF KEN SCHMIDT
IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION
TO COMPEL FIDELITY NATIONAL TITLE INSURANCE
COMPANY TO MAKE DISBURSEMENT FROM LOAN
FUNDS BEING HELD BY FIDELITY AS DISBURSEMENT AGENT

KEN SCHMIDT, under penalties of perjury, hereby declares on this 24TH day of October, 2006:

1. I am the Managing Member of Binford Medical Developers, LLC ("Binford Medical")

2. Debtor USA Commercial Mortgage Company ("Debtor" or "USACM") originated a construction loan to Binford Medical Developers (the "Binford Medical Loan") in the principal amount of $8,375,000.00 on August 31, 2005. True and correct copies of the note, deed of trust and construction loan agreement are attached hereto as Ex.s 1, 2 and 3 respectively.

3. The Binford Medical Loan is being used for the construction of a medical office building in Indianapolis, Indiana (the "Medical Building Project"). This building is the first of five medical office buildings planned for construction by Binford Medical.

4. In order to insure that the entire $8,375,000.00 would be advanced, Binford and USACM entered into a separate agreement whereby USACM committed to fund all amounts above the initial disbursement of $4,250,000.00 up to $8,375,000.00 from its own funds. USACM also committed to cause the Direct Lenders to forbear from exercising any rights or remedies during the term of any default by USACM. A true and correct copy of that agreement, dated August 30, 2005, is attached hereto as Exhibit 4 and incorporated by reference herein (the "USACM Agreement)

5. When the Binford Medical Loan was originated, an agreement was reached by USACM and Binford Medical with Construction Disbursement Services of Fidelity National Title Insurance Company ("Fidelity") for Fidelity to act as the disbursement agent for the construction loan funds for the Binford Medical Loan.

6. Pursuant to this Court's Order in May, 2006, Fidelity has been regularly disbursing the Binford Medical Loan proceeds pursuant to draw requests submitted to Fidelity by the contractor on the Medical Building Project with the approval of Binford Medical and USACM.

7. Fidelity is currently holding approximately $330,000.00 in loan proceeds from the Binford Medical Loan. These funds were disbursed to Fidelity for the Binford loan prior to April 13, 2006 and interest is accruing on them.

8. In Binford's last draw request (draw #12), it sought the remaining balance in the account of approximately $540,000.00. Binford received only approximately $209,000.00 despite the fact

-2-

1  that the general contractor and other contractors were due the full amount. This approximate
2  balance of $330,000.00 is presently being held in the construction control account at Fidelity
3  National Title because USACM has demanded that it be disbursed to pay interest despite the fact
4  that USACM is in default under its obligations under the USACM Agreement. A copy of this draw
5  request is attached hereto as Exhibit "5". The interest reserve has been depleted through no fault of
6  Binford.

7     9.   Under the terms of the USACM Agreement, the interest is not presently due and
8  payable because the balance of $925,000.00 of the Loan has not been funded.

9     10.  Binford needs the $330,000.00 to pay the $445,000.00 currently due to the general
10 contractor. This amount was due by October 30, 2006. Binford paid the shortage from draw
11 number 12, the September payment due the general contractor, by means of short term financing at
12 very high interest rates. Without the $330,000.00, the job will be liened, construction stopped and
13 Binford will be unable to obtain the financing to fill the gap that USACM is, apparently, unable to
14 fill.

15    11.  The first building is now ninety (90) percent complete. An additional $925,000.00
16 (including the $445,000.00 currently due) is needed to complete the contract. If the Medical
17 Building Project is shut down or again delayed, Binford Medical faces the prospect of legal action
18 and resulting legal fees from the contractor and the subcontractors as well as from tenants who will
19 be delayed in being able to move into the Medical Building Project. Binford Medical's interest
20 charges will also increase if the Medical Building Project is shut down or delayed.

21    Respectfully submitted on October 24th, 2006.

                                                    Ken Schmidt

\OFFICE\CLIENTS\Binford Medical Developers, LLC\DOCS\Affidavit of Ken Schmidt.wpd

-3-

# CERTIFICATE OF MAILING

I hereby certify that service of the above and foregoing MOTION TO TEMPORARILY ALLOW CLAIM OF BINFORD MEDICAL DEVELOPERS, LLC FOR VOTING PURPOSES was made this 30th day of November, 2006, by depositing a copy of the same in the United States mail in Las Vegas, Nevada, postage-prepaid, addressed to the following:

**DEBTOR AND COUNSEL**
Annette W. Jarvis
Ray Quinney & Nebeker P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

Lenard E. Schwartzer
Jeanette E. McPherson
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308

USA Commercial Mortgage
USA Capital Realty Advisors, LLC
USA Capital Diversified Trust Deed Fund, LLC
USA Capital First Trust Deed Fund, LLC
USA Securities, LLC
Thomas J. Allison
4484 South Pecos Road
Las Vegas, NV 89121

_____
An Employee of Deaner, Deaner, Scann Malan & Larsen

F:\OFFICE\CLIENTS\Binford Medical Developers, LLC\DOCS\M2AllowClaim2Vote.wpd     4