James C. McCarroll
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 549-0209
Facsimile:   (212) 521-5450
E-Mail:  jmccarroll@reedsmith.com

Attorneys for SPCP Group, LLC

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **EMERGENCY MOTION OF SPCP GROUP, LLC, TO COMPEL COMPLIANCE WITH BID PROCEDURES ORDER,** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **DISCLOSURE OF COMPETING BIDS, EXPEDITED DISCOVERY, AND EXPEDITED HEARING** |
| Affects:<br>☒  All Debtors<br>☐  USA Commercial Mortgage Company<br>☐  USA Securities, LLC<br>☐  USA Capital Realty Advisors, LLC<br>☐  USA Capital Diversified Trust Deed Fund, LLC<br>☐  USA First Trust Deed Fund, LLC | |

SPCP Group, LLC, ("Silver Point"), by and through its undersigned counsel, Reed Smith LLP, submits this Emergency Motion to Compel Compliance With Bid Procedures Order, Disclosure of Competing Bids, Expedited Discovery, and Expedited Hearing, and in support thereof, states as follows:

1.	Silver Point seeks emergency relief from this Court due to the Debtors' unreasonable refusal to disclose to Silver Point <u>any information</u> pertaining to competing bids for the Assets that are subject of the Asset Purchase Agreement, and for which the Auction will be held one week from today, on December 7, 2006.[1]

2.	On November 8, 2006, the Court entered the Bid Procedures Order, which provides, among other things, that in order to be a "Qualified Bidder" a Potential Bidder must submit to the Debtors a "Qualified Bid" by no later than 4:00 p.m. PST on November 30, 2006.

3.	At approximately 4:30 pm. PST on November 30, 2006 (today), Debtors' counsel advised Silver Point's counsel that two "<u>deposits</u>" had been received "before the deadline." *See* Exhibit A (filed herewith). Debtors' counsel has refused to provide Silver Point with any further information relating to these "deposits", including whether any actual bids for the Assets were timely submitted along with the deposits, and whether either deposit was accompanied by any of the requisite documentation to make the submitting party a "Qualified Bidder" (such status requires, among other things, that a bidder: (i) provide a letter disclosing its identity and any affiliation that the bidder might have with the Debtors, major creditors, retained professionals or other significant parties; (ii) confirm in writing that it will be bound by the Bid Procedures; (iii) execute an Asset Purchase Agreement containing terms and conditions substantially similar to the Purchase Agreement (and providing a black-lined version of such Asset Purchase Agreement), which Agreement shall not contain any conditions to closing based on financing, due diligence or any reason other than those set forth in the Purchase Agreement; and (iv)

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedures Order entered by this Court on November 8, 2006, or, where applicable, in the Asset Purchase Agreement executed by the Debtors and Silver Point, dated October 19, 2006.

provide satisfactory evidence of its financial ability to close and its ability to complete the Sale on the date and on terms and conditions no less favorable to the Debtors than as contemplated by the Purchase Agreement).  *See* Exh. A, ¶ 3.

4.     As evidenced in the e-mail chain attached hereto as Exhibit A, in advance of filing this motion, counsel for Silver Point has diligently attempted to secure agreement by the Debtors to disclose information pertaining to the alleged competing bids.

5.     Assuming that the Debtors have timely received actual bids that could be Qualified Bids (which the Debtors have not confirmed to be true), Silver Point fails to see how refusing to disclose the details of (and documents comprising) those bids to Silver Point can possibly be in the best interests of the Debtors' estates, or their creditors or interest holders.

6.     Silver Point will be unable to bid competitively, on any reasonable terms, at the Auction on December 7 if it cannot first review, analyze and understand any competing bids – an opportunity that has been afforded to the general public with regard to Silver Point's bid since at least October 19.  In light of the highly complex nature of these Assets – and the potential for relatively minor variations in the form or structure of a bid to dramatically impact the value of that bid to the Debtors' various estates – Silver Point respectfully submits that it must be afforded the same amount of time that the Debtors and the Committees have to review competing bids if it is to have any reasonable ability to increase its Purchase Price in a competitive yet economically rational manner.

