E-filed on December 1, 2006

Marc A. Levinson (California Bar No. 57613)
Lynn Trinka Ernce (California Bar No. 179212)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: (916) 447-9200
Facsimile: (916) 329-4900
Email:   malevinson@orrick.com;
         lernce@orrick.com

Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)
BECKLEY SINGLETON, CHTD.
530 Las Vegas Boulevard South
Las Vegas, NV 89101
Telephone: (702) 385-3373
Facsimile: (702) 385-5024
Email:   bolson@beckleylaw.com;
         aloraditch@beckleylaw.com

*Attorneys for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                  Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                  Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>                                  Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                  Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>                                  Debtor. | |
| Affects:<br>☐  All Debtors<br>☐  USA Commercial Mortgage Company<br>☐  USA Securities, LLC<br>☐  USA Capital Realty Advisors, LLC<br>☒  USA Capital Diversified Trust Deed Fund, LLC<br>☐  USA First Trust Deed Fund, LLC | Date:       n/a<br>Time:       n/a<br>Courtroom: 1 |

### EX PARTE MOTION BY THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC TO COMPEL THE CONFIDENTIAL DISCLOSURE OF USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC'S MEMBER LIST

{00337126;}                                                                                      Page 1 of 6

OHS West:260095880.3

1. On April 13, 2006, petitions for relief under Chapter 11 of the Bankruptcy Code were filed by the following entities (collectively, the "Debtors"):

    (a) USA Commercial Mortgage Company ("USACMC");

    (b) USA Capital Realty Advisors, LLC ("USA Realty");

    (c) USA Capital Diversified Trust Deed Fund, LLC ("DTDF");

    (d) USA Capital First Trust Deed Fund, LLC ("First Trust"); and

    (e) USA Securities, LLC ("USA Securities").

2. On May 10, 2006, the office of the United States Trustee appointed the following official committees in the USA Cases:

    (a) In USACMC, an Official Unsecured Creditors' Committee (the "UCC");

    (b) Also in USACMC, an Official Committee of Holders of Executory Contract Rights (the "Direct Lenders' Committee");

    (c) In DTDF, an Official Committee of Equity Security Holders (the "DTDF Committee"); and

    (d) In First Trust, an Official Committee of Equity Security Holders (the "First Trust Committee," together with the DTDF Committee, the "Fund Committees").

3. USACMC, playing a pivotal role in the USA bankruptcies, is in the business of brokering and servicing loans on behalf of certain lenders (the "Lenders"). The Lenders who have acquired interests in loans brokered and serviced by USACMC include both individual Lenders ("Direct Lenders"), and the two funds, DTDF and First Trust (collectively, the "Funds"). The Funds, in turn, are owned by a group of individual members (the "Members," and each, a "Member") who have acquired interests in the Funds in the form of units ("Interests"). These Members represent the respective constituencies of the two Fund Committees.

4. On August 31, 2006, the Court set November 13, 2006, as the bar date for Lenders and other creditors to file timely proofs of claim, and for Members of the Funds to file timely proofs of interest.

5.  The DTDF Committee worked closely with the Debtors' in formulating procedures and preparing instructions for the timely filing of proofs of claim or interest. However, an issue arose in the context of implementing procedures for Members to file timely and accurate proofs of interest. The Debtors took the position that the identity of the Members, as well as the amount of their interest in the Funds, was confidential, and could not be disclosed in the context of publicly filed proofs of interest. To address this concern, the DTDF Committee and the Debtors ultimately executed a Stipulated Order, entered on September 15, 2006, that would deem scheduled all of the Member Interests reflected in the Debtors' books and records. In this way, the Debtors and the DTDF Committee were able to avoid unnecessarily disclosing the identity of the Members and their respective Interests.

6.  However, notwithstanding this arrangement with respect to the public record, the DTDF Committee itself requires access to the list of Members of the DTDF, its constituents, as well as a schedule of their respective Interests (the "Member List"), in order to provide meaningful oversight to the Debtors' treatment and scheduling of these Interests. Nonetheless, the Debtors insist that such information is confidential even as to the DTDF Committee and have refused to provide the DTDF Committee with this information in the absence of an order from this Court.

7.  Accordingly, and pursuant to the legal authority set forth below, the DTDF Committee now moves this Court for an order that would compel the Debtors to provide the DTDF Committee with access to the Member List.

## II.

## LEGAL ARGUMENT

A.  THE INFORMATION REQUESTED IS NOT CONFIDENTIAL AS TO THE DTDF COMMITTEE.

The Operating Agreement of USA Capital Diversified Trust Deed Fund, LLC (the "DTDF Operating Agreement"), effective February 10, 2000, provides that "the Members, or their duly authorized representatives," shall have access to the DTDF books and records, during reasonable business hours and upon at least five (5) days' prior written notice, including:

{00337126;}

> (a) a current list of the full name and last known business or residence address of each Member and Economic Interest Owner set forth in alphabetical order, together with Capital Contributions, Capital Account and Percentage Interest of each Member and Economic Interest Owner;

DTDF Operating Agreement, § 6.01 (a).

