ALAN R. SMITH, ESQ.
Nevada Bar No. 1449
KEVIN A. DARBY, ESQ.
Nevada Bar No. 7670
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
*Email:* *mail@asmithlaw.com*

*ELECTRONICALLY FILED* - December 1, 2006

*Attorney for Donna Cangelosi*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

—ooOoo—

| | |
|---|---|
| In Re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>　　　　　Debtor.<br>_____/<br>In Re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>　　　　　Debtor.<br>_____/<br>In Re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>　　　　　Debtor.<br>_____/<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>　　　　　Debtor.<br>_____/<br>In re:<br>USA SECURITIES, LLC,<br>　　　　　Debtor.<br>_____/<br>Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR<br><br>JOINTLY ADMINISTERED<br>Chapter 11<br><br>Hearing Date:　　December 7, 2006<br>Hearing Time:　　9:30 a.m.<br><br>**LIMITED OPPOSITION TO PROPOSED SALE AND AUCTION OF CERTAIN ASSETS** |

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\USA Lenders (Cangelosi)\Opp To Silver Point Sale 120106.wpd

Donna Cangelosi (hereinafter "Cangelosi"), through her counsel, Alan R. Smith, Esq., hereby submits this Limited Opposition To Proposed Sale And Auction Of Certain Assets (the "Limited Opposition"), which is based on the following points and authorities, the pleadings and papers on file in these cases, and any or all arguments that may be presented at the auction set for December 7, 2006 at 9:30 a.m.

## I.

## INTRODUCTION

Initially, it is imperative to note that Cangelosi is generally in favor of the proposed sale to SPCP Group, LLC ("SPCP") or any successful bidder at auction. Cangelosi believes that if certain matters are adequately addressed and resolved, the proposed sale is in the best interest of all concerned. Because Debtors propose to obtain approval of the sale through their Plan, Cangelosi acknowledges that some of these matters may be considered plan confirmation issues. Nevertheless, it is important to, at a minimum, put these issues on the table prior to auction so any successful bidder will be aware they exist and so that there can be no argument that it is too late to raise these issues at plan confirmation. While Cangelosi submits this *Limited Opposition* in an abundance of caution and in the spirit of full and open disclosure, she still believes it is necessary and proper for the Court and other interested parties to address issues discussed herein prior to proceeding to auction.

As detailed below, Cangelosi objects to the auction and sale being conditioned upon confirmation of the pending Third Amended Plan Of Reorganization (the "Plan"). In the event the Plan is not confirmed, the sale should be approved through an order under 11 U.S.C. § 363 at the presently set December 18, 2006, plan confirmation hearing.

In addition, a couple of issues have not been addressed in the underlying Asset Purchase Agreement (the "APA") or otherwise, which should be considered, if not resolved, prior to proceeding with auction. First, the details of the servicing arrangements for the transferred loans should be clarified. Second, the purchaser should be required to obtain Bankruptcy Court approval, after notice and a hearing, prior to foreclosing on any loan owed by an entity securing a

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\USA Lenders (Cangelosi)\Opp To Silver Point Sale 120106.wpd    - 2 -

certain promissory note executed by USA Investment Partners, LLC. Further, it should be clarified that the sale will not include the servicing rights to the USA Investment Partners, LLC loan approved by this Court on July 24, 2006.

## II.

## LEGAL ARGUMENT

**A.  The Sale And Auction Should Not Be Conditioned Upon Confirmation Of A Plan Of Reorganization, But, Rather, Should Alternatively Be Permitted To Be Consummated Through A Motion And Order Under 11 U.S.C. § 363.**

According to the APA, the Debtors may obtain approval of their 11 U.S.C. § 363 sale through either plan confirmation or any other order approving the sale pursuant to § 363. *See APA,* §§5.2 & 1.1. However, it appears Plan confirmation is the only means presently being pursued by Debtors to effectuate the sale.

