Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
Attorneys for Debtors and Debtors-in-Possession

**E-FILED ON DECEMBER 4, 2006**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Chapter 11<br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **OPPOSITION TO EMERGENCY MOTION OF SPCP GROUP, LLC, TO COMPEL COMPLIANCE WITH BID PROCEDURES ORDER, DISCLOSURE OF COMPETING BIDS, EXPEDITED DISCOVERY AND EXPEDITED HEARING** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **[Affects All Debtors]** |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | **Date:** OST Requested by Movant<br>**Time:** OST Requested by Movant |

1   USA Commercial Mortgage Company, USA Securities, LLC, USA Capital Realty
2   Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, and USA Capital First Trust
3   Deed Fund, LLC (collectively, the "Debtors"), by and through their counsel, hereby oppose the
4   Emergency Motion of SPCP Group, LLC, to Compel Compliance with Bid Procedures Order,
5   Disclosure of Competing Bids, Expedited Discovery, and Expedited Hearing (the "Emergency
6   Motion"). The Emergency Motion seeks an order from this Court directing the Debtors to
7   immediately produce to SPCP Group, LLC ("Silver Point") documents relating to any competing
8   bids submitted to the Debtors. For the reasons set forth below, the Court should deny the
9   Emergency Motion and allow the bid process to move forward as set forth in the Court-approved
10  Bid Procedures.

**I.    The Bid Procedures Do Not Require Disclosure of Competing Bids**

Silver Point was heavily involved in negotiating the Bid Procedures, and ultimately approved the Bid Procedures that were submitted to and then approved by the Court. The Bid Procedures are unambiguous that the "initial determination of whether a Potential Bidder is a Qualified Bidder is within the discretion of the Debtors, although the Debtors agree to consult with the Committees in making such determination[.]" Bid Procedures ¶ 3. Silver Point has no right to interfere with the Debtors' discretion to determine whether one or both of the competing bids that were timely received by the Debtors on November 30, 2006 are qualified bids made by "Qualified Bidder" under the Bid Procedures. Of course Silver Point would prefer not to have any competition at the auction, but that desire to limit competition does not provide a legitimate basis for Silver Point to interfere with the bid qualification process. There is simply no requirement that the Debtors' share any competing bid information with Silver Point before the "Qualified Bidder" determinations are made by the Debtors in consultation with the Committees. Rather, the only requirement is that the Debtors' determination as to whether a bid is qualified "shall be communicated to the Potential Bidder by no later than two (2) business days prior to the Action." *Id.* Furthermore, the Debtors did in fact disclose to Silver Point the nature of the two competing bids received, including the structure of the bids, and have assured Silver Point that after the "Qualified Bidder" determinations have been made, the Debtors will provide copies to all

2
Opposition to Emergency Motion by SilverPoint to Comply with Bid Procedure Order

Qualified Bidders, including Silver Point, of all of the proposed Asset Purchase Agreements of all other Qualified Bidders. Silver Point has no grounds for complaining about the fairness of the process.

The Bid Procedures were drafted and agreed to in order to achieve the greatest possible price for the Assets. Silver Point complains that because its bid has been publicly available since at least October 19, 2006, Silver Point should be allowed immediately to review any and all competing bids. However, the Bid Procedures do not require, nor could there be any reasonable expectation, that Silver Point would be a part of the process of evaluating whether a competing bid is qualified. Silver Point is more than adequately protected as the "stalking horse" bidder by the substantial Break-up Fee and Expense Reimbursement that were approved by the Court, and its attempt to now argue that it is somehow disadvantaged because its bid has been extensively "shopped" rings hollow.

The Debtors have not yet made a determination that the entities that have submitted competing bids are Qualified Bidders. Debtors must be allowed to have the time set forth in the approved Bid Procedures to make that determination (with consultation from the Committees). Silver Point's bid has already been qualified, and it has no standing to interfere with the qualification process for other bidders. *See, e.g., In re Quanalyze Oil & Gas Corp.*, 250 B.R. 83, 89 (Bankr. W.D. Tex. 2000) (holding that a competing bidder lacks standing to "even challenge a sale"); *Ordower v. Martino*, 1993 WL 500813, *2 (N.D. Ill. Nov. 19, 1993) ("Statutes and rules governing asset sales are designed to protect the estate, and not potential purchasers.") (*quoting In re HST Gathering Co.*, 125 B.R. 466, 468 (W.D. Tex. 1991)); *In re NEPSCO, Inc.*, 36 B.R. 25, 27 (Bankr. Me. 1983) (noting that nothing in the Bankruptcy Code "indicates that prospective purchasers are within the zone of interests intended to be protected through [the] statutory scheme" governing bankruptcy asset sales).

## II. Silver Point Will Be Able to Competitively Bid at the Auction and Will Have the Same Opportunity as Any Other Qualified Bidder at the Auction.

As mentioned above, the Bidding Procedures provide no right to Silver Point or any other Qualified Bidder to see competing bids in advance of the Auction. Indeed, Silver Point could

have no reasonable expectation that it would be allowed to see competing bids in advance of the Auction because any qualifying bid need only be substantially similar to Silver Point's bid in order to qualify the bidder to participate in the Auction. Nevertheless, Debtors have already shared substantial information with Silver Point concerning the competing bids, and have already notified Silver Point that as soon as the qualification determinations respecting the competing bidders are made (by December 5, 2006 at the latest), the proposed Asset Purchase Agreements of all Qualified Bidders will be shared with all other Qualified Bidders. The Bid Procedures, as approved by Silver Point, contemplate that higher and better offers will be made at the Auction on December 7, 2006, so that all Qualified Bidders will be able to participate on a level playing field. *The Debtors believe that disclosing the proposed Asset Purchase Agreements of all Qualified Bidders as soon as qualification has been established by the Debtors will allow for informed bidding at the auction by all Qualified Bidders and thus will maximize the value of the auction process. Debtors assert this complies with the Court approved Bidding Procedures.*

Silver Point has failed to establish the need for an emergency hearing on this issue. To the extent, if any, that it has standing to challenge the qualifications of competing bidders, it can raise those objections to the Court at the auction on December 7, 2006, after the Debtors have made the decision on qualification of bidders in accordance with the Court-approved Bid Procedures.

WHEREFORE, the Debtors respectfully request that Silver Point's Emergency Motion be denied.

Dated: December 4, 2006.

/s/ Lenard E. Schwartzer
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146
and
Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Attorneys for Debtors and Debtors-in-Possession