1  **MOT**
   **SUSAN WILLIAMS SCANN, ESQ.**
2  **Nevada Bar No. 000776**
   **PAUL R. CONNAGHAN, ESQ.**
3  **Nevada Bar No. 003229**
   **DEANER, DEANER, SCANN, MALAN & LARSEN**
4  **720 South Fourth Street, Suite #300**
   **Las Vegas, Nevada 89101 (702) 382-6911**
5  **Attorneys for Binford Medical Developers, LLC**

**E-Filed On** 11/30/06

6

7                    UNITED STATES BANKRUPTCY COURT

8                      FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| 9 | In re: | Case No.  BK-S-06-10725 LBR |
| 10 | USA COMMERCIAL MORTGAGE COMPANY, | Case No.  BK-S-06-10726 LBR |
| | | Case No.  BK-S-06-10727 LBR |
| | | Case No.  BK-S-06-10728 LBR |
| 11 | _____ Debtor | Case No.  BK-S-06-10729 LBR |
| 12 | In re: USA CAPITAL REALTY ADVISORS, LLC. | Chapter 11 Jointly Administered Under |
| 13 | _____ Debtor | Case No. BK-S-06-10725 LBK |
| 14 | In re: USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC. | Adversary No.  06-01212 |
| 15 | | Date of Hearing:   OST Requested |
| 16 | _____ Debtor | Time of Hearing:   OST Requested |
| 17 | In re: USA CAPITAL FIRST TRUST DEED FUND, LLC. | Affects: ☒USA Commercial Mortgage Company ☐USA Capital Diversified Trust Deed Fund, LLC |
| 18 | _____ Debtor | ☒USA Capital First Trust Deed Fund, LLC ☐USA Securities, LLC |
| 19 | In re: USA SECURITIES, LLC. | ☐USA Realty Advisors, LLC ☐All Debtors |
| 20 | _____ Debtor | |

21

22      **MOTION TO TEMPORARILY ALLOW CLAIM OF BINFORD MEDICAL
              DEVELOPERS, LLC FOR VOTING PURPOSES**

23          COMES NOW, the Movant, **BINFORD** MEDICAL DEVELOPERS, LLC, by and through its

24  attorney, SUSAN WILLIAMS SCANN, ESQ. of the law firm of DEANER, DEANER, SCANN,

25  MALAN & LARSEN, and moves this Court pursuant to Federal Rule FRBP 3018(a) to temporarily

26  allow its claim for the purpose of voting to accept or reject the Debtor's proposed Plan.  The Debtor

27  has not formally objected to Binford's Proof of Claim.  **Binford** has filed an adversary proceeding to

28  establish the amount of its claim and to obtain possession of $330,000.00 still held in the

1  Construction Control Account at Fidelity National Title Group.

2       Binford did not receive a ballot with the copy of the Disclosure Statement, accordingly, based

3  on the notice, Binford is required to file this Motion.

4       FRBP 3018(A) provides as follows:

5           Notwithstanding objection to a claim or interest, the court after
6           notice and hearing may temporarily allow the claim or interest
          in an amount which the court deems proper for the purposes of
7           accepting or rejecting the plan.

8  Binford has filed a Proof of Claim for damages in the estimated amount of $3,502,383.00 for Breach

9  of Contract, Intentional Misrepresentation and the other theories listed in the Adversary Complaint.

10  A copy of the Proof of Claim and the Amended Proof of Claim are attached hereto as Exhibit "1"

11  The only exhibits attached are the Agreement dated August 30, 2005, the List of Exhibits and the

12  breakdown of damages.  The purpose for this is to reduce the bulk of this Motion.  The Debtor has

13  just answered the Complaint denying it is in default and counterclaimed for declaratory relief.

