United States Bankruptcy Court
District of Nevada

RECEIVED AND FILED
2006 DEC -4 P 3: 12
U.S. BANKRUPTCY COURT
PATRICIA GRAY, CLERK

In Re:
USA Commercial Mortgage Company,
Debtor

Case No. BK S 06-10725 LBR

Hearing Date: December 19, 2006
Hearing Time: 10 am
Place: Foley Federal Building
300 Las Vegas Blvd
Las Vegas NV 89101
Judge: Linda Riegle

Partial Opposition to Debtors' Third Amended
Joint Plan of Reorganization

Comes now Erna D. Grundman (Client No. 3198) and Joanne M. Grundman, joint tenants as former direct lenders [herein known as Lenders) in a first deed of trust (Account No. 5317) from June 2004 to February 2006, which was serviced by USA Commercial Mortgage Company [herein known as Debtor]. Said account was closed on or about February 10, 2006. Under the proposed plan, Lenders of said account are deemed Class A-4 Claims.

Lenders oppose portions of the Debtor's proposed reorganization plan that are contra to the Lenders signed "Loan Servicing Agreement" with Debtor. The opposed portions pertain to the following issues: (1) "set offs" or "reserving" of funds paid as interest to Lenders in a non-performing funds; (2) increasing contractual loan servicing fee; and, (3) charging the Lenders for appraisals and collections. Oppose the Debtors desire to not deem the Loan Servicing Agreement an executory contract for Class A-4 claims.

The proposed reorganization plan wants Lenders "prepaid interest" on the non-performing fund returned through offsets and recoupment making said monies property of the Bankruptcy estate. Debtor failed to provide loan collection statements to the Lender of the Borrower's (Fiesta Valley Oak) nor informed Lender of loan's non-performance at the time of extension; nor took steps to collect from Borrower as required under the Loan Servicing Agreement:

    C.2(d) Provide Lender with regular statements regarding loan collections, but in no event less frequently than quarterly.
    C.2(c)(ii)....Borrower fails to make any payment to USA...terms of note...USA will take steps to collect....foreclosure procedures...

Instead, the Debtor paid Lenders the monthly interest as if the Borrower was meeting his contractual obligations, and failed to take steps against the Borrower. Lenders accepted said payments in good faith without knowledge of Borrower's failure to perform in accordance with the Loan Servicing Agreement. Under Greenwald v Chase Manhattan Mortg. Corp. 241 F.3d 76,79 (CA1,2001) "A lender has no duty of restitution where it made no misrepresentation and had no notice of mistaken benefits from which it benefited."

The reorganization plan needs to state that the loan servicing agent "must" pursue the Borrower and/or Guarantor(s) not the Lenders for said monies as stipulated under the Loan Servicing Agreement.

    C.2(c)(ii)....Borrower fails to make any payment to USA...terms of note...USA will take steps to collect....foreclosure procedures...
    C.1(e) Obtain ...at Borrower's expense, a fully paid ALTA lender's policy of title insurance...
    C.1(f) Cause the Borrower...casualty insurance policies at least equal to the principal amount of the note.....

-1-

The question of legality of whether or not Debtor is entitled to the Loan Servicing fees when the servicing agent has violated it's fiduciary responsibility. Under the Loan Servicing Agreement the Lender is only responsible for an annual 1% service fee:

> C.5. Lender authorizes USA to retain monthly....(1/12th) of its annual servicing fee....

The Loan Servicing Agreement does not allow the Debtor to charge the Lender a fee for collection or appraisal.

> C.1(d) ....obtain at Borrower's expense, an appraisal of the property to be encumbered...

Debtor failed to meet it's fiduciary responsibility of pursuing collection of the fees, interest and principal from the borrower and/or the guarantor. Instead, gave the Borrower an extension in December 2005, without informing the Lenders of Borrower's non-performance.

> C.2. (c)(i) Proceed...to collect all payments due under terms of the note...when due, principal, interest, late charges.....
> C.15. ...party hereto brings an action to enforce any of the provisions of this Agreement,....party against whom judgment is rendered ....liable to the other for reimbursement of costs....

In addition, the Lenders were forced into the Loan extension in December 2005, under the Power of Attorney Clause resulting in Lenders being thrown into Debtor's herein bankruptcy case.

> C.11.....Lender...agrees that USA shall have...authority....(b)..take all actions on behalf of Lender...necessary or convenient to under... deed of trust...pertaining to any Loan...

Not informing Lenders of Borrowers failure to perform (violated C2(d) and Debtors failure to perform under C.2c(ii) is in direct violation of the Loan Service Agreement. Said omissions are violations of Debtors fiduciary responsibility and possible fraud for keeping Lenders monies under false pretext.

The reorganization plan should be amended to incorporate and mandate Debtor and/or it's servicing agent to comply with and/or enforce their fiduciary responsibilities contained in the Loan Servicing Agreement as cited herein. Therefore, no "set offs" or "reserving"; nor the charging of the additional fees (increase in servicing fee, collection fee, and appraisal fee) as proposed under the Plan should be charged as to these objecting parties; instead, pursue and charge the Borrower. Lastly, the reorganization plan should be amended to state the Loan Servicing Agreement for an A-4 Claim should be considered an executory contract by the Debtor.

Respectfully Submitted on December 1, 2006

*Joanne M. Grundman*
Joanne M. Grundman
1608 Brown Street
Carson City, NV 89701

and

*Erna D. Grundman*
Erna D. Grundman
114 E Yolo Street
Orland, CA 95963

Mailed: December 1, 2006