Dean T. Kirby, Jr.    Calif. Bar No. 090114
Leonard J. Ackerman Calif. Bar No. 171073
KIRBY & McGUINN, A P.C.
600 B Street, Suite 1950
San Diego, California 92101-4515
Telephone: (619) 685-4000  Facsimile: (619) 685-4004
dkirby@kirbymac.com
lackerman@kirbymac.com

Michelle L. Abrams    Nev. Bar No. 5565
MICHELLE L. ABRAMS, LTD.
7201 West Lake Meade Blvd., Suite 210
Las Vegas, NV 89128
Telephone: (702) 233-5040 Facsimile (702) 233-2209
mabrams@mabramslaw.com

Attorneys for Creditor
Debt Acquisition Company of America V

## UNITED STATES BANKRUPTCY COURT

### District of Nevada

| | |
|---|---|
| In re<br><br>USA COMMERCIAL MORTGAGE COMPANY<br>_____ Debtor.<br>In re<br><br>USA CAPITAL REALTY ADVISORS, LLC<br>_____ Debtor.<br>In re<br><br>USA CAPITAL DIVERSIFIED TRUST FUND, LLC<br>_____ Debtor.<br>In re<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC<br>_____ Debtor.<br>In re<br><br>USA COMMERCIAL MORTGAGE COMPANY<br>_____ Debtor.<br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Fund, LLC<br>☒ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725 LBR<br><br>DECLARATION OF HOWARD JUSTUS IN OPPOSITION TO DEBTOR'S MOTION FOR APPROVAL OF PROCEDURES REGARDING ASSIGNMENTS OF LENDERS' DIRECT INTERESTS IN LOANS<br>(AFFECTS USA COMMERCIAL MORTGAGE)<br><br>DATE: December 19, 2006<br><br>TIME: 10:00 a.m. |

I, Howard Justus, declare:

1. I am the President of Debt Acquisition Company of America V. I have personal knowledge of the facts stated herein and could and would competently testify thereto if called as a witness.

2. DACA began purchasing the interests of Direct Lenders in loans serviced by USA Commercial Mortgage Company, the Debtor in Possession, in September, 2006. Depending upon the perceived liquidity and risk associated with each such loan, DACA has purchased these interests for cash in amounts ranging from 70% to 88% of the loan balance. DACA has so far accepted assignments from a total of fifty Direct Lenders, of loan interests totaling approximately $3.6 Million in principal amount.

3. At the time that DACA began purchasing these loans, I was aware that the Debtor in Possession had taken the position, in its Distribution Motion, that it had the right to recoupment of "due from" amounts, also referred to as "Prepaid Interest," on a lender by lender rather than a loan by loan basis. Accordingly, in order to allow the sale of the Direct Lender interests in spite of the uncertainty created by the recoupment of the "due from" balances across several loans, DACA entered into an escrow agreement with the Direct Lenders. Under the escrow agreement, a portion of the purchase price is deposited into escrow. To the extent that the Debtor in Possession offsets a "due from" amount against the transferred loan, the escrow balance will be paid to DACA. If the offset is against other non-transferred loans, then to that extent the escrow balance will revert to the Direct Lender.

4. In asking that the Court establish procedures for the exercise of the Debtor's election, as requested in the Motion, to make a one-time offset against a transferred loan, DACA does not admit that such an offset is legally proper under the recoupment doctrine or otherwise, nor does DACA waive any claim or defense in relation to those issues.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration is executed on December 5, 2006 at San Diego, California.

_____
HOWARD JUSTUS

In re USA Commercial Mortgage Company, et al.                     Bankruptcy Case No. BK-S-06-10729 LBR
Memorandum in Opposition to Motion for Approval of Procedures re Assignments etc.                Page No. 1