1  Gregory J. Walch
   Nevada Bar Number 4780
2  Email:  GWalch@Nevadafirm.com
   400 South Fourth Street, Third Floor
3  Las Vegas, Nevada 89101
   Telephone:  702/791-0308
4  Facsimile:  702/791-1912

5  *Attorney for Gregory J. Walch and Shauna M. Walch,*
   *Trustees of the Gregory J. and Shauna M. Walch Family Trust*

6

7              **UNITED STATES BANKRUPTCY COURT**

8                    **DISTRICT OF NEVADA**

9

| In re: | Jointly Administered |
|---|---|
|  | Chapter 11 Cases |
|  | Judge Linda B. Riegle Presiding |
| USA Commercial Mortgage Company | |
|    06-10725 – Lead Case | **ADVERSARY COMPLAINT** |
| | |
| USA Capital Realty Advisors, LLC | Adversary No.: |
|    06-10726 | |
| | Date of Hearing: |
| USA Capital Diversified Trust Deed Fund, LLC | Time of Hearing: |
|    06-10727 | |
| | Affecting: |
| USA Capital First Trust Deed Fund, LLC | [] All Cases |
|    06-10728 | Or only: |
| | [x]  USA Commercial Mortgage Company |
| USA Securities, LLC | [] USA Capital Realty Advisors, LLC |
|    06-10729 | [] USA Capital Diversified Trust Deed Fund, LLC |
| | [] USA Capital First Trust Deed Fund, LLC |
|          Debtors. | |
| | |
| GREGORY J. WALCH AND SHAUNA M. WALCH, Trustees of the Gregory J. and Shauna M. Walch Family Trust, | |
| | |
|         Plaintiffs, | |
| | |
|    Vs. | |
| | |
| USA COMMERCIAL MORTGAGE COMPANY | |
| | |
|         Defendant. | |

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 – FAX (702) 791-1912

01969-00/129258.doc

**ADVERSARY COMPLAINT**

Plaintiffs GREGORY J. WALCH AND SHAUNA M. WALCH, in their capacity as Trustees of the Gregory J. and Shauna M. Walch Family Trust (the "Trust), as and for their complaint against Defendant USA COMMERCIAL MORTGAGE COMPANY ("USACM"), allege the following:

1.      Plaintiffs are residents of Clark County, Nevada, and are "Direct Lenders" (as such term has been generally used throughout the Chapter 11 proceedings) in four loans.

2.      Defendant is a Debtor entity in this jointly administered Chapter 11 proceeding.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. 151, 157, and 1334, and pursuant to one or any combination of the following:  11 U.S.C. 105, 541, 542, 543, 544, 545, 546, 547, 548, 549, and 550, Bankruptcy Rule `7001 and Local Rule 900, Local Rules of Practice, United States District Court, District of Nevada.  This is a core proceeding over which this Court has jurisdiction under Title 28 U.S.C. 157(b).  If any claim is not a core proceeding, Plaintiff hereby consents to determination of these claims by this Court.

4.      Defendant has sufficient minimum contacts with the District of Nevada to bring it within the jurisdiction of the courts of the District of Nevada or has otherwise consented to personal jurisdiction by filing the Chapter 11 petition.

**FACTUAL BACKGROUND**

5.      In March 2005, Plaintiff Gregory J. Walch met with Defendant's broker and employee, Tom Stewart, to discuss the possibility of having the Trust lend money to Roam Development Group, LP for a condominium conversion project in Texas.  Mr. Stewart obtained Plaintiff's signature on a USACM Loan Servicing Agreement, a true and correct copy of which is attached hereto as Exhibit "A" (the "Service Agreement"), and provided Plaintiff with information about the loan, including Defendant's offering circular outlining the net interest to be paid by the borrower to the Trust under the loan documents.  A true and correct copy of the offering circular and Roam Development promissory note is attached hereto as Exhibit "B". Plaintiff and Defendant discussed the Service Agreement at length during the initial March 2005

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 – FAX (702) 791-1912

[01969-00/129258.doc]

meeting prior to Plaintiff's execution of same. Plaintiff and Defendant agreed at that time that the service fees to which Defendant was entitled would be on a loan by loan basis based upon the offer made by Defendant in individual offering circulars and would be derived by subtracting from payments actually made by the borrower under the note (interest, late fees, penalties, collection costs, etc.) the net interest promised in any individual offering circular. In the case of the Roam Development loan, the net interest offered to Direct Lenders was 12%, as was the interest under the note. Accordingly, USACM would not be taking any service fees out of interest payments by the borrower. However, Plaintiff is informed and believes that Roam Development paid USACM a substantial loan generation fee, and that was the basis for USACM putting together and servicing the loan. As set forth in the Servicing Agreement, USACM's income was derived largely from loan generation fees, not service fees.

