# USA Capital

## First Trust Deed Investment

**Borrower:** Roam Development Group, L.P.
Mr. Roni Amid, the owner of Roam Development Group, has converted over 1,300 apartment units to condominium units in Las Vegas.

**Loan Amount:** $27,200,000

**Rate:** 12% (net)

**Loan to Value:** Approximately 67% based on an appraisal by CB Richard Ellis dated 11-2-04.

**Term:** 18 months

**Collateral:** First Trust Deed on a 432 unit garden style apartment complex, in 16 three-story buildings, situated on approximately 22 acres in the South Shore area of League City, Texas. League City, Texas is midway between Houston and Galveston. South Shore is a master planed community in League City. NASA is a major employer located in the area. The property will be converted to for sale condominiums, a portion of which will have garages. The borrower has approximately 140 reservations with deposits at this time.

**The Project:** The loan proceeds will be used to acquire the property and pay for the property improvements to convert the 432 apartment units into for sale condominiums. The units are 1, 2, and 3 bedroom units ranging from 700 square feet to 1,300 square feet with expected pricing to range from $87,000 to $170,000.

**Borrower Equity:** The borrower will be bringing in approximately $4,500,000 in equity at close of escrow.

**Guarantees:** The loan will be guaranteed by Mr. Roni Amid with a net worth of approximately $19,000,000 as of 11-17-04.

---

**Tom Stewart**
**702-734-2400**
**Toll Free (888) 921-8009**
Licensed by the State of Nevada Division of Mortgage Lending
USA Commercial Mortgage Company 4484 S. Pecos Rd, Las Vegas NV 89121
License #MB 333 2/17/2005
Money invested through a mortgage broker is not guaranteed to earn any interest or return and is not insured.
Before investing investors must be provided applicable disclosure.



## PROMISSORY NOTE
## SECURED BY DEED OF TRUST

$25,700,000

Las Vegas, Nevada
March 23, 2005

This Promissory Note ("Note"), dated as of March 23, 2005 is made and delivered by Roam Development Group, L.P., a Texas limited partnership ("Borrower"), in favor of those persons listed on **Exhibit "A"** attached hereto ("Lender").

FOR VALUE RECEIVED, Borrower promises to pay to Lender, or order, the principal sum of Twenty-Five Million Seven Hundred Thousand Dollars ($25,700,000) (the "Note Amount"), together with interest as provided herein. The Note Amount may be increased to $27,200,000 per Section 3.2 of the Loan Agreement.

1. <u>Interest Rate</u>. Interest shall accrue on the outstanding portion of the Note Amount, from March 7, 2005 until the date the Note Amount is paid in full, at the rate of twelve percent (12%) per annum. Interest shall be calculated on the basis of a 360-day year and actual days elapsed. Accrued but unpaid interest shall be compounded monthly.

2. <u>Payments</u>. Monthly interest on the Note Amount shall be due and payable on the first day of each month, in arrears. For example, interest that accrues in the month of May will be due and payable on June 1, and will be calculated on the amount due under the Note on that day. All payments shall be made in lawful money of the United States of America and in immediately available funds at Lender's office, the address for which is specified below, or at such other place as the Lender hereof may from time to time direct by written notice to Borrower.

3. <u>Maturity Date</u>. If not sooner paid, the outstanding principal balance under this Note, all accrued and unpaid interest, and all other indebtedness of Borrower owing under any and all of the Loan Documents shall be due and payable in full on or before the date which is eighteen (18) months after the Deed of Trust is recorded (the "Maturity Date").

4. <u>Application of Payments</u>. All payments on this Note shall, at the option of the Lender hereof, be applied first to the payment of accrued interest then payable.

5. <u>Prepayment</u>. Borrower may prepay the Loan, in full or in part, at any time.

6. <u>Collateral</u>. This Note is secured by a deed of trust encumbering real property located in Galveston County, Texas.

7. <u>Defaults; Acceleration</u>. The occurrence of any Event of Default (as hereinafter defined) shall be a default hereunder. Upon the occurrence of an Event of Default and the expiration of a 10-day written notice and cure period, Lender may declare the entire principal balance of the Note then outstanding (if not then due and payable) and all other obligations of Borrower hereunder to be due and payable immediately. Subject to the applicable provisions of law, upon any such

declaration, the principal of the Note and accrued and unpaid interest, and all other amounts to be paid under this Note shall become and be immediately due and payable, anything in this Note to the contrary notwithstanding.

The occurrence of any one or more of the following, whatever the reason therefor, shall constitute an "Event of Default" hereunder:

(a) Borrower shall fail to pay when due any amount due pursuant to the Note; or

(b) Borrower or any guarantor ("Guarantor") of the Note shall fail to perform or observe any term, covenant or agreement contained in the Note or any guaranty executed and delivered concurrently herewith on its part to be performed or observed, other than the failure to make a payment covered by subsection (a), and such failure shall continue uncured as of ten (10) calendar days after written notice of such failure is given by Lender to Borrower; provided, however, that if the default cannot be cured in 10 days but Borrower is diligently pursuing the cure, then Borrower shall have thirty (30) days after written notice to effect the cure (the cure period set forth in this subsection (b) shall not apply to any other Event of Default); or

(c) any representation or warranty contained in any document made or delivered pursuant to or in connection with any of the Loan Documents proves incorrect or to have been incorrect in any material respect when made if Lender determines, in its reasonable discretion, that such condition materially adversely affects Borrower's ability to re-pay the Note; or

(d) Borrower (which term shall include any entity comprising Borrower) is dissolved or liquidated, or otherwise ceases to exist, or all or substantially all of the assets of Borrower or any Guarantor are sold or otherwise transferred without Lender's written consent; or

