Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

   and

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com
Attorneys for Debtors and Debtors-in-Possession

**E-FILED ON DECEMBER 6, 2006**

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                  Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                  Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                  Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                  Debtor. | **DEBTORS' RESPONSE TO MOTION OF USA INVESTMENT PARTNERS, LLC AND JOSEPH D. MILANOWSKI FOR THE ENDORSEMENT OF A PROTECTIVE ORDER** |
| In re:<br>USA SECURITIES, LLC,<br>                                  Debtor. | |
| Affects:<br>☑ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Hearing Date:  January 3, 2007<br>Hearing Time:  9:30 a.m. |

<div style="writing-mode: vertical">SCHWARTZER & MCPHERSON LAW FIRM<br>2850 South Jones Boulevard, Suite 1<br>Las Vegas, Nevada 89146-5308<br>Tel: (702) 228-7590 · Fax: (702) 892-0122</div>

1       This memorandum responds to the Motion for the endorsement of a Protective Order that

2   was filed by Joseph D. Milanowski ("Milanowski") and his entity, USA Investment Partners,

3   L.L.C. ("Investment Partners") (collectively "Milanowski"), on November 21, 2006.

4                                   **INTRODUCTION**

5       Debtors respond as follows to Milanowski's first three paragraphs titled "Summary of

6   Relief Sought" at pages 2-3 of the Milanowski Memorandum of Law ("Milanowski Memo") filed

7   in support of his motion:

8       1.      It is true that the Debtors have denied Milanowski's request to remove 144 boxes

9   of documents from Debtors' premises.  This denial is based on the fact that the documents in

10  question either do not belong to Milanowski, or the documents in question belong at least as much

11  to the Debtors as they do to Milanowski.  Most, if not all, of the individual documents in question

12  were created by Debtors' employees on Debtors' payroll, and on Debtors' paper and printers.  The

13  documents are all presently located on Debtors' premises.  Many of the documents in question are

14  even on Debtors' letterhead.  While a detailed inventory of the documents has not yet been taken,

15  many of the boxes of documents in question pertain to: (a) entities that are related to Debtors; (b)

16  entities that have had loans or still have loans from Debtors; or (c) entities in which Debtors

17  otherwise have an interest.  Thus, there are good reasons that the documents have not been

18  delivered to Milanowski.

19      It is also true, that the "Parties have endeavored in good faith to reach resolution" to the

20  various issues pertaining to the documents.  The Parties' cooperation has clarified many of the

21  issues and will now make it easier for the Parties and the Court to enter an appropriate protective

22  order.  (For example, Milanowski's proposed protective order is relatively close in form to an

23  order that the Parties have already negotiated in large part.)  However, it is not true that the

24  Debtors capriciously continue to invent additional "concessions" as a precondition of giving

25  Milanowski the kind of access and even control over the documents that he has wanted.

26      2.      It is highly doubtful that Milanowski has suffered "serious consequences" because

27  he has not had access and control of the documents.  Almost from the start of negotiations

28  regarding the documents, Debtors have indicated through counsel that certain other interested

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

parties in the instant Bankruptcy Proceedings and the Court would need to be involved, via a protective order, before the documents could be accessed by Milanowski. For several months, counsel for the Debtors has encouraged counsel for Milanowski to seek a protective order. Milanowski's delay in doing so is curious in light of his assertion now that he has been "severely prejudiced" because he has not been able to respond to SEC subpoenas. He has been free to seek the requested protective order for months. The delay can only be explained by Milanowski's defense strategy that is known only to him.

3.      Debtors agree that a protective order is needed in order to provide a mechanism by which Debtors and Milanowksi can access and deal with the documents in question. Milanowski's proposed protective order is not entirely acceptable, but with modifications, as explained hereinafter, an appropriate protective order can be entered that can provide the guidance, direction, and protection required by all of the Parties.

### RESPONSE TO MILANOWSKI'S FACTUAL SUMMARY

During months of negotiations, the Parties reached a consensus that it is not necessary to litigate the actual ownership of the documents in question.[1] Rather, the Parties only need access to use the documents for their own specific purposes. This can be accomplished with a protective order.

