

**ORDER DENIED**

The motion is denied. Movant has cited absolutely no authority for the ex parte mechanism for the entry of a protective order nor is there any reason why this motion should not be noticed and set for argument.

**Entered on Docket**
**December 08, 2006**

_____

**Hon. Linda B Riegle**
**United States Bankruptcy Judge**

---

*WOODBURY & KESLER, P.C.*
*265 East 100 South, Suite 300*
*Salt Lake City, UT 84111*
*Tel: (801) 364-1100  Fax: (801) 359-2320*

1  Russell S. Walker, Utah Bar No. 3363
   Elizabeth R. Loveridge, Utah Bar No. 6025
2  Reid W. Lambert, Utah Bar No. 5744
   WOODBURY & KESLER, P.C.
3  265 East 100 South, Suite 300
   P.O. Box 3358
4  Salt Lake City, UT 84111
   Telephone: (801) 364-1100
5  Facsimile: (801) 359-2320
   Email: rwalker@wklawpc.com
6
7  and
8  Joseph J. Huggins
   Nevada Bar No. 4456
9  HUGGINS & ASSOCIATES
   1000 N. Green Valley Parkway, Suite 440-2
10 Henderson Nevada 89014
   Telephone: (702) 373-8664
11 Facsimile: (815) 572-5723
   Email: joehuggins@sbcglobal.net

12              **UNITED STATES BANKRUPTCY COURT**
                      **DISTRICT OF NEVADA**
13
14 In re:                              Case No.: BK-S-06-10725 LBR

   USA COMMERCIAL MORTGAGE COMPANY,    Case No.: BK-S-06-10726 LBR
15
                              Debtor.   Case No.: BK-S-06-10727 LBR
16 In re:                              Case No.: BK-S-06-10728 LBR

   USA CAPITAL REALTY ADVISORS, LLC,   Case No.: BK-S-06-10729 LBR
17
                              Debtor.   Chapter 11
18 In re:

19 USA CAPITAL DIVERSIFIED TRUST DEED FUND,  **Jointly Administered Under**

   LLC,                                **Case No. BK-S-06-10725 LBR**
20
                              Debtor.
21 In re:

22 USA CAPITAL FIRST TRUST DEED FUND, LLC,        PROTECTIVE ORDER

                              Debtor.
23

24                                  1

25

26

WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Tel: (801) 364-1100  Fax: (801) 359-2320

In re:

USA SECURITIES, LLC,

                                          Debtor.

Affects:

        All Debtors
        USA Commercial Mortgage Company
        USA Securities, LLC
        USA Capital Realty Advisors, LLC
        USA Capital Diversified Trust Deed Fund,
LLC
        USA Capital First Trust Deed Fund, LLC

Hearing Date:  January 3, 2007
Hearing Time:  9:30 a.m.
Place:     Courtroom 1
           Foley Federal Building
           300 Las Vegas Blvd. South

        WHEREAS, from as early as 2001 through the spring of 2006, USA Commercial Mortgage

Company, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, USA

Capital First Trust Deed Fund, LLC, USA Securities, LLC (collectively the "Debtors") and USA

Investment Partners, LLC ("USAIP") were operated and managed by a common management team,

including Mr. Joseph D. Milanowski ("Milanowski") at a common location at 4484 and 4480 South

Pecos Road, Las Vegas, Nevada (the "Offices"), and, as a result, USAIP's and the Debtors' documents

and information were stored, filed and held at the Offices; and

        WHEREAS, the Debtors filed voluntary petitions for reorganization under Chapter 11 of the

United States Bankruptcy Code on April 13, 2006; and

        WHEREAS, the Debtors, USAIP and Milanowski (collectively, the "Parties") have since

made collective efforts to identify and segregate and maintain *inviolate* documents in the Offices that

belong to USAIP and/or Milanowski; and

2

WHEREAS, the Parties have segregated documents, currently held in one hundred forty-four (144) boxes held at the Offices, over which USAIP and/or Milanowski assert either a sole or joint interest or privilege ("Documents"); and

WHEREAS, there are additional documents at the Offices that remain to be segregated, including, but not limited to, documents from certain accountants' offices and certain electronic documents; and

WHEREAS, to establish a procedure to maintain the integrity of the Documents, facilitate access to the Documents, and to permit the orderly disposition of any claims of privilege or other protection with respect to any of them, Milanowski and USAIP moved this Court for the endorsement of this Protective Order (the "Order").

