Frank J. Wright
Texas Bar #22028800
C. Ashley Ellis
Texas Bar #00794824
Hance Scarborough Wright
  Ginsberg & Brusilow, LLP
14755 Preston Rd., Suite 600
Dallas, TX 75254
phone: (972) 788-1600
fax: (972) 239-0138
bankruptcy@hswgb.com

ATTORNEYS FOR HALL
FINANCIAL GROUP, LTD. AND
HALL PHOENIX INWOOD, LTD.

Richard Holley
Nevad Bar #3077
Santoro, Driggs, Walch, Kearney,
  Johnson & Thompson
400 South Fourth St., 3rd Fl.
Las Vegas, NV 89101
phone: (702) 791-0308
fax: (702) 791-1912
Rholley@NevadaFirm.com

ATTORNEYS FOR HALL
FINANCIAL GROUP, LTD. AND
HALL PHOENIX INWOOD, LTD.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA Commercial Mortgage Company f/k/a<br>USA Capital, et al.<br>        Debtor. | ) BK-S-06-10725-LBR<br>) Chapter No. 11<br>)<br>)<br>) |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>        Debtor. | ) BK-S-06-10726-LBR<br>) Chapter 11<br>)<br>) |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>        Debtor. | ) BK-S-06-10727-LBR<br>) Chapter 11<br>)<br>)<br>) |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND,<br>LLC,<br>        Debtor. | ) BK-S-06-10728-LBR<br>) Chapter 11<br>)<br>)<br>) |
| In re:<br>USA SECURITIES, LLC,<br>        Debtor. | ) BK-S-06-10719-LBR<br>) Chapter 11<br>)<br>) |
| Affects:<br>   ☐   All Debtors<br>   ■   USA Commercial Mortgage Co.<br>   ☐   USA Securities, LLC<br>   ☐   USA Capital Realty Advisors, LLC<br>   ☐   USA Capital Diversified Trust Deed<br>   ☐   USA First Trust Deed Fund, LLC | ) **OPPOSITION TO MOTION FOR**<br>) **APPROVAL OF PROCEDURES**<br>) **REGARDING ASSIGNMENTS OF**<br>) **DIRECT LENDERS' INTERESTS IN**<br>) **LOANS (AFFECTS USA**<br>) **COMMERCIAL MORTGAGE)**<br>)<br>) Date: December 19, 2006<br>) Time: 10:00 a.m. |

HALL FINANCIAL GROUP, LTD. and HALL PHOENIX INWOOD, LTD. (collectively "HFG"), collectively the assignee of various interests in loans serviced by USA Commercial Mortgage Company ("USACM"), file this opposition to Motion for Approval of Procedures Regarding Assignments of Direct Lenders' Interests in Loans ("Motion") which was filed by USACM and would respectfully show the Court the following:

## I. **INTRODUCTION**

As the Court knows, this is not your normal Chapter 11 case. USACM is not a party to any of the approximately 115 loans totaling $962 million that were made. USACM is neither a lender nor a borrower. The loans are not assets of USACM's case. USACM is merely the loan servicer pursuant to a number of loan servicing agreements ("Loan Servicing Agreements") that were signed by the lenders on the various loans ("Direct Lenders"). The Debtors and USACM continue to try to treat these cases as traditional Chapter 11 cases but they simply aren't and provisions of the Bankruptcy Code that are applicable where assets of the estate are involved are not applicable here. Such is the case with USACM's current Motion. Nothing in the Bankruptcy Code or Rules permits USACM to obtain the relief that it is seeking - the unilateral modification of third party contract rights and restrictions on assignment of interests in those third party contracts.

USACM does have certain rights - the right to assume or reject the Loan Servicing Agreements - but USACM has not chosen to exercise those rights. However, the Bankruptcy Code does not give any Debtor the ability to unilaterally modify an executory contract and then assume and assign it. Clearly, that is what USACM proposes to do here as among other things USACM proposes to alter the existing fee structure in the Loan Servicing Agreements and impose restrictions on assignability where there were none without the agreement of the other party to those agreements and then to sell those agreements pursuant to a pending plan of reorganization to a company by the name of Silver Point. So this Motion is really about improving the assets that USACM has already agreed to sell for a fixed price for the benefit of a purchaser who hasn't agreed to pay any additional consideration for the improvement. Thus, the proposed benefit goes not to the estate but to Silver Point. Not that any of that changes the fact that what the Debtor proposes to do can not be done under the Bankruptcy Code or Rules, Section 105 or any other equitable theory.

