Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

E-FILED on December 11, 2006

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In re: USA COMMERCIAL MORTGAGE COMPANY, Debtor. | Case No. BK-S-06-10725 LBR  Case No. BK-S-06-10726 LBR  Case No. BK-S-06-10727 LBR  Case No. BK-S-06-10728 LBR  Case No. BK-S-06-10729 LBR |
|---|---|
| In re: USA CAPITAL REALTY ADVISORS, LLC, Debtor. | Chapter 11 |
| In re: USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, Debtor. | Jointly Administered Under Case No. BK-S-06-10725 LBR |
| In re: USA CAPITAL FIRST TRUST DEED FUND, LLC, Debtor. | **USA COMMERCIAL MORTGAGE COMPANY'S OBJECTION TO PROOF OF CLAIM NO. 819 FILED BY SPECTRUM FINANCIAL GROUP, LLC AND CLAIM NO. 821 FILED BY ROLLAND P. WEDDELL** |
| In re: USA SECURITIES, LLC, Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | Hearing Date:  January 17, 2007<br>Hearing Time:  9:30 a.m. |

USA Commercial Mortgage Company ("USACM"), by and through its counsel, hereby files its objection ("Objection") to Claim No. 819 filed by Spectrum Financial Group LLC ("Spectrum") and Claim No. 821 (collectively with Claim No. 819 the "Claims") filed by Rolland P. Weddell ("Weddell"), and moves this Court, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules") for an order granting the relief sought by this Objection. In support of its Objection, USACM states as follows:

## I.    JURISDICTION

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. The statutory predicate for the relief requested herein is 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II.    BACKGROUND

3. On April 13, 2006 ("Petition Date"), USACM, USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with DTDF, the "Funds"), and USA Securities, LLC ("USA Securities") (collectively the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. USACM and the other Debtors continue to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Management duties of USACM are conducted by Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow") who serves as the President and Chief Restructuring Officer.

4. On May 10, 2006, the Office of the United States Trustee filed notice indicating that the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company and the Official Committee of Holders of Executory Contract Rights Through USA Commercial Mortgage Company (collectively the "Committees") had been formed. No trustee or examiner has

been appointed.

5. On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest (the "Bar Date Order") (Docket No. 1280). The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline for creditors to file proofs of claim ("Bar Date"). The Court has extended the deadline for Direct Lenders to file proofs of claim to January 13, 2007.

6. On September 25, 2006, USACM served a copy of the Bar Date Order on its service lists (Docket No. 1358).

7. The Claims were filed on November 13, 2006, and are based on claims of "Money Loaned" and "Fraud relating to loans." Claim No. 819 is for an unsecured debt of $49,581,000 while Claim No. 821 is for an unsecured debt of $13,081,000.

8. Attached to the Claims are copies of the Fourth Amended Complaint ("Complaint") filed against USACM and various other defendants in the United States District Court for the District of Nevada ("District Court") commenced on March 29, 2001 (Case No. 01-0355). The Complaint does not seek a specific dollar amount in damages. USACM filed an answer ("Answer") to the Complaint and counterclaims on November 9, 2003, denying all the allegations in the Complaint.

9. On July 12, 2006, Spectrum and Weddell filed a motion for relief from the automatic stay in order to continue the litigation against USACM pending in the District Court (Docket No. 863). This Court entered an order on August 21, 2006, denying Spectrum and Weddell relief from the automatic stay (Docket No. 1171).

### III. APPLICABLE AUTHORITY

10. Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extent that the claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

1. USACM is entitled to object to proofs of claim under section 502(a) of the Bankruptcy Code.

12. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

### IV. OBJECTION TO SPECTRUM AND WEDDELL'S CLAIMS

13. USACM has analyzed the Claims and contends that it has no liability on account of the Claims. In its Answer, USACM denied liability on each of the counts alleged in the Complaint and continues to assert that it is not liable to either Spectrum or Weddell. The Claims are supported by nothing more than the Complaint, which does not specify a damage amount and offers no evidence that USACM is at all liable to either Spectrum or Weddell. The Claims are not enforceable against USACM and, therefore, should be disallowed in their entirety pursuant to section 502 of the Bankruptcy Code.

14. USACM reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and any other grounds. USACM further reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

For the reasons set forth herein, USACM respectfully requests that the Court enter an order sustaining its Objection and disallowing Claim No. 819 filed by Spectrum and Claim No. 821 filed by Weddell in their entirety because they are not enforceable against USACM. USACM also requests that the Court grant such other and further relief as it deems just and proper.

Respectfully submitted this 11th day of December, 2006.

    /s/   Jeanette E. McPherson
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

904195