Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

E-FILED on December 11, 2006

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                            Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                            Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                            Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                            Debtor. | **USA COMMERCIAL MORTGAGE COMPANY'S OBJECTION TO PROOF OF CLAIM NO. 1383 FILED BY LIBERTY BANK** |
| In re:<br>USA SECURITIES, LLC,<br>                                                            Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | Hearing Date: January 17, 2007<br>Hearing Time: 9:30 a.m. |

USA Commercial Mortgage Company ("USACM"), by and through its counsel, hereby files its objection ("Objection") to Claim No. 1383 filed by Liberty Bank ("Claim") and moves this Court, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules") for an order granting the relief sought by this Objection. In support of its Objection, USACM states as follows:

### I.    JURISDICTION

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. The statutory predicate for the relief requested herein is 11 U.S.C. § 502 and Bankruptcy Rule 3007.

### II.    BACKGROUND

3. On April 13, 2006 ("Petition Date"), USACM, USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with DTDF, the "Funds"), and USA Securities, LLC ("USA Securities") (collectively the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. USACM and the other Debtors continue to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Management duties of USACM are conducted by Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow") who serves as the President and Chief Restructuring Officer.

4. On May 10, 2006, the Office of the United States Trustee filed notice indicating that the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company and the Official Committee of Holders of Executory Contract Rights Through USA Commercial Mortgage Company (collectively the "Committees") had been formed. No trustee or examiner has been appointed.

1      5.    On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest (the "Bar Date Order") (Docket No. 1280). The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline for creditors to file proof of claims ("Bar Date"). The Court has extended the deadline for Direct Lenders to file proofs of claim to January 13, 2007.

    6.    On September 25, 2006, USACM served a copy of the Bar Date Order on its service lists (Docket No. 1358).

    7.    Liberty Bank filed its Claim on November 21, 2006,[1] claiming an unsecured debt owed to it for "Money Loaned" in the amount of $4,662,620.45. Liberty Bank attached two exhibits to its Claim. Exhibit A is a self-prepared breakdown of how Liberty Bank arrived at the amount of its Claim, and Exhibit B is a copy of a guaranty agreement between Liberty Bank and USACM ("Guarantee"). The Guarantee relates to a loan agreement between Liberty Bank and HMA Sales, LLC.

    8.    HMA Sales, LLC is an entity owned by Thomas Hantges and Joseph Milanowski, former insiders of USACM

    9.    USACM believes there is no evidence that Liberty Bank provided any consideration to USACM in exchange for the Guarantee.

### III. APPLICABLE AUTHORITY

    10.    Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extent that the claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

    11.    USACM is entitled to object to proofs of claim under section 502(a) of the Bankruptcy Code.

---

[1] Although Liberty Bank's Claim was filed after the Bar Date, the Court's Claims Register notes that the Claim was received by the BMC Group on November 9, 2006.

12. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

13. Section 502(d) of the Bankruptcy Code states that:

> [T]he court shall disallow any claim of any entity . . . that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

### IV. OBJECTION TO LIBERTY BANK'S CLAIM

14. USACM has analyzed Liberty Bank's Claim and contends that it has no liability on account of the Claim. The Guarantee that Liberty Bank received from USACM was not supported by any consideration provided to USACM. Therefore, USACM asserts that the granting of the Guarantee was a transfer that is avoidable under section 544, 547, and/or 548 of the Bankruptcy Code. As such, Liberty Bank's Claim must be disallowed pursuant to section 502(d) of the Bankruptcy Code.

15. USACM reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and any other grounds. USACM further reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

### V. CONCLUSION

For the reasons set forth herein, USACM respectfully requests that the Court enter an order sustaining its Objection and disallowing Claim No. 1393 filed by Liberty Bank in its entirety because Liberty Bank was the recipient of an avoidable transfer. Therefore, the Claim should be disallowed pursuant to section 502(d) of the Bankruptcy Code. USACM also requests that the

1  Court grant such other and further relief as it deems just and proper.

2  Respectfully submitted this 11th day of December, 2006.

   */s/ Jeanette E. McPherson*
   Lenard E. Schwartzer, Nevada Bar No. 0399
   Jeanette E. McPherson, Nevada Bar No. 5423
   SCHWARTZER & MCPHERSON LAW FIRM
   2850 South Jones Boulevard, Suite 1
   Las Vegas, Nevada  89146

   and

   Annette W. Jarvis, Utah Bar No. 1649
   Steven C. Strong, Utah Bar No. 6340
   RAY QUINNEY & NEBEKER P.C.
   36 South State Street, Suite 1400
   P.O. Box 45385
   Salt Lake City, Utah 84145-0385

903268