Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

E-FILED on December 11, 2006

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                                   Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                                   Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                                   Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                                   Debtor. | **USA COMMERCIAL MORTGAGE COMPANY'S OBJECTION TO PROOF OF CLAIM NO. 1099 FILED BY DEL AND ERNESTINE BUNCH** |
| In re:<br>USA SECURITIES, LLC,<br>                                                                   Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | Hearing Date:  January 17, 2007<br>Hearing Time: 9:30 a.m. |

USA Commercial Mortgage Company ("USACM"), by and through its counsel, hereby files its objection ("Objection") to Claim No. 1099 ("Claim") filed by Del and Ernestine Bunch ("Bunches") and moves this Court, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules") for an order granting the relief sought by this Objection. In support of its Objection, USACM states as follows:

## I. JURISDICTION

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. The statutory predicate for the relief requested herein is 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II. BACKGROUND

3. On April 13, 2006 ("Petition Date"), USACM, USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with DTDF, the "Funds"), and USA Securities, LLC ("USA Securities") (collectively the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. USACM and the other Debtors continue to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Management duties of USACM are conducted by Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow") who serves as the President and Chief Restructuring Officer.

4. On May 10, 2006, the Office of the United States Trustee filed notice indicating that the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company and the Official Committee of Holders of Executory Contract Rights Through USA Commercial Mortgage Company (collectively the "Committees") had been formed. No trustee or examiner has been appointed.

5.      On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest (the "Bar Date Order") (Docket No. 1280). The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline for creditors to file proof of claims ("Bar Date"). The Court has extended the deadline for Direct Lenders to file proofs of claim to January 13, 2007.

6.      On September 25, 2006, USACM served a copy of the Bar Date Order on its service lists (Docket No. 1358).

7.      The Bunches filed their Claim on November 17, 2006, claiming an unsecured debt owed to it for "Money Loaned" in the amount of $11,358,661.28. The Bunches attached certain exhibits to their Claim including two self-prepared charts showing late fees, interest due and payments made, and a copy of a promissory note ("Note") entered into between the Bunches and USACM. The Note, in favor of the Bunches, evidences a loan of $10,000,000 to USACM at an interest rate of 20% per annum. As demonstrated by the self-prepared charts attached to the Claim, however, payments were made to the Bunches based on an interest rate of 24% per annum.

8.      Upon information and belief, USACM asserts that the Bunches received payments from USACM of $217,000 on February 8, 2006, and $196,000 on March 10, 2006. The existence of these payments is also reflected in the exhibits attached to the Claim. These payments were both made within 90 days prior to the Petition Date.

### III.    APPLICABLE AUTHORITY

9.      Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extent that the claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

10.     USACM is entitled to object to proofs of claim under section 502(a) of the Bankruptcy Code.

11.     A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

12.     Section 502(d) of the Bankruptcy Code states that:

> [T]he court shall disallow any claim of any entity . . . that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

### IV.     OBJECTION TO THE BUNCHES' CLAIM

13.     USACM has analyzed the Bunches' Claim and contends that it should be disallowed under section 502(d) of the Bankruptcy Code. The Bunches were recipients of transfers from USACM made to them within 90 days prior to the Petition Dates that are avoidable under section 547(b) of the Bankruptcy Code as preferential transfers. Also, there may be other grounds for avoidance of pre-petition transfers from USACM to the Bunches. Therefore, the Bunches' Claim should be disallowed pursuant to section 502(d) of the Bankruptcy Code.

14.     USACM reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and any other grounds. USACM further reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

### V.     CONCLUSION

For the reasons set forth herein, USACM respectfully requests that the Court enter an order sustaining its Objection and disallowing Claim No. 1099 filed by Del and Ernestine Bunch in its entirety because they are the recipients of fraudulent transfers. Section 502(d) of the Bankruptcy Code, therefore, mandates that the Claim be disallowed. USACM also requests that the Court

grant such other and further relief as it deems just and proper.

    Respectfully submitted this 11th day of December, 2006.

                                                /s/   Jeanette E. McPherson
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

904495