Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

E-FILED on December 11, 2006

Attorneys for Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **USA COMMERCIAL MORTGAGE COMPANY'S OBJECTION TO PROOF OF CLAIM NO. 784 FILED BY BINFORD MEDICAL DEVELOPERS LLC** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | Date: January 17, 2007<br>Time: 9:30 a.m. |

1   USA Commercial Mortgage Company ("USACM"), by and through its counsel, hereby files its objection ("Objection") to Claim No. 784 ("Claim") filed by Binford Medical Developers LLC ("Binford") and moves this Court, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules") for an order granting the relief sought by this Objection. In support of its Objection, USACM states as follows:

## I. JURISDICTION

1.   The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2.   The statutory predicate for the relief requested herein is 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II. BACKGROUND

3.   On April 13, 2006 ("Petition Date"), USACM, USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with DTDF, the "Funds"), and USA Securities, LLC ("USA Securities") (collectively the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. USACM and the other Debtors continue to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Management duties of USACM are conducted by Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow") who serves as the President and Chief Restructuring Officer.

4.   On May 10, 2006, the Office of the United States Trustee filed notice indicating that the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company and the Official Committee of Holders of Executory Contract Rights Through USA Commercial Mortgage Company (collectively the "Committees") had been formed. No trustee or examiner has been appointed.

5.    On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest (the "Bar Date Order") (Docket No. 1280). The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline for creditors to file proofs of claim ("Bar Date"). The Court has extended the deadline for Direct Lenders to file proofs of claim to January 13, 2007.

6.    On September 25, 2006, USACM served a copy of the Bar Date Order on its service lists (Docket No. 1358).

7.    Binford filed its Claim on November 9, 2006, claiming an unsecured debt of $3,502,383 for "Breach of Contract, Intentional Misrepresentation and other theories in attached Complaint." The complaint attached to the Claim ("Complaint") was filed in Adversary Proceeding No. 06-1212 commenced against USACM on November 7, 2006 (Docket No. 1752).

8.    The Complaint is based on an agreement between Binford and USACM (the "Agreement") whereby USACM arranged for a loan between Binford and a group of direct lenders ("Binford Direct Lenders"), which is evidenced by a Loan Agreement dated August 31, 2005, between Binford and the Binford Direct Lenders ("Loan Agreement").

9.    The Loan Agreement states that USACM and the Binford Direct Lenders have the exclusive right, <u>but not the obligation</u>, to increase the amount of the loan to Binford up to $8,375,000. The Binford Direct Lenders funded the initial loan in the amount of $4,250,000.

10.    Binford also asserts that USACM is in breach of a separate agreement (the "Side Agreement") dated August 30, 2005, whereby USACM agreed to cause the Loan Amount for the Binford Loan to be increased to $8,375,000 from USACM's own funds if necessary. Binford contends that the last $925,000 of future advances were not made by USACM to Binford post-petition. Binford claims that it made demand upon USACM for the last $925,000 of future advances.

11.    USACM filed its answer ("Answer") to the Complaint on November 30, 2006, denying any liability, asserting various affirmative defenses, and requesting the dismissal of the Complaint. USACM also filed a counterclaim against Binford the same day.

12. The last sentence of Paragraph 1 of the Side Agreement provides that "Notwithstanding the foregoing, Borrower acknowledges that no such advances need to be made when an Event of Default [under the Loan Agreement] exists, unless such Event of Default was caused by a default by USA under this Agreement."

13. Paragraph 3.3 of the Loan Agreement requires Binford to keep the interest on the Binford Loan current, even if the interest reserve under the Binford Loan is exhausted. Binford failed to keep the interest on the Binford Loan current, and therefore was in breach of the Loan Agreement, causing an Event of Default. The Binford Direct Lenders funded the full $500,000 of Interest Reserve required under the Loan Agreement, which was all used to pay interest on the Binford Loan. When the Interest Reserve was exhausted, Binford failed to keep the interest on the Binford Loan current.

14. USACM contends that Binford was in breach of the Loan Agreement before any obligation was allegedly breached on the part of USACM under the Side Agreement to make the last $925,000 of future advances under the Loan Agreement. Therefore, USACM had no obligation to fund the last $925,000 of future advances because of the existing Event of Default by Binford.

15. In addition, the damages claimed by Binford for the alleged breach of contract by USACM are not liquidated and are speculative, and should not be the basis for allowing a claim at this stage of these proceedings.

### III. APPLICABLE AUTHORITY

16. Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extent that the claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

17. USACM is entitled to object to proofs of claim under section 502(a) of the Bankruptcy Code.

- 4 -

18. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

### IV. OBJECTION TO BINFORD'S CLAIM

19. USACM has analyzed Binford's Claim and contends that it has no liability on account of the Claim. Pursuant to the Loan Agreement, neither USACM nor the Binford Direct Lenders were obligated to advance the full $8,375,000 to Binford. Additional advances beyond the initial $4,250,000 were to be made in the sole discretion of USACM and the Binford Direct Lenders. Even under the Side Agreement, there was an Event of Default by Binford for its failure to keep the interest on the Binford Loan current, which relieved USACM of any alleged obligation to fund the final $925,000 of future advances on the Binford Loan. Moreover, Binford's claimed damages are not liquidated and are speculative, and cannot be the basis for allowing a claim for voting purposes. Binford Binford's Claim, therefore, is not enforceable against USACM and should be disallowed in its entirety pursuant to section 502 of the Bankruptcy Code.

20. USACM reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and any other grounds. USACM further reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

For the reasons set forth herein, USACM respectfully requests that the Court enter an order sustaining its Objection and disallowing Claim No. 784 filed by Binford in its entirety because it is not enforceable against USACM. USACM also requests that the Court grant such other and further relief as it deems just and proper.

Respectfully submitted this 11th day of December, 2006.

    /s/ Lenard E. Schwartzer, Esq.
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

903489.02