Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

E-FILED on December 11, 2006

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **USA COMMERCIAL MORTGAGE COMPANY'S OBJECTION TO PROOF OF CLAIM NO. 155 FILED BY GATEWAY STONE ASSOCIATES, LLC** |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | Hearing Date: January 17, 2007<br>Hearing Time: 9:30 a.m. |

USA Commercial Mortgage Company ("USACM"), by and through its counsel, hereby files its objection ("Objection") to Claim No. 155 ("Claim") filed by Gateway Stone Associates, LLC ("Gateway") and moves this Court, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules") for an order granting the relief sought by this Objection.  In support of its Objection, USACM states as follows:

## I. JURISDICTION

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. The statutory predicate for the relief requested herein is 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II. BACKGROUND

3. On April 13, 2006 ("Petition Date"), USACM, USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with DTDF, the "Funds"), and USA Securities, LLC ("USA Securities") (collectively the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  USACM and the other Debtors continue to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Management duties of USACM are conducted by Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow") who serves as the President and Chief Restructuring Officer.

4. On May 10, 2006, the Office of the United States Trustee filed notice indicating that the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company and the Official Committee of Holders of Executory Contract Rights Through USA Commercial Mortgage Company (collectively the "Committees") had been formed.  No trustee or examiner has been appointed.

5.	On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest (the "Bar Date Order") (Docket No. 1280).  The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline for creditors to file proof of claims ("Bar Date").  The Court has extended the deadline for Direct Lenders to file proofs of claim to January 13, 2007.

6.	On September 25, 2006, USACM served a copy of the Bar Date Order on its service lists (Docket No. 1358).

7.	Gateway filed its Claim on August 28, 2006, claiming an unsecured debt owed to it for "Additional loan to borrower" in the amount of $3,630,000.  Attached to the Claim is a copy of an agreement between Gateway and USACM ("Agreement") whereby USACM arranged for a loan between Gateway and a group of direct lenders ("Gateway Direct Lenders").  This loan was arranged by USACM and evidenced by a Loan Agreement dated November 18, 2005, between Gateway and the Gateway Direct Lenders ("Loan Agreement").

8.	The Loan Agreement states that USACM and the Gateway Direct Lenders have the exclusive right, but not the obligation, to increase the amount of the loan to Gateway up to $16,230,000.  The Gateway Direct Lenders funded the initial loan in the amount of $12,600,000.

9.	Gateway also asserts that USACM is in breach of a separate agreement (the "Side Agreement") dated November 18, 2005, whereby USACM agreed to cause the Loan Amount for the Gateway Loan to be increased to $16,230,000 from USACM's own funds if necessary.  Gateway contends that certain future advances were not made by USACM to Gateway post-petition.  Gateway claims that it made demand upon USACM for the last future advances for the Gateway Loan.

10.	The last sentence of Paragraph 1 of the Side Agreement provides that "Notwithstanding the foregoing, Borrower acknowledges that no such advances need to be made when an Event of Default [under the Loan Agreement] exists, unless such Event of Default was caused by a default by USA under this Agreement."

11.     USACM contends that Gateway was in breach of the Loan Agreement before any obligation was allegedly breached on the part of USACM under the Side Agreement to make any last future advances under the Loan Agreement.  Therefore, USACM had no obligation to fund the last future advances because of the existing Event of Default by Gateway.

12.     In addition, the damages claimed by Gateway for the alleged breach of contract by USACM are not liquidated and are speculative, and should not be the basis for allowing a claim at this stage of these proceedings.

### III.     APPLICABLE AUTHORITY

13.     Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extent that the claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

14.     USACM is entitled to object to proofs of claim under section 502(a) of the Bankruptcy Code.

15.     A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

### IV.     OBJECTION TO GATEWAY'S CLAIM

16.     USACM has analyzed Gateway's Claim and contends that it has no liability on account of the Claim.  Pursuant to the Loan Agreement, neither USACM nor the Gateway Direct Lenders were obligated to advance the full $16,230,000 to Gateway.  Additional advances beyond the initial $12,600,000 were to be made in the sole discretion of USACM and the Gateway Direct

1   Lenders.  Even under the Side Agreement, there was an Event of Default by Gateway under the
2   Gateway Loan Agreement before USACM had any obligation to advance any funds under the Side
3   Agreement, which relieved USACM of any alleged obligation to fund the final future advances on
4   the Gateway Loan.  Moreover, Gateway's claimed damages are not liquidated and are speculative,
5   and cannot be the basis for allowing a claim for voting purposes. Gateway's Claim, therefore, is
6   not enforceable against USACM and should be disallowed in its entirety pursuant to section 502
7   of the Bankruptcy Code.

    17.   USACM reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and any other grounds.  USACM further reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

## V.   CONCLUSION

For the reasons set forth herein, USACM respectfully requests that the Court enter an order sustaining its Objection and disallowing Claim No. 155 filed by Gateway in its entirety because it is not enforceable against USACM.  USACM also requests that the Court grant such other and further relief as it deems just and proper.

Respectfully submitted this 11th day of December, 2006.

 /s/   Lenard E. Schwartzer, Esq.
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

904434.02