***Electronically Filed on December 11, 2006***

JANET L. CHUBB, ESQ.
Nevada Bar # 176
LOUIS M. BUBALA III, ESQ.
Nevada Bar # 8974
JONES VARGAS
100 W. Liberty St, 12th Floor
P.O. Box 281
Reno, NV 89504-0281
Telephone: (775) 786-5000
Fax: 775-786-1177
Email: jlc@jonesvargas.com
tbw@jonesvargas.com
lbubala@jonesvargas.com

Attorneys for Robert J. Kehl; Ruth Ann Kehl; Robert A. Kehl; Christina "Tina" M. Kehl; Krystina L. Kehl; Daniel J. Kehl; Kevin A. Kehl, individually and on behalf of Susan L. Kehl and Andrew R. Kehl; Christina M. Kehl; Patrick J. Anglin; Cynthia A. Winter; Kehl Development Corporation; Judy A. Bonnet; Kevin A. McKee; Pamela J. McKee; and Warren Hoffman Family Investments, LP

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000 Fax: (775) 786-1177

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

USA COMMERCIAL MORTGAGE COMPANY, Debtor.

USA CAPITAL REALTY ADVISORS, LLC, Debtor.

USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, Debtor.

USA CAPITAL FIRST TRUST DEED FUND, LLC, Debtor.

USA SECURITIES, LLC, Debtor.

Affects:
☐ All Debtors
■ USA Commercial Mortgage Company
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA Capital First Trust Deed Fund, LLC
☐ USA Securities, LLC

Case No. BK-S-06-10725-LBR
Case No. BK-S-06-10726-LBR
Case No. BK-S-06-10727-LBR
Case No. BK-S-06-10728-LBR
Case No. BK-S-06-10729-LBR

Chapter 11

Jointly Administered Under
Case No. BK-S-06-10725-LBR

| ROBERT J. KEHL; RUTH ANN KEHL; ROBERT A. KEHL; CHRISTINA "TINA" M. KEHL; KRYSTINA L. KEHL; DANIEL J. KEHL; KEVIN A. KEHL, INDIVIDUALLY AND ON BEHALF OF SUSAN L. KEHL AND ANDREW R. KEHL; CHRISTINA M. KEHL; PATRICK J. ANGLIN; CYNTHIA A. WINTER; KEHL DEVELOPMENT CORPORATION; JUDY A. BONNET; KEVIN A. MCKEE; PAMELA J. MCKEE; and WARREN HOFFMAN FAMILY INVESTMENTS, LP,<br><br>Plaintiffs,<br><br>vs.<br><br>USA COMMERCIAL MORTGAGE COMPANY, JOSEPH D. MILANOWSKI, THOMAS A. HANTGES, and DOE DEFENDANTS 1-10,<br><br>Defendants. | Adversary No.<br><br>Hearing Date: n/a<br>Hearing Time: n/a |
|---|---|

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000 Fax: (775) 786-1177

Plaintiffs ("the Kehl plaintiffs"), by and through their counsel, Jones Vargas, allege of Defendant USA Commercial Mortgage Company ("USA Commercial"), as follows:

**I.**

**JURISDICTION**

1. USA Commercial is the debtor in Case No. BK-S-06-10725-LBR, which was initiated by its filing a Chapter 11 petition in the United States Bankruptcy Court for the District of Nevada on April 13, 2006.

2. The Kehl plaintiffs are unsecured creditors as direct lenders and beneficiaries ("direct lenders") in loans arranged and serviced by USA Commercial.

3. The Kehl plaintiffs bring this action pursuant to Fed. R. Bankr. P. 7001 et seq., and 9001 et. seq., seeking an accounting and damages.

4. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

5. This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O), and 11 U.S.C. §§ 541 and 553, and is brought as an adversary

proceeding in accordance with Fed. R. Bankr. P. 7001 et seq.

**II.**

**VENUE**

6. Venue lies in the District of Nevada pursuant to 28 U.S.C. § 1409(a), as this is a proceeding under the Bankruptcy Code in a bankruptcy case commenced and pending in the District of Nevada.

