Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

**E-FILED on December 11, 2006**

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                      Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                      Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>                                                      Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                      Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>                                                      Debtor. | **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF PROCEDURES REGARDING ASSIGNMENTS OF DIRECT LENDERS' INTERESTS IN LOANS (AFFECTS USA COMMERCIAL MORTGAGE)** |
| Affects:<br>  ☐ All Debtors<br>  ☒ USA Commercial Mortgage Company<br>  ☐ USA Securities, LLC<br>  ☐ USA Capital Realty Advisors, LLC<br>  ☐ USA Capital Diversified Trust Deed Fund, LLC<br>  ☐ USA Capital First Trust Deed Fund, LLC | Date:  December 19, 2006<br>Time:  10:00 a.m. |

USA Commercial Mortgage Company ("USACM") hereby files its reply memorandum in support of USACM's Motion for Approval of Procedures Regarding Assignments of Direct Lenders' Interests in Loans (the "Motion"), which seeks an order approving the proposed procedures set forth in the Motion regarding USACM's and any Asset Purchaser's treatment and handling of notices of assignments of beneficial interests in deeds of trust received from third parties, requests to change account (aka legal vesting) names received from direct lenders, and similar situations involving transfers or assignments of direct lenders' interests in loans.  USACM seeks the imposition of these procedures to ensure the consistent treatment of the Direct Lenders' interest in loans.  The Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company (the "ECC") and two Third-Party Purchasers[1] (Debt Acquisition Company of America V, LLC ("DACA") and Hall Financial Group, Ltd. ("Hall")[2]) filed objections to the Motion (collectively, the "Objections").  USACM hereby responds to the Objections as follows:

## I.    The Proposed Assignment Procedures Do Not Unilaterally Modify the Loan Servicing Agreement or Hamper the Transferability of a Direct Lender's Interest in a Specific Loan.

The ECC, DACA and Hall each complain that the proposed assignment procedures attempt to unilaterally modify an existing contract.  That is simply not the case.  Nothing in the proposed assignment procedures attempt to alter the existing Loan Servicing Agreement between USACM and the individual Direct Lender.  The Loan Servicing Agreement is a contract between USACM and the Direct Lender for the servicing of all the Direct Lender's interests in various loans.  The Loan Servicing Agreement is **not** tied to any specific loan.  Indeed, because the Loan Servicing Agreement does not apply to a specific loan, the arguments that Section 16[3] of the Loan Servicing Agreement allows the Loan Servicing Agreement to be assigned with the Loan is simply erroneous.  Simply put, the Loan Servicing Agreement governs a Direct Lender's relationship with USACM, not with a loan.

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning as defined in the Motion.
[2] Hall's opposition to the Motion was not filed with the Court until December 8, 2006, well after the 15-day response time had expired.  On December 11, 2006, Direct Lenders Alexander and other, represented by Robert C. LePome, filed a joinder in Hall's opposition.

Indeed, the past practice of USACM has always been to require the transferee of any Direct Lender's interest in a loan to execute a new Loan Servicing Agreement (thus creating a contractual relationship between USACM and the new Direct Lender).  USACM has no obligation to continue servicing a loan for a transferee with whom USACM has no contractual relationship.  The proposed assignment procedures simply require the new lender to execute a current Loan Servicing Agreement (which indicates a loan servicing fee of three percent (3%)).  Nevertheless, as a compromise, USACM is willing to modify the relief requested in the Motion and accept a new Loan Servicing Agreement with a one percent (1%) servicing fee if the Loan Servicing Agreement for the Direct Lender from which the loan interest was obtained contained a one percent (1%) loan serving fee.  This should resolve some of the objections.

USACM's requirement of a new Loan Servicing Agreement and the other requirements of the proposed assignment procedures do not negatively affect the transferability of a Direct Lender's interest in a specific loan.  Indeed, nothing in the proposed procedures limits the transferability of any Direct Lenders' interest in a loan.  The Direct Lender and any purchaser of that Direct Lender's interest in that loan are free to contract and transfer that loan interest and record evidence of such transfer in the appropriate real property records.  However, for the reasons set forth above (i.e., the Loan Servicing Agreement is not related to any specific loan), the Loan Servicing Agreement between USACM and that Direct Lender is not assigned with the transfer of that Direct Lender's interest in the loan.  It bears repeating that the Loan Servicing Agreement is with a specific Direct Lender **not** with a specific loan.  The fact that the promissory note, loan agreement or other document provides for the transferability of the Direct Lender's interest in that loan does not make the Loan Servicing Agreement between USACM and the Direct Lender assignable.  Debtors' Joint Chapter 11 Plan of Reorganization recognizes that the Loan Servicing Agreements are not executory contracts and that the transfer of the Loan Servicing Agreements to the successful bidder as part of the Plan is not an assumption and assignment.  *See* Plan Art. IX,

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

---

[3] Section 16 of the Loan Servicing Agreement provides:  "This Agreement shall be binding upon and shall inure to the benefit of the parties' respective successors and assigns."

