Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

E-FILED on December 11, 2006

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: USA COMMERCIAL MORTGAGE COMPANY, Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
|---|---|
| In re: USA CAPITAL REALTY ADVISORS, LLC, Debtor. | |
| In re: USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, Debtor. | |
| In re: USA CAPITAL FIRST TRUST DEED FUND, LLC, Debtor. | **USA COMMERCIAL MORTGAGE COMPANY'S OBJECTION TO MOTION TO TEMPORARILY ALLOW CLAIM OF BINFORD MEDICAL DEVELOPERS LLC FOR VOTING PURPOSES**<br><br>Date:  December 15, 2006<br>Time:  9:30 a.m. |
| In re: USA SECURITIES, LLC, Debtor. | |
| Affects:<br>☐  All Debtors<br>☒  USA Commercial Mortgage Company<br>☐  USA Securities, LLC<br>☐  USA Capital Realty Advisors, LLC<br>☐  USA Capital Diversified Trust Deed Fund, LLC<br>☐  USA Capital First Trust Deed Fund, LLC | |

P:\USA Commercial Mortgage\Pleadings\Allow Claim Motions\Binford\RQNDOCS-#903948-v1-USACM_Objection_to_Binford's_Rule_3018_Motion.DOC

- 1 -

USA Commercial Mortgage Company ("USACM"), by and through its counsel, hereby files its objection ("Objection") to the Motion to Temporarily Allow Claim of Binford Medical Developers LLC for Voting Purposes ("Motion") filed by Binford Medical Developers LLC ("Binford") and moves this Court, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 and Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007 and Rule 3018 of the Local Rules of Bankruptcy Practice (the "Local Rules") for an order granting the relief sought by this Objection. In support of its Objection, USACM states as follows:

## I.    JURISDICTION

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (L).

2. The statutory predicate for the relief requested herein is 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II.    BACKGROUND

3. On April 13, 2006 ("Petition Date"), USACM, USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with DTDF, the "Funds"), and USA Securities, LLC ("USA Securities") (collectively the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. USACM and the other Debtors continue to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Management duties of USACM are conducted by Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow") who serves as the President and Chief Restructuring Officer.

4. On May 10, 2006, the Office of the United States Trustee filed notice indicating that the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company and the Official Committee of Holders of Executory Contract Rights Through USA Commercial Mortgage Company (collectively the "Committees") had been formed. No trustee or examiner has

1  been appointed.

2      5.    On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest (the "Bar Date Order") (Docket No. 1280). The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline for creditors to file proofs of claim ("Bar Date").

    6.    On September 25, 2006, USACM served a copy of the Bar Date Order on its service lists (Docket No. 1358).

    7.    On November 16, 2006, the Court entered an order approving, among other things, the Debtors' Disclosure Statement and proposed Solicitation Procedures. Thereafter, Solicitation Packages were sent to all claimants with instructions to file a Rule 3018(a) motion if the claimants disagreed with the amount or classification of their claims.

    8.    Binford filed a proof of claim on November 9, 2006, claiming an unsecured debt of $3,502,383 for "Breach of Contract, Intentional Misrepresentation and other theories in attached Complaint" ("Claim"). The complaint attached to the Claim ("Complaint") was filed in Adversary Proceeding No. 06-1212 commenced against USACM on November 7, 2006 (Docket No. 1752).

    9.    USACM filed its answer ("Answer") to the Complaint on November 30, 2006, denying any liability, asserting various affirmative defenses, and requesting the dismissal of the Complaint. USACM also filed a counterclaim against Binford the same day.

    10.    Binford filed the Motion on November 30, 2006, seeking allowance of its Claim for voting purposes pursuant to Rule 3018 (Docket No. 1927). Binford's stated reason for filing the Motion was due to the fact that it did not receive a ballot with the copy of the Disclosure Statement. Since filing the Motion, Binford has received a Class A-4 Ballot. Binford also asserts that it is "undisputed" that USACM is liable for breach of contract.

### III.    APPLICABLE AUTHORITY

    11.    Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extent that the claim is "unenforceable against the debtor

1  . . . under any . . . applicable law for a reason other than because such claim is contingent or
2  unmatured." 11 U.S.C. § 502(b).

3      12.    USACM is entitled to object to proofs of claim under section 502(a) of the
4  Bankruptcy Code.

5      13.    A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).
6  However, once an objection to the proof of claim controverts the presumption, the creditor
7  ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford*
8  *v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P.
9  9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity
10 of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr.*
11 *Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

12     14.    Bankruptcy Rule 3018(a) provides in relevant part that "[f]or cause shown, . . . the
13 court after notice and hearing *may* allow the claim or interest in an amount which the court deems
14 proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a) (emphasis
15 added). It is left to the court's discretion whether to grant a Rule 3018 motion. *See, e.g., In re*
16 *Marin Town Center*, 142 B.R. 374, 379 (N.D. Cal. 1992); *Armstrong v. Rushton (In re*
17 *Armstrong)*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003).

### IV. OBJECTION TO BINFORD'S MOTION

19     15.    USACM objects to Binford's Motion since the stated purpose for filing the Motion
20 was Binford's failure to receive a ballot. Binford has received a Class A-4 ballot since the filing
21 of the Motion so its contention is now moot in that regard.

22     16.    USACM, however, has now filed an objection to Binford's Claim. Therefore,
23 USACM also objects to the Motion to the extent that it is deemed to address USACM's objection
24 to the Claim.

25     17.    USACM has analyzed Binford's Claim and contends that it has no liability on
26 account of the Claim. In its Answer, USACM denied liability on each of the counts alleged in the
27 Complaint and continues to assert that it is not liable to Binford. Therefore, Binford's assertion in
28 its Motion that it is "undisputed" that USACM is liable for breach of contract is without merit.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Binford's Claim is not enforceable against USACM and should be disallowed in its entirety. Therefore, Binford should not be allowed to vote and its Motion should be denied.

## V. CONCLUSION

For the reasons set forth herein, USACM respectfully requests that the Court enter an order sustaining its Objection to Binford's Motion and disallow Binford's Claim in any amount for the purposes of voting. USACM also requests that the Court grant such other and further relief as it deems just and proper.

Respectfully submitted this 11th day of December, 2006.

    /s/ Jeanette E. McPherson
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

903948