Gregory J. Walch
Nevada Bar Number 4780
Email: GWalch@Nevadafirm.com
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:    702/791-1912

*Attorney for Gregory J. Walch and Shauna M. Walch, Trustees of the Gregory J. and Shauna M. Walch Family Trust*

E-Filed on December 9, 2006

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company<br>    06-10725 – Lead Case<br><br>USA Capital Realty Advisors, LLC<br>    06-10726<br><br>USA Capital Diversified Trust Deed Fund, LLC<br>    06-10727<br><br>USA Capital First Trust Deed Fund, LLC<br>    06-10728<br><br>USA Securities, LLC<br>    06-10729<br><br>                Debtors. | Jointly Administered<br>Chapter 11 Cases<br>Judge Linda B. Riegle Presiding<br><br>**LIMITED OBJECTION TO PLAN**<br><br>Date of Hearing:    December 19, 2006<br>Time of Hearing:    10:00 a.m.<br>Place: Courtroom No. 2, Third Floor<br>            Foley Federal Building<br>            300 Las Vegas Blvd., S.<br>            Las Vegas, NV 89101<br><br>Affecting:<br>[x]  All Cases<br>Or only:<br>[]  USA Commercial Mortgage Company<br>[]  USA Capital Realty Advisors, LLC<br>[]  USA Capital Diversified Trust Deed Fund, LLC<br>[]  USA Capital First Trust Deed Fund, LLC |

## LIMITED OBJECTION TO PLAN

Gregory J. Walch and Shauna M. Walch, Co-Trustees of the Gregory J. and Shauna M. Walch Family Trust (the "Trust"), by and through their undersigned counsel, hereby submit the Trust's Limited Objection to Plan pursuant to 11 U.S.C. § 1128(b), Bankruptcy Rule 3020(b), and Local Rules 3019, 9014, and 9017. This Limited Objection is made and based on all the

1  papers and pleadings on file herein, the Declaration of Gregory J. Walch submitted herewith as
2  Exhibit "1", and such other and further evidence and argument as may be presented and
3  considered by this Court at the Plan confirmation hearing.

## Requested Relief

The Trust largely supports the plan and its confirmation. However, the plan should be modified to provide a dispute resolution mechanism that allows Direct Lenders -- for a fixed and reasonable period of time -- to demonstrate that in their unique circumstances the plan's presumption that USACM is entitled to deduct the maximum amount of service fees referenced in individual loan servicing agreements is not correct.

## Basis for Request

In March 2005, Gregory J. Walch met with USACM's broker and employee, Tom Stewart, to discuss the possibility of having the Trust lend money to Roam Development Group, LP for a condominium conversion project in Texas. See Declaration of Gregory J. Walch attached hereto as Exhibit "1" (the "Declaration"). Mr. Stewart obtained Walch's signature on a USACM Loan Servicing Agreement, which is attached to the Declaration as Exhibit "A" (the "Service Agreement"), and provided Walch with information about the loan, including USACM's offering circular outlining the net interest to be paid by the borrower to the Trust under the loan documents. A copy of the offering circular and Roam Development promissory note is attached to the Declaration as Exhibit "B". Walch and Stewart discussed the Service Agreement at length during the initial March 2005 meeting prior to Walch's execution of same. Id. Walch and Stewart agreed at that time that the service fees to which USACM was entitled would be on a loan-by-loan basis based upon the offer made by USACM in individual offering circulars and would be derived by subtracting from payments actually made by the borrower under the note (interest, late fees, penalties, collection costs, etc.) the net interest promised in any individual offering circular. In the case of the Roam Development loan, the net interest offered to Direct Lenders was 12%, as was the interest under the note. Id. Accordingly, USACM would not be taking any service fees out of interest payments by the borrower. However, Mr. Stewart advised that Roam Development paid USACM a substantial loan generation fee, and that was the

basis for USACM putting together and servicing the loan. Id. As set forth in the Servicing Agreement, USACM's income was derived largely from loan generation fees, not service fees.

USACM, by and through its agent Mr. Stewart, offered the Trust several loan opportunities from March 2005 through January 2006, many of which the Trust rejected for various reasons. Id. The Trust did choose to enter three additional loans, however, including Binford Medical, Marlton Square, and Foxhills 216. In each case, as with Roam Development, the Trust accepted USACM's offer to pay a certain net interest amount on money loaned, which offers and promises were fully set forth in individual offering circulars. Id. True and correct copies of the offering circulars and notes for Binford, Marlton Square, and Foxhills 216 are attached to the Declaration as Exhibits "C", "D", and "E", respectively.

As a result of the manner in which the four loans were documented and sold to the Trust, the Trust and USACM entered into separate agreements for each loan (the "Loan Agreements"). Under the Loan Agreements, USACM is entitled to the following as service fees (exclusive of any late fees, penalties or collection costs): 0% of the outstanding principal amount (per annum) for the Roam Development Group loan (12% note - 12% net promised in offering circular), 1% of the outstanding principal amount (per annum) for the Binford Medical loan (13% note - 12% net promised in offering circular), 0.5% of the outstanding principal amount (per annum) for the Marlton Square loan (13% note - 12.5% net promised in offering circular), and 1% of the outstanding principal amount (per annum) for the Foxhills 216 loan (13.5% note - 12.5% net promised in offering circular). In order for USACM to generate service fees under the four loans offered on a net interest basis to the Trust, the Trust must first net the promised interest on its loans.

USACM is not properly calculating the service fees to which USACM is entitled, and the plan contemplates perpetuation of the improper deductions from money owed the Trust. Apparently, USACM is accruing service fees where loans are in default such that USACM receives a proportionately higher share of interest than that to which USACM is entitled when payments are eventually made. Further, and as set forth in Exhibit "F" to the Declaration, USACM is calculating service fees based upon the 3% service fees cap set forth in the Service

1  Agreement rather than the amount offered by USACM and agreed to by the Trust as a basis for
2  each Loan Agreement.  This practice reverses the agreed upon priority of payment.

### Conclusion

4  For the foregoing reasons, the Trust respectfully requests that the Court modify the plan
5  pursuant to Local Rule 3019 to provide a dispute resolution mechanism allowing Direct Lenders
6  – for a fixed and reasonable amount of time – to demonstrate what service fees USACM and
7  individual lenders actually agreed upon.

8  Dated this 9th day of December, 2006.

/s/  Gregory J. Walch
Gregory J. Walch, Esq.
Nevada Bar Number 4780
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:702/791-0308
Facsimile: 702/791-1912

*Attorney for Gregory J. Walch and Shauna M. Walch, Trustees of the Gregory J. and Shauna M. Walch Family Trust*