# USA Capital

## First Trust Deed Investment

**Borrower:**    Marlton Square Associates, LLC or assignee

The managing partner of Marlton Square Associates is Capital Vision Equities (CVE). CVE, founded in 1991, is a full service real estate development and consulting group which specializes in the construction and rehabilitation of affordable housing and quality retail development in inner-city areas in California. To date, they have participated as a developer or consultant in the construction or rehabilitation of over 1,400 units of housing and just completed a 285,000 sq. foot retail center in Southern Los Angeles with a Home Depot, Food4Less, IHOP, Radio Shack and Walgreen's.

CVE has raised over $75,000,000 in low income housing tax credit based equity for its clients. CVE has accessed and implemented a wide range of public financing mechanisms including redevelopment agency tax increment funds, locally administered HOME and Community Development Block Grant fund and tax exempt bond proceeds.

The principals of CVE are committed to socially responsible developments: CVE only participates in developments which it believes will fit within the fabric of a neighborhood and will improve the quality of social construction and build the environment of that community.

**Loan Amount:**    $30,000,000

**Rate:**    12.5% (net)

**Loan to Value:**    Approximately 66% based on the purchase price of the property and the cost of site preparation. An appraisal has been engaged.

**Term:**    12 months

**Collateral:**    First Deed of Trust on 22 acres for a mixed use redevelopment located at the intersection of Martin Luther King Drive and Marlton Drive in Los Angeles, CA.

---

### Tom Stewart
### 702-734-2400
### Toll Free 888-921-8009

Licensed by the State of Nevada Division of Mortgage Lending
USA Commercial Mortgage Company 4484 S. Pecos Rd, Las Vegas NV 89121
License #MB 333 8/17/2005

Money invested through a mortgage broker is not guaranteed to earn any interest or return and is not insured. Before investing investors must be provided applicable disclosure.

# USA Capital

**Borrower Equity:** The borrower currently has approximately $4,000,000 in the project for predevelopment and project costs. At close of escrow Phoenix Realty and Lee Homes will bring in $10,500,000 in equity with another $7,000,000 coming in for a Fannie Mae Housing development program subsidy.

**The Project:** The borrower will purchase the existing Santa Barbara Plaza with the purpose of demolishing the existing shopping center and preparing the site for resale to separate developers approved to construct 140 moderate, market-priced single family homes, 150 market-priced condominiums units, 180 senior retail housing units, and 116,000 square feet of retail space.

To encourage the redevelopment of the existing shopping center the City of Los Angles has committed to a package of incentives and subsidies including various grants, low costs loans, and adding tax increment districts, totaling $30,275,000.

Capital Vision Equities has been involved in the redevelopment planning of this site for over 4 years and has seen the current development plan evolve from a single–use plan to the present multi-use plan to be executed by separate developers.

The current Plan calls for Marlton Square Associates, a CVE entity, to be the land developer. Lee Homes, a Los Angeles residential developer with specific expertise in urban in-fill housing development, will purchase two of the four parcels to build and sell the single family homes and condominiums. LNR Property Corporation is contracted to purchase a parcel to develop and operate the retail center. The remaining parcel is to be sold to a joint venture being managed by Simpson Housing, a leading national developer of senior rental housing. This final parcel is being used as parking for the senior housing project which is actually being built on a site abutting but not included in the subject site. Construction of the senior housing has already been started.

All entitlements and permits required for the entire project have been granted and committed. The city funds are allocated and committed and

## Tom Stewart
**702-734-2400**
**Toll Free 888-921-8009**
Licensed by the State of Nevada Division of Mortgage Lending
USA Commercial Mortgage Company 4484 S. Pecos Rd, Las Vegas NV 89121
License #MB 333 8/17/2005
Money invested through a mortgage broker is not guaranteed to earn any interest or return and is not insured.
Before investing investors must be provided applicable disclosure.

# USA Capital

are subject only to the individual contingencies that were negotiated for the particular program being used. Generally these contingencies relate simply to the purchase of the entire site. The main exception is the Section 108 loan funding that is subject also to the retail development being at least 50% preleased. Currently the retail space is over 50% preleased by tenants including Circuit City, PetSmart, Shoe Pavilion, and Starbucks.

In the surrounding area is the Baldwin Hills-Crenshaw Plaza, an 850,000 square foot regional shopping center built in 1947 and renovated in 1992. The center is anchored by Sears, a stand-alone Robinson-May, and recently Wal-Mart opened a 150,000 square foot store in the shopping center. Adjacent to the site is the Magic Johnson Theaters, a stand-alone multiplex with 27 screens.

**Guarantees:**     The loan will be guaranteed by Chris Hammond with an estimated net approximately $19,000,000 as of 12-31-04.

**Minimum Investment:**     **$50,000**

## Tom Stewart
### 702-734-2400
### Toll Free 888-921-8009
Licensed by the State of Nevada Division of Mortgage Lending
USA Commercial Mortgage Company 4484 S. Pecos Rd, Las Vegas NV 89121
License #MB 333 8/17/2005
Money invested through a mortgage broker is not guaranteed to earn any interest or return and is not insured.
Before investing investors must be provided applicable disclosure.



