SYLVESTER & POLEDNAK, LTD                    E-FILED December 11, 2006
JEFFREY R. SYLVESTER, ESQ.
Nevada Bar No. 4396
7371 Prairie Falcon, Suite 120
Las Vegas, Nevada 89128
(702) 952-5200
*Attorneys for USA Commercial Real Estate Group*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY (fka USA CAPITAL)<br>        Debtor. | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC.<br>        Debtor. | Chapter 11<br><br>**Jointly Administered Under**<br>**Case No. BK-S-06-10725-LBR** |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC.<br>        Debtor. | **LIMITED OBJECTION OF PECOS PROFESSIONAL PARK LIMITED PARTNERSHIP AND HASPINOV, LLC., TO DEBTOR'S PROPOSED PLAN OF REORGANIZATION** |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC.<br>        Debtor. | |
| In re:<br>USA SECURITIES, LLC.<br>        Debtor. | |
| Affects:<br>■  All Debtors<br>☐  USA Commercial Mortgage Company<br>☐  USA Capital Realty Advisors, LLC<br>☐  USA Capital Diversified<br>      Trust Deed Fund, LLC<br>☐  USA Capital First Trust Deed Fund, LLC<br>☐  USA Securities, LLC | |

Pecos Professional Park Limited Partnership ("Pecos") and Haspinov, LLC., ("Haspinov"), by and through their attorney Jeffrey R. Sylvester, Esq., of the law firm Sylvester 7 Polednak, Ltd., hereby submit their Objection to the Debtor's Proposed Plan of Reorganization. This Objection is made and based upon attached Points and Authorities, the papers and pleading on file herein, and any oral argument that the Court may entertain at the time of the hearing of this Motion.

I.

FACTUAL BACKGROUND

**A.     The Haspinov Lease.**

1. USA Commercial Mortgage Company, Debtor and Debtor in Possession ("Debtor"), is a lessee under an "Office Lease" with Haspinov as the landlord (the "Haspinov Lease").

2. Under the terms of the Haspinov Lease, the Debtor leases that real property located at 4480 South Pecos Road, Las Vegas, Nevada 89121 (the "Premises").

3. The term of the Haspinov Lease commenced on April 1, 2002, and is to expire "on the same day of the one hundred and twentieth successive month following the first month of the lease, said term being ten years."

4. As the Debtor had not made a decision whether to assume or reject the Haspinov Lease due to the status of the bankruptcy, "cause" under 11 U.S.C. § 365(d)(4) existed to extend the time for the Debtor to assume or reject the Haspinov Lease. As a result, the Debtor and Haspinov stipulated and agreed that the Debtor had until November 11, 2006, to assume or reject the Haspinov Lease.

5. On November 3, 2006, Haspinov and the Debtor stipulated to extend the deadline for the Debtor to assume or reject the Haspinov Lease under 11 U.S.C. § 365(d)(4) to the latter of either sixty (60) days after entry of an order confirming the Debtor's Plan of Reorganization or March 30, 2007.

**B.     The Pecos Professional Lease.**

6. The Debtor is a lessee under "Office Lease" with Pecos as the landlord (the "Pecos Lease").

7. Pursuant to the terms and conditions of the Pecos Lease, the Debtor leases that real property located at 4484 South Pecos Road, Las Vegas, Nevada, 89121 (the "Pecos Premises").

8. Pursuant to an "Amendment to Office Lease," the parties agreed to extend the term of the Pecos Lease to October 31, 2010.

9. As the Debtor had not made a decision whether to assume or reject the Pecos Lease due to the status of the bankruptcy case, "cause" under 11 U.S.C. § 365(d)(4) existed to extend the time for the Debtor to assume or reject the Pecos Lease. As a result, the Debtor and Pecos stipulated and agreed that the Debtor had until November 11, 2006, to assume or reject the Pecos Lease.

10. On November 3, 2006, Pecos and the Debtor agreed to extend the time to assume or reject the Pecos Lease until the latter or either sixty (60) days after entry of an order confirming the Debtor's Plan of Reorganization or March 30, 2007.

**C.     The Debtor's Proposed Plan of Reorganization.**

11. The Pecos Lease and the Haspinov Lease are unexpired leases.

12. Article V, Section A, of the Debtor's Proposed Plan provides, in relevant part as follows:

> In the schedule of Executory Contracts and Unexpired Leases Filed and served in accordance with Section D of Art. 1 of the Plan, the Debtor shall set forth the executory contracts and unexpired leases that are to be assumed or assumed and assigned effective upon the effective date, and shall specify the Cure Payment, if any, that the Debtors believe must be tendered on the Effective Date, in order to provide compensation in accordance with Section 365(b)(1)(A) and (B) of the Bankruptcy Code.

13. On November 29, 2006, the Debtor filed a Notice of Schedule of Executory Contracts and Unexpired Leases in connection with Debtor's Third Amended Joint Chapter 11 Plan of Reorganization. A true and correct copy of the Notice of Schedule of Executory Contracts is annexed hereto and marked as Exhibit A.

