# EXHIBIT D

# EXHIBIT D

When Recorded, Return To:
USA Commercial Mortgage Company
4484 South Pecos Road
Las Vegas, NV 89121

**COPY** of Document Recorded
on 8-23-05 as No. 028543
Has not been compared with original.
SAN BERNARDINO COUNTY RECORDER

## DEED OF TRUST, ASSIGNMENT OF RENTS,
## SECURITY AGREEMENT AND FIXTURE FILING
### (SECOND POSITION)

THIS DEED OF TRUST, ASSIGNMENT OF RENTS, SECURITY AGREEMENT AND FIXTURE FILING ("Deed of Trust"), made this 15th day of August, 2005, by and between Southern California Land Development, LLC, a California limited liability company ("Trustor"), Orange Coast Title Company ("Trustee"), and those persons listed on **Exhibit "A"** attached hereto ("Beneficiary"). Capitalized terms used herein and not otherwise defined herein are used with the meanings set forth in that certain Loan Agreement ("Loan Agreement") of even date herewith between Trustor and Beneficiary.

### WITNESSETH:

That for good and valuable consideration, including the indebtedness herein recited and the trust herein created, the receipt of which is hereby acknowledged, and for the purpose of securing, in such priority as Beneficiary may elect, each of the following:

1.      The due, prompt and complete payment, observance, performance and discharge of each and every obligation, covenant and agreement contained in that certain Promissory Note of even date herewith in the initial principal amount of Two Million Three Hundred Thousand Dollars ($2,300,000) (the "Note"), together with interest thereon specified therein, executed by Trustor, as maker, to the order of Beneficiary and any and all modifications, extensions or renewals thereof, whether hereafter evidenced by the Note or otherwise; and

2.      The payment of all other sums, with interest thereon at the rate of interest provided for herein or in the Note, becoming due or payable under the provisions of this Deed of Trust, the Loan Agreement or any other instrument or instruments heretofore or hereafter executed by Trustor having reference to or arising out of or securing the indebtedness represented by the Note; and

3.      The payment of such additional sums and interest thereof which may hereafter be loaned to Trustor, or its successors or assigns, by Beneficiary, whether or not evidenced by a promissory note or notes which are secured by this Deed of Trust; and

1

EXHIBIT ___D___

4.    The due, prompt and complete observance, performance and discharge of each and every obligation, covenant and agreement of Trustor contained in the Loan Agreement, the Note, this Deed of Trust or any other Loan Document; but notwithstanding the foregoing, this Deed of Trust does not secure the obligations of Thomas A. Hantges and Joseph D. Milanowski under that certain Unconditional Guaranty given in favor of Beneficiary and dated on or about the date hereof.

TRUSTOR DOES HEREBY irrevocably grant, transfer, bargain, sell, convey and assign to Trustee, in trust, with power of sale and right of entry and possession, and does grant to Beneficiary a security interest for the benefit and security of Beneficiary under and subject to the terms and conditions hereinafter set forth, in and to any and all of the following described property which is (except where the context otherwise requires) herein collectively called the "Mortgaged Property" whether now owned or held or hereafter acquired and wherever located, including any and all substitutions, replacements and additions to same:

(a)    That certain real property located in San Bernardino County, State of California, and more particularly described in Exhibit "B," attached hereto and incorporated herein by this reference, together with all of the easements, rights, privileges, franchises, appurtenances thereunto belonging or in any way appertaining to the real property, including specifically but not limited to all appurtenant water, water rights and water shares or stock of Trustor, any and all general intangibles relating to the use and/or development of the real property, including development allotments, governmental permits, approvals, authorizations and entitlements, agreements to provide necessary utility or municipal services, all engineering plans and diagrams, surveys and/or soil and substrata studies, and all other rights, privileges and appurtenances related to the said real property and all of the estate, right, title, interest, claim and demand whatsoever of Trustor therein or thereto, either in law or in equity, in possession or in expectancy, now owned or hereafter acquired (hereinafter referred to as the "Property");

(b)    All structures, buildings and improvements of every kind and description now or at any time hereafter located on the Property (hereinafter referred to as the "Improvements"), including all equipment, apparatus, machinery, fixtures, fittings, and appliances and other articles and any additions to, substitutions for, changes in or replacements of the whole or any part thereof, now or at any time hereafter affixed or attached to and which are an integral part of said structures, buildings, improvements or the Property or any portion thereof, and such Improvements shall be deemed to be fixtures and an accession to the freehold and a part of the Property as between the parties hereto and all persons claiming by, through or under such parties except that same shall not include such machinery and equipment of Trustor, its contractors or subcontractors, or any tenant of any portion of the Property or Improvements, which is part of and/or used in the conduct of the normal business of Trustor or its tenant conducted upon the Mortgaged Property, which is distinct and apart from the ownership, operation and maintenance of the Mortgaged Property.

(c)    All articles of tangible personal property and any additions to, substitutions for, changes in or replacements of the whole or any part thereof other than personal property which is or at any time has become toxic waste, waste products or hazardous substances (hereinafter referred to as the "Personal Property"), including without limitation all wall-beds, wall-safes, built-in furniture and installations, shelving, partitions, door-tops, vaults, elevators, dumb-waiters, awnings,

2

window shades, venetian blinds, light fixtures, fire hoses and brackets and boxes for the same, fire sprinklers, alarm systems, drapery rods and brackets, screens, water heaters, incinerators, wall coverings, carpeting, linoleum, tile, other floor coverings of whatever description, communication systems, all specifically designed installations and furnishings, office maintenance and other supplies and all of said articles of property, the specific enumerations herein not excluding the general, now or at any time hereafter placed upon or used in any way in connection with the ownership, operation or maintenance of the Property or the Improvements or any portion thereof and owned by Trustor or in which Trustor now has or hereafter acquires an interest, and all building materials and equipment now or hereafter delivered to the Property and intended to be installed or placed in or about the Improvements. Such tangible, personal property shall, in addition to all other tangible, personal property herein described or defined, specifically include each and every item of tangible, personal property and any substitutions for, changes in or replacements thereof which are used in the operation of the Improvements. Notwithstanding the breadth of the foregoing, the Personal Property shall not include (i) personal property which may be owned by lessees or other occupants of the Mortgaged Property; (ii) inventory of any lessee or occupant of the Mortgaged Property used in the normal course of the business conducted thereon; (iii) material, equipment, tools, machinery, or other personal property which is brought upon the Mortgaged Property only for use in construction, maintenance or repair and which is not intended to remain after the completion of such construction, maintenance or proper maintenance, of the Mortgaged Property; or (iv) such items of tangible personal property which have not been purchased or installed with proceeds of the Note and for which Beneficiary shall have executed such documents as may be required to subordinate to the lien or security interest of any purchase money lender or supplier of such tangible personal property;

(d)     All right, title and interest of Trustor, now owned or hereafter acquired in and to and lying within the right-of-way of any street, road, alley or public place, opened or proposed, vacated or extinguished by law or otherwise, and all easements and rights of way, public or private, tenements, hereditaments, appendages, rights and appurtenances how or hereafter located upon the Property or now or hereafter used in connection with or now or hereafter belonging or appertaining to the Property; and all right, title and interest in the Trustor, now owned or hereafter acquired, in and to any strips and gores adjoining or relating to the Property;

(e)     All judgments, awards of damages, settlements and any and all proceeds derived from such hereafter made as a result of or in lieu of any taking of the Mortgaged Property or any part thereof, interest therein or any rights appurtenant thereto under the power of eminent domain, or by private or other purchase in lieu thereof, or for any damage (whether caused by such taking or otherwise) to the Mortgaged Property or the Improvements thereon, including change of grade of streets, curb cuts or other rights of access for any public or quasi-public use or purpose under any law;

(f)     All rents, incomes, issues and profits, revenues, royalties, bonuses, rights, accounts, contract rights, insurance policies and proceeds thereof, general intangibles and benefits of the Mortgaged Property, or arising from any lease or similar agreement pertaining thereto (the "Rents and Profits"), and all right, title and interest of Trustor in and to all leases of the Mortgaged Property now or hereafter entered into and all right, title and interest of Trustor thereunder, including, without

limitation, cash or securities deposited thereunder to secure performance by the lessees of their obligations thereunder, whether said cash or securities are to be held until the expiration of the terms of said leases or applied to one or more of the installments of rent coming due immediately prior to the expiration of said terms with the right to receive and apply the same to said indebtedness, and Trustee or Beneficiary may demand, sue for and recover such payments but shall not be required to do so; and

    (g)    All proceeds of the conversion, voluntary or involuntary, of any of the foregoing into cash or liquidated claims.

Trustor makes the foregoing grant to Trustee for the purposes herein set forth; provided, however, that if the Trustor shall pay or cause to be paid to the holder of the Note all amounts required to be paid under the provisions of the Note, this Deed of Trust or any other Loan Documents, and at the time and in the manner stipulated therein, and shall further pay or cause to be paid all other sums payable hereunder and all indebtedness hereby secured, then, in such case, the estate, right, title and interest of the Trustee and Beneficiary in the Mortgaged Property shall cease, determine and become void, and upon proof being given to the satisfaction of the Beneficiary that all amounts due to be paid under the Note have been paid or satisfied, and upon payment of all fees, costs, charges, expenses and liabilities chargeable or incurred or to be incurred by Trustee or Beneficiary, and of any other sums as herein provided, the Trustee shall, upon receipt of the written request of the Beneficiary, cancel, reconvey and discharge this Deed of Trust.

TO HAVE AND TO HOLD THE MORTGAGED PROPERTY UNTO THE TRUSTEE ITS SUCCESSORS AND ASSIGNS FOREVER, ALL IN ACCORDANCE WITH THE PROVISIONS HEREOF.

## ARTICLE 1
### TRUSTOR'S COVENANTS

Trustor covenants, warrants and agrees with Trustee and Beneficiary as follows:

    1.1    Payment of Note. Trustor shall pay the principal and interest and other sums coming due with respect to the Note, this Deed of Trust or any of the Loan Documents at the time and place in the manner specified in and according to the terms thereof.

    1.2    Title. The Trustor warrants that:

    (a)    Trustor has good and marketable title to an indefeasible fee simple estate in the Property described in Exhibit "B", subject only to those liens, charges or encumbrances set forth as Permitted Exceptions in the Loan Agreement; that Trustor has full power and authority to grant, bargain, sell and convey the Mortgaged Property in the manner and form herein done or intended hereafter to be done; that this Deed of Trust is and shall remain a valid and enforceable lien on the Mortgaged Property subject only to the Permitted Exceptions; that Trustor and its successors and assigns shall preserve its title and interest in and title to the Mortgaged Property and shall forever warrant and defend the same and shall warrant and defend the validity and priority of the

4

lien thereof forever against all claims and demands of all persons whomsoever, and that this covenant shall not be extinguished by any exercise of power of sale or foreclosure sale hereof, but shall run with the land; and

        (b)    Trustor has and shall maintain good and marketable title to the Improvements and Personal Property, including any additions or replacements thereto, free of all security interests, liens and encumbrances, if any, except as set forth as Permitted Exceptions in the Loan Agreement, or as otherwise disclosed to and accepted by Beneficiary in writing, and has good right to subject Improvements and Personal Property to the security interest created hereunder. If the lien of this Deed of Trust on any Improvements or Personal Property be subject to a lease agreement, conditional sale agreement or chattel mortgage covering such property, then in the event of any default hereunder all the rights, title and interest of the Trustor in any and all deposits made thereon or therefor are hereby assigned to the Trustee, together with the benefit of any payments now or hereafter made thereon. There is also transferred, set over and assigned by Trustor to Trustee, its successors and assigns, hereby all of Trustor's right, title and interest in and to the Project Documents, and all leases and use agreements of machinery, equipment and other personal property of Trustor in the categories hereinabove set forth, under which Trustor is the lessee of, or entitled to use such items, and Trustor agrees to execute and deliver to Trustee or Beneficiary all such Project Documents, leases and agreements when requested by Trustee or Beneficiary. Trustor hereby covenants and agrees to well and punctually perform all covenants and obligations under such Project Documents, leases or agreements as it so chooses, but nothing herein shall obligate Trustee or Beneficiary to perform any obligations of Trustor under such Project Documents, leases or agreements unless Trustee or Beneficiary shall so choose; and

        (c)    Trustor will, at its own cost without expense to Trustee or Beneficiary, do, execute, acknowledge and deliver all and every such further act, deed, conveyance, mortgage, assignment, notice of assignment, transfer and assurance as Trustee or Beneficiary shall from time to time reasonably require for the better assuring, conveying, assigning, transferring and confirming unto Trustee and Beneficiary the property and rights hereby conveyed or assigned or intended now or thereafter so to be, or which Trustor may be or hereafter become bound to convey or assign to Beneficiary for the intention of facilitating the performance of the terms of this Deed of Trust or for the filing, registering, perfecting or recording of this Deed of Trust and any other Loan Document and, on demand, Trustor will execute, deliver and file or record one or more financing statements, chattel mortgages or comparable security instruments more effectively evidencing the lien hereof upon the Personal Property.

       1.3    <u>Business Existence.</u> Trustor shall do all things necessary to preserve and keep in full force and effect its rights and privileges to do business and to conduct its business in the State of California, and shall comply with all regulations, rules, ordinances, statutes, orders and decrees of any governmental authority or court applicable to the Trustor.

       1.4    <u>Payment of Taxes, Assessments, Insurance Premiums and Charges.</u> Trustor shall pay, prior to delinquency, all insurance premiums that become due and payable on any insurance policies required to be maintained hereunder, all taxes, assessments, charges and levies imposed by any Governmental Agency which are or may become a lien affecting the Property or any part

thereof, including without limitation assessments on any appurtenant water stock; except that Trustor shall not be required to pay and discharge any tax, assessment, charge or levy that is being actively contested in good faith by appropriate proceedings, as long as Trustor has established and maintains reserves adequate to pay any liabilities contested pursuant to this Section in accordance with generally accepted accounting principles and, by reason of nonpayment, none of the Mortgaged Property covered by the Loan Documents or the lien or security interest of Beneficiary is in danger of being lost or forfeited.

1.5    Maintenance and Repair.    The Trustor shall, at its sole cost and expense, keep the Mortgaged Property in good operating order, repair and condition and shall not commit or permit any waste thereof, which condition, during the course of any construction or reconstruction of the Improvements, shall be subject to the normal constraints and effects of construction or reconstruction. Trustor shall make all repairs, replacements, renewals, additions and improvements and complete and restore promptly and in good workmanlike manner any Improvements which may be damaged or destroyed thereon, and pay when due all costs incurred therefor. Trustor shall not remove or demolish any of the Mortgaged Property conveyed hereby, nor demolish or materially alter the Mortgaged Property without the prior written consent of the Beneficiary. Trustor shall permit Trustee or Beneficiary or its agents the opportunity to inspect the Mortgaged Property, including the interior of any structures, at any reasonable times upon twenty-four (24) hours telephonic notice.

1.6    Compliance with Laws.    The Trustor shall comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the Mortgaged Property or the operation thereof, and shall pay all fees or charges of any kind in connection therewith; except that Trustor shall not be required to pay and discharge any fee or charge that is being actively contested in good faith by appropriate proceedings, as long as Trustor has established and maintains reserves adequate to pay any liabilities contested pursuant to this Section in accordance with generally accepted accounting principles, and, by reason of nonpayment, none of the Mortgaged Property covered by the Loan Documents or the lien or security interest of Beneficiary is in danger of being lost or forfeited.

