Andrew K. Alper, Esq.
California Bar No. 088876
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
Seventeenth Floor
Los Angeles, California 90048-4920
Telephone: (323) 852-1000
Facsimile: (323) 651-2577
E-mail: aalper@frandzel.com

and

Randolph L. Howard, Esq.
Nevada Bar No. 6688
Kolesar & Leatham, Chtd.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-mail: RHoward@klnevada.com

Attorneys for Creditor
**DAYCO FUNDING CORPORATION**

*ELECTRONICALLY FILED*
*ON*
*December 14, 2006*

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | CASE NO. BK-S-06-10725-LBR<br>Chapter 11<br><br>CASE NOS: BK-5-06-10726 LBR<br>CASE NOS: BK-5-06-10727 LBR<br>CASE NOS: BK-5-06-10728 LBR<br>CASE NOS: BK-5-06-10729 LBR |
| In re:<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor, | CHAPTER 11<br>JOINTLY ADMINISTERED UNDER<br>CASE NO. BK-5-06-10725-LBR |
| In re:<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor, | **AFFIDAVIT OF H. SEAN DAYANI IN SUPPORT OF DAYCO FUNDING CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>**Date of Hearing:**  January 17, 2007<br>**Time of Hearing:**  8:30 a.m. |

In re:

USA SECURITIES, LLC,

      Debtor.

Affects:

☐ All Debtors
☒ USA Commercial Mortgage Co.
☐ USA Securities, LLC
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed
☐ USA First Trust Deed Fund, LLC

# AFFIDAVIT OF H. SEAN DAYANI IN SUPPORT OF DAYCO FUNDING CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

CAME BEFORE the undersigned officer duly authorized to administer oaths, H. Sean Dayani ("Dayani"), and after first being duly sworn, stated the following facts are true and correct within his personal knowledge:

1. My name is H. Sean Dayani; I am over the age of eighteen. I am the President of Movant, Dayco Funding Corporation, a California corporation ("Dayco") and am authorized to give this affidavit on its behalf. I have personal knowledge of the matters set forth in this affidavit and, if called upon to testify, I could and would competently testify thereto.

2. I have been the President of Dayco since it was formed on November 2, 1993. In my capacity as President of Dayco, I am familiar with the books, writings, records and files of Dayco, including those books, writings, records, and files pertaining to a loan which Dayco purchased from Citizens Business Bank secured by, among other assets, real property located at 10325 Datura Road, Hesperia, California 92345 and 10375 Baldy Lane, Hesperia, California 92345 owned by Southern California Land Development, LLC ("Borrower")(collectively "the Properties"). Among my other duties, I am responsible for or involved in the administration, monitoring and collection of the obligations due to Dayco from the Debtor and performance of the loan documents. I am familiar with the jobs of Dayco's employees who are involved with the handling of Dayco's books, files, documents and records pertaining to loans and the recordation of

information about loans. I am the person who instituted these practices and procedures on behalf of Dayco.

3. I am the custodian of records of Dayco as those records pertain to the obligations of Borrower and as they pertain to USA Commercial Mortgage Company, one of the Debtors herein ("USA"). I have personally worked with and on these records and have personal knowledge that the records were and are kept in the usual and ordinary course of Dayco's business, and that the entries therein are made at or about the time of the events recorded by individuals employed by Dayco who have and had personal knowledge thereof and who have and had a continuing business duty to make those entries and record those events at or about the time of the events recorded. I am the person at Dayco who personally acquired all such records from Citizens Business Bank and negotiated the sale of the Loan Sale Agreement which Dayco entered into with Citizens Business Bank.

4. For good and valuable consideration, Dayco acquired the loan referred to in the Declaration of Bert T. Simons of Citizens Business Bank filed concurrently herewith of which the Court is requested to take judicial notice. A true and correct copy of a redacted Loan Sale Agreement is attached hereto, marked Exhibit "A", and is incorporated herein by this reference.

5. At the time the loan was acquired by Dayco from Citizens Business Bank, it was in default because of the Debtor's failure to make regular interest payments and because the loan matured and was all due and payable on August 15, 2006. Demand was made by Dayco on the Borrower to pay the sums due, but the Borrower has failed and refused to do so. In fact, I have spoken with the principal of the Borrower, Joseph Malinowski, who has taken great glee in the fact that Dayco cannot foreclose on the Properties because of the bankruptcy of USA.

