**HANEY, WOLOSON & MULLINS**
Wade B. Gochnour, Esquire
Nevada Bar No. 6314
Aryn M.Fitzwater, Esquire
Nevada Bar No. 8802
1117 South Rancho Drive
Las Vegas, Nevada 89102
Telephone: (702) 474-7557
Telecopier: (702) 474-7009
WadeG@hwmlvlaw.com
afitzwater@hwmlvlaw.com

and

**WHITE AND WILLIAMS LLP**
Steven E. Ostrow, Esquire
PA Bar ID # 50568
1800 One Liberty Place
Philadelphia, PA 19103-7395
Telephone: (215) 864-7000
Telecopier: (215) 864-7123
ostrows@whiteandwilliams.com

**E-FILED on December 14, 2006**

HANEY, WOLOSON & MULLINS
1117 South Rancho
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

In re:
USA COMMERCIAL MORTGAGE COMPANY,
Debtor.

In re:
USA CAPITAL REALTY ADVISORS, LLC,
Debtor.

In re:
USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC
Debtor.

In re:
USA CAPITAL FIRST TRUST DEED FUND, LLC,
Debtor.

In re:
USA SECURITIES, LLC,
Debtor.

Affects:
☒ All Debtors
☐ USA Commercial Mortgage Company
☐ USA Securities, LLC
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA First Trust Deed Fund, LLC

Case No. BK-S 06-10725 (LBR)
Case No. BK-S 06-10726 (LBR)
Case No. BK-S 06-10727 (LBR)
Case No. BK-S 06-10728 (LBR)
Case No. BK-S 06-10729 (LBR)

Chapter 11

**Jointly Administered Under Case No. BK-S-06-10725 LBR**

**LIBERTY BANK'S MOTION PURSUANT TO FED. R. BANKR. P. 3018 TO ALLOW CLAIM FOR PLAN VOTING PURPOSES**

HANEY, WOLOSON & MULLINS
1117 South Rancho
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

**LIBERTY BANK'S MOTION
PURSUANT TO FED. R. BANKR. P. 3018(a) TO
ALLOW CLAIM FOR PLAN VOTING PURPOSES**

Liberty Bank ("Liberty"), by and through its undersigned attorneys, moves this Court pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure to temporarily allow its claim for purposes of voting on the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan"), as follows:

**Jurisdiction**

This Court has jurisdiction under 28 U.S.C. § 1334 over this Motion, which is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicate for the relief requested is Fed. R. Bankr. P. 3018(a).

**Background**

Debtor USA Commercial Mortgage Company ("USACM") and non-debtor USA Investment Partners, LLC ("USAIP") each guaranteed, as sureties, a $10,000,000.00 Receivables Loan (the "Liberty Loan") from Liberty to HMA Sales, LLC ("HMA") made on or about November 15, 2004. True and correct copies of the guarantee agreements executed by USACM and USAIP in favor of Liberty are attached hereto as **Exhibit "A"** and made a part hereof. The Liberty Loan provided financing for HMA's sale of time share interests at the Royal Resort and Hotel located at 99 Convention Center Drive, Las Vegas, Nevada.

In connection with its guarantee of the Liberty Loan, USAIP agreed to subordinate its claims and rights against HMA until the Liberty Loan was paid in full pursuant to section 9 of the USAIP guaranty and a separate Subordination Agreement among USAIP, HMA and Liberty (the "Subordination Agreement"), a true and correct copy of which is attached hereto as **Exhibit**

HANEY, WOLOSON & MULLINS
1117 South Rancho
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

**"B"** and made a part hereof. As a result of this subordination, USAIP is prohibited from being paid any distributions or monies from HMA following a default under the Liberty Loan until the Liberty Loan is paid in full.

Numerous events of default have occurred under the Liberty Loan. As a result, Liberty has accelerated the Liberty Loan and demanded immediate payment. As of October 31, 2006, approximately $4,662,620.45 was due and owing under the Liberty Loan together with continuing attorneys' fees and costs. Liberty timely filed a proof of claim (the "Claim") in the amount of $4,662,620.45 in USACM's bankruptcy case. The Claim was date-stamped as having been received by USACM's claims agent on November 13, 2006 and designated Proof of Claim No. 1383.[1] A true and correct copy of the Claim is attached hereto as **Exhibit "C"** and made a part hereof.

