EXHIBIT "A"

## GUARANTY AGREEMENT

THIS GUARANTY AGREEMENT ("Guaranty") is made effective as of November 15, 2004, by and between **USA COMMERCIAL MORTGAGE COMPANY**, a Nevada corporation (the "**Guarantor**") and **LIBERTY BANK**, a Connecticut nonstock mutual savings bank ("**Lender**").

### BACKGROUND

A.    Lender is entering into a Receivables Loan Agreement with HMA Sales, LLC, a Nevada limited liability company ("**Borrower**") to be dated as of the date hereof. Such Receivables Loan Agreement as it may be amended, modified, restated or supplemented is referred to as the "**Loan Agreement**".

B.    Pursuant to the Loan Agreement, Lender will extend a certain credit facility to Borrower.

C.    Capitalized terms not otherwise defined in this Guaranty will have the meanings set forth in the Loan Agreement.

D.    Lender is willing to enter into the Loan Agreement and extend the receivables loan to Borrower, only if Guarantor agrees to guarantee the full, prompt, complete and faithful payment and performance of all Obligations of Borrower and to execute and deliver this Guaranty.

NOW, **THEREFORE**, in order to induce Lender to enter into the Loan Agreement and to make advances under the Loan Agreement, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, Guarantor hereby unconditionally covenants and agrees with Lender as follows:

1.    **Guaranty.**

1.1    **General.** Guarantor absolutely and unconditionally, jointly and severally as between itself and with any other Obligors (as defined in **Section 2.2**), guarantees the full, prompt, complete and faithful performance, payment, observance and fulfillment by Borrower of all the Obligations, including, but not limited to, the payment of all principal of, premium (if any) on, and interest on the Receivables Loan and all prepayment fees, other fees, costs, expenses and indemnities of Borrower owing to Lender under the Loan Documents.

1.2    **Payment Obligations.** Guarantor covenants and agrees absolutely and unconditionally that, upon the receipt of written notice from or on behalf of Lender to the effect that there exists an Event of Default, Guarantor will pay in its entirety the entire unpaid principal balance with accrued and unpaid interest due under the Receivables Loan and any other payment Obligations (collectively, the "**Unpaid Amount**") in lawful money of the United States to Lender. If Guarantor should fail to pay the Unpaid Amount or any other payment Obligations of Borrower owed to Lender following receipt of Lender's written request for payment of such sums, then such sums shall thereafter bear interest at the highest default rate set forth in the Loan Agreement for the Receivables Loan (the "**Default Rate**"). If Guarantor shall fail to pay the

DOCS_PH 1594842v6

Unpaid Amount or any other payment Obligations of Borrower owed to Lender, Lender may also institute and pursue any action or proceeding to judgment or final decree and may enforce any such judgment or final decree against Guarantor and collect in the manner provided by law out of Guarantor's property, wherever situated, the monies adjudged or decreed to be payable.

1.3    **Continuing Guaranty**.  THIS GUARANTY IS A CONTINUING GUARANTY AND SHALL CONTINUE IN FORCE UNTIL ALL OBLIGATIONS HAVE BEEN PAID, PERFORMED AND SATISFIED IN FULL AND LENDER HAS NO FURTHER OBLIGATION OR COMMITMENT TO ADVANCE SUMS OR EXTEND ANY CREDIT FACILITY TO BORROWER.  GUARANTOR EXPRESSLY AGREES THAT BORROWER MAY CREATE OR INCUR OBLIGATIONS AND MAY REPAY AND SUBSEQUENTLY CREATE OR INCUR OBLIGATIONS, ALL WITHOUT NOTICE TO GUARANTOR, AND GUARANTOR SHALL BE BOUND THEREBY.

2.    **Remedies and Rights of Lender**.

2.1    **Notice of Default**.  Neither failure to give, nor defect in, any notice of any Incipient Default or Event of Default given to Guarantor shall extinguish or in any way affect the obligations of Guarantor under this Guaranty or give rise to any claim by Guarantor for breach other than to the extent the periods governing Guarantor's performance, as set forth in **Sections 1.2**, may be affected by the timing of the notice.  Lender has agreed in the Loan Agreement to provide Guarantor with a copy of any notice of Incipient Default or Event of Default sent to Borrower.  The first sentence of this **Section 2.1** shall not waive such notice requirement.  Lender agrees that any cure by Guarantor of any Incipient Default within any applicable cure period provided to Borrower under the Loan Agreement, will be accepted by Lender as if it were a cure by Borrower.

2.2    **Rights As Against Others**.  Neither demand on, nor the pursuit of any remedies against Borrower, or any guarantor, surety or insurer of the Obligations or part thereof (individually, an "**Obligor**" and collectively, the "**Obligors**") or any of the Collateral shall be required as a condition precedent to, and neither the pendency nor the prior termination of any action, suit or proceeding against Borrower or any Obligor (whether for the same or a different remedy) shall bar or prejudice the making of, a demand on Guarantor by Lender and the commencement against Guarantor after such demand of any action, suit or proceeding, at law or in equity, or for the enforcement of any other appropriate legal or equitable remedy.

2.3    **Character of Obligation**.  Guarantor's liability hereunder is absolute, primary, direct and immediate.  Guarantor's obligation to pay the Obligations is a guaranty of payment not of collection.

2.4    **No Impairment of Obligations**.  Guarantor agrees that neither: (a) the exercise or the failure to exercise by Lender of any rights or remedies conferred on it under the Loan Documents; (b) the recovery of a judgment against Borrower or any Obligor; (c) the commencement of an action at law or the recovery of a judgment at law against Borrower or any Obligor and the enforcement thereof through levy, execution or otherwise; (d) the taking or institution of any other action or proceeding against Borrower or any Obligor or any Collateral; nor (e) any delay in taking, pursuing or exercising any of the foregoing actions, rights, powers or

-2-

remedies (even though requested by Guarantor) by Lender or anyone acting for Lender shall extinguish, affect or impair the obligations of Guarantor hereunder.

**2.5    No Defense Or Discharge.**  Guarantor shall be and remain liable for all Obligations until such Obligations shall have been fully paid and/or performed notwithstanding (a) the genuineness, validity or enforceability of the Loan Agreement or any other Loan Documents; (b) any limitation of liability of Borrower contained in any document; (c) the existence of any security or other guaranty given to secure the Obligations; (d) the impossibility or illegality of performance on the part of Borrower of the Obligations; (e) sale or other transfer of all or any portion of the collateral securing the Obligations; (f) any defense that may arise by reason of the incapacity or lack of authority of Borrower, Guarantor or any other Obligor, or the failure of Lender to file or enforce a claim against the estate of Borrower or any other Obligor in any bankruptcy or other proceedings; or (g) any other circumstances, occurrences or conditions, whether similar or dissimilar to any of the foregoing, which might otherwise constitute a legal or equitable defense, discharge or release of a guarantor or surety. Nothing in this Section shall constitute a waiver by Guarantor of any non-waivable rights or protections under the Uniform Commercial Code.

**2.6    Acceleration As To Guarantor.**  If Borrower defaults under the Loan Agreement or any of the other Loan Documents and Lender is prevented from accelerating payment under the Receivables Loan Note or the Loan Agreement, either by operation of any bankruptcy laws or otherwise, Lender shall be entitled to receive from Guarantor, upon demand by Lender, the sums which would have otherwise been due and payable pursuant to this Guaranty had such acceleration occurred.

**2.7    Rights Upon Insolvency and Related Events.**  If Guarantor (a) shall become insolvent or be unable to pay its debts as they mature, (b) shall admit in writing its inability to pay its debts as they mature; (c) shall make a general assignment for the benefit of creditors; (d) shall file or have filed against it a petition under any of the provisions of any Debtor Relief Laws for an adjudication in bankruptcy or for reorganization or to effect a plan or other arrangement with creditors or file an answer to a creditor's petition or other petition filed against it admitted the material allegations thereof; or (e) shall apply for the appointment of a receiver, liquidator or trustee of any substantial portion of its property or assets, or such a receiver, liquidator or trustee shall be appointed without application by Guarantor, then, whether any such event occurs at a time when any of the Obligations are then due and payable or not, the Unpaid Amount shall thereupon become due and payable in full, and Guarantor will pay to Lender forthwith in its entirety the Unpaid Amount and any other sums due and owing to Lender under the Loan Documents as if such Unpaid Amount and other sums were then due and payable.  In addition, in any such event Lender, irrespective of whether any demand shall have been made on Guarantor, Borrower or any Obligor, by intervention in or initiation of judicial proceedings relative to Guarantor, its creditors or its property, may file and prove a claim or claims for such sum or any portion thereof and for any other sums due under the Loan Documents and file such other papers or documents as may be necessary or advisable in order to have such claim allowed in such judicial proceedings and to collect and receive any monies or other property payable or deliverable on any such claim, and to distribute the same; and any receiver, assignee or trustee in bankruptcy or reorganization is hereby authorized to make such payments to Lender.

DOCS_PH 1594842v6

2.8    **Actions by Lender.**  Anything else contained herein to the contrary notwithstanding, Lender, from time to time, whether before or after an Event of Default and without notice to Guarantor, may take all or any of the following actions without in any manner affecting or impairing the liability of Guarantor hereunder, and without waiving any rights which Lender may have, unless expressly waived in writing by Lender:  (a) make Advances under the Loan Documents, (b) obtain a security interest in any property to secure any of the Obligations or any obligation of Guarantor hereunder; (c) retain or obtain the primary or secondary liability of any party or parties, in addition to Guarantor, with respect to any of the Obligations; (d) extend the time for payment of any of the Obligations or the time for performance of any of the Obligations, in either case for any period (whether or not longer than the original term therefor); (e) release or compromise any liability of Guarantor hereunder or any liability of any nature of any other party or parties with respect to the Obligations; (f) resort to Guarantor for payment of any Obligations, whether or not Lender shall proceed against any other party primarily or secondarily liable on any of the Obligations or against any Collateral; (g) substitute, exchange or release all or any part of the Collateral; (h) agree to any amendment, modification, alteration, supplement or restatement of any of the Loan Documents and exercise its rights to consent to any action or non-action of Borrower which may violate the covenants and agreements contained in any of the Loan Documents, with or without consideration, on such terms and conditions as may be acceptable to it; (i) settle, compromise, forbear, release, surrender, modify, or impair; enforce and exercise; or fail or refuse to enforce or exercise, any claims, rights or remedies of any kind or nature against Borrower or against any security held by Lender for the payment of the Obligations or against any other Obligor; or (j) exercise any of its rights under the Loan Documents, at law or in equity.  Nothing in this Section or elsewhere in this Agreement shall constitute a waiver by Guarantor of any non-waivable rights or protections under the Uniform Commercial Code.

2.9    **No Release or Discharge.**  Guarantor shall not be released or discharged, either in whole or in part, by Lender's failure or delay to perfect or continue the perfection of any security interest in any property which secures the Obligations or to protect the property covered by such security interest.  Guarantor waives any rights or defenses which may arise as a result of errors or omissions in connection with the administration of the Receivables Loan by Lender.

2.10    **Reinstatement of Obligations.**  Guarantor agrees that if at any time all or any part of any payment applied by Lender to any of the Obligations is or must be rescinded or returned by Lender for any reason whatsoever (including, without limitation, the insolvency, bankruptcy or reorganization of Borrower) such Obligations, for the purpose of this Guaranty, to the extent that such payment is or must be rescinded or returned, shall be deemed to have continued in existence, notwithstanding such application by Lender, and this Guaranty shall continue to be effective or be reinstated, as the case may be, as to such Obligations, all as though such application by Lender had not been made.

2.11    **Remedies Cumulative.**  The remedies of Lender provided herein or in the Loan Documents shall be cumulative and concurrent, may be pursued singly, successively, or together at the sole discretion of Lender, and may be exercised as often as occasion therefor shall occur.  The failure to exercise any such right or remedy shall in no event be construed as a waiver or release thereof.

-4-

DOCS_PH 1594842v6

3. **Power and Authority of Borrower.** It is not necessary for Lender to inquire into the powers of Borrower or its officers, directors, partners or agents purporting to act on its behalf, and the Obligations are hereby guaranteed notwithstanding the lack of power or authority on the part of Borrower or anyone acting on its behalf to incur the Obligations.

4. **Default.** Guarantor shall also be in default under this Guaranty upon the occurrence of any Event of Default (as defined in the Loan Agreement). Upon the occurrence and during the continuance of any such Event of Default, Lender may, at its option, accelerate the obligations of Guarantor hereunder and take such other actions permitted at law or in equity or under this Guaranty, the Loan Agreement and any other Loan Documents.

5. **Savings Clause.** Anything contained in this Guaranty or any other Loan Document to the contrary notwithstanding, the obligations of Guarantor with respect to the repayment of the outstanding principal balance of the Receivables Loan shall be limited to a maximum aggregate amount equal to the largest amount that would not render its obligations with respect thereto subject to avoidance as a fraudulent transfer or conveyance under Section 548 of Title 11 of the United States Code or any applicable provisions of comparable state, federal, provincial or other applicable law of any jurisdiction (collectively, the "**Fraudulent Transfer Laws**"), if and to the extent such Guarantor (or trustee on its behalf) has properly invoked the protections of the Fraudulent Transfer Laws. In making such determination, all rights of subrogation and contribution of Guarantor with respect to such obligations shall be deemed to be an asset of Guarantor.

6. **Costs and Expenses.** Guarantor shall pay upon demand all losses, costs and expenses incurred by Lender in connection with the interpretation, enforcement, protection and preservation of the Lender's rights or remedies hereunder or in connection with any legal advice related to the rights or responsibilities of Lender (including without limitation court costs, attorney's fees and expenses and the cost of all appeals). Any amount thereof not paid promptly following demand shall be added to the sums payable hereunder and shall bear interest at the Default Rate from the date of such demand until paid in full. Any judgment obtained by Lender for sums due hereunder will accrue interest at such Default Rate until actual payment is made to Lender of the full amount due Lender hereunder. Guarantor's obligations under this Section shall survive termination of this Guaranty and repayment of the Obligations.

7. **Guarantor's Warranties.**

Guarantor represents and warrants to Lender as follows:

7.1    Guarantor has executed this Guaranty after conducting its own independent review and analysis of the financial condition and operations of Borrower, and Guarantor has not relied upon any representation, statement or information of or from Lender;

7.2    Guarantor is fully familiar with all of the covenants, terms and conditions of the Loan Documents;

7.3    Guarantor is not a party to any contract, agreement, indenture or instrument or subject to any charter or other corporate restriction which individually or in the

-5-

aggregate might materially adversely affect its financial condition, business, or operations or which would in any way jeopardize the ability of Guarantor to perform under this Guaranty;

7.4     Guarantor was not induced to give this Guaranty by the fact that there are or may be other Obligors;

7.5     Guarantor has received good and valuable consideration for guaranteeing the Obligations;

7.6     Based upon Guarantor's financial condition, the financial condition of Borrower and the reasonable likelihood that Borrower might default under its Obligations to Lender and Guarantor would be compelled to pay or perform under this Guaranty, Guarantor is not rendered insolvent by the execution of this Guaranty;

7.7     Based upon Guarantor's knowledge and familiarity with the financial condition and business operations of Borrower, Borrower's business and operations and the Project are financially viable and Borrower should be able to pay and perform its obligations as and when due in the ordinary course of business; and

7.8     Thomas Hantges ("Hantges") and Joseph Milanowski ("Milanowski"), respectively, own 48.5% and 38% of the Guarantor. Hantges and Milanowski respectively own 57% and 38% of USA Investment Partners, LLC ("USAIP"), the Borrower's managing member. USAIP is the managing member of Borrower and owns 69% of the interests in Borrower. Guarantor has also extended financing to USAIP. As a result of the common ownership of Borrower and Guarantor, the financing extended by Guarantor to USAIP, and other business activities between Guarantor, Borrower and their affiliates, Guarantor will derive a benefit from the Lender's extension of credit to the Borrower. Guarantor acknowledges and agrees that Lender would not extend the credit facility under the Loan Agreement without the guaranty of the Guarantor and that Lender is relying upon this Guaranty in extending such credit facility.

8.     Waivers.

8.1     General.  Guarantor hereby waives: (a) except as otherwise required under the Loan Agreement, notice of any default by Borrower under the Loan Documents; (b) notice of advances to Borrower pursuant to the Loan Documents; (c) notice of any payment to Lender on account of any obligation which Lender may hold as security for the payment of the Obligations and any defaults thereunder; (d) any rights Guarantor may have by reason of any forbearance, modification, waiver, renewal or extension which Lender may grant to Borrower or any other guarantor of the Obligations or any other Person or to which Lender and Borrower may agree; (e) except as otherwise required under the Loan Agreement, notice of acceptance, presentment, demand, demand for payment, notice, notice of dishonor or non-payment, demand for payment or protest of any kind; (f) any right to require or participate in a marshaling of Borrower's assets; (g) any defense or circumstance which might constitute a legal or equitable discharge of Guarantor (except payment in full); (h) all rights of setoff and counterclaims against Borrower which may adversely affect Lender's rights hereunder; (i) any disability of Borrower or defense available to Borrower, including absence or cessation of

Borrower's liability for any reason whatsoever; (j) any and all right to terminate Guarantor's obligations hereunder by delivery of written notice to Lender or otherwise; (k) all benefits under any present or future laws exempting any property, real or personal, or any part of any proceeds thereof, from attachment, levy or sale under execution, or providing for any stay of execution to be issued on any judgment recovered under any of the Loan Documents or in any replevin or foreclosure proceedings, or otherwise providing for any valuation, appraisal or exemption; (l) all rights to inquisition on any real estate, which real estate may be levied upon pursuant to a judgment obtained under any of the Loan Documents and sold upon any writ of execution issued thereon in whole or in part, in any order desired by Lender; (m) any requirement for bonds, security or sureties required by statute, court rule or otherwise; and (n) all defenses, offsets, or counterclaims of every kind and description which Guarantor or Borrower may at any time have to or with respect to the Obligations, except for partial or full payment.

8.2    <u>Duty to Disclose; Financial Conditions; Change in Ownership</u>. Guarantor hereby waives any duty on the part of Lender (should any such duty exist) to disclose to Guarantor any matter, fact or thing related to the business, operations or condition (financial or otherwise) of the Project, Borrower or its affiliates or subsidiaries or their properties, whether now known or hereafter known by Lender during the life of this Guaranty. The execution and delivery of this Guaranty is based solely on the independent investigation of Guarantor and in no part upon any representation or statement of Lender with respect thereto. Guarantor warrants that it is fully aware of the financial condition of Borrower, has adequate means to obtain such information from Borrower on a continuing basis, and is not relying on Lender to provide such information either now or in the future, but assumes full responsibility to obtain such information.

8.3    <u>Imperfections</u>.    Guarantor hereby waives any and all errors, defects and imperfections in any action by Lender in replevin, foreclosure or other court process or in connection with any other action related to any of the Loan Documents or the transactions contemplated therein.

8.4    <u>Jury Trial</u>. GUARANTOR AND LENDER HEREBY WAIVE ANY RIGHT TO TRIAL BY JURY ON ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (a) ARISING HEREUNDER OR UNDER ANY OF THE DOCUMENTS COLLATERAL HERETO, OR (b) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF GUARANTOR OR LENDER WITH RESPECT HERETO OR TO ANY OF THE DOCUMENTS COLLATERAL HERETO, OR THE TRANSACTIONS RELATED HERETO OR THERETO, IN EACH CASE WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE. GUARANTOR AND LENDER AGREE AND CONSENT THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT ANY PARTY TO THIS GUARANTY MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF GUARANTOR AND LENDER TO THE WAIVER OF THEIR RIGHT TO TRIAL BY JURY. GUARANTOR ACKNOWLEDGES THAT GUARANTOR HAS HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL REGARDING THIS SECTION, THAT GUARANTOR FULLY

-7-

UNDERSTANDS ITS TERMS, CONTENT AND EFFECT AND THAT GUARANTOR VOLUNTARILY AND KNOWINGLY AGREES TO THE TERMS OF THIS SECTION.

       8.5    <u>Limitation on Damages</u>. Guarantor and Lender agree that in any action, suit or proceeding, in respect of or arising out of this Guaranty, the Loan Documents or the transactions contemplated hereunder, whether sounding in contract or tort, each waives to the fullest extent permitted by law, any claim they may have against the other for consequential, punitive or special damages.

       8.6    <u>Additional Waivers</u>. Guarantor freely, irrevocably and unconditionally acknowledges and agrees that the rights and defenses waived by Guarantor in this Guaranty includes any right or defense that Guarantor may have or be entitled to assert based upon or arising out of any one or more of Sections 40.430 through 40.495 of the Nevada Revised Statutes, as the same may hereafter be amended. Notwithstanding the foregoing, Guarantor shall not be deemed to have waived any statutory right of Guarantor which may not be waived by law.

       9.    <u>Subrogation and Subordination</u>. Guarantor hereby waives any and all rights Guarantor may have at any time until full and final payment of all Obligations and the termination of any obligation of Lender to make advances under the Loan Agreement (whether such rights are arising directly or indirectly, by operation of law or contract) to assert any claim against Borrower or any other Guarantor on account of payments made or obligations performed under this Guaranty, including, without limitation, any and all rights of subrogation, reimbursement, exoneration, contribution or indemnity. Lender may use, sell or dispose of any item of collateral or security for the Obligations as it sees fit without regard to any subrogation rights Guarantor may have, and upon any such disposition or sale of such collateral or security any rights or subrogation that Guarantor may have with respect to such collateral or security shall terminate.

       Any and all rights that Guarantor may have against Borrower or against any collateral or security for any of the Obligations, and any and all rights of subrogation, reimbursement, exoneration, contribution, indemnity and/or substitution that Guarantor may have against Borrower or any other Obligor, shall be junior and subordinate to all Obligations, to any rights that Lender may have against Borrower, to all right, title and interest that Lender may have in any such collateral or security for the Obligations, and to any right Lender may have against such other Obligor.

       Until the Obligations shall have been indefeasibly paid and performed in full, Guarantor shall not take, or permit to be taken, any action to exercise (a) any right of subrogation arising in respect of the Obligations, (b) any right of contribution arising in respect of the Obligations that Guarantor may have against any other Obligor, (c) any right to enforce any remedy which Lender now has or may hereafter have against Borrower, or (d) any benefit of, and any right to participate in, any security now or hereafter held by Lender. If any amount shall be paid to Guarantor on account of such subrogation or contribution rights at any time when all Obligations shall not have been paid and performed in full, such amount shall be held in trust for Lender and shall forthwith be paid over to Lender to be credited and applied against the Obligations, whether matured or unmatured, in accordance with the terms of the Loan

Documents. Nothing in this Section shall restrict Borrower from making or Guarantor from receiving any payments permitted under the Loan Documents.

10.    <u>Miscellaneous</u>.

10.1    <u>Recourse</u>. Each Person who signs this Guaranty hereby expressly agrees that recourse may be made against all property owned by such person, regardless of the manner in which it is titled or held, for all obligations under this Guaranty.

10.2    <u>Notices</u>. Notices, requests, demands or instructions to be given hereunder to any party shall be given as set forth in the Loan Agreement.

10.3    <u>Binding Effect; Assignment</u>. This Guaranty shall bind and inure to the benefit of the parties hereto and their respective, successors and assigns; <u>provided</u> however, that Guarantor shall not assign its rights or obligations under this Guaranty without the Lender's prior written consent.

10.4    <u>No Waiver</u>. No delay or omission to exercise any right, power or remedy accruing to Lender upon any breach or default of Guarantor under this Guaranty or by Borrower under the Loan Documents shall impair any such right, power or remedy of Lender, nor shall it be construed to be a waiver of any such breach or default thereafter occurring, nor shall any waiver of any single breach or default theretofore occurring be deemed a waiver of any other breach or default. Any waiver, permit, consent or approval of any kind under this Guaranty, or any waiver on the part of Lender of any provision or condition of this Guaranty must be in writing and shall be effective only to the extent specifically set forth in such writing.

10.5    <u>Remedies Cumulative</u>. All remedies either under this Guaranty, by law, or otherwise afforded to Lender, shall be cumulative and not alternative.

10.6    <u>No Other Agreements</u>. All understandings and agreements heretofore had between the parties respecting the transactions contemplated by this Guaranty are merged in this Guaranty and the Loan Documents and there are no other agreements, written or oral, and no customs or usages applicable to any provision of this Guaranty.

10.7    <u>Amendments</u>. No change in or addition to, or waiver of, any provision of this Guaranty shall be valid unless in writing and signed on behalf of the party against whom such change, addition or waiver is sought to be enforced.

10.8    <u>Survival of Covenants, Agreements, Representations and Warranties</u>. All warranties, representations and covenants made by Guarantor herein or in any certificate or other instrument delivered by it or on its behalf under this Guaranty: (a) shall be considered to have been relied upon by Lender and shall survive execution of this Guaranty, termination of this Loan Agreement, regardless of any investigation made by Lender or on its behalf, (b) are material and being relied upon by Lender, and (c) are true in all respects as of the date hereof and shall be true, with the exception of the representations set forth in <u>Section 7.8</u> hereof, in all respects at all times hereafter until all Obligations have been fully and finally repaid and Lender has no further obligation to make advances under the Loan Agreement.

DOCS_PH 1594842v6

**10.9** <u>Governing Law</u>.  THIS GUARANTY AND ALL TRANSACTIONS CONTEMPLATED HEREUNDER, AND ALL THE RIGHTS OF THE PARTIES SHALL BE GOVERNED AS TO THE VALIDITY, INTERPRETATION, CONSTRUCTION, ENFORCEMENT AND IN ALL OTHER RESPECTS BY THE LAW OF THE STATE OF CONNECTICUT, THE PRIMARY PLACE OF BUSINESS OF LENDER, WITHOUT REGARD TO ITS RULES AND PRINCIPLES REGARDING CONFLICTS OF LAWS OR ANY RULE OR CANON OF CONSTRUCTION WHICH INTERPRETS AGREEMENTS AGAINST THE DRAFTSMAN.

**10.10** <u>Limitation of Liability</u>.  Lender shall only be liable for any act or omission on its part constituting gross negligence, willful misconduct or material and willful violation of any applicable law.  In the event Guarantor brings suit against Lender in connection with the transactions contemplated hereunder and Lender is found not to be liable, Guarantor will indemnify and hold Lender harmless from all costs and expenses, including attorney's fees, incurred by Lender in connection with such suit.  Guarantor's obligations under this Section shall survive termination of this Guaranty and repayment of the Obligations.

**10.11** <u>Submission to Jurisdiction</u>.  Guarantor hereby consents to the non-exclusive jurisdiction of any state or federal court located within the State of Connecticut and irrevocably agrees that, subject to the Lender's election, all actions or proceedings relating to the Guaranty or the transactions contemplated hereunder shall be litigated in such courts. Guarantor waives any objection which it may have based on lack of personal jurisdiction, improper venue or forum non conveniens to the conduct of any proceeding in any such court. Nothing contained in this Guaranty shall affect the right of Lender to serve legal process in any other manner permitted by law or affect the right of Lender to bring any action or proceeding against Guarantor or its property in the courts of any other jurisdiction.

**10.12** <u>Service of Process</u>.  GUARANTOR HEREBY WAIVES PERSONAL SERVICE OF ANY SUMMONS AND COMPLAINT IN CONNECTION WITH ANY PROCEEDINGS ARISING OUT OF THIS GUARANTY, OR OTHER PROCESS OR PAPERS ISSUED THEREIN, AND AGREES THAT SERVICE OF SUCH SUMMONS AND COMPLAINT OR OTHER PROCESS OR PAPERS MAY BE MADE BY REGISTERED OR CERTIFIED MAIL ADDRESSED TO GUARANTOR, AT THE ADDRESS TO WHICH NOTICES ARE TO BE SENT PURSUANT TO <u>SECTION 10.2</u>. GUARANTOR WAIVES ANY CLAIM THAT CONNECTICUT IS AN INCONVENIENT FORUM OR AN IMPROPER FORUM BASED ON LACK OF VENUE.  SHOULD GUARANTOR, AFTER BEING SO SERVED, FAIL TO APPEAR OR ANSWER TO ANY SUMMONS, COMPLAINT, PROCESS OR PAPERS SO SERVED WITHIN THE NUMBER OF DAYS PRESCRIBED BY LAW AFTER THE MAILING THEREOF, GUARANTOR SHALL BE DEEMED IN DEFAULT AND AN ORDER AND/OR JUDGMENT MAY BE ENTERED BY LENDER AGAINST GUARANTOR AS DEMANDED OR PRAYED FOR IN SUCH SUMMONS, COMPLAINT, PROCESS OR PAPERS.

**10.13** <u>Headings; References to "Sections"</u>. Section headings have been inserted in this Guaranty as a matter of convenience of reference only, and are not a part of this

DOCS_PH 1594842v6

Guaranty and shall not be used in the interpretation of this Guaranty.  References herein to a "Section" without further attribution shall be deemed to refer to sections of or to this Guaranty.

**10.14  Severability.**  If any one or more of the provisions of this Guaranty are held to be invalid, illegal or unenforceable in any respect for any reason, the validity, legality and enforceability of any such provision or provisions in every other respect and of the remaining provisions of this Guaranty shall not be in any way impaired.

**10.15  Sale; Participations; Delegations of Duties.**  Guarantor acknowledges and agrees that Lender shall have the right, without notice to or consent of Guarantor, to sell participation interests in the Receivables Loan or the Receivables Loan as a whole to other Persons and that Lender may delegate to other Persons performance of certain obligations of Lender.  In connection therewith, Lender may make available to any prospective purchaser, assignee or participant any information in its possession regarding Guarantor.  In the event that Lender participates or sells its interest in the Receivables Loan to any other Person, Lender shall have no further responsibilities or liabilities in connection with the sold or participated portion of the Receivables Loan, including without limitation the obligations to fund Advances related to such sold portion or participant's portion after the date of such sale.  All of such responsibilities and liabilities after the date of such sale shall be those of the participant or the purchaser of Lender's interest.

**10.16  Indemnification.**  Guarantor agrees to indemnify Lender and all participants, their successors, assigns, shareholders, officers, directors, employees and agents (each an "Indemnified Party") against any damage, loss or expense (including attorneys' fees and court costs) awarded against or paid, incurred or suffered by any Indemnified Party as a result of proceedings, actions, claims, counterclaims, fines or penalties arising out of or resulting from (a) any act or omission of Borrower, Guarantor or any of their respective employees, contractors or agents, (b) any violation of or noncompliance by Borrower or Guarantor with any Legal Requirement, (c) the breach by Borrower or Guarantor of any covenant, warranty, term or provision of this Guaranty or any Loan Document, or (d) any misrepresentation by Borrower or Guarantor in respect of any aspect of the transactions contemplated by this Guaranty or the Loan Documents.

In the event Borrower or Guarantor shall fail to pay taxes, insurance, assessments, costs or expenses which any of them are required to pay hereunder or under the Loan Documents, or fail to keep the Collateral free from security interests or lien or fail to maintain or repair the Project as required pursuant to the Loan Documents, or otherwise breaches any obligation hereunder or under the Loan Documents, Lender in its discretion, may make expenditures for such purposes and the amount so expended (including attorney's fees and expenses, filing fees and other charges) shall be payable by Guarantor on demand.  With respect to any amount required to be paid by Guarantor under this section, in the event Guarantor fails to pay such amount on demand, Guarantor shall also pay to Lender interest thereon at the Default Rate.

Guarantor agrees to indemnify and hold harmless, each Indemnified Party, from and against any and all claims, liabilities, losses, damages, costs and expenses (whether or not such person is a party to any litigation), including attorney's fees and costs and costs of

-11-

investigation, document production, attendance at depositions or other discovery with respect to or arising out of this Guaranty, any of the Loan Documents, the use of any proceeds advanced hereunder, the transactions contemplated hereunder, or any claim, demand, action or cause of action being asserted against Borrower or Guarantor.

Guarantor's obligations under this Section shall survive termination of this Guaranty and repayment of the Obligations.

**10.17  Limitation on Waivers, Releases and Indemnities**. Notwithstanding anything herein or elsewhere to the contrary, Guarantor shall not be deemed to have waived, released or agreed to indemnify Lender under this Guaranty for Lender's gross negligence, willful misconduct or, material and willful violation of applicable law.

**10.18  Counterparts; Facsimile Signatures**.  This Guaranty may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed to be an original without the production of any other counterpart.  Any signature on any Loan Document or any document collateral thereto, delivered by Borrower or Guarantor by facsimile transmission shall be deemed to be an original signature thereto.

**10.19  Time of the Essence**.  Time is of the essence in the performance by Guarantor of all its obligations hereunder.

**10.20  Commercial Transaction**.  GUARANTOR ACKNOWLEDGES THAT THIS IS A "COMMERCIAL TRANSACTION" AS SUCH IS DEFINED IN CHAPTER 903a OF THE CONNECTICUT GENERAL STATUTES, AS AMENDED. GUARANTOR FURTHER ACKNOWLEDGES THAT, PURSUANT TO SUCH SECTION, IT HAS A RIGHT TO NOTICE OF AND HEARING PRIOR TO THE ISSUANCE OF ANY "PREJUDGMENT REMEDY".  NOTWITHSTANDING THE FOREGOING, GUARANTOR HEREBY WAIVES ALL RIGHTS TO SUCH NOTICE, JUDICIAL HEARING OR PRIOR COURT ORDER IN CONNECTION WITH ANY SUIT ON THIS GUARANTY, ANY OF THE LOAN DOCUMENTS OR ANY EXTENSIONS OR RENEWALS OF THE SAME.

DOCS_PH 1594842v6

**IN WITNESS WHEREOF**, the parties hereto have executed this Guaranty effective as of the date first herein above written, and acknowledge receipt of a copy hereof.

GUARANTOR:                          LENDER:

USA COMMERCIAL MORTGAGE             LIBERTY BANK
COMPANY

By: _____        By: _____
    Joseph D. Milanowski, President     Jason M. Gordon, Vice President

DOCS_PH 1594842v6

STATE OF NEVADA       : <br>
            :   SS. <br>
COUNTY OF   CleK      :

    On this, the ⅃⅂ day of November, 2004, before me, a notary public, personally appeared Joseph D. Milanowski, who acknowledged himself to be the President of USA Commercial Mortgage Company, and that he as such officer, being authorized to do so, executed the foregoing instrument on behalf of the company for the purposes therein contained by signing his name on behalf of the company as such officer.

    **IN WITNESS WHEREOF,** I hereunto set my hand and official seal.

            Notary Public <br>
            My Commission Expires:

> AMANDA STEVENS <br>
> Notary Public, State of Nevada <br>
> Appointment No. 02729371 <br>
> My Appt. Expires Jan. 16, 2006

DOCS_PH 1594842v6

<u>GUARANTY AGREEMENT</u>

THIS GUARANTY AGREEMENT ("Guaranty") is made effective as of November 15, 2004, by and between USA INVESTMENT PARTNERS, LLC, a Nevada limited liability company (the "Guarantor") and LIBERTY BANK, a Connecticut nonstock mutual savings bank ("Lender").

## BACKGROUND

A.    Lender is entering into a Receivables Loan Agreement with HMA Sales, LLC, a Nevada limited liability company ("Borrower") to be dated as of the date hereof.  Such Receivables Loan Agreement as it may be amended, modified, restated or supplemented is referred to as the "Loan Agreement".

B.    Pursuant to the Loan Agreement, Lender will extend a certain credit facility to Borrower.

C.    Capitalized terms not otherwise defined in this Guaranty will have the meanings set forth in the Loan Agreement.

D.    Lender is willing to enter into the Loan Agreement and extend the receivables loan to Borrower, only if Guarantor agrees to guarantee the full, prompt, complete and faithful payment and performance of all Obligations of Borrower and to execute and deliver this Guaranty.

NOW, THEREFORE, in order to induce Lender to enter into the Loan Agreement and to make advances under the Loan Agreement, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, Guarantor hereby unconditionally covenants and agrees with Lender as follows:

1.    <u>Guaranty</u>.

1.1    <u>General</u>.  Guarantor absolutely and unconditionally, jointly and severally as between itself and with any other Obligors (as defined in <u>Section 2.2</u>), guarantees the full, prompt, complete and faithful performance, payment, observance and fulfillment by Borrower of all the Obligations, including, but not limited to, the payment of all principal of, premium (if any) on, and interest on the Receivables Loan and all prepayment fees, other fees, costs, expenses and indemnities of Borrower owing to Lender under the Loan Documents.

1.2    <u>Payment Obligations</u>.  Guarantor covenants and agrees absolutely and unconditionally that, upon the receipt of written notice from or on behalf of Lender to the effect that there exists an Event of Default, Guarantor will pay in its entirety the entire unpaid principal balance with accrued and unpaid interest due under the Receivables Loan and any other payment Obligations (collectively, the "Unpaid Amount") in lawful money of the United States to Lender.  If Guarantor should fail to pay the Unpaid Amount or any other payment Obligations of Borrower owed to Lender following receipt of Lender's written request for payment of such sums, then such sums shall thereafter bear interest at the highest default rate set forth in the Loan Agreement for the Receivables Loan (the "Default Rate").  If Guarantor shall fail to pay the

Unpaid Amount or any other payment Obligations of Borrower owed to Lender, Lender may also institute and pursue any action or proceeding to judgment or final decree and may enforce any such judgment or final decree against Guarantor and collect in the manner provided by law out of Guarantor's property, wherever situated, the monies adjudged or decreed to be payable.

      1.3    <u>Continuing Guaranty</u>. THIS GUARANTY IS A CONTINUING GUARANTY AND SHALL CONTINUE IN FORCE UNTIL ALL OBLIGATIONS HAVE BEEN PAID, PERFORMED AND SATISFIED IN FULL AND LENDER HAS NO FURTHER OBLIGATION OR COMMITMENT TO ADVANCE SUMS OR EXTEND ANY CREDIT FACILITY TO BORROWER. GUARANTOR EXPRESSLY AGREES THAT BORROWER MAY CREATE OR INCUR OBLIGATIONS AND MAY REPAY AND SUBSEQUENTLY CREATE OR INCUR OBLIGATIONS, ALL WITHOUT NOTICE TO GUARANTOR, AND GUARANTOR SHALL BE BOUND THEREBY.

      2.    <u>Remedies and Rights of Lender</u>.

      2.1    <u>Notice of Default</u>. Neither failure to give, nor defect in, any notice of any Incipient Default or Event of Default given to Guarantor shall extinguish or in any way affect the obligations of Guarantor under this Guaranty or give rise to any claim by Guarantor for breach other than to the extent the periods governing Guarantor's performance, as set forth in <u>Sections 1.2</u>, may be affected by the timing of the notice. Lender has agreed in the Loan Agreement to provide Guarantor with a copy of any notice of Incipient Default or Event of Default sent to Borrower. The first sentence of this <u>Section 2.1</u> shall not waive such notice requirement. Lender agrees that any cure by Guarantor of any Incipient Default within any applicable cure period provided to Borrower under the Loan Agreement, will be accepted by Lender as if it were a cure by Borrower.

      2.2    <u>Rights As Against Others</u>. Neither demand on, nor the pursuit of any remedies against Borrower, or any guarantor, surety or insurer of the Obligations or part thereof (individually, an **"Obligor"** and collectively, the **"Obligors"**) or any of the Collateral shall be required as a condition precedent to, and neither the pendency nor the prior termination of any action, suit or proceeding against Borrower or any Obligor (whether for the same or a different remedy) shall bar or prejudice the making of, a demand on Guarantor by Lender and the commencement against Guarantor after such demand of any action, suit or proceeding, at law or in equity, or for the enforcement of any other appropriate legal or equitable remedy.

      2.3    <u>Character of Obligation</u>. Guarantor's liability hereunder is absolute, primary, direct and immediate. Guarantor's obligation to pay the Obligations is a guaranty of payment not of collection.

      2.4    <u>No Impairment of Obligations</u>. Guarantor agrees that neither: (a) the exercise or the failure to exercise by Lender of any rights or remedies conferred on it under the Loan Documents; (b) the recovery of a judgment against Borrower or any Obligor; (c) the commencement of an action at law or the recovery of a judgment at law against Borrower or any Obligor and the enforcement thereof through levy, execution or otherwise; (d) the taking or institution of any other action or proceeding against Borrower or any Obligor or any Collateral; nor (e) any delay in taking, pursuing or exercising any of the foregoing actions, rights, powers or

remedies (even though requested by Guarantor) by Lender or anyone acting for Lender shall extinguish, affect or impair the obligations of Guarantor hereunder.

2.5    No Defense Or Discharge.  Guarantor shall be and remain liable for all Obligations until such Obligations shall have been fully paid and/or performed notwithstanding (a) the genuineness, validity or enforceability of the Loan Agreement or any other Loan Documents; (b) any limitation of liability of Borrower contained in any document; (c) the existence of any security or other guaranty given to secure the Obligations; (d) the impossibility or illegality of performance on the part of Borrower of the Obligations; (e) sale or other transfer of all or any portion of the collateral securing the Obligations; (f) any defense that may arise by reason of the incapacity or lack of authority of Borrower, Guarantor or any other Obligor, or the failure of Lender to file or enforce a claim against the estate of Borrower or any other Obligor in any bankruptcy or other proceedings; or (g) any other circumstances, occurrences or conditions, whether similar or dissimilar to any of the foregoing, which might otherwise constitute a legal or equitable defense, discharge or release of a guarantor or surety. Nothing in this Section shall constitute a waiver by Guarantor of any non-waivable rights or protections under the Uniform Commercial Code.

2.6    Acceleration As To Guarantor.  If Borrower defaults under the Loan Agreement or any of the other Loan Documents and Lender is prevented from accelerating payment under the Receivables Loan Note or the Loan Agreement, either by operation of any bankruptcy laws or otherwise, Lender shall be entitled to receive from Guarantor, upon demand by Lender, the sums which would have otherwise been due and payable pursuant to this Guaranty had such acceleration occurred.

2.7    Rights Upon Insolvency and Related Events.  If Guarantor (a) shall become insolvent or be unable to pay its debts as they mature, (b) shall admit in writing its inability to pay its debts as they mature; (c) shall make a general assignment for the benefit of creditors; (d) shall file or have filed against it a petition under any of the provisions of any Debtor Relief Laws for an adjudication in bankruptcy or for reorganization or to effect a plan or other arrangement with creditors or file an answer to a creditor's petition or other petition filed against it admitted the material allegations thereof; or (e) shall apply for the appointment of a receiver, liquidator or trustee of any substantial portion of its property or assets, or such a receiver, liquidator or trustee shall be appointed without application by Guarantor, then, whether any such event occurs at a time when any of the Obligations are then due and payable or not, the Unpaid Amount shall thereupon become due and payable in full, and Guarantor will pay to Lender forthwith in its entirety the Unpaid Amount and any other sums due and owing to Lender under the Loan Documents as if such Unpaid Amount and other sums were then due and payable.  In addition, in any such event Lender, irrespective of whether any demand shall have been made on Guarantor, Borrower or any Obligor, by intervention in or initiation of judicial proceedings relative to Guarantor, its creditors or its property, may file and prove a claim or claims for such sum or any portion thereof and for any other sums due under the Loan Documents and file such other papers or documents as may be necessary or advisable in order to have such claim allowed in such judicial proceedings and to collect and receive any monies or other property payable or deliverable on any such claim, and to distribute the same; and any receiver, assignee or trustee in bankruptcy or reorganization is hereby authorized to make such payments to Lender.

-3-

DOCS_PH 1594854v7

**2.8**  __Actions by Lender__.  Anything else contained herein to the contrary notwithstanding, Lender, from time to time, whether before or after an Event of Default and without notice to Guarantor, may take all or any of the following actions without in any manner affecting or impairing the liability of Guarantor hereunder, and without waiving any rights which Lender may have, unless expressly waived in writing by Lender:  (a) make Advances under the Loan Documents, (b) obtain a security interest in any property to secure any of the Obligations or any obligation of Guarantor hereunder; (c) retain or obtain the primary or secondary liability of any party or parties, in addition to Guarantor, with respect to any of the Obligations; (d) extend the time for payment of any of the Obligations or the time for performance of any of the Obligations, in either case for any period (whether or not longer than the original term therefor); (e) release or compromise any liability of Guarantor hereunder or any liability of any nature of any other party or parties with respect to the Obligations; (f) resort to Guarantor for payment of any Obligations, whether or not Lender shall proceed against any other party primarily or secondarily liable on any of the Obligations or against any Collateral; (g) substitute, exchange or release all or any part of the Collateral; (h) agree to any amendment, modification, alteration, supplement or restatement of any of the Loan Documents and exercise its rights to consent to any action or non-action of Borrower which may violate the covenants and agreements contained in any of the Loan Documents, with or without consideration, on such terms and conditions as may be acceptable to it; (i) settle, compromise, forbear, release, surrender, modify, or impair; enforce and exercise; or fail or refuse to enforce or exercise, any claims, rights or remedies of any kind or nature against Borrower or against any security held by Lender for the payment of the Obligations or against any other Obligor; or (j) exercise any of its rights under the Loan Documents, at law or in equity.  Nothing in this Section or elsewhere in this Agreement shall constitute a waiver by Guarantor of any non-waivable rights or protections under the Uniform Commercial Code.

**2.9**  __No Release or Discharge__.  Guarantor shall not be released or discharged, either in whole or in part, by Lender's failure or delay to perfect or continue the perfection of any security interest in any property which secures the Obligations or to protect the property covered by such security interest.  Guarantor waives any rights or defenses which may arise as a result of errors or omissions in connection with the administration of the Receivables Loan by Lender.

**2.10**  __Reinstatement of Obligations__.  Guarantor agrees that if at any time all or any part of any payment applied by Lender to any of the Obligations is or must be rescinded or returned by Lender for any reason whatsoever (including, without limitation, the insolvency, bankruptcy or reorganization of Borrower) such Obligations, for the purpose of this Guaranty, to the extent that such payment is or must be rescinded or returned, shall be deemed to have continued in existence, notwithstanding such application by Lender, and this Guaranty shall continue to be effective or be reinstated, as the case may be, as to such Obligations, all as though such application by Lender had not been made.

**2.11**  __Remedies Cumulative__.  The remedies of Lender provided herein or in the Loan Documents shall be cumulative and concurrent, may be pursued singly, successively, or together at the sole discretion of Lender, and may be exercised as often as occasion therefor shall occur.  The failure to exercise any such right or remedy shall in no event be construed as a waiver or release thereof.

-4-

3.    **Power and Authority of Borrower**.  It is not necessary for Lender to inquire into the powers of Borrower or its officers, directors, partners or agents purporting to act on its behalf, and the Obligations are hereby guaranteed notwithstanding the lack of power or authority on the part of Borrower or anyone acting on its behalf to incur the Obligations.

4.    **Default**.  Guarantor shall also be in default under this Guaranty upon the occurrence of any Event of Default (as defined in the Loan Agreement).  Upon the occurrence and during the continuance of any such Event of Default, Lender may, at its option, accelerate the obligations of Guarantor hereunder and take such other actions permitted at law or in equity or under this Guaranty, the Loan Agreement and any other Loan Documents.

5.    **Costs and Expenses**.  Guarantor shall pay upon demand all losses, costs and expenses incurred by Lender in connection with the interpretation, enforcement, protection and preservation of the Lender's rights or remedies hereunder or in connection with any legal advice related to the rights or responsibilities of Lender (including without limitation court costs, attorney's fees and expenses and the cost of all appeals).  Any amount thereof not paid promptly following demand shall be added to the sums payable hereunder and shall bear interest at the Default Rate from the date of such demand until paid in full.  Any judgment obtained by Lender for sums due hereunder will accrue interest at such Default Rate until actual payment is made to Lender of the full amount due Lender hereunder.  Guarantor's obligations under this Section shall survive termination of this Guaranty and repayment of the Obligations.

6.    **Guarantor's Warranties**.

Guarantor represents and warrants to Lender as follows:

6.1    Guarantor has executed this Guaranty after conducting its own independent review and analysis of the financial condition and operations of Borrower, and Guarantor has not relied upon any representation, statement or information of or from Lender;

6.2    Guarantor is fully familiar with all of the covenants, terms and conditions of the Loan Documents;

6.3    Guarantor is not a party to any contract, agreement, indenture or instrument or subject to any charter or other corporate restriction which individually or in the aggregate might materially adversely affect its financial condition, business, or operations or which would in any way jeopardize the ability of Guarantor to perform under this Guaranty;

6.4    Guarantor was not induced to give this Guaranty by the fact that there are or may be other Obligors;

6.5    Guarantor has received good and valuable consideration for guaranteeing the Obligations;

6.6    Based upon Guarantor's financial condition, the financial condition of Borrower and the reasonable likelihood that Borrower might default under its Obligations to Lender and Guarantor would be compelled to pay or perform under this Guaranty, Guarantor is not rendered insolvent by the execution of this Guaranty;

6.7    Based upon Guarantor's knowledge and familiarity with the financial condition and business operations of Borrower, Borrower's business and operations and the Project are financially viable and Borrower should be able to pay and perform its obligations as and when due in the ordinary course of business; and

6.8    Guarantor holds a 69% ownership interest in the Borrower, is providing financing to the Borrower, and accordingly, derives a benefit from the Lender's extension of credit to the Borrower.

7.    Waivers.

7.1    General.    Guarantor hereby waives:   (a) except as otherwise required under the Loan Agreement, notice of any default by Borrower under the Loan Documents; (b) notice of advances to Borrower pursuant to the Loan Documents; (c) notice of any payment to Lender on account of any obligation which Lender may hold as security for the payment of the Obligations and any defaults thereunder; (d) any rights Guarantor may have by reason of any forbearance, modification, waiver, renewal or extension which Lender may grant to Borrower or any other guarantor of the Obligations or any other Person or to which Lender and Borrower may agree; (e) except as otherwise expressly provided in the Loan Agreement or this Guaranty, notice of acceptance, presentment, demand, demand for payment, notice, notice of dishonor or non-payment, demand for payment or protest of any kind; (f) any right to require or participate in a marshaling of Borrower's assets; (g) any defense or circumstance which might constitute a legal or equitable discharge of Guarantor (except payment in full); (h) all rights of setoff and counterclaims against Borrower which may adversely affect Lender's rights hereunder; (i) any disability of Borrower or defense available to Borrower, including absence or cessation of Borrower's liability for any reason whatsoever; (j) any and all right to terminate Guarantor's obligations hereunder by delivery of written notice to Lender or otherwise; (k) all benefits under any present or future laws exempting any property, real or personal, or any part of any proceeds thereof, from attachment, levy or sale under execution, or providing for any stay of execution to be issued on any judgment recovered under any of the Loan Documents or in any replevin or foreclosure proceedings, or otherwise providing for any valuation, appraisal or exemption; (l) all rights to inquisition on any real estate, which real estate may be levied upon pursuant to a judgment obtained under any of the Loan Documents and sold upon any writ of execution issued thereon in whole or in part, in any order desired by Lender;  (m) any requirement for bonds, security or sureties required by statute, court rule or otherwise; and (n) all defenses, offsets, or counterclaims of every kind and description which Guarantor or Borrower may at any time have to or with respect to the Obligations, except for partial or full payment.

7.2    Duty to Disclose; Financial Conditions; Change in Ownership. Guarantor hereby waives any duty on the part of Lender (should any such duty exist) to disclose to Guarantor any matter, fact or thing related to the business, operations or condition (financial or otherwise) of the Project, Borrower or its affiliates or subsidiaries or their properties, whether now known or hereafter known by Lender during the life of this Guaranty.  The execution and delivery of this Guaranty is based solely on the independent investigation of Guarantor and in no part upon any representation or statement of Lender with respect thereto.  Guarantor warrants that it is fully aware of the financial condition of Borrower, has adequate means to obtain such information from Borrower on a continuing basis, and is not relying on Lender to provide such

information either now or in the future, but assumes full responsibility to obtain such information.

7.3    **Imperfections**.  Guarantor hereby waives any and all errors, defects and imperfections in any action by Lender in replevin, foreclosure or other court process or in connection with any other action related to any of the Loan Documents or the transactions contemplated therein.

7.4    **Jury Trial**. GUARANTOR AND LENDER HEREBY WAIVE ANY RIGHT TO TRIAL BY JURY ON ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (a) ARISING HEREUNDER OR UNDER ANY OF THE DOCUMENTS COLLATERAL HERETO, OR (b) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF GUARANTOR OR LENDER WITH RESPECT HERETO OR TO ANY OF THE DOCUMENTS COLLATERAL HERETO, OR THE TRANSACTIONS RELATED HERETO OR THERETO, IN EACH CASE WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE. GUARANTOR AND LENDER AGREE AND CONSENT THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT ANY PARTY TO THIS GUARANTY MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF GUARANTOR AND LENDER TO THE WAIVER OF THEIR RIGHT TO TRIAL BY JURY. GUARANTOR ACKNOWLEDGES THAT GUARANTOR HAS HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL REGARDING THIS SECTION, THAT GUARANTOR FULLY UNDERSTANDS ITS TERMS, CONTENT AND EFFECT AND THAT GUARANTOR VOLUNTARILY AND KNOWINGLY AGREES TO THE TERMS OF THIS SECTION.

7.5    **Limitation on Damages**.  Guarantor and Lender agree that in any action, suit or proceeding, in respect of or arising out of this Guaranty, the Loan Documents or the transactions contemplated hereunder, whether sounding in contract or tort, each waives to the fullest extent permitted by law, any claim they may have against the other for consequential, punitive or special damages.

7.6    **Other.**    Guarantor freely, irrevocably and unconditionally acknowledges and agrees that the rights and defenses waived by Guarantor in this Guaranty includes any right or defense that Guarantor may have or be entitled to assert based upon or arising out of any one or more of Sections 40.430 through 40.495 of the Nevada Revised Statutes, as the same may hereafter be amended.  Notwithstanding the foregoing, Guarantor shall not be deemed to have waived any statutory right of Guarantor which may not be waived by law.

8.    **Subrogation and Subordination**.  Guarantor hereby waives any and all rights Guarantor may have at any time until full and final payment of all Obligations and the termination of any obligations of Lender to make Advances under the Loan Agreement (whether such rights are arising directly or indirectly, by operation of law or contract) to assert any claim against Borrower or any other Guarantor on account of payments made or obligations performed under this Guaranty, including, without limitation, any and all rights of subrogation, reimbursement, exoneration, contribution or indemnity.  Lender may use, sell or dispose of any

-7-

item of collateral or security for the Obligations as it sees fit without regard to any subrogation rights Guarantor may have, and upon any such disposition or sale of such collateral or security any rights or subrogation that Guarantor may have with respect to such collateral or security shall terminate.

Any and all rights that Guarantor may have against Borrower or against any collateral or security for any of the Obligations, and any and all rights of subrogation, reimbursement, exoneration, contribution, indemnity and/or substitution that Guarantor may have against Borrower or any other Obligor, shall be junior and subordinate to all Obligations, to any rights that Lender may have against Borrower, to all right, title and interest that Lender may have in any such collateral or security for the Obligations, and to any right Lender may have against such other Obligor.

Until the Obligations shall have been indefeasibly paid and performed in full, Guarantor shall not take, or permit to be taken, any action to exercise (a) any right of subrogation arising in respect of the Obligations, (b) any right of contribution arising in respect of the Obligations that Guarantor may have against any other Obligor, (c) any right to enforce any remedy which Lender now has or may hereafter have against Borrower, or (d) any benefit of, and any right to participate in, any security now or hereafter held by Lender. If any amount shall be paid to Guarantor on account of such subrogation or contribution rights at any time when all Obligations shall not have been paid and performed in full, such amount shall be held in trust for Lender and shall forthwith be paid over to Lender to be credited and applied against the Obligations, whether matured or unmatured, in accordance with the terms of the Loan Documents. Nothing in this Section shall restrict Borrower from making or Guarantor from receiving any payments permitted under the Loan Documents.

9.    **Miscellaneous.**

9.1    **Recourse.** Each Person who signs this Guaranty hereby expressly agrees that recourse may be made against all property owned by such person, regardless of the manner in which it is titled or held, for all obligations under this Guaranty.

9.2    **Notices.** Notices, requests, demands or instructions to be given hereunder to any party shall be given as set forth in the Loan Agreement.

9.3    **Binding Effect; Assignment.** This Guaranty shall bind and inure to the benefit of the parties hereto and their respective, successors and assigns; provided however, that Guarantor shall not assign its rights or obligations under this Guaranty without the Lender's prior written consent.

9.4    **No Waiver.** No delay or omission to exercise any right, power or remedy accruing to Lender upon any breach or default of Guarantor under this Guaranty or by Borrower under the Loan Documents shall impair any such right, power or remedy of Lender, nor shall it be construed to be a waiver of any such breach or default thereafter occurring, nor shall any waiver of any single breach or default theretofore occurring be deemed a waiver of any other breach or default. Any waiver, permit, consent or approval of any kind under this

-8-

Guaranty, or any waiver on the part of Lender of any provision or condition of this Guaranty must be in writing and shall be effective only to the extent specifically set forth in such writing.

9.5    **Remedies Cumulative.** All remedies either under this Guaranty, by law, or otherwise afforded to Lender, shall be cumulative and not alternative.

9.6    **No Other Agreements.** All understandings and agreements heretofore had between the parties respecting the transactions contemplated by this Guaranty are merged in this Guaranty and the Loan Documents and there are no other agreements, written or oral, and no customs or usages applicable to any provision of this Guaranty.

9.7    **Amendments.** No change in or addition to, or waiver of, any provision of this Guaranty shall be valid unless in writing and signed on behalf of the party against whom such change, addition or waiver is sought to be enforced.

9.8    **Survival of Covenants, Agreements, Representations and Warranties.** All warranties, representations and covenants made by Guarantor herein or in any certificate or other instrument delivered by it or on its behalf under this Guaranty: (a) shall be considered to have been relied upon by Lender and shall survive execution of this Guaranty and termination of the Loan Agreement, regardless of any investigation made by Lender or on its behalf, (b) are material and being relied upon by Lender, and (c) are true in all respects as of the date hereof and, with the exception of the representation set forth in **Section 6.8** hereof, shall be true in all respects at all times hereafter until all Obligations have been fully and finally repaid and Lender has no further obligation to make Advances under the Loan Agreement.

9.9    **Governing Law** THIS GUARANTY AND ALL TRANSACTIONS CONTEMPLATED HEREUNDER, AND ALL THE RIGHTS OF THE PARTIES SHALL BE GOVERNED AS TO THE VALIDITY, INTERPRETATION, CONSTRUCTION, ENFORCEMENT AND IN ALL OTHER RESPECTS BY THE LAW OF THE STATE OF CONNECTICUT, THE PRIMARY PLACE OF BUSINESS OF LENDER, WITHOUT REGARD TO ITS RULES AND PRINCIPLES REGARDING CONFLICTS OF LAWS OR ANY RULE OR CANON OF CONSTRUCTION WHICH INTERPRETS AGREEMENTS AGAINST THE DRAFTSMAN.

9.10    **Limitation of Liability.** Lender shall only be liable for any act or omission on its part constituting gross negligence, willful misconduct, or material and wilful violation of any applicable law. In the event Guarantor brings suit against Lender in connection with the transactions contemplated hereunder and Lender is found not to be liable, Guarantor will indemnify and hold Lender harmless from all costs and expenses, including attorney's fees, incurred by Lender in connection with such suit. Guarantor's obligations under this Section shall survive termination of this Guaranty and repayment of the Obligations.

9.11    **Submission to Jurisdiction.** Guarantor hereby consents to the non-exclusive jurisdiction of any state or federal court located within the State of Connecticut and irrevocably agrees that, subject to the Lender's election, all actions or proceedings relating to the Guaranty or the transactions contemplated hereunder shall be litigated in such courts. Guarantor waives any objection which it may have based on lack of personal jurisdiction,

-9-

improper venue or forum non conveniens to the conduct of any proceeding in any such court. Nothing contained in this Guaranty shall affect the right of Lender to serve legal process in any other manner permitted by law or affect the right of Lender to bring any action or proceeding against Guarantor or its property in the courts of any other jurisdiction.

9.12   **Service of Process.**   GUARANTOR HEREBY WAIVES PERSONAL SERVICE OF ANY SUMMONS AND COMPLAINT IN CONNECTION WITH ANY PROCEEDINGS ARISING OUT OF THIS GUARANTY, OR OTHER PROCESS OR PAPERS ISSUED THEREIN, AND AGREES THAT SERVICE OF SUCH SUMMONS AND COMPLAINT OR OTHER PROCESS OR PAPERS MAY BE MADE BY REGISTERED OR CERTIFIED MAIL ADDRESSED TO GUARANTOR, AT THE ADDRESS TO WHICH NOTICES ARE TO BE SENT PURSUANT TO **SECTION 9.2.** GUARANTOR WAIVES ANY CLAIM THAT CONNECTICUT IS AN INCONVENIENT FORUM OR AN IMPROPER FORUM BASED ON LACK OF VENUE.   SHOULD GUARANTOR, AFTER BEING SO SERVED, FAIL TO APPEAR OR ANSWER TO ANY SUMMONS, COMPLAINT, PROCESS OR PAPERS SO SERVED WITHIN THE NUMBER OF DAYS PRESCRIBED BY LAW AFTER THE MAILING THEREOF, GUARANTOR SHALL BE DEEMED IN DEFAULT AND AN ORDER AND/OR JUDGMENT MAY BE ENTERED BY LENDER AGAINST GUARANTOR AS DEMANDED OR PRAYED FOR IN SUCH SUMMONS, COMPLAINT, PROCESS OR PAPERS.

9.13   **Headings; References to "Sections".**   Section headings have been inserted in this Guaranty as a matter of convenience of reference only, and are not a part of this Guaranty and shall not be used in the interpretation of this Guaranty.   References herein to a "Section" without further attribution shall be deemed to refer to sections of or to this Guaranty.

9.14   **Severability.**   If any one or more of the provisions of this Guaranty are held to be invalid, illegal or unenforceable in any respect for any reason, the validity, legality and enforceability of any such provision or provisions in every other respect and of the remaining provisions of this Guaranty shall not be in any way impaired.

9.15   **Sale; Participations; Delegations of Duties.**   Guarantor acknowledges and agrees that Lender shall have the right, without notice to or consent of Guarantor, to sell participation interests in the Receivables Loan or the Receivables Loan as a whole to other Persons and that Lender may delegate to other Persons performance of certain obligations of Lender.   In connection therewith, Lender may make available to any prospective purchaser, assignee or participant any information in its possession regarding Guarantor.   In the event that Lender participates or sells its interest in the Receivables Loan to any other Person, Lender shall have no further responsibilities or liabilities in connection with the sold or participated portion of the Receivables Loan, including without limitation the obligations to fund Advances related to such sold portion or participant's portion after the date of such sale.   All of such responsibilities and liabilities after the date of such sale shall be those of the participant or the purchaser of Lender's interest.

9.16   **Indemnification.**   Guarantor agrees to indemnify Lender and all participants, their successors, assigns, shareholders, officers, directors, employees and agents

-10-

(each an "Indemnified Party") against any damage, loss or expense (including attorneys' fees and court costs) awarded against or paid, incurred or suffered by any Indemnified Party as a result of proceedings, actions, claims, counterclaims, fines or penalties arising out of or resulting from (a) any act or omission of Borrower, Guarantor or any of their respective employees, contractors or agents, (b) any violation of or noncompliance by Borrower or Guarantor with any Legal Requirement, (c) the breach by Borrower or Guarantor of any covenant, warranty, term or provision of this Guaranty or any Loan Document, or (d) any misrepresentation by Borrower or Guarantor in respect of any aspect of the transactions contemplated by this Guaranty or the Loan Documents.

In the event Borrower or Guarantor shall fail to pay taxes, insurance, assessments, costs or expenses which any of them are required to pay hereunder or under the Loan Documents, or fail to keep the Collateral free from security interests or lien or fail to maintain or repair the Project as required pursuant to the Loan Documents, or otherwise breaches any obligation hereunder or under the Loan Documents, Lender in its discretion, may make expenditures for such purposes and the amount so expended (including attorney's fees and expenses, filing fees and other charges) shall be payable by Guarantor on demand. With respect to any amount required to be paid by Guarantor under this section, in the event Guarantor fails to pay such amount on demand, Guarantor shall also pay to Lender interest thereon at the Default Rate.

Guarantor agrees to indemnify and hold harmless, each Indemnified Party, from and against any and all claims, liabilities, losses, damages, costs and expenses (whether or not such person is a party to any litigation), including attorney's fees and costs and costs of investigation, document production, attendance at depositions or other discovery with respect to or arising out of this Guaranty, any of the Loan Documents, the use of any proceeds advanced hereunder, the transactions contemplated hereunder, or any claim, demand, action or cause of action being asserted against Borrower or Guarantor.

Guarantor's obligations under this Section shall survive termination of this Guaranty and repayment of the Obligations.

**9.17**    **Limitation on Waivers, Releases and Indemnities.** Notwithstanding anything herein or elsewhere to the contrary, Guarantor shall not be deemed to have waived, released or agreed to indemnify Lender under this Guaranty for Lender's gross negligence, willful misconduct or, material and willful violation of applicable law.

**9.18**    **Counterparts; Facsimile Signatures.**    This Guaranty may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed to be an original without the production of any other counterpart. Any signature on any Loan Document or any document collateral thereto, delivered by Borrower or Guarantor by facsimile transmission shall be deemed to be an original signature thereto.

**9.19**    **Time of the Essence.**    Time is of the essence in the performance by Guarantor of all its obligations hereunder.

DOCS_PH 1594854v7

9.20   <u>Commercial Transaction</u>.  GUARANTOR ACKNOWLEDGES THAT THIS IS A "COMMERCIAL TRANSACTION" AS SUCH IS DEFINED IN CHAPTER 903a OF THE CONNECTICUT GENERAL STATUTES, AS AMENDED. GUARANTOR FURTHER ACKNOWLEDGES THAT, PURSUANT TO SUCH SECTION, IT HAS A RIGHT TO NOTICE OF AND HEARING PRIOR TO THE ISSUANCE OF ANY "PREJUDGMENT REMEDY".   NOTWITHSTANDING THE FOREGOING, GUARANTOR HEREBY WAIVES ALL RIGHTS TO SUCH NOTICE, JUDICIAL HEARING OR PRIOR COURT ORDER IN CONNECTION WITH ANY SUIT ON THIS GUARANTY, ANY OF THE LOAN DOCUMENTS OR ANY EXTENSIONS OR RENEWALS OF THE SAME.

DOCS_PH 1594854v7

**IN WITNESS WHEREOF**, the parties hereto have executed this Guaranty effective as of the date first herein above written, and acknowledge receipt of a copy hereof.

GUARANTOR:                                    LENDER:

USA INVESTMENT PARTNERS, LLC                  LIBERTY BANK

By: _____                By: _____
    Joseph D. Milanowski, its Manager             Jason M. Gordon, Vice President

DOCS_PH 1594854v7

STATE OF _Nevada_

COUNTY OF _Clark_

: 
: SS.
:

On this, the 13 day of November, 2004, before me, a notary public, personally appeared Joseph D. Milanowski who acknowledged himself to be the manager of USA Investment Partners, LLC, and that he as such officer, being authorized to do so, executed the foregoing instrument on behalf of the company for the purposes therein contained by signing his name on behalf of the company as such officer.

**IN WITNESS WHEREOF**, I hereunto set my hand and official seal.

_Amanda Stevens_
Notary Public
My Commission Expires: 1-16-06

AMANDA STEVENS
Notary Public, State of Nevada
Appointment No. 02729371
My Appl. Expires Jan. 16, 2006

DOCS_PH 1594854v7

-14-