Russell S. Walker, Utah Bar No. 3363
Elizabeth R. Loveridge, Utah Bar No. 6025
Reid W. Lambert, Utah Bar No. 5744
WOODBURY & KELSER, P.C.
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT 84111
Telephone: (801) 364-1100
Facsimile: (801) 359-2320
Email: rwalker@wklawpc.com

and

Joseph J. Huggins
Nevada Bar No. 4456
HUGGINS & ASSOCIATES
1000 N. Green Valley Parkway, Suite 440-2
Henderson Nevada 89014
Telephone: (702) 373-8664
Facsimile: (815) 572-5723
Email: joehuggins@sbcglobal.net

**UNITED STATES BANKRUPCTY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No.: BK-S-06-10725 LBR<br>Case No.: BK-S-06-10726 LBR<br>Case No.: BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No.: BK-S-06-10728 LBR<br>Case No.: BK-S-06-10729 LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | **Jointly Administered Under**<br>**Case No. BK-S-06-10725 LBR** |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENAS AND STRIKE 2004 EXAMINATION ORDERS OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER REGARDING USA INVESTMENT PARTNERS, LLC, HMA SALES,LLC, USA INVESTORS VI, LLC AND JOSEPH D. MILANOWSKI** |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | |

USA Investment Partners, LLC ("USAIP") and Joseph Milanowski submit the following Memorandum in Support of their Motion to Quash Subpoenas and Strike 2004 Examination Orders or in the Alternative for Protective Order for USA Investment Partners, LLC, USA Investors VI, LLC and HMA Sales, LLC (together referred to herein as "the USAIP Parties") and Joseph Milanowski.

## I. INTRODUCTION

USAIP and Milanowski contend the Court should quash the subpoenas, strike the Orders for Rule 2004 Examinations or enter a protective order for two reasons: (1) the subpoenas gave five (5) business days or less notice on the subpoenas which is unreasonably short and inadequate time to obtain the documents for the examination and violate Local Rule 2004(b) and Local Rule 2004(c) and Bankruptcy Rule 9016; and (2) it is unreasonable to require USAIP, Milanowski and the USAIP Parties to provide documents and give testimony when the vast majority of the subpoenaed records of the parties upon which USACM seeks discovery are not within USAIP and Milanowski's physical custody or control but are held at the offices of USACM and are the subject of a Motion filed by IP and Milanowski for a protective order which is currently scheduled for hearing on January 3, 2007 before this Court. To require these entities to give testimony without complete access to records and prior to a review of the documents for privilege, would deny the entities their due process rights including the right to protect and preserve their privileges.

## II. FACTUAL BACKGROUND

1. USA Commercial Mortgage Corporation ("USACM") petitioned the Court and obtained Orders for 2004 Examinations and issued Subpoenas on December 1, 2006 which they served on the parties and their counsel on December 4, 2006 for the following parties for the following times:

    a. USA Investors VI, LLC to produce documents on December 11, 2006 for a 2004 Examination on December 13, 2006 at 9:00 a.m.

    b. HMA Sales, LLC to produce documents on December 11, 2006 for a 2004 Examination on December 13, 2006 at 1:30 p.m.

    c. USA Investment Partners, LLC to produce documents on December 11, 2006 for a 2004 Examination on December 14, 2006 at 9:00 a.m.

2.   USACM obtained a 2004 Order on December 8, 2006 and served the 2004 Order on December 11, 2006 for a 2004 examination of Joseph Milanowski for December 15, 2006. (Declaration of Russell S. Walker, para. 2.)

3.   USAIP is the managing member of HMA Sales, LLC, and USA Investors VI. (Declaration of Russell S. Walker, para. 3.)

4.   The Subpoenas required the USAIP entities to produce documents on or before Monday, December 11, 2006. The vast majority of the records responsive to the Subpoenas are not in the custody or control of USACM and are the subject of a Motion for Protective Order filed by Mr. Milanowski and USAIP which is currently scheduled for hearing before this Court on January 3, 2006. (Declaration of Russell S. Walker para. 4)

5. After December 11, 2006, USAIP and Milanowski's counsel and USACM's counsel, Elaine Monson, reached an agreement that the USAIP Parties would have an additional week until Monday, December 18, 2006 within which to produce the documents. The USAIP entities also agreed with USACM that it would make witnesses available beginning Wednesday, December 20, 2006, if necessary. The parties agreed that if USACM were satisfied with the documents produced on December 18, 2006, USACM would continue the examinations until the week of January 10, 2007. (Declaration of Russell S. Walker, para. 5)

6.   Counsel agreed Mr. Milanowski needed additional time beyond Monday, December 18, 2006 within which to produce his documents pursuant to his 2004 Order. Late in the day on December 12, 2006, the parties were unable to agree upon a time when Mr. Milanowski would appear for his 2004 Examination and as result Ms. Monson said there was no agreement regarding the referenced Subpoenas and 2004 Examinations. (Declaration of Russell S. Walker, para. 6)

### III.  LEGAL ARGUMENT

Local Rule 2004(b) of the Bankruptcy Court for the District of Nevada provides regarding 2004 examinations as follows:  "<u>Order for Examination</u>  The clerk may sign orders for examination if the dates set for examination is more than 10 business days from the date the motion is filed. If examination is requested on less than 10 business days' notice, the motion must state whether the examination date has been agreed on, or if there is no agreement, why examination on less than 10

-3-

business days' notice is requested." It appears from the record in this case, counsel for the debtor did not comply with Nev. Bankr. L.R. 2004(b) because there was no legitimate basis for examination on less than 10 days notice. Therefore the Court should issue a protective order that the USAIP Parties and Milanowski should not be required to provide the records or testimony as set forth in the Orders because USACM did not provide a reasonable length of time within which to comply with the Order examinations.

Further, the USAIP parties and Milanowski were unable to access the vast majority of the requested documents because USACM currently has physical possession and custody of these documents and these documents will not be available at least until the week of January 3, 2007. There would be a great prejudice to the USAIP parties and Milanowski if the Court requires them to appear at a 2004 Examination prior to access to review relevant documents and to review the documents for privilege.

Similarly, Rule 9016 of Bankruptcy Rules requires subpoenas to be issued in accordance with Fed. R. Cir. P. 45 which provides "….the court order shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance…; or (iv) subjects a person to undue burden." Counsel for the debtor did not allow adequate time for the production of documents and has subjected the subpoenaed parties to an undue burden. The Court should therefore quash the Subpoenas.

The parties were negotiating for an alternative time to provide the records after December 11, 2006. When the parties failed to come to an agreement by December 12, 2006, debtors waived the right to require compliance by December 11, 2006. The USAIP Parties compliance with the Subpoenas by Monday, December 18, 2006 is an approximate compromise to provide the information they have requested.

The 2004 Order served on Milanowski allowing him four (4) business days to comply is unreasonable because it does not allow reasonable time for compliance and subjects Milanowski to an undue burden.

USAIP, Milanowski and the other entities have agreed to produce the documents they have in their possession on December 18, 2006 by 5:00 p.m. and schedule the 2004 examination the week of January 10, 2007.

WHEREFORE, for these reasons, USAIP and Milanowski request the Court strike the 2004 Orders and quash the subpoenas and enter a protective order establishing a reasonable time within which to respond to the subpoenas and to prepare for and give the examinations.

DATED this 14th day of December, 2006.

**WOODBURY & KELSER, P.C.**

_/s/ Russell S. Walker_
Russell S. Walker, Utah Bar No. 3363
Elizabeth R. Loveridge, Utah Bar No. 6025
Reid W. Lambert, Utah Bar No. 5744
WOODBURY & KELSER, P.C.
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT 84111

and

Joseph J. Huggins
Nevada Bar No. 4456
HUGGINS & ASSOCIATES
1000 N. Green Valley Parkway, Suite 440-2
Henderson Nevada 89014