Richard F. Holley, Esq. (NV Bar No. 3077)
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:    702/791-1912
Email:    vnelson@nevadafirm.com

*Attorneys for Del and Ernestine Bunch*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **Jointly Administered under**<br>**Case No. BK-S-06-10725-LBR** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **MOTION FOR ORDER TEMPORARILY ALLOWING THE CLAIM OF DEL AND ERNESTINE BUNCH FOR VOTING PURPOSES** |

Affects:
- ☐ All Debtors
- ☒ USA Commercial Mortgage Company
- ☐ USA Securities, LLC
- ☐ USA Capital Realty Advisors, LLC
- ☐ USA Capital Diversified Trust Deed Fund, LLC
- ☐ USA First Trust Deed Fund, LLC

Date of Hearing:    OST Pending
Time of Hearing:    OST Pending

Judge:    Hon. Linda B. Riegle

Del and Ernestine Bunch ("Bunch") through their counsel, the law firm of Santoro, Driggs, Walch, Kearney, Johnson & Thompson, moves this Court pursuant to Fed. R. Bankr. P. 3018(a) to allow the Bunch claim for voting purposes.    In support of this motion, Bunch respectfully represents the following:

1.    Prior to USA Commercial Mortgage Company ("USACM") filing bankruptcy, Del and Ernestine Bunch loaned over $10,000,000 to USACM.    Del Bunch is 79 years of age

and is homebound requiring the use of an oxygen tank for health assistance. Ernestine Bunch is 77 years of age.

2. On November 8, 2006, Bunch timely filed a proof of claim (the "Bunch Claim").[1] Attached hereto and marked as Exhibit "1" is a copy of the Bunch Proof of Claim. As is evidenced at the bottom of the Proof of Claim, the claim was filed on November 8, 2006. This fact is further supported by the Claims Register which is attached hereto and marked as Exhibit "2". According to the Remarks section of the Claims Register, the "[o]riginal proof of claim [was] received at BMC n 11/8/2006."

3. The Bunch Claim was filed as an unsecured nonpriority claim.

4. Bunch is scheduled under the Debtor's Third Amended Joint Chapter 11 Plan of Reorganization as a Class A-4 General Unsecured Claim Against USACM.

5. With a claim of $11,358,662.28, Bunch is the largest unsecured creditor in Class A-4.

6. On December 4, 2006, Bunch submitted a ballot rejecting the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan"). Attached hereto and marked as Exhibit "3" is a copy of the ballot and the facsimile transmittal report confirming transmission of ballot to USACM.

7. On December 11, 2006, USACM filed its Objection to Proof of Claim No. 1099 Filed by Del and Ernestine Bunch (the "Bunch Objection") seeking to disallow the Bunch Claim in its entirety. [Dkt. No. 2023]. Attached and marked as Exhibit "4" is a copy of the Bunch Objection. Hearing on the Bunch Objection is scheduled to be heard on January 17, 2007.

8. USACM waited until the following day, December 12, 2006, to place the Bunch Objection into the mail to Bunch. See Certificate of Service [Dkt. No. 2062] which is attached hereto and marked as Exhibit "5".

. . .

---

[1] USA Commercial Mortgage Company ("USACM") in its Objection to Proof of Claim No. 1099 Filed by Del and Ernestine Bunch [Dkt. No, 2023, pg. 3, l. 8] incorrectly informs the Court that Bunch filed their Claim on November 17, 2006.

Santoro, Driggs, Walch, Kearney, Johnson & Thompson
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 – fax (702) 791-1912

[06531-01/132621]

9.     Section 502 is the primary Bankruptcy Code provision dealing with the allowance of claims, and it provides that a claim for which a proof of claim has been filed is deemed to be an allowed claim "unless a party in interest … objects." 11 U.S.C. § 502(a).

10.     A creditor who files a proof of claim in a chapter 11 case can therefore be disenfranchised if a party in interest files an objection to the claim. See Stone Hedge Properties v. Phoenix Capital Corp. (In re Stone Hedge Properties), 191 B.R. 59, 63 (Bankr. M.D. Pa. 1995) ("[a] creditor whose claim is objected to is therefore disenfranchised from voting on the plan").

11.     A class of impaired claims is deemed to have accepted a chapter 11 plan if the holders of more than one-half in number and at least two-thirds in dollar amount of the voting claims in the class vote to accept the plan.  11 U.S.C. § 1126(c).

12.     Absent some remedy, a debtor could otherwise block the vote of a dissenting creditor who is likely to vote to reject a proposed plan by simply filing an objection to the claim.

13.     If the creditor's claim is large enough compared to the total amount of claims in a particular class, the debtor could thereby swing the vote in that class through such plan voting mischief.

14.     Rule 3018(a) permits an otherwise non-allowed claim to be temporarily allowed for purposes of voting on a chapter 11 plan by stating "[n]otwithstanding objection to a claim or interest, the court, after notice and hearing, may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."

15.     The holder of a claim subject to an unresolved objection is still permitted to vote to accept or reject a chapter 11 plan by way of a temporary allowance in an amount that the court, after notice and hearing, "deems proper."  Varella v. Dynamic Brokers, Inc. (In re Dynamic Brokers, Inc.), 293 B.R. 489, 496 (9th Cir. BAP 2003) citing Fed. R. Bankr. P. 3018(a); Bell Rd. Inv. Co. v. M. Long Arabians (In re M. Long Arabians), 103 B.R. 211, 215 (9th Cir. BAP 1989); Swift v. Bellucci (In re Bellucci), 119 B.R. 763, 778 (Bankr.E.D. Cal. 1990); 9 Collier at ¶ 3018.01[5].

. . .

. . .

[06531-01/132621]

16.    The attempt by USACM to manipulate the voting pool by disenfranchising the Bunch Claim with a claim objection days before the confirmation hearing is shameful and this Court should not tolerate such activity.

17.    Accordingly, Bunch respectfully requests that this Court to all allow the Bunch claim for voting purposes.

DATED this 15th day of December, 2006.

**SANTORO, DRIGGS, WALCH,**
**KEARNEY, JOHNSON & THOMPSON**


Richard F. Holley, Esq. (NV Bar No. 3077)
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:702/791-0308
Facsimile: 702/791-1912
*Attorneys for Del and Ernestine Bunch*

- 4 -

[06531-01/132621]

Santoro, Driggs, Walch, Kearney, Johnson & Thompson
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 – fax (702) 791-1912

# EXHIBIT "1"

COPY

## PROOF OF CLAIM

YOUR CLAIM IS SCHEDULED AS:

| | |
|---|---|
| Name of Debtor:<br>**USA Commercial Mortgage Company** | Case Number:<br>**06-10725-LBR** |

Schedule/Claim ID    s387
Amount/Classification
$10,500,000.00 Unsecured

NOTE: See Reverse for List of Debtors and Case Numbers.
This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor and Address:**                          11321240009643

DEL AND ERNESTINE BUNCH
1909 RED ROBIN CT
LAS VEGAS, NV 89134-6157

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court or BMC Group in this case.

☐ Check box if this address differs from the address on the envelope sent to you by the court.

The amounts reflected above constitute your claim as scheduled by the Debtor or pursuant to a filed claim. If you agree with the amounts set forth herein, and have no other claim against the Debtor, you do not need to file this proof of claim EXCEPT as stated below.

If the amounts shown above are listed as Contingent, Unliquidated or Disputed, a proof of claim must be filed.

If you have already filed a proof of claim with the Bankruptcy Court or BMC, you do not need to file again.

Creditor Telephone Number (702) 240-4400

Last four digits of account or other number by which creditor identifies debtor:
R-007

Check here ☐ replaces
if this claim ☐ or ☐ amends    a previously filed claim dated:_____

THIS SPACE IS FOR COURT USE ONLY

**1. BASIS FOR CLAIM**
- ☐ Goods sold
- ☐ Services performed
- ☒ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other (describe briefly)
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #:_____
  Unpaid compensation for services performed from:_____ to _____
  (date)    (date)
- ☐ Unremitted principal
- ☐ Other claims against service (not for loan balances)

**2. DATE DEBT WAS INCURRED:** VARIOUS    **3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

UNSECURED NONPRIORITY CLAIM $ 11,358,662.28
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

UNSECURED PRIORITY CLAIM
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority    $

Specify the priority of the claim:
- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
- ☐ Wages, salaries, or commissions (up to $10,000*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

SECURED CLAIM
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of collateral:
- ☐ Real Estate ☐ Motor Vehicle ☐ Other

Value of Collateral:    $

Amount of arrearage and other charges at time case filed included in secured claim, if any:    $

- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) (____).
  *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:** $ 11,358,662.28    $_____    $_____    $ 11,358,662.28
(unsecured)    (secured)    (priority)    (Total)

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. SUPPORTING DOCUMENTS:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. DATE-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

The original of this completed proof of claim form must be sent by mail or hand delivered (FAXES NOT ACCEPTED) so that it is actually received on or before 5:00 pm, prevailing Pacific time, on November 13, 2006 for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units).

BY MAIL TO:
BMC Group
Attn: USACM Claims Docketing Center
P.O. Box 911
El Segundo, CA 90245-0911

BY HAND OR OVERNIGHT DELIVERY TO:
BMC Group
Attn: USACM Claims Docketing Center
1330 East Franklin Avenue
El Segundo, CA 90245

THIS SPACE FOR COURT USE ONLY

USA CMC

DATE: 11-07-06

SIGN and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
_Del Bunch_

➤ FILED NOV 0 8 2006

Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 AND 3571

**Ernestine & Del Bunch dba Loan Parters Capital**

R-007 interest & additional charges for USACM bankruptcy
All charges pre-petition

| REASON | DATE INCURRED | AMOUNT |
|---|---|---|
| Loan late fee | 2/5/2006 | 525,000.00 |
| Feb 06 interest unpaid | 3/1/2006 | 8,050.00 |
| March 06 interest unpaid | 4/1/2006 | 228,016.37 |
| April 06 interest unpaid (to petition date) | 5/1/2006 | 97,595.91 |
| | | 858,662.28 |

#R-007
USA CM

# USA COMMERCIAL MORTGAGE

$10,500,000.00 @ 24% for 1 year

Due 02/5/06

| NOTES | DATE FROM | DATE TO | PRINCIPAL BALANCE | # OF DAYS | DAILY RATE | INTEREST DUE | PAYMENT RECEIVED | Debit/Credit PRINCIPAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| 5%ext fee | 02/01/05 | 02/05/05 | 10,000,000.00 | 6 | 5555.5556 | 33,333.33 | | 500,000.00 |
| | 02/06/05 | 02/28/05 | 10,500,000.00 | 22 | 7000.0000 | 154,000.00 | | |
| | | | | | | 187,333.33 | 187,333.33 | |
| | 03/01/05 | 03/31/05 | 10,500,000.00 | 31 | 7000.0000 | 217,000.00 | 217,000.00 | |
| | 04/01/05 | 04/30/05 | 10,500,000.00 | 30 | 7000.0000 | 210,000.00 | 210,000.00 | |
| | 05/01/05 | 05/31/05 | 10,500,000.00 | 31 | 7000.0000 | 217,000.00 | 217,000.00 | |
| | 06/01/05 | 06/30/05 | 10,500,000.00 | 30 | 7000.0000 | 210,000.00 | 210,000.00 | |
| | 07/01/05 | 07/31/05 | 10,500,000.00 | 31 | 7000.0000 | 217,000.00 | 217,000.00 | |
| | 08/01/05 | 08/31/05 | 10,500,000.00 | 31 | 7000.0000 | 217,000.00 | 217,000.00 | |
| | 09/01/05 | 09/30/05 | 10,500,000.00 | 30 | 7000.0000 | 210,000.00 | 210,000.00 | |
| | 10/01/05 | 10/31/05 | 10,500,000.00 | 31 | 7000.0000 | 217,000.00 | 217,000.00 | |
| | 11/01/05 | 11/30/05 | 10,500,000.00 | 30 | 7000.0000 | 210,000.00 | 210,000.00 | |
| | 12/01/05 | 12/31/05 | 10,500,000.00 | 31 | 7000.0000 | 217,000.00 | 217,000.00 | |
| | 01/01/06 | 01/31/06 | 10,500,000.00 | 31 | 7000.0000 | 217,000.00 | 217,000.00 | |
| due 2/5/06 | 02/01/06 | 02/05/06 | 10,500,000.00 | 5 | 7000.0000 | 35,000.00 | 196,000.00 | |
| 5% late fee | 02/05/06 | | | | | | | 525,000.00 |
| | 02/06/06 | 02/28/06 | 11,025,000.00 | 23 | 7350.0000 | 169,050.00 | | |
| | | | | | | 204,050.00 | 196,000.00 | 8,050.00 |
| | 03/01/06 | 03/31/06 | 11,033,050.00 | 31 | 7355.3667 | 228,016.37 | | 228,016.37 |
| | 04/01/06 | 04/13/06 | 11,261,066.37 | 13 | 7507.3776 | 97,595.91 | | 97,595.91 |
| | | | 11,358,662.28 | | 7572.4415 | 0.00 | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

# PROMISSORY NOTE

$10,000,000.00

Las Vegas, Nevada
June 26, 2000

This Promissory Note ("Note"), dated as of June 26, 2000, is made and delivered by USA Commercial Mortgage Company, a Nevada corporation ("Borrower"), in favor of Del and Ernestine Bunch ("Lender").

FOR VALUE RECEIVED, Borrower promises to pay to Lender, or order, the principal sum of up to Ten Million Dollars ($10,000,000.00) (the "Note Amount"), together with interest as provided herein. This Note evidences advances made pursuant hereto and evidenced by Exhibit "A" hereto as to the date and amount of each advance, shall bear interest at the rate set forth below from the date of advance, and shall be due in full on the Maturity Date (as defined below). Borrower is under no obligation to accept any further advances from Lender.

1.    <u>Interest Rate</u>.   Interest shall accrue on the outstanding portion of the Note Amount, from the date Lender initially disburses such funds until the date the Note Amount is paid in full, at the rate of twenty percent (20%) per annum. Interest shall be calculated on the basis of a 360-day year and actual days elapsed.

2.    <u>Payments</u>. Interest accrued on the Note Amount as of the last day of each month shall be due and payable on the tenth day of the next following month. All payments shall be made in lawful money of the United States of America and in immediately available funds at Lender's office, the address for which is specified below, or at such other place as the Lender hereof may from time to time direct by written notice to Borrower.

3.    <u>Maturity Date</u>.   If not sooner paid, the outstanding principal balance under this Note, all accrued and unpaid interest, and all other indebtedness of Borrower owing under any and all of the Loan Documents shall be due and payable in full on or before the date that is one year after the last advance is made hereunder. (the "Maturity Date").

4.    <u>Application of Payments</u>.   All payments on this Note shall, at the option of the Lender hereof, be applied first to the payment of accrued interest then payable.

5.    <u>Prepayment</u>. At any time prior to the Maturity Date, Borrower may prepay this Note in full or in part, provided, however, that Borrower shall pay a minimum of six months interest on each advance made hereunder, regardless of whether, with respect to any advance, such advance has not yet been outstanding for six months at the time of prepayment.

6.    <u>Collateral</u>.   This Note is secured by one or more collateral assignments of deeds of trust.

7.    <u>Defaults; Acceleration</u>.  The occurrence of any Event of Default (as hereinafter defined) shall be a default hereunder.  Upon the occurrence of an Event of Default, Lender may declare the entire principal balance of the Note then outstanding (if not then due and payable) and all other obligations of Borrower hereunder to be due and payable immediately.  Subject to the applicable provisions of law, upon any such declaration, the principal of the Note and accrued and unpaid interest, and all other amounts to be paid under this Note shall become and be immediately due and payable, anything in this Note to the contrary notwithstanding.

The occurrence of any one or more of the following, whatever the reason therefor, shall constitute an "Event of Default" hereunder:

(a)    Borrower shall fail to pay any amount due pursuant to the Note; or

(b)    Borrower or any guarantor ("Guarantor") of the Note shall fail to perform or observe any term, covenant or agreement contained in the Note or any guaranty executed and delivered concurrently herewith on its part to be performed or observed, other than the failure to make a payment covered by subsection (a), and such failure shall continue uncured as of the earlier of thirty (30) calendar days after the occurrence of such failure or ten (10) calendar days after written notice of such failure is given by Lender to Borrower (the cure period set forth in this subsection (b) shall not apply to any other Event of Default); or

(c)    any representation or warranty contained in any document made or delivered pursuant to or in connection with this Note proves incorrect or to have been incorrect in any material respect when made; or

(d)    Borrower (which term shall include any entity comprising Borrower) is dissolved or liquidated, or otherwise ceases to exist, or all or substantially all of the assets of Borrower or any Guarantor are sold or otherwise transferred without Lender's written consent; or

(e)    Borrower or any Guarantor is the subject of an order for relief by the bankruptcy court, or is unable or admits in writing its inability to pay its debts as they mature, or makes an assignment for the benefit of creditors; or Borrower or any Guarantor applies for or consents to the appointment of any receiver, trustee, custodian, conservator, liquidator, rehabilitator or similar officer ("Receiver"); or any Receiver is appointed without the application or consent of Borrower or any Guarantor, as the case may be, and the appointment continues undischarged or unstayed for thirty (30) calendar days; or Borrower or any Guarantor institutes or consents to any bankruptcy, insolvency, reorganization, arrangement, readjustment of debt, dissolution, custodianship, conservatorship, liquidation, rehabilitation or similar proceedings relating to it or to all or any part of its property under the laws of any jurisdiction; or any similar proceeding is instituted without the consent of Borrower or any Guarantor, as the case may be, and continues undismissed or unstayed for thirty (30) calendar days; or any judgment, writ, attachment, execution or similar process is issued or levied against all or any part of the Property or Borrower or any Guarantor, and is not released, vacated or fully bonded within thirty (30) calendar days after such issue or levy; or

(f)    there shall occur a material adverse change in the financial condition of Borrower or any Guarantor from their respective financial conditions as of the date of this Note, as determined by Lender in its reasonable discretion; or

(g)    this Note or any Guaranty of it, at any time after its execution and delivery and for any reason other than the agreement of Lender or the satisfaction in full of all indebtedness and obligations of Borrower under this Note, ceases to be in full force and effect or is declared to be null and void by a court of competent jurisdiction; or Borrower or any trustee, officer, director, shareholder or partner of any entity comprising Borrower or any Guarantor claims that this Note or any Guaranty of it is ineffective or unenforceable, in whole or in part, or denies any or further liability or obligation under them, unless all indebtedness and obligations of Borrower thereunder have been fully paid and performed; or

(h)    an Event of Default shall occur under any other loan made by Lender to Borrower.

8.    Late Charge.  Borrower acknowledges that if any interest payment is not made when due or if the entire amount due under this Note is not paid by the Maturity Date, the Lender hereof will incur extra administrative expenses (i.e., in addition to expenses incident to receipt of timely payment) and the loss of the use of funds in connection with the delinquency in payment.  Because the actual damages suffered by the Lender hereof by reason of such extra administrative expenses and loss of use of funds would be impracticable or extremely difficult to ascertain, Borrower agrees that five percent (5%) of the amount so delinquent shall be the amount of damages to which such Lender is entitled, upon such breach, in compensation therefor.  Therefore, Borrower shall, in the event any payment required under this Note is not paid within five (5) days after the date when such payment becomes due and payable, without further notice, pay to the Lender hereof as such Lender's sole monetary recovery to cover such extra administrative expenses and loss of use of funds, liquidated damages in the amount of five percent (5%) of the amount of such delinquent payment.  The provisions of this paragraph are intended to govern only the determination of damages in the event of a breach in the performance of the obligation of Borrower to make timely payments hereunder.  Nothing in this Note shall be construed as an express or implied agreement by the Lender hereof to forbear in the collection of any delinquent payment or in exercising any of its rights and remedies under this Note or any Guaranty of it, or be construed as in any way giving Borrower the right, express or implied, to fail to make timely payments hereunder, whether upon payment of such damages or otherwise.  The right of the Lender hereof to receive payment of such liquidated and actual damages, and receipt thereof, are without prejudice to the right of such Lender to collect such delinquent payments and any other amounts provided to be paid hereunder or under any security for this Note or to declare a default hereunder or under any security for this Note.

9.    Default Rate.  From and after the Maturity Date or the date which is five (5) days after the occurrence of any Event of Default, through and including the date such default is cured, at the option of the Lender hereof, all amounts owing under the Note and all sums owing under all of the Loan Documents shall bear interest at a default rate equal to twenty-four percent

(24%) per annum ("Default Rate"). Such interest shall be paid on the tenth day of each month thereafter, or on demand if sooner demanded.

10.    Waivers.  Borrower waives any right of offset it now has or may hereafter have against the Lender hereof and its successors and assigns.  Borrower waives presentment, demand, protest, notice of protest, notice of nonpayment or dishonor and all other notices in connection with the delivery, acceptance, performance, default or enforcement of this Note. Borrower expressly agrees that any extension or delay in the time for payment or enforcement of this Note, to renewal of this Note and to any substitution or release of the Property, all without any way affecting the liability of Borrower hereunder.  Any delay on Lender's part in exercising any right hereunder or under any Guaranty of this Note shall not operate as a waiver.  Lender's acceptance of partial or delinquent payments or the failure of Lender to exercise any rights shall not waive any obligation of Borrower or any right of Lender, or modify this Note, or waive any other similar default.

11.    Costs of Collection.  Borrower agrees to pay all costs of collection when incurred and all costs incurred by the Lender hereof in exercising or preserving any rights or remedies in connection with the enforcement and administration of this Note or following a default by Borrower, including but not limited to actual attorneys' fees.  If any suit or action is instituted to enforce this Note, Borrower promises to pay, in addition to the costs and disbursements otherwise allowed by law, such sum as the court may adjudge reasonable attorneys' fees in such suit or action.

12.    Usury.  Borrower hereby represents that this loan is for commercial use and not for personal, family or household purposes.  It is the specific intent of the Borrower and Lender that this Note bear a lawful rate of interest, and if any court of competent jurisdiction should determine that the rate herein provided for exceeds that which is statutorily permitted for the type of transaction evidenced hereby, the interest rate shall be reduced to the highest rate permitted by applicable law, with any excess interest theretofore collected being applied against principal or, if such principal has been fully repaid, returned to Borrower upon written demand.

13.    Notices.  All notices to be given pursuant to this Note shall be sufficient if given by personal services, by guaranteed overnight delivery services, by telex, telecopy or telegram or by being mailed postage prepaid, certified or registered mail, return receipt requested, to the described addresses of the parties hereto as set forth below, or to such other address as a party may request in writing.  Any time period provided in the giving of any notice hereunder shall commence upon the date of personal service, the date after delivery to the guaranteed overnight delivery service, the date of sending the telex, telecopy or telegram or two (2) days after mailing certified or registered mail.

LENDER'S ADDRESS:          Del Bunch
                          1909 Red Robin Court
                          Las Vegas, Nevada 89134

-4-

**BORROWER'S ADDRESS:**     USA Commercial Mortgage Company
4484 South Pecos Road
Las Vegas, Nevada 89121
Attn. Thomas A. Hantges

14.   <u>Assignment By Lender</u>.   Lender may assign its rights hereunder or obtain participants in this Note at any time, and any such assignee, successor or participant shall have all rights of the Lender hereunder.

15.   <u>Multiple Parties</u>.   A default on the part of any one entity comprising Borrower or any Guarantor of this Note shall be deemed a default on the part of Borrower hereunder.

16.   <u>Construction</u>.   This Note shall be governed by and construed in accordance with the laws of the State of Nevada.   This Note and all security documents and guaranties executed in connection with this Note have been reviewed and negotiated by Borrower, Lender and Guarantors at arms' length with the benefit of or opportunity to seek the assistance of legal counsel and shall not be construed against either party.   The titles and captions in this Note are inserted for convenience only and in no way define, limit, extend, or modify the scope of intent of this Note.

17.   <u>Partial Invalidity</u>.   If any section or provision of this Note is declared invalid or unenforceable by any court of competent jurisdiction, said determination shall not affect the validity or enforceability of the remaining terms hereof.   No such determination in one jurisdiction shall affect any provision of this Note to the extent it is otherwise enforceable under the laws of any other applicable jurisdiction.

18.   <u>Venue</u>.   The venue of any action brought in connection with this Note shall be laid in Clark County, Nevada.

**BORROWER:** USA Commercial Mortgage Company

Joseph D. Milanowski, President

# EXHIBIT "2"

# District of Nevada
# Claims Register

## 06-10725-lbr USA COMMERCIAL MORTGAGE COMPANY

| | |
|---|---|
| **Judge:** LINDA B. RIEGLE | **Chapter:** 11 |
| **Office:** Las Vegas | **Last Date to file claims:** 11/13/2006 |
| **Trustee:** | **Last Date to file (Govt):** |

| Creditor: DEL AND ERNESTINE BUNCH 1909 RED ROBIN CT LAS VEGAS NV 89134-6157 | Claim No: 1099 Filed: 11/17/2006 Entered: 11/17/2006 | Status: Filed by: CR Entered by: BMC GROUP, INC. (2) Modified: |
|---|---|---|

| Unsecured claimed: $11358662.28 |
|---|
| **Total** claimed: **$11358662.28** |

| History: |
|---|
| ○ 1099-1 11/17/2006 Claim #1099 filed by DEL AND ERNESTINE BUNCH , total amount claimed: $11358662.28 (BMC GROUP, INC. (2)) |

| Description: |
|---|
| Remarks: (1099-1) Original proof of claim received at BMC on 11/8/2006 |

## Claims Register Summary

**Case Name:** USA COMMERCIAL MORTGAGE COMPANY
**Case Number:** 06-10725-lbr
**Chapter:** 11
**Date Filed:** 04/13/2006
**Total Number Of Claims:** 1

| | Total Amount Claimed | Total Amount Allowed |
|---|---|---|
| **Unsecured** | $11358662.28 | |
| **Secured** | | |
| **Priority** | | |
| **Unknown** | | |
| **Administrative** | | |
| **Total** | $11358662.28 | $0.00 |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/15/2006 10:51:43 | | | |
| **PACER Login:** | jd0221 | **Client Code:** | 06136-01-VLN |
| | | | 06-10725-lbr Claim Number From: 1099 Claim Number To: |

# EXHIBIT "3"

**Item 1. Amount of your Class A-4 General Unsecured Claim Against USACM**

Name of Holder: **DEL & ERNESTINE BUNCH**

Amount as of the November 6, 2006 Voting Record Date: $11,358,662.28

**Item 2. Vote – Acceptance or Rejection of the Plan:** The Holder of the Class A-4 General Unsecured Claim Against USACM as set forth in Item 1 votes with respect to the proposed treatment of its Claim against the Debtors as follows (check one box only):

| ☐ to **ACCEPT** the Plan | ☒ to **REJECT** the Plan |
|---|---|

**Item 3. Certifications:** By returning this Ballot, the undersigned certifies and/or acknowledges that:

- the Holder of the A-4 General Unsecured Claim Against USACM set forth in Item 1 above has been provided with a copy of the Disclosure Statement, including the Plan;

- the Holder of the A-4 General Unsecured Claim Against USACM set forth in Item 1 above has full power and authority to vote to accept or reject the Plan;

- the Holder of the A-4 General Unsecured Claim Against USACM set forth in Item 1 above has voted to accept or reject the Plan as set forth in Item 2 above;

- this solicitation of Plan acceptances is subject to all the terms and conditions set forth in the Disclosure Statement and the Plan; and

- By signing and returning this Ballot, the undersigned certifies that (i) this Ballot has been executed on behalf of an entity or individual and (ii) the undersigned has full power and authority to execute this Ballot on behalf of such entity or individual:

Dated: _12 - 04 - 06_

DEL & ERNESTINE BUNCH
1909 RED ROBIN CT
LAS VEGAS, NV 89134-6157

Name: _DEL AND ERNESTINE L. BUNCH_
(Print or Type)
Signature: _Del Bunch - Ernestine L Bunch_

By: _____
(If Appropriate)

Title: _____
(If Appropriate)

Telephone Number: _(702) 228-_____

Street Address: _1909 RED ROBIN CT,_

City, State and Zip Code: _LV, NV, 89134_

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT TO
BMC GROUP IN THE ENVELOPE PROVIDED OR VIA FACSIMILE AS INSTRUCTED.**

**THE VOTING DEADLINE IS DECEMBER 11, 2006 AT 4:00 P.M. PREVAILING PACIFIC TIME.**

**ALL BALLOTS MUST BE RECEIVED BY THE VOTING DEADLINE.**

3

22683

```
****************************
***   ACTIVITY REPORT   ***
****************************
```

| ST. TIME | DESTINATION TEL/ID | NO. | MODE | | PGS. | RESULT | |
|---|---|---|---|---|---|---|---|
| 12/04 16:00 | 702  228 2279 | 7605 | AUTO RX | ECM | 2 | OK | 00'23 |
| 12/04 16:06 | 18669041778 | 0793 | TRANSMIT | ECM | 1 | OK | 00'30 |
| 12/04 16:08 | 18669041778 | 6794 | TRANSMIT | ECM | 1 | OK | 00'35 |
| 12/05 09:38 | 702  228 2279 | 7606 | AUTO RX | ECM | 3 | OK | 00'51 |
| 12/05 09:50 | 702  228 2279 | 7607 | AUTO RX | ECM | 16 | OK | 03'24 |
| 12/05 10:04 | 702  228 2279 | 7608 | AUTO RX | ECM | 7 | OK | 01'37 |
| 12/05 11:47 | 702  228 2279 | 7609 | AUTO RX | ECM | 2 | OK | 00'34 |
| 12/05 14:11 | 702  228 2279 | 7610 | AUTO RX | ECM | 2 | OK | 00'27 |
| 12/05 17:08 | 702  228 2279 | 7611 | AUTO RX | ECM | 1 | OK | 00'24 |
| 12/05 17:15 | 702  228 2279 | 7612 | AUTO RX | ECM | 1 | OK | 00'29 |
| 12/05 18:51 | 702  228 2279 | 7613 | AUTO RX | ECM | 1 | OK | 00'22 |
| 12/05 18:53 | 702  228 2279 | 7614 | AUTO RX | ECM | 1 | OK | 00'19 |
| 12/05 19:04 | 702  228 2279 | 7615 | AUTO RX | ECM | 1 | OK | 00'24 |
| 12/05 19:27 | 702  228 2279 | 7616 | AUTO RX | ECM | 1 | OK | 00'30 |
| 12/06 09:28 | 702  228 2279 | 7617 | AUTO RX | ECM | 2 | OK | 00'29 |
| 12/06 09:37 | 702  228 2279 | 7618 | AUTO RX | ECM | 20 | OK | 04'32 |
| 12/06 10:10 | 702  228 2279 | 7619 | AUTO RX | ECM | 8 | OK | 01'24 |
| 12/06 10:24 | 702  228 2279 | 7620 | AUTO RX | ECM | 1 | OK | 00'29 |
| 12/06 10:56 | 702  228 2279 | 7621 | AUTO RX | ECM | 2 | OK | 00'25 |
| 12/06 13:00 | 702 658 2502 | 7622 | AUTO RX | ECM | 25 | OK | 03'01 |

# EXHIBIT "4"

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com

**E-FILED on December 11, 2006**

Attorneys for Debtors and Debtors-in-Possession

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND,<br>LLC,<br>Debtor. | **USA COMMERCIAL MORTGAGE<br>COMPANY'S OBJECTION TO<br>PROOF OF CLAIM NO. 1099 FILED<br>BY DEL AND ERNESTINE BUNCH** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | Hearing Date:  January 17, 2007<br>Hearing Time: 9:30 a.m. |

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

USA Commercial Mortgage Company ("USACM"), by and through its counsel, hereby files its objection ("Objection") to Claim No. 1099 ("Claim") filed by Del and Ernestine Bunch ("Bunches") and moves this Court, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules") for an order granting the relief sought by this Objection. In support of its Objection, USACM states as follows:

## I.    JURISDICTION

1.    The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2.    The statutory predicate for the relief requested herein is 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II.    BACKGROUND

3.    On April 13, 2006 ("Petition Date"), USACM, USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with DTDF , the "Funds"), and USA Securities, LLC ("USA Securities") (collectively the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. USACM and the other Debtors continue to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Management duties of USACM are conducted by Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow") who serves as the President and Chief Restructuring Officer.

4.    On May 10, 2006, the Office of the United States Trustee filed notice indicating that the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company and the Official Committee of Holders of Executory Contract Rights Through USA Commercial Mortgage Company (collectively the "Committees") had been formed. No trustee or examiner has been appointed.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

5.      On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest (the "Bar Date Order") (Docket No. 1280). The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline for creditors to file proof of claims ("Bar Date"). The Court has extended the deadline for Direct Lenders to file proofs of claim to January 13, 2007.

6.      On September 25, 2006, USACM served a copy of the Bar Date Order on its service lists (Docket No. 1358).

7.      The Bunches filed their Claim on November 17, 2006, claiming an unsecured debt owed to it for "Money Loaned" in the amount of $11,358,661.28. The Bunches attached certain exhibits to their Claim including two self-prepared charts showing late fees, interest due and payments made, and a copy of a promissory note ("Note") entered into between the Bunches and USACM. The Note, in favor of the Bunches, evidences a loan of $10,000,000 to USACM at an interest rate of 20% per annum. As demonstrated by the self-prepared charts attached to the Claim, however, payments were made to the Bunches based on an interest rate of 24% per annum.

8.      Upon information and belief, USACM asserts that the Bunches received payments from USACM of $217,000 on February 8, 2006, and $196,000 on March 10, 2006. The existence of these payments is also reflected in the exhibits attached to the Claim. These payments were both made within 90 days prior to the Petition Date.

### III.    APPLICABLE AUTHORITY

9.      Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extent that the claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

10.     USACM is entitled to object to proofs of claim under section 502(a) of the Bankruptcy Code.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

11.    A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

12.    Section 502(d) of the Bankruptcy Code states that:

> [T]he court shall disallow any claim of any entity . . . that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

### IV.    OBJECTION TO THE BUNCHES' CLAIM

13.    USACM has analyzed the Bunches' Claim and contends that it should be disallowed under section 502(d) of the Bankruptcy Code. The Bunches were recipients of transfers from USACM made to them within 90 days prior to the Petition Dates that are avoidable under section 547(b) of the Bankruptcy Code as preferential transfers. Also, there may be other grounds for avoidance of pre-petition transfers from USACM to the Bunches. Therefore, the Bunches' Claim should be disallowed pursuant to section 502(d) of the Bankruptcy Code.

14.    USACM reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and any other grounds. USACM further reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

### V.    CONCLUSION

For the reasons set forth herein, USACM respectfully requests that the Court enter an order sustaining its Objection and disallowing Claim No. 1099 filed by Del and Ernestine Bunch in its entirety because they are the recipients of fraudulent transfers. Section 502(d) of the Bankruptcy Code, therefore, mandates that the Claim be disallowed. USACM also requests that the Court

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  grant such other and further relief as it deems just and proper.

2      Respectfully submitted this 11th day of December, 2006.

3

4          _/s/  Jeanette E. McPherson_
           Lenard E. Schwartzer, Nevada Bar No. 0399
5          Jeanette E. McPherson, Nevada Bar No. 5423
           SCHWARTZER & MCPHERSON LAW FIRM
6          2850 South Jones Boulevard, Suite 1
           Las Vegas, Nevada  89146
7

8          and

9          Annette W. Jarvis, Utah Bar No. 1649
           Steven C. Strong, Utah Bar No. 6340
10         RAY QUINNEY & NEBEKER P.C.
           36 South State Street, Suite 1400
11         P.O. Box 45385
           Salt Lake City, Utah 84145-0385
12

13

14

15

16    904495
17

18

19

20

21

22

23

24

25

26

27

28

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# EXHIBIT "5"

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

**E-FILED on December 12, 2006**

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Chapter 11<br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **CERTIFICATE OF SERVICE OF 1.  USA COMMERCIAL MORTGAGE COMPANY'S OBJECTION TO PROOF OF CLAIM NO. 1099 FILED BY DEL AND ERNESTINE BUNCH; AND** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **2. NOTICE OF HEARING ON USA COMMERCIAL MORTGAGE COMPANY'S OBJECTION TO PROOF OF CLAIM NO. 1099 FILED BY DEL AND ERNESTINE BUNCH** |
| Affects:<br>☐  All Debtors<br>☒  USA Commercial Mortgage Company<br>☐  USA Securities, LLC<br>☐  USA Capital Realty Advisors, LLC<br>☐  USA Capital Diversified Trust Deed Fund, LLC<br>☐  USA Capital First Trust Deed Fund, LLC | Hearing Date:  January 17, 2007<br>Hearing Time: 9:30 a.m. |

1.  On December 12, 2006 I served the following document(s):

    a.    USA Commercial Mortgage Company's Objection to Proof of Claim No. 1099 Filed By Del and Ernestine Bunch

    b.    Notice of Hearing on USA Commercial Mortgage Company's Objection to Proof of Claim No. 1099 Filed By Del and Ernestine Bunch

2.  I served the above-named document(s) by the following means to the persons as listed below:

☐    a.    **By ECF System**:

☒    b.    **By United States mail, postage fully prepaid**:

**DEL AND ERNESTINE BUNCH
1909 RED ROBIN ST
LAS VEGAS, NV 89134-6157**

☐    c.    **By Personal Service**
    I personally delivered the document(s) to the persons at these addresses:
    ☐    For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.
    ☐    For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐    d.    **By direct email (as opposed to through the ECF System)**
    Based upon the written agreement to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐    e.    **By fax transmission**
    Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐    f.    **By messenger**
    I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on:    December 12, 2006

LIA DORSEY                      */s/    LIA DORSEY*
(Name of Declarant)                (Signature of Declarant)

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122