Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

E-FILED ON DECEMBER 15, 2006

Attorneys for Debtors and Debtors-in-Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>**USA COMMERCIAL MORTGAGE COMPANY'S OBJECTION TO PROOF OF CLAIM NO. 1660 FILED BY ROBERT J. AND RUTH ANN KEHL**<br><br>Date: January 17, 2006<br>Time: 9:30 a.m. |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | |

USA Commercial Mortgage Company ("USACM"), by and through its counsel, hereby files its objection ("Objection") to Claim No. 1660 ("Claim") filed by Robert J. and Ruth Ann Kehl (collectively the "Kehls") and moves this Court, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules") for an order granting the relief sought by this Objection. In support of its Objection, USACM states as follows:

## I. JURISDICTION

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. The statutory predicate for the relief requested herein is 11 U.S.C. § 502 and Bankruptcy Rules 3001 and 3007.

## II. BACKGROUND

3. On April 13, 2006 ("Petition Date"), USACM, USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with DTDF, the "Funds"), and USA Securities, LLC ("USA Securities") (collectively the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. USACM and the other Debtors continue to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Management duties of USACM are conducted by Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow") who serves as the President and Chief Restructuring Officer.

4. On May 10, 2006, the Office of the United States Trustee filed notice indicating that the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company and the Official Committee of Holders of Executory Contract Rights Through USA Commercial Mortgage Company (collectively the "Committees") had been formed. No trustee or examiner has been appointed.

2

5. On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest (the "Bar Date Order") (Docket No. 1280). The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline for creditors to file proof of claims ("Bar Date"). The Court has extended the deadline for Direct Lenders to file proofs of claim to January 13, 2007.

6. On September 25, 2006, USACM served a copy of the Bar Date Order on its service lists (Docket No. 1358).

7. The Kehls filed the Claim on December 11, 2006,[1] claiming an unsecured debt owed to them for "DEBTOR'S BREACHES (see adversary complaint)"[2] in the amount of "$12,841,580.13 +/-." No supporting documentation is attached to the Claim.

8. The Kehls and 13 other parties (the "Kehl Plaintiffs") commenced adversary proceeding number 06-1247 on December 11, 2006, by filing a complaint ("Complaint") against USACM, Joseph Milanowski, and Thomas Hantges (the "Adversary Proceeding"). USACM has not yet filed a response to the Complaint because it was only recently filed.

9. The Complaint includes eight claims for relief including breach of contract and tortuous breach of contract, and seeks damages, attorney's fees and other relief. The Kehls did not file with the Claim copies of any contract that USACM is alleged to have breached.

10. According to the Complaint, the Kehl Plaintiffs collectively have "loaned more than $19 million" to various borrowers as Direct Lenders in "loans arranged and serviced by [USACM]." The Complaint, however, does not indicate the amounts that each of the separate Kehl Plaintiffs individually loaned and provides no support for the amount of the Claim.

### III.    APPLICABLE AUTHORITY

11. Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects

---

[1] According to the Court's Claims Register, the Kehls' Claim was faxed to the BMC Group on December 9, 2006.

[2] The Kehls are parties in two different adversary proceedings. USACM presumes the "adversary complaint" referred to in the Claim refers to the complaint filed in adversary proceeding number 06-1247.

1  to the proof of claim, the court, after notice and hearing, shall determine the amount of the claim

2  and shall allow the claim except to the extent that the claim is "unenforceable against the debtor

3  . . . under any . . . applicable law for a reason other than because such claim is contingent or

4  unmatured." 11 U.S.C. § 502(b).

5      12.    USACM is entitled to object to proofs of claim under section 502(a) of the

6  Bankruptcy Code.

7      13.    Bankruptcy Rule 3001(c) provides that "[w]hen a claim . . . is based on a writing,

8  the original or duplicate shall be filed with the proof of claim."

9      14.    A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).

10  However, once an objection to the proof of claim controverts the presumption, the creditor

11  ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford*

12  *v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P.

13  9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of

14  a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists,*

15  *Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

### IV. OBJECTION TO THE CLAIM

17      15.    USACM has analyzed the Kehls' Claim and contends that it has no liability on

18  account of the Claim. Even though USACM has not yet responded to the recently filed Complaint

19  that forms the basis of the Claim, USACM believes that it has valid defenses to the various counts

20  alleged in the Complaint. Therefore, USACM asserts that the Claim is not enforceable against

21  USACM.

22      16.    Furthermore, the Claim is contingent, unliquidated, and disputed, and is not prima

23  facie evidence of either amount or validity. The Claim fails to comply with Bankruptcy Rule 3001

24  in that it does not properly set forth the Kehls' claim against USACM. The Claim seeks in excess

25  of $12,841,580 but offers no support or evidence for this amount. The Complaint states that the

26  Kehl Plaintiffs have invested "more than $19 million" but does not allocate the amount that each

27  of the 14 various parties invested individually, and in no way supports the amount of the Claim.

28  In addition, the Claim was not filed with a copy of any contract (or any other documentation)

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

between USACM and the Kehls despite the fact that the Claim is based, in part, on claims for breach of contract. The Kehls have failed to meet their burden of proof with respect to the amount and validity of the Claim.

17. Finally, to the extent that the Kehls have a claim for the return of the funds they invested as Direct Lenders, such claim is properly brought against their borrower. As the Complaint explains, USACM merely "arranged and serviced" the loans in which the Kehls invested. The fact that money was loaned to borrowers on loans serviced by USACM does not establish a claim against USACM. Therefore, the Claim is unenforceable against USACM and should be disallowed in its entirety pursuant to section 502(b) of the Bankruptcy Code.

18. USACM reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and any other grounds. USACM further reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

## V.    CONCLUSION

For the reasons set forth herein, USACM respectfully requests that the Court enter an order sustaining its Objection and disallowing Claim No. 1660 filed by Robert J. and Ruth Ann Kehl in its entirety because the Claim is not enforceable against USACM and is not prima facie evidence of amount or validity of the Claim under Bankruptcy Rule 3001. USACM also requests that the Court grant such other and further relief as it deems just and proper.

Dated: December 15, 2006.

/s/ Jeanette E. McPherson
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146
and
Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385