1   Annette W. Jarvis, Utah Bar No. 1649
    RAY QUINNEY & NEBEKER P.C.
2   36 South State Street, Suite 1400
    P.O. Box 45385                                      **E-FILED ON DECEMBER 16, 2006**
3   Salt Lake City, Utah 84145-0385
    Telephone: (801) 532-1500
4   Facsimile: (801) 532-7543
    Email: ajarvis@rqn.com
5
    and
6
    Lenard E. Schwartzer
7   Nevada Bar No. 0399
    Jeanette E. McPherson
8   Nevada Bar No. 5423
9   Schwartzer & McPherson Law Firm
    2850 South Jones Boulevard, Suite 1
10  Las Vegas, Nevada  89146-5308
11  Telephone:  (702) 228-7590
    Facsimile:  (702) 892-0122
12  E-Mail:  bkfilings@s-mlaw.com
    Attorneys for Debtors

13                          **UNITED STATES BANKRUPTCY COURT**
                                    **DISTRICT OF NEVADA**
14
    In re:                                      Case Nos. BK-S-06-10725 LBR
15                                              Case Nos. BK-S-06-10726 LBR
    USA COMMERCIAL MORTGAGE COMPANY,            Case Nos. BK-S-06-10727 LBR
16                                   Debtor.    Case Nos. BK-S-06-10728 LBR
                                                Case Nos. BK-S-06-10729 LBR
    In re:
17  USA CAPITAL REALTY ADVISORS, LLC,
                                     Debtor.    Chapter 11
18
    In re:
19  USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,   **DEBTORS' COMBINED MOTION IN
                                     Debtor.        LIMINE AND MEMORANDUM IN
20                                                  SUPPORT REGARDING THE OBJECTION
    In re:                                          OF USA INVESTMENT PARTNERS, LLC,
21  USA CAPITAL FIRST TRUST DEED FUND, LLC,         JOSEPH MILANOWSKI AND THOMAS
                                     Debtor.        HANTGES TO CONFIRMATION OF THE
22                                                  DEBTORS' THIRD AMENDED JOINT
    In re:                                          CHAPTER 11 PLAN OF
23  USA SECURITIES, LLC,                            REORGANIZATION**
                                     Debtor.
24  Affects:                                        Date:  OST REQUESTED
      ☒ All Debtors                                 Time:  OST REQUESTED
25    ☐ USA Commercial Mortgage Company
      ☐ USA Securities, LLC
26    ☐ USA Capital Realty Advisors, LLC
      ☐ USA Capital Diversified Trust Deed Fund, LLC
27    ☐ USA First Trust Deed Fund, LLC
28

                                        1

Motion In Liminie

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Debtors USA Commercial Mortgage Company ("USA Mortgage"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund ("USA Diversified"), and USA Capital First Trust Deed Fund ("USA First") (collectively referred to as "Debtors"), by and through their counsel, Ray Quinney & Nebeker P.C., hereby move the Court *in limine* for entry of an Order pursuant to Fed. R. Civ. P. 37(b) and (d), made applicable by Fed. R. Bankr. P. 7037 and Fed. R. Bankr. P. 9014, excluding the Objection of USA Investment Partners, LLC, Joseph Milanowski and Thomas Hantges to Confirmation of the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization filed on December 11, 2006 ("Plan Objection") (Docket No. 2051) and submit their memorandum in support herein.  The Debtors submit in support of their Motion the Declaration of Elaine A. Monson which is filed concurrently herewith and incorporated by reference.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  No prior application has been filed for the relief requested herein.

## BACKGROUND

3.      On or about April 13, 2006, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.      The Debtors' Third Amended Joint Chapter 11 Plan of Reorganization ("Debtors' Plan of Reorganization") was filed on November 15, 2006 (Docket No. 1799).

5.      On November 29, 2006, Debtors filed Ex Parte Motions for 2004 Examinations of HMA Sales, LLC ("HMA") and Investors VI, LLC ("Investors VI") to be held on December 13, 2004 and the 2004 Examination of USA Investment Partners, LLC ("USAIP" or "IP Partners") to be held on December 14, 2006 at 9:00 a.m., prevailing Pacific Time.  The above-described entities are herein referred to collectively as the "Milanowski Controlled Entities."

Motion In Liminie

2

6.    On December 1, 2006, the Court entered orders granting the 2004 Examination Motions and specifically entered its Order Requiring USA Investment Partners, LLC to Appear for Examination Pursuant to Fed. R. Bankr. P. 2004 on December 14, 2006 (Docket No. 1910).

7.    Pursuant to the order, USAIP was required to "designate a representative pursuant to F.R.C.P. 30(b)(6) to appear at the Debtors' business offices located at 4484 South Pecos Road, Las Vegas, Nevada, 84121 on December 14, 2006 at 9:00 a.m. to be examined under oath…." The Debtors believed that Joseph D. Milanowski ("Milanowski") would be the appropriate Rule 30(b)(6) designee for USAIP and the other Milanowski Controlled Entities because of his knowledge of those entities business transactions, but the Debtors were uncertain whether Milanowski would be so designated.

8.    Because the Debtors were uncertain whether Milanowski would be the Rule 30(b)(6) designee of the Milanowski Controlled Entities, on December 1, 2006, Debtors filed an Ex Parte Motion for 2004 Examination of Joseph D. Milanowski (Docket No. 1914) to be held on December 15, 2006 at 9:00 a.m.

9.    On December 8, 2006, the Court entered an Order Requiring Joseph D. Milanowski to Appear for Examination Pursuant to Fed. R. Bankr. P. 2004 (Docket No. 1986). The order stated that "Milanowski shall appear pursuant to Bankruptcy Rule 2004(a), at the Debtors' business offices located at 4484 South Pecos Road, Las Vegas, Nevada, 84121 on December 15, 2006 at 9:00 o'clock a.m. prevailing Pacific Time to be examined under oath…"

10.    On December 12, 2006, counsel for the Debtor had a discussion with counsel for Milanowski concerning a requested extension of the Milanowski and the Milanowski Controlled Entities' examinations and obligations to produce documents. Counsel for the Debtors indicated a willingness to grant an extension, subject to certain conditions which included, among others, that Milanowski and the Milanowski Controlled Entities would make themselves available for examination on the morning of December 20, 2006 and that the examinations could proceed in the order of Debtors' counsel's choosing. Counsel for the Debtors believed an agreement had been reached with counsel for Milanowski and sent a confirming email outlining the conditions.

11.    Later that day, counsel for Milanowski called counsel for the Debtors and informed

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

her that the conditions were acceptable, except the condition that Milanowski and the Milanowski Controlled Entities be available for examination on December 20, 2006.  Counsel for Milanowski wanted all examinations continued until January 2007.

12.      Counsel for the Debtors refused to grant such a continuance because information may be needed during the course of the upcoming week (the confirmation hearing scheduled to begin on December 19) and because the Debtors were concerned about the imminent sale (and potential dissipation) of certain assets by the Milanowski Controlled Entities.  In addition, on December 12, counsel for the Debtors learned that IP Partners had filed the Plan Objection, and in a subsequent conversation on December 13, 2006, she informed counsel for Milanowski that one of the reasons the Debtor wanted to take Milanowski's examination was to inquire about confirmation issues.

13.      Counsel for Milanowski then agreed that the Milanowski Controlled Entities, but not Milanowski, would appear for their scheduled examinations, and that Milanowski would not be the designated representative of any of the Milanowski Controlled Entities.  Counsel for the Debtor indicated that such a proposal was unacceptable because Milanowski was the only person likely to have relevant knowledge.

14.      With no agreement to continue the examinations, counsel for the Debtors communicated to Milanowski's counsel the Debtors' intent to go forward with the examinations as originally scheduled.  Counsel for Milanowski indicated that Milanowski and the Milanowski Controlled Entities would not be attending their scheduled examinations, but rather would file a motion to quash or protective order.

15.      On December 13, 2006, HMA and Investors VI failed to appear for their 2004 examinations.  On December 14, 2006, USAIP failed to appear for its scheduled examination. (The transcript of the USAIP 2004 examination will be filed as supplement to this motion when it becomes available.)

16.      On December 14, 2006, counsel for Milanowski filed a Motion to Quash subpoenas to produce documents and a Motion striking the orders setting the 2004 examinations.  Those Motions, however, were filed after the time scheduled for the Milanowski Controlled Entities'

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1   2004 examinations and on the eve of the Milanowski 2004 examination.  It appears that no order

2   granting those Motions has been entered by the Court.

3           17.    On December 15, 2006, Milanowski failed to appear for his scheduled 2004

4   examination.  (The transcripts of the Milanowski 2004 examination will be filed as supplement to

5   this motion when it becomes available.)

6           18.    The Debtors move the Court *in limine* for entry of an Order pursuant to Fed. R.

7   Civ. P. 37(b) and (d), made applicable by Fed. R. Bankr. P. 9014, excluding the Plan Objection as

8   a sanction for IP Partners' and Milanowski's failure to appear at the scheduled 2004 examinations.

9                                    **Argument**

10          Rule 37(d) allows a court to sanction "a party or an officer, director or managing agent of a

11  party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party if [the

12  individual] fails to appear before the officer who is to take the [2004 examination], after being

13  served with proper notice…."  Fed. R. Civ. P. 37(d).  Appropriate sanctions include entering an

14  order "refusing to allow the disobedient party to support or oppose designated claims or defenses"

15  and entering an order "striking out pleadings or parts thereof…."  Fed. R. Civ. P. 37(b).  The

16  purpose of Rule 37 sanctions is to both "'penalize those whose conduct may be deemed to warrant

17  such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such

18  a deterrent.'"  *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778,

19  49 L.Ed.2d 747 (1976)).

20      A.    **The IP Partners and Milanowski Should Be Precluded From Presenting
21            Argument and Evidence in Support of Their Objection to the Debtors' Third
              Amended Plan of Reorganization**

22

23          The Court should enter an order precluding IP Partners and Milanowski from presenting

24  argument or evidence in support of their Objection to the Debtors' Third Amended Plan of

25  Reorganization.  Fed. R. Civ. P 37(d), made applicable to this proceeding by Fed. R. Bankr. P.

26  7037 permits a court to sanction "a party or an officer, director or managing agent of a party or a

27  person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party if [the individual]

28  fails to appear before the officer who is to take the [2004 examination], after being served with

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Motion In Liminie

1  proper notice." Fed. R. Civ. P. 37(d).  The permissible sanctions for a failure to attend a

2  deposition or respond to discovery requests include, among others, those actions authorized under

3  "subpargraphs (A), (B), and (C) of subdivision (b)(2) of [Fed. R. Civ. P. 37]."  Rule 37(b)(2) (B)

4  and (C) provide as appropriate sanctions by the Court  entry of an "order refusing to allow the

5  disobedient party to support or oppose designed claims or defenses" or "an order striking out

6  pleadings or parts thereof," respectively.

7          In the instant case, IP Partners and Milanowski should be precluded from presenting

8  argument or evidence in support of their Objection to confirmation of Debtors' Third Amended

9  Plan of Reorganization because USAIP and Milanowski failed to appear at properly noticed 2004

10 examinations.  There exists no dispute that the examinations were properly noticed and scheduled

11 and that the orders directing USAIP and Milanowski to appear for examinations on December 14th

12 and 15th were extant, no order vacating, setting aside or granting other relief from the 2004

13 examination Order having been obtained by Milanowski or USAIP.  Thus, Milanowski and

14 USAIP failed to appear for their examinations at their peril.

15         Moreover, such a sanction is appropriate in the instant case because the 2004 examinations

16 were necessary to discover information relating to the factual allegations set forth in the Plan

17 Objection and to effectively respond to the Plan Objection.  Allowing IP Partners and Milanowski

18 to withhold testimony and evidence from Debtors by refusing to appear at properly noticed 2004

19 examinations, without appropriate sanction, and then to present evidence in support of the Plan

20 Objection is patently unfair because it impairs the Debtors' ability to adequately respond to the

21 Plan Objection.  An order precluding IP Partners and Milanowski from presenting argument and

22 evidence in support of their Plan Objection will remedy this unfairness.

23         Additionally, such remedy supports the dual purpose of Rule 37 by "'penaliz[ing] those

24 whose conduct may be deemed to warrant such a sanction, [and] deter[ring] those who might be

25 tempted to such conduct in the absence of such a deterrent.'" *Roadway Express, Inc. v. Piper*, 447

26 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).  Given the large number of interested

27 parties associated with this case, and the probability for delay and confusion if parties refuse to

28 comply with properly issued court orders requiring attendance at 2004 examinations, such

Motion In Liminie

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  sanctions may deter other parties from similar intentional violations of court orders.  Clearly,

2  Milanowski and USAIP were well aware of the scheduled examinations and simply chose not to

3  attend without first obtaining relief from this Court.  Such intentional disregard for Court orders

4  should not be countenanced.

5    **B.**    **IP Partners' and Milanowski's Objection to Debtors' Third Amended Plan of**
      **Reorganization Should be Stricken and Should Not Be Considered By the**
6    **Court**

7        The Court should enter an order striking the Plan Objection.  Rule 37(d) allows a court to

8  sanction a party for failing to appear at a properly noticed 2004 examination by entering an "order

9  striking out pleadings or parts thereof" filed by the offending party. Fed. R. Civ. P. 37(d) and

10  (b)(2)(C).

11        In the instant case, IP Partners and Milanowski withheld testimony and evidence when

12  they failed to appear at properly noticed 2004 examinations.  As a result, Debtors were unable to

13  obtain information necessary to adequately address and respond to the Plan Objection.  The

14  Debtors will be unfairly prejudiced if the Court considers the Plan Objection while at the same

15  time the Debtors have been deprived of the opportunity to conduct discovery on that objection.

16  Accordingly, the Court should enter an order striking the Plan Objection.

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

7

Motion In Liminie

## Conclusion

For the reasons set forth above, Debtors respectfully request the Court enter an order prohibiting IP Partners and Milanowski from presenting argument and evidence in support of the Plan Objection, striking the Plan Objection, and for such other relief as the Court deems just and reasonable.

DATED this 16th day of December, 2006.

/s/ Jeanette E. McPherson
Lenard E. Schwartzer (Nevada Bar No. 0399)
Jeanette E. McPherson (Nevada Bar No. 5423)
SCHWARTZER & MCPHERSON
2850 South Jones Blvd., Suite 1
Las Vegas, Nevada 89146

AND

Annette W. Jarvis (Utah Bar No. 1649)
Steven C. Strong (Utah Bar No. 6340)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah 84145-0385

*Attorneys for USA Commercial Mortgage Co.*

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Motion In Liminie

8