Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                        Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>Date: December 19, 2006<br>Time: 10:00 a.m.<br><br>**DECLARATION OF ELAINE A. MONSON**<br><br>**(AFFECTS ALL DEBTORS)** |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                        Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                        Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                        Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>                                                        Debtor. | |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | |

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 • Fax: (702) 892-0122

1

I, Elaine A. Monson, hereby declare, verify and states as follows:

1. I am at attorney with Ray Quinney & Nebeker, P.C. and I am one of the attorneys representing the Debtors in these jointly administered cases.

2. On November 29, 2006, I requested that Schwartzer & McPherson, local counsel for the Debtors, file ex parte motions for 2004 examinations (the "Motions") of USA Investment Partners, LLC ("USAIP"), USA Investors VI, LLC ("Investors VI") and HMA Sales, LLC ("HMA") (collectively the "Milanowski Controlled Entities").

3. The orders granting the Motions were entered by the Court on December 1, 2006, and served along with document subpoenas on the Milanowski Controlled Entities the same day. The examinations were set on December 13, 2006 for Investors VI (morning) and HMA (afternoon), and set on December 14, 2006 for USAIP. Documents were to be produced in response to the subpoenas by the Milanowski Controlled Entities by December 11, 2006.

4. On December 1, 2006, the Debtors also filed an ex parte motion for 2004 examination (the "Milanowski Motion") of Joseph Milanowski ("Milanowski"). The order granting the Milanowski Motion was entered on December 8, 2006.

5. On December 8, 2006, I received an email from Douglas Griffith ("Griffith"), counsel for Milanowski, requesting a one week extension of time (until December 18th) for the Milanowski Controlled Entities to produce the requested documents, and requesting a similar extension of the 2004 examinations. Griffith also indicated in the email that Milanowski would not be the designated representative to testify on behalf of the any of the Milanowski Controlled Entities. A copy of the email I received from Griffith is attached hereto as Exhibit A.

6. Service of the order granting the Milanowski Motion and the accompanying document

2

1. subpoena was made on December 11, 2006 (although it was originally attempted on December 8th). Milanowski's examination was set for December 15, 2006.

7. The morning of December 12, 2006, I had a conversation with Russell Walker[1], who was also counsel for Milanowski, in which I indicated to him that my client would be willing to grant the requested extensions, subject to certain conditions, one of which was that HMA, Investors VI, USAIP and Milanowski, would make themselves available for their 2004 examinations the morning of December 20, 2006, and that the examinations could proceed in any order of the Debtors choosing.

8. As a result of my conversation with Walker, I believed we had reached an agreement, and therefore, later in the morning on December 12th, I sent him a confirming email outlining the conditions for granting the requested extensions. A copy of the email I sent to Walker is attached hereto as Exhibit B.

9. At approximately 4:30 p.m. on December 12, 2006, Walker called me and said he had reviewed my email and that all of the conditions were acceptable, except for the condition that HMA, Investors VI, USAIP and Milanowski would make themselves available for 2004 examinations on the morning of December 20, 2006. Instead, Walker wanted an agreement that all of the examinations would be continued to January.

10. I indicated to Walker that I could not make such an agreement because I had not seen the documents that were going to be produced, and there were questions that might need an immediate response during the upcoming week (the confirmation hearing was scheduled to begin on December 19th), and the Debtors were concerned about the imminent sale (and potential dissipation) of certain assets held by the Milanowski Controlled Entities.

---

1 This examination was a follow up to the Griffith email and a conversation I had with Russell Walker the previous day about the requested extensions.

3

11. In a subsequent conversation around 5:00 p.m., Walker indicated that he would be willing to make a representative available on December 20, 2006, to testify on behalf of the Milanowski Controlled Entities, but the representative would not be Milanowski, and he would not make Milanowski available for his personal examination because he was concerned about self incrimination issues. I indicated to Walker that this proposal was not acceptable because Milanowski was the only person who likely had relevant knowledge with respect to the questions to be asked, and if Milanowski wanted to assert his Fifth Amendment privilege against self incrimination he was within his right to do so but he still must show up for the examination and put such a statement on the record. It became apparent that Walker and I were not going to be able to reach an agreement with respect to the requested extensions so I indicated to him that the Debtors planned to proceed with the examinations scheduled to begin the next morning, and I asked if he and the parties were going to attend. Walker indicated that he and the parties would not be attending and instead he would be filing a motion to quash or a protective order.

12. Around 6:00 p.m. on December 12th, I sent Walker an email confirming the following: (a) we had been unable to reach an agreement with respect to the requested extensions; (b) we were planning to proceed with the examinations of the Milanowski Controlled Entities and Milanowski, and (c) Walker had stated that none of the parties would be attending their 2004 examinations, and we would make the appropriate notations on the record. A copy of this email is attached hereto as Exhibit C.

13. Later that evening I learned that Milanowski, USAIP and Thomas Hantges had filed an objection to confirmation of the Debtors' plan or reorganization. Accordingly, when I spoke with Walker again on December 13, 2006, I specifically indicated to him that one of the reasons we would want to take Milanowski's examination was to ask about confirmation issues.

4

14. I have been informed by Schwartzer & McPherson that the Milanowski Controlled Entites and Milanowski did not appear at their 2004 examinations.

15. On December 14, 2006, Walker filed a motion to quash the subpoenas and strike the orders granting the 2004 examinations, or alternatively, for a protective order (the "Motion to Quash"). However, the Motion to Quash was not filed until after the time set for the examinations of the Milanowski Controlled Entities had already passed, and on the eve of Milanowski's personal examination. Moreover, to my knowledge, no order granting the Motion to Quash has been entered by the Court.

I declare, under penalty of perjury, that, to the best of my knowledge, information and belief, that the foregoing is true and correct.

*Elaine Monson*

Elaine A. Monson

905561

5

# EXHIBIT A

# Elaine Monson

**From:** Douglas E. Griffith [dgriffith@kesler-rust.com]
**Sent:** Friday, December 08, 2006 11:11 AM
**To:** Elaine Monson
**Cc:** Allan Brinkerhoff; jmilanowski@usainvestmentpartners.com; rwalker@woodburykesler.com
**Subject:** RE: 2004 examinations

Elaine:

Sorry I didn't respond earlier. The parties who were subpoenaed need an additional week to put together the documents responsive to the subpoenas which they have in their possession. As you are well aware, some of the documents which may be included within the scope of the subpoenas are currently being held at the offices of USA Capital. If you are willing to postpone the document production for the subpoenas for one week to December 18, 2006, we would greatly appreciate the extension. Obviously any such extension will also need to be applied to the appearance of someone to testify regarding the documents. Currently that testimony is set for December 14th. Joe Milanowski will not be appearing to testimony at the 2004 examination for these companies. However, we are in the process of determining who will be able to appear. Once the rescheduled date is known and we know who will be appearing, I will immediately contact you.

Thank you for your courtesy in this matter.

Doug Griffith

**From:** Elaine Monson [mailto:emonson@RQN.COM]
**Sent:** Thursday, December 07, 2006 10:44 AM
**To:** dgriffith@kesler-rust.com
**Cc:** Allan Brinkerhoff
**Subject:** 2004 examinations

Doug, as you probably know, last week we served some entities in which Mr. Milanowski has an interest, namely HMA Sales, LLC, USA Investors VI and USA Investment Partners, with 2004 examination orders and subpoenas. Pursuant to the subpoenas, documents are supposed to be produced Monday. We would like to know with whom we should coordinate about the documents. Can you tell us who will be representing the Milanowski entities at these examinations?

Elaine Monson

12/15/2006

# EXHIBIT B

# Elaine Monson

| | |
|---|---|
| **From:** | Elaine Monson |
| **Sent:** | Tuesday, December 12, 2006 2:35 PM |
| **To:** | 'rwalker@woodburykesler.com'; Douglas E. Griffith |
| **Cc:** | Annette Jarvis; Steven Strong; Allan Brinkerhoff; Allison, Thomas; Smith, Susan Marie; Atkinson, James; 'Cheng, Patrick'; lschwartzer@s-mlaw.com; jmcpherson@s-mlaw.com |

**Subject:** 2004 examinations

Russ, in response to your requests that the 2004 examinations for HMA Sales, LLC, Investors VI, USA Investment Partners and Joe Milanowski be continued, and for an additional period of time to produce documents in response to the subpoenas that were issued, I am writing to confirm our conversation this morning wherein we agreed to your requests on the following conditions:

1. The documents responsive to the subpoenas will be produced by Monday at 5:00 p.m.
2. The documents will be produced (at our choosing) in either our Salt Lake office or at the offices of Schwartzer and McPherson in Las Vegas.
3. All four of the 2004 examinations will be continued until next Wednesday. The examinations will be start at 9:00 a.m. and Debtors will have the sole discretion as to which of the examinations will proceed first, and the order of the remaining examinations.
4. You will let me know by Friday at 5:00 p.m. who will be designated to appear on behalf of HMA Sales, LLC, Investors VI and USA Investment Partners.
5. Based upon our review of the documents produced on Monday, Debtors will have the right to continue the examinations (now scheduled to take place next Wednesday per paragraph 3 above) to begin on January 10, 2006.
6. The parties to be examined agree not to do discovery during the time frame in which Debtors have agreed to grant their requested extensions.
7. This agreement is without prejudice to the Debtors' right to conduct discovery on involuntary petition or confirmation issues.
8. The parties to be examined agree that the orders and subpoenas that have been issued still remain in full force and effect, subject to the revisions set forth above, the Debtors are entitled to enforce them, and the Debtors will not be required to re-notice any of the examinations.

If you disagree with any of the foregoing, please contact me as soon as possible. Otherwise, please confirm the foregoing agreement.


Elaine A. Monson
Ray Quinney & Nebeker P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Direct: 801-323-3346
Fax: 801-532-7543
www.rqn.com

IRS Rules of Practice require us to inform you that advice, if any, in this email (including any attachments) concerning federal tax matters is not intended to be used, and cannot be used or relied upon for the purpose of avoiding penalties under the Internal Revenue Code, nor for promoting, marketing or recommending any transaction or matter addressed herein.
This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

12/15/2006

# EXHIBIT C

8

# Elaine Monson

| | |
|---|---|
| **From:** | Elaine Monson |
| **Sent:** | Tuesday, December 12, 2006 6:07 PM |
| **To:** | 'rwalker@woodburykesler.com'; Douglas E. Griffith |
| **Cc:** | Annette Jarvis; Steven Strong; Allan Brinkerhoff; Allison, Thomas; Atkinson, James; Smith, Susan Marie; 'Cheng, Patrick'; lschwartzer@s-mlaw.com; jmcpherson@s-mlaw.com |
| **Subject:** | 2004 examinations |

Russ, I am writing to confirm that we have not been able to reach an agreement relating to the requests by HMA Sales, LLC, Investors VI, USAIP and Joe Milanowski that they be given an extension of time to produce documents pursuant to subpoenas served on them and also that their 2004 examinations be continued. I believed we had reached an agreement this morning, which I outlined in an email to you early this afternoon, but based on our telephone conversations in the last hour, unfortunately that is not the case. As a result, we plan to proceed with the 2004 examinations as ordered by the court. The examinations of HMA Sales, and Investors VI are scheduled for tomorrow morning and afternoon. The examination of USAIP is scheduled for Thursday. The examination of Mr. Milanowski is scheduled for Friday. However, you indicated in our last telephone conversation that the parties will not be appearing at their examinations. As a result, the attorneys from RQN's offices who were going to take the examinations will not be coming to Las Vegas and instead we have directed our local counsel, Schwartzer and McPherson, to appear at the examinations and make the appropriate notations on the record. Obviously nothing can be done about the examinations tomorrow, but if USAIP and Mr. Milanowski will be appearing on Thursday or Friday, then you need to let me know immediately as arrangements need to be made for the RQN attorneys to try and travel to Las Vegas for those examinations. Also, we will expect documents to be produced in accordance with the subpoenas.


Elaine A. Monson
Ray Quinney & Nebeker P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Direct: 801-323-3346
Fax: 801-532-7543
www.rqn.com

IRS Rules of Practice require us to inform you that advice, if any, in this email (including any attachments) concerning federal tax matters is not intended to be used, and cannot be used or relied upon for the purpose of avoiding penalties under the Internal Revenue Code, nor for promoting, marketing or recommending any transaction or matter addressed herein.
This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

12/15/2006