| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFF**<br>USA Commercial Mortgage Company | **DEFENDANT**<br>Salvatore Reale |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Lenard E. Schwartzer, Esq.<br>Jeanette E. McPherson, Esq.<br>Schwartzer & McPherson Law Firm<br>2850 South Jones Blvd., Suite 1<br>Las Vegas NV  89146<br>(702) 228-7590 | ATTORNEYS (If Known) |

**PARTY** (Check one box only)      ☐ 1 U.S. PLAINTIFF      ☐ 2 U.S. DEFENDANT      ■ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
11 U.S.C. §544, 548 and §550
NRS 112.180

**NATURE OF SUIT**
(Check the one most appropriate box only.)

- ■ 454 To Recover Money or Property
- ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
- ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☐ 424 To object or to revoke a discharge 11 U.S.C. §727
- ☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan
- ☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523
- ☐ 434 To obtain an injunction or other equitable relief
- ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan
- ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 498 Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only.)      ■ 1 Original Proceeding      ☐ 2 Removed Proceeding      ☐ 4 Reinstated or Reopened      ☐ 5 Transferred from Another Bankruptcy Court      ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| **DEMAND** | NEAREST THOUSAND<br>$4,000,000.00 | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>USA Commercial Mortgage Company<br>USA Capital Realty Advisors, LLC<br>USA Capital Diversified Trust Deed Fund, LLC<br>USA First Trust Deed Fund, LLC<br>USA Securities, LLC | BANKRUPTCY CASE NO.<br>BK-S-06-10725 LBR<br>BK-S-06-10726 LBR<br>BK-S-06-10727 LBR<br>BK-S-06-10728 LBR<br>BK-S-06-10729 LBR<br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>NEVADA | DIVISIONAL OFFICE<br>LAS VEGAS | NAME OF JUDGE<br>HONORABLE LINDA B. RIEGLE |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only.)      ■ FEE ATTACHED      ☐ FEE NOT REQUIRED      ☐ FEE IS DEFERRED

| DATE<br>12/18/2006 | PRINT NAME<br>Jeanette E. McPherson, Esq. | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/  Jeanette E. McPherson* |
|---|---|---|

B-104

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com
-and-
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
Jason Imes, Nevada Bar No.
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
Attorneys for Plaintiff, USA Commercial Mortgage Company

E-FILED on December 18, 2006

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>　　　　　　　　　　　　　　　　Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>　　　　　　　　　　　　　　　　Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>　　　　　　　　　　　　　　　　Debtor. | **Jointly Administered Under Case No. BK-S-06-10725 LBR**<br>**Adversary No. 06-** |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>　　　　　　　　　　　　　　　　Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>　　　　　　　　　　　　　　　　Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | **COMPLAINT UNDER 11 U.S.C. §§ 544, 548, AND 550 AND NRS 112.180** |

- 1 -

| USA COMMERCIAL MORTGAGE COMPANY, |
| |
|                                   Plaintiff, |
| vs. |
| SALVATORE REALE, |
|                                   Defendant. |

Plaintiff, USA Commercial Mortgage Company ("USACM"), hereby complains as follows:

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 544, 548, and 550, and NRS 112.180.

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H), and (O).

3. This is an adversary proceeding pursuant to Fed.R.Bankr.P. 7001.

4. This court has venue over this proceeding pursuant to 28 U.S.C. § 1409(a).

## GENERAL ALLEGATIONS

5. On March 8, 2006, USACM transferred the sum of Six Million Dollars ($6,000,000.00) to the bank account of USA Investment Partners LLC ("Investment Partners").

6. The transfer of the $6,000,000.00 to the Investment Partners' bank account caused the Investment Partners' bank account to increase from $39,944.12 to $6,039,944.12.

7. On March 13, 2006, USACM transferred the sum of Two Million Eight Hundred Thousand Dollars ($2,800,000.00) to the bank account of Investment Partners.

8. After the deposit of the $2,800,000 into the bank account for Investment Partners on March 13, 2006, the Investment Partners' bank account was in the amount of $6,475,151.45.

9. On March 13, 2006, Investment Partners transferred the sum of Four Million Dollars ($4,000,000.00) (the "Transfer") from its bank account to Salvatore Reale ("Reale").

10. Upon information and belief, the Transfer was made for payment on a promissory note executed solely by Joseph D. Milanowski ("Milanowski") and Tom Hantges ("Hantges") in

- 2 -

1 favor of Reale (the "Reale Note").

2     11.    Investment Partners is a limited liability company that is owned and controlled by Milanowski and Hantges (or family trusts controlled by them).

    12.    Upon information and belief, at all relevant times, USACM has been a creditor of Investment Partners.

    13.    Upon information and belief, USACM was not financially obligated to Reale under the Reale Note.

    14.    USACM was insolvent on the date of the Transfer.

    15.    USACM (the "Debtor") filed for relief under Chapter 11 of the Bankruptcy Code on April 13, 2006 (the "Petition Date").

**FIRST CAUSE OF ACTION**

**(11 U.S.C. § 548(a)(1)(A))**

    16.    The Debtor repeats and reavers allegations 1 through 15 as if fully set forth herein.

    17.    The Transfer was of an interest of the Debtor in property.

    18.    The Transfer was made within two years of the Petition Date.

    19.    The Transfer was made with the intent to hinder, delay, or defraud entities to which the Debtor was or became indebted to on or after the date the Transfer was made.

**SECOND CAUSE OF ACTION**

**(11 U.S.C. § 548(a)(1)(B))**

    20.    The Debtor repeats and reavers allegations 1 through 19 as if fully set forth herein.

    21.    The Transfer was of an interest of the Debtor in property.

    22.    The Transfer was made within two years of the Petition Date.

    23.    The Debtor received less than a reasonably equivalent value in exchange for the Transfer because the Transfer was made to satisfy obligations not owed by the Debtor.

    24.    The Debtor was insolvent on the date the Transfer was made or became insolvent as a result of the Transfer.

    25.    As a result of the Transfer, the Debtor was engaged in business or a transaction or was about to engage in business or a transaction for which any property remaining with the Debtor

1 was unreasonably small capital.

2     26. As a result of the Transfer, the Debtor intended to incur or believed that it would
3 incur debts that would be beyond its ability to pay as such debts matured.

### THIRD CAUSE OF ACTION

### (11 U.S.C. § 544 and NRS 112.180(1)(a))

27. The Debtor repeats and reavers allegations 1 through 26 as if fully set forth herein.

28. The Transfer was of an interest of the Debtor in property.

29. This claim is being made within four years of the date the Transfer was made.

30. The Debtor made the Transfer with the actual intent to hinder, delay, or defraud creditors of the Debtor.

### FOURTH CAUSE OF ACTION

### (11 U.S.C. § 544 and NRS 112.180(1)(b))

31. The Debtor repeats and reavers allegations 1 through 30 as if fully set forth herein.

32. The Transfer was of an interest of the Debtor in property.

33. This claim is being brought within four years of the date the Transfer was made.

34. The Debtor received less than a reasonably equivalent value in exchange for the Transfer because the Transfer was made to satisfy obligations not owed by the Debtor.

35. The Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or the transaction.

36. The Debtor was engaged in business or a transaction or was about to engage in business or a transaction for which any property remaining with the Debtor was unreasonably small capital.

37. The Debtor intended to incur or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

### FIFTH CAUSE OF ACTION

### (11 U.S.C. §§ 544, 548, and 550(a) and NRS 112.220)

38. The Debtor repeats and reavers allegations 1 through 37 as if fully set forth herein.

39. The Transfer was made to Investment Partners, as an initial transferee.

40. Reale was the person for whose benefit the Transfer was made and was the immediate or subsequent transferee of Investment Partners.

41. The Transfer is avoidable under 11 U.S.C. §§ 544 and 548 and therefore, pursuant to § 550 and NRS 112.220, the Debtor may avoid and recover the Transfer from Reale.

WHEREFORE, USACM prays as follows:

1) For judgment in its favor and against Salvatore Reale in the sum of $4,000,000.00 plus interest pursuant to 28 U.S.C. § 1961(a) and costs.

2) For such other relief that that this Court deems just and proper.

Dated: December 18, 2006

    /s/   Jeanette E. McPherson
Lenard E. Schwartzer, Esq.
Jeanette E. McPherson, Esq.
Jason Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, NV  89146

-and-

Annette Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

Attorneys for USA Commercial Mortgage Company

- 5 -