1  Annette W. Jarvis, Utah Bar No. 1649
   RAY QUINNEY & NEBEKER P.C.
2  36 South State Street, Suite 1400
   P.O. Box 45385
3  Salt Lake City, Utah 84145-0385
   Telephone: (801) 532-1500
4  Facsimile: (801) 532-7543
   Email: ajarvis@rqn.com
5  and
   Lenard E. Schwartzer
6  Nevada Bar No. 0399
   Jeanette E. McPherson
7  Nevada Bar No. 5423
   Schwartzer & McPherson Law Firm
8  2850 South Jones Boulevard, Suite 1
   Las Vegas, Nevada  89146-5308
9  Telephone:  (702) 228-7590
   Facsimile:  (702) 892-0122
10  E-Mail:  bkfilings@s-mlaw.com
    Attorneys for Debtors

**E-FILED on December 18, 2006**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>　　　　　　　　　　　　　　　　Debtor. | Case Nos. BK-S-06-10725 LBR<br>Case Nos. BK-S-06-10726 LBR<br>Case Nos. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>　　　　　　　　　　　　　　　　Debtor. | Case Nos. BK-S-06-10728 LBR<br>Case Nos. BK-S-06-10729 LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>　　　　　　　　　　　　　　　　Debtor. | **SUPPLEMENT TO DEBTORS'<br>COMBINED MOTION *IN LIMINE*<br>AND MEMORANDUM IN SUPPORT<br>REGARDING OBJECTION OF USA** |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>　　　　　　　　　　　　　　　　Debtor. | **INVESTMENT PARTNERS, LLC,<br>JOSEPH MILANOWSKI AND<br>THOMAS HANTGES TO** |
| In re:<br>USA SECURITIES, LLC,<br>　　　　　　　　　　　　　　　　Debtor. | **CONFIRMATION OF THE<br>DEBTORS' THIRD AMENDED<br>JOINT CHAPTER 11 PLAN OF<br>REORGANIZATION AND THE<br>DECLARATION OF VICTORIA S.** |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | **LOOB**<br><br>Date:  December 19, 2006<br>Time:  9:30 a.m. |

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    Debtors USA Commercial Mortgage Company ("USA Mortgage"), USA Securities, LLC

2    ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified

3    Trust Deed Fund ("USA Diversified"), and USA Capital First Trust Deed Fund ("USA First")

4    (collectively referred to as "Debtors"), by and through their counsel, Ray Quinney & Nebeker

5    P.C., hereby supplements Debtors' Combined Motion *In Limine* (Docket No. 2149) and requests

6    entry of an Order pursuant to Fed. R. Civ. P. 37(b) and (d), made applicable by Fed. R. Bankr. P.

7    7037 and Fed. R. Bankr. P. 9014, excluding the Declaration of Victoria S. Loob in Support of

8    Objection of USA Investment Partners, LLC, Joseph Milanowski and Thomas Hantges to

9    Confirmation of the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization filed on

10   December 11, 2006 (the "Loob Declaration") (Docket No. 2051) and submit their memorandum in

11   support herein.

12                                    **JURISDICTION AND VENUE**

13           1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and

14   1334.  This is a core proceeding under 28 U.S.C. § 157(b).

15           2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  No

16   prior application has been filed for the relief requested herein.

17                                         **BACKGROUND**

18           3.      On or about April 13, 2006, the Debtors filed voluntary petitions for relief under

19   chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors continue

20   to operate their businesses and manage their properties as debtors in possession pursuant to

21   sections 1107 and 1108 of the Bankruptcy Code.

22           4.      The Debtors' Third Amended Joint Chapter 11 Plan of Reorganization ("Debtors'

23   Plan of Reorganization") was filed on November 15, 2006 (Docket No. 1799).

24           5.      On December 11, 2006, USA Investment Partners, LLC ("USAIP"), Joseph

25   Milanowski ("Milanowski") and Thomas Hantges ("Hantges") filed their Objection to

26   Confirmation of the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (docket no.

27   2051 (the "USAIP Objection").

28           6.      The Loob Declaration was attached as Exhibit A to the USAIP Objection.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    7.    On December 12, 2006, the Debtors filed their Ex Parte Application for Order

2    Approving the Examination of Victoria Loob Pursuant to Fed. R. Bankr. P. 2004 (docket no.

3    2054).

4    8.    On December 14, 2006, the Court entered its Order Requiring Victoria Loob to

5    Appear for Examination Pursuant to Fed. R. Bankr. P. 2004 (the "2004 Order").  The 2004 Order

6    required Victoria Loob to appear on December 18, 2006 at 9:30 a.m. prevailing Pacific Time.

7    9.    Although Victoria Loob appeared as the 2004 Order required, she refused to testify

8    regarding the statements made in the Loob Declaration and invoked her Fifth Amendment right

9    against self-incrimination.  A copy of the transcript from the 2004 Examination of Victoria Loob

10    is attached as Exhibit 1.

11    10.    The Debtors hereby requests entry of an Order pursuant to Fed. R. Civ. P. 37(b)

12    and (d), made applicable by Fed. R. Bankr. P. 9014, excluding the Loob Declaration.

13    <u>**Argument**</u>

14    Victoria Loob and the USAIP Objection are trying to have it both ways – to have the

15    benefit of the direct testimony contained in the Loob Declaration, while simultaneously invoking

16    the Fifth Amendment to protect against cross-examination on the very statements contained in the

17    Loob Declaration.  However, the law has been long settled that "[o]nce the decision to testify has

18    been made, … the [witness] exposes himself to a full cross-examination concerning matters

19    relevant to his direct testimony." *United States v. Panza*, 612 F.2d 432, 437 (9th Cir. 1980).  The

20    United States Supreme Court has stated:

21    [A] witness has the choice, after weighing the advantage of the privilege against
      self-incrimination against the advantage of putting forward his version of the facts
22    and his reliability as a witness, not to testify at all.  He cannot reasonably claim that
      the Fifth Amendment gives him not only his choice, but, if he elects to testify, an
23    immunity from cross-examination on the matters he has himself put in dispute.  It
      would make of the Fifth Amendment not only a humane safeguard against
24    judicially coerced self-disclosure but a positive invitation to mutilate the truth a
25    party offers to tell.

26    *Brown v. United States*, 356 U.S. 148, 155-56, 78 S.Ct. 622, 627, 2 L.Ed.2d 589 (1958).  Simply

27    put, "[o]nce he takes that stand, the [witness] may no longer refuse to answer questions regarding

28

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    unprivileged matters reasonably related to his direct testimony." *Panza*, 612 F.2d at 438 (citations

2    omitted).

3        The Ninth Circuit Court of Appeals has upheld a trial court's decision to strike a witness's

4    affirmative testimony when that witness invokes the Fifth Amendment to avoid cross-examination

5    related to the affirmative testimony. *See Panza*, 612 F.2d at 438. A trial court is given broad

6    discretion to control the conduct of trial. "Historically the trial court's discretion has included the

7    power to strike the testimony of a witness who refuses to answer questions on cross-examination."

8    *Id.* (citing 5 Wigmore on Evidence § 1364, 1390 (Chadbourn ed. 1974); McCormick on Evidence

9    §19 (Cleary ed. 1972)). Additionally, Fed. R. Civ. P. Rule 37(d) allows a court to sanction a party

10   for failing to testify at a properly noticed 2004 examination by entering an "order striking out

11   pleadings or parts thereof" filed by the offending party. Fed. R. Civ. P. 37(d) and (b)(2)(C).

12       In the instant case, Victoria Loob refused to testify regarding matters relevant to the

13   statements contained in her Declaration. Indeed, Ms. Loob invoked her Fifth Amendment right

14   when responding to questions as to whether she even recognized the Loob Declaration or if it was

15   her signature on the Loob Declaration. *See* 2004 Transcript, p. 11 ln. 10-20 (Exhibit 1). As a

16   result, Debtors were unable to obtain information necessary to adequately address and respond to

17   the allegations of the Loob Declaration and the USAIP Objection. The Debtors will be unfairly

18   prejudiced if the Court considers the Loob Declaration while at the same time the Debtors have

19   been deprived of the opportunity to conduct discovery on the USAIP Objection. Accordingly, the

20   Court should enter an order excluding the Loob Declaration.

21       Furthermore, when asked if Ms. Loob would be attending the Confirmation Hearing, Ms.

22   Loob invoked her Fifth Amendment rights and her counsel represented that "Unless Ms. Loob

23   receives a subpoena to appear as a witness by some party, she does not intend on appearing."

24   2004 Transcript, p. 12 ln. 22-24 (**Exhibit 1**). This Court has ordered that

25       all declarants or affiants must appear, and be available, without need for
         subpoena, for cross-examination at the Confirmation Hearing (except for
26       declarants making declarations of service). The testimony of any declarant or
         affiant who does not present himself or herself for cross-examination at the
27       Confirmation Hearing will be stricken from the record and will not be considered
         in determining contested issues at the Confirmation Hearing, unless such party's
28       appearance has been excused by prior order of the Court.

1   Order Approving: (A) Debtors' Disclosure Statement; (B) Proposed Notice of Confirmation

2   Hearing; (C) Proposed Solicitation and Notice Procedures; and (D) Proposed Form of Ballots,

3   ¶ 12(b).   Accordingly, the Debtors' respectfully request that the Loob Declaration be stricken on

4   this basis as well.

5                                         **Conclusion**

6          For the reasons set forth above, Debtors respectfully request the Court enter an order

7   excluding the Loob Declaration and for such other relief as the Court deems just and reasonable.

8          DATED this 18th day of December, 2006.

9

10                                                  _/s/  Jeanette E. McPherson_
11                                          Lenard E. Schwartzer, NV Bar No. 0399
                                            Jeanette E. McPherson, NV Bar No. 5423
12                                          SCHWARTZER & MCPHERSON LAW FIRM
                                            2850 South Jones Blvd., Suite 1
13                                          Las Vegas, Nevada 89146

14                                          AND

15                                          Annette W. Jarvis (Utah Bar No. 1649)
16                                          Steven C. Strong (Utah Bar No. 6340)
                                            RAY QUINNEY & NEBEKER P.C.
17                                          36 South State Street, 14th Floor
                                            P.O. Box 45385
18                                          Salt Lake City, Utah 84145-0385
19                                          Email: ajarvis@rqn.com
                                            Email: strong@rqn.com
20

21                                          *Attorneys for USA Commercial Mortgage Co.*

22

23   905494

24

25

26

27

28

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

*"Exhibit 1"*

# In The Matter of:

*v.*

---

*DEPOSITION OF:*

## *Victoria S. Loob*
## *Volume 1*
### *December 18, 2006*

---

*Associated Reporters of Nevada*
*Certified Court Reporters*
*2300 W. Sahara Avenue*
*Suite 770*
*Las Vegas, NV 89102*
*(702) 382-8778    FAX: (702) 382-2050*

**Word Index Included**

Page 1

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:                              )
USA COMMERCIAL MORTGAGE             )
COMPANY,                            )
              Debtor.               )    JOINTLY ADMINISTERED
                                    )    UNDER:
In re:                              )    CASE NO.
USA CAPITAL REALTY                  )    BK-S-06-10725 LBR
ADVISORS, LLC,                      )
              Debtor.               )
                                    )
In re:                              )
USA CAPITAL DIVERSIFIED             )
TRUST DEED FUND, LLC,               )
              Debtor.               )
                                    )
In re:                              )
USA CAPITAL FIRST TRUST             )
DEED FUND, LLC,                     )
              Debtor.               )
                                    )
In re:                              )
USA SECURITIES, LLC,                )
              Debtor.               )

EXAMINATION UNDER OATH OF VICTORIA S. LOOB

Taken on Monday, December 18, 2006

At 10:56 a.m.

At 4484 South Pecos Road

Las Vegas, Nevada

REPORTED BY: MARILYN SPECIALE, CRR, RPR, CCR #749

Page 2

1 APPEARANCES:

2

3 For Mesirow Financial:

4                          LEONARD E. SCHWARTZER, ESQ.
                           Schwartzer & McPherson Law Firm
5                          2850 South Jones Boulevard, Suite 1
                           Las Vegas, Nevada 89146
6

7 For USA Investment Partners:

8                          DOUGLAS E. GRIFFITH, ESQ.
                           Kesler & Rust
9                          McIntyre Building, 2nd Floor
                           68 South Main Street
10                         Salt Lake City, Utah 84101

11                         RUSSELL S. WALKER, ESQ.
                           Woodbury & Kelser
12                         265 East 100 South, Suite 300
                           P.O. Box 3358
13                         Salt Lake City, Utah 84111

14 For Ron Weddell & Spectrum Financial Group:

15                         ELISSA F. CADISH, ESQ.
                           Hale Lane
16                         3930 Howard Hughes Parkway
                           Fourth Floor
17                         Las Vegas, Nevada 89109

18 For USACM Creditors Committee:

19                         JOHN HINDEROKER, ESQ.
                           Lewis & Roca LLP
20                         One South Church Avenue
                           Suite 700
21                         Tucson, Arizona 85701

22 For First Trust Deed Committee, USA Capital Case:

23                         SHLOMO SHERMAN, ESQ.
                           Shea & Carlyon
24                         228 South Fourth Street
                           First Floor
25                         Las Vegas, Nevada 89101

Page 3

1 For Victoria Loob:

2                        MARK DZARNOSKI, ESQ.
                        Gentile DePalma
3                        3960 Howard Hughes Parkway
                        Suite 850
4                        Las Vegas, Nevada 89109

5 Also Present:

6                        Mesirow Financial Consulting, LLC
                        By: THOMAS J. ALLISON
7                        Chief Restructuring Officer
                        321 North Clark Street
8                        Chicago, Illinois 60610

9                        SUSAN SMITH
                        Senior Vice President
10                       2 South Biscayne Boulevard
                        Suite 1800
11                       Miami, Florida 33131

12                       JAMES ATKINSON
                        Senior Managing Director
13                       666 Third Avenue
                        21st Floor
14                       New York, New York 10017

15

16

17

18

19

20

21

22

23

24

25

Page 4

                    I N D E X

  Witness:  VICTORIA LOOB                    Page

       BY MR. SCHWARTZER                      5
       BY MS. CADISH                         10
       BY MR. SCHWARTZER                     11


                  E X H I B I T S

  Number      Description                    Page
 1            Declaration of Victoria S. Loob  5

Page 5

1          (Exhibit 1 was marked.)

2

3 Thereupon--

4                    VICTORIA LOOB,

5 was called as a witness, and having been first duly

6 sworn, was examined and testified as follows:

7

8                    EXAMINATION

9 BY MR. SCHWARTZER:

10     Q.  Miss Loob, my name is Leonard Schwartzer.  I'm

11 here to take your examination under oath pursuant to

12 Bankruptcy Rule 2004 in the cases of USA Commercial

13 Mortgage Company and its affiliates.

14          I see you're here present with your counsel,

15 Mr. Dzarnoski.

16          Is there any reason today that you can't have

17 your examination under oath taken, that you have a

18 physical disability or medical problem or anything like

19 that?

20     A.  No, I don't.

21     Q.  Did you receive a copy of the order for your

22 appearance today to answer questions about the debtors'

23 activities?

24     A.  Yes, I did.

25     Q.  Okay.  What is your full legal name?

1      A.   Victoria Suzanne Loob.

2      Q.   And, Miss Loob, the court reporter, where

3 could she contact you; do you want it to be you or do

4 you want it to be through your attorney?

5           MR. DZARNOSKI:   Through counsel, please.

6 BY MR. SCHWARTZER:

7      Q.   Were you formerly employed by USA Commercial

8 Mortgage?

9      A.   On the advice of counsel, I decline to answer

10 the question asserting my rights secured to me by the

11 Fifth Amendment to the United States Constitution.

12     Q.   Miss Loob, were you formerly a loan servicing

13 officer and a general administrator of USA Commercial

14 Mortgage?

15     A.   On advice of counsel, I decline to answer the

16 question asserting my rights secured to me by the Fifth

17 Amendment to the United States Constitution.

18     Q.   Were you a signatory on the USA Commercial

19 Collection Account?

20     A.   On the advice of counsel, I decline to answer

21 the question asserting my rights secured to me by the

22 Fifth Amendment of the United States Constitution.

23     Q.   Are you familiar with the way USA Commercial

24 Mortgage operated the USA Commercial Mortgage Trust

25 Account?

1      A.  On the advice of counsel, I decline to answer

2 the question asserting my rights secured to me by the

3 Fifth Amendment of the United States Constitution.

4      Q.  Was the USA Commercial Mortgage Trust Account

5 kept as a trust account which only had the funds of

6 other parties, not the funds of USA Commercial Mortgage?

7      A.  On the advice of counsel, I decline to answer

8 the question asserting my rights secured to me by the

9 Fifth Amendment of the United States Constitution.

10      Q.  Prior to the filing, would USA Commercial

11 Mortgage deposit all interest and principal repayments

12 collected from borrowers on loans into the USA

13 Commercial Mortgage Trust Account?

14      A.  On the advice of counsel, I decline to answer

15 the question asserting my rights secured to me by the

16 Fifth Amendment of the United States Constitution.

17      Q.  Were funds from other sources, other than the

18 repayments collected from borrowers, ever deposited in

19 the USA Commercial Trust Account?

20      A.  On the advice of counsel, I decline to answer

21 the question asserting my rights secured to me by the

22 Fifth Amendment of the United States Constitution.

23      Q.  Were the funds in the USA Commercial Trust

24 Account only paid out to lenders according to the

25 provisions of lenders' specific loan agreements?

Page 8

1      A.   On the advice of counsel, I decline to answer

2 the question asserting my rights secured to me by the

3 Fifth Amendment of the United States Constitution.

4      Q.   Were the funds paid in by borrowers that were

5 deposited into the USA Commercial Mortgage Trust Account

6 always disbursed to the lenders in a timely manner?

7      A.   On the advice of counsel, I decline to answer

8 the question asserting my rights secured to me by the

9 Fifth Amendment of the United States Constitution.

10      Q.   Were the funds on deposit in the USA

11 Commercial Trust Account every commingled with the funds

12 of USA Commercial Mortgage?

13      A.   On the advice of counsel, I decline to answer

14 the question asserting my rights secured to me by the

15 Fifth Amendment of the United States Constitution.

16      Q.   Were funds of USA Commercial Mortgage ever

17 deposited in the USA Commercial Trust Account?

18      A.   On the advice of counsel, I decline to answer

19 the question asserting my rights secured to me by the

20 Fifth Amendment of the United States Constitution.

21      Q.   On any occasion was any funds from the USA

22 Commercial Trust Account paid to USA Investment

23 Partners?

24      A.   On the advice of counsel, I decline to answer

25 the question asserting my rights secured to me by the

1 Fifth Amendment of the United States Constitution.

2      Q.  On any occasion were the funds in the USA

3 Commercial Trust Account ever paid to creditors of USA

4 Commercial Mortgage?

5      A.  On the advice of counsel, I decline to answer

6 the question asserting my rights secured to me by the

7 Fifth Amendment of the United States Constitution.

8      Q.  On any occasion were the funds in the USA

9 Commercial Trust Account ever paid to creditors of

10 Thomas Hantges?

11      A.  On the advice of counsel, I decline to answer

12 the question asserting my rights secured to me by the

13 Fifth Amendment of the United States Constitution.

14      Q.  On any occasion were the funds in the USA

15 Commercial Trust Account ever paid to creditors of

16 Joseph Milanowski?

17      A.  On the advice of counsel, I decline to answer

18 the question asserting my rights secured to me by the

19 Fifth Amendment of the United States Constitution.

20      Q.  On any occasion were the funds in the USA

21 Commercial Trust Account ever paid to yourself

22 personally?

23      A.  On advise of counsel, I decline to answer the

24 question asserting my rights secured to me by the Fifth

25 Amendment of the United States Constitution.

1      Q.   Did USA Commercial Mortgage ever include the

2 USA Commercial Mortgage Trust Account as an asset on any

3 USA Commercial Mortgage corporate balance sheet?

4      A.   On the advice of counsel, I decline to answer

5 the question asserting my rights secured to me by the

6 Fifth Amendment of the United States Constitution.

7           MR. SCHWARTZER:   I have no further questions

8 at this time.

9           I would, of course, have questions if I had

10 answers to the questions I had asked in a format that

11 was useful.

12           Does any other counsel have questions?

13           MS. CADISH:   I do.

14                     EXAMINATION

15 BY MS. CADISH:

16      Q.   Were you formerly known as Victoria Hessling?

17      A.   Yes.

18      Q.   When did your name change?

19      A.   I got married in 2001.

20      Q.   And that's when your name changed?

21           Is that yes?

22      A.   Yes, 2001.

23      Q.   I think this is where my luck is going to end.

24 But how are you presently employed?

25      A.   On the advice of counsel, I decline to answer

1 the question asserting my rights secured to me by the

2 Fifth Amendment of the United States Constitution.

3          MS. CADISH:  I have no more questions.  Thank

4 you.

5          MR. SCHWARTZER:  Could we take a break?

6          (Recess taken.)

7          MR. SCHWARTZER:  Two more questions.

8                          EXAMINATION

9 BY MR. SCHWARTZER:

10      Q.  I put in front of you what has been marked as

11 Exhibit 1 which appears to be a declaration with your

12 signature on it.  Do you recognize that document?

13      A.  On the advice of counsel, I decline to answer

14 the question asserting my rights secured to me by the

15 Fifth Amendment to the United States Constitution.

16      Q.  Okay.  Looking at Exhibit 1, is that your

17 signature on Page 3?

18      A.  On the advice of counsel, I decline to answer

19 the question asserting my rights secured to me by the

20 Fifth Amendment to the United States Constitution.

21      Q.  Are any of the statements in this declaration

22 true?

23      A.  On the advise of counsel, I decline to answer

24 the question asserting my rights secured to me by the

25 Fifth Amendment to the United States Constitution.

1      Q.  Are any of the questions -- are any of the

2 statements in the declaration false?

3      A.  On the advice of counsel, I decline to answer

4 the question asserting my rights secured to me by the

5 Fifth Amendment to the United States Constitution.

6      Q.  Who requested that you sign this declaration

7 that's been marked as Exhibit 1?

8      A.  On the advice of counsel, I decline to answer

9 the question asserting my rights secured to me by the

10 Fifth Amendment to the United States Constitution.

11      Q.  Are you going to be attending the confirmation

12 hearing tomorrow in the case of the debtors?

13      A.  On the advice of counsel, I decline to answer

14 the question asserting my rights secured to me by the

15 Fifth Amendment to the United States Constitution.

16           MR. SCHWARTZER:  I'd certainly disagree with

17 whether or not she will attend a hearing.

18           MR. DZARNOSKI:  I'll make a representation on

19 the record if you would like.

20           MR. SCHWARTZER:  I would love to have that

21 representation.

22           MR. DZARNOSKI:  Yes.  Unless Miss Loob

23 receives a subpoena to appear as a witness by some

24 party, she does not intend on appearing.

25           MR. SCHWARTZER:  Okay.

1    I have no further questions.  Thank you.

2    Does anyone else have any questions?

3    Okay.  Thank you.

4    (Adjourned at 11:09 a.m.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 14

1                    CERTIFICATE OF REPORTER

2 STATE OF NEVADA      )
                       ) ss.
3 COUNTY OF CLARK      )

4            I, Marilyn Speciale, a duly commissioned

5 Notary Public, Clark County, State of Nevada, do hereby

6 certify:   That I reported the examination under oath of

7 VICTORIA S. LOOB, commencing on Monday, December 18,

8 2006, at 10:56 a.m.

9            That prior to being deposed, the witness was

10 duly sworn by me to testify to the truth.   That I

11 thereafter transcribed my said shorthand notes into

12 typewriting and that the typewritten transcript is a

13 complete, true and accurate transcription of my said

14 shorthand notes.

15           I further certify that I am not a relative or

16 employee of counsel of any of the parties, nor a

17 relative or employee of the parties involved in said

18 action, nor a person financially interested in the

19 action.

20           IN WITNESS WHEREOF, I have set my hand in my

21 office in the County of Clark, State of Nevada, this

22 18th day of December, 2006.

23

24

25           MARILYN SPECIALE, CRR,RPR,CCR #749