1   Annette W. Jarvis, Utah Bar No. 1649                    **E-Filed December 18, 2006**
    RAY QUINNEY & NEBEKER P.C.
2   36 South State Street, Suite 1400
    P.O. Box 45385
3   Salt Lake City, Utah 84145-0385
    Telephone: (801) 532-1500
4   Facsimile: (801) 532-7543
    Email: ajarvis@rqn.com
5
6   and

7   Lenard E. Schwartzer
    Nevada Bar No. 0399
8   Jeanette E. McPherson
    Nevada Bar No. 5423
9   Schwartzer & McPherson Law Firm
    2850 South Jones Boulevard, Suite 1
10  Las Vegas, Nevada  89146-5308
    Telephone:  (702) 228-7590
11  Facsimile:  (702) 892-0122
    E-Mail:  bkfilings@s-mlaw.com
12  Attorneys for Debtors

13                        **UNITED STATES BANKRUPTCY COURT**
                              **DISTRICT OF NEVADA**

14  In re:                                    Case Nos. BK-S-06-10725 LBR
                                              Case Nos. BK-S-06-10726 LBR
15  USA COMMERCIAL MORTGAGE COMPANY,          Case Nos. BK-S-06-10727 LBR
                                    Debtor.   Case Nos. BK-S-06-10728 LBR
16                                            Case Nos. BK-S-06-10729 LBR
    In re:
17  USA CAPITAL REALTY ADVISORS, LLC,
                                    Debtor.   Chapter 11
18
    In re:
19  USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,   **NOTICE OF FILING OF FORM OF
                                    Debtor.         DISBURSING AGENT AGREEMENTS**
20
    In re:                                    **Relevant to Confirmation Hearing**
21  USA CAPITAL FIRST TRUST DEED FUND, LLC,
                                    Debtor.
22                                            **Date: December 19, 2006**
    In re:                                    **Time:  10:00 a.m.**
23  USA SECURITIES, LLC,
                                    Debtor.
24  Affects:
        ☒  All Debtors
25      ☐  USA Commercial Mortgage Company
        ☐  USA Securities, LLC
26      ☐  USA Capital Realty Advisors, LLC
        ☐  USA Capital Diversified Trust Deed Fund, LLC
27      ☐  USA First Trust Deed Fund, LLC
28

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    Debtors USA Commercial Mortgage Company ("USACM"), USA Capital First Trust

2  Deed Fund ("FTDF"), USA Capital Realty Advisors, LLC ("USA Realty"), and USA Securities,

3  LLC ("USA Securities") (collectively, the "Debtors"), by and through their counsel and as

4  represented in the "Memorandum of Points and Authorities in Support of Confirmation of the

5  Debtors' Third Amended Joint Plan,"[1] hereby respectfully submit the form of the Disbursing

6  Agent Agreements contemplated under Article VII Section E of the Plan.  Attached hereto as

7  Exhibits "1" through "4," are the following documents:

8    Exhibit "1"    Form of a Disbursing Agent Agreement between USACM and
               Development Specialists, Inc. ("DSI");
9

10    Exhibit "2"    Form of a Disbursing Agent Agreement between FTDF and DSI;

11    Exhibit "3"    Form of a Disbursing Agent Agreement between USA Realty and DSI; and

12    Exhibit "4"    Form of a Disbursing Agent Agreement  between USA Securities and DSI.

13    Please take notice that the attached Disbursing Agent Agreements are forms that are

14  subject to revision based upon continuing negotiations between the Debtors, DSI, and, if

15  applicable, the Official Committee of Equity Security Holders of FTDF or the Official Unsecured

16  Creditors' Committee for USACM. The hourly rates disclosed in these agreements have not been

17  approved by DSI and are subject to revision. At the Confirmation Hearing, the Debtors may

18  present further revisions to these documents.

19    DATED:  December 18, 2006.        /s/Lenard E. Schwartzer
                          Lenard E. Schwartzer (Nevada Bar No. 0399)
20                          Jeanette E. McPherson (Nevada Bar No. 5423)
                          SCHWARTZER & MCPHERSON LAW FIRM
21                          2850 South Jones Blvd., Suite 1
                          Las Vegas, Nevada 89146
22                          and
                          Annette W. Jarvis (Utah Bar No. 1649)
23                          Steven C. Strong (Utah Bar No. 6340)
24                          RAY QUINNEY & NEBEKER P.C.
                          36 South State Street, 14th Floor
25                          P.O. Box 45385
                          Salt Lake City, Utah 84145-0385
26

27

28  [1] Memorandum at 19-20 (form Disbursing Agent Agreements to be filed prior to the Confirmation Hearing).

# EXHIBIT 1

# DISBURSING AGENT AGREEMENT

This Disbursing Agent Agreement dated _____, 200__ ("Agreement"), is made between the principal, on the one hand, which is USA COMMERCIAL MORTGAGE COMPANY, USA (the "Principal") and whose address is 4484 Pecos Avenue, Las Vegas, Nevada 89121, and the agent, on the other hand, which is DEVELOPMENT SPECIALISTS, INC. (the "Agent") and whose address is Wells Fargo Center, 333 South Grand Avenue, Suite 4070, Los Angeles, California 90071-1544.

A.      On April 13, 2006, the following entities filed petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, District of Nevada (the "Court"): USA Commercial Mortgage Company, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC, and USA Securities, LLC, debtors. The debtors' Chapter 11 cases are being jointly administered in the case styled *In re USA Commercial Mortgage Company,* Case No. BK-S-06-10725-LBR.

B.      The Principal is one of the debtors named in Recital A above.

C.      The Agent is a corporation organized under the laws of the State of Illinois.

D.      On _____, 2006, the Court entered an Order confirming the debtors' Chapter 11 Plan (the "Plan"). Unless otherwise stated, all capitalized terms used herein are defined in the Plan.

E.      Geoffrey L. Berman, an officer of the Agent and the duly-appointed USACM Trustee of the USACM Trust, is the Disbursing Agent for the USACM Trust pursuant to Article IV Section E.2 of the Plan.

F.      Under the Plan, the holders of Allowed Administrative Expense Claims, Allowed Priority Tax Claims and Allowed Class A-1, A-2 and A-3 Claims will be paid from the USACM Estate, not from the USACM Trust ("Nontrust Claims"), and Cash to pay these Nontrust Claims will be retained by USACM and will not be transferred to the USACM Trust ("Nontrust Cash").

G.      USACM requires a Disbursing Agent to administer and disburse the Nontrust Cash.

**NOW THEREFORE,** for good and lawful consideration, the adequacy and receipt of which are hereby acknowledged, the parties hereto, intending themselves to be legally bound, do agree and covenant as follows:

1.      **General**. The Principal employs the Agent as its Disbursing Agent.

2.      **Services To Be Provided**. The Agent agrees to perform the following services on behalf of the Principal:

a)      Accept the Nontrust Cash from the Principal, including any Cash reserves required under Article VII Section B of the Plan.

b)      Establish and maintain any necessary bank accounts in accordance with the Plan.

c)      Maintain and administer the Cash reserves required under and established pursuant to Article VII Section B of the Plan, make disbursements from any Cash reserve as required under Article VII Section B.4 of the Plan, and release Cash reserves in accordance with Article VII Section B.5 of the Plan.

d)      Disburse the Nontrust Cash: first, to Agent, reasonable compensation for services rendered and reimbursement of reasonable and actual out-of-pocket expenses incurred in connection with such services in accordance with Article VII Section E.4 of the Plan; second, to Mesirow Interim Financial Management LLC and its professionals reasonable compensation for services rendered and reimbursement of reasonable and actual out-of-pocket expenses incurred, if any, in administering the Principal's Estate after the Effective Date; third, to the holders of Allowed Claims against the Principal in accordance with the terms of the Plan; and fourth, after a final distribution to holders of Nontrust Claims and the release of all Cash reserves, to the USACM Trust in accordance with the Plan.

e)      Pay any and all Statutory Fees in accordance with the Plan.

f)      Comply with the terms of Article VII of the Plan in making distributions from the Cash reserves, including, but not limited to, the form of distributions, the delivery of distributions, the administration of undeliverable, returned distributions, and de minimis distributions.

g)      Pursuant to Article VII Section H of the Plan, the Agent shall comply with all withholding and reporting requirements imposed on it by any governmental unit, and all distributions from the Cash reserves pursuant to the Plan shall be subject to such withholding and reporting requirements.

h)      Execute such documents, or take such actions, as are necessary to effectuate the transactions provided for herein.

i)      If so directed by the Principal in writing, prepare and serve on the holders of Nontrust Claims, and holders of Disputed Administrative Expense Claims, Disputed Priority Tax Claims and Disputed Class A-1, A-2 and A-3 Claims, and File with the Court a notice of Effective Date on behalf of the Principal.

j)      If so directed by the Principal in writing, prepare, serve and, if applicable, File the status reports required under Article VIII Section T of the Plan with regard to the Nontrust Cash.

k)      If so directed by the Principal in writing, after release of any and all Cash reserves and a final distribution of the Nontrust Cash, prepare a final report related to the Nontrust Cash and serve such report on the USACM Trustee.

l)      Cooperate with the USACM Trustee in preparing a final report in the USACM Chapter 11 Case in accordance with Article VIII Section U of the Plan related to the disbursements made by the Agent pursuant to the Plan and this Agreement.

m)      Post any bond requested by the Principal or required by the Court.

3.      **Payments To Agent**.  In accordance with the Plan and paragraph d above, the Principal agrees to pay the Agent reasonable compensation for services rendered and reimbursement of reasonable and actual out-of-pocket expenses incurred in connection with such services.  The Principal and the Agent agree that the following current hourly rates of the Agent shall apply in this case; provided, however, that the total blended hourly rate shall not exceed $290.00 per hour, and the Agent will not be paid for its travel time.

| Rate per hour | Services of |
| --- | --- |
| $525.00 | William A. Brandt, Jr. |
| $420.00 | Geoffrey L. Berman |
| $390.00 | A. Kyle Everett |
| $200.00 | Matthew P. Sorenson |
| $390.00-$525.00 | Senior Consultants |
| $295.00-$370.00 | Consultants |
| $95.00-$290.00 | Junior Consultants |

4.      **Term Of Agreement**.  The Agreement shall become effective upon approval by the Court and shall continue in effect, notwithstanding any prior dissolution or termination of the Principal under applicable law, the entry by the Court of a Final Decree in the Principal's Chapter 11 Case.

5.      **Termination Of This Agreement**.  This Agreement may be terminated prior to the entry of a Final Decree in the Principal's Chapter 11 Case only with the approval of the Court.  If the Agent desires to terminate this Agreement, the Agent shall File a request to do so with the Court and serve the notice on the United States trustee and the Principal, or if Principal is no longer in existence, then on the United States trustee and all holders of Claims against the Principal who may be entitled to receive distributions pursuant to the Plan, including the holders of any Disputed Claims.  If the Principal desires to terminate this Agreement, the Principal shall File a request to do so with the Court and serve the notice on the United States trustee and the Agent or, if the Agent is no longer in existence, on the United States trustee and the Agent's successors in interest and all other Entities who may be entitled to receive payments pursuant to this Agreement.  All such notices shall be by certified mail or delivered personally.

6.      **Entire Agreement**.  This Agreement expresses the entire contract between the Principal and the Agent regarding this matter.  This Agreement can only be modified with another written Agreement, signed by both the Principal and the Agent, and approved by the Court.  This Agreement shall be binding upon both the Principal and the Agent and their respective legal representatives and successors in interest, subject to any order of the Court.

3

7.    **Governing Law**.  This Agreement shall be interpreted according to the laws of the State of Nevada.

8.    **Independent Contractors**.  Both the Agent and the Principal agree that the relationship created by this Agreement is that of independent contractor and not that of employee and employer.  The Agent is responsible for the payment of any taxes, including without limitation, all Federal, State and local personal and business income taxes, sales and use taxes, other business taxes and license fees arising out of the activities of the Agent under this Agreement.

9.    **Time**.  Time is of the essence of this Agreement and each and every provision hereof.  Any extension of time granted for the performance of any duty under this Agreement shall not be considered an extension of time for the performance of any other duty under this Agreement.

10.    **Successors and Assigns**.  This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors in interest and assigns.

Executed as of the date first written above.


USA COMMERCIAL MORTGAGE COMPANY, USA
 "Principal"


By: _____

Its: _____



DEVELOPMENT SPECIALISTS, INC.
"Agent"


By: _____

Its: _____

4

# EXHIBIT 2

## DISBURSING AGENT AGREEMENT

This Disbursing Agent Agreement dated _____, 200__ ("Agreement"), is made between the principal, on the one hand, which is USA CAPITAL FIRST TRUST DEED FUND, LLC (the "Principal") and whose address is 4484 Pecos Avenue, Las Vegas, Nevada 89121, and the agent, on the other hand, which is DEVELOPMENT SPECIALISTS, INC. (the "Agent") and whose address is Wells Fargo Center, 333 South Grand Avenue, Suite 4070, Los Angeles, California 90071-1544.

A.      On April 13, 2006, the following entities filed petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, District of Nevada (the "Court"): USA Commercial Mortgage Company, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC, and USA Securities, LLC, debtors. The debtors' Chapter 11 cases are being jointly administered in the case styled *In re USA Commercial Mortgage Company,* Case No. BK-S-06-10725-LBR.

B.      The Principal is one of the debtors named in Recital A above.

C.      The Agent is a corporation organized under the laws of the State of Illinois.

D.      On _____, 2006, the Court entered an Order confirming the debtors' Chapter 11 Plan (the "Plan"). Unless otherwise stated, all capitalized terms used herein are defined in the Plan.

E.      Under Article IV Section E.1 of the Plan, the Principal may request that distributions of the Principal's Estate be handled by the Disbursing Agent for the USACM Trust.

F.      Geoffrey L. Berman, an officer of the Agent and the duly-appointed USACM Trustee of the USACM Trust, is the Disbursing Agent for the USACM Trust pursuant to Article IV Section E.2 of the Plan.

**NOW THEREFORE,** for good and lawful consideration, the adequacy and receipt of which are hereby acknowledged, the parties hereto, intending themselves to be legally bound, do agree and covenant as follows:

1.      **General**. The Principal employs the Agent as its Disbursing Agent.

2.      **Services To Be Provided**. The Agent agrees to perform the following services on behalf of the Principal:

a)      Accept transfers of money and other property from the Principal and payments from the Principal's obligors, but without any duty or obligation to initiate legal action for collection of the same.

b)      Establish and maintain any necessary bank accounts in accordance with the Plan.

c)       Administer and maintain the Cash reserves required under and established pursuant to Article VII Section B of the Plan (but not Cash reserves, if any, allocated or distributed to the FTDF Committee pursuant to the Plan), make disbursements from any Cash reserves as required under Article VII Section B.4 of the Plan (but not Cash reserves, if any, allocated or distributed to the FTDF Committee pursuant to the Plan), and release Cash reserves in accordance with Article VII Section B.5 of the Plan.

d)       Disburse all Cash coming into the Agent's hands: first, to Agent, reasonable compensation for services rendered and reimbursement of reasonable and actual out-of-pocket expenses incurred in connection with such services in accordance with Article VII Section E.4 of the Plan; second, to Mesirow Interim Financial Management LLC and its professionals and, if applicable, the FTDF Committee and its professionals, reasonable compensation for services rendered and reimbursement of reasonable and actual out-of-pocket expenses incurred, if any, in administering the Principal's Estate after the Effective Date; and third, to the holders of Allowed Claims against and Equity Interests in the Principal in accordance with the terms of the Plan.

e)       Pay any and all Statutory Fees in accordance with the Plan.

f)       Comply with the terms of Article VII of the Plan in making distributions, including, but not limited to, the form of distributions, the delivery of distributions, the administration of undeliverable, returned distributions, and de minimis distributions.

g)       Pursuant to Article VII Section H of the Plan, the Disbursing Agent shall comply with all withholding and reporting requirements imposed on it by any governmental unit, and all distributions pursuant to the Plan shall be subject to such withholding and reporting requirements.

h)       Execute such documents, or take such actions, as are necessary to effectuate the transactions provided for herein.

i)       If so directed by the Principal in writing, prepare, serve and File a notice of Effective Date.

j)       If so directed by the Principal in writing, prepare, serve and, if applicable, File the status reports required under Article VIII Section T of the Plan.

k)       If so directed by the Principal in writing, prepare, serve and File a final report and a request for a Final Decree in accordance with Article VIII Section U of the Plan.

l)       Post any bond requested by the Principal or required by the Court.

3.    **Payments To Agent**.  In accordance with the Plan and paragraph d above, the Principal agrees to pay the Agent reasonable compensation for services rendered and reimbursement of reasonable and actual out-of-pocket expenses incurred in connection with such services.  The Principal and the Agent agree that the following current hourly rates of the Agent

2

shall apply in this case; provided, however, that the total blended hourly rate shall not exceed $290.00 per hour, and the Agent will not be paid for its travel time.

| Rate per hour | Services of |
| --- | --- |
| $525.00 | William A. Brandt, Jr. |
| $420.00 | Geoffrey L. Berman |
| $390.00 | A. Kyle Everett |
| $200.00 | Matthew P. Sorenson |
| $390.00-$525.00 | Senior Consultants |
| $295.00-$370.00 | Consultants |
| $95.00-$290.00 | Junior Consultants |

4.      **Term Of Agreement**.  The Agreement shall become effective upon approval by the Court and shall continue in effect notwithstanding any prior dissolution or termination of the Principal under applicable law until the entry by the Court of a Final Decree in the Principal's Chapter 11 Case.

5.      **Termination Of This Agreement**.  This Agreement may be terminated prior to the entry of a Final Decree in the Principal's Chapter 11 Case only with the approval of the Court.  If the Agent desires to terminate this Agreement, the Agent shall File a request to do so with the Court and serve the notice on the United States trustee and the Principal, or if Principal is no longer in existence, then on the United States trustee and all holders of Allowed Equity Interests in the Principal immediately before Principal's dissolution or cessation of existence and to all other Entities who may be entitled to receive payments pursuant to this Agreement, including the holders of any Disputed Claims.  If the Principal desires to terminate this Agreement, the Principal shall File a request to do so with the Court and serve the notice on the United States trustee and the Agent or, if the Agent is no longer in existence, on the United States trustee and the Agent's successors in interest and all other Entities who may be entitled to receive payments pursuant to this Agreement.  All such notices shall be by certified mail or delivered personally.

**Entire Agreement**.  This Agreement expresses the entire contract between the Principal and the Agent regarding this matter.  This Agreement can only be modified with another written Agreement, signed by both the Principal and the Agent, and approved by the Court.  If the Principal is no longer in existence at the time of a proposed or pending modification of this Agreement, such modification shall be valid if signed by Agent and holders of more than fifty percent (50%) of Equity Interests in Principal immediately before Principal ceased to exist.  This Agreement shall be binding upon both the Principal and the Agent and their respective legal representatives and successors in interest, subject to any order of the Court.

6.      **Governing Law**.  This Agreement shall be interpreted according to the laws of the State of Nevada.

7.      **Independent Contractors**.  Both the Agent and the Principal agree that the relationship created by this Agreement is that of independent contractor and not that of employee and employer.  The Agent is responsible for the payment of any taxes, including without

3

limitation, all Federal, State and local personal and business income taxes, sales and use taxes, other business taxes and license fees arising out of the activities of the Agent under this Agreement.

8.    **Time**.  Time is of the essence of this Agreement and each and every provision hereof.  Any extension of time granted for the performance of any duty under this Agreement shall not be considered an extension of time for the performance of any other duty under this Agreement.

9.    **Successors and Assigns**.  This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors in interest and assigns.  Upon the dissolution of Principal (or if Principal otherwise ceases to exist), the holders of Equity Interests in the Principal immediately before Principal's dissolution or cessation of existence shall be deemed for all purposes to be the successors of Principal.

Executed as of the date first written above.

USA CAPITAL FIRST TRUST DEED FUND, LLC
"Principal"


By: _____


Its: _____



DEVELOPMENT SPECIALISTS, INC.
"Agent"


By: _____


Its: _____

4

# EXHIBIT 3

## DISBURSING AGENT AGREEMENT

This Disbursing Agent Agreement  dated _____, 200__ ("Agreement"), is made between the principal, on the one hand, which is USA CAPITAL REALTY ADVISORS, LLC (the "Principal") and whose address is 4484 Pecos Avenue, Las Vegas, Nevada 89121, and the agent, on the other hand, which is DEVELOPMENT SPECIALISTS, INC. (the "Agent") and whose address is Wells Fargo Center, 333 South Grand Avenue, Suite 4070, Los Angeles, California 90071-1544.

A.      On April 13, 2006, the following entities filed petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, District of Nevada (the "Court"): USA Commercial Mortgage Company, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC, and USA Securities, LLC, debtors.  The debtors' Chapter 11 cases are being jointly administered in the case styled *In re USA Commercial Mortgage Company,* Case No. BK-S-06-10725-LBR.

B.      The Principal is one of the debtors named in Recital A above.

C.      The Agent is a corporation organized under the laws of the State of Illinois.

D.      On _____, 2006, the Court entered an Order confirming the debtors' Chapter 11 Plan (the "Plan").  Unless otherwise stated, all capitalized terms used herein are defined in the Plan.

E.      Under Article IV Section E.1 of the Plan, the Principal may request that distributions of the Principal's Estate be handled by the Disbursing Agent for the USACM Trust.

F.      Geoffrey L. Berman, an officer of the Agent and the duly-appointed USACM Trustee of the USACM Trust, is the Disbursing Agent for the USACM Trust pursuant to Article IV Section E.2 of the Plan.

**NOW THEREFORE,** for good and lawful consideration, the adequacy and receipt of which are hereby acknowledged, the parties hereto, intending themselves to be legally bound, do agree and covenant as follows:

1.      **General**.  The Principal employs the Agent as its Disbursing Agent.

2.      **Services To Be Provided**.  The Agent agrees to perform the following services on behalf of the Principal:

a)      Accept transfers of money and other property from the Principal and payments from the Principal's obligors, but without any duty or obligation to initiate legal action for collection of the same.

b)      Establish and maintain any necessary bank accounts in accordance with the Plan.

    c)      Maintain and administer the Cash reserves required under and established pursuant to Article VII Section B of the Plan, make disbursements from any Cash reserve as required under Article VII Section B.4 of the Plan, and release Cash reserves in accordance with Article VII Section B.5 of the Plan.

    d)      Disburse all Cash coming into the Agent's hands: first, to Agent, reasonable compensation for services rendered and reimbursement of reasonable and actual out-of-pocket expenses incurred in connection with such services in accordance with Article VII Section E.4 of the Plan; second, to Mesirow Interim Financial Management LLC and its professionals reasonable compensation for services rendered and reimbursement of reasonable and actual out-of-pocket expenses incurred, if any, in administering the Principal's Estate after the Effective Date; and third, to the holders of Allowed Claims against in the Principal in accordance with the terms of the Plan.

    e)      Pay any and all Statutory Fees in accordance with the Plan.

    f)      Comply with the terms of Article VII of the Plan in making distributions, including, but not limited to, the form of distributions, the delivery of distributions, the administration of undeliverable, returned distributions, and de minimis distributions.

    g)      Pursuant to Article VII Section H of the Plan, the Agent shall comply with all withholding and reporting requirements imposed on it by any governmental unit, and all distributions pursuant to the Plan shall be subject to such withholding and reporting requirements.

    h)      Execute such documents, or take such actions, as are necessary to effectuate the transactions provided for herein.

    i)      If so directed by the Principal in writing, prepare, serve and File a notice of Effective Date.

    j)      If so directed by the Principal in writing, prepare, serve and, if applicable, File the status reports required under Article VIII Section T of the Plan.

    k)      If so directed by the Principal in writing, prepare, serve and File a final report and a request for a Final Decree in accordance with Article VIII Section U of the Plan.

    l)      Post any bond requested by the Principal or required by the Court.

    3.    **Payments To Agent**.  In accordance with the Plan and paragraph d above, the Principal agrees to pay the Agent reasonable compensation for services rendered and reimbursement of reasonable and actual out-of-pocket expenses incurred in connection with such services.  The Principal and the Agent agree that the following current hourly rates of the Agent shall apply in this case; provided, however, that the total blended hourly rate shall not exceed $290.00 per hour, and the Agent will not be paid for its travel time.

406043v1

| Rate per hour | Services of |
|---|---|
| $525.00 | William A. Brandt, Jr. |
| $420.00 | Geoffrey L. Berman |
| $390.00 | A. Kyle Everett |
| $200.00 | Matthew P. Sorenson |
| $390.00-$525.00 | Senior Consultants |
| $295.00-$370.00 | Consultants |
| $95.00-$290.00 | Junior Consultants |

4.     **Term Of Agreement**.  The Agreement shall become effective upon approval by the Court and shall continue in effect notwithstanding any prior dissolution or termination of the Principal under applicable law until the entry by the Court of a Final Decree in the Principal's Chapter 11 Case.

5.     **Termination Of This Agreement**.  This Agreement may be terminated prior to the entry of a Final Decree in the Principal's Chapter 11 Case only with the approval of the Court.  If the Agent desires to terminate this Agreement, the Agent shall File a request to do so with the Court and serve the notice on the United States trustee and the Principal, or if Principal is no longer in existence, then on the United States trustee and all Entities who may be entitled to receive a distribution under the Plan and pursuant to this Agreement, including the holders of any Disputed Claims.  If the Principal desires to terminate this Agreement, the Principal shall File a request to do so with the Court and serve the notice on the United States trustee and the Agent or, if the Agent is no longer in existence, on the United States trustee and the Agent's successors in interest and all other Entities who may be entitled to receive payments pursuant to this Agreement.  All such notices shall be by certified mail or delivered personally.

6.     **Entire Agreement**.  This Agreement expresses the entire contract between the Principal and the Agent regarding this matter.  This Agreement can only be modified with another written Agreement, signed by both the Principal and the Agent, and approved by the Court.  This Agreement shall be binding upon both the Principal and the Agent and their respective legal representatives and successors in interest, subject to any order of the Court.

7.     **Governing Law**.  This Agreement shall be interpreted according to the laws of the State of Nevada.

8.     **Independent Contractors**.  Both the Agent and the Principal agree that the relationship created by this Agreement is that of independent contractor and not that of employee and employer.  The Agent is responsible for the payment of any taxes, including without limitation, all Federal, State and local personal and business income taxes, sales and use taxes, other business taxes and license fees arising out of the activities of the Agent under this Agreement.

9.     **Time**.  Time is of the essence of this Agreement and each and every provision hereof.  Any extension of time granted for the performance of any duty under this Agreement

3

shall not be considered an extension of time for the performance of any other duty under this Agreement.

**10. Successors and Assigns**. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors in interest and assigns.

Executed as of the date first written above.

USA CAPITAL REALTY ADVISORS, LLC
"Principal"


By: _____

Its: _____



DEVELOPMENT SPECIALISTS, INC.
"Agent"


By: _____

Its: _____

4

# EXHIBIT 4

# DISBURSING AGENT AGREEMENT

This Disbursing Agent Agreement dated _____, 200__ ("Agreement"), is made between the principal, on the one hand, which is USA SECURITIES, LLC (the "Principal") and whose address is 4484 Pecos Avenue, Las Vegas, Nevada 89121, and the agent, on the other hand, which is DEVELOPMENT SPECIALISTS, INC. (the "Agent") and whose address is Wells Fargo Center, 333 South Grand Avenue, Suite 4070, Los Angeles, California 90071-1544.

A.      On April 13, 2006, the following entities filed petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, District of Nevada (the "Court"): USA Commercial Mortgage Company, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC, and USA Securities, LLC, debtors.  The debtors' Chapter 11 cases are being jointly administered in the case styled *In re USA Commercial Mortgage Company,* Case No. BK-S-06-10725-LBR.

B.      The Principal is one of the debtors named in Recital A above.

C.      The Agent is a corporation organized under the laws of the State of Illinois.

D.      On _____, 2006, the Court entered an Order confirming the debtors' Chapter 11 Plan (the "Plan").  Unless otherwise stated, all capitalized terms used herein are defined in the Plan.

E.      Under Article IV Section E.1 of the Plan, the Principal may request that distributions of the Principal's Estate be handled by the Disbursing Agent for the USACM Trust.

F.      Geoffrey L. Berman, an officer of the Agent and the duly-appointed USACM Trustee of the USACM Trust, is the Disbursing Agent for the USACM Trust pursuant to Article IV Section E.2 of the Plan.

**NOW THEREFORE,** for good and lawful consideration, the adequacy and receipt of which are hereby acknowledged, the parties hereto, intending themselves to be legally bound, do agree and covenant as follows:

1.      **General**.  The Principal employs the Agent as its Disbursing Agent.

2.      **Services To Be Provided**.  The Agent agrees to perform the following services on behalf of the Principal:

a)      Accept transfers of money and other property from the Principal and payments from the Principal's obligors, but without any duty or obligation to initiate legal action for collection of the same.

b)      Establish and maintain any necessary bank accounts in accordance with the Plan.

c)    Maintain and administer the Cash reserves required under and established pursuant to Article VII Section B of the Plan, make disbursements from any Cash reserve as required under Article VII Section B.4 of the Plan, and release Cash reserves in accordance with Article VII Section B.5 of the Plan.

d)    Disburse all Cash coming into the Agent's hands: first, to Agent, reasonable compensation for services rendered and reimbursement of reasonable and actual out-of-pocket expenses incurred in connection with such services in accordance with Article VII Section E.4 of the Plan; second, to Mesirow Interim Financial Management LLC and its professionals reasonable compensation for services rendered and reimbursement of reasonable and actual out-of-pocket expenses incurred, if any, in administering the Principal's Estate after the Effective Date; and third, to the holders of Allowed Claims against in the Principal in accordance with the terms of the Plan.

e)    Pay any and all Statutory Fees in accordance with the Plan.

f)    Comply with the terms of Article VII of the Plan in making distributions, including, but not limited to, the form of distributions, the delivery of distributions, the administration of undeliverable, returned distributions, and de minimis distributions.

g)    Pursuant to Article VII Section H of the Plan, the Agent shall comply with all withholding and reporting requirements imposed on it by any governmental unit, and all distributions pursuant to the Plan shall be subject to such withholding and reporting requirements.

h)    Execute such documents, or take such actions, as are necessary to effectuate the transactions provided for herein.

i)    If so directed by the Principal in writing, prepare, serve and File a notice of Effective Date.

j)    If so directed by the Principal in writing, prepare, serve and, if applicable, File the status reports required under Article VIII Section T of the Plan.

k)    If so directed by the Principal in writing, prepare, serve and File a final report and a request for a Final Decree in accordance with Article VIII Section U of the Plan.

l)    Post any bond requested by the Principal or required by the Court.

3.    **Payments To Agent**.  In accordance with the Plan and paragraph d above, the Principal agrees to pay the Agent reasonable compensation for services rendered and reimbursement of reasonable and actual out-of-pocket expenses incurred in connection with such services.  The Principal and the Agent agree that the following current hourly rates of the Agent shall apply in this case; provided, however, that the total blended hourly rate shall not exceed $290.00 per hour, and the Agent will not be paid for its travel time.

| Rate per hour | Services of |
|---|---|
| $525.00 | William A. Brandt, Jr. |
| $420.00 | Geoffrey L. Berman |
| $390.00 | A. Kyle Everett |
| $200.00 | Matthew P. Sorenson |
| $390.00-$525.00 | Senior Consultants |
| $295.00-$370.00 | Consultants |
| $95.00-$290.00 | Junior Consultants |

4.    **Term Of Agreement**.  The Agreement shall become effective upon approval by the Court and shall continue in effect notwithstanding any prior dissolution or termination of the Principal under applicable law until the entry by the Court of a Final Decree in the Principal's Chapter 11 Case.

5.    **Termination Of This Agreement**.  This Agreement may be terminated prior to the entry of a Final Decree in the Principal's Chapter 11 Case only with the approval of the Court.  If the Agent desires to terminate this Agreement, the Agent shall File a request to do so with the Court and serve the notice on the United States trustee and the Principal, or if Principal is no longer in existence, then on the United States trustee and all Entities who may be entitled to receive a distribution under the Plan and pursuant to this Agreement, including the holders of any Disputed Claims.  If the Principal desires to terminate this Agreement, the Principal shall File a request to do so with the Court and serve the notice on the United States trustee and the Agent or, if the Agent is no longer in existence, on the United States trustee and the Agent's successors in interest and all other Entities who may be entitled to receive payments pursuant to this Agreement.  All such notices shall be by certified mail or delivered personally.

6.    **Entire Agreement**.  This Agreement expresses the entire contract between the Principal and the Agent regarding this matter.  This Agreement can only be modified with another written Agreement, signed by both the Principal and the Agent, and approved by the Court.  This Agreement shall be binding upon both the Principal and the Agent and their respective legal representatives and successors in interest, subject to any order of the Court.

7.    **Governing Law**.  This Agreement shall be interpreted according to the laws of the State of Nevada.

8.    **Independent Contractors**.  Both the Agent and the Principal agree that the relationship created by this Agreement is that of independent contractor and not that of employee and employer.  The Agent is responsible for the payment of any taxes, including without limitation, all Federal, State and local personal and business income taxes, sales and use taxes, other business taxes and license fees arising out of the activities of the Agent under this Agreement.

9.    **Time**.  Time is of the essence of this Agreement and each and every provision hereof.  Any extension of time granted for the performance of any duty under this Agreement

3

shall not be considered an extension of time for the performance of any other duty under this Agreement.

     **10.    Successors and Assigns**.  This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors in interest and assigns.

Executed as of the date first written above.

USA SECURITIES, LLC
"Principal"


By: _____

Its: _____



DEVELOPMENT SPECIALISTS, INC.
"Agent"


By: _____

Its: _____

4