Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

E-FILED on December 19, 2006

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **USA COMMERCIAL MORTGAGE COMPANY'S OPPOSITION TO MOTION FOR ORDER TEMPORARILY ALLOWING THE CLAIM OF DEL AND ERNESTINE BUNCH FOR VOTING PURPOSES** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | Date: December 20, 2006<br>Time: 1:30 p.m. |

1  USA Commercial Mortgage Company ("USACM"), by and through its counsel, hereby
2  files its Opposition to Motion For Order Temporarily Allowing The Claim of Del And Ernestine
3  Bunch For Voting Purposes (the "Motion") on the following grounds:
4  USACM has analyzed the Bunches' Claim and said claim should be disallowed under
5  section 502(d) of the Bankruptcy Code. The Bunches were recipients of transfers of $217,000 and
6  $196,000 from USACM made to them within 90 days prior to the Petition Dates that are avoidable
7  under section 547(b) of the Bankruptcy Code as preferential transfers.

## FACTS

At his examination under oath on December 19, 2006, Del Bunch admitted that he received a payment 0f $217,000 on February 7, 2006 and a payment of $196,000 on March 10, 2006 from USACM. The transcript of the 2004 examination with exhibits has been e-filed separately. See Bunch's BankWest Nevada statements for February and March, 2006 attached hereto as **Exhibits K and L**. Because the funds were wire-transferred to his account, Mr. Bunch was not aware whether the payment came from USACM's operating account or collection trust account.

## MEMORANDUM OF LAW

Bankruptcy Code § 502(d) provides:

(d) Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522 (f), 522 (h), 544, 545, 547, 548, 549, or 724 (a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522 (i), 542, 543, 550, or 553 of this title.

Bankruptcy Code § 547(b) allows a debtor in possession to avoid a transfer if –

(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—
    (A) on or within 90 days before the date of the filing of the petition; or
    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if—
    (A) the case were a case under chapter 7 of this title;

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

All these elements are present.

(1) Bunch was a creditor, having loaned USACM $10,000,000;

(2) Payment was made for interest on the loan;

(3) USACM was and is very insolvent. Such insolvency is presumed under § 547(f);

(4) Payments of $217,000 and $196,000 were made within 90 days of the filing of USACM's Chapter 11 petition; and

(5) Bunch received payment on an unsecured claim which may never get paid in a Chapter 7 liquidation of USACM. To determine whether a payment improved a creditor's position, the trustee must demonstrate that there were other unsecured creditors in the same class and that these unsecured creditors would receive less than one-hundred percent of their claims. See 11 U.S.C. § 547(b)(5), (g); *Elliott v. Frontier Properties/LP (In re Lewis W. Shurtleff, Inc.),* 778 F.2d 1416, 1421 (9th Cir.1986) ("[A]s long as the distribution in bankruptcy is less than one-hundred percent, *any* payment 'on account' to an unsecured creditor during the preference period will enable that creditor to receive more than he would have received in liquidation had the payment not been made."). The documentation contained in the Disclosure Statement, with its liquidation analysis (Exhibit 4), provide clear evidence that in this case the distribution to unsecured creditors of USACM will not be "one-hundred percent". See also, *In re Powerine Oil Co.*, 59 F.3d 969, 972 (9th Cir. 1995).

Bunch may argue that he received his payments in the ordinary course of business and, therefore, has a defense under § 547(c)(2). Bunch would have to prove:

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;
(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; *and*
(C) made according to ordinary business terms;

Bunch has the burden of proof on each of these elements. See § 547(g). To this point in time, Bunch has not presented any supporting evidence in support of this "ordinary course" defense. It is unlikely that he would be able to do so because his promissory note was (a) in default for being over a year past due and he was receiving default interest at the rate of 24% per annum (twice the rate that USACM was loaning money to developers) plus a 5% of principal ($525,000) late charge. To prove his defense, Bunch would have to show that mortgage lending companies *ordinarily* borrow on these terms.

Bunch may argue that § 502(d) is inapplicable because USACM has not brought an avoidance action under § 547. This argument is defeated by the precedents of *In re America West Airlines, Inc.*, 217 F.3d 1161, 1167 (9th Cir. 2000), and *In re KF Dairies, Inc.,* 143 B.R. 734 (9th Cir.BAP 1992). These cases hold that even a preference for which an action is time-barred may be grounds for disallowance of a claim under § 502(d).

There is no reason why the Bunch claim cannot be estimated at $0. *In re Frontier Airlines, Inc.*, 137 B.R. 811, 814 (D.Colo.1992) (estimation under § 502(c) may result in an estimation of a claim at zero). In *In re Corey*, 892 F.2d 829, 834 (9th Cir. 1989), the Court of Appeals approved the estimation of a claim held by creditors who voted to reject the proposed plan at zero for purposes of confirming a plan. It held:

> Appellants contend that the Louis's plan for reorganization should have been deemed rejected because Ellis, Ryan and the Ellis-controlled entities, claiming in excess of one million dollars against the Corey estate, voted against the plan. Appellants' claims included unliquidated sums for "emotional distress," "paralegal services" and "lost rent" on the Silversword Inn. The Louis's claims against the estate, by comparison, were approximately $700,000. Thus, if appellants' claims were valid, their votes against confirmation of the plan would have been sufficient to defeat it, *see* 11 U.S.C. §§ 1126(a), 1129(a) (1988), or at least force the court to use the "cram down" provisions of 11 U.S.C. § 1129(b) (1988).
>
> The district court, however, did not consider appellants' votes because it had estimated their claims against the Corey estate to be zero. Under 11 U.S.C. § 502(c)(1) (1988), a court shall estimate any contingent or unliquidated claims against the estate that "would unduly delay the administration of the case." Given the highly speculative nature of appellants' claims, the district court correctly found estimation to be appropriate. Otherwise, the confirmation of the Louis's plan would have been unduly delayed to the detriment of Corey and her real creditors.
>
> **A court has broad discretion when estimating the value of an unliquidated claim.** *Addison v. Langston (In re Brints Cotton Mktg., Inc.),* 737

F.2d 1338, 1341 (5th Cir.1984); *Bittner v. Borne Chem. Co.,* 691 F.2d 134, 136 (3d Cir.1982).

*Id*. at 834.

"[§ 502(d)] *requires disallowance* of a claim of a transferee of a voidable transfer *in toto* if the transferee has not paid the amount or turned over the property received as required under the sections under which the transferee's liability arises". (emphasis added)

House Report No. 95-595, 95th Cong., 1st Sess. 354 (1977); Senate Report No. 95-989, 95th Cong., 2d Sess. 65 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5851, 6310.

In *In re Coral Petroleum, Inc.*, 60 B.R. 377 (Bankr. S.D.Tex. 1986), the Bankruptcy Court disallowed for voting purposes the claims of creditors who had received preferential transfers. The Bankruptcy Court held:

> Envisaging the possibility that the Pipeline Defendants could defeat the preference actions and never have a claim against the estate demonstrates the need for disallowance of their claims for voting purposes. Otherwise, the Plan could be defeated by those who never ultimately acquire an economic interest in its outcome.
> ***
> The temporary allowance of these claims would frustrate the purpose of the voting requirements in the Code, which is to protect the rights of legitimate creditors to determine the outcome of the plan. The express language of the Code rather than a consideration of the equities of the situation is the determining factor in this case. Congress has clearly provided in section 502(d) that the claims may not be allowed unless and until the preferences have been turned over to the estate.
> Denying the Pipeline Defendants their preference related vote causes them no actual prejudice in distribution after they have turned over the preferential transfers to the estate. They will be entitled to distribution after and to the extent such funds have been returned to the estate.

*Id*. at 383.

This rule was followed in *In re American Solar King Corp.*, 90 B.R. 808, 828 Bankr. W.D.Tex. 1988), which held:

> The targets of a preference action do not hold claims against the estate for voting purposes "unless such entity or transferee has paid the amount, or turned over such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title." 11 U.S.C. § 502(d); *In re Coral Petroleum*, 60 B.R. 377 (Bankr. S.D. Tex. 1986). *see In re Amarex, Inc.,* 61 B.R. 301 (Bankr.W.D.Okla.1985). In *Coral Petroleum* the court observed that, because claims arising from a preference are expressly disallowed under Section 502(d), and because only allowed claims may vote on a plan, the targets of actions to

recover preferential transfers may participate in the balloting only after they have surrendered the preference to the estate. *In re Coral Petrroleum, Inc., supra* at 382 (criticizing *Amarex* ' reliance on equitable principles which contravene the express language of the statute). These parties have not yet surrendered the preference sought to be recovered by the debtor. They do not therefore hold allowed claims against the estate. Their votes must therefore be disregarded. 11 U.S.C. § 1126(a); Bankr.R. 3018.

*In re Sierra-Cal*, 210 B.R. 168, 174 (Bankr. E.D.Cal. 1997) (footnote 13), noted:

> Courts have held that the § 502(d) disability can be enforced to preclude a creditor from accepting or rejecting a plan pursuant to 11 U.S.C. § 1126.

## CONCLUSION

Based upon the facts that that show a prima facie case for a avoiding the February and March, 2006 payments to Bunch as § 547 preferences, the lack of a defense and the clear mandate of § 502(d) to disallow claims of persons who received preferences, this Court should find that Bunch's claim will be disallowed and should be estimated to be $0.

    /s/ Lenard E. Schwartzer
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385



```
                P.O. BOX 26287
                LAS VEGAS, NEVADA 89126-0287        003 00001 01                           PAGE:    1
                (702) 248-4200                      ACCOUNT:           120028700           02/28/2006
                                                    DOCUMENTS:                15
```

```
                DEL M BUNCH JR
                DBA LOAN PARTNERS CAPITAL                                                  30-0
                10137 SNOW CREST PL                                                          2
                LAS VEGAS NV  89134-2563                                                    13
```

WE ARE GIVING YOU THE KEYS TO THE BANK.....visit us at:
www.bankwestnevada.com

BUSINESS PREMIUM NOW ACCOUNT 120028700

| DESCRIPTION | DEBITS | CREDITS | DATE | BALANCE |
|---|---|---|---|---|
| BALANCE LAST STATEMENT | | | 01/31/06 | 49,381.80 |
| CHECK # 11529 | 2,355.00 | | 02/01/06 | 47,026.80 |
| CYD D ALLRED EXTRL XFER XXXXX8700 | | 250.00 | 02/02/06 | 47,276.80 |
| CHECK # 11545 | 13.00 | | 02/02/06 | 47,263.80 |
| DEPOSIT | | 1,166.67 | 02/06/06 | 48,430.47 |
| INTEGRATED FINAN LOAN PMT. 625 | | 3,437.50 | 02/06/06 | 51,867.97 |
| CONSOLIDATED MOR ACH XFER | | 3,999.99 | 02/07/06 | 55,867.96 |
| CHECK # 11546 | 23,000.00 | | 02/08/06 | 32,867.96 |
| USA Capital Payments 0000000950 | | 217,000.00 | 02/09/06 | 249,867.96 |
| DEPOSIT | | 4,604.16 | 02/10/06 | 254,472.12 |
| Nimble Invest | | 2,000.00 | 02/10/06 | 256,472.12 |
| Glendale | | 7,266.67 | 02/10/06 | 263,738.79 |
| CHECK # 11550 | 2,500.00 | | 02/10/06 | 261,238.79 |
| CHECK # 11553 | 3,000.00 | | 02/13/06 | 258,238.79 |
| CHECK # 11555 | 4,800.00 | | 02/13/06 | 253,438.79 |
| CHECK # 11557 | 5,200.00 | | 02/13/06 | 248,238.79 |
| CHECK # 11549 | 17,500.00 | | 02/13/06 | 230,738.79 |
| CHECK # 11554 | 5,125.00 | | 02/14/06 | 225,613.79 |
| CHECK # 11556 | 86.59 | | 02/15/06 | 225,527.20 |
| CHECK # 11548 | 3,000.00 | | 02/16/06 | 222,527.20 |
| CHECK # 11551 | 22,000.00 | | 02/21/06 | 200,527.20 |
| CHECK # 11558 | 43.92 | | 02/28/06 | 200,483.28 |
| INTEREST AT .30 % | | 39.41 | 02/28/06 | 200,522.69 |
| BALANCE THIS STATEMENT | | | 02/28/06 | 200,522.69 |

```
TOTAL CREDITS    (9)     239,764.40
TOTAL DEBITS    (13)      88,623.51
                * * *  C O N T I N U E D  * * *
```


Exhibit Bunch K
Date: 12-19-06
William C. LaBorde, RPR, CRR



```
                                     003 00001 01                        PAGE:      1
                                     ACCOUNT:            120028700    03/31/2006
                                     DOCUMENTS:                 26
```

DEL M BUNCH JR
DBA LOAN PARTNERS CAPITAL                                          30-0
10137 SNOW CREST PL                                                   4
LAS VEGAS NV  89134-2563                                             22

WE ARE GIVING YOU THE KEYS TO THE BANK......visit us at:
www.bankwestnevada.com

BUSINESS PREMIUM NOW ACCOUNT 120028700

| DESCRIPTION | DEBITS | CREDITS | DATE | BALANCE |
|---|---:|---:|---|---:|
| BALANCE LAST STATEMENT | | | 02/28/06 | 200,522.69 |
| CONSOLIDATED MOR ACH XFER | | 3,066.66 | 03/01/06 | 203,589.35 |
| CHECK # 11552 | 3,000.00 | | 03/02/06 | 200,589.35 |
| DEPOSIT | | 105,770.83 | 03/03/06 | 306,360.18 |
| DEPOSIT | | 2,500.00 | 03/06/06 | 308,860.18 |
| INTEGRATED FINAN LOAN PMT. 625 | | 3,437.50 | 03/06/06 | 312,297.68 |
| CHECK # 11569 | 1,289.00 | | 03/07/06 | 311,008.68 |
| CHECK # 11547 | 1,354.00 | | 03/07/06 | 309,654.68 |
| DEPOSIT | | 300,000.00 | 03/08/06 | 609,654.68 |
| CHECK # 11559 | 64.14 | | 03/08/06 | 609,590.54 |
| CHECK # 11562 | 17,500.00 | | 03/08/06 | 592,090.54 |
| Nimble Invest | | 2,000.00 | 03/09/06 | 594,090.54 |
| Glendale | | 7,266.67 | 03/09/06 | 601,357.21 |
| CHECK # 11563 | 2,500.00 | | 03/09/06 | 598,857.21 |
| CHECK # 11567 | 5,125.00 | | 03/09/06 | 593,732.21 |
| CHECK # 11560 | 239.67 | | 03/10/06 | 593,492.54 |
| CHECK # 11572 | 300,000.00 | | 03/10/06 | 293,492.54 |
| USA Capital Payments 0000000950 | | 196,000.00 | 03/13/06 | 489,492.54 |
| CHECK # 11566 | 3,000.00 | | 03/13/06 | 486,492.54 |
| CHECK # 11568 | 10,800.00 | | 03/13/06 | 475,692.54 |
| CHECK # 11573 | 220,000.00 | | 03/13/06 | 255,692.54 |
| CHECK # 11561 | 3,000.00 | | 03/14/06 | 252,692.54 |
| CHECK # 11565 | 3,000.00 | | 03/14/06 | 249,692.54 |
| CHECK # 11564 | 22,000.00 | | 03/14/06 | 227,692.54 |
| CHECK # 11571 | 89.23 | | 03/15/06 | 227,603.31 |
| CHECK # 11574 | 266.00 | | 03/15/06 | 227,337.31 |
| CHECK # 11575 | 5,500.00 | | 03/16/06 | 221,837.31 |
| CHECK # 11577 | 43.85 | | 03/21/06 | 221,793.46 |
| CHECK # 11576 | 200,000.00 | | 03/22/06 | 21,793.46 |
| CHECK # 11578 | 8,745.00 | | 03/23/06 | 13,048.46 |

* * * C O N T I N U E D * * *



Exhibit Bunch L
Date: 12-19-06
William C. LaBorde, RPR, CRR