Richard F. Holley, Esq. (NV Bar No. 3077)
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:    702/791-1912
Email:    vnelson@nevadafirm.com

E-Filed: December 20, 2006

*Attorneys for Del and Ernestine Bunch*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>_____Debtor._____<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>_____Debtor._____<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>_____Debtor._____<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>_____Debtor._____<br>In re:<br>USA SECURITIES, LLC,<br>_____Debtor._____<br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>Chapter 11<br><br>**Jointly Administered under**<br>**Case No. BK-S-06-10725-LBR**<br><br>**REPLY IN SUPPORT OF MOTION FOR ORDER TEMPORARILY ALLOWING THE CLAIM OF DEL AND ERNESTINE BUNCH FOR VOTING PURPOSES**<br><br>Date of Hearing:    December 20, 2006<br>Time of Hearing:    1:30 p.m.<br><br>Judge:    Hon. Linda B. Riegle |
|---|---|

Del and Ernestine Bunch ("Bunch"), through their counsel the law firm of Santoro, Driggs, Walch, Kearney, Johnson & Thompson, submit this reply in support of the Motion for Order Temporarily Allowing the Claim of Del and Ernestine Bunch for Voting Purposes. In its Objection, USA Commercial Mortgage ("USACM"), contends that the Bunches' claim in the amount of $11,358,662.28 should be disallowed in its entirety for voting purposes on the grounds that the Bunches allegedly received preferential transfers within ninety (90) days of the

06531-01/133572

1  Bankruptcy Petition in the amount of $217,000.00 in February 2006, and $196,000.00 in March 2006, for a total of $413,000.00. This amount is approximately .036% of the entire outstanding indebtedness.

In this Reply, the Bunches will demonstrate that the payments received from USACM within 90 days of the bankruptcy petition were consistent with ordinary course of payments received by the Bunches by electronic transfer for the previous five years. The Bunches will also demonstrate that the harsh interpretation of Section 502(d) by the Bankruptcy Courts in Texas are uniformly adopted by other bankruptcy courts and in fact contrary to the positions taken by other bankruptcy courts. Finally, the Bunches will demonstrate that the authorities cited by USACM relative to Section 502(c) are distinguishable primarily on the grounds that the cited cases estimating claims at zero for voting purposes involved situations where the claims filed by creditors were contingent, unliquidated and highly speculative claims. In this case, the claim of the Bunches is for a sum certain pursuant to a Promissory Note and in no way is contingent or unliquidated.

## LEGAL ARGUMENT

A.  <u>The Bunches have Provided Evidence Regarding an Ordinary Course of Business Exception under Section 547(c)(2)</u>

The first argument raised in USACM's opposition to the Motion for Temporary Allowance of Claim is that the Bunches received preferential transfers within 90 days of the filing of the Bankruptcy Petition and failed to provide any evidence during a recent 2004 Examination that the payments were made in the ordinary course of business pursuant to Section 547(c)(2). This statement is simply false.

At Mr. Bunch's 2004 Examination conducted on less than 48 hours prior notice, Mr. Bunch voluntarily produced bank statements for the years 2000 through March of 2006. Those bank statements are attached to the 2004 Transcript as Exhibits J through R. These bank statements demonstrate that since approximately July of 2000, USACM has made regular monthly interest payments on or about the tenth of each month to the Bunches pursuant to the terms of the Promissory Note that evidence the claim of the Bunches in this bankruptcy case.

- 2 -

[06531-01/133572]

The bank statements further demonstrate, as testified by Mr. Bunch, that aside from the first three or four payments under the Promissory Note, all payments by USACM were made by wire transfer to the Bunches' bank account.

Regarding the statements that the note matured and that payments cannot be considered ordinary, Mr. Bunch testified that with the assessment of the late charge and agreement by USACM to pay the default rate that the note would be extended an additional year to February 2006, rather than accelerated and deemed to be entirely due and owing. Mr. Bunch further testified that in February 2006, he agreed to further extend the due date so long as another later charge was assessed and interest continued to accrue at the default rate. Based upon USACM's agreement to this effect, the note was again extended. In both instances, USACM continued to pay the regular monthly interest only payments by wire transfer according to the terms of the note.

This overwhelming evidence coupled with Mr. Bunch's uncontroverted testimony demonstrates that the two payments made within 90 days of the bankruptcy filing were made in the ordinary course of business pursuant to Section 547(c)(2) of the Bankruptcy Code and therefore may not be avoided as preferential transfers. Since the alleged receipt of purported avoidable transfers constitutes the sole basis for objecting to the Bunches' claim and valuing the same as zero for voting purposes, the Bunches' Motion for Temporary Allowance should be granted by this Court.

B.  <u>The Harsh Approach Advocated by the Bankruptcy Courts in Texas is not Uniformly Accepted by Other Bankruptcy Courts and Should Not be Applied in this Case Because of the Extreme Inequities in Doing So.</u>

In support of its objection, USACM cites several cases from Bankruptcy Courts within the various Districts of Texas for the proposition that where a claimant has potentially received a preferential transfer, such claimants' votes should be estimated at zero for voting purposes. See <u>In Re Coral Petroleum, Inc.</u> 60 D.R. 377 (Bankr. S.D. TX 1986); and <u>In Re American Solar King Corp.</u> 90 B.R. 808, 828 (Bankr. W.D. TX 1988). This position is not uniformly adopted by the Courts.

. . .

[06531-01/133572]

For example, in the United States Bankruptcy Court for the Western District of Oklahoma, the Bankruptcy Court held that transferees who allegedly receive avoidable preferential transfers would have their claims temporarily allowed in the scheduled amount or amounts set forth in the transferees' proofs of claim for purposes of voting on a plan of reorganization. In Re Amarex, Inc. 61 B.R. 301 (Bankr. W.D. OK 1985). In In Re Amarex, the Bankruptcy Court determined that it must exercise its equitable powers concerning allowance or disallowance of claims at various stages of the case. The Court couched this determination as a question of equity with respect to voting rights. This was particularly true, whereas in In Re Amarex, temporarily disallowing claims have then disenfranchised a substantial part of the unsecured claims. As a result, the Court concluded as follows:

> To allow them to vote on the plans, even though some may be eventually disallowed for purposes of distribution, is more in keeping with the spirit of Chapter 11 which encourages creditor vote and participation in the reorganization process.

The decision and reasoning of the court in In Re Amarex, is the better approach. This is particularly true in this case. First, the Bunches have presented evidence demonstrating that any payments received within 90 days of the Bankruptcy Petition were made in the ordinary course of business pursuant to a very long standing history of payments under the Promissory Note. Second, it would be extremely inequitable to disallow the Bunches' claim in excess of $11,000,000.00 where the alleged preferential transfer comprises only .036% of the overall claim. Finally, it must be remembered that USACM solicited the Bunches' ballot and did not object to their claim until after the ballot was case against confirmation. One must question whether it is appropriate for a plan proponent to disenfranchise a creditor after soliciting votes simply because the plan proponent did not like the result.

C. The Cases Cited by USACM for Disallowance Under Section 502(c) are Completely Inapposite and Therefore Not Applicable.

In support of its objection, USACM suggests that estimation under Section 502(c) may result in the estimation of a claim at zero for purposes of voting. The primary case cited by USACM in this regard is In Re Corey 892 F.2d 829, 834 (9th Cir. 1989). In In Re Corey, the

- 4 -

[06531-01/133572]

claims that were sought to be disallowed were for unliquidated and contingent sums predicated upon such legal theories as "emotional distress."

In this case, the Bunches' claim is not contingent or unliquidated. Rather, the Bunches' claim is for a sum certain pursuant to the terms of a Promissory Note with accompanying detailed calculations. As such, the points and authorities cited by USACM are inapposite and should not be relied upon by this Court.

## CONCLUSION

Based upon the points and authorities presented to the Court as well as the evidence at hearing, the Bunches request that the Court temporarily allow their claim for voting purposes in the full amount set forth in the Proof of Claim of $11,358,662.28.

Respectfully Submitted,

DATED this 20th day of December, 2006.

SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON

_/s/ Richard F. Holley_
Richard F. Holley, Esq. (NV Bar No. 3077)
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: 702/791-0308
Facsimile: 702/791-1912
*Attorneys for Del and Ernestine Bunch*

[06531-01/133572]