Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

E-FILED on December 22, 2006

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                              Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                              Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                              Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                              Debtor. | **USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC'S OBJECTION TO CLAIM NOS. 79, 80, AND 81 FILED BY THE PENSION BENEFIT GUARANTY CORPORATION** |
| In re:<br>USA SECURITIES, LLC,<br>                                              Debtor. | |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | Date:   January 31, 2007<br>Time:  9:30 a.m. |

USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), by and through its counsel and pursuant to 11 U.S.C. § 502, Federal Rule of Bankruptcy Procedure 3007 and Rule 3007 of the Local Rules of Bankruptcy Practice, hereby files its objection ("Objection") to Claim No. 79, Claim, No. 80, and Claim No. 81 (collectively the "Claims") all filed by the Pension Benefit Guaranty Corporation ("PBGC"). In support of its Objection, DTDF states as follows:

## I.    JURISDICTION

1. Under 28 U.S.C. §§ 1334 and 157, this Court has jurisdiction to hear this Objection. The relief requested is available under 11 U.S.C. § 502. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## II.    BACKGROUND

2. On April 13, 2006 (the "Petition Date"), DTDF filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Nevada ("Court"). USA Commercial Mortgage Company ("USACM"), USA Capital First Trust Deed Fund, LLC ("FTDF"), USA Capital Realty Advisors, LLC ("USA Realty"), and USA Securities LLC ("USA Securities") (collectively with DTDF the "Debtors") also filed voluntary petitions under chapter 11 of the Bankruptcy Code the same day. All five of the Debtors' bankruptcy cases are being jointly administered [Docket No. 184].

3. On May 10, 2006, the United States Trustee filed notice that an Official Committee of Equity Security Holders of DTDF had been formed. No trustee or examiner has been appointed and DTDF continues to operate its business, if any, as the debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. DTDF is a Nevada limited liability company organized as of February 3, 2000.

5. DTDF did not at any time have any employees nor was it required to contribute to a defined pension benefit plan.

6. As of the Petition Date, DTDF had approximately 1,350 members.

7. The PBGC filed the Claims on November 9, 2006. Claim No. 79 seeks $884,389 for the unfunded benefit liabilities of the USA Commercial Mortgage Company Defined Benefit

Pension Plan ("Pension Plan").  Claim No. 80 seeks $1,068,233 for the unpaid minimum funding contributions to the Pension Plan, and Claim No. 81 is for Pension Plan insurance premiums including interest and penalties in an unliquidated amount.  PBGC has filed the exact same claims against each of the five Debtors.

### III.  APPLICABLE AUTHORITY

8.  Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extent that the claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).

9.  A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

### IV.  OBJECTION TO THE CLAIMS FILED BY THE PBGC

10.  DTDF objects to each of the Claims that the PBGC has asserted against it.

11.  The PBGC argues that DTDF is liable under each of the Claims because it is either a "contributing sponsor" under 29 U.S.C. § 1301(a)(13) or a member of the contributing sponsor's "controlled group" under 29 U.S.C. § 1301(a)(14).

12.  The "contributing sponsor" of a benefit plan is the employer responsible for making contributions to the benefit plan.  *See* 26 U.S.C. § 412(c)(11)(A).  USACM is the employer responsible for making contributions to the Pension Plan.  DTDF has no employees and is not a "contributing sponsor" of the Pension Plan.

13.  In defining "controlled group," 29 U.S.C. § 1301(a)(14) looks to section 1563(a) of title 26 of the United States Code (the "Internal Revenue Code").  Under the applicable provisions of section 1563(a), DTDF would be a member of USACM's controlled group only if DTDF was a

1 member of a parent-subsidiary or brother-sister controlled group of the Pension Plan. These controlled groups are based on common, concentrated ownership. DTDF, with its 1,350 different equity members, has a separate and distinct ownership from the controlled group members of the Pension Plan and, therefore, is not a member of the "controlled group," as that term is defined in 29 U.S.C. § 1301(a)(14).

14. The PBGC's Claims against DTDF, therefore, are unenforceable under applicable law for reasons other than because the Claims are contingent or unmatured, and they should be disallowed under section 502(b) of the Bankruptcy Code.

15. DTDF expressly reserves the right to raise any additional objections against the Claims or any other claims filed by the PBGC or any other claimant.

16. DTDF further requests that, to the extent that the PBGC does not file a response to this Objection, the Court enter an order disallowing the Claims.

### V.    CONCLUSION

17. DTDF requests that the Court disallow in their entirety Claim No. 79, Claim No. 80, and Claim No. 81, all filed by the PBGC, because these Claims are not enforceable against DTDF under applicable law, and also requests that the Court grant such other and further relief as is just and proper.

Respectfully submitted this 22nd day of December, 2006.

    /s/ Jeanette E. McPherson
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385