Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

**E-FILED on December 22, 2006**

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>　　　　　　　　　　　　　　　　　　Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>　　　　　　　　　　　　　　　　　　Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>　　　　　　　　　　　　　　　　　　Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>　　　　　　　　　　　　　　　　　　Debtor. | **USA CAPITAL FIRST TRUST DEED<br>FUND, LLC'S OBJECTION TO<br>CLAIM NOS. 83, 84, AND 85 FILED<br>BY THE PENSION BENEFIT<br>GUARANTY CORPORATION** |
| In re:<br>USA SECURITIES, LLC,<br>　　　　　　　　　　　　　　　　　　Debtor. | |
| Affects:<br>　☐ All Debtors<br>　☐ USA Commercial Mortgage Company<br>　☐ USA Securities, LLC<br>　☐ USA Capital Realty Advisors, LLC<br>　☐ USA Capital Diversified Trust Deed Fund, LLC<br>　☒ USA Capital First Trust Deed Fund, LLC | Date:   January 31, 2007<br>Time:  9:30 a.m. |

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    USA Capital First Trust Deed Fund, LLC ("FTDF"), by and through its counsel and

2    pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007, hereby files its objection ("Objection") to

3    Claim No. 83, Claim, No. 84, and Claim No. 85 (collectively the "Claims"), all filed by the

4    Pension Benefit Guaranty Corporation ("PBGC").  In support of its Objection, FTDF states as

5    follows:

6    **I.  JURISDICTION**

7    1.    Under 28 U.S.C. §§ 157(b)(2)(B) and 1334, this Court has jurisdiction to hear this

8    Objection.  The relief requested is available under 11 U.S.C. § 502.

9    **II.  BACKGROUND**

10    2.    On April 13, 2006 (the "Petition Date"), FTDF filed a voluntary petition for relief

11    under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United

12    States Bankruptcy Court for the District of Nevada ("Court").  USA Commercial Mortgage

13    Company ("USACM"), USA Capital Diversified Trust Deed Fund, LLC ("Diversified") (and

14    together with FTDF, the "Funds"), USA Capital Realty Advisors, LLC ("USA Realty"), and USA

15    Securities LLC ("USA Securities") (collectively with FTDF the "Debtors") also filed voluntary

16    petitions under chapter 11 of the Bankruptcy Code the same day.  All five of the Debtors'

17    bankruptcy cases are being jointly administered [Docket No. 184].

18    3.    On May 10, 2006, the United States Trustee filed notice that an Official Committee

19    of Equity Security Holders of FTDF had been formed.  No trustee or examiner has been appointed

20    and FTDF continues to operate its business, if any, as the debtor-in-possession pursuant to

21    sections 1107(a) and 1108 of the Bankruptcy Code.

22    4.    FTDF is a Nevada limited liability company organized as of February 16, 2001.

23    5.    FTDF did not at any time have any employees nor was it required to contribute to a

24    defined pension benefit plan.

25    6.    As of the Petition Date, FTDF had approximately 950 members.

26    7.    The PBGC filed the Claims on November 9, 2006.  Claim No. 83 seeks $884,389

27    for the unfunded benefit liabilities of the USA Commercial Mortgage Company Defined Benefit

28    Pension Plan ("Pension Plan").  Claim No. 84 seeks $1,068,233 for the unpaid minimum funding

contributions to the Pension Plan.  Claim No. 85 is for Pension Plan insurance premiums including interest and penalties in an unliquidated amount.  PBGC has filed the exact same claims against each of the five Debtors.

### III.    APPLICABLE AUTHORITY

8.      Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extent that the claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).

9.      A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

### IV.    OBJECTION TO THE PBGC'S CLAIMS

10.      FTDF objects to each of the Claims that the PBGC has asserted against it.

11.      The PBGC argues that FTDF is liable under each of the Claims because it is either a "contributing sponsor" under 29 U.S.C. § 1301(a)(13) or a member of the contributing sponsor's "controlled group" under 29 U.S.C. § 1301(a)(14).

12.      FTDF is neither the "contributing sponsor" of the Pension Plan nor a member of the contributing sponsor's "controlled group," as those terms are defined in their respective sections.

13.      The "contributing sponsor" of a benefit plan is the employer responsible for making contributions to the benefit plan.  *See* 26 U.S.C. § 412(c)(11)(A).  USACM is the employer responsible for making contributions to the Pension Plan.  FTDF has no employees and is not a "contributing sponsor" of the Pension Plan.

14.      In defining "controlled group," 29 U.S.C. § 1301(a)(14) looks to section 1563(a) of

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

title 26 of the United States Code (the "Internal Revenue Code").  Under the applicable provisions of section 1563(a), FTDF would be a member of USACM's controlled group only if FTDF was a member of a parent-subsidiary or brother-sister controlled group of the Pension Plan.  FTDF is neither a member of a parent-subsidiary nor a brother-sister controlled group of the Pension Plan. These controlled groups are based on common, concentrated ownership.  FTDF, with its 950 different equity members, has a separate and distinct ownership from the controlled group members of the Pension Plan and, therefore, is not a member of the "controlled group" as that term is defined in 29 U.S.C. § 1301(a)(14).

15.      The PBGC's Claims against FTDF, therefore, are unenforceable under applicable law for reasons other than because the Claims are contingent or unmatured, and they should be disallowed in their entirety under section 502(b) of the Bankruptcy Code.

16.      FTDF expressly reserves the right to raise any additional objections against the Claims or any other claims filed by the PBGC or any other claimant.

17.      FTDF further requests that, to the extent that the PBGC does not file a response to this Objection, the Court enter an order disallowing the Claims.

## V.    CONCLUSION

18.      FTDF requests that the Court disallow Claim No. 83, Claim No. 84, and Claim No. 85, all filed by the PBGC, because these Claims are not enforceable against FTDF under applicable law, and requests that the Court grant such other and further relief as is just and proper. Respectfully submitted this 22nd day of December, 2006.

   _/s/   Jeanette E. McPherson_
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146
and
Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122