E-FILED ON DECEMBER 25, 2OO6

| | |
|---|---|
| Annette W. Jarvis, Utah Bar No. 1649 | Lenard E. Schwartzer, Nevada Bar No. 0399 |
| RAY QUINNEY & NEBEKER P.C. | Jeanette E. McPherson, Nevada Bar No. 5423 |
| 36 South State Street, Suite 1400 | SCHWARTZER & MCPHERSON LAW FIRM |
| P.O. Box 45385 | 2850 South Jones Boulevard, Suite 1 |
| Salt Lake City, Utah 84145-0385 | Las Vegas, Nevada 89146-5308 |
| Telephone: (801) 532-1500 | Telephone: (702) 228-7590 |
| Facsimile: (801) 532-7543 | Facsimile: (702) 892-0122 |
| Email: ajarvis@rqn.com | E-Mail: bkfilings@s-mlaw.com |

Attorneys for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                          Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                          Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                          Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                          Debtor. | Adversary No. 06- |
| In re:<br>USA SECURITIES, LLC,<br>                                          Debtor. | **COMPLAINT UNDER 11 U.S.C. §§ 544, 548, 550 and NRS 112.180** |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |
| USA COMMERCIAL MORTGAGE COMPANY, a chapter 11 debtor, and USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, a chapter 11 debtor,<br>                                          Plaintiffs,<br>vs.<br>HMA Sales, LLC, a Nevada limited liability company, and SALVATORE J. REALE, an individual.<br>                                          Defendants. | |

Complaint

1

Plaintiffs USA Commercial Mortgage Company ("USACM") and USA Capital Diversified Trust Deed Fund, LLC ("DTDF") hereby complain against defendants and allege as follows:

### JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 544, 548 and 550.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (H) and (O).

3. This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

4. This Court has venue over this proceeding pursuant to 28 U.S.C. § 1409(a).

### GENERAL ALLEGATIONS

5. Defendant HMA Sales, LLC ("HMA") is a Nevada limited liability company doing business within this judicial district.

6. Defendant Salvatore J. Reale is an individual residing within this judicial district.

7. USACM and DTDF are creditors of HMA.

8. HMA is owned by USA Investment Partners, LLC ("USAIP") and Allen Abolafia. USAIP is the majority owner and manager of HMA and thereby exercises sole control and management over the affairs of HMA.

9. The majority interest in USAIP is owned by Joseph Milanowski ("Milansowski") and Tom Hantges ("Hantges").

10. HMA is the owner of the Royal Hotel, a property located at 99 Convention Center Drive, Las Vegas, California (the "Royal Hotel") and identified as Clark County Assessor Parcel Nos. 162-09-812-002 and 162-09-812-003.

11. Upon information and belief, HMA has entered into a contract to sell the Royal Hotel for approximately $29 million.

12. Hantges and Milanowski are the majority owners of USACM.

13. USACM is in the business of arranging and servicing loans.

Complaint

14. DTDF is a fund created in 2000 by Hantges and Milanowski and/or USACM for the purpose of aggregating investment funds of investors to be used to invest in real property secured loans funded in whole or in part by DTDF.

15. Until the chapter 11 filings by USACM and DTDF in April, 2006, Hantges and Milanowski exercised dominion and control over both USACM and DTDF.

16. DTDF and USACM entered into a loan servicing agreement whereby USACM was to arrange for and service loans for DTDF.

17. Commencing in 2003, Hantges and Milanowski caused DTDF to advance substantial monies to USAIP. Many of those advances were made indirectly through an entity known as 10-90, Inc. and were booked by DTDF/USACM/Milanowski/Hantges as a loan made by DTDF to 10-90, Inc. (the "10-90 Loan"). Eventually, DTDF, USAIP and 10-90, Inc. agreed that 10-90, Inc. would be removed from the transaction as a borrower of DTDF and a lender to USAIP and thereafter, USAIP became the direct borrower to DTDF in the 10-90 Loan.

18. The structure of the 10-90 Loan was such that USAIP was to grant to DTDF a lien upon and security interest in the assets acquired and funded with, and investments made with, advances on the 10-90 Loan.

19. Upon information and belief, the 10-90 Loan was a mere fiction and subterfuge employed by Hantges and Milanowski utilized as part of a scheme whereby they utilized the monies of the DTDF investors for their own speculative real estate development activities, rather than funding non-insider loans secured by first deeds of trust on real property as promised in the DTDF prospectus.

20. Approximately $14 million of DTDF funds taken by USAIP, Milanowski and Hantges ostensibly as advances on the 10-90 Loan were utilized by USAIP in connection with the Royal Hotel owned by HMA, both to fund the purchase of the Royal Hotel and to fund the operations and improvements to the Royal Hotel.

21. USAIP did not grant to DTDF a lien upon or security interest in the Royal Hotel or USAIP's interests in HMA at the time such advances were made by DTDF to

1  USAIP and invested by USAIP in the Royal Hotel.

2  22. After the commencement of the chapter 11 cases of DTDF and USACM, DTDF and USACM, through Tom Allison of Mesirow Interim Financial Management ("Mr. Allison"), negotiated with Mr. Milanowski on behalf of USAIP, for a promissory note in the amount of $58,374,918.81 to evidence certain obligations appearing on the books of USACM owing by USAIP (the "$58 Million USAIP Note") and a security agreement to secure various obligations owing by USAIP to the debtors, including USACM and DTDF (the "USAIP Security Agreement). The $58 Million USAIP Note and the USAIP Security Agreement are both dated as of May 31, 2006, and were approved by order of this Court entered on the docket in the USACM case on July 24, 2006.

23. The obligations secured under the USAIP Security Agreement include the $58 Million USAIP Note and the 10-90 Loan.

24. One of the assets pledged by USAIP under the USAIP Security Agreement was the LLC member interest of USAIP in HMA. Thus, both DTDF and USACM have a direct interest in maximizing the net sales proceeds of the Royal Hotel to be received by HMA.

25. Unbeknownst to Mr. Allison and the debtors, at the time that Milanowski was negotiating on behalf of USAIP to pledge USAIP's LLC member interest in HMA to the debtors, including USACM and DTDF, Milanowski was taking other actions that adversely and materially affected the value of that interest to DTDF and USACM. On or about May 5, 2006, Milanowski, on behalf of HMA, granted a real property lien upon the Royal Hotel by executing that certain Deed of Trust, Assignment of Rents Security Agreement and Fixture Filing in favor of Salvatore J. Reale, as the Trustee of the Salvatore J. Reale Revocable Living Trust Dated November 15, 2004 ("Reale") which was recorded with the Clark County Recorder on May 5, 2006, as document number 20060505-0003127 (the "Reale Deed of Trust").

26. The Reale Deed of Trust executed on behalf of HMA states that the obligation secured is a "Promissory Note dated December 1, 2004, as amended by Thomas

4

Complaint

A. Hantges and Joseph D. Milanowski (collectively, the "Borrower"), which presently has an unpaid balance of Nine Million Eight Hundred Thousand Dollars ($9,800,000.00) plus interest . . . " (the "Reale Note"). Thus, the Reale Note is the personal obligation of Milanowski and Hantges and is not the obligation of HMA.

27. Upon information and belief, HMA received no consideration whatsoever for assuming the liability of the Reale Note by pledging the Royal Hotel as collateral therefor.

28. At no time during the negotiations with Mr. Allison, did Milanowski inform Mr. Allison that the Royal Hotel had been pledged to Reale to secure the Reale Note.

**FIRST CLAIM FOR RELIEF**
**(Equitable Lien)**

29. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 28 above as if fully set forth herein.

30. USAIP was contractually bound to provide DTDF with a lien upon and security interest in the assets acquired and funded with, and investments funded with, advances on the 10-90 Loan, including the Royal Hotel.

31. DTDF is entitled to an equitable lien upon the Royal Hotel.

**SECOND CLAIM FOR RELIEF**
**(Constructive Trust)**

32. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 31 above as if fully set forth herein.

33. USAIP, HMA, Hantges and Milanowski, among others, engaged in a scheme to defraud DTDF and the investors in DTDF by taking and utilizing the monies of DTDF to fund their own speculative real estate investments, contrary to the promises of the DTDF prospectus that informed the DTDF investors that DTDF monies would be used to fund loans secured by first deeds of trust on real estate. The 10-90 Loan was a subterfuge for these direct withdrawals of monies from DTDF to fund insider real estate speculations, including the Royal Hotel, and funds advanced under the fiction of the 10-90 Loan were utilized to fund the purchase, operations and improvements to the Royal Hotel.

34. As a result, all assets and investments purchased with and funded with DTDF monies should be imposed with a constructive trust in favor of DTDF, including HMA's ownership of the Royal Hotel.

**THIRD CLAIM FOR RELIEF**
**(Avoidance of a Fraudulent Transfer)**

35. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 34 above as if fully set forth herein.

36. Title to the Royal Hotel is encumbered with the Reale Deed of Trust.

37. HMA received less than reasonably equivalent value in return for the pledge of the Royal Hotel to Reale and HMA was insolvent at the time of the transfer or became insolvent as a result of the transfer.

38. The transfer accomplished by the Reale Deed of Trust was made with the actual intent to hinder, delay or defraud creditors, including USACM and DTDF.

**FOURTH CLAIM FOR RELIEF**
**(Injunction)**

39. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 38 above as if fully set forth herein.

40. As a result of the foregoing, HMA and anyone acting in concert with HMA should be enjoined from taking any further action to dispose of the Royal Hotel, or any interest therein, unless and until the claims of USACM and DTDF, as alleged above, are adequately provided for. HMA and such other entities should further be enjoined from causing HMA to incur any further obligations of others as to which HMA is not presently obligated.

41. Without such an injunction, USACM and DTDF would suffer irreparable injury in that, among other things, USACM and DTDF would need to commence further litigation to pursue recovery of monies paid out to third parties, including Reale, upon a disposition of the Royal Hotel and the eventual recovery in such actions is uncertain.

/ / /

6

Complaint

**FIFTH CLAIM FOR RELIEF**
**(Appointment of a Receiver)**

42. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 41 above as if fully set forth herein.

43. In order to preserve the status quo with respect to the Royal Hotel, and in order to avoid the dissipation and/or loss of value represented by the Royal Hotel, USACM and DTDF are entitled to the appointment of a receiver for HMA and/or the Royal Hotel.

**PRAYER FOR RELIEF**

THEREFORE, USACM and DTDF pray as follows:

A. For a judgment that the title to the Royal Hotel is encumbered by an equitable lien in favor of DTDF.

B. For a judgment that title to the Royal Hotel is imbued with a constructive trust in favor of DTDF.

C. For a judgment that the Reale Note and the Reale Deed of Trust constitute fraudulent transfers and that title to the Royal Hotel be reformed to remove the Reale Deed of Trust from such title.

D. For a judgment enjoining HMA or anyone acting in concert with HMA from disposing of the Royal Hotel or any interest therein, or from further obligating HMA for the obligations of others.

E. For a judgment appointing a receiver for the Royal Hotel and/or HMA.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

7

Complaint

F.  For a judgment providing that the claims of DTDF and USACM shall be satisfied from the sale proceeds of the Royal Hotel or any other property of HMA.

G.  For such further relief that this Court deems to be just and proper.

Dated:  December 25, 2006

/s/ Lenard E. Schwartzer
Lenard E. Schwartzer, Esq.
Jeanette E. McPherson, Esq.
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
and

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

Attorneys for Debtors & Debtors-In-Possession

Complaint

8

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

ADVERSARY PROCEEDING NUMBER
(Court Use Only)

| PLAINTIFF | DEFENDANT |
|---|---|
| USA Commercial Mortgage Company and USA Capital Diversified Trust Deed Fund, LLC | HMA Sales, LLC, a Nevada limited liability company, and SALVATORE J. REALE, an individual |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Lenard E. Schwartzer, Esq.<br>Jeanette E. McPherson, Esq.<br>Schwartzer & McPherson Law Firm<br>2850 South Jones Blvd., Suite 1<br>Las Vegas NV  89146<br>(702) 228-7590 | |

**PARTY** (Check one box only)    ☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ■ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
11 U.S.C. §544, 548 and §550
NRS 112.180

### NATURE OF SUIT
(Check the one most appropriate box only.)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ■ | 454 | To Recover Money or Property | ☐ | 455 | To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan | ☐ | 456 | To obtain a declaratory judgment relating to any of foregoing causes of action |
| ☐ | 435 | To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☐ | 426 | To determine the dischargeability of a debt 11 U.S.C. §523 | ☐ | 459 | To determine a claim or cause of action removed to a bankruptcy court |
| ☐ | 458 | To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ | 434 | To obtain an injunction or other equitable relief | ☐ | 498 | Other (specify) |
| ☐ | 424 | To object or to revoke a discharge 11 U.S.C. §727 | ☐ | 457 | To subordinate any allowed claim or interest except where such subordination is provided in a plan | | | |

| ORIGIN OF PROCEEDINGS (Check one box only.) | ■ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND<br>$29,000,000.00 | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| USA Commercial Mortgage Company<br>USA Capital Realty Advisors, LLC<br>USA Capital Diversified Trust Deed Fund, LLC<br>USA First Trust Deed Fund, LLC<br>USA Securities, LLC | BK-S-06-10725 LBR<br>BK-S-06-10726 LBR<br>BK-S-06-10727 LBR<br>BK-S-06-10728 LBR<br>BK-S-06-10729 LBR<br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |

| DISTRICT IN WHICH CASE IS PENDING<br>NEVADA | DIVISIONAL OFFICE<br>LAS VEGAS | NAME OF JUDGE<br>HONORABLE LINDA B. RIEGLE |
|---|---|---|

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

**FILING FEE**    (Check one box only.)    ■ FEE ATTACHED    ☐ FEE NOT REQUIRED    ☐ FEE IS DEFERRED

| DATE<br>12/25/2006 | PRINT NAME<br>Lenard E. Schwartzer, Esq. | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/  Lenard E. Schwartzer* |
|---|---|---|

B-104