WILLIAM L. McGIMSEY
A Professional Corp.
Nevada Bar No. 546
601 E. Charleston Blvd.
Las Vegas, NV 89104
(702) 382-9948

E-FILED - 12/26/06

Attorney for Margaret B. McGimsey Trust, Bruce McGimsey, Jerry McGimsey, Sharon McGimsey and Johnny Clark

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re: | Case No. BK-S-06-10725 LBR |
|---|---|
| USA COMMERCIAL MORTGAGE COMPANY, | Case No: BK-S-06-10726 LBR |
| Debtor. | Case No. BK-S-06-10727 LBR |
| | Case No. BK-S-06-10728 LBR |
| USA CAPITAL REALTY ADVISORS, LLC, | Case No. BK-S-06-10729 LBR |
| Debtor. | Chapter 11 |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | RESPONSE TO OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL DIVERSIFIED TRUST DEED FUND CLAIMS ON EQUITY MISFILED AS CREDITOR CLAIMS BY MARGARET B. McGIMSEY TRUST |
| Debtor. | |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | |
| Debtor. | |
| USA SECURITIES, LLC, | |
| Debtor. | |
| Affects: | Date: 01/03/07 |
| ☐ All Debtors | Time: 9:30 a.m. |
| ☐ USA Commercial Mortgage Company | |
| ☐ USA Securities, LLC | |
| ☐ USA Capital Realty Advisors, LLC | |
| ■ USA Capital Diversified Trust Deed Fund, LLC | |
| ☐ USA First Trust Deed Fund, LLC | |

COMES NOW Margaret B. McGimsey Trust, by and through its attorney, William L. McGimsey, Esq., and in response to the objection to the Creditor's Claim filed herein by the Official

Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC, respectfully shows as follows.

The objection is apparently based on two grounds. The first is the fact that the Creditor's claim is allegedly duplicative of the Proof of Interest by this Creditor and Interest Holder. In fact, this Creditor has filed a Proof of Interest because this Creditor is in fact an Interest Holder. However, in addition, this Creditor is an unsecured creditor and has therefore filed a Proof of Claim as an unsecured creditor.

This Creditor purchased its interest in the Debtor pursuant to Subscription Agreements, all of which provided that the terms of the agreement were as set forth in the prospectus of USA Capital Diversified Trust Deed Fund, LLC. In that prospectus, the Debtor contracted and agreed that all loans would be secured by first deeds of trust that encumber the real property and that the maximum loan to value ratio would be 75% for residential subdivisions and commercial property and 60% for unimproved loans. The agreement also provided that no loans would be made to the Debtor's manager or any of its affiliates. These provisions in the case of USA Capital Diversified Trust Deed Fund, LLC were violated in that loans were made to affiliates which were totally unsecured. Thus, this Creditor believes it can prove that the Debtor has been guilty of breach of its contract and has been defrauded by the Debtor giving rise to this Creditor's claim.

The objecting creditor has cited the case of *In re Betacom of Phoenix, Inc.*, 240 F.3d 823, 829 (9th Cir. 2001), for the proposition that this Creditor's claim must be subordinated because it arose out of the purchase and sale of a security. In the *Betacom* case, the court did indicate that under certain circumstances, a creditor's claim which arose out of the purchase and sale of a security or equity position in the debtor should be subordinated to other more conventional creditors' claims which did not arise out of the purchase of the sale of an equity interest in the debtor. However, the court did not make a blanket ruling that such creditors' claims as the one in question here would be automatically subordinated to all other creditors' claims but rather would be subordinated to creditors who extended credit to the debtor on the basis of the equity in the debtor.

////

////

1 In any event, even if this claim should be subordinated to other creditors' claims that is not grounds for a denial of the claim.

Respectfully submitted,

s// William L. McGimsey
WILLIAM L. McGIMSEY, ESQ.
601 East Charleston Blvd.
Las Vegas, NV 89104
Attorney for Margaret B. McGimsey Trust