ELECTRONICALLY FILED
December 27, 2006

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA
(CA State Bar No. 136934)
EVE H. KARASIK
(CA State Bar No. 155356)
ANDREW M. PARLEN
(CA State Bar No. 230429), Members of
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
Email:      fmerola@stutman.com
            ekarasik@stutman.com
            aparlen@stutman.com

SHEA & CARLYON, LTD.
JAMES PATRICK SHEA
(Nevada State Bar No. 000405)
CANDACE C. CARLYON
(Nevada State Bar No. 002666)
SHLOMO S. SHERMAN
(Nevada State Bar No. 009688)
228 South Fourth Street, First Floor
Las Vegas, Nevada 89101
Telephone: (702) 471-7432
Facsimile: (702) 471-7435
Email:      jshea@sheacarlyon.com
            ccarlyon@sheacarlyon.com
            ssherman@sheacarlyon.com

Counsel for the Official Committee Of
Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>        Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>        Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>        Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>        Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>        Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| Affects<br>☐ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☒ USA First Trust Deed Fund, LLC | Date: January 31, 2007<br>Time: 9:30 a.m. |

**SECOND OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC TO MISFILED CLAIMS (AFFECTS DEBTOR USA CAPITAL FIRST TRUST DEED FUND, LLC)**

405968v3

1  The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases"), hereby submits this "Second Omnibus Objection Of The Official Committee Of Equity Security Holders Of USA Capital First Trust Deed Fund, LLC To Misfiled Claims" (the "Objection"), pursuant to which the FTDF Committee objects to the proofs of claim referenced herein (the "Wrong Debtor Claims") on the grounds that they have been erroneously filed against the USA Capital First Trust Deed Fund, LLC ( the "FTDF") and that the FTDF has no liability on account of such claims.  By this Objection, the FTDF Committee does not seek to prejudice the rights of any of the claimants who filed Wrong Debtor Claims (the "Claimants") to recover from other Debtors in the Chapter 11 Cases on account the liabilities asserted in the Wrong Debtor Claims.

This Objection is made pursuant to section 502 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules") and is based upon the points and authorities which follow, the pleadings, papers or other matters contained in the Court's file, judicial notice of which is respectfully requested, and any oral argument of counsel to be presented at the time of the hearing on this Objection.

Based on the foregoing, the FTDF Committee request that the Court enter an order (i) sustaining the Objection; (ii) disallowing the Wrong Debtor Claims, in their entirety, as filed against the FTDF, without prejudice to the right of any Claimant to assert the Wrong Debtor Claims against the appropriate Debtor in these Chapter 11 Cases and without prejudice to the right of the FTDF to object to the Wrong Debtor Claims on other grounds at a later date; and (iii) granting such other and further relief as the Court deems just and proper.

Respectfully submitted:

Dated:  December 27, 2006

/s/ *Andrew M. Parlen*
Andrew M. Parlen, Esq.
Stutman, Treister & Glatt
Professional Corporation
Counsel to the Official Committee of Equity
Security Holders of USA Capital First Trust Deed
Fund, LLC

405968v3               2

**POINTS AND AUTHORITIES**

**I.     STATEMENT OF FACTS**

**A.     General Background**

1. On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC (the "DTDF"), and the FTDF (collectively with USA Mortgage, USA Securities, USA Realty, and the DTDF, the "Debtors") filed voluntary petitions for relief under chapter 11 the Bankruptcy Code.

2. Thereafter, on May 9, 2006, this Court entered its <u>Order Regarding Joint Administration Without Substantive Consolidation</u> [docket no. 184] whereby the Court ordered that the Chapter 11 Cases be jointly administered under the name of USA Commercial Mortgage Company, bankruptcy case number BK-S-06-10725-LBR.

3. No trustee or examiner has been appointed in the Chapter 11 Cases. Rather, the Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On May 10, 2006, the Office of the United States Trustee (the "U.S. Trustee") appointed four separate committees in these Chapter 11 Cases, including the FTDF Committee.

5. The FTDF Committee represents the interests of those persons who invested in the FTDF (the "FTDF Members").  FTDF Members hold equity, or membership, interests in the FTDF.

6. On June 15, 2006, each of the Debtors filed their "Summary of Schedules and Statement of Financial Affairs" (collectively, the "Schedules") pursuant to Bankruptcy Code section 521(a)(1)(B), based upon their books and records as of the Petition Date.

7. On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] setting the deadline of November 13, 2006, to file proofs of claim and proofs of interest in the Chapter 11 Cases.

1         8.     On or about September 18, 2006, the Debtors mailed proof of claim and
2 proof of interest forms, together with instructions explaining that (i) if any equity interest holder
3 (such as a FTDF Member) wished to assert a claim (as opposed to an equity interest) against any
4 of the Debtors, then that equity holder must file a proof of claim but that proofs of claim should
5 only be filed in those instances where the claimant believed one of the Debtors owed the
6 claimant monies for such things as damages, rescission, reimbursement or contribution; and (ii)
7 if the equity interest holder had no disagreement with the amount indicated on the proof of
8 interest form included in the mailing, then that equity interest holder need take no action and his
9 or her proof of interest in the FTDF would be deemed allowed in the amount shown on the proof
10 of interest form.

**B.  The Debtors' Businesses**

12         9.     As of the Petition Date, USACM was acting as the loan servicer for 115
13 separate loans (the "Serviced Loans") having a combined outstanding loan balance of
14 approximately $960 million.  See Debtors' First Amended Disclosure Statement For Debtors'
15 Third Amended Joint Plan Of Reorganization (the "Disclosure Statement") [docket no. 1798] at
16 24.

17         10.     According to the Debtors, there are approximately 3,600 investors (the
18 "Loan Investors") whose names appear as a "Lender" in the documents for one or more of the
19 Serviced Loans.  Id.  Among the Loan Investors are the FTDF and the DTDF (collectively, the
20 "Funds").

21         11.     As of July 31, 2006, the FTDF had an interest as a Loan Investor in 47 of
22 the Serviced Loans, and the aggregate outstanding balance owed to FTDF was $62,653,825.  Id.
23 at 26.  All of the FTDF's loans were originated and are serviced by USACM.  Id.

24         12.     There are approximately 950 FTDF Members, each of whom own
25 membership interests in the FTDF.  Id.  It bears emphasizing that the FTDF, not the FTDF
26 Members, is a lender on the Serviced Loans, and its investments, not those of the FTDF
27 Members, are secured by deeds of trust.  FTDF Members are only entitled to receive
28 distributions to the extent that the profits of the FTDF exceed its losses. In other words, FTDF

405968v3         4

Members hold equity security interests in the FTDF.

C.     **Analysis of Proofs of Claim Filed Against the FTDF**

13.     On August 1, 2006, the FTDF filed two omnibus objections to claims: (i) the Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Misfiled Claims [Docket No. 1064]; and (ii) the Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Claims Based on Prepetition Equity Security Interests of USA Capital First Trust Deed Fund, LLC [Docket No. 1066].  These objections were sustained by orders of the Court dated September 14, 2006 [Docket Nos. 1278 and 1279].

14.     As of the filing of this Objection, 110 proofs of claim filed against the FTDF remain outstanding.  The FTDF Committee has analyzed these proofs of claim and has determined that, with respect to the Wrong Debtor Claims, the FTDF has no liability as such claims were erroneously filed against the FTDF.  Indeed, all but one of the Wrong Debtor Claims were filed by Claimants who are not FTDF Members, but rather are either members of the DTDF or are simply Loan Investors.  A detailed listing of the Wrong Debtor Claims is attached hereto as **Exhibit "1"** and is incorporated herein by reference.

15.     In analyzing the Wrong Debtor Claims, certain trends are apparent. Above all, some Claimants appear to have filed claims against all of the Debtors in the Chapter 11 Cases irrespective of whether they have any connection to a particular Debtor.  As such, certain Claimants have filed Wrong Debtor Claims against the FTDF on account of an investment made through one of the other Debtors even though such Claimants are not FTDF Members.  For instance, the Layne Family Trust, which is not a FTDF Member, filed proofs of claim in the amount of $240,000 against all of the Debtors, including the FTDF, on account of his agreement to loan $240,000 to Fiesta Development through USACM.

16.     Another explanation for the number of Wrong Debtor Claims is that upon loaning money through USACM to a borrower, Loan Investors received a sheet summarizing their investment, which sheet states in large, bold, underlined print: "First Trust Deed Investment."  Claimants may not realize that making a "First Trust Deed Investment" as a Loan

1  Investor is distinct from investing in the FTDF and becoming a FTDF Member.

2      17.    Moreover, some of the Wrong Debtor Claims were filed in duplicate, and,
3  accordingly, the duplicative Wrong Debtor Claims should be disallowed in their entirety.

4      18.    In summary, the FTDF has no liability for any of the Wrong Debtor
5  Claims, and all such claims should be disallowed as set forth on Exhibit "1."

## II.    ARGUMENT

7      19.    Bankruptcy Code section 502 authorizes a party in interest to object to
8  claims. See 11 U.S.C. § 502(a). Upon such objection, this Court, "after notice and a hearing,
9  shall determine the amount of such claim in lawful currency of the United States as of the date of
10 the filing of the petition . . . ." 11 U.S.C. § 502(b). Although a proper proof of claim is
11 presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption,
12 the creditor has the ultimate burden of persuasion as to the validity and amount of the claim.
13 Ashford v. Consolidated Pioneer Mortg. (In re Consoldiated Pioneer Mortg.), 178 B.R. 222, 226
14 (9th Cir. B.A.P. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996) (quoting In re Allegheny Int'l, Inc., 954
15 F.2d 167, 173-74 (3d Cir. 1992)).

16     20.    The FTDF Committee has analyzed the Wrong Debtor Claims and has
17 determined that the FTDF has no liability on account of any of the Wrong Debtor Claims.
18 Rather, all of the Wrong Debtor Claims are based on either loans to borrowers made through
19 USACM or on investments in the DTDF. Accordingly, all of the Wrong Debtor Claims should
20 be disallowed in their entirety.

21     21.    Additionally, some of the Wrong Debtor Claims are duplicative of other
22 Wrong Debtor Claims and, accordingly, should be disallowed. Section 502(b)(1) of the
23 Bankruptcy Code provides that the bankruptcy court shall not allow a claim that "is
24 unenforceable against the debtor and property of the debtor, under any agreement or applicable
25 law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. §
26 502(b)(1). Section 502 therefore precludes the allowance of duplicative proofs of claim because
27 applicable law plainly prevents a claimant from recovering twice on a single debt. See Fine
28 Organics Corp. v. Hexcel Corp. (In re Hexcel Corp.), 174 B.R. 807, 811 (Bankr. N.D. Cal. 1994)

405968v3    6

1  (noting the bankruptcy policy "intended to protect the limited assets of the estate from
2  duplicative claims"); <u>In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson &</u>
3  <u>Casey</u>, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("to allow one creditor to assert two dollars in
4  claims for every one dollar of loss from the same debtor violates principles of ratable distribution
5  and offends notions of uniform treatment for creditors") (quotations omitted). Therefore, all
6  duplicative Wrong Debtor Claims should be disallowed.

### III. NOTICE

22. This Objection[1] will be served on (i) the Claimants who filed the Wrong Debtor Claims at the addresses set forth on the claimants' respective proofs of claim, (ii) all parties on Master Service List for Limited Notice #5 Dated November 1, 2006 and (iii) all parties who have filed requests for special notice since the filing of such master service list.  In light of the nature of the relief requested, the FTDF Committee submits that no other or further notice need be given.

### IV. CONCLUSION

23. For the reasons set forth herein, the FTDF Committee respectfully requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing the Wrong Debtor Claims, in their entirety, as filed against the FTDF, without prejudice the right of any Claimant to assert the Wrong Debtor Claims against the appropriate Debtor in these Chapter 11 Cases and without prejudice to the right of the FTDF to object to the Wrong Debtor Claims on other grounds at a later date; and (iii) granting such other and further relief as the Court deems just and proper.

---

[1] Given the voluminous nature of the Wrong Debtor Claims and the attachments thereto and in light of the facts that the Court has access to the FTDF claims register and the Claimants already have copies or are aware of their own respective Wrong Debtor Claims, the FTDF Committee is not filing or serving copies of the Wrong Debtor Claims along with this Objection.  Copies of the Wrong Debtor Claims will be provided upon request made to the FTDF Committee's undersigned counsel.

405968v3                           7

1  Respectfully submitted this 27th day of December, 2006.

2

3  /s/ *Andrew M. Parlen*

4  FRANK A. MEROLA,
   EVE H. KARASIK, and
5  ANDREW M. PARLEN, Members of
   STUTMAN, TREISTER & GLATT, P.C.
6  1901 Avenue of the Stars, 12th Floor
   Los Angeles, CA  90067
7  Telephone:  (310) 228-5600

8  and

9
   CANDACE C. CARLYON
10 SHOLOMO S. SHERMAN
   Shea & Carlyon, Ltd.
11 228 S. Fourth Street, First Floor
   Las Vegas, NV  89101
12 Telephone:  (702) 471-7432
13 COUNSEL FOR THE
   OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
14 OF USA CAPITAL FIRST TRUST DEED FUND, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28