ELECTRONICALLY FILED
December 27, 2006

| | |
|---|---|
| STUTMAN, TREISTER & GLATT, P.C. | SHEA & CARLYON, LTD. |
| FRANK A. MEROLA | JAMES PATRICK SHEA |
| (CA State Bar No. 136934) | (Nevada State Bar No. 000405) |
| EVE H. KARASIK | CANDACE C. CARLYON |
| (CA State Bar No. 155356) | (Nevada State Bar No. 002666) |
| ANDREW M. PARLEN | SHLOMO S. SHERMAN |
| (CA State Bar No. 230429), Members of | (Nevada State Bar No. 009688) |
| 1901 Avenue of the Stars, 12th Floor | 228 South Fourth Street, First Floor |
| Los Angeles, California 90067 | Las Vegas, Nevada 89101 |
| Telephone: (310) 228-5600 | Telephone: (702) 471-7432 |
| Facsimile: (310) 228-5788 | Facsimile: (702) 471-7435 |
| Email: fmerola@stutman.com | Email: jshea@sheacarlyon.com |
| ekarasik@stutman.com | ccarlyon@sheacarlyon.com |
| aparlen@stutman.com | ssherman@sheacarlyon.com |

Counsel for the Official Committee Of
Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>        Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>        Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>        Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>        Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>        Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| Affects<br>☐ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☒ USA First Trust Deed Fund, LLC | Date: January 31, 2006<br>Time: 9:30 a.m. |

**OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC TO CLAIMS SUPERSEDED BY COMPROMISE CONTAINED IN DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION (AS MODIFIED) (AFFECTS DEBTOR USA CAPITAL FIRST TRUST DEED FUND, LLC)**

406227v1

1  The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases"), hereby submits this "Omnibus Objection Of The Official Committee Of Equity Security Holders Of USA Capital First Trust Deed Fund, LLC To Claims Superseded By Compromise Contained In Debtors' Third Amended Joint Chapter 11 Plan Of Reorganization (As Modified)" (the "Objection"), pursuant to which the FTDF Committee objects to the proofs of claim referenced herein (the "Compromised Claims") on the grounds that such claims have been superseded by the compromises contained in the Debtors' Third Amended Joint Chapter 11 Plan Of Reorganization (As Modified) (the "Plan") between USA Capital First Trust Deed Fund, LLC (the "FTDF") and USA Capital Diversified Trust Deed Fund, LLC (the "DTDF").

This Objection is made pursuant to section 502 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules") and is based upon the points and authorities which follow, the pleadings, papers or other matters contained in the Court's file, judicial notice of which is respectfully requested, and any oral argument of counsel to be presented at the time of the hearing on this Objection.

Based on the foregoing, the FTDF Committee request that the Court enter an order (i) sustaining the Objection; (ii) disallowing the Compromised Claims, in their entirety without prejudice to the right of the FTDF to object to the Compromised Claims on other grounds at a later date; and (iii) granting such other and further relief as the Court deems just and proper.

Respectfully submitted:

Dated:  December 27, 2006

/s/ *Andrew M. Parlen*
Andrew M. Parlen, Esq.
Stutman, Treister & Glatt
Professional Corporation
Counsel to the Official Committee of Equity
Security Holders of USA Capital First Trust Deed
Fund, LLC

406227v1          2

**POINTS AND AUTHORITIES**

**I.      STATEMENT OF FACTS**

**A.      General Background**

1.      On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), the DTDF), and the FTDF (collectively with USA Mortgage, USA Securities, USA Realty, and DTDF, the "Debtors") filed voluntary petitions for relief under chapter 11 the Bankruptcy Code.

2.      Thereafter, on May 9, 2006, this Court entered its <u>Order Regarding Joint Administration Without Substantive Consolidation</u> [docket no. 184] whereby the Court ordered that the Chapter 11 Cases be jointly administered under the name of USA Commercial Mortgage Company, bankruptcy case number BK-S-06-10725-LBR.

3.      No trustee or examiner has been appointed in the Chapter 11 Cases. Rather, the Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.      On May 10, 2006, the Office of the United States Trustee (the "U.S. Trustee") appointed four separate committees in these Chapter 11 Cases, including the FTDF Committee.

5.      The FTDF Committee represents the interests of those persons who invested in the FTDF (the "FTDF Members"). FTDF Members hold equity, or membership, interests in the FTDF.

6.      On June 15, 2006, each of the Debtors filed their "Summary of Schedules and Statement of Financial Affairs" (collectively, the "Schedules") pursuant to Bankruptcy Code section 521(a)(1)(B), based upon their books and records as of the Petition Date.

7.      On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] setting the deadline of November 13, 2006, to file proofs of claim and proofs of interest in the Chapter 11 Cases.

8.      On or about September 18, 2006, the Debtors mailed proof of claim and

proof of interest forms, together with instructions explaining that (i) if any equity interest holder (such as a FTDF Member) wished to assert a claim (as opposed to an equity interest) against any of the Debtors, then that equity holder must file a proof of claim but that proofs of claim should only be filed in those instances where the claimant believed one of the Debtors owed the claimant monies for such things as damages, rescission, reimbursement or contribution; and (ii) if the equity interest holder had no disagreement with the amount indicated on the proof of interest form included in the mailing, then that equity interest holder need take no action and his or her proof of interest in the FTDF would be deemed allowed in the amount shown on the proof of interest form.

9. On November 15, 2006, the Debtors filed the "Debtors Third Amended Joint Chapter 11 Plan Of Reorganization" (the "Plan").  Thereafter, at a hearing held on December 20, 2006, the Court orally confirmed the Plan.

**B.    The Debtors' Businesses**

10. As of the Petition Date, USACM was acting as the loan servicer for 115 separate loans (the "Serviced Loans") having a combined outstanding loan balance of approximately $960 million.  Debtors' First Amended Disclosure Statement For Debtors' Third Amended Joint Chapter 11 Plan Of Reorganization (the "Disclosure Statement") [docket no. 1798] at 24.

11. According to the Debtors, there are approximately 3,600 investors (the "Loan Investors") whose names appear as a "Lender" in the documents for one or more of the Serviced Loans.  Id.  Among the Loan Investors are the FTDF and the DTDF (collectively, the "Funds").

12. As of July 31, 2006, the FTDF had an interest as a Loan Investor in 47 of the Serviced Loans, and the aggregate outstanding balance owed to FTDF was $62,653,825.  Id. at 26.  All of the FTDF's loans were originated and are serviced by USACM.  Id.

13. There are approximately 950 FTDF Members, each of whom own membership interests in the FTDF.  Id.  It bears emphasizing that the FTDF, not the FTDF Members, is a lender on the Serviced Loans, and its investments, not those of the FTDF

406227v1                                              4

1 Members, are secured by deeds of trust.  FTDF Members are only entitled to receive
2 distributions to the extent that the profits of the FTDF exceed its losses. In other words, FTDF
3 Members hold equity security interests in the FTDF.
4       14. As of the Petition Date, the DTDF had an interest as a Lender in 23 of the
5 Serviced Loans.  All of the DTDF's loans are serviced by USACM.  The DTDF is owned by
6 approximately 1,900 individuals who invested in the DTDF (the "DTDF Members") and hold
7 equity, or membership, interests in the DTDF.
8 **C.     The Plan Compromise Between FTDF and DTDF.**
9       15. At the December 20, 2006 hearing, the Court orally confirmed the Plan.
10 Pursuant to Article IV.E.3. of the Plan, the FTDF and the DTDF entered into an intercompany
11 compromise (the "Compromise") that settled all claims between the FTDF and the DTDF,
12 including the DTDF's threatened litigation to seek the re-characterization of all loans serviced by
13 USACM, and, therefore, the FTDF loan portfolio, as property of the Debtors' estates and the
14 substantive consolidation of the Debtors' estates.  Of the DTDF Members who voted on the Plan,
15 83.47% in number and 86.39% in amount voted to accept the Plan, including the Compromise,
16 which is in excess of the one-half in number and two-thirds in amount necessary to bind the class
17 of DTDF equity interests.  The terms of the Compromise are described below.
18       **i.     FTDF Payment to DTDF and Terms of Repayment**
19       16. On the Effective Date, FTDF will pay to DTDF $500,000.  In addition,
20 FTDF will also pay an additional sum of up to $500,000 from 50% of any overbid increment
21 actually paid and allocated to FTDF, after taking into consideration any break-up fee (including
22 any expense reimbursement) paid by FTDF (together with the $500,000 payment, the "FTDF
23 Payment").
24       17. DTDF will have no obligation to repay the FTDF Payment until holders of
25 DTDF equity interests have received the same recovery as holders of FTDF Equity Interests,
26 which is defined as the FTDF Base Recovery Percentage in the Plan.  Upon achieving the FTDF
27 Base Recovery Percentage (not as adjusted below), DTDF will repay $500,000 of the FTDF
28 Payment.  The repayment of the remaining amount of the FTDF Payment will be based on the

406227v1        5

adjusted FTDF Base Recovery Percentage, which means the percent recovery that DTDF or post-Effective Date DTDF must reach after the adjustment for an annual increase, made on each anniversary of the Effective Date, of an additional $5 million to DTDF's investment in order to achieve the FTDF Base Recovery Percentage (the "Adjusted FTDF Base Recovery Percentage"). Upon achieving the Adjusted FTDF Base Recovery Percentage, DTDF will repay the balance of the FTDF Payment.

### ii. Transfer of FTDF Assets and Claims to DTDF

18. As further consideration of the parties' settlement, FTDF will transfer to DTDF its interest in the Bysynergy Loan (an obligation for which there is no collateral), the FTDF Unremitted Principal Claim, and the proceeds of certain non-assignable actions, which likely include any right of FTDF to pursue certain tort or securities actions against USA Securities, among others(the "FTDF Transferred Assets"). DTDF, not FTDF, will bear the costs of pursuing the recovery on the FTDF Transferred Assets.

### iii. FTDF General Unsecured Claim Subordination

19. Finally, FTDF will transfer its pro-rata share of recoveries from its interests as a beneficiary in the USACM Trust to DTDF until the allowed DTDF equity interests receive a recovery of 85% on their investment in DTDF from all sources of recovery allocated to the DTDF and Post-Effective Date DTDF (the "DTDF 85% Recovery"). After the DTDF 85% Recovery is reached, FTDF will retain its pro-rata share of recoveries from its interests as a beneficiary in the USACM Trust on account of its general unsecured claim.

D.  **Analysis of Proofs of Claim Filed Against the FTDF**

20. On August 1, 2006, the FTDF filed two omnibus objections to claims: (i) the Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Misfiled Claims [Docket No. 1064]; and (ii) the Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Claims Based on Prepetition Equity Security Interests of USA Capital First Trust Deed Fund, LLC [Docket No. 1066]. These objections were sustained by orders of the Court dated September 14, 2006 [Docket Nos. 1278 and 1279].

21. As of the filing of this Objection, 110 proofs of claim filed against the FTDF remain outstanding. The FTDF Committee has analyzed these proofs of claim and has determined that DTDF Members have filed certain claims, defined above as the Compromised Claims, against the FTDF on the grounds that the FTDF is liable for losses incurred by DTDF Members on account of their investments in the DTDF. Due to the approval of the Compromise through the confirmation of the Plan, however, the FTDF has no liability on account of the Compromised Claims. A detailed listing of the Compromised Claims is attached hereto as **Exhibit "1"** and is incorporated herein by reference.

22. In summary, the FTDF has no liability for any of the Compromised Claims, and all such claims should be disallowed as set forth on Exhibit "1."

## II.    ARGUMENT

23. Bankruptcy Code section 502 authorizes a party in interest to object to claims. See 11 U.S.C. § 502(a). Upon such objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b). Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. Ashford v. Consolidated Pioneer Mortg. (In re Consoldiated Pioneer Mortg.), 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996) (quoting In re Allegheny International, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)).

24. The FTDF Committee has analyzed the Compromised Claims and has determined that the FTDF has no liability on account of any of the Compromised Claims. As set forth above, all of the Compromised Claims have been filed by DTDF Members on account of losses they incurred by investing in the DTDF. Because DTDF Members do not have claims against the FTDF on account of their investments in the DTDF aside from those purported claims that were compromised in the Plan, all of the Compromised Claims should be disallowed in their entirety.

406227v1                                          7

### III.  NOTICE

25. This Objection[1] will be served on (i) the Claimants who filed the Compromised Claims at the addresses set forth on the claimants' respective proofs of claim, (ii) all parties on Master Service List for Limited Notice #5 Dated November 1, 2006 and (iii) all parties who have filed requests for special notice since the filing of such master service list.  In light of the nature of the relief requested, the FTDF Committee submits that no other or further notice need be given.

### IV.  CONCLUSION

26. For the reasons set forth herein, the FTDF Committee respectfully requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing the Compromised Claims, in their entirety without prejudice to the right of the FTDF to object to the Compromised Claims on other grounds at a later date; and (iii) granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 27th day of December, 2006.

/s/ *Andrew M. Parlen*

FRANK A. MEROLA,
EVE H. KARASIK, and
ANDREW M. PARLEN, Members of
STUTMAN, TREISTER & GLATT, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA  90067
Telephone:  (310) 228-5600

and

CANDACE C. CARLYON
SHLOMO S. SHERMAN
Shea & Carlyon, Ltd.
228 S. Fourth Street, First Floor

---

[1] Given the voluminous nature of the Compromised Claims and the attachments thereto and in light of the facts that the Court has access to the FTDF claims register and the Claimants already have copies or are aware of their own respective Compromised Claims, the FTDF Committee is not filing or serving copies of the Compromised Claims along with this Objection.  Copies of the Compromised Claims will be provided upon request made to the FTDF Committee's undersigned counsel.

406227v1                                     8

Las Vegas, NV  89101
Telephone:  (702) 471-7432
COUNSEL FOR THE
OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
OF USA CAPITAL FIRST TRUST DEED FUND, LLC

406227v1                                                9