ELECTRONICALLY FILED
December 27, 2006

| | |
|---|---|
| STUTMAN, TREISTER & GLATT, P.C.<br>FRANK A. MEROLA<br>(CA State Bar No. 136934)<br>EVE H. KARASIK<br>(CA State Bar No. 155356)<br>ANDREW M. PARLEN<br>(CA State Bar No. 230429), Members of<br>1901 Avenue of the Stars, 12th Floor<br>Los Angeles, California 90067<br>Telephone: (310) 228-5600<br>Facsimile: (310) 228-5788<br>Email:  fmerola@stutman.com<br>     ekarasik@stutman.com<br>     aparlen@stutman.com | SHEA & CARLYON, LTD.<br>JAMES PATRICK SHEA<br>(Nevada State Bar No. 000405)<br>CANDACE C. CARLYON<br>(Nevada State Bar No. 002666)<br>SHLOMO S. SHERMAN<br>(Nevada State Bar No. 009688)<br>228 South Fourth Street, First Floor<br>Las Vegas, Nevada 89101<br>Telephone: (702) 471-7432<br>Facsimile: (702) 471-7435<br>Email:  jshea@sheacarlyon.com<br>     ccarlyon@sheacarlyon.com<br>     ssherman@sheacarlyon.com |

Counsel for the Official Committee Of
Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>    Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>    Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>    Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>    Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>    Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| Affects<br>☐ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☒ USA First Trust Deed Fund, LLC | **Hearing**<br>Date:  January 31, 2007<br>Time:  9:30 a.m.<br>Place: Courtroom #1 |

**AMENDED NOTICE OF SECOND OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC TO MISFILED CLAIMS FILED BY IONA PETE BAKAS HALLIDAY, LAUREN J. GILBERT & ERIN M. GILBERT, LAUREN J. GILBERT, MICHAEL W. CARLTON & HELEN I. CARLTON, SONDRA SKIPWORTH REVOCABLE TRUST DATED 11/28/01, DONNOLO FAMILY TRUST DTD 8/24/88, RICHARD L. YOUNGE IRA, AND EDWIN C. HANSEN & RACHEL M. HANSEN (AFFECTS DEBTOR USA CAPITAL FIRST TRUST DEED FUND, LLC)**

406472v1

TO:  IONA PETE BAKAS HALLIDAY
MICHELLE GILBERT, CUSTODIAN (on account of claims filed by LAUREN J. GILBERT & ERIN M. GILBERT and LAUREN J. GILBERT)
MICHAEL W. CARLTON & HELEN I. CARLTON
SONDRA SKIPWORTH TRUSTEE (on account of the claim filed by SONDRA SKIPWORTH REVOCABLE TRUST DATED 11/28/01)
JOSEPH & LORETTA DONNOLO TRUSTEES (on account of the claim filed by DONNOLO FAMILY TRUST DTD 8/24/88)
RICHARD L. YOUNGE (on account of the claim filed by RICHARD L. YOUNGE IRA)
EDWIN C. HANSEN & RACHEL M. HANSEN
USA CAPITAL FIRST TRUST DEED FUND, LLC
U.S. TRUSTEE
ALL PARTIES IN INTEREST

PLEASE TAKE NOTICE that on December 27, 2006, the "Second Omnibus Objection Of The Official Committee Of Equity Security Holders Of USA Capital First Trust Deed Fund, LLC To Misfiled Claims" (the "Objection") was filed by the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee"). Pursuant to the Objection, the FTDF Committee seeks the disallowance of certain proofs of claim (the "Wrong Debtor Claims") on the grounds that such claims have been erroneously filed against the USA Capital First Trust Deed Fund, LLC ( the "FTDF") and that the FTDF has no liability on account of such claims. By the Objection, the FTDF Committee does not seek to prejudice the rights of any of the claimants who filed Wrong Debtor Claims (the "Claimants") to recover from other Debtors in the Chapter 11 cases on account the liabilities asserted in the Wrong Debtor Claims, nor does the FTDF Committee seek to prejudice the right of Claimants to file proofs of claim that are based on outstanding debts that the FTDF may owe to them. The Wrong Debtor Claims and the requested treatment of such claims by the FTDF Committee are as follows:

406472v1                                    2

| FTDF Claim No. | Claimant | Date Signed | Claim Amount | Comments | Proposed Disposition |
|---|---|---|---|---|---|
| 61 | Iona Pete Bakas Halliday | October 2, 2006 | $50,000 plus accrued interest | Claimant is not a FTDF Member nor is he otherwise connected to the FTDF. Proof of claim appears to be based on an loan that was made by Claimant to an unspecified borrower and that is serviced by USA Commercial Mortgage Company. | Disallow in its entirety. |
| 62 | Lauren J. Gilbert & Erin M. Gilbert | September 24, 2006 | $50,000.00 | Claimants are not FTDF Members nor are they otherwise connected to the FTDF. Proof of claim appears to be based on an loan that was made by Claimants to an unspecified borrower and that is serviced by USA Commercial Mortgage Company. | Disallow in its entirety. |
| 63 | Lauren J. Gilbert | September 24, 2006 | $25,000.00 | Claimant is not an FTDF Member nor is she otherwise connected to the FTDF. Proof of claim appears to be based on an loan that was made by Claimant to an unspecified borrower and that is serviced by USA Commercial Mortgage Company. | Disallow in its entirety. |

| FTDF Claim No. | Claimant | Date Signed | Claim Amount | Comments | Proposed Disposition |
|---|---|---|---|---|---|
| 67 | Michael W. Carlton & Helen I Carlton | October 6, 2006 | No amount stated. | Claimants are not FTDF Members nor are they otherwise connected to the FTDF. Proof of claim appears to be based on a loan that was made by the Claimants to Brookemere LLC and Lord & Essex Mattseon, LLC. | Disallow in its entirety. |
| 74 | Sondra Skipworth Revocable Trust Dated 11/28/01 | October 10, 2006 | $100,000 | Claimant is not a FTDF Member nor is it otherwise connected to the FTDF. Proof of claim appears to be based on a loan that was made by the Claimant to La Hacienda Estate, LLC. | Disallow in its entirety. |
| 75 | Donnolo Family Trust DTD 8/24/88; Joseph & Loretta Donnolo Trustees | October 16, 2006 | $258,705.71 | While Claimant is a FTDF Member, at least $9,951.71 of Claimant's claim appears to be on account of various loans that were made by the Claimant and that were serviced by USA Commercial Mortgage Company. | Disallow claim to the extent it exceeds $248,754.00. |
| 76 | Richard L. Younge IRA | October 16, 2006 | $150,000.00 plus interest | Claimant is not an FTDF Member nor is it otherwise connected to the FTDF. Proof of claim appears to be based on an loan that was made by Claimant to an unspecified borrower and that is serviced by USA Commercial Mortgage Company. | Disallow in its entirety. |

406472v1

4

| FTDF Claim No. | Claimant | Date Signed | Claim Amount | Comments | Proposed Disposition |
|---|---|---|---|---|---|
| 78 | Edwin C. Hansen & Rachel M. Hansen | October 14, 2006 | $130,000 plus interest | Claimants are not FTDF Members nor are they otherwise connected to the FTDF. Proof of claim appears to be based on a loan that was made by the Claimant to HFA Clear Lake, LLC. | Disallow in its entirety. |

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Objection will be held before the Honorable Linda B. Riegle, United States Bankruptcy Judge, in the Foley Federal Building, 300 Las Vegas Boulevard South, Courtroom 1, Las Vegas, Nevada, on January 31, 2007, at the hour of 9:30 a.m.

**PLEASE TAKE FURTHER NOTICE** that any response to the Objection must be filed by **January 24, 2007** pursuant to Local Rule 3007(b), which states:

> If an objection to a claim is opposed, a written response must be filed and served on the objecting party at least 5 business days before the scheduled hearing. A response is deemed sufficient if it states that written documentation in support of the proof of claim has already been provided to the objecting party and that the documentation will be provided at any evidentiary hearing or trial on the matter.

If you object to the relief requested, you *must* file a **WRITTEN** response to this pleading with the court. You *must* also serve your written response on the person who sent you this notice.

If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:

! The court may *refuse to allow you to speak* at the scheduled hearing; and

! The court may *rule against you* without formally calling the matter at the hearing.

DATED: December 27, 2006

/s/ Andrew M. Parlen
Andrew M. Parlen, Esq.
Stutman, Treister & Glatt, P.C.
Counsel to the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC

406472v1                                5