E-filed on December 28, 2006

Marc A. Levinson (California Bar No. 57613)
Rachel Ragni (California Bar No. 214061)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: (916) 447-9200
Facsimile: (916) 329-4900
Email: malevinson@orrick.com;
rragni@orrick.com

Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)
BECKLEY SINGLETON, CHTD.
530 Las Vegas Boulevard South
Las Vegas, NV 89101
Telephone: (702) 385-3373
Facsimile: (702) 385-5024
Email: bolson@beckleylaw.com;
aloraditch@beckleylaw.com

*Attorneys for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>           Debtor.<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>           Debtor.<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>           Debtor.<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>           Debtor.<br>In re:<br>USA SECURITIES, LLC,<br>           Debtor.<br>Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725-LBR<br><br>**RESPONSE TO LIMITED REPLY TO OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, TO WRONG DEBTOR CLAIMS MISFILED AGAINST USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC**<br><br>Date: January 3, 2007<br>Time: 9:30 a.m.<br>Courtroom: 1 |

    The Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (the "Diversified Committee"), by and through its counsel, Orrick, Herrington

{00357381;}

Page 1 of 5

OHS West:260095880.3

Sutcliffe LLP, and Beckley Singleton, Chtd., hereby submits this Response To Limited Reply To Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC To Wrong Debtor Claims Misfiled Against USA Capital Diversified Trust Deed Fund, LLC (the "Reply") in response to the Limited Reply To Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC To Wrong Debtor Claims Misfiled Against USA Capital Diversified Trust Deed Fund, LLC (the "Tyndall Pleading").

This Reply is made and based on the pleadings, papers and records on file in the Chapter 11 Cases, and any evidence and oral argument that may be presented at the time of the hearing on the Objection.

DATED this 28th day of December 2006.

        BECKLEY SINGLETON, CHTD.

        By   /s/Anne Loraditch
            Bob L. Olson (Nevada Bar No. 3783)
            Anne M. Loraditch (Nevada Bar No. 8164)
            530 Las Vegas Boulevard South
            Las Vegas, NV 89101

        Marc A. Levinson (California Bar No. 57613)
        Rachel Ragni (California Bar No. 214061)
        ORRICK, HERRINGTON & SUTCLIFFE LLP
        400 Capitol Mall, Suite 3000
        Sacramento, CA 95814-4497

*Attorneys for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC*

**POINTS AND AUTHORITIES**

**I.**

**BACKGROUND**

1. On November 30, 2006, Beckley Singleton, Chtd. ("Beckley") and Orrick, Herrington & Sutcliffe LLP ("Orrick," together with Beckley, "Committee Counsel") filed the Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC To Wrong Debtor Claims Misfiled Against USA Capital Diversified Trust Deed Fund, LLC (the "Wrong Debtor Objection") to 21 of the 137 proofs of claim filed against USA Capital Diversified Trust Deed Fund, LLC ("Diversified Fund" or "Debtor") on the basis that such claims are not claims against Diversified Fund ("Wrong Debtor Claims") but were filed by claimants who are either members of the FTDF or are Lenders who invested directly into Loans ("Direct Lenders"). A detailed listing of the Wrong Debtor Claims was attached to the Wrong Debtor Objection as Exhibit 1.

2. Exhibit 1 to the Wrong Debtor Objection indicated the claim number, claimant, claim amount, and proposed disposition for each of the Wrong Debtor Claims being objected to by the Diversified Committee. However, after reviewing the Tyndall Pleading, it became clear the Diversified Committee inadvertently included Claims 84-1 and 85-1 in the Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC To Claims on Equity Misfiled As Proofs of Claim (the "Claims on Equity Objection") [Docket No. 1891], also filed November 30, 2006, when the objection to Claims 84-1 and 85-1 was, in actual fact, based upon their having been filed as Wrong Debtor Claims and, as a result, these claims should have been included in the Wrong Debtor Objection.

3. Upon realizing the error, counsel for the Diversified Committee attempted to contact counsel for Ms. Tyndall but was unable to reach her before this Reply had to be filed with the Court. Counsel will continue to reach out to Ms. Tyndall's counsel prior to the hearing in this matter in an effort to explain the error and resolve the situation.

4. On November 30, 2006, notices of the hearing on the Wrong Debtor Objection, bearing the names of the holders of Wrong Debtor Claims and detailing the deadline for

{00357381;}

Page 3 of 5

OHS West:260095880.3

responding to the Wrong Debtor Objection, pursuant to the Court's local bankruptcy rules ("Local Rules"), was filed with the Court and the notice, as served to each claimant who filed Wrong Debtor Claim, had each recipient's respective information highlighted with a highlighting pen.[1] The notice of hearing on the Wrong Debtor Objection was filed and served in this manner to ensure that each claimant being objected to was made aware of such objection and also to specifically draw the recipient's attention to the nature of the objection to their claim.

5. Of the 21 Wrong Debtor Claims objected to in the Wrong Debtor Objection, Committee Counsel received only 1 response, and that response was not timely filed.

## II.

## REPLY

The Tyndall Pleading addresses the Diversified Committee's objection to all six (6) claims that Ms. Tyndall filed against Diversified Fund, Claims 82-1, 83-1, 84-1, 85-1, 118-1, and 119-1, but was not timely filed before the December 18, 2006, deadline for doing so, pursuant to the Court's Local Rules of Bankruptcy Procedures ("Local Rules"), expired. Nevertheless, should the Court elect to consider the Tyndall Pleading, the Diversified Committee replies as follows: The representations made by Ms. Tyndall in the Tyndall Pleading resolve the Diversified Committee's objection to Claims 82-1 and 83-1. Accordingly, the Diversified Committee requests that the Court deem Claims 82-1 and 83-1 as Allowed Proofs of Interest in Diversified Fund.

However, although Ms. Tyndall does hold equity interests in Diversified Fund, her Claims 84-1 and 85-1 are based upon her investments as a Direct Lender with USA Commercial Mortgage Company and not as a Diversified Fund equity interest holder in those particular loans. This is evidenced by the loan summaries prepared by Mesirow Financial, Debtor's financial advisor and current manager, that were attached in support of Claims 84-1 and 85-1. Each of the loan summaries clearly indicates "USA Commercial Mortgage

---

[1] Those parties in interest receiving notice through the Court's ECF system, as well as parties requesting special notice, also received a copy of the notice of hearing but without the highlighting.

{00357381;}

Page 4 of 5

OHS West:260095880.3

Company" at the top. See Claim 84-1, at Loan Summary for Client ID 4258 (p. 3 of Claim 84-1); see also Claim 85-1, at Loan Summary for Client ID (p. 7 of Claim 85-1). Because Claims 84-1 and 85-1 are based upon investments Ms. Tyndall made as Direct Lender with USA Commercial Mortgage and not through Diversified Fund, Claims 84-1 and 85-1 are Wrong Debtor Claims and should be disallowed in their entirety.

Likewise, Claims 118-1 and 119-1 are identical to Claims 85-1 and 84-1, respectively, and should also be disallowed in their entirety.

### III.

### CONCLUSION

For the reasons set forth herein, the Diversified Committee respectfully requests that the Court enter an order (i) overruling the Tyndall Pleading, and (ii) sustaining the Diversified Committee's objections to the Wrong Debtor Claims according to the dispositions proposed in this Reply and in the Wrong Debtor Objection.

DATED this 28th day of December 2006.

BECKLEY SINGLETON, CHTD.

By: /s/ Anne M. Loraditch
Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)
530 Las Vegas Boulevard South
Las Vegas, NV 89101

Marc A. Levinson (California Bar No. 57613)
Rachel Ragni (California Bar No. 214061)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497

*Attorneys for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC*