E-filed on December 28, 2006

1  Marc A. Levinson (California Bar No. 57613)  Bob L. Olson (Nevada Bar No. 3783)
2  Rachel Ragni (California Bar No. 214061)  Anne M. Loraditch (Nevada Bar No. 8164)
   ORRICK, HERRINGTON & SUTCLIFFE LLP  BECKLEY SINGLETON, CHTD.
3  400 Capitol Mall, Suite 3000  530 Las Vegas Boulevard South
   Sacramento, CA  95814-4497  Las Vegas, NV 89101
4  Telephone: (916) 447-9200  Telephone: (702) 385-3373
   Facsimile: (916) 329-4900  Facsimile: (702) 385-5024
5  Email:   malevinson@orrick.com;  Email:   bolson@beckleylaw.com;
6          rragni@orrick.com          aloraditch@beckleylaw.com

7  *Attorneys for the Official Committee of Equity*
   *Security Holders of USA Capital Diversified Trust*
8  *Deed Fund, LLC*

9                     **UNITED STATES BANKRUPTCY COURT**

10                          **DISTRICT OF NEVADA**

11  | In re: | Case No. BK-S-06-10725 LBR |
    | USA COMMERCIAL MORTGAGE COMPANY, | Case No. BK-S-06-10726 LBR |
12  | Debtor. | Case No. BK-S-06-10727 LBR |
    | In re: | Case No. BK-S-06-10728 LBR |
13  | USA CAPITAL REALTY ADVISORS, LLC, | Case No. BK-S-06-10729 LBR |
14  | Debtor. | |
    | In re: | Chapter 11 |
15  | USA CAPITAL DIVERSIFIED TRUST DEED | |
    | FUND, LLC, | Jointly Administered Under |
16  | Debtor. | Case No. BK-S-06-10725-LBR |
    | In re: | |
17  | USA CAPITAL FIRST TRUST DEED FUND, LLC, | **OMNIBUS REPLY TO RESPONSES** |
    | Debtor. | **TO OMNIBUS OBJECTION OF THE** |
18  | In re: | **OFFICIAL COMMITTEE OF** |
    | USA SECURITIES, LLC, | **EQUITY SECURITY HOLDERS OF** |
19  | | **USA CAPITAL DIVERSIFIED** |
    | Debtor. | **TRUST DEED FUND, LLC, TO** |
20  | | **CLAIMS ON EQUITY MISFILED AS** |
    | | **CREDITOR CLAIMS** |
21  | Affects: | |
22  | ☐   All Debtors | Date:      January 3, 2007 |
    | ☐   USA Commercial Mortgage Company | Time:      9:30 a.m. |
23  | ☐   USA Securities, LLC | Courtroom: 1 |
    | ☐   USA Capital Realty Advisors, LLC | |
24  | ☒   USA Capital Diversified Trust Deed Fund, LLC | |
25  | ☐   USA First Trust Deed Fund, LLC | |

26      The Official Committee of Equity Security Holders of USA Capital Diversified Trust

27  Deed Fund, LLC (the "Diversified Committee"), by and through its counsel, Orrick, Herrington

28  Sutcliffe LLP, and Beckley Singleton, Chtd., hereby submits this Omnibus Reply to Responses

1    To Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital

2    Diversified Trust Deed Fund, LLC To Claims on Equity Misfiled As Proofs of Claim (the

3    "Reply") in reply to the following pleadings filed in response to the Omnibus Objection of the

4    Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund,

5    LLC To Claims on Equity Misfiled As Proofs of Claim (the "Objection"):[1]

6        (1)    Notice of Non-Opposition to Omnibus Objection of the Official Committee of
7                  Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC To
              Claims on Equity Misfiled As Proofs of Claim (the "Gage Response") [Docket No.
8                  2212] – timely filed on December 19, 2006, by George J. and Miriam B. Gage and
              George J. Gage, Trustee for the George Gage Trust dated 10-8-99 (the "Gage
9                  Response")

10       (2)    Response to Omnibus Objection of the Official Committee of Equity Security
11                 Holders of USA Capital Diversified Trust Deed Fund, LLC To Claims on Equity
              Misfiled As Proofs of Claim (the "Bruce McGimsey Response") [Docket No.
12                 2267] – late filed on December 26, 2006, by Bruce McGimsey

13       (3)    Response to Omnibus Objection of the Official Committee of Equity Security
14                 Holders of USA Capital Diversified Trust Deed Fund, LLC To Claims on Equity
              Misfiled As Proofs of Claim (the "Clark Response") [Docket No. 2268] – late filed
15                 on December 26, 2006, by Johnny Clark

16       (4)    Response to Omnibus Objection of the Official Committee of Equity Security
17                 Holders of USA Capital Diversified Trust Deed Fund, LLC To Claims on Equity
              Misfiled As Proofs of Claim (the "Sharon or Jerry McGimsey Response") [Docket
18                 No. 2269] – late filed on December 26, 2006, by Sharon and Jerry McGimsey

19       (5)    Response to Omnibus Objection of the Official Committee of Equity Security
20                 Holders of USA Capital Diversified Trust Deed Fund, LLC To Claims on Equity
              Misfiled As Proofs of Claim (the "Margaret McGimsey Response," together with
21                 the Bruce McGimsey Response, the Clark Response, and the Sharon or Jerry
              McGimsey Response, the "McGimsey Responses") [Docket No. 2270] – late filed
22                 on December 26, 2006, by Margaret B. McGimsey

23

24

---

25       [1] This Reply is also intended as a response to the facsimile from Robert J. and Lois Mae Scott, dated
    December 24, 2006, entitled "Response to: Notice of Hearing of Omnibus Objection of the Official Committee of
26   Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC To Claims on Equity Misfiled As
    Proofs of Claim" (the "Scott Response") should the Court elect to consider it.  Counsel for the Diversified
27   Committee received the Scott Response via facsimile on December 26, 2006, well past the deadline for responding
    to the Objection, which expired on December 18, 2006, for those parties receiving notice of the Objection by mail
28   pursuant to LR 9014.

{00357363;}

OHS West:260095880.3

1    This Reply is made and based on the pleadings, papers and records on file in the Chapter

2    11 Cases, and any evidence and oral argument that may be presented at the time of the hearing

3    on the Objection.

4        DATED this 28th day of December 2006.

5                                          BECKLEY SINGLETON, CHTD.

6                                          By    /s/Anne Loraditch
                                                Bob L. Olson (Nevada Bar No. 3783)
7                                               Anne M. Loraditch (Nevada Bar No. 8164)
                                                530 Las Vegas Boulevard South
8                                               Las Vegas, NV 89101

9                                               Marc A. Levinson (California Bar No. 57613)
                                                Rachel Ragni (California Bar No. 214061)
10                                              ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                400 Capitol Mall, Suite 3000
11                                              Sacramento, CA 95814-4497

12                                              *Attorneys for the Official Committee of Equity
                                                Security Holders of USA Capital Diversified Trust
13                                              Deed Fund, LLC*

14

15                              **POINTS AND AUTHORITIES**

16                                          **I.**

17                                      **BACKGROUND**

18        1.      On November 30, 2006, Beckley Singleton, Chtd. ("Beckley") and Orrick,

19    Herrington & Sutcliffe LLP ("Orrick," together with Beckley, "Committee Counsel") filed the

20    Objection to 111 of the 137 proofs of claim filed against USA Capital Diversified Trust Deed

21    Fund, LLC ("Diversified Fund" or "Debtor") on the basis that such claims are not creditor

22    claims but are, instead, claims on equity ("Claims on Equity") that were erroneously filed by

23    claimants who are Diversified Fund Members seeking recovery on their equity interests in the

24    Diversified Fund. A detailed listing of the Claims on Equity was attached to the Objection as

25    Exhibit 1.

26        2.      Exhibit 1 to the Objection indicated the claim number, claimant, claim amount,

27    and proposed disposition for each of the Claims on Equity being objected to by the Diversified

28    Committee.

{00357363;}                                                          Page 3 of 8

OHS West:260095880.3

3.      On November 30, 2006, nine (9) separate notices of hearing on the Objection, each bearing the names of several holders of Claims on Equity and detailing the deadline for responding to the Objection pursuant to the Court's local bankruptcy rules ("Local Rules"), were filed with the Court with each notice served upon the respective holders of Claims on Equity named in that particular notice and with each recipient's respective information highlighted with a highlighting pen.[2]  Multiple notices of hearing on the Objection were filed and served in this manner to ensure that each claimant being objected to was made aware of such objection and also to specifically draw the recipient's attention to the nature of the objection to their claim.

4.      Of the 111 Claims on Equity objected to in the Objection, only 6 responses were received by Committee Counsel and, of those, only 1 was timely filed.

## II.

## REPLY

**A.      The Gage Response.**

The Gage Response is the only response timely filed with the Court.   The representations made by George and Miriam Gage in the Gage Response resolve the Diversified Committee's objection to Claims 91-1 and 92-1.   Accordingly, the Diversified Committee requests that the Court deem Claims 91-1 and 92-1 as Allowed Proofs of Interest and disallow Claims 111-1 and 112-1 in their entirety as duplicative claims.

**B.      The McGimsey Responses.**

The McGimsey Responses were not timely filed before the deadline for doing so, under the Local Rules, expired.   Nevertheless, should the Court elect to consider the McGimsey Responses, the Diversified Committee replies as follows:  Each of the McGimsey Responses seeks to elevate its respective claim (together, the "510(b) Claims"), to a position that is on a par with one another but higher in priority than all other holders of equity interests in the Debtor's chapter 11 case.  In reality, the 510(b) Claims and the holders of those claims are in

---

[2]  Those parties in interest receiving notice through the Court's ECF system, as well as parties requesting special notice, received copies of all 9 notices.

OHS West:260095880.3

1  the same position as every other member of the Diversified Fund holding an equity interest –

2  that is, they invested money in a limited liability company through which trust deed

3  investments were to be made.

4      The McGimsey Responses fail to distinguish the 510(b) Claims from the interests of all

5  of the other investors who placed their trust in the Debtor's insiders and purchased (and

6  continue to own) shares in the Diversified Fund entity. These holders of the 510(b) Claims are

7  not also creditors of Diversified Fund. As such, all of the 510(b) Claims – 90-1, 93-1 through

8  95-1, 129-1 through 131-1, and 136-1 – should be disallowed in their entirety as duplicative of

9  identical Proofs of Interest already filed by these claimants.

10     At the very least, Claims 90-1, and 93-1 through 95-1 should be subordinated to the

11  same level as all other equity interest holders in Diversified Fund, pursuant to controlling law in

12  this jurisdiction.    In re Betacom of Phoenix, Inc., 240 F.3d 823, 829 (9th Cir. 2001).

13  Conversely, if the Court is persuaded by the McGimsey Responses that the 510(b) Claims

14  ought not to be disallowed or subordinated, then the Court must accordingly raise all other

15  equity interests in Diversified Fund up to create an entire creditor class where none otherwise

16  exists.

17     In either instance, the Proofs of Interest filed by these claimants should be disallowed,

18  as duplicative of Claims 90-1, and 93-1 through 95-1, and in addition Claims 129-1 through

19  131-1, and 136-1, which are also duplicative of these claimants' interests, should be disallowed

20  in any case. Nowhere in any of the McGimsey Responses do the claimants assert that they have

21  more than one (1) respective investment account through Diversified Fund, and they should not

22  be given any more interests than they actually have. The simplest approach is to simply

23  disallow all of the 510(b) Claims, which results in the Proofs of Interests already on file for

24  these claimants to stand as Allowed Proofs of Interest.

25  **C.    The Scott Response.**

26     As mentioned at footnote 1 above, Committee Counsel received the Scott Response by

27  fax but not before the December 18, 2006, deadline for filing responses to the Objection had

28  passed. In fact, it does not appear from the docket that the Scott Response was filed with the

1    Court at all but merely transmitted to counsel. However, should the Court wish to consider it, a

2    true and correct copy of the Scott Response is attached hereto as **Exhibit A** for the Court's

3    convenience. In short, the Scott Response asserts that interest accrued post-petition from April

4    to November 13, 2006, at the rate of twelve percent (12%) per annum, totaling $5,352.98,

5    should be added to the Scotts' equity interest in Diversified Fund equal to 72,070.98 shares, or

6    $72,070.98.

7         Only creditors holding allowed secured claims are entitled to interest on their claims, as

8    set forth in Bankruptcy Code Section 506. 11 U.S.C. § 506(b). The Scotts are not secured

9    claimants. They are not even creditors. The Scotts purchased shares of the Diversified Fund

10    limited liability company and, consequently, hold equity interests in Diversified Fund. As

11    equity interest holders, the Scotts are not entitled to interest, post-petition or otherwise, on their

12    ownership in Diversified Fund. Accordingly, the Diversified Committee requests that the Court

13    overrule the Scott Response and deem the Scotts' equity interest in the amount of $72,070.98

14    an Allowed Proof of Interest in Diversified Fund.

15                                   **III.**

16                                **CONCLUSION**

17         For the reasons set forth herein, the Diversified Committee respectfully requests that the

18    Court enter an order (i) overruling the McGimsey Responses and the Scott Response, and (ii)

19    sustaining the Diversified Committee's objections to the Claims on Equity according to the

20    dispositions proposed in this Reply and in the Objection (except for the proposed disposition of

21    Claims 84-1, 85-1, 118-1, and 119-1, as more fully explained in the Response to Reply to

22    Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

{00357363;}

OHS West:260095880.3

1   Diversified Trust Deed Fund, LLC, to Wrong Debtor Claims Misfiled Against USA Capital

2   Diversified Trust Deed Fund, LLC, filed concurrently herewith).[3]

3          DATED this 28th day of December 2006.

4                                          BECKLEY SINGLETON, CHTD.

5                                          By: _Anne M. Loraditch_

6                                          Bob L. Olson (Nevada Bar No. 3783)
                                           Anne M. Loraditch (Nevada Bar No. 8164)
7                                          530 Las Vegas Boulevard South
                                           Las Vegas, NV 89101

8                                          Marc A. Levinson (California Bar No. 57613)
9                                          Rachel Ragni (California Bar No. 214061)
                                           ORRICK, HERRINGTON & SUTCLIFFE LLP
10                                         400 Capitol Mall, Suite 3000
                                           Sacramento, CA  95814-4497

11
                                           *Attorneys for the Official Committee of Equity*
12                                         *Security Holders of USA Capital Diversified Trust*
                                           *Deed Fund, LLC*

13

14

15

16

17

18

19

20

21

22

23

24

25

26          [3]  The Diversified Committee inadvertently included Claims 84-1, 85-1, 118-1 and 119-1 in the Objection
        when the objection to these four claims was, instead, based upon their having been filed as Wrong Debtor Claims.
27      As a result, these claims should have been included in the Omnibus Objection of the Official Committee of Equity
        Security Holders of USA Capital Diversified Trust Deed Fund, LLC To Wrong Debtor Claims Misfiled Against
28      USA Capital Diversified Trust Deed Fund, LLC [Docket No. 1892], also filed November 30, 2006.

**EXHIBIT A**

**SCOTT RESPONSE**

December 04, 2006

From: Robert J. and Lois Mae Scott

2100 Plaza Way #101

Walla Walla, WA. 99362

Response to: Notice of Hearing of Omnibus objection of the Official Committee
of Equity Security Holders of USA Capital Diversified Trust
Deed Fund (DTDF) LLC

Pleading

We, Robert J. and Lois Mae Scott, in response to the above DTDF
Committee's objection hold and maintain claim to seventy-two thousand
seventy dollars and ninety-eight cents, #72,070.98.

The amount stated in the Omnibus Objection, exhibit 1, included
interest accrued from April to November 13, 2006 at twelve percent,
1250, for a total claim of seventy-seven thousand, four hundred
twenty-three dollars and ninety-six cents, #77,423.96.

We concede the interest accumulation amount of five-thousand
three hundred and fifty-two dollars and ninety-eight cents, #5,352.98,
and maintain claim to the seventy-two thousand seventy dollars and
ninety-eight cents, #72,070.98.

Respectfully submitted this 24th day of December 2006.

Robert J. Scott

Lois Mae Scott