for a partial foreclosure sale of the secured indebtedness without exhausting the power to foreclose and to sell the Property pursuant to any such partial foreclosure for any part of the secured indebtedness whether matured at the time or subsequently maturing, and without exhausting any right of acceleration and full foreclosure.

All reasonable advances, disbursements and expenditures made or incurred by Mortgagee before and during a foreclosure, and before and after judgment of foreclosure, and at any time prior to sale, and, where applicable, after sale, and during the pendency of any related proceedings, for the following purposes, in addition to those otherwise authorized by this Mortgage (collectively "**Protective Advances**"), shall be deemed secured by the lien of this Mortgage and shall have the same priority as the indebtedness evidenced by the Note, including as follows:

(A) all reasonable advances by Mortgagee in accordance with the terms of this Mortgage to: (i) preserve, maintain, repair, restore or rebuild the improvements upon the Property; (ii) preserve the lien of the Mortgage or the priority thereof; or (iii) enforce this Mortgage evidenced by the Note;

(B) payments by Mortgagee of: (i) principal, interest, or other obligations in accordance with the terms of any senior mortgage or other prior lien or encumbrance; (ii) real estate taxes and assessments, general and special and all other taxes and assessments of any kind or nature whatsoever which are assessed or imposed upon the Property or any part thereof; (iii) other obligations authorized by this Mortgage; or (iv) any other amounts in connection with other liens, encumbrances or interests reasonably necessary to preserve the status of title;

(C) reasonable advances by Mortgagee in settlement or compromise of any claims asserted by claimants under senior mortgages or any other prior liens;

(D) reasonable and actual attorneys' fees and other costs incurred: (i) in connection with the foreclosure of this Mortgage; (ii) in connection with any action, suit or proceeding brought by or against Mortgagee for the enforcement of this Mortgage or arising from the interest of Mortgagee hereunder; or (iii) in preparation for or in connection with the commencement, prosecution or defense of any other action related to the Mortgage or the Property;

(E) Mortgage's fees and costs, including reasonable and actual attorneys' fees, arising between the entry of judgment of foreclosure and the sale of the Property;

(F) expenses deductible from proceeds of sale as permitted by law; and

(G) expenses incurred and expenditures made by Mortgagee for any one or more of the following: (i) if the Property or any portion thereof constitutes one or more units under a condominium declaration, assessments imposed upon the unit owner thereof; (ii) if Mortgagor's interest in the Property is a leasehold estate under a lease or sublease, rentals or other payments required to be made by the lessee under the terms of the lease or sublease; (iii) premiums for casualty and liability insurance paid by Mortgagee whether or not Mortgagee or a receiver is in possession, if reasonably required, in reasonable amounts, and all renewals thereof; (iv) repair or restoration of damage or destruction in excess of available insurance proceeds or condemnation awards; (v) reasonable payments deemed by Mortgagee to be required for the benefit of the Property or required for the benefit of the Property or required to be made by the owner of the Property under any grant



or declaration of easement, easement agreement, agreement with any adjoining land owners or instruments creating covenants or restrictions for the benefit of or affecting the Property; (vi) shared or common expense assessments payable to any association or corporation in which the owner of the property is a member in any way affecting the Property; (vii) if the loan secured hereby is a construction loan, costs incurred by Mortgagee for demolition, preparation for and completion of construction, as may be authorized by the applicable commitment, loan agreement or other agreement; (viii) payments required to be paid by Mortgagor or Mortgagee pursuant to any lease or other agreement for occupancy of the Property; and (ix) if this Mortgage is insured, payments of FHA or private mortgage insurance required to keep such insurance in force.

All Protective Advances shall be so much additional indebtedness secured by this Mortgage, and shall become immediately due and payable without notice and with interest thereon from the date of the advances until paid at the rate of interest payable after default under the terms of the Note.

This Mortgage is intended to secure Protective Advances with the same priority as if made on the day of execution of this Mortgage, up to a maximum amount of Sixteen Million Dollars ($16,000,000.00), pursuant to Indiana Code § 32-29-1-10. The maximum amount stated in the preceding sentence does not affect or alter the principal amount which Mortgagor is entitled to borrow under the Note and/or under any Related Agreements and may be in excess of permitted borrowing to cover expenses, accrued interest, costs of collection and the like.

     3.05.   Rescission of Notice of Default. Mortgagee, from time to time before Mortgage's sale, public sale or deed in lieu of foreclosure, may rescind any such notice of breach or default and of election to cause the Property to be sold by executing and delivering to Mortgagee a written notice of such rescission, which notice, when recorded, shall also constitute a cancellation of any prior declaration of default and demand for sale or such documents as may be required by the laws of the state in which the Property is located to effect such rescission. The exercise by Mortgagee of such right of rescission shall not constitute a waiver of any breach or Event of Default then existing or subsequently occurring, or impair the right of Mortgagee to execute and deliver to Mortgagor, as above provided, other declarations of default and demand for sale, and notices of breach or default, and of election to cause the Property to be sold to satisfy the obligations hereof, nor otherwise affect any provision, agreement, covenant or condition of the Note and/or of this Mortgage or any of the rights, obligations or remedies of the parties hereunder.

     3.06.   Mortgage's Remedies Respecting Collateral. Mortgagee may realize upon the Collateral, enforce and exercise all of the Mortgagor's rights, powers, privileges and remedies in respect of the Collateral, dispose of or otherwise deal with the Collateral in such order as Mortgagee may in its discretion determine, and exercise any and all other rights, powers, privileges and remedies afforded to a secured party under the laws of the state in which the Property is located as well as all other rights and remedies available at law or in equity.

     3.07.   Proceeds of Sales. The proceeds of any sale made under or by virtue of this Article III, together with all other sums which then may be held by Mortgagee under this Mortgage, whether under the provisions of this Article III or otherwise, shall be applied as follows:

     (A)   To the payment of the costs, fees and expenses of sale and of any judicial proceedings wherein the same may be made, including the cost of evidence of title in connection with the sale, compensation to Mortgagee, and to the payment of all reasonable expenses, liabilities



and advances made or incurred by Mortgagee under this Mortgage, together with interest on all advances made by Mortgagee at the interest rate applicable under the Note, but limited to any maximum rate permitted by law to be charged by Mortgagee;

(B)     To the payment of any and all sums expended by Mortgagee under the terms hereof, not then repaid, with accrued interest at the Default Rate set forth in the Note, and all other sums (except advances of principal and interest thereon) required to be paid by Mortgagor pursuant to any provisions of this Mortgage, or the Note, or any note evidencing any Future Advance, or any of the Related Agreements, including, without limitation, all expenses, liabilities and advances made or incurred by Mortgagee under this Mortgage or in connection with the enforcement thereof, together with interest thereon as herein provided; and

(C)     To the payment of the entire amount then due, owing or unpaid for principal and interest upon the Note, any notes evidencing any Future Advance, and any other obligation secured hereby, with interest on the unpaid principal at the rate set forth therein from the date of advancement thereof until the same is paid in full; and then

(D)     The remainder, if any, to the person or persons, including the Mortgagor, legally entitled thereto.

3.08.    Condemnation and Insurance Proceeds. All Condemnation Proceeds, Insurance Proceeds and any interest earned thereon shall be paid over either by the condemning authority, insurance company or escrow agent to Mortgagee and shall be applied first toward reimbursement of the costs and expenses of Mortgagee (including reasonable attorneys' fees), if any, in connection with the recovery of such Proceeds, and then shall be applied in the reasonable discretion of Mortgagee and without regard to the adequacy of its security under this Mortgage (A) to the payment or prepayment of all or any portion of the Note including the Prepayment Premium described in the Note; (B) to the reimbursement of expenses incurred by Mortgagee in connection with the restoration of the Property; or (C) to the performance of any of the covenants contained in this Mortgage as Mortgagee may determine. Any prepayment of the Note or portion thereof pursuant to Mortgagee's election under this section shall be subject to the Prepayment Premium described in the Note.

3.09.    Waiver of Marshaling, Rights of Redemption, Homestead and Valuation.

(A)     Mortgagor, for itself and for all persons hereafter claiming through or under it or who may at any time hereafter become holders of liens junior to the lien of this Mortgage, hereby expressly waives and releases all rights to direct the order in which any of the Property shall be sold in the event of any sale or sales pursuant hereto and to have any of the Property and/or any other property now or hereafter constituting security for any of the indebtedness secured hereby marshalled upon any foreclosure of this Mortgage or of any other security for any of said indebtedness.

(B)     To the fullest extent permitted by law, Mortgagor, for itself and all who may at any time claim through or under it, hereby expressly waives, releases and renounces all rights of redemption from any foreclosure sale, all rights of homestead, exception, monitoring reinstatements, forbearance, appraisement, valuation, stay and all rights under any other laws which may be enacted



extending the time for or otherwise affecting enforcement or collection of the Note, the debt evidenced thereby, or this Mortgage.

3.10. Remedies Cumulative. No remedy herein conferred upon or reserved to Mortgagee is intended to be exclusive of any other remedy herein or by law provided, but each shall be cumulative and shall be in addition to every other remedy given hereunder or now or hereafter existing at law or in equity or by statute. No delay or omission of Mortgagee to exercise any right or power accruing upon any Event of Default shall impair any right or power or shall be construed to be a waiver of any Event of Default or any acquiescence therein. Every power and remedy given by this Mortgage to Mortgagee may be exercised separately, successively or concurrently from time to time as often as may be deemed expedient by Mortgagee. If there exists additional security for the performance of the obligations secured hereby, Mortgagee, at its sole option, and without limiting or affecting any of its rights or remedies hereunder, may exercise any of the rights and remedies to which it may be entitled hereunder either concurrently with whatever rights and remedies it may have in connection with such other security or in such order as it may determine. Any application of any amounts or any portion thereof held by Mortgagee at any time as additional security or otherwise, to any indebtedness secured hereby shall not extend or postpone the due dates of any payments due from Mortgagor to Mortgagee hereunder or under the Note, any Future Advance, or under any of the Related Agreements, or change the amounts of any such payments or otherwise be construed to cure or waive any default or notice of default hereunder or invalidate any act done pursuant to any such default or notice.

3.11. Intentionally omitted.

## ARTICLE IV
## MISCELLANEOUS

4.01. Severability. In the event any one or more of the provisions contained in this Mortgage shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Mortgage, but this Mortgage shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein, but only to the extent that it is invalid, illegal or unenforceable.

4.02. Certain Charges and Brokerage Fees.

(A) Mortgagor agrees to pay Mortgagee for each written statement requested of Mortgagee as to the obligations secured hereby, furnished at Mortgagor's request. Mortgagor further agrees to pay the charges of Mortgagee for any other service rendered Mortgagor, or on its behalf, connected with this Mortgage or the indebtedness secured hereby, including, without limitation, the delivery to an escrow holder of a request for full or partial release or satisfaction of this Mortgage, transmittal to an escrow holder of moneys secured hereby, changing its records pertaining to this Mortgage and indebtedness secured hereby to show a new owner of the Property, and replacing an existing policy of insurance held hereunder with another such policy.

(B) Mortgagor agrees to indemnify and hold Mortgagee harmless from any responsibility and/or liability for the payment of any commission charge or brokerage fees to anyone which may be payable in connection with the funding of the loan evidenced by the Note and this



Mortgage or refinancing of any prior indebtedness, if applicable, based upon any action taken by Mortgagor. It is understood that any such commission charge or brokerage fees shall be paid directly by Mortgagor to the entitled parties.

4.03.  Notices.

(A)  All notices expressly provided hereunder to be given by Mortgagee to Mortgagor and all notices, demands and other communications of any kind or nature whatever which Mortgagor may be required or may desire to give to or serve on Mortgagee shall be in writing and shall be (1) hand-delivered, effective upon receipt, (2) sent by United States Express Mail or by private overnight courier, effective upon receipt, or (3) served by certified mail, to the appropriate address set forth below, or at such other place as the Mortgagor or Mortgagee, as the case may be, may from time to time designate in writing by ten (10) days prior written notice thereof. Any such notice or demand served by certified mail, return receipt requested, shall be deposited in the United States mail, with postage thereon fully prepaid and addressed to the party so to be served at its address above stated or at such other address of which said party shall have theretofore notified in writing, as provided above, the party giving such notice. Service of any such notice or demand so made shall be deemed effective on the day of actual delivery as shown by the addressee's return receipt or the expiration of three (3) business days after the date of mailing, whichever is the earlier in time. Any notice required to be given by Mortgagee shall be equally effective if given by Mortgagee's agent, if any.

(B)  Mortgagor hereby requests that any notice, demand, request or other communication (including any notice of an Event of Default and notice of sale as may be required by law) desired to be given or required pursuant to the terms hereof be addressed to Mortgagor as follows:

> Binford Medical Developers LLC
> 5200 E. 64th St.
> Indianapolis, IN 46220
> Attn. Kenneth E. Schmidt

With a copy to:

> Hostetler & Kowalik, P.C.
> 101 W. Ohio Street, Suite 2100
> Indianapolis, IN 46204-4211
> Attn. John W. Graub II

All notices and other communications to Mortgagee shall be addressed as follows:

> USA Commercial Mortgage Company.
> 4484 South Pecos Road
> Las Vegas, Nevada 89121
> Attn: Joe Milanowski



With a copy to:

    Goold Patterson Ales & Day
    4496 South Pecos Road
    Las Vegas, Nevada 89121
    Attn. Bryan K. Day

4.04.    <u>Mortgagor Not Released; Certain Mortgagee Acts</u>.

(A)    Extension of the time for payment or modification of the terms of payment of any sums secured by this Mortgage granted by Mortgagee to any successor in interest of Mortgagor shall not operate to release, in any manner, the liability of Mortgagor. Mortgagee shall not be required to: commence proceedings against such successor or refuse to extend time for payment or otherwise modify the terms of payment of the sums secured by this Mortgage, by reason of any demand made by Mortgagor. Without affecting the liability of any person, including Mortgagor, but subject to the terms and provisions of section 3.11, for the payment of any indebtedness secured hereby, or the legal operation and effect of this Mortgage on the remainder of the Property for the full amount of any such indebtedness and liability unpaid, Mortgagee is empowered as follows: Mortgagee may from time to time and without notice (1) release any person liable for the payment of any of the indebtedness; (2) extend the time or otherwise alter the terms of payment of any of the indebtedness; (3) accept additional real or personal property of any kind as security therefor, whether evidenced by deeds of trust, mortgages, security agreements or any other instruments of security; or (4) alter, substitute or release any property securing the indebtedness.

(B)    Mortgagee may, at any time, and from time to time, (1) consent to the making of any map or plan of the Property or any part thereof; (2) join in granting any easement or creating any restriction thereon; (3) join in any subordination or other agreement affecting this Mortgage or the legal operation and effect or charge hereof; or (4) release or reconvey, without any warranty, all or part of the Property from the lien of this Mortgage.

4.05.    <u>Inspection</u>. Upon reasonable prior notice and subject to the inspection rights of tenants under the Leases, Mortgagee may at any reasonable time make or cause to be made entry upon and make inspections, reappraisals, surveys, construction and environmental testing of the Property or any part thereof in person or by agent, all at Mortgagee's sole cost and expense.

4.06.    <u>Release or Cancellation</u>. Upon the payment in full of all sums secured by this Mortgage, Mortgagee shall cancel and release this Mortgage and shall surrender this Mortgage and all notes evidencing indebtedness secured by this Mortgage to Mortgagor. Upon payment of its fees and any other sums owing to it under this Mortgage, Mortgagee shall release this Mortgage or reconvey the Property without warranty to the person or persons legally entitled thereto. The duly recorded release or reconveyance of the Property shall constitute a reassignment of the Leases by the Mortgagee to the Mortgagor. Such person or persons shall pay all fees of Mortgagee and costs of recordation, if any. The recitals in such release or reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.

4.07.    <u>Statute of Limitations</u>. Mortgagor hereby expressly waives and releases to the fullest extent permitted by law, the pleading of any statute of limitations as a defense to any and all obligations secured by this Mortgage.



4.08. Interpretation. Wherever used in this Mortgage, unless the context otherwise indicates a contrary intent, or unless otherwise specifically provided herein, the word "**Mortgagor**" shall mean and include both Mortgagor and any subsequent owner or owners of the Property, and the word "**Mortgagee**" shall mean and include not only the original Mortgagee hereunder but also any future owner and holder, including pledgees, of the Note or other obligations secured hereby. In this Mortgage whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the neuter includes the feminine and/or masculine, and the singular number includes the plural. In this Mortgage, the use of the word "including" shall not be deemed to limit the generality of the term or clause to which it has reference, whether or not non-limiting language (such as "without limitation," or "but not limited to," or words of similar import) is used with reference thereto.

4.09. Captions. The captions and headings of the Articles and sections of this Mortgage are for convenience only and are not to be used to interpret, define or limit the provisions hereof.

4.10. Consent. The granting or withholding of consent by Mortgagee to any transaction as required by the terms hereof shall not be deemed a waiver of the right to require consent to future or successive transactions. Mortgagor covenants and agrees to reimburse Mortgagee promptly on demand for all reasonable legal and other expenses incurred by Mortgagee or its servicing agent in connection with all requests by Mortgagor for consent or approval under this Mortgage.

4.11. Delegation to Subagents. Wherever a power of attorney is conferred upon Mortgagee hereunder or the Related Agreements, it is understood and agreed that such power is conferred with full power of substitution, and Mortgagee may elect in its sole discretion to exercise such power itself or to delegate such power, or any part thereof, to one or more subagents.

4.12. Successors and Assigns. All of the grants, obligations, covenants, agreements, terms, provisions and conditions herein shall run with the land and shall apply to, bind and inure to the benefit of, the heirs, administrators, executors, legal representatives, successors and assigns of Mortgagor (but this shall not permit any assignment prohibited hereby) and the endorsees, transferees, successors and assigns of Mortgagee. In the event Mortgagor is composed of more than one party, the obligations, covenants, agreements, and warranties contained herein as well as the obligations arising therefrom are and shall be joint and several as to each such party.

4.13. Governing law. THIS MORTGAGE SHALL BE GOVERNED BY THE INTERNAL LAWS (WITHOUT GIVING EFFECT TO THE CONFLICTS OF LAWS PRINCIPLES THEREOF) OF THE STATE OF NEVADA, IN WHICH STATE THE NOTE AND THIS MORTGAGE WERE EXECUTED AND DELIVERED; BUT THE INTERNAL LAWS (WITHOUT GIVING EFFECT TO CONFLICTS OF LAWS PRINCIPLES) OF THE STATE OF INDIANA WILL GOVERN THE VALIDITY, PERFECTION, PRIORITY AND ENFORCEMENT HEREOF AND THE RIGHTS AND REMEDIES IN AND TO THE PROPERTY AND ANY OTHER COLLATERAL WITHIN THE STATE OF INDIANA. MORTGAGOR HEREBY WAIVES ITS RIGHT TO A TRIAL BY JURY. MORTGAGOR, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, (i) SUBMITS TO PERSONAL JURISDICTION IN THE STATE OF NEVADA OVER ANY SUIT, ACTION OR PROCEEDING BY ANY PERSON ARISING FROM OR RELATING TO THE NOTE, THIS INSTRUMENT OR ANY OTHER OF THE LOAN DOCUMENTS, (ii) AGREES THAT ANY SUCH ACTION, SUIT OR PROCEEDING MAY BE BROUGHT IN ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION SITTING IN



CLARK COUNTY, NEVADA, (iii) SUBMITS TO THE JURISDICTION OF SUCH COURTS, AND, (iv) TO THE FULLEST EXTENT PERMITTED BY LAW, AGREES THAT IT WILL NOT BRING ANY ACTION, SUIT OR PROCEEDING IN ANY FORUM OTHER THAN CLARK COUNTY, NEVADA (BUT NOTHING HEREIN SHALL AFFECT THE RIGHT OF LENDER TO BRING ANY ACTION, SUIT OR PROCEEDING IN ANY OTHER FORUM). MORTGAGOR FURTHER CONSENTS AND AGREES TO SERVICE OF ANY SUMMONS, COMPLAINT OR OTHER LEGAL PROCESS IN ANY SUCH SUIT, ACTION OR PROCEEDING BY REGISTERED OR CERTIFIED U.S. MAIL, POSTAGE PREPAID, TO THE MORTGAGOR AT THE ADDRESS FOR NOTICES DESCRIBED IN SECTION 4.03 HEREOF, AND CONSENTS AND AGREES THAT SUCH SERVICE SHALL CONSTITUTE IN EVERY RESPECT VALID AND EFFECTIVE SERVICE (BUT NOTHING HEREIN SHALL AFFECT THE VALIDITY OR EFFECTIVENESS OF PROCESS SERVED IN ANY OTHER MANNER PERMITTED BY LAW).

4.14. Changes in Taxation. If, after the date of this Mortgage, any law is passed by the state in which the Property is located or by any other governing entity, imposing upon Mortgagee any tax against the Property, or changing in any way the laws for the taxation of mortgages or deeds of trust or debts secured by mortgages or deeds of trust so that an additional or substitute tax is imposed on Mortgagee or the holder of the Note, Mortgagor shall reimburse Mortgagee for the amount of such taxes immediately upon receipt of written notice from Mortgagee. Provided, however, that such requirement of payment shall be ineffective if Mortgagor is permitted by law to pay the whole of such tax in addition to all other payments required hereunder, without any penalty or charge thereby accruing to Mortgagee and if Mortgagor in fact pays such tax prior to the date upon which payment is required by such notice.

4.15. Maximum Interest Rate. No provision of this Mortgage or of the Note or of any note evidencing a Future Advance shall require the payment or permit the collection of interest in excess of the maximum non-usurious rate permitted by applicable law. In the event such interest does exceed the maximum legal rate, it shall be canceled automatically to the extent that such interest exceeds the maximum legal rate and if theretofore paid, credited on the principal amount of the Note or, if the Note has been prepaid, then such excess shall be rebated to Mortgagor.

4.16. Time of Essence. Time is of the essence of the obligations of Mortgagor in this Mortgage and each and every term, covenant and condition made herein by or applicable to Mortgagor.

4.17. Reproduction of Documents. This Mortgage and all documents relating thereto, specifically excluding the Note but including, without limitation, consents, waivers and modifications which may hereafter be executed, financial and operating statements, certificates and other information previously or hereafter furnished to Mortgagee, may be reproduced by Mortgagee by any photographic, photostatic, microfilm, micro-card, miniature photographic or other similar process and Mortgagee may destroy any original document ("**Master**") so reproduced. Mortgagor agrees and stipulates that any such reproduction is an original and shall be admissible in evidence as the Master in any judicial or administrative proceeding (whether or not the Master is in existence and whether or not such reproduction was made or preserved by Mortgagee in the regular course of business) and any enlargement, facsimile or further reproduction of such a reproduction shall be no less admissible.

4.18. No Oral Modifications. This Mortgage may not be amended or modified orally, but only by an agreement in writing signed by the party against whom enforcement of any amendment or modification is sought.



4.19. <u>Non-Waiver</u>. Nothing in this Mortgage is intended to constitute a waiver of deficiency under Indiana Code § 32-29-7-5 nor a consent by the Mortgagee to such a waiver.

4.20. <u>No Joint Venture</u>. Nothing contained in this Mortgage or any Related Agreement is intended to create a partnership, joint venture or association between Mortgagor and Mortgagee or in any way make Mortgagee a co-principal with Mortgagor with referenced to the Property, and any inferences to the contrary are hereby expressly negated.

**(Signature Page to Follow)**



IN WITNESS WHEREOF, the undersigned has executed this Mortgage as of the day and year first hereinabove written.

BINFORD MEDICAL DEVELOPERS, LLC, an Indiana limited liability company

By: _____
Kenneth E. Schmidt, Manager

STATE OF NEVADA  )
                 ) ss.
COUNTY OF CLARK  )

This instrument was acknowledged before me on this __3/1st__ day of August, 2005 by Kenneth E. Schmidt, as Manager of Binford Medical Developers, LLC.

MARGARET M. STONE
NOTARY PUBLIC
STATE OF NEVADA
Date Appointment Exp: 04-27-2009
Certificate No: 05-96400-1

Notary Public
(My Commission Expires: 4/27/09)

This instrument prepared by, and after recording should be returned to, Bryan K. Day, Goold Patterson Ales & Day, 4496 South Pecos Road, Las Vegas, Nevada 89121.

# Exhibit A
Lender

<u>EXHIBIT B</u>
(Property Description)

EXHIBIT C
(Fixture Filing)

Pursuant to the security agreement contained in this Mortgage ("**Security Agreement**") and the appropriate Uniform Commercial Code ("**UCC**") sections in the State in which the Fixtures are located, as amended and recodified from time to time, this Mortgage shall constitute a Fixture Filing.

1. Description of Fixtures. "**Fixtures**" shall include all articles of personal property now or hereafter attached to, placed upon for an indefinite term or used in connection with said real property, appurtenances and improvements together with all goods and other property which are or at any time become so related to the Property that an interest in them arises under real estate law.

2. Description of Collateral. The Collateral, as defined in the Security Agreement, includes, without limitation, the following items and types of Collateral as well as certain other items and types of Collateral: All equipment, fixtures, goods, inventory and all present and future accessions and products thereof and thereto as defined in the UCC, now or at any time acquired, used, or to be used for or in connection with the construction, use or enjoyment of the Property by Mortgagor, whether in the possession of Mortgagor, warehousemen, bailees or any other person and whether located at the Property or elsewhere, including without limitation:

   (A) all building, maintenance or service equipment; building, maintenance or raw materials or supplies; component parts or work in process; appliances; furnishings; machinery; and tools; and

   (B) all goods and property covered by any warehouse receipts, bills of lading and other documents evidencing any goods or other tangible personal property of any kind (including any Collateral) in which Mortgagor now or at any time hereafter has any interest in connection with any or all of the Property or Collateral; and

   (C) any and all products of any accessions to any such Collateral which may exist at any time.

Part of the above described goods are or are to become Fixtures on the Property. As used in this Exhibit to qualify the scope of Mortgage's security interest in any of the Collateral, the phrase "in connection with any or all of the Property or Collateral" shall be used in its broadest and most comprehensive sense and shall include without limitation property used or acquired (or to be used or acquired) in connection with the improvement, development, construction, repair or remodeling of any or all of the Property, property arising from or in connection with the operation, use, maintenance, occupancy, sale, lease or disposition of any or all of the Property or Collateral, property used or acquired (or to be used or acquired) in connection with Mortgagor's performance of any of its obligations to Mortgagee, and property acquired with any loan proceeds. If any property is used (or to be used) for multiple or different purposes, and one such purpose relates to any aspect of the Property or collateral, such property shall constitute Collateral hereunder, unless Mortgagee shall release such property from this Fixture Filing and Mortgage's security interest in a duly executed written instrument.

3. Relation of Fixture filing to Mortgage. Some or all of the Collateral described in section 2 above may be or become Fixtures in which Mortgagee has a security interest under the Security Agreement.



However, nothing herein shall be deemed to create any lien or interest in favor of the Mortgagee under this Mortgage in any such Collateral which is not a fixture, and the purpose of this Exhibit C is to create a fixture filing under the appropriate Uniform Commercial Code sections in the State in which the Fixtures are located, as amended or recodified from time to time. The rights, remedies and interests of Mortgagee under this Mortgage are independent and cumulative, and there shall be no merger of any lien hereunder with any security interest created by the Security Agreement. Mortgagee may elect to exercise or enforce any of its rights, remedies, or interests under this Mortgage as Mortgagee may from time to time deem appropriate.

4. Name and Address of Mortgagee:

USA Commercial Mortgage Company as Agent for Lender
4484 South Pecos Road
Las Vegas, Nevada 89121

5. Other Fixture Financing and Removal of Fixtures. (A) Mortgagee has not consented to any other security interest of any other person in any Fixtures and has not disclaimed any interest in any Fixtures; and (B) Mortgagee has not agreed or consented to the removal of any Fixtures from the Property, and any such consent by Mortgagor shall not be binding on Mortgagee. Mortgagee reserves the right to prohibit the removal of any Fixtures by any person with the legal right to remove any Fixtures from the Property unless and until such person makes arrangements with (and satisfactory to) Mortgagee for the payment to Mortgagee of all costs of repairing any physical injury to the Property which may be caused by the removal of such Fixtures. Any such payment shall be made directly to Mortgagee at its request, and Mortgagee may hold such payment as additional collateral under this Mortgage. Failure by Mortgagor to cause the delivery to Mortgagee of any such payment shall constitute both: (1) waste under (and breach of) this Mortgage; and (2) conversion of Collateral under (and a breach of) the Security Agreement.

