Annette W. Jarvis, Utah Bar No. 1649
Douglas M. Monson, Utah Bar No. 2293
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com
   and
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com
Attorneys for Debtors

E-FILED on December 29, 2006

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **Jointly Administered Under**<br>**Case No. BK-S-06-10725 LBR** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **DEBTOR USA COMMERCIAL MORTGAGE COMPANY'S OPPOSITION TO DAYCO FUNDING CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | Date of Hearing: January 17, 2007<br>Time: 9:30 a.m. |

1          COMES NOW Debtor USA Commercial Mortgage Company ("USACM"), by and
2   through its counsel, Schwartzer & McPherson Law Firm, and opposes the Dayco Funding
3   Corporation's Motion for Relief from the Automatic Stay (the "Motion") filed on December 14,
4   2006 as Docket No. 2094 on the following grounds:

5       1.    The Motion is brought pursuant to 11 U.S.C. § 362(d)(1), which states: "On
6   request of a party in interest and after notice and a hearing, the court shall grant
7   relief from the stay provided under subsection (a) of this section, such as by
8   terminating, annulling, modifying, or conditioning such stay – (1) for cause,
9   including the lack of adequate protection of an interest in property of such party in
10  interest . . . ." Dayco Funding Corporation ("Dayco") does not seek relief from the
11  automatic stay pursuant to any other subsection of 11 U.S.C. § 362(d).

12      2.    The value of the property securing Dayco's lien (the "Property") is $2,950,000.
13  The balance of the Dayco secured lien (the "Dayco Lien") as of December 5, 2006
14  was $1,707,435.14. Therefore, there is an equity cushion of approximately $1.24
15  million in the Property in excess of the current balance of the Dayco Lien. This
16  equity cushion is approximately 70% of the current balance of the Dayco Lien.
17  This equity cushion of 70% is adequate protection for the Dayco Lien.

18      3.    USACM's 1.25% interest in the loan serviced by USACM that is also secured by
19  the Property (the "USACM Interest") is necessary to USACM's effective
20  reorganization. The USACM Interest is being sold to Compass Partners LLC (the
21  "Purchaser") pursuant to the Debtors' Third Amended Joint Chapter 11 Plan of
22  Reorganization (the "Plan") that was confirmed by this Court on December 20,
23  2006. It is critical that the USACM Interest be preserved so that USACM can sell
24  this interest to the Purchaser, as contemplated by the Plan. The transfer of the
25  USACM Interest to the Purchaser should occur in the very near future.

26  **STATEMENT OF FACTS**

27      1.    USACM and its affiliated entities (referred to collectively herein as the "Debtors")
28  filed for relief under Chapter 11 of the Bankruptcy Code on April 13, 2006.

2.  Dayco is the assignee of Citizens Business Bank, N.A. ("Bank"). Bank made a loan (the "Dayco Loan") to Southern California Land Development LLC ("Borrower") on or about October 15, 2005, in the principal sum of $1,612,500.00. The Dayco Loan is secured by the Dayco Lien on the Property, consisting of two parcels of undeveloped real property located in Hesperia, California. Dayco asserts that the current balance of the Dayco Loan and the Dayco Lien as of December 5, 2006, was $1,707,435.14. See, Motion at pp. 2-4.

3.  USACM, as agent and loan servicer for a group of lenders (the "Direct Lenders"), extended a loan (the "USACM Serviced Loan") to Borrower on or about August 23, 2005, in the original principal sum of $2,300,000.00. The USACM Serviced Loan is secured by a Second Position Deed of Trust on the Property (the "USACM Serviced Lien"). See Declaration of Thomas J. Allison (the "Allison Declaration") filed herewith at ¶ 4.

4.  The principal balance of the USACM Serviced Loan is $2,800,000. There are 33 Direct Lenders for the USACM Serviced Loan. In addition to acting as loan servicer, USACM is also one of the Direct Lenders for the USACM Serviced Loan, with a 1.25% undivided interest in the USACM Serviced Lien in the principal amount of $35,000. See Allison Declaration at ¶ 5.

5.  USACM arranged for Hilco Real Estate Appraisal, LLC ("Hilco"), the Court approved appraiser for the USACM Estate, to appraise the Property. The Hilco appraised value of the Property was $2,950,000 as of June 21, 2006. See Allison Declaration at ¶ 6.

6.  Based upon the value of the Property at $2,950,000, and taking into account Dayco's assertion that the current balance of the Dayco Lien is $1,707,435.14, the Dayco Lien has an equity cushion of approximately $1.24 million in the Property, or approximately 70% of the current balance of the Dayco Lien. See Allison Declaration at ¶ 7.

7.  USACM is a party to the Asset Purchase Agreement dated December 8, 2006, between USACM and USA Capital First Trust Deed Fund, LLC as Sellers, and the Purchaser (the "APA"). A copy of the APA was filed with the Court on December 18, 2006 as Docket No. 2164. See Allison Declaration at ¶ 8.

8.  Section 2.1 of the APA states that "Sellers hereby agree to sell, assign, transfer, convey and deliver to Purchaser, and Purchaser hereby agrees to purchase from Sellers, all of

1  Sellers' right, title and interest in and to the Assets." The term "Assets" is defined in Section 1.1
2  of the APA as "collectively, all First Trust Deed Fund Assets listed on Schedule 1 [to the APA]
3  and the Commercial Mortgage Assets listed on Schedule 2 [to the APA], together with the
4  Personal Property." Page 2 of Schedule 2 to the APA lists the USACM Serviced Loan (the
5  "Southern California Land 2nd Loan") with a principal balance of $2,800,000 as of July 31, 2006,
6  along with USACM's 1.25% ownership of the USACM Serviced Loan in the amount of $35,000.
7  See Allison Declaration at ¶ 9.

8      9.    The definition of "Closing Date" in Section 1.1 of the APA mandates that the
9  Closing Date for the sale of the Assets to the Purchaser shall be no later than the Outside Approval
10 Date. The definition of "Outside Approval Date" in Section 1.1 of the APA is February 16, 2007.
11 See Allison Declaration at ¶ 10.

12     10.    The Plan was filed on November 15, 2006, as Docket No. 1799. The Plan provides
13 that it will be implemented by (among other things) the sale of the Acquired Assets as set forth in
14 section C of Article IV of the Plan. Section IV(A). The Plan further provides that it will be
15 implemented in part by the Asset Sale Transaction, whereby the Acquired Assets will be sold and
16 transferred to the Purchaser. Section IV(C). The term "Acquired Assets" is defined in Section
17 I(A)(2) of the Plan to include the "USACM" Assets under the APA, which includes the USACM
18 Interest. The term "Asset Sale Transaction" is defined in Section I(A)(15) of the Plan as the sale
19 of the Acquired Assets to the Purchaser pursuant to the APA. See Allison Declaration at ¶ 11.

20     11.    The Plan was confirmed by this Court at the conclusion of the confirmation hearing
21 on December 20, 2006. USACM anticipates that the Confirmation Order for the Plan will be
22 entered shortly. USACM also anticipates that the closing with the Purchaser under the APA will
23 occur sometime in January of 2007, and certainly no later than the February 16, 2007 deadline in
24 the APA. See Allison Declaration at ¶ 12.

25 / / /
26 / / /
27 / / /
28 / / /

# STATEMENT OF LAW

## I. THE DAYCO LIEN IS ADEQUATELY PROTECTED BY THE EQUITY CUSHION IN THE PROPERTY.

The Motion is brought by Dayco pursuant to 11 U.S.C. Section 362(d)(1). See, Motion at p. 6. The Motion does not state any specific "cause" for relief from the stay. Dayco complains in its Motion that "it is an unfair result for the automatic stay to stop Movant's foreclosure sale by virtue of USA's small fractionalized interest in the loan made to Borrower" and that "interest continues to accrue [on the Dayco Lien] at over $21,000.00 a month." See, Motion at p.5. It appears that Dayco asserts that there is no adequate protection for the Dayco Lien.

Dayco's adequate protection argument is without merit. The value of the Property is $2,950,000, while the current balance of the Dayco Lien is $1,707,435.14, which provides Dayco with an equity cushion of approximately $1.24 million in the Property, or approximately 70% of the current balance of the Dayco Lien. Even at the asserted interest accrual rate of $21,000 a month on the Dayco Lien, and assuming that the value of the Property remains static and does not appreciate, this equity cushion would not be consumed for another 59 months (almost 5 years).

The Ninth Circuit in *Pistole v. Mellor (In re Mellor),* 734 F.2d 1396 (9th Cir. 1984), affirmed that the existence of an equity cushion "is the classic form of [adequate] protection for a secured debt justifying the restraint of lien enforcement by a bankruptcy court. In fact, it has been held that the existence of an equity cushion, standing alone, can provide adequate protection." *Id.* at 1400. In the *Mellor* case, an equity cushion of approximately 20% of the total value of the property was sufficient to provide adequate protection to defeat the senior creditor's motion for relief from the under Section 362(d)(1). *Id.* at 1401. Under the *Mellor* case, the Dayco Lien is more than adequately protected by the equity cushion of 70%, and relief from the automatic stay is not warranted under Section 362(d)(1).

USACM has a vital interest in protecting this equity cushion in the Property, which is providing (through the sale to the Purchaser under the APA) a source of funds for realization of the value of the USACM Interest for the benefit of USACM's creditors. By filing its Motion, Dayco is seeking to foreclose and appropriate the excess equity over the current balance of the

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Dayco Lien as a windfall to Dayco, without regard to the legitimate interests and concerns of USACM's creditors to maximize the value of all of USACM's assets. As the Ninth Circuit stated in the *Mellor* case, ruling in a similar case against a senior creditor seeking relief from the stay in order to foreclose a senior lien for which there was an equity cushion, "[t]he purpose of adequate protection under § 361 is to insure that the secured creditor receives in value essentially what he bargained for, not a windfall." *Id.*

## II.    THERE IS NO OTHER "CAUSE" FOR RELIEF FROM THE AUTOMATIC STAY.

Dayco's assertion that USACM's fractionalized interest in the USACM Serviced Lien against the Property is very small compared to the size of the Dayco Lien is not "cause" for granting relief from the stay under Section 362(d)(1). Dayco did not cite any authority for its assertion. The filing of USACM's Chapter 11 Petition created the USACM Estate under 11 U.S.C. Section 541(a), which includes **all** of USACM's legal and equitable interests in property as of the commencement of the case. There is no size or amount exception under Section 541(a). All of USACM's legal and equitable interests in property, including its 1.25% interest in the USACM Serviced Lien in the principal amount of $35,000, are included in the USACM Estate, and are entitled to the protections of the stay.

Even though Dayco has not argued Section 362(d)(2) as a basis for relief, it is also clear that Dayco would not be entitled to relief from the stay under Section 362(d)(2). In order to obtain relief under Section 362(d)(2), Dayco would have the burden to prove that the USACM Interest is "not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2)(B). Dayco cannot meet that burden. Not only has USACM filed a feasible plan of reorganization, but that Plan has actually been confirmed, and is in the process of being implemented. The USACM Interest is part of the USACM assets to be sold to the Purchaser under the Plan and the APA, so the preservation of the USACM Interest until that closing can occur is critical and necessary to the implementation of USACM's effective reorganization. In addition to the fractionalized interest owned by USACM, the Plan and APA provides that the servicing rights to the entire $2,800,000 loan be sold to the Purchaser.

1   This is not a situation where the senior creditor is arguing that the debtor's reorganization
2   plan is illusory, and that the Court should no longer allow the debtor to delay the inevitable. The
3   duration of the stay against the Property will only continue for a few more weeks, if that long.
4   The automatic stay against the Property will terminate when the USACM Interest is transferred to
5   the Purchaser. <u>See</u>, 11 U.S.C. Section 362(c)(1) ("the stay of an act against property of the estate
6   under subsection (a) of this section continues until such property is no longer property of the
7   estate"). The deadline for the closing and transfer of the USACM Interest to the Purchaser is
8   February 16, 2007, and USACM anticipates that the closing to the Purchaser will occur sometime
9   in January of 2007. The transfer of the USACM Interest to the Purchaser may even occur before
10  the hearing on the Motion (which would render the Motion moot). Therefore, the delay to Dayco
11  from exercising its remedies on the Dayco Lien will be a few short weeks at most. Because there
12  is a significant equity cushion in the Property that provides adequate protection for the Dayco
13  Lien, it is not unfair to require Dayco to wait for a short period of time until the automatic stay
14  against the Property is lifted by operation of law and the provisions of the Plan.

## CONCLUSION

Because the Dayco Lien is adequately protected, and there is no other "cause" for relief from the automatic stay under Section 362(d)(1), the Motion should be denied.

Dated: December 29, 2006.

Annette W. Jarvis, Utah Bar No. 1649
Douglas M. Monson, Utah Bar No. 2293
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
and

 /s/ Lenard E. Schwartzer
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Esq., Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas NV 89146
Attorneys for Debtors and Debtors-in-Possession

# CERTIFICATE OF SERVICE

1. On December 29, 2006 I served the following document(s):

   a. DEBTOR USA COMMERCIAL MORTGAGE COMPANY'S OPPOSITION TO DAYCO FUNDING CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

2. I served the above-named document(s) by the following means to the persons as listed below:

☒ a. **By ECF System:**

MICHELLE L. ABRAMS    mabrams@mabramslaw.com

FRANKLIN C. ADAMS    franklin.adams@bbklaw.com, arthur.johnston@bbklaw.com

NANCY L ALLF    nallf@parsonsbehle.com, klawrence@parsonsbehle.com;tthomas@parsonsbehle.com;ecf@parsonsbehle.com

FRANK A. ANDERSON    anderson.frank@pbgc.gov, efile@pbgc.gov

OGONNA M. ATAMOH    oatamoh@nevadafirm.com, bkecf@nevadafirm.com;paltstatt@nevadafirm.com;sliberio@nevadafirm.com

KERIANN M ATENCIO    ATENCIOK@GTLAW.COM

BMC GROUP, INC.    evrato@bmcgroup.com, ecf@bmcgroup.com;jmiller@bmcgroup.com;jbartlett@bmcgroup.com

GEORGANNE W. BRADLEY    georganne.bradley@bullivant.! com, mary.opatrny@bullivant.com

KELLY J. BRINKMAN    kbrinkman@gooldpatterson.com

THOMAS R BROOKSBANK    tom@tombrooksbank.com, renee@tombrooksbank.com

ANDREW M. BRUMBY    abrumby@shutts-law.com, rhicks@shutts-law.com;lmackson@shutts-law.com

LOUIS M. BUBALA    lbubala@jonesvargas.com, tbw@jonesvargas.com;bjlingenfelter@jonesvargas.com

MATTHEW Q. CALLISTER    mqc@callister-reynolds.com, maggie@callister-reynolds.com

CANDACE C CARLYON    ltreadway@sheacarlyon.com, ccarlyon@sheacarlyon.com;bankruptcyfilings@sheacarlyon.com;rmsmith@sheacarlyon.com

ROB CHARLES    rcharles@lrlaw.com, cjordan@lrlaw.com
MICHAEL W! . CHEN    yvette@ccfirm.com

KEVIN B. CHRISTENSEN    kbchrislaw@aol.com

JANET L. CHUBB    tbw@jonesvargas.com

JEFFREY A. COGAN    jeffrey@jeffreycogan.com, sarah@jeffreycogan.com

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

| | |
|---|---|
| 1 | |
| 2 | WILLIAM D COPE    cope_guerra@yahoo.com |
| 3 | CICI CUNNINGHAM    bankruptcy@rocgd.com |
| 4 | GEORGE DAVIS    george.davis@weil.com |
| 5 | LAUREL E. DAVIS    bklsclv@lionelsawyer.com, ldavis@lionelsawyer.com;gbagley@lionelsawyer.com;ldavisesq@aol.com |
| 6 | DEBT ACQUISITION COMPANY OF AMERICA V, LLC (tf)    tfette@daca4.com |
| 7 | THOMAS H. FELL    BANKRUPTCYNOTICES@GORDONSILVER.COM |
| 8 | SCOTT D. FLEMING    sfleming!@halelane.com, dbergsing@halelane.com,ecfvegas@halelane.com |
| 9 | GREGORY E GARMAN    bankruptcynotices@gordonsilver.com |
| 10 | WADE B. GOCHNOUR    wgochnour@hwmlvlaw.com, donnat@hwmlvlaw.com |
| 11 | |
| 12 | CARLOS A. GONZALEZ    carlos.gonzalez2@usdoj.gov, Darlene.Ruckard@usdoj.gov;Eunice.Jones@usdoj.gov;Sue.Knight@usdoj.gov |
| 13 | GERALD M GORDON    bankruptcynotices@gordonsilver.com |
| 14 | R. VAUGHN GOURLEY    vgourley@lvcm.com |
| 15 | TALITHA B. GRAY    bankruptcynotices@gordonsilver.com |
| 16 | JAMES D. GREENE    bknotice@schrecklaw.com |
| 17 | MARJORIE A. GUYMON    bankruptcy@goldguylaw.com, ddias@goldguylaw.com |
| 18 | |
| 19 | JEFFREY R!. HALL    jhall@sheacarlyon.com, bankruptcyfi!lings@sheacarlyon.com;aboehmer@sheacarlyon.com;ltreadway@sheacarlyon.com;rmsmith@sheacarlyon.com |
| 20 | XANNA R. HARDMAN    xanna.hardman@gmail.com |
| 21 | STEPHEN R HARRIS    noticesbh&p@renolaw.biz |
| 22 | JEFFREY L HARTMAN    notices@bankruptcyreno.com |
| 23 | BRIGID M. HIGGINS    bankruptcynotices@gordonsilver.com |
| 24 | JOHN HINDERAKER    JHindera@LRL.com |
| 25 | |
| 26 | RICHARD F. HOLLEY    rholley@nevadafirm.com, paltstatt@nevadafirm.com;vnelson@nevadafirm.com;sliberio@nevadafirm.com;bkecf@nevadafirm.com |
| 27 | RANDOLPH L. HOWARD    rhoward@klnevada.com, ckishi@klnevada.com;bankruptcy@klnevada.com |
| 28 | DAVID W. HUSTON    dwh@hustonlaw.net, swaits@hustonlaw.net! |

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  CHRISTOPHER D JAIME     cjaime@waltherkey.com, kbernhar@waltherkey.com

2  EVAN L. JAMES     ejameslv@earthlink.net, kbchrislaw@aol.com

3  ANNETTE W JARVIS     ajarvis@rqn.com

4  TY E. KEHOE     TyKehoeLaw@aol.com

5  ROBERT R. KINAS     rkinas@swlaw.com, jlustig@swlaw.com;jmath@swlaw.com;imccord@swlaw.com

6  ZACHARIAH LARSON     ecf@lslawnv.com

7  JOHN J. LAXAGUE     jlaxague@caneclark.com

8  GEORGE C LAZAR     glazar@foxjohns.com, gclazar@sbcglobal.net

9  NILE LEATHAM     nleatham@klnevada.com, ckishi@klnevada.com;bankruptcy@klnevada.com

10 ROBER! T C. LEPOME     rlepome@cox.net, smstanton@cox! .net

11

12 ANNE M. LORADITCH     ecffilings@beckleylaw.com, aloraditch@beckleylaw.com;pkois@beckleylaw.com

13 PATRICIA A. MARR     jjllaw@leelaw.lvcoxmail.com, lvlaw03@yahoo.com;mark@leelaw.lvcoxmail.com

14

15 JAMES C. MCCARROLL     , dturetsky@reedsmith.com;aleonard@reedsmith.com

16 REGINA M. MCCONNELL     rmcconnell@kssattorneys.com

17 WILLIAM L. MCGIMSEY     lawoffices601@lvcoxmail.com

18 RICHARD MCKNIGHT     mcknightlaw@cox.net, gkopang@lawlasvegas.com;cburke@lawlasvegas.com

19 SHAWN W MILLER   &n! bsp bankruptcyfilings@sheacarlyon.com,
20 smiller@sheacarlyon.com;aboehmer@sheacarlyon.com;ltreadway@sheacarlyon.com;rsmith@sheacarlyon.com

21 DAVID MINCIN     mcknightlaw@cox.net,
22 gkopang@lawlasvegas.com;dmincin@lawlasvegas.com,cburke@lawlasvegas.com

23 JOHN F MURTHA     jmurtha@woodburnandwedge.com

24 ERVEN T. NELSON     erv@rlbolick.com, susan@rlbolick.com

25 VICTORIA L NELSON     bkecf@nevadafirm.com,
   vnelson@nevadafirm.com;paltstatt@nevadafirm.com;rholley@nevadafirm.com;sliberio@nevadafirm.com

26

   BOB L. OLSON     ecffilings@beckleylaw.com, bolson@beckleylaw.com;dgriffis@beckleylaw.com

27

28 DONNA M. OSBORN     ebaker@marquisaurbach.com,
   dosborn@marquisaurbach.com;tszostek@marquisaurbach.com;kgallegos@MarquisA! urbach.com

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

| | |
|---|---|
| 1 | ANDREW M. PARLEN &nb sp   aparlen@stutman.com |
| 2 | DONALD T. POLEDNAK   sandplegal@yahoo.com, spbankruptcy@yahoo.com |
| 3 | PAUL C RAY   info@johnpeterlee.com |
| 4 | CHRISTINE A ROBERTS   bankruptcy@rocgd.com |
| 5 | SUSAN WILLIAMS SCANN   sscann@deanerlaw.com, palexander@deanerlaw.com |
| 6-7 | JAMES PATRICK SHEA   bankruptcyfilings@sheacarlyon.com, ltreadway@sheacarlyon.com;rmsmith@sheacarlyon.com;aboehmer@sheacarlyon.com |
| 8-9 | SHLOMO S. SHERMAN   ssherman@sheacarlyon.com, aboehmer@sheacarlyon.com;bankruptcyfilings@sheacarlyon.com;ltreadway@sheacarlyon.com;rmsmith@sheacarlyon.com |
| 10 | AMBRISH S. SIDHU   e! cf@lslawnv.com |
| 11 | JEFFREY G. SLOANE   gjklepel@yahoo.com, rmcconnell@kssattorneys.com |
| 12-13 | ALAN R SMITH   mail@asmithlaw.com, turk@asmithlaw.com;marsh@asmithlaw.com;darby@asmithlaw.com |
| 14 | DAVID A. STEPHENS   dstephens@lvcm.com |
| 15 | PETER SUSI   cheryl@msmlaw.com, msm@msmlaw.com |
| 16 | JEFFREY R. SYLVESTER   jeff@sylvesterpolednak.com, David@sylvesterpolednak.com |
| 17 | CARYN S. TIJSSELING   ctijsseling@beckleylaw.com, jblair@beckleylaw.com |
| 18 | AMY N. TIRRE   , lleverett@kkbrf.com |
| 19 | AMY N. TIRRE   atirre@kkbrf.com, lleverett@kkbrf.com |
| 20 | U.S. TRUSTEE - LV - 11   USTPRegi! on17.lv.ecf@usdoj.gov |
| 21 | GREGORY ! J. WALCH   GWalch@Nevadafirm.com |
| 22-23 | RUSSELL S. WALKER   rwalker@wklawpc.com, eloveridge@wklawpc.com;lboynton@wklawpc.com;ckirk@wklawpc.com |
| 24 | WHITNEY B. WARNICK   wbw@albrightstoddard.com, bstessel@albrightstoddard.com |
| 25-26 | WILLIAM J. WRAY   wjw@oreillylawgroup.com, rh@oreillylawgroup.com,bc@oreillylawgroup.com,lc@oreillylawgroup.com,ddh@oreillylawgroup.com,mr@oreillylawgroup.com |
| 27 | JOAN C WRIGHT   jwright@allisonmackenzie.com, jbrooks@allisonmackenzie.com |
| 28 | MATTHEW C. ZIRZOW   bankruptcynotices@gordonsilver.com |

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 • Fax: (702) 892-0122

Opposition Dayco Funding MLD re Southern California Land 2nd Loan       Page 11 of 12

ANTHONY A. ZMAILA    azmaila@nevadafirm.com,
bkecf@nevadafirm.com;mbarnes@nevadafirm.com,paltstatt@nevadafirm.com

☐    b.    **By United States mail, postage fully prepaid**

☐    c.    **By Personal Service**
I personally delivered the document(s) to the persons at these addresses:
☐    For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.
☐    For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐    d.    **By direct email (as opposed to through the ECF System)**
Based upon the written agreement to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐    e.    **By fax transmission**
Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐    f.    **By messenger**

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

**I declare under penalty of perjury that the foregoing is true and correct.**
Signed on:    December 29, 2006

Lia Dorsey                                             /s/    Lia Dorsey
(Name of Declarant)                                    (Signature of Declarant)

## §362 INFORMATION SHEET

| | |
|---|---|
| **USA COMMERCIAL MORTGAGE COMPANY** | BK-S-06-10725 LBR |
| **DEBTOR** | **BANKRUPTCY NO.** |
| **DAYCO FUNDING CORPORATION** | CHAPTER 11 |
| **MOVANT** | |

**PROPERTY INVOLVED IN THIS MOTION:** <u>Debtor's 1.25% fractional interest in the Principal Amount of $35,000 (the "USACM Interest") in a Second Position Deed of Trust (the "USACM Serviced Lien") in favor of 33 Direct Lenders as Beneficiaries (Debtor is One of the 33 Direct Lenders) Securing a Loan From the Direct Lenders in the Principal Amount of $2,800,000 (Debtor is the Servicer of the Loan) to Borrower Southern California Land Development LLC ("Borrower"). The USACM Serviced Lien is on two parcels of undeveloped real property located in Hesperia, California (the "Borrower's Property"), owned by the Borrower.</u>

**NOTICE SERVED ON:**   Debtor(s): __   Debtor(s)' counsel: _X_   U.S. Trustee: _X_
                       Ch. 7 Trustee: __   Ch. 7 Trustee's counsel: _____

**DATE OF SERVICE:**

| **MOVANT'S CONTENTIONS:**<br>The EXTENT and PRIORITY OF LIENS:<br><br>1st - $1,707,435.14<br>2nd - $2,300,000 +<br>3rd $<br>4th<br>Other_____<br><br>Total Encumbrances:<br><br>**APPRAISAL or OPINION as to VALUE**<br>None | **DEBTOR'S CONTENTIONS:**<br>The EXTENT and PRIORITY OF LIENS:<br><br>1st $1,707,435.14<br>2nd - $2,800,000 principal balance lien for the USACM Serviced Lien on the Borrower's Property, with Debtor USACM having a 1.25% undivided interest as a Direct Lender in the USACM Serviced Lien in the principal amount of $35,000<br><br>Total Encumbrances: $4,507,435.14<br><br>**APPRAISAL or OPINION as to VALUE**<br>The value of the Borrower's Property is $2,950,000. |
| **TERMS OF MOVANT'S CONTRACT WITH DEBTOR:**<br><br>Amount of Note & Interest   N/A<br>Rate:<br>Duration:<br>Payment per Month:<br>Date of Default & Amount of Arrears:<br>Date of Notice of Default: | **DEBTOR'S OFFER OF "ADEQUATE PROTECTION" FOR MOVANT:**<br><br>Based upon the value of the Borrower's Property at $2,950,000, and based upon Dayco's assertion that the current balance of the Dayco Lien is $1,707,435.14, the Dayco Lien has an equity cushion of approximately $1.24 million in the Borrower's Property, or approximately 70% of the current balance of the Dayco Lien. |
| **SPECIAL CIRCUMSTANCES:**<br><br><br><br>**SUBMITTED BY:**<br><br>Signature:_____ | **SPECIAL CIRCUMSTANCES:**<br>The USACM Interest is included in the property that is to be sold to Compass Partners LLC (the "Purchaser") pursuant to the Asset Purchase Agreement on file with the Bankruptcy Court that is to be closed as part of the implementation of the Third Amended Joint Chapter 11 Plan of Reorganization for Debtor and its affiliate debtors that was confirmed by the Bankruptcy Court on December 20, 2006. |

|  | **SUBMITTED BY:**<br><br>Lenard E. Schwartzer, Nevada Bar No. 0399<br>Jeanette E. McPherson, Nevada Bar No. 5423<br>SCHWARTZER & McPHERSON LAW FIRM<br>Attorneys for Debtor<br><br>Signature /s/ Lenard E. Schwartzer |
|---|---|

**EXHIBIT "A"**