**LEWIS AND ROCA LLP**
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89109
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429
Facsimile (602) 734-3824
Telephone (602) 262-5756

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 0065934
Email: rcharles@lrlaw.com

Attorneys for Official Committee of Unsecured Creditors

E-Filed on December 29, 2006

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **In re:** | Jointly Administered |
| **USA Commercial Mortgage Company**<br>06-10725 – Lead Case | Chapter 11 Cases |
| **USA Capital Realty Advisors, LLC**<br>06-10726 | Judge Linda B. Riegle Presiding |
| **USA Capital Diversified Trust Deed Fund, LLC**<br>06-10728 | **RESPONSE TO DAYCO FUNDING CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| **USA Capital First Trust Deed Fund, LLC**<br>06-10728 | Date: January 17, 2007<br>Time: 9:30 a.m. |
| **USA Securities, LLC**<br>06-10729<br>          **Debtors.** | **Affecting:**<br>× All Cases<br>**or Only:**<br>¨ USA Commercial Mortgage Company<br>¨ USA Capital Realty Advisors, LLC<br>¨ USA Capital Diversified Trust Deed Fund, LLC<br>¨ USA Capital First Trust Deed Fund, LLC<br>¨ USA Securities, LLC |

The Official Committee of Unsecured Creditors of USA Commercial Mortgage Company (the "Committee") joins in Debtors' opposition and opposes the Dayco Funding Corporation's Motion for Relief From the Automatic Stay because Movant has not demonstrated good cause for the relief it seeks. This opposition is explained in the

212080.1

following Memorandum and is supported by the Court's record, including the record to be developed on the Motion.

## MEMORANDUM

### Background

Dayco's papers indicate that it purchased the loan in question from Citizens Business Bank after the loan matured on August 15, 2006. The documentation evidencing the assignment of the loan is dated September 21, 2006. Consequently, Dayco had knowledge of the instant bankruptcy cases and that the loan was in default before Dayco bought the loan. Interestingly, Dayco withheld the purchase price it paid for the loan.

Dayco now says it is prejudiced because the loan it purchased cannot be foreclosed due to the bankruptcy it knew about of USA Commercial Mortgage Company. Dayco fails to provide any evidence demonstrating that its sole remedy is foreclosure. Nor does Dayco balance the hardships between allowing to foreclose the lien it purchased and the rights of the Direct Lenders whose loan is evidenced by the loan documents between Southern California Land Development, LLC and the Direct Lenders (including USACM). Nor does Dayco provide any evidence with respect to the value of the Property, which may indicated that Dayco's interest is adequately protected by equity in the Property.

### Argument

The automatic stay may be terminated under § 362(d) for good cause. Good cause involves a balancing by the Court in its discretion. Here, Dayco has failed to provide any evidence of real hardship, and has failed to balance the hardships.

Conversely, the automatic stay caused by the bankruptcy filing of USACM may terminate on the Effective Date of the Joint Plan of Reorganization. 11 U.S.C. § 362(c)(1). At the same time, Compass Partners LLC as purchaser of the servicing obligations will be in a position to represent the interests of the Direct Lenders.

212080.1



On balance, requiring Dayco to wait until the automatic stay is terminated by operation of law, at a time when Compass can then protect the interests of Direct Lenders, does not impose any unusual hardship on Dayco.

## Request for Relief

The Unsecured Committee requests that the Motion be denied.

Dated December 29, 2006.

**LEWIS AND ROCA LLP**

By /s/ RC (#006593)
    Susan M. Freeman, AZ 4199 (pro hac vice)
    Rob Charles, NV 6593
*Attorneys for Official Committee of Unsecured Creditors*

212080.1