Andrew K. Alper
California Bar No. 088876
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
Seventeenth Floor
Los Angeles, California 90048-4920
Telephone: (323) 852-1000
Facsimile: (323) 651-2577
E-mail: aalper@frandzel.com
        and
Randolph L. Howard, Esq.
Nevada Bar No. 6688
KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-mail: RHoward@klnevada.com

Attorneys for Creditor
Dayco Funding Corporation

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>         Debtor. | CASE NO. BK-S-06-10725-LBR<br>Chapter 11<br><br>CASE NOS: BK-5-06-10726 LBR<br>CASE NOS: BK-5-06-10727 LBR<br>CASE NOS: BK-5-06-10728 LBR<br>CASE NOS: BK-5-06-10729 LBR |
| In re:<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>         Debtor, | CHAPTER 11<br>JOINTLY ADMINISTERED UNDER<br>CASE NO. BK-5-06-10725-LBR<br><br>**DAYCO FUNDING CORPORATION'S REPLY TO OPPOSITION OF THE DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| In re:<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>         Debtor, | Date of Hearing:   January 17, 2007<br>Time of Hearing:  8:30 a.m. |
| In re:<br><br>USA SECURITIES, LLC,<br><br>         Debtor. | |

Affects:

☐ All Debtors
☒ USA Commercial Mortgage Co.
☐ USA Securities, LLC
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed
☐ USA First Trust Deed Fund, LLC

COMES NOW Dayco Funding Corporation, a California corporation ("Movant"), and submits the following Reply to the Opposition of the Debtor USA Commercial Mortgage Company ("Debtor") to Dayco Funding Corporation's Motion for Relief from the Automatic Stay ("Debtor's Opposition") and the Response by the Official Committee of Unsecured Creditors to Dayco Funding Corporation's Motion for Relief from the Automatic Stay ("Creditors Committee's Opposition") as follows:

## I. STATEMENT OF FACTS AND ARGUMENT

As can be seen by the moving papers, Movant has unfortunately been involuntarily effected by this bankruptcy case. Movant has had no dealings with this Debtor other than the fact that this Debtor subordinated its lien to Movant so that a loan would be made by Movant's predecessor in interest, to its borrower. The Debtor is not Movant's borrower. Only because the Debtor is servicing a loan on real property in which Movant has a lien and the Debtor has a very small fractionalized interest in a note secured by the property is Movant now being forced to move for relief from the stay. Movant has been frozen from collecting sums due from its borrower because it is forced to pursue its real property collateral first. Therefore, Movant's borrower, Southern California Land Development, has defaulted on its loan and can sit back and do nothing while Movant cannot collect the sums due to it solely because of this bankruptcy case. This is patently unfair.

Movant has not been involved in this bankruptcy case prior to this time because it is not a creditor of the Debtor. The Debtor states in the Debtor's Opposition that pursuant to its confirmed Plan and pursuant to an Asset Purchase Agreement dated December 8, 2006 ("APA"), that the Debtor's assets will be sold to an unidentified "Purchaser" and that the sale is to close sometime in

1    January, 2007. (Debtor's Opposition, pages 3-4, ¶¶ 7-11.) The Debtor argues that the automatic

2    stay should not be terminated because "the duration of the estate against the property will only

3    continue for a few more weeks, if that long". (At page 7, lines 2-5.) Therefore, the question must

4    be asked, why has the Debtor filed this Opposition? The Debtor appears to be arguing over two

5    weeks! If necessary to the determination of this Motion, Movant agrees to the automatic stay

6    terminating on February 1, 2007, when the Debtor states that the close of the sale of its assets will

7    occur and therefore requests that the Court Grant Movant's Motion for Relief and enter the Order

8    thereon on February 1, 2007 or enter the Order now and make it effective as of February 1, 2007.

9    Similarly, the Creditor Committee's Opposition also requests that Movant "wait until the

10    automatic stay is terminated by operation of law", which will be when the assets of the Debtor are

11    sold sometime this month . (Creditors' Committee's Opposition at page 3, lines 1-2.) Movant has

12    no objection to waiting to have the Order Granting its Motion for Relief entered on February 1,

13    2007. However, Movant does not want it to be in a position where it has not been granted relief

14    from the automatic stay and the anticipated sale of the Debtor's assets pursuant to the APA does

15    not close when expected or never closes. In that event Movant, who is not even a creditor of the

16    Debtor, would be left hanging indefinitely in this bankruptcy action and unable to foreclose on the

17    Property.

18    Notwithstanding the foregoing, the Opposition papers do not present competent evidence

19    to deny the Motion. The Debtor claims that the property which is the subject of this Motion for

20    Relief from Stay, 10325 Datura Road, Hesperia, California 92345 and 10375 Baldy Lane,

21    Hesperia, California 92345 (the "Property") has a value of $2,950,000.00. The Declaration of

22    Thomas J. Allison submitted by the Debtor refers to an appraisal by Hilco Real Estate Appraisal,

23    LLC of $2,950,000.00. However, no copy of the appraisal is attached to Declaration of Thomas J.

24    Allison, Movant has never seen a copy of that appraisal, and the appraisal has not been properly

25    authenticated for this Motion. Therefore, Movant objects to the Declaration of Thomas J. Allison,

26    paragraph 6, and objects to the appraisal of the Property.

27    The Debtor argues that there is an equity cushion for the Movant in the Property but fails

28    to address the fact that there is no equity whatsoever in the Property when the $2,800,000.00 loan

486480.1                                    3                                    33162-029

1  serviced by the Debtor is taken into consideration, in addition to the $1,707,435.14 owing to

2  Movant as of December 5, 2006.  Even using the Debtor's improper valuation of the property of

3  $2,950,000.00, there is no equity in the Property since the amounts owing on the First and Second

4  Deeds of Trust now total in excess of $4,507,435.14.  In fact, it is obvious that if the Debtor's so-

5  called appraisal is to be believed, the loan serviced by the Debtor will not be paid in full upon the

6  sale of the Property and there will be a substantial shortfall to the Debtor and its investors.

7  Therefore the Debtor's interest of $20,000 or $35,000 as it argues will be even less than that if

8  there is less than $1,200,000 to distribute to the investors on the Debtor's loan.

9        The Creditors Committee's Opposition states that "Dayco fails to provide any evidence

10  demonstrating that its sole remedy is foreclosure".  (At page 2, lines 11-12.)  The Property is

11  located in California and pursuant to California law, Movant must proceed against the Property of

12  its borrower, Southern California Land Development, pursuant to <u>California Code of Civil</u>

13  <u>Procedure</u>, Section 726 which states in subdivision (a) "There can be but one form of action for

14  the recovery of any debt or the enforcement of any right secured by mortgage upon real property

15  or an estate for years therein, which action shall be in accordance with the provisions of this

16  chapter".  This statute applies to both mortgages and deeds of trust pursuant to <u>California Code of</u>

17  <u>Civil Procedure</u>, Section 725(a).  That Section provides that:

18        "The beneficiary or trustee named in a deed of trust or mortgagee named in
       a mortgage with power of sale upon real property or any interest therein to secure
19       debt or other obligation, or if here be a successor or successors in interest of such
       beneficiary, trustee or mortgagee, then such successor or successors in interest shall
20       have the right to bring suit to foreclose the same in the manner and subject to the
       provisions, rights and remedies relating to the foreclosure of a mortgage upon such
21       property".

22  Therefore, Movant is **required as a matter of law** to proceed against the Property against its

23  borrower as its sole remedy based upon California's "one form of action" or "security first" rule.

24        Notwithstanding the foregoing, the Opposition papers do not present competent evidence

25  to deny the Motion.  Moreover, even granting relief from the stay will not result in an immediate

26  foreclosure sale of the Property.  Upon entry of the Order, Movant will then be required to give the

27  appropriate notices required by <u>California Civil Code</u>, Sections 2924, <u>et seq</u>., which provide for

28  the minimum notice of 111 days before any sale can take place.  Relief from stay does not shorten

1  the notice provisions required by the <u>California Civil Code</u>. Therefore, the direct lenders, the

2  borrower or its successor in interest will have plenty of time to deal with paying off the debt due to

3  Movant or preparing to bid at the foreclosure sale after the Motion for Relief From Stay is granted.

4         11 U.S.C. Section 362(d)(1) provides the grounds for the relief requested by Movant.

5  "Cause" exists since the Debtor only has a 1.25 % interest in the Property and the Debtor's assets

6  will be sold this month pursuant to the APA approved by the Court. In addition, the Property is

7  not necessary to an effective reorganization for the same reasons. The Debtor will not even have

8  any interest in the Property after the end of January, 2007.

9         By granting the Motion for Relief effective as of February 1, 2007, the objections raised by

10 the Debtor and the Creditors Committee will be addressed and the Order will not be entered earlier

11 than the date on which the Debtor states that the sale of its assets is to close pursuant to the APA.

12 Therefore, there is no prejudice to either the Debtor or the Creditors Committee in granting this

13 Motion and entering the Order thereon effective February 1, 2007.

14        Dated this 3$^{d}$ day of January, 2007.

15                              **KOLESAR & LEATHAM, CHTD.**

16                              By: _Randolph d. Howard_

17                              RANDOLPH L. HOWARD, ESQ.
                               Nevada Bar No. 6688
18                             3320 West Sahara Avenue, Suite 380
                               Las Vegas, Nevada 89102
19

20                             and

21                             ANDREW K. ALPER, Esq.
                               California Bar No. 088876
22                             FRANDZEL ROBINS BLOOM & CSATO, L.C.
                               6500 Wilshire Boulevard, 17th Floor
23                             Los Angeles, California 90048-4920

24
                               Attorneys for Creditor
25                             **DAYCO FUNDING CORPORATION**

26

27

28