1

2   Richard F. Holley, Esq. (NV Bar No. 3077)              E-Filed: <u>January 5, 2006</u>
    Victoria L. Nelson, Esq. (NV Bar No. 5436)
3   Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
    SANTORO, DRIGGS, WALCH,
    KEARNEY, JOHNSON & THOMPSON
4   400 South Fourth Street, Third Floor
    Las Vegas, Nevada 89101
5   Telephone:    702/791-0308
    Facsimile:    702/791-1912
6   Email:        vnelson@nevadafirm.com

7   *Attorneys for Del and Ernestine Bunch*

8

                        **UNITED STATES BANKRUPTCY COURT**
9
                              **DISTRICT OF NEVADA**
10

11  In re:                                        Case No. BK-S-06-10725-LBR
    USA COMMERCIAL MORTGAGE COMPANY,              Case No. BK-S-06-10726-LBR
                              Debtor.             Case No. BK-S-06-10727-LBR
12  _____              Case No. BK-S-06-10728-LBR
    In re:                                        Case No. BK-S-06-10729-LBR
    USA CAPITAL REALTY ADVISORS, LLC,
13                            Debtor.
    _____              Chapter 11
14  In re:
    USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,
                              Debtor.             **Jointly Administered under**
15  _____              **Case No. BK-S-06-10725-LBR**
    In re:
16  USA CAPITAL FIRST TRUST DEED FUND, LLC,
                              Debtor.
17  _____              <u>**RESPONSE TO USA COMMERCIAL**</u>
    In re:                                        <u>**MORTGAGE COMPANY'S OBJECTION TO**</u>
    USA SECURITIES, LLC,                          <u>**PROOF OF CLAIM NO. 1099 FILED BY DEL**</u>
18                            Debtor.             <u>**AND ERNESTINE BUNCH**</u>
    _____
    Affects:
19  ☐    All Debtors
    ☒    USA Commercial Mortgage Company
    ☐    USA Securities, LLC                       Date of Hearing:    January 17, 2007
20  ☐    USA Capital Realty Advisors, LLC          Time of Hearing:    9:30 a.m.
    ☐    USA Capital Diversified Trust Deed Fund, LLC
21  ☐    USA First Trust Deed Fund, LLC            Judge:    Hon. Linda B. Riegle

22

23          Del and Ernestine Bunch ("Bunch") through their counsel the law firm of Santoro,

24  Driggs, Walch, Kearney, Johnson & Thompson, submit this response to USA Commercial

25  Mortgage Company's Objection to Proof of Claim No. 1099 filed by Del and Ernestine Bunch

26  ("Objection"). This response is brought on the following grounds and for the following reasons:

27          (1)    The Claim Objection Should be Held in Abeyance Pending Judgment in an

28  Avoidance Action;

06531-01/136060

Santoro, Driggs, Walch, Kearney, Johnson & Thompson
400 South Fourth Floor, Las Vegas, Nevada 89101
(702) 791-0308 – fax (702) 791-1912

(2)     The Bunches deny that all of the elements under Section 547(b) of the Bankruptcy Code to establish an avoidable preference have been met and request additional time to conduct discovery regarding disputed issues;

(3)     The Bunches contend that even if the elements of Section 547(b) had been satisfied, the February and March 2006 transfers were in payment of a debt incurred by the Debtor in the ordinary course of business for financial affairs of the Debtor and the transferee and that such transfers were made in the ordinary course of business for financial affairs of the Debtor and the transferee.

## I.    JURISDICTION

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157; that venue is appropriate under 28 U.S.C. §§ 1408 and 1409; and that this is a Court proceeding under 28 U.S.C. § 157.

## II.    PROCEDURAL HISTORY

2.     On April 13, 2006, ("Petition Date") USACM, USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with "DTDF", the "Funds"), and USA Securities, LLC ("USA Securities") (collectively the "Debtors"), filed Voluntary Petitions for Relief under Chapter 11 of the Bankruptcy Code.  USACM and the other Debtors continued to operate their businesses, if any, as Debtors in Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  The management duties of USACM are conducted by Thomas J. Allison of Mesirow Financial Intramanagement, LLC ("Mesirow") who serves as the President and Chief Restructuring Officer.

3.     On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest (the "Bar Date Order") (Dkt. No. 1280).  The Bar Date Order established 5:00 p.m., prevailing Pacific Time on November 13, 2006, as the deadline for creditors to file Proofs of Claim ("Bar Date").  The Court has extended the deadline for direct lenders to file Proofs of Claim to January 13, 2007.

. . .

- 2 -

[06531-01/136060]

**Santoro, Driggs, Walch, Kearney, Johnson & Thompson**
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 – fax (702) 791-1912

4.      Contrary to the allegations in the Claim Objection, the Bunches timely filed their Proof of Claim on November 8, 2006 ("Bunch Claim").    .  Attached as **Exhibit 1** to this Response is a copy of the Bunch Claim.  As is evidenced at the bottom of the Bunch Claim, the Proof of Claim was filed on November 8, 2006.  This fact is further supported by the Claims Register which is attached as **Exhibit 2**.  According to the Remarks section of the Claims Register the "[o]riginal proof of claim [was] received at BNC on 11/8/2006."[1]

5.      The Bunch Claim was filed as an unsecured nonpriority claim in the amount of $11,358,662.28.  The Bunch Claim is scheduled under the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization ("Plan") as a Class-A4 general unsecured claim against USACM. The Bunches are the largest unsecured creditor in Class-A4.

6.      On December 4, 2006, Bunch submitted a ballot rejecting the Debtors' Plan ("Bunch Ballot").  Attached and marked as **Exhibit 3** is a copy of the Ballot and the facsimile transmittal report confirming transmission of the Ballot to USACM.

7.      On December 11, 2006, USACM filed its objection to the Bunch Claim in order to prevent the Bunch Ballot from being tabulated for confirmation purposes.  In the Objection, USACM alleges that Bunch received avoidable preference transfers with 90 days of the Petition Date and seek to disallow the Bunch Claim in its entirety pursuant to Section 502(d) of the Bankruptcy Code [Dkt. No. 2023].

8.      USACM waited until the following day, December 12, 2006, to serve the Objection on Bunch by mail.

9.      On December 15, 2006, Bunch filed a Motion for Order Temporarily Allowing the Claim of Del and Ernestine Bunch for Voting Purposes ("Motion for Temporary Allowance") pursuant to a request for Order Shortening Time.  The Court initially set the hearing for December 19, 2006, at 9:30 a.m., subject to being continued [Dkt. No. 2124].  The hearing date and time was subsequently moved to December 20, 2006 at 1:30 p.m.

. . .

---

[1] In the claim objection, [Dkt No. 2023, p. 3, ln. 8] USACM misrepresents that Bunch filed their Proof of Claim on November 17, 2006.

[06531-01/136060]

10.    On December 18, 2006, Bunch filed a Supplement to Motion for Order Temporarily Allowing Claim for Voting Purposes consisting of a Supplemental Declaration of Del Bunch [Dkt. No. 2170].

11.    In the morning of December 20, 2006, USACM filed its Opposition to Motion for Temporary Allowance.

12.    At the hearing, the Court further continued matter to January 3, 2007, at 1:30 p.m. and established a briefing schedule.  Bunch was required to file their supplemental points and authorities and reference to the Bunch 2004 Examination transcript by 12:00 p.m. on December 28, 2006.  USACM was required to file its supplemental points and authorities by 5:00 p.m. on December 29, 2006.

13.    On December 28, 2006, the Bunches timely filed a Second Supplement to Motion for Temporary Allowance [Dkt. No. 2322], and Second Supplemental Declaration of Del Bunch [Dkt. No. 2325].

14.    On January 2, 2007, three days after the filing deadline, USACM filed its Supplemental Opposition to the Motion for Temporary Allowance [Dkt. No. 2336].

15.    On January 3, 2007, the Court denied the Bunches' Motion for Temporary Allowance.

### III.    STATEMENT OF RELEVANT FACTS

16.    Del Bunch is 79 years of age.  Ernestine Bunch is 77 years old.

17.    Prior to the Petition Date, Bunch loaned USACM $10,000,000.  The loan was made pursuant to the terms of a Promissory Note ("Note") dated June 26, 2000.[2]  Interest accrued on the Note Amount as of the last day of each month and monthly interest only payments were due on the tenth day of the following month.  Interest accrued on the outstanding portion of the Note Amount at the rate of twenty percent (20%) per annum.  This negotiated interest rate was less than Bunch was earning by working and loaning money directly to residential builders.  Supplemental Declaration of Del Bunch, p.2, ¶5 [Dkt. No. 2170].

---

[2] The Note is attached to the Bunch Proof of Claim.

Santoro, Driggs, Walch, Kearney, Johnson & Thompson
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 – fax (702) 791-1912

- 4 -

[06531-01/136060]

Santoro, Driggs, Walch, Kearney, Johnson & Thompson
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 ~ fax (702) 791-1912

18.    The Note matured by its own terms on or before the date that is one year after the last advance under the Note.

19.    Bunch loaned the maximum amount under the Note in 27 separate advances over a period of four years beginning in June 2000 and ending in February 2004.  Supplemental Declaration of Del Bunch, p.2, ¶6 [Dkt No. 2170]; see also Bunch 2004 Examination Transcript, p. 14, ll. 2-4 and Ex. E consisting of cancelled checks.  [Dkt No. 2211].

20.    Beginning in July 2000, USACM made regular monthly interest only payments to Bunch or on about the 10th day of every month.  The interest only payments for the months of July 2000 through May 2001 were made by USACM by monthly checks.  Beginning in June 2001 and continuing through March 2006, all remaining interest only payments by USACM were made by ACH transfer directly into the Bunch's bank account.  Second Supplemental Declaration of Del Bunch, p.2, ¶3 [Dkt No. 2325].  This payment history is supported by near six (6) years of banking records maintained by Bunch and attached to the 2004 examination of Del Bunch as Exhibits F and J through R.  Bunch 2004 Examination Transcript [Dkt No. 2211].

21.    The Note would have matured by its own terms in February 2005 with the entire indebtedness being due and owing; however, Bunch agreed to extend the maturity date for an additional year upon assessment of a later charge equal to five percent (5%) of the outstanding balance of the Note and accrual of interest during the extension period at the default rate of twenty-four percent (24%) per annum.  Bunch 2004 Examination Transcript, p.18, ll. 22-25; p.19, ll. 1-19 [Dkt No. 2211].

22.    This arrangement was acceptable to USACM and USACM continued to make regular monthly interest only payments on or about the tenth day of each month between February 2005 and January 2006 by ACH transfer directly into the Bunch's bank account.  Bunch 2004 Examination Transcript, Ex. R and J [Docket No. 2211].

23.    The Note would have matured by its own terms in February 2006, with the entire indebtedness being due and owing; however, Bunch agreed to further extend the maturity date for an additional year upon assessment of a later charge equal to five percent (5%) of the outstanding balance of the Note and accrual of interest during the extension period at the default

[06531-01/136060]

1    rate of twenty-four percent (24%) per annum.  Bunch 2004 Examination Transcript, p.18, ll. 22-

2    25; p.19, ll. 1-19 [Dkt No. 2211].

3        24.    Based upon USACM's agreement to this effect, the Note was again extended for

4    an additional one year.  USACM made regular monthly interest only payments for the months of

5    February and March 2006 and thereafter defaulted under the Note.  Bunch 2004 Examination

6    Transcript, Ex. K and L [Dkt No. 2211].

7        25.    USACM contends that the February and March 2006 interest only payments are

8    avoidable preferences and constitute the basis for disallowing the Bunch Proof of Claim in its

9    entirety pursuant to Section 502(d) of the Bankruptcy Code.

10                    **IV.    LEGAL ARGUMENT**

11   A.    The Claim Objection Should be Held in Abeyance Pending Judgment in an Avoidance
          Action.

12

13       26.    USACM objects to the Bunches' Claim pursuant to Section 502(d) of the

14   Bankruptcy Code on the grounds that the Bunches were alleged recipients of transfers from

15   USACM made within ninety (90) days prior to the petition date that are avoidable under Section

16   547(b) of the Bankruptcy Code as preferential transfers.  Based on this argument USACM seeks

17   to disallow the Bunch Claim in its entirety without commencing an avoidance action.

18       27.    Section 502(d) of the Bankruptcy Code states in relevant part as follows:

19               [T]he court shall disallow any claim of any entity from which
                 property is recoverable under Section ... 550... of this title or that
20               as a transferee of a transfer avoidable under section ... 547 ... of
                 this title, unless such entity or transferee has paid the amount, or
21               turned over any such property, for which such entity or transferee
                 is liable under section ... 550 ... of this title.
22

23       28.    The pursuit of an avoidable transfer under Section 547 of the Bankruptcy Code is

24   governed by Rule 7001 of the Federal Rules of Bankruptcy Procedure.  The Advisory Committee

25   Notes especially provides that Rule 7001, adversary proceedings, include proceedings brought to

26   avoid transfers under Section 547.  An adversary proceeding, of course, is commenced by the

27   filing of a complaint.  See Fed. R. Civ. P. 7003.

28

Santoro, Driggs, Walch, Kearney, Johnson & Thompson
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 – fax (702) 791-1912

- 6 -

[06531-01/136060]

**Santoro, Driggs, Walch, Kearney, Johnson & Thompson**
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 – fax (702) 791-1912

29.     In this case, USACM has not commenced an adversary proceeding to avoid a preferential transfer under Section 547(b) of the Bankruptcy Code or to recover such alleged avoidable transfers pursuant to Section 550; rather, USACM filed an objection to claim.  The objection to claim process may not be used to circumvent or replace the statutory framework governing avoidance actions.  This position is underscored by In re KF Dairies, Inc., 143 B.R. 734 (9th Cir. BAP 1992).

30.     In In Re KF Dairies, the appellees received payment from the debtor on certain antecedent debts after commencement of the case.  The statute controlling whether those transfers were avoidable is 11 U.S.C. § 549, but no actions under that section were ever commenced.  Appellees later filed claims against debtor's estate concerning other unpaid debts.  The Unsecured Creditors Committee objected to those claims on the grounds set forth in Section 502(d).  Appellees responded asserting that a transfer is not avoidable under Section 549 if an avoidance action cannot be maintained on account of a time bar.  The question presented to the court was whether an otherwise allowable claim is subject to a Section 502(d) objection based on a time barred Section 549 cause of action.

31.     The court spent considerable time discussing pre-bankruptcy code statutory provisions and case law addressing the issue.  This discussion was undertaken against a backdrop that the Bankruptcy Code is concerned chiefly with equality of distribution.  Id. at 737.  The court was particularly concerned that the avoidable payment and the bankruptcy distribution would allow a creditor to recover a greater portion of its original aggregate claim than other creditors and at the expense of other creditors.  Essentially what the court said in a time bar situation was that the creditor must then make a decision controlled by economic considerations: Whether to keep the avoidable transfer in lieu of a lesser distribution by the estate, or participate in a larger distribution from the estate based upon available assets.  Id. at 737, fn. 3.

32.     Importantly for our purposes, the court also addressed the situation where an avoidance action is not time barred.  In this regard the court stated as follows:

. . .

. . .

- 7 -

[06531-01/136060]

An avoidance action would support an objection to claim based on recoupment or setoff without resort to section 502(d). **The claim objection would assert that the estate's obligation on the claim should be reduced by the claimant's obligation under the judgment. A determination on the claim would be held in abeyance pending judgment in the avoidance action.** (Emphasis added.)

33.    The court continued by stating that when both an objection to claim and affirmative relief through an avoidance action are available to remedy an avoidable transfer, an action yielding affirmative relief should be pursued. Id. at 737.

34.    In this case, USACM, or its successor, is not time barred from pursuing an avoidance action against Bunch. Under these circumstances, USACM can not substitute the claim objection process for the avoidance action process. Consequently, as stated by the court in In re KF Dairies, the claim objection should be held in abeyance pending judgment in a properly filed avoidance action. [3]

B.    The Bunches Deny that All of the Elements Under Section 547(b) of the Bankruptcy Code to Establish an Avoidable Preference Have Been Met and Request Additional Time to Conduct Discovery Regarding Disputed Issues

35.    USACM contends that the February 2006 payment of $217,000.00 and the March 2006 payment in the amount of $196,000.00 are avoidable preferences. Bunch denies this allegation.

36.    Section 547(b) contains the elements of an avoidable transfer. Pursuant to Section 547(g), the debtor has the burden of proving the avoidability of a transfer under subsection (b) and the creditor or party in interest against whom recovery or avoidance is sought has the burden of proving the non-avoidability of the transfer under subsection (c). The Bunches acknowledge that the alleged transfers were to or for the benefit of a creditor, on account of an antecedent debt, made by the debtor within ninety days of the filing of the bankruptcy petition.

---

[3]    Under the confirmed Plan, it appears that the USACM Trust through the Liquidating Trustee is the proper entity to pursue the avoidance action, rather than USACM. Under the confirmed Plan, except as to any Litigation Claim released under the Plan, the USACM Trust through the Liquidating Trustee shall be the successor in interest to USACM with respect to any claim, right or litigation claim that was or could have been commenced by USACM prior to the Effective Date. Liquidating Trust Agreement, p.21 (Docket No. 2002). Under the confirmed Plan, "Litigation Claims" is a defined term and includes without limitation all Avoidance Actions. Plan, at p.14 (Docket No. 1799).

Santoro, Driggs, Walch, Kearney, Johnson & Thompson
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 - fax (702) 791-1912

- 8 -

[06531-01/136060]

1    Therefore, the elements under Section 547(b)(1)(2) or (4)(A) are not at issue.

2          37.    However, the Bunches do not have sufficient information upon which to form a

3    belief as to whether USACM was insolvent on the date the transfers were made, as required by

4    Section 547(b)(3); or whether the transfers enabled Bunch to receive more than they would

5    receive if the case were converted to a case under Chapter 7; the transfer had not been made; and

6    the Bunches received payment of such debt to the extent provided by the provisions of the

7    Bankruptcy Code, as required by Section 547(b)(5).  Given the fact that Bunch does not have

8    sufficient information upon which to admit or deny these elements of an avoidable transfer, the

9    same are denied and Bunch requests sufficient time to conduct discovery concerning these

10   elements.

11   C.    The Bunches Contend that the Ordinary Course of Business Exception Found in Section
         547(c)(2) Prohibits Recovery of an Otherwise Avoidable Transfer

12

13         38.    To the extent the Court concludes that USACM has satisfied all of the elements of

14   Section 547(b) with respect to the February and March 2006 transfers, Bunch contends that the

15   transfers fall within the ordinary course of business exception found in Section 547(c)(2) of the

16   Bankruptcy Code.   Consequently, Bunch's claim may not be disallowed pursuant to Section

17   502(d).  This is particularly important where the likely distribution under the confirmed Plan

18   may very well exceed the alleged avoidable transfers received by Bunch and disallowance of the

19   Bunch claim in its entirety would be contrary to the chief bankruptcy code concern of equal

20   distribution.   Bunch previously submitted extensive briefing regarding the ordinary course of

21   business exception under Section 547(c)(2) in conjunction with their Motion for Temporary

22   Allowance of Claim.[4]   In the interest of brevity and to avoid repetition, Bunch incorporates by

23   reference these legal points and authorities in response to the Claim Objection, rather than

24   _____

[4] Motion for Order Temporarily Allowing Claim of Del and Ernestine Bunch for Voting Purposes, (Docket. No.
25   2124); Declaration of Del Bunch, (Docket. No. 2131); Supplement to Motion for Order Temporarily Allowing the
     Claim of Del and Ernestine Bunch for Voting Purposes, (Docket. No. 2166); Supplemental Declaration of Del
26   Bunch, (Docket. No. 2170); Reply in Support of Motion for Order Temporarily Allowing the Claim of Del and
     Ernestine Bunch for Voting Purposes, (Docket. No. 2216); Second Supplement to Motion for Order Temporarily
27   Allowing the Claim of Del and Ernestine Bunch for Voting Purposes, (Docket. No. 2322); Second Supplemental
     Declaration of Del Bunch, (Docket. No. 2325).

28

Santoro, Driggs, Walch, Kearney, Johnson & Thompson
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 – fax (702) 791-1912

[06531-01/136060]

1    restating in this Response those same points and authorities. Bunch also believes that there may

2    be a good faith basis for the affirmative defense that the transaction with USACM was according

3    to ordinary business terms under Section 547(c)(2)(B) and need an opportunity to pursue this

4    avenue. However, this does not end the matter.

5        39.    Bunch did not have the opportunity to conduct its own discovery during the

6    course of the expedited Motion for Temporary Allowance process concerning the business

7    operations of USACM. For example and without limitation, Bunch does not know where the

8    loan proceeds were deposited by USACM, although Bunch is informed and believes that with

9    perhaps one exception, all loan proceeds were deposited into the general operating account.

10   Bunch does not know how USACM used the loan proceeds. Bunch does not know how

11   USACM conducted its business affairs in order to demonstrate what was ordinary in its business

12   or financial affairs, particularly as this pertains to borrowing funds from third parties, utilization

13   of such funds in joint ventures or other development and repayment of those funds. Bunch does

14   not know the source from which the alleged transfers were made and whether such payments

15   were in fact made in violation of state law. All of these areas, and others, are subjects for

16   discovery. This includes written discovery as well as the taking of depositions from individuals

17   most knowledgeable on these and other subjects. Bunch also needs sufficient time to potentially

18   retain an expert to evaluate relevant evidence in order to provide expert testimony concerning

19   ordinary business and financial affairs issues in support of the ordinary course of business

20   defense pursuant to Section 547(c).

21       40.    Discovery is particularly important where USACM continued to raise new

22   arguments in its filings with the Court and in oral argument at the hearing on the Motion for

23   Temporary Allowance. For example, USACM stated in its Supplemental Opposition to Motion

24   for Temporary Allowance that USACM's transaction with Bunch was atypical and outside of the

25   ordinary course of USACM's business. <u>Supplemental Opposition</u>, pp. 3-7 (Docket No. 2336).

26   USACM also argued in its Supplemental Opposition for the first time that USACM engaged in a

27   "*Ponzi*-like" scheme and that Bunch's loan was used to continue the scheme. <u>Supplemental</u>

28

Santoro, Driggs, Walch, Kearney, Johnson & Thompson
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 – fax (702) 791-1912

- 10 -

[06531-01/136060]

Santoro, Driggs, Walch, Kearney, Johnson & Thompson
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 – fax (702) 791-1912

Opposition, p.6 (Docket No. 2336).[5]   After making these unsupported statements, USACM argued that payments made in furtherance of a ponzi scheme can not be in the ordinary course of business.   It is hardly surprising that Bunch did not present any evidence to counter these unsupported allegations where the Supplemental Opposition was not filed until the morning of January 2, 2007, just one day before the hearing on the Motion for Temporary Allowance. Because of the expedited nature of the Motion for Temporary Allowance occasioned by USACM filing its objection only days before the scheduled Confirmation Hearing, the only discovery conducted in the case was a 2004 examination of Mr. Bunch on less than 48 hours notice.

Moreover, as repeatedly stated by USACM at the hearing, the matter before the Court on January 3, 2007, was "simply" to determine whether Bunch's Claim should be allowed for voting purposes.   It was not a proceeding to disallow the claim in its entirety:  a significantly different proceeding in terms of substance and magnitude.

## V.   CONCLUSION

Bunch denies that it received an avoidable preference and that their claim should be denied in its entirety pursuant to Section 502(d).  Bunch further requests that the claim objection be held in abeyance while the appropriate adversary proceeding is commenced and concluded.

DATED this 5th day of January, 2007.

SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON

_Richard F. Holley_
Richard F. Holley, Esq. (NV Bar No. 3077)
Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:702/791-0308/Fax:    702/791-1912
_Attorneys for Del and Ernestine Bunch_

---

[5]  The cases cited by USACM in support of its ponzi scheme theory are not factually similar and therefore inapplicable.  Bunch was not an investor; Bunch was a lender.  This is a critical distinction.  There is no evidence to suggest otherwise, but only evidence supporting Bunch's lender status.

- 11 -

[06531-01/136060]

# EXHIBIT "1"

COPY

## PROOF OF CLAIM

**YOUR CLAIM IS SCHEDULED AS**

Schedule/Claim ID    #367

Amount/Classification

$10,600,000.00 Unsecured

**Name of Debtor:**

**USA Commercial Mortgage Company**

**Case Number:**

06-10725-LBR

NOTE: See Reverse for List of Debtors and Case Numbers. This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor and Address:**

DEL AND ERNESTINE BUNCH
1909 RED ROBIN CT
LAS VEGAS, NV 89184-6157

11321240009643

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court or BMC Group in this case.

☐ Check box if this address differs from the address on the envelope sent to you by the court.

The amounts reflected above constitute your claim as scheduled by the Debtor or pursuant to a filed claim. If you agree with the amounts set forth herein, and have no other claim against the Debtor, you do not need to file this proof of claim EXCEPT as stated below.

If the amounts shown above are listed as Contingent, Unliquidated or Disputed, a proof of claim must be filed.

If you have already filed a proof of claim with the Bankruptcy Court or BMC, you do not need to file again.

Creditor Telephone Number (702) 240-4400

Last four digits of account or other number by which creditor identifies debtor: R-007

☐ Check here ☐ replaces ☐ amends a previously filed claim dated: _____
if this claim ☐ or

**THIS SPACE IS FOR COURT USE ONLY**

**1. BASIS FOR CLAIM**

☐ Goods sold
☐ Services performed
☒ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other (describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #: _____
Unpaid compensation for services performed from: _____ to _____
(date)    (date)

☐ Unremitted principal
☐ Other (charges against service (not for loan balances)

**2. DATE DEBT WAS INCURRED:** VARIOUS

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**UNSECURED NONPRIORITY CLAIM** $ 11,358,662.28
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**SECURED PRIORITY CLAIM**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority    $ _____

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,000)*, earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**SECURED CLAIM**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of collateral:
☐ Real Estate    ☐ Motor Vehicle    ☐ Other

Value of Collateral:    $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $ _____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) (___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. TOTAL AMOUNT OF CLAIM**    $ 11,358,662.28  $ _____ _____    $ 11,358,662.28
**AT TIME CASE FILED:**    (unsecured)    (secured)    (priority)    (Total)

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. SUPPORTING DOCUMENTS:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. DATE-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

The original of this completed proof of claim form must be sent by mail or hand delivered (FAXES NOT ACCEPTED) so that it is actually received on or before 5:00 pm, prevailing Pacific time, on November 13, 2006 for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units).

BY MAIL TO:
BMC Group
Attn: USACM Claims Docketing Center
P.O. Box 911
El Segundo, CA 90245-0911

BY HAND OR OVERNIGHT DELIVERY TO:
BMC Group
Attn: USACM Claims Docketing Center
1530 East Franklin Avenue
El Segundo, CA 90245

**THIS SPACE FOR COURT USE ONLY**

USA CMO

1072501005

11-07-06

SIGN and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

Del E Bunch

FILED NOV 08 20...

Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 AND 3571

**Ernestine & Del Bunch dba Loan Parters Capital**

R-007 interest & additional charges for USACM bankruptcy
All charges pre-petition

| REASON | DATE INCURRED | AMOUNT |
|---|---|---|
| Loan late fee | 2/5/2006 | 525,000.00 |
| Feb 06 interest unpaid | 3/1/2006 | 8,050.00 |
| March 06 interest unpaid | 4/1/2006 | 228,016.37 |
| April 06 interest unpaid (to petition date) | 5/1/2006 | 97,595.91 |
| | | 858,662.28 |

# USA COMMERCIAL MORTGAGE

#R-007
USA CM

### $10,500,000.00 @ 24% for 1 year

### Due 02/5/06

| NOTES | DATE FROM | TO | PRINCIPAL BALANCE | # OF DAYS | DAILY RATE | INTEREST DUE | PAYMENT RECEIVED | Debit/Credit PRINCIPAL |
|---|---|---|---|---|---|---|---|---|
| 5%ext fee | 02/01/05 | 02/05/05 | 10,000,000.00 | 6 | 5555.5556 | 33,333.33 | | 500,000.00 |
| | 02/06/05 | 02/28/05 | 10,500,000.00 | 22 | 7000.0000 | 154,000.00 | | |
| | | | | | | 187,333.33 | 187,333.33 | |
| | 03/01/05 | 03/31/05 | 10,500,000.00 | 31 | 7000.0000 | 217,000.00 | 217,000.00 | |
| | 04/01/05 | 04/30/05 | 10,500,000.00 | 30 | 7000.0000 | 210,000.00 | 210,000.00 | |
| | 05/01/05 | 05/31/05 | 10,500,000.00 | 31 | 7000.0000 | 217,000.00 | 217,000.00 | |
| | 06/01/05 | 06/30/05 | 10,500,000.00 | 30 | 7000.0000 | 210,000.00 | 210,000.00 | |
| | 07/01/05 | 07/31/05 | 10,500,000.00 | 31 | 7000.0000 | 217,000.00 | 217,000.00 | |
| | 08/01/05 | 08/31/05 | 10,500,000.00 | 31 | 7000.0000 | 217,000.00 | 217,000.00 | |
| | 09/01/05 | 09/30/05 | 10,500,000.00 | 30 | 7000.0000 | 210,000.00 | 210,000.00 | |
| | 10/01/05 | 10/31/05 | 10,500,000.00 | 31 | 7000.0000 | 217,000.00 | 217,000.00 | |
| | 11/01/05 | 11/30/05 | 10,500,000.00 | 30 | 7000.0000 | 210,000.00 | 210,000.00 | |
| | 12/01/05 | 12/31/05 | 10,500,000.00 | 31 | 7000.0000 | 217,000.00 | 217,000.00 | |
| | 01/01/06 | 01/31/06 | 10,500,000.00 | 31 | 7000.0000 | 217,000.00 | 217,000.00 | |
| due 2/5/06 | 02/01/06 | 02/05/06 | 10,500,000.00 | 5 | 7000.0000 | 35,000.00 | 196,000.00 | |
| 5% late fee | 02/05/06 | | | | | | | 525,000.00 |
| | 02/06/06 | 02/28/06 | 11,025,000.00 | 23 | 7350.0000 | 169,050.00 | | |
| | | | | | | 204,050.00 | 196,000.00 | 8,050.00 |
| | 03/01/06 | 03/31/06 | 11,033,050.00 | 31 | 7355.3667 | 228,016.37 | | 228,016.37 |
| | 04/01/06 | 04/13/06 | 11,261,066.37 | 13 | 7507.3776 | 97,595.91 | | 97,595.91 |
| | | | 11,358,662.28 | | 7572.4415 | 0.00 | | |

# PROMISSORY NOTE

**$10,000,000.00**

Las Vegas, Nevada
June 26, 2000

This Promissory Note ("Note"), dated as of June 26, 2000, is made and delivered by USA Commercial Mortgage Company, a Nevada corporation ("Borrower"), in favor of Del and Ernestine Bunch ("Lender").

FOR VALUE RECEIVED, Borrower promises to pay to Lender, or order, the principal sum of up to Ten Million Dollars ($10,000,000.00) (the "Note Amount"), together with interest as provided herein. This Note evidences advances made pursuant hereto and evidenced by Exhibit "A" hereto as to the date and amount of each advance, shall bear interest at the rate set forth below from the date of advance, and shall be due in full on the Maturity Date (as defined below). Borrower is under no obligation to accept any further advances from Lender.

1.    <u>Interest Rate</u>.  Interest shall accrue on the outstanding portion of the Note Amount, from the date Lender initially disburses such funds until the date the Note Amount is paid in full, at the rate of twenty percent (20%) per annum.  Interest shall be calculated on the basis of a 360-day year and actual days elapsed.

2.    <u>Payments</u>. Interest accrued on the Note Amount as of the last day of each month shall be due and payable on the tenth day of the next following month.  All payments shall be made in lawful money of the United States of America and in immediately available funds at Lender's office, the address for which is specified below, or at such other place as the Lender hereof may from time to time direct by written notice to Borrower.

3.    <u>Maturity Date</u>.  If not sooner paid, the outstanding principal balance under this Note, all accrued and unpaid interest, and all other indebtedness of Borrower owing under any and all of the Loan Documents shall be due and payable in full on or before the date that is one year after the last advance is made hereunder. (the "Maturity Date").

4.    <u>Application of Payments</u>.  All payments on this Note shall, at the option of the Lender hereof, be applied first to the payment of accrued interest then payable.

5.    <u>Prepayment</u>. At any time prior to the Maturity Date, Borrower may prepay this Note in full or in part, provided, however, that Borrower shall pay a minimum of six months interest on each advance made hereunder, regardless of whether, with respect to any advance, such advance has not yet been outstanding for six months at the time of prepayment.

6.    <u>Collateral</u>.  This Note is secured by one or more collateral assignments of deeds of trust.

-1-

7.    <u>Defaults; Acceleration</u>.  The occurrence of any Event of Default (as hereinafter defined) shall be a default hereunder.  Upon the occurrence of an Event of Default, Lender may declare the entire principal balance of the Note then outstanding (if not then due and payable) and all other obligations of Borrower hereunder to be due and payable immediately.  Subject to the applicable provisions of law, upon any such declaration, the principal of the Note and accrued and unpaid interest, and all other amounts to be paid under this Note shall become and be immediately due and payable, anything in this Note to the contrary notwithstanding.

The occurrence of any one or more of the following, whatever the reason therefor, shall constitute an "Event of Default" hereunder:

(a)    Borrower shall fail to pay any amount due pursuant to the Note; or

(b)    Borrower or any guarantor ("Guarantor") of the Note shall fail to perform or observe any term, covenant or agreement contained in the Note or any guaranty executed and delivered concurrently herewith on its part to be performed or observed, other than the failure to make a payment covered by subsection (a), and such failure shall continue uncured as of the earlier of thirty (30) calendar days after the occurrence of such failure or ten (10) calendar days after written notice of such failure is given by Lender to Borrower (the cure period set forth in this subsection (b) shall not apply to any other Event of Default); or

(c)    any representation or warranty contained in any document made or delivered pursuant to or in connection with this Note proves incorrect or to have been incorrect in any material respect when made; or

(d)    Borrower (which term shall include any entity comprising Borrower) is dissolved or liquidated, or otherwise ceases to exist, or all or substantially all of the assets of Borrower or any Guarantor are sold or otherwise transferred without Lender's written consent; or

(e)    Borrower or any Guarantor is the subject of an order for relief by the bankruptcy court, or is unable or admits in writing its inability to pay its debts as they mature, or makes an assignment for the benefit of creditors; or Borrower or any Guarantor applies for or consents to the appointment of any receiver, trustee, custodian, conservator, liquidator, rehabilitator or similar officer ("Receiver"); or any Receiver is appointed without the application or consent of Borrower or any Guarantor, as the case may be, and the appointment continues undischarged or unstayed for thirty (30) calendar days; or Borrower or any Guarantor institutes or consents to any bankruptcy, insolvency, reorganization, arrangement, readjustment of debt, dissolution, custodianship, conservatorship, liquidation, rehabilitation or similar proceedings relating to it or to all or any part of its property under the laws of any jurisdiction; or any similar proceeding is instituted without the consent of Borrower or any Guarantor, as the case may be, and continues undismissed or unstayed for thirty (30) calendar days; or any judgment, writ, attachment, execution or similar process is issued or levied against all or any part of the Property or Borrower or any Guarantor, and is not released, vacated or fully bonded within thirty (30) calendar days after such issue or levy; or

-2-

(f)    there shall occur a material adverse change in the financial condition of Borrower or any Guarantor from their respective financial conditions as of the date of this Note, as determined by Lender in its reasonable discretion; or

(g)    this Note or any Guaranty of it, at any time after its execution and delivery and for any reason other than the agreement of Lender or the satisfaction in full of all indebtedness and obligations of Borrower under this Note, ceases to be in full force and effect or is declared to be null and void by a court of competent jurisdiction; or Borrower or any trustee, officer, director, shareholder or partner of any entity comprising Borrower or any Guarantor claims that this Note or any Guaranty of it is ineffective or unenforceable, in whole or in part, or denies any or further liability or obligation under them, unless all indebtedness and obligations of Borrower thereunder have been fully paid and performed; or

(h)    an Event of Default shall occur under any other loan made by Lender to Borrower.

8.    Late Charge.  Borrower acknowledges that if any interest payment is not made when due or if the entire amount due under this Note is not paid by the Maturity Date, the Lender hereof will incur extra administrative expenses (i.e., in addition to expenses incident to receipt of timely payment) and the loss of the use of funds in connection with the delinquency in payment.  Because the actual damages suffered by the Lender hereof by reason of such extra administrative expenses and loss of use of funds would be impracticable or extremely difficult to ascertain, Borrower agrees that five percent (5%) of the amount so delinquent shall be the amount of damages to which such Lender is entitled, upon such breach, in compensation therefor.  Therefore, Borrower shall, in the event any payment required under this Note is not paid within five (5) days after the date when such payment becomes due and payable, without further notice, pay to the Lender hereof as such Lender's sole monetary recovery to cover such extra administrative expenses and loss of use of funds, liquidated damages in the amount of five percent (5%) of the amount of such delinquent payment.  The provisions of this paragraph are intended to govern only the determination of damages in the event of a breach in the performance of the obligation of Borrower to make timely payments hereunder.  Nothing in this Note shall be construed as an express or implied agreement by the Lender hereof to forbear in the collection of any delinquent payment or in exercising any of its rights and remedies under this Note or any Guaranty of it, or be construed as in any way giving Borrower the right, express or implied, to fail to make timely payments hereunder, whether upon payment of such damages or otherwise.  The right of the Lender hereof to receive payment of such liquidated and actual damages, and receipt thereof, are without prejudice to the right of such Lender to collect such delinquent payments and any other amounts provided to be paid hereunder or under any security for this Note or to declare a default hereunder or under any security for this Note.

9.    Default Rate.  From and after the Maturity Date or the date which is five (5) days after the occurrence of any Event of Default, through and including the date such default is cured, at the option of the Lender hereof, all amounts owing under the Note and all sums owing under all of the Loan Documents shall bear interest at a default rate equal to twenty-four percent

-3-

(24%) per annum ("Default Rate"). Such interest shall be paid on the tenth day of each month thereafter, or on demand if sooner demanded.

10.    <u>Waivers</u>.  Borrower waives any right of offset it now has or may hereafter have against the Lender hereof and its successors and assigns.  Borrower waives presentment, demand, protest, notice of protest, notice of nonpayment or dishonor and all other notices in connection with the delivery, acceptance, performance, default or enforcement of this Note. Borrower expressly agrees that any extension or delay in the time for payment or enforcement of this Note, to renewal of this Note and to any substitution or release of the Property, all without any way affecting the liability of Borrower hereunder.  Any delay on Lender's part in exercising any right hereunder or under any Guaranty of this Note shall not operate as a waiver.  Lender's acceptance of partial or delinquent payments or the failure of Lender to exercise any rights shall not waive any obligation of Borrower or any right of Lender, or modify this Note, or waive any other similar default.

11.    <u>Costs of Collection</u>.  Borrower agrees to pay all costs of collection when incurred and all costs incurred by the Lender hereof in exercising or preserving any rights or remedies in connection with the enforcement and administration of this Note or following a default by Borrower, including but not limited to actual attorneys' fees.  If any suit or action is instituted to enforce this Note, Borrower promises to pay, in addition to the costs and disbursements otherwise allowed by law, such sum as the court may adjudge reasonable attorneys' fees in such suit or action.

12.    <u>Usury</u>.  Borrower hereby represents that this loan is for commercial use and not for personal, family or household purposes.  It is the specific intent of the Borrower and Lender that this Note bear a lawful rate of interest, and if any court of competent jurisdiction should determine that the rate herein provided for exceeds that which is statutorily permitted for the type of transaction evidenced hereby, the interest rate shall be reduced to the highest rate permitted by applicable law, with any excess interest theretofore collected being applied against principal or, if such principal has been fully repaid, returned to Borrower upon written demand.

13.    <u>Notices</u>.  All notices to be given pursuant to this Note shall be sufficient if given by personal services, by guaranteed overnight delivery services, by telex, telecopy or telegram or by being mailed postage prepaid, certified or registered mail, return receipt requested, to the described addresses of the parties hereto as set forth below, or to such other address as a party may request in writing.  Any time period provided in the giving of any notice hereunder shall commence upon the date of personal service, the date after delivery to the guaranteed overnight delivery service, the date of sending the telex, telecopy or telegram or two (2) days after mailing certified or registered mail.

LENDER'S ADDRESS:          Del Bunch
                          1909 Red Robin Court
                          Las Vegas, Nevada 89134

-4-

**BORROWER'S ADDRESS:**      USA Commercial Mortgage Company
4484 South Pecos Road
Las Vegas, Nevada  89121
Attn. Thomas A. Hantges

14.    <u>Assignment By Lender</u>.  Lender may assign its rights hereunder or obtain participants in this Note at any time, and any such assignee, successor or participant shall have all rights of the Lender hereunder.

15.    <u>Multiple Parties</u>.  A default on the part of any one entity comprising Borrower or any Guarantor of this Note shall be deemed a default on the part of Borrower hereunder.

16.    <u>Construction</u>.  This Note shall be governed by and construed in accordance with the laws of the State of Nevada.  This Note and all security documents and guaranties executed in  connection with this Note have been reviewed and negotiated by Borrower, Lender and Guarantors at arms' length with the benefit of or opportunity to seek the assistance of legal counsel and shall not be construed against either party.  The titles and captions in this Note are inserted for convenience only and in no way define, limit, extend, or modify the scope of intent of this Note.

17.    <u>Partial Invalidity</u>.  If any section or provision of this Note is declared invalid or unenforceable by any court of competent jurisdiction, said determination shall not affect the validity or enforceability of the remaining terms hereof.  No such determination in one jurisdiction shall affect any provision of this Note to the extent it is otherwise enforceable under the laws of any other applicable jurisdiction.

18.    <u>Venue</u>.  The venue of any action brought in connection with this Note shall be laid in Clark County, Nevada.

**BORROWER:** USA Commercial Mortgage Company

Joseph D. Milanowski, President

-5-

# EXHIBIT "2"

# District of Nevada
# Claims Register

## 06-10725-lbr USA COMMERCIAL MORTGAGE COMPANY

**Judge:** LINDA B. RIEGLE     **Chapter:** 11

**Office:** Las Vegas     **Last Date to file claims:** 11/13/2006

**Trustee:**     **Last Date to file (Govt):**

| Creditor:<br>DEL AND ERNESTINE BUNCH<br>1909 RED ROBIN CT<br>LAS VEGAS NV 89134-6157 | Claim No: 1099<br>Filed: 11/17/2006<br>Entered: 11/17/2006 | Status:<br>Filed by: CR<br>Entered by: BMC GROUP, INC. (2)<br>Modified: |
|---|---|---|

Unsecured claimed: $11358662.28

**Total**     **claimed: $11358662.28**

*History:*

⊙ 1099-1 11/17/2006 Claim #1099 filed by DEL AND ERNESTINE BUNCH , total amount claimed: $11358662.28 (BMC GROUP, INC. (2))

*Description:*

*Remarks:* (1099-1) Original proof of claim received at BMC on 11/8/2006

## Claims Register Summary

**Case Name:** USA COMMERCIAL MORTGAGE COMPANY
**Case Number:** 06-10725-lbr
**Chapter:** 11
**Date Filed:** 04/13/2006
**Total Number Of Claims:** 1

| | Total Amount Claimed | Total Amount Allowed |
|---|---|---|
| **Unsecured** | $11358662.28 | |
| **Secured** | | |
| **Priority** | | |
| **Unknown** | | |
| **Administrative** | | |
| **Total** | $11358662.28 | $0.00 |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/15/2006 10:51:43 | | | |
| **PACER<br>Login:** | jd0221 | **Client<br>Code:** | 06136-01-VLN |
| | | | 06-10725-lbr Claim Number<br>From: 1099 Claim Number To: |

# EXHIBIT "3"

Class A-4 General Unsecured
10725-01099

**Item 1.** **Amount of your Class A-4 General Unsecured Claim Against USACM**

Name of Holder: **DEL & ERNESTINE BUNCH**

Amount as of the November 6, 2006 Voting Record Date: $11,358,662.28

**Item 2.** **Vote – Acceptance or Rejection of the Plan:** The Holder of the Class A-4 General Unsecured Claim Against USACM as set forth in Item 1 votes with respect to the proposed treatment of its Claim against the Debtors as follows (check one box only):

| ☐ to **ACCEPT** the Plan | ☒ to **REJECT** the Plan |
|---|---|

**Item 3.** **Certifications:** By returning this Ballot, the undersigned certifies and/or acknowledges that:

- the Holder of the A-4 General Unsecured Claim Against USACM set forth in Item 1 above has been provided with a copy of the Disclosure Statement, including the Plan;

- the Holder of the A-4 General Unsecured Claim Against USACM set forth in Item 1 above has full power and authority to vote to accept or reject the Plan;

- the Holder of the A-4 General Unsecured Claim Against USACM set forth in Item 1 above has voted to accept or reject the Plan as set forth in Item 2 above;

- this solicitation of Plan acceptances is subject to all the terms and conditions set forth in the Disclosure Statement and the Plan; and

- By signing and returning this Ballot, the undersigned certifies that (i) this Ballot has been executed on behalf of an entity or individual and (ii) the undersigned has full power and authority to execute this Ballot on behalf of such entity or individual:

Dated: *12 - 04 - 06*

DEL & ERNESTINE BUNCH
1909 RED ROBIN CT
LAS VEGAS, NV 89134-6157

Name: *DEL AND ERNESTINE L. BUNCH*
    (Print or Type)
Signature: *x DEL BunCh - Ernestine L Bunc*

By: _____
    (If Appropriate)

Title: _____
    (If Appropriate)

Telephone Number: *(702) 228 -*

Street Address: *1909 RED ROBIN CT,*

City, State and Zip Code: *LV, NV, 89134*

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT TO
BMC GROUP IN THE ENVELOPE PROVIDED OR VIA FACSIMILE AS INSTRUCTED.**

**THE VOTING DEADLINE IS DECEMBER 11, 2006 AT 4:00 P.M. PREVAILING PACIFIC TIME.**

**ALL BALLOTS MUST BE RECEIVED BY THE VOTING DEADLINE.**

22683

12/06/2006 13:03 FAX 001

```
*****************************
***   ACTIVITY REPORT   ***
*****************************
```

| ST. TIME | DESTINATION TEL/ID | NO. | MODE | | PGS. | RESULT | |
|---|---|---|---|---|---|---|---|
| 12/04 16:00 | 702  228 2279 | 7605 | AUTO RX | ECM | 2 | OK | 00'23 |
| 12/04 16:06 | 18669041778 | 0793 | TRANSMIT | ECM | 1 | OK | 00'30 |
| 12/04 16:08 | 18669041778 | 0794 | TRANSMIT | ECM | 1 | OK | 00'36 |
| 12/05 09:38 | 702  228 2279 | 7606 | AUTO RX | ECM | 3 | OK | 00'51 |
| 12/05 09:50 | 702  228 2279 | 7607 | AUTO RX | ECM | 16 | OK | 03'24 |
| 12/05 10:04 | 702  228 2279 | 7808 | AUTO RX | ECM | 7 | OK | 01'37 |
| 12/05 11:47 | 702  228 2279 | 7609 | AUTO RX | ECM | 2 | OK | 00'34 |
| 12/05 14:11 | 702  228 2279 | 7610 | AUTO RX | ECM | 2 | OK | 00'27 |
| 12/05 17:08 | 702  228 2279 | 7611 | AUTO RX | ECM | 1 | OK | 00'24 |
| 12/05 17:15 | 702  228 2279 | 7612 | AUTO RX | ECM | 1 | OK | 00'29 |
| 12/05 18:51 | 702  228 2279 | 7613 | AUTO RX | ECM | 1 | OK | 00'22 |
| 12/05 18:53 | 702  228 2279 | 7614 | AUTO RX | ECM | 1 | OK | 00'19 |
| 12/05 19:04 | 702  228 2279 | 7615 | AUTO RX | ECM | 1 | OK | 00'24 |
| 12/05 19:27 | 702  228 2279 | 7616 | AUTO RX | ECM | 1 | OK | 00'30 |
| 12/06 09:28 | 702  228 2279 | 7617 | AUTO RX | ECM | 2 | OK | 00'29 |
| 12/06 09:37 | 702  228 2279 | 7618 | AUTO RX | ECM | 20 | OK | 04'32 |
| 12/06 10:10 | 702  228 2279 | 7619 | AUTO RX | ECM | 8 | OK | 01'24 |
| 12/06 10:24 | 702  228 2279 | 7620 | AUTO RX | ECM | 1 | OK | 00'29 |
| 12/06 10:56 | 702  228 2279 | 7621 | AUTO RX | ECM | 2 | OK | 00'25 |
| 12/06 13:00 | 702 658 2502 | 7622 | AUTO RX | ECM | 25 | OK | 03'01 |