Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
Attorneys for Debtors and Debtors-in-Possession

E-FILED on January 10, 2007

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
|---|---|
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | USA COMMERCIAL MORTGAGE COMPANY'S OBJECTION TO APPLICATION FOR COMPENSATION FOR EXPENSES AND FOR SERVICES RENDERED FILED BY CALLISTER & REYNOLDS<br><br>(Affects USA Commercial Mortgage Company)<br><br>Date:   January 31, 2007<br>Time:  9:30 a.m. |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | |

P:\USA Commercial Mortgage\Pleadings\Fee Application\First Applications For Fees\Objection to PDG fee app.DOC - 1 -

USA Commercial Mortgage Company ("USACM"), by and through its counsel, hereby objects to the Application for Compensation for Expenses and for Services Rendered ("Application") filed by Callister & Reynolds, as attorneys for Project Disbursement Group, Inc. ("PDG"), and states as follows:

## POINTS AND AUTHORITIES

### I.     FACTUAL BACKGROUND

1. On April 13, 2006 (the "Petition Date"), USACM, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC, USA Capital Realty Advisors, LLC, and USA Securities LLC (collectively the "Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code. All five of the Debtors' bankruptcy cases are being jointly administered [Docket No. 184].

2. Prior to the Petition Date, USACM, PDG, and certain borrowers had entered into written agreements entitled "Control Account Escrow Agreement and Security Agreement" ("Escrow Agreements"). PDG and USACM had also entered into written agreements entitled "Agreement for Construction Control Services" ("Control Services Agreements," and collectively with the Escrow Agreements the "Agreements"). Through these Agreements, PDG was established as the disbursement agent for USACM and, in some instances, for certain borrowers, in connection with loans USACM originated and serviced. PDG is not a creditor of any of the Debtors.

3. After the Petition Date, PDG, without justification, temporarily ceased disbursing interest payments to USACM, which greatly impaired USACM's ability as debtor-in-possession to conduct its operations in the ordinary course of business. PDG apparently believed that the filing of the Debtors' bankruptcy petitions suspended its obligations under the Agreements until the Court instructed it how to proceed.

4. After extensive negotiations, USACM and PDG entered into a stipulation ("Stipulation") whereby PDG agreed to continue making disbursements to USACM. The Stipulation was submitted to the Court who requested that the Stipulation be forwarded to and signed by the United States Trustee and the four different committees that have been appointed in

the Debtors' cases (the "Committees").

5. USACM forwarded the Stipulation to the United States Trustee and the Committees. The United States Trustee signed the Stipulation, but before the Committees responded, PDG filed an emergency motion ("Emergency Motion") without advance notice to USACM seeking a comfort order from the Court in which it sought direction on whether it should abide by the Stipulation it had just reached with USACM [Docket No. 324].

6. The Court entered an order approving the Emergency Motion on June 29, 2006 [Docket No. 816].

7. On December 26, 2006, Callister & Reynolds, on its own behalf (and not on behalf of PDG), filed the Application seeking compensation for its expenses under § 503(b)(3)(D) and fees under § 503(b)(4) [Docket No. 2276].

## II.   MEMORANDUM OF LAW

The Court should deny the Application in its entirety. PDG is not one of the enumerated entities under 11 U.S.C. § 503(b)(3)[1] that qualifies for reimbursement of expenses. For that reason, PDG does not qualify for reimbursement of its attorney fees under § 503(b)(4) either. Regardless, PDG did not substantially contribute to USACM's estate, and Callister & Reynolds cannot request compensation on its own behalf. Only PDG can seek reimbursement for its expenses, which it has not done.

### A.   PDG Does Not Qualify as an Entity Entitled to an Administrative Expense under Either § 503(b)(3) or (4)

As admitted in the Application, PDG is not an entity that is entitled to an administrative expense under either § 503(b)(3) or (4). Callister & Reynolds requests compensation for its expenses under § 503(b)(3)(D), which states that an estate's administrative expenses may include:

> (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by –
> (D) a *creditor, indenture trustee, an equity security holder, or a committee representing creditors or equity security holders* other than one appointed under section 1102 of this title, in making a *substantial contribution* in a case under chapter 9 or 11 of this title.

---

[1] Unless otherwise indicated, all statutory references herein refer to title 11 of the United States Code.

(emphasis added). Section 503(b)(3)(D) clearly limits administrative expenses status to claims by creditors, indenture trustees, equity security holders, or certain committees. *See, e.g., In re Hallmark*, 225 B.R. 192, 194 (Bankr. C.D. Cal. 1998) (explaining that § 503(b)(3) "only pertains to creditors, custodians, or creditors' committees.").

Callister & Reynolds also seeks compensation for its fees under § 503(b)(4). Section 503(b)(4) permits "reasonable compensation for *professional services rendered by an attorney . . . of an entity* whose expense is allowable under subparagraph (A), (B), (C), (D), or (E) of paragraph (3) of this subsection." (emphasis added). Thus attorney fees may be compensated only if the services were rendered by an attorney that represents one of the types of entities described in § 503(b)(3). *See, e.g., In re Gurley*, 235 B.R. 626, 635 (Bankr. W.D. Tenn. 1999) (explaining that the "ability to recover attorney fees and expenses logically depends on whether the fees have been incurred by an entity who falls into one of the categories established in section 503(b)(3). . . ."); *Lebron v. Mechem Financial (In re Lebron)*, 27 F.3d 937, 943 (3rd Cir. 1994) (stating that "§ 503(b)(4) authorizes awards of legal and accounting fees only in the situations coming within the scope of § 503(b)(3). . . .").

Callister & Reynolds freely admits in the Application that "PDG was not an actual creditor of [USACM]." PDG, just as clearly, is not an indenture trustee, equity security holder, or a committee. As stated in the Application, PDG is only an "interested party." Therefore, PDG is not one of the entities listed in § 503(b)(3)(D) and simply does not qualify to have its expenses reimbursed as an administrative expense under the plain language of that subsection. Furthermore, because it is not one of the enumerated entities under § 503(b)(3), PDG does not qualify for compensation of its attorney fees under § 503(b)(4) either.

**B.     PDG Did Not Substantially Contribute to USACM's Estate**

Callister & Reynolds argues that "PDG, through Callister & Reynolds, substantially contributed to this case by efficiently attempting to resolve any dispute regarding the funds and in ultimately having them disbursed to the Debtor." The Ninth Circuit has provided guidance on what qualifies as a substantial contribution under § 503(b)(3)(D) by clarifying that the "principal test of substantial contribution under the 1898 Act was the extent of benefit to the estate, and the

1  same test applies to claims under comparable section 503(b)(3)(D)." *In re Christian Life Center*,
2  821 F.2d 1370, 1373 (9th Cir. 1987). Therefore, in assessing whether there has been substantial
3  contribution courts should look to the benefit that was conferred upon the estate. *See Id.*
4      PDG's actions, through its counsel Callister & Reynolds, caused a substantial *detriment* to
5  USACM's estate. PDG was contractually obligated to serve as the disbursing agent for USACM
6  but failed to abide by the Escrow Agreements it had signed. USACM repeatedly assured PDG
7  that USACM was authorized to continue to instruct PDG to make disbursements as an ordinary
8  course of business transaction authorized under § 363(c)(1), but PDG stubbornly refused to
9  believe USACM. USACM was subsequently forced to expend considerable estate resources in
10 working with PDG to resolve its unwarranted concerns. These efforts resulted in the Stipulation
11 between the two parties that was submitted to the Court. However, despite the agreement reached
12 by the two parties, PDG still filed its Emergency Motion seeking guidance on whether it should
13 comply with the Stipulation it had just negotiated. PDG's refusal to abide by the Escrow
14 Agreement, its refusal to abide by the Stipulation it negotiated with USACM, and its insistence on
15 a comfort order from the Court forced USACM to expend considerable resources in ensuring that
16 PDG fulfilled obligations that it had already contractually agreed to perform. It can hardly be said
17 that PDG contributed anything to the estate. PDG may have benefited itself by obtaining (at great
18 expense to the USACM estate) the comfort order it sought, but this did not benefit the USACM
19 estate.

20  **C.    Callister & Reynolds Cannot Request Compensation on Its Own Behalf**

21      The Application states that "Callister & Reynolds respectfully requests that it be
22 reimbursed for its expenses pursuant to 503(b)(3)(D) of the Code, and also that it be reimbursed
23 for its fees pursuant to 503(b)(4) of the Code." The Application does not state that PDG is seeking
24 to be reimbursed for its expenses and fees paid to Callister & Reynolds. *Collier* explains that a
25 "professional is entitled to look only to its client for payment and not to the estate. . . . The right to
26 compensation, therefore, belongs to the client and not to the professional." 4 COLLIER ON
27 BANKRUPTCY P 503.11[4] (Alan N. Resnick & Henry J. Sommer, eds-in-chief 15th ed. Rev. 2006).
28 PDG alone has the right to request reimbursement under § 503(b) and it has made no such request.

Therefore, the Application should be denied in its entirety.

### III. CONCLUSION

For the reasons discussed above, USACM requests that the Court deny the Application in its entirety. PDG is not entitled to reimbursement of its expenses or attorney fees under § 503(b)(3)(D) or (b)(4), and Callister & Reynolds cannot request compensation on its own behalf. USACM further requests that the Court grant such other relief as is just and proper.

Dated: January 10, 2007

/s/ Jeanette E. McPherson
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

907847

**CERTIFICATE OF SERVICE**

1. On January 10, 2007 I served the following document(s):

    a. USA COMMERCIAL MORTGAGE COMPANY'S OBJECTION TO APPLICATION FOR COMPENSATION FOR EXPENSES AND FOR SERVICES RENDERED FILED BY CALLISTER & REYNOLDS [Affects USA Commercial Mortgage Company]

2. I served the above-named document(s) by the following means to the persons as listed below:

☒    a.    **By ECF System:**

MICHELLE L. ABRAMS    mabrams@mabramslaw.com

FRANKLIN C. ADAMS    franklin.adams@bbklaw.com, arthur.johnston@bbklaw.com

NANCY L ALLF    nallf@parsonsbehle.com, klawrence@parsonsbehle.com;tthomas@parsonsbehle.com;ecf@parsonsbehle.com

FRANK A. ANDERSON    anderson.frank@pbgc.gov, efile@pbgc.gov

OGONNA M. ATAMOH    oatamoh@nevadafirm.com, bkecf@nevadafirm.com;paltstatt@nevadafirm.com;sliberio@nevadafirm.com

KERIANN M ATENCIO    ATENCIOK@GTLAW.COM

BMC GROUP, INC.    evrato@bmcgroup.com, ecf@bmcgroup.com;jmiller@bmcgroup.com;jbartlett@bmcgroup.com

GEORGANNE W. BRADLEY    georganne.bradley@bullivant.! com, mary.opatrny@bullivant.com

KELLY J. BRINKMAN    kbrinkman@gooldpatterson.com

THOMAS R BROOKSBANK    tom@tombrooksbank.com, renee@tombrooksbank.com

ANDREW M. BRUMBY    abrumby@shutts-law.com, rhicks@shutts-law.com;lmackson@shutts-law.com

LOUIS M. BUBALA    lbubala@jonesvargas.com, tbw@jonesvargas.com;bjlingenfelter@jonesvargas.com

MATTHEW Q. CALLISTER    mqc@callister-reynolds.com, maggie@callister-reynolds.com

CANDACE C CARLYON    ltreadway@sheacarlyon.com, ccarlyon@sheacarlyon.com;bankruptcyfilings@sheacarlyon.com;rmsmith@sheacarlyon.com

ROB CHARLES    rcharles@lrlaw.com, cjordan@lrlaw.com

| | |
|---|---|
| 1 | MICHAEL W! . CHEN    yvette@ccfirm.com |
| 2 | KEVIN B. CHRISTENSEN    kbchrislaw@aol.com |
| 3 | JANET L. CHUBB    tbw@jonesvargas.com |
| 4 | JEFFREY A. COGAN    jeffrey@jeffreycogan.com, sarah@jeffreycogan.com |
| 5 | |
| 6 | WILLIAM D COPE    cope_guerra@yahoo.com |
| 7 | CICI CUNNINGHAM    bankruptcy@rocgd.com |
| 8 | GEORGE DAVIS    george.davis@weil.com |
| 9 | LAUREL E. DAVIS    bklsclv@lionelsawyer.com, |
| 10 | ldavis@lionelsawyer.com;gbagley@lionelsawyer.com;ldavisesq@aol.com |
| 11 | DEBT ACQUISITION COMPANY OF AMERICA V, LLC (tf)    tfette@daca4.com |
| 12 | THOMAS H. FELL    BANKRUPTCYNOTICES@GORDONSILVER.COM |
| 13 | SCOTT D. FLEMING    sfleming! @halelane.com, |
| 14 | dbergsing@halelane.com,ecfvegas@halelane.com |
| 15 | GREGORY E GARMAN    bankruptcynotices@gordonsilver.com |
| 16 | WADE B. GOCHNOUR    wgochnour@hwmlvlaw.com, donnat@hwmlvlaw.com |
| 17 | CARLOS A. GONZALEZ    carlos.gonzalez2@usdoj.gov, |
| 18 | Darlene.Ruckard@usdoj.gov;Eunice.Jones@usdoj.gov;Sue.Knight@usdoj.gov |
| 19 | GERALD M GORDON    bankruptcynotices@gordonsilver.com |
| 20 | R. VAUGHN GOURLEY    vgourley@lvcm.com |
| 21 | TALITHA B. GRAY    bankruptcynotices@gordonsilver.com |
| 22 | JAMES D. GREENE    bknotice@schrecklaw.com |
| 23 | |
| 24 | MARJORIE A. GUYMON    bankruptcy@goldguylaw.com, ddias@goldguylaw.com |
| 25 | JEFFREY R! . HALL    jhall@sheacarlyon.com, bankruptcyfi! lings@sh |
| 26 | eacarlyon.com;aboehmer@sheacarlyon.com;ltreadway@sheacarlyon.com;rmsmith@sheacarlyon.com |
| 27 | XANNA R. HARDMAN    xanna.hardman@gmail.com |
| 28 | STEPHEN R HARRIS    noticesbh&p@renolaw.biz |

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

| | |
|---|---|
| 1 | JEFFREY L HARTMAN    notices@bankruptcyreno.com |
| 2 | BRIGID M. HIGGINS    bankruptcynotices@gordonsilver.com |
| 3 | JOHN HINDERAKER    JHindera@LRL.com |
| 4-6 | RICHARD F. HOLLEY    rholley@nevadafirm.com, paltstatt@nevadafirm.com;vnelson@nevadafirm.com;sliberio@nevadafirm.com;bkecf@nevadafirm.com |
| 7 | RANDOLPH L. HOWARD    rhoward@klnevada.com, ckishi@klnevada.com;bankruptcy@klnevada.com |
| 8-9 | DAVID W. HUSTON    dwh@hustonlaw.net, swaits@hustonlaw.net! |
| 10 | CHRISTOPHER D JAIME    cjaime@waltherkey.com, kbernhar@waltherkey.com |
| 11 | EVAN L. JAMES    ejameslv@earthlink.net, kbchrislaw@aol.com |
| 12 | ANNETTE W JARVIS    ajarvis@rqn.com |
| 13 | TY E. KEHOE    TyKehoeLaw@aol.com |
| 14-15 | ROBERT R. KINAS    rkinas@swlaw.com, jlustig@swlaw.com;jmath@swlaw.com;imccord@swlaw.com |
| 16 | DEAN T. KIRBY    dkirby@kirbymac.com, jhebert@kirbymac.com;lackerman@kirbymac.com |
| 17 | ZACHARIAH LARSON    ecf@lslawnv.com |
| 18 | JOHN J. LAXAGUE    jlaxague@caneclark.com |
| 19-20 | GEORGE C LAZAR    glazar@foxjohns.com, gclazar@sbcglobal.net |
| 21 | NILE L! EATHAM    nleatham@klnevada.com, ckishi@klnev! ada.com; bankruptcy@klnevada.com |
| 22-23 | ROBERT C. LEPOME    rlepome@cox.net, smstanton@cox.net |
| 24 | ANNE M. LORADITCH    ecffilings@beckleylaw.com, aloraditch@beckleylaw.com;pkois@beckleylaw.com |
| 25-26 | PATRICIA A. MARR    jjllaw@leelaw.lvcoxmail.com, lvlaw03@yahoo.com;mark@leelaw.lvcoxmail.com |
| 27 | JAMES C. MCCARROLL    , dturetsky@reedsmith.com;aleonard@reedsmith.com |
| 28 | REGINA M. MCCONNELL    rmcconnell@kssattorneys.com |

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

| | |
|---|---|
| 1 | WILLIAM L. MCGIMSEY     lawoffices601@lvcoxmail.com |
| 2, 3 | RICHARD MCKNIGHT     mcknightlaw@cox.net, gkopang@lawlasvegas.com;cburke@lawlasvegas.com |
| 4, 5 | SHAWN W MILLER     bankruptcyfilings@sheacarlyon.com, smiller@sheacarlyon.com;aboehmer@sheacarlyon.com;ltreadway@sheacarlyon.com;rsmith@sheacarlyon.com |
| 6, 7 | DAVID MINCIN     mcknightlaw@cox.net, gkopang@lawlasvegas.com;dmincin@lawlasvegas.com,cburke@lawlasvegas.com |
| 8 | JOHN F MURTHA     jmurtha@woodburnandwedge.com |
| 9 | ERVEN T. NELSON     erv@rlbolick.com, susan@rlbolick.com |
| 10, 11 | VICTORIA L NELSON     bkecf@nevadafirm.com, vnelson@nevadafirm.com;paltstatt@nevadafirm.com;rholley@nevadafirm.com;sliberio@nevadafirm.com |
| 12, 13 | BOB L. OLSON     ecffilings@beckleylaw.com, bolson@beckleylaw.com;dgriffis@beckleylaw.com |
| 14, 15 | DONNA! M. OSBORN     ebaker@marquisaurbach.com, dosb!orn@marquisaurbach.com;tszostek@marquisaurbach.com;kgallegos@MarquisAurbach.com |
| 16 | ANDREW M. PARLEN     aparlen@stutman.com |
| 17 | DONALD T. POLEDNAK     sandplegal@yahoo.com, spbankruptcy@yahoo.com |
| 18 | PAUL C RAY     info@johnpeterlee.com |
| 19, 20 | CHRISTINE A ROBERTS     bankruptcy@rocgd.com |
| 21 | SUSAN WILLIAMS SCANN     sscann@deanerlaw.com, palexander@deanerlaw.com |
| 22, 23 | JAMES PATRICK SHEA     bankruptcyfilings@sheacarlyon.com, ltreadway@sheacarlyon.com;rmsmith@sheacarlyon.com;aboehmer@sheacarlyon.com |
| 24, 25 | SHLOMO S. SHERMAN     ssherman@sheacarlyon.com, aboehmer@sheacarlyon.com;bankruptcyfilings@shea!carlyon.com;ltreadway@sheacarlyon.com;rmsmith@sheacarlyon.com |
| 26 | AMBRISH S. SIDHU     ecf@lslawnv.com |
| 27 | JEFFREY G. SLOANE     gjklepel@yahoo.com, rmcconnell@kssattorneys.com |
| 28 | ALAN R SMITH     mail@asmithlaw.com, turk@asmithlaw.com;marsh@asmithlaw.com;darby@asmithlaw.com |

DAVID A. STEPHENS    dstephens@lvcm.com

PETER SUSI    cheryl@msmlaw.com, msm@msmlaw.com

JEFFREY R. SYLVESTER    jeff@sylvesterpolednak.com, David@sylvesterpolednak.com

CARYN S. TIJSSELING    ctijsseling@beckleylaw.com, jblair@beckleylaw.com

AMY N. TIRRE    , lleverett@kkbrf.com

AMY N. TIRRE &nbs! p    atirre@kkbrf.com, lleverett@kkbrf.com

U.S. TRUSTEE - LV - 11    USTPRegion17.lv.ecf@usdoj.gov

GREGORY J. WALCH    GWalch@Nevadafirm.com

RUSSELL S. WALKER    rwalker@wklawpc.com, eloveridge@wklawpc.com;lboynton@wklawpc.com;ckirk@wklawpc.com

WHITNEY B. WARNICK    wbw@albrightstoddard.com, bstessel@albrightstoddard.com

WILLIAM J. WRAY    wjw@oreillylawgroup.com, rh@oreillylawgroup.com,bc@oreillylawgroup.com,lc@oreillylawgroup.com,ddh@oreillylawgroup.com,mr@oreillylawgroup.com

JOAN C WRIGHT    jwright@allisonmackenzie.com, jbrooks@allisonmackenzie.com

MATTHEW C. ZIRZOW    bankruptcynotices@gordonsilver.com

ANTHONY A. ZMAILA    azmaila@nevadafirm.com, bkec!f@nevadafirm.com;mbarnes@nevadafirm.com,paltstatt@nevadafirm.com

☐    b.    **By United States mail, postage fully prepaid**

☐    c.    **By Personal Service**
I personally delivered the document(s) to the persons at these addresses:
☐    For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.
☐    For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐    d.    **By direct email (as opposed to through the ECF System)**
Based upon the written agreement to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not

receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐    e.    **By fax transmission**
Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐    f.    **By messenger**
I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on:     January 10, 2007

__LIA DORSEY_____     __L. Dorsey_____
(Name of Declarant)                                   (Signature of Declarant)

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

P:\USA Commercial Mortgage\Pleadings\Fee Application\First Applications For Fees\Objection to PDG fee app.DOC - 12 -