# EXHIBIT 1

# DEBT RESTRUCTURING AGREEMENT

This Debt Restructuring Agreement ("Agreement") is made as of this 21st day of April, 2000 by and among the following parties:

## I The Parties

1. American Communities, Inc., a Nevada corporation ("ACI")
2. American Communities, LLC, a Nevada limited liability company ("ACL")
3. Robert C. Porter (collectively with Cheryl Covey Porter, "Porters")
4. Cheryl Covey Porter (collectively with Robert C. Porter, "Porters")
5. USA Commercial Mortgage Company, a Nevada corporation, individually, and as agent for the Lenders in the Loans (as defined below) ("USA")
6. Enchantment at Black Mountain, LLC, a Nevada limited liability company ("Enchantment")
7. Destination at Tierra De Las Palmas, LLC, a Nevada limited liability company ("Destination")
8. Principle Centered, Inc., a Nevada corporation ("PCI")
9. Spectrum Financial Group, LLC, a Delaware limited liability company (Spectrum")
10. American Destination II, LLC, a Nevada limited liability company ("Destination II")
11. American Enchantment II, LLC, a Nevada limited liability company ("Enchantment II")
12. American Harmony II, LLC, a Nevada limited liability company ("HarmonyII")
13. American Imagination, LLC, a Nevada limited liability company ("Imagination")
14. American Inspiration, LLC, a Nevada limited liability company ("Inspiration")
15. Rolland Weddell.("Weddell")
16. Housing Partners, LLC, a Nevada limited liability company

## II The Loans

The following loans are affected by this Agreement:

| Date | Borrower | Lender | Current Principal Bal. |
|---|---|---|---|
| 1. 2/12/99 | American Communities, LLC | Multiple | $2,650,000 |
| 2. 2/12/99 | American Communities, LLC | Multiple | $ 800,000 |
| 3. 4/16/99 | American Communities, LLC<br>Enchantment at Black Mountain, LLC<br>Destination at Tierra De Las Palmas, LLC<br>Renaissance at Tierra De Las Palmas, LLC | Multiple | $4,701,159.46 |

1

SPEC000001

|   |   |   |   |   |
|---|---|---|---|---|
|   |   | American Communities, Inc. |   |   |
| 4. | 5/14/99 | American Communities, LLC | Salvatore J. Reale | $1,925,000 |
| 5. | 5/7/99 | American Communities, LLC | Mary Petersen, Trustee | $2,550,000 |
| 6. | 8/16/99 | American Communities, LLC | Samoth USA, Inc. | $1,635,000 |
| 7. | 11/30/99 | American Communities, LLC | Mary Petersen, Trustee | $3,250,000 |
| 8. | 1/27/00 | American Communities, LLC | Housing Partners, LLC | $1,676,798.70 |

Loan 1 is referred to herein as the "Harmony A & D Loan."

Loan 2 is referred to herein as the "Harmony Second."

Loan 3 is referred to herein as the "Working Capital Loan."

Loan 4 is referred to herein as the "Somerset Second."

Loan 5 is referred to herein as the "Green Valley Ranch Second."

Loan 6 is referred to herein as the "Somerset First."

Loan 7 is referred to herein as the "Green Valley Ranch First."

Loan 8 is referred to herein as the "Housing Partners Loan."

Loans 2, 4, and 5 are referred to herein as the "Mezzanine Loans."

The term "Lender" refers to any person or legal entity who holds a beneficial interest in any deed of trust securing any of the Loans, or who holds any interest in any of the Notes (as a holder) that evidence any of the Loans. Capitalized terms used herein but not otherwise defined have the meanings assigned to them in the Loan Documents.

## III Loan Defaults

The Harmony A & D Loan, the Working Capital Loan, the Green Valley Ranch First, and the Mezzanine Loans are all in default for failure to make the payments due on March 1, 2000 and April 1, 2000. The Somerset First is in default for failure to make the payment due on April 1, 2000. The total amount of the missed payments for each loan, excluding late charges and default interest, is:

Harmony A & D Loan                $ 57,490.21

SPEC000002

| | |
|---|---|
| Harmony Second | $ 20,999.99 |
| Working Capital Loan | $113,340.01 |
| Somerset Second | $ 65,770.84 |
| Green Valley Ranch Second | $ 65,875.00 |
| Somerset First | $ 13,690.44 |
| Green Valley Ranch First | $ 67,708.34. |

The Housing Partners Loan is in default for missed payments due monthly from October, 1999 through April 21, 2000 in the amount of $82,859.14, and is subject to late charges of $3,584.02.

In addition, each loan is subject to a late charge of 5% of the missed payment and default interest of an additional 5% per annum.

IV <u>Additional Recitals</u>

1 PCI, Spectrum, and Weddell wish to acquire, directly or indirectly, an interest in the assets owned by ACI and ACL, companies which are presently insolvent. Those assets consist primarily of real estate which secures the Loans.

2. The Lenders, PCI, Spectrum, and Weddell wish to achieve a workout and restructuring of the Loans.

3. The parties have designated Lynn Milner, Nevada Title Company, to serve as escrow agent on this transaction. The term "Escrow" shall refer, as the context requires, to the escrow to be opened at Nevada Title to handle this transaction, or to the escrow agent.

4. The parties aspire to close Escrow on Good Friday, April 21, 2000, but acknowledge that this is an aspirational goal, and agree to use their best efforts to either close on that date, or as soon thereafter as possible.

NOW, THEREFORE, for good and valuable consideration as set forth herein, the parties hereby agree as follows:

<u>Mezzanine Loans</u>

The Mezzanine Loans will be purchased upon the following terms and conditions:

A. The Harmony Second will be purchased at the close of Escrow by Tom Gonzales for $828,350.00, that being the principal plus accrued interest at the nondefault rate through April 21, 2000. If the purchase occurs after April 21, 2000, the price shall increase by $350.00 per day as and for accruing interest. All default interest and late charges shall be forgiven.

B. The Somerset Second will be purchased at the close of Escrow by Cindy Barden for

3

SPEC000003

$2,013,790.13, that being the principal plus accrued interest at the nondefault rate through April 21, 2000. If the purchase occurs after April 21, 2000, the price shall increase by $1,096.18 per day as and for accruing interest. All default interest and late charges shall be forgiven.

C. The Green Valley Ranch Second will be purchased by Tom Gonzales at the close of Escrow for $2,638,931.25, that being the principal plus accrued interest at the nondefault rate through April 21, 2000. If the purchase occurs after April 21, 2000, the price shall increase by $1,097.92 per day as and for accruing interest. All default interest and late charges shall be forgiven.

The purchasers shall receive an assignment of beneficial interest in deed of trust and an assignment of the note and of all the loan documents evidencing the loan. The parties understand that the purchasers aforesaid do not wish to pay off the loans, but to acquire the current Lenders' right, title, and interest in and to them.

Regarding the sale of the Mezzanine Loans, ACL, the current Borrower on each of them, hereby specifically waives any and all claims or defenses that it has or may have with respect to each. All parties agree that immediately after the purchases, each loan will be fully paid up and current, and free of all defaults.

<u>The Green Valley Ranch First</u>

1. The Green Valley Ranch First will be assumed by Inspiration pursuant to an Assumption Agreement in the form annexed hereto as **Exhibit "A."** As partial consideration for the assumption, ACL or Inspiration shall pay, or cause to be paid, in accordance with escrow instructions that USA shall deliver to Escrow, the delinquent interest of $67,708.84, plus the interest payment due on May 1, 2000 in the amount of $33,854.17, for a total payment of $101,563.01 at the close of Escrow (provided that Escrow closes no later than May 1, 2000).

2. USA agrees to extend and expand (or replace) the Green Valley Ranch First as follows:

   (a) the expanded amount shall be $6,275,000;

   (b) the interest rate shall be 12.5% per annum;

   (c) the due date shall be November 30, 2001;

   (d) the points payable to USA (as the funds are advanced) shall be 2.5 ($156,875);

   (e) the loan shall be guaranteed by the Porters, Spectrum and Weddell;

   (f) the release price per lot (payable when each lot is sold or encumbered by another (construction) loan shall be calculated as follows:

4

(i) <u>Land Loan</u>: $12,000, as provided in the existing deed of trust;

(ii) <u>Development Loan</u>: $3,025,000 x 1.2 ÷ 172 = $21,104.65;

so that every lot benefitted solely by the Land Loan shall be released for a payment of $12,000, and every lot benefitted by both loans shall be released for a payment of $33,100.

Inspiration or ACL shall pay at the close of Escrow all LID assessments and Homeowner Association dues or assessments currently due.

<u>Somerset First</u>

The Somerset First shall be assumed by Imagination pursuant to an Assumption Agreement in the form annexed hereto as **Exhibit "B."** The cost of the assumption shall be 1% of the Loan Amount, $16,350, payable to the Lender, Samoth USA, Inc. In connection herewith, Borrower, PCI, Spectrum, and Weddell, hereby agree to waive the provisions of NRS 107.055. USA shall extend the loan when it comes due for one year (until on or about August 16, 2001) in accordance with the terms of the Loan Documents. If necessary, USA shall extend the loan for an additional period up to April 1, 2002.

Imagination or ACL shall pay or cause to be paid, in accordance with escrow instructions that USA shall deliver to Escrow, the delinquent interest of $13,690.44, plus the interest payment due on May 1, 2000 of $17,712.50, as partial consideration for the assumption, for a total payment of $31,402.94, which payment shall be made at the close of Escrow (provided that Escrow closes no later than May 1, 2000).

As further consideration for the assumption, Weddell, PCI and Spectrum shall guaranty the Somerset First.

<u>Harmony A & D Loan</u>

The Harmony A & D Loan was due on or about February 12, 2000. Harmony II will assume the Harmony A & D Loan pursuant to an Assumption Agreement in the form annexed hereto as **Exhibit "C."** USA shall extend the Harmony A & D Loan to April 1, 2001 for a fee of 2 points, $53,000, and an interest rate of 13.5% per annum, effective March 1, 2000. If necessary, USA will extend the loan for up to one more year, or until April 1, 2002.

Harmony II or ACL will pay, or cause to be paid, in accordance with escrow instructions that USA shall deliver to Escrow, the delinquent interest of $57,490.21, plus the interest payment due on May 1, 2000 of $29,812.48, as partial consideration for the assumption, for a total payment of $87,302.69 which payment shall be made at the close of Escrow (provided that Escrow closes no later than May 1, 2000).

SPEC000005

As further consideration for the assumption, Weddell, PCI and Spectrum shall guaranty the Harmony A & D Loan.

Working Capital Loan

The Working Capital Loan shall be assumed by Destination II, Enchantment II, Harmony II, Imagination, and Inspiration, pursuant to an assumption agreement in the form annexed hereto as Exhibit "D." USA shall extend the loan for one year at the interest rate of 16% per annum at no cost to Borrower. USA will, if necessary, extend the loan until April 1, 2002 in accordance with the terms of the Loan Documents. The deed of trust securing the loan shall be modified to provide for partial releases of individual lots upon payment of $5,640.

ACL shall pay or cause to be paid in accordance with escrow instructions that USA shall deliver to Escrow, the delinquent interest of $113,340.01, plus the interest payment due on May 1, 2000 of $80,311.41, as partial consideration for the assumption, for a total payment of $193,651.42, which payment shall be made at the close of Escrow (provided that Escrow closes no later than May 1, 2000).

As further consideration for the assumption, Weddell, PCI and Spectrum shall guaranty the Working Capital Loan.

Housing Partners Loan

Notwithstanding any other provision in this Agreement to the contrary, Housing Partners, LLC shall forgive the Housing Partners Loan in its entirety, and release any and all guaranties given for the Housing Partners Loan, with no further liability or obligation of any guarantor thereunder. This shall be a straight forgiveness of debt as further consideration for this Agreement.

At close of Escrow, USA shall deliver or cause to be delivered to ACL and any guarantor of the Housing Partners Loan written evidence of the forgiveness and release contemplated in this paragraph.

Additional Terms and Conditions

1. Except as specifically modified herein, and in the assumption agreements contemplated herein, all of the terms of all of the Loan Documents executed by the Borrowers with respect any of the Loans, except for the Housing Partners Loan, remain in full force and effect.

2. All late charges and default interest due under the terms of any of the Loan Documents through April 30, 2000 is hereby forgiven; provided, however, that this Agreement closes on April 21, 2000, or as soon thereafter as possible with all parties exercising their utmost good faith efforts to effect the closing.

SPEC000006

3. As part of their guaranties, PCI, Weddell and Spectrum shall promise to maintain a collective net worth of $10,000,000, and PCI, and its subsidiaries who are parties to this Agreement, shall maintain cash reserves of $250,000, during the time that any guaranteed obligation remains unsatisfied. All guarantors shall promise not to transfer, in any calendar year when any guaranteed obligation remains unsatisfied, more than 5% of their assets (other than in the ordinary course of business), unless the transferee pays to such guarantor full fair market value for the asset.

4. A condition precedent to USA's duty to close this transaction is the delivery by all of the guarantors of financial statements, balance sheets, or other information regarding their financial condition, in form and substance reasonably satisfactory to USA.

5. ACL shall cause to be delivered to USA an opinion of counsel, in form and substance reasonably satisfactory to USA, stating that the entities listed in Section I, numbers 8 through 14, have been duly formed and are validly existing under the laws of the State of Nevada, and, in the case of Spectrum, the State of Delaware, and that the persons signing this Agreement on behalf of each have been duly authorized to bind the companies hereto.

To the extent that USA is acting in an agency or other representative capacity for any Lender, USA represents and warrants to ACI, ACL, the Porters, PCI, Spectrum, Weddell, and the entities listed in numbers 6, 7, 10, 11, 12, 13, 14, and 16 under "I The Parties" above that USA has the due authority and legal capacity to act in such agency and/or representative capacity.

6. ACL shall pay, or cause to be paid, all of the Escrow fees and costs incurred in connection with this transaction.

7. The Guaranties given by the Porters with respect to the Loans, except for the Housing Partners Loan, remain in full force and effect, and the Porters hereby specifically agree to and accept the modifications, assumptions and purchases of the Loans described herein, and acknowledge that their Guaranties remain in full force and effect as to each Loan as modified or assumed hereby.

8. The Porters, ACL, and ACI, on the one hand, and USA and Housing Partners, LLC on the other, hereby agree to release each of the others with respect to all claims arising from the execution and performance of, and the defaults under the Loans and the Loan Documents existing as of the date of this Agreement.

9. The laws of the State of Nevada shall govern this Agreement. This is a negotiated agreement, and all parties have been represented by counsel of their choice. Any rule of contract construction that construes any term against the drafter shall have no application to this Agreement. Should suit be brought to construe or enforce this Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees incurred therein. Venue for any action brought on this Agreement shall lie in Clark County, Nevada. This Agreement reflects the entire agreement of the parties with respect to its subject, and all discussions and negotiations or oral understandings have been integrated into this Agreement.

SPEC000007

10. This Agreement shall bind the parties' heirs, successors, assigns, employees, agents, officers, directors, managers, and representatives, and anyone claiming by or through them.

11. None of the loans made by USA or any other lender with respect to and secured by all or any portion of the View at Black Mountain shall be cross-defaulted or cross-secured by any of the Loans subject to this Agreement, notwithstanding any provision to the contrary set forth in the Loan Documents relating to the Loans or any loan document relating to any loan secured by the View at Black Mountain project.

12. The Porters hereby transfer to Housing Partners, LLC all of their right, title, and interest, if any, in and to the shares of common stock in Inco Home Corporation that they acquired from Institutional Equity Partners, LLC and Tom Hantges last April. In connection therewith, USA acknowledges that, to the best of its knowledge, and the Porters represent that, to the best of their knowledge, they have never been issued a stock certificate for those shares, that they have been informed by Inco that the transfer of the share to them has never been registered on the books of the company. The Porters agree to fully cooperate with Housing Partners, LLC to effect the transfer of the shares as required hereby.

In witness whereof the parties set their hands effective as of this 21st day of April, 2000.

American Communities, Inc.

By: _____
Robert C. Porter, President


American Communities, LLC

By: _____          By: _____
Robert C. Porter, Manager              Cheryl Covey Porter, Manager


**Enchantment at Black Mountain, LLC**

By: American Communities, LLC, Its Manager

By: _____          By: _____
Robert C. Porter, Manager              Cheryl Covey Porter, Manager

8

SPEC000008

(Signatures, continued)

**Destination at Tierra De Las Palmas, LLC**

By: American Communities, LLC, Its Manager

By: _____          By: _____
    Robert C. Porter, Manager                    Cheryl Covey-Porter, Manager

**Principle Centered, Inc.**

By: _____
    Robert C. Porter, President

**Spectrum Financial Group, LLC**

By: _____
    William F. Schilz, Manager

**American Destination II, LLC**

By: Principle Centered, Inc., Its Manager

By: _____
    Robert C. Porter, President

**American Enchantment II, LLC**

By: Principle Centered, Inc., Its Manager

By: _____
    Robert C. Porter, President

9

(Signatures, continued)

**American Harmony II, LLC**

By: Principle Centered, Inc., Its Manager

By: _____
Robert C. Porter, President


**American Imagination, LLC**

By: Principle Centered, Inc., Its Manager

By: _____
Robert C. Porter, President


**American Inspiration, LLC**

By: Principle Centered, Inc., Its Manager

By: _____
Robert C. Porter, President

**USA Commercial Mortgage Company**

By: _____
Joseph D. Milanowski, President

**Housing Partners, LLC**

By: _____
Joseph D. Milanowski, President


_____
Robert C. Porter

_____
Cheryl Covey Porter

SPEC000010

# EXHIBIT 2

FILED ENTERED

'02 NOV 18 A7:50

| | |
|---|---|
| LISOWSKI LAW FIRM, CHTD.<br>James F. Lisowski, Sr., Esq.<br>Nevada Bar No.: 4321<br>1771 E. Flamingo Rd., #115-B<br>Las Vegas, NV 89119<br>(702) 737-6111<br>Attorneys for Chapter 7 Trustee, Richard A. Davis | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br>PRINCIPLE CENTERED, INC., a<br>Nevada Corporation,<br>                Debtor.<br>EIN: 88-0453436 | CASE NO.: BK-S-01-11719 RCJ<br>Chapter 7 - Jointly Administered |
| In Re:<br>AMERICAN DESTINATION, II, LLC, a<br>Nevada Limited Liability Company,<br>                Debtor.<br>EIN: 88-0453561 | CASE NO.: BK-S-01-11720 RCJ<br>Chapter 7 - Jointly Administered |
| In Re:<br>AMERICAN ENCHANTMENT, II, LLC, a<br>Nevada Limited Liability Company,<br>                Debtor.<br>EIN: 88-0453439 | CASE NO.: BK-S-01-11721 RCJ<br>Chapter 7 - Jointly Administered |
| In Re:<br>AMERICAN HARMONY, II, LLC, a<br>Nevada Limited Liability Company,<br>                Debtor.<br>EIN: 88-0453439 | CASE NO.: BK-S-01-11722 RCJ<br>Chapter 7 - Jointly Administered |
| In Re:<br>AMERICAN INSPIRATION, LLC, a<br>Nevada Limited Liability Company,<br>                Debtor.<br>EIN: 88-0445974 | CASE NO.: BK-S-01-11723 RCJ<br>Chapter 7 - Jointly Administered |
| In Re:<br>AMERICAN IMAGINATION, LLC, a<br>Nevada Limited Liability Company,<br>                Debtor.<br>EIN: 88-0445976 | CASE NO.: BK-S-01-11724 RCJ<br>Chapter 11-Jointly Administered<br><br>Date: October 21, 2002<br>Time: 1:30 p.m. |

## ORDER APPROVING SALE OF CLAIMS TO SPECTRUM FINANCIAL GROUP, LLC

THIS MATTER having come on for hearing on this 21st day of October 2002, at the hour of 1:30 p.m., the Trustee, Richard Davis, appearing by and through his attorney, James F. Lisowski,

Sr., Esq.; parties in interest, Rolland Weddell, William Schiltz and Spectrum Financial Group, LLC, ("Spectrum") appearing by and through their attorney, Elissa Cadish, Esq.; parties in interest, USA Commercial Mortgage Company, et al, (as listed on Exhibit A hereto) appearing by and through their attorneys, Anthony A. Zmaila, Esq., Victoria Nelson, Esq., and Ty Kehoe, Esq.; party in interest, Tom Gonzales, appearing by and through his attorney, Thomas Fell, Esq., the Court having examined the pleadings including the Trustee's Motion to Approve Settlement Agreement Between Debtor's Trustee and USA Commercial Mortgage Company, et al, the Objection thereto filed by Weddell and Spectrum and the Opposition filed by R&K Door & Trim, etc., having entertained oral arguments and having conducted an auction in open court; and the Court being well and sufficiently advised as to all matters hereto Orders as follows;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Trustee shall be permitted to sell all of the estate's rights, title and interest in any and all claims that the Debtor's entities, Principle Centered, Inc., American Destination II, LLC, American Enchantment II, LLC, American Harmony II, LLC, American Inspiration, LLC, and American Imagination, LLC, have or may have, against USA Commercial Mortgage Company, et al, to Spectrum, for the sum of two hundred sixty thousand dollars ($260,000.00). Said sum shall be paid in its entirety, in cash, by Spectrum on the tenth day following the entry of this order. All claims are being sold "as is" and "where is" without any warranties or representations as to their value or validity.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Spectrum shall post a one hundred thousand dollar ($100,000.00) bond with the registry of the Court for purposes of indemnifying the Trustee against any potential claims or counter-claims asserted by USA Commercial Mortgage Company, et al, against the Debtors or the Trustee. The bond shall cover any actual amounts that would otherwise have to be paid out by the estate under a normal distribution as a result of the claims or counter-claims together with any Trustee's fees or Trustee's Attorney's

fees that may be incurred or ordered paid as a result of their participation in the lawsuits and or claims of the parties against one another, up to $100,000.00. Such bond would include, but not be limited to, any fees incurred as a result of an appeal of this order.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this order shall be stayed for ten (10) days from the entry date of this Order to allow USA Commercial Mortgage Company, et al, to file an appeal of this order if they should so choose and to obtain a stay of this Order from the Appellate Court. This Court will not grant any further stays of this Order.

**IT IS SO ORDERED.**

DATED this /8 day of Nov 2002.

HONORABLE ROBERT C. JONES
United States Bankruptcy Judge

Submitted By:

LISOWSKI LAW FIRM, CHTD.

By: _____
JAMES F. LISOWSKI, SR., ESQ.
Nevada Bar No.: 4321
1771 E. Flamingo Rd., Suite 115-B
Las Vegas, Nevada 89119
(702) 737-6111

APPROVED/DISAPPROVED

By: _____
ELISSA F. CADISH, ESQ.
Nevada Bar No.: 4273
Hale, Lane, Peek, Dennison,
Howard & Anderson
2300 W. Sahara Ave, # 800 Box 8
Las Vegas, NV 89102

APPROVED/DISAPPROVED

By: _____
THOMAS FELL, ESQ.
Nevada Bar No.: 3717
GORDON & SILVER
3960 Howard Hughes 9th Flr
Las Vegas, NV 89109

APPROVED/DISAPPROVED

By: _____
ANTHONY A. ZMAILA, ESQ.
Nevada Bar No.: 2319
Santoro, Driggs, Walch, Kearney,
Johnson & Thompson
400 Fourth St., 3rd Floor
Las Vegas, NV 89101

SPEC000067

fees that may be incurred or ordered paid as a result of their participation in the lawsuits and or claims of the parties against one another, up to $100,000.00. Such bond would include, but not be limited to, any fees incurred as a result of an appeal of this order.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this order shall be stayed for ten (10) days from the entry date of this Order to allow USA Commercial Mortgage Company, et al. to file an appeal of this order if they should so choose and to obtain a stay of this Order from the Appellate Court. This Court will not grant any further stays of this Order.

**IT IS SO ORDERED.**

DATED this ___ day of _____ 2002.

_____
HONORABLE ROBERT C. JONES
United States Bankruptcy Judge

Submitted By:

LISOWSKI LAW FIRM, CHTD.    APPROVED/DISAPPROVED

By: _____    By: _____
JAMES F. LISOWSKI, SR., ESQ.    THOMAS FELL, ESQ.
Nevada Bar No.: 4321    Nevada Bar No.: 3717
1771 E. Flamingo Rd., Suite 115-B    GORDON & SILVER
Las Vegas, Nevada 89119    3960 Howard Hughes 9th Flr
(702) 737-6111    Las Vegas, NV 89109

APPROVED/DISAPPROVED    APPROVED/DISAPPROVED

By: _____    By: _____
ELISSA F. CADISH, ESQ.    ANTHONY A. ZMAILA, ESQ.
Nevada Bar No.: 4273    Nevada Bar No.: 2319
Hale, Lane, Peek, Dennison,    Santoro, Driggs, Walch, Kearney,
Howard & Anderson    Johnson & Thompson
2300 W. Sahara Ave. # 800 Box 8    400 Fourth St., 3rd Floor
Las Vegas, NV 89102    Las Vegas, NV 89101

SPEC000068

fees that may be incurred or ordered paid as a result of their participation in the lawsuits and or claims of the parties against one another, up to $100,000.00. Such bond would include, but not be limited to, any fees incurred as a result of an appeal of this order.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this order shall be stayed for ten (10) days from the entry date of this Order to allow USA Commercial Mortgage Company, et al, to file an appeal of this order if they should so choose and to obtain a stay of this Order from the Appellate Court. This Court will not grant any further stays of this Order.

**IT IS SO ORDERED.**

DATED this ___ day of _____ 2002.

_____
HONORABLE ROBERT C. JONES
United States Bankruptcy Judge

Submitted By:

LISOWSKI LAW FIRM, CHTD.                     APPROVED/DISAPPROVED

By: _____              By: _____
JAMES F. LISOWSKI, SR., ESQ.                 THOMAS FELL, ESQ.
Nevada Bar No.: 4321                         Nevada Bar No.: 3717
1771 E. Flamingo Rd., Suite 115-B            GORDON & SILVER
Las Vegas, Nevada 89119                      3960 Howard Hughes 9th Flr
(702) 737-6111                               Las Vegas, NV 89109

APPROVED/DISAPPROVED                         APPROVED/DISAPPROVED

By: _Elissa F. Cadish_                   By: _____
ELISSA F. CADISH, ESQ.                       ANTHONY A. ZMAILA, ESQ.
Nevada Bar No.: 4273                         Nevada Bar No.: 2319
Hale, Lane, Peek, Dennison,                  Santoro, Driggs, Walch, Kearney,
Howard & Anderson                            Johnson & Thompson
2300 W. Sahara Ave. # 800 Box 8              400 Fourth St., 3rd Floor
Las Vegas, NV 89102                          Las Vegas, NV 89101