Richard F. Holley, Esq. (NV Bar No. 3077)
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:    702/791-1912
Email:    vnelson@nevadafirm.com

E-Filed: January 12, 2006

*Attorneys for Del and Ernestine Bunch*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>    Debtor. | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>    Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>    Debtor. | Chapter 11<br><br>**Jointly Administered under**<br>**Case No. BK-S-06-10725-LBR** |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>    Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>    Debtor.<br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | **SUPPLEMENTAL RESPONSE TO USA COMMERCIAL MORTGAGE COMPANY'S OBJECTION TO PROOF OF CLAIM NO. 1099 FILED BY DEL AND ERNESTINE BUNCH**<br><br>Date of Hearing:    January 17, 2007<br>Time of Hearing:    9:30 a.m.<br><br>Judge:    Hon. Linda B. Riegle |

Del and Ernestine Bunch ("Bunch") through their counsel the law firm of Santoro, Driggs, Walch, Kearney, Johnson & Thompson, submit this Supplemental Response to USA Commercial Mortgage Company's Objection to Proof of Claim No. 1099 filed by Del and Ernestine Bunch ("Objection"). This supplemental response focuses on the Bunches' contention that all of the elements under Section 547(b) of the Bankruptcy Code to establish an avoidable preference have not been met. Specifically, in light of the Declaration of Susan M. Smith in Support of USA Commercial Mortgage Company's Opposition to Motion for Order Temporarily

06531-01/137531_2.doc

Allowing the Claim of Del and Ernestine Bunch for Voting Purposes ("Smith Declaration") [Docket. No. 2264], the Debtor has failed to prove that the funds transferred were the Debtor's property.

**POINTS AND AUTHORITIES**

Section 547 requires that the transfer be a "transfer of an interest of the debtor in property." The Bankruptcy Code does not define "property of the debtor"; however, the Supreme Court has stated that "the property of the debtor subject to the preferential transfer provisions is best understood as that property that would have been part of the Estate had it not been transferred before the commencement of bankruptcy proceedings." Begier v. Internal Revenue Service, 496 U.S. 53, 110 S. Ct. 2258, 2263 (1990). The debtor has no interest in property that it holds in trust for another, or in which it has no legal or equitable interest. Id. This maxim holds true for payments that are made by a third party to reduce a debt. In Re Grove Peacock Plaza, Ltd., 142 BR 506, 513, S.D. Fla. (1992).

No transfer of property of the debtor occurs when a third party pays the creditor directly. Vadnais Lumber Supply, Inc. v. Byrne (In Re Vadnais Lumber Supply, Inc.), 100 B.R. 127, 133 (Bankr.D.Mass. 1989). "It is essential that the debtor have an interest in the property transferred so that the estate is thereby diminished." Coral Petroleum, Inc., v. Banque Paribas-London, 797 F.2d 135, 1355-1356 (5th Cir. 1986).

In this case, Ms. Smith stated in her declaration that the February 9, 2006 payment in the amount of $217,000.00 and the March 13, 2006, payment in the amount of $196,000.00 was made from an account entitled "USA Commercial Mortgage Collection Trust Account." Smith Declaration, p. 2, ¶ 4.

Payments received by Bunch from USA Commercial Mortgage Company ("USACM") in February and March of 2006 were made from the "USA Commercial Mortgage Collection Trust Account", those payments were not made from property of the estate. The property in the "USA Commercial Mortgage Collection Trust Account" did not belong to USACM. Because USACM does not own an equitable interest in property it holds in trust for another, that interest is not

[06531-01/137531_2.doc]

"property of the estate." Nor is such an equitable interest "property of the debtor" for purposes of Section 547(b). <u>Begier v. Internal Revenue Service</u>, 496 U.S. 53, 110 S. Ct. at 2265 (1990).

### CONCLUSION

In light of the above and subject to further discovery, Bunch contends that the debtor has failed to prove that the funds transferred were the Debtor's property. Since the funds were not property of the Debtor, Section 547 is inapplicable and the objection to claim must be denied.

DATED this 12th day of January, 2007.

SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON

_/s/ Richard F. Holley_
Richard F. Holley, Esq. (NV Bar No. 3077)
Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: 702/791-0308/Fax:    702/791-1912
*Attorneys for Del and Ernestine Bunch*

[06531-01/137531_2.doc]