1    ALAN R. SMITH, ESQ.
     Nevada Bar No. 1449
2    KEVIN A. DARBY, ESQ.
     Nevada Bar No. 7670
3    Law Offices of Alan R. Smith
     505 Ridge Street
4    Reno, Nevada  89501
     Telephone (775) 786-4579
5    Facsimile (775) 786-3066
     *Email: mail@asmithlaw.com*

6
     *Attorney for* The Lenders Protection Group
7

8                           UNITED STATES BANKRUPTCY COURT
9                                  DISTRICT OF NEVADA
10                                     —ooOoo—
11

12   In Re:                                    Case Nos.:
     USA COMMERCIAL MORTGAGE                   BK-S-06-10725-LBR
13   COMPANY,                                  BK-S-06-10726-LBR
                    Debtor.                    BK-S-06-10727-LBR
14   _____/          BK-S-06-10728-LBR
     In Re:                                    BK-S-06-10729-LBR
15   USA CAPITAL REALTY ADVISORS, LLC,
                    Debtor.                     JOINTLY ADMINISTERED
16   _____/          Chapter 11
     In Re:
17   USA CAPITAL DIVERSIFIED TRUST
     DEED FUND, LLC,                           **NOTICE OF APPEAL**
18                  Debtor.
     _____/
19   In re:
     USA CAPITAL FIRST TRUST DEED
20   FUND, LLC,
                    Debtor.                    Hearing Date:  n/a
21   _____/
     In re:                                    Hearing Time:        n/a
22   USA SECURITIES, LLC,
                    Debtor.
23   _____/

24   Affects:
     ☒ All Debtors
25   ☐ USA Commercial Mortgage Company
     ☐ USA Capital Realty Advisors, LLC
26   ☐ USA Capital Diversified Trust Deed Fund, LLC
     ☐ USA Capital First Trust Deed Fund, LLC
27   ☐ USA Securities, LLC

28

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579        H:\USA Lenders (Cangelosi)\NOT Appeal p1.wpd

The Lenders Protection Group, a group of investors/lenders in USA Commercial Mortgage Company ("USACM"),  as identified on the *Statement Of The Law Offices Of Alan R. Smith Pursuant To Bankruptcy Rule 2019* filed herein on December 6, 2006, and as supplemented thereafter ("LPG"), through its counsel, Alan R. Smith, Esq., appeal under 28 U.S.C. § 158 and Fed. R. Bankr. Proc., Rule 8001(a), from the following judgments, orders or decrees of the United States Bankruptcy Court, District of Nevada, in the above captioned cases:

    1.    <u>**Order Confirming The "Debtors' Third Amended Plan of Reorganization," As Modified Herein**</u>, entered on the record as Docket #2376 on January 8, 2006, a copy of which is attached hereto as Exhibit A; and

    2.    <u>**Findings of Fact And Conclusions Of Law In Support Of The Confirmation Order**</u>, entered on the Record as Docket #2377, a copy of which is attached hereto as Exhibit B.

The names of all parties to these orders are as follows:

| | |
|---|---|
| Annette W. Jarvis, Esq.<br>Ray Quinney & Nebeker PC<br>36 South State St., Ste. 1400<br>Salt Lake City, UT 84145-0385<br>(801) 532-1500<br>Counsel For Debtors | Lenard E. Schwartzer, Esq.<br>Schwartzer & McPherson Law<br>2850 S. Jones Blvd., Ste. 1<br>Las Vegas, NV 89146-5408<br>(702) 228-7590<br>Counsel for the Debtors |
| Marc A. Levinson, Esq.<br>Orrick, Herrington & Sutcliffe<br>400 Capitol Mall, Ste. 3000<br>Sacramento, CA 95814<br>(916) 329-7921<br>Counsel for the Official Committee of<br>Equity Security Holders of USA Capital<br>Diversified Trust Deed Fund, LLC | Frank A. Merola, Esq.<br>Stutman, Treister & Glatt, P.C.<br>1901 Avenue of the Stars, 12th Fl.<br>Los Angeles, CA 90067<br>(310) 228-5600<br>Counsel for Official Committee of Equity<br>Security Holders of USA Capital First Trust<br>Deed Fund LLC |
| Gerald M. Gordon, Esq.<br>Greg Garman, Esq.<br>Gordon & Silver, Ltd.<br>3960 Howard Hughes Pkwy, 9th Fl<br>Las Vegas, NV 89109<br>(702)796-5555<br>Counsel for Official Committee of<br>Holders of Executory Contract Rights<br>of USA Commercial Mortgage Company | Rob Charles, Esq.<br>Lewis and Roca, LLP<br>LEWIS AND ROCA LLP<br>1 SOUTH CHURCH AVENUE #700<br>TUCSON, AZ 857011611<br>(520) 629-4427<br>Counsel for the Official Committee of<br>Unsecured Creditors of USA Commercial<br>Mortgage Company |

H:\USA Lenders (Cangelosi)\NOT Appeal.wpd      - 2 -

| | |
|---|---|
| August B. Landis, Esq.<br>Office of the U.S. Trustee<br>300 Las Vegas Blvd., S, Ste 4300<br>Las Vegas, NV 89101<br>(702) 388-6600 | Dean Kirby, Esq.<br>Kirby & McGuinn, A P.C.<br>600 B Street, Suite 1950<br>San Diego, Ca 92101<br>(619) 685-4000<br>Counsel for Debt Acquisition Corp. |
| Robert Le Pome, Esq.<br>10120 S. Eastern Ave. #200<br>Henderson, NV 89052<br>(702) 492-1271<br>Counsel for The Alexander Group | Janet Chubb, Esq.<br>Jones Vargas<br>100 W. Liberty St., 12th Floor<br>Reno, NV 89501<br>(775) 788-2205<br>Counsel for The Jones Vargas Direct<br>Lenders |
| George Davis<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>(212) 310-8000<br>Counsel for Compass Partners | David Cohen<br>Warner Stephens, LLP<br>301 Commerce Street, #1700<br>Fort Worth, TX 76102<br>(817) 810-5250<br>Counsel for Sierra Liquidity Fund |
| Michael Schmahl, Esq.<br>1319 N. Wood Street, #3B<br>Chicago, Il. 60622<br>(773) 278-5223<br>Counsel for Dr. Gary Kantor,<br>Mrs. Cantor and Kantor<br>Nephrology 401K plan | Eric Field, Esq.<br>Assistant United States Attorney<br>333 Las Vegas Blvd. South, Suite 5000<br>Las Vegas, Nevada 89101<br>(702) 388-6336<br>Counsel for Pension Benefit<br>Guarantee Corporation |
| Russell Walker, Esq.<br>Woodbury & Kesler, P.C.<br>265 East 100 South, Suite 300<br>Salt Lake City, UT 84111<br>(801) 364-1100<br>Counsel for USA Investment Partners,<br>LLC, Joseph Milinowski and Thomas<br>Hanges | Gregory Walch, Esq.<br>400 South Fourth Street, Third Floor<br>Las Vegas, NV 89101<br>(702) 791-0308<br>Counsel for Gregory J. Walch<br>and Shauna M Walch Family Trust |
| Jeffrey Sylvester<br>Sylvester & Polednak, LTD<br>7371 Prairie Falcon, Suite 120<br>Las Vegas, NV 89128<br>(702) 952-5200<br>Counsel for USA Commercial<br>Real Estate Group | Susan Scann, Esq.<br>Deaner, Deaner, Scann, Malan & Larsen<br>720 South Fourth Street, Suite 300<br>Las Vegas, NV 89101<br>(702) 382-6911<br>Counsel for Copper Sage<br>Commercial Center and Binford<br>Medical Developers, LLC |

1

| Andrew Brumby, Esq.<br>Shutts & Brown, LLP<br>300 South Orange Ave., Suite 1000<br>Orlando, FL. 32802<br>(407) 423-3200<br>Counsel for Standard Property<br>Development | Wade Gochnour, Esq.<br>1117 South Rancho Drive<br>Las Vegas, NV 89102<br>(702) 474-7557<br>Counsel for Liberty Bank |
| --- | --- |

6   **DATED** this 16th day of January, 2007.

7                                              LAW OFFICES OF ALAN R. SMITH

8                                                    */s/ Alan R. Smith*
9                              By_____
10                                  ALAN R. SMITH, ESQ.
                                   *Attorney for The Lenders Protection Group*

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\USA Lenders (Cangelosi)\NOT Appeal.wpd                    - 4 -

# EXHIBIT A



**Entered on Docket**
**January 08, 2007**



_____
**Hon. Linda B. Riegle**
**United States Bankruptcy Judge**

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com
and

Lenard E. Schwartzer, NV Bar No. 0399
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com
Attorneys for Debtors and Debtors-in-
Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:
USA COMMERCIAL MORTGAGE COMPANY,

                                                    Debtor.

In re:
USA CAPITAL REALTY ADVISORS, LLC,

                                                    Debtor.

In re:
USA CAPITAL DIVERSIFIED TRUST DEED
FUND, LLC,

                                                    Debtor.

In re:
USA CAPITAL FIRST TRUST DEED FUND,
LLC,

                                                    Debtor.

In re:
USA SECURITIES, LLC,
                                                    Debtor.

Affects:
☒ All Debtors
☐ USA Commercial Mortgage Company
☐ USA Securities, LLC
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA First Trust Deed Fund, LLC

Case No. BK-S-06-10725 LBR
Case No. BK-S-06-10726 LBR
Case No. BK-S-06-10727 LBR
Case No. BK-S-06-10728 LBR
Case No. BK-S-06-10729 LBR

Chapter 11

Jointly Administered Under
Case No. BK-S-06-10725 LBR

**[PROPOSED] FINDINGS OF FACT**
**AND CONCLUSIONS OF LAW IN**
**SUPPORT OF THE "ORDER**
**CONFIRMING THE "DEBTORS'**
**THIRD AMENDED JOINT CHAPTER**
**11 PLAN OF REORGANIZATION, AS**
**MODIFIED HEREIN"**

**Confirmation Hearing**
Date:  December 19, 2006
Time:  10:00 a.m.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 • Fax: (702) 892-0122

1

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1   Commencing on December 19, 2006 at 10:00 a.m., the Court held a hearing (the

2   "Confirmation Hearing") on the confirmation of the "Debtors' Third Amended Joint Chapter 11

3   Plan of Reorganization") (as modified by the Confirmation Order (as defined below), the

4   "Plan"[1]) proposed by USA Commercial Mortgage Company ("USACM"), USA Securities,

5   LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital

6   Diversified Trust Deed Fund, LLC ("DTDF") and USA Capital First Trust Deed Fund, LLC

7   ("FTDF"), debtors and debtors in possession in the above-captioned chapter 11 cases (the

8   "Debtors").  Appearances were made as indicated on the record at the Confirmation Hearing.

9   The Court considered the pleadings and documents filed by the Debtors and other

10  interested parties in connection with confirmation of the Plan, including the following:

11  (a)    the Plan and all accompanying exhibits, including, without limitation, the

12  Plan Documents Supplement, the Revised Schedule of Executory Contracts and Unexpired

13  Leases, the forms of Disbursing Agent Agreements for USACM and FTDF filed by the Debtors

14  and the Direct Lender Supplement;

15  (b)    the "Debtors' First Amended Disclosure Statement to Debtors' Third

16  Amended Joint Plan of Reorganization" (the "Disclosure Statement") previously approved by the

17  Court;

18  (c)    the "Memorandum of Points and Authorities in Support of Confirmation of

19  the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" (the "Confirmation

20  Memorandum");

21  (d)    the Declaration of Thomas J. Allison filed in support of confirmation of the

22  Plan (the "Allison Declaration");

23  (e)    the Affidavit of Balloting Agent Regarding Solicitation and Tabulation of

24  Votes in Connection with the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization,

25  regarding compliance with the "Solicitation Procedures" approved in the Disclosure Statement

26  Order ("BMC Declaration");

27

28

---

[1]    All terms not otherwise defined in these Findings of Fact and Conclusions of Law (the "Findings")
shall have the meanings assigned to them in the Plan.

2

1       (f)     the Declaration of David Blatt of Compass Partners LLC in Support of

2   Confirmation of Debtors' Third Amended Joint Plan of Reorganization ("Compass Declaration");

3       (g)     the "Affidavit of Balloting Agent Regarding Solicitation and Tabulation of

4   Votes in Connection with the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization"

5   and the Ballot Tabulation Report attached as Exhibit A thereto [Docket No. 2165] and

6   "Supplemental Affidavit of Balloting Agent Regarding Solicitation and Tabulation of Votes in

7   Connection with the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" and the

8   Revised Ballot Tabulation Report attached as Exhibit B thereto [Docket No. 2243], which detail

9   the tabulation of Ballots cast for or against the Plan;

10      (h)     the "Partial Opposition to Debtors' Third Amended Joint Plan of

11  Reorganization," filed by Erna D. Grundman and Joanne M. Grundman;

12      (i)     the "Partial Opposition to Debtors' Third Amended Joint Plan of

13  Reorganization," filed by Joanne M. Grundman;

14      (j)     the "Objection of The Pension Benefit Guaranty Corporation to Debtors'

15  Third Amended Joint Plan of Reorganization," filed by the Pension Benefit Guaranty Corporation

16  ("PBGC");

17      (k)     the "Objection to Confirmation of Debtors' Third Amended Joint

18  Chapter 11 Plan of Reorganization," filed by Edward Burgess;

19      (l)     "Liberty Bank's Limited Objection to Confirmation of Debtors' Third

20  Amended Joint Chapter 11 Plan of Reorganization," filed by Liberty Bank;

21      (m)     "Standard Property Company, LLC's Limited Objection to the Debtors'

22  Third Amended Joint Plan of Reorganization," filed by Standard Property, LLC;

23      (n)     "Joinder in Standard Property Company, LLC's Limited Objection to the

24  Debtors' Third Amended Joint Plan of Reorganization on Behalf of Copper Sage Commerce

25  Center LLC, " filed by Copper Sage Commercial Center;

26      (o)     "Joinder in Standard Property Company, LLC's Limited Objection to the

27  Debtors' Third Amended Joint Plan of Reorganization on Behalf of Binford Medical Developers,"

28  filed by Binford Medical Developers;

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 • Fax: (702) 892-0122

1      (p)    "Memorandum of Points and Authorities in Opposition to Confirmation of

2  Debtor's Plan," filed by Debt Acquisition Company of America V and the Declaration of Howard

3  Justus [Docket No. 2032] filed in support thereof;

4      (q)    "Limited Objection to Plan," filed by Gregory Walch and Shauna Walch,

5  etc.;

6      (r)    the "Objection of USA Investment Partners, LLC, Joseph Milanowski and

7  Thomas Hantges to Confirmation of the Debtors' Third Amended Joint Chapter 11 Plan of

8  Reorganization," filed by Joseph Milanowski and Thomas Hantges (the "H&M Objection") and

9  the Declaration of Victoria Loob filed in support thereof (the "Loob Declaration");

10      (s)    the "Objection to Confirmation of Debtors' Third Amended Joint

11  Chapter 11 Plan of Reorganization as it Applies to Debtor USA Commercial Mortgage Company,"

12  filed by The Lenders Protection Group (the "LPG Objection");

13      (t)    the Declaration of Donna Cangelosi filed in support of the LPG Objection

14  (the "Cangelosi Declaration");

15      (u)    Multiple joinders to objections to confirmation of the Plan filed by

16  Objecting JV Creditors [Docket nos. 2040, 2099, 2179, 2180, 2182, 2184, and 2191];

17      (v)    "Limited Objection to Pecos Professional Park Limited Partnership and

18  Haspinov, LLC, to Debtors' Proposed Plan of Reorganization," filed by USA Commercial Real

19  Estate Group;

20      (w)    "Joinder in Limited Opposition to Plan," filed by Direct Lenders Alexander

21  and others as shown in the Second Amended Statement of Robert C. LePome, Esq. and Nancy

22  Allf, Esq. Pursuant to Rule 2019;

23      (x)    "Errata to Limited Objection to Plan," filed by Gregory J. Walch and

24  Shauna M. Walch, Trustees of the Gregory J. and Shauna M. Walch Family Trust;

25      (y)    the "Opposition and Joinder of Sierra Liquidity Fund, L.L.C. in Oppositions

26  [sic] to Confirmation of Debtors' Third Amended Joint Plan of Reorganization" ( the "Sierra

27  Liquidity Objection" and, collectively with the objections to the Plan listed in (h)-(x) above, the

28  "Objections");

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

4

1    (z)    the "Debtors' Combined Motion In Limine And Memorandum In Support

2  Regarding The Objection Of USA Investment Partners, LLC, Joseph Milanowski And Thomas

3  Hantges To The Confirmation Of The Debtors' Third Amended Joint Chapter 11 Plan Of

4  Reorganization," filed by the Debtors; and

5    (aa)    all other pleadings, affidavits and documents filed in connection with this

6  matter.

7    The Court has heard the statements, arguments, representations and offers of proof

8  of counsel regarding confirmation of the Plan at the Confirmation Hearing, and has considered the

9  record of these Chapter 11 Cases and all testimony and evidence admitted at or before the

10  Confirmation Hearing.

11    These findings of fact and conclusions of law are in support of the "Order

12  Confirming the 'Debtors' Third Amended Joint Chapter 11 Plan Of Reorganization,' As Modified

13  Herein" (the "Confirmation Order"), entered concurrently herewith.

14    Based on the foregoing, the Court makes the following findings of fact and

15  conclusions of law, as supplemented by the findings of fact and conclusions of law stated orally

16  and reported in open court on the record at the Confirmation Hearing (which are incorporated

17  herein) pursuant to Bankruptcy Rule 7052:[2]

18

19  **FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

20    A.    This matter is a core proceeding over which the Court has jurisdiction

21  pursuant to 28 U.S.C. §§ 157(b) and 1334(a).  Venue of this proceeding is proper under 28 U.S.C.

22  §§ 1408 and 1409.

23    B.    The Debtors provided notice of the Confirmation Hearing and of the time

24  fixed for balloting and filing objections to confirmation of the Plan to all entities entitled to

25  receive such notice, including all known holders of Claims and Equity Interests of the Debtors.

26  The notice by the Debtors of such matters fully and adequately described the relief requested at the

27

28  _____

[2]  This document constitutes the Court's findings of fact and conclusions of law pursuant to Bankruptcy
Rules 7052 and 9014.  Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as
conclusions of law, and conclusions of law shall be construed as findings of fact, when appropriate.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    Confirmation Hearing and was reasonable, appropriate, and complied in all regards with due

2    process and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules (including

3    Bankruptcy Rules 2002, 3017, 3018, and 3019), and the Local Bankruptcy Rules and orders of the

4    Court, including this Court's "Order Approving: (A) Debtors' Disclosure Statement; (B) Proposed

5    Notice of Confirmation Hearing; (C) Proposed Solicitation and Notice Procedures; and (D)

6    Proposed Form of Ballots" (the "Disclosure Statement Order").

7            C.        Pursuant to the Disclosure Statement Order, all objections to confirmation

8    of the Plan, including all evidence in support thereof, were required to be filed by December 11,

9    2006 and, therefore, the Cangelosi Declaration filed on December 18, 2006 and the Sierra

10    Liquidity Objection filed on December 15, 2006 were not timely filed and were stricken from the

11    record and/or overruled.

12            D.        The only evidence submitted in support of the H&M Objection was the

13    Loob Declaration.  On December 18, 2006, the Debtors undertook an examination of Ms. Loob

14    pursuant to Bankruptcy Rule 2004 where Ms. Loob asserted her rights under the Fifth Amendment

15    of the United States Constitution in connection with questions concerning the H&M Objection and

16    her declaration in support thereof.  Additionally, USA Investment Partners ("USAIP") and Joseph

17    Milanowski each failed to appear at Court-ordered examinations to be conducted pursuant to Rule

18    2004 of the Federal Rules of Bankruptcy Procedure.  Upon consideration of Ms. Loob's assertion

19    of her Fifth Amendment rights, the failure of USAIP and Mr. Milanowski to appear at their

20    respective Rule 2004 examinations, and the Motion in Limine, the H&M Objection and Loob

21    Declaration were stricken from the record.

22            E.        None of the Objections, including the LPG Objection, raised any objection

23    with respect to the classification of the Classes of Claims and/or Equity Interests as set forth in the

24    Plan or use of a Class to meet cramdown requirements.  Further, Class A-5 consists of holders of

25    "claims" within the meaning of Bankruptcy Code section § 101(5).

26            F.        The Debtors conducted the solicitation of acceptances or rejections of the

27    Plan, and the related distribution and tabulation of ballots with respect thereto, in good faith and in

28    compliance with the Disclosure Statement Order, all applicable provisions of the Bankruptcy

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

6

1    Rules (including Bankruptcy Rules 3017 and 3018), all applicable provisions of the Bankruptcy

2    Code (including sections 1125 and 1126), and all other applicable laws, rules, and regulations.

3    Among other things, the Debtors transmitted the Plan, the Disclosure Statement, and the

4    applicable ballot to all known holders of Claims and Equity Interests of the Debtors that are

5    impaired under, and therefore entitled to vote on, the Plan.

6          G.     The Plan satisfies all of the requirements of Bankruptcy Code

7    section 1129(a) as follows:

8          1.     11 U.S.C. § 1129(a)(1): the Plan complies with all of the applicable

9    provisions of the Bankruptcy Code, including Bankruptcy Code sections 1122 and 1123.

10          The classification structure is proper and in accordance with Section 1122 of the

11    Bankruptcy Code. Each Class under the Plan differs in legal character or nature. All Claims and

12    Equity Interests within each Class are substantially similar to the other Claims or Equity Interests

13    in that Class because they are similar in legal character to the other Claims against or Equity

14    Interests in Debtors in such class.

15          Article II Section C of the Plan designates Classes of Claims and Equity Interests

16    for each of the Debtors, other than those specified in Sections 507(a)(2), (a)(3) and (a)(8) of the

17    Bankruptcy Code, and states the treatment of each Class under the Plan in accordance with

18    Sections 1123(a)(1), (2) and (3). The Plan also provides for the same treatment of each Claim and

19    Equity Interest within a particular Class in accordance with Section 1123(a)(4).

20          Article IV of the Plan provides adequate means for its implementation in a manner

21    that is consistent with Section 1123(a)(5) and (b).

22          2.     11 U.S.C. § 1129(a)(2): the Debtors have complied with all of the

23    applicable provisions of the Bankruptcy Code, including Bankruptcy Code section 1125.

24          3.     11 U.S.C. § 1129(a)(3): the Debtors have proposed the Plan in good faith

25    and not by any means forbidden by law. Moreover, the Plan itself, and the negotiated process

26    leading to its formulation, along with all four Committees, provide independent evidence of the

27    good faith of the Debtors.

28          4.     11 U.S.C. § 1129(a)(4): Article II Section B.1 and Article VII Section A of

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  the Plan, provides for the appropriate review and determination of the fees and expenses incurred

2  through the Effective Date.

3         5.     11 U.S.C. § 1129(a)(5): the Plan, the Disclosure Statement, the exhibits to

4  the Plan, the Confirmation Memorandum, the Plan Documents Supplement, the Direct Lender

5  Supplement, and the disclosures at the Confirmation Hearing disclose the identity, qualifications,

6  method of election, and/or compensation of the DTDF Administrator, the DTDF Post-Effective

7  Date Committee, USACM Trustee, the USACM Trust Committee, the Disbursing Agents for

8  FTDF, USA Realty and USA Securities, respectively.  The appointment of such persons is

9  consistent with the interests of creditors and shareholders and with public policy.

10         6.     11 U.S.C. §§1129(a)(6):  the requirements of Bankruptcy Code

11  section 1129(a)(6) are not applicable to the Plan.

12         7.     11 U.S.C. § 1129(a)(7):  each holder of a Claim or Equity Interest in a Class

13  that is impaired under the Plan will receive or retain under the Plan property of a value, as of the

14  Effective Date, that is not less than such holder would so receive or retain if the Debtors were

15  liquidated under chapter 7 of the Bankruptcy Code on such date.

16         8.     11 U.S.C. § 1129(a)(8), (10):  In the Chapter 11 Cases of FTDF, DTDF,

17  USA Realty, and USA Securities, Classes, B-1 through B-4, C-1 through C-4, D-1 through D-3

18  and E-1 through E-3 are unimpaired, and Classes B-5, C-5, D-4 and E-4, though impaired, have

19  accepted the Plan.  The Plan, with respect to the Chapter 11 Cases of FTDF, DTDF, USA Realty,

20  and USA Securities, thus satisfies the requirement of Bankruptcy Code section 1129(a)(8).

21        In the Chapter 11 case of USACM, Classes A-1 through A-3 are unimpaired,

22  and classes A-4 through A-8 are impaired under the Plan.  Classes A-6 through A-8 will receive

23  no distribution under the Plan and are deemed to reject the Plan. Impaired Class A-5 has voted to

24  accept the Plan, and based on the Revised Ballot Tabulation Report, impaired Class A-4 also has

25  voted to accept the Plan. Accordingly, Section 1129 (a)(8) has been satisfied with respect to

26  USACM's Chapter 11 Case.  Based on the acceptance of the Plan by Class A-5, Section

27  1129(a)(10) has been met with regard to USACM's Chapter 11 Case even if Class A-4 had not

28  accepted the Plan as a result of the Del Bunch Rule 3018 contested matter.

1   Section 1129(a)(10) does not apply to FTDF or DTDF because there is no impaired

2   class of Claims in their respective Chapter 11 Cases

3   In USA Realty's case, Classes D-4, the only voting impaired Class of Claims, has

4   voted to accept the Plan.  Section 1129(a)(10) is met in USA Realty's Chapter 11 Case.

5   In USA Securities' case, Class E-4, the only voting impaired Class of Claims, has

6   voted to accept the Plan.  Section 1129(a)(10) is met with regard to USA Securities' Chapter 11

7   Case.

8   9.   11 U.S.C. § 1129(a)(9):  the treatment of Allowed Administrative Expense

9   Claims, Allowed Priority Unsecured Claims, Allowed Priority Tax Claims and Allowed Secured

10  Tax Claims as set forth in Article II, Sections B. and C. of the Plan satisfies the requirements of

11  Bankruptcy Code section 1129(a)(9) in that holders of such Administrative Expense Claims,

12  Priority Unsecured Claims, Priority Tax Claims and Secured Tax Claims will be paid in full on the

13  Effective Date, or as soon as such expenses or claims become Allowed under the terms of the

14  Plan, except where the holder of such Claim agrees to a different treatment.

15  10.   11 U.S.C. § 1129(a)(11):  the Plan satisfies the requirements of Bankruptcy

16  Code section 1129(a)(11) as the evidence submitted by the Debtors shows that each of the Debtors

17  has sufficient funds on the Effective Date to make all of the distributions required to be made

18  under the Plan and that the Plan, including all of the documents incorporated therein, has adequate

19  provisions for the creation and management of the USACM Trust, the retention of assets by and

20  the management of Post-Effective Date DTDF, for making distributions to holders of Allowed

21  Claims or Equity Interests classified in Classes A-4 (Allowed General Unsecured Claims against

22  USACM), B-4 (Allowed General Unsecured Claims against FTDF), B-5 (Equity Interests in

23  FTDF), C-4 (Allowed General Unsecured Claims against DTDF), C-5 (Equity Interests in DTDF),

24  D-4 (Allowed General Unsecured Claims against USA Realty) and E-4 (Allowed General

25  Unsecured Claims against USA Securities), which are the only Classes that will receive a

26  distribution under the Plan, and to implement the provisions of the settlement with the holders of

27  Class A-5 (Direct Lender Compromise Claims).

28  11.   11 U.S.C. § 1129(a)(12): the Plan's provision for the payment of statutory

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    fees to the Office of the United States Trustee, satisfies the requirements of Bankruptcy Code

2    section 1129(a)(12).

3         12.    11 U.S.C. § 1129(a)(13):  the Plan satisfies the requirements of Bankruptcy

4    Code section 1129(a)(13) because the Debtors are not subject to any retiree benefits as defined in

5    Bankruptcy Code section 1144.

6         13.    11 U.S.C. § 1129(a)(14):  the requirements of Bankruptcy Code

7    section 1129(a)(14), which mandate the payment of domestic obligations, are inapplicable to these

8    business Debtors.

9         14.    11 U.S.C. § 1129(a)(15):  the requirements of Bankruptcy Code

10   section 1129(a)(15), which only applies to cases where the debtor is an individual, are inapplicable

11   to these business Debtors.

12        15.    11 U.S.C. § 1129(a)(16):  the requirements of Bankruptcy Code

13   section 1129(a)(16), which only applies to "the transfer of property by a corporation or trust that is

14   not a moneyed, business, or commercial corporation or trust", are inapplicable because each of the

15   Debtors is a moneyed business or commercial corporation.

16        16.    11 U.S.C. § 1129(b)(1) and (2):  With respect to Classes A-6, A-7, A-8, D-5

17   and E-5, which have not accepted the Plan, and Class A-4, to the extent such Class has not

18   accepted the Plan, the Plan satisfies the requirements of Bankruptcy Code sections 1129(b)(1) and

19   1129(b)(2) because the Plan does not discriminate unfairly against, and provides fair and equitable

20   treatment with respect to, the Allowed Claims in Classes A-4, A-6 and A-7 and Allowed Equity

21   Interests in Classes A-8, D-5 and E-5 in that the Plan provides for no distribution to any junior

22   Class in a Debtor's Estate and does not discriminate unfairly among such Classes.

23        H.    The Plan satisfies the requirements of Bankruptcy Code section 1129(b) as

24   follows:

25        1.    All of the applicable requirements of Bankruptcy Code section 1129(a)

26   other than paragraph (8) are met with respect to the Plan.

27        2.    The Plan does not discriminate unfairly with respect to Classes A-4 (to the

28   extent such Class has not accepted the Plan), A-6, A-7, A-8, D-5 and E-5.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

3.      The Plan is "fair and equitable" as to Classes A-4 (to the extent such Class has not accepted the Plan) and A-6 because holders of junior Claims or Equity Interests will not receive or retain under the Plan on account of such junior Claim or Equity Interest any property.

4.      The only Classes of Claims and Equity Interests that are junior to Class A-4 Claims are Claims in Classes A-6 through A-8.  Holders of Class A-6 Claims will not receive or retain any property unless holders of Allowed Class A-4 Claims are paid in full, plus interest. Holders of Class A-7 Claims will not receive or retain under the Plan on account of their Claim any property unless holders of Class A-4 and Class A-6 Claims are paid in full, plus interest. Furthermore, holders of Equity Interests in USACM, classified in Class A-8, will receive no distribution and retain no property under the Plan.

5.      The only Classes of Claims and Equity Interests that are junior to Class A-6 Claims are Claims in Classes A-7 through A-8.  Holders of Class A-7 Claims will not receive or retain under the Plan on account of their Claim any property unless holders of Class A-6 Claims are paid in full, plus interest.  Furthermore, holders of Equity Interests in USACM, classified in Class A-8, will receive no distribution and retain no property under the Plan

6.      The Plan is "fair and equitable" as to Class A-7 because holders of junior Claims or Equity Interests will not receive or retain under the Plan on account of such junior Claim or Equity Interest any property.  The only Class that is junior to Class A-7 Claims is Class A-8, which is comprised as Equity Interests in USACM.  Holders of Equity Interests in USACM will receive no distribution or retain any property under the Plan.

7.      The Plan is "fair and equitable" within the meaning of section 1129(b)(2)(C)(ii) as to Class A-8, which is comprised of Equity Interests in USACM, Class D-5, which is comprised of Equity Interests in USA Realty, and Class E-5, which is comprised of Equity Interests in USA Securities because no holder of any interest that is junior to the Equity Interests treated in these Classes will receive or retain any property under the Plan.

I.      Article V of the Plan governing the assumption and rejection of executory contracts and unexpired leases satisfies the requirements of sections 365 and 1123(b)(2) of the Bankruptcy Code.  As provided in the Debtors' Revised Schedule of Executory Contracts And

Unexpired Leases In Connection With Debtors' Third Amended Joint Chapter 11 Plan Of Reorganization, filed on December 18, 2006 (docket no. 2162), the Debtors have elected to reject all executory contracts and unexpired leases.

J.    The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).

K.    All modifications to the Plan filed or announced prior to the conclusion of the Confirmation Hearing constitute technical changes and/or changes that have either been consented to by affected constituents or which do not adversely affect or change the treatment of any other Claims or Equity Interests.  Accordingly, pursuant to Bankruptcy Rule 3019, these modifications do not require additional disclosure under Bankruptcy Code section 1125 or 1127(a), or resolicitation of votes under Bankruptcy Code section 1126, nor do they require that holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.  The Plan as so modified meets the requirements of Bankruptcy Code sections 1122 and 1123.  Such modifications shall be deemed accepted by each holder of a Claim or Equity Interest who has previously voted to accept the Plan.

L.    The form of documents in the Plan Documents Supplement, including the USACM Liquidating Trust Agreement, the DTDF Amended Operating Agreement, the Direct Lender Supplement, and the Disbursing Agent Agreements for USACM and FTDF substantially in the form filed by the Debtors are appropriate.

M.    The appointment of Michael Tucker of FTI Consulting to serve as the DTDF Administrator and to perform the duties specified under the Plan and the DTDF Amended Operating Agreement is appropriate and consistent with the best interests of DTDF's creditors, Equity Interest holders, and the interests of public policy.

N.    The appointment of Geoffrey L. Berman of Development Specialists, Inc. to serve as the USACM Trustee and to perform the duties specified under the Plan and the USACM Trust Agreement is appropriate and consistent with the best interests of USACM's creditors and the interests of public policy.

O.    The parties identified to the Court to serve as members of the USACM

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    Trust Committee and the DTDF Post-Effective Date Committee are appropriate to serve in such

2    roles.

3         P.    All of the conditions precedent to Confirmation of the Plan described in

4    Article VI Section A of the Plan have been satisfied.

5         Q.    The agreements, transactions and transfers authorized by the Confirmation

6    Order, including, without limitation, the USACM Trust Agreement and the DTDF Amended

7    Operating Agreement, are fair, equitable and reasonable, are entered into in good faith, are in the

8    best interests of the USACM and DTDF, their respective creditors and Estates (and with respect to

9    DTDF, its Equity Interest holders), and help provide adequate means for implementing the Plan.

10        R.    Pursuant to Bankruptcy Code section 1125(e), Persons, including the

11   Debtors, the Committees, and their respective attorneys, agents, directors, officers and

12   representatives, have acted in good faith with respect to the solicitation of votes on the Plan and

13   thus are entitled to all the protections of Bankruptcy Code section 1125(e).

14        S.    The injunctions, releases and limitations on liability contained in the Plan

15   are fair and equitable, are given for valuable consideration, were properly noticed to holders of

16   Claims and Equity Interests and other interested parties in accordance with the requirements of

17   due process and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and are

18   in the best interests of the Debtors and their Estates.

19        T.    Each term and provision of the Plan is valid and enforceable pursuant to its

20   terms.

21        U.    The Plan satisfies the requirements for confirmation set forth in

22   section 1129 of the Bankruptcy Code.

23        V.    The Court's retention of jurisdiction as set forth in Article VIII Section D of

24   the Plan is appropriate and comports with the parameters contained in 28 U.S.C. § 157.

25        W.    The provisions of the Plan, these Findings and the Confirmation Order

26   shall bind the Debtors, their respective Estates, the Asset Purchaser, the USACM Trustee, the

27   DTDF Administrator, and all holders of Claims against, and Equity Interests in the Debtors,

28   whether or not the Claims or Equity Interests of such entities are Allowed under the Plan or

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    impaired under the Plan, whether or not such entities have voted to accept or reject the Plan,

2    and whether or not such entities have filed or are deemed to have filed proofs of Claim or

3    Equity Interests in these Chapter 11 Cases.

4            X.     The transfer of the Acquired Assets (including, without limitation, both

5    real and personal property) to the Asset Purchaser is a transfer in accordance with Bankruptcy

6    Code section 1146(c) and, therefore the making, delivery, filing or recording of any mortgages,

7    deeds of trust, leasehold mortgages, leases (whether recorded or unrecorded), and/or the various

8    instruments and documents of transfer as specified in or contemplated by the Asset Purchase

9    Agreement or the Plan (collectively, "Instruments of Transfer"), and/or the exhibits thereto are

10   hereby exempt from taxation under any law imposing a recording tax, stamp tax, sales tax,

11   transfer tax, use tax or any similar tax or any so-called "bulk-sale". The appropriate federal,

12   state or local government filing and recording officers are hereby directed to accept for filing or

13   recording all Instruments of Transfer or other documents of transfer to be filed and recorded in

14   accordance with the Plan or the Asset Sale Transaction, without payment of any such tax or

15   government assessment, and without the presentation of any affidavits, instruments, or returns

16   otherwise required for recording, other than the Confirmation Order. The Court retains

17   jurisdiction to enforce the foregoing direction, by contempt proceedings or otherwise.

18           Y.     All DTDF Litigation Claims and FTDF Transferred Assets accruing to

19   DTDF or FTDF, or their Estates, shall remain assets of the Post-Effective Date DTDF, whether

20   or not litigation relating thereto is pending on the Effective Date and whether or not any such

21   right or cause of action has been listed or referred to in the Plan, the Disclosure Statement or

22   any schedule, exhibit or other document filed in connection therewith.

23           Z.     All USACM Litigation Claims and the FTDF Litigation Claims (transferred

24   to USACM pursuant to section E.2.j of Art. IV of the Plan) accruing to USACM or FTDF,

25   respectively, or their respective Estates shall remain assets of and vest in the USACM Trust,

26   whether or not litigation relating thereto is pending on the Effective Date and whether or not any

27   such right or cause of action has been listed or referred to in the Plan, the Disclosure Statement or

28   any schedule, exhibit or other document filed in connection therewith.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

AA.   As set forth in Article IV, Section E.1. of the Plan, the compromise between USACM and the Direct Lenders is fair and reasonable and is in the best interests of the USACM Estate and the Direct Lenders, respectively.

BB.   As set forth in Article IV, Section E.2. of the Plan, the compromise between USACM and FTDF is fair and reasonable and is in the best interests of the USACM Estate and FTDF Estate, respectively.

CC.   As set forth in Article IV, Section E.3. of the Plan, the compromise between FTDF and DTDF is fair and reasonable and is in the best interests of the FTDF Estate and DTDF Estate, respectively.

DD.   As set forth in Article IV, Section E.4. of the Plan, the compromise between FTDF and USA Realty is fair and reasonable and is in the best interests of the FTDF Estate and USA Realty Estate, respectively.

EE.   As set forth in Article IV, Section E.5. of the Plan, the compromise between DTDF and USA Realty is fair and reasonable and is in the best interests of the DTDF Estate and USA Realty Estate, respectively.

FF.   The Asset Purchase Agreement and the transactions contemplated by the Asset Purchase Agreement were negotiated and have been and are undertaken by USACM and FTDF (FTDF together with USACM, the "Sellers") and Asset Purchaser at arm's length, without collusion or fraud, and in good faith within the meaning of section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Asset Sale Transaction shall not affect the validity of the transfer of the Acquired Assets to the Asset Purchaser unless such authorization is duly stayed pending such appeal.

GG.   The Auction conducted in accordance with the Bid Procedures Order on December 7, 2006, at which Asset Purchaser was declared the highest and best bidder, was conducted in good faith within the meaning of section 363(m) of the Bankruptcy Code. The Asset Purchaser is a purchaser in good faith of the Acquired Assets. As a result of the foregoing, the Sellers and Asset Purchaser entitled to the protections of section 363(m) of the

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    Bankruptcy Code.

2        HH.    The Asset Purchase Agreement was negotiated, proposed and entered

3    into by the Debtors and the Asset Purchaser without collusion, in good faith, and from arm's-

4    length bargaining positions.

5        II.    There were no brokers involved in the Asset Sale Transaction, and no

6    brokers' commissions are due with respect to the Asset Sale Transaction.

7        JJ.    The Asset Purchaser is not an "insider" of any of the Debtors, as that

8    term is defined in section 101 of the Bankruptcy Code.

9        KK.    The transfer of the Acquired Assets to the Asset Purchaser will be a

10    legal, valid, and effective transfer of the Acquired Assets, and will vest the Asset Purchaser

11    with all right, title, and interest of the Sellers to the Acquired Assets free and clear of all liens,

12    claims, interests, obligations and encumbrances whatsoever, including, but not limited to, (A)

13    all monetary and non-monetary defaults and rights that purport to give to any party a right or

14    option to effect any forfeiture, modification, right of first refusal, or termination of the Sellers'

15    or the Asset Purchaser's interest in, or rights in or under, the Acquired Assets, or any similar

16    rights, based in any way on any action taken (or failed to be taken) by any of the Debtors or any

17    other matter or occurrence relating to the period prior to the Closing (other than any right that

18    existed and was matured and exercisable, as of the Petition Date, to effect a substitution of

19    USACM as loan servicer under Section 3 of any Loan Servicing Agreement, as well as any

20    defenses of the loan servicer thereto (a "Surviving Section 3 Right")); (B) taxes arising under or

21    out of, in connection with, or in any way relating to the existence, ownership, management or

22    servicing of the Acquired Assets prior to the Closing; and (C) (i) all mortgages, deeds of trust,

23    security interests, conditional sale or other title retention agreements, pledges, liens, judgments,

24    demands, encumbrances, rights of first refusal or charges of any kind or nature, if any,

25    including, but not limited to, any restriction on the use, voting, transfer, receipt of income or

26    other exercise of any attributes of ownership and (ii) all debts arising in any way in connection

27    with any agreements, acts, or failures to act, of any of the Sellers or any of the Sellers'

28    predecessors or affiliates; all claims (as that term is defined in the Bankruptcy Code),

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    obligations, liabilities, rights of recoupment or setoff, demands, guaranties, options, rights,

2    restrictions, interest and matters of any kind and nature in any way relating to the existence,

3    ownership, management or servicing of the Acquired Assets prior to Closing, whether known

4    or unknown, contingent or otherwise, whether arising prior to or subsequent to the

5    commencement of these cases pursuant to chapter 11 of the Bankruptcy Code, and whether

6    imposed by agreement, understanding, law, equity or otherwise, including but not limited to

7    claims otherwise arising under doctrines of successor liability (collectively, "Interests");

8    provided, however, that, in connection with any attempted post-Closing exercise of a Surviving

9    Section 3 Right: (a) the Direct Lenders must provide Compass at least thirty (30) days prior

10   written notice of the intended exercise of such right in accordance with section 8 of the Loan

11   Servicing Agreement, (b) Compass shall have the right to challenge the exercise of such

12   Surviving Section 3 Right by filing a motion with this Court prior to the expiration of such

13   thirty (30) day period to determine whether such Surviving Section 3 Right has been properly

14   and validly exercised (the "Compass Motion") and the Court shall retain jurisdiction to

15   adjudicate any such disputes, (c) in the event Compass timely files such Compass Motion, the

16   effectiveness of the attempted exercise of such Surviving Section 3 Right shall be stayed

17   pending this Court's entry of an order in respect of the Compass Motion, and (d) the post-

18   Closing survival of such Surviving Section 3 Right shall not impair in any respect any rights or

19   interests of Compass under the Loan Servicing Agreements, including, without limitation, its

20   rights under Section 2(c)(iii) of the Loan Servicing Agreement.  In the event of a proper

21   exercise of remedies under Section 3 of the Loan Servicing Agreement, (i) neither the Direct

22   Lenders nor any replacement servicer selected by such Direct Lender shall have the right or

23   ability to compromise, subordinate, or impair, in any respect, any claims purchased by Compass

24   from the Estates for default interest, accrued servicing fees, late charges, success fees, or other

25   amounts under the Loan Servicing Agreement, and (ii) the Confirmation Order shall be binding

26   upon such replacement servicer regardless of whether such replacement servicer actually

27   received such copy of the Confirmation Order.

28           LL.     The Loan Servicing Agreements are not executory contracts under

17

1    Bankruptcy Code section 365 and can be transferred to the Asset Purchaser under Bankruptcy

2    Code sections 1123 and 363(b) without being assumed and assigned to the Asset Purchaser

3    under Bankruptcy Code section 365.

4            MM.    The Asset Purchaser would not have entered into the Asset Purchase

5    Agreement and would not consummate the transactions contemplated thereby, thus adversely

6    affecting the Sellers, their Estates, their creditors, and, with respect to FTDF, its Equity Interest

7    holders, if the sale of the Acquired Assets to the Asset Purchaser was not free and clear of all

8    Interests of any kind or nature whatsoever, or if the Asset Purchaser would, or in the future

9    could, be liable for any of the Interests, including, without limitation, any liabilities not

10   expressly assumed by the Asset Purchaser.

11           NN.    The consideration provided by Asset Purchaser pursuant to the Asset

12   Purchase Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Acquired

13   Assets, (iii) will provide a greater recovery to the Sellers' Estates than would be provided by

14   any other available alternative, and (iv) constitutes reasonably equivalent value and fair

15   consideration under the Bankruptcy Code and under the laws of the United States, any State

16   (including Nevada), territory, possession, or the District of Columbia.

17           OO.    Unless otherwise provided by law, the reversal or modification of the

18   Confirmation Order and these Findings on appeal shall not affect the validity of the Plan, or any

19   agreement or action authorized by the Confirmation Order or under the Plan with respect to any

20   entity acting in good faith, whether or not that entity knows of the appeal, unless the

21   Confirmation Order is stayed pending appeal.

22           PP.    Based on the foregoing findings and conclusions, the Debtors are entitled to

23   entry by this Court of the Confirmation Order.

24   Submitted by:                              Approved / Disapproved by:
     RAY QUINNEY & NEBEKER P.C.         OFFICE OF THE U.S. TRUSTEE

25   and SCHWARTZER & MCPHERSON LAW FIRM

26   By:  /s/ Jeanette E. McPherson           By: _____

27   LENARD E. SCHWARTZER, ESQ.           August B. Landis
     JEANETTE E. MCPHERSON, ESQ.

28   ANNETTE W. JARVIS, ESQ.
     STEVEN STRONG, ESQ.
     *Counsel for Debtors*

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF THE "ORDER CONFIRMING THE "DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION, AS MODIFIED HEREIN"**

**Approved**/Disapproved by:
LEWIS AND ROCA, LLP

By: /s/ Rob Charles
    SUSAN M. FREEMAN, ESQ.
    ROB CHARLES, ESQ.
    *Counsel for the Official Committee of*
    *Unsecured Creditors of USA Commercial*
    *Mortgage Company*

**Approved**/Disapproved by:
GORDON & SILVER, LTD.

By: /s/ Gregory Garman
    GERALD M. GORDON, ESQ.
    GREGORY E. GARMAN, ESQ.
    *Counsel for the Official Committee of*
    *Holders of Executory Contract Rights of*
    *USA Commercial Mortgage Company*

**Approved**/Disapproved by:
ORRICK, HERRINGTON & SUTCLIFFE LLP
and BECKLEY SINGLETON, CHTD.

By: /s/ Marc A. Levinson
    MARC A. LEVINSON, ESQ.
    JEFFERY HERMANN ESQ.
    BOB L. OLSON, ESQ.
    ANNE M. LORADITCH, ESQ.
    *Counsel for the Official Committee of*
    *Equity Security Holders of USA Capital*
    *Diversified Trust Deed Fund, LLC*

**Approved**/Disapproved by:
STUTMAN TREISTER & GLATT, P.C. and
SHEA & CARLYON, LTD.

By: /s/ Christine Pajak
    FRANK A. MEROLA, ESQ.
    EVE KARASIK, ESQ.
    CHRISTINE PAJAK, ESQ.
    CANDACE C. CARLYON, ESQ.
    *Counsel for the Official Committee of*
    *Equity Security Holders of USA Capital*
    *First Trust Deed Fund LLC*

Approved/**Disapproved** by:

By: /s/ Kevin Darby for
    ALAN SMITH, ESQ.
    *Counsel for Lenders Protection Group*

Approved/Disapproved by:

By:
    DEAN KIRBY, ESQ.
    *Counsel for Debt Acquisition*
    *Company of America*

Approved/Disapproved by:

By:
    ERIC FIELD, ESQ.
    *Counsel for Pension Benefit Guarantee*
    *Corporation*

Approved/Disapproved by:

By:
    NANCY ALLF, ESQ.
    ROBERT LEPOME, ESQ.
    *Counsel for The Alexander Group*

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF THE "ORDER CONFIRMING THE "DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN OF

2  REORGANIZATION, AS MODIFIED HEREIN"

3

4  Approved/Disapproved by:                        Approved/**Disapproved** by:

5

6  By: _____            By: _/s/ Janet Chubb_____
        MICHAEL SCHMAHL, ESQ.                        JANET CHUBB, ESQ.
        *Counsel for Dr. Gary Kantor, Mrs. Kantor*        *Counsel for Jones Vargas Direct Lenders*

7        *and Kantor Nephrology 401K plan*

8  **Approved**/Disapproved by:                    Approved/Disapproved by:

9

10 By: _/s/ George Davis_____      By: _____
        GEORGE DAVIS ESQ.                              DAVID COHEN, ESQ.

11      *Counsel for Compass Partners*                 *Counsel for Sierra Liquidity Fund*

12

13 Approved/Disapproved by:                        Approved/Disapproved by:

14

15 By: _____            By: _____
        GREGORY J. WALCH ESQ.                        JEFFREY SYLVESTER, ESQ.

16      *Counsel for Gregory J. Walch and Shauna*        *Counsel for USA Commercial Real Estate*
        *M. Walch, Trustees of the Gregory J. and*      *Group*

17      *Shauna M. Walch Family Trust*

18

19 Approved/Disapproved by:                        Approved/Disapproved by:

20

21 By: _____            By: _____
        RUSSELL WALKER, ESQ.                          SUSAN SCANN, ESQ.

22      *Counsel for USA Investment Partners, LLC,*      *Counsel for Copper Sage Commercial*
        *Joseph Milanowski and Thomas Hantges*          *Center and Binford Medical Developers, LLC*

23

24 **Approved**/Disapproved by:                    Approved/Disapproved by:

25 By: _/s/ Andrew Brumby_____      By: _____
        ANDREW BRUMBY, ESQ.                          WADE GOCHNOUR, ESQ.

26      R. VAUGHN GOURLEY, ESQ.                      ARYN M. FITZWATER, ESQ.
        *Counsel for Standard Property Development*      *Counsel for Liberty Bank*

27

28 */ / /*

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

\_\_\_ The court has waived the requirement of approval under LR 9021.

\_\_\_ No parties appeared or filed written objections, and there is no trustee appointed in the case.

 X  I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

**Failed to respond:**

WADE GOCHNOUR, ESQ.
SUSAN SCANN, ESQ.
RUSSELL WALKER, ESQ.
GREGORY J. WALCH ESQ.
JEFFREY SYLVESTER, ESQ.
DAVID COHEN, ESQ.
MICHAEL SCHMAHL, ESQ.
ROBERT LEPOME, ESQ.
ERIC FIELD, ESQ.
DEAN KIRBY, ESQ.
August B. Landis, Esq.

# # #

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

21

# EXHIBIT B



1
2
3       **Entered on Docket**
        **January 08, 2007**              
4                                          _____
5                                          **Hon. Linda B. Riegle**
                                           **United States Bankruptcy Judge**

6   Annette W. Jarvis, Utah Bar No. 1649        Lenard E. Schwartzer, NV Bar No. 0399
    RAY QUINNEY & NEBEKER P.C.                   Jeanette E. McPherson, NV Bar No. 0399
7   36 South State Street, Suite 1400            Schwartzer & McPherson Law Firm
    P.O. Box 45385                               2850 South Jones Boulevard, Suite 1
8   Salt Lake City, Utah 84145-0385              Las Vegas, Nevada 89146-5308
    Telephone: (801) 532-1500                    Telephone:  (702) 228-7590
9   Facsimile: (801) 532-7543                    Facsimile:  (702) 892-0122
    Email: ajarvis@rqn.com                       E-Mail: bkfilings@s-mlaw.com
10
11                                          Attorneys for Debtors and Debtors-in-Possession

12              **UNITED STATES BANKRUPTCY COURT**

13                     **DISTRICT OF NEVADA**

14  In re:                                  Case No. BK-S-06-10725 LBR
    USA COMMERCIAL MORTGAGE COMPANY,        Case No. BK-S-06-10726 LBR
15                              Debtor.     Case No. BK-S-06-10727 LBR
    In re:                                  Case No. BK-S-06-10728 LBR
16  USA CAPITAL REALTY ADVISORS, LLC,       Case No. BK-S-06-10729 LBR
                                Debtor.
17  In re:                                  Chapter 11
18  USA CAPITAL DIVERSIFIED TRUST DEED
    FUND, LLC,                              Jointly Administered Under
19                              Debtor.     Case No. BK-S-06-10725 LBR
20  In re:
    USA CAPITAL FIRST TRUST DEED FUND, LLC, **[PROPOSED] ORDER**
21                              Debtor.     **CONFIRMING THE "DEBTORS'**
                                            **THIRD AMENDED JOINT**
22  In re:                                  **CHAPTER 11 PLAN OF**
    USA SECURITIES, LLC,                    **REORGANIZATION," AS**
                                Debtor.     **MODIFIED HEREIN**
23
24  Affects:
25  ☒ All Debtors                           **Confirmation Hearing**
    ☐ USA Commercial Mortgage Company       Date:  December 19, 2006
26  ☐ USA Securities, LLC                      Time: 10:00 a.m.
    ☐ USA Capital Realty Advisors, LLC
27  ☐ USA Capital Diversified Trust Deed Fund, LLC
    ☐ USA First Trust Deed Fund, LLC
28

*(left margin, vertical text)* SCHWARTZER & McPHERSON LAW FIRM  2850 South Jones Boulevard, Suite 1  Las Vegas, Nevada 89146-5308  Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    Commencing on December 19, 2006 at 10:00 a.m., the Court held a hearing (the

2    "Confirmation Hearing") on the confirmation of the "Debtors' Third Amended Joint Chapter 11

3    Plan of Reorganization" (the "Third Amended Plan") proposed by USA Commercial Mortgage

4    Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors,

5    LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF") and USA

6    Capital First Trust Deed Fund, LLC ("FTDF"), debtors and debtors in possession in the above-

7    captioned chapter 11 cases (the "Debtors"). Appearances were made as indicated in the recorded

8    transcript of the Confirmation Hearing.

9    The Court, having entered the "Findings of Fact and Conclusions of Law in Support of

10   Order Confirming the 'Third Amended Joint Chapter 11 Plan of Reorganization, as Modified

11   Herein'" (the "Findings"), which are hereby incorporated into this Confirmation Order, and

12   good cause appearing,

13       **IT HEREBY IS ORDERED THAT**:

14       1.    The Third Amended Plan, as amended or modified by this Confirmation Order, (the

15   Third Amended Plan, as so modified, being referred to herein as the "Plan"[1]) is approved and

16   confirmed under Bankruptcy Code section 1129.

17       2.    All Objections to the confirmation of the Plan, including objections to the Asset

18   Sale Transaction, that have not been stricken from the record, withdrawn, waived, or settled, and

19   all reservations of rights pertaining to confirmation of the Plan or the consummation of the Asset

20   Sale Transaction included therein or otherwise made in any pleading, correspondence, written or

21   oral statement, or other communication to the Bankruptcy Court, the Debtors, the United States

22   Trustee, the Committees, or other parties in interest are overruled on the merits.

23       3.    The Cangelosi Declaration and Loob Declaration are hereby stricken from the

24   record.

25       4.    The Sierra Liquidity Objection and H&M Objection are overruled and stricken

26

27   _____

28   [1]    Terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan.

**Page 2 of 29**

USA Capital_ Proposed Confirmation Order 010807

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1   from the record.

2       5.      The arguments raised orally at the Confirmation Hearing by The Lender Protection

3   Group regarding the classification of Class A-5 were not timely raised and are not properly before

4   the Court and, notwithstanding the foregoing, are overruled.

5       6.      The failure to reference or discuss any particular provision of the Plan in this

6   Confirmation Order or the Findings shall have no effect on this Court's approval and authorization

7   of, or the validity, binding effect, and enforceability of, such provision; and each provision of the

8   Plan is authorized and approved and shall have the same validity, binding effect, and

9   enforceability as every other provision of the Plan, whether or not mentioned in this Confirmation

10  Order or the Findings.

11      7.      The amounts, priorities, secured status, and classifications of Claims and Equity

12  Interests for purposes of the distributions to be made under the Plan shall be governed solely by

13  the terms of the Plan.  The amounts, priorities, secured status, and classifications set forth on the

14  Ballots tendered to or returned by holders of Claims and Equity Interests in connection with voting

15  on the Plan (a) were set forth on the Ballots solely for purposes of voting to accept or reject the

16  Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise

17  affect, the actual amount, priority, secured status, or classification of such Claims and Equity

18  Interests under the Plan for distribution purposes, and (c) shall not be binding on, or used as

19  evidence against the Debtors or the Post-Effective Date Entities for any purpose other than with

20  respect to voting on the Plan.

21  **Binding Effect**

22      8.      The provisions of the Plan and this Confirmation Order shall bind (a) the Debtors

23  and their respective Estates, (b) the Post-Effective Date Entities, (c) the USACM Trust

24  Committee,  USACM Trustee, the DTDF Administrator, and the DTDF Post-Effective Date

25  Committee (d) Compass Partners LLC, who is the Asset Purchaser under the Plan ("Compass"),

26  (e) all creditors of the Debtors; (f) all Direct Lenders; (g) all parties in interest; and (h) and any

27  holder of an Administrative Expense Claim or Claim against or Equity Interest in any of the

28  Debtors, including all federal, state, and local governmental entities and fiscal intermediaries

USA Capital_ Proposed Confirmation Order 010807

1   thereof, whether or not (i) the Administrative Expense Claim, Claim, or Equity Interest of such

2   holder is impaired under the Plan, (ii) such holder or entity has voted to accept or reject the Plan,

3   and (iii) such holder or entity has filed or is deemed to have filed proof of Claim or Equity

4   Interest, made a demand for payment of an Administrative Expense Claim, or has made

5   appearance has been made in these Chapter 11 Cases.

6   **No Substantive Consolidation / Recharacterization**

7        9.    In consideration of the compromises set forth in the Plan, the DTDF Committee in

8   open court waived any right to seek substantive consolidation of the Debtors' Estates and waived

9   any right to seek recharacterization of (i) the notes and deeds of trust in which the Direct Lenders

10  hold interests as property of the Debtors' Estates or (ii) the Direct Lenders' interests in such notes

11  and deeds of trust as unsecured claims against the Debtors' Estates.

12       10.    On the Effective Date, all of the assets of each Debtor shall be sold, transferred,

13  distributed or retained by each of such Debtor's respective Estates, or the Post-Effective Date

14  Entities created for each such Debtor and its Estate under the Plan, with all proceeds of sold,

15  transferred, or liquidated assets of each Debtor being retained by the respective Debtor's Estate, or

16  the Post-Effective Date Entities created for each such Debtor and its Estate under the Plan.  All

17  Claims against and Equity Interests in the Debtors and their respective Estates shall be retained by

18  the holders of Allowed Claims and Allowed Equity Interests against and in the respective Estates,

19  except as otherwise provided for under the Plan.  The allowance, voting, treatment and

20  distributions on account of Allowed Claims and Allowed Equity Interests shall be as set forth in

21  the Plan on an individual Estate basis.

22       11.    Nothing in the Plan or this Confirmation Order shall be deemed to recharacterize

23  either (i) the notes and deeds of trust in which the Direct Lenders hold interests as property of the

24  Debtors' Estates or (ii) the Direct Lenders' interests in such notes and deeds of trust as unsecured

25  claims against the Debtors' Estates.

26  **Asset Sale Transaction**

27       12.    The Asset Purchase Agreement, dated and effective as of December 8, 2006

28  [Docket No. 2164] (the "Asset Purchase Agreement"), made by and between USACM and FTDF

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

(together with USACM, the "Sellers") and DTDF, USA Realty and USA Securities, as acknowledging parties, and Compass is hereby approved.

13.    The Debtors and Compass, as may be mutually agreed by such parties, are hereby authorized to consummate the Asset Purchase Agreement at any time following ten (10) days after entry of this Confirmation Order, which may occur prior to the Effective Date of the Plan.

14.    Except as expressly permitted or otherwise specifically provided for in the Asset Purchase Agreement or this Confirmation Order, pursuant to sections 105(a), 1123, and 363(f) of the Bankruptcy Code, the Acquired Assets shall be transferred to the Asset Purchaser on the terms and conditions set forth in the Asset Purchase Agreement, and upon Closing shall be, free and clear of all liens, claims, interests, obligations and encumbrances whatsoever, including, but not limited to, (A) all monetary and non-monetary defaults and rights that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Sellers' or the Asset Purchaser's interest in, or rights in or under, the Acquired Assets, or any similar rights, based in any way on any action taken (or failed to be taken) by any of the Debtors or any other matter or occurrence relating to the period prior to the Closing (other than any right that existed and was matured and exercisable, as of the Petition Date, to effect a substitution of USACM as loan servicer under Section 3 of any Loan Servicing Agreement, as well as any defenses of the loan servicer thereto (a "Surviving Section 3 Right")); (B) taxes arising under or out of, in connection with, or in any way relating to the existence, ownership, management or servicing of the Acquired Assets prior to the Closing; and (C) (i) all mortgages, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, rights of first refusal or charges of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership and (ii) all debts arising in any way in connection with any agreements, acts, or failures to act, of any of the Sellers or any of the Sellers' predecessors or affiliates; all claims (as that term is defined in the Bankruptcy Code), obligations, liabilities, rights of recoupment or setoff, demands, guaranties, options, rights, restrictions, interest and matters of any kind and nature in any way relating to the existence, ownership, management or servicing of

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1   the Acquired Assets prior to Closing, whether known or unknown, contingent or otherwise,

2   whether arising prior to or subsequent to the commencement of these cases pursuant to chapter 11

3   of the Bankruptcy Code, and whether imposed by agreement, understanding, law, equity or

4   otherwise, including but not limited to claims otherwise arising under doctrines of successor

5   liability (collectively, "Interests"); provided, however, that, in connection with any attempted post-

6   Closing exercise of a Surviving Section 3 Right: (a) the Direct Lenders must provide Compass at

7   least thirty (30) days prior written notice of the intended exercise of such right in accordance with

8   section 8 of the Loan Servicing Agreement, (b) Compass shall have the right to challenge the

9   exercise of such Surviving Section 3 Right by filing a motion with this Court prior to the

10   expiration of such thirty (30) day period to determine whether such Surviving Section 3 Right has

11   been properly and validly exercised (the "Compass Motion") and the Court shall retain jurisdiction

12   to adjudicate any such disputes, (c) in the event Compass timely files such Compass Motion, the

13   effectiveness of the attempted exercise of such Surviving Section 3 Right shall be stayed pending

14   this Court's entry of an order in respect of the Compass Motion, and (d) the post-Closing survival

15   of such Surviving Section 3 Right shall not impair in any respect any rights or interests of

16   Compass under the Loan Servicing Agreements, including, without limitation, its rights under

17   Section 2(c)(iii) of the Loan Servicing Agreement.  In the event of a proper exercise of remedies

18   under Section 3 of the Loan Servicing Agreement, (i) neither the Direct Lenders nor any

19   replacement servicer selected by such Direct Lender shall have the right or ability to compromise,

20   subordinate, or impair, in any respect, any rights, claims or interests purchased by Compass from

21   the Estates for default interest, accrued servicing fees, late charges, success fees, or other amounts

22   under the Loan Servicing Agreement, and (ii) this Confirmation Order shall be binding upon such

23   replacement servicer regardless of whether such replacement servicer actually received such copy

24   of the Confirmation Order.

25         15.    Any and all such Interests whatsoever shall attach to the net proceeds of the Asset

26   Sale Transaction in the order of their priority, with the same validity, force and effect which they

27   now have as against the Acquired Assets, subject to any claims and defenses that the Sellers may

28   possess with respect thereto.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

16. Upon the Closing of the Asset Sale Transaction, the Sellers are hereby authorized to pay SPCP, LLC the Break-Up Fee from the proceeds of the Asset Sale Transaction.

17. The transfer of the Acquired Assets to the Asset Purchaser pursuant to the Asset Purchase Agreement constitutes a legal, valid, and effective transfer of the Acquired Assets, and shall vest the Asset Purchaser with all right, title, and interest of the Sellers in and to the Acquired Assets free and clear of all Claims and Interests of any kind or nature whatsoever.

18. If any Person or entity that has filed financing statements, mortgages, mechanic's liens, lis pendens, or other documents or agreements evidencing Interests in the Acquired Assets shall not have delivered to the Sellers prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Interests which the Person or entity has with respect the Acquired Assets or otherwise, then (a) the Sellers are authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the Person or entity with respect to the Acquired Assets and (b) the Asset Purchaser is authorized to file, register, or otherwise record a certified copy of this Confirmation Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Interests in the Acquired Assets of any kind or nature whatsoever.

19. The consideration provided by the Asset Purchaser for the Acquired Assets under the Asset Purchase Agreement is, and shall be deemed, to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any State (including Nevada), territory, possession, or the District of Columbia.

20. This Confirmation Order (a) shall be effective as a determination that, on the Closing, all Interests of any kind or nature whatsoever existing as to the Acquired Assets prior to the Closing have been unconditionally released, discharged and terminated (other than any obligations expressly assumed by the Asset Purchaser under the Asset Purchase Agreement), and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds,

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1   administrative agencies, governmental departments, secretaries of state, federal, state, and local

2   officials, and all other persons and entities who may be required by operation of law, the duties of

3   their office, or contract, to accept, file, register or otherwise record or release any documents or

4   instruments, or who may be required to report or insure any title or state of title in or to any of the

5   Acquired Assets.

6        21.    Each and every federal, state, and local governmental agency or department is

7   directed to accept any and all documents and instruments necessary and appropriate to

8   consummate the transactions contemplated by the Asset Purchase Agreement.

9        22.    All entities who are presently, or on the Closing may be, in possession of any or all

10  of the Acquired Assets are directed to surrender possession of the Acquired Assets to the Asset

11  Purchaser on the Closing; provided, however, that, pursuant to the Asset Purchase Agreement,

12  only working copies of the relevant databases and servicing and reporting software, will be

13  delivered to the Asset Purchaser, with the originals being retained by USACM and transferred to

14  the USACM Trust.

15       23.    This Court retains jurisdiction as set forth in Section VIII.D. of the Plan, including

16  the jurisdiction to enforce and implement the terms and provisions of this Confirmation Order and

17  the Asset Purchase Agreement, all amendments thereto, any waivers and consents thereunder, in

18  all respects, including, but not limited to, retaining jurisdiction to: (a) compel delivery of the

19  Acquired Assets to the Asset Purchaser pursuant to the terms of this Confirmation Order and the

20  Asset Purchase Agreement; and (b) to protect the Asset Purchaser against any Interests against the

21  Sellers or the Acquired Assets.

22       24.    Except for any liabilities expressly assumed by the Asset Purchaser pursuant to the

23  Asset Purchase Agreement (the "Assumed Liabilities"), the sale of the Acquired Assets shall be

24  free and clear of, and the Asset Purchaser shall have no liability or responsibility for, any Interests

25  Without limiting the generality of the foregoing, and except as otherwise specifically provided in

26  the Asset Purchase Agreement and this Confirmation Order, to the extent allowed by law, the

27  Asset Purchaser shall not be liable for any Claims or Interests against the Sellers or any of their

28  predecessors or affiliates or the Acquired Assets, and the Asset Purchaser shall have no successor

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1   or vicarious liabilities of any kind or character including, but not limited to, any such liability that

2   may be imposed by statute (e.g., under so-called "bulk sale" laws) or any theory of antitrust,

3   environmental, successor or transferee liability, labor law, de facto merger, or substantial

4   continuity, whether known or unknown as of the Closing, now existing or hereafter arising,

5   whether matured, unmatured, fixed or contingent, with respect to the Sellers or any obligations of

6   the Sellers or the Acquired Assets arising prior to the Closing, including, but not limited to,

7   liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with,

8   or in any way relating to the existence, ownership, management or servicing of the Acquired

9   Assets prior to the Closing.

10          25.     Under no circumstances shall the Asset Purchaser be deemed a successor of or to

11  the Sellers for any Interest against or in the Sellers or the Acquired Assets of any kind or nature

12  whatsoever.  The sale, transfer, assignment and delivery of the Acquired Assets shall not be

13  subject to any Interests, and Interests of any kind or nature whatsoever shall remain with, and

14  continue to be obligations of, the Sellers.  All Persons holding Interests against or in the Sellers or

15  the Acquired Assets of any kind or nature whatsoever (including but not limited to, the Sellers

16  and/or their respective successors, including any trustee's thereof, creditors, lenders to any of the

17  Sellers, Direct Lenders, borrowers, employees, unions, former employees and shareholders,

18  administrative agencies, governmental units, secretaries of state, federal, state and local officials,

19  maintaining any authority relating to any environmental, health and safety laws, and their

20  respective successors or assigns) shall be, and are, forever barred, estopped, and permanently

21  enjoined from asserting, prosecuting, or otherwise pursuing such Interests of any kind or nature

22  whatsoever against the Asset Purchaser, its property, its successors and assigns, or the Acquired

23  Assets, as an alleged successor or otherwise, with respect to any Interest of any kind or nature

24  whatsoever such Person or entity had, has, or may have against or in the Sellers, their estates,

25  officers, directors, shareholders, or the Acquired Assets.  Following the Closing, no holder of an

26  Interest in the Sellers shall interfere with the Asset Purchaser's title to or use and enjoyment of the

27  Acquired Assets based on or related to such Interest, or any actions that the Sellers may take in

28  their Chapter 11 Cases.

26.     The transactions contemplated by the Asset Purchase Agreement are undertaken by the Asset Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Asset Sale Transaction shall not affect the validity of the Asset Sale Transaction or any rights or protections accorded Asset Purchaser under the Asset Purchase Agreement or this Confirmation Order, unless such authorization is duly stayed pending such appeal.  The Asset Purchaser is a purchaser in good faith of the Acquired Assets, and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

27.     The transfer of the Acquired Assets pursuant to the Asset Sale Transaction is a transfer pursuant to section 1146(c) of the Bankruptcy Code, and accordingly, the transfer of the Acquired Assets (including without limitation both real and personal property) to Asset Purchaser does not and will not subject the Sellers or Asset Purchaser, their affiliates or designees to any liability for any law imposing a mortgage or recording tax, transfer tax, stamp tax, sales tax, use or similar tax or any so-called "bulk-sale", to the fullest extent permitted by Section 1146(c) of the Bankruptcy Code.  Each and every federal, state and local government agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the transfer of any of the Acquired Assets, all without imposition or payment of any stamp tax, transfer tax, or similar tax.

**Post-Effective Date Entities**

28.     Pursuant to Article IV, Section D.1. of the Plan, on the Effective Date, all assets of the USACM Estate not collected or disposed of on or prior to the Effective Date, including (a) Cash and noncash proceeds, (b) loans made to Placer Vineyards, Marquis Hotel, Colt Gateway LLC, and Colt Second TD and all related fees and default interest on the Placer Vineyards, Marquis Hotel, Colt Gateway LLC, and Colt Second TD loans, including the Loan Servicing Agreements related to the Placer Vineyards, Marquis Hotel, Colt Gateway LLC, and Colt Second TD loans, all other Notes Receivable (including the Investment Partners Note) and all Accounts Receivable, computers and software, (c) the Prepaid Interest (including Prepaid Interest collected by the Asset Purchaser post-Closing and including the DTDF Prepaid Interest, subject to the

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    objection of the DTDF Committee, which shall be determined by the Court if not settled), (d) the

2    USACM Accounts (including USACM Estate's share of the IP $58 Million Promissory Note), (e)

3    all USACM Litigation Claims, including without limitation the Non-Debtor Insider Litigation,

4    belonging to or assertable by the USACM Estate, and (f) the FTDF Litigation Claims  transferred

5    to USACM pursuant to Article IV, Section E.2.j of the Plan (collectively, the "USACM Trust

6    Assets"), minus any Cash needed to make the payments required to be made on the Effective Date

7    pursuant to the Plan or needed to fund the reserves required to be established on the Effective

8    Date, shall vest in the USACM Trust, pursuant to the Plan and shall be transferred to the USACM

9    Trust as soon as practicable thereafter.

10        29.    As of the Effective Date and pursuant to Article IV, Section D.2. of the Plan, all

11   assets of the DTDF Estate not collected or disposed of prior to the Effective Date, including (a)

12   Cash and noncash proceeds, (b) the DTDF Loans (including but not limited to rights associated

13   with the former Epic and Sheraton Loans and the Loan Servicing Agreements for the Excluded

14   DTDF Loans), (c) the FTDF Transferred Assets, (d) all DTDF Litigation Claims, including

15   without limitation the Non-Debtor Insider Litigation, belonging to or assertable by the DTDF

16   Estate, and (e) the DTDF Estate's share of the IP $58 Million Promissory Note (collectively, the

17   "DTDF Assets") shall remain the property of DTDF after the Effective Date.  Post-Effective Date

18   DTDF shall also be funded with Pro Rata distributions from the USACM Trust on account of the

19   Allowed DTDF Unsecured Claim.

20        30.    The Liquidating Trust Agreement as filed with the Court is approved, and Geoffrey

21   L. Berman is approved as the USACM Trustee.  On and after the Effective Date, the USACM

22   Trust and the USACM Trustee shall have all powers and duties set forth in the Plan and in the

23   USACM Trust.

24        31.    The DTDF Amended Operating Agreement as filed with the Court is approved, and

25   Michael Tucker is approved as the DTDF Administrator.  On and after the Effective Date, the

26   Post-Effective Date DTDF and DTDF Administrator shall have all powers and duties set forth in

27   the Plan and in the DTDF Amended Operating Agreement.

28        32.    As of the Effective Date, the USACM Trust Committee shall have the rights,

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    powers, privileges, responsibilities, and authority as set forth in the Plan and in the USACM Trust.

2        33.    As of the Effective Date, the DTDF Post-Effective Date Trust Committee shall

3    have the rights, powers, privileges, responsibilities, and authority as set forth in the Plan and in the

4    DTDF Amended Operating Agreement.

5        34.    As of the Effective Date, USACM shall irrevocably assign, transfer and convey to

6    the USACM Trust, all right, title and interest in and to the USACM Trust Assets, including, but

7    not limited to, all USACM Litigation Claims and the FTDF Litigation Claims.  All USACM

8    Litigation Claims and the FTDF Litigation Claims accruing to USACM or FTDF, respectively, or

9    their respective Estates shall remain assets of and vest in the USACM Trust, whether or not

10    litigation relating thereto is pending on the Effective Date.  Neither USACM, FTDF, their

11    respective Estates nor the USACM Trust waives, relinquishes, or abandons any USACM

12    Litigation Claim or FTDF Litigation Claim which constitutes property of their respective Estates,

13    regardless of whether or not litigation relating thereto is pending on the Effective Date and

14    whether or not any such right or cause of action has been listed or referred to in the Plan, the

15    Disclosure Statement or any schedule, exhibit or other document filed in connection therewith.

16        35.    The USACM Trust shall have full power and authority to prosecute, compromise or

17    otherwise resolve any and all such USACM Litigation Claims and FTDF Litigation Claims, with

18    all recoveries derived therefrom to be distributed under the Plan.  The USACM Trust and the

19    Estates shall not be barred by res judicata, collateral estoppel, judicial estoppel, issue preclusion or

20    otherwise after Confirmation from prosecuting the USACM Litigation Claims or FTDF Litigation

21    Claims.  To the full extent permitted by law, USACM will be deemed to irrevocably transfer to the

22    USACM Trustee, as its legal successor, all rights of USACM and the USACM Estate (including

23    the USACM Estate after the Confirmation Date) to exercise or waive any attorney-client privilege,

24    accountant-client privilege, work-product privilege or other privilege or immunity attaching to any

25    documents or communications (whether written or oral) as set forth in the Liquidating Trust

26    Agreement, and USACM and the USACM Trustee are authorized to take all necessary actions to

27    effectuate the transfer of the Privileges.

28        36.    On and after the Effective Date, pursuant to the Asset Purchase Agreement and the

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    Plan, the USACM Trust shall have or, if it does not have, be granted access to all databases,

2    software, documents, records and original computers and related hardware currently owned by, or

3    currently in the possession or control of, any of the Debtors, which, in the discretion of the

4    USACM Trust, are deemed to be necessary.  The foregoing shall include, but not be limited to,

5    electronic copies (in a form that will enable the USACM Trust to use and manipulate the data), all

6    software and systems, all hardware, all documents, all records (including reconstructed Loan

7    ledgers and other documents created during the Chapter 11 Cases), and all original computers and

8    related hardware that are necessary for the USACM Trust to administer or service any Loans, to

9    object to Claims against and Equity Interests in USACM, to prosecute or defend any litigation to

10   which USACM, the USACM Estate or the USACM Trust is a party, to administer and/or manage

11   the USACM Trust, and to make distributions to the beneficiaries of the USACM Trust.

12   Notwithstanding anything to the contrary herein, as agreed in the Asset Purchase Agreement, the

13   USACM Trust shall retain the original relevant databases and servicing and reporting software.

14           37.     All DTDF Litigation Claims accruing to DTDF or its Estate shall remain assets of

15   the Post-Effective Date DTDF, whether or not litigation relating thereto is pending on the

16   Effective Date.  Neither DTDF, its Estate nor Post-Effective Date DTDF waives, relinquishes, or

17   abandons any DTDF Litigation Claim which constitutes property of its Estate, regardless of

18   whether or not litigation relating thereto is pending on the Effective Date and whether or not any

19   such right or cause of action has been listed or referred to in the Plan, the Disclosure Statement or

20   any schedule, exhibit or other document filed in connection therewith.

21           38.     Post-Effective Date DTDF shall have full power and authority to prosecute,

22   compromise or otherwise resolve any and all such DTDF Litigation Claims, with all recoveries

23   derived therefrom to be distributed under the Plan.  The Post-Effective Date DTDF and the DTDF

24   Estate shall not be barred by res judicata, collateral estoppel, judicial estoppel, issue preclusion or

25   otherwise after Confirmation from prosecuting the DTDF Litigation Claims.

26           39.     On and after the Effective Date, pursuant to the Asset Purchase Agreement and the

27   Plan, Post-Effective Date DTDF shall have or, if it does not have, be granted access to all

28   databases, software, documents, records and original computers and related hardware currently

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1   owned by, or currently in the possession or control of, any of the Debtors, which, in the discretion

2   of Post-Effective Date DTDF, are deemed to be necessary.  The foregoing shall include, but not be

3   limited to, electronic copies (in a form that will enable Post-Effective Date DTDF to use and

4   manipulate the data), all databases, all software and systems, all hardware, all documents and all

5   records (including the reconstructed Loan ledgers and other documents created during the Chapter

6   11 Cases), and all original computers and related hardware that are necessary for Post-Effective

7   Date DTDF to collect upon and otherwise administer its retained Loans, to object to Claims

8   against and Equity Interests in DTDF and Post-Effective Date DTDF, to prosecute or defend any

9   litigation to which DTDF, the DTDF Estate or the Post-Effective Date DTDF is a party, to

10  administer and/or manage Post-Effective Date DTDF, and to make distributions to the holders of

11  Allowed Claims against and Equity Interests in DTDF and Post-Effective Date DTDF.

12         40.    USACM Trust and Post-Effective Date DTDF shall retain their respective share of

13  the Non-Debtor Insider Litigation and may, without further order of this Court, enter into a joint

14  prosecution or sharing agreement with each other.

15         41.    The Debtors, the Debtors' officers, the USACM Trustee, and the DTDF

16  Administrator are authorized to take all actions necessary to implement the Plan and the

17  transactions contemplated therein in accordance with the terms of the Plan, and are authorized to

18  execute, deliver, file, or record such contracts, instruments, releases, and other agreements or

19  documents and to take such other actions as they may determine to be necessary or appropriate to

20  effectuate, implement, and further evidence the terms and conditions of the this Confirmation

21  Order, the Plan, the Plan Documents Supplement, the Direct Lender Supplement, or the exhibits

22  and schedules to any of the foregoing, and any or all such documents shall be accepted by each of

23  the respective local or state filing offices and recorded in accordance with applicable state law and

24  shall become effective in accordance with their terms and the provisions of state law.

25  **Intercompany Compromises.**

26         42.    As set forth in Article IV, Section E.1. of the Plan, the compromise between

27  USACM and the Direct Lenders is hereby approved.

28         43.    As set forth in Article IV, Section E.2. of Art. IV of the Plan, the compromise

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  between USACM and FTDF is hereby approved.

2      44.    As set forth in Article IV, Section E.3. of Art. IV of the Plan, the compromise

3  between FTDF and DTDF is hereby approved.

4      45.    As set forth in Article IV, Section E.4. of Art. IV of the Plan, the compromise

5  between FTDF and USA Realty is hereby approved.

6      46.    As set forth in Article IV, Section E.5. of Art. IV of the Plan, the compromise

7  between DTDF and USA Realty is hereby approved.

8  **Loan Distributions, Loan Servicing Agreements, Loans And Deeds of Trust**

9      47.    After the Effective Date, and except as otherwise provided in the Plan, the Direct

10  Lenders and Post-Effective Date DTDF shall be entitled to distributions from the Direct Lender

11  Loans in accordance with the related Loan Servicing Agreements, the applicable loan and security

12  documents, and applicable Nevada law, by the Asset Purchaser, as the third party servicer.  In

13  accordance with Article IV, Section E.1.d.ii of the Plan, Section 7.3 of the Asset Purchase

14  Agreement and any other orders of this Court, the Asset Purchaser is authorized and directed to

15  net Prepaid Interest sums due from Direct Lenders and collect Prepaid Interest from Borrowers,

16  and remit those amounts to USACM or the USACM Trust, as applicable.  After the Closing, the

17  Direct Lenders are obligated to comply with the terms of the applicable Loan Servicing

18  Agreements including the obligation to pay the fees at the rate expressed as a percentage specified

19  in Section 5 thereof, without regard to any inconsistent offering circular or other document;

20  provided, however, that solely as to the timely filed objections by (i) Erna D. Grundman and

21  Joanne M. Grundman, jointly, (ii) Joanne M. Grundman, and (iii) Gregory Walch and Shauna

22  Walch to the Loan Servicing Fee Schedule: (i) such objections concerning pre-Closing servicing

23  fees shall be resolved as between USACM and the objecting Direct Lenders under the Alternative

24  Dispute Resolution Agreement; and (ii) entry of the Confirmation Order shall not resolve such

25  objections concerning post-Closing servicing fees as between the Asset Purchaser and the

26  objecting Direct Lender.

27      48.    Nothing in the Plan or this Confirmation Order shall be deemed to modify, in any

28  respect, the Direct Lenders' notes or the deeds of trust securing such notes.

USA Capital_ Proposed Confirmation Order 010807

**Preservation of Rights of Action and Defenses.**

49.     Except to the extent such rights, Claims, causes of action, defenses, and counterclaims are expressly and specifically released in connection with the Plan or in any settlement agreement approved during the Chapter 11 Cases, (1) any and all rights, Claims, causes of action, defenses, and counterclaims accruing to or assertable by the Debtors or their Estates, including without limitation any and all Litigation Claims, the Non-Debtor Insider Litigation, Claims related to the Undistributed Cash and Claims for Prepaid Interest shall remain assets of such Estates and be assertable by the Debtors or such Estates, and to the extent applicable, be transferred to and assertable by any respective Post-Effective Date Entity, whether or not litigation relating thereto is pending on the Effective Date, and whether or not any such rights, Claims, causes of action, defenses, and counterclaims have been Scheduled or otherwise listed or referred to in the Plan or Disclosure Statement, or any other document Filed with the Court, and (2) neither the Debtors nor the Post-Effective Date Entities is hereby deemed to waive, relinquish, or abandon (nor shall they be estopped or otherwise precluded from asserting) any right, Claim, cause of action, defense, or counterclaim that constitutes property of such Debtor's Estate or is assertable by such Estate: (A) whether or not such right, Claim, cause of action, defense, or counterclaim has been listed or referred to in the Schedules, the Plan, the Disclosure Statement, or any other document Filed with the Court, (B) whether or not such right, Claim, cause of action, defense, or counterclaim is currently known to the Debtors, and (C) whether or not a defendant in any litigation relating to such right, Claim, cause of action, defense, or counterclaim filed a proof of Claim in the Chapter 11 Cases, filed a notice of appearance or any other pleading or notice in the Chapter 11 Cases, voted for or against the Plan, or received or retained any consideration under the Plan.  Without in any manner limiting the scope of the foregoing, notwithstanding any otherwise applicable principle of law or equity, including, without limitation, any principles of judicial estoppel, res judicata, collateral estoppel, issue preclusion, or any similar doctrine, the failure to list, disclose, describe, identify, or refer to a right, Claim, cause of action, defense, or counterclaim, or potential right, Claim, cause of action, defense, or counterclaim, in the Schedules, the Plan, the Disclosure Statement, or any other document Filed with the Court shall in no manner

USA Capital_ Proposed Confirmation Order 010807

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    waive, eliminate, modify, release, or alter the Debtors or the Post-Effective Date Entities' rights to

2    commence, prosecute, defend against, settle, and realize upon any rights, Claims, causes of action,

3    defenses, or counterclaims that any of the Debtors or the Estates has or may have as of the

4    Confirmation Date.  The Debtors or the Post-Effective Date Entities may commence, prosecute,

5    defend against, recover on account of, and settle all rights, Claims, causes of action, defenses, and

6    counterclaims in their sole discretion in accordance with what is in the best interests, and for the

7    benefit, of the Debtors or the Post-Effective Date Entities.

8    **Nondischarge of Debtors and Injunction.**

9          50.      **Pursuant to Article IV, Section H. of the Plan and section 1141(d)(3) of the**

10    **Bankruptcy Code, the Confirmation Order shall not discharge Claims against or Equity**

11    **Interests in the Debtors.  However, no holder of a Claim or Equity Interest may receive any**

12    **payment from or seek recourse against any assets that are distributed or to be distributed**

13    **under the Plan, except for those assets required to be distributed to such holder as expressly**

14    **provided for in the Plan.  As of the Effective Date, all Entities are precluded from asserting**

15    **against any assets that are distributed or to be distributed under the Plan any Claims, rights,**

16    **causes of action, liabilities or interests based upon any act or omission, transaction or other**

17    **activity of any kind or nature that occurred prior to the Effective Date, other than as**

18    **expressly provided in the Plan or Confirmation Order, regardless of the filing, lack of filing,**

19    **allowance or disallowance of such a Claim or Equity Interest and regardless of whether such**

20    **an Entity has voted to accept the Plan.**

21          51.      **Except as otherwise provided in the Plan or this Confirmation Order, on and**

22    **after the Effective Date all Entities that have held, currently hold or may hold a debt, Claim,**

23    **other liability or Equity Interest against or in the Debtors that would be discharged upon**

24    **confirmation of the Plan on the Effective Date but for the provisions of section 1141(d)(3) of**

25    **the Bankruptcy Code shall be permanently enjoined from taking any of the following actions**

26    **on account of such debt, Claim, liability, Equity Interest or right: (A) commencing or**

27    **continuing in any manner any action or other proceeding on account of such debt, Claim,**

28    **liability, Equity Interest or right against assets or proceeds thereof that are to be distributed**

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1   under the Plan, other than to enforce any right to a distribution with respect to such assets

2   or the proceeds thereof as provided under the Plan; (B) enforcing, attaching, collecting or

3   recovering in any manner any judgment, award, decree, or order against any assets to be

4   distributed to creditors under the Plan, other than as permitted under subparagraph (A)

5   above; and (C) creating, perfecting or enforcing any lien or encumbrance against any assets

6   to be distributed under the Plan, other than as permitted by the Plan, provided that nothing

7   contained herein shall limit the rights of any distributee under the Plan from taking any

8   actions in respect of property distributed or to be distributed to it under the Plan.

9   **Executory Contracts and Unexpired Leases**

10          52.     Pursuant to the Debtors' Revised Schedule of Executory Contracts And Unexpired

11   Leases In Connection With Debtors' Third Amended Joint Chapter 11 Plan Of Reorganization,

12   filed on December 18, 2006 (docket no. 2162), all executory contracts and unexpired Leases of the

13   Debtors are hereby rejected, effective as of the Effective Date.

14          53.     Pursuant to Article V, Section B.3. of the Plan, if the rejection of an executory

15   contract or unexpired lease by any of the Debtors pursuant to Article V, Section B.1. of the Plan

16   results in damages to the other party or parties to such contract or lease, a request for payment of

17   any and all Claims allegedly arising from a Debtor's rejection of executory contracts or unexpired

18   leases, whether rejected under the Plan or by separate proceeding, must be Filed on or before the

19   first Business Day which is thirty (30) calendar days after the date of service of notice of entry of

20   the Confirmation Order.  Failure to File such a request for payment prior to the time set forth

21   herein shall be forever barred from asserting such Claims against the Debtors, the Estates, the

22   Post-Effective Date Entities and/or any other Entity or any of their respective property, and the

23   Debtors, the Estates, and the Post-Effective Date Entities, to the extent applicable, shall be

24   discharged of any obligation on such Claim or any other Claim related such Claim.

25   **Administrative Expense Claims and Objections to Claims**

26          54.     Pursuant to Article II, Section B.1.c.i. of the Plan, except as provided in Article II,

27   Sections B.1.c.ii. and  B.1.c.iii. of Art. II of the Plan, requests for payment of Administrative

28   Expense Claims must be Filed and served on the Debtors and the Post-Effective Date Entities, the

1  Committees (to the extent such Committees are not dissolved) and the U.S. Trustee by no later

2  than thirty (30) days after the Effective Date (the "Administrative Expense Claim Bar Date")  Any

3  holder of an Administrative Expense Claim who fails to File a request seeking to have its Claim

4  Allowed on or before the Administrative Expense Claim Bar Date shall be forever barred from

5  seeking the allowance of its Administrative Expense Claim, and the Debtors and their Estates,

6  including any Post-Effective Date Entities, if applicable, shall be discharged of any obligation on

7  such Claim or any other Claim related to the Administrative Expense Claim.

8         55.    Pursuant to Article II, Section B.1.c.ii. of the Plan,  all Professionals or other

9  Entities requesting compensation or reimbursement of expenses under sections 327, 328, 330, 331,

10  503(b) and/or 1103 of the Bankruptcy Code for services rendered before the Effective Date

11  (including any compensation requested by any professional or any other Entity for making a

12  substantial contribution in the Chapter 11 Cases under section 503(b)(3)(D) of the Bankruptcy

13  Code) shall File and serve on the Debtors, the Post-Effective Date Entities, the Committees (to the

14  extent such Committees are not yet dissolved) and the U.S. Trustee an application for final

15  allowance of compensation and reimbursement of expenses no later than forty-five (45) days after

16  the Effective Date (the "Professionals Administrative Expense Claim Bar Date").  Any objections

17  to such applications must be Filed and served in accordance with applicable law, including

18  Nevada District Court Local Rule 9014.  Any Professional who fails to File an application

19  requesting payment on or prior to the Professionals Administrative Expense Claim Bar Date shall

20  be forever barred from seeking the allowance of its Administrative Expense Claim or any other

21  Claim, and the Debtors, their Estates and any Post-Effective Date Entities, if applicable, shall be

22  discharged of any obligation on such Claim or any other Claim related to the Professional's Claim.

23         56.    Pursuant to Article II, Section B.1.c.iii. of the Plan,  holders of Ordinary Course

24  Administrative Expense Claims shall not be required to File any request for payment of such

25  Claims by the Administrative Expense Claim Bar Date.  Each Ordinary Course Administrative

26  Expense Claim shall be assumed and paid by the obligated Estate under the terms and conditions

27  of the particular transaction giving rise to that Ordinary Course Administrative Expense Claim,

28  without any further action by the holder of such Ordinary Course Administrative Expense Claim

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

57.     Pursuant to Article II, Section B.1.c.iv. of the Plan, all holders of Administrative Expense Claims (including without limitation, Professionals requesting compensation or reimbursement of expenses), except holders of Ordinary Course Administrative Expense Claims, are required to File a request for payment of such Claims in accordance with the Plan.  Failure to File a request for payment of an Administrative Expense Claim prior to the Administrative Expense Claim Bar Date or the Professionals Administrative Expense Claim Bar Date, as applicable, shall forever bar the holder from asserting such Claims against the Debtors, the Estates, the Post-Effective Date Entities and any other Entity or any of their respective property, and the Debtors, the Estates and the Post-Effective Date Entities, to the extent applicable, shall be discharged of any obligation on such Claim or any other Claim related to the Administrative Expense Claim.

58.     The Post-Effective Date Entities, the FTDF Committee (to the extent it is still in existence) or FTDF (for the benefit of and on behalf of the FTDF Estate), USA Realty on behalf of the USA Realty Estate and USA Securities on behalf of the USA Securities Estate, shall be responsible for Filing objections to any and all Claims and Equity Interests that are Disputed Claims or Disputed Equity Interests asserted against its respective Estate.  The Post-Effective Date Entities, the FTDF Committee (to the extent it is still in existence) or FTDF (for the benefit of and on behalf of the FTDF Estate), USA Realty on behalf of the USA Realty Estate and USA Securities on behalf of the USA Securities Estate have the authority to settle and compromise any objection to a Disputed Claim or Disputed Equity Interest, if appropriate, without further order of the Court, and they may assert any and all Claims, rights of action, causes of action, counterclaims and defenses held by their respective Estates.  The Estates, including the Post-Effective Date Entities, may, but shall not be required to, set off or recoup against any Claim or Equity Interest and the distributions to be made pursuant to the Plan in respect of such Claim or Equity Interest, any counterclaims, setoffs, or recoupment of any nature whatsoever that the Estates may have against the holder of the Claim or Equity Interest, but neither the failure to do so nor the allowance of any Claim or Equity Interest shall constitute a waiver or release by the Estates or the Post-Effective Date Entities of any such Claim, cause of action, setoff or recoupment.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

59.     Unless otherwise extended by order of this Court, objections to the allowance of Claims and Equity Interests shall be Filed and served upon the Entities asserting such Claims or Equity Interests as follows: (A) for any and all Claims and Equity Interests to which the General Bar Date applies, ninety (90) days after the Effective Date; (B) for any and all Claims to which the Administrative Claims Bar Date or the Professionals Administrative Bar Date applies, thirty (30) days after the expiration of the respective Bar Date; and (C) for any and all Claims to which the Bar Date applicable under section B.3 of Art. V of the Plan applies, thirty (30) days after the expiration of that Bar Date.

**Chief Restructuring Officer / Disbursing Agent**

60.     After the Effective Date, Tom Allison shall remain Chief Restructuring Officer of FTDF, USA Realty and USA Securities.

61.     In the Chapter 11 Cases of FTDF, USA Securities and USA Realty, the Debtors shall act as Disbursing Agents under the Plan for their respective Estates and shall make all distributions required under the Plan.  At any time after thirty (30) days following the Effective Date, such Debtors may request that all future distributions of their respective Estates be handled by a Disbursing Agent, which may be Development Specialists, Inc. ("DSI"), including through Geoffrey L. Berman, acting in its own right and not as USACM Trustee, as Disbursing Agent.  In the Chapter 11 Case of FTDF, after FTDF has made all initial distributions required under the Plan, DSI shall act as Disbursing Agent pursuant to a Disbursing Agent Agreement substantially in the form filed with the Court by the Debtors, as such agreement may be modified by such parties.

62.     Pursuant to the Asset Purchase Agreement and the Plan, FTDF, USA Securities and USA Realty shall have copies of or access to all databases, software, documents and records of, or in the possession or control of, any of the Debtors, as may be necessary or appropriate in the wind down and dissolution of FTDF, USA Securities and USA Realty, including as necessary or appropriate, all databases, software, documents and records necessary to object to and make distributions to Claims and Equity Interest, as Allowed, against FTDF, USA Securities and USA Realty.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    63.    In the USACM Chapter 11 Case, the USACM Trustee shall act as Disbursing

2  Agent under the Plan for distributions to USACM Trust Beneficiaries, and DSI shall act as

3  Disbursing Agent under the Plan with respect to disbursements under the Plan after the Effective

4  Date to holders of Allowed Administrative Expense Claims, Allowed Priority Tax Claims,

5  Allowed Secured Tax Claims, Allowed Other Secured Claims, and Allowed Claims in Classes A-

6  1, A-2, and A-3 and Disputed Claims pursuant to a Disbursing Agent Agreement substantially in

7  the form filed by the Debtors.  In the DTDF Chapter 11 Case, Post-Effective Date DTDF shall act

8  as Disbursing Agent under the Plan for the DTDF Estate, and shall make all distributions required

9  under the Plan, and may employ or contract with other Entities to assist in or perform any

10  distribution of property.

11  **Miscellaneous.**

12    64.    As set forth in Article VIII, Section A. of the Plan, the limitation of liability and

13  release provisions shall be effective and binding upon all applicable Persons and entities to the

14  fullest extent provided in the Plan.

15    65.    The Debtors and Debtors in Possession, without any action by Equity Interests

16  whatsoever, are hereby authorized to execute such documents and take such other action as is

17  necessary to effectuate the transactions provided for in the Plan.

18    66.    As set forth in Article II, Section B.1.b. of the Plan, on or before the Effective Date,

19  Statutory Fees for each Estate shall be paid in Cash, in full when due.

20    67.    As soon as practicable after the occurrence of the Effective Date, but no later than

21  ten (10) days thereafter, the USACM Trustee shall File and serve on each holder of a Claim or

22  Equity Interest a written notice of the occurrence of Effective Date.  Each Committee shall post

23  notice of the occurrence of the Effective Date on its respective website.

24    68.    In accordance with section 1146(c) of the Bankruptcy Code, the making delivery,

25  filing or recording of any mortgages, deeds of trust, leasehold mortgages, leases (whether recorded

26  or unrecorded) and/or the various instruments and documents of transfer as specified in or

27  contemplated by the Plan, including the documents related to the Asset Sale Transaction and/or

28  the exhibits thereto, are hereby exempt from taxation under any law imposing a mortgage or

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  recording tax, stamp tax, sales tax, transfer tax, use tax or any similar tax.  The appropriate federal,

2  state or local government officers are hereby directed to accept for filing or recording all

3  Instruments of Transfer or other documents of transfer to be filed and recorded in accordance with

4  the Plan and the exhibits thereto, without payment of any such tax or government assessment, and

5  without the presentation of any affidavits, instruments, or returns otherwise required for recording

6  other than the Confirmation Order.  The Court retains jurisdiction to enforce the foregoing

7  direction by contempt proceedings or otherwise.

8      69.    USACM shall have authority to take actions on behalf of USACM and the USACM

9  Estate until and including the Effective Date, when the appointment of the USACM Trustee

10  becomes effective and the USACM Trust Assets are transferred to the USACM Trust and the

11  USACM Trust becomes effective in accordance with this Plan and the USACM Trust Agreement.

12  As soon as practicable thereafter, USACM shall be dissolved in accordance with the Confirmation

13  Order and applicable state law.

14      70.    DTDF shall have authority to take actions on behalf of DTDF and the DTDF Estate

15  until and including the Effective Date and, thereafter, the Post-Effective Date DTDF shall have the

16  exclusive authority to act on behalf of DTDF and the DTDF Estate.  When the Plan has been fully

17  implemented by Post-Effective Date DTDF and all assets of the DTDF Estate and Post-Effective

18  Date DTDF have been fully liquidated and distributed and the DTDF Estate and Post-Effective

19  Date DTDF fully administered, DTDF shall be dissolved in accordance with the Confirmation

20  Order, the DTDF Amended Operating Agreement and applicable state law.

21      71.    FTDF, USA Realty, and USA Securities shall have the authority to effect

22          all transactions and take all actions, including, without limitation, filing applicable tax

23  returns, required by the Plan on and after the Effective Date.  FTDF and the FTDF Committee

24  shall each have authority to prosecute (a) claim objections in the FTDF Estate, and (b) the non

25  assignable

26          FTDF Litigation Claims on behalf of FTDF subject to the compromise with DTDF set

27  forth herein.  After the actions set forth in this paragraph are completed, FTDF, USA Realty, and

28  USA Securities shall be dissolved in accordance with the Confirmation Order and applicable state

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

law, and FTDF, USA Realty, and USA Securities, or their respective appointed Disbursing Agent, which may be DSI, shall file a final report and close their respective Chapter 11 Cases in accordance with Bankruptcy Code section 350.

72.    The Post-Effective Date Entities may execute such other documents and take such other actions as may be necessary or appropriate to effectuate the transactions contemplated under this Plan.

73.    The reversal or modification of this Confirmation Order or Findings on appeal shall not affect the validity of the Plan, or any agreement or action authorized by this Confirmation Order or under the Plan, including the Asset Purchaser Agreement, with respect to any entity acting in good faith, whether or not that entity knows of the appeal, unless this Confirmation Order is stayed pending appeal.

74.    Within ninety (90) days of the Effective Date, the Debtors or a Post-Effective Date Entity or the FTDF Committee, to the extent applicable, shall File a status report for each of the respective Debtors setting forth what progress has been made toward the consummation of the confirmed Plan.  The status report shall be served on the U.S. Trustee, the Debtors, prior to dissolution or transition to the Post-Effective Date Entities, the Post-Effective Date Entities, and any Entities who have Filed a request for such reports with the Court.  Unless otherwise ordered, further status reports shall be Filed every ninety (90) days and served on the same Entities.  On or after the Effective Date, no monthly operating reports need to be filed with the U.S. Trustee.

75.    Once each Estate has been fully administered, as referred to in Bankruptcy Rule 3022, the Post-Effective Date Entities, the Debtors, or another party as the Court may designate, shall File a final report and account of all receipts and disbursements, and serve that report on the U.S. Trustee, and any other Entities entitled to service under any applicable law. Any such final report shall include a request that the Court enter a Final Decree in the Chapter 11 Case of the applicable Debtor.

76.    Nothing in this Confirmation Order or the Plan shall be construed or interpreted to release, discharge, enjoin or otherwise adversely impact any claim or claims of PBGC or any pension plan, currently or formerly sponsored by the Debtors against any person arising under 29

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 • Fax: (702) 892-0122

1    U.S.C. Sections 1104-1109 with respect to the pension plans.

2    77.    Nothing in this Confirmation Order or the Plan, including without limitation the

3    injunction provided in Section IV.H. of the Plan: (i) shall alter, affect or supersede the Bankruptcy

4    Court's Order Approving Agreement With Investment Partners entered on July 24, 2006 (Docket

5    No. 946); or (ii) shall enjoin, prejudice, limit, preclude or otherwise impair the rights and remedies

6    that (a) the Debtors and their respective Estates, (b) the Post-Effective Date Entities, (c) the Direct

7    Lenders, or (d) creditors of the Debtors or parties in interest, including Liberty Bank, as or may

8    have against any non-debtor third parties, including without limitation HMA Sales, LLC ("HMA")

9    and USA Investment Partners, LLC ("USAIP"), under the Receivables Loan Agreement between

10   Liberty Bank and HMA dated as of November 15, 2004, as amended, and the loan documents

11   securing and/or relating thereto, including without limitation the Guaranty Agreement executed by

12   USAIP and the Subordination Agreement among USAIP, HMA and Liberty Bank, each dated as

13   of November 15, 2004.

14   78.    Nothing in this Confirmation Order or the Plan shall be construed or interpreted to

15   release, discharge, enjoin or otherwise adversely impact the assertion of any setoff, recoupment,

16   counterclaim or defense that Standard Property Development, LCC ("Standard"), Binford Medical

17   Developers, LLC ("Binford"), or Copper Sage Commerce Center, LLC ("Copper Sage") may

18   assert against any lender, other than FTDF, USACM, or Compass as the assignee or transferee of

19   the assets of FTDF and USACM, to the attempted enforcement, collection and/or foreclosure of

20   the applicable Loan(s) to such borrower; as for FTDF or USACM or Compass as the assignee or

21   transferee of the assets of FTDF and USACM, nothing in this Confirmation Order or the Plan shall

22   be construed or interpreted to preclude Standard, Binford, or Copper Sage from asserting any

23   defense (including the defense of recoupment) to the enforcement, collection and/or foreclosure

24   of FTDF's or USACM's undivided interest in the Standard, Binford, or Copper Sage Loan(s) to

25   such borrower.

26   79.    Each term and provision of the Plan is hereby deemed to be valid and enforceable

27   pursuant to its terms.

28   80.    If and to the extent that there is any direct conflict between the terms of the Plan,

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    the Findings and the terms of this Confirmation Order, this Confirmation Order shall control.

2        81.    Notwithstanding the fact that Joseph Milanowski, Thomas Hantges, Paul Hamilton,

3    Victoria Loob, USA Investment Partners, LLC, USA Commercial Real Estate Group, Cynthia

4    Milanowski, or Salvatore Reale, their insiders or affiliates may have acted or served in some

5    capacity with the Debtors after the Petition Date or may have some other connection with the

6    Debtors or the Debtors' Estates, and notwithstanding anything in the Plan to the contrary or which

7    could be construed to the contrary, nothing in the Plan nor this Confirmation Order shall be

8    construed as providing a release of any claims or causes of action against Joseph Milanowski,

9    Thomas Hantges, Paul Hamilton, Victoria Loob, USA Investment Partners, LLC, USA

10   Commercial Real Estate Group, Cynthia Milanowski, or Salvatore Reale, their insiders or

11   affiliates (other than the Debtors themselves in accordance with the provisions of the Plan).

12       82.    Nothing contained in the Asset Purchase Agreement shall modify the obligations

13   owed to the Lenders by Compass as the loan servicer or rights of the Lenders against Compass as

14   the loan servicer (or the rights of Compass as the loan servicer against the Lenders) under the

15   applicable Loan Servicing Agreements and otherwise applicable law.  Compass shall distribute

16   any sums due to Lenders under any of the Loan Servicing Agreements in accordance with the

17   Loan Servicing Agreements, as the same may be modified with consent of the applicable Lenders,

18   and with otherwise applicable law.  Compass shall apply all payments and proceeds from Serviced

19   Loans (as such term is defined in the Asset Purchase Agreement), however collected, whether

20   through liquidation of collateral, payments from the Borrower or otherwise, in accordance with the

21   provisions of the notes and/or loan agreements.  Further, notwithstanding the foregoing, to the

22   extent the Bankruptcy Court has entered an order, including, but not limited to, this Confirmation

23   Order, which interprets or enforces provisions of the Loan Servicing Agreements or directs the

24   distribution of payments under the Loan Servicing Agreements or payments collected from

25   Borrowers, Compass, the Lenders, and all other affected parties shall abide by the terms of such

26   order(s).  If, as between the provisions of the Loan Servicing Agreements and the order(s) of the

27   Bankruptcy Court, it is not clear to Compass how the sums collected shall be distributed, then

28   Compass shall hold the sums payable to the Lender until Compass either receives direction from

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1   the Lender and, as to items not constituting Commercial Mortgage Assets (as such term is defined

2   in the Asset Purchase Agreement), the Sellers (or their successor or assignee under the Plan)

3   regarding disbursement of interest, or is directed by an order from a court of competent

4   jurisdiction.  Nothing contained herein is intended to waive any defenses of the Lenders or, as to

5   items not constituting Commercial Mortgage Assets (as such term is defined in the Asset Purchase

6   Agreement), the Sellers (or their successors or assignees) under the Loan Servicing Agreements.

7   For the avoidance of doubt, under no circumstance shall any pre-Closing Date liability assertable

8   by any party attach to Compass, or to any asset acquired by Compass, pursuant to the Asset

9   Purchase Agreement.  Furthermore, for the avoidance of doubt, notwithstanding any other

10  provision in the Asset Purchase Agreement, this Confirmation Order, or any order which may in

11  the future be entered by the Bankruptcy Court, all servicing fees due pursuant to the terms stated

12  in the Loan Servicing Agreements, and all interest due on the First Trust Deed Fund Assets (as

13  such term is defined in the Asset Purchase Agreement), shall continue to be due and payable, and

14  Compass shall collect such servicing fees and interest for its sole benefit on and after the Closing

15  Date.

16  Submitted by:                                   Approved / Disapproved by:
    RAY QUINNEY & NEBEKER P.C.                      OFFICE OF THE U.S. TRUSTEE
17  and SCHWARTZER & MCPHERSON LAW
    FIRM
18

19  By: /s/ Lenard E. Schwartzer                    By: _____
    LENARD E. SCHWARTZER, ESQ.                          August B. Landis
20  JEANETTE E. MCPHERSON, ESQ.
    ANNETTE W. JARVIS, ESQ.
21  STEVEN STRONG, ESQ.
    Counsel for Debtors
22

23  **Approved**/Disapproved by:                    **Approved**/Disapproved by:
    LEWIS AND ROCA, LLP                             GORDON & SILVER, LTD.
24

25  By:  /s/  Rob Charles                           By:  /s/  Gregory Garman
        SUSAN M. FREEMAN, ESQ.                          GERALD M. GORDON, ESQ.
26      ROB CHARLES, ESQ.                               GREGORY E. GARMAN, ESQ.
        *Counsel for the Official Committee of*         *Counsel for the Official Committee of*
27      *Unsecured Creditors of USA Commercial*         *Holders of Executory Contract Rights of*
        *Mortgage Company*                              *USA Commercial Mortgage Company*
28

1    **[PROPOSED] ORDER CONFIRMING THE "DEBTORS' THIRD AMENDED JOINT**
     **CHAPTER 11 PLAN OF REORGANIZATION," AS MODIFIED HEREIN**
2

3    **Approved**/Disapproved by:              **Approved**/Disapproved by:
4    ORRICK, HERRINGTON & SUTCLIFFE LLP         STUTMAN TREISTER & GLATT, P.C. and
     and BECKLEY SINGLETON, CHTD.               SHEA & CARLYON, LTD.
5

6    By:  _/s/ Marc A. Levinson_                By:  _/s/ Christine Pajak_
         MARC A. LEVINSON, ESQ.                     FRANK A. MEROLA, ESQ.
7        JEFFERY HERMANN ESQ.                       EVE KARASIK, ESQ.
         BOB L. OLSON, ESQ.                         CHRISTINE PAJAK, ESQ.
8        ANNE M. LORADITCH, ESQ.                    CANDACE C. CARLYON, ESQ.
         *Counsel for the Official Committee of*    *Counsel for the Official Committee of*
9        *Equity Security Holders of USA Capital*   *Equity Security Holders of USA Capital*
         *Diversified Trust Deed Fund, LLC*         *First Trust Deed Fund LLC*
10

11   Approved/**Disapproved** by:               Approved/**Disapproved** by:
12

13   By: _/s/ Kevin Darby for_                  By:  _/s/ Dean Kirby_
         ALAN SMITH, ESQ.                           DEAN KIRBY, ESQ.
14       *Counsel for Lenders Protection Group*     *Counsel for Debt Acquisition*
                                                    *Company of America*
15

16   **Approved**/Disapproved by:               Approved/**Disapproved** by:
17

18   By:  _/s/ Jim Eggeman_                     By:  _/s/ Robert LePome_
         ERIC FIELD, ESQ.                           NANCY ALLF, ESQ.
19       *Counsel for Pension Benefit Guarantee*    ROBERT LEPOME, ESQ.
         *Corporation*                              *Counsel for The Alexander Group*
20

21   Approved/Disapproved by:                   Approved/**Disapproved** by:
22

23   By: _____             By:  _/s/ Janet Chubb_
         MICHAEL SCHMAHL, ESQ.                      JANET CHUBB, ESQ.
24       *Counsel for Dr. Gary Kantor, Mrs. Kantor*  *Counsel for Jones Vargas Direct Lenders*
         *and Kantor Nephrology 401K plan*
25

26   **Approved**/Disapproved by:               Approved/Disapproved by:
27

28   By: _/s/ George Davis_                     By: _____
         GEORGE DAVIS ESQ.                          DAVID COHEN, ESQ.
         *Counsel for Compass Partners*             *Counsel for Sierra Liquidity Fund*

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**[PROPOSED] ORDER CONFIRMING THE "DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION," AS MODIFIED HEREIN**

Approved/Disapproved by:

By: _____
    GREGORY J. WALCH ESQ.
    *Counsel for Gregory J. Walch and Shauna*
*M. Walch, Trustees of the Gregory J. and*
*Shauna M. Walch Family Trust*

Approved/Disapproved by:

By: _____
    RUSSELL WALKER, ESQ.
    *Counsel for USA Investment Partners, LLC,*
*Joseph Milanowski and Thomas Hantges*

**Approved**/Disapproved by:

By: _/s/  Andrew Brumby_____
    ANDREW BRUMBY, ESQ.
    R. VAUGHN GOURLEY, ESQ.
    *Counsel for Standard Property Development*

Approved/Disapproved by:

By: _____
    JEFFREY SYLVESTER, ESQ.
    *Counsel for USA Commercial Real Estate*
*Group*

Approved/Disapproved by:

By: _____
    SUSAN SCANN, ESQ.
    *Counsel for Copper Sage Commercial*
*Center and Binford Medical Developers, LLC*

Approved/Disapproved by:

By: _____
    WADE GOCHNOUR, ESQ.
    ARYN M. FITZWATER, ESQ.
    *Counsel for Liberty Bank*

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

____ The court has waived the requirement of approval under LR 9021.

____ No parties appeared or filed written objections, and there is no trustee appointed in the case.

_ X _ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

**Failed to respond:**

WADE GOCHNOUR, ESQ.
SUSAN SCANN, ESQ.
RUSSELL WALKER, ESQ.
JEFFREY SYLVESTER, ESQ.
GREGORY J. WALCH ESQ.
DAVID COHEN, ESQ.
MICHAEL SCHMAHL, ESQ.
AUGUST B. LANDIS, ESQ.

# # #

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122