Jason G. Landess (NSB #0288)
3990 Vegas Drive
Las Vegas, NV 89108
Tel: (702) 232-3913
Attorney for Defendant Great
White Investments NV, Inc.

RECEIVED AND FILED
2007 JAN 11 A 11: 16
U.S. BANKRUPTCY COURT
    CLERK

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:
USA COMMERCIAL MORTGAGE COMPANY,
                                    Debtor.

In re:
USA CAPITAL REALTY ADVISORS, LLC,    Debtor.

In re:
USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,
                                    Debtor.

In re:
USA CAPITAL FIRST TRUST DEED FUND, LLC,
                                    Debtor.

In re:
USA SECURITIES, LLC,
                                    Debtor.

Case No. BK-S-06-10725
Case No. BK-S-06-10726
Case No. BK-S-06-10727
Case No. BK-S-06-10728
Case No. BK-S-06-10729

Chapter 11

**Jointly administered under Case No. BK-S-06-10725 LBR**

Date of hearing: N/A
Time of hearing: N/A

## MOTION FOR PROTECTIVE ORDER

COME NOW Great White Investments NV, Inc., a Nevada corporation ("Great White") and Craig P. Orrock ("Orrock") and move the Court pursuant to Rule 26( c ), Federal Rules of Civil Procedure, for the following protective order as to information sought by that certain SUBPOENA FOR RULE 2004 EXAMINATION (the "Subpoena"), along with a certain ORDER APPROVING EXAMINATION OF THE PERSON MOST KNOWLEDGEABLE AT GREAT WHITE INVESTMENTS NV, INC. PURSUANT TO FED. R. BANKR. P. 2004 (the "Order,") served upon Orrock on or about January 4, 2007 by the Attorney for Debtors and Debtors in Possession:

   1.   That the discovery be had in chambers or in the alternative with no one present except persons specifically designated by the court;

1

2. That any information gleaned by the Attorney for Debtors and Debtors in Possession not be revealed or that it be revealed only as designated by the court;

3. That Orrock not be compelled to divulge the names of his clients or, if they are divulged, that their identities be scrupulously guarded under seal and not divulged;

4. That the deposition of Orrock be sealed and not opened thereafter except upon express order of the court; and

5. That the court impose whatever other orders upon the information sought to be protected hereby.

In support hereof Movants submit the AFFIDAVIT OF CRAIG P. ORROCK, the following memorandum, and whatever clarification or argument the court may entertain.

DATED this _____ day of January, 2007.

Jason G. Landess, Attorney for Movants

## MEMORANDUM

Rule 26( c ) provides in pertinent part as follows concerning protective orders:

Upon motion by . . . the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
(1) that the disclosure or discovery not be had;
(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of th time or place;
(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;
(5) that discovery be conducted with no one present except person designated by the court;
(6) that a deposition, after being sealed, be opened only by order of the court;
. . .

First, it is important to note that this court has broad discretion in all discovery matters. See, for example, 6 *Moore's Federal Practice*, §26.101[1][c] (Matthew Bender 3d ed.) Also see *Ball Memorial Hospital, Inc. v. Mutual Hospital Ins., Inc.*, 784 F.2d 1325, 1346 (7th Cir. 1986) and *Thomas v. International Business Machines*, 48 F.3d 478, 482 (10th Cir. 1995)

Secondly, it is clear that Rule 26( c ) applies to <u>all</u> discovery, which allows the court to grant the prayed-for relief. See, for example, *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991) and *Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us*, 62 F.3d 1217, 1218 (9th Cir. 1995).

Thirdly, the mechanism for the court to make the determination of whether or not to seal portions of the record in civil proceedings is a "balancing" test of the various interests. See, for example, *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D.Cal. 1995) This includes orders for the protection of deponents. In the case of *Goff v. Graves*, 362 F.2d 543 (8th Cir. 2004) the Circuit Court of Appeals upheld the District Court's

> . . . decision to allow certain evidence, including depositions from confidential prison informants, to be received into evidence <u>under seal and pursuant to a protective order that barred disclosure of the substance of the testimony or the deponents' identities to plaintiffs and the public.</u>" [emphasis added]  362 F.3d at 550

This is clearly the situation before this court. Orrock is possessed of information which, if made public, could well result in bodily harm not only to Orrock, but also to the investors whom Great Whites represents, and may well result in the loss to the estates of millions of dollars in offshore locations. The only way to avoid such results is to seal this information as aforesaid.

DATED this _____ day of January, 2007.

_____
Jason G. Landess, Attorney for Movants

c:\wpwin\orrock USAcapitalbky\3.motionforproteciveorder