Jason G. Landess (NSB #0288)
3990 Vegas Drive
Las Vegas, NV 89108
Tel: (702) 232-3913
Attorney for Defendant Great
White Investments NV, Inc.

RECEIVED AND FILED
2007 JAN 11 A 11: 15
U.S. BANKRUPTCY COURT
CLERK

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:
USA COMMERCIAL MORTGAGE COMPANY,
                                          Debtor.

In re:
USA CAPITAL REALTY ADVISORS, LLC,       Debtor.

In re:
USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,
                                          Debtor.

In re:
USA CAPITAL FIRST TRUST DEED FUND, LLC,
                                          Debtor.

In re:
USA SECURITIES, LLC,
                                          Debtor.

Case No. BK-S-06-10725
Case No. BK-S-06-10726
Case No. BK-S-06-10727
Case No. BK-S-06-10728
Case No. BK-S-06-10729

Chapter 11

**Jointly administered under
Case No. BK-S-06-10725 LBR**

Date of hearing: N/A
Time of hearing: N/A

### EX PARTE MOTION FOR LEAVE
### TO FILE MOTION UNDER SEAL

COME NOW Great White Investments NV, Inc., a Nevada corporation ("Great White") and Craig P. Orrock ("Orrock") and move the Court for leave to file their MOTION FOR PROTECTIVE ORDER, MEMORANDUM IN SUPPORT THEREOF AND AFFIDAVIT OF CRAIG P. ORROCK under seal and in support hereof alleges as follows:

1.  On or about January 4, 2007 Orrock was served with a certain SUBPOENA FOR RULE 2004 EXAMINATION (the "Subpoena"), along with a certain ORDER APPROVING EXAMINATION OF THE PERSON MOST KNOWLEDGEABLE AT GREAT WHITE INVESTMENTS NV, INC. PURSUANT TO FED. R. BANKR. P. 2004 (the "Order,") true and correct copies of both of which are collectively attached as Exhibit "A."

1

2. The information described as being sought by the Subpoena and the Order contemplates the disclosure of information by Orrock that, if made public, will put the lives of Orrock and those represented by Great White in jeopardy for those reasons more specifically set forth in the AFFIDAVIT OF CRAIG P. ORROCK which has been or will be filed with the MOTION FOR PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT THEREOF contemplated by this motion.

WHEREFORE, Movants pray that the court allow them to file, under seal, their MOTION FOR PROTECTIVE ORDER, MEMORANDUM IN SUPPORT THEREOF, AND AFFIDAVIT OF CRAIG P. ORROCK.

DATED this ____ day of January, 2007.

_____
Jason G. Landess, Attorney for Great White and Orrock

c:\wpwin\orrockUSAcapitalbky\1.expartemotiontofilemotionunderseal

2

EXHIBIT A



**Entered on Docket
January 03, 2007**

_____
Hon. Linda B. Riegle
United States Bankruptcy Judge

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
Attorneys for Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **ORDER APPROVING EXAMINATION OF THE PERSON MOST KNOWLEDGEABLE AT GREAT WHITE INVESTMENTS NV, INC. PURSUANT TO FED. R. BANKR. P. 2004** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |

902610

*[Left margin: SCHWARTZER & MCPHERSON LAW FIRM, 2850 South Jones Boulevard, Suite 1, Las Vegas, Nevada 89146-5308, Tel: (702) 228-7590 · Fax: (702) 892-0122]*

| | |
|---|---|
| 1 | Affects: |
| 2 | ☐ All Debtors<br>☒ USA Commercial Mortgage Company |
| 3 | ☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC |
| 4 | ☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC |

The Application of USA Commercial Mortgage Company, and USA Capital Diversified Trust Deed Fund, LLC, (collectively, the "Debtors"), for examination of Great White Investments NV, Inc. ("Great White") pursuant to Bankruptcy Rule 2004(a), having been submitted to this Court, and good cause appearing,

IT IS ORDERED that Great White shall through its representative designed in accordance with Fed. R. Civ. P. 30(b)(6) appear pursuant to Bankruptcy Rule 2004(a), at the office of Schwartzer & McPherson Law Firm, located at 2850 South Jones Boulevard, Suite 1, Las Vegas, Nevada 89146, on **January 16, 2007 at 10:00 a.m. prevailing Pacific Time**, and continuing thereafter until completed, to be examined under oath concerning (1) its claims against HMA Sales, USA Investment Partners, Joseph Milanowski, and Thomas Hantges; and (2) the recipients of any and all distributions made by Great White in relation to the One Million Dollar ($1,000,000.00) payment it received from the proceeds of the Royal Hotel sale.

Prepared by:

/s/ Lenard E. Schwartzer
Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
and
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146
Attorneys for Debtors and Debtors-in-Possession

###

902610

B254 (5/92) Subpoena for Rule 2004 Examination

# United States Bankruptcy Court
### DISTRICT OF NEVADA

| IN RE | SUBPOENA FOR RULE 2004 EXAMINATION |
|---|---|
| USA COMMERCIAL MORTGAGE COMPANY,<br>USA CAPITAL REALTY ADVISORS, LLC,<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND LLC,<br>USA CAPITAL FIRST TRUST DEED FUND LLC,<br>USA SECURITIES, LLC | BK-S-06-10725 LBR<br>BK-S-06-10726 LBR<br>BK-S-06-10727 LBR<br>BK-S-06-10728 LBR<br>BK-S-06-10729 LBR |
| AFFECTS: USA COMMERCIAL MORTGAGE COMPANY AND<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND LLC | CHAPTER 11 |

TO: **GREAT WHITE INVESTMENTS NV, INC.**
C/O CRAIG ORROCK, RESIDENT AGENT
3990 VEGAS DRIVE
LAS VEGAS, NV 89108

**X** YOU ARE COMMANDED to designate a representative to appear and testify at an examination under Rule 2004, Fed.R.Bankr.P., at the place, date and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| OFFICES OF SCHWARTZER & McPHERSON<br>2850 SOUTH JONES BLVD., SUITE 1<br>LAS VEGAS NV 89146 | **January 16, 2007**<br>**at 10:00 a.m.** |

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE ATTACHED EXHIBIT A FOR DOCUMENTS REQUESTED

| PLACE | DATE AND TIME |
|---|---|
| OFFICES OF SCHWARTZER & McPHERSON<br>2850 SOUTH JONES BLVD., SUITE 1<br>LAS VEGAS NV 89146 | On or before 5:00 p.m. on<br>**January 12, 2007** |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Lenard E. Schwartzer, Esq.<br>Attorney For Debtors and Debtors In Posssession | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

LENARD E. SCHWARTZER, ESQ.
SCHWARTZER & McPHERSON  (702) 228-7590
2850 SOUTH JONES BLVD., SUITE 1,  LAS VEGAS NV 89146

## PROOF OF SERVICE

DATE:                                   PLACE:

SERVED:

SERVED ON (PRINT NAME)

MANNER OF SERVICE

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

Date                                   Signature of Server

Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

902738

## Exhibit A

1. And and all documents relating to Great White Investments NV, Inc.'s claims against HMA Sales, USA Investment Partners, Joseph Milanowski, and Thomas Hantges.

2. All documents relating any and all assignments of claims from other parties and contracts relating to those assignments.

3. Any and all documents relating to the recipients of any and all distributions made by Great White in relation to the One Million Dollar ($1,000,000.00) payment it received from the proceeds of the Royal Hotel sale.