ALAN R. SMITH, ESQ.
Nevada Bar No. 1449
KEVIN A. DARBY, ESQ.
Nevada Bar No. 7670
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada  89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
*Email: mail@asmithlaw.com*
*Attorney for* The Lenders Protection Group

JANET L. CHUBB, ESQ.
Nevada Bar No. 1974
Jones Vargas
100 W. Liberty Street, 12th Floor
Reno, Nevada 89501
Telephone: (775) 788-2205
Facsimile:  (775) 786-1177
*Email: jlc@jonesvargas.com*
*Attorney for* The Jones Vargas Direct Lenders

**ELECTRONICALLY FILED - January 17, 2007**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

—ooOoo—

| | |
|---|---|
| In Re:<br>USA COMMERCIAL MORTGAGE<br>COMPANY,<br>　　　　　Debtor.　　　　／ | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In Re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>　　　　　Debtor.　　　　／ | |
| In Re:<br>USA CAPITAL DIVERSIFIED TRUST<br>DEED FUND, LLC,<br>　　　　　Debtor.　　　　／ | JOINTLY ADMINISTERED<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED<br>FUND, LLC,<br>　　　　　Debtor.　　　　／ | **AMENDED NOTICE OF APPEAL** |
| In re:<br>USA SECURITIES, LLC,<br>　　　　　Debtor.　　　　／ | |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Hearing Date:　　　　n/a<br><br>Hearing Time:　　　　n/a |

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\USA Lenders (Cangelosi)\NOT Appeal p1.wpd

The Lenders Protection Group, a group of investors/lenders in USA Commercial Mortgage Company ("USACM"), as identified on the *Statement Of The Law Offices Of Alan R. Smith Pursuant To Bankruptcy Rule 2019* filed herein on December 6, 2006, and as supplemented thereafter ("LPG"), through its counsel, Alan R. Smith, Esq., and Charles B. Anderson Trust, Rita P. Anderson Trust, Baltes Company, Kehl Family Members and Mojave Canyon, Inc., through their counsel, Janet L. Chubb, Esq., appeal under 28 U.S.C. § 158 and Fed. R. Bankr. Proc., Rule 8001(a), from the following judgments, orders or decrees of the United States Bankruptcy Court, District of Nevada, in the above captioned cases:

1.  **Order Confirming The "Debtors' Third Amended Plan of Reorganization," As Modified Herein**, entered on the record as Docket #2376 on January 8, 2006, a copy of which is attached hereto as Exhibit A; and

2.  **Findings of Fact And Conclusions Of Law In Support Of The Confirmation Order**, entered on the Record as Docket #2377, a copy of which is attached hereto as Exhibit B.

The names of all parties to these orders are as follows:

| | |
|---|---|
| Annette W. Jarvis, Esq.<br>Ray Quinney & Nebeker PC<br>36 South State St., Ste. 1400<br>Salt Lake City, UT 84145-0385<br>(801) 532-1500<br>Counsel For Debtors | Lenard E. Schwartzer, Esq.<br>Schwartzer & McPherson Law<br>2850 S. Jones Blvd., Ste. 1<br>Las Vegas, NV 89146-5408<br>(702) 228-7590<br>Counsel for the Debtors |
| Marc A. Levinson, Esq.<br>Orrick, Herrington & Sutcliffe<br>400 Capitol Mall, Ste. 3000<br>Sacramento, CA 95814<br>(916) 329-7921<br>Counsel for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC | Frank A. Merola, Esq.<br>Stutman, Treister & Glatt, P.C.<br>1901 Avenue of the Stars, 12th Fl.<br>Los Angeles, CA 90067<br>(310) 228-5600<br>Counsel for Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund LLC |

| | |
|---|---|
| Gerald M. Gordon, Esq.<br>Greg Garman, Esq.<br>Gordon & Silver, Ltd.<br>3960 Howard Hughes Pkwy,9th Fl<br>Las Vegas, NV 89109<br>(702)796-5555<br>Counsel for Official Committee of<br>Holders of Executory Contract Rights<br>of USA Commercial Mortgage Company | Rob Charles, Esq.<br>Lewis and Roca, LLP<br>LEWIS AND ROCA LLP<br>1 SOUTH CHURCH AVENUE #700<br>TUCSON, AZ 857011611<br>(520) 629-4427<br>Counsel for the Official Committee of<br>Unsecured Creditors of USA Commercial<br>Mortgage Company |
| August B. Landis, Esq.<br>Office of the U.S. Trustee<br>300 Las Vegas Blvd., S, Ste 4300<br>Las Vegas, NV 89101<br>(702) 388-6600 | Dean Kirby, Esq.<br>Kirby & McGuinn, A P.C.<br>600 B Street, Suite 1950<br>San Diego, Ca 92101<br>(619) 685-4000<br>Counsel for Debt Acquisition Corp. |
| Robert Le Pome, Esq.<br>10120 S. Eastern Ave. #200<br>Henderson, NV 89052<br>(702) 492-1271<br>Counsel for The Alexander Group | Janet Chubb, Esq.<br>Jones Vargas<br>100 W. Liberty St., 12th Floor<br>Reno, NV 89501<br>(775) 788-2205<br>Counsel for The Jones Vargas Direct Lenders |
| George Davis<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>(212) 310-8000<br>Counsel for Compass Partners | David Cohen<br>Warner Stephens, LLP<br>301 Commerce Street, #1700<br>Fort Worth, TX 76102<br>(817)810-5250<br>Counsel for Sierra Liquidity Fund |
| Michael Schmahl, Esq.<br>1319 N. Wood Street, #3B<br>Chicago, Il. 60622<br>(773)278-5223<br>Counsel for Dr. Gary Kantor,<br>Mrs. Cantor and Kantor<br>Nephrology 401K plan | Eric Field, Esq.<br>Assistant United States Attorney<br>333 Las Vegas Blvd. South, Suite 5000<br>Las Vegas, Nevada 89101<br>(702) 388-6336<br>Counsel for Pension Benefit<br>Guarantee Corporation |
| Russell Walker, Esq.<br>Woodbury & Kesler, P.C.<br>265 East 100 South, Suite 300<br>Salt Lake City, UT 84111<br>(801) 364-1100<br>Counsel for USA Investment Partners,<br>LLC, Joseph Milinowski and Thomas<br>Hanges | Gregory Walch, Esq.<br>400 South Fourth Street, Third Floor<br>Las Vegas, NV 89101<br>(702) 791-0308<br>Counsel for Gregory J. Walch<br>and Shauna M Walch Family Trust |

| Jeffrey Sylvester<br>Sylvester & Polednak, LTD<br>7371 Prairie Falcon, Suite 120<br>Las Vegas, NV 89128<br>(702) 952-5200<br>Counsel for USA Commercial<br>Real Estate Group | Susan Scann, Esq.<br>Deaner, Deaner, Scann, Malan & Larsen<br>720 South Fourth Street, Suite 300<br>Las Vegas, NV 89101<br>(702) 382-6911<br>Counsel for Copper Sage<br>Commercial Center and Binford<br>Medical Developers, LLC |
| Andrew Brumby, Esq.<br>Shutts & Brown, LLP<br>300 South Orange Ave., Suite 1000<br>Orlando, FL. 32802<br>(407) 423-3200<br>Counsel for Standard Property<br>Development | Wade Gochnour, Esq.<br>1117 South Rancho Drive<br>Las Vegas, NV 89102<br>(702) 474-7557<br>Counsel for Liberty Bank |

**DATED** this 17th day of January, 2007.

LAW OFFICES OF ALAN R. SMITH

*/s/ Alan R. Smith*
By _____
ALAN R. SMITH, ESQ.
*Attorney for The Lenders Protection Group*

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\USA Lenders (Cangelosi)\Not Appeal (Amend) 011707.wpd          - 4 -

# EXHIBIT A



**Entered on Docket**
**January 08, 2007**

_____
Hon. Linda B. Riegle
United States Bankruptcy Judge

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com
and

Lenard E. Schwartzer, NV Bar No. 0399
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
Attorneys for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br><div align="right">Debtor.</div> | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br><div align="right">Debtor.</div> | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br><div align="right">Debtor.</div> | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br><div align="right">Debtor.</div> | **[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF THE "ORDER CONFIRMING THE "DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION, AS MODIFIED HEREIN"** |
| In re:<br>USA SECURITIES, LLC,<br><br><div align="right">Debtor.</div> | |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | <u>**Confirmation Hearing**</u><br>Date: December 19, 2006<br>Time: 10:00 a.m. |

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1

1    Commencing on December 19, 2006 at 10:00 a.m., the Court held a hearing (the

2 "Confirmation Hearing") on the confirmation of the "Debtors' Third Amended Joint Chapter 11

3 Plan of Reorganization") (as modified by the Confirmation Order (as defined below), the

4 "Plan"[1]) proposed by USA Commercial Mortgage Company ("USACM"), USA Securities,

5 LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital

6 Diversified Trust Deed Fund, LLC ("DTDF") and USA Capital First Trust Deed Fund, LLC

7 ("FTDF"), debtors and debtors in possession in the above-captioned chapter 11 cases (the

8 "Debtors"). Appearances were made as indicated on the record at the Confirmation Hearing.

9    The Court considered the pleadings and documents filed by the Debtors and other

10 interested parties in connection with confirmation of the Plan, including the following:

11    (a)    the Plan and all accompanying exhibits, including, without limitation, the

12 Plan Documents Supplement, the Revised Schedule of Executory Contracts and Unexpired

13 Leases, the forms of Disbursing Agent Agreements for USACM and FTDF filed by the Debtors

14 and the Direct Lender Supplement;

15    (b)    the "Debtors' First Amended Disclosure Statement to Debtors' Third

16 Amended Joint Plan of Reorganization" (the "Disclosure Statement") previously approved by the

17 Court;

18    (c)    the "Memorandum of Points and Authorities in Support of Confirmation of

19 the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" (the "Confirmation

20 Memorandum");

21    (d)    the Declaration of Thomas J. Allison filed in support of confirmation of the

22 Plan (the "Allison Declaration");

23    (e)    the Affidavit of Balloting Agent Regarding Solicitation and Tabulation of

24 Votes in Connection with the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization,

25 regarding compliance with the "Solicitation Procedures" approved in the Disclosure Statement

26 Order ("BMC Declaration");

27

28

---

[1]    All terms not otherwise defined in these Findings of Fact and Conclusions of Law (the "Findings")
shall have the meanings assigned to them in the Plan.

2

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    (f)    the Declaration of David Blatt of Compass Partners LLC in Support of

2    Confirmation of Debtors' Third Amended Joint Plan of Reorganization ("Compass Declaration");

3    (g)    the "Affidavit of Balloting Agent Regarding Solicitation and Tabulation of

4    Votes in Connection with the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization"

5    and the Ballot Tabulation Report attached as Exhibit A thereto [Docket No. 2165] and

6    "Supplemental Affidavit of Balloting Agent Regarding Solicitation and Tabulation of Votes in

7    Connection with the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" and the

8    Revised Ballot Tabulation Report attached as Exhibit B thereto [Docket No. 2243], which detail

9    the tabulation of Ballots cast for or against the Plan;

10    (h)    the "Partial Opposition to Debtors' Third Amended Joint Plan of

11    Reorganization," filed by Erna D. Grundman and Joanne M. Grundman;

12    (i)    the "Partial Opposition to Debtors' Third Amended Joint Plan of

13    Reorganization," filed by Joanne M. Grundman;

14    (j)    the "Objection of The Pension Benefit Guaranty Corporation to Debtors'

15    Third Amended Joint Plan of Reorganization," filed by the Pension Benefit Guaranty Corporation

16    ("PBGC");

17    (k)    the "Objection to Confirmation of Debtors' Third Amended Joint

18    Chapter 11 Plan of Reorganization," filed by Edward Burgess;

19    (l)    "Liberty Bank's Limited Objection to Confirmation of Debtors' Third

20    Amended Joint Chapter 11 Plan of Reorganization," filed by Liberty Bank;

21    (m)    "Standard Property Company, LLC's Limited Objection to the Debtors'

22    Third Amended Joint Plan of Reorganization," filed by Standard Property, LLC;

23    (n)    "Joinder in Standard Property Company, LLC's Limited Objection to the

24    Debtors' Third Amended Joint Plan of Reorganization on Behalf of Copper Sage Commerce

25    Center LLC, " filed by Copper Sage Commercial Center;

26    (o)    "Joinder in Standard Property Company, LLC's Limited Objection to the

27    Debtors' Third Amended Joint Plan of Reorganization on Behalf of Binford Medical Developers,"

28    filed by Binford Medical Developers;

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

3

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  (p)  "Memorandum of Points and Authorities in Opposition to Confirmation of

2  Debtor's Plan," filed by Debt Acquisition Company of America V and the Declaration of Howard

3  Justus [Docket No. 2032] filed in support thereof;

4  (q)  "Limited Objection to Plan," filed by Gregory Walch and Shauna Walch,

5  etc.;

6  (r)  the "Objection of USA Investment Partners, LLC, Joseph Milanowski and

7  Thomas Hantges to Confirmation of the Debtors' Third Amended Joint Chapter 11 Plan of

8  Reorganization," filed by Joseph Milanowski and Thomas Hantges (the "H&M Objection") and

9  the Declaration of Victoria Loob filed in support thereof (the "Loob Declaration");

10  (s)  the "Objection to Confirmation of Debtors' Third Amended Joint

11  Chapter 11 Plan of Reorganization as it Applies to Debtor USA Commercial Mortgage Company,"

12  filed by The Lenders Protection Group (the "LPG Objection");

13  (t)  the Declaration of Donna Cangelosi filed in support of the LPG Objection

14  (the "Cangelosi Declaration");

15  (u)  Multiple joinders to objections to confirmation of the Plan filed by

16  Objecting JV Creditors [Docket nos. 2040, 2099, 2179, 2180, 2182, 2184, and 2191];

17  (v)  "Limited Objection to Pecos Professional Park Limited Partnership and

18  Haspinov, LLC, to Debtors' Proposed Plan of Reorganization," filed by USA Commercial Real

19  Estate Group;

20  (w)  "Joinder in Limited Opposition to Plan," filed by Direct Lenders Alexander

21  and others as shown in the Second Amended Statement of Robert C. LePome, Esq. and Nancy

22  Allf, Esq. Pursuant to Rule 2019;

23  (x)  "Errata to Limited Objection to Plan," filed by Gregory J. Walch and

24  Shauna M. Walch, Trustees of the Gregory J. and Shauna M. Walch Family Trust;

25  (y)  the "Opposition and Joinder of Sierra Liquidity Fund, L.L.C. in Oppositions

26  [sic] to Confirmation of Debtors' Third Amended Joint Plan of Reorganization" ( the "Sierra

27  Liquidity Objection" and, collectively with the objections to the Plan listed in (h)-(x) above, the

28  "Objections");

4

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    (z)    the "Debtors' Combined Motion In Limine And Memorandum In Support

2  Regarding The Objection Of USA Investment Partners, LLC, Joseph Milanowski And Thomas

3  Hantges To The Confirmation Of The Debtors' Third Amended Joint Chapter 11 Plan Of

4  Reorganization," filed by the Debtors; and

5    (aa)    all other pleadings, affidavits and documents filed in connection with this

6  matter.

7    The Court has heard the statements, arguments, representations and offers of proof

8  of counsel regarding confirmation of the Plan at the Confirmation Hearing, and has considered the

9  record of these Chapter 11 Cases and all testimony and evidence admitted at or before the

10  Confirmation Hearing.

11    These findings of fact and conclusions of law are in support of the "Order

12  Confirming the 'Debtors' Third Amended Joint Chapter 11 Plan Of Reorganization,' As Modified

13  Herein" (the "Confirmation Order"), entered concurrently herewith.

14    Based on the foregoing, the Court makes the following findings of fact and

15  conclusions of law, as supplemented by the findings of fact and conclusions of law stated orally

16  and reported in open court on the record at the Confirmation Hearing (which are incorporated

17  herein) pursuant to Bankruptcy Rule 7052:[2]

18    **FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

19    A.    This matter is a core proceeding over which the Court has jurisdiction

20  pursuant to 28 U.S.C. §§ 157(b) and 1334(a).  Venue of this proceeding is proper under 28 U.S.C.

21  §§ 1408 and 1409.

22    B.    The Debtors provided notice of the Confirmation Hearing and of the time

23  fixed for balloting and filing objections to confirmation of the Plan to all entities entitled to

24  receive such notice, including all known holders of Claims and Equity Interests of the Debtors.

25  The notice by the Debtors of such matters fully and adequately described the relief requested at the

26

27

28

[2]  This document constitutes the Court's findings of fact and conclusions of law pursuant to Bankruptcy
Rules 7052 and 9014.  Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as
conclusions of law, and conclusions of law shall be construed as findings of fact, when appropriate.

5

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1   Confirmation Hearing and was reasonable, appropriate, and complied in all regards with due

2   process and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules (including

3   Bankruptcy Rules 2002, 3017, 3018, and 3019), and the Local Bankruptcy Rules and orders of the

4   Court, including this Court's "Order Approving: (A) Debtors' Disclosure Statement; (B) Proposed

5   Notice of Confirmation Hearing; (C) Proposed Solicitation and Notice Procedures; and (D)

6   Proposed Form of Ballots" (the "Disclosure Statement Order").

7           C.      Pursuant to the Disclosure Statement Order, all objections to confirmation

8   of the Plan, including all evidence in support thereof, were required to be filed by December 11,

9   2006 and, therefore, the Cangelosi Declaration filed on December 18, 2006 and the Sierra

10  Liquidity Objection filed on December 15, 2006 were not timely filed and were stricken from the

11  record and/or overruled.

12          D.      The only evidence submitted in support of the H&M Objection was the

13  Loob Declaration.  On December 18, 2006, the Debtors undertook an examination of Ms. Loob

14  pursuant to Bankruptcy Rule 2004 where Ms. Loob asserted her rights under the Fifth Amendment

15  of the United States Constitution in connection with questions concerning the H&M Objection and

16  her declaration in support thereof.  Additionally, USA Investment Partners ("USAIP") and Joseph

17  Milanowski each failed to appear at Court-ordered examinations to be conducted pursuant to Rule

18  2004 of the Federal Rules of Bankruptcy Procedure.  Upon consideration of Ms. Loob's assertion

19  of her Fifth Amendment rights, the failure of USAIP and Mr. Milanowski to appear at their

20  respective Rule 2004 examinations, and the Motion in Limine, the H&M Objection and Loob

21  Declaration were stricken from the record.

22          E.      None of the Objections, including the LPG Objection, raised any objection

23  with respect to the classification of the Classes of Claims and/or Equity Interests as set forth in the

24  Plan or use of a Class to meet cramdown requirements.  Further, Class A-5 consists of holders of

25  "claims" within the meaning of Bankruptcy Code section § 101(5).

26          F.      The Debtors conducted the solicitation of acceptances or rejections of the

27  Plan, and the related distribution and tabulation of ballots with respect thereto, in good faith and in

28  compliance with the Disclosure Statement Order, all applicable provisions of the Bankruptcy

6

1  Rules (including Bankruptcy Rules 3017 and 3018), all applicable provisions of the Bankruptcy

2  Code (including sections 1125 and 1126), and all other applicable laws, rules, and regulations.

3  Among other things, the Debtors transmitted the Plan, the Disclosure Statement, and the

4  applicable ballot to all known holders of Claims and Equity Interests of the Debtors that are

5  impaired under, and therefore entitled to vote on, the Plan.

6         G.    The Plan satisfies all of the requirements of Bankruptcy Code

7  section 1129(a) as follows:

8         1.    11 U.S.C. § 1129(a)(1):  the Plan complies with all of the applicable

9  provisions of the Bankruptcy Code, including Bankruptcy Code sections 1122 and 1123.

10        The classification structure is proper and in accordance with Section 1122 of the

11  Bankruptcy Code.  Each Class under the Plan differs in legal character or nature.  All Claims and

12  Equity Interests within each Class are substantially similar to the other Claims or Equity Interests

13  in that Class because they are similar in legal character to the other Claims against or Equity

14  Interests in Debtors in such class.

15        Article II Section C of the Plan designates Classes of Claims and Equity Interests

16  for each of the Debtors, other than those specified in Sections 507(a)(2), (a)(3) and (a)(8) of the

17  Bankruptcy Code, and states the treatment of each Class under the Plan in accordance with

18  Sections 1123(a)(1), (2) and (3).  The Plan also provides for the same treatment of each Claim and

19  Equity Interest within a particular Class in accordance with Section 1123(a)(4).

20        Article IV of the Plan provides adequate means for its implementation in a manner

21  that is consistent with Section 1123(a)(5) and (b).

22         2.    11 U.S.C. § 1129(a)(2):  the Debtors have complied with all of the

23  applicable provisions of the Bankruptcy Code, including Bankruptcy Code section 1125.

24         3.    11 U.S.C. § 1129(a)(3):  the Debtors have proposed the Plan in good faith

25  and not by any means forbidden by law.  Moreover, the Plan itself, and the negotiated process

26  leading to its formulation, along with all four Committees, provide independent evidence of the

27  good faith of the Debtors.

28         4.    11 U.S.C. § 1129(a)(4): Article II Section B.1 and Article VII Section A of

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

7

1  the Plan, provides for the appropriate review and determination of the fees and expenses incurred

2  through the Effective Date.

3      5.  <u>11 U.S.C. § 1129(a)(5)</u>: the Plan, the Disclosure Statement, the exhibits to

4  the Plan, the Confirmation Memorandum, the Plan Documents Supplement, the Direct Lender

5  Supplement, and the disclosures at the Confirmation Hearing disclose the identity, qualifications,

6  method of election, and/or compensation of the DTDF Administrator, the DTDF Post-Effective

7  Date Committee, USACM Trustee, the USACM Trust Committee, the Disbursing Agents for

8  FTDF, USA Realty and USA Securities, respectively.  The appointment of such persons is

9  consistent with the interests of creditors and shareholders and with public policy.

10      6.  <u>11 U.S.C. §§1129(a)(6)</u>:  the requirements of Bankruptcy Code

11  section 1129(a)(6) are not applicable to the Plan.

12      7.  <u>11 U.S.C. § 1129(a)(7)</u>:  each holder of a Claim or Equity Interest in a Class

13  that is impaired under the Plan will receive or retain under the Plan property of a value, as of the

14  Effective Date, that is not less than such holder would so receive or retain if the Debtors were

15  liquidated under chapter 7 of the Bankruptcy Code on such date.

16      8.  <u>11 U.S.C. § 1129(a)(8), (10)</u>:  In the Chapter 11 Cases of FTDF, DTDF,

17  USA Realty, and USA Securities, Classes, B-1 through B-4, C-1 through C-4, D-1 through D-3

18  and E-1 through E-3 are unimpaired, and Classes B-5, C-5, D-4 and E-4, though impaired, have

19  accepted the Plan.  The Plan, with respect to the Chapter 11 Cases of FTDF, DTDF, USA Realty,

20  and USA Securities, thus satisfies the requirement of Bankruptcy Code section 1129(a)(8).

21      In the Chapter 11 case of USACM, Classes A-1 through A-3 are unimpaired,

22  and classes A-4 through A-8 are impaired under the Plan.  Classes A-6 through A-8 will receive

23  no distribution under the Plan and are deemed to reject the Plan. Impaired Class A-5 has voted to

24  accept the Plan, and based on the Revised Ballot Tabulation Report, impaired Class A-4 also has

25  voted to accept the Plan. Accordingly, Section 1129 (a)(8) has been satisfied with respect to

26  USACM's Chapter 11 Case.  Based on the acceptance of the Plan by Class A-5, Section

27  1129(a)(10) has been met with regard to USACM's Chapter 11 Case even if Class A-4 had not

28  accepted the Plan as a result of the Del Bunch Rule 3018 contested matter.

1    Section 1129(a)(10) does not apply to FTDF or DTDF because there is no impaired

2  class of Claims in their respective Chapter 11 Cases

3    In USA Realty's case, Classes D-4, the only voting impaired Class of Claims, has

4  voted to accept the Plan.  Section 1129(a)(10) is met in USA Realty's Chapter 11 Case.

5    In USA Securities' case, Class E-4, the only voting impaired Class of Claims, has

6  voted to accept the Plan.  Section 1129(a)(10) is met with regard to USA Securities' Chapter 11

7  Case.

8    9.    11 U.S.C. § 1129(a)(9):  the treatment of Allowed Administrative Expense

9  Claims, Allowed Priority Unsecured Claims, Allowed Priority Tax Claims and Allowed Secured

10  Tax Claims as set forth in Article II, Sections B. and C. of the Plan satisfies the requirements of

11  Bankruptcy Code section 1129(a)(9) in that holders of such Administrative Expense Claims,

12  Priority Unsecured Claims, Priority Tax Claims and Secured Tax Claims will be paid in full on the

13  Effective Date, or as soon as such expenses or claims become Allowed under the terms of the

14  Plan, except where the holder of such Claim agrees to a different treatment.

15    10.    11 U.S.C. § 1129(a)(11):  the Plan satisfies the requirements of Bankruptcy

16  Code section 1129(a)(11) as the evidence submitted by the Debtors shows that each of the Debtors

17  has sufficient funds on the Effective Date to make all of the distributions required to be made

18  under the Plan and that the Plan, including all of the documents incorporated therein, has adequate

19  provisions for the creation and management of the USACM Trust, the retention of assets by and

20  the management of Post-Effective Date DTDF, for making distributions to holders of Allowed

21  Claims or Equity Interests classified in Classes A-4 (Allowed General Unsecured Claims against

22  USACM), B-4 (Allowed General Unsecured Claims against FTDF), B-5 (Equity Interests in

23  FTDF), C-4 (Allowed General Unsecured Claims against DTDF), C-5 (Equity Interests in DTDF),

24  D-4 (Allowed General Unsecured Claims against USA Realty) and E-4 (Allowed General

25  Unsecured Claims against USA Securities), which are the only Classes that will receive a

26  distribution under the Plan, and to implement the provisions of the settlement with the holders of

27  Class A-5 (Direct Lender Compromise Claims).

28    11.    11 U.S.C. § 1129(a)(12):  the Plan's provision for the payment of statutory

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

9

1  fees to the Office of the United States Trustee, satisfies the requirements of Bankruptcy Code

2  section 1129(a)(12).

3        12.    <u>11 U.S.C. § 1129(a)(13)</u>:  the Plan satisfies the requirements of Bankruptcy

4  Code section 1129(a)(13) because the Debtors are not subject to any retiree benefits as defined in

5  Bankruptcy Code section 1144.

6        13.    <u>11 U.S.C. § 1129(a)(14)</u>:  the requirements of Bankruptcy Code

7  section 1129(a)(14), which mandate the payment of domestic obligations, are inapplicable to these

8  business Debtors.

9        14.    <u>11 U.S.C. § 1129(a)(15)</u>:  the requirements of Bankruptcy Code

10 section 1129(a)(15), which only applies to cases where the debtor is an individual, are inapplicable

11 to these business Debtors.

12       15.    <u>11 U.S.C. § 1129(a)(16)</u>:  the requirements of Bankruptcy Code

13 section 1129(a)(16), which only applies to "the transfer of property by a corporation or trust that is

14 not a moneyed, business, or commercial corporation or trust", are inapplicable because each of the

15 Debtors is a moneyed business or commercial corporation.

16       16.    <u>11 U.S.C. § 1129(b)(1) and (2)</u>:  With respect to Classes A-6, A-7, A-8, D-5

17 and E-5, which have not accepted the Plan, and Class A-4, to the extent such Class has not

18 accepted the Plan, the Plan satisfies the requirements of Bankruptcy Code sections 1129(b)(1) and

19 1129(b)(2) because the Plan does not discriminate unfairly against, and provides fair and equitable

20 treatment with respect to, the Allowed Claims in Classes A-4, A-6 and A-7 and Allowed Equity

21 Interests in Classes A-8, D-5 and E-5 in that the Plan provides for no distribution to any junior

22 Class in a Debtor's Estate and does not discriminate unfairly among such Classes.

23       H.    The Plan satisfies the requirements of Bankruptcy Code section 1129(b) as

24 follows:

25       1.    All of the applicable requirements of Bankruptcy Code section 1129(a)

26 other than paragraph (8) are met with respect to the Plan.

27       2.    The Plan does not discriminate unfairly with respect to Classes A-4 (to the

28 extent such Class has not accepted the Plan), A-6, A-7, A-8, D-5 and E-5.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

3.     The Plan is "fair and equitable" as to Classes A-4 (to the extent such Class has not accepted the Plan) and A-6 because holders of junior Claims or Equity Interests will not receive or retain under the Plan on account of such junior Claim or Equity Interest any property.

4.     The only Classes of Claims and Equity Interests that are junior to Class A-4 Claims are Claims in Classes A-6 through A-8.  Holders of Class A-6 Claims will not receive or retain any property unless holders of Allowed Class A-4 Claims are paid in full, plus interest. Holders of Class A-7 Claims will not receive or retain under the Plan on account of their Claim any property unless holders of Class A-4 and Class A-6 Claims are paid in full, plus interest. Furthermore, holders of Equity Interests in USACM, classified in Class A-8, will receive no distribution and retain no property under the Plan.

5.     The only Classes of Claims and Equity Interests that are junior to Class A-6 Claims are Claims in Classes A-7 through A-8.  Holders of Class A-7 Claims will not receive or retain under the Plan on account of their Claim any property unless holders of Class A-6 Claims are paid in full, plus interest.  Furthermore, holders of Equity Interests in USACM, classified in Class A-8, will receive no distribution and retain no property under the Plan

6.     The Plan is "fair and equitable" as to Class A-7 because holders of junior Claims or Equity Interests will not receive or retain under the Plan on account of such junior Claim or Equity Interest any property.  The only Class that is junior to Class A-7 Claims is Class A-8, which is comprised as Equity Interests in USACM.  Holders of Equity Interests in USACM will receive no distribution or retain any property under the Plan.

7.     The Plan is "fair and equitable" within the meaning of section 1129(b)(2)(C)(ii) as to Class A-8, which is comprised of Equity Interests in USACM, Class D-5, which is comprised of Equity Interests in USA Realty, and Class E-5, which is comprised of Equity Interests in USA Securities because no holder of any interest that is junior to the Equity Interests treated in these Classes will receive or retain any property under the Plan.

I.     Article V of the Plan governing the assumption and rejection of executory contracts and unexpired leases satisfies the requirements of sections 365 and 1123(b)(2) of the Bankruptcy Code.  As provided in the Debtors' Revised Schedule of Executory Contracts And

11

1  Unexpired Leases In Connection With Debtors' Third Amended Joint Chapter 11 Plan Of

2  Reorganization, filed on December 18, 2006 (docket no. 2162), the Debtors have elected to reject

3  all executory contracts and unexpired leases.

4          J.      The principal purpose of the Plan is not the avoidance of taxes or the

5  avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).

6          K.      All modifications to the Plan filed or announced prior to the conclusion

7  of the Confirmation Hearing constitute technical changes and/or changes that have either been

8  consented to by affected constituents or which do not adversely affect or change the treatment

9  of any other Claims or Equity Interests.  Accordingly, pursuant to Bankruptcy Rule 3019, these

10 modifications do not require additional disclosure under Bankruptcy Code section 1125 or

11 1127(a), or resolicitation of votes under Bankruptcy Code section 1126, nor do they require that

12 holders of Claims or Equity Interests be afforded an opportunity to change previously cast

13 acceptances or rejections of the Plan.  The Plan as so modified meets the requirements of

14 Bankruptcy Code sections 1122 and 1123.  Such modifications shall be deemed accepted by

15 each holder of a Claim or Equity Interest who has previously voted to accept the Plan.

16         L.      The form of documents in the Plan Documents Supplement, including

17 the USACM Liquidating Trust Agreement, the DTDF Amended Operating Agreement, the

18 Direct Lender Supplement, and the Disbursing Agent Agreements for USACM and FTDF

19 substantially in the form filed by the Debtors are appropriate.

20         M.      The appointment of Michael Tucker of FTI Consulting to serve as the

21 DTDF Administrator and to perform the duties specified under the Plan and the DTDF

22 Amended Operating Agreement is appropriate and consistent with the best interests of DTDF's

23 creditors, Equity Interest holders, and the interests of public policy.

24         N.      The appointment of Geoffrey L. Berman of Development Specialists,

25 Inc. to serve as the USACM Trustee and to perform the duties specified under the Plan and the

26 USACM Trust Agreement is appropriate and consistent with the best interests of USACM's

27 creditors and the interests of public policy.

28         O.      The parties identified to the Court to serve as members of the USACM

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  Trust Committee and the DTDF Post-Effective Date Committee are appropriate to serve in such

2  roles.

3          P.     All of the conditions precedent to Confirmation of the Plan described in

4  Article VI Section A of the Plan have been satisfied.

5          Q.    The agreements, transactions and transfers authorized by the Confirmation

6  Order, including, without limitation, the USACM Trust Agreement and the DTDF Amended

7  Operating Agreement, are fair, equitable and reasonable, are entered into in good faith, are in the

8  best interests of the USACM and DTDF, their respective creditors and Estates (and with respect to

9  DTDF, its Equity Interest holders), and help provide adequate means for implementing the Plan.

10          R.     Pursuant to Bankruptcy Code section 1125(e), Persons, including the

11  Debtors, the Committees, and their respective attorneys, agents, directors, officers and

12  representatives, have acted in good faith with respect to the solicitation of votes on the Plan and

13  thus are entitled to all the protections of Bankruptcy Code section 1125(e).

14          S.     The injunctions, releases and limitations on liability contained in the Plan

15  are fair and equitable, are given for valuable consideration, were properly noticed to holders of

16  Claims and Equity Interests and other interested parties in accordance with the requirements of

17  due process and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and are

18  in the best interests of the Debtors and their Estates.

19          T.     Each term and provision of the Plan is valid and enforceable pursuant to its

20  terms.

21          U.    The Plan satisfies the requirements for confirmation set forth in

22  section 1129 of the Bankruptcy Code.

23          V.     The Court's retention of jurisdiction as set forth in Article VIII Section D of

24  the Plan is appropriate and comports with the parameters contained in 28 U.S.C. § 157.

25          W.    The provisions of the Plan, these Findings and the Confirmation Order

26  shall bind the Debtors, their respective Estates, the Asset Purchaser, the USACM Trustee, the

27  DTDF Administrator, and all holders of Claims against, and Equity Interests in the Debtors,

28  whether or not the Claims or Equity Interests of such entities are Allowed under the Plan or

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 - Fax: (702) 892-0122

13

1    impaired under the Plan, whether or not such entities have voted to accept or reject the Plan,

2    and whether or not such entities have filed or are deemed to have filed proofs of Claim or

3    Equity Interests in these Chapter 11 Cases.

4              X.      The transfer of the Acquired Assets (including, without limitation, both

5    real and personal property) to the Asset Purchaser is a transfer in accordance with Bankruptcy

6    Code section 1146(c) and, therefore the making, delivery, filing or recording of any mortgages,

7    deeds of trust, leasehold mortgages, leases (whether recorded or unrecorded), and/or the various

8    instruments and documents of transfer as specified in or contemplated by the Asset Purchase

9    Agreement or the Plan (collectively, "Instruments of Transfer"), and/or the exhibits thereto are

10   hereby exempt from taxation under any law imposing a recording tax, stamp tax, sales tax,

11   transfer tax, use tax or any similar tax or any so-called "bulk-sale". The appropriate federal,

12   state or local government filing and recording officers are hereby directed to accept for filing or

13   recording all Instruments of Transfer or other documents of transfer to be filed and recorded in

14   accordance with the Plan or the Asset Sale Transaction, without payment of any such tax or

15   government assessment, and without the presentation of any affidavits, instruments, or returns

16   otherwise required for recording, other than the Confirmation Order. The Court retains

17   jurisdiction to enforce the foregoing direction, by contempt proceedings or otherwise.

18             Y.      All DTDF Litigation Claims and FTDF Transferred Assets accruing to

19   DTDF or FTDF, or their Estates, shall remain assets of the Post-Effective Date DTDF, whether

20   or not litigation relating thereto is pending on the Effective Date and whether or not any such

21   right or cause of action has been listed or referred to in the Plan, the Disclosure Statement or

22   any schedule, exhibit or other document filed in connection therewith.

23             Z.      All USACM Litigation Claims and the FTDF Litigation Claims (transferred

24   to USACM pursuant to section E.2.j of Art. IV of the Plan) accruing to USACM or FTDF,

25   respectively, or their respective Estates shall remain assets of and vest in the USACM Trust,

26   whether or not litigation relating thereto is pending on the Effective Date and whether or not any

27   such right or cause of action has been listed or referred to in the Plan, the Disclosure Statement or

28   any schedule, exhibit or other document filed in connection therewith.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

14

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

AA.    As set forth in Article IV, Section E.1. of the Plan, the compromise between USACM and the Direct Lenders is fair and reasonable and is in the best interests of the USACM Estate and the Direct Lenders, respectively.

BB.    As set forth in Article IV, Section E.2. of the Plan, the compromise between USACM and FTDF is fair and reasonable and is in the best interests of the USACM Estate and FTDF Estate, respectively.

CC.    As set forth in Article IV, Section E.3. of the Plan, the compromise between FTDF and DTDF is fair and reasonable and is in the best interests of the FTDF Estate and DTDF Estate, respectively.

DD.    As set forth in Article IV, Section E.4. of the Plan, the compromise between FTDF and USA Realty is fair and reasonable and is in the best interests of the FTDF Estate and USA Realty Estate, respectively.

EE.    As set forth in Article IV, Section E.5. of the Plan, the compromise between DTDF and USA Realty is fair and reasonable and is in the best interests of the DTDF Estate and USA Realty Estate, respectively.

FF.    The Asset Purchase Agreement and the transactions contemplated by the Asset Purchase Agreement were negotiated and have been and are undertaken by USACM and FTDF (FTDF together with USACM, the "Sellers") and Asset Purchaser at arm's length, without collusion or fraud, and in good faith within the meaning of section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Asset Sale Transaction shall not affect the validity of the transfer of the Acquired Assets to the Asset Purchaser unless such authorization is duly stayed pending such appeal.

GG.    The Auction conducted in accordance with the Bid Procedures Order on December 7, 2006, at which Asset Purchaser was declared the highest and best bidder, was conducted in good faith within the meaning of section 363(m) of the Bankruptcy Code. The Asset Purchaser is a purchaser in good faith of the Acquired Assets. As a result of the foregoing, the Sellers and Asset Purchaser entitled to the protections of section 363(m) of the

15

1    Bankruptcy Code.

2        HH.    The Asset Purchase Agreement was negotiated, proposed and entered

3    into by the Debtors and the Asset Purchaser without collusion, in good faith, and from arm's-

4    length bargaining positions.

5        II.    There were no brokers involved in the Asset Sale Transaction, and no

6    brokers' commissions are due with respect to the Asset Sale Transaction.

7        JJ.    The Asset Purchaser is not an "insider" of any of the Debtors, as that

8    term is defined in section 101 of the Bankruptcy Code.

9        KK.    The transfer of the Acquired Assets to the Asset Purchaser will be a

10    legal, valid, and effective transfer of the Acquired Assets, and will vest the Asset Purchaser

11    with all right, title, and interest of the Sellers to the Acquired Assets free and clear of all liens,

12    claims, interests, obligations and encumbrances whatsoever, including, but not limited to, (A)

13    all monetary and non-monetary defaults and rights that purport to give to any party a right or

14    option to effect any forfeiture, modification, right of first refusal, or termination of the Sellers'

15    or the Asset Purchaser's interest in, or rights in or under, the Acquired Assets, or any similar

16    rights, based in any way on any action taken (or failed to be taken) by any of the Debtors or any

17    other matter or occurrence relating to the period prior to the Closing (other than any right that

18    existed and was matured and exercisable, as of the Petition Date, to effect a substitution of

19    USACM as loan servicer under Section 3 of any Loan Servicing Agreement, as well as any

20    defenses of the loan servicer thereto (a "Surviving Section 3 Right")); (B) taxes arising under or

21    out of, in connection with, or in any way relating to the existence, ownership, management or

22    servicing of the Acquired Assets prior to the Closing; and (C) (i) all mortgages, deeds of trust,

23    security interests, conditional sale or other title retention agreements, pledges, liens, judgments,

24    demands, encumbrances, rights of first refusal or charges of any kind or nature, if any,

25    including, but not limited to, any restriction on the use, voting, transfer, receipt of income or

26    other exercise of any attributes of ownership and (ii) all debts arising in any way in connection

27    with any agreements, acts, or failures to act, of any of the Sellers or any of the Sellers'

28    predecessors or affiliates; all claims (as that term is defined in the Bankruptcy Code),

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

16

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    obligations, liabilities, rights of recoupment or setoff, demands, guaranties, options, rights,

2    restrictions, interest and matters of any kind and nature in any way relating to the existence,

3    ownership, management or servicing of the Acquired Assets prior to Closing, whether known

4    or unknown, contingent or otherwise, whether arising prior to or subsequent to the

5    commencement of these cases pursuant to chapter 11 of the Bankruptcy Code, and whether

6    imposed by agreement, understanding, law, equity or otherwise, including but not limited to

7    claims otherwise arising under doctrines of successor liability (collectively, "Interests");

8    provided, however, that, in connection with any attempted post-Closing exercise of a Surviving

9    Section 3 Right: (a) the Direct Lenders must provide Compass at least thirty (30) days prior

10   written notice of the intended exercise of such right in accordance with section 8 of the Loan

11   Servicing Agreement, (b) Compass shall have the right to challenge the exercise of such

12   Surviving Section 3 Right by filing a motion with this Court prior to the expiration of such

13   thirty (30) day period to determine whether such Surviving Section 3 Right has been properly

14   and validly exercised (the "Compass Motion") and the Court shall retain jurisdiction to

15   adjudicate any such disputes, (c) in the event Compass timely files such Compass Motion, the

16   effectiveness of the attempted exercise of such Surviving Section 3 Right shall be stayed

17   pending this Court's entry of an order in respect of the Compass Motion, and (d) the post-

18   Closing survival of such Surviving Section 3 Right shall not impair in any respect any rights or

19   interests of Compass under the Loan Servicing Agreements, including, without limitation, its

20   rights under Section 2(c)(iii) of the Loan Servicing Agreement.  In the event of a proper

21   exercise of remedies under Section 3 of the Loan Servicing Agreement, (i) neither the Direct

22   Lenders nor any replacement servicer selected by such Direct Lender shall have the right or

23   ability to compromise, subordinate, or impair, in any respect, any claims purchased by Compass

24   from the Estates for default interest, accrued servicing fees, late charges, success fees, or other

25   amounts under the Loan Servicing Agreement, and (ii) the Confirmation Order shall be binding

26   upon such replacement servicer regardless of whether such replacement servicer actually

27   received such copy of the Confirmation Order.

28            LL.    The Loan Servicing Agreements are not executory contracts under

17

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  Bankruptcy Code section 365 and can be transferred to the Asset Purchaser under Bankruptcy

2  Code sections 1123 and 363(b) without being assumed and assigned to the Asset Purchaser

3  under Bankruptcy Code section 365.

4        MM.    The Asset Purchaser would not have entered into the Asset Purchase

5  Agreement and would not consummate the transactions contemplated thereby, thus adversely

6  affecting the Sellers, their Estates, their creditors, and, with respect to FTDF, its Equity Interest

7  holders, if the sale of the Acquired Assets to the Asset Purchaser was not free and clear of all

8  Interests of any kind or nature whatsoever, or if the Asset Purchaser would, or in the future

9  could, be liable for any of the Interests, including, without limitation, any liabilities not

10  expressly assumed by the Asset Purchaser.

11        NN.    The consideration provided by Asset Purchaser pursuant to the Asset

12  Purchase Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Acquired

13  Assets, (iii) will provide a greater recovery to the Sellers' Estates than would be provided by

14  any other available alternative, and (iv) constitutes reasonably equivalent value and fair

15  consideration under the Bankruptcy Code and under the laws of the United States, any State

16  (including Nevada), territory, possession, or the District of Columbia.

17        OO.    Unless otherwise provided by law, the reversal or modification of the

18  Confirmation Order and these Findings on appeal shall not affect the validity of the Plan, or any

19  agreement or action authorized by the Confirmation Order or under the Plan with respect to any

20  entity acting in good faith, whether or not that entity knows of the appeal, unless the

21  Confirmation Order is stayed pending appeal.

22        PP.    Based on the foregoing findings and conclusions, the Debtors are entitled to

23  entry by this Court of the Confirmation Order.

24  Submitted by:                              Approved / Disapproved by:
    RAY QUINNEY & NEBEKER P.C.                 OFFICE OF THE U.S. TRUSTEE
25  and SCHWARTZER & MCPHERSON LAW FIRM

26  By: _/s/ Jeanette E. McPherson_____      By: _____
27  LENARD E. SCHWARTZER, ESQ.                      August B. Landis
    JEANETTE E. MCPHERSON, ESQ.
28  ANNETTE W. JARVIS, ESQ.
    STEVEN STRONG, ESQ.
    *Counsel for Debtors*

18

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF
THE "ORDER CONFIRMING THE "DEBTORS' THIRD AMENDED JOINT CHAPTER
2  11 PLAN OF REORGANIZATION, AS MODIFIED HEREIN"

3

4  **Approved**/Disapproved by:                     **Approved**/Disapproved by:
LEWIS AND ROCA, LLP                               GORDON & SILVER, LTD.

5
                                                  By:   /s/ Gregory Garman
6  By:  /s/ Rob Charles                               GERALD M. GORDON, ESQ.
       SUSAN M. FREEMAN, ESQ.                         GREGORY E. GARMAN, ESQ.
7      ROB CHARLES, ESQ.                              *Counsel for the Official Committee of*
       *Counsel for the Official Committee of*        *Holders of Executory Contract Rights of*
8      *Unsecured Creditors of USA Commercial*        *USA Commercial Mortgage Company*
       *Mortgage Company*
9

10

11  **Approved**/Disapproved by:                    **Approved**/Disapproved by:
ORRICK, HERRINGTON & SUTCLIFFE LLP                STUTMAN TREISTER & GLATT, P.C. and
12  and BECKLEY SINGLETON, CHTD.                   SHEA & CARLYON, LTD.

13
                                                  By:   /s/ Christine Pajak
14  By:   /s/ Marc A. Levinson                         FRANK A. MEROLA, ESQ.
       MARC A. LEVINSON, ESQ.                          EVE KARASIK, ESQ.
15     JEFFERY HERMANN ESQ.                            CHRISTINE PAJAK, ESQ.
       BOB L. OLSON, ESQ.                              CANDACE C. CARLYON, ESQ.
16     ANNE M. LORADITCH, ESQ.                         *Counsel for the Official Committee of*
       *Counsel for the Official Committee of*         *Equity Security Holders of USA Capital*
17     *Equity Security Holders of USA Capital*        *First Trust Deed Fund LLC*
       *Diversified Trust Deed Fund, LLC*
18

19  Approved/**Disapproved** by:                   Approved/Disapproved by:

20  By:   /s/ Kevin Darby for                       By:
21     ALAN SMITH, ESQ.                                DEAN KIRBY, ESQ.
       *Counsel for Lenders Protection Group*          *Counsel for Debt Acquisition*
22                                                     *Company of America*

23  Approved/Disapproved by:                       Approved/Disapproved by:

24

25  By:                                             By:
26     ERIC FIELD, ESQ.                                NANCY ALLF, ESQ.
       *Counsel for Pension Benefit Guarantee*         ROBERT LEPOME, ESQ.
27     *Corporation*                                   *Counsel for The Alexander Group*

28

19

1  [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF THE "ORDER CONFIRMING THE "DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN OF
2  REORGANIZATION, AS MODIFIED HEREIN"

3

Approved/Disapproved by:                          Approved/**Disapproved** by:
4

5
By: _____                      By:  /s/ Janet Chubb_____
6      MICHAEL SCHMAHL, ESQ.                             JANET CHUBB, ESQ.
       *Counsel for Dr. Gary Kantor, Mrs. Kantor*        *Counsel for Jones Vargas Direct Lenders*
7      *and Kantor Nephrology 401K plan*

8  **Approved**/Disapproved by:                      Approved/Disapproved by:

9

10 By:  /s/ George Davis_____             By: _____
       GEORGE DAVIS ESQ.                                  DAVID COHEN, ESQ.
11     *Counsel for Compass Partners*                     *Counsel for Sierra Liquidity Fund*

12

Approved/Disapproved by:                          Approved/Disapproved by:
13

14
By: _____                      By: _____
15     GREGORY J. WALCH ESQ.                              JEFFREY SYLVESTER, ESQ.
       *Counsel for Gregory J. Walch and Shauna*          *Counsel for USA Commercial Real Estate*
16 *M. Walch, Trustees of the Gregory J. and*         *Group*
17 *Shauna M. Walch Family Trust*

18

19 Approved/Disapproved by:                          Approved/Disapproved by:

20
By: _____                      By: _____
21     RUSSELL WALKER, ESQ.                               SUSAN SCANN, ESQ.
       *Counsel for USA Investment Partners, LLC,*        *Counsel for Copper Sage Commercial*
22 *Joseph Milanowski and Thomas Hantges*             *Center and Binford Medical Developers, LLC*

23

24 **Approved**/Disapproved by:                      Approved/Disapproved by:

25 By:  /s/ Andrew Brumby_____             By: _____
       ANDREW BRUMBY, ESQ.                                WADE GOCHNOUR, ESQ.
26     R. VAUGHN GOURLEY, ESQ.                            ARYN M. FITZWATER, ESQ.
       *Counsel for Standard Property Development*        *Counsel for Liberty Bank*
27

28 / / /

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1   In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

2   ___ The court has waived the requirement of approval under LR 9021.

3   ___ No parties appeared or filed written objections, and there is no trustee appointed in the case.

4    X  I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

5

6   **Failed to respond:**

7   WADE GOCHNOUR, ESQ.
    SUSAN SCANN, ESQ.

8   RUSSELL WALKER, ESQ.
    GREGORY J. WALCH ESQ.

9   JEFFREY SYLVESTER, ESQ.
    DAVID COHEN, ESQ.

10  MICHAEL SCHMAHL, ESQ.

11  ROBERT LEPOME, ESQ.
    ERIC FIELD, ESQ.

12  DEAN KIRBY, ESQ.
    August B. Landis, Esq.

13

14

15                                          # # #

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

21