# EXHIBIT B

**Entered on Docket**
**January 08, 2007**

_Hon. Linda B. Riegle_
**Hon. Linda B. Riegle**
**United States Bankruptcy Judge**

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, NV Bar No. 0399
Jeanette E. McPherson, NV Bar No. 0399
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **[PROPOSED] ORDER<br>CONFIRMING THE "DEBTORS'<br>THIRD AMENDED JOINT<br>CHAPTER 11 PLAN OF<br>REORGANIZATION," AS<br>MODIFIED HEREIN** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | **Confirmation Hearing**<br>Date: December 19, 2006<br>Time: 10:00 a.m. |

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 - Fax: (702) 892-0122

USA Capital_ Proposed Confirmation Order 010807

Commencing on December 19, 2006 at 10:00 a.m., the Court held a hearing (the "Confirmation Hearing") on the confirmation of the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" (the "Third Amended Plan") proposed by USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF") and USA Capital First Trust Deed Fund, LLC ("FTDF"), debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"). Appearances were made as indicated in the recorded transcript of the Confirmation Hearing.

The Court, having entered the "Findings of Fact and Conclusions of Law in Support of Order Confirming the 'Third Amended Joint Chapter 11 Plan of Reorganization, as Modified Herein'" (the "Findings"), which are hereby incorporated into this Confirmation Order, and good cause appearing,

**IT HEREBY IS ORDERED THAT:**

1.      The Third Amended Plan, as amended or modified by this Confirmation Order, (the Third Amended Plan, as so modified, being referred to herein as the "Plan"[1]) is approved and confirmed under Bankruptcy Code section 1129.

2.      All Objections to the confirmation of the Plan, including objections to the Asset Sale Transaction, that have not been stricken from the record, withdrawn, waived, or settled, and all reservations of rights pertaining to confirmation of the Plan or the consummation of the Asset Sale Transaction included therein or otherwise made in any pleading, correspondence, written or oral statement, or other communication to the Bankruptcy Court, the Debtors, the United States Trustee, the Committees, or other parties in interest are overruled on the merits.

3.      The Cangelosi Declaration and Loob Declaration are hereby stricken from the record.

4.      The Sierra Liquidity Objection and H&M Objection are overruled and stricken

---

[1]    Terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

USA Capital_ Proposed Confirmation Order 010807

1    from the record.

2          5.     The arguments raised orally at the Confirmation Hearing by The Lender Protection

3    Group regarding the classification of Class A-5 were not timely raised and are not properly before

4    the Court and, notwithstanding the foregoing, are overruled.

5          6.     The failure to reference or discuss any particular provision of the Plan in this

6    Confirmation Order or the Findings shall have no effect on this Court's approval and authorization

7    of, or the validity, binding effect, and enforceability of, such provision; and each provision of the

8    Plan is authorized and approved and shall have the same validity, binding effect, and

9    enforceability as every other provision of the Plan, whether or not mentioned in this Confirmation

10    Order or the Findings.

11         7.     The amounts, priorities, secured status, and classifications of Claims and Equity

12    Interests for purposes of the distributions to be made under the Plan shall be governed solely by

13    the terms of the Plan. The amounts, priorities, secured status, and classifications set forth on the

14    Ballots tendered to or returned by holders of Claims and Equity Interests in connection with voting

15    on the Plan (a) were set forth on the Ballots solely for purposes of voting to accept or reject the

16    Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise

17    affect, the actual amount, priority, secured status, or classification of such Claims and Equity

18    Interests under the Plan for distribution purposes, and (c) shall not be binding on, or used as

19    evidence against the Debtors or the Post-Effective Date Entities for any purpose other than with

20    respect to voting on the Plan.

21    **Binding Effect**

22         8.     The provisions of the Plan and this Confirmation Order shall bind (a) the Debtors

23    and their respective Estates, (b) the Post-Effective Date Entities, (c) the USACM Trust

24    Committee, USACM Trustee, the DTDF Administrator, and the DTDF Post-Effective Date

25    Committee (d) Compass Partners LLC, who is the Asset Purchaser under the Plan ("Compass"),

26    (e) all creditors of the Debtors; (f) all Direct Lenders; (g) all parties in interest; and (h) and any

27    holder of an Administrative Expense Claim or Claim against or Equity Interest in any of the

28    Debtors, including all federal, state, and local governmental entities and fiscal intermediaries

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

USA Capital_ Proposed Confirmation Order 010807

1  thereof, whether or not (i) the Administrative Expense Claim, Claim, or Equity Interest of such

2  holder is impaired under the Plan, (ii) such holder or entity has voted to accept or reject the Plan,

3  and (iii) such holder or entity has filed or is deemed to have filed proof of Claim or Equity

4  Interest, made a demand for payment of an Administrative Expense Claim, or has made

5  appearance has been made in these Chapter 11 Cases.

6  **No Substantive Consolidation / Recharacterization**

7       9.    In consideration of the compromises set forth in the Plan, the DTDF Committee in

8  open court waived any right to seek substantive consolidation of the Debtors' Estates and waived

9  any right to seek recharacterization of (i) the notes and deeds of trust in which the Direct Lenders

10  hold interests as property of the Debtors' Estates or (ii) the Direct Lenders' interests in such notes

11  and deeds of trust as unsecured claims against the Debtors' Estates.

12       10.    On the Effective Date, all of the assets of each Debtor shall be sold, transferred,

13  distributed or retained by each of such Debtor's respective Estates, or the Post-Effective Date

14  Entities created for each such Debtor and its Estate under the Plan, with all proceeds of sold,

15  transferred, or liquidated assets of each Debtor being retained by the respective Debtor's Estate, or

16  the Post-Effective Date Entities created for each such Debtor and its Estate under the Plan.  All

17  Claims against and Equity Interests in the Debtors and their respective Estates shall be retained by

18  the holders of Allowed Claims and Allowed Equity Interests against and in the respective Estates,

19  except as otherwise provided for under the Plan.  The allowance, voting, treatment and

20  distributions on account of Allowed Claims and Allowed Equity Interests shall be as set forth in

21  the Plan on an individual Estate basis.

22       11.    Nothing in the Plan or this Confirmation Order shall be deemed to recharacterize

23  either (i) the notes and deeds of trust in which the Direct Lenders hold interests as property of the

24  Debtors' Estates or (ii) the Direct Lenders' interests in such notes and deeds of trust as unsecured

25  claims against the Debtors' Estates.

26  **Asset Sale Transaction**

27       12.    The Asset Purchase Agreement, dated and effective as of December 8, 2006

28  [Docket No. 2164] (the "Asset Purchase Agreement"), made by and between USACM and FTDF

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 • Fax: (702) 892-0122

USA Capital_ Proposed Confirmation Order 010807

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  (together with USACM, the "Sellers") and DTDF, USA Realty and USA Securities, as

2  acknowledging parties, and Compass is hereby approved.

3      13.    The Debtors and Compass, as may be mutually agreed by such parties, are hereby

4  authorized to consummate the Asset Purchase Agreement at any time following ten (10) days after

5  entry of this Confirmation Order, which may occur prior to the Effective Date of the Plan.

6      14.    Except as expressly permitted or otherwise specifically provided for in the Asset

7  Purchase Agreement or this Confirmation Order, pursuant to sections 105(a), 1123, and 363(f) of

8  the Bankruptcy Code, the Acquired Assets shall be transferred to the Asset Purchaser on the terms

9  and conditions set forth in the Asset Purchase Agreement, and upon Closing shall be, free and

10  clear of all liens, claims, interests, obligations and encumbrances whatsoever, including, but not

11  limited to, (A) all monetary and non-monetary defaults and rights that purport to give to any party

12  a right or option to effect any forfeiture, modification, right of first refusal, or termination of the

13  Sellers' or the Asset Purchaser's interest in, or rights in or under, the Acquired Assets, or any

14  similar rights, based in any way on any action taken (or failed to be taken) by any of the Debtors

15  or any other matter or occurrence relating to the period prior to the Closing (other than any right

16  that existed and was matured and exercisable, as of the Petition Date, to effect a substitution of

17  USACM as loan servicer under Section 3 of any Loan Servicing Agreement, as well as any

18  defenses of the loan servicer thereto (a "Surviving Section 3 Right")); (B) taxes arising under or

19  out of, in connection with, or in any way relating to the existence, ownership, management or

20  servicing of the Acquired Assets prior to the Closing; and (C) (i) all mortgages, deeds of trust,

21  security interests, conditional sale or other title retention agreements, pledges, liens, judgments,

22  demands, encumbrances, rights of first refusal or charges of any kind or nature, if any, including,

23  but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of

24  any attributes of ownership and (ii) all debts arising in any way in connection with any

25  agreements, acts, or failures to act, of any of the Sellers or any of the Sellers' predecessors or

26  affiliates; all claims (as that term is defined in the Bankruptcy Code), obligations, liabilities, rights

27  of recoupment or setoff, demands, guaranties, options, rights, restrictions, interest and matters of

28  any kind and nature in any way relating to the existence, ownership, management or servicing of

USA Capital_ Proposed Confirmation Order 010807

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    the Acquired Assets prior to Closing, whether known or unknown, contingent or otherwise,

2    whether arising prior to or subsequent to the commencement of these cases pursuant to chapter 11

3    of the Bankruptcy Code, and whether imposed by agreement, understanding, law, equity or

4    otherwise, including but not limited to claims otherwise arising under doctrines of successor

5    liability (collectively, "Interests"); provided, however, that, in connection with any attempted post-

6    Closing exercise of a Surviving Section 3 Right: (a) the Direct Lenders must provide Compass at

7    least thirty (30) days prior written notice of the intended exercise of such right in accordance with

8    section 8 of the Loan Servicing Agreement, (b) Compass shall have the right to challenge the

9    exercise of such Surviving Section 3 Right by filing a motion with this Court prior to the

10   expiration of such thirty (30) day period to determine whether such Surviving Section 3 Right has

11   been properly and validly exercised (the "Compass Motion") and the Court shall retain jurisdiction

12   to adjudicate any such disputes, (c) in the event Compass timely files such Compass Motion, the

13   effectiveness of the attempted exercise of such Surviving Section 3 Right shall be stayed pending

14   this Court's entry of an order in respect of the Compass Motion, and (d) the post-Closing survival

15   of such Surviving Section 3 Right shall not impair in any respect any rights or interests of

16   Compass under the Loan Servicing Agreements, including, without limitation, its rights under

17   Section 2(c)(iii) of the Loan Servicing Agreement.  In the event of a proper exercise of remedies

18   under Section 3 of the Loan Servicing Agreement, (i) neither the Direct Lenders nor any

19   replacement servicer selected by such Direct Lender shall have the right or ability to compromise,

20   subordinate, or impair, in any respect, any rights, claims or interests purchased by Compass from

21   the Estates for default interest, accrued servicing fees, late charges, success fees, or other amounts

22   under the Loan Servicing Agreement, and (ii) this Confirmation Order shall be binding upon such

23   replacement servicer regardless of whether such replacement servicer actually received such copy

24   of the Confirmation Order.

25        15.    Any and all such Interests whatsoever shall attach to the net proceeds of the Asset

26   Sale Transaction in the order of their priority, with the same validity, force and effect which they

27   now have as against the Acquired Assets, subject to any claims and defenses that the Sellers may

28   possess with respect thereto.

USA Capital_ Proposed Confirmation Order 010807

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

16.     Upon the Closing of the Asset Sale Transaction, the Sellers are hereby authorized to pay SPCP, LLC the Break-Up Fee from the proceeds of the Asset Sale Transaction.

17.     The transfer of the Acquired Assets to the Asset Purchaser pursuant to the Asset Purchase Agreement constitutes a legal, valid, and effective transfer of the Acquired Assets, and shall vest the Asset Purchaser with all right, title, and interest of the Sellers in and to the Acquired Assets free and clear of all Claims and Interests of any kind or nature whatsoever.

18.     If any Person or entity that has filed financing statements, mortgages, mechanic's liens, lis pendens, or other documents or agreements evidencing Interests in the Acquired Assets shall not have delivered to the Sellers prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Interests which the Person or entity has with respect the Acquired Assets or otherwise, then (a) the Sellers are authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the Person or entity with respect to the Acquired Assets and (b) the Asset Purchaser is authorized to file, register, or otherwise record a certified copy of this Confirmation Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Interests in the Acquired Assets of any kind or nature whatsoever.

19.     The consideration provided by the Asset Purchaser for the Acquired Assets under the Asset Purchase Agreement is, and shall be deemed, to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any State (including Nevada), territory, possession, or the District of Columbia.

20.     This Confirmation Order (a) shall be effective as a determination that, on the Closing, all Interests of any kind or nature whatsoever existing as to the Acquired Assets prior to the Closing have been unconditionally released, discharged and terminated (other than any obligations expressly assumed by the Asset Purchaser under the Asset Purchase Agreement), and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds,

USA Capital_ Proposed Confirmation Order 010807

1   administrative agencies, governmental departments, secretaries of state, federal, state, and local

2   officials, and all other persons and entities who may be required by operation of law, the duties of

3   their office, or contract, to accept, file, register or otherwise record or release any documents or

4   instruments, or who may be required to report or insure any title or state of title in or to any of the

5   Acquired Assets.

6       21.    Each and every federal, state, and local governmental agency or department is

7   directed to accept any and all documents and instruments necessary and appropriate to

8   consummate the transactions contemplated by the Asset Purchase Agreement.

9       22.    All entities who are presently, or on the Closing may be, in possession of any or all

10   of the Acquired Assets are directed to surrender possession of the Acquired Assets to the Asset

11   Purchaser on the Closing; provided, however, that, pursuant to the Asset Purchase Agreement,

12   only working copies of the relevant databases and servicing and reporting software, will be

13   delivered to the Asset Purchaser, with the originals being retained by USACM and transferred to

14   the USACM Trust.

15       23.    This Court retains jurisdiction as set forth in Section VIII.D. of the Plan, including

16   the jurisdiction to enforce and implement the terms and provisions of this Confirmation Order and

17   the Asset Purchase Agreement, all amendments thereto, any waivers and consents thereunder, in

18   all respects, including, but not limited to, retaining jurisdiction to: (a) compel delivery of the

19   Acquired Assets to the Asset Purchaser pursuant to the terms of this Confirmation Order and the

20   Asset Purchase Agreement; and (b) to protect the Asset Purchaser against any Interests against the

21   Sellers or the Acquired Assets.

22       24.    Except for any liabilities expressly assumed by the Asset Purchaser pursuant to the

23   Asset Purchase Agreement (the "Assumed Liabilities"), the sale of the Acquired Assets shall be

24   free and clear of, and the Asset Purchaser shall have no liability or responsibility for, any Interests

25   Without limiting the generality of the foregoing, and except as otherwise specifically provided in

26   the Asset Purchase Agreement and this Confirmation Order, to the extent allowed by law, the

27   Asset Purchaser shall not be liable for any Claims or Interests against the Sellers or any of their

28   predecessors or affiliates or the Acquired Assets, and the Asset Purchaser shall have no successor

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

USA Capital_ Proposed Confirmation Order 010807

1  or vicarious liabilities of any kind or character including, but not limited to, any such liability that

2  may be imposed by statute (e.g., under so-called "bulk sale" laws) or any theory of antitrust,

3  environmental, successor or transferee liability, labor law, de facto merger, or substantial

4  continuity, whether known or unknown as of the Closing, now existing or hereafter arising,

5  whether matured, unmatured, fixed or contingent, with respect to the Sellers or any obligations of

6  the Sellers or the Acquired Assets arising prior to the Closing, including, but not limited to,

7  liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with,

8  or in any way relating to the existence, ownership, management or servicing of the Acquired

9  Assets prior to the Closing.

10       25.    Under no circumstances shall the Asset Purchaser be deemed a successor of or to

11  the Sellers for any Interest against or in the Sellers or the Acquired Assets of any kind or nature

12  whatsoever. The sale, transfer, assignment and delivery of the Acquired Assets shall not be

13  subject to any Interests, and Interests of any kind or nature whatsoever shall remain with, and

14  continue to be obligations of, the Sellers. All Persons holding Interests against or in the Sellers or

15  the Acquired Assets of any kind or nature whatsoever (including but not limited to, the Sellers

16  and/or their respective successors, including any trustee's thereof, creditors, lenders to any of the

17  Sellers, Direct Lenders, borrowers, employees, unions, former employees and shareholders,

18  administrative agencies, governmental units, secretaries of state, federal, state and local officials,

19  maintaining any authority relating to any environmental, health and safety laws, and their

20  respective successors or assigns) shall be, and are, forever barred, estopped, and permanently

21  enjoined from asserting, prosecuting, or otherwise pursuing such Interests of any kind or nature

22  whatsoever against the Asset Purchaser, its property, its successors and assigns, or the Acquired

23  Assets, as an alleged successor or otherwise, with respect to any Interest of any kind or nature

24  whatsoever such Person or entity had, has, or may have against or in the Sellers, their estates,

25  officers, directors, shareholders, or the Acquired Assets. Following the Closing, no holder of an

26  Interest in the Sellers shall interfere with the Asset Purchaser's title to or use and enjoyment of the

27  Acquired Assets based on or related to such Interest, or any actions that the Sellers may take in

28  their Chapter 11 Cases.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 • Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

26.     The transactions contemplated by the Asset Purchase Agreement are undertaken by the Asset Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Asset Sale Transaction shall not affect the validity of the Asset Sale Transaction or any rights or protections accorded Asset Purchaser under the Asset Purchase Agreement or this Confirmation Order, unless such authorization is duly stayed pending such appeal.  The Asset Purchaser is a purchaser in good faith of the Acquired Assets, and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

27.     The transfer of the Acquired Assets pursuant to the Asset Sale Transaction is a transfer pursuant to section 1146(c) of the Bankruptcy Code, and accordingly, the transfer of the Acquired Assets (including without limitation both real and personal property) to Asset Purchaser does not and will not subject the Sellers or Asset Purchaser, their affiliates or designees to any liability for any law imposing a mortgage or recording tax, transfer tax, stamp tax, sales tax, use or similar tax or any so-called "bulk-sale", to the fullest extent permitted by Section 1146(c) of the Bankruptcy Code.  Each and every federal, state and local government agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the transfer of any of the Acquired Assets, all without imposition or payment of any stamp tax, transfer tax, or similar tax.

**Post-Effective Date Entities**

28.     Pursuant to Article IV, Section D.1. of the Plan, on the Effective Date, all assets of the USACM Estate not collected or disposed of on or prior to the Effective Date, including (a) Cash and noncash proceeds, (b) loans made to Placer Vineyards, Marquis Hotel, Colt Gateway LLC, and Colt Second TD and all related fees and default interest on the Placer Vineyards, Marquis Hotel, Colt Gateway LLC, and Colt Second TD loans, including the Loan Servicing Agreements related to the Placer Vineyards, Marquis Hotel, Colt Gateway LLC, and Colt Second TD loans, all other Notes Receivable (including the Investment Partners Note) and all Accounts Receivable, computers and software, (c) the Prepaid Interest (including Prepaid Interest collected by the Asset Purchaser post-Closing and including the DTDF Prepaid Interest, subject to the

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1   objection of the DTDF Committee, which shall be determined by the Court if not settled), (d) the

2   USACM Accounts (including USACM Estate's share of the IP $58 Million Promissory Note), (e)

3   all USACM Litigation Claims, including without limitation the Non-Debtor Insider Litigation,

4   belonging to or assertable by the USACM Estate, and (f) the FTDF Litigation Claims transferred

5   to USACM pursuant to Article IV, Section E.2.j of the Plan (collectively, the "USACM Trust

6   Assets"), minus any Cash needed to make the payments required to be made on the Effective Date

7   pursuant to the Plan or needed to fund the reserves required to be established on the Effective

8   Date, shall vest in the USACM Trust, pursuant to the Plan and shall be transferred to the USACM

9   Trust as soon as practicable thereafter.

10      29.     As of the Effective Date and pursuant to Article IV, Section D.2. of the Plan, all

11  assets of the DTDF Estate not collected or disposed of prior to the Effective Date, including (a)

12  Cash and noncash proceeds, (b) the DTDF Loans (including but not limited to rights associated

13  with the former Epic and Sheraton Loans and the Loan Servicing Agreements for the Excluded

14  DTDF Loans), (c) the FTDF Transferred Assets, (d) all DTDF Litigation Claims, including

15  without limitation the Non-Debtor Insider Litigation, belonging to or assertable by the DTDF

16  Estate, and (e) the DTDF Estate's share of the IP $58 Million Promissory Note (collectively, the

17  "DTDF Assets") shall remain the property of DTDF after the Effective Date.  Post-Effective Date

18  DTDF shall also be funded with Pro Rata distributions from the USACM Trust on account of the

19  Allowed DTDF Unsecured Claim.

20      30.     The Liquidating Trust Agreement as filed with the Court is approved, and Geoffrey

21  L. Berman is approved as the USACM Trustee.  On and after the Effective Date, the USACM

22  Trust and the USACM Trustee shall have all powers and duties set forth in the Plan and in the

23  USACM Trust.

24      31.     The DTDF Amended Operating Agreement as filed with the Court is approved, and

25  Michael Tucker is approved as the DTDF Administrator.  On and after the Effective Date, the

26  Post-Effective Date DTDF and DTDF Administrator shall have all powers and duties set forth in

27  the Plan and in the DTDF Amended Operating Agreement.

28      32.     As of the Effective Date, the USACM Trust Committee shall have the rights,

USA Capital_ Proposed Confirmation Order 010807

1    powers, privileges, responsibilities, and authority as set forth in the Plan and in the USACM Trust.

2        33.    As of the Effective Date, the DTDF Post-Effective Date Trust Committee shall

3    have the rights, powers, privileges, responsibilities, and authority as set forth in the Plan and in the

4    DTDF Amended Operating Agreement.

5        34.    As of the Effective Date, USACM shall irrevocably assign, transfer and convey to

6    the USACM Trust, all right, title and interest in and to the USACM Trust Assets, including, but

7    not limited to, all USACM Litigation Claims and the FTDF Litigation Claims.  All USACM

8    Litigation Claims and the FTDF Litigation Claims accruing to USACM or FTDF, respectively, or

9    their respective Estates shall remain assets of and vest in the USACM Trust, whether or not

10   litigation relating thereto is pending on the Effective Date.  Neither USACM, FTDF, their

11   respective Estates nor the USACM Trust waives, relinquishes, or abandons any USACM

12   Litigation Claim or FTDF Litigation Claim which constitutes property of their respective Estates,

13   regardless of whether or not litigation relating thereto is pending on the Effective Date and

14   whether or not any such right or cause of action has been listed or referred to in the Plan, the

15   Disclosure Statement or any schedule, exhibit or other document filed in connection therewith.

16       35.    The USACM Trust shall have full power and authority to prosecute, compromise or

17   otherwise resolve any and all such USACM Litigation Claims and FTDF Litigation Claims, with

18   all recoveries derived therefrom to be distributed under the Plan.  The USACM Trust and the

19   Estates shall not be barred by res judicata, collateral estoppel, judicial estoppel, issue preclusion or

20   otherwise after Confirmation from prosecuting the USACM Litigation Claims or FTDF Litigation

21   Claims.  To the full extent permitted by law, USACM will be deemed to irrevocably transfer to the

22   USACM Trustee, as its legal successor, all rights of USACM and the USACM Estate (including

23   the USACM Estate after the Confirmation Date) to exercise or waive any attorney-client privilege,

24   accountant-client privilege, work-product privilege or other privilege or immunity attaching to any

25   documents or communications (whether written or oral) as set forth in the Liquidating Trust

26   Agreement, and USACM and the USACM Trustee are authorized to take all necessary actions to

27   effectuate the transfer of the Privileges.

28       36.    On and after the Effective Date, pursuant to the Asset Purchase Agreement and the

USA Capital_ Proposed Confirmation Order 010807

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1   Plan, the USACM Trust shall have or, if it does not have, be granted access to all databases,

2   software, documents, records and original computers and related hardware currently owned by, or

3   currently in the possession or control of, any of the Debtors, which, in the discretion of the

4   USACM Trust, are deemed to be necessary.  The foregoing shall include, but not be limited to,

5   electronic copies (in a form that will enable the USACM Trust to use and manipulate the data), all

6   software and systems, all hardware, all documents, all records (including reconstructed Loan

7   ledgers and other documents created during the Chapter 11 Cases), and all original computers and

8   related hardware that are necessary for the USACM Trust to administer or service any Loans, to

9   object to Claims against and Equity Interests in USACM, to prosecute or defend any litigation to

10  which USACM, the USACM Estate or the USACM Trust is a party, to administer and/or manage

11  the USACM Trust, and to make distributions to the beneficiaries of the USACM Trust.

12  Notwithstanding anything to the contrary herein, as agreed in the Asset Purchase Agreement, the

13  USACM Trust shall retain the original relevant databases and servicing and reporting software.

14       37.    All DTDF Litigation Claims accruing to DTDF or its Estate shall remain assets of

15  the Post-Effective Date DTDF, whether or not litigation relating thereto is pending on the

16  Effective Date.  Neither DTDF, its Estate nor Post-Effective Date DTDF waives, relinquishes, or

17  abandons any DTDF Litigation Claim which constitutes property of its Estate, regardless of

18  whether or not litigation relating thereto is pending on the Effective Date and whether or not any

19  such right or cause of action has been listed or referred to in the Plan, the Disclosure Statement or

20  any schedule, exhibit or other document filed in connection therewith.

21       38.    Post-Effective Date DTDF shall have full power and authority to prosecute,

22  compromise or otherwise resolve any and all such DTDF Litigation Claims, with all recoveries

23  derived therefrom to be distributed under the Plan.  The Post-Effective Date DTDF and the DTDF

24  Estate shall not be barred by res judicata, collateral estoppel, judicial estoppel, issue preclusion or

25  otherwise after Confirmation from prosecuting the DTDF Litigation Claims.

26       39.    On and after the Effective Date, pursuant to the Asset Purchase Agreement and the

27  Plan, Post-Effective Date DTDF shall have or, if it does not have, be granted access to all

28  databases, software, documents, records and original computers and related hardware currently

USA Capital_ Proposed Confirmation Order 010807

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    owned by, or currently in the possession or control of, any of the Debtors, which, in the discretion

2    of Post-Effective Date DTDF, are deemed to be necessary.  The foregoing shall include, but not be

3    limited to, electronic copies (in a form that will enable Post-Effective Date DTDF to use and

4    manipulate the data), all databases, all software and systems, all hardware, all documents and all

5    records (including the reconstructed Loan ledgers and other documents created during the Chapter

6    11 Cases), and all original computers and related hardware that are necessary for Post-Effective

7    Date DTDF to collect upon and otherwise administer its retained Loans, to object to Claims

8    against and Equity Interests in DTDF and Post-Effective Date DTDF, to prosecute or defend any

9    litigation to which DTDF, the DTDF Estate or the Post-Effective Date DTDF is a party, to

10    administer and/or manage Post-Effective Date DTDF, and to make distributions to the holders of

11    Allowed Claims against and Equity Interests in DTDF and Post-Effective Date DTDF.

12         40.    USACM Trust and Post-Effective Date DTDF shall retain their respective share of

13    the Non-Debtor Insider Litigation and may, without further order of this Court, enter into a joint

14    prosecution or sharing agreement with each other.

15         41.    The Debtors, the Debtors' officers, the USACM Trustee, and the DTDF

16    Administrator are authorized to take all actions necessary to implement the Plan and the

17    transactions contemplated therein in accordance with the terms of the Plan, and are authorized to

18    execute, deliver, file, or record such contracts, instruments, releases, and other agreements or

19    documents and to take such other actions as they may determine to be necessary or appropriate to

20    effectuate, implement, and further evidence the terms and conditions of the this Confirmation

21    Order, the Plan, the Plan Documents Supplement, the Direct Lender Supplement, or the exhibits

22    and schedules to any of the foregoing, <u>and any or all such documents shall be accepted by each of</u>

23    <u>the respective local or state filing offices and recorded in accordance with applicable state law and</u>

24    <u>shall become effective in accordance with their terms and the provisions of state law.</u>

25    **Intercompany Compromises.**

26         42.    As set forth in Article IV, Section E.1. of the Plan, the compromise between

27    USACM and the Direct Lenders is hereby approved.

28         43.    As set forth in Article IV, Section E.2. of Art. IV of the Plan, the compromise

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1   between USACM and FTDF is hereby approved.

2        44.    As set forth in Article IV, Section E.3. of Art. IV of the Plan, the compromise

3   between FTDF and DTDF is hereby approved.

4        45.    As set forth in Article IV, Section E.4. of Art. IV of the Plan, the compromise

5   between FTDF and USA Realty is hereby approved.

6        46.    As set forth in Article IV, Section E.5. of Art. IV of the Plan, the compromise

7   between DTDF and USA Realty is hereby approved.

8   **Loan Distributions, Loan Servicing Agreements, Loans And Deeds of Trust**

9        47.    After the Effective Date, and except as otherwise provided in the Plan, the Direct

10  Lenders and Post-Effective Date DTDF shall be entitled to distributions from the Direct Lender

11  Loans in accordance with the related Loan Servicing Agreements, the applicable loan and security

12  documents, and applicable Nevada law, by the Asset Purchaser, as the third party servicer.  In

13  accordance with Article IV, Section E.1.d.ii of the Plan, Section 7.3 of the Asset Purchase

14  Agreement and any other orders of this Court, the Asset Purchaser is authorized and directed to

15  net Prepaid Interest sums due from Direct Lenders and collect Prepaid Interest from Borrowers,

16  and remit those amounts to USACM or the USACM Trust, as applicable.  After the Closing, the

17  Direct Lenders are obligated to comply with the terms of the applicable Loan Servicing

18  Agreements including the obligation to pay the fees at the rate expressed as a percentage specified

19  in Section 5 thereof, without regard to any inconsistent offering circular or other document;

20  provided, however, that solely as to the timely filed objections by (i) Erna D. Grundman and

21  Joanne M. Grundman, jointly, (ii) Joanne M. Grundman, and (iii) Gregory Walch and Shauna

22  Walch to the Loan Servicing Fee Schedule: (i) such objections concerning pre-Closing servicing

23  fees shall be resolved as between USACM and the objecting Direct Lenders under the Alternative

24  Dispute Resolution Agreement; and (ii) entry of the Confirmation Order shall not resolve such

25  objections concerning post-Closing servicing fees as between the Asset Purchaser and the

26  objecting Direct Lender.

27       48.    Nothing in the Plan or this Confirmation Order shall be deemed to modify, in any

28  respect, the Direct Lenders' notes or the deeds of trust securing such notes.

USA Capital_ Proposed Confirmation Order 010807

**Preservation of Rights of Action and Defenses.**

49.     Except to the extent such rights, Claims, causes of action, defenses, and counterclaims are expressly and specifically released in connection with the Plan or in any settlement agreement approved during the Chapter 11 Cases, (1) any and all rights, Claims, causes of action, defenses, and counterclaims accruing to or assertable by the Debtors or their Estates, including without limitation any and all Litigation Claims, the Non-Debtor Insider Litigation, Claims related to the Undistributed Cash and Claims for Prepaid Interest shall remain assets of such Estates and be assertable by the Debtors or such Estates, and to the extent applicable, be transferred to and assertable by any respective Post-Effective Date Entity, whether or not litigation relating thereto is pending on the Effective Date, and whether or not any such rights, Claims, causes of action, defenses, and counterclaims have been Scheduled or otherwise listed or referred to in the Plan or Disclosure Statement, or any other document Filed with the Court, and (2) neither the Debtors nor the Post-Effective Date Entities is hereby deemed to waive, relinquish, or abandon (nor shall they be estopped or otherwise precluded from asserting) any right, Claim, cause of action, defense, or counterclaim that constitutes property of such Debtor's Estate or is assertable by such Estate: (A) whether or not such right, Claim, cause of action, defense, or counterclaim has been listed or referred to in the Schedules, the Plan, the Disclosure Statement, or any other document Filed with the Court, (B) whether or not such right, Claim, cause of action, defense, or counterclaim is currently known to the Debtors, and (C) whether or not a defendant in any litigation relating to such right, Claim, cause of action, defense, or counterclaim filed a proof of Claim in the Chapter 11 Cases, filed a notice of appearance or any other pleading or notice in the Chapter 11 Cases, voted for or against the Plan, or received or retained any consideration under the Plan.  Without in any manner limiting the scope of the foregoing, notwithstanding any otherwise applicable principle of law or equity, including, without limitation, any principles of judicial estoppel, res judicata, collateral estoppel, issue preclusion, or any similar doctrine, the failure to list, disclose, describe, identify, or refer to a right, Claim, cause of action, defense, or counterclaim, or potential right, Claim, cause of action, defense, or counterclaim, in the Schedules, the Plan, the Disclosure Statement, or any other document Filed with the Court shall in no manner

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

USA Capital_ Proposed Confirmation Order 010807

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  waive, eliminate, modify, release, or alter the Debtors or the Post-Effective Date Entities' rights to

2  commence, prosecute, defend against, settle, and realize upon any rights, Claims, causes of action,

3  defenses, or counterclaims that any of the Debtors or the Estates has or may have as of the

4  Confirmation Date.  The Debtors or the Post-Effective Date Entities may commence, prosecute,

5  defend against, recover on account of, and settle all rights, Claims, causes of action, defenses, and

6  counterclaims in their sole discretion in accordance with what is in the best interests, and for the

7  benefit, of the Debtors or the Post-Effective Date Entities.

8  **Nondischarge of Debtors and Injunction.**

9        50.    **Pursuant to Article IV, Section H. of the Plan and section 1141(d)(3) of the**

10  **Bankruptcy Code, the Confirmation Order shall not discharge Claims against or Equity**

11  **Interests in the Debtors.  However, no holder of a Claim or Equity Interest may receive any**

12  **payment from or seek recourse against any assets that are distributed or to be distributed**

13  **under the Plan, except for those assets required to be distributed to such holder as expressly**

14  **provided for in the Plan.  As of the Effective Date, all Entities are precluded from asserting**

15  **against any assets that are distributed or to be distributed under the Plan any Claims, rights,**

16  **causes of action, liabilities or interests based upon any act or omission, transaction or other**

17  **activity of any kind or nature that occurred prior to the Effective Date, other than as**

18  **expressly provided in the Plan or Confirmation Order, regardless of the filing, lack of filing,**

19  **allowance or disallowance of such a Claim or Equity Interest and regardless of whether such**

20  **an Entity has voted to accept the Plan.**

21        51.    **Except as otherwise provided in the Plan or this Confirmation Order, on and**

22  **after the Effective Date all Entities that have held, currently hold or may hold a debt, Claim,**

23  **other liability or Equity Interest against or in the Debtors that would be discharged upon**

24  **confirmation of the Plan on the Effective Date but for the provisions of section 1141(d)(3) of**

25  **the Bankruptcy Code shall be permanently enjoined from taking any of the following actions**

26  **on account of such debt, Claim, liability, Equity Interest or right: (A) commencing or**

27  **continuing in any manner any action or other proceeding on account of such debt, Claim,**

28  **liability, Equity Interest or right against assets or proceeds thereof that are to be distributed**

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  under the Plan, other than to enforce any right to a distribution with respect to such assets

2  or the proceeds thereof as provided under the Plan; (B) enforcing, attaching, collecting or

3  recovering in any manner any judgment, award, decree, or order against any assets to be

4  distributed to creditors under the Plan, other than as permitted under subparagraph (A)

5  above; and (C) creating, perfecting or enforcing any lien or encumbrance against any assets

6  to be distributed under the Plan, other than as permitted by the Plan, provided that nothing

7  contained herein shall limit the rights of any distributee under the Plan from taking any

8  actions in respect of property distributed or to be distributed to it under the Plan.

9  **Executory Contracts and Unexpired Leases**

10      52.   Pursuant to the Debtors' Revised Schedule of Executory Contracts And Unexpired

11  Leases In Connection With Debtors' Third Amended Joint Chapter 11 Plan Of Reorganization,

12  filed on December 18, 2006 (docket no. 2162), all executory contracts and unexpired Leases of the

13  Debtors are hereby rejected, effective as of the Effective Date.

14      53.   Pursuant to Article V, Section B.3. of the Plan, if the rejection of an executory

15  contract or unexpired lease by any of the Debtors pursuant to Article V, Section B.1. of the Plan

16  results in damages to the other party or parties to such contract or lease, a request for payment of

17  any and all Claims allegedly arising from a Debtor's rejection of executory contracts or unexpired

18  leases, whether rejected under the Plan or by separate proceeding, must be Filed on or before the

19  first Business Day which is thirty (30) calendar days after the date of service of notice of entry of

20  the Confirmation Order.  Failure to File such a request for payment prior to the time set forth

21  herein shall be forever barred from asserting such Claims against the Debtors, the Estates, the

22  Post-Effective Date Entities and/or any other Entity or any of their respective property, and the

23  Debtors, the Estates, and the Post-Effective Date Entities, to the extent applicable, shall be

24  discharged of any obligation on such Claim or any other Claim related such Claim.

25  **Administrative Expense Claims and Objections to Claims**

26      54.   Pursuant to Article II, Section B.1.c.i. of the Plan, except as provided in Article II,

27  Sections B.1.c.ii. and  B.1.c.iii. of Art. II of the Plan, requests for payment of Administrative

28  Expense Claims must be Filed and served on the Debtors and the Post-Effective Date Entities, the

USA Capital_ Proposed Confirmation Order 010807

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0022

1  Committees (to the extent such Committees are not dissolved) and the U.S. Trustee by no later

2  than thirty (30) days after the Effective Date (the "Administrative Expense Claim Bar Date")  Any

3  holder of an Administrative Expense Claim who fails to File a request seeking to have its Claim

4  Allowed on or before the Administrative Expense Claim Bar Date shall be forever barred from

5  seeking the allowance of its Administrative Expense Claim, and the Debtors and their Estates,

6  including any Post-Effective Date Entities, if applicable, shall be discharged of any obligation on

7  such Claim or any other Claim related to the Administrative Expense Claim.

8        55.    Pursuant to Article II, Section B.1.c.ii. of the Plan,  all Professionals or other

9  Entities requesting compensation or reimbursement of expenses under sections 327, 328, 330, 331,

10  503(b) and/or 1103 of the Bankruptcy Code for services rendered before the Effective Date

11  (including any compensation requested by any professional or any other Entity for making a

12  substantial contribution in the Chapter 11 Cases under section 503(b)(3)(D) of the Bankruptcy

13  Code) shall File and serve on the Debtors, the Post-Effective Date Entities, the Committees (to the

14  extent such Committees are not yet dissolved) and the U.S. Trustee an application for final

15  allowance of compensation and reimbursement of expenses no later than forty-five (45) days after

16  the Effective Date (the "Professionals Administrative Expense Claim Bar Date").  Any objections

17  to such applications must be Filed and served in accordance with applicable law, including

18  Nevada District Court Local Rule 9014.  Any Professional who fails to File an application

19  requesting payment on or prior to the Professionals Administrative Expense Claim Bar Date shall

20  be forever barred from seeking the allowance of its Administrative Expense Claim or any other

21  Claim, and the Debtors, their Estates and any Post-Effective Date Entities, if applicable, shall be

22  discharged of any obligation on such Claim or any other Claim related to the Professional's Claim.

23        56.    Pursuant to Article II, Section B.1.c.iii. of the Plan,  holders of Ordinary Course

24  Administrative Expense Claims shall not be required to File any request for payment of such

25  Claims by the Administrative Expense Claim Bar Date.  Each Ordinary Course Administrative

26  Expense Claim shall be assumed and paid by the obligated Estate under the terms and conditions

27  of the particular transaction giving rise to that Ordinary Course Administrative Expense Claim,

28  without any further action by the holder of such Ordinary Course Administrative Expense Claim

USA Capital_ Proposed Confirmation Order 010807

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

57.     Pursuant to Article II, Section B.1.c.iv. of the Plan, all holders of Administrative Expense Claims (including without limitation, Professionals requesting compensation or reimbursement of expenses), except holders of Ordinary Course Administrative Expense Claims, are required to File a request for payment of such Claims in accordance with the Plan.  Failure to File a request for payment of an Administrative Expense Claim prior to the Administrative Expense Claim Bar Date or the Professionals Administrative Expense Claim Bar Date, as applicable, shall forever bar the holder from asserting such Claims against the Debtors, the Estates, the Post-Effective Date Entities and any other Entity or any of their respective property, and the Debtors, the Estates and the Post-Effective Date Entities, to the extent applicable, shall be discharged of any obligation on such Claim or any other Claim related to the Administrative Expense Claim.

58.     The Post-Effective Date Entities, the FTDF Committee (to the extent it is still in existence) or FTDF (for the benefit of and on behalf of the FTDF Estate), USA Realty on behalf of the USA Realty Estate and USA Securities on behalf of the USA Securities Estate, shall be responsible for Filing objections to any and all Claims and Equity Interests that are Disputed Claims or Disputed Equity Interests asserted against its respective Estate.  The Post-Effective Date Entities, the FTDF Committee (to the extent it is still in existence) or FTDF (for the benefit of and on behalf of the FTDF Estate), USA Realty on behalf of the USA Realty Estate and USA Securities on behalf of the USA Securities Estate have the authority to settle and compromise any objection to a Disputed Claim or Disputed Equity Interest, if appropriate, without further order of the Court, and they may assert any and all Claims, rights of action, causes of action, counterclaims and defenses held by their respective Estates.  The Estates, including the Post-Effective Date Entities, may, but shall not be required to, set off or recoup against any Claim or Equity Interest and the distributions to be made pursuant to the Plan in respect of such Claim or Equity Interest, any counterclaims, setoffs, or recoupment of any nature whatsoever that the Estates may have against the holder of the Claim or Equity Interest, but neither the failure to do so nor the allowance of any Claim or Equity Interest shall constitute a waiver or release by the Estates or the Post-Effective Date Entities of any such Claim, cause of action, setoff or recoupment.

USA Capital_ Proposed Confirmation Order 010807

59.     Unless otherwise extended by order of this Court, objections to the allowance of Claims and Equity Interests shall be Filed and served upon the Entities asserting such Claims or Equity Interests as follows: (A) for any and all Claims and Equity Interests to which the General Bar Date applies, ninety (90) days after the Effective Date; (B) for any and all Claims to which the Administrative Claims Bar Date or the Professionals Administrative Bar Date applies, thirty (30) days after the expiration of the respective Bar Date; and (C) for any and all Claims to which the Bar Date applicable under section B.3 of Art. V of the Plan applies, thirty (30) days after the expiration of that Bar Date.

**Chief Restructuring Officer / Disbursing Agent**

60.     After the Effective Date, Tom Allison shall remain Chief Restructuring Officer of FTDF, USA Realty and USA Securities.

61.     In the Chapter 11 Cases of FTDF, USA Securities and USA Realty, the Debtors shall act as Disbursing Agents under the Plan for their respective Estates and shall make all distributions required under the Plan.  At any time after thirty (30) days following the Effective Date, such Debtors may request that all future distributions of their respective Estates be handled by a Disbursing Agent, which may be Development Specialists, Inc. ("DSI"), including through Geoffrey L. Berman, acting in its own right and not as USACM Trustee, as Disbursing Agent.  In the Chapter 11 Case of FTDF, after FTDF has made all initial distributions required under the Plan, DSI shall act as Disbursing Agent pursuant to a Disbursing Agent Agreement substantially in the form filed with the Court by the Debtors, as such agreement may be modified by such parties.

62.     Pursuant to the Asset Purchase Agreement and the Plan, FTDF, USA Securities and USA Realty shall have copies of or access to all databases, software, documents and records of, or in the possession or control of, any of the Debtors, as may be necessary or appropriate in the wind down and dissolution of FTDF, USA Securities and USA Realty, including as necessary or appropriate, all databases, software, documents and records necessary to object to and make distributions to Claims and Equity Interest, as Allowed, against FTDF, USA Securities and USA Realty.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

63.     In the USACM Chapter 11 Case, the USACM Trustee shall act as Disbursing Agent under the Plan for distributions to USACM Trust Beneficiaries, and DSI shall act as Disbursing Agent under the Plan with respect to disbursements under the Plan after the Effective Date to holders of Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Secured Tax Claims, Allowed Other Secured Claims, and Allowed Claims in Classes A-1, A-2, and A-3 and Disputed Claims pursuant to a Disbursing Agent Agreement substantially in the form filed by the Debtors.  In the DTDF Chapter 11 Case, Post-Effective Date DTDF shall act as Disbursing Agent under the Plan for the DTDF Estate, and shall make all distributions required under the Plan, and may employ or contract with other Entities to assist in or perform any distribution of property.

**Miscellaneous.**

64.     As set forth in Article VIII, Section A. of the Plan, the limitation of liability and release provisions shall be effective and binding upon all applicable Persons and entities to the fullest extent provided in the Plan.

65.     The Debtors and Debtors in Possession, without any action by Equity Interests whatsoever, are hereby authorized to execute such documents and take such other action as is necessary to effectuate the transactions provided for in the Plan.

66.     As set forth in Article II, Section B.1.b. of the Plan, on or before the Effective Date, Statutory Fees for each Estate shall be paid in Cash, in full when due.

67.     As soon as practicable after the occurrence of the Effective Date, but no later than ten (10) days thereafter, the USACM Trustee shall File and serve on each holder of a Claim or Equity Interest a written notice of the occurrence of Effective Date.  Each Committee shall post notice of the occurrence of the Effective Date on its respective website.

68.     In accordance with section 1146(c) of the Bankruptcy Code, the making delivery, filing or recording of any mortgages, deeds of trust, leasehold mortgages, leases (whether recorded or unrecorded) and/or the various instruments and documents of transfer as specified in or contemplated by the Plan, including the documents related to the Asset Sale Transaction and/or the exhibits thereto, are hereby exempt from taxation under any law imposing a mortgage or

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

USA Capital_ Proposed Confirmation Order 010807

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  recording tax, stamp tax, sales tax, transfer tax, use tax or any similar tax.  The appropriate federal,

2  state or local government officers are hereby directed to accept for filing or recording all

3  Instruments of Transfer or other documents of transfer to be filed and recorded in accordance with

4  the Plan and the exhibits thereto, without payment of any such tax or government assessment, and

5  without the presentation of any affidavits, instruments, or returns otherwise required for recording

6  other than the Confirmation Order.  The Court retains jurisdiction to enforce the foregoing

7  direction by contempt proceedings or otherwise.

8      69.    USACM shall have authority to take actions on behalf of USACM and the USACM

9  Estate until and including the Effective Date, when the appointment of the USACM Trustee

10  becomes effective and the USACM Trust Assets are transferred to the USACM Trust and the

11  USACM Trust becomes effective in accordance with this Plan and the USACM Trust Agreement.

12  As soon as practicable thereafter, USACM shall be dissolved in accordance with the Confirmation

13  Order and applicable state law.

14      70.    DTDF shall have authority to take actions on behalf of DTDF and the DTDF Estate

15  until and including the Effective Date and, thereafter, the Post-Effective Date DTDF shall have the

16  exclusive authority to act on behalf of DTDF and the DTDF Estate.  When the Plan has been fully

17  implemented by Post-Effective Date DTDF and all assets of the DTDF Estate and Post-Effective

18  Date DTDF have been fully liquidated and distributed and the DTDF Estate and Post-Effective

19  Date DTDF fully administered, DTDF shall be dissolved in accordance with the Confirmation

20  Order, the DTDF Amended Operating Agreement and applicable state law.

21      71.    FTDF, USA Realty, and USA Securities shall have the authority to effect

22      all transactions and take all actions, including, without limitation, filing applicable tax

23  returns, required by the Plan on and after the Effective Date.  FTDF and the FTDF Committee

24  shall each have authority to prosecute (a) claim objections in the FTDF Estate, and (b) the non

25  assignable

26      FTDF Litigation Claims on behalf of FTDF subject to the compromise with DTDF set

27  forth herein.  After the actions set forth in this paragraph are completed, FTDF, USA Realty, and

28  USA Securities shall be dissolved in accordance with the Confirmation Order and applicable state

USA Capital_ Proposed Confirmation Order 010807

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    law, and FTDF, USA Realty, and USA Securities, or their respective appointed Disbursing Agent,

2    which may be DSI, shall file a final report and close their respective Chapter 11 Cases in

3    accordance with Bankruptcy Code section 350.

4        72.    The Post-Effective Date Entities may execute such other documents and take such

5    other actions as may be necessary or appropriate to effectuate the transactions contemplated under

6    this Plan.

7        73.    The reversal or modification of this Confirmation Order or Findings on appeal shall

8    not affect the validity of the Plan, or any agreement or action authorized by this Confirmation

9    Order or under the Plan, including the Asset Purchaser Agreement, with respect to any entity

10    acting in good faith, whether or not that entity knows of the appeal, unless this Confirmation

11    Order is stayed pending appeal.

12        74.    Within ninety (90) days of the Effective Date, the Debtors or a Post-Effective Date

13    Entity or the FTDF Committee, to the extent applicable, shall File a status report for each of the

14    respective Debtors setting forth what progress has been made toward the consummation of the

15    confirmed Plan.  The status report shall be served on the U.S. Trustee, the Debtors, prior to

16    dissolution or transition to the Post-Effective Date Entities, the Post-Effective Date Entities, and

17    any Entities who have Filed a request for such reports with the Court.  Unless otherwise ordered,

18    further status reports shall be Filed every ninety (90) days and served on the same Entities.  On or

19    after the Effective Date, no monthly operating reports need to be filed with the U.S. Trustee.

20        75.    Once each Estate has been fully administered, as referred to in Bankruptcy

21    Rule 3022, the Post-Effective Date Entities, the Debtors, or another party as the Court may

22    designate, shall File a final report and account of all receipts and disbursements, and serve that

23    report on the U.S. Trustee, and any other Entities entitled to service under any applicable law.

24    Any such final report shall include a request that the Court enter a Final Decree in the Chapter 11

25    Case of the applicable Debtor.

26        76.    Nothing in this Confirmation Order or the Plan shall be construed or interpreted to

27    release, discharge, enjoin or otherwise adversely impact any claim or claims of PBGC or any

28    pension plan, currently or formerly sponsored by the Debtors against any person arising under 29

1    U.S.C. Sections 1104-1109 with respect to the pension plans.

2         77.    Nothing in this Confirmation Order or the Plan, including without limitation the

3    injunction provided in Section IV.H. of the Plan: (i) shall alter, affect or supersede the Bankruptcy

4    Court's Order Approving Agreement With Investment Partners entered on July 24, 2006 (Docket

5    No. 946); or (ii) shall enjoin, prejudice, limit, preclude or otherwise impair the rights and remedies

6    that (a) the Debtors and their respective Estates, (b) the Post-Effective Date Entities, (c) the Direct

7    Lenders, or (d) creditors of the Debtors or parties in interest, including Liberty Bank, as or may

8    have against any non-debtor third parties, including without limitation HMA Sales, LLC ("HMA")

9    and USA Investment Partners, LLC ("USAIP"), under the Receivables Loan Agreement between

10    Liberty Bank and HMA dated as of November 15, 2004, as amended, and the loan documents

11    securing and/or relating thereto, including without limitation the Guaranty Agreement executed by

12    USAIP and the Subordination Agreement among USAIP, HMA and Liberty Bank, each dated as

13    of November 15, 2004.

14         78.    Nothing in this Confirmation Order or the Plan shall be construed or interpreted to

15    release, discharge, enjoin or otherwise adversely impact the assertion of any setoff, recoupment,

16    counterclaim or defense that Standard Property Development, LCC ("Standard"), Binford Medical

17    Developers, LLC ("Binford"), or Copper Sage Commerce Center, LLC ("Copper Sage") may

18    assert against any lender, other than FTDF, USACM, or Compass as the assignee or transferee of

19    the assets of FTDF and USACM, to the attempted enforcement, collection and/or foreclosure of

20    the applicable Loan(s) to such borrower; as for FTDF or USACM or Compass as the assignee or

21    transferee of the assets of FTDF and USACM, nothing in this Confirmation Order or the Plan shall

22    be construed or interpreted to preclude Standard, Binford, or Copper Sage from asserting any

23    defense (including the defense of recoupment) to the enforcement, collection and/or foreclosure

24    of FTDF's or USACM's undivided interest in the Standard, Binford, or Copper Sage Loan(s) to

25    such borrower.

26         79.    Each term and provision of the Plan is hereby deemed to be valid and enforceable

27    pursuant to its terms.

28         80.    If and to the extent that there is any direct conflict between the terms of the Plan,

USA Capital_ Proposed Confirmation Order 010807

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    the Findings and the terms of this Confirmation Order, this Confirmation Order shall control.

2        81.    Notwithstanding the fact that Joseph Milanowski, Thomas Hantges, Paul Hamilton,

3    Victoria Loob, USA Investment Partners, LLC, USA Commercial Real Estate Group, Cynthia

4    Milanowski, or Salvatore Reale, their insiders or affiliates may have acted or served in some

5    capacity with the Debtors after the Petition Date or may have some other connection with the

6    Debtors or the Debtors' Estates, and notwithstanding anything in the Plan to the contrary or which

7    could be construed to the contrary, nothing in the Plan nor this Confirmation Order shall be

8    construed as providing a release of any claims or causes of action against Joseph Milanowski,

9    Thomas Hantges, Paul Hamilton, Victoria Loob, USA Investment Partners, LLC, USA

10    Commercial Real Estate Group, Cynthia Milanowski, or Salvatore Reale, their insiders or

11    affiliates (other than the Debtors themselves in accordance with the provisions of the Plan).

12        82.    Nothing contained in the Asset Purchase Agreement shall modify the obligations

13    owed to the Lenders by Compass as the loan servicer or rights of the Lenders against Compass as

14    the loan servicer (or the rights of Compass as the loan servicer against the Lenders) under the

15    applicable Loan Servicing Agreements and otherwise applicable law.  Compass shall distribute

16    any sums due to Lenders under any of the Loan Servicing Agreements in accordance with the

17    Loan Servicing Agreements, as the same may be modified with consent of the applicable Lenders,

18    and with otherwise applicable law.  Compass shall apply all payments and proceeds from Serviced

19    Loans (as such term is defined in the Asset Purchase Agreement), however collected, whether

20    through liquidation of collateral, payments from the Borrower or otherwise, in accordance with the

21    provisions of the notes and/or loan agreements.  Further, notwithstanding the foregoing, to the

22    extent the Bankruptcy Court has entered an order, including, but not limited to, this Confirmation

23    Order, which interprets or enforces provisions of the Loan Servicing Agreements or directs the

24    distribution of payments under the Loan Servicing Agreements or payments collected from

25    Borrowers, Compass, the Lenders, and all other affected parties shall abide by the terms of such

26    order(s). If, as between the provisions of the Loan Servicing Agreements and the order(s) of the

27    Bankruptcy Court, it is not clear to Compass how the sums collected shall be distributed, then

28    Compass shall hold the sums payable to the Lender until Compass either receives direction from

USA Capital_ Proposed Confirmation Order 010807

1  the Lender and, as to items not constituting Commercial Mortgage Assets (as such term is defined

2  in the Asset Purchase Agreement), the Sellers (or their successor or assignee under the Plan)

3  regarding disbursement of interest, or is directed by an order from a court of competent

4  jurisdiction.  Nothing contained herein is intended to waive any defenses of the Lenders or, as to

5  items not constituting Commercial Mortgage Assets (as such term is defined in the Asset Purchase

6  Agreement), the Sellers (or their successors or assignees) under the Loan Servicing Agreements.

7  For the avoidance of doubt, under no circumstance shall any pre-Closing Date liability assertable

8  by any party attach to Compass, or to any asset acquired by Compass, pursuant to the Asset

9  Purchase Agreement.  Furthermore, for the avoidance of doubt, notwithstanding any other

10  provision in the Asset Purchase Agreement, this Confirmation Order, or any order which may in

11  the future be entered by the Bankruptcy Court, all servicing fees due pursuant to the terms stated

12  in the Loan Servicing Agreements, and all interest due on the First Trust Deed Fund Assets (as

13  such term is defined in the Asset Purchase Agreement), shall continue to be due and payable, and

14  Compass shall collect such servicing fees and interest for its sole benefit on and after the Closing

15  Date.

16  Submitted by:                                    Approved / Disapproved by:
    RAY QUINNEY & NEBEKER P.C.      OFFICE OF THE U.S. TRUSTEE

17  and SCHWARTZER & MCPHERSON LAW

18  FIRM

19  By: /s/ Lenard E. Schwartzer                By: _____
    LENARD E. SCHWARTZER, ESQ.              August B. Landis

20  JEANETTE E. MCPHERSON, ESQ.
    ANNETTE W. JARVIS, ESQ.

21  STEVEN STRONG, ESQ.

22  Counsel for Debtors

23  Approved/Disapproved by:                  Approved/Disapproved by:
    LEWIS AND ROCA, LLP                      GORDON & SILVER, LTD.

24

25  By: /s/ Rob Charles                          By: /s/ Gregory Garman
      SUSAN M. FREEMAN, ESQ.                  GERALD M. GORDON, ESQ.

26    ROB CHARLES, ESQ.                        GREGORY E. GARMAN, ESQ.
      Counsel for the Official Committee of    Counsel for the Official Committee of

27    Unsecured Creditors of USA Commercial    Holders of Executory Contract Rights of
      Mortgage Company                          USA Commercial Mortgage Company

28

**Page 27 of 29**

USA Capital_ Proposed Confirmation Order 010807

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  [PROPOSED] ORDER CONFIRMING THE "DEBTORS' THIRD AMENDED JOINT
2  CHAPTER 11 PLAN OF REORGANIZATION," AS MODIFIED HEREIN

3  **Approved**/Disapproved by:              **Approved**/Disapproved by:
4  ORRICK, HERRINGTON & SUTCLIFFE LLP        STUTMAN TREISTER & GLATT, P.C. and
   and BECKLEY SINGLETON, CHTD.              SHEA & CARLYON, LTD.

5
   By:  /s/  Marc A. Levinson               By:    /s/  Christine Pajak
6      MARC A. LEVINSON, ESQ.                   FRANK A. MEROLA, ESQ.
7      JEFFERY HERMANN ESQ.                     EVE KARASIK, ESQ.
       BOB L. OLSON, ESQ.                       CHRISTINE PAJAK, ESQ.
8      ANNE M. LORADITCH, ESQ.                  CANDACE C. CARLYON, ESQ.
       *Counsel for the Official Committee of*   *Counsel for the Official Committee of*
9      *Equity Security Holders of USA Capital*  *Equity Security Holders of USA Capital*
       *Diversified Trust Deed Fund, LLC*        *First Trust Deed Fund LLC*
10

11 Approved/**Disapproved** by:               Approved/**Disapproved** by:

12
   By:  /s/  Kevin Darby for                 By:   /s/  Dean Kirby
13     ALAN SMITH, ESQ.                         DEAN KIRBY, ESQ.
       *Counsel for Lenders Protection Group*    *Counsel for Debt Acquisition*
14                                               *Company of America*

15 **Approved**/Disapproved by:               Approved/**Disapproved** by:
16

17 By:  /s/  Jim Eggeman                      By:   /s/  Robert LePome
18     ERIC FIELD, ESQ.                         NANCY ALLF, ESQ.
       *Counsel for Pension Benefit Guarantee*   ROBERT LEPOME, ESQ.
19     *Corporation*                            *Counsel for The Alexander Group*

20 Approved/Disapproved by:                   Approved/**Disapproved** by:
21

22 By:                                        By:   /s/  Janet Chubb
       MICHAEL SCHMAHL, ESQ.                    JANET CHUBB, ESQ.
23     *Counsel for Dr. Gary Kantor, Mrs. Kantor*  *Counsel for Jones Vargas Direct Lenders*
       *and Kantor Nephrology 401K plan*
24

25 **Approved**/Disapproved by:               Approved/Disapproved by:
26

27 By:  /s/  George Davis                     By:
       GEORGE DAVIS ESQ.                        DAVID COHEN, ESQ.
       *Counsel for Compass Partners*           *Counsel for Sierra Liquidity Fund*
28

                        Page 28 of 29

USA Capital_ Proposed Confirmation Order 010807

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**[PROPOSED] ORDER CONFIRMING THE "DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION," AS MODIFIED HEREIN**

Approved/Disapproved by:

By: _____
    GREGORY J. WALCH ESQ.
    *Counsel for Gregory J. Walch and Shauna M. Walch, Trustees of the Gregory J. and Shauna M. Walch Family Trust*

Approved/Disapproved by:

By: _____
    RUSSELL WALKER, ESQ.
    *Counsel for USA Investment Partners, LLC, Joseph Milanowski and Thomas Hantges*

**Approved**/Disapproved by:

By: /s/ Andrew Brumby
    ANDREW BRUMBY, ESQ.
    R. VAUGHN GOURLEY, ESQ.
    *Counsel for Standard Property Development*

Approved/Disapproved by:

By: _____
    JEFFREY SYLVESTER, ESQ.
    *Counsel for USA Commercial Real Estate Group*

Approved/Disapproved by:

By: _____
    SUSAN SCANN, ESQ.
    *Counsel for Copper Sage Commercial Center and Binford Medical Developers, LLC*

Approved/Disapproved by:

By: _____
    WADE GOCHNOUR, ESQ.
    ARYN M. FITZWATER, ESQ.
    *Counsel for Liberty Bank*

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

____ The court has waived the requirement of approval under LR 9021.

____ No parties appeared or filed written objections, and there is no trustee appointed in the case.

__X__ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

**Failed to respond:**

WADE GOCHNOUR, ESQ.
SUSAN SCANN, ESQ.
RUSSELL WALKER, ESQ.
JEFFREY SYLVESTER, ESQ.
GREGORY J. WALCH ESQ.
DAVID COHEN, ESQ.
MICHAEL SCHMAHL, ESQ.
AUGUST B. LANDIS, ESQ.

### # #

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

USA Capital_ Proposed Confirmation Order 010807