JONATHAN J. BART, ESQ.
Admitted *Pro Hac Vice*
PA Identification No.: 49119
WILENTZ, GOLDMAN & SPITZER P.A.
Two Penn Center, Suite 910
Philadelphia, PA 19102
Telephone:    215-569-0000
Facsimile:    215-636-3999
E-mail:    jbart@wilentz.com

Attorneys for Estate of Tabas

JANET L. CHUBB, ESQ.
Nevada State Bar No. 176
LOUIS M. BUBALA III, ESQ.
Nevada State Bar No. 8974
JONES VARGAS
100 W. Liberty St, 12th Floor
P.O. Box 281
Reno, NV 89504-0281
Telephone:  775-786-5000
Fax:  775-786-1177
Email:  jlc@jonesvargas.com
   and   tbw@jonesvargas.com
   and   lbubala@jonesvargas.com

Attorneys for Fertitta Enterprises, Inc.,
and designated Nevada counsel for Estate of Tabas

*Electronically Filed on:*
*January 17, 2007*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br>　　　　　　　　　　　　　　　　Debtor.<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br>　　　　　　　　　　　　　　　　Debtor.<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>　　　　　　　　　　　　　　　　Debtor.<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>　　　　　　　　　　　　　　　　Debtor.<br><br>USA SECURITIES, LLC,<br>　　　　　　　　　　　　　　　　Debtor. | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>Chapter　　　11<br><br>**ESTATE OF DANIEL TABAS' AND FERTITTA ENTERPRISES, INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO TERMINATE THE LOAN SERVICING AGREEMENT FOR THE DIRECT LOAN TO COLT GATEWAY LLC** |
| Affects:<br>☐ All Debtors<br>■ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Hearing Date:  Mtn for OST Pending<br>Hearing Time:  N/A |

1

The Estate of Daniel Tabas ("Tabas") and Fertitta Enterprises, Inc. ("Fertitta"), by and through their undersigned counsel, move this Court for an Order granting them relief from the automatic stay to terminate the loan-servicing agreement with Debtor USA Commercial Mortgage Co. ("USA Commercial") for the $8.7-million loan to Colt Gateway LLC ("Colt Gateway"). This motion is filed pursuant to 11 U.S.C. §362(d) and Federal Rules of Bankruptcy Procedure 4001(a) and 9013. The Section 362 Information Sheet is attached to this motion as Exhibit "A". This Motion is made and based upon the following memorandum of points and authorities; the Declaration of William J. Bullard, chief financial officer of Fertitta, filed contemporaneously with this motion; all of the papers and pleadings on file herein; and all evidence adduced at the hearing on this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

Tabas and Fertitta move for stay relief to remove USA Commercial as the servicing agent for the Colt Gateway loan,[1] whose loan servicing agreement was not purchased by Compass Partners LLC. The movants raise three grounds for stay relief: USA Commercial's pre-petition breaches; USA Commercial's continuing post-petition breaches in allowing the borrower to remain in default; and the lack of adequate security for the loan.

USA Commercial breached its pre-petition contractual and legal obligations owed to Tabas and Fertitta. The State of Nevada already found numerous violations of the state's mortgage-lending laws. USA Commercial also is in continuing breach of its post-petition obligations because it has allowed the borrower to remain in default for the nine months since USA Commercial's petition. USA Commercial has not collected any funds on the loan, and it has not foreclosed on the loan. Colt Gateway's obligation has increased by $670,000 over the past nine months, and the debt increases by $90,000 a month. More significantly, the loan has matured and

---

[1] USA Commercial refers to the loan in question as the Colt Gateway loan, although USA Commercial arranged four other loans for Colt Gateway LLC. The other loans to Colt Gateway LLC are referred to as: Colt CREC Building (or CREC Building Colt); Colt DIV Added #1; Colt DIV Added #2; and Colt Second TD. Ex. K, 4/27/06 Performance Evaluation Spreadsheet; Ex. N, 9/30/06 Loan Summary Notice.

2

the borrower is in financial position to pay off the loan, but the Debtor has done nothing pursuant to its obligations as servicer to ensure a payoff. Finally, there is no evidence that Tabas and Fertitta have adequate security on the loan. USA Commercial ordered an appraisal of the entire Colt Gateway complex, of which various parcels secure five different loans. It is impossible to tell from the appraisal if Tabas and Fertitta have adequate security in the three parcels securing the Colt Gateway loan. As a result, Tabas and Fertitta, whose investments constitute a majority of the dollar amount of this loan, seek to exercise their contractual and legal rights to terminate USA Commercial's servicing agreement for the Colt Gateway loan.

Tabas and Fertitta are entitled to terminate the servicing agreement because they are the majority of the lenders on the loan. They are two of the three direct lenders in the loan, and they provided $5 million, or 57.47 percent, of the $8.7-million loan. The only other direct lender in the loan is Debtor USA Capital Diversified Trust Deed Fund, LLC ("Diversified Trust"), which provided $3.7 million, or 42.53 percent, of the loan. Since Tabas and Fertitta constitute a majority of the direct lenders—in number and interest—they are contractually and legally entitled to terminate USA Commercial as servicing agent and replace it with a servicer of their choosing.

## II. BACKGROUND

### A. Tabas and Fertitta are entitled to terminate USA Commercial's services as a loan-servicing agent.

USA Commercial arranged commercial loans funded by private entities ("direct lenders"), and often entered into standardized loan-servicing agreements with the direct lenders. Tabas and Diversified Trust each entered into such a loan servicing agreement, and may terminate the agreements under their terms and Nevada law. Ex. B, Tabas Loan-Servicing Agreement (LSA); Ex. C, Diversified Trust LSA. Fertitta never entered into a written loan-servicing agreement, and may terminate any oral agreement under Nevada law. Decl. of W. Bullard at ¶4 (confirming no such agreement), filed concurrently with this motion; Ex. D, Subpoena & S. Strong email (same).

#### 1. USA Commercial accepted certain financial duties as the servicing agent.

The loan-servicing agreement states that USA Commercial is a mortgage broker and servicing agent; that the direct lender wish to lend funds to borrowers for loans brokered by USA

3

Commercial; and that the direct lender retains USA Commercial as a servicing agent. Ex. B, Tabas LSA at Recitals A-C. USA Commercial agrees to provide the services necessary to broker and service loans, which include, without limitation, maintenance of account records on each note and the sums collected; <u>diligent collection of all payments</u> and prompt payment to the lender; distribution of at least quarterly statements regarding loan collections; and <u>foreclosure or other necessary actions in the event of borrower non-payment</u>. *Id*. at ¶¶1-2 (emphasis added). USA Commercial is compensated monthly with a pro-rated annual service fee. *Id*. at ¶5.

### 2. The loan-servicing agreement allows the lenders to change agents.

The servicing agreement does not explicitly state so, but it is drafted such that USA Commercial pools funds from individual direct lenders in order to fully fund a development loan, and that a majority of the direct lenders in a development loan may change the agent. *Id*. at ¶3. Specifically, the agreement states:

> Pursuant to NAC 645B.073, in the event of default, foreclosure, or other matters that require action, <u>if for any reason USA fails to act on Lender's behalf</u> as authorized herein, then <u>Lender may, with approval of fifty-one percent (51%) or more of all of the holders</u> of the beneficial interest of record in the Loan, <u>act on behalf of all such holders</u> of beneficial interest of record. These actions may include, but are not limited to:
>
> (a) the designation of the mortgage broker, <u>servicing agent</u> or other person to act on behalf of the holders of the beneficial interest in the loan . . . .

*Id.* (emphasis added).

Additionally, the direct lenders are contractually authorized to terminate the loan-servicing agreement if USA Commercial breaches the agreement. The agreement states:

> 8. <u>Termination</u>. <u>Lender may, by 30 days written notice to USA, terminate this agreement,</u> and the power of attorney granted, if one is granted, under Section 11 of this Agreement<u>, if USA fails to perform its obligations hereunder.</u>

*Id.* at ¶8 (emphasis added). USA Commercial previously argued that "paragraph 8 does not govern the removal of USACM as the loan servicer," but there is no basis for USA Commercial's unilateral interpretation. Ex. E, USA Commercial Opposition to [JV] Direct Lenders Motion for Relief from the Automatic Stay, at 7, originally filed as Ct. Dkt. #387.

4

**3. The Nevada Administrative Code also allows the lenders to change agents.**

As noted in the servicing agreement, the Nevada Administrative Code allows "the holders of 51 percent or a greater specified percentage of the beneficial interests of record" to select a servicing agent to act on the lenders' behalf in the event of a default by the borrower. NAC 645B.073(1)(a).[2]

**B.    Fertitta and Tabas funded more than half of the Colt Gateway loan.**

**1. Fertitta partially funded the original Colt Gateway loan.**

In December 2002, USA Commercial arranged funding for a $5.7-million loan for Colt Gateway's commercial development in Hartford, Connecticut. Colt Gateway executed a loan agreement, promissory note, mortgage deed and security agreement with Fertitta (which provided $3 million), USA Commercial ($1.35 million), and Debtor USA Capital Diversified Trust Deed Fund, LLC ("Diversified Trust") ($1.35 million). Ex. F, Loan Agreement, specifically citing Loan Exhibit A (identifying funding amounts); Ex. G, Promissory Note; and Ex. H, Mortgage Deed & Security Agreement. The documents identified USA Commercial as the servicing agent. *E.g.*, Ex. G, Promissory Note at ¶¶2, 13.

**2. Fertitta and Tabas partially funded the amended Colt Gateway loan.**

In July 2003, Colt Gateway executed amendments to the loan agreement, promissory note, mortgage deed and security agreement. Ex. I, First Amendment to Loan Documents; Ex. J, First Modification of Mortgage Deed, Security Agreement, and Promissory Note. The loan increased

---

[2] NAC 645B.073 reads in relevant part:

 1. Except as otherwise provided in subsection 3, if a mortgage broker acts on behalf of investors on a matter related to a mortgage loan, and if the beneficial interest in the loan belongs to more than one natural person, the documentation of the matters must include provisions to allow the holders of 51 percent or a greater specified percentage of the beneficial interests of record to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:
  (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and
  (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.
 2. The provisions required by this section may be included in the deed of trust, the assignment of interest or any other documentation that binds the mortgage broker and the investors.
 3. The provisions of this section do not apply to a transaction involving two investors with equal interests.

5

H:\Fs1Wp51\Direct Lenders\Fertitta Enterprises 500953.2\Pleadings\Mtn, Stay Relief, 1.17.07\Mtn, Stay Relief, 1.17.06.doc

1   to $8.7 million, and was funded by Fertitta ($4 million), Tabas ($1 million), USA Commercial ($1
2   million), and Diversified Trust ($2.7 million).  Ex. I, First Amendment to Loan Documents at
3   Exhibit "A".  Fertitta and Tabas have thus provided 57.47 percent of the loan proceeds.

### 3. Diversified Trust acquired USA Commercial's interest as a direct lender.

USA Commercial has transferred its interest as a direct lender in the Colt Gateway loan to Diversified Trust, leaving Tabas, Fertitta, and Diversified Trust as the only three direct lenders. Tabas and Fertitta did not receive any documents about this transaction, perhaps because this was a pre-petition transfer between related parties that are now both debtors before this Court.  Decl. of W. Bullard at ¶8.  The transaction is confirmed by USA Commercial's own records filed with this Court.  In May 2006, Debtor reported that there are only three direct lenders in the Colt Gateway loan, that Diversified Trust held at a 42.53-percent interest in the loan, and that the other two direct lenders held at 57.47-percent interest.  Ex. K, 4/27/06 Performance Evaluation Spreadsheet, originally filed as Ct. Dkt. #130, 5/2/06 T. Allison Supp. Decl. at Exhibit "A".  Tabas and Fertitta funded $5 million of the $8.7 million loan to Colt Gateway, giving them a 57.47-percent interest in the loan.  *See* Ex. I, First Amendment to Loan Documents as Exhibit "A". Tabas, Fertitta, and Diversified Trust are the only three direct lenders for the Colt Gateway loan, and Tabas and Fertitta constitute a majority of the direct lenders in number and beneficial interest.

### C. USA Commercial breached its duties under state law and the loan-servicing agreement.

#### 1. Prior to filing its petition, USA Commercial violated the State of Nevada's regulatory laws and its contractual obligations to Tabas and Fertitta.

In June 2006, the State of Nevada's Division of Mortgage Lending disciplined USA Commercial for numerous violations of the state's mortgage regulatory laws.  Ex. L, Division of Mortgage Lending final order, originally filed as Ct. Dkt. #636, S. Canepa Supp. Decl. at Exhibit "K".  Specifically, the State found that USA Commercial:

> 1.  Failed to property segregate or hold borrower payments, did not release borrower payments to the lenders secured by liens on the borrower's real property, and improperly released money to lenders in defaulted loans.
>
> 2.  Failed to provide the State and lenders with notice of a borrower's delinquency in payment and the loan's default.

3. Made false representations on its reports to the State, suppressed or withheld information from investors, conducted its business in violation of state law, and engaged in deceitful, fraudulent or dishonest business practices by using borrower payments to improperly pay lenders on defaulted loans.

*Id*. As a result, the State conditioned USA Commercial's mortgage-lending license and continued its investigation. *Id*. The State's findings are applicable to the Colt Gateway loan, as USA Commercial suppressed or withheld information from Fertitta and Tabas and did not provide notices of delinquency or default. Decl. of W. Bullard at ¶9. As such, USA Commercial breached its duties under the loan-servicing agreement for the Colt Gateway loan because USA Commercial "failed to act on Lender's behalf" and "fail[ed] to perform its obligations" under the agreement. Ex. B, Tabas LSA at ¶¶3, 8.

**2. USA Commercial has not addressed or resolved Colt Gateway's default.**

USA Commercial has completely ignored its duties to foreclose despite the borrower's default. Indeed, the borrower should have paid off the loan long ago. The loan matured twelve (12) months from the date of the Note, or on December 22, 2003. Ex. G, Promissory Note at ¶3. In other words, this was short-term financing designed to carry over the borrower until permanent financing was in place. While Tabas and Fertitta are aware that extensions were granted, Colt Gateway obtained $28 million in financing from Sovereign Bank and approximately $4.5 million in state bond and tax funds in June 2005. A true and accurate copy of the press release confirming these transactions is attached hereto as Exhibit "M". Notwithstanding the receipt of permanent financing which should have been utilized to "take out" this loan, USA Commercial did nothing to effectuate repayment. Rather, it sat back while payments of interest stopped.

The situation has not changed in the nine months since USA Commercial filed for bankruptcy, even with the Court's confirmation of debtor's reorganization plan. In April 2006, Debtor's first status report disclosed that the Colt Gateway loan was non-performing, and that the borrower owed $6.7 million in principal and interest. Ex. K, 4/27/06 Performance Evaluation Spreadsheet. The loan remains in default today, and the obligation has grown by $670,000 to approximately $7.4 million. *Id*. (showing debt on petition date at $6.7 million); Ex. N, 9/30/06 Loan Summary Notice at 2, originally filed as Ct. Dkt. #1621 (last loan summary filed by debtor

7

with Court, showing debt of more than $7.1 million, plus $270,000 interest accrued for October, November and December 2006, as discussed below). Colt Gateway's debt increases by about $90,000 a month from interest charges. Ex. N, 9/30/06 Loan Summary Notice; Ex. O, 8/31/06 Loan Summary Notice at 2, originally filed as Ct. Dkt. #1329 (providing monthly incremental increase in debt due to accrued interest).

**D.    Tabas and Fertitta must find a new servicing agent for the loan.**

On December 7, 2006, this Court auctioned off many of USA Commercial's loan-servicing agreements. However, the winning bidder, Compass Partners LLC, did not purchase the servicing agreement for the Colt Gateway loan. *See* Ex. S, Asset Purchase Agreement at §§ 1.1, 2.2(b) & Sch. 2 (defining purchase of commercial mortgage assets and serviced loan schedules as loans listed in Sch. 2, which does not include Colt Gateway), originally filed as Ct. Dkt. #2164, Notice of Filing APA, Ex. A. On January 8, 2007, this Court entered its order confirming Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (Ct. Dkt. #2376). Therefore, USA Commercial (or the liquidating trust) will service the Colt Gateway loan until the Court grants this motion to change the agent. Tabas and Fertitta are not interested in retaining USA Commercial as the servicing agent, given the complete lack of service they have received pre- and post-petition.

Tabas and Fertitta recognize that USA Commercial has other servicing relationships with the borrower. *See* note 1, *supra*, discussing other loans with Colt Gateway LLC. However, Tabas and Fertitta's rights--as direct lenders in the Colt Gateway loan at issue in this motion--are not altered merely because USA Commercial has other servicing relationships with the borrower. Rather, their rights in the Colt Gateway loan are governed by the contractual terms of the loan-servicing agreement and Nevada law, and they are entitled to exercise those rights to terminate USA Commercial as the servicing agent for the Colt Gateway loan.

**III.    ARGUMENT**

**A.    Tabas and Fertitta are authorized by contract and state law to remove USA Commercial as the servicing agent.**

USA Commercial has breached its duties under the loan-servicing agreement. Specifically, USA Commercial agreed to--but did not--maintain account records on each note and

8

1  the sums collected, diligently collect all payments and promptly pay the lenders, provide quarterly
2  statements regarding loan collections, and foreclose or take other necessary actions because of
3  Colt Gateway LLC's non-payment.  Ex. B, Tabas LSA at ¶¶1-2 (specifying obligations); Ex. L,
4  Division of Mortgage Lending Final Order (detailing statutory and contractual breaches); Ex. K,
5  4/27/06 Performance Evaluation Spreadsheet (evidencing USA Commercial's failure to collect
6  payments, foreclose, or take other necessary action in light of Colt Gateway's non-payment); Ex.
7  O, 8/31/06 Loan Summary Notice (showing USA Commercial's continued failure to collect
8  payments, foreclose, or take other action); Decl. of W. Bullard at ¶9 (stating that Fertitta did not
9  receive quarterly statements).

10  Because of these breaches, Tabas and Fertitta seek to exercise their contractual and legal
11  rights to terminate USA Commercial as the loan-servicing agent.  The servicing contract and the
12  Nevada Administrative Code allow Tabas and Fertitta, as the majority of direct lenders in the loan,
13  to terminate the contract when USA Commercial "fails to act on Lender's behalf."  Ex. B, Tabas
14  LSA at ¶3; *see* NAC 645B.073 (same).  Alternatively, the servicing agreement allows any lender
15  to terminate the agreement if USA commercial "fails to perform its obligations" and the lender
16  provides 30-days written notice.  Ex. B, Tabas LSA at ¶8.  Since the direct lenders cannot provide
17  such advance written notice without risking a violation of the automatic stay, Tabas and Fertitta
18  hereby requests that this motion, properly served on USA Commercial and all other interested
19  parties, be deemed its 30-day notice to terminate the servicing agreement.

20  This overwhelming evidence of USA Commercial's breaches--including its ongoing
21  failure to take action to address Colt Gateway's default long after maturity and the apparent
22  procurement of "take out" financing by the borrower--proves that USA Commercial "failed to act
23  on Lender's behalf" and "fail[ed] to perform its obligations" under the agreement.  Thus, Tabas
24  and Fertitta, the majority of direct lenders, may replace USA Commercial as the servicing agent
25  for the Colt Gateway pursuant to the contractual and legal rights.

26
27
28

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

H:\Fs1Wp51\Direct Lenders\Fertitta Enterprises 500953.2\Pleadings\Mtn, Stay Relief, 1.17.07\Mtn, Stay Relief, 1.17.06.doc

**B.      USA Commercial's pre- and post-petition conduct, including Colt Gateway's ongoing default, constitute cause sufficient to lift the automatic stay.**

The Bankruptcy Code states that "the court shall grant relief from the stay provided under subsection (a) of this section, such as terminating, annulling, modifying, or conditioning such stay for cause." 11 U.S.C. §362(d)(1). In the Colt Gateway loan, USA Commercial's pre-and post petition breaches of their contractual and legal obligations constitute cause sufficient for this Court to lift the automatic stay so the direct lenders can change the servicing agent. *See In re Colrud*, 45 B.R. 169, 178 n. 12 (Bankr. D. Alaska 1984) (debtor's breaches may constitute cause for stay relief); *accord In re Zeoli*, 249 B.R. 61, 63-64 (Bankr. S.D.N.Y. 2000) (ongoing breaches constitute cause); *In re Palace Quality Servs. Indus., Inc.,* 283 B.R. 868, 906 n.40 (Bankr. E.D. Mich. 2002) (post-petition lease rejection constitutes cause).

Indeed, cause exists since USA Commercial has absolutely failed post-petition to address Colt Gateway's ongoing default. Colt Gateway has been in default since before USA commercial filed for bankruptcy, and its obligation on the loan has increased by more than $670,000 over the past nine months the loan has matured without the institution of foreclosure proceedings. USA Commercial's inaction has deprived, and continues to deprive, Tabas and Fertitta of their majority stake in the loan proceeds. Based on USA Commercial's ongoing level of inadequate service, cause exists to replace USA Commercial as the servicing agent. *Cf. Enodis Corp. v. Wausau Ins. Co. (In re Consolidated Indus. Corp.),* 330 B.R. 227, 232-33 (Bankr. N.D. Ind. 2001) (providing stay relief for post-petition breach because "where a secured creditor is faced with the continuing loss to or depreciations of its collateral, . . . <u>the court should terminate the automatic stay so that the creditor may exercise it non-bankruptcy right to proceed</u> against its security, in order <u>to staunch the flow of blood to minimize its losses</u>." (emphasis added)).

USA Commercial failed to perform its contractual and legal obligations as a servicing agent to act on behalf of the direct lenders, and the Colt Gateway loan remains in default despite the appointment of a chief restructuring officer to manage USA Commercial. As such, cause exists to grant stay relief so Tabas and Fertitta may terminate USA Commercial as the servicing agent on the Colt Gateway loan.

10

### C.   There is inadequate protection of Tabas' and Fertitta's interests.

Cause for stay relief also exists if there is a "lack of adequate protection of an interest in property of a [moving] party in interest." 11 U.S.C. § 362(d)(1).  In this case, Tabas' and Fertitta's interests are not adequately protected, and the Court should grant stay relief to allow them to change servicing agents.

To understand the problem, it is important to understand that borrower Colt Gateway LLC's overall development covers 18 acres involving at least twelve parcels.  Ex. P, Hilco Appraisal at 1.  Additionally, USA Commercial has arranged five different loans secured by Colt Gateway LLC's development.  *See* Ex. N, 9/30/06 Loan Summary Notice (listing loans).  However, the appraisal of the Colt Gateway complex provides the estimated value for only two major structures and the entire complex; the appraisal does not break down the values of the individual parcels.  Ex. P, Hilco Appraisal at 55.

The lenders on the Colt Gateway loan--Tabas, Fertitta, and Diversified Trust--are secured by three parcels, 17 Van Dyke Avenue, 151 Huyshope Avenue, and 1-3 Vredendale Avenue.[3]  *See* Ex. H, Mortgage Deed & Security Agreement at Sch. A (identifying properties by legal description); Ex. P, Hilco Appraisal at 59 (Addenda-Copy of the Legal Description, 11/18/03, Statutory Form Quitclaim Deed, identifying street addresses for legal descriptions).  Since the appraisal does not value each individual parcel, it does not provide any evidence whether the three parcels provide adequate security against the $7.4 million outstanding loan balance.

USA Commercial has made it difficult for the lenders to evaluate their security interest.  The mortgage deed and security agreement simply provide the legal descriptions for the parcels, without reference to addresses or assessor's parcel numbers.  Tabas and Fertitta determined the street addresses for the parcels by matching the legal descriptions in the security agreement with the legal descriptions in the deed attached to the appraisal.  However, the secured property remains unclear.  For example, Hilco identifies 17 Van Dyke Avenue as consisting of two parcels, the Sawtooth Building (appraised at $7.5 million) and a warehouse (not individually appraised).

---

[3] Colt Gateway also originally provided security in 36 Huyshope Avenue, but the direct lenders released their security on that parcel.

11

But a review of the assessor's parcel numbers provided by Hilco reveals that the Sawtooth Building is located at 170 Van Dyke Avenue, not 17 Van Dyke Avenue. Ex. Q, Hartford County Assessor's Office, available at http://assessor.hartford.gov. If the lenders do not have a security interest in the Sawtooth Building, they are likely undersecured.

The valuation also is difficult because the appraisal makes no reference to the properties at 1-3 Vredendale Avenue. The only thing the lenders know (although without certainty, given the confusion in this case) is they have a security interest in 151 Huyshope Avenue, a 2.63-acre vacant lot used for parking across the street from the complex. Ex. P, Hilco Appraisal at 1; Ex. R, Hartford County Assessor's Office (including picture showing parking lot), available at http://assessor.hartford.gov.

There is not adequate security to protect Tabas' and Fertitta's interests in the Colt Gateway loan, and, thus, cause exists that requires this Court to provide stay relief to allow the lenders to remove USA Commercial as the servicing agent.

## IV. CONCLUSION

USA Commercial has failed to satisfy the terms of its loan servicing agreement or its obligations under the Nevada Administrative Code. Debtor's past and continuing contractual breaches constitute cause necessary to terminate the automatic stay in this loan. Therefore, Tabas and Fertitta move for relief from the automatic stay in order to terminate USA Commercial as the servicing agent the Colt Gateway and hire a new servicing agent.

DATED this 17th day of January, 2007.

| WILENTZ GOLDMAN & SPITZER P.A. | JONES VARGAS |
|---|---|
| //s//Jonathan J. Bart | //s//Louis M. Bubala III |
| JONATHAN J. BART, ESQUIRE<br>Two Penn Center Plaza, Suite 910<br>Philadelphia, PA 19102<br>215-569-0000 | JANET L. CHUBB, ESQUIRE<br>LOUIS M. BUBALA III, ESQUIRE<br>100 W. Liberty St., 12th Floor<br>P.O. Box 281<br>Reno, NV 89504-0281<br>775-786-5000 |

12

H:\Fs1Wp51\Direct Lenders\Fertitta Enterprises 500953.2\Pleadings\Mtn, Stay Relief, 1.17.07\Mtn, Stay Relief, 1.17.06.doc

# CERTIFICATE OF SERVICE

1.   On January 17, 2007, I served the following document(s):

**ESTATE OF DANIEL TABAS' AND FERTITTA ENTERPRISES, INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO TERMINATE THE LOAN SERVICING AGREEMENT FOR THE DIRECT LOAN TO COLT GATEWAY LLC**

2.   I served the above-named document(s) by the following means to the persons as listed below:

- a.   **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

- MICHELLE L. ABRAMS    mabrams@mabramslaw.com
- FRANKLIN C. ADAMS    franklin.adams@bbklaw.com, arthur.johnston@bbklaw.com
- NANCY L ALLF    nallf@parsonsbehle.com, klawrence@parsonsbehle.com;tthomas@parsonsbehle.com;ecf@parsonsbehle.com
- FRANK A. ANDERSON    anderson.frank@pbgc.gov, efile@pbgc.gov
- OGONNA M. ATAMOH    oatamoh@nevadafirm.com, bkecf@nevadafirm.com;paltstatt@nevadafirm.com;sliberio@nevadafirm.com
- KERIANN M ATENCIO    ATENCIOK@GTLAW.COM
- BMC GROUP, INC.    evrato@bmcgroup.com, ecf@bmcgroup.com;jmiller@bmcgroup.com;jbartlett@bmcgroup.com
- GEORGANNE W. BRADLEY    georganne.bradley@bullivant.com, mary.opatrny@bullivant.com
- KELLY J. BRINKMAN    kbrinkman@gooldpatterson.com
- THOMAS R BROOKSBANK    tom@tombrooksbank.com, renee@tombrooksbank.com
- ANDREW M. BRUMBY    abrumby@shutts-law.com, rhicks@shutts-law.com;lmackson@shutts-law.com
- LOUIS M. BUBALA    lbubala@jonesvargas.com, tbw@jonesvargas.com;bjlingenfelter@jonesvargas.com
- MATTHEW Q. CALLISTER    mqc@callister-reynolds.com, maggie@callister-reynolds.com
- CANDACE C CARLYON    ltreadway@sheacarlyon.com, ccarlyon@sheacarlyon.com; bankruptcyfilings@sheacarlyon.com; rmsmith@sheacarlyon.com
- ROB CHARLES    rcharles@lrlaw.com, cjordan@lrlaw.com
- MICHAEL W. CHEN    yvette@ccfirm.com
- KEVIN B. CHRISTENSEN    kbchrislaw@aol.com
- JANET L. CHUBB    tbw@jonesvargas.com
- JEFFREY A. COGAN    jeffrey@jeffreycogan.com, sarah@jeffreycogan.com
- WILLIAM D COPE    cope_guerra@yahoo.com
- CICI CUNNINGHAM    bankruptcy@rocgd.com
- LAUREL E. DAVIS    bklsclv@lionelsawyer.com, ldavis@lionelsawyer.com;gbagley@lionelsawyer.com;ldavisesq@aol.com
- DEBT ACQUISITION COMPANY OF AMERICA V, LLC (tf)    tfette@daca4.com
- THOMAS H. FELL    BANKRUPTCYNOTICES@GORDONSILVER.COM
- SCOTT D. FLEMING    sfleming@halelane.com, dbergsing@halelane.com,ecfvegas@halelane.com

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

13

H:\Fs1Wp51\Direct Lenders\Fertitta Enterprises 500953.2\Pleadings\Mtn, Stay Relief, 1.17.07\Mtn, Stay Relief, 1.17.06.doc

- GREGORY E GARMAN    bankruptcynotices@gordonsilver.com
- WADE B. GOCHNOUR    wgochnour@hwmlvlaw.com, donnat@hwmlvlaw.com
- CARLOS A. GONZALEZ    carlos.gonzalez2@usdoj.gov, Darlene.Ruckard@usdoj.gov;Eunice.Jones@usdoj.gov;Sue.Knight@usdoj.gov
- GERALD M GORDON    bankruptcynotices@gordonsilver.com
- R. VAUGHN GOURLEY    vgourley@lvcm.com
- TALITHA B. GRAY    bankruptcynotices@gordonsilver.com
- JAMES D. GREENE    bknotice@schrecklaw.com
- MARJORIE A. GUYMON    bankruptcy@goldguylaw.com, ddias@goldguylaw.com
- JEFFREY R. HALL    jhall@sheacarlyon.com, bankruptcyfilings@sheacarlyon.com;aboehmer@sheacarlyon.com;ltreadway@sheacarlyon.com;rmsmith@sheacarlyon.com
- XANNA R. HARDMAN    xanna.hardman@gmail.com
- STEPHEN R HARRIS    noticesbh&p@renolaw.biz
- JEFFREY L HARTMAN    notices@bankruptcyreno.com
- BRIGID M. HIGGINS    bankruptcynotices@gordonsilver.com
- JOHN HINDERAKER    JHindera@LRL.com
- RICHARD F. HOLLEY    rholley@nevadafirm.com, paltstatt@nevadafirm.com;vnelson@nevadafirm.com;sliberio@nevadafirm.com;bkecf@nevadafirm.com
- RANDOLPH L. HOWARD    rhoward@klnevada.com, ckishi@klnevada.com;bankruptcy@klnevada.com
- DAVID W. HUSTON    dwh@hustonlaw.net, swaits@hustonlaw.net
- CHRISTOPHER D JAIME    cjaime@waltherkey.com, kbernhar@waltherkey.com
- EVAN L. JAMES    ejameslv@earthlink.net, kbchrislaw@aol.com
- ANNETTE W JARVIS    ajarvis@rqn.com
- TY E. KEHOE    TyKehoeLaw@aol.com
- ROBERT R. KINAS    rkinas@swlaw.com, jmcbee@swlaw.com;jmath@swlaw.com;imccord@swlaw.com
- DEAN T. KIRBY    dkirby@kirbymac.com, jhebert@kirbymac.com;lackerman@kirbymac.com
- ZACHARIAH LARSON    ecf@lslawnv.com
- JOHN J. LAXAGUE    jlaxague@caneclark.com
- GEORGE C LAZAR    glazar@foxjohns.com, gclazar@sbcglobal.net
- NILE LEATHAM    nleatham@klnevada.com, ckishi@klnevada.com;bankruptcy@klnevada.com
- ROBERT C. LEPOME    rlepome@cox.net, smstanton@cox.net
- ANNE M. LORADITCH    ecffilings@beckleylaw.com, aloraditch@beckleylaw.com;pkois@beckleylaw.com
- PATRICIA A. MARR    jjllaw@leelaw.lvcoxmail.com, lvlaw03@yahoo.com;mark@leelaw.lvcoxmail.com
- JAMES C. MCCARROLL    , dturetsky@reedsmith.com;aleonard@reedsmith.com
- REGINA M. MCCONNELL    rmcconnell@kssattorneys.com
- WILLIAM L. MCGIMSEY    lawoffices601@lvcoxmail.com
- RICHARD MCKNIGHT    mcknightlaw@cox.net, gkopang@lawlasvegas.com;cburke@lawlasvegas.com
- JEANETTE E. MCPHERSON    bkfilings@s-mlaw.com
- JEANETTE E. MCPHERSON    bkfilings@s-mlaw.com

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

- SHAWN W MILLER    bankruptcyfilings@sheacarlyon.com, smiller@sheacarlyon.com;aboehmer@sheacarlyon.com;ltreadway@sheacarlyon.com;rsmith@sheacarlyon.com
- DAVID MINCIN    mcknightlaw@cox.net, gkopang@lawlasvegas.com;dmincin@lawlasvegas.com,cburke@lawlasvegas.com
- JOHN F MURTHA    jmurtha@woodburnandwedge.com
- ERVEN T. NELSON    erv@rlbolick.com, susan@rlbolick.com
- VICTORIA L NELSON    bkecf@nevadafirm.com, vnelson@nevadafirm.com;paltstatt@nevadafirm.com;rholley@nevadafirm.com;sliberio@nevadafirm.com
- BOB L. OLSON    ecffilings@beckleylaw.com, bolson@beckleylaw.com;dgriffis@beckleylaw.com
- DONNA M. OSBORN    ebaker@marquisaurbach.com, dosborn@marquisaurbach.com;tszostek@marquisaurbach.com;kgallegos@MarquisAurbach.com
- ANDREW M. PARLEN    aparlen@stutman.com
- DONALD T. POLEDNAK    sandplegal@yahoo.com, spbankruptcy@yahoo.com
- PAUL C RAY    info@johnpeterlee.com
- CHRISTINE A ROBERTS    bankruptcy@rocgd.com
- SUSAN WILLIAMS SCANN    sscann@deanerlaw.com, palexander@deanerlaw.com
- LENARD E. SCHWARTZER    bkfilings@s-mlaw.com
- JAMES PATRICK SHEA    bankruptcyfilings@sheacarlyon.com, ltreadway@sheacarlyon.com;rmsmith@sheacarlyon.com;aboehmer@sheacarlyon.com
- SHLOMO S. SHERMAN    ssherman@sheacarlyon.com, aboehmer@sheacarlyon.com;bankruptcyfilings@sheacarlyon.com;ltreadway@sheacarlyon.com;rmsmith@sheacarlyon.com
- AMBRISH S. SIDHU    ecf@lslawnv.com
- JEFFREY G. SLOANE    gjklepel@yahoo.com, rmcconnell@kssattorneys.com
- ALAN R SMITH    mail@asmithlaw.com, turk@asmithlaw.com;marsh@asmithlaw.com;darby@asmithlaw.com
- DAVID A. STEPHENS    dstephens@lvcm.com
- PETER SUSI    cheryl@msmlaw.com, msm@msmlaw.com
- JEFFREY R. SYLVESTER    jeff@sylvesterpolednak.com, David@sylvesterpolednak.com
- CARYN S. TIJSSELING    ctijsseling@beckleylaw.com, jblair@beckleylaw.com
- AMY N. TIRRE    , lleverett@kkbrf.com
- AMY N. TIRRE    atirre@kkbrf.com, lleverett@kkbrf.com
- U.S. TRUSTEE - LV - 11    USTPRegion17.lv.ecf@usdoj.gov
- GREGORY J. WALCH    GWalch@Nevadafirm.com
- RUSSELL S. WALKER    rwalker@wklawpc.com, eloveridge@wklawpc.com;lboynton@wklawpc.com;ckirk@wklawpc.com
- WHITNEY B. WARNICK    wbw@albrightstoddard.com, bstessel@albrightstoddard.com
- WILLIAM J. WRAY    wjw@oreillylawgroup.com, rh@oreillylawgroup.com,bc@oreillylawgroup.com,lc@oreillylawgroup.com,ddh@oreillylawgroup.com,mr@oreillylawgroup.com
- JOAN C WRIGHT    jwright@allisonmackenzie.com, jbrooks@allisonmackenzie.com
- MATTHEW C. ZIRZOW    bankruptcynotices@gordonsilver.com

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000    Fax: (775) 786-1177

- ANTHONY A. ZMAILA    azmaila@nevadafirm.com, bkecf@nevadafirm.com;mbarnes@nevadafirm.com,paltstatt@nevadafirm.com

■ b.   **United States mail, postage fully prepaid** (list persons and addresses):

THOMAS J. ALLISON
USA COMMERCIAL MORTGAGE ET AL.
4484 SOUTH PECOS ROAD
LAS VEGAS, NV 89121

9  c.   **Personal Service** (list persons and addresses):
I personally delivered the document(s) to the persons at these addresses:

9    For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

9    For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

■ d.   **By direct email (as opposed to through the ECF System)** (list persons and email addresses):

**Frank Merola, Eve Karasik & Christine M. Pajak**
fmerola@stutman.com: ekarasik@stutman.com; cpajak@stutman.com

**Marc A. Levinson & Lynn Trinka Ernce**
malevinson@orick.com;lernce@orrick.com

**Andrew Welcher c/o William E. Winfield,**
wwinfield@nchc.com

**Steven C. Strong, & Douglas M. Monson**
sstrong@rqn.com; dmonson@rqn.com

**Leonard E. Schwartzer**
Lschwartzer@s-mlaw.com

**Susan M. Freeman**
sfreeman@lrlaw.com

**August B. Landis**
Augie.landis@usdoj.gov

**Nevada Mortgage Lending Division**
**Attn: Susan Eckhardt**
seckhardt@mld.nv.gov

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

16

9 e. **By fax transmission** (list persons and fax numbers):

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

9 f. **By messenger**:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed blow and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service).

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this _____ day of January, 2007.

| __J. Englehart & Tawney Waldo__ | _____//s// Tawney Waldo & J. Englehart__ |
| Name | Signature |

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

17

H:\Fs1Wp51\Direct Lenders\Fertitta Enterprises 500953.2\Pleadings\Mtn, Stay Relief, 1.17.07\Mtn, Stay Relief, 1.17.06.doc