# EXHIBIT "A"

# EXHIBIT "A"

## ** 362 INFORMATION SHEET **

USA Commercial Mortgage Co._____        BK-S-06-10725-lbr
DEBTOR                                              BANKRUPTCY #        MOTION #
Estate of Tabas & Fertitta Enterprises, Inc._____        CHAPTER: 11_____
MOVANTS

---

**Certification of Attempt to Resolve the Matter Without Court Action**

*Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(5), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.*

Date:_1/17/07_____.        Signature: *//s//Louis M. Bubala III*

---

PROPERTY INVOLVED IN THIS MOTION:_____Servicing Rights to "Colt Gateway" loan_____
NOTICE SERVED ON: Debtor(s)_x_____; Debtor's counsel___x_____; Trustee_N/A_____;
DATE OF SERVICE:___1/17/07_____

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st  N/A_____ | 1st  _____ |
| 2nd  _____ | 2nd  _____ |
| 3rd  _____ | 3rd  _____ |
| 4th  _____ | 4th  _____ |
| Other  _____ | Other:  _____ |
| Total Encumbrances:  N/A_____. | Total Encumbrances _____ |
| APPRAISAL of OPINION as to VALUE: Unknown | APPRAISAL of OPINION as to VALUE: |

| TERMS of MOVANT'S CONTRACT with the DEBTOR(S): | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT: |
|---|---|
| Amount of Note: N/A_____ | . |
| Interest Rate:   N/A_____ | . |
| Duration: N/A_____ | . |
| Payment per Month: N/A_____ | . |
| Date of Default:  Unknown; b/f 4/13/06__ | . |
| Amount in Arrears: N/A_____ | . |
| Date of Notice of Default:  N/A_____ | . |
| | . |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: |
| Estate of Tabas entered loan-servicing contract with debtor; debtor is entitled to a servicing fee if it provides services.  Debtor is in breach of its contractual and legal duties, and Tabas and Fertitta seek to exercise their rights to remove debtor as the servicing agent. | |
| SUBMITTED BY:  Louis M. Bubala III___. | SUBMITTED BY: |
| SIGNATURE://s// Louis M. Bubala III____. | SIGNATURE: |

MLS-Sec-362-Inf-12-00.wpd (District of Nevada)

# EXHIBIT "B"

# EXHIBIT "B"

*C/iat # 2446*
*AccT # 2053*

# LOAN SERVICING AGREEMENT

This Loan Servicing Agreement ("Agreement") is made as of the __13TH__ day of __March____, 2003, between USA Commercial Mortgage Company ("USA") and __Daniel   Tabas_____, ("Lender")

## RECITALS

A.      USA is a mortgage broker and loan servicer in Clark County, Nevada.

B.      Lender lends, or wishes to lend, money to various borrowers (the term "Borrower" includes single and married persons, corporations, trusts, partnerships and all other legal entities) from time to time, which loans are arranged by USA and are secured by interests in real and/or personal property.

C.      Lender wishes to retain the services of USA in connection with making and servicing a loan or loans (Loan" or "Loans" as the context requires), including all Loans heretofore or hereafter placed by Lender through USA, all upon the terms and conditions hereinafter set forth.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1.      <u>Services in Connection with Arranging the Loans.</u>  USA will perform the following services in connection with arranging each Loan:

(a)      Obtain a promissory note or notes secured by the trust deed referred to in Section 1(b) below, executed by Borrower in a form customarily used by USA and approved by USA's counsel.

(b)      Obtain a deed of trust, assignment of rents and security agreement executed by Borrower in form customarily used by USA and approved by USA's counsel, and cause the same to be properly recorded.

(c)      Obtain one or more personal or corporate guaranties, if applicable and as determined by USA to be necessary, executed by such guarantors, as USA shall deem appropriate, in form customarily used by USA.

(d)      If USA deems it appropriate or necessary, obtain, at Borrower's expense, an appraisal of the property to be encumbered, prepared and executed by an appraiser reasonably satisfactory to USA.

(e)      Obtain from a reputable title insurance company, at Borrower's expense, a fully-paid ALTA lender's policy of title insurance, showing Lender as an insured, in an amount at least equal to the initial principal amount of the note and showing as exceptions only those items approved by USA and its counsel.

(f)      Cause the Borrower to obtain, where applicable, casualty insurance policies in amounts at least equal to the principal amount of the note or the full insurable value of the improvements on the encumbered real property, whichever is less, containing a mortgage or loss payee clause naming Lender, or USA (as agent for Lender), as an additional insured or loss payee.

(g)     Obtain from the Borrower and each guarantor such recent financial statements and information as USA shall deem appropriate.

(h)     Obtain, with respect to any and all encumbrances of record to which Lender's deed of trust will be subject, documentation verifying the principal balance thereof within a reasonable time prior to the making of the Loan and specifying any then existing defaults thereunder.

(i)     Obtain such other documents in connection with the Loan, as USA may deem appropriate in order to protect the Lender's interest.

(j)     All documents which USA obtains from borrower in connection with arranging or servicing any Loan, so long as such Loan is outstanding, shall be kept on file in USA's corporate office and be available to Lender upon request. Notwithstanding the foregoing, USA shall have no obligation or responsibility to obtain any original documents in connection with any Loan serviced by USA, but not arranged or originated by USA.

(k)     Prepare and deliver to escrow closing instructions to effectuate the Loan closing in accordance with the Loan Agreement and the Fee Agreement.

2.     <u>Services of USA in Connection with Servicing the Loans</u>.   Subject to and in accordance with the terms and conditions set forth in this Agreement, and all applicable laws, Lender instructs and authorizes USA to, and USA will perform the following services in connection with servicing each of the Loans:

(a)     Verify, where applicable, that the property encumbered by Lender's deed of trust is insured (at the Borrower's expense) by a sufficient casualty insurance policy and that Borrower has sufficient liability insurance coverage. USA will hold for the Lender's account such policies and renewals thereof.

(b)     Keep appropriate accounting records on each note and the sums collected thereon, which records will reflect the amounts collected as to principal, interest and late charges, and, if applicable, insurance, taxes and other specified amounts. Those records will be available for review by the Lender during regular business hours at USA's corporate office.

(c)     Until the total amount due under each note is paid in full:

(i)     Proceed diligently to collect all payments due under the terms of the note and promptly pay the proper parties, when and if due, principal, interest, late charges,  insurance and other specified funds.

(ii)     In the event the Borrower fails to make any payment to USA as required by the  terms of the note, USA will take steps to collect the payment including but not limited to delivering default notices, commencing and pursuing foreclosure procedures, and obtaining representation for Lender in litigation and bankruptcy proceedings as deemed necessary or appropriate by USA in its business judgment to fully protect the interests of the Lender, and of all Lenders in the loan.

(iii)     In its sole discretion, USA may pay off any Lender at any time by

paying the then outstanding balance of Lender's interest in the principal of the Loan, plus all accrued interest and any prepayment penalty or fee, if applicable. Any Lender so paid off shall concurrently execute and deliver therewith to USA an assignment, in a form acceptable to USA, of all of such Lender's right, title, and interest in the Loan (including all documents evidencing the Loan) and in the deed of trust securing the Loan.

        (iv)    In its sole discretion, USA may waive late payment charges, assumption fees, charges for returned checks due to insufficient funds, or other fees which may be collected in the ordinary course of servicing the Loans.

        (d)    Provide the Lender with regular statements regarding loan collections, but in no event less frequently than quarterly.

        (e)    Without limiting the generality of anything contained herein, Lender hereby authorizes and empowers USA, on Lender's behalf, to: (1) execute and deliver demands for payoff and beneficiary's / lender's statements of condition and the like; (2) execute and deliver any and all instruments if satisfaction or cancellation, or of partial or full release, discharge, or reconveyance, or authorizations in connection therewith, with respect to any Loans paid in full and with respect to the related real or personal property securing such Loans; (3) execute and deliver any and all other documents with respect to any Loans that are customary and consistent with loan servicing practices pertaining to such loans; (4) consent to modifications of the Loans if the effect of any such modification will not materially or adversely affect the security provided by the real or personal property in connection therewith; (5) institute foreclosure proceedings (judicial or non-judicial), obtain a deed-in-lieu thereof, engage in settlement discussions, and enter into forbearance and other settlement-related agreements (which agreements may contain provisions that release or waive claims against a Borrower or Guarantor); and (6) take title in the name of Lender (in proportion to its interest in the Loan) to any real property upon a foreclosure or delivery of a deed-in-lieu thereof. Notwithstanding the foregoing or any other provision contained herein, USA may not permit any modification to any Loan that would change the interest rate, forgive the payment of any principal or interest (expressly excluding late charges or the difference between default and non-default interest), change the outstanding principal amount, or extend the maturity date, without Lender's prior consent; provided, however, if Lender fails to grant or deny its consent within three (3) business days after notice from USA, Lender shall be deemed to have conclusively given its consent.

    3.    <u>Rights of Lender if USA Fails to Act</u>.    Pursuant to NAC 645B.073, in the event of default, foreclosure, or other matters that require action, if for any reason USA fails to act on Lender's behalf as authorized herein, then Lender may, with approval of fifty-one percent (51%) or more of all of the holders of the beneficial interest of record in the Loan, act on behalf of all such holders of beneficial interest of record. These actions may include, but are not limited to:

        (a)    the designation of the mortgage broker, servicing agent or other person to act on behalf of the holders of the beneficial interests in the loan; and
        (b)    the sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

    4.    <u>Legal Proceedings</u>.    USA will assist the Lender in any necessary foreclosure proceedings to protect the Lender's interest in the note and deed of trust. Where necessary, in USA's business judgment, USA

may retain attorneys on Lender's behalf. Any legal proceeding instituted by USA pursuant to this Agreement may be pursued in USA's name only or as agent for Lender. Upon demand by USA, Lender agrees to promptly pay, either in advance or to reimburse USA, for its pro rata portion of the out-of-pocket expenses incurred, including attorney's fees, trustee's fees and foreclosure costs. In the event that Lender fails to pay such sums to USA upon demand or request thereof, or if USA elects to advance such sums, USA may, in its discretion, advance such fees, including trustee's fees, attorney's fees, and costs of foreclosure; provided, however, that any fees advanced by USA shall be paid back from the proceeds of the foreclosure (whether by reinstatement or sale), or from any other monies collected with respect to such Loan, before any payments are made to Lender. In the event of any litigation concerning the Loan, Lender hereby appoints USA as its agent to accept service of any summons and complaint, naming Lender as a party.

5.    Compensation to USA for Loan Servicing. Lender authorizes USA to retain monthly, as compensation for services performed hereunder, (a) one-twelfth (1/12th) of its annual servicing fee, which shall not exceed one percent (1%) per annum of the maximum principal amount of each of the Loans, (b) any late charges collected from the Borrower pursuant to the terms of the Note, and (c) and default interest collected from the Borrower pursuant to the terms of the Note. Notwithstanding the foregoing, it is agreed and acknowledged that USA derives the bulk of its revenues from charging loan fees ("points") to the Borrower. Certain Borrowers, however, may prefer to pay a higher rate of interest in exchange for a reduction in loan fees payable in advance to USA, the higher interest rate comprising a deferred loan fee. USA will notify Lender when such a case arises, and advise Lender of what portion of the interest is payable to USA as a deferred loan fee.

Should Lender desire to sell all or any part of its interest in the note and deed of trust, USA will assist Lender in finding potential buyers and completing the necessary documentation for the transaction. A fee of 5% of the remaining balance of Lender's undivided interest in the note amount will be deducted from the selling price and paid to USA on all such assignments for which USA locates the Assignee.

In the event an extension of a Loan is negotiated, USA shall be entitled to charge a fee therefor from the Borrower pursuant any separate fee agreement between USA and the Borrower.

6.    USA's Right to Delegate.    Notwithstanding anything contained herein, USA may in its sole discretion delegate specific loan arranging and servicing obligations to credit bureaus, real estate tax service companies, real estate brokers or agents, appraisers, attorneys, trustees, or others, provided that USA shall remain responsible for all action taken or not taken by such companies, agents, representatives, and others throughout the term of this Agreement.

7.    No Legal Advice. Lender acknowledges that USA will not act as Lender's attorney or provide legal advice to Lender, and that Lender is encouraged to seek independent counsel in connection with any questions Lender may have concerning this agreement, any Loan, USA's form loan documents, or any other matter.

8.    Termination. Lender may, by 30 days written notice to USA, terminate this agreement, and the power of attorney granted, if one is granted, under Section 9 of this Agreement, if USA fails to perform its obligations hereunder.

9.    Lender's Registration. Lender(s) name as listed in the first paragraph of this Agreement is the

exact form for registration of Lender's interest and for reference to Lender in the Loan Documents.

10.    <u>Integration Clause</u>. This Agreement contains the entire agreement between the parties hereto and cannot be modified except by a written amendment signed by both parties. The invalidity of any portion of this agreement shall in no way affect the balance thereof. This Agreement shall remain in effect until Lender's interest in all notes and deeds of trust with respect to Loans arranged and/or serviced by USA is completely liquidated (unless sooner terminated in accordance with the terms hereof).

11.    <u>Limited Power of Attorney</u>. With respect to each loan, Lender hereby agrees that USA shall have full power and authority, and Lender hereby appoints USA as its true and lawful attorney-in-fact to (a) hold the original note(s), and (b) to do all things and take all actions on behalf of Lender which are necessary or convenient to effectuate this Agreement and its intent and to protect Lender's interest under any note, deed of trust, guaranty, security agreement or other document pertaining to any Loan. Upon USA's request, Lender hereby agrees to execute and deliver, in the presence of a notary public, a "Declaration of Agency and Limited Power of Attorney", in a form consistent with Chapter 645B of the Nevada Revised Statutes, pursuant to which Lender shall further evidence the appointment of USA as Lender's true and lawful attorney-in-fact to undertake the duties of USA hereunder. No one shall be required to look beyond such Declaration of Agency and Limited Power of Attorney for evidence of USA's authority hereunder. All Declarations of Agency and Limited Powers of Attorney may include the language: This document may be executed with counterpart signature pages, and the document with all counterpart signature pages shall constitute one and the same instrument.

12. <u>Notices.</u> All notices, demands and other communications required or permitted hereunder shall be in writing and shall be deemed to have been given (i) when personally delivered, or (ii) on receipt, when deposited with a recognized overnight courier service such as Federal Express or DHL, or (iii) three (3) business days after the date when deposited in the United States mail and sent postage prepaid by registered or certified mail, return receipt requested, addressed as follows:

If to USA:          USA Commercial Mortgage Company
                    4484 S. Pecos Road
                    Las Vegas, Nevada 89121-5030
                    Attention:

If to Lender:


                    Attention:

or at such other address as the party to be served with notice may have furnished in writing to the party seeking or desiring to serve notice as a place for the service of notice.

13.    <u>Governing Law.</u> This Agreement shall be construed in accordance with the laws of the State of Nevada, without regard to the conflict of laws or rules thereof, and the obligations, rights and remedies of the parties hereunder shall be determined in accordance with such laws,

14.    <u>Counterparts.</u> This Agreement may be executed in one or more counterparts, each of which

shall be deemed to be an original, and all of which together shall constitute one and the same instrument.

15.    Attorney's Fees. In the event any party hereto brings an action to enforce any of the provisions of this Agreement, the party against whom judgment is rendered in such action shall be liable to the other for reimbursement of its costs, expenses and attorneys' fees, including such costs, expenses and fees as may be incurred on appeal,

16.    Successors and Assigns. This Agreement shall be binding upon and shall inure to the benefit of the parties' respective successors and assigns.

17.    Headings. Sections headings used in this Agreement are for convenience only and shall not affect the meaning or interpretation of this Agreement.

18.    Authority. Each party represents and warrants to the other party that it is duly authorized to execute, deliver and perform this Agreement.

IN WITNESS WHEREOF, the parties hereto have signed, sealed, acknowledged and delivered this instrument the day and year first above written.

LENDER: **Daniel   Tabas** _____

USA COMMERCIAL MORTGAGE COMPANY:

By: _____
Joseph D. Milanowski, President

By: _____
**Name: Daniel  Tabas**
Title: **Self**

By: _____
Name: _____
Title: _____

B256 (11/91) Subpoena in a Case under the Bankruptcy Code

# United States Bankruptcy Court

_____ DISTRICT OF ___NEVADA___

In re   USA COMMERCIAL MORTGAGE
COMPANY,

　　　　　　　　　　Debtor

To:   Person Most Knowledgeable
      USA Commercial Mortgage Co.
      4484 S. Pecos Rd.
      Las Vegas, NV 89121

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No. _BK-S-06-10725-LBR_

Chapter ___11___

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below
to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
Loan Servicing Agreements and Powers of Attorney for Fertitta Enterprises, Inc., Daniel
M. Tabas and USA Capital Diversified Trust Deed Fund, LLC.

| PLACE | DATE AND TIME |
|---|---|
| Jones Vargas | 10/13/06 |
| 3773 Howard Hughes Plwy, 3rd Floor S. | 9 a.m. |
| Las Vegas, NV | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

　　　Any subpoenaed organization not a party to this proceeding shall designate one or more officers, directors, or manag-
ing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters
on which the person will testify, Fed.R.Clv.P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed.R.Bankr.P. See
Rules 1018 and 9014, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE     ASSOCIATE ATTORNEY | DATE   10|6|06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Louis M. Bubala III
Jones Vargas, 100 W. Liberty St., 12th Floor, Reno, NV 89501    775-786-5000

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts

business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



UNITED STATES BANKRUPTCY COURT    DISTRICT OF NEVADA    STATE OF **NEVADA**

CASE NO. **BK-S-06-10725-LBR**    DEPT. NO.    YOUR FILE

Jones Vargas    ATTORNEYS FOR:

Louis M.  Bubala, III  Esq.    STATE BAR NO.:  8974

3773 Howard Hughes Parkway, Third Floor South

Las Vegas, .  NV  89109

*In Re USA Commercial Mortgage Company*    Date:  **October 13, 2006**

*Plaintiff*

*vs*    Time:  **9:00 am**

*Defendant*    **AFFIDAVIT OF SERVICE**

_____ **Craig  Larson** _____, being duly sworn deposes and says: That at all times herein affiant was

and is.a citizen of the United States, over 18 years of age, licensed to serve civil process in the State of Nevada under license

#604,.and not a.party to or interested in the proceeding in which this affidavit is made. The affiant received the

**Subpoena in a Case Under the`Bankruptcy Code**

**Letter**

on the ___ **9th** ___ day of ___ **October** ___, ___ **2006** ___ and served the same on the ___ **9th** ___ day of ___ **October** ___, ___ **2006** ___

at _____ **1:50 pm** _____ by:

delivering a copy to the witness _____ **Person most Knowledgeable USA Commercial Mortgage Company** _____

by leaving copies with _____ **Mark L. Olson** _____

at _____ **4484 South Pecos Road, Las Vegas, NV** _____

SUBSCRIBED AND SWORN to before me on this

**9th** day of ___ **October** ___ **2006**

_____    Affiant

Notary Public

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
NORMA P. McMAHAN
Appt. No. 99-3447-1
My Appt. Expires July 1, 2009

**Legal Process Service**
626 S. Eighth Street
Las Vegas, Nevada 89101
WorkOrderNo **0611222**

## Bubala, Louis

| | |
|---|---|
| **From:** | Steven Strong [sstrong@RQN.COM] |
| **Sent:** | Thursday, October 12, 2006 4:33 PM |
| **To:** | Bubala, Louis |
| **Cc:** | Chubb, Jan; Annette Jarvis; Elaine Monson |
| **Subject:** | Response to Subpoena |
| **Attachments:** | LSA - Fertitta Enterprises.pdf; Fertitta POAs.pdf; Loan Servicing - USA Comm, Diversified Trust Deed Fund & Milanowski).pdf; Div POA for Colt Gateway.pdf; LSA - Danial Tabas.pdf; Tabas POAs.pdf |

Louis,

As we discussed, I send you the attached documents in response to the subpoena served by your firm on USA Commercial Mortgage.  Please let me know if you have any questions.

Thanks.

Steven Strong
Ray Quinney & Nebeker P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Direct: 801-323-3382
Fax: 801-532-7543
www.rqn.com

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

10/19/2006

# EXHIBIT "C"

# EXHIBIT "C"

# LOAN SERVICING AGREEMENT

This Loan Servicing Agreement ("Agreement") is made as of the _____ day of _____, 2003, between USA Commercial Mortgage Company ("USA") and USA Capital Diversified Trust Deed Fund, Joseph D. Milanowski Manager ("Lender").

## RECITALS

A.     USA is a mortgage broker and loan servicer in Clark County, Nevada.

B.     Lender lends, or wishes to lend, money to various borrowers (the term "Borrower" includes single and married persons, corporations, trusts, partnerships and all other legal entities) from time to time, which loans are arranged by USA and are secured by interests in real and/or personal property.

C.     Lender wishes to retain the services of USA in connection with making and servicing a loan or loans (Loan" or "Loans" as the context requires), including all Loans heretofore or hereafter placed by Lender through USA, all upon the terms and conditions hereinafter set forth.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1.     <u>Services in Connection with Arranging the Loans</u>.  USA will perform the following services in connection with arranging each Loan:

(a)     Obtain a promissory note or notes secured by the trust deed referred to in Section 1(b) below, executed by Borrower in a form customarily used by USA and approved by USA's counsel.

(b)     Obtain a deed of trust, assignment of rents and security agreement executed by Borrower in form customarily used by USA and approved by USA's counsel, and cause the same to be properly recorded.

(c)     Obtain one or more personal or corporate guaranties, if applicable and as determined by USA to be necessary, executed by such guarantors, as USA shall deem appropriate, in form customarily used by USA.

(d)     If  USA deems it appropriate or necessary, obtain, at Borrower's expense, an appraisal of the property to be encumbered, prepared and executed by an appraiser reasonably satisfactory to USA.

(e)     Obtain from a reputable title insurance company, at Borrower's expense, a fully-paid ALTA lender's policy of title insurance, showing Lender as an insured, in an amount at least equal to the initial principal amount of the note and showing as exceptions only those items approved by USA and its counsel.

(f)     Cause the Borrower to obtain, where applicable, casualty insurance policies in amounts at least equal to the principal amount of the note or the full insurable value of the improvements on the

encumbered real property, whichever is less, containing a mortgage or loss payee clause naming Lender, or USA (as agent for Lender), as an additional insured or loss payee.

(g)     Obtain from the Borrower and each guarantor such recent financial statements and information as USA shall deem appropriate.

(h)     Obtain, with respect to any and all encumbrances of record to which Lender's deed of trust will be subject, documentation verifying the principal balance thereof within a reasonable time prior to the making of the Loan and specifying any then existing defaults thereunder.

(i)     Obtain such other documents in connection with the Loan, as USA may deem appropriate in order to protect the Lender's interest.

(j)     All documents which USA obtains from borrower in connection with arranging or servicing any Loan, so long as such Loan is outstanding, shall be kept on file in USA's corporate office and be available to Lender upon request. Notwithstanding the foregoing, USA shall have no obligation or responsibility to obtain any original documents in connection with any Loan serviced by USA, but not arranged or originated by USA.

(k)     Prepare and deliver to escrow closing instructions to effectuate the Loan closing in accordance with the Loan Agreement and the Fee Agreement.

2.     <u>Services of USA in Connection with Servicing the Loans.</u>     Subject to and in accordance with the terms and conditions set forth in this Agreement, and all applicable laws, Lender instructs and authorizes USA to, and USA will perform the following services in connection with servicing each of the Loans:

(a)     Verify, where applicable, that the property encumbered by Lender's deed of trust is insured (at the Borrower's expense) by a sufficient casualty insurance policy and that Borrower has sufficient liability insurance coverage. USA will hold for the Lender's account such policies and renewals thereof.

(b)     Keep appropriate accounting records on each note and the sums collected thereon, which records will reflect the amounts collected as to principal, interest and late charges, and, if applicable, insurance, taxes and other specified amounts. Those records will be available for review by the Lender during regular business hours at USA's corporate office.

(c)     Until the total amount due under each note is paid in full:

(i)     Proceed diligently to collect all payments due under the terms of the note and promptly pay the proper parties, when and if due, principal, interest, late charges, insurance and other specified funds.

(ii)     In the event the Borrower fails to make any payment to USA as required by the terms of the note, USA will take steps to collect the payment including but not limited to delivering default notices, commencing and pursuing foreclosure procedures, and obtaining representation for Lender in litigation and bankruptcy proceedings as deemed necessary or appropriate by USA in its business judgment to

fully protect the interests of the Lender, and of all Lenders in the loan.

        (iii)    In its sole discretion, USA may pay off any Lender at any time by paying the then outstanding balance of Lender's interest in the principal of the Loan, plus all accrued interest and any prepayment penalty or fee, if applicable. Any Lender so paid off shall concurrently execute and deliver therewith to USA an assignment, in a form acceptable to USA, of all of such Lender's right, title, and interest in the Loan (including all documents evidencing the Loan) and in the deed of trust securing the Loan.

        (iv)    In its sole discretion, USA may waive late payment charges, assumption fees, charges for returned checks due to insufficient funds, or other fees which may be collected in the ordinary course of servicing the Loans.

        (d)    Provide the Lender with regular statements regarding loan collections, but in no event less frequently than quarterly.

        (e)    Without limiting the generality of anything contained herein, Lender hereby authorizes and empowers USA, on Lender's behalf, to: (1) execute and deliver demands for payoff and beneficiary's / lender's statements of condition and the like; (2) execute and deliver any and all instruments if satisfaction or cancellation, or of partial or full release, discharge, or reconveyance, or authorizations in connection therewith, with respect to any Loans paid in full and with respect to the related real or personal property securing such Loans; (3) execute and deliver any and all other documents with respect to any Loans that are customary and consistent with loan servicing practices pertaining to such loans; (4) consent to modifications of the Loans if the effect of any such modification will not materially or adversely affect the security provided by the real or personal property in connection therewith; (5) institute foreclosure proceedings (judicial or non-judicial), obtain a deed-in-lieu thereof, engage in settlement discussions, and enter into forbearance and other settlement-related agreements (which agreements may contain provisions that release or waive claims against a Borrower or Guarantor); and (6) take title in the name of Lender (in proportion to its interest in the Loan) to any real property upon a foreclosure or delivery of a deed-in-lieu thereof. Notwithstanding the foregoing or any other provision contained herein, USA may not permit any modification to any Loan that would change the interest rate, forgive the payment of any principal or interest (expressly excluding late charges or the difference between default and non-default interest), change the outstanding principal amount, or extend the maturity date, without Lender's prior consent; provided, however, if Lender fails to grant or deny its consent within three (3) business days after notice from USA, Lender shall be deemed to have conclusively given its consent.

        3.    <u>Rights of Lender if USA Fails to Act.</u>    Pursuant to NAC 645B.073, in the event of default, foreclosure, or other matters that require action, if for any reason USA fails to act on Lender's behalf as authorized herein, then Lender may, with approval of fifty-one percent (51%) or more of all of the holders of the beneficial interest of record in the Loan, act on behalf of all such holders of beneficial interest of record. These actions may include, but are not limited to:

        (a)    the designation of the mortgage broker, servicing agent or other person to act on behalf of the holders of the beneficial interests in the loan; and

        (b)    the sale, encumbrance or lease of real property owned by the holders resulting

from a foreclosure or the receipt of a deed in lieu of a foreclosure.

    4.    <u>Legal Proceedings</u>.    USA will assist the Lender in any necessary foreclosure proceedings to protect the Lender's interest in the note and deed of trust. Where necessary, in USA's business judgment, USA may retain attorneys on Lender's behalf. Any legal proceeding instituted by USA pursuant to this Agreement may be pursued in USA's name only or as agent for Lender. Upon demand by USA, Lender agrees to promptly pay, either in advance or to reimburse USA, for its pro rata portion of the out-of-pocket expenses incurred, including attorney's fees, trustee's fees and foreclosure costs. In the event that Lender fails to pay such sums to USA upon demand or request thereof, or if USA elects to advance such sums, USA may, in its discretion, advance such fees, including trustee's fees, attorney's fees, and costs of foreclosure; provided, however, that any fees advanced by USA shall be paid back from the proceeds of the foreclosure (whether by reinstatement or sale), or from any other monies collected with respect to such Loan, before any payments are made to Lender. In the event of any litigation concerning the Loan, Lender hereby appoints USA as its agent to accept service of any summons and complaint, naming Lender as a party.

    5.    <u>Compensation to USA for Loan Servicing</u>. Lender authorizes USA to retain monthly, as compensation for services performed hereunder, (a) one-twelfth (1/12th) of its annual servicing fee, which shall not exceed one percent (1%) per annum of the maximum principal amount of each of the Loans, (b) any late charges collected from the Borrower pursuant to the terms of the Note, and (c) and default interest collected from the Borrower pursuant to the terms of the Note. Notwithstanding the foregoing, it is agreed and acknowledged that USA derives the bulk of its revenues from charging loan fees ("points") to the Borrower. Certain Borrowers, however, may prefer to pay a higher rate of interest in exchange for a reduction in loan fees payable in advance to USA, the higher interest rate comprising a deferred loan fee. USA will notify Lender when such a case arises, and advise Lender of what portion of the interest is payable to USA as a deferred loan fee.

    Should Lender desire to sell all or any part of its interest in the note and deed of trust, USA will assist Lender in finding potential buyers and completing the necessary documentation for the transaction. A fee of 5% of the remaining balance of Lender's undivided interest in the note amount will be deducted from the selling price and paid to USA on all such assignments for which USA locates the Assignee.

    In the event an extension of a Loan is negotiated, USA shall be entitled to charge a fee therefor from the Borrower pursuant any separate fee agreement between USA and the Borrower.

    6.    <u>USA's Right to Delegate</u>.    Notwithstanding anything contained herein, USA may in its sole discretion delegate specific loan arranging and servicing obligations to credit bureaus, real estate tax service companies, real estate brokers or agents, appraisers, attorneys, trustees, or others, provided that USA shall remain responsible for all action taken or not taken by such companies, agents, representatives, and others throughout the term of this Agreement.

    7.    <u>No Legal Advice</u>. Lender acknowledges that USA will not act as Lender's attorney or provide legal advice to Lender, and that Lender is encouraged to seek independent counsel in connection with any questions Lender may have concerning this agreement, any Loan, USA's form loan documents, or any other matter.

    8.    <u>Termination</u>. Lender may, by 30 days written notice to USA, terminate this agreement, and

the power of attorney granted, if one is granted, under Section 9 of this Agreement, if USA fails to perform its obligations hereunder.

9.     Lender's Registration.  Lender(s) name as listed in the first paragraph of this Agreement is the exact form for registration of Lender's interest and for reference to Lender in the Loan Documents.

10.     Integration Clause.  This Agreement contains the entire agreement between the parties hereto and cannot be modified except by a written amendment signed by both parties. The invalidity of any portion of this agreement shall in no way affect the balance thereof.  This Agreement shall remain in effect until Lender's interest in all notes and deeds of trust with respect to Loans arranged and/or serviced by USA is completely liquidated (unless sooner terminated in accordance with the terms hereof).

11.     Limited Power of Attorney.  With respect to each loan, Lender hereby agrees that USA shall have full power and authority, and Lender hereby appoints USA as its true and lawful attorney-in-fact to (a) hold the original note(s), and (b) to do all things and take all actions on behalf of Lender which are necessary or convenient to effectuate this Agreement and its intent and to protect Lender's interest under any note, deed of trust, guaranty, security agreement or other document pertaining to any Loan.  Upon USA's request, Lender hereby agrees to execute and deliver, in the presence of a notary public, a "Declaration of Agency and Limited Power of Attorney", in a form consistent with Chapter 645B of the Nevada Revised Statutes, pursuant to which Lender shall further evidence the appointment of USA as Lender's true and lawful attorney-in-fact to undertake the duties of USA hereunder.  No one shall be required to look beyond such Declaration of Agency and Limited Power of Attorney for evidence of USA's authority hereunder.  All Declarations of Agency and Limited Powers of Attorney may include the language: This document may be executed with counterpart signature pages, and the document with all counterpart signature pages shall constitute one and the same instrument.

12. Notices.  All notices, demands and other communications required or permitted hereunder shall be in writing and shall be deemed to have been given (i) when personally delivered, or (ii) on receipt, when deposited with a recognized overnight courier service such as Federal Express or DHL, or (iii) three (3) business days after the date when deposited in the United States mail and sent postage prepaid by registered or certified mail, return receipt requested, addressed as follows:

If to USA:          USA Commercial Mortgage Company
                    4484 S. Pecos Road
                    Las Vegas, Nevada 89121-5030
                    Attention:

If to Lender:


                    Attention:

or at such other address as the party to be served with notice may have furnished in writing to the party seeking or desiring to serve notice as a place for the service of notice.

13.     Governing Law.  This Agreement shall be construed in accordance with the laws of the State of

Nevada, without regard to the conflict of laws or rules thereof, and the obligations, rights and remedies of the parties hereunder shall be determined in accordance with such laws,

14.    <u>Counterparts.</u>  This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, and all of which together shall constitute one and the same instrument.

15.    <u>Attorney's Fees.</u> In the event any party hereto brings an action to enforce any of the provisions of this Agreement, the party against whom judgment is rendered in such action shall be liable to the other for reimbursement of its costs, expenses and attorneys' fees, including such costs, expenses and fees as may be incurred on appeal,

16.    <u>Successors and Assigns.</u>  This Agreement shall be binding upon and shall inure to the benefit of the parties' respective successors and assigns.

17.    <u>Headings.</u>  Sections headings used in this Agreement are for convenience only and shall not affect the meaning or interpretation of this Agreement.

18.    <u>Authority.</u>  Each party represents and warrants to the other party that it is duly authorized to execute, deliver and perform this Agreement.

IN WITNESS WHEREOF, the parties hereto have signed, sealed, acknowledged and delivered this instrument the day and year first above written.

LENDER: USA Capital Diversified Trust Deed Fund  USA COMMERCIAL MORTGAGE COMPANY:
Joseph D. Milanowski, Manager

By: _____          By: _____
Name: _____               Joseph D. Milanowski, President
Title: _____

By: _____
Name: _____
Title: _____

ORIGINAL

B256 (11/91) Subpoena in a Case under the Bankruptcy Code

# United States Bankruptcy Court

DISTRICT OF     NEVADA

In re    USA COMMERCIAL MORTGAGE
COMPANY,

             Debtor

To:   Person Most Knowledgeable
USA Commercial Mortgage Co.
4484 S. Pecos Rd.
Las Vegas, NV 89121

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No.   BK-S-06-10725-LBR

Chapter     11

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Loan Servicing Agreements and Powers of Attorney for Fertitta Enterprises, Inc., Daniel
M. Tabas and USA Capital Diversified Trust Deed Fund, LLC.

| PLACE<br>Jones Vargas<br>3773 Howard Hughes Plwy, 3rd Floor S.<br>Las Vegas, NV | DATE AND TIME<br>10/13/06<br>9 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

     Any subpoenaed organization not a party to this proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed.R.Bankr.P. See Rules 1018 and 9014, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE<br><br>        ASSOCIATE ATTORNEY | DATE<br><br>10/6/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Louis M. Bubala III
Jones Vargas, 100 W. Liberty St., 12th Floor, Reno, NV 89501     775-786-5000

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                          DATE                                        SIGNATURE OF SERVER

                                                    _____
                                                    ADDRESS OF SERVER

                                                    _____

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts

business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.





1  UNITED STATES BANKRUPTCY COURT    DISTRICT OF NEVADA    STATE OF NEVADA

2  CASE NO. BK-S-06-10725-LBR    DEPT. NO.    YOUR FILE

3  Jones Vargas    ATTORNEYS FOR:

4  Louis M. Bubala, III Esq.    STATE BAR NO.: 8974

5  3773 Howard Hughes Parkway, Third Floor South

6  Las Vegas, , NV 89109

7  **In Re USA Commercial Mortgage Company**    Date: **October 13, 2006**

8  *Plaintiff*    Time: **9:00 am**

9  *vs*

10  *Defendant*    **AFFIDAVIT OF SERVICE**

11  _____ **Craig Larson** _____, being duly sworn deposes and says: That at all times herein affiant was

12  and is a citizen of the United States, over 18 years of age, licensed to serve civil process in the State of Nevada under license

13  #604, and not a party to or interested in the proceeding in which this affidavit is made. The affiant received the

14  **Subpoena In a Case Under the Bankruptcy Code**

15  **Letter**

16

17

18

19  on the __9th__ day of __October__, __2006__ and served the same on the __9th__ day of __October__, __2006__

20  at _____ **1:50 pm** _____ by:

21  delivering a copy to the witness _____ **Person most Knowledgeable USA Commercial Mortgage Company** _____

22  by leaving copies with _____ **Mark L. Olson** _____

23  at _____ **4484 South Pecos Road, Las Vegas, NV** _____

24

25

26

27

28

29

30

31

32  SUBSCRIBED AND SWORN to before me on this    _____
   _Affiant_

33  __9th__ day of __October__ __2006__

34

35  Notary Public

36

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
NORMA P. McMAHAN
Appt. No. 95-3447-1
My Appt. Expires July 1, 2009

**Legal Process Service**
626 S. Eighth Street
Las Vegas, Nevada 89101
WorkOrderNo **0611222**

## Bubala, Louis

| | |
|---|---|
| **From:** | Steven Strong [sstrong@RQN.COM] |
| **Sent:** | Thursday, October 12, 2006 4:33 PM |
| **To:** | Bubala, Louis |
| **Cc:** | Chubb, Jan; Annette Jarvis; Elaine Monson |
| **Subject:** | Response to Subpoena |
| **Attachments:** | LSA - Fertitta Enterprises.pdf; Fertitta POAs.pdf; Loan Servicing - USA Comm, Diversified Trust Deed Fund & Milanowski).pdf; Div POA for Colt Gateway.pdf; LSA - Danial Tabas.pdf; Tabas POAs.pdf |

Louis,

As we discussed, I send you the attached documents in response to the subpoena served by your firm on USA Commercial Mortgage.  Please let me know if you have any questions.

Thanks.

Steven Strong
Ray Quinney & Nebeker P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Direct: 801-323-3382
Fax: 801-532-7543
www.rqn.com

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.