LEWIS AND ROCA LLP
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-0961
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for Official Committee of Unsecured Creditors

E-Filed on January 18, 2007

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In Re:<br><br>**USA Commercial Mortgage Company**<br>06-10725 – Lead Case<br><br>**USA Capital Realty Advisors, LLC**<br>06-10726<br><br>**USA Capital Diversified Trust Deed Fund, LLC**<br>06-10728<br><br>**USA Capital First Trust Deed Fund, LLC**<br>06-10728<br><br>**USA Securities, LLC**<br>06-10729<br>Debtors. | Jointly Administered<br><br>Chapter 11 Cases<br><br>Judge Linda B. Riegle Presiding<br><br>Date: N/A<br>Time: N/A<br>Affecting:<br>☐ All Cases<br>or Only:<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC |
|---|---|

**DECLARATION OF ALLAN B. DIAMOND IN SUPPORT OF APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF DIAMOND McCARTHY TAYLOR FINLEY & LEE, LLP AS SPECIAL LITIGATION COUNSEL TO THE OFFICIAL UNSECURED CREDITORS' COMMITTEE FOR USA COMMERCIAL MORTGAGE COMPANY**

I, Allan B. Diamond, hereby declare under penalty of perjury that:

1.  I am the Managing Partner of Diamond McCarthy Taylor Finley & Lee, LLP ("Diamond"). I submit this declaration on behalf of Diamond in support of the

1801975.1

Application (the "Application") of the Official Unsecured Creditors' Committee for USA Commercial Mortgage Company (the "Committee") for an order authorizing the employment and retention of Diamond as special litigation counsel under the terms and conditions set forth in the Application. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

2. Diamond specializes in business litigation and insolvency related matters. My practice has concentrated primarily on litigation in the corporate, securities, finance/banking, and commercial areas, including matters involving officer and director liability, professional liability, class actions, mergers and acquisitions, and other complex business matters.

3. Diamond has represented, among other clients, the post-confirmation creditors' trust for AgriBioTech, Inc. before this Court in connection with, among other things, officer and director breach of fiduciary duty claims and third party professional liability involving more than $80 million in damages.

4. The Committee, in conjunction with the Trustee of the USACM post-confirmation Trust, proposes to retain the services of Diamond. It is contemplated that Diamond will assist the Committee, and then the USACM Liquidating Trust established under the confirmed plan of reorganization, to investigate and pursue litigation against the insiders and affiliates of Debtors, including without limitation former officers and directors Thomas Hantges, Joseph Milanowski and USA Investment Partners, LLC as well as potential third party professionals.

5. In connection with the preparation of this declaration, Diamond conducted a review of its contacts with the five chapter 11 Debtors, their affiliates and certain entities holding large claims against or interests in the Debtors that were made reasonably known to Diamond. A listing of the parties reviewed is reflected on Exhibit 1 to this declaration. Diamond's review, completed under my supervision, consisted of a query of the Exhibit 1

1801975.1

parties within an internal computer database containing names of individuals and entities that are present or recent former clients of Diamond. A summary of such relationships that Diamond identified during this process is set forth on Exhibit 2 to this declaration.

6. Based on the results of its review, Diamond does not have a relationship with any of the parties on Exhibit 1 in matters related to its engagement. Diamond has provided and reasonably expects to continue to provide services unrelated to the Debtors' cases for the various entities shown on Exhibit 2. Diamond's assistance to these parties has been related to providing various services. To the best of my knowledge, no services have been provided to these parties in interest, which are adverse to the rights or interests of the Committee, nor does Diamond's involvement in these cases compromise its ability to continue such legal services.

7. Further, as part of its diverse practice, Diamond appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtors' cases. Also, Diamond has performed in the past, and may perform in the future, legal services for various clients, some of whom may be involved in these proceedings. In addition, Diamond has in the past, may currently and will likely in the future be working with or against other professionals involved in these cases in matters unrelated to the Debtors and these cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create an interest materially adverse to the Committee or the Trust herein in matters upon which Diamond is to be employed, and none are in connection with these cases.

8. Diamond is not believed to be a "Creditor" with respect to fees and expenses of any of the Debtors within the meaning of § 101(10) of the Bankruptcy Code. Further, neither I nor any other member of the Diamond firm serving this Committee, to the best of

1801975.1



my knowledge, is a holder of any outstanding debt instruments or shares of the Debtors' stock or membership interests.

9. According to Diamond's books and records, during the ninety-day period prior to the Debtors' petition date, Diamond performed no professional services or incurred any reimbursable expenses on behalf of the Debtors.

10. As such, to the best of my knowledge, Diamond does not represent any other entity having an interest adverse to the Debtor, the estate, the Committee, or the Trust with respect to the matter on which Diamond is to be employed, and therefore I believe Diamond is eligible to represent the Committee under § 1103(b) of the Bankruptcy Code.

11. It is Diamond's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner. If any new material relevant facts or relationships are discovered or arise before the Effective Date of the confirmed Plan, Diamond will promptly file a Bankruptcy Rule 2014(a) supplemental declaration.

12. Diamond intends to look solely to the Trust for compensation and reimbursement of its expenses for its services in accordance with the applicable provisions of the confirmed Plan and the USACM Liquidating Trust Agreement.

13. To the best of my knowledge, (a) no commitments have been made or received by Diamond with respect to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code, the confirmed Plan of Reorganization, and the USACM Liquidating Trust Agreement (upon the Plan's Effective Date, and (b) Diamond has no agreement with any other entity to share with such entity any compensation received by Diamond in connection with these chapter 11 cases.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

1801975.1



DATED January 18, 2007.

Diamond McCarthy Taylor Finley & Lee, LLP

_____
Allan B. Diamond

1801975.1