Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com
-and-
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
Jason Imes, Nevada Bar No.
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
Attorneys for Plaintiff, USA Commercial Mortgage Company

E-FILED on January 23, 2007

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                    Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                    Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                    Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                    Debtor. | Adversary No. 06-01251 |
| In re:<br>USA SECURITIES, LLC,<br>                                    Debtor. | **AMENDED COMPLAINT UNDER 11 U.S.C. §§ 544, 548, AND 550 AND NRS 112.180** |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Date: March 1, 2007<br>Time: 9:30 a.m. |

- 1 -

|   |   |
|---|---|
| USA COMMERCIAL MORTGAGE COMPANY, | |
| | Plaintiff, |
| vs. | |
| SALVATORE J. REALE, INDIVIDUALLY and as TRUSTEE OF THE SALVATORE J. REALE REVOCABLE TRUST, | |
| | Defendant. |

Plaintiff, USA Commercial Mortgage Company ("USACM"), hereby complains as follows:

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 544, 548, and 550, and Nevada Revised Statute ("NRS") 112.180.

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H), and (O).

3. This is an adversary proceeding pursuant to Fed.R.Bankr.P. 7001.

4. This court has venue over this proceeding pursuant to 28 U.S.C. § 1409(a).

## GENERAL ALLEGATIONS

5. During the period of January 31, 2003 through March, 2006, USACM made numerous transfers from the collection trust account to Salvatore J. Reale and/or Salvatore Reale, as Trustee of the Salvatore J. Reale Revocable Trust ("Reale"), as set forth below:

| Transfer | Date | Dollar Transfer Amount |
|---|---|---|
| 1 | 1/31/2003 | 107,575 |
| 2 | 3/03/2003 | 97,261 |
| 3 | 3/31/2003 | 107,682 |
| 4 | 4/30/2003 | 104,208 |
| 5 | 5/30/2003 | 108,995 |
| 6 | 6/30/2003 | 105,479 |
| 7 | 7/30/2003 | 110,308 |
| 8 | 8/29/2003 | 112,278 |
| 9 | 9/29/2003 | 129,900 |
| 10 | 10/30/2003 | 141,825 |
| 11 | 11/26/2003 | 139,220 |
| 12 | 12/30/2003 | 143,795 |

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

| # | Date | Amount |
|---|---|---|
| 13 | 1/30/2004 | 145,680 |
| 14 | 1/30/2004 | 2,626 |
| 15 | 2/27/2004 | 138,817 |
| 16 | 3/31/2004 | 148,391 |
| 17 | 4/29/2004 | 345,426 |
| 18 | 5/28/2004 | 148,391 |
| 19 | 6/30/2004 | 145,510 |
| 20 | 7/29/2004 | 152,331 |
| 21 | 8/30/2004 | 153,644 |
| 22 | 9/30/2004 | 152,373 |
| 23 | 10/29/2004 | 161,788 |
| 24 | 11/30/2004 | 156,927 |
| 25 | 12/30/2004 | 161,523 |
| 26 | 1/31/2005 | 162,074 |
| 27 | 3/01/2005 | 149,153 |
| 28 | 4/06/2005 | 168,089 |
| 29 | 4/25/2005 | 163,376 |
| 30 | 5/31/2005 | 169,402 |
| 31 | 6/30/2005 | 166,797 |
| 32 | 7/28/2005 | 174,655 |
| 33 | 8/31/2005 | 176,953 |
| 34 | 9/29/2005 | 173,469 |
| 35 | 10/28/2005 | 180,119 |
| 36 | 11/30/2005 | 172,833 |
| 37 | 12/29/2005 | 178,594 |
| 38 | 1/31/2006 | 181,221 |
| 39 | 2/28/2006 | 163,683 |
| 40 | 3/30/2006 | 149,026 |

(each individually referred to as Transfer 1 through Transfer 40).

6. On March 8, 2006, USACM transferred the sum of Six Million Dollars ($6,000,000.00) to the bank account of USA Investment Partners LLC ("Investment Partners").

7. The transfer of the $6,000,000.00 to the Investment Partners' bank account caused the Investment Partners' bank account to increase from $39,944.12 to $6,039,944.12.

8. On March 13, 2006, USACM transferred the sum of Two Million Eight Hundred Thousand Dollars ($2,800,000.00) to the bank account of Investment Partners.

9. After the deposit of the $2,800,000 into the bank account for Investment Partners on March 13, 2006, the Investment Partners' bank account was in the amount of $6,475,151.45.

10. On March 13, 2006, Investment Partners transferred the sum of Four Million Dollars ($4,000,000.00) ("Transfer 41") from its bank account to Reale.

11. Upon information and belief, Transfer 1 through Transfer 41 (collectively, the "Transfers") were not made for payment of an obligation owed by USACM.

12. Upon information and belief, the Transfers were made for payment on a promissory note executed solely by Joseph D. Milanowski ("Milanowski") and Tom Hantges ("Hantges") in favor of Reale or Salvatore Reale, Trustee of the Salvatore J. Reale Revocable Trust (the "Reale Note").

13. Investment Partners is a limited liability company that is owned and controlled by Milanowski and Hantges (or family trusts controlled by them).

14. Upon information and belief, at all relevant times, USACM has been a creditor of Investment Partners.

15. Upon information and belief, USACM was not financially obligated to Reale under the Reale Note.

16. USACM (the "Debtor") filed for relief under Chapter 11 of the Bankruptcy Code on April 13, 2006 (the "Petition Date").

## FIRST CAUSE OF ACTION
## (11 U.S.C. § 548(a)(1)(A))

17. The Debtor repeats and reavers allegations 1 through 16 as if fully set forth herein.

18. The Transfers were of an interest of the Debtor in property.

19. Transfers 17 through 41 were made within two years of the Petition Date.

20. Transfers 17 through 41 were made with the intent to hinder, delay, or defraud entities to which the Debtor was or became indebted to on or after the date these transfers were made.

## SECOND CAUSE OF ACTION
## (11 U.S.C. § 548(a)(1)(B))

21. The Debtor repeats and reavers allegations 1 through 20 as if fully set forth herein.

22. Transfers 17 through 41 were of an interest of the Debtor in property.

23. Transfers 17 through 41 were made within two years of the Petition Date.

24. The Debtor received less than a reasonably equivalent value in exchange for

- 4 -

Transfers 17 through 41 because these transfers were made to satisfy obligations not owed by the Debtor.

25. The Debtor was insolvent on the date Transfers 17 through 41 were made or became insolvent as a result of these transfers.

26. As a result of Transfers 17 through 41, the Debtor was engaged in business or a transaction or was about to engage in business or a transaction for which any property remaining with the Debtor was unreasonably small capital.

27. As a result of Transfers 17 through 41, the Debtor intended to incur or believed that it would incur debts that would be beyond its ability to pay as such debts matured.

### THIRD CAUSE OF ACTION
### (11 U.S.C. § 544 and NRS 112.180(1)(a))

28. The Debtor repeats and reavers allegations 1 through 27 as if fully set forth herein.

29. The Transfers were of an interest of the Debtor in property.

30. This claim is being made within four years of the date the Transfers were made.

31. The Debtor made the Transfers with the actual intent to hinder, delay, or defraud creditors of the Debtor.

### FOURTH CAUSE OF ACTION
### (11 U.S.C. § 544 and NRS 112.180(1)(b))

32. The Debtor repeats and reavers allegations 1 through 31 as if fully set forth herein.

33. The Transfers were of an interest of the Debtor in property.

34. This claim is being brought within four years of the date the Transfers were made.

35. The Debtor received less than a reasonably equivalent value in exchange for the Transfers because the Transfers were made to satisfy obligations not owed by the Debtor.

36. The Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or the transaction.

37. The Debtor was engaged in business or a transaction or was about to engage in business or a transaction for which any property remaining with the Debtor was unreasonably

small capital.

38. The Debtor intended to incur or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

### FIFTH CAUSE OF ACTION
### (11 U.S.C. §§ 544, 548, and 550(a) and NRS 112.220)

39. The Debtor repeats and reavers allegations 1 through 38 as if fully set forth herein.

40. Reale was the person for whose benefit all of the Transfers were made and was the initial transferee of USACM, or immediate or subsequent transferee of Investment Partners.

41. The Transfers are avoidable under 11 U.S.C. §§ 544 and 548 and therefore, pursuant to § 550 and NRS 112.220, the Debtor may avoid and recover the Transfers from Reale.

WHEREFORE, USACM prays as follows:

1) For judgment in its favor and against Salvatore Reale in the sum of the Transfers plus interest pursuant to 28 U.S.C. § 1961(a) and costs.

2) For such other relief that that this Court deems just and proper.

Dated: January 23, 2007

*/s/ Jeanette McPherson*
Lenard E. Schwartzer, Esq.
Jeanette E. McPherson, Esq.
Jason Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, NV  89146
-and-
Annette Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

Attorneys for USA Commercial Mortgage Company