Annette W. Jarvis, Utah Bar No. 1649 (admitted pro hac vice)
Steven C. Strong, Utah Bar No. 6340 (admitted pro hac vice)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com
   and
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com

E-FILED ON JANUARY 25, 2007

Attorneys for Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                Debtor.<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                Debtor.<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                Debtor.<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                Debtor.<br>In re:<br>USA SECURITIES, LLC,<br>                                Debtor.<br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☒ USA Capital First Trust Deed Fund, LLC | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>**MOTION FOR AN ORDER ENFORCING THE AUTOMATIC STAY TO PREVENT FORECLOSURE BY WESTERN UNITED LIFE ASSURANCE COMPANY [AFFECTS USA COMMERCIAL MORTGAGE COMPANY, USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, AND USA FIRST TRUST DEED FUND, LLC]**<br><br>Date:  OST Requested<br>Time: OST Requested |
|---|---|

1

Motion To Enforce The Stay

USA Commercial Mortgage Company ("USACM"), USA Capital First Trust Deed Fund, LLC ("FTDF") and USA Capital Diversified Trust Deed Fund, LLC ("DTDF") (collectively the "Debtors") submit this motion pursuant to Section 362(a) and 105(a) of the United States Bankruptcy Code and Rule 9020 of the Federal Rules of Bankruptcy Procedure for an order enforcing the automatic stay to prevent Western United Life Assurance Company ("WULA") from conducting a foreclosure sale that would foreclose the interests of FTDF and DTDF.[1]

## STATEMENT OF FACTS

**I.  The Huntsville/West Hills Park Loan**

1.  USACM arranged a loan to West Hills Park Joint Venture ("West Hills Park"), evidenced by a Promissory Note dated March 31, 2004, (the "West Hills Park Note") in the original principal sum of $9,000,000.00 made by West Hills Park in favor of the lenders described therein, including Debtors FTDF and DTDF (collectively "Lenders").

2.  As security for the West Hills Park Note, West Hills Park, as trustor, executed and delivered to Scott K. McDonald, as trustee in favor of Lenders, as beneficiaries, a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing, dated March 31, 2004, (the "West Hills Park Trust Deed") encumbering certain property described therein. The Trust Deed was recorded in Walker County, Texas on April 7, 2004, as Document No. 2004-036471, and was recorded in Montgomery County, Texas on April 7, 2004, as Document No. 2004-02831.

3.  The West Hills Park Note and the West Hills Park Trust Deed were amended to increase the amount of the West Hills Park Note to $10,475,000.00.

---

[1] USACM and the Lenders take the position that the automatic stays still in effect in their Chapter 11 cases enjoin WULA from foreclosing on their interests in property and that any such foreclosure would be void *ab initio* pursuant to *Gruntz v. County of Los Angeles (In re Gruntz),* 202 F.3d 1074, 1082 (9th Cir.2000) (en banc) (citing *Schwartz v. United States (In re Schwartz),* 954 F.2d 569, 571 (9th Cir.1992)), but prefers to have this Court make a determination of the application of the automatic stay prior to the foreclosure. USACM and the Lenders would also assert that the actual conduct of a foreclosure by WULA would subject WULA to contempt proceedings for willful violation of the automatic stay. See *In re Goodman,* 991 F.2d 613, 620 (9th Cir. 1993).

2
Motion To Enforce The Stay

4. Debtor FTDF holds a 4.77% undivided fractional interest in the West Hills Park Note and the West Hills Park Trust Deed. Debtor DTDF holds a 5.96% undivided fractional interest in the West Hills Park Note and the West Hills Park Trust Deed.

5. USACM is the servicing agent of Lenders in relation to the West Hills Park Note and the West Hills Park Trust Deed.

6. The amount owed on the West Hills Park Note, as of August 17, 2006, is as follows:

| | |
|---|---:|
| Principal | $10,475,000.00 |
| Interest | $994,231.31 |
| Late Fees | $23,922.17 |
| Extension Fees | $261,875.00 |
| Total | $11,755,028.48 |

## II. The Collateral Securing the Huntsville/West Hills Park Loan

1. The West Hills Park Trust Deed encumbers property in Walker County, Texas and Montgomery County, Texas.

2. The Walker County property (the "Walker County Property") consists of approximately 25 acres of land in Huntsville, Texas.

3. The West Hills Park Trust Deed is a first lien on the Walker County Property.

4. The Montgomery County Property (the "Montgomery County Property") consists of a 99,352 square foot, four-story office building and a 38,142 square foot, two-story underground bunker located on approximately 50 acres of land outside of Montgomery, Texas.

5. The West Hills Park Trust Deed is a second lien on the Montgomery County Property.

6. The first lien on the Montgomery County Property is a Trust Deed in favor of WULA ("the WULA Trust Deed"), securing a promissory note, dated September 30, 2002, in the original principal amount of $8,250,000 (the "WULA Note").

## III. The West Hills Park Bankruptcy

1. On August 17, 2006, West Hills Park and one of its general partners filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy

Court for the Southern District of Texas, Houston Division, which cases are being jointly administered as Case No. 06-33996 (the "West Hills Park Bankruptcy").

2. Prior to the filing of the West Hills Park Bankruptcy, WULA had initiated non-judicial foreclosure of the WULA Trust Deed on the Montgomery County Property.

3. Debtors' counsel informed WULA's counsel, by letter dated August 15, 2006, that WULA's purported foreclosure of the WULA Trust Deed was a violation of the automatic stay in effect in the Debtors' bankruptcy.

4. In the West Hills Park Bankruptcy, West Hills Park has filed a proposed Plan and Disclosure Statement in which West Hills Park identifies the value of the Walker County Property as $8,800,000 and identifies the value of the Montgomery County Property as $18,000,000.

5. In the West Hills Park Plan and Disclosure Statement, West Hills Park identifies the secured claim of WULA in the amount of $9,253,876.

6. On January 12, 2007, on motion by WULA the Court in the West Hills Park Bankruptcy entered an Order (a) modifying the automatic stay to allow WULA to post the Montgomery County Property for a non-judicial foreclosure sale to be held February 6, 2007, and (b) setting WULA's motion for relief from the automatic stay for final hearing on January 31, 2007.

7. By letter dated January 12, 2007, Debtors' counsel again informed WULA's counsel that WULA's actions to foreclose the WULA Trust Deed violate the stay in effect in this case.

8. Notwithstanding that notice, WULA has issued and posted notice pursuant to state law to conduct a non-judicial foreclosure of the Montgomery County Property on February 6, 2007. WULA has informed Debtors that WULA intends to conduct the foreclosure sale on February 6, 2007, if WULA obtains a favorable ruling at the January 31, 2007, hearing set in the West Hills Park Bankruptcy.

/ / /

/ / /

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# ARGUMENT

**I.    WULA's Foreclosure Sale of the Montgomery County Property Will Violate the Automatic Stay in Effect in this Case.**

Section 362(a)(3) of the Bankruptcy Code states that "a petition filed under section 301, 302 or 303 operates as a stay, applicable to all entities, of any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. . . ."  A party violates the automatic stay if it acts to obtain possession or control over property of the estate.  *Id.*

**a.    The Debtors' Lien Interest in the Montgomery County Property is Property of this Estate.**

The fractional interests of Debtors FTDF and DTDF in the West Hills Park Note and the West Hills Park Trust Deed are property of their bankruptcy estates.  Bankruptcy Appellate Panel decisions within the Ninth Circuit Court of Appeals have held that a lien interest in favor of a debtor in bankruptcy is property of the estate that is protected by the automatic stay:

> Debtor's junior lien interest in the real property is property of the estate.  This interest is protected by the automatic stay from foreclosure by a senior lien holder until such time as relief from the stay is granted, or the stay is no longer in effect.

*See In re Bibo, Inc.*, 200 B.R. 348, 352 (B.A.P. 9th Cir. 1996) *opinion vacated upon dismissal of appeal as moot*, 139 F.3d 659 (9th Cir. 1998).  Though the *Bibo* decision was vacated due to dismissal of the appeal as moot, that decision can still be persuasive authority.  *See, e.g., Orhorhaghe v. I.N.S.*, 38 F.3d 488, 494 n4 (9th Cir. 1994) (finding that opinion vacated as moot was still persuasive authority); *In re Taffi*, 68 F.3d 306, 310 (9th Cir. 1995) (same).

Prior to being vacated, the decision in *Bibo* was cited with approval in *In re Cogar*, in which the court held:

> [A] bankruptcy estate is comprised of all legal and equitable interest in debtor's property as of the filing of the bankruptcy petition.  Therefore, since a lien is considered a beneficial or equitable interest in property, and it was in existence prior to the debtor's filing bankruptcy, the lien interest is considered part of the bankruptcy estate.

5

Motion To Enforce The Stay

*In re Cogar*, 210 B.R. 803, 809 (B.A.P. 9th Cir. 1997) (*quoting In re Capital Mortgage & Loan, Inc.*, 35 B.R. 967, 970 (Bankr. E.D. Cal. 1983)). At least one other has also recognized junior interests as being property of the estate. *See Cardinal Indus., Inc. v. Buckeye Fed. Sav. & Loan Ass'n. (In re Cardinal Industries, Inc.)*, 105 B.R. 834, 855 (Bankr. S.D. Ohio 1989) (finding that second mortgage interests were property of the estate and were protected by § 362(a)(3)); *but see Farmer's Bank v. March (In re March)*, 140 B.R. 387 (E.D. Va. 1992) (holding that foreclosure by senior lienholder could proceed without violating the automatic stay where debtor merely held a junior lien interest in the property) *aff'd* 988 F.2d 498 (4th Cir. 1993); *In re Holiday Lodge, Inc.*, 300 F.2d 516, 519 (7th Cir. 1962) (finding that district court did not have jurisdiction to restrict foreclosure by senior lienholder in property in which the debtor held a junior lien). Neither *In re March* nor *In re Holiday Lodge* are binding on this court and, as discussed herein, are not consistent with other decisions from the Ninth Circuit.

   Though there does not appear to be any decisions of the Ninth Circuit Court of Appeals directly on this issue, other decisions of the Ninth Circuit, and decisions of the District Court within the Ninth Circuit, are consistent with the reasoning in *Bibo* and *Cogar*. For example, in *In re Bialac*, 712 F.2d 426 (9th Cir. 1983), the debtor in bankruptcy held a one-sixth interest in a note. A creditor purported to foreclose on the remaining five-sixth interest in the note. The bankruptcy court held that such foreclosure violated the automatic stay because it affected the debtor's pre-foreclosure right to redeem the entire note. *Id.* at 428. The Ninth Circuit affirmed the ruling of the bankruptcy court, reversing the Bankruptcy Appellate Panel in the process, and explained that the pre-foreclosure right of redemption is property of the estate. The Ninth Circuit relied on the Legislative History of 11 U.S.C. § 541 which states that "section 541(a) is an all-embracing definition which includes charges on property, such as liens held by the debtor or property of a third party, or beneficial rights and interest, that the debtor may have in property of another." *Id.* at 431 (*quoting* 124 Cong. Rec. H. 11,096 (Sept. 28, 1978)). *See also In re Minoco Group of Cos.*, 799 F.2d 517 (9th Cir. 1986) (holding that cancellation of officers and directors liability policies, which insured the debtor corporation against indemnity claims made by its officers and directors, was automatically stayed by § 362).

6

Motion To Enforce The Stay

A recent decision of the Eastern District of California is also consistent with the holdings in *Bibo* and *Cogar*. In *In re A Partners*, 344 B.R. 114 (E.D. Cal. 2006), the debtor in bankruptcy held a fifth priority trust deed lien on the Guarantee Buildings. The first lien holder moved for relief from the automatic stay to foreclose the first lien. The Court explained:

> The Guarantee Buildings are not properties of any bankruptcy estate and are not protected by an automatic stay. The only reason [the first lienholder] needs relief from stay in this bankruptcy is the fact the [Note], [the Debtor's fifth lien position], and the attendant rights and remedies of a junior lienholder, are property of this bankruptcy estate.

*Id*. at 119.

Because the debtor's lien interest is property of the estate:

> Any act which cuts off the rights of a junior lienholder in bankruptcy, such as the pre-foreclosure rights of reinstatement and redemption, is a violation of the automatic stay.

*Id*. at 122 (*citing In re Bialac*, 712 F.2d 426, 432 (9th Cir. 1983)). *See also In re 48th Street Steakhouse, Inc*., 835 F.2d 427 (2nd Cir. 1987) (holding that the landlord's attempt to terminate the prime lease, which would have the effect of terminating the debtors' interest as lessee under a sublease, violated the automatic stay). Likewise, the lien interests of FTDF and DTDF in the Montgomery County Property are property of this estate that are protected by the automatic stay.

**b.     WULA's Foreclosure is an Attempt to Exercise Control Over Property of this Estate.**

WULA's scheduled foreclosure sale of the Montgomery County Property is an attempt to obtain possession or control of property of this estate. WULA's trust deed lien on the Montgomery County Property is senior to the lien of the West Hills Park Trust Deed, of which Debtors FTDF and DTDF hold fractional interests. WULA's foreclosure sale, if allowed to go forward, would foreclose out the lien interests of Debtors FTDF and DTDF in the Montgomery County Property, and would thus be an act exercising control over property of this estate. *See In re Bibo, Inc*., 200 B.R. at 350.

/ / /

/ / /

/ / /

## CONCLUSION

WULA's intended foreclosure of its first lien, to the detriment of the second lien held in part by Debtors FTDF and DTDF, is a violation of the automatic stay. The Debtors, therefore, respectfully request an order enjoining WULA from foreclosing in violation of the stay or, at a minimum, an order declaring that the automatic stays in the Debtors' cases enjoin such foreclosure.

Dated: January 25, 2007.

/s/ Lenard E. Schwartzer
Lenard E. Schwartzer, Nevada Bar No. 0399
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146
and
Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385