Dean T. Kirby, Jr.    California Bar No.090114
Leonard J. Ackerman    California Bar No.  204880
KIRBY & McGUINN, A P.C.
600 B Street, Suite 1950
San Diego, California 92101-4515
Telephone: (619) 685-4000  Facsimile:  (619) 685-4004

Michelle L. Abrams, Esq. Nevada Bar No. 5565
MICHELLE L. ABRAMS, LTD.
3085 South Jones Blvd., Suite C
Las Vegas, Nevada 89146
Telephone: (702)369-3724 Facsimile (702)369-0651
mabrams@mabramslaw.com
Attorneys for Debt Acquisition Company of America

**Electronically Filed January 29, 2007**

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re | **Bankruptcy Case No. BK-S- 06-10725-LBR** |
| USA COMMERCIAL MORTGAGE COMPANY, *fka* USA Capital | **APPELLANT'S STATEMENT OF ISSUES ON APPEAL** |
| Debtor | |

Appellant Debt Acquisition Company of America states the following issues on appeal of the order (the "Confirmation Order") confirming the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan"):

1. Could the Bankruptcy court approve a "sale" of certain loan servicing agreements referred to in the Plan (the "Loan Servicing Agreements') to Compass Partners, LLC ("Compass") "free and clear" of the rights and defenses to performance held by the counter parties to those agreements?

2. Was the Plan confirmable, as to its provisions which purported to bind the parties referred to as "Direct Lenders" to the terms of a purported compromise, where no reasonable opportunity was given to opt out of the compromise?

////

3.  Did the Bankruptcy Court err in including in the Confirmation Order additional terms, said to reflect a further compromise with Compass, that were not included in the Plan itself?

4.  Were the claims identified in the Plan as "Unremitted Principal Claims" required to be paid in full as a condition to the assignment of the loan servicing agreements to Compass?

5.  Were the Loan Servicing Agreements executory contracts within the meaning of 11 U.S.C. § 365?

6.  If the loan servicing agreements were executory contracts, was the Debtor required to assume them as a condition to assigning them to Compass?

7.  Does the Plan impermissibly modify the rights of the Direct Lenders under the Loan Servicing Agreements?

8.  Is the Plan confirmable under 11 U.S.C. § 1129(a)(1), or does it conflict with provisions of the Bankruptcy Code, including 11 U.S.C. §365 and subsection 363(f).

DATE: January 29, 2007

KIRBY & McGUINN
A Professional Corporation

By: /s/
Dean T. Kirby, Jr.
Attorneys for Creditor and Appellant
Debt Acquisition Company of America V, LLC