

**Entered on Docket
January 31, 2007**

_____
**Hon. Linda B. Riegle
United States Bankruptcy Judge**

---

Russell S. Walker, Utah Bar No. 3363
Elizabeth R. Loveridge, Utah Bar No. 6025
Reid W. Lambert, Utah Bar No. 5744
WOODBURY & KELSER, P.C.
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT 84111
Telephone: (801) 364-1100
Facsimile: (801) 359-2320
Email:  rwalker@wklawpc.com

Joseph J. Huggins
Nevada Bar No. 4456
HUGGINS & ASSOCIATES
8275 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 371-6921
Facsimile: (702) 940-4088
Email: joehuggins@sbcglobal.net

**UNITED STATES BANKRUPCTY COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>            Debtor. | Case No.: BK-S-06-10725 LBR<br>Case No.: BK-S-06-10726 LBR<br>Case No.: BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>            Debtor. | Case No.: BK-S-06-10728 LBR<br>Case No.: BK-S-06-10729 LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>            Debtor. | **Jointly Administered Under<br>Case No. BK-S-06-10725 LBR** |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>            Debtor. | **STIPULATED PROTECTIVE ORDER** |
| In re:<br>USA SECURITIES, LLC,<br>            Debtor. | |
| Affects:<br>    ☐ All Debtors<br>    ☐ USA Commercial Mortgage Company<br>    ☐ USA Securities, LLC<br>    ☐ USA Capital Realty Advisors, LLC<br>    ☐ USA Capital Diversified Trust Deed Fund, LLC<br>    ☐ USA Capital First Trust Deed Fund, LLC | |

WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Tel: (801) 364-1100   Fax: (801) 359-2320

This Stipulated Protective Order is made upon the stipulation of counsel for USA Commercial Mortgage Company ("USACM"), USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC ("Diversified"), USA Capital First Trust Deed Fund, LLC, USA Securities, LLC (collectively the "Debtors"), the Official Committee of Unsecured Creditors for USA Commercial Mortgage Company ("USACM Unsecured Committee") and the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC ("Diversified Committee") (together, the "Committees") acting on their own behalf and on behalf of the Post-Effective Date Entities for their estates and the USACM Trust Committee and DTDF Post-Effective Date Committee, respectively (as defined in the Plan of Reorganization confirmed by the order filed January 8, 2007, the "Plan"), USA Investment Partners, LLC ("USAIP"), and Mr. Joseph D. Milanowski ("Milanowski") acting on behalf of himself and all non-Debtor Insiders (USAIP, Milanowski, and all non-Debtor Insiders, collectively, the "IP Parties"). Debtors, the IP Parties and the Committees shall collectively be referred to hereafter as "the Parties."

WHEREAS, from as early as 2001 through the spring of 2006, Debtors and IP Parties were operated and managed by a common management team, including Milanowski, at a common location at 4484 and 4480 South Pecos Road, Las Vegas, Nevada (the "Offices"), and, as a result, the IP Parties' and the Debtors' documents and information were stored, filed and held at the Offices; and

WHEREAS, the Debtors filed voluntary petitions for reorganization under Chapter 11 of the United States Bankruptcy Code on April 13, 2006; and

WHEREAS, the IP Parties have made efforts collectively with the Debtors to identify and maintain documents in the Offices; and

WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Tel: (801) 364-1100  Fax: (801) 359-2320

WHEREAS, the IP Parties have segregated documents in the presence of the Debtors, currently held in 144 boxes at the Offices, over some of which Debtors and/or IP Parties assert either a sole or a joint interest or privilege with each other, and the IP Parties assert such an interest or privilege in certain other paper and electronic accounting documents that may be located at the Offices for the following entities:

- USA Investment Partners and all joint ventures in which it was or is a member
- Amblamo, LLC
- Eagle Ranch
- Haspinov
- Housing Partners
- Institutional Equity Partners
- Lucid Land Development
- Opaque Land Development
- Pecos Professional Park
- PERUSA
- South Meadows Apartments
- Tanamera Apartments
- Tanamera Development
- Tanamera Resort Partners
- Toblak, LLC
- Tree Moss Partners
- USA Commercial Real Estate Group
- USA Development
- Happy Valley
- USA Investors VI
- VAudio

(collectively, the "Documents"), and may also assert an interest or privilege in other paper and electronic documents at the Offices that have not been segregated or identified to date; the listing of such entities in this Order is not an acknowledgement or admission that the entities are not affiliates of the Debtors.

WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Tel: (801) 364-1100   Fax: (801) 359-2320

WHEREAS, to establish a procedure to maintain the integrity of the Documents, facilitate access to the Documents, and to permit the orderly disposition of any claims of privilege or other protection with respect to any of them, USAIP and Milanowski moved this Court (the "Court") for the endorsement of a Protective Order. Thereafter, the parties negotiated an agreement on this Protective Order (the "Order").

NOW THEREFORE, based upon the foregoing facts, the Parties shall be bound as follows:

PROTECTION OF ALL DOCUMENTS

(1)	Absent further written agreement of the Parties or an Order of the Court entered on prior notice to the Parties, Debtors or their successors shall maintain the Documents pursuant to this Order. If Debtors or their successors relocate from the Offices, the Documents shall be moved to the new location, which must be located in or around Las Vegas, Nevada, until all issues relating to privilege and confidentiality have been resolved with respect to the Documents.

PRIVILEGE AND CONFIDENTIALITY REVIEW

(2)	This Order is entered into in accordance with Bankruptcy Rules 7026 and 9018 in order to provide for the protection of privileged and confidential information.

PAPER DOCUMENTS

(3)	Counsel for the Parties shall conduct a review of the Documents ("Review") through a "taint team" procedure. Counsel for the IP Parties, the Debtors and the Post-Effective Date Entities shall designate attorneys and paralegals who shall review the Documents ("Review Team"). The members of the Review Team must be specifically designated to participate in the case solely for purposes of the Review. The Review Team shall review the Documents together. During the Review, counsel for any of the Parties may designate any Documents over which they assert the

attorney-client privilege, attorney work product protection, and/or any other legally recognized claim of privilege or protection, designating any such privilege or protection as belonging to (a) some or all of the IP Parties ("IP Parties' Privileged Documents"); (b) some or all of the Debtors ("Debtors' Privileged Documents"); or (c) some or all of the IP Parties and some or all of the Debtors jointly ("Jointly Privileged Documents").  Also during the Review, the Parties shall designate any Documents which they assert are properly designated as "Confidential" from their perspective ("Confidential Documents"), and such Documents shall be included within the Confidential Documents protections of this Order. Confidential Documents may include all internal business records that are not otherwise publicly available, as well as records containing confidential personal data (such as Social Security numbers) or other personal, non-business-related communications, private correspondence, third-party confidential documents and bank records.

(4)     During the Review, the Review Team shall segregate the Documents according to the three privilege categories set forth above.  Members of the Review Team shall endeavor in good faith to resolve any disagreements as to any such designations.  However, with respect to any Documents as to which the Parties cannot resolve any conflicting designations, the Party asserting sole privilege or protection over the Document shall include the Document on its privilege log, as described below, in addition to Documents that the Review Team members have agreed to designate as subject to a privilege assertion by that Party.

(5)     No later than fourteen (14) days following the completion of the Review, the Review Team members for the Parties shall exchange privilege logs.  The privilege logs shall comply with all applicable federal legal, rule, and local rule requirements for the description and specification of Documents designated as privileged, and will include at least the following

information, to the extent available: (a) type of Document; (b) general subject-matter of the Document; (c) the date of the Document; (d) the letterhead on the Document; (e) the specific entity or person claiming the privilege; (f) the name and title of the author(s) of the Document; (g) the name and title of the recipient(s) of the Document; and (h) the nature of the privilege(s) being asserted. In addition, the privilege logs shall include a column identifying whether the opposing Party's Review Team challenged the designation during the Review.

(6)  Within fourteen (14) days after its receipt of a privilege log, subject to any extensions agreed upon by the Parties or ordered by the Court, any Party may move the Court for a determination of privilege with respect to any designation of a Document as privileged or subject to a joint privilege to which that Party objects, even if the Party's Review Team did not challenge the designation during the Review.

(7)  Until all issues of privilege have been resolved by the Court as to any Document designated as privileged or jointly privileged by the IP Parties or by the Debtors and Post-Effective Date Entities, such Document shall be segregated from the Documents, but maintained in accordance with paragraph 1. During this period, only members of the Review Team may have access to such segregated Documents. In addition, members of the Review Team are barred from discussing with anyone outside of the Review Team the contents or subject-matter of any Document(s) reviewed during the Review, except that they may participate in any Court hearing concerning privilege disputes to explain their positions, with any filings submitted by such Review Team member separately from those of the Parties with a request for filing under seal, and they may not work on this or any related matters subsequent to the resolution of any disputed privilege claims as set forth in paragraph six (6).

(8) The provisions of this Protective Order for Review and continued retention of Documents over which the IP Parties or the Debtors and Post-Effective Date Entities assert privileges shall not be deemed to effect a waiver of any attorney-client privilege, attorney work product protection, or any other legally recognized claim of privilege or protection that may currently apply to any of the Documents, and shall be without prejudice to any contention of a previous privilege waiver or future waiver by any of the Parties. As set forth in Fed. R. Civ. P. 26(b)(5)(B), if any privileged or otherwise protected document is not identified during the Review, the Party making a claim of privilege or protection may notify any Party that received the Document of the claim and the basis for it. After being notified, the non-claiming Parties must promptly return or sequester the specified Document and any copies it has and may not use or disclose the Document until the claim is resolved. A non-claiming Party may promptly present the Document to the Court under seal for a determination of the claim.

(9) Upon the effective date ("Effective Date") of the Plan, all Documents shall be turned over by Debtors to the Post-Effective Date Entities as their successors under the Plan, and they shall succeed to all of Debtors' rights and privileges and obligations hereunder, including Debtors' attorney-client and other privileges and Document retention obligations.

CUSTODY AND DUPLICATION OF PAPER DOCUMENTS

(10) Counsel for the Parties shall arrange for a vendor, under terms agreeable to the Parties, to image the paper Documents as the Review of Documents progresses, index and label them with control numbers, and mark as Confidential any Documents so designated. The IP Parties will bear one-half of the cost of this imaging, indexing and numbering process, and Debtors/Committees shall bear one-half of the cost. The image shall be made available to the Parties

on a password protected, web accessible database which shall be maintained by special litigation counsel for the USACM Unsecured Committee and the USACM Trust. All contracts or arrangements with vendors shall be reviewable by the Parties, and shall contain provisions that neither the IP Parties nor the Debtors/Committees shall be liable or responsible for the other Parties' portion of the bill. However, no Party shall charge or be charged fees for the hosting of the materials on the web accessible database. In addition, any costs associated with processing of materials after they are added to the database (such as any additional bates-stamping) shall be borne by the Party requesting the processing. The Documents designated by the IP Parties or the Debtors as solely privileged or otherwise protected will be imaged as well, but access to these Documents will be restricted to the IP Parties or Debtors/Committees, respectively, unless the designation is successfully challenged.

(11) The original non-privileged paper Documents shall be retained at a storage site in or around Las Vegas, Nevada, or such other venue as agreed upon by the Parties, which is controlled by Debtors or Post-Effective Date Entities as their successors. Debtors or their successors shall not allow any Party to have access to the storage site (a) unless all Parties are present with their counsel, or (b) they waive their right to be present either in writing or by failure to indicate their desire to be present within five (5) business days of receiving a written request to access the storage facility, and Debtors bind themselves and their successors to comply with such commitment themselves.

(12) An electronic copy of the non-privileged paper Documents shall be provided to each of the Parties, which may be accomplished via access to the secure website. The entry of this Order shall be deemed an order pursuant to the Federal Rules of Bankruptcy Procedure entered in

favor of the IP Parties against the Debtors, and in favor of the Debtors and the Committees as parties in interest against the IP Parties, respectively, requiring production of the Documents to the other respective Party as set forth herein.

(13) Once all issues of privilege have been resolved by the Court, counsel to the IP Parties shall be entitled to remove and retain the original hard copies of any paper Documents over which the Court has upheld their asserted sole privilege, and shall be obliged to retain such Documents until the later of (a) the dismissal of all litigation between any of the IP Parties and the Debtors or their successors; or (b) the close of all the bankruptcy cases. If such Documents are protected by a jointly held privilege, identical copies of such Documents shall be provided to each of the holders of the privilege, and the originals retained by Debtors in a segregated secure site.

ELECTRONIC FILES

(14) Debtors, and the USACM Trust (as defined in the Plan) as Debtors' successor, shall store and maintain original computers and electronic files, including servers and metadata, in their possession and control as of and after the petition date.

(15) Promptly after the Effective Date of the Plan (as defined in the Plan), the Debtors shall arrange for a vendor to image the electronic Documents that may be on the Debtors' computers, which also contain other electronic files and documents, index and label them with control numbers. The IP Parties will bear one-half of the cost of the imaging, indexing and numbering process for the electronic Documents made available to the IP Parties, and Debtors/Committees shall bear one-half of the cost. The image shall be made available to the Parties on a password protected, web accessible database which shall be maintained by special counsel for the USACM Unsecured Committee/litigation counsel for the USACM Trust. All contracts or

arrangements with vendors shall be reviewable by the Parties, and shall contain provisions that neither the IP Parties nor the Debtors/Committees shall be liable or responsible for the other Parties' portion of the bill. However, no Party shall charge or be charged fees for the hosting of the materials on the web accessible database. In addition, any costs associated with processing of materials after they are added to the database (such as any additional bates-stamping) shall be borne by the Party requesting the processing.

(16)     Although the Parties will have shared access to electronic Documents pursuant to this Protective Order, such sharing shall not constitute a waiver of any attorney-client privilege, attorney work product protection, or any other legally recognized claim of privilege or protection that may currently apply to any of the Documents, but shall be without prejudice to any contention of a previous privilege waiver or future waiver by any of the Parties on any grounds other than shared access pursuant to this Protective Order.

(17)     Upon receiving access to the electronic Documents pursuant to paragraph 15, the Debtors and IP Parties may designate any such electronic Documents as Confidential or subject to privilege. After a designation of privilege by the IP Parties or the Debtors, and until all of the issues of privilege have been resolved by the Court as to any electronic Document designated as privileged or jointly privileged by a Party, any such Document shall be segregated from the electronic Documents but maintained within the database. Access to electronic Documents determined to be privileged shall be limited to the Party(ies) holding the privilege.

(18)     The provisions of paragraph eight (8) above shall apply equally to the electronic Documents.

WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Tel: (801) 364-1100  Fax: (801) 359-2320

THIRD-PARTY REQUESTS FOR DOCUMENTS

(19)    In addition to the obligations set forth in this Order, if any of the Parties receives any subpoena, request for production of documents within such Party's custody or control, or other similar legal process in this or any other proceeding (including any proceeding before any other court, legislature, regulatory agency, law enforcement agency or administrative body), the Party receiving the third-party subpoena, request, or other legal process shall provide prompt notice of such to the other Parties, unless the Party receiving the third-party subpoena also receives an admonition, order, warning or directive from any Court, legislature, governmental or regulatory agency, law enforcement agency, administrative body, or prosecutor not to provide such notice.  In that event, the receiving Party shall advise the requesting entity of this order, and ask whether disclosure is legally barred.  The receiving Party may rely on the requesting entity's representation of such a legal bar.  The receiving Party may choose not to disclose the receipt or existence of the subpoena, request or similar legal process if the requesting entity advises it will obtain a determination of such a legal bar.  If the receiving Party is advised there is no legal bar, or no request for non-disclosure to the other Parties is made, notice shall be given to other Parties of the receipt or the existence of the subpoena, request or similar legal process to enable such Parties to seek a protective order preventing disclosure of Documents on grounds of privilege or otherwise.  The receiving Party shall further refrain from producing Confidential Documents unless such third-party agrees to enter into and be bound by an appropriate confidentiality agreement or unless otherwise required by legal bar or by a court order, and may redact personal information about investors and direct lenders unless required by court order.  The Party asserting that a document is Confidential shall be responsible for seeking an order protecting that designation if no agreement is reached.

(20)	In the event that any of the Parties is served with a search warrant requiring immediate access to the Documents, the receiving party will (a) inform the law enforcement authorities serving the search warrant of the existence of the Order and the procedure in place by which the Parties may assert privilege claims over the Documents; and (b) notify the other Parties immediately upon execution of the search warrant, subject to the exceptions and conditions in paragraph nineteen (19).

(21)	No Party may disclose any Confidential Document to any third-party in response to an oral or informal request unless such third-party agrees to enter into and be bound by an appropriate confidentiality agreement. However, the Parties acknowledge that because the Committees are Parties to and are bound by this Order, and that they are binding the DTDF Post-Effective Date Committee and USACM Trust Committee, the Debtors may freely share all non-privileged Documents, including Confidential Documents, with the Committees and the DTDF Post-Effective Date Committee and USACM Trust Committee, and those committees may share such information with their boards or committee members to the extent that such board or committee members have executed a confidentiality agreement with its committee.

FILING OF CONFIDENTIAL DOCUMENTS

(22)	In the event that counsel for any of the Parties intends to file or submit any of the Confidential Documents to this Court or any other court, the filing Party shall either (a) advise all other Parties of this intention at least five (5) business days prior to any such proposed filing; or (b) request a court order authorizing it to file any such Confidential Documents under seal. The Parties will endeavor in good faith to resolve any objections to the inclusion of such Documents in the filing. To the extent that the Parties are unable to resolve such objections, any Party objecting to

such filing shall seek relief before the court in which the Confidential Documents have been, or are to be, filed.

(23) Any copies (including electronic copies) of the Confidential Documents shall be treated as if they were part of the Confidential Documents in the first instance and shall be treated in accordance with the provisions of this Order.

ADDITIONAL DESIGNATIONS

(24) Additional documents, including electronic documents, to which the IP Parties claim a right to access that have not yet been segregated, will remain at the Offices or if Debtors relocate, will be moved to their new business offices, and to the extent that the Parties may agree, the IP Parties may designate additional documents to fall within the scope of this Order and its provisions for review, determination and treatment of Documents, except that the Parties agree that the Debtors will use their best efforts to make available to the IP Parties access to imaged copies of all paper accounting Documents for the following IP entities, to the extent located in the Offices, within thirty (30) days after execution of an agreement for imaging pursuant to paragraph 10 of this Order:

- USA Investment Partners and all joint ventures in which it was or is a member
- Amblamo, LLC
- Eagle Ranch
- Haspinov
- Housing Partners
- Institutional Equity Partners
- Lucid Land Development
- Opaque Land Development
- Pecos Professional Park
- PERUSA
- South Meadows Apartments
- Tanamera Apartments

- Tanamera Development
- Tanamera Resort Partners
- Toblak, LLC
- Tree Moss Partners
- USA Commercial Real Estate Group
- USA Development
- Happy Valley
- USA Investors VI
- VAudio

(25)    Debtors shall, no later than 30 days after the Effective Date of the Plan, make available all files (including those on any back-up tapes or other stored media) including e-mail files and any files on the hard drives of any desktop and laptop computers of Milanowski and Mr. Thomas Hantges pursuant to the imaging and web access procedures herein.  The images of these electronic files will first be filtered using a list of search terms agreed upon among the Parties.  The files identified as containing such search terms shall be reviewed utilizing the taint team procedure set forth in paragraph 3.  The review of the electronic documents identified as containing the search terms will be limited to two days.    No electronic data on these computers shall be produced to third-parties until such agreed-upon review of such electronic data has occurred, unless otherwise ordered by the Court upon notice to the Parties.

DISPOSITION OF DOCUMENTS

(26)    Unless otherwise agreed to by the Parties, within three (3) years after the Effective Date of the Plan or dismissal of these bankruptcy cases, whichever occurs first, Debtors and/or Debtors' successors and the IP Parties will make good faith efforts to reach an agreement as to the disposition of any of the Documents, including any copies, excerpts, summaries, abstracts or

analyses, and any such agreement must be approved by this Court. To the extent that they cannot reach any such agreement, any Party may make a motion to the Court.

SCOPE OF PROTECTIVE ORDER

(27) This Protective Order may be amended from time to time as necessary or appropriate. Third-party subpoenas and/or requests for the Documents or information subject to this Protective Order may require a separate and different Protective Order, subject to motion made by one of the Parties hereto.

SUCCESSORS

(28) This Order shall be binding upon the successors to each of the Parties including the Debtors' successors as provided in the Plan, and such successor shall have all of the rights and obligations of a Party hereto.

NO DETERMINATION OF PRIVILEGE

(29) Nothing herein shall be deemed to be a determination of the existence or waiver of any privilege, or affect the legal rights of a bankruptcy trustee of any of the IP Parties.

NOTICES

(30) Any notice provided pursuant to this Order shall be provided as follows, or to such other addresses as a Party may designate in writing:

(a) If to the Debtors, by electronic mail and facsimile to: Elaine A. Monson, Esq., emonson@rqn.com, (801) 532-7543; and Allan T. Brinkeroff, Esq., abrinkerhoff@rqn.com, (801) 532-7543;

(b) If to USAIP or Mr. Milanowski, by electronic mail and facsimile to: Douglas E. Griffith, Esq., dgriffith@kesler-rust.com, (801) 531-7965; Kenneth M. Breen,

Esq., kbreen@fulbright.com, (212) 318-3400; and Russell S. Walker, rwalker@woodburykesler.com, (801) 359-2320;

(c) If to the USACM Unsecured Committee, the USACM Trust or USACM Trust Committee, by electronic mail and facsimile to: Rob Charles, Esq., RCharles@LRLaw.com, (702) 949-8321; Allan Diamond, Esq., adiamond@diamondmccarthy.com, (713) 333-5104; Eric Madden, Esq., emadden@diamondmccarthy.com (214) 389-5306; and Geoffrey Berman, gberman@dsi.biz, (213) 617-2717.

(d) If to the Diversified Committee, Post-Effective Date DTDF or Post-Effective Date DTDF Committee, by electronic mail and facsimile to: Michael A. Tucker, Michael.Tucker@FTIConsulting.com, (602) 744-7110; and Marc A. Levinson, malevinson@orrick.com, (916) 329-4900.

STIPULATED and AGREED to this 30th day of January, 2007.

| | |
|---|---|
| **ORRICK, HERRINGTON & SUTCLIFFE, LLP** | **RAY, QUINNEY & NEBEKER** |
| By:   /s/ Marc A. Levinson<br>Marc A. Levinson<br>*Counsel for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC* | By:   /s/ Elaine Monson<br>Elaine Monson<br>*Attorneys for the Debtors and Debtors in Possession* |
| **LEWIS AND ROCA, LLP** | **WOODBURY & KESLER, P.C.** |
| By:   /s/ Rob Charles<br>Rob Charles, Esq.<br>*Counsel for the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company* | By:   /s/ Russell S. Walker<br>Russell S. Walker<br>*Attorney for USA Investment Partners, LLC Joseph Milanowski, and Thomas Hantges* |

**IT IS SO ORDERED**

PREPARED AND SUBMITTED by:
**WOODBURY & KESLER, P.C.**

   /s/ Russell S. Walker
Russell S. Walker
*Attorneys for USA Investment Partners, LLC, Joseph Milanowski and Thomas Hantges*

###

WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Tel: (801) 364-1100   Fax: (801) 359-2320