GRMJ:\4695\009\Bankruptcy Pleadings\MoIntervene1-31-07.doc 01/31/07

**HANEY, WOLOSON & MULLINS**
Wade B. Gochnour, Esquire
Nevada Bar No. 6314
Aryn M. Fitzwater, Esquire
Nevada Bar No. 8802
1117 South Rancho Drive
Las Vegas, Nevada 89102
Telephone: (702) 474-7557
Telecopier: (702) 474-7009
WadeG@hwmlvlaw.com
afitzwater@hwmlvlaw.com

**WHITE AND WILLIAMS LLP**

Steven E. Ostrow, Esquire

PA Bar ID # 50568
1800 One Liberty Place
Philadelphia, PA 19103-7395
Telephone: (215) 864-7000
Telecopier: (215) 864-7123
ostrows@whiteandwilliams.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S 06-10725 (LBR)<br>Case No. BK-S 06-10726 (LBR)<br>Case No. BK-S 06-10727 (LBR)<br>Case No. BK-S 06-10728 (LBR)<br>Case No. BK-S 06-10729 (LBR) |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Chapter 11 |
| In re:<br>USA Capital First Trust Deed Fund, LLC,<br>Debtor. | **Jointly Administered Under<br>Case No. BK-S-06-10725 LBR** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>\_\_\_\_ All Debtors<br>\_X\_\_USA Commercial Mortgage Company<br>\_\_\_\_\_USA Securities, LLC<br>\_\_\_\_\_USA Capital Realty Advisors, LLC<br>\_\_X\_USA Capital Diversified Trust Deed Fund, LLC<br>\_\_\_\_\_USA First Deed Fund, LLC | |
| USA COMMERCIAL MORTGAGE COMPANY, et al.,<br>Plaintiffs,<br>vs.<br>HMA SALES, LLC, et al.,<br>Defendants | **Adversary No. 06-01256-LBR**<br><br>**LIBERTY BANK'S MOTION TO INTERVENE** |

- 1 -

HANEY, WOLOSON & MULLINS
1117 South Rancho Drive
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

Petitioner, Liberty Bank ("Liberty"), by and through its undersigned attorneys, hereby moves to intervene in the above-captioned adversary proceeding (the "Suit") pursuant to Federal Rule of Bankruptcy Procedure 7024, and in support thereof alleges as follows:

## PRELIMINARY STATEMENT

1.    In the Suit, plaintiffs seek, inter alia, relief with respect to certain moneys paid and/or to be paid from the sale (the "Royal Hotel Sale") of the Royal Hotel located at 99 Convention Center Drive, Las Vegas, Nevada (the "Royal Hotel"), formerly owned by defendant HMA Sales, LLC ("HMA Sales"). As the Bankruptcy Court is now aware, the sale of the Royal Hotel closed on December 22, 2006 (the "First Closing").

2.    Liberty has a direct interest in such sale proceeds and the Royal Hotel because Liberty is a secured lender of HMA Sales. In support of this Motion, Liberty relies upon and incorporates herein by reference the Statement of Claim (the "Statement of Claim") attached hereto as Exhibit A, and the Declaration of Jason M. Gordon in Support of Liberty Bank's Motion to Intervene (the "Gordon Decl.").

3.    The First Closing occurred without Liberty's prior knowledge or consent and Liberty's loan was not paid-off at such closing. Consequently, Liberty retains all of its security interests, liens and deed of trust encumbering, inter alia, the sale proceeds and a portion of the Royal Hotel. As more fully set forth in the Statement of Claim, Liberty's loan is required to be paid in full from the proceeds of the sale prior to any payments or disbursements arising therefrom to plaintiffs USA Commercial Mortgage Company ("USACM") and USA Capital Diversified Trust Deed Fund, LLC ("USA Capital", together with USACM, collectively the "Debtors"), HMA Sales and their officers, managers, members, agents, escrow agents and all other persons or entities acting on their behalf.

HANEY, WOLOSON & MULLINS
1117 South Rancho Drive
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

4.      Liberty's secured interests in the Royal Hotel and sale proceeds are directly and adversely affected in the Suit and are not adequately represented by any of the parties.  This is because the Debtors seek to enjoin and obtain liens against the sale proceeds in order to recover funds owed under a Promissory Note in the amount of $58,374,918 (the "USAIP Note") executed by USA Investment Partners, LLC ("USAIP").  USAIP is a member of HMA Sales and guarantor of Liberty's loan.  Absent intervention, Liberty's rights, liens and secured interests in its collateral may be seriously impaired and cannot be adequately protected.

## LIBERTY'S LOAN

5.      HMA Sales and Liberty entered into a $10,000,000.00 Receivables Loan Agreement dated as of November 15, 2004 (as amended, the "Receivables Loan Agreement"). USACM and non-debtor USAIP each guaranteed, as sureties, HMA Sales' obligations under the Receivables Loan Agreement.  Capitalized terms not otherwise defined in this Motion shall have the meanings set forth in the Receivables Loan Agreement attached as Exhibit A to the Gordon Decl.

6.       Under the terms of the Receivables Loan Agreement, Liberty provided financing up to $10,000,000.00 (the "Receivables Loan") for HMA Sales' sale of time-share interests at the Royal Hotel.

7.      The Royal Hotel is situated on the following two separately assessed parcels of real property: (a) APN # 162-09-812-002 ("Parcel 1"); and (b) APN # 162-09-812-003 (the "Air Space Parcel").  The second through eighth floors of the Royal Hotel are situated on the Air Space Parcel, and the first floor of the Royal Hotel is located on a portion of Parcel 1.

8.      HMA Sales established the following two time-share programs within the Air Space Parcel (collectively, the "Time-Share Programs"): (a) Royal Vacation Suites, a time-

HANEY, WOLOSON & MULLINS
1117 South Rancho Drive
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

GRMF/14695.009/Bankruptcy Pleadings/Molntervene1-31-07.doc 01/31/07

share club membership program; and (b) Royal Vacation Suites II, a fee simple time-share program.

9.    The Receivables Loan is secured by, inter alia, the following agreements, assignments and instruments (collectively, the "Liberty Security Documents"):

(a)    Receivables Loan Agreement executed by HMA Sales and recorded UCC financing statements and amendments thereto;

(b)    Deed of Trust, Assignment of Rents and Proceeds, Security Agreement, Financing Statement and Fixture Filing ("Deed of Trust") by HMA Sales, LLC, as Trustor, to First American Title Insurance Agency, as Trustee, and Liberty Bank, as Beneficiary, dated July 6, 2005 and recorded July 8, 2005 in Book 20050708 at Doc/Inst. No. 2573 of Official Records;

(c)    Absolute Assignment of Rents, Leases, Agreements of Sale and Membership Agreements ("Assignment of Rents") by HMA Sales, LLC, to Liberty Bank, dated July 6, 2005 and recorded July 8, 2005 in Book 20050708 at Doc/Inst. No. 2574 of Official Records;

(d)    Guaranty Agreements (collectively, the "Guaranty Agreements") by USACM and USAIP to Liberty Bank, dated November 15, 2004; and

(e)    Subordination Agreements (collectively, the "Subordination Agreements") by USACM and USAIP to Liberty Bank, dated effective as of July 6, 2005.

True and correct copies of the Liberty Security Documents are attached as Exhibit A to the Gordon Decl.

10.    Under the applicable Liberty Security Documents:

a.    Liberty holds a first deed of trust, security interest and assignment of rents and proceeds against an undivided 10.990219% fee simple interest, as tenants in common, in the Air Space Parcel, together with all purchase agreements, notes, financing statements and guarantees now existing or hereinafter arising out of the sale and financing of Timeshare Interests by HMA Sales including, without limitation, the Timeshare Interests described in Exhibit B to the Deed of Trust; and

HANEY, WOLOSON & MULLINS
1117 South Rancho Drive
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

- 4 -

GRM/J:\4695\009\Bankruptcy Pleadings\MoIntervene1-31-07.doc 01/31/07

HANEY, WOLOSON & MULLINS
1117 South Rancho Drive
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

b.    USAIP and USACM each agreed: (i) to subordinate all Subordinated Debt (as defined in the Subordination Agreements) and all claims and demands arising therefrom to all of the Senior Debt (as defined in the Subordination Agreements) owed to Liberty; (ii) that all of the Senior Debt shall be paid in full before they may be paid anything on account of the Subordinated Debt or any sums payable in connection therewith; (iii) to assign to Liberty their interest in all Subordinated Debt and all security and guarantees therefor; (iv) to hold in trust for Liberty and to promptly pay or deliver to Liberty for application to or as collateral for the Senior Debt any payment, dividend or distribution of any kind out of the sale of any assets of HMA Sales which would otherwise be payable or deliverable with respect to the Subordinated Debt; and (v) with respect to the Subordinated Debt, not to accelerate, demand or receive payment, institute court proceedings or exercise any right or remedy against HMA Sales or its assets, or assign or deliver to any person or entity other than Liberty any Subordinated Debt or any evidence thereof or security or guaranty therefor, without Liberty's prior written consent.

11.    Numerous Events of Default have occurred under the Receivables Loan Agreement and Liberty Security Documents.  As a result, Liberty has accelerated the Receivables Loan and HMA Sales' obligations under the Receivables Loan Agreement.  As of January 24, 2007, the sum of $3,944,235.03, together with continuing legal fees, costs and expenses incurred on or after January 1, 2007, is due and owing under the Receivables Loan Agreement.  See Gordon Decl. ¶5.

## THE ROYAL HOTEL SALE

12.    HMA Sales agreed to sell and convey for the purchase price of $29,100,000.00 (the "Purchase Price") its interests in the Royal Hotel (including, without limitation, the Air Space Parcel and the development rights in the Time-Share Programs), pursuant to a Purchase

GRM\J:\4695\609\Bankruptcy Pleadings\Molsicrvene1-31-07.doc 01/31/07

and Sale Agreement dated as of May 22, 2006 (the "Sale Agreement") with Pacific Ocean

Management, LLC, as amended by a First Amendment to Purchase and Sale Agreement

executed as of December 14, 2006 (the "First Amendment", together with the Sale Agreement,

collectively the "P&S Agreement") with Royal Center Associates, LLC and Royal Resort

Enterprises, LLC (collectively, the "Buyers").  A true and correct copy of the P&S Agreement

is attached as Exhibit B to the Gordon Decl.

13.     At the First Closing, (a) HMA Sales conveyed to the Buyers, by bargain and sale

deed, title to the Royal Hotel (including the Air Space Parcel), and (b) the Buyers delivered in

escrow to First American Title Insurance Company ("First American"), as escrow agent, their

Promissory Note Secured by Deed of Trust in the face amount of $5,201,442.17 (the "Seller

Note") in favor of HMA Sales, securing the Buyers' promise to pay ninety days thereafter at a

second closing (the "Second Closing") the unpaid balance of the Purchase Price.  The Seller

Note is secured by Buyers' Deed of Trust against the Royal Hotel dated as of and recorded on

December 22, 2006, in favor of HMA Sales, as beneficiary (the "Seller Deed of Trust",

together with the Seller Note, collectively the "Seller Note & DOD").  True and correct copies

of the Seller Note & DOD are attached as Exhibit C to the Gordon Decl.

14.     Upon information and belief, First American, as escrow agent, also holds in

escrow the sum of $450,000.00 arising out of the First Closing, most of which is payable to

HMA Sales under the P&S Agreement.

15.     The Seller Note was placed in escrow with First American as security for HMA

Sales' obligation to pay in full Liberty's Receivables Loan on or before the Second Closing.

Under Section 6 of the First Amendment, the parties thereto agreed that the Royal Hotel

remains subject to the Liberty Deed of Trust and Liberty Assignment of Property Rights.  The

parties thereto further agreed that First American shall not release the proceeds of the Seller

HANEY, WOLOSON & MULLINS
1117 South Rancho Drive
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

- 6 -

1   Note unless and until First American receives reconveyances and releases, in recordable form,

2   of the Liberty Deed of Trust and Liberty Assignment of Property Rights so as to enable First

3   American to issue an endorsement to its title policy deleting the Liberty Bank Deed of Trust

4   and Liberty Bank Assignment of Property Rights from Schedule B of the title policy.

5

6   **LEGAL ARGUMENT**

7       16.     Liberty is entitled to intervene in the Suit, as of right and/or permissively,

8   pursuant to Federal Rule of Civil Procedure 24, made applicable to this adversary proceeding

9   by Federal Rule of Bankruptcy Procedure 7024.  Rule 24 provides, in pertinent part:

10

11              (a)     INTERVENTION AS OF RIGHT.  Upon timely
                application anyone shall be permitted to intervene in an action . .

12              . (2) when the applicant claims an interest relating to the property
                or transaction which is the subject of the action and the applicant

13              is so situated that the disposition of the action may as a practical
                matter impair or impede the applicant's ability to protect that

14              interest, unless the applicant's interest is adequately represented
                by existing parties.

15

16              (b)     PERMISSIVE INTERVENTION.  Upon timely
                application anyone may be permitted to intervene in an action . . .

17              (2) when an applicant's claim or defense and the main action
                have a question of law or fact in common. . . .

18

19   Fed.R.Civ.P. 24(a)-(b).

20       17.     The Air Space Parcel and the proceeds of the Royal Hotel Sale, which remain

21   encumbered by Liberty's liens, deed of trust and security interests, are the subject of this Suit.

22   Plaintiffs seek to enjoin and obtain liens and/or a constructive trust against such sale proceeds.

23

24       18.     On January 3, 2007, the Bankruptcy Court issued a Temporary Restraining

25   Order ("TRO-1"), enjoining the original defendants and their officers, managers, members,

26   escrow agents and all others acting on their behalf "from distributing any proceeds resulting

27   from the sale of the Royal Hotel Property until further order of this Court or expiration of this

28   TRO."  On January 19, 2007, the Bankruptcy Court entered a Stipulated Temporary

HANEY, WOLOSON & MULLINS
1117 South Rancho Drive
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

- 7 -

GRM/J/14695-009/Bankruptcy Pleadings/MoIntervene1-31-07.doc 01/31/07

Restraining Order ("TRO-2"), continuing the effect of TRO-1 until further order of the Court, and scheduling a hearing on March 2, 2007 on plaintiffs' motion for preliminary injunction and application for pre-judgment writ of attachment.

19.     Under the applicable Liberty Security Documents, Liberty holds a deed of trust, liens, security interests and/or assignments in, inter alia, the Air Space Parcel and the remaining sale proceeds paid or payable under the P&S Agreement including, without limitation, (i) the proceeds payable under the Seller Note, (ii) the sale proceeds payable to HMA Sales that are held or to be held in escrow by First American, and (iii) any and all sale proceeds that were paid and/or disbursed to other persons and entities and hereinafter are set aside, avoided and/or otherwise invalidated (all of the foregoing collateral and sale proceeds set forth in paragraph 19 herein are collectively referred to as the "Encumbered Collateral and Sale Proceeds").

20.     In its Statement of Claim, Liberty seeks a declaration of its rights under the Liberty Security Documents with respect to the Encumbered Collateral and Sale Proceeds including, without limitation, declarations:

        a.      that Liberty's rights, deed of trust, liens, assignments and security interests under the Liberty Security Documents have priority over any alleged claims and/or interests of the Debtors, HMA Sales and their officers, managers, members, agents, escrow agents and all other persons or entities acting on their behalf, with respect to the Encumbered Collateral and Sale Proceeds;

        b.      that Debtors, HMA Sales and their officers, managers, members, agents, escrow agents and all other persons or entities acting on their behalf, are barred and prohibited from receiving payment with respect to any of the Subordinated Debt from HMA Sales until all of Liberty's Senior Debt is paid;

HANEY, WOLOSON & MULLINS
1117 South Rancho Drive
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

- 8 -

GRM/J/54695-009/Bankruptcy Pleadings/Molntervene1-31-07.doc 01/31/07

HANEY, WOLOSON & MULLINS
1117 South Rancho Drive
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

c.      that Debtors, HMA Sales and their officers, managers, members, agents, escrow agents and all other persons or entities acting on their behalf, are required to hold in trust for Liberty and to promptly pay or deliver to Liberty for application to or as collateral for the Senior Debt any payment, dividend, proceeds or distribution of any kind with respect to the Subordinated Debt from HMA Sales; and

d.      that Debtors are required to assign to Liberty any liabilities and obligations asserted or alleged by Debtors to be owed by or from HMA Sales and its assets including, without limitation, the claims and interests asserted by Debtors against HMA Sales and its assets in this Suit, together with all security and guarantees therefor, until all of Liberty's Senior Debt is paid.

21.      Accordingly, absent Liberty's intervention, the adjudication of this Suit may as a practical matter impair or impede Liberty's ability to protect its rights, deed of trust, liens, assignments and security interests under the Liberty Security Documents against the Encumbered Collateral and Sale Proceeds.

22.      Further, the claims of Liberty and the Debtors in this Suit have questions of law or fact in common with respect to the various parties' claims and rights in the Encumbered Collateral and Sale Proceeds.

23.      No party to this action represents, let alone adequately represents, the interests of Liberty.

24.      This Motion is timely filed.  The Suit was commenced on December 25, 2006. On January 29, 2007, Debtors filed their Amended Complaint in this Suit.  None of the defendants have filed responses to date.  Liberty's intervention will not unduly delay or prejudice the adjudication of the rights of the parties.

GRM:U:\6679\009\Bankruptcy Pleadings\MoIntervene1-31-07.doc 01/31/07

## CONCLUSION

WHEREFORE, for the foregoing reasons, Liberty respectfully requests that the Bankruptcy Court (i) approve this Motion, (ii) permit Liberty to intervene in this action, as of right or, alternatively, permissively, and to file the Statement of Claim and (iii) grant such other and further relief as this Bankruptcy Court deems just and appropriate.

January 31, 2007

HANEY, WOLOSON & MULLINS

BY: _____

Wade B. Gochnour, Esquire
Nevada Bar No. 6314
Aryn M. Fitzwater, Esquire
Nevada Bar No. 8802
1117 South Rancho Drive
Las Vegas, Nevada 89102
Telephone: (702) 474-7557

-and-

WHITE AND WILLIAMS LLP
Steven E. Ostrow, Esquire
PA Bar ID # 50568
1800 One Liberty Place
Philadelphia, PA 19103-7395
Telephone: (215) 864-7000

Attorneys for Liberty Bank

HANEY, WOLOSON & MULLINS
1117 South Rancho Drive
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

# Exhibit  A

# Exhibit A

GRM/134693-097/Bankruptcy Pleadings/StatementClaim1-31-07.doc 01/31/07

1

**HANEY, WOLOSON & MULLINS**          **WHITE AND WILLIAMS LLP**

2     Wade B. Gochnour, Esquire
Nevada Bar No. 6314                              Steven E. Ostrow, Esquire

3     Aryn M. Fitzwater, Esquire
Nevada Bar No. 8802                              PA Bar ID # 50568

4     1117 South Rancho Drive                       1800 One Liberty Place
Las Vegas, Nevada 89102                       Philadelphia, PA 19103-7395

5     Telephone: (702) 474-7557                     Telephone: (215) 864-7000

6     Telecopier: (702) 474-7009                    Telecopier: (215) 864-7123
WadeG@hwmlvlaw.com                          ostrows@whiteandwilliams.com

7     afitzwater@hwmlvlaw.com

8

9                        **IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

10

11     In re:                                             Case No. BK-S 06-10725 (LBR)
USA COMMERCIAL MORTGAGE                    Case No. BK-S 06-10726 (LBR)

12     COMPANY,                                    Case No. BK-S 06-10727 (LBR)
                              Debtor.           Case No. BK-S 06-10728 (LBR)

13                                                        Case No. BK-S 06-10729 (LBR)
In re:

14     USA CAPITAL REALTY ADVISORS, LLC,
                              Debtor.           Chapter 11

15
In re:

16     USA Capital First Trust Deed Fund, LLC,     **Jointly Administered Under**
                              Debtor.           **Case No. BK-S-06-10725 LBR**

17
In re:

18     USA SECURITIES, LLC,
                              Debtor.

19
Affects:

20     _____ All Debtors
_X_ USA Commercial Mortgage Company

21     _____ USA Securities, LLC
_____ USA Capital Realty Advisors, LLC

22     _X_ USA Capital Diversified Trust Deed Fund, LLC
_____ USA First Deed Fund, LLC

23

24                                                       **Adversary No. 06-01256-LBR**
USA COMMERCIAL MORTGAGE

25     COMPANY, et al.,                             **LIBERTY BANK'S STATEMENT OF**
                              Plaintiffs,       **CLAIM**

26     vs.

27     HMA SALES, LLC, et al.,
                              Defendants

28

*Left margin vertical text:* HANEY, WOLOSON & MULLINS / 1117 South Rancho Drive / Las Vegas, Nevada 89102 / (702) 474-7557 / (702) 474-7009 Fax

- 1 -

GRM/I-3695-007/Bankruptcy Pleadings/StatementClaim1-31-07.doc 01/31/07

Intervenor, Liberty Bank ("Liberty"), by and through its undersigned attorneys, hereby files this Statement of Claim against defendant, HMA Sales, LLC ("HMA Sales"), and plaintiffs, USA Commercial Mortgage Company ("USACM"), and USA Capital Diversified Trust Deed Fund, LLC ("USA Capital", together with USACM, collectively the "Debtors"), and in support thereof alleges as follows:

## PARTIES AND JURISDICTION

1.      Liberty is a Connecticut non-stock mutual savings bank with offices located at 291 Main St., Middletown, CT 06457.

2.      The Bankruptcy Court has related to jurisdiction and venue over Liberty's claims against Debtors and HMA Sales pursuant to 28 U.S.C. §§1334(b) and §1409(a), respectively.

3.      Liberty's Statement of Claim presents a non-core proceeding that is related to the above-captioned jointly administered Chapter 11 bankruptcy cases (collectively, the "Bankruptcy Case") of the Debtors pending in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

4.      Liberty does not consent to the entry of final orders or judgment by the Bankruptcy Court.

## LIBERTY'S LOAN

5.      HMA Sales and Liberty entered into a $10,000,000.00 Receivables Loan Agreement dated effective as of November 15, 2004 (as amended, the "Receivables Loan Agreement").  Capitalized terms not otherwise defined in this Statement of Claim shall have the meanings set forth in the Receivables Loan Agreement.

6.      Debtor USACM and non-debtor USA Investment Partners, LLC ("USAIP") each guaranteed, as sureties, HMA Sales' obligations under the Receivables Loan Agreement.

- 2 -

GRM/234695-007/Bankruptcy Pleadings/StatementClaim1-31-07.doc 01/31/07

7.      Under the terms of the Receivables Loan Agreement, Liberty provided financing up to $10,000,000.00 (the "Receivables Loan") for HMA Sales' sale of certain time-share interests at the Royal Hotel located at 99 Convention Center Drive, Las Vegas, Nevada (the "Royal Hotel").

8.      The Royal Hotel is situated on the following two separately assessed parcels of real property: (a) APN # 162-09-812-002 ("Parcel 1"); and (b) APN # 162-09-812-003 (the "Air Space Parcel"). The second through eighth floors of the Royal Hotel are situated on the Air Space Parcel, and the first floor of the Royal Hotel is located on a portion of Parcel 1.

9.      HMA Sales established the following two time-share programs within the Air Space Parcel (collectively, the "Time-Share Programs"): (a) Royal Vacation Suites, a time-share club membership program; and (b) Royal Vacation Suites II, a fee simple time-share program.

10.     The Receivables Loan is secured by, inter alia, the following agreements, assignments and instruments (collectively, the "Liberty Security Documents"):

(a)     Receivables Loan Agreement executed by HMA Sales and recorded UCC financing statements and amendments thereto;

(b)     Deed of Trust, Assignment of Rents and Proceeds, Security Agreement, Financing Statement and Fixture Filing ("Deed of Trust") by HMA Sales, LLC, as Trustor, to First American Title Insurance Agency, as Trustee, and Liberty Bank, as Beneficiary, dated July 6, 2005 and recorded July 8, 2005 in Book 20050708 at Doc/Inst. No. 2573 of Official Records;

(c)     Absolute Assignment of Rents, Leases, Agreements of Sale and Membership Agreements ("Assignment of Rents") by HMA Sales, LLC, to Liberty Bank, dated July 6, 2005 and recorded July 8, 2005 in Book 20050708 at Doc/Inst. No. 2574 of Official Records;

(d)     Guaranty Agreements (collectively, the "Guaranty Agreements") by USACM and USAIP to Liberty Bank, dated November 15, 2004; and

(e)     Subordination Agreements (collectively, the "Subordination Agreements") by USACM and USAIP to Liberty Bank, dated effective as of July 6, 2005.

- 3 -

HANEY, WOLOSON & MULLINS
1117 South Rancho Drive
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

GRM/J:34695-009\Bankruptcy Pleadings\StatementClaim1-31-07.doc 01/31/07

True and correct copies of the Liberty Security Documents are attached hereto as Exhibit "A" and incorporated herein by reference.

       11.    Under the applicable Liberty Security Documents:

       a.    Liberty holds a first deed of trust, security interest and assignment of rents and proceeds against an undivided 10.990219% fee simple interest, as tenants in common, in the Air Space Parcel, together with all purchase agreements, notes, financing statements and guarantees now existing or hereinafter arising out of the sale and financing of Timeshare Interests by HMA Sales including, without limitation, the Timeshare Interests described in Exhibit B to the Deed of Trust; and

       b.    USAIP and USACM each agreed: (i) to subordinate all Subordinated Debt (as defined in the Subordination Agreements) and all claims and demands arising therefrom to all of the Senior Debt (as defined in the Subordination Agreements) owed to Liberty; (ii) that all of the Senior Debt shall be paid in full before they may be paid anything on account of the Subordinated Debt or any sums payable in connection therewith; (iii) to assign to Liberty their interest in all Subordinated Debt and all security and guarantees therefor; (iv) to hold in trust for Liberty and to promptly pay or deliver to Liberty for application to or as collateral for the Senior Debt any payment, dividend or distribution of any kind out of the sale of any assets of HMA Sales which would otherwise be payable or deliverable with respect to the Subordinated Debt; and (v) with respect to the Subordinated Debt, not to accelerate, demand or receive payment, institute court proceedings or exercise any right or remedy against HMA Sales or its assets, or assign or deliver to any person or entity other than Liberty any Subordinated Debt or any evidence thereof or security or guaranty therefor, without Liberty's prior written consent.

HANEY, WOLOSON & MULLINS
1117 South Rancho Drive
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

– 4 –

GRM/154695-009\Bankruptcy Pleadings\StatementClaim1-31-07.doc 01/31/07

12.    Numerous Events of Default have occurred under the Receivables Loan Agreement and Liberty Security Documents.  As a result, Liberty has accelerated the Receivables Loan and HMA Sales' obligations under the Receivables Loan Agreement.  As of January 24, 2007, at least the following sums are due and owing under the Receivables Loan Agreement:

| | |
|---|---:|
| **Principal of Receivables Loan** | **$3,616,048.53** |
| **Interest on Receivables Loan** | **159,819.13** |
| **Prepayment Fee for Receivables Loan (3%)** | **108,481.46** |
| **Balance of Loan Fee** | **27,132.63** |
| **Legal fees and costs** | **32,753.28** |
| Total | $3,944,235.03* |

*together with continuing legal fees, costs and expenses incurred on or after January 1, 2007.

## THE ROYAL HOTEL SALE

13.    HMA Sales agreed to sell and convey for the purchase price of $29,100,000.00 (the "Purchase Price") its interests in the Royal Hotel (including, without limitation, the Air Space Parcel and the development rights in the Time-Share Programs), pursuant to a Purchase and Sale Agreement dated as of May 22, 2006 (the "Sale Agreement") with Pacific Ocean Management, LLC, as amended by a First Amendment to Purchase and Sale Agreement executed as of December 14, 2006 (the "First Amendment", together with the Sale Agreement, collectively the "P&S Agreement") with Royal Center Associates, LLC and Royal Resort Enterprises, LLC (collectively, the "Buyers").  A true and correct copy of the P&S Agreement is attached hereto as Exhibit B and incorporated herein by reference.

14.    Without Liberty's prior knowledge or consent, upon information and belief HMA Sales held a first closing under the P&S Agreement on December 22, 2006 (the "First Closing"), at which (a) HMA Sales conveyed to the Buyers, by bargain and sale deed, title to

HANEY, WOLOSON & MULLINS
1117 South Rancho Drive
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

- 5 -

GRM\734693-009\Bankruptcy Pleadings\StatementClaim1-31-07.doc 01/31/07

the Royal Hotel (including the Air Space Parcel), and (b) the Buyers delivered in escrow to First American Title Insurance Company ("First American"), as escrow agent, their Promissory Note Secured by Deed of Trust in the face amount of $5,201,442.17 (the "Seller Note") in favor of HMA Sales, securing the Buyers' promise to pay ninety days thereafter at a second closing (the "second Closing") the unpaid balance of the Purchase Price.  The Seller Note is secured by Buyers' Deed of Trust against the Royal Hotel dated as of and recorded on December 22, 2006, in favor of HMA Sales, as beneficiary (the "Seller Deed of Trust", together with the Seller Note, collectively the "Seller Note & DOD").  True and correct copies of the Seller Note & DOD are attached hereto as Exhibit C and incorporated herein by reference.

15.    Upon information and belief, First American, as escrow agent, also holds in escrow the sum of $450,000.00 arising out of the First Closing, most of which is payable to HMA Sales under the P&S Agreement.

16.    The Seller Note was placed in escrow with First American as security for HMA Sales' obligation to pay in full Liberty's Receivables Loan on or before the Second Closing. Under Section 6 of the First Amendment, the parties thereto agreed that the Royal Hotel remains subject to the Liberty Deed of Trust and Liberty Assignment of Property Rights.  The parties thereto further agreed that First American shall not release the proceeds of the Seller Note unless and until First American receives reconveyances and releases, in recordable form, of the Liberty Deed of Trust and Liberty Assignment of Property Rights so as to enable First American to issue an endorsement to its title policy deleting the Liberty Bank Deed of Trust and Liberty Bank Assignment of Property Rights from Schedule B of the title policy.

17.    Liberty's Receivables Loan was not paid-off at the First Closing and remains immediately due and payable in full.

- 6 -

GRM/J:34693-009\Bankruptcy Pleadings\Statement\Claim1-31-07.doc 01/31/07

HANEY, WOLOSON & MULLINS
1117 South Rancho Drive
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

## LIBERTY'S CLAIMS

18.    Under the applicable Liberty Security Documents, Liberty holds a deed of trust, liens, security interests and/or assignments in, inter alia, the Air Space Parcel and the remaining sale proceeds paid or payable under the P&S Agreement including, without limitation, (i) the proceeds payable under the Seller Note, (ii) the sale proceeds payable to HMA Sales that are held or to be held in escrow by First American, and (iii) any and all sale proceeds that were paid and/or disbursed to other persons and entities and hereinafter are set aside, avoided and/or otherwise invalidated (all of the foregoing collateral and sale proceeds set forth in paragraph 18 herein are collectively referred to as the "Encumbered Collateral and Sale Proceeds").

19.    Liberty's rights, deed of trust, liens, security interests and/or assignments under the Liberty Security Documents have priority over any alleged claims and/or interests of the Debtors, HMA Sales and their officers, managers, members, agents, escrow agents and all other persons or entities acting on their behalf, with respect to the Encumbered Collateral and Sale Proceeds.

20.    Liberty's Receivables Loan is required to be paid in full out of the Encumbered Collateral and Sale Proceeds prior to any further disposition or payment of the same to the Debtors, HMA Sales and their officers, managers, members, agents, escrow agents and all other persons or entities acting on their behalf.

21.    The Encumbered Collateral and Sale Proceeds are not property of the Debtors' estates.  Rather, Debtors merely assert unsecured and unadjudicated claims against HMA Sales and have no property interest in, or lien against, the sale proceeds or the Royal Hotel (title to which has already been conveyed to the Buyers under and subject to the Liberty Security Documents).

- 7 -

GRM/J:4695-09/Bankruptcy Pleadings/StatementClaim1-31-07.doc 01/31/07

HANEY, WOLOSON & MULLINS
1117 South Rancho Drive
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

22.    Debtors claims arise out of funds allegedly loaned to and/or owed by USAIP (not Liberty's borrower, HMA Sales), pursuant to a Promissory Note executed by USAIP dated May 31, 2006, in the amount of $58,374,918.81 (the "USAIP Note").

23.    Pursuant to Liberty's rights under the Subordination Agreements, without Liberty's prior written consent, Debtors and USAIP are absolutely prohibited from receiving payment with respect to the Subordinated Debt from HMA Sales until all of Liberty's Senior Debt is paid.

24.    The Subordinated Debt includes, without limitation, all liabilities and obligations of any nature, whether or not contingent, existing at the time the Subordination Agreements were made or any time thereafter, of HMA Sales to USACM and USAIP.  The Subordinated Debt, therefore, expressly includes any liabilities and obligations asserted or alleged by Debtors and/or USAIP to be owed by or from HMA Sales and its assets including, without limitation, the claims asserted by Debtors against HMA Sales and its assets in this adversary proceeding.

25.    Liberty did not and does not consent to Debtors or USAIP receiving payment with respect to any of the Subordinated Debt from HMA Sales until all of Liberty's Senior Debt is paid.

26.    Under the Receivables Loan Agreement, HMA Sales is prohibited from selling any of its assets other than sales of Time-Share Interests in the ordinary course of business for fair consideration.

27.    Liberty is entitled to a declaration of its rights under the Liberty Security Documents with respect to the Encumbered Collateral and Sale Proceeds including, without limitation, declarations:

- 8 -

GRM/J:\4695-009\Bankruptcy Pleadings\Statement.Claim1-31-07.doc 01/31/07

a.    that Liberty's rights, deed of trust, liens, assignments and security interests under the Liberty Security Documents have priority over any alleged claims and/or interests of the Debtors, HMA Sales and their officers, managers, members, agents, escrow agents and all other persons or entities acting on their behalf, with respect to the Encumbered Collateral and Sale Proceeds;

b.    that Debtors, HMA Sales and their officers, managers, members, agents, escrow agents and all other persons or entities acting on their behalf, are barred and prohibited from receiving payment with respect to any of the Subordinated Debt from HMA Sales until all of Liberty's Senior Debt is paid;

c.    that Debtors, HMA Sales and their officers, managers, members, agents, escrow agents and all other persons or entities acting on their behalf, are required to hold in trust for Liberty and to promptly pay or deliver to Liberty for application to or as collateral for the Senior Debt any payment, dividend, proceeds or distribution of any kind with respect to the Subordinated Debt from HMA Sales; and

d.    that Debtors are required to assign to Liberty any liabilities and obligations asserted or alleged by Debtors to be owed by or from HMA Sales and its assets including, without limitation, the claims and interests asserted by Debtors against HMA Sales and its assets in this adversary proceeding, together with all security and guarantees therefor, until all of Liberty's Senior Debt is paid.

28.    Liberty will suffer immediate and irreparable injury if Liberty's rights, deed of trust, liens, assignments and security interests under the Liberty Security Documents against the Encumbered Collateral and Sale Proceeds are not protected by the Court.

29.    On January 3, 2007, the Bankruptcy Court entered a Temporary Restraining Order ("TRO-1"), enjoining the original defendants in this action and their officers, managers,

HANEY, WOLOSON & MULLINS
1117 South Rancho Drive
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

GRMJ:4695-009 Bankruptcy Pleadings\StatementClaim1-31-07.doc 01/31/07

members, escrow agents and all others acting on their behalf "from distributing any proceeds resulting from the sale of the Royal Hotel Property until further order of this Court or expiration of this TRO."

30.     On January 19, 2007, the Bankruptcy Court entered a Stipulated Temporary Restraining Order ("TRO-2"), continuing the effect of TRO-1 until further order of the Court, and scheduling a hearing on March 2, 2007 on plaintiffs' motion for preliminary injunction and application for pre-judgment writ of attachment.

31.     Liberty is entitled to relief from TRO-1 and TRO-2 to preserve, enforce and protect Liberty's senior rights, deed of trust, liens, assignments and security interests under the Liberty Security Documents and to permit the payment in full of Liberty's Receivables Loan out of the Encumbered Collateral and Sale Proceeds prior to any payments or disbursements arising therefrom to the Debtors, HMA Sales and their officers, managers, members, agents, escrow agents and all other persons or entities acting on their behalf.

WHEREFORE, for the foregoing reasons, Liberty respectfully demands judgment and/or an order against the Debtors and HMA Sales, jointly and severally:

(a)     Declaring Liberty's rights under the Liberty Security Documents with respect to the Encumbered Collateral and Sale Proceeds including, without limitation, declarations:

(i)     that Liberty's rights, deed of trust, liens, assignments and security interests under the Liberty Security Documents have priority over any alleged claims and/or interests of the Debtors, HMA Sales and their officers, managers, members, agents, escrow agents and all other persons or entities acting on their behalf, with respect to the Encumbered Collateral and Sale Proceeds;

(ii)     that Debtors, HMA Sales and their officers, managers, members, agents, escrow agents and all other persons or entities acting on their behalf, are barred and prohibited

HANEY, WOLOSON & MULLINS
1117 South Rancho Drive
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

GRM/J:34695-009:Bankruptcy Pleadings:Statement:Claim1-31-07.doc 01/31/07

receiving payment with respect to any of the Subordinated Debt from HMA Sales until all of Liberty's Senior Debt is first paid;

(iii)    that Debtors, HMA Sales and their officers, managers, members, agents, escrow agents and all other persons or entities acting on their behalf, are required to hold in trust for Liberty and to promptly pay or deliver to Liberty for application to or as collateral for the Senior Debt any payment, dividend, proceeds or distribution of any kind with respect to the Subordinated Debt from HMA Sales; and

(iv)    that Debtors are required to assign to Liberty any liabilities and obligations asserted or alleged by Debtors to be owed by or from HMA Sales and its assets including, without limitation, the claims and interests asserted by Debtors against HMA Sales and its assets in this adversary proceeding, together with all security and guarantees therefor, until all of Liberty's Senior Debt is first paid.

(b)    Vacating and/or modifying TRO-1, TRO-2 and any other relief granted in this action to preserve and protect Liberty's senior rights, deed of trust, liens, assignments and security interests under the Liberty Security Documents and Liberty's right to payment in full of Liberty's Receivables Loan out of the Encumbered Collateral and Sale Proceeds prior to any payments or disbursements related thereto or arising therefrom to the Debtors, HMA Sales and their officers, managers, members, agents, escrow agents and all other persons or entities acting on their behalf;

(c)    Enjoining Debtors, HMA Sales and their officers, managers, members, agents, escrow agents and all other persons or entities acting on their behalf, from (i) violating the Subordination Agreements, receiving payment with respect to any of the Subordinated Debt from HMA Sales until all of Liberty's Senior Debt is paid, and/or (ii) interfering with, impairing, encumbering, transferring, dissipating or otherwise receiving, taking possession or

HANEY, WOLOSON & MULLINS
1117 South Rancho Drive
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax

- 11 -

GRM\13469-009\Bankruptcy Pleadings\StatementClaim1-31-07.doc 01/31/07

disposing of any of the Encumbered Collateral and Sale Proceeds, until Liberty's Receivables Loan is first paid in full;

(d)     Declaring that the relief granted to Liberty does not operate to release or discharge any lien, deed of trust or security interest in favor of Liberty securing the Receivables Loan unless such relief results in the payment in full of the Receivables Loan; and

(e)     Granting such other and further relief as is just and appropriate to confirm and ensure that Debtors, HMA Sales and their officers, managers, members, agents, escrow agents and all other persons or entities acting on their behalf, do not receive and/or recover any of the Encumbered Collateral and Sale Proceeds, until Liberty's Receivables Loan is first paid in full.

Dated: January 31, 2007

Respectfully submitted,

**HANEY, WOLOSON & MULLINS**

By: _____

Wade B. Gochnour, Esquire
Nevada Bar No. 6314
Aryn M.Fitzwater, Esquire
Nevada Bar No. 8802
1117 South Rancho Drive
Las Vegas, Nevada 89102
Telephone: (702) 474-7557

-and-

**WHITE AND WILLIAMS LLP**
Steven E. Ostrow, Esquire
PA Bar ID # 50568
1800 One Liberty Place
Philadelphia, PA 19103-7395
Telephone: (215) 864-7000

Attorneys for Liberty Bank

HANEY, WOLOSON & MULLINS
1117 South Rancho Drive
Las Vegas, Nevada 89102
(702) 474-7557
(702) 474-7009 Fax