ELECTRONICALLY FILED
FEBRUARY 2, 2007

| | |
|---|---|
| STUTMAN, TREISTER & GLATT, P.C. | SHEA & CARLYON, LTD. |
| FRANK A. MEROLA | JAMES PATRICK SHEA |
| (CA State Bar No. 136934) | (Nevada State Bar No. 000405) |
| EVE H. KARASIK | CANDACE C. CARLYON |
| (CA State Bar No. 155356) | (Nevada State Bar No. 002666 |
| CHRISTINE M. PAJAK | SHLOMO S. SHERMAN |
| (CA State Bar No. 217173) | (Nevada State Bar No. 009688) |
| 1901 Avenue of the Stars, 12th Floor | 228 South Fourth Street, First Floor |
| Los Angeles, CA 90067 | Las Vegas, Nevada 89101 |
| Telephone: (310) 228-5600 | Telephone: (702) 471-7432 |
| E-mail:   fmerola@stutman.com | E-mail:   jshea@sheacarlyon.com |
|          ekarasik@stutman.com |          ccarlyon@sheacarlyon.com |
|          cpajak@stutman.com |          ssherman@sheacarlyon.com |

*Counsel for the Official Committee of Equity Security Holders of
USA Capital First Trust Deed Fund, LLC*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY<br>    Debtor | ) BK-S-06-10725-LBR<br>) Chapter 11<br>) |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>    Debtor | ) BK-S-06-10726-LBR<br>) Chapter 11<br>) |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>    Debtor | ) BK-S-06-10727-LBR<br>) Chapter 11<br>) |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>    Debtor. | ) BK-S-06-10728-LBR<br>) Chapter 11<br>) |
| In re:<br>USA SECURITIES, LLC,<br>    Debtor. | ) BK-S-06-10729-LBR<br>) Chapter 11<br>) |
| Affects<br>☐ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☒ USA First Trust Deed Fund, LLC | )<br>) **OST REQUESTED FOR:**<br>)<br>) DATE: February 15, 2007<br>) TIME:  9:30 a.m.<br>) |

**MOTION BY THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND LLC TO ESTIMATE AN ADEQUATE RESERVE FOR UNLIQUIDATED AND DISPUTED CLAIMS IN ORDER TO PERMIT FURTHER DISTRIBUTIONS TO FTDF MEMBERS**

The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases") hereby files its Motion to Estimate an Adequate Reserve for Unliquidated and Disputed Claims in Order to Permit Further Distributions to FTDF Members (the "Motion").

This Motion is made and based on the pleadings, papers and records on file in the Chapter 11 Cases, the exhibits and Points and Authorities attached hereto, and any evidence and oral argument to be presented at the time of the hearing of Motion.

DATED this ___ day of February, 2007.

SHEA & CARLYON, LTD.

JAMES PATRICK SHEA
CANDACE C. CARLYON
SHLOMO S. SHERMAN
233 South Fourth Street, Second Floor
Las Vegas, Nevada 89101

and

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA
EVE H. KARASIK
CHRISTINE M. PAJAK
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

SHEA & CARLYON, LTD.
228 S. Fourth Street, First Floor
Las Vegas, Nevada 89101
(702) 471-7432

## POINTS AND AUTHORITIES

### I.

### BACKGROUND

On April 13, 2006, petitions for relief under Chapter 11 of the Bankruptcy Code were filed by the following entities (collectively, the "Debtors"):

USA Commercial Mortgage Company ("USACMC")

USA Capital Realty Advisors, LLC ("USA Realty")

USA Capital Diversified Trust Deed Fund ("Diversified")

USA Capital First Trust Deed Fund, LLC ("FTDF")

USA Securities, LLC ("USA Securities")

USACMC was in the business of brokering and servicing loans (the "Loans") on behalf of certain lenders (the "Lenders"). The Lenders who have acquired interests in loans brokered and serviced by USACMC include both individual Lenders ("Direct Lenders"), and the two funds, FTDF and Diversified (collectively, the "Funds"). The Funds, in turn, are owned by a group of individual members (the "Members," and each, a "Member") who have acquired interests in the Funds in the form of units ("Interests"). These Members represent the respective constituencies of the two Fund Committees.

The majority of both the Members and Direct Lenders are individuals who have invested their savings in the Loans, and who, up until the bankruptcy, relied upon the income generated by the Loans.

Recognizing that the Members and Direct Lenders were counting upon the regular distributions from the Debtors, on August 24, 2006, the Court entered an Order…Granting…Debtors' Motion to Distribute Funds (Docket # 1184), and subsequently, on October 2, 2006, a Modified Order Authorizing Interim Distributions and Holdbacks

3

(Docket # 1424; collectively, the "Distribution Order"). There is currently a gross amount in excess of $10 million held by FTDF from loan collections.

The Distribution Order established procedures for making interim distributions to both Members and Direct Lenders throughout the pendency of the bankruptcy cases. Pursuant to the Distribution Order, monthly distributions were to be made by USACMC to FTDF, which, in turn was:

> authorized, after establishing a reserve that the FTD Fund and the FTD Fund Committee deem to be sufficient to pay all accrued administrative expenses through the end of the subject month and all scheduled or asserted unsecured claims, to distribute remaining available funds to Fund Members of the FTD Fund.

Distribution Order, Docket #1424, ¶ 5.

Additionally, on January 9, 2007, the Court entered its order confirming the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan") as amended therein. Pursuant to Section VII(B) of the Plan, following the occurrence of the Effective Date:

> Prior to making any distribution on Allowed Claims and Equity Interests, the Post-Effective Date Entities..., the FTDF Committee (to the extent it is still in existence) or FTDF (for the benefit of and on behalf of the FTDF Estate), ...shall establish a Cash reserve for each Disputed Claim and Equity Interest, including unclassified Claims. Except as provided below, the Cash reserve for a Disputed Claim or Equity Interest shall be equal the amount set forth in the proof of Claim or Equity Interest, or if no proof of Claim or Equity Interest has been Filed, the amount set forth for the Claim or Equity Interest on the Schedules.

In connection with such distributions, FTDF is establishing reserves for all scheduled or filed claims, as well as accrued administrative claims. The Court has sustained objections interposed by the FTDF Committee to many of the claims originally filed against FTDF.

SHEA & CARLYON, LTD.
228 S. Fourth Street, First Floor
Las Vegas, Nevada 89101
(702) 471-7432

4

However, there remain many claims for which objections have not yet been filed[1] and that remain unliquidated, as well as three claims (the "Kantor Claims") which are the subject of objection set for continued hearing on March 1, 2007 (collectively the "Unliquidated Claims"). A detailed listing of the Unliquidated Claims is attached hereto as **Exhibit "1"**, and is incorporated herein by reference. Exhibit 1 also sets forth FTDF's analysis of the basis of each Unliquidated Claim, and the amount requested to be set as reserve.

Claims 89, 90, 91, 96 and 97 appear to be equity interests in FTDF; Movant requests that such Claimants participate as equity holders pro rata with all FTDF investors in future distributions, but that the additional reserve for the asserted creditors' claims be set at $1.00. Claims 123 and 124 are for monies invested in DTDF alleging a common enterprise among the Debtors. As such claims were released by the Confirmed Plan, Movants request that the reserve amount for theses claims be set at $1.00. Claims 127, 128, 129, 136 and 137 are duplicate claims and Movant requests that the reserve amount be set at zero. Claims 146 and 147 appear to relate to Direct Lenders, and Movants request that the reserve amount on these claims be set at $1.00.

The FTDF Members have not received an interim distribution since September, 2006. Pursuant to the Distribution Order, distributions to FTDF Members were to have been made on a monthly basis. However, FTDF has not been able to determine the appropriate reserve due to the existence of Unliquidated Claims which have yet to be either liquidated or disallowed. As a result, FTDF has been unable to make the monthly distributions to its Members.

---

[1] An omnibus claims objection on full notice will be filed separately.

SHEA & CARLYON, LTD.
228 S. Fourth Street, First Floor
Las Vegas, Nevada 89101
(702) 471-7432

5

Therefore, for the reasons stated above as well as the legal authority cited below, the FTDF Committee requests that this Court estimate a sufficient reserve for any remaining Unliquidated Claims, in the amount set forth in Exhibit 1 hereto, such that FTDF will be permitted reserve distributions to its Members.

## II.

## LEGAL ARGUMENT

### A. The Court Should Estimate Unliquidated and Disputed Claims to Prevent Undue Delay to the Administration of the Case

Section 502(c)(1) of the Bankruptcy Code provides that "[t]here shall be estimated for the purpose of allowance under this section...any contingent or unliquidated claim, the fixing of which, as the case may be, would unduly delay the administration of the case."

With respect to effectuating the terms of Chapter 11 plan of reorganization in particular, "[p]ursuant to § 1142 of the title 11 of the United States Code...the Reorganized Debtors are directed to 'carry out the plan.' Section 1142 of the Bankruptcy Code also authorizes the court to 'direct the debtor and any other necessary party ⋯ to perform any ⋯ act ⋯ that is necessary for the consummation of the plan.'" In re Enron Corp., 2006 WL 544463, 2 (S.D.N.Y. 2006).

> Moreover, it has been noted that because a deferral of a distribution affects the efficient administration of a case, the possibility of such deferral provides a justification for estimation of a claim. See Mirant Corp., et al., Case No. 03-46590, Memorandum Order, p. 6 (Bankr. N.D. Tex. 2004). Thus, a meaningful distribution to those creditors who hold Allowed Claim is certainly a factor that the Court must consider.

Id. at 7. See also In re Adelphia Solutions, Inc., 341 B.R. 415, 423 (Bankr. S.D.N.Y. 2003) ("estimation of [Debtor's] administrative claims...is necessary and appropriate, because, in the absence of estimation, "the fixing or liquidation of" those claims "would unduly delay the

SHEA & CARLYON, LTD.
228 S. Fourth Street, First Floor
Las Vegas, Nevada 89101
(702) 471-7432

6

1  administration of the case." [Debtor] is unable to establish a cash reserve in an amount that
2  approaches what is anticipated to be the asserted aggregate amount of [Debtor's]
3  administrative claims. Estimation thus is an essential prerequisite to confirmation of the
4  Plan." Internal citations omitted).

5  As did the debtors which were granted relief in Enron, the FTDF Committee similarly
6  maintains that the relief sought in this Motion "is necessary to allow [it] to comply with the
7  Plan [and Distribution Order] provisions relating to periodic distributions to the holders of
8  allowed claims." Enron, 2006 WL 544463 at 3. Similar to the debtors in Enron, the FTDF
9  Committee is "currently maintaining a reserve for [Unliquidated Claims] that has no
10 correlation to any assessment of an actual amount for which they may ultimately be deemed
11 liable." Id. Finally, as the Enron debtors argued, "maintaining such a high reserve works a
12 hardship on [the FTDF Members] who expect that they will be provided with a meaningful
13 distribution at the next scheduled distribution." Id.

14 Accordingly, the FTDF Committee respectfully requests that the Court estimate a
15 sufficient reserve for the Unliquidated Claims referenced in this Motion.

**B.     The Court is Granted Broad Discretion in Estimating Claims**

"A court has broad discretion when estimating the value of an unliquidated claim." In re Corey, 892 F.2d 829, 834 (9th Cir. 1989). Additionally:

> Since the Bankruptcy Code and the Bankruptcy Rules are silent on the manner in which claims are to be estimated, bankruptcy judges are to use "whatever method is best suited to the particular contingencies at issue···· [W]here there is sufficient evidence on which to base a reasonable estimate of the claim, the bankruptcy judge should determine the value." Bittner v. Borne Chemical Co., Inc., 691 F.2d 134, 135 (3d Cir.1982).

In re Handy & Harman Refining Group, Inc., 262 B.R. 211, 215 (Bankr. D. Conn. 2001).

SHEA & CARLYON, LTD.
228 S. Fourth Street, First Floor
Las Vegas, Nevada 89101
(702) 471-7432

7

In this case, the FTDF Committee respectfully requests that the Court estimate a reserve for the Unliquidated Claims in the manner proposed in Exhibit 1 hereto.

### C. The Existence of the Remaining Asset Base Protects the Unliqudated Claim Creditors Pending Final Distribution

Establishing a reserve for the Unliquidated Claims in the amount requested in Exhibit 1 would in no way prejudice the rights of the claimants.

The FTDF Committee is optimistic that the pending sale of FTDF's loan portfolio to Compass Partners, LLC (the "Sale") will yet close in a timely fashion. If the sale closes, FTDF will be receiving an infusion of cash in excess of $36.5 million. Should the Court ultimately determine that the value of the Unliquidated Claims exceeds the amount set forth in Exhibit 1 hereto, the proceeds from the Sale will be more than sufficient to pay such claims.

If the Sale does *not* close, then FTDF will remain the owner of a loan portfolio with loan balances which, in the aggregate, exceed $49 million. The income that these loans can be expected to generate will be more than adequate to satisfy any of the Unliquidated Claims that may ultimately be liquidated and allowed against the FTDF estate.

Thus, there is no harm to the claimants of the Unliquidated Claims in setting a reserve in the amount proposed in Exhibit 1 until such time as the FTDF Committee's various claims objections are ultimately resolved. Moreover, the FTDF Committee recognizes that, if necessary, the Court may, at the hearing on March 31, 2007, revisit the issue or amount of the reserve against Effective Date distribution as to any Unliquidated Claim that is not resolved or liquidated at that hearing.

///

///

8

### III.
### CONCLUSION

For the reasons stated above, the FTD Committee respectfully requests that the Court estimate the amounts of the remaining Unliquidated Claims for the purpose of establishing a sufficient reserve to permit FTDF to make further distribution to FTDF its Members, in the amounts set forth in Exhibit 1 hereto.

DATED this 2nd day of February, 2007.

SHEA & CARLYON, LTD.



JAMES PATRICK SHEA
CANDACE C. CARLYON
SHLOMO S. SHERMAN
233 South Fourth Street, Second Floor
Las Vegas, Nevada 89101

and

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA
EVE H. KARASIK
CHRISTINE M. PAJAK
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

*SHEA & CARLYON, LTD.*
228 S. Fourth Street, First Floor
Las Vegas, Nevada 89101
(702) 471-7432

**EXHIBIT "1"**

| Claim No | Claimant | | Claim amount | Type | Description | Equity Amount | Reserve | Comments |
|---|---|---|---|---|---|---|---|---|
| 89 | William M. Spangler | | $20,000.00 | Secured | Equity/Interest | $20,000.00 | $1 of $20,000 | In addition to reserve as general claim; claimant to participate in investor distributions based on equity interest |
| 90 | William M. Spangler Jean A Spangler | | $100,000.00 | Secured | Equity/Interest (plus damages) | $100,000.00 | $1 of $100,000 | In addition to reserve as general claim; claimant to participate in investor distributions based on equity interest |
| 91 | Jean A Spangler | | $10,678.50 | Secured | Equity/Interest (plus damages) | $10,678.50 | $1 of $10,678.50 | In addition to reserve as general claim; claimant to participate in investor distributions based on equity interest |
| 96 | OVCA Associates Inc Defined Pension Plan | c/o William J Ovca Jr Trustee | $17,957.79 | Secured | Equity/Interest (plus damages) | $17,267.00 | $1 of $17,267 | In addition to reserve as general claim; claimant to participate in investor distributions based on equity interest |
| 97 | First Saving Bank c/f Gail Hodes IRA Kantor Nephrology Consultants, Ltd. | c/o Michael M. Schmal, Attorney | $35,143.89 | Secured | Equity/Interest (plus damages) | $33,792.00 | $1 of $33,792.00 | In addition to reserve as general claim; claimant to participate in investor distributions based on equity interest |
| 123 | 401(K) PSP, Gray | c/o Michael M. Schmal, Attorney | Unliquidated | Unsecured | Joint and Several Liability | | $1 | Investment is in DTDF |
| 124 | Dr. Gary Kantor | c/o Michael M. Schmal, Attorney | Unliquidated | Unsecured | Joint and Several Liability | | $1 | Investment is in DTDF |
| 125 | Lynn M. Kantor | c/o Michael M. Schmal, Attorney | Unliquidated | Unsecured | Joint and Several Liability | | $1 | Investment is in DTDF |
| 127 | William M. Spangler | | $20,000.00 | Secured | Equity/Interest | Duplicate | $0 | Duplicative of Claim 89 |
| 128 | Jean A Spangler | | $10,678.50 | Secured | Equity/Interest | Duplicate | $0 | Duplicative of Claim 90 |
| 129 | William M. Spangler | | $20,000.00 | Secured | Equity/Interest | Duplicate | $0 | Duplicative of Claim 91 |
| 136 | OVCA Associates Inc Defined Pension Plan | c/o William J Ovca Jr Trustee | See attachment to claim | Unsecured | Equity/Interest (plus damages) | Duplicate | $0 | Duplicative of Claim 96 |
| 137 | First Savings Bank c/f Gail Hodes IRA | Servicing Agent Daniel R and | See attachment to claim | Unsecured | Equity/Interest (plus damages) | Duplicate | $0 | Duplicative of Claim 97 |
| 146 | Halseth Family Trust Totally Restated 4/21/00 | Sandra K Halseth, Trustees | See attached | Secured and Unsecured | Direct Lender claim asserts claim against all debtors for all amounts owed and for all other damages | | $1 | No claim against FTDF |
| 147 | Katrine Mirzaian | | 344,011.56 | Secured | Direct Lender asserts claim for money loaned, plus interest and/or diverted principal or interest | | $1 | No claim against FTDF |