Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

**E-FILED on February 5, 2007**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In re: | |
|---|---|
| USA COMMERCIAL MORTGAGE COMPANY, Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC, Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC, Debtor. | **DEBTORS' OPPOSITION TO THE MOTION FOR RELIEF FROM STAY TO TERMINATE LOAN SERVICING AGREEMENT FOR COLT GATEWAY LOAN FILED BY ESTATE OF DANIEL TABAS AND FERRITA ENTERPRISES, INC.** |
| In re:<br>USA SECURITIES, LLC, Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | Date: February 15, 2007<br>Time: 9:30 a.m. |

USA Commercial Mortgage Company ("USACM") and USA Capital Diversified Trust Deed Fund, LLC ("DTDF") hereby file their opposition to the Motion for Relief from the Automatic Stay to Terminate the Loan Servicing Agreement for the Direct Loan to Colt Gateway LLC ("Motion") filed by the Estate of Daniel Tabas and Ferrita Enterprises, Inc. (collectively the "Movants"), and states as follows:

## I.  FACTUAL BACKGROUND

1. On April 13, 2006 (the "Petition Date"), USACM and DTDF, along with USA Capital First Trust Deed Fund, LLC ("FTDF"), USA Capital Realty Advisors, LLC, and USA Securities LLC (collectively the "Debtors"), filed voluntary petitions under chapter 11 of the Bankruptcy Code. All five of the Debtors' bankruptcy cases are being jointly administered [Docket No. 184].

2. Prior to the Petition Date, USACM acted as the loan servicing agent for the loan to Colt Gateway, LLC (the "Colt Gateway Loan"), and DTDF owns (and continues to own) a substantial interest in the Colt Gateway Loan. *See* Declaration of Thomas J. Allison in Support of Debtors' Opposition to the Motion for Relief from Stay Filed by Estate of Daniel Tabas and Fertitta Enterprises, Inc. ("Allison Decl."), filed herewith, ¶ 3.

3. The Debtors' Third Amended Plan of Reorganization (the "Plan") was confirmed at a hearing held on December 20, 2006. The order confirming the Plan was entered on January 8, 2007. [Docket No. 2376].

4. As part of the Plan, substantially all of the assets of FTDF and certain assets of USACM, including the servicing rights to most of the loans currently being serviced by USACM, are being sold to Compass Partners LLC ("Compass"). The servicing of the Colt Gateway Loan is not included in the assets sold to Compass; rather, under the Plan, DTDF will become the servicer and DTDF, which is not selling any assets to Compass, retains its interest in the loan. Allison Decl. ¶ 5.

5. The Movants filed their Motion on January 17, 2007, [Docket No. 2457] and concurrently filed a motion for order shortening time. [Docket No. 2460].

6. The Court denied the Movants' motion for order shortening time on January 19,

2007, and stated on the docket entry that "When the Matter is Heard, Moving Counsel Shall be Prepared to Explain Why They Failed to Omit Pertinent Facts in their Request." [Docket No. 2504].

7. The Debtors are currently working with Compass to close the asset sale, which is currently expected to close on or about February 14, 2007, and the "Effective Date" of the Plan will occur soon after the closing is complete (the "Effective Date"). Allison Decl. ¶ 6.

8. USACM's post-petition management has worked diligently and in good faith to fulfill USACM's duties as loan servicer on the Colt Gateway Loan and has spend a significant amount of time negotiating with the borrower a proposed payoff of the Colt Gateway Loan and related loans. In the business judgment of Thomas J. Allison, USACM's post-petition President and Chief Restructuring Officer, a foreclosure of the Colt Gateway Loan at any point during these Chapter 11 proceedings would not have been in the best interests of the direct lenders on that loan nor in the best interests of the direct lenders in other related loans to the same borrower. Allison Decl. ¶ 7.

9. The collateral for the Colt Gateway Loan consists of only a portion of the entire Colt project, and the valuation of the portion that secures the Colt Gateway Loan is uncertain. Allison Decl. ¶ 8.

## II. ARGUMENT

The Court should deny the Motion because the Movants have shown no reason why they should be afforded relief from the stay at this critical point in the bankruptcy proceedings. Furthermore, the Movants have presented no evidence supporting any of the three grounds that they claim entitle them to relief from the stay, which are: the alleged pre-petition breaches by USACM; the alleged post-petition breaches by USACM; and the alleged lack of adequate protection. The Movants have not established cause for granting relief from the stay, particularly so close to the Plan becoming effective, and their Motion should be denied.

///
///
///

### A. Movants have not Shown Why Alleged Pre-petition Breaches Entitle Them to Relief From the Stay, Especially Since the Plan Will Soon Become Effective.

The Movants have not cited a single case stating that *pre*-petition breaches alone constitute cause for granting relief from the stay. They also have not cited any case law that would support lifting the stay on the eve of the Effective Date of the Plan based solely on events that occurred pre-petition. The asset sale to Compass is nearing completion and is expected to be completed on or before February 16, 2007, the "Outside Approval Date" pursuant to the Asset Purchase Agreement. The Plan will become effective soon thereafter at which point the Movants will no longer be constrained by the automatic stay. It makes no sense to allow the Movants to disrupt the closing process at this critical juncture, particularly where the hearing on their Motion is scheduled just one day before the February 16 sale deadline. The Movants simply have not shown why cause exists to afford them relief when the Plan is so close to becoming effective.

USACM further questions why the Movants have waited more than nine months to seek such relief if they truly believe USACM's pre-petition actions justify lifting the stay. The Movants have not shown how the alleged pre-petition breaches constitute cause for granting relief from the stay at this late stage of the bankruptcy proceedings. Therefore, their Motion should be denied and they should not be allowed to terminate the Colt Gateway Loan Servicing Agreement before the Effective Date of the Plan.

### B. USACM Has Not Committed Post-Petition Breaches So Cause Does Not Exist for Lifting the Stay.

USACM categorically denies that it has committed any post-petition breaches of the Colt Gateway Loan Servicing Agreement. The Movants contend, without any evidentiary support, that USACM has "done nothing pursuant to its obligations as servicer to ensure a payoff." This is simply not true. The Movants assume that because USACM has not initiated foreclosure proceedings that it is doing nothing to ensure the payoff of the Colt Gateway Loan. Foreclosure, however, is not always the best option and certainly is not always the option to consider first when dealing with a loan in default. In fact, USACM has been and continues to be involved in extensive negotiations for the repayment of the Colt Gateway Loan in an effort to maximize the

return to the Movants. As Movants recognize, the collateral for the Colt Gateway Loan consists of only a limited portion of the entire Colt project, and the valuation of the portion that secures the Colt Gateway Loan is uncertain. Again, the Movants have presented absolutely no evidence in support of the allegation that USACM has committed post-petition breaches and USACM categorically denies this allegation. As there is no post-petition breach, there is no cause for granting the Movants relief from the automatic stay.

### C. The Movants Have Presented No Evidence that They Lack Adequate Protection Justifying Relief from the Stay

The Movants claim that their interest in the Colt Gateway Loan is not adequately protected, but again they present no evidence in support of their contention. As the moving parties, the Movants bear the initial burden of establishing cause for lifting the stay. *See, e.g., Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 142 (2nd Cir. 1999). The crux of the Movants' argument is that because they have been unable to determine the scope of their security interest, they lack adequate protection. This argument is not sufficient to meet the initial burden of establishing cause since all the Movants have really alleged is that they do not know if they are adequately secured by the *borrower's* (not the Debtors') property. Again, even if the Movants are not adequately protected, there is no reason to lift the stay so close to the Plan becoming effective.

### D. USACM Will Not Continue to Service the Colt Gateway Loan after the Effective Date – A Fact Known to the Movants.

Finally, the Movants have alleged that because Compass did not purchase the Colt Gateway Loan, USACM will continue to service the loan "until the Court grants this motion to change the agent." The Movants made a similar allegation in their motion for an order shortening time, which was denied by the Court. This allegation is patently untrue. As the Movants are well aware, the Plan expressly contemplates that the DTDF will become the loan servicer for the Colt Gateway Loan on the Effective Date. Therefore, the Movants' concern that USACM will continue to service the Colt Gateway Loan unless they are afforded relief from the stay is completely baseless.

///

### III. CONCLUSION

For the reasons discussed above, USACM and DTDF request that the Movants' Motion for Relief from the Automatic Stay be denied.

February 5, 2007

*[signature]*

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

912034