Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                            Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                            Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                            Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                            Debtor. | Date: February 15, 2007<br>Time: 9:30 a.m. |
| In re:<br>USA SECURITIES, LLC,<br>                                            Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | **DECLARATION OF THOMAS J. ALLISON IN SUPPORT OF DEBTORS' OPPOSITION TO THE MOTION FOR RELIEF FROM FILED BY ESTATE OF DANIEL TABAS AND FERRITA ENTERPRISES, INC.** |

1

I, Thomas J. Allison, hereby declare, verify and state as follows:

1. I am the President and Chief Restructuring Officer of USA Commercial Mortgage Company ("USACM") and the Manager and Chief Restructuring Officer of each of the four other debtors in these jointly administered chapter 11 cases, namely USA Securities LLC ("USA Securities"), USA Capital Realty Advisors LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund ("DTDF"), and USA Capital First Trust Deed Fund ("FTDF," and collectively with USACM, USA Securities, USA Realty, DTDF, and FTDF, the "Debtors").

2. This Declaration is based upon my personal knowledge or, if so stated, upon information and belief. I make this Declaration in support of the DEBTORS' OPPOSITION TO THE MOTION FOR RELIEF FROM STAY TO TERMINATE LOAN SERVICING AGREEMENT FOR COLT GATEWAY LOAN FILED BY ESTATE OF DANIEL TABAS AND FERRITA ENTERPRISES, INC.

3. Prior to the Petition Date, USACM acted as the loan servicing agent for the loan to Colt Gateway, LLC (the "Colt Gateway Loan"), and DTDF owns (and continues to own) a substantial interest in the Colt Gateway Loan.

4. The Debtors' Third Amended Plan of Reorganization (the "Plan") was confirmed at a hearing held on December 20, 2006. The order confirming the Plan was entered on January 8, 2007. [Docket No. 2376].

5. As part of the Plan, substantially all of the assets of FTDF and certain assets of USACM, including the servicing rights to most of the loans currently being serviced by USACM, are being sold to Compass Partners LLC ("Compass"). The servicing of the Colt Gateway Loan is not included in the assets sold to Compass; rather, under the Plan, DTDF will become the servicer and DTDF, which is not selling any assets to Compass, retains its interest in the loan.

6. The Debtors are currently working with Compass to close the asset sale, which is currently expected to close on or about February 14, 2007, and the "Effective Date" of the Plan will occur soon after the closing is complete (the "Effective Date").

7. USACM's post-petition management has worked diligently and in good faith to

2

fulfill USACM's duties as loan servicer on the Colt Gateway Loan and has spend a significant amount of time negotiating with the borrower a proposed payoff of the Colt Gateway Loan and related loans. In my business judgment, a foreclosure of the Colt Gateway Loan at any point during these Chapter 11 proceedings would not have been in the best interests of the direct lenders on that loan nor in the best interests of the direct lenders in other related loans to the same borrower.

8. The collateral for the Colt Gateway Loan consists of only a portion of the entire Colt project, and the valuation of the portion that secures the Colt Gateway Loan is uncertain.

I declare, under penalty of perjury, that, to the best of my knowledge, information and belief, that the foregoing is true and correct.

_____
Thomas J. Allison

903243

3