(i) All Leases entered into after the date of this Mortgage and any modifications and amendments to any existing Leases shall be subordinate to the lien and operation of this Mortgage.

15. <u>Loan Agreement</u>. Mortgagor covenants and agrees that (i) all of the terms and conditions of the construction loan agreement ("<u>Loan Agreement</u>") of even date between Mortgagee and Mortgagor are hereby incorporated into this Mortgage, (ii) any default under the Loan Agreement shall constitute a default under this Mortgage, and (iii) any advances or disbursements made under the Loan Agreement with interest on such advances or disbursements, including, but not limited to, interest, costs and expenses, are secured by the lien and operation of this Mortgage.

16. <u>Bankruptcy</u>. Mortgagor hereby agrees that in consideration of the recitals and mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Mortgagor does agree that in the event Mortgagor or any partner of Mortgagor shall (a) file with any bankruptcy court of competent jurisdiction or be the subject of any petition under Title 11 of the U.S. Code, as amended; (b) be the subject of any order for relief issued under such Title 11 of the U.S. Code, as amended; (c) file or be the subject of any petition seeking any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future federal or state act or law relating to bankruptcy, insolvency or other relief for debtors; (d) have sought or consented to or acquiesced in the appointment of any trustee, receiver, conservator or liquidator; or (e) be the subject of any order, judgment or decree entered by any court of competent jurisdiction approving a petition filed against such party for any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future federal or state act or law relating to bankruptcy, insolvency or relief for debtors, then and in any of such events Mortgagee shall thereupon be entitled to relief from any automatic stay imposed by Section 362 of Title 11 of the U.S. Code, as amended, or otherwise, on or against the exercise of the rights and remedies otherwise available to Mortgagee as provided in this Mortgage, any Promissory Note evidencing the subject indebtedness, or any other documents or instruments executed in connection therewith, and as otherwise provided by law. Mortgagor hereby agrees not to object to Mortgagee immediately seeking relief from the automatic stay, to allow Mortgagee to proceed immediately to obtain a final judgment of foreclosure of this Mortgage, to complete a foreclosure sale and/or to proceed against and realize upon the collateral for the indebtedness secured hereby and to otherwise allow Mortgagee to take all such actions as Mortgagee may elect in its sole discretion in pursuance of the other rights and remedies available in the event of a default by Mortgagor under this Mortgage and all Collateral Loan Documents. Mortgagor hereby waives any protection afforded under 11 U.S.C., Section 362(a).

17. <u>Future Advance</u>.

(a) It is mutually covenanted and agreed by and between Mortgagor and Mortgagee hereto that upon request of Mortgagor, Mortgagee may hereafter, at its option, at any time within twenty (20) years from the date hereof and prior to full payment of this Mortgage and the Promissory Note secured thereby, make further advances to Mortgagor, and any such

further advances, with interest, shall be secured by this Mortgage and shall be evidenced by an additional note then executed and delivered to Mortgagee and that the total amount of indebtedness that may be secured by this Mortgage may decrease or increase from time to time, but the total unpaid balance so secured at any one time shall not exceed twice the original principal amount of the Note, together with interest thereon and any and all disbursements made by Mortgagee for the payment of taxes, levies or insurance on the Premises with interest on such disbursements at the rate specified in the Promissory Note and for reasonable attorneys' fees and court costs incurred in the collection of any or all such sums of money.

(b) Mortgagor expressly waives and relinquishes any right granted under Section 697.04, Florida Statutes, or otherwise, to limit the amount of indebtedness that may be outstanding at any time during the term of this Mortgage. Mortgagor further covenants not to file for record any notice limiting the maximum principal amount that may be secured by this Mortgage and agrees that any such notice, if filed, shall be null and void and of no effect, and further agrees that the filing of any such notice shall constitute an event of default hereunder.

18. <u>Environmental Matters</u>. Mortgagor expressly represents, covenants and warrants to Mortgagee that there is not present on the Premises and the improvements thereof do not contain any pollutants, hazardous wastes or hazardous substances (including asbestos), other than as may have been disclosed to and approved in writing by the United States Environmental Protection Agency and any state regulatory body with jurisdiction thereover, and that the Premises are not now being used and will not, in the future, be used for the handling, storage, treatment, transportation or disposal of pollutants, hazardous wastes or hazardous substances. Mortgagor agrees to indemnify, defend and hold Mortgagee harmless from and against any loss to Mortgagee, including, without limitation, attorneys' fees (including appellate), incurred by Mortgagee as a result of such presence or content or the present or future use, handling, storage, transportation, treatment or disposal of pollutants, hazardous wastes or hazardous substances, including asbestos. In the event of a violation of the covenant and warranty in this paragraph, Mortgagee may, at its sole discretion, either declare an event of default hereunder or require Mortgagor to take action, or expend monies on Mortgagor's behalf, to correct such violation and to rectify all adverse consequences of such violation. In the event Mortgagee elects to expend monies to correct any such violation, such monies shall be deemed proceeds of the loan secured by this Mortgage, shall be so secured and shall be repaid and bear interest as provided in the Promissory Note. Any such action taken by Mortgagee shall not constitute a waiver of any claim that Mortgagee has under law for any loss incurred by Mortgagee as a result of such violation.

19. <u>Notice</u>. Any notice to Mortgagor provided for in this Mortgage shall be given by delivering it or by mailing it by first-class mail unless applicable law requires use of another method. The notice shall be directed to Mortgagor's address set forth on page 1 of this Mortgage or any other address Mortgagor designates by notice to Mortgagee. Any notice to Mortgagee shall be given by first-class mail to Mortgagee's address set forth on page 1 of this Mortgage, or any other address Mortgagee designates by notice to Mortgagor. Any notice provided for in this Mortgage shall be deemed to have been given to Mortgagor or Mortgagee when given as provided in this paragraph.

20. <u>Forbearance by Mortgagee Not a Waiver</u>. Any waiver of any payment under the Promissory Note or Mortgage at any time shall not, at any other time, constitute a waiver of the terms of the Promissory Note or Mortgage, and the acceptance of late payments under the Promissory Note shall not constitute a waiver of the option of Mortgagee to accelerate the indebtedness as provided for herein.

21. <u>Default Interest</u>. Any payments made by Mortgagee pursuant to the terms hereof shall be additional indebtedness secured by this Mortgage and shall bear interest at the highest rate set forth in the Promissory Note. Such sum(s) shall be paid by Mortgagor immediately upon demand by Mortgagee.

22. <u>Other Lienholders</u>. Any person or entity taking a junior mortgage, or other lien upon the Premises or any part thereof or any interest therein, shall take said lien subject to the rights of Mortgagee to amend, modify, extend, renew or release the Note, this Mortgage or any other document or instrument evidencing, securing or guaranteeing the Note, in each and every case without obtaining the consent of the holder of such junior lien and without the lien of this Mortgage losing its priority over the rights of any such junior lien.

23. <u>Taxation</u>.

(a) If any law is amended, enacted or adopted after the date of this Mortgage which deducts the Note from the value of the Premises for the purpose of taxation or which imposes a tax, either directly or indirectly, on the Note or Mortgagee's interest in the Premises, Mortgagor will pay such tax, with interest and penalties thereon, if any. In the event Mortgagee is advised by counsel chosen by it that the payment of such tax or interest and penalties by Mortgagor would be unlawful or taxable to Mortgagee or unenforceable or provide the basis for a defense of usury, then in any such event, Mortgagee shall have the option, by written notice of not less than forty-five (45) days, to declare the Note immediately due and payable.

(b) If at any time the United States of America, any State thereof or any subdivision of any such State shall require revenue or other stamps to be affixed to the Note or this Mortgage, or impose any other tax or charge on the same, Mortgagor will pay for the same, with interest and penalties thereon, if any. Mortgagor hereby agrees that, in the event that it is determined that additional documentary stamp tax or intangible tax is due hereon or on any mortgage or promissory note executed in connection herewith (including without limitation, the Note), Mortgagor shall indemnify and hold harmless Mortgagee for all such documentary stamp tax and/or intangible tax, including all penalties and interest assessed or charged in connection therewith. Mortgagor shall pay the same within ten (10) days after demand of payment from Mortgagee and the payment of such sums shall be secured by this Mortgage and such sums shall bear interest at the default rate (as defined in the Note) until paid in full.

24. <u>Rights of Mortgagee, Actions of Mortgagee and Waivers by Mortgagor</u>.

(a) Mortgagee may release, regardless of consideration, any part of the Premises without, as to the remainder, in any way impairing, affecting, subordinating or

16

releasing the lien or security interests evidenced by this Mortgage or the other Collateral Loan Documents or affecting the obligations of Mortgagor or any other party to pay the Note. For payment of the Note, Mortgagee may resort to any collateral securing the payment of the Note in such order and manner as Mortgagee may elect. No collateral taken by Mortgagee shall in any manner impair or affect the lien or security interests given pursuant to the Collateral Loan Documents, and all collateral shall be taken, considered and held as cumulative.

(b) Mortgagor hereby irrevocably and unconditionally waives and releases: (i) all benefits that might accrue to Mortgagor by virtue of any present or future law exempting the Premises from attachment, levy or sale on execution or providing for any appraisement, valuation, stay of execution, exemption from civil process, redemption or extension of time for payment; (ii) all notices of any event of default except as expressly provided herein or of Mortgagee's exercise of any right, remedy or recourse provided for under the Collateral Loan Documents; and (iii) any right to a marshalling of assets, a sale in inverse order of alienation or any other right to direct in any manner, the order of sale of any of the Premises.

(c) To the extent permitted by applicable law, Mortgagee's rights hereunder shall continue even to the extent that a suit for collection of the Note, or part thereof, is barred by a statute of limitations. Mortgagor hereby expressly waives and releases to the fullest extent permitted by law, the pleading of any statute of limitations as a defense to payment of the Note.

(d) Mortgagee has the right to appear in and defend any action or proceeding brought with respect to the Premises and to bring any action or proceeding, in the name and on behalf of Mortgagor, which Mortgagee, in its reasonable discretion, decides should be brought to protect Mortgagee's interest in the Premises. Mortgagee shall, at its option, be subrogated to the lien of any mortgage or other security instrument discharged in whole or in part by the Note, and any such subrogation rights shall constitute additional security for the payment of the Note.

(e) All amounts due under this Mortgage, the Note and the other Collateral Loan Documents shall be payable without setoff, counterclaim or any deduction whatsoever.

(f) Mortgagor shall not be entitled to any notices of any nature whatsoever from Mortgagee except with respect to matters for which this Mortgage specifically and expressly provides for the giving of notice by Mortgagee to Mortgagor and except with respect to matters for which Mortgagee is required by applicable law to give notice, and Mortgagor hereby expressly waives the right to receive any notice from Mortgagee with respect to any matter for which this Mortgage does not specifically and expressly provide for the giving of notice by Mortgagee to Mortgagor.

(g) In the event that a claim or adjudication is made that Mortgagee has acted unreasonably or unreasonably delayed acting in any case where by law or under the Note, this Mortgage or the other Collateral Loan Documents, it has an obligation to act reasonably or promptly, Mortgagee shall not be liable for any monetary damages, and Mortgagor's remedies shall be limited to injunctive relief or declaratory judgment.

(h) The failure of Mortgagee to insist upon strict performance of any term hereof shall not be deemed to be a waiver of any term of this Mortgage. Mortgagor shall not be

17

relieved of Mortgagor's obligations hereunder by reason of (a) the failure of Mortgagee to comply with any request of Mortgagor or Guarantor to take any action to foreclose this Mortgage or otherwise enforce any of the provisions hereof or of the Note or other Collateral Loan Documents, (b) the release, regardless of consideration, of the whole or any part of the Premises, or of any person liable for the Note or any portion thereof, or (c) any agreement or stipulation by Mortgagee extending the time of payment or otherwise modifying or supplementing the terms of the Note, this Mortgage or the other Collateral Loan Documents. Mortgagee may resort for the payment of the Note to any other security held by Mortgagee in such order and manner as Mortgagee, in its discretion, may elect. Mortgagee may take action to recover the Note, or any portion thereof, or to enforce any covenant hereof without prejudice to the right of Mortgagee thereafter to foreclose this Mortgage. The rights and remedies of Mortgagee under this Mortgage shall be separate, distinct and cumulative and none shall be given effect to the exclusion of the others. No act of Mortgagee shall be construed as an election to proceed under any one provision herein to the exclusion of any other provision. Mortgagee shall not be limited exclusively to the rights and remedies herein stated but shall be entitled to every right and remedy now or hereafter afforded at law or in equity.

(i)     Mortgagor hereby waives and renounces all homestead and exemption rights provided by the constitution and the laws of the United States and of any state, in and to the Premises as against the collection of the Note, or any part hereof. Mortgagor hereby represents and warrants to Mortgagee that no portion of the Premises constitutes the homestead of any person, that neither Mortgagor nor any of its principals or partners or their relatives reside on any portion of the Premises or claim any portion of the Premises as their homestead, and that no individual residing on the Premises or any portion thereof has any claim to homestead rights on any portion of the Premises.

(j)     By accepting or approving anything required to be observed, performed or fulfilled, or to be given to Mortgagee pursuant to the Collateral Loan Documents, including, but not limited to, any officer certificates, balance sheet, statement, survey or appraisal, Mortgagee shall not be deemed to have warranted or represented the sufficiency, legality, effectiveness or legal effect of the same, or of any term, provision or condition thereof, and such acceptance or approval thereof shall not be or constitute any warranty or representation with respect thereto by Mortgagee.

(k)     If Mortgagor shall fail to duly pay or perform any of the terms and provisions of this Mortgage or the Collateral Loan Documents, then at any time thereafter without notice to or demand upon Mortgagor, and without waiving or releasing any right, remedy or power of Mortgagee, Mortgagee may pay or perform same for the account of and at the expense of Mortgagor, and shall have the right to enter and to authorize others to enter upon the Premises at all reasonable times for such purpose and to take all such action thereon and with respect to the Premises as may be necessary or appropriate for such purpose.

25.     <u>Uniform Commercial Code Security Agreement</u>. This Mortgage creates a lien on and grants a security interest in, the personal property of Mortgagor located and to be located on the Premises, and it shall constitute a security agreement under the Florida Uniform Commercial

18

code or other law applicable to the creation of liens on personal property described in the UCC-1 Financing Statements executed in connection herewith. Mortgagor covenants and agrees to execute, file and refile such financing statements, continuation statements or other documents as Mortgagee shall require from time to time with respect to such personal property. This Mortgage shall constitute a financing statement under the Florida Uniform Commercial Code. If an Event of Default occurs, Mortgagee shall have all rights and remedies of a secured party under the Florida Uniform Commercial Code.

26. <u>Covenants, Representations and Warranties</u>. Mortgagor hereby covenants, represents and warrants to Mortgagee as follows:

(a) Mortgagor has full power and authority to execute and deliver this Mortgage and the Collateral Loan Documents and to incur and perform the obligations provided for therein, all of which have been duly authorized by all proper and necessary action of the appropriate governmental body of Mortgagor. No consent or approval of any public authority or other third party is required as a condition to the validity of any of the Collateral Loan Documents, and Mortgagor is in compliance with all laws and regulatory requirements to which it is subject.

(b) There is no litigation involving Mortgagor pending, or to the knowledge of Mortgagor threatened before any court or governmental authority, agency or arbitration authority.

(c) Mortgagor shall maintain its limited liability company existence and in good standing and qualification to do business where required and comply with all laws, regulations and governmental requirements, including, without limitation, environmental laws applicable to it or to any of its property, business operations and transactions.

(d) Mortgagor shall not change the general character of its business as conducted at the date hereof.

(e) Neither Mortgagor nor any Guarantor has any defense to the payment in full of the Note that arises from applicable local, state or federal laws, regulations or other requirements. None of the Collateral Loan Documents are subject to any right of rescission, setoff, abatement, diminution, counterclaim or defense, including the defense of usury, nor will the operation of any of the terms of any such Collateral Loan Documents, or the exercise of any right thereunder, render any Collateral Loan Documents unenforceable, in whole or in part, or subject to any right of rescission, setoff, abatement, diminution, counterclaim or defense, including the defense of usury.

(f) No improvements on adjoining properties encroach upon the Premises, and no easements or other encumbrances upon the Premises encroach upon any of the improvements, so as to affect the value or marketability of the Premises except for immaterial encroachments which do not adversely affect the security intended to be provided by this Mortgage or the use, enjoyment, value or marketability of the Premises. All of the improvements comply with all material requirements of any applicable zoning and subdivision

19

laws and ordinances. The Premises are properly zoned to permit the existing use and/or the intended use by Mortgagor.

(g) The Premises are not subject to any leases or operating agreements.

(h) All financial data, including, without limitation, statements of cash flow and income and operating expenses, delivered to Mortgagee by, or on behalf of Mortgagor are (i) true and correct in all material respects; (ii) accurately represent the financial condition of Mortgagor or the Premises as of the date thereof in all material respects; and (iii) to the extent reviewed by an independent certified public accounting firm, have been prepared in accordance with generally accepted accounting principles consistently applied throughout the periods covered.

(i) The Premises are located on a dedicated, all-weather road, or has access to an irrevocable easement permitting ingress and egress which are adequate in relation to the Premises and location on which the Premises are located.

(j) The Premises are served by public utilities and services in the surrounding community, including police and fire protection, public transportation, refuse removal, public education and enforcement of safety codes which are adequate in relation to the premises and location on which the Premises are located.

(k) The Premises are serviced by public water and sewer systems which are adequate in relation to the Premises and location on which the Premises are located.

(l) The Premises are a contiguous parcel and a separate tax parcel, and there are no delinquent taxes or other outstanding charges adversely affecting the Premises.

(m) The Premises are not relied upon by, and does not rely upon, any building or improvement not part of the Premises to fulfill any zoning, building code or other governmental or municipal requirement for structural support or the furnishing of any essential building systems or utilities, except to the extent of any valid and existing reciprocal easement agreements shown in the title insurance policy insuring the lien of this Mortgage.

(n) No action, omission, misrepresentation, negligence, fraud or similar occurrence has taken place on the part of any person that would reasonably be expected to result in the failure or impairment of full and timely coverage under any insurance policies providing coverage for the Premises.

(o) There are no defaults by Mortgagor beyond any applicable grace period under any contract or agreement (other than this Mortgage and the other Collateral Loan Documents) that binds Mortgagor and/or the Premises, including any management, service, supply, security, maintenance or similar contracts; and Mortgagor has no knowledge of any such default for which notice has not yet been given; and no such agreement is in effect with respect to the Premises that is not capable of being terminated by Mortgagor on less than thirty (30)

20

days' notice except as previously disclosed to Mortgagee by a delivery of a copy of all such agreements.

All of the representations, covenants and warranties made under this Mortgage and the Collateral Loan Documents, including, but not limited to, the Affidavit of Owner shall be deemed to be made at and as of the date hereof and at and as of the date of any future advance or additional funding under the Note. Mortgagor acknowledges that Mortgagee has relied upon Mortgagor's representations, has made no independent investigation of the truth thereof, is not charged with any knowledge contrary thereto that may be received by an examination of the public records or that may have been received by any officer, director, agent, employee or shareholder of Mortgagee.

27. <u>Miscellaneous</u>.

(a) Time is of the essence of this Mortgage.

(b) The covenants, provisions and conditions imposed on Mortgagor under this Mortgage shall be binding on and shall inure to the successors, heirs, executors, personal representatives and assigns of and all successors in title to Mortgagor.

(c) Each and all of the covenants and obligations of Mortgagor (other than warranties and representations contained herein) shall survive the execution and delivery of the Collateral Loan Documents and shall continue in full force and effect until the Note shall have been paid in full; provided, however, that nothing contained in this paragraph shall limit the obligations of Mortgagor except as otherwise set forth herein. In addition, any and all warranties and representations of Mortgagor contained herein shall survive the execution and delivery of the Collateral Loan Documents and (i) shall continue for a period of one (1) year following any release of this Mortgage executed by Mortgagee and satisfaction of the loan evidenced by the Collateral Loan Documents, and (ii) shall survive the transfer or assignment of this Mortgage, the entry of a judgment of foreclosure, sale of the Premises by foreclosure or deed in lieu of foreclosure (including, without limitation, any transfer of the Mortgage by Mortgagee of any of its rights, title and interest in and to the Premises to any party, whether or not affiliated with Mortgagee).

(d) The terms and provisions of the loan commitment letter, if any, between Mortgagor and Mortgagee are hereby incorporated into and made a part of this Mortgage. In the event any of the terms and provisions of this Mortgage, the Note or any of the other Collateral Loan Documents of even date herewith, conflict with any of the terms and provisions of the commitment letter, the terms and provisions of this Mortgage, the Note and such Collateral Loan Documents will prevail.

(e) Mortgagor, within ten (10) days after written request from Mortgagee, shall furnish a written statement, duly acknowledged, setting forth the unpaid principal balance of, and interest on, the Note, and whether or not any offsets or defenses exist thereto.

(f) Mortgagor shall, at Mortgagor's sole cost and expense, provide Mortgagee with any financial statements, financial reports, appraisals or other documentation with respect

21

to Mortgagor or the Premises which may be required from time to time by any governmental authority having regulatory authority over Mortgagee. Such information shall be provided by Mortgagor within thirty (30) days after written request from Mortgagee.

(g)  If required by the applicable governmental authorities, Mortgagee may obtain at Mortgagor's expense an appraisal(s) of any part of the Premises prepared in accordance with written instructions from Mortgagee by a third party appraiser engaged directly by Mortgagee. Each such appraiser and appraisal shall be satisfactory to Mortgagee. The cost of such appraisal shall be due and payable by Mortgagor on demand and shall be secured by this Mortgage.

(h)  No agreement unless in writing and signed by an authorized officer of Mortgagee and no course of dealing between the parties hereto shall be effective to change, waive, terminate, modify, discharge or release in whole or in part any provision of this Mortgage.

(i)  Upon Mortgagee's receipt of evidence of the loss, theft, destruction or mutilation of the Note, or any amendment or modification thereto, or of any of the other Collateral Loan Documents, Mortgagor will execute and deliver, in lieu thereof, a replacement note or document, as applicable, identical in form and substance to the replaced document.

(j)  The provisions of this Mortgage and the other Collateral Loan Documents are for the benefit of Mortgagor and Mortgagee and shall not inure to the benefit of any third party (other than any successor or assignee of Mortgagee). This Mortgage and the other Collateral Loan Documents shall not be construed as creating any rights, claims or causes of action against Mortgagee or any of its officers, directors, agents or employees in favor of any party other than Mortgagor.

(k)  The relationship of Mortgagee and Mortgagor is solely that of debtor and creditor, and Mortgagee has no fiduciary or other special relationship with Mortgagor, and no term or condition of any of the Collateral Loan Documents shall be construed to be other than that of debtor and creditor. Mortgagor represents and acknowledges that the Collateral Loan Documents do not provide for any shared appreciation rights or other equity participation interest.

(l)  Mortgagee may institute and maintain any suits and proceedings as Mortgagee may deem advisable (i) to prevent any impairment of the Premises by any acts which may be unlawful or in violation of this Mortgage, (ii) to preserve or protect its interest in the Premises, and (iii) to restrain the enforcement of or compliance with any governmental requirement that may be unconstitutional or otherwise invalid, if the enforcement of or compliance with such governmental requirement might impair the security hereunder or be prejudicial to Mortgagee's interest.

(m)  MORTGAGOR AND MORTGAGEE, BY ACCEPTING THIS MORTGAGE, HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE

22

THE RIGHT EITHER MAY HAVE TO A TRIAL BY JURY IN RESPECT TO ANY ACTION, PROCEEDING, LITIGATION OR COUNTERCLAIM BASED HEREON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS MORTGAGE, THE NOTE AND THE COLLATERAL LOAN DOCUMENTS, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENT (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF EITHER PARTY.

(n)     The loan evidenced by the Collateral Loan Documents and any other loans by Mortgagee to Mortgagor, now existing or made hereafter, are hereby cross-defaulted and cross-collateralized so that any collateral encumbered by the Collateral Loan Documents and any loan documents pertaining to the other loans shall secure all such loans, and a default under any one of such loans shall constitute a default under all such loans.

(o)     <u>Partial Releases of Units</u>. Mortgagee shall release a Unit (as defined in the Loan Agreement) from the lien of the Mortgage upon payment to Mortgagee of ninety percent (90%) of the net proceeds from the sale; provided, however, that gross sales price for a Unit shall not be less than the Minimum Sales Price as set forth in Exhibit "D" of the Loan Agreement. As used herein, the term "net proceeds" means the gross sales price less reasonable and customary closing costs and fees and real estate commissions; provided, however, that the amount deductible for any real estate commission payable to Mortgagor or an affiliate of Mortgagor shall not exceed 2% of the gross sales price, or, in cases where said affiliated broker is splitting a commission with another broker, 1% of the gross sales price. Mortgagor shall pay all costs and expenses in connection with such release and reconveyance.

For the release of the last Unit remaining subject to the lien of this Mortgage, the total amount of the indebtedness secured hereby shall be reduced to zero, and all obligations secured hereby shall be performed in full.

(Signature page follows)

23