ELECTRONICALLY FILED
February 13, 2007

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA
(CA State Bar No. 136934)
EVE H. KARASIK
(CA State Bar No. 155356)
ANDREW M. PARLEN
(CA State Bar No. 230429), Members of
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
Email:    fmerola@stutman.com
          ekarasik@stutman.com
          aparlen@stutman.com

SHEA & CARLYON, LTD.
JAMES PATRICK SHEA
(Nevada State Bar No. 000405)
CANDACE C. CARLYON
(Nevada State Bar No. 002666)
SHLOMO S. SHERMAN
(Nevada State Bar No. 009688)
228 South Fourth Street, First Floor
Las Vegas, Nevada 89101
Telephone: (702) 471-7432
Facsimile: (702) 471-7435
Email:    jshea@sheacarlyon.com
          ccarlyon@sheacarlyon.com
          ssherman@sheacarlyon.com

Counsel for the Official Committee Of
Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| Affects<br>☐ All Debtors<br>☒ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☒ USA First Trust Deed Fund, LLC | Date: March 15, 2007<br>Time: 9:30 a.m. |

**FIFTH OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC – MISFILED CLAIMS (AFFECTS DEBTORS USA COMMERCIAL MORTGAGE COMPANY AND USA CAPITAL FIRST TRUST DEED FUND, LLC)**

408716v1

The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee"), hereby submits this "Fifth Omnibus Objection Of The Official Committee Of Equity Security Holders Of USA Capital First Trust Deed Fund, LLC – Misfiled Claims" (the "Objection"), pursuant to which the FTDF Committee objects to the proofs of claim referenced herein (the "Wrong Debtor Claims") on the grounds that they have been erroneously filed against the USA Capital First Trust Deed Fund, LLC ( the "FTDF") and that the FTDF has no liability on account of such claims. Where claimants who filed the Wrong Debtor Claims (the "Claimants") did not also file proofs of claim against USA Commercial Mortgage Company ("USACM"), the FTDF Committee request that the Court reclassify without prejudice the Wrong Debtor Claims of such Claimants as claims against USACM such that USACM's right to object to such claims are reserved. With respect to those Claimants who filed a proof of claim against USACM in addition to a Wrong Debtor Claim, the FTDF Committee requests that the Wrong Debtor Claims of such Claimants be disallowed in full. By this Objection, the FTDF Committee does not seek to prejudice the rights of any of the Claimants to recover from other Debtors in the Chapter 11 Cases on account of liabilities asserted in the Wrong Debtor Claims.

This Objection is made pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules") and is based upon the points and authorities which follow, Exhibit "1" attached hereto, the "Declaration of Matthew Kvarda" (the "Kvarda Declaration") filed in support hereof, the pleadings referenced by docket number herein, judicial notice of which is respectfully requested, and any oral argument of counsel to be presented at the time of the hearing on this Objection.

Based on the foregoing, the FTDF Committee request that the Court enter an order (i) sustaining the Objection; (ii) disallowing each Wrong Debtor Claim, in its entirety, as filed against the FTDF, where a Claimant also filed a proof of claim against USACM on account of the claim alleged in such Claimant's Wrong Debtor Claim; (iii) reclassifying without prejudice each Wrong Debtor Claim filed against the FTDF as a claim against USACM where a Claimant did not file a proof of Claim against USACM on account of the claim alleged in such Claimant's

1  Wrong Debtor Claim; and (iv) granting such other and further relief as the Court deems just and
2  proper.
3  　　　Respectfully submitted this 13th day of February 13, 2007.

STUTMAN, TREISTER & GLATT

/s/ *Andrew M. Parlen*
ANDREW M. PARLEN, ESQ.
Professional Corporation
Counsel to the Official Committee of Equity
Security Holders of USA Capital First Trust Deed
Fund, LLC

and

SHEA & CARLYON, LTD.
CANDACE C. CARLYON, ESQ.
SHOLOMO S. SHERMAN, ESQ.
228 S. Fourth Street, First Floor
Las Vegas, NV  89101
Telephone:  (702) 471-7432

Counsel for the Official Committee of Equity
Security Holders of USA Capital First Trust Deed
Fund, LLC

## POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

**A. General Background**

1. On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC (the "DTDF"), and the FTDF (collectively with USA Mortgage, USA Securities, USA Realty, and the DTDF, the "Debtors") filed voluntary petitions for relief under chapter 11 the Bankruptcy Code.

2. Thereafter, on May 9, 2006, this Court entered its <u>Order Regarding Joint Administration Without Substantive Consolidation</u> [docket no. 184] whereby the Court ordered that the Chapter 11 Cases be jointly administered under the name of USA Commercial Mortgage Company, bankruptcy case number BK-S-06-10725-LBR.

3. On May 10, 2006, the Office of the United States Trustee (the "U.S. Trustee") appointed four separate committees in these Chapter 11 Cases, including the FTDF Committee.

4. The FTDF Committee represents the interests of those persons who invested in the FTDF (the "FTDF Members"). FTDF Members hold equity, or membership, interests in the FTDF.

5. On June 15, 2006, each of the Debtors filed their "Summary of Schedules and Statement of Financial Affairs" (collectively, the "Schedules") pursuant to Bankruptcy Code section 521(a)(1)(B), based upon their books and records as of the Petition Date.

6. On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] setting the deadline of November 13, 2006, to file proofs of claim and proofs of interest in the Chapter 11 Cases.

7. On or about September 18, 2006, the Debtors mailed proof of claim and proof of interest forms, together with instructions explaining that (i) if any equity interest holder (such as a FTDF Member) wished to assert a claim (as opposed to an equity interest) against any

408716v1                                          4

1  of the Debtors, then that equity holder must file a proof of claim but that proofs of claim should
2  only be filed in those instances where the claimant believed one of the Debtors owed the
3  claimant monies for such things as damages, rescission, reimbursement or contribution; and (ii)
4  if the equity interest holder had no disagreement with the amount indicated on the proof of
5  interest form included in the mailing, then that equity interest holder need take no action and his
6  or her proof of interest in the FTDF would be deemed allowed in the amount shown on the proof
7  of interest form.

8.  On November 15, 2006, the Debtors filed the "Debtors Third Amended Joint Chapter 11 Plan Of Reorganization" (the "Plan"). Thereafter, at a hearing held on December 20, 2006, the Court orally confirmed the Plan, and on January 8, 2007, the court entered an order confirming the Plan [docket no. 2376].

**B.    The Debtors' Businesses**

9.  As of the Petition Date, USACM was acting as the loan servicer for 115 separate loans (the "Serviced Loans") having a combined outstanding loan balance of approximately $960 million. See Debtors' First Amended Disclosure Statement For Debtors' Third Amended Joint Plan Of Reorganization (the "Disclosure Statement") [docket no. 1798] at 24.

10.  According to the Debtors, there are approximately 3,600 investors (the "Direct Lenders") whose names appear as a "Lender" in the documents for one or more of the Serviced Loans. Id. Among the Direct Lenders are the FTDF and the DTDF (collectively, the "Funds").

11.  As of July 31, 2006, the FTDF had an interest as a Direct Lender in 47 of the Serviced Loans, and the aggregate outstanding balance owed to FTDF was $62,653,825. Id. at 26. All of the FTDF's loans were originated and are serviced by USACM. Id.

12.  There are approximately 950 FTDF Members, each of whom own membership interests in the FTDF. Id. It bears emphasizing that the FTDF, not the FTDF Members, is a lender on the Serviced Loans, and its investments, not those of the FTDF Members, are secured by deeds of trust. FTDF Members are only entitled to receive

408716v1                                                  5

distributions to the extent that the profits of the FTDF exceed its losses. In other words, FTDF Members hold equity security interests in the FTDF.

**C.      Analysis of Proofs of Claim Filed Against the FTDF**

13.     On August 1, 2006, the FTDF Committee filed three objections to claims: (i) the Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Misfiled Claims [Docket No. 1064]; (ii) the Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Claims Based on Prepetition Equity Security Interests of USA Capital First Trust Deed Fund, LLC [Docket No. 1066]; and (iii) the Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Proof of Claim Filed by Prospect High Income Fund, ML CBOIV (Cayman) Ltd., Pamco Cayman, Ltd., Pam Capital Funding, L.P., Highland Crusader Fund, Ltd., and PCMG Trading Partners XXIII, L.P. (the "Highland Capital Claim") [Docket No. 1068]. The two omnibus objections were sustained by orders of the Court dated September 14, 2006 [Docket Nos. 1278 and 1279]. The Highland Capital claim was later disallowed by order of the Court dated October 26, 2006 [Docket No. 1674].

14.     On December 22, 2006, the FTDF objected to three proofs of claim filed against the FTDF by the Pension Benefit Guaranty Corporation (the "PBGC") [Docket No. 2254]. Subsequently, on January 25, 2007, the PBGC stipulated to withdraw its claims against the FTDF [Docket No. 2560].

15.     On December 26, 2006, the FTDF Committee filed a claim objection to FTDF claim number 120 filed by Standard Property Development, LLC, which objection is pending. A hearing was held on this objection on January 31, 2007, at which time the objection was continued to February 15, 2007.

16.     On December 27, 2006, the FTDF Committee filed two omnibus objections to claims:  (i) the Second Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Misfiled Claims [Docket No. 2285]; and (ii) the Omnibus Objection Of The Official Committee Of Equity Security Holders

408716v1

6

Of USA Capital First Trust Deed Fund, LLC To Claims Superseded By Compromise Contained In Debtors' Third Amended Joint Chapter 11 Plan Of Reorganization (As Modified) [Docket No. 2295]. These objections were sustained by orders of the Court dated February 7, 2007 [Docket Nos. 2711 and 2709, respectively].

17. As of the filing of this Objection, 69 proofs of claim filed against the FTDF remain outstanding. The FTDF Committee has analyzed these proofs of claim and has determined that, with respect to the Wrong Debtor Claims, the FTDF has no liability as such claims were erroneously filed against the FTDF. Indeed, all of the Wrong Debtor Claims were filed by Claimants who are not FTDF Members, but rather who are simply Direct Lenders. A detailed listing of the Wrong Debtor Claims is attached hereto as **Exhibit "1"** and is incorporated herein by reference.

18. Some Claimants appear to have filed claims against all of the Debtors in the Chapter 11 Cases irrespective of whether they have any connection to a particular Debtor. As such, certain Claimants have filed Wrong Debtor Claims against the FTDF on account of an investment made through USACM even though such Claimants are not FTDF Members. For instance, Katrine Mirzaian, who is not a FTDF Member, filed proofs of claim in the amount of $344,011.56 against all of the Debtors, including the FTDF, on account of her agreement to loan $370,000.00 to Bay Pompano Beach, Foxhills 216 LLC, HFA-North Yonkers, and Midvale Marketplace through USACM. With respect to Claimants who filed Wrong Debtor Claims against the FTDF and who also filed claims on the same basis against USACM, the FTDF Committee requests that the Wrong Debtor Claims of such Claimants in the FTDF case be disallowed in full.

19. Another explanation for the number of Wrong Debtor Claims is that upon loaning money through USACM to a borrower, Direct Lenders received a sheet summarizing their investment, which sheet states in large, bold, underlined print: "First Trust Deed Investment." Claimants may not realize that making a "First Trust Deed Investment" as a Direct Lender is distinct from investing in the FTDF and becoming a FTDF Member. These Claimants appear to have filed proofs of claim only against the FTDF. With respect to such Claimants, the

1. FTDF Committee requests that their Wrong Debtor Claims be reclassified as without prejudice claims timely filed against USACM. This treatment was effectuated in connection with the Second Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Misfiled Claims [Docket No. 2285], with the approval of the Debtors, the Unsecured Creditors' Committee in the USACM case, and the Court.

20. In summary, the FTDF has no liability for any of the Wrong Debtor Claims, and all such claims should be disallowed or reclassified without prejudice as claims against USACM as set forth on Exhibit "1."

## II. ARGUMENT

21. Bankruptcy Code section 502 authorizes a party in interest to object to claims. See 11 U.S.C. § 502(a). Upon such objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b). Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. Ashford v. Consolidated Pioneer Mortg. (In re Consoldiated Pioneer Mortg.), 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996) (quoting In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)).

22. The FTDF Committee has analyzed the Wrong Debtor Claims and has determined that the FTDF has no liability on account of any of the Wrong Debtor Claims. Rather, all of the Wrong Debtor Claims are based on loans to borrowers made through USACM. Accordingly, all of the Wrong Debtor Claims should be disallowed in their entirety or reclassified without prejudice as claims against USACM.

///
///
///
///
///

408716v1

8

### III. NOTICE

23. This Objection[1] will be served[2] on (i) the Claimants who filed the Wrong Debtor Claims at the addresses set forth on the claimants' respective proofs of claim, (ii) all parties on Master Service List for Limited Notice #6 Dated January 12, 2007 and (iii) all parties who have filed requests for special notice since the filing of such master service list. In light of the nature of the relief requested, the FTDF Committee submits that no other or further notice need be given.

### IV. CONCLUSION

24. For the reasons set forth herein, the FTDF Committee respectfully requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing each Wrong Debtor Claim, in its entirety, as filed against the FTDF, for Claimants that also filed a proof of claim against USACM on account of the claim alleged in such Claimants' Wrong Debtor Claima; (iii) reclassifying without prejudice each Wrong Debtor Claim filed by a Claimant who did not file a proof of Claim against USACM on account of the claim alleged in such Claimant's Wrong Debtor Claim as a claim against USACM and reserving all rights of USACM to object to such claims at a later date; and (iv) granting such other and further relief as the Court deems just and proper.

RESPECTFULLY submitted this 13th day of February, 2007.

STUTMAN, TREISTER & GLATT, P.C.

/s/ *Andrew M. Parlen*
FRANK A. MEROLA,
EVE H. KARASIK, and
ANDREW M. PARLEN, Members of
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

and

---

[1] Given the voluminous nature of the Wrong Debtor Claims and the attachments thereto and in light of the facts that the Court has access to the FTDF claims register and the Claimants already have copies or are aware of their own respective Wrong Debtor Claims, the FTDF Committee is not filing or serving copies of the Wrong Debtor Claims along with this Objection. Copies of the Wrong Debtor Claims will be provided upon request made to the FTDF Committee's undersigned counsel.

[2] By ECF or U.S. Mail, as appropriate.

408716v1                                                    9

CANDACE C. CARLYON
SHOLOMO S. SHERMAN
Shea & Carlyon, Ltd.
228 S. Fourth Street, First Floor
Las Vegas, NV 89101
Telephone: (702) 471-7432
COUNSEL FOR THE
OFFICIAL COMMITTEE OF EQUITY
SECURITY HOLDERS
OF USA CAPITAL FIRST TRUST DEED
FUND, LLC

408716v1

# EXHIBIT "1"

## Wrong Debtor Claims

| FDTF Claim No. | Claimant | Date Signed | Claim Amount | Comments | Filed Claim Against USACM? | Proposed Disposition |
|---|---|---|---|---|---|---|
| 140 | Acres Corporation, a Nevada Corporation | December 8, 2006 | Blank | Claimant is not a FTDF Member nor is it otherwise connected to the FTDF. Proof of claim appears to be based on a loan that was made by the Claimant to Del Valle Capital Corporation. | No | Reclassify (without prejudice) claim as claim against USACM. |
| 141 | Acres Corporation, a Nevada Corporation | December 8, 2006 | $50,000.00 | Claimant is not a FTDF Member nor is it otherwise connected to the FTDF. Proof of claim appears to be based on a loan that was made by the Claimant to Fiesta Development, Inc. | No | Reclassify (without prejudice) claim as claim against USACM. |
| 142 | Acres Corporation, a Nevada Corporation | December 8, 2006 | $50,000.00 | Claimant is not a FTDF Member nor is it otherwise connected to the FTDF. Proof of claim appears to be based on a loan that was made by the Claimant to Elizabeth May Real Estate, LLC. | No | Reclassify (without prejudice) claim as claim against USACM. |

408725v1

1

| FDTF Claim No. | Claimant | Date Signed | Claim Amount | Comments | Filed Claim Against USACM? | Proposed Disposition |
|---|---|---|---|---|---|---|
| 143 | Michael C Rehberger and Jeana L Rehberger | December 8, 2006 | $50,000.00 | Claimants are not FTDF Members nor is it otherwise connected to the FTDF. Proof of claim appears to be based on a loan that was made by the Claimants to Elizabeth May Real Estate, LLC. | No | Reclassify (without prejudice) claim as claim against USACM. |
| 144 | Michael Rehberger | December 8, 2006 | $50,000.00 | Claimant is not a FTDF Member nor is he otherwise connected to the FTDF. Proof of claim appears to be based on a loan that was made by the Claimant to Cornman Toltec 160, LLC | No | Reclassify (without prejudice) claim as claim against USACM. |
| 145 | Newman Trust Dated 1/26/94 c/o David R. Newman and Sandra L. Newman Trustees | December 22, 2006 | $87,339.67 | Claimant is not a FTDF Members nor is it they otherwise connected to the FTDF. Proof of claim appears to be based on a loan that was made by the Claimant to Foxhill 216, LLC. | No | Reclassify (without prejudice) claim as claim against USACM. |

2

408725v1

| FDTF Claim No. | Claimant | Date Signed | Claim Amount | Comments | Filed Claim Against USACM? | Proposed Disposition |
|---|---|---|---|---|---|---|
| 146 | Daniel R Halseth & Sandra K Halseth Trustees of the Halseth Family Trust Totally Restated 4/21/00 | January 7, 2007 | Unliquidated | Claimant is not a FTDF Member nor is it otherwise connected to the FTDF. Proof of claim appears to be based on loans that were made by the Claimant to Roam Development Group, Bay Pompano Beach, Gateway Stone, Del Valle – Livingston, and Palm Harbor One. | Yes | Disallow in its entirety against FTDF. |
| 147 | Katrine Mirzaian | January 9, 2007 | $344,011.56 | Claimant is not a FTDF Member nor is she otherwise connected to the FTDF. Proof of claim appears to be based on loans that were made by the Claimant to Bay Pompano Beach, Foxhill 216 LLC, HFA-North Yonkers, and Midvale Marketplace. | Yes | Disallow in its entirety against FTDF. |

408725v1

3

| FDTF Claim No. | Claimant | Date Signed | Claim Amount | Comments | Filed Claim Against USACM? | Proposed Disposition |
|---|---|---|---|---|---|---|
| 149 | First Savings Bank- Custodian for: George A. DiGioia | January 5, 2007 | $281,250.00 | Claimant is not a FTDF Member nor is he otherwise connected to the FTDF. Proof of claim appears to be based on loans that were made by the Claimant to BarUSA, Placer Vineyards, and Standard Property. | No | Reclassify (without prejudice) claim as claim against USACM. |

4

408725v1