ELECTRONICALLY FILED
February 13, 2007

1  STUTMAN, TREISTER & GLATT, P.C.     SHEA & CARLYON, LTD.

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA
(CA State Bar No. 136934)
EVE H. KARASIK
(CA State Bar No. 155356)
ANDREW M. PARLEN
(CA State Bar No. 230429), Members of
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
Email:      fmerola@stutman.com
            ekarasik@stutman.com
            aparlen@stutman.com
Counsel for the Official Committee Of
Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

SHEA & CARLYON, LTD.
JAMES PATRICK SHEA
(Nevada Bar No. 000405)
CANDACE C. CARLYON
(Nevada State Bar No. 002666)
SHLOMO S. SHERMAN
(Nevada State Bar No. 009688)
228 South Fourth Street, First Floor
Las Vegas, Nevada 89101
Telephone: (702) 471-7432
Facsimile: (702) 471-7435
Email:      jshea@sheacarlyon.com
            ccarlyon@sheacarlyon.com
            ssherman@sheacarlyon.com

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>        Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>        Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>        Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>        Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>        Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| Affects<br>☐ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☒ USA First Trust Deed Fund, LLC | **Hearing**<br><br>Date:  March 15, 2007<br>Time:  9:30 a.m.<br>Place:  Courtroom #1 |

**NOTICE OF FILING AND HEARING RE SIXTH OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC – CLAIMS BASED ON PREPETITION EQUITY SECURITY INTERESTS OF USA CAPITAL FIRST TRUST DEED FUND, LLC FILED BY GERALDINE M PRICE; RUBY SIMON & EVIE SIMON; JAMES & MAUDRENE MCCONNELL, TRUSTEES; JAMES M. MCCONNELL IRA; JAMES W. SHAW IRA; AND THE COXEY LIVING TRUST 12-3-98; (AFFECTS DEBTOR USA CAPITAL FIRST TRUST DEED FUND, LLC)**

TO:    GERALDINE M. PRICE
       JAMES M. MCCONNELL (on account of the claim filed by JAMES M.
       MCCONNELL IRA)
       JAMES M. & MAUDRENE F. MCCONNELL (on account of the claim filed by
       JAMES & MAUDRENE MCCONNELL, TRUSTEES)
       JAMES W. SHAW (on account of the claim filed by JAMES W. SHAW IRA)
       KENNETH D. COXEY (on account of the claim filed by THE COXEY LIVING
       TRUST 12-3-98)
       RUBIE SIMON & EVIE SIMON
       USA CAPITAL FIRST TRUST DEED FUND, LLC
       U.S. TRUSTEE
       ALL PARTIES IN INTEREST

         **PLEASE TAKE NOTICE** that on February 13, 2007, the **"Sixth Omnibus**
**Objection of the Official Committee of Equity Security Holders of USA Capital First Trust**
**Deed Fund, LLC – Claims Based on Prepetition Equity Security Interests of USA Capital**
**First Trust Deed Fund, LLC"** (the "Objection") was filed by the Official Committee of Equity
Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee"). **The**
**Objection has been filed to reconcile various claims made against FTDF with the books and**
**records of the FTDF. You should read it. You filed a proof of claim that makes a claim**
**that is different than your interest shown in the books and records of FTDF.**

         Pursuant to the Objection, the FTDF Committee objects to the proofs of claim
referenced therein (the "Claims on Equity Interests") on the grounds that they do not reflect
"claims" against USA Capital First Trust Deed Fund, LLC ( the "FTDF") as that term is defined in
Bankruptcy Code section 101(5). Rather, the Claims on Equity Interests reflect "equity security"
interests based on the membership interests in the FTDF. Accordingly, the FTDF Committee's
position is that the Claims on Equity Interests should be reclassified as proofs of interest in the
amounts set forth on Exhibit "1" to the Objection. Furthermore, the Claims on Equity Interests
should be disallowed to the extent they assert amounts in excess or other than those reflected in the
Debtors' books and records as the amount of a particular member of the FTDF's ("FTDF Member")
interest in the FTDF as of the Petition Date, which amounts are set forth on Exhibit "1" to the
Objection. By the Objection, the FTDF Committee does not seek to prejudice the rights of any
FDTF Member who filed a Claim on Equity Interest (the "Claimants") to recover from the FTDF
estate on account of his or her membership interest in the FTDF but simply seeks the entry of a

409013v1                                    2

1  Court order that would (a) properly classify the Claims on Equity Interests that have been filed by

2  the Claimants as proofs of interest in the amount of each Claimant's respective equity interest in

3  the FTDF and (b) disallow the Claims on Equity Interests to the extent that they assert amounts in

4  addition to or other than each Claimant's equity interest in the FTDF as of the Petition Date or are

5  duplicative of other Claims on Equity Interests.  This will effectuate a pro rata distribution to all

6  similarly situated equity holders.  The Claims on Equity Interests to which this notice relates and

7  the requested treatment of such claims by the FTDF Committee are as follows:

8

| Claim No. | Claimant | Account ID # | Date of Claim | Claim Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|
| 111 | Geraldine M. Price | 590 | October 21, 2006 | $32,025.00 plus interest | $30,000.00 | Reclassify as proof of interest in the amount of $30,000.00. Disallow claim to the extent it exceeds $30,000.00 because amount asserted in excess of $30,000.00 is on account of anticipated postpetition dividends.. |

| Claim No. | Claimant | Account ID # | Date of Claim | Claim Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|
| 114 | Ruby Simon & Evie Simon | 2538 | September 12, 2006 | $46,804.96 | $45,004.50 | Reclassify as proof of interest in the amount of $45,004.50. Disallow claim to the extent it exceeds $45,004.50 because amount claimed in excess of $45,004.50 reflects book value as opposed to the amount of the Claimant's equity interest in the FTDF as of the Petition Date. |
| 134 | James & Maudrene McConnell Trustees | 6184 | December 3, 2006 | $29,999.03 | $650,000.00 | Disallow claim in full as amount asserted is solely on account of anticipated postpetition dividends. |
| 135 | James M. McConnell IRA | 10749 | December 2, 2006 | $8,695.41 | $188,406.50 | Disallow claim in full as amount asserted is solely on account of anticipated postpetition dividends. |

409013v1

4

| Claim No. | Claimant | Account ID # | Date of Claim | Claim Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|
| 138 | James W. Shaw IRA | 6071 | December 12, 2006 | $84,662.00 | $80,000.00 | Reclassify as proof of interest in the amount of $80,000.00. Disallow claim to the extent it exceeds $80,000.00 because amount asserted in excess of $80,000.00 is on account of anticipated postpetition dividends. |
| 148 | The Coxey Living Trust 12-3-98 | 6384 | November 10, 2006 | $101,260.86 | $100,000.00 | Reclassify as proof of interest in the amount of $100,000.00. Disallow claim to the extent it exceeds $100,000.00 because amount asserted in excess of $100,000.00 is on account of anticipated postpetition dividends. |

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Objection will be held before the Honorable Linda B. Riegle, United States Bankruptcy Judge, in the Foley Federal Building, 300 Las Vegas Boulevard South, Courtroom 1, Las Vegas, Nevada, **on March 15, 2007, at the hour of 9:30 a.m.**

**PLEASE TAKE FURTHER NOTICE** that this hearing may be continued from time to time without further notice except for the announcement of any adjourned dates and time at the above noticed hearing or any adjournment thereof.

1  **PLEASE TAKE FURTHER NOTICE** that any response to the Objection must

2  be filed by **March 8, 2007** pursuant to Local Rule 3007(b), which states:

3        If an objection to a claim is opposed, a written response must be
filed and served on the objecting party at least 5 business days

4  before the scheduled hearing. A response is deemed sufficient if it
states that written documentation in support of the proof of claim

5  has already been provided to the objecting party and that the

6  documentation will be provided at any evidentiary hearing or trial
on the matter.

7

8        If you object to the relief requested, you *must* file a **WRITTEN** response to this

9  pleading with the court. You *must* also serve your written response on the person who sent you

10  this notice.

11        If you do not file a written response with the court, or if you do not serve your

12  written response on the person who sent you this notice, then:

13      !    The court may *refuse to allow you to speak* at the scheduled hearing; and

14      !    The court may *rule against you* without formally calling the matter at the

15  hearing.

16

17  DATED: February 13, 2007        */s/ Andrew M. Parlen*
      Andrew M. Parlen, Esq.

18        Stutman, Treister & Glatt
      Professional Corporation

19        Counsel to the Official Committee of Equity

20        Security Holders of USA Capital First Trust
      Deed Fund, LLC

21

22

409013v1      6