ELECTRONICALLY FILED
February 13, 2007

| | |
|---|---|
| STUTMAN, TREISTER & GLATT, P.C.<br>FRANK A. MEROLA<br>(CA State Bar No. 136934)<br>EVE H. KARASIK<br>(CA State Bar No. 155356)<br>ANDREW M. PARLEN<br>(CA State Bar No. 230429), Members of<br>1901 Avenue of the Stars, 12th Floor<br>Los Angeles, California 90067<br>Telephone: (310) 228-5600<br>Facsimile: (310) 228-5788<br>Email:    fmerola@stutman.com<br>          ekarasik@stutman.com<br>          aparlen@stutman.com<br>Counsel for the Official Committee Of<br>Equity Security Holders Of USA Capital First Trust Deed Fund, LLC | SHEA & CARLYON, LTD.<br>JAMES PATRICK SHEA<br>(Nevada State Bar No. 000405)<br>CANDACE C. CARLYON<br>(Nevada State Bar No. 002666)<br>SHLOMO S. SHERMAN<br>(Nevada State Bar No. 009688)<br>228 South Fourth Street, First Floor<br>Las Vegas, Nevada 89101<br>Telephone: (702) 471-7432<br>Facsimile: (702) 471-7435<br>Email:    jshea@sheacarlyon.com<br>          ccarlyon@sheacarlyon.com<br>          ssherman@sheacarlyon.com |

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| Affects<br>☐ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☒ USA First Trust Deed Fund, LLC | **Hearing**<br>Date:  March 15, 2007<br>Time:  9:30 a.m.<br>Place: Courtroom #1 |

**NOTICE OF FILING AND HEARING RE SIXTH OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC – CLAIMS BASED ON PREPETITION EQUITY SECURITY INTERESTS OF USA CAPITAL FIRST TRUST DEED FUND, LLC FILED BY SANCHEZ LIVING TRUST, RANDY AND SHARON SANCHEZ; DEBRA A GANT-HICKEL AND RUSSELL J. HICKEL; LEWIS KASKEL TRUST DTD 5/16/01; FIRST TRUST ONAGA CUSTODIAN FOR ROBERTA SCHWARTZ IRA; PHILLIP LACKMAN & TILLIE LACKMAN; FIRST SAVINGS BANK, C/F MARGARET ROCKWOOD IRA, HENRY ARTHUR PETERS AND DONNA MARIE PETERS JTWROS; FISERV COMPANY TTEE FBO THOMAS E. SMITH ACCT #949; AND FISERV TRUST COMPANY TEE FBO PATRICIA PASCHAL ACCT #938 (AFFECTS DEBTOR USA CAPITAL FIRST TRUST DEED FUND, LLC)**

409010v1

| | |
|---|---|
| 1 | TO: DEBRA A. GANT-HICKEL AND RUSSEL J. HICKEL |

TO: DEBRA A. GANT-HICKEL AND RUSSEL J. HICKEL
FIRST SAVINGS BANK (on account of the claim filed by FIRST SAVINGS BANK, C/F MARGARET ROCKWOOD IRA, HENRY ARTHUR PETERS AND DONNA MARIE PETERS JTWROS)
FIRST TRUST CO. OF ONAGA (on account of the claim filed by FIRST TRUST CO OF ONAGA CUSTODIAN FOR ROBERTA SCHWARTZ IRA)
FISERV TRUST COMPANY (on account of claims filed by FISERV TRUST COMPANY TTEE FBO THOMAS E. SMITH ACCT #949 and FISERV TRUST COMPANY TTEE FBO PATRICIA R. PASCHAL ACCT #938)
LEWIS KASKEL (on account of the claim filed by LEWIS KASKEL TRUST, DTD 5/16/01)
MARGARET ROCKWOOD (on account of the claim filed by FIRST SAVINGS BANK, C/F MARGARET ROCKWOOD IRA, HENRY ARTHUR PETERS AND DONNA MARIE PETERS JTWROS)
PATRICIA R. PASCHAL (on account of the claim filed by FISERV TRUST COMPANY TTEE FBO PATRICIA R. PASCHAL ACCT #938)
PHILLIP & TILLIE LACKMAN
RANDY SANCHEZ (on account of the claim filed by SANCHEZ LIVING TRUST 10/13/06 RANDY AND SHARON SANCHEZ)
ROBERTA SCHWARTZ (on account of the claim filed by FIRST TRUST CO OF ONAGA CUSTODIAN FOR ROBERTA SCHWARTZ IRA)
THOMAS E. SMITH (on account of the claim filed by FISERV TRUST COMPANY TTEE FBO THOMAS E. SMITH ACCT #949)
USA CAPITAL FIRST TRUST DEED FUND, LLC
U.S. TRUSTEE
ALL PARTIES IN INTEREST

PLEASE TAKE NOTICE that on February 13, 2007, the "Sixth Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC – Claims Based on Prepetition Equity Security Interests of USA Capital First Trust Deed Fund, LLC" (the "Objection") was filed by the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee"). **The Objection has been filed to reconcile various claims made against FTDF with the books and records of the FTDF. You should read it. You filed a proof of claim that makes a claim that is different than your interest shown in the books and records of FTDF.**

Pursuant to the Objection, the FTDF Committee objects to the proofs of claim referenced therein (the "Claims on Equity Interests") on the grounds that they do not reflect "claims" against USA Capital First Trust Deed Fund, LLC ( the "FTDF") as that term is defined in Bankruptcy Code section 101(5). Rather, the Claims on Equity Interests reflect "equity security" interests based on the membership interests in the FTDF. Accordingly, the FTDF Committee's

409010v1                                              2

1  position is that the Claims on Equity Interests should be reclassified as proofs of interest in the
2  amounts set forth on Exhibit "1" to the Objection. Furthermore, the Claims on Equity Interests
3  should be disallowed to the extent they assert amounts in excess or other than those reflected in the
4  Debtors' books and records as the amount of a particular member of the FTDF's ("FTDF Member")
5  interest in the FTDF as of the Petition Date, which amounts are set forth on Exhibit "1" to the
6  Objection. By the Objection, the FTDF Committee does not seek to prejudice the rights of any
7  FDTF Member who filed a Claim on Equity Interest (the "Claimants") to recover from the FTDF
8  estate on account of his or her membership interest in the FTDF but simply seeks the entry of a
9  Court order that would (a) properly classify the Claims on Equity Interests that have been filed by
10 the Claimants as proofs of interest in the amount of each Claimant's respective equity interest in
11 the FTDF and (b) disallow the Claims on Equity Interests to the extent that they assert amounts in
12 addition to or other than each Claimant's equity interest in the FTDF as of the Petition Date or are
13 duplicative of other Claims on Equity Interests. This will effectuate a pro rata distribution to all
14 similarly situated equity holders. The Claims on Equity Interests to which this notice relates and
15 the requested treatment of such claims by the FTDF Committee are as follows:

| Claim No. | Claimant | Account ID # | Date of Claim | Claim Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|
| 40 | Sanchez Living Trust 10/13/06 Randy and Sharon Sanchez | 6490 | August 10, 2006 | $20,000.00 | $20,000.00 | Reclassify as proof of interest in the amount of $20,000.00. |

409010v1                                        3

| Claim No. | Claimant | Account ID # | Date of Claim | Claim Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|
| 41 | Debra A. Gant-Hickel and Russell J. Hickel | 8449 | August 10, 2006 | $33,245.88 | $31,967.00 | Reclassify as proof of interest in the amount of $31,976.00. Disallow claim to the extent it exceeds $31,976.00 because amount claimed in excess of $31,976.00 reflects book value as opposed to the amount of the Claimant's equity interest in the FTDF as of the Petition Date. |
| 42 | Lewis Kaskel Trust, Dtd 5/16/01 | 1816 | August 18, 2006 | $61,521.05 | $59,154.50 | Reclassify as proof of interest in the amount of $59,154.50. Disallow claim to the extent it exceeds $59,154.50 because amount claimed in excess of $59,154.50 reflects book value as opposed to the amount of the Claimant's equity interest in the FTDF as of the Petition Date. |
| 47 | First Trust Co of Onaga Custodian for Roberta Schwartz IRA | 9938 | September 21, 2006 | $50,000.00 | $50,000.00 | Reclassify as proof of interest in the amount of $50,000.00. |

409010v1

4

| Claim No. | Claimant | Account ID # | Date of Claim | Claim Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|
| 53 | Phillip Lackman & Tillie Lackman | 3590 | September 29, 2006 | $30,000.00 | $30,000.00 | Reclassify as proof of interest in the amount of $30,000.00. |
| 55 | First Savings Bank, C/F Margaret Rockwood IRA, Henry Arthur Peters and Donna Marie Peters JTWROS | 5538 | September 28, 2006 | $30,000.00 | $30,000.00 | Reclassify as proof of interest in the amount of $30,000.00. |
| 68 | Fiserv Trust Company Ttee FBO Thomas E. Smith Acct #949 | 949 | October 9, 2006 | $83,627.50 | $83,627.50 | Reclassify as proof of interest in the amount of $83,627.50. |
| 69 | Fiserv Trust Company Ttee FBO Patricia R. Paschal Acct #938 | 938 | October 9, 2006 | $200,000.00 | $200,000.00 | Reclassify as proof of interest in the amount of $200,000.00. |

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Objection will be held before the Honorable Linda B. Riegle, United States Bankruptcy Judge, in the Foley Federal Building, 300 Las Vegas Boulevard South, Courtroom 1, Las Vegas, Nevada, on **March 15, 2007, at the hour of 9:30 a.m.**

**PLEASE TAKE FURTHER NOTICE** that this hearing may be continued from time to time without further notice except for the announcement of any adjourned dates and time at the above noticed hearing or any adjournment thereof.

409010v1                                    5

**PLEASE TAKE FURTHER NOTICE** that any response to the Objection must be filed by <u>**March 8, 2007**</u> pursuant to Local Rule 3007(b), which states:

> If an objection to a claim is opposed, a written response must be filed and served on the objecting party at least 5 business days before the scheduled hearing. A response is deemed sufficient if it states that written documentation in support of the proof of claim has already been provided to the objecting party and that the documentation will be provided at any evidentiary hearing or trial on the matter.

> If you object to the relief requested, you *must* file a **WRITTEN** response to this pleading with the court. You *must* also serve your written response on the person who sent you this notice.
>
> If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:
>
> !   The court may *refuse to allow you to speak* at the scheduled hearing; and
>
> !   The court may *rule against you* without formally calling the matter at the hearing.

DATED: February 13, 2007

/s/ *Andrew M. Parlen*
Andrew M. Parlen, Esq.
Stutman, Treister & Glatt
Professional Corporation
Counsel to the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC

409010v1                                                          6