ELECTRONICALLY FILED
February 13, 2007

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA
(CA State Bar No. 136934)
EVE H. KARASIK
(CA State Bar No. 155356)
ANDREW M. PARLEN
(CA State Bar No. 230429), Members of
1901 Avenue of the Stars, 12ᵗʰ Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
Email:     fmerola@stutman.com
           ekarasik@stutman.com
           aparlen@stutman.com
Counsel for the Official Committee Of
Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

SHEA & CARLYON, LTD.
JAMES PATRICK SHEA
(Nevada State Bar No. 000405)
CANDACE C. CARLYON
(Nevada State Bar No. 002666)
SHLOMO S. SHERMAN
(Nevada State Bar No. 009688)
228 South Fourth Street, First Floor
Las Vegas, Nevada 89101
Telephone: (702) 471-7432
Facsimile: (702) 471-7435
Email:     jshea@sheacarlyon.com
           ccarlyon@sheacarlyon.com
           ssherman@sheacarlyon.com

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>　　　　　Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>　　　　　Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>　　　　　Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>　　　　　Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>　　　　　Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| Affects<br>☐ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☒ USA First Trust Deed Fund, LLC | Date:  March 15, 2007<br>Time: 9:30 a.m. |

**SEVENTH OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC – AMOUNT OF PROOFS OF INTEREST (AFFECTS DEBTOR USA CAPITAL FIRST TRUST DEED FUND, LLC)**

The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee"), hereby submits this "Seventh Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC – Amount of Proofs of Interest" (the "Objection"), pursuant to which the FTDF Committee objects to the proofs of interest referenced herein (the "Subject Interests") on the grounds that they do not assert the correct amount of the equity security interests held in USA Capital First Trust Deed Fund, LLC (the "FTDF") as of the Petition Date (defined below) by the parties who filed the Subject Interest (the "Parties").[1]  By this Objection, the FTDF Committee requests that the Subject Interests be disallowed to the extent they assert amounts in excess of each respective Party's equity interest in the FTDF as of the Petition Date as reflected in the Debtors' books and records and allowed in the amount of each Party's equity interest in the FTDF as of the Petition Date per the Debtors' books and records.  By this Objection, the FTDF Committee does not seek to prejudice the rights of any FDTF Member (as defined herein) who filed a Subject Interest to recover from the FTDF estate on account of his or her membership interest in the FTDF.  A detailed list of the Subject Interests and the relief sought with respect to each Subject Interest is set forth on Exhibit "1" hereto.

This Objection is made pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules") and is based upon the points and authorities which follow, Exhibit "1" attached hereto, the "Declaration of Matthew Kvarda (the "Kvarda Declaration") filed in support hereof, the

---

[1] This Objection applies only to proofs of interest filed by parties who did not also file proofs of claim in the FTDF case.  The FTDF Committee is filing two other objections to claims and/or proofs of interest substantially contemporaneously herewith:  (1) The "Sixth Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC," which is an objection to proofs of claim filed by FTDF Members who did not also file proofs of interest in the FTDF case; and (2) the "Eighth Omnibus Objection Of The Official Committee Of Equity Security Holders Of USA Capital First Trust Deed Fund, LLC – Proofs Of Claim And Proofs Of Interest Filed By Members Of USA Capital First Trust Deed Fund, LLC Who Filed Both Proofs Of Claim And Proofs Of Interest" which is an objection to proofs of claim and proofs of interest filed by FTDF Members who filed both proofs of claim and proofs of interest in the FTDF case.

1  pleadings referenced by docket number herein, judicial notice of which is respectfully requested,

2  and any oral argument of counsel to be presented at the time of the hearing on this Objection.

3         Based on the foregoing, the FTDF Committee request that the Court enter an

4  order (i) sustaining the Objection; (ii) disallowing the Subject Interests to the extent they exceed

5  the amount of each respective Party's equity interest in the FTDF as of the Petition Date as

6  reflected in the Debtors' books and records and allowing the Subject Interests in the amount of

7  each respective Party's equity interest in the FTDF as of the Petition Date per the Debtors' books

8  and records, which amounts are set forth on Exhibit "1" hereto; and (iii) granting such other and

9  further relief as the Court deems just and proper.

10        Respectfully submitted this 13th day of February 13, 2007.

11

12                                    STUTMAN, TREISTER & GLATT

13                                    /s/ Andrew M. Parlen
                                      ANDREW M. PARLEN, ESQ.
14                                    Professional Corporation
                                      Counsel to the Official Committee of Equity
15                                    Security Holders of USA Capital First Trust Deed
                                      Fund, LLC
16
                                      and
17

18                                    SHEA & CARLYON, LTD.
                                      CANDACE C. CARLYON, ESQ.
19                                    SHOLOMO S. SHERMAN, ESQ.
20                                    228 S. Fourth Street, First Floor
                                      Las Vegas, NV  89101
21                                    Counsel for the Official Committee of Equity
                                      Security Holders of USA Capital First Trust Deed
22                                    Fund, LLC

23

24

25

26

27

28

## POINTS AND AUTHORITIES

### I.    STATEMENT OF FACTS

**A.    General Background**

1.    On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC (the "DTDF"), and the FTDF (collectively with USA Mortgage, USA Securities, USA Realty, and the DTDF, the "Debtors") filed voluntary petitions for relief under chapter 11 the Bankruptcy Code.

2.    Thereafter, on May 9, 2006, this Court entered its <u>Order Regarding Joint Administration Without Substantive Consolidation</u> [docket no. 184] whereby the Court ordered that the Chapter 11 Cases be jointly administered under the name of USA Commercial Mortgage Company, bankruptcy case number BK-S-06-10725-LBR.

3.    On May 10, 2006, the Office of the United States Trustee (the "U.S. Trustee") appointed four separate committees in these Chapter 11 Cases, including the FTDF Committee.

4.    The FTDF Committee represents the interests of those persons who invested in the FTDF (the "FTDF Members"). FTDF Members hold equity, or membership, interests in the FTDF.

5.    On June 15, 2006, each of the Debtors filed their "Summary of Schedules and Statement of Financial Affairs" (collectively, the "Schedules") pursuant to Bankruptcy Code section 521(a)(1)(B), based upon their books and records as of the Petition Date.

6.    On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] setting the deadline of November 13, 2006, to file proofs of claim and proofs of interest in the Chapter 11 Cases.

7.    On September 15, 2006, the Court approved the "Stipulated Order re Proofs of Interest" [docket no. 1293], whereby the Debtors, the FTDF Committee, and the DTDF Committee stipulated that (1) the list of members with interests in the FTDF and the DTDF

408977v5                                          4

1    provided by the Debtors to BMC Group, the Court-approved noticing agent, shall be deemed the

2    list of equity security holders filed pursuant to Bankruptcy Rule 1007(a)(3) and shall constitute

3    prima facie evidence of the validity and amount of equity security interests in the FTDF and

4    DTDF; (2) each holder of such interests shall be given notice of the Debtor in which it has an

5    interest and, if applicable, whether that interest is alleged to be contingent or disputed; (3) it shall

6    not be necessary for the holders of such interests to file a proof of interest; and (4) the holders of

7    such interests shall be deemed to have filed a proof of interest in the amount shown on the lists

8    provided by the Debtors.

9           8.       On or about September 18, 2006, the Debtors mailed proof of claim and

10   proof of interest forms, together with instructions explaining that (i) if any equity interest holder

11   (such as a FTDF Member) wished to assert a claim (as opposed to an equity interest) against any

12   of the Debtors, then that equity holder must file a proof of claim but that proofs of claim should

13   only be filed in those instances where the claimant believed one of the Debtors owed the

14   claimant monies for such things as damages, rescission, reimbursement or contribution; and (ii)

15   if the equity interest holder had no disagreement with the amount indicated on the proof of

16   interest form included in the mailing, then that equity interest holder need take no action and his

17   or her proof of interest in the FTDF would be deemed allowed in the amount shown on the proof

18   of interest form.

19          9.       On November 15, 2006, the Debtors filed the "Debtors Third Amended

20   Joint Chapter 11 Plan Of Reorganization" (the "Plan"). Thereafter, at a hearing held on

21   December 20, 2006, the Court orally confirmed the Plan, and on January 8, 2007, the court

22   entered an order confirming the Plan [docket no. 2376].

23          **B.    The Debtors' Businesses**

24          10.      As of the Petition Date, USACM was acting as the loan servicer for 115

25   separate loans (the "Serviced Loans") having a combined outstanding loan balance of

26   approximately $960 million. See Debtors' First Amended Disclosure Statement For Debtors'

27   Third Amended Joint Plan Of Reorganization (the "Disclosure Statement") [docket no. 1798] at

28   24.

11.     According to the Debtors, there are approximately 3,600 investors (the "Direct Lenders") whose names appear as a "Lender" in the documents for one or more of the Serviced Loans. Id. Among the Direct Lenders are the FTDF and the DTDF (collectively, the "Funds").

12.     As of July 31, 2006, the FTDF had an interest as a Direct Lender in 47 of the Serviced Loans, and the aggregate outstanding balance owed to FTDF was $62,653,825. Id. at 26. All of the FTDF's loans were originated and are serviced by USACM. Id.

13.     There are approximately 950 FTDF Members, each of whom own membership interests in the FTDF. Id. It bears emphasizing that the FTDF, not the FTDF Members, is a lender on the Serviced Loans, and its investments, not those of the FTDF Members, are secured by deeds of trust. FTDF Members are only entitled to receive distributions to the extent that the profits of the FTDF exceed its losses. In other words, FTDF Members hold equity security interests in the FTDF.

14.     FTDF offered four classes of membership, Class A, B, C and D. Class A members agreed to commit their capital contributions for a period of twelve (12) months and were to receive the "Class A Preferred Return" defined as "nine percent (9%) per annum, or such other percentage determined by the manager from time to time, in its sole and absolute discretion, without reinvesting." See Second Amended and Restated Operating Agreement of FTDF, dated as of June 1, 2003, ("FTDF Operating Agreement") ¶¶ 1.13, 1.14, & 1.15 [docket no. 1591]. Class B members agreed to commit their capital contributions for a period of twenty-four (24) months and were to receive the "Class B Preferred Return" defined as "ten percent (10%) per annum, or such other percentage determined by the manager from time to time, in its sole and absolute discretion, without reinvesting." See FTDF Operating Agreement ¶¶ 1.16, 1.17, & 1.18. Class C members agreed to commit their capital contributions for a period of thirty-six (36) months and were to receive the "Class C Preferred Return" defined as "eleven percent (11%) per annum, or such other percentage determined by the manager from time to time, in its sole and absolute discretion, without reinvesting." See FTDF Operating Agreement ¶¶ 1.19, 1.20, & 1.21. The Class D member of FTDF is USA Realty, and does not receive the

1    returns described above for Class A members, Class B members, or Class C members.

2        15.    In the postpetition period, the FTDF has made two interim distributions to

3    FTDF Members in accordance with the FTDF Operating Agreement, and it is anticipated that a

4    third interim distribution may be made in the near future.

5    **C.    Analysis of Proofs of Interest Filed the FTDF Case.**

6        16.    As of the filing of this Objection, seventy-seven proofs of interest had

7    been filed in the FTDF case.  Additionally, by order of the Court dated September 14, 2006

8    [Docket No. 1279], eight (8) proofs of claim filed against the FTDF estate were reclassified as

9    proofs of interest.

10        17.    The FTDF Committee has analyzed these proofs of interest and has

11    determined that most of the proofs of interest filed in the FTDF case assert an amount that

12    corresponds with the amount of the equity interest held in the FTDF as of the Petition Date, as

13    reflected in the Debtors' books and records, by the each party that filed a proof of interest.

14    However, some of the proofs of interests filed in the FTDF case, including all nineteen (19) of

15    the Subject Interests, assert equity interests in the FTDF that do not correspond with the Debtors'

16    books and records. [2]

17        18.    A detailed listing of the Subject Interests is attached hereto as **Exhibit "1"**

18    and is incorporated herein by reference.  Exhibit "1" lists the following information for each

19    Subject Interest:  (1) the proof of interest number; (2) the name of the Party as listed on each

20    Subject Interest; (3) the Party's FTDF account identification number; (4) the date each Subject

21    Interest was signed; (5) the asserted equity interest in the FTDF on each Subject Interest; (6) the

22    amount of the Party's equity interest in the FTDF as of the Petition Date according to the

23    Debtors' books and records; and (7) the FTDF Committee's proposed disposition of each Subject

24

25    _____

[2]    As noted above, only proofs of interest filed by FTDF Members who <u>did not</u> also file proofs of claim against
26    the FTDF estate are subject to this Objection.  To the extent that they are objectionable, proofs of interest filed
      by FTDF Members who <u>did</u> also file proofs of claim against the FTDF are subject to the "Eighth Omnibus
27    Objection Of The Official Committee Of Equity Security Holders Of USA Capital First Trust Deed Fund, LLC
      – Proofs Of Claim And Proofs Of Interest Filed By Members Of USA Capital First Trust Deed Fund, LLC Who
28    Filed Both Proofs Of Claim And Proofs Of Interest" that is being filed by the FTDF Committee substantially
      contemporaneously herewith.

1    Interest. For the convenience of the Court and the Parties, a summary of the various objections

2    to the Subject Interests follows:

3                    a.        Robert E. Heller (proof of interest no. 17), Ervin J. Nelson (proof

4    of interest no. 68), Rosalie Allen Morgan (proof of interest no. 73), Louie and Charlotte Polanco

5    (claim no. 19, which has been reclassified as a proof of interest), and Heinrich Richard Weber

6    and Brigitte S. Weber (claim no. 26, which has been reclassified as a proof of interest), have

7    filed Subject Interests that assert amounts in addition to each respective Party's equity interest in

8    the FTDF on account of postpetition dividends that each such Party expected to, but did not,

9    receive from the FTDF. Because FTDF Members are only entitled to be paid dividends to the

10   extent the profits of the FTDF exceed its losses in accordance with the FTDF Operating

11   Agreement and because all postpetition distributions to FTDF Members have been made

12   pursuant to the FTDF Operating Agreement, no FTDF Member is entitled to assert a claim

13   against the FTDF for or interest in the FTDF on account of postpetition dividends that it

14   expected to, but did not, receive.

15                   b.        Clinton Dan Bowman (proof of interest no. 12), Mayretta J. Wall-

16   Bowman (proof of interest no. 21), Ernest Libman (proof of interest no. 47), and William E.

17   Hansen (proof of interest no. 61) filed Subject Interests asserting that their respective equity

18   interest in the FTDF is the "book value" set forth on the Parties' investor statements[3] as opposed

19   to the amount of each respective Party's equity interest in the FTDF as of Petition Date. Because

20   the "book value" amounts provided on a particular investor statement simply reflect an estimate

21   of the FTDF's net assets on a given day divided by the number of shares outstanding, "book

22   value" as listed on investor statements is not a proper measure of an FTDF Member's equity

23   interest in the FTDF. Rather, as set forth above, the appropriate measure of an FTDF Member's

24   equity interest in the FTDF is the amount reflected on the Debtors' books and records as of the

25   Petition Date. Accordingly, any portion of the Subject Interests asserted solely on account of

26   "book value" of FTDF Members' shares in the FTDF should be disallowed.

27   _____

28   [3]  The "book value" amounts provided on a particular investor statement simply reflect an estimate of the FTDF's
          assets (net of liabilities) on a given day divided by the number of shares outstanding."

1            c.      Sherry Dean Bullock (proof of interest no. 72), Joann L. McQuerry

2  (proof of interest no. 74), and Loughlin Family Trust (proof of interest no. 75) filed Subject

3  Interests that, in whole or in part, assert equity interests in the FTDF on account of investments

4  unrelated to the FTDF.  Specifically, $3,381.80 of the amount asserted Sherry Dean Bullock

5  relates to cash holdings in Ms. Bullock's IRAT account, all but $25,000.00 of the amount

6  asserted by Joann L. McQuerry relates to investments in deeds of trust made through USACM,

7  and the Loughlin Family Trust's entire proof of interest relates to "Fractionalized Notes and

8  Deeds of Trust" in which the Loughlin Family Trust invested through USACM.  To the extent

9  any portion of the amounts asserted in these Subject Interests related to investments other than

10  the purchase of shares in the FTDF, such as investments in deeds of trust through USACM, they

11  should be disallowed.

12            d.      Allan Ebbin (proof of interest no. 70), Frieda Moon FBO Sharon

13  C. Van Ert (claim nos. 6 and 7, which have been reclassified as proofs of interest), and Rocco J.

14  Rocco (claim no. 25, which has been reclassified as a proof of interest) filed Subject Interests

15  that do not provide an explanation for why they assert amounts greater than that reflected in the

16  Debtors' books and records as the respective Parties' equity interests in the FTDF as of the

17  Petition Date.  Because these Subject Interests allege insufficient facts to support their assertions,

18  they should be disallowed in part as set forth on Exhibit "1."

19        19.      Finally, three (3) of the Subject Interests are duplicates of previously filed

20  proofs of interest and, therefore, should be disallowed in their entirety.  The duplicative Subject

21  Interests are those filed by Robert E. Heller (proof of interest no. 20), William D. Carter (proof

22  of interest no. 62), and Joseph Grgurich (claim no. 20, which has been reclassified as a proof of

23  interest).

24        20.      In summary, the FTDF has no liability for any of the Subject Interests to

25  the extent the amounts asserted by each Subject Interest exceed the amount of the filing Party's

26  equity interest in the FTDF as of the Petition Date as reflected in the Debtors' books and records.

27  Accordingly, the Subject Interests should be disallowed in whole or in part as set forth on

28  Exhibit "1."

## II.    ARGUMENT

**A.    Interests Should Be Allowed Only in the Amounts Set Forth in the Debtors' Books and Records.**

21.    Bankruptcy Code section 502 authorizes a party in interest to object to proofs of interest. <u>See</u> 11 U.S.C. § 502(a). Upon such objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b). Although a proper proof of claim or interest is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the claim or holder of the claim or interest has the ultimate burden of persuasion as to the validity and amount of the claim or interest. <u>Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)</u>, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), <u>aff'd</u>, 91 F.3d 151 (9th Cir. 1996) (quoting <u>In re Allegheny International, Inc.</u>, 954 F.2d 167, 173-74 (3d Cir. 1992)).

22.    The Bankruptcy Appellate Panel for the Ninth Circuit explained the shifting burdens of proof with respect to objections to proofs of claim as follows:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. <u>Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward.</u> . . . The burden of persuasion is always on the claimant.

<u>Consolidated Pioneer Mortg.</u>,178 B.R. at 222, <u>aff'd</u>, 91 F.3d 151 (9th Cir. 1996) (quoting <u>In re Allegheny International, Inc.</u>, 954 F.2d 167, 173-74 (3d Cir. 1992) (citations omitted)) (emphasis added). Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability,' the claim is not prima facie valid." <u>In re Hongnisto</u>, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting <u>Consolidated Pioneer Mortg.</u>), 178 B.R. at 226) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim). <u>See also</u> <u>Consolidated Pioneer Mortg.</u>, 178 B.R. at 227 (holding that because the proof of claim did not allege sufficient facts to support the claim, the proof of claim was disallowed).

As section 502(a) refers to both claims and interests, the burden shifting analysis described above applies to proofs of interest as well as to proofs of claim. See 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest... objects.").

23.    The FTDF Committee has analyzed the Subject Interests and has determined that they assert equity interests in the FTDF in amounts greater than that reflected in the Debtors' books and records as of the Petition Date, and, for the reasons set forth in section II.B of this Objection, requests that the Subject Interests be disallowed in whole or in part as specified on Exhibit "1" hereto.

**B.    A Subject Interest Should Be Disallowed to the Extent It Exceeds the Amount of a Particular Party's Interest in the FTDF as of the Petition Date as Reflected in the Debtors' Books and Records.**

24.    As detailed in paragraphs 18(a)-(d) supra, the Parties who filed the Subject Interests assert claims in excess of the amount of their equity interests in the FTDF as of the Petition Date according to the Debtors' books and records. Parties who have done so fall into one of four groups: (1) those that have filed proofs of interest that assert entitlement to anticipated but unpaid postpetition dividends; (2) those that assert "book value" as the proper measure of an FTDF Member's equity interest in the FTDF; (3) those that assert equity interests in the FTDF on account of investments in deeds of trust made through USACM; and (4) those that assert equity interests in excess of that reflected in the Debtors books and records as of the Petition Date, yet do not provide a basis for this excess amount. For the reasons set forth below, none of these grounds provides a basis for FTDF Members to assert an equity interest in (or a claim against) the FTDF.

**1.    FTDF Members Do Not Have Valid Interests In or Claims Against the FTDF for Anticipated but Unpaid Postpetition Dividends.**

25.    As set forth in paragraph 18(a), some Parties have filed proofs of interest that assert interests in and/or claims against the FTDF on account dividends that they expected to receive in the postpetition period. To the extent that Parties assert amounts for anticipated but unpaid postpetition dividends in addition to their interest in the FTDF as of the Petition Date, the

1    Subject Interests should be disallowed.  FTDF Members have no right to receive postpetition

2    dividends from the FTDF except as set forth in the FTDF Operating Agreement.  All postpetition

3    distributions authorized by the FTDF Operating Agreement to FTDF Members have been made,

4    with each FTDF Member receiving the same percentage return as the other FTDF Members in

5    the respective FTDF Member's class.  While FTDF Members may have expected a certain

6    monthly distribution based on the FTDF's historical prepetition performance, FTDF Members

7    have no right to such distributions unless the FTDF's profits are high enough to produce the

8    anticipated dividend.  During the FTDF's bankruptcy, the FTDF has had to hold back funds in

9    order to reserve for the FTDF's administrative expenses and certain unsecured claims filed

10   against the FTDF, which holdbacks have resulted in reduced profits as compared to the

11   prepetition period.  Accordingly, all authorized unpaid postpetition dividends have been paid to

12   FTDF Members.

13          **2.     "Book Value" Is Not a Proper Measure of an FTDF Member's Interest in the
              FTDF.**

14

15          26.     Certain Parties, as detailed supra in paragraph 18(b), have filed Subject

16   Interests in amounts described as "book value" on investor statements provided to FTDF

17   Members by the FTDF.  Because "book value" as listed on investor statements is not the proper

18   measure of an FTDF Member's equity interest in the FTDF, these Subject Interests should be

19   disallowed to the extent they exceed the amount of particular Party's equity interest in the FTDF

20   as of the Petition Date.

21          27.     An FTDF Member's equity interest is the amount that the FTDF Member

22   has invested in the FTDF, either through the purchase of shares or the reinvestment of dividends.

23   In contrast, the "book value" listed on an FTDF Member's investor statement simply represents

24   an estimate of the FTDF's net assets on a given day divided by the number of shares outstanding.

25   Because it is an estimate that constantly changes, "book value" should not be the benchmark

26   used to determine each FTDF Member's interest in the FTDF.  In contrast, the amount of each

27   FTDF Member's equity interest in the FTDF as of the Petition Date is a value that is a fixed

28   amount that is readily ascertainable from the Debtors' books and records.  Therefore, where any

Subject Interest asserts an amount in excess of a Party's equity interest in the FTDF as of the

408977v5                                    12

Petition Date on account of the "book value" listed on an investor statement, the Subject Interest should be disallowed to the extent it exceeds such amount.

### 3.    Investments Aside from the Purchase of Shares in the FTDF are Not Grounds for Asserting Equity Interests in the FTDF.

28.    Certain Parties, identified in paragraph 18(c), have filed Subject Claims that assert equity interests in whole or in part on account of investments other than the purchase of shares in the FTDF, including investments deeds of trust through USACM.  Because investing in deeds of trust and lending money to borrowers through USACM is wholly distinct from purchasing shares in the FTDF and thereby acquiring an equity interest in the FTDF, such Parties cannot assert equity interests in the FTDF on account of such investments.  Accordingly, the Subject Interests that rely on investments made through USACM as the basis for asserting equity interests in the FTDF should be disallowed in whole or in part as set forth on Exhibit "1" hereto.

### 4.    Subject Interests that Fail to Substantiate the Basis for Asserted Equity Interests in the FTDF Should Be Disallowed to the Extent They Assert Amounts in Excess of the Equity Interests of FTDF Members as of the Petition Date as Reflected in the Debtors' Books and Records.

29.    The Subject Interests identified in paragraph 18(d) supra assert equity interests in the FTDF in excess of the amount of a particular Party's equity interest in the FTDF as of the Petition Date as reflected in the Debtors' books and records yet do not provide a basis for asserting such excess amount.  As set forth in paragraphs 22 and 23 supra, a party filing a proof of interest bears must allege sufficient facts to support its alleged interest.  These Subject Interests do not provide any supporting documentation that provides a basis for asserting an equity interest in the FTDF that exceeds that reflected in the Debtors' books and records.  As such, these Subject Interests should be disallowed in part as set forth on Exhibit "1" hereto.

## C.    Duplicative Interests Should Be Disallowed.

30.    Finally, as set forth in paragraph 19, some of the Subject Interests are duplicative of other proofs of interest filed in the FTDF case and, accordingly, should be disallowed.  Section 502(b)(1) of the Bankruptcy Code provides that the bankruptcy court shall not allow a claim that "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or

1  unmatured." 11 U.S.C. § 502(b)(1).  Section 502 therefore precludes the allowance of

2  duplicative proofs of interest because applicable law plainly prevents a claimant from recovering

3  twice on a single interest.  See Fine Organics Corp. v. Hexcel Corp. (In re Hexcel Corp.), 174

4  B.R. 807, 811 (Bankr. N.D. Cal. 1994) (noting the bankruptcy policy "intended to protect the

5  limited assets of the estate from duplicative claims"); In re Finley, Kumble, Wagner, Heine,

6  Underberg, Manley, Myerson & Casey, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("to allow

7  one creditor to assert two dollars in claims for every one dollar of loss from the same debtor

8  violates principles of ratable distribution and offends notions of uniform treatment for creditors")

9  (quotations omitted). Therefore, all duplicative Subject Interests should be disallowed.

10                                    **III.    NOTICE**

11            31.    This Objection[4] will be served[5] on (i) the parties who filed the Subject

12  Interests at the addresses set forth on the parties' respective proofs of interest, (ii) all parties on

13  Master Service List for Limited Notice #6 Dated January 12, 2007 and (iii) all parties who have

14  filed requests for special notice since the filing of such master service list.  In light of the nature

15  of the relief requested, the FTDF Committee submits that no other or further notice need be

16  given.

17                                **IV.    CONCLUSION**

18            32.    For the reasons set forth herein, the FTDF Committee respectfully

19  requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing the Subject

20  Interests to the extent they exceed the amount of each respective Party's equity interest in the

21  FTDF as of the Petition Date as reflected in the Debtors' books and records and allowing the

22  Subject Interests in the amount of each respective Party's equity interest in the FTDF as of the

23  Petition Date per the Debtors' books and records, which amounts are set forth on Exhibit "1"

24  hereto; and (iii) granting such other and further relief as the Court deems just and proper.

25

26  _____

27  [4]  Given the voluminous nature of the Subject Interests and the attachments thereto and in light of the facts that
     the Court has access to proofs of interest filed in the FTDF case and the filing parties already have copies or are
     aware of their own respective Subject Interests, the FTDF Committee is not filing or serving copies of the
28  Subject Interests along with this Objection. Copies of the Subject Interests will be provided upon request to the
     FTDF Committee's counsel.
     [5]  By ECF or U.S. Mail, as appropriate.

1

2    Respectfully submitted this 13th day of February 13, 2007.

3

4    STUTMAN, TREISTER & GLATT

5    /s/ *Andrew M. Parlen*
     ANDREW M. PARLEN, ESQ.

6    Professional Corporation
     Counsel to the Official Committee of Equity

7    Security Holders of USA Capital First Trust Deed
     Fund, LLC

8

9    and

10   SHEA & CARLYON, LTD.

11   CANDACE C. CARLYON, ESQ.
     SHOLOMO S. SHERMAN, ESQ.

12   228 S. Fourth Street, First Floor
     Las Vegas, NV  89101

13   Counsel for the Official Committee of Equity
     Security Holders of USA Capital First Trust Deed

14   Fund, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

408977v5                                15

**EXHIBIT "1"**

**Proofs of Interest Subject to Objection**

| Proof of Interest No. | Equity Interest Holder | Account ID # | Date Proof of Interest | Asserted Equity Interest Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|
| 12 | Clinton Dan Bowman | 9649 | 9/28/06 | $341,489.42 | $334,551.00 | Disallow proof of interest to the extent it exceeds $334,551.00. The amount asserted in excess of $334,551.00 reflects book value as opposed to the amount of the FTDF Member's equity interest in the FTDF as of the Petition Date. |
| 17 | Robert E. Heller | 10553 | 10/30/06 | $20,732.97 | $20,000.00 | Disallow proof of interest to the extent it exceeds $20,000.00. The amount asserted in excess of $20,000.00 is on account of anticipated but unpaid postpetition dividends. |
| 20 | Robert E. Heller | 10553 | 10/30/06 | $20,732.97 | $20,000.00 | Disallow proof of interest as duplicative of proof of interest no. 17. |

1

\* While filed as a proof of claim against the FTDF, the document has been reclassified as a proof of interest pursuant to the "Order Sustaining Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Claims Based on Prepetition Equity Security Holders" entered by the Bankruptcy Court on September 14, 2006 [Docket No. 1278].

406629v1

| Proof of Interest No. | Equity Interest Holder | Account ID # | Date Proof of Interest | Asserted Equity Interest Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|
| 27 | Maryetta J. Wall-Bowman | 9853 | 10/12/06 | $37,409.54 | $35,970.50 | Disallow proof of interest to the extent it exceeds $35,970.50. The amount asserted in excess of $35,970.50 reflects book value as opposed to the amount of the FTDF Member's equity interest in the FTDF as of the Petition Date. |
| 47 | Ernest Libman | 10738 | 11/7/06 | $16,327.58 | $15,699.50 | Disallow proof of interest to the extent it exceeds $15,699.50. The amount asserted in excess of $15,599.50 reflects book value as opposed to the amount of the FTDF Member's equity interest in the FTDF as of the Petition Date. |

2

\* While filed as a proof of claim against the FTDF, the document has been reclassified as a proof of interest pursuant to the "Order Sustaining Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Claims Based on Prepetition Equity Security Holders" entered by the Bankruptcy Court on September 14, 2006 [Docket No. 1278].

406629v1

| Proof of Interest No. | Equity Interest Holder | Account ID # | Date Proof of Interest | Asserted Equity Interest Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|
| 61 | William E. Hansen | 3162 | 11/6/06 | $52,018.28 | $50,000.00 | Disallow proof of interest to the extent it exceeds $50,000.00. The amount asserted in excess of $50,000.00 reflects book value as opposed to the amount of the FTDF Member's equity interest in the FTDF as of the Petition Date. |
| 62 | William D. Carter | 4784 | 11/5/06 | $75,000.00 | $75,000.00 | Disallow proof of interest as duplicative of proof of interest no. 48. Proof of interest no. 48 is not subject to this objection. |
| 68 | Ervin J. Nelson | 4053 | | $104,950.00 | $103,277.00 | Disallow proof of interest to the extent it exceeds $103,277.00. The amount asserted in excess of $103,277.00 is on account of anticipated but unpaid postpetition dividends. |

3

\* While filed as a proof of claim against the FTDF, the document has been reclassified as a proof of interest pursuant to the "Order Sustaining Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Claims Based on Prepetition Equity Security Holders" entered by the Bankruptcy Court on September 14, 2006 [Docket No. 1278].

406629v1

| Proof of Interest No. | Equity Interest Holder | Account ID # | Date Proof of Interest | Asserted Equity Interest Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|
| 70 | Allan Ebbin | 8316 | | $110,824.62 | $106,561.50 | Disallow proof of interest to the extent it exceeds $106,561.50. The filed proof of interest asserts no basis for the amount in excess of $106,561.50. |
| 72 | Sherry Dean Bullock | 9053 | 11/10/06 | $45,457.80 | $42,070.50 | Disallow proof of interest to the extent it exceeds $42,070.50. The amount asserted in excess of $42,070.50 is on account of an investment unrelated to the USA Capital bankruptcy cases. |
| 73 | Rosalie Allen Morgan | 8238 | 11/13/06 | $105,342.00 plus interest | $105,342.00 | Disallow proof of interest to the extent it exceeds $105,342.00. The amount asserted in excess of $105,342.00 is on account of anticipated but unpaid postpetition dividends. |

4

\* While filed as a proof of claim against the FTDF, the document has been reclassified as a proof of interest pursuant to the "Order Sustaining Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Claims Based on Prepetition Equity Security Holders" entered by the Bankruptcy Court on September 14, 2006 [Docket No. 1278].

406629v1

| Proof of Interest No. | Equity Interest Holder | Account ID # | Date Proof of Interest | Asserted Equity Interest Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|
| 74 | Joann L McQuerry | 5627 | 12/4/06 | $655,584.00 plus interest | $25,000.00 | Disallow proof of interest to the extent it exceeds $25,000.00. The amount asserted in excess of $25,000.00 are on account of investments made in deeds of trust through USA Commercial Mortgage Company. |
| 75 | Loughlin Family Trust | N/A | 12/4/06 | $1,055,000.00 | $0.00 | Disallow proof of interest in full because Loughlin Family Trust is not a member of the FTDF. The amount asserted by the proof of interest is on account of investments made in deeds of trust through USA Commercial Mortgage Company. |

5

* While filed as a proof of claim against the FTDF, the document has been reclassified as a proof of interest pursuant to the "Order Sustaining Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Claims Based on Prepetition Equity Security Holders" entered by the Bankruptcy Court on September 14, 2006 [Docket No. 1278].

| Proof of Interest No. | Equity Interest Holder | Account ID # | Date Proof of Interest | Asserted Equity Interest Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|
| FTDF Claim no. 6* | Frieda Moon FBO Sharon C. Van Ert | 4153 | May 23, 2006 | $35,583.34 | $35,000.00 | Disallow proof of interest to the extent it exceeds $35,000.00. The filed proof of interest asserts no basis for the amount in excess of $35,000.00. |
| FTDF Claim no. 7* | Frieda Moon FBO Sharon C. Van Ert | 1538 | May 23, 2006 | $17,538.18 | $17,279.00 | Disallow proof of interest to the extent it exceeds $17,279.00. The filed proof of interest asserts no basis for the amount in excess of $17,279.00. |
| FTDF Claim no. 19* | Louie and Charlotte Polanco | 471 | June 23, 2006 | $13,110.26 | $12,214.50 | Disallow proof of interest to the extent it exceeds $12,214.00. The amount asserted in excess of $12,214.50 is on account of anticipated but unpaid postpetition dividends. |
| FTDF Claim no. 20* | Joseph Grgurich | 9690 | June 23, 2006 | $25,000.00 | $25,000.00 | Disallow proof of interest as duplicative of proof of interest that was formerly FTDF claim no. 2. |

6

* While filed as a proof of claim against the FTDF, the document has been reclassified as a proof of interest pursuant to the "Order Sustaining Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Claims Based on Prepetition Equity Security Holders" entered by the Bankruptcy Court on September 14, 2006 [Docket No. 1278].

406629v1

| Proof of Interest No. | Equity Interest Holder | Account ID # | Date Proof of Interest | Asserted Equity Interest Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|
| FTDF Claim no. 25* | Rocco J. Rocco | 6016 | July 7, 2006 | $10,132.00 | $10,000.00 | Disallow proof of interest to the extent it exceeds $10,00.00. The filed proof of interest asserts no basis for the amount in excess of $10,000.00. |
| FTDF Claim no. 26* | Heinrich Richard Weber and Brigitte S. Weber | 9771 | July 21, 2006 | $30,275.00 | $30,000.00 | Disallow proof of interest to the extent it exceeds $30,00.00. The amount asserted in excess of $30,000.00 is on account of anticipated but unpaid postpetition dividends. |

7

* While filed as a proof of claim against the FTDF, the document has been reclassified as a proof of interest pursuant to the "Order Sustaining Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Claims Based on Prepetition Equity Security Holders" entered by the Bankruptcy Court on September 14, 2006 [Docket No. 1278].

406629v1