ELECTRONICALLY FILED
February 13, 2007

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA
(CA State Bar No. 136934)
EVE H. KARASIK
(CA State Bar No. 155356)
ANDREW M. PARLEN
(CA State Bar No. 230429), Members of
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
Email:        fmerola@stutman.com
              ekarasik@stutman.com
              aparlen@stutman.com
Counsel for the Official Committee Of
Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

SHEA & CARLYON, LTD.
JAMES PATRICK SHEA
(Nevada State Bar No. 000405)
CANDACE C. CARLYON
(Nevada State Bar No. 002666)
SHLOMO S. SHERMAN
(Nevada State Bar No. 009688)
228 South Fourth Street, First Floor
Las Vegas, Nevada 89101
Telephone: (702) 471-7432
Facsimile: (702) 471-7435
Email:        jshea@sheacarlyon.com
              ccarlyon@sheacarlyon.com
              ssherman@sheacarlyon.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| Affects<br>☐ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☒ USA First Trust Deed Fund, LLC | Date:   March 15, 2007<br>Time:  9:30 a.m. |

**EIGHTH OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC – PROOFS OF CLAIM AND PROOFS OF INTEREST FILED BY MEMBERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC WHO FILED BOTH PROOFS OF CLAIM AND PROOFS OF INTEREST (AFFECTS DEBTOR USA CAPITAL FIRST TRUST DEED FUND, LLC)**

408990v2

1    The Official Committee of Equity Security Holders of USA Capital First Trust

2    Deed Fund, LLC (the "FTDF Committee"), hereby submits this "Eighth Omnibus Objection Of

3    The Official Committee Of Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

4    – Proofs Of Claim And Proofs Of Interest Filed By Members Of USA Capital First Trust Deed

5    Fund, LLC Who Filed Both Proofs Of Claim And Proofs Of Interest" (the "Objection"), pursuant

6    to which the FTDF Committee objects to (a) the proofs of claim referenced herein filed by FTDF

7    Members (defined below) (the "Claims on Equity Interest") on the grounds that they are

8    duplicative of proofs of interest filed by such FTDF Members, and (b) proofs of interest referenced

9    herein (the "Subject Interests") on the grounds that they do not assert the correct amount of the

10   equity security interests held in USA Capital First Trust Deed Fund, LLC (the "FTDF") as of the

11   Petition Date (defined below) by the FTDF Members (defined below).[1]  By this Objection, the

12   FTDF Committee requests that (a) the Claims on Equity Interests be disallowed and expunged in

13   full and (b) the Subject Interests be disallowed to the extent they assert amounts in excess of each

14   respective FTDF Member's equity interest in the FTDF as of the Petition Date as reflected in the

15   Debtors' books and records.  By this Objection, the FTDF Committee does not seek to prejudice

16   the rights of any FDTF Member  who filed a Claim on Equity Interest or Subject Interest to

17   recover from the FTDF estate on account of his or her membership interest in the FTDF.  A

18   detailed list of the Claims on Equity Interests and Subject Interests and the relief sought with

19   respect to each Claim on Equity Interest and Subject Interest is set forth on Exhibit "1" hereto.

20        This Objection is made pursuant to section 502 of chapter 11 of title 11 of the

21   United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy

22   Procedure ("Bankruptcy Rules"), and Rule 3007 of the Local Rules of Bankruptcy Practice (the

23

24   _____

25   [1]   This Objection applies only to FTDF Members who filed both proofs of claim and proofs of interest in the
          FTDF case.  The FTDF Committee is filing two other objections to claims and/or proofs of interest substantially

26        contemporaneously herewith:  (1) The "Sixth Omnibus Objection of the Official Committee of Equity Security
          Holders of USA Capital First Trust Deed Fund, LLC to Claims Based on Prepetition Equity Security Interests

27        of USA Capital First Trust Deed Fund, LLC," which is an objection to proofs of claim filed by FTDF Members
          who did not also file proofs of interest in the FTDF case; and (2) the "Seventh Omnibus Objection of the

28        Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Proofs of
          Interest" which is an objection to interest filed by FTDF Members who did not also file proofs of claim in the
          FTDF case.

1  "Local Rules") and is based upon the points and authorities which follow, Exhibit "1" attached

2  hereto, the "Declaration of Matthew Kvarda (the "Kvarda Declaration") filed in support hereof,

3  the pleadings referenced by docket number herein, judicial notice of which is respectfully

4  requested, and any oral argument of counsel to be presented at the time of the hearing on this

5  Objection.

6        Based on the foregoing, the FTDF Committee request that the Court enter an

7  order (i) sustaining the Objection; (ii) disallowing the Claims on Equity Interest; (iii) disallowing

8  the Subject Interests to the extent they exceed the amounts set forth on Exhibit "1" hereto; and

9  (iv) granting such other and further relief as the Court deems just and proper.

10        Respectfully submitted this 13th day of February 13, 2007.

11

12                 STUTMAN, TREISTER & GLATT

13                 */s/ Andrew M. Parlen*
                   ANDREW M. PARLEN, ESQ.

14                 Professional Corporation
                   Counsel to the Official Committee of Equity

15                 Security Holders of USA Capital First Trust Deed
                   Fund, LLC

16

17                 and

18

19                 SHEA & CARLYON, LTD.
                   CANDACE C. CARLYON, ESQ.

20                 SHOLOMO S. SHERMAN, ESQ.
                    228 S. Fourth Street, First Floor

21                 Las Vegas, NV  89101
                   Telephone:  (702) 471-7432

22

23                 Counsel for the Official Committee of Equity
                   Security Holders of USA Capital First Trust Deed

24                 Fund, LLC

25

26

27

28

408990v2              3

**POINTS AND AUTHORITIES**

## I.    STATEMENT OF FACTS

**A.    General Background**

1.    On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC (the "DTDF"), and the FTDF (collectively with USA Mortgage, USA Securities, USA Realty, and the DTDF, the "Debtors") filed voluntary petitions for relief under chapter 11 the Bankruptcy Code.

2.    Thereafter, on May 9, 2006, this Court entered its <u>Order Regarding Joint Administration Without Substantive Consolidation</u> [docket no. 184] whereby the Court ordered that the Chapter 11 Cases be jointly administered under the name of USA Commercial Mortgage Company, bankruptcy case number BK-S-06-10725-LBR.

3.    On May 10, 2006, the Office of the United States Trustee (the "U.S. Trustee") appointed four separate committees in these Chapter 11 Cases, including the FTDF Committee.

4.    The FTDF Committee represents the interests of those persons who invested in the FTDF (the "FTDF Members"). FTDF Members hold equity, or membership, interests in the FTDF.

5.    On June 15, 2006, each of the Debtors filed their "Summary of Schedules and Statement of Financial Affairs" (collectively, the "Schedules") pursuant to Bankruptcy Code section 521(a)(1)(B), based upon their books and records as of the Petition Date.

6.    On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] setting the deadline of November 13, 2006, to file proofs of claim and proofs of interest in the Chapter 11 Cases.

7.    On September 15, 2006, the Court approved the "Stipulated Order re Proofs of Interest" [docket no. 1293], whereby the Debtors, the FTDF Committee, and the DTDF Committee stipulated that (1) the list of members with interests in the FTDF and the DTDF

1  provided by the Debtors to BMC Group, the Court-approved noticing agent, shall be deemed the

2  list of equity security holders filed pursuant to Bankruptcy Rule 1007(a)(3) and shall constitute

3  prima facie evidence of the validity and amount of equity security interests in the FTDF and

4  DTDF; (2) each holder of such interests shall be given notice of the Debtor in which it has an

5  interest and, if applicable, whether that interest is alleged to be contingent or disputed; (3) it shall

6  not be necessary for the holders of such interests to file a proof of interest; and (4) the holders of

7  such interests shall be deemed to have filed a proof of interest in the amount shown on the lists

8  provided by the Debtors.

9          8.      On or about September 18, 2006, the Debtors mailed proof of claim and

10 proof of interest forms, together with instructions explaining that (i) if any equity interest holder

11 (such as a FTDF Member) wished to assert a claim (as opposed to an equity interest) against any

12 of the Debtors, then that equity holder must file a proof of claim but that proofs of claim should

13 only be filed in those instances where the claimant believed one of the Debtors owed the

14 claimant monies for such things as damages, rescission, reimbursement or contribution; and (ii)

15 if the equity interest holder had no disagreement with the amount indicated on the proof of

16 interest form included in the mailing, then that equity interest holder need take no action and his

17 or her proof of interest in the FTDF would be deemed allowed in the amount shown on the proof

18 of interest form.

19         9.      On November 15, 2006, the Debtors filed the "Debtors Third Amended

20 Joint Chapter 11 Plan Of Reorganization" (the "Plan").  Thereafter, at a hearing held on

21 December 20, 2006, the Court orally confirmed the Plan, and on January 8, 2007, the court

22 entered an order confirming the Plan [docket no. 2376].

23         **B.      The Debtors' Businesses**

24         10.     As of the Petition Date, USACM was acting as the loan servicer for 115

25 separate loans (the "Serviced Loans") having a combined outstanding loan balance of

26 approximately $960 million.  See Debtors' First Amended Disclosure Statement For Debtors'

27 Third Amended Joint Plan Of Reorganization (the "Disclosure Statement") [docket no. 1798] at

28 24.

11.     According to the Debtors, there are approximately 3,600 investors (the "Direct Lenders") whose names appear as a "Lender" in the documents for one or more of the Serviced Loans. Id. Among the Direct Lenders are the FTDF and the DTDF (collectively, the "Funds").

12.     As of July 31, 2006, the FTDF had an interest as a Direct Lender in 47 of the Serviced Loans, and the aggregate outstanding balance owed to FTDF was $62,653,825. Id. at 26. All of the FTDF's loans were originated and are serviced by USACM. Id.

13.     There are approximately 950 FTDF Members, each of whom own membership interests in the FTDF. Id. It bears emphasizing that the FTDF, not the FTDF Members, is a lender on the Serviced Loans, and its investments, not those of the FTDF Members, are secured by deeds of trust. FTDF Members are only entitled to receive distributions to the extent that the profits of the FTDF exceed its losses. In other words, FTDF Members hold equity security interests in the FTDF.

14.     FTDF offered four classes of membership, Class A, B, C and D. Class A members agreed to commit their capital contributions for a period of twelve (12) months and were to receive the "Class A Preferred Return" defined as "nine percent (9%) per annum, or such other percentage determined by the manager from time to time, in its sole and absolute discretion, without reinvesting." See Second Amended and Restated Operating Agreement of FTDF, dated as of June 1, 2003, ("FTDF Operating Agreement") ¶¶ 1.13, 1.14, & 1.15 [docket no. 1591]. Class B members agreed to commit their capital contributions for a period of twenty-four (24) months and were to receive the "Class B Preferred Return" defined as "ten percent (10%) per annum, or such other percentage determined by the manager from time to time, in its sole and absolute discretion, without reinvesting." See FTDF Operating Agreement ¶¶ 1.16, 1.17, & 1.18. Class C members agreed to commit their capital contributions for a period of thirty-six (36) months and were to receive the "Class C Preferred Return" defined as "eleven percent (11%) per annum, or such other percentage determined by the manager from time to time, in its sole and absolute discretion, without reinvesting." See FTDF Operating Agreement ¶¶ 1.19, 1.20, & 1.21. The Class D member of FTDF is USA Realty, and does not receive the

returns described above for Class A members, Class B members, or Class C members.

15.    In the postpetition period, the FTDF has made two interim distributions to FTDF Members in accordance with the FTDF Operating Agreement, and it is anticipated that a third interim distribution may be made in the near future.

**C.    Analysis of Proofs of Claim Filed Against the FTDF**

16.    On August 1, 2006, the FTDF Committee filed three objections to claims: (i) the Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Misfiled Claims [Docket No. 1064]; (ii) the Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Claims Based on Prepetition Equity Security Interests of USA Capital First Trust Deed Fund, LLC [Docket No. 1066]; and (iii) the Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Proof of Claim Filed by Prospect High Income Fund, ML CBOIV (Cayman) Ltd., Pamco Cayman, Ltd., Pam Capital Funding, L.P., and Highland Crusader Fund, Ltd., and PCMG Trading Partners XXIII, L.P. (the "Highland Capital Claim") [Docket No. 1068]. The two omnibus objections were sustained by orders of the Court dated September 14, 2006 [Docket Nos. 1278 and 1279]. The Highland Capital claim was later disallowed by order of the Court dated October 26, 2006 [Docket No. 1674].

17.    On December 22, 2006, the FTDF objected to three proofs of claim filed against the FTDF by the Pension Benefit Guaranty Corporation (the "PBGC") [Docket No. 2254]. Subsequently, on January 25, 2007, the PBGC stipulated to withdraw its claims against the FTDF [Docket No. 2560].

18.    On December 26, 2006, the FTDF Committee filed a claim objection to FTDF claim number 120 filed by Standard Property Development, LLC, which objection is pending. A hearing was held on this objection on January 31, 2007, at which time the objection was continued to February 15, 2007.

19.    On December 27, 2006, the FTDF Committee filed two omnibus objections to claims: (i) the Second Omnibus Objection of the Official Committee of Equity

1  Security Holders of USA Capital First Trust Deed Fund, LLC to Misfiled Claims [Docket No.

2  2285]; and (ii) the Omnibus Objection Of The Official Committee Of Equity Security Holders

3  Of USA Capital First Trust Deed Fund, LLC To Claims Superseded By Compromise Contained

4  In Debtors' Third Amended Joint Chapter 11 Plan Of Reorganization (As Modified) [Docket No.

5  2295]. These objections were sustained by orders of the Court dated February 7, 2007 [Docket

6  Nos. 2709 and 2711].

7         20.    As of the filing of this Objection, 69 proofs of claim filed against the

8  FTDF remain outstanding. The FTDF Committee has analyzed these proofs of claim and has

9  determined that thirty-six (36) of these proofs of claim are Claims on Equity Interests filed by

10  FTDF Members[2] and, therefore, do not reflect "claims" as that term is defined in Bankruptcy

11  Code section 101(5). Rather, a review of the Claims on Equity Interests themselves, the FTDF's

12  Operating Agreement, and the Schedules filed by the FTDF makes it abundantly clear that the

13  Claims on Equity Interests are based on the prepetition membership interests in the FTDF, which

14  constitute prepetition "equity security" interests of the FTDF. As such, the FTDF Committee

15  believes that the Claims on Equity Interests should be reclassified as proofs of interest.

16  **D.    Analysis of Proofs of Interest Filed the FTDF Case.**

17         21.    As of the filing of this Objection, seventy-seven proofs of interest had

18  been filed in the FTDF case. Additionally, by order of the Court dated September 14, 2006

19  [Docket No. 1279], eight (8) proofs of claim filed against the FTDF estate were reclassified as

20  proofs of interest.

21         22.    The FTDF Committee has analyzed these proofs of interest and has

22  determined that most of the proofs of interest filed in the FTDF case assert an amount that

23  corresponds with the amount of the equity interest held in the FTDF as of the Petition Date, as

24

25

26  [2] As noted above, only proofs of claim and proofs of interest filed by FTDF Members who both proofs of claim and proofs of interest are subject to this Objection. Proofs of claim filed by FTDF Members who did not also file proofs of interest in the FTDF case are subject to the "Sixth Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC – Claims" that is being filed by the FTDF Committee substantially contemporaneously herewith. Objectionable proofs of interest filed by FTDF Members who did not also filed proofs of claim against the FTDF are subject to the "Seventh Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC to Proofs of Interest."

1   reflected in the Debtors' books and records, by the each party that filed a proof of interest.

2   However, some of the proofs of interests filed in the FTDF case, including the four (4) Subject

3   Interests, assert equity interests in the FTDF that do not correspond with the Debtors' books and

4   records.

5   **E.**     **The Claims on Equity Interests and the Subject Interests.**

6         23.     A detailed listing of the Claims on Equity Interests and the Subject

7   Interests is attached hereto as **Exhibit "1"** and is incorporated herein by reference. Exhibit "1"

8   lists the following information for each FTDF Member that filed both a Claim on Equity Interest

9   and a proof of interest (of which four proofs of interest are Subject Interests): (1) FTDF

10   Member's name; (2) the FTDF Member's account identification number; (3) the proof of claim

11   number(s) for each Claim on Equity Interest; (4) the date each Claim on Equity Interest was

12   signed; (5) the amount asserted by each Claim on Equity Interest; (6) the FTDF Member's proof

13   of interest number; (7) the date each proof of interest was signed; (8) the amount asserted by

14   each proof of interest; (9) the amount of the FTDF Member's equity interest in the FTDF as of

15   the Petition Date as reflected in the Debtors' books and records; and (10) the FTDF Committee's

16   proposed disposition of each Claim on Equity Interest and Subject Interest. For the convenience

17   of the Court and the Parties, a summary of the various objections to the Claims on Equity

18   Interests and the Subject Interests follows:

19         a.     Many of the FTDF Members who filed both proofs of claim and

20   proofs of interest in the FTDF case, filed both their claims and interests in an amount that

21   corresponds with the equity interest held by each respective FTDF Member in the FTDF as of

22   the Petition Date per the Debtors' books and records. These FTDF Members are as follows:

23

24   ///

25   ///

26   ///

27   ///

28   ///

408990v2

| FTDF Member | Account ID# | Proof of Claim No(s). | Claim Amount | Proof of Interest No. | Proof of Interest Amount | Amount of Equity Interest As of Petition Date Per Debtors' Books and Records |
|---|---|---|---|---|---|---|
| Bill McHugh POA for Harry McHugh Revocable Trust | 10349 | 73 | $30,000.00 | 31 | $30,000.00 | $30,000.00 |
| Fiserv Trust Company Ttee FBO Edward L. Felman IRA 060000071575 | 10105 | 98 | $50,416.50 | 36 | $50,416.50 | $50,416.50 |
| Jean-Jacques LeBlanc | 7627 | 103 | $21,549.50 | 51 | $21,549.50 | $21,549.50 |
| Jean-Jacques LeBlanc | 8305 | 104 | $50,000.00 | 54 | $50,000.00 | $50,000.00 |
| Joan LeBlanc | 8516 | 105 | $15,982.50 | 50 | $15,982.50 | $15,982.50 |
| Joan LeBlanc | 8505 | 107 | $15,982.50 | 49 | $15,982.50 | $15,982.50 |
| John E Brown Jr and Sandra L Brown | 2071 | 102, 112 | $10,000.00 | 55 | $10,000.00 | $10,000.00 |

With respect to the FTDF Members listed above, the FTDF Committee simply requests that their Claims on Equity Interest be disallowed and expunged on the grounds that they are duplicative of the proofs of interest listed above and that such proofs of interest be allowed.

        b.      Similarly, as set forth on Exhibit "1," FTDF Members Robert Woods (proof of claim no. 99, proof of interest no. 41) and Sibrava-Rapp Trust 1-02-97 (proof of claim no. 65, proof of interest no. 14) filed proofs of claim on account of their equity interests in the FTDF that are _less_ than the amount of their respective equity interest in the FTDF as of the Petition Date according to the Debtors' books and records. As such, the FTDF Committee requests that the Claims on Equity Interests filed by Robert Woods and Sibrava-Rap Trust 1-02-97 be disallowed and that the proofs of interest filed by Robert Woods and Sibrava-Rapp Trust 1-02-97 be allowed.

1                 c.     First Savings Bank C/F Gail Hodes, IRA ("Hodes") (proof of claim

2 nos. 97 and 137, proof of interest no. 38), OVCA Associates, Inc. Defined Pension Plan C/O

3 William J. Ovca Jr. Trustee ("Ovca") (proof of claim nos. 96 and 136, proof of interest no. 37),

4 and Peter M. DiGrazia DMD PSP ("DiGrazia") (proof of claim nos. 34 and 64, proof of interest

5 no. 60) have filed Claims on Equity and Subject Interests that are not only duplicative of each

6 other[3], but also that assert amounts in addition to each respective FTDF Member's equity interest

7 in the FTDF on account of postpetition dividends that each such FTDF Member expected to, but

8 did not, receive from the FTDF.  Because FTDF Members are only entitled to be paid dividends

9 to the extent the profits of the FTDF exceed its losses in accordance with the FTDF Operating

10 Agreement and because all postpetition distributions to FTDF Members have been made

11 pursuant to the FTDF Operating Agreement, no FTDF Member is entitled to assert a claim

12 against the FTDF for or interest in the FTDF on account of postpetition dividends that it

13 expected to, but did not, receive.

14                 d.     Bernard White (proof of claim no. 66, proof of interest no. 21)

15 filed a Claim on Equity Interest and a Subject Interest that assert, in part, equity interests in the

16 FTDF on account of investments unrelated to the FTDF.  Specifically, $1,555.00 of the amount

17 asserted by Mr. White relates to cash holdings in Ms. White's IRA account.  Such funds do not

18 represent an equity interest in the FTDF, and therefore, not only should Mr. White's Claim on

19 Equity Interest be disallowed, but his Subject Interest should be disallowed to the extent it

20 exceeds $54,484.50.

21                 e.     Hodes' and Ovca's Claims on Equity Interests and Subject Interests

22 also assert amounts in excess of their equity interest in the FTDF on account of damages arising

23 from potential causes of action against the FTDF.  These Claims on Equity Interests and Subject

24 Interests should be disallowed to the extent they exceed Hodes' and Ovca's respective equity

25 interests in the FTDF for the reasons set forth infra at paragraphs 34-47 .

26

27

28  [3] The proofs of claim filed by DiGrazia actually assert an amount that is $125.00 less than the proof of interest filed by DiGrazia, but both of DiGrazia's claims and DiGrazia's proof of interest related to account number 7353 and have the same attachment annexed, which attachment lists an FTDF equity interest of $15,000.00 plus $750.00 in anticipated postpetition dividends.

24.    In summary, the FTDF has no liability for any of the Claims on Equity Interests to the extent they are duplicative of the Subject Interests, nor does the FTDF have any liability for the Subject Interests to the extent the amount asserted by each Subject Interest exceeds the amount of the particular FTDF Member's equity interest in the FTDF as of the Petition Date as reflected in the Debtors' books and records.  Accordingly, the Claims and Equity Interests and the Subject Interests should be disallowed in whole or in part as set forth on Exhibit "1."

## II.    ARGUMENT

### A.    The Claims on Equity Are Incorrectly Characterized as Claims Against FTDF.

25.    Bankruptcy Code section 502 authorizes a party in interest to object to claims.  See 11 U.S.C. § 502(a).  Upon such objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b).  Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.), 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996) (quoting In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)).

26.    The FTDF Committee has analyzed the Claims on Equity Interests and has determined that they were incorrectly designated as "proofs of claims."  Pursuant to Bankruptcy Code section 502, a "creditor . . . may file a proof of claim."  An equity security interest holder, however, must file a proof of interest.  See 11 U.S.C. § 501(a).  Bankruptcy Code section 101(16) defines "equity security" to include a "share in a corporation, whether or not transferable or denominated 'stock', or *similar security*" or a "warrant or right . . . to purchase, sell, or subscribe to a share, security, or interest" of a share in a corporation. 11 U.S.C. § 101(16) (emphasis added). See also Nev. Rev. Stat. §86.521 (upon dissolution of a limited liability company, a limited liability company must pay liabilities to creditors before paying liabilities in respect of profits and/or capital to members of the limited liability company).

1        27.    In most instances, the Claims on Equity Interests themselves and the

2  attachments thereto, clearly reflect that they are asserting FTDF membership interests and are not

3  based on any debt the claimants hold against the FTDF.  For example, annexed to many of the

4  Claims on Equity Interests are account statements that list the number of shares a particular

5  claimant holds in the FTDF, the price of such shares, and the FTDF Member's account

6  identification number.  Additionally, in analyzing the Claims on Equity Interests, it is apparent

7  that most of the Claimants simply mistakenly filed a proof of claim form against the FTDF

8  because the vast majority of the Claims on Equity Interests note "Money Loaned" as the basis for

9  their claim and have attached FTDF investor statements that reflect an amount invested in the

10  FTDF that is identical or similar to that which the proof of claims assert.

11        28.    Membership interests and/or shares in the FTDF clearly fall within the

12  definition of "equity security" under Bankruptcy Code section 101(16).  Thus, the holders of the

13  Claims on Equity Interests are equity security interest holders of the FTDF and do not hold

14  unsecured claims against the FTDF estate.  Indeed, the Claims on Equity are identical to

15  corresponding proofs of interest filed by the FTDF Members.  Accordingly, all of the Claims on

16  Equity Interests should be disallowed.

17  **B.     Interests Should Be Allowed Only in the Amounts Set Forth in the Debtors' Books and Records.**

18

19        29.    In bankruptcy, creditors and equity security holders asserting claims

20  and/or interests in a debtor are subject to a burden shifting process.  The Bankruptcy Appellate

21  Panel for the Ninth Circuit explained the shifting burdens of proof with respect to objections to

22  proofs of claim as follows:

23          The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different

24          times. <u>Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of

25          sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant

26          satisfies the claimant's initial obligation to go forward.</u> . . . The burden of persuasion is always on the claimant.

27  <u>Consolidated Pioneer Mortg.</u>, 178 B.R. at 226 (quoting <u>Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173-

28  74 (3d Cir. 1992) (citations omitted)) (emphasis added).  Following this decision, the District

Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability,' the claim is not prima facie valid." In re Hongnisto, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting Consolidated Pioneer Mortg.), 178 B.R. at 226) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim). See also Consoldiated Pioneer Mortg., 178 B.R. at 227 (holding that because the proof of claim did not allege sufficient facts to support the claim, the proof of claim was disallowed). As section 502(a) refers to both claims and interests, the burden shifting analysis described above applies to proofs of interest as well as to proofs of claim. See 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest... objects.").

30. The FTDF Committee has analyzed the Subject Interests and has determined that they assert equity interests in the FTDF in amounts greater than that reflected in the Debtors' books and records as of the Petition Date, and, for the reasons set forth in paragraphs 31-47 of this Objection, requests that the Subject Interests be disallowed in whole or in part as specified on Exhibit "1" hereto.

31. As detailed in paragraphs 23(a)-(e) supra, some of the FTDF Members who filed the Subject Interests assert claims in excess of the amount of their equity interests in the FTDF as of the Petition Date according to the Debtors' books and records. FTDF Members who have done so fall into one or more of three groups: (1) those that have filed proofs of interest that assert entitlement to anticipated but unpaid postpetition dividends; (2) those that assert equity interests in the FTDF on account of investments in deeds of trust made through USACM; and (3) those that claim damages arising from causes of action against the FTDF based on a tort or breach of contract. For the reasons set forth below, none of these grounds provides a basis for FTDF Members to assert an equity interest in (or a claim against) the FTDF.

### 1. FTDF Members Do Not Have Valid Interests In or Claims Against the FTDF for Anticipated but Unpaid Postpetition Dividends.

32. As set forth in paragraph 23(a), Hodes, Ovca, and DiGrazia have filed proofs of interest that assert interests in and/or claims against the FTDF on account dividends that they expected to receive in the postpetition period. To the extent these three FTDF

1   Members assert amounts for anticipated but unpaid postpetition dividends in addition to their

2   interest in the FTDF as of the Petition Date, the Subject Interests should be disallowed. FTDF

3   Members have no right to receive postpetition dividends from the FTDF except as set forth in the

4   FTDF Operating Agreement. All postpetition distributions authorized by the FTDF Operating

5   Agreement to FTDF Members have been made, with each FTDF Member receiving the same

6   percentage return as the other FTDF Members in the respective FTDF Member's class. While

7   FTDF Members may have expected a certain monthly distribution based on the FTDF's historical

8   prepetition performance, FTDF Members have no right to such distributions unless the FTDF's

9   profits are high enough to produce the anticipated dividend. During the FTDF's bankruptcy, the

10   FTDF has had to hold back funds in order to reserve for the FTDF's administrative expenses and

11   certain unsecured claims filed against the FTDF, which holdbacks have resulted in reduced

12   profits as compared to the prepetition period, among other reasons. Accordingly, all authorized

13   unpaid postpetition dividends have been paid to FTDF Members at this time.

14     **2.**    **Investments Aside from the Purchase of Shares in the FTDF are Not Grounds for Asserting Equity Interests in the FTDF.**

15

16       33.    Bernard White has filed a Subject Interest that asserts an equity interest in

17   the FTDF in part on account of a cash investment in his IRA account. Because investing in cash

18   in the same account through which one happens to invest in the FTDF is wholly distinct from

19   purchasing shares in the FTDF and thereby acquiring an equity interest in the FTDF, Mr. White

20   cannot assert an equity interest in the FTDF on account of such investment. Accordingly, to the

21   extent Mr. White's Subject Interest asserts an equity interest in the FTDF on account of his cash

22   holdings in his IRA account, Mr. White's Subject Interest should be disallowed as set forth on

23   Exhibit "1" hereto.

24     **3.**    **FTDF Members Do Not Have Valid Claims Against the FTDF Arising Out of Contract or Tort Theories.**

25

26       34.    Hodes and Ovca assert Claims on Equity Interests against FTDF not only

27   for the amount of the Claimants' equity interests in the FTDF but also for an unspecified amount

28   of damages arising from "Debtor's misuse and/or misappropriation of funds and/or Debtor's

breach of fiduciary duties and obligations." For the reasons set forth below, these FTDF

1    Members have no right of recovery against the FTDF on account of such allegations and, even if

2    they did, such recovery would be subordinated to the recovery of all FTDF Members on account

3    of their equity interests in the FTDF.[4]

4          **a.    Section 510(b) Prevents FTDF Members from Circumventing the**
      **Priority Scheme Established by the Bankruptcy Code, and Mandates**

5                  **That the Members Recover on Account of Claims Arising from the**
     **Purchase or Sale of FTDF Equity Interests at a Level Below that  at**

6                  **which FTDF Members Recover on Account of their Equity Interests**
     **in the FTDF.**

7

8        35.    The Bankruptcy Code establishes a clear priority scheme for the

9    distribution of estate assets through a plan of reorganization.  First, "a plan may place a claim or

10   an interest in a particular class only if such claim or interest is substantially similar to the other

11   claims or interests in such class."  11 U.S.C. § 1122(a).  Second, a plan must "provide the same

12   treatment for each claim or interest of a particular class," unless the holder of the claim agrees

13   otherwise.  11 U.S.C. § 1123(a)(4).  Finally, "senior claims be paid in full before any junior class

14

15   can receive or retain any property."  In re C.P.M. Constr., 124 B.R. 335, 339 (Bankr. D.N.M.

16   1991).  This last requirement is commonly known as the "absolute priority rule."  See Bank of

17   Am. Nat'l Trust and Sav. Ass'n v. 203 N. LaSalle St. P'ship, 526 U.S. 434, 441-442 (1998).

18

19       36.    Pursuant to this priority scheme, a claimant who holds an equity interest in

20   a debtor may only recover from the debtor's estate if the estate's creditors are to be paid in full

21   under the plan.  Further, if there are any remaining assets after provision for payment of senior

22   classes in full, such equity holders must recover on par with other similarly-classified equity

23   holders, and must share with other equity holders in their class on a *pro rata* basis as determined

24   by the allowed amount of the holder's claim.

25

26

27

28   [4] Similar claims were asserted by members of the DTDF against the DTDF.  The Official Committee of Equity
     Security Holders of USA Capital Diversified Trust Deed Fund, LLC (the "DTDF Committee") objected to such
     claims and requested that they be disallowed.  At the January 31, 2007 hearing, the Court sustained the DTDF
     Committee's objection.

37.      Hodes and Ovca have attempted to circumvent this priority scheme by categorizing their claims against the FTDF according to various contract and/or tort theories. By doing so, they seek unfairly to recovery on par with general secured or unsecured creditors of the estate, ahead of similarly situated equity holders, thereby depleting the pool of assets that should be available for distribution to the equity class.

38.      Further, because these claims arise out of the purchase of membership interests in the FTDF, such claims must be subordinated to creditor claims as well as other equity interests pursuant to the mandate of Bankruptcy Code section 510(b), which directs that:

> For the purpose of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor or an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to **all claims or interests** that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

11 U.S.C. § 510(b) (emphasis added).[5]

39.      The purpose of section 510(b) is to prevent inequitable circumvention of the priority scheme established by the Bankruptcy Code, such as the certain FTDF Members seek to effect in this instance. As explained by the Ninth Circuit in Am. Broadcast Sys., Inc. v.

---

[5]      Section 510(b) provides that claims for damages arising from the purchase of a security must be "subordinated to all . . . interests that . . . equal the . . . interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock." 11 U.S.C. § 510(b) (emphasis added). Unless the claim for damages arises from the purchase of a security that is common stock, such claims are subordinated to equity interests.

Any claims for damages in excess of an FTDF Member's equity investment in the FDTF do not arise from the purpose of a security that is a "common stock" as the FTDF Members own interests in the limited liability corporation and not common stock. Limited liability interests do not fall within the listed exception to section 510(b)'s mandatory subordination, which is explicitly carved out only for "common stock" and no other form of security. See, e.g., Security Leasing Partners, L.P., v. Proalert, LLC (In re Proalert, LLC), 314 B.R. 436, 441 (9th Cir. B.A.P. 2004) ("[T]he plain meaning of a statute controls, except in rare cases where a literal interpretation produces absurd results. A court must presume that a legislature says in a statute what it means and means in a statute what it says there. . . . When the words of a statute are clear, judicial inquiry is complete.")) (internal quotations and citations omitted). Thus, even if FTDF Members could demonstrate the existence of a direct claim against the FTDF estate in excess of their equity investment in FTDF, such claims must be subordinated below other claims against the FTDF and the interests of general equity holders in FTDF.

<u>Nugent (In re Betacom of Phoenix, Inc.)</u>, 240 F.3d 823 (9th Cir. 2001):

> the dissimilar expectations of investors and creditors should be taken into account in setting a standard for mandatory subordination. Shareholders expect to take more risk than creditors in return for the right to participate in firm profits. The creditor only expects repayment of a fixed debt. It is unfair to shift all of the risk to the creditor class since the creditors extend credit in reliance on the cushion of investment provided by the shareholders.

<u>Id.</u> at 829. Furthermore, as discussed further in footnote 5 herein, to the extent any Claims on Equity Interests seek relief in excess of the Claimant's equity investment, such claims must also be subordinated to recovery by other equity members on their investment interests.

40.     Thus, section 510(b) prevents FTDF Members from bootstrapping their equity claims to the level of creditor claims, as well as diluting the interests of other equity security holders in the FTDF. Thus, FTDF Members are only entitled to recover at the equity level, on par with other similarly situated equity holders.

**b.      FTDF Members' Recovery Should be Limited in Amount to Recovery with Other Equity Holders on a *Pro Rata* Basis, as Determined by Their Equity Interest, as There Are No Other Valid Claims or Causes of Action by FTDF Members Against the FTDF Estate.**

41.     At the equity level, FTDF Members must share *pro rata* with their fellow equity holders, who are all similarly situated, as determined by the amount of their equity interests. Whether FTDF Members' claims are conceptualized as claims in contract, tort, or as recovery on their equity investment, neither of the FTDF Members who assert contract or tort damages in their Claims on Equity Interests has set forth any basis or theory in law or equity on which he or she holds a claim against the FTDF estate greater than his or her *pro rata* equity interest.

42.     Any possible claims for relief beyond recovery on FTDF Members' investments are either (i) derivative actions belonging to the FTDF estate, or (ii) actions that should be brought directly against a third party. In either instance, these Claimants erroneously seek recovery from the FTDF estate on such claims. <u>See</u> NEV. REV. STAT. ANN. § 86.381 (2006)

("Member of a limited-liability company is not a proper party to proceedings . . . against the company, except where the object is to enforce the member's right against . . . the company.").

### i.   Derivative Claims

43.    Derivative actions seek recovery for damage suffered by a company as a whole, and therefore suffered by all of the company's equity holders on a *pro rata* basis. Such actions belong to the company itself, although equity holders are allowed in certain circumstances to bring such claims derivatively on the company's behalf. See Amended and Restated Operating Agreement of USA Capital First Trust Deed Fund ("Operating Agreement") ¶3.2 (discussing Manager's fiduciary duties to FTDF); see also, NEV. REV. STAT. ANN. §§ 86.483, et seq. (2006) (discussing derivative actions by members of an LLC); AM JUR 2D LIMITED LIABILITY COMPANIES § 7 (same). However, because such actions actually belong to the company itself, any relief received by the plaintiff on derivative actions (minus reasonable expenses and attorneys' fees) must be remitted to the company for the benefit of *all* of its equity holders. See, e.g., NEV. REV. STAT. ANN. § 86.489 (2006); AM JUR 2D LIMITED LIABILITY COMPANIES § 7. The derivative nature of any claims on which a FTDF Member arguably seeks to obtain recovery beyond his or her equity investment is underscored by the *pro rata* harm suffered by every equity holder of a membership interest in FTDF under any such claim.

44.    Any potential derivative actions related to an FTDF Members' equity interests are property of the FTDF's estate, and are not properly asserted against the FTDF as a defendant. See In re Skolnick v. Atl. Gulf Communities Corp. (In re General Dev. Corp.), 179 B.R. 335, 338 (S.D. Fla. 1995) ("A corporation's filing for bankruptcy cuts off a shareholders' ability to bring a derivative claim."); see also NEV. REV. STAT. ANN. § 86.381 (2006) ("Member of a limited-liability company is not a proper party to proceedings . . . against the company, except where the object is to enforce the member's right against . . . the company.").

### ii.    Direct Claims against Third Parties

45.    Beyond the claims discussed above (i.e., claims based on the amount of an FTDF Members' equity investment or derivative claims), the only possible remaining claims that could be brought by FTDF Members relating to their investment in the FTDF would have to be claims against third parties, such as the Manager of the FTDF,[6] for violations of duties breach of contractual obligations owed directly to the FTDF Members in connection with their investments, as distinct from damages suffered by the company itself and therefore suffered derivatively by all equity holders in ratable measure. See, e.g., Operating Agreement ¶ 2.6 (FTDF Members' grant of power of attorney to Manager to act on their behalf in connection with operation of the FTDF). Again, the FTDF estate is *not* the proper defendant in such an action. See also NEV. REV. STAT. ANN. § 86.381 (2006) ("member of a limited-liability company is not a proper party to proceedings . . . against the company, except where the object is to enforce the member's right against . . . the company.").

46.    In summary, regardless of whether any derivative or direct claims may exist against *third parties* for alleged damages suffered by FTDF Members in excess of their equity investment, such claims do not provide any basis for FTDF Members to obtain additional recovery from the *FTDF estate* based on their equity interests, at the expense of similarly situated equity holders.

### III.    NOTICE

47.    This Objection[7] will be served on (i) the parties who filed the Subject

---

[6] Furthermore, pursuant to the terms of the Plan, the FTDF has waived any causes of action it holds against the Manager. See Plan at 74-75.

[7] Given the voluminous nature of the Claims on Equity Interests and the Subject Interests and the attachments thereto and in light of the facts that the Court has access to proofs of claim and interest filed in the FTDF case and the filing parties already have copies or are aware of their own respective Claims on Equity Interests and Subject Interests, the FTDF Committee is not filing or serving copies of the Claims on Equity Interests and Subject Interests along with this Objection. Copies of the Claims on Equity Interests and Subject Interests will be provided upon request to the FTDF Committee's counsel.

1  Interests at the addresses set forth on the parties' respective proofs of interest, (ii) all parties on

2  Master Service List for Limited Notice #6 Dated January 12, 2007 and (iii) all parties who have

3  filed requests for special notice since the filing of such master service list.  In light of the nature

4  of the relief requested, the FTDF Committee submits that no other or further notice need be

5  given.

## IV.    CONCLUSION

7          48.      For the reasons set forth herein, the FTDF Committee respectfully

8  requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing the Claims on

9  Equity Interest; (iii) disallowing the Subject Interests to the extent they exceed the amounts set

10  forth on Exhibit "1" hereto; and (iv) granting such other and further relief as the Court deems just

11  and proper.

12          Respectfully submitted this 13th day of February 13, 2007.

STUTMAN, TREISTER & GLATT

/s/ Andrew M. Parlen
ANDREW M. PARLEN, ESQ.
Professional Corporation
Counsel to the Official Committee of Equity
Security Holders of USA Capital First Trust Deed
Fund, LLC

and

SHEA & CARLYON, LTD.
CANDACE C. CARLYON, ESQ.
SHOLOMO S. SHERMAN, ESQ.
228 S. Fourth Street, First Floor
Las Vegas, NV  89101
Telephone:  (702) 471-7432

Counsel for the Official Committee of Equity
Security Holders of USA Capital First Trust Deed
Fund, LLC

408990v2

21

**EXHIBIT "1"**

Duplicative Claims and Proofs of Interest

| FTDF Member Who Filed Both a Proof of Claim and a Proof of Interest | Account ID # | Proof of Claim No(s). | Date of Claim(s) | Claim Amount | Proof of Interest No. | Date of Proof of Interest | Proof of Interest Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|---|---|---|
| Bernard White | 4827 | 66 | 10/6/06 | $56,040.00 | 21 | 10/9/06 | $56,040.00 | $54,484.50 | Disallow claim as duplicative of filed proof of interest. Allow proof of interest in the amount of $54,484.50, and disallow proof of interest to the extent it exceeds $54,484.50 because the amount asserted in excess of $54,484.50 is on account of an investment unrelated to the USA Capital bankruptcy cases. |
| Bill McHugh POA for Harry McHugh Revocable Trust | 10349 | 73 | 10/8/06 | $30,000.00 | 31 | 10/8/06 | $30,000.00 | $30,000.00 | Disallow claim as duplicative of filed proof of interest. Allow proof of interest. |

1

408689-v1

| FTDF Member Who Filed Both a Proof of Claim and a Proof of Interest | Account ID # | Proof of Claim No(s). | Date of Claim(s) | Claim Amount | Proof of Interest No. | Date of Proof of Interest | Proof of Interest Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|---|---|---|
| First Savings Bank C/F Gail Hodes, IRA | 1671 | 97 and 137 | Claim no. 97: 10/30/06  Claim no. 137: 12/2/06 | Claim no. 97: $35,143.89 plus unliquidated amount  Claim no. 137: see attachment to claim | 38 | 10/30/06 | $35,143.89 plus unliquidated damages | $33,792.00 | Disallow both claims as duplicative of the proof of interest to the extent they are on account of investments made by the Claimant in the FTDF. Disallow the claims to the extent they (i) allege that the FTDF has tort or contractual liability to the Claimant and (ii) allege the Claimant is entitled to anticipated but unpaid postpetition dividends. Allow the proof of interest in the amount of $33,792.00, and disallow the proof of interest to the extent it exceeds $33,792.00, as amounts asserted in excess of such amount are on account of (i)tort/contract claims for which the FTDF has no liability and (ii) anticipated but unpaid postpetition dividends. |
| Fiserv Trust Company Ttee FBO Edward L. Felman IRA 06000007157 5 | 10105 | 98 | 10/24/06 | $50,416.50 | 36 | 10/27/06 | $50,416.50 | $50,416.50 | Disallow claim as duplicative of filed proof of interest. Allow proof of interest. |
| Jean-Jacques LeBlanc | 7627 | 103 | 11/7/06 | $21,459.50 | 51 | 11/7/06 | $21,459.50 | $21,459.50 | Disallow claim as duplicative of filed proof of interest. Allow proof of interest. |

2

| FTDF Member Who Filed Both a Proof of Claim and a Proof of Interest | Account ID # | Proof of Claim No(s). | Date of Claim(s) | Claim Amount | Proof of Interest No. | Date of Proof of Interest | Proof of Interest Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|---|---|---|
| Jean-Jacques LeBlanc | 8305 | 104 | 11/7/06 | $50,000.00 | 54 | 11/7/06 | $50,000.00 | $50,000.00 | Disallow claim as duplicative of filed proof of interest. Allow proof of interest. |
| Joan LeBlanc | 8516 | 105 | 11/7/06 | $15,982.50 | 50 | 11/7/06 | $15,982.50 | $15,982.50 | Disallow claim as duplicative of filed proof of interest. Allow proof of interest. |
| Joan LeBlanc | 8505 | 107 | 11/7/06 | $15,982.50 | 49 | 11/7/06 | $15,982.50 | $15,982.50 | Disallow claim as duplicative of filed proof of interest. Allow proof of interest. |
| John E Brown Jr and Sandra L Brown | 2071 | 102 and 112 | Claim no. 102: 11/7/06 Claim no. 112: 11/7/06 | Claim no. 102: $10,000.00 Claim no. 112: $10,000.00 | 55 | 11/7/06 | $10,000.00 | $10,000.00 | Disallow both claims as duplicative of filed proof of interest. Allow proof of interest. |

3

408689v1

| FTDF Member Who Filed Both a Proof of Claim and a Proof of Interest | Account ID # | Proof of Claim No(s). | Date of Claim(s) | Claim Amount | Proof of Interest No. | Date of Proof of Interest | Proof of Interest Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|---|---|---|
| OVCA Associates Inc Defined Pension Plan C/O William J Ovca Jr Trustee | 1016 | 96 and 136 | Claim no. 96: 10/16/06<br>Claim no. 136: 12/2/06 | Claim no. 96: $17,957.79 plus unliquidated amount<br>Claim no. 136: see attachment to claim | 37 | 10/16/06 | $17,957.79 plus unliquidated damages | $17,267.00 | Disallow both claims as duplicative of the proof of interest to the extent they are on account of investments made by the Claimant in the FTDF. Disallow the claims to the extent they (i) allege that the FTDF has tort or contractual liability to the Claimant and (ii) allege the Claimant is entitled to anticipated but unpaid postpetition dividends. Allow the proof of interest in the amount of $17,267.00, and disallow the proof of interest to the extent it exceeds $17,267.00, as amounts asserted in excess of such amount are on account of (i)tort/contract claims for which the FTDF has no liability and (ii) anticipated but unpaid postpetition dividends. |
| Peter M. DiGrazia DMD PSP | 7353 | 34 and 64 | Claim no. 34: 8/14/06<br>Claim no. 64: 8/14/06 | Claim no. 34: $15,625.00<br>Claim no. 64: $15,625.00 | 60 | 11/9/06 | $15,750.00 | $15,000.00 | Disallow both claims as duplicative of filed proof of interest. Allow proof of interest in the amount of $15,000.00, and disallow proof of interest to the extent it exceeds $15,000.00 because amount asserted in excess of $15,000.00 is on account of anticipated but unpaid postpetition dividends. |

4

408689v1

| FTDF Member Who Filed Both a Proof of Claim and a Proof of Interest | Account ID # | Proof of Claim No(s). | Date of Claim(s) | Claim Amount | Proof of Interest No. | Date of Proof of Interest | Proof of Interest Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|---|---|---|
| Robert Woods | 1462 | 99 | 11/3/06 | $10,000.00 plus interest | 41 | 11/3/06 | $11,884.50 | $11,884.50 | Disallow claim as duplicative of filed proof of interest. Allow proof of interest. |
| Sibrava-Rapp Trust 1-02-97 | 10638 | 65 | 9/27/06 | No amount stated | 14 | 9/27/06 | $30,000.00 | $30,000.00 | Disallow claim as duplicative of filed proof of interest. Allow proof of interest. |

408689v1