*Attorneys for Debtors and Debtors-in-Possession:*     E-filed on February 14, 2007

| | |
|---|---|
| Annette W. Jarvis, Utah Bar No. 1649 | Lenard E. Schwartzer, Nevada Bar No. 0399 |
| RAY QUINNEY & NEBEKER P.C. | Jeanette E. McPherson, Nevada Bar No. 5423 |
| 36 South State Street, Suite 1400 | SCHWARTZER & MCPHERSON LAW FIRM |
| P.O. Box 45385 | 2850 South Jones Boulevard, Suite 1 |
| Salt Lake City, Utah 84145-0385 | Las Vegas, Nevada 89146-5308 |
| Telephone: (801) 532-1500 | Telephone: (702) 228-7590 |
| Facsimile: (801) 532-7543 | Facsimile: (702) 892-0122 |
| Email: ajarvis@rqn.com | E-Mail: bkfilings@s-mlaw.com |

*Committees:*

| | |
|---|---|
| Gerald M. Gordon, Esq. | Frank A. Merola, Esq. |
| Gregory E. Garman, Esq. | Eve H. Karasik, Esq. |
| GORDON & SILVER, LTD. | Christine M. Pajak, Esq. |
| 3960 Howard Hughes Parkway, 9th Floor | STUTMAN TREISTER & GLATT, P.C. |
| Las Vegas, Nevada 89109 | 1901 Avenue of the Starts, 12th Floor |
| Telephone: (702) 796-5555 | Los Angeles, California 90067 |
| Facsimile: (702) 369-2666 | Telephone: (310) 228-5600 |
| Email: gmg@gordonsilver.com | Facsimile: (310) 228-5788 |
| Email: geg@gordonsilver.com | |
| Marc Levinson, Esq. | Rob Charles, Esq. |
| Jeffrey Hermann, Esq. | Susan M. Freeman, Esq. |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | LEWIS AND ROCA, LLP |
| 400 Capitol Mall | 3993 Howard Hughes Parkway, 6th Floor |
| Sacramento, California 95814 | Las Vegas, Nevada 89109 |
| Telephone: (916) 447-9200 | Telephone: (702) 949-8320 |
| Facsimile: (916) 329-4900 | Facsimile: (702) 949-8321 |
| Email: diversifiedfund@orrick.com | Email: rcharles@lrlaw.com |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                        Debtor. | Case Nos. BK-S-06-10725 LBR<br>Case Nos. BK-S-06-10726 LBR<br>Case Nos. BK-S-06-10727 LBR<br>Case Nos. BK-S-06-10728 LBR<br>Case Nos. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                        Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                        Debtor. | **JOINT EMERGENCY MOTION FOR ORDER RELATED TO IMPLEMENTATION OF CONFIRMED PLAN**<br>    **(AFFECTS ALL DEBTORS)** |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                        Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>                                                        Debtor. | Date: February 15, 2007 **OST Requested**<br>Time: 9:30 a.m. |

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/454553.doc

Affects:
☒ All Debtors
☐ USA Commercial Mortgage Company
☐ USA Securities, LLC
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA First Trust Deed Fund, LLC

Debtors USA Commercial Mortgage Company ("USACM"), USA Capital First Trust Deed Fund ("FTDF"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital Realty Advisors, LLC ("USA Realty"), and USA Securities, LLC ("USA Securities") (collectively, the "Debtors"), and the Official Unsecured Creditors' Committee for USA Commercial Mortgage Company ("USACM Committee"), the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC ("FTDF Committee"), the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC ("DTDF Committee") and the Official Committee of Holders of Executory Contracts Rights through USA Commercial Mortgage Company ("Direct Lenders Committee") (collectively, the "Committees" and collectively with the Debtors the "Movants"), by and through their counsel and pursuant to Section 1142 of the Bankruptcy Code, Article VIII, Section D of the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" ("Plan"), and the "Order Confirming the 'Debtors' Third Amended Joint Chapter 11 Plan of Reorganization,' as Modified Herein" ("Confirmation Order"), hereby respectfully request that the Court grant this Motion and enter an order authorizing certain matters related to the implementation of the confirmed Plan as set forth below. Movants have consulted with the Office of The United States Trustee which does not object to the relief requested herein and supports this Court rendering a decision on the Motion on an emergency basis.

This motion seeks entry of an order on an emergency basis, because part of the relief requested relates to a condition precedent of the Compass sale closing, which must occur by February 16, 2006, under the terms of the Plan and Confirmation Order. By this Motion the Movants request entry of an order pursuant to Section 1142(b) of the Bankruptcy Code to implement the Plan by confirming that USACM can continue to exist for 60 to 90 days after the Effective Date of the Plan.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/454553.doc

2

In support hereof Movants state as follows: Unless otherwise stated, all capitalized terms used herein are defined in the confirmed Plan or the Confirmation Order.

## STATEMENT OF FACTS

1. On April 13, 2006 ("Petition Date"), the Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code. By order entered June 9, 2006, the Court approved the joint administration of the Debtors' chapter 11 cases. Effective as of the Petition Date, Mesirow Financial Interim Management, LLC ("Mesirow") has been employed as crisis managers to the Debtors, and Thomas J. Allison of Mesirow has served as the Debtors' Chief Restructuring Officer ("CRO").

2. On January 8, 2007, the Court entered the Confirmation Order, confirming the Debtors' Plan and approving certain documents filed in conjunction with the Plan, including the USACM Trust Agreement, and the Asset Purchase Agreement dated December 8, 2006 with Compass Partners, LLC ("Compass" and "Purchase Agreement").

3. USACM as Debtor-in-possession currently holds a mortgage broker license that expires on June 30, 2007, subject to conditions set forth in that certain Final Order Conditioning Mortgage Broker's License entered by the Nevada Department of Business and Industry, Division of Mortgage Lending ("MLD") on or about June 9, 2006.

4. The Purchase Agreement provides that the sale to Compass must close by February 16, 2007. The Purchase Agreement also provides in part that one condition of closing the sale transaction is:

> 9.1(j) Purchaser shall have actually obtained an interim license to operate in the State of Nevada or an exemption, satisfactory to Purchaser in all reasonable respects by no later than the Closing Date, from any and all applicable Nevada laws or regulations that would require any licensing of Purchaser and affiliate of Purchaser identified by Purchaser by the State of Nevada in connection with or as a result of consummation of this transaction. Sellers shall provide reasonable cooperation and support to Purchaser in connection with its effort to obtain such interim license or exemption. The condition to the timing of the obtaining of this interim license or regulatory exemption may be extended by the Sellers at their sole discretion.

5. Nevada state law requires that a mortgage servicing company be licensed, or exempt from licensing, under NRS § 645B. Compass has applied for a license, but more time is

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/454553.doc

3

1   required for the MLD to process the Compass application.  The MLD estimates the application

2   processing will require another 60 days.

3     6. There is no provision in Nevada state law for an "interim license" per se.  The

4   MLD has confirmed that interim arrangements may be made by Compass operating the mortgage

5   servicing business through USACM, using its existing license as a sub-servicer.  MLD has also

6   confirmed that it will not object to that arrangement, even though USACM's assets will be

7   transferred to Compass and to the USACM Trust on the Closing Date and Plan Effective Date,

8   respectively, except for Non-Trust Cash, consisting of funds held for the purpose of paying

9   administrative, priority, and secured claims.

10    7. As set forth below, the Plan provides for an orderly wind down of the Debtors'

11  affairs after the sale to Compass and the Effective Date.   However, the Plan does not explicitly

12  provide guidance as to who and how such wind down will be facilitated.  It is imperative that

13  USACM  continue to exist for a period of no longer than 90 days after the Effective Date of the

14  Plan for the purpose of acting as sub-servicer for Compass under USACM's existing license,

15  pending a decision by MLD on the Compass license application, and to enable Compass to

16  transition to other loan servicing arrangements if its application is denied. .

## MEMORANDUM OF POINTS AND AUTHORITIES

Section 1142(b) of the Bankruptcy Code provides  that

> (b) The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed pan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan.

The relief requested by way of this Motion does not conflict with the terms of the Confirmed Plan.  Article 8(L)(1) of the Plan provides:

> USACM shall have authority to take actions on behalf of USACM and the USACM Estate on and after the Effective Date until the date that the USACM Trustee is appointed for the USACM Trust.  After the USACM Trust Assets are transferred to the USACM Trust and the USACM Trust becomes effective in accordance with this Plan and the USACM Trust Agreement, USACM shall be dissolved in accordance with the Confirmation Order and applicable state law.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/454553.doc

4

Plan, Art. VIII, Section L.1; see Confirmation Order ¶ 69 ("As soon as practicable [after the USACM Trust becomes effective], USACM shall be dissolved in accordance with the Confirmation Order and applicable state law.")

Among other tasks to be administered on behalf of Debtors' Estates include: (1) the making of distributions to various creditors and equity holders in each of the five cases; (2) objections to administrative expense claims (after the bar date of 30 days after the Effective Date passes) and priority claims; (3) provide distribution to these claimants; and (4) to wind up and dissolve USACM in accordance with State law. The Plan, while silent as to explicit authority, contemplates that USACM would exist for some short time after the Effective Date to effect certain ministerial tasks necessary to be completed under the Plan.

The relief requested herein is also consistent with the terms of the Confirmation order that provides in relevant part:

> The Debtors, the Debtors' officers, the USACM Trustee and the DTDF Administrator are authorized to take all actions necessary to implement the Plan and the transactions contemplated therein in accordance with the terms of the Plan, and are authorized to execute deliver, file or record such contracts, instruments, releases, and other agreements or documents and to take such other actions a they may determine to be necessary or appropriate to effectuate implement and further evidence the terms an d conditions of the Confirmation Order, the Plan, the Plan Document Supplement, the Direct Lender Supplement, or the exhibits and schedules to any of the foregoing.

See Confirmation Order paragraph 41.

### REQUEST FOR RELIEF

Movants request that the Court enter its order authorizing USACM to continue to exist after the Effective Date for a period of no more than 90 days for the purpose of acting as sub-servicer for Compass under USACM's existing license, pending a decision by MLD on the Compass license application, and to enable Compass to transition to other loan servicing arrangements if its application is denied. A copy of this emergency motion is being served on

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/454553.doc

5

the Deputy Attorney General with responsibility for the MLD with respect to this matter, Richard Dreitzer.

DATED February 14, 2007.

/s/ Lenard E. Schwartzer
Lenard E. Schwartzer
Jeanette E. McPherson
SCHWARTZER & MCPHERSON
2850 South Jones Blvd., Suite 1
Las Vegas, Nevada 89146

AND

/s/ Steven C. Strong
Annette W. Jarvis (Utah Bar No. 1649)
Steven C. Strong (Utah Bar No. 6340)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Email: ajarvis@rqn.com
Email: strong@rqn.com

*Attorneys for Debtors and Debtors-in-Possession*

By /s/ RC (#006593)
Susan M. Freeman, AZ 4199 (pro hac vice)
Rob Charles, NV 6593
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Facsimile (702) 949-8321
Telephone (702) 949-8320
Attorneys for Official Unsecured Creditors'
  Committee for USA Commercial Mortgage
  Company

/s/ Gregory E. Garman
Gerald M. Gordon
Gregory E. Garman
GORDON & SILVER, LTD.
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, Nevada  89109

/s/ Eve H. Karasik
Frank A. Merola
Eve H. Karasik
Christine M. Pajak
STUTMAN TREISTER & GLATT, P.C.
1901 Avenue of the Starts, 12th Floor
Los Angeles, California   90067

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/454553.doc

6


1  /s/ Marc Levinson
Marc Levinson
2  Jeffrey Hermann
ORRICK, HERRINGTON & SUTCLIFFE LLP
3  400 Capitol Mall
Sacramento, California   95814
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/454553.doc

7