Jeffrey G. Sloane, Esq. (NSB# 784)
Regina M. McConnell, Esq. (NSB# 8029)
Kravitz, Schnitzer, Sloane, Johnson & Eberhardy, Chtd.
1389 Galleria Drive, Suite 200
Henderson NV 89014
Telephone: (702) 362-6666; Facsimile: (702) 362-2203
rmcconnell@kssattorneys.com
jsloane@kssattorneys.com
   and
Richard J. Mason, PC
Patricia K. Smoots
Michael M. Schmahl
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL  60601
Telephone: (312) 849-8100; Facsimile: (312) 849-3690
rjmason@mcguirewoods.com
psmoots@mcguirewoods.com
mschmahl@mcguirewoods.com

*Admitted Pro Hac Vice*

E-FILED ON 2/20/07

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>    Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>    Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC<br>    Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC<br>    Debtor. | **Jointly Administered Under<br>Case No. BK-S-06-10725 LBR** |
| In re:<br>USA SECURITIES, LLC,<br>    Debtor. | |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☒ USA First Trust Deed Fund, LLC | Date: March 1, 2007<br><br>Time: 9:30 A.M. |

**RESPONSE OF THE KANTOR CLAIMANTS TO OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC TO CLAIMS SUPERCEDED BY COMPROMISE CONTAINED IN DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION (AS MODIFIED)**
<u>**(AFFECTS DEBTOR USA CAPITAL FIRST TRUST DEED FUND, LLC)**</u>

Dr. Gary Kantor ("Dr. Kantor"), personally and as the trustee of the Kantor Nephrology Consultants, Ltd. 401(k) Profit Sharing Plan (the "401(k) Plan"), and Mrs. Lynn Kantor (f/k/a Lynn Maguire) ("Mrs. Kantor"), personally and on behalf of the Lynn Kantor IRA (collectively with Dr. Kantor and the 401(k) Plan, the "Kantors"), hereby submit this Response (the "Response") to the Omnibus Objection (the "Objection") **[Docket No. 2295]** of the Official Committee (the "Committee") of Equity Security Holders of USA Capital First Trust Deed Fund, LLC ("FTDF") to Claims Superseded by Compromise Contained in Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (as Modified) (the "Plan"), and, in support thereof, respectfully states as follows:

1. Prior to the commencement of these bankruptcy cases, the Kantors invested money with the Debtors in these jointly-administered bankruptcy cases, including substantial amounts in the USA Capital Diversified Trust Deed Fund, LLC (the "DTDF").[1]

2. In the FTDF bankruptcy, the Kantors individually timely filed proofs of claim based on the common law torts of fraud and conspiracy and a statutory action for consumer fraud (pursuant to N.R.S. 41.600(2)(c)) seeking unliquidated damages against the FTDF estate to compensate each of the Kantors for injuries suffered by the actions, representations, and omissions of FTDF and the other Debtors. The claims are directly against FTDF and are not derived by, from, through, or under any entity. These claims appear as claim numbers 123 (filed by the 401(k) Plan), 124 (filed by Dr. Kantor), and

---

[1] References in this Response to the Kantors' investments are not intended to suggest that the Kantors own any investment as a group. In fact, each of the Kantors owns his/her/its investments independently.

125 (filed by Mrs. Kantor) (collectively, the "Kantor Claims")[2] on the claims docket in the FTDF bankruptcy case.[3] The allegations supporting the Kantors' fraud, civil conspiracy, and consumer fraud theories are contained in Exhibit A to each of the Kantor Claims. A copy of claim number 124 filed by Dr. Kantor is attached hereto as Exhibit 1. The Exhibit A attached to each of the Kantor Claims is identical and contains allegations common to all of the Kantor Claims. To avoid unnecessary duplicative documentation, the other two Kantor Claims are not attached to this Response but are available on the website maintained by BMC Corporation, the claims agent in these bankruptcy cases, at www.bmccorp.net.

3. In the Objection, the Committee has not objected to the substance of the Kantor Claims. Therefore, the Kantors assert that the Court must accept as true all of the allegations contained in the Kantor Claims.

4. Rather, the Committee characterizes the Kantor Claims as "Compromised Claims" and asserts that the Kantor Claims are somehow precluded by the Intercompany Compromise between the FTDF and the DTDF contained in Article IV Section E.3 of the Plan (the "Intercompany Compromise"). *See* Objection at ¶¶ 21 and 24.

5. Pursuant to the Intercompany Compromise, the DTDF received various assets from the FTDF including cash, certain claims, and certain rights to distributions from the USACM Trust (as defined in the Plan). *See* Plan at Article IV Section E.3.

6. Contrary to the Committee's argument in the Objection, the Kantor Claims are not in any way affected by the Intercompany Compromise. The Intercompany Compromise contained in Article IV Section E.3 of the Plan does not contain any release,

---

[2] The Kantors are not aware of any similar claims filed by any party against the FTDF.
[3] The Kantors have filed additional proofs of claim as well as proofs of interest that are not relevant to the Objection.

waiver, or other bar that prohibits recovery based on direct claims, like the Kantor Claims.

7. Based on discussions with the Committee's counsel, the Kantors believe that the Committee relies on Article VIII Section A.2 of the Plan[4] (the "DTDF Release") which provides in relevant part that:

> [I]n consideration for the obligations, subordination, modifications of rights and accommodations of FTDF . . ., DTDF, the DTDF Estate and Post-Effective Date DTDF, **on their own behalf**, shall be deemed to forever release, waive and discharge any and all Claims . . . based upon, arising out of, relating to, by reason of, or in connection with, in whole or in part, any act or omission, . . . fact or matter from the beginning of time to the Effective Date, including, without limitation, in any way relating to FTDF, the FTDF Estate, the FTDF Chapter 11 Case, including any recharacterization, or substantive consolidation causes of action, or any other matter which DTDF, the DTDF Estate, or Post-Effective Date DTDF or **any Person or Entity claiming by, from, through, or under any of DTDF, the DTDF Estate, or Post-Effective Date DTDF** ever had, now has, or hereafter can, shall, or may have against FTDF or the FTDF Estate.

Plan at Article VIII Section A.2 (emphasis supplied)

8. The Kantor Claims, being direct, are outside of the scope of the DTDF Release, which is limited by its terms to claims that could be asserted by the DTDF and persons that may assert derivative actions to remedy injuries suffered by the DTDF.

9. The Kantor Claims are not derivative actions and do not seek recovery for injuries to the DTDF. Rather, the Kantors have alleged fraud, conspiracy, and consumer fraud actions based on the acts, representations, and omissions of the FTDF, among other Debtors, and seek compensation for injuries suffered specifically by each of the Kantors. *See Tooley v. Donaldson, Lufkin, & Jenrette, Inc.*, 845 A.2d 1031, 1033 (Del. 2004) ("[The issue of whether a claim is derivative or direct] must turn *solely* on the following questions: (1) who suffered the alleged harm (the corporation or the suing stockholders,

---

[4] To the extent, if any, that the Committee asserts that the Kantor Claims are precluded or in any way affected by any other provision of the Plan, the Kantor Claimants expressly reserve all of their rights to amend or supplement this Response to address any such argument.

individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)?") (emphasis in original); *Sutter v. General Petroleum Corp.*, 170 P.2d 898, 901, 28 Cal.2d 525, 530 (Cal. 1946) ("If the injury is one to the plaintiff as a stockholder and to him individually, and not to the corporation, as where the action is based on a contract to which he is a party, or on a right belonging severally to him, or on a fraud affecting him directly, it is an individual action.") (internal citations omitted); *In re Western World Funding, Inc.*, 52 B.R. 743, 774-775 (Bankr. D. Nev. 1985) (acknowledging the holding of *Sutter* and analogizing the principle to the distinction between personal creditor claims against officers and claims which creditors may assert on behalf of a corporation).

10. The fact that the DTDF may have had and released causes of action similar or analogous to those contained in the Kantor Claims is irrelevant. *See Sutter*, 170 P.2d at 901, 28 Cal.2d at 530 ("And a stockholder may sue as an individual where he is directly and individually injured although the corporation may also have a cause of action for the same wrong.").

11. In short, the Kantors are seeking compensation as the victims of fraudulent scheme and conspiracy in which the FTDF participated and benefited. The Committee's characterization that the Kantor Claims are based on "losses [the Kantors] incurred by investing in the DTDF", Objection at ¶ 24, *see also* Objection at ¶ 21, simply misunderstands the basis of the Kantor Claims.

12. For all of these reasons, the Objection should be denied and the Kantor Claims allowed in full.

13. Finally, the Committee has requested in the Objection that the Court enter an order preserving the FTDF's ability[5] to object to the Kantor Claims in the future. To the extent that the Committee may assert additional objections to the Kantor Claims, the Kantors reserve all of their rights to respond to any such objection and assert that any such objection must be filed in compliance with Rule 3007 of the Fed. R. Bankr. P. and treated as a contested proceeding pursuant to Rule 9014.

WHEREFORE, the Kantors respectfully request that the Court enter an Order: (i) denying the Objection; (ii) allowing the Kantor Claims in full; and (iii) granting such other and further relief as the Court determines is just or appropriate.

DATED this 20th day of February, 2007

Respectfully submitted:

/s/ Regina M. McConnell
Jeffrey G. Sloane, Esq. (NSB# 784)
Regina M. McConnell, Esq. (NSB# 8029)
Kravitz, Schnitzer, Sloane, Johnson & Eberhardy, Chtd.
1389 Galleria Drive, Suite 200
Henderson NV 89014
Telephone: (702) 362-6666; Facsimile: (702) 362-2203
rmcconnell@kssattorneys.com
jsloane@kssattorneys.com
            and
Richard J. Mason, PC
Patricia K. Smoots
Michael M. Schmahl
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL  60601
Telephone: (312) 849-8100; Facsimile: (312) 849-3690
rjmason@mcguirewoods.com
psmoots@mcguirewoods.com
mschmahl@mcguirewoods.com

*Admitted Pro Hac Vice*

---

[5] Notably, the Committee has not attempted to reserve any right to assert additional objections to the Kantor Claims or requested that the Court authorize the Committee to assert any additional objections to the Kantor Claims. In the event that the Committee seeks to further object to the Kantor Claims, the Kantors reserve all of their rights to respond to any such objection, including but not limited to any arguments based on due process rights, equitable principles, and procedural prohibition to such additional objections.

**EXHIBIT 1**

# PROOF OF CLAIM

**Name of Debtor**
USA Capital First Trust Deed Fund LLC

**Case Number**
BK-S-06-10728 LBR

NOTE See Reverse for List of Debtors and Case Numbers
This form should not be used to make a claim for an administrative expense arising after the commencement of the case A "request" for payment of an administrative expense may be filed pursuant to 11 U S C § 503

**Name of Creditor and Address**

Dr Gary Kantor
c/o Michael M Schmahl, Attorney
McGuireWoods LLP
77 W. Wacker Drive, #4100
Chicago, IL 60601

Creditor Telephone Number (312) 750-8881

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check box if you have never received any notices from the bankruptcy court or BMC Group in this case

☐ Check box if this address differs from the address on the envelope sent to you by the court

**DO NOT FILE THIS PROOF OF CLAIM FOR A SECURED INTEREST IN A BORROWER THAT IS NOT ONE OF THE DEBTORS**

If you have already filed a proof of claim with the Bankruptcy Court or BMC you do not need to file again

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor

Check here if this claim ☐ replaces ☐ amends a previously filed claim dated _____

**1 BASIS FOR CLAIM**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒ Other (describe briefly)
See Exhibit A attached hereto

☐ Retiree benefits as defined in 11 U S C § 1114(a)
☐ Wages salaries and compensation (fill out below)
Last four digits of your SS # _____
Unpaid compensation for services performed from _____ to _____
(date) (date)

☐ Unremitted principal
☒ Other claims against servicer (not for loan balances)
See Exhibit A

**2 DATE DEBT WAS INCURRED**

**3 IF COURT JUDGMENT, DATE OBTAINED**

**4 CLASSIFICATION OF CLAIM** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed
See reverse side for important explanations

**UNSECURED NONPRIORITY CLAIM** $ Unliquidated
☐ Check this box if a) there is no collateral or lien securing your claim or b) your claim exceeds the value of the property securing it or if c) none or only part of your claim is entitled to priority

**UNSECURED PRIORITY CLAIM**
☐ Check this box if you have an unsecured claim all or part of which is entitled to priority
Amount entitled to priority $ _____
Specify the priority of the claim
☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)
☐ Wages salaries or commissions (up to $10 000)* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business whichever is earlier 11 U S C § 507(a)(4)
☐ Contributions to an employee benefit plan 11 U S C § 507(a)(5)

**SECURED CLAIM**
☐ Check this box if your claim is secured by collateral (including a right of setoff)
Brief description of collateral
☐ Real Estate ☐ Motor Vehicle ☐ Other _____
Value of Collateral $ _____
Amount of arrearage and other charges **at time case filed** included in secured claim if any $ _____

☐ Up to $2 225 of deposits toward purchase lease or rental of property or services for personal family or household use 11 U S C § 507(a)(7)
☐ Taxes or penalties owed to governmental units 11 U S C § 507(a)(8)
☐ Other Specify applicable paragraph of 11 U S C § 507(a) ( ___ )
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**5 TOTAL AMOUNT OF CLAIM AT TIME CASE FILED** $ Unliquidated (unsecured) $ _____ (secured) $ _____ (priority) $ Unliquidated (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim Attach itemized statement of all interest or additional charges

**6 CREDITS** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim

**7 SUPPORTING DOCUMENTS** *Attach copies of supporting documents,* such as promissory notes purchase orders invoices itemized statements of running accounts contracts court judgments mortgages security agreements and evidence of perfection of lien DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available explain If the documents are voluminous attach a summary

**8 DATE-STAMPED COPY** To receive an acknowledgment of the filing of your claim enclose a stamped self addressed envelope and copy of this proof of claim

The original of this completed proof of claim form must be sent by mail or hand delivered (FAXES NOT ACCEPTED) so that it is actually received on or before 5 00 pm, prevailing Pacific time, on November 13, 2006 for each person or entity (including individuals, partnerships, corporations joint ventures, trusts and governmental units)

BY MAIL TO
BMC Group
Attn USACM Claims Docketing Center
P O Box 911
El Segundo CA 90245-0911

BY HAND OR OVERNIGHT DELIVERY TO
BMC Group
Attn USACM Claims Docketing Center
1330 East Franklin Avenue
El Segundo CA 90245

THIS SPACE FOR COURT USE ONLY

FILED NOV 1 3 2006

USA FIRST TRUST
1072800124

DATE 11/9/06
SIGN and print the name and title if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney if any)
Gary Kantor

Penalty for presenting fraudulent claim is a fine of up to $500 000 or imprisonment for up to 5 years or both 18 U S C §§ 152 AND 3571

## EXHIBIT A

### Allegations Common to All Claims

1      Dr Gary Kantor ("Kantor") and Mrs Lynn Kantor (f/k/a Lynn Maguire) ("Lynn Kantor") are married individuals residing in the state of Nevada

2      The Kantor Nephrology Consultants, Ltd 401(k) Profit Sharing Plan (the "401(k) Plan") is the profit sharing plan of Kantor Nephrology Consultants, Ltd, a professional medical corporation with its principle place of business located in Las Vegas, Nevada  Kantor is the trustee of the 401(k) Plan

3      At all relevant times, Kantor was acting in his personal capacity as an individual and as the trustee of the 401(k) Plan

4      USA Commercial Mortgage Company ("USACM") is a Nevada corporation organized in 1989 pursuant to the laws of the state of Nevada and is the debtor in case number 06-10725 currently pending before the Bankruptcy Court for the District of Nevada (the "Bankruptcy Court")

5      At all relevant times, USACM was purportedly in the business of underwriting, originating, brokering, funding and servicing commercial loans both on behalf of investors and for its own account

6      At all relevant times, Thomas A Hantges ("Hantges"), Joseph D Milanowski ("Milanowski") and Paul S Hamilton ("Hamilton") (either in their own names or through trusts they control) were the primary shareholders, officers, and directors of USACM

7       USA Capital Realty Advisors, LLC ("USA Realty") is a Nevada limited liability company organized as of January 18, 2001, and is the debtor in case number 06-10726 currently pending before the Bankruptcy Court

8       USA Realty is owned by USA Investment Partners LLC ("USAIP"), a non-debtor entity owned and controlled, on information and belief, by of Hantges and Milanowski

9       At all relevant times, Milanowski was, on information and belief, the sole managing member of USA Realty

10      USA Capital Diversified Trust Deed Fund, LLC (the "Diversified Fund") is a Nevada limited liability company organized as of February 3, 2000, and is the debtor in case number 06-10727 currently pending before the Bankruptcy Court

11      At all relevant times, the Diversified Fund was purportedly an investment fund through which individuals located in Nevada could invest in loans originated by USACM  Investors or potential investors were offered membership interests ("Units") in the Diversified Fund, which then reportedly invested the money in loans purportedly originated by USACM

12      At all relevant times, USA Realty was, on information and belief, the sole manager of the Diversified Fund

13      USA Capital First Trust Deed Fund, LLC (the "FTDF") is a Nevada limited liability company organized as of February 16, 2001, and is the debtor in case number 06-10728 currently pending before the Bankruptcy Court

14      At all relevant times, FTDF was purportedly an investment fund through which individuals located in the United States could invest in loans originated by