USACM  Investors or potential investors were offered varying classes of membership interests in FTDF, which then reportedly invested the money in loans originated by USACM

15      At all relevant times, USA Realty was, on information and belief, the sole manager of the FTDF

16      USA Securities, LLC ("USA Securities") is a Nevada limited liability company organized as of March 3, 1999, and is the debtor in case number 06-10729 currently pending before the Bankruptcy Court

17      After formation of FTDF, USA Securities sold membership interests in FTDF

18      At all relevant times, Milanowski and Hamilton were, on information and belief, the sole members and co-managers of USA Securities

19      On information and belief, USACM, USA Realty, USA Securities, FTDF, and the Diversified Fund (collectively, the "Debtor Conspirators") frequently utilized and operated under the enterprise name USA Capital  In addition, on information and belief, at all relevant times, the Debtor Conspirators operated out of the same premises, employed some of the same individuals, shared expenses, invested in loans to some of the same real estate projects, and paid money to each other

20      At various times during approximately 2001 and 2002, Hamilton and Phillip Dickinson ("Dickinson"), an employee of one or more of the Debtor Conspirators, acting, on information and belief, on behalf of the Debtor Conspirators and others, represented to Kantor that the Diversified Fund (i) was invested only in loans to real estate development projects secured by first trust deeds and other similar security

devices, (ii) had not concentrated and would not concentrate its investments in any one loan or in any small group of loans, and (iii) had not and would not invest in loans with a loan to appraised property value ratio greater than approximately 60% to 70%

21      At no time did Milanowski, Hantges, Hamilton, or Dickinson disclose to Kantor that some of the Diversified Fund's loans, including, on information and belief, some of its largest loans, were to real estate development projects in which Milanowski and Hantges or their insiders held ownership interests   At no time prior to the Debtor Conspirators' bankruptcies on April 13, 2006 (the "Petition Date") did anyone acting on behalf of the Debtor Conspirators disclose the Diversified Fund's investment in such loans

22      In addition, at not time did Hamilton, Milanowski, Hantges, or any other representative of the Debtor Conspirators disclose to Kantor that the funds invested in the Diversified Fund were at times transferred to and/or otherwise used for the benefit of Debtor Conspirators other than the Diversified Fund

23      During 2002, Hamilton and Dickenson acting, on information and belief, on behalf of the Debtor Conspirators and others, represented to Lynn Kantor that the Diversified Fund had not concentrated and would not concentrate its investments in any one loan or in a small group of loans and stressed that an investment in the Diversified Fund was a reduced risk investment specifically because its investments were and would continue to be made across a diverse portfolio of loans

24      At no time during Lynn Kantor's discussions with Hamilton or Dickinson did they disclose to Lynn Kantor that some of the Diversified Fund's loans, including, on information and belief, some of its largest loans, were to real estate development projects

in which Milanowski and Hantges or their insiders held ownership interests  At no time prior to the Petition Date did anyone acting on behalf of the Debtor Conspirators disclose the Diversified Fund's investment in such loans

25      In addition, at not time did Hamilton, Milanowski, Hantges, or any other representative of the Debtor Conspirators disclose to Lynn Kantor that the funds invested in the Diversified Fund were at times transferred to and/or otherwise used for the benefit of Debtor Conspirators other than the Diversified Fund

26      Based in each case on the representations and failures to disclose described above, Kantor, the 401(k) Plan, and Lynn Kantor invested in the Diversified Fund and reinvested some but not all of the monthly distributions from the Diversified Fund back into the Diversified Fund through its reinvestment program

27      In or about June 2003, the Diversified Fund issued a prospectus (the "Prospectus") related to the offering of 3,139 2 Units  On information and belief, the Prospectus was prepared by or under the direction of one or more of Hamilton, Dickinson, Milanowski, and Hantges and was prepared for the benefit of all of the Debtor Conspirators and others  The Prospectus made and reiterated many of the same or similar representations as those made to Kantor and Lynn Kantor described above, including that

(a)      "All of [the Diversified Fund's] loans are and will be secured by first deeds of trust that encumber the relevant real property or real property interest and may also be secured by second deed of trust on other property ",

(b)      The loan to appraised property value ratios on the Diversified Fund's loans would not exceed 75%,

(c)    "No loans will be made by [the Diversified Fund] to [USA Realty] or to any of its affiliates, except for any financing extended as part of a sale of real estate owned as a result of foreclosure ",

(d)    No individual loan or interest in a loan would exceed $20 million or 15% of all of the Diversified Fund's loans, and

(e)    No more than 25% of the Diversified Fund's loans or interests in loans at any given time would be made to a single borrower or any affiliate of a borrower

28    In addition to the above-described representations, on numerous occasions before the Petition Date, correspondence on "USA Capital" letterhead was sent to and received by Kantor and Lynn Kantor representing that the Diversified Fund averaged a return on investment of approximately 12% from its inception and that the Diversified Fund had interests in varying numbers of first trust deed loans  The letters included, in most instances, lists of the loans in which the Diversified Fund had interests and the claimed collateral supposedly securing these loans

29    On information and belief, the letters were prepared by or under the direction of one or more of Milanowski, Hantges, or Hamilton and were prepared for the benefit of the Debtor Conspirators and others

30    All of the Debtor Conspirators benefited from their joint conduct

31    All of the above-described representations made by or on behalf of the Debtor Conspirators were false and/or materially misleading  Contrary to those representations, the Diversified Fund invested funds in (i) unsecured loans, (ii) loans with a loan to appraised collateral value ratio in excess of 75%, and (iii) loans in amounts exceeding $20 million or in amounts which exceeded 15% of the total of all of the

Diversified Fund's loans    In addition, the Diversified Fund made loans to or for the benefit of insiders of USA Realty

32    On information and belief, the Debtor Conspirators further misappropriated funds from the Diversified Fund in that they caused at least $11 million of the Diversified Fund's money to be transferred to and used for the benefit of USAMC and/or one or more of the Debtor Conspirators other than the Diversified Fund

33    All of the above-described misrepresentations and omissions were material to the investment decisions of Kantor, the 401(k) Plan, and Lynn Kantor and were statements and omissions of a type that would influence the investment decision of a reasonable potential investor

34    Milanowski, Hantges, Hamilton, and Dickinson, acting on behalf of the Debtor Conspirators and others, made the above-described representations of facts with knowledge that they were false or in reckless disregard of their truth or falsity and concealed the material facts alleged above with knowledge that such concealment made their statements materially misleading    .

35    Milanowski, Hantges, Hamilton, and Dickinson, acting on behalf of the Debtor Conspirators and others, acted with the intention to deceive and mislead Kantor, Lynn Kantor, and the 401(k) Plan, and to induce Kantor, Lynn Kantor, and the 401(k) Plan to invest in the Diversified Fund

36    From approximately 2001 through the Petition Date, Kantor reasonably and justifiably relied on the Debtor Conspirators' misrepresentations to him of material facts and the material omissions described above by investing in the Diversified Fund to his detriment   During this period, Kantor invested $2,484,866 44 in the Diversified Fund

by purchasing Units directly and reinvesting many, but not all, of the monthly distributions from the Diversified Fund through its reinvestment program  Kantor would not have made the above-described investments had he known such representations were false or had he known the facts the Debtor Conspirators failed and omitted to disclose, as described above

37    From February 2001 through the Petition Date, the 401(k) Plan reasonably and justifiably relied on the Debtor Conspirators' misrepresentations to Kantor of material facts and the material omissions described above by investing in the Diversified Fund to its detriment   During this period, the 401(k) Plan invested a total of $2,706,869 69 in the Diversified Fund by purchasing Units directly and reinvesting many, but not all, of the monthly distributions from the Diversified Fund through its reinvestment program   The 401(k) Plan would not have made the above-described investments had it known such representations were false or had it known the facts the Debtor Conspirators failed and omitted to disclose, as described above

38    From 2002 through the Petition Date, Lynn Kantor reasonably and justifiably relied on the Debtor Conspirators' misrepresentations to her of material facts and the material omissions described above by investing in the Diversified Fund to her detriment   During this period, Lynn Kantor invested a total of $255,331 95 in the Diversified Fund by purchasing Units directly and reinvesting many, but not all, of the monthly distributions from the Diversified Fund through its reinvestment program   Lynn Kantor would not have made the above-described investments had she known such representations were false or had she known the facts the Debtor Conspirators failed and omitted to disclose, as described above

39     As a direct and proximate result of the above-alleged actions of the Debtor Conspirators and others, Kantor, Lynn Kantor, and the 401(k) Plan have suffered damages in an as yet indeterminate amount equal to the extent of the loss in the value of their investments in the Diversified Fund plus the amount of distributions Kantor, Lynn Kantor, and the 401(k) Plan would have received had the Diversified Fund invested in the manner represented to Kantor, Lynn Kantor, and the 401(k) Plan

40     This proof of claim is made without prejudice to the proofs of claim and proofs of interest of Kantor, Lynn Kantor, and the 401(k) Plan with respect to the interests each holds in the Diversified Fund, FTDF, or in any individual direct loans originated through USACM made by Kantor, Lynn Kantor, or the 401(k) Plan or that are or were serviced by USACM  This does **not** constitute a claim to rescind any investments and nothing herein should be construed as such

41     Kantor, Lynn Kantor, and the 401(k) Plan reserve all of their rights to alter, amend, or withdraw this proof of claim as additional facts and circumstances become known to them

## Claim I

### Fraud

42     Kantor, Lynn Kantor, and the 401(k) Plan incorporate by this reference paragraphs 1 through 1 through 41 above, as if fully set forth herein

WHEREFORE, Kantor, Lynn Kantor, and the 401(k) Plan seek recovery of

    (a)     Compensatory damages in an amount to be determined,

    (b)     Punitive damages,

    (c)     Exemplary damages, and

(d)    Such other and further relief as the Court deems just or appropriate

## Claim II

## Conspiracy to Defraud

43    Kantor, Lynn Kantor, and the 401(k) Plan incorporate by this reference paragraphs 1 through 1 through 41 above, as if fully set forth herein

44    The Debtor Conspirators had a tacit or explicit agreement to conspire to fraudulently obtain money from investors and potential investors in the Diversified Fund, including Kantor, Lynn Kantor, and the 401(k) Plan, for the benefit of the Debtor Conspirators other than the Diversified Fund, and others

45    The Debtor Conspirators, through Malinowski, Hantges, Hamilton, Dickinson, and others acted in concert with the intent to fraudulently obtain money from investors and potential investors in the Diversified Fund, including Kantor, Lynn Lantor, and the 401(k) Plan, for the benefit of the Debtor Conspirators other than the Diversified Fund

46    The Debtor Conspirators, through their representatives, made the numerous above-described representations and above-described omissions in furtherance of this conspiracy

47    Kantor, Lynn Kantor, and the 401(k) Plan relied on the above-described representations and above-described omissions by investing in the Diversified Fund and suffered damage as a result

WHEREFORE, Kantor, Lynn Kantor, and the 401(k) Plan seek recovery of

(a)    Compensatory damages in an amount to be determined,

      (b)     Punitive damages,  .

      (c)     Exemplary damages, and

      (d)     Such other and further relief as the Court deems just or

appropriate

## Claim III

## Action By Victims of Consumer Fraud

## (N R.S  41.600)

48     Kantor, Lynn Kantor, and the 401(k) Plan incorporate by this reference paragraphs 1 through 1 through 41 above and paragraphs 44 through 47 above, as if fully set forth herein

49     The conduct described above constitutes a "consumer fraud" perpetrated by the Debtor Conspirators in the course of their business within the meaning of N R S 41 600(2) (c), (incorporating N R S  598 092 (5) (a) and (c))

50     Kantor, Lynn Kantor, and the 401(k) Plan are consumers of investment products and victims of consumer fraud

WHEREFORE, Kantor, Lynn Kantor, and the 401(k) Plan seek recovery of

      (a)     Compensatory damages in an amount to be determined,

      (b)     Punitive damages,

      (c)     Exemplary damages,

      (d)     Reasonable attorneys fess and costs, and

      (e)     Such other and further relief as the Court deems just or

appropriate

McGuireWoods LLP
77 West Wacker Drive
Suite 4100
Chicago IL 60601 1815
Phone 312 849 8100
Fax 312 849 3690
www.mcguirewoods.com

# McGUIREWOODS

November 10, 2006

<u>VIA FEDERAL EXPRESS</u>

BMC Group
Attn  USACM Claims Docketing Center
1330 East Franklin Avenue
El Segundo, CA  90245

RE  USA Capital

Dear Sir/Madam

Enclosed please find the original and two sets of copies of the proofs of claim for Dr Gary Kantor to be filed against each of the following debtors  USA Securities LLC, USA Capital First Trust Deed Fund LLC, USA Capital Realty Advisors, LLC, and USA Commercial Mortgage Company

Also enclosed is Dr  Gary Kantor's original proof of interest in USA Capital Diversified Trust Deed Fund

Please file the original proofs of claim and proofs of interest and return the file stamped copies in the enclosed self-addressed, stamped envelope

Very truly yours,

Michael M  Schmahl

MMS cg
Enclosures

## U.S. Bankruptcy Court

### District of Nevada

Notice of Electronic Claims Filing

The following transaction was received from BMC GROUP, INC , on 11/20/2006 at 6 40 PM PST

| | |
|---|---|
| **Case Name** | USA CAPITAL FIRST TRUST DEED FUND, LLC |
| **Case Number** | 06-10728-lbr |
| **Creditor Name** | DR GARY KANTOR<br>C/O MICHAEL M SCHMAHL<br>MCGUIREWOODS LLP<br>77 W WACKER DR #4100<br>CHICAGO IL 60601 |
| **Claim Number** | 124    Claims Register |
| **Total Amount Claimed:** | |

The following document(s) are associated with this transaction

**Document description** Main Document
**Original filename** 10728_Dr_Gary_Kantor pdf
**Electronic document Stamp**
[STAMP bkecfStamp_ID=989277954 [Date=11/20/2006] [FileNumber=7506043-0
] [789db2b8f7a808e068836c75c0b87017e87faa50bc181e71a774b81f87176c76302
24d5db8ef761a3ef054687e14e18f0e18d58e277b2ee7cc75ea845fa74731]]

**06-10728-lbr Notice will be electronically mailed to.**

BMC GROUP, INC    , ecf@bmcgroup com,jmiller@bmcgroup com,jbartlett@bmcgroup com

KELLY J  BRINKMAN    kbrinkman@gooldpatterson com

JANET L  CHUBB    tbw@jonesvargas com

WILLIAM D COPE    cope_guerra@yahoo com

CICI CUNNINGHAM    bankruptcy@rocgd com

LAUREL E  DAVIS    bklsclv@lionelsawyer com,
ldavis@lionelsawyer com,gbagley@lionelsawyer com,ldavisesq@aol com

THOMAS H  FELL    BANKRUPTCYNOTICES@GORDONSILVER COM

CHRISTOPHER D JAIME    cjaime@waltherkey com, kbernhar@waltherkey com

ROBERT R  KINAS    rkinas@swlaw com,
mstrand@swlaw com,jlustig@swlaw com,chaines@swlaw com,imccord@swlaw com

JEANETTE E  MCPHERSON    bkfilings@s-mlaw com