# EXHIBIT A

1  ALAN R. SMITH, ESQ.
   Nevada Bar No. 1449
2  KEVIN A. DARBY, ESQ.
   Nevada Bar No. 7670
3  Law Offices of Alan R. Smith
   505 Ridge Street
4  Reno, Nevada 89501                  ┌─────────────────────────────────────────┐
   Telephone (775) 786-4579            │ *ELECTRONICALLY FILED* - January 17, 2007 │
5  Facsimile (775) 786-3066            └─────────────────────────────────────────┘
   *Email: mail@asmithlaw.com*
6  *Attorney for* The Lenders Protection Group

7  JANET L. CHUBB, ESQ.
   Nevada Bar No. 1974
8  Jones Vargas
   100 W. Liberty Street, 12th Floor
9  Reno, Nevada 89501
   Telephone: (775) 788-2205
10 Facsimile: (775) 786-1177
   *Email: jlc@jonesvargas.com*
11 *Attorney for* The Jones Vargas Direct Lenders

12             UNITED STATES BANKRUPTCY COURT
                    DISTRICT OF NEVADA
13
                        —ooOoo—
14

15 | In Re:                                          | Case Nos.:            |
   | USA COMMERCIAL MORTGAGE                         | BK-S-06-10725-LBR     |
16 | COMPANY,                                        | BK-S-06-10726-LBR     |
   |                          Debtor.              / | BK-S-06-10727-LBR     |
17 | In Re:                                          | BK-S-06-10728-LBR     |
   | USA CAPITAL REALTY ADVISORS, LLC,               | BK-S-06-10729-LBR     |
18 |                          Debtor.              / |                       |
   | In Re:                                          | JOINTLY ADMINISTERED  |
19 | USA CAPITAL DIVERSIFIED TRUST                   | Chapter 11            |
   | DEED FUND, LLC,                                 |                       |
20 |                          Debtor.              / |                       |
   | In re:                                          | **AMENDED NOTICE OF APPEAL** |
21 | USA CAPITAL FIRST TRUST DEED                    |                       |
   | FUND, LLC,                                      |                       |
22 |                          Debtor.              / |                       |
   | In re:                                          |                       |
23 | USA SECURITIES, LLC,                            | Hearing Date:    n/a  |
   |                          Debtor.              / |                       |
24 | Affects:                                        | Hearing Time:    n/a  |
   | ⊠ All Debtors                                   |                       |
25 | □ USA Commercial Mortgage Company               |                       |
   | □ USA Capital Realty Advisors, LLC              |                       |
26 | □ USA Capital Diversified Trust Deed Fund, LLC  |                       |
   | □ USA Capital First Trust Deed Fund, LLC        |                       |
27 | □ USA Securities, LLC                           |                       |

28

Law Offices of
ALAN R. SMITH
505 Ridge Street                                        EXHIBIT  "_A_"
Reno, Nevada  89501
(775) 786-4579        H:\USA Lenders (Cangelosi)\NOT Appeal p1.wpd

1      The Lenders Protection Group, a group of investors/lenders in USA Commercial Mortgage

2  Company ("USACM"),   as identified on the *Statement Of The Law Offices Of Alan R. Smith*

3  *Pursuant To Bankruptcy Rule 2019* filed herein on December 6, 2006, and as supplemented

4  thereafter ("LPG"), through its counsel, Alan R. Smith, Esq., and Charles B. Anderson Trust,

5  Rita P. Anderson Trust, Baltes Company, Kehl Family Members and Mojave Canyon, Inc., through

6  their counsel, Janet L. Chubb, Esq., appeal under 28 U.S.C. § 158 and Fed. R. Bankr. Proc., Rule

7  8001(a), from the following judgments, orders or decrees of the United States Bankruptcy Court,

8  District of Nevada, in the above captioned cases:

9     1.    **Order Confirming The "Debtors' Third Amended Plan of Reorganization," As**

10         **Modified Herein**, entered on the record as Docket #2376 on January 8, 2006, a copy

11         of which is attached hereto as Exhibit A; and

12     2.    **Findings of Fact And Conclusions Of Law In Support Of The Confirmation**

13         **Order**, entered on the Record as Docket #2377, a copy of which is attached hereto

14         as Exhibit B.

15  The names of all parties to these orders are as follows:

| | |
|---|---|
| Annette W. Jarvis, Esq.<br>Ray Quinney & Nebeker PC<br>36 South State St., Ste. 1400<br>Salt Lake City, UT 84145-0385<br>(801) 532-1500<br>Counsel For Debtors | Lenard E. Schwartzer, Esq.<br>Schwartzer & McPherson Law<br>2850 S. Jones Blvd., Ste. 1<br>Las Vegas, NV 89146-5408<br>(702) 228-7590<br>Counsel for the Debtors |
| Marc A. Levinson, Esq.<br>Orrick, Herrington & Sutcliffe<br>400 Capitol Mall, Ste. 3000<br>Sacramento, CA 95814<br>(916) 329-7921<br>Counsel for the Official Committee of<br>Equity Security Holders of USA Capital<br>Diversified Trust Deed Fund, LLC | Frank A. Merola, Esq.<br>Stutman, Treister & Glatt, P.C.<br>1901 Avenue of the Stars, 12th Fl.<br>Los Angeles, CA 90067<br>(310) 228-5600<br>Counsel for Official Committee of Equity<br>Security Holders of USA Capital First Trust<br>Deed Fund LLC |

Law Offices of<br>ALAN R. SMITH<br>505 Ridge Street<br>Reno, Nevada  89501<br>(775) 786-4579

| | |
|---|---|
| Gerald M. Gordon, Esq.<br>Greg Garman, Esq.<br>Gordon & Silver, Ltd.<br>3960 Howard Hughes Pkwy, 9th Fl<br>Las Vegas, NV 89109<br>(702)796-5555<br>Counsel for Official Committee of<br>Holders of Executory Contract Rights<br>of USA Commercial Mortgage Company | Rob Charles, Esq.<br>Lewis and Roca, LLP<br>LEWIS AND ROCA LLP<br>1 SOUTH CHURCH AVENUE #700<br>TUCSON, AZ 857011611<br>(520) 629-4427<br>Counsel for the Official Committee of<br>Unsecured Creditors of USA Commercial<br>Mortgage Company |
| August B. Landis, Esq.<br>Office of the U.S. Trustee<br>300 Las Vegas Blvd., S, Ste 4300<br>Las Vegas, NV 89101<br>(702) 388-6600 | Dean Kirby, Esq.<br>Kirby & McGuinn, A P.C.<br>600 B Street, Suite 1950<br>San Diego, Ca 92101<br>(619) 685-4000<br>Counsel for Debt Acquisition Corp. |
| Robert Le Pome, Esq.<br>10120 S. Eastern Ave. #200<br>Henderson, NV 89052<br>(702) 492-1271<br>Counsel for The Alexander Group | Janet Chubb, Esq.<br>Jones Vargas<br>100 W. Liberty St., 12th Floor<br>Reno, NV 89501<br>(775) 788-2205<br>Counsel for The Jones Vargas Direct Lenders |
| George Davis<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>(212) 310-8000<br>Counsel for Compass Partners | David Cohen<br>Warner Stephens, LLP<br>301 Commerce Street, #1700<br>Fort Worth, TX 76102<br>(817)810-5250<br>Counsel for Sierra Liquidity Fund |
| Michael Schmahl, Esq.<br>1319 N. Wood Street, #3B<br>Chicago, Il. 60622<br>(773)278-5223<br>Counsel for Dr. Gary Kantor,<br>Mrs. Cantor and Kantor<br>Nephrology 401K plan | Eric Field, Esq.<br>Assistant United States Attorney<br>333 Las Vegas Blvd. South, Suite 5000<br>Las Vegas, Nevada 89101<br>(702) 388-6336<br>Counsel for Pension Benefit<br>Guarantee Corporation |
| Russell Walker, Esq.<br>Woodbury & Kesler, P.C.<br>265 East 100 South, Suite 300<br>Salt Lake City, UT 84111<br>(801) 364-1100<br>Counsel for USA Investment Partners,<br>LLC, Joseph Milinowski and Thomas<br>Hanges | Gregory Walch, Esq.<br>400 South Fourth Street, Third Floor<br>Las Vegas, NV 89101<br>(702) 791-0308<br>Counsel for Gregory J. Walch<br>and Shauna M Walch Family Trust |

| | |
|---|---|
| Jeffrey Sylvester<br>Sylvester & Polednak, LTD<br>7371 Prairie Falcon, Suite 120<br>Las Vegas, NV 89128<br>(702) 952-5200<br>Counsel for USA Commercial<br>Real Estate Group | Susan Scann, Esq.<br>Deaner, Deaner, Scann, Malan & Larsen<br>720 South Fourth Street, Suite 300<br>Las Vegas, NV 89101<br>(702) 382-6911<br>Counsel for Copper Sage<br>Commercial Center and Binford<br>Medical Developers, LLC |
| Andrew Brumby, Esq.<br>Shutts & Brown, LLP<br>300 South Orange Ave., Suite 1000<br>Orlando, FL. 32802<br>(407) 423-3200<br>Counsel for Standard Property<br>Development | Wade Gochnour, Esq.<br>1117 South Rancho Drive<br>Las Vegas, NV 89102<br>(702) 474-7557<br>Counsel for Liberty Bank |

**DATED** this 17th day of January, 2007.

LAW OFFICES OF ALAN R. SMITH

*/s/ Alan R. Smith*

By_____

ALAN R. SMITH, ESQ.
*Attorney for The Lenders Protection Group*

# EXHIBIT A



**Entered on Docket**
**January 08, 2007**

Hon. Linda B. Riegle
United States Bankruptcy Judge

| | |
|---|---|
| Annette W. Jarvis, Utah Bar No. 1649 | Lenard E. Schwartzer, NV Bar No. 0399 |
| RAY QUINNEY & NEBEKER P.C. | Schwartzer & McPherson Law Firm |
| 36 South State Street, Suite 1400 | 2850 South Jones Boulevard, Suite 1 |
| P.O. Box 45385 | Las Vegas, Nevada 89146-5308 |
| Salt Lake City, Utah 84145-0385 | Telephone: (702) 228-7590 |
| Telephone: (801) 532-1500 | Facsimile: (702) 892-0122 |
| Facsimile: (801) 532-7543 | E-Mail: bkfilings@s-mlaw.com |
| Email: ajarvis@rqn.com | Attorneys for Debtors and Debtors-in- |
| and | Possession |

<div style="writing-mode: vertical-rl">SCHWARTZER & MCPHERSON LAW FIRM<br>2850 South Jones Boulevard, Suite 1<br>Las Vegas, Nevada 89146-5308<br>Tel: (702) 228-7590 · Fax: (702) 892-0122</div>

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br><br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND,<br>LLC,<br><br>Debtor. | [PROPOSED] FINDINGS OF FACT<br>AND CONCLUSIONS OF LAW IN<br>SUPPORT OF THE "ORDER<br>CONFIRMING THE "DEBTORS'<br>THIRD AMENDED JOINT CHAPTER<br>11 PLAN OF REORGANIZATION, AS<br>MODIFIED HEREIN" |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | <u>Confirmation Hearing</u><br>Date: December 19, 2006<br>Time: 10:00 a.m. |

1

1       Commencing on December 19, 2006 at 10:00 a.m., the Court held a hearing (the

2   "Confirmation Hearing") on the confirmation of the "Debtors' Third Amended Joint Chapter 11

3   Plan of Reorganization") (as modified by the Confirmation Order (as defined below), the

4   "Plan"[1]) proposed by USA Commercial Mortgage Company ("USACM"), USA Securities,

5   LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital

6   Diversified Trust Deed Fund, LLC ("DTDF") and USA Capital First Trust Deed Fund, LLC

7   ("FTDF"), debtors and debtors in possession in the above-captioned chapter 11 cases (the

8   "Debtors").  Appearances were made as indicated on the record at the Confirmation Hearing.

9       The Court considered the pleadings and documents filed by the Debtors and other

10   interested parties in connection with confirmation of the Plan, including the following:

11       (a)    the Plan and all accompanying exhibits, including, without limitation, the

12   Plan Documents Supplement, the Revised Schedule of Executory Contracts and Unexpired

13   Leases, the forms of Disbursing Agent Agreements for USACM and FTDF filed by the Debtors

14   and the Direct Lender Supplement;

15       (b)    the "Debtors' First Amended Disclosure Statement to Debtors' Third

16   Amended Joint Plan of Reorganization" (the "Disclosure Statement") previously approved by the

17   Court;

18       (c)    the "Memorandum of Points and Authorities in Support of Confirmation of

19   the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" (the "Confirmation

20   Memorandum");

21       (d)    the Declaration of Thomas J. Allison filed in support of confirmation of the

22   Plan (the "Allison Declaration");

23       (e)    the Affidavit of Balloting Agent Regarding Solicitation and Tabulation of

24   Votes in Connection with the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization,

25   regarding compliance with the "Solicitation Procedures" approved in the Disclosure Statement

26   Order ("BMC Declaration");

27

28   _____

[1]   All terms not otherwise defined in these Findings of Fact and Conclusions of Law (the "Findings")
shall have the meanings assigned to them in the Plan.

2

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    (f)    the Declaration of David Blatt of Compass Partners LLC in Support of

2  Confirmation of Debtors' Third Amended Joint Plan of Reorganization ("Compass Declaration");

3    (g)    the "Affidavit of Balloting Agent Regarding Solicitation and Tabulation of

4  Votes in Connection with the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization"

5  and the Ballot Tabulation Report attached as Exhibit A thereto [Docket No. 2165] and

6  "Supplemental Affidavit of Balloting Agent Regarding Solicitation and Tabulation of Votes in

7  Connection with the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" and the

8  Revised Ballot Tabulation Report attached as Exhibit B thereto [Docket No. 2243], which detail

9  the tabulation of Ballots cast for or against the Plan;

10    (h)    the "Partial Opposition to Debtors' Third Amended Joint Plan of

11  Reorganization," filed by Erna D. Grundman and Joanne M. Grundman;

12    (i)    the "Partial Opposition to Debtors' Third Amended Joint Plan of

13  Reorganization," filed by Joanne M. Grundman;

14    (j)    the "Objection of The Pension Benefit Guaranty Corporation to Debtors'

15  Third Amended Joint Plan of Reorganization," filed by the Pension Benefit Guaranty Corporation

16  ("PBGC");

17    (k)    the "Objection to Confirmation of Debtors' Third Amended Joint

18  Chapter 11 Plan of Reorganization," filed by Edward Burgess;

19    (l)    "Liberty Bank's Limited Objection to Confirmation of Debtors' Third

20  Amended Joint Chapter 11 Plan of Reorganization," filed by Liberty Bank;

21    (m)    "Standard Property Company, LLC's Limited Objection to the Debtors'

22  Third Amended Joint Plan of Reorganization," filed by Standard Property, LLC;

23    (n)    "Joinder in Standard Property Company, LLC's Limited Objection to the

24  Debtors' Third Amended Joint Plan of Reorganization on Behalf of Copper Sage Commerce

25  Center LLC, " filed by Copper Sage Commercial Center;

26    (o)    "Joinder in Standard Property Company, LLC's Limited Objection to the

27  Debtors' Third Amended Joint Plan of Reorganization on Behalf of Binford Medical Developers,"

28  filed by Binford Medical Developers;

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

3

(p)    "Memorandum of Points and Authorities in Opposition to Confirmation of Debtor's Plan," filed by Debt Acquisition Company of America V and the Declaration of Howard Justus [Docket No. 2032] filed in support thereof;

(q)    "Limited Objection to Plan," filed by Gregory Walch and Shauna Walch, etc.;

(r)    the "Objection of USA Investment Partners, LLC, Joseph Milanowski and Thomas Hantges to Confirmation of the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization," filed by Joseph Milanowski and Thomas Hantges (the "H&M Objection") and the Declaration of Victoria Loob filed in support thereof (the "Loob Declaration");

(s)    the "Objection to Confirmation of Debtors' Third Amended Joint Chapter 11 Plan of Reorganization as it Applies to Debtor USA Commercial Mortgage Company," filed by The Lenders Protection Group (the "LPG Objection");

(t)    the Declaration of Donna Cangelosi filed in support of the LPG Objection (the "Cangelosi Declaration");

(u)    Multiple joinders to objections to confirmation of the Plan filed by Objecting JV Creditors [Docket nos. 2040, 2099, 2179, 2180, 2182, 2184, and 2191];

(v)    "Limited Objection to Pecos Professional Park Limited Partnership and Haspinov, LLC, to Debtors' Proposed Plan of Reorganization," filed by USA Commercial Real Estate Group;

(w)    "Joinder in Limited Opposition to Plan," filed by Direct Lenders Alexander and others as shown in the Second Amended Statement of Robert C. LePome, Esq. and Nancy Allf, Esq. Pursuant to Rule 2019;

(x)    "Errata to Limited Objection to Plan," filed by Gregory J. Walch and Shauna M. Walch, Trustees of the Gregory J. and Shauna M. Walch Family Trust;

(y)    the "Opposition and Joinder of Sierra Liquidity Fund, L.L.C. in Oppositions [sic] to Confirmation of Debtors' Third Amended Joint Plan of Reorganization" ( the "Sierra Liquidity Objection" and, collectively with the objections to the Plan listed in (h)-(x) above, the "Objections");

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

4

(z)    the "Debtors' Combined Motion In Limine And Memorandum In Support Regarding The Objection Of USA Investment Partners, LLC, Joseph Milanowski And Thomas Hantges To The Confirmation Of The Debtors' Third Amended Joint Chapter 11 Plan Of Reorganization," filed by the Debtors; and

(aa)    all other pleadings, affidavits and documents filed in connection with this matter.

The Court has heard the statements, arguments, representations and offers of proof of counsel regarding confirmation of the Plan at the Confirmation Hearing, and has considered the record of these Chapter 11 Cases and all testimony and evidence admitted at or before the Confirmation Hearing.

These findings of fact and conclusions of law are in support of the "Order Confirming the 'Debtors' Third Amended Joint Chapter 11 Plan Of Reorganization,' As Modified Herein" (the "Confirmation Order"), entered concurrently herewith.

Based on the foregoing, the Court makes the following findings of fact and conclusions of law, as supplemented by the findings of fact and conclusions of law stated orally and reported in open court on the record at the Confirmation Hearing (which are incorporated herein) pursuant to Bankruptcy Rule 7052:[2]

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

A.    This matter is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b) and 1334(a).  Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

B.    The Debtors provided notice of the Confirmation Hearing and of the time fixed for balloting and filing objections to confirmation of the Plan to all entities entitled to receive such notice, including all known holders of Claims and Equity Interests of the Debtors. The notice by the Debtors of such matters fully and adequately described the relief requested at the

---

[2]    This document constitutes the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014.  Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, when appropriate.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

5

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 • Fax: (702) 892-0122

1   Confirmation Hearing and was reasonable, appropriate, and complied in all regards with due

2   process and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules (including

3   Bankruptcy Rules 2002, 3017, 3018, and 3019), and the Local Bankruptcy Rules and orders of the

4   Court, including this Court's "Order Approving: (A) Debtors' Disclosure Statement; (B) Proposed

5   Notice of Confirmation Hearing; (C) Proposed Solicitation and Notice Procedures; and (D)

6   Proposed Form of Ballots" (the "Disclosure Statement Order").

7           C.      Pursuant to the Disclosure Statement Order, all objections to confirmation

8   of the Plan, including all evidence in support thereof, were required to be filed by December 11,

9   2006 and, therefore, the Cangelosi Declaration filed on December 18, 2006 and the Sierra

10  Liquidity Objection filed on December 15, 2006 were not timely filed and were stricken from the

11  record and/or overruled.

12          D.      The only evidence submitted in support of the H&M Objection was the

13  Loob Declaration. On December 18, 2006, the Debtors undertook an examination of Ms. Loob

14  pursuant to Bankruptcy Rule 2004 where Ms. Loob asserted her rights under the Fifth Amendment

15  of the United States Constitution in connection with questions concerning the H&M Objection and

16  her declaration in support thereof. Additionally, USA Investment Partners ("USAIP") and Joseph

17  Milanowski each failed to appear at Court-ordered examinations to be conducted pursuant to Rule

18  2004 of the Federal Rules of Bankruptcy Procedure. Upon consideration of Ms. Loob's assertion

19  of her Fifth Amendment rights, the failure of USAIP and Mr. Milanowski to appear at their

20  respective Rule 2004 examinations, and the Motion in Limine, the H&M Objection and Loob

21  Declaration were stricken from the record.

22          E.      None of the Objections, including the LPG Objection, raised any objection

23  with respect to the classification of the Classes of Claims and/or Equity Interests as set forth in the

24  Plan or use of a Class to meet cramdown requirements. Further, Class A-5 consists of holders of

25  "claims" within the meaning of Bankruptcy Code section § 101(5).

26          F.      The Debtors conducted the solicitation of acceptances or rejections of the

27  Plan, and the related distribution and tabulation of ballots with respect thereto, in good faith and in

28  compliance with the Disclosure Statement Order, all applicable provisions of the Bankruptcy

6

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  Rules (including Bankruptcy Rules 3017 and 3018), all applicable provisions of the Bankruptcy

2  Code (including sections 1125 and 1126), and all other applicable laws, rules, and regulations.

3  Among other things, the Debtors transmitted the Plan, the Disclosure Statement, and the

4  applicable ballot to all known holders of Claims and Equity Interests of the Debtors that are

5  impaired under, and therefore entitled to vote on, the Plan.

6        G.    The Plan satisfies all of the requirements of Bankruptcy Code

7  section 1129(a) as follows:

8        1.    11 U.S.C. § 1129(a)(1):  the Plan complies with all of the applicable

9  provisions of the Bankruptcy Code, including Bankruptcy Code sections 1122 and 1123.

10       The classification structure is proper and in accordance with Section 1122 of the

11  Bankruptcy Code.  Each Class under the Plan differs in legal character or nature.  All Claims and

12  Equity Interests within each Class are substantially similar to the other Claims or Equity Interests

13  in that Class because they are similar in legal character to the other Claims against or Equity

14  Interests in Debtors in such class.

15       Article II Section C of the Plan designates Classes of Claims and Equity Interests

16  for each of the Debtors, other than those specified in Sections 507(a)(2), (a)(3) and (a)(8) of the

17  Bankruptcy Code, and states the treatment of each Class under the Plan in accordance with

18  Sections 1123(a)(1), (2) and (3).  The Plan also provides for the same treatment of each Claim and

19  Equity Interest within a particular Class in accordance with Section 1123(a)(4).

20       Article IV of the Plan provides adequate means for its implementation in a manner

21  that is consistent with Section 1123(a)(5) and (b).

22       2.    11 U.S.C. § 1129(a)(2):  the Debtors have complied with all of the

23  applicable provisions of the Bankruptcy Code, including Bankruptcy Code section 1125.

24       3.    11 U.S.C. § 1129(a)(3):  the Debtors have proposed the Plan in good faith

25  and not by any means forbidden by law.  Moreover, the Plan itself, and the negotiated process

26  leading to its formulation, along with all four Committees, provide independent evidence of the

27  good faith of the Debtors.

28       4.    11 U.S.C. § 1129(a)(4): Article II Section B.1 and Article VII Section A of

7

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  the Plan, provides for the appropriate review and determination of the fees and expenses incurred

2  through the Effective Date.

3       5.    11 U.S.C. § 1129(a)(5): the Plan, the Disclosure Statement, the exhibits to

4  the Plan, the Confirmation Memorandum, the Plan Documents Supplement, the Direct Lender

5  Supplement, and the disclosures at the Confirmation Hearing disclose the identity, qualifications,

6  method of election, and/or compensation of the DTDF Administrator, the DTDF Post-Effective

7  Date Committee, USACM Trustee, the USACM Trust Committee, the Disbursing Agents for

8  FTDF, USA Realty and USA Securities, respectively. The appointment of such persons is

9  consistent with the interests of creditors and shareholders and with public policy.

10       6.    11 U.S.C. §§1129(a)(6): the requirements of Bankruptcy Code

11  section 1129(a)(6) are not applicable to the Plan.

12       7.    11 U.S.C. § 1129(a)(7): each holder of a Claim or Equity Interest in a Class

13  that is impaired under the Plan will receive or retain under the Plan property of a value, as of the

14  Effective Date, that is not less than such holder would so receive or retain if the Debtors were

15  liquidated under chapter 7 of the Bankruptcy Code on such date.

16       8.    11 U.S.C. § 1129(a)(8), (10): In the Chapter 11 Cases of FTDF, DTDF,

17  USA Realty, and USA Securities, Classes, B-1 through B-4, C-1 through C-4, D-1 through D-3

18  and E-1 through E-3 are unimpaired, and Classes B-5, C-5, D-4 and E-4, though impaired, have

19  accepted the Plan. The Plan, with respect to the Chapter 11 Cases of FTDF, DTDF, USA Realty,

20  and USA Securities, thus satisfies the requirement of Bankruptcy Code section 1129(a)(8).

21       In the Chapter 11 case of USACM, Classes A-1 through A-3 are unimpaired,

22  and classes A-4 through A-8 are impaired under the Plan. Classes A-6 through A-8 will receive

23  no distribution under the Plan and are deemed to reject the Plan. Impaired Class A-5 has voted to

24  accept the Plan, and based on the Revised Ballot Tabulation Report, impaired Class A-4 also has

25  voted to accept the Plan. Accordingly, Section 1129 (a)(8) has been satisfied with respect to

26  USACM's Chapter 11 Case. Based on the acceptance of the Plan by Class A-5, Section

27  1129(a)(10) has been met with regard to USACM's Chapter 11 Case even if Class A-4 had not

28  accepted the Plan as a result of the Del Bunch Rule 3018 contested matter.

1    Section 1129(a)(10) does not apply to FTDF or DTDF because there is no impaired

2    class of Claims in their respective Chapter 11 Cases

3    In USA Realty's case, Classes D-4, the only voting impaired Class of Claims, has

4    voted to accept the Plan. Section 1129(a)(10) is met in USA Realty's Chapter 11 Case.

5    In USA Securities' case, Class E-4, the only voting impaired Class of Claims, has

6    voted to accept the Plan. Section 1129(a)(10) is met with regard to USA Securities' Chapter 11

7    Case.

8    9.    11 U.S.C. § 1129(a)(9):  the treatment of Allowed Administrative Expense

9    Claims, Allowed Priority Unsecured Claims, Allowed Priority Tax Claims and Allowed Secured

10    Tax Claims as set forth in Article II, Sections B. and C. of the Plan satisfies the requirements of

11    Bankruptcy Code section 1129(a)(9) in that holders of such Administrative Expense Claims,

12    Priority Unsecured Claims, Priority Tax Claims and Secured Tax Claims will be paid in full on the

13    Effective Date, or as soon as such expenses or claims become Allowed under the terms of the

14    Plan, except where the holder of such Claim agrees to a different treatment.

15    10.    11 U.S.C. § 1129(a)(11):  the Plan satisfies the requirements of Bankruptcy

16    Code section 1129(a)(11) as the evidence submitted by the Debtors shows that each of the Debtors

17    has sufficient funds on the Effective Date to make all of the distributions required to be made

18    under the Plan and that the Plan, including all of the documents incorporated therein, has adequate

19    provisions for the creation and management of the USACM Trust, the retention of assets by and

20    the management of Post-Effective Date DTDF, for making distributions to holders of Allowed

21    Claims or Equity Interests classified in Classes A-4 (Allowed General Unsecured Claims against

22    USACM), B-4 (Allowed General Unsecured Claims against FTDF), B-5 (Equity Interests in

23    FTDF), C-4 (Allowed General Unsecured Claims against DTDF), C-5 (Equity Interests in DTDF),

24    D-4 (Allowed General Unsecured Claims against USA Realty) and E-4 (Allowed General

25    Unsecured Claims against USA Securities), which are the only Classes that will receive a

26    distribution under the Plan, and to implement the provisions of the settlement with the holders of

27    Class A-5 (Direct Lender Compromise Claims).

28    11.    11 U.S.C. § 1129(a)(12):  the Plan's provision for the payment of statutory

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

9

1   fees to the Office of the United States Trustee, satisfies the requirements of Bankruptcy Code

2   section 1129(a)(12).

3          12.    11 U.S.C. § 1129(a)(13):  the Plan satisfies the requirements of Bankruptcy

4   Code section 1129(a)(13) because the Debtors are not subject to any retiree benefits as defined in

5   Bankruptcy Code section 1144.

6          13.    11 U.S.C. § 1129(a)(14):  the requirements of Bankruptcy Code

7   section 1129(a)(14), which mandate the payment of domestic obligations, are inapplicable to these

8   business Debtors.

9          14.    11 U.S.C. § 1129(a)(15):  the requirements of Bankruptcy Code

10  section 1129(a)(15), which only applies to cases where the debtor is an individual, are inapplicable

11  to these business Debtors.

12         15.    11 U.S.C. § 1129(a)(16):  the requirements of Bankruptcy Code

13  section 1129(a)(16), which only applies to "the transfer of property by a corporation or trust that is

14  not a moneyed, business, or commercial corporation or trust", are inapplicable because each of the

15  Debtors is a moneyed business or commercial corporation.

16         16.    11 U.S.C. § 1129(b)(1) and (2):  With respect to Classes A-6, A-7, A-8, D-5

17  and E-5, which have not accepted the Plan, and Class A-4, to the extent such Class has not

18  accepted the Plan, the Plan satisfies the requirements of Bankruptcy Code sections 1129(b)(1) and

19  1129(b)(2) because the Plan does not discriminate unfairly against, and provides fair and equitable

20  treatment with respect to, the Allowed Claims in Classes A-4, A-6 and A-7 and Allowed Equity

21  Interests in Classes A-8, D-5 and E-5 in that the Plan provides for no distribution to any junior

22  Class in a Debtor's Estate and does not discriminate unfairly among such Classes.

23         H.     The Plan satisfies the requirements of Bankruptcy Code section 1129(b) as

24  follows:

25         1.     All of the applicable requirements of Bankruptcy Code section 1129(a)

26  other than paragraph (8) are met with respect to the Plan.

27         2.     The Plan does not discriminate unfairly with respect to Classes A-4 (to the

28  extent such Class has not accepted the Plan), A-6, A-7, A-8, D-5 and E-5.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

10

3.  The Plan is "fair and equitable" as to Classes A-4 (to the extent such Class has not accepted the Plan) and A-6 because holders of junior Claims or Equity Interests will not receive or retain under the Plan on account of such junior Claim or Equity Interest any property.

4.  The only Classes of Claims and Equity Interests that are junior to Class A-4 Claims are Claims in Classes A-6 through A-8. Holders of Class A-6 Claims will not receive or retain any property unless holders of Allowed Class A-4 Claims are paid in full, plus interest. Holders of Class A-7 Claims will not receive or retain under the Plan on account of their Claim any property unless holders of Class A-4 and Class A-6 Claims are paid in full, plus interest. Furthermore, holders of Equity Interests in USACM, classified in Class A-8, will receive no distribution and retain no property under the Plan.

5.  The only Classes of Claims and Equity Interests that are junior to Class A-6 Claims are Claims in Classes A-7 through A-8. Holders of Class A-7 Claims will not receive or retain under the Plan on account of their Claim any property unless holders of Class A-6 Claims are paid in full, plus interest. Furthermore, holders of Equity Interests in USACM, classified in Class A-8, will receive no distribution and retain no property under the Plan

6.  The Plan is "fair and equitable" as to Class A-7 because holders of junior Claims or Equity Interests will not receive or retain under the Plan on account of such junior Claim or Equity Interest any property. The only Class that is junior to Class A-7 Claims is Class A-8, which is comprised as Equity Interests in USACM. Holders of Equity Interests in USACM will receive no distribution or retain any property under the Plan.

7.  The Plan is "fair and equitable" within the meaning of section 1129(b)(2)(C)(ii) as to Class A-8, which is comprised of Equity Interests in USACM, Class D-5, which is comprised of Equity Interests in USA Realty, and Class E-5, which is comprised of Equity Interests in USA Securities because no holder of any interest that is junior to the Equity Interests treated in these Classes will receive or retain any property under the Plan.

I.  Article V of the Plan governing the assumption and rejection of executory contracts and unexpired leases satisfies the requirements of sections 365 and 1123(b)(2) of the Bankruptcy Code. As provided in the Debtors' Revised Schedule of Executory Contracts And

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

11

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  Unexpired Leases In Connection With Debtors' Third Amended Joint Chapter 11 Plan Of

2  Reorganization, filed on December 18, 2006 (docket no. 2162), the Debtors have elected to reject

3  all executory contracts and unexpired leases.

4          J.      The principal purpose of the Plan is not the avoidance of taxes or the

5  avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).

6          K.      All modifications to the Plan filed or announced prior to the conclusion

7  of the Confirmation Hearing constitute technical changes and/or changes that have either been

8  consented to by affected constituents or which do not adversely affect or change the treatment

9  of any other Claims or Equity Interests.  Accordingly, pursuant to Bankruptcy Rule 3019, these

10  modifications do not require additional disclosure under Bankruptcy Code section 1125 or

11  1127(a), or resolicitation of votes under Bankruptcy Code section 1126, nor do they require that

12  holders of Claims or Equity Interests be afforded an opportunity to change previously cast

13  acceptances or rejections of the Plan.  The Plan as so modified meets the requirements of

14  Bankruptcy Code sections 1122 and 1123.  Such modifications shall be deemed accepted by

15  each holder of a Claim or Equity Interest who has previously voted to accept the Plan.

16          L.      The form of documents in the Plan Documents Supplement, including

17  the USACM Liquidating Trust Agreement, the DTDF Amended Operating Agreement, the

18  Direct Lender Supplement, and the Disbursing Agent Agreements for USACM and FTDF

19  substantially in the form filed by the Debtors are appropriate.

20          M.      The appointment of Michael Tucker of FTI Consulting to serve as the

21  DTDF Administrator and to perform the duties specified under the Plan and the DTDF

22  Amended Operating Agreement is appropriate and consistent with the best interests of DTDF's

23  creditors, Equity Interest holders, and the interests of public policy.

24          N.      The appointment of Geoffrey L. Berman of Development Specialists,

25  Inc. to serve as the USACM Trustee and to perform the duties specified under the Plan and the

26  USACM Trust Agreement is appropriate and consistent with the best interests of USACM's

27  creditors and the interests of public policy.

28          O.      The parties identified to the Court to serve as members of the USACM

1   Trust Committee and the DTDF Post-Effective Date Committee are appropriate to serve in such

2   roles.

3           P.      All of the conditions precedent to Confirmation of the Plan described in

4   Article VI Section A of the Plan have been satisfied.

5           Q.      The agreements, transactions and transfers authorized by the Confirmation

6   Order, including, without limitation, the USACM Trust Agreement and the DTDF Amended

7   Operating Agreement, are fair, equitable and reasonable, are entered into in good faith, are in the

8   best interests of the USACM and DTDF, their respective creditors and Estates (and with respect to

9   DTDF, its Equity Interest holders), and help provide adequate means for implementing the Plan.

10          R.      Pursuant to Bankruptcy Code section 1125(e), Persons, including the

11  Debtors, the Committees, and their respective attorneys, agents, directors, officers and

12  representatives, have acted in good faith with respect to the solicitation of votes on the Plan and

13  thus are entitled to all the protections of Bankruptcy Code section 1125(e).

14          S.      The injunctions, releases and limitations on liability contained in the Plan

15  are fair and equitable, are given for valuable consideration, were properly noticed to holders of

16  Claims and Equity Interests and other interested parties in accordance with the requirements of

17  due process and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and are

18  in the best interests of the Debtors and their Estates.

19          T.      Each term and provision of the Plan is valid and enforceable pursuant to its

20  terms.

21          U.      The Plan satisfies the requirements for confirmation set forth in

22  section 1129 of the Bankruptcy Code.

23          V.      The Court's retention of jurisdiction as set forth in Article VIII Section D of

24  the Plan is appropriate and comports with the parameters contained in 28 U.S.C. § 157.

25          W.      The provisions of the Plan, these Findings and the Confirmation Order

26  shall bind the Debtors, their respective Estates, the Asset Purchaser, the USACM Trustee, the

27  DTDF Administrator, and all holders of Claims against, and Equity Interests in the Debtors,

28  whether or not the Claims or Equity Interests of such entities are Allowed under the Plan or

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

13

1  impaired under the Plan, whether or not such entities have voted to accept or reject the Plan,

2  and whether or not such entities have filed or are deemed to have filed proofs of Claim or

3  Equity Interests in these Chapter 11 Cases.

4          X.      The transfer of the Acquired Assets (including, without limitation, both

5  real and personal property) to the Asset Purchaser is a transfer in accordance with Bankruptcy

6  Code section 1146(c) and, therefore the making, delivery, filing or recording of any mortgages,

7  deeds of trust, leasehold mortgages, leases (whether recorded or unrecorded), and/or the various

8  instruments and documents of transfer as specified in or contemplated by the Asset Purchase

9  Agreement or the Plan (collectively, "Instruments of Transfer"), and/or the exhibits thereto are

10  hereby exempt from taxation under any law imposing a recording tax, stamp tax, sales tax,

11  transfer tax, use tax or any similar tax or any so-called "bulk-sale".  The appropriate federal,

12  state or local government filing and recording officers are hereby directed to accept for filing or

13  recording all Instruments of Transfer or other documents of transfer to be filed and recorded in

14  accordance with the Plan or the Asset Sale Transaction, without payment of any such tax or

15  government assessment, and without the presentation of any affidavits, instruments, or returns

16  otherwise required for recording, other than the Confirmation Order.  The Court retains

17  jurisdiction to enforce the foregoing direction, by contempt proceedings or otherwise.

18          Y.      All DTDF Litigation Claims and FTDF Transferred Assets accruing to

19  DTDF or FTDF, or their Estates, shall remain assets of the Post-Effective Date DTDF, whether

20  or not litigation relating thereto is pending on the Effective Date and whether or not any such

21  right or cause of action has been listed or referred to in the Plan, the Disclosure Statement or

22  any schedule, exhibit or other document filed in connection therewith.

23          Z.      All USACM Litigation Claims and the FTDF Litigation Claims (transferred

24  to USACM pursuant to section E.2.j of Art. IV of the Plan) accruing to USACM or FTDF,

25  respectively, or their respective Estates shall remain assets of and vest in the USACM Trust,

26  whether or not litigation relating thereto is pending on the Effective Date and whether or not any

27  such right or cause of action has been listed or referred to in the Plan, the Disclosure Statement or

28  any schedule, exhibit or other document filed in connection therewith.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

14

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    AA.    As set forth in Article IV, Section E.1. of the Plan, the compromise between

2 USACM and the Direct Lenders is fair and reasonable and is in the best interests of the USACM

3 Estate and the Direct Lenders, respectively.

4    BB.    As set forth in Article IV, Section E.2. of the Plan, the compromise between

5 USACM and FTDF is fair and reasonable and is in the best interests of the USACM Estate and

6 FTDF Estate, respectively.

7    CC.    As set forth in Article IV, Section E.3. of the Plan, the compromise between

8 FTDF and DTDF is fair and reasonable and is in the best interests of the FTDF Estate and DTDF

9 Estate, respectively.

10    DD.    As set forth in Article IV, Section E.4. of the Plan, the compromise between

11 FTDF and USA Realty is fair and reasonable and is in the best interests of the FTDF Estate and

12 USA Realty Estate, respectively.

13    EE.    As set forth in Article IV, Section E.5. of the Plan, the compromise

14 between DTDF and USA Realty is fair and reasonable and is in the best interests of the DTDF

15 Estate and USA Realty Estate, respectively.

16    FF.    The Asset Purchase Agreement and the transactions contemplated by the

17 Asset Purchase Agreement were negotiated and have been and are undertaken by USACM and

18 FTDF (FTDF together with USACM, the "Sellers") and Asset Purchaser at arm's length,

19 without collusion or fraud, and in good faith within the meaning of section 363(m) of the

20 Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization

21 provided herein to consummate the Asset Sale Transaction shall not affect the validity of the

22 transfer of the Acquired Assets to the Asset Purchaser unless such authorization is duly stayed

23 pending such appeal.

24    GG.    The Auction conducted in accordance with the Bid Procedures Order on

25 December 7, 2006, at which Asset Purchaser was declared the highest and best bidder, was

26 conducted in good faith within the meaning of section 363(m) of the Bankruptcy Code.  The

27 Asset Purchaser is a purchaser in good faith of the Acquired Assets.  As a result of the

28 foregoing, the Sellers and Asset Purchaser entitled to the protections of section 363(m) of the

1    Bankruptcy Code.

2          HH.    The Asset Purchase Agreement was negotiated, proposed and entered

3    into by the Debtors and the Asset Purchaser without collusion, in good faith, and from arm's-

4    length bargaining positions.

5          II.    There were no brokers involved in the Asset Sale Transaction, and no

6    brokers' commissions are due with respect to the Asset Sale Transaction.

7          JJ.    The Asset Purchaser is not an "insider" of any of the Debtors, as that

8    term is defined in section 101 of the Bankruptcy Code.

9          KK.    The transfer of the Acquired Assets to the Asset Purchaser will be a

10   legal, valid, and effective transfer of the Acquired Assets, and will vest the Asset Purchaser

11   with all right, title, and interest of the Sellers to the Acquired Assets free and clear of all liens,

12   claims, interests, obligations and encumbrances whatsoever, including, but not limited to, (A)

13   all monetary and non-monetary defaults and rights that purport to give to any party a right or

14   option to effect any forfeiture, modification, right of first refusal, or termination of the Sellers'

15   or the Asset Purchaser's interest in, or rights in or under, the Acquired Assets, or any similar

16   rights, based in any way on any action taken (or failed to be taken) by any of the Debtors or any

17   other matter or occurrence relating to the period prior to the Closing (other than any right that

18   existed and was matured and exercisable, as of the Petition Date, to effect a substitution of

19   USACM as loan servicer under Section 3 of any Loan Servicing Agreement, as well as any

20   defenses of the loan servicer thereto (a "Surviving Section 3 Right")); (B) taxes arising under or

21   out of, in connection with, or in any way relating to the existence, ownership, management or

22   servicing of the Acquired Assets prior to the Closing; and (C) (i) all mortgages, deeds of trust,

23   security interests, conditional sale or other title retention agreements, pledges, liens, judgments,

24   demands, encumbrances, rights of first refusal or charges of any kind or nature, if any,

25   including, but not limited to, any restriction on the use, voting, transfer, receipt of income or

26   other exercise of any attributes of ownership and (ii) all debts arising in any way in connection

27   with any agreements, acts, or failures to act, of any of the Sellers or any of the Sellers'

28   predecessors or affiliates; all claims (as that term is defined in the Bankruptcy Code),

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

16

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  obligations, liabilities, rights of recoupment or setoff, demands, guaranties, options, rights,

2  restrictions, interest and matters of any kind and nature in any way relating to the existence,

3  ownership, management or servicing of the Acquired Assets prior to Closing, whether known

4  or unknown, contingent or otherwise, whether arising prior to or subsequent to the

5  commencement of these cases pursuant to chapter 11 of the Bankruptcy Code, and whether

6  imposed by agreement, understanding, law, equity or otherwise, including but not limited to

7  claims otherwise arising under doctrines of successor liability (collectively, "Interests");

8  provided, however, that, in connection with any attempted post-Closing exercise of a Surviving

9  Section 3 Right: (a) the Direct Lenders must provide Compass at least thirty (30) days prior

10  written notice of the intended exercise of such right in accordance with section 8 of the Loan

11  Servicing Agreement, (b) Compass shall have the right to challenge the exercise of such

12  Surviving Section 3 Right by filing a motion with this Court prior to the expiration of such

13  thirty (30) day period to determine whether such Surviving Section 3 Right has been properly

14  and validly exercised (the "Compass Motion") and the Court shall retain jurisdiction to

15  adjudicate any such disputes, (c) in the event Compass timely files such Compass Motion, the

16  effectiveness of the attempted exercise of such Surviving Section 3 Right shall be stayed

17  pending this Court's entry of an order in respect of the Compass Motion, and (d) the post-

18  Closing survival of such Surviving Section 3 Right shall not impair in any respect any rights or

19  interests of Compass under the Loan Servicing Agreements, including, without limitation, its

20  rights under Section 2(c)(iii) of the Loan Servicing Agreement.  In the event of a proper

21  exercise of remedies under Section 3 of the Loan Servicing Agreement, (i) neither the Direct

22  Lenders nor any replacement servicer selected by such Direct Lender shall have the right or

23  ability to compromise, subordinate, or impair, in any respect, any claims purchased by Compass

24  from the Estates for default interest, accrued servicing fees, late charges, success fees, or other

25  amounts under the Loan Servicing Agreement, and (ii) the Confirmation Order shall be binding

26  upon such replacement servicer regardless of whether such replacement servicer actually

27  received such copy of the Confirmation Order.

28        LL.     The Loan Servicing Agreements are not executory contracts under

17

1    Bankruptcy Code section 365 and can be transferred to the Asset Purchaser under Bankruptcy

2    Code sections 1123 and 363(b) without being assumed and assigned to the Asset Purchaser

3    under Bankruptcy Code section 365.

4         MM.    The Asset Purchaser would not have entered into the Asset Purchase

5    Agreement and would not consummate the transactions contemplated thereby, thus adversely

6    affecting the Sellers, their Estates, their creditors, and, with respect to FTDF, its Equity Interest

7    holders, if the sale of the Acquired Assets to the Asset Purchaser was not free and clear of all

8    Interests of any kind or nature whatsoever, or if the Asset Purchaser would, or in the future

9    could, be liable for any of the Interests, including, without limitation, any liabilities not

10   expressly assumed by the Asset Purchaser.

11        NN.    The consideration provided by Asset Purchaser pursuant to the Asset

12   Purchase Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Acquired

13   Assets, (iii) will provide a greater recovery to the Sellers' Estates than would be provided by

14   any other available alternative, and (iv) constitutes reasonably equivalent value and fair

15   consideration under the Bankruptcy Code and under the laws of the United States, any State

16   (including Nevada), territory, possession, or the District of Columbia.

17        OO.    Unless otherwise provided by law, the reversal or modification of the

18   Confirmation Order and these Findings on appeal shall not affect the validity of the Plan, or any

19   agreement or action authorized by the Confirmation Order or under the Plan with respect to any

20   entity acting in good faith, whether or not that entity knows of the appeal, unless the

21   Confirmation Order is stayed pending appeal.

22        PP.    Based on the foregoing findings and conclusions, the Debtors are entitled to

23   entry by this Court of the Confirmation Order.

24   Submitted by:                                    Approved / Disapproved by:
     RAY QUINNEY & NEBEKER P.C.                       OFFICE OF THE U.S. TRUSTEE
25   and SCHWARTZER & MCPHERSON LAW FIRM

26   By:  /s/ Jeanette E. McPherson                   By: _____
27   LENARD E. SCHWARTZER, ESQ.                        August B. Landis
     JEANETTE E. MCPHERSON, ESQ.
28   ANNETTE W. JARVIS, ESQ.
     STEVEN STRONG, ESQ.
     *Counsel for Debtors*

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

18

1   [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF
    THE "ORDER CONFIRMING THE "DEBTORS' THIRD AMENDED JOINT CHAPTER
2   11 PLAN OF REORGANIZATION, AS MODIFIED HEREIN"

3

4   **Approved**/Disapproved by:                    **Approved**/Disapproved by:
    LEWIS AND ROCA, LLP                             GORDON & SILVER, LTD.

5

6   By: /s/ Rob Charles                             By:   /s/ Gregory Garman
        SUSAN M. FREEMAN, ESQ.                          GERALD M. GORDON, ESQ.
7       ROB CHARLES, ESQ.                               GREGORY E. GARMAN, ESQ.
        *Counsel for the Official Committee of*         *Counsel for the Official Committee of*
8       *Unsecured Creditors of USA Commercial*         *Holders of Executory Contract Rights of*
        *Mortgage Company*                              *USA Commercial Mortgage Company*
9

10

11  **Approved**/Disapproved by:                    **Approved**/Disapproved by:
    ORRICK, HERRINGTON & SUTCLIFFE LLP              STUTMAN TREISTER & GLATT, P.C. and
12  and BECKLEY SINGLETON, CHTD.                    SHEA & CARLYON, LTD.

13

14  By:   /s/ Marc A. Levinson                      By:   /s/ Christine Pajak
        MARC A. LEVINSON, ESQ.                          FRANK A. MEROLA, ESQ.
15      JEFFERY HERMANN ESQ.                            EVE KARASIK, ESQ.
        BOB L. OLSON, ESQ.                              CHRISTINE PAJAK, ESQ.
16      ANNE M. LORADITCH, ESQ.                         CANDACE C. CARLYON, ESQ.
        *Counsel for the Official Committee of*         *Counsel for the Official Committee of*
17      *Equity Security Holders of USA Capital*        *Equity Security Holders of USA Capital*
        *Diversified Trust Deed Fund, LLC*              *First Trust Deed Fund LLC*
18

19  Approved/**Disapproved** by:                    Approved/Disapproved by:

20

21  By:   /s/ Kevin Darby for                        By:
        ALAN SMITH, ESQ.                                DEAN KIRBY, ESQ.
22      *Counsel for Lenders Protection Group*          *Counsel for Debt Acquisition*
                                                        *Company of America*
23

24  Approved/Disapproved by:                        Approved/Disapproved by:

25

26  By:                                             By:
        ERIC FIELD, ESQ.                                NANCY ALLF, ESQ.
27      *Counsel for Pension Benefit Guarantee*         ROBERT LEPOME, ESQ.
        *Corporation*                                   *Counsel for The Alexander Group*
28

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

19

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF THE "ORDER
CONFIRMING THE "DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN OF
2  REORGANIZATION, AS MODIFIED HEREIN"

3

4  Approved/Disapproved by:                          Approved/**Disapproved** by:

5  By: _____                        By: _/s/ Janet Chubb_____
6     MICHAEL SCHMAHL, ESQ.                              JANET CHUBB, ESQ.
7     *Counsel for Dr. Gary Kantor, Mrs. Kantor*         *Counsel for Jones Vargas Direct Lenders*
      *and Kantor Nephrology 401K plan*

8  **Approved**/Disapproved by:                       Approved/Disapproved by:

9

10 By: _/s/ George Davis_____                       By: _____
11    GEORGE DAVIS ESQ.                                    DAVID COHEN, ESQ.
      *Counsel for Compass Partners*                       *Counsel for Sierra Liquidity Fund*

12

13 Approved/Disapproved by:                            Approved/Disapproved by:

14

15 By: _____                          By: _____
      GREGORY J. WALCH ESQ.                                JEFFREY SYLVESTER, ESQ.
16    *Counsel for Gregory J. Walch and Shauna*           *Counsel for USA Commercial Real Estate*
      *M. Walch, Trustees of the Gregory J. and*          *Group*
17    *Shauna M. Walch Family Trust*

18

19 Approved/Disapproved by:                            Approved/Disapproved by:

20

21 By: _____                          By: _____
      RUSSELL WALKER, ESQ.                                 SUSAN SCANN, ESQ.
22    *Counsel for USA Investment Partners, LLC,*          *Counsel for Copper Sage Commercial*
      *Joseph Milanowski and Thomas Hantges*               *Center and Binford Medical Developers, LLC*

23

24 **Approved**/Disapproved by:                        Approved/Disapproved by:

25 By: _/s/ Andrew Brumby_____                        By: _____
26    ANDREW BRUMBY, ESQ.                                  WADE GOCHNOUR, ESQ.
      R. VAUGHN GOURLEY, ESQ.                              ARYN M. FITZWATER, ESQ.
27    *Counsel for Standard Property Development*          *Counsel for Liberty Bank*

28 / / /

20

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

___ The court has waived the requirement of approval under LR 9021.

___ No parties appeared or filed written objections, and there is no trustee appointed in the case.

_X_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

**Failed to respond:**

WADE GOCHNOUR, ESQ.
SUSAN SCANN, ESQ.
RUSSELL WALKER, ESQ.
GREGORY J. WALCH ESQ.
JEFFREY SYLVESTER, ESQ.
DAVID COHEN, ESQ.
MICHAEL SCHMAHL, ESQ.
ROBERT LEPOME, ESQ.
ERIC FIELD, ESQ.
DEAN KIRBY, ESQ.
August B. Landis, Esq.

# # #

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

21