ELECTRONICALLY FILED
February 21, 2007

1  STUTMAN, TREISTER & GLATT, P.C.
   FRANK A. MEROLA
2  (CA State Bar No. 136934)
   EVE H. KARASIK
3  (CA State Bar No. 155356)
   ANDREW M. PARLEN
4  (CA State Bar No. 230429), Members of
   1901 Avenue of the Stars, 12th Floor
5  Los Angeles, California 90067
   Telephone: (310) 228-5600
6  Facsimile: (310) 228-5788
   Email:      fmerola@stutman.com
7              ekarasik@stutman.com
               aparlen@stutman.com
8

SHEA & CARLYON, LTD.
JAMES PATRICK SHEA
(Nevada State Bar No. 000405)
CANDACE C. CARLYON
(Nevada State Bar No. 002666)
SHLOMO S. SHERMAN
(Nevada State Bar No. 009688)
228 South Fourth Street, First Floor
Las Vegas, Nevada 89101
Telephone: (702) 471-7432
Facsimile: (702) 471-7435
Email:      jshea@sheacarlyon.com
            ccarlyon@sheacarlyon.com
            ssherman@sheacarlyon.com

9  Counsel for the Official Committee Of
   Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

10                **UNITED STATES BANKRUPTCY COURT**
                        **DISTRICT OF NEVADA**
11

| | |
|---|---|
| 12  In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>          Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| 14  In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>          Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| 16  In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>          Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| 18  In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>          Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| 19  In re:<br>USA SECURITIES, LLC,<br>          Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |

20  Affects
21  ☐ All Debtors
    ☒ USA Commercial Mortgage Co.
22  ☐ USA Securities, LLC
    ☐ USA Capital Realty Advisors, LLC
23  ☐ USA Capital Diversified Trust Deed
    ☒ USA First Trust Deed Fund, LLC
24

Date:  March 1, 2007
Time:  9:30 a.m.

25            **EVIDENTIARY OBJECTIONS OF OFFICIAL COMMITTEE OF EQUITY
          SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC**
26                    **TO DECLARATION OF EDWARD M. BURR**
27

28

409270v2

# I.

## INTRODUCTION

The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee") respectfully submits these evidentiary objections ("Evidentiary Objections") to the "Declaration of Edward M. Burr in Support of Response to Motion to Enforce Debtors' Third Amended Joint Chapter 11 Plan of Reorganization as it Relates to Allocation of Sale Proceeds" (the "Burr Declaration"), filed by the Official Unsecured Creditors' Committee for USA Commercial Mortgage Company (the "USACM Committee").[1] These Evidentiary Objections are submitted concurrently with the FTDF Committee's reply (the "Reply") in support of its "Motion for Order Pursuant to Bankruptcy Code Sections 1141 and 1142 to Enforce Confirmed Debtors' Third Amended Joint Chapter 11 Plan of Reorganization as it Relates to Allocation of Sale Proceeds" (the "Allocation Motion").

Because the below-cited testimony contained in the Burr Declaration is inadmissible as constituting hearsay, lacking foundation, and/or violating the "best evidence" rule (as set forth in greater detail *infra*), the testimony should either be stricken or not considered by the Court as evidence of the allegations set forth in the USACM Committee's Response to the Allocation Motion.

# II.

## EVIDENTIARY OBJECTIONS

1.    In Paragraph 7,[2] Mr. Burr alleges that "[w]hile the FTDF Assets were aggressively marketed for sale, there was little or no marketing of these additional USACM assets by Debtors or Mesirow. For these and other reasons, while the FTDF Assets generated significant market interest, there was relatively little interest in the additional USACM assets." This statement is an inadmissible conclusory statement lacking in foundation—Mr. Burr has not

---

[1] The Burr Declaration was filed as Exhibit "1" to the USACM Committee's "Response to Motion to Enforce Debtors' Third Amended Joint Chapter 11 Plan of Reorganization as It Relates to Allocation of Sale Proceeds" ("Response") [Docket No. 2761].

[2] Unless otherwise noted, all references to "Paragraph __" herein are to the contents of the Burr Declaration.

demonstrated that he has personal knowledge of every action Mesirow or the Debtors performed in the marketing of the Debtors' assets. Furthermore, Mr. Burr has not been offered or qualified as a financial expert to opine on the market interest in the USACM assets and the basis therefor pursuant to Federal Rule of Evidence 702, nor has the USACM Committee complied with any of the disclosure or expert report requirements of Federal Rule of Civil Procedure 26(a)(2) with regard to Mr. Burr.[3]  As such, Mr. Burr is unqualified to testify as to this matter, and this statement constitutes inadmissible speculation.

2.    In Paragraph 10, Mr. Burr quotes an excerpt from an email sent by Christine Pajak of Stutman, Treister & Glatt Professional Corporation, counsel to the FTDF Committee (the "Pajak Email"). The content of this email is irrelevant to the Court's interpretation of the unambiguous Plan[4] language, and is therefore inadmissible pursuant to Federal Rule of Evidence 402. Furthermore, admission of this statement is inconsistent with the "best evidence rule" set forth in Federal Rule of Evidence 1002, as the Pajak Email itself is the best evidence of its content. Finally, to the extent the Court determines that the content of the Pajak Email is relevant to the Court's interpretation of the Plan language, the FTDF Committee submits the entirety of the Pajak Email to provide the context of the excerpt quoted by Mr. Burr, pursuant to Federal Rule of Evidence 106. A true and correct copy of the Pajak Email is appended as Exhibit "A" to the Declaration of Christine M. Pajak, submitted in support of the FTDF Committee's Reply and filed concurrently herewith.

3.    In Paragraph 11, Mr. Burr alleges that "the Bid Procedures did not provide for a mechanism for any additional assets to be included in the sale." Similarly, in Paragraph 14 Mr. Burr alleges that "[t]he Bid Procedures did not address the possibility of a bid for additional USACM Assets." Admission of these statements is inconsistent with the "best evidence rule" set forth in Federal Rule of Evidence 1002. The unambiguous content of the Bid Procedures speaks

[3] The Federal Rules of Evidence are made applicable to this matter by Federal Rule of Bankruptcy Procedure 9017.

[4] Capitalized terms not defined herein, and not quoted from the Burr Declaration, have the meanings ascribed to them in the Allocation Motion.

409270v2                                   3

for itself. Furthermore, Mr. Burr has not been qualified as a legal or financial expert pursuant to Federal Rule of Evidence 702, nor has the USACM Committee complied with any of the disclosure or expert report requirements of Federal Rule of Civil Procedure 26(a)(2) with regard to Mr. Burr. As such, Mr. Burr is unqualified to testify as to this matter. Finally, this statement constitutes an inadmissible legal conclusion, and is inappropriately offered to influence the Court's determination of the meaning of the plain language of the Bid Procedures.

4.      In Paragraph 12, Mr. Burr states, "I understood that the FTDF Committee and its advisers did not want potential buyers cherry picking among the FTDF Assets and only bidding for some of the more valuable FTDF Assets. I understood that was the reason why the FTDF Committee insisted on inclusion of the following language requiring competing bids to set forth . . . [citing to the Bid Procedures]." This statement is an inadmissible statement lacking in foundation. Mr. Burr has no direct knowledge of the FTDF Committee's intentions regarding the language included in the Bid Procedures. As such, this statement constitutes inadmissible speculation. Furthermore, Mr. Burr's subjective speculations as to the FTDF Committee's intentions with regard to the language included in the Bid Procedures are irrelevant to the Court's interpretation of the unambiguous Plan language, and are therefore inadmissible pursuant to Federal Rule of Evidence 402.

5.      In Paragraph 17, Mr. Burr alleges that "[t]he Plan refers to an overbid, which is a higher bid for the same assets Silver Point sought to buy . . . ." By this statement, Mr. Burr mischaracterizes the content of the Plan, which in no way defines an "overbid" as, or limits the meaning of an "overbid" to, "a higher bid for the same assets Silver point sought to buy." This statement constitutes inadmissible legal conclusion, and violates the "best evidence rule" set forth in Federal Rule of Evidence 1002. The unambiguous content of the Plan speaks for itself.

6.      In Paragraph 18, Mr. Burr states that "[i]n the First Amended Disclosure Statement, Debtors estimated that Silver Point's $46 million offer and pre-closing collections would net FTDF equity holders between 67-70%, without any overbid. In contrast, USACM unsecured creditors could expect a distribution of between 8 to 33%." (Footnotes omitted). The Debtors' estimation of the anticipated recovery of its various constituents under the Plan is

1    wholly irrelevant to the Court's interpretation of the Plan language, even if the Court concludes

2    that it should consider extrinsic evidence, and is therefore inadmissible pursuant to Federal Rule

3    of Evidence 402.

4            7.    In Paragraph 19, Mr. Burr states that "[i]n a stipulation filed on November

5    27, 2006 (the 'Stipulation'), the FTDF Committee and the USACM Committee agreed as to

6    allocation of overbids for the FTDF Assets and the Stalking Horse USACM Assets, as well as

7    liability for the Silver Point Break-up Fee." By this statement, Mr. Burr mischaracterizes the

8    content of the Stipulation, which in no place defines "overbids" as, or limits the meaning of

9    "overbids" to, bids "for the FTDF Assets and the Stalking Horse USACM Assets." This

10   statement constitutes inadmissible legal conclusion and violates the "best evidence rule" set forth

11   in Federal Rule of Evidence 1002. The terms of the Stipulation speak for themselves.

12   Furthermore, because the Plan refers to the Stipulation as a document that may provide

13   exceptions to the Allocation set forth in the Plan, and the only exception set forth in the

14   Stipulation is not germane to the present dispute, the content of the Stipulation is irrelevant to the

15   Court's interpretation of the unambiguous Plan language. Therefore, Mr. Burr's discussion of the

16   Stipulation is inadmissible pursuant to Federal Rule of Evidence 402.

17           8.    In Paragraph 23, Mr. Burr states that "Mesirow attempted to compare the

18   Silver Point offer with the Compass offer by determining the book value of the USACM

19   Additional Assets. Mesirow determined that the book amount of the USACM Additional Assets

20   could have included the following:

21      •   uncollected default interest with a projected balance as of December 31, 2006 of

22          $27.8 million,

23      •   interests in serviced loans, called short-term investments on the USACM balance

24          sheet, $1.4 million,

25      •   Exit Fees, $14.6 million,

26      •   uncollected loan extension fees, $6.1 million,

27      •   uncollected pre-petition servicing fees $3.1 million,

28      •   uncollected post-petition servicing fees $6.2 million,

1          • late fees of $1.8 million, and

2          • property, plant and equipment with a gross book value of $1.2 million."

3   Mr. Burr is not a member, employee, or agent of Mesirow, and has no authority to testify on its

4   behalf. Mr. Burr has provided no foundation for personal knowledge of these alleged facts.

5   Furthermore, to the extent these statements are based on communications by Mesirow to Mr.

6   Burr, the statements constitute inadmissible hearsay pursuant to Federal Rules of Evidence 801

7   and 802. Finally, these statements are irrelevant to the Court's interpretation of the unambiguous

8   Plan language, and are therefore inadmissible pursuant to Federal Rule of Evidence 402.

9          9.    In Paragraph 24, Mr. Burr alleges that "[b]ased upon Mesirow's data, after

10  deducting Additional Assets that were not being sold, a rough estimate of the book value of the

11  USACM Additional Assets sought by Compass is about $64 million." Mr. Burr has not been

12  offered or qualified as a financial expert under Federal Rule of Evidence 702 to opine on the

13  value of the Debtors' assets nor has the USACM Committee complied with any of the disclosure

14  or expert report requirements of Federal Rule of Civil Procedure 26(a)(2) with regard to Mr.

15  Burr. As such, Mr. Burr is unqualified to testify as to this matter as an expert. His calculation

16  regarding the value of the relevant assets is based on inadmissible hearsay regarding alleged

17  "data" not in evidence, upon which only qualified experts may opine under Federal Rule of

18  Evidence 703, and is therefore inadmissible. Mr. Burr has provided no foundation for his

19  personal knowledge of the value of the relevant assets, and his conclusion as to the value of the

20  assets constitutes inadmissible speculation. Finally, the alleged book value of the relevant assets

21  is irrelevant to the Court's interpretation of the unambiguous Plan language, and is therefore

22  inadmissible pursuant to Federal Rule of Evidence 402.

23         10.   In Paragraph 27, Mr. Burr states "[i]t was clear to me from the

24  negotiations with bidders that each bidder was allocating a substantial amount of consideration to

25  the USACM Additional Assets." Mr. Burr has provided no foundation for his personal

26  knowledge of the purported allocation of consideration among the relevant assets by any of these

27  unspecified bidders. In addition, to the extent Mr. Burr makes this statement based on direct

28  communications by the bidders to Mr. Burr regarding their allocation of consideration among the

1    assets, this statement constitutes inadmissible hearsay pursuant to Federal Rules of Evidence 801

2    and 802.  Finally, Mr. Burr's personal conclusions regarding the financial motives of the various

3    bidders are irrelevant to the Court's interpretation of the Plan language, even if the Court

4    determines that it must consider extrinsic evidence, and are therefore inadmissible pursuant to

5    Federal Rule of Evidence 402.

6              11.    In Paragraphs 29 and 30, Mr. Burr makes several unfounded factual

7    allegations and draws various conclusions regarding the relative percentage recoveries of the

8    FTDF and USACM estates, based on certain assumptions and alleged "book values."  The

9    entirety of these paragraphs are inadmissible for lack of foundation.  Mr. Burr has not been

10   offered or qualified as a financial expert under Federal Rule of Evidence 702, nor has the

11   USACM Committee complied with any of the disclosure or expert report requirements of

12   Federal Rule of Civil Procedure 26(a)(2) with regard to Mr. Burr.  Mr. Burr has therefore not

13   been qualified to opine as to the value of the assets or the percentage recovery by the relevant

14   estates thereon.  Furthermore, Mr. Burr's conclusions are based on hypothetical assumptions,

15   inadmissible hearsay, and alleged facts not in evidence—e.g., the assumption that the FTDF

16   equity interests are $63 million; and the reliance on an alleged "book value" of the assets, the

17   only purported evidence of which has been Mr. Burr's reference to the Debtors' schedules and

18   Mesirow's purported analysis, both of which constitute inadmissible hearsay under Federal Rule

19   of Evidence 801 and 802.  Pursuant to Federal Rule of Evidence 803, only an expert qualified

20   under Federal Rule of Evidence 802 may rely upon inadmissible evidence to form an opinion,

21   and Mr. Burr has not been so qualified.  Finally, Mr. Burr's *ex post* calculations regarding the

22   recoveries of the FTDF and USACM estates under the Allocation set forth in the Plan are

23   irrelevant to the Court's interpretation of the unambiguous Plan language, and would be

24   irrelevant to the Court's examination of the parties' *ex ante* intentions with regard to the Plan

25   language even if the Court determines it should examine extrinsic evidence thereof, and are

26   therefore inadmissible pursuant to Federal Rule of Evidence 402.

27            **WHEREFORE,** the FTDF Committee respectfully requests that the Court sustain

28   the FTDF Committee's Evidentiary Objections to the Burr Declaration, and either strike the

1    testimony from the record or not consider the objectionable statements as evidence of the

2    allegations set forth in the USACM Committee's Response to the Allocation Motion.

3

4    Respectfully submitted this 21st day of February, 2007.

5    _/s/   Frank A. Merola_

6    FRANK A. MEROLA (CA State Bar No. 136934),
     EVE H. KARASIK (CA State Bar No. 155356), and
7    ANDREW M. PARLEN (CA State Bar No. 230429), Members of
8    STUTMAN, TREISTER & GLATT, P.C.
     1901 Avenue of the Stars, 12th Floor
9    Los Angeles, CA  90067
     Telephone:  (310) 228-5600
10   COUNSEL FOR THE
     OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
11   OF USA CAPITAL FIRST TRUST DEED FUND, LLC

12   and

13
     CANDACE C. CARLYON
14   SHEA & CARLYON, LTD.
     228 S. Fourth Street, First Floor
15   Las Vegas, NV  89101
16   Telephone:  (702) 471-7432
     COUNSEL FOR THE
17   OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
     OF USA CAPITAL FIRST TRUST DEED FUND, LLC
18

19

20

21

22

23

24

25

26

27

28