*Attorneys for Debtors and Debtors-in-Possession:*

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone: (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com

*Committees:*

Frank A. Merola, Esq.
Eve H. Karasik, Esq.
Andrew M. Parlen, Esq.
STUTMAN TREISTER & GLATT, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, California  90067
Telephone:  (310) 228-5600
Facsimile:  (310) 228-5788
Email:  ekarasik@stutman.com

Marc A. Levinson, Esq.
Jeffrey D. Hermann, Esq.
ORRICK, HERRINGTON &
SUTCLIFFE LLP
400 Capitol Mall
Sacramento, California  95814
Telephone:  (916) 447-9200
Facsimile:  (916) 329-4900
Email:  malevinson@orrick.com

Rob Charles, Esq.
Susan M. Freeman, Esq.
LEWIS AND ROCA, LLP
3993 Howard Hughes Parkway, 6th Floor
Las Vegas, Nevada  89169
Telephone:  (702) 949-8320
Facsimile:  (702) 949-8321
Email:  RCharles@LRLaw.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case Nos. BK-S-06-10725 LBR<br>Case Nos. BK-S-06-10726 LBR<br>Case Nos. BK-S-06-10727 LBR<br>Case Nos. BK-S-06-10728 LBR<br>Case Nos. BK-S-06-10729 LBR |
| In re:<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Chapter 11 |
| In re:<br><br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>Debtor. | **SECOND JOINT MOTION FOR<br>ORDER FOR IMPLEMENTATION<br>OF CONFIRMED PLAN (AFFECTS<br>ALL DEBTORS)** |
| In re:<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | |

*(left margin, vertical text)* SCHWARTZER & MCPHERSON LAW FIRM · 2850 South Jones Boulevard, Suite 1 · Las Vegas, Nevada 89146-5308 · Tel: (702) 228-7590 · Fax: (702) 892-0122

409220v4

214969.2

| | |
|---|---|
| In re:<br><br>USA SECURITIES, LLC,<br> Debtor. <br><hr>Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Date: OST REQUESTED<br>Time: OST REQUESTED |

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Debtors USA Commercial Mortgage Company ("USACM"), USA Capital First Trust Deed Fund ("FTDF"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital Realty Advisors, LLC ("USA Realty"), and USA Securities, LLC ("USA Securities") (collectively, the "Debtors"), and the Official Unsecured Creditors' Committee for USA Commercial Mortgage Company ("USACM Committee"), the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC ("FTDF Committee") and the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC ("DTDF Committee") (collectively, the "Committees" and collectively with the Debtors, the "Movants"), by and through their counsel and pursuant to Section 1142 of the Bankruptcy Code, Article VIII, Section D of the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" ("Plan")[1], and the "Order Confirming the 'Debtors' Third Amended Joint Chapter 11 Plan of Reorganization,' as Modified Herein" ("Confirmation Order"), respectfully request that the Court grant this Motion and enter an order authorizing certain matters related to the implementation of the Plan as set forth below.

This Motion supplements, in part, the "Joint Emergency Motion or Order Related to Implementation of Confirmed Plan" (the "First Joint Motion") [Docket No. 2768] filed by the Movants on February 14, 2007, which was granted by the Court on February 15, 2007 ("First Implementation Order") [Docket No. 2819].  The First Joint Motion sought relief to implement the Plan and the Confirmation Order by requesting an order confirming that USACM will continue to

---

[1] Unless otherwise stated, all capitalized terms used herein are defined in the confirmed Plan or the Confirmation Order.

214969.2

1    exist for 60 to 90 days after the Effective Date in order to serve as sublicensee for Compass

2    Partners, LLC ("Compass"), the acquirer of the FTDF loan portfolio and the USACM servicing

3    assets.  The First Joint Motion was brought on an emergency basis because the relief requested

4    related to a condition precedent of the Sale (defined below) closing, which had to occur by

5    February 16, 2006, under the terms of the Plan and the Confirmation Order.

6         This Motion is, in part, a follow-up to the First Joint Motion, as it deals with related issues

7    with respect to the servicing of loans by the USACM Trust and the Post-Effective Date DTDF.

8    Additionally, this Motion addresses other issues, detailed herein, that are necessary to properly

9    implement the Plan, some of which apply globally, and others of which are specific to a particular

10   Debtor and/or Committee.

11                           I.    **STATEMENT OF FACTS**

12   **A.    Background**

13        1.    On April 13, 2006 ("Petition Date"), the Debtors filed petitions for relief under

14   chapter 11 of the Bankruptcy Code.  By order entered June 9, 2006, the Court approved the joint

15   administration of the Debtors' chapter 11 cases (the "Chapter 11 Cases").  Effective as of the

16   Petition Date, Mesirow Financial Interim Management, LLC ("Mesirow") was employed as crisis

17   manager to the Debtors, and Thomas J. Allison of Mesirow has served as the Debtors' Chief

18   Restructuring Officer ("CRO").  The Debtors are represented in the Chapter 11 Cases by Ray

19   Quinney & Nebeker P.C. ("RQN") and Schwartzer & McPherson Law Firm ("S&M" and together

20   with RQN and Mesirow, the "Debtors' Professionals").

21        2.    The Office of the United States Trustee appointed four official committees in these

22   cases: (i) the USACM Committee; (ii) the FTDF Committee; (iii) the DTDF Committee; and (iv)

23   the Official Committee of Holders of Executory Contracts Rights through USA Commercial

24   Mortgage Company.

25        3.    On November 15, 2006, the Debtors filed the Plan.  On December 19 and 20, 2006

26   the Bankruptcy Court held confirmation hearings on the Plan and confirmed the Plan.

27        4.    On January 8, 2007, the Court entered the Confirmation Order, confirming the

28   Plan, including approving certain documents incorporated as part of the Plan, in particular: the

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

409220v4                                                                                              214969.2

USACM Trust Agreement, the DTDF Amended Operating Agreement, and the Asset Purchase

Agreement dated December 8, 2006, with Compass ("Purchase Agreement").

5.      Pursuant to the Purchase Agreement, Compass agreed to purchase substantially all

of the assets of the FTDF and certain servicing assets of USACM for $67 million subject to certain

potential purchase price adjustments.  On February, 16, 2007, this transaction (the "Sale") closed.

The allocation of $9.5 million of the sale proceeds between USACM and the FTDF (the "Overbid

Allocation") is currently disputed by the USACM Committee and the FTDF Committee.  In

addition, as part of the closing negotiations on potential purchase price adjustments, certain sums

are held in escrow (the "Escrows") in order to resolve disputes between Compass and the Sellers,

FTDF and USACM.  The Escrows were established to facilitate a later determination regarding

purchase price adjustments alleged by Compass.  Rights to the Escrows under the Purchase

Agreement are disputed by Compass, FTDF, the FTDF Committee and USACM (the "Purchase

Price Adjustment Determination"), and the allocation of the Escrows once the Purchase Price

Adjustment Determination is made is subject to dispute by FTDF Committee and the USACM

Committee (the "Purchase Price Adjustment Allocation").

6.      There also exist certain unresolved disputes involving FTDF (collectively,

"Disputes") as follows:

a.      disputes between FTDF and USACM related to (i) the unresolved FTDF

Unsecured Claim,[2] (ii) the Overbid Allocation and the Purchase Price Adjustment

Allocation, and (iii) the allocation of the Debtors' Professionals' fees and expenses

incurred after January 31, 2007 (*see* Plan, Art. IV, Section 2.g and 2.h);

---

[2] The Plan states:

**"FTDF Unsecured Claim"** means the General Unsecured Claim of FTDF against USACM, excluding the FTDF Unremitted Principal Claim, in the amount a s may be agreed to by the FTDF Committee and the USACM Committee by the date of the commencement of the Confirmation Hearing, and if no agreement is reached by such date, the amount determined by the Court after an evidentiary hearing between such Committees; provided however that the USACM Committee and the FTDF Committee or, after the Effective Date, the USACM Trust and the FTDF may agree at any time as to the amount that represents the FTDF Unsecured Claim without further Court order by Filing a notice of such agreement with the Court; and provided further, however, that prior to the Effective Date, the USACM Committee and the FTDF Committee shall consult the DTDF Committee and the Direct Lender Committee regarding the issue.
Plan, Art I, Section 82.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

409220v4

214969.2

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

b.    disputes between FTDF, DTDF and USACM related to the responsibility for BMC Group's fees and expenses as the claims agent;

c.    disputes between FTDF, USACM and Compass related to the Purchase Price Adjustment Determination;

d.    any other disputes that arise between FTDF and Compass related to the Purchase Agreement ("Compass Disputes"); and

e.    any disputes among FTDF and any of the Debtors.

7.    Certain orders that this Court has issued in the Chapter 11 Cases have been appealed.  Originally, there were three appeals of the Confirmation Order (the "Confirmation Appeals").  One of the Confirmation Appeals, designated as District Court Case No. 07-CV-00138-RCJ-GWF, has been dismissed by the District Court.  The remaining two Confirmation Appeals, designated as District Court Case Nos. 07-CV-00160-RCJ-GWF (filed by Debt Acquisition Company of America V, LLC) and 07-CV-00072-RCJ-GWF (filed by various parties self-identified as the "Lenders Protection Group" and the "Jones Vargas Direct Lenders"), are in the process of briefing.  Additionally, an appeal has been filed from the Court's "Order Denying Motion for Order Temporarily Allowing the Claim of Del and Ernestine Bunch for Voting Purposes" (the "Bunch Appeal"), and at this time there is at least one appeal from a Order sustaining objections to Claims.

8.    As discussed above, on February 15, 2007, after the Confirmation of the Plan, the Court entered the First Implementation Order, which provides:

> USACM is authorized to exist after the Effective Date for a period of no more than 90 days for the purpose of acting as subservicer for Compass under USACM's existing mortgage broker license issued by the Mortgage Lending Division of the Department of Business and Industry of the State of Nevada ("MLD"), pending a decision by the MLD on the application of Compass for a mortgage broker license, and to enable Compass to transition to other loan servicing arrangements if its application is denied.

First Implementation Order at 2.

**B.    Post-Effective Date Status Of The Movants Under The Plan And Confirmation Order**

9.    The Plan and the Confirmation Order provide as follows with respect to the status of each of the Movants after the Effective Date:

a.    **USACM :**

409220v4

214969.2

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

i.    The Plan provides:

> USACM shall have authority to take actions on behalf of USACM and the USACM Estate on and after the Effective Date until the date that the USACM Trustee is appointed for the USACM Trust.  After the USACM Trust Assets are transferred to the USACM Trust and the USACM Trust becomes effective in accordance with this Plan and the USACM Trust Agreement, USACM shall be dissolved in accordance with the Confirmation Order and applicable state law.

Plan, Art. VIII, Section L.1; *see* Confirmation Order ¶ 69 ("As soon as practicable [after the USACM Trust becomes effective], USACM shall be dissolved in accordance with the Confirmation Order and applicable state law").

ii.    Although this provision suggests that USACM may take actions on behalf of USACM and the USACM Estate until the date that the USACM Trustee is appointed for the USACM Trust, which is anticipated to be on or after the Effective Date, other provisions of the Plan and the Confirmation Order anticipate and, in fact, require that USACM continue to exist for a discrete period of time after the Effective Date and after the appointment of the USACM Trustee to disburse Cash that is not transferred to the USACM Trust (the "Non-Trust Cash")[3] to certain holders of Allowed Claims who are not beneficiaries of the USACM Trust, but rather whose Allowed Claims are paid by USACM pursuant to the Plan--namely, holders of Administrative Expense Claims against USACM, Priority Tax Claims against USACM, and Class A-1 through A-3 Claims ("USACM Non-Trust Claimants").  *See* Plan, Art. II, Sections B and C.1.a-c (discussing treatment of the USACM Non-Trust Claimants); Id., Art. IV, Section A.2 (Non-Trust Cash to be distributed in accordance with the Plan); Id., Art. IV, Section B (all Claims against USACM are retained by the holders of such Claims against USACM); Confirmation Order ¶ 41 (authorizing USACM and its officers to take all actions necessary to implement the Plan and the transactions contemplated thereunder).  In fact, the Plan could be read to suggest that until all of these distributions are made by USACM on or after the Effective Date and the remaining assets transferred to the USACM Trust, the Trust does not become effective.  *See* Art VIII, Section L.1.

---

3 The Non-Trust Cash is defined as an exclusion to the definition of "USACM Trust Assets" as "any Cash needed to make the payments required to be made on the Effective Date pursuant to the Plan or needed to fund the reserves required to be established on the Effective Date."  Plan, Art. I, Section 140 (incorporated by reference in USACM Trust Agreement ¶ D); Confirmation Order ¶ 28.

409220v4                                                                                          214969.2

1    iii.    The Confirmation Order states that the USACM Trustee may act as

2    Disbursing Agent for the Non-Trust Cash pursuant to a Disbursing Agent Agreement at the option

3    of USACM.   Confirmation Order ¶ 63.

4    iv.    The Confirmation Order further provides that USACM and the

5    USACM Trustee are:

> [A]uthorized to take all actions necessary to implement the Plan and the transactions
> contemplated by therein in accordance with the terms of the Plan, and are authorized to
> execute, deliver, file or record such contracts, instruments, releases, and other agreements
> or documents and to take such other actions as they may determine to be necessary or
> appropriate to effectuate, implement, and further evidence the terms and conditions of . . .
> this Confirmation Order, the Plan, the Plan Documents Supplement, the Direct Lender
> Supplement, or the exhibits and schedules to any o the foregoing, and any or all such
> documents shall be accepted by each of the respective local or state filing offices and
> recorded in accordance with applicable state law and shall become effective in accordance
> with their terms and the provisions of state law.

12    Confirmation Order ¶ 41; *see* id ¶ 65 (Debtors are authorized to execute such documents and take

13    such other action as is necessary to effectuate the Plan without any action by any Equity Interests

14    whatsoever).

15    b.    **The USACM Committee:** The USACM Committee dissolves at such time

16    as the USACM Trustee is appointed and is authorized to act.  Plan, Art. VIII, Section K.  Pursuant

17    to the Confirmation Order, Geoffrey L. Berman was approved as the USACM Trustee, and, on

18    and after the Effective Date, the USACM Trust and the USACM Trustee have all the powers set

19    forth in the Plan and in the USACM Trust.  Confirmation Order ¶ 30.  Accordingly, as of the

20    Effective Date, the USACM Committee is disbanded, and its members shall be released and

21    discharged from all rights and duties arising from, or related to, the Chapter 11 Cases.  Plan, Art.

22    VIII, Section K.

23    c.    **DTDF:**

24    i.    The Plan provides:

> On the Effective Date, Post-Effective Date DTDF shall have the exclusive
> authority to act on behalf of DTDF and the DTDF estate.  When the Plan has been
> fully implemented by Post-Effective Date DTDF and all assets of the DTDF
> Estate and Post-Effective Date DTDF have been fully liquidated and distributed
> and the DTDF Estate and Post-Effective Date DTDF fully administered, DTDF
> shall be dissolved in accordance with the Confirmation Order, the DTDF
> Amended Operating Agreement and applicable state law.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

409220v4                                                                214969.2

1    Plan, Art. VIII, Section L.2; *see* Confirmation Order ¶¶ 31, 38 & 70.

2                    ii.    The Confirmation Order provides that Post-Effective Date DTDF

3    shall act as Disbursing Agent for the DTDF Estate, and may employ or contract with other entities

4    to assist in or perform any distribution of property.  Confirmation Order ¶ 63.

5                    iii.    The Confirmation Order further provides that DTDF and the DTDF

6    Administrator are:

7        [A]uthorized to take all actions necessary to implement the Plan and the transactions
         contemplated by therein in accordance with the terms of the Plan, and are authorized to
8        execute, deliver, file or record such contracts, instruments, releases, and other agreements
         or documents and to take such other actions as they may determine to be necessary or
9        appropriate to effectuate, implement, and further evidence the terms and conditions of . . .
         this Confirmation Order, the Plan, the Plan Documents Supplement, the Direct Lender
10       Supplement, or the exhibits and schedules to any o the foregoing, and any or all such
         documents shall be accepted by each of the respective local or state filing offices and
11       recorded in accordance with applicable state law and shall become effective in accordance
         with their terms and the provisions of state law.
12

13   Confirmation Order ¶ 41; *see* <u>id</u> ¶¶ 65 & 72 (Debtors are authorized to execute such documents

14   and take such other action as is necessary to effectuate the Plan without any action by any Equity

15   Interests whatsoever).

16                d.    **The DTDF Committee:**  The DTDF Committee dissolves at such time as

17   the DTDF Administrator is appointed and is authorized to act.  Plan, Art. VIII, Section K.

18   Pursuant to the Confirmation Order, Michael Tucker was approved at the DTDF Administrator,

19   and, on and after the Effective Date, the Post-Effective Date DTDF and the DTDF Administrator

20   have all the powers set forth in the Plan and in the DTDF Amended Operating Agreement.

21   Confirmation Order ¶ 31.  As of the Effective Date, the DTDF Committee is disbanded, and its

22   members shall be released and discharged from all rights and duties arising from, or related to, the

23   Chapter 11 Cases.  Plan, Art. VIII, Section K.

24                e.    **FTDF, USA Realty, and USA Securities:**

25                    i.    The Plan provides:

26       FTDF, USA Realty, and USA Securities shall have the authority to effect all
         transactions and take all actions required by the Plan on and after the Effective
27       Date.  FTDF and the FTDF Committee shall each have authority to prosecute (a)
         claim objections in the FTDF Estate, and (b) the non assignable FTDF Litigation
28       Claims on behalf of the FTDF subject to the compromise with DTDF set forth

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

409220v4                                                                      214969.2

herein.  After the actions set forth in this paragraph are completed, FTDF, USA Realty, and USA Securities shall be dissolved in accordance with the Confirmation Order and applicable state law.

Plan, Art. VIII, Section L.3; *see* Confirmation Order ¶ 72.

ii.    The Confirmation Order states that as of the Confirmation Date and after the Effective Date, Mr. Allison shall remain the CRO of FTDF, USA Realty and USA Securities. Confirmation Order ¶ 60.   Also, FTDF, USA Realty and USA Securities are to act as Disbursing Agents under the Plan for their respective estates and shall make all distributions required under the Plan, unless they elect to enter into a Disbursing Agent Agreement with a third party Disbursing Agent.  Id. ¶ 61.

iii.    The Confirmation Order further provides that FTDF and Mr. Allison as FTDF's CRO are:

[A]uthorized to take all actions necessary to implement the Plan and the transactions contemplated by therein in accordance with the terms of the Plan, and are authorized to execute, deliver, file or record such contracts, instruments, releases, and other agreements or documents and to take such other actions as they may determine to be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of . . . this Confirmation Order, the Plan, the Plan Documents Supplement, the Direct Lender Supplement, or the exhibits and schedules to any o the foregoing, and any or all such documents shall be accepted by each of the respective local or state filing offices and recorded in accordance with applicable state law and shall become effective in accordance with their terms and the provisions of state law.

Confirmation Order ¶ 41; *see* id ¶ 65 (Debtors are authorized to execute such documents and take such other action as is necessary to effectuate the Plan without any action by any Equity Interests whatsoever).

iv.    Finally, the Confirmation Order states:

FTDF, USA Realty, and USA Securities shall have the authority to effect all transactions and take all actions, including, without limitation, filing applicable tax returns, required by the Plan on and after the Effective Date.  FTDF and the FTDF Committee shall each have authority to prosecute (a) claim objections in the FTDF Estate, and (b) the nonassignable FTDF Litigation Claims on behalf of FTDF subject to the compromise with DTDF set forth herein.  After the actions set forth in this paragraph are completed, FTDF, USA Realty, and USA Securities shall be dissolved in accordance with the Confirmation Order and applicable state law, and FTDF, USA Realty, and USA Securities, or their respective appointed Disbursing Agent, which may be DSI, shall file a final report and close their respective Chapter 11 Cases in accordance with Bankruptcy Code section 350.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

409220v4

214969.2

1    Confirmation Order ¶ 71.

2            f.    **The FTDF Committee:**  Pursuant to the Plan, "[t]he FTDF

3    Committee will dissolve on Effective Date, unless the FTDF Committee is charged with

4    prosecuting objections to Claims or any of the non-assignable FTDF Litigation Claims on behalf

5    of the FTDF Estate as provided pursuant to the compromise between DTDF and FTDF."  Plan,

6    Art. VIII, Section K.  The FTDF Committee has filed objections to approximately 160 proofs of

7    Claim and proofs of interest filed in the FTDF case, many of which have yet to come on for

8    hearing before the Court.  It is highly likely that many of these Claim objections will be

9    outstanding as of the Effective Date.  Additionally, there are other issues respecting Claims

10    allowance and litigation related to preparing and filing of final fee applications for professionals,

11    and the Disputes, such as the Overbid Allocation, the Purchase Price Adjustment Determination,

12    the Purchase Price Adjustment Allocation and the FTDF Unsecured Claim, among others.

13    Accordingly, the FTDF Committee will not dissolve on the Effective Date.

14           **II.      MEMORANDUM OF POINTS AND AUTHORITIES**

15         10.    The Plan provides for an orderly wind down of the Debtors' affairs after the closing

16    of the Sale and the Effective Date.  However, in order to implement the Plan, the Movants seek an

17    order of the Court clarifying certain aspects of the wind down process, as forth in further detail

18    below, such as the payment of the professionals needed to accomplish the wind down, and the

19    handling of certain issues that may remain outstanding after the Effective Date.

20         11.    The Court has authority to grant the relief requested herein pursuant to Section

21    1142(b) of the Bankruptcy Code, which provides:

22            The court may direct the debtor and any other necessary party to execute or
23            deliver or to join in the execution or delivery of any instrument required to effect
             a transfer of property dealt with by a confirmed plan, and to perform any other
24            act, including the satisfaction of any lien, that is necessary for the consummation
             of the plan.

25    11 U.S.C. § 1142(b).

26         12.    The relief requested by this Motion does not conflict with the terms of the Plan.  As

27    set forth above, the Plan and Confirmation Order vest the Debtors, or their successors, with

28    various rights as of and after the Effective Date.  The tasks to be administered on behalf of the

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

409220v4                                   214969.2

1  Debtors' estates include: (a) USACM, USACM Trust, FTDF, Post-Effective Date DTDF, USA

2  Securities and USA Realty making distributions in accordance with the Plan, and if applicable,

3  establishing reserves required under the Plan, the Confirmation Order or any other order of the

4  Bankruptcy Court; (b) the Debtors, their successors under the Plan or, in the case of FTDF and the

5  FTDF Committee, filing objections, if necessary, to Administrative Expense Claims, Priority

6  Claims and other Claims and proofs of interest filed in their respective Chapter 11 Cases; (c) the

7  commencement and/or prosecution of litigation by the Debtors, their successors under the Plan or,

8  in the case of the nonassignable FTDF Litigation Claims, the FTDF Committee acting on behalf of

9  the FTDF Estate; (d) the defense of any and all appeals, including the Confirmation Appeals and

10  the Bunch Appeal; (e) taking necessary measures to close the Chapter 11 Cases in accordance with

11  Section 350 of the Bankruptcy Code; and (f) winding up and dissolving USACM, the FTDF, the

12  DTDF, USA Securities, and USA Realty in accordance with state law.

13        13.    The relief requested herein is also consistent with the terms of the Confirmation

14  Order, relevant portions of which are quoted above.

15                              **III.    RELIEF REQUESTED**

16        14.    The relief requested by this Motion is set forth below as it applies to each Debtor or

17  successor thereof.

18  **A.    USACM**

19        15.    USACM must undertake limited functions after the Effective Date, including the

20  following:

21            a.    Assisting in preparing and signing USACM tax returns for 2006 and 2007.

22  These tasks are expected to be completed KPMG as an ordinary course professional.

23            b.    Distributing the Non-Trust Cash to the USACM Non-Trust Claimants who

24  are holders of Allowed Claims against USACM, unless USACM elects to enter into a

25  Disbursing Agent Agreement, authorizing the USACM Trustee to maintain and distribute

26  the Non-Trust Cash to the USACM Non-Trust Claimants who are holders of Allowed

27  Claims against USACM.  At least during the period covered by the First Implementation

28  Order, USACM has determined that it will be more efficient and cost-effective for

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

409220v4                                                                 214969.2

1    USACM, acting through the CRO, to implement the Plan in this regard.

2         c.    Prosecuting objections to proofs of Claims and proofs of interests

3    that USACM anticipates filing prior to the Effective Date, but likely will not be considered

4    by the Court prior to the Effective Date.  These objections will relate to Administrative

5    Expense, Priority and/or Secured Claims against USACM which, absent objection, may

6    allow the claimant to a distribution from the Non-Trust Cash on the Effective Date.

7    Furthermore, USACM and the USACM Trust are authorized to review and, if necessary,

8    object to requests for Administrative Expense Claims that are filed prior to or on the

9    Administrative Expense Claim Bar Date.

10         d.    Assisting the USACM Trust, if necessary, so requested by the USACM

11    Trust and agreed to by USACM, in (i) evaluating and objecting to proofs of Claims and/or

12    interests asserted by entities in the USACM case not otherwise part of the USACM Pre-

13    Effective Date Claim Objections, and (ii) in attending to any litigation in which the

14    USACM Trust is involved, including assisting in discovery related to such litigation.

15         e.    Performing other ministerial wind down tasks necessary to close the

16    USACM case and dissolve USACM.

17    16.    To facilitate the funding of the USACM Trust on the Effective Date, USACM is

18    required to determine the amount of the Non-Trust Cash that will be reserved for the payment of

19    Allowed Claims of USACM Non-Trust Claimants and reserved for the payment to the Debtors'

20    Professionals in conjunction with their wind down and dissolution of USACM after the Effective

21    Date.  Although only an estimate can be made in light of the pending Administrative Expense

22    Claim Bar Date, USACM will file a statement disclosing the estimated Non-Trust Cash necessary

23    to implement the Plan prior to expiration of the time for objecting to this Motion ("Reserve

24    Disclosure").  Thus, USACM requests that the Court enter an order setting the Non-Trust Cash in

25    the estimated amount.   USACM will turn over the excess Non-Trust Cash to the USACM Trust if

26    it is determined that USACM has overestimated the amount of Non-Trust Cash.  However, if

27    USACM has underestimated the amount of the Non-Trust Cash, USACM requests that the Court

28    authorize it to request and obtain from the USACM Trust a reimbursement or refund of Cash

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

409220v4                                                                214969.2

1   necessary to pay all Allowed Claims of USACM Non-Trust Claimants and to complete

2   implementation of the Plan.

3          17.    In connection with these services, the Movants request that the Court confirm that

4   USACM is authorized to continue to exist until these discrete tasks are completed.  At the same

5   time, it is important that the Effective Date of the Plan not be unduly delayed while these

6   ministerial functions, along with the limited right as the sub-servicer for the Compass loans, are

7   performed.  As such, the Movants contemplate that the confirmed Plan will go effective on or

8   before the later of March 15, 2007, or 30 days after the dissolution of any stay pending appeal, to

9   the extent one is entered.

10         18.    USACM suggests that a reserve be set aside for the Debtors' Professionals from

11  which they may be compensated at their customary hourly rates, or any other rate agreed to by the

12  parties, for services rendered on behalf of USACM as described herein and reimbursed for

13  expenses.  The amount of this reserve will be included in the Reserve Disclosure, and shall be

14  included in the reserve established by USACM in relation to the Non-Trust Cash.  The estimated

15  reserve amount will be based on services that USACM anticipates that will be necessary for the

16  Debtors' Professionals to perform the tasks set forth herein.  To the extent that the USACM Trust

17  requests that the Debtors' Professionals provide services other than those described herein, the

18  Debtors' Professionals will need to be compensated and reimbursed for expenses from the

19  USACM Trust.   The Debtors' Professionals' fees and expenses will be reviewed by the USACM

20  Trust, and the Bankruptcy Court will resolve any disputes related thereto.

21  **B.     The USACM Trust And Post-Effective Date DTDF**

22         19.    <u>Loan Collection.</u>

23                a.     Nevada state law requires that a mortgage servicing company be licensed,

24  or exempt from licensing, under NRS § 645B.  In addition to the relief sought in the First Joint

25  Motion (confirming the post-Effective Date existence of USACM so that it can serve as sub-

26  servicer for Compass pending Compass's licensing process), the Movants request entry of an

27  order with respect to the Post-Effective Date Entities' compliance with Nevada mortgage servicing

28

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    laws, to enable them to implement the Plan cost-effectively and thereby maximize distributions to

2    the creditors and investors.

3           b.      Nevada law requires that a company engaged in "collection of payments

4    and the performance of related services by a third person in connection with a loan secured by a

5    lien on real property" be licensed as an escrow agent by the MLD.  NRS § 645.010(3).  There are

6    certain exceptions to the licensing statutes, including "[a]ny person doing any act under order of

7    any court." NRS § 645A.015(4).

8           c.      Under the Plan and the Purchase Agreement, the USACM Trust will be

9    responsible for collecting two loans, if not paid before the Effective Date, *i.e.* the loans secured by

10   the Marquis Hotel and Placer Vineyards.  The Marquis Hotel is the subject of a pending

11   involuntary bankruptcy case of its owner, USA Investors VI.  The Placer Vineyards loans have

12   matured and may require suit or other enforcement actions.  On the Effective Date, there will be

13   no funds of Lenders relating to these loans in USACM's possession that would be turned over to

14   the USACM Trust for holding in any escrow.  The USACM Trust will not make loans or take

15   Lenders' money for new loans.

16          d.      The MLD has confirmed that it will not object to exempting the USACM

17   Trust from the escrow licensing requirements, under these circumstances, pursuant to an order of

18   this Court.

19          e.      Under the Plan and Purchase Agreement, any and all rights of USACM

20   under any servicing agreements relating to the following loans are transferred to Post-Effective

21   Date DTDF on the Effective Date, and Post-Effective Date DTDF will be the servicer of such

22   loans on and after the Effective Date:  (i) 10-90 Inc.; (ii) BySynergy, LLC $4,434,446; (iii) Colt

23   CREC Building; (iv) Colt DIV added #1; (v) Colt DIV added #2;  (vi) Colt Gateway; (vii) Colt

24   Second Trust Deed; (viii) EPIC Resorts; (ix) Interstate Commerce Center, LLC; (x) Sheraton

25   Hotel.  On the Effective Date, there will be no funds of Lenders relating to these loans in DTDF's

26   possession that would be turned over to Post-Effective Date DTDF for holding in any escrow.

27   Post-Effective Date DTDF will not make new loans or take Lenders' money for new loans.

28

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

409220v4                                                                                                              214969.2

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    f.    The MLD has confirmed that it will not object to exempting Post-Effective

2    Date DTDF from the escrow licensing requirements, under these circumstances, pursuant to an

3    order of this Court.

4    g.    A copy of this Motion has been served on the Deputy Attorney General

5    with responsibility for the MLD with respect to this matter, Mr. Richard Dreitzer.

6    20.    Post-Effective Date Litigation.

7    a.    While USACM needs to continue in existence for the time period needed to

8    accomplish the purposes described in this Motion, the Movants contemplate that, outside of the

9    discrete tasks to be accomplished by USACM during its wind down period, the majority of the

10   legal work to be accomplished after the Effective Date will be handled by only one firm, instead of

11   by counsel for both the Debtors and the Committees.  Thus, other than the limited objections to

12   Claims of USACM Non-Trust Claimants or Administrative Expense, Priority or Secured Claims

13   against USACM (which, absent execution of a Disbursing Agent Agreement with the USACM

14   Trustee, will be largely handled by the Debtors' Professionals), prosecution of Claim objections

15   and all other litigation related to USACM, which can include, without limitation, objections to

16   Administrative Expense Claims and the Disputes defined in ¶ 6 *supra*, will be accomplished by

17   the USACM Trust, with the assistance of counsel for the USACM Trust (initially Lewis and Roca

18   LLP) and, to a limited extent as may be requested and agreed upon by the USACM Trustee and

19   the Debtors' Professionals, the Debtors' Professionals.

20   b.    Post-Effective Date DTDF and its counsel will be responsible for objections

21   to proofs of Claim and interest in the DTDF case, and for litigation on behalf of the DTDF Estate

22   as the successor entity with any requested assistance from the Debtors' Professionals as may be

23   agreed upon between the Post-Effective Date DTDF and the Debtors' Professionals.  To the extent

24   that the Debtors' Professionals assist Post-Effective Date DTDF as set forth herein, Post-Effective

25   Date DTDF will compensate the Debtors' Professionals at their customary hourly rates, or at such

26   other rates as may be agreed to by the parties, and reimburse the Debtors' Professionals for their

27   expenses.

28   **C.    FTDF And The FTDF Committee**

21.     As set forth above, the Plan provides that FTDF will exist after the Effective Date to affect its wind down and dissolution.  Performance of these tasks will include preparing and filing any necessary 2006 and 2007 tax returns on behalf of FTDF, making distributions and maintaining reserves in accordance with the Plan, defending appeals, including the Confirmation Appeals and the Bunch Appeal, objecting to Claims and prosecuting any Compass Disputes in conjunction with the FTDF Committee, closing FTDF's case, and dissolving FTDF under applicable state law.  The Debtors' Professionals will be required to provide services to FTDF to accomplish these tasks.  In connection with such services, the Movants request that a reserve be set aside for the Debtors' Professionals to compensate them at their customary hourly rates, or any other rate agreed to by the parties, and reimburse them for expenses.   The amount of this reserve will be set forth in the Reserve Disclosure.  The fees and expenses of the Debtors' Professionals will be reviewed by the FTDF Committee, and the Bankruptcy Court will resolve any disputes related thereto.

22.     As set forth above, the Plan states that the FTDF Committee ceases to exist on the Effective Date, unless the FTDF Committee is charged with prosecuting objections to Claims or any of the non-assignable FTDF Litigation Claims on behalf of the FTDF Estate as provided pursuant to the compromise between DTDF and FTDF.   The FTDF Committee has filed objections to proofs of Claims and interests filed in the FTDF case and, therefore, as contemplated and expressly provided for under the Plan and the Confirmation Order, the FTDF Committee will continue to exist after the Effective Date for the purpose of prosecuting Claim objections, as well as the non-assignable FTDF Litigation Claims.

23.     FTDF maintains that the Disputes discussed *supra* at ¶ 6 are disputes that are within the scope of the FTDF Committee's post-Effective Date existence.  To the extent necessary, the FTDF Committee requests that it be expressly charged with prosecuting the Disputes, and in the case of the Compass Disputes assisting FTDF in prosecuting that Dispute, as appropriate.  Furthermore, the FTDF Committee requests that it be authorized to assist FTDF in matters related to the wind down and dissolution of FTDF if so requested by FTDF.  Consistent with the agreement that was reached prior to the confirmation of the Plan related to intercompany

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

409220v4

214969.2

1    disputes, it is appropriate that the FTDF Committee be authorized to handle the Disputes as set

2    forth herein on behalf of FTDF.  The FTDF Committee seeks authorization to allow the FTDF

3    Committee's Professionals (Stutman, Treister & Glatt, P.C., Shea & Carlyon Ltd., and Alvarez &

4    Marsal LLC) to represent the FTDF Committee in these matters.

5          24.    As with the other Debtors, FTDF as a Plan Proponent has standing to defend the

6    Confirmation Appeals and the Bunch Appeal to the extent that the Appeals relate to FTDF.  In

7    order to adequately represent the interests of the FTDF Committee in these Appeals, the FTDF

8    Committee seeks authorization to participate and be heard in FTDF's post-Effective Date defense

9    of the Appeals and allowing the FTDF Committee's Professionals to represent the FTDF

10   Committee in the Appeals (and any other appeals in which the FTDF is or becomes a party).

11         25.    FTDF and the FTDF Committee request that a reserve be set aside to compensate

12   the FTDF Committee's Professionals at their customary hourly rates, or such other rates agreed to

13   by the parties, for services rendered on behalf of the FTDF Committee as described herein and to

14   reimburse expenses.  The amount of this reserve will be set forth in the Reserve Disclosure.  The

15   fees and expenses of the FTDF Committee's Professionals will be reviewed by FTDF and the

16   FTDF Committee, and the Bankruptcy Court will resolve any disputes related thereto.

17   **D.    USA Realty And USA Securities**

18         26.    As noted above, the Plan provides that USA Realty and USA Securities wind down

19   and be dissolved after the Effective Date.  This process will include performance of the following

20   tasks: prosecuting the Claim objections, preparing and filing any necessary 2006 and 2007 tax

21   returns on behalf of these Debtors, making distributions and maintaining reserves in accordance

22   with the Plan, defending appeals, including the Confirmation Appeals, closing these Debtors'

23   Chapter 11 Cases, and dissolving these Debtors.  The Debtors' Professionals will be required to

24   perform services to assist USA Securities and USA Realty with these tasks.

25         27.    To date, the only Administrative Expense Claims, Priority Tax Claims, Secured

26   Tax Claims, Other Secured Claims and Priority Unsecured Claims that have been filed against

27   these Debtors are the Claims of the Debtors' Professionals, the PBGC Claim against USA Realty,

28   and certain prepetition tax obligations.  The Movants therefore request that reserves be set for

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

409220v4

214969.2

USA Realty and USA Securities for the payment of holders of Administrative Expense Claims, Priority Claims, and Class D-1, D-2, D-3, E-1, E-2, E-3 Claims that are Allowed Claims.

28.    It is not anticipated that USA Realty or USA Securities will have sufficient Cash to pay the Debtors' Professionals for their anticipated services.  The Debtors' Professionals agree to receive payment pro rata from any Cash remaining after these Debtors pay Allowed Administrative Expense Claims (other than the Debtors' Professionals fees and expenses), Allowed Priority Claims, and Allowed Class D-1, D-2, D-3, E-1, E-2 and E-3 Claims in accordance with the Plan.

29.    Once distributions to holders of such Claims are paid, USA Realty and USA Securities will immediately file a Final Report and seek an order closing these Debtors' Chapter 11 Cases.

**E.    Clarification Regarding Matters Related To The Effective Date**

30.    The Plan provides that "[a]ny distribution required to be made on the Effective Date shall be deemed timely if made as soon as practicable after the Effective Date and, in any event, within thirty (30) days after the Effective Date."  Plan, Art. VII, Section J.   The Debtors request that the Plan be clarified to include within this provision any act that must be taken on the Effective Date, not just distributions.  This clarification will take into account the logistics involved in implementing the Plan, thus ensuring that the Plan is properly implemented for the benefit of all of the Debtors' estates, creditors, surviving equity interest holders, and any other parties in interest.

31.    The Movants request that the Court enter an order that, notwithstanding any provision of the Plan, the Effective Date of the Plan will be on the later of March 15, 2007 or 30 days after the dissolution any stay pending appeal, to the extent one is entered.

**F.    Clarification Regarding Representation Of Management**

32.    On and after the Effective Date, testimony, affidavits or declarations and/or attendance at depositions or Bankruptcy Rule 2004 examinations (any and all being referred to herein as "Testimony") may be required or requested of Mr. Allison, as the CRO of the Debtors, Mesirow or Mesirow employees as the Debtors' crisis manager and financial consultant, and/or

409220v4

214969.2

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1   persons employed or retained by the Debtors who have assisted Mr. Allison in his capacity as

2   CRO of the Debtors ("Management") to assist the Post-Effective Date Entities and/or the FTDF

3   Committee in the implementation of the Plan.  To the extent that Testimony is requested or

4   required, Management will require legal assistance from RQN and/or S&M.  Accordingly, the

5   Debtors' Professionals request that the Court authorize Management and the Debtors'

6   Professionals to be compensated at their customary hourly rates for any fees and reimbursed for

7   expenses related to providing any Testimony required or requested by a Post-Effective Date Entity

8   and/or the FTDF Committee.   In this event, the Post-Effective Date Entity (or in the case of

9   requests by the FTDF Committee, FTDF) requesting or requiring such Testimony shall bear the

10  cost of any such fees and expenses, and such fees and expenses shall be reviewed by the relevant

11  Post-Effective Date Entity (or in the case of FTDF, the FTDF Committee), with any disputes

12  being resolved by the Bankruptcy Court.  Notwithstanding the foregoing, with respect to all work

13  done by USACM after the Effective Date as subservicer for Compass, such fees and costs shall be

14  borne by Compass in accordance with the "Subservicer Agreement" between USACM and

15  Compass.

16                              **SUMMARY OF REQUEST FOR RELIEF**

17           Wherefore, the Movants request that the Court enter an order granting the following relief:

18           1.      Confirming that USACM will continue to exist after the Effective Date, not only

19  for the purpose of acting as sub-servicer for Compass under USACM's existing license, but also

20  for the purpose of performing the ministerial tasks necessary to wind down and dissolve USACM,

21  including those tasks expressly set forth herein.

22           2.      Authorizing the Debtors' Professionals' to provide services to USACM relating to

23  its performance of the ministerial tasks necessary to wind down and dissolve USACM, and

24  authorizing USACM to set a reserve in the amount to be stated in the Reserve Disclosure in

25  anticipation of such services.  The Debtors' Professionals will receive their customary hourly

26  rates, or such other rates agreed to by the parties, for these services and reimbursement of

27  expenses, subject to the review by the USACM Trust, with the Bankruptcy Court resolving any

28  related disputes.

409220v4                                                                                        214969.2

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

3.    Setting the Non-Trust Cash in an amount to be disclosed in the Reserve Disclosure, and authorizing USACM to request additional Cash from the USACM Trust if this amount has been underestimated.

4.    Pursuant to NRS § 645A.015(4), authorizing the USACM Trust and Post-Effective Date DTDF to service the specific loans for which responsibility is transferred to them under the Plan, without otherwise complying with Nevada Mortgage Licensing or Escrow Licensing requirements.

5.    Authorizing the Debtors' Professionals to provide services to Post-Effective Date DTDF as set forth herein.  The Debtors' Professionals will receive their customary hourly rates, or such other rates agreed to by the parties, in connection with these services and reimbursement of expenses, subject to review by the Post-Effective Date DTDF, with the Bankruptcy Court resolving any related disputes.

6.    Authorizing the Debtors' Professionals to provide services to FTDF relating to FTDF's wind down and dissolution of FTDF and any other actions as provided for herein or in the Plan, and authorizing FTDF to set a reserve in the amount to be stated in the Reserve Disclosure in anticipation of such services.  The Debtors' Professionals will receive their customary hourly rates, or such other rates agreed to by the parties, in connection with these services and reimbursement of expenses, subject to review by the FTDF Committee, with the Bankruptcy Court resolving any related disputes.

7.    Confirming that the FTDF Committee will continue to exist after the Effective Date for the purpose of performing the tasks expressly set forth above, and authorizing FTDF to set a reserve in the amount of stated in the Reserve Disclosure in anticipation of services provided by the FTDF Committee's Professionals related thereto.  The FTDF Committee's Professionals will receive their customary hourly rates, or such other rates agreed to by the parties, in connection with these services and reimbursement of expenses, subject to review by FTDF and the FTDF Committee, with the Bankruptcy Court resolving any related disputes.

8.    Authorizing the Debtors' Professionals to provide services to USA Securities and USA Realty relating to their performance of the ministerial tasks necessary for their wind down,

409220v4                                                                                                      214969.2

1   including those set forth herein.

2       9.      Clarifying that any act required to be taken on the Effective Date, shall be deemed

3   timely if made as soon as practicable after the Effective Date and, in any event, within thirty (30)

4   days after the Effective Date.

5       10.     Ordering that, notwithstanding any provision of the Plan, the Effective Date of the

6   Plan will be on the later of March 15, 2007, or 30 days after the dissolution of any stay pending

7   appeal, to the extent one is entered.

8       11.     Authorizing the Debtors' Professionals and Management to be compensated for

9   providing Testimony to aid in the implementation of the Plan as set forth in ¶ 32 *supra*.

10  DATED this 22nd day of Febraury, 2007.

11                                              /s/     Jeanette E. McPherson
                                            Lenard E. Schwartzer
12                                          Jeanette E. McPherson
                                            SCHWARTZER & MCPHERSON LAW FIRM
13                                          2850 South Jones Blvd., Suite 1
                                            Las Vegas, Nevada 89146
14                                          AND
15                                          Annette W. Jarvis (Utah Bar No. 1649)
                                            Steven C. Strong (Utah Bar No. 6340)
16                                          RAY QUINNEY & NEBEKER P.C.
17                                          36 South State Street, 14th Floor
                                            P.O. Box 45385
18                                          Salt Lake City, Utah 84145-0385

19
                                            *Attorneys for Debtors and Debtors-in-Possession*
20

21  By /s/ RC (#006593)                      By /s/ Eve H. Karasik
22  Susan M. Freeman, AZ 4199 (pro hac vice)  Frank A. Merola
    Rob Charles, NV 6593                      Eve H. Karasik
23  LEWIS AND ROCA LLP                        Andrew M. Parlen
    3993 Howard Hughes Parkway, Suite 600     STUTMAN TREISTER & GLATT, P.C.
24  Las Vegas, NV 89169                       1901 Avenue of the Starts, 12th Floor
                                              Los Angeles, California  90067
25  *Attorneys for Official Unsecured Creditors'*
    *Committee for USA Commercial Mortgage*   *Attorneys for Official Committee of Equity*
26  *Company*                                 *Security Holders of USA Capital First Trust*
                                              *Deed Fund, LLC*
27

28

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

409220v4                                                          214969.2

1

2   By: /s/ Marc A. Levinson
    Marc A. Levinson
3   Jeffrey D. Hermann
    ORRICK, HERRINGTON & SUTCLIFFE LLP
4   400 Capitol Mall, Suite 3000
    Sacramento, California  95814
5   *Attorneys for Official Committee of Equity*
    *Security Holders of USA Capital Diversified*
6   *Trust Deed Fund, LLC*

7

8

9

10

11  Copy of the foregoing motion
    served by e-mail and U.S. Mail
12  February 22, 2007 on:

13  Richard I. Dreitzer
    Deputy Attorney General
14  555 E. Washington Avenue, Suite 3900
    Las Vegas, NV 89101-1068
15  ridreitz@ag.state.nv.us

16

17

18

19

20

21

22

23

24

25

26

27

28

No Opposition

Gerald M. Gordon
Gregory E. Garman
GORDON & SILVER, LTD.
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, Nevada  89109
*Attorneys for Official Committee of Holders of*
*Executory Contracts Rights through USA*
*Commercial Mortgage Company*

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

409220v4

214969.2