Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

E-FILED on February 22, 2007

Attorneys for Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **MOTION TO PERMIT DEBTOR TO REMAIN ON LEASED PREMISES FOR LIMITED POST-EFFECTIVE DATE PERIOD** |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Date: OST REQUESTED<br>Time: OST REQUESTED |

   USA Commercial Mortgage Company, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC and USA Securities, LLC (collectively the "Debtors") in the above captioned jointly administered cases, respectfully request that the Court issue an order allowing USA Commercial Mortgage Company ("USACM") to continue to occupy its current offices located at 4480 South Pecos Road, Las Vegas, Nevada 89121 through March 31, 2007.  In support of this motion (the "Motion"), the Debtors represent as follows:

   1.   The Debtors have operated their businesses in two adjacent buildings located at 4480 and 4484 South Pecos Road, Las Vegas, Nevada 89121.

   2.   On April 1, 2002, Haspinov, LLC ("Haspinov") and USACM entered into a 120 month Office Lease (the "Lease") covering "The entire building known as 4480 South Pecos Road, Las Vegas, Nevada 89121, the same being the building occupying the northwest sector of Pecos Professional Park, located at the northeast corner of South Pecos Road and Harmon Avenue in Clark County, Nevada." (the "Leased Premises").  *See Lease*, Exhibit A, Description of Leased Property.  Pursuant to its terms, the Lease would not expire until 12:00 a.m. on April 1, 2012.

   3.   Pursuant to the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan"), which was confirmed by the Bankruptcy Court on January 8, 2007, all unexpired leases existing between the Debtors and any other entity are rejected upon the Effective Date.  *See Plan* Art. V(B)(1).  Accordingly, the Lease, as well as the lease covering the adjacent office building will be rejected upon the Effective Date of the Plan.

   4.   The Debtors anticipate that the conditions precedent to the Effective Date will be satisfied or waived by early March 2007, and thus expect that the Effective Date will occur in early March 2007.

   5.   The Debtors will vacate and turnover the 4484 South Pecos Road office building upon the rejection of the lease on the Effective Date; however, it is necessary that USACM be allowed to continue to occupy the adjacent Leased Premises through March 31, 2007 because USACM needs to provide loan services as sub-servicer to Compass Partners, LLC ("Compass") under the arrangements previously authorized by this Court while Compass proceeds with its

licensing application.  There is no reason to delay the Effective Date of the Plan on account of the sub-servicing, but office facilities are required.  If the sub-servicing arrangements are still needed after March 31, 2007, there will be time during that month to facilitate the transition of sub-servicing to other space leased by Compass because USACM needs to provide loan services as sub-servicer to Compass Partners, LLC ("Compass") under the arrangements previously authorized by the Court while Compass proceeds with its licensing application.  There is no reason to delay the Effective Date on account of the sub-servicing, but office facilities are required.  If the sub-servicing arrangements are still needed after March 31, 2007, there will be time during that month to facilitate the transition of sub-servicing to other space leased by Compass.

6.  The Lease requires USACM to make its March 2007 rent payment in the amount of $25,994.21 on or before March 1, 2007, prior to the Effective Date of the Plan and the rejection of the Lease, and USACM will make that payment to Haspinov.  Thus, Haspinov will be fully compensated and will not be harmed by USACM's continued occupancy of the Leased Premises for a short period in March 2007 after the Effective Date of the Plan.

7.  Furthermore, although the Lease will be "rejected" upon the Effective Date of the Plan, it will not be terminated.  Rejection "constitutes a breach" of the Lease as of the petition date under 11 U.S.C. § 365(g).  At least three circuits have held that 11 U.S.C. §365(g) "does not mean that the executory contract or lease has been terminated, but only that a breach has been deemed to occur."  *Eastover Bank for Savings v. Sowashee Venture, et al. (In re Austin Dev. Co.)*, 19 F.3d 1077, 1082 (5th Cir. 1994) (citing *In re Continental Airlines*, 981 F.2d 1450, 1459 (5th Cir. 1993) ("to assert that a contract effectively does not exist as of the date of the rejection is inconsistent with deeming the same contract breached"); *In re Modern Textile, Inc.*, 900 F.2d 1184, 1191 (8th Cir. 1990) ("[R]ejection operates as a breach of an existing and continuing legal obligation of the debtor, not as a discharge or extinction of the obligation itself."); *Leasing Service Corp. v. First Tennessee Bank, Nat'l Ass'n*, 826 F.2d 434, 436-37 (6th Cir. 1987)).  Accordingly, although the Lease will have been breached by USACM upon the Effective Date of the Plan, the Lease remains in existence and where USACM will have paid rent through March 31, 2007, USACM is entitled to remain in possession of the Leased Premises for that limited additional period.

8. Accordingly, USACM should be entitled to remain on the Leased Premises through March 31, 2007. USACM has approached Haspinov, which is owned in part by USA Investment Partners, LLC, and asked Haspinov to agree to allow USACM to remain in the Leased Premises through March 2007, but Haspinov has not yet agreed, and thus this motion is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order providing that USACM may continue to occupy the Leased Premises through March 31, 2007.

DATED this 22nd day of February, 2007.

   /s/   Jeanette E. McPherson
Lenard E. Schwartzer
Jeanette E. McPherson
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Blvd., Suite 1
Las Vegas, Nevada 89146

AND

Annette W. Jarvis (Utah Bar No. 1649)
Steven C. Strong (Utah Bar No. 6340)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Email: ajarvis@rqn.com
Email: strong@rqn.com

Attorneys for Debtors and Debtors-in-Possession