Richard F. Holley, Esq. (NV Bar No. 3077)
Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:    702/791-1912
Email: rholley@nevadafirm.com
*Attorneys for Appellants Del Bunch and Ernestine Bunch*

*Electronically Filed on February 26, 2007*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE f/k/a USA CAPITAL, et al.,<br>            Debtor. | Case No. BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>            Debtor. | Case No. BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>            Debtor. | Case No. BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>            Debtor. | Case No. BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>            Debtor. | Case No. BK-S-06-10719-LBR<br>Chapter 11 |

Affects:
- ☐ All Debtors
- ☒ USA Commercial Mortgage Co.
- ☐ USA Securities, LLC
- ☐ USA Capital Realty Advisors, LLC
- ☐ USA Capital Diversified Trust Deed
- ☐ USA First Trust Deed Fund, LLC

**APPELLANTS' DEL AND ERNESTINE BUNCH OBJECTION TO APPELLEE DEBTOR'S DESIGNATION OF ADDITIONAL ITEMS TO INCLUDE IN RECORD ON APPEAL**

Appeal Ref. No. 07-05

Date of Hearing:    N/A
Time of Hearing:    N/A

Judge:    Hon. Linda B. Riegle

Del and Ernestine Bunch ("Appellants") through their counsel the law firm of Santoro, Driggs, Walch, Kearney, Johnson & Thompson, file this Objection to Appellee Debtor's Designation of Additional Items to Include in Record on Appeal (the "Objection"). Appellants bring this Objection on the following grounds and for the following reasons: (1) Appellee Debtor

06725-01/148369.doc

USA Commercial Mortgage Company ("Appellee") designates items for the record which were not referenced in the papers filed with the or in oral argument before the Bankruptcy Court; and (2) Appellee designates items to be included in the record on appeal which were filed with the Bankruptcy Court <u>after</u> the hearing which is the subject of the appeal.

## I. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157; that venue is appropriate under 28 U.S.C. §§ 1408 and 1409; and that this is a Court proceeding under 28 U.S.C. § 157, and Rule 10(e) of the Federal Rules of Appellate Procedure.

## II. PROCEDURAL HISTORY

1.  On April 13, 2006, ("Petition Date") USACM, USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with "DTDF", the "Funds"), and USA Securities, LLC ("USA Securities") (collectively the "Debtors"), filed Voluntary Petitions for Relief under Chapter 11 of the Bankruptcy Code. USACM and the other Debtors continued to operate their businesses, if any, as Debtors in Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The management duties of USACM are conducted by Thomas J. Allison of Mesirow Financial Intramanagement, LLC ("Mesirow") who serves as the President and Chief Restructuring Officer.

2.  On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest (the "Bar Date Order") (Dkt. No. 1280). The Bar Date Order established 5:00 p.m., prevailing Pacific Time on November 13, 2006, as the deadline for creditors to file Proofs of Claim ("Bar Date"). The Court has extended the deadline for direct lenders to file Proofs of Claim to January 13, 2007.

3.  On December 11, 2006, USACM filed its Objection to Claim 1099 of Del and Ernestine Bunch in the amount of $11,358,661.28 [Dkt. No. 2023].

4.  USACM filed its Notice of Hearing/Motion on Objection to Proof of Claim No. 1099 filed by Del and Ernestine Bunch on December 12, 2006 [Dkt. No. 2061]. The hearing on the Objection was set for January 17, 2007.

06725-01/148369.doc

5. On December 15, 2006, Appellants filed their Motion For Order Temporarily Allowing The Claim Of Del And Ernestine Bunch For Voting Purposes [Dkt. No. 2124], declaration of Del Bunch in support [Dkt. No. 2131] and documents to have the motion heard on shortened time.

6. The Notice of Hearing and Order Shortening Time to hear Motion for Order Temporarily Allowing the Claim of Del and Ernestine Bunch for Voting Purposes was entered on December 18, 2006 [Dkt. No. 2175], and a hearing set for December 19, 2006.

7. Due to the Rule 2004 examination of Del Bunch also scheduled for December 19, 2006, the hearing was rescheduled for December 20, 2006 at 1:30 p.m.

8. The hearing on the Motion for Order Temporarily Allowing the Claim of Del and Ernestine Bunch for Voting Purposes was entered on December 18, 2006, was reschedule to January 3, 2007, at 9:30 a.m.

9. On January 19, 2007, the Bankruptcy Court entered its Order Denying Motion for Order Temporarily Allowing the Claim of Del and Ernestine Bunch for Voting Purposes. [Dkt. No. 2508]

10. On January 26, 2007, Appellants filed their Notice of Appeal [Dkt. No. 2585].

11. On February 5, 2007, Appellants filed their Statement of Issues and Designation of Record on Appeal. [Dkt. No. 2692]

12. On February 15, 2007, the Appellee Debtor filed its Designation of Additional Items to Include in Record on Appeal. [Dkt. No. 2820]

### III. APPELLEE DEBTOR'S IMPROPER DESIGNATIONS TO RECORD

13. Before the court on appeal is whether the Bankruptcy Court erred in provisionally disallowing Appellants' claim for purposes of voting on Debtor USA Commercial Mortgage's Plan of Reorganization. See Appellants Statement of Issues and Designation of Record on Appeal. [Dkt. No. 2692]

14. In Appellee Debtor's designation of the record, items were included which were either: (1) not before the court in the pleadings or oral argument during the hearing or (2) which were filed after the hearing on the provisional allowance of Appellants' claim.

- 3 -

06725-01/148369.doc

15. Appellants object to the inclusion of the following items in Appellee Debtor's designation of record:

| Docket Text | Date Docketed | Docket No. |
|---|---|---|
| Statement of Financial Affairs [Affects USA Commercial Mortgage Company] | 06/15/2006 | 681 |
| Amended Statement of Financial Affairs [Affects USA Commercial Mortgage Company] | 06/23/2006 | 783 |
| Stipulated Order Extending the Debtors' Exclusive Period to File a Plan to September 15, 2006 | 08/31/2006 | 1223 |
| Notice of Hearing on Disclosure Statement for Debtors' Joint Plan of Reorganization dated September 5, 2006 | 09/29/2006 | 1420 |
| Order Extending the Debtors' Exclusivity Period until Motion Extending Exclusivity Period is Heard and Determined | 10/06/2006 | 1456 |
| Certificate of Service | 10/19/2006 | 1600 |
| Order Granting Motion to Increase the Debtors' 180-Day Exclusive Period to Confirm Plans of Reorganization to December 31, 2006 | 11/06/2006 | 1728 |
| Notice of Filing of (A) Proposed Notice of Confirmation Hearing and Related Deadlines; (B) Proposed Solicitation and Notice Procedures; and (C) Proposed Form of Ballots | 11/09/2006 | 1766 |
| Revised Schedule of Executory Contracts and Unexpired Leases in Connection with Debtors' Third Amended Joint Chapter 11 Plan of Reorganization | 12/18/2006 | 2162 |
| Asset Purchase Agreement | 12/18/2006 | 2164 |
| Notice of Filing of Form of Disbursing Agent Agreements | 12/18/2006 | 2199 |
| Amended Notice of Filing of Form of Disbursing Agent Agreements | 12/22/2006 | 2258 |
| Supplemental Brief in Support of Objection to Claim No. 1099 filed by Del and Ernestine Bunch with Certificate of Service | 01/16/2007 | 2427 |
| Order Continuing Hearing on Objection to Claim of Del and Ernestine Bunch | 01/29/2007 | 2599 |
| Bankruptcy Court Docket Case No. BK-S-06-10725-LBR | -- | -- |

- 4 -

06725-01/148369.doc

16. Of the items identified above, the Supplemental Brief in Support of Objection to Claim No. 1099 [Dkt. No. 2427] and the Order Continuing Hearing on Objection to Claim of Del and Ernestine Bunch [Dkt. No. 2599] were both filed after the January 3, 2007, hearing on the Motion for Order Temporarily Allowing the Claim of Del and Ernestine Bunch for Voting Purposes.

## IV. LEGAL ARGUMENT

### A. Bankruptcy Court has Jurisdiction to Rule on the Objection to Appellee Debtor's Designation of Record

Support for the bankruptcy court's jurisdiction is provided by Rule 10(e) of the Federal Rules of Appellate Procedure, which authorizes a district court to correct or modify the record on appeal to a circuit court so that it accurately discloses what occurred in the district court. See In re The Barrick Group, Inc., 100 B.R. 152, 154, n.2 (Bankr. D.Conn. 1989). 28 U.S.C. § 158(c) provides in part that an appeal from the bankruptcy court to the district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts…" Id. As the court in *Saco Local Development Corp.* observed, Rule 10(e) provides guidance for a bankruptcy court's correction of a designation of record on appeal. Id. (citing Saco Local Dev. Corp., 13 B.R. 226, 228 (Bankr. D.Me. 1981); In re Armorflite Precision, Inc., 48 B.R. 994, 996 (D.Me.1985)).

Bankruptcy courts have found that a challenge to the designation of items as part of the record on appeal is proper before the bankruptcy court. See In re The Barrick Group, Inc., 100 B.R. at 154. The filing of a notice of appeal generally divests a bankruptcy court of jurisdiction to proceed with respect to matters raised by the appeal. Id. (citing In re Neuman, 67 B.R. 99, 101 (S.D.N.Y. 1986); In re Wonder Corp. of America, 81 B.R. 221, 224 (Bankr. D.Conn. 1988); First Nat'l Bank of Boston v. Overmyer (In re Overmyer), 53 B.R. 952, 954 (Bankr. S.D.N.Y. 1985)). However, actions in aid of the appeal are not beyond the bankruptcy court's authority. Id. (citing Int'l Assoc. of Machinists and Aerospace Workers, AFL-CIO v. Eastern Air Lines, Inc., 847 F.2d 1014, 1017 (2d Cir. 1988); Leonhard v. United States, 633 F.2d 599, 609-10 (2d Cir. 1980), cert. denied, 451 U.S. 908 (1981); 7 Moore's Federal Practice ¶ 60.30[2], at 60-331 to

- 5 -

-332 (2d ed. 1983). Such actions include those intended to ensure that the district court is afforded a complete understanding of the proceedings in the bankruptcy court. See In re The Barrick Group, Inc., 100 B.R. at 154.

In *Barrick*, the appellee objected to five items in the designation of record on appeal. Id. at 153. The Bankruptcy Court concluded that it should determine in the first instance whether a disputed item in a designation of record on appeal played any part in its deliberations, and that the bankruptcy court retained jurisdiction to consider and rule upon Metro North's objection. Id. at 154 (citing In re Neshaminy Office Bldg. Assoc., 62 B.R. 798, 802 (E.D.Pa. 1986); Food Distribution Center v. Food Fair, Inc. (In re Food Fair, Inc.), 15 B.R. 569, 571 (Bankr.S.D.N.Y.1981); Saco Local Dev. Corp. v. Armstrong Business Credit Corp. (In re Saco Local Dev. Corp.), 13 B.R. 226, 228-29 (Bankr. D.Me. 1981)).

**B.    The Record on Appeal Should Contain All Items Considered by the Bankruptcy Court in Reaching a Decision, And Items Not Considered by the Court Should be Stricken**

Under Rule 8006 of the Federal Rules of Bankruptcy Procedure, "the appellant shall serve on the appellee a designation of items to be included in the record on appeal…The record on appeal shall include items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed form, and any opinion, findings of fact, and conclusions of law of the court.

According to Collier, once the notice of appeal has been filed, a number of steps must be taken so that, ultimately, the appellate tribunal may decide the appeal. The first of these steps, designation of the record and issues on appeal, is the subject of Federal Rule of Bankruptcy Procedure 8006. See Collier on Bankruptcy, ¶ 8006.02 Because this rule is derivative of rules governing appeals from district courts to courts of appeals, the best way to start to approach Rule 8006 is to compare the two and see if there are any important differences. Id. Collier on Bankruptcy, ¶ 8006.02 (comparison of Rule 8006 with Federal Appellate Rule 10).

The Bankruptcy Court in *In re The Barrick Group, Inc.*, held that the record on appeal should contain all items considered by the bankruptcy court in reaching a decision. See In re The Barrick Group, Inc., 100 B.R. at 154 (citing Nahodil v. Rodman (In re W.T. Grant Co.), 432

- 6 -

06725-01/148369.doc

F.Supp. 105, 106 (S.D.N.Y.1977), aff'd, 559 F.2d 1206 (2d Cir.1977); In re Food Fair, Inc., supra, 15 B.R. 569, 572 (Bankr. S.D.N.Y. 1981)). Conversely, if an item was not considered by the court, it should be stricken from the record on appeal. Id. (citing John P. Maguire & Co., Inc. v. Sapir (In re Candor Diamond Corp.), 26 B.R. 844, 847 (Bankr.S.D.N.Y.1983)).

For instance, when the bankruptcy court ruled on the objection to unsigned, undated, and undocketed proposed orders and counter-orders, along with notice of the counter-orders, it held that in granting the motion for relief from the stay and overruling the Appellants' objection, the bankruptcy court did not consider the five items in question, and held they were not properly a part of the record on appeal. Id. at 153-54.

Here, Appellee Debtor's designation of record on appeal includes items not considered by the bankruptcy court in reaching a decision, in addition to items filed with the Bankruptcy Court after the hearing, which were clearly not considered by the bankruptcy court. This court should sustain Appellants' objection to the items referenced above in the chart in paragraph 15 above, and rule that those items designated by Appellee Debtor are not properly a part of the record on appeal, and should therefore be stricken.

Dated this 26th day of February, 2007.

SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON

Richard F. Holley, Esq. (NV Bar No. 3077)
Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:702/791-0308/Fax:    702/791-1912
*Attorneys for Appellants Del and Ernestine Bunch*

- 7 -

06725-01/148369.doc