Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
Attorneys for Debtors

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case Nos. BK-S-06-10725 LBR<br>Case Nos. BK-S-06-10726 LBR<br>Case Nos. BK-S-06-10727 LBR<br>Case Nos. BK-S-06-10728 LBR<br>Case Nos. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **DECLARATION OF THOMAS J. ALLISON IN SUPPORT OF MOTION TO AUTHORIZE DEBTOR USA COMMERCIAL MORTGAGE COMPANY AS LOAN SERVICER TO ACCEPT PAYMENTS AND PROVIDE RECONVEYANCES FOR TWO COLT GATEWAY LOANS [AFFECTS DEBTORS USA COMMERCIAL MORTGAGE COMPANY AND USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC]**<br><br>Date of Hearing: March ___, 2007 |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |

914573                                      - 1 -

| | Time of Hearing: 9:30 a.m. |
|---|---|

I, Thomas J. Allison, hereby declare, verify and state as follows:

1. I am the President and Chief Restructuring Officer of Debtor USA Commercial Mortgage Company ("USACM"). I am also the Manager and Chief Restructuring Officer of Debtor USA Capital Diversified Trust Deed Fund, LLC ("Diversified"). I make this Declaration in support of the "Motion To Authorize Debtor USA Commercial Mortgage Company as Loan Servicer to Accept Payments and Provide Reconveyances for Two Colt Gateway Loans" that is being filed by USACM (the "Motion").

2. Since April 13, 2006, I have been the Court-approved chief restructuring officer of USACM and Diversified and have had access to USACM's and Diversified's books and records.

3. This Declaration is based upon my personal knowledge or, if so stated, upon information and belief.

4. The Motion requests that the Court authorize USACM to do the following:

A. Authorize USACM to accept payments of two loans (the "Colt Gateway Loans") that are owed by Borrower Colt Gateway LLC ("Colt Gateway"). One of the Colt Gateway Loans is being serviced by USACM for three Direct Lenders, one of which is Debtor Diversified. The second Colt Gateway Loan is owed to USACM as the sole Direct Lender under such loan.

B. Authorize USACM to provide and authorize reconveyances for the Colt Gateway Loans that are being paid.

5. Colt Gateway has an outstanding loan obligation currently being serviced by USACM (the "Colt Gateway #1 Loan") that is evidenced by that certain Note dated December 22, 2002, as modified in July 2003, for an original principal loan amount of Eight Million Seven Hundred Thousand Dollars ($8,700,000) ("Note 1"). Note 1 is secured by a lien established against real property of Colt Gateway in the City of Hartford, Hartford County, Connecticut, by that certain Mortgage Deed and Security Agreement dated as of December 22, 2002, recorded on January 24, 2003, and modified on July 9, 2003, recorded on August 1, 2003, all in the Hartford

914573                              - 2 -

Land Records of Hartford County, Connecticut ("Mortgage 1"). The Colt Gateway #1 Loan was not included in Schedule 1 or Schedule 2 of the Asset Purchase Agreement dated December 8, 2006 (the "Compass APA"), between the above-captioned Debtors and Compass Partners, LLC ("Compass") (see Bankruptcy Case Docket No. 2164), and therefore was not included in the sale of certain assets of USACM to Compass. Diversified did not sell any of its assets to Compass pursuant to the Compass APA.

6. The current principal balance of the Colt Gateway #1 Loan is $5,905,051.40. The additional amounts that were owed on the Colt Gateway #1 Loan as of February 28, 2007, along with the per diem for the interest accrual, are as follows: Non-Default Interest: $1,787,468.38 (per diem of $3,205.22); Default Interest: $50,000.00; Late Fees: $89,937.41; Origination Fee: $1,700,000.00.

7. The Direct Lenders for the Colt Gateway #1 Loan are the Estate of Daniel Tabas ("Tabas"), Fertitta Enterprises, Inc. ("Fertitta"), and Diversified. Their respective undivided interests in the Colt Gateway #1 Loan are approximately as follows: Fertitta – 46.0%; Tabas - 11.5%; Diversified – 42.5%.

8. Colt Gateway also has an outstanding loan obligation owed solely to USACM as the sole Direct Lender (the "Colt Gateway #2 Loan"). The Colt Gateway #2 Loan is evidenced by that certain Note dated August 18, 2003, as modified on January 17, 2004, for an original principal loan amount of One Million Dollars ($1,000,000) ("Note 2"). Note 2 is secured by a lien established against real property of Colt Gateway in the City of Hartford, Hartford County, Connecticut, by that certain Mortgage Deed and Security Agreement dated as of August 19, 2003, recorded on September 8, 2003, in the Hartford Land Records of Hartford County, Connecticut ("Mortgage 2" and together with Mortgage 1, the "Mortgages"). The Colt Gateway #2 Loan was not included in Schedule 1 or Schedule 2 of the Compass APA, and therefore was not included in the sale of certain assets of USACM to Compass.

9. The current principal balance of the Colt Gateway #2 Loan is $1,000,000.00. The additional amounts that were owed on the Colt Gateway #2 Loan as of February 28, 2007, along

914573 - 3 -

with the per diem for the interest accrual, are as follows:  Non-Default Interest:  $704,567.54 (per diem of $710.24); Late Fees:  $8,950.64; Extension Fee:  $40,000.00.

10. Colt Gateway has agreed to pay both of the Colt Gateway Loans, and has requested payoff letters from USACM.  As part of the payoff discussions, I have agreed on behalf of USACM that default interest of $50,000.00 will be charged on the Colt Gateway Loans in connection with the payoffs of the Colt Gateway Loans.

11. The Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (the "DTDF Committee") has requested that USACM allocate to Diversified a portion of the $1,700,000 origination fee that is to be collected on the Colt Gateway #1 Loan (the "Origination Fee") on the basis that the Origination Fee should be attributable in part to the Subsequent Diversified Advances.  I have agreed on behalf of USACM that the $1,700,000 Origination Fee (after it has been paid as part of the payoff of the Colt Gateway #1 Loan) should be allocated $1,300,000.00 to Diversified, and $400,000.00 to USACM.

12. Among other powers, USACM as Servicer has generally been authorized by the Court to exercise in the ordinary course of business all of the powers that a loan servicer customarily exercises for a serviced loan that is being paid and with respect to the related real or personal property securing such loan.  These powers include executing and delivering the following documents:  demands for payoff, final payoff statements, instruments of satisfaction or cancellation, and instruments of or authorizations for full release, discharge, or reconveyance (the "Loan Servicer Powers").

13. USACM asserts that exercising its Loan Servicer Powers is an ordinary course of business transaction that does not require Court approval under 11 U.S.C. § 363(c)(1).  Nevertheless, in an abundance of caution, I have directed that USACM file the Motion to request a Court order specifically authorizing USACM to exercise its Loan Servicer Powers with respect to the anticipated payment of the Colt Gateway Loans.

914573                                                - 4 -

14. USACM is engaged in the business of servicing fractional interests in various commercial loans. As part of that business, USACM customarily receives requests for payoff statements for the loans that it is servicing or for loans in its own loan portfolio as well as requests that USACM exercise its Loan Servicer Powers in connection with the payoffs of such loans.

15. I have reviewed on behalf of USACM the requested loan payoffs for the Colt Gateway Loans. It is USACM's business judgment that it would be beneficial to the Direct Lenders of the Colt Gateway Loans (including the bankruptcy estates of USACM and Diversified) if USACM accepted the payoffs of the Colt Gateway Loans and exercised its Loan Servicer Powers in connection with the payoffs of the Colt Gateway Loans.

16. Although USACM's acceptance of the payoffs of the Colt Gateway Loans and exercise of its Loan Servicer Powers arguably is in the ordinary course of USACM's business that would require no Court approval, with the oversight being requested by the Four Official Committees and the United States Trustee, I have directed that USACM file the Motion for Court approval.

17. Under the circumstances outlined above, it is USACM's business judgment that USACM should be authorized to accept the payoffs of the Colt Gateway Loans and exercise its Loan Servicer Powers in connection with the payoffs of the Colt Gateway Loans.

18. To summarize, pursuant to the Motion, USACM is requesting that the Court: (a) authorize USACM to accept the repayments of the two Colt Gateway Loans, consistent with the terms outlined above in the Motion, (b) authorize USACM to exercise its Loan Servicer Powers in connection with the repayments of the two Colt Gateway Loans, including providing and authorizing reconveyances for the collateral securing the Colt Gateway Loans (including without limitation releasing the Mortgages), and (c) authorize USACM to execute all documents and take all other necessary steps required to implement any of the foregoing actions.

914573                                          - 5 -

1  Executed this 27th day of February, 2007.

_____
Thomas J. Allison

914573.02/dmm