# EXHIBIT A

## I.  DEFINITIONS

As used herein, unless otherwise indicated:

1.    "Communication" means any transmittal of information, of any kind, without regard to whether such information was transmitted orally, in writing, electronically, visually, or by any other means.

2.    "Debtors" shall mean USA Commercial Mortgage Company, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC, USA Securities, LLC, and their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of any of the Debtors, including any attorneys, advisors, or consultants.

3.    "Document" means all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements,

records of inventory, financial and/or accounting records, catalogues, trade journals, and any other documented or recorded information.  The term "document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method. The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

4.      "Entity" or "Entities" shall mean the following entities, their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of any of the Entities, including any attorneys, advisors, or consultants:

- Abogo Marketing, LLC
- A. L. LLC
- Amblamo, LLC
- Ashby USA, LLC
- ASQ, Inc.
- Aware TM 30850, LLC
- Barone-Tanamera Condominiums, LLC
- Barusa, LLC
- B&L Investments, Inc.
- Bellavista Partners Limited Partnership
- Blue Vale, LLC
- Brentwood 128, LLC
- Cabernet Highlands, LLC
- California Desert, LLC

- Campo Land Investment, LLC
- Caughlin Club Management Partners, LLC
- Caughlin Club Real Property Investors, LLC
- CCRE Investors, LLC
- Chardonnay Village Investors, LLC
- Classic Residences, LLC
- Clemency, LLC
- Commercial Concepts, LLC
- Comstock Village Investors, LLC
- Conference Pros, LLC
- Cornman Toltec 160, LLC
- DDH Financial Corp.
- Diamond Village Investors, LLC
- Dirt Holdings, LLC
- Double Diamond Homes, LLC
- Double Diamond Management Company, LLC
- Eagle Ranch, LLC
- Eagle Ranch, LLC
- Eagle Ranch Development, LLC
- Eagle Ranch Residential, LLC
- Electro Optical Systems Corp.
- Emigh Investments, LLC
- Equus Management Group
- Foothill Commerce Center, LLC
- FWY 101 USA Investors, LLC
- Hamilton & Montoure, LLC
- The Hantges Children's Educational Trust
- Happy Valley, LLC
- Haspinov, LLC
- HBM Holdings, LLC
- HBM Inc.
- HMA Management, LLC
- HMA Sales, LLC
- Homewood Village Investors I, LLC
- Housing Partners, LLC
- Indian Wells California Partners, LLC
- Institutional Equity Partners, LLC
- Institutional Income Fund
- Intelligent E-Mail, Inc.
- JaDeM Investments, LLC
- Joseph D. Milanowski 1998 Trust
- Kburr Brokerage Company, LLC
- Kegan, LLC
- Kenya 98, LLC
- La Hacienda Land Investors
- Longley Town Centre, LLC
- Longley Professional Campus, LLC

- Lucid Land Development, LLC
- Lucius Blanchard Family Foundation
- Market Consultants Limited Partnership
- The Meadows Investors, LLC
- Medical Billing Alliance, Inc.
- Met Partners, LLC
- Miners Village Investors, LLC
- M.M.P.LE., LLC
- Mojave Advertising, LLC
- Monticello Investors, LLC
- Mountainview Campus Investors, LLC
- M.P.D.D. Ranch, LLC
- M.P. Tanamera, LLC
- Nellis Crossing Management, LLC
- Nevada Skin and Cancer, Lucius Blanchard, M.D. Chartered
- Nevada Technology Networks, LLC
- Opaque Land Development, LLC
- Palmdale Associates, LLC
- Palomino Partners, a Nevada Limited Partnership
- Paul Steven Hamilton Family Limited Partnership
- PBH Family, L.P.
- Perusa, LLC
- Pecos Professional Park Limited Partnership
- Pecos Professional Park Property Owners Association
- PES, L.L.C.
- Pioneer Village Investors, LLC
- Placer County Land Investors, LLC
  (formerly Placer County Land Speculators, LLC)
- Random Developments, LLC
- Robert V. Jones, Corp.
- Preserve at Galleria, LLC
- Ravenswood Apple Valley, LLC
- Red Granite, LLC
- Redundant Networks, Inc.
- Reno Corporate Center, LLC
- Reno Design Center, LLC
- Reno South Meadows, LLC
- Resort International Marketing Inc.
- Resort Magic, LLC
- Resort Management Solutions, LLC
- Rowe Family Trust
- Royal Center Associates, LLC
- Royal Hotel Corporation
- Royal Resort Enterprises, LLC
- Royal Resort Operating Company, LLC
- Royal Resort Vacation Owners Association, Inc.
- Royal Vacation Suites, Inc.

- RTTC Communications, LLC
- Sandhill Business Campus, LLC
- Sandhill Properties, LLC
- Shadow Glen 420, Inc.
- Shadroc, LLC
- Shoshone Cattle and Land Development Co.
- Sierra Vista Investors, LLC
- Signature/USA Partners Limited Partnership
- Soda Flats Land Company, LLC
- South Meadows Apartments, LLC
- South Meadows Commercial Property, LLC
- South Meadows Office Investors, LLC
- South Meadows Residential Partners, LLC
- Southern California Land Development, LLC
- Sparks Galleria Investors, LLC
- Sparks Galleria Investors, LLC
- Sparks Galleria Investors II, LLC
- Sugartree, LLC
- TA Management, LLC
- Tanamera Apartments, LLC
- Tanamera Commercial Development, LLC
- Tanamera Corporate Center, LLC
- Tanamera Development, LLC
- Tanamera Homes, LLC
- Tanamera Holding Company, Inc.
- Tanamera Management, LLC
- Tanamera Residential, LLC
- Tanamera Resort Condominiums, LLC
- Tanamera Resort Partners, LLC
- Tanamera Seniors Village, LLC
- TCD Financial Corp.
- TCD Land Investments
- Telephone Associates of Arizona Limited Liability Company
- Telephone Associates of Nevada Limited Liability Company
- Thunderbird Hotel Corporation
- Tigger Too
- TJA Marketing, LLC
- Toblak, LLC
- Trading Places International, Inc.
- Trans-Aero Land & Development Company
- Tree Moss Partners, LLC
- Twelve Horses North America, Inc.
- Twelve Horses North America, LLC
- USA Capital Diversified Trust Deed Fund
- USA Capital First Trust Deed Fund
- USA Capital Fund I, LLC
- USA Capital Fund II, LLC

- USA Capital Fund III, LLC
- USA Capital High Income Real Estate Lending Fund, LLC
- USA Capital Institutional High Income Fund, LLC
- USA Capital Mortgage, LLC
- USA Capital Realty Advisors, LLC
- USA Capital Secured Income Fund, LLC
- USA Capital Specialty Finance, LLC
- USA Commercial Mortgage Company
- USA Commercial Real Estate Group
- USA Development, Inc.
- USA Development Fund Two Limited Partnership
- USA Investment Partners, LLC
- USA Investors I, LLC
- USA Investors II, LLC
- USA Investors III, LLC
- USA Investors IV, LLC
- USA Investors V, LLC
- USA Investors VI, LLC
- USA Lottery Investors, LLC
- USA Partners, Inc.
- USA Reno Mini-Storage, LLC
- USA Secured Income Fund, LLC
- USA Securities, LLC
- USA South Tech Partners, Ltd.
- USA/RVJ Development Fund One Limited Partnership
- Vaudio, LLC
- Vegas Hot Spots, LLC
- Vineyard Highlands, LLC
- The Vineyard Investors, LLC
- Vineyard Professional Campus, LLC
- Waterford Partners, LLC
- Willowbrook Residential, LLC
- Wyndgate Partners II, LLC
- Wyndgate Investors, LLC

5.      "Evidencing" means constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

6.      "Identify" or "identity" with respect to a natural person requires that the following information be provided for each such person:

(a)      the name of the person;

(b)    the last known home address, business address and/or telephone number of each person.

7.    "Identify" or "identity" with respect to a person other than a natural person (e.g., corporation, partnership, unincorporated joint venture, sole proprietorship, subchapter S corporation) requires that the following information be provided for each such person:

(a)    the name of the person;

(b)    the last known address and telephone number of that person's headquarters or principal place of business.

8.    "Identify" or "identity" with respect to a document means to state the date and author of the document, the type of document (e.g., letter, memorandum, telegram, chart), the addressee or intended recipient, a summary of its contents or other means of identifying the document, and the present location and custodian of the document. Alternatively, in lieu of the foregoing identification, the document may be produced along with an identification of the interrogatory to which it is responsive.  If any such document was, but is no longer, in the possession, custody, or control of Wells Fargo or Wells Fargo's attorneys or agents, state what disposition was made of it and the date of such disposition.   With respect to document identification, documents prepared subsequent to or prior to the time period specified in these interrogatories but which relate or refer to such time or period are to be included in your response.

9.    "Identify" or "identity" with respect to a communication, written or oral conversation, conference or meeting, means to identify all persons participating in or in

attendance at the communication, conversation, conference or meeting, and to identify all documents recording, summarizing or otherwise arising from the communication, conversation, conference or meeting in accordance with the definitions stated above.  In addition, "identify" or "identity" with respect to a communication, conversation, conference or meeting means to state in detail its purpose, all subjects discussed, the method(s) of communication.

    10.  "Individual" or "Individuals" shall mean the following individuals:

- David M. Berkowitz
- Lucius Blanchard
- Eugene Buckley
- David Fog
- Paul Hamilton
- Andrew Hantges
- Thomas Hantges
- Rob Hilson
- R.J. Jackson
- Robert V. Jones
- Victoria (Hessling) Loob
- Bob McFarlin
- Cynthia Milanowski
- Joseph Milanowski
- Salvatore Reale
- Thomas Rondeau
- Kreg D. Rowe
- Bob Russell
- Jeanne Russo
- Michael Scofield
- Brett Seabert
- Tracy Settles
- Robert "Bobby" Tomljenovich
- Al Whalen

11.    "Person" means an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity.  "Person" means the plural as well as the singular.

12.    "Relating or referring" and/or "relate or refer" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

13.    "Wells Fargo" shall refer to Wells Fargo Bank, N.A. and Wells Fargo Bank of Nevada and predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of Wells Fargo, including any attorneys, advisors, or consultants

14.    "You" or "your" refers to Wells Fargo (as defined above) and its employees, officers, agents, subsidiaries, affiliates and all other persons acting, understood to act, or purporting to act on its behalf or under its direction or control.

## II. <u>INSTRUCTIONS</u>

1.    The following document requests are to be responded to fully, by furnishing all information in your possession, custody or control.  Your having possession, custody, or control of a document includes your having a right, superior to

other parties, to compel the production of such document from a third party, such as your agent, employee, representative, or, unless privileged, attorney.

2.      If any document requested herein has been lost, discarded, or destroyed, the document so lost, discarded or destroyed should be identified as completely as possible, including without limitation, the date the document was lost, discarded, or destroyed, the manner in which the document was lost, discarded, or destroyed, the reason(s) the document was lost, discarded, or destroyed, the person who authorized that the document be destroyed or discarded, and the person who lost, discarded, or destroyed the document.

3.      If you cannot produce a document because it no longer exists or is no longer in your possession, custody, or control, please identify that document by: (a) its title; (b) its nature (for example, a "letter" or "e-mail"); (c) the date it was created or sent; (d) its author(s) and signator(y/ies); (e) any of its recipient(s); (f) the last place it was known to have been located; (g) the circumstances under which it ceased to exist or passed from your possession, custody, or control; and (h) the identity and last known residence and business address of any person who had knowledge of its existence and location.

4.      Produce the original, as well as all non-identical duplicates or copies and/or drafts, of all requested documents in your possession, in the possession of your agents, attorneys, accountants or employees, or which are otherwise within your custody, control, or access, wherever located. A document with handwritten notes, editing marks, etc., is not identical to one without such notes or marks and therefore must be produced if within the scope of documents requested.

5.      Produce each requested document in its entirety, including all attachments and enclosures, even if only a portion of the document is responsive to the request.

6.      If you withhold from production any document (or portion of any document) that is otherwise responsive to a request on the basis of a claim of privilege, work product, or other ground, you must provide sufficient information regarding the withheld document to permit the Court and the parties to evaluate the propriety of your objection.  Specifically, you must identify:  (a) the name and title of the author(s) of the document; (b) the name and title of each person to whom the document was addressed; (c) the name and title of each person to whom the document was distributed; (d) the name and title of each person to whom the document was disclosed, in whole or in part; (e) the type of document (e.g., "memorandum" or "report"); (f) the subject matter of the document; (g) the purpose(s) of the document; (g) the date on the document and, if different, the date on which the document was created and/or sent; (h) the number of pages of the document; (i) the specific request herein to which the document is responsive; (j) the nature of the privilege(s) asserted as to the document; and (k) a detailed, specific explanation as to why the document is privileged or otherwise immune from discovery, including a presentation of all factual grounds and legal analyses.

7.      If any requested document cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

8.      Please produce each specified document either (a) in the original file or organizational system in which it is regularly maintained or organized or (b) designate which documents are being produced in response to which of the numbered specifications

below.  Produce the requested documents either in their original file folders or appended to a copy of any writing on the file folders from which the documents are taken.

9.      Identify each document produced by the paragraph number of this schedule to which it is responsive.  If a document is produced in response to more than one request, it is sufficient to identify only the first request to which the document is responsive.

10.     All electronically stored information must be produced in the same form or forms in which it is ordinarily maintained.  Specifically, all electronically stored information must be produced in its native format, so that the metadata can be accessed.

11.     Unless otherwise specified, the relevant time period for this request is from January 1, 1997 through and including the present.

12.     This request is a continuing one that calls for the supplemental or additional production of documents if any defendant or its counsel obtains supplemental or additional documents.

13.     In responding to the requests below: (a) the disjunctive shall also be read to include the conjunctive and vice versa; (b) "including" shall be read to mean "including without limitation;" (c) the singular shall also be read to include the plural and vice versa; (d) the present shall also be read as if the past tense and vice versa; (e) "any" shall be read to include "all" and vice versa; and (f) "and" shall be read to include "or" and vice versa.

## III.  DOCUMENTS TO BE PRODUCED

1.      Any and all documents evidencing any and all accounts at Wells Fargo held in the name of or for the benefit of any of the Debtors.

2.      Any and all documents evidencing any and all accounts at Wells Fargo held in the name of or for the benefit of any of the Entities.

3.      Any and all documents evidencing any and all accounts at Wells Fargo held in the name of or for the benefit of any of the Individuals.

4.      Any and all documents evidencing the type and purpose of any and all accounts at Wells Fargo held in the name of or for the benefit of any of the Debtors.

5.      Any and all documents evidencing the type and purpose of any and all accounts at Wells Fargo held in the name of or for the benefit of any of the Entities.

6.      Any and all documents evidencing the type and purpose of any and all accounts at Wells Fargo held in the name of or for the benefit of any of the Individuals.

7.      Any and all documents evidencing the transactions and/or activity in the accounts at Wells Fargo held in the name of or for the benefit of any of the Debtors.

8.      Any and all documents evidencing the transactions and/or activity in the accounts at Wells Fargo held in the name of or for the benefit of any of the Entities.

9.      Any and all documents evidencing the transactions and/or activity in the accounts at Wells Fargo held in the name of or for the benefit of any of the Individuals.

10.      Any and all documents evidencing the history of the relationship between any of the Debtors and Wells Fargo.

11.    Any and all documents evidencing the history of the relationship between any of the Entities and Wells Fargo.

12.    Any and all documents evidencing the history of the relationship between any of the Individuals and Wells Fargo.

13.    Any and all documents evidencing the identification and status of all present and former employees responsible for handling transactions or accounts of any of the Debtors at Wells Fargo over the course of Wells Fargo's relationship with any of the Debtors.

14.    Any and all documents evidencing the identification and status of all present and former employees responsible for handling transactions or accounts of any of the Entities at Wells Fargo over the course of Wells Fargo's relationship with any of the Entities.

15.    Any and all documents evidencing the identification and status of all present and former employees responsible for handling transactions or accounts of any of the Individuals at Wells Fargo over the course of Wells Fargo's relationship with any of the Individuals.

16.    Any and all documents evidencing actual, apparent, and/or purported authorization of any and all individuals to act on behalf of any Debtors, including but limited to signature cards and authorization letters.

17.    Any and all documents evidencing actual, apparent, and/or purported authorization of any and all individuals to act on behalf of any Individuals, including but limited to signature cards and authorization letters.

18.     Any and all documents evidencing actual, apparent, and/or purported authorization of any and all individuals to act on behalf of any Entities, including but limited to signature cards and authorization letters.

19.     Any and all documents evidencing the application, opening, acceptance, management, ongoing review and oversight of the accounts at Wells Fargo held in the name of or for the benefit of any of the the Debtors, and any Wells Fargo policies and procedures applicable to these activities.

20.     Any and all documents evidencing the application, opening, acceptance, management, ongoing review and oversight of the accounts at Wells Fargo held in the name of or for the benefit of any of the Entities, and any Wells Fargo policies and procedures applicable to these activities.

21.     Any and all documents evidencing the application, opening, acceptance, management, ongoing review and oversight of the accounts at Wells Fargo held in the name of or for the benefit of any of the Individuals, and any Wells Fargo policies and procedures applicable to these activities.

22.     Any and all correspondence files, account officer files, customer call records and credit files with respect to any accounts at Wells Fargo held in the name of or for the benefit of any of the Debtors.

23.     Any and all correspondence files, account officer files, customer call records and credit files with respect to any accounts at Wells Fargo held in the name of or for the benefit of any of the Entities.

24.     Any and all correspondence files, account officer files, customer call records and credit files with respect to any accounts at Wells Fargo held in the name of or for the benefit of any of the Individuals.

25.     Any and all documents pertaining to the Debtors' accounts for internal audit and regulatory compliance purposes.

26.     Any and all documents evidencing handling of overdrafts on any accounts at Wells Fargo held in the name of or for the benefit of any of the Debtors.

27.     Any and all documents evidencing handling of overdrafts on any accounts at Wells Fargo held in the name of or for the benefit of any of the Entities.

28.     Any and all documents evidencing handling of overdrafts on any accounts at Wells Fargo held in the name of or for the benefit of any of the Individuals.

29.     Any and all documents evidencing Wells Fargo's training of employees with respect to opening of accounts, due diligence to be performed on account applicants, maintenance of client correspondence files, maintenance of the account officer files, maintenance of customer call records, maintenance of credit files, extension of credit, determination and monitoring of credit worthiness, monitoring of accounts for internal audit and regulatory compliance purposes, handling of overdrafts on accounts and waivers of limitations on accounts and wire transfers.

30.     Any and all documents evidencing any site visits or reviews of any Debtors conducted by Wells Fargo.

31.     Any and all documents evidencing any site visits or reviews of any Entities conducted by Wells Fargo.

32.     Any and all documents evidencing Wells Fargo's actions, systems, policies and procedures to assure regulatory and internal audit compliance with respect to the accounts and the transactions and activity in the accounts of any Debtors, Entities, or Individuals.

33.     Any and all documents evidencing Wells Fargo's policies and procedures applicable to monitoring, review and/or investigation of transactions and activity in the accounts of the Debtors, Entities, or Individuals.

34.     Any and all documents evidencing actions taken by Wells Fargo to comply with "know your customer" policies with respect to any person or company affiliated with any Debtors that held an account at Wells Fargo.

35.     Any and all documents evidencing actions taken by Wells Fargo to comply with "know your customer" policies with respect to any person or company affiliated with any Entities that held an account at Wells Fargo.

36.     Any and all documents evidencing actions taken by Wells Fargo to comply with "know your customer" policies with respect to any person or company affiliated with any Individuals that held an account at Wells Fargo.

37.     Any and all documents evidencing Wells Fargo's detection of any suspicious activity in any accounts of any Debtors and actions taken in response thereto.

38.     Any and all documents evidencing Wells Fargo's detection of any suspicious activity in any accounts of any Entities and actions taken in response thereto.

39.    Any and all documents evidencing Wells Fargo's detection of any suspicious activity in any accounts of any Individuals and actions taken in response thereto.

40.    Any and all documents evidencing Wells Fargo's detection of circular transactions in any accounts of the Debtors and actions taken in response thereto.

41.    Any and all documents evidencing Wells Fargo's policies and procedures with respect to the filing of suspicious activity reports.

42.    Any and all documents evidencing Wells Fargo's policies and procedures with respect to the PC Manager computer program (or any other computer program provided by Wells Fargo to its customers for the processing of wire transfers).

43.    Any and all documents evidencing loans or other forms of credit extended to any person or company affiliated with the Debtors, Entities, and/or Individuals by Wells Fargo and the terms thereof.

44.    Any and all documents evidencing actions taken by Wells Fargo to determine and monitor the credit worthiness of any person or company affiliated with the Debtors, Entities, and/or Individuals to whom Wells Fargo made loans or extended other forms of credit.

45.    Any and all documents evidencing correspondence and communications between any of the Debtors and Wells Fargo.

46.    Any and all documents evidencing correspondence and communications between any of the Entities and Wells Fargo.

47.    Any and all documents evidencing correspondence and communications between any of the Individuals and Wells Fargo.

48.    Any and all documents evidencing correspondence and communications between Wells Fargo and the auditors of any of the Debtors, including, but not limited to, Deloitte & Touche LLP, Piercy Bowler Taylor & Kern, and Beadle McBride Evans & Reeves LLP.

49.    Any and all documents evidencing meetings between Wells Fargo and any Debtors.

50.    Any and all documents evidencing meetings between Wells Fargo and any Entities.

51.    Any and all documents evidencing meetings between Wells Fargo and any Individuals.

52.    Any and all documents evidencing wire transfers received or sent by Wells Fargo with reference to any accounts at Wells Fargo held in the name of or for the benefit of any of the Debtors.

53.    Any and all documents evidencing wire transfers received or sent by Wells Fargo with reference to any accounts at Wells Fargo held in the name of or for the benefit of any of the Entities.

54.    Any and all documents evidencing wire transfers received or sent by Wells Fargo with reference to any accounts at Wells Fargo held in the name of or for the benefit of any of the Individuals.

55.     Any and all documents evidencing Wells Fargo's policies and procedures applicable to wire transfers to or from the accounts of any Debtors, Entities, and/or Individuals.

56.     Any and all documents evidencing wire transfers to or from accounts of any Debtors that were circular in nature or unusually large in dollar amount.

57.     Any and all documents evidencing wire transfers to or from accounts of any Entities that were circular in nature or unusually large in dollar amount.

58.     Any and all documents evidencing wire transfers to or from accounts of any Individuals that were circular in nature or unusually large in dollar amount.

59.     Any and all documents evidencing Wells Fargo's policies and procedures applicable to wire transfers to or from accounts of any Debtors, Entities, or Individuals that were circular in nature or unusually large in dollar amount.

60.     Any and all documents evidencing wire transfers to or from accounts of any Debtors where the name of the recipient or transferor is not identified.

61.     Any and all documents evidencing wire transfers to or from accounts of any Entities where the name of the recipient or transferor is not identified.

62.     Any and all documents evidencing wire transfers to or from accounts of any Individuals where the name of the recipient or transferor is not identified.

63.     Any and all documents evidencing Wells Fargo's policies and procedures with respect to wire transfers to or from accounts of any Debtors, Entities, and/or Individuals where the name of the transferor or recipient is not identified.

64.     Any and all documents evidencing Wells Fargo's knowledge of the sources and uses of funds deposited into any accounts at Wells Fargo held in the name of or for the benefit of any of the Debtors.

65.     Any and all documents evidencing Wells Fargo's knowledge of the sources and uses of funds deposited into any accounts at Wells Fargo held in the name of or for the benefit of any of the Entities.

66.     Any and all documents evidencing Wells Fargo's knowledge of the sources and uses of funds deposited into any accounts at Wells Fargo held in the name of or for the benefit of any of the Individuals.

67.     Any and all documents evidencing Wells Fargo's knowledge of the business activities of any Debtors.

68.     Any and all documents evidencing Wells Fargo's knowledge of the business activities of any Entities.

69.     Any and all documents evidencing Wells Fargo's knowledge of the business activities of any Individuals.

70.     Any and all documents evidencing Wells Fargo's knowledge of any illegal activity by any Entities or any activity of any Entities considered by Wells Fargo to be suspicious.

71.     Any and all documents evidencing Wells Fargo's knowledge of any illegal activity by any Individuals or any activity of any Individuals considered by Wells Fargo to be suspicious.

72.     Any and all documents evidencing any concerns or problems that arose, including but not limited to regulatory or internal audit compliance concerns, with respect to any of the accounts of any Debtors at Wells Fargo or any activity or transactions therein, and the actions taken by Wells Fargo to remedy those concerns or problems.

73.     Any and all documents evidencing any concerns or problems that arose, including but not limited to regulatory or internal audit compliance concerns, with respect to any of the accounts of any Entities at Wells Fargo or any activity or transactions therein, and the actions taken by Wells Fargo to remedy those concerns or problems.

74.     Any and all documents evidencing any concerns or problems that arose, including but not limited to regulatory or internal audit compliance concerns, with respect to any of the accounts of any Individuals at Wells Fargo or any activity or transactions therein, and the actions taken by Wells Fargo to remedy those concerns or problems.

75.     Any and all documents evidencing overdrafts on accounts of any Debtors and actions taken by Wells Fargo with respect to such overdrafts.

76.     Any and all documents evidencing overdrafts on accounts of any Entities and actions taken by Wells Fargo with respect to such overdrafts.

77.     Any and all documents evidencing overdrafts on accounts of any Individuals and actions taken by Wells Fargo with respect to such overdrafts.

78.     Any and all documents evidencing Wells Fargo's policies and procedures applicable to overdrafts on any accounts held by Debtors, Entities, and/or Individuals.

79.     Any and all documents evidencing any participation by Wells Fargo in any loans extended by any Debtors to a third party.

80.    Any and all documents evidencing any participation by Wells Fargo in any loans extended by any Entities to a third party.

81.    Any and all documents evidencing any participation by Wells Fargo in any loans extended by any Individuals to a third party.

82.    Any and all documents evidencing any reports or filings made to any regulatory agency or group relating to any Debtors.

83.    Any and all documents evidencing any reports or filings made to any regulatory agency or group relating to any Entities.

84.    Any and all documents evidencing any reports or filings made to any regulatory agency or group relating to any Individuals.

85.    Any and all documents evidencing fees earned by Wells Fargo and its employees for the handling of the accounts of any Debtors and wire transfers to or from those accounts.

86.    Any and all documents evidencing fees earned by Wells Fargo and its employees for the handling of the accounts of any Entities and wire transfers to or from those accounts.

87.    Any and all documents evidencing fees earned by Wells Fargo and its employees for the handling of the accounts of any Individuals and wire transfers to or from those accounts.

88.    Any and all documents evidencing correspondence and communications between Wells Fargo and any attorneys for any of the Debtors, including but not limited

to Goold Patterson Ales & Day; Kummer Kaemper Bonner Renshaw & Ferrario; Santoro, Driggs, Walch, Kearney, Johnson & Thompson; and Bryan Cave LLP.

89.    Any and all documents evidencing correspondence and communications between Wells Fargo and any attorneys for any of the Entities, including but not limited to Goold Patterson Ales & Day; Kummer Kaemper Bonner Renshaw & Ferrario; Santoro, Driggs, Walch, Kearney, Johnson & Thompson; and Bryan Cave LLP.

90.    Any and all documents evidencing correspondence and communications between Wells Fargo and any attorneys for any of the Individuals, including but not limited to Goold Patterson Ales & Day, Chartered; Kummer Kaemper Bonner Renshaw & Ferrario, Ltd.; Santoro, Driggs, Walch, Kearney, Johnson & Thompson, Ltd.; and Bryan Cave LLP.

91.    Any and all documents evidencing any transactions, including wire transfers, between any of the Debtors and any of the Entities.

92.    Any and all documents evidencing any transactions, including wire transfers, between any of the Debtors and any of the Individuals.

93.    Any and all documents evidencing any transactions, including wire transfers, between any of the Entities and any of the Individuals.