1  Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
2  36 South State Street, Suite 1400
P.O. Box 45385
3  Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
4  Facsimile: (801) 532-7543
Email: ajarvis@rqn.com
5

6  Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
7  SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
8  Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
9  Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com
10

11 Attorneys for Debtors and Debtors-in-Possession

E-FILED on March 2, 2007

12              **UNITED STATES BANKRUPTCY COURT**

13                    **DISTRICT OF NEVADA**

| | |
|---|---|
| 14  In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>15                                               Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| 16  In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>17                                               Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| 18  In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>19                                               Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| 20  In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>21                                               Debtor. | |
| 22  In re:<br>USA SECURITIES, LLC,<br>23                                               Debtor. | **DEBTORS' OBJECTION TO APPLICATION FOR ATTORNEY FEES AND COSTS OF ROBERT C. LEPOME** |
| Affects:<br>24  ☒  All Debtors<br>☐  USA Commercial Mortgage Company<br>25  ☐  USA Securities, LLC<br>☐  USA Capital Realty Advisors, LLC<br>26  ☐  USA Capital Diversified Trust Deed Fund, LLC<br>☐  USA First Trust Deed Fund, LLC | **Date: March 15, 2007**<br>**Time: 9:30 a.m. PST** |

27

28

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

916070

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1   USA Commercial Mortgage Company, USA Capital Realty Advisors, LLC, USA Capital

2   Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC and USA Securities,

3   LLC (collectively the "Debtors") in the above captioned jointly administered cases, hereby object

4   to the Application for Attorney Fees and Costs (the "Application") filed by Robert C. LePome

5   ("LePome") [Docket No. 2816].  LePome seeks compensation from the bankruptcy estate for

6   services rendered in the amount of $173,512.50 and the reimbursement of costs in the amount of

7   $3,671.70 "based upon services rendered by [LePome] for several Direct Lenders…."

8   Application p. 2.  The only legal authority LePome cites in support of his Application is 11 U.S.C.

9   § 503(b)(4).  However, LePome does not qualify for reimbursement of its attorney fees and

10  expenses under the Bankruptcy Code.  For the reasons set forth below, the Court should deny the

11  Application.

12                                    **ARGUMENT**

13  **I.    LEPOME WAS NOT EMPLOYED UNDER 11 U.S.C. § 327 AND IS NOT
         ENTITLED TO COMPENSATION UNDER 11 U.S.C. §330**
14

15          The Bankruptcy Code allows for "a professional person employed under section 327 or

16  1103" to be awarded "reasonable compensation for actual, necessary services rendered…; and

17  reimbursement for actual, necessary expenses"  11 U.S.C. §330.  It is undisputed that LePome is

18  not entitled to compensation under Section 330 because LePome was never employed under

19  Section 327 or 1103.

20  **II.   LEPOME IS NOT ENTITLED TO AN ADMINISTRATIVE CLAIM UNDER 11
         U.S.C §503(b)(4)**
21

22          Unable to request fees under 11 U.S.C. §330, LePome turns to 11 U.S.C. §503(b)(4).

23  "Section 503(b)(4) provides administrative expense status for the cost of certain professional

24  services incurred by an entity whose expenses are allowable under section 503(b)(3)."  4 Collier

25  on Bankruptcy §503.11 (15th ed. 2006).  However, an "administrative expense priority is available

26  under section 503(b)(4) only to an entity whose expenses are allowable under section 503(b)(3)….

27  An entity cannot seek reimbursement of professional fees under section 503(b)(4) unless it has

28  previously qualified or concurrently qualifies for reimbursement of expenses under section

2

916070

1    503(b)(3)." Id. at §503.11[2]. Thus, attorney fees may be compensated only in if the services

2    were rendered by an attorney that represents one of the types of entities described in section

3    503(b)(3). See, e.g., In re Gurley, 235 B.R. 626, 635 (Bankr. W.D. Tenn. 1999) (explaining that

4    the "ability to recover attorney fees and expenses logically depends on whether the fees have been

5    incurred by an entity who falls into one of the categories established in section 503(b)(3)....");

6    Lebron v. Mechem Financial (In re Lebron), 27 F.3d 937, 943 (3d Cir. 1994) (stating that

7    "§503(b)(4) authorizes awards of legal and accounting fees only in the situations coming within

8    the scope of §503(b)(3)....").

9         LePome has made no showing, nor could he, that either he or any party he represents

10   qualified for an administrative expense claim under 11 U.S.C. §503(b)(3). Neither LePome nor

11   any of his clients have filed an involuntary petition (see §503(b)(3)(A)); recovered transferred or

12   concealed property for the benefit of the estate (see §503(b)(3)(B)); assisted in the prosecution of a

13   criminal offense relating to the Debtors (see §503(b)(3)(C)); made a substantial contribution to the

14   case (see §503(b)(3)(D)); is a custodian (see §503(b)(3)(E)); or is a member of an official

15   committee and incurred expenses in connection with that committee service (see §503(b)(e)(F)).

16   **III.    LEPOME HAS NOT MADE ANY SUBSTANTIAL CONTRIBUTION**

17        Although not clearly articulated in the Application, LePome alludes to a possible

18   substantial contribution claim as the basis for his Application. The Ninth Circuit

19        has stated that the principal test of substantial contribution is "the extent of benefit
20   to the estate." In re Christian Life Ctr., 821 F.2d at 1373; see also Pierson &
     Gaylen v. Creel & Atwood (In re Consol. Bancshares, Inc.), 785 F.2d 1249, 1253
21   (5th Cir. 1986) (reaffirming that "services which substantially contribute to a case
     are those which foster and enhance, rather than retard or interrupt the progress o[f]
22   reorganization").

23   Cellular 101, Inc. v. Channel Comm., Inc. (In re Cellular 101, Inc.), 377 F.3d 1092, 1096 (9th Cir.

24   2004). Therefore, in assessing whether there has been substantial contribution courts should look

25   to the benefit that was conferred upon the estate. However, LePome has made no showing that his

26   efforts have fostered or enhanced the reorganization process. Rather than a substantial

27   contribution to the case, the various positions taken by LePome for his clients in this case have

28   retarded and interrupted the reorganization process, and have resulted in the estates incurring

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

916070

1   substantial unnecessary costs that did not benefit the Debtors' estates in any way.

2   **IV.    LEPOME CANNOT REQUEST COMPENSATION ON ITS OWN BEHALF**

3          The Application states that "Robert C. LePome, Esq., ... moves the Court" to allow the

4   requested attorneys fees and costs under 11 U.S.C. § 503(b)(4).  Application, p. 2.  The

5   Application does not state that LePome's clients are seeking to be reimbursed for their expenses

6   and fees paid to LePome.  A "professional is entitled to look only to its client for payment and not

7   to the estate....  The right to compensation, therefore, belongs to the client and not to the

8   professional." 4 Collier on Bankruptcy §503.11[4] (15th ed. 2006).  LePome's clients have made

9   no request reimbursement under 11 U.S.C. §503(b), and would have no basis for doing so in any

10  event.  Therefore, the Application should be denied.

11                                   **CONCLUSION**

12         For the reasons discussed above, the Debtors respectfully request that the Court deny the

13  Application in its entirety.  LePome is not entitled under the Bankruptcy Code to reimbursement

14  of his expenses or compensation for his services rendered to his clients, and has in any case failed

15  to provide any substantial contribution to this case.  The Debtors further request that the Court

16  grant such other relief as is just and proper.

17         DATED this 2nd day of March, 2007.

18                                     /s/   Jeanette E. McPherson
                                       Lenard E. Schwartzer, Nevada Bar No. 0399
19                                     Jeanette E. McPherson, Nevada Bar No. 5423
                                       SCHWARTZER & MCPHERSON LAW FIRM
20                                     2850 South Jones Blvd., Suite 1
                                       Las Vegas, Nevada 89146
21

22                                     Annette W. Jarvis (Utah Bar No. 1649)
                                       RAY QUINNEY & NEBEKER P.C.
23                                     36 South State Street, 14th Floor
                                       P.O. Box 45385
24                                     Salt Lake City, Utah 84145-0385
                                       Email: ajarvis@rqn.com
25

26                                     *Attorneys for Debtors and Debtors-in-Possession*

27

28

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

916070

1

**CERTIFICATE OF SERVICE**

2

    1.   On March 2, 2007 I served the following document(s):

3

      a.    **DEBTORS' OBJECTION TO APPLICATION FOR ATTORNEY FEES AND COSTS OF ROBERT C. LEPOME**

4

5

    2.   I served the above-named document(s) by the following means to the persons as listed below:

6

☒    a.    **By ECF System**:

7

ROBERT C. LEPOME    rlepome@cox.net, smstanton@cox.net

8

☒    b.    **By United States mail, postage fully prepaid**:

9

10

Robert LePome, Esq.
330 S. Third Street, #1100B
Las Vegas, NV 89101

11

12

☐    c.    **By Personal Service**
        I personally delivered the document(s) to the persons at these addresses:

13

        ☐    For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

14

        ☐    For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

15

16

17

☐    d.    **By direct email (as opposed to through the ECF System)**
        Based upon the written agreement to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

18

19

20

☐    e.    **By fax transmission**
        Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

21

22

23

☐    f.    **By messenger**
        I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

24

25

**I declare under penalty of perjury that the foregoing is true and correct.**

26

Signed on:    March 2, 2007

27

LIA DORSEY                    */s/    LIA DORSEY*
(Name of Declarant)            (Signature of Declarant)

28

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

916070