Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

E-FILED on March 2, 2007

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **USA COMMERCIAL MORTGAGE COMPANY'S OBJECTION TO CLAIM NOS. 791, 793, AND 794 FILED BY THE PENSION BENEFIT GUARANTY CORPORATION** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | Date: April 26, 2007<br>Time: 9:30 a.m. |

USA Commercial Mortgage Company ("USACM"), by and through its counsel and pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007, hereby files its objection ("Objection") to the claims of the Pension Benefit Guaranty Corporation ("PBGC") filed against USACM, which have been designated as Claim No. 791, Claim, No. 793, and Claim No. 794 (collectively the "Claims"). In support of its Objection, USACM states as follows:

## I. JURISDICTION

1. Under 28 U.S.C. §§ 157(b)(2)(B) and 1334, this Court has jurisdiction to hear this Objection. The relief requested is available under 11 U.S.C. § 502.

## II. BACKGROUND

2. On April 13, 2006 (the "Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Nevada ("Court"). USA Capital First Trust Deed Fund, LLC ("FTDF"), USA Capital Diversified Trust Deed Fund, LLC ("Diversified") (and together with FTDF, the "Funds"), USA Capital Realty Advisors, LLC ("USA Realty"), and USA Securities LLC ("USA Securities") (collectively with USACM the "Debtors") also filed voluntary petitions under chapter 11 of the Bankruptcy Code the same day. All five of the Debtors' bankruptcy cases are being jointly administered [Docket No. 184].

3. On May 10, 2006, the Office of the United States Trustee filed notices indicating that the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company and the Official Committee of Holders of Executory Contract Rights Through USA Commercial Mortgage Company (collectively the "Committees") had been formed. No trustee or examiner has been appointed.

4. USACM and the other Debtors continue to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Post-petition management of the Debtors is under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who serves as the Chief Restructuring Officer.

5. USACM is a Nevada corporation organized as of February 28, 1989. The primary shareholders of USACM are Thomas A. Hantges, Joseph D. Milanowski and Paul S. Hamilton

(either in their own names or through trusts they control), who also managed USACM prior to the Petition Date.

6.  USACM was the "contributing sponsor," as that term is described in 29 U.S.C. §1301(a)(13), of the USA Commercial Mortgage Company Defined Benefit Pension Plan ("Pension Plan").

7.  There are approximately 30 former or current employees of USACM who are participants in the Pension Plan. Among the Pension Plan participants who have the largest stake in the Pension Plan are Thomas Hantges, Joseph Milanowski, Paul Hamilton, and Victoria Loob, who were pre-petition officers and/or owners of USACM, and certain other pre-petition employees of USACM against whom USACM may have claims for pre-petition wrongdoings.

8.  On October 20, 2006, the Court entered an order freezing the Pension Plan as of September 30, 2006 and approving the appointment of USACM as the successor trustee for the Pension Plan [Docket No. 1612].

9.  The PBGC filed the Claims on November 9, 2006. Claim No. 791 asserts a claim in an unliquidated amount for pension insurance premiums allegedly owed by USACM to the PBGC. Claim No. 793 seeks an estimated $1,068,233 for minimum funding contributions allegedly owed by USACM to the Pension Plan. Claim No. 794 seeks an estimated $884,389 for unfunded benefit liabilities allegedly owed to the PBGC in connection with the Pension Plan. PBGC filed the same three claims against each of the five Debtors, but has subsequently withdrawn its claims against FTDF and DTDF.

10. USACM and the PBGC entered into an Agreement for Appointment of Trustee and Termination of Plan, whereby the Pension Plan was terminated effective as of January 15, 2007, and the PBGC was appointed trustee of the Pension Plan.

### III.    APPLICABLE AUTHORITY

11. Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extent that the claim is "unenforceable against the debtor

1  . . . under any . . . applicable law for a reason other than because such claim is contingent or
2  unmatured." 11 U.S.C. § 502(b).

3  12. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

### IV.  OBJECTION TO THE PBGC'S CLAIMS

13. USACM objects to each of the Claims that the PBGC has asserted against it both to the estimated amounts it claims are owed and the extent to which the PBGC asserts that the Claims are entitled to priority status.

14. The amounts of the Claims are unsupported by any documentation but are believed to be based on actuarial assumptions that USACM disputes.

15. In addition, USACM contends that the amounts owed, if any, should be treated as general unsecured claims rather than priority claims to the extent such claims arose or relate to periods prior to the Petition Date.

16. Contrary to PBGC's assertions, any amounts owed by USACM in connection with the Pension Plan are not a "tax" entitled to priority under sections 503(b)(1)(B) or 507(a)(8) of the Bankruptcy Code, and PBGC has cited no legal authority holding that such amounts qualify as "taxes" under the Bankruptcy Code.

17. In addition, contrary to PBGC's assertions, no perfected lien entitled to priority has arisen under 29 U.S.C. § 1368(a). A lien entitled to priority under 29 U.S.C. § 1368(a) only comes into being after demand has been made for payment. PBGC made no demand for payment on the Pension Plan prior to the Petition Date, and a demand, if any, made after the Petition Date would violate the automatic stay and thus would be void and of no effect. *See, e.g., Schwartz v.*

*United States (In re Schwartz)*, 954 F.2d 569, 571-72 (9th Cir. 1992) (IRS post-petition tax assessment violated automatic stay and was void, not merely voidable).

18. Furthermore, any amounts that may be entitled to priority under section 507(a)(5) of the Bankruptcy Code would be capped pursuant to section 507(a)(5)(B).

19. Therefore, PBGC has not asserted an appropriate basis for granting priority status to the full amount of any of the Claims.

20. In any event, PBGC concedes in its Claims that the amounts asserted are merely estimates. Therefore, the actual allowable amount of the PBGC's general unsecured claim(s) against USACM, and the amount, if any, that is entitled to priority treatment under the Bankruptcy Code, will have to be determined as a contested matter by the Bankruptcy Court, or by agreement.

21. Further, the fact that USACM may have affirmative claims for wrongdoing against many of the largest participants in the Pension Plan provides a further basis for objecting to the Claims to the extent such Claims are an attempt to recover benefits on behalf of such participants.

22. USACM expressly reserves the right to raise any additional objections against the Claims or any other claims filed by the PBGC or any other claimant.

### V. CONCLUSION

23. USACM requests that the Court disallow the priority status of the Claims asserted by the PGBC, and also disallow the Claims as general unsecured claims, to the extent they exceed the amounts determined by the Court to be allowable under applicable law. USACM further requests that the Court grant such other and further relief as is just and proper.

DATED: March 2, 2007.

/s/ Lenard E. Schwartzer, Esq.
Lenard E. Schwartzer, NV Bar No. 0399
Jeanette E. McPherson, NVBar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146
and
Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385