Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

E-FILED on March 2, 2007

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                    Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>**USA SECURITIES, LLC'S OBJECTION TO CLAIM NOS. 24, 25, AND 26 FILED BY THE PENSION BENEFIT GUARANTY CORPORATION**<br><br>Date:   April 26, 2007<br>Time:  9:30 a.m. |
|---|---|
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                    Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                    Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                    Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>                                    Debtor. | |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☒ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | |

1

USA Securities, LLC ("USA Securities"), by and through its counsel and pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007, hereby files its objection ("Objection") to the claims of the Pension Benefit Guaranty Corporation ("PBGC") filed against USA Securities, which have been designated as Claim No. 24, Claim No. 25, and Claim No. 26 (collectively the "Claims"). In support of its Objection, USA Securities states as follows:

## I.     JURISDICTION

1. Under 28 U.S.C. §§ 157(b)(2)(B) and 1334, this Court has jurisdiction to hear this Objection. The relief requested is available under 11 U.S.C. § 502.

## II.     BACKGROUND

2. On April 13, 2006 (the "Petition Date"), USA Securities filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Nevada ("Court"). USA Commercial Mortgage Company ("USACM"), USA Capital First Trust Deed Fund, LLC ("FTDF"), USA Capital Diversified Trust Deed Fund, LLC ("Diversified") (and together with FTDF, the "Funds"), and USA Capital Realty Advisors, LLC ("USA Realty") (collectively, with USA Securities, the "Debtors") also filed voluntary petitions under chapter 11 of the Bankruptcy Code the same day. All five of the Debtors' bankruptcy cases are being jointly administered [Docket No. 184].

3. No trustee or examiner has been appointed and no committee has been formed in USA Securities' bankruptcy case. USA Securities is dormant and has conducted no business on or after the Petition Date.

4. USA Securities is a Nevada limited liability company organized as of March 3, 1999.

5. USA Securities did not at any time have any employees and was not required to contribute to a defined pension benefit plan.

6. USA Securities' only two members having ownership interests at all times relevant to this Objection were Joseph Milanowski and Paul Hamilton.

7. The PBGC filed the Claims on November 9, 2006. Claim No. 24 asserts a claim in an unliquidated amount for pension insurance premiums allegedly owed by USA Securities to the

PBGC. Claim No. 26 seeks an estimated $1,068,233 for minimum funding contributions allegedly owed by USA Securities to the Pension Plan, and Claim No. 25 seeks an estimated $884,389 for the unfunded benefit liabilities allegedly owed by USA Securities to the PBGC in connection with the Pension Plan. PBGC filed the same three claims against each of the five Debtors, but has subsequently withdrawn its claims against FTDF and DTDF.

8. USACM and the PBGC entered into an Agreement for Appointment of Trustee and Termination of Plan, whereby the Pension Plan was terminated effective as of January 15, 2007, and the PBGC was appointed trustee of the Pension Plan.

### III. APPLICABLE AUTHORITY

9. Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extent that the claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

10. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

### IV. OBJECTION TO THE PBGC'S CLAIMS

11. USA Securities objects to each of the Claims that the PBGC has asserted against it.

12. The PBGC asserts that USA Securities is liable under each of the Claims because it is either a "contributing sponsor" under 29 U.S.C. § 1301(a)(13) or a member of the contributing sponsor's "controlled group" under 29 U.S.C. § 1301(a)(14).

13. The "contributing sponsor" of a benefit plan is the employer responsible for making contributions to the benefit plan. *See* 26 U.S.C. § 412(c)(11)(A). USACM is the employer responsible for making contributions to the Pension Plan. USA Securities has no

employees and is not a "contributing sponsor" of the Pension Plan.

14. In defining "controlled group," 29 U.S.C. § 1301(a)(14) looks to section 1563(a) of title 26 of the United States Code (the "Internal Revenue Code"). Under the applicable provisions of section 1563(a), USA Securities would be a member of USACM's controlled group only if USA Securities was a member of a parent-subsidiary or brother-sister controlled group of the Pension Plan. Such controlled groups are based on common, concentrated ownership. The two individuals who owned USA Securities, Thomas Milanowski and Paul Hamilton, did not control the ownership of USACM, which is the sponsor of the Pension Plan; therefore, USA Securities is not a member of the "controlled group" as that term is defined in 29 U.S.C. § 1301(a)(14).

15. USA Securities never had any employees covered by the Pension Plan and is not liable for any obligations USACM may owe in connection with the Pension Plan.

16. Further, USA Securities objects to each of the Claims that the PBGC has asserted against it both to the estimated amounts it asserts are owed and the extent to which the PBGC asserts that the Claims are entitled to priority status.

17. The amounts of the Claims are unsupported by any documentation but are believed to be based on actuarial assumptions that USA Securities disputes.

18. In addition, USA Securities contends that the amounts owed, if any, should be treated as unsecured claims rather than as priority claims to the extent that such claims arose or relate to periods prior to the Petition Date.

19. Contrary to PBGC's assertions, amounts owed by USA Securities in connection with the Pension Plan, if any, are not a "tax" entitled to priority under sections 503(b)(1)(B) or 507(a)(8) of the Bankruptcy Code, and PBGC has cited no legal authority holding that such amounts qualify as "taxes" under the Bankruptcy Code.

20. Moreover, contrary to PBGC's assertions, no perfected lien entitled to priority has arisen under 29 U.S.C. § 1368(a). The lien entitled to priority under 29 U.S.C. § 1368(a) only comes into being after demand has been made for payment. PBGC made no demand for payment on the Pension Plan prior until after the Petition Date, and a demand, if any, made after the Petition Date that would violate the automatic stay and thus would be void and of no effect. *See,*

*e.g., Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571-72 (9th Cir. 1992) (IRS post-petition tax assessment violated automatic stay and was thus void, not merely voidable).

21. Furthermore, any amounts that may be entitled to priority under section 507(a)(5) of the Bankruptcy Code would be capped pursuant to section 507(a)(5)(B).

22. Therefore, PBGC has not asserted an appropriate basis for granting priority status to the full amount of any of the Claims.

23. In any event, PBGC concedes in its Claims that the amounts asserted are merely estimates. Therefore, to the extent the Claims are allowable at all, the actual allowable amount of the PBGC's general unsecured claims against USA Securities, and the amount, if any, that is entitled to priority treatment under the Bankruptcy Code, will have to be determined as a contested matter by the Bankruptcy Court, or by agreement of the parties.

24. USA Securities expressly reserves the right to raise any additional objections against the Claims or any other claims filed by the PBGC or any other claimant.

### V. CONCLUSION

USA Securities requests that the Court disallow the priority status of the Claims asserted by the PBGC, and also disallow the Claims in their entirety as general unsecured claims. USA Securities further requests that the Court grant such other and further relief as is just and proper

DATED: March 2, 2007

/s/ Lenard E. Schwartzer, Esq.
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

903799