**EXHIBIT A**

**I. DEFINITIONS**

As used herein, unless otherwise indicated:

1.          "Piercy Bowler" shall mean Piercy, Bowler, Taylor & Kern, PC, its predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, partners, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of Piercy Bowler, including any attorneys, advisors, or consultants.  Piercy Bowler shall specifically include each and every present and former department, division, office, agency or affiliate thereof.  These words or phrases include any successor or predecessor firms or corporations, including, but not limited to any parent corporations and holding companies with which Piercy Bowler is associated, any subsidiaries and/or other companies which are owned in whole or in part by Piercy Bowler whether foreign or domestic.  Finally, these words and phrases specifically include present and former officers, partners, directors, agents, employees, and any and all other persons, firms, or corporations acting or purporting to act on behalf of Piercy Bowler at the time of the act or occurrence in question.

2.          "Audit" means any audit or related services performed in conjunction with, or as part of, any Audit of financial statements, records, or systems performed by Piercy Bowler.

3.          "Audit Manuals" refers to those audit policy or audit practice or operating manuals and checklists used internally by accounting firms such as Piercy Bowler to provide standards for, and generally to guide and direct, the performance of audits by Piercy Bowler personnel.  Such Audit Manuals may be generated and/or updated by Piercy Bowler itself, or by outside vendors.  They may also be directed to general auditing policies and practices, as well as

to policies and practices applicable to more specialized auditing issues, e.g., to special aspects of auditing of investment services companies. The term "Audit Manuals," as used herein, encompasses both general and specialty Audit Manuals without regard for their authorship, so long as they otherwise fit within the general definition of "Audit Manuals" set forth above. The term "Audit Manuals," as used herein, encompasses any and all hard copy, computerized, magnetically or electronically stored, or other forms of such manuals.

4.      "Auditing Working Papers" has the same broad meaning it has in the American Institute of Certified Public Accountants Professional Standards volumes, and includes all of those documents, required by law, regulation, professional accounting standards organizations (*e.g.*, FASB, AICPA), or an accounting firm's (*e.g.*, Piercy Bowler's) own Audit Manuals to be among the papers an auditor prepares, collects and maintains as a record, by the auditors, of the procedures applied, the tests performed, the information obtained, and the pertinent conclusions reached in the course of the auditing engagement to which the Auditing Working Papers relate.

5.      "Communication" means any transmittal of information, of any kind, without regard to whether such information was transmitted orally, in writing, electronically, visually, or by any other means.

6.      "Debtors" shall mean USA Commercial Mortgage Company, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC, USA Securities, LLC, and their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of any of the Debtors, including any attorneys, advisors, or consultants.

7.       "Document" means all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements, records of inventory, financial and/or accounting records, catalogues, trade journals, and any other documented or recorded information.   The term "document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method.   The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

8.       "Entity" or "Entities" shall mean the following entities, their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of any of the Entities, including any attorneys, advisors, or consultants:

- Abogo Marketing, LLC
- A. L. LLC

- Amblamo, LLC
- Ashby USA, LLC
- ASQ, Inc.
- Aware TM 30850, LLC
- Barone-Tanamera Condominiums, LLC
- Barusa, LLC
- B&L Investments, Inc.
- Bellavista Partners Limited Partnership
- Blue Vale, LLC
- Brentwood 128, LLC
- Cabernet Highlands, LLC
- California Desert, LLC
- Campo Land Investment, LLC
- Caughlin Club Management Partners, LLC
- Caughlin Club Real Property Investors, LLC
- CCRE Investors, LLC
- Chardonnay Village Investors, LLC
- Classic Residences, LLC
- Clemency, LLC
- Commercial Concepts, LLC
- Comstock Village Investors, LLC
- Conference Pros, LLC
- Cornman Toltec 160, LLC
- DDH Financial Corp.
- Diamond Village Investors, LLC
- Dirt Holdings, LLC
- Double Diamond Homes, LLC
- Double Diamond Management Company, LLC
- Eagle Ranch, LLC
- Eagle Ranch, LLC
- Eagle Ranch Development, LLC
- Eagle Ranch Residential, LLC
- Electro Optical Systems Corp.
- Emigh Investments, LLC
- Equus Management Group
- Foothill Commerce Center, LLC
- FWY 101 USA Investors, LLC
- Hamilton & Montoure, LLC
- The Hantges Children's Educational Trust
- Happy Valley, LLC
- Haspinov, LLC
- HBM Holdings, LLC
- HBM Inc.
- HMA Management, LLC
- HMA Sales, LLC
- Homewood Village Investors I, LLC
- Housing Partners, LLC

- Indian Wells California Partners, LLC
- Institutional Equity Partners, LLC
- Institutional Income Fund
- Intelligent E-Mail, Inc.
- JaDeM Investments, LLC
- Joseph D. Milanowski 1998 Trust
- Kburr Brokerage Company, LLC
- Kegan, LLC
- Kenya 98, LLC
- La Hacienda Land Investors
- Longley Town Centre, LLC
- Longley Professional Campus, LLC
- Lucid Land Development, LLC
- Lucius Blanchard Family Foundation
- Market Consultants Limited Partnership
- The Meadows Investors, LLC
- Medical Billing Alliance, Inc.
- Met Partners, LLC
- Miners Village Investors, LLC
- M.M.P.LE., LLC
- Mojave Advertising, LLC
- Monticello Investors, LLC
- Mountainview Campus Investors, LLC
- M.P.D.D. Ranch, LLC
- M.P. Tanamera, LLC
- Nellis Crossing Management, LLC
- Nevada Skin and Cancer, Lucius Blanchard, M.D. Chartered
- Nevada Technology Networks, LLC
- Opaque Land Development, LLC
- Palmdale Associates, LLC
- Palomino Partners, a Nevada Limited Partnership
- Paul Steven Hamilton Family Limited Partnership
- PBH Family, L.P.
- Perusa, LLC
- Pecos Professional Park Limited Partnership
- Pecos Professional Park Property Owners Association
- PES, L.L.C.
- Pioneer Village Investors, LLC
- Placer County Land Investors, LLC
  (formerly Placer County Land Speculators, LLC)
- Random Developments, LLC
- Robert V. Jones, Corp.
- Preserve at Galleria, LLC
- Ravenswood Apple Valley, LLC
- Red Granite, LLC
- Redundant Networks, Inc.
- Reno Corporate Center, LLC

- Reno Design Center, LLC
- Reno South Meadows, LLC
- Resort International Marketing Inc.
- Resort Magic, LLC
- Resort Management Solutions, LLC
- Rowe Family Trust
- Royal Center Associates, LLC
- Royal Hotel Corporation
- Royal Resort Enterprises, LLC
- Royal Resort Operating Company, LLC
- Royal Resort Vacation Owners Association, Inc.
- Royal Vacation Suites, Inc.
- RTTC Communications, LLC
- Sandhill Business Campus, LLC
- Sandhill Properties, LLC
- Shadow Glen 420, Inc.
- Shadroc, LLC
- Shoshone Cattle and Land Development Co.
- Sierra Vista Investors, LLC
- Signature/USA Partners Limited Partnership
- Soda Flats Land Company, LLC
- South Meadows Apartments, LLC
- South Meadows Commercial Property, LLC
- South Meadows Office Investors, LLC
- South Meadows Residential Partners, LLC
- Southern California Land Development, LLC
- Sparks Galleria Investors, LLC
- Sparks Galleria Investors, LLC
- Sparks Galleria Investors II, LLC
- Sugartree, LLC
- TA Management, LLC
- Tanamera Apartments, LLC
- Tanamera Commercial Development, LLC
- Tanamera Corporate Center, LLC
- Tanamera Development, LLC
- Tanamera Homes, LLC
- Tanamera Holding Company, Inc.
- Tanamera Management, LLC
- Tanamera Residential, LLC
- Tanamera Resort Condominiums, LLC
- Tanamera Resort Partners, LLC
- Tanamera Seniors Village, LLC
- TCD Financial Corp.
- TCD Land Investments
- Telephone Associates of Arizona Limited Liability Company
- Telephone Associates of Nevada Limited Liability Company
- Thunderbird Hotel Corporation

- Tigger Too
- TJA Marketing, LLC
- Toblak, LLC
- Trading Places International, Inc.
- Trans-Aero Land & Development Company
- Tree Moss Partners, LLC
- Twelve Horses North America, Inc.
- Twelve Horses North America, LLC
- USA Capital Diversified Trust Deed Fund
- USA Capital First Trust Deed Fund
- USA Capital Fund I, LLC
- USA Capital Fund II, LLC
- USA Capital Fund III, LLC
- USA Capital High Income Real Estate Lending Fund, LLC
- USA Capital Institutional High Income Fund, LLC
- USA Capital Mortgage, LLC
- USA Capital Realty Advisors, LLC
- USA Capital Secured Income Fund, LLC
- USA Capital Specialty Finance, LLC
- USA Commercial Mortgage Company
- USA Commercial Real Estate Group
- USA Development, Inc.
- USA Development Fund Two Limited Partnership
- USA Investment Partners, LLC
- USA Investors I, LLC
- USA Investors II, LLC
- USA Investors III, LLC
- USA Investors IV, LLC
- USA Investors V, LLC
- USA Investors VI, LLC
- USA Lottery Investors, LLC
- USA Partners, Inc.
- USA Reno Mini-Storage, LLC
- USA Secured Income Fund, LLC
- USA Securities, LLC
- USA South Tech Partners, Ltd.
- USA/RVJ Development Fund One Limited Partnership
- Vaudio, LLC
- Vegas Hot Spots, LLC
- Vineyard Highlands
- The Vineyard Investors, LLC
- Vineyard Professional Campus, LLC
- Waterford Partners, LLC
- Willowbrook Residential, LLC
- Wyndgate Partners II, LLC
- Wyndgate Investors, LLC

9.      "Evidencing" means constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

10.      "Identify" or "identity" with respect to a natural person requires that the following information be provided for each such person:

(a)      the name of the person;

(b)      the last known home address, business address and/or telephone number of each person.

11.      "Identify" or "identity" with respect to a person other than a natural person (e.g., corporation, partnership, unincorporated joint venture, sole proprietorship, subchapter S corporation) requires that the following information be provided for each such person:

(a)      the name of the person;

(b)      the last known address and telephone number of that person's headquarters or principal place of business.

12.      "Identify" or "identity" with respect to a document means to state the date and author of the document, the type of document (e.g., letter, memorandum, telegram, chart), the addressee or intended recipient, a summary of its contents or other means of identifying the document, and the present location and custodian of the document.  Alternatively, in lieu of the foregoing identification, the document may be produced along with an identification of the interrogatory to which it is responsive.  If any such document was, but is no longer, in the possession, custody, or control of Piercy Bowler or Piercy Bowler's attorneys or agents, state what disposition was made of it and the date of such disposition.  With respect to document identification, documents prepared subsequent to or prior to the time period specified in these

interrogatories but which relate or refer to such time or period are to be included in your response.

13. "Identify" or "identity" with respect to a communication, written or oral conversation, conference or meeting, means to identify all persons participating in or in attendance at the communication, conversation, conference or meeting, and to identify all documents recording, summarizing or otherwise arising from the communication, conversation, conference or meeting in accordance with the definitions stated above. In addition, "identify" or "identity" with respect to a communication, conversation, conference or meeting means to state in detail its purpose, all subjects discussed, the method(s) of communication.

14. "Individual" or "Individuals" shall mean the following individuals:

- David M. Berkowitz
- Lucius Blanchard
- Eugene Buckley
- David Fog
- Paul Hamilton
- Andrew Hantges
- Thomas Hantges
- Rob Hilson
- R.J. Jackson
- Robert V. Jones
- Victoria (Hessling) Loob
- Bob McFarlin
- Cynthia Milanowski
- Joseph Milanowski
- Salvatore Reale
- Thomas Rondeau
- Kreg D. Rowe
- Bob Russell
- Jeanne Russo
- Michael Scofield
- Brett Seabert
- Tracy Settles
- Robert "Bobby" Tomljenovich
- Al Whalen

15.     "Person" means an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity. "Person" means the plural as well as the singular.

16.     "Relating or referring" and/or "relate or refer" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

17.     "You" or "your" refers to Piercy Bowler (as defined above) and its employees, officers, agents, subsidiaries, affiliates and all other persons acting, understood to act, or purporting to act on its behalf or under its direction or control.

## II.  INSTRUCTIONS

1.     The following document requests are to be responded to fully, by furnishing all information in your possession, custody or control.  Your having possession, custody, or control of a document includes your having a right, superior to other parties, to compel the production of such document from a third party, such as your agent, employee, representative, or, unless privileged, attorney.

2.     If any document requested herein has been lost, discarded, or destroyed, the document so lost, discarded or destroyed should be identified as completely as possible, including without limitation, the date the document was lost, discarded, or destroyed, the manner in which the document was lost, discarded, or destroyed, the reason(s) the document was lost,

discarded, or destroyed, the person who authorized that the document be destroyed or discarded, and the person who lost, discarded, or destroyed the document.

3.      If you cannot produce a document because it no longer exists or is no longer in your possession, custody, or control, please identify that document by:  (a) its title; (b) its nature (for example, a "letter" or "e-mail"); (c) the date it was created or sent; (d) its author(s) and signator(y/ies); (e) any of its recipient(s); (f) the last place it was known to have been located; (g) the circumstances under which it ceased to exist or passed from your possession, custody, or control; and (h) the identity and last known residence and business address of any person who had knowledge of its existence and location.

4.      Produce the original, as well as all non-identical duplicates or copies and/or drafts, of all requested documents in your possession, in the possession of your agents, attorneys, accountants or employees, or which are otherwise within your custody, control, or access, wherever located.  A document with handwritten notes, editing marks, etc., is not identical to one without such notes or marks and therefore must be produced if within the scope of documents requested.

5.      Produce each requested document in its entirety, including all attachments and enclosures, even if only a portion of the document is responsive to the request.

6.      If you withhold from production any document (or portion of any document) that is otherwise responsive to a request on the basis of a claim of privilege, work product, or other ground, you must provide sufficient information regarding the withheld document to permit the Court and the parties to evaluate the propriety of your objection.  Specifically, you must identify: (a) the name and title of the author(s) of the document; (b) the name and title of each person to whom the document was addressed; (c) the name and title of each person to whom the document

was distributed; (d) the name and title of each person to whom the document was disclosed, in whole or in part; (e) the type of document (e.g., "memorandum" or "report"); (f) the subject matter of the document; (g) the purpose(s) of the document; (g) the date on the document and, if different, the date on which the document was created and/or sent; (h) the number of pages of the document; (i) the specific request herein to which the document is responsive; (j) the nature of the privilege(s) asserted as to the document; and (k) a detailed, specific explanation as to why the document is privileged or otherwise immune from discovery, including a presentation of all factual grounds and legal analyses.

7.      If any requested document cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

8.      Please produce each specified document either (a) in the original file or organizational system in which it is regularly maintained or organized or (b) designate which documents are being produced in response to which of the numbered specifications below. Produce the requested documents either in their original file folders or appended to a copy of any writing on the file folders from which the documents are taken.

9.      Identify each document produced by the paragraph number of this schedule to which it is responsive.  If a document is produced in response to more than one request, it is sufficient to identify only the first request to which the document is responsive.

10.     All electronically stored information must be produced in the same form or forms in which it is ordinarily maintained.  Specifically, all electronically stored information must be produced in its native format, so that the metadata can be accessed.

11.     Unless otherwise specified, the relevant time period for this request is from January 1, 1997 through and including the present.

12.    This request is a continuing one that calls for the supplemental or additional production of documents if any defendant or its counsel obtains supplemental or additional documents.

13.    In responding to the requests below: (a) the disjunctive shall also be read to include the conjunctive and vice versa; (b) "including" shall be read to mean "including without limitation;" (c) the singular shall also be read to include the plural and vice versa; (d) the present shall also be read as if the past tense and vice versa; (e) "any" shall be read to include "all" and vice versa; and (f) "and" shall be read to include "or" and vice versa.

### III.  DOCUMENTS

YOU ARE REQUESTED to produce the documents set forth below:

1.    All engagement letters and other documents referring or relating to any engagement letters between you and any of the Entities.

2.    All engagement letters and other documents referring or relating to any engagement letters between you and any of the Debtors.

3.    All engagement letters and other documents referring or relating to any engagement letters between you and any of the Individuals.

4.    All documents and communications referring or relating to any services or work performed by you for any of the Entities during the calendar years 1997 through 2006, including, but not limited to:

        a.    all legal representation letters;

        b.    all management representation letters;

        c.    all going concern letters;

d.     all trial balances / consolidating documents / consolidating adjustments (reconciliations);

e.     all e-mails and/or other internal communications between employees of Piercy Bowler referring or relating to all work performed for any of the Entities;

h.     all e-mails and/or other communications between employees of Piercy Bowler and/or anyone else referring or relating to any work performed for any of the Entities;

i.     all Audit file covers (or equivalent indexing system) for each year's work;

j.     all documents contained in any client service files;

k.     all documents contained in the permanent file;

l.     all documents contained in any comment files;

m.     all documents contained in any general/special files;

n.     all documents contained in any reporting files;

o.     all documents contained in any internal, confidential, or "C.Y.A." files that are not otherwise included within any client service, permanent, comment, or reporting files;

p.     all documents contained in any individual or separate partners' correspondence files referring or relating to any of the Entities;

q.     all documents contained in any files referring or relating to any non-Audit services performed for any of the Entities;

r.     all time and billing records for any services performed for any of the Entities.

5.      All documents and communications referring or relating to any services or work performed by you for any of the Debtors during the calendar years 1997 through 2006, including, but not limited to:

        a.      all legal representation letters;

        b.      all management representation letters;

        c.      all going concern letters;

        d.      all trial balances / consolidating documents / consolidating adjustments (reconciliations);

        e.      all e-mails and/or other internal communications between employees of Piercy Bowler referring or relating to all work performed for any of the Debtors;

        h.      all e-mails and/or other communications between employees of Piercy Bowler and/or anyone else referring or relating to any work performed for any of the Debtors;

        i.      all Audit file covers (or equivalent indexing system) for each year's work;

        j.      all documents contained in any client service files;

        k.      all documents contained in the permanent file;

        l.      all documents contained in any comment files;

        m.      all documents contained in any general/special files;

        n.      all documents contained in any reporting files;

        o.      all documents contained in any internal, confidential, or "C.Y.A." files that are not otherwise included within any client service, permanent, comment, or reporting files;

p.    all documents contained in any individual or separate partners' correspondence files referring or relating to any of the Debtors;

q.    all documents contained in any files referring or relating to any non-Audit services performed for any of the Debtors;

r.    all time and billing records for any services performed for any of the Debtors.

6.    All documents and communications referring or relating to any Audit plans, including planned procedures, time and dollar budgets, and personnel assigned, that were prepared in connection with any Audit services or work performed by you for any of the Entities.

7.    All documents and communications referring or relating to any Audit plans, including planned procedures, time and dollar budgets, and personnel assigned, that were prepared in connection with any Audit services or work performed by you for any of the Debtors.

8.    All documents and communications referring or relating to the Audit risk or general risk assessment for any of the Entities.

9.    All documents and communications referring or relating to the Audit risk or general risk assessment for any of the Debtors.

10.    All Auditing Working Papers and other documents referring or relating to your attestation of balance sheet asset, liability and equity accounts for any of the Entities.

11.    All Auditing Working Papers and other documents referring or relating to your attestation of balance sheet asset, liability and equity accounts for any of the Debtors.

12.    All Auditing Working Papers and other documents referring or relating to your attestation of significant revenue and expense accounts for any of the Entities.

- 16 -

13.     All Auditing Working Papers and other documents referring or relating to your attestation of significant revenue and expense accounts for any of the Debtors.

14.     All Auditing Working Papers and other documents referring or relating to all general ledger trial balance adjustments for any of the Entities.

15.     All Auditing Working Papers and other documents referring or relating to all general ledger trial balance adjustments for any of the Debtors.

16.     All Auditing Working Papers and other documents referring or relating to general ledger financial statement groupings that reconcile to final financial statement presentations for any of the Entities.

17.     All Auditing Working Papers and other documents referring or relating to general ledger financial statement groupings that reconcile to final financial statement presentations for any of the Debtors.

18.     All Auditing Working Papers and other documents referring or relating to your assessment or testing of the internal control environment or procedures for any of the Entities.

19.     All Auditing Working Papers and other documents referring or relating to your assessment or testing of the internal control environment or procedures for any of the Debtors.

20.     All Auditing Working Papers and other documents referring or relating to any related party transaction involving any of the Entities.

21.     All Auditing Working Papers and other documents referring or relating to any related party transaction involving any of the Debtors.

22.     All Auditing Working Papers and other documents referring or relating to any related party transaction involving any of the Individuals.

23.    All Auditing Working Papers and other documents referring or relating to your assessment of any of the Entities as a going concern.

24.    All Auditing Working Papers and other documents referring or relating to your assessment of any of the Debtors as a going concern.

25.    All procedural manuals, including but not limited to Audit manuals and tax manuals, utilized in whole or in part on any engagement between you and any of the Entities.

26.    All procedural manuals, including but not limited to Audit manuals and tax manuals, utilized in whole or in part on any engagement between you and any of the Debtors.

27.    All Auditing Working Papers and other documents referring or relating to any tax-related services, including but not limited to the preparation of tax returns, for any of the Entities.

28.    All Auditing Working Papers and other documents referring or relating to any tax-related services, including but not limited to the preparation of tax returns, for any of the Debtors.

29.    All documents referring or relating any communications between you and any of the Entities.

30.    All documents referring or relating any communications between you and any of the Debtors.

31.    All documents referring or relating to any communications between you and any of the Individuals.

32.    All documents and communications referring or relating to any timekeeping or billing records related to any services or work performed by you for any of the Entities.

33.    All documents and communications referring or relating to any timekeeping or billing records related to any services or work performed by you for any of the Debtors.

34.    All personnel files, including any and all performance reviews, for your partners, managers, and staff who performed any services or work for any of the Entities.

35.    All personnel files, including any and all performance reviews, for your partners, managers, and staff who performed any services or work for any of the Debtors

36.    All calendars, diaries, notes, and desk files of your partners, managers, and staff who performed any services or work for any of the Entities.

37.    All calendars, diaries, notes, and desk files of your partners, managers, and staff who performed any services or work for any of the Debtors.

38.    All of your document retention policies (or any other document setting forth guidelines for the retention, disposal, or destruction of documents) from 1997 through the present time.

39.    All documents and communications referring or relating to the assessment of actual or potential fraud, illegal acts, or non-compliance with laws or regulations on the part of any of the Entities, Debtors, or Individuals.

40.    All documents and communications evidencing the identification and status of all present and former employees responsible for handling the tax, Audit, or any other engagement for any of the Entities.

41.    All documents and communications evidencing the identification and status of all present and former employees responsible for handling the tax, Audit, or any other engagement for any of the Debtors.

42.     All documents and communications evidencing limitations and waivers of limitations with respect to any service provided to any of the Entities.

43.     All documents and communications evidencing limitations and waivers of limitations with respect to any service provided to any of the Debtors.

44.     All documents and communications referring or relating to confirmation control documentation obtained by Piercy Bowler during its Audits of any Entities, including, but not limited to: documents showing all confirmations sent and received by Piercy Bowler to any third parties, copies of the corresponding confirmations received, and copies of any documentation regarding any alternative procedures performed on confirmations that were not received.

45.     All documents and communications referring or relating to confirmation control documentation obtained by Piercy Bowler during its Audits of any Debtors, including, but not limited to: documents showing all confirmations sent and received by Piercy Bowler to any third parties, copies of the corresponding confirmations received, and copies of any documentation regarding any alternative procedures performed on confirmations that were not received.

46.     All documents and communications referring or relating to any agreement, proposed agreement, understanding, or memorialization related to indemnification by, from, or to Piercy Bowler to, from, or by any of the Entities.

47.     All documents and communications referring or relating to any agreement, proposed agreement, understanding, or memorialization related to indemnification by, from, or to Piercy Bowler to, from, or by any of the Debtors.

48.     All documents and communications referring or relating to any fees paid to Piercy Bowler for work or services provided to any of the Entities.

49.    All documents and communications referring or relating to any fees paid to Piercy Bowler for work or services provided to any of the Debtors.

50.    All documents and communications referring or relating to any fees paid to Piercy Bowler for work or services provided to any of the Individuals.

51.    All of your insurance policies, including but not limited to primary, excess, umbrella, errors and omissions or other policies, in effect for the time period between January 1, 1997 through the present.