**LEWIS AND ROCA LLP**
**LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for Official Committee of Unsecured Creditors

E-Filed on March 5, 2007

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>**USA Commercial Mortgage Company**<br>   **06-10725 – Lead Case**<br><br>**USA Capital Realty Advisors, LLC**<br>   **06-10726**<br><br>**USA Capital Diversified Trust Deed Fund, LLC**<br>   **06-10727**<br><br>**USA Capital First Trust Deed Fund, LLC**<br>   **06-10728**<br><br>**USA Securities, LLC**<br>   **06-10729**<br>                                                **Debtors.** | Jointly Administered<br><br>Chapter 11 Cases<br><br>Judge Linda B. Riegle Presiding<br><br>**Affecting:**<br>☐ All Cases<br>**or Only:**<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC<br><br>Date:  March 15, 2007<br>Time:  9:30 a.m. |

**OBJECTION TO ROBERT C. LePOME'S APPLICATION OF ATTORNEYS FEES AND COSTS AND JOINS IN DEBTORS' OBJECTION TO APPLICATION FOR ATTORNEY FEES AND COSTS OF ROBERT C. LePOME**

The Official Unsecured Creditors Committee for USA Commercial Mortgage Company ("Unsecured Committee") objects to the Application for Attorneys Fees and Costs (the "Application") filed by Robert C. LePome [DE 2816] and joins in Debtors' Objection to Application for Attorney Fees and Costs of Robert C LePome [DE 2974]. Mr. LePome's Application seeks reimbursement from the USACM estate for his fees in the amount of $173,512.50 and costs in the amount of $3,671.70. The Application relies

215693.1

LEWIS AND ROCA LLP LAWYERS

on 11 U.S.C. § 503(b)(4), which allows compensation to be paid for "professional services rendered by an attorney or an accountant" of an entity whose expenses are allowable under subparagraph (A), (B), (C), (D), or (E) of § 503(b)(3). Although Mr. LePome never explains which subparagraph of § 503(b)(3) applies to his Application, the only one that could conceivably apply is (D) – i.e., a creditor[1] has made a "substantial contribution in a case under chapter 9 or 11 of this title."

Mr. LePome's Application should be denied for two reasons. First, he is not a creditor of the estate, as required by § 503(b)(3). Second, his efforts on behalf of the "several Direct Lenders" he represented may have benefited his clients, but he does not and cannot explain how his efforts on behalf of his clients – or the efforts of his clients themselves – made a substantial contribution in the USACM case.

This Objection is supported by the following Memorandum of Points and Authorities and the record before this Court.

### MEMORANDUM OF POINTS AND AUTHORITIES

#### Background

Mr. LePome's Application states that he has represented "several Direct Lenders" from the commencement of this case. The Application provides a cursory review of the tasks he performed for the several Direct Lenders, followed by a "cut and paste" of his time entries:

- o   Communication with Clients, Review of Docket Filings – Mr. LePome says that this task was necessary "so that Direct Lenders' interests could be preserved and protected" (Application at 3). It also says that Mr. LePome "represented and fought for many Direct Lenders" in the early stages of the

---

[1] Note that the focus is on whether a creditor made a substantial contribution under § 503(b)(3). If it has, it can then seek compensation for its attorneys fees and costs under § 503(b)(4). As explained below, it is inappropriate for an attorney of "a creditor" to bring a § 503(b)(3) application on his own behalf.

LEWIS AND ROCA LLP
LAWYERS

case and that he continued to monitor the case "at the request of his clients, the Direct Lenders" (*id.*).

- o Preparation of Proofs of Claim – Mr. LePome prepared proofs of claim "in order to adequately represent the Direct Lenders herein. Proof of Claims were prepared and filed for all Direct Lenders represented by attorney herein for the deficiency claim amounts" (*id.* at 9).

- o Prepare for and attend First Meeting of Creditors – Mr. LePome simply states: "Bankruptcy Law requires that there be a Meeting of Creditors and Direct Lenders were represented at the Meeting of Creditors" (*id*).

- o File Motions, Oppositions and obtain a fair Plan Confirmation – In his description of this task, Mr. LePome explains: "It was necessary to review and act on all pleadings filed up and until a Plan was confirmed to protect the interest of the Direct Lenders" (*id.* at 10).

- o Adversary Proceedings – Mr. LePome states that he represented Direct Lenders in an "Interpleader Action" (*id.* at 12). More specifically, he negotiated settlements or, alternatively, filed an "Answer and Cross-Claim to effect a settlement" (*id*).

- o Reimbursement for Out of Pocket Costs – Finally, Mr. LePome seeks reimbursement for his out-of-pocket costs, which he says were "necessarily incurred in this bankruptcy including copy costs, postage and filing fees" (*id.* at 14).

The Application is devoid of any evidence that Mr. LePome is a creditor of the estate. In addition, there is no evidence that the "several Direct Lenders" Mr. LePome represented made a substantial contribution to this case. Finally, there is no evidence that Mr. LePome's actions on behalf of the "several Direct Lenders" made a substantial

215693.1

contribution to the USACM case. To the contrary, Mr. LePome's Application shows that all tasks were performed solely for the benefit of his clients.

## Applicable Law

The Ninth Circuit recently said this about § 503(b): "[T]wo things are required to recover on a § 503(b) administrative claim. First, the claimant must be a creditor of the estate. Second, the creditor must have made a 'substantial contribution' to the bankruptcy plan."[2]

Mr. LePome fails the first test because he is not a creditor of the estate. For this reason alone, his Application should be denied.

Assuming Mr. LePome is considered a creditor of the estate or that this Application is being brought by creditors of the estate, the Application fails the second test because there is no evidence that either Mr. LePome or the "several Direct Lenders" he represented made a "substantial contribution" to this case. Sections 503(b)(3)(D) and (b)(4) provide that:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including –
>
> . . . .
>
> (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by –
>
> . . . .
>
> (D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11;
>
> . . . .

---

[2] *In re Cellular 101*, 377 F.3d 1092, 1096 (9th Cir. 2004).

215693.1

(4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under subparagraph (A), (B), (C), (D), or (E) of paragraph 3 of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant[.]

The purpose of granting administrative expenses priority is to facilitate the efforts of the debtor and trustee in rehabilitating the business for the benefit of all the creditors.[3] It is not to create a broad category of administrative expenses and to "saddle" debtors with special post-petition obligations or give preferential treatment to certain creditors.[4] Courts narrowly construe § 503.[5] The burden lies with the creditor to establish entitlement to an administrative expense claim by a preponderance of the evidence.[6]

The test under § 503 is whether the "several Direct Lenders" "substantially contributed" to the administration of the estate.[7] Compensation is not freely given to all creditors who merely participated in the proceedings, but is reserved for those situations in which the creditor's involvement truly enhanced the administration of the estate.[8] The creditor's involvement must have constituted extraordinary action that led directly to a tangible benefit for the estate.[9] The benefit received by the estate must be more than an

---

[3] *Trustees of Amalgamated Ins. Fund v. McFarlin's*, 789 F.2d 98, 101 (2d Cir. 1986).

[4] *In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 891, 897 (Bankr. E.D. Pa. 1987).

[5] *In re Hanna*, 168 B.R. 386, 388 (B.A.P. 9th Cir. 1994).

[6] *See In re Hemingway Transport, Inc.*, 954 F.2d 1, 5 (1st Cir. 1998); *In re Lister*, 846 F.2d 55, 57 (10th Cir. 1988); *In re 9085 East Mineral Office Bldg., Ltd.*, 119 B.R. 246, 249 (Bankr. D. Colo. 1990); *In re U.S. Lines, Inc.*, 103 B.R. 427, 429 (Bankr. S.D.N.Y. 1989).

[7] *See Cellular 101*, 377 F.3d at 1096 ("The court has stated that the principal test of substantial contribution is 'the extent of the benefit to the estate.'") (quoting *Christian Life Center Litigation Defense Committee v. Silva (In re Christian Life Center)*, 821 F.2d 1370, 1373 (9th Cir. 1987)).

[8] *See Lebron v. Mechem Financial, Inc.*, 27 F.2d 937, 944 (3d Cir. 1994) (creditor's actions resulted in demonstrable benefit to estate and creditors); *In re Lister*, 846 F.2d at 57.

[9] *See Christian Life Center*, 821 F.2d at 1373; *In re Alumni Hotel Corp.*, 203 B.R. 624 (Bankr. E.D. Mich. 1996); *In re Best Products Co.*, 173 B.R. 862 (Bankr. S.D.N.Y. 1994).

incidental one arising from the creditor's activities.[10] The creditor's actions must also not retard or interrupt the progress of reorganization.[11]

Here, Mr. LePome seeks to recover for fees and costs incurred during his representation of "several Direct Lenders" during this case. While his task descriptions may show that his representation benefited those Direct Lenders, there is no evidence, much less a preponderance of evidence, that Mr. LePome's services bestowed a substantial contribution to this case or on the estate at all. More importantly, the Application – which should have been brought by his Direct Lender clients in the first place – does not show that they made any substantial contribution to the case, as required by § 503(b)(3). Thus, his Application must be denied.

### Conclusion

Mr. LePome is not a creditor of the estate. In addition, he has not shown how he or the clients he presented made a substantial contribution to this case. Therefore, his Application should be denied.

Dated March 5, 2007.

**LEWIS AND ROCA LLP**

By /s/ RC (#006593)
Susan M. Freeman, AZ 4199 (pro hac vice)
Rob Charles, NV 6593
Attorneys for Official Unsecured Creditors' Committee
for USA Commercial Mortgage Company

---

[10] *Lebron*, 27 F.3d at 944; *In re D.W.G.K. Restaurant, Inc.*, 84 B.R. 684 (Bankr. S.D. Cal. 1988).

[11] *Id.*

215693.1