**Robert C. LePome**
Attorney at Law
10120 South Eastern, Suite 200
Henderson, NV 89052
(702) 492-1271
Fax: (702) 636-9971
Fax: (702) 436-0204
e-mail rlepome@cox.net

November 29, 2006

Dear Client,

     As some of you know we moved our office yesterday. My office was located at the top of the Phoenix Building and our southeast quarter of the building has been sought after by the District Court Judges who occupy most of the remainder of the 11th floor. The 11th floor courtroom is the largest of the Clark County District Court Courtrooms and was formerly a Federal Courtroom occupied by the Honorable Linda Riegle who is our judge. I represented the prior landlord who also gave me the lowest rent in the building for what is the best suite in the building. The building was sold to California investors in February and part of the negotiation was that my lease (of more than 20 years) not be extended beyond its November 30, 2006 termination date. The new letterhead was ordered early but has not arrived as of today. Yet, this letter can be delayed no further.

     This communication is confidential and is not to be released to anyone. It is for your personal information and is protected by the attorney-client privilege. You are probably familiar with the Donna Letter. It contains too many inaccuracies and false assumptions to be addressed here. On November 28, 2006 at 2:00 PM a hearing was held before the Honorable Linda Riegle. I spoke briefly with Donna and her attorney prior to the hearing. The judge severely reprimanded both on several points. She expressed her outrage that it should make a difference if the attorney "knows" the judge. Mr. Smith's appearances before the judge are much less frequent than any of the principal attorneys in this case. The idea that a particular attorney has an "in" with this federal judge is outrageous and, as she pointed out, it is also a violation of professional ethics. At the conclusion of the hearing the judge approved the publication and mailing of Exhibit "A" to the Joint Motion of the Four Official Committees and ordered that Donna pay all costs thereof. The committees then advised the court that it would cost a substantial amount because of the number of persons who Donna mailed and e-mailed to and that it would probably suffice if each of the committees posted the supplement on their web sites. This saves us and Donna thousands of dollars.

     The Third Amended Joint Plan of Reorganization contains most of the items that were part of a strategy session about 5 weeks ago in my office. Our strategy session was attended by attended by Greg Garman of Gordon & Silver who represents the

*Ex "A"*

Committee of Direct Lenders and Janet Chubb of Jones Vargas who represents the second largest group of individually-represented direct lenders. I also discussed our strategy with my associate Nancy Allf of Parsons, Behle and Latimer.

Any one of us has far more experience in Chapter 11 bankruptcies than Donna's attorney and have appeared before the Judge far more often with generally excellent results. I say this only so that you can feel confident in the quality of your representation and not to suggest that any one of us has an "in" with the judge. Now for main issue - the Third Amended Plan.

A summary of how the direct lenders (all of us) are treated is found on page 2 of the solicitation package. The reason why we allowed the loathsome netting to continue is that we would have had to win a fight with all of the other classes if we did not agree and the resulting lawsuit would be expensive and the outcome uncertain. Let me explain. USA commercial took the proceeds of five paid off loans and instead of sending it to the investors, used the money to keep paying interest to us on our non-performing loans. The victims of this "diverted principal" will receive what has been described as 8% to 33% of what they invested.

Essentially the people whose principal was diverted (or "stolen") and the Diversified Fund investors suffer the most. It is fortuitous as to which investor had his principal stolen and which investor got his principal repaid in full with interest. All courts and especially bankruptcy courts hate to see people who took the same risks come out so differently. Another way of putting it is that courts do not like to see a situation where similarly situated investors go into a rainstorm and some walk between the raindrops and others get soaked. The courts would like to see all investors suffer a little rather that a few suffer a lot. The majority of the mortgage company failures have not been able to confirm a Plan and the result was a conversion to Chapter 7. This involved appointment of a Chapter 7 trustee and his new attorneys and the result was that an additional 10% came off the top and everyone was "pooled" as though the investments were with a broker and never really in any investment which is the "Ponzi Scheme" result. Another 1-3 years passed while the Chapter 7 played out. In the end even the unsecured claimants who should have benefitted by the pooling received less than they will likely receive in this plan.

In reality, almost every direct lender will have an unsecured portion of their claim because of the misrepresentations. I will be preparing your proofs of claims except for clients who only hired me to represent them the Interpleader case. The Claims will attempt to estimate the loss due to the misconduct of the debtors. In other words, some of you will have three shots at getting the "netting" money returned. The first shot is if the loan pays off in full. The second shot is through the actions filed against the insiders and guarantors which will be funded by the "netting" money. If none of the forgoing happens, you will still have the right to sue the insiders and the guarantors. Nancy Allf is very good at suing.

Ex "A"

Read over the Plan. It is my recommendation that you Vote To Accept The Plan. I will not cast your votes. You need to cast your own vote and you should vote as you wish. Under the category of amount of your Class A-4 General Unsecured Claim as of November 6, 2006, use 25% of your total investment that was unpaid as of that date. In other words if your total unpaid balance was $400,000.00, you would use $100,000.00 as your unsecured amount after the word Record Date: $_____. Again do not insert simply $100,000.00. Take your actual amount owed and divide by 4 and insert this amount in the space provided. I recommend that you check the box that "accepts" the Plan. If you have any further questions, it is best to e-mail me or if you wish to call me between 8:30 AM and 5:00 PM at my new office number. Knowing that you will safeguard my cell phone, you may call me on my cell phone at 702-378-3373.

                                                 Very truly yours,

                                                 Robert C. LePome, Esq.

RCL/ss

Ex "A"

**ROBERT C. LePOME**
ATTORNEY AT LAW
ANTHEM EXECUTIVE SUITES  SUITE 200
10120 SOUTH EASTERN AVENUE
HENDERSON, NEVADA 89052
TELEPHONE (702) 492-1271
FAX (702) 636-9971
rlepome@cox.net

December 9, 2006

Nancy Allf, Esq.
Parsons, Behle & Latimer
411 E. Bonneville #300
Las Vegas, NV 89101

USA Commercial Mortgage Co.

Dear Nancy,

The move after 21 years in the same location was anything but smooth. Our computers forgot who we were and our typewriter died. We are now nearly up to speed. This letter sets forth my thoughts about what would be in our clients' best interest at the confirmation hearing which is scheduled for December 19, 2006. You may recall that I will be out of the state from the night of December 14 to the night of December 26, 2006.

The bankruptcy court auction sale of the assets of the First Trust Deed Fund (FTDF) went remarkably well. Compass Partners was the successful bidder at $67 Million. This is $20 Million over the stalking horse bid. The deal was further sweetened by the exclusion of Placer Vineyards and one other low-value loan in which FTDF held a small interest. The term "low value" is relative and Placer Vineyards rates as "80" on my informal handicap sheet where a score of 150 is likely to be collected in full. The score for each of our investor loans is on the enclosed sheet as of August 31, 2006. A few have been repaid since then and our scoring system has been generally reinforced by the subsequent performance.

The bid of $67 Million will net $65.5 million to FTDF which is over 90% of the face value of the portfolio. This is extremely good news. It means that if they close, they will probably offer our clients close to 90% of the face value of their loans save and except for a few dogs. If they don't close they will forfeit 10% of their bid price which gets us close to the same result. The sale is conditioned upon confirmation of the plan on December 19, 2006.

Mention needs to be made of the interpleader clients. I have settled most of their claims on the basis of a 50/50 split as described in the letter of Mr. Joe Laxague which is enclosed. The referenced client has not accepted the 50/50 proposal. The rest are settled or will be settled soon. A few words about the FTDF interpleader assignments. We achieved a settlement with FTDF ten (10) days ago which is little unusual. Our clients accepted the transfer of Margarita Annex in full and accepted 20% of the face value in cash as well. Essentially, they purchased Margarita Annex at 80% of the face value. They should be especially happy with the results of the auction. This may be the only time that someone actually got the better of the Debtor. If we

Ex "B"

had waited 10 more days we could not have made the deal.

Back to the confirmation process. It is my belief that Compass Partners will be aggressive in collecting all of the loans which they purchased. This will be very good for our clients. A few investors scream that they should not have to pay a 3% annual service fee when they agreed to 1%. We know that a service fee of 3% will cut our client's net annual interest from 12% to 9%. Most will eventually get a return of at least 90% of their principal. What a disaster! They would rather risk defeating the plan and risk a conversion to Chapter 7 which will result in a loss of at least another 10 % of their principal and most of their interest. It will also delay their collection for several years. For obvious reasons, we have advised our clients to ballot in favor of the plan. I believe that most of them have done so.

One very well-intentioned lady named Donna Cagliosi has become a pied piper for a group now calling itself the "Lender's Protection Group" which is objecting to the plan in order to gain some concessions which are not very well articulated but which focus on how to escape any liability to pay the administrative fees and specifically the fees of the attorneys of the Debtor and the attorneys of the four committees. I suppose if they are successful in usurping the authority of the court to approve attorney fees, then all attorneys can look forward to "0" fees with the claimants receiving the benefits of their labor for free. Naturally good talent will be impossible to attract if that were the situation. Of all of the bankruptcies of mortgage companies that we have both worked on, I am sure that you will agree that, although not perfect, this has been the best run and best result for the investors by far. The Donna Cangliosi group has retained Alan R. Smith and at last count he represents over 112 investors in all categories. One of our Interpleader clients (whom we do not represent in the main bankruptcy) is also represented by Mr. Smith. I enclose Mr. Smith's statement under Rule 2010 for your easy reference. You may expect that he will ask you to join in his objections. It would not appear to be in our clients' interest to do so.

I know that our clients will be very well represented at the confirmation hearing of December 19, 2006. If you have any questions, be sure to contact me by December 14, 2006.

Sincerely,

Robert C. LePome

Ex "B"

U.S. Bankruptcy Court

District of Nevada

Notice of Electronic Claims Filing

The following transaction was received from LEPOME, ROBERT on 12/4/2006 at 8:30 PM PST

**Case Name:** USA COMMERCIAL MORTGAGE COMPANY
**Case Number:** 06-10725-lbr
**Creditor Name:** Spectrum Capital, LLC
6167 Jarvis Ave 304
Newark, CA 94560
**Claim Number:** 1414    Claims Register
**Total Amount Claimed:** $144997.19

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\CLIENT\COLLECT\Spectrum Capital\144kclaim.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=989277954 [Date=12/4/2006] [FileNumber=7542968-0]
[7c0e250c7cb2a6e52f8750d5bf72953634726bc9f0d3810f2e44f7b6137d3e8fefc0
9c672112074065ffbdd176476a3eb70a95ea7ac6f030fc75e222f3925709]]

**06-10725-lbr Notice will be electronically mailed to:**

MICHELLE L. ABRAMS    mabrams@mabramslaw.com

FRANKLIN C. ADAMS    franklin.adams@bbklaw.com, arthur.johnston@bbklaw.com

NANCY L ALLF    nallf@parsonsbehle.com,
klawrence@parsonsbehle.com;tthomas@parsonsbehle.com;ecf@parsonsbehle.com

FRANK A. ANDERSON    anderson.frank@pbgc.gov, efile@pbgc.gov

OGONNA M. ATAMOH    oatamoh@nevadafirm.com,
bkecf@nevadafirm.com;paltstatt@nevadafirm.com;sliberio@nevadafirm.com

KERIANN M ATENCIO    ATENCIOK@GTLAW.COM

BMC GROUP, INC.    evrato@bmcgroup.com,
ecf@bmcgroup.com;jmiller@bmcgroup.com;jbartlett@bmcgroup.com

KELLY J. BRINKMAN    kbrinkman@gooldpatterson.com

THOMAS R BROOKSBANK    tom@tombrooksbank.com, renee@tombrooksbank.com

ANDREW M. BRUMBY    abrumby@shutts-law.com, rhicks@shutts-law.com;lmackson@shutts-law.com

*Ex C*

FORM B10 (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT | DISTRICT OF _NEVADA_ | **PROOF OF CLAIM** |
|---|---|---|

Name of Debtor: USA COMMERCIAL MORTGAGE CO.
Case Number: 06-10725

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property): SPECTRUM CAPITAL, LLC

Name and address where notices should be sent:
ROBERT C. LEPOME
10120 S. EASTERN #200
HENDERSON, NV 89052
Telephone number: 702 492-1271

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor: 3212

Check here ☐ replaces ☐ amends  a previously filed claim, dated:_____
if this claim

1. **Basis for Claim**
   ☐ Goods sold      GENERAL CLAIM
   ☐ Services performed   CLASS 4
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☒ Other  NEGLIGENCE & FRAUD

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
      Last four digits of your SS #: _____
      Unpaid compensation for services performed
      from _____ to _____
         (date)        (date)

2. Date debt was incurred: JAN 1, 2005 TO APRIL 12, 2006
3. If court judgment, date obtained:

4. **Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.
   Unsecured Nonpriority Claim $ 144,997.19
   ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

   **Secured Claim**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____
   Value of Collateral: $ _____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

   **Unsecured Priority Claim**
   ☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
   Amount entitled to priority $ _____
   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
   ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

5. Total Amount of Claim at Time Case Filed: $144,997.19                          $144,997.19
   AS OF NOV 6, 2006    (unsecured)  (secured)  (priority)     (Total)
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

6. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

7. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date: 12-4-06
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
Robert C. LePome  BAR # 1980
Robert C. LePome, attorney for claimant

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

EX "C"

Page 2 to proof of Claim of _SPECTRUM CAPITAL, LLC_

This Investor has a portfolio whose estimated net value is about 75% of its face value. The loss of 25% would not have occurred except for the negligence or intentional misconduct of Debtor which includes at least one of failures to act or acts stated below:

The Debtor made one or more representations which this investor reasonably relied upon as stated below which Debtor knew or with reasonable care should have known. Further, Debtor failed to comply with the requirements of Nevada Revised Statutes including but not limited to Section 645B.

1. "Your invested funds will be placed in a new loan the proceeds of which will be used to acquire and/or develop the real property."

2. "Your investment will be secured by a security interest evidenced by a note Secured by First Deed of Trust upon the property and if the note becomes delinquent we will take collection action including but not limited to foreclosure upon the property within a reasonable time after any missed interest payment or other event of default".

3. "Your investment is protected by equity which exceeds the note amount by 30%".

4. "Your note will be guaranteed by the principal maker or another guarantor whose personal worth substantially exceeds the face amount of the note"

A truthful statement with regard to the investments would have been:

1. "Your funds will be used to purchase the interest of a prior investor. The prior investor's loan is in default and your funds will be used to bail out that private investor and you will be stuck with the defaulted note. You should also know that one who purchases a loan which is in default does not obtain the substantial legal benefits of a holder in due course. This means that any personal defenses of the borrower may be asserted as a defense to the loan. A Defaulted Note, if purchased at all, should be purchased at a substantial discount. You will pay full face value of this defaulted note.

2. If there is a default upon your note we will not take appropriate steps to collect your note. We will not initiate foreclosure. Further we will take the proceeds of another person's loan payoff to forward you interest payments as though the your borrower were current. We will do this to conceal the fact of a delinquency from you and from the Nevada Commissioner of Mortgage Lending.

3. The Nevada standards of mortgage lending would require that we order our own appraisal with you as the client so that if the appraisal was not done in accordance with the standards of the industry you would have a claim against the appraiser. Instead, we will accept


Ex "C"

Page 3 to Proof of Claim  SPECTRUM CAPITAL, LLC

the borrower's representation as to value or we will accept an appraisal provided by the borrower even though this procedure is likely to give an inflated value for the property. Because of our failure to follow Nevada standard mortgage lending practices, your loan may have little or no protective equity.

    4. We may not actually obtain the personal guarantee of the maker or obtain the signature of another guarantor of your note even if we promise to do so. Further, if we do obtain a personal guarantee we will not obtain a financial statement from the guarantor. If a borrower or guarantor furnishes us with a financial statement, we will not take reasonable steps to verify the accuracy of any financial statement that the borrower or guarantor gives us. This will make it difficult for you to collect from the borrower or guarantor in the event of default.

## ANALYSIS

If the Debtor had made accurate and truthful representations, this investor would never have made his investment and therefor would not have sustained any loss. It is highly probable that if this investor were free to file suit and not subject to this bankruptcy, he would obtain judgment against the debtor for the actual amount of his loss plus costs and reasonable attorney fees plus punitive damages at least equal to his loss. In a bankruptcy case the punitive damages do not serve the purpose of punishing the wrongdoer or teaching him a lesson. Punitive damages would merely take proceeds away form another worthy claimant and therefor they have no place in bankruptcy unless and until all claimants are paid in full as to their actual damages.

The precise amount of the actual damages are difficult to ascertain because some of the loans which are expected to produce less than full value may in fact pay in full and vice versa. An analysis of the portfolio of most of the loans in which this investor participated was performed by SPCP GROUP, LLC as of November 6, 2006. This analysis was published in its Asset Purchase Agreement dated November 7, 2006 which as filed herein as Docket #1749. Values ranged from 95% on Schedule 4 to 65% for the loans on schedule 7. The average value for sale purposes was set at about 73% of face value. On an individual basis, actual sale prices differ from the "bucket price". For instance, a $150,000.00 interest in Margarita Annex which is in the 85% bucket sold for 80% as part of the Interpleader Settlement between USA Capital First Trust Deed Fund and investors Gorts and Arnold. In helping him to make an estimate of his actual loss, this investor has had the advice of counsel who was formerly a Mortgage Broker licensed by the State of Nevada. An analysis of some of the various investments with the aid of the HILCO appraisals and input from several similarly-situated investors who actually walked the properties with their own real estate brokers was performed. This investor has been advised and believes that a fair estimate of the value of his portfolio value is 75% of face value and that this reduction from 100% is proximately caused by the negligence and/or intentional misrepresentation of Debtor. This estimate of damage and therefore this claim is made in accordance with Bankruptcy Rule 9011 and this claimant reserves the right to amend his Proof of Claim when more data becomes available. Total Investment $ 579,938.74 /4 = $ 144,997.19 .

Ex "C"

Page 4 – SPECTRUM CAPITAL, LLC

ANALYSIS & RECONCILIATION

```
INVESMENT . . . . . . . . . . . . . .   $760,000.00
INTEREST PAID LESS FEES . . . .           1,165.22
TOTAL VALUE . . . . . . . . . .         $761,165.22
```

REPAID PRINCIPAL . . .
```
     $ 21,067.42 – UNIVERSAL HAWAII
       44,645.20 – GLENDALE TOWERS
       49,359.84 – HFA – NORTH YONKERS
       22,603.97 – BROOKMERE/MATTESON
        3,368.81 – AMESBURY/HATTERS POINT
     $141,045.24 – TOTAL REPAID
       40,131.24 – DIVERTED PRINCIPAL CLAIM
      144,997.19 – UNSECURED GENERAL CLAIM
      434,991.55 – PRESENT PORTFOLIO VALUE
     $761,165.22 – TOTAL CASH AND CLAIMS
                     AND PORTFOLIO VALUE
```

Ex "C"

**U.S. Bankruptcy Court**

**District of Nevada**

Notice of Electronic Claims Filing

The following transaction was received from LEPOME, ROBERT on 12/4/2006 at 8:32 PM PST

**Case Name:** USA COMMERCIAL MORTGAGE COMPANY
**Case Number:** 06-10725-lbr
**Creditor Name:** Spectrum Capital, LLC
6167 Jarvis Ave 304
Newark, CA 94560
**Claim Number:** 1415    Claims Register
**Total Amount Claimed:** $40131.24

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\CLIENT\COLLECT\Spectrum Capital\40kclaim.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=989277954 [Date=12/4/2006] [FileNumber=7542971-0]
[ef97e19bf5a217eba5d63501103c61c5d4bbe275a891c3ca1162a2ba35e1c44bc007
e72251748a1161bef518b5c64cf0c85b174cdc5e472e8a9ba405b5000732]]

**06-10725-lbr Notice will be electronically mailed to:**

MICHELLE L. ABRAMS    mabrams@mabramslaw.com

FRANKLIN C. ADAMS    franklin.adams@bbklaw.com, arthur.johnston@bbklaw.com

NANCY L ALLF    nallf@parsonsbehle.com,
klawrence@parsonsbehle.com;tthomas@parsonsbehle.com;ecf@parsonsbehle.com

FRANK A. ANDERSON    anderson.frank@pbgc.gov, efile@pbgc.gov

OGONNA M. ATAMOH    oatamoh@nevadafirm.com,
bkecf@nevadafirm.com;paltstatt@nevadafirm.com;sliberio@nevadafirm.com

KERIANN M ATENCIO    ATENCIOK@GTLAW.COM

BMC GROUP, INC.    evrato@bmcgroup.com,
ecf@bmcgroup.com;jmiller@bmcgroup.com;jbartlett@bmcgroup.com

KELLY J. BRINKMAN    kbrinkman@gooldpatterson.com

THOMAS R BROOKSBANK    tom@tombrooksbank.com, renee@tombrooksbank.com

ANDREW M. BRUMBY    abrumby@shutts-law.com, rhicks@shutts-law.com;lmackson@shutts-law.com

Ex "D"

| UNITED STATES BANKRUPTCY COURT _____ DISTRICT OF _____ | | PROOF OF CLAIM |
|---|---|---|

Name of Debtor: USA Commercial Mortgage Co.
Case Number: 06-10725

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
SPECTRUM CAPITAL, LLC

- ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
ROBERT C. LEPOME
10120 S. EASTERN #200
HENDERSON, NV 89052
Telephone number: 702 492-1271

- ☐ Check box if you have never received any notices from the bankruptcy court in this case.
- ☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor:

Check here ☐ replaces  ☐ amends a previously filed claim, dated:_____
if this claim

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed — UNREMITTED/DIVERTED PRINCIPAL
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other  CLASS 4

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date) (date)

**2. Date debt was incurred:** JAN 1, 2005 TO APRIL 12, 2006

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

Unsecured Nonpriority Claim $ 40,131.24
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

Unsecured Priority Claim
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
Amount entitled to priority $_____

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

Secured Claim
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other_____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $40,131.24 / $40,131.24
AS OF NOV 6, 2006
(unsecured) (secured) (priority) (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
[signature] BAR #1980
ROBERT C. LEPOME

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Class A-4 (CMB)
s32558

**Item 1. Amount of your Class A-4 General Unsecured Claim Against USACM for Unremitted Principal**

Name of Holder: SPECTRUM CAPITAL LLC
Amount as of the November 6, 2006 Voting Record Date:   $28,804.73   (UNIVERSAL HAWAII)

**Item 2. Vote – Acceptance or Rejection of the Plan:** The Holder of the Class A-4 General Unsecured Claim Against USACM as set forth in Item 1 votes with respect to the proposed treatment of its Claim against the Debtors as follows (check one box only):

| ☒ to ACCEPT the Plan | ☐ to REJECT the Plan |
|---|---|

**Item 3. Certifications:** By returning this Ballot, the undersigned certifies and/or acknowledges that:

- the Holder of the A-4 General Unsecured Claim Against USACM set forth in Item 1 above has been provided with a copy of the Disclosure Statement, including the Plan;
- the Holder of the A-4 General Unsecured Claim Against USACM set forth in Item 1 above has full power and authority to vote to accept or reject the Plan;
- the Holder of the A-4 General Unsecured Claim Against USACM set forth in Item 1 above has voted to accept or reject the Plan as set forth in Item 2 above;
- this solicitation of Plan acceptances is subject to all the terms and conditions set forth in the Disclosure Statement and the Plan; and
- By signing and returning this Ballot, the undersigned certifies that (i) this Ballot has been executed on behalf of an entity or individual and (ii) the undersigned has full power and authority to execute this Ballot on behalf of such entity or individual:

Dated: 12-4-06

Name: SPECTRUM CAPITAL, LLC
(Print or Type)
Signature: X _Rob C. LePome_
By: ROBERT C. LEPOME
(If Appropriate)
Title: ATTORNEY FOR CLAIMANT
(If Appropriate)
Telephone Number: (702) 492-1271

SPECTRUM CAPITAL LLC
6167 JARVIS AVE # 304
NEWARK, CA 94560-1210

Street Address: 10120 SOUTH EASTERN #200
City, State and Zip Code: HENDERSON, NV 89052

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT TO
BMC GROUP IN THE ENVELOPE PROVIDED OR VIA FACSIMILE AS INSTRUCTED.**

**THE VOTING DEADLINE IS DECEMBER 11, 2006 AT 4:00 P.M. PREVAILING PACIFIC TIME.**

**ALL BALLOTS MUST BE RECEIVED BY THE VOTING DEADLINE.**

Ex "D"

Class A-4 (CMB)
s32556

**Item 1. Amount of your Class A-4 General Unsecured Claim Against USACM for Unremitted Principal**

Name of Holder: SPECTRUM CAPITAL LLC

Amount as of the November 6, 2006 Voting Record Date: $10,238.91 (OAK SHORES)

**Item 2. Vote – Acceptance or Rejection of the Plan:** The Holder of the Class A-4 General Unsecured Claim Against USACM as set forth in Item 1 votes with respect to the proposed treatment of its Claim against the Debtors as follows (check one box only):

| ☒ to ACCEPT the Plan | ☐ to REJECT the Plan |
|---|---|

**Item 3. Certifications:** By returning this Ballot, the undersigned certifies and/or acknowledges that:

- the Holder of the A-4 General Unsecured Claim Against USACM set forth in Item 1 above has been provided with a copy of the Disclosure Statement, including the Plan;

- the Holder of the A-4 General Unsecured Claim Against USACM set forth in Item 1 above has full power and authority to vote to accept or reject the Plan;

- the Holder of the A-4 General Unsecured Claim Against USACM set forth in Item 1 above has voted to accept or reject the Plan as set forth in Item 2 above;

- this solicitation of Plan acceptances is subject to all the terms and conditions set forth in the Disclosure Statement and the Plan; and

- By signing and returning this Ballot, the undersigned certifies that (i) this Ballot has been executed on behalf of an entity or individual and (ii) the undersigned has full power and authority to execute this Ballot on behalf of such entity or individual:

Dated: 12-4-06

Name: SPECTRUM CAPITAL LLC
(Print or Type)
Signature: X _____

By: ATTORNEY FOR CLAIMANT
(If Appropriate)
Title: _____
(If Appropriate)
Telephone Number: 702) 492-1271

SPECTRUM CAPITAL LLC
6167 JARVIS AVE # 304
NEWARK, CA 94560-1210

Street Address: 10120 S. EASTERN #200

City, State and Zip Code: HENDERSON, NV 89052

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT TO
BMC GROUP IN THE ENVELOPE PROVIDED OR VIA FACSIMILE AS INSTRUCTED.**

**THE VOTING DEADLINE IS DECEMBER 11, 2006 AT 4:00 P.M. PREVAILING PACIFIC TIME.**

**ALL BALLOTS MUST BE RECEIVED BY THE VOTING DEADLINE.**

4                    21820

EX "D"

Class A-4 (CMB)
s32557

**Item 1. Amount of your Class A-4 General Unsecured Claim Against USACM for Unremitted Principal**

Name of Holder: SPECTRUM CAPITAL LLC

Amount as of the November 6, 2006 Voting Record Date: $1,087.60   (MISC)

**Item 2. Vote – Acceptance or Rejection of the Plan:** The Holder of the Class A-4 General Unsecured Claim Against USACM as set forth in Item 1 votes with respect to the proposed treatment of its Claim against the Debtors as follows (check one box only):

| ☐ to ACCEPT the Plan | ☐ to REJECT the Plan |
|---|---|

**Item 3. Certifications:** By returning this Ballot, the undersigned certifies and/or acknowledges that:

- the Holder of the A-4 General Unsecured Claim Against USACM set forth in Item 1 above has been provided with a copy of the Disclosure Statement, including the Plan;

- the Holder of the A-4 General Unsecured Claim Against USACM set forth in Item 1 above has full power and authority to vote to accept or reject the Plan;

- the Holder of the A-4 General Unsecured Claim Against USACM set forth in Item 1 above has voted to accept or reject the Plan as set forth in Item 2 above;

- this solicitation of Plan acceptances is subject to all the terms and conditions set forth in the Disclosure Statement and the Plan; and

- By signing and returning this Ballot, the undersigned certifies that (i) this Ballot has been executed on behalf of an entity or individual and (ii) the undersigned has full power and authority to execute this Ballot on behalf of such entity or individual:

Dated: 12-4-06

Name: SPECTRUM CAPITAL, LLC
(Print or Type)
Signature: X _Robt C. LeFox, Esq._
By: _Robert C. LeFome_
(If Appropriate)
Title: _Attorney for Claimant_
(If Appropriate)
Telephone Number: (702) 492-1271

SPECTRUM CAPITAL LLC
6167 JARVIS AVE # 304
NEWARK, CA 94560-1210

Street Address: 10120 South Eastern #200
City, State and Zip Code: Henderson, NV 89052

PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT TO
BMC GROUP IN THE ENVELOPE PROVIDED OR VIA FACSIMILE AS INSTRUCTED.

THE VOTING DEADLINE IS DECEMBER 11, 2006 AT 4:00 P.M. PREVAILING PACIFIC TIME.

ALL BALLOTS MUST BE RECEIVED BY THE VOTING DEADLINE.

4                                          21812

Ex "D"

## USA Commercial Mortgage Company
### Investor History Report

**Vesting:** Spectrum Capital, LLC, a California limited liability company
**Loan:** Oak Shores II
**Client ID:** 3212
**Account ID:** 2711
**Loan Interest Rate:** 13.00%
**Original Service Fee:** 1.00%
**Current Service Fee[1]:** 1.00%

| | | A | B | C | D = B - C | E | F | G | H | I = F - G - H | J | K = H |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Transaction | Investment | Principal Paid by Borrower | Principal Paid to Investor | Principal Owed to Investor | Unsecured / Diverted Principal | Interest Earned | Loan Service Fee Retained by USACM | Interest Paid by Borrower Net of Service Fee | Cumulative Amount Due from Borrower, Net of Service Fee | Interest Paid to Investor | Cumulative Amount Held fo (Due fro Invest |
| 03/31/2006 | Interest and Service Fee (3/1 - 3/31) | $39,966.56 | | | | $10,033.44 | $447.40 | $33.31 | | $414.10 | | |
| 03/31/2006 | Interest Paid By Borrower | $39,966.56 | | | | $10,033.44 | | | $6.01 | $408.08 | | |
| 04/30/2006 | Interest and Service Fee (4/1 - 4/30) | $39,966.56 | | | | $10,033.44 | $432.97 | $33.31 | | $807.75 | | |
| 05/12/2006 | Interest Paid By Borrower | $39,966.56 | | | | $10,033.44 | | | $407.75 | $400.00 | | $40 |
| 05/18/2006 | Interest Paid By Borrower | $39,966.56 | | | | $10,033.44 | | | $400.00 | $0.00 | | $80 |
| 05/31/2006 | Interest and Service Fee (5/1 - 5/31) | $39,966.56 | | | | $10,033.44 | $447.40 | $33.31 | | $414.10 | | $80 |
| 05/31/2006 | Interest Paid By Borrower | $39,966.56 | | | | $10,033.44 | | | $3.30 | $410.80 | | $81 |
| 06/20/2006 | Interest Paid By Borrower | $39,966.56 | | | | $10,033.44 | | | $410.80 | $0.00 | | $1,22 |
| 06/30/2006 | Interest and Service Fee (6/1 - 6/30) | $39,966.56 | | | | $10,033.44 | $432.97 | $33.31 | | $399.67 | | $1,22 |
| 06/30/2006 | Interest Paid By Borrower | $39,966.56 | | | | $10,033.44 | | | $3.29 | $396.38 | | $1,22 |
| 07/17/2006 | Interest Paid By Borrower | $39,966.56 | | | | $10,033.44 | | | $210.61 | $185.77 | | $1,43 |
| 07/31/2006 | Interest and Service Fee (7/1 - 7/31) | $39,966.56 | | | | $10,033.44 | $449.66 | $33.31 | | $602.12 | | $1,43 |
| 08/31/2006 | Interest and Service Fee (8/1 - 8/31) | $39,966.56 | | | | $10,033.44 | $454.69 | $33.31 | | $1,023.51 | | $1,43 |
| 09/30/2006 | Interest and Service Fee (9/1 - 9/30) | $39,966.56 | | | | $10,033.44 | $444.95 | $33.31 | | $1,435.15 | | $1,43 |
| **TOTALS:** | | **$39,966.56** | **$10,033.44** | **$0.00** | **$0.00** | **$10,033.44** | **$6,262.52** | **$474.21** | **$4,353.16** | **$1,435.15** | **$2,916.68** | **$1,43** |

[1] This rate may be adjusted according to your loan servicing agreement.

This statement is provided for informational purposes only and is intended for the sole benefit of the named vested party.
This statement is not intended to represent a loan payoff quote. USA reserves the right to update and supplement this statement.

SPECTRUM CAPITAL - PROOF OF CLAIM

UNDEFINED UNSECURED / DIVERTED PRINCIPAL WHICH IS LISTED IN THE RECORDS OF USA COMMERCIAL MORTGAGE COMPANY

$1,087.60

EX "D"