Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

E-FILED ON MARCH 8, 2007

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                              Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                              Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                              Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                              Debtor. | **OMNIBUS OBJECTION OF USA CAPITAL REALTY ADVISORS, LLC TO CERTAIN CLAIMS**<br><br>**(AFFECTS USA CAPITAL REALTY ADVISORS, LLC)** |
| In re:<br>USA SECURITIES, LLC,<br>                                              Debtor. | |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☒ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | Hearing Date:   April 26, 2007<br>Hearing Time:   9:30 a.m. |

1
Claims Objection USA Realty Litigation and Duplicate Claims

USA Capital Realty Advisors, LLC ("USA Realty"), by and through its counsel, hereby files its Omnibus Objection to Certain Claims filed against it ("Objection") and moves this Court, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order granting the relief sought by this Objection. In support of this Objection, USA Realty states as follows:

## I.    JURISDICTION

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II.    BACKGROUND

1. On April 13, 2006 ("Petition Date"), USA Realty, USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with DTDF, the "Funds") (collectively the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Post-petition management of the Debtors is under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who serves as the Chief Restructuring Officer.

2. On May 10, 2006, the Office of the United States Trustee filed notices indicating that the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company and the Official Committee of Holders of Executory Contract Rights Through USA Commercial Mortgage Company, the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC, and the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (collectively the "Committees") had been formed. No trustee or examiner has been appointed for any of the Debtors.

3. USACM is a Nevada Corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.

4. This business included the solicitation of individual investors to purchase fractional interest in loans that USACM originated and then serviced. These investors, totaling approximately 3,600 as of the Petition Date, are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

5. Although USACM serviced and sometimes originated the loans in which the Direct Lenders invested, USACM was not a borrower on these loans.

6. USA Realty is a Nevada limited liability company. It was the nominal manager of DTDF and FTDF prior to the Petition Date.

7. On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest (the "Bar Date Order") [Docket No. 1280]. The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file proof of claims

8. The Debtors mailed proof of claim and proof of interest forms on September 18, 2006, with instructions explaining that parties owed money by a borrower whose loan is serviced by the Debtors did not need to file a proof of claim.

9. On September 25, 2006, the Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358].

10. On November 6, 2006, a stipulation was reached among the Debtors, the Committees, the United States Trustee, and other interested parties extending the Bar Date for Direct Lenders only to file proofs of claim until January 13, 2007 [Docket No. 1729].

11. USA Realty's claims and noticing agent received approximately 67 proofs of claim as of the January 13, 2007 Bar Date, asserting approximately $36,693,579.03 in claims, plus unknown amounts based on unliquidated claims.

12. Among the claims filed against USA Realty were eight claims asserting various legal theories (the "Unliquidated Litigation Claims") and a few claims that are duplicative of other

1  claims filed against USA Realty, or that amend other claims (the "Amended and Duplicate
2  Claims").

3      13.    USA Realty contends that it has no liability on account of any of these claims and
4  that they should be disallowed in their entirety. USA Realty also contends that all the claims filed
5  against it should be classified as general unsecured claims in any event.

### III. APPLICABLE AUTHORITY

7      1.    Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of
8  claim has been filed will be allowed unless a party in interest objects. If a party in interest objects
9  to the proof of claim, the court, after notice and hearing, shall determine the amount of the claim
10 and shall allow the claim except to the extent that the claim is "unenforceable against the debtor
11 . . . under any . . . applicable law for a reason other than because such claim is contingent or
12 unmatured." 11 U.S.C. § 502(b).

13     2.    USA Realty is entitled to object to proofs of claim under section 502(a) of the
14 Bankruptcy Code.

15     3.    A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).
16 However, once an objection to the proof of claim controverts the presumption, the creditor
17 ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford*
18 *v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P.
19 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of
20 a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists,*
21 *Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

### IV. OBJECTIONS TO CLAIMS

23     1.    As more particularly described herein, USA Realty seeks in this Objection the
24 disallowance of the Unliquidated Litigation Claims, and Amended and Duplicate Claims filed
25 against it.

26     2.    These claims may be the subject of multiple objections herein for any of the
27 reasons stated in this Objection. These claims may also be subject to subsequently filed
28 objections.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

3.   USA Realty reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance and/or distribution purposes on any other grounds. USA Realty further reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

### A.  USA Realty's Objections to Certain Claims

#### 1.  Unliquidated Litigation Claims against USA Realty

4.   **Exhibit A** contains a list of proofs of claim number 41, 42, 43, and 44 that are based on identical, unliquidated claims of fraud and breach of contract but which contain absolutely no supporting documentation; proofs of claim number 60, 61, and 63 that are based on identical, unliquidated litigation claims; and claim number 65, which is based on various legal theories.

5.   Claims 41 through 44 against USA Realty merely state that they are based on "Breach of Contract/Fraud." No documentation is provided in support. USA Realty, therefore, denies it is liable on account of these claims and they should be denied in their entirety.

6.   Claims 60, 61, and 63 against USA Realty are brought, upon information and belief, by DTDF Fund Members asserting various legal theories including fraud and conspiracy. The claimants asserted these same claims against the other Debtors except for DTDF. The basis of these claims against USA Realty appears to be the assertion that USA Realty was the nominal manager of DTDF. USA Realty has analyzed these claims and asserts that it has no liability on their account. Claims 60, 61, and 63 against USA Realty, therefore, should be disallowed in their entirety against USA Realty.

7.   Claim number 65 against USA Realty is brought by admitted Direct Lenders through USACM who filed the exact same claim against all five Debtors. These Direct Lenders have offered absolutely no supporting documentation showing any sort of connection to USA Realty. USA Realty denies any and all liability on account of claim number 65 and asserts that it should be disallowed in its entirety.

#### 2.  Amended and Duplicate Claims against USA Realty

8.   **Exhibit B** contains a list of amended and duplicate claims filed against USA

1  Realty. Claims 11 and 14 have been amended and replaced by claims 12 and 15, respectively.
2  These amended claims should be disallowed in their entirety on the basis that they have been
3  replaced by subsequently filed claims against USA Realty. The remaining claims on **Exhibit B**
4  are exact duplicates of claims that have already been filed against USA Realty. Since a creditor
5  cannot recover twice on account of the same claim, these duplicate claims should be disallowed in
6  their entirety.

7  **B.    All Claims on the Exhibits Should be Classified as General Unsecured Claims**

8  9.  USA Realty also specifically objects to the extent that any of the claims listed in
9  **Exhibit A** or **Exhibit B** assert priority or secured status, and asserts that they should be classified
10 as general unsecured claims in any event.

11 10. Section 507 of the Bankruptcy Code establishes the ten types of claims that are
12 entitled to priority status. However, "'because the presumption in bankruptcy cases is that the
13 debtor's limited resources will be equally distributed among its creditors, *statutory priorities are*
14 *narrowly construed*.'" *In re Peaches Records and Tapes, Inc.*, 102 B.R. 193, 195 (B.A.P. 9th Cir.
15 1989) (*quoting Trustees of Amalgamated Ins. Fund v. McFarlin's*, 789 F.2d 98, 100-01 (2nd Cir.
16 1986) (emphasis in original)). A party claiming priority status bears the burden of establishing
17 priority status. *See e.g.*, *In re Terra Distrib., Inc.*, 148 B.R. 598, 600 (Bankr. D. Idaho 1992)
18 (stating that the "burden to demonstrate the elements required for priority status lies upon the
19 claimant"). Secured claims are claims "by creditors against the estate that are secured by a lien on
20 property in which the estate has an interest." *United States v. Ron Pair Enters., Inc.*, 489 U.S.
21 235, 240 (1989).

22 11. The claimants listed on **Exhibit A** and **Exhibit B** have presented no evidence to
23 support their contention that their claim should be entitled to priority or secured status in USA
24 Realty's case. As such, these claimants have not met their burden of showing that their claim is
25 entitled to either secured or priority status, and all claims listed on **Exhibit A** and **Exhibit B**
26 should be classified as general unsecured claims in any event.

27 **V.    CONCLUSION**

28 For the reasons discussed above USA Realty objects to the proofs of claim listed on the

exhibits attached to this Objection and requests that the Court disallow these claims in their entirety. USA Realty also requests such other and further relief as is just and proper.

Dated: March 8, 2007

/s/ Lenard E. Schwartzer, Esq.
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

Attorneys for Debtors

# EXHIBIT A

## USA Capital Realty Advisors, LLC

Unliquidated Litigation Claims - Disallow in their Entirety against USA Realty

| Claimant | Case Number | Proof of Claim Number | Date Claim Filed | Proof of Claim Amount | Proof of Claim Priority | Proposed Treatment/Comments |
|---|---|---|---|---|---|---|
| Clark, Johnny<br>C/O William L McGimsey Esq<br>601 E Charleston Blvd<br>Las Vegas, NV  89104 | 06-10726 | 10726-00043 | 11/13/2006 | $ 99,467.90 | U | Claim should be disallowed in its entirety against USA Realty.  The Proof of Claim is unsupported and merely states that it is based on "Breach of Contract/Fraud."  USA Realty denies liability on account of this claim. |
| Halseth, Daniel R & Sandra K<br>Ttees Of The Halseth Family Tr<br>23 Molas Dr<br>Durango, CO  81301 | 06-10726 | 10726-00065 | 1/9/2007 | Unknown | S, U | Claim should be disallowed in its entirety against USA Realty.  Claimants Direct Lender through USACM and have already asserted the same claim against USACM.  USA Realty denies liability on account of this claim. |
| Kantor Dr, Gary<br>C/O Michael M Schmahl<br>McGuireWoods LLP<br>77 W Wacker Dr #4100<br>Chicago, IL  60601 | 06-10726 | 10726-00061 | 11/13/2006 | Unliquidated | U | Claim should be disallowed in its entirety against USA Realty.  Claimant is a member in DTDF and has already filed the same claim against DTDF.  USA Realty denies all liability on account of this claim. |
| Kantor Nephrology Consultants Ltd<br>C/O Michael M Schmahl<br>McGuireWoods LLP<br>77 W Wacker Dr #4100<br>Chicago, IL  60601 | 06-10726 | 10726-00060 | 11/13/2006 | Unliquidated | U | Claim should be disallowed in its entirety against USA Realty.  Claimant is a member in DTDF and has already filed the same claim against DTDF.  USA Realty denies all liability on account of this claim. |
| Kantor, Lynn M<br>C/O Michael M Schmahl<br>McGuireWoods LLP<br>77 W Wacker Dr #4100<br>Chicago, IL  60601 | 06-10726 | 10726-00063 | 11/13/2006 | Unliquidated | U | Claim should be disallowed in its entirety against USA Realty.  Claimant is a member in DTDF and has already filed the same claim against DTDF.  USA Realty denies all liability on account of this claim. |
| Margaret B McGimsey Trust<br>C/O William L McGimsey Esq<br>601 East Charieston Blvd<br>Las Vegas, NV  89104 | 06-10726 | 10726-00041 | 11/13/2006 | $ 96,094.75 | U | Claim should be disallowed in its entirety against USA Realty.  The Proof of Claim is unsupported and merely states that it is based on "Breach of Contract/Fraud."  USA Realty denies liability on account of this claim. |
| McGimsey, Bruce<br>C/O William L McGimsey Esq<br>601 East Charleston Blvd<br>Las Vegas, NV  89104 | 06-10726 | 10726-00044 | 11/13/2006 | $ 86,171.22 | U | Claim should be disallowed in its entirety against USA Realty.  The Proof of Claim is unsupported and merely states that it is based on "Breach of Contract/Fraud."  USA Realty denies liability on account of this claim. |
| McGimsey, Sharon Or Jerry<br>C/O William L McGimsey Esq<br>601 East Charleston Blvd<br>Las Vegas, NV  89104 | 06-10726 | 10726-00042 | 11/13/2006 | $ 311,091.58 | U | Claim should be disallowed in its entirety against USA Realty.  The Proof of Claim is unsupported and merely states that it is based on "Breach of Contract/Fraud."  USA Realty denies liability on account of this claim. |

**EXHIBIT B**

**USA Capital Realty Advisors, LLC**

Amended and Duplicate Claims - Disallow in their Entirety Against USA Realty

| Claimant | Case Number | Proof of Claim Number | Date Claim Filed | Proof of Claim Amount | Proof of Claim Priority | Proposed Treatment & Comments |
|---|---|---|---|---|---|---|
| Clark, Johnny<br>C/O William L Crimes Esq<br>601 E Charleston Blvd<br>Las Vegas, NV 89104 | 06-10726 | 10726-00055 | 11/13/2006 | $ 99,467.90 | U | Disallow claim in its entirety against USA Realty. Claim is a duplicate of claim 10726-00043. |
| Falvai, Brenda<br>252 N Paseo De Juan<br>Anaheim, CA 92807-2319 | 06-10726 | 10726-00011 | 6/2/2006 | $ 50,933.34 | S | Disallow claim in its entirety against USA Realty. Claims is amended by claim 10726-00012. |
| Falvai, Brenda<br>252 N Paseo De Juan<br>Anaheim, CA 92807-2319 | 06-10726 | 10726-00014 | 6/2/2006 | $ 50,933.34 | S | Disallow claim in its entirety against USA Realty. Claim is amended by claim 10726-00015. |
| Karen Petersen Tyndall Trust Dated 3/9/94<br>C/O Karen Petersen Tyndall Ttee<br>1012 Greystoke Acres St<br>Las Vegas, NV 89145-8659 | 06-10726 | 10726-00047 | 11/10/2006 | $ 1,115,915.59 | S | Disallow claim in its entirety against USA Realty. Claim is a duplicate of claim 10729-00040. |
| Margaret B McGimsey Trust<br>C/O William L McGimsey Esq<br>601 E Charleston Blvd<br>Las Vegas, NV 89104 | 06-10726 | 10726-00057 | 11/13/2006 | $ 96,094.75 | U | Disallow claim in its entirety against USA Realty. Claim is a duplicate of claim 10729-00041. |
| McGimsey, Bruce<br>C/O William L McGimsey Esq<br>601 E Charleston Blvd<br>Las Vegas, NV 89104 | 06-10726 | 10726-00054 | 11/13/2006 | $ 86,171.22 | U | Disallow claim in its entirety against USA Realty. Claim is a duplicate of claim 10729-00044. |
| McGimsey, Sharon Or Jerry<br>C/O William L McGimsey Esq<br>601 E Charleston Blvd<br>Las Vegas, NV 89104 | 06-10726 | 10726-00056 | 11/13/2006 | $ 311,091.58 | U | Disallow claim in its entirety against USA Realty. Claim is a duplicate of claim 10729-00042. |
| Moon, Frieda<br>Trustee Of The Decedent`s Trust Of The Restated Moon Irrevocable Trust<br>2504 Callita Ct<br>Las Vegas, NV 89102 | 06-10726 | 10726-00003 | 5/22/2006 | $ 51,033.34 | S | Disallow claim in its entirety against USA Realty. Claim is a duplicate of claim 10726-00002. |
| Quinn, Edward & Darlene<br>660 NW Brookhaven Dr<br>Lee's Summit, MO 64081 | 06-10726 | 10726-00026 | 7/12/2006 | $ 156,388.48 | S | Disallow claim in its entirety against USA Realty. Claim is a duplicate of claim 10726-00023. |