Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Appellees-Debtors

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company, et al,<br><br>Debtors. | Case No.: 2:07-CV-00138-RCJ-GWF<br><br>BK 06-10725-lbr – (Lead Case Jointly Administered) |
| USA Investment Partners, LLC; Joseph Milanowski; and Thomas Hantges,<br><br>Appellants,<br><br>v.<br><br>USA Commercial Mortgage Company; USA Capital Realty Advisors, LLC; USA Capital Diversified Trust Deed Fund, LLC; USA Capital First Trust Deed Fund, LLC; and USA Securities, LLC,<br><br>Appellees. | **ORDER GRANTING MOTION TO DISMISS APPEAL**<br><br><br><br><br><br>Hearing Date: February 9, 2007<br>Hearing Time: 10:00 a.m. |

This matter comes to the Court on appeal from the orders of the United States Bankruptcy Court, District of Nevada (the "Bankruptcy Court") confirming the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization [Bankruptcy Docket No. 1799](the "Plan") filed by Debtors/Appellees (the "Debtors"). Pursuant to 28 U.S.C. §158(a)(1), this Court has jurisdiction to hear this Appeal.

Debtors have filed an Emergency Motion to Dismiss Appeal, asserting that Appellants lack

1

Order Granting Motion To Dismiss Appeal

standing to prosecute this Appeal. Following briefing and oral argument, the Court grants that motion.

Initially, this Court agrees that the issue of standing is a threshold question which is properly determined by motion, prior to full briefing on the merits of any issues raised by the underlying Appeal. For the reasons stated below, and on the record during oral argument, this Court finds that Appellants do lack standing to prosecute this Appeal.

The Court finds that the issues raised by Appellants, both below and before this Court, relate to their asserted interests (1) as equity holders in Debtor, USA Commercial Mortgage Company ("USACM"); and (2) as account debtors and potential litigation targets as to the various Debtors.[1] The Court finds that Appellants lack standing to prosecute this Appeal for the following reasons, each of which, independently, would constitute grounds for dismissal of the Appeal.

First, the undisputed evidence below establishes that USACM was hopelessly insolvent. As a matter of law, equity holders of an insolvent debtor lack standing to appeal a confirmation order. See, e.g., In re Fondiller, 707 F. 2d 441, 442 (9th Cir. 1983); Skelton v. Clements, 408 F.2d 353, 354 (9th Cir. 1969)(both holding that shareholders of hopelessly insolvent corporation lack standing to appeal orders affecting the size and distribution of the estate). Additionally, to the extent that Appellants claim that they may themselves be liable to creditors for any shortfall, such an interest likewise does not confer standing with regard to plan confirmation. See, e.g., In re Multiple Svc's Indus., Inc., 46 B.R. 235, 236-37 (E.D. Wis. 1985)(guarantor not a "person aggrieved" and lacked standing to appeal order of bankruptcy court).

Second, the only substantive issue raised on appeal relates to the allocation of certain funds between two classes, each of whom are senior to Appellants in distribution priority. Appellants contend that the Plan improperly permits USACM to recoup funds which were improperly paid to certain Direct Lenders, while Appellants contend that a portion of such recouped funds should be retained by such Direct Lenders and unavailable for distribution to creditors. However,

---

[1] While there was discussion at the hearing as to whether Appellants, or any of them, may have general claims in the USACM case, it is clear that Appellants did not make such an argument below, and have therefore waived any right to do so on appeal. See, e.g., In re Lucas Dallas, Inc., 185 B.R. 801, 807 (9th Cir. BAP 1995).

2
Order Granting Motion To Dismiss Appeal

1   Appellants are not themselves Direct Lenders, and thus they seek only to assert purported rights of
2   others.   Appellants simply lack standing to do so.
3         Finally, Appellants lack standing due to their failure to sufficiently preserve their rights
4   below.  Appellants acknowledge that the only evidence they submitted to the Bankruptcy Court
5   consisted of a Declaration which was properly stricken from the record.[2]  Further, the Bankruptcy
6   Court ordered[3] that: "Objections to Confirmation and the Confirmation Brief must have
7   evidentiary support.  Pursuant to Local Rule 9017, alternate direct testimony—i.e., declarations
8   and affidavits, will be used for presenting evidence in connection with the Confirmation Hearing.
9   …"[4]  Appellants failed to comply with this requirement, and therefore the Bankruptcy Court
10  appropriately granted the Debtors' motion to strike Appellants' opposition to Confirmation.
11        Good cause appearing:
12        IT IS HEREBY ORDERED that the above-captioned Appeal be, and the same hereby is,
13  DISMISSED.

Submitted by:
RAY QUINNEY & NEBEKER P.C.
and SCHWARTZER & MCPHERSON LAW FIRM

By: /s/   Jeanette E. McPherson
LENARD E. SCHWARTZER, ESQ.
JEANETTE E. MCPHERSON, ESQ.
ANNETTE W. JARVIS, ESQ.
STEVEN STRONG, ESQ.
*Counsel for Debtors*

Approved/Disapproved by:
WOODBURY & KESSLER, P.C. and
HUGGINS & ASSOCIATES
**\*\*Order provided to Mr. Walker for review on 2/20 but a response has not been received\*\***

By: _____
RUSSELL WALKER, ESQ.
JOSEPH J. HUGGINS, ESQ.
*Counsel for USA Investment Partners, LLC, Joseph Milanowski and Thomas Hantges*

/ / /

/ / /

---

[2]  Upon examination prior to the Confirmation Hearing, the Declarant asserted her Fifth Amendment rights and refused to testify regarding the contents of the Declaration, or even to acknowledge her signature on the Declaration.  In light of this, Appellants did not contest Debtor's request to strike the Declaration.

[3]  Order dated November 16, 2006 [Bankruptcy Docket No. 1800].

[4]  Id. at p. 5, ¶11.

3

Order Granting Motion To Dismiss Appeal

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**ORDER GRANTING MOTION TO DISMISS APPEAL**

**Approved**/Disapproved by:
LEWIS AND ROCA, LLP


By: /s/ Rob Charles
   SUSAN M. FREEMAN, ESQ.
   ROB CHARLES, ESQ.
*Counsel for the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company*

**Approved**/Disapproved by:
ORRICK, HERRINGTON & SUTCLIFFE LLP
and BECKLEY SINGLETON, CHTD.


By: /s/ Bob Olson
   MARC A. LEVINSON, ESQ.
   JEFFERY HERMANN ESQ.
   BOB L. OLSON, ESQ.
   ANNE M. LORADITCH, ESQ.
*Counsel for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC*

**Approved**/Disapproved by:
GORDON & SILVER, LTD.


By: /s/ Gerald Gordon
   GERALD M. GORDON, ESQ.
   GREGORY E. GARMAN, ESQ.
*Counsel for the Official Committee of Holders of Executory Contract Rights of USA Commercial Mortgage Company*

**Approved**/Disapproved by:
STUTMAN TREISTER & GLATT, P.C. and
SHEA & CARLYON, LTD.


By: /s/ Candace Carlyon
   FRANK A. MEROLA, ESQ.
   EVE KARASIK, ESQ.
   CHRISTINE PAJAK, ESQ.
   CANDACE C. CARLYON, ESQ.
*Counsel for the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund LLC*

IT IS SO ORDERED.

_____
HONORABLE ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

DATED this 5th day of March, 2007.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122