The motion is approved; provided, however a hearing shall be held on March 15, 2007 at 9:30 to hear any objections. This stipulations shall be immediately noticed to any entities that have an interest in this loan.

Entered on Docket
March 09, 2007

_____
**Hon. Linda B. Riegle**
**United States Bankruptcy Judge**

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, NV Bar No. 0399
Jeanette E. McPherson, NV Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case Nos. BK-S-06-10725 LBR<br>Case Nos. BK-S-06-10726 LBR<br>Case Nos. BK-S-06-10727 LBR<br>Case Nos. BK-S-06-10728 LBR<br>Case Nos. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **STIPULATION AND ORDER POSTPONING THE TRANSFER OF USACM'S RIGHTS AND ASSETS RELATING TO THE PLACER VINEYARDS LOANS TO THE USACM TRUST [AFFECTS DEBTOR USA COMMERCIAL MORTGAGE]** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |

916526.05/dmm                                   - 1 -

Debtor in Possession USA Commercial Mortgage Company ("USACM"), by and through its counsel Lenard Schwartzer of Schwarter & McPherson Law Firm, the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company (the "UCC Committee"), by and through its counsel Susan Freeman and Rob Charles of Lewis and Roca, LLP, and Compass USA SPE, LLC, successor in interest to Compass Partners, LLC ("Compass"), by and through its counsel, George Davis and Tyson Lomazow of Weil Gotshal & Manges LLP, hereby stipulate and agree as follows:

**WHEREAS,** Compass is the Court approved purchaser of certain assets of USACM and Debtor USA Capital First Trust Deed Fund, LLC ("FTDF"), pursuant to the terms of the Compass Asset Purchase Agreement dated December 8, 2006 ("Compass APA"), which was filed with this Court on December 18, 2006 as Docket No. 2164.

**WHEREAS,** the definition of "Commercial Mortgage Assets" under Section 1.1 of the Compass APA specifically excludes "(vi) loans made to Placer Vineyards and Marquis Hotel, which shall not be included on the Serviced Loan Schedule."

**WHEREAS,** pursuant to this definition in the Compass APA, the assets of USACM relating to the two loans serviced by USACM that are owed by Placer County Land Speculators, LLC on the Placer Vineyards Project (the "Placer Vineyards Loans") were not sold to Compass pursuant to the Compass APA.

**WHEREAS,** after the closing of the sale of assets to Compass pursuant to the Compass APA, Compass has subsequently offered to also purchase from USACM the "Commercial Mortgage Assets" relating to the Placer Vineyards Loans (the "Placer Vineyards Commercial Mortgage Assets") from USACM for the purchase price of Three Hundred Thousand Dollars ($300,000), but only if the sale of the Placer Vineyards Commercial Mortgage Assets to Compass can be sold by USACM and can be sold free and clear of all liens, claims, encumbrances and interests pursuant to 11 U.S.C. § 363(f).

**WHEREAS,** USACM will be filing its "Motion To Sell Under Section 363 All Commercial Mortgage Assets of Debtor USA Commercial Mortgage Company in the Placer Vineyards Loans to Compass USA SPE, LLC" (the "Motion"), pursuant to which USACM will be

1  seeking Court approval of the sale of the Placer Vineyards Commercial Mortgage Assets to
2  Compass, subject to higher and better offers, and USACM will provide notice of the Motion to all
3  of the current Direct Lenders of the Placer Vineyard Loans.

4      **WHEREAS**, it is currently anticipated that the Effective Date (the "Effective Date") of the
5  Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Confirmed Plan") will
6  occur prior to the hearing on the Motion.

7      **WHEREAS,** the Plan contemplates that the USACM Trust (the "USACM Trust") that is
8  to be created and governed pursuant to the Plan will be funded with all assets of the USACM
9  Estate not collected or disposed of prior to the Effective Date of the Confirmed Plan.

10      **WHEREAS,** it is not clear from the Confirmed Plan if the Placer Vineyards Commercial
11  Mortgage Assets are automatically transferred to the USACM Trust on the Effective Date or if
12  USACM has the ability to delay the transfer until such time as USACM is able to reduce the value
13  of the Placer Vineyards Commercial Mortgage Assets to cash, at which time to the cash would be
14  transferred to the USACM Trust.[1]

15      **WHEREAS,** the USACM Trust does not have the ability to sell the Placer Vineyards
16  Commercial Mortgage Assets to Compass under 11 U.S.C. § 363(f) because the USACM Trust is
17  not a Chapter 11 debtor-in-possession.

18      **WHEREAS,** USACM and the UCC Committee have agreed that the Confirmed Plan
19  should be clarified to provide that the transfer of the Placer Vineyards Commercial Mortgage
20  Assets from USACM to the USACM Trust is not automatic on the Effective Date of the
21  Confirmed Plan, and instead should not be effective under the Confirmed Plan until the Motion
22  has been heard and ruled upon by this Court (or until the Motion is withdrawn), and if the Motion
23  is granted, until after the sale of the Placer Vineyards Commercial Mortgage Assets to Compass

---

[1] This uncertainty under the Confirmed Plan arises because the USACM Trust does not administer all of the assets that remain in the USACM estate following the Effective Date of the Confirmed Plan, leaving questions particularly as to the timing of the transfer of certain assets from USACM to the USACM Trust. The same uncertainty does not exist under the Confirmed Plan with respect to Post-Effective Date DTDF (as defined in the Confirmed Plan) because all of the assets to be transferred to Post-Effective Date DTDF under the Confirmed Plan are automatically transferred to and administered by Post-Effective Date DTDF.

916526.05/dmm      - 3 -

1  (or to the purchaser under a higher and better offer, if any) has been completed, at which time the
2  $300,000 cash purchase price will be transferred by USACM to the USACM Trust.

3  **WHEREAS**, USACM and the UCC Committee assert that this clarification of the Plan is
4  not a modification of the Plan because the $300,000 cash purchase price of the Placer Vineyards
5  Commercial Mortgage Assets will be transferred by USACM to the USACM Trust as
6  contemplated by the Plan.

7  **WHEREAS**, because of the imminent occurrence of the Effective Date for the Confirmed
8  Plan, USACM and the UCC Committee agree that the automatic 10 day stay under Bankruptcy
9  Rule 6004(g) should not apply, and this Order should be effective immediately upon its entry.

10  **WHEREAS,** the Official Committee of Holders of Executory Contract Rights Through
11  USA Commercial Mortgage Company (the "Direct Lenders Committee"), the Official Committee
12  of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee"),
13  the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund,
14  LLC (the "DTDF Committee"), and the Office of the United States Trustee have no objection to
15  this Stipulation and Order.

16  **THEREFORE,** in consideration of the foregoing, USACM and the UCC Committee agree
17  as follows:

18  1.  The foregoing recitals are incorporated herein in full.

19  2.  The Confirmed Plan is hereby clarified to provide that the transfer of the Placer
20  Vineyards Commercial Mortgage Assets from USACM to the USACM Trust is not automatic on
21  the Effective Date of the Confirmed Plan, and instead will not be effective under the Confirmed
22  Plan until the Motion has been heard and ruled upon by this Court (or until the Motion is
23  withdrawn), and if the Motion is granted, until after the sale of the Placer Vineyards Commercial
24  Mortgage Assets to Compass (or to the purchaser under a higher and better offer, if any) has been
25  completed, at which time the $300,000 cash purchase price will be transferred by USACM to the
26  USACM Trust.

27  / / /
28  / / /

3. The automatic 10 day stay under Fed. R. Bankr. P. 6004(g) shall not apply to this Order, and this Order shall be effective immediately upon entry of this Order.

   /s/   Tyson M. Lomazow
George A. Davis, Esq.
Tyson M. Lomazow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153
*Counsel for Compass USA SPE, LLC*

   /s/   Rob Charles
Susan M. Freeman, Esq.
Rob Charles, Esq.
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169
40 North Central Avenue, Suite 1900
Phoenix, Arizona  85004-4429
*Counsel for the Official Committee of Unsecured Creditors*

Submitted By:

   /s/   Jeanette E. McPherson
Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
and
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Esq., Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas NV  89146

Attorneys for Debtors

916526.05/dmm                       - 5 -

**STIPULATION AND ORDER POSTPONING THE TRANSFER OF USACM'S RIGHTS AND ASSETS RELATING TO THE PLACER VINEYARDS LOANS TO THE USACM TRUST [AFFECTS DEBTOR USA COMMERCIAL MORTGAGE]**

No Objection by:

| | |
|---|---|
| OFFICE OF THE U.S. TRUSTEE | GORDON & SILVER, LTD. |
| By: /s/ August B. Landis<br>August B. Landis, Esq. | By: /s/ Gerald M. Gordon<br>Gerald M. Gordon, Esq.<br>Gregory E. Garman, Esq.<br>3960 Howard Hughes Parkway, 9th Floor<br>Las Vegas, NV 89169<br>*Counsel for the Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company* |
| STUTMAN, TRIESTER & GLATT, P.C. and SHEA & CARLYON, LTD. | ORRICK, HERRINGTON & SUTCLIFFE LLP AND BECKLEY SINGLETON, CHTD. |
| By: Eve H. Karasik<br>Eve H. Karasik, Esq.<br>Christine Pajak, Esq.<br>1901 Avenue of the Stars, 12th Floor<br>Los Angeles, CA 90067<br>and<br>Candace C. Carlyon, Esq.<br>238 South Fourth Street, First Floor<br>Las Vegas, NV 89101<br>*Counsel for the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC* | By: /s/ Marc A. Levinson<br>Marc A. Levinson, Esq.<br>Jeffrey Herman, Esq.<br>400 Capitol Mall, Suite 3000<br>Sacramento, CA 95814-4497<br>and<br>Anne M. Loraditch, Esq.<br>530 Las Vegas Boulevard South<br>Las Vegas, NV 89101<br>*Counsel for the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC* |

**ORDER**

**IT IS SO ORDERED.**

# # #

916526.05/dmm

- 6 -