Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com
Attorneys for Debtors

**E-FILED on March 9, 2007**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><div align="right">Debtor.</div> | Case Nos. BK-S-06-10725 LBR<br>Case Nos. BK-S-06-10726 LBR<br>Case Nos. BK-S-06-10727 LBR<br>Case Nos. BK-S-06-10728 LBR<br>Case Nos. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><div align="right">Debtor.</div> | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><div align="right">Debtor.</div> | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><div align="right">Debtor.</div> | **MOTION TO SELL UNDER SECTION 363 ALL COMMERCIAL MORTGAGE ASSETS OF DEBTOR USA COMMERCIAL MORTGAGE COMPANY IN THE PLACER VINEYARDS LOANS TO COMPASS USA SPE, LLC [AFFECTS DEBTOR USA COMMERCIAL MORTGAGE COMPANY]** |
| In re:<br>USA SECURITIES, LLC,<br><div align="right">Debtor.</div> | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Date of Hearing:  March 15, 2007<br>Time of Hearing:  9:30 a.m. |

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Debtor in Possession USA COMMERCIAL MORTGAGE COMPANY ("USACM"), by and through its counsel Lenard E. Schwartzer, Esq. of the Schwartzer & McPherson Law Firm, hereby files its "Motion To Sell Under Section 363 All Commercial Mortgage Assets of Debtor USA Commercial Mortgage Company in the Placer Vineyards Loans to Compass USA SPE, LLC" (the "Motion"), requesting that the Court authorize USACM to do the following:

A.    Authorize USACM pursuant to 11 U.S.C. §§ 363(b)(1) and 363(f) to sell to Compass USA SPE, LLC, successor in interest to Compass Partners, LLC ("Compass") the Placer Vineyard Commercial Mortgage Assets (as defined below) of USACM that relate to the Placer Vineyard Loans (as defined below).

This Motion is made and based upon 11 U.S.C. §§ 105, 363(b)(1), and 363(f), the Points and Authorities set forth herein, the Declarations of Thomas J. Allison on file with this Court, and any arguments presented at the hearing on this Motion.  Granting this Motion will benefit not only USACM's bankruptcy estate, but also benefit the Direct Lenders for the Placer Vineyard Loans.

## POINTS AND AUTHORITIES

### General Factual Background

1.    All five Debtors in the caption above (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code on April 13, 2006 (the "Petition Date").  The Debtors continue to operate their businesses and possess their property as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2.    The statutory predicates for the relief requested herein are 11 U.S.C. § 105, 11 U.S.C. § 363(b)(1), and 11 U.S.C. § 363(f).

3.    Compass is the Court approved purchaser of certain assets of USACM and Debtor USA Capital First Trust Deed Fund, LLC ("FTDF"), pursuant to the terms of the Compass Asset Purchase Agreement dated December 8, 2006 ("Compass APA"), which was filed with this Court on December 18, 2006 as Docket No. 2164.  See, Declaration of Thomas J. Allison in Support of Motion To Sell Under Section 363 All Commercial Mortgage Assets of Debtor USA Commercial Mortgage Company in the Placer Vineyards Loans to Compass USA SPE, LLC being filed contemporaneously herewith ("Allison Declaration") at ¶ 5.

P:\USA Commercial Mortgage\Pleadings\Placer Vinyards\Motion_to_Sell_Placer_Vineyards_Loan_Servicing_Rights_to_Compass.DOC

- 2 -

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

4.      The definition of "Commercial Mortgage Assets" under Section 1.1 of the Compass APA specifically excludes "(vi) loans made to Placer Vineyards and Marquis Hotel, which shall not be included on the Serviced Loan Schedule."  See, Allison Declaration at ¶ 6.

5.      Pursuant to this definition in the Compass APA, the assets of USACM relating to the two loans serviced by USACM that are owed by Placer County Land Speculators, LLC on the Placer Vineyards Project (the "Placer Vineyards Loans") were not sold to Compass pursuant to the Compass APA.  See, Allison Declaration at ¶ 7.

6.      The Placer Vineyards Loans are evidenced by the following:

(A)      A Promissory Note dated on or about December 10, 2004, executed by Placer County Land Speculators, LLC, a California limited liability company, in the original principal amount of $27,500,000 (the "Placer Vineyards Senior Note").  The Placer Vineyards Senior Note is secured by a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing recorded on December 20, 2004, as Document No. 2004-0169766 with the Placer County, California, County Recorder, as subsequently amended.  The current principal balance of the Placer Vineyards Senior Note is $31,500,000.  There are currently 343 Direct Lenders for the Placer Vineyards Senior Note.  See, Allison Declaration at ¶ 8(A).

(B)      A Promissory Note dated on or about December 10, 2004, executed by Placer County Land Speculators, LLC, a California limited liability company, in the original principal amount of $6,500,000 (the "Placer Vineyards Junior Note").  The Placer Vineyards Junior Note is secured by a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing recorded on December 20, 2004, as Document No. 2004-0169767 with the Placer County, California County Recorder.  The current principal balance of the Placer Vineyards Junior Note is $6,500,000.  There are currently 118 Direct Lenders for the Placer Vineyards Junior Note.  See, Allison Declaration at ¶ 8(B).

7.      After the closing of the sale of assets to Compass pursuant to the Compass APA, Compass has subsequently offered to also purchase from USACM certain rights and assets of USACM relating to the Placer Vineyards Loans (the "Placer Vineyards Commercial Mortgage Assets," as defined below) from USACM for the purchase price of Three Hundred Thousand

1  Dollars ($300,000), but only if the sale of the Placer Vineyards Commercial Mortgage Assets to

2  Compass can be sold by USACM and can be sold free and clear of all liens, claims, encumbrances

3  and interests pursuant to 11 U.S.C. § 363(f).  See, Allison Declaration at ¶ 9.

4          8.       The term "Placer Vineyards Commercial Mortgage Assets" shall mean the

5  following:  All servicing rights with respect to the Placer Vineyard Loans, including, without

6  limitation, the servicing agreements (the "Servicing Agreements") relating to the Placer Vineyards

7  Loans, any and all Default Rate Interest (as defined in the Compass APA) for the Placer Vineyards

8  Loans, any and all Accrued Servicing Fees (as defined in the Compass APA) for the Placer

9  Vineyards Loans, any and all Late Charges (as defined in the Compass APA) for the Placer

10  Vineyards Loans, any and all Success Fees (as defined in the Compass APA) for the Placer

11  Vineyards Loans, and other fees and sums due the loan servicer under the Servicing Agreements,

12  as well as all proceeds and receivables related solely to USACM's participation interest as a Direct

13  Lender in the Placer Vineyards Loans (if any), but specifically excluding any other assets not

14  specifically identified herein (and without limitation, excluding the excluded types of assets that

15  were excluded in subsections (i) through (v) of the definition of "Commercial Mortgage Assets" in

16  Section 1.1 of the Compass APA).  See, Allison Declaration at ¶ 10.

17          9.       USACM seeks an order that the Placer Vineyards Commercial Mortgage Assets

18  shall be sold and transferred by USACM to Compass free and clear of all liens, claims,

19  encumbrances and interests pursuant to Sections 363(f) and 1146 of the Bankruptcy Code, as

20  complemented by Bankruptcy Rule 6004.  See, Allison Declaration at ¶ 11.  This transfer is

21  referred to herein from time to time as the "363 Sale," which is to be implemented in accordance

22  with this Motion.

23          10.      Section VIII.D of the Debtors' Third Amended Joint Chapter 11 Plan of

24  Reorganization (the "Confirmed Plan") provides that the Bankruptcy Court shall retain exclusive

25  jurisdiction over all matters arising out of and related to the Chapter 11 Cases of the Debtors and

26  the assets and liabilities of the Estates of the Debtors.  USACM also seeks as part of the order

27  approving this Motion a ruling that the Bankruptcy Court, in accordance with Section VIII.D of

28  the Confirmed Plan, retains exclusive jurisdiction over all matters arising out of and related to the

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1   sale of the Placer Vineyards Commercial Mortgage Assets to Compass, including, but not limited

2   to hearing and determining all matters related to the transfer of the Placer Vineyards Commercial

3   Mortgage Assets to Compass.  See, Allison Declaration at ¶ 12.

4           11.     USACM also seeks as part of the order approving this Motion a ruling that

5   Compass is a good faith purchaser of the Placer Vineyards Commercial Mortgage Assets as

6   contemplated by 11 U.S.C. § 363(m).   See, Allison Declaration at ¶ 13.

7                                   **Statement of the Law**

8           12.     USACM was previously engaged in the business of servicing fractional interests in

9   various commercial loans.  As mandated by the Confirmed Plan, USACM is currently liquidating

10  all of its assets and/or transferring them to the USACM Trust.  See, Allison Declaration at ¶ 14.

11          13.     The paramount goal in any proposed sale of property of the estate is to maximize

12  the proceeds received by the estate.  See *Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn*

13  *Stores, Inc.)*, 107 F.3d 558, 564-65 (8th Cir. 1997) ("a primary objective of the Code [is] to

14  enhance the value of the estate at hand"); *In re Atlanta Packaging Prods., Inc.*, 99 B.R. 124, 131

15  (Bankr. N.D. Ga. 1988).

16          14.     Section 105(a) of the Bankruptcy Code allows this Court to "issue any order,

17  process, or judgment that is necessary or appropriate to carry out the provisions of [the

18  Bankruptcy Code]."  11 U.S.C. § 105(a).  Under Section 105(a) of the Bankruptcy Code, the Court

19  has expansive equitable powers to fashion any order or decree that is the interest of preserving or

20  protecting the value of the debtor's assets.  *See, Chinician v. Campolongo (In re Chinichian),* 784

21  F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to

22  fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.")

23          15.     Section 363(f) of the Bankruptcy Code provides that USACM may sell property of

24  the USACM estate, out of the ordinary course of business pursuant to Section 363(b) of the

25  Bankruptcy Code, free and clear of any interest in such property of any entity other than USACM,

26  if: "(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

27  (2) such entity consents; (3) such interest is a lien and the price at which such property is to be

28  sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

P:\USA Commercial Mortgage\Pleadings\Placer Vinyards\Motion_to_Sell_Placer_Vineyards_Loan_Servicing_Rights_to_Compass.DOC

- 5 -

1    fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a

2    money satisfaction of such interest."

3        16.    USACM is not aware of any other entity that claims an interest in the Placer

4    Vineyards Commercial Mortgage Assets.  Therefore, USACM qualifies for a 363 Sale Order

5    under the terms of Section 363(f) to sell the Placer Vineyards Commercial Mortgage Assets under

6    Section 363(b).  See, Allison Declaration at ¶ 15.

7        17.    Section 363(b)(1) provides that a debtor in possession, "after notice and a hearing,

8    may use, sell, or lease, other than in the ordinary course of business, property of the estate."

9    "Section 363 of the [Bankruptcy] Code seems on its face to confer upon the bankruptcy judge

10   virtually unfettered discretion to authorize the use, sale or lease, other than in the ordinary course

11   of business, of property of the estate."  *Committee of Equity Sec. Holders v. Lionel Corp. (In re*

12   *Lionel Corp.),* 722 F.2d 1063, 1069 (2nd Cir. 1983).

13       18.    To approve the use, sale or lease of property other than in the ordinary course of

14   business, there must be "a sound business purpose [that] justifies such actions."  *In re Montgomery*

15   *Ward Holding Corp.,* 242 B.R. 147, 153 (D. Del. 1999).

16       19.    USACM has reviewed Compass's offer to purchase the Placer Vineyards

17   Commercial Mortgage Assets for $300,000.  As a result of USACM's negotiations with Compass,

18   it is USACM's business judgment that the purchase price offered to USACM by Compass for the

19   Placer Vineyards Commercial Mortgage Assets represents the highest and best offer that could be

20   negotiated for the Placer Vineyards Commercial Mortgage Assets at this time.  Accordingly, it is

21   USACM's business judgment that the sale to Compass will maximize the return to the USACM

22   estate from the sale of the Placer Vineyards Commercial Mortgage Assets, and that it would be

23   beneficial to the USACM estate (and ultimately to the USACM Trust that is be formed and funded

24   pursuant to the Confirmed Plan, which is to receive any cash proceeds from the sale of the Placer

25   Vineyards Commercial Mortgage Assets) if USACM accepted the Compass offer to purchase the

26   Placer Vineyards Commercial Mortgage Assets.  See, Allison Declaration at ¶ 16.

27       20.    The sale of the Placer Vineyards Commercial Mortgage Assets to Compass is

28   subject to higher and better offers for the Placer Vineyards Commercial Mortgage Assets.  Any

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

P:\USA Commercial Mortgage\Pleadings\Placer Vinyards\Motion_to_Sell_Placer_Vineyards_Loan_Servicing_Rights_to_Compass.DOC

- 6 -

1    such higher and betters offers for the Placer Vineyards Commercial Mortgage Assets must be in

2    writing and must be received by the undersigned attorneys for USACM at least two (2) business

3    days prior to the hearing before the Bankruptcy Court on this Motion.  Any exceptions to this

4    deadline must be approved by the Bankruptcy Court.  If other written offers are submitted for the

5    Placer Vineyards Commercial Mortgage Assets, the Bankruptcy Court will determine which offer

6    is the highest and best offer for the Placer Vineyards Commercial Mortgage Assets, and if

7    necessary, USACM will request that the Bankruptcy Court conduct an auction for the Placer

8    Vineyards Commercial Mortgage Assets.  See, Allison Declaration at ¶ 17.

9         21.    USACM has been advised that additional significant funding is needed to complete

10    the Placer Vineyards Project and maximize the value that should be realized from the successful

11    completion of the Placer Vineyards Project.  USACM and the USACM Trust will not be able

12    under the terms of the Confirmed Plan to provide any additional funding for the Placer Vineyards

13    Project.  Compass has indicated that it has the resources and the incentive to provide the requested

14    additional funding for the Placer Vineyards Project if it purchases the Placer Vineyards

15    Commercial Mortgage Assets.   See, Allison Declaration at ¶ 18.

16         22.    Compass is not a creditor or interested party in USACM's bankruptcy case (other

17    than by virtue of its purchase of other assets of USACM pursuant to the Compass APA), and

18    Compass therefore qualifies as a good faith purchaser as contemplated by 11 U.S.C. § 363(m).

19    See, Allison Declaration at ¶ 19.

20         23.    Notice of this Motion will be served upon all of the current Direct Lenders for the

21    Placer Vineyards Loans, in addition to the other parties that regularly receive notices of pleadings

22    filed in these bankruptcy cases.  The interests of the current Direct Lenders in the Placer

23    Vineyards Loans (other than any interest of USACM as a Direct Lender in the Placer Vineyards

24    Loans, if any) are not being sold to Compass pursuant to this Motion.  See, Allison Declaration at

25    ¶ 20.

26                              **CONCLUSION**

27         Debtor USACM requests that the Motion be granted, and that the Court:  (a) authorize

28    USACM pursuant to 11 U.S.C. §§ 363(b)(1) and 363(f) to sell to Compass the Placer Vineyard

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  Commercial Mortgage Assets, free and clear of all liens, claims, encumbrances and interests

2  pursuant to 11 U.S.C. § 363(f), for the purchase price of $300,000, and (b) authorize USACM to

3  execute all documents and take all other necessary steps required to implement any of the

4  foregoing actions.

5      DATED: March 8, 2007.

6

7          Annette W. Jarvis, Utah Bar No. 1649
            RAY QUINNEY & NEBEKER P.C.
8          36 South State Street, Suite 1400
            P.O. Box 45385
9          Salt Lake City, Utah 84145-0385

10          and

11

12          _____/s/___Lenard E. Schwartzer, Esq._____
            Lenard E. Schwartzer, Nevada Bar No. 0399
13          Jeanette E. McPherson, Esq., Nevada Bar No. 5423
            SCHWARTZER & MCPHERSON LAW FIRM
14          2850 South Jones Boulevard, Suite 1
            Las Vegas NV  89146
15

16          Attorneys for Debtors and Debtors-in-Possession

17  916523.01/dmm

18

19

20

21

22

23

24

25

26

27

28

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

P:\USA Commercial Mortgage\Pleadings\Placer Vinyards\Motion_to_Sell_Placer_Vineyards_Loan_Servicing_Rights_to_Compass.DOC

- 8 -