Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com
Attorneys for Debtors

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                              Debtor. | Case Nos. BK-S-06-10725 LBR<br>Case Nos. BK-S-06-10726 LBR<br>Case Nos. BK-S-06-10727 LBR<br>Case Nos. BK-S-06-10728 LBR<br>Case Nos. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>**DECLARATION OF THOMAS J. ALLISON IN SUPPORT OF MOTION TO SELL UNDER SECTION 363 ALL COMMERCIAL MORTGAGE ASSETS OF DEBTOR USA COMMERCIAL MORTGAGE COMPANY IN THE PLACER VINEYARDS LOANS TO COMPASS USA SPE, LLC [AFFECTS DEBTOR USA COMMERCIAL MORTGAGE COMPANY]**<br><br>Date of Hearing:  OST Requested<br>Time of Hearing:  OST Requested |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                              Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                              Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                              Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>                                                              Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC | |

914573                                                                 - 1 -

| 1 | ☐ USA First Trust Deed Fund, LLC | |
|---|---|---|

2

3   I, Thomas J. Allison, hereby declare, verify and state as follows:

4   1. I am the President and Chief Restructuring Officer of Debtor USA Commercial Mortgage Company ("USACM"). I make this Declaration in support of the "Motion To Sell Under Section 363 All Commercial Mortgage Assets of Debtor USA Commercial Mortgage Company in the Placer Vineyards Loans to Compass USA SPE, LLC" that is being filed by USACM (the "Motion").

2. Since April 13, 2006, I have been the Court-approved chief restructuring officer of USACM and have had access to USACM's books and records.

3. This Declaration is based upon my personal knowledge or, if so stated, upon information and belief.

4. The Motion requests that the Bankruptcy Court authorize USACM to do the following:

   A. Authorize USACM pursuant to 11 U.S.C. §§ 363(b)(1) and 363(f) to sell to Compass USA SPE, LLC, successor in interest to Compass Partners, LLC ("Compass") the Placer Vineyard Commercial Mortgage Assets (as defined below) of USACM that relate to the Placer Vineyard Loans (as defined below).

5. Compass is the Bankruptcy Court approved purchaser of certain assets of USACM and Debtor USA Capital First Trust Deed Fund, LLC ("FTDF"), pursuant to the terms of the Compass Asset Purchase Agreement dated December 8, 2006 ("Compass APA"), which was filed with the Bankruptcy Court on December 18, 2006 as Docket No. 2164.

914573                                                    - 2 -

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

6. The definition of "Commercial Mortgage Assets" under Section 1.1 of the Compass APA specifically excludes "(vi) loans made to Placer Vineyards and Marquis Hotel, which shall not be included on the Serviced Loan Schedule."

7. Pursuant to this definition in the Compass APA, the assets of USACM relating to the two loans serviced by USACM that are owed by Placer County Land Speculators, LLC on the Placer Vineyards Project (the "Placer Vineyards Loans") were not sold to Compass pursuant to the Compass APA.

8. The Placer Vineyards Loans are evidenced by the following:

(A) A Promissory Note dated on or about December 10, 2004, executed by Placer County Land Speculators, LLC, a California limited liability company, in the original principal amount of $27,500,000 (the "Placer Vineyards Senior Note"). The Placer Vineyards Senior Note is secured by a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing recorded on December 20, 2004, as Document No. 2004-0169766 with the Placer County, California, County Recorder, as subsequently amended. The current principal balance of the Placer Vineyards Senior Note is $31,500,000. There are currently 343 Direct Lenders for the Placer Vineyards Senior Note.

(B) A Promissory Note dated on or about December 10, 2004, executed by Placer County Land Speculators, LLC, a California limited liability company, in the original principal amount of $6,500,000 (the "Placer Vineyards Junior Note"). The Placer Vineyards Junior Note is secured by a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing recorded on December 20, 2004, as Document No. 2004-0169767 with the Placer County, California County Recorder. The current principal balance of the Placer Vineyards Junior Note is $6,500,000. There are currently 118 Direct Lenders for the Placer Vineyards Junior Note.

914573 - 3 -

9. After the closing of the sale of assets to Compass pursuant to the Compass APA, Compass has subsequently offered to also purchase from USACM certain rights and assets of USACM relating to the Placer Vineyards Loans (the "Placer Vineyards Commercial Mortgage Assets," as defined below) from USACM for the purchase price of Three Hundred Thousand Dollars ($300,000), but only if the sale of the Placer Vineyards Commercial Mortgage Assets to Compass can be sold by USACM and can be sold free and clear of all liens, claims, encumbrances and interests pursuant to 11 U.S.C. § 363(f).

10. The term "Placer Vineyards Commercial Mortgage Assets" shall mean the following: All servicing rights with respect to the Placer Vineyard Loans, including, without limitation, the servicing agreements (the "Servicing Agreements") relating to the Placer Vineyards Loans, any and all Default Rate Interest (as defined in the Compass APA) for the Placer Vineyards Loans, any and all Accrued Servicing Fees (as defined in the Compass APA) for the Placer Vineyards Loans, any and all Late Charges (as defined in the Compass APA) for the Placer Vineyards Loans, any and all Success Fees (as defined in the Compass APA) for the Placer Vineyards Loans, and other fees and sums due the loan servicer under the Servicing Agreements, as well as all proceeds and receivables related solely to USACM's participation interest as a Direct Lender in the Placer Vineyards Loans (if any), but specifically excluding any other assets not specifically identified herein (and without limitation, excluding the excluded types of assets that were excluded in subsections (i) through (v) of the definition of "Commercial Mortgage Assets" in Section 1.1 of the Compass APA).

11. USACM is seeking an order that the Placer Vineyards Commercial Mortgage Assets shall be sold and transferred by USACM to Compass free and clear of all liens, claims, encumbrances and interests pursuant to Sections 363(f) and 1146 of the Bankruptcy Code, as

914573                                - 4 -

complemented by Bankruptcy Rule 6004. This transfer is referred to herein from time to time as the "363 Sale," which is to be implemented in accordance with the Motion.

12.  Section VIII.D of the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Confirmed Plan") provides that the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of and related to the Chapter 11 Cases of the Debtors and the assets and liabilities of the Estates of the Debtors. USACM is also seeking as part of the order approving the Motion a ruling that the Bankruptcy Court, in accordance with Section VIII.D of the Confirmed Plan, retains exclusive jurisdiction over all matters arising out of and related to the sale of the Placer Vineyards Commercial Mortgage Assets to Compass, including, but not limited to hearing and determining all matters related to the transfer of the Placer Vineyards Commercial Mortgage Assets to Compass.

13.  USACM is also seeking as part of the order approving the Motion a ruling that Compass is a good faith purchaser of the Placer Vineyards Commercial Mortgage Assets as contemplated by 11 U.S.C. § 363(m).

14.  USACM was previously engaged in the business of servicing fractional interests in various commercial loans. As mandated by the Confirmed Plan, USACM is currently liquidating all of its assets and/or transferring them to the USACM Trust.

15.  USACM is not aware of any other entity that claims an interest in the Placer Vineyards Commercial Mortgage Assets. Therefore, USACM qualifies for a 363 Sale Order under the terms of 11 U.S.C. § 363(f) to sell the Placer Vineyards Commercial Mortgage Assets under 11 U.S.C. § 363(b).

16.  I have reviewed Compass's offer to purchase the Placer Vineyards Commercial Mortgage Assets for $300,000. As a result of USACM's negotiations with Compass, it is my business judgment that the purchase price offered to USACM by Compass for the Placer

914573                                    - 5 -

Vineyards Commercial Mortgage Assets represents the highest and best offer that could be negotiated for the Placer Vineyards Commercial Mortgage Assets at this time. Accordingly, it is my business judgment that the sale to Compass will maximize the return to the USACM estate from the sale of the Placer Vineyards Commercial Mortgage Assets, and that it would be beneficial to the USACM estate (and ultimately to the USACM Trust that is be formed and funded pursuant to the Confirmed Plan, which is to receive any cash proceeds from the sale of the Placer Vineyards Commercial Mortgage Assets) if USACM accepted the Compass offer to purchase the Placer Vineyards Commercial Mortgage Assets.

17. The sale of the Placer Vineyards Commercial Mortgage Assets to Compass is subject to higher and better offers for the Placer Vineyards Commercial Mortgage Assets. Any such higher and betters offers for the Placer Vineyards Commercial Mortgage Assets must be in writing and must be received by the attorneys for USACM at least two (2) business days prior to the hearing before the Bankruptcy Court on the Motion. USACM will request that any exceptions to this deadline must be approved by the Bankruptcy Court. If other written offers are submitted for the Placer Vineyards Commercial Mortgage Assets, USACM will request that the Bankruptcy Court determine which offer is the highest and best offer for the Placer Vineyards Commercial Mortgage Assets, and if necessary, USACM will also request that the Bankruptcy Court conduct an auction for the Placer Vineyards Commercial Mortgage Assets.

18. I have been advised that additional significant funding is needed to complete the Placer Vineyards Project and maximize the value that should be realized from the successful completion of the Placer Vineyards Project. USACM and the USACM Trust will not be able under the terms of the Confirmed Plan to provide any additional funding for the Placer Vineyards Project. Compass has indicated that it has the resources and the incentive to provide the requested

914573                                              - 6 -

additional funding for the Placer Vineyards Project if it purchases the Placer Vineyards Commercial Mortgage Assets.

19.     Compass is not a creditor or interested party in USACM's bankruptcy case (other than by virtue of its purchase of other assets of USACM pursuant to the Compass APA), and Compass therefore qualifies as a good faith purchaser as contemplated by 11 U.S.C. § 363(m).

20.     I have instructed USACM's attorneys that notice of the Motion be served upon all of the current Direct Lenders for the Placer Vineyards Loans, in addition to the other parties that regularly receive notices of pleadings filed in these bankruptcy cases. The interests of the current Direct Lenders in the Placer Vineyards Loans (other than any interest of USACM as a Direct Lender in the Placer Vineyards Loans, if any) are not being sold to Compass pursuant to the Motion.

21.     To summarize, pursuant to the Motion, USACM is requesting that the Bankruptcy Court: (a) authorize USACM pursuant to 11 U.S.C. §§ 363(b)(1) and 363(f) to sell to Compass the Placer Vineyard Commercial Mortgage Assets, free and clear of all liens, claims, encumbrances and interests pursuant to 11 U.S.C. § 363(f), for the purchase price of $300,000, and (b) authorize USACM to execute all documents and take all other necessary steps required to implement any of the foregoing actions.

22.     I declare under penalty of perjury that the foregoing statements are true and correct according to my best knowledge, information and belief.

Executed this 8th day of March, 2007.

_____
Thomas J. Allison

917284.01/dmm

914573                                        - 7 -