Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

E-FILED on March 9, 2007

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                                   Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>**OBJECTION OF USA COMMERCIAL MORTGAGE COMPANY TO CLAIMS FILED BY THE INTERNAL REVENUE SERVICE**<br><br>**(Affects USA Commercial Mortgage Company)**<br><br>Date:  April 26, 2007<br>Time:  9:30 a.m. |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                                   Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                                   Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                                   Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>                                                                   Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |

USA Commercial Mortgage Company ("USACM"), by and through its counsel, hereby files its Objection to Certain Claims Filed by the Internal Revenue Service (the "Objection") and moves this Court, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing claims filed by the Internal Revenue Service identified herein. In support of this Objection, USACM states as follows:

### I. JURISDICTION

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

### II. BACKGROUND

3. On April 13, 2006 (the "Petition Date"), USACM, USA Capital Realty Advisors, LLC ("USA Realty"), USA Securities, LLC ("USA Securities"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with DTDF, the "Funds") (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Post-petition management of the Debtors is under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who serves as the Chief Restructuring Officer.

4. On May 10, 2006, the Office of the United States Trustee filed notices indicating that the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company, the Official Committee of Holders of Executory Contract Rights Through USA Commercial Mortgage Company, the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC, and the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (collectively the "Committees") had been formed. No trustee or examiner has been appointed for any of the Debtors.

5. USACM is a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.

6. On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest (the "Bar Date Order") [Docket No. 1280]. The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file proof of claims

7. On September 25, 2006, the Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358].

8. On November 6, 2006, a stipulation was reached among the Debtors, the Committees, the United States Trustee, and other interested parties extending the Bar Date for Direct Lenders only to file proofs of claim until January 13, 2007 [Docket No. 1729].

9. The Internal Revenue Service (the "IRS") has asserted various claims against USACM in six proofs of claim filed by the IRS (the "IRS Claims"), as follows:

| Claim Number | Date Filed | General Unsecured Amount Claimed | Priority Amount Claimed | Total Amount Claimed |
|---|---|---|---|---|
| 10725-00002 | 04/26/2006 | 400.00 | 13,323.47 | 13,723.47 |
| 10725-00005 | 05/09/2006 | 4,000.00 | 6,142.65 | 10,142.65 |
| 10725-00065 | 07/20/2006 | 0.00 | 930,000.00 | 930,000.00 |
| 10725-00088 | 08/04/2006 | 0.00 | 30,000.00 | 30,000.00 |
| 10725-00103 | 08/17/2006 | 800.00 | 30,000.00 | 30,800.00 |
| [no # assigned] | 12/07/2006 | 800.00 | 0.00 | 800.00 |

10. The IRS Claims do not clearly identify whether each successive proof of claim was intended to entirely replace, or simply add to, the claim(s) set forth in the earlier IRS proof(s) of claim.

11.     The Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan") was confirmed by the Bankruptcy Court by order entered January 8, 2007.

### III.     APPLICABLE AUTHORITY

12.     Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extent that the claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

13.     USACM is entitled to object to proofs of claim under section 502(a) of the Bankruptcy Code, and this Objection is timely under the terms of the Plan.

14.     A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

### IV.     OBJECTIONS TO CLAIMS

15.     As more particularly described herein, USACM seeks in this Objection the disallowance of each of the IRS Claims filed against it.

16.     USACM's records do not indicate any liability owing to the IRS, and USACM is unaware of any basis for such liability. USACM is a pass-through entity for federal income tax purposes, and its Form 1120 tax return for the tax year 2005 was timely filed by the extension date. Further, all payroll tax returns for USACM have been timely filed and paid by its payroll service, ADP.

17.     The IRS has not adequately substantiated the basis for any of the IRS Claims.

4

18. USACM reserves the right to modify, supplement and/or amend this Objection and to raise further objections to the IRS Claims or any other claims against USACM.

19. This Objection is without prejudice to any supplemental or additional objection that may be filed by the USACM Trust (as defined in the Plan), which will be the successor to USACM as of the Effective Date of the Plan.

### V.    CONCLUSION

20. For the reasons set forth above, USACM objects to the IRS Claims and requests that the Court disallow the IRS Claims in their entirety. USACM also requests such other and further relief as is just and proper.

Respectfully submitted this 8TH day of March, 2007.

/s/   Lenard E. Schwartzer, Esq.
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

915703

5