**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429
Facsimile (602) 734-3824
Telephone (602) 262-5756

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 0065934
Email: rcharles@lrlaw.com

Attorneys for Official Unsecured Creditors' Committee for USA Commercial Mortgage Company

E-Filed on 3/12/2007

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| **In re:** | Jointly Administered |
| **USA Commercial Mortgage Company** 06-10725 – Lead Case | Chapter 11 Cases |
| | Judge Linda B. Riegle Presiding |
| **USA Capital Realty Advisors, LLC** 06-10726 | **EX PARTE MOTION TO EXTEND DEADLINE TO OBJECT TO CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES** |
| **USA Capital Diversified Trust Deed Fund, LLC** 06-10728 | |
| **USA Capital First Trust Deed Fund, LLC** 06-10728 | Date: NA<br>Time: NA |
| **USA Securities, LLC** 06-10729                 **Debtors.** | **Affecting:**<br>☐ All Cases<br>**or Only:**<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC |

The Official Unsecured Creditors' Committee for USA Commercial Mortgage Company[1] moves this Court for an order pursuant to 11 U.S.C. § 1142 and Bankruptcy Rule 9006(b) enlarging the deadline for objections to Claims allegedly arising from the

---

[1] Upon the Effective Date of Debtors' Third Amended Joint Chapter 11 Plan of Reorganization, the USACM Trust will take over prosecution of this Motion, as the Committee will cease to exist.

216210.1

rejection by USA Commercial Mortgage Company ("USACM") of executory contracts or unexpired leases. The deadline for such objections is 30 days after the Bar Date for such Claims, which was 30 days after the date of service of notice of entry of the Confirmation Order. This Motion is based upon the following Memorandum of Points and Authorities and is supported by the Court's record and the declaration of Edward M. Burr filed this date.

## MEMORANDUM

### Background

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as modified herein (DE 2376). Notice of entry of the Confirmation Order was filed on January 9, 2007, and served on January 11 and 12, 2007 (DE 2387).

Section V.B.3 of the Plan provides that:

> A request for payment of any and all Claims allegedly arising from a Debtor's rejection of executory contracts or unexpired leases, whether rejected under the Plan or by separate proceeding, must be filed on or before such date as the Court has fixed or may fix by express order; provided, however, that if the Court has not entered an order fixing such a date prior to the Confirmation Hearing, all such requests for payment must be made on or before the first business day which is thirty (30) calendar days after the date of service of notice of entry of the Confirmation Order.

Adding 3 days for service under Bankr. R. 9006(f), the Bar Date for rejection Claims was February 13, 2007. In turn, the deadline to object to such Claims is 30 days after the expiration of the Bar Date under Section VII.A.1 of the Plan. Accordingly, the deadline to object to rejection Claims is March 15, 2007.

Debtors and the Committee have identified the persons or entities listed on USACM's Schedule G as parties to executory contracts or unexpired leases, and the Committee is filing objections to known rejection Claims where appropriate. This Motion addresses a separate problem – it is not possible to determine with certainty in the current environment which Claims in the several thousand proofs of claim that have been filed

216210.1

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

with the Court are Claims that arguably arise out of the rejection of an executory contract or unexpired lease. Further, as of this writing, the Effective Date of the Plan has not yet occurred, and so the USACM Trust does not even exist or have the ability to evaluate rejection Claims.

The Deadline to object to General Unsecured Claims is 90 days after the Effective Date of the Plan under Section VII.A.1. While that deadline itself may be too short, and may require extension, it is also a fair deadline for the analysis and potential objection to rejection Claims.

### Discussion

Bankruptcy Rule 9006(b)(1) provides that as except as otherwise provided by the Rule:

> when an act is required or allowed to be done at or within a specified period by the rules or by a notice given thereunder or by order of court, the court for cause shall at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect.

None of the exceptions in Rule 9006(b)(2) or (3) apply here. Accordingly, the Court may, for the cause shown in this Motion, extend the deadline for objections to claims arising out of the rejection of executory contracts and unexpired leases. Further, it may do so on an *ex parte* basis.

### Conclusion

The Committee requests that the Court enter its order extending the deadline for objections to claims arising out the rejection of executory contracts and unexpired leases until the General Bar Date – 90 days after the Effective Date of the Plan.

216210.1

Dated March 12, 2007.

**LEWIS AND ROCA LLP**

By /s/ RC (#006593)
    Susan M. Freeman, AZ 4199 (pro hac vice)
    Rob Charles, NV 6593
Attorneys for *Official Unsecured Creditors' Committee for USA Commercial Mortgage Company*

216210.1