JANET L. CHUBB, ESQ.
Nevada State Bar No. 176
LOUIS M. BUBALA III, ESQ.
Nevada State Bar No. 8974
JONES VARGAS
100 W. Liberty St, 12th Floor
P.O. Box 281
Reno, NV 89504-0281
Telephone:  775-786-5000
Fax:  775-786-1177
Email:  jlc@jonesvargas.com
   and   tbw@jonesvargas.com
   and   lbubala@jonesvargas.com

Attorneys for Fertitta Enterprises, Inc.

*Electronically Filed on:*
*March 13, 2007*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                                   Debtor.<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                                   Debtor.<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                                   Debtor.<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                                   Debtor.<br><br>USA SECURITIES, LLC,<br>                                                                   Debtor.<br>Affects:<br>☐ All Debtors<br>■ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>■ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>Chapter          11<br><br>**FERTITTA ENTERPRISES, INC.'S AMENDED OPPOSITION TO DEBTORS' MOTION TO AUTHORIZE DEBTOR USA COMMERCIAL MORTGAGE COMPANY AS LOAN SERVICER TO ACCEPT PAYMENTS AND PROVIDE RECONVEYANCES FOR TWO COLT GATEWAY LOANS, WITH CERTIFICATE OF SERVICE**<br><br>Hearing Date:  March 15, 2007<br>Hearing Time:  9:30 am |

Fertitta Enterprises, Inc. ("Fertitta"), by and through its undersigned counsel, files this amended opposition to USA Commercial Mortgage Company's motion for authority as loan servicer to accept payments and provide reconveyances for two Colt Gateway loans (Ct. Dkt. #s 2911-12, 2919-20 & 3011, Motion, Allison Decl., Errata, Allison Decl., & Suppl.). Fertitta is filing this amended response because the original opposition misstated that amounts owed to

1

Fertitta for default interest and late charges on pages five and six. The original opposition provided amount owed, then erroneously discounted the amounts owed to reflect Fertitta's interest in the loan. However, the amounts owed were calculated on Fertitta's share of the loan only and should not have been discounted. The only amendments to the original opposition are changes to the amounts owed to Fertitta for default interest and late charges, contained on pages five and six.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Fertitta opposes this motion because there is insufficient evidence that Colt Gateway can pay off the loans. Colt Gateway has entered into a letter agreement with USA Commercial, agreeing to seek refinancing to pay off the loans. The agreement does not provide evidence that Colt Gateway can actually pay off the loans. When Fertitta asked Colt Gateway for a written confirmation letter for funding to refinance, Fertitta received a nonbinding and unexecuted letter agreement that expired six weeks ago.

Fertitta also opposes the motion because USA Commercial proposes reconveyance without a full payoff to Fertitta on the Colt Gateway #1 Loan. Fertitta, as a lender defined under the loan documents, is contractually entitled to default interest and late fees. Yet USA Commercial is not collecting any default interest with the payoff, and it does not disclose whether any late fees will be paid to Fertitta. Indeed, USA Commercial does not explain how it calculated the payoff or the allocation of the funds it collects at the payoff. Fertitta wants the Colt Gateway #1 Loan paid off and will work with debtors and others to accomplish this. But absent a full payoff with default interest and late fees, Fertitta is not required to reconvey the deed of trust.

### II.  DISCUSSION & ANALYSIS

**A. Procedural History**

On January 17, 2007, Fertitta and Tabas filed a motion for relief from the automatic stay to terminate the loan-servicing agreement for the Colt Gateway loan (Ct. Dkt. #2457). USA Commercial Mortgage Company, USA Capital Diversified Trust Deed Fund, LLC, and the Official Committee of Unsecured Creditors for USA Commercial Mortgage Company opposed the motion (Ct. Dkt. #s 2696-97, 2706), and Fertitta and Tabas replied (Ct. Dkt. #2742). On February

15, 2007, the Court ordered debtors to file a motion for loan payoff on or before February 27, 2007, set a status hearing for March 1, 2007, and continued the motion for stay relief until March 15, 2007 (*See* Ct. Dkt. #2818, Virtual Minute Order).

On February 27, 2007, debtors filed the underlying motion to accept payments and provide reconveyances (Ct. Dkt. #2911). Debtors also filed a supporting declaration from Thomas Allison (Ct. Dkt. #2912), an errata that clarified debtors were not collecting any default interest (Ct. Dkt. #2919), and a conforming declaration from Thomas Allison (Ct. Dkt. #2920). On March 1, 2007, the Court held a status hearing, ordered debtors to file their written agreement with the borrower, and continued the motion until March 15, 2007 (*See* Ct. Dkt. #2964, Virtual Minute Order). On March 7, 2007, debtors filed a letter agreement with the borrower (Ct. Dkt. #3011).

**B. There is insufficient evidence that Colt Gateway can pay off the loans.**

USA Commercial's proposal for a payoff by April 15, 2007, is not supported by Colt Gateway's ability to pay off the loans. The only evidence submitted by debtors concerning a payoff is a letter agreement between USA Commercial and Colt Gateway, stating that "Colt Gateway hereby undertakes to proceed with the loan refinancing and closing on or before April 15, 2007, paying the then current amount due under the Loan Pay-Offs" (Ct. Dkt. #3011). This agreement is no better than an oral promise by Colt Gateway to pay off the loans, in terms of substantiating its ability to pay off the loans.

As of March 12, 2007, Colt Gateway does not have a binding or valid commitment letter for financing to pay off the loans. On that date, William J. Bullard, chief financial officer of Fertitta, spoke with Robert MacFarlane, president of Colt Gateway. Second Decl. of William Bullard, filed contemporaneously with this opposition. Mr. Bullard asked Mr. MacFarlane to provide him with any written commitment Colt Gateway has for financing to pay off the loans. *Id.* Mr. Bullard later received a fax from Mr. MacFarlane consisting of an nonbinding and expired letter offer from PRIF II Acquisition, LLC. *Id.*, Decl. Ex. 1. The letter states that it "constitutes neither an offer nor a commitment by PRIF in any form, but rather summarizes the terms of the proposed transaction." *Id.*, Decl. Ex. 1 at p. 2. Furthermore, it is not executed and states that the terms expired on January 29, 2007. *Id.*, Decl. Ex. 1 at p. 14.

The Court also is asked to approve a payoff without a guaranteed payoff date. As noted above, the letter agreement between USA Commercial and Colt Gateway simply states that Colt Gateway agreed to proceed with loan refinancing to close on or before April 15, 2007 (Ct. Dkt. #3011). This payoff date is contingent upon Colt Gateway's ability to refinance its loans, and there is no evidence in the record that Colt Gateway can actually pay off the loans.

Finally, USA Commercial has not explained how it calculated the payoff figures or how it intends to allocate any payoff to the individual lenders. Without supporting payoff calculations, Fertitta cannot assess whether USA Commercial is seeking the proper amount to pay off Colt Gateway #1 Loan. Similarly, without the individual allocations and supporting calculations, Fertitta cannot assess whether it will receive the amount it is owed on the Colt Gateway #1 Loan.

**C. Fertitta is entitled to default interest and late fees, and is not required to reconvey the deed of trust if it does not receive them.**

Even if there is a basis to find the Colt Gateway can pay off the loans, USA Commercial has not proposed a full payoff. Fertitta is contractually entitled to collect default interest and late fees owed under the loan documents. USA Commercial ignores Fertitta's rights and seeks a payoff without collecting Fertitta's default interest and late charges. Since USA Commercial is not seeking a full payoff, Fertitta is not required to reconvey the deed of trust.

Fertitta's right to default interest is a simple question of contract interpretation. *Accord Harrington Props., Inc. v. Peterson*, 973 P.2d 1004, 1007 (Utah App. 1999) (interpreting contract terms to determine rights to default interest). Because Fertitta did not enter into a loan-servicing agreement for the Colt Gateway #1 Loan, it is not subject to the contractual terms that USA Commercial imposed on the other lenders in this loan with the loan-servicing agreements (Ct. Dkt. #2457, Mtn. for Stay Relief at 3 & Ex. D, Subpoena & Strong email; Ct. Dkt. #2459, [First] Bullard Decl. ¶4.). Fertitta, as a lender as defined in the loan documents and is entitled to its contractual benefits.

Fertitta has not assigned or waived any of its rights as a lender on the note and, therefore, is entitled to default interest on the loan. The preamble to the promissory note defines Fertitta as a "Lender" and states that the "Borrower promise to pay to Lender . . . the principal sum . . . ,

4

together with interest as provided herein." Ct. Dkt. #2457, Mtn. for Stay Relief, Ex. G, Note. The promissory note also provides that in the event of a default, "all amounts owing under the Note and all sums owing under the Loan Documents shall bear interest at a default rate equal to twenty percent."[1] *Id.* at ¶9. The deed of trust also provides that the lender "shall have the right thereafter to insist upon the strict performance . . . of any and all of the terms and provisions of this mortgage or the note secured hereby." Ct. Dkt. #2457, Mtn. for Stay Relief, Ex. H, Mortgage Deed at 5.

Fertitta never assigned or waived its right to collect interest at the default rate. Second Bullard Decl. Although default interest under the note is discretionary, a lender only foregoes default interest with an affirmative and express waiver. *Harrington Properties*, 973 P.2d at 1009-10; *Meyers Way Dev. Ltd. P'ship v. University Sav. Bank*, 910 P.2d 1308, 1318 (Wash. App. 1996), *citing Wagner v. Wagner*, 621 P.2d 1279 (Wash. 1980). Again, Fertitta has not affirmatively or expressly waived default interest on this loan, and USA Commercial has no authority to waive the default interest on Fertitta's behalf.

Default interest is significant on the Colt Gateway #1 Loan because it has been in default for more than three years ago. The original note is dated December 22, 2002. Ct. Dkt. #2457, Mtn. for Stay Relief, Ex. G, Note. The note, by its own terms, matured one year later on December 22, 2003. *Id.* at ¶3. Fertitta has not authorized, seen, or executed an extension of the note. Second Bullard Decl. The failure to pay the loan at maturity is an event of default under the note. Ct. Dkt. #2457, Mtn. for Stay Relief, Ex. G, Note at ¶7. Therefore, the borrower owes Fertitta default interest since December 23, 2003. There is no full payoff unless Fertitta receives the default interest.

Colt Gateway owes $310,688.57 to Fertitta in default interest from January 1, 2004, through February 28, 2007, based on the 5 percent increase in the interest rate after Colt Gateway's default and the outstanding balance owed Fertitta as listed on the investor history report from USA Commercial. Second Bullard Decl. & Ex. 2, Spreadsheet & Report.

---

[1] Default interest is 5 percent greater than the loan's standard interest rate of 15 percent. Ct. Dkt. #2457, Mtn. for Stay Relief, Ex. G, Note at ¶¶ 1, 9.

Fertitta also is entitled to late charges.  The promissory note provides that the borrower owes the lenders a late fee of five percent of the amount owed if payments are delinquent, including the failure to pay off the loan at maturity.  *Id.* at ¶8.  Fertitta never waived any late fees owed by the borrower.  Second Bullard Decl.  Thus, the Colt Gateway owes $163,069.69 in late fees to Fertitta, pursuant to the terms of the loan documents that impose a 5 percent late charge on the outstanding balance when Colt Gateway defaulted because it did not pay off the loan at maturity.  Second Bullard Decl.  Although USA Commercial's errata to the motion states that it is collecting $89,937.41 in late fees on the Colt Gateway #1 Loan, the errata does not specify whether USA Commercial intends to provide those fees to Fertitta.  There is no full payoff unless Fertitta receives the late charges.

The arrangement presented to the court, without default interest and late charges paid to Fertitta, is nothing more than a partial payoff.  Although Nevada allows a partial discharge for a partial payoff, NRS 107.078, that is not the case here.  USA Commercial seeks a complete discharge and reconveyance for a partial payoff.  But there is no duty to reconvey in the event of a partial payoff.  *See* Harry D. Miller, 4 *Miller & Starr California Real Estate* § 10:113 at 349 & n.12 (3d ed. 2000), *citing Stub v. Belmont*, 20 Cal.2d 208, 215, 124, P.2d 826 (1942).  Since USA Commercial has not proposed a payoff of the full amount owed to Fertitta, Fertitta is not required to reconvey the deed of trust.

USA Commercial ignores Fertitta's rights with its motion.  By attempting to waive Ferttita's default interest and late charges, USA Commercial seeks to subrogate Fertitta's rights in those funds to the lenders in the second-tier loan.  Furthermore, Fertitta's <u>secured</u> rights in the default interest and late fees also are being subrogated to USA Commercial's <u>unsecured</u> right to a $1.7-million origination fee, which will be paid in full under the terms contained in the motion.  Again, Fertitta is not required to reconvey the deed of trust to the borrower unless it receives a full payoff including default interest and late charges.

Case 06-10725-gwz    Doc 3063    Entered 03/13/07 16:01:43    Page 7 of 12


### III. CONCLUSION

USA Commercial's motion should be denied because there is insufficient evidence that Colt Gateway can pay off the loans. USA Commercial submits a letter in which Colt Gateway agreed to proceed with refinancing, and Fertitta received a stale, nonbinding and unexecuted agreement when it asked Colt Gateway for a commitment letter to pay off the loans. Regardless, the propose payoff violates Fertitta's contractual rights as a lender to default interest and late fees. Nearly $475,000 in default interest and late charges have accrued. Fertitta, as the holder of almost 46 percent interest in the loan, is entitled to more than $217,000. Fertitta has never assigned or waived its rights to those monies. Yet USA Commercial proposed a payoff that does not included Fertitta's default interest and late fees. This is unacceptable, and Fertitta is not required to reconvey the deed of trust unless it receives a full payoff including its share of the default interest and late fees.

DATED this 13th day of March, 2007.

JONES VARGAS

  //s//Louis M. Bubala III_____

JANET L. CHUBB, ESQUIRE
LOUIS M. BUBALA III, ESQUIRE
100 W. Liberty St., 12th Floor
P.O. Box 281
Reno, NV 89504-0281
775-786-5000

# CERTIFICATE OF SERVICE

1. On March 12, 2007, I served the following document(s):

**FERTITTA ENTERPRISES, INC.'S AMENDED OPPOSITION TO DEBTORS' MOTION TO AUTHORIZE DEBTOR USA COMMERCIAL MORTGAGE COMPANY AS LOAN SERVICER TO ACCEPT PAYMENTS AND PROVIDE RECONVEYANCES FOR TWO COLT GATEWAY LOANS, WITH CERTIFICATE OF SERVICE**

2. I served the above-named document(s) by the following means to the persons as listed below:

■ a. **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

- MICHELLE L. ABRAMS    mabrams@mabramslaw.com
- FRANKLIN C. ADAMS    franklin.adams@bbklaw.com, arthur.johnston@bbklaw.com
- NANCY L ALLF    nallf@parsonsbehle.com, klawrence@parsonsbehle.com;tthomas@parsonsbehle.com;ecf@parsonsbehle.com
- FRANK A. ANDERSON    anderson.frank@pbgc.gov, efile@pbgc.gov
- OGONNA M. ATAMOH    oatamoh@nevadafirm.com, bkecf@nevadafirm.com;paltstatt@nevadafirm.com;sliberio@nevadafirm.com
- KERIANN M ATENCIO    ATENCIOK@GTLAW.COM
- BMC GROUP, INC.    evrato@bmcgroup.com, ecf@bmcgroup.com;jmiller@bmcgroup.com;jbartlett@bmcgroup.com
- GEORGANNE W. BRADLEY    georganne.bradley@bullivant.com, mary.opatrny@bullivant.com
- KELLY J. BRINKMAN    kbrinkman@gooldpatterson.com
- THOMAS R BROOKSBANK    tom@tombrooksbank.com, renee@tombrooksbank.com
- ANDREW M. BRUMBY    abrumby@shutts-law.com, rhicks@shutts-law.com;lmackson@shutts-law.com
- LOUIS M. BUBALA    lbubala@jonesvargas.com, tbw@jonesvargas.com;bjlingenfelter@jonesvargas.com
- MATTHEW Q. CALLISTER    mqc@callister-reynolds.com, maggie@callister-reynolds.com
- CANDACE C CARLYON    ltreadway@sheacarlyon.com, ccarlyon@sheacarlyon.com; bankruptcyfilings@sheacarlyon.com; rmsmith@sheacarlyon.com
- ROB CHARLES    rcharles@lrlaw.com, cjordan@lrlaw.com
- MICHAEL W. CHEN    yvette@ccfirm.com
- KEVIN B. CHRISTENSEN    kbchrislaw@aol.com
- JANET L. CHUBB    tbw@jonesvargas.com
- JEFFREY A. COGAN    jeffrey@jeffreycogan.com, sarah@jeffreycogan.com
- WILLIAM D COPE    cope_guerra@yahoo.com
- CICI CUNNINGHAM    bankruptcy@rocgd.com
- LAUREL E. DAVIS    bklsclv@lionelsawyer.com, ldavis@lionelsawyer.com;gbagley@lionelsawyer.com;ldavisesq@aol.com
- DEBT ACQUISITION COMPANY OF AMERICA V, LLC (tf)    tfette@daca4.com
- THOMAS H. FELL    BANKRUPTCYNOTICES@GORDONSILVER.COM

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000    Fax: (775) 786-1177

- SCOTT D. FLEMING   sfleming@halelane.com, dbergsing@halelane.com,ecfvegas@halelane.com
- GREGORY E GARMAN   bankruptcynotices@gordonsilver.com
- WADE B. GOCHNOUR   wgochnour@hwmlvlaw.com, donnat@hwmlvlaw.com
- CARLOS A. GONZALEZ   carlos.gonzalez2@usdoj.gov, Darlene.Ruckard@usdoj.gov;Eunice.Jones@usdoj.gov;Sue.Knight@usdoj.gov
- GERALD M GORDON   bankruptcynotices@gordonsilver.com
- R. VAUGHN GOURLEY   vgourley@lvcm.com
- TALITHA B. GRAY   bankruptcynotices@gordonsilver.com
- JAMES D. GREENE   bknotice@schrecklaw.com
- MARJORIE A. GUYMON   bankruptcy@goldguylaw.com, ddias@goldguylaw.com
- JEFFREY R. HALL   jhall@sheacarlyon.com, bankruptcyfilings@sheacarlyon.com;aboehmer@sheacarlyon.com;ltreadway@sheacarlyon.com;rmsmith@sheacarlyon.com
- XANNA R. HARDMAN   xanna.hardman@gmail.com
- STEPHEN R HARRIS   noticesbh&p@renolaw.biz
- JEFFREY L HARTMAN   notices@bankruptcyreno.com
- BRIGID M. HIGGINS   bankruptcynotices@gordonsilver.com
- JOHN HINDERAKER   JHindera@LRL.com
- RICHARD F. HOLLEY   rholley@nevadafirm.com, paltstatt@nevadafirm.com;vnelson@nevadafirm.com;sliberio@nevadafirm.com;bkecf@nevadafirm.com
- RANDOLPH L. HOWARD   rhoward@klnevada.com, ckishi@klnevada.com;bankruptcy@klnevada.com
- DAVID W. HUSTON   dwh@hustonlaw.net, swaits@hustonlaw.net
- CHRISTOPHER D JAIME   cjaime@waltherkey.com, kbernhar@waltherkey.com
- EVAN L. JAMES   ejameslv@earthlink.net, kbchrislaw@aol.com
- ANNETTE W JARVIS   ajarvis@rqn.com
- TY E. KEHOE   TyKehoeLaw@aol.com
- ROBERT R. KINAS   rkinas@swlaw.com, jmcbee@swlaw.com;jmath@swlaw.com;imccord@swlaw.com
- DEAN T. KIRBY   dkirby@kirbymac.com, jhebert@kirbymac.com;lackerman@kirbymac.com
- ZACHARIAH LARSON   ecf@lslawnv.com
- JOHN J. LAXAGUE   jlaxague@caneclark.com
- GEORGE C LAZAR   glazar@foxjohns.com, gclazar@sbcglobal.net
- NILE LEATHAM   nleatham@klnevada.com, ckishi@klnevada.com;bankruptcy@klnevada.com
- ROBERT C. LEPOME   rlepome@cox.net, smstanton@cox.net
- ANNE M. LORADITCH   ecffilings@beckleylaw.com, aloraditch@beckleylaw.com;pkois@beckleylaw.com
- PATRICIA A. MARR   jjllaw@leelaw.lvcoxmail.com, lvlaw03@yahoo.com;mark@leelaw.lvcoxmail.com
- JAMES C. MCCARROLL   , dturetsky@reedsmith.com;aleonard@reedsmith.com
- REGINA M. MCCONNELL   rmcconnell@kssattorneys.com
- WILLIAM L. MCGIMSEY   lawoffices601@lvcoxmail.com
- RICHARD MCKNIGHT   mcknightlaw@cox.net, gkopang@lawlasvegas.com;cburke@lawlasvegas.com

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

- JEANETTE E. MCPHERSON   bkfilings@s-mlaw.com
- JEANETTE E. MCPHERSON   bkfilings@s-mlaw.com
- SHAWN W MILLER   bankruptcyfilings@sheacarlyon.com, smiller@sheacarlyon.com;aboehmer@sheacarlyon.com;ltreadway@sheacarlyon.com;rsmith@sheacarlyon.com
- DAVID MINCIN   mcknightlaw@cox.net, gkopang@lawlasvegas.com;dmincin@lawlasvegas.com,cburke@lawlasvegas.com
- JOHN F MURTHA   jmurtha@woodburnandwedge.com
- ERVEN T. NELSON   erv@rlbolick.com, susan@rlbolick.com
- VICTORIA L NELSON   bkecf@nevadafirm.com, vnelson@nevadafirm.com;paltstatt@nevadafirm.com;rholley@nevadafirm.com;sliberio@nevadafirm.com
- BOB L. OLSON   ecffilings@beckleylaw.com, bolson@beckleylaw.com;dgriffis@beckleylaw.com
- DONNA M. OSBORN   ebaker@marquisaurbach.com, dosborn@marquisaurbach.com;tszostek@marquisaurbach.com;kgallegos@MarquisAurbach.com
- ANDREW M. PARLEN   aparlen@stutman.com
- DONALD T. POLEDNAK   sandplegal@yahoo.com, spbankruptcy@yahoo.com
- PAUL C RAY   info@johnpeterlee.com
- CHRISTINE A ROBERTS   bankruptcy@rocgd.com
- SUSAN WILLIAMS SCANN   sscann@deanerlaw.com, palexander@deanerlaw.com
- LENARD E. SCHWARTZER   bkfilings@s-mlaw.com
- JAMES PATRICK SHEA   bankruptcyfilings@sheacarlyon.com, ltreadway@sheacarlyon.com;rmsmith@sheacarlyon.com;aboehmer@sheacarlyon.com
- SHLOMO S. SHERMAN   ssherman@sheacarlyon.com, aboehmer@sheacarlyon.com;bankruptcyfilings@sheacarlyon.com;ltreadway@sheacarlyon.com;rmsmith@sheacarlyon.com
- AMBRISH S. SIDHU   ecf@lslawnv.com
- JEFFREY G. SLOANE   gjklepel@yahoo.com, rmcconnell@kssattorneys.com
- ALAN R SMITH   mail@asmithlaw.com, turk@asmithlaw.com;marsh@asmithlaw.com;darby@asmithlaw.com
- DAVID A. STEPHENS   dstephens@lvcm.com
- PETER SUSI   cheryl@msmlaw.com, msm@msmlaw.com
- JEFFREY R. SYLVESTER   jeff@sylvesterpolednak.com, David@sylvesterpolednak.com
- CARYN S. TIJSSELING   ctijsseling@beckleylaw.com, jblair@beckleylaw.com
- AMY N. TIRRE   , lleverett@kkbrf.com
- AMY N. TIRRE   atirre@kkbrf.com, lleverett@kkbrf.com
- U.S. TRUSTEE - LV - 11   USTPRegion17.lv.ecf@usdoj.gov
- GREGORY J. WALCH   GWalch@Nevadafirm.com
- RUSSELL S. WALKER   rwalker@wklawpc.com, eloveridge@wklawpc.com;lboynton@wklawpc.com;ckirk@wklawpc.com
- WHITNEY B. WARNICK   wbw@albrightstoddard.com, bstessel@albrightstoddard.com
- WILLIAM J. WRAY   wjw@oreillylawgroup.com, rh@oreillylawgroup.com,bc@oreillylawgroup.com,lc@oreillylawgroup.com,ddh@oreillylawgroup.com,mr@oreillylawgroup.com
- JOAN C WRIGHT   jwright@allisonmackenzie.com, jbrooks@allisonmackenzie.com

- MATTHEW C. ZIRZOW    bankruptcynotices@gordonsilver.com
- ANTHONY A. ZMAILA    azmaila@nevadafirm.com, bkecf@nevadafirm.com;mbarnes@nevadafirm.com,paltstatt@nevadafirm.com

☐ b. **United States mail, postage fully prepaid** (list persons and addresses):

☐ c. **Personal Service** (list persons and addresses):
I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

■ d. **By direct email (as opposed to through the ECF System)** (list persons and email addresses):

**Frank Merola, Eve Karasik & Christine M. Pajak**
fmerola@stutman.com: ekarasik@stutman.com; cpajak@stutman.com

**Marc A. Levinson & Lynn Trinka Ernce**
malevinson@orick.com;lernce@orrick.com

**Andrew Welcher c/o William E. Winfield,**
wwinfield@nchc.com

**Steven C. Strong, & Douglas M. Monson**
sstrong@rqn.com; dmonson@rqn.com

**Leonard E. Schwartzer**
Lschwartzer@s-mlaw.com

**Susan M. Freeman**
sfreeman@lrlaw.com

**August B. Landis**
Augie.landis@usdoj.gov

**Nevada Mortgage Lending Division**
**Attn: Susan Eckhardt**
seckhardt@mld.nv.gov

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. **By fax transmission** (list persons and fax numbers):

11

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

9  f.  **By messenger**:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed blow and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service).

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 13th day of March, 2007.

| _Louis M. Bubala III_ | _//s// Louis M. Bubala III_ |
|---|---|
| Name | Signature |