Richard F. Holley, Esq. (NV Bar No. 3077)
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:    702/791-1912
Email:    vnelson@nevadafirm.com

E-Filed: <u>March 13, 2007</u>

*Attorneys for Del and Ernestine Bunch*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>              Debtor.<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>              Debtor.<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>              Debtor.<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>              Debtor.<br>In re:<br>USA SECURITIES, LLC,<br>              Debtor.<br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>Chapter 11<br><br>**Jointly Administered under**<br>**Case No. BK-S-06-10725-LBR**<br><br>**MOTION TO COMPEL PRODUCTION**<br><br>Date of Hearing:    OST PENDING<br>Time of Hearing:    OST PENDING<br><br>Judge:    Hon. Linda B. Riegle |

Del and Ernestine Bunch ("Bunch"), through their counsel the law firm of Santoro, Driggs, Walch, Kearney, Johnson & Thompson, submit this Motion to Compel Production for Request ("Motion") for Production of Documents and Second Request for Production of Documents ("Discovery Requests") propounded against Debtor USA Commercial Mortgage ("USACM" or "Debtor"), based on the following grounds and the following reasons: (1) Debtor has failed to timely respond to the Bunch's request that the Debtor provide supplemental discovery in connection to Debtor's deficient responses to the Discovery Requests received by

06725-01/149006

Debtor on January 25, 2007. Bunch moves this Court for an Order Compelling Debtor to comply with discovery obligations set forth in FRCP 34(b), which requires Debtor (1) to respond to and/or produce supplemental documents in response to Bunch's initial and subsequent Discovery Requests, and (2) to pay Bunch's reasonable expenses incurred, including attorney's fees, caused by Debtor's continuing failure to supplement its responses to the deficient Discovery Requests pursuant to FRCP 37(a) & (d).

This Motion is made and based upon the attached memorandum of points and authorities, the papers and pleading on file, the Certificate of Compliance, and the Declarations of Del Bunch (the "Bunch Declaration") and Richard F. Holley, Esq. in support of the Motion (the "Holley Declaration"), and any oral argument that the Court may entertain at the hearing on this matter.

## CERTIFICATE OF COMPLIANCE WITH F.R.C.P. 37

As set forth in more detail below and in the attached declarations, counsel for the Movants certify that pursuant to Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure, incorporated by Rule 7037 of the Bankruptcy Rules of Civil Procedure, governing failure to make discovery and sanctions, they attempted to resolve this discovery matter with Debtor's counsel, Lenard E. Schwartzer, Esq., prior to filing this Motion. Specifically, Ms. Atamoh and Mr. Holley had separate telephone conversations with Debtor's counsel, first on February 26, 2007, requesting the Debtor's production in response to the Discovery Requests. Debtor's counsel advised counsel that he had not received documents responsive to the Discovery Requests, and again on February 27, 2007. During the second conversation with Debtor's counsel, Mr. Schwartzer informed our firm that he made an attempt to contact Debtor as to the status of the production of documents responsive to the Discovery Request, but that he received no response to his inquiry.

On February 28, 2007, Schwartzer explained that he did not have possession of any documents responsive to the Discovery Requests, and the documents would not be timely produced, as they would not be available for Bunch's review until Utah counsel, Elaine A. Monson, reviewed them first. Schwartzer advised our firm that he should have the documents

after the March 1, 2007 morning hearing, and that the documents should be available for Bunch's review by March 2, 2007. Schwartzer further advised our firm that he believed the production would be substantial.

On March 2, 2007, our office received the written responses to the Discovery Requests. In a letter prepared by Richard F. Holley, Esq., outlining the deficient responses to the Discovery Requests, Bunch requested that the Debtor supplement the deficient discovery by close of business, March 8, 2007, or alternatively face a motion to compel production, with a request for attorney's fees and costs to bring the same. On March 9, 2007, Schwartzer advised our firm it would be easiest if he could produce a disk containing all of Debtor's checks and bank statements. According to Schwartzer, he believed the disk was stored and held by Utah counsel, and that he had made efforts to contact Utah counsel, Elaine A. Monson and Mark W. Pugsley at Ray Quinney & Nebeker. Schwartzer believed that the disk would be available by Monday, March 12, 2007. On March 12, 2007, and March 13, 2007, Schwartzer advised our firm that his inquiries to Attorneys Monson and Pugsley had gone unanswered, and thus he was unable to confirm when any production, by disk or any other method, would be made.

Despite our best efforts, Debtor has not produced the supplemental documents pursuant to the letter dated March 5, 2007, in connection with Debtor's deficient responses to the respective Requests for Production. Accordingly, Bunch has no alternative but to seek this Court's assistance to compel Debtor to produce supplemental documents responsive to the Discovery Requests.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BRIEF STATEMENT OF FACTS

1. On January 25, 2007, Bunch propounded upon Debtor a Request for Production of Documents. See Holley Declaration.

2. On January 25, 2007, Bunch also propounded upon Debtor a Second Request for Production of Documents. See Holley Declaration.

. . .

. . .

- 3 -

06725-01/149006

3. Debtor's counsel executed a Receipt of Copy on January 25, 2007, acknowledging receipt of both Discovery Requests. A true and correct of the Receipt of Copy is attached to the Holley Declaration as **Exhibit "1."**

4. The time for Debtor to respond to the Discovery Requests expired February 26, 2007. See Holley Declaration.

5. On February 26, 2007, Mr. Bunch personally contacted Susan Smith, who is employed by Mesirow Financial Consulting, and discussed, among other things, the status of the document production in response to the Discovery Requests. See Bunch Declaration.

6. During Mr. Bunch's telephone conversation, Ms. Smith informed Mr. Bunch that she forwarded certain documents to counsel for the proposed liquidating trustee. Ms. Smith did not specify which documents were sent to counsel, or to whom specifically she sent the documents. According to Ms. Smith, it is her understanding that proposed trustee's counsel is currently in the process of globally categorizing and indexing certain documents, that may or may not be responsive to the Discovery Requests. See Bunch Declaration.

7. Ms. Smith did not state to Mr. Bunch that the Debtor would timely respond to the Discovery Requests, nor did she indicate when a responsive production of documents would in fact be made by Debtor. See Bunch Declaration.

8. On February 26, 2007, counsel for Bunch contacted Debtor's counsel, requesting that Debtor produce documents in response to the Discovery Requests. During the conversation, counsel for the Debtor advised he had not received documents responsive to the Discovery Requests. See Holley Declaration.

9. On February 27, 2007, counsel for Bunch again contacted Debtor's counsel, during which time Debtor's counsel advised he made an attempt to contact Debtor as to the status of the production of documents responsive to the Discovery Requests, but that he received no response to his inquiry. See Holley Declaration.

10. On March 2, 2007, Bunch received the written responses to the Discovery Requests.

. . .

- 4 -

06725-01/149006

11. In a March 5, 2007, letter prepared by Richard F. Holley, Esq. outlining the deficient responses to the Discovery Requests, Bunch requested that the Debtor supplement the deficient discovery by March 8, 2007, to avoid a motion to compel. A true and correct copy of the letter dated March 5, 2007, is attached to the Holley Declaration as **Exhibit "2."**

12. On March 9, 2007, Schwartzer advised Ms. Atamoh that it would be easiest if Debtor could produce a disk containing all of Debtor's checks and bank statements. According to Schwartzer, he believed the disk was stored and held by Utah counsel, and that he had made efforts to contact Utah counsel, Elaine A. Monson and Mark W. Pugsley at Ray Quinney & Nebeker. Schwartzer believed that the disk would be available by Monday, March 12, 2007. See Atamoh Declaration.

13. On March 12, 2007, Richard F. Holley, Esq., counsel for Bunch, contacted Schwartzer to confirm the status of the delivery of the disk to Bunch, during which time Schwartzer advised that the disk was in the possession of Debtor's Utah counsel, Elaine A. Monson, and that he had not received a response to his inquiries regarding the status of the disk and delivery of same. See Holley Declaration.

14. On March 13, 2007, Richard F. Holley, Esq. again contacted Schwartzer inquiring into the status of the production of the disk. During this conversation, Schwartzer informed Mr. Holley that Attorney Monson still had not responded to his inquiries, that attorney Monson was out of the office until Thursday, March 15, 2007, and that he was unable to confirm when the disk would be produced to Bunch. See Holley Declaration.

15. As of the date of this Motion, Debtor has not made a supplemental production in response to the March 5, 2007, letter outlining the deficiencies in Debtor's Discovery Responses. See Holley Declaration.

16. Under the circumstances, it is necessary to have the Motion heard on shortened time to compel Debtor to supplement its Discovery Responses in a timely manner. Bunch believes that the information is important to his defense to the Debtor's claim objection and there is no justification for not producing the requested documents. See Holley Declaration.

. . .

- 5 -

06725-01/149006

17. Debtor raises no privilege as the basis for failing to supplement its response to the Discovery Requests. See Holley Declaration

18. Debtor provides Bunch with no timeline when it will be able to respond to the supplemental requests for production. See Holley Declaration

19. Debtor has produced insufficient documents responsive to the Discovery Requests, but raised no objections to the Discovery Requests as of time of the filing of this Motion. See Holley Declaration.

## II.   LEGAL ANALYSIS AND ARGUMENT

Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the requesting party may invoke Rule 37 of the Federal Rules of Civil Procedure in connection with failures to respond to requests for the production of documents.

> **(b) Procedure.**...The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

See FED. R. CIV. P. 34(b).

Rule 37 of the Federal Rules of Civil Procedure governs the failure to cooperate in discovery and the issuance of sanctions, and provides, in pertinent part, as follows:

> (B) If a ...party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation , or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort secure the information or material without court action.
>
> **(3) Evasive or Incomplete Disclosure, Answer or Response.** For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.

See FED. R. CIV. P. 37(a)(2)(B) & (a)(3).

Rule 37 also governs the payment of expenses and sanctions in favor of the discovering party in the event a motion to compel is granted, and provides in relevant part as follows:

. . .

- 6 -

06725-01/149006

> (A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party of deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees…

See FED. R. CIV. P. 37(a)(4).

The United States Supreme Court has long held that the discovery rules are a device used to narrow and clarify the basic issues between the parties, and used to ascertain the facts, or information as to the existence or whereabouts of facts relative to the issues of the case. See Hickman v. Taylor, 329 U.S. 495, 500 (1947). Rule 26 of the Federal Rules of Civil Procedure sets forth that the parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. See FED. R. CIV. P. 26(b)(1). Bunch's requests for a supplement production goes to the heart of Bunch's contentions, as Bunch believes that the information is important to his defense to the Debtor's claim objection and there is no justification for not producing the requested documents.

The Debtor has failed to timely respond to the Discovery Requests, and subsequently failed to supplement its deficient discovery responses. Rule 34 of the Federal Rules of Civil Procedure provides that the party upon whom the request is served shall serve a written response within 30 days after the service of the request. See FED. R. CIV. P. 34(b). Rule 37(a)(3) sets forth that incomplete response to discovery requests are treated as a failure to respond. See FED. R. CIV. 37(a)(3).

Debtor received the Discovery Requests on January 25, 2007. See Receipt of Copy, **Exhibit "1"** to the Holley Declaration. The Debtor untimely responded to the Discovery Requests, and failed to supplement the deficient responses in a timely manner as requested in the March 5, 2007 letter. See March 5, 2007, **Exhibit "2"** to the Holley Declaration. The Debtor raises no privilege as the basis for failing to supplement the Discovery Request. The Debtor provides no timeline when it will be able to supplement the deficient Discover Requests. Rule 37(a)(3) expressly provides that an evasive incomplete response is to be treated as a failure to respond. Further, Debtor's continuing failure to timely supplement the Discovery Request is

- 7 -

06725-01/149006

without justification, and as such, Bunch's Motion to Compel Production should be granted in its entirety.

## CONCLUSION

Based upon the points and authorities presented to the Court as well as the evidence at hearing, the Bunches request that the Court compel Debtor to respond to Bunch's request to supplement the discovery responses to the first Request for Production and the Second Request for Production pursuant to FRCP 37(a)(2) and (a)(3). Additionally, the Bunches request pursuant to FRCP 37(a)(4), that this Court order Debtor to pay the reasonable expenses incurred by the Bunches in filing this Motion, including attorney's fees.

Respectfully Submitted,

DATED this _16th_ day of March, 2007.

SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON

Richard F. Holley, Esq. (NV Bar No. 3077)
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: 702/791-0308
Facsimile: 702/791-1912
*Attorneys for Del and Ernestine Bunch*

06725-01/149006

- 8 -