Richard F. Holley, Esq. (NV Bar No. 3077)
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:   702/791-0308
Facsimile:   702/791-1912
Email:   vnelson@nevadafirm.com

E-Filed: March 13, 2007

*Attorneys for Del and Ernestine Bunch*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor.<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor.<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor.<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor.<br>In re:<br>USA SECURITIES, LLC,<br>Debtor.<br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>Chapter 11<br><br>**Jointly Administered under**<br>**Case No. BK-S-06-10725-LBR**<br><br>**DECLARATION OF OGONNA M. ATAMOH, ESQ.**<br><br>Date of Hearing:   OST PENDING<br>Time of Hearing:   OST PENDING<br><br>Judge:   Hon. Linda B. Riegle |

I, Ogonna M. Atamoh Esq., under oath and under penalty of perjury say:

1.   I am an attorney duly licensed to practice law in the State of Nevada. I am admitted to practice law before this Court.

2.   I am an associate with the law firm of Santoro, Driggs, Walch, Kearney, Johnson & Thompson (the "Santoro Firm"), attorneys for Del and Ernestine Bunch ("Creditors") in the above-captioned proceeding.

. . .

06725-01/149207

3. I am over the age of 18 and am mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so.

4. I have personal knowledge of the facts set forth herein. With respect to matters based upon information and belief, I believe the statements made to be true and correct.

5. I make this Declaration in Support of the Ex Parte Application For Order Shortening Time For Hearing On Motion to Compel (the "Ex Parte Application") and in support of the Motion to Compel.

6. The Motion to Compel ("Motion") needs to be heard on shortened time, because the Debtor's responses to the two separate requests for production ("Discovery Requests") are deficient.

7. On February 28, 2007, counsel for Bunch requested Debtor's permission to hear the Motion to Compel on shortened time for Debtor's failure to timely produce any documents responsive to the requests for production. Lenard E. Schwartzer, Esq. ("Schwartzer"), counsel for the Debtor and Debtors-in-Possession, had no objection to holding the hearing on shortened time, but advised the documents should be available by March 2, 2007.

8. Schwartzer explained that he did not have possession of any documents responsive to the Discovery Requests, and the documents would not be available for our review until Utah counsel, Elaine A. Monson reviewed them first. Schwartzer advised he should have the documents after the March 1, 2007 morning hearing, and that the documents should be available for Bunch's review by March 2, 2007. Schwartzer further advised that he believed the production would be substantial.

9. On March 2, 2007, our office received the written responses to the Discovery Requests. In a March 5, 2007, letter prepared by Richard F. Holley, Esq. outlining the deficient responses to the Discovery Requests, Bunch requested that the Debtor supplement the deficient discovery.

10. During a telephone conversation I had with Schwartzer on March 9, 2007, Schwartzer advised it would be easiest if he could produce a disk containing all of Debtor's checks and bank statements. Schwartzer informed me he believed the disk was stored and held

- 2 -

06725-01/149207

by Utah counsel, and that he had made efforts to contact Utah counsel, Elaine A. Monson and Mark W. Pugsley at Ray Quinney & Nebeker. Schwartzer believed that the disk would be available by Monday, March 12, 2007.

11. During the March 9, 2007 conversation, I requested the Motion to Compel be heard on shortened time, and Schwartzer stated he had no objection to having the matter heard on shortened time, but requested the matter not be heard on March 15, 2007, and instead proposed to have the matter heard on March 27, 2007.

12. Bunch would like the matter heard on shortened time before March 27, 2007.

13. As of the date of this declaration, the Debtor has not produced the disk or any other supplemental production, and Schwartzer is unable to confirm when Bunch can expect the Debtor to produce the disk.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

Dated this ___ day of March, 2007.

OGONNA M. ATAMOH, ESQ.

06725-01/149207

- 3 -