Richard F. Holley, Esq. (NV Bar No. 3077)
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:  702/791-0308
Facsimile:  702/791-1912
Email:  vnelson@nevadafirm.com

E-Filed: March 13, 2007

*Attorneys for Del and Ernestine Bunch*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>　　　　　　　　　　　Debtor.<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>　　　　　　　　　　　Debtor.<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>　　　　　　　　　　　Debtor.<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>　　　　　　　　　　　Debtor.<br>In re:<br>USA SECURITIES, LLC,<br>　　　　　　　　　　　Debtor.<br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>Chapter 11<br><br>**Jointly Administered under**<br>**Case No. BK-S-06-10725-LBR**<br><br>**EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR MOTION TO COMPEL PRODUCTION**<br><br>Date of Hearing:   OST PENDING<br>Time of Hearing:   OST PENDING<br><br>Judge:   Hon. Linda B. Riegle |

Del Bunch and Ernestine Bunch, Creditors in this matter ("Bunch") submit this Ex Parte Application for Order Shortening Time to Hear Motion to Compel Production ("Application"). This Application is made and based upon Fed. R. Bankr. P. 9006 and L.R. 9006, the following memorandum of points and authorities, the Declarations of Richard F. Holley, Esq. ("Holley Declaration") and Ogonna M. Atamoh, Esq. ("Atamoh Declaration"), the Attorney Information Sheet filed contemporaneously with this Application, and the papers and pleadings on file in this matter.

06725-01/149201

WHEREFORE, Creditors respectfully requests that this Honorable Court grant this Application and issue an order shortening time to hear the Motion to Compel Production (the "Motion") and for such other relief as is just and proper.

DATED this __13th__ day of March, 2007.

SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON

Richard F. Holley, Esq. (NV Bar No. 3077)
Ogonna M. Atamoh, Esq. (NV Bar No 7589.)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:702/791-0308
Facsimile: 702/791-1912
*Attorneys for Del Bunch and Ernestine Bunch*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF FACTS

1. On January 25, 2007, Bunch propounded upon Debtor a Request for Production of Documents. See Holley Declaration.

2. On January 25, 2007, Bunch also propounded upon Debtor a Second Request for Production of Documents. See Holley Declaration.

3. Debtor's counsel executed a Receipt of Copy on January 25, 2007, acknowledging receipt of both Discovery Requests. A true and correct of the Receipt of Copy is attached to the Holley Declaration as **Exhibit "1."**

4. The time for Debtor to respond to the Discovery Requests expired February 26, 2007. See Holley Declaration.

5. On February 26, 2007, Mr. Bunch personally contacted Susan Smith, who is employed by Mesirow Financial Consulting, and discussed, among other things, the status of the document production in response to the Discovery Requests. See Bunch Declaration.

. . .

- 2 -

06725-01/149201

6. During Mr. Bunch's telephone conversation, Ms. Smith informed Mr. Bunch that she forwarded certain documents to counsel for the proposed liquidating trustee. Ms. Smith did not specify which documents were sent to counsel, or to whom specifically she sent the documents. According to Ms. Smith, it is her understanding that proposed trustee's counsel is currently in the process of globally categorizing and indexing certain documents, that may or may not be responsive to the Discovery Requests. See Bunch Declaration.

7. Ms. Smith did not state to Mr. Bunch that the Debtor would timely respond to the Discovery Requests, nor did she indicate when a responsive production of documents would in fact be made by Debtor. See Bunch Declaration.

8. On February 26, 2007, counsel for Bunch contacted Debtor's counsel, requesting that Debtor produce documents in response to the Discovery Requests. During the conversation, counsel for the Debtor advised he had not received documents responsive to the Discovery Requests. See Holley Declaration.

9. On February 27, 2007, counsel for Bunch again contacted Debtor's counsel, during which time Debtor's counsel advised he made an attempt to contact Debtor as to the status of the production of documents responsive to the Discovery Requests, but that he received no response to his inquiry. See Holley Declaration.

10. On March 2, 2007, Bunch received the written responses to the Discovery Requests.

11. In a March 5, 2007, letter prepared by Richard F. Holley, Esq. outlining the deficient responses to the Discovery Requests, Bunch requested that the Debtor supplement the deficient discovery by March 8, 2007, to avoid a motion to compel. A true and correct copy of the letter dated March 5, 2007, is attached to the Holley Declaration as **Exhibit "2."**

12. On March 9, 2007, Schwartzer advised Ms. Atamoh that it would be easiest if Debtor could produce a disk containing all of Debtor's checks and bank statements. According to Schwartzer, he believed the disk was stored and held by Utah counsel, and that he had made

. . .

. . .

06725-01/149201

- 3 -

efforts to contact Utah counsel, Elaine A. Monson and Mark W. Pugsley at Ray Quinney & Nebeker. Schwartzer believed that the disk would be available by Monday, March 12, 2007. See Atamoh Declaration.

13. On March 12, 2007, Richard F. Holley, Esq., counsel for Bunch, contacted Schwartzer to confirm the status of the delivery of the disk to Bunch, during which time Schwartzer advised that the disk was in the possession of Debtor's Utah counsel, Elaine A. Monson, and that he had not received a response to his inquiries regarding the status of the disk and delivery of same. See Holley Declaration.

14. On March 13, 2007, Richard F. Holley, Esq. again contacted Schwartzer inquiring into the status of the production of the disk. During this conversation, Schwartzer informed Mr. Holley that Attorney Monson still had not responded to his inquiries, that attorney Monson was out of the office until Thursday, March 15, 2007, and that he was unable to confirm when the disk would be produced to Bunch. See Holley Declaration.

15. As of the date of this Motion, Debtor has not made a supplemental production in response to the March 5, 2007, letter outlining the deficiencies in Debtor's Discovery Responses. See Holley Declaration.

16. Under the circumstances, it is necessary to have the Motion heard on shortened time to compel Debtor to supplement its Discovery Responses in a timely manner. Bunch believes that the information is important to his defense to the Debtor's claim objection and there is no justification for not producing the requested documents. See Holley Declaration.

## II.    LEGAL ANALYSIS AND ARGUMENT

11 U.S.C. § 105 allows this Court to issue such orders as are necessary to carry out the provisions of this title. See FED. R. BANKR. P. 9006(c)(1) generally permits a Bankruptcy Court, for cause shown and in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules. Bankruptcy Rule 9006(c)(1) provides as follows:

> Except as provide in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

- 4 -

06725-01/149201

See FED. R. BANKR. P. 9006(c)(1). Local Rule 9006 stipulates the procedure for obtaining an order shortening the time for a hearing. According to Local Rule 9006(b), every motion for an order shortening time must be accompanied by an affidavit stating the reasons for an expedited hearing. The reasons for the expedited hearing are set forth in the Holley Declaration and the Atamoh Declaration.

Local Rule 9006 requires the moving party to submit an Attorney Information Sheet indicating whether opposing counsel was provided with notice, whether opposing counsel consented to the hearing on an order shortening time, the date counsel was provided with notice and how notice was provided or attempted to be provided. The Creditors submit an Attorney Information Sheet contemporaneously with this Application.

The Debtor provides no timeline when it will be able to supplement the deficient Discover Requests. Debtor's failure to supplement is effectively a failure to respond under Rule 37(a)(3) under the Federal Rules of Civil Procedure. Further, Debtor's continuing failure to timely supplement the Discovery Request and continued delay is without justification, and as such, Bunch's Motion to Compel Production should be granted in its entirety.

### III.  CONCLUSION

WHEREFORE, based on the foregoing, Del Bunch and Ernestine Bunch respectfully request this Court issue an order shortening time to hear the Motion and for such other and further relief as this Court deems just and proper.

DATED this _13th_ day of March, 2007.

SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON

Richard F. Holley, Esq. (NV Bar No. 3077)
Ogonna M. Atamoh, Esq. (NV Bar No 7589.)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: 702/791-0308
Facsimile: 702/791-1912
*Attorneys for Del Bunch and Ernestine Bunch*

06725-01/149201