**LEWIS AND ROCA LLP**
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 3/13/07

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br>                                      Debtors.<br><br>**Affects:**<br> ¨ All Debtors<br> × USA Commercial Mortgage Company<br> ¨ USA Capital Realty Advisors, LLC<br> ¨ USA Capital Diversified Trust Deed Fund, LLC<br> ¨ USA Capital First Trust Deed Fund, LLC<br> ¨ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**USACM LIQUIDATING TRUST'S MOTION TO CLASSIFY CLAIMS FILED BY TANAMERA CORPORATE CENTER LLC IN PLAN CLASS A-7, AND RESERVATION OF COUNTERCLAIMS AND OBJECTIONS** |

     The USACM Liquidating Trust (the "USACM Trust") moves this Court for an order determining that the Claims of Tanamera Corporate Center, LLC filed by Sergio del Canizo ("Tanamera") (Claim No. 61-1, as amended by No. 61-2), and the disputed claim listed on the USACM Amended Schedules for Tanamera (jointly, the "Claim") is included in Class A-7 as a Subordinated Claim under the confirmed Third Amended Joint Chapter 11 Plan of Reorganization ("Plan"), and reserves the right to file counterclaims against Tanamera and objections to the Tanamera Claim. This objection is explained in the

1817106.1

following memorandum and is supported by the Court's record and the declaration of Edward M. Burr filed this date.

## I.     JURISDICTION

1.     The Court has jurisdiction over this objection, motion and reservation of rights pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2.     The statutory predicate for the relief requested herein are 11 U.S.C. §§ 502, 510(c), 1142 and Bankruptcy Rule 3007.

## II.     BACKGROUND

3.     On April 13, 2006 (the "Petition Date"), USACM and other debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  USACM continued to operate its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, under new management by Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

4.     Tanamera leased office space to USACM pursuant to a lease dated March 16, 2005 (the "Lease").

5.     On January 8, 2007, the Court entered an order confirming the Plan [Docket No. 2376].  Under section I.A. of the Plan, any and all Claims of Non-Debtor Insiders against USACM are "Subordinated Claims."  "Non-Debtor Insiders" is defined to mean any Insider that is not a Debtor, and expressly includes, without limitation, the IP Parties, any Affiliate of the Debtors and the IP Parties, and Insiders of the IP Parties.  The "IP Parties" are defined to mean Joseph Milanowski, Thomas Hantges, Paul Hamilton, and USA Investment Partners, LLC ("USAIP").  "Insider" includes any partnership in which the person is a general partner, or corporation of which the person is a director, officer, or person in control.  Plan § I.A.; 11 U.S.C. §§ 101(31).  "Affiliates" include any corporation

LEWIS AND ROCA LLP
LAWYERS

20% or more of whose outstanding voting securities are directly or indirectly owned or controlled by a person that directly or indirectly owns or controls 20% or more of the outstanding voting securities of any Debtor.  Plan § I.A.; 11 U.S.C. §§ 101(2)(B), (15).

6. Tanamera is a Nevada limited liability company.  According to its 2004 Articles of Incorporation (Ex. 1), Messrs. Hantges and Milanowski were two of its three managers.  The records thereafter are inconsistent.  A January 26, 2005 filing listed DDH Financial Corp. and B&L Investments, Inc. as its managers; a February 24, 2005 filing listed DDH Financial Corp. and USAIP as the managers; and an October 27, 2005 filing likewise listed DDH and USAIP as the managers, showing this arrangement as continuing through December 2006 (Ex. 2).  The most recent filing (Ex. 3) shows B&L Investments along with DDH Financial as the managers.  The members are not listed in any of the public filings.  This information is sufficient to show an Insider relationship during at least most of the USACM bankruptcy case, and also show USAIP as one of the managers when the lease was signed.[1]

7. Pursuant to section II.C.1. of the Plan, all payment to holders of Allowed Subordinated Claims is subordinated to the payment in full, plus interest, of all Allowed Penalty Claims, which in turn are subordinated to the payment in full, plus interest, of all Allowed General Unsecured Claims.  The Plan explains that no distribution to holders of Allowed Subordinated Claims is anticipated.

8. The Plan also provided for rejection of most executory contracts, including the Tanamera Lease, through not including it in the Schedule of assumed contracts and leases.  Plan V.B.  Tanamera was required to file any Claim arising from the rejection of the Lease by the first business day which was 30 days after the notice of entry of the Confirmation Order was sent.

---

[1] The USACM Liquidating Trust reserves the right to amend and expand this objection after discovery to elicit additional facts.

1817106.1

LEWIS AND ROCA LLP
LAWYERS

9. Tanamera was listed in the USACM Schedules as a party to an executory contract with USACM in the form of a real property lease of office space. [Docket 784, Schedule G].

10. On July 14, 2006, Tanamera filed a proof of claim, which it amended on November 2, 2006, with an amended proof of claim in the amount of $66,668.00 [Claim Number 61-2].

### III. APPLICABLE AUTHORITY

11. Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extent that the claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

12. The USACM Liquidating Trust is entitled to object to proofs of claim under § 502(a) of the Bankruptcy Code, and this filing is timely under the terms of the Plan and related orders. The USACM Liquidating Trust is also entitled to implement the Plan pursuant to Bankruptcy Code § 1142, including by obtaining an order that a particular holder of a claim is a member of a particular class under the Plan.

13. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

1817106.1

LEWIS AND ROCA LLP
LAWYERS

14. Tanamera's Claim is a Subordinated Claim, and is properly classified as a member of Class A-7, Subordinated Claims against USACM, under the terms of the Plan. Tanamera filed no objection to Plan confirmation, and the Plan is effective and binding.

15. The USACM Liquidating Trust reserves all counterclaims against Tanamera, and further reserves the right to modify, supplement and/or amend this objection and to raise further objections to the Tanamera Claim.

## IV.   CONCLUSION

For the reasons set forth above, the USACM Liquidating Trust moves for an order determining that the Tanamera Claim is included in Class A-7, Subordinated Claims, under the Plan, and reserving all other objections to the Claim and counterclaims of the USACM Liquidating Trust. The USACM Liquidating Trust also requests such other and further relief as is just and proper.

Dated March 13, 2007.

**LEWIS AND ROCA LLP**

By /s/ RC (#006593)
Susan M. Freeman, AZ 4199 (pro hac vice)
Rob Charles, NV 6593
*Attorneys for the USACM Liquidating Trust*

1817106.1

Copy of the foregoing e-mailed or Mailed this 13th day of March, 2007 to:

Sergio Del Canizo, Tanamara Corporate Center, LLC
Sergio Del Canizo
3136 Hyde Park Dr.
Napa, CA 94558


  s/ Christine E. Laurel
Christine E. Laurel
Lewis and Roca LLP
