LEWIS
AND
ROCA
LLP
L A W Y E R S

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-0961
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona  85004-4429

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on March 13, 2007

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **In re:** | Jointly Administered |
| **USA Commercial Mortgage Company**<br>**06-10725 – Lead Case** | Chapter 11 Cases |
| | Judge Linda B. Riegle Presiding |
| **USA Capital Realty Advisors, LLC**<br>**06-10726** | **OBJECTION OF THE USACM** |
| **USA Capital Diversified Trust Deed Fund,**<br>**LLC**<br>**06-10727** | **LIQUIDATING TRUST TO PROOF**<br>**OF CLAIM FILED BY COPPER**<br>**SAGE COMMERCIAL CENTER LLC**<br>**(CLAIM N0. 792)** |
| **USA Capital First Trust Deed Fund, LLC**<br>**06-10728** | **Affecting:** |
| **USA Securities, LLC**<br>**06-10729** | ¨ All Cases |
| **Debtors.** | **or Only:** |
| | × USA Commercial Mortgage Company |
| | ¨ USA Capital Realty Advisors, LLC |
| | ¨ USA Capital Diversified Trust Deed Fund,<br>LLC |
| | ¨ USA Capital First Trust Deed Fund, LLC |
| | ¨ USA Securities, LLC |

The USACM Liquidating Trust objects to Claim No. 792 ("Claim") filed by

Copper Sage Commercial Center LLC ("Copper Sage") and moves this Court, pursuant to

§ 502 of title 11 of the U.S. Bankruptcy Code (the "Bankruptcy Code"), Rule 3007 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007 of the

Local Rules of Bankruptcy Practice (the "Local Rules") for an order granting the relief

sought by this objection.  This objection is explained in the following memorandum and is

supported by the Court's record and the declaration of Edward M. Burr filed this date.

1816017.1

LEWIS
AND
ROCA
LLP
L A W Y E R S

## I.    JURISDICTION

A.    The Court has jurisdiction over this objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. §157 (b)(2)(B).

B.    The statutory predicate for the relief requested herein is 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II.    BACKGROUND

A.    On April 13, 2006 ("Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Capital Realty Advisors, LLC ("USA Realty") USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with DTDF, the "Funds"), and USA Securities, LLC ("USA Securities") (collectively the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  Management duties of USACM were conducted by Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow") who serves as the President and Chief Restructuring Officer.

B.    On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein (the "Confirmation Order") confirming Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan").

C.    Under the Plan, the USACM Liquidating Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

D.    The USACM Liquidating Trust exists on the Effective Date of the Plan, which was March 12, 2007.

E.    USACM originated loans for borrowers and solicited the funding of such loans from numerous individuals and entities (collectively, the "Direct Lenders").  Upon information and belief, with few exceptions, USACM originated loans that provided for a

2

LEWIS
AND
ROCA
LLP
L A W Y E R S

mandatory initial funding amount with any additional funding to be made solely at the discretion of the Direct Lenders.  Upon further information and belief, when USACM arranged an increase in the original loan amount, USACM solicited the existing Direct Lenders in the original loan for the additional funds.  Absent the affirmation decision by the Direct Lenders to invest additional funds, the original loan would not be increased.

F.    Copper Sage filed its Claim on November 9, 2006, claiming an unsecured debt of $3,500,000 for "breach of contract."  Copper Sage filed an amended Proof of Claim on November 13, 2006, claiming an unsecured debt of $3,500,000 for "Breach of Contract, Intentional Misrepresentation and other theories."

G.    Copper Sage appended to its Claim an incomplete copy of a Construction Loan Agreement between Copper Sage as borrower and a group of direct lenders ("Copper Sage Direct Lenders") as lender, dated March 1, 2006 ("Loan Agreement").

H.    The Copper Sage Direct Lenders funded the initial loan in the amount of $3,550,000.  The Loan Agreement provides that the principal advanced under the promissory note may be increased to $11,300,000, but does not oblige USACM or the Copper Sage Direct Lenders to advance loan funds to Copper Sage beyond the initial principal amount of $3,550,000.

I.    Also attached to the Claim is a copy of a Deed of Trust, Assignments of Rents, Security Agreement and Fixture Filing dated March 1, 2006 by and between Copper Sage as Trustor, First American Title Insurance Company as Trustee, and the Copper Sage Direct Lenders as Beneficiary ("Deed of Trust").  The Deed of Trust states that it for the purpose of securing payment of Trustor's Promissory Note in the initial principal amount of $3,550,000, and provides that the principal amount of the Promissory Note may be increased to $11,300,000.

J.    The Deed of Trust does not oblige the Copper Sage Direct Lenders to advance loan funds to Copper Sage beyond the initial principal amount of $3,550,000.

1816017.1

LEWIS
AND
ROCA
LLP
L A W Y E R S

K.      Also attached to the Claim is a copy of Trustor's Promissory Note secured by a Deed of Trust dated March 1, 2006 in the amount of $3,550,000 ("Note"), which was made by Copper Sage for the benefit of the Copper Sage Direct Lenders.  The Note provides that the principal amount of the note may be increased to $11,300,000.

L.      The Note does not oblige the Copper Sage Direct Lenders to advance loan funds to Copper Sage beyond the initial principal amount of $3,550,500.

### III.    APPLICABLE AUTHORITIES

A.      Pursuant to § 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extend that the claim is "unenforceable against the debtor … under any … applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).

B.      The USACM Liquidating Trust is entitled to object to proofs of claim under § 502(a) of the Bankruptcy Code and confirmed Plan of Reorganization.

C.      A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  See *Ashford v. Consolidated Pioneer Mortg.* (*In re Consolidated Pioneer Mortg.*), 178 B.R. 222, 226 (B.A.P. 9th Circ. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).  The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant."  *Lundell v. Anchor Constr. Specialists, Inc.* (*In re Lundell*), 223 F.3d 1035, 1039 (9th Cir. 2000).

### IV.    OBJECTION TO COPPER SAGE'S CLAIM

A.      The USACM Liquidating Trust has analyzed Copper Sage's Claim and contends that USACM has no liability on account of this Claim.

4

1816017.1

LEWIS
AND
ROCA
LLP
L A W Y E R S

B.      The documentation attached to the Claim is incomplete, i.e. pages are missing from the Loan Agreement, and the documentation provided does not substantiate the Claim.

C.      Notwithstanding this, the clear and unambiguous terms of the Loan Agreement did not oblige USACM or the Copper Sage Direct Lenders to advance loan funds to Copper Sage beyond the initial principal amount of $3,550,500.  Therefore, Copper Sage's Claim based upon breach of contract, intentional misrepresentation, or any other theory, is without merit.

D.      Further, the clear and unambiguous terms of the Deed of Trust and Promissory Note gave Copper Sate Direct Lenders the right, but not the obligation, to advance additional funds beyond $3,550,500.  Therefore, Copper Sage's Claim based upon breach of contract claim, intentional misrepresentation, or any other theory, is without merit.

E.      The USACM Liquidating Trust believes that the damages stated in the Claim are over stated, are subject to mitigation and reduction, and are unliquidated and speculative.

F.      The USACM Liquidating Trust further believes that the Claim is subject to affirmative defenses including without limitation that Copper Sage's Claim is barred by the statute of frauds, estoppel, waiver, the economic loss doctrine, and payment.

G.      The USACM Liquidating Trust reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, and any other grounds.  The  further reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

## V.      CONCLUSION

For the reasons set forth herein, the USACM Liquidating Trust respectfully requests that the Court enter an order sustaining its Objection in disallowing Claim No.

1816017.1

LEWIS
AND
ROCA
LLP

L A W Y E R S

1   792 filed by Copper Sage in its entirety, or alternatively, allow the Claim in an amount to

2   be proven at trial.  The USACM Liquidating Trust also requests that the Court grants such

3   other and further relief as it deems just and proper.

4         RESPECTFULLY SUBMITTED March 13, 2007.

5                                      **LEWIS AND ROCA LLP**

6

7                          By    /s/ RC (#006593)

8                                Susan M. Freeman
                                 Rob Charles
9                                *Attorneys for USACM Liquidating Trust*

10

11  Copy of the foregoing served on March 13, 2007, via email where an email address is
    listed, and if no email address is listed, then by first class U.S. Mail,  postage paid,
12  addressed to:

13  Copper Sage Commercial Center LLC
    Attn:  Robert A. Russell
    P.O. Box 28216
14  Scottsdale, AZ 85255

15  Susan Williams Scann, Esq.
    Deaner, Deaner, Scann, Malan & Larsen
16  720 South Fourth Street, Suite 300
    Las Vegas, NV 89101
17  Attorneys for Copper Sage Commercial Center LLC

18
     /s/ Marilyn Schoenike
19  Marilyn Schoenike
    Lewis and Roca LLP
20

21

22

23

24

25

26

1816017.1