**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-0961
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 3/13/07

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| **In re:** | Jointly Administered |
| **USA Commercial Mortgage Company**<br>    06-10725 – Lead Case | Chapter 11 Cases |
| **USA Capital Realty Advisors, LLC**<br>    06-10726 | Judge Linda B. Riegle Presiding |
| **USA Capital Diversified Trust Deed Fund, LLC**<br>    06-10727 | **OBJECTION OF THE USACM LIQUIDATING TRUST TO PROOF OF CLAIM FILED BY MOUNTAIN WEST MORTGAGE CO./ LERIN HILLS (CLAIM NO. 203)** |
| **USA Capital First Trust Deed Fund, LLC**<br>    06-10728 | **Affecting:**<br>¨ All Cases<br>**or Only:**<br>× USA Commercial Mortgage Company |
| **USA Securities, LLC**<br>    06-10729<br>                                **Debtors.** | ¨ USA Capital Realty Advisors, LLC<br>¨ USA Capital Diversified Trust Deed Fund, LLC<br>¨ USA Capital First Trust Deed Fund, LLC<br>¨ USA Securities, LLC |

The USACM Liquidating Trust objects to Claim No. 203 filed by Mountain West Mortgage Co./Lerin Hills ("MWM") and moves this Court, pursuant to § 502 of title 11 of the U.S. Bankruptcy Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules") for an order granting the relief sought by this objection. This objection is explained in the following memorandum and is supported by the Court's record and the declaration of Edward M. Burr filed this date.

1817053.1

### I. JURISDICTION

A. The Court has jurisdiction over this objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

B. The statutory predicate for the relief requested herein is 11 U.S.C. § 502 and Bankruptcy Rule 3007.

### II. BACKGROUND

A. On April 13, 2006 ("Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with DTDF, the "Funds"), and USA Securities, LLC ("USA Securities") (collectively the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. USACM and the other Debtors continue to operate their businesses, if any, as debtors-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code. Management duties of USACM were conducted by Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow") who serves as the President and Chief Restructuring Officer.

B. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein (the "Confirmation Order") confirming Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan").

C. Under the Plan, the USACM Liquidating Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

D. The USACM Liquidating Trust exists on the Effective Date of the Plan, which was March 12, 2007.

LEWIS AND ROCA LLP
LAWYERS

E. USACM originated loans for borrowers and solicited the funding of such loans from numerous individuals and entities (collectively, the "Direct Lenders"). Upon information and belief, with few exceptions, USACM originated loans that provided for a mandatory initial funding amount with any additional funding to be made solely at the discretion of the Direct Lenders. Upon further information and belief, when USACM arranged an increase in the original loan amount, USACM solicited the existing Direct Lenders in the original loan for the additional funds. Absent the affirmative decision by the Direct Lenders to invest additional funds, the original loan would not be increased.

F. MWM filed Claim No. 203 on September 20, 2006, claiming an unsecured non-priority claim of $2,048,000.00 for "Services performed." Attached to the Claim is a Declaration of Joe Milanowski ("Milanowski Declaration") and correspondence referenced in the Declaration. No loan transaction documents are attached to the Claim.

G. The Milanowski Declaration asserts that MWM is a mortgage company through which several entities and individuals lent monies as direct lenders ("MWM Direct Lenders"), along with USACM investors through USACM as the loan service provider. In that regard, the Milanowski Declaration alleges that the Lerin Hills project was funded with a second deed of trust through funds generated by MWM and USACM, and serviced by USACM.

H. The Milanowski Declaration alleges that the Lerin Hills project called for $12,900,000 in funding.

I. The Milanowski Declaration further asserts that when USACM and MWM entered into the Lerin Hills loan transaction, it was agreed that Lerin Hills would pay an exit fee of $5,120,000, $3,072,000 of which was to be paid to USACM, and $2,048,000 of which was to be paid to MWM, as evidenced by the loan documents.

1817053.1

LEWIS AND ROCA LLP
LAWYERS

J.     The Milanowski Declaration further asserts that MWM relied on this representation and promised third parties a share of the exit fee funds upon payment to MWM.

K.     However, no exit fee has been or will be paid on account of the Lerin Hills loan transaction.

L.     The Court may take judicial notice of the record in the administrative file demonstrating: (i) Joseph Milanowski was a principal controlling the affairs of USACM before the bankruptcy filing; (ii) Milanowski directed the theft of tens of millions of dollars of principal from direct lenders; (iii) Milanowski has consistently misrepresented the assets, liabilities and intentions of USA Investment Partners, LLC to Thomas Allison on Debtors' behalf; and (iv) Milanowski can not testify as set forth in the Milanowski Declaration at a trial of this matter without waiving his Fifth Amendment privilege against self-incrimination, an unlikely event at best.  Contrary to its ordinary practice with respect to declarations, this Court should strike and otherwise ignore the Milanowski Declaration and require MWM to provide competent evidence in support of its Claim.

M.     The Court may further take judicial notice that numerous Direct Lenders have filed proofs of claim asserting damages against USACM arising out of the origination of the Lerin Hills loan.  The USACM Liquidating Trust is informed and alleges upon belief that MWM is jointly responsible with USACM for any misrepresentations made or omissions of material fact in connection with the Lerin Hills loan.

### III.    APPLICABLE AUTHORITIES

A.     Pursuant to § 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extend that the claim is

1817053.1

LEWIS AND ROCA LLP
LAWYERS

"unenforceable against the debtor … under any … applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

B.  The USACM Liquidating Trust is entitled to object to proofs of claim under § 502(a) of the Bankruptcy Code and the confirmed Plan of Reorganization.

C.  A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  See *Ashford v. Consolidated Pioneer Mortg.* (*In re Consolidated Pioneer Mortg.*), 178 B.R. 222, 226 (B.A.P. 9th Circ. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).  The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc.* (*In re Lundell*), 223 F.3d 1035, 1039 (9th Cir. 2000).

### IV.  OBJECTION TO MWM'S CLAIM

A.  The USACM Liquidating Trust has analyzed MWM's Claim and contends that USACM has no liability on account of this Claim.

B.  The documentation attached to the proof of claim is insufficient to substantiate the Proof of Claim.

C.  The USACM Liquidating Trust believes that the amount stated in the Claim is over-stated, as no exit fee is or will be due under the Lerin Hills loan, and the Claim is subject to mitigation and reduction, and is unliquidated and speculative.

D.  The USACM Liquidating Trust believes that the amount of the MWM Claim should be offset by the amount of Direct Lenders' claims allowed against USACM arising out of the Lerin Hills loan.

E.  The USACM Liquidating Trust reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, and any other

1817053.1

**LEWIS AND ROCA LLP**
LAWYERS

grounds. The USACM Liquidating Trust further reserves the right to modify, supplement, and/or amend this objection as it pertains to any claim or claimant herein.

## V. CONCLUSION

For the reasons set forth herein, the USACM Liquidating Trust respectfully requests that the Court enter an order sustaining its Objection in disallowing Claim No. 203 filed by MWM in its entirety, or alternatively, allow the Claim in an amount to be proven at trial. The USACM Liquidating Trust also requests that the Court grants such other and further relief as it deems just and proper.

RESPECTFULLY SUBMITTED March 13, 2007.

**LEWIS AND ROCA LLP**

By   /s/ RC (#006593)
Susan M. Freeman
Rob Charles
*Attorneys for USACM Liquidating Trust*

Copy of the foregoing served on March 13, 2007, via email where an email address is listed, and if no email address is listed, then by first class mail, postage paid, addressed to:

Mountain West Mortgage Co/ Lerin Hills
Thomas Jurbala
630 Trade Center Drive
Las Vegas, NV 89119

Marjorie A. Guymon, Esq.
Goldsmith & Guymon
2055 N. Village Center Circle
Las Vegas, NV 89134
Email: mguymon@goldguylaw.com
*Attorneys for Mountain West Mortgage Co.*

 /s/ Christine E. Laurel
Christine E. Laurel
Lewis and Roca LLP

1817053.1