**LEWIS AND ROCA LLP — LAWYERS**

E-Filed on 3/13/07

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile No.(702) 949-8321
Telephone: (702) 949-8320

Rob Charles NV State Bar No. 006593
E-mail: rcharles@lrlaw.com
Susan M. Freeman AZ State Bar No. 004199
E-mail: sfreeman@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br><br>　　　　　　　　　　　　　Debtors.<br><br>**Affects:**<br>¨  All Debtors<br>×  USA Commercial Mortgage Company<br>¨  USA Capital Realty Advisors, LLC<br>¨  USA Capital Diversified Trust Deed Fund, LLC<br>¨  USA Capital First Trust Deed Fund, LLC<br>¨  USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725-LBR<br><br>Judge Linda B. Riegle Presiding<br><br>**USACM LIQUIDATING TRUST'S OBJECTION TO CLAIMS FILED BY HASPINOV, LLC, RESERVATION OF COUNTERCLAIMS, AND ALTERNATIVE MOTION TO CLASSIFY IN PLAN CLASS A-7** |

The USACM Liquidating Trust objects in part to the claims of Haspinov, LLC ("Haspinov") (Claim No. 736-1, as amended by No. 736-2), and the disputed claim listed on the USACM Amended Schedules for Haspinov (jointly, the "Claim"), and moves this Court for an order determining that the Haspinov Claim is included in Class A-7 as a Subordinated Claim under the confirmed Third Amended Joint Chapter 11 Plan of Reorganization ("Plan"), and alternatively objecting to the Claim in part and reserving the right to file counterclaims against Haspinov. This objection is explained in the following

1817132.1

memorandum and is supported by the Court's record and the declaration of Edward M. Burr filed this date.

## Memorandum

### I. JURISDICTION

1. The Court has jurisdiction over this objection, motion and reservation of rights pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. The statutory predicate for the relief requested herein are 11 U.S.C. §§ 502, 510(c), 1142 and Bankruptcy Rule 3007.

### II. BACKGROUND

3. On April 13, 2006 (the "Petition Date"), USACM and other debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. USACM continued to operate its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, under new management by Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

4. Haspinov leased office space to USACM pursuant to a lease dated April 1, 2002 (the "Lease"). USACM continued to occupy space pursuant to the Lease postpetition.

5. According to public records available to the USACM Liquidating Trust, Haspinov is a limited liability company, the sole member and manager of which is USAIP.

6. Prior to the Petition Date, Haspinov and USACM allowed and arranged for a portion of the office space leased to USACM under the Lease to be used by Vegas Hot Spots, LLC, the sole member and manager of which is also USAIP. Debtor USACM under Mesirow's management allowed the arrangement to continue, while segregating access to the USACM portion of the premises. On information and belief, Vegas Hot Spots has not paid any portion of the rent or other charges due under the Lease to



Haspinov, or reimbursed USACM for its share of such rent and charges.

7. On January 8, 2007, the Court entered an order confirming the Plan [Docket No. 2376].

8. Under section I.A. of the Plan, any and all Claims of Non-Debtor Insiders against USACM are "Subordinated Claims." "Non-Debtor Insiders" is defined to mean any Insider that is not a Debtor, and expressly includes, without limitation, the IP Parties, any Affiliate of the Debtors and the IP Parties, and Insiders of the IP Parties. The "IP Parties" are defined to mean Joseph Milanowski, Thomas Hantges, Paul Hamilton, and USA Investment Partners, LLC ("USAIP"). "Affiliates" include any corporation 20% or more of whose outstanding voting securities are directly or indirectly owned or controlled by a person that directly or indirectly owns or controls 20% or more of the outstanding voting securities of the debtor. Plan § I.A.; 11 U.S.C. §§ 101(2)(B), (15).

9. Pursuant to section II.C.1. of the Plan, all payment to holders of Allowed Subordinated Claims is subordinated to the payment in full, plus interest, of all Allowed Penalty Claims, which in turn are subordinated to the payment in full, plus interest, of all Allowed General Unsecured Claims. The Plan explains that no distribution to holders of Allowed Subordinated Claims is anticipated.

10. The Plan also provided for rejection of most executory contracts, including the Haspinov Lease, through not including it in the Schedule of assumed contracts and leases. Plan V.B.

11. Haspinov was required to file any Claim arising from the rejection of the Lease by the first business day which was 30 days after service of the notice of entry of the Confirmation Order.

12. Haspinov was listed in the USACM Schedules as a party to an executory contract with USACM in the form of a real property lease of office space [Docket 784, Schedule G]  Haspinov was also listed as holder of an unsecured claim in the amount of $92,231.08 [Docket 682, Schedule F]. On March 7, 2007, USACM filed amended

1817132.1



Schedules that list Haspinov as an unsecured creditor holding a claim in the same amount, but showing its claim as disputed. [Docket 3002]

13.   On November 8, 2006, Haspinov filed a proof of claim, which it amended on February 9, 2007, with an amended proof of claim in the amount of $404,261.60 [Claim Number 736-2]. That amount apparently reflects one year of rental and other payments due under the Haspinov Lease, pursuant to 11 U.S.C. § 502(b)(6).

### III.   APPLICABLE AUTHORITY

14.   Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extent that the claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

15.   The USACM Liquidating Trust is entitled to object to proofs of claim under § 502(a) of the Bankruptcy Code, and this objection is timely under the terms of the Plan and related orders. The USACM Liquidating Trust is also entitled to implement the Plan pursuant to Bankruptcy Code § 1142, including by obtaining an order that a particular holder of a claim is a member of a particular class under the Plan.

16.   A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

4

1817132.1

17. Haspinov's Claim is a Subordinated Claim, and is properly classified as a member of Class A-7, Subordinated Claims against USACM, under the terms of the Plan. Haspinov filed no objection to Plan confirmation, and the Plan is effective and binding.

18. Haspinov's Claim fails to account for the share of the rent and other charges under the Lease that should be paid by Vegas Hot Spots. On information and belief, Haspinov and Vegas Hot Spots are continuing the arrangement of use of the Lease premises. That arrangement mitigates Haspinov's Claim.

19. The USACM Liquidating Trust reserves all counterclaims against Haspinov (and Vegas Hot Spots), including those relating to Vegas Hot Spots' use of the Lease premises without shared payment of rent and other charges due under the Lease. The USACM Liquidating Trust further reserves the right to modify, supplement and/or amend this objection and to raise further objections to the Haspinov Claim.

## IV.     CONCLUSION

20. For the reasons set forth above, the USACM Liquidating Trust moves for an order determining that the Haspinov Claim is included in Class A-7, Subordinated Claims, under the Plan, and further disallowing the Claim to the extent it fails to account for amounts that should have been paid and should be paid in the future by affiliate Vegas Hot Spots, and reserving all other objections to the Claim and counterclaims of the USACM Liquidating Trust. The USACM Liquidating Trust also requests such other and further relief as is just and proper.

Dated March 13, 2007.

**LEWIS AND ROCA LLP**

By /s/ RC (#006593)
    Susan M. Freeman, AZ 4199 (pro hac vice)
    Rob Charles, NV 6593
*Attorneys for the USACM Liquidating Trust*

5

1817132.1

LEWIS AND ROCA LLP LAWYERS

1  Copy of the foregoing served on March 13, 2007, via email where an email address is listed, and if no email address is listed, then by first class U.S. Mail, postage paid, addressed to:
2  
3  Pecos Professional Park Limited Partnership
   c/o Jeffrey R. Sylvester, Esq.
4  Email: jeff@sylvesterpolednak.com
   Sylvester & Polednak, Ltd.
5  7371 Prairie Falcon Road
   Suite 120
6  Las Vegas, NV 89128

7  
   By: __Marilyn Schoenike_____
8  Marilyn L. Schoenike
   Lewis and Roca LLP

6

1817132.1