**LEWIS AND ROCA LLP**
**LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-0961
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 3/13/07

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| **In re:** | Jointly Administered |
| **USA Commercial Mortgage Company**<br>06-10725 – Lead Case | Chapter 11 Cases |
| **USA Capital Realty Advisors, LLC**<br>06-10726 | Judge Linda B. Riegle Presiding |
| **USA Capital Diversified Trust Deed Fund, LLC**<br>06-10727 | **OBJECTION OF THE USACM LIQUIDATING TRUST TO PROOF OF CLAIM FILED BY LERIN HILLS LTD (CLAIM NO. 1279)** |
| **USA Capital First Trust Deed Fund, LLC**<br>06-10728 | **Affecting:**<br>¨ All Cases<br>**or Only:**<br>× USA Commercial Mortgage Company<br>¨ USA Capital Realty Advisors, LLC<br>¨ USA Capital Diversified Trust Deed Fund, LLC<br>¨ USA Capital First Trust Deed Fund, LLC<br>¨ USA Securities, LLC |
| **USA Securities, LLC**<br>06-10729<br>    **Debtors.** | |

The USACM Liquidating Trust objects to Claim No. 1279 filed by Lerin Hills Ltd. and moves this Court, pursuant to § 502 of title 11 of the U.S. Bankruptcy Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules") for an order granting the relief sought by this objection. This objection is explained in the following memorandum and is supported by the Court's record and the declaration of Edward M. Burr filed this date.

1816153.1

## I. JURISDICTION

A. The Court has jurisdiction over this objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

B. The statutory predicate for the relief requested herein is 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II. BACKGROUND

A. On April 13, 2006 ("Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with DTDF, the "Funds"), and USA Securities, LLC ("USA Securities") (collectively the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. USACM and the other Debtors continue to operate their businesses, if any, as debtors-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code. Management duties of USACM were conducted by Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow") who serves as the President and Chief Restructuring Officer.

B. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein (the "Confirmation Order") confirming Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan").

C. Under the Plan, the USACM Liquidating Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

D. The USACM Liquidating Trust exists on the Effective Date of the Plan, which was March 12, 2007.

1816153.1

LEWIS AND ROCA LLP
LAWYERS

E.  USACM originated loans for borrowers and solicited the funding of such loans from numerous individuals and entities (collectively, the "Direct Lenders"). Upon information and belief, with few exceptions, USACM originated loans that provided for a mandatory initial funding amount with any additional funding to be made solely at the discretion of the Direct Lenders. Upon further information and belief, when USACM arranged an increase in the original loan amount, USACM solicited the existing Direct Lenders in the original loan for the additional funds. Absent the affirmative decision by the Direct Lenders to invest additional funds, the original loan would not be increased.

F.  Lerin Hills filed Claim No. 1279 on November 10, 2006, claiming an unsecured non-priority claim of $1,257,233.40 and a priority claim of $797,175.62, for a total of $2,054,409.07 [sic]. The Claim alleges breach of executory contract. Attached to the Claim is a summary of alleged damages, but a copy of the contract allegedly breached is not attached, nor is any other supporting documentation provided.

G.  Lerin Hills asserts that the amount of $797,175.62 is believed to have been paid to private lenders since the bankruptcy petition was filed in the form of interest, and arguably constitutes an administrative expense under 11 U.S.C. § 503(b)(1).

H.  Lerin Hills is not a party to any post-petition agreement with any of the jointly administered Debtors. No executory contract or other agreement with Lerin Hills was assumed by any of the Debtors under 11 U.S.C. § 365.

### III.  APPLICABLE AUTHORITIES

A.  Pursuant to § 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extend that the claim is "unenforceable against the debtor … under any … applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

1816153.1

B.  The USACM Liquidating Trust is entitled to object to proofs of claim under § 502(a) of the Bankruptcy Code and the confirmed Plan of Reorganization.

C.  A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  See *Ashford v. Consolidated Pioneer Mortg.* (*In re Consolidated Pioneer Mortg.*), 178 B.R. 222, 226 (B.A.P. 9th Circ. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).  The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant."  *Lundell v. Anchor Constr. Specialists, Inc.* (*In re Lundell*), 223 F.3d 1035, 1039 (9th Cir. 2000).

## IV.  OBJECTION TO LERIN HILL'S CLAIM

A.  The USACM Liquidating Trust has analyzed Lerin Hill's Claim and contends that USACM has no liability on account of this Claim.

B.  The documentation attached to the proof of claim is insufficient to substantiate the Proof of Claim.

C.  The USACM Liquidating Trust believes that the damages stated in the Claim are over stated, are subject to mitigation and reduction, and are unliquidated and speculative.

D.  An application for administrative expense should not be included on a proof of claim, and should be filed pursuant to 11 U.S.C. § 503, and not as a proof of claim.  There is no legal or factual basis for an expense of administration here.

E.  The USACM Liquidating Trust reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, and any other grounds.  The USACM Liquidating Trust further reserves the right to modify, supplement, and/or amend this objection as it pertains to any claim or claimant herein.

1816153.1

## V. CONCLUSION

For the reasons set forth herein, the USACM Liquidating Trust respectfully requests that the Court enter an order sustaining its Objection in disallowing Claim No. 1279 filed by Lerin Hills in its entirety, or alternatively, allow the Claim in an amount to be proven at trial. The USACM Liquidating Trust also requests that the Court grants such other and further relief as it deems just and proper.

RESPECTFULLY SUBMITTED March 13, 2007.

**LEWIS AND ROCA LLP**

By  /s/ RC (#006593)
Susan M. Freeman
Rob Charles
*Attorneys for USACM Liquidating Trust*

5

1816153.1

LEWIS AND ROCA LLP
LAWYERS

Copy of the foregoing served via email on March 13, 2007, where an email address is listed, and if no email address is listed, then by first class mail, postage paid, addressed to:

Lerin Hills
4820 Bacon Rd.
San Antonio, TX 78249-4001

Thomas S. Harmon
Elms Harmon & Macchia
7800 I H 10 West Suite 600
San Antonio, TX 78230-4754
e-mail: tharmon@elmslaw.com

Richard E. Kammerman
Richard Kammerman, P.C.
7200 N. Mopac, Suite 150
Austin, TX 78759
Email: rkpc@austin.rr.com
Attorney for Lerin Hills, Ltd.

Ty E. Kehoe, Esq.
Kehoe & Associates
871 Coronado Center Drive, Suite 200
Henderson, NV 89052
Email: TyKehoeLaw@aol.com
Attorney for Lerin Hills, Ltd.

  /s/ Christine Laurel
Christine Laurel
Lewis and Roca LLP

1816153.1