**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on March 20, 2007

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br>                                        Debtors.<br><br>**Affects:**<br>¨  All Debtors<br>×  USA Commercial Mortgage Company<br>¨  USA Capital Realty Advisors, LLC<br>¨  USA Capital Diversified Trust Deed Fund, LLC<br>¨  USA Capital First Trust Deed Fund, LLC<br>¨  USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**THIRTIETH OMNIBUS OBJECTION OF THE USACM LIQUIDATING TRUST TO CLAIMS ASSERTING SECURED STATUS**<br><br>Hearing Date:    April 26. 2007<br>Hearing Time:    9:30 a.m. |

The USACM Liquidating Trust (the "USACM Trust") hereby files its Thirtieth Omnibus Objection to Claims Asserting Secured Status ("Objection") and moves this Court, pursuant to § 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing approximately 1,600 alleged Secured Claims asserting Claims against USA Commercial Mortgage Company ("USACM") that aggregate over $296 million. The USACM Trust is not, by this filing, objecting at this time to any of the claims as unsecured

1819150.1

LEWIS
AND
ROCA
LLP
LAWYERS

claims, but reserves the right to do so. This Objection is supported by the Court's record and explained in the following Memorandum.

## I.  JURISDICTION

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II.  BACKGROUND

1. On April 13, 2006 ("Petition Date"), USACM, USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with DTDF, the "Funds") (collectively the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who serves as the Chief Restructuring Officer.

2. USACM is a Nevada Corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.

3. This business included the solicitation of individual investors to purchase fractional interest in loans that USACM originated and then serviced. These investors, totaling approximately 3,600 as of the Petition Date, are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

LEWIS AND ROCA LLP
LAWYERS

  4. Although USACM serviced and sometimes originated the loans in which the Direct Lenders invested, USACM was not a borrower on these loans.

  5. On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest (the "Bar Date Order") [Docket No. 1280]. The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file proof of claims.

  6. On September 25, 2006, the Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358]. All Direct Lenders were served with a copy of the Bar Date order as well [Docket No. 1358].

  7. On November 6, 2006, a stipulation was filed and an order entered extending the Bar Date for Direct Lenders only to file proofs of claim until January 13, 2007 [Docket No. 1729].

  8. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" [Docket No. 2376].

  9. Debtors' Third Amended Chapter 11 Plan of Reorganization (the "Plan") [Docket No. 1799] provides the following deadlines for objections to Claims:

> (A) for any and all Claims and Equity Interests to which the General Bar Date applies, ninety (90) days after the Effective Date; (B) for any and all Claims to which the Administrative Claims Bar Date or the Professionals Administrative Bar Date applies, thirty (30) days after the expiration of the respective Bar Date; and (C) for any and all Claims to which the Bar Date applicable under section B.3 of Art. V of the Plan applies, thirty (30) days after the expiration of that Bar Date.

  10. USACM's claims and noticing agent received approximately 2,436 proofs of claim as of the January 13, 2007 Bar Date, asserting claims totaling more than $997,000,000, plus unknown amounts based on unliquidated Claims.

  11. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

LEWIS AND ROCA LLP
LAWYERS

12. The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee.

13. **Exhibit A** contains a list of Claims against USACM filed by various parties, most of whom are Direct Lenders, asserting that their Claims are secured or partially secured (the "Alleged Secured Claims"). There are about 1,594 claimants asserting $296,164,454.95 in the aggregate in Claims.

14. It appears that most of the claimants asserting secured status are Direct Lenders who are under the misimpression that because their loan investments serviced by USACM were secured by collateral of the Borrowers, any Claim they might have asserted against USACM would also be secured. To the contrary, these Claims are not entitled to secured status and should be classified as general unsecured Claims. USACM has no property that serves as collateral for the Direct Lender loans serviced by USACM. Having reviewed lien searches and the books and records of USACM, neither USACM nor the USACM Trust believes that any of the holders of the Alleged Secured Claims were granted a security interest in any property of USACM, or that any such security interest was perfected under applicable law.

### III. APPLICABLE AUTHORITY

1. Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

2. The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a). This objection is timely under the confirmed Plan.

1819150.1

3.   A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).  The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

### IV.   OBJECTIONS TO CLAIMS

1.   As more particularly described herein, the USACM Trust seeks in this Objection to reclassify the Alleged Secured Claims as general unsecured Claims.

2.   These Claims may be the subject of multiple objections herein for any of the reasons stated in this Objection.  These Claims may also be subject to prior or subsequently filed objections, and this objection is without prejudice to any other objection by any party in interest, including the USACM Trust.

3.   The USACM Trust reserves the right to further object to any and all Claims, whether or not the subject of this Objection, for allowance and/or distribution purposes on any other grounds.  The USACM Trust further reserves the right to modify, supplement and/or amend this Objection as it pertains to any Claim or claimant herein.

4.   For the convenience of the parties, and pursuant to the Court's direction, the USACM Trust has broken down its objections to secured claims into groups of no more than 50 claimants each.  Thus this objection is one of a series of many objections to Claims that assert fully or partially secured status.

5.   **Exhibit A** contains a partial list of the Alleged Secured Claims, filed by various parties, most of whom are Direct Lenders, asserting that their Claims are secured.

LEWIS
AND
ROCA
LLP
L A W Y E R S

The USACM Trust objects to these claims on the basis that these Claims are not secured by property of the USACM estate, although they may well be secured by property owned by their Borrowers. Secured claims are claims "by creditors against the estate that are secured by a lien on property in which the estate has an interest." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240 (1989). None of the Claims listed on **Exhibit A** are secured by such a lien, and the claimants have offered no evidence in support of their contention. Thus none of these claims are entitled to secured status in this bankruptcy case, and should be classified as general unsecured Claims, subject to further objection.

### V.  CONCLUSION

For the reasons discussed above, the USACM Trust objects to the secured status asserted in the proofs of claim listed on **Exhibit A** attached to this Objection and requests that the Court reclassify these claims as general unsecured Claims (albeit subject to possible additional objections). The USACM Trust also requests such other and further relief as is just and proper.

Dated: March 20, 2007.

**LEWIS AND ROCA LLP**

By:  /s/ RC (#6593)
    Susan M. Freeman, AZ 4199 (*pro hac vice*)
    Rob Charles, NV 6593
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320
Email: RCharles@LRLaw.com
*Counsel for USACM Liquidating Trust*

1819150.1