Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case Nos. BK-S-06-10725 LBR<br>Case Nos. BK-S-06-10726 LBR<br>Case Nos. BK-S-06-10727 LBR<br>Case Nos. BK-S-06-10728 LBR<br>Case Nos. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **DECLARATION OF ROBERT E. KOE IN SUPPORT OF MOTION TO SELL UNDER SECTION 363 ALL COMMERCIAL MORTGAGE ASSETS OF DEBTOR USA COMMERCIAL MORTGAGE COMPANY IN THE PLACER VINEYARDS LOANS TO COMPASS USA SPE, LLC [AFFECTS DEBTOR USA COMMERCIAL MORTGAGE COMPANY]** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Date of Hearing: March 27, 2007<br>Time of Hearing: 9:30 a.m. |

I, Robert E. Koe, hereby declare, verify and state as follows:

1. I am a Director of Mesirow Financial Interim Management, LLC ("Mesirow"). I work closely with Thomas J. Allison, who is also employed by Mesirow, and who was approved by the Bankruptcy Court to be the Chief Restructuring Officer of Debtor USA Commercial Mortgage Company ("USACM"). Mr. Allison is also the President of USACM.

2. I make this Declaration in support of the "Motion To Sell Under Section 363 All Commercial Mortgage Assets of Debtor USA Commercial Mortgage Company in the Placer Vineyards Loans to Compass USA SPE, LLC" that was filed by USACM (the "Motion") on March 9, 2007 as Docket No. 3037.

3. This Declaration is based upon my personal knowledge or, if so stated, upon information and belief.

4. The Motion requests that the Bankruptcy Court authorize USACM to do the following:

   A. Authorize USACM pursuant to 11 U.S.C. §§ 363(b)(1) and 363(f) to sell to Compass USA SPE, LLC, successor in interest to Compass Partners, LLC ("Compass"), the Placer Vineyard Commercial Mortgage Assets (as defined below) of USACM that relate to the Placer Vineyard Loans (as defined below).

5. Compass is the Bankruptcy Court approved purchaser of certain other assets of Debtor USA Capital First Trust Deed Fund, LLC ("FTDF") and USACM pursuant to the terms of the Compass Asset Purchase Agreement dated December 8, 2006 ("Compass APA"), which was filed with the Bankruptcy Court on December 18, 2006 as Docket No. 2164.

6. The definition of "Commercial Mortgage Assets" under Section 1.1 of the Compass APA specifically excluded "(vi) loans made to Placer Vineyards and Marquis Hotel, which shall not be included on the Serviced Loan Schedule."

2

7. Pursuant to this definition in the Compass APA, the rights and assets of USACM (the "Placer Vineyards Commercial Mortgage Assets") relating to the two loans serviced by USACM (the "Placer Vineyards Loans") that are owed by Borrower Placer County Land Speculators, LLC ("Borrower") and that are secured by trust deed liens on the Borrower's Placer Vineyards Project (the "Placer Vineyards Project") were not sold to Compass pursuant to the Compass APA.

8. After the Compass APA was approved by the Bankruptcy Court, Thomas J. Allison directed me to market on behalf of USACM the Placer Vineyards Commercial Mortgage Assets, since they were not being sold to Compass pursuant to the Compass APA.

9. I have been in contact with or attempted to contact the following potential buyers to determine if they were interested in purchasing the Placer Vineyards Commercial Mortgage Assets: Racebrook, Silver Point, Commercial Funding, LLC ("Commercial Funding"), Sierra Liquidity Fund, LLC ("Sierra Liquidity"), and Compass. Racebrook declined to make an offer for the Placer Vineyards Commercial Mortgage Assets. Silver Point did not return my phone calls. James Glockner on behalf of Commercial Funding initially told me that Commercial Funding, LLC, would take over the servicing responsibilities for the Placer Vineyards Loans, but not pay anything for the Placer Vineyards Commercial Mortgage Assets. However, I have been informed that Commercial Funding is still considering presenting a bid for the Placer Vineyards Commercial Mortgage Assets. Compass submitted the bid of $300,000 for the Placer Vineyards Commercial Mortgage Assets that is the subject of the Motion. Compass has confirmed its understanding that the Prepaid Interest on the Placer Vineyards Loans is not being sold as part of the Placer Vineyards Commercial Mortgage Assets. James Riley on behalf of Sierra Liquidity has presenting a bid for the Placer Vineyards Commercial Mortgage Assets for $450,000, which recognizes that Sierra Liquidity as servicer must collect for the benefit of the USACM Trust any

Prepaid Interest on the Placer Vineyards Loans.

10. As outlined in the Motion, Compass's offer to purchase Placer Vineyards Commercial Mortgage Assets for $300,000 is conditioned upon the sale of the Placer Vineyards Commercial Mortgage Assets to Compass free and clear of all liens, claims, encumbrances and interests pursuant to 11 U.S.C. § 363(f).

11. As outlined in the Motion, the "Placer Vineyards Commercial Mortgage Assets" that Compass has offered to purchase are the following: All servicing rights with respect to the Placer Vineyard Loans, including, without limitation, the servicing agreements (the "Servicing Agreements") relating to the Placer Vineyards Loans, any and all Default Rate Interest (as defined in the Compass APA) for the Placer Vineyards Loans, any and all Accrued Servicing Fees (as defined in the Compass APA) for the Placer Vineyards Loans, any and all Late Charges (as defined in the Compass APA) for the Placer Vineyards Loans, any and all Success Fees (as defined in the Compass APA) for the Placer Vineyards Loans, and other fees and sums due the loan servicer under the Servicing Agreements, as well as all proceeds and receivables related solely to USACM's participation interest as a Direct Lender in the Placer Vineyards Loans (if any), but specifically excluding any other assets not specifically identified herein (and without limitation, excluding the excluded types of assets that were excluded in subsections (i) through (v) of the definition of "Commercial Mortgage Assets" in Section 1.1 of the Compass APA).

12. I have been in contact with Robert Russell, the manager of the Borrower, as well as Gus Galaxidas, a real estate broker and the owner of property that is adjacent to the Placer Vineyards Project. I have been informed that there are past due real property taxes on the Placer Vineyards Project of approximately $500,000 that have not been paid by the Borrower, and that an additional $170,000 in real property taxes on the Placer Vineyards Project will become due on April 10, 2007.

13. I have also been informed that the Borrower is a participant in a limited liability company that is acting as a property owners association (the "LLC") for various property owners (in excess of 25 owners) in Placer County, California, including the Borrower, that are collectively seeking Placer County approval for their development plans for their collective properties. The LLC has been working with Placer County on the completion and approval of the mapping of the entire anticipated development project for the collective properties to be developed. I have been informed that the LLC has made demand upon the Borrower for the Borrower to pay approximately $375,000 for the Borrower's share of the costs incurred by the LLC in connection with the mapping and other development costs, but the Borrower has not paid this amount to the LLC.

14. I have been informed that Placer County will not approve the final mapping for any property owner that has not paid its real property taxes current, and that the Placer Vineyards Project will also be excluded from the final mapping approval if its share of the LLC costs have not been paid. I have been informed that there is approximately 3 weeks left from the date of this Declaration for the real property taxes and the Borrower's share of the LLC costs to be paid in order for the Placer Vineyards Project to benefit from and be included in the final mapping approval by Placer County.

15. I have been informed that if the Placer Vineyards Project is not included in the final mapping approval, the Placer Vineyards Project likely won't be approved for final development by Placer County for another 7-8 years, until after the approximately 7,000 housing units planned for the projects covered by the final mapping approval have been constructed, marketed and sold.

16. If the servicing for the Placer Vineyards Loan is not resolved immediately, with a servicer in place with the funding ability and incentive to pay the unpaid real property taxes for

the Placer Vineyards Project and the Borrower's share of the LLC costs, it appears likely that the Placer Vineyards Project will have value for the immediate future only as undeveloped farm land, and that the market value of the Placer Vineyards Project will be reduced dramatically.

17. I declare under penalty of perjury that the foregoing statements are true and correct according to my best knowledge, information and belief.

Executed this 22nd day of March, 2007.

_____
Robert E. Koe

919107.01/dmm