Peter C. Bernhard
Nevada State Bar No. 734
Georganne W. Bradley
Nevada State Bar No. 1105
BULLIVANT HOUSER BAILEY PC
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada  89169
Telephone No.    (702) 650-6565
Facsimile No.    (702) 650-2995
E-Mail:    peter.bernhard@bullivant.com
E-Mail:    georganne.bradley@bullivant.com

Counsel for Compass Financial Partners LLC

E-FILED ON March 22, 2007

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                          Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>**DECLARATION OF DAVID BLATT OF COMPASS FINANCIAL PARTNERS LLC IN SUPPORT OF DEBTOR'S MOTION TO SELL UNDER SECTION 363 ALL COMMERCIAL MORTGAGE ASSETS OF DEBTOR USA COMMERCIAL MORTGAGE COMPANY IN THE PLACER VINEYARDS LOANS TO COMPASS USA SPE LLC**<br><br>Date:  March 27, 2007<br>Time:  9:30 a.m. |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                          Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                          Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                          Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>                                                          Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |

– 1 –

I, DAVID BLATT, hereby declare as follows:

1. I am over 18 years of age, and I have personal knowledge of each of the facts stated in this declaration ("Declaration"), except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true. If called as a witness, I could and would testify as to the matters set forth below based upon my personal knowledge, except where otherwise indicated below.

2. I am a Managing Director of Compass Financial Partners LLC, a Nevada limited liability company, an affiliate of Compass USA SPE LLC, a Delaware limited liability company (together, "Compass"), and am competent to testify with respect to the matters recited herein.

3. I submit this declaration in support of the Debtors' Motion To Sell Under Section 363 All Commercial Mortgage Assets Of Debtor USA Commercial Mortgage Company In The Placer Vineyards Loans To Compass USA SPE LLC (the "Placer Sale Motion"), which was filed on March 9, 2007 by USA Commercial Mortgage Company ("USACM") in the above-captioned chapter 11 cases of USACM, USA Capital First Trust Deed Fund, LLC ("FTDF"), and their other affiliated debtors (collectively, the "Debtors").

I. **My Educational and Professional Background**

4. I have an extensive educational and professional background in finance, lending and troubled loan servicing and work-outs.

5. I earned a Bachelor of Science degree in Business Management from Yeshiva University, a JD from the Benjamin Cardozo School of Law, and an MBA from the Zicklin School Of Business at Baruch College. In addition, I earned a Masters in Negotiation

and Dispute Resolution from Pepperdine University School of Law, and am licensed to practice law in New York, New Jersey and California.

6. In my capacity as a Managing Director of Compass, my responsibilities include managing and servicing and, as needed, working out millions of dollars in assets on an annual basis. I have served in this capacity since the founding of Compass in 2005.

7. Prior to joining Compass, I managed a private equity firm for three years known as Blatt Holdings LLC. My responsibilities in such capacity included acquiring and managing real estate assets.

8. Prior to working at Blatt Holdings LLC, I was employed for three years at Flatiron Real Estate Partners LLC, a real estate acquisitions firm of environmentally and financially distressed assets, where I specialized in distressed real estate acquisitions.

## II.    The APA and the Placer Vineyard Loans

9. As the Court is aware, on February 16, 2007 (the "Closing Date"), Compass acquired substantially all of the assets of USACM and FTDF (collectively, the "Assets") in exchange for cash consideration in excess of $50 million. The terms of Compass' acquisition of the Assets were set forth in an Asset Purchase Agreement, dated December 8, 2006 (the "APA"), which was approved by the Court pursuant to that certain Order Confirming the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization, entered on January 8, 2007 (the "Confirmation Order"). Subsequent to the Closing Date, Compass has worked diligently in its capacity as loan servicer to the loans subject of the APA, and has successfully negotiated and consummated several workouts thereof for the benefit of the direct lenders.

10. In the Sale Motion, USACM set forth its intention of selling the servicing rights associated with the two loan agreements among Placer County Land Speculators, LLC

commonly referred to as the "Placer Vineyard Loans" (together, the "<u>Placer Loans</u>"), as well as any beneficial interest therein. Compass has expressed interest in acquiring the servicing rights associated with the Placer Loans (including, but not limited to, Default Rate Interest, Accrued Servicing Fees, Late Charges, Success Fees, as applicable, and other fees and sums due the loan servicer under any of the Servicing Agreements) (as each such term is defined in the APA), as well as any beneficial interest therein, under substantially the same terms and conditions governing Compass' acquisition of the Assets under the APA, for cash consideration of $300,000 (the "<u>Offer</u>"). However, due to certain circumstances surrounding the collateral subject of the Placer Loans, Compass has made clear to USACM as well as the USACM Trust that its Offer is expressly conditioned upon immediate approval thereof. Compass has reserved the right to revoke the Offer.

11.    To the extent Compass is approved as the acquirer of the servicing rights to the Placer Loans, Compass will continue to comply with its obligation under the APA and the Confirmation Order to turnover collected Prepaid Interest (as such term is defined in the Confirmation Order) to the Debtors or the USACM Trust, as applicable.

### III.    <u>Compass is Well Qualified to Manage and Service Troubled Loans</u>

12.    Compass is a private equity firm established in 2005 to acquire distressed commercial mortgages throughout the United States. The firm focuses on the following areas: (i) sub and nonperforming loans; (ii) bankruptcy; (iii) environmental and foreclosure situations; (iv) debt service coverage ratio deficient loans; and (v) investor and securitization kick-outs.

13.    Compass's reach is national and all asset classes are considered, including multifamily, office/retail, hospitality/senior care facilities, and gas station/convenience stores. In addition to the acquisition of the Assets pursuant to the APA and Confirmation Order, over the

past twelve months, Compass has acquired an extensive list of mortgages collateralized by multifamily, HUD multifamily, industrial, hotel, and marina properties located throughout the East Coast and Midwest. Compass seeks to deploy over $100 million annually to acquire assets, which are sourced from a wide variety of institutions, including banks, thrifts, mortgage companies, broker/dealers, insurance companies and credit unions.

14. The professionals at Compass are well qualified to manage and service troubled loans, as demonstrated by their broad areas of servicing capabilities. Compass and its affiliates originate, service, and manage multi-billions of dollars of assets each year, with particular emphasis on providing special services for unique and complex non-performing commercial real estate transactions.

15. Compass and its affiliates have been engaged in the business of originating and servicing a broad range of assets for over five years, relying on repeat customer business and financing from established institutions and wealthy individuals. Specifically, Compass and its affiliates manage a large and growing flow of active performing accounts, maintaining over 200 employees that service in excess of 450,000 active accounts, with over 9,000 new accounts added each month. Their servicing, collections, and operational systems are mature and established to handle volume.

16. Len Mezei and Jay Cohen, the principals and co-founders of Compass, are experienced leaders with a demonstrated track record as lenders, borrowers, and fiduciaries in the real estate and finance markets and are experienced in managing distressed investments, including actively and constructively participating in the restructuring processes. Mr. Mezei, an actuary by training, has managed multi-billions of dollars of assets and over 1,000 active pension accounts.

17. In addition to Compass, Mr. Mezei and Mr. Cohen are co-founders of Northern Leasing Systems, Inc., a commercial finance company that provides "microticket" equipment leasing and other financing services to small commercial enterprises, Northern Funding, LLC, a short term mortgage provider that originates and services approximately 300 loans annually, Northern Healthcare Capital, LLC, a direct lender providing the healthcare industry with customized financing solutions, as well as many other privately held finance related businesses.

## IV.  How Compass Intends to Continue to Handle Past-Due or Defaulted Loans

18. Upon an account becoming fifteen (15) days past due, immediate contact will be made with the borrower and/or guarantors, and demand notices with be issued.

19. If the default is not cured within the applicable notice period, acceleration notices will be issued, and foreclosure and guarantor litigation will be commenced.

20. To the extent the collateral consists of income producing improved real estate, litigation efforts will include the appointment of receivers to secure the collateral and seize the cash flow that would otherwise be diverted by the borrower and/or guarantors.

21. Compass's role in this process, with regard to all loans for which it has servicing responsibilities, includes, among other things, (i) maintaining frequent contact with the borrower and/or guarantors, (ii) directing the activities of outside legal counsel, (iii) negotiating resolutions with the borrowers and/or guarantors, (iv) advancing funds for litigation and bankruptcy-related costs, as well as payment of delinquent taxes, insurance and other operating expenses on all foreclosed accounts, and (v) engaging real estate brokers to market, lease and sell the collateral property.

## V. Compass is Disinterested and a Good Faith Purchaser

22. To the best of my knowledge, except as set forth herein, Compass does not have any pre-petition or post-petition affiliation with any of the: (a) Debtors or their retained professionals; (b) major creditors of the Debtors or such parties' retained professionals; (c) equity security holders of USACM or such parties' retained professionals; (d) any of the Debtors' former or current officers or directors or other insiders; or (e) any affiliates of the Debtors. In conjunction with (and in order to facilitate) the servicing of the loans subject of the APA, Compass has retained the services of a select few former employees of the Debtors. In addition, as the Court is aware, Compass and USACM are currently parties to a Subservicing Agreement pursuant to which USACM provides "subservicing" services to Compass during the pendency of Compass' application for a mortgage broker's license from the State of Nevada, Mortgage Lending Division.

23. Compass' transmittal of the Offer represented the culmination of good faith, arm's length negotiations among Compass, USACM and the USACM Committee, and Compass is therefore entitled to the protections accorded to good faith purchasers under 11 U.S.C. § 363(m).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 22nd day of March 2007, at New York, New York.

_David Blatt_
David Blatt