Richard F. Holley, Esq. (NV Bar No. 3077)
Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:    702/791-1912
Email: rholley@nevadafirm.com

*Attorneys for Appellants Del Bunch and Ernestine Bunch*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE f/k/a USA CAPITAL, et al.,<br>        Debtor. | Case No. BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>        Debtor. | Case No. BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>        Debtor. | Case No. BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>        Debtor. | Case No. BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>        Debtor. | Case No. BK-S-06-10719-LBR<br>Chapter 11 |
| **Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☐ USA First Trust Deed Fund, LLC | **APPELLANTS' DEL AND ERNESTINE BUNCH REPLY IN SUPPORT OF OBJECTION TO APPELLEE DEBTOR'S DESIGNATION OF ADDITIONAL ITEMS TO INCLUDE IN RECORD ON APPEAL**<br><br>**Appeal Ref. No. 07-05**<br><br>Date of Hearing:  N/A<br>Time of Hearing:  N/A<br><br>Judge:  Hon. Linda B. Riegle |

E-Filed on March 23, 2007

Del and Ernestine Bunch ("Appellants") through their counsel the law firm of Santoro, Driggs, Walch, Kearney, Johnson & Thompson, file this Reply in Support of Objection to Appellee Debtor's Designation of Additional Items to Include in Record on Appeal (the

06725-01/155677

"Objection"). [Dkt. No. 2901] In USA Capital Liquidating Trust's ("USACM Trust" or "Debtor") Response to Bunch Objection to Appellee Debtor's Designation of Additional Items to Include in Record on Appeal (the "Response"), filed March 20, 2007 [Dkt. No. 3167], USACM agrees to strike certain designations from the record (Statement of Financial Affairs and Early Plan and Notice Documents), to be discussed in further detail below. However, Appellants disagree with USCAM's inclusion of the following designated documents for the following reasons:

(1) Bankruptcy Court's Docket – the inclusion of the entire docket is over-inclusive to the extent it exceeds the scope of the issue on appeal; and

(2) Post-Decision Filings – any post-decision filings were not part of the record before the Bankruptcy Court, and are therefore not properly before the District Court upon review.

### INCLUSION OF DESIGNATIONS [DKT. NOS. 1766 & 2162]

**Chapter 11 Plan of Reorganization**

While Bunch initially objected to the inclusion of the Plan as part of the designation, at this time, Bunch agrees to the inclusion of the Plan as part of Debtor's Designation.

### AGREED UPON DELETION OF DESIGNATIONS

**Statement of Financial Affairs [Dkt. Nos. 681 & 783]**

In the Response, USACM does not object to the deletion of the Statement of Financial Affairs from USACM's Designation of Additional Items to Include in Record on Appeal ("Debtor's Designation"), reserving the right to re-designate the Statement of Financial Affairs at a later time if Bunch's arguments call for them. See Response, p. 3, ll. 16-18. Bunch agrees that the Statement of Financial Affairs should be stricken from the Debtor's Designation. To the extent USACM reserves its right to re-designate the Statement of Financial Affairs, Bunch reserves the right to raise an objection at that time.

**Early Plan and Notice Documents [Dkt. Nos. 1223, 1420, 1456, 1600, 1728]**

USACM states in the Response that it also does not object to the deletion from Debtor's Designation of the orders relating to the extension of Debtor's exclusivity period of filing and confirming a plan, along with the notice of hearing on the Disclosure Statement and notice of

confirmation hearing and related deadlines and the respective certificate of service (the "Early Plan and Notice Documents"). See Response, p. 3, ll. 23-25. Bunch agrees that the Early Plan and Notice Documents should be stricken from the Debtor's Designation. To the extent USACM reserves its right to re-designate the Early Plan and Notice Documents, Bunch reserves the right to raise an objection at that time.

### No Response to Objections to Strike [Dkt. Nos. 2164, 2199 & 2258]

In the Response, USACM raises no objection to the Appellants' request to strike USACM's designation of the Asset Purchase Agreement, the Notice of Filing of Form of Disbursing Agent Agreements, and the Amended Notice of Filing of Form of Disbursing Agent Agreements. These docket items are beyond the scope of the appeal before the District Court, as they were not considered by the Bankruptcy Court during the hearing on the Motion for Order Temporarily Allowing the Claim of Del and Ernestine Bunch for Voting Purposes.

### CONTINUED OBJECTION OF DESIGNATIONS

### Bankruptcy Court's Docket

The purpose of designating documents is to identify portions of the docket relevant to the appeal. Including the entire docket suggests that the court on review should consider all documents filed with the lower court. Further, if the Bankruptcy Court clerk will transmit a copy of the docket to the District Court, as asserted by USACM in its Reply, see Reply, p. 2, ll. 4-5, then there is no reason to include the docket in the Debtor's Designation. Thus, because the inclusion of the entire docket is over-inclusive in that it exceeds the scope of the issue on appeal, the docket should be stricken from Debtor's Designation.

### Post-Decision Filings [Dkt. No. 2427 & 2599]

Any post-decision filings were not part of the record before the Bankruptcy Court during the hearing that gave rise to the Bunch appeal, and are therefore not properly before the District Court upon review. USACM argues in the Response that the purpose of the post-decision filings is to show that the appealed decision is narrow, and does not finally determine allowance or disallowance of the Bunch claim. See Response, p. 2, ll, 13-15. However, designation of post-decision filings is inappropriate and unnecessary, especially where the procedural history leading

06725-01/155677

up to the appeal and the Notice of Appeal itself demonstrates that the appealed decision is narrow:

1. On December 11, 2006, USACM filed its Objection to Claim 1099 of Del and Ernestine Bunch in the amount of $11,358,661.28, the effect of which was to disallow the Bunch claim for voting purposes. [Dkt. No. 2023].

2. On December 15, 2006, Appellants filed their Motion For Order Temporarily Allowing The Claim Of Del And Ernestine Bunch For Voting Purposes [Dkt. No. 2124], declaration of Del Bunch in support [Dkt. No. 2131] and documents to have the motion heard on shortened time in light of the fast approaching plan confirmation hearing.

3. The hearing on the Motion for Order Temporarily Allowing the Claim of Del and Ernestine Bunch for Voting Purposes was held on January 3, 2007.

4. On January 19, 2007, the Bankruptcy Court entered its Order Denying Motion for Order Temporarily Allowing the Claim of Del and Ernestine Bunch for Voting Purposes. [Dkt. No. 2508]

5. On January 26, 2007, Appellants filed their Notice of Appeal [Dkt. No. 2585].

USACM seeks to include in the Debtor's Designation documents filed after the January 3, 2007 hearing that resulted in the appealed decision. For instance, Debtor's Designation identifies the Supplemental Brief in Support of Objection to Claim No. 1099 filed by Del and Ernestine Bunch with Certificate of Service, file on January 16, 2007, more than two weeks after the hearing. Debtor's Designation also improperly lists the Order Continuing Hearing on Objection to Claim of Del and Ernestine Bunch, filed on January 29, 2007, nearly a month after the hearing, while excluding any reference to the Bunch Supplemental points and authorities. In any event, any supplemental briefing filed after the January 3, 2007, hearing was not before the Bankruptcy Court, and is beyond the scope of the District Court's appellate court's review. If the District Court reviews pleadings not before the Bankruptcy Court, such appellate review could infringe upon the Bankruptcy Court's purview of determination and taint the appeals process below by introducing issues not yet ruled upon by the Bankruptcy Court.

. . .

06725-01/155677

This court should sustain Appellants' objection to the designation of the (1) Statement of Financial Affairs, (2) Early Plan and Notice Documents, (3) Bankruptcy Court Docket, (4) Post-Decision Filings, (5) Asset Purchase Agreement, (6) Notice of Filing of Form of Disbursing Agent Agreements, and the (6) Amended Notice of Filing of Form of Disbursing Agent Agreements, and strike the designations accordingly.

Dated this 23rd day of March, 2007.

        SANTORO, DRIGGS, WALCH,
        KEARNEY, JOHNSON & THOMPSON

        /s/ [signature]

        Richard F. Holley, Esq. (NV Bar No. 3077)
        Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
        400 South Fourth Street, Third Floor
        Las Vegas, Nevada 89101
        Telephone: 702/791-0308/Fax:  702/791-1912
        *Attorneys for Appellants Del and Ernestine Bunch*

06725-01/155677.doc

I hereby certify that I am an employee of Santoro, Driggs, Walch, Kearney, Johnson & Thompson, and that on the 23rd day of March, 2007, I caused to be served a true and correct copy of APPELLANTS' DEL AND ERNESTINE BUNCH REPLY IN SUPPORT OF OBJECTION TO APPELLEE DEBTOR'S DESIGNATION OF ADDITIONAL ITEMS TO INCLUDE IN RECORD ON APPEAL in the following manner:

☒ (ELECTRONIC SERVICE) Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

/s/ Shannon Liberio
An employee of Santoro, Driggs, Walch, Kearney, Johnson & Thompson

06725-01/155677