CHRISTINE A. ROBERTS, ESQ.  E-FILED ON: 3-23-07
Nevada Bar No.: 6472
OLSON, CANNON,
GORMLEY & DESRUISSEAUX
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Phone: (702) 384-4012
Fax: (702) 383-0701
Email: bankruptcy@rocgd.com
Attorney for Investors Commercial Capital, LLC.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | CASE NO.: BK-S-06-10725-LBR<br>CASE NO.: BK-S-06-10726-LBR<br>CASE NO.: BK-S-06-10727-LBR<br>CASE NO.: BK-S-06-10728-LBR<br>CASE NO.: BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-6-10725-LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | *RESPONSE TO MOTION TO SELL UNDER SECTION 363 ALL COMMERCIAL MORTGAGE ASSETS OF DEBTOR USA COMMERCIAL MORTGAGE COMPANY IN THE PLACER VINEYARDS LOANS TO COMPASS USA SPE, LLC [AFFECTS DEBTOR USA COMMERCIAL MORTGAGE COMPANY]* |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC, | HEARING:<br>Date: March 27, 2007<br>Time: 9:30 a.m. |

COMES NOW, Investors Commercial Capital, LLC., (hereinafter referred to as "Investors"), by and through its counsel, Christine A. Roberts, Esq., of the law firm Olson, Cannon, Gormley, and Desruisseaux, and responds to Debtor's Motion to Sell under Section 363 All Commercial Mortgage

Assets of Debtor USA Commercial Mortgage Company in the Placer Vineyards Loans to Compass USA Spe, LLC. This Response is based upon the entire case file, the pleadings contained herein, and any oral argument that this Court may wish to entertain.

## POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

1. All five Debtors in the caption filed their voluntary petitions for relief under Chapter 11, of Title 11, of the United States Bankruptcy Code on April 13, 2006 and an Order for Relief was entered.

2. On or about March 9, 2007, Debtors filed the instant motion.

3. The Motion proposes to sell the Placer Vineyards loans to compass for Three Hundred Thousand Dollars and no cents ($300,00.00).

4. According to the Motion the loans are worth potentially worth Six Million Five Hundred Thousand Dollars and no cents ($6,500,000.00).

5. The Motion states that the sale is subject to higher and better offers.

6. The Motion also states that such higher or better offers must be received in writing by Debtors attorneys at least two business days prior to the hearing.

7. The Declaration of Mr. Ellison indicates that it is his business judgment that the price represents the best offer that could be negotiated.

8. There is no evidence that the sale was advertised in any way.

9. The Motion requests that the Court find that Compass is a good faith purchaser.

10. Investors believes that the filing and Notice of the Motion was confusing.

11. When the Motion was initially filed, the Motion indicated a date and time of hearing of March 15, 2007, at 9:30 a.m.

12. On that same day, March 9, 2007, Debtors filed a Notice of Withdrawal of the Notice of Hearing for the Motion to Sell.

13. On that same day, March 9, 2007, Debtors filed an Ex Parte Application for an Order Shortening Time to hear the Motion to Sell.

14. On that same day, March 9, 2007, Debtors filed a Notice of Withdrawal of the Ex

Parte Application for Order Shortening Time for the Motion to Sell.

15. On March 15, 2007, Debtors filed another Ex Parte Application for an Order Shortening Time on the Motion to Sell.

16. On March 16, 2007, the Court ordered an Order Shortening Time to hear the Motion to Sell and scheduled the hearing for March 27, 2007 at 9:30 a.m.

17. On or about March 20, 2007, Debt Acquisition of America, a creditor and potential bidder filed an Opposition to the Motion.

18. On or about March 21, 2007, the USACM Liquidating Trustee filed an Opposition to the Motion.

19. On or about March 22, 2007, the day before the bids were due, Investors learned of the Motion to Sell. (Copy of Affidavit of Mark Schnippel is attached hereto and incorporated as Exhibit "1").

20. Investors is a prospective bidder in this matter. (Ex. "1").

21. Investors is a disinterested party and has no connection with the Debtors or any other party in interest and has no interest adverse to the Estate.

22. The Motion indicated that all bids must be received by Friday, March 23, 2007.

23. Investors has not had time to conduct due diligence in order to make a finalize bid by this date, but would like the opportunity to bid.

24. Investors is ready, able, and willing to bid in excess of Three Hundred Thousand Dollars and no cents ($300,000.00), but would request additional time to conduct due diligence.

25. Investors requests that the Court extend the time to sell the property, allow entities other than Compass to bid, establish bidding procedures, and set an auction date.

## II. LEGAL AUTHORITY

Investors would like an opportunity to conduct due diligence and bid on the loans being sold. Since Investors just found out about the sale yesterday, Investors has not had the opportunity to conduct due diligence. Investors would like to conduct due diligence before finalizing a bid. The bids are due by the end of business today. Investors does not have time to complete its due diligence before the deadline for the bids.

Investors believes that it would be in the best interest of the creditors to open bidding to qualified bidders. Investors believes that approving the sale on such a shortened time basis will not maximize the results to the Debtor, especially since the proposed sale provides for a sales price which has been greatly discounted. The goal of a §363 sale is to maximize a return for the Estate. "The Court's obligation in a §363 sale is to assure that optimal value is realized by the Estate under the circumstances." *In re Lahijani* 325 B.R. 282 (BAP 9th Cir. 2005). The requirement of a notice and hearing operates to provide both a means of objecting and a method for attracting interest by potential purchasers." *Id.* Investors believes that by opening bidding and marketing the sale the Estate may realize a far greater price of the sale.

Compass is also requesting a finding of good faith. Although the Code does not provide a definition of good faith a good faith purchase is one who buys "in good faith" and "for value." *In re M Capital Corporation* 290 B.R. 743 (9th Cir. BAP 2003), citing *In re Abbotts Dairies of Pennsylvania, Inc.* 788 F.2d 143, 147 (3rd Cir. 1986). Courts have traditionally held that fair value is given when a purchaser pays 75% of the appraised value of the assets. *In re Ewell* 958 F.2d 276 (9th cir. 1992), citing *Abbotts Dairies*. Given that now two potential bidders have filed a response to the motion and the Trust has filed an Opposition Investors does not believe the Court can make a finding of good faith without extending the bidding procedure.

WHEREFORE, Investors respectfully request that this Court entertain bids on the property and establish bidding procedures and for any further relief this Court may so deem to grant.

DATED this 23rd day of March, 2007.

Respectfully Submitted By:

CHRISTINE A. ROBERTS, ESQ.
Nevada Bar No.: 6472
OLSON, CANNON, GORMLEY & DESRUISSEAUX
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Phone: (702) 384-4012
Fax: (702) 383-0701
Email: bankruptcy@rocgd.com
Attorney for Investors Commercial Capital, LLC.

## CERTIFICATE OF MAILING

I, Kristi Miller, hereby certify that the RESPONSE TO MOTION TO SELL UNDER SECTION 363 ALL COMMERCIAL MORTGAGE ASSETS OF DEBTOR USA COMMERCIAL MORTGAGE COMPANY IN THE PLACER VINEYARDS LOANS TO COMPASS USA SPE, LLC filed in the above-entitled case was served on the 23rd day of March, 2007, by placing a true and correct copy of the same, with sufficient postage pre-paid thereon to ensure delivery, in the U.S. Mail at Las Vegas, Nevada, or where otherwise noted, to the following:

Annette W. Jarvis, Esq.
P.O. Box 45385
36 S. State Street, #1400
Salt Lake City, UT 84145-0385

Lenard E. Schwartzer, Esq.
Jeanette McPherson, Esq.
2850 S. Jones Blvd., #1
Las Vegas, NV 89146

U.S. Trustee
300 Las Vegas Blvd. S.
Suite 4300
Las Vegas, NV 89101

Michelle Abrams, Esq.
Abrams, Ltd.
3085 S. Jones Blvd #C
Las Vegas, Nevada 89146

Rob Charles, Esq.
Lewis & Roca LLP
3993 H. Hughes Pkwy #600
Las Vegas, Nevada 89169

Mark Schnippel
Investors Group
9960 West Cheyenne Ave.
Suite 210
Las Vegas, NV 89129

Dean Kirby, Jr.
Kirby & McGuinn, A.P.C.
600 B Street Suite 1950
San Diego, CA 92101-4515

_____
Kristi Miller, an employee of OLSON, CANNON, GORMLEY & DESRUISSEAUX

G:\Bankruptcy\Clients\Mark Schnippel\Response to Mtn to Sell All Commercial Mtg Asset.wpd

**EXHIBIT "1"**

| | |
|---|---|
| CHRISTINE A. ROBERTS, ESQ.<br>Nevada Bar No.: 6472<br>OLSON, CANNON,<br>GORMLEY & DESRUISSEAUX<br>9950 West Cheyenne Avenue<br>Las Vegas, NV 89129<br>Phone: (702) 384-4012<br>Fax: (702) 383-0701<br>Email: bankruptcy@rocgd.com<br>Attorney for Investors Commercial Capital | E-FILED ON: _____ |

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                              Debtor. | CASE NO.: BK-S-06-10725-LBR<br>CASE NO.: BK-S-06-10726-LBR<br>CASE NO.: BK-S-06-10727-LBR<br>CASE NO.: BK-S-06-10728-LBR<br>CASE NO.: BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                              Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>                              Debtor. | **Jointly Administered Under<br>Case No. BK-S-6-10725-LBR** |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                              Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>                              Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC, | HEARING:<br>Date: March 27, 2007<br>Time: 9:30 a.m. |

**AFFIDAVIT OF MARK SCHNIPPEL IN SUPPORT OF INVESTORS COMMERCIAL CAPITAL LLC's RESPONSE TO MOTION TO SELL UNDER SECTION 363 ALL COMMERCIAL MORTGAGE ASSETS OF DEBTOR, USA COMMERCIAL MORTGAGE COMPANY IN THE PLACER VINEYARDS LOANS TO COMPASS USA SPE, LLC [AFFECTS DEBTOR USA COMMERCIAL MORTGAGE COMPANY]**

STATE OF NEVADA        )
                                          ) ss.
COUNTY OF CLARK      )

I, MARK SCHNIPPEL, being duly sworn under penalty of perjury that the following

assertions are true to the best of my knowledge and belief and deposes and says:

1. That I am over the age of 18 years old and make this testimony based upon personal knowledge.

2. That I am a Member of Investors Commercial Capital, LLC.

3. That Investors Commercial Capital, LLC is a licensed mortgage broker.

4. That I learned of the sale of Vineyard Loans by Debtor on or about March 22, 2007.

5. That Investors Commercial Capital is ready, willing, and able to make a bid in excess of Three Hundred Thousand Dollars and no cents ($300,000.00) for the loans.

6. That Investors Commercial Capital does need to conduct due diligence before finalizing or making any bids.

7. That Investors Commercial Capital has not had adequate time to conduct due diligence.

8. That if Investors Commercial Capital is successful in bidding on the assets it is fully competent to service the loan.

FURTHER THE AFFIANT SAYETH NAUGHT.

DATED this 23 day of March, 2007.

MARK SCHNIPPEL

SUBSCRIBED and SWORN to before me this 23rd day of March, 2007.

Notary Public in and for said State and County

CARRIE L. PRICE
Notary Public State of Nevada
No. 04-90890-1
My appt. exp. July 9, 2008

G:\Bankruptcy\Clients\Mark Schnippel\Affidavit Mark Schnippel - Response.wpd