Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for USA Commercial Mortgage Company

E-FILED on March 26, 2007

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>**REPLY IN SUPPORT OF MOTION TO SELL UNDER SECTION 363 ALL COMMERCIAL MORTGAGE ASSETS OF DEBTOR USA COMMERCIAL MORTGAGE COMPANY IN THE PLACER VINEYARDS LOANS TO COMPASS USA SPE, LLC [AFFECTS DEBTOR USA COMMERCIAL MORTGAGE COMPANY]**<br><br>Hearing Date: March 27, 2007<br>Hearing Time: 9:30 a.m. |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | |

- 1 -

919548

USA Commercial Mortgage Company ("USACM"), by and through its counsel, hereby files its reply in support of the *Motion to Sell Under Section 363 All Commercial Mortgage Assets of Debtor USA Commercial Mortgage Company in the Placer Vineyards Loans to Compass USA SPE, LLC* [Docket No. 3037] (the "Motion"), requesting that the Court authorize USACM pursuant to 11 U.S.C. §§ 363(b)(1) and 363(f) to sell to Compass USA SPE, LLC, successor in interest to Compass Partners, LLC ("Compass"), the Placer Vineyard Commercial Mortgage Assets (as defined in the Motion) (hereinafter, the "PVCM Assets") to USACM that relate to the Placer Vineyard Loans,[1] subject to higher and better offers.

I.  USACM FILED THE MOTION AS AN ACCOMMODATION

The "Effective Date" of the Debtors' Third Amended Joint Plan of Reorganization (the "Plan") occurred on March 12, 2007. Just prior to the Effective Date, on March 9, 2007, as an accommodation to and with the approval of the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company (the "UC Committee"), USACM filed the Motion to approve a sale of the PVCM Assets to Compass at a price that was agreed to by the UC Committee and Compass. A condition in Compass's offer to purchase the PVCM Assets was that the assets would be transferred by the USACM debtor "free and clear" pursuant to Section 363(f) of the Bankruptcy Code. Pursuant to the Plan, the USACM Liquidating Trust (the "USACM Trust") formally came into existence on the Effective Date and the UC Committee was disbanded. Any consideration obtained from the sale of the PVCM Assets will inure to the beneficiaries of the USACM Trust, which are the general unsecured creditors of USACM. USACM entered into the agreement with Compass, as set forth in the Motion and noticed to the Direct Lenders of the Placer Vineyard Loans and other interested parties, and noticed up the sale with the consent and support of the UC Committee. If the USACM Trust, being advised by the same counsel, has now changed course, USACM still believes that the original decision made by the UC Committee is in the estate's best interest and asks that the hearing go forward, an auction be held, and the Court then rule on whether to approve the sale resulting from the auction for the reasons set forth herein.

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning has set forth in the Motion.

- 2 -

919548

There is simply no guarantee that an auction will occur after March 27, 2007, since Compass may revoke its offer and the opportunity for an auction may disappear, leaving less value for creditors and possibly less protection for the interested Direct Lenders.  Furthermore, as stated below, USACM believes that the PVCM Assets need to be transferred promptly to a loan servicer that can advance additional funds in order to preserve value for the USACM creditors and for the Direct Lenders in the Placer Vineyards Loans.

## II. SUBSTANTIAL GROUNDS EXIST FOR AN EXPEDITED HEARING

As set forth in the *Declaration of Robert E. Koe in Support of Motion to Sell Under Section 363 All Commercial Mortgage Assets of Debtor USA Commercial Mortgage Company in the Placer Vineyards Loans to Compass USA SPE, LLC* [Docket No. 3242] (the "Koe Declaration"), there is a real and substantial risk that if the servicing for the Placer Vineyards Loans is not resolved immediately, with a servicer in place with the funding ability to advance the unpaid real property taxes for the Placer Vineyards Project and the Borrower's share of the property owners association costs, it appears likely that the Placer Vineyards Project will have value for the immediate future only as undeveloped farm land and the market value of the Placer Vineyards Project will be reduced dramatically.  Koe Declaration, ¶16.  Additionally, Compass has made abundantly clear to USACM and the USACM Trust that Compass's offer is expressly conditioned upon immediate approval thereof and Compass has reserved the right to revoke its offer.  *Declaration of David Blatt of Compass Financial Partners, LLC in Support of Debtors' Motion to Sell Under Section 363 All Commercial Mortgage Assets of Debtor USA Commercial Mortgage Company in the Placer Vineyards Loans to Compass USA SPE, LLC* [Docket No. 3244] (the "Blatt Declaration").  The Placer Vineyards Project has been adequately marketed (as set forth below), as evidenced further by the fact that USACM has now received a competing offer for $450,000 from Sierra Liquidity for the PVCM Assets.

Accordingly, USACM believes that the objecting parties' desire to continue this matter until a later date is not a viable option under the circumstances.  There is a substantial risk that a further delay may prompt Compass to withdraw its $300,000 offer and decline the opportunity to top the current Sierra Liquidity offer of $450,000.  Further, Sierra Liquidity may decide to

- 3 -

919548

withdraw its offer if the sale is extended and cannot be closed promptly. Also, on April 10, 2007, an additional $170,000 in real property taxes on the Placer Vineyards Project will become due, Koe Declaration ¶ 12, and the property owners association that has been working with Placer County to obtain approval of the development has made demand upon the Borrower for the Borrower to pay approximately $375,000 for the Borrower's share of costs incurred. Koe Declaration, ¶ 13. USACM has no ability to meet these critical funding shortfalls. The USACM Trust will not advance the necessary funds needed to adequately protect the value of the Placer Vineyard Project. While this fact alone provides sufficient reason to sell the PVCM Assets, rather than transfer them to the USACM Trust, it is not simply the need for a new loan servicer to benefit the Direct Lenders on the Placer Vineyards Loans that warrants the relief requested in the Motion and obtaining that relief on an expedited basis. USACM is also attempting to maximize value for creditors by selling the PVCM Assets for the highest and best offer possible under the circumstances.

III.  THE PLACER VINEYARDS PROJECT HAS BEEN APPROPRIATELY MARKETED

Because the Placer Vineyard Loans were not included in the assets sold to Compass under the Compass APA, following Bankruptcy Court approval of the Compass APA, USACM undertook efforts to market the Placer Vineyard Commercial Mortgage Assets. Koe Declaration, ¶8. As set forth in the Koe Declaration, Mr. Koe contacted or attempted to contact the following potential buyers to determine if they were interested in purchasing the PVCM Assets: Racebrook, Silver Point, Commercial Funding, LLC ("Commercial Funding"), Sierra Liquidity Fund, LLC ("Sierra Liquidity"), and Compass. However, Racebrook declined to make an offer, and Silver Point did not return Mr. Koe's phone calls. James Glockner on behalf of Commercial Funding initially told Mr. Koe that Commercial Funding, LLC, would agree to take over the servicing responsibilities for the Placer Vineyards Loans but would not pay anything for the PVCM Assets. Mr. Koe was informed that Commercial Funding was considering presenting a bid for the PVCM Assets, but it has not done so. Compass submitted the offer of $300,000 that was negotiated by the UC Committee and USACM. Compass has confirmed its understanding that the Prepaid Interest on the Placer Vineyards Loans is not being sold as part of the Placer Vineyards

- 4 -

919548

1  Commercial Mortgage Assets and that Compass will be obligated to continue to collect such
2  Prepaid Interest with regard to the Placer Vineyards Loans pursuant to the terms of the Compass
3  APA.  James Riley on behalf of Sierra Liquidity presented a bid for the PVCM Assets for
4  $450,000, which also recognizes that Sierra Liquidity as servicer must collect for the benefit of the
5  USACM Trust any Prepaid Interest on the Placer Vineyards Loans.  Koe Declaration, ¶ 9.
6  Accordingly, USACM has taken appropriate measures to market the Placer Vineyards
7  Commercial Mortgage Assets to obtain the highest and best offer possible under the circumstances
8  confronting USACM and the USACM Trust.

IV.  THE PLACER VINEYARDS COMMERCIAL MORTGAGE ASSETS ARE ASSETS OF THE USACM BANKRUPTCY ESTATE

An objection to the Motion was filed by Debt Acquisition Company of America V ("DACA").  DACA's assertion that the PVCM Assets are not property of the bankruptcy estate but instead are vested in the USACM Trust is incorrect.  On March 9, 2007 the Bankruptcy Court entered an order clarifying the Plan to "provide that the transfer of the Placer Vineyards Commercial Mortgage Assets from USACM to the USACM Trust is not automatic on the Effective Date of the Confirmed Plan, and instead will not be effective under the Confirmed Plan until the Motion has been heard and ruled upon by this Court…." *Stipulation and Order Postponing the Transfer of USACM's Rights and Assets Relating to the Placer Vineyards Loans to the USACM Trust*, p. 4 [Docket No. 3031].  Accordingly, the PVCM Assets remain property of the USACM bankruptcy estate for a limited period until the Motion is heard and ruled upon.

V.  THE MOTION WAS PROPERLY NOTICED

DACA also erroneously asserts that the Notice of Hearing was the only document served on the Direct Lenders and that USACM failed to adequately disclose the relief sought in the Motion.  However, the Court's docket establishes that on March 9, 2007, as ordered by the Bankruptcy Court, each of the Direct Lenders on the Placer Vineyard Loans, and other parties who had requested notice, were served with the:

(1) Stipulation and Order Postponing the Transfer of USACM's Rights and Assets Relating to the Placer Vineyards Loans to the USACM Trust [Docket No. 3031];

- 5 -

919548

1    (2)    Motion to Sell Under Section 363 all Commercial Mortgage Assets of Debtor USA Commercial Mortgage Company in the Placer Vineyards Loans to Compass USA SPE, LLC [Docket No. 3037]; and

(3)    Declaration of Thomas J. Allison in Support of Motion to Sell Under Section 363 all Commercial Mortgage Assets of Debtor USA Commercial Mortgage Company in the Placer Vineyards Loans to Compass USA SPE, LLC [Docket No. 3038]

*See Certificate of Mailing* [Docket No. 3087]. The Notice of Hearing was subsequently served on each Direct Lender in the Placer Vineyard Loans as well as other parties who had requested notice on March 15, 2007. *See Certificate of Mailing* [Docket No. 3126]. As such, DACA's contention is simply erroneous.

VI.    THE BENEFICIARIES OF THE USACM TRUST ARE THE REAL PARTIES-IN-INTEREST

As mentioned above, USACM filed and is moving forward with the Motion as an accommodation to the UC Committee and now the USACM Trust. Undoubtedly, with a confirmed Plan that became effective on March 12, 2007, the beneficiaries of the USACM Trust, as well as direct lenders on the Placer Vineyards Loan, are the ultimate beneficiaries of the Motion and are the parties in interest that will be harmed by delay in identifying a new loan servicer for the Placer Vineyards Loans. Nevertheless, USACM in its business judgment believes that it is in the best interest of these parties in interest to have the new servicer identified and approved by the Court at the hearing scheduled for March 27, 2007.

Dated this 26th day of March, 2007.

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

and

  /s/   Jeanette E. McPherson
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146

- 6 -

919548