1  Annette W. Jarvis, Utah Bar No. 1649                    **E-FILED ON MARCH 30, 2007**
   Steven C. Strong, Utah Bar No. 6340
2  RAY QUINNEY & NEBEKER P.C.
3  36 South State Street, Suite 1400
   P.O. Box 45385
4  Salt Lake City, Utah 84145-0385
   Telephone: (801) 532-1500
5  Facsimile: (801) 532-7543
   Email: ajarvis@rqn.com
6
7  Lenard E. Schwartzer, Nevada Bar No. 0399
   Jeanette E. McPherson, Nevada Bar No. 5423
8  SCHWARTZER & MCPHERSON LAW FIRM
   2850 South Jones Boulevard, Suite 1
9  Las Vegas, Nevada  89146-5308
   Telephone:  (702) 228-7590
10 Facsimile:  (702) 892-0122
11 E-Mail:  bkfilings@s-mlaw.com

12 Attorneys for Debtors and Debtors-in-Possession

13                 **UNITED STATES BANKRUPTCY COURT**

14                        **DISTRICT OF NEVADA**

15 In re:                                          Case No. BK-S-06-10725 LBR
   USA COMMERCIAL MORTGAGE COMPANY,                Case No. BK-S-06-10726 LBR
16                                   Debtor.        Case No. BK-S-06-10727 LBR

17 In re:                                          Case No. BK-S-06-10728 LBR
   USA CAPITAL REALTY ADVISORS, LLC,              Case No. BK-S-06-10729 LBR
18                                   Debtor.
                                                   Chapter 11
19 In re:                                          Jointly Administered Under
   USA CAPITAL DIVERSIFIED TRUST DEED              Case No. BK-S-06-10725 LBR
20 FUND, LLC,
                                     Debtor.        **REQUEST OF USA COMMERCIAL**
21 In re:                                          **MORTGAGE COMPANY TO**
   USA CAPITAL FIRST TRUST DEED FUND, LLC,         **CONTINUE TO APRIL 26, 2007 THE**
22                                   Debtor.        **HEARING ON ITS MOTION TO**
                                                   **SELL UNDER SECTION 363**
23 In re:                                          **CERTAIN ASSETS RELATING TO**
   USA SECURITIES, LLC,                            **THE PLACER VINEYARD LOANS**
24                                   Debtor.        **(Affects USA Commercial Mortgage**
25 Affects:                                                    **Company)**
        ☐  All Debtors
        ☒  USA Commercial Mortgage Company
26      ☐  USA Securities, LLC
        ☐  USA Capital Realty Advisors, LLC           Date:  April 9, 2007
27      ☐  USA Capital Diversified Trust Deed Fund, LLC  Time:  1:30 p.m.
28      ☐  USA First Trust Deed Fund, LLC

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1

USA Commercial Mortgage Company ("USACM"), by and through its counsel, hereby files its Request to Continue the Hearing on its Motion to Sell Under Section 363 the Placer Vineyard Loans (the "Request"). In support of its Request, USACM has filed a Declaration of Douglas M. Monson contemporaneously herewith and states the following:

## I.    FACTUAL BACKGROUND

1.    On March 9, 2007, USACM filed its Motion to Sell Under Section 363 All Commercial Assets of Debtor USA Commercial Mortgage Company in the Placer Vineyard Loans to Compass USA SPE, LLC (the "Motion") [Docket No. 3037]. USACM then filed a motion for an order shortening time to hear the Motion. USACM requested that its Motion be heard on shortened notice in order to quickly resolve uncertainties over the servicing of the Placer Vineyard Loans so as to maximize the value of these loans to the benefit of the USACM estate. The Court granted the motion for an order shortening time [Docket No. 3099], and a hearing on the Motion was set for March 27, 2007.

2.    At the March 27 hearing on the Motion, the Court invited USACM to file a supplemental declaration with additional evidence supporting the Motion and continued the hearing to April 9, 2007.

3.    On March 28, 2007, counsel for USACM received a report and verified other information indicating that a substantial portion of the real property taxes owing on the three parcels comprising the collateral for the Placer Vineyard Loans ("Three Parcels") had been paid. *See* Declaration of Douglas M. Monson, at ¶¶ 6-7 attached hereto as **Exhibit 1**.

4.    USACM has also learned that on March 28, 2007, USA Investment Partners, LLC ("USAIP"), which is the majority owner of the Borrower on the Placer Vineyards Loans, has been placed under the control of a receiver by order of the U.S. District Court for the Central District of California. A copy of the "Order Appointing Temporary Receiver, Temporary Restraining Order and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue and a Permanent Receiver Should Not Be Appointed" is attached hereto as **Exhibit 2**. It is unclear at this point what the impact the USAIP receivership will have, if any, on the Motion or the Placer Vineyard Loans.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

## II.    REQUEST TO CONTINUE HEARING

1.    USACM hereby requests that the Court continue the scheduled on the Motion from April 9, 2007 to April 26, 2007, which is already scheduled as an omnibus hearing date in the USACM bankruptcy case.

2.    USACM has conferred with counsel for the USACM Liquidating Trust, and understands that the Trust supports and agrees with the Request.

3.    One of the reasons that USACM asked to have its Motion heard on shortened notice was due to the need to have the real property taxes owing on the Three Parcels paid promptly.  Now that a substantial portion of these taxes have been paid, the need for an expedited hearing on April 9, 2007 may not exist.

4.    Further, continuing the hearing to April 26, 2007 will allow parties time to consider the affects, if any the USAIP may have on the Motion and the Placer Vineyard Loans

## III.    CONCLUSION

For the reasons discussed above, USACM requests that the Court continue the hearing on its Motion currently scheduled for April 9, 2007, to April 26, 2007.

Dated:  March 30, 2007

  /s/    Lenard E. Schwartzer, Esq.
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Attorneys for Debtors

920663v1

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# EXHIBIT "1"

Annette W. Jarvis, Utah Bar No. 1649
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

and

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com
Attorneys for Debtors

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><div align="right">Debtor.</div> | Case Nos. BK-S-06-10725 LBR<br>Case Nos. BK-S-06-10726 LBR<br>Case Nos. BK-S-06-10727 LBR<br>Case Nos. BK-S-06-10728 LBR<br>Case Nos. BK-S-06-10729 LBR |
| In re:<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><div align="right">Debtor.</div> | Chapter 11 |
| In re:<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><div align="right">Debtor.</div> | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><div align="right">Debtor.</div> | **DECLARATION OF DOUGLAS M. MONSON IN SUPPORT OF MOTION TO SELL UNDER SECTION 363 ALL COMMERCIAL MORTGAGE ASSETS OF DEBTOR USA COMMERCIAL MORTGAGE COMPANY IN THE PLACER VINEYARDS LOANS TO COMPASS USA SPE, LLC [AFFECTS DEBTOR USA COMMERCIAL MORTGAGE COMPANY]** |
| In re:<br><br>USA SECURITIES, LLC,<br><div align="right">Debtor.</div> | |
| Affects:<br> ☐  All Debtors<br> ☒  USA Commercial Mortgage Company<br> ☐  USA Securities, LLC<br> ☐  USA Capital Realty Advisors, LLC<br> ☐  USA Capital Diversified Trust Deed Fund, LLC<br> ☐  USA First Trust Deed Fund, LLC | |

I, Douglas M. Monson, hereby declare, verify and state as follows:

1.       I am an attorney with Ray Quinney & Nebeker P.C., and I am one of the attorneys representing Debtor USA Commercial Mortgage Company ("USACM") in its bankruptcy case that was filed in the United States Bankruptcy Court for the District of Nevada.

2.       I have been working with Robert E. Koe, a Director of Mesirow Financial Interim Management, LLC ("Mesirow"), who has been acting at the direction of  Thomas J. Allison, the President and Chief Restructuring Officer of USACM, with respect to the "Motion To Sell Under Section 363 All Commercial Mortgage Assets of Debtor USA Commercial Mortgage Company in the Placer Vineyards Loans to Compass USA SPE, LLC" that was filed by USACM (the "Motion") on March 9, 2007 as Docket No. 3037.

3.       This Declaration is based upon my personal knowledge or, if so stated, upon information and belief.

4.       The Placer Vineyards Loans are evidenced by the following:

(A)      A Promissory Note dated on or about December 10, 2004, executed by Borrower Placer County Land Speculators, LLC, a California limited liability company, in the original principal amount of $27,500,000 (the "Placer Vineyards Senior Note").  The Placer Vineyards Senior Note is secured by a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing recorded on December 20, 2004, as Document No. 2004-0169766 with the Placer County, California, County Recorder, as subsequently amended (the "Placer Vineyards Senior Trust Deed").

(B)      A Promissory Note dated on or about December 10, 2004, executed by Borrower Placer County Land Speculators, LLC, a California limited liability company, in the original principal amount of $6,500,000 (the "Placer Vineyards Junior Note").  The Placer Vineyards Junior Note is secured by a Deed of Trust, Assignment of Rents, Security Agreement

and Fixture Filing recorded on December 20, 2004, as Document No. 2004-0169767 with the Placer County, California County Recorder (the "Placer Vineyards Junior Trust Deed").

5.        Both the Placer Vineyards Senior Trust Deed and the Placer Vineyards Junior Trust Deed describe three parcels of real property in Placer County, State of California, owned by Borrower Placer County Land Speculators, LLC, that were originally identified by the Placer County Assessor and the Placer County Treasurer as Assessor's Parcel Nos. 023-200-010-000, 023-200-012-000, and 023-200-013-000 (the "Three Parcels").

6.        I received a report on March 28, 2007, that some or all of the real property taxes for the Three Parcels were being paid that day, and I was asked to verify this report. I did an online computer search of the public records website for the Placer County Treasurer to check the status of the taxes on the Three Parcels as of March 28, 2007, and I also called the office of the Placer County Treasurer on March 28, 2007, to verify the accuracy of the information that was showing on the public records website for the Three Parcels. A copy of the results of my online computer search is attached hereto as Exhibit "A" and incorporated herein.

7.        I was informed by the office of the Placer County Treasurer that Assessor's Parcel No. 023-200-013-000 was now designated as Assessor's Parcel No. 023-200-013-510. I was also informed by the office of the Placer County Treasurer, as verified by the online computer search attached as Exhibit "A" hereto, that the Current Taxes (2006 Taxes) for the Three Parcels were paid on March 28, 2007, and were posted as paid on the Placer County Treasurer's website on the afternoon of March 28, 2007, including both the 1st Installment of the 2006 Taxes on the Three Parcels that were late (or delinquent) as of December 10, 2006, and the 2nd Installment of the 2006 Taxes on the Three Parcels that were due on February 1, 2007, and that would have been late (if not paid) on April 10, 2007. The total amount of 2006 Current Taxes on the Three Parcels that were paid on March 28, 2007, was $353,765.38.

8.      The online computer search of the records of the Placer County Treasurer (Exhibit "A") indicates that the Default Taxes (additional real property taxes owing on the Three Parcels from years prior to 2006) are still showing as unpaid as of March 28, 2007.  The total amount of the unpaid Default Taxes for the Three Parcels as of March 28, 2007, was $297,107.88 ($50,953.67 for Parcel No. 023-200-010-000, $112,409.61 for Parcel No. 023-200-012-000, and $133,744.60 for Parcel No. 023-200-013-510).  I was informed by the office of the Placer County Treasurer that they had no further information on any payments of the Default Taxes for the Three Parcels.

9.      I declare under penalty of perjury that the foregoing statements are true and correct according to my best knowledge, information and belief.

Executed this 30th day of March, 2007.


  /s/  Douglas M. Monson
Douglas M. Monson

920582.01/dmm

4

# EXHIBIT "A"





| I need information on.. | Departments | Search |

Residents | Business | Visitors | Online Services | Board of Supervisors | Emergency | County Go



Home > Treasurer - Tax Collector Home Page > Taxes > Secured Property Taxes > Important Dates

## Important Dates to Remember

- January 1 - Lien date, the date taxable value is established and property taxes become a lien on the pr
- July 1 - Beginning of the County's fiscal year
- August 1- Unsecured bills due.
- August 31 - Unsecured deadline. A 10% penalty is added as of 5:00 p.m.[1]
- October - Treasurer-Tax Collector mails out original secured property tax bills
- November 1 - First installment is due (Secured Property Tax) and delinquent Unsecured accounts are o additional penalties of 1½% until paid.
- December 10 - First installment payment deadline. A 10% penalty is added as of 5:00 p.m. [1]
- February 1 - Second installment due (Secured Property Tax)
- April 10 - Second installment payment deadline. A 10% penalty plus $10.00 cost is added as of 5:00 p
- May - Treasurer-Tax Collector mails delinquent notices for any unpaid, regular current taxes
- June 30 - End of fiscal year
- July 1 - Delinquent Secured accounts are transferred to delinquent tax roll and additional penalties add 1/2%per month on any unpaid tax amounts, plus $15.00 redemption fee

[1] If a delinquent date falls on a weekend or holiday, the delinquent date is the next business da

Home | Residents | Business | Visitors | Online Services | Board of Supervisors | Emergency | County

Â© 2006 County of Placer, California | Legal Notices

530-889-4120  Placer County Treasurer's Office

| FeeParcel | Asmt | Year | Tra | Roll Cat. |
|---|---|---|---|---|
| 023-200-010-000 | **023-200-010-000** | 2006 | 058-002 | CS |
| PLACER COUNTY LAND SPECULATORS LLC | | | | |

**Navigation**

**Last Search**                    **New Search**                                   **Print**

**Assessment Info**

Assessment #              023-200-010-000

Taxyear                   2006

Feeparcel                 023-200-010-000

Roll Cat                  **CS**

| Taxes | 1st | 2nd | Total |
|---|---|---|---|
| Paid Status | PAID | PAID | |
| Due/Paid Date | 03/28/2007 | 03/28/2007 | |
| Total Due | $32,596.10 | $29,632.82 | $62,228.92 |
| Total Paid | $32,596.10 | $29,632.82 | $62,228.92 |
| Balance | $0.00 | $0.00 | $0.00 |

**Default Taxes**                                                        **Balance**

Def Number       DEF060000772

**click to view how to start Payment Plan**                              $50,953.67

**Redemption Schedule**

| | | | |
|---|---|---|---|
| Jul | Jan | | |
| Aug | Feb | $50,335.22 | |
| Sep | Mar | $50,953.67 | |
| Oct | Apr | $51,572.12 | |
| Nov | May | $52,190.57 | |
| Dec | Jun | $52,809.02 | |

**Taxcode Info**

| Tax Code | Rate | 1st | 2nd | Total |
|---|---|---|---|---|
| 00001 | 1 | $28,044.24 | $28,044.24 | $56,088.48 |
| Property Tax-1% Rate | | | | |
| 36500 | 0.0564 | $1,581.69 | $1,581.69 | $3,163.38 |
| Center Joint Unif B&I | | | | |
| 59700 | 0 | $6.89 | $6.89 | $13.78 |
| Placer Mosquito Abatement | | | | |

**Navigation**

**Last Search**                    **New Search**                                   **Print**

| FeeParcel | Asmt | Year | Tra | Roll Cat. |
|---|---|---|---|---|
| 023-200-012-000 | **023-200-012-000** | 2006 | 058-002 | CS |
| PLACER COUNTY LAND SPECULATORS LLC | | | | |

**Navigation**

| Last Search | New Search | Print |
|---|---|---|

**Assessment Info**

| | |
|---|---|
| Assessment # | 023-200-012-000 |
| Taxyear | 2006 |
| Feeparcel | 023-200-012-000 |
| Roll Cat | **CS** |

| Taxes | 1st | 2nd | Total |
|---|---|---|---|
| Paid Status | PAID | PAID | |
| Due/Paid Date | 03/28/2007 | 03/28/2007 | |
| Total Due | $69,286.32 | $62,987.57 | $132,273.89 |
| Total Paid | $69,286.32 | $62,987.57 | $132,273.89 |
| Balance | $0.00 | $0.00 | $0.00 |

| Default Taxes | | Balance |
|---|---|---|
| Def Number | DEF060000773 | |
| click to view how to start Payment Plan | | $112,409.61 |

**Redemption Schedule**

| | | |
|---|---|---|
| Jul | Jan | |
| Aug | Feb | $111,044.74 |
| Sep | Mar | $112,409.61 |
| Oct | Apr | $113,774.48 |
| Nov | May | $115,139.35 |
| Dec | Jun | $116,504.22 |

**Taxcode Info**

| Tax Code | Rate | 1st | 2nd | Total |
|---|---|---|---|---|
| 00001 | 1 | $59,623.43 | $59,623.43 | $119,246.86 |
| Property Tax-1% Rate | | | | |
| 36500 | 0.0564 | $3,362.76 | $3,362.76 | $6,725.52 |
| Center Joint Unif B&I | | | | |
| 59700 | 0 | $1.38 | $1.38 | $2.76 |
| Placer Mosquito Abatement | | | | |

**Navigation**

| Last Search | New Search | Print |
|---|---|---|

| FeeParcel | Asmt | Year | Tra | Roll Cat. |
|---|---|---|---|---|
| 023-200-013-510 | **023-200-013-510** | 2006 | 058-002 | CS |
| PLACER COUNTY LAND SPECULATORS LLC | | | | |

**Navigation**

| Last Search | New Search | Print |
|---|---|---|

**Assessment Info**

| Assessment # | 023-200-013-510 |
|---|---|
| Taxyear | 2006 |
| Feeparcel | 023-200-013-510 |
| Roll Cat | **CS** |

| Taxes | 1st | 2nd | Total |
|---|---|---|---|
| Paid Status | PAID | PAID | |
| Due/Paid Date | 03/28/2007 | 03/28/2007 | |
| Total Due | $83,423.25 | $75,839.32 | $159,262.57 |
| Total Paid | $83,423.25 | $75,839.32 | $159,262.57 |
| Balance | $0.00 | $0.00 | $0.00 |

| Default Taxes | | Balance |
|---|---|---|
| Def Number | DEF060000925 | |
| click to view how to start Payment Plan | | $133,744.60 |

**Redemption Schedule**

| Jul | Jan | |
|---|---|---|
| Aug | Feb | $132,120.60 |
| Sep | Mar | $133,744.60 |
| Oct | Apr | $135,368.60 |
| Nov | May | $136,992.60 |
| Dec | Jun | $138,616.60 |

**Taxcode Info**

| Tax Code | Rate | 1st | 2nd | Total |
|---|---|---|---|---|
| 00001 | 1 | $71,783.82 | $71,783.82 | $143,567.64 |
| Property Tax-1% Rate | | | | |
| 36500 | 0.0564 | $4,048.61 | $4,048.61 | $8,097.22 |
| Center Joint Unif B&I | | | | |
| 59700 | 0 | $6.89 | $6.89 | $13.78 |
| Placer Mosquito Abatement | | | | |

**Navigation**

| Last Search | New Search | Print |
|---|---|---|

# EXHIBIT "1"

1  David S. Kupetz (CA Bar No. 125062)
   Email:dkupetz@sulmeyerlaw.com
2  Marcus A. Tompkins (CA Bar No. 190922)
   Email:mtompkins@sulmeyerlaw.com
3  **SulmeyerKupetz**
   A Professional Corporation
4  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California 90071-1406
5  Telephone: 213.626.2311
   Facsimile: 213.629.4520
6
   Attorneys for Robert A. Russell, an
7  individual, Placer County Land Investors,
   LLC, a California limited liability
8  company, and SVRB Investments, LLC,
   an Arizona limited liability company,
9  Plaintiffs

10

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

11            **UNITED STATES DISTRICT COURT**

12     **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

13

14

| | |
|---|---|
| Robert A. Russell, an individual, Placer County Land Investors, LLC, a California limited liability company, and SVRB Investments, LLC, an Arizona limited liability company<br><br>Plaintiffs,<br><br>vs.<br><br>USA Investment Partners, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. EDCV07-0343 SGL (JCRx)<br><br>~~[Proposed]~~ ORDER APPOINTING TEMPORARY RECEIVER, TEMPORARY RESTRAINING ORDER AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE AND A PERMANENT RECEIVER SHOULD NOT BE APPOINTED<br><br>Date: [To Be Set]<br>Time: [To Be Set]<br>Place: 3470 Twelfth St., Room 134<br>Riverside, CA 92501 |

28

25     This matter came before the Court on plaintiffs' "Ex Parte Application for (1)

26  Temporary Receiver, (2) Temporary Restraining Order, (3) Other Equitable Relief,

27  and (4) Order to Show Cause why a Permanent Receiver Should Not be Appointed

28  and a Preliminary Injunction Should Not Issue" (the "Application"). The Court has

1 diversity jurisdiction over this action and venue in this District is appropriate under

2 28 U.S.C. § 1391(a)(2). Based on the evidence presented, the argument of counsel,

3 the authority submitted, being otherwise fully advised in the matter, and good cause

4 having been shown, the Court hereby finds that:

5 **I.** **FINDINGS OF FACT**

6       A.     Defendant, USA Investment Partners, LLC, ("USAIP" or

7 "Defendant") is a limited liability company organized under the laws of the State

8 of Nevada. The members of USAIP are Thomas A. Hantges ("Hantges") and

9 Joseph D. Milanowski ("Milanowski"). Hantges owns a 57% membership

10 interest in USAIP. Milanowski owns a 43% membership interest in USAIP.

11 Milanowski is the manager of USAIP. Hantges and Malinowski are collectively

12 referred to herein as the "Members".

13       B.     The plaintiffs (the 'Plaintiffs") in this action are Placer County Land

14 Investors, LLC ("Placer"), SVRB Investments, LLC ("SVRB"), and Robert A.

15 Russell ("Russell").

16       C.     Russell, an individual, is a resident of the state of Arizona. Placer is

17 a limited liability company organized under the laws of the state of California.

18 The members of Placer are USAIP, Russell, and Land & Castle Investments, LLC

19 ("L&CI"). USAIP owns an 88% controlling membership interest in Placer.

20 Russell owns a 10% membership interest in Placer. L&CI owns a 2%

21 membership interest in Placer. Russell has been the manager of Placer. On

22 March 20, 2007, Russell received a letter (the "Removal Letter") from USAIP

23 seeking to replace him as manager of Placer with USAIP.

24       D.     SVRB is a limited liability company organized under the laws of the

25 state of Arizona. The members of SVRB are USAIP and Russell. USAIP owns a

26 50% membership interest in SVRB. Russell owns a 50% membership interest in

27 SVRB. Russell is a manager of SVRB.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

E.      The primary assets of USAIP are equity interests in entities that own real estate development projects in various stages of development, primarily located in California and substantially located within the judicial district of this Court.

F.      Currently, entities affiliated with the members of USAIP are the subject of bankruptcy cases (the "Bankruptcy Cases") pending in the United States Bankruptcy Court for the District of Nevada.  These entities include USA Commercial Mortgage Company ("USACM"), USA Capital Realty Advisors, LLC ("USACRA"), USA Securities, LLC  ("USAS"), USA Capital First Trust Deed Fund ("First"), and USA Capital Diversified Trust Deed Fund, LLC ("Diversified").

G.      On January 3, 2007, the Honorable Linda B. Riegle, United States Bankruptcy Judge in the jointly administered Bankruptcy Cases entered a temporary restraining order with regard to an entity (HMA Sales, LLC) in which USAIP holds a 90% equity interest.

H.      Prior to the commencement of the Bankruptcy Cases, USAIP had received financial support in the way of transfers and loans from USACM and some of the related entities that are debtors in the Bankruptcy Cases.  Subsequent to the commencement of the Bankruptcy Cases, such support was not provided.

I.      Hantges and Milanowski are the subject of an investigation requested by the United States Securities and Exchange Commission (the "SEC") and conducted by the Federal Bureau of Investigation (the "FBI") in connection with the business and operations of USAIP and various related entities.

J.      USAIP is controlled by Hantges and Milanowski.  The Members have admitted to Plaintiffs that during the pendency of the ongoing investigation by the SEC and/or the FBI relating to their activities, they have been and will continue to be precluded from effectively managing the operations of USAIP.

[DSK\LIT\513514 1 3/23/2007 (2:25 PM)]                    3

K.     USAIP has substantial liabilities under guarantees of loans made to entities in which USAIP holds a membership interest.  USAIP is also obligated to Diversified pursuant to a loan that may amount to as much as $75 million or more. This loan is secured by a general pledge of the membership interests held by USAIP.

L.     USAIP has significant unpaid, delinquent obligations, including those owing to Plaintiffs, and unperformed commitments, including those made to Plaintiffs.

M.     Parties, including Plaintiffs, with claims against USAIP and/or with equity interests in entities in which USAIP also holds an equity interest face imminent and irreparable harm to their opportunity for recovery on their claims and/or equity interests.  The assets of USAIP are at risk as long as USAIP remains under the control of the Members.

N.     USAIP is unable to effectively function and the assets of USAIP are diminishing in value as a result of the lack of any party currently in a position to control the direction and operations of USAIP.  Loans with respect to real estate development projects owned by entities in which USAIP holds membership interests, including entities in which Plaintiffs also hold membership interests, are delinquent, real property taxes and other obligations owing with respect to such projects are also delinquent.

O.     Various real estate development projects owned by entities in which USAIP owns membership interests, including those in which Plaintiffs also own membership interests, are in need of refinancing.

P.     In its current state, USAIP is unable to obtain refinancing, perform its obligations or meet its commitments to its creditors, including Plaintiffs.

Q.     The Removal Letter received by Placer from USAIP on March 20, 2007, threatens Placer with severe, immediate and irreparable harm.  With its

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213 626 2311 • FAX 213.629.4520

1   Members under criminal investigation, USAIP is not capable of effectively

2   managing Placer.

3       R.    Unless control of USAIP is promptly removed from Milanowski and

4   Hantges, Placer and all other creditors or USAIP and all parties with equity

5   interests in entities owning real estate in which USAIP also holds an equity

6   interest are faced with severe, immediate and irreparable harm.

7       S.    An injunction is necessary to enjoin all but the Court from exercising

8   control of the Property (defined in paragraph 1 below) of the Receivership Estate

9   (defined in paragraph 1 below), and to prevent interference with this Court's

10  exclusive custody over the Property of the Receivership Estate.

11      T.    This Court holds the Property in custodia legis, and based on the

12  common law standards pertinent to Receiverships and Injunctions:

13      a.    any interference with the Court's custody of the Property will

14  result in real, immediate, and irreparable injury;

15      b.    after the Receiver has filed its preliminary report pursuant to

16  paragraph 7 below, the Receiver will be able to demonstrate a

17  reasonable probability of success on the merits with regard to

18  protecting the interests of creditors of USAIP and preserving and

19  protecting the Property;

20      c.    there is no plain, speedy, and adequate remedy at law to preserve

21  the Property and to protect it from waste absent the entry of an

22  Injunction; and

23      d.    An Injunction will protect the Property and will not disserve the

24  public interests.

25      U.    An Equitable Stay is necessary to prevent courts of other jurisdictions

26  from instructing the Receiver without application to this Court.

27      V.    This Court finds that Waverton Group, LLC, a Colorado limited

28  liability company, with offices at 4101 East Louisiana Avenue, Suite 300, Denver,

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DSK\LIT\513514 1 3/23/2007 (2:25 PM)]    5

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213 626 2311 • FAX 213.629 4520

1   Colorado, 80246, is qualified and suitable to be appointed as Receiver for

2   Defendant.

3      **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

4   **II.**   **APPOINTMENT OF TEMPORARY RECEIVER**

5      1.   Waverton Group, LLC, is appointed Temporary Receiver over

6   Defendant and the assets of Defendant (the "Property"), with such appointment to

7   take effect immediately and to continue, subject to further Order of this Court, for a

8   period no longer than the next Motion Day following the expiration of twenty (20)

9   days after the date of appointment. The Property and the claims against the Property

10   (the "Claims") shall be collectively referred to herein as the "Receivership Estate."

11      2.   Before entering upon its duties, the Temporary Receiver shall be sworn

12   to faithful performance (the "Oath"), a receiver's bond (the "Bond") in the amount of

13   $500,000.00 _____ shall be filed with the Clerk of this Court, and the Temporary Receiver

14   shall be qualified to do business in the State of California. The Bond shall be

15   maintained until further order of this Court. The Receivership Estate shall bear the

16   expense of purchasing and maintaining the Bond.

17      3.   The Temporary Receiver is hereby directed and empowered to take

18   immediate control of the Property for this Court to hold the Property *in custodia*

19   *legis*. The Temporary Receiver shall manage and preserve the Property, subject to

20   this Order, further Orders, and Instructions exclusively from this Court, subject to

21   the exclusive supervision and exclusive control of this Court.

22      4.   In the Application and the Declarations submitted therewith, the

23   Plaintiffs have shown good cause that the Court should appoint the Temporary

24   Receiver without notice to creditors and make the appointment temporary under

25   L.R. 66-1.

26      5.   The Court hereby Orders all parties to this Receivership Action and all

27   known creditors of the Defendant to show cause why the appointment of the

28   Temporary Receiver should not be made permanent. The Temporary Receiver is

[DSK\LIT\513514 1 3/23/2007 (2:25 PM)]      6

1  instructed to serve a copy of this Order upon all parties to this Receivership Action
2  and all known creditors of the Defendant within twenty (20) days after the date this
3  Order is entered.

4       6.    The Temporary Receiver's appointment hereunder shall continue until
5  the next Motion Day following the expiration of twenty (20) days after the date of
6  entry of this Order ( *April 23* , 2007) at *10* a.m. On the Motion Day,
7  this Court will determine whether the appointment of the Temporary Receiver shall
8  be made permanent.

9       7.    The Temporary Receiver is hereby Instructed to file with this Court
10  and serve upon the parties to this Receivership Action, within twenty (20) days after
11  the date this Order is entered, a preliminary report setting out the identity, location,
12  and value of the Receivership Assets and any liabilities pertaining thereto. Further,
13  at the time the Temporary Receiver makes its preliminary report, the Temporary
14  Receiver shall make recommendations to the Court, including a recommendation
15  whether, based on its preliminary report, the Temporary Receiver should be made
16  permanent. After providing the parties and creditors of USAIP an opportunity to be
17  heard, this Court will determine whether to accept the Temporary Receiver's
18  recommendation.

19  **III.  POWERS OF THE TEMPORARY RECEIVER**

20       8.    The Temporary Receiver is hereby given the powers and authority
21  usually held by receivers and reasonably necessary to accomplish the purpose of this
22  Receivership including, without limitation, the specific power to:

23          a.    take immediate control of the Receivership Estate, to the
24              exclusion of all others;
25          b.    take control of the Receivership Estate, and manage and preserve
26              the Receivership Estate as reasonably necessary to maximize the value
27              and prevent diminution of the value of the Receivership Estate;

28

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

c.     retain security personnel as necessary to secure the Receivership Estate;

d.     manage, operate, rent, maintain, lease, protect, and otherwise control the Receivership Estate;

e.     collect rents and revenues, income, profits, and other benefits from the operation and management of the Receivership Estate;

f.     pay taxes, insurance, utility charges, rent and other expenses and costs reasonably incurred in managing and preserving the Receivership Estate;

g.     hire, on a contract basis wherever possible, or as employees where required by applicable federal law, the personnel necessary to manage and preserve the Receivership Estate;

h.     contract for and obtain such services, utilities, supplies, equipment, and goods as are reasonably necessary to manage and preserve the Receivership Estate and to make such repairs to the Property as the Temporary Receiver may reasonably deem necessary provided that no contract shall extend beyond the termination of the Receivership without the permission of the Court;

i.     make, enforce, modify, negotiate, and enter into such leases (including equipment leases), contracts and concession agreements as the Temporary Receiver may reasonably deem appropriate to manage and preserve the Receivership Estate provided that no such lease, contract, or agreement shall extend beyond the termination of the Receivership without the permission of the Court;

j.     open, transfer, and change all trade accounts relating to the Receivership Estate, so that all such accounts are in the name of the Receiver;

k.　open, transfer and change all bank accounts relating to the Receivership Estate, so that all such accounts are in the name of the Receiver;

l.　close USAIP's bank account or accounts and transfer the funds to a bank account in the name of the Temporary Receiver;

m.　invest the capital of the Receivership Estate, without the permission of the Court, in savings accounts or in securities backed by the full faith and credit of the United States;

n.　obtain and renew all insurance policies that the Temporary Receiver deems reasonably necessary to manage and preserve the Receivership Estate and the interest of the Temporary Receiver and the parties to this action;

o.　enter into contracts for those services reasonably necessary to aid the Temporary Receiver in the administration of the Receivership, including the retention of attorneys and accountants, with all reasonable expenses incurred in connection therewith deemed to be expenses of the Receivership, provided that no such contract shall extend beyond the termination of the Receivership without the permission of the Court;

p.　borrow from the parties and the claimants of USAIP on an unsecured basis and on such other reasonable terms as may be acceptable to the Temporary Receiver, funds to meet the capital needs of the Receivership Estate in excess of the income from the Receivership Estate;

q.　Issue Receiver's Certificates in exchange for funds advanced by the parties, Claimants, or third parties during the term of this receivership, provided that the Temporary Receiver shall give notice to all parties who have entered an appearance in this action and obtain

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

[DSK\LIT\513514.1 3/23/2007 (2:25 PM)]　　　9

1 | prior approval of this Court. Such receiver's certificates shall be a first
2 | and prior lien and a preference claim upon the Estate, or a portion of it
3 | at the Temporary Receiver's election;

4 | r.     Apply for, obtain, maintain, and renew as reasonably necessary
5 | all trademarks, copyrights, patents, licenses, and permits required for
6 | the operation of the Receivership Estate. Licenses and permits shall be
7 | obtained in the name of USAIP wherever possible, and where not
8 | possible, in the name of the Temporary Receiver;

9 | s.     institute such legal actions as the Receiver deems reasonably
10 | necessary to collect accounts and debts, enforce agreements relating to
11 | USAIP and the Receivership Estate, to protect the Property, and to
12 | recover possession of the Property or USAIP from persons who may
13 | now or in the future be wrongfully possessing or occupying the
14 | Property or USAIP, or any part thereof;

15 | t.     to take control of any remaining books and records of Defendant
16 | (the "Records"); and

17 | u.     do such other lawful acts not inconsistent with the Order as the
18 | Temporary Receiver reasonably deems necessary to manage and
19 | preserve the Receivership Estate and to perform such other functions
20 | and duties as may from time to time be required and authorized by this
21 | Court, by the laws of the state of California or by the laws of the United
22 | States of America.

## IV.    TEMPORARY RESTRAINING ORDER

24 | 9.     Except as may be expressly authorized by this Court upon notice and a
25 | hearing, Plaintiffs, Defendant, and all people, entities, and agencies with actual
26 | notice of this Order are enjoined from:

27 | b.     collecting the Property, or any proceeds, revenues, accounts,
28 | issues, profits or other revenues thereof;

SulmeyerKupetZ, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

c.    withdrawing funds from any bank or other depository account belonging to the Receivership Estate;

d.    terminating or causing to be terminated any license, permit, lease contract or agreement relating to the Property;

e.    altering, erasing, or destroying any Records without the prior written consent of the Temporary Receiver;

f.    holding themselves out as, or acting or attempting to take any and all actions of any kind or nature as officers, employees, representatives, or principals of USA Investment Partners, LLC, or the Receivership Estate; and

g.    otherwise interfering with the operation of the Receivership Estate or the Receiver's exercise of any power hereunder or the Temporary Receiver's discharge of his duties.

h.    Upon receipt of a copy of this Order, or upon actual knowledge of the entry of this Order, any other person or business entity shall also be bound by this Paragraph 9.

10.    Except as may be expressly authorized by the Temporary Receiver or by this Court, no person may buy, sell, or otherwise transfer any Property not in the control of the Temporary Receiver.

11.    All actions that purport to seek equitable relief against the Temporary Receiver or the Receivership Estate are hereby stayed regardless of venue or jurisdiction. The Temporary Receiver is instructed to file a Request for an Order to Show Cause with this Court if any business or person files any pleading in any other court seeking equitable relief against the Receiver or the Property without first seeking relief from this stay.

12.    All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, to the extent such actions and proceedings interfere with this Court's exclusive control

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1 over USAIP or any of its Assets, are stayed in their entirety, and all Courts having

2 any jurisdiction thereof are enjoined from taking or permitting any action until

3 further Order of this Court.

4       13.    The stay in this Order does not apply to the assets currently under the

5 control of the Bankruptcy Cases. The Temporary Receiver is instructed to prepare

6 the appropriate pleadings and appear before Judge Riegle in the Bankruptcy Cases

7 for the purpose of requesting Judge Riegle to dissolve the TRO in the Adversary

8 Action to the extent, if any, that it relates to Assets of the Receivership Estate,

9 thereby enabling this Court to complete its jurisdiction over the Assets of the

10 Receivership Estate.

11 ## V.    **TURNOVER OF ASSETS**

12       14.    All persons and entities now or hereafter in possession of Property shall

13 forthwith surrender such control and possession to the Temporary Receiver. Without

14 limiting the generality of the foregoing, Plaintiffs, Defendant, and all persons and

15 entities in active concert and participation with the Plaintiffs and Defendants, shall

16 deliver to the Temporary Receiver all Property within their possession or control,

17 including, but not limited to, tangible assets, the Records, evidence and

18 documentation of intellectual properties owned or controlled by Defendant,

19 computers, hard drives, backup tapes, and all other media for the Defendant

20 computer network, all accounting records of USAIP, bank statements and records,

21 passwords for access, checking account, check registers, copies of paid and unpaid

22 invoices, cancelled checks and all other financial records.

23       15.    All persons having notice of this Order, and having oral or written

24 agreements with USAIP or statutory or regulatory mandates for the supply of goods

25 or services, including without limitation, all computer software, communication and

26 other data services, centralized banking services, payroll services, insurance, utility

27 or other services to USAIP are hereby restrained until further order of this Court

28 from discontinuing, altering, interfering with or terminating the supply of such

1  goods or services as may be required by the Temporary Receiver; and the

2  Temporary Receiver shall be entitled to the continued use of Defendant's current

3  telephone numbers, fax numbers, internet addresses and domain names, provided in

4  each case that the normal prices or charges for all such goods or services received

5  after the entry of this Order shall be paid by the Temporary Receiver in accordance

6  with the ordinary course of business of Defendant and such supplier, or such other

7  practices as may be agreed upon by the Temporary Receiver and the supplier, or as

8  may be ordered by this Court.

9  16. Subject to the provisions of Section VII below (Document Depository),

10  all attorneys, accountants, engineers, scientists, and other professionals who have

11  represented USAIP, and their representatives, are hereby Ordered to deliver

12  immediately over to the Temporary Receiver all documents, files, and information

13  concerning Defendant and the Property that they have in their possession or control.

14  Any claims for non-payment for services shall be presented as a claim against the

15  Receivership Estate and shall not be used as a defense to turning-over as set forth in

16  this paragraph.

17  17. All privileges in connection with professional representation of

18  Defendant and the Property shall accrue to the sole benefit of the Temporary

19  Receiver and the Receivership Estate and may only be waived by the Temporary

20  Receiver with the consent of this Court.

21  18. If the Temporary Receiver determines, after reasonable inquiry that a

22  person or entity is in violation of the Turnover Order within this Order, the

23  Temporary Receiver is Instructed to give written notice thereof to the person or

24  entity violating the Turnover Order, with a copy of this Order attached, demanding

25  turnover of Property. If the person or entity in possession fails or refuses to turnover

26  the Property after receiving notice, the Temporary Receiver shall file a Request for

27  an Order to Show Cause with this Court.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DSK\LIT\513514.1 3/23/2007 (2 25 PM)]                    13

19.     Paragraphs 14 through 18 above of this Order comprise a traditional Turnover Order, and as such, are Case Management Orders and not Injunctions.

## VI.    DOCUMENT DEPOSITORY

20.     In order to (a) establish a uniform method of identifying documents for use in all proceedings related to this Receivership Action, including the Bankruptcy Cases; (b) to minimize duplication of production efforts requesting and producing parties; (c) to ensure the continued existence of relevant documents; and (d) to reduce the aggregate costs of producing and maintaining documents, the Temporary Receiver is Instructed to establish a depository for documents (the "Document Depository").

21.     For the purposes of this Order, the term "Document" shall mean documents directly or indirectly related to this Receivership Action and the Bankruptcy Cases that are in the possession of the Defendant and the Members on the date of this Order, and shall include every tangible object capable of making a truthful statement covered by the definitions of writing, recording, photographs, originals, and duplicate in Rule 1001 of the Federal Rules of Evidence.

22.     The Document Depository shall consist of a facility designated by the Temporary Receiver and located within this District under the control of the Temporary Receiver in which all Documents will be stored until further Order of the Court.

23.     The Plaintiffs, the Temporary Receiver, and the Members shall designate Documents subject to a claim of privilege, immunity, or confidentiality that are to be placed into the Document Depository under seal (the "Sealed Documents"). The Sealed Documents placed into the Document Depository seal shall only be unsealed pursuant to an Order of this Court.

24.     Any Sealed Document placed into the Document Depository and designated by the Members as subject to a direct or joint claim of privilege, immunity, or confidentiality in favor of the Members shall be segregated from all

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213 626.2311 • FAX 213 629.4520

1  other Documents within the Document Depository.  Any person, entity, or agency

2  desiring to inspect these Documents shall do so only after making such request of

3  this Court and giving prior notice to the Temporary Receiver and the Members.

4       25.    If any criminal proceeding is commenced against the Members or the

5  Defendant, any person, entity, or agency requesting permission to inspect the Sealed

6  Documents shall do so only after making such request of this Court and the tribunal

7  with jurisdiction over the criminal proceeding, and after giving prior notice to the

8  Temporary Receiver and the Members of the request to inspect the Sealed

9  Documents.

10 **VII.  <u>JUDICIAL IMMUNITY</u>**

11      26.    In accordance with Local Rule 66-6, the Receiver shall prepare and file

12 with the clerk's office routine reports.

13      27.    The Temporary Receiver shall prepare and file, under oath, a true and

14 complete inventory of the Property within thirty (30) days after the date of this

15 Order, specifically setting forth therein any qualifications, limitations, or restrictions

16 on the inventory as filed.

17      28.    The Temporary Receiver shall enjoy the limited judicial immunity

18 usually applicable to receivers.  All who are acting, or have acted, on behalf of the

19 Temporary Receiver at the request of the Temporary Receiver are protected and

20 privileged with the same limited judicial immunity of this Court as the Temporary

21 Receiver has. In order to avail the agents of the Temporary Receiver with these

22 protections and privileges, the Temporary Receiver should file a notice of the

23 agency with this Court.

24 **VIII.  <u>ORDER TO SHOW CAUSE RE APPOINTMENT OF PERMANENT</u>**

25      **<u>RECEIVER AND RE PRELIMINARY INJUNCTION</u>**

26      29.    Defendant and creditors of Defendant are ordered to show cause, if any,

27 why a Permanent Receiver should not be appointed in this case and that Defendant

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DSK\LIT\513514.1 3/23/2007 (2 25 PM)]                    15

1 shall appear at a hearing (the "Show Cause Hearing") before this Court on 4-4-07

2 2007, at 1:30 P.M. in Courtroom #1.

3     [X] **The United States Courthouse located at** 3470 Twelfth Street,

4         Riverside, California

5     [ ] **The Robal Federal Building and Courthouse located at 255 East**

6 **Temple Street, Los Angeles, California.**

7     It is further ordered that at the Show Cause Hearing, pursuant to Fed. R. Civ.

8 P. 65(b), Defendant and any creditors of Defendant shall show cause, if there is any,

9 why this Court should not enter a Preliminary Injunction, pending final ruling on the

10 Complaint against Defendant, continuing the injunctive relief set forth in this Order.

11     30.    In support of its request for a Preliminary Injunction, Plaintiffs or the

12 Temporary Receiver may submit supplemental evidence discovered subsequent to

13 the filing of the Application for a Temporary Receiver and a TRO, as well as a

14 supplemental memorandum. Such documents shall be filed and served by no later

15 than 4:00 p.m. on the sixth court day prior to the Show Cause Hearing as scheduled

16 above. Such documents may be served on the Defendant by faxing or delivering the

17 documents to the attorney for the Defendant. It is further ordered that Defendant

18 and/or creditors of the Defendant shall file and serve any opposition to the issuance

19 of a Preliminary Injunction and the appointment of a Permanent Receiver, including

20 any declarations, exhibits, memoranda or other evidence on which they may intend

21 to rely, and any objections to any evidence submitted by Plaintiffs or the Receiver,

22 by no later than 4:00 p.m. on the fourth court day prior to the Show Cause Hearing.

23 Such documents may be served by fax upon the Plaintiffs' counsel or by personal

24 delivery.

25     31.    There will be no direct examination of witnesses at the Show Cause

26 Hearing in this matter. Direct testimony shall be presented in the form of

27 declarations or affidavits.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DSK\LJT\513514 1 3/23/2007 (2 25 PM)]        16

## IX. MANAGEMENT OF THE RECEIVERSHIP ESTATE

32. The Temporary Receiver shall operate the Receivership Estate consistent with this Order, further Orders of this Court, and Instructions from this Court. The Temporary Receiver's primary function is to preserve and protect the Property. To the extent the Temporary Receiver, in its business judgment, believes it is necessary to operate USAIP in order to properly preserve and protect the Property, the Temporary Receiver is hereby authorized to do so.

33. If the Temporary Receiver intends to operate the Receivership Estate, the Temporary Receiver shall include this decision and its support for this decision in the Temporary Receiver's inventory report as required by paragraph 7 above.

34. In operating the Receivership Estate, the Temporary Receiver shall not engage in speculation with the Property, nor shall the Temporary Receiver engage in new business ventures.

35. In situations where the Temporary Receiver believes it is necessary or desirable to liquidate any particular asset, the Temporary Receiver shall first request an Order of this Court approving the sale of the asset. With such approval, the Temporary Receiver shall sell the asset with reasonable dispatch and convert the asset into money, discharge all reasonable expenses, costs, and disbursements in connection with the sale of that asset to the extent possible.

36. All sales by the Temporary Receiver are in the nature of Judicial Sales, and as such the Temporary Receiver shall follow the common law rules applicable to Judicial Sales in conducting any sale of Property.

37. No sale of Assets shall be final until confirmed by Order of this Court.

38. The Temporary Receiver need not obtain prior Court approval to sell or otherwise dispose of any tangible personal Property having a depreciated aggregate value, as reflected on Defendant's books of less than $50,000;

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

39.     The Temporary Receiver may conduct a private or public sale, provided that all sales by the Temporary Receiver shall be subject to competitive bid except sales of Property under paragraph 34 above.

40.     Any Claimant wishing to bid-in its Claim shall submit an offer specifying the components of the bid within twenty days of the Temporary Receiver's request to this Court to conduct a sale of Property. The Temporary Receiver or any party to this Receivership Action shall file objections to the bid, if any, within fifteen days thereafter.

41.     By execution of this Order, the Court terminates the Members' responsibility and authority over the Property. The Members shall reasonably cooperate with the Temporary Receiver in connection with all matters regarding transition, operation of the Receivership Estate, and sale of Property. The Members shall make themselves available to assist the Temporary Receiver during normal business hours, upon reasonable notice, for a period not to exceed thirty days. For this work, the Members shall be compensated as set forth in paragraph 46 below.

42.     The Temporary Receiver is hereby authorized to apply the capital of the Receivership Estate and the revenues collected by the Temporary Receiver in connection with the management and operation of the Receivership Estate in the following order of priority:

        a.      First, to pay the cost of the Bond;

        b.      Second, to pay the Temporary Receiver's time charges incurred in connection with this Receivership and to prepay or reimburse the out-of-pocket expenses of the Temporary Receiver; and

        c.      Third, to pay the necessary and reasonable costs of managing and preserving the Receivership Estate, including the fees of the professionals engaged by the Temporary Receiver.

        d.      Fourth, to repay any Receiver's Certificates, with interest as provided for therein.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

e.     All funds in possession of the Temporary Receiver after satisfaction of the foregoing obligations shall be invested by the Temporary Receiver and held pending further order of this Court.

43.     The Temporary Receiver's compensation for services under this Order and the Temporary Receiver's reasonable out-of-pocket expenses shall be prepaid or reimbursed pursuant to Waverton Group, LLC's Standard Hourly Rates as previously submitted to this Court.

44.     The Temporary Receiver shall file on at least a quarterly basis an application for approval of the disbursements for professional fees and expenses to himself or others. The Temporary Receiver may pay up to 90% of the professional fees to himself or others and 100% of the expenses on a monthly basis, provided itemized statements are made on a monthly basis and filed under Notice in this Receivership Action.

45.     Any provision of law to the contrary notwithstanding, the Temporary Receiver is the only acting Manager of Defendant until further order of this Court.

46.     The Temporary Receiver is authorized, without breaching the peace and if necessary with the assistance of local peace officers or U.S. Marshals, to enter and secure any premises, wherever located or situated, in order to take possession, custody, or control of, or to identify the location or existence of Receivership Assets or Records.

47.     The Temporary Receiver shall endeavor to wind up the Receivership expeditiously.

## X.     FEDERAL AND STATE TAX INCOME TAX LIABILITY

48.     USAIP, as a limited liability company, has no direct liability for the payment of federal or state income taxes. That liability falls to the Members.

49.     In order to enable the payment of federal and state income taxes generated by the sale of Property in the form of real estate, the Temporary Receiver shall, within thirty days after the sale of Property in the form of real estate, perform

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629 4520

1   a good-faith calculation of the highest possible taxable income from that sale and

2   pay to the Members from the proceeds of the sale an amount equal to the highest

3   possible taxable income.

4   **XI.**   **EFFECT OF THIS ORDER IN THE EVENT OF APPOINTMENT OF**

5       **PERMANENT RECEIVER**

6      50.   Subject to further orders of this Court, in the event that the Temporary

7   Receiver is appointed as the Permanent Receiver in this action, all terms and

8   provisions of this Order shall continue and remain in full force and effect.

10   DATED:  **3-27-07**

          UNITED STATES DISTRICT COURT JUDGE

          STEPHEN G. LARSON
          UNITED STATES DISTRICT JUDGE

14   Presented by:

15   **Sulmeyer**Kupetz

16   a Professional Corporation

17   By

18     David S. Kupetz

    Attorneys for Robert A. Russell, an individual,

19   Placer County Land Investors, LLC, a California

20   limited liability company, and SVRB Investments,
    LLC, an Arizona limited liability company, Plaintiffs

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

[DSK\LIT\513514.1 3/23/2007 (2:25 PM)]

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406.

On March 23, 2007, I served the following document(s) described as **[PROPOSED] ORDER APPOINTING TEMPORARY RECEIVER, TEMPORARY RESTRAINING ORDER AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE AND A PERMANENT RECEIVER SHOULD NOT BE APPOINTED** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY FAX TRANSMISSION:** Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the persons at the fax numbers listed in the Service List. The telephone number of the sending facsimile machine was 213.629.4520. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address dperez@sulmeyerlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 23, 2007, at Los Angeles, California.

Debbie A. Perez

*SulmeyerKupetz, A Professional Corporation*
*333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR*
*LOS ANGELES, CALIFORNIA 90071-1406*
*TEL. 213.626.2311 • FAX 213 629 4520*

[DSK\LIT\513514.1 3/23/2007 (2:25 PM)]

1

1 | **SERVICE LIST**

2

3 | VIA E-MAIL OR ELECTRONIC TRANSMISSION

4 | Counsel for USA Investment Partners, LLC,
Joseph D. Milanowski, and Thomas A. Hantges
5 | Russell Walker, Esq.
Woodbury & Kesler
6 | 265 East 100 South, Suite 300
Salt Lake City, Utah 84110-3358
7 | Email Address: rwalker@woodburykesler.com

8 | Counsel for USA Investment Partners, LLC
and Joseph D. Milanowski
9 | Dough Griffith, Esq.
Kesler & Rust McIntyre
10 | Bldg. 2nd Floor
68 S. Main Street
11 | Salt Lake City, Utah 84101
Email Address: dgriffith@kessler-rust.com

12
Counsel for USA Investment Partners, LLC
13 | and Joseph D. Milanowski
Kenneth M. Breen, Esq.
14 | Fulbright & Jaworski, LLP
666 Fifth Avenue, 31st Floor
15 | New York, New York 10103-3198
Email Address: kbreen@fulbright.com
16
VIA TELECOPIER
17
Counsel for Thomas A. Hantges
18 | David Chesnoff, Esq.
Chesnoff & Schonfeld, APC
19 | 520 South Fourth Street
Las Vegas, Nevada 89101-6593
20 | Telephone Number: (702) 384-5563
Fax Number: (702) 598-1425
21

22

23

24

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DSK\LIT\513514.1 3/23/2007 (2:25 PM)]

2