Robert Feldman
Tyson M. Lomazow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone No.  (212) 310-8000
Facsmile No.   (212) 310-8007
E-Mail:        robert.feldman@weil.com
E-Mail:        tyson.lomazow@weil.com

Peter C. Bernhard
Nevada State Bar No. 734
Georganne W. Bradley
Nevada State Bar No. 1105
BULLIVANT HOUSER BAILEY PC
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada  89169
Telephone No.    (702) 650-6565
Facsimile No.    (702) 650-2995
E-Mail:          peter.bernhard@bullivant.com
E-Mail:          georganne.bradley@bullivant.com

Counsel for Compass Financial Partners LLC

E-FILED on March 30, 2007

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | MOTION OF COMPASS FINANCIAL PARTNERS LLC FOR ORDER ENFORCING CONFIRMATION ORDER AND DETERMINING NO SURVIVING SECTION 3 RIGHT EXISTS WITH RESPECT TO THE FIESTA OAK VALLEY LOAN (AFFECTS USA COMMERCIAL MORTGAGE)<br><br>Date:  April 26, 2007<br>Time:  9:30 AM |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |

– 1 –

Compass USA SPE LLC, together with its servicer, Compass Financial Partners LLC (together, "Compass"), the purchaser of substantially all of the assets of USA Capital First Trust Deed Fund, LLC ("FTDF") and certain assets of USA Commercial Mortgage Company ("USACM"), by and through its counsel, submits this motion (the "Motion") for an order enforcing paragraph 14 of the Order Confirming the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan"), entered January 8, 2007 (the "Confirmation Order"), and determining no Surviving Section 3 Right (as such term is defined in the Confirmation Order) exists with respect to the loan commonly referred to as "Fiesta Oak Valley" (the "Loan"). In support hereof, Compass respectfully states as follows:[1]

## STATEMENT OF FACTS

1. On April 13, 2006 (the "Petition Date"), the Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code. By order dated June 9, 2006, the Court approved the joint administration of the Debtors' chapter 11 cases. Effective as of the Petition Date, Mesirow Interim Management, LLC ("Mesirow") was employed as crisis managers to the Debtors, and Thomas J. Allison of Mesirow has served as the Debtors' Chief Restructuring Officer.

2. On January 8, 2007, the Court entered the Confirmation Order, confirming the Debtors' Plan and approving certain documents filed in conjunction with the Plan, including the USACM Trust Agreement, and the Asset Purchase Agreement, dated December 8, 2006, with Compass (the "APA"). The APA set forth the terms and conditions of Compass' acquisition of the Acquired Assets from USACM and FTDF (the "Sale"). The Sale closed on January 16, 2007 (the "Closing").

3. Pursuant to the APA, Compass acquired, among other things, the right to act as loan servicer with respect to a portfolio of approximately 85 loans, as well as, without limitation, Default Rate Interest, Accrued Servicing Fees, Late Charges, Success Fees, and other

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the confirmed Plan or the Confirmation Order.

– 2 –

fees and sums due the loan servicer under any of the Servicing Agreements (as each such term is defined in the APA). Compass also purchased USACM and FTDF's participation interests in certain of the loans.

4.  Pursuant to paragraph 14 of the Confirmation Order, Compass' acquisition of the Acquired Assets was free and clear of all liens, claims, interests, obligations and encumbrances whatsoever, other than a "Surviving Section 3 Right." Specifically, paragraph 14 provides, in pertinent part:

> Except as expressly permitted or otherwise specifically provided for in the Asset Purchase Agreement or this Confirmation Order, pursuant to sections 105(a), 1123, and 363(f) of the Bankruptcy Code, the Acquired Assets shall be transferred to the Asset Purchaser on the terms and conditions set forth in the Asset Purchase Agreement, and upon Closing shall be, free and clear of all liens, claims, interests, obligations and encumbrances whatsoever, including, but not limited to, (A) all monetary and non-monetary defaults and rights that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Sellers' or the Asset Purchaser's interest in, or rights in or under, the Acquired Assets, or any similar rights, based in any way on any action taken (or failed to be taken) by any of the Debtors or any other matter or occurrence relating to the period prior to the Closing (other than any right that existed and was matured and exercisable, as of the Petition Date, to effect a substitution of USACM as loan servicer under Section 3 of any Loan Servicing Agreement, as well as any defenses of the loan servicer thereto (a "Surviving Section 3 Right"));

Confirmation Order at ¶ 14.

5.  Section 3 of the Fiesta Oak Valley Loan Servicing Agreement (the "LSA," a copy of which is annexed hereto as Exhibit "A") provides that "[p]ursuant to NAC 645B.073, in the event of default, foreclosure, or other matters that require action, if for any reason USA fails to act on Lender's behalf as authorized herein, then Lender may, with approval of fifty-one percent (51%) or more of all of the holders of the beneficial interest of record in the Loan, act on behalf of all such holders of beneficial interest of record." LSA at § 3. A copy of NAC 645B.073 is annexed hereto as Exhibit "B."

6.  Paragraph 14 of the Confirmation Order expressly grants Compass the right to challenge the attempted exercise of a Surviving Section 3 Right by filing a motion with the Bankruptcy Court (a "Compass Motion"). Confirmation Order at ¶ 14. Paragraph 14 also

– 3 –

1  retains jurisdiction for this Court to adjudicate any such dispute, and the effectiveness of the
2  attempted exercise of such Surviving Section 3 Right shall be stayed pending this Court's
3  adjudication of the Compass Motion. *Id.*[2]

4    7.    On March 2, 2007, Compass received a letter from Dean T. Kirby, Esq. (the
5  "Kirby Letter," a copy of which is annexed hereto as Exhibit "C"), an attorney purporting to
6  represent 51% of the Direct Lenders of the Loan. Pursuant to the Kirby Letter, Compass was
7  informed of the attempted exercise of an alleged Surviving Section 3 Right by 51% of the Direct
8  Lenders of the Loan (the "Fiesta Lenders").

9    For the reasons set forth below, Compass requests that the Court enter an order finding
10 that the Fiesta Lenders have failed to demonstrate the existence of a Surviving Section 3 Right.

**ARGUMENT**

Paragraph 14 of the Confirmation Order defines a Surviving Section 3 Right as a right that existed and was matured and exercisable as of the Petition Date. The Fiesta Lenders have offered no evidence that such a Right did exist, had matured, and was properly exercisable as of April 13, 2006.

Pursuant to Section 3 of the LSA, 51% of the lenders under the Loan may take action in the event of a failure of USACM to act as a reasonably prudent loan servicer following a borrower default. Accordingly, in order to give rise to a Surviving Section 3 Right, the Fiesta Lenders must demonstrate two elements as of the Petition Date: (i) that the borrower under the Loan was in default, and (ii) that USACM failed to act as a reasonably prudent servicer in enforcing remedies on behalf of the lenders in light of such default.

As the party alleging the breach of the LSA, the Fiesta Lenders bear the burden of proof in demonstrating the requisite elements of the breach. *See* Williston on Contracts Sec. 63:14 (2006) (the plaintiff or party alleging the breach has the burden of proof on all of its breach of

---

[2] Specifically, Paragraph 14 of the Confirmation Order provides "Compass shall have the right to challenge the exercise of [a] Surviving Section 3 Right by filing a Motion with this Court . . . to determine whether such Surviving Section 3 Right has been properly and validly exercised (the "Compass Motion") and the Court shall retain jurisdiction to adjudicate any such disputes." Confirmation Order at ¶ 14.

contract claims); *Bergstrom v. Estate of DeVoe*, 109 Nev. 575, 579, 854 P.2d 860, 862 (1993) (the injured party bears the burden of proving damages). In order to demonstrate a breach, the plaintiff must demonstrate a material failure of performance of a duty arising under or imposed by an agreement. *Calloway v. City of Reno*, 116 Nev. 250, 256, 993 P.2d 1259, 1263 (2000), *rev'd on other grounds*.

Because the Fiesta Lenders have failed to offer any evidence that the borrower under the Loan was in default as of the Petition Date, or that USACM failed to act as a reasonably prudent servicer in enforcing remedies on behalf of the lenders in light of such default, the Fiesta Lenders have failed to meet the requisite elements of establishing that a Surviving Section 3 Right exists. Accordingly, there is no basis to terminate Compass as loan servicer for the Fiesta Oak Valley Loan at this time.

Compass reserves the right to supplement this Compass Motion at a later date.

## CONCLUSION

Compass respectfully requests an order finding that no Surviving Section 3 Right exists with respect to the Fiesta Oak Valley Loan and granting Compass such further relief as is just.

DATED this 30th day of March, 2007.

WEIL, GOTSHAL & MANGES LLP
-and-
BULLIVANT HOUSER BAILEY PC

By: /s/ Georganne W. Bradley
Peter C. Bernhard (NV Bar No. 734)
Georganne W. Bradley (NV Bar No. 1105)
3980 Howard Hughes Pkwy., Ste. 550
Las Vegas, Nevada 89169

Attorneys for Compass Financial Partners LLC

\\\\\
\\\\\
\\\\\
\\\\\