Electronically filed April 1, 2007

Marc A. Levinson (California Bar No. 57613)
Jeffery D. Hermann (California Bar No. 90445)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California 5814-4497
Telephone:    (916) 447-9200
Facsimile:    (916) 329-4900
Email:        malevinson@orrick.com;
              jhermann@orrick.com

Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)
BECKLEY SINGLETON, CHARTERED
530 Las Vegas Boulevard South
Las Vegas, Nevada 89101
Telephone:    (702) 385-3373
Facsimile:    (702) 385-5024
Email:        bolson@beckleylaw.com;
              aloraditch@beckleylaw.com

Attorneys for USA Capital Diversified Trust Deed Fund, LLC

Susan M. Freeman (Arizona Bar No. 4199)
LEWIS AND ROCA LLP
40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429
Telephone:    (602) 262-57561
Facsimile:    (602) 734-38240
Email:        sfreeman@lrlaw.com

Rob Charles (Nevada Bar No. 6593)
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone:    (702) 949-8320
Facsimile:    (702) 949-8321
Email:        rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>　　　　　　　　　　　　　　Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>　　　　　　　　　　　　　　Debtor. | Chapter Number:  11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND,<br>LLC,<br>　　　　　　　　　　　　　　Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>　　　　　　　　　　　　　　Debtor. | **NOTICE OF ORDER OF<br>UNITED STATES DISTRICT<br>COURT APPOINTING A<br>RECEIVER FOR USA<br>INVESTMENT PARTNERS,** |
| In re:<br>USA SECURITIES, LLC,<br>　　　　　　　　　　　　　　Debtor. | **LLC, AND POSSIBLY STAYING<br>THESE PROCEEDINGS** |
| Affects:<br>☒　　All Debtors<br>☐　　USA Commercial Mortgage Company<br>☐　　USA Securities, LLC<br>☐　　USA Capital Realty Advisors, LLC<br>☐　　USA Capital Diversified Trust Deed Fund, LLC<br>☐　　USA First Trust Deed Fund, LLC | [No Hearing Scheduled] |

TO: THE HONORABLE LINDA B. RIEGLE, UNITED STATES TRUSTEE, CREDITORS IN THE ABOVE-CAPTIONED BANKRUPTCY CASES, AND ALL PARTIES IN INTEREST

PLEASE TAKE NOTICE that on March 28, 2007, the United States District Court for the Central District of California (Eastern Division) (the "California Court") entered its Order Appointing Temporary Receiver, Temporary Restraining Order and Other Equitable Relief, and Order to Show Cause Why Preliminary Injunction Should Not Permanently Issue and a Permanent Receiver Should Not Be Appointed (the "Receiver Order"). In addition to appointing a receiver for all of the assets of USA Investment Partners, LLC ("USAIP"), the Receiver Order includes broad stay provisions relating to entities in which USAIP has an ownership interest and for which USAIP is the manager. USA Capital Diversified Trust Deed Fund, LLC ("Diversified") and USACM Liquidating Trust ("USACM Trust," together with Diversified, the "Movants") filed an emergency motion in the California Court seeking clarification of and relief from the Receivership Order – which was entered without notice to any creditor and to which USAIP filed a statement of nonoppostion. The California Court has scheduled a hearing on such emergency motion for April 4, 2007.

In the meantime, in an abundance of caution, the Movants are filing this notice to call to the attention of the parties in interest and this Court the possibility that these proceedings may be stayed. Accordingly, attached hereto are the following:

1.    Receivership Order, attached hereto as **Exhibit A**.

2.    Movants' Emergency Motion For Modification of Order Appointing Receiver to Allow For Involuntary Bankruptcy Petition to be Filed Against USAIP (supporting declaration and exhibits omitted), attached hereto as **Exhibit B**.

3.    Movants' Application for Hearing on Shortened Time for Emergency Motion For Modification of Order Appointing Receiver to Allow For Involuntary Bankruptcy Petition to be Filed Against USAIP, attached hereto as **Exhibit C**.

4.    Plaintiffs' Opposition to Emergency Motion For Modification of Order Appointing Receiver to Allow For Involuntary Bankruptcy Petition to be Filed Against USAIP, attached hereto as **Exhibit D**.

5.      Movants' Reply to Opposition to Emergency Motion For Modification of Order Appointing Receiver to Allow For Involuntary Bankruptcy Petition to be Filed Against USAIP; Supplemental Declaration of Jeffery D. Hermann, attached hereto as **Exhibit E**.

6.      USAIP's Opposition to Emergency Motion For Modification of Order Appointing Receiver to Allow For Involuntary Bankruptcy Petition to be Filed Against USAIP, attached hereto as **Exhibit F**.

7.      Order on Application for Hearing on Shortened Time for Emergency Motion For Modification of Order Appointing Receiver to Allow For Involuntary Bankruptcy Petition to be Filed Against USAIP, attached hereto as **Exhibit G**.

DATED this 1st day of April 2007.

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:    /s/ Jeffery D. Hermann
       Marc A. Levinson (California Bar No. 57613)
       Jeffery D. Hermann (California Bar No. 90445)

BECKLEY SINGLETON, CHARTERED

By:    /s/ Anne M. Loraditch
       Bob L. Olson (Nevada Bar No. 3783)
       Anne M. Loraditch (Nevada Bar No. 8164)

*Attorneys for USA Capital Diversified Trust Deed Fund, LLC*

LEWIS AND ROCA LLP

By:    /s/ Rob Charles
       Rob Charles (Nevada Bar No. 6593)
       Susan M. Freeman (Arizona Bar No. 4199)

*Attorneys for USACM Liquidating Trust*

1

**EXHIBIT A**

2

**ORDER APPOINTING TEMPORARY RECEIVER, TEMPORARY RESTRAINING
ORDER AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY
PRELIMINARY INJUNCTION SHOULD NOT PERMANENTLY ISSUE AND A
PERMANENT RECEIVER SHOULD NOT BE APPOINTED**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

David S. Kupetz (CA Bar No. 125062)
Email:dkupetz@sulmeyerlaw.com
Marcus A. Tompkins (CA Bar No. 190922)
Email:mtompkins@sulmeyerlaw.com
**SulmeyerKupetz**
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Robert A. Russell, an
individual, Placer County Land Investors,
LLC, a California limited liability
company, and SVRB Investments, LLC,
an Arizona limited liability company,
Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| Robert A. Russell, an individual, Placer County Land Investors, LLC, a California limited liability company, and SVRB Investments, LLC, an Arizona limited liability company<br><br>Plaintiffs,<br><br>vs.<br><br>USA Investment Partners, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. EDCV07-0343 SGL (JCRx)<br><br>[Proposed] **ORDER APPOINTING TEMPORARY RECEIVER, TEMPORARY RESTRAINING ORDER AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE AND A PERMANENT RECEIVER SHOULD NOT BE APPOINTED**<br><br>**Date:**  [To Be Set]<br>**Time:**  [To Be Set]<br>**Place:**  3470 Twelfth St., Room 134<br>Riverside, CA 92501 |

This matter came before the Court on plaintiffs' "Ex Parte Application for (1) Temporary Receiver, (2) Temporary Restraining Order, (3) Other Equitable Relief, and (4) Order to Show Cause why a Permanent Receiver Should Not be Appointed and a Preliminary Injunction Should Not Issue" (the "Application"). The Court has

ORIGINAL

LODGED

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  diversity jurisdiction over this action and venue in this District is appropriate under

2  28 U.S.C. § 1391(a)(2). Based on the evidence presented, the argument of counsel,

3  the authority submitted, being otherwise fully advised in the matter, and good cause

4  having been shown, the Court hereby finds that:

5  **I.  FINDINGS OF FACT**

6      A.  Defendant, USA Investment Partners, LLC, ("USAIP" or

7  "Defendant") is a limited liability company organized under the laws of the State

8  of Nevada. The members of USAIP are Thomas A. Hantges ("Hantges") and

9  Joseph D. Milanowski ("Milanowski"). Hantges owns a 57% membership

10 interest in USAIP. Milanowski owns a 43% membership interest in USAIP.

11 Milanowski is the manager of USAIP. Hantges and Malinowski are collectively

12 referred to herein as the "Members".

13     B.  The plaintiffs (the 'Plaintiffs") in this action are Placer County Land

14 Investors, LLC ("Placer"), SVRB Investments, LLC ("SVRB"), and Robert A.

15 Russell ("Russell").

16     C.  Russell, an individual, is a resident of the state of Arizona. Placer is

17 a limited liability company organized under the laws of the state of California.

18 The members of Placer are USAIP, Russell, and Land & Castle Investments, LLC

19 ("L&CI"). USAIP owns an 88% controlling membership interest in Placer.

20 Russell owns a 10% membership interest in Placer. L&CI owns a 2%

21 membership interest in Placer. Russell has been the manager of Placer. On

22 March 20, 2007, Russell received a letter (the "Removal Letter") from USAIP

23 seeking to replace him as manager of Placer with USAIP.

24     D.  SVRB is a limited liability company organized under the laws of the

25 state of Arizona. The members of SVRB are USAIP and Russell. USAIP owns a

26 50% membership interest in SVRB. Russell owns a 50% membership interest in

27 SVRB. Russell is a manager of SVRB.

28

[DSK\LIT\513514.1 3/23/2007 (2:25 PM)]

2

E.   The primary assets of USAIP are equity interests in entities that own real estate development projects in various stages of development, primarily located in California and substantially located within the judicial district of this Court.

F.   Currently, entities affiliated with the members of USAIP are the subject of bankruptcy cases (the "Bankruptcy Cases") pending in the United States Bankruptcy Court for the District of Nevada. These entities include USA Commercial Mortgage Company ("USACM"), USA Capital Realty Advisors, LLC ("USACRA"), USA Securities, LLC ("USAS"), USA Capital First Trust Deed Fund ("First"), and USA Capital Diversified Trust Deed Fund, LLC ("Diversified").

G.   On January 3, 2007, the Honorable Linda B. Riegle, United States Bankruptcy Judge in the jointly administered Bankruptcy Cases entered a temporary restraining order with regard to an entity (HMA Sales, LLC) in which USAIP holds a 90% equity interest.

H.   Prior to the commencement of the Bankruptcy Cases, USAIP had received financial support in the way of transfers and loans from USACM and some of the related entities that are debtors in the Bankruptcy Cases. Subsequent to the commencement of the Bankruptcy Cases, such support was not provided.

I.   Hantges and Milanowski are the subject of an investigation requested by the United States Securities and Exchange Commission (the "SEC") and conducted by the Federal Bureau of Investigation (the "FBI") in connection with the business and operations of USAIP and various related entities.

J.   USAIP is controlled by Hantges and Milanowski. The Members have admitted to Plaintiffs that during the pendency of the ongoing investigation by the SEC and/or the FBI relating to their activities, they have been and will continue to be precluded from effectively managing the operations of USAIP.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

K.    USAIP has substantial liabilities under guarantees of loans made to entities in which USAIP holds a membership interest.  USAIP is also obligated to Diversified pursuant to a loan that may amount to as much as $75 million or more. This loan is secured by a general pledge of the membership interests held by USAIP.

L.    USAIP has significant unpaid, delinquent obligations, including those owing to Plaintiffs, and unperformed commitments, including those made to Plaintiffs.

M.    Parties, including Plaintiffs, with claims against USAIP and/or with equity interests in entities in which USAIP also holds an equity interest face imminent and irreparable harm to their opportunity for recovery on their claims and/or equity interests.  The assets of USAIP are at risk as long as USAIP remains under the control of the Members.

N.    USAIP is unable to effectively function and the assets of USAIP are diminishing in value as a result of the lack of any party currently in a position to control the direction and operations of USAIP.  Loans with respect to real estate development projects owned by entities in which USAIP holds membership interests, including entities in which Plaintiffs also hold membership interests, are delinquent, real property taxes and other obligations owing with respect to such projects are also delinquent.

O.    Various real estate development projects owned by entities in which USAIP owns membership interests, including those in which Plaintiffs also own membership interests, are in need of refinancing.

P.    In its current state, USAIP is unable to obtain refinancing, perform its obligations or meet its commitments to its creditors, including Plaintiffs.

Q.    The Removal Letter received by Placer from USAIP on March 20, 2007, threatens Placer with severe, immediate and irreparable harm.  With its

Sulmeyer Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   Members under criminal investigation, USAIP is not capable of effectively

2   managing Placer.

3       R.      Unless control of USAIP is promptly removed from Milanowski and

4   Hantges, Placer and all other creditors or USAIP and all parties with equity

5   interests in entities owning real estate in which USAIP also holds an equity

6   interest are faced with severe, immediate and irreparable harm.

7       S.      An injunction is necessary to enjoin all but the Court from exercising

8   control of the Property (defined in paragraph 1 below) of the Receivership Estate

9   (defined in paragraph 1 below), and to prevent interference with this Court's

10  exclusive custody over the Property of the Receivership Estate.

11      T.      This Court holds the Property in custodia legis, and based on the

12  common law standards pertinent to Receiverships and Injunctions:

13          a.      any interference with the Court's custody of the Property will

14      result in real, immediate, and irreparable injury;

15          b.      after the Receiver has filed its preliminary report pursuant to

16      paragraph 7 below, the Receiver will be able to demonstrate a

17      reasonable probability of success on the merits with regard to

18      protecting the interests of creditors of USAIP and preserving and

19      protecting the Property;

20          c.      there is no plain, speedy, and adequate remedy at law to preserve

21      the Property and to protect it from waste absent the entry of an

22      Injunction; and

23          d.      An Injunction will protect the Property and will not disserve the

24      public interests.

25      U.      An Equitable Stay is necessary to prevent courts of other jurisdictions

26  from instructing the Receiver without application to this Court.

27      V.      This Court finds that Waverton Group, LLC, a Colorado limited

28  liability company, with offices at 4101 East Louisiana Avenue, Suite 300, Denver,

Sulmeyer Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   Colorado, 80246, is qualified and suitable to be appointed as Receiver for

2   Defendant.

3   **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

4   **II.   APPOINTMENT OF TEMPORARY RECEIVER**

5   1.   Waverton Group, LLC, is appointed Temporary Receiver over

6   Defendant and the assets of Defendant (the "Property"), with such appointment to

7   take effect immediately and to continue, subject to further Order of this Court, for a

8   period no longer than the next Motion Day following the expiration of twenty (20)

9   days after the date of appointment. The Property and the claims against the Property

10   (the "Claims") shall be collectively referred to herein as the "Receivership Estate."

11   2.   Before entering upon its duties, the Temporary Receiver shall be sworn

12   to faithful performance (the "Oath"), a receiver's bond (the "Bond") in the amount of
    #500,000

13   $ _____ shall be filed with the Clerk of this Court, and the Temporary Receiver

14   shall be qualified to do business in the State of California. The Bond shall be

15   maintained until further order of this Court. The Receivership Estate shall bear the

16   expense of purchasing and maintaining the Bond.

17   3.   The Temporary Receiver is hereby directed and empowered to take

18   immediate control of the Property for this Court to hold the Property *in custodia*

19   *legis*. The Temporary Receiver shall manage and preserve the Property, subject to

20   this Order, further Orders, and Instructions exclusively from this Court, subject to

21   the exclusive supervision and exclusive control of this Court.

22   4.   In the Application and the Declarations submitted therewith, the

23   Plaintiffs have shown good cause that the Court should appoint the Temporary

24   Receiver without notice to creditors and make the appointment temporary under

25   L.R. 66-1.

26   5.   The Court hereby Orders all parties to this Receivership Action and all

27   known creditors of the Defendant to show cause why the appointment of the

28   Temporary Receiver should not be made permanent. The Temporary Receiver is

[DSK\LIT\513514.1 3/23/2007 (2:25 PM)]                6

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   instructed to serve a copy of this Order upon all parties to this Receivership Action

2   and all known creditors of the Defendant within twenty (20) days after the date this

3   Order is entered.

4        6.      The Temporary Receiver's appointment hereunder shall continue until

5   the next Motion Day following the expiration of twenty (20) days after the date of

6   entry of this Order ( _April 23_ , 2007) at _10_ a.m. On the Motion Day,

7   this Court will determine whether the appointment of the Temporary Receiver shall

8   be made permanent.

9        7.      The Temporary Receiver is hereby Instructed to file with this Court

10   and serve upon the parties to this Receivership Action, within twenty (20) days after

11   the date this Order is entered, a preliminary report setting out the identity, location,

12   and value of the Receivership Assets and any liabilities pertaining thereto. Further,

13   at the time the Temporary Receiver makes its preliminary report, the Temporary

14   Receiver shall make recommendations to the Court, including a recommendation

15   whether, based on its preliminary report, the Temporary Receiver should be made

16   permanent. After providing the parties and creditors of USAIP an opportunity to be

17   heard, this Court will determine whether to accept the Temporary Receiver's

18   recommendation.

19   **III.   POWERS OF THE TEMPORARY RECEIVER**

20        8.      The Temporary Receiver is hereby given the powers and authority

21   usually held by receivers and reasonably necessary to accomplish the purpose of this

22   Receivership including, without limitation, the specific power to:

23              a.      take immediate control of the Receivership Estate, to the

24              exclusion of all others;

25              b.      take control of the Receivership Estate, and manage and preserve

26              the Receivership Estate as reasonably necessary to maximize the value

27              and prevent diminution of the value of the Receivership Estate;

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

c.  retain security personnel as necessary to secure the Receivership Estate;

d.  manage, operate, rent, maintain, lease, protect, and otherwise control the Receivership Estate;

e.  collect rents and revenues, income, profits, and other benefits from the operation and management of the Receivership Estate;

f.  pay taxes, insurance, utility charges, rent and other expenses and costs reasonably incurred in managing and preserving the Receivership Estate;

g.  hire, on a contract basis wherever possible, or as employees where required by applicable federal law, the personnel necessary to manage and preserve the Receivership Estate;

h.  contract for and obtain such services, utilities, supplies, equipment, and goods as are reasonably necessary to manage and preserve the Receivership Estate and to make such repairs to the Property as the Temporary Receiver may reasonably deem necessary provided that no contract shall extend beyond the termination of the Receivership without the permission of the Court;

i.  make, enforce, modify, negotiate, and enter into such leases (including equipment leases), contracts and concession agreements as the Temporary Receiver may reasonably deem appropriate to manage and preserve the Receivership Estate provided that no such lease, contract, or agreement shall extend beyond the termination of the Receivership without the permission of the Court;

j.  open, transfer, and change all trade accounts relating to the Receivership Estate, so that all such accounts are in the name of the Receiver;

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DSK\LIT\513514.1 3/23/2007 (2:25 PM)]                8

k.    open, transfer and change all bank accounts relating to the Receivership Estate, so that all such accounts are in the name of the Receiver;

l.    close USAIP's bank account or accounts and transfer the funds to a bank account in the name of the Temporary Receiver;

m.    invest the capital of the Receivership Estate, without the permission of the Court, in savings accounts or in securities backed by the full faith and credit of the United States;

n.    obtain and renew all insurance policies that the Temporary Receiver deems reasonably necessary to manage and preserve the Receivership Estate and the interest of the Temporary Receiver and the parties to this action;

o.    enter into contracts for those services reasonably necessary to aid the Temporary Receiver in the administration of the Receivership, including the retention of attorneys and accountants, with all reasonable expenses incurred in connection therewith deemed to be expenses of the Receivership, provided that no such contract shall extend beyond the termination of the Receivership without the permission of the Court;

p.    borrow from the parties and the claimants of USAIP on an unsecured basis and on such other reasonable terms as may be acceptable to the Temporary Receiver, funds to meet the capital needs of the Receivership Estate in excess of the income from the Receivership Estate;

q.    Issue Receiver's Certificates in exchange for funds advanced by the parties, Claimants, or third parties during the term of this receivership, provided that the Temporary Receiver shall give notice to all parties who have entered an appearance in this action and obtain

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DSK\1.IT\513514.1 3/23/2007 (2:25 PM)]                        9

prior approval of this Court. Such receiver's certificates shall be a first and prior lien and a preference claim upon the Estate, or a portion of it at the Temporary Receiver's election;

r.    Apply for, obtain, maintain, and renew as reasonably necessary all trademarks, copyrights, patents, licenses, and permits required for the operation of the Receivership Estate. Licenses and permits shall be obtained in the name of USAIP wherever possible, and where not possible, in the name of the Temporary Receiver;

s.    institute such legal actions as the Receiver deems reasonably necessary to collect accounts and debts, enforce agreements relating to USAIP and the Receivership Estate, to protect the Property, and to recover possession of the Property or USAIP from persons who may now or in the future be wrongfully possessing or occupying the Property or USAIP, or any part thereof;

t.    to take control of any remaining books and records of Defendant (the "Records"); and

u.    do such other lawful acts not inconsistent with the Order as the Temporary Receiver reasonably deems necessary to manage and preserve the Receivership Estate and to perform such other functions and duties as may from time to time be required and authorized by this Court, by the laws of the state of California or by the laws of the United States of America.

## IV.    TEMPORARY RESTRAINING ORDER

9.    Except as may be expressly authorized by this Court upon notice and a hearing, Plaintiffs, Defendant, and all people, entities, and agencies with actual notice of this Order are enjoined from:

b.    collecting the Property, or any proceeds, revenues, accounts, issues, profits or other revenues thereof;

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DSK\LIT\513514.1 3/23/2007 (2:25 PM)]

c.    withdrawing funds from any bank or other depository account belonging to the Receivership Estate;

d.    terminating or causing to be terminated any license, permit, lease contract or agreement relating to the Property;

e.    altering, erasing, or destroying any Records without the prior written consent of the Temporary Receiver;

f.    holding themselves out as, or acting or attempting to take any and all actions of any kind or nature as officers, employees, representatives, or principals of USA Investment Partners, LLC, or the Receivership Estate; and

g.    otherwise interfering with the operation of the Receivership Estate or the Receiver's exercise of any power hereunder or the Temporary Receiver's discharge of his duties.

h.    Upon receipt of a copy of this Order, or upon actual knowledge of the entry of this Order, any other person or business entity shall also be bound by this Paragraph 9.

10.    Except as may be expressly authorized by the Temporary Receiver or by this Court, no person may buy, sell, or otherwise transfer any Property not in the control of the Temporary Receiver.

11.    All actions that purport to seek equitable relief against the Temporary Receiver or the Receivership Estate are hereby stayed regardless of venue or jurisdiction. The Temporary Receiver is instructed to file a Request for an Order to Show Cause with this Court if any business or person files any pleading in any other court seeking equitable relief against the Receiver or the Property without first seeking relief from this stay.

12.    All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, to the extent such actions and proceedings interfere with this Court's exclusive control

[DSK\LIT\513514.1 3/23/2007 (2:25 PM)]                11

1   over USAIP or any of its Assets, are stayed in their entirety, and all Courts having

2   any jurisdiction thereof are enjoined from taking or permitting any action until

3   further Order of this Court.

4       13.    The stay in this Order does not apply to the assets currently under the

5   control of the Bankruptcy Cases. The Temporary Receiver is instructed to prepare

6   the appropriate pleadings and appear before Judge Riegle in the Bankruptcy Cases

7   for the purpose of requesting Judge Riegle to dissolve the TRO in the Adversary

8   Action to the extent, if any, that it relates to Assets of the Receivership Estate,

9   thereby enabling this Court to complete its jurisdiction over the Assets of the

10  Receivership Estate.

## V.    TURNOVER OF ASSETS

12      14.    All persons and entities now or hereafter in possession of Property shall

13  forthwith surrender such control and possession to the Temporary Receiver. Without

14  limiting the generality of the foregoing, Plaintiffs, Defendant, and all persons and

15  entities in active concert and participation with the Plaintiffs and Defendants, shall

16  deliver to the Temporary Receiver all Property within their possession or control,

17  including, but not limited to, tangible assets, the Records, evidence and

18  documentation of intellectual properties owned or controlled by Defendant,

19  computers, hard drives, backup tapes, and all other media for the Defendant

20  computer network, all accounting records of USAIP, bank statements and records,

21  passwords for access, checking account, check registers, copies of paid and unpaid

22  invoices, cancelled checks and all other financial records.

23      15.    All persons having notice of this Order, and having oral or written

24  agreements with USAIP or statutory or regulatory mandates for the supply of goods

25  or services, including without limitation, all computer software, communication and

26  other data services, centralized banking services, payroll services, insurance, utility

27  or other services to USAIP are hereby restrained until further order of this Court

28  from discontinuing, altering, interfering with or terminating the supply of such

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1 goods or services as may be required by the Temporary Receiver; and the

2 Temporary Receiver shall be entitled to the continued use of Defendant's current

3 telephone numbers, fax numbers, internet addresses and domain names, provided in

4 each case that the normal prices or charges for all such goods or services received

5 after the entry of this Order shall be paid by the Temporary Receiver in accordance

6 with the ordinary course of business of Defendant and such supplier, or such other

7 practices as may be agreed upon by the Temporary Receiver and the supplier, or as

8 may be ordered by this Court.

9    16.    Subject to the provisions of Section VII below (Document Depository),

10 all attorneys, accountants, engineers, scientists, and other professionals who have

11 represented USAIP, and their representatives, are hereby Ordered to deliver

12 immediately over to the Temporary Receiver all documents, files, and information

13 concerning Defendant and the Property that they have in their possession or control.

14 Any claims for non-payment for services shall be presented as a claim against the

15 Receivership Estate and shall not be used as a defense to turning-over as set forth in

16 this paragraph.

17    17.    All privileges in connection with professional representation of

18 Defendant and the Property shall accrue to the sole benefit of the Temporary

19 Receiver and the Receivership Estate and may only be waived by the Temporary

20 Receiver with the consent of this Court.

21    18.    If the Temporary Receiver determines, after reasonable inquiry that a

22 person or entity is in violation of the Turnover Order within this Order, the

23 Temporary Receiver is Instructed to give written notice thereof to the person or

24 entity violating the Turnover Order, with a copy of this Order attached, demanding

25 turnover of Property. If the person or entity in possession fails or refuses to turnover

26 the Property after receiving notice, the Temporary Receiver shall file a Request for

27 an Order to Show Cause with this Court.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 · FAX 213.629.4520

1    19.    Paragraphs 14 through 18 above of this Order comprise a traditional

2    Turnover Order, and as such, are Case Management Orders and not Injunctions.

3    **VI.    DOCUMENT DEPOSITORY**

4    20.    In order to (a) establish a uniform method of identifying documents for

5    use in all proceedings related to this Receivership Action, including the Bankruptcy

6    Cases; (b) to minimize duplication of production efforts requesting and producing

7    parties; (c) to ensure the continued existence of relevant documents; and (d) to

8    reduce the aggregate costs of producing and maintaining documents, the Temporary

9    Receiver is Instructed to establish a depository for documents (the "Document

10    Depository").

11    21.    For the purposes of this Order, the term "Document" shall mean

12    documents directly or indirectly related to this Receivership Action and the

13    Bankruptcy Cases that are in the possession of the Defendant and the Members on

14    the date of this Order, and shall include every tangible object capable of making a

15    truthful statement covered by the definitions of writing, recording, photographs,

16    originals, and duplicate in Rule 1001 of the Federal Rules of Evidence.

17    22.    The Document Depository shall consist of a facility designated by the

18    Temporary Receiver and located within this District under the control of the

19    Temporary Receiver in which all Documents will be stored until further Order of the

20    Court.

21    23.    The Plaintiffs, the Temporary Receiver, and the Members shall

22    designate Documents subject to a claim of privilege, immunity, or confidentiality

23    that are to be placed into the Document Depository under seal (the "Sealed

24    Documents"). The Sealed Documents placed into the Document Depository seal

25    shall only be unsealed pursuant to an Order of this Court.

26    24.    Any Sealed Document placed into the Document Depository and

27    designated by the Members as subject to a direct or joint claim of privilege,

28    immunity, or confidentiality in favor of the Members shall be segregated from all

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DSK\LIT\513514.1 3/23/2007 (2:25 PM)]    14

1 | other Documents within the Document Depository. Any person, entity, or agency
2 | desiring to inspect these Documents shall do so only after making such request of
3 | this Court and giving prior notice to the Temporary Receiver and the Members.

4 |     25.   If any criminal proceeding is commenced against the Members or the
5 | Defendant, any person, entity, or agency requesting permission to inspect the Sealed
6 | Documents shall do so only after making such request of this Court and the tribunal
7 | with jurisdiction over the criminal proceeding, and after giving prior notice to the
8 | Temporary Receiver and the Members of the request to inspect the Sealed
9 | Documents.

## VII.   JUDICIAL IMMUNITY

11 |     26.   In accordance with Local Rule 66-6, the Receiver shall prepare and file
12 | with the clerk's office routine reports.

13 |     27.   The Temporary Receiver shall prepare and file, under oath, a true and
14 | complete inventory of the Property within thirty (30) days after the date of this
15 | Order, specifically setting forth therein any qualifications, limitations, or restrictions
16 | on the inventory as filed.

17 |     28.   The Temporary Receiver shall enjoy the limited judicial immunity
18 | usually applicable to receivers. All who are acting, or have acted, on behalf of the
19 | Temporary Receiver at the request of the Temporary Receiver are protected and
20 | privileged with the same limited judicial immunity of this Court as the Temporary
21 | Receiver has. In order to avail the agents of the Temporary Receiver with these
22 | protections and privileges, the Temporary Receiver should file a notice of the
23 | agency with this Court.

## VIII.  ORDER TO SHOW CAUSE RE APPOINTMENT OF PERMANENT
## RECEIVER AND RE PRELIMINARY INJUNCTION

26 |     29.   Defendant and creditors of Defendant are ordered to show cause, if any,
27 | why a Permanent Receiver should not be appointed in this case and that Defendant

28 |

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1 | shall appear at a hearing (the "Show Cause Hearing") before this Court on 4-4-07

2 | 2007, at 1:30 P.M., in Courtroom #1.

3 | ☒ **The United States Courthouse located at** 3470 Twelfth Street,

4 | Riverside,  California

5 | [ ] **The Robal Federal Building and Courthouse located at 255 East**

6 | **Temple Street, Los Angeles, California.**

7 | It is further ordered that at the Show Cause Hearing, pursuant to Fed. R. Civ.

8 | P. 65(b), Defendant and any creditors of Defendant shall show cause, if there is any,

9 | why this Court should not enter a Preliminary Injunction, pending final ruling on the

10 | Complaint against Defendant, continuing the injunctive relief set forth in this Order.

11 | 30.    In support of its request for a Preliminary Injunction, Plaintiffs or the

12 | Temporary Receiver may submit supplemental evidence discovered subsequent to

13 | the filing of the Application for a Temporary Receiver and a TRO, as well as a

14 | supplemental memorandum.  Such documents shall be filed and served by no later

15 | than 4:00 p.m. on the sixth court day prior to the Show Cause Hearing as scheduled

16 | above.  Such documents may be served on the Defendant by faxing or delivering the

17 | documents to the attorney for the Defendant. It is further ordered that Defendant

18 | and/or creditors of the Defendant shall file and serve any opposition to the issuance

19 | of a Preliminary Injunction and the appointment of a Permanent Receiver, including

20 | any declarations, exhibits, memoranda or other evidence on which they may intend

21 | to rely, and any objections to any evidence submitted by Plaintiffs or the Receiver,

22 | by no later than 4:00 p.m. on the fourth court day prior to the Show Cause Hearing.

23 | Such documents may be served by fax upon the Plaintiffs' counsel or by personal

24 | delivery.

25 | 31.    There will be no direct examination of witnesses at the Show Cause

26 | Hearing in this matter.  Direct testimony shall be presented in the form of

27 | declarations or affidavits.

28 |

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DSK\1.IT\513514.1 3/23/2007 (2:25 PM)]                16

# IX.   MANAGEMENT OF THE RECEIVERSHIP ESTATE

32.   The Temporary Receiver shall operate the Receivership Estate consistent with this Order, further Orders of this Court, and Instructions from this Court. The Temporary Receiver's primary function is to preserve and protect the Property. To the extent the Temporary Receiver, in its business judgment, believes it is necessary to operate USAIP in order to properly preserve and protect the Property, the Temporary Receiver is hereby authorized to do so.

33.   If the Temporary Receiver intends to operate the Receivership Estate, the Temporary Receiver shall include this decision and its support for this decision in the Temporary Receiver's inventory report as required by paragraph 7 above.

34.   In operating the Receivership Estate, the Temporary Receiver shall not engage in speculation with the Property, nor shall the Temporary Receiver engage in new business ventures.

35.   In situations where the Temporary Receiver believes it is necessary or desirable to liquidate any particular asset, the Temporary Receiver shall first request an Order of this Court approving the sale of the asset. With such approval, the Temporary Receiver shall sell the asset with reasonable dispatch and convert the asset into money, discharge all reasonable expenses, costs, and disbursements in connection with the sale of that asset to the extent possible.

36.   All sales by the Temporary Receiver are in the nature of Judicial Sales, and as such the Temporary Receiver shall follow the common law rules applicable to Judicial Sales in conducting any sale of Property.

37.   No sale of Assets shall be final until confirmed by Order of this Court.

38.   The Temporary Receiver need not obtain prior Court approval to sell or otherwise dispose of any tangible personal Property having a depreciated aggregate value, as reflected on Defendant's books of less than $50,000;

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1      39.    The Temporary Receiver may conduct a private or public sale,

2   provided that all sales by the Temporary Receiver shall be subject to competitive bid

3   except sales of Property under paragraph 34 above.

4      40.    Any Claimant wishing to bid-in its Claim shall submit an offer

5   specifying the components of the bid within twenty days of the Temporary

6   Receiver's request to this Court to conduct a sale of Property. The Temporary

7   Receiver or any party to this Receivership Action shall file objections to the bid, if

8   any, within fifteen days thereafter.

9      41.    By execution of this Order, the Court terminates the Members'

10  responsibility and authority over the Property. The Members shall reasonably

11  cooperate with the Temporary Receiver in connection with all matters regarding

12  transition, operation of the Receivership Estate, and sale of Property. The Members

13  shall make themselves available to assist the Temporary Receiver during normal

14  business hours, upon reasonable notice, for a period not to exceed thirty days. For

15  this work, the Members shall be compensated as set forth in paragraph 46 below.

16     42.    The Temporary Receiver is hereby authorized to apply the capital of

17  the Receivership Estate and the revenues collected by the Temporary Receiver in

18  connection with the management and operation of the Receivership Estate in the

19  following order of priority:

20          a.    First, to pay the cost of the Bond;

21          b.    Second, to pay the Temporary Receiver's time charges incurred

22              in connection with this Receivership and to prepay or reimburse the

23              out-of-pocket expenses of the Temporary Receiver; and

24          c.    Third, to pay the necessary and reasonable costs of managing

25              and preserving the Receivership Estate, including the fees of the

26              professionals engaged by the Temporary Receiver.

27          d.    Fourth, to repay any Receiver's Certificates, with interest as

28              provided for therein.

[DSK\LIT\513514.1 3/23/2007 (2:25 PM)]                18

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

e.    All funds in possession of the Temporary Receiver after satisfaction of the foregoing obligations shall be invested by the Temporary Receiver and held pending further order of this Court.

43.    The Temporary Receiver's compensation for services under this Order and the Temporary Receiver's reasonable out-of-pocket expenses shall be prepaid or reimbursed pursuant to Waverton Group, LLC's Standard Hourly Rates as previously submitted to this Court.

44.    The Temporary Receiver shall file on at least a quarterly basis an application for approval of the disbursements for professional fees and expenses to himself or others. The Temporary Receiver may pay up to 90% of the professional fees to himself or others and 100% of the expenses on a monthly basis, provided itemized statements are made on a monthly basis and filed under Notice in this Receivership Action.

45.    Any provision of law to the contrary notwithstanding, the Temporary Receiver is the only acting Manager of Defendant until further order of this Court.

46.    The Temporary Receiver is authorized, without breaching the peace and if necessary with the assistance of local peace officers or U.S. Marshals, to enter and secure any premises, wherever located or situated, in order to take possession, custody, or control of, or to identify the location or existence of Receivership Assets or Records.

47.    The Temporary Receiver shall endeavor to wind up the Receivership expeditiously.

X.    **FEDERAL AND STATE TAX INCOME TAX LIABILITY**

48.    USAIP, as a limited liability company, has no direct liability for the payment of federal or state income taxes. That liability falls to the Members.

49.    In order to enable the payment of federal and state income taxes generated by the sale of Property in the form of real estate, the Temporary Receiver shall, within thirty days after the sale of Property in the form of real estate, perform

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   a good-faith calculation of the highest possible taxable income from that sale and

2   pay to the Members from the proceeds of the sale an amount equal to the highest

3   possible taxable income.

4   **XI.   EFFECT OF THIS ORDER IN THE EVENT OF APPOINTMENT OF**

5   **PERMANENT RECEIVER**

6        50.    Subject to further orders of this Court, in the event that the Temporary

7   Receiver is appointed as the Permanent Receiver in this action, all terms and

8   provisions of this Order shall continue and remain in full force and effect.

9

10  DATED:   _3-27-07_          _____

                                UNITED STATES DISTRICT COURT JUDGE

11

                                STEPHEN G. LARSON

12                              UNITED STATES DISTRICT JUDGE

13

14  Presented by:

15  **Sulmeyer**Kupetz

16  a Professional Corporation

17  By_____

18        David S. Kupetz

    Attorneys for Robert A. Russell, an individual,

19  Placer County Land Investors, LLC, a California

    limited liability company, and SVRB Investments,

20  LLC, an Arizona limited liability company, Plaintiffs

21

22

23

24

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406.

On March 23, 2007, I served the following document(s) described as [PROPOSED] ORDER APPOINTING TEMPORARY RECEIVER, TEMPORARY RESTRAINING ORDER AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE AND A PERMANENT RECEIVER SHOULD NOT BE APPOINTED on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY FAX TRANSMISSION:** Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the persons at the fax numbers listed in the Service List. The telephone number of the sending facsimile machine was 213.629.4520. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address dperez@sulmeyerlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 23, 2007, at Los Angeles, California.

Debbie A. Perez

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# SERVICE LIST

VIA E-MAIL OR ELECTRONIC TRANSMISSION

Counsel for USA Investment Partners, LLC,
Joseph D. Milanowski, and Thomas A. Hantges
Russell Walker, Esq.
Woodbury & Kesler
265 East 100 South, Suite 300
Salt Lake City, Utah 84110-3358
Email Address: rwalker@woodburykesler.com

Counsel for USA Investment Partners, LLC
and Joseph D. Milanowski
Dough Griffith, Esq.
Kesler & Rust McIntyre
Bldg. 2nd Floor
68 S. Main Street
Salt Lake City, Utah 84101
Email Address: dgriffith@kessler-rust.com

Counsel for USA Investment Partners, LLC
and Joseph D. Milanowski
Kenneth M. Breen, Esq.
Fulbright & Jaworski, LLP
666 Fifth Avenue, 31st Floor
New York, New York 10103-3198
Email Address: kbreen@fulbright.com

VIA TELECOPIER

Counsel for Thomas A. Hantges
David Chesnoff, Esq.
Chesnoff & Schonfeld, APC
520 South Fourth Street
Las Vegas, Nevada 89101-6593
Telephone Number: (702) 384-5563
Fax Number: (702) 598-1425

[DSK\LIT\513514.1 3/23/2007 (2:25 PM)]

2

1

**EXHIBIT B**

2

**EMERGENCY MOTION FOR MODIFICATION OF ORDER APPOINTING RECEIVER**
**TO ALLOW FOR INVOLUNTARY BANKRUPTCY PETITION TO BE FILED**
**AGAINST USAIP**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Marc A. Levinson (California Bar No. 57613)      Jeffery D. Hermann (California Bar No. 90445)
   ORRICK, HERRINGTON & SUTCLIFFE            ORRICK, HERRINGTON & SUTCLIFFE
2  LLP                                       LLP
   400 Capitol Mall, Suite 3000              777 South Figueroa Street, Suite 3200
3  Sacramento, California 95814-4497         Los Angeles, California, 90017
   Telephone:    (916) 447-9200              Telephone:    (213) 62-2020
4  Facsimile:    (916) 329-4900              Facsimile:    (213) 612-2499
   Email:    malevinson@orrick.com           Email:    jhermann@orrick.com
5

6  Rob Charles (Nevada Bar No. 6593)         Susan M. Freeman (Arizona Bar No. 4199)
   LEWIS and ROCA LLP                        LEWIS and ROCA LLP
7  3993 Howard Hughes Parkway, Suite 600     40 North Central Avenue, Suite 1900
   Las Vegas, Nevada 89169                   Phoenix, Arizona 85004-4429
8  Telephone:    (702) 949-8320              Telephone:    (602) 262-5756
   Facsimile:    (702) 949-8321              Facsimile:    (602) 734-3824
9  Email:    rcharles@lrlaw.com              Email:    sfreeman@lrlaw.com
   Pro hac vice application in process       Pro hac vice application in process
10

11 *Attorneys for Creditors and Interested Parties USA Capital Diversified Trust Deed Fund,*
   *LLC and the USACM Liquidating Trust*
12

13                    **UNITED STATES DISTRICT COURT**

14         **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

15 Robert A. Russell, an individual,             Case No.  EDCV07-0343 SGL (JCRx)
   Placer County Land Investors, LLC,
16 a California limited liability company,        **Emergency Motion For**
   and SVRB Investments, LLC, an                  **Modification of Order Appointing**
17 Arizona limited liability company              **Receiver to Allow For Involuntary**
                                                  **Bankruptcy Petition to be Filed**
18                Plaintiff,                       **Against USAIP**

19           v.                                   Hearing Date:  TBD
                                                  Hearing Time:  TBD
20 USA Investment Partners, LLC, a
   Nevada limited liability company,
21                              Defendant.

22

23          This Emergency Motion For Modification of Order Appointing Receiver to Allow

24 For Involuntary Bankruptcy Petition to be Filed Against USAIP (this "Emergency Motion") is

25 made by the USA Capital Diversified Trust Deed Fund, LLC ("Diversified ") and the USACM

26 Liquidating Trust ("USACM Trust," and collectively, "Movants"), both entities being successors

27 pursuant to the Order Confirming the Third Amended Plan of Reorganization in the United States

28 Bankruptcy Court, District of Nevada, Las Vegas Division, to entities closely associated with

1  USA Investment Partners, LLC both entities being successors under a plan of reorganization

2  recently confirmed by the United States Bankruptcy Court for the District of Nevada to debtors

3  related to USA Investment Partners, LLC ("USAIP"). Movants were given no notice of the

4  motion to appoint a receiver in this Court, even though it is apparent from the pleadings filed in

5  this Court that Movants are vitally interested in USAIP. At the time Movants received a copy of

6  the Court's order appointing a temporary receiver in the above case ("Receiver Order"), Movants

7  were literally hours away from filing an involuntary chapter 11 bankruptcy petition against

8  USAIP in the Bankruptcy Court and seeking the immediate appointment of an interim trustee for

9  USAIP.

10         By this Motion, Movants seek to clarify that the Court's Receiver Order does not

11  prevent Movants and other petitioning creditors from invoking their rights under the Bankruptcy

12  Code by filing an involuntary bankruptcy petition against USAIP, or alternatively to modify the

13  order to so provide. USAIP is a company with its principal operations in Las Vegas, with the

14  books and records of USAIP and the many companies associated with USAIP also located in Las

15  Vegas and the subject of existing federal court document control orders there. USAIP is

16  insolvent, and its extensive web of assets and liabilities and the claims against its management

17  need the structure and procedures of a bankruptcy case that is supervised by a chapter 11 trustee

18  with substantial resources and experience in such complex, multi-million dollar proceedings.

19  USAIP's creditors should not suffer the loss of Bankruptcy Code rights and remedies, such as the

20  ability to avoid preferential transfers, that occurs with each passing day before a bankruptcy

21  petition is filed. They should not bear the ultimate expense of evidentiary hearings and filings

22  duplicating those in the Nevada Bankruptcy Court to familiarize this Court with facts about

23  USAIP, its business and its owners. USAIP owns no real or personal property located within this

24  judicial district, and with pending bankruptcy cases in Las Vegas, Nevada involving no less than

25  eight companies related to and involving USAIP, that is the right venue for judicial oversight of

26  its insolvency case.

27                                    **BACKGROUND FACTS**

28         1.    Almost a year ago, on April 13, 2006, USA Commercial Mortgage Company

1    ("USACM") filed its chapter 11 case in the District of Nevada, Las Vegas Division, the

2    Honorable Linda B. Riegle presiding.  Four companion cases were filed, including Diversified.

3    USACM was an arranger and servicer of loans that totaled approximately $962 million at the time

4    of the bankruptcy filings.    USACM was beneficially owned by Joseph Milanowski

5    ("Milanowski"), Thomas Hantges ("Hantges") and Paul Hamilton (or their family trusts).

6            2.       USAIP is a Nevada limited liability company owned by Milanowski (as trustee for

7    the Joseph D. Milanowski 1998 Trust), Hantges (as trustee of the Thomas A. Hantges 1997 Trust)

8    and Paul Hamilton.  Milanowski and Hantges were the managers of USAIP through February

9    2005.  Thereafter, Milanowski has been the sole manager.

10           3.       USAIP appears to be the business entity through which Milanowski and Hantges

11   conducted their personal real estate development activities.  Its primary assets are equity member

12   interests in limited liability companies engaged in real estate development activities.  USAIP is

13   the manager of many of the limited liability companies in which it owns a member interest.

14           4.       USAIP's only business offices are located in Las Vegas, Nevada. Prior to the

15   bankruptcy filings, its offices were in the same location as USACM and the many related

16   companies owned or controlled by USAIP.  According to the information available to Movants,

17   USAIP has no physical presence in California.

18           5.       Contrary to the impression that the Court may have developed as a result of

19   reviewing the moving papers for the appointment of a receiver, the Placer Vineyards project in

20   which Plaintiff is also involved is not the principal asset of USAIP, and the scope and breadth of

21   USAIP's business extends beyond the several entities with real estate development interests

22   described in the receivership application.  According to the best information now available to

23   Diversified and the USACM Trust, USAIP directly or indirectly owns equity interests in at least

24   50 entities, and manages or co-manages approximately 42 of them.

25           6.       Contrary to the inferences in the moving papers seeking a receiver in this Court,

26   USAIP owns no real or personal property located within this judicial district, and in fact owns no

27   real or personal property within the State of California.  The reason is simple – while USAIP

28   owns member interests in limited liability companies that in turn own real estate in California,

1  Nevada, and several other states, USAIP's property consists of intangible member interests –

2  equivalent to a Nevada resident owning stock in a company that owns California real estate.

3  Thus, this Court will likely never be called upon to administer California real estate in connection

4  with this receivership action.

5         7.     In fact, USAIP has filed pleadings in state court proceedings confirming that

6  USAIP has no assets in the State of California.  See, "Notice of Opposition to Application For

7  Writ of Attachment" filed in Riverside Superior Court, a true and correct copy of which is

8  attached to the declaration of Jeffery D. Hermann ("Hermann decl.") as Exhibit "7".  The Court is

9  requested to take judicial notice of this pleading under Rule 201 of the Federal Rules of Evidence.

10         8.     Of the some 42 entities that are managed either directly or indirectly by USAIP,

11  many are borrowers on loans arranged by USACM for investors (many of which investors are

12  creditor beneficiaries of the USACM Trust) and some are entities that are obligors of Diversified.

13         9.     USAIP is the borrower on the 10-90, Inc. loan from Diversified, which, as of the

14  date hereof includes unpaid principal in excess of $55 million, and accrued and unpaid interest in

15  excess of $30 million ("10-90 Loan").

16        10.     USAIP also is a substantial obligor to both Movants as the borrower on a

17  promissory note executed in May, 2006, and approved by the Nevada Bankruptcy Court in July,

18  2006.  Such loan is referred to herein as the "$58 million Note" and, as of the date hereof, all

19  $58,374,918.81 in principal amount is unpaid, as is interest at 7.75% accrued since May 31, 2006.

20        11.     USAIP has pledged certain of its limited liability member interests to secure the

21  10-90 Loan and the $58 million Note.  While Diversified and the USACM Trust rely upon the

22  value of such collateral for repayment of such obligations, they acknowledge that both obligations

23  are significantly undersecured.

24        12.     Together, Movants hold more than $145 million in debt of USAIP.

25        13.     Diversified has commenced involuntary bankruptcy petitions in Las Vegas against

26  two of the entities managed and majority owned by USAIP – Tree Moss Partners LLC and USA

27  Investors VI, LLC.  An order for relief has already been entered in the Tree Moss Partners case

28  and a trial is set in the Las Vegas Bankruptcy Court for April 30th, 2007, on the involuntary

OHS West:260204889.4
18994-2 JDH

Page 4

1    petition in the USA Investors VI case.  Diversified has noticed discovery of USAIP and the

2    entities managed by USAIP in connection with such upcoming trial.

3          14.    Diversified has filed suit in the Las Vegas Bankruptcy Court against another entity

4    managed and majority owned by USAIP – HMA Sales, LLC.  Diversified has conducted

5    discovery and has discovery pending from USAIP in that matter, currently set for trial in early

6    June, 2007.

7          15.    Diversified and the USACM Liquidating Trust (successor to USACM under the

8    confirmed plan of reorganization) have other claims against USAIP, as well as Milanowski and

9    Hantges, and intend to establish those claims, either by separate suit or by the filing of a proof of

10   claim in the bankruptcy case of USAIP.

11         16.    Movants have also conducted discovery against entities controlled by USAIP

12   during the course of the bankruptcy case and have developed information about the financial and

13   business affairs of USAIP and the assets of USAIP by reviewing the books and records of

14   USACM (although USAIP has failed to cooperate with Movants by voluntarily providing USAIP

15   all books and records).

16         17.    As a result of discovery already completed and the review of USACM books,

17   records and financial documents, Movants are aware of the incredibly complex web of inter-

18   relationships between and among Diversified, USACM, USAIP and at least 50 entities in which

19   USAIP has an ownership interest, and the incredibly complex and voluminous dealings among

20   such entities.  See Organization Charts attached as Exhibit "B" to Exhibit "4" of the Hermann

21   decl.

22         18.    Because of the year-long bankruptcy proceedings, and the ongoing litigation in

23   which USAIP is managing the defendants, the Honorable Linda B. Riegle, United States

24   Bankruptcy Judge, District of Nevada, sitting in Las Vegas, has also become very familiar with

25   the business model of USACM and USAIP, the extent of the inter-relationships between USAIP

26   and the chapter 11 debtors, including Diversified, and most importantly, the plethora of legal

27   issues that have been spawned by the melt-down of the USACM/USAIP empire of Messrs.

28   Milanowski and Hantges.

19.     Tens of millions of dollars have already been expended by professionals both in cleaning up and restating the books and records of USACM and its related entities (including numerous transactions between USACM and USAIP) and acquiring the knowledge of complex dealings orchestrated by Messrs. Milanowski and Hantges, who, before the bankruptcy filings a year ago, had unfettered control over almost all of such entities.

20.     As an example, the largest loan in the entire USACM portfolio is a loan referred to as the 10-90 Loan.  The 10-90 Loan is owned 100% by Diversified and has a principal amount of $55 million and delinquent interest of over $30 million.  Presumably because the prospectus by which individual investors were enticed to invest money in the Diversified fund prohibited insider loans, and prohibited loans concentrated to a single borrower, the documentation orchestrated for the 10-90 Loan by Messrs. Milanowski and Hantges evidenced that Diversified was making loans to an entity known as 10-90, Inc., controlled by David Fogg (the same David Fogg that provided the Court with a declaration in support of the appointment of a receiver).

21.     However, forensic accountants have determined that all loan proceeds funded by Diversified to 10-90, Inc. were almost immediately wire transferred to another entity controlled by David Fogg (Mountain Vista, Inc.).  Mountain Vista, Inc. then immediately wire transferred the loan proceeds to USAIP.  In effect, the David Fogg entities were mere "straw men" assisting Messrs. Milanowski and Hantges in plundering Diversified by making prohibited insider loans in large amounts that violated the concentration limits of the Diversified prospectus and "laundering" that money through successive transfers of entities controlled by David Fogg.[1]

22.     In addition, although the Receiver Order instructs the receiver to establish a document depository for USAIP records, the Nevada Bankruptcy Court has already entered an order that was negotiated over a period of months between counsel for the chapter 11 debtors and counsel for USAIP putting into place detailed and complex procedures for review and designation of ownership and privilege claims with respect to over 200 boxes of documents in which USAIP

---

[1] Eventually, David Fogg became concerned about his liability for participating in this scheme and requested that his entity be removed from the straw man position.  Messrs. Milanowski and Hantges, controlling all sides of the transaction, prepared documentation by which Diversified consented to 10-90, Inc. being released (along with the personal guaranty of David Fogg) and USAIP being substituted in as the borrower on the loan.

1    has claimed ownership and has claimed privilege, and for imaging and sharing of thousands of

2    other documents.  See Hermann decl., Exhibit "6".  That privilege review process is ongoing with

3    counsel for all sides having spent the better part of last week in Las Vegas with the expectation of

4    continuing this week to review disputed documents.  Before the filing of the chapter 11 cases a

5    year ago, USAIP was managed out of the same offices occupied by USACM and the many other

6    related companies owned or managed by USAIP and USAIP was managed by Hantges,

7    Milanowski and their delegates, with documents commingled, creating the dispute as to

8    documents that were created by USACM but relate in whole or part to USAIP or companies

9    managed by USAIP.

10           23.     The professionals that represent the USACM Liquidating Trust and Diversified

11    represented the committees for such entities during the chapter 11 cases and had no independent

12    ability to take action on behalf of USACM or Diversified absent specific Bankruptcy Court order

13    providing such authorization.   However, as a result of the confirmation of a joint plan of

14    reorganization by the Nevada Bankruptcy Court, the effective date of which was March 12, 2007,

15    these professionals now represent the successor entities to the chapter 11 debtors, which entities

16    are charged with liquidating assets and pursuing claims to generate funds to repay the hundreds of

17    millions of dollars that literally thousands of investors have invested.  As a result of their chapter

18    11 roles, these professionals have amassed a great wealth of information about the

19    USACM/USAIP family of companies and are charged with the duty to maximize the recovery of

20    the money owed to literally thousands of creditors and investors.  Many of those creditors and

21    investors are Nevada residents.   Movants have proceeded diligently in the two weeks in which

22    they have had the authority to prepare for filing the involuntary bankruptcy petition against

23    USAIP and to seek authority for immediate appointment of an interim trustee by the Bankruptcy

24    Court.

25           24.     Movants first learned of the filing of this receivership action on March 28, 2007, at

26    approximately 1:30 p.m. when counsel for Plaintiff emailed the Receiver Order and certain other

27    pleadings to counsel for the USACM Trust.  At that time, Movants were literally hours away

28    from commencing an involuntary bankruptcy case in the Nevada Bankruptcy Court before Judge

Riegle, who has almost a year's worth of knowledge and experience in the facts and legal issues presented by the USACM/USAIP debacle, and from filing a simultaneous motion seeking the immediate appointment of an interim trustee and severe restrictions upon the operating authority of Messrs. Milanowski and Hantges pending the appointment of such a trustee. Movants have discussed at great length the selection of an appropriately qualified trustee with the US Trustee's office in Las Vegas and the representation of the trustee by a Las Vegas firm that was already well-versed in the facts and legal issues presented by the USACM/USAIP debacle.

25. Copies of the involuntary petition, the motion seeking the appointment of an interim trustee, and supporting declarations and exhibits that Movants are prepared to file with the Las Vegas Bankruptcy Court at the first opportunity are attached to the Hermann decl. as Exhibits "1" through "5".

26. Although not parties to this action, the Receiver Order arguably prevents Movants from taking any such action.

27. Rather than offend this Court, if this Court's intention was to preclude the application of the bankruptcy laws to USAIP for some reason, Movants are seeking clarification from the Court whether the Court truly intended to displace a bankruptcy filing against USAIP.

28. Thus, by this Motion, Movants seek a clarification of the Receiver Order clarifying that nothing therein would prevent Movants from filing the involuntary bankruptcy petition against USAIP and seeking the appointment of a trustee in that bankruptcy case. Movants also seek clarification that litigation already ongoing in the Nevada Bankruptcy Court against entities in which USAIP has an ownership interest and for which USAIP is the manager would not be stayed by the Court's Receiver Order.

29. Alternatively, the Movants respectfully request that this Court modify its Receivership Order to allow them and other petitioning creditors to file an involuntary chapter 11 bankruptcy petition against USAIP, and seek immediate appointment of an interim trustee. As set forth in the attached bankruptcy petition and motion for interim trustee appointment, USAIP is insolvent. Its assets and liabilities are complex and interrelated with the many related chapter 11 cases pending in Nevada, and its actions and its books and records are the subject of existing

1  Nevada Bankruptcy Court orders.  The Movants do not question this Court's willingness or ability

2  to take on an incredibly contentious and complex insolvency case.  They are concerned, however,

3  about the economics of bringing a new set of professionals up to speed on the year-long learning

4  curve and the need to educate the Court on all manner of factual and legal issues the Nevada

5  Bankruptcy Court has already addressed.  Given the tens of millions of dollars that the creditors

6  of USACM/USAIP will likely lose, despite the best efforts of the professionals of the USACM

7  Liquidating Trust and Diversified, such economies are an important consideration to the

8  constituencies of Movants.

9      30.    The Movants are also concerned about whether the less formal, less structured

10  legal procedures for a receivership are best suited for complex, multi-faceted proceedings of an

11  insolvent entity such as USAIP.  They are concerned that potential causes of action arising under

12  the Bankruptcy Code, such as the ability to avoid preferential transfers, not be lost to the creditors

13  of USAIP.  The Movants also are concerned that the experience and resources of the designated

14  temporary receiver are no match for the tasks likely associated with monumental challenges it

15  faces in light of USAIP and its approximately 50 related companies and its Fifth Amendment-

16  asserting owners.  The duties include document control, asset searches and management, massive

17  litigation and the resolution of hundreds of millions of dollars of claims.

18      31.    The Movants do not seek to dismiss this receivership action.  They ask that the

19  temporary receiver exercise as much control over USAIP as he is able to do, while the Movants

20  proceed with their involuntary chapter 11 bankruptcy petition against USAIP and their emergency

21  motion for appointment of an interim trustee.  If the Movants do not succeed in their requests for

22  relief in the Bankruptcy Court, this Court's authority will not be altered in any way.  If the

23  Nevada Bankruptcy Court grants the relief requested by Movants, an interim bankruptcy trustee

24  will be appointed and this Court's temporary receiver will transfer assets of the receivership estate

25  to the bankruptcy trustee pursuant to 11 U.S.C. § 543.

26  ## MEMORANDUM OF LAW

27      Although not parties to the action, Diversified and the USACM Liquidating Trust are

28  entities that are potentially within the scope of the temporary restraining order embodied within

1   this Court's Receiver Order and thus have standing to seek clarification or a modification of such

2   restraining order as the same may apply to them.

3       Paragraph 12 of the Receiver Order states as follows:

4           12.   All civil legal proceedings wherever located, including arbitration

5           proceedings, foreclosure activities, bankruptcy actions, or default proceedings, to

6           the extent such actions interfere with the Court's exclusive control over USAIP or

7           any of its Assets, are stayed in their entirety, and all Courts having any jurisdiction

8           thereof are enjoined from taking or permitting any action until further order of this

9           Court.

10      Read literally, and with the realization that USAIP is an owner and the manager of many

11  of the entities currently involved in litigation before the Las Vegas Bankruptcy Court (HMA

12  Sales, LLC, Tree Moss Partners, LLC and USA Investors, VI LLC, for example), this paragraph

13  would arguably stay the further prosecution of those actions and prevent further lawsuits

14  contemplated by Movants from being filed in the Nevada Bankruptcy Court or anywhere else.

15  But most importantly, this paragraph would arguable disenfranchise Movants from seeking

16  remedies under the Bankruptcy Code, including the commencement of an involuntary bankruptcy

17  case against USAIP.

18      While District Courts may have such broad power and discretion in appropriate cases, that

19  discretion is usually invoked only when (1) principals and wrongdoers in control of an entity that

20  a District Court has ordered into receivership are seeking to circumvent that Court's authority in

21  order to regain control over the entity by filing a voluntary chapter 11 case (where management

22  normally stays in control of the company);  or (2) where, in the case of an ongoing and

23  established receivership, the Court cites the economies of retaining the existing receiver over the

24  commencement (usually by a disgruntled creditor unhappy with the decisions of the receiver) of a

25  new bankruptcy case, thereby avoiding the duplication of effort that would be involved.  See, e.g.,

26  *In re O'Neill Village Personal Care Corporation,* 88 B.R. 76 (Bankr.W.D.Penn.1988).

27      Of course, the situation here is the opposite of the situation in the *O'Neill* case, as

28  bankruptcy proceedings involving closely related companies have been ongoing for almost a year

1   – bankruptcy proceedings in which USAIP has been actively involved either on its own behalf or

2   on behalf of the many entities it manages. In this case, it is the receivership that would involve

3   the waste of resources caused by the great duplication of efforts already expended in the ongoing

4   bankruptcy cases.

5        Alternatively, in the event that the Court deems it not appropriate to clarify or modify the

6   Receiver Order to allow Movants to commence an involuntary bankruptcy case against USAIP

7   and to allow Movants and other parties to continue with litigation now pending in the Nevada

8   Bankruptcy Court involving entities owned, controlled or managed by USAIP, then for the

9   reasons stated herein, Movants seek modification of the order to allow such actions.

10   **CONCLUSION**

11        Based on the foregoing, Diversified and the USACM Liquidating Trust respectfully

12   request that the Court clarify or modify the Receiver Order such that Movants and other

13   petitioning creditors may commence an involuntary bankruptcy case against USAIP and seek

14   immediate appointment of an interim trustee, and that Movants and other parties may continue

15   with litigation now pending in the Nevada Bankruptcy Court involving entities owned, controlled

16   or managed by USAIP.

17        Respectfully submitted this ___ day of March 2007.

18

19                      LEWIS and ROCA LLP

20                      Rob Charles (Nevada Bar No. 6593)
                       Susan M. Freeman (Arizona Bar No. 4199)

21                      Pro hac vice applications in process

22                      and

23                      ORRICK, HERRINGTON & SUTCLIFFE LLP

24                      By:

25                      Marc A. Levinson (California Bar No. 57613)
                       Jeffery D. Hermann (California Bar No. 90445)

26

27

28

1

**EXHIBIT C**

2

**APPLICATION FOR HEARING ON SHORTENED TIME FOR
EMERGENCY MOTION FOR MODIFICATION OF ORDER APPOINTING RECEIVER
TO ALLOW FOR INVOLUNTARY BANKRUPTCY PETITION TO BE FILED
AGAINST USAIP**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Marc A. Levinson (California Bar No. 57613)    Jeffery D. Hermann (California Bar No. 90445)
    ORRICK, HERRINGTON & SUTCLIFFE           ORRICK, HERRINGTON & SUTCLIFFE
2   LLP                                      LLP
    400 Capitol Mall, Suite 3000             777 South Figueroa Street, Suite 3200
3   Sacramento, California 95814-4497        Los Angeles, California, 90017
    Telephone:    (916) 447-9200             Telephone:    (213) 62-2020
4   Facsimile:    (916) 329-4900             Facsimile:    (213) 612-2499
    Email:        malevinson@orrick.com;     Email:        jhermann@orrick.com
5

6
    Rob Charles (Nevada Bar No. 6593)(Pro Hac    Susan M. Freeman (Arizona Bar No. 4199) (Pro
7   Vice in process)                             Hac Vice in process)
    LEWIS AND ROCA, LLP                          LEWIS AND ROCA, LLP
8   3993 Howard Hughes Parkway, Suite 600        40 North Central Avenue, Suite 1900
    Las Vegas, Nevada 89169                      Phoenix, Arizona 85004-4429
9   Telephone:    (702) 949-8320                 Telephone:    (602) 734-3824
    Facsimile:    (702) 949-8321                 Facsimile:    (602) 262-5756
10  Email:        rcharles@lrlaw.com             Email:        sfreeman@lrlaw.com

11  *Attorneys for Creditors and Interested Parties USA Capital Diversified Trust Deed Fund,*
    *LLC and the USACM Liquidating Trust*

12

13                      **UNITED STATES DISTRICT COURT**

14           **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

15  Robert A. Russell, an individual,             Case No.  EDCV07-0343 SGL (JCRx)
    Placer County Land Investors, LLC,
16  a California limited liability company,
    and SVRB Investments, LLC, an
17  Arizona limited liability company             **Application for Hearing on**
                                                  **Shortened Time for Emergency**
18                Plaintiff,                      **Motion For Modification of Order**
                                                  **Appointing Receiver to Allow For**
19        v.                                      **Involuntary Bankruptcy Petition**
                                                  **to be Filed Against USAIP**
20  USA Investment Partners, LLC, a
    Nevada limited liability company,
21                              Defendant.

22                                                Hearing Date:  TBD
                                                  Hearing Time:  TBD
23

24        USA Capital Diversified Trust Deed Fund, LLC ("Diversified") and the USACM

25  Liquidating Trust (together with Diversified, "Movants") move this Court for an order setting

26  their Emergency Motion For Modification of Order Appointing Receiver to Allow For

27  Involuntary Bankruptcy Petition to be Filed Against USAIP ("Motion") for an expedited hearing.

28

This motion is supported by the Declaration of Jeffery D. Hermann filed contemporaneously herewith (the "Hermann Decl.").

The Motion explains that the Movants and a third creditor planned to file immediately an involuntary chapter 11 petition against USA Investment Partners, L.P. ("USAIP"), the entity that is the subject of this Court's receivership order heard without notice to Movants on March 28, 2007 (the "Receivership Order). The filing was to take place in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), where chapter 11 cases of seven related entities are pending before the Honorable Linda B. Riegle. Such cases include five related chapter 11 cases, including of Diversified and In re USA Commercial Mortgage Company ("USACM"). The five are jointly administered under Case No. 06-01729.

The USACM Trust was created pursuant to a recently-confirmed reorganization plan in the five cases; it holds a $58 million principal note from USAIP approved by the Bankruptcy Court. Diversified holds a USAIP note in a principal amount in excess of $55 million; with contract interest through December 31, 2006, the amount owing approximates $85 million.

The Motion seeks an exemption from the provision of the Receivership Order provision prohibiting bankruptcy filings, and explains why an involuntary chapter 11 petition in the Bankruptcy Court should be allowed to proceed, in conjunction with an emergency motion to appoint an interim trustee for USAIP.

The Motion and declarations attach the pleadings that would have been filed in Nevada on March 29th, and show why the Movants planned to seek emergency relief, in order to take control of the substantial, complex, interconnected network of entities and assets owned by USAIP. A seven-page organizational chart is attached as Exhibit B to Exhibit 3 of the Hermann Decl. Such assets and entities are being used and abused by USAIP's principals, Joseph Milanowski and Thomas Hantges. This is not just a matter of whether the Placer Vineyards development should

be managed by Robert Russell, the focus of the receivership petition. Rather, USAIP presents a much broader problem of multi-millions of dollars in asset values committed to repay creditors and investors of Diversified and the USACM Liquidating Trust that have been and likely are still being surreptitiously pledged and transferred by people asserting Fifth Amendment rights when questioned about their actions (see Exhibit 4 to the Hermann Decl.).

For the same reasons an emergency hearing was necessary to appoint a interim trustee for USAIP, an emergency hearing is necessary to enable bankruptcy relief even to be sought. The Movants respect and appreciate this Court's decision to appoint a receiver. Had notice been given to Diversified and the USACM Trust, they would have explained to the Court why they believe that a chapter 11 bankruptcy case with all of the structure, procedures and settled law designed to deal with multiple creditors, multiple assets and multiple entities is the best possible forum for the massive insolvency issues facing USAIP. The Bankruptcy Code affords creditors time-sensitive rights, such as the ability to avoid preferential and fraudulent transfers, that are lost each day that the bankruptcy petition is delayed. The Movants also would have explained why they believe that a well-qualified bankruptcy trustee specializing in complex transactions and tracing missing funds, in the district where USAIP's assets, business operations and principal creditors are located, its documents are already subject to federal court orders, and it has already appeared, is preferable to a receivership in this district.

The Movants seek the opportunity to make that showing before the commencement of what likely will be a redundant administration by clarifying or modifying phrasing in the Receivership Order that arguably restrains Movants from taking such actions, and from continuing with actions already underway in the Bankruptcy Court. The receivership would remain intact pending a Bankruptcy Court decision on whether to appoint an interim chapter 11 trustee.

1    Appointment of a chapter 11 trustee is remains an urgent matter.  This Court appears to

2 have been offered a single candidate for temporary receiver, Waverton Group, LLC.  It appears

3 that such entity in reality consists principally of a single individual residing in Colorado, Richard

4 A. Block (see fn. 2 to Block Declaration in Support of Receivership).  Movants have been unable

5 to confirm that he has posted the specified bond of $500,000 or that he has qualified to do

6 business in California.  Movants have been informed that Mr. Block was in Los Angeles on

7 Wednesday and will be in Phoenix on Friday.  Movants have been unable to confirm that Mr.

8 Block has even seen the USAIP office in Las Vegas, much less taken prompt action to secure

9 USAIP records, freeze bank accounts, or otherwise protect the interests of all of USAIP's

10 creditors as directed by the Receivership Order.  With all due respect to Mr. Block, Mr. Block's

11 previous cases, as described in his affidavit, are substantially less complex and involve

12 substantially fewer assets and liabilities than that of USAIP.  Movants do not have confidence

13 that Mr. Block's resources and expertise will suffice for the demands of what will likely be an

14 enormously time-consuming and difficult case.

15    For the reasons set forth herein and in the Motion, Movants request that the Court set an

16 emergency hearing on this matter at the earliest opportunity.

17 

18    Respectfully submitted this 28th day of March 2007.

19 

20 

21 

22    LEWIS AND ROCA, LLP; and
     ORRICK, HERRINGTON & SUTCLIFFE LLP
23 
24    By: _____
25    Marc A. Levinson (California Bar No. 57613)
      Jeffery D. Hermann (California Bar No. 90445)
26 
27 
28

1

**EXHIBIT D**

2

**OPPOSITION TO EMERGENCY MOTION FOR MODIFICATION OF ORDER**

3
**APPOINTING RECEIVER TO ALLOW FOR INVOLUNTARY BANKRUPTCY**
**PETITION TO BE FILED AGAINST USAIP**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

David S. Kupetz (CA Bar No. 125062)
Email:dkupetz@sulmeyerlaw.com
Marcus A. Tompkins (CA Bar No. 190922)
Email:mtompkins@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California  90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Robert A. Russell, an
individual, Placer County Land Investors,
LLC, a California limited liability
company, and SVRB Investments, LLC,
an Arizona limited liability company,
Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

|  |  |
|---|---|
| Robert A. Russell, an individual, Placer County Land Investors, LLC, a California limited liability company, and SVRB Investments, LLC, an Arizona limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>USA Investment Partners, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. EDCV07-0343 SGL (JCRx)<br><br>**PLAINTIFFS' OPPOSITION TO EMERGENCY MOTION AND APPLICATION FOR HEARING ON SHORTENED TIME ON EMERGENCY MOTION FOR MODIFICATION OF ORDER APPOINTING RECEIVER TO ALLOW FOR INVOLUNTARY BANKRUPTCY PETITION TO BE FILED AGAINST USAIP** |

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    Robert A. Russell, an individual, Placer County Land Investors, LLC, a

2  California limited liability company, and SVRB Investments, LLC, an Arizona

3  limited liability company (collectively, the "Plaintiffs"), oppose the "Emergency

4  Motion for Modification of Order Appointing Receiver to Allow for Involuntary

5  Bankruptcy Petition to be Filed Against USAIP" and the "Application for Hearing

6  on Shortened Time for Emergency Motion for Modification of Order Appointing

7  Receiver to Allow for Involuntary Bankruptcy Petition to be Filed Against USAIP"

8  (together, the "Motion") received from USA Capital Diversified Trust Deed Fund,

9  LLC and USACM Liquidating Trust ("Movants") on the afternoon of March 29,

10  2007, as follows:

11    1.    This Court's order (the "Order") appointing a temporary receiver

12  (the "Receiver"), issuing a temporary restraining order, and granting other equitable

13  relief, entered on March 28, 2007, charges the Receiver with preparing and filing

14  (within 20 days of the entry of the Order) a preliminary report (the "Report")

15  containing, among other things, recommendations, including a recommendation

16  regarding whether the receivership should be made permanent (among other things,

17  the Report could contain a recommendation that the Defendant be placed in

18  bankruptcy).

19    2.    The relief requested by Movants in the Motion would

20  immediately and severely undermine this Court's control and jurisdiction over the

21  receivership estate and its assets.

22    3.    At a minimum, the Receiver should be given the opportunity to

23  prepare and present the Report before the chance for this receivership to move

24  forward on an efficient and effective basis is destroyed.  Movants will have an

25  opportunity to review and respond to the Report.

26    4.    Accordingly, a preliminary injunction should issue continuing

27  the injunctive relief granted in the Order at least through the date (April 23, 2007)

28  set by the Court for the hearing to consider the Report.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1       5.     It appears that the Order of this Court created the purported

2 "emergency" that is the basis for the Motion.

3       6.     The Motion does not show how or why the "emergency" vis-à-

4 vis the Movants is any different from what existed 20 days ago or, for that matter, 6

5 months ago.

6

7       WHEREFORE, Plaintiffs respectively request that the Court deny the

8 Motion.

9

10 DATED: March 30 , 2007       Respectfully submitted,

11

12        **Sulmeyer**Kupetz
        A Professional Corporation

13

14        By: _____

15        David S. Kupetz

16        Attorneys for Robert A. Russell, an
        individual, Placer County Land Investors,

17        LLC, a California limited liability
        company, and SVRB Investments, LLC,

18        an Arizona limited liability company,

19        Plaintiffs

20

21

22

23

24

25

26

27

28

*SulmeyerKupetz, A Professional Corporation*
*333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR*
*LOS ANGELES, CALIFORNIA 90071-1406*
*TEL. 213.626.2311 • FAX 213.629.4520*

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406.

4

5

On March 30, 2007, I served the following document(s) described as **PLAINTIFFS' OPPOSITION TO EMERGENCY MOTION AND APPLICATION FOR HEARING ON SHORTENED TIME ON EMERGENCY MOTION FOR MODIFICATION OF ORDER APPOINTING RECEIVER TO ALLOW FOR INVOLUNTARY BANKRUPTCY PETITION TO BE FILED AGAINST USAIP** on the interested parties in this action as follows:

6

7

8

9

### SEE ATTACHED SERVICE LIST

10

**BY FAX TRANSMISSION:** Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the persons at the fax numbers listed in the Service List. The telephone number of the sending facsimile machine was 213.629.4520. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

11

12

13

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address dperez@sulmeyerlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

14

15

16

17

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

18

19

Executed on March 30, 2007, at Los Angeles, California.

20

21

_____
Debbie A. Perez

22

23

24

25

26

27

28

[DSK\LIT\513836.1 3/30/2007 (9:52 AM)]                    1

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1

# SERVICE LIST

2

3 ## *VIA E-MAIL OR ELECTRONIC TRANSMISSION*

4 Counsel for USA Investment Partners, LLC,
Joseph D. Milanowski, and Thomas A. Hantges
5 Russell Walker, Esq.
Woodbury & Kesler
6 265 East 100 South, Suite 300
Salt Lake City, Utah  84110-3358
7 Email Address: rwalker@woodburykesler.com

8 Counsel for USA Investment Partners, LLC
and Joseph D. Milanowski
9 Dough Griffith, Esq.
Kesler & Rust McIntyre
10 Bldg. 2nd Floor
68 S. Main Street
11 Salt Lake City, Utah 84101
Email Address: DGriffith@Kesler-Rust.com
12                          arogers@Kesler-Rust.com

13 Counsel for USA Investment Partners, LLC
and Joseph D. Milanowski
14 Kenneth M. Breen, Esq.
Fulbright & Jaworski, LLP
15 666 Fifth Avenue, 31st Floor
New York, New York  10103-3198
16 Email Address: kbreen@fulbright.com

17 Counsel for Commercial Mortgage Trust
Rob Charles, Esq.
18 Lewis and Roca LLP
One S. Church Avenue, Ste. 700
19 Tucson, Arizona  85701-1611
Email Address: RCharles@LRLaw.com

20

Counsel for Commercial Mortgage Trust
21 Susan M. Freeman, Esq.
Lewis and Roca LLP
22 40 North Central Avenue, Ste. 1900
Phoenix, Arizona  85004-4429
23 Email Address: sfreeman@LRLaw.com

24 Counsel for USA Capital Diversified Trust Deed Fund, LLC
Marc A. Levinson, Esq.
25 Orrick Herrington & Sutcliffe LLP
400 Capital Mall, Suite 3000
26 Sacramento, CA  95814-4497
Email Address: malevinson@orrick.com

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DSK\LIT\513806.1 3/30/2007 (9:51 AM)]

Counsel for USA Capital Diversified Trust Deed Fund, LLC
Jeffery D. Hermann, Esq.
Orrick Herrington & Sutcliffe LLP
777 So. Figueroa Street, Suite 3200
Los Angeles, CA 90017
Email Address: jhermann@orrick.com

Counsel for Receiver
Jack M. Tanner, Esq.
Fairfield and Woods, P.C.
Wells Fargo Center, Suite 2400
1700 Lincoln Street
Denver, Colorado 80203-4524
E-Mail: jtanner@fwlaw.com

Receiver
Richard A. Block
Waverton Group, LLC
4101 East Louisiana Avenue, Suite 300
Denver, Colorado 80246
Email: rblock@xpn.com (FMIT2007)

***VIA TELECOPIER***

Counsel for Thomas A. Hantges
David Chesnoff, Esq.
Chesnoff & Schonfeld, APC
520 South Fourth Street
Las Vegas, Nevada 89101-6593
Telephone Number: (702) 384-5563
Fax Number: (702) 598-1425

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DSK\LIT\513806.1 3/30/2007 (9:51 AM)]

1

**EXHIBIT E**

2

**REPLY TO PLAINTIFFS' OPPOSITION TO**
3
**EMERGENCY MOTION FOR MODIFICATION OF ORDER APPOINTING RECEIVER**
**TO ALLOW FOR INVOLUNTARY BANKRUPTCY PETITION TO BE FILED**
4
**AGAINST USAIP; SUPPLEMENTAL DECLARATION OF JEFFERY D. HERMANN**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Marc A. Levinson (California Bar No. 57613)    Jeffery D. Hermann (California Bar No. 90445)
    ORRICK, HERRINGTON & SUTCLIFFE              ORRICK, HERRINGTON & SUTCLIFFE
2   LLP                                        LLP
    400 Capitol Mall, Suite 3000               777 South Figueroa Street, Suite 3200
3   Sacramento, California 95814-4497          Los Angeles, California, 90017
    Telephone:    (916) 447-9200               Telephone:    (213) 62-2020
4   Facsimile:    (916) 329-4900               Facsimile:    (213) 612-2499
    Email:    malevinson@orrick.com            Email:    jhermann@orrick.com
5

6   Rob Charles (Nevada Bar No. 6593)          Susan M. Freeman (Arizona Bar No. 4199)
7   LEWIS and ROCA LLP                         LEWIS and ROCA LLP
    3993 Howard Hughes Parkway, Suite 600      40 North Central Avenue, Suite 1900
8   Las Vegas, Nevada 89169                    Phoenix, Arizona 85004-4429
    Telephone:    (702) 949-8320               Telephone:    (602) 262-5756
9   Facsimile:    (702) 949-8321               Facsimile:    (602) 734-3824
    Email:    rcharles@lrlaw.com               Email:    sfreeman@lrlaw.com
10  Pro hac vice application in process        Pro hac vice application in process

11  *Attorneys for Creditors and Interested Parties USA Capital Diversified Trust Deed Fund, LLC
    and the USACM Liquidating Trust*

12

13                  **UNITED STATES DISTRICT COURT**

14        **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

15  Robert A. Russell, an individual,          Case No.  EDCV07-0343 SGL (JCRx)
    Placer County Land Investors, LLC,
16  a California limited liability company,    **Reply to Opposition to Emergency
    and SVRB Investments, LLC, an              Motion For Modification of Order
17  Arizona limited liability company          Appointing Receiver to Allow For
                                               Involuntary Bankruptcy Petition
18                  Plaintiff,                 to be Filed Against USAIP;
                                               Supplemental Declaration of
19        v.                                   Jeffery D. Hermann**

20  USA Investment Partners, LLC, a            Hearing Date:  TBD
    Nevada limited liability company,          Hearing Time:  TBD
21                              Defendant.

22          In their opposition (the "Opposition") to the Emergency Motion For Modification of

23  Order Appointing Receiver to Allow For Involuntary Bankruptcy Petition to be Filed Against USAIP

24  ("Emergency Motion"), Plaintiffs suggest that no emergency exists and that this Court and USAIP's

25  creditors should wait 20 days for the temporary receiver to file a report which "could contain a

26  recommendation" that USAIP be placed into bankruptcy.

27          Movants file this brief reply to make four points:  First, Plaintiffs ignore the fact that

28  Movants acquired the ability to take any action against USAIP only when the joint plan of

reorganization became effective on March 12, 2007.  Movants immediately began diligently preparing for the filing of the involuntary, including lengthy discussions with the US Trustee's office in Las Vegas as to the selection of a trustee with unquestionable abilities and experience to take on a challenge of the size and complexity of USAIP.  Movants could not have done any of this "20 days ago, or for that matter, 6 months ago."  Opposition, page 3, lines 4 and 5.  Plaintiffs fail to mention that their receiver motion was also filed on an ex parte basis – and with absolutely no notice to the constituencies with a far greater stake in the outcome, and whose eight-figure claims Plaintiffs knew to exist.  Were not Plaintiffs in a position to take action 20 days ago or six months ago?

Second, the temporary receiver has no background in the USACM/USAIP debacle, and Movants are concerned about the qualifications of the temporary receiver to effectively deal with the challenge of the task.  Unlike the temporary receiver, however, the professionals that represent the Movants have almost a year's worth of experience in the USACM/USAIP meltdown, having served in fiduciary capacities as officers of the Nevada Bankruptcy Court.  Based in part on such experience, Movants concluded that the interests of the creditors of USAIP are best served by the commencement of a bankruptcy case for USAIP.  Why would Movants (or the Court for that matter) rely upon a recommendation from the temporary receiver with no background whatsoever, who, no matter how talented, will likely not be familiar enough with the situation by the time of the report to even make such a recommendation, when Movants have far superior knowledge of the USACM/USAIP situation?

Third, there is no indication on the Court's docket that the temporary receiver has posted the $500,000 bond required by the Court, has furnished evidence that his company is qualified to do business in California as required by the Court, or that the temporary receiver has filed his acceptance of the receivership and oath of office.  As such, unless such pleadings are filed but not reflected upon the docket, the temporary receiver even now has no authority to act as this Court's receiver.

Fourth, Movants have the strong suspicion that Joseph Milanowski ("Milanowski") is complicit in the effort to obtain a receiver for USAIP and to thereby prevent the Nevada Bankruptcy Court from acquiring jurisdiction over USAIP.  Movants note that Russell is an equity partner with USAIP, whose interests are wholly aligned with USAIP, and likely adverse to the interests of creditors of USAIP in those projects in which both own equity interests.  Movants further note that, according to

1    the docket, USAIP not only failed to oppose the appointment of a receiver, but took the affirmative step

2    of filing a declaration stating USAIP's non-opposition to the appointment of a receiver.  This is in direct

3    contrast to all prior discussions with Joseph Milanowski about the USACM/USAIP debacle wherein Mr.

4    Milanowski insisted, almost as a first order of priority, that he personally retain control of the assets and

5    business and financial affairs of USAIP.  See, Supplemental Declaration of Jeffery D. Hermann,

6    paragraphs 4 and 5, attached hereto.

7                For the above reasons and the reasons set forth in the Motion, Movants respectfully

8    request that the Court grant the Motion of Movants.

9            Respectfully submitted this 30th day of March 2007.

10
11                                LEWIS and ROCA LLP

12                                Rob Charles (Nevada Bar No. 6593)
                                 Susan M. Freeman (Arizona Bar No. 4199)
13                                Pro hac vice applications in process

14                                and

15                                ORRICK, HERRINGTON & SUTCLIFFE LLP

16                                By:

17                                Marc A. Levinson (California Bar No. 57613)
                                 Jeffery D. Hermann (California Bar No. 90445)
18
19
20
21
22
23
24
25
26
27
28

**Supplemental Declaration of Jeffery D. Hermann in Support of Emergency Motion For Modification of Order Appointing Receiver to Allow For Involuntary Bankruptcy Petition to be Filed Against USAIP**

I, Jeffery D. Hermann, hereby declare, verify and state as follows:

1.     I am over the age of 18, am mentally competent, have personal knowledge of the facts that follow, and if called upon to testify thereto, I could and would do so under oath.

2.     I am Of Counsel with Orrick, Herrington & Sutcliffe, LLP ("Orrick"), resident in its office in Los Angeles, California.  Orrick is counsel to the post-Effective Date USA Capital Diversified Trust Deed Fund, LLC.

3.     I make this declaration in support of the Emergency Motion For Modification of Order Appointing Receiver to Allow For Involuntary Bankruptcy Petition to be Filed Against USAIP.

4.     I was personally involved last summer and autumn in many meetings relating to the USACM bankruptcy cases involving Russell Walker, counsel for Joseph Milanowski and USAIP, including several of such sessions involving Mr. Milanowski himself.  At that time, Orrick represented the official committee of investors in the USA Capital Diversified Trust Deed Fund.   The meetings involved negotiations concerning possible structures whereby, among other things, the assets of USAIP would be placed into trust for the benefit of creditors.  Without revealing any of the details of such protected settlement discussions, one of the broad points of disagreement between Mr. Milanowski and the representatives of the other bankruptcy constituencies was Mr. Milanowski's absolute insistence that he retain a great deal of control over the assets of USAIP and the business and financial affairs of USAIP, whereas the estate representatives insisted that such control be exercised by a neutral trustee.

//

//

//

//

//

5.     Based upon my many discussions with Mr. Milanowski and his counsel, I find it not credible to believe that Mr. Milanowski would now consent to the appointment of a receiver for USAIP.

OHS West:26020102.3
1-415046

4

1          I declare under penalty of perjury under the laws of the United States of America that the

2     forgoing is true and correct.

3          Executed this 30th day of March 2007 at Los Angeles, California.

4

5                                              JEFFERY D. HERMANN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:26020102.3
1-415046

5

1

## CERTIFICATE OF SERVICE

2          I, Jeffery D. Hermann, declare:

3    I am a resident of the State of California, am over the age of eighteen years, and am not a party
     to the within action. My business address is 777 South Figueroa Street, Suite 3200, Los Angeles,
4    CA 90017, on March 30, 2007, at 2:__ p.m. Pacific time, I served the following documents in
     the above captioned matter:

5
          **Reply to Opposition to Emergency Motion For Modification of Order Appointing**
6    **Receiver to Allow For Involuntary Bankruptcy Petition to be Filed Against USAIP;**
     **Supplemental Declaration of Jeffery D. Hermann.**

7

8         ☐    By transmitting via facsimile the document(s) listed above to the fax
               number(s) set forth below on this date before 5:00 p.m.
9

10

11        ☐    By placing the document(s) listed above in a sealed envelope with postage
               thereon fully prepaid, in the United States mail at Los Angeles, California
               addressed as set forth on:
12

13

14        ☒    by email:  I transmitted a copy of the document(s) listed above via email to the
               addressee(s).  **(SEE ATTACHED SERVICE LIST)**
15

16

17        ☐    By placing the document listed above via Federal Express to the
               Person('s) at the address(es) set forth below:

18

19        ☐    By hand delivery

20

21        I am readily familiar with the firm's practice of collection and processing
     correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal
22   Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I
     am aware that on motion of the party served, service is presumed invalid if postal cancellation
23   date or postage meter date is more than one day after date of deposit for mailing in affidavit.

24        I declare that I am employed in the office of a member of the bar of this court at
     whose direction the service was made.

25        Executed on March 30, 2007, at Los Angeles, California.

26

27                                           Jeffery D. Hermann

28

OHS West:26020102.3
1-415046

6

1

## SERVICE LIST

2
David S. Kupetz, Esq.                          **E-mail:** dkupetz@sulmeyerlaw.com
Marcus A. Tompkins, Esq.                       **E-mail:** mtompkins@sulmeyerlaw.com

3
SULMEYER KUPETZ
333 S. Hope Street, 35th Floor

4
Los Angeles, CA 90071-1406
*Attorneys for Plaintiffs Robert A. Russell,*

5
*an individual, Placer County Land Investors,*
*LLC, a California limited liability company,*

6
*and SVRB Investments, LLC, an Arizona*
*limited liability company*

7

8
Russell Walker, Esq.                           **E-mail:** rwalker@wklawpc.com
WOODBURY & KESLER
265 E. 100 South, Suite 300

9
Salt Lake city, Utah 84110-3358
*Attorneys for USA Investment Partners, LLC,*

10
*Joseph D. Milanowski and Thomas A. Hantges*

11
Doug Griffith, Esq.                            **E-mail:** DGriffith@Kesler-Rust.com
Kesler & Rust McIntyre Building

12
68 S. Main Street,  2nd Floor
Salt Lake City, Utah 84101

13
*Attorneys for USA Investment Partners, LLC,*
*Joseph D. Milanowski and Thomas A. Hantges*

14

15
Kenneth M. Breen, Esq.                         **E-mail:**  kbreen@fulbright.com
Fulbright & Jaworski, LLP
666 Fifth Avenue, 31st Floor

16
New York, New York 10103-3198
*Counsel for USA Investment Partners, LLC*

17

18
David Chesnoff, Esq.                           **E-mail:** emilano@gcklaw.com
Chesnoff & Schonfeld, APC
520 S. Fourth Street

19
Las Vegas, Nevada 89101-6593
*Attorneys for Thomas A. Hantges*

20

21
Richard Holdaway                               **E-mail:** robbinsholdaway@earthlink.nete
Robbins & Holdaway                             **E-mail:** robbinsholdaway@earthlink.net
201 West F Street

22
Ontario, CA 91762
*Attorneys for USA Investment Partners, LLC,*

23
*Joseph D. Milanowski and Housing Partners, LLC*

24

25
NOTE THAT NEITHER EMAIL ADDRESS FOR MR. HOLDAWAY WORKED DESPITE
THE FACT THAT THE FIRST ADDRESS WAS COPIED FROM HIS FIRM'S WEBSITE

26
AND THE SECOND ADDRESS WAS COPIED FROM THE STATE BAR WEBSITE.  A
COPY OF THE PLEADINGS IS NOW BEING SERVED BY MESSENGER OR OVERNIGHT

27
MAIL, AND A SUBSEQUENT CERTIFICATE OF SERVICE WILL BE FILED.

28

OHS West:260204889.4
18994-2 JDH

1

**EXHIBIT F**

2

**OPPOSITION TO EMERGENCY MOTION FOR MODIFICATION OF ORDER**
**APPOINTING RECEIVER TO ALLOW FOR INVOLUNTARY BANKRUPTCY**
**PETITION TO BE FILED AGAINST USAIP**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Russell S. Walker, Utah Bar No. 3363
David R. Williams, Utah Bar No. 6686
Anthony M. Grover, Utah Bar No. 10426
WOODBURY & KELSER, P.C.
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT 84111
Telephone: (801) 364-1100
Facsimile: (801) 359-2320
Email: rwalker@wklawpc.com

Richard E. Holdaway
ROBBINS & HOLDAWAY
201 West F Street
Ontario, California 91762
Telephone: (909) 391-9000
Facsimile: (909) 391-9117

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| Robert A. Russell, individual, Placer County Land Investors, LLC, a California limited liability company, and SVRB Investments, LLC, an Arizona limited liability company<br><br>Plaintiffs,<br><br>vs.<br><br>USA Investment Partners, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No.: EDCV07-0343 SGL (JCRx)<br><br>**USA INVESTMENT PARTERS, LLC'S OPPOSITION TO USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC AND THE USACM LIQUIDATING TRUST'S EMERGENCY MOTION FOR MODIFICATION OF ORDER APPOINTING RECEIVER TO ALLOW FOR INVOLUNTARY BANKRUPTCY PETITION TO BE FILED AGAINST USAIP** |

USA Investment Partners, LLC ("USAIP") submits the following Opposition to USA Capital Diversified Trust Deed Fund, LLC ("Diversified") and the USACM Liquidating Trust's ("USACM")(collectively the "Movants") Emergency Motion for Modification of Order Appointing Receiver to Allow for Involuntary Bankruptcy Petition to be Filed against USAIP ("Motion to Modify").

## INTRODUCTION

This Court should deny the Movants' Motion to Modify where the modification it seeks would eviscerate the Temporary Receiver's ability to preserve USAIP's assets and effectively and efficiently administer USAIP's estate. The Ninth Circuit has expressly held

WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Tel: (801) 364-1100  Fax: (801) 359-2320

1   that the primary purpose of equity receiverships is to promote the orderly and efficient

2   administration of an estate for the benefit of creditors.   The Movants' Motion to Modify,

3   however, seeks not to advance the orderly and efficient administration of USAIP's estate,

4   but rather, to protect their own interests at the detriment of USAIP, its creditors, the

5   Receiver, and this Court's jurisdiction.

6           The Movants seek modification of this Court's Order Appointing Richard A. Block

7   of the Waverton Group, LLC as the Temporary Receiver (the "Receiver") of USAIP so that

8   Movants may file an involuntary chapter 11 bankruptcy petition against USAIP in the

9   United States Bankruptcy Court for the District of Nevada and seek the appointment of an

10  interim trustee.   Specifically, Movants contend that this Court's Order Appointing Receiver

11  should be modified so as to: (1) allow the Movants to commence and prosecute an

12  involuntary bankruptcy petition against USAIP or its entities; (2) allow the Movants to

13  commence or continue any adversary proceedings or other litigation against or involving

14  USAIP in the Nevada Bankruptcy Court; (3) allow the appointment of an interim trustee or

15  permanent bankruptcy trustee for USAIP or its entities; (4) allow a bankruptcy trustee to

16  take possession, custody, and control of USAIP's business and financial affairs; and (5)

17  provide that this Court's Receiver Order shall not preclude the Nevada Bankruptcy Court

18  from considering and ruling upon any and all of the aforementioned matters.

19          USAIP contends that these modifications would undermine the purposes of

20  appointing the Receiver in this case where it would result in jurisdictional disputes between

21  this Court and the Nevada Bankruptcy Court as well as a struggle for control over USAIP's

22  assets between this Court's appointed Receiver and a bankruptcy trustee appointed by the

23  Nevada court.  The result of this confusion and conflict would be an impossible

24  administration of the estate accompanied by the depletion of USAIP's assets, the very

25  outcome the appointment of the Receiver seeks to avoid.  Accordingly, USAIP contends that

26  Movants' Motion to Modify undermines the purpose of a receivership and should therefore

27  be denied

28

**STATEMENT OF RELEVANT FACTS**

1.        USAIP is a limited liability company registered under the laws of the state of Nevada.  USAIP's members include: Joseph D. Milanowski ("Milanowski") and Thomas A. Hantges ("Hantges").

2.        While USAIP is a Nevada corporation, its primary assets are located within the State of California.   Those assets are summarized as follows: (a) 50% membership interest in Asbhy USA, LLC, a California corporation, which owns real property located in the City of Temecula in southwest Riverside County, California; (b) 50% membership interest in Capital Land Investors, LLC and Random Development, LLC, California corporations, which own real property located in Riverside County, California; (c) 50% membership in Oak Mesa Investors, LLC and Buffalo Land Development, LLC which own real property in Calimesa, California; (d) 88% controlling interest in Placer County Land Investors, LLC, which owns property in Placer County, California; (e) 70% membership interest in Bundy Canyon Land Development, LLC, a California corporation, which owns real property in Riverside, California; (f) 100% membership interest in USA Investors VI, LLC, which owns property in Palm Springs, California; (g) 55% membership interest in Phillips USA, LLC which owns property in California; (h) 100% membership interest in Tree Moss, LLC, a California corporation, which owns real property in Palm Springs, California; and (i) 50% membership interest in Happy Valley, LLC which owns real property located in Palm Springs, California.[1]

3.        Currently, entities related to USAIP are the subject of bankruptcy proceedings (the "Bankruptcy Cases") pending in the United States Bankruptcy Court for the District of Nevada.  Those entities include" USA Commercial Mortgage Company, USA Capital Realty Advisors, LLC, USA Securities, LLC, USA Capital First Trust Deed Fund, LLC, and USA Capital Diversified Trust Deed Fund, LLC.

---

[1] A more detailed description of USAIP's holdings is set forth in the Declaration of Robert A. Russell in Support of Ex Parte Application for (1) Appointment of Temporary Receiver, (2) Temporary Restraining Order, (3) Other Equitable Relief, and (4) Order to Show Cause Why a Permanent Receiver Should Not be Appointed and a Preliminary Injunction Should Not Issue.

WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Tel: (801) 364-1100  Fax: (801) 359-2320

WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Tel: (801) 364-1100   Fax: (801) 359-2320

4.     The Bankruptcy Cases were filed on April 13, 2006, and have not resulted in any beneficial settlements, compromises, or agreements between the debtors, committees, legions of investors, and USAIP. In fact, the plan of reorganization took over $40 million from investors to fund the Liquidation Trustee and other pre and post-confirmation actions.

5.     To date, the attorneys for the creditors and their committees have drained nearly $30 million in attorneys fees and costs from the debtors' assets.

6.     On March 23, 2007, Robert A. Russell, Placer County Land Investors, LLC, and SVRB Investments, LLC (collectively the "Creditors"), filed an Ex Parte Application for (1) Appointment of Temporary Receiver, (2) Temporary Restraining Order, (3) Other Equitable Relief, and (4) Order to Show Cause Why a Permanent Receiver Should Not be Appointed and a Preliminary Injunction Should Not Issue ("Application for Receiver") with this Court.

7.     The Creditors filed their Application for Receiver in the hopes of avoiding the very delay, waste, and inefficiencies which riddled the Bankruptcy Cases.

8.     On March 27, 2007, USAIP filed a Declaration of Non-Opposition to the Application for Receiver wherein USAIP agreed that appointment of a receiver by this Court would be in the best interests of USAIP and its creditors.

9.     On March 27, 2007, this Court signed the Creditors' Proposed Order Appointing Temporary Receiver, Temporary Restraining order and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue and a Permanent Receiver Should Not Be Appointed ("Order Approving Receiver").

10.     The Order Approving Receiver appointed Richard A. Block of the Waverton Group, LLC as the Temporary Receiver over USAIP and its assets. This Court vested the Receiver with authority to take immediate control of USAIP and its assets to hold *in custodia legis*.

11.     This Court granted numerous powers to the Receiver so that he can effectively and efficiently administer USAIP and its assets.  Some of those powers include: (1) immediate control of the Receivership Estate, **to the exclusion of all others**; (2) control over the Estate to maximize the value and prevent diminution of the value of the Receivership Estate; and (3) institute such legal actions as the Receiver deems reasonably necessary to collect accounts and debts, protect the Property, and to recover possession of the Property of USAIP. (emphasis added).

12.     This Court's Order Approving Receiver also enjoined any person, entity, or agency from collecting property of USAIP and otherwise interfering with the operation of the Receivership Estate or the Receiver's exercise of his power.  This Court also stayed all actions that purport to seek equitable relief against the Receivership Estate or the Receiver regardless of venue or jurisdiction.  Moreover, the Order stayed all civil litigation proceedings, wherever located, to the extent such actions and proceedings interfere with this Court's exclusive control over USAIP or any of its assets, and all courts having any jurisdiction thereof are enjoined from taking or permitting any action until order of this Court.

13.     On March 29, 2007, USA Capital Diversified Trust Deed Fund, LLC and the USACM Liquidating Trust (the "Movants") filed an Emergency Motion for Modification of this Court's Order Appointing Receiver.  In their Motion to Modify, the Movants contend that they were poised to file an involuntary chapter 11 bankruptcy petition against USAIP in the Nevada Bankruptcy Court.  The Movants contend that even as undersecured creditors of USAIP, they are entitled to disregard the appointment of the Receiver and to pursue their involuntary bankruptcy petition.

14. Specifically, Movants' Motion to Modify seeks the following modifications to this Court's Order Appointing Receiver: (1) allow the Movants to commence and prosecute an involuntary bankruptcy petition against USAIP or its entities; (2) allow the Movants to commence or continue any adversary proceedings or other litigation against or involving USAIP in the Nevada Bankruptcy Court; (3) allow the appointment of an interim trustee or permanent bankruptcy trustee for USAIP or its entities; (4) allow a bankruptcy trustee to take possession, custody, and control of USAIP's business and financial affairs; and (5) provide that this Court's Receiver Order shall not preclude the Nevada Bankruptcy Court from considering and ruling upon any and all of the aforementioned matters

## ARGUMENT

The Movants' Motion to Modify should be denied where the relief it seeks would undermine the purposes for appointing the Receiver in this case by frustrating the Receiver and this Court's orderly and efficient administration of USAIP's estate. The Ninth Circuit has consistently held that the "primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." SEC v. Hardy, 803 F.2d 1034, 1038 (9th Cir. 1986). Moreover, the Ninth Circuit has held that where a creditor seeks the appointment of a receiver and the debtor does not object, such appointment by the district court is proper. Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1242 (9th Cir. 1995).

In this case, the Creditors filed their Application for Receiver out of fear that assets of USAIP are at risk of being diminished so long as USAIP remains under the control of Milanowski and Hantges. More specifically, the Creditors contend that USAIP's failure to meet certain financial commitments has placed the Creditors in "dire financial straits" and

facing "imminent and irreparable harm." The Creditors have contended that appointment of a receiver, and the subsequenty removal of USAIP's day-to-day operations from Milanowski and Hantges, will afford them the opportunity to procure substitute financing to continue with their development projects and maximizing the return to creditors on their claims.

This Court's Order Approving Receiver vested the Receiver with the powers and authorities necessary to carry out the Ninth Circuit's mandate that an equity receivership promote the orderly and efficient administration of the estate for the benefit of creditors. SEC v. Hardy, 803 F.2d at 1038. The Order Approving Receiver facilitates the marshalling of USAIP's assets free of delay or dispute by allowing the Receiver to take immediate possession of USAIP and all of its assets. Furthermore, the Order prudently enjoins all actions that seek equitable relief against the Receiver or the Receivership estate regardless of venue or jurisdiction so that the Receiver and this Court may administer USAIP and its assets without conflicts from competing creditors or courts. Additionally, the Order enjoins all civil legal proceedings wherever located to the extent that such actions interfere with this Court's exclusive control over USAIP and its assets. In short, this Court's Order arms the Receiver with the powers and authorities necessary to efficiently administer USAIP's estate for the benefit of USAIP and its creditors.

The Movants' Motion to Modify, however, seeks to strip the Receiver of his control over USAIP, as well as this Court's jurisdiction over the USAIP estate, and replace it with a dual system of governance which would be grossly inefficient at best and utterly chaotic at worse. Specifically, Movants seek modification of this Court's Order Appointing Receiver so that they may: (1) proceed with an involuntary chapter 11 bankruptcy petition against

WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Tel: (801) 364-1100  Fax: (801) 359-2320

USAIP or any entities directly or indirectly owned or controlled by USAIP; (2) commence or continue any adversary proceeding or other litigation against or involving USAIP or any of its entities; (3) seek the appointment of an interim trustee or a permanent bankruptcy trustee for USAIP or its entities; (4) allow said bankruptcy trustee the right to take possession, custody, and control of the business and financial affairs of USAIP and its assets; and (5) allow the Nevada Bankruptcy Court the right to consider and rule upon any of the above matters. USAIP contends that each of these modifications essentially eviscerates the Receivership and replaces it with a chapter 11 bankruptcy proceeding.

First, allowing the Movants to proceed with their involuntary chapter 11 bankruptcy petition would lead to a conflict between the Receiver and a bankruptcy trustee over control of USAIP, its assets, and how best to administer USAIP for the benefit of creditors. Movants proceed under the misguided fiction that even with the appointment of a bankruptcy trustee, be it interim or permanent, the Receiver can still "exercise as much control over USAIP as he is able to do," which is to say that the Receiver may exercise as much control over USAIP as the Movants' chosen bankruptcy trustee will allow. The Movants' proposed modification allows for a bankruptcy trustee to take possession and control over USAIP and its assets, yet void from this modification is any plan for how the Receiver and trustee would work together and how control over USAIP and its assets would be determined.

Furthermore, Movants assert that an interim trustee is necessary in order to navigate USAIP's complex web of assets and liabilities. However, USAIP contends that the Receiver is not only competent and able to sift through the numerous entities and assets associated with USAIP, but that the Receiver is necessary in order to avoid the web of dysfunction,

WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Tel: (801) 364-1100  Fax: (801) 359-2320

conflict, and waste associated with the Bankruptcy Cases. The administration of the Bankruptcy Cases has been fraught with conflicts of interest, self-serving tactics, and the resultant waste of the debtors' assets. Ultimately, modifying the Order to allow the Movants to proceed with their chapter 11 bankruptcy petition would infect this case with the same problems and inefficiencies which currently plague the Bankruptcy Cases. Accordingly, USAIP contends the Receiver is necessary to efficiently administer USAIP's assets and escape the pitfalls which riddle the Bankruptcy Cases.

Second, the Movants' modification would strip this Court of sole jurisdiction over USAIP and its assets as contemplated by the Order Approving Receiver. Movants seek to vest the Nevada Bankruptcy Court with the authority to consider and rule upon any matter related to an involuntary chapter 11 bankruptcy, any related adversary proceedings or litigation against USAIP and its related entities, the appointment of an interim trustee, the appointment of a permanent trustee, and the trustee's seizure of USAIP and its assets. USAIP contends that vesting such authority with the Nevada Bankruptcy Court would strip this Court of its authority to administer the estate and would create a dual system of governance where neither court was assured finality of its orders, thereby rendering administration of the USAIP estate impossible.

The Ninth Circuit has been clear that a receivership's purpose is to promote an orderly and efficient administration of an estate for the benefit of creditors. The Movants' proposed modifications not only frustrate that purpose but completely undermines it. Movants seek to replace the clear authority and sole jurisdiction of the Receiver and this Court with a muddled system where no one party or court has exclusive control over USAIP, its assets, or the decisions relating to its administration. Accordingly, the Movants'

1   Motion to Modify should be denied.

2   **CONCLUSION**

3       For the foregoing reasons, USAIP opposes the Movants' Motion to Modify and asks

4   this Court to deny said Motion and affirm its Order Appointing Temporary Receiver.

5       DATED this 30th day of March, 2007.

6

7       **WOODBURY & KELSER, P.C.**

8

9   Russell S. Walker, Utah Bar No. 3363
    David R. Williams, Utah Bar No. 6686
    Anthony M. Grover, Utah Bar No. 10426
10  WOODBURY & KELSER, P.C.
    265 East 100 South, Suite 300
11  P.O. Box 3358
    Salt Lake City, UT 84111
12
    and
13
    Richard E. Holdaway
14  ROBBINS & HOLDAWAY
    201 West F Street
15  Ontario, California 91762
    Telephone: (909) 391-9000
16  Facsimile: (909) 391-9117

17  Attorneys for Defendant USA Investment
    Partners, LLC

18

19

20

21

22

23

24

25

26

27

28

WOODBURY & KELSER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Tel: (801) 364-1100  Fax: (801) 359-2320

**PROOF OF SERVICE**

I do hereby certify that I caused to be mailed, via email or electronic transmission, a true and correct copy of the foregoing **USA INVESTMENT PARTERS, LLC'S OPPOSITION TO USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC AND THE USACM LIQUIDATING TRUST'S EMERGENCY MOTION FOR MODIFICATION OF ORDER APPOINTING RECEIVER TO ALLOW FOR INVOLUNTARY BANKRUPTCY PETITION TO BE FILED AGAINST USAIP** on this 30th day of March, 2007 to the following:

David S. Kupetz
Marcus A. Tompkins
SULMEYER KUPETZ
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071
Email: dkupetz@sulmeyerlaw.com
       mtompkins@sulmeyerlaw.com

Marc A. Levinson
Jeffery D. Hermann
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California 85914-4497
Email: malevinson@orrick.com
       jhermann@orrick.com

Rob Charles
Susan M. Freeman
LEWIS & ROCA, LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Email: rcharles@lrlaw.com
       sfreeman@lrlaw.com

Jack M. Tanner
FAIRFIELD & WOODS, P.C.
Wells Fargo Center, Suite 2400
1700 Lincoln Street
Denver, Colorado 80203-4524
Email: jtanner@fwlaw.com

Richard A. Block
WAVERTON GROUP, LLC
4101 East Louisiana Avenue, Suite 300
Denver, Colorado 80426
Email: rblock@xpn.com

WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Tel: (801) 364-1100  Fax: (801) 359-2320

-11-

1

**EXHIBIT G**

2

**ORDER ON APPLICATION FOR HEARING ON SHORTENED TIME FOR**

3

**EMERGENCY MOTION FOR MODIFICATION OF ORDER APPOINTING RECEIVER TO ALLOW FOR INVOLUNTARY BANKRUPTCY PETITION TO BE FILED**

4

**AGAINST USAIP**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| 1 | Marc A. Levinson (California Bar No. 57613)<br>ORRICK, HERRINGTON & SUTCLIFFE<br>LLP | Jeffery D. Hermann (California Bar No. 90445)<br>ORRICK, HERRINGTON & SUTCLIFFE<br>LLP |
| 2 | |
| 3 | 400 Capitol Mall, Suite 3000<br>Sacramento, California 95814-4497 | 777 South Figueroa Street, Suite 3200<br>Los Angeles, California, 90017 |
| 4 | Telephone:    (916) 447-9200<br>Facsimile:    (916) 329-4900 | Telephone:    (213) 62-2020<br>Facsimile:    (213) 612-2499 |
| 5 | Email:    malevinson@orrick.com | Email:    jhermann@orrick.com |

1   Marc A. Levinson (California Bar No. 57613)
    ORRICK, HERRINGTON & SUTCLIFFE
2   LLP
    400 Capitol Mall, Suite 3000
3   Sacramento, California 95814-4497
    Telephone:    (916) 447-9200
4   Facsimile:    (916) 329-4900
    Email:    malevinson@orrick.com
5

    Jeffery D. Hermann (California Bar No. 90445)
    ORRICK, HERRINGTON & SUTCLIFFE
    LLP
    777 South Figueroa Street, Suite 3200
    Los Angeles, California, 90017
    Telephone:    (213) 62-2020
    Facsimile:    (213) 612-2499
    Email:    jhermann@orrick.com

6
7   Rob Charles (Nevada Bar No. 6593) (Pro Hac
    Vice in process)
8   LEWIS AND ROCA, LLP
    3993 Howard Hughes Parkway, Suite 600
9   Las Vegas, Nevada 89169
    Telephone:    (702) 949-8320
10  Facsimile:    (702) 949-8321  Email:
    rcharles@lrlaw.com

    Susan M. Freeman (Arizona Bar No. 4199) (Pro
    Hac Vice in process)
    LEWIS AND ROCA, LLP
    40 North Central Avenue, Suite 1900
    Phoenix, Arizona 85004-4429
    Telephone:    (602) 262-5756
    Facsimile:    (602) 734-3824
    Email:    sfreeman@lrlaw.com

11  *Attorneys for Creditors and Interested Parties USA Capital Diversified Trust Deed Fund,*
12  *LLC and the USACM Liquidating Trust*

13                    **UNITED STATES DISTRICT COURT**

14          **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

15  Robert A. Russell, an individual,
    Placer County Land Investors, LLC,
16  a California limited liability company,
    and SVRB Investments, LLC, an
17  Arizona limited liability company

18                    Plaintiff,

19          v.

20  USA Investment Partners, LLC, a
    Nevada limited liability company,
21                              Defendant.

Case No.  EDCV07-0343 SGL (JCRx)

**[Proposed] Order on Application
for Hearing on Shortened Time
for Emergency Motion For
Modification of Order Appointing
Receiver to Allow For Involuntary
Bankruptcy Petition to be Filed
Against USAIP**

22  Hearing Date:
23  Hearing Time:

    Courtroom #1

24

25          Upon the Application of USA Capital Diversified Trust Deed Fund, LLC ("Diversified")

26  and the USACM Liquidating Trust (together with Diversified, "Movants") for an order setting an

27  expedited hearing on their Emergency Motion For Modification of Order Appointing Receiver to

28

OHS West:260204917.1
18994-2 JDH

Page 1

Allow For Involuntary Bankruptcy Petition to be Filed Against USAIP ("Motion"), good cause appearing, IT IS HEREBY ORDERED:

1.  Hearing on the Motion is hereby set for _____4/4/07_____, 2007, at the time of _1:30 pm_ in United States District Court, Courtroom #1 at 3470 Twelfth Street, Riverside, California.

2.  Any opposition shall be due ~~at the time of the hearing.~~ *on* 4/3/07.

3.  Movants shall provide to counsel for Plaintiffs and to counsel for Defendant (i) telephonic notice of such hearing no later than _5_ o'clock, _P_.m. on _3/30_, 2007; and (ii) a copy of this Order by facsimile or scanning and email no later than one hour after such time.

4.  To the extent that Movants have not already provided counsel for Plaintiffs and counsel for Defendant with a copy of the Motion, Movants shall do so by personal delivery, facsimile or by scanning and email, no later than _5_ o'clock, _P_.m. on _3/30_, 2007, or, if by overnight courier, in the case of counsel for Defendant, by _4/2_, 2007. *at Noon.*

Ordered this _30th_ day of March 2007.

UNITED STATES DISTRICT COURT

By: _____
Stephen G. Larson
United States District Court Judge

**STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE**

Presented by:

LEWIS AND ROCA AND
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
Jeffery D. Hermann

OHS West:260204917.1
18994-2 JDH

Page 2