

**KIRBY & McGUINN**
A PROFESSIONAL CORPORATION

LEONARD J. ACKERMAN
JANA LOGAN
MARTIN T. McGUINN
KENNETH C. NOORIGIAN
CHERYL EDWARDS TANNENBERG

600 B STREET, SUITE 1950
SAN DIEGO, CA 92101-4515
HTTP://WWW.KIRBYMAC.COM

DEAN T. KIRBY, JR.
VOICE: 619.525-1652
FAX:    619.525-1651
E-MAIL: DKIRBY@KIRBYMAC.COM

March 2, 2007

**VIA E-MAIL**
George A. Davis
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

> Re:   *In re USA Commercial Mortgage Co.*
>       *Case No. BK-S-06-10725 LBR*
>       *United States Bankruptcy Court, District of Nevada*

Dear Mr. Davis:

I write on behalf of our client Vindrauga Corporation to notify your client Compass Partners, LLC that a majority in excess of 51% in interest of the Direct Lenders have elected to substitute Vindrauga as the new loan servicer, as to the loan commonly known as "Fiesta Oak Valley."

Attached are two documents provided by our client. One is the form of Designation of Servicing Agent and attached signature pages bearing the signatures of each Direct Lender. The other is a list of all Direct Lenders who have thusfar signed the form.

Very truly yours,

Dean T. Kirby, Jr.
I am the author of this
document
2007.03.02 14:22:31
-08'00'

Dean T. Kirby, Jr.

cc:   Annette W. Jarvis
      Gerald M. Gordon
      Frank A. Merola
      Howard Justus

FiestaOakValleyVoting

| Title | Investment | Percent Owner |
|---|---|---|
| Debt Acquisition Company of America V, LLC | $3,490,000 | 17.02% |
| Gloria W. Handelman and Jim Handelman, wife and husband, as joint tenants with the right of survivorship | $800,000 | 3.90% |
| Daryl D. Thompson Trustee of the Thompson 1993 Trust dated 1/26/93 | $550,000 | 2.68% |
| Judith L. Fountain Trustee of the Judith L. Fountain Irrevocable Trust dated 08/26/97 | $250,000 | 1.22% |
| James Feeney Trustee of the E & M Hardware Profit Sharing Plan | $200,000 | 0.98% |
| William D. Wickand & Victoria R. Wickand, husband & wife, as joint tenants with right of survivorship | $200,000 | 0.98% |
| Michael Percy & Carol Percy Trustees of the Percy Family Trust U/A 9/28/99 | $150,000 | 0.73% |
| Perlman Investment Partners, L.P., a California limited partnership | $150,000 | 0.73% |
| Sovereign Capital Advisors, LLC, a Nevada limited liability company | $150,000 | 0.73% |
| First Savings Bank Custodian For Edward Burgess IRA | $130,000 | 0.63% |
| First Savings Bank Custodian For Lynn Fetterly IRA | $125,000 | 0.61% |
| Paul Hargis & Susan Gail Hargis, husband & wife, as joint tenants with right of survivorship | $125,000 | 0.61% |
| Robert S. Speckert Trustee of the Robert S. Speckert Rev. Living Trust dated 6/11/92 | $125,000 | 0.61% |
| Gareth A. R. Craner Trustee of The Gareth A. R. Craner Trust Dtd 6/01/02 | $120,000 | 0.59% |
| Robert D. Phillips, an unmarried man | $120,000 | 0.59% |
| Ruth A. Kuester Trustee of the Ruth A. Kuester Trust dated 1/29/91 | $115,000 | 0.56% |
| Robert L. Allgeier & Donna L. Allgeier Trustees of the R. L. Allgeier Family Trust dated 10/4/97 | $105,000 | 0.51% |
| Athanasios N. Iordanou & Rebecca Iordanou, husband & wife, as joint tenants with right of survivorship | $100,000 | 0.49% |
| Bert E. Amlund Trustee of the Bert E. Amlund Charitable Remainder Unitrust dated 12/31/01 | $100,000 | 0.49% |
| California National Bank custodian for benefit of the Jay S. Stein IRA | $100,000 | 0.49% |
| Deane Albright & Casey Persing Trustees of the Albright Persing & Associates Profit Sharing Plan | $100,000 | 0.49% |
| Donald W. Cook Trustee of the Donald W. Cook Trust | $100,000 | 0.49% |
| Frederick W. Kewell II, Trustee of the Barbara J. Kewell Trust dated 7/18/89 | $100,000 | 0.49% |
| Herbert Slovis, a single man & Julie B. Slovis, a single woman as joint tenants with right of survivorship | $100,000 | 0.49% |
| Judy S. Young, an unmarried woman | $100,000 | 0.49% |
| Marguerite Falkenborg Trustee of the Marguerite Falkenborg 2000 Trust dated 6/20/00 | $100,000 | 0.49% |
| Monighetti, Inc., a Nevada corporation | $100,000 | 0.49% |
| Rachel Riehle, an unmarried woman | $100,000 | 0.49% |
| Sierra Eye Associates Profit Sharing Plan | $100,000 | 0.49% |
| Stephen B. Polacheck Trustee of the Polacheck & Associates, Inc. Profit Sharing Plan dated 2/20/73 | $100,000 | 0.49% |
| William T. McHugh | $100,000 | 0.49% |
| Harry B. McHugh Trustee of the Harry B. McHugh Revocable Trust dated 3/12/01 | $90,000 | 0.44% |
| Nicholas Perrone Trustee of the Nicholas Perrone Trust dated 7/12/99 | $90,000 | 0.44% |
| Bill Penn & Isa Penn Trustees of the Penn Family Trust dated 1/20/90 | $87,000 | 0.42% |

Page 1

FiestaOakValleyVoting

| | | |
|---|---|---|
| First Trust Co. Of Onaga Custodian For Brenda Hig h IRA | $82,000 | 0.40% |
| Howard C. Sayler & Phyllis L. Sayler Trustees of the Sayler Family Trust dated 9/2/98 | $75,000 | 0.37% |
| Robert A. Susskind, an unmarried man | $75,000 | 0.37% |
| Steven G. Sapoum a married man dealing with his sole & separate property | $65,000 | 0.32% |
| Arthur B. Moore, an unmarried man | $60,000 | 0.29% |
| Bert A. Stevenson Trustee of the Dalton Trust dated 1/7/94 | $60,000 | 0.29% |
| Donald E. Virts & Patricia Virts Trustees of the Virts Revocable Living Trust | $60,000 | 0.29% |
| Tomie S. Ford, an unmarried woman | $60,000 | 0.29% |
| Sam Costanza Trustee of the Costanza 1987 Survivor's Trust dated 3/12/87 | $55,500 | 0.27% |
| Bay Area Capital, LLC, an Oregon limited liability company | $55,000 | 0.27% |
| Annie Omaye & Stanley Omaye Trustees of the Omaye 1990 Trust | $50,000 | 0.24% |
| B.E.A. Family, Inc., a Nevada corporation | $50,000 | 0.24% |
| Benedict E. Urban & Roselyn N. Urban Trustees of The Benedict E. Urban & Roselyn N. Urban Family Trust dated 2/ | $50,000 | 0.24% |
| Charles Lebron Parker & Mary Jane Parker, husband & wife, as joint tenants with right of survivorship | $50,000 | 0.24% |
| Clawiter Associates, LLC, a California limited liability company | $50,000 | 0.24% |
| Cynthia G. Davis Trustee of the Cynthia G. Davis Living Trust | $50,000 | 0.24% |
| Dale J. McMullan Trustee of the McMullan Living Trust dated 8/19/94 | $50,000 | 0.24% |
| Daniel D. Newman Trustee of the Daniel D. Newman Trust dated 11/1/92 | $50,000 | 0.24% |
| David M. Thatcher, a single man | $50,000 | 0.24% |
| David Rosner Trustee of the David Rosner Revocable Trust dated 1/5/05 | $50,000 | 0.24% |
| Denise L. Barzan, a married woman dealing with her sole & separate property & Barbara Snelson, a married woman c | $50,000 | 0.24% |
| Douglas Minter & Elizabeth F. Minter Trustees of the Minter Family 1994 Trust | $50,000 | 0.24% |
| Edwin L. Snelson & Barbara Snelson, husband & wife, as joint tenants with right of survivorship | $50,000 | 0.24% |
| Eric C. Disbrow Trustee of the Eric C. Disbrow MD Inc. Profit Sharing Plan | $50,000 | 0.24% |
| Eric S. Perlman, an unmarried man | $50,000 | 0.24% |
| Erna D. Grundman, an unmarried woman & Joanne M. Grundman, a single women, as joint tenants with right of survi | $50,000 | 0.24% |
| First Savings Bank Custodian For Bobbie Marrs IRA | $50,000 | 0.24% |
| First Savings Bank Custodian For Harvey Alderson IRA | $50,000 | 0.24% |
| First Trust Co. Of Onaga Custodian for Hamilton High IRA | $50,000 | 0.24% |
| J V Marrone Trustee for the benefit of The J V Marrone Revocable Trust dated 12/12/95 | $50,000 | 0.24% |
| James C. Still, a married man dealing with his sole & separate property | $50,000 | 0.24% |
| James H. Lidster & Phyllus M. Lidster Trustees of the James H. Lidster Family Trust dated 1/20/92 | $50,000 | 0.24% |
| James W. Forsythe & Earlene M. Forsythe, husband & wife, as joint tenants with right of survivorship | $50,000 | 0.24% |
| John M. Luongo & Gloria Luongo, husband & wife, as joint tenants with right of survivorship and payable on death to S | $50,000 | 0.24% |
| Joseph Sterling & Theresa Sterling Trustees of the Sterling Family Trust dated 6/14/02 | $50,000 | 0.24% |
| June Cook Trustee of the Alvin Broido Marital Trust U/A dated 4/24/72 | $50,000 | 0.24% |
| K. Ken Kaneda & Brigitte Arend-Kaneda Trustees of the Kaneda Living Trust dated 5/30/02 | $50,000 | 0.24% |

Page 2

FiestaOakValleyVoting

| | | |
|---|---|---|
| Kenneth R. Greene & N. Dean Greene, husband & wife, as joint tenants with right of survivorship | $50,000 | 0.24% |
| Larry E. Colborn & Loretta A. Colborn Trustees for the Colborn Revocable Living Trust dated 8/6/90 | $50,000 | 0.24% |
| Marie A. Maki & Raymond E. Maki, husband & wife, as joint tenants with right of survivorship | $50,000 | 0.24% |
| Martin L. Manning, a married man dealing with his sole & separate property | $50,000 | 0.24% |
| Paul Fedrizzi & Jane E. Fedrizzi, husband & wife, as joint tenants with right of survivorship | $50,000 | 0.24% |
| Randi E. McHugh | $50,000 | 0.24% |
| Robert A. Schell & Ruth M Schell Trustees of the Schell Family Trust dated 8/21/92 | $50,000 | 0.24% |
| Robert Levy & Renee Levy Trustees of the RNR Living Trust dated 10/1/04 | $50,000 | 0.24% |
| Ronald K. Montesano Trustee for the benefit of The Underpass Trust | $50,000 | 0.24% |
| Ronald W. Harford and Dora D. Harford Trustees of the Harford Family Trust dated 10/15/1993 | $50,000 | 0.24% |
| Russell M. Blood & Judy A. Blood Trustees of the Blood Family Trust dated 5/18/99 | $50,000 | 0.24% |
| Sam Costanza, Trustee of The Costanza 1987 Decedent's Trust | $50,000 | 0.24% |
| Saul Roisentul & Ilene Roisentul Trustees of the Roisentul Family Trust | $50,000 | 0.24% |
| Sidney L. Larson & Ruth Ann Larson Trustees of the Larson Family Trust dated 6/19/94 | $50,000 | 0.24% |
| Sierra West, Inc., a Nevada corporation | $50,000 | 0.24% |
| Suzanne M. Halvorson Trustee of the Suzanne M. Halvorson Trust dated 3/21/03 | $50,000 | 0.24% |
| Sylvia M. Good Successor Trustee under the Sylvia M. Good Survivor's Trust established under the Sam Good Family | $50,000 | 0.24% |
| Thalia Nicholas Routsis Trustee of the Thalia Routsis Family Trust dated 7/24/90 | $50,000 | 0.24% |
| Tracy A. DeBerry, an unmarried man | $50,000 | 0.24% |
| V. R. Marrone & Reba F. Marrone Trustees of the V. R. & Reba F. Marrone Trust dated 10/22/01 | $50,000 | 0.24% |
| William Bolding & Carolyn Bolding, husband & wife, as joint tenants with right of survivorship | $50,000 | 0.24% |
| **Grand Total** | **$11,719,500** | **57.17%** |

Page 3

## DESIGNATION OF SERVICING AGENT

The undersigned, «Title» (who is referred to in this Designation as the "Lender") is the holder of a beneficial interest in the amount of $«SumOfINVESTMENT» under that certain Deed of Trust dated June 15, 2004 executed by Oak Mesa Investors, LLC, Trustor, to Orange Coast Title Company, Trustee, and recorded as Instrument No. 04-467495 on June 17, 2004, Official Records of Riverside County, State of California, and recorded on June 18, 2004 as Instrument No. 04-435051 in the Official Records of San Bernardino County, State of California (which is referred to in this Designation as the "Trust Deed"). The Trust Deed encumbers property described in Exhibit B attached to this document (the Property). The debt secured by the Trust Deed is referred to in this Designation as the "Loan."

The undersigned Lender is also a party to the Loan Servicing Agreement between Lender and USA Commercial Mortgage Company (hereinafter referred to as "USA"). The Loan Servicing Agreement has been assigned, or is in the process of being assigned, to Compass Partners, LLC ("Compass").

Under the provisions of article 3 of the Loan Servicing Agreement and under the provisions of Nevada Administrative Code section 645B.073, the undersigned Lender hereby designates Vindrauga Corporation, a California corporation, 1565 Hotel Circle South, Suite 310, San Diego, CA 92108 ("Vindrauga"), as the new servicing agent under the Loan Servicing Agreement, in place of USA. This replacement will take effect regardless of whether the Loan Servicing Agreement has been previously assigned to Compass.

**THIS "DESIGNATION" SUBSTITUTES VINDRAUGA FOR USA UNDER THE LOAN SERVICING AGREEMENT. IT ALSO MAKES CHANGES TO THE LOAN SERVICING AGREEMENT.**

**WHEN THIS DESIGNATION IS EFFECTIVE**

1. This Designation shall not be effective unless, no later than July 1, 2007:

   a. The automatic stay in bankruptcy, and any other stay ordered by the Bankruptcy Court, have terminated; and

   b. The holders of 51% or greater of the beneficial interests of record in the Trust Deed have also designated Vindrauga as the Servicing Agent.

   Vindrauga promises to give notice to the Lender of the date when these two conditions have been satisfied. That date is referred to in this Designation as the "Effective Date." Vindrauga has no duties or responsibilities toward the Lender, and cannot take any action on the Lender's behalf, until the Effective Date.

**EFFECT OF THIS DESIGNATION**

2. Beginning on the Effective Date, Vindrauga assumes all of the rights and duties of USA under the Loan Servicing Agreement, as modified by this Designation. Provided however that Vindrauga cannot locate purchasers for Lender's beneficial interest or perform any other duty for which a mortgage broker's license is required under Nevada law.

**POWER OF ATTORNEY**

3. Article 11 of the Loan Servicing Agreement, titled "Limited Power of Attorney" is changed to provide instead:

The undersigned Lender agrees that Vindrauga may do the following on the Lender's behalf as its agent and attorney in fact: (i) hold the original note; and (ii) do all things on behalf of the Lender which are necessary to collect the Loan, and protect the Lender's interest under the Trust Deed. These powers include, but are not limited to, signing payoff demands and beneficiary's statements of condition, and authorizations for foreclosure and reconveyance. Provided however that:

Neither Vindrauga nor its agents or employees may subordinate the priority of the Trust Deed without the Lender's specific, prior written approval;

Neither Vindrauga nor its agents or employees may use or release any money in which the Lender has an interest for a purpose that is not directly related to providing services for the Loan, without the Lender's specific, prior written approval; and

Vindrauga's authority to act as the Lender's agent is effective only for this specific Loan.

## PRIOR VIOLATIONS OF THE LOAN SERVICING AGREEMENT

4. USA violated the Loan Servicing Agreement. If the Lender signs this Designation and substitutes Vindrauga as the new servicing agent, the Lender cannot hold Vindrauga responsible, reduce Vindrauga's fees, or terminate the Loan Servicing Agreement because of violations by USA.

## VINDRAUGA'S FEE

5. The fee of Vindrauga as Servicing Agent shall be computed as provided for in article 5 of the Loan Servicing Agreement, with the exception that if the Loan Servicing Agreement designates a fee of 3%, that fee is hereby reduced to 1% as to fees accruing after the Effective Date. At the time that the Lender signs this Designation, the Lender may instead elect to change the fee provisions by signing Exhibit A.

## PURCHASE OF LENDER'S INTEREST UPON FORECLOSURE

6. Within 30 calendar days after a foreclosure under the Trust Deed has been completed by delivery of a Trustee's Deed Upon Sale to the beneficiaries of the Trust Deed, Vindrauga promises to purchase from the undersigned Lender, and the Lender agrees to sell to Vindrauga, the beneficial interest of Lender in the Property for the price provided for in subparagraph 2(c)(iii) of the Loan Servicing Agreement, which price is "the then outstanding balance of [Lender's] interest in the principal of the Loan, plus all accrued interest and any prepayment penalty or fee, if applicable." The term "accrued interest" does not include default interest or late charges except to the extent that the Lender becomes entitled to a portion of these by electing to change the fee provisions (that is, by signing Exhibit A).

## UNCOLLECTED DEFAULT INTEREST LATE CHARGES AND LOAN SERVICING FEES

7. The Loan Servicing Agreement has provisions under which USA or Compass may claim that default interest under the Loan (that is, interest in addition to the usual rate which may be charged because the Loan is in default) and also late charges and loan servicing fees, which were not actually collected or received before the Effective Date of this Designation, are nevertheless still

2

owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

## LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8.  Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:

>> (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and

>> (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

Debt Acquisition Company of America V, LLC

Tom Scheidt, Vice President

VINDRAUGA CORPORATION
A California Corporation

By: _____

Andrew Whatnall, Vice President

3

because the Loan is in default) and also late charges and loan servicing fees, which were not actually collected or received before the Effective Date of this Designation, are nevertheless still owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

## LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8.  Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:
>
> > (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and
> >
> > (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

Dennis Albright & Casey Persing Trustees of the Albright Persing & Associates Profit Sharing Plan

VINDRAUGA CORPORATION
A California Corporation

BY: _____
Howard Justus
President

5

6

Albright

because the Loan is in default) and also late charges and loan servicing fees, which were not actually collected or received before the Effective Date of this Designation, are nevertheless still owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

**LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT**

8. Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:

(a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and

(b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

First Savings Bank Custodian For Harvey Alderson IRA

_Susan O'Connor IRA Admin_

x _[signature]_

VINDRAUGA CORPORATION
A California Corporation

By: _[signature]_
for Howard Justus
President

5

Alderson

because the Loan is in default) and also late charges and loan servicing fees, which were not actually collected or received before the Effective Date of this Designation, are nevertheless still owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

## LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8. Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:
>
>> (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and
>>
>> (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

Robert L. Allgeier & Donna L. Allgeier Trustees of the R. L. Allgeier Family Trust dated 10/4/97

*[signature: Robert L. Allgeier]*

*[signature: Donna L. Allgeier]*

*[handwritten: 1/27/2007]*

VINDRAUGA CORPORATION
A California Corporation

By: *[signature]*
for Howard Justus
President

5

*[handwritten: Allgeier]*

because the Loan is in default) and also late charges and loan servicing fees, which were not actually collected or received before the Effective Date of this Designation, are nevertheless still owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

## LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8.  Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:

>> (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and

>> (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

Bert E. Arnlund Trustee of the Bert E. Arnlund Charitable Remainder Unitrust dated 12/31/01

VINDRAUGA CORPORATION
A California Corporation

By: _____
for Howard Justus
President

3

Arnlund

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

Denise L. Barzan, a married woman dealing with her sole & separate property & Barbara Snelson, a married woman dealing with her sole & separate property, as joint tenants with the right of survivorship

VINDRAUGA CORPORATION
A California Corporation

By: _____
    Howard Justus
    President

6

Barzan

**LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT**

7. Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> <u>Rights of Lender under Nevada Administrative Code section 645B.073</u>. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:
>
> > (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and
> >
> > (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender does not waive any right or defense against any claim that USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

Bay Area Capital, LLC, an Oregon limited liability company

VINDRAUGA CORPORATION
A California Corporation

By: _____
*for* Howard Justus
President

541·683·7411
Telephone

541·683·7417
Facsimile

Wade, bell and Marganne @ Comast, net
Email

Bay Area Capital

owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

## LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8.    Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:

>> (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and

>> (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

B.E.A. Family, Inc., a Nevada Corporation

VINDRAUGA CORPORATION
A California Corporation

By: _____
for Howard Justus
President

3

BEA Family

because the Loan is in default) and also late charges and loan servicing fees, which were not actually collected or received before the Effective Date of this Designation, are nevertheless still owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

## LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8.  Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:
>
> > (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and
> >
> > (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

Russell M. Blood & Judy A. Blood Trustees of the Blood Family Trust dated 5/18/99

*Russell M. Blood*  Feb. 24, 2007

*Judy A. Blood* 02/26/07

VINDRAUGA CORPORATION
A California Corporation

By: *Richardell*
for Howard Justus
President

3

4

Blood

because the Loan is in default) and also late charges and loan servicing fees, which were not actually collected or received before the Effective Date of this Designation, are nevertheless still owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

## LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8. Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:
>
> > (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and
> >
> > (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

William Bolding & Carolyn Bolding, husband & wife, as joint tenants with right of survivorship

VINDRAUGA CORPORATION
A California Corporation

By: _____

*for* Howard Justus
President

5

4

Bolding

owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

## LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8. Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:
>
> > (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and
> >
> > (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

Judy A. Bonnet, an unmarried woman

VINDRAUGA CORPORATION
A California Corporation

By: _____
for Howard Justus
President

5

Bonnet

because the Loan is in default) and also late charges and loan servicing fees, which were not actually collected or received before the Effective Date of this Designation, are nevertheless still owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

## LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8. Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:
>
> > (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and
> >
> > (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

First Savings Bank Custodian For Edward Burgess IRA

_Edward L. Burgess_ – Owner 2/13/07

VINDRAUGA CORPORATION
A California Corporation

By: _____
      for Howard Justus
            President

3

Burgess
p.4

6198022811Z                                      aoea            d05:21 70 00 deF

because the Loan is in default) and also late charges and loan servicing fees, which were not actually collected or received before the Effective Date of this Designation, are nevertheless still owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

## LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8. Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:
>
>> (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and
>>
>> (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

Larry E. Colborn & Loretta A. Colborn Trustees for the Colborn Revocable Living Trust dated 8/6/90

VINDRAUGA CORPORATION
A California Corporation

By: _____
    Howard Justus
    President

5

Colborn

because the Loan is in default) and also late charges and loan servicing fees, which were not actually collected or received before the Effective Date of this Designation, are nevertheless still owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

## LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8.  Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:
>
>> (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and
>>
>> (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

Donald W. Cook Trustee of the Donald W. Cook Trust

_Donald W. Cook_
_____

VINDRAUGA CORPORATION
A California Corporation

By: _Kuhstnett_
_for_ Howard Justus
President

D Cook

because the Loan is in default) and also late charges and loan servicing fees, which were not actually collected or received before the Effective Date of this Designation, are nevertheless still owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

## LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8. Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:
>
> > (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and
> >
> > (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

June Cook Trustee of the Alvin Broido Marital Trust U/A
dated 4/24/72

VINDRAUGA CORPORATION
A California Corporation

By: _____
Howard Justus
President

5

Cook

because the Loan is in default) and also late charges and loan servicing fees, which were not actually collected or received before the Effective Date of this Designation, are nevertheless still owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

## LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8. Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:

>> (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and

>> (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

Sam Costanza, Trustee of The Costanza 1987 Decedent's Trust

VINDRAUGA CORPORATION
A California Corporation

By: _____
for Howard Justus
President

5

Costanza

because the Loan is in default) and also late charges and loan servicing fees, which were not actually collected or received before the Effective Date of this Designation, are nevertheless still owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

**LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT**

8.  Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:
>
> > (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and
> >
> > (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

Sam Costanza Trustee of the Costanza 1987 Survivor's Trust dated 3/12/87

VINDRAUGA CORPORATION
A California Corporation

By: _____
Howard Justus
President

5

Costanza

*Gareth R Craner Trustee of the*
*Gareth R Craner Trust Dtd 6/6/02*

**VINDRAUGA CORPORATION**

**A California Corporation**

By: _____

*for* Howard Justus

President

4

**EXHIBIT A**

**ELECTION TO CHANGE LOAN SERVICING FEE**

I (We) hereby elect to replace article 5 of the Loan Servicing Agreement with the following:

Compensation for Loan Servicing. Lender authorizes Vindrauga

to retain, from any and all sums collected from Borrower, its fee for

services performed hereunder, which fee shall be six percent (6%) of all

sums collected from Borrower and paid to Vindrauga on account of the

Loan after the Effective Date of this Designation, including principal,

interest, late fees and default interest. Provided however that no fee shall

be charged in relation to default interest or late charges collected by

Vindrauga if such default interest or late charges accrued before the

Effective Date of this Designation and is not paid to the Lender, but

instead to USA or Compass.

YOU ARE NOT REQUIRED TO SIGN THIS EXHIBIT. DO NOT SIGN IT UNLESS YOU WISH

TO CHANGE THE FEE PROVISIONS OF THE LOAN SERVICING AGREEMENT.

"LENDER"

Craner

because the Loan is in default) and also late charges and loan servicing fees, which were not actually collected or received before the Effective Date of this Designation, are nevertheless still owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

## LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8. Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:
>
> > (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and
> >
> > (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

Cynthia G. Davis Trustee of the Cynthia G. Davis Living Trust

*Cynthia G Davis,*

*Trustee of the*
*Cynthia G Davis Living Trust*

VINDRAUGA CORPORATION
A California Corporation

By: *Richard Hall*

for Howard Justus
President

5

Davis

owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

## LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8. Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:

>> (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and

>> (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

Tracy A. DeBerry, an unmarried man

VINDRAUGA CORPORATION
A California Corporation

By: _____
Howard Justus
President

5

DeBerry

because the Loan is in default) and also late charges and loan servicing fees, which were not actually collected or received before the Effective Date of this Designation, are nevertheless still owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

## LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8. Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:
>
>> (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and
>>
>> (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

Eric C. Disbrow Trustee of the Eric C. Disbrow MD Inc.
Profit Sharing Plan

VINDRAUGA CORPORATION
A California Corporation

By: _____
for  Howard Justus
President

5

Disbrow

because the Loan is in default) and also late charges and loan servicing fees, which were not actually collected or received before the Effective Date of this Designation, are nevertheless still owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

### LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8. Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:

>> (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and

>> (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

Marguerite Falkenborg Trustee of the Marguerite Falkenborg 2000 Trust dated 6/20/00

VINDRAUGA CORPORATION
A California Corporation

*Marguerite Falkenborg, Trustee*

By: _____
for Howard Justus
President 

5

③

4

Falkenborg

because the Loan is in default) and also late charges and loan servicing fees, which were not actually collected or received before the Effective Date of this Designation, are nevertheless still owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

## LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8.   Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:
>
> > (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and
> >
> > (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

Paul Fedrizzi & Jane E. Fedrizzi, husband & wife, as joint tenants with right of survivorship

_____

_____

VINDRAUGA CORPORATION
A California Corporation

By: _____

for Howard Justus
President

5

Fedrizzi

because the Loan is in default) and also late charges and loan servicing fees, which were not actually collected or received before the Effective Date of this Designation, are nevertheless still owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

## LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8.  Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:
>
> > (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and
> >
> > (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

James Feeney Trustee of the E & M Hardware Profit Sharing Plan

*E&M Hardware Profit Sharing Plan*

*By James Feeney Trustee*

VINDRAUGA CORPORATION
A California Corporation

By: _Kukstnall_
for  Howard Justus
President

5

4

Feeney

because the Loan is in default) and also late charges and loan servicing fees, which were not actually collected or received before the Effective Date of this Designation, are nevertheless still owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

## LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8. Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:
>
> > (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and
> >
> > (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

First Savings Bank Custodian For Lynn Fetterly IRA

*Susan O'Connor*

*IRA Admin.*

VINDRAUGA CORPORATION
A California Corporation

By: *Kirk Hall*

*for* Howard Justus
President

*Agreed: Lynn L Fetterly*
*1/22/07*

5

*Fetterly*

owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

## LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8. Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:
>
> > (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and
> >
> > (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

Tomie S. Ford, an unmarried woman

*Tomie S Ford*

2-23-07

VINDRAUGA CORPORATION
A California Corporation

By: *[signature]*
for Howard Justus
President

5

7

Fund

because the Loan is in default) and also late charges and loan servicing fees, which were not actually collected or received before the Effective Date of this Designation, are nevertheless still owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

## LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT

8.   Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:
>
> > (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and
> >
> > (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

James W. Forsythe & Earlene M. Forsythe, husband &
wife, as joint tenants with right of survivorship

VINDRAUGA CORPORATION
A California Corporation

By: _____

for  Howard Justus
President

5

Forsythe

1

because the Loan is in default) and also late charges and loan servicing fees, which were not actually collected or received before the Effective Date of this Designation, are nevertheless still owing to USA or Compass as a loan servicing fee. Vindrauga or the Lender may receive a demand for payment of this money from USA or Compass. The Lender hereby grants to Vindrauga full power and authority to pay, contest, settle or compromise these claims of USA or Compass on behalf of the Lender at any time before purchasing the Lender's interest as provided for under the Loan Servicing Agreement or under this Designation. Vindrauga may only be reimbursed for payment to USA or Compass by deducting it from the amounts collected from the Borrower or from the purchase price of Lender's interest as provided for under the Loan Servicing Agreement or under this Designation.

**LENDER'S RIGHT TO DESIGNATE NEW SERVICING AGENT**

8. Article 3 of the Loan Servicing Agreement is hereby amended by substituting in its entirety the following provisions of Nevada Administrative Code section 645B.073:

> Rights of Lender under Nevada Administrative Code section 645B.073. The holders of 51 percent or a greater specified percentage of the beneficial interests of record shall have the right to act on behalf of all the holders of the beneficial interests of record in the event of a default or foreclosure for matters that require the direction or approval of the holders of the beneficial interests in the loan, including, without limitation:
>
>> (a) The designation of the mortgage broker, servicing agent or other person to act on the behalf of the holders of the beneficial interests in the loan; and
>>
>> (b) The sale, encumbrance or lease of real property owned by the holders resulting from a foreclosure or the receipt of a deed in lieu of a foreclosure.

The provisions of the Loan Servicing Agreement are otherwise unchanged and are hereby reaffirmed and reinstated by Lender as to Vindrauga. Lender retains all rights and recourses against any claim which USA or Compass may assert against Lender or against Vindrauga as the agent of Lender.

"LENDER"

Judith L. Fountain Trustee of the Judith L. Fountain Irrevocable Trust dated 08/26/97

*Judith L. Fountain*

———————————————

VINDRAUGA CORPORATION
A California Corporation

By: *Kuhstall*
for
Howard Justus
President

5

1

Fountain