EXHIBIT 1

1491622.1

# ESTATE ADMINISTRATION
# AND
# LIQUIDATING TRUST AGREEMENT

# AND

# DECLARATION OF TRUST

**By and Among**

**USA Commercial Mortgage Company**

**Debtor**

**and**

**Geoffrey L. Berman**
**as Liquidating Trustee**

**Dated**

**March 12, 2007**

Table of Contents

Page

SECTION 1.     ORGANIZATION; ESTABLISHMENT OF THE USACM
              LIQUIDATING TRUST ........................................................................ 3

     1.1.   Definitions. ................................................................................... 3

     1.2.   Name ............................................................................................. 3

     1.3.   Office ............................................................................................ 4

     1.4.   Incorporation of Plan .................................................................... 4

     1.5.   Declaration and Establishment of USACM Liquidating Trust .................... 4

     1.6.   Title to USACM Liquidating Trust Assets ................................................. 4

     1.7.   Assumption of Certain Liabilities ............................................................. 5

     1.8.   Appointment of and Acceptance by Liquidating Trustee ........................... 5

     1.9.   Valuation of Trust Assets ......................................................................... 6

SECTION 2.     BENEFICIARIES ...................................................................................... 6

     2.1.   Identification of Beneficiaries; Allocation of Interests; Register ................. 6

     2.2.   Rights of Beneficiaries .............................................................................. 7

     2.3.   Limit on Transfer of Interests of Beneficiaries ......................................... 7

     2.4.   No Legal Title in Beneficiaries .................................................................. 8

SECTION 3.     PURPOSE, AUTHORITY, LIMITATIONS, DISTRIBUTIONS
              AND DUTIES. ........................................................................................ 8

     3.1.   Purpose of the USACM Liquidating Trust ................................................ 8

     3.2.   Authority ..................................................................................................... 8

     3.3.   Limitations on the Liquidating Trustee .................................................... 13

     3.4.   Liquidating Trustee and Conflicts of Interest .......................................... 13

     3.5.   Duties of the Liquidating Trustee and Trust Assets Estate
            Representative ........................................................................................... 13

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

Table of Contents

Page

3.6. No Implied Obligations ................................................................. 18

3.7. Unknown Property and Liabilities ............................................... 18

3.8. Limitation of Trustee's Authority ................................................ 18

3.9. Closing of USACM Case .............................................................. 19

3.10. Compliance with Laws ................................................................. 20

SECTION 4.        THE LIQUIDATING TRUSTEE AND USACM TRUST
                          COMMITTEE.................................................................. 20

4.1. Liquidating Trustee Generally ..................................................... 20

4.2. Manner of Acting ......................................................................... 20

4.3. Status of Liquidating Trustee ...................................................... 21

4.4. Litigation Claims; etc. ................................................................. 21

4.5. Compensation and Reimbursement of Liquidating Trustee and
      Professionals from the Administrative Reserve ........................... 21

4.6. Tenure, Removal, and Replacement of the Liquidating Trustee ............... 23

4.7. Continuance of Trust .................................................................... 24

4.8. Acceptance of Appointment by Successor Liquidating Trustee ................ 25

4.9. Final Report and Discharge of Liquidating Trustee .................... 26

4.10. Bond or Insurance ........................................................................ 26

4.11. USACM Trust Committee ............................................................ 27

SECTION 5.        DURATION OF USACM LIQUIDATING TRUST ........................... 29

5.1. Duration of USACM Liquidating Trust ....................................... 29

5.2. Continuance of USACM Liquidating Trust for Winding Up .................... 29

SECTION 6.        INDEMNIFICATION; LIMITATIONS ON LIABILITY .................. 29

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

Table of Contents

Page

    6.1.    Standard of Care; Exculpation ................................................. 29

    6.2.    Action Upon Instructions ........................................................ 30

    6.3.    Indemnification ...................................................................... 30

    6.4.    Limited Recourse ................................................................... 32

    6.5.    No Liability for Acts of Predecessor........................................ 32

    6.6.    Express Exculpatory Clauses in Instruments ............................ 32

    6.7.    Limited Liability of the Trust Assets Estate Representative...................... 33

SECTION 7.      REPORTS TO BENEFICIARIES OTHER THAN FINAL
            REPORT ................................................................................. 33

    7.1.    Securities Laws and Investment Company Act .......................... 33

    7.2.    Quarterly Reports .................................................................. 33

    7.3.    Calculations; Source of Distributions ...................................... 34

    7.4.    Tax Reporting ........................................................................ 34

SECTION 8.      AMENDMENT AND WAIVER............................................. 34

SECTION 9.      MISCELLANEOUS PROVISIONS ...................................... 35

    9.1.    Notices.................................................................................. 35

    9.2.    Delivery of Certain Notice ...................................................... 36

    9.3.    Intention of Parties to Establish Liquidating Trust .................... 37

    9.4.    Preservation of Privilege and Defenses and Exercise by Liquidating
            Trustee ................................................................................. 37

    9.5.    Effectiveness ......................................................................... 37

    9.6.    Counterparts .......................................................................... 38

    9.7.    Governing Law....................................................................... 38

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

Table of Contents

Page

9.8.    Severability of Provisions .......................................................................... 38

9.9.    Entire Agreement ....................................................................................... 38

9.10.   Effect of Death, Incapacity or Bankruptcy of Beneficiary......................... 38

9.11.   Effect of USACM Liquidating Trust on Third Parties................................ 38

9.12.   Waiver ....................................................................................................... 38

9.13.   Tax Identification Numbers ....................................................................... 39

9.14.   Headings .................................................................................................... 39

9.15.   Rules of Construction ................................................................................ 39

This Estate Administration and Liquidating Trust Agreement and Declaration of Trust (the "Agreement") is entered into as of March 12, 2007, by and among:

(i)    USA Commercial Mortgage Company, a Nevada corporation, as debtor in possession in the USACM case ("USACM"), as transferor; and

(ii)    Geoffrey L. Berman, not in his individual capacity but solely in his capacity as trustee under this Agreement or such other party as the USACM Trust Committee, subject to Section 1.8 hereof, may appoint from time to time, as trustee of the USACM Liquidating Trust (as defined in Recital D hereof) and as Trust Assets Estate Representative (as defined in Section 4.3 hereof) (any such party, the "Liquidating Trustee").   The Liquidating Trustee hereunder is referred to in the Plan as the "USACM Trustee," and each phrase has the same meaning.

This Agreement is entered into pursuant to the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (together with any and all Bankruptcy Court-approved amendments thereto, all Exhibits thereto and all documents incorporated by reference therein, the "Plan").

## RECITALS

A.    On April 13, 2006, USACM filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") initiating the case styled *In re USA Commercial Mortgage Company*, case no. BK-S-06-10725-LBR (the "USACM Case").

B.    The USACM case is jointly administered with cases commenced on the same date by USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF"), and USA Securities, LLC ("USA Securities") (together with USACM, USA Realty, DTDF, FTDF and USA Securities are hereafter "Debtors").

C.    On January 8, 2007, the Bankruptcy Court entered its Order confirming the Plan (the "Confirmation Order").  Copies of the Plan and the Confirmation Order are attached hereto as **Exhibits "A" and "B,"** respectively, and the Plan and the Confirmation Order are incorporated into this Agreement by this reference.

D.    Article IV, Section D of the Plan provides for the creation of the USACM Trust and the irrevocable transfer and assignment to the USACM Trust of the USACM Trust Assets, as defined in Art. I. Section 140 of the Plan, and which include (i) the assets described in Section D.1 of Art. IV of the Plan, and (ii) the assets described in Section E.2(j) of the Plan, which are the FTDF Litigation Claims, except the non-assignable FTDF Litigation Claims (the FTDF Litigation Claims less the non-assignable FTDF

Litigation Claims being defined herein as the "FTDF Litigation Claims") (collectively, these Assets, together with all Cash and non-Cash proceeds of such Assets and all proceeds of proceeds, shall be referred to herein as the "Trust Assets") (the USACM Trust is referred to herein as the "USACM Liquidating Trust").

E.      In accordance with Treasury Regulation Section 301.7701-4(d), the beneficiaries of this Liquidating Trust are the Holders of Allowed Class A-4 Claims, including without limitation, the Allowed USACM Unsecured Claims ("Beneficiaries").

F.      Subject to Section 3.1 of this Agreement, the primary purpose of the Liquidating Trust is to (i) receive and maintain the Trust Assets for the benefit of the Beneficiaries, (ii) oversee and direct the liquidation of the Trust Assets for the benefit of the Beneficiaries, and (iii) distribute the Trust Assets to the Beneficiaries pursuant to the terms of the Plan and this Agreement.

G.      The Liquidating Trustee shall also act as Trust Assets Estate Representative, and his responsibilities will include the creation, maintenance and administration of the Administrative Reserves (defined in Section 3.5(c)(i) hereof) and Disputed Claims Reserve (defined in Section 3.5(c)(ii) hereof) (together, the "Reserves") as set forth in Section 3.5(c) hereof.

H.      The USACM Liquidating Trust will be administered consistent with the liquidating purpose of the USACM Liquidating Trust, and with no objective to continue or to engage in the conduct of a trade or business, except to the extent reasonably necessary to preserve the liquidation value of the Trust Assets.

I.      The USACM Liquidating Trust is intended to qualify as a "grantor trust" for federal income tax purposes and the Liquidating Trustee shall administer and maintain the USACM Liquidating Trust in compliance with the guidelines for liquidating trusts as set forth in Internal Revenue Service Revenue Procedure 94-45, 1994-2 C.B. 684, and Treasury Regulation Section 1.671-4(a) and all subsequent guidelines regarding liquidating trusts issued by the Internal Revenue Service. That portion of the USACM Liquidating Trust that consists of the Disputed Claims Reserve is intended to qualify as a "disputed ownership fund" pursuant to Treasury Regulations section 1.468B-9 and shall be administered consistently with such Treasury Regulation.

J.      USACM has delivered to the Liquidating Trustee a list setting forth filed and/or scheduled Class A-4 Claims, together with the respective amount and the status of each Holder's filed and/or scheduled Class A-4 Claim.  This list includes Entities who have been identified by USACM as potential Holders of Unremitted Principal Claims, DTDF Unsecured Claims, FTDF Unsecured Claims, and Direct Lender Unsecured Claims.

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

# SECTION 1.    ORGANIZATION; ESTABLISHMENT OF THE USACM LIQUIDATING TRUST

   1.1.   <u>Definitions</u>.

      1.1.1. <u>Defined Terms</u>.  Unless otherwise stated herein, capitalized terms used in this Agreement shall have the meanings assigned to them in the Plan.  Terms defined in the Bankruptcy Code, and not otherwise specifically defined in the Plan or herein, when used herein, have the meanings attributed to them in the Bankruptcy Code.

      1.1.2. <u>Additional Defined Terms</u>.  As used herein, the following terms shall have the meanings set forth below, unless the context otherwise requires:

         1.1.2.1 "<u>Administrative Reserve</u>" means the reserve established and maintained by the Liquidating Trustee pursuant to Section D.1 of Art. IV of the Plan and Section 3.5(c)(i) below.

         1.1.2.2 "<u>Disputed Claims Reserve</u>" means the reserve established and maintained by the Liquidating Trustee pursuant to Section B.2 of Art. VII of the Plan and Section 3.5(c)(ii) below.

         1.1.2.3 "<u>Distribution</u>" means any distribution made by the Liquidating Trustee to Beneficiaries pursuant to the terms of the Plan and this Agreement.

         1.1.2.4 "<u>Distribution Date</u>" means each date on which a Distribution is made by the Liquidating Trustee to Beneficiaries pursuant to the terms of the Plan and this Agreement.

         1.1.2.5 "<u>Final Distribution Date</u>" means the day on which the final Distribution is made.

         1.1.2.6 "<u>Holder</u>" means, depending on the context, any Entity holding a Claim in the USACM Case, or any Entity holding a beneficial interest in this Liquidating Trust.

         1.1.2.7 "<u>USACM Liquidating Trust</u>" means the trust established pursuant to the Plan and this Agreement, which is referred to in the Plan as the "USACM Trust."

   1.2.   <u>Name</u>.  The USACM Liquidating Trust shall be known as the "USACM Liquidating Trust," in which name the Liquidating Trustee may conduct the affairs of the USACM Liquidating Trust.  It may also be referred to as the USACM Trust.

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

1.3.    Office.  The office of the USACM Liquidating Trust shall be in care of the Liquidating Trustee at Development Specialists, Inc. ("DSI"), Wells Fargo Center, 333 South Grand Avenue, Suite 4070, Los Angeles, CA 90071-1544 or at any other address that the Liquidating Trustee may designate by written notice to the Beneficiaries and the Persons set forth at Section 9.1 hereof (or any list created or maintained pursuant thereto).

1.4.    Incorporation of Plan.  The Plan and Confirmation Order are incorporated into this Agreement.  In the event of any conflict between the Plan and this Agreement, the Plan will control and govern.  In the event of any conflict between the Confirmation Order and the Plan or this Agreement, the Confirmation Order will control and govern.

1.5.    Declaration and Establishment of USACM Liquidating Trust.  For good and valuable consideration, the receipt of which is hereby acknowledged by the undersigned, and pursuant to the Plan, as of the Effective Date, USACM executes this Agreement and, pursuant to the Plan and this Agreement, hereby establishes the USACM Liquidating Trust and irrevocably transfers, absolutely grants, assigns, conveys, sets over, and delivers to the Liquidating Trustee, and his successors and assigns, all of its right, title and interest in and to the Trust Assets to be held in trust to and for the benefit of the Beneficiaries for the uses and purposes stated herein and in the Plan. The Liquidating Trustee shall have all the rights, powers and duties set forth in the Plan and this Agreement and available under applicable law for accomplishing the purposes of the USACM Liquidating Trust. The Liquidating Trustee is hereby authorized to file with the Secretary of State of the State of Nevada and any other governmental authorities any documents necessary or helpful to establish the USACM Liquidating Trust.

1.6.    Title to USACM Liquidating Trust Assets.

(a)    Except as otherwise provided in the Plan, the Confirmation Order or this Agreement, upon the Effective Date of the Plan, title to and all rights and interests in the Trust Assets shall be transferred to the USACM Liquidating Trust free and clear of all Liens, Claims and interests in accordance with Sections 363(f), 1123, 1141 and 1146(c) of the Bankruptcy Code.  The transfer of Trust Assets to the USACM Liquidating Trust by USACM and by FTDF is made for the benefit and on behalf of the Beneficiaries. Upon the transfer of the Trust Assets, the Liquidating Trustee succeeds to all of USACM's right, title and interest in the Trust Assets and USACM will have no further right or interest in or with respect to the Trust Assets or this USACM Liquidating Trust. Upon the transfer of the Trust Assets, the Liquidating Trustee succeeds to all of FTDF's right, title and interest in the Trust Assets, in particular, the FTDF Litigation Claims, and FTDF will have no further right or interest in or with respect to the Trust Assets or this USACM Liquidating Trust, except to the extent that FTDF, DSI (in its capacity as Disbursing Agent for FTDF) or Allowed Class B-5 Equity Interests are Holders of an Allowed USACM Unsecured Claim treated under Class A-4 of the Plan.

4

(b)    Subject to Section 3.5(i)(ii), for United States federal and applicable state income tax purposes, the transfer of the Trust Assets to the USACM Liquidating Trust pursuant to and in accordance with the Plan shall be reported as a disposition of the Trust Assets directly to and for the benefit of the Beneficiaries immediately followed by a contribution of the Trust Assets by the Beneficiaries to the USACM Liquidating Trust for the benefit of the Beneficiaries.  The Beneficiaries will be treated as the grantors and deemed owners of the USACM Liquidating Trust.

(c)    To the full extent permitted by law, and without excluding or limiting other rights transferred to the USACM Liquidating Trust, all rights under (i) Section 363(h) of the Bankruptcy Code and (ii) Section 365 of the Bankruptcy Code (including without limitation Section 365(f) thereof) are preserved for the benefit of the USACM Liquidating Trust and its Beneficiaries, and may be exercised by the Liquidating Trustee with the approval of the Bankruptcy Court.

1.7.    <u>Assumption of Certain Liabilities</u>.  In accordance with Section 1.5 hereof, USACM and FTDF, respectively, irrevocably transfer, assign and convey the Trust Assets to the USACM Liquidating Trust, and the Liquidating Trustee on behalf of the USACM Liquidating Trust hereby receives the Trust Assets and agrees that all Trust Assets are being transferred, assigned and conveyed to the USACM Liquidating Trust subject to no liabilities of the FTDF Estate, and subject only to the following liabilities, if any, that arise out of or relate to any known or unknown Claim or causes of action against USACM or the USCAM Estate:

(a)    all fees payable pursuant to Section 1930 of chapter 123 of title 28 of the United States Code until such time as the Bankruptcy Court enters a Final Decree closing the USACM Case; and

(b)    any fees and expenses incurred and unpaid, or contingent Claims for fees and expenses to be incurred, by the Liquidating Trustee in the performance of his administrative duties under the Plan and pursuant to this Agreement.

1.8.    <u>Appointment of and Acceptance by Liquidating Trustee</u>.  Geoffrey L. Berman is hereby appointed as the Liquidating Trustee, effective as of the date of this Agreement, <u>provided</u> that if Geoffrey L. Berman shall be unable to accept the position of Liquidating Trustee, the USACM Trust Committee may appoint a replacement Liquidating Trustee, subject to confirmation of such appointment by the Bankruptcy Court.  By his signature below, Geoffrey L. Berman accepts and confirms the appointment, transfer of Trust Assets, and obligations and duties imposed on him by this Agreement.  The Liquidating Trustee agrees to receive, hold, administer and distribute the Trust Assets and income derived therefrom, and to meet his duties as Trust Assets Estate Representative, all pursuant to the terms of the Plan, the Confirmation Order and this Agreement.

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

1.9.    <u>Valuation of Trust Assets</u>.  As soon as practicable after the Effective Date, the Liquidating Trustee shall, if reasonably deemed necessary or desirable by the Liquidating Trustee, make a good faith valuation of the Trust Assets, or cause a good faith valuation of the Trust Assets to be made by such professionals as the Liquidating Trustee may, in his sole discretion, retain for such purposes, and the Liquidating Trustee shall apprise the Beneficiaries of such valuation.  Such valuation shall be made available from time to time, to the extent relevant as reasonably determined by the Liquidating Trustee in reliance on his professionals, and shall be used consistently by all parties (including USACM, the Liquidating Trustee and the Beneficiaries) for all purposes, including federal and applicable state income tax purposes.  Notwithstanding the foregoing, any such valuation shall not be binding upon the Liquidating Trustee with respect to liquidation of the Trust Assets or any other action taken pursuant to the Plan.

## SECTION 2.    <u>BENEFICIARIES</u>

2.1.    <u>Identification of Beneficiaries; Allocation of Interests; Register</u>.

(a)    <u>Trust Beneficiaries</u>. The beneficiaries of the Liquidating Trust shall be the parties identified as the Beneficiaries in Recital E of this Agreement.

(b)    <u>Allocation of Interests</u>.  Each Beneficiary hereunder shall receive uncertificated interests in the USACM Liquidating Trust, which interests shall be allocated pro rata in accordance with the respective amounts of Allowed Claims of each Beneficiary.

(c)    <u>Register</u>.  The Liquidating Trustee shall cause to be kept a register (the "<u>Register</u>") in which the Liquidating Trustee shall at all times maintain the names and addresses of the Holders of Class A-4 Claims, whether they are Allowed or Disputed Claims, and the respective interests of the Beneficiaries as allocated under Section 2.1(b) of this Agreement.  The Register shall be adjusted as Disputed Claims are determined to be Allowed Claims or are disallowed. The Liquidating Trustee may rely upon this Register for the purposes of delivering Distributions or notices.  In preparing and maintaining this Register, the Liquidating Trustee may rely on the name and address of each Holder of a Claim set forth in the Schedules filed by USACM, and/or any Orders of the Bankruptcy Court and/or records of USACM (including without limitation the lists provided by USACM to the Liquidating Trustee as set forth in Recital J hereof), unless (i) a different name and/or address is set forth in a proof of claim filed by such Holder in the USACM Case, or (ii) proper notice of a name or address change has be delivered by such Holder/Beneficiary to the Liquidating Trustee in accordance with the Plan and Section 2.3 hereof.

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

2.2.    <u>Rights of Beneficiaries</u>.  Each Beneficiary will be entitled to participate in the rights due to a Beneficiary hereunder.  Each Beneficiary shall take and hold its uncertificated beneficial interest subject to all of the terms and provisions of this Agreement and the Plan. The interest of a Beneficiary of the USACM Liquidating Trust is in all respects personal property, and upon the death, insolvency or incapacity of an individual Beneficiary, such Beneficiary's interest shall pass to the legal representative of such Beneficiary and such death, insolvency or incapacity shall not terminate or affect the validity of this Agreement.  A Beneficiary shall have no title to, right to, possession of, management of, or control of the Trust Assets or any right to call for a partition or division of the Trust Assets or to require an accounting, or any standing to direct the Liquidating Trustee to do or not to do any act or to institute any action or proceeding upon or with respect to the Trust Assets, except as expressly provided in this Agreement or the Plan.  Title to all the Trust Assets shall be vested in the Liquidating Trustee, and the sole interest of the Beneficiaries shall be the rights and benefits given to such Persons under this Agreement.

2.3.    <u>Limit on Transfer of Interests of Beneficiaries</u>.

(a)    The interest of a Beneficiary in the USACM Liquidating Trust shall be transferable, upon reasonable notice to, and subject to any reasonable limitations that may be placed thereon by, the Liquidating Trustee, <u>provided</u>, <u>however</u>, that:

(i)    Beneficiaries may transfer their uncertificated interests in the USACM Liquidating Trust;

(ii)    The Liquidating Trustee need not reflect any transfer (or make any Distribution to any transferee) and will give notice to such Beneficiary that no transfer has been recognized in the event the Liquidating Trustee reasonably believes that such transfers (or the Distribution to such transferee) may constitute a violation of applicable laws or might cause the USACM Liquidating Trust to be required to register beneficial interests under the Securities Exchange Act of 1934, as amended; and

(iii)    On the Effective Date, FTDF shall be deemed to have assigned all of its beneficial interest in the USACM Liquidating Trust to DSI in its capacity as Disbursing Agent for FTDF, whereupon the Liquidating Trustee will reflect such assignment on the books and records of the USACM Liquidating Trust (including but not limited to the Register) at no cost or charge.

(b)    Prior to any transfer, assignment, hypothecation, pledge, exchange or conveyance of a beneficial interest in the USACM Liquidating Trust (each, a "<u>Transfer</u>"), the transferring Beneficiary shall submit to the Liquidating Trustee a duly endorsed assignment of the beneficial interest to be transferred (in a form reasonably acceptable to the Liquidating Trustee) together with the service charge, if any, to be specified by the Liquidating Trustee pursuant to this subsection (b).  No such Transfer

shall be effected until, and the transferee shall succeed to the rights of a Beneficiary only upon, final acceptance and registration of the Transfer by the Liquidating Trustee in the Register.  Prior to the registration of any Transfer by a Beneficiary, the Liquidating Trustee shall (i) treat the Entity in whose name the beneficial interest is registered as the owner for all purposes, and the Liquidating Trustee shall not be affected by notice to the contrary, and (ii) not be liable for making any Distribution to the transferring Beneficiary.  When a request to register the Transfer of a beneficial interest is presented to the Liquidating Trustee, the Liquidating Trustee shall register the Transfer as requested if the requirements for Transfers hereunder are met.  The Liquidating Trustee shall charge a service charge in an amount sufficient to cover the expenses of the Liquidating Trustee and his agents and any tax or governmental charge that may be imposed on any Transfer of a beneficial interest.  Failure of any Beneficiary to comply with these provisions shall void any Transfer of the related beneficial interest, and the proposed transferee shall have no rights under this Agreement.  Upon the Transfer of a transferring Beneficiary's entire beneficial interest in the USACM Liquidating Trust as evidenced by the Register, such transferring Beneficiary shall have no further right, title or interest in the Trust Assets or the USACM Liquidating Trust.

2.4.    <u>No Legal Title in Beneficiaries</u>.  No Beneficiary shall have legal title to any part of the Trust Assets.  No transfer by operation of law or otherwise, of the right, title and interest of any Beneficiary in and to the Trust Assets or the USACM Liquidating Trust shall operate to terminate this USACM Liquidating Trust or entitle any successor or transferee of such Beneficiary to an accounting or to the transfer to it of legal title to any part of the Trust Assets.

## SECTION 3.    PURPOSE, AUTHORITY, LIMITATIONS, DISTRIBUTIONS AND DUTIES.

3.1.    <u>Purpose of the USACM Liquidating Trust</u>.  The USACM Liquidating Trust is a liquidating trust pursuant to which the Liquidating Trustee is to receive, hold, liquidate and dispose of the Trust Assets in accordance with this Agreement, the Plan and Treasury Regulation Section 301.7701-4(d).  Accordingly, the primary purpose of the USACM Liquidating Trust is to liquidate and distribute the Trust Assets with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to preserve the liquidation value of the Trust Assets, and consistent with the liquidating purpose of the USACM Liquidating Trust.

3.2.    <u>Authority</u>.  In connection with the administration of the USACM Liquidating Trust, except as set forth in this Agreement, the Liquidating Trustee is authorized to and shall perform, in good faith, any and all acts necessary or desirable to accomplish the purposes of the USACM Liquidating Trust, and to take such actions, in good faith, as required under this Agreement, including in his capacity as Trust Assets Estate Representative.  The Liquidating Trustee shall make continuing efforts to liquidate the Trust Assets, make timely Distributions, and not unduly prolong the duration of the

8

USACM Liquidating Trust.  Except as expressly required in this Agreement, or by the Plan, no prior or subsequent Court approval is required for any act of the Liquidating Trustee.  Subject to any limitations contained in, or as otherwise provided by this Agreement or in the Plan, the Liquidating Trustee shall have the authority, power and obligation, in his capacity as Liquidating Trustee or as Trust Assets Estate Representative, as applicable, to:

> (a)    receive, control, manage liquidate and dispose of all Trust Assets for the benefit of the Beneficiaries;

> (b)    act as custodian of the Trust Assets and liquidate and reduce such Assets to Cash at such time as the Liquidating Trustee deems appropriate to accomplish the purpose of the USACM Liquidating Trust, in accordance with the terms of the Plan, the Confirmation Order and this Agreement;

> (c)    hold legal title to any and all rights of the Beneficiaries in or arising from the Trust Assets, including, but not limited to, collecting any and all money and other property belonging to the USACM Liquidating Trust and the right to vote any claim or interest in a case under the Bankruptcy Code and receive any Distribution therein, which title shall be held by the Liquidating Trustee solely in his capacity as Liquidating Trustee and not in any individual capacity;

> (d)    perform the duties, exercise the powers, and assert the rights of a trustee under Sections 704 and 1106 of the Bankruptcy Code, including, without limitation, holding and asserting applicable privileges and defenses pursuant to Section 9.4 hereof, asserting rights as set forth in Section 1.6(c) hereof, and filing, commencing or prosecuting objections to Claims under Section 502 of the Bankruptcy Code, turnover actions under Sections 542 and 543 of the Bankruptcy Code, and avoidance actions under Sections 544, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code;

> (e)    protect and enforce the rights to the Trust Assets by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law and general principles of equity;

> (f)    prosecute, settle, dismiss, abandon or otherwise dispose of any and all Litigation Claims included in the Trust Assets;

> (g)    establish and maintain any necessary reserves pursuant to the terms of the Plan and Confirmation Order, the Reserves pursuant to Section 3.5(c) hereof, and any order of the Bankruptcy Court;

> (h)    file or cause to be filed, if necessary, any and all tax and information returns, and any other statements or disclosures relating to the USACM Liquidating Trust

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

that are required to be filed by any governmental unit with respect to the USACM Liquidating Trust, and withhold and pay taxes properly payable by the USACM Liquidating Trust, if any;

(i)     determine and satisfy any and all liabilities created, incurred or assumed by the USACM Liquidating Trust;

(j)     execute offsets against Claims as provided for in the Plan and Confirmation Order;

(k)     pay all expenses and make other payments relating to the Trust Assets, including without limitation the reasonable fees and expenses of the Liquidating Trustee hereunder, and including any capital calls and other expenditures applicable to interests in entities acquired through foreclosure or execution or otherwise as Trust Assets, but only when determined by the Liquidating Trustee in his discretion to be reasonably necessary and appropriate to maximize the distribution of proceeds of the Trust Assets to Beneficiaries;

(l)     pay all fees payable pursuant to Section 1930 of chapter 123 of title 28 of the United States Code until such time as the Bankruptcy Court enters a Final Decree closing the USACM Case;

(m)     take or refrain from taking any action the Liquidating Trustee reasonably deems necessary to protect, preserve and maximize the Trust Assets, including, but not limited to, improving or repairing Trust Assets and purchasing insurance of any kind;

(n)     enter into contracts in the course of operating the Trust Assets for liquidation or in conjunction with their disposition under the Plan;

(o)     manage, sell and convert all or any portion of the Trust Assets to Cash;

(p)     make Distributions as specified in the Plan;

(q)     invest Cash in demand and time deposits, such as short-term certificates of deposit, in banks and other savings institutions, or other temporary, liquid investments, such as treasury bills, as further provided in Section 3.5(g) hereof and Section 345 of the Bankruptcy Code, provided, however, that any such investment shall be consistent with the USACM Liquidating Trust's status as a liquidating trust within the meaning of Treasury Regulations section 301.7701-4(d) and in accordance with Rev. Proc. 94-45, 1994-2 C.B. 684;

(r)     release, convey or assign any right, title or interest in or about the Trust Assets or any portion thereof;

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

(s)    open and maintain bank accounts on behalf of the USACM Liquidating Trust, deposit funds therein, and draw checks thereon, as appropriate under the Plan, the Confirmation Order and this Agreement;

(t)    engage, employ and/or pay such attorneys, accountants, engineers, agents, tax specialists, financial advisors, appraisers, investment bankers, other professionals, and other Persons as may, in the discretion of the Liquidating Trustee, be deemed necessary to fulfill his duties under the Plan and this Agreement, including without limitation, Development Specialists, Inc., former employees of USACM, Mesirow Financial Consulting, and any professionals previously engaged by USACM or any of the Committees appointed in the related bankruptcy cases filed by USACM and its affiliates, and waive any conflicts of interest as deemed necessary or appropriate in his discretion, _provided_ that the Liquidating Trustee may engage and pay the reasonable fees and expenses of such professionals without further order or authority from the Bankruptcy Court;

(u)    in compliance with Section 4.4 hereof, sue and be sued in the name of the Liquidating Trustee and file or pursue objections to Claims and Litigation Claims, and seek to settle or disallow, recharacterize, reclassify or subordinate any of them, and compromise, adjust, arbitrate, sue on or defend, pursue, prosecute abandon, or otherwise deal with and settle any Litigation Claim in favor of or against the USACM Liquidating Trust as the Liquidating Trustee shall deem advisable, including seeking estimation of contingent or unliquidated Claims;

(v)    assert, enforce, waive or release rights, privileges or immunities of any kind, including any privilege or defense of USACM related to the Trust Assets;

(w)    in general, without in any manner limiting any of the foregoing, deal with the Trust Assets or any part or parts thereof in all other ways as would be lawful and prudent for any Entity owning the same to deal therewith, whether similar to or different from the ways herein specified;

(x)    protect and enforce the rights to the Trust Assets vested in the Liquidating Trust by this Agreement by any method deemed appropriate, including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law or general principles of equity;

(y)    request any appropriate tax determination with respect to the USACM Liquidating Trust, including, without limitation, a determination pursuant to Section 505 of the Bankruptcy Code;

(z)    seek the examination of any Entity under, and subject to, the provisions of the Bankruptcy Rules, including Bankruptcy Rule 2004;

(aa)    prosecute (including, without limitation, by amendment and modification) any motion for extension of the deadline to assume or reject leases and/or executory contracts, any motion for assumption or rejection of leases and/or executory contracts, and/or any other motion filed by USACM and pending on the Effective Date;

(bb)    as soon as is practicable after the Final Distribution Date, ask the Bankruptcy Court to enter a Final Decree in the USACM Case;

(cc)    pay obligations or expenses of, or relating to, the Trust Assets (other than Class A-4 Claims, which are paid pursuant to Distributions made in accordance with the Plan) when the Liquidating Trustee, considering the purposes, terms, distributional requirements and other circumstances of the Plan, deems it prudent to do so to effectuate the Plan;

(dd)    prepare and disseminate any related document that is required of USACM under applicable non-bankruptcy law in accordance with the Plan;

(ee)    on 30 days written notice in accordance with Section 9.1 hereof, abandon any property which he determines in his reasonable discretion to be of de minimis value or otherwise burdensome to the USACM Liquidating Trust, including any pending adversary proceeding or other legal action, provided that if any Entity to whom such notice is given provides a written objection to the Liquidating Trustee prior to the expiration of such thirty-day period with respect to the proposed abandonment of such property, then such property may be abandoned only pursuant to a Final Order of the Bankruptcy Court after notice and opportunity for a hearing;

(ff)    with the prior advice of the USACM Trust Committee and Court approval, borrow funds on behalf of, and solely as a liability of, the USACM Liquidating Trust (which loans may be secured by the Trust Assets, but shall be without recourse to the Liquidating Trustee in his individual capacity) as are necessary to enable the Liquidating Trustee, as determined in his sole discretion, to discharge his powers and duties as Liquidating Trustee under this Agreement, including without limitation funding the costs and expenses of prosecuting any Litigation Claims;

(gg)    except as otherwise set forth in this Agreement or in the Plan, and subject to the Treasury Regulations governing liquidating trusts and the retained jurisdiction of the Bankruptcy Court as provided for in the Plan and Confirmation Order, but without prior or further authorization, the Liquidating Trustee shall be entitled to seek such orders, judgments, injunctions and rulings as he deems necessary to carry out the intentions and purposes, and to give full effect to the provisions, of the Plan and the Confirmation Order; and

(hh)    take such other actions as may be necessary or helpful to accomplish the purposes of the Plan, including, without in any manner limiting any of the foregoing,

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

dealing with the Trust Assets or any part or parts thereof in all other ways as would be lawful and prudent for any Entity owning the same to deal therewith, whether similar to or different from the ways herein specified.

No Entity dealing with the USACM Liquidating Trust shall be obligated to inquire into the authority of the Liquidating Trustee in connection with the protection, conservation or disposition of the Trust Assets.

3.3.    <u>Limitations on the Liquidating Trustee</u>.  Notwithstanding anything in this Agreement to the contrary, the Liquidating Trustee, in his capacity as such, shall not do or undertake any of the following:

(a)    guaranty any debt;

(b)    loan Trust Assets;

(c)    transfer Trust Assets to another trust with respect to which the Liquidating Trustee serves as trustee; or

(d)    make any transfer or Distribution of Trust Assets, other than those authorized under the Plan, the Confirmation Order or this Agreement.

3.4.    <u>Liquidating Trustee and Conflicts of Interest</u>.  If the Liquidating Trustee determines, in the exercise of his reasonable discretion, that he has a material conflict of interest with respect to the settlement of a Claim, the resolution or prosecution of a cause of action, or any other matter, the Liquidating Trustee with the approval of the USACM Trust Committee may select a designee to act on behalf of the USACM Liquidating Trust solely with respect to such matter (the "Designee"), with such Designee's authority to act on behalf of the USACM Liquidating Trust to terminate upon the matter's conclusion.  If the Designee files a pleading, motion or other paper with a court or tribunal on behalf of the USACM Liquidating Trust, it shall do so in its own name as "Designee of the USACM Liquidating Trust."

3.5.    <u>Duties of the Liquidating Trustee and Trust Assets Estate Representative</u>. Without limiting the power and obligations set forth in Section 3.2 hereof, subject to any limitations contained in, or as otherwise provided by this Agreement, the Plan or the Confirmation Order, the Liquidating Trustee, in his capacity as Liquidating Trustee or as Trust Assets Estate Representative, shall have the duties, and all requisite powers and authority set forth below in this Section 3.5:

(a)    <u>Consultation with USACM Trust Committee</u>.  The Liquidating Trustee shall, no less frequently than monthly or as otherwise reasonably requested by the USACM Trust Committee, provide it with an update (verbal or written as appropriate) as to the various actions he has taken (or declined to take) during the previous month, and shall offer the USACM Trust Committee an opportunity to ask questions with respect to

13

such actions or inactions. The Liquidating Trustee shall, on a regular basis, inform the USACM Trust Committee of actions that the Liquidating Trustee is pursuing and is planning to pursue in connection with the discharge of the Liquidating Trustee's duties. The Liquidating Trustee shall seek the advice of the USACM Trust Committee when required by this Agreement. However, the USACM Liquidating Trust shall not be deemed to have delegated his authority or responsibilities under the USACM Liquidating Trust to the USACM Trust Committee by means of this Section.

(b)    Bond. As further set forth in Sections 4.10 and 6.1 hereof, the Liquidating Trustee shall obtain and pay for a bond or may obtain and pay for insurance coverage relative to the proper performance of his duties under the Plan and this Agreement and to indemnification for himself and others provided for in the Plan.

(c)    Establishment of Reserves. The Liquidating Trustee shall establish and maintain the Reserves as follows:

(i)    Administrative Reserve.

(1)    On or as soon as practicable after the Effective Date, the Liquidating Trustee shall establish, and shall thereafter maintain, one or more reserve accounts (the "Administrative Reserve") that will fund (a) all reasonably anticipated costs and expenses of administering the USACM Liquidating Trust; and (b) all reasonably foreseeable expenses of preserving and maximizing the value and distributable proceeds of equity interests in Entities acquired through foreclosure, execution or otherwise as Trust Assets, including capital calls the Liquidating Trustee may deem appropriate to make, provided, however, that funds in reserve accounts comprising the Administrative Reserve may be re-allocated and transferred to different reserve accounts, and provided that nothing herein shall be deemed to prohibit the payment of expenses outlined herein from any Trust Assets.

(2)    The Liquidating Trustee shall initially fund the Administrative Reserve from Cash transferred to the USACM Liquidating Trust on the Effective Date, and shall periodically re-assess and may modify the funding level, in his reasonable discretion (and as and to the extent required by the terms of the Plan, acting in consultation with the USACM Trust Committee) in an amount necessary to pay in full in Cash: (a) all reasonably anticipated costs and expenses of administering the USACM Liquidating Trust, including but not limited to fees and expenses of the Liquidating Trustee, and professionals employed to pursue Litigation Claims on behalf of the USACM Liquidating Trust, and (b) all reasonably foreseeable expenses of preserving and maximizing the value and distributable proceeds of equity interests in Entities in which the USACM Liquidating Trust holds a security interest or otherwise foresees acquiring through foreclosure, execution or otherwise as Trust Assets. The Administrative Reserve may be funded thereafter as determined by the Liquidating Trustee in his reasonable discretion (and as and to the extent required by the terms of the Plan, acting in

14

consultation with the USACM Trust Committee) to be necessary with Cash and Cash proceeds from the liquidation of Trust Assets. The Liquidating Trustee shall pay expenses funded hereunder from the Administrative Reserve as soon as practicable.

(ii)    <u>Disputed Claims Reserve</u>. On or as soon as practicable after the Effective Date, the Liquidating Trustee shall create and maintain a reserve for Disputed Claims and Disputed Equity Interests (the "<u>Disputed Claims Reserve</u>") as set forth in Section B.2 of Art. VII of the Plan and Section 3.5(i)(ii) hereof.

(d)    <u>Distributions to Beneficiaries; Disbursing Agent</u>.

(i)    The Liquidating Trustee shall be responsible for making Distributions to Beneficiaries from the USACM Liquidating Trust as required by and set forth in the Plan and in this Agreement. The Liquidating Trustee, or his designee, shall act as the Disbursing Agent appointed pursuant to Art. VII Section E of the Plan and shall establish such account or accounts as may be required to effectuate payments and Distributions as provided for in the Plan.

(ii)    All Distributions made by the Liquidating Trustee to the Beneficiaries shall be payable to the Beneficiaries of record, as set forth in the Register, as of the 30th day prior to the date scheduled for the Distribution, unless such day is not a Business Day, then such day shall be the following Business Day. If the Distribution shall be in Cash, the Liquidating Trustee shall distribute such Cash by wire from a domestic bank, by check drawn on a USACM Liquidating Trust bank account, or by such other method as the Liquidating Trustee deems appropriate under the circumstances.

(iii)    All Distributions made to the Beneficiaries under the Plan and this Agreement shall be made only from Trust Assets, and only to the extent that the Liquidating Trustee shall have sufficient Trust Assets to make such Distributions in accordance with the terms of the Plan and this Agreement, including adequate funding of Reserves. Each Beneficiary shall look solely to the Trust Assets, and not to the Liquidating Trustee in his personal, individual or corporate capacity for Distribution to such Beneficiary as herein provided.

(iv)    When, in the discretion of the Liquidating Trustee, the USACM Liquidating Trust has Cash in an amount sufficient to render feasible a Distribution to the Beneficiaries after taking into account adequate funding of Reserves, the Liquidating Trustee shall transfer and pay, or cause to be transferred and be paid, to the Beneficiaries such aggregate amount of Cash as shall then be held in the USCAM Liquidating Trust in accordance with the priorities established under the Plan; provided, however, that the aggregate amount of Cash shall exclude any Cash held in the Administrative Reserve or otherwise needed to pay the expenses, debts, charges, liabilities and obligations of the USACM Liquidating Trust, and shall exclude any Cash held in the Disputed Claims Reserve not attributable to Claims Allowed as of the

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

distribution date (the "Distribution Amount") and, further provided, that the Liquidating Trustee shall distribute at least annually the net income of the USACM Liquidating Trust plus all net proceeds from sale of Trust Assets, except such amounts as are reasonably necessary to maintain the value of the Trust Assets, meet Claims and contingent liabilities, and adequately fund the Reserves. The Distribution Amount shall be determined by the Liquidating Trustee in his reasonable discretion, after consultation with the USACM Trust Committee and, in the absence of gross negligence on the part of the Liquidating Trustee, his determination regarding the Distribution Amount shall be final and conclusive on all Persons and shall not be reviewed by the Bankruptcy Court. In determining the Distribution Amount, the Liquidating Trustee may rely on and shall be fully protected in relying on the advice and opinion of professionals employed to advise the Liquidating Trustee.

(e)    Disbursing Agent and Estate Representative For Affiliated Debtors.

So long as the action taken does not adversely affect the USACM Liquidating Trust's status as a grantor trust, nothing in this Agreement will prevent DSI, including through Geoffrey Berman, from entering into a separate agreement to act as Disbursing Agent for USACM, FTDF, USA Securities and USA Realty, pursuant to Art. VII Section E of the Plan and/or as Estate Representative for purposes of winding up the USACM Estate in accordance with Section L.1 of Art. VIII of the Plan and applicable law, in its sole discretion, and acting only in its own right, and not as Liquidating Trustee of the USACM Liquidating Trust.

(f)    Maintenance of Post-Confirmation Service List; Books and Records.

(i)    Pursuant to Section 9.2(b) hereof, the Liquidating Trustee shall maintain the Post-Effective Date Service List.

(ii)    On the Effective Date, USACM shall be deemed to have transferred, assigned and conveyed to the USACM Liquidating Trust full title to, and the USACM Liquidating Trust shall be authorized to take possession of, all of the books and records of USACM, including all information and data on computers owned or leased by USACM or otherwise on premises occupied by USACM, and all rights of access to data of USACM and its affiliates, that were not otherwise transferred on or prior to the Effective Date. Pursuant to Section 5.2 hereof, the USACM Liquidating Trust shall have the responsibility of storing and maintaining books and records transferred hereunder. Beginning no later than 10 days prior to the Effective Date, USACM shall cooperate with the Liquidating Trustee to facilitate the delivery and storage of such books and records in accordance herewith. For the purpose of this Section, books and records include computer generated or computer maintained books and records and computerized data, as well as electronically generated or maintained books and records or data, along with books and records of USACM maintained by or in possession of third parties and all of the claims and rights of USACM in and to books and records, wherever located. The

USACM Liquidating Trust shall provide access to such books and records to DSI or any Estate Representative of the USACM Estate responsible for the tasks described in Section 3.4(e).

(g) <u>Maintenance of Cash and Proceeds of the Trust Assets</u>.  Subject to Section 3.2(q) hereof,  Cash received on or collected subsequent to the Effective Date and/or Cash held by the Liquidating Trustee under the Plan and this Agreement shall be maintained by the Liquidating Trustee in interest-bearing bank accounts, deposits or investments permissible under Section 345 of the Bankruptcy Code for the benefit of Entities entitled to Distributions under the Plan and this Agreement, <u>provided</u> that accounts used in connection with operating Trust Assets pending sale of those Assets need not be interest-bearing.

(h)    <u>Reports to Beneficiaries</u>.  The Liquidating Trustee shall provide such reports as described in Sections 4.9 and 7 hereof.

(i)    <u>Tax Returns</u>.

(i)    The Liquidating Trustee shall cause the timely preparation, distribution and/or filing of any necessary tax returns and other documents or filings as required by applicable law (including but not limited to (<u>x</u>) those pursuant to Treasury Regulation 1.671-4(a); and (<u>y</u>) any federal, state and local tax returns), and pay any taxes shown as due thereon and which are payable by  the USACM Liquidating Trust by virtue of its existence and operations.  The obligation to pay USACM's income taxes is passed through to its shareholders and the USACM Liquidating Trust's taxable income, gain, loss, deduction or credit will be allocated to the Beneficiaries in accordance with their relative beneficial interests in the USACM Liquidating Trust.

(ii)    The Liquidating Trustee shall timely elect to treat the Disputed Claims Reserve as a "disputed ownership fund" pursuant to Treasury Regulations section 1.468B-9(c)(2)(ii).  Consistent therewith, the Liquidating Trustee shall prepare and timely file income tax returns for the Disputed Claims Reserve (which shall be separate and apart from any income tax returns prepared and filed for the USACM Liquidating Trust) as a C corporation or a qualified settlement fund, as the case may be, and shall pay any income taxes owing by or imposed on the Disputed Claims Reserve.  The Liquidating Trustee shall make such election by attaching a statement to that effect to the timely filed Federal income tax return of the Disputed Claims Reserve for the first taxable year of the Disputed Claims Reserve's existence and shall include the legend, in boldfaced type, "§1.468B-9(c) Election" at the top of the page.  To the extent permitted by applicable law, the Liquidating Trustee shall report consistent with the foregoing for state and local income tax purposes.  The Liquidating Trustee shall file any information returns and make any tax deposits required to be made by applicable Federal, state or local law.

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

(iii)    In accordance with the Plan, all Beneficiaries shall report, for tax purposes, consistent with the foregoing.

(iv)    The Liquidating Trustee shall pay (x) out of the Trust Assets, any taxes imposed on the USACM Liquidating Trust or the Trust Assets and (y) out of the Disputed Claims Reserve, any taxes imposed on the Disputed Claims Reserve.  In the event, and to the extent, any Cash retained on account of Disputed Claims in the Disputed Claims Reserve is insufficient to pay the portion of any such taxes attributable to the taxable income arising from the assets allocable to, or retained on account of, Disputed Claims, such taxes shall be (x) reimbursed from any subsequent Cash amounts retained on account of Disputed Claims, or (y) to the extent such Disputed Claims have subsequently been resolved, deducted from any amounts distributable by the Liquidating Trustee as a result of the resolutions of such Disputed Claims.

(v)    The Liquidating Trustee shall be authorized to, and shall, exercise all powers regarding the USACM Liquidating Trust's tax matters, including filing tax returns and preparing, distributing and filing Interest holder tax statements and notices (including I.R.S. Form 1065), to the same extent as if the Liquidating Trustee were the debtor in possession.  The Liquidating Trustee may request an expedited determination of any unpaid tax liability of the USACM Liquidating Trust under Section 505(b) of the Bankruptcy Code prior to termination of the USACM Liquidating Trust, and shall represent the interest and account of the USACM Liquidating Trust before any taxing authority in all matters, including, but not limited to, any action, suit, proceeding, or audit.

3.6.    No Implied Obligations.  Except as otherwise provided in the Plan and Confirmation Order, no other further covenants or obligations shall be implied into this Agreement.  The Liquidating Trustee shall not be responsible in any manner whatsoever for the correctness of any recital, statement, representation, or warranty herein, or in any documents or instrument evidencing or otherwise constituting a part of the Trust Assets.

3.7.    Unknown Property and Liabilities.  The Liquidating Trustee shall be responsible for only that property delivered to him, and shall have no duty to make, nor incur any liability for failing to make, any search for unknown property or for any liabilities.

3.8.    Limitation of Liquidating Trustee's Authority.

(a)    Notwithstanding anything herein to the contrary, the Liquidating Trustee, acting in either his capacity as Liquidating Trustee or as Trust Assets Estate Representative, other than to the extent necessary to preserve the liquidation value of the Trust Assets, shall not and shall not be authorized to engage in any trade or business, and shall take such actions consistent with the orderly liquidation of the Trust Assets as are required by applicable law, and such actions permitted hereunder.  Notwithstanding any

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

other authority granted herein, the Liquidating Trustee is not authorized to engage in any investments or activities inconsistent with the treatment of the USACM Liquidating Trust as a USACM Liquidating Trust within the meaning of Treasury Regulations Section 301.7701-4(d) and in accordance with Rev. Proc. 94-45, 1994-2 C.B. 684.

(b)     The USACM Liquidating Trust shall not hold 50% or more of the stock (in either vote or value) of any Entity that is treated as a corporation for federal income tax purposes, nor have any interest in an Entity that is treated as a partnership for federal income tax purposes, unless such stock or partnership interest was obtained involuntarily or as a matter of practical economic necessity, including through foreclosure of security interests and execution of judgments, in order to preserve the value of the Trust Assets.

(c)     The Liquidating Trustee shall not facilitate the development of an active trading market for the beneficial interests in the USACM Liquidating Trust, nor encourage any other Entity to do so (including without limitation taking steps to list such interests on any national securities exchange or on NASDAQ, engaging the services of a market maker, placing any advertisements in the media promoting investment in the USACM Liquidating Trust, or collecting or publishing information about prices at which such interests may be transferred).

3.9.    <u>Closing of USACM Case</u>.

The Liquidating Trustee shall request entry of the Final Decree in the USACM Case only at such time as:

(a)     all adversary proceedings and contested matters have been finally adjudicated by the entry of a Final Order;

(b)     all Claims have either: (i) become Allowed Claims and the Holders thereof become Beneficiaries in accordance with the treatment to be given such Allowed Claim pursuant to this Agreement and the Plan; or (ii) been disallowed by a Final Order or been deemed to be a Disallowed Claim in accordance with the terms of the Plan;

(c)     all Trust Assets (including Litigation Claims) have been either: (i) reduced to Cash; or (ii) abandoned by the Liquidating Trustee, in accordance with the provisions of this Agreement and the Plan;

(d)     all expenses of the Liquidating Trust shall have been paid and all payments and Final Distributions to be made to Beneficiaries shall have been made by the Liquidating Trustee in accordance with the provisions of this Agreement and the Plan;

(e)     the Final Report (as defined in Section 4.9 hereof) has been filed; and

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

(f)     Prior to the entry of the Final Decree, the Liquidating Trustee shall have been discharged pursuant to this Agreement and the Plan.

3.10.  <u>Compliance with Laws</u>.  Any and all distributions of Trust Assets and proceeds of borrowings, if any, shall be in compliance with applicable laws, including, but not limited to, applicable federal and state securities laws.

## SECTION 4.     <u>THE LIQUIDATING TRUSTEE AND USACM TRUST COMMITTEE</u>

4.1.  <u>Liquidating Trustee Generally</u>.

(a)     The Liquidating Trustee's powers are exercisable solely in a fiduciary capacity consistent with, and in furtherance of, the purposes of this Liquidating Trust and not otherwise, except that the Liquidating Trustee may arrange for payment of his reasonable fees and expenses from the Trust Assets as permitted herein.

(b)     The provisions of this Agreement relating to the Liquidating Trust are intended to create a trust and a trust relationship and are to be governed and construed in all respects as a trust.  The Liquidating Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Liquidating Trustee or Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers.  The relationship of the Beneficiaries to the Liquidating Trust and the Liquidating Trustee shall be solely that of beneficiaries of a trust to a trust and its trustee and shall not be deemed a principal and agency relationship, and the rights of the Beneficiaries shall be limited to those conferred upon them by this Agreement.

4.2.  <u>Manner of Acting</u>.  The Liquidating Trustee shall oversee the liquidation of the Trust Assets in good faith and in a cost-effective manner in a reasonable time, with due regard for the risk that undue haste may minimize the liquidation proceeds of a particular Trust Asset.  The Liquidating Trustee shall make continuing efforts to dispose of the Trust Assets, make timely Distributions and not unduly prolong the duration of the Liquidating Trust.  In overseeing the selling of the Trust Assets, or otherwise monetizing them, the Liquidating Trustee shall use his best efforts to maximize the amount of the net proceeds derived therefrom.  The liquidation of the Trust Assets may be accomplished in part through the prosecution, compromise and settlement, abandonment or dismissal of any or all claims, rights or Litigation Claims, and otherwise subject to the terms of the Plan.  Any and all proceeds generated from such Trust Assets shall be held and used and distributed by the Liquidating Trust.  The Liquidating Trustee may incur any reasonable and necessary expenses in liquidating the Trust Assets, as set forth herein.

20

4.3.    Status of Liquidating Trustee.  The Liquidating Trustee shall be the representative of the USACM Estate after the Confirmation Date within the meaning of Section 1123(b)(3)(B) of the Bankruptcy Code with respect to the Trust Assets, and shall have the rights and powers provided for in the Bankruptcy Code with respect to the USACM Liquidating Trust and the Trust Assets in addition to any rights and powers granted in this Agreement and in the Plan (acting in such capacity, the "Trust Assets Estate Representative").  The Liquidating Trustee shall be a party in interest as to all matters over which the Bankruptcy Court has jurisdiction.

4.4.    Litigation Claims; etc.

(a)    Except as to any Litigation Claim released under the Plan, the Liquidating Trustee shall be the successor-in-interest to USACM with respect to any Claim, right or Litigation Claim that was or could have been commenced by USACM prior to the Effective Date, or thereafter arising in conjunction with the Trust Assets until the Liquidating Trust disposes of them.  All such Litigation Claims and any and all other rights, Claims or interests constituting Trust Assets, including the right to subordinate Claims under Section 510 of the Bankruptcy Code, but excluding Litigation Claims released under the Plan, shall be retained and pursued and enforced by the Liquidating Trustee, including as the Trust Assets Estate Representative pursuant to Section 1123(b)(3)(B) of the Bankruptcy Code and the terms of the Plan.

(b)    The Liquidating Trustee shall have discretion to pursue or not to pursue any and all Claims, rights or Litigation Claims, as he determines to be in the best interests of the Beneficiaries and consistent with the purposes of the Liquidating Trust, and shall have no liability for the outcome of his decision, provided, however, that the Liquidating Trustee may not agree to settle or otherwise dispose of any Claim, right or Litigation Claim valued by the party asserting such claim, right or Litigation Claim where the amount sought in the demand or complaint exceeds $100,000 without prior notice to the USACM Trust Committee and the approval of the Bankruptcy Court.  With respect to any Litigation Claim, the Liquidating Trust and the Liquidating Trustee shall be bound by, and shall give effect to, any release, exculpation, waiver, estoppel or injunction provided by the Plan or the Confirmation Order.

4.5.    Compensation and Reimbursement of Liquidating Trustee and Professionals from the Administrative Reserve.

(a)    The Liquidating Trustee shall be compensated for services in the administration of the USACM Liquidating Trust from Trust Assets, at

(i)    the regular hourly rates (as in effect from time to time) of his professionals and staff, which, as of the date hereof for Development Specialists, Inc. staff is for William A. Brandt, Jr. $525, Geoffrey L. Berman $420, A. Kyle Everett $390, Matthew P. Sorenson $200, Senior Consultants $390-525, Consultants $295-370, Junior

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

Consultants $95-290, provided that total blended rates will not exceed $290/hour, and no fees will be paid for travel time; plus

(ii)    a success fee of 3% of gross recovery by the Liquidating Trust in excess of $30,000,000, provided that such "Gross Recovery" does not include Prepaid Interest or USACM's share of the proceeds of asset sales or other Cash included in the initial funding received by the Liquidating Trust; plus

(iii)    reimbursement of reasonable and customary costs and expenses, with reasonableness measured by U.S. Trustee guidelines, including airfare at coach rates;

(iv)    compensation will be paid monthly pursuant to Section 4.5(e), provided that if the total cumulative hourly rate exceeds the cap, the excess will be deferred until totals including the deferral are under the cap, or forgiven at final payment if the cap is exceeded, and provided that the success fee, if any, is excluded from the cap calculation.

(b)    Any professionals or any Entity retained by the Liquidating Trustee pursuant to the Plan will be entitled to reasonable compensation for services rendered at a rate reflecting actual time billed by such professional or Entity on an hourly basis, at the standard billing rates in effect at the time of service, or such other rate or basis of compensation that is reasonable and agreed upon by the Liquidating Trustee, taking into account the comments of the USACM Trust Committee.  All reasonable out-of-pocket expenses incurred by any professional or other Entity retained by the Liquidating Trustee will be reimbursed.

(c)    The members of the USACM Trust Committee shall not be entitled to compensation for time spent in preparation for and participation in meetings of the Trust Committee.

(d)    Any and all reasonable and necessary costs and expenses incurred by the Liquidating Trustee, any professional or other Entity retained by the Liquidating Trustee, the USACM Trust Committee or members of the USACM Trust Committee in performing their respective duties under this Agreement will be reimbursed by the Liquidating Trustee from the Trust Assets.

(e)    On a monthly basis, or as otherwise agreed by the Liquidating Trustee and the USACM Trust Committee, the Liquidating Trustee shall provide to each member of the USACM Trust Committee a statement setting forth his aggregate fees and expenses incurred in connection with this engagement not previously billed, together with reasonable documentation of such expenses (any such report, a "Fee and Expense Report"), and shall be entitled to receive payment of such fees and expenses as set forth in this Section 4.5 10 days after providing the Fee and Expense Report to the USACM

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

Trust Committee (the "Fee Notice Period").  Notwithstanding the foregoing, if any the USACM Trust Committee objects to such Fee and Expense Report within the Fee Notice Period, the Liquidating Trustee and the USACM Trust Committee may seek to resolve such objection on a consensual basis.  If the parties are unable to reach a consensual resolution within 30 days of the Liquidating Trustee's receipt of such objection, the Liquidating Trustee shall be entitled to payment of the contested portion of his fees and/or expenses only pursuant to a Final Order of the Bankruptcy Court after notice and opportunity for a hearing, provided that the Liquidating Trustee shall be entitled to payment of the uncontested portion, if any, of such fees and expenses upon expiration of the Fee Notice Period.

4.6.    Tenure, Removal, and Replacement of the Liquidating Trustee.  The authority of the Liquidating Trustee will be effective as of the Effective Date and will remain and continue in full force and effect until the Trust Termination Date (as defined in Section 5.1, below).  The service of the Liquidating Trustee will be subject to the following:

(a)    The Liquidating Trustee will serve until death, resignation pursuant to subsection (i) below, or removal pursuant to subsection (ii) below.

(i)    The Liquidating Trustee may resign upon 60 days' written notice of resignation to the USACM Trust Committee, provided that no such resignation will be effective until a ready and able successor Liquidating Trustee has been appointed and approved in accordance with this Section 4.6.  The resigning Liquidating Trustee shall file an Interim Report comparable to the Final Report described in Section 0 but for the period of his service.  Upon the resignation of the Liquidating Trustee and the appointment of a successor, the resigning Liquidating Trustee will, if applicable, convey, transfer, and set over to the successor Liquidating Trustee by appropriate instrument or instruments all of the funds, if any, then unconveyed or otherwise undisposed of and all other assets then in the resigning Liquidating Trustee's possession and held under this Agreement.

(ii)    The Liquidating Trustee may be removed for good cause upon motion filed with the consent of any member of the USACM Liquidating Trust Committee, which removal shall become effective upon order of the Bankruptcy Court. For purposes of this Section, "cause" shall mean (v) an act of fraud, embezzlement or theft in connection with the Liquidating Trustee's duties or in the course of his employment in such capacity, (x) intentional wrongful damage to the Trust Assets, (y) intentional wrongful disclosure of confidential information of the USACM Liquidating Trust resulting in material harm to the USACM Liquidating Trust, or (z) gross negligence by the Liquidating Trustee in connection with the performance of his duties under this Agreement.   The Liquidating Trustee may also be removed at any time, with or without cause, upon the unanimous consent of the USACM Trust Committee.  Prior to the effective date of removal of the Liquidating Trustee, a ready and able successor to the

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

Liquidating Trustee shall be appointed pursuant to Section 4.6(b) hereof. The Liquidating Trustee being removed shall file an Interim Report comparable to the Final Report described in Section 4.9(a) but for the period of his service.

(b)     In the event of a vacancy in the position of the Liquidating Trustee by resignation, removal or death, a successor shall be appointed upon (i)(x) the unanimous consent of the USACM Trust Committee, or (y) by the Bankruptcy Court upon motion by any party in interest with the consent of any member of the USACM Trust Committee, and (ii) the confirmation of such appointment by the Bankruptcy Court.

(c)     Immediately upon appointment of any successor Liquidating Trustee, all rights, powers, duties, authority, and privileges of the predecessor Liquidating Trustee hereunder will be vested in and undertaken by the successor Liquidating Trustee without any further act; and the successor Liquidating Trustee will not be liable personally for any act or omission of the predecessor Liquidating Trustee. Any successor Liquidating Trustee shall also succeed as Trust Assets Estate Representative.

(d)     If the Liquidating Trustee is removed for cause, such Liquidating Trustee shall not be entitled to any accrued but unpaid fees, expenses or other compensation under this Agreement or otherwise. If the Liquidating Trustee resigns or is removed or replaced for a reason other than cause, such Liquidating Trustee shall be entitled to all accrued but unpaid fees, expenses, and other compensation, to the extent incurred, arising or relating to events occurring before his removal or resignation, and to any out-of-pocket expenses reasonably incurred in connection with the transfer of all powers and duties and all rights to any successor Liquidating Trustee, plus a portion of the 3% success fee described in Section 4.5(a)(ii) hereof. The calculation of the success fee to be paid to the Liquidating Trustee in the event that Trustee resigns, or is removed or replaced for a reason other than cause shall be as follows:

> The Gross Recovery (as defined in Section 4.5(a)(ii) hereof) in excess of $30,000,000 x 3% times a fraction, the numerator of which is the Gross Recovery attributable to the resigning or removed Liquidating Trustee times 1.5, and the denominator of which is the Gross Recovery by the USACM Liquidating Trust.

For example purposes only, should the Liquidating Trustee be removed without cause after accumulating $25,000,000 in Gross Recovery and total Liquidating Trust recoveries equal $40,000,000, the percentage recovery would be equal to $10,000,000 x 3.0% ($300,000) x (($25,000,000/$40,000,000) x 1.5) divided by $40,000,000), which equates to a percentage fee equal to $281,250.

4.7.    <u>Continuance of Trust</u>. The death, resignation, or removal of the Liquidating Trustee shall not operate to terminate the Trust created by this Agreement or to revoke any existing agency (other than any agency of the Liquidating Trustee as the

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

Liquidating Trustee) created pursuant to the terms of this Agreement or invalidate any action taken by the Liquidating Trustee, and the Liquidating Trustee agrees that the provisions of this Agreement shall be binding upon and inure to the benefit of the Liquidating Trustee and the Liquidating Trustee's successors or assigns, as the case may be.  In the event of the resignation or removal of the Liquidating Trustee, in addition to preparation and filing with the Bankruptcy Court of an Interim Report, the Liquidating Trustee shall promptly:

      (a)    execute and deliver by the effective date of resignation or removal such documents, instruments, and other writings as may be reasonably requested by the successor Liquidating Trustee to effect the termination of the resigning or removed Liquidating Trustee's capacity under this Agreement and the conveyance of the Trust Assets then held by the resigning or removed Liquidating Trustee to the successor Liquidating Trustee;

      (b)    deliver to the successor Liquidating Trustee all documents, instruments, records and other writings relating to the Trust as may be in the possession or under the control of the resigning or removed Liquidating Trustee; and

      (c)    otherwise assist and cooperate in effecting the assumption of the resigning or removed Liquidating Trustee's obligations and functions by the successor Liquidating Trustee.

The resigning or removed Liquidating Trustee hereby irrevocably appoints the successor Liquidating Trustee as his attorney–in-fact and agent with full power of substitution for him and his name, place and stead to do any and all acts that such resigning or removed Liquidating Trustee is obligated to perform under this Section 4.7.  Such appointment shall not be affected by the subsequent disability or incompetence of the Liquidating Trustee making such appointment.  The Bankruptcy Court also may enter such orders as are necessary to effect the termination and transfer.

    4.8.   <u>Acceptance of Appointment by Successor Liquidating Trustee</u>.  Any successor Liquidating Trustee appointed hereunder shall execute an instrument accepting such appointment and assuming all of the obligations of the Liquidating Trustee under this Agreement and thereupon the successor Liquidating Trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts, and duties of his predecessor as Liquidating Trustee hereunder with like effect as if originally named herein (including without imitation the duties of the Trust Assets Estate Representative); <u>provided</u> that the predecessor Liquidating Trustee shall, if applicable, when requested in writing by the successor Liquidating Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Liquidating Trustee upon the trust herein expressed, all the estates, properties, rights, powers and trusts of such predecessor Liquidating Trustee, and shall duly assign, transfer, and deliver to such successor Liquidating Trustee all property and money held hereunder.

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

4.9.    <u>Final Report and Discharge of Liquidating Trustee</u>.

(a)    <u>Final Report</u>.  Prior to termination of the USACM Liquidating Trust, the Liquidating Trustee shall prepare a final report (the "<u>Final Report</u>"), which shall contain the following information:  (i) all Trust Assets including funds of the Trust originally charged under the Liquidating Trustee's control; (ii) all funds transferred into and out of, the Reserves; (iii) a summarized accounting, in sufficient detail, of all purchases, sales, gains, losses, and income and expenses in connection with the Trust during the Liquidating Trustee's term of service, (iv) a statement setting forth each Beneficiary's share of items of income, gain, loss, deduction or credit and the Distributions to Beneficiaries; (v) the ending balance of all Trust Assets and funds of the Trust as of the date of discharge; and (vi) a narrative describing actions taken by the Liquidating Trustee in the performance of his duties which materially affect the USACM Liquidating Trust.  At the discretion of the USACM Trust Committee, the Final Report may be audited by the USACM Liquidating Trust's independent accountants in accordance with generally accepted auditing standards.

(b)    <u>Approval of Final Report and Discharge of the Liquidating Trustee</u>. The Liquidating Trustee's Final Report, and any audit thereof, prepared pursuant to the Plan and this Section 4.9, shall be filed with the Bankruptcy Court and served on each member of the USACM Trust Committee, the U.S. Trustee and any Entity listed on the Post-Effective Date Service List pursuant to Section 9.2 hereof, along with a motion for approval of the Final Report and discharge of the Liquidating Trustee, and notice that any objections are due 30 days later. If approved by the Bankruptcy Court, the Liquidating Trustee shall be discharged from all liability to the USACM Liquidating Trust or any Entity who or which has had or may then or thereafter have a claim against or the USACM Liquidating Trust for acts or omissions in the Liquidating Trustee's capacity as the Liquidating Trustee or in any other capacity contemplated by this Trust Agreement or the Plan, provided that any Liquidating Trustee removed for cause pursuant to Section 4.6(a)(ii) shall not be entitled to receive such a discharge.

4.10.    <u>Bond or Insurance</u>.  The Liquidating Trustee shall obtain a trustee's bond from an Entity reasonably satisfactory to the USACM Trust Committee to protect the Beneficiaries with respect to his obligations as Liquidating Trustee, and pay the premiums for such bond with Trust Assets as an expense of administering the USACM Liquidating Trust.  The bond amount shall be determined based upon the amount of Cash under the control of the Liquidating Trustee at any time.  The amount of the Bond shall be adjusted from time to time in accordance with Cash receipts and disbursements by the USACM Liquidating Trust.  Alternatively, the Liquidating Trustee may satisfy the requirement of a bond with insurance coverage for the liabilities, duties and obligations of the Liquidating Trustee and his agents, employees, and professionals (in the form of an errors and omissions policy or otherwise) which may, at the sole option of the Liquidating Trustee, remain in effect for a reasonable period after the conclusion of the

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

Liquidating Trustee's service.  The Liquidating Trustee shall further be authorized to obtain all reasonably necessary insurance coverage with respect to any property that is or may in the future become Trust Assets.

4.11.  USACM Trust Committee.

(a)  Function and Initial Composition.  The Liquidating Trustee shall be advised by a committee of consisting of five members, each of whom shall be a natural person (the "USACM Trust Committee") holding or representing a direct beneficial interest in the Trust.  The initial members of the USACM Trust Committee shall be nominated as follows:  (i) three of the members will be nominated by the USACM Committee (which will also designate an alternate member, whose service will begin if and when one of the three nominees ceases to serve), (ii) one member who has an ownership interest in DTDF will be nominated by the DTDF Committee, and (iii) one member who is a Direct Lender will be nominated by the Direct Lenders Committee. The initial members of the USACM Trust Committee shall be nominated prior to the Confirmation Hearing, and their appointment approved in the Confirmation Order.

(b)  Term of Service.  The initial members of the USACM Trust Committee shall serve for the duration of the USACM Liquidating Trust or until resignation.  A member of the USACM Trust Committee may resign at any time by providing written notice to the Liquidating Trustee and other members of the USACM Trust Committee.  A member of the USACM Trust Committee also may be replaced by majority vote of the Liquidating Trustee and the remaining members of the USACM Trust Committee if such member fails to hold or represent a direct beneficial interest in the Trust, or is incapacitated and unable to continue functioning as a member of the USACM Trust Committee, or otherwise failing to perform the duties of a member of the USACM Trust Committee.

(c)  Replacement of Members of USACM Trust Committee.  Upon resignation, death or removal of a member of the USACM Trust Committee nominated by the USACM Committee, a replacement member who has a direct or indirect beneficial interest in the Trust shall be the alternate member initially selected by the USACM Committee, who shall not participate in the USACM Trust Committee until becoming a replacement member, and if such alternate member is not available or willing to serve at that time, such replacement member shall be selected by majority vote of the Liquidating Trustee and the remaining members of the USACM Trust Committee as nominated by the USACM Committee.  Upon the resignation, removal or death of the member nominated by the DTDF Committee, the replacement member shall be nominated by the DTDF Administrator.  Upon the resignation, removal or death of the member nominated by the Direct Lenders Committee, the replacement member shall be nominated by the withdrawing member.  Failing a nomination by the DTDF Administrator or the successor to the Direct Lenders Committee, as applicable, the replacement member shall be

27

selected by majority vote of the Liquidating Trustee and the remaining members of the USACM Trust Committee.

(d)    <u>Action By USACM Trust Committee</u>.  Except where unanimous consent of the USACM Trust Committee is expressly required in this Agreement, the USACM Trust Committee actions and consent of the USACM Trust Committee shall be taken or given by majority vote of the members of the USACM Trust Committee permitted to vote on such a matter.

(e)    <u>Duties, Rights and Powers of the USACM Trust Committee</u>.  The USACM Trust Committee shall have the following duties, rights and powers:

(i)    To adopt rules of governance;

(ii)    The right, but not the obligation, to retain counsel to be paid from Trust Assets in the event of a dispute between the Liquidating Trustee and the USACM Trust Committee;

(iii)    Payment of the reasonable out of pocket expenses of the USACM Trust Committee members and the reasonable fees for the USACM Trust Committee's counsel if retained, under the procedures set forth for the Liquidating Trustee and his professionals in this Agreement and the Plan;

(iv)    The liability of the USACM Trust Committee members shall be limited in the same manner as that of the Liquidating Trustee under this Agreement and the Plan;

(v)    The USACM Trust Committee shall consult with the Liquidating Trustee concerning the collection of funds, liquidation, sale or other disposition of Trust Assets, settlement of Claims and Litigation Claims, matters relative to implementation of the Plan, Distributions under the Plan, professionals retained by the Liquidating Trustee and their compensation, compensation to any retained employees of the USACM by the Liquidating Trustee and any other matter as may be requested by the Liquidating Trustee;

(vi)    Individual members of the USACM Trust Committee may participate in the discussion, but shall recuse themselves from voting on proposed action by the Liquidating Trustee that involves (A) an objection to any Claim held by such member or any Insider (as defined by Bankruptcy Code § 101(31) of such member, (B) the initiation of any litigation or prosecution of any Litigation Claim against such member or any Insider of such member, (C) the settlement of any Litigation Claim against such member or any Insider of such member, or (D) any other matter as to which such member has a material conflict of interest.  Notwithstanding the foregoing, no

28

member of the USCAM Trust Committee with any ownership interest in DTDF shall participate in any discussion relating to items (A) through (D) of the preceding sentence.

(vii)    Nothing in this Section shall be deemed to have transferred any fiduciary responsibilities of Liquidating Trustee to any member of the USACM Trust Committee or the USACM Trust Committee as a whole.

## SECTION 5.    DURATION OF USACM LIQUIDATING TRUST

5.1.    Duration of USACM Liquidating Trust.  The USACM Liquidating Trust shall terminate by entry of a Final Decree upon the closing of the USACM Case, but in any event no later than 5 years after the Effective Date.  Notwithstanding the foregoing, the Liquidating Trustee may, with the consent of the USACM Trust Committee, if it is in the best interests of the Beneficiaries, and subject to the approval of the Bankruptcy Court based on a finding that an extension is necessary to the purpose of the USACM Liquidating Trust, extend the term of the USACM Liquidating Trust for one or more finite periods based upon the particular facts and circumstances at that time (each, an "Extension Period"), provided that each Extension Period is requested by the Liquidating Trustee before expiration of the USACM Liquidating Trust term (as it may then have been extended).

5.2.    Continuance of USACM Liquidating Trust for Winding Up.  After the termination of the USACM Liquidating Trust and for the purpose of liquidating and winding up the affairs of the USACM Liquidating Trust, the Liquidating Trustee shall continue to act as such until he has fully executed his duties pursuant to the Plan and this Agreement (including, without limitation, his duties as the Trust Assets Estate Representative).  Upon distribution of the entire Trust Assets and the entry of the Final Decree and unless ordered otherwise by the Bankruptcy Court as part of the Final Decree, the Liquidating Trustee shall retain for a period of 2 years the books, records, Beneficiary Register, and certificates and other documents and files which shall have been delivered to or created by the Liquidating Trustee.  Subject to the Final Decree, at the Liquidating Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after 2 years from the completion and winding up of the affairs of the USACM Liquidating Trust.  Except as otherwise specifically provided herein, upon the discharge of all liabilities of the Liquidating Trustee, final Distribution of the entire Trust Assets and entry of the Final Decree, the Liquidating Trustee shall have no further duties or obligations hereunder.

## SECTION 6.    INDEMNIFICATION; LIMITATIONS ON LIABILITY

6.1.    Standard of Care; Exculpation.  The Liquidating Trustee, any Designee and any Person engaged or employed by the USACM Liquidating Trust, and the Liquidating Trustee's professionals and representatives and members of the USACM Trust Committee shall be and hereby are exculpated by all Entities, including without

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

limitation, the Beneficiaries (or successors of such Entities) and other parties in interest, from any and all claims, causes of action and other assertions of liability arising out of the discharge and implementation of the powers and duties conferred upon such Liquidating Trustee or USACM Trust Committee by the Plan, the Confirmation Order, this Agreement or any Order, except for actions or omissions to act that are determined by Final Order of the Bankruptcy Court to be due to gross negligence, willful misconduct or fraud. No Beneficiary or other party in interest will have or be permitted to pursue any claim or cause of action against the Liquidating Trustee, any Designee, the USACM Liquidating Trust or the professionals or representatives of either the Liquidating Trustee or the USACM Liquidating Trust for making payments and/or Distributions in accordance with or implementing the provisions of the Plan.

6.2.    <u>Action Upon Instructions</u>.  If in performing the Liquidating Trustee's duties under this Agreement, the Liquidating Trustee is required to decide between alternative courses of action, or the Liquidating Trustee is unsure of the application of any provision of this Agreement or the Plan, then the Liquidating Trustee shall be under no duty to take or refrain from taking such action not inconsistent with this Agreement as the Liquidating Trustee shall deem advisable. The Liquidating Trustee may at any time apply to the Bankruptcy Court for a determination as to the course of action to be taken by the Liquidating Trustee. The Liquidating Trustee and USACM Trust Committee members may consult with legal counsel and shall be fully protected in respect of any action taken or suffered in accordance with the written opinion of legal counsel selected with due care. The Liquidating Trustee may at any time seek instructions from the Bankruptcy Court concerning the acquisition, management or disposition of the Trust Assets.

6.3.    <u>Indemnification</u>.

(a)    <u>Indemnification of Liquidating Trustee and his Agents and Professionals</u>.  The USACM Liquidating Trust, but not any Beneficiary, shall indemnify, defend and hold harmless any Entity who was, or is, a party, or is threatened to be made a party, to any pending or contemplated action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that such Entity is or was the Liquidating Trustee or an employee of the USACM Liquidating Trust, or an employee, contractor, agent, attorney, accountant or other professional for the Liquidating Trustee, against all costs, expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by such Entity in connection with such action, suit or proceeding, or the defense or settlement of any claim, issue or matter therein, to the fullest extent, except to the extent such liability is determined to be the result of such Entity's willful misconduct, fraud or gross negligence, and provided that the indemnified parties acted in good faith and in a manner reasonably believed to be in or not opposed to the best interests of the Beneficiaries, and with respect to any criminal action or proceeding, had no reasonable cause to believe his conduct was unlawful, provided, that nothing in this Agreement shall preclude actions by the Liquidating

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

Trustee against any professionals engaged by him as Liquidating Trustee for negligence or professional malpractice. Costs or expenses incurred by any such Entity in defending any such action, suit or proceeding may be paid by the USACM Liquidating Trust in advance of the institution or final disposition of such action, suit or proceeding, if authorized by the Liquidating Trustee. Any action taken or omitted to be taken with the express approval of the Bankruptcy Court will conclusively be deemed not to constitute gross negligence, willful misconduct or fraud. Notwithstanding anything to the contrary herein, no Entity shall be indemnified by the Liquidating Trust under this Section for any costs, expenses (including attorneys' fees), judgments, fines and amounts paid in settlement arising from or relating to any claim, demand, or cause of action arising from any act or omission occurring prior to the existence of the USACM Liquidating Trust.

(b)    Indemnification of USACM Trust Committee Members. From and after the Effective Date, the USACM Liquidating Trust, but not any Beneficiary, shall indemnify, defend and hold harmless each member of the USACM Trust Committee, and their respective agents, employees, representatives, financial advisors, attorneys, successors or assigns against all costs and expenses (including attorneys' fees) incurred by any of them in defending against post-Confirmation Date claims that are based on actions allegedly taken (or not taken) by them in their respective capacities as USACM Trust Committee members arising from implementation of this Agreement or the Plan; provided, however, that no member, person or Entity shall be entitled to indemnification under this Agreement or the Plan for the costs and expenses of defending a cause of action in which it is ultimately judicially determined that such member, person or Entity was grossly negligent or acted fraudulently or with willful misconduct in performing duties under this Agreement or the Plan or under any Final Order of the Bankruptcy Court or applicable law and provided that the indemnified parties acted in good faith and in a manner reasonably believed to be in or not opposed to the best interests of the Beneficiaries, and with respect to any criminal action or proceeding, had no reasonable cause to believe his conduct was unlawful.

(c)    Status of Indemnification Claims. Any person or Entity entitled to indemnification under Section 6.1 or the Plan shall have a priority distribution right on the corpus of the USACM Liquidating Trust ranking pari passu with other parties entitled to indemnification hereunder or under the Plan, provided, however, that such right to payment shall be (i) subordinate in all respects to the right to payment associated with any unpaid Allowed Administrative Expense Claim, Allowed Priority Tax Claim or Allowed Priority Unsecured Claim, and (ii) prior to any right of payment of any Distributions to Beneficiaries of the USACM Liquidating Trust.

(d)    Insurance. The Liquidating Trustee may use Trust Assets (as an expense of consummating the Plan) to purchase indemnification insurance to satisfy any potential indemnification claims that may arise under this Section 6.1 or the Plan, in conjunction with any insurance obtained pursuant to Section 4.10

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

6.4.    <u>Limited Recourse</u>.  Except as provided in the Plan and this Agreement, no recourse shall ever be had, directly or indirectly, against the Liquidating Trustee personally or against any employee, contractor, agent, attorney, accountant or other professional retained by the Liquidating Trustee in accordance with the terms of this Agreement or the Plan, by legal or equitable proceedings or by virtue of any statute or otherwise, nor upon any promise, contract, instrument, undertaking, obligation, covenant or agreement whatsoever executed by the Liquidating Trustee in implementation of this Agreement or the Plan, or by reason of the creation of any indebtedness by the Liquidating Trustee under the Plan for any purpose authorized by this Agreement or the Plan, it being expressly understood and agreed that all such liabilities, covenants, and agreements of the USACM Liquidating Trust, whether in writing or otherwise, shall be enforceable only against and be satisfied only out of the Trust Assets or such part thereof as shall under the term of any such agreement be liable therefore or shall be evidence only of a right of payment out of the Trust Assets.  Notwithstanding the foregoing, the Liquidating Trustee may be held liable for his gross negligence, fraud or willful misconduct; and if liability on such grounds is established, recourse may be had against (a) the Liquidating Trustee's bond or applicable insurance coverage, and, (b) to the extent not covered by such bond, as further set forth in Section 6.5 below, directly against the Liquidating Trustee.  The fact that an act or omission was based upon advice of counsel for the Liquidating Trustee shall be evidence of good faith and reasonable judgment.  The Liquidating Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by him to be genuine and to have been signed or presented by the proper party or parties, and any order of the Bankruptcy Court.

6.5.    <u>No Liability for Acts of Predecessor</u>.  No successor Liquidating Trustee shall be in any way responsible or liable for the acts or omissions of any predecessor Liquidating Trustee in office prior to the date on which such Entity becomes the Liquidating Trustee, nor shall such successor Liquidating Trustee be obligated to inquire into the validity or propriety of any such act or omission unless such successor Liquidating Trustee expressly assumes such responsibility.  Any successor Liquidating Trustee shall be entitled to accept as conclusive any final accounting and statement of Trust Assets furnished to such successor Liquidating Trustee by the predecessor Liquidating Trustee and shall further be responsible only for those Trust Assets properly includable in such statement.

6.6.    <u>Express Exculpatory Clauses in Instruments</u>.  As far as practicable, the Liquidating Trustee shall cause any written instrument creating an obligation of the USACM Liquidating Trust to include a reference to this Agreement and to provide that none of the Beneficiaries or the Liquidating Trustee shall be liable thereunder and that the other parties to such instrument shall look solely to the Trust Assets for the payment of any claim thereunder or the performance thereof; <u>provided</u>, <u>however</u>, that the omission of such provision from any such instrument shall not render any Beneficiary or the

Liquidating Trustee liable nor shall the Liquidating Trustee be liable to anyone for such omission.

6.7.    Limited Liability of the Trust Assets Estate Representative.  For the avoidance of doubt, the provisions of Section 6.4 hereof, to the extent applicable, shall include the Liquidating Trustee acting in his capacity as Trust Assets Estate Representative.

## SECTION 7.    REPORTS TO BENEFICIARIES OTHER THAN FINAL REPORT

7.1.    Securities Laws and Investment Company Act.  Under Section 1145 of the Bankruptcy Code, the issuance of beneficial interests in the USACM Liquidating Trust pursuant to the Plan shall be exempt from registration under the Securities Act of 1933, as amended, and applicable state and local laws requiring registration of securities.  The Liquidating Trust is organized as a liquidating entity in the process of liquidation, and therefore should not be considered, and the USACM Liquidating Trust does not and will not hold itself out as, an "investment company" or an entity "controlled" by an "investment company" as such terms are defined in the Investment Company Act. Notwithstanding the foregoing, if the Liquidating Trustee determines, with the advice of counsel, that the USACM Liquidating Trust is required to comply with the registration and reporting requirements of the Securities Exchange Act of 1934, as amended, or the Investment Company Act of 1940, as amended, then the Liquidating Trustee shall take any and all actions to comply with such reporting requirements and file periodic reports with the Securities and Exchange Commission.  For purposes of Section 1145 of the Bankruptcy Code, the USACM Liquidating Trust shall be successor-in-interest to USACM.

7.2.    Quarterly Reports.

(i)    The Liquidating Trustee shall prepare and file on a timely basis the quarterly post-confirmation reports required by Bankruptcy Code Section 1106(a)(7) and U.S. Trustee Guidelines, and serve them on each member of the USACM Trust Committee, the U.S. Trustee and any Entity listed on the Post-Effective Date Service List pursuant to Section 9.2 hereof.

(ii)    If directed by the USACM Trust Committee, the Liquidating Trustee shall prepare a supplemental written report accompanying each quarterly report described in Section 7.2(i) with (x) financial statements of the USACM Liquidating Trust for such period, and, if the end of a calendar year, a financial statement for such calendar year or portion thereof in which the USACM Liquidating Trust operated (which may be prepared by an independent certified public accountant employed by the Liquidating Trustee); (y) a statement of all transactions and the amounts thereof (including, without limitation, all income of the USACM Liquidating Trust, all dispositions and settlements

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

of Litigation Claims, Distributions under the Plan, expenditures and other disbursements) consummated or effected during the period covered by such report, as well as all settlements or other resolutions regarding Disputed Claims consummated or effected during the period covered by such report; and (z) a description of the progress of converting Trust Assets to Cash and making Distributions to Beneficiaries and any other material information relating to the Trust Assets and the administration of the USACM Liquidating Trust. Such reports shall be filed with the Bankruptcy Court and served on each member of the USACM Trust Committee, the U.S. Trustee and any Entity listed on the Post-Effective Date Service List pursuant to Section 9.2(b).  Any Beneficiary may receive a copy of any such report by making a written request to the Liquidating Trustee.

7.3.    Calculations; Source of Distributions.  The Liquidating Trustee shall maintain detailed records of (i) the calculations performed by the Liquidating Trustee or his professionals in respect of any Distributions and disbursements made pursuant to the Plan and (ii) the accounts from which any such Distributions or disbursements were made.  Such records shall be sufficient to enable determination, among other things, of whether such Distributions and disbursements made by the Liquidating Trustee were in compliance with the terms of the Plan.

7.4.    Tax Reporting.  Following the end of each calendar year, the Liquidating Trustee shall promptly submit to each Beneficiary appearing in his records during such year a separate statement setting forth the information necessary for such Beneficiary to determine its share of items of income, gain, loss, deduction, or credit and will instruct each Beneficiary to report such items on its federal income tax returns (and state and local tax returns, as applicable).

## SECTION 8.    AMENDMENT AND WAIVER

The provisions of this Agreement relating to the governance of the USACM Liquidating Trust or any other material provision of this Agreement may be amended from time to time, without modifying the Plan, provided that any such amendment shall be consistent with this Agreement and with the provisions of the Plan.  Any such amendment shall be effective with (a) the written consent of the Liquidating Trustee, and (b)(i) unanimous consent of the USACM Trust Committee or (ii) Bankruptcy Court approval.  Notwithstanding this SECTION 8, this Agreement shall not be amended to materially alter the priority of Claims or distribution scheme under the Plan.  Any amendments to this Agreement shall not be inconsistent with the purpose and intention of the USACM Liquidating Trust to liquidate in an expeditious but orderly manner the Trust Assets in accordance with Treasury Regulations Section 301.7701-4(d) and Section 3.1 hereof.

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

## SECTION 9.    MISCELLANEOUS PROVISIONS

9.1.    Notices.  Except as otherwise set forth in Section 9.2(b), all notices, requests, elections, demands or other communications in connection with this Agreement or the Plan, including, without limitation, any change of address of any Holder of an Allowed Claim for the purposes of receiving any Distributions under this Agreement or the Plan, shall be in writing and shall be delivered personally or by telecopy, e-mail or overnight delivery service, or mailed by stamped first class mail to the Entities identified in this Section.  An Entity may change the address to which notices shall be sent by notice given in accordance with this Section.  Such notice shall be deemed to have been given the next Business Day after receipt or, if mailed by first class mail, seven (7) days after the date of mailing:

If to the Liquidating Trustee, to:

Geoffrey L. Berman
Development Specialists, Inc.
Wells Fargo Center
333 South Grand Avenue, Suite 4070
Los Angeles, CA 90071-1544
gberman@dsi.biz

with a copy to:

Matthew Sorenson
Development Specialists, Inc.
Wells Fargo Center
333 South Grand Avenue, Suite 4070
Los Angeles, CA 90071-1544
msorenson@dsi.biz

| | |
|---|---|
| Rob Charles | Susan M. Freeman |
| Lewis and Roca LLP | Lewis and Roca LLP |
| 3993 Howard Hughes Parkway, Suite 600 | 40 N. Central, Suite 1900 |
| Las Vegas, NV 89169 | Phoenix, AZ 85004-4429 |
| RCharles@LRLaw.com | SFreeman@LRLaw.com |
| | |
| Alan B. Diamond | Eric D. Madden |
| Diamond McCarthy LLP | Diamond McCarthy  LLP |
| Two Houston Center | 1201 Elm Street, Suite 3400 |
| 909 Fannin Street, Suite 1500 | Dallas, TX 75270 |
| Houston, TX 77010 | emadden@diamondmccarthy.com |
| adiamond@diamondmccarthy.com | |

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

or such other address as shall be filed with the Bankruptcy Court.

If to the USACM Trust Committee, to:

James R. Bonfiglio
8635 W. Sahara Avenue, Unit 220
Las Vegas, NV 89117

Charles Hainsworth
750 E. Warm Springs Road, Suite 400
Las Vegas, NV 89134
chainsworth@nsbank.com

Suzanne Nounna
8635 W. Sahara Avenue, Suite 80
The Lakes, NV 89117-5858

| Michael Tucker | with a copy to: | Marc Levinson |
|---|---|---|
| FTI Consulting | | Orrick, Herrington & Sutcliffe, LLP |
| Two N Central Ave., Ste. 1200 | | 400 Capitol Mall, Ste 3000 |
| Phoenix, AZ 85004-2322 | | Sacramento, CA 95814-4497 |
| michael.tucker@fticonsulting.com | | malevinson@orrick.com |

Donald R. Walker
9209 Eagle Hills Drive
Las Vegas, NV 89134-6109
Drwalker1@cox.net

or such other addresses as shall be delivered to the Trustee.

9.2.    Delivery of Certain Notice.  The Liquidating Trustee shall give the following notice with regard to the following matters, which notice shall be deemed to be good and sufficient notice of such matters, with no requirement for any additional or further notice:

(a)    Notice of Entry of Confirmation Order and Effective Date.  Notice of the (i) entry of the Confirmation Order and (ii) Effective Date, which may be contained in a single notice, shall be sufficient if mailed to all parties entitled to notice under Bankruptcy Rule 2002(f)(7) as soon as practicable following the Effective Date.

(b)    Post-Effective Date Service List.  Except as set forth in Section 9.1, from and after the Effective Date, notices of appearance and demands for service of process filed with the Bankruptcy Court prior to such date shall no longer be effective, and no further notices, other than Notice of Entry of the Confirmation Order and the

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

Notice of Effective Date of the Plan, shall be required to be sent to any Entity, except each Entity that files with the Bankruptcy Court a new notice of appearance and demand for service of process dated subsequent to the Effective Date, which subsequent notice and demand must be filed with the Bankruptcy Court and served upon the Entities listed in Section 9.1.  A list setting forth the name, address, e-mail address, if any, and telephone number of each such Entity shall be maintained by the Liquidating Trustee and shall be provided upon request (the "Post-Effective Date Service List").

9.3.    Intention of Parties to Establish Liquidating Trust.  This Agreement is intended to create a liquidating trust for federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent herewith and, if necessary, this Agreement may be amended to comply with such federal income tax laws, which amendments may apply retroactively.

9.4.    Preservation of Privilege and Exercise by Liquidating Trustee.  To the full extent permitted by law, USACM will be deemed to irrevocably transfer to the Liquidating Trustee, as its legal successor, all rights of USACM and the USACM Estate (including the USACM Estate after the Confirmation Date) to exercise or waive any attorney-client privilege, accountant-client privilege, work-product privilege or other privilege or immunity attaching to any documents or communications (whether written or oral) (collectively, the "Privileges"), and USACM and the Liquidating Trustee are authorized to take all necessary actions to effectuate the transfer of the Privileges.  All such Privileges also shall vest in the USACM Liquidating Trust and its representatives, to the full extent permitted by law.  This transfer is self-executing, provided however, that the Liquidating Trustee and USACM are authorized and directed to take any and all necessary actions to effectuate the transfer of such Privileges. After the Effective Date the Liquidating Trustee shall have the exclusive power and authority to assert or waive the Privileges. Likewise, to the fullest extent permitted by law, FTDF, with respect to the FTDF Litigation Claims only, will be deemed to irrevocably transfer to the Liquidating Trustee, as its legal successor, all rights of FTDF and the FTDF Estate (including the FTDF Estate after the Confirmation Date) to exercise or waive any Privileges relating in any manner to the FTDF Litigation Claims, and FTDF and the Liquidating Trustee are authorized to take all necessary actions to effectuate the transfer of such Privileges, which also shall vest in the USACM Liquidating Trust and its representatives, to the full extent permitted by law.  This transfer is self-executing, provided however, that the Liquidating Trustee and FTDF are authorized and directed to take any and all necessary actions to effectuate the transfer of such Privileges. After the Effective Date the Liquidating Trustee shall have the exclusive power and authority to assert or waive any Privileges relating exclusively to the FTDF Litigation Claims.

9.5.    Effectiveness.  This Agreement shall become effective upon the Effective Date of the Plan.

9.6.    Counterparts.  This Agreement may be executed in one or more counterparts, all of which shall be taken together to constitute one and the same instrument.

9.7.    Governing Law.  Except to the extent the Bankruptcy Code or the Bankruptcy Rules are applicable, this Agreement shall be governed by, construed under and interpreted in accordance with, the laws of the State of Nevada, without giving effect to conflict-of-law principles.

9.8.    Severability of Provisions.  Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions of this Agreement or affecting the validity or enforceability of any of the terms or provisions of this Agreement in any other jurisdiction.

9.9.    Entire Agreement.  This Agreement (including the Recitals), the Plan, and the Confirmation Order constitute the entire agreement by and among the parties and there are no representations, warranties, covenants or obligations except as set forth herein or therein.  This Agreement, the Plan and the Confirmation Order supersede all prior agreements, understandings, negotiations, discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder.  Except as otherwise specifically provided herein, in the Plan or in the Confirmation Order, nothing in this Agreement is intended or shall be construed to confer upon or to give any Entity other than the parties hereto and their respective heirs, administrators, executors, successors, or assigns any right to remedies under or by reason of this Agreement.

9.10.    Effect of Death, Incapacity or Bankruptcy of Beneficiary.  The death, incapacity or bankruptcy of a Beneficiary during the term of this Agreement shall not operate to terminate the Agreement, nor shall it entitle the representatives or creditors of the deceased Beneficiary to an accounting, or to take any action in the courts or elsewhere for the distribution of the Trust Assets or for a partition thereof, nor shall it otherwise affect the rights and obligations of any Beneficiary.

9.11.    Effect of USACM Liquidating Trust on Third Parties.  There is no obligation on the part of any purchaser or purchasers from the Liquidating Trustee or any agent of the Liquidating Trustee, or on the part of any other Entities dealing with the Liquidating Trustee or any agent of the Liquidating Trustee, to see to the application of the purchase money or other consideration passing to the Liquidating Trustee or any agent of the Liquidating Trustee, or to inquire into the validity, expediency or propriety of any such transaction by the Liquidating Trustee or any agent of the Liquidating Trustee.

9.12.    Waiver.  No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver by

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

such party of any right or remedy pursuant thereto.  Resort to one form of remedy shall not constitute a waiver of alternative remedies.

9.13.  <u>Tax Identification Numbers</u>.  The Liquidating Trustee may require any Beneficiary to furnish to the Liquidating Trustee (a) its employer or taxpayer identification number as assigned by the Internal Revenue Service, and (b) such other records or documents necessary to satisfy the Liquidating Trustee's tax reporting obligations (including, but not limited to, certificates of non-foreign status).  The Liquidating Trustee may condition the payment of any Distribution to any Beneficiary upon receipt of such identification number and requested documents.

9.14.  <u>Headings</u>.  The Section headings contained in this Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

9.15.  <u>Rules of Construction</u>.  Except as otherwise expressly provided in this Agreement or unless the context otherwise clearly requires:

(a)  References to designated Sections and other subdivisions of this Agreement, such as "Section 6.3(b)," refer to the designated Section or other subdivision of this Agreement as a whole and to all subdivisions of the designated Section or other subdivision.  The words "herein," "hereof," "hereto," "hereunder" and other words and phrases of similar import refer to this Agreement as a whole and not to any particular Section or other subdivision of this Agreement.

(b)  Any term that relates to a document or a statute, rule, or regulation includes any amendments, modifications, supplements, replacements or any other changes that may have occurred since the document, statute, rule, or regulation came into being, including changes that occur after the date of this Agreement.

(c)  Any party may perform any of the requirements under this Agreement either directly or through others, and the right to cause something to be done rather than doing it directly shall be implicit in every requirement under this Agreement.  Unless a provision is restricted as to time or limited as to frequency, all provisions under this Agreement are implicitly available from time to time.

(d)  The term "including" and all its variations mean "including, but not limited to."  Except when used in conjunction with the word "either," the word "or" is always used inclusively (for example, the phrase "A or B" means "A or B or both," not "either A or B but not both").

(e)  All accounting terms used in an accounting context and not otherwise defined shall be construed in accordance with generally accepted accounting principles.

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

(f)     In the computation of a period from a specified date to a later specified date or an open-ended period, the word "from" means "from and including" and the words "to" or "until" mean "to but excluding." Likewise, in setting deadlines or other periods, "by" means "on or before," and "after" means "from and after.

(g)     All terms defined in this Agreement shall have the defined meanings when used in any certificate or other document made or delivered pursuant hereto unless otherwise defined therein.

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement or caused this Agreement to be duly executed by their respective duly authorized agents as of the day and year first written above.

USA COMMERCIAL MORTGAGE COMPANY,
a Nevada corporation

By _____

Name: Thomas J. Allison_____

Title: Chief Restructuring Officer_____


LIQUIDATING TRUSTEE


_____

Name: Geoffrey L. Berman_____

Title: Trustee_____

41

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement or caused this Agreement to be duly executed by their respective duly authorized agents as of the day and year first written above.

USA COMMERCIAL MORTGAGE COMPANY,
a Nevada corporation

By _____
Name: Thomas J. Allison_____
Title: Chief Restructuring Officer_____

LIQUIDATING TRUSTEE

Name: Geoffrey L. Berman_____
Title: Trustee_____

41

1781705.16