To:  Clerk of Court
     Foley Federal Building
     Courtroom 1
     300 Las Vegas Boulevard, South
     Las Vegas, Nevada 89101

Lewis and Roca LLP
c/o Susan M Freeman, AZ 4199 (pro hac vice)
3993 Howard Huges Parkway, Suite 600
Las Vegas, Nevada 89169-5996
U.S.

Re:  Cases BK-S-06-10725 – 10729-LBR
     Jointly Administered Under Case No. BK-S-06-10725 LBR
     Objection to status of Claim / Separation from USACM

This document is sent separately and simultaneously to both addressees. This is written to advise the court and USACM that we take exception with the proposal to the twenty-seventh omnibus objection filed on 20 March, 2007.

We note that the land and the trust deeds that secure the land as collateral for the loans issued are inseparable. We further note that the trust deeds represent the only claim that the lenders have to ensure that their investments will be returned, hopefully with the intended and noted gain through interest from use. It is to be noted herein that the undersigned have previously submitted and had acknowledged a proof of claim, which is expected to remain valid as of this date. Documentation can be provided as may be required.

Thus it is the position of the servicing agent, now USACM, that they do not serve as any tangible tie to the land that is secured by the investment documents. Please note that while that may be physically true, we do not believe that it is true in terms of the process as a whole.

First it should be noted by both the court and the servicing agent that this whole reorganization process was initiated with the pretense of salvaging both the business and the investor interests. It is now very apparent that the investor's interest is not being carried forth by either the court or the servicing agent. It is wholly to allow the servicing agent to slip out from under their expressed responsibility to serve both the borrower and the lender as the sole representative of both. The proposed move by the legal team of the servicing agent makes this very apparent.

It should not be forgotten that the servicing agent was the sole source to all of the investors as a marketing agent for the borrower. As such the servicing agent was inseparable from the loan at the outset, as far as the investor was concerned.

It should further be noted that it is because of the failure of the servicing agent to perform that all of the outstanding issues exist today. Had the agency operated on the basis of a creditable servicing agency, defaults would have duly been noted and foreclosure processes would have been perfected. In addition, valuations of properties were, it appears, intentionally misrepresented by the agent to maximize the amount of investment that could be attracted from lenders such as us.

Personally we noted this trend and wrote to the company to express our concerns prior to this chapter 11 reorganization. The reply we received was rather, it appears now, a brush off. Copies of this exchange are attached.

Therefore, we assert that the servicing agent knew what they were doing all along that has led us to the present reorganization process and should accept full responsibility in sharing the cost associated with any loss the lender might be forced to experience.

As such please note our objection to the separation of the lending documents from the servicing agent with a notation of unsecured. They indeed are secured, and it is because of the servicing agent that they exist at all. Therefore, the servicing agent should remain a direct party in the settlement of the outstanding loans.

Sincerely,

Roy R. Ventura, Jr., P.E.

Nancy B. Ventura

**USA Capital**
T: 702.734.2400 ext. 1074
C: 702.353.6540
F: 702.939.2131
E: molson@usacapitalcorp.com

*One of the nation's leading real estate lenders since 1989.*

**From:** Roy Ventura [mailto:rventura@accessme.com.jo]
**Sent:** Saturday, February 04, 2006 9:15 AM
**To:** Info - USA
**Subject:** Investor concern

It would be nice if this reached a member of the board. However, you have no officer designation on your website. I am an investor in your company. I have visited your offices on several occasions and through those visits was impressed to begin a portfolio with you. I have been doing this kind of investment since 1977, so I am very familiar with the process. I have also seen the evolution of the programs.

Since I generally live a long distance away from an office such as yours, this process requires a certain level of trust and a good knowledge of the process. I am sending this message with regard to my growing concern related to the information provided to the investor. Such information of course is used to make a determination as to whether to invest of not. As such, the loan to vale figure is very significant. More recently, in order to make an investment in the real estate market look more secure. The value frequently given a property is value after certain improvements have been made, generally with a portion of the money being sought. This can easily be understood if it is stated that the value is after improvements. Then it becomes and individual choice.

My concern is greatly increased when a loan to value is simply stated as in your current loan for Meadow Creek Partners, LLC associated with a development in Bozeman, Montana. If one doesn't look at the appraisal document, which generally is not included, one would have no idea of the true Loan-to-value of this property. In this case the actual As Is Loan -to - Value is 2.1.

I realize that I don't have to participate in this offer, and I won't. However, to simply state the loan-to-value is 48% is grossly misleading, and it concerns me. I have guided others to your company for investment, and I feel a responsibility to them. In addition, I consider the way the offer was placed as deceptive. It would seem your stated business philosophy is headed down hill.

As such as an investor, I would appreciate an explanation. Maybe there is something I am missing.

For what it is worth, having lived in Montana for more than 10 years, Bozeman is not the capitol of Montana. It is Helena

I am looking forward to a response from a corporate officer.

Thank you,

Roy R. Ventura, Jr.

2/11/2006

# Roy Ventura

**From:** "Roy Ventura" <rventura@accessme.com.jo>
**To:** "Mark Olson" <molson@usacapitalcorp.com>
**Sent:** Saturday, February 11, 2006 9:34 PM
**Subject:** Re: Investor concern

Mark,

Thank you for your response. I have been doing this sort of business for approximately 30 years. Things have evolved significantly. For me, having the information clearly presented is essential. The details are missing quite often in your offers. I can deal with my mistakes, however, if I make a judgement on incomplete information or a guess because the information is not complete, that is not the type of mistake I want to have.

The next time I visit the United States, perhaps I will have time to stop and visit with you.

Roy Ventura

----- Original Message -----
**From:** Mark Olson
**To:** Roy Ventura
**Sent:** Wednesday, February 08, 2006 1:24 AM
**Subject:** RE: Investor concern

Roy,

Thank you for your email message and investor concern. It has been reviewed and considered by Joseph D. Milanowski, President and Chief Operating Officer. We take investor questions like this very seriously. We also thank you for your business with us.

When we fund a loan, we raise the money from investors such as you and place it with a third-party project disbursement company. It is this third-party disbursement company's role to release the funds we have raised for a borrower and a project only as the work is completed. We do not just hand over a check for the full amount to the borrower and project when the money is raised.

Of course, as phases of a project are completed, the improvements increase the value of the project. We calculate Loan-to-Value on an improved property value. Because loan funds are only released as the project advances, our LTV ratio remains consistent with the offered value. In the case of Meadow Creek Partners, LLC., that value is 48%. The total amount of the loan funds released versus the improvements of the property is maintained at that offered LTV. On Day 1 when the land is raw, or on the Final Day when it is fully improved, that is the LTV.

I trust we have never lost money for you. I am concerned that the tone of your message deteriorated so significantly from beginning to end. I am sorry we caused you such anxiety and I hope the answer above provides an explanation you find satisfactory. Please email me if you have any other questions or concerns.

As for the Bozeman versus Helena mistake, that one is all mine, and I apologize. We have corrected the loan summary and website listing.

Sincerely,

Mark Olson

# Mark L. Olson
Director of Marketing

2/11/2006