

**LEWIS AND ROCA LLP**
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

RECEIVED & FILED

E-Filed on 3/23/07

'07 APR 18 [illegible]

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br>                           Debtors.<br><br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**NOTICE OF HEARING REGARDING OMNIBUS OBJECTION OF THE USACM LIQUIDATING TRUST TO COMMISSION CLAIMS ASSERTING PRIORITY STATUS**<br><br>Hearing Date: April 26, 2007<br>Hearing Time: 9:30 a.m. |

THE USACM LIQUIDATING TRUST IS OBJECTING TO THE CLAIM THAT YOU FILED. THIS IS NOT AN OBJECTION TO THE VALIDITY OF AMOUNT OF YOUR CLAIM SEEKING COMMISSIONS. RATHER, IT ARGUES THAT YOUR CLAIM IS NOT ENTITLED TO PRIORITY STATUS AND SHOULD BE RECLASSIFIED AS A GENERAL UNSECURED CLAIM. THE DEADLINE TO RESPOND TO THE OBJECTION IS APRIL 19, 2007. PLEASE DO NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE

1820498.1

LEWIS
AND
ROCA
LLP
LAWYERS

**MERITS OF YOUR CLAIM. QUESTIONS REGARDING THE AMOUNT OF A CLAIM OR THE FILING OF A CLAIM SHOULD BE DIRECTED TO BMC GROUP AT 888-909-0100, OR WWW.BMCGROUP.COM/USACMC, or to the undersigned counsel.**

**NOTICE IS HEREBY GIVEN** that the USACM Liquidating Trust, by and through its counsel, has filed an Omnibus Objection to Commission Claims Asserting Priority Status (the "Objection"). The USACM Liquidating Trust has requested that this Court enter an order, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order denying priority status to approximately 11 alleged Priority Claims filed by former loan brokers (or their assignees) asserting Claims against USA Commercial Mortgage Company ("USACM") that aggregate over $207,000.

Specifically, the USACM Liquidating Trust believes that brokers were involved in many instances in the solicitation of investments into non-performing loans and/or the assignment of certain Direct lenders into or out of investments in non-performing loans, possibly in violation of Nevada law, and that brokers may not be entitled to any commissions purportedly earned by such activities. In this Objection, however, the USACM Trust only contends that the commissions Claims are not entitled to priority status and that they should be reclassified as general unsecured Claims (albeit subject to potential further objection). As explained in the motion, the USACM Liquidating Trust may have other objections to the claims that will be filed later.

**NOTICE IS FURTHER GIVEN** that the hearing on the Objection will be held before the Honorable Linda B. Riegle, United States Bankruptcy Judge, in the Foley Federal Building, 300 Las Vegas Boulevard South, Courtroom 1, Las Vegas, Nevada, on **April 26, 2007**, at the hour of **9:30 a.m**.

2

1820498.1

LEWIS
AND
ROCA
LLP
LAWYERS

**NOTICE IS FURTHER GIVEN THAT THE HEARING SET ON APRIL 26, 2007, WILL BE HELD FOR THE PURPOSE OF STATUS CHECKS AND SCHEDULING EVIDENTIARY HEARINGS ONLY. NO ARGUMENTS WILL BE HEARD ON THAT DATE.**

**NOTICE IS FURTHER GIVEN** that any response to the Objection must be filed by **April 19, 2007** pursuant to Local Rule 3007(b), which states:

> If an objection to a claim is opposed, a written response must be filed and served on the objecting party at least 5 business days before the scheduled hearing. A response is deemed sufficient if it states that written documentation in support of the proof of claim has already been provided to the objecting party and that the documentation will be provided at any evidentiary hearing or trial on the matter.

If you object to the relief requested, you *must* file a **WRITTEN** response to this pleading with the Court. You *must* also serve your written response on the person who sent you this notice.

If you do not file a written response with the Court, or if you do not serve your written response on the person who sent you this notice, then:

- The Court may *refuse to allow you to speak* at the scheduled hearing; and
- The Court may *rule against you* without formally calling the matter at the hearing.

Dated: March 23, 2007.            **LEWIS AND ROCA LLP**


By: /s/ RC (#6593)
    Susan M. Freeman, AZ 4199 (*pro hac vice*)
    Rob Charles, NV 6593
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320
Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 3/23/07

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

In re:

USA COMMERCIAL MORTGAGE COMPANY,

USA CAPITAL REALTY ADVISORS, LLC,

USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,

USA CAPITAL FIRST TRUST DEED FUND, LLC,

USA SECURITIES, LLC,
                                    Debtors.

**Affects:**
☐ All Debtors
☒ USA Commercial Mortgage Company
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA Capital First Trust Deed Fund, LLC
☐ USA Securities, LLC

Case No. BK-S-06-10725-LBR
Case No. BK-S-06-10726-LBR
Case No. BK-S-06-10727-LBR
Case No. BK-S-06-10728-LBR
Case No. BK-S-06-10729-LBR

CHAPTER 11

Jointly Administered Under Case No. BK-S-06-10725 LBR

**OMNIBUS OBJECTION OF THE USACM LIQUIDATING TRUST TO COMMISSION CLAIMS ASSERTING PRIORITY STATUS**

Hearing Date:    April 26, 2007
Hearing Time:   9:30 a.m.

The USACM Liquidating Trust (the "USACM Trust") hereby files its Omnibus Objection to Commission Claims Asserting Priority Status ("Objection") and moves this Court, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order denying priority status to approximately 11 alleged priority Claims filed by former loan brokers (or their assignees) asserting Claims against USA Commercial Mortgage Company ("USACM") that aggregate over $207,000. The USACM Trust is not, by this filing, objecting at this time to any of the Claims as

1820437.1

LEWIS AND ROCA LLP
LAWYERS

unsecured Claims, but reserves the right to do so. This Objection is supported by the Court's record and explained in the following Memorandum.

## I. JURISDICTION

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II. BACKGROUND

1. On April 13, 2006 ("Petition Date"), USACM, USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with DTDF, the "Funds") (collectively the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who serves as the Chief Restructuring Officer.

2. USACM is a Nevada Corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.

3. This business included the solicitation of individual investors to purchase fractional interest in loans that USACM originated and then serviced. These investors, totaling approximately 3,600 as of the Petition Date, are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

**LEWIS AND ROCA LLP**
LAWYERS

4. Although USACM serviced and sometimes originated the loans in which the Direct Lenders invested, USACM was not a borrower on these loans.

5. On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest (the "Bar Date Order") [Docket No. 1280]. The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file proof of claims

6. On September 25, 2006, the Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358]. All Direct Lenders were served with a copy of the Bar Date order as well [Docket No. 1358].

7. On November 6, 2006, a stipulation was filed and an order entered extending the Bar Date for Direct Lenders only to file proofs of claim until January 13, 2007 [Docket No. 1729].

8. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" [Docket No. 2376].

9. Debtors' Third Amended Chapter 11 Plan of Reorganization (the "Plan") [Docket No. 1799] provides the following deadlines for objections to Claims:

> (A) for any and all Claims and Equity Interests to which the General Bar Date applies, ninety (90) days after the Effective Date; (B) for any and all Claims to which the Administrative Claims Bar Date or the Professionals Administrative Bar Date applies, thirty (30) days after the expiration of the respective Bar Date; and (C) for any and all Claims to which the Bar Date applicable under section B.3 of Art. V of the Plan applies, thirty (30) days after the expiration of that Bar Date.

10. USACM's claims and noticing agent received approximately 2,436 proofs of claim as of the January 13, 2007 Bar Date, asserting claims totaling more than $997,000,000, plus unknown amounts based on unliquidated Claims.

11. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

1820437.1

LEWIS
AND
ROCA
LLP
LAWYERS

12. The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee.

13. Several former loan brokers (or their assignees) filed 11 proofs of claim against USACM seeking commissions and asserting priority status, as listed on **Exhibit A** hereto (the "Commission Claims").

14. The USACM Trust believes that brokers were involved in many instances in the solicitation of investments into non-performing loans and/or the assignment of certain Direct Lenders into or out of investments in non-performing loans, possibly in violation of Nevada law, and that brokers may not be entitled to any commissions purportedly earned by such activities. In this Objection, however, the USACM Trust only contends that the Commission Claims are not entitled to priority status and that they should be reclassified as general unsecured Claims (albeit subject to potential further objection).

### III. APPLICABLE AUTHORITY

1. Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

2. The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a). This objection is timely under the confirmed Plan.

3. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the Claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate

LEWIS
AND
ROCA
LLP
LAWYERS

burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

## IV. OBJECTIONS TO CLAIMS

1. As more particularly described herein, the USACM Trust seeks in this Objection the reclassification of the Commission Claims as general unsecured Claims.

2. These Claims may be the subject of multiple objections herein for any of the reasons stated in this Objection. These Claims may also be subject to prior or subsequently filed objections.

3. The USACM Trust reserves the right to further object to any and all Claims, whether or not the subject of this Objection, for allowance and/or distribution purposes on any other grounds. The USACM Trust further reserves the right to modify, supplement and/or amend this Objection as it pertains to any Claim or claimant herein.

4. As explained, many of the loans brokered by USACM brokers involved the solicitation of investments into non-performing loans, possibly in violation of Nevada law. The USACM Trust believes that the Commission Claims listed on **Exhibit A** are not entitled to priority status, and may not be allowable at all as Claims against USACM. However, this Objection is limited only to the priority status of the Claims. As noted above, USACM reserves all other objections to these Claims.

## V. CONCLUSION

For the reasons discussed above, the USACM Trust objects to the priority status asserted in the proofs of claim listed on **Exhibit A** and requests that the Court reclassify these Claims as general unsecured Claims (albeit subject to possible additional objections). The USACM Trust also requests such other and further relief as is just and proper.

1820437.1

**LEWIS AND ROCA LLP**
LAWYERS

Dated: March 23, 2007.

**LEWIS AND ROCA LLP**

By: /s/ RC (#6593)
Susan M. Freeman, AZ 4199 (*pro hac vice*)
Rob Charles, NV 6593
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320
Email: RCharles@LRLaw.com
*Counsel for USACM Liquidating Trust*

1820437.1

**Exhibit A**
**USA COMMERCIAL MORTGAGE**
Objection to Commission Claims Asserting Priority Status - Reclassify Entire Claim Amount as a General Unsecured Claim

| | Claimant | Proof of Claim Number | Date Claim Filed | Proof of Claim Amount | Proof of Claim Priority Asserted | Proposed Treatment/Comments Objection |
|---|---|---|---|---|---|---|
| 1 | Baskin, Stewart<br>2625 N Green Valley Pkwy Ste 125<br>Henderson, NV 89014 | 10725-01792 | 12/13/2006 | $3,500.00 | P | Reclassify claim as a general unsecured claim. Claim is for commission by broker who signed up lenders for non-performing loans. Claim was also filed after November 13, 2006 Bar Date. |
| 2 | Debt Acquisition Comp Of America V LLC<br>1565 Hotel Cir South Ste 310<br>San Diego, CA 92108 | 10725-00779 | 10/27/2006 | $37,037.93 | P, U | Reclassify claim as a general unsecured claim. Claim is for commission by broker who signed up lenders for non-performing loans. |
| 3 | Debt Acquisition Comp Of America V LLC<br>1565 Hotel Cir South Ste 310<br>San Diego, CA 92108 | 10725-00780 | 10/27/2006 | $43,017.52 | P, U | Reclassify claim as a general unsecured claim. Claim is for commission by broker who signed up lenders for non-performing loans. |
| 4 | Debt Acquisition Comp Of America V LLC<br>1565 Hotel Cir South Ste 310<br>San Diego, CA 92108 | 10725-00781 | 10/27/2006 | $25,107.97 | P, U | Reclassify claim as a general unsecured claim. Claim is for commission by broker who signed up lenders for non-performing loans. |
| 5 | Debt Acquisition Comp Of America V LLC<br>1565 Hotel Cir South Ste 310<br>San Diego, CA 92108 | 10725-00783 | 10/27/2006 | $31,762.23 | P, U | Reclassify claim as a general unsecured claim. Claim is for commission by broker who signed up lenders for non-performing loans. |
| 6 | Debt Acquisition Comp Of America V LLC<br>1565 Hotel Cir South Ste 310<br>San Diego, CA 92108 | 10725-00904 | 10/27/2006 | $20,067.97 | P, U | Reclassify claim as a general unsecured claim. Claim is for commission by broker who signed up lenders for non-performing loans. |
| 7 | Esteves, Douglas A<br>4500 S Lakeshore St # 322<br>Tempe, AZ 85282 | 10725-00251 | 9/26/2006 | $6,468.75 | P, U | Reclassify claim as a general unsecured claim. Claim is for commission by broker who signed up lenders for non-performing loans. |

Objection to Commission
Claims Asserting Priority

**EXHIBIT A**

1

| | | | | | |
|---|---|---|---|---|---|
| 8 | Lee, Devin<br>7493 Big Cottonwood Ct.<br>Las Vegas, NV 89123 | 10725-00944 | 11/2/2006 | $13,875.00 | P, U | Reclassify claim as a general unsecured claim. Claim is for commission by broker who signed up lenders for non-performing loans. |
| 9 | Mollo, Mike<br>316 S Broadway #B<br>Redondo Beach, CA 90277-3709 | 10725-00366 | 10/2/2006 | $16,587.50 | P, U | Reclassify claim as a general unsecured claim. Claim is for commission by broker who signed up lenders for non-performing loans. |
| 10 | Mollo, Mike<br>316 S Broadway #B<br>Redondo Beach, CA 90277-3709 | 10725-00371 | 10/2/2006 | Blank | P | Reclassify claim as a general unsecured claim. Claim is for commission by broker who signed up lenders for non-performing loans. Proof of claim is also unsigned |
| 11 | Morgan, Stephanie Amber<br>3014 W William Cannon<br>Apt 1538<br>Austin, TX 78745 | 10725-00964 | 11/2/2006 | $10,000.00 | P | Reclassify claim as a general unsecured claim. Claim is for commission by broker who signed up lenders for non-performing loans. |

Objection to Commission
Claims Asserting Priority

2

EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

## PROOF OF CLAIM

**Name of Debtor:** USA COMMERCIAL MORTGAGE

**Case Number:** 06-10725

NOTE: See Reverse for List of Debtors and Case Numbers.
This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor and Address:**

STEWART BASKIN
2625 N. GREEN VALLEY PKWY
SUITE #125
HENDERSON, NV. 89014

**Creditor Telephone Number** (702) 434-5684

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☒ Check box if you have never received any notices from the bankruptcy court or BMC Group in this case.

☒ Check box if this address differs from the address on the envelope sent to you by the court.

DO NOT FILE THIS PROOF OF CLAIM FOR A SECURED INTEREST IN A BORROWER THAT IS NOT ONE OF THE DEBTORS.
If you have already filed a proof of claim with the Bankruptcy Court or BMC, you do not need to file again.
**THIS SPACE IS FOR COURT USE ONLY**

**Last four digits of account or other number by which creditor identifies debtor:** 0725

Check here if this claim ☐ replaces ☐ amends a previously filed claim dated: _____

### 1. BASIS FOR CLAIM
☐ Goods sold
☒ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other (describe briefly)
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☒ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #: 0339
Unpaid compensation for services performed from: 3-20-06 (date) to 4-10-06 (date)
☐ Unremitted principal
☐ Other claims against servicer (not for loan balances)

### 2. DATE DEBT WAS INCURRED: MARCH 20 - APRIL 10 - 2006
### 3. IF COURT JUDGMENT, DATE OBTAINED:

### 4. CLASSIFICATION OF CLAIM.
Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
See reverse side for important explanations.

**UNSECURED NONPRIORITY CLAIM $ _____**
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**UNSECURED PRIORITY CLAIM**
☒ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
Amount entitled to priority $ 3500.00
Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☒ Wages, salaries, or commissions (up to $10,000)*, earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**SECURED CLAIM**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief description of collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) ( ___ ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

### 5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:
$ _____ (unsecured)  $ _____ (secured)  $ 3500.00 (priority)  $ 3500.00 (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

### 6. CREDITS:
The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

### 7. SUPPORTING DOCUMENTS:
*Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

### 8. DATE-STAMPED COPY:
To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

The original of this completed proof of claim form must be sent by mail or hand delivered (FAXES NOT ACCEPTED) so that it is actually received on or before 5:00 pm, prevailing Pacific time, on November 13, 2006 for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units).

**BY MAIL TO:**
BMC Group
Attn: USACM Claims Docketing Center
P. O. Box 911
El Segundo, CA 90245-0911

**BY HAND OR OVERNIGHT DELIVERY TO:**
BMC Group
Attn: USACM Claims Docketing Center
1330 East Franklin Avenue
El Segundo, CA 90245

**DATE:** 12-6-06

**SIGN** and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
Stewart Baskin - STEWART BASKIN

FILED DEC 13 2006
USA CMC
1072501792

Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 162 AND 3571