Kelly J. Brinkman, Esq.
Nevada Bar No. 6238
GOOLD PATTERSON ALES & DAY
4496 South Pecos Road
Las Vegas, Nevada 89121
(702) 436-2600 (Telephone)
(702) 436-2650 (Fax)

Attorneys for Administrative Creditor

E-Filed on 4/16/07

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor.<br><br>In re:<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor.<br><br>In re:<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor.<br><br>In re:<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor.<br><br>In re:<br><br>USA SECURITIES, LLC,<br>Debtor.<br><br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LL | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**RESPONSE TO NOTICE OF HEARING REGARDING OMNIBUS OBJECTION OF THE USACM LIQUIDATING TRUST TO CLAIMS ASSERTING ADMINISTRATIVE EXPENSE STATUS**<br><br>Date: April 26, 2007<br>Time: 9:30 a.m. |

Goold Patterson Ales & Day ("GPAD") hereby file this Response ("Response") to the Omnibus Objection of the USACM Liquidating Trust ("Trust") to Claims Asserting Administrative Expense Status ("Objection").

The Objection to GPAD's administrative portion of its claim is without merit and should be overruled. First, the Trust has provided no factual grounds to substantiate disallowing

GPAD's administrative claim. That is, the Objection merely asserts that the claims should be disallowed based on a vague "does not qualify as an administrative expense."

Second, GPAD's post-petition work qualifies as an actual and necessary cost and expense of preserving the estate under both §§ 503(b)(1)(A) and 503(b)(3)(D), entitling GPAD to administrative priority. Specifically, the following work was done post-petition in connection with GPAD's administrative claim:

| Client Number | Description | Amount |
| --- | --- | --- |
| 1133.001 | Initial letter to Mr. Allison shortly after the bankruptcy filing to advise him of the litigation cases GPAD was handling and to seek guidance as to the handling of them. | $131.05 |
| 1133.101 | Included in error and should be deleted. | $437.72 |
| 1133.102 | Proceed with mandatory Nevada Supreme Court filings as appellee/cross appellant, and to consult with the debtor's bankruptcy counsel to prepare them for taking over the case. The work was to defend a judgment worth about $70,000, and to seek reversal of the trial court's reduction of the award to the debtor of $20,000. The settlement judge agreed with GPAD's position on the appeal, including reversal as to the $20,000 award. | $5,796.99 |
| 1133.109 | Proceeding with minimal duties as plaintiff in a case to recover about $117,000 from defendant under a written contract, and to inform debtor's counsel about the case prior to their taking it over. | $1,512.39 |
| 1133.114 | Work to preserve debtor's position as counterclaimant in a federal court case, and to consult with debtor's counsel about our proceeding with or their taking over the case. | $4,975.19 |
| 2800.033 | Included in error and should be deleted. | $1,022.02 |

## BACKGROUND

On or about November 9, 2006, GPAD filed (directly and through BMC) a proof of claim and administrative claim request (the "GPAD Claim") against USA Commercial Mortgage Company (the "Debtor"). See GPAD Claim filed against the Debtor attached hereto as Exhibit A, which is referenced on the Claims Register as Claim Nos. 761 and 968. Additionally, the GPAD Claim only seeks administrative expense status for $12,416.62, not the $79,372.96

GOOLD PATTERSON
ALES & DAY
ATTORNEYS AT LAW
4496 SOUTH PECOS ROAD
LAS VEGAS,
NEVADA 89121
(702) 436-2600

Response to Omnibus objection.doc

2

alleged by the Trust.

Pursuant to Objection, the Trust objects to GPAD's Claim on the grounds that this claim is not "the kind of expense that generally qualifies as administrative under section 503(b), . . . ." Further, the Trust alleges that GPAD "submitted no evidence in support of [its] alleged status." See the Objection as page 6, lines 1-3. The Trust, however, provides no support for its Objection and is contrary to the evidence submitted with the GPAD Claim.

## ARGUMENT

1. **The Trust's Vague and Unsubstantiated Objection Fails to Defeat GPAD's Properly Supported Administrative Claim.**

As noted in the Objection by the Trust, a claim constitutes prima facie evidence of the validity and amount of the claim pursuant to FRBP 3001(f). See Objection, page 5, ¶ 3. In order to overcome a claimant's *prima facie* case, however, a party objecting to the proof of claim must deduce facts tending to defeat the claim. See *In re Nejedlo*, 324 B.R. 697, 699 (Bankr. E.D. Wis. 2005) ("Under Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of both the validity and amount of the claim. According to the courts that have considered this Rule, a party objecting to the claim must produce evidence to rebut the claim or the claim will prevail; **the mere denial of the validity or amount is not sufficient to sustain an objection to a claim**") (emphasis added) (citing *In re Glenn*, 100 B.R. 763, 766 (Bankr. W.D. Pa. 1989)); *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000) ("To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim."); see also *In re Woodmere Investors LP*, 178 B.R. 346, 354 (Bankr. S.D.N.Y. 1995). Here, all the Trust has come forth with is a conclusory allegation that GPAD's Claim "is not the kind of expense that generally qualifies as administrative under Section 503(b)." The Objection, however, sets forth no facts to defeat GPAD's claim.

GOOLD PATTERSON
ALES & DAY
ATTORNEYS AT LAW
4496 SOUTH PECOS ROAD
LAS VEGAS,
NEVADA 89121
(702) 436-2600

GPAD submits that its Claim does provide adequate information for its basis, and, accordingly, the Trust's mere assertion, without more, does not warrant disallowance of this Claim.

Basically, the Trust has failed to sustain its burden of proof to overcome GPAD Claim's validity. In a case such as this, where the Objection is merely a formal objection without evidence, the Court should summarily overrule the Objection. See *Garner v. Shier (In re Garner)*, 246 B.R. 617, 623 (B.A.P. 9th Cir. 2000) ("[In this case, the Debtor] proffered no evidence whatsoever, choosing instead to stand on a mere formal objection that the proofs of claim were not good enough . . . The consequence of the status of the proof of claim as constituting prima facie evidence of validity and amount is that the evidence of the proof of claim is strong enough to prevail over a mere formal objection without more. In effect, one who chooses to make a mere formal objection is electing to narrow the issue to whether the proof of claim is executed and filed in accordance with the rules.") (citations omitted); see also *In re Schlehr*, 290 B.R. 387, 395 (Bankr. D. Mont. 2003) ("Upon objection, the proof of claim provides 'some evidence as to its validity and amount' and is 'strong enough to carry over a mere formal objection without more.'") (citing *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir.1991) (quoting 3 L. King, Collier on Bankruptcy § 502.02, at 502-22 (15th ed.1991)).

2.  **GPAD's Post-Petition Work Was an Actual and Necessary Cost and Expense of Preserving the Estate Under Section 503(b)(1)(A).**

Section 503(b)(1)(A) provides for an administrative claim for the "actual and necessary costs and expenses of preserving the estate." One of the main policies underlying this section is to provide an incentive for creditors and others to continue or commence doing business with an insolvent entity. In general, for a claim to qualify as a necessary preservation expense, the claim must have arisen from a transaction with the estate and it must have benefited the estate.

Both of these requirements are easily satisfied here. The work done included a small

Response to Omnibus objection.doc

GOOLD PATTERSON
ALES & DAY
ATTORNEYS AT LAW
4496 SOUTH PECOS ROAD
LAS VEGAS,
NEVADA 89121
(702) 436-2600

charge to inform the debtor in possession of the ongoing work GPAD was doing on litigation cases that have deadlines and thus necessary work. Additional work was also performed on various matters to: (1) preserve (and enhance) a judgment by defending an appeal (including making a cross appeal); (2) proceed with a collection case, but only doing minimal work until debtor's counsel took the case; (3) preserve a claim in a case; and (4) assist the debtor's counsel with the transfer of those cases to debtor's litigation attorneys.

3.  **GPAD's Post-Petition Work Resulted in a Substantial Contribution under Section 503(b)(3)(D) and 503(b)(4) Entitling it to Administrative Priority.**

Section 503(b)(3)(D) grants an administrative expense priority to the actual, necessary expenses incurred by a creditor in making a substantial contribution to the case. Factors courts have considered in determining whether an entity's participation constitutes a substantial contribution include: (1) whether the services were undertaken solely for the benefit of the party itself or for the benefit of all parties in the case; (2) whether the services were actions that would have been taken by the party on its own behalf, absent an expectation of reimbursement from the estate; (3) whether the party can demonstrate that its actions provided a direct benefit to the estate; (4) whether the benefit conferred upon the estate exceeds the costs sought to obtain that benefit; and (5) whether the actions were duplicative of those being taken by other parties in the case.

Creditors have been held to have made substantial contributions where their actions led to negotiations that resulted in funds becoming available to the estate. See *In re United States Lines, Inc.*, 103 B.R. 427 (Banks. S.D.N.Y. 1989) (negotiation of a settlement agreement creating funds for estate constituted a substantial contribution).

As indicated above, GPAD performed legal services that were not yet being performed by the Debtors' estates. This work included defending a judgment worth about $70,000 and to seek reversal of a trial court's reduction of an award to the Debtor of $20,000. The settlement

judge agreed with GPAD's position on appeal, including reversal of the $20,000. Such actions, therefore, substantially benefited this estate. Additionally, GPAD spent minimal time in a case where the Debtor was a plaintiff to recover $117,000 from a defendant and then to inform the Debtor about the case prior to the Debtor taking the matter over. Each of GPAD's actions were minimal, were justified and resulted in a substantial contribution entitling GPAD administrative priority on account of its Claim.

4. <u>Despite the Trust's Contention, GPAD's Claim is Supported with Evidence.</u>

Although the Trust assets that GPAD "submitted no evidence in support of [its] alleged status," this is simply not the case. As can be seen on GPAD's Claim attached as <u>Exhibit A</u> hereto, GPAD specifically broke-down its administrative portion of its claim by specific client matter. Thus, written documentation in support of such claim has already been provided to the Trust. Further, GPAD will, if necessary, submit additional documentation at any evidentiary trial on this matter.[1]

WHEREFORE, for the foregoing reasons, GPAD respectfully requests that the Court overrule the Objection and grant such other relief as the Court deems proper.

GOOLD PATTERSON ALES & DAY

By: /s/ Kelly J. Brinkman
Kelly J. Brinkman
Nevada Bar No. 6238
4496 South Pecos Road
Las Vegas, Nevada 89121

---

[1] The Trust also assets that GPAD did not schedule a notice or hearing for its administrative claim. Although this matter is already set for a hearing, to the extent necessary, GPAD requests permission to file a separate administrative claim request.

Response to Omnibus objection.doc

6

**EXHIBIT A**

GOOLD PATTERSON
ALES & DAY
ATTORNEYS AT LAW
4496 SOUTH PECOS ROAD
LAS VEGAS,
NEVADA 89121
(702) 436-2600

# PROOF OF CLAIM

| Name of Debtor: | Case Number: |
|---|---|
| USA Commercial Mortgage Company | 06-10725 |

NOTE: See Reverse for List of Debtors and Case Numbers.
This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor and Address:**
11321241008372
GOOLD PATTERSON ALES & DAY
4496 S PECOS RD
LAS VEGAS NV 89121-5030

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court or BMC Group in this case.

☐ Check box if this address differs from the address on the envelope sent to you by the court.

**DO NOT FILE THIS PROOF OF CLAIM FOR A SECURED INTEREST IN A BORROWER THAT IS NOT ONE OF THE DEBTORS.**

If you have already filed a proof of claim with the Bankruptcy Court or BMC, you do not need to file again.

**THIS SPACE IS FOR COURT USE ONLY**

Creditor Telephone Number ( )
Last four digits of account or other number by which creditor identifies debtor:

Check here ☐ replaces ☐ amends a previously filed claim dated: _____
if this claim

**1. BASIS FOR CLAIM**
- ☐ Goods sold
- ☒ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other (describe briefly)
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #: _____
  Unpaid compensation for services performed from: _____ to _____
- ☐ Unremitted principal
- ☐ Other claims against servicer (not for loan balances)

**2. DATE DEBT WAS INCURRED:** 1/1/06 - Ongoing
**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**UNSECURED NONPRIORITY CLAIM** $ 79,372.96
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**UNSECURED PRIORITY CLAIM**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,000)*, earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**SECURED CLAIM**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief description of collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) ( ____ ).

* Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:** $ 79,372.96 (unsecured)  $ _____ (secured)  $ _____ (priority)  $ 79,372.96 (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. DATE-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

The original of this completed proof of claim form must be sent by mail or hand delivered (FAXES NOT ACCEPTED) so that it is actually received on or before 5:00 pm, prevailing Pacific time, on November 13, 2006 for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units).

BY MAIL TO:
BMC Group
Attn: USACM Claims Docketing Center
P. O. Box 911
El Segundo, CA 90245-0911

BY HAND OR OVERNIGHT DELIVERY TO:
BMC Group
Attn: USACM Claims Docketing Center
1330 East Franklin Avenue
El Segundo, CA 90245

THIS SPACE FOR COURT USE ONLY

**DATE** 11/3/06
SIGN and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
Kelly J. Brinkman

Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 AND 3571

# Attachment to Proof of Claim

## Debtor: USA COMMERCIAL MORTGAGE COMPANY
## Case No. 06-10725-LBR

## Creditor: GOOLD PATTERSON ALES & DAY

1. **Basis for claim.** Without limiting the basis for this claim, the consideration for this debt is legal services.

2. **Date debt was incurred.** January 2006 - ongoing.

3. Intentionally omitted.

4. **Total Amount of Claim at Time Case Filed.** $79,372.96. This amount includes amounts owing as the petition date ($65,496.10) as well as amounts owing for the post-petition period ($13,876.86). Creditor reserves the right to file an administrative claim for the post-petition services. Creditor acknowledges, however, that to the extent it receives payment on its administrative claim ($13,876.86) it does not intend to seek recovery of that post-petition amount in its proof of claim. That is, if Creditor receives the full $13,876.86 on account of its administrative claim, the amount of this proof of claim would only be $65,496.10 ($79,372.96 - $13,699.74).

5. **Secured Claim.** Creditor may be entitled to a setoff, recoupment, counterclaim, or a combination thereof. In addition, to the extent, if any, that Creditor is in possession of assets of the Debtor, Creditor has a security interest therein. Claimant expressly reserves all rights with respect thereto, under § 553 of the Bankruptcy Code, applicable nonbankruptcy law, and otherwise.

6. Intentionally omitted.

7. Intentionally omitted.

8. **Supporting Documents.** Attached are invoice summaries broken down by matter and by pre and post petition work. The detailed invoices with client descriptions are voluminous and contain attorney-client information. Copies of the detailed invoices will be provided upon reasonable request.

**Additional Items**

**Amendment.** Creditor specifically reserves the right to amend, supplement, or withdraw this claim at any time.

**Priority.** Creditor specifically reserves the right to assert any portion of this claim as an administrative-expense priority.

| FILE # | DESCRIPTION | FEES | COSTS | TOTAL |
|---|---|---|---|---|
| 1133.001 | General & Miscellaneous | $ 1,730.00 | $ 25.95 | $ 1,755.95 |
| 1133.102 | v. James J. Lee, Esq. | $ 14,680.00 | $ 2,592.54 | $ 17,272.54 |
| 1133.109 | re: Claim Against James Lee for Settlement in Jones Litigation | $ 22,700.20 | $ 522.25 | $ 23,222.45 |
| 1133.114 | adv. Rolland Weddell | $ 2,736.42 | $ 28.26 | $ 2,764.68 |
| 2800.001 | General & Miscellaneous | $ 812.50 | $ 12.19 | $ 824.69 |
| 2800.004 | Binford Medical Developers, LLC ($8,375,000) | $ 3,672.65 | $ 53.48 | $ 3,726.13 |
| 2800.007 | Castaic Partners III, LLC ($4,500,000) | $ 2,400.08 | $ 59.77 | $ 2,459.85 |
| 2800.011 | Fiesta Development, Inc. | $ 232.50 | $ 3.49 | $ 235.99 |
| 2800.012 | Lucid Land Development, LLC | $ 232.50 | $ 3.49 | $ 235.99 |
| 2800.023 | Modification of Pegasus-MH Ventures I, LLC Loan | $ 2,500.00 | $ - | $ 2,500.00 |
| 2800.027 | MS Acquisition Company Loan | $ 2,145.00 | $ - | $ 2,145.00 |
| 2800.033 | Fox Hills 216, LLC et al. Loan ($29,000,000) | $ 1,516.76 | $ 6.97 | $ 1,523.73 |
| 2800.036 | Meadow Creek Partners, LLC Loan ($19,950,000) | $ 1,062.50 | $ 31.84 | $ 1,094.34 |
| 2800.037 | BySynergy, LLC Loan ($4,434,446) | $ 1,415.00 | $ 21.23 | $ 1,436.23 |
| 2800.042 | King/Oak Shores II Reorganization | $ 845.00 | $ 12.68 | $ 857.68 |
| 2800.047 | Ten Ninety Loan | $ 422.50 | $ 6.34 | $ 428.84 |
| 2800.049 | Bundy Canyon Land Development, LLC ($8,900,000) | $ 2,480.00 | $ 37.20 | $ 2,517.20 |
| 2800.050 | Annie Nounna Notes | $ 487.50 | $ 7.31 | $ 494.81 |
| | TOTAL DUE THROUGH 4/12/06 | $ 62,071.11 | $ 3,424.99 | $ 65,496.10 |

| FILE # | DESCRIPTION | FEES | COSTS | TOTAL |
|---|---|---|---|---|
| 1133.001 | General & Miscellaneous | $ 130.00 | $ 1.95 | $ 131.95 |
| 1133.101 | adv. George and Katherine Wiens | $ 431.25 | $ 6.47 | $ 437.72 |
| 1133.102 | v. James J. Lee, Esq. | $ 3,820.00 | $ 1,976.99 | $ 5,796.99 |
| 1133.109 | re: Claim Against James Lee for Settlement in Jones Litigation | $ 1,292.50 | $ 219.89 | $ 1,512.39 |
| 1133.114 | adv. Rolland Weddell | $ 4,865.00 | $ 110.19 | $ 4,975.19 |
| 2800.033 | Fox Hills 216, LLC et al. Loan ($29,000,000) | $ 1,007.50 | $ 15.12 | $ 1,022.62 |
| | TOTAL DUE FROM 4/13/2006 to PRESENT | $ 11,546.25 | $ 2,330.61 | $ 13,876.86 |