Kelly J. Brinkman, Esq.
Nevada Bar No. 6238
GOOLD PATTERSON ALES & DAY
4496 South Pecos Road
Las Vegas, Nevada 89121
(702) 436-2600 (Telephone)
(702) 436-2650 (Fax)

Attorneys for Daniel Oberlander

E-Filed on 4/16/07

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                            Debtor.<br>In re:<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                            Debtor.<br>In re:<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                            Debtor.<br>In re:<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                            Debtor.<br>In re:<br><br>USA SECURITIES, LLC,<br>                                            Debtor.<br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>RESPONSE TO NOTICE OF HEARING REGARDING THIRD OMNIBUS OBJECTION OF THE USACM LIQUIDATING TRUST TO CLAIMS ASSERTING PRIORITY STATUS<br><br>Date: April 26, 2007<br>Time: 9:30 a.m. |

Daniel Oberlander ("Oberlander"), by and through his counsel, files this Response ("Response") to the Third Omnibus Objection of the USACM Liquidating Trust ("Trust") to Claims Asserting Priority Status ("Objection") on the following grounds:

GOOLD PATTERSON
ALES & DAY
ATTORNEYS AT LAW
4496 SOUTH PECOS ROAD
LAS VEGAS,
NEVADA 89121
(702) 436-2600

1. Both pre and postpetition Oberlander was an employee of USA Commercial Mortgage (the "Debtor"), performing weekly cleaning and janitorial services ("Services") at the Debtor's 4480 Pecos Road and 4484 Pecos Road locations.

2. On account of such Services, Oberlander was paid a salary of $1,375 for the 4480 Pecos Road location and a salary of $1,575 for the 4484 Pecos Road location.

3. Oberlander was also reimbursed for his expenses incurred with the Services, including, but not limited to, reimbursement for the purchase of cleaning supplies.

4. In his normal course of employment, Oberlander performed his Services for the period of April 1 through April 13, 2006. Oberlander has not been paid for the Services performed during that period.

5. Section 507(a)(4) provides a fourth priority claim for wages, salaries and commissions earned by an individual within 180-days before the date of the filing of the petition up to maximum benefit of $10,000.

6. The purpose of allowing a priority for wages is to alleviate hardship on workers who lose their jobs or part of their salary by bankruptcy. Additionally, the wage priority scheme encourages employees to stand by an employer in financial difficulty.

7. The wage priority of Section 507(a)(4) also extends to reimbursement of expenses related to such employment. See *In re Columbia Packing Co.*, 35 B.R. 447 (Bankr. D. Mass. 1983) (claim for expense reimbursement considered close enough to salary and wages to be included within priority).

8. Oberlander was an employee of the Debtor and received payment directly from the Debtor. Moreover, the Debtor controlled and directed Oberlander as to the Services he performed.

9. Under Nevada law, services performed by a person for wages "shall be deemed to be employment subject to [NRS 612.085]" unless it is shown to the satisfaction of the Administrator that certain conditions, which are not applicable here, exist. NRS § 612.085.

10. Accordingly, Oberlander is entitled to an unsecured priority claim for the Services performed, all as set forth in the timely and properly filed and supported priority claim.

Response to Third Omnibus objection.doc

GOOLD PATTERSON
ALES & DAY
ATTORNEYS AT LAW
4496 SOUTH PECOS ROAD
LAS VEGAS,
NEVADA 89121
(702) 436-2600

1  WHERFORE, for the foregoing reasons, Oberlander respectfully requests that the Court
2  enter an Order:
3     A.   Allowing, as a Chapter 11 fourth priority expense, Oberlander's claim for
4         $1,482.58;
5     B.   Overruling the Trust's Objection to Oberlander's priority claim; and
6     C.   Granting such other relief as this Court deems just and appropriate.

GOOLD PATTERSON ALES & DAY

By:   /s/ Kelly J. Brinkman
Kelly J. Brinkman
Nevada Bar No. 6238
4496 South Pecos Road
Las Vegas, Nevada 89121
Attorney for Daniel Oberlander

GOOLD PATTERSON
ALES & DAY
ATTORNEYS AT LAW
4496 SOUTH PECOS ROAD
LAS VEGAS,
NEVADA 89121
(702) 436-2600

Response to Third Omnibus objection.doc