Dean T. Kirby, Jr.    Calif. Bar No. 090114
Leonard J. Ackerman Calif. Bar No. 171073
KIRBY & McGUINN, A P.C.
600 B Street, Suite 1950
San Diego, California 92101-4515
Telephone: (619) 685-4000  Facsimile: (619) 685-4004
dkirby@kirbymac.com
lackerman@kirbymac.com

Michelle L. Abrams    Nev. Bar No. 5565
MICHELLE L. ABRAMS, LTD.
7201 West Lake Meade Blvd., Suite 210
Las Vegas, NV 89128
Telephone: (702) 233-5040 Facsimile (702) 233-2209
mabrams@mabramslaw.com

Attorneys for Creditor
Debt Acquisition Company of America V

# UNITED STATES BANKRUPTCY COURT

## District of Nevada

| | |
|---|---|
| In re<br><br>USA COMMERCIAL MORTGAGE COMPANY<br>                                                Debtor.<br>In re<br><br>USA CAPITAL REALTY ADVISORS, LLC<br>                                                Debtor.<br>In re<br><br>USA CAPITAL DIVERSIFIED TRUST FUND, LLC<br>                                                Debtor.<br>In re<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC<br>                                                Debtor.<br>In re<br><br>USA COMMERCIAL MORTGAGE COMPANY<br>                                                Debtor.<br>Affects:<br> ☐ All Debtors<br> ☒ USA Commercial Mortgage Company<br> ☐ USA Capital Realty Advisors, LLC<br> ☐ USA Capital Diversified Trust Fund, LLC<br> ☐ USA Capital First Trust Deed Fund, LLC<br> ☐ USA Securities, LLC | Case No. BK-S-06-10725 LBR<br><br>DECLARATION OF HOWARD JUSTUS IN OPPOSITION TO MOTION OF COMPASS FINANCIAL PARTNERS LLC FOR ORDER ENFORCING CONFIRMATION ORDER AND DETERMINING NO SURVIVING SECTION 3 RIGHT EXISTS WITH RESPECT TO THE FIESTA OAK VALLEY LOAN<br><br>[AFFECTS DEBTOR USA COMMERCIAL MORTGAGE COMPANY]<br><br>DATE: April 26, 2007<br><br>TIME: 9:30 a.m. |

I, Howard Justus, declare:

1. I am the Managing Member of Debt Acquisition Company of America V, LLC, a California limited liability company ("DACA"), and I am the President of Vindrauga Corporation, a California corporation ("Vindrauga"). I have personal knowledge of the facts stated herein and could and would competently testify thereto if called as a witness.

2. I have served as a Chapter 11 bankruptcy trustee in cases in the United States Bankruptcy Court for the Southern District of California. I have been appointed as federal equity receiver by the United States District Court for the Southern District of California. I have over 15 years of experience in foreclosing on and liquidating both business and real property assets, within and outside of bankruptcy.

3. DACA and its predecessor companies have been in the business of buying and selling distressed debt, including but not limited to bankruptcy claims, since 1994. Presently, DACA has about eight full time employees. Its operations are nationwide.

4. Vindrauga is an affiliate corporation which has been engaged over the years in acquiring real and personal property as well as bank loans and restructuring or foreclosing on those loans. Vindrauga currently holds a Finance Lender's license issued by the California Department of Corporations under chapter 9 of the California Financial Code.

5. Beginning in September, 2006, DACA began to purchase the interests of Direct Lenders in a loan secured by real property known as "Fiesta Oak Valley," which loan was then under management by USA Commercial Mortgage Company, Debtor in Possession ("USACM"). Prior to the DACA purchases, the beneficial interest in the Fiesta Oak Valley loan was held by a total of 227 investors. Attached as Exhibit 8 to this Declaration is the most recent recorded Assignment of Beneficial Interests in the Fiesta Oak Valley trust deed, recorded April 24, 2006 as Document No. 2006-0293509 of the Official Records of Riverside County, California. This includes a list of the Fiesta Oak Valley investors.

///

///

///

6. Up to the date of this Declaration, DACA has purchased the interests of 51 Direct Lenders in the Fiesta Oak Valley loan, and now holds a total of 22.77% of the beneficial interests in that loan, consisting of a total of $4,667,000 in principal amount. This makes DACA by far the largest single Direct Lender in the Fiesta Oak Valley loan. Attached as Exhibit 9 to this Declaration is a list of the beneficial interests acquired by DACA.

7. In purchasing these Direct Lender interests, DACA did not agree to assume the obligations of any of the Direct Lenders under the Loan Servicing Agreements which existed as between these Direct Lenders and USACM. Shortly before the completion of the sale of the loan servicing rights, USACM tendered a new Loan Servicing Agreement for DACA to sign, but DACA has declined to do so. It is my understanding and belief that USACM and Compass contend that DACA, by taking an assignment of the beneficial interests of 51 Direct Lenders, became subject to the terms of the Loan Servicing Agreement. DACA disputes this contention, for the reasons expressed in the Memorandum of Points and Authorities submitted with this Declaration.

8. Compass continues to send DACA statements showing that a 3% loan servicing fee is accruing on DACA's share of the Fiesta Oak Valley loan. Attached as Exhibit 10 are the February, 2007 statements as to the Fiesta Oak Valley loan provided to DACA. The statements refer only to $2,575,000 in principal, although notice of $3,494,000 in interests acquired was provided to USACM and their attorneys and claims agent prior to December 31, 2006. Attached as Exhibit 11 is a true and correct copy of a series of emails sent by DACA in an effort to obtain corrected statements. To date, DACA has not received a statement which shows the correct amount of principal and interest which has accrued on DACA's interests in this loan.

///
///
///
///
///
///
///

9. Beginning in January, 2007, DACA began soliciting the agreement of those remaining Direct Lenders who had not sold their beneficial interest to DACA, to designate Vindrauga as the new loan servicing agent of for the Fiesta Oak Valley loan. To date, a total of 113 Direct Lenders, out of a total of 176 (not counting DACA) have signed Designations, constituting 64% in number (assuming that DACA represents one Direct Lender for this purpose rather than the 51 Direct Lenders whose interest it purchased), and 52.81% of the beneficial interest in the Loan (not including DACA's 22.77%). Attached as Exhibit 12 to this Declaration is list of all Direct Lenders who have signed a Designation, thereby voting to substitute Vindrauga as the new loan servicing agent.

10. Attached as Exhibit 13 to this Declaration is a copy of the Designation signed by Donald Cook, one of the Direct Lenders. The originals of these Designation forms, together with a set of copies for counsel, will be available at the hearing on this Motion, but they have not been filed with the Court due to their bulk. The Designation changes certain provisions of the Loan Servicing Agreement. A true and correct copy of that Agreement (which DACA obtained from Rocklin/Redding, LLC, one of the Fiesta Oak Valley investors) is attached as Exhibit 14.

11. Attached as Exhibit 15 is a copy of the Promissory Note for the Fiesta Oak Valley loan, which I obtained from Direct Lender Rocklin Redding, LLC (the "Note"). The Promissory Note reflects that the loan became all due and payable on December 18, 2005. Attached as Exhibit 16 is a copy of the Loan Agreement, which DACA also obtained from Rocklin/Redding. Attached as Exhibit 17 to this Declaration is a true and correct copy of the Deed of Trust securing the Note, recorded July 18, 2004 as Document No. 2004-0435051 in the Official Records of Riverside County, California.

12. Attached as Exhibit 18 to this Declaration is a true and correct copy of the most recent Loan Summary to have been posted on the USACM website. The data for the Fiesta Oak Valley loan appears at page 2 near the top of the table:

| Performance Evaluation | Loan Name | Origination Date | Loan Outstanding at 2/28/07 | Interest Outstanding at 2/28/07 | Interest Prepaid to Investors |
|---|---|---|---|---|---|
| Interest Default | Fiesta Oak Valley (Oak Mesa Investors, LLC) | 6/15/04 | 20,500,000 | 6,651,503 | 3,368,263 |

/ / /

Using this data, I have determined that interest on this loan has accrued unpaid since about January, 2005, and that in addition to the $20,500,000 in principal the following are owing under the loan: (i) $6,631,464 in interest at the normal rate of 13% per annum referred to in the Loan Status Report; (ii) $3,497,807 in default interest, consisting of the excess of interest computed at the default rate of 20% per annum, over the normal 13% interest; and (iii) $1,342,342 in late charges. My computations are detailed in the spreadsheet, a copy of which is attached as Exhibit 19 to this Declaration. If you look at the line for "Transaction Date" 2/28/07" you will see in the column for "Outstanding Interest" a balance of $6,631,434. This balance compares to the amount on the USACM Loan Summary of the same date (Exhibit 18) of $6,651,503. The Promissory Note was dated June 15, 2004 and paid interest only. I am assuming that the loan funded on the date of recording of the Deed of Trust (June 18, 2004). If true, the monthly interest payments had to stop in January, 2005 to result in the accrued interest balances on the Loan Status Report. Default interest and late fees would have accrued during the following month. Note that the 13% interest referred to in the Loan Status Report is greater than the 12% referred to in the Note.

13. Based upon the loan documents, the above data and the public record, it appears that the Fiesta Oak Valley Loan has been in continuous default since January, 2005, for the following reasons:

13.1 Failure to pay monthly interest installments due, beginning in January, 2005.

13.2 Failure to pay the loan in full when it became all due and payable under the original terms of the Note, on December 18, 2005.

13.3 Failure to pay the loan in full when it became all due and payable under the extension which USACM claimed to have granted, purportedly extending the maturity date to December 15, 2006.

14. According to the public record, no foreclosure had been commenced as to the Fiesta Oak Valley Deed of Trust on the date of filing of USACM's chapter 11 petition (April 13, 2006), and it appears from the latest status report received from Compass, and from the public record, that no foreclosure has been commenced since that time.

///

///

15. Attached as Exhibit 20 is a true and correct copy of a letter which DACA received from Compass dated March 23, 2007, which begins "Compass Financial Partners, LLC ("CFP") has officially taken over as servicer of the USA Commercial Mortgage Portfolio . . . ." In this letter, Compass states that is has "commenced dialogue with potential buyers" as to the Direct Lenders' interests in Fiesta Oak Valley, and that "one such buyer has formally make an offer . . . which would pay investors a **net 91% of their Unpaid Principal Balance** less any uncollected Prepaid Interest if applicable, and Investors would waive their right to any accrued unpaid interest. [**emphasis in** original]"

16. Attached as Exhibit 21 is a true and correct copy of a letter which DACA received from Compass Financial dated April 4, 2007, which begins "Compass Financial Partners sent you a letter on March 23, 2007, about an offer from a third party . . . ." In this letter, Compass extends the purported deadline on the offer to buy Direct Lender interests in the Fiesta Oak Valley loan. Exhibit 21 includes the "Loan Status Report" that was enclosed with this letter.

17. I believe that sufficient value exists in the Fiesta Oak Valley property to, at a minimum, pay all of the Direct Lenders their full principal plus all accrued interest. For this reason, the Designation tendered to the Direct Lenders includes an agreement that the Direct Lenders will receive that amount. This will occur in one of three ways after a foreclosure is commenced:

    17.1 The borrower may redeem the property prior to the foreclosure by paying the secured debt in full. In that case, the Direct Lenders will receive their full principal and interest.

    17.2 A bidder may appear at the foreclosure sale and bid enough to pay the loan in full.

    17.3 Or finally, the foreclosure may be completed and the Direct Lenders may acquire the property on account of their credit bid. The Designation, which is Vindrauga's contract with the Direct Lenders, provides that in the event that a foreclosure is completed, Vindrauga will purchase their interest in the property for an amount equal to their principal and all accrued interest (other than default interest).

///
///
///

18. After Compass filed this motion, DACA received letters of support via email from many of the Direct Lenders. Attached as Exhibit 22 is a true and correct copy of those received to date.

19. At the time that DACA began purchasing interests in the Fiesta Oak Valley loan, I was aware that the Debtor in Possession had taken the position that it had the right to recoupment of "due from" amounts, also referred to as "Prepaid Interest," on a lender by lender rather than a loan by loan basis. Accordingly, in order to allow the sale of the Direct Lender interests in spite of the uncertainty created by the recoupment of the "due from" balances across several loans, DACA entered into an escrow agreement with the Direct Lenders. Under the escrow agreement, a portion of the purchase price is deposited into escrow. To the extent that the Debtor in Possession offsets a "due from" amount against the transferred loan, the escrow balance will be paid to DACA. If the offset is against other non-transferred loans, then to that extent the escrow balance will revert to the Direct Lender. Under this arrangement, DACA is not impacted as a Direct Lender by the netting of Prepaid Interest, and no conflict of interest exists between DACA and the other Direct Lenders.

20. Vindrauga agrees that at such time as it is substituted as loan servicer for the Fiesta Oak Valley Loan it will abide by the netting provisions in the confirmed chapter 11 plan and will remit to the Liquidating Trust any sums that are to be applied to the recovery of Prepaid Interest.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on April 16, 2007 at San Diego, California.

HOWARD JUSTUS

In re USA Commercial Mortgage Company, et al.  
Justus Declaration in Opposition to Motion of Compass Partners re Fiesta Oak Valley  
Bankruptcy Case No. BK-S-06-10729 LBR  
Page No. 6