APRIL 11, 2007

THIS CLAIM REPRESENTS PRINCIPAL FUNDS PAID BY THE BORROWER THAT SHOULD HAVE BEEN REMITTED TO THE INVESTOR, BUT IN FACT WERE DIVERTED BY USA COMMERCIAL MORTGAGE CO. INTO THEIR OWN ACCOUNTS. CONSEQUENTLY, THIS CLAIM SHOULD BE A SECURED CLAIM AND BE PAID FROM THE BANKRUPTCY ESTATE.

THIS IS A TRUE STATEMENT AND HAS BEEN SUPPORTED BY STATEMENTS SENT TO ME BY USACM.

SINCERELY,

*[signature]*
JACK S. TIANO

06-10725-lbr

4-26-07

9:30

**USA Capital**
**USA Commercial Mortgage Company**
Investor History Report

Vesting: Jack S. Tiano, Trustee for An Accountancy Corporation Profit Sharing Plan & Trust dated 02/28/1997
Loan: Oak Shores II
Client ID: 7287
Account ID: 7460
Loan Interest Rate: 13.00%
Original Service Fee[1]: 1.00%
Current Service Fee[1]: 1.00%

| Date | Transaction | A Investment | B Principal Paid by Borrower | C Principal Paid to Investor | D = B - C Principal Owed to Investor | E Unsecured / Diverted Principal | F Interest Earned | G Loan Service Fee Retained by USACM | H Interest Paid by Borrower Net of Service Fee | I = F - G - H Cumulative Amount Due from Borrower, Net of Service Fee | J Interest Paid to Investor | K = H - J Cumulative Amount Held for / (Due from) Investor |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/01/2006 | -PRIOR MONTH ENDING BALANCES- | $39,966.56 | $10,033.44 | | | $10,033.44 | $4,668.95 | $351.87 | $2,450.47 | $1,866.60 | $2,450.47 | $0.00 |
| 11/30/2006 | Interest and Service Fee (11/1 - 11/30) | $39,966.56 | | | | $10,033.44 | $454.80 | $33.31 | | $2,288.10 | | $0.04 |
| **TOTALS:** | | **$39,966.66** | **$10,033.44** | **$0.00** | **$0.00** | **$10,033.44** | **$5,123.75** | **$385.17** | **$2,450.47** | **$2,288.10** | **$2,450.47** | **$0.04** |

[1] This rate may be adjusted according to your loan servicing agreement.

This statement is provided for informational purposes only and is intended for the sole benefit of the named vested party. This statement is not intended to represent a loan payoff quote. USA reserves the right to update and supplement this statement.

TIANO, JACK
116 W EL PORTAL
STE 103
SAN CLEMENTE, CA 92672

**PLEASE NOTE THAT THE DEBTOR IS OBJECTING TO THE CLAIM THAT <u>YOU</u> FILED. PLEASE REVIEW THE NOTICE AND OBJECTION FOR DEADLINES TO RESPOND.**

## Cover Sheet

### USA COMMERCIAL MORTGAGE COMPANY
Claims Asserting Secured Status - Reclassify as General Unsecured Claims

| Claimant | Case Number | Proof of Claim Number | Date Filed | Proof of Claim Amount | Proof of Claim Priority |
|---|---|---|---|---|---|
| TIANO, JACK<br>116 W EL PORTAL<br>STE 103<br>SAN CLEMENTE, CA 92672 | 06-10725 | 10725-00391 | 10/2/2006 | $10,574.00 | S |

**LEWIS AND ROCA LLP**
**LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 3/20/07

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br>                                      Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**AMENDED NOTICE OF HEARING REGARDING FOURTEENTH OMNIBUS OBJECTION OF USA COMMERCIAL MORTGAGE COMPANY TO CLAIMS ASSERTING SECURED STATUS**<br><br>Hearing Date: April 26, 2007<br>Hearing Time: 9:30 a.m. |

THE USACM LIQUIDATING TRUST IS OBJECTING TO THE CLAIM THAT YOU FILED.  THIS IS NOT AN OBJECTION TO YOUR STATUS OR CLAIM AS A DIRECT LENDER, OR TO THE SECURITY INTEREST YOU AS A DIRECT LENDER HAVE IN YOUR BORROWERS' PROPERTY AS COLLATERAL.  RATHER, IT ARGUES THAT YOUR CLAIM IS NOT SECURED BY PROPERTY OF THE BANKRUPTCY ESTATE, WHICH DOES NOT INCLUDE THE BORROWERS' PROPERTY.  THE DEADLINE TO RESPOND TO THE

1819781.1

LEWIS AND ROCA LLP
LAWYERS

claims, but reserves the right to do so. This Objection is supported by the Court's record and explained in the following Memorandum.

## I. JURISDICTION

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II. BACKGROUND

1. On April 13, 2006 ("Petition Date"), USACM, USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with DTDF, the "Funds") (collectively the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who serves as the Chief Restructuring Officer.

2. USACM is a Nevada Corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.

3. This business included the solicitation of individual investors to purchase fractional interest in loans that USACM originated and then serviced. These investors, totaling approximately 3,600 as of the Petition Date, are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

1819150.1

LEWIS AND ROCA LLP
LAWYERS

SCHEDULING EVIDENTIARY HEARINGS ONLY. NO ARGUMENTS WILL BE HEARD ON THAT DATE.

NOTICE IS FURTHER GIVEN that any response to the Objection must be filed by **April 19, 2007** pursuant to Local Rule 3007(b), which states:

> If an objection to a claim is opposed, a written response must be filed and served on the objecting party at least 5 business days before the scheduled hearing. A response is deemed sufficient if it states that written documentation in support of the proof of claim has already been provided to the objecting party and that the documentation will be provided at any evidentiary hearing or trial on the matter.

> If you object to the relief requested, you *must* file a **WRITTEN** response to this pleading with the Court. You *must* also serve your written response on the person who sent you this notice.
>
> If you do not file a written response with the Court, or if you do not serve your written response on the person who sent you this notice, then:
>
> - The Court may *refuse to allow you to speak* at the scheduled hearing; and
> - The Court may *rule against you* without formally calling the matter at the hearing.

Dated: March 20, 2007.

LEWIS AND ROCA LLP

By: /s/ RC (#6593)
    Susan M. Freeman, AZ 4199 (*pro hac vice*)
    Rob Charles, NV 6593
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320
*Counsel for USACM Liquidating Trust*

1819781.1

**LEWIS AND ROCA LLP**
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on March 20, 2007

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br>                                   Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**FOURTEENTH OMNIBUS OBJECTION OF THE USACM LIQUIDATING TRUST TO CLAIMS ASSERTING SECURED STATUS**<br><br>Hearing Date:    April 26, 2007<br>Hearing Time:    9:30 a.m. |

The USACM Liquidating Trust (the "USACM Trust") hereby files its Fourteenth Omnibus Objection to Claims Asserting Secured Status ("Objection") and moves this Court, pursuant to § 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing approximately 1,600 alleged Secured Claims asserting Claims against USA Commercial Mortgage Company ("USACM") that aggregate over $296 million. The USACM Trust is not, by this filing, objecting at this time to any of the claims as unsecured

1819150.1

LEWIS AND ROCA LLP
LAWYERS

OBJECTION IS <u>APRIL 19, 2007</u>.  <u>PLEASE DO NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF YOUR CLAIM</u>.  QUESTIONS REGARDING THE AMOUNT OF A CLAIM OR THE FILING OF A CLAIM SHOULD BE DIRECTED TO BMC GROUP AT 888-909-0100, OR <u>WWW.BMCGROUP.COM/USACMC</u>, or to the undersigned counsel.

**NOTICE IS HEREBY GIVEN** that the USACM Liquidating Trust, by and through its counsel, has filed a Fourteenth Omnibus Objection to Claims Asserting Secured Status (the "Objection").  The USACM Liquidating Trust has requested that this Court enter an order, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), disallowing the secured creditor status of approximately 1,600 alleged secured claims asserting claims that aggregate over $296 million.

Specifically, the USACM Liquidating Trust does not object to these claims being Direct Lender claims.  Rather, the Trust objects to the secured status asserted in the proofs of claim listed on the **Exhibit A** to the Objection, which is served with this Notice.  The objection asserts that the listed claims are not secured by property of the USACM estate, although the loans that are the basis of the claims may be secured by property of the loan Borrowers. The Trust requests that the Court reclassify these claims as general unsecured claims (subject to additional objections).  As explained in the motion, the USACM Liquidating Trust may have other objections to the claims that will be filed later.

**NOTICE IS FURTHER GIVEN** that the hearing on the Objection will be held before the Honorable Linda B. Riegle, United States Bankruptcy Judge, in the Foley Federal Building, 300 Las Vegas Boulevard South, Courtroom 1, Las Vegas, Nevada, on **April 26, 2007**, at the hour of **9:30 a.m**.

**NOTICE IS FURTHER GIVEN THAT THE HEARING SET ON APRIL 26, 2007, WILL BE HELD FOR THE PURPOSE OF STATUS CHECKS AND**

LEWIS AND ROCA LLP
LAWYERS

4. Although USACM serviced and sometimes originated the loans in which the Direct Lenders invested, USACM was not a borrower on these loans.

5. On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest (the "Bar Date Order") [Docket No. 1280]. The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file proof of claims.

6. On September 25, 2006, the Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358]. All Direct Lenders were served with a copy of the Bar Date order as well [Docket No. 1358].

7. On November 6, 2006, a stipulation was filed and an order entered extending the Bar Date for Direct Lenders only to file proofs of claim until January 13, 2007 [Docket No. 1729].

8. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" [Docket No. 2376].

9. Debtors' Third Amended Chapter 11 Plan of Reorganization (the "Plan") [Docket No. 1799] provides the following deadlines for objections to Claims:

> (A) for any and all Claims and Equity Interests to which the General Bar Date applies, ninety (90) days after the Effective Date; (B) for any and all Claims to which the Administrative Claims Bar Date or the Professionals Administrative Bar Date applies, thirty (30) days after the expiration of the respective Bar Date; and (C) for any and all Claims to which the Bar Date applicable under section B.3 of Art. V of the Plan applies, thirty (30) days after the expiration of that Bar Date.

10. USACM's claims and noticing agent received approximately 2,436 proofs of claim as of the January 13, 2007 Bar Date, asserting claims totaling more than $997,000,000, plus unknown amounts based on unliquidated Claims.

11. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

1819150.1

LEWIS AND ROCA LLP LAWYERS

12. The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee.

13. **Exhibit A** contains a list of Claims against USACM filed by various parties, most of whom are Direct Lenders, asserting that their Claims are secured or partially secured (the "Alleged Secured Claims"). There are about 1,594 claimants asserting $296,164,454.95 in the aggregate in Claims.

14. It appears that most of the claimants asserting secured status are Direct Lenders who are under the misimpression that because their loan investments serviced by USACM were secured by collateral of the Borrowers, any Claim they might have asserted against USACM would also be secured. To the contrary, these Claims are not entitled to secured status and should be classified as general unsecured Claims. USACM has no property that serves as collateral for the Direct Lender loans serviced by USACM. Having reviewed lien searches and the books and records of USACM, neither USACM nor the USACM Trust believes that any of the holders of the Alleged Secured Claims were granted a security interest in any property of USACM, or that any such security interest was perfected under applicable law.

## III. APPLICABLE AUTHORITY

1. Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

2. The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a). This objection is timely under the confirmed Plan.

1819150.1

LEWIS AND ROCA LLP
LAWYERS

The USACM Trust objects to these claims on the basis that these Claims are not secured by property of the USACM estate, although they may well be secured by property owned by their Borrowers. Secured claims are claims "by creditors against the estate that are secured by a lien on property in which the estate has an interest." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240 (1989). None of the Claims listed on **Exhibit A** are secured by such a lien, and the claimants have offered no evidence in support of their contention. Thus none of these claims are entitled to secured status in this bankruptcy case, and should be classified as general unsecured Claims, subject to further objection.

## V. CONCLUSION

For the reasons discussed above, the USACM Trust objects to the secured status asserted in the proofs of claim listed on **Exhibit A** attached to this Objection and requests that the Court reclassify these claims as general unsecured Claims (albeit subject to possible additional objections). The USACM Trust also requests such other and further relief as is just and proper.

Dated: March 20, 2007.

**LEWIS AND ROCA LLP**

By: /s/ RC (#6593)
Susan M. Freeman, AZ 4199 (*pro hac vice*)
Rob Charles, NV 6593
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320
Email: RCharles@LRLaw.com
*Counsel for USACM Liquidating Trust*