Edward Kline
In Pro Per
9932 Arbuckle Dr.
Las Vegas, Nevada 89134
Tel: (702)256 6439

RECEIVED AND FILED

2007 APR 16  A 11: 04

BANKRUPTCY COURT
PATRICIA GRAY, CLERK

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

USA COMMERCIAL MORTGAGE COMPANY,

USA CAPITAL REALTY ADVISORS, LLC,

USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,

USA CAPITAL FIRST TRUST DEED FUND, LLC,

USA SECURITIES, LLC,
                                    Debtors.

Affects:
☐ All Debtors
☒ USA Commercial Mortgage Company
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA Capital First Trust Deed Fund, LLC
☐ USA Securities, LLC

Case No. BK-S-06-10725-LBR
Case No. BK-S-06-10726-LBR
Case No. BK-S-06-10727-LBR
Case No. BK-S-06-10728-LBR
Case No. BK-S-06-10729-LBR

CHAPTER 11

Jointly Administered Under Case No. BK-S-06-10725 LBR

OBJECTION
**AMENDED NOTICE OF HEARING REGARDING SEVENTEENTH OMNIBUS OBJECTION OF USA COMMERCIAL MORTGAGE COMPANY TO CLAIMS ASSERTING SECURED STATUS**

Hearing Date: April 26, 2007
Hearing Time: 9:30 a.m.

I, Edward Kline, in Pro Per, am filing an objection to the above "AMENDED NOTICE OF HEARING REGARDING SEVENTEENTH OMNIBUS OBJECTION OF USA COMMERCIAL MORTGAGE COMPANY TO CLAIMS ASSERTING SECURED STATUS).

As a Direct Lender to MARGARITA ANNEX, I dispute this allegation that my loan is not secured by USA BMC. I filed "Proof of Claim" by Certified Mail and it was received by BMC on 10/10/06. Also filed on this case 06-10725 LBR were Proof of Investment in Margarita Annex, List of Interest Due Creditor, copy of Deed of Trust (first page), "Feedback Form", and self addressed stamped envelope.

USACM has been paid for a year to service loans and resolve problems related to loans in default. It was reported in an open meeting that five loans were resolved, that they were making progress with other debtors, and and that sufficient progress had been made to continue to negotiate with the debtors. In addition, secrecy of negotions were requested by USACM, and over $200,000 to appraise these properties.

Now comes USACM BMC Liquidating Trust objecting to my claim of the USACM having responsibility for the security of this loan.

I hope Bankruptcy Court does not allow USACM BMC Liqiudating Trust to violate their agreements, including their "Loan Agreement" (Page 22, Line 8.8) in which USACM promises to "Administer loans and make all necessary demands on Borrower". They have not discharged their duties of notifying the Trustee of the Borrower's failure to pay within 30 days, or request the Trustee (First American Title Insurance) to foreclose on the property.

(2)

The Court has precluded me from doing the above, leaving it up to USACM to act in the Lender's behlf. I believe they have not done so, even given the tools to do so by the Court.

Relieving USACM from its fudiciary responsibility would weaken the link between the Lender and the Borrower who is in default, making it more difficult for the Lender to receive payment, and tilt the advantage to the Borrower as there is now no legal entity to demand foreclosure by the Trustee.

In addition, Attorneys for this Liquidation Trust have all papers previously filed by me, and received by BMC on 10/10/06.

See attached letter from USACM to me dated 7/7/05 regarding extension of loan to Mr. King (Margarita Annex) indicating USA has my Power of Attorney regarding this loan and therefore is responsible to me to secure this loan.

It should be noted that all investors in this loan are "small investors", while the Committee to represent investors are all "large investors" (except for USA Capital First Trust Deed Fund. (See Loan Agreement)

It appears that USA does have assets in the amount of $3.5 million in this loan, contrary to the claim in this action Therefore there is a conflict ot interest, curiosly, and their petition should be denied on the Margarita Annex loan. (See Page 4, lines 11 and 12.)

Edward Kline

(3)

**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 3/20/07

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No. BK-S-06-10725-LBR |
|---|---|
| USA COMMERCIAL MORTGAGE COMPANY, | Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR |
| USA CAPITAL REALTY ADVISORS, LLC, | CHAPTER 11 |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | Jointly Administered Under Case No. BK-S-06-10725 LBR |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | **AMENDED NOTICE OF HEARING REGARDING SEVENTEENTH OMNIBUS OBJECTION OF USA COMMERCIAL MORTGAGE COMPANY TO CLAIMS ASSERTING SECURED STATUS** |
| USA SECURITIES, LLC,<br>          Debtors. | |
| **Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Hearing Date: April 26, 2007<br>Hearing Time: 9:30 a.m. |

THE USACM LIQUIDATING TRUST IS OBJECTING TO THE CLAIM THAT YOU FILED.  THIS IS NOT AN OBJECTION TO YOUR STATUS OR CLAIM AS A DIRECT LENDER, OR TO THE SECURITY INTEREST YOU AS A DIRECT LENDER HAVE IN YOUR BORROWERS' PROPERTY AS COLLATERAL. RATHER, IT ARGUES THAT YOUR CLAIM IS NOT SECURED BY PROPERTY OF THE BANKRUPTCY ESTATE, WHICH DOES NOT INCLUDE THE BORROWERS' PROPERTY.  THE DEADLINE TO RESPOND TO THE

1819783.1

**LEWIS AND ROCA LLP**
LAWYERS

OBJECTION IS <u>APRIL 19, 2007</u>. **PLEASE DO NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF YOUR CLAIM. QUESTIONS REGARDING THE AMOUNT OF A CLAIM OR THE FILING OF A CLAIM SHOULD BE DIRECTED TO BMC GROUP AT 888-909-0100, OR <u>WWW.BMCGROUP.COM/USACMC</u>, or to the undersigned counsel.**

**NOTICE IS HEREBY GIVEN** that the USACM Liquidating Trust, by and through its counsel, has filed a Seventeenth Omnibus Objection to Claims Asserting Secured Status (the "Objection"). The USACM Liquidating Trust has requested that this Court enter an order, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), disallowing the secured creditor status of approximately 1,600 alleged secured claims asserting claims that aggregate over $296 million.

Specifically, the USACM Liquidating Trust does not object to these claims being Direct Lender claims. Rather, the Trust objects to the secured status asserted in the proofs of claim listed on the **Exhibit A** to the Objection, which is served with this Notice. The objection asserts that the listed claims are not secured by property of the USACM estate, although the loans that are the basis of the claims may be secured by property of the loan Borrowers. The Trust requests that the Court reclassify these claims as general unsecured claims (subject to additional objections). As explained in the motion, the USACM Liquidating Trust may have other objections to the claims that will be filed later.

**NOTICE IS FURTHER GIVEN** that the hearing on the Objection will be held before the Honorable Linda B. Riegle, United States Bankruptcy Judge, in the Foley Federal Building, 300 Las Vegas Boulevard South, Courtroom 1, Las Vegas, Nevada, on <u>April 26, 2007</u>, at the hour of <u>9:30 a.m</u>.

**NOTICE IS FURTHER GIVEN THAT THE HEARING SET ON APRIL 26, 2007, WILL BE HELD FOR THE PURPOSE OF STATUS CHECKS AND**

2

1819783.1

LEWIS AND ROCA LLP
LAWYERS

**SCHEDULING EVIDENTIARY HEARINGS ONLY. NO ARGUMENTS WILL BE HEARD ON THAT DATE.**

**NOTICE IS FURTHER GIVEN** that any response to the Objection must be filed by **April 19, 2007** pursuant to Local Rule 3007(b), which states:

> If an objection to a claim is opposed, a written response must be filed and served on the objecting party at least 5 business days before the scheduled hearing. A response is deemed sufficient if it states that written documentation in support of the proof of claim has already been provided to the objecting party and that the documentation will be provided at any evidentiary hearing or trial on the matter.

> If you object to the relief requested, you *must* file a **WRITTEN** response to this pleading with the Court. You *must* also serve your written response on the person who sent you this notice.
>
> If you do not file a written response with the Court, or if you do not serve your written response on the person who sent you this notice, then:
>
> - The Court may *refuse to allow you to speak* at the scheduled hearing; and
> - The Court may *rule against you* without formally calling the matter at the hearing.

Dated: March 20, 2007.

**LEWIS AND ROCA LLP**

By: /s/ RC (#6593)
    Susan M. Freeman, AZ 4199 (*pro hac vice*)
    Rob Charles, NV 6593
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320
*Counsel for USACM Liquidating Trust*

**LEWIS AND ROCA LLP**
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on March 20, 2007

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br>         Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**SEVENTEENTH OMNIBUS OBJECTION OF THE USACM LIQUIDATING TRUST TO CLAIMS ASSERTING SECURED STATUS**<br><br>Hearing Date:  April 26. 2007<br>Hearing Time:  9:30 a.m. |

   The USACM Liquidating Trust (the "USACM Trust") hereby files its Seventeenth Omnibus Objection to Claims Asserting Secured Status ("Objection") and moves this Court, pursuant to § 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing approximately 1,600 alleged Secured Claims asserting Claims against USA Commercial Mortgage Company ("USACM") that aggregate over $296 million. The USACM Trust is not, by this filing, objecting at this time to any of the claims as unsecured

1819150.1

claims, but reserves the right to do so. This Objection is supported by the Court's record and explained in the following Memorandum.

## I. JURISDICTION

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II. BACKGROUND

1. On April 13, 2006 ("Petition Date"), USACM, USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with DTDF, the "Funds") (collectively the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who serves as the Chief Restructuring Officer.

2. USACM is a Nevada Corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.

3. This business included the solicitation of individual investors to purchase fractional interest in loans that USACM originated and then serviced. These investors, totaling approximately 3,600 as of the Petition Date, are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

2

1819150.1

4. Although USACM serviced and sometimes originated the loans in which the Direct Lenders invested, USACM was not a borrower on these loans.

5. On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest (the "Bar Date Order") [Docket No. 1280]. The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file proof of claims.

6. On September 25, 2006, the Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358]. All Direct Lenders were served with a copy of the Bar Date order as well [Docket No. 1358].

7. On November 6, 2006, a stipulation was filed and an order entered extending the Bar Date for Direct Lenders only to file proofs of claim until January 13, 2007 [Docket No. 1729].

8. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" [Docket No. 2376].

9. Debtors' Third Amended Chapter 11 Plan of Reorganization (the "Plan") [Docket No. 1799] provides the following deadlines for objections to Claims:

> (A) for any and all Claims and Equity Interests to which the General Bar Date applies, ninety (90) days after the Effective Date; (B) for any and all Claims to which the Administrative Claims Bar Date or the Professionals Administrative Bar Date applies, thirty (30) days after the expiration of the respective Bar Date; and (C) for any and all Claims to which the Bar Date applicable under section B.3 of Art. V of the Plan applies, thirty (30) days after the expiration of that Bar Date.

10. USACM's claims and noticing agent received approximately 2,436 proofs of claim as of the January 13, 2007 Bar Date, asserting claims totaling more than $997,000,000, plus unknown amounts based on unliquidated Claims.

11. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

3

1819150.1

LEWIS AND ROCA LLP LAWYERS

12. The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee.

13. **Exhibit A** contains a list of Claims against USACM filed by various parties, most of whom are Direct Lenders, asserting that their Claims are secured or partially secured (the "Alleged Secured Claims"). There are about 1,594 claimants asserting $296,164,454.95 in the aggregate in Claims.

14. It appears that most of the claimants asserting secured status are Direct Lenders who are under the misimpression that because their loan investments serviced by USACM were secured by collateral of the Borrowers, any Claim they might have asserted against USACM would also be secured. To the contrary, these Claims are not entitled to secured status and should be classified as general unsecured Claims. USACM has no property that serves as collateral for the Direct Lender loans serviced by USACM. Having reviewed lien searches and the books and records of USACM, neither USACM nor the USACM Trust believes that any of the holders of the Alleged Secured Claims were granted a security interest in any property of USACM, or that any such security interest was perfected under applicable law.

### III. APPLICABLE AUTHORITY

1. Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

2. The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a). This objection is timely under the confirmed Plan.

1819150.1

3. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

## IV. OBJECTIONS TO CLAIMS

1. As more particularly described herein, the USACM Trust seeks in this Objection to reclassify the Alleged Secured Claims as general unsecured Claims.

2. These Claims may be the subject of multiple objections herein for any of the reasons stated in this Objection. These Claims may also be subject to prior or subsequently filed objections, and this objection is without prejudice to any other objection by any party in interest, including the USACM Trust.

3. The USACM Trust reserves the right to further object to any and all Claims, whether or not the subject of this Objection, for allowance and/or distribution purposes on any other grounds. The USACM Trust further reserves the right to modify, supplement and/or amend this Objection as it pertains to any Claim or claimant herein.

4. For the convenience of the parties, and pursuant to the Court's direction, the USACM Trust has broken down its objections to secured claims into groups of no more than 50 claimants each. Thus this objection is one of a series of many objections to Claims that assert fully or partially secured status.

5. **Exhibit A** contains a partial list of the Alleged Secured Claims, filed by various parties, most of whom are Direct Lenders, asserting that their Claims are secured.

The USACM Trust objects to these claims on the basis that these Claims are not secured by property of the USACM estate, although they may well be secured by property owned by their Borrowers. Secured claims are claims "by creditors against the estate that are secured by a lien on property in which the estate has an interest." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240 (1989). None of the Claims listed on **Exhibit A** are secured by such a lien, and the claimants have offered no evidence in support of their contention. Thus none of these claims are entitled to secured status in this bankruptcy case, and should be classified as general unsecured Claims, subject to further objection.

## V. CONCLUSION

For the reasons discussed above, the USACM Trust objects to the secured status asserted in the proofs of claim listed on **Exhibit A** attached to this Objection and requests that the Court reclassify these claims as general unsecured Claims (albeit subject to possible additional objections). The USACM Trust also requests such other and further relief as is just and proper.

Dated: March 20, 2007.

**LEWIS AND ROCA LLP**

By:  /s/ RC (#6593)
  Susan M. Freeman, AZ 4199 (*pro hac vice*)
  Rob Charles, NV 6593
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320
Email: RCharles@LRLaw.com
*Counsel for USACM Liquidating Trust*

1819150.1

## EXHIBIT A

[Exhibit A is NOT attached hereto. All of your claims that appear on Exhibit A to this Objection are listed on the Cover Sheet found at the front of this package. A copy of this entire objection including the complete Exhibit A may be found on the Court's Docket, which can be accessed for free at WWW.BMCGROUP.COM/USACMC, then by clicking on the link entitled "Court Docket" found in the upper right hand corner.]

RECEIVED AND FILED

Name, Address, Bar No., Telephone No. and E-mail Address

2007 APR 16  A 11: 13

E-filed on: 4/16/07

U.S. BANKRUPTCY COURT
PATRICIA GRAY, CLERK

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

In re: *(Name of Debtor)*

USACM                      Debtor(s)

*(Name of Plaintiff)*

                           Plaintiff

vs.

*(Name of Defendant)*

                           Defendant

Case No. BK-S-06-10725-LBR

Chapter ☑ 7  ☐ 11  ☐ 13

Adversary No.: _____

Hearing Date:
Time:  April 26, 2007
       930 AM

# CERTIFICATE OF SERVICE

Do not use this form to prove service of a summons and complaint. To prove service of a summons and complaint use the certificate in the court form entitled "Adversary - Summons and Notice of Scheduling Conference in an Adversary Proceeding" which is available on the court's website at www.nvb.uscourts.gov.

1. On 4/16/07 *(date)* I served the following document(s) *(specify)*:

Objection to Objection
Fox Hills 216 LLC          By Mail
                           Edward Kline

1