RECEIVED AND FILED

2007 APR 18 A 11: 30

U.S. BANKRUPTCY COURT
PATRICIA GRAY, CLERK

United States Bankruptcy Court
District of Nevada

In Re:
USA Commercial Mortgage Company, Case No. BK S 06-10725 LBR
Debtor
Hearing Date: April 26, 2007
Hearing Time: 9:30 am
Place: Foley Federal Building
300 Las Vegas Blvd
Las Vegas NV 89101
Judge: Linda Riegle

### Objection to Debtors Notice of Claims Asserting Secured Status

Under Proof of Claim 10725-01544 comes now Joanne M. Grundman (Client No. 7418), a direct lender [herein known as Lender) in a first deed of trust (Account No. 2700) from February 2006 to Present, which was serviced by USA Commercial Mortgage Company [herein known as Debtor]. Under the proposed plan the account is deemed Class A-5. Prior to February 2006, said Account was joint and known as Account 5713 with Client No. 3198.

Lender objects to having to repay USAMC under "(1) "set offs" or "reserving" of funds paid as interest to Lenders in a non-performing funds. Debtors want said monies as property of the Bankruptcy estate. Debtor knowingly failed to meet it's fiduciary responsibilities under the Loan Service Agreement. To wit, failed to provide loan collection statements to the Lender of the Borrower's (Fiesta Valley Oak); nor informed Lender of loan's non-performance; nor took steps to collect collect/foreclose on Borrower. Instead, notified lender on December 7, 2005, in a letter USAMC gave borrower an extension:"....... Thank you for your participation in the Oak Mesa Investors first trust deed investment through USA Capital. The borrower approached USA Capital regarding extending this loan for an additional 12 months. The borrower has submitted the revised Tentative Maps, and is continuing the process of getting the property entitled, once entitled our loan will be repaid by an institutional lender. The Oak Mesa Investors first trust deed investment will have a new maturity date of December 18, 2006. Your interest checks will continue to arrive around the 10th of every month..."

Debtor violated the following responsibilities under the Loan Servicing Agreement:

C.2(d) Provide Lender with regular statements regarding loan collections, but in no event less frequently than quarterly.
C.2(c)(ii)....Borrower fails to make any payment to USA...terms of note...USA will take steps to collect....foreclosure procedures...
C.11.....Lender...agrees that USA shall have...authority....(b)..take all actions on behalf of Lender...necessary or convenient to under... deed of trust...pertaining to any Loan...

Debtor paid Lender the monthly interest as if the Borrower was meeting his contractual obligations, and failed to take steps against the Borrower. Lenders accepted said payments in good faith without knowledge of Borrower's failure to perform in accordance with the Loan Servicing Agreement under Greenwald v Chase Manhattan Mortg. Corp. 241 F.3d 76,79 (CA1,2001) "A lender has no duty of restitution where it made no misrepresentation and had no notice of mistaken benefits from which it benefited."

In conclusion, Debtors failed to meet their fiduciary responsibility under the Loan Servicing Agreement, and possibly committed fraud paying Lender on a non-performing fund and by keeping Lenders monies under false pretext. Lender has a right to claim interest received and capital invested totaling $54,818.09.

Respectfully Submitted on April 14, 2007

*Joanne M. Grundman* (signature)
Joanne M. Grundman
1608 Brown Street
Carson City, NV 89701-3504