Dean T. Kirby, Jr.    Calif. Bar No. 090114
Leonard J. Ackerman Calif. Bar No. 171073
KIRBY & McGUINN, A P.C.
600 B Street, Suite 1950
San Diego, California 92101-4515
Telephone: (619) 685-4000  Facsimile: (619) 685-4004
dkirby@kirbymac.com
lackerman@kirbymac.com

Michelle L. Abrams    Nev. Bar No. 5565
MICHELLE L. ABRAMS, LTD.
3085 South Jones Blvd., Suite C
Las Vegas, NV 89146
Telephone: (702) 369-3724 Facsimile (702) 369-0651
mabrams@mabramslaw.com

Attorneys for Creditor
Debt Acquisition Company of America V

E-Filed April 19, 2007

# UNITED STATES BANKRUPTCY COURT

## District of Nevada

| | |
|---|---|
| In re<br><br>USA COMMERCIAL MORTGAGE COMPANY<br><br>_____Debtor. | Case No. BK-S-06-10725 LBR<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO OBJECTION TO CLAIM NOS. 10725-00779, 10725-00780, 10725-00781, 10725-00783, AND 10725-00904, ASSIGNED TO DEBT ACQUISITION COMPANY OF AMERICA V, LLC<br><br>[AFFECTS DEBTOR USA COMMERCIAL MORTGAGE COMPANY]<br><br>DATE: April 26, 2007<br><br>TIME: 9:30 a.m. |
| In re<br><br>USA CAPITAL REALTY ADVISORS, LLC<br><br>_____Debtor. | |
| In re<br><br>USA CAPITAL DIVERSIFIED TRUST FUND, LLC<br><br>_____Debtor. | |
| In re<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC<br><br>_____Debtor. | |
| In re<br><br>USA COMMERCIAL MORTGAGE COMPANY<br><br>_____Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |

I.  **INTRODUCTION**

This objection relates to claims for commissions owing to sales people employed pre-petition by USA Commercial Mortgage Company ("USACM"). The objection lists eleven such claims, five of which had been purchased by Debt Acquisition Company of America V, LLC ("DACA"). These claims are as follows:

| Original Claimant | Claim No. | Priority | General Unsecured |
|---|---|---|---|
| Pompeo J. Lombardi | 10725-00780 | $10,000.00 | $33,017.52 |
| Dalton Maffett | 10725-00904 | $10,000.00 | $10,067.97 |
| Oliver Puhr | 10725-00783 | $10,000.00 | $21,762.33 |
| Tom Stewart | 10725-00779 | $10,000.00 | $27,037.93 |
| Janet Szabo | 10725-00781 | $10,000.00 | $15,107.97 |

The Debtor has objected only to the priority classification of these claims. The objection contains no evidence, but is based solely on the unsupported assertion that all of these commissions were earned in placing investors into non-performing loans. The objection does not assert that these employees were involved in loan administration or that they knew that any particular loan was non-performing. The objection also fails to provide any legal analysis or authority as to why the status of the loans as non-performing would excuse USACM or the Liquidating Trust from paying compensation to its employees.

II.  **THE PROOFS OF CLAIM ARE PRIMA FACIE EVIDENCE OF VALIDITY**

A proof of claim executed and filed in accordance with the Federal Rules of Bankruptcy Procedure constitutes prima facie evidence of the validity and amount of the claim. Fed.R.Bankr.P. 3001(f). Upon objection, the proof of claim provides "some evidence as to its validity and amount" and carries over a "mere formal objection." *Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir.2000); *In re Garner,* 246 B.R. 617, 623 (9th Cir. BAP 2000).

///
///
///
///

In re USA Commercial Mortgage Company, et al.  
Memorandum in Response to Objection to Claim Nos. 10725-00779-941  
Bankruptcy Case No. BK-S-06-10729 LBR  
Page No. 1

1  The proofs of claim at issue here conform to all of the requirements of Federal Rule of
2  Bankruptcy Procedure 3001. The claims are for wages or commissions of salespeople employed by
3  USACM, and are therefore not "based on a writing" so as to require that writings be attached to the
4  proof of claim pursuant to Federal Rule of Bankruptcy Procedure 3001(c). However, DACA attached
5  to each proof of claim copies of post-petition emails to the original claimant from Mark Olson, a former
6  director of USACM (and now "Director of Investor Relations" at Compass Financial) stating the amount
7  of these commission claims. These emails, some of which even counsel the claimants to file a priority
8  claim, are admissions of the Debtor in Possession. They also constitute summaries of how these claims
9  were computed.

III.  **THE OBJECTION DOES NOT INTRODUCE ANY EVIDENCE TO REBUT THE CLAIMS' VALIDITY**

A claims objection must produce sufficient evidence "tending to defeat the claim by probative force equal to that of the allegations in the proofs of claim themselves." *Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir.2000). The claims objection filed in this case includes no evidence whatsoever. The objection just generally asserts that the commissions were owed for placing investors in non-performing loans.

In any case, further evidence of the claims' validity has been submitted in response to the objection, in the form of Mr. Justus' Declaration, which attaches as exhibits the assignment forms signed by each of the original claimants, and by declarations of the original claimants.

IV.  **THE OBJECTION DOES NOT PROVIDE A LEGAL BASIS FOR DISALLOWING THE CLAIMS**

The objection asserts that the commissions in issue were earned for placing investors into non-performing loans. It does not assert (much less cite supporting evidence) that the salespeople in question knew that any particular loan was non-performing. Further, the objections cite no legal authority to the effect that the non-performing status of the loans would defeat these wage claims.

///
///
///

In re USA Commercial Mortgage Company, et al.           Bankruptcy Case No. BK-S-06-10729 LBR
Memorandum in Response to Objection to Claim Nos. 10725-00779-941                Page No. 2

The Liquidating Trust does not stand in the shoes of those Direct Lenders who might claim that USACM breached its fiduciary duties to them. The Direct Lenders might legitimately claim that *they* do not owe commissions or loan servicing fees because USACM breached its fiduciary duties. The Liquidating Trust stands in the shoes of USACM itself, which was the employer of these salespeople. USACM has up until now taken the position that loan servicing fees are owing by the Direct Lenders notwithstanding any breach of fiduciary duty. USACM now takes the inconsistent position that breaches of fiduciary duty, while not excusing the Direct Lenders from their obligations to USACM, somehow excuse USACM from paying compensation to employees. In the absence of any legal or factual support, the objection must fail.

V. IT IS IMPROPER TO SPLIT THE GROUNDS FOR OBJECTION AND TO RESERVE FURTHER OBJECTIONS, AND DACA DOES NOT CONSENT TO THIS PROCEDURE

Federal Rule of Bankruptcy Procedure 3008 (which provides in part that "a party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate.") "should not be read as permission to revisit a claim in perpetuity. There must be some finality especially when a debtor has been given an opportunity to present objections to a lender's claim . . . ." *In re Patchell,* 344 B.R. 8 (Bankr. D. Mass 2006). See also, *In re Nugent,* 254 B.R. 14 (Bankr. N.J. 1998). Reconsideration of allowed claims under Rule 3008 may be undertaken only for cause. *In re Rayborn,* 307 B.R. 710 (Bankr. S.D. Ala. 2002). Once a claim objection has been overruled, the doctrine of res judicata and its policy to prevent the splitting of causes of action will preclude further attacks on this claim based on other grounds than those asserted in the objection. See, *EDP Medical Computer Systems, Inc. v. U.S.,* --- F.3d ----, 2007 WL 706925 (2d Cir. 2007).

VI. AN EVIDENTIARY HEARING IS NECESSARY ONLY IF THE OBJECTION MAKES A FACTUALLY AND LEGALLY SUFFICIENT SHOWING

"The filing of an objection to a proof of claim 'creates a dispute which is a contested matter' within the meaning of Bankruptcy Rule 9014 and must be resolved after notice and opportunity for hearing upon a motion for relief. See Adv. Comm. Notes to Fed. R. Bankr.P. 9014." *Lundell v. Anchor Const. Specialists, Inc.,* 223 F.3d 1035, 1039 (9th Cir.2000). Disputed factual issues in a contested matter cannot be resolved by weighing affidavits. "Testimony of witnesses with respect to disputed

material factual issues shall be taken in the same manner as testimony in an adversary proceeding." Fed R. Bankr. P. 9014(e).

"In routine matters, such as motions for relief from stay, the use of affidavits alone as evidence is appropriate because only a prima facie evidentiary showing is required. *In re Applin,* 108 B.R. 253, 257 (Bankr.E.D.Cal.1989). However, when a party is bearing the ultimate evidentiary burden, preponderance of the evidence, an evidentiary hearing with oral testimony is necessary. Id." *In re Chambliss,* 315 B.R. 166, 170 (Bankr. S.D.Ga. 2004); Cf. *In re Pierce,* 435 F.3d 891 (8th Cir. 2006); *In re Guidry,* 321 B.R. 712 (Bankr. N. D. Ill. 2005).

Under the above-cited authority, an evidentiary hearing is only necessary if the objection presents evidence which: (i) conflicts with the proof of claim and requires resolution of fact issues; and (ii) would be sufficient as a matter of law to disallow the claim if believed. If no such evidentiary clash has been established, the objection should be overruled on the spot at the scheduled hearing. If the Court rules that the objecting party has both made a prima facie evidentiary showing, and that the evidence offered by the objecting party, if believed would be sufficient to disallow the claim, then an evidentiary hearing must be held.

DATE: April 19, 2007

KIRBY & McGUINN, A P.C.

By: _____
Dean T. Kirby, Jr. Attorneys for Creditor
Debt Acquisition Company of
of America V, LLC