SYLVESTER & POLEDNAK, LTD                     **E-FILED April 19, 2007**
JEFFREY R. SYLVESTER, ESQ.
Nevada Bar No. 4396
7371 Prairie Falcon, Suite 120
Las Vegas, Nevada  89128
(702) 952-5200
*Attorneys for Pecos Professional Park Limited Partnership*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE<br>COMPANY (fka USA CAPITAL)<br>           Debtor. | Case No.  BK-S-06-10725-LBR<br>Case No.  BK-S-06-10726-LBR<br>Case No.  BK-S-06-10727-LBR<br>Case No.  BK-S-06-10728-LBR<br>Case No.  BK-S-06-10729-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC.<br>           Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC.<br>           Debtor. | **OPPOSITION TO USACM<br>LIQUIDATING TRUST'S MOTION TO<br>CLASSIFY CLAIMS FILED BY PECOS<br>PROFESSIONAL PARK LIMITED** |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND,<br>LLC.<br>           Debtor. | **PARTNERSHIP IN PLAN CLASS A-7,<br>AND RESERVATION OF<br>COUNTERCLAIMS AND<br>OBJECTIONS** |
| In re:<br>USA SECURITIES, LLC.<br>           Debtor. | **Hearing Date: April 26, 2007<br>Hearing Time: 9:30 a.m.** |
| Affects:<br>☐  All Debtors<br>■  USA Commercial Mortgage Company<br>☐  USA Capital Realty Advisors, LLC<br>☐  USA Capital Diversified<br>      Trust Deed Fund, LLC<br>☐  USA Capital First Trust Deed Fund, LLC<br>☐  USA Securities, LLC | |

Pecos Professional Park Limited Partnership ("Pecos"), by and through its attorney,

Jeffrey R. Sylvester, Esq. of the law firm of Sylvester & Polednak, Ltd., hereby submits its

Opposition USACM Liquidating Trust's Motion to Classify Claims Filed by Pecos Professional

Park Limited Partnership in Plan Class A -7, and Reservation of Counterclaims and Objections [**Document No. 3081**].

This Opposition is made and based upon the attached Points and Authorities, the papers and pleadings on file herein, and any oral argument that the Court may entertain at the time of any hearing on this motion.

DATED this 19th day of April, 2007.

SYLVESTER & POLEDNAK, LTD.

By  */s/ Jeffrey R. Sylvester*
Jeffrey R. Sylvester, Esq.
7371 Prairie Falcon Road, Suite 120
Las Vegas, Nevada 89128

## POINTS AND AUTHORITIES

### I.

### FACTUAL BACKGROUND

**The Pecos Professional Lease.**

1.  Pecos Professional Park Limited Partnership, is a Nevada limited partnership comprised of USA Development, Inc., a Nevada corporation, and Nevada Skin and Cancer, Lucius Blanchard, M.D. Chartered, a Nevada corporation.

2.  USA Commercial Mortgage Company ("USACM") was a lessee under an "Office Lease" with Pecos as the landlord (the "Pecos Lease").

3.  Pursuant to the terms and conditions of the Pecos Lease, the USACM leased that real property located at 4484 South Pecos Road, Las Vegas, Nevada, 89121 (the "Pecos Premises").

4.  Pursuant to an "Amendment to Office Lease," the parties agreed to extend the term of the Pecos Lease to October 31, 2010.

5.  As the Debtor had not made a decision whether to assume or reject the Pecos Lease due

to the status of the bankruptcy case, "cause" under 11 U.S.C. § 365(d)(4) existed to extend the time

for the Debtor to assume or reject the Pecos Lease.  As a result, the Debtor and Pecos stipulated and

agreed that the Debtor had until November 11, 2006, to assume or reject the Pecos Lease.

6. On November 3, 2006, Pecos and the Debtor agreed to extend the time to assume or reject

the Pecos Lease until the latter or either sixty (60) days after entry of an order confirming the

Debtor's Plan of Reorganization or March 30, 2007.

**The Debtor's Proposed Plan of Reorganization.**

7. The Pecos Lease was, as of the Plan confirmation date, an unexpired lease.

8. Article V, Section A, of the Debtor's Proposed Plan provides, in relevant part as follows:

> In the schedule of Executory Contracts and Unexpired Leases Filed
> and served in accordance with Section D of Art. 1 of the Plan, the
> Debtor shall set forth the executory contracts and unexpired leases
> that are to be assumed or assumed and assigned effective upon the
> effective date, and shall specify the Cure Payment, if any, that the
> Debtors believe must be tendered on the Effective Date, in order to
> provide compensation in accordance with Section 365(b)(1)(A) and
> (B) of the Bankruptcy Code.

9. On November 29, 2006, the USACM filed a Notice of Schedule of Executory Contracts

and Unexpired Leases in connection with Debtor's Third Amended Joint Chapter 11 Plan of

Reorganization.  A true and correct copy of the Notice of Schedule of Executory Contracts is

annexed hereto and marked as Exhibit A.

10. Pursuant to the Notice of Schedule of Executory Contracts, USACM  stated that it

intended to assume that the Pecos Lease and provided for a cure payment of One Hundred and Sixty-

six Thousand, Seven Hundred and Eighty-eight Dollars and Forty-two Cents ($166,788.42) (the

"Cure Payment").

11. Pecos did not object to the assumption of the unexpired leases, nor did it dispute the

Cure Payment.

**Class A-7: Subordinated Claims.**

12.   The Debtor's Third Amended Joint Chapter 11 Plan of Reorganization attempted to

subordinate the claims of non-debtor insiders.  The plan provided, in relevant part, as follows:

> I.   *Classification*: Class A-7 consists of all Subordinated Claims
> against USACM.
>
> II.  *Treatment*: Payment to holders of Allowed Subordinated Claims
> shall be subordinated to the payment in full, plus interest, of all
> Allowed Penalty Claims.  It is anticipated that holders of Allowed
> subordinated claims shall receive no distribution under the plan.  In
> the unlikely event that cash exists after all Allowed Penalty Claims
> are paid in full, plus interest, the plan shall be deemed to be amended
> to provide that such cash be distributed Pro Rata to the holder of
> Allowed Subordinated Claims, plus interest.  Class A-7 is impaired
> and the holders of Class A-7 claims are deemed to reject the plan.

13.   The plan defined subordinated claims as "any and all claims of non-debtor insiders

against USACM."

14.   The plan defined insider as follows:

> "Insider" has the meaning ascribed to this term in § (31) of the
> Bankruptcy Code.   For purposes of this definition, the term
> "Affiliate" in §101(31)(e) has the meaning ascribed to that term in the
> plan and to the extent not included in the definition of "Affiliate"
> under the plan, shall include any and all persons whose business is
> owned or controlled by the Debtors or any insiders of the Debtors (as
> defined herein), or in which the Debtors or insiders of the Debtors (as
> defined herein) have any ownership, participation, profit sharing or
> any other kind of interest whatsoever.

15.   Under the Debtor's broad definition of insider, Pecos could have been deemed an insider

and, therefore, a subordinated claim receiving Class A-7 treatment.

**Pecos Objected to the Debtors' Proposed Plan of Reorganization.**

16.      On December 11, 2006, Pecos filed a limited objection seeking a clarification of the

Debtor's Plan of Reorganization with respect to its intent to subordinate the claims of Pecos.

17.      In response, the Debtor stated as follows:

-4-

> The Pecos Objection seeks clarification that the cure payments that are scheduled to be paid to the Pecos entities (which are the landlords of the two adjacent buildings in which the Debtors conduct business) will not subordinated under the Plan. The Plan does not intend to do so, and again, clarifying the language may be provided in Confirmation Order. Additionally, if the Haspinov, LLC., and Pecos Professional Park Limited Partnership leases for real property are assumed, the cure payments will not be subordinated under the provisions of the Debtor's Plan.

See Reply Brief Supporting Confirmation of Debtor's Third Amended Joint Plan of Reorganization at p. 54, ll. 8-13.

18. Ultimately, the Debtor rejected the lease, giving rise to the claim for rejection damages.

## II.

## LEGAL ARGUMENT

### A.    Subordination of the Claim of Pecos is Inappropriate.

The Debtor's Plan did not specifically articulate its intent to subordinate the claims of Pecos relating to the unexpired lease. Indeed, the Debtor's plan of reorganization indicated that the Debtor intended to assume the unexpired lease and to pay the Cure Payment on the Effective Date. As noted above, Pecos sought clarification as it related to the Debtor's intent to subordinate its claim and received assurances that subordination was not contemplated. As a result, Pecos withdrew the objection to the Debtor's Proposed Third Amended Plan of Reorganization. USACM subsequently determined to reject the lease, which gave rise to a claim of rejection damages. USACM now seeks to classify the claim of Pecos as Class A-7 claim subordinated to all other claims.

Pursuant to the principals of equitable subordination, the Court may, after notice and a hearing, subordinate all or part of an allowed claim to all or part of another allowed claim. See 11 U.S.C. § 510(c). 11 U.S.C. § 510(c) does not define the principals of equitable subordination. However, generally, for courts to subordinate a claim or an interest, the holder of the subordinated claims must have engaged in inequitable conduct which resulted in injury to creditors or conferred an unfair advantage on the claimant. See Pepper v. Litton 308 U.S. 295, 60 S. Ct. 238, 84 L. Ed. 281

(1939).

Courts have articulated three prerequisites for equitable subordination: (1) the claimant must have engaged in some type of inequitable conduct; (2) the conduct must have resulted in injury to the creditors of the debtor or conferred unfair advantage on the claimant; and (3) equitable subordination of the claim must not be inconsistent with the provisions of the code. See In re Lazar 83 F.3d. 306 (9th Cir. 1996).

Importantly, any action to subordinate under § 510(c) must be brought as an adversary proceeding. See In re Vermont Toy Work, Inc. 135 B.R. 762 (Dist. Vt. 1991); In re A. Barletta & Sons, Inc., 185 B.R. 976 (Bankr. M.D. Pa. 1995); In re Danbury Square Associates Limited Partnership 153 B.R. 657 (Bankr. S.D.N.Y. 1993). See also Federal Bankruptcy Procedure 7001(8). The adversary proceeding requirement, therefore, requires the plaintiff to plead and prove the equitable bases for subordination. In addition, the Ninth Circuit has acknowledge that "[i]f an issue must be raised through an adversary proceeding, it is not part of the confirmation process and, unless it is actually litigated, confirmation will have no preclusive effect." In re Enwally, 368 F.3d 1165, 1173 (9th Cir. 2004). In other words, although confirmed plans are *res judicata* to issues therein, the confirmed plan has no preclusive effect on issues that must be brought by adversary proceeding. Id.; See also In re Ransom, 336 B.R. 790 (B.A.P. 9th Cir. 2005).

In the instant case, the USACM's proposed plan of reorganization did not articulate any of the three prerequisites for equitable subordination of the claim of Pecos. Thus, even assuming, *arguendo*, that equitable subordination may be accomplished through a plan of reorganization, the plan of reorganization will have no preclusive effect as the procedural due process requirements were not satisfied and the issues were not actually litigated.

## III.

## CONCLUSION

WHEREFORE, in light of the foregoing, Pecos Professional Park Limited Partnership respectfully requests that this Court enter and order denying USACM Liquidating Trust's Motion in its entirety and to award such other an relief as my be just and proper.

DATED this 19th day of April, 2007.

SYLVESTER & POLEDNAK, LTD.

By:  /s/ Jeffrey R. Sylvester
Jeffrey R. Sylvester, Esq.
7371 Prairie Falcon, Suite 120
Las Vegas, Nevada 89128

-7-