RECEIVED AND FILED

Tuesday, April 18, 2007

2007 APR 20  P 2: 15

U.S. BANKRUPTCY COURT
PATRICIA GRAY, CLERK

**Howard Connell**
**Lorene Connell**
1001 Jennis Silver Street
Las Vegas NV 89145
(702) 254-1501 Home
(702) 340-3184 Cell
email: Howlor5@aol.com

**Lewis & Roca**
3993 Howard Hughes Parkway, Suite 600
Las Vegas NV 89169-5996
(702) 949-8320
(702) 949-8321 Facsimile
Susan M. Freeman
Rob Charles
Attorneys for USACM Liquidating Trust

**United Stated Bankruptcy Court**
Foley Federal Building
300 Las Vegas Boulevard South
Nevada 89101

**CHAPTER 11**
**Jointly Administered Under Case No. BK-S-06-10725 LBR**

To whom it may concern:

We are responding to the attached motion filed by the law firm of Lewis & Roca, on behalf of their client, USACM Liquidating Trust.

We are a named Defendant in this motion and as it may pertain to our "claim," we oppose it!

We had previously complied with the "bar date" for filing this claim and provided supporting documentation via United States Postal Service, Certified Mailing, to USACM's Pecos Road location in Las Vegas, Nevada. The fact we are "named" in this motion supports our "claim" as having been timely and properly filed, and therefore "valid" for this purpose.

> *A response is deemed sufficient if it states that written documentation in support of the proof of claim has already been provided to the objecting party and that the documentation will be provided at any evidentiary hearing or trial on the matter.*

2

As a courtesy, we have herein included copies of identical supporting documents as submitted with our original "claim" forms.

*UDACM Liquidating Trust has requested that this Court enter an order, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order denying priority status to approximately 110 alleged Priority Claims asserting Claims against USA Commercial Mortgage Company ("USACM") that aggregate over $17 million.*

*Specifically, the USACM Liquidating Trust <u>argues that there is no basis in the proofs of claim or in the books and records</u> of the Debtors that would support a priority Claim.*

While on the surface it may appear that our claim is "generic" to the other 109 alleged Priority Claims, in fact <u>it is NOT</u>.   Also<u>, the allegation</u> by the moving party, *<u>that there is no basis in the proofs of claim or in the books and records of the Debtors that would support a priority Claim,</u>* is FALSE.

## BACKGROUND

On or about, March 24, 2006 the Connell's were solicited by, Joseph Zabo, a Sales Agent employed by USACM, offering For Sale fractional  "beneficial interests" in a First Trust Deed investment  known as "Fiesta USA/Stoneridge.  Withstanding "fraudulent" acts committed by USACM and/or its employees and/or its agents, in luring and selling beneficial interests in this seasoned non-performing loan, the Connell's acquired a total $37,500.00 "beneficial interest," from two different Assignors.  Among other lies, this loan was advertised to be "personally guaranteed" by the principals of USACM, Joe Milanowski and Tom Hantges but NOT that it was in had long ago fallen into default for a lack of interest payments in excess of one year.

<u>Quote:</u>
*The USACM Trust believes that brokers were involved in many instances in the solicitation of investments into non-performing loans and/or the assignment of certain Direct Lenders into or out of investments in non-performing loans, possibly in violation of Nevada law, and that brokers may not be entitled to any commissions purportedly earned by such activities. In this Objection, however, the USACM Trust only contends that the Commission Claims are not entitled to priority status and that they should be reclassified as general unsecured Claims (albeit subject to potential further objection).*

On, April 13, 2006 USACM, et al filed for "relief" under a Chapter 11, Voluntary Bankruptcy Code. Due to the "shangins" perpetrated by USACM, the "monies" and "assignments" for our transactions, among others, eventually ended up in an "Interpleader Action,"  file by David Huston, Esq. on behalf of the Debtor in Possession (DIP), Mesirow Financial (aka Tom Allison), which in the Connell's case, is still unresolved.

On or about, August 26, 2006, the Connell's received in the mail, a check from the Debtor in Possession, USA Commercial Mortgage Collection Account. The check was drawn on Bank of America, **#91171** in the amount of $249.87. The check stub noted this was for "payment of interest/principal paid thru June 30, 2006." Upon review of the June 30' 2006 "Loan Summary Report" it was clear that the amount stated on the check, was calculated by combining entries from both Fiesta USA/Stoneridge and our one other direct lender investment, "Brookmere/Maddeson, also in non performing status (see attached Sep.25,2006 letter to Mr. Homfeld).

To this point, monthly Loan Collection reports published by Mesirow, showed Fiesta USA/Stoneridge never paid a dime toward their debt and was in default prior to, during and after we had acquired the "beneficial interest." On our June 30, 2006 statement (see attached statement) Mesirow (DIP) gave us credit for $138.62 from "Fiesta, added it to "Brookmere's" $326.02 (net) for a total $464.64. Deducting the court approved loan servicing hold back of 3% or $214.76, we were sent a net check for $249.87.
The hold back has since been approved by the Judge Riegle to be refunded to the lenders if appropriate. Since our LSA is for 1%, on both loans, it is appropriate we be reimbursed but have not.

The amount of this check (see attached) was derived by commingling of supposable unpaid "phantom" interest paid by Fiesta Stoneridge. Because the monthly Loan Summery Reports indicate the Fiesta was in default and had not made any interest payments, to be on the safe side, we returned the check and asked that our account be put back to its prior status, which was never done. (see attached documents).

*Specifically, the USACM Liquidating Trust argues that there is no <u>basis in the proofs of claim or in the books</u> and records of the Debtors that would support a priority Claim.*

<u>A review of USACM's bank statements will show USACM Trust Account check (# 91171, see attached) payable to us was never cashed by the Connell's, which makes their prior statement completely FALSE.</u>

## Authority

*The USACM Trust reserves the right to further object to any and all Claims, whether or not the subject of this Objection, for allowance and/or distribution purposes on any other grounds. <u>The USACM Trust further reserves the right to modify, supplement and/or amend this Objection as it pertains to any Claim or claimant herein.</u>*

As observed during the course of this bankruptcy, <u>Bankruptcy Judges are given "broad sweeping" powers to administer</u> bankruptcy protection to Debtors as "referees," to rule in the best interest of the "greater common good."

## CONCLUSION

The Defendant(s) in this case, are not attorneys. We do not have the financial resources to hire council if we wanted to-so we do the best we can. The value of this claim is not going to "make" or "break" either party. In fact, the hourly legal fees required to litigate this claim far out distance the actual claim.

4

We are here today because the Defendants refused to do what they felt was **less than honorable......accept money that they felt did not belong to them.**  However, since Mesirow retained the returned check, yet did not credit our account as requested, the "debit" for the disbursement remains when there should be a "credit" or a new check issued.  Also, this motion is not to determine the validly of the claim but the"priority"

As stated in the Points of Authority the *Trustee reserves the right to modify, supplement and/or amend this Objection as it pertains to any Claim or claimant herein*.  Because the "root" of this claim stems from the investor returning allocated funds back to USACM Collection Trust  Account, we feel justified in requesting the Trustee to withdraw it's "opposition"  to the current status of our claim.  Also, we are confident the Trustee has sufficient legal latitude to withdraw this motion.

The Defendants would argue there are no case laws or otherwise that would provide a "legal basis" for arguing against not reissuing a check, for returned funds back to the USACM Trustee.

**Factually, if the check had been cashed there would be no issue to argue, relating to this claim.**

The Defendant acknowledges and fully understands the concept of being honorable, even when others are not watching.  This is precisely why the funds were returned to the maker as previously described.

The Defendant NOW asks the Trustee and the Court, together, to weigh the Claimant's reasons for returning questionable monies previously paid to them and consider the arguments that allows for an honorable and legally justifiable decision, to grant relief from this motion.

How could it be considered honorable to now put these Defendants to the "back of the line," as a "general unsecured creditor" because they returned previously paid trust funds that according to USACM Trustee's "forensic" accounting department, were owed them and paid, even before the "professionals?"

_____  4/19/2007                              _____
Howard Connell, Defendant                                Lorene E. Connell, Defendant,
1001 Jennis Silver Street
Las Vegas, NV 89145
Email: Howlor5@aol.com
Home: 702 254-1501
Cell: 702 340-3184

We are here today because the Defendants refused to do what they felt was **less than honorable……accept money that they felt did not belong to them.**  However, since Mesirow retained the returned check, yet did not credit our account as requested, the "debit" for the disbursement remains when there should be a "credit" or a new check issued.  Also, this motion is not to determine the validly of the claim but the"priority"

As stated in the Points of Authority the *Trustee reserves the right to modify, supplement and/or amend this Objection as it pertains to any Claim or claimant herein*.  Because the "root" of this claim stems from the investor returning allocated funds back to USACM Collection Trust  Account, we feel justified in requesting the Trustee to withdraw it's "opposition"  to the current status of our claim.  Also, we are confident the Trustee has sufficient legal latitude to withdraw this motion.

The Defendants would argue there are no case laws or otherwise that would provide a "legal basis" for arguing against not reissuing a check, for returned funds back to the USACM Trustee.

**Factually, if the check had been cashed there would be no issue to argue, relating to this claim.**

The Defendant acknowledges and fully understands the concept of being honorable, even when others are not watching.  This is precisely why the funds were returned to the maker as previously described.

The Defendant NOW asks the Trustee and the Court, together, to weigh the Claimant's reasons for returning questionable monies previously paid to them and consider the arguments that allows for an honorable and legally justifiable decision, to grant relief from this motion.

How could it be considered honorable to now put these Defendants to the "back of the line," as a "general unsecured creditor" because they returned previously paid trust funds that according to USACM Trustee's "forensic" accounting department, were owed them and paid, even before the "professionals?"

_____ 4/19/2007

Howard Connell, Defendant
1001 Jennis Silver Street
Las Vegas, NV 89145
Email: Howlor5@aol.com
Home: 702 254-1501
Cell: 702 340-3184

Lorene E. Connell, Defendant,

**PROOF OF CLAIM**

| Name of Debtor: | Case Number: |
|---|---|
| U S A COMMERCIAL MORTGAGE COMP. | BK-S-06-10725-LBR |

NOTE: See Reverse for List of Debtors and Case Numbers.
This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor and Address:**

‖‖‖‖‖‖‖‖‖‖‖ 11321241000140
HOWARD CONNELL & LORENE CONNELL
1001 JENNIS SILVER ST
LAS VEGAS NV 89145-8684

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court or BMC Group in this case.

☐ Check box if this address differs from the address on the envelope sent to you by the court.

DO NOT FILE THIS PROOF OF CLAIM FOR A SECURED INTEREST IN A BORROWER THAT IS NOT ONE OF THE DEBTORS.

If you have already filed a proof of claim with the Bankruptcy Court or BMC, you do not need to file again.

THIS SPACE IS FOR COURT USE ONLY

Creditor Telephone Number (    )

Last four digits of account or other number by which creditor identifies debtor:
ACCOUNT ID: 9257  CLIENT ID: 9976

Check here if this claim ☐ replaces / ☐ amends a previously filed claim dated: _____

**1. BASIS FOR CLAIM**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒ Other (describe briefly)  INVESTOR RETURNED "USACM" COLLECTION ACCOUNT CHECK

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #: _____
Unpaid compensation for services performed from: _____ (date) to _____ (date)

☐ Unremitted principal
☐ Other claims against servicer (not for loan balances)

**2. DATE DEBT WAS INCURRED:**

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
See reverse side for important explanations.

**UNSECURED NONPRIORITY CLAIM** $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**UNSECURED PRIORITY CLAIM**
☒ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
  214.76 HOXOBACK CREDIT
Amount entitled to priority $ 249.87 RETURNED (NET) CHECK
  $ 464.64 TOTAL CREDIT DUE
Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,000)*, earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**SECURED CLAIM**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief description of collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) ( _____ ).
* Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| 5. TOTAL AMOUNT OF CLAIM | $ | $ | $ 464.64 | $ 464.64 |
|---|---|---|---|---|
| AT TIME CASE FILED: | (unsecured) | (secured) | ( priority) | (Total) |

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges

**6. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. DATE-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

The original of this completed proof of claim form must be sent by mail or hand delivered (FAXES NOT ACCEPTED) so that it is actually received on or before 5:00 pm, prevailing Pacific time, on November 13, 2006 for each person or entity (joint individuals, partnerships, corporations, joint ventures, trusts and governmental units).

BY MAIL TO:
BMC Group
Attn: USACM Claims Docketing Center
P. O. Box 911
El Segundo, CA 90245-0911

BY HAND OR OVERNIGHT DELIVERY TO:
BMC Group
Attn: USACM Claims Docketing Center
1330 East Franklin Avenue
El Segundo, CA 90245

THIS SPACE FOR COURT USE ONLY

DATE  11/24/06

SIGN and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

*FAXED 11/20/06*

Date: Nov. 20, 2006

To: Elisa Withrow, Fax 702 385-3417

From: Howard Connell, Acct. #4257

Re: Returned USACM check


On 9-27-06 you signed a "Certified Mail" confirmation addressed to USACM containing a returned USACM Trust check from me.

I have yet to hear or see any indication the check I returned has resulted in any appropriate adjustments to my account.

Will you please call me ASAP @ 702 340-3184 or email me @ howlor5@yahoo.com with a contact number for you.

As you may know, there is a "bar date" issued by the BK court that I am contending with to file any claim. I believe this issue deserves your immediate attention since I have been waiting since September.


Thank you,


Howard Connell

September 25, 2006

USA Commercial Mortgage
Ned Homfeld
4484 S. Pecos Road
Las Vegas NV 89121

Re: Returning Check, Investor Account # 4257,

Dear Mr. Homfeld,

Please find enclosed USACM's check payable to me in the amount of $249.87. This check is # 91171, drawn on Bank of America # 31-1/1110, dated 8/26/2006 which was supposed to represent unpaid interest due us as a direct lender, thru 6/30/2006 (see Client Loan Summary, attached).

We are returning this check because a portion of the total amount is "dubious." We are also enclosing several documents that substantiate this claim (Client Loan Summary & USA Loan Summary, as of August 31, 06).

On 9/1/06 you and I exchanged emails (see attached) addressing this issue. However, for me, I could not reconcile your answers. Therefore, we will try again with more detail, this time. Hopefully, we can help each other arrive at a coherent answer. Major issues of this bankruptcy involved co mingled funds and paying falsified interest payments to investors. That's exactly what I believe is happening here!  WE DON'T WANT TO BECOME ANOTHER VICTIM OF THIS PRACTICE, AGAIN!

My references concern the Fiesta-Stoneridge loan. We were assigned this beneficial interest on 3/24/06.  I say assigned because this transaction is embroiled in an "inter pleader" action filed by USACM.  We are challenging our transaction due to rampant fraud committed in taking our money ($37,500.).  It is unquestionably inappropriate to credit and/or make any payments of principal or interest to us, or anyone else, while the true ownership of the beneficial interest(s) remains questionable!  This is the reason for my returning this check.

All of USACM loan summary reports show Fiesta-Stoneridge, from its inception to have been a nonperforming loan. No reports that I have ever seen, indicated $220,000.00 was being held in the DIP collection account, as you so stated in your email. Something is wrong here!  I am also attaching an email from a Mr. George H. Michael, who tells us he has been in Fiesta Stoneridge from the start and now USACM wants back all the interest paid to him.  What's going on?  STILL, you want to keep sending me money that didn't come from Fiesta Stoneridge?  Please explain this contradiction as I am completely confused?

1

Regarding my suggestion of an injunction on payments to Direct Lenders during this hiatus, you stated; "That's part of the interpleader motions."    When it comes to the interpleaded accounts of Assignors/Assignees, it sounds like you agree with me!  There is a serious question as to who owns what.

Ned, please void the attached check and reissue a check, ONLY for the monies due me from our other loan, Brookmere-Maddison.  Please try to take care of this ASAP so I may soon forward these documents to my attorney, as time is of the essence.  Thank you in advance for your cooperation and attention in clearing up this matter.


Yours truly,


Howard Connell
702 340-3184 or Howlor2@yahoo.com

# USA Commercial Mortgage Company
## Investor History Report

Vesting: Howard Connell & Lorene Connell, husband & wife, as joint tenants with right of survivorship
Loan: Fiesta USA/Stoneridge
Client ID: 4976
Account ID: 4257
Loan Interest Rate: 13.00%
Original Service Fee: 0.00%
Current Service Fee: 1.00%

| Date Transaction | A Investment | B Principal Paid by Borrower | C Principal Paid to Investor | D = B - C Principal Owed to Investor | E Unsecured / Diverted Principal | F Interest Earned | G Loan Service Fee Retained by USACM | H Interest Paid by Borrower, Net of Service Fee | I = F - G - H Cumulative Amount Due from Borrower, Net of Service Fee | J Interest Paid to Investor | K = H - Cumulativ Amoun Held for (Due fron Investo |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/24/2006 Assignment In ($37,500.00) | $37,500.00 | | | | | | | | | | |
| 03/31/2006 Interest and Service Fee (3/1 - 3/31) | $37,500.00 | | | | | $108.33 | $8.06 | | $100.27 | | |
| 04/30/2006 Interest and Service Fee (4/1 - 4/30) | $37,500.00 | | | | | $466.69 | $31.25 | | $535.71 | | |
| 05/31/2006 Interest and Service Fee (5/1 - 5/31) | $37,500.00 | | | | | $529.10 | $31.25 | | $1,033.56 | | |
| 06/30/2006 Interest and Service Fee (6/1 - 6/30) | $37,500.00 | | | | | $517.77 | $31.25 | | $1,520.07 | | |
| 07/31/2006 Interest and Service Fee (7/1 - 7/31) | $37,500.00 | | | | | $540.82 | $31.25 | | $2,029.64 | | |
| 08/26/2006 Interest Paid to Investor | $37,500.00 | | | | | | | | $2,029.64 | $138.62 | ($13 |
| 08/31/2006 Interest and Service Fee (8/1 - 8/31) | $37,500.00 | | | | | $546.87 | $31.25 | | $2,545.27 | | ($13 |
| 09/30/2006 Interest and Service Fee (9/1 - 9/30) | $37,500.00 | | | | | $535.16 | $31.25 | | $3,049.17 | | ($13 |
| TOTALS: | $37,500.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3,244.74 | $195.56 | $0.00 | $3,049.17 | $138.62 | ($13 |

*handwritten annotations:* "(BofA CHECK #91171 RETURNED! NO CREDIT GIVEN)"

This rate may be adjusted according to your loan servicing agreement.

This statement is provided for informational purposes only and is intended for the sole benefit of the named vested party.
This statement is not intended to represent a loan payoff quote. USA reserves the right to update and supplement this statement.

Page ·

# USA Commercial Mortgage Company
## Investor History Report

Vesting: Howard Connell & Lorene Connell, husband & wife, as joint tenants with right of survivorship
Loan: Brookmere/Matteson $27,050,000
Client ID: 4976
Account ID: 4257
Loan Interest Rate: 12.00%
Original Service Fee: 0.00%
Current Service Fee: 1.00%

| Transaction | A Investment | B Principal Paid by Borrower | C Principal Paid to Investor | D = B - C Principal Owed to Investor | E Unsecured/ Diverted Principal | F Interest Earned | G Loan Service Fee Retained by USACM | H Interest Paid by Borrower Net of Service Fee | I = F - G - H Cumulative Amount Due from Borrower, Net of Service Fee | J Interest Paid to Investor | K = H - Cumulative Amount Held for (Due from Investor) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/2006 Interest and Service Fee (2/1 - 2/28) | $24,658.35 | | | $12,715.96 | | $230.14 | | | $452.15 | | ($21 |
| 8/2006 Interest Paid By Borrower | $24,658.35 | | | $12,715.96 | | | | $103.35 | $348.80 | | ($11 |
| 10/2006 Interest Paid to Investor | $24,658.35 | | $12,715.96 | | | | | | $348.80 | $344.53 | ($45 |
| 10/2006 Principal Paid to Investor | $24,658.35 | | $12,890.70 | ($174.74) | | | | | $348.80 | | ($45 |
| 12/2006 Interest Paid By Borrower | $24,658.35 | | | ($174.74) | | | | $348.80 | $0.00 | | ($10 |
| 11/2006 Interest and Service Fee (3/1 - 3/31) | $24,658.35 | | | ($174.74) | | $254.80 | | | $254.14 | | ($10 |
| 11/2006 Interest Paid By Borrower | $24,658.35 | | | ($174.74) | | | $0.66 | $254.00 | $0.14 | | $14 |
| 8/2006 Interest Paid By Borrower | $24,658.35 | | | ($174.74) | | | | $0.14 | $0.00 | | $14 |
| 10/2006 Interest and Service Fee (4/1 - 4/30) | $24,658.35 | | | ($174.74) | | $246.58 | $20.55 | | $226.03 | | $14 |
| 10/2006 Interest Paid By Borrower | $24,658.35 | | | ($174.74) | | | | $164.83 | $61.20 | | $31 |
| 12/2006 Interest Paid By Borrower | $24,658.35 | | | ($174.74) | | | | $61.20 | $0.00 | | $37 |
| 11/2006 Interest and Service Fee (5/1 - 5/31) | $24,658.35 | | | ($174.74) | | $254.80 | $20.55 | | $234.25 | | $37 |
| 11/2006 Interest Paid By Borrower | $24,658.35 | | | ($174.74) | | | | $69.99 | $164.27 | | $44 |
| 9/2006 Interest Paid By Borrower | $24,658.35 | | | ($174.74) | | | | $37.99 | $126.28 | | $48 |
| 10/2006 Interest and Service Fee (6/1 - 6/30) | $24,658.35 | | | ($174.74) | | $247.98 | $20.55 | | $353.69 | | $48 |
| 11/2006 Interest and Service Fee (7/1 - 7/31) | $24,658.35 | | | ($174.74) | | $258.78 | $20.55 | | $591.93 | | $48 |
| 11/2006 Interest Paid By Borrower | $24,658.35 | | | ($174.74) | | | | $56.98 | $534.95 | | $53 |
| 6/2006 Interest Paid to Investor | $24,658.35 | | ($146.40) | ($28.34) | | | | | $534.95 | $472.42 | $6 |
| 6/2006 Principal Paid to Investor | $24,658.35 | | | ($28.34) | | | | | $534.95 | | $6 |
| 11/2006 Interest and Service Fee (8/1 - 8/31) | $24,658.35 | | | ($28.34) | | $260.82 | $20.55 | | $775.22 | | $6 |

$326.42.

THIS AMOUNT WAS PAID IN CHECK #9117, BUT RETURNED, NO CREDIT GIVEN

SEE "LOAN SUMMARY" SHEET

This rate may be adjusted according to your loan servicing agreement.

This statement is provided for informational purposes only and is intended for the sole benefit of the named vested party.
This statement is not intended to represent a loan payoff quote. USA reserves the right to update and supplement this statement.

73%- 2900

**USA Commercial Mortgage Company**
as Loan Servicing Agent for Loans Listed Below

**Loan Summary for Client ID    4257**

### Individual Investments

Howard Connell & Lorene Connell, husband & wife, as joint tenants with right of survivorship
1001 JENNIS SILVER ST

LAS VEGAS, NV  89145-8684

| Loan Name | Dates | Original Investment | Current Investment | Principal Due to (from) Investor - USA CMC | Interest Due to (from) Investor USA CMC | Total Due to (Owed from ) Investor |
|---|---|---|---|---|---|---|
| Brookmere/Matteson $27,050,000 | 3/16/04 - 6/30/06 | $100,000.00 | $24,658.35 | -$146.40 | $472.42 | $326.02 |
| Fiesta USA/Stoneridge | 3/24/06 - 6/30/06 | $25,000.00 | $37,500.00 | $0.00 | $138.62 | $138.62 |
| | Totals: | $125,000.00 | $62,158.35 | -$146.40 | $611.04 | $464.64 |
| | Less: | | | | | |
| | Court Required Holdback | | | | | -214.76 |
| | | | | Net check amount: | | $249.87 |

*CREDIT BACK ALL CHARGES BECAUSE
CHECK WAS NOT CASHED!*

*CHECK RETURNED TO MAKER*

*Howard Connell*

*702-340-3187*

This statement is provided for information purposes only and is intended for the sole benefit of the named vested party.
This statement is not intended to represent a loan payoff quote. USA reserves the right to update and supplement this statement.

Prepared by MFIM, LLC                                      THIS STATEMENT REFLECTS THE STATUS THROUGH JUNE 30, 2006

*~~ -- 1/2~/06*

*ATTN NED HOMFELD*

.A COMMERCIAL MORTGAGE CO. / COLLECTION

**91171**

| | |
|---|---|
| Check Number | |
| Check Date | 8/26/2006 |
| Check Amount | $249.87 |

Howard Connell and Lorene Connell
Item to be Paid

Interest and / or principal paid through June 30, 2006                                4257

*" This Check Returned To USACM "*

**THE BACK OF THIS DOCUMENT HAS A ULTRA VIOLET BACKGROUND ON WHITE PAPER**

## USA COMMERCIAL MORTGAGE
### COLLECTION
DEBTOR IN POSSESSION
4484 S. PECOS RD.
LAS VEGAS, NV 89121
PH. (702) 734-2400

Bank of America. 

**91171**
32-1/1110

| DATE | AMOUNT |
|---|---|
| 8/26/2006 | $249.87 |

AY
O THE
RDER
F

Howard Connell and Lorene Connell
1001 JENNIS SILVER ST

LAS VEGAS, NV 89145-8684

*[signature]*

AUTHORIZED SIGNATURE

SECURITY FEATURES INCLUDED. DETAILS ON BACK.

LEWIS
ᴬᴺᴰ
ROCA
ᴸᴸᴾ
L A W Y E R S

1    3993 Howard Hughes Parkway, Suite 600
     Las Vegas, NV 89169-5996
     Facsimile (702) 949-8321
2    Telephone (702) 949-8320

3    Susan M. Freeman AZ State Bar No. 004199
     Email: sfreeman@lrlaw.com
     Rob Charles NV State Bar No. 006593
     Email: rcharles@lrlaw.com

4    Attorneys for USACM Liquidating Trust

5

6

| | E-Filed on 3/23/07 |

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

7    In re:

8    USA COMMERCIAL MORTGAGE
     COMPANY,

9    USA CAPITAL REALTY ADVISORS, LLC,

10   USA CAPITAL DIVERSIFIED TRUST DEED
     FUND, LLC,

11

12   USA CAPITAL FIRST TRUST DEED FUND,
     LLC,

13

14   USA SECURITIES, LLC,
                                    Debtors.

15   **Affects:**
     ☐ All Debtors
16   ☒ USA Commercial Mortgage Company
     ☐ USA Capital Realty Advisors, LLC
17   ☐ USA Capital Diversified Trust Deed Fund, LLC
     ☐ USA Capital First Trust Deed Fund, LLC
18   ☐ USA Securities, LLC

Case No. BK-S-06-10725-LBR
Case No. BK-S-06-10726-LBR
Case No. BK-S-06-10727-LBR
Case No. BK-S-06-10728-LBR
Case No. BK-S-06-10729-LBR

CHAPTER 11

Jointly Administered Under Case No. BK-S-
06-10725 LBR

**NOTICE OF HEARING REGARDING
FIRST OMNIBUS OBJECTION OF THE
USACM LIQUIDATING TRUST TO
CLAIMS ASSERTING PRIORITY
STATUS**

Hearing Date:  April 26, 2007
Hearing Time:  9:30 a.m.

19

20   **THE USACM LIQUIDATING TRUST IS OBJECTING TO THE CLAIM THAT**

21   **YOU FILED.   THIS IS NOT AN OBJECTION TO THE VALIDITY OR AMOUNT**

22   **OF YOUR CLAIM, RATHER IT ARGUES THAT YOUR CLAIM IS NOT**

     **ENTITLED TO PRIORITY STATUS.  THE DEADLINE TO RESPOND TO THE**
23
     **OBJECTION IS APRIL 19, 2007.  PLEASE DO NOT CONTACT THE CLERK OF**
24
     **THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF YOUR CLAIM.**
25
     **QUESTIONS REGARDING THE AMOUNT OF A CLAIM OR THE FILING OF A**
26

1820484.1

LEWIS
AND
ROCA
LLP
L A W Y E R S

**CLAIM SHOULD BE DIRECTED TO BMC GROUP AT 888-909-0100, OR WWW.BMCGROUP.COM/USACMC, or to the undersigned counsel.**

**NOTICE IS HEREBY GIVEN** that the USACM Liquidating Trust, by and through its counsel, has filed a First Omnibus Objection to Claims Asserting Priority Status (the "Objection").  The USACM Liquidating Trust has requested that this Court enter an order, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order denying priority status to approximately 110 alleged Priority Claims asserting Claims against USA Commercial Mortgage Company ("USACM") that aggregate over $17 million.

Specifically, the USACM Liquidating Trust argues that there is no basis in the proofs of claim or in the books and records of the Debtors that would support a priority Claim.  The USACM Trust objects to the Claims on the basis that they are not one of the ten types of Claims entitled to priority status under Sec. 507, and asserts they should be reclassified as general unsecured Claims.  These claimants have produced no evidence or documentation supporting their contention that they should be treated as priority Claims. The USACM Trust does not object to the validity or amount of the Claim at this time, but reserves the right to do so in the future.  The Trust requests that the Court reclassify these claims as general unsecured claims (albeit subject to additional objections).  As explained in the motion, the USACM Liquidating Trust may have other objections to the claims that will be filed later.

**NOTICE IS FURTHER GIVEN** that the hearing on the Objection will be held before the Honorable Linda B. Riegle, United States Bankruptcy Judge, in the Foley Federal Building, 300 Las Vegas Boulevard South, Courtroom 1, Las Vegas, Nevada, on **April 26, 2007,** at the hour of **9:30 a.m**.

1820484.1

LEWIS
AND
ROCA
LLP
L A W Y E R S

**NOTICE IS FURTHER GIVEN THAT THE HEARING SET ON APRIL 26, 2007, WILL BE HELD FOR THE PURPOSE OF STATUS CHECKS AND SCHEDULING EVIDENTIARY HEARINGS ONLY.  NO ARGUMENTS WILL BE HEARD ON THAT DATE.**

**NOTICE IS FURTHER GIVEN** that any response to the Objection must be filed by **April 19, 2007** pursuant to Local Rule 3007(b), which states:

> If an objection to a claim is opposed, a written response must be filed and served on the objecting party at least 5 business days before the scheduled hearing.  A response is deemed sufficient if it states that written documentation in support of the proof of claim has already been provided to the objecting party and that the documentation will be provided at any evidentiary hearing or trial on the matter.

If you object to the relief requested, you *must* file a **WRITTEN** response to this pleading with the Court.  You *must* also serve your written response on the person who sent you this notice.

If you do not file a written response with the Court, or if you do not serve your written response on the person who sent you this notice, then:

- The Court may *refuse to allow you to speak* at the scheduled hearing; and
- The Court may *rule against you* without formally calling the matter at the hearing.

Dated:  March 23, 2007.                LEWIS AND ROCA LLP

By:  /s/ RC (#6593)
    Susan M. Freeman, AZ 4199 (*pro hac vice*)
    Rob Charles, NV 6593
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320
*Counsel for USACM Liquidating Trust*

1820484.1

LEWIS
AND
ROCA
LLP
L A W Y E R S

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 3/23/07

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-06-10725-LBR |
| | Case No. BK-S-06-10726-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | Case No. BK-S-06-10727-LBR |
| | Case No. BK-S-06-10728-LBR |
| USA CAPITAL REALTY ADVISORS, LLC, | Case No. BK-S-06-10729-LBR |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | CHAPTER 11 |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | Jointly Administered Under Case No. BK-S-06-10725 LBR |
| USA SECURITIES, LLC, | **FIRST OMNIBUS OBJECTION OF THE USACM LIQUIDATING TRUST TO CLAIMS ASSERTING PRIORITY STATUS** |
| Debtors. | |
| **Affects:** | Hearing Date:     April 26, 2007 |
| ☐ All Debtors | Hearing Time:    9:30 a.m. |
| ☒ USA Commercial Mortgage Company | |
| ☐ USA Capital Realty Advisors, LLC | |
| ☐ USA Capital Diversified Trust Deed Fund, LLC | |
| ☐ USA Capital First Trust Deed Fund, LLC | |
| ☐ USA Securities, LLC | |

The USACM Liquidating Trust (the "USACM Trust") hereby files its First Omnibus Objection to Claims Asserting Priority Status ("Objection") and moves this Court, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order denying priority status to approximately 110 alleged Priority Claims asserting Claims against USA Commercial Mortgage Company ("USACM") that aggregate over $17 million.  The USACM Trust is not, by this filing, objecting at this time

LEWIS
AND
ROCA
LLP
LAWYERS

to any of the Claims as unsecured Claims, but reserves the right to do so.  This Objection

is supported by the Court's record and explained in the following Memorandum.

## I.    JURISDICTION

1.      The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334

and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2)(B).

2.      The statutory predicate for the relief requested herein are 11 U.S.C. § 502

and Bankruptcy Rule 3007.

## II.    BACKGROUND

1.      On April 13, 2006 ("Petition Date"), USACM, USA Securities, LLC ("USA

Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital

Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC

("FTDF" and together with DTDF , the "Funds") (collectively the "Debtors"), filed

voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors

continued to operate their businesses, if any, as debtors-in-possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.  Post-petition management of the Debtors was

under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC

("Mesirow"), who serves as the Chief Restructuring Officer.

2.      USACM is a Nevada Corporation that, prior to the Petition Date, was in the

business of underwriting, originating, brokering, funding and servicing commercial loans

primarily secured by real estate, both on behalf of investors and for its own account.

3.      This business included the solicitation of individual investors to purchase

fractional interest in loans that USACM originated and then serviced.  These investors,

totaling approximately 3,600 as of the Petition Date, are referred to as "Direct Lenders" in

USACM's bankruptcy case and in this Objection.

1820434.1

LEWIS
AND
ROCA
LLP
L A W Y E R S

4.    Although USACM serviced and sometimes originated the loans in which the Direct Lenders invested, USACM was not a borrower on these loans.

5.    On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest (the "Bar Date Order") [Docket No. 1280].  The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file proof of claims

6.    On September 25, 2006, the Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358].  All Direct Lenders were served with a copy of the Bar Date order as well [Docket No. 1358].

7.    On November 6, 2006, a stipulation was filed and an order entered extending the Bar Date for Direct Lenders only to file proofs of claim until January 13, 2007 [Docket No. 1729].

8.    On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" [Docket No. 2376].

9.    Debtors' Third Amended Chapter 11 Plan of Reorganization (the "Plan") [Docket No. 1799] provides the following deadlines for objections to Claims:

(A)    for any and all Claims and Equity Interests to which the General Bar Date applies, ninety (90) days after the Effective Date; (B) for any and all Claims to which the Administrative Claims Bar Date or the Professionals Administrative Bar Date applies, thirty (30) days after the expiration of the respective Bar Date; and (C) for any and all Claims to which the Bar Date applicable under section B.3 of Art. V of the Plan applies, thirty (30) days after the expiration of that Bar Date.

10.    USACM's claims and noticing agent received approximately 2,436 proofs of claim as of the January 13, 2007 Bar Date, asserting claims totaling more than $997,000,000, plus unknown amounts based on unliquidated Claims.

11.    Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

3

1820434.1

LEWIS
AND
ROCA
LLP
L A W Y E R S

12.     The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007.  Geoffrey L. Berman is the Trustee.

13.     Various claimants (mostly Direct Lenders) filed approximately 110 proofs of claim against USACM asserting priority status (the "Priority Claims").  There is no basis in these proofs of claim or in the books and records of the Debtors that would support a priority Claim.  The USACM Trust contends that the Claims listed on **Exhibit A** attached hereto are not entitled to priority status and contends that they should be reclassified as general unsecured Claims (albeit subject to potential further objection).

### III.    APPLICABLE AUTHORITY

1.     Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).

2.     The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a).  This objection is timely under the confirmed Plan.

3.     A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the Claim.  *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).  The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant."  *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

4

1820434.1

LEWIS
AND
ROCA
LLP
L A W Y E R S

# IV.    OBJECTIONS TO CLAIMS

1.    As more particularly described herein, the USACM Trust seeks in this Objection the reclassification of the Priority Claims as general unsecured Claims.

2.    These Claims may be the subject of multiple objections herein for any of the reasons stated in this Objection.  These Claims may also be subject to prior or subsequently filed objections.

3.    The USACM Trust reserves the right to further object to any and all Claims, whether or not the subject of this Objection, for allowance and/or distribution purposes on any other grounds.  The USACM Trust further reserves the right to modify, supplement and/or amend this Objection as it pertains to any Claim or claimant herein.

4.    **Exhibit A** contains a list of Claims filed by various parties asserting priority status.  Section 507 of the Bankruptcy Code establishes the ten types of Claims that are entitled to priority status.  The Ninth Circuit has stated that "'because the presumption in bankruptcy cases is that the debtor's limited resources will be equally distributed among its creditors, *statutory priorities are narrowly construed.*'"  *In re Peaches Records and Tapes, Inc.*, 102 B.R. 193, 195 (B.A.P. 9th Cir. 1989) (*quoting Trustees of Amalgamated Ins. Fund v. McFarlin's*, 789 F.2d 98, 100-01 (2nd Cir. 1986) (emphasis in original)).  A party claiming priority status bears the burden of establishing priority status.  *See e.g., In re Terra Distrib., Inc.*, 148 B.R. 598, 600 (Bankr. D. Idaho 1992) (stating that the "burden to demonstrate the elements required for priority status lies upon the claimant").

5.    The USACM Trust objects to the Claims listed on **Exhibit A** on the basis that they are not one of the ten types of Claims entitled to priority status under § 507, and asserts they should be reclassified as general unsecured Claims.  These claimants have produced no evidence or documentation supporting their contention that they should be treated as priority Claims.  The USACM Trust does not object to the validity or amount of the Claims listed on **Exhibit A** at this time but reserves the right to do so in the future.

5

1820434.1

LEWIS
AND
ROCA
LLP
LAWYERS

## V.    CONCLUSION

For the reasons discussed above, the USACM Trust objects to the priority status asserted in the proofs of claim listed on **Exhibit A** and requests that the Court reclassify these Claims as general unsecured Claims (albeit subject to possible additional objections). The USACM Trust also requests such other and further relief as is just and proper.

Dated:  March 23, 2007.

**LEWIS AND ROCA LLP**


By:   /s/ RC (#6593)
      Susan M. Freeman, AZ 4199 (*pro hac vice*)
      Rob Charles, NV 6593
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320
Email: RCharles@LRLaw.com
*Counsel for USACM Liquidating Trust*

6

1820434.1

| # | Name / Address | Claim No. | Date | Amount | Code | Objection |
|---|---|---|---|---|---|---|
| 20 | CDW Computer Centers Inc<br>Receivable Management Services<br>Phyllis A Hayes<br>PO BOX 5126<br>Timonium, MD 21094-5126 | 10725-00003 | 5/4/2006 | $1,381.30 | P, A | Claim is not entitled to priority status and should be classified as a general unsecured claim. |
| 21 | Clark, Donald<br>305 W Moana Ln<br>Reno, NV 89509 | 10725-01601 | 12/8/2006 | $775,918.76 | P | Claim is not entitled to priority status and should be classified as a general unsecured claim. |
| 22 | Connell, Howard & Lorene<br>1001 Jennis Silver St.<br>Las Vegas, NV 89145-8684 | 10725-01577 | 12/5/2006 | $464.64 | F | Claim is not entitled to priority status and should be classified as a general unsecured claim. |
| 23 | Davis, Todd<br>360 W 55th St, Apt 1G<br>New York, NY 10019 | 10725-01481 | 11/28/2006 | $10,910.11 | P, U | Claim is not entitled to priority status and should be classified as a general unsecured claim. |
| 24 | Di Salvo, Anne F<br>Po Box 18220<br>Reno, NV 89511-0220 | 10725-00896 | 11/1/2006 | $11,905.13 | P, U | Claim is not entitled to priority status and should be classified as a general unsecured claim. |
| 25 | Dr Melody A Pfingsten & Crystal Wittich<br>43613 Southerland Way<br>Fremont, CA 94539-5933 | 10725-00805 | 10/30/2006 | $55,443.90 | P, U | Claim is not entitled to priority status and should be classified as a general unsecured claim. |
| 26 | Duane U Devenil Family Trust Dtd 10/25/90<br>Trust 1<br>C/O Duane U Devenil Trustee<br>774 Mays Blvd Ste 10 Pmb 186<br>Incline Village, NV 89451-9613 | 10725-00405 | 10/2/2006 | $227,998.41 | P | Claim is not entitled to priority status and should be classified as a general unsecured claim. |
| 27 | Dupin, William & Penny<br>545 Cole Cir<br>Incline Village, NV 89451-8108 | 10725-00428 | 10/4/2006 | $12,951.80 | P, U | Claim is not entitled to priority status and should be classified as a general unsecured claim. |
| 28 | Dupin, William & Penny<br>545 Cole Cir<br>Incline Village, NV 89451-8108 | 10725-00429 | 10/4/2006 | $28,804.73 | P, U | Claim is not entitled to priority status and should be classified as a general unsecured claim. |
| 29 | Dupin, William & Penny<br>545 Cole Cir<br>Incline Village, NV 89451-8108 | 10725-00430 | 10/4/2006 | $10,238.91 | P, U | Claim is not entitled to priority status and should be classified as a general unsecured claim. |

**EXHIBIT A**

**LEWIS**
AND
**ROCA** LLP
L A W Y E R S

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**                                          **E-Filed on**
**3/23/07**

In re:
USA COMMERCIAL MORTGAGE
COMPANY,
USA CAPITAL REALTY ADVISORS, LLC,
USA CAPITAL DIVERSIFIED TRUST DEED
FUND, LLC,
USA CAPITAL FIRST TRUST DEED FUND,
LLC,
USA SECURITIES, LLC,
Debtors.

**Affects:**
☑All Debtors
☐USA Commercial Mortgage Company
☐USA Capital Realty Advisors, LLC
☐USA Capital Diversified Trust Deed Fund, LLC
☐USA Capital First Trust Deed Fund, LLC
☐USA Securities, LLC

Case No. BK-S-06-10725-LBR
Case No. BK-S-06-10726-LBR
Case No. BK-S-06-10727-LBR
Case No. BK-S-06-10728-LBR
Case No. BK-S-06-10729-LBR
CHAPTER 11
Jointly Administered Under Case No. BK-S-
06-10725 LBR

**NOTICE OF HEARING REGARDING SECOND OMNIBUS OBJECTION OF**
**THE USACM LIQUIDATING TRUST TO CLAIMS ASSERTING PRIORITY**
**STATUS**

Hearing Date: April 26, 2007
Hearing Time: 9:30 a.m.

**THE USACM LIQUIDATING TRUST IS OBJECTING TO THE CLAIM**
**THAT YOU FILED. THIS IS NOT AN OBJECTION TO THE VALIDITY OR**
**AMOUNT OF YOUR CLAIM, RATHER IT ARGUES THAT YOUR CLAIM**
**IS NOT ENTITLED TO PRIORITY STATUS. THE DEADLINE TO**
**RESPOND TO THE OBJECTION IS APRIL 19, 2007. PLEASE DO NOT**
**CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS**
**THE MERITS OF YOUR CLAIM.**