EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND,<br>LLC,<br>Debtor. | **DECLARATION OF DAVID BLATT IN<br>FURTHER SUPPORT OF MOTION FOR<br>ORDER ENFORCING CONFIRMATION<br>ORDER AND DETERMINING NO<br>SURVIVING SECTION 3 RIGHT EXISTS<br>WITH RESPECT TO THE FIESTA<br>OAK VALLEY LOAN** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund,<br>LLC<br>☐ USA First Trust Deed Fund, LLC | |

I, DAVID BLATT, hereby declare under penalty of perjury that the

following is true and correct:

1.     I am over 18 years of age, and I have personal knowledge of each

of the facts stated in this declaration ("Declaration"), except where otherwise indicated

below.  If called as a witness, I could and would testify as to the matters set forth below

based upon my personal knowledge, except where otherwise indicated below.

2.     I am a Managing Director of Compass Financial Partners LLC, a

Nevada limited liability company, an affiliate of Compass USA SPE LLC, a Delaware

limited liability company (together, "Compass"), and am competent to testify with respect to the matters recited herein.

       3.    I submit this declaration in further support of the motion (the "Compass Motion"), dated March 30, 2007, for an order enforcing paragraph 14 of the Order Confirming the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan"), entered January 8, 2007 (the "Confirmation Order"), and determining no Surviving Section 3 Right (as such term is defined in the Confirmation Order) exists or is exercisable with respect to the loan commonly referred to as "Fiesta Oak Valley" (the "Loan"). Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Compass Motion.

## I.    My Educational and Professional Background

       4.    I have an extensive educational and professional background in finance, lending and troubled loan servicing and work-outs.

       5.    I hold a Bachelor of Science degree in Business Management from Yeshiva University, a JD from the Benjamin Cardozo School of Law, and an MBA from the Zicklin School Of Business at Baruch College. In addition, I hold a Masters Degree in Negotiation and Dispute Resolution from Pepperdine University School of Law, and am licensed to practice law in New York, New Jersey and California.

       6.    In my capacity as a Managing Director of Compass, my responsibilities include managing and servicing and, as needed, restructuring millions of dollars in loans on an annual basis. I have served in this capacity since the founding of Compass in 2005.

7.      Prior to joining Compass, I managed a private equity firm for three years known as Blatt Holdings LLC.  My responsibilities in such capacity included acquiring and managing real estate assets.

8.      Prior to working at Blatt Holdings LLC, I was employed for three years at Flatiron Real Estate Partners LLC, a real estate acquisitions firm focused on environmentally and financially distressed assets, where I specialized in distressed real estate acquisitions.

## II.    The APA and the Fiesta Oak Valley Loan

9.      As the Court is aware, on February 16, 2007 (the "Closing Date"), Compass acquired substantially all of the assets of USACM and FTDF (collectively, the "Assets") in exchange for cash consideration of approximately $67 million.  Compass was the successful bidder for the Assets at an auction conducted before the Bankruptcy Court on December 7, 2006 (the "Auction").   To the best of my knowledge, information, and belief, Debt Acquisition Company of America V ("DACA") did not submit a bid for the Assets in conjunction with the Auction.

10.     The terms of Compass' acquisition of the Assets were set forth in an Asset Purchase Agreement, dated December 8, 2006 (the "APA"), which was approved by the Court pursuant to the Confirmation Order.  Pursuant to the APA, the Assets acquired by Compass include, among other things, the right to act as loan servicer with respect to a portfolio of approximately 85 loans (including the Fiesta Oak Valley Loan), as well as, without limitation, Default Rate Interest, Accrued Servicing Fees, Late Charges, Success Fees (each as such term is defined in the APA), and other fees and sums due the loan servicer under any of the Servicing Agreements.

III.    **Compass' Post-Closing Servicing of the USACM Loans**

        11.    Immediately upon replacing USACM as loan servicer on February 16, 2007, Compass has taken swift, prudent action on behalf of the Direct Lenders to initiate dialogue with borrowers and guarantors to determine the optimal strategy for maximizing recovery for the benefit of investors in an efficient, cost-effective, and timely manner.

        12.    Within days of the Closing Date, Compass had opened an office in Las Vegas, Nevada, hired numerous qualified professionals with a broad range of experience in the loan servicing industry, and immediately traveled around the country to meet with borrowers and guarantors, and inspect the collateral securing the various loans.

        13.    Subsequent to the Closing Date, in mere weeks, Compass has successfully negotiated and consummated full payoffs to Direct Lenders on a growing list of loans.  Compass is currently in the process of finalizing successful resolutions of various other loans which will result in the maximum possible payoffs to the Direct Lenders under the prevailing circumstances.

        14.    Compass knows the appropriate time to initiate foreclosure actions where necessary, having already done so on multiple occasions in its initial weeks as loan servicer.  However, due to the extensive costs to investors, uncertainties, and delays associated with foreclosure proceedings, Compass deems it prudent to pursue negotiated resolutions with borrowers first prior to immediately proceeding to foreclosure.

IV.    **Compass' Post-Closing Servicing of the Fiesta Oak Valley Loan**

        15.    Compass has actively serviced the Fiesta Oak Valley Loan in the few weeks it has acted as servicer.  Within days of the Closing Date, I traveled to

Southern California to meet with one of the members of the Borrower under the Fiesta Oak Valley Loan and to examine the Collateral. In the following weeks, Compass has participated in further negotiations with the Borrower which have resulted in several proposals that would satisfy the obligations under the Loan in full and thus avoid the substantial costs and delay associated with a foreclosure proceeding.

16.     Compass has not ruled out commencing a foreclosure action on this Loan; to the contrary, Compass has already retained counsel in California to pursue a foreclosure action in the event Compass determines that is the best alternative. However, in light of the aforementioned costs and delay of foreclosure, Compass views foreclosure as a last resort, and is taking every possible step to work towards a consensual resolution of the Loan. Based upon the success of its negotiations to date, Compass has every reason to believe a non-foreclosure resolution will be finalized in a matter of weeks.

17.     Compass is carefully monitoring the events in both the USAIP Receivership and the involuntary chapter 11 case commenced against USAIP in this Court, is in regular communication with counsel in such proceedings, and will take appropriate action on behalf of the Direct Lenders as and when appropriate.

V.    **Information About DACA and Vindrauga**

18.     Attached hereto as Exhibit "A" is a copy of the website for DACA, located at http://www.daca4.com/faq.html. I last visited the site on April 23, 2007. In the loan servicing industry, it is widely known that DACA is an aggressive and opportunistic acquirer of distressed debt. On its own website, DACA admits that it purchases claims at a discount in anticipation of receiving a favorable return from the debtor's estate upon its emergence from bankruptcy.

19.     Set forth hereto as Exhibit "B" is a list of the beneficial interests which DACA has acquired in the Fiesta Oak Valley Loan. The information was obtained by reviewing assignments which were recorded with the local State recording office. The information indicates that DACA acquired most, if not all, of its Direct Lender interests subsequent to the Petition Date.

20.     Attached hereto as Exhibit "C" is a copy of the website for Vindrauga, located at http://www.vindrauga.com/faq.html. I last visited the site on April 23, 2007. On the website, Vindrauga admits that, among other things, (i) DACA is its sister company, (ii) Howard Justus, DACA's Declarant in support of the DACA Objection, is a contact individual for Vindrauga's website, (iii) if elected as the new Loan Servicing Agent, Vindrauga will initiate foreclosure proceedings, and (iv) DACA will purchase the Direct Lenders' interests following a successful foreclosure.

21.     Attached hereto as Exhibit "D" is the copy of a letter, dated January 16, 2007 (the "Davis Letter"), from George A. Davis, an attorney for Compass, to Dean Kirby, an attorney for DACA, which expressly warns DACA to cease and desist from, among other things, making false representations to Direct Lenders, including the Direct Lenders in the Fiesta Oak Valley Loan, about DACA and/or Vindrauga's ability to compromise, subordinate, or otherwise waive accrued servicing fees, late charges, and/or default interest, and from making false statements about Compass.

22.     Notwithstanding the Davis Letter, based upon my information and belief, and as demonstrated in the Objection, DACA/Vindrauga continued to solicit Direct Lenders in the Fiesta Oak Valley Loan, including making further misrepresentations about Vindrauga's ability to compromise, subordinate, or otherwise

waive accrued servicing fees, late charges, and/or default interest which constitute Assets purchased by Compass from USACM, notwithstanding express language to the contrary in paragraph 14 of the Confirmation Order.

       23.     DACA attempted to terminate Compass on March 2, 2007, merely two weeks after Compass became its Loan servicer.  As of the date of filing of the Compass Motion, DACA had communicated to Compass one sentence in support of its bid to terminate Compass for USACM's alleged pre-petition failure to act.

       24.     Based upon my knowledge, information and belief, it is highly suspect whether Fiesta Oak Valley investors who presumably have relied upon DACA/Vindrauga's representations are aware that they will not receive a penny until (i) months of protracted foreclosure proceedings have been successfully concluded, (ii) the investors have been charged for 100% of the foreclosure costs (attorneys fees, etc.), and (iii) the investors have paid both DACA's and Compass' accrued fees.

**VI.**    <u>**Compass Is Acquiring Over 51% of the Interests in the Loan**</u>

       25.     As of the date hereof, Compass is exercising its right under Section 2(c)(iii) of the Servicing Agreement to pay off certain Direct Lender under the Loan (the "<u>Call Right</u>").  In accordance with Section 2(c)(iii) of the Servicing Agreement, Compass is purchasing more than 51% of the beneficial interests in the Loan.  Compass will supplement this Declaration with a subsequent Declaration setting forth the specific details of Compass' acquisition of 51% of the beneficial interests in the Loan.

       26.     As Compass will own over 51% of the beneficial interests in the Loan, it will no longer be possible for the requisite 51% of Direct Lenders in the Loan to replace Compass as Loan servicer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 23rd day of April 2007, at New York, New York.

_____
David Blatt