Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com

Attorneys for Debtors

E-FILED ON APRIL 23, 2007

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                                Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>**EXPLANATION OF RESERVE REQUESTED BY DEBTOR'S PROFESSIONALS**<br><br>**(Affects USA Capital First Trust Deed Fund, LLC)**<br><br>**Date:  April 26, 2007**<br>**Time:  9:30 a.m.** |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                                Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                                Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                                Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>                                                                Debtor. | |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☒ USA Capital First Trust Deed Fund, LLC | |

1

924274

1  Pursuant to the confirmed Plan of Reorganization, USA Capital First Trust Deed Fund, LLC (the "Debtor"), with Mr. Allison of Mesirow Financial Interim Management, LLC ("Mesirow") remaining as manager and Ray Quinney & Nebeker P.C. ("RQN") and Schwartzer & McPherson Law Firm ("S&M") as counsel (collectively the "Debtor's Professionals"), survived after confirmation and remained in possession to complete all tasks necessary for the distributions, wind-down and dissolution of this estate.   Thus, pursuant to Section VIII.K.3. of the confirmed Plan of Reorganization and Paragraphs 41, 60, 65 and 71 of the Order Confirming the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization, the Debtor, as the surviving entity, with the assistance of the Debtor's Professionals, is charged with the responsibility and is the party with standing to defend appeals, to object to and make distributions to allowed claims and interests, to resolve disputes under the Asset Purchase Agreement and accompanying escrow agreements, which were executed by the Debtor, to issue financial statements and file final tax returns, including resolving any tax disputes, and to accomplish the wind down and dissolution of the entity, including the filing a final report and closing the estate.  These tasks must be completed, and the Debtor's Professionals must be sure these tasks are completed, to close this case. The reserve amount of $725,000, see **Exhibit 1**, is the only money that will be held back from immediate distribution to FTDF members to ensure the completion of these tasks by the Debtors' Professionals.  Thus, if the completion of these tasks, and any other unexpected tasks that might occur in the case, exceed this amount, the Debtors' Professionals will be required to complete this case without payment.

In Section VIII.K of the Plan, the FTDF Committee was to be dissolved on the Effective Date "unless the FTDF Committee is charged with prosecuting objections to Claims or any of the non-assignable FTDF Litigation Claims on behalf of the FTDF Estate."   The FTDF Committee, with the consent of the Debtor, had previously been charged with prosecuting intercompany Claims or issues between Debtors (including, without limitation, addressing the overbid and purchase price adjustment allocations with USACM and the FTDF claim against USACM).  The Debtor had further agreed to have the FTDF Committee take the lead on the filing of numerous claims objections.  Consequently, the FTDF Committee's continuance was required for some time

2

924274

1  after the Effective Date to complete that work.   Further, in the Order Granting Second Joint
2  Motion For Order For Implementation of Confirmed Plan, the FTDF Committee was authorized
3  (but not required) to continue to exist "to participate and be heard in connection with the
4  Appeals."   The Debtor's Professionals have worked with the FTDF Committee and its
5  professionals to eliminate overlap in the tasks left to pursue to complete the wind down and
6  dissolution of the FTDF estate.  With respect to the intercompany claims issues, the Debtors'
7  Professionals have budgeted nothing for the resolution of these issues as they are entirely within
8  the purview of the FTDF Committee.  With respect to other matters, the Debtors' Professionals
9  have considered the fact that while they are charged with remaining to the end of the case to
10 resolve and complete the wind down and closing of this estate, once most all distributions are
11 made to the FTDF members, the FTDF Committee no longer has any significant economic interest
12 in the estate, and thus, the Debtor's Professionals must include budgeted amounts for the
13 resolution of all such matters, other than the intercompany claims issues, that the FTDF
14 Committee is not required to complete. Further, the wind down, dissolution, distribution, tax,
15 financial issues, and preparation of interim and final reports are categories in which the FTDF
16 Committee has neither the authorization nor the responsibility to complete.  This has all been
17 factored into the attached budget.  While the Debtor's Professionals have had conversations with
18 the FTDF Committee to try to resolve the amount of the reserve, and may yet still be successful in
19 reaching a resolution, it may be that the Court will need to decide the appropriate reserve amount.
20         Based on discussions with the FTDF Committee professionals, the Debtor's Professionals
21 understand that there is no dispute with respect to the reserve for the Financial Statements (Sale
22 Accounting) and Tax Returns, Wind down, and Distributions categories.  With respect to the
23 remaining three disputed categories, the amount of the reserves in each category is an issue for the
24 FTDF Committee.  In response, the Debtors' Professionals provide the following explanation: (1)
25 in the "Claims Resolution" category, the Debtors' Professionals have only budgeted for the
26 defense of the one remaining large unresolved set of claims of the Kantor group, but will not
27 spend this amount unless the FTDF Committee dissolves prior to the final resolution of this claim
28 and will release this amount from escrow upon the final resolution of this claim; (2) in the

3

924274

1  "Escrow dispute with Compass" category, the Debtor's Professionals, who were the ones involved
2  in negotiating the escrow arrangement and in administering the FTDF assets in question, have
3  already spent significant time covered by this category in gathering all of the relevant documents
4  and history on the FTDF asset disputes and have budgeted an amount to cover this work as well as
5  to be able to work with the FTDF Committee if, as they have expressed, they want to take the
6  lead on the litigation with Compass, or, if this issue is not resolved (including appeals) when the
7  FTDF Committee dissolves, to complete the litigation; (3) in the "Defend Confirmation Appeal"
8  category, the Debtor's Professionals, who prosecuted the confirmation of the Plan, who are
9  required by the confirmed Plan and the general standing rules on appeal to defend this
10 confirmation, and who cannot close this estate without a final resolution of these appeals, have
11 provided for a realistic worst case scenario to cover the cost of completing these appeals. While
12 the Debtor's professionals will continue to work with the other estates to minimize the cost to the
13 FTDF estate, the defense of the appeals and adequate funds to do so, is essential to the completion
14 of this case.

15     In conclusion, it should be noted that the reserve set, which is less than half of the FTDF
16 Committee professional reserve, is intended to cover the services of Mesirow, S&M, and RQN
17 combined. Further, the categories, as broken down, are not intended to be absolute, but only a
18 general allocation such that if one category involves a higher expense, the reserve from another
19 category could still be used to cover that expense. As the professionals required to complete and
20 close the FTDF estate, the Debtor's professionals argue that this reserve, which is the sole amount
21 that they can look to no matter what happens in the course of closing this estate, is not excessive.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

924274

The fees of the Debtor's professionals will be reviewable by the Committee, and can be objected to for resolution by the Court if they deem appropriate.  Further, any excess not used in the reserve will be distributed to the FTDF members upon the filing and approval of the final report.

Respectfully submitted this 23rd day of April, 2007.

      /s/ Jeanette E. McPherson
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

*Attorneys for Debtors*

5

924274

# "Exhibit 1"

USA Capital First Trust Deed Fund
Estimate for Debtor's Professionals
Reserve for Post Effective Date Activities

| Activity | Amounts |
|---|---|
| Defend Confirmation Appeal | $ 200,000.00 |
| Escrow dispute with Compass | $ 100,000.00 |
| Claims Resolution | $ 50,000.00 |
| Financial Statements (Sale Accounting) and Tax Returns | $ 175,000.00 |
| Wind down | $ 150,000.00 |
| Distributions | $ 50,000.00 |
| Total | $ 725,000.00 |

Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

924274