ELECTRONICALLY FILED
April 26, 2007

STUTMAN, TREISTER & GLATT, P.C.
FRANK A. MEROLA
(CA State Bar No. 136934)
EVE H. KARASIK
(CA State Bar No. 155356)
ANDREW M. PARLEN
(CA State Bar No. 230429), Members of
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
Email:    fmerola@stutman.com
          ekarasik@stutman.com
          aparlen@stutman.com

SHEA & CARLYON, LTD.
JAMES PATRICK SHEA
(Nevada State Bar No. 000405)
CANDACE C. CARLYON
(Nevada State Bar No. 002666)
SHLOMO S. SHERMAN
(Nevada State Bar No. 009688)
233 South Fourth Street, Second Floor
Las Vegas, Nevada 89101
Telephone: (702) 471-7432
Facsimile: (702) 471-7435
Email:    jshea@sheacarlyon.com
          ccarlyon@sheacarlyon.com
          ssherman@sheacarlyon.com

Counsel for the Official Committee Of
Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| Affects<br>☐ All Debtors<br>☐ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☒ USA First Trust Deed Fund, LLC | Date: June 22, 2007<br>Time: 9:30 a.m.<br>Place: Courtroom #1 |

**FINAL FEE APPLICATION OF ALVAREZ & MARSAL, LLC AS FINANCIAL AND REAL ESTATE ADVISOR FOR THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES FOR THE PERIOD FROM JUNE 1, 2006 THROUGH MARCH 12, 2007
(AFFECTS USA CAPITAL FIRST TRUST DEED FUND, LLC)**

402077v3

Alvarez & Marsal, LLC ("A&M"), financial and real estate advisor for the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTD Fund Committee") in the above captioned chapter 11 cases (the "Chapter 11 Cases"), hereby submits its Final Fee Application (the "Final Application"). By this Final Application, A&M requests approval of a final award of $645,012.51 in compensation (net of $113,825.74 in fee reductions) for services rendered and reimbursement of $15,779.80 for costs incurred during A&M's representation of the FTD Fund Committee during the period from June 1, 2006 through March 12, 2007 (the "Final Fee Application Period").

This Final Application is made pursuant to sections 330 and 331 of Title 11 of the United States Code ("Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"), Rule 2016 of the Local Rules of Bankruptcy Practice, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 (the "UST Guidelines") and is based upon the points and authorities which follow, the exhibits annexed hereto, the pleadings, papers or other matters contained in the Court's file, judicial notice of which is respectfully requested, and any oral argument of counsel to be presented at the time of the hearing on this Final Application.

Respectfully submitted:

Dated: April 26, 2007

_____
Matthew E. Kvarda
Alvarez & Marsal, LLC
Financial and Real Estate Advisor to the Official
Committee of Equity Security Holders of USA
Capital First Trust Deed Fund, LLC

402077v3

2

# SUMMARY OF APPLICATION

A. <u>Summary of Fees Incurred from June 1, 2006 through March 12, 2007</u>

| Name | Position | Hours Billed this Period | Gross Rate | Net for Period after 15% Fee Reduction |
|---|---|---|---|---|
| Gregory G. Gotthardt | Managing Director | 71.8 | $550.00 | $33,566.50 |
| Matthew E. Kvarda | Managing Director | 898.9 | $500.00 | $357,646.00 |
| Dirk S. Aulabaugh | Senior Director | 529.2 | $450.00 | $202,419.00 |
| Stephen R. Peterson | Director | 75.8 | $350.00 | $22,550.50 |
| Jim Meyer | Associate | 93.1 | $250.00 | $17,094.78 |
| Jay Ian | Analyst | 67.4 | $205.00 | $11,735.73 |

| Total Hours | Total Net Fees | Blended Rate |
|---|---|---|
| 1,736.2 | $645,012.51 | $371.51 |

B. <u>Summary of Expenses Incurred from June 1, 2006 through March 12, 2007</u>

| Expense | Rate | Total |
|---|---|---|
| Air Fare | Actual cost (coach class) | $5,653.90 |
| Business Meals | Actual cost | $2,481.09 |
| Car Rental | Actual cost | $1,158.21 |
| Mileage | $0.435/mile | $108.44 |
| Hotel | Actual cost | $4,925.08 |
| Overnight Mail | Actual cost | $22.44 |
| Parking Expense | Actual cost | $645.00 |
| Supplies | Actual Cost | $143.65 |
| Taxi | Actual cost | $560.00 |
| Telephone/Conference Calls | Actual Cost | $11.99 |
| Other | Actual cost | $70.00 |
| **Total** | | **$15,779.80** |

402077v3

3

# POINTS AND AUTHORITIES

## I.   STATEMENT OF FACTS

**C.   General Background**

1. On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC (the "DTD Fund"), and USA Capital First Trust Deed Fund, LLC (the "FTD Fund" and collectively with USA Mortgage, USA Securities, USA Realty, and the DTD Fund, the "Debtors") filed voluntary petitions for relief under chapter 11 the Bankruptcy Code.

2. Thereafter, on May 9, 2006, this Court entered its "Order Regarding Joint Administration Without Substantive Consolidation" [docket no. 184] whereby the Court ordered that the foregoing Chapter 11 Cases be jointly administered under the name of USA Commercial Mortgage Company, bankruptcy case number BK-S-06-10725-LBR.

3. No trustee or examiner has been appointed in the Chapter 11 Cases. Rather, the Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On May 10, 2006, the Office of the United States Trustee (the "U.S. Trustee") appointed four separate committees in these Chapter 11 Cases: (i) the FTD Fund Committee; (ii) the Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company (the "Direct Lender Committee"); (iii) the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (the "DTD Fund Committee"); and (iv) the Official Unsecured Creditors' Committee for USA Commercial Mortgage Company (the "Unsecured Creditors' Committee").[1]

---

[1] The FTD Fund Committee, the DTD Fund Committee, the Direct Lender Committee, and the Unsecured Creditors' Committee are collectively referred to herein as the "Committees." When referring to the Committees aside from the FTD Fund Committee, this Application uses the term "Other Committees." When referring to the Committees aside from the Unsecured Creditors Committee, this Application uses the term "Investor Committees."

402077v3                               4

5. The FTD Fund Committee represents the interests of those persons who invested in the FTD Fund (the "FTD Fund Members"), while the DTD Fund Committee represents the interests of those persons who invested in the DTD Fund. The Direct Lender Committee represents approximately three thousand six hundred (3,600) parties-in-interest (the "Direct Lenders") that have individually lent monies directly to various borrowers, for which USACM is the loan servicer. Finally, the Unsecured Creditors' Committee represents the interests of those individuals who assert general unsecured claims against USACM.

6. On or about June 13, 2006, A&M submitted the <u>Application of Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund for Order Authorizing Employment and Retention of Alvarez & Marsal, LLC as its Financial and Real Estate Advisor Nunc Pro Tunc to June 1, 2006</u> (the "Employment Application") and the <u>Declaration of Matthew E. Kvarda in Support of Application for Order Pursuant to 11 U.S.C. Sections 328(a) and 1103(a) and FED. R. BANKR. P. 2014(a) Authorizing the Retention of and Employment of Alvarez & Marsal, LLC as Financial and Real Estate Advisor to the Official Committee of Unsecured Creditors Nunc Pro Tunc to June 1, 2006</u> (the "Kvarda Declaration" and together with the Employment Application, the "Retention Documents") seeking its support to employ A&M.

7. On or about June 23, 2006, the Court entered the <u>Order Approving Alvarez & Marsal, LLC Employment Application</u> (the "Employment Order"), thereby granting the FTD Fund Committee's request to employ A&M to serve as its financial and real estate advisor. A copy of the Employment Order is attached hereto as Exhibit "A".

8. Pursuant to the Employment Order, A&M's retention is effective as of June 1, 2006. In its capacity as financial and real estate advisor to the FTD Fund Committee, A&M has rendered various advisory services to the FTD Fund Committee. As disclosed in the Retention Documents, A&M has not received a retainer in this matter.

9. As of the filing of this Final Application, A&M has filed monthly fee statements for the monthly periods from June 2006 through January 2007. Additionally, on or about August 31, 2006 A&M filed its First Interim Fee Application in this case.

402077v3                                5

10. To date, A&M has received two objections from the United States Trustee with respect to the various fee statements filed by A&M in this case. The first was received on September 15, 2006 in the amount of $4,980.93 for the period of August 2006. The second was received on November 15, 2006 in the amount of $1,219.98 for the period of September 2006.

11. Both objections from the US Trustee relate to A&M's inability to delegate services to the lowest cost qualified personnel. Due to the loan and asset complexity, A&M believes that the objections are not applicable. The case required significant senior level participation due to the asset complexity, and considering the short timeframes in which are financial and real estate expertise were needed. A&M did its best to delegate responsibility down to lower cost personnel.

12. After taking into account the US trustee's objections discussed above, A&M has received all but $6,200.91 for the fees covered by the First Interim Application and 80% of its fees and 100% of its expenses for the periods covered in the monthly fee statements through January 2007. A&M has not yet received payment for its fees and expenses incurred in February 2007 and the portion of March 2007 covered by the Final Application.

**A.    Terms of A&M's Employment**

13. As disclosed in the Retention Documents and approved in the Employment Order, in consideration of the circumstances in this case, A&M has agreed to voluntarily reduce its hourly rate structure by 15% at all levels.

**B.    Summary of A&M's Billing Practices**

14. Pursuant to the Retention Documents, A&M's time entries are recorded contemporaneously with the rendition of services and are maintained at a minimum by one-tenth of an hour (0.10 hour) increments.

15. Unless A&M professionals were working on FTD Fund Committee matters at the time, A&M has <u>not</u> billed for the travel time its professionals incurred in connection with providing services to the FTD Fund Committee.

402077v3                                                         6

16. Given the breadth of A&M's role in this matter, a reasonable amount of time and effort has been invested in the administration and management of the engagement. Considerable effort has been expended to ensure that each duty and task performed by A&M was performed by a professional who is qualified to render such service and that there was no duplication of efforts among A&M personnel or between A&M personnel and those of the FTD Fund Committee's other professional advisors. A&M professionals have delegated responsibility (where appropriate) to utilize the services of professionals who bill at lower hourly rates. A&M is of the opinion that there has been no duplication of time or effort amongst its personnel or amongst the FTD Fund Committee's advisors.

17. In circumstances where more than one person may have attended a client meeting or participated in a teleconference, such participation was at the request of the FTD Fund Committee counsel and was required as a result of the different projects involved and/or differing expertise of the persons participating. Other meetings or discussions may have been required as a result of a primary engagement person obtaining specialized data or information from someone not otherwise assigned to the engagement or as a result of having a more senior person review the work product of a more junior person. In all cases, such attendance at meetings and/or review of work product was not a duplication of effort, but was necessary to adequately represent the interests of the FTD Fund Committee.

18. Fees and expenses for which A&M seeks payment, as outlined in this First Application, are believed to comply with the OUST Billing Guidelines. The compensation A&M seeks is reasonable and is for actual and necessary services rendered. The Court, through its Employment Order, previously approved the types of services performed by A&M. A&M believes that all of the services performed by its professionals have been beneficial to the estate, as well as to the interested parties to these proceedings, and have substantially contributed to the case. All expenses incurred by A&M were necessarily incurred.

19. There is no agreement or understanding between A&M and any other person, other than the members, associates and employees of A&M, for the sharing of compensation received, or to be received, for services rendered in connection with these matters.

## C. Summary of Matter Codes and Exhibits

20. A&M has provided a variety of services in its capacity as the FTD Fund Committee's financial and real estate advisor. Professional time incurred on the FTD Fund's behalf has been assigned to the specific tasks/matter classifications to which it most closely relates. A&M has used its best efforts to assign its time entries to the various matter classifications in a consistent manner.

21. During the Final Fee Application Period, A&M utilized thirteen (13) separate and distinct matter classifications or "codes." These matter classifications are summarized below:

### MATTER CLASSIFICATIONS

1. ANALYSIS OF FTD FUND PROPERTIES
2. ANALYSIS OF RESTRUCTURING/LITIGATION ALTERNATIVES
3. ANALYSIS OF POTENTIAL PURCHASE OFFERS
4. ANALYSIS OF FINANCING ALTERNATIVES
5. ATTENDANCE AND PARTICIPATION IN COURT HEARINGS
6. ANALYSIS OF MOTIONS FILED IN THE CASES
7. RETENTION/BILLING/ADMINISTRATIVE MATTERS
8. MEETINGS/TELECONFERENCES WITH DEBTORS AND DEBTORS' ADVISORS
9. MEETINGS/TELECONFERENCE WITH COMMITTEE AND COMMITTEE'S ADVISORS
10. ANALYSIS OF DISTRIBUTION ISSUES
11. ANALYSIS OF FINANCIAL INFORMATION
12. ANALYSIS OF CLAIMS ISSUES
13. ANALYSIS OF TAX ISSUES

22. A full and detailed description of each of these matter codes is included below in Section III.

23. Attached as Exhibit "B" is a summary of the hours rendered by each A&M professional during the Final Fee Application Period and the hourly rate of such professionals.

24. Attached as Exhibit "C" is summary of the hours and fees incurred by matter during the Final Fee Application Period.

25. Attached as Exhibit "D" is a summary by A&M professional of the hours and fees, by matter, incurred during the Final Fee Application Period.

26. Attached as Exhibit "E" in full and complete detail, are the time entries registered by each A&M professional who provided service to the FTD Fund Committee during the Final Fee Application Period.

27. The employees of A&M have extensive experience and expertise in a number of disciplines including: business turnarounds, financial restructuring, bankruptcy, and operations. Attached as Exhibit "F" is a brief biographical statement of the professional experience of each A&M professional who rendered time during the Final Fee Application Period.

28. Attached as Exhibit "G" is an itemized statement of expenses incurred during the Final Fee Applciation Period and for which reimbursement is sought.

///
///
///

## II.    NARRATIVE CASE SUMMARY

These are complex chapter 11 cases, and the FTD Fund Committee has been intimately involved in the proceedings thus far. In order to avoid duplication, A&M refers the Court and parties in interest reviewing this Application to the case summary prepared by Shea & Carlyon, Ltd. ("S&C"), the FTD Fund Committee's special (Nevada) counsel, which is included in S&C's final fee application (the "S&C Application").

### III. SUMMARY OF SERVICES RENDERED AND BENEFITS DERIVED

29. A&M has extensive experience in providing financial advisory services within the context of chapter 11 bankruptcy proceedings. The nature and scope of the services rendered by A&M in this case, and the benefits derived therefrom, are described in detail below.

#### A. Analysis of FTD Fund Properties

30. Considerable time and effort has been expended during the Final Fee Application Period analyzing the opportunities, challenges and underlying value of the approximately 53 FTD Fund properties at the beginning of this case. Specific tasks performed by A&M personnel include, but are not limited to, the following:

   a. Analyzing the appraisals prepared by Hilco and addressing key assumptions in the Hilco assumptions that may not accurately reflect current market conditions.

   b. Meeting with, participating in teleconferences with and drafting email correspondence to employees and advisors to the Debtors regarding the current status of the valuation, sale and/or refinance of certain properties.

   c. Preparing summary reports for the FTD Fund Committee regarding the opportunities and challenges facing the various properties that the FTD Fund has an interest the fees that ST&G has incurred in providing services to the FTD Fund Committee during the First Application Period and is organized by the categories established by the UST Guidelines for billing in these Chapter 11 cases.

   d. Analyzing the performing/non-performing status of each loan.

31. Based upon the time and effort incurred by A&M with respect to this matter code, the FTD Fund Committee and FTD Fund Committee counsel were provided with a sound foundation from which they could make an informed decision as to the various restructuring options available to the FTD Fund Committee.

402077v3                                10

32.     In connection with providing the services assigned to this matter code, A&M billed 604.5 hours of professional time during the Final Fee Application Period representing gross fees (prior to adjustment) of $235,848.25, and net fees (after a $35,377.24 deduction) of $200,471.01.

### B. Analysis of Restructuring/Litigation Alternatives

33.     Due to concerns regarding the administrative burden of these cases, considerable amount of time has been spent by the FTD Fund Committee developing and proposing alternatives for the speedy resolution of these cases. In this vein, A&M has prepared a myriad of analyses during the Final Fee Application Period at the request, and in support, of FTD Fund Committee Counsel to try and find a way to exit chapter 11 as quickly as possible.

34.     Additionally, A&M has analyzed various potential causes of action in these cases. Due to the sensitive nature of the various potential causes of action and the public nature of the First Application, we have not provided demonstrative descriptions of the time incurred in these matters but could provide additional support if necessary and requested.

35.     In connection with providing the services assigned to this matter code, A&M billed 267.1 hours of professional time during the Final Fee Application Period representing gross fees (prior to adjustment) of $124,400.00 and net fees (after a $18,660.00 adjustment) of $105,740.00.

///

### C.     Analysis of Potential Purchase Offers

36.     In July 2006, A&M was made aware that the Debtors were exploring a potential sale of the various assets of the various estates. In connection with this, A&M incurred time during the Final Fee Application Period related to taking telephone calls from and meeting with potential purchasers, assisting in the negotiating and structuring of an asset purchase agreement and bid procedures, addressing questions from FTD Fund Committee members and FTD Fund Committee counsel and having discussions and meetings with the Debtors' advisors concerning the structure and mechanics of the sale process.

37.     In connection with providing the services assigned to this matter code, A&M billed 368.6 hours of professional time during the Final Fee Application Period representing gross fees (prior to adjustment) of $169,150.00 and net fees (after a $25,372.50 deduction) of $143,777.50.

**D.     Analysis of Financing Alternatives**

38.     In response to the Debtors' cash flow needs, A&M prepared various analyses and participated in multiple meetings regarding the Debtors' supposed financing needs and the potential offers to provide debtor-in-possession financing ("DIP Financing"). As discussed at the Court hearing on DIP Financing in July, the FTD Fund Committee had some serious concerns and reservations regarding the structure and amount of DIP Financing proposed by the Debtors and the potential impact to the FTD Fund Committee regarding the proposed structure and collateral package for DIP Financing proposed by the Debtors.

39.     Specific tasks performed by A&M personnel include, but are not limited to, the following:

    a.     Analyzing the Debtors projected sources and uses of cash.

    b.     Analyzing the various DIP Financing term sheets and discussing our concerns thereto with the Debtors and potential DIP Financing sources.

    c.     Preparing various alternative DIP Financing structures that attempted to address the FTD Fund's concerns.

40.     In connection with providing the services assigned to this matter code, A&M billed 12.0 hours of professional time during the Final Fee Application Period representing gross fees (prior to adjustment) of $5,400.00 and net fees (after a $810.00 deduction) of $4,590.00.

**E.     Attendance and Participation in Court Hearings**

41.     Incorporated within this matter code is professional time incurred by A&M personnel while preparing for and attending Court hearings pertaining to a variety of

legal matters including the Debtors' proposed DIP Financing, the Debtors' proposed use of cash and various other contested matters. Such participation was requested by the FTD Fund Committee and was necessary to support the activities of FTD Fund Committee counsel with respect to the myriad of issues related to Debtors' operations and restructuring.

42. In connection with providing the services assigned to this matter code, A&M billed 67.2 hours of professional time during the Final Fee Application Period representing gross fees (prior to adjustment) of $30,725.00 and net fees (after a $4,608.75 deduction) of $26,116.25.

### F. Analysis of Motions Filed in the Cases

43. Included within this matter classification is professional time incurred by A&M personnel while analyzing the various motions filed in the Cases.

44. Specific activities performed by A&M personnel that are assigned to this matter code include, but are not limited to, assisting in the drafting of various FTD Fund Committee objections to various motions filed by the Debtors.

45. In connection with providing the services classified to this matter code, A&M billed 15.3 hours of professional time during the Final Fee Application Period representing gross fees (prior to adjustment) of $6,935.00 and net fees (after a $1,040.25 deduction) of $5,894.75.

### G. Retention/Fee Applications and Other Administrative Matters

46. Incorporated within this matter classification is professional time incurred by A&M personnel during the Final Fee Application Period in connection with, but not limited to preparing the Retention Documents, preparing fee statements and preparing the First Fee Application.

47. Specific services include but are not limited to:
   a. Compiling and organizing time and expense information submitted by, and supporting documentation received from, A&M personnel assigned to this engagement;

  b. Reviewing time entries and expense documentation submitted by A&M personnel working on the engagement in order to ensure compliance with the Bankruptcy Court; and

  c. Tracking expenses of A&M personnel and recording such expenses by category.

  48. As a result of A&M's efforts relating to the fee statement process, the creditors, the Court, the OUST, and other parties-in-interest are aware of the work performed, fees generated and expenses incurred by A&M.

  49. In connection with providing the services classified to this matter code, A&M billed 21.7 hours of professional time during the Final Fee Application Period representing gross fees (prior to adjustment) of $10,105.00 and net fees (after a $1,515.75 deduction) of $8,589.25.

### H. Meetings/Teleconferences with Debtor and Debtors' Advisors

  50. Since the Petition Date, A&M personnel have engaged in numerous meetings, teleconferences and one-on-one telephone conversations with the Debtors and the Debtors' advisors regarding various operational and strategic issues. To the extent interactions with the Debtors and the Debtors' advisors were related to one single topic, A&M personnel attempted to assign the time entries related to such interactions to a specific "project based" matter code. Time entries for interactions with the aforementioned parties related to multiple topics, global and/or strategic issues, general bankruptcy issues, or topics which did not warrant a separate matter code, have been assigned to this matter code.

  51. Members of A&M were in a better position to provide value-added financial advisory services to the FTD Fund Committee as a result of their interaction with the Debtors' advisors.

  52. In connection with providing the services assigned to this matter code, A&M billed 101.6 hours of professional time during the Final Fee Application Period representing gross fees (prior to adjustment) of $46,835.00. and net fees (after a $7,025.25 deduction) of $39.809.75

### I.   Meetings / Teleconferences with Committee and Committee's Advisors

53.    Included within this matter code is professional time incurred by A&M personnel while preparing for, and participating in, scheduled meetings and teleconferences with the FTD Fund Committee and the FTD Fund Committee's advisors. Topics addressed during these meetings generally related to global bankruptcy related issues and/or the status of multiple projects being worked on by A&M and, therefore, time related to such meetings could not be accurately assigned to a single "project-oriented" matter code. These meetings/teleconferences provided a forum for the FTD Fund Committee to receive input from A&M with respect to various issues concerning the Chapter 11 case while also providing a forum for A&M to receive guidance from the FTD Fund Committee with respect to the strategic direction in which the FTD Fund Committee's efforts should be led. Such interaction also kept the FTD Fund Committee fully informed with respect to the issues, status and results of the current and planned projects in which A&M was or will be involved.

54.    As a result of the interactions between A&M and the FTD Fund Committee and the FTD Fund Committee's other advisors, A&M was able to efficiently support the efforts of the FTD Fund Committee, coordinate efforts in order to meet critical court imposed deadlines and avoid any duplication of effort.

55.    During the Final Fee Application Period, A&M billed 145.8 hours of professional time during the Final Fee Application Period representing gross fees (prior to adjustment) of $67,725.00 and net fees (after a $10,158.75 deduction) of $57,566.25.

### J.   Analysis of Distribution Issues

56.    During the Final Fee Application Period, A&M personnel incurred time analyzing a variety of issues related to the potential holdbacks and deductions to the FTD Fund in connection with the first distribution to FTD Fund Members. A&M's efforts in this manner ensured that there were no unnecessary delays or holdbacks associated with the distributions.

57.    During the Final Fee Application Period, A&M billed 88.9 hours of professional time during the Final Fee Application Period representing gross fees (prior to adjustment) of $41,895.00 and net fees (after a $6,284.25 deduction) of $35,610.75.

### K. Analysis of Financial Information

58. Included in this matter code is time spent by A&M analyzing the monthly operating reports filed by the Debtors and preparing various information requests of the Debtors. A&M's efforts in this regard ensured that the FTD Fund Committee had a thorough understanding of the financial issues addressed in various filings by the debtors.

59. During the Final Fee Application Period, A&M billed 10.5 hours of professional time representing gross fees (prior to adjustment) of $4,725.00 and net fees (after a $708.75 deduction) of $4,016.25.

### L. Analysis of Claims Issues

60. During the Final Fee Application Period, A&M personnel incurred time analyzing a variety of administrative, priority and unsecured claims and assisted Committee counsel in analysis potential objection to such claims.

61. During the Final Fee Application Period, A&M billed 27.3 hours of professional time during the Final Fee Application Period representing gross fees (prior to adjustment) of $12,245.00 and net fees (after a $1,836.75 deduction) of $10,408.25.

### L. Analysis of Tax Issues

62. During the Final Fee Application Period, A&M personnel incurred time analyzing a variety of tax issues facing the FTD Fund.

63. During the Final Fee Application Period, A&M billed 5.7 hours of professional time during the Final Fee Application Period representing gross fees (prior to adjustment) of $2,850.00 and net fees (after a $427.50 deduction) of $2,422.50.

## CONCLUSION

64.  The fees and expenses requested by this Final Fee Application are an appropriate award for the operational and strategic advisory services provided by A&M to the FTD Fund Committee. As outlined herein, A&M believes its efforts have facilitated the Debtors' efforts to bring about a resolution to these bankruptcy cases in a manner that maximized the value of the estate. Accordingly, A&M believes its services have been beneficial to the Debtors' estate and the various interested parties that the costs incurred in connection therewith have been necessary and proper, and that the sums requested for the services rendered and the costs incurred are fair and reasonable.

WHEREFORE, A&M prays for an Order Awarding Final Compensation in the total amount of $660,792.31 representing fees incurred during the Final Fee Application Period in the amount of $645,012.51 (net of $113,825.74 in deductions) and actual and necessary expenses incurred during the same time period totaling $15,779.80.

Executed this 23rd day of April 2007 at Los Angeles, California.

Alvarez & Marsal, LLC
633 West Fifth Street
Suite 2560
Los Angeles, California 90071

Financial and Real Estate Advisor to the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund

By: _____
Matthew E. Kvarda

402077v3

17

## DECLARATION OF MATTHEW E. KVARDA

I, Matthew E. Kvarda do hereby declare and state as follows:

1. I am a Managing Director in the firm of Alvarez & Marsal, LLC ("A&M" or the "Firm"), financial and real estate advisor to the FTD Fund Committee (the "Committee"). If called, I could testify to the matters set forth below from my own knowledge and belief.

2. A&M seeks a final award of compensation for services rendered during the period from June 1, 2006 through March 12, 2007 covered by the attached Final Application (as defined therein) in the amount of $660,792.31 representing professional fees of $645,012.51 (net of $113,825.74 in fee reductions) for 1,736.2 hours of services rendered plus $15,779.80 as reimbursement for expenses incurred.

3. To the best of my knowledge, the attached Final Application complies with billing guidelines established by the Office of the United States Trustee.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of April 2007 in Los Angeles, California.

Alvarez & Marsal, LLC
633 West Fifth Street
Suite 2560
Los Angeles, California 90071

Financial and Real Estate Advisor to the
Official Committee Of
Equity Security Holders Of USA Capital
First Trust Deed Fund, LLC

By: _____
Matthew E. Kvarda