GORDON & SILVER, LTD.  
GERALD M. GORDON, ESQ.  
Nevada Bar No. 229  
E-mail: gmg@gordonsilver.com  
GREGORY E. GARMAN, ESQ.  
Nevada Bar No. 6654  
E-mail: geg@gordonsilver.com  
TALITHA B. GRAY, ESQ.  
Nevada Bar No. 9040  
Telephone (702) 796-5555  
Facsimile (702) 369-2666  
Attorneys for the Official Committee  
of Holders of Executory Contract Rights through  
USA Commercial Mortgage Company  

E-Filed On  4-26-07

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor.<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor.<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor.<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor.<br>In re:<br>USA SECURITIES, LLC,<br><br>Debtor.<br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR<br><br>JOINTLY ADMINISTERED<br>Chapter 11<br><br>**SECOND AND FINAL APPLICATION OF THE OFFICIAL COMMITTEE OF HOLDERS OF EXECUTORY CONTRACT RIGHTS THROUGH USA COMMERCIAL MORTGAGE COMPANY FOR REIMBURSEMENT OF EXPENSES OF COMMITTEE MEMBERS**<br><br>Date: June 21, 2007<br>Time: 9:30 a.m. |

This Second and Final Application for Reimbursement of Expenses (the "Final Application") is filed by the Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company, a Nevada corporation (the "Direct Lender

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/471952.doc

Committee"). By this Final Application, the Direct Lender Committee requests approval of its previously unreimbursed expenses incurred by certain members of the Direct Lender Committee in connection with these Chapter 11 Cases through March 13, 2007. Specifically, Jim McCollum, Arthur Polacheck, and Ned Homfeld, three Direct Lender Committee members, respectively request awards of $607.99, $1,386.62, and $496.77, for reimbursement of expenses related to their service as members of the Direct Lender Committee.

This Final Application is made pursuant to Section 503(b)(3)(F) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure, and is based on the attached Memorandum of Points and Authorities, the record in these cases, and the evidence and oral argument to be presented at the time of the hearing on the First Application.

DATED this 26th day of April, 2007.

GORDON & SILVER, LTD.

By: _____
GERALD M. GORDON, ESQ.
GREGORY E. GARMAN, ESQ.
TALITHA B. GRAY, ESQ.
Attorneys for the Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company

### POINTS AND AUTHORITIES

#### I.
#### STATEMENT OF FACTS

1. On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("USA Diversified"), and USA Capital First Trust Deed Fund, LLC ("USA First" and, collectively with USA Mortgage, USA Securities, USA Realty, and USA Diversified, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Court approved joint administration without substantive consolidation on May 9, 2006.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/471952.doc

2

2. At the Petition Date, USACM was the servicer for a portfolio of approximately 115 commercial mortgage loans, with a total balance of approximately $962 million. Most loans were funded by multiple parties, with over 3,600 individual direct lenders (the "Direct Lenders") holding an interest in one or more loans.

3. No trustee or examiner has been appointed in these Chapter 11 Cases. The Debtors continue to operate their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. On May 10, 2006, the Office of the United States Trustee (the "US Trustee") appointed the following four committees in these Chapter 11 Cases:

(a) The Direct Lender Committee;

(b) The Official Unsecured Creditors Committee for USA Commercial Mortgage Company (the "Unsecured Creditors Committee");

(c) The Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (the "Diversified Committee"); and

(d) The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee").

5. The Direct Lender Committee was formed to speak to the interests common among the Direct Lenders, with a fiduciary duty to the Direct Lenders as a class.

6. Three Direct Lender Committee members, Jim McCollum, Arthur Polacheck, and Ned Homfeld, have incurred actual and necessary expenses arising from their participation on the Direct Lender Committee. Upon request of the Court or any party in interest, each Direct Lender Committee member will provide receipts for any of the costs for which they request reimbursement.

7. Mr. McCollum's expenses are as follows:

| Expenditure | Amount |
| --- | --- |
| Airfare charges incurred traveling to and from Las Vegas, Nevada for an extensive Direct Lender Committee meeting in August of 2007 (the "August Meeting"). | $ 401.60 |
| Transportation charges incurred while attending the August Meeting. | $ 70.00 |
| Lodging charges incurred while attending the August Meeting. | $ 92.14 |

Gordon & Silver, Ltd.
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

100933-001/471952.doc

3

| Meal charges incurred while attending the August Meeting. | $ 44.25 |
|---|---|
| **Total** | **$ 607.99** |

8. Mr. Polacheck's expenses are as follows:

| Expenditure | Amount |
|---|---|
| Airfare charges incurred traveling to and from Las Vegas, Nevada for the August Meeting. | $ 1,107.90 |
| Transportation charges incurred while attending the August Meeting. | $ 28.00 |
| Meal charges incurred while attending the August Meeting. | $ 8.64 |
| Lodging charges incurred while attending the August Meeting. | $ 206.08 |
| Parking charges incurred while attending the August Meeting. | $ 36.00 |
| **Total** | **$ 1,386.62** |

9. Mr. Homfeld's expenses are as follows:

| Expenditure | Amount |
|---|---|
| 222 miles @ $0.485 per mile accumulated in driving to and from the airport for Direct Lender meetings, which mileage has not previously been reimbursed. | $ 107.67 |
| Costs related to the Direct Lender Committee's website | $ 389.10 |
| **Total** | **$ 496.77** |

10. The Direct Lender Committee makes this Final Application pursuant to 11 U.S.C. § 503(b)(3)(F) and Bankruptcy Rule 2016(a). This Court has jurisdiction to consider this First Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## II.
## ARGUMENT

Section 503(b)(3)(F) of the Bankruptcy Code grants administrative expense priority to "the actual, necessary expenses . . . incurred by – a member of a committee appointed under section 1102 of [the Bankruptcy Code], if such expenses are incurred in the performance of the duties of such committee." As such, applicable case law permits the reimbursement of the reasonable and necessary expenses actually incurred by the official committee members as a result of their service on such committee. See e.g., Creditors' Committee Chairman v. Fibrex, Inc. (In re Fibrex, Inc.), 270 B.R. 714, 716 (Bankr. S.D. Ind. 2001); In re Colorado-Ute Elec.

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/471952.doc

4

Assn., Inc., 132 B.R. 183 (Bankr. D. Colo. 1991); In re General Oil Distribs., Inc., 51 B.R. 794, 805 (Bankr. E.D.N.Y. 1985); In re Malden Mills, Inc., 42 B.R. 476, 487-88 (Bankr. D. Mass. 1984).

The expense reimbursement requested by the Direct Lender Committee members satisfies the actual, reasonable, and necessary standard set by the case law. All of the expenses were incurred as a result of the members' participation in these Chapter 11 Cases. Furthermore, USACM has sufficient funds available to pay these expenses. The expense reimbursement request should be approved as actual, reasonable, and necessary expenses of the estates.

### III.
### CONCLUSION

WHEREFORE, the Direct Lender Committee respectfully requests that the Court enter an Order:

1.  Granting the Final Application;

2.  Awarding and directing the payment of $607.99 for the reimbursement of costs to Jim McCollum;

3.  Awarding and directing the payment of $1,386.62 for the reimbursement of costs to Arthur Polacheck;

4.  Awarding and directing the payment of $496.77 for the reimbursement of costs to Ned Homfeld; and

5.  Granting such other and further relief as the Court deems just and appropriate.

DATED this 26th day of April, 2007.

GORDON & SILVER, LTD.

By: _____
GERALD M. GORDON, ESQ.
GREGORY E. GARMAN, ESQ.
TALITHA B. GRAY, ESQ.
Attorneys for the Official Committee of Holders of Executory Contract Rights through USA Commercial Mortgage Company

GORDON & SILVER, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
3960 HOWARD HUGHES PKWY
LAS VEGAS, NEVADA 89169
(702) 796-5555

100933-001/471952.doc

5