1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BOB L. OLSON (Nevada Bar No. 3783)
ANNE M. LORADITCH (Nevada Bar No. 8164)
BECKLEY SINGLETON, CHTD.
530 Las Vegas Boulevard South
Las Vegas, Nevada 89101
Telephone:  (702) 385-3373
Facsimile:   (702) 385-5024
Email:  bolson@beckleylaw.com
          aloraditch@beckleylaw.com

*Attorneys for the Official Committee of Equity Security Holders of*
*USA Capital Diversified Trust Deed Fund, LLC*

Electronically Filed April 26, 2007

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725-LBR<br><br>**BECKLEY SINGLETON,<br>CHARTERED'S FINAL FEE<br>APPLICATION<br>(JUNE 9, 2006 – MARCH 12, 2007)** |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | Hearing Date:  June 22, 2007<br>Hearing Time:  9:30 a.m.<br>Place:  Courtroom #1 |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐  All Debtors<br>☐  USA Commercial Mortgage Company<br>☐  USA Securities, LLC<br>☐  USA Capital Realty Advisors, LLC<br>☒  USA Capital Diversified Trust Deed Fund, LLC<br>☐  USA First Trust Deed Fund, LLC | |

BECKLEY
SINGLETON  CHTD
ATTORNEYS AT LAW
530 LAS VEGAS BLVD SOUTH
LAS VEGAS, NEVADA 89101

{00381417;4}                                              1

1        Beckley Singleton, Chartered ("Beckley"), Nevada counsel to the Official Committee of

2 Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (the "DTDF

3 Committee" for "DTDF"), hereby submits its final application for compensation for professional

4 services and the reimbursement of expenses incurred (the "Application").

5        By this Application, Beckley seeks an order of this Court:    (1) allowing as final

6 compensation to Beckley, for the fee period of approximately nine and one-half months from June

7 9, 2006, through March 12, 2007 (the "Entire Fee Period"), professional fees in the amount of

8 **$458,344.87** and expenses incurred in the amount of **$65,469.83** for a total compensation award in

9 the amount of **$523,814.70**; and (2) authorizing revested debtor USA Capital Diversified Trust Deed

10 Fund, LLC ("Revested DTDF") to pay such amounts upon entry of an order approving this

11 Application.    The fees sought represent over 1,675 hours of service rendered by Beckley

12 professionals.[1]

13        This Application is supported by the Declaration of Anne M. Loraditch (the "Loraditch

14 Declaration") and the Declaration of Robert Worthen (the "Worthen Declaration"), filed

15 concurrently herewith and in support hereof, and the papers and pleadings on file with the Court in

16 the above-captioned chapter 11 cases (the "Chapter 11 Cases").

17        Wherever possible, in the interests of conserving resources and to avoid duplication of effort,

18 this Application incorporates herein by this reference certain aspects of Orrick, Herrington &

19 Sutcliffe LLP's Final Fee Application (June 1, 2006 – March 12, 2007) (the "Orrick Application")

20 filed contemporaneously herewith.    Orrick, Herrington & Sutcliffe LLP ("Orrick") and Beckley

21 worked diligently throughout the Entire Fee Period to divide the labor in the Chapter 11 Cases to

22 conserve resources and avoid duplication of effort.    However, certain details of the factual

23 background and task categories are commonly applicable to Beckley and Orrick.    Thus, the

24 statements and descriptions in the factual background and task categories found in this Application

25 are reflective of those particular facts applicable to Beckley and those tasks for which Beckley was

26

27

      [1]  In its reply pleading, if any, to be filed in June, Beckley may seek compensation for the time spent in April

28 preparing this Application and for the time in June spent responding to any objection and appearing at the hearing on
the Application.

BECKLEY
SINGLETON
ATTORNEYS AT LAW
530 LAS VEGAS BLVD SOUTH
LAS VEGAS, NEVADA 89101

{00381417;4}                                                                2

1  responsible while working in conjunction with Orrick to represent the DTDF Committee's interests.

2  In support of its Application, Beckley respectfully represents as follows:

3  **I.**

4  **INTRODUCTION / BACKGROUND**

5      1.    On June 9, 2006, the DTDF Committee retained Beckley to serve as its Nevada

6  counsel in the Chapter 11 Cases.  Loraditch Declaration, ¶ 4.

7      2.    On June 12, 2006, the DTDF Committee filed both its application to employ Beckley

8  and a supporting verified statement/declaration of Bob L. Olson.[2]  Loraditch Declaration, ¶ 5.  On

9  June 22, 2006, this Court entered an order approving the DTDF Committee's employment of

10 Beckley as its Nevada counsel, *nunc pro tunc* as of June 9, 2006.  [Docket No. 777].

11     3.    Pursuant to the Interim Fee Procedures Order,[3] Beckley served monthly fee

12 statements for the months of June 2006 through February 2007, along with copies of its billing

13 statements for such months, to the Debtors, the UST, the Direct Lenders Committee, the FTDF

14 Committee and the Unsecured Creditors Committee (collectively, the "Reviewing Parties").

15 Loraditch Declaration, ¶ 6.

16     4.    Because Beckley knew that Diversified needed to conserve its cash immediately

17 prior to and following the impending Effective Date, Beckley did not serve a monthly fee statement

18 for the period from March 1 through March 12, 2007.  Loraditch Declaration, ¶ 7.

19     5.    On August 31, 2006, Beckley filed its first interim fee application [Docket No. 1218]

20 (the "Interim Application") requesting allowance and payment of interim compensation for

21 professional services rendered and for reimbursement of expenses incurred as Nevada counsel for

22 the Committee for the period from June 9, 2006 through July 31, 2006 (the "First Fee Period").

23     6.    A hearing on Beckley's Interim Application (and on the interim fee applications of

24 numerous other professionals in these Chapter 11 Cases) was held on September 28, 2006, and this

25

26     [2] On October 5, 2006, Beckley filed a Supplemental Declaration of Bob L. Olson Regarding Employment of

27 Beckley Singleton, Chtd [Docket 1450] [and a second Supplement to Declaration of Bob L. Olson Re Employment of
   Beckley Singleton, Chtd.  [Docket 1466] on October 5, 2006**.**  Loraditch Decl., ¶ 5.

28     [3]   Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed in the Beckley
   Application or the precedent papers and pleadings on file with the Court in the Chapter 11 Cases.

BECKLEY
SINGLETON
CHTD
ATTORNEYS AT LAW
530 LAS VEGAS BLVD SOUTH
LAS VEGAS, NEVADA 89101

{00381417;4}                              3

1    Court's order approving the Interim Fee Application was entered on October 4, 2006 [Docket No.

2    1431] (the "Interim Order").  Pursuant to the Interim Order, Beckley was allowed interim fees and

3    expenses in the amount of **$73,162.87** and **$7,917.04**, respectively, for a total award of **$81,079.91**.

4            7.        The Court confirmed the Debtors' Third Amended Joint Chapter 11 Plan of

5    Reorganization in an order entered on January 8, 2007 [Docket No. 2376] (the "Confirmation

6    Order"), and the effective date of the Plan occurred on March 12, 2007 (the "Effective Date").

7    Since the first date of its existence, March 13, 2007, Beckley has represented Revested DTDF.

8            8.        Pursuant to the Plan, the DTDF Committee disbanded on the Effective Date.

9    However, since March 13, 2007, Robert Worthen, the Chair of the DTDF Committee, has served as

10   the Chairman of the Board of Revested DTDF.  Mr. Worthen has reviewed Beckley's billing

11   statements, has found Beckley's fees and costs to be reasonable and necessary, and has approved

12   Beckley's fees and costs for payment by DTDF, subject to Court approval of this Application.

13   Worthen Declaration, ¶¶ 3-4.

14           9.        This final fee application recognizes that the Interim Order is just that, interim, and

15   that the amount of $81,079.91 allowed thereunder is subject to reconsideration.  Accordingly, this

16   Application covers the Entire Fee Period during which Beckley rendered professional services and

17   incurred costs on behalf of the DTDF Committee.  Each of Beckley's monthly statements beginning

18   with June 2006 and ending February 2007 is attached as a separate exhibit to the Loraditch

19   declaration.  Also attached is one statement for the period from March 1 through March 12, 2007.

20                                                **II.**

21                               **SUMMARY OF FEES AND EXPENSES**

22           10.      <u>Summary of Fees/Costs/Payments</u>.      The chart attached hereto as **Exhibit A**

23   summarizes:    (i) the fee and reimbursement amounts requested by Beckley in its billing statements

24   for the months of June 2006 through February 2007, net of Beckley's voluntary reductions totaling

25   $884.31;[4] (ii) the amounts not previously requested in any Monthly Application (for the period

26

27   _____

28          [4] The Office of the United States Trustee (the "UST") was the only party who made any objections to the fee
     and reimbursement amounts requested by Beckley in its billing statements for the months of June 2006 through
     February 2007, which objections totaled $579.51 in the aggregate.  In response, Beckley voluntarily reduced its requests

BECKLEY
SINGLETON
ATTORNEYS AT LAW
530 LAS VEGAS BLVD SOUTH
LAS VEGAS, NEVADA 89101

{00381417;4}                                        4

1   from March 1 through March 12, 2007); (iii) the amounts paid to date; and (iv) the amounts

2   remaining unpaid.

3       11.    <u>Summary of Fees by Professionals/Hours/Months</u>.   The chart attached hereto as

4   **Exhibit B** lists each Beckley professional who billed time to the representation of the DTDF

5   Committee, the number of hours devoted per month by that professional and the total amount of

6   fees incurred by that professional's services during the Entire Fee Period.

7       12.    The blended rate for Beckley attorneys during the Chapter 11 Cases was $291.84 per

8   hour ($432,744.87 divided by 1482.8 hours).   The blended rate for all Beckley professionals and

9   paraprofessionals during the Application Period was $272.27 per hour ($458,344.87 divided by

10  1683.4 hours).   Beckley believes that its blended hourly rates for this Application are reasonable in

11  light of the nature and complexity of the Chapter 11 Cases.

12      13.    <u>Summary of Hours by Task Codes/Months</u>.   The chart attached hereto as **Exhibit C**

13  summarizes the number of hours per month devoted by Beckley professionals to the various task

14  code categories.   It also reflects the total number of hours devoted to each task code during the

15  Chapter 11 Cases.

16      14.    <u>Summary of Fees/Costs by Task Codes/Months</u>.   The chart attached hereto as

17  **Exhibit D** summarizes the amount of fees per month devoted by Beckley professionals to the

18  various task code categories.   It also reflects the total amount of fees devoted to each task code

19  during the Chapter 11 Cases.

20      15.    Beckley's time spent in preparing the Interim Application and the various monthly

21  fee statements during the Entire Fee Period amounted to $30,310.00.   Beckley estimates that its time

22  spent on this final fee application amounted to $5,000.00.   The latter is not included in the statement

23  for March 1 through March 12, 2007, because it was spent in April.

24      16.    The fees for the professional services detailed in this Application were computed at

25  Beckley's standard hourly rates for similar services.   Beckley believes such rates are reasonable and

26  are within the standard hourly rates charged by other professionals on matters of the types involved

27

28  for payment by such amounts and further reduced its requests in this Application by an additional $264.80 for a total
    voluntary reduction of $884.31.



{00381417;4}                    5

1  in these Cases.  The current hourly rates[5] for the primary personnel who worked on these Cases are

2  as follows:

| PERSONNEL | INITIALS | HOURLY RATE |
|---|---|---|
| **SHAREHOLDERS** | | |
| Scott MacTaggart, Esq. | SYM | $425.00 |
| Dan R. Waite, Esq. | DRW | $425.00 |
| Brett A. Axelrod, Esq. | BAA | $400.00 |
| Bob L. Olson, Esq. | BLO | $400.00 |
| Michael Feder, Esq. | MNF | $350.00 |
| **ASSOCIATES** | | |
| Bryan Murray, Esq. | BXM | $300.00 |
| Joel Henriod, Esq. | JRH | $300.00 |
| Anne M. Loraditch, Esq. | AML | $275.00 |
| Micaela Rustia, Esq. | MR | $200.00 |
| **LAW CLERKS/PARAPROFESSIONALS** | | |
| Patricia M. Kois, Certified Paralegal | PMK | $150.00 |

14    17.    On the basis of the time expended, the nature, extent and value of the services

15  provided, and the costs of comparable services in matters other than a case under the Bankruptcy

16  Code, Beckley respectfully submits that the compensation that it is seeking in this Application is

17  reasonable.

18                                          **III.**

19                                **SERVICES RENDERED**

20    18.    Beckley has acted as Nevada counsel in concert with Orrick, lead counsel for the

21  Committee in the Chapter 11 Cases.  Both firms have diligently endeavored to avoid duplication of

22  efforts, and the Court is respectfully referred to the detailed category summaries set forth in the

23  Orrick Application for a complete description of the type of work performed by task code category.

24  The following summarizes, by billing category, the services Beckley rendered during the Entire Fee

25  Period, commencing on June 9, 2006, and ending on the Effective Date, March 12, 2007.  Because

26  Beckley professionals account for their time in great detail, the lengthy descriptions authored by the

27

28    [5]  The rates shown are effective as of January 1, 2007.  The rates in effect prior to that date are reflected in Beckley's monthly fee statements for June 2006 through December 2006.

BECKLEY
SINGLETON
ATTORNEYS AT LAW
530 LAS VEGAS BLVD SOUTH
LAS VEGAS, NEVADA 89101

{00381417;4}                    6

1  Beckley professionals, contained in Beckley's invoices attached to the Loraditch Declaration

2  provide the greatest amount of detail and should be considered as the best source documents for the

3  actual services rendered.

4          19.     Beckley reiterates and incorporates herein by this reference the summary statements

5  set forth in the Orrick Application regarding the difficult and complex nature of the Chapter 11

6  Cases in general and for the DTDF Committee and its professionals in particular.  See Orrick

7  Application, ¶¶ 21-26.

8          20.     The services rendered by Beckley as Nevada counsel for the DTDF Committee

9  included, among other tasks, the following:

10          **Creditor/Equity Communications, Matter 1002** (30.6 Hours -- $8,144.50).

11  This category included services rendered in connection with responding to general

12  telephone inquiries and correspondence from DTDF members reporting on various case

13  events, the status of the DTDF's loan portfolio, the potential for recovery on DTDF's

14  investments, the timing for distributions in the case, if any, and other related matters.

15          **Financing/Use Of Cash Collateral, Matter 1003** (33.9 Hours -- $10,298.50).

16  This category included services rendered in connection with analyzing and advising the

17  DTDF Committee on DTDF's proposed debtor in possession financing as well as the

18  related motions those in connection with proposed cash management procedures in the

19  Chapter 11 Cases.  Beckley's services in this category also included responding to and

20  preparing for the argument at the hearings on such motions to ensure the interests of the

21  DTDF Committee and its constituency were not negatively impacted.  Orrick requested

22  Beckley take the lead on the matters in this task category due to Orrick's prior

23  representation of the prospective debtor in possession lender on other matters unrelated to

24  the Chapter 11 Cases, as previously disclosed to the Court by Orrick in declarations filed

25  by Orrick on behalf on Marc Levinson.

26          **Employment And Compensation (Beckley Singleton), Matter 1004** (115.60

27  Hours -- $30,310.00).  This category includes services rendered early on in the Chapter

28  11 Cases in connection with performing and carefully analyzing searches for conflicts of


BECKLEY
SINGLETON
CHTD
ATTORNEYS AT LAW
530 LAS VEGAS BLVD SOUTH
LAS VEGAS, NEVADA 89101

{00381417;4}

interest for any impact on Beckley's employment, preparing Beckley's application and related pleadings for employment as the DTDF Committee's Nevada counsel, requesting such employment on a *nunc pro tunc* basis as of June 9, 2006, which was granted by the Court.  Beckley also prepared, filed and served the necessary pleadings to secure a hearing on such application on shortened time and prepared, lodged and served (once entered by the Court), the order approving the DTDF Committee's application to employ Beckley.

The remainder of the time in this category was devoted to services rendered in connection with preparing required, ongoing disclosures, such as Beckley's monthly fee statements, and circulating those statements to the Reviewing Parties, as well as resolving any objections made thereto by the UST, and Beckley's preliminary preparation of its Interim Application.  The hours Beckley expended in this category during the First Fee Period laid the foundation for the preparation of subsequent monthly fee statements and interim fee applications going forward in this case.  The Ninth Circuit Court of Appeals has expressly held that fees and costs incurred in the preparation of fee applications are compensable.  In re Nucorp Energy, 764 Fed.2d 655 (9th Cir. 1985) (fee awarded should include reasonable compensation for preparation and presentation of fee application).

**Employment And Compensation (Other Professionals), Matter 1005** (104.90 Hours -- $26,247.00).  In addition to the description of Category B170 set forth in the Orrick Application, incorporated herein by this reference, this category includes a wide range of services that Beckley rendered (though not duplicative of Orrick's services) in connection with preparing and analyzing employment applications for Orrick and FTI Consulting, Inc., proposed and ultimately employed as the DTDF Committee's financial advisors, as well as interacting with the other estate professionals in the Chapter 11 cases and reviewing and analyzing pleadings related to professional compensation applications.

Specifically, Beckley revised, finalized, filed and served the DTDF Committee's applications to employ, on a *nunc pro tunc* basis as of June 1, 2006, (i) Orrick, as the Committee's chief counsel, which the Court granted; and (ii) FTI, as the DTDF

{00381417;4}                                              8

1    Committee's financial advisors; which the Court also granted; and prepared, filed and

2    served the necessary pleadings to secure a hearing on such applications on shortened

3    time.    Beckley prepared, lodged and served (once entered by the Court), the orders

4    approving the Committee's applications to employ Orrick and FTI.

5    In addition, time spent in this category included services Beckley rendered in

6    reviewing, analyzing and advising the DTDF Committee and Orrick, and coordinating

7    the response to the applications filed by DTDF and the other debtors in the Chapter 11

8    Cases (i) for an administrative order setting procedures for allowing monthly interim

9    compensation to professionals, and (ii) to employ David Huston as Special Conflicts

10    Counsel.  Also included are services rendered in reviewing, analyzing and advising the

11    Committee and Orrick with respect to the applications by other Investor Committees to

12    employ their own professionals.  The Ninth Circuit Court of Appeals has expressly held

13    that fees and costs incurred in the preparation of fee applications are compensable.  In re

14    Nucorp Energy, 764 Fed.2d 655 (9th Cir. 1985) (fee awarded should include reasonable

15    compensation for preparation and presentation of fee application).

16    **Financial Filings, Matter 1006** (11.40 Hours -- $3,501.00).   This category is

17    comprised of services Beckley rendered in connection with Beckley's analysis, advice

18    and counsel to the DTDF Committee, Orrick and FTI with respect to the bankruptcy

19    schedules and statements and monthly operating reports filed by DTDF and other debtors

20    in the Chapter 11 Cases.[6]

21    **Epic Loan, Matter 1007** (4.50 Hours -- $1,012.50).  This category is comprised

22    of services Beckley rendered in connection with Beckley's analysis, advice and counsel

23    to the DTDF Committee, Orrick and FTI with respect to the Epic loan, the second largest

24    loan in the DTDF's loan portfolio.  The nature of the tasks encompassed in this category

25    is  more  fully  described  in  Category  B504  of  the  Orrick  Application,  which  is

26

27    [6] It should be noted that some entries in this category, totaling 4.3 hours and $1,569.50 in fees, reflect services
rendered in connection with Debtors' proposed debtor in possession financing and agreement with Investment Partners
28    regarding the collateralization of the $55 million note on the books of USA Commercial Mortgage.  These entries should
have been included in the Financing/Use of Cash task category under matter no. 1003.



{00381417;4}                                           9

1    incorporated for all purposes herein by this reference.  See Orrick Application, p. 19.

2    Although Beckley and Orrick worked together with FTI to properly advise the DTDF

3    Committee, the DTDF Committee's professionals diligently endeavored to divide

4    assignments so as to avoid duplication of effort while still maintaining an appropriate

5    level of context on the matter.

6    **10-90, Inc. Loan, Matter 1008** (44.90 Hours -- $13,349.00).  This category is

7    comprised of services Beckley rendered in connection with Beckley's analysis, advice

8    and counsel to the DTDF Committee, Orrick and FTI with respect to the 10-90, Inc. loan

9    (the "10-90 Loan"), by far the largest loan in the DTDF's loan portfolio.  The nature of

10   the tasks encompassed in this category is more fully described in Category B505 of the

11   Orrick Application, which is incorporated for all purposes herein by this reference.  See

12   Orrick Application, p. 20.  Although Beckley and Orrick worked together with FTI to

13   properly advise the DTDF Committee, the DTDF Committee's professionals diligently

14   endeavored to divide assignments so as to avoid duplication of effort while still

15   maintaining an appropriate level of context on the matter.

16   **Business Operations, Matter 1009** (3.30 Hours -- $825.00).  This category is

17   comprised of services rendered in connection with Beckley's analysis, advice and counsel

18   to the DTDF Committee, Orrick and FTI with respect to the motion and related pleadings

19   for approval of a retention plan for USACM's employees and included preparation and

20   attendance at the hearings on those pleadings, which were ultimately approved by the

21   Court.

22   **Asset Disposition & Sales, Matter 1010** (61.9 Hours -- $18,394.50).  In addition

23   to the types of tasks described in the Category B120 and Category B130 of the Orrick

24   Application, this category includes services rendered in connection with reviewing and

25   analyzing the reports detailing DTDF's loan portfolio as compiled and disseminated by

26   the DTDF, and as also constructed by FTI.  Although Beckley and Orrick worked

27   together with FTI to properly advise the DTDF Committee, the DTDF Committee's

28   professionals diligently endeavored to divide assignments so as to avoid duplication of

BECKLEY
SINGLETON
ATTORNEYS AT LAW
530 LAS VEGAS BLVD SOUTH
LAS VEGAS, NEVADA 89101

{00381417;4}                    10

1  effort while still maintaining an appropriate level of context on the matter.  Also included

2  in this category are services rendered in connection with Beckley's analysis, advice and

3  counsel to the DTDF Committee, Orrick and FTI regarding potential causes of action that

4  the Estate may have against other parties.  Beckley frequently conferred with the DTDF

5  Committee's members, Orrick, FTI, counsel for DTDF, counsel for the other Investor

6  Committees and other parties in interest regarding the DTDF's potential recovery on its

7  assets.  Further, Beckley rendered services in this category that included the exploration

8  of negotiations with prospective purchasers of DTDF's loan portfolio or portions thereof.

9  **Case Administration, Matter 1011** (142.30 Hours -- $26,103.50).  This category

10  includes services rendered in connection with monitoring the status of the numerous

11  administrative issues encountered in the Chapter 11 Cases, such as communications

12  between Beckley and the DTDF Committee professionals, counsel representing other

13  parties in interest regarding the status of the Chapter 11 Cases, the maintenance of service

14  lists and other administrative information and files, ensuring DTDF's compliance with

15  the various reporting requirements imposed by the Court and the UST, as well as

16  numerous tasks which do not clearly fit into one of the other activity categories.  Much of

17  Beckley's services in this category included Beckley's analysis, advice and counsel to the

18  DTDF Committee, Orrick and FTI to ensure that the DTDF Committee's interests were

19  served and that DTDF Committee and its professionals met their obligations to the Court

20  under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's

21  Local Bankruptcy Rules.

22  **Tree Moss Partners, LLC, and USA Investors VI, LLC, Matter 1012** (52.30

23  Hours -- $16,587.50).   This category includes services rendered in connection with

24  Beckley's analysis, advice and counsel to the DTDF Committee, Orrick and FTI

25  regarding the involuntary chapter 7 bankruptcy cases initiated by DTDF as petitioning

26  creditor against Tree Moss Partners, LLC, and USA Investors VI, LLC.

27  **Stay Litigation, Matter 1013** (4.0 Hours -- $1,145.00).  This category includes

28  services rendered in connection with Beckley's analysis, and advice and counsel to the



BECKLEY
SINGLETON
ATTORNEYS AT LAW
530 LAS VEGAS BLVD SOUTH
LAS VEGAS, NEVADA 89101

1    DTDF Committee and its professionals regarding the various motions seeking relief from

2    the automatic stay in the Chapter 11 Cases including the drafting, filing and service of

3    responsive pleadings, as necessary, and the preparation for and attendance at hearings on

4    such motions.

5         **Bankruptcy Litigation, Matter 1014** (256.20 HOURS -- $68,461.00).

6    Generally, this category includes services rendered in connection with Beckley's

7    analysis, advice and counsel to the DTDF Committee, Orrick and FTI, as well as

8    consultations with opposing counsel with respect to the various pleadings filed by DTDF

9    and other debtors in the Chapter 11 Cases.  Specifically, the nature of the tasks

10    encompassed in this category is more fully described in Category B503 and in the

11    description of the Royal Hotel and HMA Adversary set forth in the Orrick Application,

12    which is incorporated for all purposes herein by this reference. See Orrick Application,

13    pp. 18-19, 21-22.  Although Beckley and Orrick worked together with FTI to properly

14    advise the DTDF Committee, the DTDF Committee's professionals diligently

15    endeavored to divide assignments so as to avoid duplication of effort while still

16    maintaining an appropriate level of context on the matter.  Beckley's services also

17    included the review, drafting, revisions and finalization, filing and service of responsive

18    pleadings, as well as the preparation for and attendance at the hearings on such matters,

19    and the review and revision of various orders prepared and circulated by the professionals

20    in the Chapter 11 Cases.  Beckley's efforts in this matter ensured the protection of the

21    DTDF Committee's interests and compliance with local customs and practice of the

22    bankruptcy bar in this jurisdiction.

23         **Claims Administration, Matter 1015** (153.0 HOURS -- $35,646.00).   The

24    nature of the tasks encompassed in this category is more fully described in the Category

25    B310 of the Orrick Application, which is incorporated for all purposes herein by this

26    reference, but does not include those services Beckley rendered in connection with the

27    proof of claim filed by Prospect High Income Fund (described below). See Orrick

28    Application, pp. 15-16.  Although Beckley and Orrick worked together with FTI to



BECKLEY
SINGLETON
ATTORNEYS AT LAW
530 LAS VEGAS BLVD SOUTH
LAS VEGAS, NEVADA 89101

{00381417;4}                                    12

1    properly advise the DTDF Committee, the DTDF Committee's professionals diligently

2    endeavored to divide assignments so as to avoid duplication of effort while still

3    maintaining an appropriate level of context on the matter.

4         Orrick assigned Beckley the primary lead on the assignments in this category.

5    The bulk of Beckley's services were in connection with analyzing and objecting to 137

6    claims erroneously filed against DTDF by DTDF members, which claims totaled over

7    $23 million in the aggregate.  The Court sustained the DTDF Committee's objections and

8    disallowed the claims in February 2006.

9         Included in the erroneously filed claims objected to by Beckley on behalf of the

10   DTDF Committee was the proof of claim filed by DTDF Committee member Jerry

11   McGimsey and his family members (collectively, the "McGimsey Claimants").  The

12   McGimsey Claimants alleged that DTDF defrauded the claimant/members and that

13   therefore the McGimsey Claimants should have fraud claims against, rather than equity

14   interests in, DTDF.  Beckley worked with Orrick in opposing such claims, which this

15   Court disallowed in February 2006.  The McGimsey Claimants have since taken an

16   appeal, and Beckley will handle the primary responsibility for briefing and oral argument

17   in the matter before the Ninth Circuit Court of Appeals Bankruptcy Appellate Panel (the

18   "BAP").  The McGimsey Claimants' opening brief is due to be filed April 30, 2007, and

19   Revested DTDF's opening brief is due to be filed 15 days after the McGimsey Claimants'

20   brief is served.

21        **Committee Communications, Matter 1016** (90.4 Hours -- $25,469.50).  This

22   category includes services more fully described in Category B153 of the Orrick

23   Application, which is incorporated for all purposes herein by this reference.  See Orrick

24   Application, pp. 12-13.  Although Beckley and Orrick worked together with FTI to

25   properly advise the DTDF Committee, the DTDF Committee's professionals diligently

26   endeavored to divide assignments so as to avoid duplication of effort while still

27   maintaining an appropriate level of context on the matter.

28

BECKLEY
SINGLETON
ATTORNEYS AT LAW
530 LAS VEGAS BLVD SOUTH
LAS VEGAS, NEVADA 89101

{00381417;4}                                     13

1    **Asset Analysis and Recovery, Matter 1017** (57.30 Hours -- $15,644.00).   In

2    addition to the types of tasks described in the Category B120 and Category B130 of the

3    Orrick Application, this category also includes services Beckley rendered in connection

4    with the review and analysis of reports disseminated by the DTDF and FTI with respect

5    to DTDF's loan portfolio, including collateralization and collection efforts.

6    **Disclosure Statement And Plan, Matter 1018** (201.40 Hours -- $59,009.00).

7    This category includes services more fully described in Category B320 of the Orrick

8    Application, which is incorporated for all purposes herein by this reference. See Orrick

9    Application, pp. 16-17.  Although Beckley and Orrick worked together with FTI to

10   properly advise the DTDF Committee, the DTDF Committee's professionals diligently

11   endeavored to divide assignments so as to avoid duplication of effort while still

12   maintaining an appropriate level of context on the matter.  The bulk of the services

13   rendered in this category were in connection with Beckley's analysis, advice and counsel

14   to the DTDF Committee and its professionals, and consultations with representatives of

15   numerous prospective plan proponents as to their proposed terms for DTDF's

16   reorganization and/or liquidation.

17   **Plan Implementation, Matter 1019** (78.60 Hours -- $26,356.50).  This category

18   includes services more fully described in Category B330 of the Orrick Application,

19   which is incorporated for all purposes herein by this reference. See Orrick Application,

20   pp. 16-17.  Although Beckley and Orrick worked together with FTI to properly advise the

21   DTDF Committee, the DTDF Committee's professionals diligently endeavored to divide

22   assignments so as to avoid duplication of effort while still maintaining an appropriate

23   level of context on the matter.  The services rendered in this category were in connection

24   with Beckley's analysis, advice and counsel to the DTDF Committee, Orrick, and FTI

25   regarding Revested DTDF's operations post-Effective Date and readying Revested

26   DTDF for a smooth exit from the bankruptcy process.  Specifically, these services

27   included, among other things, Beckley's analysis, advice and counsel to ensure Revested

28

BECKLEY
SINGLETON
CHTD
ATTORNEYS AT LAW
530 LAS VEGAS BLVD SOUTH
LAS VEGAS, NEVADA 89101

1  DTDF's corporate governance documents are in compliance with Nevada law and that all

2  requisite steps under Nevada law were taken to transition from DTDF to Revested DTDF.

3  **Prospect High Income Fund Claim, Matter 1020** (263.60 Hours -- $12,270.00).

4  This category primarily relates to services rendered in connection with Beckley's analysis,

5  advice and counsel to the DTDF Committee and Orrick, and consultations with opposing

6  counsel with respect to the proof of claim filed against the Debtor's estate in the amount of

7  $20,000,000.00 (the "Prospect Claim").  Orrick assigned Beckley the lead in this matter.

8  Beckley rendered services to the DTDF Committee by successfully objecting to the Prospect

9  Claim, which resulted in the Court's disallowance of such Claim.  Beckley also provided

10  services in connection with maintaining such favorable ruling in preparing the necessary

11  pleadings to defend such ruling on appeal by Prospect High Income Fund, et. al., to the BAP.

12  Bob Olson of Beckley will argue before the BAP on May 17, 2007, on behalf of Revested

13  DTDF in support of this Court's disallowance of the Prospect Claim.[7]

**IV.**

**SUMMARY OF EXPENSES**

16  21.  The total amount of expenses requested by Beckley in performing necessary services

17  for the DTDF Committee during the Chapter 11 Cases is $65,469.83, which amount breaks down

18  on a monthly as described in Exhibit A hereto and in detail as described in Exhibit 1 to the

19  Loraditch Declaration.

20  22.  As Nevada counsel to the DTDF Committee, Beckley took on the responsibility and

21  expense of serving the pleadings filed on behalf of the DTDF Committee, with few exceptions,

22  including providing courtesy copies to the Court.

23  23.  Beckley generally handles regular and routine photocopying and scanning in-house.

24  It is seeking reimbursement of $.25 per page.  Beckley's copy machines automatically record the

25  number of pages made when the person that is photocopying enters the client's account number into

[7] In its reply pleading, if any, to be filed in June, Beckley may seek compensation for the time spent in April preparing this Application and for the time in June spent responding to any objection and appearing at the hearing on the Application.

{00381417;4}    15

1   a device attached to the copy machine.  Whenever feasible, Beckley sends large copying projects to

2   outside copy services that charge bulk rates for photocopying.  In such instances, Beckley charges

3   clients the same amount that Beckley pays the outside service.

4        24.    Beckley normally charges its clients $1.00 per page for each outgoing facsimile

5   transmission.  Beckley does not charge its clients for incoming faxes.  However, the use of faxes

6   has been relatively small in light of the extremely heavy use of email.

7        25.    Beckley bills directly to its clients the cost of transmitting mail.  Postage is logged

8   and billed through a computer system.  Beckley calculates postage costs at a rate set by the postal

9   service for the weight and class of a given mailing.  For large mailings, Beckley occasionally uses

10   an outside mailing house, whose charges are passed on directly to its clients without surcharge of

11   markup.   Beckley also seeks reimbursement for overnight package charges, such as Federal

12   Express, messenger delivery charges without surcharge or markup.

13   **V.**

14   **COMPLIANCE WITH UNITED STATES TRUSTEE GUIDELINES**

15        26.    Beckley believes that every professional employed on behalf of a debtor in a chapter

16   11 case has a responsibility to control fees and expenses by providing services in an efficient and

17   effective manner.  To this end, Beckley diligently works to coordinate and facilitate the efficient

18   prosecution of the matters for which it is employed.  Staffing of matters within the case is done with

19   the objective of providing the level of representation appropriate to the significance, complexity, or

20   difficulty of the particular matter.  Due to the sensitive nature and complexity of these Chapter 11

21   Cases, it is not always possible to delegate authority to persons with lower billing rates.  However,

22   given the Court's repeated concerns on the issue, Beckley has taken great care and made every

23   effort to avoid unnecessary duplication of effort on any task.  On certain occasions, when more than

24   one attorney attended a meeting or hearing, the attendance was necessary to adequately represent

25   the interests of the DTDF Committee and provide the context from which appropriate advice and

26   counsel could be given.

27        27.    Beckley reviews all client billings for reasonableness and makes adjustments so that

28   the charges are consistent with the value of the services provided.  Beckley charges hourly rates that

BECKLEY
SINGLETON
ATTORNEYS AT LAW
530 LAS VEGAS BLVD SOUTH
LAS VEGAS, NEVADA 89101

{00381417;4}

1  are similar to, if not lower than, those rates charged by comparable law firms for similar legal

2  services.  See, e.g., In re Ginji Corp., 117 B.R. 983, 990 (Bankr. D. Nev. 1990).  Beckley's blended

3  hourly rate, not including paraprofessionals (requested attorney compensation divided by number of

4  attorney hours worked), for the Entire Fee Period was $291.84.  Beckley's blended hourly rate,

5  including paraprofessionals (total requested compensation divided by total number of hours

6  worked), during the Entire Fee Period was $272.27.

7         28.    Beckley believes and respectfully submits that the fees and expenses sought in this

8  Application are appropriate and were reasonable and necessary in light of the nature and complexity

9  of the Chapter 11 Cases and the scope and difficulty of the business and legal issues involved.

10                                          **IV.**

11                                     **CONCLUSION**

12         In sum, Beckley has rendered valuable services to the DTDF Committee and now

13  respectfully requests that the Court enter an order (i) awarding Beckley fees in the sum of

14  $458,344.87, and the reimbursement of expenses incurred in the amount of $65,469.83, for a total

15  award of $523,814.70; and (ii) authorizing Revested DTDF to pay the remaining unpaid amount of

16  $176,993.45 upon entry of such order.

17         DATED this 26th day of April 2007.

18                                     **BECKLEY SINGLETON, CHTD.**

19                                     By:    */s/Anne M. Loraditch*

20                                          BOB L. OLSON, ESQ.
                                            Nevada Bar No. 3783

21                                          ANNE M. LORADITCH, ESQ.
                                            Nevada Bar No. 8164

22                                          530 Las Vegas Boulevard South
                                            Las Vegas, Nevada 89101

23                                          Telephone:  (702) 385-3373

24
                                            *Attorneys for the Official Committee of*
25                                          *Equity Security Holders of USA Capital*
                                            *Diversified Trust Deed Fund, LLC*

26

27

28

BECKLEY
SINGLETON
CHTD
ATTORNEYS AT LAW
530 LAS VEGAS BLVD SOUTH
LAS VEGAS, NEVADA 89101

{00381417;4}                                    17