E-Filed on May 4, 2007

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Susan M. Freeman, AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>               Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>               Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>               Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle Presiding |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>               Debtor. | **NOTICE OF FILING PROOF OF SERVICE OF SUBPOENA FOR RULE 2004 EXAMINATION** |
| In re:<br>USA SECURITIES, LLC,<br><br>               Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |

NOTICE IS GIVEN that the USACM Liquidating Trust herewith files its:

       **Proof of Service of Subpoena for Rule 2004 Examination of Oppenheimer Funds Distributor, Inc. (Exhibit A Attached).**

       **Proof of Service of Subpoena for Rule 2004 Examination of JPMorgan Chase Bank, N.A. (Exhibit B Attached).**

113422-1

DATED:   May 4, 2007

| **DIAMOND MCCARTHY LLP** | **LEWIS AND ROCA LLP** |
|---|---|
| By: */s/ Eric D. Madden* | By: */s/ Rob Charles* |
| Allan B. Diamond, TX 05801800 (pro hac vice) | Susan M. Freeman, AZ 4199 (pro hac vice) |
| William T. Reid, IV, TX 00788817 (pro hac vice) | Rob Charles, NV 6593 |
| Eric D. Madden, TX 24013079 (pro hac vice) | 3993 Howard Hughes Parkway, Suite 600 |
| 909 Fannin, Suite 1500 | Las Vegas, Nevada 89169-5996 |
| Houston, Texas 77010 | (702) 949-8320(telephone) |
| (713) 333-5100 (telephone) | (702) 949-8321(facsimile) |
| (713) 333-5199 (facsimile) | |
| *Special Litigation Counsel for* | |
| *USACM Liquidating Trust* | *Counsel for USACM Liquidating Trust* |

# United States Bankruptcy Court
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE | SUBPOENA FOR RULE 2004 EXAMINATION |
| USA COMMERCIAL MORTGAGE COMPANY,<br>USA CAPITAL REALTY ADVISORS, LLC,<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND LLC,<br>USA CAPITAL FIRST TRUST DEED FUND LLC,<br>USA SECURITIES, LLC, | CASE NOS.  BK-S-06-10725 LBR<br>BK-S-06-10726 LBR<br>BK-S-06-10727 LBR<br>BK-S-06-10728 LBR<br>BK-S-06-10729 LBR |
| DEBTORS. | JOINTLY ADMINISTERED UNDER<br>CASE NO. BK-S-06-10725-LBR |
| AFFECTS: ALL DEBTORS | |

TO: OppenheimerFunds Distributor, Inc.
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

X YOU ARE COMMANDED to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, pursuant to the attached court order, regarding the following topics at the place, date and time specified below:

### SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| ESQUIRE DEPOSITION SERVICES<br>220 W. 42ND STREET, 13TH FLOOR<br>NEW YORK, NEW YORK 10036 | May 23, 2007 at 10:00 A.M.<br>Or such other mutually agreeable date and/or time |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

### SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED

| PLACE | DATE |
|---|---|
| ESQUIRE DEPOSITION SERVICES<br>220 W. 42ND STREET, 13TH FLOOR<br>NEW YORK, NEW YORK 10036 | April 25, 2007 at 10:00 A.M.<br>Or such other mutually agreeable date and/or time |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| [signature]<br>Special Litigation Counsel for the USACM Liquidating Trust | April 13, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

ERIC D. MADDEN
DIAMOND MCCARTHY LLP
1201 ELM STREET, 34TH FLOOR
DALLAS, TEXAS 75270
(214) 389-5306

{00365037;}

EXHIBIT "A"

# PROOF OF SERVICE

DATE: 4/15/07 9:25 AM    PLACE: BKS 06 10725 LBR

SERVED: Oppenheimer Funds Distributor, Inc c/o CT Corp 111 8th Ave, NY NY 10017

SERVED ON (PRINT NAME): Paula Nash - Senior Process Clerk

MANNER OF SERVICE: Personal

F/Wht/Blnd/36-50yrs/54-58/131-160lbs

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 4/15/07 9:25 AM

Date

Signature of Server: Juan Pereira

Address of Server: c/o NY Server 173 North Main #375 Sayville NY 11782

---

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}

# United States Bankruptcy Court
SOUTHERN DISTRICT OF NEW YORK

| IN RE | SUBPOENA FOR RULE 2004 EXAMINATION |
|---|---|
| USA COMMERCIAL MORTGAGE COMPANY,<br>USA CAPITAL REALTY ADVISORS, LLC,<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND LLC,<br>USA CAPITAL FIRST TRUST DEED FUND LLC,<br>USA SECURITIES, LLC, | CASE NOS.  BK-S-06-10725 LBR<br>BK-S-06-10726 LBR<br>BK-S-06-10727 LBR<br>BK-S-06-10728 LBR<br>BK-S-06-10729 LBR |
| DEBTORS. | JOINTLY ADMINISTERED UNDER<br>CASE NO. BK-S-06-10725-LBR |
| AFFECTS: ALL DEBTORS | |

TO:   JPMorgan Chase Bank, N.A.
      f/k/a Bank One, N.A.
      c/o CT Corporation
      111 Eighth Avenue, 13th Floor
      New York, NY 10017

X YOU ARE COMMANDED to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, pursuant to the attached court order, regarding the following topics at the place, date and time specified below:

### SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| ESQUIRE DEPOSITION SERVICES<br>220 W. 42ND STREET, 13TH FLOOR<br>NEW YORK, NEW YORK 10036 | May 25, 2007 at 10:00 A.M.<br>Or such other mutually agreeable date and/or time |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

### SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED

| PLACE | DATE |
|---|---|
| ESQUIRE DEPOSITION SERVICES<br>220 W. 42ND STREET, 13TH FLOOR<br>NEW YORK, NEW YORK 10036 | April 25, 2007 at 10:00 A.M.<br>Or such other mutually agreeable date and/or time |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| [signature]<br>Special Litigation Counsel for the USACM Liquidating Trust | April 13, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

ERIC D. MADDEN
DIAMOND MCCARTHY LLP
1201 ELM STREET, 34TH FLOOR
DALLAS, TEXAS 75270
(214) 389-5306

PROOF OF SERVICE

DATE: 4/15/07 9:25 Am    PLACE: BKS06 10725 LBR

SERVED: JP Morgan Chase Bank, NA fka Bank One c/o CT Corp 111 8th Ave NY NY 10017

SERVED ON (PRINT NAME): Paula Kash - Senior Process Clerk

MANNER OF SERVICE: Personal

F/Wht/Bhd/36-52yrs/5'4-5'8"/131-160lbs

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 4/15/07

Signature of Server: Jim Rivera

Address of Server: C/o NY Serv 113 North Main #375 Sayville NY 11782

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}