Adam M. Starr
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Email: starra@gtlaw.com

Ronald D. Green
Greenberg Traurig, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: greenr@gtlaw.com

Matthew T. Gensburg
Nancy A. Peterman
Sherri Morissette
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 2500
Chicago, Illinois 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
Email:  gensburgm@gtlaw.com
        petermann@gtlaw.com
        morissettes@gtlaw.com

Attorneys for Mesirow Financial Interim Management, LLC,
the Debtors' Chief Restructuring Officer and Crisis Managers

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>DECLARATION OF NANCY A. PETERMAN IN SUPPORT OF APPLICATION FOR |

| | |
|---|---|
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                            Debtor.<br><br>In re:<br>USA SECURITIES, LLC,<br>                                                            Debtor.<br><br>Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | **ENTRY OF ORDER (I) FINALLY ALLOWING AND APPROVING ALL COMPENSATION AND EXPENSES INCURRED BY MESIROW FINANCIAL INTERIM MANAGEMENT, LLC IN ITS CAPACITY AS DEBTORS' CRISIS MANAGERS AND CHIEF RESTRUCTURING OFFICERS FOR THE PERIOD APRIL 13, 2006 THROUGH MARCH 12, 2007; (II) ALLOWING AND APPROVING A SUCCESS FEE; (III) AUTHORIZING APPLICATION OF THE RETAINER AGAINST THE ALLOWED FEES AND EXPENSES; AND (IV) AUTHORIZING PAYMENT OF THE BALANCE DUE** |

I, Nancy A. Peterman, hereby declare, verify and state as follows:

1.      I am a shareholder at the law firm of Greenberg Traurig, LLP ("**Greenberg Traurig**"), which maintains offices at 77 West Wacker Drive, Suite 2500, Chicago, Illinois 60601 and 3773 Howard Hughes Parkway, Suite 500 North, Las Vegas, Nevada 89169. I submit this declaration on behalf of Greenberg Traurig in support of Mesirow Financial Interim Management's ("**MFIM**") application (i) finally allowing and approving compensation in the amount of $11,389,203.09 for 27,417.60 hours of services rendered and expenses incurred in the amount of $1,117,168.74 by MFIM, in its capacity as the crisis managers and chief restructuring officers for USA Commercial Mortgage Company ("**USACM**"), USA Capital Realty Advisors, LLC ("**USA Realty**"), USA Capital Diversified Trust Deed Fund, LLC ("**DTDF**"), USA Capital First Trust Deed Fund, LLC ("**FTDF**") and USA Securities, LLC ("**USA Securities**", and collectively with USACM, USA Realty, DTDF and FTDF, the "**Debtors**"), debtors and debtors-in-possession in these chapter 11 cases (the "**Cases**"), for the time period beginning on April 13, 2006 and ending on March 12, 2007 (the "**Application Period**"); (ii) approving a success fee in the amount of $2,500,000.00; (iii) authorizing application of the $150,000 retainer against finally

allowed fees and expenses; and (iv) authorizing payment of $14,856,371.83 (after application of the Retainer and net of voluntary reductions totaling $360,769.91) (the "**Final Application**").

2. Unless otherwise defined, any capitalized terms not defined herein have the meaning set forth in the Final Application. Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.[1]

3. Part I of the Declaration sets forth the relevant facts in support of Greenberg Traurig's legal fees and expenses which are included in the compensation requested by MFIM in the Final Application; Part II requests the Court take judicial notice of certain documents in support of the Success Fee requested by MFIM.

## I. GREENBERG TRAURIG'S FEES AND EXPENSES

4. During the Application Period, MFIM incurred expenses relating to legal services received from Greenberg Traurig in the amount of $303,359.85 during the Application Period (including legal fees and expenses incurred after March 12, 2007 for services relating to the Final Application). MFIM has also estimated that Greenberg Traurig's legal fees and expenses may be an additional $150,000 for any legal services required with respect to the Final Application. MFIM expects to require the legal services of Greenberg Traurig in responding to any objections to the Final Application and presenting the Final Application to the Court.

5. From the Petition Date and forward, MFIM consulted with attorneys from Greenberg Traurig on various issues in these Cases. Specifically, Greenberg Traurig assisted MFIM with (a) issues relating to their retention and fees in the Cases, including attending hearings relating to MFIM's retention, attending the hearing on their First Interim Fee Application and working with the U.S. Trustee to address certain objections raised to MFIM's

monthly fee statements; (b) corporate governance issues relating to Thomas J. Allison's position as CRO of the Debtors; (c) issues relating to the Debtors' proposed pension plan freeze and alleged liabilities with respect to such pension plans; (d) Plan issues, including the plan formulation process to insure the feasibility of the plan structure, payment of MFIM's fees and expenses and address other risk issues for MFIM; (e) discussions with Compass on the asset purchase agreement because Compass required representations and warranties from MFIM; (f) issues relating to the mortgage broker license, including the ability to maintain such license post-sale closing for purposes of serving as the loan servicer for Compass; (g) meetings with the SEC regarding possible receivership for Investment Partners to finalize Thomas J. Allison's affidavit in support of such receivership; and (h) issues relating to MFIM or its employees.

6. **Exhibit H** attached to the Final Application provides a detailed listing for the fees and expenses incurred by Greenberg Traurig. The fees and expenses charged on a monthly basis are summarized as follows:

---

[1]   Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Greenberg Traurig, LLP.

| Statement | Fees | Expenses | Total | Travel |
|---|---|---|---|---|
| April 2006 | $10,028.50 | $0 | $10,028.50 | $0 |
| May 2006 | $436.00 | $0 | $436.00 | $0 |
| June 2006 | $379.50 | $0 | $379.50 | $0 |
| July 2006 | $9,309.50 | $0 | $9,309.50 | $4,360.00 |
| Aug. 2006 | $1,101.00 | $1,024.89 | $2,125.89 | $0 |
| Sept 2006 | $27,206.50 | $175.72 | $27,382.22 | $4,360.00 |
| Oct. 2006 | $48,509.50 | $1,640.69 | $50,150.19 | $0 |
| Nov. 2006 | $17,564.50 | $344.84 | $17,909.34 | $0 |
| Dec. 2006 | $39,621.50 | $3,075.05 | $42,696.55 | $2,180.00 |
| Jan. 2007 | $13,331.00 | $-9.77 | $13,321.23 | $0 |
| Feb. 2007 | $26,885.50 | $968.09 | $27,853.59 | $2,320.00 |
| March 2007 | $14,586.50 | $603.56 | $15,190.06 | $0 |
| April 2007 | $107,546.00 | $81.78 | $107,627.78 | $0 |
|  | $316,505.50 | $7,904.85 | $324,410.35 | $13,220.00 |

7.  Deductions have been made from the total fees and expenses listed above and in the Greenberg Traurig time detail attached as Exhibit H to the Final Application for all travel time and for any prepetition time billed by Greenberg Traurig as follows:

| Total Fees | $316,505.50 |
|---|---|
| Minus Travel Time | -$13,220.00 |
| Minus Prepetition Time in April 2006 | -$7,830.50 |
| **Total Fees After Deductions** | **$295,455.00** |
| Plus Total Expenses | +$7,904.85 |
| **Total Fees and Expenses** | **$303,359.85** |
| Plus Estimated Fees To Fee Hearing | +$150,000.00 |

| TOTAL FEES AND EXPENSES | $453,359.85 |
|---|---|

## II. JUDICIAL NOTICE OF CASES

8. Greenberg Traurig respectfully requests that pursuant to Federal Rule of Evidence 201 this Court take judicial notice of the (i) bankruptcy pleadings citied in the Final Application; (ii) retention motions, affidavits and orders for the bankruptcy cases summarized in Exhibit K to the Final Application; and (iii) retention motions, affidavits and orders for the bankruptcy cases summarized in **Exhibit 1** attached hereto. Courts may consider judicially noticed matters, including records and pleadings in other cases. *See Anael v. Interstate Brands Corp.*, No. 02 C 5192, 2003 WL 21995183, *1 (N.D.Ill. 2003); *Khoury v. Allstate Ins. Co.,* No. CV-02-04487-EFS, 2002 WL 31812912 (C.D.Cal. 2002); *Saxton v. McDonnell Douglas Aircraft Co.*, 428 F.Supp. 1047, 1049 (D.C. Cal. 1977).

9. Greenberg Traurig has provided the Court with copies of each of the retention motions, affidavits and orders of the cases cited in Exhibit K and Exhibit 1 for which it requests judicial notice by this Court. Exhibit K and Exhibit 1 are submitted by MFIM to demonstrate that investment bankers and turnaround firms regularly receive success fees from bankruptcy engagements. To the extent requested, Greenberg Traurig will provide other parties in interest with copies of all such retention motions, affidavits and orders.

I declare, under penalty of perjury, that, to the best of my knowledge, information and belief, that the foregoing is true and correct.

Greenberg Traurig, LLP

By /s/ Nancy A. Peterman
Nancy A. Peterman, in her capacity as Shareholder
77 W. Wacker Drive
Suite 2500
Chicago, Illinois 60601

**Exhibit 1 to Declaration of Nancy A. Peterman**
**Examples of CRO Success Fees**

| Case | Role | Fee Structure | Success Fee |
|---|---|---|---|
| Parmalat USA 04-11139 S.D.N.Y. | Crisis Managers: CRO and temporary employees | 1. CRO paid hourly; 2. temporary employees [1] paid hourly; and 3. contingent success fee. | Success fee calculated based on the development and implementation of a plan to maximize the recovery of value received by the various stakeholders of the debtors as follows: (a) $1 million earned on account of the implementation and the closing of the plan including a sale plus (b) an additional 1% of distributions to stakeholders in excess of $135 million. Success fee hearing adjourned until the conditions for earning the success fee were satisfied. $1 million success fee paid. |
| Interstate Bakeries Corporation 04-45814 W.D. Missouri | Restructuring Managers and Officers: CRO, CEO and temporary employees | 1. CEO paid $150,000 per month; 2. CRO and temporary employees paid hourly; and 3. success fee. | Success fee was 5% of the value created (defined by the board of directors), but no less then $3.85 million in all circumstances other than a liquidation. |
| G&G Retail, Inc. 06-10152 S.D.N.Y. | Crisis Managers: CRO and temporary employees | 1. CRO hourly rates, capped at $16,250 per week; 2. temporary employees paid hourly; and 3. contingent success fee. | Success fee earned if the debtor is sold as a going concern or reorganizes under Chapter 11 and upon further court approval. Motion filed to approve success fee and court approved payment of $350,000. Business was sold for $35 million, original stalking horse bid was $15.2 to $15.9 million. |

---

[1] Temporary Employees can be managing directors, directors, partners, associates, analysts, among other professionals employed by the crisis manager retained in the engagement.

| Case | Role | Fee Structure | Success Fee |
|---|---|---|---|
| Bridgeport Holdings Inc. 03-12825 Delaware | Crisis Managers: COO, CFO, Treasurer and temporary employees | 1. Hourly rates for all officers and temporary employees; and 2. contingent success fee. | Success fee components were as follows: (a) 5% of distributions to prepetition stakeholders of more than $85 million from proceeds from assets owned by the U.S. debtor and its affiliates, collection of working capital assets, the value of the reorganized stock issued to the stakeholders of the company net of the costs of recovery; (b) $250,000 paid upon the completed sale of the European operations; (c) 2% of the distribution to pre-petition stakeholders of more than $50 million from the proceeds from assets owned by the company and subsidiaries not based in the U.S., collection of working capital assets, and the value of reorganized stock issued to the stakeholders of the company net of the costs of recovery; and (d) $1 million success fee earned and paid prepetition not subject to court approval. Court approved a $2,359,641 success fee. |
| Skin Nuvo International 05-50463 Nevada | Restructuring Advisor: CRO and temporary employees | 1. Hourly rates for all officers and temporary employees; and 2. success fee. | Success fee of 5% of the return to unsecured creditors with a floor of $150,000 upon confirmation of a plan or successful sale of assets. Filed application and was granted a success fee of $260,000 based on 5% of the winning bid for the assets. |
| Cable & Wireless USA 03-13711 Delaware | Crisis Managers and Interim Officers: CEO, CFO, CRO and temporary employees | 1. Hourly rates for all officers and temporary employees; and 2. success fee. | Success fee components: (a) $1 million upon the closing of a sale or effective date of a plan; (b) $1 million for securing financing and if the Debtors' achieve a positive cash flow by a certain date; and (c) $1 million if both fees are earned and the debtors have |

2

| Case | Role | Fee Structure | Success Fee |
|---|---|---|---|
| | | | drawn down less than 90% of the funds under the DIP facility and the debtors enter into a sale agreement for substantially all their assets.<br><br>A second motion for approval of the success fee was filed with the Court. The motion requested an additional incremental success fee based on the successful outcome of the case and the amount of distributions to unsecured creditors in the case. The court approved a $3 million success fee, as well as an additional incremental performance fee of $500,000 to be paid upon achievement of a recovery to unsecured creditors of 31.5% or greater to be split with the other advisors. |
| Exide Technologies 02-11125 Delaware | Restructuring Consultant: CFO, CRO and temporary employees | 1. Hourly rates for all officers and temporary employees; and<br>2. success fee. | Success fee of $3 million if the debtors complete a restructuring through a plan or liquidation of substantially all the assets or a sale. |
| Dana Corporation 06- 10354 S.D.N.Y. | Crisis Managers: CRO and temporary employees | 1. CRO $125,000 per month;<br>2. hourly rates for temporary employees; and<br>3. success fee. | Success fee of $4 million if the debtors confirm a plan or sell substantially all their assets. |
| Bridge Information Systems 01-41593 E.D. Missouri | Restructuring Officers: CRO, Assistant CRO and temporary employees | 1. CRO and Assistant CRO $170,000 per month;<br>2. hourly rates for temporary employees; and<br>3. success fee. | Success fee components:<br>(a) $250,000 for the closing of the first sale of assets, and if the consideration is above $3 million an additional $150,000;<br>(b) $375,000 to $1,000,000 for the closing of subsequent sales based on total consideration paid for the assets; and<br>(c) $250,000 if a plan is consummated, plus if the plan |

3

| Case | Role | Fee Structure | Success Fee |
|---|---|---|---|
| Atkins Nutritionals, Inc. 05-15913 S.D.N.Y. | Crisis Managers: CFO and CRO and temporary employees | 1. Hourly rates for officers and temporary employees; and 2. success fee. | includes a sale, $375,000 to $1,000,000 based on the total consideration paid for the assets. Success fee: (a) $600,000 for confirmation of a plan within 3 months after filing; (b) $400,000 for confirmation of a plan within 6 months after filing; (c) $200,000 for confirmation of a plan within 12 months after filing; decreased by $25,000 per month each month after 12 months until reduced to $150,000; (d) $300,000 if there is a sale; and (e) EBITDA success fee of 25% of the amount that is actual 2005 EBITDA up to a maximum of $200,000. |
| Hayes Lemmerz International 01-11490 Delaware | Crisis Managers: CFO, CRO and temporary employees | 1. Hourly rates for all officers and temporary employees; and 2. performance fee. | Performance fee: (a) .10% of the first $1 billion of total enterprise value; and (b) .20% of total enterprise value over $1 billion upon the effective date of a plan or closing of a sale. |
| Fleming Companies 03-10945 Delaware | Crisis Managers: CFO, Treasurer and temporary employees | 1. Hourly rates for all officers and temporary employees; and 2. success fee. | Success fee: (a) $2 million upon plan confirmation; and (b) a time success fee of $2 million if a plan is confirmed within 12 months, and for each month in excess of 12 months, less $100,000 per month up to a maximum reduction of $500,000. |
| Avado Brands 04-31555 N.D. Texas | Restructuring Advisors: CEO, CRO and temporary employees | 1. Hourly rates for all officers and temporary employees; and 2. success fee. | $2,675,000 success fee upon confirmation of a plan, which is decreased by $75,000 each month for up to 9 months. The minimum success fee is $2 million. |

4

| Case | Role | Fee Structure | Success Fee |
|---|---|---|---|
| Acterna Corp. 03-12837 S.D.N.Y. | Crisis Managers: CRO and temporary employees | 1. Hourly rates for all officers and temporary employees; and 2. success fee. | $1 million success fee upon the confirmation of a plan, closing of a sale or material refinancing. |
| GIT-N-Go 04-10509 N.D. Oklahoma | Chief Restructuring Officer: CRO and temporary employees | 1. Hourly rates for all officers and temporary employees; and 2. incentive fee | $300,000 success fee payable upon the earlier of confirmation of a plan or a sale. |
| Anchor Glass Container 05-15606 M.D. Fla. | Crisis Manager: CRO and temporary employees | 1. Hourly rates for all officers and temporary employees; and 2. success fee. | $400,000 success fee payable upon the earlier of confirmation of a plan or a sale. |
| Radnor Holdings 06-10894 Delaware | Crisis Managers: COO, director and temporary employees | 1. COO $125,000 per month; 2. hourly rates for director and all other temporary employees; and 2. success fee. | Success fee to be negotiated with the debtor. |
| Network Plus 02-10341 Delaware | Crisis Managers: CRO, Assistant CRO and temporary employees | 1. $160,000 per month for CRO, Assistant CRO and any senior officers; 2. hourly rates for all other officers and temporary employees; and 2. incentive fee. | $400,000 incentive fee payable upon a sale, merger or consummation of a plan. |
| Galey & Lord 02-40445 S.D.N.Y. | Crisis Managers: CRO and temporary employees | 1. Hourly rates for all officers and temporary employees; and 2. incentive fee. | Incentive fee of no less than $750,000, but no more than $1.25 million, upon consummation of a plan or a sale to be determined by the board of directors. |

5