George A. Davis
CADWALADER, WICKERSHAM & TAFT
One World Financial Center
New York, NY 10281
Telephone No.: (212)504-6000
Facsimile No.: (212) 504-6666

Judy G.Z. Liu
Tyson M. Lomazow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone No.: (212) 310-8000
Facsimile No.: (212) 310-8007

Peter C. Bernhard (Nevada Bar No. 0734)
Georganne W. Bradley (Nevada Bar No. 1105)
BULLIVANT HOUSER BAILEY PC
3980 Howard Hughes Pkwy., Ste. 550
Las Vegas, NV 89169
Telephone No.: (702) 650-6565
Facsimile No.: (702) 650-2995
E-Mail: peter.bernhard@bullivant.com
georganne.bradley@bullivant.com

**E-FILED on May 7, 2007**

**Counsel for Compass Financial Partners LLC**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **SUPPLEMENTAL DECLARATION OF DAVID BLATT IN FURTHER SUPPORT OF MOTION FOR ORDER ENFORCING CONFIRMATION ORDER AND DETERMINING NO SURVIVING SECTION 3 RIGHT EXISTS WITH RESPECT TO THE FIESTA OAK VALLEY LOAN** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Date: May 11, 2007<br>Time: 9:30 a.m. |

– 1 –

| | |
|---|---|
| ☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |

I, DAVID BLATT, hereby declare under penalty of perjury that the following is true and correct:

1. I am over 18 years of age, and I have personal knowledge of each of the facts stated in this declaration ("Declaration"), except where otherwise indicated below. If called as a witness, I could and would testify as to the matters set forth below based upon my personal knowledge, except where otherwise indicated below.

2. I am a Managing Director of Compass Financial Partners LLC, a Nevada limited liability company, an affiliate of Compass USA SPE LLC, a Delaware limited liability company (together, "Compass"), and am competent to testify with respect to the matters recited herein.

3. I submit this supplemental declaration in further support of the motion (the "Compass Motion"), dated March 30, 2007, for an order enforcing paragraph 14 of the Order Confirming the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan"), entered January 8, 2007 (the "Confirmation Order"), and determining no Surviving Section 3 Right (as such term is defined in the Confirmation Order) exists or is exercisable with respect to the loan commonly referred to as "Fiesta Oak Valley" (the "Loan"). Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Compass Motion.

I. **Supplemental Declaration**

4. On April 23, 2007, Compass filed its Reply in Further Support of the Motion For Order Enforcing Confirmation Order and Determining No Surviving Section 3 Right Exists With Respect to the Fiesta Oak Valley Loan (the "Compass Reply"). On April 23, 2007, I submitted a Declaration in support of the Compass Reply (the "April 23 Declaration"). This Declaration supplements the April 23 Declaration.

II. **Compass Has Acquired Over 47% of the Interests in the Loan**

5. In the April 23 Declaration, I stated that Compass was exercising its right under Section 2(c)(iii) of the Servicing Agreement (the "Call Right") to pay off certain Direct Lenders under the Loan, and that I would supplement the April 23 Declaration with a subsequent Declaration setting forth the specific details of Compass' exercise of its Call Right.

6. Compass has now completed the exercise of its Call Right with respect to holders of 47.36% of the beneficial interests in the Loan (the "Purchased Interests"). A list of the Purchased Interests is set forth on the attached Exhibit "A."

7. On April 24, 2007, Compass sent letters (the "Call Letters") to certain Direct Lenders informing them that (i) Compass was exercising its right pursuant to Section 2(c)(iii) of the Loan Servicing Agreement to acquire their beneficial interest in the Loan, (ii) the Cumulative Call Price (as hereinafter defined) had already been funded into escrow for their benefit, and (iii) they would receive the total unpaid principal amount of their Purchased Interest plus all accrued interest thereon upon executing an enclosed form assignment agreement (an "Assignment Agreement") and returning it to the Escrow Agent (as hereinafter defined). A copy of the form of Call Letter sent to

Direct Lenders and the accompanying form of Assignment Agreement are annexed hereto as Exhibit "B."

8. On April 24, 2007, the cumulative call price of $12,361,481.82 (the "Cumulative Call Price") was wired to Orange Coast Title Company (the "Escrow Agent"). The Cumulative Call Price represents the total outstanding principal and accrued interest through April 30, 2007 on account of the Purchased Interests, together with certain assignment processing fees.

9. Simultaneous with the funding of the Cumulative Call Price, Compass sent an instruction letter (the "Orange Coast Instruction Letter," a copy of which is annexed hereto as Exhibit "C") to the Escrow Agent to disburse to each lender holding a Purchased Interest (each an "Assigning Lender") its pro rata share of the Cumulative Call Price upon the Escrow Agent's receipt of an executed form of Assignment Agreement. The Escrow Agent will then proceed to record the Assignment Agreement with the local recording office.

10. In light of Compass' exercise of its Call Right, less than 30% of the holders of beneficial interests in the Loan currently support the replacement of Compass with Vindrauga as servicer. On page 5 of the DACA Objection, DACA indicated that 75% of the Direct Lenders in the Loan had exercised a Surviving Section 3 Right to terminate Compass as loan servicer. Set forth on Exhibit "D" hereto is a list of 45.41% of the Direct Lenders in the Loan specifically identified by DACA as having executed a Surviving Section 3 Right (the "Exercising 45%") whose interests are Purchased Interests as described above and reflected on Exhibit "A" hereto. Thus, the

group on whose behalf DACA purports to speak, now holds less than a 30% interest in the Loan.

11. As the holders of 51% of the beneficial interests in the Loan no longer support the replacement of Compass with Vindrauga, DACA's attempted replacement of Compass with Vindrauga is not valid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 4th day of May 2007, at New York, New York.

_David Blatt_