LEWIS AND ROCA LLP
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 5/8/07

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **In re:** | Jointly Administered |
| **USA Commercial Mortgage Company**<br>06-10725 – Lead Case | Chapter 11 Cases |
| **USA Capital Realty Advisors, LLC**<br>06-10726 | Judge Linda B. Riegle Presiding<br><br>**Affecting:**<br>☐ All Cases<br>**or Only:**<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC |
| **USA Capital Diversified Trust Deed Fund, LLC**<br>06-10727 | |
| **USA Capital First Trust Deed Fund, LLC**<br>06-10728 | |
| **USA Securities, LLC**<br>06-10729<br>Debtors. | |

**Declaration of Edward M. Burr in Support of Motion to Extend
Deadline to Object to Allowance of Claims and Equity Interest**

I, Edward M. Burr, hereby declare under penalty of perjury that:

1. I am a principal with Sierra Consulting Group, LLC ("Sierra").

2. I submit this declaration on behalf of the Motion to Extend Deadline to Object to Allowance of Claims and Equity Interest (the "Motion") filed by the USACM Liquidating Trust (the "USACM Trust").

3. This Court approved the appointment of Sierra as financial adviser to the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company

1825475.1

LEWIS AND ROCA LLP
LAWYERS

("Committee" and "USACM") on August 11, 2006.  Since that date, I have assisted the Committee in analyzing facts concerning these jointly administered bankruptcy cases, including scheduled liabilities and proofs of claim.  The Committee ceased to exist on March 12, 2007, the Effective Date of the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization ("Plan"), and I am now assisting the USACM Liquidating Trust ("USACM Trust") created under the Plan.

4. I make the following declaration based upon my personal knowledge, and upon the records of the Debtors described in this declaration.

5. I understand that under Plan as modified by the Confirmation Order, the deadline for the Committee or the USACM Trust to object to Allowance of Claims and Equity Interests is 90 days after the Effective Date, or June 10, 2007.

6. Approximately 2,465 proofs of claim have been filed claiming: $2,812,293.40 as administrative; $286,969,330.16 as secured; $4,479,076.12 as priority; and $453,310,042.10 as unsecured. This compares to approximately 2,319 scheduled claims: $169,742 priority and $59,353,361 unsecured.

7. I have been working with BMC Group, Inc., the Court-authorized Claims Agent for the Debtors, to prepare an accurate database for claims analysis and reconciliation as well as for disbursement purposes once the allowed amounts are known. It now compares the scheduled and proof of claim amounts.

8. Over 1,600 of the proofs of claim were filed by Direct Lenders, asserting claims based on their interests in numerous loans serviced by the USACM.  Many of these claims asserted secured status because of the Direct Lenders' security interests in their borrowers' property as loan collateral. Omnibus objections to the secured status of the claims have been filed.

9. The numerous Direct Lender claims require careful analysis as unsecured claims, too. I am working on including sub-categories in the claims database to classify

1825475.1

them on a loan-by-loan basis, so that all the Direct Lender claims based on their percentage interests in any specific loan can be evaluated. As an example, if a Direct Lender filed a proof of claim for its 5% share of a loan in the Fiesta Oak Valley project, then this claim will be classified as "Unsecured – Fiesta Oak Valley" for that 5%, and similarly broken down for the other portions of that Direct Lender's claim.

10. The preparation of the subcategories of claims is important, and also time consuming. Among other things, some of the loans included in the proofs of claim have been paid in full, and some of the loans are performing loans. Also, some of the proofs of claim in the USACM case are based in part on interests that the Direct Lenders have in DTDF or FTDF.

11. In addition to the unique aspects of Direct Lender claims, the sheer volume of 2,465 proofs of claim entails considerable time and effort to review and evaluate for other potential objections. All proofs of claim need to be evaluated to determine such facts as whether the proof of claim was signed and includes appropriate supporting documentation to support the claim, was appropriately filed in the USACM case instead of one of the related cases, whether the claimant is an insider or related entity, and other similar issues.

12. In addition, just days before the Effective Date the Debtor amended its schedule of liabilities and then again a few days after the Effective Date. Some creditors whose scheduled amounts were changed from the original schedules may seek to file a proof of claim or an amended claim. If so, an additional review will have to be performed of any new proofs of claim that are considered timely filed.

1825475.1

LEWIS AND ROCA LLP
LAWYERS

      I make this declaration under penalty of perjury of the laws of the United States of America on May 8, 2007.

      Dated May 8, 2007.

By: *[signature]*
Edward M. Burr

4

1825475.1