

David W. Huston
Attorney at Law
A Professional Corporation

| | |
|---|---|
| DAVID W. HUSTON, ESQ.<br>Nevada Bar No. 00855<br>THE LAW OFFICE OF DAVID W. HUSTON, P.C.<br>601 South Seventh Street<br>Las Vegas, Nevada 89101<br>702/384-9555<br>702/384-9517  (Fax) | Electronically Filed: <u>April 27, 2007</u> |

Former Special Counsel for USA Commercial Mortgage Company

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                Debtor. | **Jointly Administered Under<br>Case No. BK-S-06-10725 LBR** |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>                                                Debtor. | **FORMER SPECIAL COUNSEL FOR USA COMMERCIAL MORTGAGE COMPANY DAVID W. HUSTON'S FINAL APPLICATION FOR ATTORNEY FEES AND FOR <u>REIMBURSEMENT OF COSTS</u>** |
| Affects:<br>  ☐ All Debtors<br>  ☒ USA Commercial Mortgage Company<br>  ☐ USA Securities, LLC<br>  ☐ USA Capital Realty Advisors, LLC<br>  ☐ USA Capital Diversified Trust Deed Fund, LLC<br>  x  USA First Trust Deed Fund, LLC | Adversary No. 06- 01146 |
| USA COMMERCIAL MORTGAGE COMPANY<br><br>                                                Plaintiff,<br>v. | Hearing Date: June 22, 2007<br>Hearing Time: 9:30 a.m. |

1

RONALD J. WITCO, EXECUTOR OF THE JOHN DUTKIN REVOCABLE LIVING TRUST; BEVERLY J. STILES, TRUSTEE OF THE BEVERLY STILES REVOCABLE TRUST DTD. 8/10/05; ROBERT J. & RUTH A. KEHL; ROCKLIN/REDDING, LLC; RETIREMENT ACCOUNTS INC. CUSTODIAN FOR JUDD ROBBINS IRA; DANIEL & LAURA DRUBIN; GRABLE P. RONNING; GREGORY W. & CARRIE M. STIMPSON; CASTULO O. MARTINEZ; THE WILD WATER LP; CROSBIE B. RONNING; FIRST SAVINGS BANK, CUSTODIAN FOR GEORGE J. MOTTO IRA; JOHN ROBERT MALLIN JR. & MARIE THERESA MALLIN, TRUSTEE MALLIN FAMILY TRUST DATED 7-12-99; PHILLIP N. & BENITA M. RALSTON, TRUSTEE RALSTON FAMILY TRUST DATED 5-16-00; JAMES FEENEY, TRUSTEE E&M HARDWARE PROFIT SHARING PLAN; JANIS N. ROMO, CUSTODIAN FOR MARIO W. ROMO; MARIETTA S. VON BERG, TRUSTEE ; ROBERT W. ULM, TRUSTEE, ROBERT W. ULM LIVING TRUST DATED 4-11-05; PETER A. & FABIOLA A. BOLINO; HOWARD CONNELL AND LORENE CONNELL; JEAN JACQUES BERTHELOT, TRUSTEE OF THE BERTHELOT LIVING TRUST DATED 4-9-03; FIRST TRUST CO. OF ONAGA CUSTODIAN FOR KAREN MOBERLY IRA; BETTY KOLSTRUP; WILLIAM P. KENNY AND NANCY J. COSTELLO; GARETH A.R. CRANER, TRUSTEE OF THE GARETH A.R CRANER TRUST DTD. 6-01-02; RONALD G. GARDNER TRUSTEE OF THE RONALD G GARDNER TRUST; GEORGE W. HUBBARD AND CAROL N. HUBBARD; DONALD PINSKER; JEFF P. DILLENBURG AND KAREN A. DILLENBURG; PAUL D. GRAF AND MARGARET A. GRAF; BUNNY VREELAND; SCOTT A. KUSICH; DINA LADD; MARY ANN DEAL; MONIGHETTI, INC.; JOHN G. SCHLICHTING AND ELIZABETH A. SCHLICHTING; DONALD S. TOMLIN AND DOROTHY R. TOMLIN, TRUSTEE OF THE DONALD S. TOMLIN & DOROTHY R. TOMLIN REV. TRUST; MARK L. EAMES AND SANDRA K. EAMES; ROBERT L. OGREN, TRUSTEE FOR

THE BENEFIT OF THE ROBERT L. OGREN TRUST DATE D 6-30-92; JASPER BENINCASA, JR.; PAT A. DOLCE AND LORA DEAN DOLCE; DRS. STANLEY ALEXANDER AND FLORENCE ALEXANDER; M.W. GORTS AND COMPANY; EDWIN ARNOLD IRA; M. CRAIG MEDOFF TRUSTEE OF THE MEDOFF FAMILY TRUST DATED 9-1-88; USA CAPITAL FIRST TRUST DEED, ALAN A. BENNETT; A MARRIED MAN DEALING WITH HIS SOLE AND SEPARATE PROPERTY; PORTER A. HURT, A SINGLE MAN; PAULIUS MOSINSKIS, A MARRIED MAN DEALING WITH HIS SOLE AND SEPARATE PROPERTY,

                               Defendants.

| | |
|---|---|
| Name of Applicant: | The Law Office of David W. Huston, p.c. |
| Authorized to Provide Professional Services: | As Special Counsel |
| Date of Retention: | July 21, 2006 |
| Period for which Compensation and Reimbursement is sought: | July 21, 2006 – April 27, 2007 |
| Amount of Fees Requested: | $71,580.00 |
| Amount of Expense Reimbursement requested: | $ 4,581.87 |

3

1 | Total Compensation requested:        $76,161.87

This is an:        _____ interim

          __X__ final application.

The Law Office of David W. Huston, p.c. ("Applicant"), attorney for the USA Commercial Mortgage Company (the "Debtor Party"), makes application to this Court for compensation pursuant to 11 U.S.C. §§ 328, 329, 330, 331 and 503, Fed.R.Bankr.P. 2002 and 2106, and the Guidelines of the United States Department of Justice, Office of the United States Trustee (the "Guidelines"). This Application seeks allowance and authorization for immediate payment of Applicant's 251.35 hours of professional services rendered for the period May 18, 2006 to April 27, 2007 (the "Application Period") in the amount of $71,580.00 (including $4,980.00, nunc pro tunc, for the period before being approved as Special Counsel); and reimbursement for costs expended during the Application Period in the amount of $4,581.87, for a total combined fee and cost amount of $76,161.87.

## I.

## NARRATIVE STATEMENT OF SERVICES PERFORMED

During the course of its representation of the Debtor Party, Applicant sought appointment as special counsel to bring an interpleader action regarding rights of counterparties to funds and interests in trust deeds whose transfers were interrupted by the bankruptcy filings; drafted and filed the interpleader complaint and the amended interpleader complaint; and communicated at length with the parties to the litigation and their counsel to facilitate their understanding of the interpleader and their roles in it, to work with the parties to obtain counsel and to respond to the pleadings filed by the Debtor Party, and to devise settlement language where appropriate and acceptable to all parties.

## II.
## NOTICE

1. A copy of the Application and the Notice of the Application will be served on the United States Trustee at or about the time the Application is filed. Guidelines § 1.1.

2. A copy of the Notice of the Application filed in connection with the Application identifying Applicant and the amounts requested, will be served on the debtor and all identified creditors and parties-in-interest. Fed.R.Bankr.P. 2002(a) and (c)(2).

## III.
## STATUTORY AUTHORITY FOR RELIEF SOUGHT

11 U.S.C. §§ 328, 330, 331 and 503 govern the award of compensation to officers and professionals.

11 U.S.C. § 328 provides:

**§ 328. Limitation on compensation of professional persons**

(a) The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

(b) If the court has authorized a trustee to serve as an attorney or accountant for the estate under section 327(d) of this title, the court may allow compensation for the trustee's services as such attorney or accountant only to the extent that the trustee performed services as

attorney or accountant for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate.

(c)    Except as provided in section 327(c), 327(e) or 1107(b) of this title, the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title if, at any time during such professional person's employment under section 327 or 1103 of this title, such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

11 U.S.C. § 330 provides:

### § 330. Compensation of officers

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 228, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 -

> (A)    reasonable compensation for actual, necessary services rendered to the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B)    reimbursement for actual, necessary expenses.

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3)(A)*    In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the

value of such services, taking into account all relevant factors, including –

    (A)    the time spent on such services;

    (B)    the rates charged for such services;

    (C)    whether the services were necessary to the administration of, or beneficial at the time at which the services was rendered toward the completion of, a case under this title;

    (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

    (E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*So in original

(4)  (A)  Except as provided in subparagraph (B), the court shall not allow compensation for -

    (i)    unnecessary duplication of services; or

    (ii)    services that were not -

        (I)    reasonably likely to benefit the debtor's estate; or

        (II)    necessary to the administration of the case.

. . . .

(5)    The court shall reduce the amount of compensation awarded under this section by the amount of any interim compensation awarded under section 331, and, if the amount of such

interim compensation exceeds the amount of compensation awarded under this section, may order the return of the excess to the estate.

(6) Any compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application.

11 U.S.C. § 331 provides:

### § 331. Interim compensation

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 503 provides in relevant part:

### § 503. Allowance of administrative expenses

(a) An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause.

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including –

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case;

(B)     any tax -

    (I)     incurred by the estate, except a tax of a kind specified in section 507(a)(8) of this title, or

    (ii)     attributable to an excessive allowance of a tentative carryback adjustment that the estate received, whether the taxable year to which such adjustment related ended before or after the commencement of the case; and

(C)     any fine, penalty, or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph;

(2) compensation and reimbursement awarded under section 330(a) of this title;

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by -

(A) a creditor that files a petition under section 303 of this title;

(B) a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor;

(C) a creditor in connection with the prosecution of a criminal offense relating to the case or to the business or property of the debtor;

(D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity

security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title;

(E)   a custodian superseded under section 543 of this title, and compensation for the services of such custodian; or

(F)   a member of a committee appointed under section 1102 of this title, if such expenses are incurred in the performance of the duties of such committee;

(4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant;

(5) reasonable compensation for services rendered by an indenture trustee in making a substantial contribution in a case under chapter 9 or 11 of this title, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title; and

(6) the fees and mileage payable under chapter 119 of title 28.

## IV.

## DATE, TERMS AND CONDITIONS OF EMPLOYMENT OF APPLICANT

1.   Applicant was retained as counsel for the Debtor Party under a general retainer by an Order of this Court entered on July 21, 2006.

2. The terms and conditions of the Applicant's employment were that Applicant was to render services to the Debtor Party in the filing of the interpleader complaint as deemed necessary on an hourly basis, with any award of compensation subject to the Bankruptcy Code, the Court, and any party-in-interest. In addition, the Applicant was subsequently tasked with representing the Debtor Party in litigation between the Debtor Party as Plaintiff and Wells Fargo Bank/James Feeney as Defendants seeking to recover monies paid to Mr. Feeney by Wells Fargo Bank post-Petition. Applicant's services and expenses in relation to this task were largely limited to drafting an opposition to Defendant Wells Fargo's Motion for Summary Judgment.

3. Notwithstanding such terms and conditions, the Court may allow compensation to Applicant on terms and conditions different than as described above, if the original terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of Applicant's employment. 11 U.S.C. § 328(a).

## V.

## AMOUNT OF COMPENSATION SOUGHT TO BE ALLOWED AND APPROVED

This Application seeks allowance and payment of compensation for attorneys' fees and legal assistant fees in the amount of $71,580.00 and reimbursement for expenses in the amount of $4,581.87. Thus, the total amount Applicant seeks to have the Court allow and seeks to be paid by the Debtor is $76,161.87.

## VI.

## SUMMARY OF SERVICES RENDERED, HOURLY RATES AND EXPENSES INCURRED

1. On April 13, 2006 the Debtors filed voluntary cases under Chapter 11 of the Bankruptcy Code.

2. The services rendered by Applicant are set forth in **Exhibit 1** which includes a detailed list of all time for which compensation is sought, including the date the services were rendered, the person performing the services, the nature of the services performed and the time spent on each service. Fed.R.Bankr.P. 2016(a).

3. The expenses that have been incurred to date by Applicant are itemized on Exhibit 1 and there are no unusual or costly expenses that have been incurred. For copies, Applicant has charged twenty-five cents per page. Applicant estimates that the rate it charges for copies will be the actual and necessary expenses incurred.

4. Applicant has charged its customary hourly rates for services rendered for which compensation is sought in this Application. Applicant's hourly rates are comparable to those charged by other professional persons with similar levels of expertise in the Las Vegas, Nevada area. The following table summarizes the hourly rates charged by Applicant and the number of hours billed by each professional for whom compensation is sought in this Application.

| ATTORNEY OR LEGAL ASSISTANT | HOURLY RATE | APPLICATION HOURS | TOTAL FEES |
|---|---|---|---|
| David W. Huston | $300.00 | 234.35 | $70,305.00 |
| Susan E. Waits | $ 75.00 | 17 | $ 1,275.00 |
| Total | | 251.35 | $71,580.00 |
| **Blended Rate** | | | $ 284.79 |

5. Applicant has not been employed on a contingency basis and Applicant is aware that the fees charged by Applicant are subject to allowance at the discretion of the Court.

6. From May 18, 2006 to October 31, 2006, Applicant has rendered services with respect to the following matters:

**Task 1.** Work related to understanding the factual and legal aspects of the overall case, the make up of the parties and the Committees representing disparate interests in the overall proceedings and insuring that Applicant fully complies with all conflicts laws to insure that Applicant is eligible to serve as conflicts counsel. Time was incurred in attending key two key hearings and participating in telephone calls and other communications and in meetings with the Committees and parties in interest.

**Task 2.** Work related to appointment as special counsel to draft and file the interpleader complaint regarding counterparty transactions that were interdicted by the

bankruptcy filings. Time was incurred in drafting and finalizing the application, order and declaration related to employment as special counsel and participating in telephone calls and other communications with the Committees and parties in interest.

**Task 3.** Work related to drafting and filing the interpleader complaint and the amended interpleader complaint and a motion for reimbursement by interpleader parties of client for attorneys' fees and costs.

**Task 4.** Work related to and involving communications with all of the various parties to the interpleader complaint and their counsel, and review of information regarding the application of Nevada law to the interpleader issues and the facts and circumstances surrounding each of the contested matters within the Interpleader.

**Task 5.** Work related to reviewing the factual and legal circumstances and drafting a response to the Motion for Summary Judgment filed by Wells Fargo Bank in response to the Debtor's Complaint.

**Task 6.** Work related to continuing contacts by interpleader parties following the hearing regarding the motion for reimbursement of fees and costs, to obtain a finalized order regarding the motion for reimbursement of fees and costs, and filing a second motion for reimbursement of additional fees and costs. Also, preliminarily to respond to motions for contempt filed by interpleader parties, and objections to second motion for fees and costs filed by third party and by client, and withdrawal of second motion, and withdrawal as USACMC's counsel.

## VII.
## EXPERTISE REQUIRED

Applicant is skilled in insolvency proceedings and has special knowledge which enables Applicant to perform services of benefit to the Debtor Party and to the creditors of the bankruptcy estate. Applicant currently has three attorneys who work primarily in the areas of bankruptcy, reorganization, and insolvency, one of which has thirty years experience, and one who has 15 years of experience in these areas. The member of the Firm, the Law Office of David W. Huston, is certified in business bankruptcy law by the American Board of

Certification.

Applicant has represented numerous committees, debtors, creditors, trustees and parties-in-interest in bankruptcy cases. Applicant is therefore particularly skilled, knowledgeable, and experienced in the representation of parties in bankruptcy cases and with the issues that may arise and are to be considered.

## VIII.

## PRIOR APPLICATIONS AND ORDERS FOR COMPENSATION

1. The Applicant has made no previous request for compensation.

## IX.

## AVAILABILITY OF FUNDS

Pursuant to the Order To Establish A Segregated Professional Account And Payment Of Chief Restructuring Officer In the Ordinary Course Of Business entered herein on July 15, 2006, requiring the segregation of funds to pay professionals there are sufficient funds available to pay the Applicant.

## X.

## PAYMENTS MADE OR PROMISED AND LACK OF
## AGREEMENT TO SHARE COMPENSATION

1. All services for which compensation is requested were performed for, or on behalf of, the Debtor Party.

2. No compensation received by Applicant will be shared and no agreement or understanding exists between Applicant and any other entity for the sharing of compensation to be received for services rendered in connection with this case. Fed.R.Bankr.P. 2016.

Wherefore, Applicant requests the Court to approve legal fees in the amount of $71,580.00 for the period May 18, 2006 to April 27, 2007, and reimbursement for costs incurred of $4,581.87, for a total requested of $76,161.87 and to authorize and direct the Debtor to pay the

…

…

…

fees and costs allowed the Law Office of David W. Huston, P.C.

DATED this 27th day of April, 2007.

By: /s/David W. Huston
**DAVID W. HUSTON, ESQ.**
The Law Office of David W. Huston, p.c.
Nevada Bar No. 00855
601 South Seventh Street, 2nd Floor
Las Vegas, Nevada  89101
Former Special Counsel for USA Commercial Mortgage Company

### CERTIFICATE OF SERVICE

I hereby certify that I am an employee of The Law Office of David W. Huston, p.c., and that on April 27, 2007, I did deposit in the United States Post Office at Las Vegas, Nevada, via first-class mail, in a sealed envelope with postage fully pre-paid thereon, a true and correct copy of the *Former Special Counsel for USA Commercial Mortgage Company David W. Huston's Final Application for Attorney Fees and for Reimbursement of Costs* to the following:

/s/ Susan E. McColl
SUSAN E. MC COLL, an employee of The Law Office of David W. Huston, p.c.

John Dutkin, Trustee
4635 Rose Drive
Emmaus, PA 18049

Beverly J. Stiles, Trust
P.O. Box 1507
Albany, OR  97321

Robert J. & Ruth A. Kehl
4963 Mesa Capella Drive
Las Vegas, Nevada 89148

Rocklin/Redding LLC
c/o Frank Snopko
278 Sussex Street
Carson City, Nevada  89702

| | | |
|---|---|---|
| 2 | Retirement Accounts Inc. Custodian For | |
| 3 | Judd Robbins IRA | Daniel & Laura Drubin |
| | 1340 Anderson Creek Rd. | 1363 West Stony Run Place |
| 4 | Talent, OR 97540 | Oro Valley, Arizona 85755 |

Grable P. Ronning
P.O. Box 7804
Incline Village, NV 89452

Gregory W. & Carrie M. Stimpson
2665 Firenze Dr.
Sparks, NV 89434

Castulo O. Martinez
2208 Hot Oak Ridge
Las Vegas, NV 89134

The Wild Water LP
c/o Grable Ronning
P.O. Box 9288
Incline Village, NV 89452

Crosbie B. Ronning
P.O. Box 7804
Incline Village, NV 89452

First Saving Bank C/F George J. Motto IRA
17212 Spates Hill Rd.
Poolesville, MD 20837

John Robert Mallin Jr. & Marie Theresa
Mallin, Trustee Mallin Family Trust Dated
7-12-99
9809 Pinnacle Pass Dr.
Las Vegas, NV 89117

Phillip N & Benita M. Ralston, Trustee
Ralston Family Trust Dated 5-16-00
28 Hassayampa Tr.
Henderson, NV 89052

James Feeney, Trustee E&M Hardware
Profit Sharing Plan
P.O. Box 19122
Reno, NV 89511

Janis N. Romo C/F Mario W. Romo
P.O. Box 50522
Henderson, NV 89016

Marietta S. Von Berg, Trustee
24622 Rimrock Cyn Rd.
Salinas, CA 93908

David W. Huston
Attorney at Law
A Professional Corporation

| | |
|---|---|
| Robert W. Ulm, Trustee Robert W. Ulm Living Trust Dated 4-11-05<br>414 Morning Glory<br>St. Marys, GA 31558 | Peter A. & Fabiola A. Bolino<br>17412 Serene Dr.<br>Morgan Hill, CA 95037 |
| Howard Connell and Lorene Connell<br>1001 Jennis Silver St.<br>Las Vegas, NV 89145 | Jean Jacques Berthelot Trustee of the Berthelot Living Trust dated 4-9-03<br>9328 Sienna Vista Dr.<br>Las Vegas, NV 89117 |
| First Trust Co of Onaga C/F Karen Moberly IRA<br>420 Warren Ter.<br>Hinsdale, IL 60521 | Betty Kolstrup<br>1830 Balboa Dr.<br>Reno, NV 89503 |
| William P Kenny and Nancy J. Costello<br>P.O. Box 4242<br>Truckee, CA 96160 | Gareth AR Craner Trustee of the Gareth A. R Craner Trust dated 6-1-02<br>P.O. Box 1284<br>Minden, NV 89423 |
| George W. Hubbard and Carol N Hubbard<br>6340 N. Calle Tregua Serena<br>Tucson, AZ 85750 | Donald Pinsker<br>8650 W. Verde Way<br>Las Vegas, NV 89149 |
| Jeff P Dillenburg and Karen A. Dillenburg and Paul D<br>05135 Forbes Drive<br>Geneva, IL 60134 | Paul Graf and Margaret A. Graf<br>2530 Great Highway<br>San Francisco, California 94116 |
| Bunny Vreeland<br>2334 Eagle Creek Lane<br>Oxnard, CA 93036 | Scott A. Kusich<br>2720 Preston Ct.<br>Mountain View, California 94040 |

David W. Huston
Attorney at Law
A Professional Corporation

17

| | | |
|---|---|---|
| 1 | Dina Ladd | Mary Ann Deal |
| 2 | 355 Mogul Mountain Dr. | 1813 N. California St. |
| 3 | Reno, NV 89523 | Burbank, CA 91505 |

5  
6  Monighetti, Inc  
   Pete Monighetti  
7  6515 Frankie Lane  
   Prunedale, CA 93907  
8  

John G. Schlichting and Elizabeth A. Schlichting  
10653 Edaemont Pl.  
Highland Ranch, CO 80129

10  Donald S. Tomlin and Dorothy R. Tomlin,  
    Trustee of the Donald S. Tomlin &  
11  Dorothy R. Tomlin Rev. Trust  
12  7145 Beverly Glen Avenue  
    Las Vegas, NV 89110  
13  

Mark L. Eames and Sandra K Eames  
7849 S. Valentia St.  
Centennial, CO 80112

15  Robert L. Ogren Trustee for the benefit of  
    the Robert L. Ogren Trust dated 6-30-92  
16  3768 Rick Stratton Drive  
17  Las Vegas, NV 89120  

Jasper Benincasa JR  
9359 Roping Cowboy Ave  
Las Vegas, NV 89178

19  Pat A. Dolce and Lora Dean Dolce  
20  4410 W. Jefferson Blvd.  
21  Los Angeles, CA 90016  

Drs Stanley Alexander and Florence Alexander  
812 Sweetwater Club Blvd.  
Longwood, FL 32779

22  Edwin Arnold  
23  20170 Redwood Dr.  
    Forest Hills, CA 95631  
24  

M.W. Gorts & Company  
7820 Emerald Harbor Court  
Las Vegas, Nevada 89128

25  M Craig Medoff Trustee of the Medoff  
    Family Trust dated 9-1-88  
26  3110 Larkwood Ct.  
27  Fallbrook, CA 92028  
28  

Eve H. Karasick, Esq.  
Christine Pajack, Esq.  
Stutman, Treiser & Glatt  
1901 Avenue of the Stars  
12th Floor  
Los Angeles, California 90067

David W. Huston
Attorney at Law
A Professional Corporation

| | |
|---|---|
| Ronald G. Gardner Trustee of the Ronald G. Gardner Trust<br>**430 Bavarian Drive**<br>**Carson City, Nevada  89705** | USA Capital First Trust Deed<br>Lenard Schwartzer, Esq.<br>Schwartzer & McPherson<br>2850 South Jones Blvd.<br>Suite 1<br>Las Vegas, Nevada  89146 |
| Annette W. Jarvis, Esq.<br>Ray Quinney & Nebeker<br>36 South State Street<br>Suite 1400<br>P.O. Box 45385<br>Salt Lake City, Utah  84145 | Victoria L. Nelson, Esq.<br>Santoro, Driggs, Walch et al.<br>400 South Fourth Street, Third Floor<br>Las Vegas, Nevada  89101 |
| Nancy Allf, Esq.<br>411 East Bonneville<br>Suite 100<br>Las Vegas, Nevada  89101 | Robert C. LePome, Esq.<br>330 South 3rd Street<br>Suite 1100B<br>Las Vegas, Nevada  89101 |
| George Lazar, Esq.<br>525 B Street<br>Suite 1500<br>San Diego, California  92101 | Joe J. Laxague, Esq.<br>Cane Clark LLP<br>3273 E. Warmsprings Road<br>Las Vegas, Nevada  89120 |
| Steve Sidhu, Esq.<br>3960 Howard Hughes Pkwy.<br>9th Floor<br>Las Vegas, Nevada 89109 | Jan Chubb, Esq.<br>100 West Liberty<br>12th Floor<br>Reno, NV 89501 |

Stephen R. Harris, Esq.
Belding, Harris & Petroni, Ltd.
417 West Plumb Lane
Reno, Nevada 89509

Brad Elley, Esq.
120 Country Club Drive
Suite 5
Incline Village, NV 89451

George D. Frame, Esq.
601 Greenway Road
Suite D
Henderson, Nevada 89015

C. Randall Bupp, Esq.
Bardellini, Straw & Cavin, LLP
2000 Crow Canyon Place, Ste. 330
San Ramon, CA 94583

August B. Landis
300 South Las Vegas Blvd.
Suite 4300
Las Vegas, Nevada 89101