Dean T. Kirby, Jr.   Calif. Bar No. 090114
Leonard J. Ackerman Calif. Bar No. 171073
KIRBY & McGUINN, A P.C.
600 B Street, Suite 1950
San Diego, California 92101-4515
Telephone: (619) 685-4000  Facsimile: (619) 685-4004
dkirby@kirbymac.com
lackerman@kirbymac.com

Michelle L. Abrams   Nev. Bar No. 5565
MICHELLE L. ABRAMS, LTD.
7201 West Lake Meade Blvd., Suite 210
Las Vegas, NV 89128
Telephone: (702) 233-5040 Facsimile (702) 233-2209
mabrams@mabramslaw.com

Attorneys for Creditor
Debt Acquisition Company of America V

# UNITED STATES BANKRUPTCY COURT

## District of Nevada

| | |
|---|---|
| In re<br><br>USA COMMERCIAL MORTGAGE COMPANY<br><br>                                 Debtor.<br><br>In re<br><br>USA CAPITAL REALTY ADVISORS, LLC<br><br>                                 Debtor.<br><br>In re<br><br>USA CAPITAL DIVERSIFIED TRUST FUND, LLC<br><br>                                 Debtor.<br><br>In re<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC<br><br>                                 Debtor.<br><br>In re<br><br>USA COMMERCIAL MORTGAGE COMPANY<br><br>                                 Debtor.<br><br>Affects:<br>    ☐ All Debtors<br>    ☒ USA Commercial Mortgage Company<br>    ☐ USA Capital Realty Advisors, LLC<br>    ☐ USA Capital Diversified Trust Fund, LLC<br>    ☐ USA Capital First Trust Deed Fund, LLC<br>    ☐ USA Securities, LLC | Case No. BK-S-06-10725 LBR<br><br>OBJECTION BY DEBT ACQUISITION COMPANY OF AMERICA TO FORM OF PROPOSED ORDER ON MOTION OF COMPASS FINANCIAL PARTNERS LLC FOR ORDER ENFORCING CONFIRMATION ORDER AND DETERMINING NO SURVIVING SECTION 3 RIGHT EXISTS WITH RESPECT TO THE FIESTA OAK VALLEY LOAN<br><br>[AFFECTS DEBTOR USA COMMERCIAL MORTGAGE COMPANY] |

Opposing party Debt Acquisition Company of America V, LLC (DACA) objects to the form of the proposed Order submitted by Compass Financial Partners, in one particular only. That portion of the proposed order submitted by Compass which sets for the ground rules for the exercise of the Surviving Section 3 Right is clear in setting a "record date" of thirty days after the filing of a future motion for Compass to defeat the exercise of the right by purchasing interests in the loan. However, the order is unclear as to *what exactly must happen* by the record date.

This issue was addressed at the hearing on the Motion. A transcript of the hearing was prepared and has been filed as Docket No. 314 (Filed in Adversary No. 06-01256). The pages of the transcript which are relevant to this precise point are attached to this Objection for the Court's convenience.

Counsel for DACA inquired at the hearing as to whether the Court would require that the loan purchases have *closed* by the record date, out of concern that few if any of the Direct Lenders had actually received their money out of the escrow established by Compass to buy up their interests. DACA believes that payment from escrow, which actually conveys the benefit to the Direct Lenders, should be the condition on which Compass's bid to retain loan servicing rights should depend.[1]

However, the Court's remarks at the hearing suggested that the Court might consider that delivery of an executed assignment into escrow would be enough to satisfy the Court that the purchases would be completed. Hence, counsel for DACA proposed a single change to the Order proposed by Compass. DACA's proposed Order adds the following additional language to the last paragraph on page 2 of Compass's order:

> IT IS FURTHER ORDERED that in the event a Direct Lender attempts to exercise a Surviving Section 3 Right, the record date for determining whether such Surviving Section 3 Right has been properly exercised shall be the thirtieth (30th) day following the date on which a Compass Motion is filed, *by which date Compass must have received in escrow executed assignments of loan interests sufficient to bring the percentage of designations below 51%.*

///

///

---

[1] None of the interests in the Fiesta Oak Valley loan acquired by DACA at a discount are being repurchased by Compass in connection with its Motion. See, Declaration of Pam Robinson filed on behalf of Compass as Docket No. 3719.

In re USA Commercial Mortgage Company, et al.  
Objection to Proposed Order on Motion of Compass re Fiesta Oak Valley

Bankruptcy Case No. BK-S-06-10729 LBR  
Page No. 1

During the three days allowed by local rules to respond to the Order, counsel for DACA proposed this change, which was rejected by counsel for Compass. This necessitated the filing of this Objection.

DATE: May 18, 2007

KIRBY & McGUINN, A P.C.

By: /s/
Dean T. Kirby, Jr. Attorneys for
Debt Acquisition Company of America V

In re USA Commercial Mortgage Company, et al.  
Objection to Proposed Order on Motion of Compass re Fiesta Oak Valley  
Bankruptcy Case No. BK-S-06-10729 LBR  
Page No. 2

```
 1  hearing.  The hearing will be sometime after the 30 days, but
 2  that would be the record date, if you will, and that solves
 3  that issue.
 4       I make no comments.  That may be a very legitimate concern
 5  about whether or not they're not licensed.  My point is that's
 6  not before me today.  If it's a valid concern, file your
 7  motion.
 8       That is if it's -- you know, I don't know what the effect
 9  is.  I don't know what the Nevada licensing requirements are.
10  I don't know.  I have heard at one of these hearings that the
11  servicers intend to use a non-Nevada servicing agency.
12       I know the U.S. Supreme Court has certainly restricted
13  state regulatory actions as it relates to certain institutions.
14  Whether or not this would apply to these institutions, I don't
15  know.  Those are all issues that are brand-new, so that's the
16  issue.
17       It seems to me that they have conceded that, yes, there
18  was a default such that if Mr. Kirby's clients did have 51
19  percent as of today, then the contract can be changed.  If --
20            MR. KIRBY:  Well, only one point of clarification,
21  please?
22            THE COURT:  And I'll let you go investigate that.
23            MR. KIRBY:  I understand.  Does that mean that
24  they've closed and have obtained the assignments --
25            THE COURT:  Yes.
```

1      MR. KIRBY: -- to take --
2      THE COURT: I think it means --
3      MR. KIRBY: -- us under --
4      THE COURT: And then maybe you can argue what the
5  contract means, but my understanding right now would be they
6  have to have the assignment. If they have an argument that,
7  well, the contract says they've got to turn it over, that may
8  be an issue, but that's something you probably should look at
9  and brief together first.
10     MR. KIRBY: Thank you, your Honor.
11     THE COURT: So that's my initial reaction.
12     MR. KIRBY: Thank you.
13     MR. DAVIS: But there's --
14     THE COURT: My initial --
15     MR. DAVIS: -- no ruling --
16     THE COURT: -- reaction --
17     MR. DAVIS: No ruling today --
18     THE COURT: -- is it --
19     MR. DAVIS: -- as to that.
20     THE COURT: -- actually have the assignments. I'm
21 willing to listen to their arguments based upon the contract
22 and what they have, but that's something that, you know, is
23 legal issues that you reserve the right --
24     (Colloquy not on the record.)
25     THE COURT: -- you deserve the right to respond to.

1  MR. KIRBY: Thank you, your Honor.
2  THE COURT: Okay. Thank you.
3  MR. KIRBY: All right.
4  MR. DAVIS: Thank you, your Honor.
5  (Thereupon, the portion requested to be transcribed
6  was concluded at 10:42:30 a.m.)