George A. Davis
CADWALADER, WICKERSHAM & TAFT
One World Financial Center
New York, NY 10281
Telephone No.: (212)504-6000
Facsimile No.: (212) 504-6666

Peter C. Bernhard (Nevada Bar No. 0734)
Georganne W. Bradley (Nevada Bar No. 1105)
BULLIVANT HOUSER BAILEY PC
3980 Howard Hughes Pkwy., Ste. 550
Las Vegas, NV 89169
Telephone No.: (702) 650-6565
Facsimile No.: (702) 650-2995
E-Mail: peter.bernhard@bullivant.com
georganne.bradley@bullivant.com
**Counsel for Compass Financial Partners LLC**

**E-FILED on May 23, 2007**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor.<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor.<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor.<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor.<br>In re:<br>USA SECURITIES, LLC,<br>Debtor.<br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>**COMPASS FINANCIAL PARTNERS' RESPONSE TO DEBT ACQUISITION COMPANY OF AMERICA'S OBJECTION TO PROPOSED ORDER ON MOTION TO ENFORCE CONFIRMATION ORDER AND DETERMINING NO SURVIVING SECTION 3 RIGHT EXISTS WITH RESPECT TO THE FIESTA OAK VALLEY LOAN**<br><br>Date: May 11, 2007<br>Time: 9:30 a.m. |

\\\\\

\\\\\

– 1 –

Compass Financial Partners, LLC ("Compass"), by and through its attorneys of record, hereby submits this response to the objection filed by Debt Acquisition Company of America ("DACA") to the form of the proposed "Order Granting Compass Financial Partners' Motion for Order Enforcing Confirmation Order and Determining No Surviving Section 3 Right Exists With Respect to the Fiesta Oak Valley Loan" (the "Order"). This response is submitted pursuant to Local Rule 9021(b)(2)(B) of the Local Rules of Bankruptcy Procedure for the Bankruptcy Court in the District of Nevada (the "Local Rules"). A copy of the Order is attached hereto as Exhibit "A" and a copy of a transcript from the ruling portion of the hearing on the Order is attached hereto as Exhibit "B" for the Court's convenience and ease of reference.

The Order submitted by Compass accurately reflects the Court's ruling on Compass' Motion for Order Enforcing Confirmation Order and Determining No Surviving Section 3 Right Exists With Respect to the Fiesta Oak Valley Loan (the "Motion"). DACA's objection is limited to one point: It wants to add a provision to the Order which states that by the "record date" established by this Court at the hearing (*i.e.*, the 30th day following the day Compass files a motion challenging an attempted exercise of a Surviving Section 3 Right) (hereinafter, the "Record Date"), "Compass must have received in escrow executed assignments of loan interests sufficient to bring the percentage of designations below 51%."

This Court addressed the issue of whether the buyer of a Direct Lender's interest in a loan would only be considered on the Record Date if executed assignments had been obtained, but the Court did not rule on the issue. Specifically, the Court stated that it's initial reaction was that assignments should be obtained by the Record Date, but that Compass could argue that the Loan Servicing Agreement obligates a Direct Lender to turn over an assignment when Compass exercises its rights under Section 2(c)(3) of the contract, and that this Court would listen to that argument.

> THE COURT: And then maybe you can argue what the contract means, but my understanding right now would be they have to have the assignment. If they have an argument that, well, the contract says they've got to turn it over, that may be an issue, but that's something you probably should look at and brief together first.

. . .

THE COURT: ...actually have the assignments. I'm willing to listen to their arguments based upon the contract and what they have, but that's something that, you know, is legal issues that you reserve the right ... you deserve the right to respond to.

See page 49 of Transcript, lines 4-9 and lines 20-24, attached hereto.

In addition, the Record Date applies not only to Compass, but to <u>any</u> person or entity who acquires fractionalized interests in loans from Direct Lenders. DACA's proposed form of Order, as written, would bind only Compass, and not DACA or any other person or entity who buys a lender's interest in a loan.

For the foregoing reasons, DACA's objection should be overruled, and the Court should sign the Order lodged by Compass on May 21, 2007.

Dated this 23rd day of May, 2007.

CADWALADER, WICKERSHAM & TAFT
-and-
BULLIVANT HOUSER BAILEY, PC

By: *Georganne W. Bradley*
Georganne W. Bradley, Esq.
3980 Howard Hughes Pkwy., Ste. 550
Las Vegas, Nevada 89169
*Attorneys for Compass Financial Partners, LLC*

- 3 -