Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

E-FILED ON MAY 24, 2007

Attorneys for Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                        Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                        Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                        Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                        Debtor. | **REPLY IN SUPPORT OF THE OBJECTION OF USA COMMERCIAL MORTGAGE COMPANY TO THE ADMINISTRATIVE EXPENSE CLAIM OF SIERRA LIQUIDITY FUND, LLC** |
| In re:<br>USA SECURITIES, LLC,<br>                                                        Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | **(Affects USA Commercial Mortgage Company)**<br><br>Hearing Date: May 31, 2007<br>Hearing Time: 9:30 a.m. |

USA Commercial Mortgage Company ("USACM"), by and through its counsel, hereby files its Reply in Support of its Objection to the Administrative Expense Claim of Sierra Liquidity Fund, LLC ("Reply") and moves this Court, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order granting the relief sought by this Objection. For the reasons discussed below and in the Objection, Sierra's response filed on May 18, 2007 (the "Response"), is not well-founded and USACM requests that Sierra's Claim be disallowed in its entirety.

## ARGUMENT

### A. The Plan Clearly States that Direct Lenders Released their Claims Against USACM

The Plan clearly and explicitly states in Article VIII, Section A(4) (page 76) that Direct Lenders agreed to a compromise in which they released, with a few exceptions not applicable here, all claims against USACM. This release and compromise was not "buried" in the Plan as Sierra asserts, and any such allegation is disingenuous particularly considering that Sierra is a sophisticated party that knowingly evaluated and purchased Direct Lender interests (likely at a significant discount) and that has been represented by counsel at all times in this case. Furthermore, the Confirmation Order that this Court entered specifically referred to this provision of the Plan stating that "[a]s set forth in Article VIII, Section A. of the Plan, the limitation of liability and release provisions shall be effective and binding upon all applicable Persons and entities to the fullest extent provided in the Plan." Sierra, as were all creditors, was obligated to read all of the Plan and is bound by its provisions. The Plan is clear that claims such as Sierra's have been released and extinguished and Sierra has no grounds for complaint.

### 2. Any Issues Sierra May Have with the Plan or Confirmation Order Have Long Since Been Released

On page 9 of its Response, Sierra obliquely asserts that Class A-5 may not have "even voted on the same plan that was ultimately confirmed." In addition to the fact that such an unsupported statement is patently untrue, any issues relating to confirmation of the Plan have long since been released by Sierra. If Sierra had a problem with the Plan or the Confirmation Order

that was entered it was required to appeal the Confirmation Order or at the very least object to the form of the same. It did neither and, therefore, has no basis to complain about any perceived issues.

### 3. USACM Does Not Speak for Compass and Cannot be Held Hostage By Sierra Because of its Perceived Issues with How Compass May Service the Loans

Much of the Claim appears to be dependant on what Compass, as the asset purchaser, may or may not do in the future. USACM does not speak for Compass and cannot be held hostage by Sierra for any actions that Compass may or may not do at some future time. In paragraph II.C (on page 7 of its Response), Sierra acknowledges that it purchased its interest in loans with knowledge that the loans were non-performing and that the servicing rights were to be transferred under a plan of reorganization. It appears to be seeking administrative priority damages from the bankruptcy estate for the effect of Compass' interpretation of rights under the loan servicing agreements. Compass' future actions cannot be the basis for an administrative claim against USACM.

### 4. Sierra has Presented Nothing to Show that USACM did not Appropriately Exercise its Business Judgment

Sierra has presented nothing of substance to show that USACM did not act appropriately in exercising its business judgment in pursuing negotiations rather than foreclosure on certain properties. Sierra illogically asserts that USACM did not act in good faith because the automatic stay was in effect, the Court ruled the Loan Servicing Agreements were not executory contracts, USACM should have foreclosed on the properties, and USACM has breached its fiduciary duty to Sierra. These allegations are simply without merit. The fact that the Bankruptcy Code provides for an automatic stay or that the Court has made certain rulings during this case cannot be said to demonstrate any sort of "bad faith" on the part of USACM, and it is patently absurd for Sierra to make such an allegation. Furthermore, and as explained in the Objection, USACM had valid business reasons for pursuing negotiations on loans. Finally, and as explained in the Objection, USACM simply does not owe a fiduciary duty to Sierra. At most, it has a contractual duty to Sierra on account of the Loan Servicing Agreements. USACM appropriately exercised its

business judgment and Sierra's assertions to the contrary have no merit.

### 5. Sierra Admits it has No Evidence to Support its Repeated Claims that it has Suffered any Damages.

Sierra admits that it has no admissible evidence to support its repeated assertions that it has suffered huge damages on the loans in which it has purchased interests.  USACM refers the Court to its Objection for further discussion on this issue.

### CONCLUSION

For the reasons discussed above and in its Objection, USACM objects to the administrative expense claim filed by Sierra and requests that the Court disallow this claim in its entirety. USACM also requests such other and further relief as is just and proper.

Dated:  May 24, 2007

/s/ Lenard E. Schwartzer
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
*Attorneys for Debtors*