E-Filed on 05/25/07

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Susan M. Freeman, AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor.<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor.<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor.<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor.<br>In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR<br><br>JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |
| USACM LIQUIDATING TRUST,<br><br>        Plaintiff,<br><br>v.<br><br>SALVATORE J. REALE, INDIVIDUALLY and as TRUSTEE OF THE SALVATORE J. REALE REVOCABLE TRUST,<br><br>        Defendant. | **Adversary No. 06-01251**<br><br>**SECOND AMENDED COMPLAINT UNDER 11 U.S.C. §§ 544, 547 548, AND 550 AND NRS 112.180 AND 112.220**<br><br>Hearing Date: n/a<br>Hearing Time: n/a |

Plaintiff, USACM Liquidating Trust (the "Trust"), hereby complains as follows:

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 544, 547 548, and 550, and Nevada Revised Statute ("NRS") 112.180.

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (H), and (O).

3. This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001.

4. This Court has venue over this proceeding pursuant to 28 U.S.C. § 1409(a).

## GENERAL ALLEGATIONS

5. During the period of January 31, 2003, through March 2006, USA Commercial Mortgage Company ("USACM" or the "Debtor") made numerous transfers from the collection trust account to Salvatore J. Reale and/or Salvatore Reale, as Trustee of the Salvatore J. Reale Revocable Trust ("Reale"), as set forth below:

| **Transfer** | **Date** | **Amount of Transfer** |
|---|---|---|
| 1 | 1/31/2003 | $107,575 |
| 2 | 3/03/2003 | $97,261 |
| 3 | 3/31/2003 | $107,682 |
| 4 | 4/30/2003 | $104,208 |
| 5 | 5/30/2003 | $108,995 |
| 6 | 6/30/2003 | $105,479 |
| 7 | 7/30/2003 | $110,308 |
| 8 | 8/29/2003 | $112,278 |
| 9 | 9/29/2003 | $129,900 |
| 10 | 10/30/2003 | $141,825 |
| 11 | 11/26/2003 | $139,220 |
| 12 | 12/30/2003 | $143,795 |
| 13 | 1/30/2004 | $145,680 |
| 14 | 1/30/2004 | $ 2,626 |
| 15 | 2/27/2004 | $138,817 |
| 16 | 3/31/2004 | $148,391 |
| 17 | 4/29/2004 | $345,426 |

| 18 | 5/28/2004 | $148,391 |
|---|---|---|
| 19 | 6/30/2004 | $145,510 |
| 20 | 7/29/2004 | $152,331 |
| 21 | 8/30/2004 | $153,644 |
| 22 | 9/30/2004 | $152,373 |
| 23 | 10/29/2004 | $161,788 |
| 24 | 11/30/2004 | $156,927 |
| 25 | 12/30/2004 | $161,523 |
| 26 | 1/31/2005 | $162,074 |
| 27 | 3/01/2005 | $149,153 |
| 28 | 4/06/2005 | $168,089 |
| 29 | 4/25/2005 | $163,376 |
| 30 | 5/31/2005 | $169,402 |
| 31 | 6/30/2005 | $166,797 |
| 32 | 7/28/2005 | $174,655 |
| 33 | 8/31/2005 | $176,953 |
| 34 | 9/29/2005 | $173,469 |
| 35 | 10/28/2005 | $180,119 |
| 36 | 11/30/2005 | $172,833 |
| 37 | 12/29/2005 | $178,594 |
| 38 | 1/31/2006 | $181,221 |
| 39 | 2/28/2006 | $163,683 |
| 40 | 3/30/2006 | $149,026 |

(each individually referred to as Transfer 1 through Transfer 40).

6. On March 8, 2006, USACM transferred the sum of Six Million Dollars ($6,000,000.00) to the bank account of USA Investment Partners LLC ("Investment Partners").

7. The transfer of the $6,000,000.00 to the Investment Partners' bank account caused the Investment Partners' bank account to increase from $39,944.12 to $6,039,944.12.

8. On March 13, 2006, USACM transferred the sum of Two Million Eight Hundred Thousand Dollars ($2,800,000.00) to the bank account of Investment Partners.

9. After the deposit of the $2,800,000.00 into the bank account for Investment Partners on March 13, 2006, the Investment Partners' bank account was in the amount of $6,475,151.45.

10. On March 13, 2006, Investment Partners transferred the sum of Four Million Dollars ($4,000,000.00) ("Transfer 41") from its bank account to Reale.

11. Upon information and belief, Transfer 1 through Transfer 41 (collectively, the "Transfers") were not made for payment of an obligation owed by USACM.

12. Upon information and belief, the Transfers were made for payment on a promissory note executed solely by Joseph D. Milanowski ("Milanowski") and Tom Hantges ("Hantges") in favor of Reale or Salvatore Reale, Trustee of the Salvatore J. Reale Revocable Trust (the "Reale Note").

13. Investment Partners is a limited liability company that was owned and controlled by Milanowski and Hantges (or family trusts controlled by them) at all relevant times herein.

14. Upon information and belief, at all relevant times herein, USACM has been a creditor of Investment Partners.

15. Upon information and belief, USACM was not financially obligated to Reale under the Reale Note as a matter of law.

16. USACM filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 13, 2006 (the "Petition Date").

## FIRST CAUSE OF ACTION

### (11 U.S.C. § 548(a)(1)(A))

17. The Trust repeats and re-avers allegations 1 through 16 as if fully set forth herein.

18. The Transfers were of an interest of the Debtor in property.

19. Transfers 17 through 41 were made within two years of the Petition Date.

20. Transfers 17 through 41 were made with the intent to hinder, delay, or defraud entities to which the Debtor was or became indebted to on or after the date these transfers were made.

21. Pursuant to 11 U.S.C. § 548(a)(1)(A), the Trust asks this Court to avoid Transfers 17 through 41.

## SECOND CAUSE OF ACTION

### (11 U.S.C. § 548(a)(1)(B))

22. The Trust repeats and re-avers allegations 1 through 21 as if fully set forth herein.

23. Transfers 17 through 41 were of an interest of the Debtor in property.

24. Transfers 17 through 41 were made within two years of the Petition Date.

25. The Debtor received less than a reasonably equivalent value in exchange for Transfers 17 through 41 because these transfers were made to satisfy obligations not owed by the Debtor.

26. The Debtor was insolvent on the date Transfers 17 through 41 were made or became insolvent as a result of these transfers.

27. As a result of Transfers 17 through 41, the Debtor was engaged in business or a transaction or was about to engage in business or a transaction for which any property remaining with the Debtor was unreasonably small capital.

28. As a result of Transfers 17 through 41, the Debtor intended to incur or believed that it would incur debts that would be beyond its ability to pay as such debts matured.

29. Pursuant to 11 U.S.C. § 548(a)(1)(B), the Trust asks this Court to avoid Transfers 17 through 41.

## THIRD CAUSE OF ACTION

## (11 U.S.C. § 544 and NRS 112.180(1)(a))

30. The Trust repeats and re-avers allegations 1 through 29 as if fully set forth herein.

31. The Transfers were of an interest of the Debtor in property.

32. The Transfers were made within four years of the Petition Date.

33. The Debtor made the Transfers with the actual intent to hinder, delay, or defraud creditors of the Debtor.

34. Accordingly, the Transfers (a) are fraudulent under NRS 112.180(1)(a); and (b) may be recovered under NRS 112.220.

35. Pursuant to 11 U.S.C. § 544(b), the Trust asks the Court to avoid the Transfers under applicable state law.

## FOURTH CAUSE OF ACTION

### (11 U.S.C. § 544 and NRS 112.180(1)(b))

36. The Trust repeats and re-avers allegations 1 through 35 as if fully set forth herein.

37. The Transfers were of an interest of the Debtor in property.

38. The Transfers were made within four years of the Petition Date.

39. The Debtor received less than a reasonably equivalent value in exchange for the Transfers because the Transfers were made to satisfy obligations not owed by the Debtor.

40. The Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or the transaction.

41. The Debtor was engaged in business or a transaction or was about to engage in business or a transaction for which any property remaining with the Debtor was unreasonably small capital.

42. The Debtor intended to incur or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

43. Accordingly, the Transfers (a) are fraudulent under NRS 112.180(1)(b); and (b) may be recovered under NRS 112.220.

44. Pursuant to 11 U.S.C. § 544(b), the Trust asks the Court to avoid the Transfers under applicable state law.

## FIFTH CAUSE OF ACTION

## (11 U.S.C. § 547(b))

45. The Trust repeats and re-avers allegations 1 through 44 as if fully set forth herein.

46. Pleading further, or in the alternative, if the Court determines as a matter of law that USACM received reasonably equivalent value in exchange for the Transfers, the Trust seeks to recover Transfers 39, 40 and 41 under 11 U.S.C. §547(b).

47. Transfers 39, 40 and 41 were made to or for the benefit of Reale, a creditor of the Debtor.

48. Transfers 39, 40 and 41 were made for or on account of antecedent debt owed by the Debtor.

49. The Debtor was insolvent at the time Transfers 39, 40 and 41 were made.

50. Transfers 39, 40 and 41 were made on or within 90 days before the Petition Date.

51. Transfers 39, 40 and 41 enabled Reale to receive more than he would have received if (a) the case were a case under Chapter 7 of the Bankruptcy Code; (b) such transfers had not been made; and (c) Defendant had received payment on such debt to the extent provided by the provisions of the Bankruptcy Code.

## SIXTH CAUSE OF ACTION

**(11 U.S.C. §§ 544, 547, 548, and 550(a) and NRS 112.220)**

52. The Trust repeats and re-avers allegations 1 through 51 as if fully set forth herein.

53. The Transfers are avoidable under 11 U.S.C. §§ 544 (NRS 112.180(1)(a) and NRS 112.180(1)(b)), 547 and 548.

41. Reale was the person for whose benefit all of the Transfers were made, was the initial transferee with respect to the Transfers, and/or was the immediate or subsequent transferee with respect to the Transfers.

42. Pursuant to 11 U.S.C. § 550 and NRS 112.220, the Trust may recover the value of the Transfers from Reale.

WHEREFORE, the Trust respectfully requests that the Court enter judgment against Reale as follows:

(a) Avoiding Transfers 1 through 41;

(b) Directing Reale to pay the Trust cash in the amount of the sum of all the Transfers;

(c) Directing Reale to pay the Trust pre- and post-judgment interest at the maximum rate allowable by law and/or equity;

(d) Directing Reale to pay to the Trust costs of court; and

(e) Awarding the Trust such other relief that this Court deems just and proper.

Respectfully submitted this 25th day of May 2007.

| DIAMOND MCCARTHY LLP | LEWIS AND ROCA LLP |
|---|---|
| By: */s/ Erin E. Jones* <br> Allan B. Diamond, TX 05801800 (pro hac vice) <br> William T. Reid, IV, TX 00788817 (pro hac vice) <br> Eric D. Madden, TX 24013079 (pro hac vice) <br> Erin E. Jones, TX 24032478 (pro hac vice) <br> 909 Fannin, Suite 1500 <br> Houston, Texas 77010 <br> (713) 333-5100 (telephone) <br> (713) 333-5199 (facsimile) <br><br> *Special Litigation Counsel for USACM Liquidating Trust* | By: */s/ Rob Charles* <br> Susan M. Freeman, AZ 4199 (pro hac vice) <br> Rob Charles, NV 6593 <br> 3993 Howard Hughes Parkway, Suite 600 <br> Las Vegas, Nevada 89169-5996 <br> (702) 949-8320 (telephone) <br> (702) 949-8321 (facsimile) <br><br> *Counsel for USACM Liquidating Trust* |