# EXHIBIT A

# EXHIBIT A

1    ALAN R. SMITH, ESQ.
Nevada Bar No. 1449
2    KEVIN A. DARBY, ESQ.
Nevada Bar No. 7670
3    Law Offices of Alan R. Smith
505 Ridge Street
4    Reno, Nevada 89501
Telephone (775) 786-4579
5    Facsimile (775) 786-3066
**E-mail: mail@asmithlaw.com**

6

7    Attorneys for Plaintiffs

8             UNITED STATES DISTRICT COURT

9                DISTRICT OF NEVADA

10                  —ooOoo—

11    3685 SAN FERNANDO LENDERS,      Case No.
LLC, a Nevada limited liability company,
12    5055 COLLWOOD LENDERS, LLC, a
Nevada limited liability company, 6425
13    GESS LENDERS, LLC, a Nevada limited      **COMPLAINT FOR DECLARATORY**
liability company, 60th STREET      **RELIEF AND DAMAGES**
14    VENTURES LENDERS, LLC, a Nevada
limited liability company, AMESBURY
15    HATTERS PT LENDERS, LLC, a Nevada
limited liability company, ANCHOR B
16    LENDERS, LLC, a Nevada limited
liability company, BAR-USA LENDERS,
17    LLC, a Nevada limited liability company,
BAY POMPANO LENDERS, LLC, a
18    Nevada limited liability company,
BINFORD LENDERS, LLC, a Nevada
19    limited liability company, BROOKMERE
LENDERS, LLC, a Nevada limited
20    liability company, BUNDY CANYON 2.5
LENDERS, LLC, a Nevada limited
21    liability company, BUNDY CANYON 5.0
LENDERS, LLC, a Nevada limited
22    liability company, BUNDY CANYON
5.725 LENDERS, LLC, a Nevada limited
23    liability company, BUNDY CANYON 7.5
LENDERS, LLC, a Nevada limited
24    liability company, CABERNET
LENDERS, LLC, a Nevada limited
25    liability company, CASTAIC II
LENDERS, LLC, a Nevada limited
26    liability company, CASTAIC III
LENDERS, LLC, a Nevada limited
27    liability company, CHARLEVOIX
LENDERS, LLC, a Nevada limited

28

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd

1   liability company, CLEAR CREEK PLANTATION LENDERS, LLC, a

2   Nevada limited liability company, COM VEST LENDERS, LLC, a Nevada limited

3   liability company, COPPER SAGE II LENDERS, LLC, a Nevada limited

4   liability company, CORNMAN TOLTEC LENDERS, LLC, a Nevada limited

5   liability company, DE VALLE LIVINGSTON LENDERS, LLC, a

6   Nevada limited liability company, EAGLE MEADOWS LENDERS, LLC, a Nevada

7   limited liability company, FIESTA MURIETTA LENDERS, LLC, a Nevada

8   limited liability company, FIESTA USA STONERIDGE LENDERS, LLC, a

9   Nevada limited liability company, FOXHILLS 216 LENDERS, LLC, a

10   Nevada limited liability company, GRAMERCY COURT LENDERS, LLC,

11   a Nevada limited liability company, HARBOR GEORGETOWN LENDERS,

12   LLC, a Nevada limited liability company, HESPERIA LENDERS, LLC, a Nevada

13   limited liability company, HFA CLEARLAKE I LENDERS, LLC, a

14   Nevada limited liability company, HFA CLEARLAKE II LENDERS, LLC, a

15   Nevada limited liability company, HUNTSVILLE LENDERS, LLC, a

16   Nevada limited liability company, LA HACIENDA LENDERS, LLC, a

17   Nevada limited liability company, LAKE HELEN PARTNERS LENDERS, LLC, a

18   Nevada limited liability company, LERIN HILLS LENDERS, LLC, a Nevada limited

19   liability company, MARGARITA ANNEX LENDERS, LLC, a Nevada limited

20   liability company, MARLTON SQUARE I LENDERS, LLC, a Nevada limited

21   liability company, MARLTON SQUARE II LENDERS, LLC, a Nevada limited

22   liability company, MOUNTAIN HOUSE-PEGS LENDERS, LLC, a Nevada limited

23   liability company, OAK SHORES II, LENDERS, LLC, a Nevada limited

24   liability company, OCEAN ATLANTIC 2.75 LENDERS, LLC, a Nevada limited

25   liability company, OCEAN ATLANTIC 9.425 LENDERS, LLC, a Nevada limited

26   liability company,

27

28

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd - 2 -

1    PALM HARBOR I LENDERS, LLC, a
      Nevada limited liability company,
2    SHAMROCK TOWER LENDERS, LLC,
      a Nevada limited liability company, SO
3    CAL LAND LENDERS, LLC, a Nevada
      limited liability company, SVRB 2.325
4    LENDERS, LLC, a Nevada limited
      liability company, SVRB 4.5 LENDERS,
5    LLC, a Nevada limited liability company,
      TAPIA RANCH LENDERS, LLC, a
6    Nevada limited liability company, TEN-
      NINETY 4.15 LENDERS, LLC, a Nevada
7    limited liability company, THE
      GARDENS 2.425 LENDERS, LLC, a
8    Nevada limited liability company, THE
      GARDENS LLC TSHR LENDERS, LLC,
9    a Nevada limited liability company,

10                    Plaintiffs,

11   v.

12   COMPASS USA SPE, LLC, a Delaware
      limited liability company, COMPASS
13   PARTNERS, LLC, a Delaware limited
      liability company, DAVID BLATT, an
14   individual, and BORIS PISKUN, an
      individual, SILAR ADVISORS, LP, a
15   Delaware limited partnership, SILAR
      SPECIAL OPPORTUNITIES FUND, LP,
16   a Delaware limited partnership,

17                    Defendants.

18   _____

19           Plaintiffs, 3685 SAN FERNANDO LENDERS, LLC, a Nevada limited liability

20   company, 5055 COLLWOOD LENDERS, LLC, a Nevada limited liability company, 6425

21   GESS LENDERS, LLC, a Nevada limited liability company, 60th STREET VENTURES

22   LENDERS, LLC, a Nevada limited liability company, AMESBURY HATTERS PT

23   LENDERS, LLC, a Nevada limited liability company, ANCHOR B LENDERS, LLC, a

24   Nevada limited liability company, BAR-USA LENDERS, LLC, a Nevada limited liability

25   company, BAY POMPANO LENDERS, LLC, a Nevada limited liability company,

26   BINFORD LENDERS, LLC, a Nevada limited liability company,    BROOKMERE

27   LENDERS, LLC, a Nevada limited liability company, BUNDY CANYON 2.5 LENDERS,

28   LLC, a Nevada limited liability company, BUNDY CANYON 5.0 LENDERS, LLC, a

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd - 3 -

1  Nevada limited liability company, BUNDY CANYON 5.725 LENDERS, LLC, a Nevada

2  limited liability company, BUNDY CANYON 7.5 LENDERS, LLC, a Nevada limited

3  liability company, CABERNET LENDERS, LLC, a Nevada limited liability company,

4  CASTAIC II LENDERS, LLC, a Nevada limited liability company, CASTAIC III

5  LENDERS, LLC, a Nevada limited liability company, CHARLEVOIX LENDERS, LLC, a

6  Nevada limited liability company, CLEAR CREEK PLANTATION LENDERS, LLC, a

7  Nevada limited liability company, COM VEST LENDERS, LLC, a Nevada limited liability

8  company, COPPER SAGE II LENDERS, LLC, a Nevada limited liability company,

9  CORNMAN TOLTEC LENDERS, LLC, a Nevada limited liability company, DEVALLE

10  LIVINGSTON LENDERS, LLC, a Nevada limited liability company, EAGLE MEADOWS

11  LENDERS, LLC, a Nevada limited liability company, FIESTA MURIETTA LENDERS,

12  LLC, a Nevada limited liability company, FIESTA USA STONERIDGE LENDERS, LLC,

13  a Nevada limited liability company, FOXHILLS 216 LENDERS, LLC, a Nevada limited

14  liability company, GRAMERCY COURT LENDERS, LLC, a Nevada limited liability

15  company, HARBOR GEORGETOWN LENDERS, LLC, a Nevada limited liability company,

16  HESPERIA LENDERS, LLC, a Nevada limited liability company, HFA CLEARLAKE I

17  LENDERS, LLC, a Nevada limited liability company, HFA CLEARLAKE II LENDERS,

18  LLC, a Nevada limited liability company, HUNTSVILLE LENDERS, LLC, a Nevada

19  limited liability company, LA HACIDENDA LENDERS, LLC, a Nevada limited liability

20  company, LAKE HELEN PARTNERS LENDERS, LLC, a Nevada limited liability

21  company, LERIN HILLS LENDERS, LLC, a Nevada limited liability company,

22  MARGARITA ANNEX LENDERS, LLC, a Nevada limited liability company, MARLTON

23  SQUARE I LENDERS, LLC, a Nevada limited liability company, MARLTON SQUARE

24  II LENDERS, LLC, a Nevada limited liability company, MOUNTAIN HOUSE-PEGS

25  LENDERS, LLC, a Nevada limited liability company, OAK SHORES II, LENDERS, LLC,

26  a Nevada limited liability company, OCEAN ATLANTIC 2.75 LENDERS, LLC, a Nevada

27  limited liability company, OCEAN ATLANTIC 9.425 LENDERS, LLC, a Nevada limited

28  liability company, PALM HARBOR I LENDERS, LLC, a Nevada limited liability company,

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd - 4 -

1  SHAMROCK TOWER LENDERS, LLC, a Nevada limited liability company, SO CAL

2  LAND LENDERS, LLC, a Nevada limited liability company, SVRB 2.325 LENDERS, LLC,

3  a Nevada limited liability company, SVRB 4.5 LENDERS, LLC, a Nevada limited liability

4  company, TAPIA RANCH LENDERS, LLC, a Nevada limited liability company, TEN-

5  NINETY 4.15 LENDERS, LLC, a Nevada limited liability company, THE GARDENS 2.425

6  LENDERS, LLC, a Nevada limited liability company, THE GARDENS LLC TSHR

7  LENDERS, LLC, a Nevada limited liability company, (collectively the "Plaintiffs"), through

8  their counsel, The Law Offices of Alan R. Smith, hereby avers and seeks relief as set forth

9  below:

10                              **GENERAL AVERMENTS**

11  **A.    Jurisdiction and Venue**.

12          1.    The United States District Court has subject matter jurisdiction over this action

13  pursuant to 28 U.S.C. § 1332(a).

14          2.    Pursuant to 28 U.S.C. § 2201, et seq. (the Federal Declaratory Judgment Act),

15  this Court has jurisdiction to declare the rights and legal obligations of the interested parties.

16          3.    Venue for this case in this district is property pursuant to 28 U.S.C. § 1391.

17  **B.    The Parties**.

18          4.    Plaintiffs are all Nevada limited liability companies and are all direct

19  lenders/investors in certain investments made through USA Commercial Mortgage Company

20  ("USACM). These investments were in the nature of direct loans to third-party borrowers

21  secured by real property and sometimes improvements, which loans were brokered by

22  USACM.    The members of the Plaintiff limited liability companies are all direct

23  lender/investors who originally invested with USACM, but assigned their interest in the loans

24  brokered by USACM to, among numerous other reasons, to consolidate and unite to protect

25  themselves and their investments from the actions of Defendants alleged herein. Plaintiffs,

26  or their predecessor in interest, are named as fractional interest beneficiaries on each

27  promissory note and deed of trust evidencing and perfecting the secured loans. Each Plaintiff

28  limited liability company is a direct lender/investor in a separate and distinct loan.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

1    5.    Compass USA SPE, LLC is a limited liability company organized and existing

2    under the laws of the State of Delaware, with its principal place of business in the State of

3    New York. Compass USA SPE, LLC does not maintain an office in Nevada.

4    6.    Compass Partners, LLC is a limited liability company organized and existing

5    under the laws of the State of Delaware, with its principal place of business in the State of

6    New York. Compass Partners, LLC does not maintain an office in Nevada (Compass USA

7    SPE, LLC and Compass Partners, LLC shall collectively be referred to herein as "Compass")

8    7.    David Blatt ("Blatt") is a resident of the State of New York and is member and

9    manager of Compass.

10    8.    Boris Piskun is a resident of the State of New York and is a member and a

11    manager of Compass ("Piskun").

12    9.    Compass is not registered, qualified or authorized to do business in the State

13    of Nevada.

14    10.    Compass is not licensed as a Mortgage Broker or Mortgage Agent in the State

15    of Nevada and does not have an application pending to become a licensed Mortgage Broker

16    or Mortgage Agent in Nevada.

17    11.    Silar Advisors, LP, is a limited partnership organized and existing under the

18    laws of the State of Delaware, with its principal place of business in the State of New York.

19    Silar Advisors, LP does not maintain an office in Nevada.

20    12.    Silar Special Opportunities Fund, LP is a limited liability company organized

21    and existing under the laws of the State of Delaware, with its principal place of business in

22    the State of New York Silar Special Opportunities Fund, LP does not maintain an office in

23    Nevada (hereafter, Silar Advisors, LP, and Silar Special Opportunities Fund, LP shall

24    collectively be referred to as "Silar").

25    C.    **General Background.**

26    13.    USA Commercial Mortgage Company, defined above as USACM, which

27    sometimes did business under the name "USA Capital", was formed as a Nevada corporation

28    in 1989, and was in the business of underwriting, originating, brokering, funding and

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd - 6 -

1 | servicing short term (typically one year or less) commercial loans primarily secured by

2 | residential and commercial developments, on behalf of private investors/direct lenders.

3 |     14.    On January 11, 1990, USACM obtained a license to act as a mortgage

4 | broker/agent in the State of Nevada under Nevada Revised Statutes (NRS) Chapter 645B

5 | and Nevada Administrative Code Chapter 645B (NAC).

6 |     15.    USACM routinely advertised and promoted, through sales and marketing

7 | literature, high-yielding secured investments, with no fees ever charged to investors, and

8 | represented that no investors had ever lost money in their investments with USACM.

9 |     16.    At the time USACM brokered direct loans on behalf of Plaintiffs, or their

10 | predecessors in interest, USACM was operating in the State of Nevada as a licensed

11 | mortgage broker/agent under NRS 645B and NAC 645B.

12 |     17.    On April 13, 2006, USACM filed a Chapter 11 Petition for bankruptcy in the

13 | Bankruptcy Court for the District of Nevada, Las Vegas, together with four other entities

14 | related to USACM (hereinafter collectively referred to as "USA Bankruptcy Cases").

15 |     18.    At the time USACM filed its bankruptcy petition, approximately 3,600

16 | investors were"lenders" in one or more loan originated and serviced by USACM. These

17 | 3,600 investors are commonly referred to as "direct lenders."

18 |     19.    The loans brokered by USACM on behalf of Plaintiffs are each evidenced by

19 | a Promissory Note Secured By A Deed Of Trust (respectively the "Note"), which were

20 | executed by third-party borrowers in favor of the Plaintiff (or their predecessor in interest)

21 | and other direct lenders in each loan. All loan documents, including the Notes, expressly

22 | provide that they are governed by Nevada law.

23 |     20.    At the time USACM brokered direct loans each lender/investor and USACM

24 | entered into various Loan Servicing Agreements pursuant to which USACM would service

25 | the loans it brokered on behalf of Plaintiffs ("Loan Servicing Agreements"). Each Plaintiff

26 | entered into a single Loan Servicing Agreement, which covered every investment made by

27 | each Plaintiff with USACM. All Loan Servicing Agreements are in the same form. All Loan

28 | Servicing Agreements expressly provide that they are governed by Nevada law.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd - 7 -

1    21.    At the time USACM filed its bankruptcy petition, the loan portfolio it was

2    servicing pursuant to the Loan Servicing Agreements consisted of approximately 115 loans

3    having a combined outstanding principal balance of approximately $960 million. Most of

4    the original direct lenders invested in more than one of the serviced loans, with the being

5    approximately 3 to 4 loans for each direct lender.

6    22.    On May 1, 2006, the State of Nevada, Department of Business and Industry,

7    Division of Mortgage Lending, entered a *Order Conditioning Mortgage Broker's License*

8    *and Notice of Right To Request A Hearing*, which became a *Final Order Conditioning*

9    *Mortgage Broker's License* on June 9, 2006, a copy of which is attached hereto as Exhibit

10    A, pursuant to which USACM was prohibited from making any further loans based upon

11    various violations of Nevada law.

12    23.    The Commissioner for the Nevada Mortgage Lending Division, Scott Bice, has

13    described USACM as "a calculated, self serving deceptive scheme that was enacted to allow

14    the Principals to potentially profit with no risk, while astronomical risk inured to the

15    unsuspecting lenders.

16    24.    During the course of its Bankruptcy Case, USACM admitted that it breached

17    the Loan Servicing Agreements, breached its fiduciary duties, and violated Nevada state law,

18    prior to filing its Bankruptcy Petition, which included, but are not limited to:

19        a.    USACM received full principal payoffs from multiple borrowers, but

20            failed to disburse those funds to the appropriate Direct Lenders (the

21            "Converted Principal"). The total amount of Converted Principal is

22            approximately $50,000,000.

23        b.    USACM failed to make any attempt to obtain real estate collateral to

24            secure multiple loans, while at the same time representing to Direct

25            Lenders that their loans were fully secured by valuable real estate.

26        c.    USACM made monthly interest payments to Direct Lenders on

27            occasions when the borrowers of particular loans in which the Lenders

28            had an interest were not paying USACM (the "Prepaid Interest"). The

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd - 8 -

1          total amount of Prepaid Interest is approximately $49,000,000. The

2          payment of Prepaid Interest led Direct Lenders to believe that their

3          loans were properly performing.

4      d.      USACM made loans to borrowers who were affiliated or otherwise

5          related to USACM's pre-petition management, such that the borrower

6          entities were partially owned by the owners and officers of USACM

7          through one or more of their various entities. Many of these loans

8          became non-performing loans in that the underlying borrower had not

9          paid the interest due.

10      e.      Plaintiffs, or their predecessors in interest, as existing Lenders, and new

11          lenders dating back to January 2005, were fraudulently induced into

12          making new investments and entering into agreements with USACM

13          based on USACM's false misrepresentations regarding the performance

14          of their investments.

15      25.      As a result of USACM's fraudulent misrepresentations and conduct, 100% of

16 the portfolio of loans it brokered are in default, while the default rate of commercial loans

17 in default for all commercial banks nationally is approximately 1.5%. Industry averages for

18 principal recovery on defaulted loans is approximately 65%.

19      26.      On or about September 22, 2006, USACM filed a *Motion For Order*

20 *Scheduling An Auction For The Sale Of Certain Assets, Appointing SPCP Group , LLC, As*

21 *Lead Bidder, and Approving Bid Procedures And Protections* in its Bankruptcy Case, in

22 which it sought to establish the parameters for the sale of certain assets in the USA

23 Bankruptcy Cases, primarily consisting of valuable assets of a related debtor, the First Trust

24 Deed Fund. The Bankruptcy Court entered and *Order: (A) Scheduling An Auction For The*

25 *Sale Of Certain Assets; (B) Appointing SPCP Group, LLC, As Lead Bidder; And ©*

26 *Approving Bid Procedures And Protections, Approving Bidding Procedures* on November

27 8, 2006. The stalking horse bidder agreed to take on the obligations of USACM under the

28 Loan Servicing Agreements as part of the sale, but did not attribute any of its initial bid price

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd - 9 -

1   to the Agreements.

2        27.    After the Order Scheduling Auction was entered, but prior to the auction being

3   conducted, Mesirow Financial Interim Management ("MFIM"), the Bankruptcy Court

4   appointed management for USACM, prepared calculations of the default interest to be

5   charged to third-party borrowers on monthly invoices or at the time of payoff.  MFIM

6   determined that default interest could be charged for substantially all of the loans, and as a

7   result, prepared default interest calculations.

8        28.    After the Order Scheduling Auction was entered, but prior to the auction being

9   conducted, Compass submitted a revised Asset Purchase Agreement, which included the sale

10  of additional assets that were not included in the original asset purchase agreement submitted

11  by the stalking horse bidder, specifically, the sale of loan servicing rights, the default rate

12  interest calculated by MFIM, accrued servicing fees, late charges, success fees and other fees

13  due to the loan servicer under the Loan Servicing Agreements.

14       29.    The Bankruptcy Court conducted an auction of various assets of the USA

15  Bankruptcy Cases on December 7, 2006.  The sale was expressly conditioned upon

16  confirmation of the USACM's Chapter 11 Plan of Reorganization, which was confirmed by

17  an order of the Bankruptcy Court entered on January 8, 2007.

18       30.    Compass was the successful bidder at auction and, on February 16, 2007 (the

19  "Closing Date"), acquired substantially all of the assets of USACM and related debtor, the

20  First Trust Deed Fund ("FTDF") in exchange for at $67 Million.  The Compass bid was

21  broken down by an initial bid of $48 million fo the FTDF assets and $8 million for the loan

22  servicing rights and fees under the Loan Servicing Agreements ("Purchased Assets").  The

23  remaining amounts were to be allocated by an over-bid agreement between FTFD and

24  USCM, which was filed under seal, and a break-up fee of $1.5 million to the stalking horse

25  bidder.   The sale was expressly conditioned upon confirmation of the USACM's Chapter

26  11 Plan of Reorganization, which was confirmed by an order of the Bankruptcy Court

27  entered on January 8, 2007.

28       31.    Other than certain conditions, the Loan Servicing Agreements were transferred

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd - 10 -

1    to Compass without any other modification whatsoever.

2       32.     Compass has represented in a declaration by Blatt that it is a national firm with

3    over 200 employees which acquires over $100 million in loan interests every year.

4       33.     Silar, which together with its principals have a substantial background in the

5    lending industry in numerous asset classes, including consumer, residential and commercial,

6    provided financing to Compass for the Purchased Assets, and conducted due diligence in

7    connection with the financing.

8       34.     On February 16, 2007, Compass issued a press release in which it stated that

9    the actual value of the assets purchased from USACM and FTDF was more than $150

10    million. Based on the full note value of $62,652,742 for the FTDF assets, not talking into

11    account any borrower defaults, it can be deducted that Compass claims over $87 million in

12    profit to be realized from the loan servicing rights.

13       35.     Compass has put into action a strategy to extract value from the collateral

14    pledged by third-party borrowers to Plaintiffs and other direct lenders, by attempting to

15    deduct unpaid default interest and late fees from the collateral proceeds <u>before</u> remitting

16    amounts due to Plaintiffs and other direct lenders, which is in direct conflict with the loan

17    documentation (Notes, deeds of trust and loan agreements), the Loan Servicing Agreements,

18    the intent of the parties to the loans and various related agreements, the historical practices

19    of USACM and long established lending industry standards and practices.

20       36.     Compass' strategy and approach for servicing the Loans has created a conflict

21    of interest between Compass and direct lenders, including Plaintiffs, to whom Compass owes

22    fiduciary duties.

23       37.     Compass is attempting to further the scheme started by USACM, to profit with

24    no risk, while astronomical risk inures to Plaintiffs and other direct lenders.

25       38.     As a purported loan servicer, Compass plays a crucial role in the Loans and its

26    capabilities and experience directly affects the underlying performance of the Loans.

27       39.     As a purported loan servicer, Compass acts as an agent to Plaintiffs and other

28    direct lenders and, therefore, Compass assumes fiduciary responsibilities to Plaintiffs and

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd - 11 -

1    other direct lenders.

2        40.    The State of Nevada and its Division of Mortgage Lending, recognizing the

3    responsibilities assumed by a loan servicer to direct lenders, regulates and monitors loan

4    servicing activities pursuant to NRS 645B and NAC 645B.

5        41.    Pursuant to NRS 645B.185, each investor in USACM was required to receive

6    and sign a Mortgage Investment Disclosure Form, approved by the Nevada Mortgage

7    Lending Division, a copy of which approved form is attached as Exhibit B.

8        42.    As detailed in the Mortgage Investment Disclosure Form, a mortgage

9    broker/agent operating in Nevada is required to inform investors that:

10        a.    "Before you invest in a promissory note by an interest in real property,

11            you should know... the knowledge, experience and integrity of the

12            mortgage broker with whom you are dealing."

13        b.    "You are entitled to receive information regarding the mortgage broker

14            you are dealing with" more specifically the most recent financial

15            statements.

16        c.    "You have a right to ascertain from the Division of Mortgage Lending

17            the results of any investigation against the mortgage broker"

18        d.    "In many cases, including those cases where the investments consist of

19            "fractionalized" interests, the loan requires servicing by an authorized

20            agent... The mortgage broker with whom you are dealing is authorized

21            by Nevada law to act as the servicing agent."

22        e.    "A Mortgage Broker performing loan servicing has an obligation to

23            account to the borrower and every investor for money collected and

24            disbursed in the exercise of that function".

25        f.    When the borrower on a mortgage loan fails to make required

26            payments, the actions and investor can take, or that a servicing agent

27            can take on behalf of an investor, are determined by provisions of

28            Nevada Law and the documents and instruments evidencing the

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd - 12 -

1    mortgage loan.

2    43.    Plaintiffs and other direct lenders did not get the benefit of the Mortgage

3    Investment Disclosure Form as it relates to Compass, nor have they received the required

4    disclosures from Compass, including, but not limited to:

5        a.    Compass has refused to disclose any compensation they are receiving;

6        b.    Plaintiffs and other direct lenders did not have a chance to know

7            anything about Compass prior to Compass being forced upon them as

8            a loan servicer, nor have direct lenders been provided any information

9            regarding Compass since Compass began servicing the Loans;

10        c.    Plaintiffs and other direct lenders have not been able to obtain any

11            financial information concerning Compass, yet Compass is being

12            entrusted with nearly $750 million dollars of direct lenders money,

13        d.    Compass has stated that they have no plans to get licensed in Nevada,

14            and have relocated their operations to the State of New York and, as

15            such, plaintiffs and direct lenders are being deprived of all the rights

16            afforded them in connection with making a private investment.

17

18

19

20    44.    Nevada Administrative Code section 645B.073(1) provides:

21        Except as otherwise provided in subsection 3, if a mortgage

22        broker acts on behalf of investors on a matter related to a

23        mortgage loan, and if the beneficial interest in the loan belongs

24        to more than one natural person, the documentation of the matter

25        must include provisions to allow the holders of 51 percent or a

26        greater specified percentage of the beneficial interests of record

27        to act on behalf of all the holders of the beneficial interests of

28        record in the event of a default or foreclosure for matters that

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd    - 13 -

1        require the direction or approval of the holders of the beneficial

2        interests in the loan, including, without limitation:

3             (a) The designation of the mortgage broker, servicing

4             agent or other person to act on the behalf of the holders

5             of the beneficial interests in the loan; and

6             (b) The sale, encumbrance or lease of real property

7             owned by the holders resulting from a foreclosure or the

8             receipt of a deed in lieu of a foreclosure.

9      45.    Compass is aware of NAC 645B.073 and has attempted to take advantage of

10 its provisions by acquiring 51% of the beneficial interests in certain loans to prevent

11 Plaintiffs and other direct lenders from removing Compass as loan servicer.

12      46.    The Loan Servicing Agreements provide for a power of attorney to be granted

13 by Plaintiffs and other direct lenders to USACM, to empower USACM act on behalf of direct

14 lenders in certain matters, thereby creating additional fiduciary duties owed to Plaintiffs and

15 other direct lenders.

16      46.    Pursuant to NRS 645B.330, a mortgage broker/agent must act on behalf of

17 direct lenders pursuant to a valid power of attorney, approved by the State of Nevada. In this

18 regard, Plaintiff executed a power of attorney in favor of USACM when making

19 investments/loans. Those powers of attorney expressly expire on the maturity date of each

20 related loan.

21      47.    NRS 645B.330 requires that the power of attorney "Expressly provide that the

22 power of attorney is effective only for the term of the specific loan unless the mortgage

23 broker obtains written approval from the private investor to extend the term of the power of

24 attorney..."   and "a power of attorney which designates a mortgage broker or mortgage

25 agent as the attorney-in-fact or the agent of a private investor and which violates the

26 provisions of this section is void and must not be given effect with regard to any act or

27 transaction that occurs on or after October 1, 1999, whether or not the power of attorney is

28 or has been executed by the private investor before, on or after October 1, 1999."

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd - 14 -

48.     The Powers of Attorney granted by Plaintiffs and other direct lenders to USACM expire as the term of each loan expires, and are now in default.  No written extension of any of Plaintiffs' Powers of Attorney have been executed as required by NRS 645B.330.

49.     At the time the Loan Servicing Agreements were transferred to Compass, many of the loans in the USACM loan portfolio were in term default, and others have since gone into term default.

50.     As a result of the term default of various loans in the USACM portfolio, Compass no longer has a valid power of attorney to act on behalf of direct lenders and, as such. the powers of attorney required under NRS 645B.330 have expired.

51.     Despite the fact no valid power of attorney exists that authorizes Compass to act on behalf of Plaintiffs and other direct lenders, Compass continues to hold itself out as a representative/agent of Plaintiffs (and other direct lenders) to borrowers, title companies and others.  Without the power to do so, Compass has negotiated payoffs, filed lawsuits and executed satisfactions on behalf of Plaintiffs and other direct lenders.

52.     Compass was not able to obtain a license from the State of Nevada, Mortgage Lending Division, as required by the Asset Purchase Agreement.  As a result, in February 2007, Compass entered into a sub-servicing agreement with USACM.  The sub-servicing agreement, among other things, provided for USACM to provide administrative functions, while negotiations with borrowers, foreclosures, or other legal proceeding were left to Compass.

53.     In May, 2007, the State of Nevada, Department of Business and Industry, Division of Mortgage Lending entered a formal *Order Revoking Mortgage Broker License And Notice of Right To Request Hearing*, pursuant to which USACM license to act as a mortgage broker/agent in Nevada was revoked and in which the State described USACM as "a calculated, self-serving deceptive scheme that was enacted to allow the Principals to potentially profit with no risk, while astronomical risk inured to the unsuspecting lenders." A copy of the *Order Revoking Mortgage Broker License And Notice of Right To Request*

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd   - 15 -

1    *Hearing,* is attached hereto as Exhibit C.

2        54.    On May 9, 2007, entered a formal *Order Imposing Fine And Order To Cease*

3    *And Desist And Notice of Right To Request Hearing,* pursuant to which Compass was ordered

4    to cease and desist all mortgage lending/agent activities in Nevada, a copy of which is

5    attached hereto as Exhibit D.

6        55.    Compass as enacted policies regarding the allocation of loan proceeds collected

7    at their sole discretion, whether the source of proceeds are from payments made by borrowers

8    or proceeds gained through a sale of the collateral upon foreclosure, which are contrary to

9    the terms of the underlying Notes, deeds of trust and Loan Servicing Agreements, and are

10    unprecedented in the industry.

11        56.    Pursuant to Section 5 of the Loan Servicing Agreement, the loan servicer had

12    the right to retain, as compensation for servicing loans, (a) a servicing fee varying between

13    1-3% per annum; (2) any late charges collected from the borrower; and (c) any default

14    interest collected from the borrower pursuant to the terms of the note.

15        57.    The loan servicer under the Loan Servicing Agreements is only authorized to

16    retain default interest for itself if the direct lenders exercise their option to charge default

17    interest, and only if default interest is actually collected from the borrower.

18        58.    While purportedly acting as Plaintiff's loan servicer under the Loan Servicing

19    Agreements, Compass has effectuated a strategy and approach to sit on collateral for an

20    unknown period of time, in order to allow the accumulation and accrual of default interest,

21    which it can take off the top of any foreclosure proceeds, which leaves Plaintiffs' and other

22    direct lenders' cash investments significantly diminished in value, if not virtually worthless,

23    depending upon how long the delinquent loans are allowed to continue to accrue default

24    interest and late fees without the initiation of foreclosure proceedings.

25        59.    The unpaid principal balance on the loans in which Plaintiffs are direct lenders

26    total in excess of $485 million. The servicing fee and default interest fees that Compass

27    claims it is entitled to accrue in excess of 10% per annum or over $4 million per month that

28    they choose to do nothing to collect on the loans, to the detriment of Plaintiffs and other

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd - 16 -

1  direct lenders.

2      60.    Compass completed extensive due diligence on the loans in order to formulate

3  their bid for the FTDF assets.  Silar was aware of the results of such due diligence.

4      61.    In the three months have passed since Compass closed on the asset purchase

5  transaction, Compass has failed to failed to provide monthly reports as required by Nevada

6  law and has only generated a total of seven (7) loan status reports

7      62.    Since taking over as loan servicer, Compass has failed to communicate to

8  Direct Lenders certain offers made by borrowers to repay their debt to the Direct Lenders in

9  violation of Nevada law and their fiduciary duties, in order to continue accruing default

10  interest and other fees for its own benefit.

11      63.    Since taking over as loan servicer, Compass has negotiated with borrowers for

12  its own benefit, and to the detriment of Direct Lenders, in violation of Nevada law and its

13  fiduciary duties.

14      64.    Since taking over as loan servicer, Compass has misrepresented the status of

15  loans to Direct Lenders for the purpose of coercing the direct lenders to agree to

16  modifications to loan documents, resulting in additional undisclosed fees to Compass, which

17  is violation of its fiduciary duties and Nevada law.

18      65.    Since taking over as loan servicer, Compass has taken the position that it is

19  entitled to be paid default interest and other fees, prior to Direct Lenders being paid principal

20  and interest.

21      66.    Since taking over as loan servicer, Compass has applied principal and interest

22  payments made by borrowers to pay itself so-called loan origination fees.

23      67.    Since taking over as loan servicer, Compass has failed to produce, keep and

24  maintain records and reports required by Nevada Revised Statutes, Chapter 645B.

25      68.    Since taking over as loan servicer, Compass has struck secret deals with

26  borrowers, pursuant to which Compass received payments from borrowers, when the

27  Plaintiffs and other direct lenders were not receiving full principal and interest payments

28  from the borrower.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd - 17 -

1    69.    Since taking over as loan servicer, Compass has misrepresented to third parties,

2    including borrowers, title companies and others, that they have the authority to act on behalf

3    of Plaintiffs and other direct lenders.

4    70.    Since taking over as loan servicer, Compass has purported to make advances

5    on behalf of Plaintiffs and other direct lenders, which it was not authorized to make.

6    71.    Since taking over as loan servicer, Compass has subjected Plaintiffs and other

7    direct lenders to foreclosure and other expenses without the express authorization of

8    Plaintiffs and other direct lenders.

9    72.    Since taking over as loan servicer, Compass has engaged in reckless conduct,

10    which has subjected Plaintiffs and other direct lenders to an increased exposure to lender

11    liability lawsuits.

12    73.    Since taking over as a loan servicer, Compass has engaged in actions that place

13    direct lenders principal investments/loans at substantial risk, without permission of the direct

14    lender.

15    74.    Since taking over as loan servicer, Compass has breached its fiduciary duty to

16    act in the best interest of Plaintiffs and other direct lenders.

17    75.    Since taking over as loan servicer, Compass has refused to process direct

18    lender/borrower settlement agreements.

19    76.    Since taking over as loan servicer, Compass has used to its benefit, and to the

20    determent of Plaintiffs and other direct lenders, a three (3) day deadline to respond to loan

21    resolution offers, even when substantially more time was feasible, in violation of its fiduciary

22    duties.

23    77.    Since taking over as loan servicer, Compass has had the time and ability to

24    circulate offers to purchase Plaintiffs' and other direct lenders' interests, at substantial

25    discounts, but has not provided sufficient loan status reports for Plaintiffs and other lenders

26    to make informed decisions.

27    78.    Since taking over as loan servicer, Compass has advised direct lenders that they

28    do not need an attorney, when an independent attorney is advisable, in violation of its

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd - 18 -

1    fiduciary duties.

2        79.    Based on the various acts on Compass, and Compass alone, and NAC

3    645B.073, Direct Lenders constituting over 51% of the beneficial interests in various loans

4    serviced by Compass have executed written elections pursuant to Section 3 of the Loan

5    Servicing Agreement and NAC 645B.073 to: (1) terminate any rights that Compass may have

6    to service their various Loan; and (2) to appoint an alternate servicing agent for loans.

7        **D.    The Standard Property Loan.**

8        80.    Each Note executed by borrowers in favor of Plaintiffs and other direct

9    lenders, expressly provides that the lender shall have the option of determining the

10   priority in which payments on each loan are applied.  Each Note further provides that the

11   lender shall have the option to charge a default rate of interest in the event of default by

12   the borrower.

13       81.    Certain Plaintiffs, and other direct lenders, through USACM, made a direct

14   loan to STANDARD PROPERTY DEVELOPMENT, LLC ("Standard Property"), which

15   loan is commonly known as the Standard Property Loan (hereinafter the "Standard Property

16   Loan").  In connection with the Standard Property Loan, Plaintiffs executed a Power of

17   Attorney, pursuant to which they appointed USACM as their servicer for the Standard

18   Property Loan, governed by the terms of the Loan Servicing Agreement.  As of March 15,

19   2007, the total principal balance the Standard Property Loan was $9,640,000 ("Standard

20   Property Principal Balance").

21       82.    On February 27, 2006, Standard Property executed a Promissory Note Secured

22   By Mortgage in favor of certain Plaintiffs and other direct lenders (the "Standard Property

23   Note"), which provides for an interest rate of twelve and one-half percent (12.5%) per

24   annum.  Pursuant to Section 4 of the Standard Property Note all payments on the Note were

25   to first be applied toward the payment of accrued interest.

26       83.    USACM's right to service the Standard Property Loan on behalf Plaintiffs was

27   transferred to Compass on February 16, 2007.

28       84.    Pursuant to Section 3(c)(I) of the Loan Servicing Agreement, the loan servicer

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd- 19 -

1  is required to proceed diligently to collect all payments due under the terms of the note and

2  promptly pay the proper parties principal, interest, late charges, insurance and other specified

3  funds.  Pursuant to Section 5 of the Loan Servicing Agreement, USACM as servicer had the

4  right to retain, as compensation for servicing loans, (a) a servicing fee varying between 1-3%

5  per annum; (2) any late charges collected from the borrower; and (c)  any default interest

6  collected from the borrower pursuant to the terms of the note.

7          85.    On March 7, 2007, Compass, through Mark L. Olson, Director of Investors

8  Relations for Compass, sent a letter certain Plaintiffs and all other direct lenders in the

9  Standard Property Loan, in which it sought the approval of 100% of the direct lenders in the

10  Standard Property Loan of an agreement Compass reached with Standard Property to pay off

11  the Standard Property Loan.  According to that letter, the terms of the payoff included:

12              a.    The Direct Lenders in the loan receive 100% of their unpaid Standard

13                    Property Principal Balance;

14              b.    The Direct Lenders do not receive any accrued interest; and

15              c.    Compass shall release the security interest against Standard Property's

16                    real property.

17          86.    In reliance on the representations of Compass in the March 7, 2007, letter,

18  certain Plaintiffs and other direct lenders constituting 100% of the beneficial interest in the

19  Standard Property Loan approved the payoff in accordance with the specific terms of the

20  March 7, 2007, letter.

21          87.    On or about March 13, 2007, USACM, through Mark L. Olson, COO,  issued

22  a Payoff Statement to Standard Property (the "Standard Property Payoff Statement"), which

23  required Standard Property to make a payoff, as of March 15, 2007, in the amount of

24  $10,499,068 with a per diem interest accrual of $2,205.74 for every day after March 15,

25  2007.  The $10,499,068.15 payoff consisted of:

| | | | |
|---|---|---|---:|
| 26 | a. | Standard Property Principal Balance: | $ 9,640,000.00 |
| 27 | b. | Late Fees: | $ 47,694.43 |
| 28 | c. | Other Fees: | $ 267,164.11 |

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

1          d.      Default Interest                    $      544,509.60

2          88.    The Standard Property Payoff Statement revealed that Compass had a secret

3   agreement with Standard Property, undisclosed to the Standard Property Loan Direct

4   Lenders, whereby Compass received Late Fees, Other Fees and Default Interest from

5   Standard Property, without collecting accrued contractual interest owed to the Direct

6   Lenders.

7          89.    On or about March 15, 2007, Standard Property paid off the Standard Property

8   Loan pursuant to the terms of the Standard Property Payoff Statement.  At the time the

9   Standard Loan was paid off, Compass did not pay the Standard Property Loan direct lenders

10  any of the accrued interest they were owed, but took the available funds pay themselves

11  default interest, late fees and other fees totaling $859,368.14.

12         90.    At the time the Standard Loan was paid off, Compass and Silar directed the

13  escrow company to wire $859,068.14 of Plaintiffs and other direct lenders principal loan

14  proceeds directly to Silar.

15                          **CLAIMS FOR RELIEF**

16                        **FIRST CLAIM FOR RELIEF**

17                          **(Declaratory Relief)**

18         91.    Plaintiffs  reallege and incorporate by reference each and every allegation

19  contained in paragraphs 1 through 90 as though fully set forth herein.

20         92.    An actual, ripe, and justiciable controversy has arisen and now exists between

21  the Plaintiffs and Compass as follows:

22              a)     Plaintiffs contend that pursuant to NAC 645B.073, Plaintiffs and other

23                     direct lenders have an absolute right to replace Compass as loan

24                     servicer in any loan provided 51% of the beneficial interests of the

25                     Loan have made the decision to do so.  Compass contends that it cannot

26                     be terminated as loan servicer based solely on NAC 645B.073.

27              b)     Plaintiffs contend that payments made by borrowers are first to be

28                     applied to accrued non-default rate interest and then to principal, and

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd - 21 -

1    then to default interest and late fees, which priority may only be altered

2    by the direct lenders in each loan.  Compass contends that all payments

3    by borrowers are first applied to pay Compass default interest and late

4    fees.

5    c)    Plaintiffs contend that a lender in a loan secured by real property has an

6    absolute right to modify the terms of their promissory note and deed of

7    trust to maximize their recovery, irrespective of the rights of any third-

8    party loan servicer.  Compass contends that Plaintiffs have no right to

9    modify the terms of their note and deed of trust with the third-party

10    borrower.

11    d)    Plaintiffs contend that as a result of the maturity of various loans in the

12    USACM portfolio, Compass no longer has a valid power of attorney to

13    act on behalf of Plaintiffs on such Loans, as is required by NRS

14    645B.330.  Compass maintains that it still has the power and authority

15    to act on Plaintiff's behalf.

16    e)    Plaintiffs contend that pursuant to the Notes executed by third-party

17    borrowers in favor of Plaintiffs and other direct lenders, the direct

18    lenders have the right to determine the priority of allocating payments

19    made by the third-party borrower.  Compass maintains that it, as the

20    loan servicer, has the right to determine the priority of allocating

21    payments.

22    f)    Plaintiffs contend that, based upon Compass' breaches of the Loan

23    Servicing Agreements, upon termination of the Loan Servicing

24    Agreement Compass is not entitled to any compensation provided for

25    in section 5 of the Loan Servicing Agreements.  Plaintiff are informed

26    and believe that Compass contends that it has an absolute right to

27    collect default interest.

28    g)    Plaintiffs contend that they are entitled to terminate their Loan

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

1    Servicing Agreements with Compass by virtue of Compass' actions in
2    connection with certain loans, as detailed above. Plaintiffs are
3    informed and believe that Compass contends that Plaintiffs are not
4    entitled to terminate the Loan Servicing Agreements.

5    93.    A determination of the disputes set forth in paragraph 92, above, is necessary
6  and appropriate at this time in order to resolve the adverse interests of Plaintiffs and
7  Compass.

8  WHEREFORE, Plaintiffs respectfully request judgment as set forth below.

9                          **SECOND CLAIM FOR RELIEF**

10                            **(Breach of Contract)**

11    94.    Plaintiffs reallege and incorporate by reference each and every allegation
12  contained in paragraphs 1 through 93 as though fully set forth herein.

13    95.    Plaintiffs have performed all of her obligations under the Loan Servicing
14  Agreement.

15    96.    Compass breached the Loan Servicing Agreement by:

16            a.    failing to pay accrued contractual interest to Plaintiffs;

17            b.    failing to communicate to Plaintiffs certain offers made by
18  borrowers to repay their debt to the Direct Lenders;

19            c.    negotiating with borrowers for its own benefit, and to the
20  detriment of Plaintiffs;

21            d.    misrepresenting the status of loans to Plaintiffs;

22            e.    taking funds that were available to pay accrued interest to
23  Plaintiffs to pay itself Default Interest, Late Fees and Other Fees;

24            f.    applying principal and interest payments made by borrowers to
25  pay itself so-called loan origination fees;

26            g.    failing to produce, keep and maintain appropriate accounting
27  records on each loan as required by section 2(b) of the Loan Servicing Agreements;

28            h.    striking secret deals with borrowers, pursuant to which Compass

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd - 23 -

1 received payments from borrowers, when the Plaintiffs and other direct lenders were not

2 receiving full principal and interest payments from the borrower; and

3               i.      failing to promptly pay Plaintiffs principal and interest as

4 required by section 2(c)(I) of the Loan Servicing Agreements.

5        97.     Compass breached the Loan Servicing Agreements, which are expressly

6 governed by Nevada law, because Compass is not licensed as a mortgage broker/agent in

7 Nevada.

8        98.     Compass breached the Loan Servicing Agreements, which are expressly

9 governed by Nevada law, because Compass has been ordered by the State of Nevada cease

10 and desist the performance of its obligations under the Loan Servicing Agreements and,

11 therefore, Compass is unable to lawfully perform its required services under the Loan

12 Servicing Agreement.

13       99.     As a result of Compass' breaches of the Loan Servicing Agreement, Plaintiffs

14 suffered damages in an amount to be proven at trial.

15 WHEREFORE, Plaintiffs respectfully request judgment as set forth below.

16                          **THIRD CLAIM FOR RELIEF**

17                         **(Breach of Fiduciary Duty)**

18       100.    Plaintiffs reallege and incorporate by reference each and every allegation

19 contained in paragraphs 1 through 99 as though fully set forth herein.

20       101.    Compass owed a fiduciary duty to Plaintiffs as a loan servicer under the Loan

21 Servicing Agreements.

22       102.    Compass breached its fiduciary duty to Plaintiffs by:

23               a.      failing to pay accrued contractual interest to Plaintiffs;

24               b.      failing to communicate to Plaintiffs certain offers made by

25 borrowers to repay their debt to the Direct Lenders;

26               c.      negotiating with borrowers for its own benefit, and to the

27 detriment of Plaintiffs;

28               d.      misrepresenting the status of loans to Plaintiffs;

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd    - 24 -

1       e.       taking funds that were available to pay accrued interest to

2  Plaintiffs to pay itself Default Interest, Late Fees and Other Fees;

3       f.       applying principal and interest payments made by borrowers to

4  pay itself so-called loan origination fees;

5       g.       by striking secret deals with borrowers, pursuant to which

6  Compass received payments from borrowers, when the Plaintiffs and other direct lenders

7  were not receiving full principal and interest payments from the borrower; and

8       h.       by collecting Default Interest, Late Fees and Other Fees on its

9  own behalf, without collecting accrued non-default interest on behalf of Plaintiffs.

10       103.    As a result of Compass breaching its fiduciary duty to Plaintiffs, Plaintiffs has

11  suffered damages in an amount to be proven at trial in this matter.

12  WHEREFORE, Plaintiffs respectfully request judgment as set forth below.

13  ///

14  ///

15  **FOURTH CLAIM FOR RELIEF**

16  **(Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)**

17       104.    Plaintiffs reallege and incorporate by reference each and every allegation

18  contained in paragraphs 1 through 103 as though fully set forth herein.

19       105.    Compass owed Plaintiffs a duty of good faith and fair dealing arising from the

20  Loan Servicing Agreement.

21       106.    Plaintiffs imposed a special element of reliance in Compass as their loan

22  servicer, who stands in a superior and entrusted position in connection with Compass'

23  negotiation of the payoff of the Standard Property Loan and in performing all other services

24  under the Loan Servicing Agreement.

25       107.    Compass breached the duty of good faith and fair dealing it owed to Plaintiffs

26  by:

27       a.       failing to pay accrued contractual interest to Plaintiffs;

28       b.       failing to communicate to Plaintiffs certain offers made by

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd  - 25 -

1 | borrowers to repay their debt to the Direct Lenders;

2 |         c.      negotiating with borrowers for its own benefit, and to the

3 | detriment of Plaintiffs;

4 |         d.      misrepresenting the status of loans to Plaintiffs;

5 |         e.      taking funds that were available to pay accrued interest to

6 | Plaintiffs to pay itself Default Interest, Late Fees and Other Fees;

7 |         f.      applying principal and interest payments made by borrowers to

8 | pay itself so-called loan origination fees;

9 |         g.      by striking secret deals with borrowers, pursuant to which

10 | Compass received payments from borrowers, when the Plaintiffs and other direct lenders

11 | were not receiving full principal and interest payments from the borrower; and

12 |         h.      by collecting Default Interest, Late Fees and Other Fees on its

13 | own behalf, without collecting accrued non-default interest on behalf of Plaintiffs.

14 |     108.    Plaintiffs suffered damages in an amount to be proven at trial as a result of

15 | Compass breaching the duty of good faith and fair dealing it owed to her.

16 | WHEREFORE, Plaintiffs respectfully request judgment as set forth below.

17 | ### FIFTH CLAIM FOR RELIEF

18 | ### (Constructive Fraud)

19 |     109.    Plaintiffs realleges and incorporates by reference each and every allegation

20 | contained in paragraphs 1 through 108 as though fully set forth herein.

21 |     110.    Compass owed Plaintiffs legal and equitable duties arising from their fiduciary

22 | and confidential relationship.

23 |     111.    Compass breached its duties to Plaintiffs by misrepresenting the actual

24 | negotiated terms of loan payoffs.

25 |     112.    Compass breached its duties to Plaintiffs by concealing material terms of the

26 | loan payoffs.

27 |     113.    Compass breached its duties to Plaintiffs by misrepresenting the terms of

28 | payoff compromise offers made by borrowers.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

1    114.    Compass breached its duties to Plaintiffs by concealing the terms of payoff

2  compromise offers made by borrowers.

3    115.    Plaintiffs suffered damages in an amount to be proven at trial as a result of

4  Compass' constructive fraud.

5  WHEREFORE, Plaintiffs respectfully request judgment as set forth below.

6                    **SIXTH CLAIM FOR RELIEF**

7                  **(Fraudulent Misrepresentation)**

8    116.    Plaintiffs reallege and incorporate by reference each and every allegation

9  contained in paragraphs 1 through 115 as though fully set forth herein.

10    117.    Compass made false representations to Plaintiffs regarding the negotiated terms

11  of the Standard Loan payoff.

12    118.    Compass knew or believed that is representations regarding the Standard Loan

13  payoff were false.

14    119.    Compass intended to induce Plaintiffs to act upon its misrepresentation by

15  approving the Standard Loan payoff.

16    120.    Plaintiffs justifiably relied on Compass' misrepresentations and approved the

17  Standard Loan payoff.

18    121.    As a result of Compass' fraudulent misrepresentation, Plaintiffs suffered

19  damages in an amount to be proven at trial.

20  WHEREFORE, Plaintiffs respectfully request judgment as set forth below.

21                  **SEVENTH CLAIM FOR RELIEF**

22                        **(Conversion)**

23                        (Compass)

24    122.    Plaintiffs reallege and incorporate by reference each and every allegation

25  contained in paragraphs 1 through 121 as though fully set forth herein.

26    123.    Compass has wrongfully exerted domain and control over principal loan

27  proceeds from third-party borrowers, which proceeds belong to Plaintiffs and other direct

28  lenders.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd - 27 -

1    124.    Compass' taking of Plaintiffs' principal loan proceeds is inconsistent with

2    Plaintiffs' right, title and interest in those proceeds.

3    125.    Compass' taking of Plaintiff's loan proceeds is in derogation, exclusion and

4    defiance of Plaintiffs' right, title and interest in those proceeds.

5    WHEREFORE, Plaintiffs respectfully request judgment as set forth below.

6    **EIGHTH CLAIM FOR RELIEF**

7    **(Conversion)**

8    (Silar)

9    126.    Plaintiffs reallege and incorporate by reference each and every allegation

10    contained in paragraphs 1 through 125 as though fully set forth herein.

11    127.    Silar has wrongfully exerted domain and control over principal loan proceeds

12    from the Standard Loan Payoff belonging to Plaintiffs and other direct lenders.

13    128.    Silar's taking of Plaintiffs' Standard Loan proceeds is inconsistent with

14    Plaintiffs' right, title and interest in those proceeds.

15    129.    Silar's taking of Plaintiff's Standard Loan proceeds is in derogation, exclusion

16    and defiance of Plaintiffs' right, title and interest in those proceeds.

17    WHEREFORE, Plaintiffs respectfully request judgment as set forth below.

18    **NINTH CLAIM FOR RELIEF**

19    **(Civil Conspiracy)**

20    (All Defendants)

21    130.    Plaintiffs reallege and incorporate by reference each and every allegation

22    contained in paragraphs 1 through 129 as though fully set forth herein.

23    131.    Silar had knowledge of Compass business plan when it financed the purchase

24    of the Loan Servicing Agreements.

25    132.    Silar had knowledge of Plaintiffs and other direct lenders' rights when it took

26    proceeds from the Standard Loan Payoff.

27    133.    Piskun and Blatt, the principals and beneficiaries of Compass, formed and

28    operate Compass for the purpose of conducting activities prohibited by Nevada law.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

1      134.   Compass, Piskun, Blatt and Silar, by acting in concert, intended to accomplish

2 an unlawful objective for the purpose of harming Plaintiffs and other direct lenders, as

3 detailed above and incorporated herein.

4      135.   Plaintiffs have suffered damages resulting from the concerted acts of Compass,

5 Piskun, Blatt and Silar,

6      WHEREFORE, Plaintiffs respectfully request judgment as follows:

7        a.     For a declaration by this Court that Plaintiffs, together with other direct

8             lenders making up 51% of the beneficial interests of any loan, have the

9             absolute right under NAC 645B.073 to terminate Compass as loan

10             servicer for each loan and to designate a new loan servicer;

11        b.     For a declaration of this Court that Compass' actions related to the

12             Standard Property Loan entitles Plaintiffs to terminate the Loan

13             Servicing Agreement as it applies to all loans in which Plaintiffs are

14             direct lenders;

15        c.     For a declaration of this Court that Plaintiffs and other direct lenders

16             have an absolute right to modify the terms of their promissory note and

17             deed of trust with the third-party borrower to maximize their recovery;

18        d.     For a declaration of this Court that as a result of the maturity of various

19             loans in the USACM portfolio, Compass has never had a valid power

20             of attorney to act on behalf of Plaintiffs on such Loans, as is required

21             by NRS 645B.330.

22        e.     For a declaration that Plaintiffs and other direct lenders have the right

23             to determine the priority of allocating payments made by any third-party

24             borrower, and that Compass has no such right.

25        f.     For a declaration by this Court that Compass is not entitled to any

26             compensation under section 5 of the Loan Servicing Agreements;

27        g.     For a declaration that Plaintiffs are entitled to terminate Compass as

28             servicer on any loan based upon breaches of the Loan Servicing

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd - 29 -

1          Agreement by Compass;

2     h.    For a declaration that payments made by borrowers on loans shall first

3           be applied to accrued non-default rate interest, then to principal, and

4           then to accrued default interest and late fees, subject only to the rights

5           of direct lenders on a specific loan to designate a different sequence of

6           payment;

7     i.    For an award of damages against Compass in an amount in excess of

8           $75,000, to be proven at trial in this matter;

9     j.    For an award of damages against Silar in an amount excess of $75,000,

10          to be proven at trial in this matter;

11    k.    For an award of damages against Blatt in an amount excess of $75,000,

12          to be proven at trial in this matter;

13    l.    For an award of damages against Piskun in an amount excess of

14          $75,000, to be proven at trial in this matter;

15    m.    For an award of punitive damages;

16    n.    For an award of reasonable attorneys' fees;

17    o.    For costs of suit incurred herein; and

18    p.    For such other and further relief as this Court deems just and proper.

19    **DATED** this 21st day of May, 2007.

20                              LAW OFFICES OF ALAN R. SMITH

21                    By:_____*/s/ Kevin A. Darby, Esq.*_____
                              ALAN R. SMITH, ESQ.
22                            KEVIN A. DARBY, ESQ.
                              Attorney for Plaintiffs
23

24

25

26

27

28

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\USA Lenders\v Compass Partners\Complaint v Compass FINAL.wpd   - 30 -

Case 3:07-cv-00241-ECR-VPC    Document 1-2    Filed 05/21/2007    Page 1 of 1

%JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
**3685 San Fernando Lenders, LLC, et al.**

## DEFENDANTS
**Compass USA SPE, LLC, et al.**

(b)  County of Residence of First Listed Plaintiff    **Washoe**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    **New York**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c)  Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)    **Peter Bernard, Esq.**
**Bullivant Houser Bailey PC**
**3980 Howard Hughes Pkwy, Ste. 550**
**Las Vegas, NV 89169**

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN    (Place an "X" in One Box Only)

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 USC 2201, et seq., 28 USC 1332, NRS 645B, NAC 645B**
Brief description of cause:
**Declaratory Relief and Damages**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE    DOCKET NUMBER

DATE    **May 21, 2007**

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE