George A. Davis
CADWALADER, WICKERSHAM & TAFT
One World Financial Center
New York, NY 10281
Telephone No.: (212)504-6000
Facsimile No.: (212) 504-6666

Peter C. Bernhard (Nevada Bar No. 0734)
Georganne W. Bradley (Nevada Bar No. 1105)
BULLIVANT HOUSER BAILEY PC
3980 Howard Hughes Pkwy., Ste. 550
Las Vegas, NV 89169
Telephone No.: (702) 650-6565
Facsimile No.: (702) 650-2995
E-Mail: peter.bernhard@bullivant.com
         georganne.bradley@bullivant.com
**Counsel for Compass USA SPE, LLC
and Compass Financial Partners, LLC**

E-FILED on May 25, 2007

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR EMERGENCY MOTION OF COMPASS FINANCIAL PARTNERS, LLC FOR ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 1141 ENFORCING CONFIRMATION ORDER AND FOR CIVIL CONTEMPT SANCTIONS** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Date: OST Requested<br>Time: OST Requested |

\ \ \ \ \

\ \ \ \ \

– 1 –

Compass USA SPE LLC, and its servicer, Compass Financial Partners, LLC (collectively, "Compass"), by and through their attorneys of record, hereby file this Ex Parte Application for Order Shortening Time to Hear Emergency Motion of Compass Financial Partners, LLC For Order Pursuant to 11 U.S.C. §§ 105 and 1141 Enforcing Confirmation Order and for Civil Contempt Sanctions, and in support thereof, state as follows:

1. Compass has, contemporaneously herewith, filed an Emergency Motion of Compass Financial Partners, LLC, for Order Pursuant to 11 U.S.C. §§ 105 and 1141 Enforcing Confirmation Order and for Civil Contempt Sanctions (the "Motion") The Motion was filed as a result of a series of actions taken between May 18, 1007 and May 21, 2007 by Donna Cangelosi, Todd Hansen, and the Lender Protection Group (collectively, for purposes of this application, the "LPG"). Specifically, the LPG has recently taken the following actions:

(a) On or around May 2, 2007, the LPG's lawyer established approximately 50 new Nevada limited liability companies (the "New LLCs"), apparently to acquire and hold interests of Direct Lenders in each of the loans.

(b) On May 16, 2007, the LPG's lawyer established a new Nevada limited liability company named "Lender 2 Lender, LLC" ("L2L"), apparently to collect loan payments and service the loans.

(c) On May 18, 2007, Cangelosi, as manager of the manager of each of the New LLCs, sent a letter to each and every borrower under the corresponding loans stating that the Direct Lenders holding in excess of the 51% of the beneficial interests in the loan had terminated Compass as servicer and replaced Compass with L2L (the "Threat Letters"). Further, the Threat Letters state that "Compass is not authorized to act on behalf of the lenders of the Loan for any purpose whatsoever", and warned the borrowers that, notwithstanding their payment obligations under the loans, "[a]ll payments made to Compass shall be at your own peril". In each letter, Cangelosi directs the borrowers to make all loan payments to L2L, and to contact L2L for all information regarding the loan. On the same date, Cangelosi sent letters to Compass advising Compass of the purported termination of its rights to service the subject loans (collectively, the "Termination Letters"). These actions ignore the requirements of the Loan

Servicing Agreement and this Court's Confirmation Order and instead purport to terminate the Loan Servicing Agreements effective immediately, without advance notice to Compass or any attempt to justify their actions based on purported defaults under the Loan Servicing Agreements.

(d) On May 21, 2007, each of the New LLCs, represented by the LPG's lawyer, filed a complaint in the United States District Court for the District of Nevada against Compass, its principals, and its lenders, asking that court to issue a declaratory judgment that would invalidate provisions of this Court's Confirmation Order. The New LLCs claim that they have an absolute right to replace Compass as the servicer of the loans, without regard to Compass' rights under the Confirmation Order and/or the Loan Servicing Agreements.

2. Payments under a significant number of the loans will become due at the beginning of June. Absent immediate intervention by the Court, the LPG's latest effort to circumvent this Court's jurisdiction and exercise self-help is likely to have its intended effect: to wreak havoc among the borrowers and potentially render the Loan Servicing Agreement valueless. Indeed, Compass has already received communications from borrowers expressing confusion as to the legitimacy and effect of the Threat Letters and others have refused to acknowledge Compass as the servicer of their Loans. The situation will surely be exacerbated as borrowers are faced at the beginning of June with the difficult decision of whether to remit timely payments to Compass, to the newly created L2L entity, or to not remit payment at all. The LPG's continued disregard of this Court's orders and efforts to retaliate against Compass on account of rights properly granted to Compass pursuant to agreements approved by this Court must not be countenanced, particularly given that the latest victim is not only Compass, but also the borrowers.

3. Accordingly, Compass filed its Motion through which it is asking this Court to enforce the Confirmation Order by ordering that the effectiveness of the Threat Letters and the Termination Letters will be stayed pending an evidentiary hearing before this Court at which the Direct Lenders will be given the opportunity to demonstrate that the purported termination of the Loan Servicing Agreements is proper procedurally and substantively under the terms of the

relevant Loan Servicing Agreements. In addition, in light of the willful disregard of the Court's orders, Compass is asking this Court to impose civil contempt sanctions against Cangelosi, Hansen, and the LPG.

4. Notice can be shortened pursuant to Bankruptcy Rule 9006(c)(1) and LR 9006(a).

5. For the reasons stated above, Compass respectfully requests that the Court grant this application and hear the Motion on shortened time on or before June 1, 2007.

Dated this 25th day of May, 2007.

          CADWALADER, WICKERSHAM & TAFT
          -and-
          BULLIVANT HOUSER BAILEY, PC

By:  /s/ Georganne W. Bradley
      Georganne W. Bradley, Esq.
      3980 Howard Hughes Pkwy., Ste. 550
      Las Vegas, Nevada 89169
      *Attorneys for Compass USA SPE, LLC and Compass Financial Partners, LLC*