LEWIS AND ROCA LLP
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 5/25/07

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br>                              Debtors.<br><br>**Affects:**<br>¨ All Debtors<br>× USA Commercial Mortgage Company<br>¨ USA Capital Realty Advisors, LLC<br>¨ USA Capital Diversified Trust Deed Fund, LLC<br>¨ USA Capital First Trust Deed Fund, LLC<br>¨ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**REPLY IN SUPPORT OF JOINDER AND SUPPLEMENT TO OBJECTION TO ADMINISTRATIVE EXPENSE CLAIM OF SIERRA LIQUIDITY FUND**<br><br>Hearing:   May 31, 2007<br>Time:      9:30 a.m. |

The USACM Liquidating Trust ("USACM Trust") replies to the response filed by Sierra Liquidity Fund, L.L.C. [Dkt. 3743].

Sierra's response essentially ignores the points made in the USACM Trust's joinder:

220584.1

LEWIS AND ROCA LLP
LAWYERS

- The Sierra claim is not based on a transaction with USACM;
- Sierra did not provide an actual, necessary benefit to the USACM Estate, as required for an expense of administration;
- At most, Sierra has a pre-petition unsecured claim that is barred unless the assigning direct lenders timely filed unsecured claims; and
- Sierra has not proved its damages claim; so the USACM Trust and its constituents should not be adversely affected.

Because Sierra fails to answer these points, we simply respond to two additional issues raised in Sierra's response.

## I. SIERRA IMPROPERLY SEEKS TO EXTEND THE BAR DATE FOR EXPENSES OF ADMINISTRATION

Pursuant to the confirmed Plan of Reorganization, the deadline for filing an expense of administration, other than for professional fees, was thirty days after the March 12, 2007 Effective Date, or April 11, 2007.

Sierra's response at page 3, lines 4 through 8 purports to expand its expense of administration based upon its purchase of additional Direct Lender claims. If the assignee Direct Lenders did not timely assert an expense of administration, Sierra should not have an extension of the deadline, particularly as a claims speculator, to assert additional expenses of administration.

## II. SIERRA IMPROPERLY SEEKS TO USE THIS DISPUTE FOR AN ADVISORY OPINION

As one parses the Sierra response, the argument appears to be that USACM as servicer wanted to maximize default interest and late fees, by not collecting loans, so it could collect such amounts from the collateral before payment to the Direct Lenders of principal and interest. Sierra Liquidity has no proof that USACM ever took such a position and no proof that such a position motivated any act by USACM as servicer (and Mesirow disclaims any such intent). Sierra then acknowledges its real dispute is with

Compass Partners, LLC as successor loan servicer over whether default interest and late fees may be collected ahead of principal and interest owed on Direct Loans. With respect, this is simply a request for the Court to enter an advisory opinion in a potential dispute between Sierra and Compass. This Court is well aware that it lacks the jurisdiction to issue advisory opinions, much less to decide disputes between non-debtors in this post-confirmation context. Accordingly, the court should decline Sierra's effort.

## Conclusion

All in all, Sierra has not met its burden of establishing an administrative expense claim, legally or factually, for the reasons set forth here and in the USACM reply. Sierra's administrative expense claim motion should be denied.

DATED: May 25, 2007

**LEWIS AND ROCA LLP**

By: /s/ RC (#6593)
Susan M. Freeman, AZ 4199 (*pro hac vice*)
Rob Charles, NV 6593
*Counsel for USACM Liquidating Trust*

**LEWIS AND ROCA LLP**
LAWYERS

Copy of the foregoing served on May 25, 2007, via email where an email address is listed, and if no email address is listed, then by first class U.S. Mail, postage paid, addressed to:

Gregory L. Wilde
Marianne Gatti
Wilde Hansen, LLP
208 S. Jones Blvd.
Las Vegas, NV 89107
bk@wildelaw.com
Attorneys for Sierra Liquidity Fund, LLC

Robert S. Coldren
Hart, King & Coldren, PLC
200 Sandpointe, 4th Floor
Santa Ana, CA 92707
rcoldren@hkclaw.com

David T. Cohen, Esq.
Alexandra P. Olenczuk, Esq.
WARNER STEVENS, LLP
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
mwarner@warnerstevens.com

Michelle L. Abrams, Ltd.
3085 S. Jones Blvd., Ste. C
Las Vegas, NV 89146
mabrams@mabramslaw.com

Annette W. Jarvis
Steven C. Strong
RAY QUINNEY & NEBEKER PC
36 South State Street, Suite 1400
PO Box 45385
Salt Lake City, UT 84145-0385
ajarvis@rqn.com
sstrong@rqn.com

Lenard E. Schwartzer
Jeanette E. McPherson
SCHWARTZER & MCPHERSON LAW FIRM
2850 S. Jones Blvd., Suite 1
Las Vegas, NV 89146-5408
bkfilings@s-mlaw.com
jmcpherson@s-mlaw.com

/s/ Christine E. Laurel
Christine E. Laurel
Lewis and Roca LLP

220584.1