**ELECTRONICALLY FILED**
May 29, 2007

1   STUTMAN, TREISTER & GLATT, P.C.
    FRANK A. MEROLA
2   (CA State Bar No. 136934)
    EVE H. KARASIK
3   (CA State Bar No. 155356)
    ANDREW M. PARLEN
4   (CA State Bar No. 230429), Members of
    1901 Avenue of the Stars, 12th Floor
5   Los Angeles, California 90067
    Telephone: (310) 228-5600
6   Facsimile: (310) 228-5788
    Email:      fmerola@stutman.com
7               ekarasik@stutman.com
                aparlen@stutman.com
8

SHEA & CARLYON, LTD.
JAMES PATRICK SHEA
(Nevada State Bar No. 000405)
CANDACE C. CARLYON
(Nevada State Bar No. 002666)
SHLOMO S. SHERMAN
(Nevada State Bar No. 009688)
228 South Fourth Street, First Floor
Las Vegas, Nevada 89101
Telephone: (702) 471-7432
Facsimile: (702) 471-7435
Email:      jshea@sheacarlyon.com
            ccarlyon@sheacarlyon.com
            ssherman@sheacarlyon.com

9   Counsel for the Official Committee Of
    Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

10

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| Affects<br>☐ All Debtors<br>☒ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☒ USA First Trust Deed Fund, LLC | Date:  May 31, 2007<br>Time:  9:30 a.m. |

**REPLY TO RESPONSE AND LIMITED OBJECTION OF BMC GROUP, INC. TO MOTION FOR ORDER APPROVING STIPULATION BETWEEN THE USACM LIQUIDATING TRUST AND USA CAPITAL FIRST TRUST DEED FUND, LLC ON OVERBID ALLOCATION AND PLAN COMPROMISE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a) (AFFECTS DEBTORS USA COMMERCIAL MORTGAGE COMPANY AND USA CAPITAL FIRST TRUST DEED FUND, LLC)**

416026v2

1    The Official Committee of Equity Security Holders of USA Capital First Trust

2   Deed Fund, LLC (the "FTDF Committee") appointed in the above-captioned bankruptcy case of

3   USA Capital First Trust Deed Fund, LLC ("FTDF") hereby replies to the "Response And

4   Limited Objection Of BMC Group, Inc. To Motion For Order Approving Stipulation Between

5   The USACM Liquidating Trust And USA Capital First Trust Deed Fund, LLC On Overbid

6   Allocation And Plan Compromise Pursuant To Federal Rule Of Bankruptcy Procedure 9019(A)"

7   (the "BMC Objection").  For the reasons set forth below, and, in particular, that the relief

8   requested by BMC Group, Inc. ("BMC") is beyond the scope of the Stipulation, the BMC

9   Objection should be overruled and the "Motion For Order Approving Stipulation Between The

10   USACM Liquidating Trust And USA Capital First Trust Deed Fund, LLC On Overbid

11   Allocation And Plan Compromise Pursuant To Federal Rule Of Bankruptcy Procedure 9019(A)"

12   (the "Motion") should be granted.

13    Through the "Stipulation Between the USACM Liquidating Trust and USA

14   Capital First Trust Deed Fund, LLC on Overbid Allocation and Plan Compromise Pursuant to

15   Federal Rule of Bankruptcy Procedure 9019(a)," (the "Stipulation") the USACM Liquidating

16   Trust (the "Trust") and the USA Capital First Trust Deed Fund, LLC ("FTDF") seek to resolve

17   all remaining disputes between USA Commercial Mortgage Company ("USACM") and FTDF.

18   Included in these disputes is the allocation of the over $1.7 million in fees and expenses incurred

19   by BMC  as the Claims and Noticing agent in the cases of the above-captioned debtors (the

20   "Debtors") prior to the March 13, 2007 effective date of the confirmed chapter 11 plan (the

21   "Effective Date"), which BMC contends are not subject to the review and approval of this Court.

22   BMC was employed on or about the Petition Date in each of the Debtors' cases pursuant to

23   engagement letters entered into with USACM and unspecified "related affiliates" nearly one

24   month before any of the official committees were appointed in these cases.  During the course of

25   these cases, BMC invoiced USACM for all of its services, and USACM, managed by Mesirow

26   Interim Financial Management ("Mesirow"), never shared these invoices with the official

27   committees.  The Debtors' various monthly operating reports did not disclose any payments to

28   BMC by USACM, nor any accrual of such fees and expenses.

1    Of the **$1.7 million** in fees and costs reportedly incurred by BMC during the

2  course of these cases, approximately $250,000 has been allocated by BMC to the FTDF for the

3  period of the Petition Date through December 2006, plus an additional approximately $43,500

4  for the period of January 2007 through the Effective Date. Post-Effective Date BMC continues

5  to incur fees and costs and intends to allocate them to the existing Debtors or Post-Effective Date

6  entities on the same basis as such allocation was made prior to the Effective Date. Notably,

7  BMC has not kept track of the services it provided to the respective estates on an estate-specific

8  basis, but rather has proposed the use of one of two allocation methods: either the notices served

9  per estate or the number of claims/interests filed in each of the cases.

10    First and foremost, the relief sought by BMC in the BMC Objection is beyond the

11  scope of the Stipulation and the Motion. BMC effectively seeks to modify and expand the

12  Stipulation, which solely resolves the disputes between USACM (through the USACM

13  Liquidating Trust) and the FTDF (through the FTDF Committee), to a mechanism to deal with

14  the payment of outstanding and future amounts desired by BMC to be paid from all of the

15  Debtors and Post-Effective Date entities. In particular, BMC seeks to amend the Stipulation to

16  provide that: (i) outstanding amounts from all of the Debtors (not solely amounts allocated to the

17  FTDF) be paid to BMC; and (ii) to provide for an allocation of services asserted to be provided

18  to all of the Post-Effective Date entities based on one of two methodologies that made little sense

19  prior to the Effective Date and certainly are not applicable post-Effective Date. Regardless, the

20  relief requested in the BMC Objection is clearly beyond the scope of the Stipulation and BMC

21  should be required to file its own motion that seeks the relief it requests.

22    Second, the intra-estate allocations proposed by BMC do not make sense given

23  the underlying services provided. An allocation based on notices sent makes sense for noticing

24  services. Likewise, an allocation based on claims and interests filed makes sense based on work

25  provided related to the claims and interests filed in a particular case. Rather than use an

26  allocation method appropriate to the service provided or expense incurred, BMC and/or Mesirow

27  apparently apply these allocation methodologies across the estates regardless of the services

28  provided. Additionally, while the invoices clearly reflect that BMC provided significant estate-

1    specific services, BMC did not invoice any services on a specific estate basis, but rather elected

2    to invoice all charges to USACM.  Furthermore, Mesirow paid most of these invoices throughout

3    the cases with USACM funds without allocation, and without notice to or prior consent of the

4    official committees appointed in these cases.

5              Despite the fact that these proposed allocation methodologies make little sense,

6    the FTDF Committee has consented to the allocation of $43,577.24 proposed to be paid by the

7    FTDF for its share of BMC services for the period of January 1, 2007 through the Effective Date.

8    In addition, the FTDF Committee and the USACM Liquidating Trust have agree to the allocation

9    of $250,629.56 (or 14.53% of the total fees incurred by BMC) for the period of the Petition Date

10   through December 2006.  BMC neglects to recognize that these are solely allocations between

11   the FTDF and the USACM Liquidating Trust and neither the Motion nor the Stipulation seeks to

12   disallow any fees and expenses of BMC at this time.  Indeed, most of the BMC fees and costs

13   that are the subject of the Stipulation have already been paid to BMC by USACM, which

14   amounts, pursuant to the Stipulation, will be reimbursed by FTDF to USACM.

15             Of primary concern, however, to the FTDF Committee is the concept of the

16   continued post-Effective Date services to be provided by BMC to the FTDF.  BMC should be

17   required to bill all services that can be tied to a specific Post-Effective Date entity to such entity,

18   and such Post-Effective Date entity should be charged with the review and approval of such

19   invoices.  In the case of the FTDF, the FTDF Committee should be charged with reviewing and

20   approving the invoices (due to the Debtors' professionals inherent potential conflicts of interest),

21   and to the extent there are unresolved disputes about the Post-Effective Date invoices, this Court

22   may be charged with resolving such disputes.

23             Further, to the extent there are what BMC refers to as "Shared Services" that need

24   to be allocated among these entities, the pre-Effective Date allocation methods should no longer

25   apply.  While Post-Effective Date DTDF and the USACM Liquidating Trust are active entities,

26   FTDF is finalizing the wind-up of its affairs and the closing of its case.  There are less than a

27   handful tasks remaining in the FTDF case and it makes no sense to charge the FTDF for BMC

28   services based on the pre-Effective Date allocations premised on active chapter 11 cases.  For

416026v2                                          4

example, two (2) of the six (6) services that BMC describes it is still providing are the (i)

processing and docketing of proofs of clam, interests and amendments (including withdrawals

and transfers) and (ii) maintaining the claims register.  In the FTDF case, however, all of the

claims and interests have been processed and no new claims or interest has been filed in the

FTDF case since January 30, 2007.  Accordingly, while some nominal amount of the Shared

Services should be borne by the FTDF, the pre-Effective Date allocation methodologies are no

longer (if they ever were) applicable.  This is exactly why the Stipulation provides that the FTDF

Committee should review and approve any amounts to be paid to BMC by the FTDF post-

effective date rather than permit USACM to agree to some arbitrary allocation that involves the

FTDF.  The FTDF will agree to revise the Stipulation to provide that to the extent the FTDF

Committee (or FTDF) disputes any Post-Effective Date invoice provided by BMC, that such

dispute will be brought before and resolved by the Bankruptcy Court.

**WHEREFORE,** the FTDF Committee respectfully requests that the BMC

Objection be overruled and the Stipulation be approved with the amendment that any Post-

Effective Date disputes regarding the BMC Post-Effective Date invoices be resolved by the

Bankruptcy Court.

Respectfully submitted:

Dated:  May 29, 2007

 /s/ Eve H. Karasik

Frank A. Merola, Esq.
Eve H. Karasik, Esq.
Andrew M. Parlen, Esq.
Stutman, Treister & Glatt, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

and

Candace C. Carlyon, Esq.
Shlomo Sherman, Esq.
Shea & Carlyon, Ltd.
228 S. Fourth Street, First Floor
Las Vegas, NV 89101

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Counsel to the Official Committee of Equity
Security Holders of USA Capital First Trust Deed
Fund, LLC