Exhibit "A"

# STATE OF NEVADA

## DEPARTMENT OF BUSINESS AND INDUSTRY

## DIVISION OF MORTGAGE LENDING

\* \* \*

In re:

COMPASS FINANCIAL PARTNERS, LLC, a Nevada limited liability company,

Respondent.

### ORDER IMPOSING FINE AND ORDER TO CEASE AND DESIST AND NOTICE OF RIGHT TO REQUEST HEARING

The licensing and regulation of escrow agencies and agents in the State of Nevada is governed by Chapter 645A of the Nevada Revised Statutes (hereinafter, "NRS") and Chapter 645A of the Nevada Administrative Code (hereinafter, "NAC"). The State of Nevada, Department of Business and Industry, Mortgage Lending DIVISION (hereinafter, the "DIVISION") has the general duty to exercise supervision and control over escrow agencies and agents. *See*, NRS 645A.050, NRS 645A.090 and NRS 645A.110. Pursuant to that authority, the DIVISION makes the following Findings of Fact, Conclusions of Law, and Order as follows:

### FACTUAL ALLEGATIONS

1. Upon information and belief, COMPASS FINANCIAL PARTNERS, LLC (hereinafter, "COMPASS") is a Nevada limited liability company.

2. COMPASS had previously sought, but subsequently withdrew an application for licensure with the DIVISION as a mortgage broker / agent pursuant to Chapter 645B of the Nevada Revised Statutes.

////

3. At no time has COMPASS made application for licensure with the DIVISION as an escrow agency pursuant to Chapter 645A of the Nevada Revised Statutes.

4. COMPASS remains unlicensed by the DIVISION under either Chapter 645A and 645B of the Nevada Revised Statutes at this time.

5. On April 13, 2006, USA Commercial Mortgage Company (hereinafter, "USA"), a licensed mortgage broker in the State of Nevada pursuant to Chapter 645B of the Nevada Revised Statutes, filed for protection pursuant to Chapter 11 of the United States Bankruptcy Code. USA was accompanied into bankruptcy by several of its related entities.

6. Said bankruptcy was commenced in the United States Bankruptcy Court for the District of Nevada, Las Vegas Division and is being administered, on behalf of USA and its related entities as Case No. 06-10725-LBR.

7. On December 8, 2006, USA and its related entities entered into an "Asset Purchase Agreement" with COMPASS (hereinafter, "COMPASS") wherein USA and its specified related entities agreed to sell, and COMPASS agreed to purchase the entirety of USA's and its related entities' interests in their portfolio of commercial loans.

8. Pursuant to said agreement, COMPASS also agreed to purchase USA's and its related entities' respective interests in the servicing agreements and related contracts attached to each commercial loan within said portfolio.

9. Said agreement further specified that USA, its related entities and COMPASS were to close this transaction on or before February 16, 2007.

10. Said agreement further recognized that COMPASS' contemplated purchase of the loans and the servicing rights for said loans would then necessarily cause it to engage in activity as regulated by the DIVISION under the appropariate Nevada Revised Statutes. For this reason, the "Asset Purchase Agreement" between the parties also required that COMPASS make application with the DIVISION for an appropriate license.

-2-

11. Specifically, Article IX of the "Asset Purchase Agreement" between COMPASS, USA and its related entities, stated as follows:

### Article IX    Conditions to Closing

**Section 9.1  Conditions Precedent to Obligations of Purchaser.** The obligation of the Purchaser to consummate the transactions contemplated by this Agreement is subject to the fulfillment, on or prior to the Closing Date, of each of the following conditions (any or all of which may be waived by Purchaser in whole or in part to the extent permitted by applicable Law):

* * * * * * * * * * * * * * * * * * * * * * * *

(j) Purchaser shall have actually obtained an interim license to operate in the State of Nevada or an exemption, satisfactory to Purchaser in all reasonable respects by no later than the Closing Date, from any and all applicable Nevada laws or regulations that would require any licensing of Purchaser and affiliate of Purchaser identified by Purchaser by the State of Nevada in connection with or as a result of consummation of this transaction. Sellers shall provide reasonable cooperation and support to Purchaser in connection with its effort to obtain such interim license or exemption. The condition to the timing of the obtaining of this interim license or regulatory exemption may be extended by the Sellers at their sole discretion.

12. As called for under said agreement, COMPASS did, in fact, make application with the DIVISION. However, as February 16, 2007 approached (i.e., the designated closing date for the COMPASS purchase to be consummated), it became clear that it was logistically impossible for COMPASS to complete its application with the DIVISION and acquire its license before said date.

13. Because both COMPASS, USA and its related entities recognized this fact, the respective parties entered into a "Subservicing Agreement" on February 16, 2007, wherein COMPASS would essentially "subcontract" its servicing duties (for which a license was required) to USA (which still maintained the appropriate license). Said arrangement allowed the planned purchase to continue, albeit with an extended closing date.

///

-3-

14. Thus, because of the "Subservicing Agreement" referenced above, from February 16, 2007 forward, the responsibility for the servicing of the commercial loans COMPASS had purchased, fell to USA, as a matter of law. For this reason, COMPASS was obligated to utilize the services of USA to engage in any servicing activity as to the loans in question, or risk violating Chapter 645A of the Nevada Revised Statutes in behaving otherwise.

15. Despite its contractual arrangement with USA and its legal obligation to rely upon USA in servicing the loans in question, COMPASS has, since February 16, 2007, disregarded this arrangement and represented to borrowers that *it is, in fact*, the servicer of the loans in question.

16. Proof of COMPASS' decision to engage in servicing activity, notwithstanding its legal arrangement with USA is as follows:

   a. On March 9, 2007, COMPASS' Director of Investor Relations, Mark L. Olson (hereinafter, "OLSON") wrote to all lenders involved in the USA bankruptcy to advise them of the following: "...We are pleased to announce that as of February 16, 2007, [COMPASS] became the servicer of most of the loan portfolio formerly serviced by [USA]..."

   b. On March 23, 2007, OLSON wrote to one "Larry L. Rieger" and "Larry L. Rieger and Patsy R. Rieger" as "Trustees of the Larry L. Rieger & Patsy R. Rieger Revocable Trust" and represented that "COMPASS has officially taken over as the servicer of the USA Commercial Mortgage portfolio and has been working diligently to resolve all the loans in this distressed portfolio..." OLSON'S letter further sought to open a dialogue with these lenders so as to effect the sale of their interest in a property commonly known as "Shamrock Tower, L.P.", in exchange for a yet-to-be negotiated cash sum.

   c. On March 23, 2007, OLSON, on COMPASS' behalf, commenced similar discussions with a "Donald H. Pinsker", with reference to a property commonly known as "Clear Creek Plantation".

   d. On April 8, 2007, COMPASS generated a "Loan Status Report" regarding a loan commonly known as "Palm Harbor One, LLC". This "Loan Status Report" makes the following representation: "[COMPASS] has been working hard to collect the maximum value possible from each loan it now services from the USA Capital portfolio. [COMPASS] will provide information to the Direct Lenders about the status of their loans and the actions being taken by the Borrowers and [COMPASS] to get the loans repaid..."

   e. On April 12, 2007, COMPASS generated a "Loan Status Report" regarding a loan commonly known as "5055 Collwood, LLC", which contained identical prefatory language concerning COMPASS' role in servicing the loan referenced therein. COMPASS apparently accompanied this "Loan Status Report" with a written solicitation requesting that the lender in question "Consent to Extend 5055 Collwood, LLC Loan for Six Months", and then provided the terms of the offer to extend.

   f. On April 20, 2007, COMPASS generated two (2) additional "Loan Status Report(s)" regarding loans commonly known as "Eagle Meadows Development" and "Fox Hills 216, LLC", both of which also contained identical prefatory language concerning COMPASS' role in servicing the loans referenced therein.

  17. On April 20, 2007, the DIVISION received word that COMPASS had chosen to terminate the "Subservicing Agreement" between itself and USA since USA had experienced difficulties in its own right, in conforming to the DIVISION'S requirements to maintain its licensure with the DIVISION. Thus, from April 20, 2007 forward, COMPASS' affiliation with USA had ended, thereby leaving COMPASS with no licensed entity to service the loans in question.

  18. On May 3, 2007, the DIVISION issued an "Order Revoking Mortgage Broker License and Notice of Right to Request Hearing", because of certain irregularities and improper activities uncovered in USA'S loan servicing system(s).

////

-5-

19. Pursuant to NRS 645A.010, the concept of "escrow" activity is defined as follows:

> 'Escrow' means any transaction where one person, for the purpose of effecting the sale, transfer, encumbering or leasing of real or personal property to another person, delivers any written instrument, money, evidence of title to real or personal property, or other thing of value to a third person until the happening of a specified event or the performance of a prescribed condition, when it is then to be delivered by such third person to a grantee, grantor, promisee, promisor, obligee, obligor, bailee, bailor or any agent or employee of any of the latter. **The term includes the collection of payments and the performance of related services by a third person in connection with a loan secured by a lien on real property.**

See, NRS 645A.010(3)(emphasis added).

20. Pursuant to NRS 645A.050, the DIVISION is charged with conducting "…such investigations as may be necessary to determine whether any person has violated any provision of this chapter…" See, NRS 645A.050(2)(c).

21. Pursuant to NRS 645A.110, the DIVISION is further charged with conducting an investigation "…if it appears that an escrow agent or agency is conducting business in an unsafe and injurious manner or in violation of this chapter if it appears that any person is engaging in the escrow business without being licensed pursuant to the provisions of this chapter." See, NRS 645A.110(1).

22. As specified above, the documentary evidence brought to the DIVISION'S attention, indicates that COMPASS has engaged in escrow activity in the State of Nevada (as defined in NRS 645A.010(3)) on multiple occasions, despite its lack of licensure to do so.

23. Pursuant to NRS 645A.020, "…a person who wishes to be licensed as an escrow agent or agency must file a written application in the Office of the Commissioner…" Further, said application must "…be verified [and] be accompanied by the appropriate fee prescribed in NRS 645A.040…" See, NRS 645B.020(1), (2).

24. Pursuant to NRS 645A.210, "...it is unlawful for any person, unless exempted under NRS 645A.015, to engage in or carry on, or hold himself out as engaging in or carrying on, the escrow business or act in the capacity of an escrow agent or agency without first obtaining a license as an escrow agent or agency..." See, NRS 645A.210.

25. Pursuant to NRS 645A.090, "...the Commissioner may refuse to license any escrow agent or agency or may suspend or revoke any license or impose a fine of not more than $500.00 for each violation by entering an order to that effect, with his findings in respect thereto, if upon a hearing, it is determined that the applicant or licensee... has violated any provision of this chapter or any regulation adopted pursuant thereto or has aided and abetted another to do so [OR] ...has intentionally or knowingly made any misrepresentation or false statement to, or concealed any essential or material fact from, any principal or designated agent of a principal in the course of the escrow business..." See, NRS 645A.090(1)(b), (e).

26. Pursuant to NRS 645A.110(2), "...if, upon investigation it appears that the agent or agency is so conducting business or an unlicensed person is engaged in the escrow business, the Commissioner may... order the person to discontinue business in an injurious manner or in violation of this chapter..." See, NRS 645A.110(2)(a).

## VIOLATIONS OF LAW

1. Having investigated COMPASS' activities, as described hereinabove, it has been determined that COMPASS has engaged in at a minimum seven (7) distinct instances of escrow agency activity in the State of Nevada without a license to do so, thereby violating NRS 645A.020 and NRS 645A.210.

## ORDER

**NOW, THEREFORE,** pursuant to NRS 622.080 and NRS 645A.110(2), the **COMMISSIONER** of the **DIVISION HEREBY ORDERS** that COMPASS **CEASE AND DESIST** from conducting any and all unlicensed escrow agency activity in the State of Nevada.

-7-

**IT IS HEREBY FURTHER ORDERED** that, pursuant to NRS 645A.090, COMPASS will be subject to an administrative fine in the amount of THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00), representing a FIVE HUNDRED DOLLAR ($500.00) fine for each of the seven (7) documented instances of unlicensed escrow agency activity in this matter;

**IT IS FURTHER ORDERED** that the sum of said administrative fine be paid in full within **thirty (30) days** of entry of the instant Order;

**IT IS FURTHER ORDERED** that, pursuant to NRS 645A.110(2)(a), upon submission of a verified petition to the DIVISION, COMPASS shall be entitled to a hearing with regard to the contents of the instant Order. Should COMPASS not request a hearing within **thirty (30) days** of the receipt of the instant Order, the DIVISION will enter a Final Order in this matter.

Dated this 9th day of May, 2007.

STATE OF NEVADA
DEPARTMENT OF BUSINESS AND INDUSTRY
DIVISION OF MORTGAGE LENDING

By: _____
SCOTT BICE, COMMISSIONER

-8-

## CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Department of Business and Industry, Division of Mortgage Lending, and that on <u>May 9, 2007</u>, an employee of The Division personally hand delivered, a true and correct copy of the foregoing ORDER IMPOSING FINE AND ORDER TO CEASE AND DESIST AND NOTICE OF RIGHT TO REQUEST HEARING for COMPASS FINANCIAL PARTNERS, LLC., addressed as follows:

Mark L. Olsen
Compass Financial Partners, LLC.
4730 S. Fort Apache Rd, Ste. 140
Las Vegas, NV 89147


DATED this ___9th___ day of _____May_____ 2007

By: _____
Employee of the Division