# Exhibit "E"

1    COMP
     Peter C. Bernhard, Nevada Bar No. 734
2    Email: peter.bernhard@bullivant.com
     Joseph P. Hardy, Nevada Bar No. 7370
3    Email: joe.hardy@bullivant.com
     Timothy J. Geswein, Nevada Bar No. 10049
4    Email: tim.geswein@bullivant.com
     BULLIVANT HOUSER BAILEY, P.C.
5    3980 Howard Hughes Parkway, Suite 550
     Las Vegas, Nevada 89169
6    Telephone: 702.650.6565
     Facsimile:  702.650.2995
7
     Attorneys for Plaintiffs
8

9                **DISTRICT COURT**

10           **CLARK COUNTY, NEVADA**

11    COMPASS PARTNERS LLC, a Delaware
     limited liability company, and COMPASS USA
12    SPE LLC, a Delaware limited liability      Case No.
     company,
13
            Plaintiffs,                Dept. No.
14
         v.
15                         **COMPLAINT**
     TERRY MARKWELL, a Nevada citizen;
16    CHARLES MARADEN, a Nevada citizen;
     WILLIAM DENNY, a California citizen,
17    STEVE KOWALSKI, a California citizen,
     RONALD McLEMORE, a Texas citizen,
18    EDWARD SCHOONOVER, an Arizona
     citizen, DOES 1 through 100, and ROE
19    ENTITIES 1 through 100, inclusive,
20             Defendants.
21

22         Plaintiffs, COMPASS PARTNERS LLC and COMPASS USA SPE LLC, by and

23    through its attorneys at the law firm of Bullivant Houser Bailey, P.C., alleges:

24

25                    <u>General Allegations</u>

26         1.      At all material times, Plaintiffs Compass LLC and Compass USA SPE LLC

27    (collectively "Compass") have been and are limited liability companies in good standing,

28

Page 1 of 8
COMPLAINT



EXHIBIT " E "

1    duly organized and existing under the laws of the State of Delaware and maintaining their

2    principle places of business in New York, New York.

3        2.    At all material times, Defendant Terry Markwell ("Markwell") was and is a

4    resident of Reno, Nevada.

5        3.    At all material times, Defendant Charles Maraden ("Maraden") was and is a

6    resident of Reno, Nevada.

7        4.    At all material times, Defendant William Denny ("Denny") was and is a

8    resident of Fair Oaks, California.

9        5.    At all material times, Defendant Steve Kowalski ("Kowalski") was and is a

10    resident of Rancho Palos Verdes, California.

11        6.    At all material times, Defendant Ronald McLemore ("McLemore") was and is

12    a resident of Palestine, Texas.

13        7.    At all material times, Defendant Edward Schoonover ("Schoonover") was and

14    is a resident of Mesa, Arizona.

15        8.    The true names and capacities of Defendants named as DOES 1 through 100

16    and ROE ENTITIES 1 through 100 are unknown to Plaintiff at this time; therefore, Plaintiff

17    sues these Defendants by fictitious names.  Plaintiff will advise this Court and seek leave to

18    amend this Complaint when the Doe and Roe Defendant names and capacities are

19    ascertained.  Plaintiff alleges that each Doe and Roe Defendant is responsible in some

20    manner for the events and happenings referred and alleged.

21        9.    Defendants Markwell, Maraden, Denny, Kowalski, McLemore, and

22    Schoonover as well as other persons similarly situated were direct lenders (collectively

23    "Direct Lenders") to persons or entities that sought to borrow money.

24        10.    The Direct Lenders contractually agreed via Loan Servicing Agreements that

25    USA Commercial Mortgage Company would service the loans made by the Direct Lenders.

26        11.    The Loan Servicing Agreements were executed and/or performed, at least in

27    part, in Clark County, Nevada.

28

Bullivant|Houser|Bailey PC
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: 702.650.6565
Facsimile: 702.650.2995

12.     Pursuant to the Loan Servicing Agreements, the laws of the State of Nevada govern the Loan Servicing Agreements; therefore, venue and jurisdiction are proper in Clark County, Nevada.

13.     USA Commercial Mortgage Company filed for Chapter 11 bankruptcy.

14.     Compass successfully bid for USA Commercial Mortgage Company's contractual rights under the Loan Servicing Agreements.

15.     These contractual rights are described in an Asset Purchase Agreement that was approved in a United States Bankruptcy Court for the District of Nevada Order.

16.     As the successful bidder, Compass acquired USA Commercial Mortgage Company's contractual rights arising under the Loan Servicing Agreements.

17.     Some Direct Lenders affiliated themselves into a self-styled "Lender Protection Group."

18.     Each Defendant is a member of the "Lender Protection Group."

19.     Defendants Markwell, Maraden, Denny, Kowalski, McLemore, and Schoonover (collectively, the "Loan Captains") voluntarily accepted Loan Captain positions for the Lender Protection Group.

20.     The Loan Captains contacted various individual Direct Lenders.

21.     Consistent with their self-appointed and/or voluntary roles, the Loan Captains will continue to contact individual Direct Lenders.

**First Claim for Relief**
(Intentional Interference with Contractual Relations)
Against all Defendants

22.     Compass incorporates the prior and succeeding paragraphs as if they were set forth fully herein.

23.     USA Commercial Mortgage Company and the Direct Lenders entered into valid and existing contracts for loan servicing.

Bullivant|Houser|Bailey PC
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: 702.650.6565
Facsimile: 702.650.2995

24.    Compass is the rightful owner of the rights enjoyed by USA Commercial Mortgage Company pursuant to an Asset Purchase Agreement and the United States Bankruptcy Court for the District of Nevada's Order.

25.    Defendants knew of the Loan Servicing Agreements, the Asset Purchase Agreement, and the United States Bankruptcy Court for the District of Nevada's Order.

26.    Defendants committed intentional acts intended or designed to disrupt the contractual relationships between Compass and the other Direct Lenders.

27.    Defendants' intentional acts are on going.

28.    Defendants intentional acts were made with fraud, oppression, or malice, expressed or implied.

29.    There has been a disruption in the contractual rights due to the Defendants' intentional acts.

30.    Compass suffered damages as a result of the disruption caused by the Defendants.

31.    It has been necessary for Compass to retain the services of legal counsel to prosecute this action; therefore, Compass is entitled to attorneys' fees and costs related to this action.

## Second Claim for Relief
(Intentional Interference with Prospective Economic Advantage)
Against all Defendants

32.    Compass incorporates the prior and succeeding paragraphs as if they were set forth fully herein.

33.    Prospective contractual relationships exist or existed between Compass and third parties.

34.    Defendants knew of these prospective relationships.

35.    Defendants intended to harm Compass by preventing the relationships.

Page 4 of 8
COMPLAINT

Bullivant|Houser|Bailey PC
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: 702.650.6565
Facsimile: 702.650.2995

36. Defendants had no privilege or justification for their intentional interference.

37. Defendants' conduct resulted in actual harm to Compass.

38. It has been necessary for Compass to retain the services of legal counsel to prosecute this action; therefore, Compass is entitled to attorneys' fees and costs related to this action.

### **Third Claim for Relief**
(Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing)
Against all Defendants

39. Compass incorporates the prior and succeeding paragraphs as if they were set forth fully herein.

40. Defendants entered into valid and existing contracts for loan servicing with USA Commercial Mortgage Company.

41. Compass is the rightful owner of the rights enjoyed by USA Commercial Mortgage Company pursuant to an Asset Purchase Agreement and the United States Bankruptcy Court for the District of Nevada's Order.

42. Defendants owed a duty of good faith to Compass.

43. Defendants breached that duty by performing in a manner that was unfaithful to the purpose of the contract.

44. Compass's justifiable expectations were thus denied.

45. It has been necessary for Compass to retain the services of legal counsel to prosecute this action; therefore, Compass is entitled to attorneys' fees and costs related to this action.

///

Bullivant|Houser|Bailey PC
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: 702.650.6565
Facsimile: 702.650.2995

Bullivant|Houser|Bailey PC
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: 702.650.6565
Facsimile: 702.650.2995

### Prayers for Relief

On its First Claim for Relief, **Intentional Interference with Contractual Relations,** Compass prays for:

a)   injunctive relief causing a cessation in the intentional interference of contractual relations,

b)   damages in excess of $10,000,

c)   punitive damages,

d)   costs of suit incurred and reasonable attorneys' fees, and

e)   such other and further relief as the Court deems just and proper.

On its Second Claim for Relief, **Intentional Interference with Prospective Economic Advantage,** Compass prays for:

a)   injunctive relief causing a cessation in the intentional interference with prospective economic advantage,

b)   damages in excess of $10,000,

c)   punitive damages,

d)   costs of suit incurred and reasonable attorneys' fees, and

e)   such other and further relief as the Court deems just and proper.

///

On its Third Claim for Relief, **Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing**, Compass prays for:

   a)   damages in excess of $10,000,

   b)   costs of suit incurred and reasonable attorneys' fees, and

   c)   such other and further relief as the Court deems just and proper.


DATED:  April _____, 2007.


                                    BULLIVANT HOUSER BAILEY PC


                                    By _____
                                       Peter C. Bernhard, Nevada Bar No. 734
                                       Joseph P. Hardy, Nevada Bar No. 7370
                                       Timothy J. Geswein, Nevada Bar No. 10049
                                       3980 Howard Hughes Parkway, Suite 550
                                       Las Vegas, Nevada 89169
                                       **Attorneys for Plaintiffs**

Bullivant|Houser|Bailey PC
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: 702.650.6565
Facsimile: 702.650.2995

1

## AFFIRMATION

2      The undersigned does hereby affirm that the preceding COMPLAINT filed in District

3  Court Case No. A_____ does not contain the social security number of any person.

4      DATED this _____ day of April, 2007.

5                                        BULLIVANT HOUSER BAILEY, P.C.

6

7                                        _____
                                         Peter C. Bernhard, Nevada Bar No. 734
8                                        Joseph P. Hardy, Nevada Bar No. 7370
                                         Timothy J. Geswein, Nevada Bar No. 10049
9                                        3980 Howard Hughes Parkway, Suite 550
                                         Las Vegas, Nevada 89169
10

11                                       Attorneys for Plaintiffs

12

13  7025453.1

14                                            *****

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Bullivant|Houser|Bailey PC**
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: 702.650.6565
Facsimile: 702.650.2995

Exhibit "F"

1  SUMM
   Peter C. Bernhard, Nevada Bar No. 734
2  Email: peter.bernhard@bullivant.com
   Joseph P. Hardy, Nevada Bar No. 7370
3  Email: joe.hardy@bullivant.com
   Timothy J. Geswein, Nevada Bar No. 10049
4  Email: tim.geswein@bullivant.com
   BULLIVANT HOUSER BAILEY, P.C.
5  3980 Howard Hughes Pkwy., Suite 550
   Las Vegas, Nevada 89169
6  Telephone: 702.650.6565
   Facsimile: 702.650.2995
7
   Attorneys for Plaintiffs Compass Partners LLC
8  and Compass USA SPE LLC

9                    DISTRICT COURT

10               CLARK COUNTY, NEVADA

11  COMPASS PARTNERS LLC, a Delaware          Case No.:
    limited liability company, and COMPASS USA   Dept. No.     A 5 4 1 4 2 9
12  SPE LLC, a Delaware limited liability                        XVI
    company,
13
                    Plaintiffs,
14
           v.
15
    DONNA CANGELOSI, a Nevada citizen;
16  DOES 1 through 100, and ROE ENTITIES 1
    through 100, inclusive,
17
                    Defendants.
18

19                      SUMMONS

20  **NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU
    WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS READ
21  THE INFORMATION BELOW.**

22  **TO THE DEFENDANT:    DONNA CANGELOSI**

23      A civil Complaint has been filed by the Plaintiffs, COMPASS PARTNERS LLC and

24  COMPASS USA SPE LLC, against you for the relief set forth in the Complaint.

25      1.      If you intend to defend this lawsuit, within 20 days after this Summons is served

26  on you, exclusive of the day of service, you must do the following:

27

28

Bullivant|Houser|Bailey PC
3980 Howard Hughes Pkwy., Suite 550
Las Vegas, Nevada 89169
Telephone: 702.650.6565
Facsimile: 702.650.2995

- 1 -

SUMMONS

EXHIBIT "F"

       (a)      File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of this Court, with the appropriate filing fee.

       (b)      Serve a copy of your response upon the attorney whose name and address is show below.

2.     Unless you respond, your default will be entered upon application of the Defendant and failure to so respond will result in a Judgment of Default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.     If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.     The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

BULLIVANT HOUSER BAILEY, P.C.

*Timothy J. Geswein*

Peter C. Bernhard, Nevada Bar No. 734
Joseph P. Hardy, Nevada Bar No. 7370
Timothy J. Geswein, Nevada Bar No. 10049
3980 Howard Hughes Pkwy, Ste. 550
Las Vegas, Nevada 89169

Attorneys for Plaintiffs


SHIRLEY B. PARRAGUIRRE
CLERK OF COURT


_____    _____
Deputy Clerk             Date


**NOTE: When service is by publication, add a brief statement of the object of the action. See Nevada Rules of Civil Procedure 4(b).**

*Bullivant|Houser|Bailey PC*
*3980 Howard Hughes Pkwy., Suite 550*
*Las Vegas, Nevada 89169*
*Telephone: 702.650.6565*
*Facsimile: 702.650.2995*

1

## AFFIRMATION

2        The undersigned does hereby affirm that the preceding SUMMONS filed in District

3  Court Case No. A_____ does not contain the social security number of any person.

4        DATED this _18th_ day of May, 2007.

5                                        BULLIVANT HOUSER BAILEY, P.C.

6

7                                        _Timothy J. Geswein_

8                                        Peter C. Bernhard, Nevada Bar No. 734
                                         Joseph P. Hardy, Nevada Bar No. 7370
9                                        Timothy J. Geswein, Nevada Bar No. 10049
                                         3980 Howard Hughes Pkwy, Ste. 550
10                                       Las Vegas, Nevada 89169

11                                       Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bullivant|Houser|Bailey PC
3980 Howard Hughes Pkwy., Suite 550
Las Vegas, Nevada 89169
Telephone: 702.650.6565
Facsimile: 702.650.2995

COMP
Peter C. Bernhard, Nevada Bar No. 734
Email: peter.bernhard@bullivant.com
Joseph P. Hardy, Nevada Bar No. 7370
Email: joe.hardy@bullivant.com
Timothy J. Geswein, Nevada Bar No. 10049
Email: tim.geswein@bullivant.com
BULLIVANT HOUSER BAILEY, P.C.
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: 702.650.6565
Facsimile: 702.650.2995

Attorneys for Plaintiffs

*FILED*

MAY 18  1  30 PH '07

CLERK OF THE COURT

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| COMPASS PARTNERS LLC, a Delaware limited liability company, and COMPASS USA SPE LLC, a Delaware liability company, | A 5 4 1 4 2 8 |
|---|---|
| Plaintiffs, | Case No. XVI |
| v. | Dept. No. |
| DONNA CANGELOSI, a Nevada citizen; DOES 1 through 100, and ROE ENTITIES 1 through 100, inclusive, | **COMPLAINT** |
| Defendants. | |

Plaintiffs, COMPASS PARTNERS LLC and COMPASS USA SPE LLC, by and through their attorneys at the law firm of Bullivant Houser Bailey, P.C., allege:

<u>General Allegations</u>

1.     At all material times, Plaintiffs Compass Partners LLC and Compass USA SPE LLC (collectively "Compass") have been and are limited liability companies in good standing, duly organized and existing under the laws of the State of Delaware and maintaining their principle places of business in New York, New York.

Page 1 of 11

2.      At all material times, Defendant Donna Cangelosi ("Cangelosi") was and is a resident of Reno, Nevada.

3.      The true names and capacities of Defendants named as DOES 1 through 100 and ROE ENTITIES 1 through 100 are unknown to Plaintiffs at this time; therefore, Plaintiffs sue these Defendants by fictitious names.  Plaintiffs will advise this Court and seek leave to amend this Complaint when the Doe and Roe Defendant names and capacities are ascertained.  Plaintiffs allege that each Doe and Roe Defendant is responsible in some manner for the events and happenings referred and alleged.

4.      Cangelosi as well as other persons similarly situated were direct lenders (collectively "Direct Lenders") to persons or entities that sought to borrow money ("borrowers").

5.      The Direct Lenders contractually agreed via Loan Servicing Agreements that USA Commercial Mortgage Company would service the loans made by the Direct Lenders.

6.      The Loan Servicing Agreements were executed and/or performed, at least in part, in Clark County, Nevada.

7.      Pursuant to the Loan Servicing Agreements, the laws of the State of Nevada govern the Loan Servicing Agreements; therefore, venue and jurisdiction are proper in Clark County, Nevada.

8.      USA Commercial Mortgage Company filed for Chapter 11 bankruptcy.

9.      Compass successfully bid for USA Commercial Mortgage Company's contractual rights under the Loan Servicing Agreements.

10.     The United States Bankruptcy Court for the District of Nevada determined that Compass was a good faith purchaser.

11.     Compass paid valuable consideration for USA Commercial Mortgage Company's contractual rights arising under the Loan Servicing Agreements after a competitive judicial auction and substantial negotiations with the official Committees appointed by the United States Trustee.

Bullivant|Houser|Bailey PC
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: 702.650.6565
Facsimile: 702.650.2995

12. These contractual rights are described in an Asset Purchase Agreement that was approved in a United States Bankruptcy Court for the District of Nevada Order.

13. As the successful bidder, Compass acquired USA Commercial Mortgage Company's contractual rights arising under the Loan Servicing Agreements.

14. Some Direct Lenders affiliated themselves into a self-styled "Lender Protection Group."

15. Cangelosi is the founder and the self-appointed "Chair" of the "Lender Protection Group."

16. Cangelosi misrepresented the true facts and disparaged Compass to various other Direct Lenders, individual borrowers, media outlets, and government officials including regulatory agencies and elected politicians.

17. On information and belief, among Cangelosi's many wrongful acts and misrepresentations, Cangelosi hosted a conference call with members of the "Lender Protection Group" on March 29, 2007 during which she announced that she was "in talks" with the borrower for the Marlton Square investment.  Also during the conference call, Cangelosi stated she was "in talks" with the borrower for the Lerin Hills investment and with the borrower for the Clear Creek Plantation investment.

18. Cangelosi's unauthorized and inappropriate discussions with borrowers, purportedly on behalf of other Direct Lenders as their authorized agent, directly hamper Compass's ability to resolve issues surrounding non-performing and under-performing loans in the loan portfolio.  This hampering is intentional and harms the Direct Lenders as well as Compass, the Direct Lenders' true authorized agent, by preventing the payments of loan principals and interest.

19. On information and belief, among Cangelosi's many wrongful acts and misrepresentations, Cangelosi hosted a conference call with members of the "Lender Protection Group" on March 29, 2007, during which she suggested that Compass, a potential asset purchaser, and the seller of the bankruptcy asset were "in collusion"

Bullivant|Houser|Bailey PC
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: 702.650.6565
Facsimile: 702.650.2995

1  regarding an asset to be auctioned in the United States Bankruptcy Court for the District of

2  Nevada.

3       20.    Cangelosi's suggestion is false, harms Compass's reputation in the

4  community, and interferes with Compass's ability to conduct its business. This intentional

5  interference harms Compass and the Direct Lenders.

6       21.    Compass, pursuant to a legitimate business decision, withdrew its application

7  for licensure as a Nevada Mortgage Broker on April 20, 2007.  Consistent with its legal

8  rights, Compass elected to perform its obligations under the Loan Servicing Agreements,

9  Asset Purchase Agreement, and Bankruptcy Court Order outside the State of Nevada.

10       22.    Cangelosi was quoted in the May 13, 2007, *North Lake Tahoe Bonanza*

11  ("*Bonanza* article") as describing Compass's business decision to operate outside the state

12  of Nevada as a "midnight move." This mischaracterization is false and operates to reduce

13  Compass's reputation in the community and interferes with Compass's ability to conduct its

14  business. This intentional interference harms Compass and the Direct Lenders.

15       23.    On information and belief, among Cangelosi's many wrongful acts and

16  misrepresentations, Cangelosi sent a letter to other Direct Lenders on May 13, 2007 ("May

17  13 letter") that described the United States Bankruptcy Court for the District of Nevada as a

18  "circus" in which the bankruptcy judge makes "disparaging remarks to the attorneys" and

19  the bankruptcy judge is not "fully briefed."

20       24.    These statements, in addition to the harm they work on the judiciary,

21  minimize the extraordinary efforts of Compass and others to resolve USA Commercial

22  Mortgage Company's Chapter 11 bankruptcy.  By minimizing these extraordinary efforts,

23  these false statements operate to reduce Compass's reputation in the community and

24  interfere with Compass's ability to conduct its business.  This intentional interference harms

25  Compass and the Direct Lenders.

26       25.    On information and belief, among Cangelosi's many wrongful acts and

27  misrepresentations, Cangelosi's May 13 letter described a legitimate and meritorious lawsuit

28

Bullivant|Houser|Bailey PC
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: 702.650.6565
Facsimile: 702.650.2995

Bullivant|Houser|Bailey PC
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: 702.650.6565
Facsimile: 702.650.2995

1   brought on Compass's behalf as "a nuisance suit designed to intimidate and crack the armor

2   of the [Lender Protection Group.]"   In the *Bonanza* article, Cangelosi was quoted as

3   describing the same lawsuit as a "frivolous lawsuit."

4          26.     Cangelosi, a non-party to the suit, is not an attorney and is therefore unable to

5   responsibly opine on the merits of any lawsuit.  Furthermore, Cangelosi's irresponsible

6   statements operate to reduce Compass's reputation in the community and interfere with

7   Compass's ability to conduct its business. This intentional interference harms Compass and

8   the Direct Lenders.

9          27.     On information and belief, among Cangelosi's many wrongful acts and

10  misrepresentations, Cangelosi's May 13 letter stated, "The more money Compass invests in

11  this portfolio [referring to Compass's business decision to purchase various rights of certain

12  Direct Lenders in one of the investments], the higher return they must realize." In addition

13  to being false, the statement mischaracterizes Compass and ignores the simple fact that, by

14  buying those rights, Compass stands in the *exact same shoes* as that investment's Direct

15  Lenders. This mischaracterization is false and operates to reduce Compass's reputation in

16  the community and interferes with Compass's ability to conduct its business. This

17  intentional interference harms Compass and the Direct Lenders.

18         28.     On information and belief, among Cangelosi's many wrongful acts and

19  misrepresentations, Cangelosi caused to be created and maintained a web site

20  (www.usacapitallendersprotectiongroup.com) (the "Cangelosi web site") that encourages

21  Direct Lenders to breach their agreements with Compass.   The Cangelosi web site

22  frequently disparages Compass by referring to Compass as "Buffalo Hunters" and

23  "predators" who will put its interests above the Direct Lenders' interests. These disparaging

24  statements are false.  Additionally, the Cangelosi web site frequently warns that executing

25  any Compass propounded documents, all of which serve Compass's and the Direct Lenders'

26  legitimate business purposes, will "erode" the Direct Lenders' "rights."  However, pursuant

27  to the Loan Servicing Agreements, the Direct Lenders are obligated to execute the necessary

28

documents to service and otherwise administer the loan portfolio; therefore, Cangelosi's comments are both false and intentionally interfering.  Lastly, the Cangelosi web site encourages and publishes false and disparaging statements made by others.  Consequently, the Cangelosi web site operates to reduce Compass's reputation in the community and interferes with Compass's ability to conduct its business. This intentional interference harms Compass and the Direct Lenders.  Cangelosi, by creating and maintaining the web site, is responsible for the harms the Cangelosi web site causes.

29.    Consistent with her self-appointed and/or voluntary role, Cangelosi will continue to misrepresent the true facts and to disparage Compass to other Direct Lenders, individual borrowers, media outlets, and government officials including regulatory agencies and elected politicians.

30.    By continuing her misrepresentations and disparagement of Compass to other Direct Lenders, individual borrowers, media outlets, and government officials including regulatory agencies and elected politicians, Cangelosi will continue to harm Compass as well the Direct Lenders by preventing the orderly and efficient administration of the loan portfolio.

**First Claim For Relief**
(Intentional Interference with Contractual Relations)

31.    Compass incorporates the prior and succeeding paragraphs as if they were set forth fully herein.

32.    USA Commercial Mortgage Company and the Direct Lenders entered into valid and existing contracts for loan servicing.

33.    Compass is the rightful owner of the rights enjoyed by USA Commercial Mortgage Company pursuant to an Asset Purchase Agreement and the United States Bankruptcy Court for the District of Nevada's Order.

34.    Defendants knew of the Loan Servicing Agreements, the Asset Purchase Agreement, and the United States Bankruptcy Court for the District of Nevada's Order.

Bullivant|Houser|Bailey PC
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: 702.650.6565
Facsimile: 702.650.2995

35. Defendants committed intentional acts intended or designed to disrupt the contractual relationships between Compass and the other Direct Lenders.

36. Defendants' intentional acts are on going.

37. Defendants intentional acts were made with fraud, oppression, or malice, expressed or implied.

38. There has been a disruption in the contractual rights due to the Defendants' intentional acts.

39. Compass suffered damages as a result of the disruption caused by the Defendants.

40. It has been necessary for Compass to retain the services of legal counsel to prosecute this action; therefore, Compass is entitled to attorneys' fees and costs related to this action.

### Second Claim For Relief
(Intentional Interference with Prospective Economic Advantage)

41. Compass incorporates the prior and succeeding paragraphs as if they were set forth fully herein.

42. Prospective contractual relationships exist or existed between Compass and third parties.

43. Defendants knew of these prospective relationships.

44. Defendants intended to harm Compass by preventing the relationships.

45. Defendants had no privilege or justification for their intentional interference.

46. Defendants' conduct resulted in actual harm to Compass.

47. It has been necessary for Compass to retain the services of legal counsel to prosecute this action; therefore, Compass is entitled to attorneys' fees and costs related to this action.

///

Bullivant|Houser|Bailey PC
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: 702.650.6565
Facsimile: 702.650.2995

### Third Claim For Relief
(Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing)

48.    Compass incorporates the prior and succeeding paragraphs as if they were set forth fully herein.

49.    Defendants entered into valid and existing contracts for loan servicing with USA Commercial Mortgage Company.

50.    Compass is the rightful owner of the rights enjoyed by USA Commercial Mortgage Company pursuant to an Asset Purchase Agreement and the United States Bankruptcy Court for the District of Nevada's Order.

51.    Defendants owed a duty of good faith to Compass.

52.    Defendants breached that duty by performing in a manner that was unfaithful to the purpose of the contract.

53.    Compass's justifiable expectations were thus denied.

54.    It has been necessary for Compass to retain the services of legal counsel to prosecute this action; therefore, Compass is entitled to attorneys' fees and costs related to this action.

### Fourth Claim For Relief
(Defamation)

55.    Compass incorporates the prior and succeeding paragraphs as if they were set forth fully herein.

56.    Defendants made false and/or defamatory statements concerning Compass.

57.    Unprivileged publications of Defendants' false and/or defamatory statements were made to third persons.

58.    Defendants' false and/or defamatory statements were negligently and/or intentionally made.

59.    Defendants' false and/or defamatory statements concerned Compass's alleged lack of fitness for its trade, business, or profession.

60.     Compass suffered actual or presumed damages as a result of the false and/or defamatory statements.

61.     Defendants' false and/or defamatory statements are ongoing.

62.     Defendants' false and/or defamatory statements were made and are being made with fraud, oppression, or malice, expressed or implied.

63.     It has been necessary for Compass to retain the services of legal counsel to prosecute this action; therefore, Compass is entitled to attorney's fees and costs related to this action.

**Prayers For Relief**

On its First Claim for Relief, **Intentional Interference with Contractual Relations**, Compass prays for:

a)      injunctive relief causing a cessation in the intentional interference of contractual relations,

a)      damages in excess of $10,000,

b)      punitive damages,

c)      costs of suit incurred and reasonable attorneys' fees, and

d)      such other and further relief as the Court deems just and proper.

On its Second Claim for Relief, **Intentional Interference with Prospective Economic Advantage**, Compass prays for:

a)      injunctive relief causing a cessation in the intentional interference with prospective economic advantage,

b)      damages in excess of $10,000,

c)      punitive damages,

d)      costs of suit incurred and reasonable attorneys' fees, and

e)      such other and further relief as the Court deems just and proper.

Bullivant|Houser|Bailey PC
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: 702.650.6565
Facsimile: 702.650.2995

1    On its Third Claim for Relief, **Contractual Breach of the Implied Covenant of**

2  **Good Faith and Fair Dealing**, Compass prays for:

3          a)    damages in excess of $10,000,

4          b)    costs of suit incurred and reasonable attorneys' fees, and

5          c)    such other and further relief as the Court deems just and proper.

6

7    On its Fourth Claim for Relief, **Defamation**, Compass prays for:

8          f)    injunctive relief causing a cessation in the defamatory statements,

9          g)    damages in excess of $10,000,

10         h)    punitive damages,

11         i)    costs of suit incurred and reasonable attorneys' fees, and

12         j)    such other and further relief as the Court deems just and proper.

13

14   DATED: May _18_, 2007.

15

16                                   BULLIVANT HOUSER BAILEY PC

17

18                                   By _Timothy J. Geswein_
19                                   Peter C. Bernhard, Nevada Bar No. 734
                                     Joseph P. Hardy, Nevada Bar No. 7370
20                                   Timothy J. Geswein, Nevada Bar No. 10049
                                     3980 Howard Hughes Parkway, Suite 550
21                                   Las Vegas, Nevada 89169

22                                   Attorneys for Plaintiffs

23

24

25

26

27

28

Bullivant|Houser|Bailey PC
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: 702.650.6565
Facsimile: 702.650.2995