JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
3685 San Fernando Lenders, LLC, et al.

**DEFENDANTS**
Compass USA SPE, LLC, et al.

**(b)** County of Residence of First Listed Plaintiff    Washoe
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    New York
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)
Peter Bernard, Esq.
Bullivant Houser Bailey PC
3980 Howard Hughes Pkwy, Ste. 550
Las Vegas, NV 89169

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 2201, et seq., 28 USC 1332, NRS 645B, NAC 645B
Brief description of cause:
Declaratory Relief and Damages

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)   JUDGE                     DOCKET NUMBER

DATE   May 21, 2007

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

# Exhibit "A"

**STATE OF NEVADA
DEPARTMENT OF BUSINESS AND INDUSTRY
DIVISION OF MORTGAGE LENDING**

1

2

3   In Re:                             )

4                                  )

   USA COMMERCIAL MORTGAGE     )   **FINAL ORDER CONDITIONING**

   COMPANY,                       )   **MORTGAGE BROKER'S LICENSE**

6    d/b/a USA CAPITAL,           )

                               )

7             Respondent.      )

8

9      The STATE OF NEVADA, DEPARTMENT OF BUSINESS AND INDUSTRY, DIVISION

10 OF MORTGAGE LENDING ("Division"), having served USA Commercial Mortgage Company,

11 d/b/a USA Capital ("Respondent"), on May 1, 2006, with an **Order Conditioning Mortgage**

12 **Broker's License**, attached hereto as Exhibit 1, and incorporated herein by this reference,

13 notifying Respondent that a final order would be entered unless, within 20 days after entry

14 and receipt of the order, Respondent requested in writing a hearing to contest the charges,

15 and the Respondent having failed to request a hearing in this matter, and good cause

16 appearing;

17      IT IS HEREBY ORDERED that Respondent's license is conditioned upon the

18 Respondent not making any loans secured by liens on real property funded by private, non-

19 institutional investors; Respondent may only make loans secured by liens on real property

20 funded by institutional investors.

21

22

23

24

25

26  ///

27  ///

28  ///

-1-

EXHIBIT "A"

1    The Division is currently conducting an investigation into USA's past activities and does

2  not represent that the Factual Allegations in the attached Exhibit 1 are complete, or that the

3  entry of the Final Order conditioning of Respondent's license will be the only action that the

4  Division intends to take against Respondent.

6    DATED this 9th day of June 30 2006.

7

8                              DIVISION OF MORTGAGE LENDING

9

10

11  By: _____

12  SCOTT BICE, COMMISSIONER

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

**AFFIDAVIT OF SERVICE**

STATE OF NEVADA      )
                           )
COUNTY OF CLARK     )

    I HEREBY CERTIFY that on the 12th day of June 2006, I served the foregoing <u>Final</u> <u>Order Conditioning Mortgage Broker's License</u> upon USA Commercial Mortgage Company dba USA Capital at 4484 S. Pecos Road, Las Vegas, State of Nevada, by:

    1.    Personally delivering a copy to the following person at: 4484 S. Pecos Road, Las Vegas, State of Nevada

_____
Person Receiving Service

_____
Person Making Service

SUBSCRIBED AND SWORN to me

This 12 day of June 2006.
By:

_____
NOTARY PUBLIC in and for said
County and State

> AMANDA STEVENS
> NOTARY PUBLIC
> STATE OF NEVADA
> Date Appointment Exp: 01-16-2010
> Certificate No: 02-72937-1

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

-1-

**STATE OF NEVADA**
**DEPARTMENT OF BUSINESS AND INDUSTRY**
**DIVISION OF MORTGAGE LENDING**

In re:

USA COMMERCIAL MORTGAGE
COMPANY, d/b/a USA CAPITAL,

        Respondent.

## ORDER CONDITIONING MORTGAGE BROKER'S LICENSE

## NOTICE OF RIGHT TO REQUEST HEARING

The licensing and regulation of mortgage brokers in the State of Nevada is governed by chapter 645B of the Nevada Revised Statutes ("NRS") and chapter 645B of the Nevada Administrative Code ("NAC"). The State of Nevada, Department of Business and Industry, Mortgage Lending Division ("Division") has the general duty to exercise supervision and control over mortgage brokers and mortgage brokering activity. NRS 645B.060(1), NRS 645B.690 (1)(a) and NRS 645B.670. Pursuant to that authority, the Division makes the following Findings of Fact, Conclusions of Law, and Order as follows:

### FACTUAL ALLEGATIONS

1.    USA Commercial Mortgage Company, dba USA Capital ("USA") is a licensed mortgage broker operating within the State of Nevada. USA Capital was issued a mortgage broker's license pursuant to NRS 645B on January 11, 1990.

2.    On Thursday, April 13, 2006, USA filed a voluntary petition for reorganization under Chapter 11 in the U.S. Bankruptcy Court of the Southern District of Nevada.

3.    On or after April 13, 2006, USA stated to the Division that a significant number of borrowers were currently, and should have previously been considered delinquent on the payment of loans secured by liens on real property. USA also indicated that it continued to pay investors the stated amount of interest on loans which should have been considered delinquent.

4. Thomas Allison retained by USA as Chief Restructuring Officer, stated to the Division that USA had continued to pay investors on loans which had defaulted from other loans which had partial or complete payments of principal.

5. USA controlled and directed the activity of the individual trust accounts to which monies were collected from borrowers for complete or partial repayment of principal and interest payments on loans secured by liens on real property.

6. USA failed to reveal on its required monthly activity reports to the Commissioner that it had borrowers/ debtors with loans secured by liens on real property who had failed to make two or more consecutive payments in accordance with the terms of their loans. USA also failed to notify investors/lenders that borrowers had failed to make two or more consecutive payments in accordance with the terms of their loans secured by liens on real property.

## ALLEGED VIOLATIONS OF LAW

The licensing and regulation of mortgage brokers and mortgage agents in the State of Nevada is governed by NRS chapter 645B and NAC chapter 645B. The Division has the duty to exercise supervision and control over mortgage brokers. NRS 645B.060(1). In addition, the Division has the responsibility to take disciplinary action for certain violations of NRS chapter 645B or NAC chapter 645B.

NRS 645B.670 provides in relevant part:

2. For each violation committed by a mortgage broker, the Commissioner may impose upon the mortgage broker an administrative fine of not more than $10,000, may suspend, revoke or place conditions upon his license, or may do both, if the mortgage broker, whether or not acting as such:
(c) Does not conduct his business in accordance with law or has violated any provision of this chapter, a regulation adopted pursuant to this chapter or an order of the Commissioner;

1. USA controlled and directed the activity of individual trust accounts where money paid by borrowers for complete or partial repayment of principal and interest on their loans secured by liens on real property was to be kept. NRS 645B.175(4) requirements o

1  mortgage brokers when mortgage brokers maintain/service accounts where money paid by

2  borrowers for complete or partial repayment on loans secured by liens on real property is

3  kept. In relevant part, NRS 645B.175 states:

4

5      4. Except as otherwise provided in this section, all money paid to
   a mortgage broker and his mortgage agents by a person in full or

6  in partial payment of a loan secured by a lien on real property,
   must:

7    (a) Be deposited in:
     (1) An insured depository financial institution; or

8    (2) An escrow account which is controlled by a person who is
   subject to instructions regarding the account which are approved

9  by the parties.
     (b) Be kept separate from money:

10   (1) Belonging to the mortgage broker in an account appropriately
   named to indicate that it does not belong to the mortgage broker.

11   (2) Received pursuant to subsection 1.

12     5. Except as otherwise provided in this section, the amount held
   in trust pursuant to subsection 4:

13   (a) Must be released, upon the deduction and payment of any fee
   or service charge due the mortgage broker, to each investor who

14 owns a beneficial interest in the loan in exact proportion to the
   beneficial interest that he owns in the loan; and

15   (b) Must not be released, in any proportion, to an investor who
   owns a beneficial interest in the loan, unless the amount described

16 in paragraph (a) is also released to every other investor who owns
   a beneficial interest in the loan.

17     6. An investor may waive, in writing, the right to receive one or

18 more payments, or portions thereof, that are released to other
   investors in the manner set forth in subsection 5. A mortgage

19 broker or mortgage agent shall not act as the attorney-in-fact or
   the agent of an investor with respect to the giving of a written

20 waiver pursuant to this subsection. Any such written waiver applies
   only to the payment or payments, or portions thereof, that are

21 included in the written waiver and does not affect the right of the

22 investor to:
     (a) Receive the waived payment or payments, or portions thereof,

23 at a later date; or
     (b) Receive all other payments in full and in accordance with the

24 provisions of subsection 5.

25     . . .

26     9. If a mortgage broker or a mortgage agent receives any money
   pursuant to this section, the mortgage broker or mortgage agent,

27 after the deduction and payment of any fee or service charge due
   the mortgage broker, shall not release the money to:

28   (a) Any person who does not have a contractual or legal right to

(b) Any person who has a contractual right to receive the money if the mortgage broker or mortgage agent knows or, in light of all the surrounding facts and circumstances, reasonably should know that the person's contractual right to receive the money violates any provision of this chapter or a regulation adopted pursuant to this chapter.

(a)    USA violated NRS 645B.175 (4)(a) because it did not deposit money received from borrowers for complete or partial repayment of principal and interest payments on loans secured by liens on real property in an insured depository financial institution or in an escrow account controlled by a person subject to instructions regarding the account that were approved by the parties.    Rather, USA took borrower money it received in full or partial repayment of borrower loans secured by liens on real property and used this money to pay investors of loans that were in default.

(b)    USA violated NRS 645B.175(5)(a) because it did not release, after payment of any fee or service charge due to the mortgage broker, money received for complete or partial repayment of principal and interest on loans secured by liens on real property to each investor who owned a beneficial interest in the exact proportion to the interest that the investor owned in the loan;    rather, USA took the money it received in complete or partial repayment of principal and interest on loans secured by liens on real property and used this money to pay investors of loans that were in default.

(c)    USA violated NRS 645B.175(9)(a) because it released money to investors of loans secured by liens on real property that were in default who did not have a contractual or legal right to receive the money.    Rather USA took the money it received in full or partial repayment of principal and interest on loans secured by liens on real property and used this money to pay the investors of loans that had defaulted.

2.    USA violated NRS 645B.250, which states:

Except pursuant to a contract for the collection or servicing of a loan which is governed by the requirements established by the Government National Mortgage Association, Federal Home Loan Mortgage Corporation or Federal National Mortgage Association, a mortgage broker or mortgage agent shall not advance payments to

an investor on behalf of a person who has obtained a loan secured
by a lien on real property and who has defaulted in his payments.

(a)    Mr. Allison admitted to the Division that USA was advancing payments to
investors on behalf of borrowers who had defaulted on loan secured by liens on real property.

3.    USA    violated NRS 645B.260, which states:

1.  If a mortgage broker maintains any accounts described in
subsection 4 of NRS 645B.175 in which the mortgage broker
deposits payments from a debtor on a loan secured by a lien on
real property and, on the last day of any month, the debtor has
failed to make two or more consecutive payments in accordance
with the terms of the loan, the mortgage broker shall:
(a) Include in the report that the mortgage broker submits to
the Commissioner pursuant to subsection 2 of NRS 645B.080 the
information relating to delinquencies in payments and defaults that
is required by the regulations adopted pursuant to subsection 2;
(b) Not later than 15 days after the last day of each such
month, mail to the last known address of each investor who owns
a beneficial interest in the loan a notice containing the information
relating to delinquencies in payments and defaults that is required
by the regulations adopted pursuant to subsection 2; and
(c) Comply with the provisions of this section each month on a
continuing basis until:
(1) The debtor or his designee remedies the delinquency
in payments and any default; or
(2) The lien securing the loan is extinguished.
2. The Commissioner:
(a) Shall adopt regulations prescribing the information relating
to delinquencies in payments and defaults that a mortgage broker
must include in his report to the commissioner and in the notice
mailed to investors pursuant to subsection 1. Such regulations
may provide for variations between the information that a
mortgage broker must include in his report to the Commissioner
and the information that a mortgage broker must include in the
notice mailed to investors.
(b) May adopt any other regulations that are necessary to carry
out the provisions of this section.

With regard to notice obligations owed to investors, NAC 645B.070
further defines the obligations of a mortgage broker.  NAC 645B.070 states in
relevant part, that:

2.  If, on the last day of any month, a debtor has failed to
make two or more consecutive payments in accordance with the
terms of the loan, a mortgage broker who is performing loan

servicing and maintains any accounts described in subsection 4 of NRS 645B.175 shall:

(a) Include in his report to the Commissioner:

(1) The name, address and telephone number of the debtor;

(2) The total number and amount of any payments made on the current delinquency;

(3) The outstanding balance of the loan and any accrued interest on the last day of the month for which the report is submitted;

(4) A statement of whether the loan has been declared to be in default and, if so, the nature of any actions that have been taken because of the default; and

(5) The date on which the mortgage broker sent the notice to investors required pursuant to paragraph (b) of this subsection and paragraph (b) of subsection 1 of NRS 645B.260.

(b) Mail a notice containing the following information to the last known address of each investor who owns a beneficial interest in the loan not later than 15 days after the last day of each such month:

(1) The name, address and telephone number of the debtor;

(2) The total number of months and days that the debtor has failed to make a payment;

(3) The outstanding balance of the loan and any accrued interest on the last day of the month for which the notice is submitted; and

(4) A statement of whether the loan has been declared to be in default and, if so, the nature of any actions that have been taken because of the default.

3. If the mortgage broker is not servicing any loans in which a debtor has failed to make two or more consecutive payments in accordance with the terms of the loan, the monthly report required pursuant to subsection 1 must state that fact.

4. The mortgage broker must comply with the provisions of subsection 2 each month until:

(a) The debtor or his designee remedies the delinquency in payments and any default; or

(b) The lien securing the loan is extinguished.

5. The Commissioner may refuse to renew the license of a mortgage broker who has not submitted a monthly report required by subsection 1 for 1 or more of the preceding 12 months.

(a)    USA violated NRS645B.280(1)(a) because it failed to report the Division on it monthly activity reports that it had any delinquent loans secured by liens on real property, ye after USA filed bankruptcy Allison informed the Division that USA had delinquent loans.

1     (b)    USA violated NRS645B.280(1)(b) because it did not, no later than 15 days after

2    the last day of the month, when it was aware that debtors had failed to make two or more

3    consecutive payments in accordance with the terms of the loan, mail to investors who owned

4    beneficial interests in the defaulting loans, the debtors name, address and telephone number,

5    nor did USA ever mail to investors and of the information required in NRS 645B.070(5), nor

6    did it indicate in any way to investors that their loans were in default when, in some cases,

7    borrowers had not paid on their loans secured by liens on real property.

8

9     5.    USA violated NRS 645B.670. NRS 645B.670 states:

10

11        Except as otherwise provided in NRS 645B.690:

12        1.  For each violation committed by an applicant for a license issued pursuant to this chapter, whether or not he is issued a

13    license, the Commissioner may impose upon the applicant an administrative fine of not more than $10,000, if the applicant:

14        (a) Has knowingly made or caused to be made to the Commissioner any false representation of material fact;

15        (b) Has suppressed or withheld from the Commissioner any information which the applicant possesses and which, if submitted

16    by him, would have rendered the applicant ineligible to be licensed pursuant to the provisions of this chapter; or

17        (c) Has violated any provision of this chapter, a regulation adopted pursuant to this chapter or an order of the Commissioner

18    in completing and filing his application for a license or during the course of the investigation of his application for a license.

19        2.  For each violation committed by a mortgage broker, the Commissioner may impose upon the mortgage broker an

20    administrative fine of not more than $10,000, may suspend, revoke or place conditions upon his license, or may do both, if the

21    mortgage broker, whether or not acting as such:

22        (a) Is insolvent;

23        (b) Is grossly negligent or incompetent in performing any act for which he is required to be licensed pursuant to the provisions of this chapter;

24        (c) Does not conduct his business in accordance with law or has violated any provision of this chapter, a regulation adopted

25    pursuant to this chapter or an order of the Commissioner;

26        (d) Is in such financial condition that he cannot continue in business with safety to his customers;

27        (e) Has made a material misrepresentation in connection with any transaction governed by this chapter;

28

(f) Has suppressed or withheld from a client any material facts, data or other information relating to any transaction governed by the provisions of this chapter which the mortgage broker knew or, by the exercise of reasonable diligence, should have known;

(g) Has knowingly made or caused to be made to the Commissioner any false representation of material fact or has suppressed or withheld from the Commissioner any information which the mortgage broker possesses and which, if submitted by him, would have rendered the mortgage broker ineligible to be licensed pursuant to the provisions of this chapter;

(h) Has failed to account to persons interested for all money received for a trust account;

(i) Has refused to permit an examination by the Commissioner of his books and affairs or has refused or failed, within a reasonable time, to furnish any information or make any report that may be required by the Commissioner pursuant to the provisions of this chapter or a regulation adopted pursuant to this chapter;

(j) Has been convicted of, or entered a plea of nolo contendere to, a felony relating to the practice of mortgage brokers or any crime involving fraud, misrepresentation or moral turpitude;

(k) Has refused or failed to pay, within a reasonable time, any fees, assessments, costs or expenses that the mortgage broker is required to pay pursuant to this chapter or a regulation adopted pursuant to this chapter;

(l) Has failed to satisfy a claim made by a client which has been reduced to judgment;

(m) Has failed to account for or to remit any money of a client within a reasonable time after a request for an accounting or remittal;

(n) Has commingled the money or other property of a client with his own or has converted the money or property of others to his own use;

(o) Has engaged in any other conduct constituting a deceitful, fraudulent or dishonest business practice;

(p) Has repeatedly violated the policies and procedures of the mortgage broker;

(q) Has failed to exercise reasonable supervision over the activities of a mortgage agent as required by NRS 645B.460;

(r) Has instructed a mortgage agent to commit an act that would be cause for the revocation of the license of the mortgage broker, whether or not the mortgage agent commits the act;

(s) Has employed a person as a mortgage agent or authorized a person to be associated with the mortgage broker as a mortgage agent at a time when the mortgage broker knew or, in light of all the surrounding facts and circumstances, reasonably should have known that the person:

(1) Had been convicted of, or entered a plea of nolo contendere to, a felony relating to the practice of mortgage agents or any crime involving fraud, misrepresentation or moral turpitude; or

(2) Had a financial services license or registration suspended or revoked within the immediately preceding 10 years;

(t) Has failed to pay a tax as required pursuant to the provisions of chapter 363A of NRS; or

(u) Has not conducted verifiable business as a mortgage broker for 12 consecutive months, except in the case of a new applicant. The Commissioner shall determine whether a mortgage broker is conducting business by examining the monthly reports of activity submitted by the mortgage broker or by conducting an examination of the mortgage broker.

(a)    USA violated NRS 645B.670(1)(a) because it knowingly made to the Division a false representation of material fact, To Wit: USA did not indicate on its monthly activity reports to the Division that it had any loans in default, and therefore represented that all of its loans were being paid by borrowers in accordance with terms of the loan.

(b)    USA violated NRS 645B.670(c) because it has violated NRS 645B.175, NRS 645B.280, ad NAC 645B.070, as referenced above.

(c)    USA violated NRS 645B.670(f) because it suppressed or withheld from investors the fact that many of the investors' loans secured by liens on real property were not being paid in accordance with the terms of the loan agreements, but were in fact in default.

(d)    USA violated NRS 645B.670(o) because it engaged in a deceitful, fraudulent or dishonest business practice, To Wit: USA took money from accounts containing money from borrowers who had paid off their loans and used that money to pay investors whose loans were in default.

6.    The Division is still conducting an investigation into USA's past activities and does not represent that the findings listed in this Order Conditioning Mortgage Broker's License are complete, or that the action it seeks to take against USA in this Order will be the only action that the Division intends to take against USA.

7.    NRS 645B.670(2) allows the Commissioner to suspend, revoke or place conditions upon a mortgage broker's license if the broker violates NRS 645B.670. The Division alleges that USA has violated provisions of NRS 645B.670. Therefore, the Commissioner may suspend, revoke or condition USA's mortgage broker license. The Commissioner therefore imposes certain conditions USA's mortgage broker's license. These

1  conditions are: USA will not make any loans secured by liens on real property funded by

2  private, non-institutional investors; USA may only make loans secured by liens on real

3  property funded by institutional investors.

### ORDER

5      NOW, THEREFORE, IT IS HEREBY ORDERED that USA mortgage broker's license is

6  conditioned upon USA not making any loans secured by liens on real property funded by

7  private, non-institutional investors; USA may only make loans secured by liens on real

8  property funded by institutional investors.

9      IT IS FURTHER ORDERED that, pursuant to NRS 645B.750, upon written application

10 to the Division, that USA entitled to a hearing with regard to this Order.  Should USA not

11 request a hearing within **twenty (20) days** of the receipt of this Order, the Division will enter a

12 Final Order in this matter as required by NRS 645B.750(2).

13      DATED this ___st day of May 2006.

14                              STATE OF NEVADA
                                DEPARTMENT OF BUSINESS AND INDUSTRY
15                              DIVISION of MORTGAGE LENDING

16                         By: _____

17                              Scott Bice, Commissioner

18

19

20

21

22

23

24

25

26

27

28

# Exhibit "B"

# MORTGAGE INVESTMENT DISCLOSURE FORM

**IMPORTANT:** Pursuant to NRS 645B.185, each investor must sign and date a disclosure form before a mortgage broker or mortgage agent accepts money for the investment. This form must be executed for each separate loan in which the investor invests money. A mortgage broker or mortgage agent may not act as the investor's attorney in fact or agent in the signing or dating of this form and may not by agreement alter or waive these disclosure requirements.

Description of loan:_____

## BEFORE YOU INVEST IN A PROMISSORY NOTE SECURED BY AN INTEREST IN REAL PROPERTY, YOU SHOULD KNOW . . .

The funding of a loan or purchase of a promissory note that is secured by a lien on real property (mortgage loan) is an investment that involves some risk.

An investment in a promissory note secured by a lien on real property, usually through a deed of trust (mortgage loan or mortgage loan investment), like most investments involves the risk that the investment will not perform as expected. The mortgage broker with whom you are dealing is not a depository institution, and a deed of trust investment is not secured by any depository insurance or insured or guaranteed by any agency of the State of Nevada or the Federal Government. Nevada law prohibits the mortgage broker with whom you are dealing from representing or even implying to you that he will ensure or guarantee that the investment will perform as expected. The borrower on the loan may default in required payments, and you may lose all or part of the principal amount you invested and/or the interest you expected to earn from the investment.

Some of the most significant factors that affect your risk in a mortgage loan investment include: (1) the knowledge, experience and integrity of the mortgage broker with whom you are dealing; (2) the market value and equity of the property that will secure the promissory note; (3) the borrower's financial standing and creditworthiness; (4) the escrow process involving the funding of the loan or purchase of the note; (5) the documents and instruments describing, evidencing and securing the loan; (6) the provisions regarding the collection and servicing of the loan; and (7) the provisions for enforcement of the deed of trust.

## You are entitled to information about the mortgage broker with whom you are investing.

You are entitled to receive information regarding the mortgage broker with whom you are dealing from the Division of Mortgage Lending, which may be contacted at either one of the following locations:

Division of Mortgage Lending          Division of Mortgage Lending
400 W. King Street, Suite 101          3075 E. Flamingo, Suite 100
Carson City, Nevada 89703              Las Vegas, Nevada 89121
(775) 684-7060                         (702) 486-0780

You have the right to request the mortgage broker with whom you are dealing to authorize the Division of Mortgage Lending to release to you the most recent financial statement of the mortgage broker on file with the Division. ☐ YES, I would like to review a financial statement. ☐ NO, I would not like to review a financial statement.

Investor Disclosure Page 1          EXHIBIT " B "

Disclosures required by subparagraphs (3) and (4) of paragraph (b) of subsection 6 of NRS 645B.185:

Has any disciplinary action been taken by the commissioner against the mortgage broker or any general partner, officer or director of the mortgage broker within the preceding 12 months? ☐YES ☐NO. If yes, describe below:

_____

_____

Has the mortgage broker or any general partner, officer or director of the mortgage broker been convicted within the preceding 12 months for violating any law, ordinance or regulation that involves fraud, misrepresentation or a deceitful, fraudulent or dishonest business practice? ☐YES ☐NO. If yes, describe below:

_____

_____

You also have the right, pursuant to subsection 3 of NRS 645B.090, to ascertain from the Division of Mortgage Lending:
- Whether the Division of Mortgage Lending has disciplined the mortgage broker during the immediately preceding 5 years.
- The findings and results of any investigation against the mortgage broker pursuant to the provisions of chapter 645B of NRS which was completed during the immediately preceding 5 years and which resulted in a finding by the commissioner that the mortgage broker committed a violation of a provision of this chapter or chapter 645B of NRS or an order of the commissioner.

## You are entitled to have a written appraisal of the property that is to secure your deed of trust investment as well as other information relating to the property.

The law requires the mortgage broker with whom you are dealing to obtain and make available for your inspection a written appraisal of the real property which is to secure the mortgage loan investment unless you specifically waive in writing your right to have the appraisal performed. An appraiser who is licensed or certified to perform real estate appraisals in this state must perform the appraisal if the property is located in this state. The mortgage broker with whom you are dealing is prohibited from performing the appraisal or providing any estimate or opinion of the value of the property that is to secure the mortgage loan investment, unless the mortgage broker is certified or licensed to perform the appraisal pursuant to chapter 645C of NRS. You are entitled to a copy of the appraisal upon request.

☐ I waive my right to an appraisal for this loan. Investor: _____

☐ I wish to review an appraisal for this loan. Date: _____

In addition to a written appraisal, you are entitled to know whether the real property that will secure the loan is encumbered by any other liens and, if so, the priority of each such lien, the amount of debt secured by each such lien and the current status of that debt, including, without limitation, whether the debt is being paid or is in default.

The real property that will secure this loan ☐ is ☐ is not encumbered by any other liens. If other liens exist, describe, for each lien:

Investor Disclosure Page 2

Description: _____

Amount encumbered: _____

Priority: _____

Current status: _____

You are entitled to review information relating to the financial standing and creditworthiness of the borrower and documentation relating to the mortgage loan. Pursuant to NAC 645B.080, you will be asked to complete a form in which you acknowledge that you had the opportunity to receive and review that information and documentation.

You are entitled to review documentation relating to how the mortgage loan is funded and serviced.

Nevada law requires the mortgage broker to fund the entire amount of the loan either out of his trust account directly to the borrower or through a third-party escrow agent. In most cases, the loan will be funded through a third-party escrow agent. An escrow is opened when money, documents, instruments and written instructions regarding the transaction (escrow instructions) are conditionally delivered by the principals to a third party (escrow agent). The escrow instructions set forth the conditions that must be satisfied or waived before the escrow agent may disburse your money to the borrower or the note holder. You have the right to review the escrow instructions. The escrow instructions should be consistent with your understanding of the loan transaction and should identity a specific promissory note and deed of trust (or interest therein). Escrow "closes" when all the conditions of the escrow instructions have been waived or satisfied, the instruments have been recorded and the money was disbursed. You have the right to review a closing statement relating to the escrow describing to whom and how the money was disbursed.

In many cases, including those cases where the investments consist of "fractionalized" interests, i.e., ownership of less than 100% of the mortgage investment, the loan requires servicing by an authorized agent. Loan servicing includes collecting payments from borrowers, disbursing payments to investors or note holders, mailing of appropriate notices, monitoring the status of senior liens and encumbrances, maintaining adequate insurance coverage and coordinating foreclosure proceedings. The mortgage broker with whom you are dealing is authorized by Nevada law to act as the servicing agent for the mortgage loan he originates. It is recommended that all persons investing in a mortgage loan which will be serviced by a servicing agent execute a written servicing agreement that clearly specifies the authority granted to the servicing agent. The servicing agreement should address issues such as: (1) the fees for servicing and how they are to be paid; (2) the person who has the authority to instruct the trustee under the deed of trust to commence foreclosure proceedings in the event of a default; (3) how, in the case of a "fractionalized" note and deed of trust with multiple parties owning beneficial interests, the parties are to determine and direct the actions to be taken in the event of default or with respect to other matters that involve the enforcement of terms of the promissory note and/or deed of trust (Nevada law requires that the documentation pertaining to a note and deed of trust owned initially by more than one natural person include a provision by which record holders of 51% or a greater specified percentage of the beneficial interests in the mortgage loan may direct certain actions that require direction or approval of the holders of beneficial interests); (4) the identity of the person responsible for holding the original promissory note and deed of trust; (5) how the loan servicing agreement may be terminated by the investors in the mortgage loan; (6) the right to obtain the names, addresses and phone numbers of other persons with beneficial interests in the loan; and (7) the monitoring of any senior liens.

Investor Disclosure Page 3

A mortgage broker performing loan servicing has an obligation to account to the borrower and every investor for money collected and disbursed in the exercise of that function.

## You have the right to know whether the mortgage broker with whom you are dealing, or any relative of the mortgage broker, is acting in any capacity, or has any other interest, other than as a mortgage broker.

Nevada law requires the mortgage broker with whom you are dealing to disclose to you whether he, or any relative of his, has any personal interest in the mortgage loan other than as a mortgage broker. For example, if the mortgage broker owns a 50% interest in the builder applying for a construction loan, the mortgage broker is required to disclose that interest to you. In addition, if a mortgage broker or a relative of the mortgage broker is licensed as, conducts business as or holds a controlling interest or position in (1) a construction control company, (2) an escrow agency, or (3) a title agent, a title insurer or an escrow officer of a title agent or title insurer, the mortgage broker must fully disclose that relationship to every investor, and may not require, as a condition to the acquisition or purchase of an interest in a mortgage loan, that the investor transact business with or use the services of the other business.

The mortgage broker, or a relative of the mortgage broker, has an interest in this loan in a capacity other than as a mortgage broker.☐ YES☐ NO. If yes, explain below:

_____

_____

## Collection of a promissory note and enforcement of a deed of trust involves some risk.

When the borrower on a mortgage loan fails to make required payments, the actions an investor can take, or that a servicing agent can take on behalf of an investor, are determined by provisions of Nevada law and the documents and instruments evidencing the mortgage loan. Frequently, the borrower who is delinquent on your loan is also delinquent on senior liens. Even though your loan may be current, the borrower may fail to maintain the payments on senior liens, such as taxes, insurance premiums or deeds of trust. A breach of or default in connection with a senior lien by the borrower most likely constitutes an event of default under your deed of trust. It is therefore important that the status of all senior liens be monitored. Before investing in a junior deed of trust, you should determine the amount of debt service (payments) required to maintain the senior lien(s). To protect your investment during any senior lien (loan) foreclosure, it may be necessary for you to maintain the payments (with your own money) on all senior liens. You may lose your interest in the property securing the loan if a senior lien forecloses on the property.

There will be other costs associated with enforcing a mortgage loan, such as attorney's fees and processing fees, and there will likely be a delay of some months before the foreclosure process is complete. Issues such as whether to commence a judicial or nonjudicial foreclosure, deficiency judgments, rents and profits if the property is income-producing, and bankruptcy may also need to be addressed.

If you have questions.

If you have any questions regarding any of the issues discussed in this disclosure form, discuss them with your mortgage broker, lawyer or financial advisor or a trusted friend or family member. No one can guarantee that a particular investment will be risk free, but with information about the specific risks involved, you can take steps to minimize your risk.

Loan:

_____

Investor signature required:

_____

Title (if investor is a corporation, partnership or limited-liability company):

_____

Dated: