Exhibit "A"

February 2, 2007

Standard Property Loan Direct Lenders

Re: In re USA Commercial Mortgage Company, Bankruptcy No. BK-S-06-10725-LBR (Bankr. D. Nevada); Standard Property Development, LLC v. Premiere Holdings Inc. Defined Benefit Pension Plan & Trust, et al., Case No. 2006-CA-5756 (9th Jud. Circuit Court for Orange County, Florida)

Dear Direct Lender:

The records of USA Commercial Mortgage Company ("USACM") indicate that you are one of the Direct Lenders in the following loan (the "Standard Property Loan") that is being serviced by USACM:

| | |
|---|---|
| Borrower Name or Loan Name: | Standard Property Development, LLC |
| Origination Date of Loan: | February 27, 2006 |
| Maturity Date of Loan: | March 16, 2007 |
| Current Principal Balance of Loan: | $9,640,000 |
| Guarantors of Loan: | George Venturella and Steven Parmee |
| Regular Interest Outstanding: | $733,924 as of December 31, 2006 |
| Number of Direct Lenders: | 116 |
| Appraisal Date for Hilco Appraisal: | May 22, 2006 |
| Hilco's Current Market Value for Collateral in Existing Condition: | $14,100,000 |

We have previously corresponded with you concerning the Borrower's lawsuit (the "Florida Lawsuit") in the Ninth Circuit Court for Orange County, Florida, which was filed against the Direct Lenders on the Standard Property Loan.

In the Florida Lawsuit, the Borrower claims that the Direct Lenders and USACM are obligated to advance additional loan funds under the Standard Property Loan in the amount of $8,110,000. The Borrower seeks a judgment in that amount, plus damages allegedly suffered by the Borrower due to the failure to advance these funds.

In connection with the Standard Property Loan, the Borrower executed a Promissory Note in favor of the Direct Lenders in the amount of $17,750,000.00. The Borrower also executed a Construction Loan Agreement which identifies the Loan Amount as $8,240,000. Section 3.2 of the Construction Loan Agreement states:

> From the Effective Date through and including January 31, 2007, [Direct] Lender[s] and USA[CM] shall have the exclusive right but not the obligation, to increase the Loan Amount to an amount not to exceed Seventeen Million Seven Hundred Fifty Thousand Dollars ($17,750,000). All amounts added to the Loan Amount after the Effective Date shall be advanced by [Direct] Lender[s] as and



EXHIBIT "A"

Direct Lender
February 2, 2007
Page 2

for approved construction costs related to the condominium conversion and Interest Reserve.

Pursuant to this section of the Construction Loan Agreement, additional loan funds were advanced by additional Direct Lenders in early 2006, increasing the principal amount of the Standard Property Loan to $9,640,000.

In the Florida Lawsuit, the Borrower claims, among other things, that the Direct Lenders and USACM are obligated to advance loan funds for a total Loan Amount of $17,750,000, though the Construction Loan Agreement states that the Direct Lenders and USACM have the "exclusive right but not the obligation to increase the Loan Amount" to this amount.

USACM believes the claims made by the Borrower in the Florida Lawsuit are contrary to the terms of the Construction Loan Agreement. However, in discussions between counsel for the Borrower and counsel for USACM, the Borrower's counsel has indicated that if the Direct Lenders, USACM, and Compass Partners, LLC ("Compass") as Assignee of USACM (the Court approved purchaser of certain assets of USACM) will agree to the Borrower's payment of the sum of $9,640,000 (the current principal balance of the Standard Property Loan) as payment in full of the Standard Property Loan, the Borrower will dismiss the Florida Lawsuit and release all claims against the Direct Lenders and USACM.

Compass is in agreement with the Borrower's proposed settlement, and has agreed that it will be bound by the settlement if it is approved by the Direct Lenders, even if the servicing of the Standard Property Loan is transferred from USACM to Compass in the interim. Compass has also agreed that it will not assert any reduction in the purchase price that Compass is to pay for the USACM assets (which will benefit all of the USACM creditors) if Compass is paid from the Borrower's settlement proceeds the amount of the accrued default interest on the Standard Property Loan. (The accrued default interest on the Standard Property Loan is to be assigned to Compass as part of Compass's purchase of certain USACM assets). The net amount that will be paid to the Direct Lenders from the Borrower's proposed settlement is approximately 90% of each Direct Lender's principal amount invested in the Standard Property Loan.

The purpose of this letter is to encourage each of the Direct Lenders on the Standard Property Loan to accept this proposed settlement of disputes associated with the Standard Property Loan, which is supported by USACM and by Compass. **If you accept this settlement, and all of the other Direct Lenders also accept this settlement, you will be paid approximately 90% of the principal amount of your interest in the Standard Property Loan. You will not be paid any interest on the Standard Property Loan, and approximately 10% of the principal amount of your interest in the Standard Property Loan will be waived. However, by accepting this settlement proposal, the Florida Lawsuit will be settled,** thereby avoiding litigation risks and litigation expenses to you and the other Direct Lenders and all other parties.

Direct Lender
February 2, 2007
Page 3

Please note that after the assets of USACM are transferred to Compass, the bankruptcy stay from USACM's bankruptcy case will no longer prevent the Borrower from proceeding forward with the Florida Lawsuit against the Direct Lenders. USACM believes that this settlement proposal is the best way to resolve this complex, contentious and potentially expensive litigation matter.

Under your Loan Servicing Agreement, USACM as Servicer is not permitted to forgive the payment of any principal or interest on the Standard Property Loan without your prior consent; provided, however, if you fail to grant or deny your consent within three business days after notice from USACM as Servicer, you are deemed to have conclusively given your consent.

If you consent to this discounted payoff proposal from the Borrower, you can either check the consent box below and return this letter to USACM, or if you prefer, you need not do anything further, and USACM will treat your silence as consent.

☐ ☐    I consent.
☐ ☐    I do not consent.

Signature of Direct Lender

By:_____
Its:_____

If you do not consent, please check the "I do not consent" box above, and then immediately fax or otherwise forward this letter to USACM at the following address so that it is received by USACM before the expiration of the three business day deadline outlined above:

    USA Commercial Mortgage Company
    c/o James Reed or Amanda Stevens
    4484 South Pecos Road
    Las Vegas, Nevada 89121-5030
    Facsimile No. 702-734-0163

If you would like to discuss this with a representative of USACM, please call Mark Olson at USACM at 702-734-2400, Option 4. Thank you for your consideration of this matter.

Very truly yours,

USA Commercial Mortgage Company

By: _____
    Mark Olson, Chief Operating Officer

911371.02/dmm

Exhibit "B"



March 7, 2007

Larry L. Rieger & Patsy R. Rieger Trustees of the Larry L. Rieger & Patsy R. Rieger Revocable Trust dated 8/14/91
2615 GLEN EAGLES DR
RENO, NV 89523-2080

RE:   Standard Property Development, LLC Loan Settlement

Dear Investor:

Compass Financial Partners, LLC ("CFP") and all parties associated with the Borrower for the Standard Property Development, LLC loan have reached an agreement to pay off the loan. The purpose of this letter is to obtain the consent of 100% of the Direct Lenders in this loan. The terms of the settlement are as follows:

- The Direct Lenders in the loan would receive 100% of their Unpaid Principal Balance
- The Direct Lenders would not receive any accrued Interest
- The Borrower would terminate its lawsuit against the Direct Lenders
- CFP will release the lien against the property

If 100% of the Direct Lenders in the loan do not consent, the remaining alternative is for CFP to begin a costly and time consuming foreclosure proceeding, as well as defend against the Borrower's cause of action against the Direct Lenders.

To give your consent to this settlement, you do not need to do anything and this notice will be treated as consent. The deadline for responses is 5:00 p.m. Pacific Time, March 14, 2007.

If you have any questions about the settlement or this request for consent, please call me at (702) 734-2400, option 3, or email molson@usacapitalcorp.com.

Sincerely,

Mark L. Olson
Director of Investor Relations

EXHIBIT "B"

4730 South Fort Apache Road
Suite 140
Las Vegas, NV 89147

Main: 702 734 2400

www.compass-partners.net

# Exhibit "C"



# PAYOFF STATEMENT

RE:  **Standard Property**
     **LOAN NO. 311**

Regarding the full repayment of the above loan, as of March 15, 2007, we are presenting a demand for $10,499,068.14 with a per diem of $2,205.74, this payoff remains subject to lender approval. Please wire the funds using the following wiring instructions:

For Principal:
   Bank of America, ABA # 026009593
For Further Credit to: USA Commercial Mortgage Co. Collection Trust Account
   Acct. # 3755532396

For Default Interest, Other Fees and Late Fees:
   JP Morgan Chase, ABA # 021000021
For Further Credit to: Silar Advisors-Compass USA
   Acct. # 957333374

Please prepare a reconveyance for signature and send it with the funds.

BY: USA Commercial Mortgage Co.
   Attorney in Fact for the lenders
   Mark Olson, COO

March 13, 2007

| | | |
|---|---|---|
| Principal | $ | 9,640,000.00 |
| Late Fees | $ | 47,394.43 |
| Other Fees | $ | 267,164.11 |
| Default Interest | $ | 544,509.60 |
| Total | $ | 10,499,068.14 |

EXHIBIT "C"

4484 South Pecos Road · Las Vegas, Nevada 89121
Phone: 702-734-2400 · Fax: 702-734-0163 · Toll Free: 888-921-8009 · www.TDInvestments.com

EXHIBIT "A"