AUGUST B. LANDIS, Assistant United States Trustee
State Bar # IA PK9228
*augie.landis@usdoj.gov*
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600 Ext. 235
Facsimile:  (702) 388-6658

Attorneys for the Acting United States Trustee
        SARA L. KISTLER

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

**USA Commercial Mortgage Company**
    **06-10725 -- Lead Case**

**USA Capital Realty Advisors, LLC**
    06-10726

**USA Capital Diversified Trust Deed Fund, LLC**
    06-10727

**USA Capital First Trust Deed Fund, LLC**
    06-10728

**USA Securities, LLC**
    06-10729                    Debtors

**Jointly Administered**
Chapter 11 Cases
Judge **Linda B. Riegle** Presiding

Date:  N/A
Time:  N/A
Place:  N/A

**Affecting:**
☐ All Cases
**or Only:**
☒ USA Commercial Mortgage Company
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA Capital First Trust Deed Fund, LLC
☐ USA Securities, LLC

**THE UNITED STATES TRUSTEE'S OPPOSITION TO FINAL APPLICATION OF KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP FOR ALLOWANCE OF ATTORNEYS' FEES AND REIMBURSEMENT AS ORDINARY COURSE BUSINESS COUNSEL FOR THE PERIOD DECEMBER 1, 2006 THROUGH FEBRUARY 28, 2007 [DE #3551]**

**TO THE HONORABLE LINDA B. RIEGLE, BANKRUPTCY JUDGE:**

For its Opposition to the Final Application of Kirkpatrick & Lockhart Preston Gates Ellis LLP for Allowance of Attorneys' Fees and Reimbursement as Ordinary Course Business Counsel for the Period December 1, 2006 Through February 28, 2007,

the United States Trustee states:

1. K&L Gates was retained as ordinary course business counsel pursuant to this Court's October 23, 2006 Order Granting Debtors' Motion for an Order Authorizing Retention of Professionals Utilized by Debtors in the Ordinary Course of Business [DE #1628].

2. The cover sheet to the Application reflects that K&L Gates seeks payment of $22,283.00 in fees, and reimbursement of $247.69 in expenses, for a total of $22,530.69.

3. While timekeepers are not identified by position in the monthly statements appended to the Application, sufficient information is contained in the cover sheet to allow full analysis of the time entries for which compensation is requested.

4. Time is not broken out into project categories. Task summaries are generally required for applications over $10,000. *See* In re Ginji, 117 B.R. 983 (Bankr. D. Nev. 1990). However, the work performed by K&L Gates that is the subject of the Application pertained to a single project, *i.e.*, resolving bankruptcy issues which arose in the West Hills Park Joint Venture Chapter 11 reorganization case pending in Texas[1], which had the potential to negatively impact the administration of these jointly administered cases.

5. Of the 85.30 total hours that are the subject of the Application:

    a. .30 hours, or .35% of the total, were billed by attorney Jeffery N. Rich at $625 per hour, the highest billing rate present in the Application;

    b. 6.7 hours, or 7.86% of the total, were billed by attorney Eric Moser at rates between $425 and $500 per hour;

    c. 7.7 hours, or 9.02% of the total, were billed by attorney Brian R. Forbes at rates between $390 and $415 per hour;

    d. 29.8 hours, or 34.94% of the total, were billed by attorney Linda G. Moore at rates between $300 and $340 per hour; and

---

[1] In re West Hills Park Joint Venture, Ch. 11 Case No. 0633996 (Bankr. S.D. Tex.)(Hon. Letita Z. Clark, presiding).

  e. 40.80 hours, or 47.83% of the total, were billed by paralegal Viviana Wilson at rates between $150 and $155 per hour.

The United States Trustee is satisfied that there was appropriate downward delegation among the K & L Gates professionals and paraprofessionals who performed the work detailed in the Application.

 6. Fees totaling $155.00 were billed by K & L Gates in preparation of the Application.[2]

 7. Review of the invoices appended to the Application shows that K & L Gates recorded its time task by task, without lumping.

 8. K & L Gates attorney Linda G. Moore billed full hourly rates for travel time to and from Houston as follows:

  a. On December 13, 2006 (2.2 hours @ $300/hour) for a total of $660.00; and

  b. On January 10, 2007 (3.0 hours @ $340/hour) for a total of $1,020.00.

Attorney time spent traveling to hearings is compensable at only half the usual professional billing rate. *See* Ginji, *supra*, at 994-95. Pursuant to Ginji and 11 U.S.C. § 330(a)(2), a reduction of $840.00 in the fees sought pursuant to the Application is warranted.

 9. A total of 4.5 hours of time was spent on intraoffice conferences and email communications exchanged among the K & L Gates professionals identified in the Application. Intraoffice billings are present on the following dates for the following timekeepers:

---

[2] Viviana Wilson billed 1 hour of time at the rate of $155/hour on January 5, 2007 to "Review statement for submission to court." The only other time entry apparently related to preparation of the Application is Ms. Wilson's February 13, 2007 time entry, which reflects "0.00" hours attendant to the time description "Review and revise invoice, pursuant to Bankruptcy Code."

a.  E. Moser:  12/5/06 (.1), 12/6/06 (.2), 12/7/06 (.2), 12/8/06 (.3), 12/11/06 (.2), 12/12/06 (.3), 12/15/06 (.2), 12/18/06 (.2), 12/19/06 (.1), 12/26/06 (.2), 1/9/07 (.4) = 2.4 hours

b.  B.R. Forbes:  12/11/06 (.5), 12/26/06 (.3) = .8 hours

c.  V. Wilson:  12/13/06 (.4), 12/26/06 (.2), 1/10/07 (.4) = 1.0 hour

d.  L.G. Moore:  12/26/06 (.2), 1/9/07 (.1) = .3 hours

The time billed for intraoffice conference and internal email exchange is often duplicative and the attendant service descriptions are vague. Pursuant to 11 U.S.C. § 330(a)(2), a reduction of $541.37 (1.5 hours at the $360.91 per hour blended rate for attorney time in the Application) is warranted.

WHEREFORE, the United States Trustee respectfully requests the Court to enter an order denying the Application, or reducing the compensation awarded to K & L Gates by $1,381.37 pursuant to Ginji and 11 U.S.C. § 330(a)(2). The United States Trustee further requests such other and additional relief as is just and equitable.

Respectfully submitted,

**SARA L. KISTLER**
**ACTING UNITED STATES TRUSTEE**
**REGION 17**

By: */s/ August B. Landis*
August B. Landis, Assistant United States Trustee
United States Department of Justice