Electronically filed June 7, 2007

Marc A. Levinson (California Bar No. 57613)
Jeffery D. Hermann (California Bar No. 90445)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: (916) 447-9200
Facsimile: (916) 329-4900
Email:   malevinson@orrick.com;
         jhermann@orrick.com

Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)
BECKLEY SINGLETON, CHARTERED
530 Las Vegas Boulevard South
Las Vegas, NV 89101
Telephone: (702) 385-3373
Facsimile: (702) 385-5024
Email:   bolson@beckleylaw.com;
         aloraditch@beckleylaw.com

*Attorneys for Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                               Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                               Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>                               Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                               Debtor. | **OMNIBUS OBJECTION OF POST-<br>EFFECTIVE DATE USA CAPITAL<br>DIVERSIFIED TRUST DEED FUND,<br>LLC, TO CLAIMS FILED BY JAMES** |
| In re:<br>USA SECURITIES, LLC,<br>                               Debtor. | **W. SHAW, FIRST TRUST COMPANY<br>OF ONAGA, CUSTODIAN FOR<br>CHARLES CUNNINGHAM, SR., IRA,<br>DOROTHEA K. OVERLEESE<br>REVOCABLE TRUST, HALSETH<br>FAMILY TRUST, KATRINE<br>MIRZAIAN, ERNEST J. MOORE,<br>DARLENE TURNER, DONALD AND<br>BEVERLY SWEZEY 2001 TRUST,<br>AND DAVID B. KRYNZEL** |
| Affects:<br>  ☐   All Debtors<br>  ☐   USA Commercial Mortgage Company<br>  ☐   USA Securities, LLC<br>  ☐   USA Capital Realty Advisors, LLC<br>  ☒   USA Capital Diversified Trust Deed Fund, LLC<br>  ☐   USA First Trust Deed Fund, LLC | Hearing Date:    July 27, 2007<br>Hearing Time:    9:30 a.m.<br><br>Courtroom:    1 |

Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC ("Diversified"), a revested debtor in the above-captioned cases, by and through its counsel noted above, hereby submits this Omnibus Objection of Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC To Claims Filed by James W. Shaw; First Trust Company of Onaga, Custodian For Charles Cunningham, Sr., IRA; Dorothea K. Overleese Revocable Trust; Halseth Family Trust; Katrine Mirzaian; Ernest J. Moore; Darlene Turner; Swezey 2001 Trust; And David B. Krynzel (the "Objection"). The Objection is based upon the grounds that the proofs of claim described herein and listed on **Exhibit 1**, attached hereto and made a part hereof, have been (i) late-filed after the Bar Date, as defined herein; (ii) erroneously filed by claimants who are members in Diversified ("Diversified Members") seeking recovery on their equity interests in Diversified; or (iii) erroneously filed against the Diversified estate for which Diversified has no liability on account of such claims whatsoever. The Objection is made pursuant to Section 502 of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules"), the points and authorities contained herein, the pleadings and papers on file with the Court in the above-captioned cases, and any argument of counsel the Court may wish to entertain at the hearing on this matter.

WHEREFORE, for all of the reasons set forth herein, Diversified respectfully requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing in their entirety the claims described herein and as listed on Exhibit 1 attached hereto; and (iii) granting such other and further relief as the Court deems just and proper.

DATED this 7th day of June 2007.

**BECKLEY SINGLETON, CHTD.**

By:_____/s/ Anne M. Loraditch_____
　　　Bob L. Olson (Nevada Bar No. 3783)
　　　Anne M. Loraditch (Nevada Bar No. 8164)
　　　530 Las Vegas Boulevard South
　　　Las Vegas, Nevada 89101

*Attorneys for Post-Effective Date USA Capital*
*Diversified Trust Deed Fund, LLC*

**POINTS AND AUTHORITIES**

**I.**

**JURISDICTION**

1.     The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2.     The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

**II.**

**STATEMENT OF FACTS**

**A.    Procedural Background Information.**

3.     On April 13, 2006 (the **"Petition Date"**), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA First Trust Deed Fund, LLC ("FTDF"), and the Diversified Fund (collectively with USACM, USA Securities, USA Realty, and the FTDF, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

4.     On May 4, 2006, the Court entered its Amended Order Approving Debtor's Ex Parte Application for Order Approving Employment of BMC Group, Inc. as the Claims Agent for Debtor's Estate [Docket No. 149] authorizing BMC Group, Inc. ("BMC") to serve as the Court's notice agent and to act as the claims agent for the Debtors.

5.     On May 9, 2006, the Court entered its Order Regarding Joint Administration Without Substantive Consolidation [Docket No. 184] linking the Chapter 11 Cases for joint administration under the USACM case name and number, BK-S-06-10725-LBR.

///

6.  On June 15, 2006, pursuant to Bankruptcy Code Section 521(a)(1)(B), each of the Debtors filed their "Summary of Schedules and Statement of Financial Affairs" (collectively, the "Schedules") based upon their books and records as of the Petition Date.

7.  On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] setting the deadline of November 13, 2006 ("Bar Date"), to file proofs of claim in the Chapter 11 Cases.

8.  On September 15, 2006, the Court approved the Stipulated Order re Proofs of Interest [Docket No. 1293], in which the Debtors, the duly appointed Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (the "Diversified Committee"), and the duly appointed Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee") stipulated that (1) the list of members with interests in Diversified and USA Capital First Trust Deed Fund, LLC ("FTDF") provided by the Debtors to BMC shall be deemed the list of equity security holders filed pursuant to Bankruptcy Rule 1007(a)(3) and shall constitute *prima facie* evidence of the validity and amount of equity security interests in Diversified and FTDF; (2) each holder of such interests shall be given notice of the Debtor in which it has an interest, and, if applicable, whether that interest is alleged to be contingent or disputed; (3) it shall not be necessary for the holders of such interests to file a proof of interest; and (4) the holders of such interests shall be deemed to have filed a proof of interest in the amount shown on the lists provided by the Debtors.

9.  On or around September 18, 2006, BMC mailed proof of claim and proof of interest forms, together with instructions explaining that (i) if any equity interest holder (such as a Diversified Member) wished to assert a claim (as opposed to an equity interest) against any of the Debtors, then that equity holder must file a proof of claim but that proofs of claim should only be filed in those instances where the claimant believed one of the Debtors owed the claimant monies for such things as damages, rescission, reimbursement or contribution; and (ii) if the equity interest holder had no disagreement with the amount indicated on the proof of

interest form included in the mailing, then that equity interest holder need take no action and his proof of interest in the Diversified Fund would be deemed allowed in the amount shown on the proof of interest form.

10.    On November 16, 2006, Debtors filed the Debtors Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan").

11.    On December 20, 2006, the Court orally confirmed the Plan and on January 8, 2007, the Court entered an order confirming the Plan [Docket No. 2376].

**B.    The Debtors' Businesses.**

12.    As of the Petition Date, USACM acted as the servicer for 115 separate loans (the "Loans") having a combined outstanding loan balance of approximately $962 million. *See* Supplemental Declaration of Thomas J. Allison in support of Debtors' Motions [Docket No. 130], ¶ 2. All but three of the Loans were to have been secured by a deed of trust recorded against commercial real property. *Id.*, at ¶ 3.

13.    According to the Debtors, there are an estimated 3,600 investors (the "Direct Lenders") whose names appear as lenders in the documents for one or more of the Loans. *Id.*, at ¶ 5. Diversified (together with FTDF, the "Fund Lenders") is one such Direct Lender.

**C.    Diversified and Its Holdings.**

14.    Diversified was formed in 2000 for the sole purpose of investing in non-insider loans secured by first position deeds of trust on real property.

15.    As of the Petition Date, Diversified had an interest as a Direct Lender in 23 of the Loans (the "Diversified Fund Loans"). In the Diversified Fund Loans, Diversified was the sole Direct Lender in 7 and held only a fractional interest in the remaining 16 Loans.

16.    Diversified is owned by approximately 1,344 Diversified Members who purchased membership interests in the Diversified corporate entity. It bears emphasizing that it is Diversified as a corporate entity, and not the Diversified Members, that is a Direct Lender on the Diversified Fund Loans. Likewise, it is Diversified's investments, and not those of the Diversified Members, that are secured – or should have been secured – by deeds of trust. The Diversified Members are only entitled to receive distributions from Diversified to the extent

1    Diversified has profits remaining after all of its expenses and valid claims have been paid.

2    Thus, the Diversified Members own Diversified, not Diversified's investments, by virtue of

3    their equity security interests.

4    **D.    Analysis of Claims Filed Against the Diversified Fund.**

5    17.    As of the filing of this Objection, 147 proofs of claim had been filed in the

6    Diversified case. Additionally, by orders of this Court dated January 22, 2007, and February

7    14, 2007 [Docket Nos. 2514 and 2765, respectively], only 10 claims remained outstanding

8    against Diversified.

9    18.    Counsel for Diversified has analyzed the 10 outstanding proofs of claim referred

10    to herein and have determined that (i) nine of the ten claims were filed *after* the Bar Date

11    ("Late-Filed Claims"); (ii) eight of the ten claims are claims based on equity ("Claims on

12    Equity") that were erroneously filed by claimants who are Diversified Fund Members seeking

13    recovery on their equity interests in Diversified; and (iii) one of the ten claims was filed by a

14    claimant who is not a Diversified Member whose claim ("Direct Lender Claim") appears to be

15    based on the claimant's investments as a Direct Lender. A detailed listing of the Late-Filed

16    Claims, Claims on Equity and the Direct Lender Claim is attached hereto as **Exhibit 1** and is

17    incorporated for all purposes herein by this reference.

18    19.    In summary, the Diversified Fund has no liability for any of the Late-Filed

19    Claims, Claims on Equity or the Direct Lender Claim, and all such claims should be disallowed

20    in their entirety.

21    **III.**

22    **ARGUMENT**

23    Bankruptcy Code Section 502 authorizes a party in interest to object to claims. *See* 11

24    U.S.C. §502(a). Upon such objection, this Court, "after notice and a hearing, shall determine

25    the amount of such claim in lawful currency of the United States as of the date of the filing of

26    the petition . . . ." 11 U.S.C. § 502(b). Although a proper proof of claim is presumed valid

27    under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has

28    the ultimate burden of persuasion as to the validity and amount of the claim. *Ashford v.*

1 | *Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P.

2 | 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (quoting *In re Allegheny International, Inc.*,

3 | 954 F.2d 167, 173-74 (3d Cir. 1992)).

4 |     The Bankruptcy Appellate Panel for the Ninth Circuit explained the shifting burdens of

5 | proof with respect to objection to proofs of claim as follows:

6 | > The burden of proof for claims brought in the bankruptcy court under 11
7 | > U.S.C.A. § 502(a) rests on different parties at different times. *Initially, the*
> *claimant must allege facts sufficient to support the claim. If the averments*
8 | > *in his filed claim meet this standard of sufficiency, it is "prima facie"*
> *valid. In other words, a claim that alleges facts sufficient to support a*
9 | > *legal liability to the claimant satisfies the claimant's initial obligation to*
> *go forward.* . . . The burden of persuasion is always on the claimant.
10 |

11 | *Id.* (emphasis added). Following this decision, the District Court for the Northern District of

12 | California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal

13 | liability, 'the claim is not prima facie valid." *In re Hongnisto*, 293 B.R. 45, 50 (N.D. Cal. 2003)

14 | (quoting *Consolidated Pioneer Mortg.*, 178 B.R. at 266) (holding that the claimant's proof of

15 | claim failed to allege sufficient facts to support a legal liability and consequently disallowed the

16 | proof of claim); *see Consolidated Pioneer Mortg.*, 178 B.R. at 227 (holding that because the

17 | proof of claim did not allege sufficient facts to support the claim, the proof of claim was

18 | disallowed).

19 |     Diversified has analyzed the Late-Filed Claims, Claims on Equity and Direct Lender

20 | Claim and has determined that Diversified has no liability on account of any of the Late-Filed

21 | Claims because such claims were filed against Diversified after the Bar Date, Diversified has no

22 | liability on the Claims on Equity because those claims are seeking recovery the respective

23 | Diversified Member's equity interest in Diversified, and that Diversified has no liability on the

24 | Direct Lender Claim because Diversified's books and records indicate such claimant is not a

25 | Diversified Member.

26 |     Accordingly, all of the Late-Filed Claims, Claims on Equity and the Direct Lender

27 | Claim should be disallowed in their entirety.

28 | ///

## IV.

## NOTICE

This Objection will be served on (i) all of the claimants who filed the Late-Filed Claims, Claims on Equity, and the Direct Lender Claim at the addresses set forth on the claimants' respective proofs of claim, (ii) all parties on the Post Effective [Date] [sic] Official Service List for Limited Notice No. 2 dated June 1, 2007 [Docket No. 3874] and (iii) all parties who have filed requests for special notice since the filing of such master service list.  In light of the nature of the relief requested, Diversified submits that no further notice need be given.

## V.

## CONCLUSION

WHEREFORE, for all of the reasons set forth herein, Diversified respectfully requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing in their entirety the claims described herein and as listed on Exhibit 1 attached hereto; and (iii) granting such other and further relief as the Court deems just and proper.

DATED this 7th day of June 2007.

**BECKLEY SINGLETON, CHTD.**

By:_____ /s/ Anne M. Loraditch_____
    Bob L. Olson (Nevada Bar No. 3783)
    Anne M. Loraditch (Nevada Bar No. 8164)
    530 Las Vegas Boulevard South
    Las Vegas, Nevada 89101

and

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Marc A. Levinson (California Bar No. 57613)
Jeffery D. Hermann (California Bar No. 90445)
400 Capitol Mall, Suite 3000
Sacramento, California  95814-4497

*Attorneys for Post-Effective Date USA Capital*
*Diversified Trust Deed Fund, LLC*

# EXHIBIT 1

## Proofs of Claim Subject to Objection

| Claim No. / Filing Date | Claimant | Claim Amount | Basis for Objection | Proposed Disposition |
|---|---|---|---|---|
| 138 / Filed 12/6/06 | James W. Shaw | $26,432.00 | Claim late-filed after the Bar Date. Claim based on equity interest in Diversified. | Disallow in its entirety |
| 139 / Filed 12/6/06 | First Trust Company of Onaga, Custodian for Charles Cunningham, Sr., IRA | $72,070.98 | Claim late-filed after the Bar Date. Claim based on equity interest in Diversified. | Disallow in its entirety |
| 140 / Filed 10/24/06 | Dorothea K. Overleese Revocable Trust | $100,000.00 | Claim based on equity interest in Diversified. | Disallow in its entirety |
| 141 / Filed 1/7/07 | Daniel R. Halseth & Sandra K. Halseth, TTEES of the Halseth Family Trust Totally Restated 4/21/00 | $Unknown | Claim late-filed after the Bar Date. Claimant is not a Diversified Member nor otherwise connected to Diversified.  Claim appears to be based on investments made as a Direct Lender. | Disallow in its entirety |
| 142 / Filed 1/9/07 | Katrine Mirzaian | $344,011.56 | Claim late-filed after the Bar Date. Claimant is not a Diversified Member nor otherwise connected to Diversified.  Claim appears to be based on investments made as a Direct Lender. | Disallow in its entirety |
| 143 / Filed 1/10/07 | Ernest J. Moore | $48,047.32 | Claim late-filed after the Bar Date. Claim based on equity interest in Diversified. | Disallow in its entirety |
| 144 / Filed 1/9/07 | Darlene Turner | $24,023.66 | Claim late-filed after the Bar Date. Claim based on equity interest in Diversified. | Disallow in its entirety |

OHS West:260095880.3

| | | | | |
|---|---|---|---|---|
| 145 /<br>Filed<br>1/09/07 | Donald Swezey and<br>Beverly W. Swezey<br>2001 Trust | $48,465.59 | Claim late-filed after the<br>Bar Date.<br>Claim based on equity<br>interest in Diversified. | Disallow in<br>its entirety |
| 146 /<br>Filed<br>12/20/06 | David B. Krynzel | $147,081.54 | Claim late-filed after the<br>Bar Date.<br>Claim based on equity<br>interest in Diversified. | Disallow in<br>its entirety |
| 147 /<br>Filed<br>12/20/06 | David B. Krynzel | $147,081.54 | Claim late-filed after the<br>Bar Date.<br>Claim based on equity<br>interest in Diversified. | Disallow in<br>its entirety |

{00400373;2}

OHS West:260095880.3