Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors

E-FILED ON JUNE 8, 2007

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                            Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                            Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                            Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                            Debtor. | **USA CAPITAL REALTY ADVISORS, LLC'S OBJECTION TO CERTAIN SCHEDULED CLAIMS**<br><br>(Affects USA Capital Realty Advisors, LLC) |
| In re:<br>USA SECURITIES, LLC,<br>                                                            Debtor. | |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☒ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |

USA Capital Realty Advisors, LLC ("USA Realty"), by and through its counsel, hereby files its Objection to Certain Scheduled Claims ("Objection") and moves this Court, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order granting the relief sought by this Objection. In support of this Objection, USA Realty states as follows:

## I.     JURISDICTION

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II.     BACKGROUND

3. On April 13, 2006 ("Petition Date"), USA Realty, USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), and USA Capital First Trust Deed Fund, LLC ("FTDF") (collectively the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

4. On May 10, 2006, the Office of the United States Trustee filed notices indicating that the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company and the Official Committee of Holders of Executory Contract Rights Through USA Commercial Mortgage Company, the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC, and the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (collectively the "Committees") had been formed. No trustee or examiner was appointed for any of the Debtors.

5. USA Realty is a Nevada limited liability company. It was the nominal manager of

2

1  DTDF and FTDF prior to the Petition Date.

2      6.    On June 15, 2006, USA Realty filed its schedules ("Schedules") that listed certain
3  creditors on Schedule F who were at the time believed to hold unsecured nonpriority claims.

4      7.    Since the filing of the Schedules, USA Realty has received and processed
5  additional information regarding the claims listed on the Schedules. As a result, USA Realty now
6  believes that it is not liable on account of certain scheduled claims. In particular, USA Realty
7  believes that it is not liable on account of the scheduled claims of Beadle McBride ("Beadle") in
8  the amount of $13,324.00 for accounting fee (claim s187), Kummer Kaempfer Bonner Renshaw &
9  Ferrario ("Kummer") in the amount of $55,890.65 for legal fees (claim s184), or Santoro Driggs et
10 al ("Santoro") in the amount of $684.08 also for legal fees (claim s185) (collectively, the
11 "Scheduled Claims").

12     8.    Despite the fact that their claims were listed in USA Realty's Schedules, Beadle,
13 Kummer, and Santoro filed proofs of claim against other Debtors seeking payment of essentially
14 the same fees covered by the Scheduled Claims and did not file any claims against USA Realty.

15     9.    Specifically, Beadle filed proof of claim 10728-00056 against FTDF in the amount
16 of $9,822.75.[1] Attached to this claim was an invoice showing that the original amount of the
17 invoice was $13,324.00 (the exact amount of Beadle's scheduled claim with USA Realty) reduced
18 by a payment of $3,501.25 received prior to the Petition Date. Beadle also filed proof of claim
19 10725-00056 against DTDF in the amount of $1,706.25, and proof of claim 10725-00367 against
20 USACM in the amount of $10,183.64. All of Beadle's proofs of claim seek payment of fees for
21 services performed.

22     10.    Kummer filed proof of claim 10728-00001 against FTDF in the amount of
23 $25,746.92 and proof of claim 10725-00032 against USACM in the amount of $46,119.29. The
24 combined total of these two proofs of claim ($71,866.21) exceeds the amount of Kummer's
25 scheduled claim with USA Realty. Both of Kummer's proofs of claim are based on fees for

---

[1] Although the amount of the invoice attached to the proof of claim indicates that the amount due is $10,023.81, $201.06 of this is for a post-petition finance charge, which does not appear to have been included in the amount of the proof of claim.

3

services performed.

11. Santoro filed proof of claim 10728-00080 against FTDF in the amount of $690.81, which amount exceeds its scheduled claim with USA Realty. The claim is based on fees for services performed.

12. Beadle, Kummer, and Santoro have affirmatively sought payment of their claims against Debtors other than USA Realty. USA Realty no longer believes that it is liable for the Scheduled Claims. Beadle, Kummer, and Santoro are only entitled to recover once on account of their claims.

### III. APPLICABLE AUTHORITY

13. Section 1111 of the Bankruptcy Code states that a "proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(1)."

14. Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed, or deemed filed, will be allowed unless a party in interest objects. If a party in interest objects to the claim, the court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extent that the claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

15. USA Realty is entitled to object to the Scheduled Claims under section 502(a) of the Bankruptcy Code. This Objection is timely under the confirmed Plan.

### IV. OBJECTION TO THE SCHEDULED CLAIMS

16. As more particularly described herein, USA Realty seeks in this Objection the disallowance of the Scheduled Claims.

17. The Scheduled Claims may be the subject of multiple objections herein for any of the reasons stated in this Objection. The Scheduled Claims may also be subject to prior or subsequently filed objections.

18. USA Realty reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance and/or distribution purposes on any other grounds.

4

1 USA Realty further reserves the right to modify, supplement and/or amend this Objection as it
2 pertains to any claim or claimant herein.

3     19. USA Realty objects to the Scheduled Claims and asserts that it has no liability on
4 their account.

5     20. Beadle, Kummer, and Santoro have filed various proofs of claims seeking payment
6 for essentially the same services that form the basis of the Scheduled Claims. In each case, their
7 proofs of claims either match or exceed the amount of the Scheduled Claims, and, in addition,
8 Beadle specifically admits in its proof of claim against FTDF that it has already received partial
9 payment of its claim. No objections were filed to these various proofs of claims, and thus Beadle,
10 Kummer, and Santoro each stand to recover twice on account of the same claim. As has been
11 explained, "it is axiomatic that one can not recover for the same debt twice." *In re Handy Andy*
12 *Home Improvement Ctrs.*, 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998). Therefore, the Court should
13 disallow the Scheduled Claims in their entirety.

14     21. Furthermore, USA Realty now believes that it is not liable on account of the
15 Scheduled Claims in any event. USA Realty was essentially a pass-through entity that provided
16 services to DTDF and FTDF. Any legal or accounting work purportedly performed nominally on
17 USA Realty's behalf was essentially done for the benefit of these other entities. Beadle, Kummer,
18 and Santoro apparently recognize this as well and have sought payment for their services from
19 other Debtors.

20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

## V. CONCLUSION

22. For the reasons discussed above, USA Realty objects to the Scheduled Claims and requests that the Court disallow these claims in their entirety, without prejudice to any other objections that may have been or will be filed, and without prejudice to any affirmative causes of action that may be asserted against the claimants. USA Realty also requests such other and further relief as is just and proper.

Respectfully submitted this 8th day of June, 2007.

/s/ Jeanette E. McPherson
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

930720v3