Electronically filed June 8, 2007

Marc A. Levinson (California Bar No. 57613)
Jeffery D. Hermann (California Bar No. 90445)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: (916) 447-9200
Facsimile: (916) 329-4900
Email:   malevinson@orrick.com;
         jhermann@orrick.com

Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)
BECKLEY SINGLETON, CHARTERED
530 Las Vegas Boulevard South
Las Vegas, NV 89101
Telephone: (702) 385-3373
Facsimile: (702) 385-5024
Email:   bolson@beckleylaw.com;
         aloraditch@beckleylaw.com

*Attorneys for Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **THIRD OMNIBUS OBJECTION OF POST-EFFECTIVE DATE USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, TO PROOFS OF INTEREST** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐   All Debtors<br>☐   USA Commercial Mortgage Company<br>☐   USA Securities, LLC<br>☐   USA Capital Realty Advisors, LLC<br>☒   USA Capital Diversified Trust Deed Fund, LLC<br>☐   USA First Trust Deed Fund, LLC | Hearing Date:    July 27, 2007<br>Hearing Time:    9:30 a.m.<br>Hearing Place:   Courtroom 1 |

Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC ("Diversified"), a

revested debtor in the above-captioned cases, by and through its counsel noted above, hereby

submits this Third Omnibus Objection of Post-Effective Date USA Capital Diversified Trust

Deed Fund, LLC To Proofs of Interest (the "Objection"),[1] pursuant to which Diversified objects

---

[1] Due to the number of proofs of interest involved, this Objection is one of three objections to proofs of interest all filed substantially contemporaneously which, when taken together, will assert objections to an aggregate total of fifty-five (55) proofs of interest filed in the Diversified chapter 11 case.

{00403226;}

OHS West:260095880.3

to the proofs of interest described herein and as listed on **Exhibit 1** (the "Subject Interests"), attached hereto and made a part hereof, on the grounds that they (i) do not assert the correct amount of the equity interests held in Diversified as of the Petition Date (defined below) by the parties who filed the Subject Interests (the "Parties"), or (ii) were filed by Parties who are not shown in Diversified's books and records as having an equity interest in Diversified as of the Petition Date. By this Objection, Diversified requests that the Subject Interests be disallowed (i) to the extent they assert amounts that are different from each respective Party's equity interest in Diversified as of the Petition Date as reflected in Diversified's books and records and allowed in the amount of each Party's equity interest in Diversified as of the Petition Date per Diversified's books and records, or (ii) in their entirety to the extent they were filed by Parties not shown in Diversified's books and records as having an equity interest in Diversified as of the Petition Date and for which no satisfactory evidence of such equity interest for each respective Party is demonstrated. By this Objection, Diversified does not seek to prejudice the rights of any Diversified Member (as defined herein) who filed a Subject Interest to recover from Diversified on account of his or her membership interest in Diversified. A detailed list of the Subject Interests and the relief sought with respect to each Subject Interest is set forth on Exhibit 1 attached hereto.

The Objection is made pursuant to Section 502 of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules"), the points and authorities contained herein, the declaration of Chas Harvick (the "Harvick Declaration"), filed concurrently herewith and in support hereof, the pleadings and papers on file with the Court in the above-captioned cases, as referenced by docket number, judicial notice of which is respectfully requested, and any oral argument of counsel the Court may wish to entertain at the hearing on this matter.

WHEREFORE, for all of the reasons set forth herein, Diversified respectfully requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing the Subject Interests to the extent they assert amounts that are different from each respective Party's equity interest in

{00403226;}

OHS West:260095880.3

Diversified as of the Petition Date as reflected in Diversified's books and records and allowed in the amount of each Party's equity interest in Diversified as of the Petition Date per Diversified's books and records, (iii) disallowing the Subject Interests in their entirety to the extent they were filed by Parties not shown in Diversified's books and records as having an equity interest in Diversified as of the Petition Date and for which no satisfactory evidence of such equity interest for each respective Party is demonstrated, and (iv) granting such other and further relief as the Court may deem just and proper.

DATED this 8th day of June 2007.

**BECKLEY SINGLETON, CHTD.**

By:_____ /s/ Anne M. Loraditch_____
Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)
530 Las Vegas Boulevard South
Las Vegas, Nevada 89101

and

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Marc A. Levinson (California Bar No. 57613)
Jeffery D. Hermann (California Bar No. 90445)
400 Capitol Mall, Suite 3000
Sacramento, CA  95814-4497
Telephone:  (916) 447-9200

*Attorneys for Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC*

## POINTS AND AUTHORITIES

### I.

### JURISDICTION

1.    The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2.    The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II.

## STATEMENT OF FACTS

**A.    Procedural Background Information.**

3.    On April 13, 2006 (the **"Petition Date"**), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA First Trust Deed Fund, LLC ("FTDF"), and the Diversified Fund (collectively with USACM, USA Securities, USA Realty, and the FTDF, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

4.    On May 4, 2006, the Court entered its Amended Order Approving Debtor's Ex Parte Application for Order Approving Employment of BMC Group, Inc. as the Claims Agent for Debtor's Estate [Docket No. 149] authorizing BMC Group, Inc. ("BMC") to serve as the Court's notice agent and to act as the claims agent for the Debtors.

5.    On May 9, 2006, the Court entered its Order Regarding Joint Administration Without Substantive Consolidation [Docket No. 184] linking the Chapter 11 Cases for joint administration under the USACM case name and number, BK-S-06-10725-LBR.

6.    On June 15, 2006, pursuant to Bankruptcy Code Section 521(a)(1)(B), each of the Debtors filed their "Summary of Schedules and Statement of Financial Affairs" (collectively, the "Schedules") based upon their books and records as of the Petition Date.

7.    On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] setting the deadline of November 13, 2006 ("Bar Date"), to file proofs of claim in the Chapter 11 Cases.

8.    On September 15, 2006, the Court approved the Stipulated Order re Proofs of Interest [Docket No. 1293], in which the Debtors, the duly appointed Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (the "Diversified

1  Committee"), and the duly appointed Official Committee of Equity Security Holders of USA

2  Capital First Trust Deed Fund, LLC (the "FTDF Committee") stipulated that (1) the list of

3  members with interests in Diversified and USA Capital First Trust Deed Fund, LLC ("FTDF")

4  provided by the Debtors to BMC shall be deemed the list of equity security holders filed

5  pursuant to Bankruptcy Rule 1007(a)(3) and shall constitute *prima facie* evidence of the validity

6  and amount of equity security interests in Diversified and FTDF; (2) each holder of such

7  interests shall be given notice of the Debtor in which it has an interest, and, if applicable,

8  whether that interest is alleged to be contingent or disputed; (3) it shall not be necessary for the

9  holders of such interests to file a proof of interest; and (4) the holders of such interests shall be

10  deemed to have filed a proof of interest in the amount shown on the lists provided by the

11  Debtors.

12      9.      On or around September 18, 2006, BMC mailed proof of claim and proof of

13  interest forms, together with instructions explaining that (i) if any equity interest holder (such as

14  a Diversified Member) wished to assert a claim (as opposed to an equity interest) against any of

15  the Debtors, then that equity holder must file a proof of claim but that proofs of claim should

16  only be filed in those instances where the claimant believed one of the Debtors owed the

17  claimant monies for such things as damages, rescission, reimbursement or contribution; and (ii)

18  if the equity interest holder had no disagreement with the amount indicated on the proof of

19  interest form included in the mailing, then that equity interest holder need take no action and his

20  proof of interest in the Diversified Fund would be deemed allowed in the amount shown on the

21  proof of interest form.

22      10.     On November 16, 2006, Debtors filed the Debtors Third Amended Joint Chapter

23  11 Plan of Reorganization (the "Plan").

24      11.     On December 20, 2006, the Court orally confirmed the Plan and on January 8,

25  2007, the Court entered an order confirming the Plan [Docket No. 2376].

26  **B.      The Debtors' Businesses.**

27      12.     As of the Petition Date, USACM acted as the servicer for 115 separate loans (the

28  "Loans") having a combined outstanding loan balance of approximately $962 million. *See*

{00403226;}

OHS West:260095880.3

1   Supplemental Declaration of Thomas J. Allison in support of Debtors' Motions [Docket No.
2   130], ¶ 2. All but three of the Loans were to have been secured by a deed of trust recorded
3   against commercial real property. *Id.*, at ¶ 3.

4       13.    According to the Debtors, there are an estimated 3,600 investors (the "Direct
5   Lenders") whose names appear as lenders in the documents for one or more of the Loans. *Id.*,
6   at ¶ 5. Diversified (together with FTDF, the "Fund Lenders") is one such Direct Lender.

7   **C.    Diversified and Its Holdings.**

8       14.    Diversified was formed in 2000 for the sole purpose of investing in non-insider
9   loans secured by first position deeds of trust on real property.

10      15.    As of the Petition Date, Diversified had an interest as a Direct Lender in 23 of
11  the Loans (the "Diversified Fund Loans"). In the Diversified Fund Loans, Diversified was the
12  sole Direct Lender in 7 and held only a fractional interest in the remaining 16 Loans.

13      16.    Diversified is owned by approximately 1,344 Diversified Members who
14  purchased membership interests in the Diversified corporate entity. It bears emphasizing that it
15  is Diversified as a corporate entity, and not the Diversified Members, that is a Direct Lender on
16  the Diversified Fund Loans. Likewise, it is Diversified's investments, and not those of the
17  Diversified Members, that are secured – or should have been secured – by deeds of trust. The
18  Diversified Members are only entitled to receive distributions from Diversified to the extent
19  Diversified has profits remaining after all of its expenses and valid claims have been paid.
20  Thus, the Diversified Members own Diversified, not Diversified's investments, by virtue of
21  their equity security interests.

22  **D.    Analysis of Proofs of Interest Filed in the Diversified Case.**

23      17.    As of the filing of this Objection, 195 proofs of interest had been filed in the
24  Diversified case.

25      18.    Diversified has analyzed all of the proofs of interest filed in the Diversified case
26  and has determined that most assert an amount that corresponds with the amount of the equity
27  interest held in Diversified by the respective Party as of the Petition Date, as reflected in the
28  Debtor's books and records. However, 35 of the proofs of interest filed in the Diversified case

assert equity interests in Diversified that do not correspond to the amount of the equity interest held in Diversified by the respective Party as of the Petition Date, as reflected in the Debtors' books and records. Fourteen of the Subject Interests are interests with such differing amounts (the "Differing Interests"). A detailed listing of the Differing Interests is included in Exhibit 1 attached hereto and incorporated for all purposes herein by this reference. In summary, Diversified has no liability for any of the Differing Interests to the extent the amounts asserted by each Differing Interest exceed the amount of the filing Party's equity interest in Diversified as of the Petition Date as reflected in Diversified's books and records. Accordingly, the Differing Interests should be disallowed in whole or in part as set forth in Exhibit 1.

19.    One of the proofs of interest filed in the Diversified case was filed by the Loughlin Family Trust, who is not shown in Diversified's books and records as having an equity interest in Diversified as of the Petition Date. Such proof of interest (the "Non-Member Interest") is detailed in Exhibit 1 attached hereto and incorporated for all purposes herein by this reference. In summary, Diversified has no liability for the Non-Member Interest, and it should be disallowed in its entirety.

## II.

## ARGUMENT

### A. Interests Should Be Allowed Only in the Amounts Set Forth in the Debtors' Books and Records.

Bankruptcy Code Section 502 authorizes a party in interest to object to claims or interests. *See* 11 U.S.C. §502(a). Upon such objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b). Although a proper proof of claim or interest is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the holder of the claim or interest has the ultimate burden of persuasion as to the validity and amount of the claim. *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (quoting *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)).

The Bankruptcy Appellate Panel for the Ninth Circuit explained the shifting burdens of proof with respect to objection to proofs of claim as follows:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. *Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward.* . . . The burden of persuasion is always on the claimant.

*Id.* (emphasis added). Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability, 'the claim is not prima facie valid." *In re Hongnisto*, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting *Consolidated Pioneer Mortg.*, 178 B.R. at 266) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim); *see Consolidated Pioneer Mortg.*, 178 B.R. at 227 (holding that because the proof of claim did not allege sufficient facts to support the claim, the proof of claim was disallowed). As Bankruptcy Code Section 502(a) refers to both claims and interests, the burden shifting analysis described above applies to proofs of interest as well as to proofs of claim. *See* 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects.").

Moreover, it is a fundamental tenet of bankruptcy law that only those holders of claims against or interests in a debtor should recover from the assets of that debtor. Bankruptcy Code Section 502(b)(1) provides that a bankruptcy court shall not allow a claim that "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). Thus, Section 502 precludes the allowance of any proof of interest filed by parties who are not equity interest holders in a particular debtor. *Id.* Diversified's books and records do not indicate the Loughlin Family Trust, the Party that filed the Non-Member Interest, as having any equity interest in Diversified as of the Petition Date. Therefore, the Non-Member Interest should be disallowed in its entirety.

### III.

### NOTICE

This Objection will be served on (i) all of the parties who filed the Subject Interests at the addresses set forth on the parties' respective proofs of interest, (ii) all parties on the Post Effective [Date] [sic] Official Service List for Limited Notice No. 2 dated June 1, 2007 [Docket No. 3874] and (iii) all parties who have filed requests for special notice since the filing of such master service list.  In light of the nature of the relief requested, Diversified submits that no further notice need be given.

### IV.

### CONCLUSION

WHEREFORE, for all of the reasons set forth herein, Diversified respectfully requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing the Differing Interests to the extent they assert amounts that are different from each respective Party's equity interest in Diversified as of the Petition Date as reflected in Diversified's books and records and allowed in the amount of each Party's equity interest in Diversified as of the Petition Date per Diversified's books and records, (iii) disallowing the Non-Member Interest in its entirety to the extent it was filed by a Party not shown in Diversified's books and records as having an equity interest in Diversified as of the Petition Date and for which no satisfactory evidence of such equity interest

///
///
///
///
///
///
///
///
///
///

1    for each respective Party is demonstrated, and (iv) granting such other and further relief as the

2    Court may deem just and proper.

3        DATED this 8th day of June 2007.

4                            **BECKLEY SINGLETON, CHTD.**

5                            By:_____/s/ Anne M. Loraditch_____
                                Bob L. Olson (Nevada Bar No. 3783)
6                                Anne M. Loraditch (Nevada Bar No. 8164)
                                530 Las Vegas Boulevard South
7                                Las Vegas, Nevada 89101

8
                                       and
9

10                           **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                             Marc A. Levinson (California Bar No. 57613)
11                           Jeffery D. Hermann (California Bar No. 90445)
                             400 Capitol Mall, Suite 3000
12                           Sacramento, CA 95814-4497
                             Telephone: (916) 447-9200
13

14                           *Attorneys for Post-Effective Date USA Capital*
                             *Diversified Trust Deed Fund, LLC*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

{00403226;}                                                    Page - 10 - of 15

OHS West:260095880.3

# EXHIBIT 1

## Proofs of Interest Subject to Objection

| Proof of Interest No. | Equity Interest Holder | Acct ID # | Date of Proof of Interest | Asserted Equity Interest Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|
| 005 | Robert Knight | 951 | 09/25/06 | $135,938.86 | $130,629.97 | Disallow interest to the extent it exceeds $130,629.97, which is the amount of the filing Party's equity interest in Diversified as of the Petition Date, as reflected in Diversified's books and records. |
| 192 | David Knobel | 13505 | 12/11/06 | $78,367.29 | $75,306.77 | Disallow interest to the extent it exceeds $75,306.77, which is the amount of the filing Party's equity interest in Diversified as of the Petition Date, as reflected in Diversified's books and records. |
| 189 | William McQuerry | 16027/ 18671 | 12/06/06 | $655,584.00 | $96,094.64 | Disallow interest to the extent it exceeds $96,094.64, which is the amount of the filing Party's equity interest in Diversified as of the Petition Date, as reflected in Diversified's books and records. |

{00403226;}

OHS West:260095880.3

| Proof of Interest No. | Equity Interest Holder | Acct ID # | Date of Proof of Interest | Asserted Equity Interest Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|
| 180 | Anthony and Alicia Pasqualotto | 2079 | 11/15/06 | $25,000.00 | $24,023.66 | Disallow interest to the extent it exceeds $24,023.66, which is the amount of the filing Party's equity interest in Diversified as of the Petition Date, as reflected in Diversified's books and records. |
| 115 | Norman Kenneth Reed | 13762 | 11/09/06 | $49,027.18 | $48,047.32 | Disallow interest to the extent it exceeds $48,047.32, which is the amount of the filing Party's equity interest in Diversified as of the Petition Date, as reflected in Diversified's books and records. |
| 190 | Michael H. Ricci | 18138 | 12/08/06 | $100,000.00 | $96,094.65 | Disallow interest to the extent it exceeds $96,094.65, which is the amount of the filing Party's equity interest in Diversified as of the Petition Date, as reflected in Diversified's books and records. |

{00403226;}

OHS West:260095880.3

| Proof of Interest No. | Equity Interest Holder | Acct ID # | Date of Proof of Interest | Asserted Equity Interest Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|
| 191 | Michael H. Ricci | 11384 | 12/08/06 | $36,058.88 | $34,650.65 | Disallow interest to the extent it exceeds $34,650.65, which is the amount of the filing Party's equity interest in Diversified as of the Petition Date, as reflected in Diversified's books and records. |
| 080 | Alvin Rousseau | 4638 | 10/26/06 | $24,708.00 | $24,023.66 | Disallow interest to the extent it exceeds $24,023.66, which is the amount of the filing Party's equity interest in Diversified as of the Petition Date, as reflected in Diversified's books and records. |
| 018 | Robert and/or Ruth Geiger | 17071 | 11/10/06 | $50,000.00 | $26,461.76 | Disallow interest to the extent it exceeds $26,461.76, which is the amount of the filing Party's equity interest in Diversified as of the Petition Date, as reflected in Diversified's books and records. |

{00403226;}

OHS West:260095880.3

| Proof of Interest No. | Equity Interest Holder | Acct ID # | Date of Proof of Interest | Asserted Equity Interest Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|
| 033 | Lucie E. Staislawski | 17016 | 09/28/06 | $25,000.00 | $24,023.66 | Disallow interest to the extent it exceeds $24,023.66, which is the amount of the filing Party's equity interest in Diversified as of the Petition Date, as reflected in Diversified's books and records. |
| 037 | Clifford Wiehe, Jr. | 9653 | 10/04/06 | $150,000.00 | $144,141.97 | Disallow interest to the extent it exceeds $144,141.97, which is the amount of the filing Party's equity interest in Diversified as of the Petition Date, as reflected in Diversified's books and records. |
| 043 | William T. Houston | 11127 | 09/26/06 | $50,000.00 | $48,047.32 | Disallow interest to the extent it exceeds $48,047.32, which is the amount of the filing Party's equity interest in Diversified as of the Petition Date, as reflected in Diversified's books and records. |

| Proof of Interest No. | Equity Interest Holder | Acct ID # | Date of Proof of Interest | Asserted Equity Interest Amount | Amount of Equity Interest Per Debtors' Records | Proposed Disposition |
|---|---|---|---|---|---|---|
| 157 | Stan C. Wolken | 18171 | 11/13/06 | $25,116.41 | $24,135.53 | Disallow interest to the extent it exceeds $24,135.53, which is the amount of the filing Party's equity interest in Diversified as of the Petition Date, as reflected in Diversified's books and records. |
| 150 | Stan C. Wolken | 16527 | 11/13/06 | $25,937.73 | $24,924.77 | Disallow interest to the extent it exceeds $24,924.77, which is the amount of the filing Party's equity interest in Diversified as of the Petition Date, as reflected in Diversified's books and records. |
| 188 | Loughlin Family Trust | No Record | 11/7/06 | $1,055,000.00 | None | Disallow interest in its entirety, as Party is not reflected as having an equity interest in Diversified as of the Petition Date, as reflected in Diversified's books and records. |

{00403226;}

OHS West:260095880.3