Electronically filed June 8, 2007

| | |
|---|---|
| Marc A. Levinson (California Bar No. 57613) | Bob L. Olson (Nevada Bar No. 3783) |
| Jeffery D. Hermann (California Bar No. 90445) | Anne M. Loraditch (Nevada Bar No. 8164) |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | BECKLEY SINGLETON, CHARTERED |
| 400 Capitol Mall, Suite 3000 | 530 Las Vegas Boulevard South |
| Sacramento, CA 95814-4497 | Las Vegas, NV 89101 |
| Telephone: (916) 447-9200 | Telephone: (702) 385-3373 |
| Facsimile: (916) 329-4900 | Facsimile: (702) 385-5024 |
| Email: malevinson@orrick.com; | Email: bolson@beckleylaw.com; |
| jhermann@orrick.com | aloraditch@beckleylaw.com |

*Attorneys for Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>　　　　　　　　　　　　　　　　Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>　　　　　　　　　　　　　　　　Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>　　　　　　　　　　　　　　　　Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>　　　　　　　　　　　　　　　　Debtor. | **SECOND OMNIBUS OBJECTION OF POST-EFFECTIVE DATE USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, TO (1) CLAIM FILED BY BEADLE MCBRIDE & REEVES, LLP, AND (2) SCHEDULED CLAIM OF GMAC COMMERCIAL HOLDING CAPITAL CORPORATION** |
| In re:<br>USA SECURITIES, LLC,<br>　　　　　　　　　　　　　　　　Debtor. | |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Hearing Date: July 27, 2007<br>Hearing Time: 9:30 a.m.<br>Hearing Place: Courtroom 1 |

Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC ("Diversified"), a revested debtor in the above-captioned cases, by and through its counsel noted above, hereby submits this Second Omnibus Objection of Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC To (1) Claim Filed by Beadle McBride & Reeves, LLP; and (2) Scheduled

{00403230;}　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page - 1 - of 9

OHS West:260095880.3

Claim of GMAC Commercial Holding Capital Corporation (the "Objection"). The Objection is based upon the grounds that the claims described herein are not valid and Diversified has no liability on account of such claims. The Objection is made pursuant to Sections 502 and 553 of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules"), the points and authorities contained herein, the pleadings and papers on file with the Court in the above-captioned cases, and any argument of counsel the Court may wish to entertain at the hearing on this matter.

WHEREFORE, for all of the reasons set forth herein, Diversified respectfully requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing in their entirety the claims described herein; and (iii) granting such other and further relief as the Court deems just and proper.

DATED this 8th day of June 2007.

**BECKLEY SINGLETON, CHTD.**

By: /s/ Anne M. Loraditch
Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)
530 Las Vegas Boulevard South
Las Vegas, Nevada 89101

*Attorneys for Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC*

**POINTS AND AUTHORITIES**

**I.**

**JURISDICTION**

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II.

## STATEMENT OF FACTS

**A.      Procedural Background Information.**

3.      On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA First Trust Deed Fund, LLC ("FTDF"), and the Diversified Fund (collectively with USACM, USA Securities, USA Realty, and the FTDF, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

4.      On May 4, 2006, the Court entered its Amended Order Approving Debtor's Ex Parte Application for Order Approving Employment of BMC Group, Inc. as the Claims Agent for Debtor's Estate [Docket No. 149] authorizing BMC Group, Inc. ("BMC") to serve as the Court's notice agent and to act as the claims agent for the Debtors.

5.      On May 9, 2006, the Court entered its Order Regarding Joint Administration Without Substantive Consolidation [Docket No. 184] linking the Chapter 11 Cases for joint administration under the USACM case name and number, BK-S-06-10725-LBR.

6.      On June 15, 2006, pursuant to Bankruptcy Code Section 521(a)(1)(B), each of the Debtors filed their "Summary of Schedules and Statement of Financial Affairs" (collectively, the "Schedules") based upon their books and records as of the Petition Date.

7.      On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] setting the deadline of November 13, 2006 ("Bar Date"), to file proofs of claim in the Chapter 11 Cases.

8.      On November 16, 2006, Debtors filed the Debtors Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan").

9. On December 20, 2006, the Court orally confirmed the Plan and on January 8, 2007, the Court entered an order confirming the Plan [Docket No. 2376].

**B.    The Debtors' Businesses.**

10. As of the Petition Date, USACM acted as the servicer for 115 separate loans (the "Loans") having a combined outstanding loan balance of approximately $962 million. *See* Supplemental Declaration of Thomas J. Allison in support of Debtors' Motions [Docket No. 130], ¶ 2. All but three of the Loans were to have been secured by a deed of trust recorded against commercial real property. *Id.*, at ¶ 3.

11. According to the Debtors, there are an estimated 3,600 investors (the "Direct Lenders") whose names appear as lenders in the documents for one or more of the Loans. *Id.*, at ¶ 5. Diversified (together with FTDF, the "Fund Lenders") is one such Direct Lender.

**C.    Diversified and Its Holdings.**

12. Diversified was formed in 2000 for the sole purpose of investing in non-insider loans secured by first position deeds of trust on real property. Diversified is owned by approximately 1,344 Diversified Members who purchased membership interests in the Diversified corporate entity.

13. Prior to the Petition Date, Diversified was managed by USA Realty. Since its formation and currently, Diversified has no employees.

14. As of the Petition Date, Diversified had an interest as a Direct Lender in 23 of the Loans (the "Diversified Fund Loans"). In the Diversified Fund Loans, Diversified was the sole Direct Lender in 7 and held only a fractional interest in the remaining 16 Loans.

**D.    Analysis of Claims Filed Against Diversified.**

15. As of the filing of this Objection, 147 proofs of claim had been filed in the Diversified case. By orders of this Court dated January 22, 2007, and February 14, 2007 [Docket Nos. 2514 and 2765, respectively], only 11 filed claims remained outstanding against Diversified. Ten of the 11 outstanding filed claims are the subject of the Omnibus Objection of Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC, to Claims filed by James W. Shaw, First Trust Company of Onaga, Custodian for Charles Cunningham, Sr., IRA,

1  Dorothea K. Overleese Revocable Trust, Halseth Family Trust, Katrine Mirzaian, Ernest J. Moore, Darlene Turner, Donald and Beverly Swezey 2001 Trust, and David B. Krynzel filed June 7, 2007 [Docket No. 3912].

16. Counsel for Diversified has analyzed the sole remaining claim filed against Diversified warranting objection, which is claim no. 56 filed by Beadle McBride & Reeves, LLP ("Beadle") in the amount of $1,711.25 (the "Beadle Claim"). The Beadle Claim appears to be based on finance charges accrued from December 2003 through May 2006[1] but that is the extent of the information Beadle provided to support the Beadle Claim.

17. Despite the fact the Beadle filed a proof of claim in the Diversified case, Beadle also filed proofs of claim against other Debtors seeking payment for services performed. Specifically, Beadle filed proof of claim no. 10728-0056 against FTDF in the amount of $9,822.75,[2] attached to which is an invoice showing that the original amount of the invoice was $13,324.00 (the exact amount of the Beadle's scheduled claim in the USA Realty case)[3] reduced by a payment of $3,501.25 received prior to the Petition Date. Beadle also filed proof of claim no. 10725-0367 against USACM in the amount of $10,183.64.

18. In summary, as Beadle has affirmatively sought payment of its claims against Debtors other than Diversified and the Beadle Claim fails to provide sufficient information describing the claim against Diversified, Diversified believes it has no liability for the Beadle Claim and that such claim should be disallowed in its entirety. Furthermore, Diversified believes that it likely has malpractice claims against Beadle for services Beadle performed in facilitation of the fraud perpetrated upon Diversified, which claims Diversified is currently investigating. Such claims by Diversified against Beadle would more than offset any amounts Diversified may owe to Beadle.

///

///

---

[1] The amount of $5.00 is shown as a post-petition finance charge accrued for May 2006.
[2] Although the amount of the invoice attached to the proof of claim indicates that the amount due is $10,023.81, $201.06 of this is for a post-petition finance charge, which does not appear to have been included in the amount of the proof of claim.
[3] On June 8, 2007, USA Realty filed an objection [Docket No. 3919] to Beadle's claim, as scheduled in the USA Realty case.

**E.    Analysis of Diversified's Scheduled Claims.**

19.    Counsel for Diversified has analyzed the Schedules and identified GMAC Commercial Holding Capital Corporation ("GMAC") as a creditor listed on Diversified's bankruptcy schedules as having a contingent, unliquidated claim in an unknown amount (the "GMAC Claim"). GMAC has not filed a proof of claim in the Diversified case.

20.    In summary, because the GMAC Claim is listed on the Schedules as a contingent, unliquidated claim, and GMAC elected not to file a proof of claim, Diversified submits that it has no further liability for the GMAC Claim. Accordingly, the GMAC Claim should be disallowed in its entirety.

## III.

## ARGUMENT

Bankruptcy Code Section 502 authorizes a party in interest to object to claims. *See* 11 U.S.C. §502(a). Upon such objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b). Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (quoting *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)).

The Bankruptcy Appellate Panel for the Ninth Circuit explained the shifting burdens of proof with respect to objection to proofs of claim as follows:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. *Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. . . .* The burden of persuasion is always on the claimant.

*Id.* (emphasis added).

1   Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability, 'the claim is not prima facie valid." *In re Hongnisto*, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting *Consolidated Pioneer Mortg.*, 178 B.R. at 266) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim); *see Consolidated Pioneer Mortg.*, 178 B.R. at 227 (holding that because the proof of claim did not allege sufficient facts to support the claim, the proof of claim was disallowed).

### A.   DIVERSIFIED HAS NO LIABILITY TO BEADLE MCBRIDE & REEVES, LLP.

Diversified objects to the Beadle Claim and asserts Beadle has not met its burden to allege sufficient facts to support a legal liability.  The Beadle Claim is supported merely by a naked listing of accrued finance charges that fails to indicate what, if any, services were performed for Diversified or when such services were purportedly performed.  Moreover, Beadle has filed proofs of claim against other Debtors also seeking recovery for services performed.

Holders of claims or interests should not be allowed multiple recoveries for the identical claim or interest.  Bankruptcy Code Section 502(b)(1) provides that a bankruptcy court shall not allow a claim that "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b)(1).  Section 502 therefore precludes the allowance of duplicative proofs of claim because applicable law plainly prevents a creditor from recovering twice on a single interest.  *See Fine Organics Corp. v. Hexcel Corp. (In re Hexcel Corp.)*, 174 B.R. 807, 811 (Bankr. N.D. Cal. 1994) (noting the bankruptcy policy "intended to protect the limited assets of the estate from duplicative claims"); *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) (to allow one creditor to assert two dollars in claims for every one dollar of loss violates principles of ratable distribution and offends notions of uniform treatment for creditors) (citations omitted).  Accordingly, Diversified believes it has no liability for the Beadle Claim, and the Beadle Claim should be disallowed in its entirety.

Moreover, Diversified believes that it likely has malpractice claims against Beadle for services performed for former insiders, Thomas Hantges and Joseph Milanowski, that facilitated the fraud perpetrated upon Diversified by such insiders, which claims Diversified is currently investigating. Bankruptcy Code Section 553 affords a debtor the right to setoff mutual pre-petition debts it may have with a creditor even if based on separate transactions. 11 U.S.C. § 553(a); *In re TLC Hospitals, Inc.*, 224 F.3d 1008 (9th Cir. 2000). Such right to setoff cannot be waived in the absence of intentional relinquishment. *In re United Marine Shipbuilding,Inc.*, 146 F.3d 739 (9th Cir. 1998). Diversified has not waived and does not relinquish its setoff rights against Beadle. Thus, any claim for which Beadle may prove up as valid could not possibly overcome the setoff to which Diversified is entitled under Bankruptcy Code Section 553 thereby resulting in Diversified's liability to Beadle. Consequently, the Beadle Claim should be disallowed in its entirety.

**B.    DIVERSIFIED HAS NO LIABILITY TO GMAC COMMERCIAL HOLDING CAPITAL CORPORATION.**

A creditor scheduled in a chapter 11 case as having a disputed, contingent or unliquidated claim is required to file a proof of claim, and the creditor's failure to do so relieves the debtor from any obligation to treat such party as a creditor or to provide any distribution to such party under the debtor's plan of reorganization. *In re Trans Max Technologies, Inc.*, 349 B.R. 80, 85 (Bankr. D. Nev. 2006) *citing In re Kinney*, 123 B.R. 889, 891 (Bankr. D. Nev. 1991); 11 U.S.C. § 1111(a); Fed.R.Bankr.P. 3003(c)(2). Creditors who do file proofs of claim choose to participate in the chapter 11 process whereas scheduled creditors who do not file claims bring upon themselves the prospect of having their potential claims discharged by their inaction. *In re Marshall*, 298 B.R. 670, 679 (Bankr. C.D. Cal. 2003).

The GMAC Claim was listed on the Schedules as a contingent, unliquidated claim thereby requiring GMAC to file a proof of claim in Diversified's chapter 11 case. GMAC chose not to do so and, in so doing, elected not to participate in the Diversified case. Thus, Diversified submits that it has no further liability for the GMAC Claim. Accordingly, the GMAC Claim should be disallowed in its entirety.

## IV.

## NOTICE

This Objection will be served on (i) Beadle and GMAC, (ii) all parties on the Post Effective [Date] [sic] Official Service List for Limited Notice No. 2 dated June 1, 2007 [Docket No. 3874], and (iii) all parties who have filed requests for special notice since the filing of such master service list. In light of the nature of the relief requested, Diversified submits that no further notice need be given.

## V.

## CONCLUSION

WHEREFORE, for all of the reasons set forth herein, Diversified respectfully requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing in their entirety the claims described herein; and (iii) granting such other and further relief as the Court deems just and proper.

DATED this 8th day of June 2007.

**BECKLEY SINGLETON, CHTD.**

By: /s/ Anne M. Loraditch
Bob L. Olson (Nevada Bar No. 3783)
Anne M. Loraditch (Nevada Bar No. 8164)
530 Las Vegas Boulevard South
Las Vegas, Nevada 89101

and

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Marc A. Levinson (California Bar No. 57613)
Jeffery D. Hermann (California Bar No. 90445)
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497

*Attorneys for Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC*