Adam M. Starr
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Email: starra@gtlaw.com

Ronald D. Green
Greenberg Traurig, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: greenr@gtlaw.com

Matthew T. Gensburg
Nancy A. Peterman
Sherri Morissette
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
Email: gensburgm@gtlaw.com
       petermann@gtlaw.com
       morissettes@gtlaw.com

Attorneys for Mesirow Financial Interim Management, LLC,
the Debtors' Chief Restructuring Officer and Crisis Managers

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                                        Debtor.<br>_____<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                                        Debtor.<br>_____<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                                        Debtor.<br>_____<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                                        Debtor. | **Case No. BK-S-06-10725 LBR**<br>**Case No. BK-S-06-10726 LBR**<br>**Case No. BK-S-06-10727 LBR**<br>**Case No. BK-S-06-10728 LBR**<br>**Case No. BK-S-06-10729 LBR**<br><br>**Chapter 11**<br><br>**Jointly Administered Under**<br>**Case No. BK-S-06-10725 LBR**<br><br>**MESIROW FINANCIAL INTERIM MANAGEMENT, LLC'S (A) OMNIBUS REPLY TO OBJECTIONS TO FINAL FEE APPLICATION; AND (B) MOTION TO STRIKE DOCUMENT PURSUANT TO FED. R. CIV. P. 12(F)** |

In re:
USA SECURITIES, LLC,
                                              Debtor.

Affects:
☒ All Debtors
☐ USA Commercial Mortgage Company
☐ USA Securities, LLC
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA First Trust Deed Fund, LLC

Mesirow Financial Interim Management, LLC ("**MFIM**"), by its attorneys, respectfully submits this (A) omnibus reply to (i) the Amended Opposition (the "**LPG Amended Objection**") to Application for Entry of Order Allowing and Approving Compensation, Expenses and Success Fee to Mesirow Financial Interim Management filed by the Lender Protection Group (the "**LPG**"); (ii) the objection of the Walls Family Trust (the "**Walls Objection**"); (iii) the objection of Mr. and Mrs. Jessup (the "**Jessup Objection**"); and (iv) the joinder of certain direct lenders in the LPG Amended Objection (the "**Joinder**", and together with the LPG Amended Objection, the Walls Objection and the Jessup Objection, the "**Objections**") and (B) moves to strike the original Opposition to Application for Entry of Order Allowing and Approving Compensation, Expenses and Success Fee to Mesirow Financial Interim Management (the "**LPG Original Objection**"), in these cases pursuant to Fed. R. Civ. P. 12(f), and requests that the same be removed from the official Bankruptcy Court docket (the "**Reply and Motion to Strike**"). In support of this Reply and Motion to Strike, MFIM respectfully states as follows:

## BACKGROUND

1. On April 13, 2006, USA Commercial Mortgage Company ("**USACM**"), USA Capital Realty Advisors, LLC ("**USA Realty**"), USA Capital Diversified Trust Deed Fund, LLC ("**DTDF**"), USA Capital First Trust Deed Fund, LLC ("**FTDF**") and USA Securities, LLC ("**USA Securities**", and collectively with USACM, USA Realty, DTDF and FTDF, the "**Debtors**"), filed petitions for relief under chapter 11 of the Bankruptcy Code (the "**Cases**"). By order entered June 9, 2006, the Court approved the joint administration of the Debtors' Cases.

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

2.  Four Committees were appointed in the Cases by the Office of the United States Trustee on May 10, 2006 -- the Official Unsecured Creditors' Committee for USACM, the Official Committee of Holders of Executory Contract Rights Through USACM, the Official Committee of Equity Security Holders of DTDF and the Official Committee of Equity Security Holders of FTDF.

3.  On the Petition Date, the Managers and Boards of Directors of the Debtors executed an agreement with MFIM (the "**MFIM Agreement**") setting forth the terms and conditions for the retention of MFIM as Crisis Managers and Interim Managers for the Debtors.  The MFIM Agreement provided for the designation of Thomas J. Allison as CRO for the Debtors, as well as the assignment of other employees of MFIM to assist Mr. Allison as temporary employees. Contemporaneously, the Managers and Boards of Directors of the Debtors appointed Mr. Allison as President, Vice-President, Secretary and Manager for the Debtors.

4.  On April 14, 2006, the Debtors filed an application (the "**Employment Application**") for authorization of (i) the employment and retention of MFIM as crisis managers to the Debtors, and (ii) the designation of Thomas J. Allison of MFIM as Chief Restructuring Officer of the Debtors and the employment of certain temporary employees provided by MFIM. [Docket No. 6]  On April 19, 2006, August 11, 2006, October 31, 2006, January 11, 2007 and April 2, 2007, this Court entered interim orders authorizing the Debtors to (i) the employ and retain MFIM as crisis managers to the Debtors and (ii) designate Thomas J. Allison of MFIM as Chief Restructuring Officer of the Debtors and the employment of certain temporary employees for interim periods until the plan of reorganization was confirmed by this Court.  [Docket Nos. 26, 1137, 1708, 2402 and 3325]

5.  On September 15, 2006, the Debtors filed their initial Disclosure Statement and Joint Chapter 11 Plan of Reorganization [Docket Nos. 1309 and 1310].  The Debtors subsequently amended their Plan after substantial and nearly continual negotiations with and among the four Committees on October 18, 2006 [Docket No. 1576] and on November 7, 2006 [Docket No. 1742]. On November 15, 2006, the Court held a hearing on the adequacy of the Disclosure Statement and entered an order approving the First Amended Disclosure Statement [Docket No. 1795] as filed with the Court's required amendments [Docket No. 1798].  On the same day, the Debtors also filed

1 their Third Amended Plan (the "**Plan**") [Docket No. 1799].  On December 19-20, 2006, this Court

2 held a confirmation hearing on the Third Amended Plan and on January 8, 2007 entered the its

3 findings of facts and order confirming the Debtors' Third Amended Plan of Reorganization as

4 modified [Docket Nos. 2376 and 2377] which included a sale of USACM and FTDF's assets to

5 Compass (the "**Confirmation Order**").  The sale to Compass closed on February 16, 2007 and the

6 effective date of the Plan occurred on March 12, 2007.

7       6. On April 25, 2007, MFIM filed its Application for Entry of Order (I) Finally

8 Allowing and Approving All Compensation and Expenses Incurred by Mesirow Financial Interim

9 Management, LLC in its Capacity as Debtors' Crisis Managers and Chief Restructuring Officers for

10 the Period April 13, 2006 through March 12, 2007; (II) Allowing and Approving A Success Fee

11 (III) Authorizing Application of the Retainer Against the Allowed Fees and Expenses; and (IV)

12 Authorizing Payment of the Balance Due (the "**Final Application**")  [Docket No. 3352]  On March

13 6, 2007, MFIM filed a Supplement to the Final Application.  [Docket No. 3902]

14       7. On May 23, 2007, the Walls Family Trust filed an objection to the Final Application.

15 [Docket No.  3763]

16       8. On May 29, 2007, Mr. and Mrs. Jessup filed an objection to the Final Application.

17 [Docket No.  3840]

18       9. On May 29, 2007, the LPG filed its LPG Original Objection.  [Docket No. 3834] The

19 LPG Original Objection makes statements which allege various untrue, unsubstantiated and

20 prejudicial accusations related to MFIM's actions in these Cases.

21       10. On May 30, 2007, LPG filed the LPG Amended Objection. [Docket No. 3843]

22       11. On June 5, 2007, certain direct lenders filed a Joinder in the LPG Amended

23 Objection. [Docket No. 3893]

24 **THE OBJECTIONS**

25 **A.**    **The LPG Amended Objection**

26       12. The LPG Amended Objection centers around certain findings made by the State of

27 Nevada's Department of Business and Industry, Division of Mortgage Lending (the "**MLD**"), in an

28

order revoking USACM's mortgage broker license entered on May 2, 2007 (the "**MLD Order**").[1] USACM disputes the findings contained in the MLD Order to the extent that they relate to the Debtors' postpetition activities. Attached hereto as **Exhibit A** is a letter from Debtors' counsel to the Nevada Attorney General refuting the allegations underlying the MLD Order and requesting that the MLD Order be withdrawn in its entirety (the "**Debtors' Response**"). USACM has also requested a hearing on the MLD Order. For the reasons set forth in the Debtors' Response and herein, MFIM disputes the allegations contained in the LPG Amended Objection.

**(i).    The Debtors' Postpetition Actions Were Approved by This Court**

13.    MFIM will not repeat the facts in the Debtors' Response. However, it is important to note that this Court previously entered Orders approving the majority of the postpetition actions taken by the Debtors and cited in the MLD Order as in violation of Nevada law. Almost every finding made by the MLD in the MLD Order is in direct contradiction of one of this Court's Orders. Furthermore, the LPG, which has participated in every facet of the Cases and must be familiar with the relevant Orders of this Court, relies primarily upon the MLD Order, with no further explanation, to attack the Final Application.

14.    LPG alleges that MFIM violated the loan servicing agreement by releasing the Direct Lender's collateral on the Amesbury Hatters Point Loan without collecting principal payments from the borrowers. First, it is important to note that the LPG incorrectly uses "MFIM" and the "Debtors" interchangeably without regard to the fact that the Debtors are the corporate entities in these Cases. Second, LPG fails to acknowledge that these actions were taken by the Debtors with full approval of this Court. [*See* Amesbury Order at Docket No. 886].

15.    LPG further alleges that MFIM violated the loan servicing agreement by applying the July 31, 2006 payment on the Gramercy Court Loan to servicing fees and interest. Again, LPG fails to acknowledge that the application of this loan payment was within the terms of the loan servicing agreement which required the Debtors to apply payments first to outstanding interest from which the Debtors deduct their servicing fee and then to the principal.

---

[1]    The LPG attaches an unsigned copy of the MLD Order. MFIM has assumed that the unsigned MLD Order is the same as the executed, signed Order from the MLD.

**(ii)    The LPG is Attempting to Relitigate the Cases**

16. LPG's allegations in the LPG Amended Objection are simply an attempt to relitigate issues in these Cases and circumvent the orders of this Court. For example, the LPG filed an objection to confirmation of the Debtors' Plan raising the same issues surrounding Direct Lender fees and interest under the loan servicing agreements which was overruled by this Court in the Plan and Confirmation Order. When LPG's objection was overruled, LPG filed a motion for a limited stay of the Confirmation Order while appealing the Confirmation Order to the District Court. This Court denied LPG's stay motion and the Plan became effective. LPG should not be allowed to circumvent this Court's Confirmation Order in violation of federal law by use of an objection to the Final Application.

**(iii)    LPG's Allegations in the Amended Objection Violate the Terms of the Plan**

17. The LPG's attempt to relitigate these Cases is in direct violation of the Plan and Confirmation Order. The Plan specifically enjoins further actions against the Debtors' estates as follows:

> This Plan provides for an injunction of certain actions against the Debtors. Holders of Claims against and Equity Interest in the Debtors may not pursue (1) property of the Estates other than through the Claims and Equity Interests allowance process; or (2) the Debtors or their agents.

(Plan at VIII, A)

18. Further, to the extent the LPG and other Direct Lenders are attempting to assert claims against MFIM for its work in these Cases, such claims were released pursuant to the Plan provisions as follows:

> As of the Effective Date, in consideration for the obligations, subordination, modifications of rights and accommodations of the Debtor Releasors and except as otherwise expressly provided under the Plan, the Direct Lenders, pursuant to the settlements embodied in the Plan, on their own behalf (the "Direct Lender Releasors"), shall be deemed to forever release, waive and discharge, any and all Claims, demands, debts, liabilities, obligations, actions, causes of action, suits, sums of money, accounts, reckonings, covenants, contracts, controversies, agreements, promises and rights whatsoever, whenever arising, whether known or unknown, suspected or unsuspected, contingent or fixed, liquidated or unliquidated, matured or unmatured, in law, equity, bankruptcy or otherwise, based upon, arising out of, relating to, by reason of, or in connection with, in whole or in part, any act or omission, transaction, occurrence, fact or matter from the beginning of time to the Effective Date, including, without limitation, in any way relating to the Debtor Releasors, the Debtor Releasors' Estate, the USACM and FTDF Chapter 11 Cases, including any causes of action, or any other matter which any of the Direct Lender

  Releasors or any Person or Entity claiming by, from, through, or under any of the Direct Lender Releasors ever had, now has or hereafter can, shall, or may have against the Debtor Releasors.

(Plan, Section. VIII(A)(4).

### B. The Joinder Was Not Timely Filed.

19. For the reasons set forth above, the Joinder should be overruled. Furthermore, the Joinder submitted by certain Direct Lenders should be overruled in these proceedings because such Joinder was not timely filed. Objections to MFIM's Final Application were due on May 28, 2007. However, the Joinder was not filed with this Court until June 5, 2007 -- eight days after the objection deadline. As such, this Court should deem the Joinder untimely and deny or overrule its request for relief.

### C. The Walls and Jessup Objections

20. The Walls Objection requests that a "successful return of Direct Lender Principal and interest must occur before professionals hired to facilitate such return of Direct Lender Principal and Interest are paid for those services." The Jessup Objection echoes the Walls Objection and requests that Direct Lenders be paid before any professionals in these Cases. The Walls and Jessup Objections fail to take into account the priorities set forth in the Bankruptcy Code and the payments required by the Plan. The fees and expenses incurred by MFIM, as well as other professionals in these Cases, are administrative expenses required to be paid in full in cash on the Effective Date (or upon entry of the Order allowing such fees and expenses). Although MFIM realizes these are difficult circumstances, neither the Plan nor the Bankruptcy Code require that Direct Lenders be paid before the professionals' administrative claims.

21. The Jessups state in the Jessup Objection that they have received no payment in these Cases. MFIM notes that the Debtors have paid those amounts due to the Jessups in the FTDF case. The Jessups, however, also invested in the DTDF fund and, as with the other investors in the DIDF fund, are still awaiting payment. The Walls have monies invested as Direct Lenders, all in loans which are currently being serviced by Compass. They have no diverted principal or remaining prepaid interest and therefore have no interest in the USACM estate.

## MOTION TO STRIKE THE LPG ORIGINAL OBJECTION

22. Many of the statements in the LPG Original Objection are simply false and harmful to MFIM's business and reputation in the marketplace. MFIM respectfully requests that this Court strike and remove the LPG Original Objection from the United States Bankruptcy Court docket for the Cases pursuant to Fed. R. Civ. P. 12(f). Under Federal Rule of Civil Procedure 12(f) made applicable to these Cases pursuant to Federal Rule of Bankruptcy Procedure 7012(b), this Court may strike any pleading or those portions of any pleading which contain immaterial, impertinent or scandalous matter. Fed. R. Civ. P. 12(f). The district court enjoys "liberal discretion" in deciding Rule 12(f) motions. *Nationwide Ins. Co. v. Central Missouri Electric Coop., Inc.,* 278 F.3d 742, 748 (8th Cir. 2001) (citation omitted). "Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." *Talbot v. Robert Matthews Distributing Company,* 961 F.2d 654, 664 (7th Cir. 1992); *See also, Eppenger-Pollard v. Lock Joint Tube, Inc.,* No. 3:05-CV-116RM, 2005 WL 2216900, at *1 (N.D. Ind. 2005) (courts may strike allegations which have no bearing on the subject matter of the litigation and will prejudice the other party); *In re Johnson*, 236 B.R. 510, 520 (D.D.C. 1999) (court sustained bankruptcy court's decision strike debtor's scandalous pleading which was replete with professional misrepresentations).

23. The LPG Original Objection makes scandalous and prejudicial statements which are damaging to MFIM's business and reputation and irrelevant to the litigation. LPG irresponsibly attributed the Debtors' prepetition actions to MFIM throughout the LPG Original Objection. Moreover, LPG accuses MFIM of essentially illegal conduct in the face of this Court's orders authorizing such actions by the Debtors. For example, the LPG Objection accuses MFIM of improperly converting interest income for its own use (LPG Objection at ¶ 4) and directly depositing the funds into its own accounts, constituting "impermissible commingling" (LPG Objection at ¶ 5). As outlined in the Debtors' Response, these allegations are not only untrue but the actions taken by the Debtors were approved by this Court and proper under the Bankruptcy Code. These blatantly false accusations concerning MFIM are now in the public domain.

24. Further, because such statements are false, they are irrelevant to the litigation of MFIM's Final Application. LPG cannot rely on such false and irrelevant statements to support its objections, nor can it prove such statements. Further, by filing the LPG Amended Objection, LPG admits the statements in the LPG Original Objection are irrelevant to these proceedings.

25. Although LPG attempts to correct its mistake by filing an amended objection, the LPG Original Objection still remains on the docket. Further, LPG will suffer no prejudice from the LPG Original Objection being stricken from the Court's docket because it has already filed the LPG Amended Objection. The LPG Original Objection contains scandalous and prejudicial material which is irrelevant to this litigation and as such within the purview of Fed. R. Civ. P. 12(f) and should be stricken by this Court and removed from the Official Bankruptcy Court docket.

WHEREFORE, MFIM respectfully requests this Court enters an Order (i) overruling the Objections; (ii) entering an Order striking and removing the LPG Original Objection from the Official Bankruptcy Court docket for these Cases; and (iii) granting such other and further relief as this Court deems proper and just.

DATED: June 11, 2007

Respectfully Submitted,
**GREENBERG TRAURIG, LLP**

  /s/ Adam M. Starr
Adam M. Starr
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Email: starra@gtlaw.com

  /s/ Ronald D. Green
Ronald D. Green
Greenberg Traurig, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: greenr@gtlaw.com

          /s/ Nancy A. Peterman
Matthew T. Gensburg
Nancy A. Peterman
Sherri Morissette
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 2500
Chicago, Illinois 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
Email: gensburgm@gtlaw.com
       petermann@gtlaw.com
       morissettes@gtlaw.com

Counsel to Mesirow Financial Interim Management, LLC

CHI 56709635v1 6/11/2007