Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
Attorneys for Debtors

E-FILED ON JUNE 15, 2007

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>　　　　　　　　　　　　　　　Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>　　　　　　　　　　　　　　　Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>　　　　　　　　　　　　　　　Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>　　　　　　　　　　　　　　　Debtor. | **DEBTOR USA COMMERCIAL MORTGAGE COMPANY'S JOINDER IN EMERGENCY MOTION OF COMPASS FINANCIAL PARTNERS, LLC FOR ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 1141 ENFORCING CONFIRMATION ORDER** |
| In re:<br>USA SECURITIES, LLC,<br>　　　　　　　　　　　　　　　Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Hearing Date: June 20, 2007<br>Hearing Time: 10:30 a.m. |

1   USA Commercial Mortgage Company ("Debtor"), by and through its counsel, hereby
2   submits this Joinder in Emergency Motion of Compass Financial Partners, LLC for Order
3   Pursuant to 11 U.S.C. §§ 105 and 1141 Enforcing Confirmation Order (the "Emergency Motion").
4   The Debtor files this statement in support of the Emergency Motion[1] filed by Compass
5   USA SPE LLC and Compass Financial Partners LLC (together "Compass") on May 25, 2007
6   (Docket #3773) and in response to the opposition to the Emergency Motion filed by Donna
7   Cangelosi and the Lenders Protection Group on May 30, 2007 (Docket #3853).
8   The Debtor supports Compass' request that the Court enter an order enforcing the
9   Confirmation Order which, *inter alia*, obligates Direct Lenders to comply with the terms of the
10  Loan Servicing Agreements. Confirmation Order ¶47. Entry of an order enforcing the
11  Confirmation Order is necessary and appropriate to ensure the continued implementation of the
12  Plan, preserve the integrity of these chapter 11 cases, and is consistent with applicable Ninth
13  Circuit law. *See, e.g., In re PWS Holding Corp.*, 303 F.3d 308 (3rd Cir. 2002), certiorari denied
14  *Haskell v. PWS Holding Corp.,* 538 U.S. 924, 123 S.Ct. 1594, 155 L.Ed.2d 316 (2003)(approving
15  order enjoining creditor from prosecuting a fraudulent transfer claim extinguished by a confirmed
16  plan of reorganization); and *Hawaiian Airlines, Inc. v. Mesa Air Group, Inc.*, 355 B.R. 214, 218-9
17  (D.Hawai'i 2006)(emphasis added; holding that the Bankruptcy Court had jurisdiction over claims
18  for breach of a post-petition confidentiality agreement as core proceedings)**,** which held:

> **The law is clear that "[a] bankruptcy court retains post-confirmation jurisdiction to interpret and enforce its own orders, particularly when disputes arise over a bankruptcy plan of reorganization."** *See Luan Investment S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d 223, 230 (2nd Cir.2002) (citations omitted); *see also Sea Hawk Seafoods, Inc. v. State of Alaska (In re Valdez Fisheries)*, 439 F.3d 545, 549 (9th Cir.2006) (court may maintain jurisdiction to enable a court to vindicate its authority and effectuate its decrees) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 379-80, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)).
> \*\*\*
> **A post-confirmation proceeding involving a bankruptcy court's enforcement of its own order is a core proceeding.** *See Insurance Company of North America*

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Emergency Motion.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

*v. NGC Settlement Trust & Asbestos Claims Management Corp. (Matter of National Gypsum Co.)*, 118 F.3d 1056, 1063 (5th Cir.1997) (post-confirmation actions to enforce discharge injunction are core proceedings "because they call on the bankruptcy court to construe and enforce its own orders"); *C.F. Trust, Inc. v. Tyler,* 318 B.R. 795, 803-04 (E.D.Va.2004) (post-confirmation motion to interpret and enforce a release agreement which was related to the plan or reorganization found to be core matter).

Dated: June 15, 2007

/s/ Lenard E. Schwartzer, Esq.
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Attorneys for Debtors