# EXHIBIT A

## AMENDED DISBURSING AGENT AGREEMENT

This Amended Disbursing Agent Agreement dated ─────────, 200─ June 21, 2007 ("Agreement"), is made between the principal, on the one hand, which is USA CAPITAL FIRST TRUST DEED FUND, LLC, acting through Thomas J. Allison as Chief Restructuring Officer ("FTDF" or the "Principal") and whose address is or has formerly been 4484 Pecos Avenue, Las Vegas, Nevada 89121, and the agent, on the other hand, through its Los Angeles, California office, which is DEVELOPMENT SPECIALISTS, INC. (the "Agent") and whose address is Wells Fargo Center, 333 South Grand Avenue, Suite 4070, Los Angeles, California 90071-1544.

A.  On April 13, 2006, the following entities filed petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, District of Nevada (the "Court"): USA Commercial Mortgage Company, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC, and USA Securities, LLC, debtors(collectively, the "Debtors). The debtorsDebtors' Chapter 11 cases are being jointly administered in the case styled *In re USA Commercial Mortgage Company,* Case No. BK-S-06-10725-LBR.

B.  The Principal is one of the debtorsDebtors named in Recital A above.

C.  The Agent is a corporation organized under the laws of the State of Illinois.

D.  On ─────────, 2006,January 8, 2007, the Court entered an Order confirming the debtorsDebtors' Chapter 11 Plan (the "Plan"). Unless otherwise stated, all capitalized terms used herein are defined in the Plan.

E.  Under Article IVVII Section E.1 of the Plan, the Principal may request that distributions of the Principal's Estate be handled by the Disbursing Agent for the USACM Trust.

F.  Pursuant to Article IV Section E.2.b of the Plan and Paragraph 7 of the Order Approving Stipulation Between USACM Liquidating Trust And USA Capital First Trust Deed Fund, LLC On Overbid Allocation And Plan Compromise, the FTDF will have an unsecured claim against the USACM estate is allowed in the amount of $7.0 million.

G.  Pursuant to Article IV Section D.1 of the Plan, the holders of the FTDF Unsecured Claim are beneficiaries of the USACM Trust.

H.  Pursuant to Article IV Section D.1 of the Plan, the USACM Trust and distributions from the USACM Trust by the Trustee shall be made directly to the holders of Allowed Equity Interests in FTDF on account of the FTDF Unsecured Claim, after all amounts due to Post-Effective USA Capital Diversified Trust Deed Fund, LLC are paid on account of such claim in accordance with Article IV Section D.1 of the Plan.

406590v.24

I.    F. Geoffrey L. Berman, an officer of the Agent and the duly-appointed USACM Trustee of the USACM Trust, is the Disbursing Agent for the USACM Trust pursuant to Article IV VII Section E.2 of the Plan.

**NOW THEREFORE,** for good and lawful consideration, the adequacy and receipt of which are hereby acknowledged, the parties hereto, intending themselves to be legally bound, do agree and covenant as follows:

1.    **General**.  The Principal, on behalf of holders of Allowed Unsecured Claims against and Equity Interests in Principal's estate, employs the Agent as its Disbursing Agent to serve in such capacity for purposes of making distributions to holders of Allowed Unsecured Claims and Equity Interests, as of the effective date of this Agreement as provided under the Plan and in Section 4 below. The Principal shall have no obligation to compensate the Disbursing Agent for such services and the Disbursing Agent shall be compensated solely in accordance with Sections 2(c) and 4 below.

2.    **Services To Be Provided**.  The Agent agrees to perform the following services on behalf of the Principal:

a)    Accept transfers of money and other property from the Principal and payments from the Principal's obligors, but without any duty or obligation to initiate legal action for collection of the same.

b)    Establish and maintain any necessary bank accounts as determined in the discretion of the Agent.

c) c) Disburse all Cash or other consideration coming into the Agent's hands, including all consideration received on account of the FTDF Unsecured Claim: first, to Agent and its professionals, for their reasonable compensation for services rendered and reimbursement of reasonable and actual out-of-pocket expenses incurred in connection with such services in accordance with Article VII Section E.4 of the Plan; and second, to Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC in accordance with the terms of the Plan; and third, to the holders of Allowed Unsecured Claims against and Equity Interests in the Principal in accordance with the terms of the Plan.

d) d) Comply with the terms of Article VII of the Plan in making distributions, including, but not limited to, the form of distributions, the delivery of distributions, the administration of undeliverable, returned distributions, and de minimis distributions.

e) e) Pursuant to Article VII Section H of the Plan (Compliance With Tax Requirements), the Disbursing Agent shall comply with all withholding and reporting requirements imposed on it by any governmental unit, and all distributions pursuant to the Plan shall be subject to such withholding and reporting requirements. FTDF shall file its final tax return for FTDF in accordance with Section 3 of this Agreement and, in the event of distributions to holders of Allowed Equity Interests in FTDF from recoveries on the FTDF Unsecured Claim, the Agent shall be responsible for the tax withholding and

2

406590v.24

reporting for the individual holders of Allowed Equity Interests in FTDF for such distributions.

f) f) Execute such documents, or take such actions, as are necessary to effectuate the transactions provided for herein, which may include engaging and paying attorneys and other professionals and agents; provided, however, the payment of any such professionals shall be made solely from Cash coming into the Agent's hands on behalf of Principal for distribution to holders of Allowed Unsecured Claims and Equity Interests of Principal.

g) g) Post any bond or obtain insurance coverage for liabilities, duties and obligations of the Agent and its agents, employees, and professionals (in the form of an errors and omissions policy or otherwise) that may be appropriate; provided, however, that the cost of any such bond or insurance shall be made solely from Cash coming into the Agent's hands on behalf of Principal for distribution to holders of Allowed Unsecured Claims and Equity Interests of Principal.

3.    **FTDF Actions.**    FTDF shall take the following actions:

a)    Prior to or on the date of the final cash distribution (excluding any cash received from the FTDF Unsecured Claim) to the holders of Allowed Equity Interests in FTDF (the "Final Cash Distribution"), FTDF will distribute to the holders of Allowed Equity Interests in FTDF their respective pro-rata interests in the FTDF Unsecured Claim.

b)    FTDF will provide a schedule of the Allowed Equity Interests in the FTDF Unsecured Claim to the Agent.

c)    As soon as practicable after the Final Cash Distribution, FTDF (i) will file its final tax return, (ii) prepare and file its final report and account with the Bankruptcy Court, (iii) prepare and file its application for final decree and to close the FTDF case, and (iv) winddown and dissolve FTDF.

3. 4.    **Payments To Agent.**  In accordance with the Plan and paragraph d 2(c) above, the Agent shall receive reasonable compensation for services rendered and reimbursement of reasonable and actual out-of-pocket expenses incurred in connection with such services to be paid solely from the funds coming into the Agent's hands on behalf of the Principal for distribution to holders of Allowed Unsecured Claims and Equity Interests of Principal. The Principal and the Agent agree that the following current hourly rates (2006) of the Agent shall apply in this case. It is acknowledged that these rates are revised effective January 1 each year, and that such adjusted rates will be applicable under this Agreement.

| Rate per hour | Services of |
|---|---|
| $525.00 550.00 | William A. Brandt, Jr. |
| $420.00 450.00 | Geoffrey L. Berman |
| $390.00 415.00 | A. Kyle Everett |
| $200.00 215.00 | Matthew P. Sorenson |

3

406590v.24

| $390.00-$525.00 | Senior Consultants |
| $295.00-$370.00 | Consultants |
| $95.00-$290.00 | Junior Consultants |

4.5. **Term Of Agreement**. The Agreement shall become effective upon the date Mesirow Financial ~~Corporation'~~Interim Management's and Thomas J. Allison's engagement by Principal is terminated and shall continue in effect notwithstanding any prior dissolution or termination of the Principal under applicable law until the final distribution from the USACM Trust has been made to the Beneficiaries of the USACM Trust, and any amount due to holders of Allowed Unsecured Claims and Allowed Equity Interests in the Principal has been determined and made by Agent.

5.6. **Termination Of This Agreement**. This Agreement may be terminated only with the approval of the Court. If the Agent desires to terminate this Agreement, the Agent shall File a request to do so with the Court and serve the notice on the United States trustee and the Principal, or if Principal is no longer in existence, then on the United States trustee and all holders of Allowed Equity Interests in the Principal immediately before Principal's dissolution or cessation of existence. If the Principal desires to terminate this Agreement, the Principal shall File a request to do so with the Court and serve the notice on the United States trustee and the Agent or, if the Agent is no longer in existence, on the United States trustee and the Agent's successors in interest. All such notices shall be by first class United States mail or delivered personally.

6.7. **Entire Agreement**. This Agreement expresses the entire contract between the Principal and the Agent regarding this matter. This Agreement can only be modified with another written Agreement, signed by both the Principal and the Agent, and approved by the Court. If the Principal is no longer in existence at the time of a proposed or pending modification of this Agreement, such modification shall be valid if signed by Agent and holders of more than fifty percent (50%) of Equity Interests in Principal immediately before Principal ceased to exist. This Agreement shall be binding upon both the Principal and the Agent and their respective legal representatives and successors in interest, subject to any order of the Court.

7.8. **Governing Law**. This Agreement shall be interpreted according to the laws of the State of Nevada.

8.9. **Independent Contractors**. Both the Agent and the Principal agree that the relationship created by this Agreement is that of independent contractor and not that of employee and employer. The Agent is responsible for the payment of any taxes, including without limitation, all Federal, State and local personal and business income taxes, sales and use taxes, other business taxes and license fees arising out of the activities of the Agent under this Agreement.

9.10. **Time**. Time is of the essence of this Agreement and each and every provision hereof. Any extension of time granted for the performance of any duty under this Agreement shall not be considered an extension of time for the performance of any other duty under this Agreement.

4

406590v.24

10.11. **Successors and Assigns**. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors in interest and assigns. Upon the dissolution of Principal (or if Principal otherwise ceases to exist), the holders of Equity Interests in the Principal immediately before Principal's dissolution or cessation of existence shall be deemed for all purposes to be the successors of Principal.

Executed as of the date first written above.

USA CAPITAL FIRST TRUST DEED FUND, LLC
"Principal"


By: _____

Its: _____



DEVELOPMENT SPECIALISTS, INC.
"Agent"


By: _____

Its: _____

406590v.24