George F. Ogilvie III, Esq. (#3552)
Ryan J. Works, Esq. (#9224)
McDONALD CARANO WILSON, LLP
2300 West Sahara Avenue
No. 10, Suite 1000
La Vegas, Nevada 89102
Tel. No.:  702.873.4100
Fax No.:  702.873.9966
rworks@mcdonaldcarano.com

Electronically Filed on June 22, 2007

Attorneys for Eugene Buckley

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re

USA COMMERCIAL MORTGAGE
COMPANY,

USA CAPITAL REALTY
ADVISORS, LLC,

USA CAPITAL DIVERSIFIED
TRUST DEED FUND LLC,

USA CAPITAL FIRST TRUST
DEED FUND LLC,

USA SECURITIES, LLC,

     Debtors.

Affects:
☒ All Debtors
: USA Commercial Mortgage Company
: USA Capital Realty Advisors, LLC
: USA Capital Diversified Trust Deed
Fund, LLC
: USA Capital First Trust Deed Fund,
LLC
: USA Securities, LLC

Case No.  BK-S-06-10725-LBR
Case No.  BK-S-06-10726-LBR
Case No.  BK-S-06-10727-LBR
Case No.  BK-S-06-10728-LBR
Case No.  BK-S-06-10729-LBR

CHAPTER 11

Jointly Administered Under
Case No.: BK-S-06-10725-LBR

**MOTION OF EUGENE BUCKLEY TO
QUASH SUBPOENA**

Hearing Date:
Hearing Time:

*[Left margin vertical text: McDONALD·CARANO·WILSON℠ 2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354 PHONE (702) 873-4100 • FAX (702) 873-9966]*

    Eugene Buckley files this Motion seeking to quash the Subpoena for Rule 2004 Examination. This Motion is supported by the pleadings previously filed in this case identified herein, the points and authorities below, and the exhibits attached hereto.

McDONALD·CARANO·WILSON™
2300 WEST SAHARA AVENUE • NO. 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

I.    **FACTUAL BANKGROUND**

1.    On January 8, 2007, this Court entered its Order Confirming the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization as Modified (the "Plan").[1]  Pursuant to paragraphs 10 and 28 of the Plan on the Effective Date, all assets of the USA Commercial Mortgage Company ("USACM") Estate (the "Estate") not collected or disposed of on or prior to the Effective Date, including all USACM Litigation Claims, minus any Cash needed to make required payments, vested in the USACM Liquidating Trust (the "Trust").

2.    On May 8, 2007, the attorneys for the Trust, filed a motion for an order requiring Eugene Buckley to Appear for Examination Pursuant to Fed. R. Bankr. P. 2004 (the "Motion").  This Court entered an order granting the Motion on May 9, 2007 (the "Order").

3.    Neither the Motion nor the Order specified the scope and nature of the examination (the "Examination") of Mr. Buckley, a non-party who has never held any ownership interest in USACM, USAIP, or any of the Debtors.

4.    Thereafter, counsel for the Trust executed and served a Subpoena for Rule 2004 Examination containing 24 requests for documents referring or relating to *any communications, transactions or dealings by and between Buckley any of the 188 different Entities and any of the 35 different Individuals.*  *See* the Subpoena, a true and accurate copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.

5.    In the Motion, the Trust failed to explain to the Court the purpose of the Rule 2004 examinations.  For example, the Motion merely states:

> The Movant seeks information concerning various transactions
> and other dealings between USACM, the other debtors in the

---

[1] Buckley requests the Court take judicial notice of the Order and of the Third Amended Plan pursuant to Federal Rule of Evidence 201.

1   above-captioned cases (together with USACM, the "Debtors"),

2   affiliates, subsidiaries, parents or otherwise related entities. The

3   Movant seeks this information to assist in the collection of the

4   assets of the investigation of the liabilities of the Debtors.

(*See* Motion at Docket No. 3672).

6.    The Motion did not include a copy or draft of the proposed Subpoena as an exhibit intended to be served in the event the Motion was granted.

7.    The Subpoena requests a vast array of records, the majority of which are unrestricted requests regarding any subject matter having nothing to do with the five Debtor entities.

8.    The scope of the Subpoena is extremely broad and includes, for example, the following document requests:

> 1.    All Documents referring or relating to any communications between any of the Debtors and Buckley.
> 2.    All Documents referring or relating to any communications between any of the Debtors and any of the [188] Entities.
> 3.    All Documents referring or relating to any communications between any of the Debtors and any of the [35] Individuals.
> 5.    All Documents referring or relating to any communications between Buckley and any of the [188] Entities related to any of the Debtors.
> 6.    All Documents referring or relating to any communications between Buckley and any of the [35] Individuals.
> 7.    All Documents referring or relating to any communications related to any of the Debtors between Buckley and any of the [35] Individuals.
> 10.    All Documents referring or relating to any transactions involving any of the Debtors.
> 12.    All Documents referring or relating to any transactions entered into by any of the Debtors.
> 13.    All Documents referring or relating to any transaction or other dealings between any of the Debtors and Buckley.

McDONALD·CARANO·WILSON⁝
2300 WEST SAHARA AVENUE • NO. 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

14. All Documents referring or relating to any transactions or other dealings between any of the Debtors and any of the [188] Entities.

15. All Documents referring or relating to any transactions or other dealings between any of the Debtors and any of the [35] Individuals.

17. All Documents referring or relating to any transactions or other dealings between Buckley and any of the [35] Individuals.

20. All Documents referring or relating to any payments or other transfers by any of the Debtors to Buckley.

21. All Documents referring or relating to any payments or other transfers by any of the Debtors to any of the [188] Entities.

22. All Documents referring or relating to any payments or other transfers by any of the Debtors to any of the [35] Individuals.

(*See*, Buckley Subpoena, attached hereto as Ex. "A")

9.    The Subpoena is well beyond the scope allowed under Fed. R. Bankr. P. 2004. The foregoing requests concern matters that are unrelated to the Debtors' affairs and are not restricted to matters pertaining to transactions related to the five Debtors.

10.    Further, the Subpoena treats Mr. Buckley as if he were a "Corporate Representative" of the 188 Entities, however, no allegation has been made that Mr. Buckley is affiliated, employed or has an ownership interest in any of the Entities, none of which have been subpoenaed. In fact, Mr. Buckley can recall business dealings only with USACM and USA Investment Partners, LLC. Because Mr. Buckley has been in the real estate business for more than 20 years, Mr. Buckley may have documents responsive to the Subpoena in places that would require a great deal of time and effort to find. Mr. Buckley simply cannot recall every entity to which he has made loans. *See* Buckley Declaration at 2-5.

11.    Mr. Buckley seeks an order quashing the Subpoena For Rule 2004 Examination for the following reasons: (A) the discovery sought by the Subpoena

McDONALD·CARANO·WILSON<sup>LLP</sup>
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

is not proper because the USACM plan of reorganization has been confirmed and all of the Debtors' assets have been transferred to the Trust; (B) the Motion, Order and Subpoena fail to specify the scope and nature of the examination and exceed the scope of a Rule 2004 examination in any event; (C) Mr. Buckley is not the proper person to subpoena for the corporate records of the 188 Entities – the Trust must subpoena the Entities and their custodians of records; (D) the Subpoena is abusive and harassing; and (E) the disruption and costs to Mr. Buckley in responding to the Subpoena far exceeds the Trust's need for, or benefit from, the requested information.    *See* Fed. R. Bankr. P. 2004; Fed. R. Civ. P. 45(c).

12.    Accordingly, Mr. Buckley should not be subject to the examination and production requirements of this intrusive Subpoena.    Therefore, Mr. Buckley's Motion to Quash should be granted.

**II.    STANDARD OF REVIEW**

13.    In the context of a Rule 2004 examination, once a motion to quash has been filed, the burden is placed on the examiner to prove that "good cause exists" for taking the requested discovery.    *In re Dinubilo*, 177 B.R. 932, 943 (Bankr.E.D. Cal. 1993).    "Good cause" may be established if the party seeking the examination can show that it is "necessary to establish the claim of the party seeking the examination" or that denial of the subpoena will cause the examiner undue hardship or injustice.    *Id.* (internal citations omitted).

14.    Here, no good cause exists for the Rule 2004 examination or any of the discovery requested in the Subpoena; Mr. Buckley's examination is not necessary to establish a claim because none have been made in the Trust's Motion; and injustice is absent to the Trust.

15.    Accordingly, this Court must grant Mr. Buckley's Motion to Quash.

## III.  LEGAL ARGUMENT

### A.    The Rule 2004 Examination of Mr. Buckley Is Not A Proper Exercise Of Post-Confirmation Jurisdiction.

16.    The administration of the Debtors' bankruptcy cases concluded when the Debtors' Plan was confirmed by the Court on January 8, 2007.  The Estate assets were vested in the various post-confirmation entities.  Accordingly, because this matter is post-confirmation, this Court has limited jurisdiction.

17.    Under the express language of 11 U.S.C. § 1142, the court may "direct the debtor and any other necessary party to execute or deliver ... any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan." 11 U.S.C. § 1142(b). *In re Continental Airlines, Inc.*, 236 B.R. 318, 324 (Bankr. D. Del. 1999).  However, courts routinely find that the bankruptcy courts have no jurisdiction over the affairs of the post-confirmation debtor and its creditors, particularly with respect to claims arising post-confirmation.[2]

18.    The court does not have jurisdiction over post-confirmation controversies, even when the basis for those controversies may have been covered in a plan of reorganization.  *See In re J.T. Gerken Trucking, Inc.*, 10 B.R. 203, 204 (Bankr. N.D. Ohio 1981).  Here, the court concluded that "affirmation of the [collective bargaining] agreement in the plan does not confer jurisdiction upon the [bankruptcy] court over post confirmation controversies.  A confirming

---

[2] *See, e.g., In re Fairfield Communities, Inc.,* 142 F.3d 1093, 1095-96 (8th Cir.1998) (bankruptcy court lacks jurisdiction over post-confirmation claims); *In re Greenley Energy Holdings of Pennsylvania, Inc.,* 110 B.R. 173, 184 (Bankr.E.D.Pa.1990) (bankruptcy court has post-confirmation jurisdiction only over those matters whose resolution is necessary for consummation of the plan); *In re Iberis International, Inc.,* 72 B.R. 624, 626 (Bankr.W.D.Wis.1986) (assumption of executory contract does not confer jurisdiction on the bankruptcy court over post-confirmation breaches of that contract). *Id.*

McDONALD·CARANO·WILSON<sup>LLP</sup>
2300 WEST SAHARA AVENUE • NO.10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

1    court's jurisdiction is limited to matters concerning the operation of the plan."

2    *Id.; see also Hall's Motor Transit*, 889 F.2d 520,522 (3rd Cir. 1989). ("The

3    bankruptcy court's jurisdiction does not follow the property, but rather, it lapses

4    when the property leaves the estate.").

5    19.    Similarly, in *In re Express One International, Inc.*, 217 B.R. 215, 216-

6    17 (Bankr. E.D. Tex. 1998) a creditor, which had filed a pending administrative

7    claim seeking payment for post-petition maintenance work it performed on the

8    Chapter 11 debtor-in-possession's aircraft, filed a motion for order allowing

9    post-confirmation Rule 2004 examination of the debtor and for production of

10   documents. The Bankruptcy Court examined the scope of Rule 2004 after plan

11   confirmation and held that the examination would be limited in scope to the

12   single issue of whether the debtor was setting funds aside to pay creditor's

13   administrative claim, should creditor ultimately prevail on its claim. (instructing

14   that in a post-confirmation situation, Rule 2004 examination is limited to

15   matters relating to the administration of the case).

16   20.    If the Rule 2004 examination is attempted post-confirmation, as is

17   the case here, the examination is restricted to the administration of the case

18   post-confirmation, i.e., limited to issues that the court still has power to

19   entertain.  *In re Cinderella Clothing Industries,* 93 B.R. 373, 377-378 (Bankr.

20   E.D. Pa. 1988).

21   21.    The Motion did not even address this requirement.  Moreover, the

22   Motion could not possibly meet this requirement because the matters that are

23   presumably the subject of the Motion deal with assets belonging to the Trust not

24   to the Estate.

25   22.    The Trust fails to identify the purpose for which it seeks to use the

26   subpoenaed information.  Given the overly-broad scope of the Subpoena and the

27   massive net cast, presumably, the intended purpose of seeking this information

28   is to obtain inappropriate pre-litigation discovery.  This purpose is improper.

McDONALD·CARANO·WILSON℠
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

23.    Long ago, the court in *In re Good Hope Refineries, Inc.*, 9 B.R. 421, 423 (Bankr.D.Mass.1981) noted:

> Rule 205 [the precursor to Rule 2004] is intended to provide the Trustee, generally new to the case, with a very broad discovery device to aid in an efficient and expeditious gathering of all of the pertinent facts necessary in the effective administration of the estates.  It is not intended to give the rehabilitated debtor post confirmation a strategic advantage in fishing for potential private litigation.   Our basic concept of fair play expressed in the constitutional legalese of equal protection and due process should require all litigants to use the same discovery and procedural rules when not directly engaged in those activities that call for the bankruptcy umbrella, namely, that collection of activities characterized as the administration of the estate." *See also, In re GHR Energy Corp.*, 35 B.R. 534, 537 (Bankr. D. Mass.1983).

24.    The proposed Examination does not serve the purpose set forth in *Good Hope Refineries*.    Rather, the Examination seeks to use a bankruptcy estate's powers to quickly ascertain the Estate's assets and liabilities for the benefit of the post-confirmation Trust.  No legal basis exists for this attempt.

**B.    The Motion And Subpoena Are Improper And Exceed The Scope And Nature of Rule 2004.**

25.    A Rule 2004 examination may only be taken after a proper motion is filed and granted by the court.  Fed. R. Bankr. P. 2004(a).   The motion must state with particularity "the grounds for the motion" and "set forth the relief sought." Fed. R. Bankr. P. 9013.

26.    At a minimum, a motion for a Rule 2004 examination must specify the scope and nature of the examination requested. *See* Collier on Bankruptcy, ¶ 2004.01[2] (15th Ed. 2006); *see also In re Enron*, 281 B.R. at 840.  These basic

McDONALD·CARANO·WILSON℠
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

1    requirements have not been met.

2       27.    Besides the general statement seeking "information to assist in the

3    collection of the assets and the investigation of the liabilities of the Debtors" (*see*

4    Motion at Doc # 3672), there are no grounds for relief set forth in the Motion

5    which is utterly devoid of any particular statements setting forth the scope and

6    nature of the 2004 examination requested.  For this reason alone, the Subpoena

7    should be quashed.

8       28.    Moreover, the Trust fails to explain how the information sought is

9    relevant or reasonably related to the Debtors, or the bankruptcy, much less

10   relevant or related to the post-confirmation administration of the Estate; how

11   the information will be gathered, what information will be requested, and what,

12   if any, private or confidential information from third parties may be implicated.

13      29.    In fact, the Trust did not even attach a draft Subpoena to its Motion.

14   Had the Trust done so, it would have revealed what the Trust was actually

15   seeking more than 10 years of communications, documents, transactions, and

16   dealings by and between 188 separate Entities, 35 different Individuals and 5

17   Debtors, all from one unrelated, disinterested third party.

18      30.    Since enactment of the new bankruptcy rules, courts have

19   continued to hold that examinations of matters having no relationship to the

20   bankrupt's affairs or the administration of the estate are improper.  *Keene Corp.*

21   *v. Johns-Manville Corp.*, 42 B.R. 362, 364 (Bankr. S.D.N.Y. 1984); *see also*

22   *Dinublio*, 177 B.R. at 940.

23      31.    Because the Trust's requested information does not relate to the

24   acts conduct, property, liabilities, or financial condition of the Debtors or any

25   other matter which will affect, or relate to post-confirmation administration of

26   the Debtors' estate, its Subpoena should be quashed.

27

28

McDONALD·CARANO·WILSON<br>2300 WEST SAHARA AVENUE • NO.10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354<br>PHONE (702) 873-4100 • FAX (702) 873-9966

D.    **Eugene <u>Buckley Is Not The Proper Person To Subpoena For The Corporate Records Of 188 Entities.</u>**

32.    In the *Matter of Wilcher,* 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985), the Bankruptcy Court held that the party sought to be examined was not properly subject to a Rule 2004 examination because he "has not been shown to have been involved in the debtor's business affairs in any way, save for his purchase of the [ ] property."   *See In re Dinubilo,* 177 B.R. 932, 940 (E.D. Cal. 1993).

33.    Here, Mr. Buckley has not been alleged to have been involved in the Debtors' business affairs in any way.   Therefore, he is not properly subject to a Rule 2004 examination.   Indeed, Buckley is not currently affiliated with and has no ownership interest in any of these Entities.   *See* Buckley Declaration at 2. Buckley can recall business dealings only with USA Investment Partners LLC. *See* Buckley Declaration at 3.

34.    In any event, the proper method to discover the information sought relative to the 188 Entities and 35 Individuals is to subpoena each of them and seek designation of a witness from each Entity.   *See* Fed. R. Bankr. P. 2004; *see also* Fed. R. Civ. P. 30(b)(6).   This would certainly be the most direct method of obtaining the information.

35.    The Trust's Motion is a thinly-veiled attempt to avoid paying for 188 corporations to be examined and no legal bases exist for permitting the Trust to avoid paying proper costs and expenses associated with discovering the information requested.

36.    Accordingly, this Court should grant Mr. Buckley's Motion to quash.

McDONALD·CARANO·WILSON℠
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

**E.** **_The Discovery Requested Is Sought For The Purpose Of Abuse And Harassment._**

37. Given the extreme overbreadth of the Subpoena, there is little question that an additional purpose of this discovery is to abuse and harass Mr. Buckley, not to seek relevant information concerning the Debtors or the post-confirmation bankruptcy estate. The abusive and harassing nature of the Subpoena is evidenced by the sheer volume of the information sought which includes ***any communications, transactions or dealings by and between Mr. Buckley and any of the 188 different Entities and any of the 35 different Individuals,*** the vast majority of which have had no involvement with USACM.

38. The Subpoena is vague and duplicative, so much that often document requests are repeated multiple times.

    *Compare:* 4. All Documents referring or relating to any communications between Buckley and any of the Entities.

    *With:* 16. All Documents referring or relating to any transactions or other dealings between Buckley and any of the Entities.

39. The Subpoena seeks items for all of these Entities and Individuals, and all five Debtors without any limitation to the relevancy of the information to the particular Entity or Individual. Mr. Buckley has been in the real estate business for many years and may have had incidental business dealings with one or more of the 188 Entities identified in the Subpoena. However, Mr. Buckley would have to search through an enormous number of files and information sources to determine whether he has responsive documents. Mr. Buckley is an individual who does not have staff or file space to keep organized records of his business activities for the past ten years. Responding to the Subpoena would take an untold number of hours. *See* Buckley Declaration at 4.

McDONALD·CARANO·WILSON™
2300 WEST SAHARA AVENUE • NO 10. SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

40.   Moreover, these requests are made for a period of time beginning in January 1997 to the present -- again without any attempt to define or limit the information sought to relevant Entities, Individuals or information. The abusive nature of the Subpoena does not end there; it continues in the definitions provided for the subpoenaed entities' compliance. As just one example, the definition of "Document,"

means all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes but is not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings, or sketches, blueprints, designs, notebooks, advertising, and commercial literature, promotional literature, of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements, records of inventory, financial and/or accounting records, catalogues, trade journals, and other documented or recorded information. The term "document" also includes every other manner by which information was recorded or transmitted, including but no limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing equipment to obtain the information recorded by that method. The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical

McDONALD·CARANO·WILSON⁞

2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

to the original or (ii) your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

(*See* Exhibit "A," at pp. 1-2).

41.    The abusive and harassing nature of the Subpoena is fully apparent from the lengthy, confusing and overly inclusive definitions and requests provided by the Trust.

42.    Finally, it goes without saying that the time, effort and manpower necessary to comply with such an improper Subpoena would be enormous, onerous and vastly expensive.  In short, the Subpoena goes far beyond even a typical Rule 2004 "fishing expedition."

> [I]nstead of using rod and reel, or even a reasonably sized net, IBM would drain the pond and collect the fish from the bottom.  This exercise goes beyond the bounds set by the discovery rules.

*See In Re IBM Peripheral EDP Devices Antitrust Litig.*, 77 F.R.D. 39, 42-43 (Bankr.C.D. Cal. 1977).

43.    Here, the Trust seeks to drain an *ocean*, to find *possible* fish at the bottom of the sea.  This can hardly be seen as anything short of abusive and harassing.

**F.    <u>The Disruption And Costs To Mr. Buckley In Responding To The Subpoena Far Exceeds The Trust's Need For, Or Benefit From, The Requested Information.</u>**

44.    Finally, in determining whether the Trust has established "good cause" as required under Rule 2004, the Court must weigh the competing interests of the parties.  *In Re Drexel Burnham Lambert Group, Inc.*, 123 B.R.   702, 712 (Bankr. S.D.N.Y. 1991).  For example, the movant should not be allowed to proceed if the disruption or cost far outweighs any benefit to the creditor.  *See In re Eagle-Picher Indus., Inc.*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994); *see also In re Express One Int'l, Inc.*, 217 B.R. 215, 216 (Bankr. E.D.

Tex.).

45.    Where a party can show that the examination is oppressive or burdensome, it may escape from a Rule 2004 examination.  *See Vantage Petroleum Corp.,* 34 B.R. 650, 652 (Bankr. E.D.N.Y. 1983).

46.    Here, the Trust has not provided any legitimate, good cause basis for the relevancy or the need of the requested information.  As detailed above, the information sought and the manner in which it was requested, establishes that little, if any, relationship exists between Mr. Buckley, the Entities, the Individuals, Debtors or the bankruptcy proceedings at issue.

47.    The information sought from the Trust and the substantial costs Mr. Buckley would incur in producing such information is oppressive and extremely burdensome to Mr. Buckley, so much so that it far outweighs the Trusts' perceived need for and/or benefit from such information.

48.    Thus, on balance, the interests of Mr. Buckley far outweigh the interests of the Trust in collecting this highly irrelevant information.

## IV.    CONCLUSION

49.    For all of the above reasons, and because the Trust cannot demonstrate good cause for receipt of the information it seeks, Mr. Buckley respectfully requests that the Court grant his Motion to Quash the Subpoena, in its entirety, prohibiting the Trust from conducting his Rule 2004 examination or from obtaining any documents or information pursuant to the Subpoena.

DATED:   June 22, 2007        MCDONALD CARANO WILSON, LLP


By: /s/ Ryan J. Works, Esq.
    George F. Ogilvie III, Esq. (#3552)
    Ryan J. Works, Esq. (#9224)
    McDonald Carano Wilson, LLP
    2300 West Sahara Avenue, Suite 1000
    Las Vegas, Nevada  89102
    Attorneys for Buckley

MCDONALD·CARANO·WILSON₄
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

EXHIBIT "A"

EXHIBIT "A"

75

B254 (5/92) Subpoena for Rule 2004 Examination

# United States Bankruptcy Court

## DISTRICT OF NEVADA

IN RE

USA COMMERCIAL MORTGAGE COMPANY,
USA CAPITAL REALTY ADVISORS, LLC,
USA CAPITAL DIVERSIFIED TRUST DEED FUND LLC,
USA CAPITAL FIRST TRUST DEED FUND LLC,
USA SECURITIES, LLC,

DEBTORS.

AFFECTS: ALL DEBTORS

**SUBPOENA FOR RULE 2004 EXAMINATION**

CASE NOS.    BK-S-06-10725 LBR
             BK-S-06-10726 LBR
             BK-S-06-10727 LBR
             BK-S-06-10728 LBR
             BK-S-06-10729 LBR

JOINTLY ADMINISTERED UNDER
CASE NO. BK-S-06-10725-LBR

TO:    Eugene Buckley
       c/o Andrew S. Gabriel
       McDonald, Carano, Wilson LLP
       2300 W. Sahara Avenue
       Suite 1000, No. 10
       Las Vegas, Nevada 89102-4396

X YOU ARE COMMANDED to appear for examination under Federal Rule of Bankruptcy Procedure 2004, pursuant to the attached court order, regarding the following topics at the place, date and time specified below:

### SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| LEWIS AND ROCA, LLP<br>3993 HOWARD HUGHES PARKWAY, SUITE 600<br>LAS VEGAS, NEVADA 89169<br>(702) 949-8200 | June 26, 2007 at 9:30 A.M.<br>(or such other mutually agreeable date and/or time) |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

### SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED

| PLACE | DATE |
|---|---|
| LEWIS AND ROCA, LLP<br>3993 HOWARD HUGHES PARKWAY, SUITE 600<br>LAS VEGAS, NEVADA 89169<br>(702) 949-8200 | June 15, 2007 at 10:00 A.M.<br>(or such other mutually agreeable date and/or time) |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Special Litigation Counsel for the USACM Liquidating Trust | May 15, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

ERIC D. MADDEN
DIAMOND MCCARTHY LLP
1201 ELM STREET, 34TH FLOOR
DALLAS, TEXAS 75270
(214) 389-5306

{00365037; }

## PROOF OF SERVICE

| | |
|---|---|
| DATE: | PLACE: |

SERVED:

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

Date                                       Signature of Server

_____

Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}

## EXHIBIT A

The topics of examination under Federal Rule of Bankruptcy Procedure 2004 shall include the following:

(1)    All communications, transactions, and other dealings between any of the Debtors (as defined in EXHIBIT B) and any of the following:

      a.    Eugene Buckley

      b.    Thomas Hantges

      c.    Joseph Milanowski

      d.    Victoria Loob

      e.    USA Investment Partners, LLC

      f.    Any of the Debtors (as defined in EXHIBIT B)

      g.    Any of the Entities (as defined in EXHIBIT B)

      h.    Any of the Individuals (as defined in EXHIBIT B)

(2)    Your policies, if any, regarding document destruction and retention, and how those policies were applied to the documents requested in EXHIBIT B (the "documents");

(3)    How and where the documents are kept and filed;

(4)    Whether the documents are kept in the ordinary and usual course of your business;

(5)    How the documents came to be created, including the identities (specifically or by category) of the persons creating them;

(6)    Whether the persons creating the documents had personal knowledge of the matters stated in the documents, or created from them information transmitted by someone with such knowledge;

(7)    Whether it was your regular practice to create the documents (or keep a file of the documents, if created by others);

(8)    The efforts that you made to locate and produce the documents;

(9)    The identities of all persons assisting with the search for responsive documents;

(10)    Whether any responsive documents were withheld on any ground;

(11)    Whether any responsive documents have been destroyed, and if so, when and for what reason or pursuant to what policy or instruction;

(12)    Whether any documents that should have been found were missing, and if so, the reasons that the documents were missing; and

(13)    Whether any of the instructions provided in EXHIBIT B were not followed, and if so, which instructions were not followed and the reasons for any and all departures from the instructions.

# EXHIBIT B

## I. DEFINITIONS

As used herein, unless otherwise indicated:

1.    "Buckley" means Eugene Buckley, his employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of Buckley, including any attorneys, advisors, or consultants.

2.    "Communication" means any transmittal of information, of any kind, without regard to whether such information was transmitted orally, in writing, electronically, visually, or by any other means.

3.    "Debtors" shall mean USA Commercial Mortgage Company, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC, USA Securities, LLC, and their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of any of the Debtors, including any attorneys, advisors, or consultants.

4.    "Document" means all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements,

- 1 -

orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements, records of inventory, financial and/or accounting records, catalogues, trade journals, and any other documented or recorded information. The term "document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method. The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

5.     "Entity" or "Entities" shall mean the following entities, their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of any of the Entities, including any attorneys, advisors, or consultants:

- Abogo Marketing, LLC
- A. L. LLC
- Amblamo, LLC
- Ashby USA, LLC
- ASQ, Inc.

- Aware TM 30850, LLC
- Barone-Tanamera Condominiums, LLC
- Barusa, LLC
- B&L Investments, Inc.
- Bellavista Partners Limited Partnership
- Blue Vale, LLC
- Brentwood 128, LLC
- Cabernet Highlands, LLC
- California Desert, LLC
- Campo Land Investment, LLC
- Caughlin Club Management Partners, LLC
- Caughlin Club Real Property Investors, LLC
- CCRE Investors, LLC
- Chardonnay Village Investors, LLC
- Classic Residences, LLC
- Clemency, LLC
- Commercial Concepts, LLC
- Comstock Village Investors, LLC
- Conference Pros, LLC
- Cornman Toltec 160, LLC
- DDH Financial Corp.
- Diamond Village Investors, LLC
- Dirt Holdings, LLC
- Double Diamond Homes, LLC
- Double Diamond Management Company, LLC
- Eagle Ranch, LLC
- Eagle Ranch, LLC
- Eagle Ranch Development, LLC
- Eagle Ranch Residential, LLC
- Electro Optical Systems Corp.
- Emigh Investments, LLC
- Equus Management Group
- Foothill Commerce Center, LLC
- FWY 101 USA Investors, LLC
- Hamilton & Montoure, LLC
- The Hantges Children's Educational Trust
- Happy Valley, LLC
- Haspinov, LLC
- HBM Holdings, LLC
- HBM Inc.
- HMA Management, LLC
- HMA Sales, LLC
- Homewood Village Investors I, LLC
- Housing Partners, LLC
- Indian Wells California Partners, LLC
- Institutional Equity Partners, LLC
- Institutional Income Fund

- Intelligent E-Mail, Inc.
- JaDeM Investments, LLC
- Joseph D. Milanowski 1998 Trust
- Kburr Brokerage Company, LLC
- Kegan, LLC
- Kenya 98, LLC
- La Hacienda Land Investors
- Longley Town Centre, LLC
- Longley Professional Campus, LLC
- Lucid Land Development, LLC
- Lucius Blanchard Family Foundation
- Market Consultants Limited Partnership
- The Meadows Investors, LLC
- Medical Billing Alliance, Inc.
- Met Partners, LLC
- Miners Village Investors, LLC
- M.M.P.LE., LLC
- Mojave Advertising, LLC
- Monticello Investors, LLC
- Mountainview Campus Investors, LLC
- M.P.D.D. Ranch, LLC
- M.P. Tanamera, LLC
- Nellis Crossing Management, LLC
- Nevada Skin and Cancer, Lucius Blanchard, M.D. Chartered
- Nevada Technology Networks, LLC
- Opaque Land Development, LLC
- Palmdale Associates, LLC
- Palomino Partners, a Nevada Limited Partnership
- Paul Steven Hamilton Family Limited Partnership
- PBH Family, L.P.
- PerUSA, LLC
- Pecos Professional Park Limited Partnership
- Pecos Professional Park Property Owners Association
- PES, L.L.C.
- Pioneer Village Investors, LLC
- Placer County Land Investors, LLC
  (formerly Placer County Land Speculators, LLC)
- Random Developments, LLC
- Robert V. Jones, Corp.
- Preserve at Galleria, LLC
- Ravenswood Apple Valley, LLC
- Red Granite, LLC
- Redundant Networks, Inc.
- Reno Corporate Center, LLC
- Reno Design Center, LLC
- Reno South Meadows, LLC
- Resort International Marketing Inc.

- Resort Magic, LLC
- Resort Management Solutions, LLC
- Rowe Family Trust
- Royal Center Associates, LLC
- Royal Hotel Corporation
- Royal Resort Enterprises, LLC
- Royal Resort Operating Company, LLC
- Royal Resort Vacation Owners Association, Inc.
- Royal Vacation Suites, Inc.
- RTTC Communications, LLC
- Sandhill Business Campus, LLC
- Sandhill Properties, LLC
- Shadow Glen 420, Inc.
- Shadroc, LLC
- Shoshone Cattle and Land Development Co.
- Sierra Vista Investors, LLC
- Signature/USA Partners Limited Partnership
- Soda Flats Land Company, LLC
- South Meadows Apartments, LLC
- South Meadows Commercial Property, LLC
- South Meadows Office Investors, LLC
- South Meadows Residential Partners, LLC
- Southern California Land Development, LLC
- Sparks Galleria Investors, LLC
- Sparks Galleria Investors, LLC
- Sparks Galleria Investors II, LLC
- Sugartree, LLC
- TA Management, LLC
- Tanamera Apartments, LLC
- Tanamera Commercial Development, LLC
- Tanamera Corporate Center, LLC
- Tanamera Development, LLC
- Tanamera Homes, LLC
- Tanamera Holding Company, Inc.
- Tanamera Management, LLC
- Tanamera Residential, LLC
- Tanamera Resort Condominiums, LLC
- Tanamera Resort Partners, LLC
- Tanamera Seniors Village, LLC
- TCD Financial Corp.
- TCD Land Investments
- Telephone Associates of Arizona Limited Liability Company
- Telephone Associates of Nevada Limited Liability Company
- Thunderbird Hotel Corporation
- Tigger Too
- TJA Marketing, LLC
- Toblak, LLC

- Trading Places International, Inc.
- Trans-Aero Land & Development Company
- Tree Moss Partners, LLC
- Twelve Horses North America, Inc.
- Twelve Horses North America, LLC
- USA Capital Diversifed Trust Deed Fund
- USA Capital First Trust Deed Fund
- USA Capital Fund I, LLC
- USA Capital Fund II, LLC
- USA Capital Fund III, LLC
- USA Capital High Income Real Estate Lending Fund, LLC
- USA Capital Institutional High Income Fund, LLC
- USA Capital Mortgage, LLC
- USA Capital Realty Advisors, LLC
- USA Capital Secured Income Fund, LLC
- USA Capital Specialty Finance, LLC
- USA Commercial Mortgage Company
- USA Commercial Real Estate Group
- USA Development, Inc.
- USA Development Fund Two Limited Partnership
- USA Investment Partners, LLC
- USA Investors I, LLC
- USA Investors II, LLC
- USA Investors III, LLC
- USA Investors IV, LLC
- USA Investors V, LLC
- USA Investors VI, LLC
- USA Lottery Investors, LLC
- USA Partners, Inc.
- USA Reno Mini-Storage, LLC
- USA Secured Income Fund, LLC
- USA Securities, LLC
- USA South Tech Partners, Ltd.
- USA/RVJ Development Fund One Limited Partnership
- Vaudio, LLC
- Vegas Hot Spots, LLC
- Vineyard Highlands, LLC
- The Vineyard Investors, LLC
- Vineyard Professional Campus, LLC
- Waterford Partners, LLC
- Willowbrook Residential, LLC
- Wyndgate Partners II, LLC
- Wyndgate Investors, LLC

6.    "Evidencing" means constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

7.    "Identify" or "identity" with respect to a natural person requires that the following information be provided for each such person:

(a)    the name of the person;

(b)    the last known home address, business address and/or telephone number of each person.

8.    "Identify" or "identity" with respect to a person other than a natural person (e.g., corporation, partnership, unincorporated joint venture, sole proprietorship, subchapter S corporation) requires that the following information be provided for each such person:

(a)    the name of the person;

(b)    the last known address and telephone number of that person's headquarters or principal place of business.

9.    "Identify" or "identity" with respect to a document means to state the date and author of the document, the type of document (e.g., letter, memorandum, telegram, chart), the addressee or intended recipient, a summary of its contents or other means of identifying the document, and the present location and custodian of the document. Alternatively, in lieu of the foregoing identification, the document may be produced along with an identification of the interrogatory to which it is responsive. If any such document was, but is no longer, in Your possession, custody, or control, Your attorneys

- 7 -

or agents, state what disposition was made of it and the date of such disposition. With respect to document identification, documents prepared subsequent to or prior to the time period specified in these interrogatories but which relate or refer to such time or period are to be included in your response.

10. "Identify" or "identity" with respect to a communication, written or oral conversation, conference or meeting, means to identify all persons participating in or in attendance at the communication, conversation, conference or meeting, and to identify all documents recording, summarizing or otherwise arising from the communication, conversation, conference or meeting in accordance with the definitions stated above. In addition, "identify" or "identity" with respect to a communication, conversation, conference or meeting means to state in detail its purpose, all subjects discussed, the method(s) of communication.

11. "Individual" or "Individuals" shall mean the following individuals:

- Allen Abolafia
- Richard Ashby
- Tom Barry
- David M. Berkowitz
- Lucius Blanchard
- Phil Dickinson
- Michael Efstratis
- David A. Fogg
- Cynthia ("Cindy") Gatto
- Paul Hamilton
- Andrew Hantges
- Thomas Hantges
- Stephen R. Hefner
- Rob Hilson
- R.J. Jackson
- Robert V. Jones

- 8 -

- Kraig Knudsen
- Victoria (Hessling) Loob
- Joe Lopez
- Robert MacFarlane
- Cynthia Milanowski
- Joseph Milanowski
- Anthony Monaco
- Sue Monaco
- Christianne Orear
- Salvatore Reale
- Thomas Rondeau
- Kreg Rowe
- Robert Russell
- Jeanne Russo
- Michael Scofield
- Brett Seabert
- Tracy Suttles
- Robert "Bobby" Tomljenovich
- Albert Whalen

12. "Person" means an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity. "Person" means the plural as well as the singular.

13. "Relating or referring" and/or "relate or refer" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

14.    "You" or "your" refers to Buckley, his agents, representatives, and all other persons acting, understood to act, or purporting to act on his behalf or under his direction or control.

## II. INSTRUCTIONS

1.    The following Document requests are to be responded to fully, by furnishing all information in your possession, custody or control. Your having possession, custody, or control of a Document includes your having a right, superior to other parties, to compel the production of such Document from a third party, such as your agent, employee, representative, or, unless privileged, attorney.

2.    If any Document requested herein has been lost, discarded, or destroyed, the document so lost, discarded or destroyed should be identified as completely as possible, including without limitation, the date the Document was lost, discarded, or destroyed, the manner in which the Document was lost, discarded, or destroyed, the reason(s) the Document was lost, discarded, or destroyed, the Person who authorized that the Document be destroyed or discarded, and the Person who lost, discarded, or destroyed the Document.

3.    If You cannot produce a Document because it no longer exists or is no longer in Your possession, custody, or control, please identify that Document by: (a) its title; (b) its nature (for example, a "letter" or "e-mail"); (c) the date it was created or sent; (d) its author(s) and signator(y/ies); (e) any of its recipient(s); (f) the last place it was known to have been located; (g) the circumstances under which it ceased to exist or passed from Your possession, custody, or control; and (h) the identity and last known

residence and business address of any Person who had knowledge of its existence and location.

4.      Produce the original, as well as all non-identical duplicates or copies and/or drafts, of all requested Documents in Your possession, in the possession of Your agents, attorneys, accountants or employees, or which are otherwise within Your custody, control, or access, wherever located.  A Document with handwritten notes, editing marks, etc., is not identical to one without such notes or marks and therefore must be produced if within the scope of Documents requested.

5.      Produce each requested Document in its entirety, including all attachments and enclosures, even if only a portion of the Document is responsive to the request.

6.      If You withhold from production any Document (or portion of any Document) that is otherwise responsive to a request on the basis of a claim of privilege, work product, or other ground, You must provide sufficient information regarding the withheld Document to permit the Court and the parties to evaluate the propriety of Your objection.  Specifically, you must identify:  (a) the name and title of the author(s) of the Document; (b) the name and title of each person to whom the Document was addressed; (c) the name and title of each Person to whom the Document was distributed; (d) the name and title of each Person to whom the Document was disclosed, in whole or in part; (e) the type of Document (e.g., "memorandum" or "report"); (f) the subject matter of the Document; (g) the purpose(s) of the Document; (g) the date on the Document and, if different, the date on which the Document was created and/or sent; (h) the number of pages of the Document; (i) the specific request herein to which the Document is

responsive; (j) the nature of the privilege(s) asserted as to the Document; and (k) a detailed, specific explanation as to why the Document is privileged or otherwise immune from discovery, including a presentation of all factual grounds and legal analyses.

7.    If any requested Document cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

8.    Please produce each specified Document either (a) in the original file or organizational system in which it is regularly maintained or organized or (b) designate which Documents are being produced in response to which of the numbered specifications below. Produce the requested Documents either in their original file folders or appended to a copy of any writing on the file folders from which the Documents are taken.

9.    Identify each Document produced by the paragraph number of this schedule to which it is responsive. If a Document is produced in response to more than one request, it is sufficient to identify only the first request to which the Document is responsive.

10.    All electronically stored information must be produced in the same form or forms in which it is ordinarily maintained. Specifically, all electronically stored information must be produced in its native format, so that the metadata can be accessed.

11.    Unless otherwise specified, the relevant time period for this request is from January 1, 1997 through and including the present.

12.     This request is a continuing one that calls for the supplemental or additional production of Documents if any defendant or its counsel obtains supplemental or additional Documents.

13.     In responding to the requests below: (a) the disjunctive shall also be read to include the conjunctive and vice versa; (b) "including" shall be read to mean "including without limitation;" (c) the singular shall also be read to include the plural and vice versa; (d) the present shall also be read as if the past tense and vice versa; (e) "any" shall be read to include "all" and vice versa; and (f) "and" shall be read to include "or" and vice versa.

## III. DOCUMENTS

YOU ARE REQUESTED to produce the Documents set forth below:

1.     All Documents referring or relating to any communications between any of the Debtors and Buckley.

2.     All Documents referring or relating to any communications between any of the Debtors and any of the Entities.

3.     All Documents referring or relating to any communications between any of the Debtors and any of the Individuals.

4.     All Documents referring or relating to any communications between Buckley and any of the Entities.

5.     All Documents referring or relating to any communications between Buckley and any of the Entities related to any of the Debtors.

- 13 -

6. All Documents referring or relating to any communications between Buckley and any of the Individuals.

7. All Documents referring or relating to any communications related to any of the Debtors between Buckley and any of the Individuals.

8. All Documents referring or relating to any communications related to any of the Debtors between Buckley and any of the following persons:

     a     Thomas Hantges

     b.     Joseph Milanowski

     c.     Victoria Loob

     d.     USA Investment Partners, LLC

9. All Documents referring or relating to any communications between Buckley and any of the following persons:

     a     Thomas Hantges

     b.     Joseph Milanowski

     d.     Victoria Loob

     d.     USA Investment Partners, LLC

10. All Documents referring or relating to any transactions involving any of the Debtors.

11. All Documents referring or relating to any transactions involving any of the following persons:

     a     Thomas Hantges

     b.     Joseph Milanowski

   e.  Victoria Loob

   d.  USA Investment Partners, LLC

 12. All Documents referring or relating to any transactions entered into by any of the Debtors.

 13. All Documents referring or relating to any transactions or other dealings between any of the Debtors and Buckley.

 14. All Documents referring or relating to any transactions or other dealings between any of the Debtors and any of the Entities.

 15. All Documents referring or relating to any transactions or other dealings between any of the Debtors and any of the Individuals.

 16. All Documents referring or relating to any transactions or other dealings between Buckley and any of the Entities.

 17. All Documents referring or relating to any transactions or other dealings between Buckley and any of the Individuals.

 18. All Documents referring or relating to any transactions or other dealings between Buckley and any of the following persons:

   a.  Thomas Hantges

   b.  Joseph Milanowski

   c.  Victoria Loob

   d.  USA Investment Partners, LLC

- 15 -

19.    All Documents referring or relating to financial statements, audit work papers, appraisals, valuation reports, or any other assessment of the financial condition of any of the following persons:

      a.    Any of the Debtors

      b.    USA Investment Partners, LLC

20.    All Documents referring or relating to any payments or other transfers by any of the Debtors to Buckley.

21.    All Documents referring or relating to any payments or other transfers by any of the Debtors to any of the Entities.

22.    All Documents referring or relating to any payments or other transfers by any of the Debtors to any of the Individuals.