Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

**E-FILED ON JUNE 29, 2007**

<div align="center">

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

</div>

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><div align="right">Debtor.</div> | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><div align="right">Debtor.</div> | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><div align="right">Debtor.</div> | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><div align="right">Debtor.</div> | Date of Hearing:  July 27, 2007<br>Time of Hearing: 9:30 a.m. |
| In re:<br>USA SECURITIES, LLC,<br><div align="right">Debtor.</div> | **USA SECURITIES, LLC'S OBJECTION TO AMENDED CLAIM NOS. 24-2, 25-2, AND 26-2 FILED BY THE PENSION BENEFIT GUARANTY CORPORATION** |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☒ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | **(Affects USA Securities, LLC)** |

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

USA Securities, LLC ("USA Securities"), by and through its counsel and pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007, hereby files its objection ("Objection") to the amended claims of the Pension Benefit Guaranty Corporation ("PBGC") filed against USA Securities, which have been designated as Claim No. 24-2, Claim No. 25-2, and Claim No. 26-2 (collectively the "Amended Claims"). This Objection is supported by the Declaration of Thomas J. Allison (the "Allison Declaration") filed contemporaneously herewith and incorporated herein by reference. In further support of its Objection, USA Securities states as follows:

## I.    JURISDICTION

1.    Under 28 U.S.C. §§ 157(b)(2)(B) and 1334, this Court has jurisdiction to hear this Objection. The relief requested is available under 11 U.S.C. § 502.

## II.    BACKGROUND

2.    On April 13, 2006 (the "Petition Date"), USA Securities filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Nevada ("Court"). USA Commercial Mortgage Company ("USACM"), USA Capital First Trust Deed Fund, LLC ("FTDF"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), and USA Capital Realty Advisors, LLC ("USA Realty") (collectively, with USA Securities, the "Debtors") also filed voluntary petitions under chapter 11 of the Bankruptcy Code the same day. All five of the Debtors' bankruptcy cases are being jointly administered (Docket No. 184).

3.    No trustee or examiner was appointed and no committee was formed in USA Securities' bankruptcy case. USA Securities is dormant and has conducted no business on or after the Petition Date.

4.    USA Securities is a Nevada limited liability company organized as of March 3, 1999.

5.    USA Securities was not at any time required to contribute to a defined pension benefit plan.

6.    USA Securities' only two members having ownership interests at all times relevant to this Objection were Joseph Milanowski and Paul Hamilton.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    7.    PBGC has asserted that USA Securities was either the "contributing sponsor" as

2  that term is described in 29 U.S.C. § 1301(a)(13), of the USA Commercial Mortgage Company

3  Defined Benefit Pension Plan ("Pension Plan"), or a member of the "controlled group," as that

4  term is described in 29 U.S.C. § 1301(a)(14), of the Pension Plan.  The Pension Plan was set up

5  and funded by USACM.

6    8.    The PBGC filed its original claims on November 9, 2006 (the "Original Claims").

7  PBGC filed the same three claims against each of the five Debtors but has subsequently

8  withdrawn its claims against FTDF and DTDF.

9    9.    The claims bar date applicable to the PBGC's claims, as set by the Court, was

10  November 13, 2006 (the "Bar Date").

11    10.    On January 8, 2007, the Court entered an order confirming the Debtors' joint plan

12  of reorganization (the "Plan").  The Plan became effective on March 12, 2007 (the "Effective

13  Date").

14    11.    USACM and the PBGC entered into an Agreement for Appointment of Trustee and

15  Termination of Plan, whereby the Pension Plan was terminated effective as of January 15, 2007,

16  and the PBGC was appointed trustee of the Pension Plan.

17    12.    On April 23, 2007, the Court entered an order approving a stipulation between

18  USA Securities and the PBGC permitting the PBGC to file amended claims (Docket No. 3521).

19  That same day, the PBGC filed the Amended Claims, which increased the collective amount of its

20  claims against USA Securities by approximately $1,000,000.  The PBGC also filed amended

21  claims against USACM and USA Realty.

22    13.    Claim No. 24-2 asserts a claim seeking an estimated $120,870 ($112,572 of which

23  the PBGC asserts is entitled to priority status) for pension insurance premiums that USA

24  Securities allegedly owes to the PBGC.[1]  Claim No. 25-2 asserts a general unsecured claim

25  seeking an estimated $1,700,624 for the unfunded benefit liabilities that USA Securities allegedly

26

27

28  [1] Claim number 24-1 was originally filed in an unliquidated amount.

1  owes to the PBGC in connection with the Pension Plan. Claim No. 26-2 asserts a priority claim

2  seeking an estimated $1,211,242 for minimum funding contributions that USA Securities

3  allegedly owes to the Pension Plan.

4  ### III.    APPLICABLE AUTHORITY

5  14.    Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of

6  claim has been filed will be allowed unless a party in interest objects. If a party in interest objects

7  to the proof of claim, the court, after notice and hearing, shall determine the amount of the claim

8  and shall allow the claim except to the extent that the claim is "unenforceable against the debtor

9  . . . under any . . . applicable law for a reason other than because such claim is contingent or

10  unmatured." 11 U.S.C. § 502(b).

11  15.    A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).

12  However, once an objection to the proof of claim controverts the presumption, the creditor

13  ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford*

14  *v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P.

15  9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

16  ### IV.    OBJECTION TO THE PBGC'S AMENDED CLAIMS

17  16.    USA Securities objects to each of the Amended Claims that the PBGC has asserted

18  against it.

19  17.    The PBGC asserts that USA Securities is liable under each of the Amended Claims

20  because it is either a "contributing sponsor" under 29 U.S.C. § 1301(a)(13) or a member of the

21  contributing sponsor's "controlled group" under 29 U.S.C. § 1301(a)(14).

22  18.    The "contributing sponsor" of a benefit plan is the employer responsible for

23  making contributions to the benefit plan. *See* 26 U.S.C. § 412(c)(11)(A). USACM is the

24  employer responsible for making contributions to the Pension Plan. USA Securities is not a

25  "contributing sponsor" of the Pension Plan.

26  19.    In defining "controlled group," 29 U.S.C. § 1301(a)(14) looks to section 1563(a) of

27  title 26 of the United States Code (the "Internal Revenue Code"). Under the applicable provisions

28  of section 1563(a), USA Securities would be a member of USACM's controlled group only if

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

USA Securities was a member of a parent-subsidiary or brother-sister controlled group of the Pension Plan. Such controlled groups are based on common, concentrated ownership. The two individuals who owned USA Securities, Thomas Milanowski and Paul Hamilton, did not control the ownership of USACM, which is the sponsor of the Pension Plan. *See* Allison Declaration. Therefore, USA Securities is not a member of the "controlled group" as that term is defined in 29 U.S.C. § 1301(a)(14).

20.     USA Securities is not liable for any obligations USACM may owe in connection with the Pension Plan.

21.     Further, USA Securities objects to each of the Amended Claims that the PBGC has asserted against it both to the estimated amounts it asserts are owed and the extent to which the PBGC asserts that the Amended Claims are entitled to priority status.

22.     The amounts of the Amended Claims are unsupported by any documentation but are believed to be based on actuarial assumptions that USA Securities disputes.

23.     In addition, USA Securities contends that the amounts owed, if any, should be treated as unsecured claims rather than as priority claims to the extent that such claims arose or relate to periods prior to the Petition Date.

24.     Contrary to PBGC's assertions, amounts owed by USA Securities in connection with the Pension Plan, if any, are not a "tax" entitled to priority under sections 503(b)(1)(B) or 507(a)(8) of the Bankruptcy Code, and PBGC has cited no legal authority holding that such amounts qualify as "taxes" under the Bankruptcy Code.

25.     Moreover, contrary to PBGC's assertions, no perfected lien entitled to priority has arisen under 29 U.S.C. § 1368(a). The lien entitled to priority under 29 U.S.C. § 1368(a) only comes into being after demand has been made for payment. PBGC made no demand for payment on the Pension Plan prior to the Petition Date, and a demand, if any, made after the Petition Date would violate the automatic stay and thus would be void and of no effect. *See, e.g., Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571-72 (9th Cir. 1992) (IRS post-petition tax assessment violated automatic stay and was thus void, not merely voidable).

26.     Furthermore, any amounts that may be entitled to priority under section 507(a)(5)

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

5

1    of the Bankruptcy Code would be capped pursuant to section 507(a)(5)(B).

2        27.      Therefore, PBGC has not asserted an appropriate basis for granting priority status

3    to the full amount of any of the Amended Claims.

4        28.      In any event, PBGC concedes in its Amended Claims that the amounts asserted are

5    merely estimates.[2]  Therefore, to the extent the Amended Claims are allowable at all, the actual

6    allowable amount of the PBGC's general unsecured claims against USA Securities, and the

7    amount, if any, that is entitled to priority treatment under the Bankruptcy Code, will have to be

8    determined as a contested matter by the Bankruptcy Court, or by agreement of the parties.

9        29.      In addition, USA Securities objects to the amount of amended claims number 25-2

10   and 26-2, which were filed after the Effective Date, in that they greatly exceed the amounts listed

11   in original claims 25-1 and 26-1.  Specifically, they exceed the original amounts by approximately

12   $950,000.  USA Securities was entitled to rely on the amounts asserted in original claims 25-1 and

13   26-1 in obtaining confirmation of the Plan and in administering the USA Securities bankruptcy

14   estate.  It is unfairly prejudicial to USA Securities for the PBGC now to assert claims so far in

15   excess of what it originally asserted, particularly this late in the bankruptcy proceedings.

16   Therefore, USA Securities objects to the amount of the amended claims 25-2 and 26-2 filed after

17   the Bar Date to the extent that they exceed the amounts listed in the original claims 25-1 and 26-1.

18   USA Securities will also object to any future efforts by the PBGC to further increase the amounts

19   by "amending" its claims.

20       30.      Finally, in any event, USA Securities also objects to the Amended Claims on the

21   basis that the PBGC is not entitled to a double recovery, which is what will occur should the

22   Amended Claims be allowed against USA Securities in any amount.  The PBGC has asserted the

23   same claims against USACM as it has against USA Securities.  USACM was the "contributing

24   sponsor" of the Pension Plan and as such is the entity liable for any claims associated with the

25   Pension Plan.

26

27   _____

28   [2] The PBGC provides no explanation for why the amounts of its claims remain only estimates.  It is puzzling why the PBGC can only provide estimates at this point considering that the Pension Plan terminated on January 15, 2007.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    31.    USACM has sufficient funds to pay in full the allowed amount of any priority

2    claims of the PBGC. Any payment that the PBGC receives from USACM on account of its

3    allowed priority claims will be in full satisfaction of such claims filed against USA Securities.

4    The PBGC's priority claims can only be allowed and paid once. The PBGC will be paid in full

5    from USACM, the entity responsible for the Pension Plan, for its allowed priority claims and any

6    payments from USA Securities (which will likely have little, if any, funds to pay any general

7    unsecured claims) would be duplicative. Thus the Amended Claims should be disallowed in their

8    entirety as priority claims against USA Securities.

9    32.    USA Securities expressly reserves the right to raise any additional objections

10    against the Amended Claims or any other claims filed by the PBGC or any other claimant.

## V.    CONCLUSION

12    USA Securities requests that the Court disallow the priority status of the Amended Claims

13    asserted by the PBGC, and also disallow the Amended Claims in their entirety as general

14    unsecured claims. USA Securities further requests that the Court grant such other and further

15    relief as is just and proper

16    Respectfully submitted this 29th day of June, 2007.

18    Lenard E. Schwartzer, Nevada Bar No. 0399
19    Jeanette E. McPherson, Nevada Bar No. 5423
      SCHWARTZER & MCPHERSON LAW FIRM
20    2850 South Jones Boulevard, Suite 1
      Las Vegas, Nevada  89146
21

22    and

23    Annette W. Jarvis, Utah Bar No. 1649
      Steven C. Strong, Utah Bar No. 6340
24    RAY QUINNEY & NEBEKER P.C.
      36 South State Street, Suite 1400
25    P.O. Box 45385
      Salt Lake City, Utah 84145-0385
26    931117

27

28

7