Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

E-FILED ON JUNE 29, 2007

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | Date of Hearing: July 27, 2007<br>Time of Hearing: 9:30 a.m. |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **USA CAPITAL REALTY ADVISORS, LLC'S OBJECTION TO AMENDED CLAIM NOS. 37-2, 38-2, AND 39-2 FILED BY THE PENSION BENEFIT GUARANTY CORPORATION**<br><br>(Affects USA Capital Realty Advisors, LLC) |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☒ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | |

1

USA Capital Realty Advisors, LLC ("USA Realty"), by and through its counsel and pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007, hereby files its objection ("Objection") to the amended claims of the Pension Benefit Guaranty Corporation ("PBGC") filed against USA Realty, which have been designated as Claim No. 37-2, Claim No. 38-2, and Claim No. 39-2 (collectively the "Amended Claims"). In support of its Objection, USA Realty states as follows:

## I. JURISDICTION

1. Under 28 U.S.C. §§ 157(b)(2)(B) and 1334, this Court has jurisdiction to hear this Objection. The relief requested is available under 11 U.S.C. § 502.

## II. BACKGROUND

2. On April 13, 2006 (the "Petition Date"), USA Realty filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Nevada ("Court"). USA Commercial Mortgage Company ("USACM"), USA Capital First Trust Deed Fund, LLC ("FTDF"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), and USA Securities LLC ("USA Securities") (collectively, with USA Realty, the "Debtors") also filed voluntary petitions under chapter 11 of the Bankruptcy Code the same day. All five of the Debtors' bankruptcy cases are being jointly administered (Docket No. 184).

3. No trustee or examiner was appointed and no committee was formed in USA Realty's bankruptcy case.

4. USA Realty is a Nevada limited liability company organized as of January 18, 2001. USA Realty is owned by USA Investment Partners LLC ("USAIP"), and prior to the Petition Date the sole managing member of USA Realty was Joseph Milanowski.

5. USA Realty was not at any time required to contribute to a defined pension benefit plan.

6. PBGC has asserted that USA Realty was either the "contributing sponsor," as that term is described in 29 U.S.C. § 1301(a)(13), or a member of the "controlled group," as that term is described in 29 U.S.C. § 1301(a)(14), of the USA Commercial Mortgage Company Defined Benefit Pension Plan ("Pension Plan"). The Pension Plan was set up and funded by USACM.

7. On October 20, 2006, the Court entered an order freezing the Pension Plan and approving the appointment of USACM as the successor trustee for the Pension Plan (Docket No. 1612).

8. The PBGC filed its original claims on November 9, 2006 (the "Original Claims"). PBGC filed the same three claims against each of the five Debtors but has subsequently withdrawn its claims against FTDF and DTDF.

9. On January 8, 2007, the Court entered an order confirming the Debtors' joint plan of reorganization (the "Plan"). The Plan became effective on March 12, 2007 (the "Effective Date").

10. USACM and the PBGC entered into an Agreement for Appointment of Trustee and Termination of Plan, whereby the Pension Plan was terminated effective as of January 15, 2007, and the PBGC was appointed trustee of the Pension Plan.

11. On April 23, 2007, the Court entered an order approving a stipulation between USA Realty and the PBGC permitting the PBGC to file amended claims (Docket No. 3521). That same day, the PBGC filed the Amended Claims, which increased the collective amount of its claims against USA Realty by approximately $1,000,000. The PBGC also filed amended claims against USACM and USA Securities.

12. Claim No. 37-2 asserts a general unsecured claim seeking an estimated $1,700,624 for the unfunded benefit liabilities that USA Realty allegedly owes to the PBGC in connection with the Pension Plan. Claim No. 38-2 asserts a priority claim seeking an estimated $1,211,242 for minimum funding contributions that USA Realty allegedly owes to the Pension Plan. Claim No. 39-2 asserts a claim seeking an estimated $120,870 ($112,572 of which the PBGC asserts is entitled to priority status) for pension insurance premiums that USA Realty allegedly owes to the PBGC.[1]

---

[1] Claim number 39-1 was originally filed in an unliquidated amount.

### III. APPLICABLE AUTHORITY

13. Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extent that the claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

14. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

### IV. OBJECTION TO THE PBGC'S AMENDED CLAIMS

15. USA Realty objects to the Amended Claims on the basis that it is believed that its employees were not covered by the Pension Plan based on their employment by USA Realty.

16. Further, USA Realty objects to each of the Amended Claims that the PBGC has asserted against it both to the amounts it claims are owed and the extent to which the PBGC asserts that the Amended Claims are entitled to priority status.

17. The amounts of the Amended Claims are unsupported by any documentation but are believed to be based on actuarial assumptions that USA Realty disputes.

18. In addition, USA Realty contends that the amounts owed, if any, should be treated as unsecured claims rather than as priority claims to the extent that such claims arose or relate to periods prior to the Petition Date.

19. Contrary to PBGC's assertions, amounts owed by USA Realty in connection with the Pension Plan, if any, are not a "tax" entitled to priority under sections 503(b)(1)(B) or 507(a)(8) of the Bankruptcy Code, and PBGC has cited no legal authority holding that such

4

amounts qualify as "taxes" under the Bankruptcy Code.

20. Moreover, contrary to PBGC's assertions, no perfected lien entitled to priority has arisen under 29 U.S.C. § 1368(a). The lien entitled to priority under 29 U.S.C. § 1368(a) only comes into being after demand has been made for payment. PBGC made no demand for payment on the Pension Plan prior to the Petition Date, and a demand, if any, made after the Petition Date would violate the automatic stay and thus would be void and of no effect. *See, e.g., Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571-72 (9th Cir. 1992) (IRS post-petition tax assessment violated automatic stay and was thus void, not merely voidable).

21. Furthermore, any amounts that may be entitled to priority under section 507(a)(5) of the Bankruptcy Code would be capped pursuant to section 507(a)(5)(B).

22. Therefore, PBGC has not asserted an appropriate basis for granting priority status to the full amount of any of the Amended Claims.

23. In any event, PBGC concedes in its Amended Claims that the amounts asserted are merely estimates.[2] Therefore, to the extent the Amended Claims are allowable at all, the actual allowable amount of the PBGC's general unsecured claims against USA Realty, and the amount, if any, that is entitled to priority treatment under the Bankruptcy Code, will have to be determined as a contested matter by the Bankruptcy Court, or by agreement of the parties.

24. In addition, USA Realty objects to the amount of amended claims number 37-2 and 38-2, which were filed after the Effective Date, in that they greatly exceed the amounts listed in original claims 37-1 and 38-1. Specifically, they exceed the original amounts by approximately $950,000. USA Realty was entitled to rely on the amounts asserted in original claims 37-1 and 38-1 in obtaining confirmation of the Plan and in administering the USA Realty bankruptcy estate. It is unfairly prejudicial to USA Realty for the PBGC now to assert claims so far in excess of what it originally asserted, particularly this late in the bankruptcy proceedings. Therefore, USA Realty objects to the amount of the amended claims 37-2 and 38-2 filed after the Bar Date to the extent that they exceed the amounts listed in the original claims 37-1 and 38-1. USA Realty will also

---

[2] The PBGC provides no explanation for why the amounts of its claims remain only estimates. It is puzzling why the PBGC can only provide estimates at this point considering that the Pension Plan terminated on January 15, 2007.

5

object to any future efforts by the PBGC to further increase the amounts by "amending" its claims.

25. Finally, USA Realty also objects to the Amended Claims on the basis that the PBGC is not entitled to a double recovery, which is what will occur should the Amended Claims be allowed against USA Realty in any amount. The PBGC has asserted the same claims against USACM as it has against USA Realty. USACM was the "contributing sponsor" of the Pension Plan and as such is the entity liable for any deficiencies associated with the Pension Plan.

26. USACM has sufficient funds to pay in full the allowed amount of any priority claims of the PBGC. Any payment that the PBGC receives from USACM on account of its allowed priority claims will be in full satisfaction of such claims filed against USA Realty. The PBGC's priority claims can only be allowed and paid once. The PBGC will be paid in full from USACM, the entity responsible for the Pension Plan, for its allowed priority claims and any payments it also receives from USA Realty (which will likely have little, if any, funds to pay any general unsecured claims) would be duplicative. Thus the Amended Claims should be disallowed in their entirety as priority claims against USA Realty.

27. USA Realty expressly reserves the right to raise any additional objections against the Amended Claims or any other claims filed by the PBGC or any other claimant.

//
//
//
//
//
//
//
//
//
//
//
//

6

## V. CONCLUSION

USA Realty requests that the Court disallow the priority status of the Amended Claims asserted by the PBGC, and also disallow the Amended Claims in their entirety as general unsecured claims. USA Realty further requests that the Court grant such other and further relief as is just and proper.

Respectfully submitted this 29th day of June, 2007.

*/s/ Jeanette E. McPherson*
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

931077

7