E-Filed on 07/09/07

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Susan M. Freeman, AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

In re:

USA COMMERCIAL MORTGAGE COMPANY,

USA CAPITAL REALTY ADVISORS, LLC,

USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,

USA CAPITAL FIRST TRUST DEED FUND, LLC,

USA SECURITIES, LLC,
                                    Debtors.

**Affects:**
☐ All Debtors
☒ USA Commercial Mortgage Company
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA Capital First Trust Deed Fund, LLC
☐ USA Securities, LLC

Case No. BK-S-06-10725-LBR
Case No. BK-S-06-10726-LBR
Case No. BK-S-06-10727-LBR
Case No. BK-S-06-10728-LBR
Case No. BK-S-06-10729-LBR

CHAPTER 11

Jointly Administered Under Case No. BK-S-06-10725 LBR

**OPPOSITION TO MOTION OF EUGENE BUCKLEY TO QUASH SUBPOENA**

Hearing Date: July 27, 2007
Hearing Time: 1:30 p.m.

The USACM Liquidating Trust (the "Trust") opposes the "Motion of Eugene Buckley to Quash Subpoena." Although his Motion to Quash feigns a lack of connection to this case, Mr. Buckley was a director of USA Commercial Mortgage Company ("USACM") from 2001 through 2005.

117598

**Memorandum**

The Motion to Quash fails for a multitude of reasons. First, it is procedurally improper because it was filed too late and it violates this Court's local rules requiring a conference with counsel. Second, Mr. Buckley plainly misrepresents his involvement with this matter. He purports not "to have been involved in the Debtors' business affairs in any way." Yet ***Mr. Buckley was a USACM director*** for more than four years. A Rule 2004 examination is proper because Mr. Buckley has direct knowledge of the acts, conduct and financial condition of USACM. As a director for more than four years, he was deeply involved with the Debtors and this case – his claims to the contrary are simply not true. Further, a post-confirmation Rule 2004 examination is proper in the context of a litigation trust that is investigating pre-petition causes of action. Finally, the subpoena is not overbroad – it simply seeks to cover all bases in attempting to obtain relevant information from Mr. Buckley.

**I.    The Motion to Quash Is Procedurally Improper**

**A.    Background: Rule 2004 Motion and Service of Subpoena**

The Trust has, for nearly four months, requested an informal meeting with Mr. Buckley and his counsel. Mr. Buckley, however, has consistently put off those requests. On May 8, 2007, the Trust filed a Motion for Rule 2004 Examination of Mr. Buckley. The Court granted that Motion on May 9, 2007. On May 21, 2007, the Trust served a subpoena on Mr. Buckley, seeking documents and a Rule 2004 examination.[1] The Subpoena required production of documents on or before June 15, 2007 and a Rule 2004 exam on June 26, 2007, "or such other mutually agreeable date and/or time." Ex. A.

Mr. Buckley completely failed to comply with the Subpoena and did not produce documents on June 15, 2007. Unlike numerous witnesses with whom the Trust has

---

[1] The Subpoena is attached hereto as Exhibit "A." The Subpoena was served on Mr. Buckley by personal service. *See* Docket Entry 3866, Notice of Proof of Service.

worked out scheduling issues, Mr. Buckley never contacted the Trust. Instead, on June 22, 2007, Mr. Buckley filed his Motion to Quash.

### B. The Motion to Quash Is Untimely

This Motion to Quash should not be considered because it was filed too late. Subpoenas for Rule 2004 examinations are governed by Federal Rule of Civil Procedure 45.[2] Under Rule 45(c)(2)(B), a person may move for protection from a subpoena "within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service." In this case, the Motion to Quash is untimely because (1) it was filed more than 14 days after service of the Subpoena (the Subpoena was hand-delivered on May 21, but the Motion to Quash was not filed until June 22); and (2) the Motion to Quash was not filed until *after* the subpoenaed documents were due to be produced (the documents were due on June 15, but the motion to quash was not filed until a week later on June 22). Under Rule 45, this Motion to Quash is untimely and should be denied. *See e.g., Deal v. Lutheran Hospital & Homes*, 127 F.R.D. 166, 168 (D. Alaska 1989) (finding that objections to subpoena were waived by failure to object in time frame set in Rule 45). Mr. Buckley should be ordered to produce documents and appear at a Rule 2004 examination immediately.

### C. The Motion to Quash Violates Local Rule 7026(g)

In addition, this Motion to Quash should not be considered because Mr. Buckley's counsel did not attempt to confer with the Trust's counsel before filing this Motion. Local Rule 7026(g) states:

> Discovery motions will not be considered unless a statement of moving counsel is attached certifying that, after sincere effort to do so, the parties have been unable to resolve the matter without court action.

---

[2] Subpoenas served pursuant to Rule 2004 are handled in the manner provided by Rule 9016. *See* FED. R. BANKR. P. 2004(c). Rule 9016, in turn, states that Federal Rule of Civil Procedure 45 applies in cases under the Bankruptcy Code. *See* FED. R. BANKR. P. 9016.

3

No certificate of conference was attached to the Motion to Quash and, indeed, no conference was ever attempted. Therefore, this discovery motion should not be considered.

## II. The 2004 Examination Is Proper Because Mr. Buckley Has In-Depth Knowledge of the Acts, Conduct and Condition of USACM

### A. Scope of Rule 2004

Rule 2004's intended scope and use are "unfettered and broad." *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983). "The purpose of such a broad discovery tool is to assist the trustee in revealing the nature and extent of the estate, and to discover assets of the debtor which may have been intentionally or unintentionally concealed." *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996). The Rule states, in pertinent part, as follows:

> **(a) Examination on Motion.** On motion of any party in interest, the court may order the examination of any entity.
>
> **(b) Scope of Examination.** The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the ***acts, conduct, or property or to the liabilities and financial condition of the debtor,*** or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. . . .

FED. R. BANKR. P. 2004 (emphasis added).

Without a doubt, a Rule 2004 examination of Mr. Buckley will relate to "the acts, conduct, or property or to the liabilities and financial condition of [USACM and its affiliates], or to any matter which may affect the administration of the debtor's estate" as required by the Rule. As shown in the following sections, Mr. Buckley was a USACM director from 2001 through 2005; therefore, he is one of a small handful of people who have direct and detailed knowledge of USACM's affairs. The Rule 2004 examination is proper.

### B. The Motion to Quash Omits the Fact that Mr. Buckley Was a Director of USACM from 2001 to 2005

Mr. Buckley's Motion to Quash is misleading at best, if not completely dishonest regarding his relationship with USACM. His Motion implies that he had only a few tangential business dealings with USACM and USAIP. ***He wholly omits the fact that he was a director of USACM from 2001 through December 31, 2005.*** *See* USACM's Statement of Financial Affairs, Docket Entry 681-10, Question 22.b (stating that Mr. Buckley was a director of USACM through December 31, 2005); *see also Exhibit B,* USACM Board Minutes (showing Buckley's appointment in 2001 and other actions).

In multiple perplexing statements, however, the Motion repeatedly denies any connection between Mr. Buckley and USACM. The Motion states, "Mr. Buckley has not been alleged to have been involved in the Debtors' business affairs in any way. Therefore, he is not properly subject to a Rule 2004 examination." Motion to Quash at 10. He also states, "The information sought . . . establishes that little, if any, relationship exists between Mr. Buckley, the Entities, the Individuals, Debtors or the bankruptcy proceedings at issue." Motion to Quash at 14. ***These statements are patently false.*** As a four-year USACM director, Mr. Buckley undoubtedly has direct knowledge of "acts, conduct, or property" and the "liabilities and financial condition of the debtor." This is *exactly* the kind of information Rule 2004 was designed to gather. *See, e.g., In Re RIMSAT, Ltd.*, 207 B.R. 964, 969 (D.D.C 1997) (finding that a Rule 2004 examination of a former director of the debtor is proper). A Rule 2004 examination of a director of the debtor is plainly within the scope of the Rule. The Motion to Quash is completely baseless and should be denied.

### III. Post-Confirmation Rule 2004 Examinations Are Proper

Mr. Buckley contests the Trust's ability to take a Rule 2004 examination after confirmation of the bankruptcy plan. In the context of a litigation trust designed to investigate and pursue pre-petition claims for the benefit of creditors, post-confirmation Rule 2004 examinations are proper.

5

### A. The Court Has Jurisdiction to Order Post-Confirmation Rule 2004 Examinations to Investigate Pre-Petition Causes of Action

Post-confirmation 2004 examinations are proper. A federal district court recently examined this exact issue in *In re Daisytek, Inc.*, 323 B.R. 180 (N.D. Tex. 2005). In *Daisytek,* a post-confirmation trust sought a Rule 2004 examination of the debtors' auditors, Ernest & Young, LLP. Ernst & Young protested, asserting that the bankruptcy court no longer had jurisdiction to order Rule 2004 examinations after confirmation of the bankruptcy plan. Both the bankruptcy court and the district court disagreed with Ernst & Young. The court held that after confirmation, the bankruptcy court's jurisdiction narrows and covers only matters "pertaining to the implementation or execution of the plan." *Id.* at 185-86 (citing *In re Craig's Stores of Tex., Inc.,* 266 F.3d. 388, 390 (5th Cir. 1990)). In *Daisytek*, just as in this case, pursuant to the confirmed plan, the trust was charged with the duty to investigate and pursue the debtor's pre-petition causes of action and claim objections. *Id.* Any amounts collected were to be distributed to the beneficiaries of the trust, *i.e*., the unsecured creditors. Taking the Rule 2004 examination of the former auditors furthered the trust's goal of investigation of the debtor's pre-petition claims. Because the trust was acting within the scope of its duties under the confirmed plan, the court found that the Rule 2004 examination did impact "compliance with, or completion of, the Plan" and, therefore, the bankruptcy court had post-confirmation jurisdiction to order the Rule 2004 examination. *Id.*

The present case is just like *Daisytek*. Here, the confirmed bankruptcy plan created the Trust, charging it with the duty to "object to Claims, realize assets, whether by suit compromise, release or otherwise, assigned all causes of action against the company principals and others to the Trust and for the Trust to take all actions reasonable to maximize the recovery to the beneficiaries of the USACM Trust." Debtors' Third Amended Joint Chapter 11 Plan of Reorganization*,* IV.D.1 at 47-48 (Docket Entry 1799) (hereinafter, "Confirmed Plan"). The beneficiaries of the Trust are the "holders of

6

Allowed USACM Unsecured Claims." *Id.* at p. 49. The Confirmed Plan contained multiple retention-of-jurisdiction provisions, allowing this Court to retain jurisdiction over "[h]earing and determining any and all Claims, Causes of Action or rights that may be asserted or commenced by … a post-Effective Date Entity [such as the Trust]." *Id.* VIII.D at 78. In this case, just as in *Daisytek*, the Rule 2004 examination of Mr. Buckley – a long-time USACM director – will provide insight into the nature and extent of potential pre-petition claims that the Trust should pursue for the benefit of the creditors. The Confirmed Plan specifically requires the Trust to undertake this investigation. Because the Trust's investigation is part and parcel of the implementation of the Confirmed Plan, the Rule 2004 examination is proper and this Court has jurisdiction to order it.[3]

### B.   There Is Good Cause to Order the Rule 2004 Examination

Mr. Buckley relies on the *Express One* case for the proposition that post-confirmation Rule 2004 examinations are restricted to the issues that the court still has power to entertain. *In re Express One Int'l, Inc.*, 217 B.R. 217 (Bankr. E.D. Tex. 1998). Mr. Buckley's analysis completely ignores the fact that the Confirmed Plan in this case *does* give the Court power to allow and disallow claims and to hear and determine causes of action that may be brought by the Trust as well as oversee many other matters.

---

[3]   As the District Court of Delaware noted:

> But while the estate of the debtor may no longer exist following plan confirmation, the debtor remains a debtor until the title 11 case has been closed pursuant to 11 U.S.C. § 350(a). Thus, this court has jurisdiction to resolve pre-petition Proofs of Claim and set-offs because the action "could alter the debtor's right, liabilities, options, or freedom of action.
>
> Indeed, the Bankruptcy Code contemplates resolving claims after the confirmation of a plan of reorganization. Section 1123(b)(3)(B) of the Code states that a confirmed plan can provide for "the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose, of any [claim or interest belonging to the debtor or the estate].

*NVF v. New Castle Cty.*, 276 B.R. 340, 348 (D. Del. 2002).

7

Confirmed Plan, VIII.D at 78-79.[4]  Therefore, because the court still has the power to entertain these issues, the 2004 examination of Mr. Buckley is proper under *Express One.*

Further, the *Express One* court follows a "good cause" test for a party in interest to seek a post-confirmation Rule 2004 exam and *actually orders a Rule 2004 exam to take place post-confirmation*. In this case, the Trust also satisfies the "good cause" analysis. Under the "good cause" test, the Trust must only show "that the examination sought is necessary to establish the claim of the party seeking the examination, or the denial of such request would cause the proposed examiner undue hardship or injustice." *In re Express One Int'l, Inc.*, 217 B.R. at 217. Denying the Trust the right to examine a long-time director of the debtor is an undue hardship. Directors are the very people with the most knowledge of the acts, conduct and financial condition of the debtor. A director's testimony will explain the debtor's actions and "thought process" in making certain financial decisions. A director also may be able to unwind the web of complicated transactions. He may have knowledge of potential claims against third parties or insiders. He may have knowledge regarding the debtor's insolvency and the reasons for various inter-company transfers. In short, as a director of the debtor, Mr. Buckley has a potential wealth of knowledge. To claim otherwise is ludicrous. Moreover, USACM's other directors — Thomas Hantges and Joseph Milanowski — have repeatedly invoked their Fifth Amendment privileges when asked to testify regarding USACM's financial affairs. Without Mr. Buckley's testimony, the Trust will be denied any information from the directors of USACM. Thus, under even *Express One*'s "good cause" analysis, the Trust is entitled to a Rule 2004 examination of Mr. Buckley.[5]

---

[4]  The Bankruptcy Code, 11 U.S.C. § 1123(b)(3)(B), provides for the continued representation of the estate post-confirmation. The USACM Plan refers specifically to this critical Code provision, and the Trust's use of Rule 2004 dovetails precisely with how the Plan proponents intended the Trust's post-confirmation investigation to proceed.

[5]  Further, Mr. Buckley is wrong to frame this as a "post-confirmation controversy" over which the Court has no jurisdiction. In the cases cited by Mr. Buckley, *In re J.T. Gerken Trucking, Inc.* 10 B.R. 203

8

There is no reason to restrict post-confirmation Rule 2004 examinations of persons who can further the Trust's investigation of pre-petition causes of action. This Court has jurisdiction to order these examinations. Therefore, Mr. Buckley's Motion to Quash fails. He should be ordered to produce documents and appear for a Rule 2004 examination immediately.

### IV. The Subpoena Is Not Overbroad Given Mr. Buckley's Connection to the Case and His Unwillingness to be Honest about His Ties to the Debtors

Mr. Buckley also claims that the Subpoena is overbroad and issued for the purpose of abuse and harassment. Given that Mr. Buckley is completely misrepresenting his connection to the case in his Motion to Quash, these complaints should be dismissed. It is pure hypocrisy to claim no connection to a case when you were a four-year director of the debtor.

The Trust will concede that some of the requests for documents in the Subpoena are similar and may seem duplicative of each other. However, Mr. Buckley's false claim that he has no connection to this case highlights the reason that document requests must be drafted in such a way. They must cover every single possible contingency or the witness will invent a tiny loophole and evade the requests altogether, just as Mr. Buckley is trying to do.

If a person who was a *director* of a company for four years can file a motion to quash and admit only that he "can recall" some dealings with USA Investment Partners, L.L.C. and USACM, then the document requests sent to such a person must be zealously drafted with particularity. Not once in his lengthy motion to quash was Mr. Buckley ever honest with the Court about his true (and in-depth) connection to this case.

---

(Bankr. N.D. Ohio 1981) and *Hall's Motor Transit*, 889 F.2d 520, 522 (3d Cir. 1989), there was no jurisdiction for the bankruptcy courts to determine controversies that *arose* after the confirmation of the plan. Here, however, the Trust is not investigating post-confirmation matters – it is investigating potential *pre-petition causes of action and claims. Gerken Trucking* and *Hall's Motor Transit* simply do not apply to this case.

9

Not once did he admit that he was a USACM director for more than four years. His denial of a connection with the debtors, individuals, and entities listed in the Subpoena is simply ludicrous. When dealing with a person who has no qualms about skirting the truth regarding a matter as obvious as a four-year directorship of a company, detailed and exhaustive document requests are required if there is to be any hope of obtaining necessary and relevant information.

In any event, Mr. Buckley made no attempt whatsoever to discuss his overbreadth objections with the Trust prior to filing his Motion to Quash. If Mr. Buckley had conferred with the Trust, as required by this Court's local rules, it is entirely possible that any such objections could have been resolved without court intervention.[6]

Given the situation, there is no valid argument that the document requests are improper in any way. The Motion to Quash should be denied.

## V. Conclusion

In sum, Mr. Buckley was a long-time director of USACM during a critical time period. Though his motion misleads the Court as to his connection to the case, he clearly has knowledge of the acts, conduct and financial condition of USACM. He is squarely within the scope of persons subject to Rule 2004 examinations. Further, the Court has jurisdiction to order post-confirmation Rule 2004 examinations that allow the Trust to investigate pre-petition causes of action. The Motion to Quash should be denied. The Trust requests that Mr. Buckley be ordered to produce documents and appear for a Rule 2004 examination immediately.

Dated: July 9, 2007.

---

[6] The Trust has been able to resolve discovery objections raised by recipients of other Rule 2004 subpoenas without involving the Court to adjudicate the objections.

| | |
|---|---|
| **DIAMOND MCCARTHY LLP** | **LEWIS AND ROCA LLP** |
| By: */s/ Eric D. Madden* | By: */s/ Rob Charles* |
| Allan B. Diamond, TX 05801800 (pro hac vice) | Susan M. Freeman, AZ 4199 (pro hac vice) |
| Eric D. Madden, TX 24013079 (pro hac vice) | Rob Charles, NV 6593 |
| 909 Fannin, Suite 1500 | 3993 Howard Hughes Parkway, Suite 600 |
| Houston, Texas 77010 | Las Vegas, Nevada  89169-5996 |
| (713) 333-5100 (telephone) | (702) 949-8320 (telephone) |
| (713) 333-5199 (facsimile) | (702) 949-8321 (facsimile) |
| *Special Litigation Counsel for USACM Liquidating Trust* | *Counsel for USACM Liquidating Trust* |

# CERTIFICATE OF MAILING

I hereby certify that I am an employee of the law firm of DIAMOND MCCARTHY LLP, and that on the 9TH day of July 2007, I deposited in the United States mail, postage fully paid, a true and correct copy of the foregoing OPPOSITION TO MOTION OF EUGENE BUCKLEY TO QUASH SUBPOENA addressed as follows:

George F. Ogilvie, III
Ryan J. Works
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1000
Las Vegas, Nevada 89102


  /s/ Catherine A. Burrow, CLA
Catherine A. Burrow, CLA
Diamond McCarthy LLP