E-Filed on July 10, 2007

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Susan M. Freeman, AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor.<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor.<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor.<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor.<br>In re:<br>USA SECURITIES, LLC,<br><br>Debtor.<br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR<br><br>JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle Presiding<br><br>**NOTICE OF FILING AFFIDAVIT OF SERVICE OF SUBPOENA FOR RULE 2004 EXAMINATION** |

NOTICE IS GIVEN that the USACM Liquidating Trust herewith files the:

**Affidavit of Service of Subpoena for Rule 2004 Examination of Chiumento & Associates, P.A. (Exhibit A Attached).**

113422-1

DATED:   July 10, 2007

| **DIAMOND MCCARTHY LLP** | **LEWIS AND ROCA LLP** |
|---|---|
| By:   */s/ Eric D. Madden* | By:   */s/ Rob Charles* |
| Allan B. Diamond, TX 05801800 (pro hac vice) | Susan M. Freeman, AZ 4199 (pro hac vice) |
| Eric D. Madden, TX 24013079 (pro hac vice) | Rob Charles, NV 6593 |
| 909 Fannin, Suite 1500 | 3993 Howard Hughes Parkway, Suite 600 |
| Houston, Texas 77010 | Las Vegas, Nevada  89169-5996 |
| (713) 333-5100 (telephone) | (702) 949-8320 (telephone) |
| (713) 333-5199 (facsimile) | (702) 949-8321 (facsimile) |
| *Special Litigation Counsel for USACM Liquidating Trust* | *Counsel for USACM Liquidating Trust* |

113422-1

# AFFIDAVIT OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## Middle District of Florida

Case Number: BK-S-06-10725 LBR

In Re::
**USA Commercial Mortgage Company, et al., Debtors**

For:
Stephen Loden, Esquire
Diamon McCarthy, LLP

Received by Mahc 5 Couriers, Inc. on the 11th day of June, 2007 at 11:48 am to be served on **CHIUMENTO & ASSOCIATES, P.A., Michael D. Chiumento, 4 Old Kings Road N., Suite B, Palm Coast, FL 32137.**

I, Albert R. Metcalf, being duly sworn, depose and say that on the **11th day of June, 2007 at 4:20 pm, I:**

**Served** to a designated person, a true copy of the **Subpoena for Rule 2004 Examination, Witness Fee of $40.00** to Karolyn Sheeley, Personal Assistant, who stated that they were authorized to accept for the within named,

I certify that I am over the age of 18 and I have no interest in the above action.

Subscribed and Sworn to before me on the 13th day of June, 2007 by the affiant who is personally known to me.

NOTARY PUBLIC

**Albert R. Metcalf**
Process Server

Mahc 5 Couriers, Inc.
1201 Louisiana
Suite 210
Houston, TX 77002
(713) 754-8240
Our Job Serial Number: 2007002352

**Kevin Whitton**
Commission # DD540077
Expires April 12, 2010
Bonded Troy Fain - Insurance Inc 800-385-7019



Copyright © 1992-2005 Database Services, Inc. - Process Server's Toolbox V5.5q

EXHIBIT "A"

## PROOF OF SERVICE

DATE: 06-11-07   PLACE: 4 Old Kings Rd Ste G Palm Coast, FL 32137

SERVED:

SERVED ON (PRINT NAME): Karolyn Sheekey

MANNER OF SERVICE: Auth Sub

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 06-11-07
Date

Signature of Server

Address of Server: 1042 N. US Hwy 1 Ormond Beach, FL 32174

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}