ELECTRONICALLY FILED
July 13, 2007

| | |
|---|---|
| STUTMAN, TREISTER & GLATT, P.C.<br>FRANK A. MEROLA<br>(CA State Bar No. 136934)<br>EVE H. KARASIK<br>(CA State Bar No. 155356)<br>CHRISTINE M. PAJAK<br>(CA State Bar No. 217173), Members of<br>1901 Avenue of the Stars, 12th Floor<br>Los Angeles, California 90067<br>Telephone: (310) 228-5600<br>Facsimile: (310) 228-5788<br>Email:    fmerola@stutman.com<br>             ekarasik@stutman.com<br>             cpajak@stutman.com | SHEA & CARLYON, LTD.<br>JAMES PATRICK SHEA<br>(Nevada State Bar No. 000405)<br>CANDACE C. CARLYON<br>(Nevada State Bar No. 002666)<br>SHLOMO S. SHERMAN<br>(Nevada State Bar No. 009688)<br>228 South Fourth Street, First Floor<br>Las Vegas, Nevada 89101<br>Telephone: (702) 471-7432<br>Facsimile: (702) 471-7435<br>Email:    jshea@sheacarlyon.com<br>             ccarlyon@sheacarlyon.com<br>             ssherman@sheacarlyon.com |

Counsel for the Official Committee Of
Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>        Debtor. | BK-S-06-10725-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>        Debtor. | BK-S-06-10726-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>        Debtor. | BK-S-06-10727-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>        Debtor. | BK-S-06-10728-LBR<br>Chapter 11 |
| In re:<br>USA SECURITIES, LLC,<br>        Debtor. | BK-S-06-10729-LBR<br>Chapter 11 |
| Affects<br>☐ All Debtors<br>☒ USA Commercial Mortgage Co.<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed<br>☒ USA First Trust Deed Fund, LLC | Date:  N/A<br>Time:  N/A |

**POST-EFFECTIVE DATE STATUS REPORT OF THE OFFICAL COMMITTEE OF EQUITY SECURITY HOLERS OF USA CAPITAL FIRST TRUST DEED FUND, LLC (AFFECTS DEBTORS USA CAPITAL FIRST TRUST DEED FUND, LLC)**

The Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC (the "FTDF Committee") appointed in the above-captioned bankruptcy case of

428977v1

1  USA Capital First Trust Deed Fund, LLC ("FTDF") hereby submits its status report (the "First
2  Report") setting forth the progress that has been made toward the consummation of the
3  confirmed "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" (the "Plan") for
4  the USA Capital First Trust Deed Fund, LLC as required by the "Order Confirming the
5  "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" (the "Confirmation Order")
6  at paragraph 74, the Plan, the "Stipulation Concerning Post-Confirmation Status Reports" (the
7  "Stipulation") and order approving the Stipulation. The Plan went effective on March 12, 2007
8  (the "Effective Date"). This First Report is for the period from the Effective Date through July
9  13, 2007 (the "First Period").

Pursuant to the "Second Joint Motion for Order for Implementation of Confirmed Plan" and the order granting such Motion, and in part due to the potential conflicts of interest of counsel for the above-captioned debtors (the "Debtors"), the FTDF Committee provided services to the FTDF in connection with, among others, the following pending issues: (i) objections to claims, (ii) distributions to members of the FTDF, (iii) the allocation of the $9.5 million in net overbid proceeds from the sale of the FTDF loan interests and certain of the USA Commercial Mortgage Company ("USACM") to Compass Partners, LLC, (iv) various disputes related to the compromise contained in the Plan between FTDF and USACM, including disputes regarding the allocation of Debtors' Professionals fees and expenses incurred, management fees and loan servicing fees between February 1, 2007 and the Effective Date, (v) allocation of BMC Group, Inc's fees and costs among the estates, (vi) the amount and allowance of the asserted FTDF general unsecured claim against USACM (the "FTDF Unsecured Claim, and (vii) the purchase price escrow disputes among the FTDF, USACM and Compass. In addition, the FTDF Committee has the right to be heard and participate in the two appeals of the Confirmation Order filed by the Lenders Protection Group (the "LPG") and Debt Acquisition Company of America ("DACA"), respectively. The resolution of all of these pending issues is discussed below.

Objections to Claims. Since the FTDF Committee represented the equity security holders of FTDF, no distributions could be made to these holders until all general unsecured

claims were either allowed or disallowed, and if allowed, paid in full. Early in these cases, the FTDF Committee commenced the process of analyzing and objecting to general unsecured claims in the case so that when funds were available for distribution, payments could be made as soon as practicably possible to FTDF members. The FTDF Committee also objected, where appropriate, to all invalid proofs of interest filed by FTDF members. Nearly all of the necessary claim and interest objections were completed by the Effective Date, and all objections were completed by the FTDF Committee during the First Period.

Of particular significance in this category was the approximately $6.0 million in claims asserted by the Kantor claimants, comprised of three investors in USA Capital Diversified Trust Deed Fund, LLC. The FTDF Committee initially filed objections to the Kantor claims in December 2006, and in response the Kantor claimants filed a complaint alleging that FTDF committed fraud and was part of a conspiracy to defraud them. The initial hearing on the objection to the Kantor claims was held in January 2007, and the hearing was continued several times until May 9, 2007. Prior to the May 9, 2007 hearing, the parties continued to file pleadings in connection with the objections to claims. At the hearing, among other rulings, the Court granted the Kantor claimant leave to amend their claims in order to provide specific allegations regarding the fraud and conspiracy. Thereafter, the Kantor claimants agreed to withdraw their claims against the FTDF. The FTDF Committee and the Kantor claimants negotiated a Stipulation to withdraw the Kantor claims that was approved by the Court during the First Period.

Settlement Between USACM and FTDF. As of the Effective Date, several issues remained in dispute between the USACM and the FTDF estates. At the end of April 2007, counsel for the USACM Trust, the USACM Trustee and counsel for the FTDF Committee conducted a settlement conference in an effort to reach a global resolution of these pending disputes. At the settlement conference, the parties reached a settlement. The settlement included: (i) a sharing of the net overbid sale proceeds with 60% to USACM and 40% to FTDF; (ii) that the purchase price dispute with Compass would be the obligation of USACM, the escrow would

come out of USACM's 60% of the overbid sale proceeds, and to the extent USACM was successful in that dispute, USACM would retain the escrow funds; (iii) that the compromise provisions in the Plan related to loan servicing fees, management fees and foreclosure costs would continue through the Effective Date as provided for in the Plan; (iv) that the parties would agree to a fair sharing of the BMC Group Inc fees and costs; (v) that the FTDF and USACM would share equally all Debtors' Professionals fees and costs in excess of $125,000 per month for the period of February 1, 2007 through the Effective Date; and (vi) that FTDF would have a $7 million allowed general unsecured claim against USACM. The FTDF Committee and the USACM Trust filed a motion to approve the settlement that was set for hearing at the end of May 2007, and the Court approved the settlement. FTDF's share of the overbid funds have been distributed to the FTDF and the FTDF members.

Plan Distributions. Since the Effective Date, all allowed general unsecured claims have been paid in full. Further, since the Effective Date, there have been distributions to the FTDF members resulting in a net recovery in excess of 67% to the holders of equity interests in the FTDF. There are funds remaining in the estate as a reserve for expenses, including professional fees and costs that remain unpaid or that must be incurred in order to wind down FTDF and close the FTDF chapter 11 case. The FTDF and the FTDF Committee are presently reviewing the reserve to determine if the reserve can be reduced with the excess funds to be distributed to FTDF members.

The Appeals. The LPG and DACA each appealed the Confirmation Order in each of the Debtors' cases. The LPG appeal was fully briefed by the Effective Date. During the First Period, the FTDF Committee participated in various hearings related to the appeals in the United States District Court (the "District Court"), including a hearing on the LPG's second motion for a stay pending appeal (the "Stay Motion"), as well as in the responsive briefing on the Stay Motion and the DACA appeal, and the preparation, filing and prosecution of motions to dismiss on mootness grounds that the appellees filed in each of the appeals. Since it did not appear that either appellant was seeking relief against the FTDF in their appeals, counsel for the FTDF

Committee asked both appellants if they were willing to dismiss the FTDF from the appeals. Both of the appellants agreed and the FTDF Committee prepared stipulations and orders to effect such dismissals. (The appellants also agreed to dismiss DTDF, USA Capital Realty Advisors, LLC and USA Securities, LLC from the appeals.) The District Court set hearings on the stipulations, as well as on the motions to dismiss and the merits for June 27, 2007. At the hearing, the District Court agreed to sign the orders dismissing the FTDF (as well as DTDF, USA Capital Realty Advisors, LLC and USA Securities, LLC) from the appeals, and took the motions to dismiss and appeals on the merits under submission. As of the date of this First Report, only the order dismissing the FTDF from the LPG appeal has been entered by this District Court.

<u>The Amended Disbursing Agent Agreement.</u> In connection with confirmation of the Plan, the FTDF and the USACM Trust entered into the Disbursing Agent Agreement that provided that the USACM Trustee would serve as the disbursing agent for the FTDF at the time that Mesirow Financial Consulting no longer served as the representative of FTDF and would no longer perform disbursing agent functions. This was significant as it was anticipated that the FTDF would receive a general unsecured claim against USACM and would be a beneficiary of the USACM Trust with respect to that claim. It was likely that disbursement from the USACM Trust would not occur in the short term, and because the FTDF and the FTDF Committee determined that it was not economical to create a trust for FTDF solely for the purpose of administering any recoveries on the FTDF Unsecured Claim, FTDF and the USACM Trust entered in to the Disbursing Agent agreement to provide these services to the FTDF. During the First Period, the USACM Trust and the FTDF Committee negotiated an Amended Disbursing Agent Agreement that further refined the Agreement in a manner that would permit the FTDF estate to be closed and the FTDF to wind down, and the USACM Trustee to make distributions (to the extent any funds become available) directly to the FTDF members after such events occur. The USACM Trust and the FTDF entered into a Stipulation to approve the Amended Disbursing Agent Agreement, which was approved by the Court in its order entered on June 29, 2007.

<u>The Compass Complaint Pursuant to Section 1144 of the Bankruptcy Code</u>. On July 7, 2007, Compass filed a complaint under section 1144 of the Bankruptcy Code to revoke the Confirmation Order, rescind the Asset Purchase Agreement and to suspend the Complaint for a period of time. The defendants listed in the Complaint consist of all of the Debtors, including the FTDF, as well as apparently all of the members of the LPG. The Complaint alleges that the LPG acted in a manner that fraudulently induced Compass to enter into the Asset Purchase Agreement. No allegations are made with respect to fraud with respect to the FTDF or the FTDF loan interests that were sold to Compass under the Asset Purchase Agreement. The FTDF Committee anticipates that it will shortly file a motion to dismiss the Complaint as against FTDF.

<u>Remaining FTDF Tasks.</u> There are no more pending matters for the FTDF except for tasks relating to winding down FTDF and closing the case, the Court's consideration of the Debtors' professionals final fee applications set for hearing on August 7, 2007 and entry of all related orders, and resolving the Compass Complaint discussed above. The FTDF Committee has contacted counsel for the FTDF to discuss the remaining tasks such as preparation and filing of the final tax return and final report, as well as the application for final decree, the procedures for dissolution of the FTDF entity, and the final distribution (including cash and distribution of the pro-rata interests in the FTDF Unsecured Claim). The FTDF Committee is hopeful that that the FTDF Committee and the FTDF can work together to have these tasks accomplished so that the FTDF case can be closed as soon as possible.

Respectfully submitted:

Dated: July 13, 2007

/s/ *Eve H. Karasik*
Frank A. Merola, Esq.
Eve H. Karasik, Esq.
Christine M. Pajak, Esq.
Stutman, Treister & Glatt, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

428977v1                           6

and

Candace C. Carlyon, Esq.
Shlomo Sherman, Esq.
Shea & Carlyon, Ltd.
228 S. Fourth Street, First Floor
Las Vegas, NV 89101

Counsel to the Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC

428977v1

7