Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors and Debtors-in-Possession

E-FILED ON JULY 16, 2007

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **USA CAPITAL FIRST TRUST DEED FUND LLC'S FINAL REPORT OF ACTION TAKEN AND PROGRESS TOWARDS CONSUMMATION OF CONFIRMED PLAN OF REORGANIZATION** |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☒ USA Capital First Trust Deed Fund, LLC | **(Affects USA Capital First Trust Deed Fund, LLC)** |

1

USA Capital First Trust Deed Fund, LLC ("FTDF"), by and through its counsel, hereby submits this Final Report of Action Taken and Progress Towards Consummation of Confirmed Plan of Reorganization ("Final Report"). This Final Report is submitted pursuant to Article VIII, Section T of the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan"), Paragraph 74 of the Court's "Order Confirming the Debtors' 'Third Amended Joint Chapter 11 Plan of Reorganization,' as Modified Herein" [Docket No. 2376] (the "Confirmation Order"), and the Court's Order dated April 30, 2007 [Docket No. 3627].[1]

## I. Introduction

The Plan became effective on March 12, 2007 (the "Effective Date").[2] As discussed in greater detail below, since the Effective Date, FTDF has made four distributions to FTDF members. To date, the post-Effective Date distributions to FTDF members has resulted in a return on capital of 72%, and this return will increase upon Final Distribution to FTDF members, anticipated to be made no later than the end of August, 2007.[3] The final return on capital will be disclosed by FTDF in its supplement to this Final Report ("Supplemental Report"), which will be filed in conjunction with FTDF's Motion to Close and Request for a Final Decree.[4]

As also discussed in greater detail below, FTDF has implemented and substantially consummated the Plan as to FTDF since the Effective Date, and the Plan in fact is implemented and substantially consummated as to FTDF. Indeed, with the exception of a very limited number of ministerial tasks, the FTDF case has been "fully administered" within the meaning of Section 350(a) of the Bankruptcy Code. As set forth in Part II below, all of the assets of the FTDF estate

---

[1] FTDF has filed this Final Report instead of a "status report," because as set forth below, with the exception of a very limited number of ministerial tasks, the FTDF case has been fully administered. Accordingly, a short Supplemental Report will be filed in conjunction with FTDF's Motion to Close and Request for a Final Decree. It is anticipated that these papers will be filed in time to be heard on the August 23, 2007 calendar.

[2] Unless otherwise provided herein, all capitalized words and terms are defined in the confirmed Plan.

[3] The 72% return on capital is calculated based solely on the post-Effective Date distributions to FTDF members. As more fully set forth herein, there were amounts authorized to be distributed to FTDF members prior to the Effective Date which were in addition to the 72% return on capital distributed post-Effective Date.

[4] *See* Plan, Art. VIII, Section U; Confirmation Order at ¶ 75.

2

have been transferred in accordance with the confirmed Plan and Confirmation Order, substantially all distributions required to be made under the confirmed Plan and other Orders of the Court have been made, and all of the Compromises set forth in the Plan or approved by the Court pursuant to the Plan after the Effective Date have been effectuated. The only Cash of the FTDF estate not yet distributed is a portion of the "FTDF Ordered Expense Reserve," defined below, which is being held pending an Order approving the FTDF Professionals' Final Fee Applications, the payment of administrative expenses related to implementation of the Plan, and the payment of the final post-Effective Date fees and expenses of the FTDF Professionals and the Professionals of the FTDF Committee. As soon as practicable after the August 7, 2007 hearing on the FTDF Professionals' Final Fee Applications, FTDF will file the Supplemental Report, setting forth the amount of the Final Distribution to be made prior to the closing of FTDF's case.

In addition, as discussed in Part III below, all Disputed Claims against or Equity Interests in FTDF have been resolved, the "FTDF Art. VII Reserve," defined below, has been released. It is anticipated that all Allowed Claims against FTDF will be paid by no later than July 27, 2007. Finally, with the exception of a contingent suit brought by Compass discussed in Part IV below, FTDF is no longer a party to any pending litigation.

## II.   Transfer of Assets, Effectuation of Compromises, and Distributions

1. Since the Petition Date, and at all times relevant to the matters discussed herein, FTDF held an operating account, which was established with Cash of FTDF from all sources commingled together ("FTDF Operating Account").

2. The Confirmation Order approved the sale of the assets of FTDF and certain assets of USACM to Compass Partners, LLC ("Compass" and the "Compass Sale"), which is memorialized in an Asset Purchase Agreement dated December 8, 2006 between FTDF and USACM, as sellers, the remaining Debtors, as acknowledging parties, and Compass, as purchaser (the "APA").

3. On February 16, 2007, the Compass Sale closed. Immediately upon the closing of the Compass Sale:

3

    a. Compass became the owner of, among other things, FTDF's interests in loans and assumed control of such property.

    b. Cash sale proceeds in the total amount of $ 47.6 million (the sales price adjusted for previously collected loans under the terms of the APA or "Sale Proceeds") were transferred by Compass to the USACM and FTDF estates.

    c. Approximately $ 32.9 million of the Sale Proceeds was allocated to the FTDF estate, and paid to and deposited by FTDF into the commingled FTDF Operating Account.

    d. Sale Proceeds in the amount of $ 9.5 million were held in reserve pending the resolution of disputes related to this portion of the Sale Proceeds.

        i. Of these unallocated Sale Proceeds, approximately $8.25 million was deposited in an escrow account pending resolution of a dispute between USACM and FTDF as the allocation of this portion of the Sale Proceeds ("Allocation Dispute").

        ii. The remaining approximately $ 1.25 million in unallocated Sales Proceeds were deposited into an escrow account pending resolution of a dispute between Compass and the Debtors related to Compass's claim that the purchase price was subject to reduction ("Compass Dispute").

4. On or as of March 12, 2007, the Effective Date of the Plan:

    a. A Cash reserve was established for FTDF pursuant to Art. VII, section B.2 of the confirmed Plan, in the amount of each Disputed Claim and/or Equity Interest asserted against FTDF (the "FTDF Art. VII Reserve") from Cash on deposit in the FTDF Operating Account.

    b. Pursuant to the "Order Granting Second Joint Motion for Order for Implementation of Confirmed Plan" [Docket No. 2987], a Cash reserve was established with Cash on deposit in the FTDF Operating Account to insure that sufficient Cash exists to implement the Plan (the "FTDF Ordered Expense Reserve").

4

c. The "Intercompany Compromises" set forth in Art. IV, section E of the Plan among and between, in relevant part, (i) USACM and FTDF, (ii) FTDF and DTDF, and (iii) FTDF and USA Realty, including the releases set forth in Art. IV, section E and Art. VIII, section A of the Plan, became effective. All of the Debtors, including FTDF, took all actions necessary to make any and all payments and/or transfers of assets required by the Intercompany Compromises. The Intercompany Compromises have been consummated in full, including, in relevant part, all of the Compromises to which FTDF was a party.

    i. as part of the compromise among and between USACM and FTDF, set forth in Art. IV, section E.2 of the confirmed Plan:

        1. "Prepaid Interest Collections" related to FTDF in the total amount of $2,557,307 (defined in the Plan as the "FTDF Prepaid Interest"), that were being held in USACM's segregated collection account, were transferred on the Effective Date to USACM's operating account, commingled with other Cash, and disbursed in accordance with the confirmed Plan.

        2. USACM transferred $969,000 to FTDF pursuant to the agreed Professional Fee/Cost Allocation/Management Fees compromise included in the Plan, this Cash was deposited by FTDF in the commingled FTDF Operating Account and, as set forth herein, was disbursed pursuant to the confirmed Plan.

        3. FTDF transferred all of the "FTDF Litigation Claims," except the "Non-assignable FTDF Litigation Claims," to the USACM Trust.

        4. All waivers and releases made between FTDF and USACM were deemed effective under the confirmed Plan.

    ii. as part of the compromise among and between FTDF and DTDF, set forth in Art. IV, section E.3 of the confirmed Plan:

5

1. The first part of the FTDF Payment was made by FTDF to DTDF. Thus, FTDF transferred $500,000 to DTDF's commingled operations account, and this Cash is now the property of Post-Effective Date DTDF.[5]
2. FTDF transferred the "FTDF Transferred Assets," as defined in the Plan, to DTDF.
3. A Disbursing Agent Agreement, as amended, has been entered into and approved by the Court so as to provide a mechanism for disbursements, if any, that may be payable to FTDF members by the USACM Trust pursuant to Art. IV, section A.3.b and A.3.d of the Plan after the FTDF case is closed, and to handle all matters remaining under Section VII of the Plan, including undeliverable or returned distributions.

iii. as part of the compromise among and between FTDF and USA Realty, set forth in Art. IV, section E.4 of the confirmed Plan:

1. The release set forth in Art. IV, section E.4.a of the confirmed Plan has been effected.
2. The USA Realty case is also almost ready to close, and FTDF will not receive any distribution from USA Realty on the Subordinated Claim provided for in Art. IV, section E.4.b of the confirmed Plan.

5. Since the Effective Date:

   a. <u>Settlement of the Allocation and Compass Disputes</u>. For purposes of FTDF, the Allocation and Compass Disputes have been settled. In settlement of the Allocation Dispute, the USACM Trust and FTDF have agreed that FTDF is

---

[5] See ¶ 5.b *infra* (second part of the FTDF Payment was made after the Effective Date).

6

entitled to $3.8 million of the approximately $9.5 million in unallocated Sale Proceeds, *see* ¶ II.3.d *supra*. The Court has entered an Order approving this agreement [Docket No. 3958]. This $3.8 million ("FTDF Allocated Sale Proceeds") has been disbursed from escrow to FTDF, deposited into the commingled FTDF Operating Account, and as set forth herein, has been distributed pursuant to the confirmed Plan. FTDF has transferred all of its right, title and interest in and to the Compass Dispute to the USACM Trust and, therefore, it no longer has any stake in that Dispute.

b. <u>Final Effectuation of the Intercompany Compromises.</u> The following final and additional steps were taken to effectuate the Intercompany Compromises related to FTDF:

　　i. <u>FTDF Unsecured Claim</u>. The amount of the FTDF Unsecured Claim against USACM has been established in an agreement that has been approved by the Court. Plan, Art. IV, Section E.2.b. Percentage interests in the FTDF Unsecured Claim will be distributed to FTDF members as part of the Final Distribution.

　　ii. <u>FTDF Payment</u>. The second part of the FTDF Payment has been made by FTDF to DTDF. Plan, Art. IV, Section E.3.a. Thus, FTDF transferred $500,000 of FTDF Allocated Sales Proceeds to DTDF's commingled operations account, and this Cash is now the property of Post-Effective Date DTDF. By making this second payment, the FTDF Payment has been made in full.

c. <u>Distributions to FTDF members</u>. The following distributions, which are summarized on **Exhibit "1"** hereto, have been made to the approximately 950 FTDF members from the commingled FTDF Operating Account:

　　i. On or about March 28, 2007, approximately $17.3 million was disbursed from the commingled FTDF Operating Account to the approximately 950 FTDF members.

  ii. On or about May 2, 2007, approximately $20 million was disbursed from the FTDF Operating Account to the approximately 950 FTDF members.

  iii. On or about June 12, 2007, $ 6 million was disbursed from the commingled FTDF Operating Account to the approximately 950 FTDF members.

  iv. On July 6, 2007, $3.3 million was disbursed from the commingled FTDF Operating Account to the approximately 950 FTDF members.

  v. The above distributions have resulted in a return on capital of 72%, and this return will increase upon Final Distribution to FTDF members, anticipated to be made no later than the end of August, 2007. The final return on capital will be disclosed by FTDF in its Supplemental Report.

d. <u>Distributions from FTDF Ordered Expense Reserve</u>. All funds in the FTDF Ordered Expense Reserve have been released and paid in accordance with the confirmed Plan, the Second Implementation Order, and any and all other applicable Orders of the Bankruptcy Court, except for sums which remain reserved to pay FTDF Professionals upon approval of their Final Fee Applications, implementation expenses, and payment of the post-Effective Date fees and expenses of the Professionals for FTDF and the FTDF Committee. It is anticipated that Cash from the FTDF Ordered Expense Reserve will be paid shortly after the August 7, 2007 hearing on the allowance of the FTDF Professionals' Final Fee Applications. After all of the above expenses have been paid, all Cash remaining in the FTDF Ordered Expense Reserve will be released, and will be included in the Final Distribution to FTDF members, which will be disclosed in the Supplemental Report.

e. <u>FTDF Art. VII Reserve</u>.

  i. As of July 27, 2007, all "Allowed Claims" and/or "Allowed Equity Interests," including all "Allowed Administrative Expense Claims," as

those terms are defined in the confirmed Plan, will have been paid in accordance with the confirmed Plan, the Confirmation Order, and any and all other applicable Orders of the Bankruptcy Court.

  **ii.** As discussed in further detail in Part III below, all objections to "Disputed Claims" and/or "Disputed Equity Interests," as those terms are defined in the confirmed Plan, have been resolved, and the FTDF Art. VII Reserve has been released and distributed in accordance with the confirmed Plan, the Confirmation Order, the Final Report, as supplemented, and any and all other applicable Orders of the Bankruptcy Court.

### III. Resolution of Proofs of Claim Filed Against FTDF

1. As of the Effective Date, 149 proofs of claim had been filed against FTDF.

2. The FTDF Committee, at FTDF's request, assumed the lead in objecting to these claims and, with the assistance of FTDF, filed various omnibus objections throughout the pendency of this case seeking the disallowance of certain claims and reclassification of certain claims as proofs of interest. FTDF and the FTDF Committee also worked to reach various stipulations with certain claimants to resolve objections to their claims or interests.

3. All claim objections in the FTDF case have now been resolved. The chart attached as Exhibit 2 to this Report reflects the Disputed Claims that were ultimately determined or agreed to be treated as Allowed Claims against FTDF and the status of payment to the Claims.

4. It is expected that all Allowed Claims against FTDF (other than the Claims of FTDF's Professionals, whose Administrative Expense Claims have not yet been Allowed) will be paid in full before July 27, 2007.

5. FTDF's Professionals' Administrative Expense Claims will be paid, to the extent allowed by the Court, shortly after the August 7, 2007 hearing. Expenses related to the implementation of the Plan, including post-Effective Date fees and expenses of FTDF's Professionals and those of the FTDF Committee, are being paid on an ongoing basis from the FTDF Ordered Expense Reserve set for the payment of such claims. As set forth in Part II above,

9

it is anticipated that all of FTDF's expenses will be paid by no later than the end of August, 2007, and that any surplus in the Ordered Expense Reserve will released and distributed to FTDF members as part of the Final Distribution.

**IV.     Resolution of Motions, Adversary Proceedings, and Contested Matters**

As of the date of this Final Report, essentially all of the motions, contested matters, and/or adversary proceedings involving FTDF have been resolved.

1. <u>Matters before this Court</u>.  At this time, the only matters pending before this Court involving FTDF are (A) the FTDF Professionals' final fee applications, and (B) a "conditional" adversary proceeding which was filed by Compass against, in relevant part, all of the Debtors on July 7, 2007, designated as Adversary Proceeding No. 07-01105 ("Compass Proceeding").

   a.  <u>Final Fee Applications</u>.  A hearing on the FTDF Professionals' Final Fee Applications is scheduled for August 7, 2007, and it is anticipated that matters related those Application will be concluded at that time, and that FTDF will be authorized to make distributions to the FTDF Professionals from the Ordered Expense Reserve.

   b.  <u>Compass Proceeding</u>.  As of the date of this Final Report, FTDF has not been served with the Complaint in the Compass Proceeding.  FTDF intends to file a motion to dismiss the Compass Proceeding, if and to the extent that such a motion is necessary to timely close this case.  FTDF will schedule any such motion to dismiss to be heard in conjunction with its motion to close the case, currently anticipated to be filed in time to be heard on the August 23, 2007 calendar.

2. <u>Matters before the District Court.</u>  In addition to the limited matters before this Court, FTDF has been a party to three appeals of the Confirmation Order before the United States District Court for the District of Nevada ("District Court").  These appeals, however, have either been dismissed, or FTDF has been, or will be, dismissed as a party.

   a.  USA Investment Partners, LLC and several others, filed an appeal from the Confirmation Order, ultimately designated as District Court No. 07-00138.  Pursuant to FTDF's motion to dismiss, this appeal has been dismissed with prejudice by the District Court, and the District Court's Order is now final.

b.  Debt Acquisition Company of America V, LLC ("DACA"), also filed an appeal from the Confirmation Order, ultimately designated as District Court No. 07-00160.  FTDF filed two motions to dismiss this appeal, and fully briefed the appeal.  Just prior to oral argument before the District Court, DACA and FTDF entered into a stipulation to dismiss FTDF from the appeal.  At a hearing on June 27, 2007, the District Court approved this stipulation, and it is expected that the District Court will enter an Order dismissing FTDF from the appeal shortly.

c.  Finally, the so-called "Lenders Protection Group" and the Jones Varges Direct Lenders, filed an appeal from the Confirmation Order, ultimately designated as District Court No. 07-00072.  FTDF, along with the other Debtors, successfully obtained an Order of the District Court vacating a stay pending appeal that had been entered by the Bankruptcy Appellate Panel, it filed two motions to dismiss the appeal, and fully briefed the appeal.  Just prior to oral argument before the District Court, the Appellants and FTDF entered into a stipulation to dismiss FTDF from the appeal, and on July 11, 2007, the District Court entered an Order approving that stipulation.  Thus, FTDF is no longer a party to this appeal.

Respectfully submitted this 16th day of July, 2007.

/s/   Jason A. Imes, Esq.
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
Jason A. Imes, Nevada Bar No. 7030
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

*Attorneys for Debtors and Debtors-in-Possession*

# EXHIBIT "1"

**First Trust Deed Fund**
**Distributions of Capital**

| Beginning Capital 12/31/06 | Distribution 3/28/2007 | Distribution 5/2/2007 | Distribution 6/12/2007 | Distribution 7/6/2007 | Total Distributions | Ending Capital 8/01/07 |
|---|---|---|---|---|---|---|
| 65,010,254.00 | 17,331,170.37 | 20,114,500.00 | 6,000,000.00 | 3,300,000.00 | 46,745,670.37 | 18,264,583.63 |
|  | 27% | 31% | 9% | 5% | 72% | 28% |

# EXHIBIT "2"

**First Trust Deed Fund Claims**

| Claimant | Allowed Claim Amount | Interest 4/13/06 - 4/30/07 | Total Payment | Amount Outstanding |
|---|---|---|---|---|
| Kummer Keampfer Bonner Renshaw & Ferrario | $ 25,746.92 | $ 1,311.16 | | $ 27,058.08 |
| Beadle McBride & Reeves LLP | 9,822.75 | 500.22 | | 10,322.97 |
| Santoro Driggs Walch Kearney Johnson & Thompson | 690.81 | 35.18 | | 725.99 |
| Nevada State Bank Corporate Banking | 41,845.77 | - | 41,845.77 | - |
| Pre-petition uncleared checks-Scheduled | 24,155.21 | 1,230.10 | 25,385.31 | - |
| **Total** | **$ 102,261.46** | **$ 3,076.67** | **$ 67,231.08** | **$ 38,107.04** |