Robert J. Moore
Tyson M. Lomazow
MILBANK, TWEED, HADLEY & McCLOY, LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone No.: (212) 530-5367
Facsimile No.:  (212) 822-5367

Counsel for Compass Financial Partners LLC and
Compass USA SPE LLC

E-Filed on July 24, 2007

Peter C. Bernhard (Nevada Bar No. 0734)
Georganne W. Bradley (Nevada Bar No. 1105)
BULLIVANT HOUSER BAILEY PC
3883 Howard Hughes Pkwy., Ste. 550
Las Vegas, NV 89169
Telephone No.: (702) 669-3600
Facsimile No.:  (702) 650-2995
E-Mail: peter.bernhard@bullivant.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **MOTION OF COMPASS FINANCIAL PARTNERS LLC FOR ORDER PURSUANT TO 11 U.S.C. §§ 105 COMPELLING COMPLIANCE WITH JUNE 20, 2007 RULING OF THE BANKRUPTCY COURT** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Date: tbd<br>Time: tbd |

Compass USA SPE LLC, and its servicer, Compass Financial Partners LLC (together, "Compass"), the purchaser of substantially all of the assets of USA Capital First Trust Deed Fund, LLC ("FTDF") and certain assets of USA Commercial Mortgage Company ("USACM"), by and through its counsel, submits this motion (the "Motion") pursuant to section 105 of chapter 11, title 11 of the United States Code (the "Bankruptcy Code") for an order enforcing the June 20, 2007 ruling of this Bankruptcy Court issued with respect to the Emergency Motion of Compass Financial Partners LLC For Order Pursuant to 11 U.S.C. §§105 and 1141 Enforcing Confirmation Order and For Civil Contempt Sanctions, dated May 25, 2007 (the "Enforcement Motion"). In support hereof, Compass respectfully represents as follows:

**Background Facts**

1. On February 16, 2007, Compass, USACM and its debtor affiliates consummated a sale transaction under which Compass acquired pursuant to an Order of this Court, *inter alia*, an assignment of the rights of USACM under certain Loan Servicing Agreements, including the right to act as loan servicer with respect to a portfolio of approximately 65 commercial mortgage loans originated and formerly serviced by USACM (collectively, the "Loans"). The terms of the sale and assignment were set forth in an Asset Purchase Agreement, dated December 8, 2006 (the "APA"), approved by an order of the Bankruptcy Court dated January 8, 2007 (the "Confirmation Order").[1] Compass' acquisition of the assets was free and clear of all liens, claims, encumbrances and other interests pursuant to section 363(f) of the Bankruptcy Code.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Confirmation Order.

2. On May 18, 2007, Donna Cangelosi, a lender allegedly acting on behalf of certain other lenders, sent Compass correspondence purporting to "terminate" Compass as loan servicer of fifty (50) of the Loans allegedly in accordance with Nevada Administrative Code Section 645B.073 ("<u>NAC 645B.073</u>"). The purported "termination" was <u>not</u> made pursuant to, or consistent with the terms of, the governing Loan Servicing Agreements. Cangelosi also mailed correspondence to each borrower in the fifty Loans (collectively, the "<u>Borrowers</u>") asserting that Compass was not authorized to act on behalf of the lenders for any purpose, and admonishing the Borrowers that any payments on the Loans made by the Borrowers to Compass would be at the Borrower's "peril."

3. In view of the massive disruption and harm precipitated by the improper Cangelosi communications, on May 25, 2007, Compass filed with this Court the Enforcement Motion. On June 20, 2007, following extensive oral argument and supplemental briefing, the Bankruptcy Court ordered that the purported termination of Compass was ineffectual and that Compass remains the loan servicer for all the Loans, subject to further Order of the Court. The Bankruptcy Court's ruling was set forth in a detailed memorandum opinion entered on July 2, 2007.

4. On June 20, 2007, the Bankruptcy Court further ordered Cangelosi's lawyer, Alan R. Smith, to mail correspondence to each Borrower advising them that Cangelosi's May 18, 2007 correspondence was void and of no effect and that Compass remains the exclusive entity authorized to act on behalf of the lenders on the Loans and all payments on the Loans should continue to be made directly to Compass pending further order of the Court.

**Cangelosi Has Failed to Comply With This Court's June 20, 2007 Ruling**

5.      Although a formal order reflecting the Bankruptcy Court's bench ruling has not yet been docketed,[2] over a month has passed since the June 20, 2007 hearing and, despite the explicit instructions of this Court, Mr. Smith has failed to mail *any* correspondence to Borrowers rescinding the May 18, 2007 letter (a "Rescission Letter"). As noted above, on June 20, 2007, this Court ruled:

> That should be ordered. I think everybody should agree. I mean, that's agreed. [A] letter should be sent to all those borrowers indicating that the [May 18, 2007] letter was void and of no effect, and that Compass is the servicer until further order of the Court..

June 20, 2007 Hearing Tr. at p. 167; 2-6. In defiance or disregard of the explicit instructions of this Court, no Rescission Letter has been mailed nor has any draft communication to Borrowers been provided to Compass.

6.      Cangelosi's actions on May 18, 2007, in addition to inflicting tremendous harm to Compass and damaging its reputation in the community and the value of the assets it acquired pursuant to the APA and Confirmation Order, caused great confusion and uncertainty among the Borrowers with respect to their obligations under their loan documents. Hence, a primary function of the Enforcement Motion was to dispel any such uncertainty and reaffirm that the Borrowers must recognize Compass as the sole and exclusive servicer of their loans, absent further Order of the Court. Compass was gratified with the Court's swift consideration of the matter and its determination to

---

[2] Due to administrative difficulties with the submission of the proposed order reflecting the Court's May 31, 2007 intitial ruling on the Enforcement Motion (the "May 31 Order"), such proposed order was not entered until June 26, 2007. Accordingly, the proposed order reflecting the Court's June 20, 2007 ruling ("Proposed June 20 Order"), which incorporated several provisions of the May 31 Order, was not circulated to counsel for Cangelosi until July 10, 2007. Minor revisions to the Proposed June 20 Order were distributed to Cangelosi's counsel on July 16, 2007. The Proposed June 20 Order was lodged with the Court on July 19, 2007.

preserve the *status quo*, for the benefit of all parties concerned, while the litigation over Cangelosi's actions was adjudicated.

7.  Notwithstanding the May 31, 2007 and June 20, 2007 hearings, including nearly eight hours of oral argument and extensive briefing, Cangelosi continues to demonstrate a willful disregard for the rulings of this Court. In addition to her unwillingness to mail Rescission Letters to the Borrowers, Compass has learned that "loan captains" and other members of Cangelosi's so-called "Lender Protection Group" continue to believe they are free to contact Borrowers to directly negotiate resolution of their loans on behalf of all lenders in such loans, despite the explicit ruling of this Court to the contrary. *See* Declaration of Boris Piskun, a copy of which is annexed hereto as Exhibit "A." These actions not only have damaged Compass, but they also damage the interests of the very Lenders Cangelosi purports to "represent." The Court is well aware of Cangelosi's willingness and ability to broadcast propaganda regarding these chapter 11 cases to Direct Lenders, and Compass intends to hold her directly accountable for the recent dissemination of mistruths, as well as the continued misrepresentations of her authority to the Borrowers. *See* Declaration of Boris Piskun.

8.  By letter dated July 10, 2007 (the "July 10 Letter," a copy of which is annexed to the Declaration of Tyson M. Lomazow, annexed hereto as Exhibit "B"), Compass informed Mr. Smith that lenders affiliated with Cangelosi apparently believed they remained authorized to contact Borrowers directly and had been directly negotiating payment of their loans, an action damaging to Compass and directly in conflict with the May 31, 2007 and June 20, 2007 rulings of this Court. In the July 10 Letter, Compass demanded that Mr. Smith acknowledge he would inform all lenders affiliated with

Cangelosi of this Court's rulings that lenders were enjoined from contacting Borrowers in such fashion. The July 10 Letter has gone unanswered. *See* Declaration of Tyson M. Lomazow.

9. Similarly, by letter dated July 20, 2007 (the "July 20 Letter," a copy of which is annexed to the Declaration of Tyson M. Lomazow), Compass demanded of Mr. Smith that (i) his clients cease and desist from engaging in communication with Borrowers undermining Compass' exclusive authority to service the Loans, and (ii) he provide Compass with a draft of a Rescission Letter by Monday, July 23, 2007. The July 20 Letter also has gone unanswered. *See* Declaration of Tyson M. Lomazow.

10. Moreover, a recent filing by Cangelosi in the District Court casts doubt on whether Cangelosi has *any* intention whatsoever of complying with this Court's June 20, 2007 ruling. On July 19, 2007, Cangelosi filed her Consent To Withdrawal Of The Reference Pursuant to 28 U.S.C. § 157(d), And Request To Set Expedited Hearing To Determine Whether The Bankruptcy Court's Temporary Standstill Order In Favor Of Compass Should Be Converted To A Preliminary Injunction And To Set Expedited Briefing Schedule (the "District Court Filing," a copy of which is annexed hereto as Exhibit "C"). Notably, the District Court Filing, which purports to educate the District Court as to the relief fashioned by this Court in its consideration of the Enforcement Motion, fails to make a single reference to this Court's June 20, 2007 ruling. Rather, the District Court Filing refers vaguely to "a certain temporary standstill order" which "has now been in place for seven weeks and counting." District Court Filing, at p.3 (referring to the *May 31, 2007* ruling of the Bankruptcy Court). As the District Court Filing makes no mention of the Bankruptcy Court's June 20, 2007 ruling on subject matter jurisdiction

over the Enforcement Motion which provided a basis for its entry of interim relief--*including the mailing of the Rescission Letter*--it is doubtful whether Cangelosi, absent further Order of this Court, has any intention of *ever* complying with the June 20, 2007 ruling she has, to date, ignored.

### Relief Requested

11. Compass respectfully requests the Court enter an Order pursuant to section 105 of the Bankruptcy Code enforcing its June 20, 2007 ruling and compelling Mr. Smith to mail the form of Rescission Letter annexed hereto as Exhibit "D" within three business days of the date of the hearing to consider this Motion. Compass also requests that the Court compel the Law Offices of Alan R. Smith to mail a copy of the Order reflecting the Court's June 20, 2007 ruling to each of his clients in these cases within three business days of the date of entry of such Order.

### Applicable Authority

12. The Court has ample authority to compel compliance with its June 20, 2007 ruling. Bankruptcy courts are courts of equity, and their proceedings are inherently proceedings in equity. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 527, 104 S.Ct. 1188 (1984); *Pepper v. Litton*, 308 U.S. 295, 304, 60 S.Ct. 238 (1939). The equitable powers of the bankruptcy courts are codified in section 105 of the Bankruptcy Code, which provides that "[t]he court may issue any order, process, or judgment that is necessary to carry out the provisions" of the Bankruptcy Code . 11 U.S.C. § 105(a).

13. In addition, the federal courts have inherent power to compel compliance with their orders. *In re McLean Indus.*, 68 B.R. 690, 695 (Bankr. S.D.N.Y. 1986) ("The duty of any court to hear and resolve legal disputes carries with it the power

to enforce the order."). Accordingly, the Court has the requisite authority to grant the relief requested.

## Conclusion

14. Compass respectfully requests the Court enter an order compelling Mr. Smith to mail the form of Rescission Letter annexed hereto as Exhibit "D" to all Borrowers within three business days of the date of the hearing to consider this Motion. Compass also requests that the Court compel the Law Offices of Alan R. Smith to mail a copy of the Order reflecting the Court's June 20, 2007 ruling to each of his clients in these cases within three business days of the date of entry of such Order.

MILBANK, TWEED, HADLEY & MCCLOY LLP
-and-
BULLIVANT HOUSER BAILEY, PC

Tyson M. Lomazow

*Attorneys for Compass USA SPE LLC and*
*Compass Financial Partners LLC*

LA1:#6356625v4