# EXHIBIT "B"

E-Filed on July 24, 2007

Robert J. Moore
Tyson M. Lomazow
MILBANK, TWEED, HADLEY & McCLOY, LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone No.: (212) 530-5367
Facsimile No.: (212) 822-5367

Counsel for Compass Financial Partners LLC and
Compass USA SPE LLC

Peter C. Bernhard (Nevada Bar No. 0734)
Georganne W. Bradley (Nevada Bar No. 1105)
BULLIVANT HOUSER BAILEY PC
3883 Howard Hughes Pkwy., Ste. 550
Las Vegas, NV 89169
Telephone No.: (702) 669-3600
Facsimile No.: (702) 650-2995
E-Mail: peter.bernhard@bullivant.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND,<br>LLC,<br>Debtor. | **DECLARATION OF TYSON M.<br>LOMAZOW IN SUPPORT OF MOTION<br>OF COMPASS FINANCIAL PARTNERS<br>LLC FOR ORDER PURSUANT TO 11<br>U.S.C. § 105 COMPELLING** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **COMPLIANCE WITH JUNE 20, 2007<br>RULING OF THE BANKRUPTCY<br>COURT** |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund,<br>LLC<br>☐ USA First Trust Deed Fund, LLC | Date: tbd<br>Time: tbd |

I, Tyson M. Lomazow, declare as follows:

1.      I am duly licensed to practice law in the State of New York, and admitted *pro hac vice* to practice in the United States Bankruptcy Court for the District of Nevada in the above-referenced chapter 11 cases. I am an associate with the law firm of Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP, ("Milbank"), counsel for Compass USA SPE LLC, and its servicer, Compass Financial Partners LLC (together, "Compass"), the purchaser of substantially all of the assets of USA Capital First Trust Deed Fund, LLC ("FTDF") and certain assets of USA Commercial Mortgage Company ("USACM"). I submit this declaration in support of the Motion of Compass Financial Partners LLC for Order Pursuant to 11 U.S.C. § 105 Compelling Compliance with June 20, 2007 Ruling of the Bankruptcy Court (the "Motion"). I have personal knowledge of the facts stated in this declaration and, if called upon to do so, would testify competently thereto at trial.

2.      By and through its Motion, Compass is requesting the Court enter an Order compelling compliance with its June 20, 2007 ruling, whereby the Court ruled that the purported May 18, 2007 termination of Compass as servicer of fifty (50) loans was ineffectual, and that Compass remains the loan servicer for all the Loans, subject to further Order of the Court. The Bankruptcy Court further ordered Donna Cangelosi to mail correspondence to the borrower in each loan subject of the purported termination (collectively, the "Borrowers") advising them Cangelosi's prior May 18, 2007 correspondence to such Borrowers was void and of no effect, and that Compass remains the exclusive entity authorized to act on behalf of the lenders on the loans, and all payments on the loans should continue to be made directly to Compass pending further order of the Court.

2

3.      By letter dated July 10, 2007 (the "July 10 Letter"), Compass informed Cangelosi's counsel, Alan R. Smith, Esq., that lenders affiliated with Cangelosi believed they remained authorized to contact Borrowers directly in an effort to negotiate payment of their loans, an action damaging to Compass and directly in conflict with the May 31, 2007 and June 20, 2007 rulings of this Court. Attached hereto as **Exhibit "A"** is a true and correct copy of the July 10 Letter. In the July 10 Letter, Compass demanded that Mr. Smith acknowledge he would inform his clients of this Court's rulings that lenders were enjoined from contacting Borrowers in such fashion. The July 10 Letter has gone unanswered.

4.      Similarly, by letter dated July 20, 2007 (the "July 20 Letter"), Compass demanded of Mr. Smith that (i) his clients cease and desist from engaging in communication with Borrowers which undermine Compass' exclusive authority to service the loans, and (ii) he provide Compass with a draft of a Rescission Letter by no later than Monday, July 23, 2007. Attached hereto as **Exhibit "B"** is a true and correct copy of the July 20 Letter. The July 20 Letter also has gone unanswered.

          I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 24th day of July, 2007.

                                        Tyson M. Lomazow

LA1:#6356683v1

3

# EXHIBIT "A"

# MILBANK, TWEED, HADLEY & McCLOY LLP

### 1 CHASE MANHATTAN PLAZA

### NEW YORK, N.Y. 10005-1413

———

212-530-5000

FAX: 212-530-5219

| | | |
|---|---|---|
| **LOS ANGELES**<br>213-892-4000<br>FAX: 213-629-5063 | | **MUNICH**<br>49-89-25559-3600<br>FAX: 49-89-25559-3700 |
| **WASHINGTON, D.C.**<br>202-835-7500<br>FAX: 202-835-7586 | | **TOKYO**<br>813-3504-1050<br>FAX: 813-3595-2790 |
| **LONDON**<br>44-207-448-3000<br>FAX: 44-207-448-3029 | | **HONG KONG**<br>852-2971-4888<br>FAX: 852-2840-0792 |
| **FRANKFURT**<br>49-69-71914-3400<br>FAX: 49-69-71914-3500 | E-MAIL: tlomazow@milbank.com | **SINGAPORE**<br>65-6428-2400<br>FAX: 65-6428-2500 |

July 10, 2007

**BY E-MAIL AND OVERNIGHT MAIL**

Alan R. Smith, Esq.
Law Offices of Alan R. Smith
505 Ridge Street
Reno, NV 89501

> **Re:**   **In re USA Commercial Mortgage Company ("USACM"), _et al._,**
> **Chapter 11 Case No. 06-10725 (Jointly Administered)**

Dear Alan:

As you know, we represent Compass USA SPE LLC and Compass Financial Partners LLC (together, "Compass"), the acquirer of substantially all of the assets of USACM and its debtor affiliate, USA Capital First Trust Deed Fund, LLC, in the above-referenced chapter 11 cases.  Pursuant to Nevada Local Bankruptcy Rule 9021, enclosed herewith please find a proposed Supplemental Order Re: Emergency Motion of Compass Financial Partners LLC For Order Pursuant to 11 U.S.C. §§ 105 and 1141 Enforcing Confirmation Order and For Civil Contempt Sanctions (the "Order").  The Order sets forth Judge Riegle's bench ruling of June 20, 2007 with respect to the Emergency Motion of Compass Financial Partners LLC For Order Pursuant to 11 U.S.C. §§ 105 and 1141 Enforcing Confirmation Order and For Civil Contempt Sanctions.  In accordance with Local Rule 9021, kindly indicate your approval or disapproval of the proposed form of Order within three days hereof.

Moreover, it has come to our attention that notwithstanding Judge Riegle's ruling on June 20, 2007, certain lenders believe they are authorized to contact borrowers directly in an effort to negotiate payment of their loans.  Such action is damaging to Compass, and is directly

contrary to Judge Riegle's June 20, 2007 ruling. Compass therefore demands you confirm to us that you will provide a copy of the Order to each lender you represent.

Sincerely,

Tyson M. Lomazow

cc:  George A. Davis, Esq.
     Georganne Bradley, Esq.

2

George A. Davis
CADWALADER, WICKERSHAM & TAFT
One World Financial Center
New York, NY 10281
Telephone No.: (212)504-6000
Facsimile No.: (212) 504-6666

Tyson M. Lomazow
MILBANK, TWEED, HADLEY & McCLOY, LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone No.: (212) 530-5367
Facsimile No.: (212) 822-5367

Peter C. Bernhard (Nevada Bar No. 0734)
Georganne W. Bradley (Nevada Bar No. 1105)
BULLIVANT HOUSER BAILEY PC
3980 Howard Hughes Pkwy., Ste. 550
Las Vegas, NV 89169
Telephone No.: (702) 650-6565
Facsimile No.: (702) 650-2995
E-Mail: peter.bernhard@bullivant.com

**Counsel for Compass Financial Partners LLC**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND,<br>LLC,<br>Debtor. | **SUPPLEMENTAL ORDER RE:<br>EMERGENCY MOTION OF<br>COMPASS FINANCIAL PARTNERS LLC** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **FOR ORDER PURSUANT TO 11 U.S.C. §§<br>105 AND 1141 ENFORCING<br>CONFIRMATION ORDER AND<br>FOR CIVIL CONTEMPT SANCTIONS** |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund,<br>LLC | Date: June 20, 2007<br>Time: 10:30 a.m. |

*Bullivant|Houser|Bailey PC*
*3980 Howard Hughes Pkwy., Suite. 550*
*Las Vegas, NV 89169*
*Telephone: (702) 650-6565*
*Facsimile: (702) 650-2995*

– 1 –

Bullivant|Houser|Bailey PC
3980 Howard Hughes Pkwy., Suite. 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

1 ☐   USA First Trust Deed Fund, LLC

2

3      On June 20, 2007, the Court conducted a continued hearing to determine whether it had

4 subject matter jurisdiction to consider the Motion of Compass Financial Partners LLC and

5 Compass USA SPE LLC (together, "Compass") for Order Pursuant to 11 U.S.C. §§ 105 and

6 1141 Enforcing Confirmation Order and for Civil Contempt Sanctions (the "Motion"), which

7 was filed by Compass on May 25, 2007, and the Complaint for Declaratory Relief and Damages

8 filed on May 21, 2007 in the United States District Court for the District of Nevada entitled

9 *3685 San Fernando Lenders, LLC, et al. vs. Compass USA SPE, LLC, et al.*, Case No. 07-CV-

10 0224-ECR-VAC (the "Complaint"), which was removed by Compass to, and is currently

11 pending before, this Court in Adv. Proc No. 07-01076 (the "Adversary Proceeding").

Appearances of counsel were noted on the record at the hearing.  Capitalized terms not

12 otherwise defined herein shall have the meanings ascribed to them in the Motion.

13      The Court having heard oral argument of counsel and other interested persons, having

14 read and considered all pleadings and papers filed in support of and in opposition to the Motion,

15 and having read and considered all statements made, and all pleadings and papers on file herein,

16 that are, in the opinion of this Court, relevant to the issues currently before the Court, and for

17 good cause appearing,

18      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Court has subject

19 matter jurisdiction over the Motion and the Adversary Proceeding for the  reasons stated in this

20 Court's memorandum decision dated July 2, 2007; and

21      IT IS FURTHER ORDERED that jurisdiction shall remain with this Court to consider

22 the Motion and the Adversary Proceeding unless and until the United Stated District Court for

23 the District of Nevada orders that the reference be withdrawn; and

24      IT IS FURTHER ORDERED that the Court shall deem and treat the Motion as an

25 adversary proceeding to permit the parties to commence discovery on the issues addressed in the

26 Motion; and

27

28

Bullivant|Houser|Bailey PC
3980 Howard Hughes Pkwy., Suite. 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

1  IT IS HEREBY ORDERED that, pending further order of the Court, (i) the status quo as

2  of May 15, 2007 is further preserved such that Compass shall be and remain the loan servicer

3  with respect to all loans for which it acquired servicing rights pursuant to that certain Asset

4  Purchase Agreement dated December 8, 2006, approved by Order of this Court entered January

5  8, 2007 (each a "Loan," and collectively, the "Loans"); and

6  IT IS FURTHER ORDERED that, pending further order of the Court, all amounts due

7  and owing under or in connection with the Loans (the "Payments") shall continue to be paid

8  directly to Compass; and

9  IT IS FURTHER ORDERED that, pending further order of the Court, Compass shall be

10  entitled to deduct and retain from Payments received the amount of its accrued and unpaid

11  servicing fees then due to Compass, provided, however, that any amounts relating to default

12  interest, late charges, or other fees shall be held in the Direct Lender remittance account

13  established and maintained by Compass, and provided, further, that notwithstanding the above,

14  in the event Compass receives Payments from a borrower in respect of a Loan (i) in which

15  Compass holds one-hundred percent (100%) of the beneficial interests of record, or (ii) which

16  satisfy in full all obligations due and owing under the governing loan documents (including

17  default interest, late charges, and other fees), then Compass shall be permitted to deduct and

18  retain from such Payments received any amounts relating to default interest, late charges, and

19  other fees; and

20  IT IS FURTHER ORDERED that in the event Direct Lenders who have attempted to

21  terminate Compass as loan servicer hold one-hundred percent (100%) of the beneficial interests

22  of record in a Loan, they shall have the right to direct Compass not to take any further action to

23  pursue recovery from borrower of outstanding amounts due with respect to such Loan;

24  provided, however, that Compass shall remain loan servicer of such Loan, pending further order

25  of the Court; and

26  IT IS FURTHER ORDERED that pending further order of the Court, no Direct Lender

27  shall send notice to Compass or any borrower under a Loan purporting to terminate, or to have

28  terminated, Compass as loan servicer; and

– 3 –

1   IT IS FURTHER ORDERED that pending further order of the Court, any prior or future

2   attempted termination or replacement of Compass as loan servicer with respect to a Loan, and

3   any letter to Compass or a borrower purporting to terminate or replace Compass as loan servicer

4   with respect to a Loan, is ineffective; and

5   IT IS FURTHER ORDERED that pending further order of the Court, no Direct Lender

6   shall initiate contact with the borrower in any Loan which (i) undermines Compass' exclusive

7   authority to act on behalf of the Direct Lenders as loan servicer, or (ii) purports that an entity

8   other than Compass is authorized to negotiate with the borrower on behalf of the Direct Lenders

9   in such Loan; and

10  IT IS FURTHER ORDERED that within three (3) business days of the date of entry of

11  this Order, the Law Offices of Alan R. Smith, on behalf of the Direct Lenders who attempted to

12  terminate Compass as loan servicer on May 18, 2007, shall mail correspondence (previously

13  reviewed and approved by Compass) to the borrower on each Loan for which Direct Lenders

14  attempted to terminate Compass as servicer on May 18, 2007, enclosing a copy of this Order

15  and providing that (i) such Direct Lenders' May 18, 2007 correspondence to each such borrower

16  was ineffectual, (ii) Compass remains the exclusive entity authorized to act on behalf of the

17  Direct Lenders in such Loan, and (iii) all payments on the Loan should continue to be made

18  directly to Compass, pending further order of the Court; and

19  IT IS FURTHER ORDERED that this Court shall hold a status conference with respect

20  to the Motion and the Adversary Proceeding on August 17, 2007 at 10:30 a.m.; and

21  IT IS FURTHER ORDERED that prior to August 17, 2007, Compass shall not complete

22  a foreclosure sale of any real property collateral for any Loan (the "Collateral") absent further

23  order of the Court or the approval of the holders of fifty-one percent (51%) or more of the

24  beneficial interests of record in the particular Loan; provided that (i) Compass remains

25  authorized to continue to initiate and pursue foreclosure sales with respect to Collateral up until

26  the point of completing such sales, and (ii) subject to this Court's calendar, Compass shall be

27  permitted to schedule a hearing with respect to a request for Court approval to complete a

28  foreclosure sale at least seven (7) days notice to the Law Offices of Alan R. Smith.

Bullivant|Houser|Bailey PC
3980 Howard Hughes Pkwy., Suite. 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

– 4 –

1

2 **Submitted by:**

3 CADWALADER WICKERSHAM & TAFT
-and-
4 MILBANK, TWEED, HADLEY & McCLOY, LLP
-and-
5 BULLIVANT HOUSER BAILEY PC

6

7 By:___ */s/ Georganne W. Bradley*_____
Georganne W. Bradley, Esq.
8
*Attorneys for Compass Financial Partners*
9

10 **Approved/Disapproved by**:

11 LAW OFFICES OF ALAN R. SMITH

12

13 By:_____
Alan R. Smith.
14
*Attorneys for Lenders Protection Group*
15

16 **Approved/Disapproved by:**

17 OFFICE OF THE U.S. TRUSTEE

18
By:_____
19 August B. Landis, Esq.

20

21

22

23

24

25

26

27

28

**Bullivant|Houser|Bailey PC**
3980 Howard Hughes Pkwy., Suite 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

– 5 –

In accordance with Local Rule 9021, the undersigned certifies:

_____ The court waived the requirements of LR 9021.

_____ No parties appeared or filed written objections, and there is no trustee appointed in the case.

_____ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below:

                Alan R. Smith, Esq. : _____

                Office of U.S. Trustee: _____

                            BULLIVANT HOUSER BAILEY P.C.

                By:_____
                          Georganne W. Bradley, Esq.

Bullivant|Houser|Bailey PC
3980 Howard Hughes Pkwy., Suite. 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

# EXHIBIT "B"

# MILBANK, TWEED, HADLEY & McCLOY LLP

## 601 SOUTH FIGUEROA STREET

### THIRTIETH FLOOR

### LOS ANGELES, CA 90017-5735

———

213-892-4000

FAX: 213-629-5063

E-MAIL: tlomazow@milbank.com

**NEW YORK**
212-530-5000
FAX: 212-530-5219

**WASHINGTON, D.C.**
202-835-7500
FAX: 202-835-7586

**PALO ALTO**
650-739-7000
FAX: 650-739-7100

**LONDON**
44-207-448-3000
FAX: 44-207-448-3029

**FRANKFURT**
49-69-7593-7170
FAX: 49-69-7593-8303

**TOKYO**
813-3504-1050
FAX: 813-3595-2790

**HONG KONG**
852-2971-4888
FAX: 852-2840-0792

**SINGAPORE**
65-6428-2400
FAX: 65-6428-2500

July 20, 2007

**BY E-MAIL AND OVERNIGHT MAIL**

Alan R. Smith, Esq.
Law Offices of Alan R. Smith
505 Ridge Street
Reno, NV 89501

> **Re:    In re USA Commercial Mortgage Company ("USACM"), *et al.*,
> Chapter 11 Case No. 06-10725 (Jointly Administered)**

Dear Mr. Smith:

We write to you on behalf of Compass USA SPE LLC and Compass Financial Partners LLC (together, "Compass") in respect of the U.S. Bankruptcy Court for the District of Nevada's June 20, 2007 bench ruling issued in connection with the Emergency Motion Of Compass Financial Partners LLC For Order Pursuant to 11 U.S.C. §§ 105 and 1141 Enforcing Confirmation Order And For Civil Contempt Sanctions (the "Emergency Motion"). The Emergency Motion was filed in the above-referenced chapter 11 cases on May 25, 2007.

As you are aware, on June 20, 2007, Judge Linda Riegle directed your office to immediately mail correspondence to the borrowers in fifty loans serviced by Compass (collectively, the "Borrowers") rescinding the May 18, 2007 correspondence sent by your client, Ms. Donna Cangelosi, to such Borrowers which erroneously declared that Compass was not authorized to act on behalf of the lenders for any purpose, and that any payment made by a Borrower to Compass would be at the Borrower's own "peril." Specifically, Judge Riegle ordered your office to notify the Borrowers that Cangelosi's May 18, 2007 correspondence to each Borrower was ineffectual, Compass remains the exclusive entity authorized to act on behalf of the lenders on the loans, and all payments on the loans should continue to be made directly to

Compass. Despite nearly a month passing since Judge Riegle's bench ruling, and the simplicity of the ordered communication, your office has failed to provide any draft communication to Compass, nor does it appear that the ruling has been otherwise communicated to Borrowers.

Furthermore, by letter dated July 10, 2007 (the "July 10 Letter"), you were notified that Compass has learned that certain of your clients believe they are authorized to contact Borrowers directly in an effort to negotiate payment of their loans. Notwithstanding Judge Riegle's bench ruling and the July 10 Letter, you have failed to take any action to prevent these acts from occurring. Compass demands that your clients cease and desist from engaging in any such activity, which is damaging to Compass and contrary to Judge Riegle's bench ruling. Compass further demands that you provide our office with a draft communication to Borrowers, as outlined above in accordance with Judge Riegle's bench ruling, by no later than Monday, July 23, 2007 at 5:00 p.m. (Pacific).

If you fail comply with the contents of this letter, Compass reserves its right to take appropriate action in the Bankruptcy Court.

Sincerely,

Tyson Lomazow / PT

Tyson M. Lomazow

LA1:#635654ov1

2