# EXHIBIT "C"

1  ALAN R. SMITH, ESQ.
   Nevada Bar No. 1449
2  KEVIN A. DARBY, ESQ.
   Nevada Bar No. 7670
3  Law Offices of Alan R. Smith
   505 Ridge Street
4  Reno, Nevada 89501
   Telephone (775) 786-4579
5  Facsimile (775) 786-3066
   E-mail: mail@asmithlaw.com
6
   Attorneys for Plaintiff Lenders and
7  Interested Parties the Lenders
   Protection Group and Donna Cangelosi
8

9                    UNITED STATES DISTRICT COURT

10                        DISTRICT OF NEVADA

11                          —ooOoo—

12  In re:                              Case No. 2:07-cv-00892-RCJ-GWF

13  USA COMMERCIAL MORTGAGE             Bankr. Case No. 06-10725-LBR
14  COMPANY,                            Adv. Proc. No.: 07-01076-LBR

15       Debtor.

16                                      CONSENT TO WITHDRAWAL OF
                                        THE REFERENCE PURSUANT TO
17                                      28 U.S.C. § 157(d) AND REQUEST
                                        TO SET EXPEDITED HEARING
18                                      TO DETERMINE WHETHER THE
                                        BANKRUPTCY COURT'S
19                                      TEMPORARY STANDSTILL ORDER
                                        IN FAVOR OF COMPASS SHOULD
20                                      BE CONVERTED TO A
                                        PRELIMINARY INJUNCTION AND
21                                      TO SET EXPEDITED BRIEFING
                                        SCHEDULE
22  _____ /

23

24       The Direct Lender Plaintiffs in Case No. 3:07-cv-00241 and Bankruptcy Adversary

25  Proceeding No. 07-01076-LBR, all Nevada limited liability companies (collectively the

26  "Plaintiffs"), together with interested parties the Lenders Protection Group (the "LPG")

27  and Donna Cangelosi ("Cangelosi") in Case No. 2:07-cv-00892 and 2:07-cv-00894

28  (Plaintiffs, the LPG and Cangelosi shall collectively be referred to herein as the "Direct

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579        H:\LPG\w Compass Partners\CNSNT WD REF.wpd

1  Lenders"), through their counsel, The Law Offices of Alan R. Smith, hereby: (1) submit

2  this consent to withdrawal of the reference pursuant to 28 U.S.C. §157(d) for cause, such

3  that all disputes between Direct Lenders and Compass USA SPE, LLC, Compass

4  Partners, LLC, Compass Financial Partners, LLC and all related Compass entities

5  (collectively "Compass") be heard and adjudicated in this Court; and (2) request that this

6  Court set an expedited hearing to determine whether the Bankruptcy Court's temporary

7  standstill order, which retroactively stays the Direct Lenders termination of Compass as

8  their agent under certain Loan Servicing Agreements, should be continued as a

9  preliminary injunction and to set an expedited briefing schedule on this issue, as detailed

10  below.

11

12  **A.**
   **CONSENT TO WITHDRAWAL OF REFERENCE**

13  Direct Lenders consent to the withdrawal of reference, as recommended by the

14  Bankruptcy Court, and submit to this Court that cause exists to withdraw the reference

15  pursuant to 28 U.S.C. §157(d).  In this regard, attached hereto as Exhibit A, is a Motion

16  For Withdrawal Of The Reference Pursuant To 28 U.S.C. §157(d), filed by the Plaintiffs

17  in case number Case No. 3:07-cv-00241, which the Direct Lenders hereby incorporate

18  herein as if fully set forth.

19  **B.**
   **REQUEST FOR EXPEDITED HEARING ON WHETHER TEMPORARY**
20  **STANDSTILL ORDER STAYING THE DIRECT LENDERS' TERMINATION**
   **OF COMPASS' AS THEIR AGENT SHOULD BE CONVERTED TO A**
21  **PRELIMINARY INJUNCTION IN FAVOR OF COMPASS**

22  Direct Lenders ask this Court to, upon withdrawing the reference, set an immediate

23  hearing and set an expedited briefing schedule to determine whether a certain temporary

24  standstill order entered by the Bankruptcy Court on May 31, 2007, and extended on June

25  20, 2007, should be terminated or extended into a preliminary injunction under FRCP 65.

26  Specifically, on approximately May 15, 2007, Direct Lenders (as principals) served

27  Compass (as their agent) with notices of the termination of their agency relationship/ loan

28  servicing relationship.  On May 31, 2007, the Bankruptcy Court retroactively stayed the

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\LPG\w Compass Partners\CNSNT WD REF.wpd          - 2 -

1  termination of Compass, pending further court order. *See Order Re: Emergency Motion*

2  *Of Compass Financial Partners LLC For Order Pursuant To 11 U.S.C. §§ 105 And 1141*

3  *Enforcing Confirmation Order And For Civil Contempt Sanctions*, a copy of which is

4  attached to as Exhibit B. The purpose of this standstill order was to <u>temporarily</u> preserve

5  the so-called "status quo" by retroactively staying termination of Compass. This stay was

6  only intended to last until it was determined which court had jurisdiction to resolve the

7  disputes between Direct Lenders and Compass, at which time Compass could bring a

8  motion for a preliminary injunction to enjoin its termination by Direct Lenders.  T

9      he Bankruptcy Court's "temporary standstill" order was expressly intended to be

10  temporary.  The Bankruptcy Court never considered or determined whether Compass

11  satisfied the requirements of FRCP 65 to obtain a formal temporary restraining order.

12  Nonetheless, the "temporary" order has now been in place for seven (7) weeks and

13  counting, without Compass ever being required to bear its burden of proof to establish its

14  entitlement to injunctive relief under FRCP 65, or otherwise.  If Compass wants the

15  benefit of a preliminary junction pending a determination of their disputes with Direct

16  Lenders, Compass must bear and sustain its burdens as a party seeking preliminary

17  injunctive relief.

18      It is vital that this Court address the propriety of a continuing preliminary

19  injunction as soon possible. From the perspective of the Direct Lenders, they have been

20  forced to continue to use an agent/loan servicer that they have terminated.  As will be

21  fully developed by Direct Lenders in briefing on this issue, there is no relevant law by

22  which a principal can be enjoined from terminating an agent. *See* <u>Restatement (Second)</u>

23  <u>of Agency</u>, § 118 & cmt. b (1984) ("The principal has power to revoke ... although doing

24  so is in violation of a contract between the parties and although the authority is expressed

25  to be irrevocable. A statement in a contract that the authority cannot be terminated by

26  either party is effective only to create liability for its wrongful termination."); *See also*

27  <u>General Bldg. Contractors Ass'n</u> v. Pennsylvania, 458 U.S. 375; 102 S. Ct. 3141 (1982).

28  The law simply will not compel two persons to continue an agency relationship against

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\LPG\v Compass Partners\CNSNT WD REF.wpd

- 3 -

1    the wishes of one of the parties, even if their contract provides otherwise. *See*

2    Restatement (Second) of Agency, § 119, cmt. a. An agent's only remedy for an improper

3    termination of an agency relationship is a claim for breach of contract, it may not enjoin

4    its termination. *See* Restatement (Second) of Agency, §§ 168 & cmt. a, 386 & cmt. b.

5    Thus, there is no basis in the law to restrain the Direct Lenders' May 15, 2007,

6    termination of Compass as their agent.

7         Indeed, the Court's temporary standstill order does far more than preserve the

8    status quo, as it purports to do.  The order is tantamount to a form of mandatory

9    injunction or the remedy of specific performance.  Direct Lenders, as principals, are

10   being forced to use an agent they do not want.

11        Even more problematic is the potential liability to Direct Lenders during this

12   "temporary standstill" period.  Direct Lenders are being bound by a plethora of

13   management decisions by an terminated agent, Compass. Direct Lenders have significant

14   concerns about being held liable for the actions of Compass, an agent they have

15   terminated.  At the very least, if Compass seeks a preliminary injunction, it will have the

16   burden of proof to demonstrate that it is likely to succeed on the merits, that it will suffer

17   irreparable injury, that its harm outweighs harm to Direct Lenders and, if it satisfies all

18   other requirements, to post a bond in sufficient amount to cover all the potential harm to

19   the Direct Lenders.  *See* Raich v. Ashcroft, 352 F.3d 1222, 1227 (9th Cir. 2003).  To

20   date, Compass has enjoyed what is in essence a "temporary restraining order" without

21   satisfying any of the requirements established under the Federal Rules.

22        Direct Lenders ask the Court to set a prompt hearing and also establish an

23   expedited briefing schedule on the preliminary injunction issue, with Compass being

24   required to first having the opportunity to file points and authorities to support a

25   preliminary injunction in its favor, followed by an opposition of Direct Lenders, and reply

26   of Compass.

27   ///

28   ///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\LPG\v Compass Partners\CNSNT WD REF.wpd                    - 4 -

1       Should Compass not pursue a temporary restraining order in this Court, Direct

2    Lenders ask that this Court enter an order expressly providing that the "temporary

3    standstill" order entered by the Bankruptcy Court is terminated.

4       DATED this 19th day of July, 2007.

5                     LAW OFFICES OF ALAN R. SMITH

6                By:_____*/s/ Kevin A. Darby, Esq.*_____

7                     ALAN R. SMITH, ESQ.
                         KEVIN A. DARBY, ESQ.
                         Attorney for Direct Lenders

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

H:\LPG\v Compass Partners\CNSNT WD REF.wpd         - 5 -

# Exhibit "A"

1  ALAN R. SMITH, ESQ.
   Nevada Bar No. 1449
2  KEVIN A. DARBY, ESQ.
   Nevada Bar No. 7670
3  Law Offices of Alan R. Smith
   505 Ridge Street
4  Reno, Nevada 89501
   Telephone (775) 786-4579
5  Facsimile (775) 786-3066
   E-mail: mail@asmithlaw.com
6
   Attorneys for Plaintiffs and
7  Interested Parties the Lenders
   Protection Group and Donna Cangelosi
8

9                    UNITED STATES DISTRICT COURT

10                       DISTRICT OF NEVADA

11                          —ooOoo—

12
   3685 SAN FERNANDO LENDERS,
13 LLC, a Nevada limited liability company,
   5055 COLLWOOD LENDERS, LLC, a
14 Nevada limited liability company, 6425
   GESS LENDERS, LLC, a Nevada          Case No. 3:07-cv-00241-ECR-VPC
15 limited liability company, 60th STREET
   VENTURES LENDERS, LLC, a Nevada
16 limited liability company, AMESBURY
   HATTERS PT LENDERS, LLC, a          MOTION FOR WITHDRAWAL OF
17 Nevada limited liability company,     THE REFERENCE PURSUANT TO
   ANCHOR B LENDERS, LLC, a Nevada      28 U.S.C. § 157(d)
18 limited liability company, BAR-USA
   LENDERS, LLC, a Nevada limited
19 liability company, BAY POMPANO
   LENDERS, LLC, a Nevada limited
20 liability company, BINFORD
   LENDERS, LLC, a Nevada limited
21 liability company, BROOKMERE
   LENDERS, LLC, a Nevada limited
22 liability company, BUNDY CANYON
   2.5 LENDERS, LLC, a Nevada limited
23 liability company, BUNDY CANYON
   5.0 LENDERS, LLC, a Nevada limited
24 liability company, BUNDY CANYON
   5.725 LENDERS, LLC, a Nevada
25 limited liability company, BUNDY
   CANYON 7.5 LENDERS, LLC, a
26 Nevada limited liability company,
   CABERNET LENDERS, LLC, a Nevada
27 limited liability company, CASTAIC II
   LENDERS, LLC, a Nevada limited
28 liability company, CASTAIC III

H:\LPG\w Compass Partners\MOT wd ref.wpd

EXHIBIT " A "

1   LENDERS, LLC, a Nevada limited
    liability company, CHARLEVOIX
2   LENDERS, LLC, a Nevada limited
    liability company, CLEAR CREEK
3   PLANTATION LENDERS, LLC, a
    Nevada limited liability company, COM
4   VEST LENDERS, LLC, a Nevada
    limited liability company, COPPER
5   SAGE II LENDERS, LLC, a Nevada
    limited liability company, CORNMAN
6   TOLTEC LENDERS, LLC, a Nevada
    limited liability company, DEVALLE
7   LIVINGSTON LENDERS, LLC, a
    Nevada limited liability company,
8   EAGLE MEADOWS LENDERS, LLC,
    a Nevada limited liability company,
9   FIESTA MURIETTA LENDERS, LLC,
    a Nevada limited liability company,
10  FIESTA USA STONERIDGE
    LENDERS, LLC, a Nevada limited
11  liability company, FOXHILLS 216
    LENDERS, LLC, a Nevada limited
12  liability company, GRAMERCY COURT
    LENDERS, LLC, a Nevada limited
13  liability company, HARBOR
    GEORGETOWN LENDERS, LLC, a
14  Nevada limited liability company,
    HESPERIA LENDERS, LLC, a Nevada
15  limited liability company, HFA
    CLEARLAKE I LENDERS, LLC, a
16  Nevada limited liability company, HFA
    CLEARLAKE II LENDERS, LLC, a
17  Nevada limited liability company,
    HUNTSVILLE LENDERS, LLC, a
18  Nevada limited liability company. LA
    HACIDENDA LENDERS, LLC, a
19  Nevada limited liability company, LAKE
    HELEN PARTNERS LENDERS, LLC,
20  a Nevada limited liability company,
    LERIN HILLS LENDERS, LLC, a
21  Nevada limited liability company,
    MARGARITA ANNEX LENDERS,
22  LLC, a Nevada limited liability company,
    MARLTON SQUARE I LENDERS,
23  LLC, a Nevada limited liability company,
    MARLTON SQUARE II LENDERS,
24  LLC, a Nevada limited liability company,
    MOUNTAIN HOUSE-PEGS LENDERS,
25  LLC, a Nevada limited liability company,
    OAK SHORES II, LENDERS, LLC,
26  Nevada limited liability company,
    OCEAN ATLANTIC
27  2.75 LENDERS, LLC, a Nevada limited
    liability company, OCEAN ATLANTIC
28  9.425 LENDERS, LLC, a Nevada

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\LPG\w Compass Partners\MOT wd ref.wpd

- 2 -

1   limited liability company, PALM
    HARBOR I LENDERS, LLC, a Nevada
2   limited liability company, SHAMROCK
    TOWER LENDERS, LLC, a Nevada
3   limited liability company, SO CAL
    LAND LENDERS, LLC, a Nevada
4   limited liability company, SVRB 2.325
    LENDERS, LLC, a Nevada limited
5   liability company, SVRB 4.5
    LENDERS, LLC, a Nevada limited
6   liability company, TAPIA RANCH
    LENDERS, LLC, a Nevada limited
7   liability company, TEN-NINETY 4.15
    LENDERS, LLC, a Nevada limited
8   liability company, THE GARDENS
    2.425 LENDERS, LLC, a Nevada
9   limited liability company, THE
    GARDENS LLC TSHR LENDERS,
10  LLC, a Nevada limited liability company,

11                        Plaintiffs,

12  v.

13  COMPASS USA SPE, LLC, a Delaware
    limited liability company, COMPASS
14  PARTNERS, LLC, a Delaware limited
    liability company, DAVID BLATT, an
15  individual, and BORIS PISKUN, an
    individual, SILAR ADVISORS, LP, a
16  Delaware limited partnership, SILAR
    SPECIAL OPPORTUNITIES FUND,
17  LP, a Delaware limited partnership,

18                        Defendants.

19  ─────────────────────────────

20          The above captioned Plaintiffs, all Nevada limited liability companies (collectively

21  the "Plaintiffs"), together with interested parties the Lenders Protection Group (the

22  "LPG") and Donna Cangelosi ("Cangelosi") (Plaintiffs, the LPG and Cangelosi shall

23  collectively be referred to herein as "Movants"), through their counsel, The Law Offices

24  of Alan R. Smith, hereby move this Court for an order withdrawing the reference pursuant

25  to 28 U.S.C. §157(d) such that all disputes between Movants and Defendants Compass

26  Compass USA SPE, LLC, Compass Partners, LLC, and related Compass entities

27  (collectively "Compass") be heard and adjudicated in this Court. This Motion is made for

28  cause under 28 U.S.C. §157(d) and is supported by the Recommendation For Withdrawal

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\LPG\v Compass Partners\MOT wd ref.wpd                    - 3 -

1    Of The Referenced signed by the United States Bankruptcy Court, District of Nevada,

2    attached hereto as Exhibit A, and the following points and authorities.

### MEMORANDUM OF POINTS AN AUTHORITIES

### I.
### INTRODUCTION

6    This Motion seeks an order of this Court withdrawing the reference of various

7    disputes between Movants and Compass from the bankruptcy case of USA Commercial

8    Mortgage Company ("USACM").[1] These disputes were originally brought before this

9    Court through Movant's *Complaint For Declaratory Relief And Damages,* filed herein on

10    May 21, 2007. However, Compass then attempted to bring the same disputes before the

11    Bankruptcy Court through: (1) a separate motion filed by Compass in the Bankruptcy

12    Court; and (2) a "Notice of Removal" of Movant's Complaint from this Court to the

13    Bankruptcy Court.  Upon hearing Compass' Motion, the Bankruptcy Court held that

14    withdrawal of the reference in this case is proper and has entered a formal written

15    Recommendation For Withdrawal Of Reference Pursuant to 28 U.S.C. §157(d), which

16    attached hereto as Exhibit A.

17    Cause exists for this Court to accept the Bankruptcy Court's recommendation to

18    withdraw the reference as it applies to any disputes between Movants and Compass

19    because:

20        1.    These disputes are between two non-bankruptcy debtors based on matters

21            occurring after the bankruptcy debtor's (USACM) Chapter 11 bankruptcy

22            plan was confirmed and effectuated;

23        2.    The only relevant Bankruptcy Debtor, USACM, is not a party to these

24            disputes;

25        3.    The resolution of these disputes will have no impact on USACM or its

26            bankruptcy estate;

27

28    [1]USACM is not a party to the disputes between Movants and Compass.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\LPG\w Compass Partners\MOT wd ref.wpd

- 4 -

4.   The disputes between Movants and Compass are predominated by non-core disputes between non-debtors and are predominated by issues of non-bankruptcy law;

5.   Withdrawal of the reference will promote judicial economy because any bankruptcy court determination on the predominate non-core is subject to *de novo* review by this Court;

6.   Withdrawal of the reference will avoid unnecessary costs by adjudicating these disputes in a single proceeding in this Court;

7.   The Bankruptcy Court has no continuing involvement or interest in the post-plan confirmation relationships between these non-debtor parties;

8.   Resolution of these disputes will have no impact on the amount of funds available for distribution to USACM's creditors.

As noted above, Compass has improperly attempted to "remove" the Complaint filed by Movant's in this Court to the Bankruptcy Court under 28 U.S.C. §1452. However, Compass' attempted removal should be stricken by this Court because §1452 does not provide a mechanism to remove a district court action down to bankruptcy court.

## II.
## FACTUAL BACKGROUND

1.   USA Commercial Mortgage Company, defined above as USACM, which sometimes did business under the name "USA Capital", was formed as a Nevada corporation in 1989, and was in the business of underwriting, originating, brokering, funding and servicing short term (typically one year or less) commercial loans primarily secured by residential and commercial developments, on behalf of private investors/direct lenders. *See USACM's Chapter 11 Bankruptcy Plan Disclosure Statement,* attached as as Exhibit A to the Declaration of Donna Cangeosi, filed contemporaneously herewith (the "Cangelosi Declaration").

2.   Movants are all direct lenders/investors in certain investments made through USACM. These investments were in the nature of direct loans to third-party borrowers

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\LPG\w Compass Partners\MOT wd ref.wpd                    - 5 -

1  secured by real property and sometimes improvements, which loans were brokered by

2  USACM. *See* Cangelosi Declaration, *Exhibit A.*

3      3.    On April 13, 2006, USACM filed a Chapter 11 Petition for bankruptcy in

4  the Bankruptcy Court for the District of Nevada, Las Vegas, together with four other

5  entities related to USACM (hereinafter collectively referred to as "USA Bankruptcy

6  Cases"). *See* Cangelosi Declaration, *Exhibit A.*

7      4.    At the time USACM filed its bankruptcy petition, approximately 3,600

8  investors were "lenders" in one or more loan originated and serviced by USACM. These

9  3,600 investors are commonly referred to as "direct lenders." *See* Cangelosi Declaration,

10  *Exhibit A.*

11      5.    The loans brokered by USACM on behalf of Plaintiffs are each evidenced

12  by a Promissory Note Secured By A Deed Of Trust (respectively the "Note"), which were

13  executed by third-party borrowers in favor of the Plaintiff (or their predecessor in interest)

14  and other direct lenders in each loan. All loan documents, including the Notes, expressly

15  provide that they are governed by Nevada law. *See* Cangelosi Declaration, *Exhibit A.*

16      6.    At the time USACM brokered direct loans, each lender/investor and USACM

17  entered into various Loan Servicing Agreements pursuant to which USACM would service

18  the loans it brokered on behalf of Plaintiffs ("Loan Servicing Agreements"). Each

19  Plaintiff entered into a single Loan Servicing Agreement, which covered every investment

20  made by each Plaintiff with USACM. All Loan Servicing Agreements are in the same

21  form. All Loan Servicing Agreements expressly provide that they are governed by Nevada

22  law. A copy of a Loan Servicing Agreement is attached to the Cangelosi Declaration as

23  Exhibit B.

24      7.    At the time USACM filed its bankruptcy petition, the loan portfolio it was

25  servicing pursuant to the Loan Servicing Agreements consisted of approximately 115 loans

26  having a combined outstanding principal balance of approximately $960 million. Most of

27  the original direct lenders invested in more than one of the serviced loans, with the being

28  approximately 3 to 4 loans for each direct lender. *See* Cangelosi Declaration, *Exhibit A.*

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\LPG\v Compass Partners\MOT wd ref.wpd                                    - 6 -

1    8.    On September 22, 2006, USACM filed a *Motion For Order Scheduling An*

2    *Auction For The Sale Of Certain Assets, Appointing SPCP Group , LLC, As Lead Bidder,*

3    *and Approving Bid Procedures And Protections* in the Bankruptcy Case, in which it sought

4    to establish the parameters for the sale of certain assets in the USA Bankruptcy Cases,

5    primarily consisting of valuable assets of a related Chapter 11 Debtor.

6    9.    On November 8, 2006, the Bankruptcy Court entered and *Order: (A)*

7    *Scheduling An Auction For The Sale Of Certain Assets; (B) Appointing SPCP Group, LLC,*

8    *As Lead Bidder; And (C) Approving Bid Procedures And Protections, Approving Bidding*

9    *Procedures.* The stalking horse bidder agreed to take on the obligations of USACM under

10   the Loan Servicing Agreements as part of the sale, but did not attribute any of its initial

11   bid price to the Agreements.

12   10.    The Bankruptcy Court conducted an auction of various assets of the USA

13   Bankruptcy Cases on December 7, 2006.

14   11.    Compass was the successful bidder at auction for substantially all of the

15   assets of USACM and related debtors in exchange for at $67 Million. The Compass bid

16   was broken down by an initial bid of $48 million for the FTDF assets and $8 million for

17   the loan servicing rights and fees under the Loan Servicing Agreements ("Purchased

18   Assets"). The remaining amounts were to be allocated by an over-bid agreement between

19   FTFD and USCM, which was filed under seal, and a break-up fee of $1.5 million to the

20   stalking horse bidder.    The sale was expressly conditioned upon confirmation of the

21   USACM's Chapter 11 Plan of Reorganization.

22   12.    On January 8, 2007, this Court entered an Order confirming the Debtors'

23   Joint Chapter 11 Plan (the "Confirmation Order"). A copy of the Confirmation Order is

24   attached to the Cangelosi Declaration as Exhibit C.

25   13.    On February 16, 2007 (the "Closing Date"), the transfer of the Debtors'

26   assets, including the Loan Servicing Agreements closed and the transfer to Compass was

27   completed.

28   14.    The Loan Servicing Agreements were purportedly transferred to Compass

Law Offices of
ALAN R. SMITH
595 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\LPG\w Compass Partners\MOT wd ref.wpd

- 7 -

1    without any other modification whatsoever. *See* Cangelosi Declaration, *Exhibit C*.

2    15.    On May 9, 2007, the State of Nevada, Division of Mortgage Lending,

3    entered a formal *Order Imposing Fine And Order To Cease And Desist And Notice of Right*

4    *To Request Hearing,* pursuant to which Compass was ordered to cease and desist all

5    mortgage lending/agent activities in Nevada, a copy of which is attached to the Declaration

6    of Donna Cangelosi as Exhibit D. According to that Order, an investigation by the State

7    of Nevada revealed that Compass had "engaged in a minimum (of) seven (7) distinct

8    instances of escrow agency activity in the State of Nevada without a license to do so,

9    thereby violating NRS 645A.020 and NRS 645A.210." *Id.*

10    16.    As detailed in the Complaint filed herein, Movants contend that Compass has

11    committed numerous violations of Nevada law since taking over as servicer under the Loan

12    Servicing Agreements, including, but not limited to:

13        a.    Compass has refused to disclose any money it is receiving, in violation

14    of Nevada law. *See Declaration of Donna Cangelosi.*

15        b.    Compass is not acting under a valid power of attorney as required by

16    NRS 645B.330 because the power of attorneys granted by direct lenders to USACM

17    expired by operation of law when the underlying loans fully matured. At the time the

18    Loan Servicing Agreements were transferred to Compass, many of the loans in the

19    USACM loan portfolio were in term default, and others have since gone into term default.

20    Compass has not obtained a written extension of the expired powers of attorney. *See*

21    *Declaration of Donna Cangelosi.*

22        c.    In the three months have passed since Compass closed on the asset

23    purchase transaction, Compass has failed to failed to provide monthly reports as required

24    by Nevada law and has only generated a total of seven (7) loan status reports.    *See*

25    *Declaration of Donna Cangelosi.*

26        d.    Compass has negotiated with borrowers for its own benefit, and to the

27    detriment of Direct Lenders, in violation of Nevada law and its fiduciary duties. *See*

28    Declaration of Robert Bender, filed contemporaneously herewith.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\LPG\w Compass Partners\MOT wd ref.wpd

- 8 -

1          e.     Compass has taken the position that it is entitled to be paid default

2  interest and other fees, prior to Direct Lenders being paid principal and interest, which is

3  in direct conflict with the terms of the promissory notes and other loan documents. *See*

4  *Email from Compass,* attached to the *Cangelosi Declaration* as Exhibit E.

5          f.     Compass has applied principal and interest payments made by

6  borrowers to pay itself so-called loan origination fees, which is in direct conflict with the

7  terms of the promissory notes and other loan documents.

8          g.     Compass has engaged in reckless conduct, which has subjected

9  Plaintiffs and other direct lenders to an increased exposure to lender liability lawsuits.

10         h.     Compass has refused to process direct lender/borrower settlement

11  agreements.

12         i.     Compass has initiated legal proceedings in 21 loans, on behalf of

13  direct lenders, without a valid power of attorney, subjecting lenders to legal fees, borrower

14  defenses and lender liability claims.

15      17.    Based on Section 3 of the Loan Servicing Agreements,  independent rights

16  under NAC 645B.073, Nevada agency law, and various acts by Compass, and Compass

17  alone, Direct Lenders constituting over 51% of the beneficial interests in loans serviced

18  by Compass have executed written elections to: (1) terminate any rights that Compass may

19  have to service their various Loan; and (2) to appoint an alternate servicing agent for

20  loans.  Specifically 60% of all outstanding beneficial interests, and 62% of the total

21  number of direct lenders executed written elections to terminate Compass. The percentage

22  of beneficial interests voting to terminate Compass on a loan-by-loan basis exceed 96% on

23  certain loans. *See Cangelosi Declaration.*

24      18.    On May 18, 2007, the direct lenders sent Notices of Termination to Compass

25  and its attorneys, which were delivered on May 21, 2007. *See* Cangelosi Declaration.

26      19.    On May 18, 2007, the direct lenders also sent Notices To Borrowers

27  informing them that Compass had been terminated as loan servicer and directing them to

28  forward future payments to direct lenders new loan servicer, as permitted in the

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\LPG\w Compass Partners\MOT wd ref.wpd

- 9 -

1   promissory notes and loan documents between direct lenders and borrowers.    *See*

2   Cangelosi Declaration.

3       20.    On May 21, 2007, Movants filed a *Complaint For Declaratory Relief and*

4   *Damages* herein, as case No. 07-CV-0224-ECR-VAC. This action seeks declaratory relief

5   regarding certain post-confirmation rights of direct lenders under the Loan Servicing

6   Agreements and damages against Compass and other parties, based on their post-

7   confirmation conduct and actions.

8       21.    On May 25, 2007, Compass attempted to "remove" this action to the

9   Bankruptcy Court by filing a Notice of Removal under 28 U.S.C. § 1452(a).

10      22.    On May 25, 2007, Compass also filed an *Emergency Motion of Compass*

11  *Financial Partners LLC For Order Pursuant To 11 U.S.C. §§ 105 and 1141 Enforcing*

12  *Confirmation Order And For Civil Contempt Sanctions* a Motion in this Court (the

13  "Compass Motion"), which sought to enjoin the direct lenders' termination of Compass

14  and the Loan Servicing Agreements. A copy of the Compass Motion is attached to the

15  Cangelosi Declaration hereto as Exhibit F.

16      23.    On May 31, 2007, the Bankruptcy Court conducted a hearing on the

17  Compass Motion, at which both the Movants and the Court raised threshold concerns

18  regarding whether it had subject matter jurisdiction to hear disputes between Movants and

19  Compass and directed the parties to brief the subject matter jurisdiction issue.

20      24.    On June 20, 2007, the Bankruptcy Court held a hearing to determine whether

21  the disputes between Movants and Compass triggered subject matter jurisdiction. At that

22  hearing, the Court concluded that, while it may have subject matter jurisdiction over a few

23  of the disputes between Movants and Compass, those disputes involve substantial non-core

24  matters over which the Bankruptcy Court only had supplemental jurisdiction.    The

25  Bankruptcy Court held that this dispute would more properly proceed in District Court and

26  stated that it would enter a formal written Recommendation For Withdrawal of Reference,

27  to allow the dispute to proceed in District Court.

28      25.    On July 3, 2007, the Bankruptcy Court entered a written *Recommendation*

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\LPG\w Compass Partners\MOT wd ref.wpd                - 10 -

1    *For Withdrawal Of Reference Pursuant To 28 U.S.C. 157(d)*, a copy of which is attached

2    hereto as Exhibit A.

3                                              **III.**
                                          **ARGUMENT**

4           In pertinent part, 28 U.S.C. § 157(d) provides that "the district court may

5    withdraw, in whole or in part, any case or proceeding referred under this section, on its

6    own motion or on timely motion of any party, for cause shown."  As explained by the

7    Ninth Circuit, "in determining whether cause exists, a district court should consider the

8    efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy

9    administration, the prevention of forum shopping, and other related factors."  In re

10   Security Farms, 124 F.3d 999, 1008 (9th Cir. 1997).  In the present case, all relevant

11   factors weigh significantly in favor of withdrawing the reference.

12   A.    **Withdrawing The Reference Provides The Most Efficient Use Of Judicial**
          **Resources To Adjudicate The Disputes Between Movants And Compass.**

13

14          As noted by the Second Circuit, district courts considering whether to withdraw the

15   reference should first evaluate whether the claim is core or non-core,[2] since it is upon this

16   issue that questions of efficiency and uniformity will turn.  In re Orion Pictures Corp., 4

17   F.3d 1095, 1101 (2d Cir. 1993).  The Second Circuit explained that the fact that a

18   bankruptcy court's determination on non-core matters is subject to *de novo* review by the

19   district court could lead the latter to conclude that in a given case unnecessary costs could

20   be avoided by a single proceeding in the district court.  Id.

21          The Ninth Circuit applied the same reasoning in Security Farms, cited above,

22   where the Circuit found case efficiency was enhanced by withdrawing the reference

23   because non-core issues predominated the dispute.  Security Farms, at 1008.  There, the

24   plaintiffs' claims were non-core claims arising under state law and did not depend on Title

25

26          [2]28 U.S.C. § 157 classifies proceedings as either: (1) core proceedings, which the bankruptcy

27   court may hear and adjudicate; or (2) non-core proceedings, which the bankruptcy court may hear but may
     only submit findings of law to the district court, which reviews the determinations

28   de novo.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\LPG\v Compass Partners\MOT wd ref.wpd                          - 11 -

1   11. Id. at 1008. The Ninth Circuit held that, inasmuch as a bankruptcy court's
2   determinations on non-core matters are subject to *de novo* review by the district court,
3   unnecessary costs could be avoided by a single proceeding in the district court. Id. Citing
4   In re Mann, 907 F.2d 923, 926 (9th Cir. 1990).

5       Courts within the Ninth Circuit consistently apply these principles. For example,
6   in In re Addison, 240 B.R. 47 (C.D. Cal. 1999), the Court held that because the disputes
7   before it predominated by non-core matters, sufficient cause existed to withdraw the
8   reference. Most notably, the Addison Court concluded that withdrawing the reference for
9   non-core disputes would promote interests of judicial economy. Addison, at 50.

10
11      **1.   Non-Core Matters Predominate The Disputes Between Movants And
            Compass.**

12      Here, the disputes between Movants and Compass are predominated by non-core
13   matters. Non-core proceedings are those that "do not depend on bankruptcy laws for their
14   existence and that could proceed in any another court..." Security Farms, at 1008. As
15   noted above, the instant dispute primarily raise issues of Nevada state law, and are
16   primarily straight forward contract disputes.

17      Specifically, the primary issue on the declaratory relief portion of Movant's
18   Complaint is whether Movants have properly exercised contractual and Nevada State Law
19   rights to terminate Compass and the Loan Servicing Agreements. There is no provision
20   of the Bankruptcy Code that is relevant to this dispute. The only relevant law is Nevada
21   State law governing contracts, and specifically Nevada Law governing Loan Servicing
22   Agreements (NRS Chapter 645B and NAC Chapter 645B) and contracts creating agency
23   relationships.

24      Movant's claims for damages are likewise based on state law, most notably Nevada
25   law establishing claims for breach of contract and breach of fiduciary duty. As can be
26   gleaned from a review of Movant's Complaint, Movants do not seek any relief based on
27   a provision of the Bankruptcy Code. Specifically, Movants' claims are based upon:

28   ///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\LPG\v Compass Partners\MOT wd ref.wpd

- 12 -

a.    Compass Is Unlawfully Holding Itself Out As Direct Lenders' Agent
Without A Valid Power of Attorney.

As asserted in Movant's Complaint as a basis for damages and declaratory relief,
Compass has unlawfully held itself out as Direct Lenders' Agent in violation of Nevada
State law. Section 13 of the Loan Servicing Agreements specifically provides:

> This Agreement shall be construed in accordance with the laws of the State
> of Nevada, without regard to conflict of laws or rules thereof, and the
> obligations, rights and remedies of the parties hereunder shall be determined
> in accordance with such laws.

Under Nevada Law, when a mortgage broker acts as a servicing agent, it is indeed
acting as the agent of the lenders. *See generally, Young v. Nevada Title Company,* 103
Nev. 436, 439, 744 P.2d 902 (1987). "An agent owes to the principal the highest duty of
fidelity, loyalty and honesty in the performance of the duties by the agent on behalf of the
principal." *LeMon v. Landers,* 81 Nev. 329, 402 P.2d 648 (1965). A mortgage broker "is
charged with the duty of fullest disclosure of all material facts concerning the transaction
that might affect the principal's decision." *Holland Realty Investment Co. v. Nevada,* 84
Nev. 91, 97, 436 P.2d 422 (1968); Accord, *Jory v. Bennight,* 91 Nev. 763, 542 P.2d 1400
(1975).

Pursuant to NRS 645B.330, a mortgage broker/agent must act on behalf of direct
lenders pursuant to a valid power of attorney, approved by the State of Nevada. In this
regard, Plaintiff executed a power of attorney in favor of USACM when making
investments/loans. NRS 645B.330 requires that the power of attorney "Expressly provide
that the power of attorney is effective only for the term of the specific loan unless the
mortgage broker obtains written approval from the private investor to extend the term of
the power of attorney..."    and "a power of attorney which designates a mortgage broker
or mortgage agent as the attorney-in-fact or the agent of a private investor and which
violates the provisions of this section is void and must not be given effect with regard to
any act or transaction that occurs on or after October 1, 1999, whether or not the power
of attorney is or has been executed by the private investor before, on or after October 1,
1999." The Loan Servicing Agreements in this case codify NRS 645B.330 and expressly

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\LPG\v Compass Partners\MOT wd ref.wpd

- 13 -

1   provide that the powers of attorney expire on the maturity date of each related loan.

2       Here, numerous loans have matured. Compass has not obtained a written extension

3   of any of Powers of Attorney as required by NRS 645B.330. Thus, as a result of the term

4   maturity of various loans in the USACM portfolio, Compass no longer has a valid power

5   of attorney to act on behalf of direct lenders as required under NRS 645B.330.

6       Despite the fact no valid power of attorney exists that authorizes Compass to act on

7   behalf of Plaintiffs and other direct lenders, Compass continues to hold itself out as a

8   representative/agent of Plaintiffs (and other direct lenders) to borrowers, title companies

9   and others. Such conduct gave direct lenders further cause to terminate Compass as the

10   loan servicer.

11         b.    <u>Compass Has Adopted A Position Unprecedented In The Industry
12               That It Is Entitled To Receive Default Interest And Late Fees Before
                 Direct Lenders Receive Principal and Interest.</u>

13       As asserted in Movants' Complaint, since taking over under the Loan Servicing

14   Agreements, Compass adopted a strategy to extract value from the collateral pledged by

15   third-party borrowers to direct lenders, by attempting to deduct unpaid default interest, late

16   fees, extension fees, and other undisclosed fees, from the collateral proceeds <u>before</u>

17   remitting amounts due to Plaintiffs and other direct lenders, which is in direct conflict with

18   the loan documentation (Notes, deeds of trust and loan agreements), the Loan Servicing

19   Agreements, the intent of the parties to the loans and various related agreements, the

20   historical practices of USACM and long established lending industry standards and

21   practices.

22       As set forth in the April 24, 2007, email from Compass to LPG members, attached

23   to the *Declaration of Donna Cangelosi* as Exhibit F, Compass maintains the Debtors' Plan

24   gave them the first priority to receive default interest from borrowers payments, and

25   despite the fact the loan documents give the direct lenders the right to dictate the priority

26   of payment applications, despite the fact that the Court repeatedly said the Loan Servicing

27   Agreements were not modified. Specifically, in that email Compass states:

28       Principal gets repaid last, hence our point about a  shortfall. I assumed

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\LPG\w Compass Partners\MOT wd ref.wpd

- 14 -

1        Direct Lenders were familiar with the Reorganization Plan they approved
that provides for that, but you make a point I will be happy to consider for

2  future Loan Status Reports. - Mark Olson

3  Compass' strategy and approach for servicing the Loans has created a conflict of interest

4  between Compass and direct lenders, to whom Compass owes fiduciary duties. This gave

5  direct lenders further cause to terminate Compass based on its own post-confirmation

6  conduct.

7            c.      <u>Compass Has Failed To Make Disclosures To Direct Lenders That
Are Required Under Nevada Law.</u>

8        Pursuant to NRS 645B.185, a mortgage broker/agent is required to provide each

9  investor a Mortgage Investment Disclosure Form, approved by the Nevada Mortgage

10  Lending Division. As detailed in the Mortgage Investment Disclosure Form, a mortgage

11  broker/agent operating in Nevada is required to inform investors that:

12            1.      "Before you invest in a promissory note by an interest in real

13  property, you should know... the knowledge, experience and integrity
of the mortgage broker with whom you are dealing."

14            2.      "You are entitled to receive information regarding the mortgage

15  broker you are dealing with" more specifically the most recent
financial statements.

16            3.      "You have a right to ascertain from the Division of Mortgage

17  Lending the results of any investigation against the mortgage broker"

18            4.      "In many cases, including those cases where the investments consist
of "fractionalized" interests, the loan requires servicing by an

19  authorized agent... The mortgage broker with whom you are dealing
is authorized by Nevada law to act as the servicing agent."

20            5.      "A Mortgage Broker performing loan servicing has an obligation to

21  account to the borrower and every investor for money collected and
disbursed in the exercise of that function".

22            6.      When the borrower on a mortgage loan fails to make required

23  payments, the actions and investor can take, or that a servicing agent
can take on behalf of an investor, are determined by provisions of

24  Nevada Law and the documents and instruments evidencing the
mortgage loan.

25  Compass has failed and refused to provide direct lenders the information required in the

26  Mortgage Investment Disclosure Form, which established further cause for direct lenders

27  to terminate Compass. *See Declaration of Donna Cangelosi.*

28

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\LPG\v Compass Partners\MOT wd ref.wpd

- 15 -

1          d.    <u>Compass Has Been Ordered By The Nevada Division of Mortgage Lending To Cease And Desist Escrow Activities In Nevada.</u>

2         The fact the Nevada Division of Mortgage Lending has formally ordered Compass

3    to cease and desist certain activities it is required to perform under the Loan Servicing

4    Agreement also establishes cause for direct lenders to terminate the Agreements for

5    reasons entirely unrelated to the pre-petition conduct of USACM.  According to the State

6    of Nevada, an investigation revealed that Compass had "engaged in a minimum (of) seven

7    (7) distinct instances of escrow agency activity in the State of Nevada without a license to

8    do so, thereby violating NRS 645A.020 and NRS 645A.210." *See Exhibit C to Cangelosi*

9    *Declaration,* p. 8.

10         Compass has since moved to New York in an attempt to escape regulation by the

11    State of Nevada.  However, Compass still violates the Cease and Desist Order by servicing

12    loans for Nevada residents, who make up a large contingency of the Direct Lenders.

13    Moreover, because Section 13 of the Loan Servicing Agreements expressly provides that

14    Compass' duties and obligations are governed by Nevada Law, Compass cannot avoid

15    complying with Nevada Law by relocating to New York.

16

17        2.    <u>Withdrawing The Reference Will Promote Judicial Economy And Will Minimize Delay And Costs To The Parties.</u>

18         As in the <u>Security Farms</u> case, withdrawal of the reference here will promote the

19    interests of judicial economy.  If the reference is not withdrawn, both the Bankruptcy

20    Court and this Court will ultimately hear the bulk of this dispute.  As noted above and by

21    the Bankruptcy Court, non-core matters predominate these disputes.  As to all non-core

22    matters, this Court must review all of the Bankruptcy Court's findings of fact and

23    conclusions of law de novo.  <u>Security Farms</u>, at 1008.  Thus, absent withdrawal of the

24    reference, the predominate non-core matters will necessary be decided in both the

25    Bankruptcy Court and this Court.  As held by the Ninth Circuit in <u>Security Farms</u>, this

26    process is not an efficient use of judicial resources and does not promote judicial economy

27    policies.  <u>Id.</u>  To the contrary, under circumstances such as this, judicial economy and

28

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\LPG\w Compass Partners\MOT wd ref.wpd

- 16 -

1    efficiency are promoted by withdrawing the reference.  Id.

2         It is also significant that this is a dispute between two non-debtors. Debtor USACM

3    is not a party to this dispute.  Thus, it makes little sense for the Bankruptcy Court to

4    adjudicate the primarily state law dispute between two non-debtor parties.

5         Finally, withdrawal of the reference will reduce delay and costs to the parties, as

6    they will not be subject to an automatic additional level of de novo review. It will be far

7    more expeditious and cost effective to have the merits adjudicated in only one court; this

8    District Court.

9    **B.    Withdrawal Of The Reference Does Not Encourage Or Reward Forum**
10        **Shopping.**

11        As Movants filed their action herein prior to Compass seeking to bring the dispute

12   before the Bankruptcy Court, it seems Compass is the only party attempting to forum shop.

13   Nevertheless, the Security Farms court soundly rejected any claim that withdrawal of the

14   reference under the current circumstances encourages forum shopping.  Security Farms,

15   at 1008.  Without regard to withdrawal, the bankruptcy court's order remanding plaintiff's

16   non-core, state law claims inevitably was subject to the approval of the district court. See

17   28 U.S.C. § 157(c)(1).  Based on these conclusions, the Ninth Circuit held withdrawal of

18   the reference does not implicate forum shopping.  To the contrary, it brings the dispute

19   before the Court that ultimately has the only authority to finally adjudicate the disputes.

20   **C.    The Disputes Between Movants And Compass Have No Close Nexus To Debtor**
21        **USACM, Its Bankruptcy Case Or Its Chapter 11 Plan.**

22        The disputes at bar ultimately  boil down to whether Movants  properly terminated

23   Compass based on: (1) post-confirmation and post-closing contractual and state law rights;

24   and (2) post-confirmation and post-closing acts of Compass, and Compass alone.  This

25   dispute arises from the ongoing post-confirmation contractual relationship between direct

26   lenders and Compass.  The only relevant bankruptcy debtor, USACM, is not a party to

27   this dispute.

28        It is impossible that the dispute between Movants and Compass would in anyway

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\LPG\v Compass Partners\MOT wd ref.wpd                    - 17 -

1  alter the USACM's rights, liabilities, options, or freedom of action. Indeed, USACM has

2  not reorganized and is no longer in business. Thus, the dispute between direct lenders and

3  Compass cannot interfere with Debtors' "reorganized business."

4      The parties are seeking a determination of the post-transfer rights of non-debtors

5  (Compass and Movants), which do not involve the debtor or estate assets. This issue was

6  addressed by the Ninth Circuit in In re Federal Shopping Way, Inc., 717 F.2d 1264 (9th

7  Cir. 1983). There, several pre-petition investors entered into contracts with the debtor to

8  acquire fractional interests in real estate known as the NW 20 Property. The investors

9  made substantial payments to the debtor pursuant to the contracts, but the debtor never

10  delivered deeds to them. After filing its bankruptcy petition, the debtor's estate sold the

11  NW 20 Property to a third party "free and clear of all liens and encumbrances."

12  Thereafter, the factional interest investors, as an unincorporated association, filed a

13  complaint in state court seeking to quiet title to the NW 20 Property in their favor.

14      Identical to the actions of Compass, the purchaser in Federal ultimately went to the

15  bankruptcy court seeking a permanent injunction against the investors' quiet title action.

16  Federal, at 1268. The purchasers alleged that the injunction was necessary to protect and

17  effectuate the bankruptcy court's prior orders. Id. at 1269. The Ninth Circuit found this

18  argument failed because the purchaser never sought or acquired a quiet title order from the

19  bankruptcy court. Id. at 1270. In this regard, the Court explained its order confirming

20  the sale "did not purport to convey more than the trustee had." Id.

21      The Ninth Circuit went on to explain that where property has been transferred out

22  of the bankruptcy estate, and the debtor claims no interest in the property whatsoever, the

23  bankruptcy court is equally devoid of jurisdiction to adjudicate conflicting claims to the

24  property. Federal, at 1272. In such situations, the third party claimant has the right to

25  have the merits of his claim passed on in a plenary suit in a court that independently has

26  jurisdiction over the subject matter. Id., Citing Cline v. Kaplan, 309 U.S. 478, 481

27  (1940).

28

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\LPG\w Compass Partners\MOT wd ref.wpd

- 18 -

**D.    Compass' "Notice Of Removal" of the District Court Action Is Improper And Should Be Stricken From The Record In This Case.**

Compass has improperly attempted to "remove" the Movants' Complaint filed herin to the Bankruptcy Court under 28 U.S.C. § 1452(a). As acknowledged by the only Court within the Ninth Circuit to address this issue, such a removal "defies logic and common sense." *See* In re Mitchell, 206 B.R. 204, 209-212 (Bankr. D. Cal. 1997). *Mitchell* involved an attempted § 1452 removal of an action filed United States District Court to the bankruptcy court sitting in the same district, which was in essence the same court, according to *Mitchell*. The *Mitchell Court* held that "as a matter of logic and common sense, it would not seem to be possible to 'remove' a lawsuit to the very court where the lawsuit is already pending. Removal, both under the nonbankruptcy removal statute, 28 U.S.C. § 1441-1448, and under the bankruptcy removal statute, 28 U.S.C. § 1452, involves moving the lawsuit from the court where it was originally brought--which is usually a state court--to a federal district court. It seems to be a tautology to talk about 'removing' an action already pending in a federal district court to that same federal district court where the action is already pending." Mitchell, at 209-10.

28 U.S.C. § 1452(a) speaks of removing a proceeding "to district court". It violates the plain language of 28 U.S.C. § 1452(a) to say that an action can be removed "to district court" when it is already pending in district court, because the words "to district court" by necessity involve the concept of bringing the action to district court from some other forum.

The *Mitchell* Court held "that proper procedure for a party to use to request a district court to transfer a lawsuit pending in that district court to a bankruptcy judge of the same district is for the party seeking the transfer to move the district court to refer that lawsuit to the bankruptcy court for further handling." Mitchell, at 210, *citing* Thomas Steel Corp. v. Bethlehem Rebar Indus., 101 Bankr. 16, 19 (Bankr. N.D. Ill. 1989); In re Watson-Mahaney, Inc., 70 Bankr. 578, 581 (Bankr. N.D. Ill. 1987). The *Mitchell* Court expressly held "that 28 U.S.C. § 1452(a) cannot be used to remove a lawsuit pending in

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\LPG\v Compass Partners\MOT wd ref.wpd

- 19 -

1  federal district court to the same district court where the lawsuit is already pending." Id.

2  The Court explained that "such a reading of Section 1452(a) gives meaning to all parts of

3  that section, and avoids the logically idiotic result of claiming that a lawsuit can be

4  removed from the district court where it is already pending to that very same court." Id.

5  at 211.

6          Compass has attempted to do exactly what was prohibited in *Mitchell,* namely

7  attempting to use § 1452(a) to remove a case from a District Court for the District of

8  Nevada to the same District Court sitting as a Bankruptcy Court for the District of Nevada.

9  This is not a proper procedural use of § 1452(a) and, therefore, Compass' Notice of

10  Removal of the District Court Action filed in this Court should be stricken from the record

11  in this case and any "removal" should be nullified. If Compass has grounds for the

12  District Court to refer Movants' Complaint to the Bankruptcy Court, it must pursue its

13  goals in the District Court through a motion to refer the case to this Court.

14                                      **IV.**
15                                  **CONCLUSION**

16          For the cause articulated above, and based on the recommendation of the

17  Bankruptcy Court, Movants respectfully submit that withdrawal of the reference is proper

18  in this case. As such, this Court should enter and order, pursuant to which the reference

19  is withdrawn as to all pending disputes between Movants and Compass, including

20  Movants' Complaint, and directing the parties to pursue such claims in this Court.

21          DATED this 3rd day of July, 2007.

22                                      LAW OFFICES OF ALAN R. SMITH

23                          By:_____*/s/ Kevin A. Darby, Esq.*_____
                                    ALAN R. SMITH, ESQ.
24                                  KEVIN A. DARBY, ESQ.
                                    Attorney for Plaintiffs

25

26

27

28

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\LPG\v Compass Partners\MOT wd ref.wpd

- 20 -

# Exhibit "A"

Case: 06-10725-lbr    Doc #: 4113    Filed: 07/03/2007    Page: 1 of 2

**Entered on Docket**
**July 03, 2007**

Hon. Linda B. Riegle
United States Bankruptcy Judge

1

2

3

4

5

6  ALAN R. SMITH, ESQ.
   Nevada Bar No. 1449
7  KEVIN A. DARBY, ESQ.
   Nevada Bar No. 7670
8  Law Offices of Alan R. Smith
   505 Ridge Street
9  Reno, Nevada 89501
   Telephone (775) 786-4579
10 Facsimile (775) 786-3066
   *Email: mail@asmithlaw.com*

11
   Attorney for Lenders Protection Group
12 and Donna Cangelosi

13

14              UNITED STATES BANKRUPTCY COURT

15                    DISTRICT OF NEVADA

16                        —ooOoo—

17 In Re:                          Case Nos.:
   USA  COMMERCIAL  MORTGAGE       BK-S-06-10725-LBR
18 COMPANY, et al.                 BK-S-06-10726-LBR
                                   BK-S-06-10727-LBR
19        Debtors.        /        BK-S-06-10728-LBR
                                   BK-S-06-10729-LBR
20
                                   JOINTLY ADMINISTERED
21                                 Chapter 11
   Affects:
22 ☐ All Debtors                   **RECOMMENDATION FOR**
   ☒ USA Commercial Mortgage Company **WITHDRAWAL OF REFERENCE**
23 ☐ USA Capital Realty Advisors, LLC **PURSUANT TO 28 U.S.C. § 157(d)**
   ☐ USA Capital Diversified Trust Deed Fund, LLC
24 ☐ USA Capital First Trust Deed Fund, LLC  Hearing Date: June 20, 2007
   ☐ USA Securities, LLC            Hearing Time: 10:30 a.m.
25                        /
26      This Court, having held a hearing on June 20, 2007, to determine whether it has subject

27 matter jurisdiction to adjudicate various disputes between Compass USA SPE, LLC and

28 Compass Financial Partners (collectively "Compass") and various direct lenders/investors in

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579    H:\LPG\Order WD Ref 082207-mhm.wpd

                          EXHIBIT " A "

1  Debtor USA Commercial Mortgage Company, including Donna Cangelosi, the Lenders

2  Protection Group and numerous direct lender Nevada limited liability companies (all such

3  direct lenders shall collectively be referred to as the "Direct Lenders"), as presented to this

4  Court in:

5      (a)    the *Emergency Motion Of Compass Financial Partners LLC For Order*

6              *Pursuant To 11 U.S.C. §§ 105 And 1141 Enforcing Confirmation Order And*

7              *For Civil Contempt* (the "Compass Motion") filed on May 25, 2007; and

8      (b)    the *Complaint For Declaratory Relief And Damages,* filed on May 21, 2007,

9              by various Direct Lenders against Compass in the United States District Court

10             For The District Of Nevada as Case No. 07-CV-0224-ECR-VAC (the "Direct

11             Lenders' Action"), which was purportedly "removed" to this Court by Compass

12             on May 25, 2007;

13 and, this Court having found (pursuant to a separate order) that it has subject matter

14 jurisdiction pursuant to 28 U.S.C. § 1334 to adjudicate disputes between Compass and Direct

15 Lenders as presented in the Compass Motion and the Direct Lenders' Action, this Court

16 further finds that these disputes are appropriate for a withdrawal of the reference pursuant to

17 28 U.S.C. § 157(d), and therefore:

18         This Court hereby recommends that, pursuant to 28 U.S.C. § 157(d), the United

19 States District Court For The District Of Nevada withdraw the reference of all disputes

20 between Compass and Direct Lenders to this Court, including the Compass Motion and the

21 Direct Lenders Action, and that all such disputes between Compass and Direct Lenders be

22 heard and adjudicated by the District Court.

23 SUBMITTED by:
   LAW OFFICES OF ALAN R. SMITH

24

   By:____*/s/ Alan R. Smith*_____

25      ALAN R. SMITH, ESQ.
        Attorneys for Lenders Protection Group

26      and Donna Cangelosi

27                              ###

28

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\LPG\Order W D Ref 062207-mhm.wpd                    - 2 -

# Exhibit "B"

**Entered on Docket
June 08, 2007**

Hon. Linda B. Riegle
United States Bankruptcy Judge

George A. Davis
CADWALADER, WICKERSHAM & TAFT
One World Financial Center
New York, NY 10281
Telephone No.: (212)504-6000
Facsimile No.: (212) 504-6666

Matthew S. Barr
Tyson M. Lomazow
MILBANK, TWEED, HADLEY & McCLOY, LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone No.: (212) 530-5367
Facsimile No.: (212) 822-5367

**Counsel for Compass Financial Partners LLC**

Peter C. Bernhard (Nevada Bar No. 0734)
Georganne W. Bradley (Nevada Bar No. 1105)
BULLIVANT HOUSER BAILEY PC
3980 Howard Hughes Pkwy., Ste. 550
Las Vegas, NV 89169
Telephone No.: (702) 650-6565
Facsimile No.: (702) 650-2995
E-Mail: peter.bernhard@bullivant.com

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                          Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                          Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>                                          Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND,<br>LLC,<br>                                          Debtor. | **ORDER RE: EMERGENCY MOTION OF<br>COMPASS FINANCIAL PARTNERS LLC** |
| In re:<br>USA SECURITIES, LLC,<br>                                          Debtor. | **FOR ORDER PURSUANT TO 11 U.S.C. §§<br>105 AND 1141 ENFORCING<br>CONFIRMATION ORDER AND<br>FOR CIVIL CONTEMPT SANCTIONS** |
| Affects:<br>☐    All Debtors<br>☒    USA Commercial Mortgage Company<br>☐    USA Securities, LLC<br>☐    USA Capital Realty Advisors, LLC<br>☐    USA Capital Diversified Trust Deed Fund,<br>        LLC<br>☐    USA First Trust Deed Fund, LLC | Date:  May 31, 2007<br>Time: 2:30 p.m. |

Bullivant|Houser|Bailey PC
3980 Howard Hughes Pkwy., Suite. 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

-1-

EXHIBIT " B "

Case 06-10725-gwz    Doc 4207-3    Entered 07/24/07 17:23:07    Page 33 of 39

Case 2:07-cv-00892-RCJ-GWF    Document 14    Filed 07/19/2007    Page 32 of 35
Case: 06-10725-lbr    Doc #: 3927    Filed: 06/08/2007    Page: 2 of 5

1    The Court conducted a hearing, pursuant to its Order Shortening Time, on May 31, 2007

2  on the Motion of Compass Financial Partners LLC for Order Pursuant to 11 U.S.C. §§ 105 and

3  1141 Enforcing Confirmation Order and for Civil Contempt Sanctions (the "Motion"), which

4  was filed by Compass Financial Partners LLC ("Compass") on May 25, 2007.  Appearances of

5  counsel were noted on the record at the hearing.

6    The Court having determined that the parties should submit additional briefs on the

7  issues raised in the Motion and the Opposition thereto filed by the Lender Protection Group on

8  May 30, 2007, and having determined that the status quo as it existed on May 15, 2007 should

9  be maintained pending further order of this Court, with a hearing on such issues scheduled to be

10  conducted on June 20, 2007, and for good cause appearing,

11    IT IS HEREBY ORDERED that, pending further order of this Court, (i) the status quo as

12  of May 15, 2007 is hereby preserved such that Compass shall be and remain the loan servicer

13  with respect to all loans for which it acquired servicing rights pursuant to that certain Asset

14  Purchase Agreement dated December 8, 2006, approved by Order of this Court entered January

15  8, 2007 (collectively, the "Loans"); and

16    IT IS FURTHER ORDERED that, pending further order of this Court, all amounts due

17  and owing under or in connection with the Loans (the "Payments") shall continue to be paid

18  directly to Compass; and

19    IT IS FURTHER ORDERED that, pending further order of this Court, Compass shall be

20  entitled to deduct and retain from Payments received the amount of its accrued and unpaid

21  servicing fees then due to Compass, provided, however, that any amounts relating to default

22  interest, late charges, or other fees shall be held in the Direct Lender remittance account

23  established and maintained by Compass, and provided, further, that notwithstanding the above,

24  in the event Compass receives Payments from a borrower in respect of a Loan (i) in which

25  Compass holds 100% of the loan participation interests, or (ii) which satisfy in full all

26  obligations due and owing under the governing loan documents (including default interest, late

27  charges, and other fees), then Compass shall be permitted to deduct and retain from such

28  Payments received any amounts relating to default interest, late charges, and other fees; and

– 2 –

Bullivant|Houser|Bailey PC
3980 Howard Hughes Pkwy., Suite. 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

1    IT IS FURTHER ORDERED that in the event the Lenders Protection Group holds 100%

2    of the loan participation interests in a Loan, they shall have the right to direct Compass not to

3    take any further action to pursue recovery from borrowers of outstanding amounts due with

4    respect to such Loans; and

5    IT IS FURTHER ORDERED that any attempted termination or replacement of Compass

6    as loan servicer with respect to a Loan shall not be effective pending further order of this Court.

7    **Submitted by:**

8    CADWALADER WICKERSHAM & TAFT
     -and-
9    MILBANK, TWEED, HADLEY & McCLOY, LLP
     -and-
10   BULLIVANT HOUSER BAILEY PC

11

12   By:____/s/ Georganne W. Bradley_____
     Georganne W. Bradley, Esq.
13
     *Attorneys for Compass Financial Partners LLC*
14

15   **Approved/Disapproved by:**

16   LAW OFFICES OF ALAN R. SMITH

17

18   By:_____
     Alan R. Smith.
19
     *Attorneys for Lenders Protection Group*
20

21   **Approved/Disapproved by:**

22   OFFICE OF THE U.S. TRUSTEE

23
     By:_____
24   August B. Landis, Esq.

25

26

27

28

<div style="text-align:left; writing-mode: vertical">Bullivant|Houser|Bailey PC
3980 Howard Hughes Pkwy., Suite. 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995</div>

-3-

Case 06-10725-gwz    Doc 4207-3    Entered 07/24/07 17:23:07    Page 35 of 39

Case 2:07-cv-00892-RCJ-GWF    Document 14    Filed 07/19/2007    Page 34 of 35
Case: 06-10725-lbr    Doc #: 3927    Filed: 06/08/2007    Page: 4 of 5

1    IT IS FURTHER ORDERED that in the event the Lenders Protection Group holds 100%

2    of the loan participation interests in a Loan, they shall have the right to direct Compass not to

3    take any further action to pursue recovery from borrowers of outstanding amounts due with

4    respect to such Loans; and

5        IT IS FURTHER ORDERED that any attempted termination or replacement of Compass

6    as loan servicer with respect to a Loan shall not be effective pending further order of this Court.

7    Submitted by:

8    CADWALADER WICKERSHAM & TAFT
     -and-
9    MILBANK TWEED, HADLEY & McCLOY, LLP
     -and-
10   BULLIVANT HOUSER BAILEY PC

11

12   By:___/s/ Georganne W. Bradley_____
         Georganne W. Bradley, Esq.

13
     Attorneys for Compass Financial Partners LLC
14

15   Approved/Disapproved by:

16   LAW OFFICES OF ALAN R. SMITH

17

18   By:_____
         Alan R. Smith.

19
     Attorneys for Lenders Protection Group
20

21   Approved/Disapproved by:

22   OFFICE OF THE U.S. TRUSTEE

23   By:_____

24       August B. Landis, Esq.

25

26

27

28

- 3 -

Bullivant Houser Bailey PC
3980 Howard Hughes Pkwy, Suite 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

In accordance with Local Rule 9021, the undersigned certifies:

_____ The court waived the requirements of LR 9021.

_____ No parties appeared or filed written objections, and there is no trustee appointed in the case.

___✓___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below:

Alan R. Smith, Esq. : 6/7/07 Approved By Kevin Darby, Esq.

Office of U.S. Trustee: 6/7/07 Approved By August Landis

BULLIVANT HOUSER BAILEY P.C.

By: Georganne W. Bradley
    Georganne W. Bradley, Esq.

Bullivant|Houser|Bailey PC
3980 Howard Hughes Pkwy., Suite 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

— 4 —

## Bradley, Georganne

**From:** cmecf@nvd.uscourts.gov

**Sent:** Thursday, July 19, 2007 5:11 PM

**To:** cmecfhelpdesk@nvd.uscourts.gov

**Subject:** Activity in Case 2:07-cv-00892-RCJ-GWF In Re: USA Commercial Mortgage Company Response to Motion to Withdraw Reference

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### United States District Court

### District of Nevada

## Notice of Electronic Filing

The following transaction was entered by Smith, Alan on 7/19/2007 at 5:10 PM PDT and filed on 7/19/2007

**Case Name:**      In Re: USA Commercial Mortgage Company

**Case Number:**    2:07-cv-892

**Filer:**          The Lenders Protection Group

                    Plaintiff Direct Lenders

                    Donna Cangelosi

**Document Number:** 14

**Docket Text:**

RESPONSE to filed by Interested Parties The Lenders Protection Group, Plaintiff Direct Lenders, Donna Cangelosi. *CONSENT TO WITHDRAWAL OF THE REFERENCE AND REQUEST TO SET EXPEDITED HEARING TO DETERMINE WHETHER THE BANKRUPTCY COURT'S TEMPORARY STANDSTILL ORDER IN FAVOR OF COMPASS SHOULD BE CONVERTED TO A PRELIMINARY INJUNCTION AND TO SET EXPEDITED BRIEFING SCHEDULE* Replies due by 8/2/2007. (Smith, Alan)

**2:07-cv-892 Notice has been electronically mailed to:**

Georganne Bradley      georganne.bradley@bullivant.com

Donna Cangelosi      mail@asmithlaw.com

Candace C. Carlyon      ccarlyon@sheacarlyon.com, ltreadway@sheacarlyon.com, rmsmith@sheacarlyon.com

Rob Charles      RCharles@LRLaw.com, cjordan@lrlaw.com

Thomas H. Fell      usdcnotices@gordonsilver.com

Gregory E. Garman      usdcnotices@gordonsilver.com

Wade B Gochnour      wadeg@hwmlvlaw.com, donnat@hwmlvlaw.com, skywalker@hwmlvlaw.com

Gerald M. Gordon    gmg@gordonsilver.com

Talitha B. Gray    tbg@gordonsilver.com

Brigid M. Higgins    usdcnotices@gordonsilver.com

Annette W. Jarvis    ajarvis@rqn.com

Anne M Loraditch    ecffilings@beckleylaw.com, aloraditch@beckleylaw.com, pkois@beckleylaw.com

Eric D Madden    emadden@diamondmccarthy.com

Jeanette E. McPherson    usdcfilings@s-mlaw.com

Shawn W. Miller    smiller@sheacarlyon.com, aboehmer@sheacarlyon.com, ltreadway@sheacarlyon.com, rmsmith@sheacarlyon.com

Bobby L. Olson    ecffilings@beckleylaw.com, bolson@beckleylaw.com, melusorio@beckleylaw.com

Plaintiff Direct Lenders    mail@asmithlaw.com

Lenard E. Schwartzer    usdcfilings@s-mlaw.com

Shlomo S. Sherman    ssherman@sheacarlyon.com, aboehmer@sheacarlyon.com, ltreadway@sheacarlyon.com, rmsmith@sheacarlyon.com

Alan R Smith    Mail@asmithlaw.com

The Lenders Protection Group    mail@asmithlaw.com

Matthew C Zirzow    usdcnotices@gordonsilver.com

**2:07-cv-892 Notice has been delivered by other means to:**

Allan B. Diamond
Diamond McCarthy Taylor Finley & Lee, LLP
1201 Elm Street
34th Floor
Dallas, TX 75270

Arley D. Finley, III
6504 Bridgepoint Pkwy.
Suite 400
Austin, TX 78730-

Erin E. Jones
Diamond McCarthy Taylor Finley & Lee, LLP
909 Fannin
Suite 1500
Houston, Tx 77010

Cynthia J. Larsen
Orrick, Herrington & Sutcliffe, LLP
400 Capitol Mall

7/20/2007

Suite 300
Sacramento, CA 95814

Douglas M. Monson
Ray Quinney & Nebeker, P.C.
36 South State Street
Suite 1400
Salt lake City, UT 84145-0385

Christine M. Pajak
Stutman Treister & Glatt
1901 Avenue of the Stars
12th Floor
Los Angeles, Ca 90067

Andrew M Parlen
Stutman, Treister & Glatt, P.C.
1901 Avenue of the Stars
Los Angeles, CA 90067

James Patrick Shea
Shea & Carlyon, Ltd.
701 Bridger Avenue
Suite 850
Las Vegas, NV 89101

Steven C. Strong
Ray Quinney & Nebeker, P.C.
36 South State Street
Suite 1400
Salt Lake City, Ut 84145-0385

Michael Yoder
Diamond McCarthy Taylor Finley & Lee, LLP
909 Fannin
Suite 1500
Houston, Tx 77010

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=7/19/2007] [FileNumber=3512446-0
] [cc9268bb9bfc24422b4ea2f7230c1c9d9fa9086778c3030ddc0e728ce767fda00b3
197c3a7f84b0ba1ac69a6daadd325968c373294ce48523cc7f4774313c0df]]

7/20/2007