Robert J. Moore
Tyson M. Lomazow
MILBANK, TWEED, HADLEY & McCLOY, LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone No.: (212) 530-5367
Facsimile No.: (212) 822-5367

Counsel for Compass Financial Partners LLC and
Compass USA SPE LLC

E-Filed on July 24, 2007

Peter C. Bernhard (Nevada Bar No. 0734)
Georganne W. Bradley (Nevada Bar No. 1105)
BULLIVANT HOUSER BAILEY PC
3883 Howard Hughes Pkwy., Ste. 550
Las Vegas, NV 89169
Telephone No.: (702) 669-3600
Facsimile No.: (702) 650-2995
E-Mail: peter.bernhard@bullivant.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>**EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR MOTION OF COMPASS FINANCIAL PARTNERS LLC FOR ORDER PURSUANT TO 11 U.S.C. § 105 COMPELLING COMPLIANCE WITH JUNE 20, 2007 RULING OF THE BANKRUPTCY COURT**<br><br>Date: tbd<br>Time: tbd |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |

USActive 8729667.5

Compass USA SPE LLC, and its servicer, Compass Financial Partners LLC (together, "Compass"), the purchaser of substantially all of the assets of USA Capital First Trust Deed Fund, LLC ("FTDF") and certain assets of USA Commercial Mortgage Company ("USACM"), by and through its counsel, hereby file this Ex Parte Application for Order Shortening Time to Hear Motion of Compass Financial Partners LLC for Order Pursuant to 11 U.S.C. § 105 Compelling Compliance with June 20, 2007 Ruling of the Bankruptcy Court, and in support thereof, state as follows:

1. Compass has, contemporaneously herewith, filed a Motion of Compass Financial Partners LLC for Order Pursuant to 11 U.S.C. § 105 Compelling Compliance with June 20, 2007 Ruling of the Bankruptcy Court (the "Motion"). The Motion was filed as a result of the willful disregard Donna Cagelosi and her affiliated lenders have shown for this Court's June 20, 2007 bench ruling.

2. On June 20, 2007, following extensive oral argument and supplemental briefing, the Bankruptcy Court ordered that a purported May 18, 2007 termination of Compass was ineffectual and that Compass remains the loan servicer for all the Loans, subject to further Order of the Court. The Bankruptcy Court further ordered Cangelosi's attorney, Alan Smith, to mail correspondence to each Borrower providing that her prior May 18, 2007 correspondence was void and of no effect, Compass remains the exclusive entity authorized to act on behalf of the lenders on the Loans, and all payments on the Loans should continue to be made directly to Compass.

3. Cangelosi and Mr. Smith have failed to comply with this Court's June 20, 2007 ruling as follows:

(a) Over a month has passed since the June 20, 2007 hearing and Mr. Smith, whether in defiance or disregard for this Court's ruling, has failed to mail *any* correspondence to Borrowers rescinding the May 18, 2007 letter (a "Rescission Letter").

(b) By letter dated July 10, 2007, Compass informed Mr. Smith that lenders affiliated with or under the direction and control of Cangelosi believed they remained authorized to contact Borrowers directly in an effort to directly negotiate payment of their loans, an action damaging to Compass and directly in conflict with the May 31, 2007 and June 20, 2007 rulings of this Court. In the July 10 letter, Compass demanded that Mr. Smith acknowledge he would inform all lenders affiliated with Cangelosi of this Court's rulings that lenders were enjoined from contacting Borrowers in such fashion and disseminating information to Borrowers inconsistent with the Loan Servicing Agreements acquired by Compass, inconsistent with Orders and directives of this Court, and in violation of the *status quo* the Court sought to maintain pending further Court review and order. The July 10 letter has gone unanswered.

(c) By letter dated July 20, 2007, Compass demanded of Mr. Smith that (i) his clients cease and desist from engaging in communication with borrowers undermining Compass' exclusive authority to service the Loans, and (ii) he provide Compass with a draft of a Rescission Letter by Monday, July 23, 2007. The July 20 letter also has gone unanswered.

(d) Moreover, a recent filing by Cangelosi in the District Court casts doubt on whether Cangelosi has *any* intention whatsoever of complying with this Court's June 20, 2007 ruling. On July 19, 2007, Cangelosi filed its Consent To Withdrawal Of The Reference Pursuant to 28 U.S.C. § 157(d), And Request To Set Expedited Hearing

To Determine Whether The Bankruptcy Court's Temporary Standstill Order In Favor Of Compass Should Be Converted To A Preliminary Injunction And To Set Expedited Briefing Schedule (the "<u>District Court Filing</u>"). Notably, the District Court Filing, which purports to educate the District Court as to the relief fashioned by this Court in its consideration of the Enforcement Motion, fails to make a single reference to this Court's June 20, 2007 ruling. Rather, the District Court Filing refers vaguely to "a certain temporary standstill order" which "has now been in place for seven weeks and counting." As the District Court Filing makes no mention of the Bankruptcy Court's June 20, 2007 ruling on subject matter jurisdiction over the Enforcement Motion which provided a basis for its entry of interim relief--*including the mailing of the Rescission Letter*--it is doubtful whether Cangelosi, absent further Order of this Court, has any intention of *ever* complying with the June 20, 2007 ruling she has, to date, ignored.

4.   Cangelosi's actions on May 18, 2007, in addition to inflicting tremendous harm to Compass by damaging its reputation in the community and impairing the value of the assets it acquired pursuant to the APA and Confirmation Order, has caused great confusion and uncertainty among the Borrowers with respect to their obligations under their loan documents to the detriment of the very lenders Cangelosi purports to "represent." A primary function of the Court's June 20, 2007 hearing was to dispel any such uncertainty and reaffirm that Borrowers must recognize Compass as the sole and exclusive servicer of their loans, absent any further Order of the Court. Any contrary message to Borrowers greatly impedes Compass' ability to effectively service the loans.

5.   Accordingly, Compass filed the Motion through which it is asking this Court to compel Cangelosi and her counsel to comply with the Court's June 20, 2007

4

ruling. In light of the willful disregard of this Court's ruling by Cangelosi and the immediate, continuing and irreparable harm being suffered by Compass, Compass is requesting this Court to hear the Motion on shortened time to prevent further damage to the assets acquired by Compass pursuant to the APA and the Confirmation Order.

6.   Notice can be shortened pursuant to Bankruptcy Rule 9006(c)(1) and LR 9006(a).

7.   For the reasons stated above, Compass respectfully requests that the Court grant this application and hear the Motion on shortened time on or before July 27, 2007.

Dated this 24th day of July, 2007.

> MILBANK, TWEED, HADLEY & MCCLOY LLP
> -and-
> BULLIVANT HOUSER BAILEY, PC
>
> _____
> Tyson M. Lomazow
>
> *Attorneys for Compass USA SPE LLC and*
> *Compass Financial Partners LLC*

LA1:#6356663v4