E-Filed on July 24, 2007

Robert J. Moore
Tyson M. Lomazow
MILBANK, TWEED, HADLEY & McCLOY, LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone No.: (212) 530-5367
Facsimile No.: (212) 822-5367

Peter C. Bernhard (Nevada Bar No. 0734)
Georganne W. Bradley (Nevada Bar No. 1105)
BULLIVANT HOUSER BAILEY PC
3883 Howard Hughes Pkwy., Ste. 550
Las Vegas, NV 89169
Telephone No.: (702) 669-3600
Facsimile No.: (702) 650-2995
E-Mail: peter.bernhard@bullivant.com

Counsel for Compass Financial Partners LLC and
Compass USA SPE LLC

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>**DECLARATION OF TYSON M. LOMAZOW IN SUPPORT OF EX PARTE MOTION FOR ORDER SHORTENING TIME TO CONSIDER MOTION OF COMPASS FINANCIAL PARTNERS LLC FOR ORDER PURSUANT TO 11 U.S.C. § 105 COMPELLING COMPLIANCE WITH JUNE 20, 2007 RULING OF THE BANKRUPTCY COURT**<br><br>Date: tbd<br>Time: tbd |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |

Tyson M. Lomazow, Esq., an attorney with the law firm of Milbank, Tweed, Hadley & McCloy LLP, under penalty of perjury, hereby declares on this 25th day of July, 2007, as follows:

1. Compass USA SPE LLC, and its servicer, Compass Financial Partners LLC (together, "Compass"), the purchaser of substantially all of the assets of USA Capital First Trust Deed Fund, LLC ("FTDF") and certain assets of USA Commercial Mortgage Company ("USACM"), by and through its counsel, is filing contemporaneously herewith a Motion of Compass Financial Partners LLC for Order Pursuant to 11 U.S.C. § 105 Compelling Compliance with June 20, 2007 Ruling of the Bankruptcy Court (the "Motion").

2. By and through its Motion, Compass is asking the Court to compel compliance with its June 20, 2007 ruling, whereby the Court ordered that a purported May 18, 2007 termination of Compass was ineffectual and that Compass remains the loan servicer for all loans subject of the purported termination, subject to further Order of the Court. At the June 20, 2007 hearing, the Court directed Donna Cangelosi to mail correspondence to each Borrower[1] providing that her prior May 18, 2007 correspondence was void and of no effect, Compass remains the exclusive entity authorized to act on behalf of the lenders on the loans, and all payments on the loans should continue to be made directly to Compass.

3. The Motion was filed as a result of the disregard Cangelosi and her affiliated lenders have demonstrated for this Court's June 20, 2007 ruling. Specifically, over a month has passed since the June 20, 2007 hearing and neither Cangelosi nor her counsel has informed Compass that they have mailed any correspondence to Borrowers

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

rescinding the May 18, 2007 letter (a "Rescission Letter"). Further, Compass has on two different occasions informed Cangelosi's counsel, Alan R. Smith, Esq., that lenders affiliated with Cangelosi believed they remained authorized to contact Borrowers directly in an effort to negotiate payment of their loans, an action damaging to Compass and directly in conflict with the May 31, 2007 and June 20, 2007 rulings of this Court. Compass has demanded that Mr. Smith's clients cease and desist from engaging in the improper communications, but each of Compass' demands have gone unanswered.

4. Cangelosi's actions on May 18, 2007, in addition to inflicting tremendous harm to Compass and damaging its reputation in the community, caused great confusion and uncertainty among the borrowers with respect to their obligations under their loan documents. Hence, a primary function of the Court's June 20, 2007 ruling was to dispel any such uncertainty and reaffirm that Borrowers must recognize Compass as the sole and exclusive servicer of their loans, absent any further Order of the Court – has been undermined and ignored. Cangelosi's willful disregard of the June 20, 2007 ruling and apparent refusal to mail a Rescission Letter furthers the uncertainty of Borrowers, impedes Compass' ability to effectively service the loans, and continues to cause damage to Compass' investment on a daily basis. Accordingly, cause exists to shorten the requisite notice period for the Court to consider the Motion.

5. Notice can be shortened pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure and Rule 9006(a) of the Local Bankruptcy Rules for the District of Nevada.

6. For the reasons stated above, Compass respectfully requests that the Court grant this application and hear the Motion on shortened time on July 27, 2007.

Dated this 24th day of July, 2007.

_____
Tyson M. Lomazow

LA1:#6356680v1