ALAN R. SMITH, ESQ.
Nevada Bar No. 1449
KEVIN A. DARBY, ESQ.
Nevada Bar No. 7670
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
Email: mail@asmithlaw.com

Attorney for Lenders Protection Group
and Donna Cangelosi

**Electronically Filed July 26, 2007**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

—ooOoo—

In Re:
USA COMMERCIAL MORTGAGE COMPANY, et al.

    Debtors.
_____/

Affects:
☐ All Debtors
☒ USA Commercial Mortgage Company
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA Capital First Trust Deed Fund, LLC
☐ USA Securities, LLC

_____/

Case Nos.:
BK-S-06-10725-LBR
BK-S-06-10726-LBR
BK-S-06-10727-LBR
BK-S-06-10728-LBR
BK-S-06-10729-LBR

JOINTLY ADMINISTERED
Chapter 11

**OPPOSITION TO MOTION OF COMPASS FINANCIAL PARTNERS LLC FOR ORDER PURSUANT TO 11 USC §§ 105 COMPELLING COMPLIANCE WITH JUNE 20, 2007 RULING OF THE BANKRUPTCY COURT**

Hearing Date: July 27, 2007
Hearing Time: 1:30 p.m.

Donna Cangelosi ("Cangelosi") and the Lenders Protection Group (the "Direct Lenders"), through their counsel, Alan R. Smith, Esq., hereby oppose the *Motion of Compass Financial Partners LLC For Order Pursuant To 11 U.S.C.§§ 105 Compelling Compliance With June 20, 2007 Ruling of the Bankruptcy Court* (the "Motion").

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\LPG\OPP to Compass 072407 Motion.wpd

### A. The Direct Lenders Have Never Refused To Send A Letter To Borrowers And, In Fact, Have Sent A Letter To Borrowers.

Upon learning that Compass wanted a letter sent to borrowers immediately, without the benefit of the yet to be entered order related to the June 20, 2007 hearing, the Direct Lenders sent a letter to borrowers, copy of which is attached hereto as Exhibit A.

The Direct Lenders never refused to send a letter. Rather, due to a pending dispute between Compass and the Direct Lenders regarding the terms of this Court's order related to the June 20th hearing, the Lenders did not believe it to be prudent send the letter until those issues are resolved.

Indeed, as shown in its own proposed letter to borrowers, Compass itself envisioned the entry of the yet to be entered order as a prerequisite to sending the letter to borrowers. That letter leaves a blank space to be completed with the date this Court enters the order and the includes the yet to be entered order as an enclosure.

Direct Lenders object to being forced to send any further letter to borrowers. Direct Lenders believes that much of the language in Compass wants additional specific language presented to borrowers, it was free to incorporate such language into its proposed order. Moreover, contrary to the relief requested by Compass, Direct Lenders do not believe that their counsel (as opposed to the clients) can be compelled to send a letter taking a position directly contradictory to his clients' interests and rights, and which could prejudice its position in the actions subject to withdrawal of the reference.

The Direct Lenders have told their borrowers to continue to send payments to Compass, pending further notice. There is nothing more they have been, or could be, compelled to communicate to their borrower. The Direct Lenders have carefully reviewed the recording of this Court's hearing on June 20, 2007, (a transcript is not yet available) that their letter exactly complies with this Court's order. Thus, the issue of Direct Lenders sending a letter to borrowers is now moot and, therefore, Compass' Motion should be denied.

///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\LPG\OPP to Compass 072407 Motion.wpd

- 2 -

**B.  Compass Has Cited No Law Or Contractual Provision Pursuant To Which Direct Lenders Can Enjoined From Speaking With Their Borrowers, Or Pursuant To Which This Court Can Enter A Blanket Gag Order Against Such Communications.**

Compass's request for a gag-order against all direct lenders is absurd. First, Compass has not cited a single provision of contract or law that prohibits Direct Lenders from speaking with their borrowers. Direct Lenders fully acknowledge, and have abided by, this Court's order prohibiting them from communicating to borrowers that they should not deal with Compass. However, neither this Court, the governing Agreements, nor applicable law, prohibit Direct Lenders from communicating with their borrowers.

Second, the only direct lenders presently before this Court are Ms. Cangelosi and the LPG. Compass seeks broad relief against direct lenders not before this court, which is wholly improper.

Third, Compass specifically asked for identical relief at the June 20, 2007 hearing, which this Court denied. In denying that request, this Court correctly noted the absence of a contractual or legal basis for preventing Direct Lenders from communicating with borrowers. It is a waste of this Court's time, if not an abuse of process, for Compass to run into court on an emergency basis to request relief that has already been denied, without any newly cited provision of law or contract.

All relief requested in Compass' Motion should be denied.

DATED this 30th day of May, 2007.

LAW OFFICES OF ALAN R. SMITH

/s/ Alan R. Smith

By_____
ALAN R. SMITH, ESQ.
Attorney for the Lenders Protection Group

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\LPG\OPP to Compass 072407 Motion.wpd     - 3 -

# Exhibit "A"

July 26, 2007

Fiesta Development, Inc.
Attn: Richard Ashby
470 E. Harrison St.
Corona, CA 92879-1314

**Re:  Notice of Temporary 60-Day Standstill of May 18, 2007 Regarding Notice of Termination of Compass Partners as Loan Servicer and Notice of Replacement Servicer**

Dear Borrower:

On May 18, 2007, the Direct Lenders on your loan sent you a letter indicating that Compass Financial Partners LLC ("Compass") had been terminated as servicer of your loan, which originally was brokered and serviced by USA Commercial Mortgage Company (the "Loan"). This letter stated that Compass was not authorized to act on behalf of the lenders in the Loan (collectively, the "Lenders") for any purpose, and that any payment made by you to Compass would be at your own peril.

In accordance with an order of the United States Bankruptcy Court for the District of Nevada, (the "Court Order"), we hereby notify you that on June 20, 2007, the Bankruptcy Court entered an order temporarily staying and enjoining the Direct Lenders termination of Compass for a period of sixty (60) days or until the United States District Court for the District of Nevada assumes jurisdiction over the issue. The Direct Lenders are confident their termination of Compass was proper and expect the District Court to assume jurisdiction within days.

However, until further notice from the Direct Lenders, your payments on the Loan should continue to be made directly to Compass. Compass assures us that your payments will be properly credited in accordance with the terms of the Loan documents between you and the Direct Lenders.

Very truly yours,

Fiesta Murietta Lenders, LLC

By: /s/ Donna Cangelosi
   Donna Cangelosi, Manager of FDH
   Management Company, LLC, Manager
   of Fiesta Murietta Lenders, LLC