Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors

E-FILED ON JULY 27, 2007

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **USA CAPITAL FIRST TRUST DEED FUND, LLC'S MOTION TO CLOSE CASE AND REQUEST FOR FINAL DECREE**<br><br>(Affects USA Capital First Trust Deed Fund, LLC) |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☒ USA Capital First Trust Deed Fund, LLC | |

1

USA Capital First Trust Deed Fund, LLC ("FTDF"), by and through its counsel and pursuant to 11 U.S.C. § 350(a) and Fed. R. Bankr. P. 3022, hereby files its Motion to Close Case and Request for Final Decree ("Motion"). This Motion is submitted, together with "USA Capital First Trust Deed Fund LLC's Final Report of Action Taken and Progress Toward Consummation of Confirmed Plan of Reorganization" ("Final Report") (Docket No. 4178) as may be supplemented hereinafter, pursuant to 11 U.S.C. § 350(a), Federal Rule of Bankruptcy Procedure 3022, Local Rule 3022, Article VIII, Section T of the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan"), and Paragraph 74 of the "Order Confirming the Debtors' 'Third Amended Joint Chapter 11 Plan of Reorganization,' as Modified Herein" (the "Confirmation Order") (Docket No. 2376). In support hereof FTDF states as follows.

## I.  JURISDICTION

1.  The Court has jurisdiction to consider this Motion and to enter a Final Decree in this case pursuant to 11 U.S.C. § 350(a), 28 U.S.C. §§ 157(b)(2)(A) and 1334, Art. VIII, Section D.24 of the confirmed Plan, and Paragraphs 23 and 79 of the Confirmation Order.

## II.  BACKGROUND

2.  On April 13, 2006, FTDF filed in this Court a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). USA Commercial Mortgage Company ("USACM"), USA Capital Diversified Trust Deed Fund, LLC, USA Capital Realty Advisors, LLC, and USA Securities, LLC (collectively, with FTDF, the "Debtors") also filed voluntary petitions seeking relief under chapter 11 of the Bankruptcy Code on the same day. All of the Debtors' bankruptcy cases have been jointly administered (Docket No. 184), and no trustee or examiner has been appointed.

3.  On May 10, 2006, the United States Trustee filed notice that an Official Committee of Equity Security Holders of USA Capital First Trust Deed Fund, LLC had been formed (the "FTDF Committee").

4.  On January 8, 2007, the Court entered the Confirmation Order, confirming the Debtors' Plan. Among other things, the Confirmation Order approved the sale of the assets of FTDF and certain assets of USACM to Compass Partners, LLC ("Compass" and the "Compass

1  Sale"), which is memorialized in an Asset Purchase Agreement dated December 8, 2006 between
2  FTDF and USACM, as sellers, the remaining Debtors, as acknowledging parties, and Compass, as
3  purchaser.

4    5. On or prior to January 18, 2007, the following three appeals from the Confirmation
5  Order were filed, which were ultimately assigned to the United States District Court for the
6  District of Nevada (the "District Court"): (a) an appeal by USA Investment Partners, LLC,
7  designated as District Court No. 07-00138 (the "IP Appeal"); (b) an appeal by Debt Acquisition
8  Company of America V, LLC, designated as District Court No. 07-00160 (the "DACA Appeal");
9  and (c) an appeal by the so-called "Lenders Protection Group" and the Jones Vargas Direct
10 Lenders, designated as District Court No. 07-00072 (the "LPG Appeal") (collectively, the
11 "Appeals").

12    a. Pursuant to FTDF's motion to dismiss, the District Court has entered an
13       Order dismissing the IP Appeal with prejudice, and that Order is now final.
14       *See* Final Report ¶ IV.2.
15    b. Pursuant to a stipulation that was approved by an Order entered by the
16       District Court on July 24, 2007, FTDF has been dismissed from the DACA
17       Appeal. *See* Final Report ¶ IV.2 & DACA Appeal, Docket No. 74.
18    c. Pursuant to a stipulation that was approved by an Order entered by the
19       District Court on July 11, 2007, FTDF has been dismissed from the LPG
20       Appeal. *See* Final Report ¶ IV.2.

21    6. On February 16, 2007, the Compass Sale closed. Relevant to this Motion is that
22 immediately upon closing, Cash sale proceeds were transferred by Compass to the USACM and
23 FTDF Estates, and pursuant to the Plan, the Confirmation Order and the Asset Purchase
24 Agreement, Compass immediately became the owner of FTDF's proportional interest in various
25 loans and assumed control of such property. The majority of the sale proceeds were allocated
26 between the USACM and FTDF Estates, and a portion, the allocation of which was disputed, was
27 reserved. FTDF's allocated sale proceeds were deposited in its commingled "Operating Account."
28 *See* Final Report ¶ II.3.

7.      The Plan became effective on March 12, 2007 (the "Effective Date"). On the Effective Date, distributions pursuant to the Plan commenced, certain cash "reserves" required under the confirmed Plan and the "Order Granting Second Joint Motion for Order for Implementation of Confirmed Plan" ("Implementation Order") (Docket No. 2987) were established, and the "Intercompany Compromises" set forth in Art. IV, Section E of the confirmed Plan became effective were substantially implemented. *See* Final Report ¶ II.4.

8.      Since the Effective Date and as of the date that this Motion is filed, disputes related to the allocation of sale proceeds between the FTDF and USACM Estates and between those Debtors and Compass have, for the purposes of the FTDF Estate, been settled and FTDF's share of the reserved funds related to those disputes have been released to its Operating Account, the Intercompany Compromises related to FTDF have been fully implemented, all objections to Disputed Claims and Equity Interests have been finally resolved, the reserve established pursuant to the confirmed Plan for Disputed Claims and Equity Interests has been released, and substantially all distributions required under the confirmed Plan have been made. *See* Final Report ¶¶ II.5 & III.

9.      On July 7, 2007, Compass filed a "conditional" complaint against, in relevant part, FTDF and the other Debtors, designated as Adversary Proceeding No. 07-01105 (the "Compass Proceeding"), seeking to rescind, in relevant part, the sale of substantially all of the assets of FTDF to Compass and to revoke the Confirmation Order. Compass's Complaint requests that the Compass Proceeding be suspended pending a "Future Order." As set forth below, the FTDF Committee believes that the suspension of this dispute is not in the best interest of FTDF members and the FTDF Committee is filing today a motion to dismiss the Compass Proceeding as to FTDF.

10.     At this time, the only Cash left to be distributed pursuant to the confirmed plan is the Cash reserve established pursuant to the Implementation Order <u>not distributed to date</u>.

11.     On July 16, 2007, FTDF filed its Final Report with the Court. The Final Report and any "Supplemental Report" that may be filed are incorporated herein by reference.

12.     A hearing on the FTDF Professionals' Final Fee Applications is scheduled for August 7, 2007. It is anticipated that matters related those Applications will be concluded at that

time, and that FTDF will be authorized to make distributions to the FTDF Professionals from the applicable Implementation Order reserve at that time.  *See* Final Report ¶ IV.1.  Furthermore, upon the submission of final invoices of the FTDF Professionals and the Professionals of the FTDF Committee, a final payment from the reserve will be made to the Professionals, any further administrative costs associated with administration of the Estate, such as distribution costs, will be paid, the reserve will be released, and a Final Distribution will be made.

### III.  APPLICABLE AUTHORITY

13.  Section 350(a) of the Bankruptcy Code, states in relevant part, as follows: "After an estate has been fully administered . . . the court shall close the case."  11 U.S.C. § 350(a).

14.  Federal Rule of Bankruptcy Procedure 3022, which implements Section 350(a) and specifically applies to chapter 11 cases, provides: "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.

15.  Local Rule 3022, which like Bankruptcy Rule 3022, specifically applies to chapter 11 cases, provides: "Unless otherwise provided in the plan or by court order, or unless there are pending contested matters or adversary proceedings, a [Chapter 11] case is deemed fully administered 180 days after plan confirmation, and the clerk may then enter a final decree without further notice."

16.  The confirmed Plan and the Confirmation Order state that once the FTDF Estate "has been fully administered, as referred to in Bankruptcy Rule 3022," FTDF "shall File a final report and account of all receipts and disbursements. . . ."  In conjunction with the Final Report, FTDF must also "request that the Court enter a Final Decree" in its case.  Plan, Art. VIII, Section T; Confirmation Order ¶ 75.

### IV.  DISCUSSION

As set forth in greater detail in the Final Report, and in any Supplemental Report, subject to dismissal of FTDF from the Compass Proceeding, the FTDF Estate has been "fully administered" and, therefore, pursuant to the applicable authority set forth above, it is respectfully requested that the Court grant this Motion closing FTDF's case and entering a Final Decree

therein.

The Bankruptcy Code does not define the term "fully administered." However, the Advisory Committee Note on the 1991 amendments to Bankruptcy Rule 3022 explains that there are a number of factors that a court may consider in determining when an estate has been fully administered, including:

> (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022 (Advisory Committee Note—1991 Amendment), *quoted in In re Ground Sys., Inc.*, 213 B.R. 1016, 1019 (9th Cir. BAP 1997). While, as recognized in the Advisory Committee Note,[1] the terms of a plan and confirmation order serve as the largest determining factor in considering whether entry of a Final Decree in a chapter 11 case is appropriate, *see Ground Sys.*, 213 at 1019, the Committee's suggested factors serve as useful guide in determining whether an estate has been fully administered. Thus, in chapter 11 cases such as the present where the plan and confirmation order simply state that a final decree is appropriate when the case has been "fully administered," courts typically look at the factors set forth in the Advisory Committee Note and any other factors particular to the case at hand.

Other than dismissal of FTDF from the Compass Proceeding, the FTDF Estate has been fully administered because all of the factors set forth in the Advisory Committee Note have been, or will be, satisfied prior to the end of August, and additional factors particular to FTDF's case, outlined below, evidence that FTDF's case has been fully administered. In particular, applying the Advisory Committee Note factors:

- <u>Final Order</u>. The Confirmation Order is final with respect to FTDF. Specifically, the IP Appeal has been dismissed with prejudice by a Final Order, and the District

---

[1] Specifically, the Advisory Committee Note states: "If the plan or confirmation order provides that he case shall remain open until a certain date or event because of the likelihood that the court's jurisdiction may be required for specific purposes prior thereto, the case should remain open until that date or event." Advisory Committee Note (1991 Amendments), *quoted in Ground Sys.*, 213 B.R. at 1019 (holding that plan and confirmation order terms govern closing of case).

Court has approved stipulations dismissing FTDF as a party in the yet unresolved DACA Appeal and LPG Appeal. *See* Final Report ¶ IV.2.

- Distribution of "Deposits". No "deposits" were required under the Plan. However, substantially all of FTDF's Cash on deposit has been distributed. Within ten days of the entry of an order granting this Motion and subject to dismissal of FTDF from the Compass Proceeding, a Final Distribution will be made, and all funds on deposit in FTDF's Operating Account, including Cash released from the existing reserve required under the Implementation Order after the payments as set forth in ¶ 12 above, will have been distributed in accordance with the confirmed Plan. *See* Final Report ¶¶ II & III.4, III.5.

- Property Transferred. All FTDF property that was to be transferred under the Plan has been transferred, or will be transferred in accordance therewith within ten days of the entry of an Order granting this motion. *See* Final Report ¶¶ II & III.

- Assumption of Business or Management. This factor is not applicable to FTDF, as it is an entity that held interests in loans for the benefit of its members. However, all of FTDF's interests in loans have been transferred to Compass pursuant to the Plan, the Confirmation Order and the Asset Purchase Agreement, the Compass Sale has closed, and all transactions contemplated by the Compass Sale, including the transfer of FTDF's interests in the loans, have occurred and been consummated. *See* Final Report ¶ II. FTDF anticipates that the ministerial task of being dissolved under Nevada law will occur immediately upon dismissal of the Compass Proceeding as to FTDF.[2]

- Payments Under the Plan. Payments under the Plan have commenced and, indeed, as of the date of this Motion, the great majority of distributions to those entitled to payment under the confirmed Plan, including creditors holding Allowed Claims

---

[2] Unperformed ministerial tasks, such as dissolving an entity under state law, do not prevent the closing of a case or the entry of a final decree. *See, e.g., Graves v. Rebel Rents, Inc. (In re Rebel Rents, Inc.)*, 326 B.R. 792, 803 n.19 (Bankr. C.D. Cal. 2005) (the court states in chapter 11 case that "[t]he Bankruptcy Code contemplates that various activities may occur after closing. The fact that the estate has been fully administered merely means that all available property has been collected and all required payments made.") (quoting *In re Menk*, 241 B.R. 896, 911 (9th Cir. BAP 1999) (chapter 7 case)).

7

and FTDF members, have been made. *See* Final Report ¶¶ II & III. It is anticipated that a Final Distribution will be made within ten days of the entry of an Order granting this Motion.

- <u>Resolution of Litigation</u>. With the exception of the FTDF Professionals' Final Fee Applications and the Compass Proceeding, all motions, contested matters, and adversary proceedings involving FTDF, including all claims objections, have been finally resolved. *See* Final Report ¶¶ III & IV. As stated above, it is anticipated that both of these as of yet unresolved matters will be finally resolved prior to or in conjunction with the Court's consideration of this Motion. Specifically, hearings on the Final Fee Applications are scheduled for August 7, 2007, and FTDF anticipates all matters related to those Applications will be finally resolved at that time. The FTDF Committee intends to file a motion to dismiss the Compass Proceeding today, and it is anticipated that any such motion to dismiss will be scheduled to be heard either prior to or in conjunction with this Motion.

In addition, outside of the Committee Note factors, the FTDF Estate has been fully administered because:

- <u>Substantial Consummation and Implementation of the Plan</u>. The Plan has been substantially consummated and implemented. *See generally,* Final Report.
- <u>Implementation of Compromises</u>. All of the Intercompany Compromises included in the Plan and approved as part of the Confirmation Order have been fully implemented as to FTDF. *See* Final Report ¶ II.
- <u>Resolution of Allocation Disputes</u>. All sale proceed allocation disputes involving FTDF have been resolved, and the sale proceeds allocated to it have been released from the applicable reserve to FTDF and distributed. *See* Final Report ¶ II.

Accordingly, based on the foregoing and subject to the dismissal of FTDF from the Compass Proceeding, the FTDF case has been "fully administered" within the meaning of Section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, Local Rule 3022, the Plan, and the Confirmation Order. FTDF therefore respectfully submits that this Motion should be granted, its

1  case should be closed, and the Court should enter a Final Decree in FTDF's case.

## V.  CONCLUSION

For the reasons stated herein and in the incorporated Final Report, FTDF respectfully requests that the Court grant this Motion and enter a Final Decree in its case, designated as Case No. 06-10728. FTDF also requests that the Court grant such other and further relief as is just and proper.

Respectfully submitted this 27th day of July, 2007.

    /s/   Lenard E. Schwartzer
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

934565v3