LEWIS AND ROCA LLP
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398

40 North Central Avenue
Phoenix, Arizona 85004

Susan M. Freeman, AZ State Bar No. 004199
E-mail: sfreeman@lrlaw.com
Rob Charles, NV State Bar No. 006593
E-mail: rcharles@lrlaw.com
John Hinderaker, AZ State Bar No. 018024
E-mail: jhindera@lrlaw.com

Attorneys for the USACM Liquidating Trust

E-Filed on 7/30/07

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br><br>                             Debtors.<br><br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725-LBR<br><br>**Motion For Summary Judgment Regarding (1) Responses To The USACM Trust's First Through Thirty-Third Omnibus Objections To Claims Asserting A Secured Status; (2) Responses to USACM Trust's First Through Third Omnibus Objections To Claims Asserting A Priority Status; And (3) Newly Alleged Secured And Priority Claims** |

USACM Liquidating Trust (the "USACM Trust") files this Motion for Summary Judgment ("Motion") Regarding (1) Responses to the USACM Trust's First through Thirty-Third Omnibus Objections to Claims Asserting a Secured Status ("Secured Claim Objections") [DE 3133-3192] (2) Responses to USACM Trust's First through Third

Omnibus Objections to Claims Asserting a Priority Status ("Priority Claim Objections") [DE 3257-3261] (collectively, "Original Objections"); and (3) Newly Alleged Secured and Priority Claims. **Exhibits A** and **B** to this Motion list the claimants who the Trust contends improperly asserted secured (**Exhibit A**) or priority (**Exhibit B**) claim status and whose claims have not yet been reclassified as general unsecured claims. The exhibits include those claimants who responded to the Original Objections, but did not thereafter enter into a stipulation to reclassify their claims, and additional claimants who, after the Original Objections were filed, submitted proofs of claim that improperly asserted secured status. All combined, this Motion seeks to reclassify secured and priority claims exceeding $20 Million in asserted value.

The Court should enter summary judgment reclassifying their secured and priority claims as general unsecured claims.[1] These claimants have not and cannot provide any evidence to support the secured or priority status they claim. The Trust is notifying each of these claimants individually that the Trust has filed this Motion. This Motion is supported by the Court's record, the following Memorandum of Points and Authorities, the Statement of Facts filed simultaneously in support of the Motion ("SOF") and the Declaration of Geoffrey Berman (the "Berman Declaration") attached to the SOF.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. The statutory predicate for relief requested herein is 11 U.S.C. § 507 and Bankruptcy Rules 9014 and 7056.

### II.    FACTS

3. On April 13, 2006 ("Petition Date"), USA Commercial Mortgage Company ("USACM") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

---

[1] Reclassified claims are subject to potential further objection.

USACM continued to operate its businesses as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. (SOF ¶ 1.)

4. USACM is a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. (SOF ¶ 2.)

5. This business included the solicitation of individual investors to purchase fractional interests in loans that USACM originated and then serviced. These investors, totaling approximately 3,600 as of the Petition Date, are referred to as "Direct Lenders." (SOF ¶ 3.)

6. On January 8, 2007, this Court entered its Order Confirming the *Debtors' Third Amended Joint Chapter 11 Plan of Reorganization* ("Plan") [DE 2376]. (SOF ¶ 4.)

7. The Plan was confirmed by the Bankruptcy Court's January 8, 2007 Order ("Confirmation Order"). There is no order pending that stays the effect of the Confirmation Order pending appeal. (SOF ¶ 5.)

8. The USACM Trust became effective on the Effective Date of the Plan, March 12, 2007. On the Effective Date, Geoffrey Berman began acting as Trustee. (SOF ¶ 6.)

9. USACM's claims and noticing agent received approximately 2,436 proofs of claim as of January 13, 2007, asserting claims totaling more than $997,000,000, plus unknown amounts based on unliquidated Claims. (SOF ¶ 7.)

10. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims. (SOF ¶ 8.)

11. On March 20, 2003, USACM filed its (i) *First through Thirty-Third Omnibus Objections to Claims Asserting Secured Status* ("Secured Claim Objections") [DE 3133-3192]. On March 23, 2007, it filed its *First through Third Omnibus Objections to Claims Asserting Priority Status* ("Priority Claim Objections") [DE 3257-3261]. The

Secured Claim Objections and Priority Claims Objections are collectively referred to herein as the "Original Objections." (SOF ¶ 9.)

12. The Court set April 19, 2007 as the deadline to file a response to the Original Objections. As to those claimants who did not file responses to the Original Objections, the Court sustained the objections and reclassified the claims. As to some of the claimants who filed responses to the Original Objections, USACM entered into stipulations to reclassify the claims with the claimants. (SOF ¶ 10.)

13. On May 14, 2007, this Court entered its Stipulated Order Re Notice of Amended Schedules and Deadline to File Proofs of Claim [DE 3726] extending the deadline to amend proofs of claim for those persons and entities adversely affected by USACM's March 7, 2007 amendments to Schedules E, F, F-1 and G and filing of a new schedule F-2 by 30 days from notice of the order. Service was accomplished by mail on May 24, 2007 [DE 3857]. (SOF ¶ 11.)

14. Following the Court's May 14, 2007 order, some creditors filed amended proofs of claim within the time allotted that again improperly asserted secured or priority status. Also, altogether new claims were filed after May 14, 2007 that likewise asserted secured or priority status without legitimate basis. On July 30, 2007, the USACM Trust filed an objection to each of these claims because they incorrectly claim secured status. (SOF ¶ 12.)

15. **Exhibit A** to this Motion is a list of the claimants who have improperly asserted secured claims and whose claims have not yet been reclassified as general unsecured claims ("Disputed Secured Claims"). **Exhibit A** includes those claimants who responded to the Secured Claim Objections, but did not enter into stipulations to reclassify their claims, and those claimants who, after the Secured Claim Objections were filed, submitted new proofs of claim that incorrectly asserted secured claims. (SOF ¶ 13.)

16. The claimants who filed Disputed Secured Claims allege that because their loan investments serviced by USACM were secured by collateral of the Borrowers, any claim they might have asserted against USACM would also be secured. On July 30, 2007,

USACM filed objections to each of these new claims disputing the claimant's assertion that the claims are secured claims.  (SOF ¶ 14.)

17. USACM has no property that serves as collateral for the Direct Lender loans serviced by USACM.  There is no document or other evidence that any of the holders of the Disputed Secured Claims were granted a security interest in any property of USACM, or that any such security interest was perfected under applicable law.  (SOF ¶ 15.)

18. **Exhibit B** to this Motion is a list of the claimants who have improperly asserted priority claims and whose claims have not yet been reclassified as general unsecured claims ("Disputed Priority Claims").  **Exhibit B** includes those claimants who responded to the Priority Claim Objections, but did not enter into stipulations to reclassify their claims and those claimants who, after the Priority Claim Objections were filed, submitted new proofs of claim that improperly asserted priority status.  (SOF ¶ 16.)

19. There is no basis in the Disputed Priority Claims, the Responses to the Original Objections or in the books and records of the Debtors that would support a priority claim for any of the claimants listed in **Exhibit B**.

### III.    THE COURT SHOULD GRANT SUMMARY JUDGMENT

20. Rule 56 of the Federal Rules of Civil Procedure, made applicable here by Bankruptcy Rules 9014(c) and 7056, mandates entry of summary judgment where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  FED. R. CIV. P. 56(c); FED. R. BANK. P. FED 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is "material" when, under the governing substantive law, it could affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A "genuine issue" of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*  Where the case turns on a mixed question of fact and law and the only disputes relate to the legal significance of undisputed facts, the controversy collapses into a question of law suitable to disposition on summary judgment.  *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1523 (9th Cir. 1994); *Graham v. City of Chicago*, 828 F. Supp. 576, 583 (N.D. Ill. 1993).

21. As *more* particularly described in the Original Objections, the USACM Trust is seeking to reclassify the Disputed Secured Claims and Disputed Priority Claims as general unsecured Claims. As demonstrated by the Original Objections, the Responses, this Motion and the Berman Declaration attached to the SOF, not one of the claimants listed in **Exhibit A** or **B** has a secured interest in property of USACM or a priority claim. At the very most, their claims are general unsecured claims. Thus, this Court should grant summary judgment reclassifying the Disputed Secured Claims and the Disputed Priority Claims as general unsecured claims, subject to further objection.

### A.  The Disputed Secured Claims Are Not Secured Claims.

22. The USACM Trust requests summary judgment on the Disputed Secured Claims listed in **Exhibit A** because they are not secured by property of the USACM estate, although they may well be secured by property owned by their Borrowers. Secured claims are claims "by creditors against the estate that are secured by a lien on property in which the estate has an interest." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240 (1989). None of the Disputed Secured Claims are secured by such a lien, and the Responses have offered zero evidence in support of the claimants' contention. Rather, it appears that most of the claimants asserting Disputed Secured Claims are under the misimpression that because their loan investments serviced by USACM were secured by collateral of the borrowers, any claim they might have asserted against USACM would also be secured.

23. As demonstrated in the Berman Declaration, the USACM Trust has examined all of its books and records and performed a lien search in Nevada (USACM's state of incorporation), and has been unable to find the existence of any security instrument – i.e., deeds, mortgages, UCC filings and so forth – that would demonstrate that the creditors listed in **Exhibit A** have secured Claims against USACM.

### B.  The Disputed Priority Claims Are Not Entitled To Priority Status

24. Section 507 of the Bankruptcy Code establishes the ten types of claims that are entitled to priority status. The Ninth Circuit has stated that "because the presumption

in bankruptcy cases is that the debtor's limited resources will be equally distributed among its creditors, *statutory priorities are narrowly construed.*" *In re Peaches Records and Tapes, Inc.*, 102 B.R. 193, 195 (B.A.P. 9th Cir. 1989) (*quoting Trustees of Amalgamated Ins. Fund v. McFarlin's*, 789 F.2d 98, 100-01 (2nd Cir. 1986) (emphasis in original)). A party claiming priority status bears the burden of establishing priority status. *See e.g.*, *In re Terra Distrib., Inc.*, 148 B.R. 598, 600 (Bankr. D. Idaho 1992) (stating that the "burden to demonstrate the elements required for priority status lies upon the claimant").

25. The USACM Trust seeks summary judgment reclassifying the Disputed Priority Claims listed in **Exhibit B** as general unsecured claims. None of the claims listed in **Exhibit B** fall within the ten types of claims entitled to priority status under § 507. These claimants have produced no evidence or documentation supporting their contention that they should be treated as priority Claims. Furthermore, the USACM Trust has been unable to find any evidence in its own records that the Disputed Priority Claims are entitled to priority status.

### V.   CONCLUSION

For the reasons discussed above, the USACM Trust requests that the Court enter summary judgment reclassifying the claims identified in **Exhibit A** and **Exhibit B** as general unsecured claims (albeit subject to possible additional objections). The USACM Trust also requests such other and further relief as is just and proper.

Dated July 30, 2007.

LEWIS AND ROCA LLP


By /s/ RC (#6593)
Susan M. Freeman, AZ 4199 (*pro hac vice*)
Rob Charles, NV 6593
John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: rcharles@lrlaw.com
*Attorneys for the USACM Liquidating Trust*