**EXHIBIT 1**

1819605.1

**LEWIS AND ROCA LLP**
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398

40 North Central Avenue
Phoenix, Arizona 85004

Susan M. Freeman, AZ State Bar No. 004199
E-mail: sfreeman@lrlaw.com
Rob Charles, NV State Bar No. 006593
E-mail: rcharles@lrlaw.com
John Hinderaker, AZ State Bar No. 018024
E-mail: jhindera@lrlaw.com

Attorneys for the USACM Liquidating Trust

E-Filed on 7/30/07

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br><br>                    Debtors.<br><br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725-LBR<br><br>**Declaration Of Geoffrey L. Berman In Support Of Motion For Summary Judgment Regarding (1) Responses To The USACM Trust's First Through Thirty-Third Omnibus Objections To Claims Asserting A Secured Status; (2) Responses to First Through Third Omnibus Objections To Claims Asserting A Priority Status; And (3) Newly Alleged Secured And Priority Claims** |

Geoffrey L. Berman declares under penalty of perjury:

1. I am an adult person competent to testify in court.

2. I make this declaration based upon my personal knowledge, and upon the records of USA Commercial Mortgage Company ("USACM"), including USACM's books

and records, a lien search in the state of Nevada (as USACM was incorporated in Nevada), USACM's schedules of liabilities and the proofs of claim and responses described herein.

3. I am the Trustee of the USACM Liquidating Trust ("USACM Trust"), which is an entity created by the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization ("Plan"), in the jointly-administered bankruptcy cases, *In re USA Commercial Mortgage Company*, BK-S-06-10725-LBR, pending in the United States Bankruptcy Court for the District of Nevada.

4. On April 13, 2006 ("Petition Date"), USA Commercial Mortgage Company ("USACM") filed a voluntary petitions for relief under chapter 11 of the Bankruptcy Code. USACM continued to operate its businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. USACM is a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.

6. This business included the solicitation of individual investors to purchase fractional interests in loans that USACM originated and then serviced. These investors, totaling approximately 3,600 as of the Petition Date, are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

7. The Plan was confirmed by the Bankruptcy Court's January 8, 2007 Order ("Confirmation Order"). There is no order pending that stays the effect of the Confirmation Order pending appeal.

8. The USACM Trust became effective on the Effective Date of the Plan, March 12, 2007. On the Effective Date, I began acting as Trustee.

9. As Trustee, I am the custodian of records of the USACM Trust, as well as of the records of USAM turned over to the USACM Trust pursuant to the confirmed Plan.

10. Since I was selected as the Trustee, subject to entry of the confirmation order, I have spent significant time familiarizing myself with the books, records, assets and liabilities of USA Commercial Mortgage Company ("USACM") and the responsibilities of

the USACM Trust as successor to USACM. I have also spent substantial time familiarizing myself with pending disputes, including resolution of claims.

11. I submit this declaration in support of the USACM Trust's Motion for Summary Judgment Regarding (1) Responses to the USACM Trust's First through Third-Third Omnibus Objections to Claims Asserting a Secured Status; (2) Responses to the USACM Trust's First through Third Omnibus Objections to Claims Asserting a Priority Status; And (3) Newly Alleged Secured And Priority Claims.

12. USACM's claims and noticing agent received approximately 2,436 proofs of claim as of January 13, 2007, asserting claims totaling more than $997,000,000, plus unknown amounts based on unliquidated Claims.

13. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

14. On March 20, 2003, USACM filed its (i) *First through Thirty-Third Omnibus Objections to Claims Asserting Secured Status* ("Secured Claim Objections") [DE 3133-3192]. On March 23, 2007, it filed its *First through Third Omnibus Objections to Claims Asserting Priority Status* ("Priority Claim Objections") [DE 3257-3261]. The Secured Claim Objections and Priority Claims Objections are collectively referred to herein as the "Original Objections."

15. The Court set April 19, 2007 as the deadline to file a response to the Original Objections. As to those claimants who did not file responses to the Original Objections, the Court sustained the objections and reclassified the claims. As to some of the claimants who filed responses to the Original Objections, USACM entered into stipulations to reclassify the claims with the claimants.

16. On May 14, 2007, this Court entered its Stipulated Order Re Notice of Amended Schedules and Deadline to File Proofs of Claim [DE 3726] extending the deadline to amend proofs of claim for those persons and entities adversely affected by USACM's March 7, 2007 amendments to Schedules E, F, F-1 and G and filing of a new

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

1827430.1

schedule F-2 by 30 days from notice of the order. Service was accomplished by mail on May 24, 2007 [DE 3857].

17. Following the Court's May 14, 2007 order, some creditors filed amended proofs of claim within the time allotted that again improperly asserted secured or priority status. Also, altogether new claims were filed after May 14, 2007 that likewise asserted secured or priority status without legitimate basis.

18. **Exhibit A** to this Declaration is a list of the claimants who have improperly asserted secured claims and whose claims have not yet been reclassified as general unsecured claims ("Disputed Secured Claims"). This list includes those claimants who responded to the Secured Claim Objections, but did not enter into stipulations to reclassify their claims, and those claimants who, after the Secured Claim Objections were filed, submitted new proofs of claim that improperly asserted secured claims.

19. The claimants who filed Disputed Secured Claims allege that because their loan investments serviced by USACM were secured by collateral of the Borrowers, any claim they might have asserted against USACM would also be secured.

20. USACM has no property that serves as collateral for the Direct Lender loans serviced by USACM. Having reviewed lien searches and the books and records of USACM, there is no document or other evidence that any of the holders of the Alleged Secured Claims were granted a security interest in any property of USACM, or that any such security interest was perfected under applicable law.

21. **Exhibit B** to this Declaration is a list of the claimants who have improperly asserted priority claims and whose claims have not yet been reclassified as general unsecured claims ("Disputed Priority Claims"). This list includes those claimants who responded to the Priority Claim Objections, but did not enter into stipulations to reclassify their claims and those claimants who, after the Priority Claim Objections were filed, submitted new proofs of claim that improperly asserted priority status.

22. I have reviewed the definitions of priority claims under 11 U.S.C. § 507. There is no basis in the Disputed Priority Claims, the Responses or in the books and records of the Debtors that would support a priority claim for any of the claimants.

I declare under penalty of perjury that the foregoing is true and correct.

Executed Monday, July 30, 2007 at Los Angeles, California.

<u>s/ Geoffrey L. Berman</u>
Geoffrey L. Berman, Trustee
USACM Liquidating Trust
gberman@dsi.biz
c/o Development Specialists, Inc.
333 South Grand Avenue, Suite 4070
Los Angeles, CA 90071-1544

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

1827430.1