Robert J. Moore
Tyson M. Lomazow
MILBANK, TWEED, HADLEY & McCLOY, LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone No.: (212) 530-5367
Facsimile No.: (212) 822-5367

E-Filed on July 30, 2007

Peter C. Bernhard (Nevada Bar No. 0734)
Georganne W. Bradley (Nevada Bar No. 1105)
BULLIVANT HOUSER BAILEY PC
3883 Howard Hughes Pkwy., Ste. 550
Las Vegas, NV 89169
Telephone No.: (702) 669-3600
Facsimile No.: (702) 650-2995
E-Mail: peter.bernhard@bullivant.com

Counsel for Compass USA SPE LLC and
Compass Financial Partners LLC

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | *EX PARTE* APPLICATION TO FILE MOTION OF COMPASS FINANCIAL PARTNERS LLC FOR ORDER PURSUANT TO 11 U.S.C. § 105 FOR RELIEF FROM JUNE 20, 2007 STANDSTILL ORDER AND PERMISSION TO CONDUCT FORECLOSURE SALES UNDER SEAL |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Date of Hearing: N/A<br>Time of Hearing: N/A |

Compass USA SPE LLC, and its servicer, Compass Financial Partners LLC (together, "Compass"), the purchaser of substantially all of the assets of USA Capital First Trust Deed Fund, LLC and USA Commercial Mortgage Company ("USACM"), by and through its counsel, hereby files this *Ex Parte* Application to File Motion of Compass Financial Partners, LLC for Order Pursuant to 11 U.S.C. § 105 for Relief from June 20, 2007 Standstill Order and Permission to Conduct Foreclosure Sales Under Seal (the "Application"). This Application is being made pursuant to section 107 of chapter 11, title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018 of the Local Bankruptcy Rules for the District of Nevada (the "Local Rules"). As set forth below, Compass respectfully requests that this Court seal the Motion of Compass Financial Partners, LLC for Order Pursuant to 11 U.S.C. § 105 For Relief from June 20, 2007 Standstill Order and Permission to Conduct Foreclosure Sales (the "Foreclosure Motion")[1] and any responses that may be filed thereto, and order that any party who obtains a copy of the Foreclosure Motion be required to keep it confidential.

## FACTUAL BACKGROUND

1.  On February 16, 2007, Compass, USACM and its debtor affiliates consummated a sale transaction under which Compass acquired pursuant to an Order of this Court, *inter alia*, an assignment of the rights of USACM under certain Loan Servicing Agreements, including the right to act as loan servicer with respect to a portfolio of approximately 65 commercial mortgage loans originated and formerly serviced by USACM (collectively, the "Loans"). The terms of the sale and assignment

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Foreclosure Motion.

NY2:#4750244v1
07/30/07 5:39 PM

were set forth in an Asset Purchase Agreement, dated December 8, 2006, approved by an order of the Bankruptcy Court dated January 8, 2007 (the "Confirmation Order"). Compass' acquisition of the assets was free and clear of all liens, claims, encumbrances and other interests pursuant to section 363(f) of chapter 11, title 11 of the United States Code (the "Bankruptcy Code").

        2.       On May 18, 2007, Donna Cangelosi, a Direct Lender allegedly acting on behalf of certain other Direct Lenders in the Loans, sent Compass correspondence purporting to "terminate" Compass as loan servicer of fifty (50) of the Loans allegedly in accordance with Nevada Administrative Code Section 645B.073. The purported "termination" was not made pursuant to, or consistent with the terms of, the governing Loan Servicing Agreements. Cangelosi also mailed correspondence to each borrower in the fifty Loans (collectively, the "Borrowers") asserting that Compass was not authorized to act on behalf of the Direct Lenders for any purpose, and admonishing the Borrowers that any payments on the Loans made by the Borrowers to Compass would be at the Borrower's "peril."

        3.       In view of the massive disruption and harm precipitated by the improper Cangelosi communications, on May 25, 2007, Compass filed with this Court the Emergency Motion of Compass Financial Partners LLC For Order Pursuant to 11 U.S.C. §§105 and 1141 Enforcing Confirmation Order and For Civil Contempt Sanctions, dated May 25, 2007 (the "Enforcement Motion"). On June 20, 2007, following extensive oral argument and supplemental briefing, the Bankruptcy Court ordered that the purported termination of Compass was ineffectual and that Compass remains the loan servicer for all the Loans, pending a determination of the merits of the purported termination or

further order of the Court. The Bankruptcy Court's ruling was further set forth in a detailed memorandum opinion entered on July 2, 2007.[2]

4. Notwithstanding the imposition of such a temporary stay, the Court further ruled at the June 20, 2007 hearing to consider the Enforcement Motion that it would conduct a hearing on one weeks' notice of any request by Compass for relief from the stay to permit a specific Loan to proceed to foreclosure sale.

## RELIEF REQUESTED

5. Simultaneously herewith, Compass is filing the Foreclosure Motion for relief from the Court's June 20, 2007 ruling in order to conduct foreclosure sales of the real property collateral securing certain of the Loans.

6. As noted at the June 20, 2007 hearing, the details concerning Compass' request to foreclose on the real property collateral securing the Loans may contain material non-public information, the public dissemination of which could negatively impact the rights of Compass and the Direct Lenders. Accordingly, Compass requests the Court enter an order pursuant to section 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018 authorizing the filing of the Foreclosure Motion under seal.

## APPLICABLE AUTHORITY

7. Section 107 of the Bankruptcy Code and applicable case law provide ample authority for the Court to grant Compass the right to file the Foreclosure Motion

---

[2] The Court made certain rulings at a hearing held on June 20, 2007 that were to be reflected in a written order of the Court. A hearing was held on July 27, 2007 with respect to certain disputes between the parties as to the appropriate wording of such order, which disputes were resolved by further rulings of the Court at the July 27, 2007 hearing. It is anticipated that the final form of order will be entered into the docket of these cases in the near future.

under seal. Section 107 of the Bankruptcy Code pertains to public access to pleadings and provides, in relevant part:

> (a) Except as provided in subsections (b) and (c) of this section…a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.
> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>     (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]

11 U.S.C. § 107.

8.   Courts interpreting section 107 of the Bankruptcy Code have held that if the information that the party requests be filed under seal fits into any of the categories set forth in section 107(b)(1)—a trade secret, confidential research, development, or commercial information—"the court is *required* to protect a requesting interested party and has no discretion to deny the application." Video Software Dealers Ass'n v. Orion Pictures Corp.(In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994).

9.   In In re Orion Pictures Corp., the Second Circuit defined "commercial information" as information which would give competitors an "unfair advantage." Id. (sealing all documents relating to a promotional agreement because they gave Orion's competitors an unfair advantage by interfering with Orion's ability to negotiate future promotional agreements). See also In re The 1031 Tax Group, LLC, Case No. 07-11448 (MG), 2007 Bankr. LEXIS 2221, at *5-6 (Bankr. S.D.N.Y. June 22, 2007) (sealing information concerning certain non-debtor property that was the subject of "time-sensitive, confidential negotiations" with a third party, the success of which were of critical significance); In re Northstar Energy, Inc., 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) (sealing investor list because it would "likely be utilized" by competitors).

Further, the party requesting the information be sealed need not be the debtor in possession. In re Nunn, 49 B.R. 963, 963-64 (Bankr. E.D. Va. 1985).

> Rule 9018 of the Rules of Bankruptcy Procedure sets forth the procedure for invoking section 107(b). The rule provides that the court on motion or *sua sponte* may enter an order "to protect the estate *or any entity* in respect of a trade secret or other confidential research, development, or commercial information . . . ." (emphasis added). R. Bank. P. 9018. The term entity is used both in Rule 9018 and in section 107(b). *Id.; 11 U.S.C. § 107(b)*. Entity is defined as including a "person, estate, trust, and governmental unit." *11 U.S.C. § 101(14)*. In turn, a "person" includes an "individual, partnership, and corporation." *11 U.S.C. § 101(33)*. There is no doubt but that an organization such as NCE would be included within the protective scope of *Rule 9018*.

Id.

10.   Even if the Foreclosure Motion is determined to contain information that is not "commercial information," courts have held that information that does not meet the "unfair advantage" standard set forth above may nonetheless be sealed. In re Lomas Fin. Corp., No. 90 Civ. 7827 (LLS), 1991 U.S. Dist. LEXIS 1589, at *4 (S.D.N.Y. February 11, 1991) (sealing confidential information in a plan of re-organization that had potential to affect the market and have a chilling effect on negotiations).

> The Creditors' Committee argues that the term "commercial information" in *section 107(b)(1)* protects only information that may give a debtor's competitors an unfair advantage....That interpretation is too narrow....Here the bankruptcy court faced a situation in which it could reasonably determine that allowing disclosure in the Response would put into the hands of members of the Creditors' Committee the ability to affect the market...by what they disclose about the negotiations...and have a chilling effect on negotiations, ultimately affecting the viability of Debtors.

Id. at *5 (internal citations omitted). A similar decision was reached by the Bankruptcy Court for the District of Vermont in In re Hemple, in which the Court held that the test to determine whether information should be sealed or released to the public "must be

flexible and vary according to the nature of the settlement and the specific extent and core-ness of the impact of the settlement on the bankruptcy case." 295 B.R. 200, 202 (Bankr. D.Vt. 2003).

11.  Compass does not believe the sealing of the Foreclosure Motion will be detrimental to the concept of providing public access to pleadings. Compass submits that the details concerning Compass' request to foreclose on the real property collateral contains material non-public commercial information, the public dissemination of which may negatively impact the rights of Compass and the Direct Lenders. Compass will provide a copy of the Foreclosure Motion to the Law Offices of Alan R. Smith, Esq. and the Office of the United States Trustee for the District of Nevada.

## CONCLUSION

12.  Compass requests that this Application be granted, and that the Court seal the Foreclosure Motion and any responses that may be filed thereto, and order that any party who obtains a copy of the Foreclosure Motion be required to keep it confidential.

*[signature: Deanganne W. Bradley for]*
Robert J. Moore
Tyson M. Lomazow
MILBANK, TWEED, HADLEY & McCLOY, LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone No.: (212) 530-5367
Facsimile No.:  (212) 822-5367

and

Peter Bernhard (State Bar No. 734)
Georganne W. Bradley (State Bar No. 1105)
Bullivant Houser Bailey PC
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
peter.bernhard@bullivant.com
Telephone No.: (702) 650-6565
Facsimile No.: (702) 650-2995

Counsel for Compass USA SPE LLC and
Compass Financial Partners LLC