7.     Without any understanding of the structures and relative allocations of value in any competing bids, Silver Point may be unable to increase its Stalking Horse Bid in any way.  Silver Point respectfully submits that this may dramatically impair the value realized for the Assets by the Debtors' estates, and their creditors and interest holders.

8. In addition to potentially impairing the value realized for the Assets, the Debtors' refusal to turn over information pertaining to any competing bids to Silver Point will deprive Silver Point of its right to challenge the qualifications of competing bidders or their bids, if appropriate. The Bid Procedures clearly provide for the Court to decide <u>all</u> challenges to the qualifications of bidders and their bids. *See* Exh. A, ¶ 3. The right to challenge bidders' qualifications, or their bids, is not reserved in the Bid Procedures to the Debtors and the Committees, but the Debtors now seek to wholly block Silver Point's ability to make any such challenge by refusing it access to – and therefore the ability to analyze and evaluate – any competing bids that may have been submitted.

## **REQUEST FOR AN EXPEDITED HEARING**

**9.** This Motion is submitted pursuant to Fed. R. Bankr. P. 7034, and Fed. R. Civ. P. 34(b), which provide this Court with authority to require responses to discovery within a shorter time than is otherwise allowed.

10. As evidenced by Exhibit A hereto, the need for an expedited hearing has not been caused by any lack of due diligence on the part of Silver Point or its counsel.

WHEREFORE, for the reasons stated herein, Silver Point requests that (i) an expedited hearing be held on this motion, at the Court's earliest available calendar time, (ii) the Court grant the relief requested herein, directing the Debtors to immediately produce to Silver Point all documents relating to any bids submitted to the Debtors in respect of the Assets, and (iii) grant Silver Point such other and further relief as is just.

Dated:  November 30, 2006

    Kummer Kaempfer Bonner Renshaw & Ferrario
    Amy Tirre
    5585 Kietzke Lane
    Reno, Nevada 89511
    Telephone:  (775) 852-3900
    Facsimile:  (775) 852-3982
    E-Mail:  atirre@kkbrf.com

    -And-

    REED SMITH LLP

  By:  /s/James C. McCarroll
    James C. McCarroll
    599 Lexington Avenue
    New York, New York 10022
    Telephone:  (212) 549-0209
    Facsimile:   (212) 521-5450
    E-Mail:  jmccarroll@reedsmith.com

    Attorneys for SPCP Group, LLC

                                                      _____
Hon. Linda B. Riegle
United States Bankruptcy Judge

_____
James C. McCarroll
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 549-0209
Facsimile: (212) 521-5450
E-Mail: jmccarroll@reedsmith.com

Attorneys for SPCP Group, LLC

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                  Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                  Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                  Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                  Debtor. | **ORDER GRANTING EMERGENCY MOTION OF SPCP GROUP, LLC, TO COMPEL COMPLIANCE WITH BID PROCEDURES ORDER, DISCLOSURE OF COMPETING BIDS, EXPEDITED DISCOVERY, AND EXPEDITED HEARING** |
| In re:<br>USA SECURITIES, LLC,<br>                                                  Debtor. | |
| Affects:<br>   ☒  All Debtors<br>   ☐  USA Commercial Mortgage Company<br>   ☐  USA Securities, LLC<br>   ☐  USA Capital Realty Advisors, LLC<br>   ☐  USA Capital Diversified Trust Deed Fund, LLC<br>   ☐  USA First Trust Deed Fund, LLC | |

- 7 -

## **ORDER**

The matter before the Court is the Emergency Motion of SPCP Group, LLC to Compel Compliance With Bid Procedures Order, Disclosure of Competing Bids, Expedited Discovery and Expedited Hearing.  With sufficient cause being shown, it is

ORDERED that the Motion[2] is GRANTED; It is further

ORDERED that the Debtors immediately deliver to SPCP Group, LLC all documents relating to any bids submitted to the Debtors in respect of the Assets.

                                                                                   _____
                                                                                   Hon. Linda B. Riegle
                                                                                   United States Bankruptcy Judge

---

[2] Capitalized terms not defined herein shall have the meanings ascribed thereto in the Motion.