At least one court has had the opportunity to address the confidentiality ascribed to a limited liability company's member list. In Arbor Place, L.P. v. Encore Opportunity Fund, L.L.C., 2002 WL 205681 (Del. Ch. 2002), a member of a limited liability company brought suit against the LLC to compel the LLC to provide it with access to the member list. In that case, the LLC's operating agreement provided merely that the members had a right to inspect the LLC's "books and records." The defendant LLC argued that "books and records" did not include the member list, that "the circumstances of the investment support a presumption of confidentiality," and that providing access to the member list "may be in violation of the federal securities laws." Id., at *3.

The Arbor Place court held that (1) member lists are clearly "books and records" of the LLC to which a member should be entitled to access; (2) the reference to confidentiality in the operating agreement clearly could not extend to a member's right to inspect the member list, as such an interpretation would vitiate the provision guaranteeing a member's access to the LLC's books and records; and (3) the Gramm-Leach Bliley Act did not prohibit the disclosure of the member lists pursuant to an exception where disclosure is required under state law and other applicable legal requirements. The court explained that:

> Regulation S-P was adopted by the Securities and Exchange Commission to implement privacy provisions contained in the Gramm-Leach-Bliley Act of 1999. That regulation prohibits disclosure of confidential customer information unless customers first receive an initial privacy notice explaining what nonpublic personal information will be disclosed, to whom, and under what circumstances, and then are given the chance to opt out of that disclosure. While this is true as a general proposition, it does not preclude disclosure in this case because of the exception found in 17 C.F.R. § 248.15(a)(7)(i). That subsection provides that the otherwise-applicable requirements of notice and the right to opt out do not apply when nonpublic personal information is disclosed "[t]o comply with

federal, State, or local laws, rules and other applicable legal requirements." Disclosure of nonpublic personal information in this case-specifically of a list of names and addresses-would fall within 17 C.F.R. § 248.15(a)(7)(i) because it would be required under state law and other applicable legal requirements. The defendants' argument based on federal law thus fails as well.

Arbor Place, 2002 WL 205681, at *4.

In the instant case, the DTDF Operating Agreement expressly guarantees "the Members, or their duly authorized representatives" access to the current list of "each Member and Economic Interest Owner set forth in alphabetical order, together with Capital Contributions, Capital Account and Percentage Interest of each Member and Economic Interest Owner." Unlike the LLC agreement in Arbor Place, there is no provision in the DTDF Operating Agreement that would even cast the color of confidentiality upon the Member List, or that would otherwise provide Debtors with any cause to withhold such information.

Certainly the DTDF Committee, both in the individual capacities of each of its members, or in the committee's collective capacity as representative of all DTDF Members, possesses sufficient authority pursuant to the DTDF Operating Agreement to be entitled to the Member List. "There is little question that shareholders of a corporate debtor-in-possession retain their state law rights to control a corporation, and that such rights cannot be lightly cast aside by this Court." Matter of Lifeguard Industries, Inc., 37 B.R. 3, 17 (Bankr. S.D. Ohio 1983). If this maxim is true with regard to something as significant as corporate control, it is certainly true of something as mundane as the review of the corporation's books and records.

Accordingly, the DTDF Committee respectfully requests that the Court compel the Debtors to provide the DTDF Committee with access to the DTDF Member List.

**B. ADEQUATE SAFEGUARDS ARE ALREADY IN PLACE TO ENSURE THE CONFIDENTIALITY OF THE REQUESTED INFORMATION.**

As discussed above, it is not the DTDF Committee's intent to place the Member List on public record; indeed, it has actively worked with the Debtors to prevent any unnecessary disclosure of such information.

However, with respect to the DTDF Committee's need for the information, there are safeguards already in place that would adequately address the desire of all parties to keep the information contained within the Member List confidential. The DTDF Committee has already entered into a Confidentiality Agreement with the Debtors with respect to confidential information generally shared throughout the USA bankruptcy cases. This agreement has been circulated internally such that all of the DTDF Committee's members and professionals are familiar with, and have executed, the Confidentiality Agreement.

Under these circumstances, the DTDF Committee sees no reason why this Court should not enter a comfort order to overcome Debtors' continuing reluctance to provide the DTDF Committee with access to the Member List.

### III.

### CONCLUSION

For the reasons stated above, the DTDF Committee respectfully requests that the Court enter an order to compel the Debtors to provide confidential access to the list of the DTDF Members and their respective Interests.

DATED this 1st day of December 2006.

BECKLEY SINGLETON, CHTD.

By: /s/ Anne M. Loraditch
Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)
530 Las Vegas Boulevard South
Las Vegas, NV 89101

and

Marc A. Levinson (California Bar No. 57613)
Lynn Trinka Ernce (California Bar No. 179212)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497

*Attorneys for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC*

{00337126;}

Page 6 of 6

OHS West:260095880.3