It should be clarified that approval of the sale can stand alone. While Cangelosi acknowledges that the APA is not expressly conditioned upon Plan confirmation, it is still important to clarify that fact. Cangelosi believes many lenders are under the impression that the sale will not be approved absent Plan confirmation. This is not correct, as the APA expressly allows approval through an order other than a plan confirmation order. *See APA,* §5.2 & 1.1. There is no reason why the sale cannot be approved at the December 18, 2006, confirmation hearing irrespective of whether the plan is confirmed on that date. Thus, Cangelosi requests that, in the event the Plan is not confirmed on December 18, 2006, this Court enter an order under § 363 approving the sale.

**B.  The APA Fails To Address Pertinent Details Of Servicing Arrangements For The Transferred Portfolio.**

Cangelosi believes that most, if not all, lenders that funded the subject loans entered into Loan Servicing Agreements with Debtor USA Commercial Mortgage Company ("USACM"). Cangelosi believes that most of those Loan Servicing Agreements provided that, as compensation for servicing the loans, USACM would received servicing fee not to exceed 3% per annum of the maximum principal amount of each of the loans. Cangelosi's prepetition experience was that USACM never charged the servicing fees, and advised lenders that they collected sufficient fees through charging loan points and fees to borrowers. The Debtors commenced charging servicing

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\USA Lenders (Cangelosi)\Opp To Silver Point Sale 120106.wpd   - 3 -

fees after the filing of their bankruptcy petition and such fees are currently being held in a segregated account pending further Court order. *See Order*, entered herein on August 24, 2006.

It is not clear how the Loan Servicing Agreements will be interpreted and enforced by SPCP or another successful buyer. Most importantly, it is not clear to lenders whether they will be charged servicing fees in the amount of 1%, 3% or somewhere in between. Because the Debtors have not sought prior approval of the sale through a § 363 motion, the time line in this case does not provide interested parties an opportunity to have this issue resolved prior to voting on the Plan. If this issue is left to be resolved at plan confirmation, interested lenders will be prejudiced because they will not be able to make a fully informed vote on the Plan. Cangelosi believes that, prior to proceeding to auction, it is necessary to provide lenders and the ultimate buyer with some degree of certainty as to how servicing fees will be charged.

C. **The Purchaser Should Be Required To Obtain Bankruptcy Court Approval, After Notice And A Hearing, Prior To Foreclosing On Any Loan Owed By An Entity Securing The USA Investment Partners, LLC Note.**

On July 24, 2006, this Court entered an *Order Approving Agreement With Investment Partners,* pursuant to which certain so-called prepetition receivables from USA Investment Partners, LLC ("Investment Partners") totaling in excess of $58,000,000 were memorialized and secured through a Promissory Note (the "IP Note") and Security Agreement. *See Docket # 575*. As security for the IP Note the obligor pledged membership interests in various LLCs. Those LLCs are borrowers on certain loans to be transferred as part of the proposed sale and own real property securing those loans.

Upon an approved sale, the purchaser will be in a position to render the security for the IP Note valueless by foreclosing on the securing LLC's loans. Interested parties should be given the opportunity to object to any foreclosure against LLCs securing the IP Note. Cangelosi requests that the APA be amended to require the successful purchaser to obtain court approval after notice and hearing, prior to foreclosing on any such loans.

///

///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\USA Lenders (Cangelosi)\Opp To Silver Point Sale 120106.wpd    - 4 -

**D.     The APA Is Unclear As To Whether The Buyer Will Service USA Investment Partners, LLC Loans.**

It should be clarified that the IP Note will not be serviced by SPCP (or other successful bidder).

## III.

## CONCLUSION

For the reasons discussed above, Cangelosi respectfully requests that the issues discussed herein be addressed and resolved prior to auction on December 7, 2006.

**DATED** this 1st day of December, 2006.

LAW OFFICES OF ALAN R. SMITH

By  */s/ Alan R. Smith*
    ALAN R. SMITH, ESQ.
    *Attorney for Donna Cangelosi*

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\USA Lenders (Cangelosi)\Opp To Silver Point Sale 120106.wpd     - 5 -