14       USA Commercial Mortgage ("USACM") has clearly breached its August 30" Agreement to

15  fully fund the $8,375,000.00 budget for the Binford Medical project.  This fact is undisputed.  The

16  basic facts are contained in the Declaration of Ken Schmidt in Support of the Motion for Preliminary

17  Injunction.  A copy of that Declaration, again without the exhibits due to their bulk, is attached

18  hereto as Exhibit "2".  The elements of a claim for Breach of Contract are material failure of a duty

19  under an agreement.  Bernard v. Rockwell Development Company, 103 Nev. 132, 135, 734 P.2d

20  1238 (1987).

21

22

23

24  . . .

25  . . .

26  . . .

27  . . .

28

1   Binford requests that this Court grant its Motion to temporarily allow its claim in the amount

2   of $3,502,383.00 for voting purposes on the Plan.

3   DATED this 30th day of November, 2006

5   Respectfully Submitted,

6   DEANER, DEANER, SCANN,
    MALAN and LARSEN

8   By:

9   SUSAN WILLIAMS SCANN, ESQ.
    Nevada Bar No. 000776
10  PAUL R. CONNAGHAN, ESQ.
    Nevada Bar No.  003229
11  720 South Fourth Street, Suite 300
    Las Vegas, Nevada 89101
12  Attorneys for Binford Medical Developers, LLC

28  F:\OFFICE\CLIENTS\Binford Medical Developers, LLC\DOCS\M2AllowClaim2Vote.wpd    3

**EXHIBIT**   1

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

## PROOF OF CLAIM

Schedule/Claim ID     s579

**Name of Debtor:**

USA Commercial **Mortgage** Company

**Case Number:**

**06-10725-LBR**

# E-Filed On 11/9/06

NOTE. See Reverse for List of Debtors and Case Numbers.
This form should not be used to make a claim for an administrative expense arising **after** the commencement of the case. A 'request' for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor and Address:**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖    11321280009794

BINFORD MEDICAL DEVELOPERS, LLC
5200 E 64TH ST
INDIANAPOLIS, IN 46220-4708

Creditor Telephone Number (    )

- ☐ Check box if you am aware that anyone **else has** filed a **proof** of claim relating lo your claim. Attach copy of statement giving **particulars.**
- ☐ Check box **if** you have never received any notices from **the** bankruptcy court **or** BMC Group in this case.
- ☐ Check box if **this address differs** from the address on the envelope sent to you by the court.

**DO NOT FILE THIS PROOF OF CLAIM FOR A SECURED INTEREST IN A BORROWER THAT IS NOT ONE OF THE DEBTORS.**

If you have already filed a proof of claim with the Bankruptcy Court or BMC, you do **not** need to file **again.**

**THIS** SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by **which** creditor identifies debtor:

**Binford Medical Developers LLC**

Check here if this claim ☐ replaces or ☐ amends a **previously** filed claim dated: _____

| 1. **BASIS** FOR CLAIM | | |
|---|---|---|
| ☐ Goods sold | ☐ Personal injury/wrongful death | ☐ Retiree benefits as defined **in** 11 U.S.C. § 1114(a) |
| ☐ Services performed | ☐ Taxes | ☐ Wages. salaries. and **compensation (fill out** below) |
| ☐ Money loaned | ☒ Other (describe briefly) | Last four digits **of your SS #:** |
| | **Breach of Contract** | Unpaid **compensation** for services performed from: ___ to ___ |
| | | ☐ Unremitted principal |
| | | ☐ Other **claims** against servicer (not for ban balances) |

| (date)   (date) |

**2. DATE DEBT WAS INCURRED:**   June 2006

**3. IF COURT JUDGMENT. DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** **Check** the **appropriate box or** boxes that best describe your claim and state the amount of the **claim** at the time case filed.
See reverse side for **important explanations.**

UNSECURED **NONPRIORITY** CLAIM **$3,502,383.00**

☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim ...ceeds the value of the property securing it, or if c) none or only part of your **claim** is ...itled to priority.

b. **SECURED PRIORITY CLAIM**

☐ Check this box **if you** have an unsecured **claim,** all or part of which is **entitled** to priority.

Amount **entitled** to priority    $

Specify **the** priority of the **claim:**

- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
- ☐ Wages. **salaries, or** commissions (up to **$10,000)\*,** earned within 180 days before filing of the bankruptcy **petition** or cessation of the **debtor's** business, whichever **earlier** · 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan · 11 U.S.C. 5 507(a)(5).

SECURED **CLAIM**

☐ Check this box if **your** claim is secured by **collateral** (including a right of setoff).

**Brief** description of **collateral:**

☐ Real Estate   ☐ Motor Vehicle   ☐ Other ___

Value of Collateral.    $

Amount of **arrearage** and other charges **at time case filed** included **in** secured claim. if any:  $

- ☐ Up to **$2,225\*** of deposits toward purchase, lease. or rental of **property** or services **for** personal. **family,** or household use -11 U.S.C. 5 507(a)(7).
- ☐ Taxes or **penalties** owed to governmental units · 11 U.S.C. § 507(a)(8).
- ☐ Other · **Specify** applicable paragraph **of** 11 U.S.C. § 507(a) (___).

\* Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:**

| $ 3,502,383.00 | $ | $ | $3,502,383.00 |
|---|---|---|---|
| (unsecured) | (secured) | (priority) | (Total) |

☐ Check this box if **claim** includes interest **a** other charges in addition **to** the principal amount of the claim. Attach itemized statement **c** all interest **a additional** charges.

**6. CREDITS: The** amount of all payments on this claim has been **credited** and deducted for the purpose of making this proof of claim.

**7. SUPPORTING** DOCUMENTS: *Attach copies* of *supporting documents,* such as promissory notes, purchase orders. **invoices,** itemized statements of running accounts, contracts, court judgments. mortgages. security agreements, and evidence of perfection of lien. DO NOT SEND **ORIGINAL** DOCUMENTS. If the documents are not available, explain. If the documents are **voluminous,** attach a summary.

8. DATE-STAMPED **COPY:** To receive **an** acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

The original of this completed proof of claim form must be sent by mail or hand delivered (FAXES NOT ACCEPTED) so that **it** is actually **received** on or before **5:00 pm,** prevailing Pacific **time,** on November 13, 2006 for each person or **entity** (including individuals, partnerships, corporations, joint ventures, **trusts** and **governmental** units).

**BY MAIL TO:**
BMC Group
...: USACM Claims Docketing Center
..., Box 911
... Segundo, CA 90245-0911

BY HAND OR OVERNIGHT DELIVERY TO:
BMC Group
**Attn:** USACM Claims Docketing **Center**
1330 **East** Franklin Avenue
El **Segundo,** CA 90245

**THIS** SPACE FOR COURT USE ONLY

DATE
11/8/06

SIGN and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

_(signature)_ ... Esq

Penalty **for** presenting **fraudulent claim** is a fine of up to $500,000 or imprisonment for up to 5 years, or both. *18 U.S.C.* §§ 152 AND 3571

## LIST OF EXHIBITS

Construction Loan Agreement dated August 31,2005- attached
Agreement dated August 30,2005 - attached
Mortgage, Assignment of Leases, Rents and Contracts, Security
Agreement, Financing Statement and Fixture Filing - attached
Promissory Note - attached
Breakdown of damages claim

**Due to their bulk the following are listed but not attached**

First Amendment to Deed of Trust dated September 7,2005
Second Amendment to Deed of Trust dated October 17,2005
Third Amendment to Deed of Trust dated December 28,2005
Fourth Amendment to Deed of Trust dated January 25,2006
Fifth Amendment to Deed of Trust dated February 14,2006
Sixth Amendment to Deed of Trust dated March 8,2006

AMENDED

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEVADA | PROOF OF CLAIM |
|---|---|

Schedule/Claim ID    s579

| Name of Debtor: **USA Commercial Mortgage Company** | Case Number: **06-10725-LBR** |
|---|---|

E-Filed On 11/13/06

NOTE: See Reverse for List of Debtors and Case Numbers.
This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor and Address:**

11321280009794

BINFORD MEDICAL DEVELOPERS, LLC
5200 E 64TH ST
INDIANAPOLIS, IN 46220-4705

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court or BMC Group in this case.

☐ Check box if this address differs from the address on the envelope sent to you by the court.

DO NOT FILE THIS PROOF OF CLAIM FOR A SECURED INTEREST IN A BORROWER THAT IS NOT ONE OF THE DEBTORS.

If you have already filed a proof of claim with the Bankruptcy Court or BMC, you do not need to file again.

**THIS SPACE IS FOR COURT USE ONLY**

Creditor Telephone Number (    )

Last four digits of account or other number by which creditor identifies debtor:

**Binford Medical Developers LLC**

Check here
if this claim    ☐ replaces
                ☒ amends
a previously filed claim dated: 11/09/06

**1. BASIS FOR CLAIM**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒ Other (describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #:
☐ Unremitted principal
☐ Other claims against service (not for loan balances)

Unpaid compensation for services performed from:            to
                                                    (date)    (date)

attached Complaint.    Breach of Contract, Intentional Misrepresentation and other theories in

**2. DATE DEBT WAS INCURRED:** June 2006

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**UNSECURED NONPRIORITY CLAIM** $3,502,383.00
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is filed to priority.

**SECURED CLAIM**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____
Value of Collateral:  $

**UNSECURED PRIORITY CLAIM**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
Amount entitled to priority  $

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,000)*, earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) (____).
* Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:**

| $ 3,502,383.00 | $ | $ | $3,502,383.00 |
|---|---|---|---|
| (unsecured) | (secured) | (priority) | (Total) |

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. SUPPORTING DOCUMENTS:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. DATE-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

The original of this completed proof of claim form must be sent by mail or hand delivered (FAXES NOT ACCEPTED) so that it is actually received on or before 5:00 pm, prevailing Pacific time, on November 13, 2006 for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units).

BY MAIL TO:
BMC Group
1: USACM Claims Docketing Center
): Box 911
Segundo, CA 90245-0911

BY HAND OR OVERNIGHT DELIVERY TO:
BMC Group
Attn: USACM Claims Docketing Center
1330 East Franklin Avenue
El Segundo, CA 90245

**THIS SPACE FOR COURT USE ONLY**

| DATE 11/13/06 | SIGN and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|

Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C., §§ 152 AND 3571.

Due to USA Capital's filing and subsequent default of its loan, **Binford** Medical Developers **LLC** has sustained the following losses.

|   |   |   |   |
|---|---|---|---|
| 1. | Failure to **fund** balance of loan | | **$925,000** |
| 2. | Additional interest due to delays of payment on April 30 Draw | | **$20,000** |
| 3. | Legal Fees having to do with April 30 Draw Request delay | | **$4,500** |
| 4. | Construction delay due to contractor not receiving confirmation that **funds** would be available.  Approximately 3 months | | **TBD** |
| 5. | Loss of **Binford** Behavioral Science (Tenant) lease because of uncertainty with Developer's construction loan agreement | | **$336,825** |
| 6. | Loss of **Binford** Family Practice (Tenant) lease because of uncertainty with Developer's construction loan agreement | | **$308,458** |
| 7. | Loss of Rescott Group (Tenant) lease because of uncertainty with developer's construction loan agreement | | $142,600 |

**NOTE:**  Tenants do not want to get involved with possible litigious positions with a bankrupt lender.

|   |   |   |   |
|---|---|---|---|
| 8. | Inability to secure a permanent mortgage due to inability to lease up lease up property by September 15. The maturity rate of the construction loan. | Est. | $600,000 |
| 9. | Loan fees for short-term loans to keep the project ongoing due to the breach of the loan agreement by not **funding** the last $600,000. | | **$320,000** |

10. Loan fees and interest cost to replace                    $760,000
    $8,375,000 existing construction loan with a new
    $10,000,000 construction loan to finish the project.

11. Legal fees to defend and manage our           Est.       $85,000
    position in regard to the delays. Inquiries
    and acquisitions caused by USA Capital's
    filing and subsequent actions

                          **TOTAL DAMAGES**        $3,502,383

**EXHIBIT** _____ 2

E-Filed On _11/9/06_

DECLARATION
SUSAN WILLIAMS SCANN, ESQ.
Nevada Bar No. *000776*
PAUL R. CONNAGHAN, ESQ.
Nevada Bar No. **003229**
DEANER, DEANER, SCANN, MALAN & LARSEN
720 South Fourth Street, Suite #300
Las Vegas, Nevada 89101 (702) 382-6911
Attorneys for Plaintiff Binford Medical Developers, LLC

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE<br>COMPANY,<br><br>               Debtor | Case No.  BK-S-06-10725 LBR<br>Case No.  BK-S-06-10726 LBR<br>Case No.  BK-S-06-10727 LBR<br>Case No.  BK-S-06-10728 LBR<br>Case No.  BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC.<br><br>               Debtor | Chapter 11<br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST<br>DEED FUND, LLC.<br><br>               Debtor | Adversary No.<br><br>Date of Hearing:<br>The of Hearing: |
| In re:<br>USA CAPITAL FIRST TRUST<br>DEED FUND, LLC.<br><br>               Debtor | Affects:<br>x  USA Commercial Mortgage Company<br>□USA Capital Diversified Trust Deed Fund, LLC<br>⊡USA Capital First Trust Deed Fund, LLC |
| In re:<br>USA SECURITIES, LLC.<br><br>               Debtor | □USA Securities, LLC<br>□USA Realty Advisors, LLC<br>□All Debtors |
| BINFORD MEDICAL DEVELOPERS,<br>LLC, an Indiana Limited Liability<br>Company,<br>               Plaintiff,<br>    vs.<br><br>USA COMMERCIAL MORTGAGE<br>COMPANY; et al. | |

## DECLARATION OF KEN SCHMIDT
### IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION
### TO COMPEL FIDELITY NATIONAL TITLE INSURANCE
### *COMPANY* TO MAKE DISBURSEMENT FROM LOAN
### FUNDS BEING HELD BY FIDELITY AS DISBURSEMENT AGENT

KEN SCHMIDT, under penalties of perjury, hereby declares on this __24TH__ day of October, *2006*:

1.  I am the **Managing** Member of Binford Medical Developers, LLC (**"Binford Medical"**)

2    **Debtor USA Commercial** Mortgage **Company ("Debtor"** or **"USACM") originated** a **construction** loan to **Binford** Medical Developers(the **"Binford** Medical Loan") in the principal **amount** of **$8,375,000.00** on August **31,2005. True and correct** copies of the note, deed **of trust** and **construction** loan **agreement** are attached **hereto as Ex.s 1,2 and 3 respectively.**

3.  The **Binford Medical Loan** is being **used** for the **construction** of a medical **office building in Indianapolis, Indiana (the** "Medical Building Project"). This building is the **first** of five **medical** office buildings planned for **construction** by **Binford Medical.**

4.  In order to **insure** that **the** entire **$8,375,000.00** would be **advanced, Binford** and USACM **entered into a separate agreement whereby USACM committed** to fund all **amounts** above **the initial disbursement of $4,250,000.00** up to **$8,375,000.00 from** its own funds. **USACM** also **committed** to **cause the Direct** Lenders to **forbear from exercising** any rights or remedies during **the term of any default** by USACM. **A** true and correct copy of that **agreement, dated August 30,2005,** is **attached** hereto as Exhibit 4 **and incorporated by** reference **herein (the "USACM** Agreement)

5.  **When** the **Binford Medical** Loan was originated, **an agreement was reached** by USACM **and Binford** Medical with **Construction Disbursement Services** of **Fidelity National Title Insurance Company ("Fidelity")** for Fidelity to act as the **disbursement agent** for the **construction loan** funds for **the Binford** Medical **Loan.**

6.  **Pursuant to this** Court's **Order** in May **, 2006,** Fidelity has been **regularly disbursing the Binford** Medical **Loan** proceeds pursuant to draw requests **submitted to** Fidelity by the **contractor on** the Medical Building **Project** with the approval of **Binford** Medical and USACM.

7.  Fidelity **is currently holding approximately $330,000.00 in loan proceeds from** the Binford Medical **Loan.** These funds **were** disbursed to Fidelity for **the Binford** loan prior to April 13,2006 **and interest is accruing on them.**

8.  In **Binford's** last draw request **(draw #12), it sought the remaining balance in the account of approximately $540,000.00. Binford received** only **approximately $209,000.00** despite **the fact**

-2-

1    that the general contractor and other contractors were due the full amount.    This approximate

2    balance of  $330,000.00 is presently being held in the construction control account at Fidelity

3    National Title because USACM has demanded that it be disbursed to pay interest despite the fact

4    that USACM is in default under its obligations under the USACM Agreement.    A copy of this draw

5    quest is attached hereto as Exhibit "5 ".    The interest reserve has been depleted through no fault of

6    Binford.

7            9.        Under the terms of the USACM Agreement, the interest is not presently due and

8    payable because the balance of $925,000.00 of the Loan has not been funded.

9            10.        Binford needs the $330,000.00 to pay the $445,000.00 currently due to the general

10    contractor.  This amount was due by October 30, 2006.  Binford paid the shortage from draw

11    number 12,  the September payment due the general contractor,  by means of short term financing at

12    very high interest rates.    Without the $330,000.00, the job will be liened, construction stopped and

13    Binford will be unable to obtain the  financing to fill the gap that USACM is, apparently, unable to

14    fill.

15            11.        The first building is now ninety (90) percent complete.    An additional $925,000.00

16    (including the $445,000.00 currently due) is needed to complete the contract.    If the Medical

17    Building Project is shut down or again delayed, Binford Medical faces the prospect of legal action

18    and resulting legal fees from the contractor and the subcontractors as well as from tenants who will

19    be delayed in being able to move into the Medical Building Project.  Binford Medical's  interest

20    charges will also increase if the Medical Building Project is shut down or delayed.

21            Respectfully submitted on October 24th, 2006.

22

23

24    _____

         Ken Schmidt

25    :\OFFICE\CLIENTS\Binford Medical Developers, LLC\DOCS\Affidavit of Ken Schmidt.wpd

26

27

28

-3-

1

## CERTIFICATE OF MAILING

I hereby certify that service of the above and foregoing MOTION TO TEMPORARILY

3    ALLOW CLAIM OF BINFORD MEDICAL DEVELOPERS, LLC FOR VOTING

4    PURPOSES was made this 30th day of November, 2006, by depositing a copy of the same in the

5    United States mail in Las Vegas, Nevada, postage-prepaid, addressed to the following:

6

**DEBTOR AND COUNSEL**
7    Annette W. Jarvis
Ray Quinney & Nebeker P.C.
8    36 South State Street, Suite 1400
P.O. Box 45385
9    Salt Lake City, Utah 84145-0385

10   Lenard E. Schwartzer
Jeanette E. McPherson
11   Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
12   Las Vegas, Nevada 89146-5308

13   USA Commercial Mortgage
USA Capital Realty Advisors, LLC
14   USA Capital Diversified Trust Deed Fund, LLC
USA Capital First Trust Deed Fund, LLC
15   USA Securities, LLC
Thomas J. Allison
16   4484 South Pecos Road
Las Vegas, NV 89121

17

18

19

20                              An Employee of Deaner, Deaner, Scann
Malan & Larsen
21

22

23

24

25

26

27

28   F:\OFFICE\CLIENTS\Binford Medical Developers, LLC\DOCS\M2AllowClaim2Vote.wpd          4