6.      Defendant, by and through its agent Mr. Stewart, offered the Trust several loan opportunities from March 2005 through January 2006, many of which the Trust rejected for various reasons. The Trust did choose to enter three additional loans, however, including Binford Medical, Marlton Square, and Foxhills 216. In each case, as with Roam Development, the Trust accepted Defendant's offer to pay a certain net interest amount on money loaned, which offers and promises were fully set forth in individual offering circulars. True and correct copies of the offering circulars and notes for Binford, Marlton Square, and Foxhills 216 are attached hereto as Exhibits "C", "D", and "E", respectively.

7.      As a result of the manner in which the four loans were documented and sold to the Trust, Plaintiff and Defendant entered into separate agreements for each loan (the "Loan Agreements"). Under the Loan Agreements, USACM is entitled to the following as service fees (exclusive of any late fees, penalties or collection costs): 0% of the outstanding principal amount (per annum) for the Roam Development Group loan (12% note - 12% net promised in offering circular), 1% of the outstanding principal amount (per annum) for the Binford Medical loan (13% note - 12% net promised in offering circular), 0.5% of the outstanding principal amount (per annum) for the Marlton Square loan (13% note - 12.5% net promised in offering circular), and 1% of the outstanding principal amount (per annum) for the Foxhills 216 loan (13.5% note -

[01969-00/129258.doc]

12.5% net promised in offering circular).  In order for USACM to generate service fees under the four loans offered on a net interest basis to the Trust, the Trust must first net the promised interest on its loans.

8.    The Service Agreement provides that the Trust may review the loan accounts in which the Trust is a Direct Lender.  Since the filing of the Chapter 11 petition, Debtor has failed and refused to articulate how Debtor is calculating service fees on Plaintiffs' loans.

9.    Debtor is not properly calculating the service fees to which Debtor is entitled.  Instead, Debtor is accruing service fees where loans are in default such that Debtor receives a proportionately higher share of interest than that to which Debtor is entitled when payments are eventually made.  As set forth in the attached Exhibit "F", dated December 1, 2006, and received by Plaintiff on December 4, 2006, Debtor is calculating service fees based upon the 3% service fees cap set forth in the Service Agreement rather than the amount offered by Defendant and agreed to by the Trust as a basis for each Loan Agreement.

10.    Based upon information and belief, Debtor is taking the incorrectly calculated service fees from the Debtor in Possession Collection Account and placing them in the Debtor in Possession Operating Account, which funds ongoing USACM operations.  In so doing, Defendant is reversing the priority of payment for each loan in favor of itself and improperly converting non-estate assets to Defendant's own use.

11.    On August 30, 2006, the Trust advised counsel for USACM that USACM's service fees calculations violated the Loan Agreements between the Trust and USACM.  A true and correct copy of the Trust's letter to USACM counsel is attached hereto as Exhibit "G".  USACM waited approximately ten weeks (November 9, 2006) to respond in an email that:  (i) USACM has been calculating service fees based upon the Service Agreement (which does not dictate any particular service fee but rather provides that such fees "cannot exceed" a certain percentage of outstanding principal amount); and, curiously, (ii) USACM considers its accepted offers "non-binding".  A copy of USACM's "Investor Relations" email is attached hereto as Exhibit "H".

Santoro, Driggs, Walch, Kearney, Johnson & Thompson
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 – Fax (702) 791-1912

[01969-00/129258.doc]

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 – FAX (702) 791-1912

## FIRST CLAIM FOR RELIEF

(Breach of Service Agreement and Loan Agreements)

12.     Plaintiff realleges each of the foregoing allegations as though fully set forth herein.

13.     Defendant has breached the Service Agreement by, among other things, failing to keep and make available to Plaintiffs intelligible records indicating what loan payments have been made and how much in service fees has been taken from Plaintiffs.

14.     Defendant has breached and continues to breach the Loan Agreements by, among other things, miscalculating the service fees to which to which Defendant is entitled and moving money to which Defendant is not entitled from the Debtor in Possession Collection Account to the Debtor in Possession Operating Account.

14.     Plaintiffs have suffered damages as a result of Defendant's breaches of contract, and Defendant is liable for such damages in amounts to be proven at trial.

## SECOND CLAIM FOR RELIEF

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

15.     Plaintiff realleges each of the foregoing allegations as though fully set forth herein.

16.     Each of the Loan Agreements and the Service Agreement require that Defendant and Plaintiffs abide by the implied covenant of good faith and fair dealing, which requires that neither party do anything to destroy or injure the right of the other to receive the benefits of the contracts.

17.     USACM, both pre- and post-petition, had and continues to have an obligation to not destroy the Trust's right to receive the benefits of the Service Agreement and Loan Agreements.

18.     Despite Plaintiffs' letter notifying Defendant that Defendant's course of action in the Chapter 11 proceeding violates the Loan Agreements, however, Defendant has breached the implied covenant of good faith and fair dealing by, among other things, failing to perform, keep, and render appropriate accountings to Plaintiff under the Service Agreement, and miscalculating

[01969-00/129258.doc]

the service fees to which to which Defendant is entitled and moving money to which Defendant is not entitled from the Debtor in Possession Collection Account to the Debtor in Possession Operating Account.

19.    As a result of the foregoing breach of the implied covenant of good faith and fair dealing, plaintiffs have suffered damages for which Defendant is liable in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### (Conversion)

20.    Plaintiff realleges each of the foregoing allegations as though fully set forth herein.

21.    Defendant has wrongfully exercised dominion and control over Trust assets in derogation of Plaintiffs' rights by, among other thing, miscalculating the service fees to which to which Defendant is entitled and moving money to which Defendant is not entitled from the Debtor in Possession Collection Account to the Debtor in Possession Operating Account.

22.    As a result of Defendants wrongful dominion and control over Trust assets in derogation of Plaintiffs' rights, Plaintiffs have suffered damages for which Defendant is liable in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Relief)

23.    Plaintiff realleges each of the foregoing allegations as though fully set forth herein.

24.    The controversy arising in this matter and the terms of the Loan Agreements and Service Agreement are ripe for declaratory relief.

25.    The Court should declare that service fees under the Loan Agreements shall be calculated on a net basis as described in this Complaint.

## FIFTH CLAIM FOR RELIEF

### (Injunction)

26.    Plaintiff realleges each of the foregoing allegations as though fully set forth

- 6 -

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 – FAX (702) 791-1912

[01969-00/129258.doc]

herein.

27.    Defendant controls both the Debtor in Possession Collection Account and Debtor in Possession Operating Account.

28.    Based upon Defendants' wrongful conduct alleged herein, the Court should order Debtor to return to the Collection Account all service fees taken therefrom in excess of the amounts agreed upon in the Loan Agreements and enjoin Defendant from further exercising dominion and control over improperly calculated service fees.

29.    If the court does not so enjoin Defendant, it's likely there will be no adequate remedy at law because Defendant, having already filed a bankruptcy petition, will lack funds to rectify Defendant's ongoing conversion and breaches of contract.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

(a)    To award Plaintiffs damages sustained as a result of Defendant's wrongful acts complained of herein;

(b)    To declare that all future service fees calculations under the Loan Agreements shall be made on a net basis as described in this Complaint;

(c)    To require Defendant to:  (i) return to the Debtor in Possession Collection Account all service fees taken therefrom in excess of the amounts agreed upon in the Loan Agreements; and (ii) to render to Plaintiff a full, accurate, and intelligible accounting of revenues and expenses pertaining to the Loan Agreements;

(d)    To award Plaintiffs attorney's fees and costs of suit; and

(e)    For all other relief this Court deems just and proper.

DATED this _____ day of December, 2006.

/s/  Gregory J. Walch
Gregory J. Walch, Esq.
Nevada Bar Number 4780
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:702/791-0308
Facsimile: 702/791-1912

*Attorney for Gregory J. Walch and Shauna M. Walch, Trustees of the Gregory J. and Shauna M. Walch Family Trust*

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 – FAX (702) 791-1912

- 7 -

[01969-00/129258.doc]