(e) Borrower or any Guarantor is the subject of an order for relief by the bankruptcy court, or is unable or admits in writing its inability to pay its debts as they mature, or makes an assignment for the benefit of creditors; or Borrower or any Guarantor applies for or consents to the appointment of any receiver, trustee, custodian, conservator, liquidator, rehabilitator or similar officer (the "Receiver"); or any Receiver is appointed without the application or consent of Borrower or any Guarantor, as the case may be, and the appointment continues undischarged or unstayed for sixty (60) calendar days; or Borrower or any Guarantor institutes or consents to any bankruptcy, insolvency, reorganization, arrangement, readjustment of debt, dissolution, custodianship, conservatorship, liquidation, rehabilitation or similar proceedings relating to it or to all or any part of its property under the laws of any jurisdiction; or any similar proceeding is instituted without the consent of Borrower or any Guarantor, as the case may be, and continues undismissed or unstayed for sixty (60) calendar days; or any judgment, writ, attachment, execution or similar process is issued or levied against all or any part of the Property or Borrower or any Guarantor, and is not released, vacated or fully bonded within sixty (60) calendar days after such issue or levy; or

(f) there shall occur a material adverse change in the financial condition of Borrower or any Guarantor from their respective financial conditions as of the date of this Note, as

determined by Lender in its reasonable discretion, and Lender reasonably believes that such adverse change shall jeopardize (i) Lender's ability to collect the amounts due under the Note, as they become due, or (ii) Lender's ability to foreclose on the Property; or

(g) any Loan Document, at any time after its execution and delivery and for any reason other than the agreement of Lender or the satisfaction in full of all indebtedness and obligations of Borrower under the Loan Documents, ceases to be in full force and effect or is declared to be null and void by a court of competent jurisdiction; or Borrower or any trustee, officer, director, shareholder or partner of any entity comprising Borrower or any Guarantor claims that any Loan Document is ineffective or unenforceable, in whole or in part, or denies any or further liability or obligation under any Loan Document, unless all indebtedness and obligations of Borrower thereunder have been fully paid and performed; or

(h) all or a substantial portion of the Property is condemned, seized or appropriated by any Governmental Agency; or

(i) Borrower is dissolved or liquidated, or otherwise ceases to exist, or all or substantially all of the assets of Borrower or the Guarantors are sold or otherwise transferred without Lender's written consent; or

(j) any lien or security interest created by any Security Document, at any time after the execution and delivery of that Security Document and for any reason other than the agreement of Lender or the satisfaction in full of all indebtedness and obligations of Borrower under the Loan Documents, ceases or fails to constitute a valid, perfected and subsisting lien of the priority required by this Agreement or security interest in and to the Property purported to be covered thereby, subject only to the Permitted Exceptions; or

(k) any default occurs in any loan document or other agreement by and between Borrower and Lender in connection with the Loan and/or the Property, or by Borrower in favor of Lender with reference to the Loan.

8. Late Charge. Borrower acknowledges that if any interest payment is not made when due or if the entire amount due under this Note is not paid by the Maturity Date, or, if accelerated as permitted by this Note or any other Loan Document, by the date given in the notice of acceleration, the Lender hereof will incur extra administrative expenses (i.e., in addition to expenses incident to receipt of timely payment) and the loss of the use of funds in connection with the delinquency in payment. Because the actual damages suffered by the Lender hereof by reason of such extra administrative expenses and loss of use of funds would be impracticable or extremely difficult to ascertain, Borrower agrees that five percent (5%) of the amount so delinquent shall be the amount of damages to which such Lender is entitled, upon such breach, in compensation therefor. Therefore, Borrower shall, in the event any payment required under this Note is not paid within five (5) days after the date when such payment becomes due and payable pursuant to Sections 2 and 3, above, and without regard to any default notice under Section 7(a), and without further notice, pay to the Lender hereof as such Lender's sole monetary recovery to cover such extra administrative expenses and loss of use of funds, liquidated damages in the amount of five percent

3

(5%) of the amount of such delinquent payment. The provisions of this paragraph are intended to govern only the determination of damages in the event of a breach in the performance of the obligation of Borrower to make timely payments hereunder, including timely payment of any accelerated amount. Nothing in this Note shall be construed as an express or implied agreement by the Lender hereof to forbear in the collection of any delinquent payment or in exercising any of its rights and remedies under the Loan Documents, or be construed as in any way giving Borrower the right, express or implied, to fail to make timely payments hereunder, whether upon payment of such damages or otherwise. The right of the Lender hereof to receive payment of such liquidated and actual damages, and receipt thereof, are without prejudice to the right of such Lender to collect such delinquent payments and any other amounts provided to be paid hereunder or under any security for this Note or to declare a default hereunder or under any security for this Note.

9. Default Rate. From and after the Maturity Date or, if any Event of Default occurs and is not timely cured, from the date the payment was due regardless of any cure period provided in the notice of default, through and including the date such default is cured, at the option of the Lender hereof, the amount of the missed payment(s), or, if the Note has been accelerated, all amounts owing under the Note and all sums owing under all of the Loan Documents shall bear interest at a default rate equal to twenty percent (20%) per annum ("Default Rate"). Such interest shall be paid on the first day of each month thereafter, or on demand if sooner demanded.

10. Waivers. Borrower waives any right of offset it now has or may hereafter have against the Lender hereof and its successors and assigns. Borrower waives presentment, demand, protest, notice of protest, notice of intent to accelerate, notice of acceleration, notice of nonpayment or dishonor and all other notices in connection with the delivery, acceptance, performance, default or enforcement of this Note. Borrower expressly agrees that any extension or delay in the time for payment or enforcement of this Note, to renewal of this Note and to any substitution or release of the Property, all without any way affecting the liability of Borrower hereunder. Any delay on Lender's part in exercising any right hereunder or under any of the Loan Documents shall not operate as a waiver. Lender's acceptance of partial or delinquent payments or the failure of Lender to exercise any rights shall not waive any obligation of Borrower or any right of Lender, or modify this Note, or waive any other similar default.

11. Costs of Collection. Borrower agrees to pay all costs of collection when incurred and all costs incurred by the Lender hereof in exercising or preserving any rights or remedies in connection with the enforcement and administration of this Note or following a default by Borrower, including but not limited to actual attorneys' fees. If any suit or action is instituted to enforce this Note, Borrower promises to pay, in addition to the costs and disbursements otherwise allowed by law, such sum as the court may adjudge reasonable attorneys' fees in such suit or action.

12. Usury. Borrower hereby represents that this loan is for commercial use and not for personal, family or household purposes. It is the specific intent of the Borrower and Lender that this Note bear a lawful rate of interest, and if any court of competent jurisdiction should determine that the rate herein provided for exceeds that which is statutorily permitted for the type of transaction evidenced hereby, the interest rate shall be reduced to the highest rate permitted by applicable law, with any excess interest theretofore collected being applied against principal or, if such principal has

4

been fully repaid, returned to Borrower upon written demand.

13. Notices. All notices to be given pursuant to this Note shall be sufficient if given by personal services, by guaranteed overnight delivery services, by telecopy or telegram, or by being mailed postage prepaid, certified or registered mail, return receipt requested, to the described addresses of the parties hereto as set forth below, or to such other address as a party may request in writing. Any time period provided in the giving of any notice hereunder shall commence upon the date of personal service, the date after delivery to the guaranteed overnight delivery service, the date of sending the telecopy or telegram, or two or three (3) days after mailing certified or registered mail.

**BORROWER'S ADDRESS:**           Roam Development Group, L.P.
                                  808 Travis Street, Suite 2600
                                  Houston, Texas 77002
                                  Attn. Roni Amid

**LENDER'S ADDRESS:**             c/o USA Commercial Mortgage Company
                                  4484 South Pecos Road
                                  Las Vegas, Nevada 89121
                                  Attn. Joseph D. Milanowski

14. Assignment By Lender. Lender may assign its rights hereunder or obtain participants in this Note at any time, and any such assignee, successor or participant shall have all rights of the Lender hereunder.

15. Multiple Parties. A default on the part of any one entity comprising Borrower or any Guarantor of this Note shall be deemed a default on the part of Borrower hereunder.

16. Construction. This Note and all security documents and guaranties executed in connection with this Note have been reviewed and negotiated by Borrower, Lender and Guarantors at arms' length with the benefit of or opportunity to seek the assistance of legal counsel and shall not be construed against either party. The titles and captions in this Note are inserted for convenience only and in no way define, limit, extend, or modify the scope of intent of this Note.

17. Partial Invalidity. If any section or provision of this Note is declared invalid or unenforceable by any court of competent jurisdiction, said determination shall not affect the validity or enforceability of the remaining terms hereof. No such determination in one jurisdiction shall affect any provision of this Note to the extent it is otherwise enforceable under the laws of any other applicable jurisdiction.

18. Governing Law; Jurisdiction; Waiver of Jury Trial.

(a) This Note shall be construed according to and governed by the laws of the State of Nevada, without regard to its choice of law provisions.

5

(b) BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, (i) SUBMITS TO PERSONAL JURISDICTION IN THE STATE OF NEVADA OVER ANY SUIT, ACTION OR PROCEEDING BY ANY PERSON ARISING FROM OR RELATING TO THIS NOTE, OR ANY OTHER OF THE LOAN DOCUMENTS, (ii) AGREES THAT ANY SUCH ACTION, SUIT OR PROCEEDING MAY BE BROUGHT IN ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION SITTING IN CLARK COUNTY, NEVADA, (iii) SUBMITS TO THE JURISDICTION OF SUCH COURTS, AND, (iv) TO THE FULLEST EXTENT PERMITTED BY LAW, AGREES THAT IT WILL NOT BRING ANY ACTION, SUIT OR PROCEEDING IN ANY FORUM OTHER THAN CLARK COUNTY, NEVADA (BUT NOTHING HEREIN SHALL AFFECT THE RIGHT OF LENDER TO BRING ANY ACTION, SUIT OR PROCEEDING IN ANY OTHER FORUM). BORROWER FURTHER CONSENTS AND AGREES TO SERVICE OF ANY SUMMONS, COMPLAINT OR OTHER LEGAL PROCESS IN ANY SUCH SUIT, ACTION OR PROCEEDING BY REGISTERED OR CERTIFIED U.S. MAIL, POSTAGE PREPAID, TO THE BORROWER AT THE ADDRESS FOR NOTICES DESCRIBED IN SECTION 13 HEREOF, AND CONSENTS AND AGREES THAT SUCH SERVICE SHALL CONSTITUTE IN EVERY RESPECT VALID AND EFFECTIVE SERVICE (BUT NOTHING HEREIN SHALL AFFECT THE VALIDITY OR EFFECTIVENESS OF PROCESS SERVED IN ANY OTHER MANNER PERMITTED BY LAW).

(c) BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, WAIVES, RELINQUISHES AND FOREVER FORGOES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATING TO THE INDEBTEDNESS SECURED HEREBY OR ANY CONDUCT, ACT OR OMISSION OF LENDER, TRUSTEE OR BORROWER, OR ANY OF THEIR DIRECTORS, OFFICERS, PARTNERS, MEMBERS, EMPLOYEES, AGENTS OR ATTORNEYS, OR ANY OTHER PERSONS AFFILIATED WITH LENDER, TRUSTEE OR BORROWER, IN EACH OF THE FOREGOING CASES, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.

(Signature page follows)

BORROWER:    Roam Development Group. L.P.
By: Rodev, G.P., L.L.C., General Partner

By: _____
Roni Amid, Managing Member

6

## EXHIBIT "A"

## LENDERS

| | Names | Amount |
|---|---|---|
| 1. | Wara L.P., a Pennsylvania limited partnership | $200,000 |
| 2. | Mark S. Acri & Sherri L. Acri, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 3. | Herman M. Adams, Brian M. Adams & Anthony G. Adams, as joint tenants | $195,000 |
| 4. | First Savings Bank Custodian for Kenneth Addes IRA | $100,000 |
| 5. | George Adornato & Arlene Adornato, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 6. | Drs. Stanley Alexander & Florence Alexander, husband & wife, as joint tenants with right of survivorship | $92,000 |
| 7. | Arnold Alves & Agnes Alves Trustees of the Alves Family Trust dated 10/27/89 | $100,000 |
| 8. | Charles B. Anderson Trustee of the Charles B. Anderson Trust | $100,000 |
| 9. | Rita P. Anderson Trustee For the Benefit of Rita P. Anderson Trust | $100,000 |
| 10. | Joseph J. Argier & Janice G. Argier, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 11. | Nancy L. Argier, an unmarried woman | $50,000 |
| 12. | Jeffrey E. Barber & Suzanne M. Barber Trustees of the Barber Family Trust dated 4/24/98 | $75,000 |
| 13. | Clark Rex Baron & Joyce Payne Baron Trustees of the Baron Family Trust dated 2/9/05 | $60,000 |
| 14. | Gary R. Barton & Mavis J. Barton, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 15. | Bay Area Capital, LLC, an Oregon limited liability company | $50,000 |
| 16. | Joseph C. Bellan & Verna J. Bellan Trustees of the Joseph C. Bellan & Verna J. Bellan Revocable Living Trust dated 2/4/00 | $50,000 |
| 17. | Stanley Belnap & Gloria Belnap, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 18. | David P. Betteridge, a single man | $100,000 |
| 19. | Jamie R. Bianchini, an unmarried man | $50,000 |
| 20. | Gerald L. Bittner, Sr. DDS. Inc. Profit Sharing Plan & Trust dated 1/15/91 | $50,000 |
| 21. | James R. Bonfiglio & Donna M. Bonfiglio Trustees of the Bonfiglio Family Limited Partnership | $100,000 |
| 22. | Kathleen K. Borkoski Trustee of the Austin John Borkoski Trust dated 12/10/92 | $50,000 |
| 23. | Kathleen K. Borkoski Trustee of the Kali Gene Borkoski Trust dated 12/21/89 | $50,000 |
| 24. | Glen J. Brecht & Janine K. Brecht Trustees of the Glen J. Brecht Trust dated 1/24/86 | $75,000 |

7

| | | |
|---|---|---|
| 25. | Marshall J. Brecht & Janet L. Brecht Trustees of the Marshall J. Brecht Trust dated 2/5/86 | $50,000 |
| 26. | Michael R. Brines & Cindy G. Brines Trustees of the Michael R. Brines & Cindy G. Brines Revocable Family Trust U/A dated 11/5/94 | $50,000 |
| 27. | Charles R. Brooks & Wendy S. Brooks, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 28. | Robert E. Brooks, a married man dealing with his sole & separate property & Candith Brooks, an unmarried woman, as joint tenants with the right of survivorship | $50,000 |
| 29. | Jaceck M. Brown, an unmarried man transfer on death to Jagoda Brown | $100,000 |
| 30. | Larry M. Brown & Marie S Brown, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 31. | Martin E. Brown Trustee of the Martin E. Brown Family Survivor & Exempt Trusts dated 3/21/95 | $200,000 |
| 32. | Glenn Bullock & Sherry Bullock Trustees of the Bullock Family Trust dated 8/7/97 | $90,000 |
| 33. | Dr. Joselito Tan Burgos, a single man | $50,000 |
| 34. | June Y. Burlingame & David B. Burlingame, husband & wife, as joint tenants with right of survivorship | $60,000 |
| 35. | Noel L. Campbell, an unmarried man | $50,000 |
| 36. | Louis Cangiano, Jr. & Nancy E. Cangiano Trustees of The Cangiano Trust dated 3/30/90 | $50,000 |
| 37. | Doyne J. Carson & Elsie L. Carson Trustees of the Carson Family Trust dated 11/19/04 | $50,000 |
| 38. | Unique Concept Design, Inc. | $100,000 |
| 39. | Robert T Chylak & Barbara M Chylak Trustees of the Robert T Chylak & Barbara M Chylak Family Trust dated 10/30/90 | $50,000 |
| 40. | Stella P. Ciadella Trustee of the Ciadella Living Trust dated 2/8/99 | $150,000 |
| 41. | James D. Climo & Dolores J. Climo Trustees of the Climo Family Trust dated 2/6/92 | $100,000 |
| 42. | Norris R. Coit Trustee of the Norris R. Coit Family Trust dated 5/19/04 | $50,000 |
| 43. | June Cook Trustee of the Alvin Broido Marital Trust U/A dated 4/24/72 | $50,000 |
| 44. | Jacqueline Corkill, an unmarried woman & David Corkill, an unmarried man, as joint tenants with right of survivorship | $50,000 |
| 45. | Iris G. Corley Trustee of the Iris G. Corley Trust dated 9/19/84 | $50,000 |
| 46. | Troy Allen Cox, a widower | $108,000 |
| 47. | Mary H. Cross Trustee of The Mary H. Cross Trust dated 12/29/88 | $50,000 |
| 48. | Loyal Crownover & Lora Crownover Trustees of the Lora & Loyal Crownover Family Trust | $200,000 |
| 49. | Malden Ventures Ltd. | $100,000 |
| 50. | S & P Davis Limited Partnership, a Texas Partnership | $100,000 |
| 51. | Rena F. De Hart Trustee of the A. Robert De Hart Trust C dated 1/21/93 | $65,000 |
| 52. | Ross Deller, Sr., an unmarried man | $120,000 |
| 53. | Gary Deppe, A single man | $100,000 |
| 54. | James D. Dery & Ann R. Dery, husband & wife | $50,000 |

8

| | | |
|---|---|---|
| 55. | Pat A Dolce & Lora Dean Dolce, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 56. | Joseph Donnolo & Loretta Donnolo Trustees of the Donnolo Family Trust dated 8/24/88 | $1,200,000 |
| 57. | Mark Daniel Donnolo, an unmarried man | $600,000 |
| 58. | Daniel Drubin & Laura Drubin, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 59. | First Savings Bank Custodian For Daniel Drubin IRA | $50,000 |
| 60. | Ford S. Dunton, a married man dealing with his sole & separate property | $50,000 |
| 61. | Wayne A. Dutt & Cynthia Deann Dutt Trustees of the Wayne A. Dutt Trust | $200,000 |
| 62. | Edward D. Earl, an unmarried man | $75,000 |
| 63. | Schwartz & Earp Joint Venture | $50,000 |
| 64. | Thomas C. Eastland & Christiana Eastland Trustees of the Eastland Joint Living Trust dated 10/8/01 | $50,000 |
| 65. | Kenneth S. Eckstein & Judy A. Eckstein, husband & wife, as joint tenants with right of survivorship | $125,000 |
| 66. | David Edwards & Marcy Edwards Trustees of the David & Marcy Edwards Family Trust | $50,000 |
| 67. | Ruth A. Errington Trustee of the Ruth A. Errington Living Trust dated 11/22/04 | $50,000 |
| 68. | Daniel L. Everett & Sandra M. Everett, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 69. | Edward E. Eyre, Jr. & Carol C. Eyre Co-Trustees of the Edward E. Eyre, Jr. 1998 Trust dated 12/31/98 | $100,000 |
| 70. | Marguerite Falkenborg Trustee of the Marguerite Falkenborg 2000 Trust dated 6/20/00 | $100,000 |
| 71. | Joseph A. Farrah & Emily T. Farrah Trustees of the Farrah Family Trust dated 9/18/03 | $50,000 |
| 72. | James Feeney Trustee of the E & M Hardware Profit Sharing Plan | $100,000 |
| 73. | Benjamin J Feldman & Evelyn Feldman Trustees of The Feldman Family Trust dated 01/01/93 | $50,000 |
| 74. | Lewis Fine & Arlene J. Fine, husband & wife | $50,000 |
| 75. | Ronald G. Finkel & Karen B. Finkel, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 76. | Carol A. Fischer Trustee of the Fischer Trust dated 1/6/92 | $50,000 |
| 77. | David E. Fischer | $125,000 |
| 78. | Sharon R. Fitzgerald, a married woman dealing with her sole & separate property | $50,000 |
| 79. | Daniel K. Fix & Barbara J. Fix Trustees of the Daniel K. Fix & Barbara J. Fix Family Trust | $50,000 |
| 80. | John R. Fleiner & Karen M. Fleiner, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 81. | Dennis Flier Trustee of the Dennis Flier, Inc. Defined Benefit Trust dated 6/29/87 | $80,000 |

| | | |
|---|---|---|
| 82. | Betty A. Fraley, an unmarried woman | $50,000 |
| 83. | Fraley Limited Partnership, a Nevada limited partnership | $200,000 |
| 84. | Michael S. Freedus & Helen C. Freedus, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 85. | Glenn W Gaboury & Sharon M. Gaboury, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 86. | Barry Gambarana, an unmarried man | $50,000 |
| 87. | Mary F. Gambosh, a married woman dealing with her sole and separate property | $50,000 |
| 88. | Leonard Georges & Jean Georges Co-Trustees of the Georges 1987 Trust dated 12/23/87 | $200,000 |
| 89. | Stanley C. Germain & Dorothy Germain, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 90. | Roger L. Ghormley & Frances L. Ghormley, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 91. | Nancy Golden, a married woman dealing with her sole & separate property | $50,000 |
| 92. | Barry J. Goldstein & Patricia B. Goldstein, as joint tenants with right of survivorship | $75,000 |
| 93. | Nicole Dana Gottlieb, a married woman dealing with her sole & separate property | $75,000 |
| 94. | Robin B. Graham Trustee of the Graham Family Marital Trust B dated 2/13/97 | $100,000 |
| 95. | First Savings Bank Custodian for Michael H. Greeley IRA | $50,000 |
| 96. | Clarence J. Greenwald & Gertrude R. Greenwald Trustees of the Greenwald Living Trust dated 5/8/90 | $50,000 |
| 97. | Clifford Hagberg & Claire F. Hagberg, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 98. | Bryan Hall, a single man | $50,000 |
| 99. | Daniel R. Halseth & Sandra K Halseth Trustees of the Halseth Family Trust restated 4/21/00 | $100,000 |
| 100. | S. A. Hanes Trustee of the S.A. Hanes Profit Sharing Plan | $50,000 |
| 101. | MLH Family Investment Limited, a Texas company | $250,000 |
| 102. | Paul Hargis & Susan Gail Hargis, husband & wife, as joint tenants with right of survivorship | $150,000 |
| 103. | Charles Harper & Evangeline Harper, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 104. | Kay J. Hart, an unmarried woman | $50,000 |
| 105. | Duane R. Haugarth & Nancy K. Haugarth, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 106. | Roger N. Havekost, a married man dealing with his sole & separate property | $50,000 |
| 107. | Raymond G. Hawkins, an unmarried man | $250,000 |
| 108. | Michael Hedlund & Carol Hedlund, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 109. | Pahrump Valley LLC | $1,000,000 |

| | | |
|---|---|---|
| 110. | Patrick Henry & Cynthia B. Henry, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 111. | Kay M. Cantrell, an unmarried woman & Donald L. Hess, an unmarried man, as joint tenants with right of survivorship | $50,000 |
| 112. | India C. High, a single woman | $50,000 |
| 113. | Marilyn Hilborn Trustee of the Marilyn Hilborn Trust dated 11/18/93 | $50,000 |
| 114. | Gary L. Hilgenberg & Judith W. Hilgenberg, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 115. | William J. Hinson, Jr., an unmarried man | $50,000 |
| 116. | Farrah M. Hobbs Trustee of the Farrah M. Hobbs Revocable Trust dated 3/12/04 | $50,000 |
| 117. | Ralph C. Holder & Naomi S. Holder Trustees of the Holder Revocable Trust dated 10/21/91 | $60,000 |
| 118. | Marjorie Anne Holler, an unmarried woman & Debra Underwood, a married woman with her sole & separate property | $60,000 |
| 119. | Delwin C. Holt, an unmarried man | $50,000 |
| 120. | Homfeld II, LLC, a Florida limited liability company | $100,000 |
| 121. | Jan Houston Properties Inc., a Nevada corporation | $50,000 |
| 122. | Francis Howard Trustee of the Jaime Kefalas Trust | $50,000 |
| 123. | George W. Hubbard & Carol N. Hubbard Trustees of the Hubbard Trust dated 7/29/98 | $50,000 |
| 124. | Robert E. Hughes, an unmarried man | $50,000 |
| 125. | Mary Jean Ignacio Trustee of the MJI Trust | $50,000 |
| 126. | Robert W. Inch & Jennie R. Inch Trustees of the Inch Family Trust dtd 04/19/95 | $50,000 |
| 127. | Richard L. Jagodzinski Trustee of the Richard L. Jagodzinski Trust dated 4/8/97 | $50,000 |
| 128. | First Savings Bank Custodian for Mary Jellison IRA | $60,000 |
| 129. | Charles A Jensen & Shirley Cupp-Doe Co-Trustees of the Ronald G Doe G.S.T dated 1/6/95 | $125,000 |
| 130. | Charles A. Jensen & Frances Jensen, husband & wife, as joint tenants with right of survivorship | $200,000 |
| 131. | Jon Paul Jensen & Tamara Lee Jensen, husband & wife, as joint tenants with right of survivorship | $85,000 |
| 132. | Ronald A. Johnson & Janice Burgarello Trustees of the Jeffrey S. Johnson Trust dated 1/10/93 | $50,000 |
| 133. | Ronald Johnson Trustee of the C. I. B. B., Inc. Pension Plan | $50,000 |
| 134. | Delbert T. Johnston, Jr. & Rebecca J. Johnston Trustees of the Johnston Estate Revocable Trust dated 5/17/94 | $50,000 |
| 135. | Milton P Kaplan, MD Trustee of the Milton P Kaplan Profit Sharing Plan dated 10/1/77 | $50,000 |
| 136. | Thomas J. Kapp & Cynthia S. Roher Trustees of T. & C. Kapp Family Trust | $200,000 |
| 137. | Clas G. Karlberg & Ulla G. Karlberg, husband & wife, as joint tenants with right of survivorship | $50,000 |

| | | |
|---|---|---|
| 138. | Stewart Karlinsky & Hilary Karlinsky, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 139. | F.R. Inc. dba Bombard Electric, a Nevada corporation | $325,000 |
| 140. | Kevin Kehl, a married man dealing with his sole & separate property | $150,000 |
| 141. | Melvin W. Kerner Trustee of the Kerner Revocable Trust B dated 3/16/81 | $50,000 |
| 142. | Mildred P. Kesler Trustee of the Lindsey H. Kesler Family Revocable Trust dated 10/15/80 | $50,000 |
| 143. | Frederick W. Kewell Trustee of the Barbara J. Kewell Trust dated 7/18/89 | $50,000 |
| 144. | Linda Kiel, a single woman | $85,000 |
| 145. | Ronald D. Kiel, Trustee of the Ronald D. Kiel Trust dated 6/2/93 | $50,000 |
| 146. | Davis Kindred & Kathleen Kindred Trustees of the Kindred Family Trust dated 9/19/96 | $100,000 |
| 147. | G. R. & F. A. Kindred Trustees of the Kindred Family Trust dtd 3/17/97 | $100,000 |
| 148. | Kenneth Kistinger & Tina Kistinger, husband & wife, as joint tenants with right of survivorship | $175,000 |
| 149. | Freedom Properties, Inc. | $50,000 |
| 150. | Bernard A. Kloenne Trustee of the Bernard Kloenne Living Trust dated 10/10/86 | $75,000 |
| 151. | Carmen Kozlowski Trustee of the Carmen Kozlowski Trust dated 5/12/94 | $50,000 |
| 152. | Donald H. Kwiatkowski & Sandra L. Kwiatkowski, husband & wife, as joint tenants with right of survivorship | $55,000 |
| 153. | Gerard Labossiere & Lucille Labossiere Trustees of the Labossiere Family Trust dated 3/20/87 | $60,000 |
| 154. | Milton W. Laird & Beverly J. Laird, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 155. | Robert M. Lampert Trustee of the Pulmonary Associates Profit Sharing Plan #002 for the Benefit of Robert M. Lampert dated 01/01/03 | $50,000 |
| 156. | John D. Lane & Laura Jane Lane Trustees of the John D. Lane & Laura Jane Lane Revocable Trust dated 3/7/03 | $100,000 |
| 157. | Raymond Nunez & Sandra L. Lawson Trustees of the The Raymond & Sandra Nunez Family Trust | $100,000 |
| 158. | First Regional Bank for the Benefit of Irwin Levine IRA C/O Pollycomp | $100,000 |
| 159. | William Lukasavage & Joanne Lukasavage, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 160. | Church of The Movement of Spiritual Inner Awareness | $100,000 |
| 161. | B & W Precast Construction, Inc., a California corporation | $200,000 |
| 162. | Thomas D. Lynch Trustee of The Thomas D. Lynch 1995 Revocable Living Trust | $200,000 |
| 163. | Philip Lyons & Dora Lyons Trustees of the Philip & Dora Lyons Trust UA 8/9/99 | $50,000 |
| 164. | Tony T. Macey, an unmarried man | $50,000 |
| 165. | John M. Marston & Linda S. Marston, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 166. | Norman Martineau & Kathryn J. Martineau, husband & wife, as joint tenants with right of survivorship | $100,000 |

| | | |
|---|---|---|
| 167. | Morris Massry, a married man dealing with his sole & separate property | $100,000 |
| 168. | Paul M. McAffee, an unmarried man | $50,000 |
| 169. | Barbara McClaflin Trustee of the Revocable Living Trust Agreement of Barbara Fay McClaflin | $50,000 |
| 170. | Martin W. McColly & Carmen Garcia McColly Trustees of the Martin W. McColly & Carmen Garcia McColly Revocable Trust Agreement dated 5/27/03 | $75,000 |
| 171. | Donald N. McCord, a single man | $50,000 |
| 172. | Chester R. McDowell, a single man. | $100,000 |
| 173. | Premier Trust, Inc. Custodian for Richard McKnight, IRA | $100,000 |
| 174. | Ronnie McLemore & Peggy McLemore, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 175. | Dale J. McMullan Trustee of the McMullan Living Trust dated 8/19/94 | $50,000 |
| 176. | William G. McMurtrey & Janet L. McMurtrey, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 177. | Harvey J. McShaffrey & Christina F. McShaffrey Trustees of the McShaffrey Living Trust dated 3/27/81 | $50,000 |
| 178. | D. Nathan Meehan, a married man dealing with his sole & separate property | $50,000 |
| 179. | Robert E. Meldrum, a married man dealing with his sole & separate property | $50,000 |
| 180. | Teri L. Melvin, a single woman | $100,000 |
| 181. | Gary A. Michelsen, an unmarried man | $75,000 |
| 182. | Harold L. Miller Trustee of the Art-Kay Family Trust | $50,000 |
| 183. | George Minar & Virginia Minar Trustees for the benefit of The Virginia & George Minar Living Trust | $50,000 |
| 184. | Equity Trust Company Custodian FBO Gary Moberly beneficiary IRA of Charles Moberly Deceased | $71,500 |
| 185. | Matthew Molitch Trustee of the Molitch 1997 Trust | $200,000 |
| 186. | Monighetti, Inc., a Nevada corporation | $50,000 |
| 187. | William Moore & Judy Moore Trustees of the Moore Family Trust dated 9/5/96 | $100,000 |
| 188. | Walter Musso & Barbara Musso Trustees of the Musso Living Trust dated 11/30/92 | $50,000 |
| 189. | NBNA Unique Properties, LLC, an Washington State limited liability company | $150,000 |
| 190. | Erven J. Nelson & Frankie J. Nelson Trustees of the Erven J. Nelson & Frankie J. Nelson Trust | $100,000 |
| 191. | Leonard Jay Nevins & Ruth Nevins Trustees of the Nevins Family Trust dated 6/9/00 | $50,000 |
| 192. | Dell R. Nielson & Penny Nielson Trustees of the Nielson Family Trust dated 3/9/78 | $50,000 |
| 193. | Philip A. Palmintere & Nanci S. Palmintere Trustees of the Palmintere Revocable Trust dated 6/19/98 | $50,000 |

| | | |
|---|---|---|
| 194. | Jay A. Pandaleon & Leigh B. Pandaleon, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 195. | Cynthia Ann Pardee Trustee of the Cynthia Ann Pardee Trust dtd 6/20/03 | $50,000 |
| 196. | Mojave Canyon, Inc., a Nevada Corporation | $100,000 |
| 197. | Shimon Peress & Hannah Peress Trustees of the Shimon Peress & Hannah K. Peress Trust dated 4/17/01 | $50,000 |
| 198. | Ronald K. Peters Trustee of the Peters Family Trust dated 7/22/00 | $50,000 |
| 199. | Andrew Peterson & Sharon Peterson Trustees of the Andrew R. Peterson & Sharon Peterson 1991 Living Trust dated 11/22/91 | $50,000 |
| 200. | Sheldon Portman & Marion G. Portman Trustees of the Sheldon & Marion G. Portman Trust dated 11/01/85 | $200,000 |
| 201. | Hans J. Prakelt, an unmarried man | $100,000 |
| 202. | Michael L. Price & Susan M. Price, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 203. | Dennis Raggi, a married man dealing with his sole & separate property | $200,000 |
| 204. | Maria Adelaide Rayment transfer on death to Paul Rayment | $50,000 |
| 205. | Richard Retin, a married man dealing with his sole and separate property | $100,000 |
| 206. | Jean G. Richards Trustee of the Jean G. Richards Trust dated 9/30/99 | $50,000 |
| 207. | Larry L. Rieger & Patsy R. Rieger Trustees of the Larry L. Rieger & Patsy R. Rieger Revocable Trust dated 8/14/91 | $125,000 |
| 208. | Alan Robinson & Gail Robinson, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 209. | Darrell Rogers & Patricia Rogers Trustees of the Rogers Revocable Living Trust dated 04/10/00 | $50,000 |
| 210. | Saul Roisentul & Ilene Roisentul Trustees of the Roisentul Family Trust | $50,000 |
| 211. | Grable B. Ronning, an unmarried woman | $100,000 |
| 212. | The Wild Water Limited Partnership, a Nevada limited partnership | $50,000 |
| 213. | Thalia Nicholas Routsis Trustee of the Thalia Routsis Family Trust dated 7/24/90 | $50,000 |
| 214. | Burton M. Sack, a married man dealing with his sole & separate property | $200,000 |
| 215. | Taylor Samuels Trustee of the Samuels 1999 Trust | $50,000 |
| 216. | Randy M. Sanchez & Sharon Sanchez Trustees of the Sanchez Living Trust dated 10/13/03 | $60,000 |
| 217. | Mark Scheiner Trustee of the Mark Scheiner Living Trust | $100,000 |
| 218. | Robert A Schell & Ruth M Schell Trustees of the Schell Family Trust dated 8/21/92 | $50,000 |
| 219. | Irwin Schneider & Ursula Schneider, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 220. | Arthur P. Schnitzer & Lynn S. Schnitzer Trustees of the Schnitzer Living Trust dated 10/29/91 | $100,000 |
| 221. | Marion C. Sharp Trustee of the Marion C. Sharp Trust | $75,000 |
| 222. | Donald E. Shoup & Sharon K. Shoup, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 223. | Michael R. Shuler Trustee of the Shuler Revocable Trust | $70,000 |

| | | |
|---|---|---|
| 224. | First Savings Bank Custodian for Robert L. Shurley IRA | $75,000 |
| 225. | Carey B. Sigmen & Lisa K. Sigmen Trustees of The Carey B. Sigmen & Lisa K. Sigmen Trust dated 3/3/97 | $100,000 |
| 226. | Alan R. Simmons & Judith B. Simmons, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 227. | Alan Simon & Carol Simon Trustees of the Simon Family Trust 2000 | $50,000 |
| 228. | Leon E. Singer & Suzy Singer Trustees of the Leon E. Singer & Suzy Singer Revocable Trust dated 6/30/99 | $50,000 |
| 229. | Dennis Sipiorski & Donna Sipiorski, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 230. | Herbert Slovis, a single man & Julie B. Slovis, a single woman as joint tenants with right of survivorship | $100,000 |
| 231. | Bradford H. Smith & Maggie Smith, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 232. | Bruce Sonnenberg & Rosemary Sonnenberg, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 233. | Robert Speckert Trustee of the Robert S. Speckert Rev. Living Trust dated 6/11/92 | $50,000 |
| 234. | Clifton H. Spindle & Verna R. Spindle, husband & wife, as joint tenants with right of survivorship | $75,000 |
| 235. | Joseph Sterling & Theresa Sterling Trustees of the Sterling Family Trust dated 6/14/02 | $50,000 |
| 236. | Gordon N. Stimpson & Marjorie I. Stimpson Co-Trustees of The Stimpson Family Trust | $50,000 |
| 237. | Tony Suarez, an unmarried man | $50,000 |
| 238. | Hans - Ueli Surber, a married man dealing with his sole and separate property | $65,000 |
| 239. | Leland K. Swanson Trustee of the Alvin M. Swanson & Grace E. Swanson Living Trust dated 6/26/01 | $100,000 |
| 240. | KTaylorGO Investments, LTD, a Texas company | $100,000 |
| 241. | Wilma Jean Thompson, an unmarried woman | $50,000 |
| 242. | Raymond Troll Trustee of the Raymond Troll Trust | $1,150,000 |
| 243. | Rolf Tschudi and Louise Tschudi, Trustees of the Rolf Tschudi and Louise Tschudi 1989 Revocable Trust dated 8/22/89 | $150,000 |
| 244. | Thomas Turner & Judy K. Turner Trustees of the T.J. Trust dated 7/24/97 | $50,000 |
| 245. | David P. Ulrich, an unmarried man | $50,000 |
| 246. | Nevada Trust Company Custodian for Cal-Mark Beverage Company Defined Benefit Plan | $50,000 |
| 247 | USA Capital First Trust Deed Fund | $578,500 |
| 248. | Lloyd F. Van Sickle Trustee of The Van Sickle Family Trust dtd 5/20/99 | $150,000 |
| 249. | First Savings Bank Custodian For Melissa A. Virts IRA | $50,000 |
| 250. | Barbara J. Vivero Trustee of the Barbara J. Vivero Revocable Trust | $50,000 |
| 251. | Marietta Voglis, a married woman dealing with her sole & separate property | $50,000 |
| 252. | Madeline P. Von Tagen Trustee of the Von Tagen Trust dated 5/2/96 | $100,000 |

| | | |
|---|---|---|
| 253. | Norma Wagman Trustee of the Wagman Family Trust dated 8/13/93 | $50,000 |
| 254. | Gregory J. Walch Trustee of the Gregory J. Walch and Shauna M. Walch Family Trust dated 11/12/04 | $150,000 |
| 255. | Diana F. Weiland Trustee for the benefit of Gerald R. Weiland & Diana F. Weiland Trust | $100,000 |
| 256. | Dick Wiechers Trustee of the Wiechers Family Trust | $100,000 |
| 257. | David Kennedy Wingo, an unmarried man transferable on death to Kinsey Jones Wingo | $50,000 |
| 258. | Rudolf Winkler & Carmel Winkler Trustees for the benefit of Winkler Family Trust dated 3/13/86 | $100,000 |
| 259. | Jerry Woldorsky, a married man dealing with his sole & separate property | $50,000 |
| 260. | Wendy E. Wolkenstein Trustee of the Wendy E. Wolkenstein Trust | $60,000 |
| 261. | Richard D. Wood Trustee of the Wood Living Trust dated 10/1/99 | $175,000 |
| 262. | Michael Woolard, Vice President of Spinal Logic Systems, Inc., a Nevada corporation | $60,000 |
| 263. | First Savings Bank Custodian For Kenneth H. Wyatt IRA | $50,000 |
| 264. | First Savings Bank Custodian For Phyllis P Wyatt IRA | $50,000 |
| 265. | Dennis G Yoder & Janice L. Yoder Trustees of the Yoder Living Trust | $100,000 |
| 266. | Zawacki, a California LLC | $290,000 |
| 267. | Stanley Ziskin & Mary C. Ziskin, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 268. | Raymond J. Zurfluh, Jr. & Shirley J. Zurfluh, husband & wife, as joint tenants with right of survivorship | $60,000 |
| | TOTAL | $25,700,000 |