With a consensus that ownership issues are not before the Court, Debtors will not respond or contest Milanowski's Factual Summary except to agree that from at least 2001 through the Spring of 2006, the Debtors and a large number of Non-Debtor Milanowski Entities (perhaps as high as 100 entities) were all operated and managed by a common management team supervised by Milanowski at a common location which is now Debtors' Corporate Offices. (See Milanowski Memo ¶ 7 at 3.) As a result, the books, files, records, and systems used by all of these entities are hopelessly intermingled. The documents in question were part of this common/intermingled management and now are relevant to both Debtor-entities as well as Milanowski-entities.

_____

1 This consensus is acknowledged in Milanowski's Memorandum of Law (¶ 12 at 5) and is reflected in Milanowski's proposed protective order.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    Debtors agree with paragraph 12 at page 5 of the Milanowski Memorandum that

2    ownership litigation should be avoided and a protective order should be entered.

3    **MODIFICATIONS TO MILANOWSKI'S PROPOSED PROTECTIVE ORDER**

4    Milanowski's proposed protective order contains many of the provisions previously

5    negotiated by the Parties.  However, the following additions and/or deletions are necessary to

6    protect Debtors and/or accommodate the efficient administration of the bankruptcy proceedings.

7    The form of Protective Order acceptable to Debtors is attached hereto as Exhibit A.  A redlined

8    version that displays the differences between the Milanowski proposal and the Debtor's proposal is

9    attached hereto as Exhibit B.

10    The changes or modifications to the Milanowski proposal are as follows:

11    **"Whereas" Clauses**

12    1.    The second "Whereas" Clause requires the deletion of the word "inviolate" in as

13    much as the Parties know that Debtors have accessed the documents in question during the last

14    several months, and while Debtors have not "violated" the documents, this word is inappropriate.

15    In the same sentence the word "allegedly" must be added to make the sentence accurate.

16    2.    In the second "Whereas" clause, the word "Debtors" should be added before

17    "USAIP" in order to reflect that Debtors, like Milanowski, also claim a joint interest and privilege.

18    **Numbered Paragraphs in Milanowski Proposal**

19    1.    Required Changes to Paragraph 1:  References to Bankruptcy Rules 7206 and

20    Federal Rules of Evidence are not necessary.

21    3.    Required Changes to Paragraph 3:  Debtors propose to add the words "on the other

22    Parties" to clarify that the privilege log is not intended to be produced to any third-parties.

23    5.    Required Changes to Paragraph 5:  Debtors proposed to add the words "and a copy

24    shall be provided to the other Parties" in order clarify that all Parties shall have copies of all

25    documents designated "privileged" irrespective of the Party who makes the designation.

26    Paragraph 11 provides that this will not constitute a waiver of the privilege.

27    6. Required Changes to Paragraph 6:  Inasmuch as the Parties have not reviewed the

28    documents in question and are not precisely aware of which of the various documents may be

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

4

considered "confidential," Debtors propose to change "shall" to "may" in the third line in order to allow more flexibility in the designation of documents as confidential.  Further, defining as "confidential" all documents that are "not otherwise publicly available" would probably make the entire 144 boxes of documents "confidential."  The word "may" will afford flexibility in not over designating documents as "confidential" merely because they are not otherwise available publicly.

8.    <u>Required Changes to Paragraph 8</u>:  Paragraph 8 provides for the hiring of a vendor to label and place control numbers on the documents, with the equal sharing of the costs between Debtors and Milanowski.  Preliminary estimates indicate that such costs might be in a range between $75,000 to $95,000.  Debtors propose to add the words "and approved by the Bankruptcy Court" because not only will Debtors have to be agreeable to the payment of one-half of these costs, <u>but the Court will also need to approve the payment of such costs.</u>  At the end of this paragraph Debtors propose to add the following sentence that is necessary for the protection of the Debtors:  "All contracts or arrangements with vendors shall be reviewable by Debtors and shall contain provisions that Debtors shall not be liable or responsible in any way for USAIP or Milanowski's portion of the bill to any vendor."

10.    <u>Required Changes to Paragraph 10</u>:  In the second line of paragraph 10, Debtors propose to delete the words "Rule 2004 of".  This is a non-substantive change that merely provides that the entry of the protective order shall be deemed an order "pursuant to the Federal Rules of Bankruptcy Procedure" rather than merely Rule 2004.  There may be other rules that also support the entry to the order.

11.    <u>Required Changes to Paragraph 11</u>:  Debtors do not understand the first sentence of paragraph 11 and therefore proposed that it be deleted.  The sentences that follow adequately preserve the "non-waiver" of the various privileges at issue.  Debtors agree that such privileges should be preserved as stated in the remainder of paragraph 11.

12.    <u>Required Addition to Paragraphs 12, 13, and 16</u>:  Paragraphs 12, 13, and 16 all discuss the conditions under which the documents in question can be provided to third-parties. Each of these paragraphs provide that whenever one of the Parties receives a subpoena or third-party request for documents, that Notice must be made immediately to the other Party.  Debtors do

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  not object to providing such Notice <u>unless</u> they are prohibited from doing so by the entity that

2  issues the subpoena. This has already occurred to all of the Parties subject to the Protective Order.

3  Thus, Debtors believe that the following sentence must be added to paragraph 12, 13 and 16 in

4  order to provide an exception to the Notice provisions. Otherwise, the Parties may be subject to

5  prosecution or other severe sanctions by governmental and/or regulatory agencies. The clause that

6  should be added to these paragraphs is as follows:

7  [Notice of subpoenas and/or third-party requests for documents
   shall be given to the other Parties,] "unless the party receiving the
8  third-party subpoena also receives an admonition, order, warning,
   or directive from any Court, legislature, governmental or
9  regulatory agency, law enforcement agency, administrative body,
   or prosecutor that notice of the receipt or the existence of the
10  subpoena, request or similar legal process may not be made to any
   other party or person."
11

12

13  Without the addition of this clause, the Parties may be subject to prosecution or other

14  governmental sanctions.

15  13.    <u>Required Changes to Paragraph 13</u>:  Debtors have deleted the last sentence of

16  paragraph 13 as proposed by Milanowski. Paragraph 13 provides for the "immediate" notification

17  of the other Party when a third-party subpoena or request is received that calls for the production

18  of "confidential" documents. The deleted sentence provides that if the party receiving the

19  subpoena is unable to notify the other parties of the receipt of the subpoena within two (2) days,

20  the receiving party then bears the burden of negotiating an extension of time in which to comply

21  with the request or subpoena. Debtors will agree to give immediate notification; however, if

22  extensions of time to respond are required, the party that desires an extension of time to take action

23  should undertake to negotiate its own extension with the requesting party. Experience in the case

24  teaches that, thus far, the third-parties issuing subpoenas and requests have been reasonable in

25  negotiating extensions. There is no reason to have one party undertake the burden to negotiate an

26  extension for another party.

27  18.    <u>Required Changes to Paragraph 18</u>:  Paragraph 18 provides that "additional

28  documents . . . that have not been segregated . . . shall be segregated. . . and fall within the scope of

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  this Order." This provision, however, does not provide for the possibility that the Parties may not

2  agree on which "additional documents" indeed fall into the category of documents that should be

3  segregated.   Debtors believe that the following underlined interlineations clarify the sentence:

4  "Additional documents, including electronic documents, that <u>USAIP and/or Milanowski claim a</u>

5  <u>right to access that</u> have not yet been segregated <u>will</u> remain at the Offices, and <u>to the extent that</u>

6  <u>the Parties may agree, they may</u> designate additional segregated documents to fall within the scope

7  of this Order." The entire Protective Order, prior to this sentence, deals with documents that the

8  Parties have agreed should be subject to the Order.  It does not purport to make a decision or give

9  either of the Parties the right to make a decision as to which documents are subject to the Order.

10  These additions clarify this issue and make paragraph 18 consistent with the rest of the Protective

11  Order.

12        20.    <u>Addition of New Paragraph 20</u>:  Debtors propose to add the following new

13  sentence to the Protective Order that clarifies its scope:

14        **SCOPE OF PROTECTIVE ORDER**

15        (20)  This Protective Order is intended to apply only to
documents and information at issue between the Parties hereto and
16  may be amended from time to time as necessary or appropriate.
Third-party subpoenas and/or requests for the documents or
17  information subject to this Protective Order may require a separate
and different Protective Order, subject to motion made by one of
18  the Parties hereto.

19

20        This sentence is implicit in the Milanowski proposal and will provide clarification for third-

21  parties.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

## <u>CONCLUSION</u>

2        Subject to the changes noted hereinabove, Debtors believe that the Court should enter a

3 Protective Order in this matter.

4        Dated this 6th day of December, 2006.

5

6                                          /s/ Jeanette E. McPherson
                                           Annette W. Jarvis, Utah Bar No. 1649
7                                          RAY QUINNEY & NEBEKER P.C.
                                           36 South State Street, Suite 1400
8                                          P.O. Box 45385
                                           Salt Lake City, Utah 84145-0385
9                                          and
                                           Lenard E. Schwartzer, Nevada Bar No. 0399
10                                         Jeanette E. McPherson, Nevada Bar No. 5423
                                           SCHWARTZER & MCPHERSON LAW FIRM
11                                         2850 South Jones Boulevard, Suite 1
                                           Las Vegas, Nevada  89146
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

8

# EXHIBIT "A"

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor. | Chapter 11<br><br>Jointly Administered Under |
| In re USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | Case No. BK-S-06-10725 LBR |
| In re USA SECURITIES, LLC<br><br>Debtor. | |

## <u>PROTECTIVE ORDER</u>

WHEREAS, from as early as 2001 through the spring of 2006, USA Commercial Mortgage Company, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC, USA Securities, LLC (collectively the "Debtors") and USA Investment Partners, LLC ("USAIP") were operated and managed by a common management team, including Mr. Joseph D. Milanowski ("Milanowski") at a common location at 4484 and 4480 South Pecos Road, Las Vegas, Nevada (the "Offices"), and, as a result, USAIP's and the Debtors' documents and information were stored, filed and held at the Offices; and

WHEREAS, the Debtors filed voluntary petitions for reorganization under Chapter 11 of the United States Bankruptcy Code on April 13, 2006; and

WHEREAS, the Debtors, USAIP and Milanowski (collectively, the "Parties") have since made collective efforts to identify and segregate and maintain documents in the Offices that allegedly belong to USAIP and/or Milanowski; and

WHEREAS, the Parties have segregated documents, currently held in one hundred forty-four (144) boxes held at the Offices, over which Debtors, USAIP, and/or Milanowski assert either a sole or joint interest or privilege ("Documents"); and

WHEREAS, there are additional documents at the Offices that remain to be segregated, including, but not limited to, documents from certain accountants' offices and certain electronic documents; and

WHEREAS, to establish a procedure to maintain the integrity of the Documents, facilitate access to the Documents, and to permit the orderly disposition of any claims of privilege or other protection with respect to any of them, Milanowski and USAIP moved this Court for the endorsement of this Protective Order (the "Order").

NOW THEREFORE, based upon the foregoing facts, the Parties shall be bound as follows:

**<u>PRIVILEGE AND CONFIDENTIALITY REVIEW</u>**

(1)    This Order is entered into in accordance with Bankruptcy Rule 9018 in order to provide for the protection of confidential information.

- 2 -

(2)    The Parties shall conduct a review of the Documents ("Review").  During the Review, the Parties shall designate any documents over which they assert the attorney-client privilege, attorney work product protection, and/or any other legally recognized claim of privilege or protection.

(3)    Documents designated as privileged by one or more of the Parties shall be removed from the Documents, and each Party shall, no later than fourteen (14) days following the completion of the Review, serve a privilege log on the other Parties identifying those Documents over which it asserts privilege.  The privilege log shall comply with all applicable legal, rule and local rule requirements for the description and specification of documents.

(4)    If there is a disagreement as to any Party's designation of a Document as privileged, the Party asserting privilege shall make a motion to the Court seeking a ruling on the issue.  No Party shall produce any Document over which any Party has asserted privilege unless and until the Court has resolved the issue.

(5)    Each Party shall retain the original hard copies of any documents over which it asserts privilege and prior to removal a copy shall be provided to the other Parties.  In the event that more than one Party asserts privilege over the same document, the Parties shall agree as to which will retain the original, and the other Parties shall be provided with copies.

(6)    In addition, the Parties shall designate any Documents which they assert are properly designated as "Confidential" ("Confidential Documents").  It is understood that Confidential Documents may include all internal business records that are not otherwise publicly available, as well as records containing confidential personal data (such as Social Security

numbers) or other personal, non-business-related communications, private correspondence, third-party confidential documents and bank records.

(7)    If there is a disagreement as to any Party's designation of a document as confidential, the Party asserting confidential treatment shall make a motion to Court seeking a ruling on the issue.

## CUSTODY AND DUPLICATION

(8)    Following the completion of the Review, counsel for USAIP and Milanowski shall arrange for a vendor, under terms agreeable to the Debtors and subject to the approval of the Bankruptcy Court, to image the Documents and to label them with control numbers.  USAIP and the Debtors will share evenly the cost of this imaging and numbering process.  All contracts or arrangements with vendors shall be reviewable by Debtors and approved by the Bankruptcy Court, and shall contain provisions that Debtors shall not be liable or responsible for USAIP or Milanowski's portion of the bill.

(9)    The original non-privileged Documents shall be retained at a storage site in or around Las Vegas, Nevada, or such other venue as agreed upon by the Parties.  No Party shall have access to the storage site unless all Parties are present with their counsel or one or more Parties has waived their right to be present.

(10)    An electronic copy of the non-privileged Documents shall be provided to each of the Parties.  The entry of this Order shall be deemed an order pursuant to the Federal Rules of Bankruptcy Procedure entered in favor of each Party against the other Party, requiring such Party to produce the Documents to the other respective Party.

(11)    The retention and sharing of the Documents among the Parties pursuant to the Protective Order shall not be deemed to effect a waiver as to any of the Parties or any third-parties of any attorney-client privilege, attorney work product protection, or any other legally recognized claim of privilege or protection that may apply to any of the Documents as to any of the Parties or any third-parties.

## THIRD-PARTY REQUESTS

(12)    In addition to the obligations set forth in paragraph five (5) above, if any of the Parties receives any subpoena, request for production of documents, or other similar legal process in this or any other proceeding (including any proceeding before any other court, legislature, regulatory agency, law enforcement agency or administrative body), and determines that a document contained on the privilege log of any other party is responsive to such subpoena, request for production of documents, or other similar legal process, the party receiving the third-party subpoena, request, or other legal process shall (1) provide notice of such to the party asserting privilege unless the party receiving the third-party subpoena also receives an admonition, order, warning, or directive from any Court, legislature, governmental or regulatory agency, law enforcement agency, administrative body, or prosecutor that notice of the receipt or the existence of the subpoena, request or similar legal process may not be made to any other party or person; (2) inform the requesting party of the assertion of privilege; and (3) refrain from producing such document(s) until authorized to do so by the party asserting privilege or by a court order.

(13)    Immediately upon receipt of a subpoena, request for production of documents, or other similar legal process in this or any other proceeding (including any proceeding before any other court, legislature, regulatory agency, law enforcement agency or administrative body)

seeking the production of any Confidential Document or any portion or subpart thereof, the party receiving the subpoena or other legal process must notify the other Parties unless the party receiving the third-party subpoena also receives an admonition, order, warning, or directive from any Court, legislature, governmental or regulatory agency, law enforcement agency, administrative body, or prosecutor that notice of the receipt or the existence of the subpoena, request or similar legal process may not be made to any other party or person.  Each party retains its rights to move to quash a subpoena or similar request.

(14)    No Party may disclose any Confidential Document to any third-party, including, but not limited to, any creditors' committee, in response to an oral or informal request unless such third-party agrees to enter into and be bound by an appropriate confidentiality agreement.

(15)    In the event that counsel for any of the Parties intends to file or submit any of the Confidential Documents to this Court or any other court, the filing party shall advise either (a) advise all other Parties of this intention at least five (5) business days prior to any such proposed filing; or (b) file any such Confidential Documents under seal.  The Parties will endeavor in good faith to resolve any objections to the inclusion of such Documents in the filing.  To the extent that the Parties are unable to resolve such objections, any party objecting to such filing shall seek relief before the court in which the Confidential Documents have, or are to be, filed.

(16)    In the event that any of the Parties is served with a search warrant requiring immediate access to the Documents, the receiving party will notify the other Parties immediately upon execution of the search warrant, unless the party receiving the third-party subpoena also receives an admonition, order, warning, or directive from any Court, legislature, governmental or regulatory agency, law enforcement agency, administrative body, or prosecutor that notice of the

receipt or the existence of the subpoena, request or similar legal process may not be made to any other party or person.

(17)    Any copies (including electronic copies) of the Confidential Documents shall be treated as if they were part of the Confidential Documents in the first instance and shall be treated in accordance with the provisions of this Order.

## ADDITIONAL DESIGNATIONS

(18)    Additional documents, including electronic documents, that USAIP and/or Milanowski claim a right to access that have not yet been segregated will remain at the Offices, and to the extent that the Parties may agree, they may designate additional segregated documents to fall within the scope of this Order.

## DISPOSITION OF DOCUMENTS

(19)    Unless otherwise agreed to by the Parties, within one year after the effective date of the plan or dismissal of this bankruptcy case, whichever occurs first, the Parties will make good faith efforts to reach an agreement as to the disposition of any of the Documents, including any copies, excerpts, summaries, abstracts or analyses, and any such agreement must be approved by this Court.  To the extent that the Parties cannot reach any such agreement, any Party may make a motion to the Court.

## SCOPE OF PROTECTIVE ORDER

(20)    This Protective Order is intended to apply only to documents and information at issue between the Debtors, USAIP and Milanowski and may be amended from time to time as necessary or appropriate.    Third-party subpoenas and/or requests for the documents or

information subject to this Protective Order may require a separate and different Protective Order, subject to motion made by one of the Parties hereto.

**<u>NOTICES</u>**

(21)    Any notice provided pursuant to this Order shall be provided as follows:

(a)    if to the Debtors, by electronic mail and facsimile to:  Elaine A. Monson, Esq., emonson@rqn.com, (801) 532-7543; and Allan T. Brinkeroff, Esq., abrinkerhoff@rqn.com, (801) 532-7543;

(b)    if to USAIP or Mr. Milanowski, by electronic mail and facsimile to:  Douglas E. Griffith, Esq., dgriffith@kesler-rust.com, (801) 531-7965; Kenneth M. Breen, Esq., kbreen@fulbright.com, (212) 318-3400; and Russell S. Walker, rwalker@woodburykesler.com, (801) 359-2320.

SO ORDERED:

_____
Honorable Linda B. Riegle
United States Bankruptcy Judge

Date: _____

903457v3

# EXHIBIT "B"

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | |
| In re USA SECURITIES, LLC<br><br>Debtor. | |

## PROTECTIVE ORDER

WHEREAS, from as early as 2001 through the spring of 2006, USA Commercial Mortgage Company,  USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC, USA Securities, LLC (collectively the "Debtors") and USA Investment Partners, LLC ("USAIP") were operated and managed by a common management team, including Mr. Joseph D. Milanowski ("Milanowski") at a common location at 4484 and 4480 South Pecos Road, Las Vegas, Nevada (the "Offices"), and, as a

result, USAIP's and the Debtors' documents and information were stored, filed and held at the Offices; and

WHEREAS, the Debtors filed voluntary petitions for reorganization under Chapter 11 of the United States Bankruptcy Code on April 13, 2006; and

WHEREAS, the Debtors, USAIP and Milanowski (collectively, the "Parties") have since made collective efforts to identify and segregate and maintain *inviolate* documents in the Offices that allegedly belong to USAIP and/or Milanowski; and

WHEREAS, the Parties have segregated documents, currently held in one hundred forty-four (144) boxes held at the Offices, over which Debtors, USAIP, and/or Milanowski assert either a sole or joint interest or privilege ("Documents"); and

WHEREAS, there are additional documents at the Offices that remain to be segregated, including, but not limited to, documents from certain accountants' offices and certain electronic documents; and

WHEREAS, to establish a procedure to maintain the integrity of the Documents, facilitate access to the Documents, and to permit the orderly disposition of any claims of privilege or other protection with respect to any of them, Milanowski and USAIP moved this Court for the endorsement of this Protective Order (the "Order").

NOW THEREFORE, based upon the foregoing facts, the Parties shall be bound as follows:

**PRIVILEGE AND CONFIDENTIALITY REVIEW**

(1)     This Order is entered into in accordance with Bankruptcy ~~Rules 7206 and~~Rule 9018 ~~and Federal Rule of Evidence 501~~ in order to provide for the protection of confidential information.

(2)     The Parties shall conduct a review of the Documents ("Review").  During the Review, the Parties shall designate any documents over which they assert the attorney-client privilege, attorney work product protection, and/or any other legally recognized claim of privilege or protection.

(3)     Documents designated as privileged by one or more of the Parties shall be removed from the Documents, and each Party shall, no later than fourteen (14) days following the completion of the Review, serve a privilege log on the other Parties identifying those Documents over which it asserts privilege.  The privilege log shall comply with all applicable legal, rule and local rule requirements for the description and specification of documents.

(4)     If there is a disagreement as to any Party's designation of a Document as privileged, the Party asserting privilege shall make a motion to the Court seeking a ruling on the issue.  No Party shall produce any Document over which any Party has asserted privilege unless and until the Court has resolved the issue.

(5)     Each Party shall retain the original hard copies of any documents over which it asserts privilege and prior to removal a copy shall be provided to the other Parties.  In the event that more than one Party asserts privilege over the same document, the Parties shall agree as to which will retain the original, and the other Parties shall be provided with copies.

(6)    In addition, the Parties shall designate any Documents which they assert are properly designated as "Confidential" ("Confidential Documents").    It is understood that Confidential Documents ~~shall~~may include all internal business records that are not otherwise publicly available, as well as records containing confidential personal data (such as Social Security numbers) or other personal, non-business-related communications, private correspondence, third-party confidential documents and bank records.

(7)    If there is a disagreement as to any Party's designation of a document as confidential, the Party asserting confidential treatment shall make a motion to Court seeking a ruling on the issue.

## CUSTODY AND DUPLICATION

(8)    Following the completion of the Review, counsel for USAIP and Milanowski shall arrange for a vendor, under terms agreeable to the Debtors and subject to the approval of the Bankruptcy Court, to image the Documents and to label them with control numbers.  USAIP and the Debtors will share evenly the cost of this imaging and numbering process.  All contracts or arrangements with vendors shall be reviewable by Debtors and approved by the Bankruptcy Court, and shall contain provisions that Debtors shall not be liable or responsible for USAIP or Milanowski's portion of the bill.

(9)    The original non-privileged Documents shall be retained at a storage site in or around Las Vegas, Nevada, or such other venue as agreed upon by the Parties.  No Party shall have access to the storage site unless all Parties are present with their counsel or one or more Parties has waived their right to be present.

(10)   An electronic copy of the non-privileged Documents shall be provided to each of the Parties.  The entry of this Order shall be deemed an order pursuant to ~~Rule 2004 of~~ the Federal Rules of Bankruptcy Procedure entered in favor of each Party against the other Party, requiring such Party to produce the Documents to the other respective Party.

(11)   The ~~Documents shall be deemed to be held by the Parties as they were held by the Parties prior to the entry and "So Ordering" of the Order.   The~~ retention and sharing of the Documents among the Parties pursuant to the Protective Order shall not be deemed to effect a waiver as to any of the Parties or any third-parties of any attorney-client privilege, attorney work product protection, or any other legally recognized claim of privilege or protection that may apply to any of the Documents as to any of the Parties or any third-parties.

## THIRD-PARTY REQUESTS

(12)   In addition to the obligations set forth in paragraph five (5) above, if any of the Parties receives any subpoena, request for production of documents, or other similar legal process in this or any other proceeding (including any proceeding before any other court, legislature, regulatory agency, law enforcement agency or administrative body), and determines that a document contained on the privilege log of any other party is responsive to such subpoena, request for production of documents, or other similar legal process, the party receiving the third-party subpoena, request, or other legal process shall (1) provide notice of such to the party asserting privilege unless the party receiving the third-party subpoena also receives an admonition, order, warning, or directive from any Court, legislature, governmental or regulatory agency, law enforcement agency, administrative body, or prosecutor that notice of the receipt or the existence of the subpoena, request or similar legal process may not be made to any other

party or person; (2) inform the requesting party of the assertion of privilege; and (3) refrain from producing such document(s) until authorized to do so by the party asserting privilege or by a court order.

(13)   Immediately upon receipt of a subpoena, request for production of documents, or other similar legal process in this or any other proceeding (including any proceeding before any other court, legislature, regulatory agency, law enforcement agency or administrative body) seeking the production of any Confidential Document or any portion or subpart thereof, the party receiving the subpoena or other legal process must notify the other Parties as provided below unless the party receiving the third-party subpoena also receives an admonition, order, warning, or directive from any Court, legislature, governmental or regulatory agency, law enforcement agency, administrative body, or prosecutor that notice of the receipt or the existence of the subpoena, request or similar legal process may not be made to any other party or person. Each party retains its rights to move to quash a subpoena or similar request. In the event that the receiving party is unable to notify the other parties of receipt of the subpoena, request or other legal process within two (2) days of such receipt, the receiving party will seek an extension to the response date of the subpoena, request or other legal process, equivalent to the time period elapsed between receipt of the subpoena, request or other legal process and notification of the other parties of such receipt.

(14)   No Party may disclose any Confidential Document to any third-party, including, but not limited to, any creditors' committee, in response to an oral or informal request. Disclosure of any Confidential Document to any third party may be made only in response to a subpoena, document request or other legal process in accordance with the provisions of

paragraph 13 herein.  unless such third-party agrees to enter into and be bound by an appropriate confidentiality agreement.

(15)   In the event that counsel for any of the Parties intends to file or submit any of the Confidential Documents to this Court or any other court, the filing party shall advise either (a) advise all other Parties of this intention at least five (5) business days prior to any such proposed filing; or (b) file any such Confidential Documents under seal.  The Parties will endeavor in good faith to resolve any objections to the inclusion of such Documents in the filing.  To the extent that the Parties are unable to resolve such objections, any party objecting to such filing shall seek relief before the court in which the  Confidential Documents have, or are to be, filed.

(16)   In the event that any of the Parties is served with a search warrant requiring immediate access to the Documents, the receiving party will notify the other Parties immediately upon execution of the search warrant, unless the party receiving the third-party subpoena also receives an admonition, order, warning, or directive from any Court, legislature, governmental or regulatory agency, law enforcement agency, administrative body, or prosecutor that notice of the receipt or the existence of the subpoena, request or similar legal process may not be made to any other party or person.

(17)   Any copies (including electronic copies) of the Confidential Documents shall be treated as if they were part of the Confidential Documents in the first instance and shall be treated in accordance with the provisions of this Order.

**ADDITIONAL DESIGNATIONS**

(18)  Additional documents, including electronic documents, that USAIP and/or Milanowski claim a right to access that have not yet been segregated will remain at the Offices, and to the extent that the Parties shallmay agree, they may designate additional segregated documents to fall within the scope of this Order.

**DISPOSITION OF DOCUMENTS**

(19)  Unless otherwise agreed to by the Parties, within one year after the effective date of the plan or dismissal of this bankruptcy case, whichever occurs first, the Parties will make good faith efforts to reach an agreement as to the disposition of any of the Documents, including any copies, excerpts, summaries, abstracts or analyses, and any such agreement must be approved by this Court.  To the extent that the Parties cannot reach any such agreement, any Party may make a motion to the Court.

**SCOPE OF PROTECTIVE ORDER**

(20)  This Protective Order is intended to apply only to documents and information at issue between the Debtors, USAIP and Milanowski and may be amended from time to time as necessary or appropriate.  Third-party subpoenas and/or requests for the documents or information subject to this Protective Order may require a separate and different Protective Order, subject to motion made by one of the Parties hereto.

**NOTICES**

(21)  (20) Any notice provided pursuant to this Order shall be provided as follows:

(a)    if to the Debtors, by electronic mail and facsimile to: Elaine A. Monson, Esq., emonson@rqn.com, (801) 532-7543; and Allan T. Brinkeroff, Esq., abrinkerhoff@rqn.com, (801) 532-7543;

     (b)    if to USAIP or Mr. Milanowski, by electronic mail and facsimile to:  Douglas E. Griffith, Esq., dgriffith@kesler-rust.com, (801) 531-7965; Kenneth M. Breen, Esq., kbreen@fulbright.com, (212) 318-3400; and Russell S. Walker, rwalker@woodburykesler.com, (801) 359-2320.

SO ORDERED:

_____
Honorable Linda B. Riegle
United States Bankruptcy Judge

Date: _____

903457v3

31192464.7

Document comparison done by DeltaView on Wednesday, December 06, 2006 3:05:19 PM

| Input: | |
|---|---|
| Document 1 | PowerDocs://RQNDOCS/903457/1 |
| Document 2 | PowerDocs://RQNDOCS/903457/3 |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 23 |
| Deletions | 14 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 39 |