NOW THEREFORE, based upon the foregoing facts, the Parties shall be bound as follows:

**PRIVILEGE AND CONFIDENTIALITY REVIEW**

(1)        This Order is entered into in accordance with Bankruptcy Rules 7206 and 9018 and Federal Rule of Evidence 501 in order to provide for the protection of confidential information.

(2)        The Parties shall conduct a review of the Documents ("Review").  During the Review, the Parties shall designate any documents over which they assert the attorney-client privilege, attorney work product protection, and/or any other legally recognized claim of privilege or protection.

3

WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Tel: (801) 364-1100  Fax: (801) 359-2320

(3)        Documents designated as privileged by one or more of the Parties shall be removed from the Documents, and each Party shall, no later than fourteen (14) days following the completion of the Review, serve a privilege log identifying those Documents over which it asserts privilege.  The privilege log shall comply with all applicable legal, rule and local rule requirements for the description and specification of documents.

(4)        If there is a disagreement as to any Party's designation of a Document as privileged, the Party asserting privilege shall make a motion to the Court seeking a ruling on the issue.  No Party shall produce any Document over which any Party has asserted privilege unless and until the Court has resolved the issue.

(5)        Each Party shall retain the original hard copies of any documents over which it asserts privilege.  In the event that more than one Party asserts privilege over the same document, the Parties shall agree as to which will retain the original, and the other Parties shall be provided with copies.

(6)        In addition, the Parties shall designate any Documents which they assert are properly designated as "Confidential" ("Confidential Documents").  It is understood that Confidential Documents shall include all internal business records that are not otherwise publicly available, as well as records containing confidential personal data (such as Social Security numbers) or other personal, non-business-related communications, private correspondence, third-party confidential documents and bank records.

4

(7)        If there is a disagreement as to any Party's designation of a document as confidential, the Party asserting confidential treatment shall make a motion to Court seeking a ruling on the issue.

## CUSTODY AND DUPLICATION

(8)        Following the completion of the Review, counsel for USAIP and Milanowski shall arrange for a vendor, under terms agreeable to the Debtors, to image the Documents and to label them with control numbers.  USAIP and the Debtors will share evenly the cost of this imaging and numbering process.

(9)        The original non-privileged Documents shall be retained at a storage site in or around Las Vegas, Nevada, or such other venue as agreed upon by the Parties.  No Party shall have access to the storage site unless all Parties are present with their counsel or one or more Parties has waived their right to be present.

(10)        An electronic copy of the non-privileged Documents shall be provided to each of the Parties.  The entry of this Order shall be deemed an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure entered in favor of each Party against the other Party, requiring such Party to produce the Documents to the other respective Party.

(11)        The Documents shall be deemed to be held by the Parties as they were held by the Parties prior to the entry and "So Ordering" of the Order.  The retention and sharing of the

WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Tel: (801) 364-1100  Fax: (801) 359-2320

Documents among the Parties shall not be deemed to effect a waiver as to any of the Parties or any third-parties of any attorney-client privilege, attorney work product protection, or any other legally recognized claim of privilege or protection that may apply to any of the Documents as to any of the Parties or any third-parties.

## THIRD-PARTY REQUESTS

(12)      In addition to the obligations set forth in paragraph five (5) above, if any of the Parties receives any subpoena, request for production of documents, or other similar legal process in this or any other proceeding (including any proceeding before any other court, legislature, regulatory agency, law enforcement agency or administrative body), and determines that a document contained on the privilege log of any other party is responsive to such subpoena, request for production of documents, or other similar legal process, the party receiving the third-party subpoena, request, or other legal process shall (1) provide notice of such to the party asserting privilege; (2) inform the requesting party of the assertion of privilege; and (3) refrain from producing such document(s) until authorized to do so by the party asserting privilege or by a court order.

(13)      Immediately upon receipt of a subpoena, request for production of documents, or other similar legal process in this or any other proceeding (including any proceeding before any other court, legislature, regulatory agency, law enforcement agency or administrative body) seeking the production of any Confidential Document or any portion or subpart thereof, the party receiving the subpoena or other legal process must notify the other Parties as provided below.  Each party retains its rights to move to quash a subpoena or similar request.  In the event that the receiving party is unable to

WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Tel: (801) 364-1100  Fax: (801) 359-2320

WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Tel: (801) 364-1100  Fax: (801) 359-2320

notify the other parties of receipt of the subpoena, request or other legal process within two (2) days of such receipt, the receiving party will seek an extension to the response date of the subpoena, request or other legal process, equivalent to the time period elapsed between receipt of the subpoena, request or other legal process and notification of the other parties of such receipt.

(14)        No Party may disclose any Confidential Document to any third-party, including, but not limited to, any creditors' committee, in response to an oral or informal request. Disclosure of any Confidential Document to any third-party may be made only in response to a subpoena, document request or other legal process in accordance with the provisions of paragraph 13 herein.

(15)        In the event that counsel for any of the Parties intends to file or submit any of the Confidential Documents to this Court or any other court, the filing party shall advise either (a) advise all other Parties of this intention at least five (5) business days prior to any such proposed filing; or (b) file any such Confidential Documents under seal.  The Parties will endeavor in good faith to resolve any objections to the inclusion of such Documents in the filing.  To the extent that the Parties are unable to resolve such objections, any party objecting to such filing shall seek relief before the court in which the  Confidential Documents have, or are to be, filed.

(16)        In the event that any of the Parties is served with a search warrant requiring immediate access to the Documents, the receiving party will notify the other Parties immediately upon execution of the search warrant.

7

WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Tel: (801) 364-1100   Fax: (801) 359-2320

(17)     Any copies (including electronic copies) of the Confidential Documents shall be treated as if they were part of the Confidential Documents in the first instance and shall be treated in accordance with the provisions of this Order.

**ADDITIONAL DESIGNATIONS**

(18)     Additional documents, including electronic documents, that have not yet been segregated remain at the Offices, and the Parties shall designate additional segregated documents to fall within the scope of this Order.

**DISPOSITION OF DOCUMENTS**

(19)     Unless otherwise agreed to by the Parties, within one year after the effective date of the plan or dismissal of this bankruptcy case, whichever occurs first, the Parties will make good faith efforts to reach an agreement as to the disposition of any of the Documents, including any copies, excerpts, summaries, abstracts or analyses, and any such agreement must be approved by this Court. To the extent that the Parties cannot reach any such agreement, any Party may make a motion to the Court.

**NOTICES**

(20)     Any notice provided pursuant to this Order shall be provided as follows:

(a)     if to the Debtors, by electronic mail and facsimile to:  Elaine A. Monson, Esq., emonson@rqn.com,    (801)    532-7543;    and    Allan    T.    Brinkeroff,    Esq., abrinkerhoff@rqn.com, (801) 532-7543;

8

WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Tel: (801) 364-1100  Fax: (801) 359-2320

1

(b)     if to USAIP or Mr. Milanowski, by electronic mail and facsimile to:  Douglas E.

2      Griffith,  Esq.,  dgriffith@kesler-rust.com,  (801)  531-7965;  Kenneth  M.  Breen,

3      Esq.,   kbreen@fulbright.com,   (212)   318-3400;   and   Russell   S.   Walker,

4      rwalker@woodburykesler.com, (801) 359-2320.

5

6

7   SO ORDERED:

8

9   _____

   Honorable Linda B. Riegle
10  United States Bankruptcy Judge

11  Date: _____

12

13

14

15

16

17

18

19

20

21

22

23

24                                      9

25

26

**UNDERTAKING**

I have read the foregoing Protective Order (the "Order") in the action entitled *In re USA Commercial Mortgage Company, et al.*, jointly administered under Case No. BK-S-06-10725 LBR (Bankr. D. Nev.), and I agree to be bound by its terms and conditions with respect to any documents, information or materials that are furnished to me other than as set forth in the Stipulation and Order and not to make any copies of such documents, material or information except in accordance with the Order.  I hereby consent to the jurisdiction of the United States Bankruptcy Court for the District of Nevada with regard to any proceedings to enforce the terms and conditions of the Order.

_____
Name:

Dated:

_____, _____

10