## II. STATEMENT OF FACTS

These cases were commenced by the filing of voluntary petitions on April 13, 2006.

On or about June 2006, HFG approached certain of the Direct Lenders who owned interests in a loan to Gramercy Court, Ltd. and offered to buy their interests in the loan ("Gramercy Court Loan"). (Contrary to the statement by USACM, no approval of the Court or USACM was necessary for a Direct Lender to sell its interest in a loan.) Nine of the direct lenders in the Gramercy Court Loan elected to sell their interests to HFG. Each of those direct lenders executed a transfer of note and lien document ("Transfer Documents") assigning their interest in the loan to HFG. All but one of the Transfer Documents was executed in June 2006. The Transfer Documents were filed of record in the real estate records of Harris County, Texas in July 2006.

HFG then sent notice to USACM requesting that it amend its records to reflect HFG as the holder of these interests for all purposes including distributions and notices. Notices were sent in July and August, 2006 (not recently as stated by USACM in the Motion). To date, USACM has refused to amend its records to reflect that HFG is in fact the holder of these interests by virtue of the assignments. Instead USACM has continued to send all notices and payments, if any, to the Direct Lenders that no longer own the interests.

USACM and its affiliated debtors subsequently filed on July 7, 2006 Debtors' Motion to Distribute Funds and to Grant Ordinary-Course Releases and Distribute Proceeds ("Distribution Motion"). In the Distribution Motion, the Debtors sought to setoff the "due to" and "due from" amounts with respect to any Direct Lender regardless of whether it involved setting off pre-petition versus post-petition amounts and regardless of whether it involved setting off amounts between totally separate loans. On August 24, 2006, the Court entered an order granting the Distribution Motion on a limited basis ("Distribution Order"). The Distribution Order specifically provides however that it is not a final determination on the issue of setoff.

USACM has now filed the Motion in question seeking not only to force a setoff procedure on HFG's purchases that occurred prior to entry of the Distribution Order but also to restrict HFG's ability to freely assign the interests it purchased. Specifically, the procedure proposed by USACM would only enable a Direct Lender to sell its interests in a loan if it and its purchaser comply with

the procedures which include among other things: a requirement that either the purchaser buy all of the interests of the Direct Lender in any loan serviced by USACM regardless of whether the direct lender wanted to sell those interests or not and regardless of whether the buyer wanted to buy those interests <u>or</u> agree to take the interest subject to any setoff claims; a requirement that the buyer sign a Loan Servicing Agreement with USACM and agree to pay a fee of 3% even if USACM was currently entitled to a lesser fee; and a requirement that the buyer pay fees to USACM for acknowledging the transfer ("Proposed Restrictions on Assignment"). These are not procedures but rather restrictions on assignment of the Direct Lenders' interests in the loans.

HFG has filed the Declaration of Donald Braun in support of its opposition to the Motion and such Declaration is incorporated herein by reference.

### III. <u>POINTS AND AUTHORITIES</u>

#### A. <u>USACM has No Authority to Unilaterally Modify the Agreements</u>

USACM isn't a party to the loans and specifically in the case of HFG, is not a party to the Gramercy Court Loan. The only parties to that loan agreement and its related documents are Gramercy Court, Ltd. and the Direct Lenders that are listed as lenders on that loan. USACM is not one of them. Those agreements can only be modified by the consent of all parties to the agreements and neither the Direct Lenders (including HFG) nor the borrower have consented.

USACM is a party to each of the Loan Servicing Agreements entered into with each Direct Lender. However, those agreements are contracts between two parties and can not be modified by the unilateral act of one party to the contract nor can they be modified by "negative notice." USACM can assume the loan servicing agreements or reject them but it cannot modify them unilaterally. An executory contract may not be assumed in part and rejected in part. *Stewart Title Guaranty Co. v. Old Republic National Title Ins. Co.*, 83 F. 3d 735, 741 (5th Cir. 1996).

#### B. <u>The Agreements Specifically Permit Assignment</u>

USACM attempts to modify agreements to which it is not a party in order to place restrictions on the assignment that are expressly permitted by such agreements. The loan agreement to which the Direct Lenders and Gramercy Court, Ltd. are a party ("Loan Agreement") specifically provides in Section 8.9 that "This Agreement shall be binding upon and inure to the benefit of Borrower and

Lender and their respective successors and assigns; however, except as provided herein, Borrower may not assign its rights or interest or delegate any of its duties under this Agreement or any of the other Loan Documents without prior consent of Lender." There is no restriction on the ability of the Lender to assign its interests. In fact Section 8.17 of the Loan Agreement provides "Lender may, at any time, sell, transfer, assign, or grant participation in the Loan and in the Loan Documents and Lender may forward to its partners or to such participant and prospective participant all documents and information relating to the Loan and to Borrower, whether furnished by Borrower or otherwise, as Lender determines necessary or desirable."

The Deed of Trust granted to secure the Gramercy Court Loan permits the assignment of the Direct Lender's interest. The Deed of Trust is among Gramercy Court, Ltd., Scott K. McDonald and the Direct Lenders. Section 5.6 provides "This Deed of Trust applies to, incures to the benefit of, and is binding not only on the parties hereto, but on their heirs, executors, administrators, successors, and assigns."

The Promissory Note payable by Gramercy Court, Ltd. to the Direct Lenders also permits assignment. Section 14 expressly provides "Lender may assign its rights hereunder or obtain participants in this Note at any time, and any such assignee, successor, or participant shall have all rights of the Lender hereunder."

The Loan Servicing Agreement, which is the only one of the agreements with a Direct Lender as to which USACM is a party, also permits assignment. Section 16 provides "This Agreement shall be binding upon and shall inure to the benefit of the parties' respective successors and assigns." Section 5 provides "Should Lender desire to sell all or any part of its interest in the note and deed of trust, USA will assist Lender in finding potential buyers and completing the necessary documentation for the transaction. A fee of 5% of the remaining balance of Lender's undivided interest in the note amount will be deducted from the selling price and paid to USA on all such assignments for which USA locates the Assignee."

Thus all of the relevant agreements freely permit and provide for the ability of the Direct Lenders to assign their interests. None of them impose any restrictions and the only fee required to be paid is a 5% fee but that is only applicable if USACM procured the buyer. Further, all of the

relevant documents that provide that the Direct Lenders can freely assign their interests were prepared by USACM in connection with its origination of the loan.

### C. The Provisions of the Bankruptcy Rules Governing Transfers of Claims are Not Applicable

Bankruptcy Rule 3001(e) governs the transfers of claims in bankruptcy cases but is not applicable to transfers by the Direct Lenders of their interests in the loans. The Rule provides a mechanism for notice when a creditor who has filed a proof of claim desires to transfer that claim to another party. That is not what is at issue here. What is at issue here is not the transfer of a filed proof of claim but rather the assignment of an interest in a loan to which USACM is not a party. The Bankruptcy Rules do not govern such a transaction as what primarily is being transferred is a claim against the Borrower not USACM. That does not mean that if a claim exists against USACM for mishandling the loan servicing that it can't be assigned as well, it just means that such a claim would be governed by the Bankruptcy Rules assuming a proof of claim was on file prior to the assignment. Such was not the case with respect to the interests purchased by HFG.

Even if the transfer of a claim was involved, neither USACM nor any party other than the transferor has standing to object to a transfer of a claim. Here, the transferor is not objecting; the debtor is and the debtor has no standing. *In re Olson*, 120 F.2d 98, 102 (8th Cir. 1997).

### D. HFG's Position on the Proposed Restrictions on Assignment

The Proposed Restrictions on Assignment basically fall into five categories.

(1) **Setoff Rights**: USACM wants to be able to ignore an assignment unless the assignee acquires all of the interests a Direct Lender holds in any loans or agrees that any amounts "due from" a Direct Lender on any other loans will be permanently setoff against the amounts owed to the assignee on the loan acquired. Such a restriction violates the contract rights between the parties and would severely impede the ability of a Direct Lender to sell its interest in a single loan. Further the Bankruptcy Code does not provide for the ability to setoff pre-petition versus post-petition. Setoff also requires that there in fact be a debt and here the party that owes the debt is the borrower not USACM. USACM acts as if setoff is the only means by which it can recover payments that it made on a loan but did not collect from a borrower. That

would only be true if there were no additional monies to be collected on the loan but that is not the case on any of the loans to HFG's knowledge. Finally, HFG acquired its interests in the Gramercy Court Loan long before the Motion was filed. The imposition of this restriction would have affected its decision on purchase price and whether to purchase an interest at all.

(2) **Effective Date:** USACM proposes that the Effective Date of any assignment be the first day of the month after it receives an assignment that has been recorded in the real property records and a processing fee. The problem with this is that simply is not the effective date of the assignment. The assignment is effective when the Direct Lender and the assignee sign an agreement providing for the transfer. Neither recording nor notice to USACM has anything to do with the effectiveness of the assignment. Clearly however until USACM receives notice of the assignment (whether recorded or not) it cannot reflect the assignment in its records. However, it is not necessary for the Court to approve these Proposed Restrictions on Assignment for that to be the case. Regardless, USACM is not entitled to a fee for noting the assignment in its records. It is only entitled to an additional fee per the Loan Servicing Agreement if it procures the buyer (which it did not in the case of HFG). Otherwise, all of its services as loan servicer are compensated for by the 3% fee.

(3) **Increased Servicing Fee**: USACM proposes to further restrict assignments by requiring the assignee to sign a Loan Servicing Agreement provided for a 3% fee regardless of whether that is the fee that is stated in the existing Loan Servicing Agreement with the Direct Lender that is selling its interest. USACM has no ability under the Bankruptcy Code or otherwise to unilaterally modify an existing contract.

(4) **Distributions**: USACM proposes to further restrict assignments by providing that it does not have to distribute monies to an assignee until the Effective Date and until it has received a signed Loan Servicing Agreement at a 3% fee. This restriction runs squarely contrary to the assignments that have been made by the Direct Lenders.

OPPOSITION TO MOTION FOR APPROVAL OF PROCEDURES REGARDING ASSIGNMENTS OF DIRECT LENDERS' INTERESTS IN LOANS (AFFECTS USA COMMERCIAL MORTGAGE) Page 7

Those assignments are effective upon the date of execution. USACM, who is not a party to the assignments, can not now after the fact change the economic terms of the assignments.

(5) **Additional Fees**: USACM further proposes to restrict assignments by charging fees for processing the transfers and preparing recording documents. However, the Loan Servicing Agreements do not permit the imposition of such fees. Thus, USACM is again attempting to unilaterally modify the terms of an agreement. The existing Loan Servicing Agreements make it clear that USACM is to assist the Direct Lenders in their efforts to find a buyer and complete the documentation for the transaction. (A provision that USACM has clearly violated.) An additional fee is only due if USACM locates the buyer.

### E. The Proposed Restrictions on Assignment Must Be Denied

The Proposed Restrictions on Assignment can only be accomplished by the consent of all parties to the loan servicing agreements. USACM has not obtained those consents but apparently seeks to do so by "negative notice."

The Proposed Restrictions on Assignment appear to be intended to be applied retroactively. If that is the case, if imposed they would apparently render the assignments to HFG void notwithstanding the fact that the Direct Lenders and HFG complied with the provisions of the agreements as they existed at that time. There can be no question but that as to HFG and the Direct Lenders who assigned their interests in the Gramercy Court Loan that there has been an assignment and HFG now holds those interests. Further there can be no question but that the borrower, Gramercy Court, Ltd. is bound by such assignments. If the Court were to grant the Motion and thereby render the assignments that occurred in June and July 2006 null and void, the Court would subject each of the Direct Lenders to claims for damages by HFG.

HFG does not consent to the Proposed Restrictions on Assignment and does not consent to their imposition on a retroactive basis.

**F. HFG Incorporates All Other Oppositions to the Motion**

HFG notes that both the Official Committee of Holders of Executory Contract Rights ("Committee") and Debt Acquisition Company of America ("DACA") have filed oppositions to the Motion. HFG incorporates by this reference each of those oppositions with the exception that HFG does not agree with the position of DACA as to the Proposed Restrictions on Assignment and agrees with the Committee that the Motion must be denied.

WHEREFORE, PREMISES CONSIDERED, HFG prays that after hearing the Court deny the Motion; direct USACM to acknowledge the assignments by the Direct Lenders as required by the Loan Servicing Agreements and for such other and further relief as to which HFG may be justly entitled.

Dated: December 8, 2006

Respectfully submitted,

HANCE SCARBOROUGH WRIGHT GINSBERG & BRUSILOW, LLP

By: /s/ Frank J. Wright
Frank J. Wright
Texas Bar No. 22028800
C. Ashley Ellis
Texas Bar No. 00794824

600 Signature Place
14755 Preston Road
Dallas, TX 75254
(972) 788-1600
(972) 239-0138 (fax)

ATTORNEYS FOR HALL FINANCIAL GROUP, LTD. AND HALL PHOENIX INWOOD, LTD.

Dated: December 5, 2006

SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON

By: /s/ Richard F. Holley
Richard F. Holley
Nevada Bar No. 3077
400 South Fourth St., Third Floor
Las Vegas, NV 89101
(702) 791-0308
(702) 791-1912 (fax)

ATTORNEYS FOR HALL FINANCIAL GROUP, LTD. AND HALL PHOENIX INWOOD, LTD.