**III.**

**PARTIES**

7. Robert J. and Ruth Ann Kehl are married individuals, residents of Nevada and Iowa, and, jointly, partially funded loans arranged and serviced by USA Commercial.

8. Robert A. and Christina "Tina" M. Kehl are married individuals, residents of Illinois, and, jointly, partially funded loans arranged and serviced by USA Commercial.

9. Robert A. Kehl, individually, also partially funded loans arranged and serviced by USA Commercial.

10. Krystina L. Kehl is a resident of Illinois, and partially funded loans arranged and serviced by USA Commercial.

11. Daniel J. Kehl is a resident of North Carolina, and partially funded loans arranged and serviced by USA Commercial.

12. Kevin A. Kehl is a resident of Iowa, and partially funded loans arranged and serviced by USA Commercial.

13. Kevin A. Kehl, on behalf of his children, Susan L. Kehl and Andrew R. Kehl, partially funded loans arranged and serviced by USA Commercial.

14. Christina M. Kehl is a resident of Illinois, and partially funded loans arranged and serviced by USA Commercial.

15. Patrick J. Anglin is a resident of Illinois, and partially funded loans arranged and serviced by USA Commercial.

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000 Fax: (775) 786-1177

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000 Fax: (775) 786-1177

16. Cynthia A. Winter is a resident of Iowa, and partially funded loans arranged and serviced by USA Commercial.

17. Kehl Development Corporation is an Iowa corporation and partially funded loans arranged and serviced by USA Commercial.

18. Judy A. Bonnet is a resident of Illinois, and partially funded loans arranged and serviced by USA Commercial.

19. Kevin A. and Pamela J. McKee are married individuals, residents of Iowa, and, jointly, partially funded loans arranged and serviced by USA Commercial.

20. Warren Hoffman Family Investments, LP, is an unincorporated Iowa limited partnership, and partially funded loans arranged and serviced by USA Commercial.

21. The Kehl plaintiffs loaned more than $19 million to partially fund numerous loans arranged and serviced by USA Commercial, including but not limited to the loans commonly known as: 3685 San Fernando Road Partners, L.P.; Anchor B, LLC; Ashby Financial; BarUSA; Bay Pompano Beach, LLC; Brookmere/Matteson; Bundy Canyon $5,725,000; Copper Sage Commerce Center, LLC; Del Valle; Eagle Meadows Development; Fiesta Oak Valley; Fiesta USA/Stoneridge; Foxhill 216, LLC; Freeway 101; Gateway Stone; Glendale Tower Partners, L.P.; Gramercy Court Condos; HFA-Clear Lake, LLC; Huntsville; I-40 Gateway West, LLC; La Hacienda Estate, LLC; Mountain House Business Park; Ocean Atlantic Chicago, LLC; Ocean Atlantic/PDG-Westbry LLC; Opaque/Mt. Edge; Palm Harbor One, LLC; Placer Vineyards; Roam Development Group, L.P.; Shamrock Tower, L.P.; Tapia Ranch; and Ten-Ninety.

22. USA Commercial is a Nevada corporation.

23. Joseph D. Milanowski is a resident of Nevada, and principal and former officer and director of USA Commercial.

24. Thomas A. Hantges is a resident of Nevada, and principal and former officer and director of USA Commercial.

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000 Fax: (775) 786-1177

25. Additional doe defendants, including other insiders and associates of USA Commercial, also may have acted wrongfully, contributed to the Kehl plaintiffs' damages, and be liable to the Kehl plaintiffs, and shall be named after they are identified.

**IV.**

**FACTS COMMON TO ALL ALLEGATIONS**

26. USA Commercial arranged loans for borrowers, solicited lenders who directly funded those loans and are secured beneficiaries in those loans, and acts as a servicing agent for those direct lenders.

27. The Kehl plaintiffs partially funded loans arranged by USA Commercial.

28. USA Commercial entered into loan-servicing agreement with Robert J. and Ruth Ann Kehl, jointly; Robert A. Kehl; Krystina L. Kehl; Daniel J. Kehl; Kevin A. Kehl, individually and on behalf of Susan L. Kehl and Andrew R. Kehl; Christina M. Kehl; Cynthia A. Winter; Kehl Development Corporation; Judy A. Bonnet; Kevin A. and Pamela J. McKee, jointly; and Warren Hoffman Family Investments, LP.

29. USA Commercial does not have a loan-servicing agreements with Robert A. and Christina "Tina" M. Kehl, jointly.

30. The Kehl plaintiffs are unaware of a USA Commercial loan-servicing agreement with Patrick J. Anglin.

31. USA Commercial owed contractual, statutory, and fiduciary duties to the Kehl plaintiffs as the loan originator and loan-servicing agent.

32. As compensation for its services pursuant to the terms of the loan-servicing agreements, USA Commercial was authorized to retain monthly, as compensation for services performed, one-twelfth of its annual servicing fee, which could not exceed one (1) percent per annum of the maximum principal amount of each loan serviced for Robert J. and Ruth Ann Kehl, jointly; Robert A. Kehl; Krystina L. Kehl; Daniel J. Kehl; Kevin A. Kehl, individually and on behalf of Susan L. Kehl and Andrew R. Kehl; Christina M. Kehl;

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000 Fax: (775) 786-1177

Cynthia A. Winter; Kehl Development Corporation; Judy A. Bonnet; and Warren Hoffman Family Investments, LP.

33. As compensation for its services provided pursuant to the terms of the loan-servicing agreement, USA Commercial was authorized to retain monthly, as compensation for services performed, one-twelfth of its annual servicing fee, which could not exceed three (3) percent per annum of the maximum principal amount of each loan serviced for Kevin A. and Pamela J. McKee, jointly.

34. USA Commercial is not entitled to assess or collect loan-servicing fees for borrower payments on loans partially funded by Robert A. and Christina "Tina" M. Kehl, jointly, or Patrick J. Anglin, because it does not have loan-servicing agreements with them.

35. USA Commercial assessed, accrued, or collected servicing fees from the Kehl plaintiffs in months when it was not entitled to collect fees because it was not providing its contractual services.

36. USA Commercial was contractually obligated to--but, upon information and belief, failed to--obtain financial statements and information from borrowers, and other documents necessary to protect the interests of the Kehl plaintiffs.

37. USA Commercial was contractually obligated to--but failed to--keep appropriate accounting records on each note funded by the Kehl plaintiffs and the sums collected thereon, including records that reflect the amounts collected as to principal, interest, late charges, insurance, taxes and other specified amounts.

38. USA Commercial was contractually obligated to--but failed to--diligently collect all payments due on the loans funded by the Kehl plaintiffs.

39. USA Commercial was contractually obligated to--but failed to--promptly pay the Kehl plaintiffs $517,335.48 in principal, as well as interest, owed to them.

40. USA Commercial was contractually obligated to--but failed to--take steps, including foreclosure, to collect on the loans funded by the Kehl plaintiffs when borrowers

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000 Fax: (775) 786-1177

failed to make payments.

41. USA Commercial was contractually prohibited--but, upon information and belief, did so anyway--from consenting to modifications and extensions and extensions of the loans funded by the Kehl plaintiffs that materially or adversely affected the security provided without sufficient disclosure of the status of such loans.

42. USA Commercial was contractually prohibited--but, upon information and belief, did so anyway--from permitting any modification that would change the interest rate, forgive the payment of any principal or interest, change the outstanding principal amount, or extend the maturity date, without the Kehl plaintiffs' prior consent.

43. USA Commercial arranged loans for the Kehl plaintiffs to entities in which USA Commercial insiders held an interest in, without adequate investigation into the worthiness of the loan, and without disclosure to the Kehl plaintiffs.

44. USA Commercial falsified statements to the Kehl plaintiffs to show that borrowers were making payments on loans partially funded by the Kehl plaintiffs.

45. Although borrowers were not making payments on loans partially funded by the Kehl plaintiffs, USA Commercial continued to distribute funds to the Kehl plaintiffs as if the borrowers were making payments.

46. Mr. Milanowski and Mr. Hantges treated USA Commercial as an alter ego.

47. Mr. Milanowski and Mr. Hantges influenced and governed USA Commercial before their departure from the company.

48. There was a unity of interest between USA Commercial and Mr. Milanowski such that one is inseparable from the other.

49. There was a unity of interest between USA Commercial and Mr. Hantges such that one is inseparable from the other.

50. If Mr. Milanowski and Mr. Hantges are allowed to avoid liability to the Kehl plaintiffs because of the adherence of the corporate fiction that USA Commercial was

separate entity, such avoidance would sanction a fraud or promote injustice.

**V.**

**FIRST CLAIM FOR RELIEF**

**Accounting**

51. The Kehl plaintiffs reallege and incorporate by this reference each and every allegation contained in paragraphs 1 through 50.

52. USA Commercial has not maintained or provided the Kehl plaintiffs with proper records accounting for payments received from borrowers on loans funded by the Kehl plaintiffs, how such funds were held by USA Commercial, and how such funds were distributed by USA Commercial.

53. Therefore, each of the Kehl plaintiffs is entitled to a complete and accurate accounting--not unfathomable and inconsistent reconciliations--from USA Commercial for the loans funded by each of the Kehl plaintiffs.

**SECOND CLAIM FOR RELIEF**

**Breach of Contract**

54. The Kehl plaintiffs reallege and incorporate by this reference each and every allegation contained in paragraphs 1 through 50.

55. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached the terms of USA Commercial's loan-servicing agreements because USA Commercial assessed, accrued, or collected servicing fees from the Kehl plaintiffs in months when it was not entitled to collect fees because it was not providing its contractual services.

56. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached the terms of USA Commercial's loan-servicing agreements because USA Commercial failed to obtain financial statements and information from borrowers, and other documents necessary to protect the interests of the Kehl plaintiffs.

57. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached the terms of

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000 Fax: (775) 786-1177

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000 Fax: (775) 786-1177

USA Commercial's loan-servicing agreements because USA Commercial failed to keep appropriate accounting records on each note funded by the Kehl plaintiffs and the sums collected thereon, including records that reflect the amounts collected as to principal, interest, late charges, insurance, taxes and other specified amounts.

58. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached the terms of USA Commercial's loan-servicing agreements because USA Commercial failed to diligently collect all payments due on the loans funded by the Kehl plaintiffs.

59. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached the terms of USA Commercial's loan-servicing agreements because USA Commercial failed to promptly pay the Kehl plaintiffs $517,335.48 in principal, as well as interest, owed to them.

60. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached the terms of USA Commercial's loan-servicing agreements because USA Commercial failed to take steps, including foreclosure, to collect on the loans funded by the Kehl plaintiffs when borrowers failed to make payments.

61. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached the terms of USA Commercial's loan-servicing agreements because USA Commercial impermissibly consented to modifications and extensions of the loans funded by the Kehl plaintiffs that materially or adversely affected the security provided without sufficient disclosure of the status of such loans.

62. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached the terms of USA Commercial's loan-servicing agreements because USA Commercial impermissibly permitted modifications that would change the interest rate, forgave the payment of principal or interest, changed the outstanding principal amount, or extended the maturity date, without the Kehl plaintiffs' prior consent.

63. The Kehl plaintiffs were damaged by these breaches of contact and are entitled to compensation.

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000 Fax: (775) 786-1177

**THIRD CLAIM FOR RELIEF**

**Tortious Breach of Contact**

64. The Kehl plaintiffs reallege and incorporate by this reference each and every allegation contained in paragraphs 1 through 50.

65. USA Commercial, Mr. Milanowski, and/or Mr. Hantges tortiously breached the terms of USA Commercial's loan-servicing agreements because USA Commercial assessed, accrued, or collected servicing fees from the Kehl plaintiffs in months when it was not entitled to collect fees because it was not providing its contractual services.

66. USA Commercial, Mr. Milanowski, and/or Mr. Hantges tortiously breached the terms of USA Commercial's loan-servicing agreements because USA Commercial failed to obtain financial statements and information from borrowers, and other documents necessary to protect the interests of the Kehl plaintiffs.

67. USA Commercial, Mr. Milanowski, and/or Mr. Hantges tortiously breached the terms of USA Commercial's loan-servicing agreements because USA Commercial failed to keep appropriate accounting records on each note funded by the Kehl plaintiffs and the sums collected thereon, including records that reflect the amounts collected as to principal, interest, late charges, insurance, taxes and other specified amounts.

68. USA Commercial, Mr. Milanowski, and/or Mr. Hantges tortiously breached the terms of USA Commercial's loan-servicing agreements because USA Commercial failed to diligently collect all payments due on the loans funded by the Kehl plaintiffs.

69. USA Commercial, Mr. Milanowski, and/or Mr. Hantges tortiously breached the terms of USA Commercial's loan-servicing agreements because USA Commercial failed to promptly pay the Kehl plaintiffs $517,335.48 in principal, as well as interest, owed to them.

70. USA Commercial, Mr. Milanowski, and/or Mr. Hantges tortiously breached the terms of USA Commercial's loan-servicing agreements because USA Commercial failed

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000 Fax: (775) 786-1177

to take steps, including foreclosure, to collect on the loans funded by the Kehl plaintiffs when borrowers failed to make payments.

71. USA Commercial, Mr. Milanowski, and/or Mr. Hantges tortiously breached the terms of USA Commercial's loan-servicing agreements because USA Commercial impermissibly consented to modifications and extensions and extensions of the loans funded by the Kehl plaintiffs that materially or adversely affected the security provided without sufficient disclosure of the status of such loans.

72. USA Commercial, Mr. Milanowski, and/or Mr. Hantges tortiously breached the terms of USA Commercial's loan-servicing agreements because USA Commercial impermissibly permitted modifications that would change the interest rate, forgave the payment of principal or interest, changed the outstanding principal amount, or extended the maturity date, without the Kehl plaintiffs' prior consent.

73. The Kehl plaintiffs were damaged by these tortious breaches of contact and are entitled to compensation.

**FOURTH CLAIM FOR RELIEF**

**Breach of the Implied Covenant of Good Faith & Fair Dealing**

74. The Kehl plaintiffs reallege and incorporate by this reference each and every allegation contained in paragraphs 1 through 50.

75. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached the implied covenant of good faith and fair dealing in USA Commercial's loan-servicing agreements because USA Commercial assessed, accrued, or collected servicing fees from the Kehl plaintiffs in months when it was not entitled to collect fees because it was not providing its contractual services.

76. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached the terms of USA Commercial's loan-servicing agreements because USA Commercial failed to obtain financial statements and information from borrowers, and other documents necessary to

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000 Fax: (775) 786-1177

protect the interests of the Kehl plaintiffs.

77. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached the implied covenant of good faith and fair dealing in USA Commercial's loan-servicing agreements because USA Commercial failed to keep appropriate accounting records on each note funded by the Kehl plaintiffs and the sums collected thereon, including records that reflect the amounts collected as to principal, interest, late charges, insurance, taxes and other specified amounts.

78. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached the implied covenant of good faith and fair dealing in USA Commercial's loan-servicing agreements because USA Commercial failed to diligently collect all payments due on the loans funded by the Kehl plaintiffs.

79. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached the implied covenant of good faith and fair dealing in USA Commercial's loan-servicing agreements because USA Commercial failed to promptly pay the Kehl plaintiffs $517,335.48 in principal, as well as interest, owed to them.

80. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached the implied covenant of good faith and fair dealing in USA Commercial's loan-servicing agreements because USA Commercial failed to take steps, including foreclosure, to collect on the loans funded by the Kehl plaintiffs when borrowers failed to make payments.

81. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached the implied covenant of good faith and fair dealing in USA Commercial's loan-servicing agreements because USA Commercial impermissibly consented to modifications and extensions and extensions of the loans funded by the Kehl plaintiffs that materially or adversely affected the security provided without sufficient disclosure of the status of such loans.

82. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached the implied covenant of good faith and fair dealing in USA Commercial's loan-servicing agreements

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000 Fax: (775) 786-1177

because USA Commercial impermissibly permitted modifications that would change the interest rate, forgave the payment of principal or interest, changed the outstanding principal amount, or extended the maturity date, without the Kehl plaintiffs' prior consent.

83. The Kehl plaintiffs were damaged by these breaches of the implied covenant of good faith and fair dealing, and are entitled to compensation.

**FIFTH CLAIM FOR RELIEF**

**Breach of Fiduciary Duty**

84. The Kehl plaintiffs reallege and incorporate by this reference each and every allegation contained in paragraphs 1 through 50.

85. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached their fiduciary duties owed to the Kehl plaintiffs because USA Commercial assessed, accrued, or collected servicing fees from the Kehl plaintiffs in months when it was not entitled to collect fees because it was not providing its contractual services.

86. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached their fiduciary duties owed to the Kehl plaintiffs because USA Commercial failed to obtain financial statements and information from borrowers, and other documents necessary to protect the interests of the Kehl plaintiffs.

87. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached their fiduciary duties owed to the Kehl plaintiffs because USA Commercial failed to keep appropriate accounting records on each note funded by the Kehl plaintiffs and the sums collected thereon, including records that reflect the amounts collected as to principal, interest, late charges, insurance, taxes and other specified amounts.

88. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached their fiduciary duties owed to the Kehl plaintiffs because USA Commercial failed to diligently collect all payments due on the loans funded by the Kehl plaintiffs.

89. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached their

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000 Fax: (775) 786-1177

fiduciary duties owed to the Kehl plaintiffs because USA Commercial failed to promptly pay the Kehl plaintiffs $517,335.48 in principal, as well as interest, owed to them.

90. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached their fiduciary duties owed to the Kehl plaintiffs because USA Commercial failed to take steps, including foreclosure, to collect on the loans funded by the Kehl plaintiffs when borrowers failed to make payments.

91. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached their fiduciary duties owed to the Kehl plaintiffs because USA Commercial impermissibly consented to modifications and extensions of the loans funded by the Kehl plaintiffs that materially or adversely affected the security provided without sufficient disclosure of the status of such loans.

92. USA Commercial, Mr. Milanowski, and/or Mr. Hantges breached their fiduciary duties owed to the Kehl plaintiffs because USA Commercial impermissibly permitted modifications that would change the interest rate, forgave the payment of principal or interest, changed the outstanding principal amount, or extended the maturity date, without the Kehl plaintiffs' prior consent.

93. The Kehl plaintiffs were damaged by these breaches of fiduciary duties, and are entitled to compensation.

**SIXTH CLAIM FOR RELIEF**

**Conversion**

94. The Kehl plaintiffs reallege and incorporate by this reference each and every allegation contained in paragraphs 1 through 50.

95. USA Commercial, Mr. Milanowski, and/or Mr. Hantges converted funds owed to the Kehl plaintiffs because they collected funds owed to the Kehl plaintiffs but did not pay them to the Kehl plaintiffs.

96. USA Commercial, Mr. Milanowski, and/or Mr. Hantges converted funds

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000 Fax: (775) 786-1177

owed to the Kehl plaintiffs because USA Commercial assessed, accrued, or collected servicing fees from the Kehl plaintiffs in months when it was not entitled to collect fees because it was not providing its contractual services.

97. The Kehl plaintiffs were damaged by these conversions, and are entitled to compensation.

**SEVENTH CLAIM FOR RELIEF**

**Fraudulent or Intentional Misrepresentation**

98. The Kehl plaintiffs reallege and incorporate by this reference each and every allegation contained in paragraphs 1 through 50.

99. USA Commercial, Mr. Milanowski, and/or Mr. Hantges made fraudulent or intentional misrepresentations to the Kehl plaintiffs about the worthiness of loans partially funded by the Kehl plaintiffs, including interests in the borrower held by USA Commercial, Mr. Milanowski, Mr. Hantges, and/or other insiders related to USA Commercial and its sister entities.

100. USA Commercial, Mr. Milanowski, and/or Mr. Hantges made fraudulent or intentional misrepresentations to the Kehl plaintiffs about payments on and the status of loans partially funded by the Kehl plaintiffs.

101. USA Commercial, Mr. Milanowski, and/or Mr. Hantges made fraudulent or intentional misrepresentations to the Kehl plaintiffs by continuing to make payments to the Kehl plaintiffs even though USA Commercial was not receiving payments from the borrowers on loans partially funded by the Kehl plaintiffs.

102. USA Commercial, Mr. Milanowski, and/or Mr. Hantges knew or believed that the fraudulent or intentional misrepresentations to the Kehl plaintiffs were false, or had an insufficient basis of information for making the misrepresentations.

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000 Fax: (775) 786-1177

103. USA Commercial, Mr. Milanowski, and/or Mr. Hantges intended to induce the Kehl plaintiffs to act or refrain from acting upon USA Commercial, Mr. Milanowski, and/or Mr. Hantges' fraudulent or intentional misrepresentations.

104. Specifically, USA Commercial, Mr. Milanowski, and/or Mr. Hantges intended to induce the Kehl plaintiffs to continue to lend funds for loans arranged by USA Commercial, to retain their interests in existing loans, and to induce the Kehl plaintiffs to refrain from obtain accounting records from USA Commercial.

105. The Kehl plaintiffs justifiably relied upon USA Commercial, Mr. Milanowski, and/or Mr. Hantges' fraudulent or intentional misrepresentations.

106. The Kehl plaintiffs sustained damages as a result of USA Commercial, Mr. Milanowski, and/or Mr. Hantges' fraudulent or intentional misrepresentations, and are entitled to compensation.

**EIGHTH CLAIM FOR RELIEF**

**Impermissible Setoff**

107. The Kehl plaintiffs reallege and incorporate by this reference each and every allegation contained in paragraphs 1 through 50.

108. Pursuant to Chapter 645B of the Nevada Revised Statues and Nevada Administrative Code, USA Commercial has collected postpetition borrower payments owned by the Kehl plaintiffs, and is obligated to pay such collected payments to the Kehl plaintiffs.

109. However, USA Commercial is holding these funds in contemplation of a "netting" process.

110. USA Commercial is setting off its alleged prepetition fraudulent conveyances made to the Kehl plaintiffs, against postpetition payments collected by USA Commercial as the servicing agent but owned by the Kehl plaintiffs.

111. USA Commercial's netting/setoff process is contrary to the Bankruptcy Code and Chapter 645B of the Nevada Revised Statues and Nevada Administrative Code.

112. The Kehl plaintiffs are entitled to injunctive relief that prohibits USA Commercial from setting off prepetition debts with postpetition payments.

113. The Kehl plaintiffs were damaged by these setoffs, and are entitled to compensation.

WHEREFORE, the Kehl plaintiffs pray for judgment as follows:

1. For an accounting of the loans partially funded by the Kehl plaintiffs and serviced by USA Commercial;

2. For a judgment for damages, including punitive damages, arising from USA Commercial, Mr. Milanowski, and/or Mr. Hantges' breaches of contact, tortuous breaches of contact, breaches of the implied covenant of good faith and fair dealing, breaches of their fiduciary duties, conversion, fraudulent or intentional misrepresentation, and/or illegal setoff;

3. For injunctive relief that prohibits USA Commercial from setting off prepetition debts with postpetition payments;

4. For attorneys' fees and costs incurred in pursuing this action, pursuant to the terms of the loan-servicing agreements; and

5. For such other and further relief as the Court may deem just and proper.

DATED this 11th day of December, 2006.

JONES VARGAS

By: //s// Louis M. Bubala III
JANET L. CHUBB
LOUIS M. BUBALA III

Attorneys for Robert J. Kehl; Ruth Ann Kehl; Robert A. Kehl; Christina "Tina" M. Kehl; Krystina L. Kehl; Daniel J. Kehl; Kevin A. Kehl, individually and on behalf of Susan L. Kehl and Andrew R. Kehl; Christina M. Kehl; Patrick J. Anglin; Cynthia A. Winter; Kehl Development Corporation; Judy A. Bonnet; Kevin A. McKee; Pamela J. McKee; and Warren Hoffman Family Investments, LP

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000 Fax: (775) 786-1177