1  § D(4).[4]  Accordingly, the proposed assignment procedures do not unilaterally modify any existing

2  Loan Servicing Agreement or hamper the transferability of any Direct Lender's interest in a

3  specific loan.  The proposed procedures simply establish a relationship between USACM and the

4  new lender taking into account the unique bankruptcy circumstances within which USACM

5  currently operates.[5]

6  **II.    The Proposed Assignment Procedures are Necessary to Insure Consistent Treatment
           of Direct Lenders' Interests**

7

8          Pursuant to the provisions of the Debtors' Third Amended Joint Chapter 11 Plan of

9  Reorganization (the "Plan"), the netting or "due to" and "due from" amounts will continue post-

10 confirmation.  The proposed assignment procedures simply insure that the provisions of the Plan,

11 once confirmed, will be uniformly applied (otherwise, those Direct Lenders who transfers a

12 performing loan pre-confirmation will be favored above a similarly situate Direct Lender).  This

13 reflects the reality that what a Direct Lender has to transfer is its interest in a particular loan,

14 minus the Court-approved netting (which, under the Plan, is property of the estate).

15         Finally, it is necessary that there be a definitive Effective Date as to any assignment of

16 interest in a specific loan.  The Objections recognize the need for such a "record date," but

17 complain that USACM's proposal creates too long a period of uncertainty.  However, that is

18 simply not the case.  So long as USACM is provided notice of the assignment in the same month

19 as when the assignment occurs, USACM will be able recognize that assignment when it processes

20 loan payments and distributions for that month.  However, if USACM is not provided notice of the

21 transfer until some time the month following the transfer, USACM will only be able to process the

22 transfer during the month in which it was notified of the transfer.  The reason for this is that

23 USACM currently processes distributions on a monthly basis.  Under DACA's proposed "five

24

25 _____

26 [4] Article IX, Section D(4) of the Disclosure Statement provides: "As stated above, included among the USACM assets
   are the Loan Servicing Agreements.  Pursuant to section 363 and 1123(a)(5) of the Bankruptcy Code, these Loan
   Servicing Agreements are not modified, and will be transferred to Silver Point (or the successful overbidder), at the

27 Court-supervised auction, free and clear of liens, claims, and interests including any alleged claims under §503(b) of
   the Bankruptcy Code.  The Debtors and the Committees believe that the transfer of these Loan Servicing Agreements

28 to the asset purchaser is not an assumption and assignment of the agreements because they are not executory contracts
   and thus no assumption or assignment is required to transfer them as assets of the USACM estate."
   [5] The ECC's reliance upon Fed R. Bankr. P. 3001(e) is misplaced.  The Direct Lenders are not transferring their claims
   against USACM, they are transferring their beneficial interests in specific loans owed by specific borrowers.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    days notice" USACM faces the unworkable scenario of individually processing and re-processing

2    monthly payments multiple times each month.  By allowing for an Effective Date as the first day

3    of the month following notice to USACM, the administrative burden on USACM is significantly

4    reduced.

**CONCLUSION**

5

6          Accordingly, for the reasons set forth above, and in USACM's Motion, the proposed

7    assignment procedures, as modified above, should be approved by the Bankruptcy Court.

8          Respectfully submitted this 11th day of December, 2006.

9

10                                             _/s/  Jeanette E. McPherson_
                                             Lenard E. Schwartzer, Nevada Bar No. 0399
11                                           Jeanette E. McPherson, Nevada Bar No. 5423
                                             SCHWARTZER & MCPHERSON LAW FIRM
12                                           2850 South Jones Boulevard, Suite 1
                                             Las Vegas, Nevada  89146
13

14                                           and

15                                           Annette W. Jarvis, Utah Bar No. 1649
                                             RAY QUINNEY & NEBEKER P.C.
16                                           36 South State Street, Suite 1400
                                             P.O. Box 45385
17                                           Salt Lake City, Utah 84145-0385

18

19

20

21

22

23

24

25

26

27

28

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122