# PROMISSORY NOTE
## SECURED BY DEED OF TRUST

$30,000,000

Las Vegas, Nevada
August 11, 2005

This Promissory Note ("Note"), dated as of August 11, 2005 is made and delivered by MS Acquisition Company, LLC, a California limited liability company ("Borrower"), in favor of the persons listed on **Exhibit "A"** hereto ("Lender").

FOR VALUE RECEIVED, Borrower promises to pay to Lender, or order, the principal sum of Thirty Million Dollars ($30,000,000), or so much thereof as Lender advances (the "Note Amount"), together with interest as provided herein. The Note Amount shall be disbursed in accordance with Exhibit "C" of the Loan Agreement providing for a loan of $30,000,000 of even date herewith by and among the parties hereto.

1.  Interest Rate. Interest shall accrue on $20,000,000 of the outstanding portion of the Note Amount, from June 20, 2005, and on the remainder from the date of disbursement, until the date the Note Amount is paid in full at the rate of thirteen percent (13%) per annum. Interest shall be calculated on the basis of a 360-day year and actual days elapsed. This shall result in the actual interest paid in a year being slightly higher than the nominal amount. Accrued but unpaid interest shall be compounded monthly.

2.  Payments. Monthly interest on the Note Amount shall be due and payable on the first day of each month, in arrears. For example, interest that accrues in the month of May will be due and payable on June 1, and will be calculated on the amount due under the Note on that day. All payments shall be made in lawful money of the United States of America and in immediately available funds at Lender's office, the address for which is specified below, or at such other place as the Lender hereof may from time to time direct by written notice to Borrower.

3.  Maturity Date. If not sooner paid, the outstanding principal balance under this Note, all accrued and unpaid interest, and all other indebtedness of Borrower owing under any and all of the Loan Documents shall be due and payable in full on or before the date which is twelve months after the Deed of Trust is recorded (the "Maturity Date").

4.  Application of Payments. All payments on this Note shall be applied first to any prepayment fees, if any are due, second to accrued late charges, if any, third to default interest, if any, fourth to the payment of accrued ordinary interest then payable, and last to principal.

5.  Prepayment. Borrower agrees that all loan fees and any prepaid finance charges are fully earned as of the date they are paid and will not be subject to refund upon any early payment hereof (whether voluntarily or as a result of default). Subject to the foregoing, Borrower may prepay the Loan, in full or in part, at any time; provided, however, that if Borrower repays the Loan within

1

the first four (4) months after the Effective Date, whether voluntarily or as a result of default, then Borrower shall pay to Lender a prepayment fee equal to all interest which would accrue on the full Loan Amount during said four (4) month period, less all interest previously paid. Notwithstanding anything to the contrary hereunder, Lender shall receive a minimum of four (4) months' interest on the full Loan Amount.

6.      Collateral. This Note is secured by a deed of trust encumbering real property located in Los Angeles County, California.

7.      Defaults; Acceleration. The occurrence of an Event of Default (as defined in the Loan Agreement) shall be a default hereunder. Upon the occurrence of an Event of Default, Lender may declare the entire principal balance of the Note then outstanding (if not then due and payable) and all other obligations of Borrower hereunder to be due and payable immediately. Subject to the applicable provisions of law, upon any such declaration, the principal of the Note and accrued and unpaid interest, and all other amounts to be paid under this Note shall become and be immediately due and payable, anything in this Note to the contrary notwithstanding.

8.      Late Charge. Borrower acknowledges that if any interest payment is not made when due or if the entire amount due under this Note is not paid by the Maturity Date, or, if accelerated as permitted by this Note or any other Loan Document, by the date given in the notice of acceleration, the Lender hereof will incur extra administrative expenses (i.e., in addition to expenses incident to receipt of timely payment) and the loss of the use of funds in connection with the delinquency in payment. Because the actual damages suffered by the Lender hereof by reason of such extra administrative expenses and loss of use of funds would be impracticable or extremely difficult to ascertain, Borrower agrees that five percent (5%) of the amount(s) referenced hereinabove in this Section 8 shall be the amount of damages to which such Lender is entitled, upon such breach, in compensation therefor. Therefore, Borrower shall, in the event any payment required under this Note is not paid within five (5) days after the date when such payment becomes due and payable pursuant to Sections 2 and 3, above, and without regard to any default notice under Section 7(a), and without further notice, pay to the Lender hereof as such Lender's sole monetary recovery to cover such extra administrative expenses and loss of use of funds, liquidated damages in the amount of five percent (5%) of the amount of such delinquent payment. The provisions of this paragraph are intended to govern only the determination of damages in the event of a breach in the performance of the obligation of Borrower to make timely payments hereunder, including timely payment of any accelerated amount. Nothing in this Note shall be construed as an express or implied agreement by the Lender hereof to forbear in the collection of any delinquent payment or in exercising any of its rights and remedies under the Loan Documents, or be construed as in any way giving Borrower the right, express or implied, to fail to make timely payments hereunder, whether upon payment of such damages or otherwise. The right of the Lender hereof to receive payment of such liquidated and actual damages, and receipt thereof, are without prejudice to the right of such Lender to collect such delinquent payments and any other amounts provided to be paid hereunder or under any security for this Note or to declare a default hereunder or under any security for this Note.

9.      Default Rate. From and after the Maturity Date or, if any Event of Default occurs

2

and is not timely cured, from the date the payment was due regardless of any cure period provided in the notice of default, through and including the date such default is cured, at the option of the Lender hereof, all amounts owing under the Note and all sums owing under all of the Loan Documents shall bear interest at a default rate equal to twenty percent (20%) per annum ("Default Rate"). Such interest shall be paid on the first day of each month thereafter, or on demand if sooner demanded.

10.    Waivers.  Borrower waives any right of offset it now has or may hereafter have against the Lender hereof and its successors and assigns.  Borrower waives presentment, demand, protest, notice of protest, notice of nonpayment or dishonor and all other notices in connection with the delivery, acceptance, performance, default or enforcement of this Note.  Borrower expressly agrees that any extension or delay in the time for payment or enforcement of this Note, to renewal of this Note and to any substitution or release of the Property, all without any way affecting the liability of Borrower hereunder.  Any delay on Lender's part in exercising any right hereunder or under any of the Loan Documents shall not operate as a waiver.  Lender's acceptance of partial or delinquent payments or the failure of Lender to exercise any rights shall not waive any obligation of Borrower or any right of Lender, or modify this Note, or waive any other similar default.

11.    Costs of Collection.  Borrower agrees to pay all costs of collection when incurred and all costs incurred by the Lender hereof in exercising or preserving any rights or remedies in connection with the enforcement and administration of this Note or following a default by Borrower, including but not limited to actual attorneys' fees.  If any suit or action is instituted to enforce this Note, Borrower promises to pay, in addition to the costs and disbursements otherwise allowed by law, such sum as the court may adjudge reasonable attorneys' fees in such suit or action.

12.    Usury.  Borrower hereby represents that this loan is for commercial use and not for personal, family or household purposes.  It is the specific intent of the Borrower and Lender that this Note bear a lawful rate of interest, and if any court of competent jurisdiction should determine that the rate herein provided for exceeds that which is statutorily permitted for the type of transaction evidenced hereby, the interest rate shall be reduced to the highest rate permitted by applicable law, with any excess interest theretofore collected being applied against principal or, if such principal has been fully repaid, returned to Borrower upon written demand.

13.    Notices.  All notices to be given pursuant to this Note shall be sufficient if given by personal services, by guaranteed overnight delivery services, by telex, telecopy or telegram or by being mailed postage prepaid, certified or registered mail, return receipt requested, to the described addresses of the parties hereto as set forth below, or to such other address as a party may request in writing.  Any time period provided in the giving of any notice hereunder shall commence upon the date of personal service, the date after delivery to the guaranteed overnight delivery service, the date of sending the telex, telecopy or telegram or two (2) days after mailing certified or registered mail.

**BORROWER'S ADDRESS:**              MS Acquisition Company, LLC
                                                            c/o Marlton Square Associates, LLC
                                                            3055 Wilshire Boulevard, Suite 1120
                                                            Los Angeles, California 90010

3

**With Copy To:**

Attn. Chris Hammond
Lefeba J. Gougis, Jr.
Attorney at Law
3055 Wilshire Boulevard, Suite 1120A
Los Angeles, CA 90010

**LENDER'S ADDRESS:**

c/o USA Commercial Mortgage Company
4484 South Pecos Road
Las Vegas, Nevada 89121
Attn. Joseph D. Milanowski

14.    Assignment By Lender. Lender may assign its rights hereunder or obtain participants in this Note at any time, and any such assignee, successor or participant shall have all rights of the Lender hereunder.

15.    Multiple Parties. A default on the part of any one entity comprising Borrower or any Guarantor of this Note shall be deemed a default on the part of Borrower hereunder.

16.    Construction. This Note and all security documents and guaranties executed in connection with this Note have been reviewed and negotiated by Borrower, Lender and Guarantors at arms' length with the benefit of or opportunity to seek the assistance of legal counsel and shall not be construed against either party. The titles and captions in this Note are inserted for convenience only and in no way define, limit, extend, or modify the scope of intent of this Note.

17.    Partial Invalidity. If any section or provision of this Note is declared invalid or unenforceable by any court of competent jurisdiction, said determination shall not affect the validity or enforceability of the remaining terms hereof. No such determination in one jurisdiction shall affect any provision of this Note to the extent it is otherwise enforceable under the laws of any other applicable jurisdiction.

18.    Governing Law; Jurisdiction; Waiver of Jury Trial.

(a)    This Note shall be construed according to and governed by the laws of the State of Nevada, without regard to its choice of law provisions.

(b)    **BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, (i) SUBMITS TO PERSONAL JURISDICTION IN THE STATE OF NEVADA OVER ANY SUIT, ACTION OR PROCEEDING BY ANY PERSON ARISING FROM OR RELATING TO THIS NOTE, OR ANY OTHER OF THE LOAN DOCUMENTS, (ii) AGREES THAT ANY SUCH ACTION, SUIT OR PROCEEDING MAY BE BROUGHT IN ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION SITTING IN CLARK COUNTY, NEVADA, (iii) SUBMITS TO THE JURISDICTION OF SUCH COURTS, AND, (iv) TO THE FULLEST EXTENT PERMITTED BY LAW, AGREES THAT IT WILL NOT BRING ANY ACTION, SUIT OR PROCEEDING**

4

IN ANY FORUM OTHER THAN CLARK COUNTY, NEVADA (BUT NOTHING HEREIN SHALL AFFECT THE RIGHT OF LENDER TO BRING ANY ACTION, SUIT OR PROCEEDING IN ANY OTHER FORUM). BORROWER FURTHER CONSENTS AND AGREES TO SERVICE OF ANY SUMMONS, COMPLAINT OR OTHER LEGAL PROCESS IN ANY SUCH SUIT, ACTION OR PROCEEDING BY REGISTERED OR CERTIFIED U.S. MAIL, POSTAGE PREPAID, TO THE BORROWER AT THE ADDRESS FOR NOTICES DESCRIBED IN SECTION 13 HEREOF, AND CONSENTS AND AGREES THAT SUCH SERVICE SHALL CONSTITUTE IN EVERY RESPECT VALID AND EFFECTIVE SERVICE (BUT NOTHING HEREIN SHALL AFFECT THE VALIDITY OR EFFECTIVENESS OF PROCESS SERVED IN ANY OTHER MANNER PERMITTED BY LAW).

(c)     BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, WAIVES, RELINQUISHES AND FOREVER FORGOES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATING TO THE INDEBTEDNESS SECURED HEREBY OR ANY CONDUCT, ACT OR OMISSION OF LENDER, TRUSTEE OR BORROWER, OR ANY OF THEIR DIRECTORS, OFFICERS, PARTNERS, MEMBERS, EMPLOYEES, AGENTS OR ATTORNEYS, OR ANY OTHER PERSONS AFFILIATED WITH LENDER, TRUSTEE OR BORROWER, IN EACH OF THE FOREGOING CASES, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.

BORROWER:        **MS Acquisition Company, LLC**
                 By: Marlton Square Associates, LLC, Managing Member
                 By: Capital Vision Equities, LLC, its Managing Member

                 By: _____
                         Christopher Hammond, Managing Member

# EXHIBIT "A"

## LENDER

| NAME | AMOUNT |
|---|---|
| 1. Robert L. Allgeier & Donna L. Allgeier Trustees of the R. L. Allgeier Family Trust dated 10/4/97 | $50,000 |
| 2. Karen R. Allison | $50,000 |
| 3. Charles B. Anderson Trustee of the Charles B. Anderson Trust | $100,000 |
| 4. Lynda Gay Anderson, Trustee of the Lynda Gay Anderson Trust dated 7/7/04 | $50,000 |
| 5. Rita P. Anderson Trustee For the Benefit of Rita P. Anderson Trust | $100,000 |
| 6. Albert Daniel Andrade, a married man dealing with his sole and separate property | $50,000 |
| 7. Lowell V. Andrews, an unmarried man | $50,000 |
| 8. Larry Apigian & Leona Apigian, husband & wife, as joint tenants with right of survivorship | $75,000 |
| 9. Joan M. Arends Trustee of the Arends Family Trust | $50,000 |
| 10. Sigfried Baker transfer on death to Annee Nounna | $50,000 |
| 11. First Savings Bank Custodian For John Bauer IRA | $100,000 |
| 12. Harriet Bender Trustee of the Bender Family Trust dtd 7/30/92 Survivors Trust | $50,000 |
| 13. Philip Benjamin and Maureen Benjamin, husband and wife, as joint tenants with the right of survivorship | $50,000 |
| 14. RBR Partnership | $50,000 |
| 15. Robert Bennett & Michele Bennett, Husband and wife as joint tenants with right of survivorship | $60,000 |
| 16. John A. & April D. Blevins, husband & wife as joint tenants with right of survivorship | $100,000 |
| 17. Paul Bloch Trustee of the Paul Bloch Living Trust UA 10/29/02 | $250,000 |
| 18. Patricia Boschetto, an unmarried woman | $50,000 |
| 19. Robert Eric Brandin and Evelyn Mary Brandin, Trustees of The Brandin Family Trust dated December 1980 as updated. | $50,000 |
| 20. Suzanne Brehmer, a single woman | $50,000 |
| 21. Patricia M. Briggs Trustee of the John McGarry and Maxine McGarry 1990 Trust dated August 17, 1990 and amended August 1, 1999 | $50,000 |
| 22. John S. Broders, an unmarried man | $50,000 |
| 23. Howard D. Brooks & Doreen C. Brooks Trustees of the Brooks Living Trust dated 6/30/97 | $50,000 |
| 24. First Savings Bank Custodian For John W. Brouwers MD SEP IRA | $100,000 |
| 25. John P. Brouwers Trustee of the Brouwers Family Trust dated 1/11/1995 | $50,000 |
| 26. JWB Investments, Inc. Pension Plan | $100,000 |
| 27. Zoe Brown Trustee of the Zoe Brown 1989 Family Trust | $50,000 |

6

| 28. | Fertitta Enterprises, Inc. | $3,000,000 |
| 29. | J. Laurel Bushman Trustee of the Grant M. & J. Laurel Bushman Family Trust | $75,000 |
| 30. | Keith J. Cale Trustee of the Cale Family Trust dated 11/16/88 | $100,000 |
| 31. | Peter W. Capone & Deidre D. Capone, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 32. | James Cardwell & Reba Cardwell Trustees of the Cardwell Family Trust | $100,000 |
| 33. | Roland Chavez, Administrator of the Roland Chavez & Assoc., Inc. Defined Benefit Pension Plan | $50,000 |
| 34. | Teresa Conger, an unmarried woman | $75,000 |
| 35. | James A. Coy & Margaret G. Coy Trustees of the James A. Coy & Margaret G. Coy Revocable Trust dated 9/27/00 | $50,000 |
| 36. | Shirley Cupp-Doe & Charles A. Jensen Co-Trustees for the Ronald G. Doe Marital Trust DTD 1-6-95 | $300,000 |
| 37. | Wen Dai & Zhimin Chen, husband & wife as joint tenants with the right of survivorship | $50,000 |
| 38. | Andrew Dauscher & Ellen Dauscher, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 39. | Ellen Dauscher in trust for Carleigh Joy, Alexandra Zoe and Julian Grace Dauscher | $100,000 |
| 40. | Martin A. Davis & Virginia Lee Davis Trustees of the Davis Family 2000 Trust | $100,000 |
| 41. | Angela Jane Deglandon, an unmarried woman | $50,000 |
| 42. | DeHart/Hooks, L.P., a Nevada limited partnership | $50,000 |
| 43. | First Savings Bank Custodian For Gary DeMaine IRA | $50,000 |
| 44. | Marion B. Dittman, an unmarried woman | $50,000 |
| 45. | David B. Doutt Sr. and Johnine M. Doutt, husband and wife as joint tenants with the right of survivorship | $50,000 |
| 46. | Dennis Duesing & Cherie Duesing Trustees of the Duesing 1994 Trust | $100,000 |
| 47. | Mark L. Eames & Sandy K. Eames, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 48. | Mary H. Earp, a married woman dealing with her sole & separate property | $50,000 |
| 49. | Maurice Fink Trustee of the Maurice Fink Trust | $250,000 |
| 50. | Ronald G. Finkel & Karen B. Finkel, husband & wife, as joint tenants with right of survivorship | $75,000 |
| 51. | Fred J. Foxcroft & Roberta Foxcroft Trustees of the Foxcroft Living Trust dated 1/10/02 | $75,000 |
| 52. | Eric B. Freedus and Linda P. Freedus, husband and wife, as joint tenants with the right of survivorship | $50,000 |
| 53. | What's On LP, a Nevada limited partnership | $100,000 |
| 54. | First Savings Bank Custodian For James D. Gillmore IRA | $50,000 |
| 55. | M. W. Gorts & Company | $100,000 |

| | | |
|---|---|---|
| 56. | Nelson R. Greene & Eunice A. Greene Trustees of the Greene Family Trust dated 4/25/91 | $100,000 |
| 57. | Dixie Gross Trustee of the Dixie B. Gross Revocable Trust | $100,000 |
| 58. | Charles T. Hamm and Sandra L. Hamm, Trustees of the Hamm Trust dated 3/17/05 | $50,000 |
| 59. | Dwight W. Harouff & Maryann Harouff, joint tenants with right of survivorship | $125,000 |
| 60. | Gold Plated LLC, Dwight W. Harouff, Manager | $110,000 |
| 61. | Third Party Nevada Services | $250,000 |
| 62. | Suze Harrington, an unmarried woman | $100,000 |
| 63. | Raymond E. Harshman & Margaret E. Harshman Trustees of the Raymond E. & Margaret Elise Harshman Family Trust dated 3/4/87 | $100,000 |
| 64. | Roderick J. Harvey, Sr. and Pauline W. Harvey, Trustees of the Harvey Family Trust, dated 4/13/87 | $50,000 |
| 65. | Nancy K. Haugarth Trustee of the Nancy K. Haugarth Revocable Trust | $65,000 |
| 66. | David R. Hays and Sue Hays, Trustees of the Hays Revocable Trust | $100,000 |
| 67. | Terry Helms Trustee of the Terry Helms Living Trust dated 11/11/94 | $1,000,000 |
| 68. | Virgil P. Hennen & Judith J. Hennen, husband and wife as joint tenants with the right of survivorship | $50,000 |
| 69. | Robert W. Hill, a married man, dealing with his sole & separate property | $100,000 |
| 70. | Gail Hodes Trustee of the Gail Hodes Living Trust dated 9/10/03 | $50,000 |
| 71. | John A. Hoglund & Patricia O. Hoglund, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 72. | Nienke Hohmann, an unmarried woman | $50,000 |
| 73. | Homfeld II, LLC, a Florida limited liability company | $100,000 |
| 74. | Terence C. Honikman & Jane I Honikman, Trustees of the Honikman 1992 Trust dated 12/28/92 | $100,000 |
| 75. | Mila Horak, an unmarried woman | $50,000 |
| 76. | First Savings Bank Custodian For George W. Hubbard Roth IRA | $100,000 |
| 77. | Edwin Isenberg, a married man dealing with his sole and separate property | $50,000 |
| 78. | Evelyn A. Ives Trustee of the Melvin J. Ives & Evelyn A. Ives Bypass Trust dated 1/6/93 | $75,000 |
| 79. | Jon Paul Jensen & Tamara Lee Jensen, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 80. | Delbert T. Johnston, Jr. & Rebecca J. Johnston Trustees of the Johnston Estate Revocable Trust dated 5/17/94 | $50,000 |
| 81. | K. Ken Kaneda & Brigitte Arend-Kaneda Trustees of the Kaneda Living Trust dated 5/30/02 | $50,000 |
| 82. | Dr. Gary Kantor, a married man dealing with his sole and separate property | $500,000 |
| 83. | Gary L. Kantor Trustee for the benefit of Kantor Nephrology Consultants Ltd./Renal Dialysis Center of LV, Ltd. Employee Pension Plan | $500,000 |

8

| | | |
|---|---|---|
| 84. | Dr. Dana D. Keith, DDS a married man dealing with his sole and separate property | $250,000 |
| 85. | Jerry Kirk and Luci Kirk, Trustees of the Kirk Revocable Trust dated 2/10/84 | $90,000 |
| 86. | Freedom Properties, Inc. | $50,000 |
| 87. | Bernard A. Kloenne Trustee of the Bernard Kloenne Living Trust dated 10/10/86 | $50,000 |
| 88. | Klaus Kopf & Colette Kopf, husband & wife | $50,000 |
| 89. | David Kravitz & Mable R. Kravitz Trustees of the Kravitz Family Revocable Trust under agreement dated 12/9/99 | $50,000 |
| 90. | Richard N. Krupp a married man dealing with his sole & separate property | $250,000 |
| 91. | First Savings Bank Custodian For Harriet Kutzman IRA | $50,000 |
| 92. | Donald H. Kwiatkowski & Sandra L. Kwiatkowski, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 93. | Jor Law, a single man | $50,000 |
| 94. | Stephen R. Lima and Paulette C. Lima, husband and wife, as joint tenants with the right of survivorship | $100,000 |
| 95. | Portal Venture, LLC, a California limited liability company | $100,000 |
| 96. | Leona Lubliner Trustee of the Leona Lubliner Living Trust U/A dated 7/16/96 | $50,000 |
| 97. | Erin E. MacDonald Trustee of the Erin E. MacDonald Revocable Living Trust | $100,000 |
| 98. | MacDonald Center for the Arts and Humanities | $525,000 |
| 99. | Lynn M. Kantor, a married woman dealing with her sole and separate property | $65,000 |
| 100. | Helen C. Makepeace Trustee of the Helen C. Makepeace Survivor's Trust UAD 06/18/97 | $50,000 |
| 101. | Leo G. Mantas, an unmarried man | $150,000 |
| 102. | Jerome Marshall & Rochelle Marshall, husband & wife, as Tenants in Common | $50,000 |
| 103. | Richard P. Marson & Mary I. Marson Trustees of the Marson Family Trust dated 6/9/86 | $50,000 |
| 104. | Jerrold T. Martin, a single man & James T. Martin, a married man dealing with his sole & separate property, as joint tenant with right of survivorship | $50,000 |
| 105. | Morris Massry, a married man dealing with his sole & separate property | $100,000 |
| 106. | Yukiyo Matsumura and Machi Liu, mother and daughter as joint tenants with the right of survivorship | $50,000 |
| 107. | Dale J. McMullan Trustee of the McMullan Living Trust dated 8/19/94 | $50,000 |
| 108. | Joann L. McQuerry Trustee of the McQuerry Family Partnership | $50,000 |
| 109. | D. Nathan Meehan, a married man dealing with his sole & separate property | $50,000 |
| 110. | Shahnaz I. Memon and Mohammed I. Memon, husband and wife, as joint tenants with right of survivorship | $50,000 |

9

| | | |
|---|---|---|
| 111. | D. G. Menchetti, an unmarried man | $250,000 |
| 112. | R. G. Messersmith & Deaun Messersmith, as joint tenants with right of survivorship | $50,000 |
| 113. | Gary I. Miller & Barbara L. Miller Trustees of the Gary I. & Barbara L. Miller Trust dated 08/13/87 | $50,000 |
| 114. | Mae Mineo Trustee of the Mae Mineo Trust dated 3/23/00 | $50,000 |
| 115. | Matthew Molitch Trustee of the Molitch 1997 Trust | $300,000 |
| 116. | Anne Marie Mueller Trustee of the Anne Marie Mueller Trust | $100,000 |
| 117. | NBNA Unique Properties, LLC, an Washington State limited liability company | $100,000 |
| 118. | Troy A. Nearpass and Brenda L. Nearpass, husband and wife, as joint tenants with the right of survivorship | $50,000 |
| 119. | Oakwood Financial, LLC | $50,000 |
| 120. | First Savings Bank Custodian For Marvin Nicola, IRA | $50,000 |
| 121. | Douglas O'Herron & Nancy O'Herron Trustees of the Douglas & Nancy O'Herron Revocable Trust dated 4/2/02 | $150,000 |
| 122. | Robert L. Ogren Trustee for the benefit of the Robert L. Ogren Trust dated 6/30/92 | $50,000 |
| 123. | John F. Okita & Michiko M. Yamamoto, as joint tenants with right of survivorship | $50,000 |
| 124. | Aaron I. Osherow, Trustee of the Osherow Trust dated 9/11/89 | $50,000 |
| 125. | Paul Oster, an unmarried man | $50,000 |
| 126. | Sierra Health Services, Inc., a Nevada corporation | $1,000,000 |
| 127. | Anthony Pasqualotto & Alicia Pasqualotto Trustees of the Anthony Pasqualotto & Alicia Pasqualotto 1997 Trust | $150,000 |
| 128. | Robert L. Pech & Judith G. Pech Trustees of the Robert L. Pech & Judith G. Pech Family Trust dated 9/5/96 | $100,000 |
| 129. | DCGT FBO Claude M. Penchina Roth IRA, Account #13909452 | $50,000 |
| 130. | Shimon Peress & Hannah Peress Trustees of the Shimon Peress & Hannah K. Peress Trust dated 4/17/01 | $50,000 |
| 131. | Karen Petersen Tyndall Trustee of the Karen Petersen Tyndall Trust dated 3/9/94 | $150,000 |
| 132. | First Savings Bank Custodian For Cesari Piazza IRA | $85,000 |
| 133. | Holly J. Pickerel, a single woman | $100,000 |
| 134. | Ali Pirani and Anisha Pirani, husband and wife, as joint tenants with the right of survivorship | $50,000 |
| 135. | Arthur Polacheck and Glorianne Polacheck, Husband and wife as joint tenants with right of survivorship | $1,000,000 |
| 136. | Sheldon Portman & Marion G. Portman Trustees of the Sheldon & Marion G. Portman Trust dated 11/01/85 | $200,000 |
| 137. | Portnoff Building | $75,000 |
| 138. | Rains Properties, LP, a Nevada limited partnership | $350,000 |
| 139. | William S. Reeves, a married man | $50,000 |
| 140. | Annemarie Rehberger, Trustee of the Rehberger Family Trust dated 6/17/92 | $50,000 |

10

| | | |
|---|---|---|
| 141. | Joseph N. Rizzuto & Dorothy Rizzuto Trustees of the Joseph N. Rizzuto Family Trust dated 4/24/89 | $50,000 |
| 142. | Eleanor L. Rogers Trustee of the Eleanor L. Rogers 1991 Revocable Living Trust dated 7/3/91 | $100,000 |
| 143. | Rebecca A. Rogers Trustee of the Rebecca A. Rogers Trust dated 9/18/96 | $50,000 |
| 144. | Toby Lee Rosenblum Trustee of the Toby Lee Rosenblum Trust dated 9/11/95 | $50,000 |
| 145. | David Rosner Trustee of the David Rosner Revocable Trust dated 01/05/2005 | $50,000 |
| 146. | Robert J. Rowley and Kathleen M. Rowley, Trustees of The Robert J. Rowley and Kathleen M. Rowley Living Trust | $60,000 |
| 147. | Mark A. Sauceda, an unmarried man | $100,000 |
| 148. | Douglas Gregg Schulze & Doreen L. Schulze, husband & wife, as joint tenants with right of survivorship | $150,000 |
| 149. | Andrew H. Shahin Trustor & Trustee of The Andrew H. Shahin Trust dated 6/6/94 | $50,000 |
| 150. | Louis H. Shahin Trustor & Trustee of The Louis H. Shahin Trust dated 6/9/94 | $50,000 |
| 151. | Rifqa Shahin Trustor & Trustee of The Rifqa Shahin Trust dated 6/8/94 | $50,000 |
| 152. | Suhayla Shahin, Trustee of The Suhayla Shahin Living Trust dated 7-09-02 | $50,000 |
| 153. | Phillip Eugene Shelton, Trustee of the Restated Shelton Revocable Trust dated 1/19/96 | $50,000 |
| 154. | Billy Shope, Jr. Family, LP, a Nevada limited partnership | $100,000 |
| 155. | Bartolo F. Simari & Sandra K. Simari Trustees of the Simari Revocable Trust dated 4/25/96 | $50,000 |
| 156. | Larry Simon & Lori Simon Trustees of the Simon Family Trust | $500,000 |
| 157. | Sheldon Sinett & Annette Sinett, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 158. | Barbara Sklar Trustee of the Barbara Sklar Revocable Living Trust dated 8/31/01 | $50,000 |
| 159. | Joyce E. Smith Trustee of the Joyce E. Smith Trust dated 11/3/99 | $125,000 |
| 160. | Joseph F. Sparks and Marcia A. Sparks, Trustees of The Joseph F. and Marcia A. Sparks Revocable Family Trust dated 12-11-03 | $50,000 |
| 161. | T. Dwight Sper & Bonnie J. Sper Trustees of the T.D.S. Revocable Family Trust dated 9/29/98 | $100,000 |
| 162. | Justin W. States and Gia M. States, Trustees of the States Living Trust dated 9/29/03 | $50,000 |
| 163. | Naomi F. Stearns Trustee of the Naomi F. Stearns Trust Dated 8/9/1985 | $50,000 |
| 164. | Duane Steward and Diane J. Steward, husband and wife, as joint tenants with the right of survivorship | $100,000 |
| 165. | Sharon D. Tarpinian Trustee of the Sharon D. Tarpinian Revocable Living Trust dated 12/17/2002 | $100,000 |
| 166. | Luther E. Tate, an unmarried man | $50,000 |

11

| | | |
|---|---|---|
| 167. | Gary N. Taylor Trustee of the Gary N. Taylor PSP | $100,000 |
| 168. | Bryan M. Thomas and Lori M. Thomas, husband and wife, as joint tenants with the right of survivorship | $50,000 |
| 169. | Hillari Tischler payable on death to Howard Tischler | $50,000 |
| 170. | Alneil Lipp, LLC, Neil Tobias, Manager | $200,000 |
| 171. | Deal Investment Club, LLC, Vivian Tobias, Manager | $50,000 |
| 172. | Gary E. Topp, a married man dealing with his sole & separate property | $100,000 |
| 173. | Gary E. Tucker & Linda L. Tucker, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 174. | USA Capital First Trust Deed Fund | $50,000 |
| 175. | Dean Valentino & Nora Valentino, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 176. | Frank Valentino & Stella Valentino, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 177. | Lloyd F. Van Sickle Trustee of The Van Sickle Family Trust dated 5/20/99 | $125,000 |
| 178. | Malden Ventures Ltd. | $100,000 |
| 179. | Marietta Voglis, a married woman dealing with her sole & separate property | $50,000 |
| 180. | Marcia Sweany-Volpe, a married woman dealing with her sole & seperate property transfer on death to Linda St. Pierre | $50,000 |
| 181. | Wolf Dieter Voss & Claudia Voss Trustees of The Voss Family Trust Under Trust dated 10/4/99 | $60,000 |
| 182. | Bunny C. Vreeland, an unmarried woman | $50,000 |
| 183. | First Savings Bank Custodian For Gary D. Ward IRA | $75,000 |
| 184. | Linda D. Waterhouse, an unmarried woman | $50,000 |
| 185. | Eugene C. Wiehe Trustee of the Eugene C. Wiehe Trust dated 10/31/85 | $75,000 |
| 186. | First Savings Bank Custodian For Dianna Wilkinson, IRA | $55,000 |
| 187. | Richard D. Wood Trustee of the Wood Living Trust dated 10/1/99 | $55,000 |
| 188. | Richard G. Worthen and La Rue S. Worthen Trustees of the Richard G. Worthen Family Trust | $200,000 |
| 189. | Richard S. Worthen and Stephany Worthen, Trustees of the Richard S. Worthen Family Trust dated 5/4/05 | $100,000 |
| 190. | Kem Yee, an unmarried woman, and Emmelene Yee, an unmarried woman, as joint tenants with the right of survivorship | $50,000 |
| 191. | Spectrum Capital, LLC, a California limited liability company | $50,000 |
| 192. | Zawacki, a California LLC | $70,000 |
| 193. | Evo Zepponi and Billie Zepponi, Trustees of The Evo E. Zepponi and Billie D. Zepponi Family Trust Under Agreement Dated 2/9/1993 | $100,000 |
| | TOTAL | $23,000,000 |