14. Pursuant to the Notice of Schedule of Executory Contracts, the Debtor has stated that it will assume that Pecos Lease and Haspinov Lease and has provided for a Cure Payment of One Hundred and Sixty-six Thousand, Seven Hundred and Eighty-eight Dollars and Forty-two Cents ($166,788.42) and Ninety-two Thousand, Three Hundred and Thirty-one Dollars and Eight Cents ($92,331.08), respectively.

15. Pecos and Haspinov do not object to the assumption of the unexpired leases, nor do they dispute the Cure Payment.

**D.    Class A-7: Subordinated Claims.**

16. The Debtor's Third Amended Joint Chapter 11 Plan of Reorganization attempts to subordinate the claims of non-debtor insiders. The plan provides, in relevant part, as follows:

> I. *Classification*: Class A-7 consists of all Subordinated Claims against USACM.
>
> II. *Treatment*: Payment to holders of Allowed Subordinated Claims shall be subordinated to the payment in full, plus interest, of all Allowed Penalty Claims. It is anticipated that holders of Allowed subordinated claims shall receive no distribution under the plan. In the unlikely event that cash exists after all Allowed Penalty Claims are paid in full, plus interest, the plan shall be deemed to be amended to provide that such cash be distributed Pro Rata to the holder of Allowed Subordinated Claims, plus interest. Class A-7 is impaired and the holders of Class A-7 claims are deemed to reject the plan.

17. The plan defines subordinated claims as "any and all claims of non-debtor insiders against USACM."

18. The plan defines insider as follows:

> "Insider" has the meaning ascribed to this term in § (31) of the Bankruptcy Code. For purposes of this definition, the term "Affiliate" in §101(31)(e) has the meaning ascribed to that term in the plan and to the extent not included in the definition of "Affiliate" under the plan, shall include any and all persons whose business is owned or controlled by the Debtors or any insiders of the Debtors (as defined herein), or in which the Debtors or insiders of the Debtors (as defined herein) have any ownership, participation, profit sharing or any other kind of interest whatsoever.

19. Under the Debtor's broad definition of insider, the claims of Haspinov and Pecos, pursuant to the unexpired leases, could be deemed insider claims and, therefore, subordinated claims receiving Class A-7 treatment.

## II.

## LEGAL ARGUMENT

**A.    Subordination of the Claims of Haspinov and Pecos is inappropriate.**

As set forth above, while not specifically articulated, the Debtor may attempt to subordinate those claims of Haspinov and Pecos relating to the unexpired leases while the Debtor has indicated its intent to assume the unexpired leases and pay the Cure Payment as of the effective date, the terms and conditions of the Debtor's Third Amended Plan of Reorganization, if read broadly, could permit the subordination of those claims.

Pursuant to the principals of equitable subordination, the Court may, after notice and a hearing, subordinate all or part of an allowed claim to all or part of another allowed claim. See 11 U.S.C. § 510(c). 11 U.S.C. § 510(c) does not define the principals of equitable subordination. However, generally, for courts to subordinate a claim or an interest, the holder of the subordinated claims must have engaged in inequitable conduct which resulted in injury to creditors or conferred an unfair advantage on the claimant. See Pepper v. Litton 308 U.S. 295, 60 S. Ct. 238, 84 L. Ed. 281 (1939).

Courts have articulated three prerequisites for equitable subordination: (1) the claimant must have engaged in some type of inequitable conduct; (2) the conduct must have resulted in injury to the creditors of the debtor or conferred unfair advantage on the claimant; and (3) equitable subordination of the claim must not be inconsistent with the provisions of the code. See In re Lazar 83 F.3d. 306 (9th Cir. 1996).

Importantly, any action to subordinate under § 510(c) must be brought as an adversary proceeding. See Federal Bankruptcy Procedure 7001(8). The adversary proceeding requirement, therefore, requires the plaintiff to plead and prove the equitable bases for subordination. While proceedings to subordinate under § 510(c) may be part of a plan, see Advisory Committee Note to Rule 7001, basic due process requires notice and a hearing prior to modification of a valid claim via equitable subordination. See In re Beverages International Limited 50 B.R. 273 (Bankr. D. Mass. 1985).

As more fully set forth above, it is uncertain as to whether the Debtor intends to subordinate the claims of Haspinov and Pecos relating to the unexpired leases. However, if literally read, the Debtor could assume the unexpired leases but subordinate the Cure Payment. To the extent it is not the Debtor's intent to subordinate the Cure Payment, the instant objection is moot. However, to the extent the Debtor intends to subordinate the Cure Payment or any other claim relating to the unexpired leases, 11 U.S.C. § 510(c) and Federal Bankruptcy Procedure 7001(8) require notice and a hearing and, in particular, pleading and proof of the Claimants inequitable misconduct warranting equitable subordination.

Dated this 11th day of December, 2006.

By: /s/ Jeffrey R. Sylvester
    Jeffrey R. Sylvester, Esq.
    SYLVESTER & POLEDNAK, LTD.
    7371 Prairie Falcon, Suite 120
    Las Vegas, Nevada 89128