1.7    Insurance.    Trustor shall be responsible to provide, maintain and keep in force or to cause to be maintained or kept in force, all policies of insurance on the Mortgaged Property as required by the Loan Agreement.

1.8    Casualty.    The Trustor will give the Beneficiary prompt notice of damage to or destruction of any Improvements on the Property and in case of loss covered by policies of insurance, the Beneficiary is hereby authorized to make proof of loss if not made promptly by the Trustor or any lessee. Any expenses incurred by the Beneficiary in the collection of insurance proceeds, together with interest thereon from date of any such expense at the per annum interest rate set forth in the Note shall be added to and become a part of the indebtedness secured hereby and all be reimbursed to the Beneficiary, together with accrued interest thereon, no later than seventy-two (72) hours after demand therefor. Upon the occurrence of damage to or destruction of any Improvements, if Beneficiary shall so elect in its sole and unfettered discretion, the Beneficiary shall make the net proceeds of insurance available for repair, restoration and/or reconstruction under the

6

conditions and in the manner specified in the following paragraph. If Beneficiary shall otherwise determine, then such insurance proceeds shall be applied by the Beneficiary to reduce the indebtedness secured hereby then most remotely to be paid. The foregoing notwithstanding, Beneficiary must apply insurance proceeds to the repair, restoration, and/or reconstruction of the Improvements unless the Beneficiary reasonably determines that the Mortgaged Property, so repaired, restored or reconstructed, will be of insufficient value or condition to adequately secure the Trustor's obligations hereunder. If the Beneficiary shall require that the Improvements be repaired or rebuilt then the repair, restoration, replacement or rebuilding of the Improvements shall be to a condition of at least equal value as prior to such damage or destruction.

Insurance proceeds made available for restoration, repair, replacement or rebuilding of the Improvements shall be disbursed from time to time (provided no default exists in the Note or this Deed of Trust or any other Loan Document at the time of each such disbursement), in the manner set forth in the Loan Agreement. The Beneficiary may require that plans and specifications for the restoration, repair, replacement or rebuilding be submitted to and approved by the Beneficiary prior to the commencement of the work. Any surplus which may remain out of said insurance proceeds after payment of costs of building and restoration may, at the option of the Beneficiary, be applied either on account of the indebtedness secured hereby then most remotely to be paid or be paid to any person or persons entitled thereto. Application or release of proceeds under the provisions hereby shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice. No interest shall be allowed on account of any such proceeds or any other funds held in the hands of the Beneficiary or the disbursing party hereunder.

1.9    Condemnation. The Trustor, promptly upon obtaining knowledge of the institution of any proceeding for the condemnation of the Mortgaged Property or any portion thereof, shall notify Beneficiary of the pendency thereof. The Trustor hereby assigns, transfers and sets over unto the Beneficiary all compensation, rights of action and the entire proceeds of any award, up to the maximum amount of all amounts then due and payable under the Note and the Loan Documents, including, without limitation, all interest, costs, expenses and Advances, as that term is herein defined, and any claim for damages for any of the Mortgaged Property taken or damaged under the power of eminent domain or by condemnation or by sale in lieu thereof. Beneficiary may, at its option, commence, appear in and prosecute, in its own name, any action or proceeding, or make any compromise or settlement, in connection with such condemnation, taking under the power of eminent domain or sale in lieu thereof, and Trustor hereby appoints Beneficiary as its true and lawful attorney-in-fact for such purposes, such power being coupled with an interest. After deducting therefrom all of its expenses, including attorneys fees, the Beneficiary may elect, in its sole discretion and notwithstanding the fact that the security given hereby may not be impaired by a partial condemnation, to apply any part or all of the proceeds of the award, in such order as Beneficiary may determine, upon or in reduction of the indebtedness secured hereby whether due or not. Any application of all or a portion of the proceeds of any such award to the indebtedness shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice. Trustor agrees to execute such further assignments of any compensation, award, damages, right of action and proceeds as Beneficiary may require.

1.10    Indemnification. The Trustor shall appear in and defend any suit, action or proceeding that might in any way, in the reasonable judgment of Beneficiary, materially and

7

detrimentally affect the value of the Mortgaged Property, the title to the Mortgaged Property or the rights and powers of Trustee or Beneficiary. Trustor shall, at all times, indemnify, hold harmless and on demand reimburse Beneficiary for any and all loss, damage, reasonable expense or cost, including cost of evidence of title and reasonable attorneys fees, arising out of or incurred in connection with any such suit, action or proceeding, and the sum of such expenditures shall be secured by this Deed of Trust and shall accrue interest at the "Default Rate" as that term is defined in the Note and shall be due and payable on demand. Trustor shall pay costs of suit, cost of evidence of title and reasonable attorneys' fees in any proceeding or suit brought by Trustee or Beneficiary to foreclose this Deed of Trust.

1.11    Sale of Premises or Additional Financing Not Permitted. Trustor specifically agrees that:

(a)    In order to induce Beneficiary to make the loan secured hereby, Trustor agrees that if the Mortgaged Property or any part thereof or any interest therein, shall be sold, assigned, transferred, conveyed, pledged, mortgaged or encumbered with financing other than that secured hereby or otherwise alienated by Trustor whether voluntarily or involuntarily or by operation of law, except as shall be specifically hereinafter permitted or without the prior written consent of Beneficiary, then Beneficiary, at its option, may declare the Note secured hereby and all other obligations hereunder to be forthwith due and payable. Except as shall be otherwise specifically provided herein, any (a) change in the legal or equitable ownership of the Mortgaged Property whether or not of record, or (b) change in the form of entity or ownership (including the hypothecation or encumbrance thereof) of the stock or any other ownership interest in Trustor shall be deemed a transfer of an interest in the Mortgaged Property; provided, however, that any transfer of the Mortgaged Property or any interest therein to an entity which controls, is controlled by, or is under common control with Trustor shall not be considered a transfer hereunder. In connection herewith, the financial stability and managerial and operational ability of Trustor is a substantial and material consideration to Beneficiary in its agreement to make the loan to Trustor secured hereby. The transfer of an interest in the Mortgaged Property may materially alter and reduce Beneficiary's security for the indebtedness secured hereby. Moreover, Beneficiary has agreed to make its loan based upon the presumed value of the Mortgaged Property and the Rents and Profits thereof. Therefore, it will be a diminution of Beneficiary's security if junior financing, except as shall be permitted by Beneficiary, or if other liens or encumbrances should attach to the Mortgaged Property.

(b)    Trustor may request Beneficiary to approve a sale or transfer of the Mortgaged Property to a party who would become the legal and equitable owner of the Mortgaged Property and would assume any and all obligations of Trustor under the Loan Documents (the "Purchaser"). Beneficiary shall not be obligated to consider or approve any such sale, transfer or assumption or request for the same. However, upon such request, Beneficiary may impose limiting conditions and requirements to its consent to an assumption.

(c)    In the event ownership of the Mortgaged Property, or any part thereof, becomes vested in a person or persons other than Trustor, the Beneficiary may deal with such successor or successors in interest with reference to the Note or this Deed of Trust in the same manner as with Trustor, without in any way releasing, discharging or otherwise affecting the liability

8

of Trustor under the Note, this Deed of Trust or the other Loan Documents. No sale of Trustor's interest in the Mortgaged Property, no forbearance on the part of Beneficiary, no extension of the time for the payment of the Deed of Trust indebtedness or any change in the terms thereof consented to by Beneficiary shall in any way whatsoever operate to release, discharge, modify, change or affect the original liability of the Trustor herein, either in whole or in part. Any deed conveying the Mortgaged Property, or any part thereof, shall provide that the grantee thereunder assume all of Trustor's obligations under the Note, this Deed of Trust and all other Loan Documents. In the event such deed shall not contain such assumption, Beneficiary shall have all rights reserved to it hereunder in the event of a default or if Beneficiary shall not elect to exercise such rights and remedies, the grantee under such deed shall nevertheless be deemed to have assumed such obligations by acquiring the Mortgaged Property or such portion thereof subject to this Deed of Trust. Nothing contained in this section shall be construed to waive the restrictions against the transfer of the Mortgaged Property contained in Section 1.11(a).

1.12    Transfer of Personal Property. Trustor shall not voluntarily, involuntarily or by operation of law sell, assign, transfer, hypothecate, pledge or otherwise dispose of the Personal Property or any interest therein and shall not otherwise do or permit anything to be done or occur that may impair the Personal property as security hereunder, except that so long as this Deed of Trust is not in default, Trustor shall be permitted to sell or otherwise dispose of the Personal Property when absolutely worn out, inadequate, unserviceable or unnecessary for use in the operation of the Property or in the conduct of the business of Trustor, upon replacing the same or substituting for the same other Personal Property at least equal in value to the initial value of that disposed of and in such a manner so that said Personal Property is sold in connection with the sale of the Property.

1.13    Title to Replacements and Substitutions. All right, title and interest of Trustor in and to all extensions, improvements, betterments, renewals, substitutes and replacements of, and all additions and appurtenances to the Personal Property, Improvements or the Mortgaged Property hereafter acquired by or released to Trustor or constructed, assembled or placed by Trustor on the Mortgaged Property, and all conversions of the security constituted thereby, immediately upon such acquisition, release, construction, assembling, placement or conversion, as the case may be, and in each such case, without any further deed of trust, conveyance, assignment or other act by Trustor, shall become subject to the lien of this Deed of Trust as fully and completely, and with the same effect and in the same priority as the lien of this Deed of Trust shall have attached to the item so replaced or substituted immediately prior to such replacement of substitutions, as though now owned by Trustor and specifically described in the granting clause hereof, but at any and all times Trustor will execute and deliver to Trustee any and all such further assurances, deeds of trust, conveyances or assignments thereof as Trustee or Beneficiary may reasonably require for the purpose of expressly and specifically subjecting the same to the lien of this Deed of Trust.

1.14    Security Agreement. This Deed of Trust shall be self-operative and shall constitute a security agreement for purposes of the California and Nevada Uniform Commercial Codes with respect to all of those portions of the Mortgaged Property which constitute personal property or fixtures governed by the California or Nevada Uniform Commercial Codes, provided, however, Trustor hereby agrees to execute and deliver on demand and hereby irrevocably constitutes and

9

appoints Beneficiary the attorney-in-fact of Trustor (such power coupled with an interest) to execute, deliver and, if appropriate, to file such agreement, financing statement or other instruments as Beneficiary may request or require in order to impose or perfect the lien or security interest hereof more specifically thereon. Notwithstanding the above, this Deed of Trust is intended to serve as a fixture filing pursuant to the terms of the California and Nevada Uniform Commercial Codes. This filing is to be recorded in the real estate records in the county in which the Mortgaged Property is located. In that regard, the following information is provided:

| | |
|---|---|
| Name of Debtor: | Trustor |
| Address of Debtor: | See Section 5.12 |
| Name of Secured Party: | Beneficiary |
| Address of Secured Party: | See Section 5.12 |

1.15   _Management._ The Trustor agrees that the Beneficiary shall have and reserves the right to install professional management of the Mortgaged Property upon the occurrence of an Event of Default as defined herein. Such installation shall be at the sole discretion of the Beneficiary and nothing herein shall obligate the Beneficiary to exercise its right to install professional management. The cost of such management shall be borne by Trustor and shall be treated as an Advance under Section 1.16. Nothing contained herein shall limit Beneficiary's rights in equity to obtain a receiver for the Mortgaged Property.

1.16   _Advances._ If Trustor shall fail to perform any of the covenants herein contained or contained in any other Loan Document, the Beneficiary may, but is not obligated to, pay any and all amounts necessary to perform same or cause same to be performed on behalf of Trustor, and all sums so expended by Beneficiary for payment of any item whatsoever, including, but not by limiting the generality of the foregoing, payment of taxes, insurance premiums, lien claimants or assessments shall be secured by this Deed of Trust and each such payment shall be and all such payments shall be collectively referred to herein as an "Advance." The Trustor shall repay to Beneficiary on demand each and every Advance and the sum of each such Advance shall accrue interest at the Default Rate, as that term is defined in the Note, from the date of each Advance until repaid to Beneficiary. Nothing herein contained, including the payment of such amount or amounts by Beneficiary, shall prevent any such failure to perform on the part of Trustor from constituting an Event of Default as defined herein. Any such advance shall be deemed made under an obligation to do so.

1.17   _Time._ The Trustor agrees that time is of the essence hereof in connection with all obligations of the Trustor herein, in the Note or any other Loan Documents.

1.18   _Estoppel Certificates._ The Trustor within ten (10) days after written request shall furnish a duly acknowledged written statement setting forth the amount of the debt secured by this Deed of Trust, and stating either that no set-offs or defenses exist against the Deed of Trust debt, or, if such setoffs or defenses are alleged to exist, the nature thereof.

10

1.19    Records. The Trustor agrees to keep adequate books and records of account in accordance with generally accepted accounting principles consistently applied and will permit the Beneficiary and Beneficiary's agents, accountants and attorneys, to visit and inspect the Mortgaged Property and examine its books and records of account in respect to the Mortgaged Property, and to discuss its affairs, finances and accounts with the Trustor, at such reasonable times as Beneficiary may request upon twenty-four (24) hours telephonic notice.

1.20    Assignment of Rents and Profits. Trustor does hereby assign to Beneficiary all Rents and Profits as follows:

(a)    The Rents and Profits are hereby absolutely and unconditionally assigned, transferred, conveyed and set over to Beneficiary to be applied by Beneficiary in payment of the principal and interest and all other sums payable on the Note, and all other sums payable under this Deed of Trust. Prior to the happening of any Event of Default as set forth in Article 2 hereof, Trustor shall have a license to collect and receive all Rents and Profits. If an Event of Default has occurred and is continuing, Trustor's right to collect and receive Rents and Profits shall cease and Beneficiary shall have the sole right, with or without taking possession of the Property, to collect all Rents and Profits, including those past due and unpaid. Any Rents and Profits received by Trustor after an Event of Default has occurred and is continuing shall be deemed received by Trustor in trust as trustee for Beneficiary and for the benefit of Beneficiary. Trustor shall be required to account to Beneficiary for any rents and profits not applied in accordance with the provisions of the Loan Documents. Nothing contained in this Section 1.20(a) or elsewhere in this Deed of Trust shall be construed to make Beneficiary a "mortgagee in possession" unless and until Beneficiary actually takes possession of the Mortgaged Property either in person or through an agent or receiver.

(b)    Trustor agrees to execute such other assignments of Rents and Profits applicable to the Mortgaged Property as the Beneficiary may from time to time request while this Deed of Trust and the debt secured hereby are outstanding. Trustor shall not (i) execute (except as noted above) an assignment of any of its right, title or interest in the Rents and Profits or any portion thereof, (ii) execute any lease of any portion of the Mortgaged Property which shall not be approved in advance by Beneficiary; or (iii) in any other manner impair the value of the Mortgaged Property or the security of the Beneficiary for the payment of the indebtedness.

(c)    Trustor covenants and agrees that it shall at all times promptly and faithfully perform, or cause to be performed, all of the covenants, conditions and agreements contained in all leases of the Mortgaged Property now or hereafter existing, on the part of the lessor thereunder to be kept and performed.

(d)    Nothing herein shall obligate the Beneficiary to perform the duties of the Trustor as landlord or lessor under any such leases or tenancies.

(e)    The Trustor shall furnish to the Beneficiary, within fifteen (15) days after a request by the Beneficiary to do so, a written statement, certified as true and correct by the Trustor, containing the names of all lessees, if any, or occupants of the Mortgaged Property, the terms of their respective leases or tenancies, the spaces occupied and the rentals paid.

11

1.21    Compliance with Covenants. Trustor warrants that it is not in violation of any covenant, condition or restriction regarding the ownership, use or occupancy of the Mortgaged Property and that the use of the Improvements, upon completion thereof, shall not constitute a violation of any such covenant, condition or restriction. If Trustor shall fail to perform any obligations set forth in such covenants, conditions or restrictions, the Beneficiary may, but without obligation to do so, pay any and all amounts necessary to perform same or cause same to be performed on behalf of Trustor, and all sums so expended by Beneficiary for any such payment or performance shall be secured by this Deed of Trust and shall be an Advance under the terms of this Deed of Trust. Trustor's failure to perform its obligations under any such declaration or mutual arrangement shall constitute an Event of Default.

## ARTICLE 2
## DEFAULT

2.1    Events of Default. The occurrence of any of the following events shall be an Event of Default: (a) default in the payment or performance of any obligations secured hereby or contained herein, subject to the cure period set forth in Section 7.1(b) of the Loan Agreement; or (b) the occurrence of any "Event of Default" pursuant to the Loan Agreement.

## ARTICLE 3
## REMEDIES

Upon the occurrence of any Event of Default, Trustee and Beneficiary shall have the following rights and remedies:

3.1    Acceleration of Maturity. Beneficiary may declare the entire principal of the Note then outstanding (if not then due and payable thereunder) and all other obligations of Trustor hereunder or under the Note, to be due and payable immediately, and, subject to applicable provisions of law, upon any such declaration the principal of the Note and accrued and unpaid interest, and all other amounts to be paid under the Note, this Deed of Trust or any other Loan Document shall become and be immediately due and payable, anything in the Note or in this Deed of Trust to the contrary notwithstanding.

3.2    Default Interest. Irrespective of whether Beneficiary exercises any other right set forth in this Article 3, after the Maturity Date or any acceleration thereof, or upon any Event of Default, through and including the date such default is cured, the entire principal balance under the Note shall thereafter earn interest at the Default Rate, as defined in the Note.

3.3    Operation of Mortgaged Property. Beneficiary in person or by agent may, but is not obligated to, and without notice or demand upon, or consent from, Trustor without releasing Trustor from any obligation hereunder; (i) make any payment or do any act which Trustor has failed to make or do; (ii) enter upon, take possession of, manage and operate the Mortgaged Property or any part thereof; (iii) make or enforce, or if the same be subject to modification or cancellation, modify or cancel leases upon such terms or conditions as Beneficiary deems proper; (iv) obtain and evict tenants, and fix or modify rents, make repairs and alterations and do any acts which

12

Beneficiary deems proper to protect the security hereof; and (v) with or without taking possession, in its own name or in the name of Trustor, use or otherwise collect and receive the Rents and Profits and all other benefits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorneys fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine.

3.4     Judicial Remedies.   Beneficiary may bring an action in any court of competent jurisdiction to foreclose this Deed of Trust or to enforce any of the covenants and agreements hereof and to take such steps to protect and enforce its rights whether by action, suit or proceeding in equity or at law for the specific performance of any covenant, condition or agreement in the Note, this Deed of Trust or any other Loan Document, or in aid of the execution of any power herein granted, or for any foreclosure hereunder, or for the enforcement of any other appropriate legal or equitable remedy or otherwise as the Beneficiary shall elect.

3.5     Maintenance of Mortgaged Property.   Beneficiary may have a receiver appointed by a court of competent jurisdiction for the purpose of collecting rents and managing the Mortgaged Property, and Trustor hereby consents in advance to such appointment. The Trustee or Beneficiary personally, or by its agents or attorneys, or by the receiver appointed by the court, may enter into and upon all or any part of the Mortgaged Property, and each and every part thereof, and may exclude the Trustor, its agents and servants wholly therefrom, and having and holding the same, may use, operate, manage and control the Mortgaged Property and conduct the business thereof, either personally or by its superintendents, managers, agents, servants, attorneys or receivers. Upon every such entry, any party occupying the Mortgaged Property in accordance with this Article 3, at the expense of the Mortgaged Property or Trustor, may from time to time maintain and restore the Mortgaged Property or any part thereof either by purchase, repair or construction, and in the course of such purchase, repair or construction may make such changes in the Improvements as it may deem desirable and may insure the same. Likewise, from time to time, at the expense of the Mortgaged Property, the Trustee or Beneficiary or any such party may make all necessary or proper repairs, renewals and replacements of the Personal Property and such useful alterations, betterments and improvements thereto and thereon as to it may seem advisable. In every such case the Trustee or Beneficiary or any such party shall have the right to manage and operate the Mortgaged Property and to carry on the business thereof and exercise all rights and powers of the Trustor with respect thereto either in the name of the Trustor or otherwise, as it shall deem best, and shall be entitled to collect and receive the Rents and Profits of the Mortgaged Property and every part thereof and after deducting the expenses of conducting the business thereof and of all maintenance, repairs, renewals, replacements, alterations, additions, betterments and improvements and amounts necessary to pay for taxes, assessments, insurance and prior or other proper charges upon the Mortgaged Property or any part thereof, as well as just and reasonable compensation for the agents, clerks, servants and other employees by it properly engaged and employed, the Beneficiary shall apply the monies arising as aforesaid, in the order as is set forth in the Note.

3.6     Rights of Secured Party.   Beneficiary shall have all of the remedies of a Secured Party under the Uniform Commercial Codes of California and Nevada, including without limitation, the right and power to sell, or otherwise dispose of, the Personal Property, or any part thereof, and for that purpose may take immediate and exclusive possession of the Personal Property, or any part

13

thereof, and with or without judicial process to the extent permitted by law, enter upon any premises on which the Personal Property or any part thereof, may be situated and remove the same therefrom without being deemed guilty of trespass and without liability for damages thereby occasioned, or at Beneficiary's option Trustor shall assemble the Personal Property and make it available to the Beneficiary at the place and the time designated in the demand. Beneficiary shall be entitled to hold, maintain, preserve and prepare the Personal Property for sale. Beneficiary, without removal of the Personal Property from the Mortgaged Property, may render the Personal Property inoperable and dispose of the Personal Property on the Mortgaged Property. To the extent permitted by law, Trustor expressly waives any notice of sale or other disposition of the Personal Property and any other right or remedy of Beneficiary existing after default hereunder, and to the extent any such notice is required and cannot be waived, Trustor agrees that as it relates to this Section 3.6 only, if such notice is mailed, postage prepaid, to the Trustor at the address set forth in Section 5.12 hereof at least ten (10) days before the time of the sale or disposition, such notice shall be deemed reasonable and shall fully satisfy any requirement for giving of said notice.

     3.7   Foreclosure. All rights, powers and privileges granted to or conferred upon a beneficiary and trustee under a deed of trust in accordance with the laws of the State of California are hereby adopted and incorporated into this Deed of Trust by this reference and in accordance with such rights, powers and privileges:

     (a)   The Trustee may, and upon the written request of Beneficiary shall, with or without entry, personally or by its agents or attorneys insofar as applicable pursuant to and in accordance with the laws of California:

     (i)   subject to the provisions of the Loan Agreement, cause any or all of the Mortgaged Property to be sold under the power of sale granted by this Deed of Trust or any of the other Loan Documents in any manner permitted by applicable law. For any sale under the power of sale granted by this Deed of Trust, Trustee or Beneficiary must record and give all notices required by law and then, upon the expiration of such time as is required by law, may sell the Mortgaged Property, and all estate, right, title, interest, claim and demand of Trustor therein, and all rights of redemption thereof, at one or more sales, as an entirety or in parcels, with such elements of real and/or personal property (and, to the extent permitted by applicable law, may elect to deem all of the Mortgaged Property to be real property for purposes thereof), and at such time or place and upon such terms as Trustee and Beneficiary may determine and shall execute and deliver to the purchaser or purchasers thereof a deed or deeds conveying the property sold, but without any covenant or warranty, express or implied, and the recitals in the deed or deeds of any facts affecting the regularity or validity of a sale will be conclusive against all persons. In the event of a sale, by foreclosure or otherwise, of less than all of the Mortgaged Property, this Deed of Trust shall continue as a lien and security interest on the remaining portion of the Mortgaged Property; or

14

(ii)    institute proceedings for the complete or partial foreclosure of this Deed of Trust as a mortgage; and in this connection Trustor does hereby expressly waive to the extent permitted by law its right of redemption after a mortgage foreclosure sale; or

(iii)    apply to any court of competent jurisdiction for the appointment of a receiver or receivers for the Mortgaged Property and of all the earnings, revenues, rents, issues, profits and income thereof, which appointment is hereby consented to by Trustor; or

(iv)    take such steps to protect and enforce its rights whether by action, suit or proceeding in equity or at law for the specific performance of any covenant, condition or agreement in the Note or in this Deed of Trust, or in aid of the execution of any power herein granted, or for any foreclosure hereunder, or for the enforcement of any other appropriate legal or equitable remedy or otherwise as Beneficiary shall select.

(b)    The Trustee may adjourn from time to time any sale by it made under or by virtue of this Deed of Trust by announcement at the time and place appointed for such sale or sales and, except as otherwise provided by any applicable provision of law, the Trustee without further notice or publication, may make such sale at the time and place to which the sale shall be so adjourned.

(c)    Upon the completion of any sale or sales made by the Trustee under or by virtue of this Section, the Trustee shall execute and deliver to the accepted purchaser or purchasers a good and sufficient instrument, or good and sufficient instruments, conveying, assigning and transferring all estate, right, title and interest in and to the property and rights sold, but without any covenant or warranty, express or implied.  The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof to the extent permitted by law.  Any such sale or sales made under or by virtue of this Section whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, shall operate to divest all the estate, right, title, interest, claim and demand whatsoever, whether at law or in equity, of the Trustor in and to the properties and rights so sold, and shall be a perpetual bar both at law and in equity against the Trustor and against any and all persons claiming or who may claim the same, or any part thereof from through or under the Trustor.

(d)    In the event of any sale made under or by virtue of this Section whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, the entire principal of and interest on the Note and all accrued interest on the Note, and all other sums required to be paid by the Trustor pursuant to the Note and this Deed of Trust shall be due and payable, anything in the Note or in this Deed of Trust to the contrary notwithstanding.

(e)    Upon any sale made under or by virtue of this Section, whether made under the power of sale herein granted or granted in accordance with the laws of the state in which the

15

Property is located or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, the Beneficiary may bid for and acquire the Mortgaged Property or any part thereof and in lieu of paying cash therefor may make settlement for the purchase price by crediting upon the indebtedness of the Trustor secured by this Deed of Trust the net sales price after deducting therefrom the expenses of the sale and the cost of the action and any other sums which the Beneficiary is authorized to deduct under this Deed of Trust. The Beneficiary upon so acquiring the Mortgaged Property, or any part thereof shall be entitled to hold, lease, rent, operate, manage and sell the same in any manner provided by applicable laws.

(f)    Trustor acknowledges that the obligations secured by this Deed of Trust are also secured by, among other things, a Control Account Escrow Agreement and Security Agreement. Beneficiary may foreclose on all or any portion of the real and personal property security described in this Deed of Trust and in such other documents in such order as Beneficiary may deem appropriate, and Beneficiary shall have all of the rights given to the holder of mixed collateral under the California Uniform Commercial Code (including Section 9-604 of the California Uniform Commercial Code) and other California statutes and common law.

3.8    Sales of Lots. In the event the Beneficiary shall institute judicial proceedings to foreclose the lien hereof, and shall be appointed as mortgagee-in-possession of the Mortgaged Property, the Beneficiary during such time as it shall be mortgagee-in-possession of the Mortgaged Property pursuant to an order or decree entered in such judicial proceedings, shall have, and the Trustor hereby gives and grants to the Beneficiary, the right, power and authority to sell any of the Lots for such prices and upon conditions and provisions as such mortgagee-in-possession may deem desirable. Trustor expressly acknowledges and agrees that while the Beneficiary is a mortgagee-in-possession of the Mortgaged Property pursuant to an order or decree entered in such judicial proceedings, such Beneficiary shall be deemed to be and shall be the attorney-in-fact of the Trustor for the purpose of selling the Lots for the prices and upon the terms, conditions and provisions deemed desirable to such Beneficiary and with like effect as if such sales of Lots had been made by the Trustor as the owner in fee simple of the Mortgaged Property free and clear of any conditions or limitations established by this Deed of Trust. The power and authority hereby given and granted by the Trustor to Beneficiary shall be deemed to be coupled with an interest and shall not be revocable by Trustor.

3.9    Action by Beneficiary or Agent. Subject to and in accordance with applicable law, any of the actions referred to in this Article may be taken by Beneficiary, either in person or by agent, with or without bringing any action or proceeding, or by receiver appointed by a court, and any such action may also be taken irrespective of whether any notice of default or election to sell has been given hereunder and without regard to the adequacy of the security for the indebtedness hereby secured.

3.10    Marshalling of Assets. To the extent allowed by applicable law, Trustor on its own behalf and on behalf of its successors and assigns hereby expressly waives all rights to require a marshalling of assets by Trustee or Beneficiary or to require Trustee or Beneficiary to first resort to the sale of any portion of the Mortgaged Property which might have been retained by Trustor before foreclosing upon and selling any other portion as may be conveyed by Trustor subject to this

16

Deed of Trust.

3.11    Occupancy by Trustor.  In the event of a trustee's sale hereunder, if at the time of such sale Trustor occupies the portion of the Mortgaged Property so sold or any part thereof, Trustor shall immediately become the tenant of the purchaser at such sale, which tenancy shall be a tenancy from day to day, terminable at the will of either the tenant or any such purchaser, at a reasonable rental per day based upon the value of the portion of the Mortgaged Property so occupied, such rental to be due and payable daily to the purchaser.  An action of unlawful detainer shall lie if the tenant holds over after a demand in writing from the purchaser for possession of such Mortgaged Property.

3.12    Non-Waiver of Default.  The entering upon and taking possession of the Mortgaged Property, the collection of any Rents or Profits or other benefits and the application thereof, as aforesaid, shall not cure or waive any default theretofore or thereafter occurring or affect any notice of default hereunder or invalidate any act done pursuant to such notice; and, notwithstanding continuance in possession of the Mortgaged Property, or any part thereof by Beneficiary, Trustee or a receiver and the collection, receipt and application of Rents and Profits or other benefits, Beneficiary shall be entitled to exercise every right provided for in this Deed of Trust or by law upon or after the occurrence of a default, including the right to exercise the power of the sale.

3.13    Remedies Cumulative.  No remedy herein conferred upon or reserved to Trustee or Beneficiary is intended to exclude any other remedy herein or by law provided, but each shall be cumulative and shall be in addition to every other remedy given hereunder or now or hereafter existing at law or in equity or by statute.  No delay or omission of Trustee or Beneficiary to exercise any right or power accruing upon any Event of Default shall impair any right or power or shall be construed to be a waiver of any Event of Default or any acquiescence therein; and every power and remedy given by this Deed of Trust to Trustee or Beneficiary may be exercised from time to time as often as may be deemed expedient by Trustee or Beneficiary.  If there exists additional security for the performance of the obligations secured hereby, to the extent permitted by law, the holder of the Note, at its sole option, and without limiting or affecting any of the rights or remedies hereunder, may exercise any of the rights and remedies to which it may be entitled hereunder either concurrently with whatever rights it may have in connection with such other security or in such order as it may determine.  Nothing in this Deed of Trust or in the Note shall affect the obligation of Trustor to pay the principal of, and interest on, the Note in the manner and at the time and place therein respectively expressed.

## ARTICLE 4
### TRUSTEE

4.1    Acceptance of Trust, Notice of Indemnification.  Trustee accepts this trust when this Deed of Trust, duly executed and acknowledged, becomes a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other deed of trust or of any action or proceeding in which Trustor, Beneficiary or Trustee is a party, and Trustee shall not be obligated to perform any act required of it hereunder unless the performance of such act is requested in writing in the manner required by law and Trustee is reasonably indemnified against

17

loss, cost, liability and expense.

4.2     Substitution of Trustee.  From time to time with or without cause for whatever reason, by a writing signed and acknowledged by Beneficiary and filed for record in the Office of the Recorder of the County in which the Mortgaged Property is situated, Beneficiary may appoint another trustee to act in the place and stead of Trustee or any successor and such writing shall refer to this Deed of Trust and set forth the date, book and page of its recordation.  The recordation of such instrument of substitution shall discharge trustee herein named and shall appoint the new trustee as the Trustee hereunder with the same effect as if originally named Trustee herein.  A writing recorded pursuant to this paragraph shall be conclusive proof of the proper substitution of such new trustee.

4.3     Trustee's Powers.  At any time, or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of the Note secured hereby, and without affecting the personal liability of any person for payment of the indebtedness secured hereby or the effect of this Deed of Trust upon the remainder of said Mortgaged Property, Trustee may (i) reconvey any part of said Mortgaged Property, (ii) consent in writing to the making of any map or plat thereof, (iii) join in granting any easement thereon, or (iv) join in any extension agreement or any agreement subordinating the lien or charge hereof.

4.4     Reconveyance of Trust.  Upon written request of Beneficiary stating that all sums secured hereby have been paid and upon surrender to Trustee of this Deed of Trust and the Note or notes secured hereby for cancellation and retention and payment of its fees, Trustee shall reconvey, without warranty, the Mortgaged Property then held hereunder.  The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.  The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

4.5     Indemnification of Trustee.  Trustee may rely on any document believed by him in good faith to be genuine.  All money received by Trustee shall, until used or applied as herein provided, be held in trust, but need not be segregated (except to the extent required by law), and Trustee shall not be liable for interest thereon.  Trustor shall indemnify Trustee against all liability and expenses that he may incur in the performance of his duties hereunder, except for its own negligence.

## ARTICLE 5
## MISCELLANEOUS

5.1     Non-Waiver.  By accepting payment of any sum secured hereby after its due date or by accepting late performance of any obligation secured hereby, Beneficiary shall not waive its right against any person obligated directly or indirectly hereunder or on any indebtedness hereby secured, either to require prompt payment when due of all other sums so secured or to declare a default for failure to make payment except as to such payment accepted by Beneficiary.  No exercise of any right or remedy by Trustee or Beneficiary hereunder shall constitute a waiver of any other right or remedy herein contained or provided by law.  No delay or omission of the Trustee or Beneficiary in the exercise of any right, power or remedy accruing hereunder or arising otherwise shall impair

18

as Beneficiary herein and any owner or holder of the beneficial interest under this Deed of Trust.

    5.7   <u>Governing Law; Jurisdiction; Waiver of Jury Trial</u>.

    (a)   This Deed of Trust shall be construed according to and governed by the laws of the State of Nevada excepting the provisions in Articles 3.6, 3.7 and 3.8 governing the remedy of foreclosure, which shall be governed by the laws of the State of California.

    (b)   BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, (i) SUBMITS TO PERSONAL JURISDICTION IN THE STATE OF NEVADA OVER ANY SUIT, ACTION OR PROCEEDING BY ANY PERSON ARISING FROM OR RELATING TO THE NOTE, THIS INSTRUMENT OR ANY OTHER OF THE LOAN DOCUMENTS, (ii) AGREES THAT ANY SUCH ACTION, SUIT OR PROCEEDING MAY BE BROUGHT IN ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION SITTING IN CLARK COUNTY, NEVADA, (iii) SUBMITS TO THE JURISDICTION OF SUCH COURTS, AND, (iv) TO THE FULLEST EXTENT PERMITTED BY LAW, AGREES THAT IT WILL NOT BRING ANY ACTION, SUIT OR PROCEEDING IN ANY FORUM OTHER THAN CLARK COUNTY, NEVADA (BUT NOTHING HEREIN SHALL AFFECT THE RIGHT OF LENDER TO BRING ANY ACTION, SUIT OR PROCEEDING IN ANY OTHER FORUM). BORROWER FURTHER CONSENTS AND AGREES TO SERVICE OF ANY SUMMONS, COMPLAINT OR OTHER LEGAL PROCESS IN ANY SUCH SUIT, ACTION OR PROCEEDING BY REGISTERED OR CERTIFIED U.S. MAIL, POSTAGE PREPAID, TO THE BORROWER AT THE ADDRESS FOR NOTICES DESCRIBED IN SECTION 5.12 HEREOF, AND CONSENTS AND AGREES THAT SUCH SERVICE SHALL CONSTITUTE IN EVERY RESPECT VALID AND EFFECTIVE SERVICE (BUT NOTHING HEREIN SHALL AFFECT THE VALIDITY OR EFFECTIVENESS OF PROCESS SERVED IN ANY OTHER MANNER PERMITTED BY LAW).

    (c)   BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, WAIVES, RELINQUISHES AND FOREVER FORGOES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATING TO THE INDEBTEDNESS SECURED HEREBY OR ANY CONDUCT, ACT OR OMISSION OF LENDER, TRUSTEE OR BORROWER, OR ANY OF THEIR DIRECTORS, OFFICERS, PARTNERS, MEMBERS, EMPLOYEES, AGENTS OR ATTORNEYS, OR ANY OTHER PERSONS AFFILIATED WITH LENDER, TRUSTEE OR BORROWER, IN EACH OF THE FOREGOING CASES, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.

    5.8   <u>Modifications</u>.  This Deed of Trust may not be amended, modified or changed nor shall any waiver of any provision hereof be effective, except only by an instrument in writing and signed by the party against whom enforcement of any waiver, amendment, change, modification or discharge is sought.

5.9     No Merger.  If both the Lessor's and Lessee's estates under any lease or any portion thereof which constitutes a part of the Mortgaged Property shall at any time become vested in one owner, this Deed of Trust and the lien created hereby shall not be destroyed or terminated by application of the doctrine of merger, and, in such event, Beneficiary shall continue to have and enjoy all of the rights and privileges of Beneficiary as to the separate estates.  In addition, upon the foreclosure of the lien created by this Deed of Trust on the Mortgaged Property pursuant to the provisions hereof, any leases or subleases then existing shall not be destroyed or terminated by application of the law of merger or as a matter of law or as a result of such foreclosure unless Beneficiary or any purchaser at any such foreclosure sale shall so elect.  No act by or on behalf of Beneficiary or any such purchaser shall constitute a termination of any lease or sublease unless Beneficiary or such purchaser shall have given written notice thereof to such tenant or subtenant.

5.10    Attorneys' Fees.  If Beneficiary reasonably incurs any costs or expenses, including attorneys' fees, for any of the following relating to this Deed of Trust (or any other instrument evidencing or securing this loan): (a) the interpretation, performance or enforcement thereof; (b) the enforcement of any statute, regulation or judicial decision; (c) any collection effort; or (d) any suit or action for the interpretation, performance or enforcement thereof is commenced or defended, or, if any other judicial or nonjudicial proceeding is instituted by Beneficiary or any other person, and an attorney is employed by Beneficiary to appear in any such action or proceeding, or to reclaim, seek relief from a judicial or statutory stay, sequester, protect, preserve or enforce Beneficiary's interest in this Deed of Trust or any other security for the Note, including but not limited to proceedings under federal bankruptcy law, in eminent domain, under the probate code, or in connection with any state or federal tax lien, then Trustor agrees to pay the reasonable attorneys' fees and costs thereof.  Such fees and costs shall be added to the principal of the Note and shall bear interest at the Default Rate.  The foregoing notwithstanding, in any action commenced by Trustor or Beneficiary against the other to enforce the provisions of this Deed of Trust or any other instrument evidencing or securing this loan, the prevailing party of such action shall be entitled to recover its reasonable attorneys' fees (as set forth above) from the non-prevailing party and the non-prevailing party shall not be entitled to recover its attorneys' fees.

5.11    Conflict.  If the term of any other Loan Document, except the Note, shall be in conflict with this Deed of Trust, then this Deed of Trust shall govern to the extent of the conflict.  If the term of this Deed of Trust shall be in conflict with the Note, the Note will then govern to the extent of the conflict.

5.12    Notices.  All notices to be given pursuant to this Deed of Trust shall be sufficient if given by personal service, by guaranteed overnight delivery service, by telex, telecopy or telegram or by being mailed postage prepaid, certified or registered mail, return receipt requested, to the described addresses of the parties hereto as set forth below, or to such other address as a party may request in writing.  Any time period provided in the giving of any notice hereunder shall commence upon the date of personal service, the date after delivery to the guaranteed overnight delivery service, the date of sending the telex, telecopy or telegram or two (2) days after mailing certified or registered mail.

21

TRUSTOR'S ADDRESS:            Southern California Land Development, LLC
c/o Builders Capital
28475 Old Town Front Street, Ste D
Temecula, CA  92590
Attn. David Fogg

WITH DUPLICATE NOTICE TO:   USA Investors II, LLC
4484 South Pecos Road
Las Vegas, Nevada 89121
Attn. Thomas Rondeau

BENEFICIARY'S ADDRESS:     c/o USA Commercial Mortgage Company
4484 South Pecos Road
Las Vegas, Nevada 89121
Attn. Joseph D. Milanowski

5.13   Request for Notice of Default. Trustor requests that a true and correct copy of any notice of default and any notice of sale be sent to Trustor at the address set forth in Section 5.12 hereof.

5.14   Late Charges. As set forth and defined in the Note, there shall be due to Beneficiary a Late Charge of five percent (5%) of the amount of any payment which is received by Beneficiary so as to incur a Late Charge, and all such Late Charges are secured hereby.

5.15   Statutory Covenants. Where not inconsistent with the above, the following covenants, Nos. 1; 2 (full replacement value); 3; 4 (twenty percent [20%] per annum); 5; 6; 7 (a reasonable percentage); 8 and 9 of NRS 107.030 are hereby adopted and made a part of this Deed of Trust.

5.16   Non-Assumption. Notice is hereby given that Trustor's obligations under this Deed of Trust may not be assumed except as permitted by Section 1.11 hereof. Unless otherwise provided herein, any transfer of Trustor's interest in the Mortgaged Property or any attempted assumption of Trustor's obligations under the Deed of Trust not so approved shall constitute a default hereunder and shall permit Beneficiary to accelerate the Maturity Date of the Note. Reference to applicable sections of the Loan Documents must be made for the full text of such provisions.

5.17   Review of Covenants, Conditions and Restrictions. No covenant, condition or restriction or any rule or regulation or any other document or agreement, however, denominated, which shall purport to apply to the ownership, operation, maintenance or governance of the Mortgaged Property or any part thereof, nor any article of incorporation bylaw or any other document or agreement, however denominated, which shall purport to establish an organization for the operation, maintenance of governance of the Mortgaged Property or any part thereof, shall be approved, executed and/or recorded without the express prior written consent of Beneficiary.

5.18   Loan Agreement. Performance of Trustor's obligations under that certain Loan Agreement of even date herewith by and between Trustor and Beneficiary are secured by this Deed

22

of Trust, and a default thereunder shall constitute an Event of Default under this Deed of Trust.

IN WITNESS WHEREOF, the undersigned have caused this instrument to be signed as of the date first above written.

TRUSTOR:          Southern California Land Development, LLC
                  By: USA Investors II, LLC, Managing Member
                  By: USA Investment Partners, LLC, its Manager

                  By: _____
                       Joseph D. Milanowski, President


STATE OF NEVADA          )
                         )ss
COUNTY OF CLARK          )


On August _19_, 2005, before me, _Margaret M. Stone_, a Notary Public, personally appeared Joseph D. Milanowski, personally known to me, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the entity upon behalf of which the person acted, executed the instrument.

                  WITNESS my hand and official seal.

                  _____
                  Notary Public


MARGARET M. STONE
NOTARY PUBLIC
STATE OF NEVADA
Date Appointment Exp: 04-27-2009
Certificate No: 05-96400-1

23

Under the provisions of Government Code 27361.7, I certify under penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary:  *Margaret M. Stone*

Commission #:  *05 - 96400 - 1*

County Where Bond is Filed:  *Clark*

State Where Bond is Filed:  *Nevada*

Date Commission Expires:  *4 - 27 - 09*

Date:  *8 - 19 - 05*

Signature:  *[signature]*

EXHIBIT "A"

BENEFICIARY

| | NAMES | AMOUNT |
|---|---|---|
| 1. | Premiere Holdings Inc. Defined Benefit Pension Plan & Trust | $50,000 |
| 2. | George Michael Averett and Claire H. Averett, husband and wife, as joint tenants with the rights of survivorship | $50,000 |
| 3. | Charles E. Borom & Lanna G. Borom, husband & wife, as joint tenants with right of survivorship | $25,000 |
| 4. | Patrick J. Dreikosen & Marion T. Dreikosen Trustees of the Dreikosen Revocable Trust dated 9/25/97 | $50,000 |
| 5. | Samuel Evans & Beverly Evans Trustees of the Samuel & Beverly Evans Living Trust | $35,000 |
| 6. | Thomas F. Fallon, a married man dealing with his sole and separate property | $25,000 |
| 7. | Henry Herr Gill & Mary Jane Gill, husband & wife, as joint tenants with the right of survivorship | $50,000 |
| 8. | Gordon Ray Phillips, Trustee of The Lyna Young Goodson LP | $200,000 |
| 9. | Wynn A. Gunderson & Lorraine J. Gunderson, husband and wife as joint tenants with the right of survivorship | $50,000 |
| 10. | James Klega & Shirley Klega Trustees of the James & Shirley Klega Trust dated 06/22/95 | $70,000 |
| 11. | James F. Lawrence and Arla M. Lawrence, trustees of The James F. Lawrence and Arla Lawrence Revocable Trust Dated 1-19-04 | $100,000 |
| 12. | William L. Montgomery, Jr., an unmarried man | $220,000 |
| 13. | James S. Nelson, a married man dealing with his sole & separate property | $50,000 |
| 14. | James N. Nicksick & Z. Kay Nicksick Trustees of the Nicksick Family Trust dtd 3/19/98 | $50,000 |
| 15. | First Savings Bank Custodian For Frank T. Novak IRA | $50,000 |
| 16. | Robert H. O'Connor & Cathleen B. O'Connor Trustees of the O'Connor Revocable Trust UTD 9/17/97 | $100,000 |
| 17. | Gordon Ray Phillips, Trustee of The Gordon Ray and Nancy S. Phillips Living Trust dated January 17, 1994 | $100,000 |
| 18. | Arthur Polacheck and Glorianne Polacheck, Husband and wife as joint tenants with right of survivorship | $500,000 |
| 19. | Carol J. Simcock, a single woman | $50,000 |
| 20. | Daniel E. Thiel & Beth Miller Thiel Trustees, The Thiel Living Trust Dated 2/13/99 | $50,000 |
| 21. | Neil Tobias, a married man | $150,000 |
| 22. | Anton Trapman, an unmarried man | $25,000 |
| 23. | Irene Trapman, an unmarried woman & Anton Trapman, an unmarried man, as joint tenants with the right of survivorship | $25,000 |
| 24. | Kurt Tsai, an unmarried man | $80,000 |

24

| 25. | USA Commercial Mortgage | $20,000 |
| 26. | Stephen G. Walther & Sonja Walther Joint Tenants with Rights of Survivorship | $25,000 |
| 27. | Craig Wisch, a single man | $50,000 |
| 28. | Zepur Zarikian, a single woman, and Aznif Zarikian, a widow, as joint tenants with rights of survivorship | $50,000 |
| | TOTAL | $2,300,000 |

25

## EXHIBIT "B"

### LEGAL DESCRIPTION OF PROPERTY

Property situated in the County of San Bernardino, State of California, described as follows:

PARCEL 1: (APN 0405-261-29)

The South one-half of the Northeast one-quarter of the Northeast one-quarter of the Northwest one-quarter of Section 13, Township 4 North, Range 5 West, San Bernardino Base and Meridian.

PARCEL 2: (APN 0405-261-17-0-000)

The North ½ of the Southwest ¼ of the Northeast ¼ of the Northwest ¼ of Section 13, Township 4 North, Range 5 West, San Bernardino Base and Meridian, in the City of Hesperia, County of San Bernardino, State of California, according to the official plat thereof.

EXCEPT all coal, oil, gas, and other mineral deposits in the land so patented, together with the right to prospect for, mine, and remove the same according to the provisions of said Act of June 1, 1938, as reserved to the United States of America by patents recorded May 14, 1954 in Book 3383 page 113, official records.

PARCEL 3: (APN 0405-261-18-0-000)

The South half of the Southwest quarter of the Northeast quarter of the Northwest quarter of Section 13, Township 4 North, Range 5 West, San Bernardino Base and Meridian, in the City of Hesperia, County of San Bernardino, State of California, according to the official plat thereof.

EXCEPT all coal, oil, gas, and other mineral deposits in the land so patented, together with the right to prospect for, mine, and remove the same according to the provisions of said Act of June 1, 1938, as reserved to the United States of America by patents recorded May 14, 1954 in Book 3383 page 114, official records.

PARCEL 4: (APN 0405-261-27)

The South one-half of the Southeast quarter of the Northeast quarter of the Northwest quarter of Section 13, Township 4 North, Range 5 West, San Bernardino Base and Meridian, according to the official plat of said land.

EXCEPTING therefrom all coal, oil, gas, and other mineral deposits in the land so patented, together with the right to prospect for, mine, and remove the same according to the provisions of said Act of June 1, 1938, as reserved in the patent from United States of America recorded July 28, 1959 in Book 4887 page 176, official records.

26

PARCEL 5:  (APN 0405-261-28)

The North one-half of the Southeast quarter of the Northeast quarter of the Northwest quarter of Section 13, Township 4 North, Range 5 West, San Bernardino Base and Meridian, according to the official plat thereof.

# EXHIBIT E

# EXHIBIT E

Electronically Recorded in Official Records, County of San Bernardino    8/23/2005
10:58 AM
AC

**Recording Requested By**
**CHICAGO TITLE COMPANY**

RECORDATION REQUESTED BY:



**LARRY WALKER**
Auditor/Controller - Recorder

720 Chicago Title Company

Doc #:  **2005-0622544**

| Titles: | 1 | Pages: | 8 |
|---|---|---|---|
| Fees | | | 29.00 |
| Taxes | | | .00 |
| Other | | | .00 |
| PAID | | | 29.00 |

WHEN RECORDED MAIL TO:
Citizens Business Bank
P.O. Box 986
Claremont, CA 91711

FOR RECORDER'S USE ONLY



**CITIZENS**
**BUSINESS BANK**
*The Bank Business Banks On*

**NOTICE:  THIS SUBORDINATION OF DEED OF TRUST RESULTS IN YOUR SECURITY INTEREST IN THE PROPERTY BECOMING SUBJECT TO AND OF LOWER PRIORITY THAN THE LIEN OF SOME OTHER OR LATER SECURITY INSTRUMENT.**

## SUBORDINATION OF DEED OF TRUST

**THIS SUBORDINATION OF DEED OF TRUST** dated August 15, 2005, is made and executed among USA Commercial Mortgage Company, Attorney-in-Fact for Lender ("Beneficiary"); Orange Coast Title Company ("Trustee"); Southern California Land Development, LLC ("Borrower"); and Citizens Business Bank ("Lender").

**SUBORDINATED INDEBTEDNESS.** Beneficiary has extended the following described financial accommodations (the "Subordinated Indebtedness") to Southern California Land Development, LLC ("Trustor");

   Note in the sum of $3,000,000.00 dated August 15, 2005 in favor of USA Commercial Mortgage Company, Attorney-in-Fact for Lender.

**SUBORDINATED DEED OF TRUST.** The Subordinated Indebtedness is secured by a deed of trust dated August 15, 2005 from Trustor to Trustee in favor of Beneficiary (the "Subordinated Deed of Trust").

**REAL PROPERTY DESCRIPTION.** The Subordinated Deed of Trust covers the following described real property (the "Real Property") located in San Bernardino County, State of California:

   See Exhibit "A", which is attached to this Subordination and made a part of this Subordination as if fully set forth herein.

The Real Property or its address is commonly known as  10325 Datura Road, Hesperia, CA  92345.  The Assessor's Parcel Number for the Real Property is 0405-261-17-0-000, 0405-261-18-0-000, 0405-261-27-0-000 and 0405-261-29-0-000

**REQUESTED FINANCIAL ACCOMMODATIONS.** Beneficiary, who may or may not be the same person or entity as Trustor, and Borrower each want Lender to provide financial accommodations to Borrower (the "Superior Indebtedness") in the form of  (A)  new credit or loan advances, (B)  an extension of time to pay or other compromises regarding all or part of Borrower's present indebtedness to Lender, or (C)  other benefits to Borrower.  Borrower and Beneficiary each represent and acknowledge to Lender that Beneficiary will benefit as a result of these financial accommodations from Lender to Borrower, and Beneficiary acknowledges receipt of valuable consideration for entering into this Subordination.

**LENDER'S LIEN.** As a condition to the granting of the requested financial accommodations, Lender has required that its deed of trust or other lien on the Real Property ("Lender's Lien") be and remain superior to the Subordinated Deed of Trust.

**NOW THEREFORE THE PARTIES TO THIS SUBORDINATION HEREBY AGREE AS FOLLOWS:**

**SUBORDINATION.** The Subordinated Deed of Trust and the Subordinated Indebtedness secured by the Subordinated Deed of Trust is and shall be subordinated in all respects to Lender's Lien and the Superior Indebtedness, and it is agreed that Lender's Lien shall be and remain, at all times, prior and superior to the lien of the Subordinated Deed of Trust. Beneficiary also subordinates to Lender's Lien all other Security Interests in the Real Property held by Beneficiary, whether now existing or hereafter acquired.  The words "Security Interest" mean and include without limitation any type of collateral security, whether in the form of a lien, charge, mortgage, deed of trust, assignment, pledge, chattel mortgage, chattel trust, factor's lien, equipment trust, conditional sale, trust receipt, lien or title retention contract, lease or consignment intended as a security device, or any other security or lien interest whatsoever, whether created by law, contract, or otherwise.

**BENEFICIARY'S REPRESENTATIONS AND WARRANTIES.** Beneficiary represents and warrants to Lender that: (A)  no representations or agreements of any kind have been made to Beneficiary which would limit or qualify in any way the terms of this Subordination; (B)  this Subordination is executed at Borrower's request and not at the request of Lender; (C)  Lender has made no representation to Beneficiary as to the creditworthiness of Borrower; and (D)  Beneficiary has established adequate means of obtaining from Borrower on a continuing basis

EXHIBIT  *E*

# SUBORDINATION OF DEED OF TRUST
## (Continued)

information regarding Borrower's financial condition. Beneficiary agrees to keep adequately informed from such means of any facts, events, or circumstances which might in any way affect Beneficiary's risks under this Subordination, and Beneficiary further agrees that Lender shall have no obligation to disclose to Beneficiary information or material acquired by Lender in the course of its relationship with Beneficiary.

**BENEFICIARY WAIVERS.** Beneficiary waives any right to require Lender: (A) to make, extend, renew, or modify any loan to Borrower or to grant any other financial accommodations to Borrower whatsoever; (B) to make any presentment, protest, demand, or notice of any kind, including notice of any nonpayment of any Superior Indebtedness secured by Lender's Lien, or notice of any action or nonaction on the part of Borrower, Lender, any surety, endorser, or other guarantor in connection with the Superior Indebtedness, or in connection with the creation of new or additional indebtedness; (C) to resort for payment or to proceed directly or at once against any person, including Borrower; (D) to proceed directly against or exhaust any collateral held by Lender from Borrower, any other guarantor, or any other person; (E) to pursue any other remedy within Lender's power; or (F) to commit any act or omission of any kind, at any time, with respect to any matter whatsoever.

**LENDER'S RIGHTS.** Lender may take or omit any and all actions with respect to Lender's Lien without affecting whatsoever any of Lender's rights under this Subordination. In particular, without limitation, Lender may, without notice of any kind to Beneficiary, (A) make one or more additional secured or unsecured loans to Borrower; (B) repeatedly alter, compromise, renew, extend, accelerate, or otherwise change the time for payment or other terms of the Superior Indebtedness or any part of it, including increases and decreases of the rate of interest on the Superior Indebtedness; extensions may be repeated and may be for longer than the original loan term; (C) take and hold collateral for the payment of the Superior Indebtedness, and exchange, enforce, waive, and release any such collateral, with or without the substitution of new collateral; (D) release, substitute, agree not to sue, or deal with any one or more of Borrower's sureties, endorsers, or guarantors on any terms or manner Lender chooses; (E) determine how, when and what application of payments and credits, shall be made on the Superior Indebtedness; (F) apply such security and direct the order or manner of sale of the security, as Lender in its discretion may determine; and (G) transfer this Subordination to another party.

**DEFAULT BY BORROWER.** If Borrower becomes insolvent or bankrupt, this Subordination shall remain in full force and effect. In the event of a corporate reorganization or corporate arrangement of Borrower under the provisions of the Bankruptcy Code, as amended, this Subordination shall remain in full force and effect and the court having jurisdiction over the reorganization or arrangement is hereby authorized to preserve such priority and subordination provided under this Subordination in approving any such plan of reorganization or arrangement.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Subordination:

**Amendments.** This Subordination constitutes the entire understanding and agreement of the parties as to the matters set forth in this Subordination. No alteration of or amendment to this Subordination shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Subordination, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Beneficiary also will pay any court costs, in addition to all other sums provided by law.

**Authority.** The person who signs this Subordination as or on behalf of Beneficiary represents and warrants that he or she has authority to execute this Subordination and to subordinate the Subordinated Indebtedness and the Beneficiary's security interests in Beneficiary's property, if any.

**Caption Headings.** Caption headings in this Subordination are for convenience purposes only and are not to be used to interpret or define the provisions of this Subordination.

**Governing Law.** This Subordination will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions. This Subordination has been accepted by Lender in the State of California.

**Choice of Venue.** If there is a lawsuit, Beneficiary agrees upon Lender's request to submit to the jurisdiction of the courts of San Bernardino County, State of California.

**Successors.** This Subordination shall extend to and bind the respective heirs, personal representatives, successors and assigns of the parties to this Subordination, and the covenants of Beneficiary herein in favor of Lender shall extend to, include, and be enforceable by any transferee or endorsee to whom Lender may transfer any or all of the Superior Indebtedness.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Subordination unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Subordination shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Subordination. No prior waiver by Lender, nor any course of dealing between Lender and Beneficiary, shall constitute a waiver of any of Lender's rights or of any of Beneficiary's obligations as to any future transactions. Whenever the consent of Lender is required under this Subordination, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Waive Jury.** All parties to this Subordination hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought

## SUBORDINATION OF DEED OF TRUST
### (Continued)

Loan No: 25728                                                                                        Page 3

by any party against any other party.

NOTICE:   THIS SUBORDINATION AGREEMENT CONTAINS A PROVISION WHICH ALLOWS THE PERSON OBLIGATED ON YOUR REAL PROPERTY SECURITY TO OBTAIN A LOAN, A PORTION OF WHICH MAY BE EXPENDED FOR OTHER PURPOSES THAN IMPROVEMENT OF THE LAND.

EACH PARTY TO THIS SUBORDINATION ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS SUBORDINATION, AND EACH PARTY AGREES TO ITS TERMS.  THIS SUBORDINATION IS DATED AUGUST 15, 2005.

BORROWER:

SOUTHERN CALIFORNIA LAND DEVELOPMENT, LLC

USA INVESTORS II, LLC, Manager of Southern California Land Development, LLC

USA INVESTMENT PARTNERS, LLC, Managing Member of USA Investors II, LLC

By: _____
    Joseph D. Milanowski, Manager of USA Investment Partners, LLC

BENEFICIARY:

USA COMMERCIAL MORTGAGE COMPANY, ATTORNEY-IN-FACT FOR LENDER

By: _____
    Authorized Signer for USA Commercial Mortgage Company, Attorney-in-fact for Lender

                         Joseph D. Milanowski

By: _____
    Authorized Signer for USA Commercial Mortgage Company, Attorney-in-fact for Lender

TRUSTEE:

ORANGE COAST TITLE COMPANY

By: _____
    Authorized Signer for Orange Coast Title Company

By: _____
    Authorized Signer for Orange Coast Title Company

LENDER:

CITIZENS BUSINESS BANK

X _____
    Authorized Officer

                Shelley Flener

**SUBORDINATION OF DEED OF TRUST**
**(Continued)**

Loan No: 25728                                                                          Page 4

## CERTIFICATE OF ACKNOWLEDGMENT

STATE OF _Nevada_                      )
                                       ) SS
COUNTY OF _Clark_                      )

On _August 17_ , 20 _05_ before me, _Amanda Stevs_ ,
personally appeared Joseph D. Milanowski, personally known to me (or proved to me on the basis of satisfactory evidence) to be the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Amanda St_

> AMANDA STEVENS
> Notary Public, State of Nevada
> Appointment No. 02729371
> My Appt. Expires Jan. 16, 2006
> (Seal)

## CERTIFICATE OF ACKNOWLEDGMENT

STATE OF _Nevada_                      )
                                       ) SS
COUNTY OF _Clark_                      )

On _August 17_ , 20 _05_ before me, _Amanda Stevs_
personally appeared _Joseph D. Milanowski_
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Amanda St_

> AMANDA STEVENS
> Notary Public, State of Nevada
> Appointment No. 02729371
> My Appt. Expires Jan. 16, 2006
> (Seal)

## SUBORDINATION OF DEED OF TRUST
### (Continued)

Loan No: 25728

Page 5

## CERTIFICATE OF ACKNOWLEDGMENT

STATE OF _____              )
                                               ) SS
COUNTY OF _____               )

On _____, 20_____ before me, _____,
personally appeared _____.
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____                          (Seal)

## CERTIFICATE OF ACKNOWLEDGMENT

STATE OF _California_                           )
                                               ) SS
COUNTY OF _San Bernardino_                      )

On _August 16_, 20_05_ before me, _Kimberly V. Gusman_,
personally appeared _Shelley Flener_   personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Kimberly V. Gusman_

KIMBERLY V. GUSMAN
Commission # 1508906
Notary Public - California
San Bernardino County
My Comm. Expires Aug 20, 2008
(Seal)

LASER PRO Lending, Ver. 5.25.00.005 Copr. Harland Financial Solutions, Inc. 1997, 2005. All Rights Reserved. - CA F:\apps\laserpro\CFI\LPL\G213.FC  TR-8765  PR-5

Under the provisions of Government Code 27361.7, I certify under penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary: _Amanda Stevens_

Commission #: _02729371_

County Where Bond is Filed: _Clark_

State Where Bond is Filed: _Nevada_

Date Commission Expires: _02729371_

Date: _8-19-05_

Signature: _Maybee_

Under the provisions of Government Code 27361.7, I certify under penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary: _____Kimberly V. Gusman_____

Commission #: _____1508906_____

County Where Bond is Filed: _____San Bernardino_____

State Where Bond is Filed: _____California_____

Date Commission Expires: _____8-20-08_____

Date: _____8-19-05_____

Signature: _____

*Exhibit "A"*

DESCRIPTION

Page  1
Order No. 57029283

PARCEL 1:

THE NORTH 1/2 OF THE SOUTHWEST 1/4 OF THE NORTHEAST 1/4 OF THE NORTHWEST 1/4 OF
SECTION 13, TOWNSHIP 4 NORTH, RANGE 5 WEST SAN BERNARDINO MERIDIAN, IN THE CITY
OF HESPERIA, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, ACCORDING TO THE
OFFICIAL PLAT THEREOF.

EXCEPT ALL COAL, OIL, GAS, AND OTHER MINERAL DEPOSITS, IN THE LAND SO PATENTED,
TOGETHER WITH THE RIGHT TO PROSPECT FOR, MINE, AND REMOVE THE SAME ACCORDING TO
THE PROVISIONS OF SAID ACT OF JUNE 1, 1938, AS RESERVED TO THE UNITED STATES OF
AMERICA BY PATENTS RECORDED MAY 14, 1954 IN BOOK 3383 PAGE 113, OFFICIAL
RECORDS.

PARCEL 2:

THE SOUTH HALF OF THE SOUTHWEST QUARTER OF THE NORTHEAST QUARTER OF THE
NORTHWEST QUARTER OF SECTION 13, TOWNSHIP 4 NORTH, RANGE 5 WEST, SAN BERNARDINO
MERIDIAN, IN THE CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, STATE OF
CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPT ALL COAL, GAS AND OTHER MINERAL DEPOSITS, IN THE LAND SO PATENTED,
TOGETHER WITH THE RIGHT TO PROSPECT FOR, MINE, AND REMOVE THE SAME ACCORDING TO
THE PROVISIONS OF SAID ACT OF JUNE 1, 1938 AS RESERVED BY THE UNITED STATES OF
AMERICA BY PATENT RECORDED MAY 14, 1954 IN BOOK 3383, PAGE 114, OFFICIAL
RECORDS.

PARCEL 3:

THE SOUTH ONE-HALF OF THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER OF THE
NORTHWEST QUARTER OF SECTION 13, TOWNSHIP 4 NORTH, RANGE 5 WEST, SAN BERNARDINO
BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND.

EXCEPTING THEREFROM ALL OIL, GAS AND OTHER MINERAL DEPOSITS, TOGETHER WITH THE
RIGHT TO PROSPECT FOR, MINE, AND REMOVE THE SAME, AS RESERVED IN THE PATENT FROM
THE UNITED STATES OF AMERICA, RECORDED JULY 28, 1959 IN BOOK 4887, PAGE 176
OFFICIAL RECORDS.

PARCEL 4:

THE SOUTH ONE-HALF OF THE NORTHEAST QUARTER OF THE NORTHEAST QUARTER OF THE
NORTHWEST QUARTER OF SECTION 13, TOWNSHIP 4 NORTH, RANGE 5 WEST, SAN BERNARDINO
BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND.

EXCEPTING THEREFROM ALL OIL, GAS AND OTHER MINERAL DEPOSITS, TOGETHER WITH THE
RIGHT TO PROSPECT FOR, MINE, AND REMOVE THE SAME, AS RESERVED IN THE PATENT FROM
THE UNITED STATES OF AMERICA, RECORDED APRIL 14, 1983, AS INSTRUMENT NO.
83-79683, OFFICIAL RECORDS.

# EXHIBIT F

# EXHIBIT F



RECORDATION REQUESTED BY:

Recording Requested By
CHICAGO TITLE COMPANY

WHEN RECORDED MAIL TO:
Citizens Business Bank
P.O. Box 986
Claremont, CA 91711

Recorded in Official Records, County of San Bernardino          9/14/2005
**LARRY WALKER**                                                 1:00 PM
Auditor/Controller – Recorder                                    AR

730  Chicago Title Company – CIS

Doc#:   2005 – 0685511

| Titles: | 1 | Pages: | 6 |
|---|---|---|---|
| Fees | | | 23.00 |
| Taxes | | | 0.00 |
| Other | | | 0.00 |
| PAID | | | 523.00 |

FOR RECORDER'S USE ONLY



**CITIZENS**
**BUSINESS BANK**
*The Bank Business Banks On*

**NOTICE: THIS SUBORDINATION OF DEED OF TRUST RESULTS IN YOUR SECURITY INTEREST IN THE PROPERTY BECOMING SUBJECT TO AND OF LOWER PRIORITY THAN THE LIEN OF SOME OTHER OR LATER SECURITY INSTRUMENT.**

## SUBORDINATION OF DEED OF TRUST

**THIS SUBORDINATION OF DEED OF TRUST** dated August 15, 2005, is made and executed among USA Commercial Mortgage Company, Attorney-in-fact for Lender ("Beneficiary"); Orange Coast Title Company ("Trustee"); Southern California Land Development, LLC ("Borrower"); and Citizens Business Bank ("Lender").

SUBORDINATED INDEBTEDNESS. Beneficiary has extended the following described financial accommodations (the "Subordinated Indebtedness") to Southern California Land Development, LLC ("Trustor"):

   Note in the sum of  **∗∗**           in favor of USA Commercial Mortgage Company, Attorney-in-Fact for Lender.

SUBORDINATED DEED OF TRUST. The Subordinated Indebtedness is secured by a deed of trust recorded **∗∗∗**     from Trustor to Trustee in favor of Beneficiary (the "Subordinated Deed of Trust").

REAL PROPERTY DESCRIPTION. The Subordinated Deed of Trust covers the following described real property (the "Real Property") located in San Bernardino County, State of California:

   The North 1/2 of the Southeast 1/4 of the Northeast 1/4 of the Northwest 1/4 of Section 13, Township 4 North, Range 5 West, San Bernardino Meridian, in the County of San Bernardino, State of California, according to the Official Plat thereof

The Real Property or its address is commonly known as  10375 Baldy Lane, Hesperia, CA  92345. The Assessor's Parcel Number for the Real Property is 0405-261-28

REQUESTED FINANCIAL ACCOMMODATIONS. Beneficiary, who may or may not be the same person or entity as Trustor, and Borrower each want Lender to provide financial accommodations to Borrower (the "Superior Indebtedness") in the form of  (A)  new credit or loan advances,  (B)  an extension of time to pay or other compromises regarding all or part of Borrower's present indebtedness to Lender, or (C)  other benefits to Borrower.  Borrower and Beneficiary each represent and acknowledge to Lender that Beneficiary will benefit as a result of these financial accommodations from Lender to Borrower, and Beneficiary acknowledges receipt of valuable consideration for entering into this Subordination.

LENDER'S LIEN.  As a condition to the granting of the requested financial accommodations, Lender has required that its deed of trust or other lien on the Real Property ("Lender's Lien") be and remain superior to the Subordinated Deed of Trust.     being recorded concurrently herewith

NOW THEREFORE THE PARTIES TO THIS SUBORDINATION HEREBY AGREE AS FOLLOWS:

SUBORDINATION.  The Subordinated Deed of Trust and the Subordinated Indebtedness secured by the Subordinated Deed of Trust is and shall be subordinated in all respects to Lender's Lien and the Superior Indebtedness, and it is agreed that Lender's Lien shall be and remain, at all times, prior and superior to the lien of the Subordinated Deed of Trust.  Beneficiary also subordinates to Lender's Lien all other Security Interests in the Real Property held by Beneficiary, whether now existing or hereafter acquired. The words "Security Interest" mean and include without limitation any type of collateral security, whether in the form of a lien, charge, mortgage, deed of trust, assignment, pledge, chattel mortgage, chattel trust, factor's lien, equipment trust, conditional sale, trust receipt, lien or title retention contract, lease or consignment intended as a security device, or any other security or lien interest whatsoever, whether created by law, contract, or otherwise.

BENEFICIARY'S REPRESENTATIONS AND WARRANTIES.  Beneficiary represents and warrants to Lender that: (A)  no representations or agreements of any kind have been made to Beneficiary which would limit or qualify in any way the terms of this Subordination; (B)  this Subordination is executed at Borrower's request and not at the request of Lender; (C)  Lender has made no representation to Beneficiary as to the creditworthiness of Borrower; and (D)  Beneficiary has established adequate means of obtaining from Borrower on a continuing basis

**∗∗** $2,300,000.00
**∗∗∗** on 08-23-05 by instrument no. 622543


EXHIBIT ___F___

## SUBORDINATION OF DEED OF TRUST

information regarding Borrower's financial condition. Beneficiary agrees to keep adequately informed from such means of any facts, events, or circumstances which might in any way affect Beneficiary's risks under this Subordination, and Beneficiary further agrees that Lender shall have no obligation to disclose to Beneficiary information or material acquired by Lender in the course of its relationship with Beneficiary.

**BENEFICIARY WAIVERS.** Beneficiary waives any right to require Lender: (A) to make, extend, renew, or modify any loan to Borrower or to grant any other financial accommodations to Borrower whatsoever; (B) to make any presentment, protest, demand, or notice of any kind, including notice of any nonpayment of any Superior Indebtedness secured by Lender's Lien, or notice of any action or nonaction on the part of Borrower, Lender, any surety, endorser, or other guarantor in connection with the Superior Indebtedness, or in connection with the creation of new or additional indebtedness; (C) to resort for payment or to proceed directly or at once against any person, including Borrower; (D) to proceed directly against or exhaust any collateral held by Lender from Borrower, any other guarantor, or any other person; (E) to pursue any other remedy within Lender's power; or (F) to commit any act or omission of any kind, at any time, with respect to any matter whatsoever.

**LENDER'S RIGHTS.** Lender may take or omit any and all actions with respect to Lender's Lien without affecting whatsoever any of Lender's rights under this Subordination. In particular, without limitation, Lender may, without notice of any kind to Beneficiary, (A) make one or more additional secured or unsecured loans to Borrower; (B) repeatedly alter, compromise, renew, extend, accelerate, or otherwise change the time for payment or other terms of the Superior Indebtedness or any part of it, including increases and decreases of the rate of interest on the Superior Indebtedness; extensions may be repeated and may be for longer than the original loan term; (C) take and hold collateral for the payment of the Superior Indebtedness, and exchange, enforce, waive, and release any such collateral, with or without the substitution of new collateral; (D) release, substitute, agree not to sue, or deal with any one or more of Borrower's sureties, endorsers, or guarantors on any terms or manner Lender chooses; (E) determine how, when and what application of payments and credits, shall be made on the Superior Indebtedness; (F) apply such security and direct the order or manner of sale of the security, as Lender in its discretion may determine; and (G) transfer this Subordination to another party.

**DEFAULT BY BORROWER.** If Borrower becomes insolvent or bankrupt, this Subordination shall remain in full force and effect. In the event of a corporate reorganization or corporate arrangement of Borrower under the provisions of the Bankruptcy Code, as amended, this Subordination shall remain in full force and effect and the court having jurisdiction over the reorganization or arrangement is hereby authorized to preserve such priority and subordination provided under this Subordination in approving any such plan of reorganization or arrangement.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Subordination:

**Amendments.** This Subordination constitutes the entire understanding and agreement of the parties as to the matters set forth in this Subordination. No alteration of or amendment to this Subordination shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Subordination, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Beneficiary also will pay any court costs, in addition to all other sums provided by law.

**Authority.** The person who signs this Subordination as or on behalf of Beneficiary represents and warrants that he or she has authority to execute this Subordination and to subordinate the Subordinated Indebtedness and the Beneficiary's security interests in Beneficiary's property, if any.

**Caption Headings.** Caption headings in this Subordination are for convenience purposes only and are not to be used to interpret or define the provisions of this Subordination.

**Governing Law.** This Subordination will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions. This Subordination has been accepted by Lender in the State of California.

**Choice of Venue.** If there is a lawsuit, Beneficiary agrees upon Lender's request to submit to the jurisdiction of the courts of San Bernardino County, State of California.

**Successors.** This Subordination shall extend to and bind the respective heirs, personal representatives, successors and assigns of the parties to this Subordination, and the covenants of Beneficiary herein in favor of Lender shall extend to, include, and be enforceable by any transferee or endorsee to whom Lender may transfer any or all of the Superior Indebtedness.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Subordination unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Subordination shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Subordination. No prior waiver by Lender, nor any course of dealing between Lender and Beneficiary, shall constitute a waiver of any of Lender's rights or of any of Beneficiary's obligations as to any future transactions. Whenever the consent of Lender is required under this Subordination, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Waive Jury.** All parties to this Subordination hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought

# SUBORDINATION OF DEED OF TRUST
## (Continued)

by any party against any other party.

**NOTICE: THIS SUBORDINATION AGREEMENT CONTAINS A PROVISION WHICH ALLOWS THE PERSON OBLIGATED ON YOUR REAL PROPERTY SECURITY TO OBTAIN A LOAN, A PORTION OF WHICH MAY BE EXPENDED FOR OTHER PURPOSES THAN IMPROVEMENT OF THE LAND.**

EACH PARTY TO THIS SUBORDINATION ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS SUBORDINATION, AND EACH PARTY AGREES TO ITS TERMS. THIS SUBORDINATION IS DATED AUGUST 15, 2005.

BORROWER:

SOUTHERN CALIFORNIA LAND DEVELOPMENT, LLC

USA INVESTORS II, LLC, Manager of Southern California Land Development, LLC

USA INVESTMENT PARTNERS, LLC, Managing Member of USA Investors II, LLC

By: _____
Joseph D. Milanowski, Manager of USA Investment Partners, LLC

BENEFICIARY:

USA COMMERCIAL MORTGAGE COMPANY, ATTORNEY-IN-FACT FOR LENDER

By: _____
Authorized Signer for USA Commercial Mortgage Company, Attorney-in-fact for Lender

by Joseph D. milanowsk.

By: _____
Authorized Signer for USA Commercial Mortgage Company, Attorney-in-fact for Lender

TRUSTEE:

ORANGE COAST TITLE COMPANY

By: _____
Authorized Signer for Orange Coast Title Company

By: _____
Authorized Signer for Orange Coast Title Company

LENDER:

CITIZENS BUSINESS BANK

X _____
Authorized Officer

Shelly Flener

**SUBORDINATION OF DEED OF TRUST**
**(Continued)**

Loan No: 25728                                                                Page 4

## CERTIFICATE OF ACKNOWLEDGMENT

STATE OF __Nevada__             )
                                     ) SS
COUNTY OF __Clark__            )

On __August 17__, 20 __05__ before me, __Amanda Stus__ ,
personally appeared Joseph D. Milanowaki, personally known to me (or proved to me on the basis of satisfactory evidence) to be the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature __Amanda St__

> AMANDA STEVENS
> Notary Public, State of Nevada
> Appointment No. 02729371
> My Appt. Expires Jan. 16, 2006
> (Seal)

## CERTIFICATE OF ACKNOWLEDGMENT

STATE OF __Nevada__            )
                                 ) SS
COUNTY OF __Clark__           )

On __August 17__, 20 __05__ before me, __Amanda Stus__ ,
personally appeared __Joseph D. Milanowski.__
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature __Amanda St__

> AMANDA STEVENS
> Notary Public, State of Nevada
> Appointment No. 02729371
> My Appt. Expires Jan. 16, 2006
> (Seal)

**SUBORDINATION OF DEED OF TRUST**
**(Continued)**

Loan No: 25728                                                                                    Page 5

## CERTIFICATE OF ACKNOWLEDGMENT

STATE OF _____                    }
                                                        } SS
COUNTY OF _____                   }

On _____, 20____ before me, _____,
personally appeared _____.
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____                                    (Seal)

## CERTIFICATE OF ACKNOWLEDGMENT

STATE OF *California*                    }
                                         } SS
COUNTY OF *San Bernardino*               }

On *August 16*, 20 *05* before me, *Kimberly V. Gusman*
personally appeared *Shelley Elener*                    personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature *Kimberly V. Gusman*

> KIMBERLY V. GUSMAN
> Commission # 1508906
> Notary Public · California
> San Bernardino County
> My Comm. Expires Aug 20, 2008

(Seal)

LASER PRO Lending, Ver. 5.29.00.006  Copr. Harland Financial Solutions, Inc. 1997, 2005.  All Rights Reserved.  - CA  F:\app\Concepts\CFPLPL\G212.FC  TR-6780  PR-5

Under the provisions of Government Code 27361.7, I certify under penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary: _____Kimberly V. Gusman_____

Commission #: _____1508906_____

County Where Bond is Filed: _____San Bernardino_____

State Where Bond is Filed: _____California_____

Date Commission Expires: _____Aug 20, 2008_____

Date: _____August 31, 2005_____

Signature: _____Shelly O Torrey_____

# EXHIBIT G

# EXHIBIT G

## LOAN SALE AGREEMENT

This Loan Sale Agreement (hereinafter "Agreement") is entered into this 21 day of September, 2006, by and between Citizens Business Bank, a California corporation ("Bank") and Dayco Funding Corporation, a California corporation ("Buyer") with respect to the following:

### RECITALS

A.    On or about August 15, 2005, Southern California Land Development LLC ("Borrower") was loaned the sum of $1,612,500.00 by the Bank. The loan was evidenced by a Note executed by the Borrower. Pursuant to the terms of the Note, interest accrued at a variable interest rate on the Index as defined in the Note. Pursuant to the terms of the Note, the rate to be applied on the Note was 1.25% over the Index and, if there was a default under the terms of the Note, the interest rate accrues at the rate of 6.25% over the Index. Pursuant to the terms of the Note, the Borrower was required to pay regular monthly payments of accrued interest beginning on September 15, 2005 with all subsequent payments due on the same day each month thereafter and pay the entire unpaid balance of principal and interest on the Note's maturity date of August 15, 2006.

B.    The Note is secured by Deeds of Trust on the real properties commonly described as 10325 Datura Road, Hesperia, California 92345, Assessor's Parcel Nos. 0405-261-17-0-000, 0405-261-18-0-000, 0405-261-27-0-000, and 0405-261-29-0-000, legally described as The South half of the Southwest quarter of the Northeast quarter of the Northwest quarter of Section 13, Township 4 North, Range 5 West, San Bernardino Meridian, in the City of Hesperia, County of San Bernardino, State of California, according to the Official Plat thereof. Except all coal, gas and other mineral deposits, in the land so patented, together with the right to prospect for, mine, and remove the same according to the provisions of said Act of June 1, 1938 as reserve by the United States of America by Patent recorded May 14, 1954 in Book 3383, Page 114, Official

478566.1

EXHIBIT  G

Records in the County of San Bernardino ("Property 1"), the Deed of Trust to Property 1 was recorded on August 23, 2005 as Instrument No. 2005-0622541; and the real property commonly known as 10375 Baldy Lane, Hesperia, California 92345, Assessor's Parcel No. 0405-261-28 and is legally described as the North 1/2 of the Southeast 1/4 of the Northeast 1/4 of the Northwest 1/4 of Section 13, Township 4 North, Range 5 West, San Bernardino Meridian, in the County of San Bernardino, State of California according to the Official Plat thereof ("Property 2"). The Deed of Trust to Property 2 was recorded on September 14, 2005 as Instrument No. 2005-0685512.

C.      As an inducement for the Bank to make the loan as evidenced by the Note to the Borrower, on or about August 15, 2005, Joseph D. Millanowski, USA Investment Partners LLC, and the Joseph D. Millanowski 1998 Trust UDT Dated September 25, 1998 executed and delivered to the Bank their separate Commercial Guaranties pursuant to which they guarantied repayment of all sums owed by the Borrower to the Bank. Joseph D. Millanowski, USA Investment Partners LLC and the Joseph D. Millanowski 1998 Trust UDT Dated September 25, 1998 will sometimes hereinafter be referred to collectively as the "Guarantors".

D.      Property 1 and Property 2 are vacant parcels of land.

E.      As of September 14, 2006, the sum due to the Bank on the Note is $1,632,545.42. The principal sum of $1,607,565.00 together with interest in the sum of $24,980.42 through and including September 13, 2006. The Borrower and the Guarantors have not made payment on the Note since August 15, 2006 nor has the Borrower or the Guarantors paid the Note on its maturity date of August 15, 2006. Interest on the Note is currently accruing at the daily rate of $424.22.

F.      The Bank desires to sell, and the Buyer desires to buy, the loan made by the Bank to the Borrower as evidenced by Note ("the Loan") together with the Bank's collateral and

documents including the Deeds of Trust and the Guaranties, and all other documents and instruments evidencing the Loan (collectively "the Loan Documents").

NOW, THEREFORE, in consideration of the foregoing and for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Bank and the Buyer ("the Parties") agree as follows:

## AGREEMENT

1.    <u>Purchase Price</u>.  The purchase price for the Loan shall be the sum of

2.    <u>Interest to be Purchased</u>.  In consideration of the Purchase Price, the Bank shall deliver an Assignment of the Note evidencing the Loan; the Deeds of Trust as to Property 1 and Property 2; the Guaranties; and all other Loan Documents as may be reasonably requested by the Buyer.

3.    <u>Acceptance of Loan Documents "As Is"</u>

a.    The Loan evidenced by the Loan Documents is being sold "AS-IS" and the Loan Documents shall be assigned without warranty, recourse or reservation of any rights. Without limitation, the Bank makes no warranty or representation of any kind whatsoever as to the Loan Documents, whether express, implied, by operation of law, or otherwise.  Further, without limitation, the Bank does not warrant or represent the collectability, validity, completeness, or accuracy of the Loan Documents; the title to Property 1 and Property 2, the condition of Property 1 and Property 2, the design or construction of Property 1 and Property 2, any encumbrances on Property 1 and Property 2; the design or construction of Property 1 and Property 2; the compliance of Property 1 and Property 2 with any and all zoning, permit, ordinance and code requirements; the income from or the value of Property 1 and Property 2; or

the water, soil, geology, environmental condition and suitability of Property 1 and Property 2 for any and all activities and uses which Buyer may elect to conduct thereon should Buyer acquire title to Property 1 and Property 2.

      b.    Buyer acknowledges that it has conducted its own investigation and appraisal and otherwise performed its own due diligence relating to the Loan Documents and Property 1 and Property 2. The Bank makes no representations or warranties other than those contained herein. Buyer shall rely solely on its own investigation.

      c.    The Bank hereby discloses that the Loan as evidenced by the Loan Documents is currently in default.

      d.    The Bank agrees to execute the original of all documents collectively attached as Exhibit "A" to the Assignment of Loan Documents and incorporated herein by this reference ("Closing Documents") and deliver them to Buyer, along with the original Loan Documents, and all of the documents, correspondence and memoranda except for internal memoranda, CR reports and other documents such as the attorney-client, work product, or any other legally privileged documents in the possession of the Bank regarding the Loan, within two weeks after receipt by the Bank of the purchase price in good and immediately available funds.

      e.    The Closing Documents, each of which shall be prepared on a non-recourse basis, the following:

          (1) The Assignment of the Note;

          (2) The Assignment of the Deeds of Trust to Property 1 and Property 2;

          (3) Assignment of the Guaranties of Joseph D. Millanowski, USA Investment Partners LLC and the Joseph D. Millanowski 1998 Trust UDT Dated September 25, 1998.

f.   BUYER UNDERSTANDS THAT THE SALE OF THE LOAN DOCUMENTS AND INDEBTEDNESS IS BEING MADE ON AN "AS IS" BASIS AND BUYER EXPRESSLY ACKNOWLEDGES THAT, CONSIDERATION OF THE AGREEMENTS OF THE BANK HEREIN, EXCEPT AS OTHERWISE SPECIFIED HEREIN, THE BANK MAKES AND HAS MADE NO WARRANTY, REPRESENTATION, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW AND SPECIFICALLY DISCLAIMS ANY SUCH WARRANTY OR REPRESENTATION, INCLUDING, BUT UNLIMITED TO, WARRANTY OF OWNERSHIP, EXISTENCE, QUALITY, QUANTITY, VALUE, CONDITION, HABITABILITY, MERCHANTABILITY, OR FITNESS OF THE PROPERTY FOR ANY PARTICULAR PURPOSE. THE PROVISIONS OF THIS SECTION SHALL SURVIVE THE CONSUMMATION OF THE TRANSACTIONS HEREIN PROVIDED.

g.   Buyer, and its successors and assigns, shall be forever responsible for the payment of any sales tax, use tax, personal property tax, real property tax, or any other tax of whatsoever nature assessed, levied or imposed in connection with the transactions contemplated hereunder, the Loan and/or the Loan Documents, Buyer, and its successor and assigns, hereby agree to indemnify (in addition to all other indemnifications given by Buyer pursuant to this agreement), and hold the Bank harmless from the imposition, assessment, levy, payment and collection of any sales tax, use tax, personal property tax, or any other tax of any nature whatsoever in connection with transactions contemplated by this Agreement, the Loan and/or the Loan Documents. However, the Bank shall be responsible to pay all Trustee's fees incurred prior to the sale of the Loan as evidenced by the Loan Documents.

4.   Additional Representations and Warranties

a.   By Buyer. Buyer hereby warrants and represents to Bank, as follows:

(1)    Buyer has conducted such due diligence, investigation, and inquiry as Buyer deems necessary and appropriate to the transactions contemplated by this Agreement and, in entering into this Agreement, Buyer is relying solely upon its own such due diligence, investigation and inquiry;

(2)    Buyer has been advised by counsel of Buyer's choosing of the conditions and limitations imposed by law upon holders of obligations secured in whole or in part by real property and/or personal property;

(3)    Neither Bank, nor anyone claiming to represent Bank, has made any representation or warranty to Buyer, or anyone claiming to represent Buyer, concerning the Loan Documents, any borrower, or any property, except as is expressly and fully set forth in this Agreement;

(4)    This Agreement constitutes a valid and binding obligation of Buyer to Bank enforceable in accordance with its terms;

(5)    The execution and delivery by Buyer of this Agreement will not, with or without giving of notice or passage of time, or both: (i) conflict with or violate any law, statute, rule, regulation, or administrative order to which it is subject or by which its assets are bound or affected; (ii) violate any judgment, order, writ or decree of any court or administrative body in any suit or proceeding to which it is a party; or (iii) result in a breach of or default under any material agreement, commitment, contract (written or oral), or other material instrument, to which it is a party or by which any of its assets are bound or affected;

(6)    Buyer is a sophisticated investor and purchaser of loans, and has received independent legal advice from attorneys of its choice with respect to entering into this Agreement;

(7)    To the best of Buyer's knowledge, there are no actions, suits, claims, proceedings, or investigations, pending or threatened against it which might impair the consummation of the terms and conditions of this Agreement;

(8)    Buyer is duly organized, validly existing and in good standing under the laws of the United States of America and is legally qualified to conduct business in each jurisdiction in which its business is conducted.

(9)    Buyer is a validly existing corporation duly organized under the State of California and is in good standing with the State of California. buyer has taken all necessary action to obtain all approvals necessary to enter into this Agreement.

        b.    By Bank.

Bank hereby warrants and represents to Buyer:

(1)    Bank is the owner and holder of the Loan Documents, and Bank has not assigned, transferred, conveyed, pledged or granted a security interest in said Loan Documents;

(2)    Bank is duly organized, validly existing and in good standing under the laws of the State of California and is legally qualified to conduct business in each jurisdiction in which its business is conducted;

(3)    To the best of Bank's knowledge, there are no actions, suits, claims, proceedings, or investigations, pending or threatened against it by Borrowers or any other third party which might impair the consummation of the terms and conditions of this Agreement;

(4)    The execution and delivery by Bank of this Agreement will not, with or without the giving of notice or passage of time, or both: (i) conflict with or violate any law, statute, rule, regulation, or administrative order to which it is subject or by which its assets

are bound or affected; (ii) violate any judgment, order, writ or decree of any court of administrative body in any suit or proceeding to which it is a party; or (iii) result in a breach of or default under any material agreement, commitment, contract (written or oral), or other material instrument, to which it is a party or by which any of its assets are bound or affected;

(5)    To the best knowledge of Bank, the principal balance of the Loan as of the date set forth in the Recitals to this Agreement is, in accordance with the books and records of Bank, true and correct.

5.    Release.

a.    Except for any obligations of Bank expressly and specifically provided for in this Agreement, Buyer hereby forever, finally, fully, unconditionally, and completely releases, relieves, acquits, remises and discharges Bank and its subsidiaries, parents, affiliates, successors, predecessors and assigns, and all past and present employees, officers, directors, agents, representatives, attorneys, insurers, accountants and shareholders, each in its, his or her individual and representative capacities from and against any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, liens, losses, costs and expenses(including, without limitation, attorneys fees and related costs), damages, injuries, suits, actions and causes of action of whatever kind or nature, whether known or unknown, suspected or unsuspected, matured or unmatured, liquidated or unliquidated, contingent or fixed, at law or in equity, arising out of or in any way connected with the Loan and the performance of any services pertaining to the Loan Documents or any property which constitutes collateral for the Loan.

b.    Buyer acknowledges and agrees that Buyer has been informed by its attorneys and advisors of, and is familiar with, and does hereby expressly waive, the provisions of section 1542 of the California Civil Code, and any similar statute, code, law or regulation of

any state or the United States, to the full extent that it may waive such rights and benefits. <u>Civil</u>

<u>Code</u>, Section 1542 provides:

> "A general release does not extend to claims which the creditor
>
> does not know or suspect to exist in his or her favor at the time of
>
> executing the release, which if known by him or her must have
>
> materially affected his or her settlement with the debtor".

     c.     Buyer represents and warrants to Bank that it is the sole and lawful owner

of all right, title and interest in and to each and every claim or other matter which Buyer releases

herein, and that Buyer has not heretofore assigned or transferred, or purported to assign or

transfer, to any individual, partnership, corporation, firm, estate, or entity any claim or other

matters herein released. Buyer further hereby indemnifies and shall defend and hold harmless

Bank from and against any and all claims based upon or arising out of or in connection with any

prior assignment or transfer, or purported assignment or transfer, of any claims or matters

released herein.

     d.     The Parties hereto understand and agree that any covenant or undertaking

of Bank pursuant to this Agreement, however contingent or provisional, is and shall be separate

and legally sufficient consideration for all of the releases herein given, and any default, breach,

failure of condition, or failure of consideration, to any extent applicable to this Agreement, shall

not operate to avoid, discriminate, rescind, revoke, diminish or otherwise affect the validity,

enforceability and continuing effectiveness of the foregoing releases, or any of them.

     6.     <u>Attorneys' Fees</u>. Should a dispute, including but not limited to, any litigation or

arbitration be commenced (including any proceedings in a bankruptcy court) between the Parties

hereto or their representatives concerning any provision of this Agreement, the rights and duties

of any person or entity hereunder, the party or parties prevailing shall be entitled to attorneys'

fees, expenses of counsel and court costs incurred by reason of such action, whether or not suit is filed.

7.      Authority. With the intent to be legally bound, each of the undersigned hereby covenants and acknowledges that he or it (a) has read each of the terms set forth herein, (b) that the undersigned has the authority to execute this Agreement for such person or entity, and (c) expressly consents and agrees that the person or entity upon behalf of which the undersigned is acting, shall be bound by all terms and conditions contained herein.

8.      Benefit of Agreement. The Parties agree that the rights and obligations arising out of this Agreement, and each of its terms, shall inure to the benefit of and be binding upon the heirs, personal representatives, successors and assignees of the Parties, and each of them.

9.      Headings. The headings of paragraphs of this Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit or aid in the construction or interpretation of any term or provision hereof.

10.     Time. Time is and shall be of the essence of each and every provision of this Agreement.

11.     Governing Law; Jurisdiction; Venue. This Agreement is and shall be governed by and construed in accordance with the laws of the State of California. Any litigation arising out of this Agreement shall be commenced in the Superior Court in the County of Los Angeles, State of California.

12.     Neutral Interpretation. This Agreement is the product of negotiations of the Parties, and in the enforcement or interpretation hereof is to be enforced and interpreted in a neutral manner, and any presumption with regard to construction or interpretation for or against any party by reason of that party having drafted or caused to be drafted this Agreement, or any portion thereof, shall not be effective in regard to the interpretation hereof.

13.    <u>Entire Agreement</u>. This Agreement and any documents attached as exhibits or executed contemporaneously herewith constitute the Parties' entire agreement with respect to the subject matter hereof and supersede all Agreements, representations, warranties, statements, promises and understandings, whether oral or written, with respect to the subject matter herewith. This Agreement may not be amended, altered, or modified except by a writing signed by all Parties.

14.    <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Facsimile signatures may be accepted as original signatures.

15.    <u>Execution of Additional Documents</u>. The Parties and their agents or representatives agree to sign any and all documents reasonably necessary in order to carry out the purpose, intent and effect of this Agreement.

CITIZENS BUSINESS BANK
a California Banking corporation

By:    E. J. Mylet
Its:    EVP

DAYCO FUNDING CORPORATION

By:    H. Sean Dryan
Its:    President

## ASSIGNMENT OF LOAN DOCUMENTS

FOR GOOD AND VALUABLE CONSIDERATION the receipt and sufficiency of which are hereby acknowledged, Citizens Business Bank, a California corporation ("Assignor") does hereby sell, transfer and assign to Dayco Funding Corporation ("Assignee"), without recourse, representation or warranty, whether express or implied, all of Assignor's right, title and interest in and to the documents, instruments and agreements described on Exhibit "A" attached hereto and incorporated herein by this reference (collectively "the Loan Documents"). It is the intention of the Assignor to transfer and assign to the Assignee all of the right, title and interest, benefits and obligations and duties held by Assignor in, to and under the Loan Documents and the loan evidenced thereby. Assignor does hereby sell, assign and transfer to Assignee all of its right, title and interest to the Loan Documents "AS IS", "WHERE IS" and WITHOUT ANY WARRANTIES EXPRESS OR IMPLIED except as expressly set forth in that certain Loan Sale Agreement dated September 21, 2006 ("the Loan Sale Agreement"). All such terms and conditions of the Loan Sale Agreement are incorporated herein by this reference as if set forth in full.

IN CONNECTION THEREWITH, Assignee hereby accepts the foregoing assignment and hereby assumes all of the duties, obligations and liabilities of Assignor under and with respect to the loan as evidenced by the Loan Documents.

478588.1

IN WITNESS WHEREOF, Assignor and Assignee have duly executed this Assignment

to be effective as of the date set forth below.

Lender/Assignor

CITIZENS BUSINESS BANK
A California banking corporation

By: E. J. Mylett
Its: EVP

Assignee

DAYCO FUNDING CORPORATION
a California corporation

By: H - Sean Diyan :
Its: President

478588.1

EXHIBIT A TO THE ASSIGNMENT OF LOAN DOCUMENTS

All documents which in any way relate to, refer to, pertain to that certain loan made by Citizens Business Bank to Southern California Land Development LLC ("Borrower") except for those documents which Citizens Business Bank ("Bank") will be retaining as a result of attorney/client, work product, or other privileges or those documents which the Bank is prohibited from transferring by the regulations of the Department of Corporations, Office of the Comptroller of Currency or other regulatory agency. The documents assigned include, but are not limited to, the following documents.

1.    Note dated August 15, 2005 and all extensions and modifications thereof;

2.    Deed of Trust to the real property commonly known as 10325 Dadura Road, Hesperia, California 92345 ("the Dadura Property");

3.    Deed of Trust to the real property commonly known as 10375 Baldy Lane, Hesperia, California 92345 ("the Baldy Lane Property");

4.    Assignment of Rents to the Dadura Property;

5.    Assignment of Rents to the Baldy Lane Property;

6.    Subordination of Deed of Trust to the Dadura Property;

7.    Subordination of Deed of Trust to the Baldy Lane Property;

8.    The Commercial Guaranty of Joseph D. Millanowski dated August 15, 2005 and all extensions and modifications thereof;

9.    The Commercial Guaranty of USA Investment Partners LLC dated August 15, 2005 and all extensions and modifications thereof; and

10.    The Commercial Guaranty of Joseph D. Millanowski 1998 Trust UDT dated September 25, 1998 dated August 15, 2005 and all extensions and modifications thereof.

# EXHIBIT H

# EXHIBIT H

SEP-14-2006  16:35    CITIZENS BUSINESS BANK    9099870372    P.12
Print                                                           Page 1 of 3

CONSTRUCTION-SFR 25728          CITIZENS BUSINESS BANK        9/14/2006 3:46:13 PM
Printed by: BERT T. SIMONS                                    Reporting Institution: 0.

## Note 25728 ~ Southern California Land Dev

| | | Rel | Birthdate | Phone | Tax Identification |
|---|---|---|---|---|---|
| [01] Southern California Land Dev | | * | | | EIN 57-1187507 |

9227 Haven Ave #300
RANCHO CUCAMNGA CA 91730

Tax Name: [1] Southern California
Land Dev

### Account Classification

| Portfolio: | 581900 | Responsibility Code: | [911] |
|---|---|---|---|
| Product: | [10408] CONSTRUCTION-SFR | Purpose Code: | [10] |
| Accounting Branch: | [91] | Collateral: | Multiple |

### Warnings

Collection
Past Due
Advance Restriction Code: Non-Post if > Max Credit
Matured Note

### Summary

| Principal Balance: | $1,607,565.00 | Interest Method: | [7] 365/360 P&I Separate |
|---|---|---|---|
| Interest Balance: | $24,980.42 | Current Payment Due Date: | Aug 15, 2006 |
| Net Payoff: | $1,632,640.42 | Current Payment Due Amount: | $1,607,565.00 |
| Maximum Credit: | $1,612,500.00 | Current Interest Payment Due Date: | Aug 15, 2006 |
| Maximum Credit Code: | Non-Revolving | Current Interest Payment Due Amount: | $12,253.87 |
| Current Available Credit: | $0.00 | Date Last Payment: | Aug 15, 2006 |
| Current Late Charge Balance: | $0.00 | Amount Last Payment: | $883.09 |
| Minimum Interest: | $100.00 | Current Days Past Due: | 30 |
| ███████████ | | Total Amount Due: | $1,632,545.42 |
| | | Total Amount Past Due: | $1,632,545.42 |
| Payments Scheduled: | 1 | Payment Frequency: | Maturity |
| Payments Billed: | 1 | Regular Payment Amount: | $1,612,500.00 |
| Payments Made: | | Current Rate Over: | 9.5000% |
| Payments Extended: | | One Day's Interest: | $424.2185 |
| Times Renewed: | 0 | Current Yield: | 9.6319% |
| Times Past Due 0-29 Days: | 1 | Original Note Amount: | $0.00 |
| Times Past Due 30-59 Days: | 2 | Original Note Date: | Aug 15, 2005 |
| Times Past Due 60-89 Days: | | Maturity Date: | Aug 15, 2006 |
| Times Past Due 90+ Days: | | Date Accrued Through: | Sep 13, 2006 |
| | | Date Last Transaction Activity: | Aug 16, 2006 |
| | | Date Principal Paid To: | Aug 15, 2005 |
| | | Date Interest Paid To: | Jul 17, 2006 |
| | | Date Last Change: | Aug 24, 2006 |
| | | Date Last Updated: | Sep 13, 2006 |

### Available Credit


EXHIBIT   H

**Customer**

| Date | Description | Transaction Amount | Principal | Interest | Principal Balance |
|---|---|---|---|---|---|
| Aug 15, 2005 | Original Rate | Interest Rate: | 7.7500% | | |
| Aug 15, 2005 | Fees Financed | $20,156.00 | $20,156.00 | | $20,156.00 |
| Aug 15, 2005 | INITIAL ADVANCE | $0.00 | $0.00 | | $20,156.00 |
| Aug 18, 2005 | ADVANCE | $943,281.00 | $943,281.00 | | $963,437.00 |
| Aug 29, 2005 | ADVANCE | $65.00 | $65.00 | | $963,502.00 |
| Aug 31, 2005 | ADVANCE | $315,000.00 | $315,000.00 | | $1,278,502.00 |
| Sep 02, 2005 | ADVANCE | $208,063.00 | $208,063.00 | | $1,486,565.00 |
| Sep 20, 2005 | Rate Change | Interest Rate: | 8.0000% | | |

CONSTRUCTION-SFR 25728
Printed by: BERT T. SIMONS

CITIZENS BUSINESS BANK

9/14/2006 3:46:13 PM
Reporting Institution: 0

| Date | Description | Transaction Amount | Principal | Interest | Principal Balance |
|---|---|---|---|---|---|
| Oct 12, 2005 | ADVANCE | $6,837.81 | $6,837.81 | | $1,493,402.81 |
| Oct 12, 2005 | Interest Payment | $6,837.81 | | $6,837.81 | $1,493,402.81 |
| Oct 18, 2005 | ADVANCE | $10,441.09 | $10,441.09 | | $1,503,843.90 |
| Oct 18, 2005 | Interest Payment | $10,441.09 | | $10,441.09 | $1,503,843.90 |
| Nov 01, 2005 | Rate Change | Interest Rate: | 8.2500% | | |
| Nov 15, 2005 | ADVANCE | $10,357.41 | $10,357.41 | | $1,514,201.31 |
| Nov 15, 2005 | Interest Payment | $10,357.41 | | $10,357.41 | $1,514,201.31 |
| Dec 13, 2005 | Rate Change | Interest Rate: | 8.5000% | | |
| Dec 15, 2005 | ADVANCE | $10,556.33 | $10,556.33 | | $1,524,757.64 |
| Dec 15, 2005 | Interest Payment | $10,556.33 | | $10,556.33 | $1,524,757.64 |
| Jan 17, 2006 | ADVANCE | $11,181.39 | $11,181.39 | | $1,535,939.03 |
| Jan 17, 2006 | Interest Payment | $11,181.39 | | $11,181.39 | $1,535,939.03 |
| Jan 31, 2006 | Rate Change | Interest Rate: | 8.7500% | | |
| Feb 16, 2006 | ADVANCE | $11,396.33 | $11,396.33 | | $1,547,335.36 |
| Feb 16, 2006 | Interest Payment | $11,396.33 | | $11,396.33 | $1,547,335.36 |
| Mar 15, 2006 | ADVANCE | $10,528.30 | $10,528.30 | | $1,557,863.66 |
| Mar 15, 2006 | Interest Payment | $10,528.30 | | $10,528.30 | $1,557,863.66 |
| Mar 28, 2006 | Rate Change | Interest Rate: | 9.0000% | | |
| Apr 17, 2006 | ADVANCE | $11,932.79 | $11,932.79 | | $1,569,796.45 |
| Apr 17, 2006 | Interest Payment | $11,932.79 | | $11,932.79 | $1,569,796.45 |
| May 10, 2006 | Rate Change | Interest Rate: | 9.2500% | | |
| May 15, 2006 | ADVANCE | $11,767.50 | $11,767.50 | | $1,581,563.95 |
| May 15, 2006 | Interest Payment | $11,767.50 | | $11,767.50 | $1,581,563.95 |
| Jun 15, 2006 | ADVANCE | $12,652.09 | $12,652.09 | | $1,594,216.04 |
| Jun 15, 2006 | Interest Payment | $12,652.09 | | $12,652.09 | $1,594,216.04 |
| Jun 29, 2006 | Rate Change | Interest Rate: | 9.5000% | | |
| Jul 17, 2006 | ADVANCE | $12,465.87 | $12,465.87 | | $1,606,681.91 |
| Jul 17, 2006 | Interest Payment | $12,465.87 | | $12,465.87 | $1,606,681.91 |
| Aug 15, 2006 | ADVANCE | $883.09 | $883.09 | | $1,607,565.00 |
| Aug 15, 2006 | Interest Payment | $883.09 | | $883.09 | $1,607,565.00 |