6. At no time since Dayco acquired the loan have any sums been received by Dayco. As of December 5, 2006, the following sums are due and payable to Dayco:

| | |
|---|---:|
| Principal balance - | $1,607,565.00; |
| Interest at 9.5% from July 13, 2006 to December 5, 2006 - | $ 60,239.24; |
| Default interest at 6.25% from July 13, 2006 to December 5, 2006 | $ 39,630.90; |
| Total sum due | $1,707,435.14. |

1. Interest is accruing at the rate of $424.22 at the regular note rate and $279.09 at the default rate so the total monthly accrual of interest is $703.31 per day. Based on a 30-day month, this sum totals $21,099.30.

7. Other than the execution of the Subordination Agreements by USA referred to in the declaration of Bert T. Simons submitted herewith, Dayco has no other interest or contact with USA regarding this loan. USA is not Dayco's Borrower. USA simply has a very small fractionalized interest in a loan secured by the second Deed of Trust on the Properties. According to Exhibit "A" to the Deed of Trust executed by the Borrower to USA and its investors, USA made a $20,000.00 loan secured by the Properties. According to the asset purchase agreement and the disclosure statement filed by USA in this case, USA contends it has a 1.25% interest in this loan. A true copy of the page from the Asset Purchase Agreement attached to the Disclosure Statement is attached hereto, marked Exhibit "B" and is incorporated herein by this reference. It is this 1.25% interest that has kept Dayco from foreclosing on the Properties and it is unfair to Dayco that this small fractionalized interest in bankruptcy can keep Dayco from foreclosing on the Properties to collect the $1,707,435.42 due to Dayco. It is further unfair because interest is accruing on a monthly basis and in an amount greater than the entire loan made by USA to the Borrower. Consequently, Dayco requests that the Court grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause and in accordance with 11 U.S.C. § 105.

Further Affiant Sayeth Naught.

_____
H. SEAN DAYANI

Sworn to and subscribed before me this 8TH day of December, 2006, by H. Sean Dayani, who ✓ is personally known to me OR who _____ produced identification. Type of identification produced: _____.

(NOTARY SEAL)

JOHN R. SHAIKIN
Commission # 1544264
Notary Public - California
Los Angeles County
My Comm. Expires Jan 30, 2009

Notary Public, State of California
Print Name: John R. Shaikin
Commission No.: 1544264
My Commission Expires: 1/30/09

# EXHIBIT A

# EXHIBIT A

## LOAN SALE AGREEMENT

This Loan Sale Agreement (hereinafter "Agreement") is entered into this 21 day of September, 2006, by and between Citizens Business Bank, a California corporation ("Bank") and Dayco Funding Corporation, a California corporation ("Buyer") with respect to the following:

## RECITALS

A. On or about August 15, 2005, Southern California Land Development LLC ("Borrower") was loaned the sum of $1,612,500.00 by the Bank. The loan was evidenced by a Note executed by the Borrower. Pursuant to the terms of the Note, interest accrued at a variable interest rate on the Index as defined in the Note. Pursuant to the terms of the Note, the rate to be applied on the Note was 1.25% over the Index and, if there was a default under the terms of the Note, the interest rate accrues at the rate of 6.25% over the Index. Pursuant to the terms of the Note, the Borrower was required to pay regular monthly payments of accrued interest beginning on September 15, 2005 with all subsequent payments due on the same day each month thereafter and pay the entire unpaid balance of principal and interest on the Note's maturity date of August 15, 2006.

B. The Note is secured by Deeds of Trust on the real properties commonly described as 10325 Datura Road, Hesperia, California 92345, Assessor's Parcel Nos. 0405-261-17-0-000, 0405-261-18-0-000, 0405-261-27-0-000, and 0405-261-29-0-000, legally described as The South half of the Southwest quarter of the Northeast quarter of the Northwest quarter of Section 13, Township 4 North, Range 5 West, San Bernardino Meridian, in the City of Hesperia, County of San Bernardino, State of California, according to the Official Plat thereof. Except all coal, gas and other mineral deposits, in the land so patented, together with the right to prospect for, mine, and remove the same according to the provisions of said Act of June 1, 1938 as reserve by the United States of America by Patent recorded May 14, 1954 in Book 3383, Page 114, Official

478566.1                             1          EXHIBIT __A__

Records in the County of San Bernardino ("Property 1"), the Deed of Trust to Property 1 was recorded on August 23, 2005 as Instrument No. 2005-0622541; and the real property commonly known as 10375 Baldy Lane, Hesperia, California 92345, Assessor's Parcel No. 0405-261-28 and is legally described as the North 1/2 of the Southeast 1/4 of the Northeast 1/4 of the Northwest 1/4 of Section 13, Township 4 North, Range 5 West, San Bernardino Meridian, in the County of San Bernardino, State of California according to the Official Plat thereof ("Property 2"). The Deed of Trust to Property 2 was recorded on September 14, 2005 as Instrument No. 2005-0685512.

C.  As an inducement for the Bank to make the loan as evidenced by the Note to the Borrower, on or about August 15, 2005, Joseph D. Millanowski, USA Investment Partners LLC, and the Joseph D. Millanowski 1998 Trust UDT Dated September 25, 1998 executed and delivered to the Bank their separate Commercial Guaranties pursuant to which they guarantied repayment of all sums owed by the Borrower to the Bank. Joseph D. Millanowski, USA Investment Partners LLC and the Joseph D. Millanowski 1998 Trust UDT Dated September 25, 1998 will sometimes hereinafter be referred to collectively as the "Guarantors".

D.  Property 1 and Property 2 are vacant parcels of land.

E.  As of September 14, 2006, the sum due to the Bank on the Note is $1,632,545.42. The principal sum of $1,607,565.00 together with interest in the sum of $24,980.42 through and including September 13, 2006. The Borrower and the Guarantors have not made payment on the Note since August 15, 2006 nor has the Borrower or the Guarantors paid the Note on its maturity date of August 15, 2006. Interest on the Note is currently accruing at the daily rate of $424.22.

F.  The Bank desires to sell, and the Buyer desires to buy, the loan made by the Bank to the Borrower as evidenced by Note ("the Loan") together with the Bank's collateral and

478566.1

2

documents including the Deeds of Trust and the Guaranties, and all other documents and instruments evidencing the Loan (collectively "the Loan Documents").

NOW, THEREFORE, in consideration of the foregoing and for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Bank and the Buyer ("the Parties") agree as follows:

## AGREEMENT

1. <u>Purchase Price</u>. The purchase price for the Loan shall be the sum of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2. <u>Interest to be Purchased</u>. In consideration of the Purchase Price, the Bank shall deliver an Assignment of the Note evidencing the Loan; the Deeds of Trust as to Property 1 and Property 2; the Guaranties; and all other Loan Documents as may be reasonably requested by the Buyer.

3. <u>Acceptance of Loan Documents "As Is"</u>

    a. The Loan evidenced by the Loan Documents is being sold "AS-IS" and the Loan Documents shall be assigned without warranty, recourse or reservation of any rights. Without limitation, the Bank makes no warranty or representation of any kind whatsoever as to the Loan Documents, whether express, implied, by operation of law, or otherwise. Further, without limitation, the Bank does not warrant or represent the collectability, validity, completeness, or accuracy of the Loan Documents; the title to Property 1 and Property 2, the condition of Property 1 and Property 2, the design or construction of Property 1 and Property 2, any encumbrances on Property 1 and Property 2; the design or construction of Property 1 and Property 2; the compliance of Property 1 and Property 2 with any and all zoning, permit, ordinance and code requirements; the income from or the value of Property 1 and Property 2; or

478566.1                                                3

the water, soil, geology, environmental condition and suitability of Property 1 and Property 2 for any and all activities and uses which Buyer may elect to conduct thereon should Buyer acquire title to Property 1 and Property 2.

b. Buyer acknowledges that it has conducted its own investigation and appraisal and otherwise performed its own due diligence relating to the Loan Documents and Property 1 and Property 2. The Bank makes no representations or warranties other than those contained herein. Buyer shall rely solely on its own investigation.

c. The Bank hereby discloses that the Loan as evidenced by the Loan Documents is currently in default.

d. The Bank agrees to execute the original of all documents collectively attached as Exhibit "A" to the Assignment of Loan Documents and incorporated herein by this reference ("Closing Documents") and deliver them to Buyer, along with the original Loan Documents, and all of the documents, correspondence and memoranda except for internal memoranda, CR reports and other documents such as the attorney-client, work product, or any other legally privileged documents in the possession of the Bank regarding the Loan, within two weeks after receipt by the Bank of the purchase price in good and immediately available funds.

e. The Closing Documents, each of which shall be prepared on a non-recourse basis, the following:

(1) The Assignment of the Note;

(2) The Assignment of the Deeds of Trust to Property 1 and Property 2;

(3) Assignment of the Guaranties of Joseph D. Millanowski, USA Investment Partners LLC and the Joseph D. Millanowski 1998 Trust UDT Dated September 25, 1998.

478566.1                                    4

f.  BUYER UNDERSTANDS THAT THE SALE OF THE LOAN DOCUMENTS AND INDEBTEDNESS IS BEING MADE ON AN "AS IS" BASIS AND BUYER EXPRESSLY ACKNOWLEDGES THAT, CONSIDERATION OF THE AGREEMENTS OF THE BANK HEREIN, EXCEPT AS OTHERWISE SPECIFIED HEREIN, THE BANK MAKES AND HAS MADE NO WARRANTY, REPRESENTATION, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW AND SPECIFICALLY DISCLAIMS ANY SUCH WARRANTY OR REPRESENTATION, INCLUDING, BUT UNLIMITED TO, WARRANTY OF OWNERSHIP, EXISTENCE, QUALITY, QUANTITY, VALUE, CONDITION, HABITABILITY, MERCHANTABILITY, OR FITNESS OF THE PROPERTY FOR ANY PARTICULAR PURPOSE. THE PROVISIONS OF THIS SECTION SHALL SURVIVE THE CONSUMMATION OF THE TRANSACTIONS HEREIN PROVIDED.

g.  Buyer, and its successors and assigns, shall be forever responsible for the payment of any sales tax, use tax, personal property tax, real property tax, or any other tax of whatsoever nature assessed, levied or imposed in connection with the transactions contemplated hereunder, the Loan and/or the Loan Documents, Buyer, and its successor and assigns, hereby agree to indemnify (in addition to all other indemnifications given by Buyer pursuant to this agreement), and hold the Bank harmless from the imposition, assessment, levy, payment and collection of any sales tax, use tax, personal property tax, or any other tax of any nature whatsoever in connection with transactions contemplated by this Agreement, the Loan and/or the Loan Documents. However, the Bank shall be responsible to pay all Trustee's fees incurred prior to the sale of the Loan as evidenced by the Loan Documents.

4.  Additional Representations and Warranties

a.  By Buyer. Buyer hereby warrants and represents to Bank, as follows:

478566.1

5

(1)     Buyer has conducted such due diligence, investigation, and inquiry as Buyer deems necessary and appropriate to the transactions contemplated by this Agreement and, in entering into this Agreement, Buyer is relying solely upon its own such due diligence, investigation and inquiry;

(2)     Buyer has been advised by counsel of Buyer's choosing of the conditions and limitations imposed by law upon holders of obligations secured in whole or in part by real property and/or personal property;

(3)     Neither Bank, nor anyone claiming to represent Bank, has made any representation or warranty to Buyer, or anyone claiming to represent Buyer, concerning the Loan Documents, any borrower, or any property, except as is expressly and fully set forth in this Agreement;

(4)     This Agreement constitutes a valid and binding obligation of Buyer to Bank enforceable in accordance with its terms;

(5)     The execution and delivery by Buyer of this Agreement will not, with or without giving of notice or passage of time, or both: (i) conflict with or violate any law, statute, rule, regulation, or administrative order to which it is subject or by which its assets are bound or affected; (ii) violate any judgment, order, writ or decree of any court or administrative body in any suit or proceeding to which it is a party; or (iii) result in a breach of or default under any material agreement, commitment, contract (written or oral), or other material instrument, to which it is a party or by which any of its assets are bound or affected;

(6)     Buyer is a sophisticated investor and purchaser of loans, and has received independent legal advice from attorneys of its choice with respect to entering into this Agreement;

(7)     To the best of Buyer's knowledge, there are no actions, suits, claims, proceedings, or investigations, pending or threatened against it which might impair the consummation of the terms and conditions of this Agreement;

(8)     Buyer is duly organized, validly existing and in good standing under the laws of the United States of America and is legally qualified to conduct business in each jurisdiction in which its business is conducted.

(9)     Buyer is a validly existing corporation duly organized under the State of California and is in good standing with the State of California. buyer has taken all necessary action to obtain all approvals necessary to enter into this Agreement.

    b.     By Bank.

Bank hereby warrants and represents to Buyer:

(1)     Bank is the owner and holder of the Loan Documents, and Bank has not assigned, transferred, conveyed, pledged or granted a security interest in said Loan Documents;

(2)     Bank is duly organized, validly existing and in good standing under the laws of the State of California and is legally qualified to conduct business in each jurisdiction in which its business is conducted;

(3)     To the best of Bank's knowledge, there are no actions, suits, claims, proceedings, or investigations, pending or threatened against it by Borrowers or any other third party which might impair the consummation of the terms and conditions of this Agreement;

(4)     The execution and delivery by Bank of this Agreement will not, with or without the giving of notice or passage of time, or both: (i) conflict with or violate any law, statute, rule, regulation, or administrative order to which it is subject or by which its assets

are bound or affected; (ii) violate any judgment, order, writ or decree of any court of administrative body in any suit or proceeding to which it is a party; or (iii) result in a breach of or default under any material agreement, commitment, contract (written or oral), or other material instrument, to which it is a party or by which any of its assets are bound or affected;

(5) To the best knowledge of Bank, the principal balance of the Loan as of the date set forth in the Recitals to this Agreement is, in accordance with the books and records of Bank, true and correct.

5. Release.

a. Except for any obligations of Bank expressly and specifically provided for in this Agreement, Buyer hereby forever, finally, fully, unconditionally, and completely releases, relieves, acquits, remises and discharges Bank and its subsidiaries, parents, affiliates, successors, predecessors and assigns, and all past and present employees, officers, directors, agents, representatives, attorneys, insurers, accountants and shareholders, each in its, his or her individual and representative capacities from and against any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, liens, losses, costs and expenses(including, without limitation, attorneys fees and related costs), damages, injuries, suits, actions and causes of action of whatever kind or nature, whether known or unknown, suspected or unsuspected, matured or unmatured, liquidated or unliquidated, contingent or fixed, at law or in equity, arising out of or in any way connected with the Loan and the performance of any services pertaining to the Loan Documents or any property which constitutes collateral for the Loan.

b. Buyer acknowledges and agrees that Buyer has been informed by its attorneys and advisors of, and is familiar with, and does hereby expressly waive, the provisions of section 1542 of the California Civil Code, and any similar statute, code, law or regulation of

478566.1                                8

any state or the United States, to the full extent that it may waive such rights and benefits. <u>Civil Code</u>, Section 1542 provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor".

c.   Buyer represents and warrants to Bank that it is the sole and lawful owner of all right, title and interest in and to each and every claim or other matter which Buyer releases herein, and that Buyer has not heretofore assigned or transferred, or purported to assign or transfer, to any individual, partnership, corporation, firm, estate, or entity any claim or other matters herein released. Buyer further hereby indemnifies and shall defend and hold harmless Bank from and against any and all claims based upon or arising out of or in connection with any prior assignment or transfer, or purported assignment or transfer, of any claims or matters released herein.

d.   The Parties hereto understand and agree that any covenant or undertaking of Bank pursuant to this Agreement, however contingent or provisional, is and shall be separate and legally sufficient consideration for all of the releases herein given, and any default, breach, failure of condition, or failure of consideration, to any extent applicable to this Agreement, shall not operate to avoid, discriminate, rescind, revoke, diminish or otherwise affect the validity, enforceability and continuing effectiveness of the foregoing releases, or any of them.

6.   <u>Attorneys' Fees</u>. Should a dispute, including but not limited to, any litigation or arbitration be commenced (including any proceedings in a bankruptcy court) between the Parties hereto or their representatives concerning any provision of this Agreement, the rights and duties of any person or entity hereunder, the party or parties prevailing shall be entitled to attorneys'

fees, expenses of counsel and court costs incurred by reason of such action, whether or not suit is filed.

7. <u>Authority</u>. With the intent to be legally bound, each of the undersigned hereby covenants and acknowledges that he or it (a) has read each of the terms set forth herein, (b) that the undersigned has the authority to execute this Agreement for such person or entity, and (c) expressly consents and agrees that the person or entity upon behalf of which the undersigned is acting, shall be bound by all terms and conditions contained herein.

8. <u>Benefit of Agreement</u>. The Parties agree that the rights and obligations arising out of this Agreement, and each of its terms, shall inure to the benefit of and be binding upon the heirs, personal representatives, successors and assignees of the Parties, and each of them.

9. <u>Headings</u>. The headings of paragraphs of this Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit or aid in the construction or interpretation of any term or provision hereof.

10. <u>Time</u>. Time is and shall be of the essence of each and every provision of this Agreement.

11. <u>Governing Law; Jurisdiction; Venue</u>. This Agreement is and shall be governed by and construed in accordance with the laws of the State of California. Any litigation arising out of this Agreement shall be commenced in the Superior Court in the County of Los Angeles, State of California.

12. <u>Neutral Interpretation</u>. This Agreement is the product of negotiations of the Parties, and in the enforcement or interpretation hereof is to be enforced and interpreted in a neutral manner, and any presumption with regard to construction or interpretation for or against any party by reason of that party having drafted or caused to be drafted this Agreement, or any portion thereof, shall not be effective in regard to the interpretation hereof.

13. <u>Entire Agreement</u>. This Agreement and any documents attached as exhibits or executed contemporaneously herewith constitute the Parties' entire agreement with respect to the subject matter hereof and supersede all Agreements, representations, warranties, statements, promises and understandings, whether oral or written, with respect to the subject matter herewith. This Agreement may not be amended, altered, or modified except by a writing signed by all Parties.

14. <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Facsimile signatures may be accepted as original signatures.

15. <u>Execution of Additional Documents</u>. The Parties and their agents or representatives agree to sign any and all documents reasonably necessary in order to carry out the purpose, intent and effect of this Agreement.

CITIZENS BUSINESS BANK
a California Banking corporation

By: E. J. Mylett
Its: EVP

DAYCO FUNDING CORPORATION

By: H. Sean Dayton
Its: President

# EXHIBIT B

# EXHIBIT B

## ASSIGNMENT OF LOAN DOCUMENTS

FOR GOOD AND VALUABLE CONSIDERATION the receipt and sufficiency of which are hereby acknowledged, Citizens Business Bank, a California corporation ("Assignor") does hereby sell, transfer and assign to Dayco Funding Corporation ("Assignee"), without recourse, representation or warranty, whether express or implied, all of Assignor's right, title and interest in and to the documents, instruments and agreements described on Exhibit "A" attached hereto and incorporated herein by this reference (collectively "the Loan Documents"). It is the intention of the Assignor to transfer and assign to the Assignee all of the right, title and interest, benefits and obligations and duties held by Assignor in, to and under the Loan Documents and the loan evidenced thereby. Assignor does hereby sell, assign and transfer to Assignee all of its right, title and interest to the Loan Documents "AS IS", "WHERE IS" and WITHOUT ANY WARRANTIES EXPRESS OR IMPLIED except as expressly set forth in that certain Loan Sale Agreement dated September 21, 2006 ("the Loan Sale Agreement"). All such terms and conditions of the Loan Sale Agreement are incorporated herein by this reference as if set forth in full.

IN CONNECTION THEREWITH, Assignee hereby accepts the foregoing assignment and hereby assumes all of the duties, obligations and liabilities of Assignor under and with respect to the loan as evidenced by the Loan Documents.

478588.1

IN WITNESS WHEREOF, Assignor and Assignee have duly executed this Assignment to be effective as of the date set forth below.

Lender/Assignor

CITIZENS BUSINESS BANK
A California banking corporation

By: E. J. Mylett
Its: EVP


Assignee

DAYCO FUNDING CORPORATION
a California corporation

By: _____ H. Sean Dryan
Its: President

478588.1

## EXHIBIT A TO THE ASSIGNMENT OF LOAN DOCUMENTS

All documents which in any way relate to, refer to, pertain to that certain loan made by Citizens Business Bank to Southern California Land Development LLC ("Borrower") except for those documents which Citizens Business Bank ("Bank") will be retaining as a result of attorney/client, work product, or other privileges or those documents which the Bank is prohibited from transferring by the regulations of the Department of Corporations, Office of the Comptroller of Currency or other regulatory agency. The documents assigned include, but are not limited to, the following documents.

1. Note dated August 15, 2005 and all extensions and modifications thereof;

2. Deed of Trust to the real property commonly known as 10325 Dadura Road, Hesperia, California 92345 ("the Dadura Property");

3. Deed of Trust to the real property commonly known as 10375 Baldy Lane, Hesperia, California 92345 ("the Baldy Lane Property");

4. Assignment of Rents to the Dadura Property;

5. Assignment of Rents to the Baldy Lane Property;

6. Subordination of Deed of Trust to the Dadura Property;

7. Subordination of Deed of Trust to the Baldy Lane Property;

8. The Commercial Guaranty of Joseph D. Millanowski dated August 15, 2005 and all extensions and modifications thereof;

9. The Commercial Guaranty of USA Investment Partners LLC dated August 15, 2005 and all extensions and modifications thereof; and

10. The Commercial Guaranty of Joseph D. Millanowski 1998 Trust UDT dated September 25, 1998 dated August 15, 2005 and all extensions and modifications thereof.

478588.1