On December 11, 2006, Liberty submitted a ballot rejecting the Plan and filed Liberty Bank's Limited Objection to Debtors' Third Amended Chapter 11 Plan of Reorganization (the "Confirmation Objection"). Also on December 11, 2006 – the deadline for confirmation objections and Plan voting – USACM filed USA Commercial Mortgage Company's Objection to Proof of Claim No. 1383 Filed by Liberty Bank (the "Claim Objection"), seeking to disallow the Claim in its entirety on the alleged bases that "[t]he Guarantee that Liberty Bank received from USACM was not supported by any consideration provided to USACM[,]" and that "[t]herefore, USACM asserts that the granting of the Guarantee was a transfer that is avoidable under section 544, 547, and/or 548 of the Bankruptcy Code." Claim Objection ¶ 14.

---

[1] USACM states in the Claim Objection that "Liberty Bank filed its Claim on November 21, 2006," and then clarifies that "[a]lthough Liberty Bank's Claim was filed after the Bar Date, the Court's Claims Register notes that the Claim was received by the BMC Group on November 9, 2006." Liberty takes exception to USACM's statement that the Claim was "filed after" the Bar Date. On the contrary, it was submitted to USACM's claim agent, BMC Group, on or before the Bar Date, after which Liberty had no further control over how fast BMC Group processed it or placed it on the Court's claims register.

The hearing on confirmation of the Debtor's Plan (the "Confirmation Hearing") is scheduled for December 19, 2006, while the Claim Objection is not scheduled to be heard until January 17, 2007.

**Relief Requested**

Liberty requests that its Claim be temporarily allowed for Plan confirmation purposes. Pursuant to Bankruptcy Rule 3018(a):

> Notwithstanding objection to a claim or interest, the court after notice and a hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan.

Accordingly, Bankruptcy Rule 3018(a) enables the Court to use its discretion to temporarily allow the Claim for the purposes of voting on the Plan. *See In re Zolner*, 173 B.R. 629, 633 (Bankr. N.D. Ill. 1994) ("The temporary allowance of a claim for voting purposes is committed to [the bankruptcy court's] reasonable discretion."); *In re FRG, Inc.*, 121 B.R. 451, 456 (Bankr. E.D. Pa. 1990) (indicating that the court is accorded broad discretion in the process of valuation for temporary allowance purposes).

As a leading commentator has explained:

> The obvious potential for abuse by a plan proponent makes it necessary to provide for temporary allowance of a claim for voting purposes. ... Temporary allowance will be appropriate when the objection was filed too late to be heard prior to the confirmation hearing, when fully hearing the objection would delay administration of the case, or when the objection is frivolous or of questionable merit.

9 *Collier on Bankruptcy* ¶ 3018.01[5] (15th ed. rev. 2006). Precisely these circumstances support the temporary allowance of the Claim for Plan voting purposes.

///

///

HANEY, WOLOSON & MULLINS
1117 South Rancho
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

USACM filed the Claim Objection only eight (8) days prior to the hearing on confirmation of the Plan. Insofar as Fed. R. Bankr. P. 3007 requires at least thirty (30) days' notice of objections to claims, the hearing on the Claim Objection has been scheduled for January 17, 2007. Temporary allowance is appropriate because USACM filed the Claim Objection too late to be heard before the Confirmation Hearing. Permitting Liberty to "be 'ambushed' into surrendering its voting rights" by a last-minute claim objection "would run counter to the very equities upon which this court must fundamentally operate." *Stone Hedge Props. v. Phoenix Capital Corp. (In re Stone Hedge Props.)*, 191 B.R. 59, 64 (Bankr. M.D. Pa. 1995).

The murky factual and procedural basis of the Claim Objection further supports temporary allowance. USACM asserts that "[t]he Guarantee that Liberty Bank received from USACM was not supported by any consideration provided to USACM," and, therefore, may be an avoidable transfer under 11 U.S.C. §§ 544, 547, and/or 548. As a threshold matter, pursuant to Bankruptcy Rule 7001, avoidance actions of the type contemplated by the Claim Objection must ordinarily be brought as adversary proceedings. *See* Fed. R. Bankr. P. 7001(1); 10 *Collier on Bankruptcy* ¶ 7001.2 (15th ed. rev. 2006). Pursuant to Bankruptcy Rule 3007, "[i]f an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding." *See* Fed. R. Bankr. P. 3007. Moreover, even if it were possible to dispose with the strict procedural requirements of an adversary proceeding,[2] the requirements of due process would nonetheless compel the opportunity for an evidentiary

---

[2] In certain jurisdictions:

> … it has been held that an objection to a proof of claim, the resolution of which would necessarily involve determinations of whether the creditor received an avoidable preference, is not required to be made as an adversary proceeding if the trustee does not seek an affirmative recovery of money or property.

10 Collier on Bankruptcy ¶ 7001.2 (15th ed. rev. 2006) (citing *In re America's Shopping Channel, Inc.*, 110 B.R. 5,

HANEY, WOLOSON & MULLINS
1117 South Rancho
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

HANEY, WOLOSON & MULLINS
1117 South Rancho
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

hearing. Under the circumstances, unless USACM wishes to postpone the Confirmation Hearing, fully hearing the Claim Objection would delay administration of the case. Temporary allowance would further USACM's interest in promptly proceeding with Plan confirmation on the one hand, while preserving Liberty's right to a full and fair adjudication of its Claim on the other.

Additionally, temporary allowance of the Claim in its full, face amount is appropriate because the Claim Objection is of questionable merit. The Claim Objection fails to provide an appropriate factual foundation for USACM's contentions other than the conclusory statements that "[t]he Guarantee that Liberty Bank received from USACM was not supported by any consideration provided to USACM," and, therefore, may be an avoidable transfer under 11 U.S.C. §§ 544, 547, and/or 548. As more fully described in the Declaration of Jason M. Gordon in Support of Liberty Bank's Motion Pursuant to Fed. R. Bankr. P. 3018(a) to Allow Claim for Plan Voting Purposes (the "Gordon Declaration"), a true and correct copy of which is attached as **Exhibit "D"** hereto, the guarantee of USACM, which had stronger, audited financial statements as compared to HMA, was required in order to induce Liberty to make the Liberty Loan. Liberty demanded and reasonably relied upon audited financial statements provided by USACM in connection with the making of the Liberty Loan. These financial statements demonstrate that USACM was solvent at the time.

Liberty cannot reasonably be expected to respond on such short notice to USACM's conclusory allegations that Liberty received a preference or fraudulent transfer, particularly as USACM does not even recite the elements of such causes of action much less the facts alleged to give rise to them. For example, USACM alleges that the guarantee may be a preference, but

---

8 (Bankr. S.D. Cal. 1990)). However, there does not appear to be any Nevada authority adopting this approach.

HANEY, WOLOSON & MULLINS
1117 South Rancho
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

neglects to mention that it was executed on November 15, 2004, placing it outside the preference period prescribed by 11 U.S.C. § 547. Nor does USACM allege much less establish insolvency or any of the other requisite elements of a preference or fraudulent conveyance. The Guarantee is supported by ample consideration and is not avoidable under 11 U.S.C. §§ 547 or 548.

Moreover, by couching its preference and fraudulent conveyance claims as a claim objection as opposed to an adversary proceeding, USACM seeks to artificially transfer the burden of proof to Liberty.

**Request for an Order Shortening Time**

Insofar as USACM filed the Claim Objection only eight days before the Confirmation hearing, expedited consideration of this Motion is warranted in order to determine whether Liberty's ballot can be considered in connection with Plan confirmation. A motion for an order shortening time has been filed contemporaneously herewith.

//

//

//

WHEREFORE, Liberty respectfully requests that this Court, after notice and a hearing, (i) deem the Claim allowed in full for Plan voting and confirmation purposes; (ii) accept Liberty's ballot in connection with the voting on the Plan; and (iii) grant such other and further relief as is just.

**HANEY, WOLOSON & MULLINS**

BY: [signature]
Wade B. Gochnour, Esquire
Nevada Bar No. 6314
Aryn M.Fitzwater, Esquire
Nevada Bar No. 8802
1117 South Rancho Drive
Las Vegas, Nevada 89102
Telephone: (702) 474-7557

-and-

**WHITE AND WILLIAMS LLP**
Steven E. Ostrow, Esquire
PA Bar ID # 50568
1800 One Liberty Place
Philadelphia, PA 19103-7395
Telephone: (215) 864-7000
Attorneys for Liberty Bank

HANEY, WOLOSON & MULLINS
1117 South Rancho
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax