Robert J. Moore
Tyson M. Lomazow
MILBANK, TWEED, HADLEY & McCLOY, LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone No.: (212) 530-5367
Facsimile No.: (212) 822-5367

Peter C. Bernhard (Nevada Bar No. 734)
Georganne W. Bradley (Nevada Bar No. 1105)
BULLIVANT HOUSER BAILEY PC
3883 Howard Hughes Pkwy., Ste. 550
Las Vegas, NV 89169
Telephone No.: (702) 669-3600
Facsimile No.: (702) 650-2995
**Counsel for Compass Financial Partners LLC**

**E-filed on August 1, 2007**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>        Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>        Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>        Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND,<br>LLC,<br>        Debtor. | **NOTICE OF ENTRY OF<br>SUPPLEMENTAL ORDER<br>RE: EMERGENCY MOTION OF<br>COMPASS FINANCIAL PARTNERS LLC<br>FOR ORDER PURSUANT TO 11 U.S.C. §§<br>105 AND 1141 ENFORCING<br>CONFIRMATION ORDER AND<br>FOR CIVIL CONTEMPT SANCTIONS** |
| In re:<br>USA SECURITIES, LLC,<br>        Debtor. | |
| Affects:<br>  ☐ All Debtors<br>  ☒ USA Commercial Mortgage Company<br>  ☐ USA Securities, LLC<br>  ☐ USA Capital Realty Advisors, LLC<br>  ☐ USA Capital Diversified Trust Deed Fund,<br>     LLC<br>  ☐ USA First Trust Deed Fund, LLC | Date: June 20, 2007<br>Time: 10:30 a.m. |

*Bullivant|Houser|Bailey PC*
*3980 Howard Hughes Pkwy., Suite. 550*
*Las Vegas, NV 89169*
*Telephone: (702) 650-6565*
*Facsimile: (702) 650-2995*

– 1 –

**Bullivant|Houser|Bailey PC**
3980 Howard Hughes Pkwy., Suite. 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

1      PLEASE TAKE NOTICE that a Supplemental Order Re: Emergency Motion of

2  Compass Financial Partners LLC for Order Pursuant to 11 U.S.C. §§ 105 and 1141 Enforcing

3  Confirmation Order and for Civil Contempt Sanctions (the "Order") was entered on the Court's

4  docket on August 1, 2007.  A copy of the Order is attached hereto.

5      Dated this 1st day of August 2007.

6                     MILBANK, TWEED, HADLEY & McCLOY, LLP
-and-

7                     BULLIVANT HOUSER BAILEY, PC

8

9      By:___*/s/ Georganne W. Bradley*_____
               Georganne W. Bradley, Esq.

10              3883 Howard Hughes Pkwy., Ste. 550
              Las Vegas, Nevada 89169
           *Attorneys for Compass Financial Partners, LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case: 06-10725-lbr    Doc #: 4402    Filed: 08/01/2007    Page: 1 of 8

**Entered on Docket**
**August 01, 2007**

Hon. Linda B. Riegle
**United States Bankruptcy Judge**

Robert J. Moore
Tyson M. Lomazow
MILBANK, TWEED, HADLEY & McCLOY, LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone No.: (212) 530-5367
Facsimile No.: (212) 822-5367

Peter C. Bernhard (Nevada Bar No. 0734)
Georganne W. Bradley (Nevada Bar No. 1105)
BULLIVANT HOUSER BAILEY PC
3980 Howard Hughes Pkwy., Ste. 550
Las Vegas, NV 89169
Telephone No.: (702) 650-6565
Facsimile No.: (702) 650-2995
E-Mail: peter.bernhard@bullivant.com

**Counsel for Compass Financial Partners LLC**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND,<br>LLC,<br>Debtor. | **SUPPLEMENTAL ORDER RE:**<br>**EMERGENCY MOTION OF COMPASS**<br>**FINANCIAL PARTNERS LLC FOR** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **ORDER PURSUANT TO 11 U.S.C. §§**<br>**105 AND 1141 ENFORCING**<br>**CONFIRMATION ORDER AND FOR** |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund,<br>   LLC<br>☐ USA First Trust Deed Fund, LLC | **CIVIL CONTEMPT SANCTIONS**<br><br>Date: June 20, 2007<br>Time: 10:30 p.m. |

*Bullivant|Houser|Bailey PC*
*3980 Howard Hughes Pkwy., Suite 550*
*Las Vegas, NV 89169*
*Telephone: (702) 650-6565*
*Facsimile: (702) 650-2995*

On June 20, 2007, this Court (the "Court") conducted a continued hearing to determine

whether it had subject matter jurisdiction to consider the Motion of Compass Financial Partners

LLC and Compass USA SPE LLC (together, "Compass") for Order Pursuant to 11 U.S.C. §§

– 1 –

1   105 and 1141 Enforcing Confirmation Order and for Civil Contempt Sanctions (the "Motion"),

2   which was filed by Compass on May 25, 2007, and the Complaint for Declaratory Relief and

3   Damages filed on May 21, 2007 in the United States District Court for the District of Nevada

4   entitled *3685 San Fernando Lenders, LLC, et al. vs. Compass USA SPE, LLC, et al.,* Case No.

5   07-CV-0224-ECR-VAC (the "Complaint"), which was removed by Compass to, and is currently

6   pending before, this Court in Adv. Proc. No. 07-01076 (the "Adversary Proceeding").

7   Appearances of counsel were noted on the record at the hearing. Capitalized terms not

8   otherwise defined herein shall have the meanings ascribed to them in the Motion.

9         The Court having heard oral argument of counsel and other interested persons, having

10  read and considered all pleadings and papers filed in support of and in opposition to the Motion,

11  and having read and considered all statements made, and all pleadings and papers on file herein,

12  that are, in the opinion of this Court, relevant to the issues currently before the Court, and

13  having entered a Recommendation For Withdrawal of the Reference as it applies to the Motion

14  and the Adversary Proceeding, and it appearing that interim relief is required so that borrowers

15  will not use the dispute between Compass and the plaintiffs in the above-referenced Complaint

16  and their respective assignors (collectively, the "Plaintiff Lenders") as an excuse not to remit

17  payments and so that funds collected can be distributed to all Direct Lenders, especially those

18  not involved in this dispute, but it further appearing that the rights of the Plaintiff Lenders must

19  be preserved such that if a Plaintiff Lender or Plaintiff Lenders validly have terminated

20  Compass, such Plaintiff Lender or Plaintiff Lenders will be in a position to take further action in

21  accordance with their contractual rights and otherwise applicable law; and for good cause

22  appearing,

23        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Court has subject

24  matter jurisdiction over the Motion and the Adversary Proceeding, but finds that withdrawal of

25  the reference is appropriate in this case, for the reasons stated in this Court's memorandum

26  decision dated July 2, 2007, and as stated in this Court's Order Recommending Withdrawal of

27  the Reference; and

28

Bullivant|Houser|Bailey PC
3980 Howard Hughes Pkwy., Suite. 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

-2-

Case: 06-10725-lbr    Doc #: 4402    Filed: 08/01/2007    Page: 3 of 8

1    IT IS FURTHER ORDERED that jurisdiction shall remain with this Court to consider

2    the Motion and the Adversary Proceeding unless and until the United Stated District Court for

3    the District of Nevada (the "District Court") orders that the reference be withdrawn in whole or

4    in part and all matters regarding whether the reference shall be withdrawn shall proceed in the

5    District Court; provided, however, that notwithstanding the above, the Court shall retain

6    jurisdiction as set forth below until further order of the Court or the District Court; and

7    IT IS FURTHER ORDERED that, pending further order of the Court, the status quo as

8    of May 15, 2007 is and shall be preserved such that Compass shall be and remain the loan

9    servicer with respect to all loans for which it acquired servicing rights pursuant to that certain

10    Asset Purchase Agreement dated December 8, 2006, approved by Order of this Court entered

11    January 8, 2007 (each a "Loan," and collectively, the "Loans"); and

12    IT IS FURTHER ORDERED that pending further order of the Court, no Direct Lender

13    shall initiate contact with the borrower in any Loan which (i) undermines Compass' exclusive

14    authority to act on behalf of the Direct Lenders as loan servicer, or (ii) purports that an entity

15    other than Compass is authorized to negotiate with the borrower on behalf of the Direct Lenders

16    in such Loan; and

17    IT IS FURTHER ORDERED that within three (3) business days of the date of entry of

18    this Order, the Law Offices of Alan R. Smith shall cause the Plaintiff Lenders to mail

19    correspondence (previously reviewed and approved by Compass) to the borrower on each Loan

20    for which the Plaintiff Lenders attempted to terminate Compass as servicer on May 18, 2007,

21    enclosing a copy of this Order, and providing that (i) the Plaintiff Lenders' May 18, 2007

22    correspondence to each such borrower was ineffectual, (ii) Compass remains the exclusive

23    entity authorized to act on behalf of the Direct Lenders in such Loan, and (iii) all payments on

24    the Loan should continue to be made directly to Compass, pending further order of the Court;

25    and

26    IT IS FURTHER ORDERED that, pending further order of the Court, all amounts due

27    and owing under or in connection with the Loans (the "Payments") shall continue to be paid

28    directly to Compass and that all Direct Lenders shall be enjoined, prevented and restrained from

Bullivant|Houser|Bailey PC
3980 Howard Hughes Pkwy., Suite. 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

–3–

1   any communication with borrowers that would otherwise direct the borrowers to make

2   payments to an individual or entity other than Compass; and

3        IT IS FURTHER ORDERED that, pending further order of the Court, Compass shall be

4   entitled to deduct and retain from Payments received the amount of its accrued and unpaid

5   servicing fees then due to Compass, provided, however, that any amounts relating to default

6   interest, late charges, or non-servicing fees shall be held in the Direct Lender remittance account

7   established and maintained by Compass, and provided, further, that notwithstanding the above,

8   in the event Compass receives Payments from a borrower in respect of a Loan (i) in which

9   Compass holds one hundred percent (100%) of the beneficial interests of record, or (ii) which

10  satisfy in full all current obligations due and owing under the governing loan documents

11  (including default interest, late charges, and non-servicing fees), then Compass shall be

12  permitted to deduct and retain from such Payments received any amounts relating to default

13  interest, late charges, and non-servicing fees; and

14       IT IS FURTHER ORDERED that in the event the Plaintiff Lenders hold one hundred

15  percent (100%) of the beneficial interests of record in a Loan, they shall have the right to direct

16  Compass not to take any further action to pursue recovery from borrowers of outstanding

17  amounts due with respect to such Loan; provided, however, that Compass shall remain loan

18  servicer of such Loan, pending further order of the Court; and

19       IT IS FURTHER ORDERED that pending further order of the Court, effective May 15,

20  2007, all Direct Lenders shall be enjoined, prevented and restrained from terminating Compass,

21  or effectuating any change or replacement of Compass as their loan servicer; and

22       IT IS FURTHER ORDERED that pending further order of the Court, Direct Lenders

23  shall be enjoined, prevented and restrained from sending out any notice to Compass, or to any

24  third-party borrowers on loans made by the Direct Lenders, purporting to terminate or replace

25  Compass as their loan servicer; and

26       IT IS FURTHER ORDERED that this Court shall hold a status conference with respect

27  to the Motion and the Adversary Proceeding on August 17, 2007 at 10:30 a.m.; and

28

Bullivant|Houser|Bailey PC
3980 Howard Hughes Pkwy., Suite 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

– 4 –

1    IT IS FURTHER ORDERED that prior to August 17, 2007, Compass shall not complete

2  a foreclosure sale of any real property collateral for any Loan (the "Collateral") absent further

3  order of the Court or the approval of the holders of fifty-one-percent (51%) or more of the

4  beneficial interests of record in the particular Loan; provided that (i) Compass remains

5  authorized to continue to initiate and pursue foreclosure sales with respect to Collateral up until

6  the point of completing such sales, and (ii) subject to this Court's calendar, Compass shall be

7  permitted to schedule a hearing with respect to a request for Court approval to complete a

8  foreclosure sale upon at least seven (7) days notice to the Law Offices of Alan R. Smith.

9    IT IS FURTHER ORDERED that the Court shall deem and treat the Motion as an

10  adversary proceeding to permit the parties to commence discovery on the issues raised in the

11  Motion in compliance with a discovery plan approved by this Court, and that the rules set forth

12  in Rule 9014(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

13  including all provisions of Bankruptcy Rule 7026, are applicable to the matters raised by the

14  Motion; provided that, notwithstanding Rule 7026 of the Local Rules of Bankruptcy Procedure,

15  the parties shall meet and confer within five (5) days and shall submit a discovery plan within

16  seven (7) days of the date this Order is entered.

17

| Submitted by: | Approved/Disapproved by: |
|---|---|
| MILBANK, TWEED, HADLEY & McCLOY, LLP<br>-and-<br>BULLIVANT HOUSER BAILEY PC<br><br>By: _____<br>    Georganne W. Bradley, Esq.<br><br>*Attorneys for Compass Financial Partners* | LAW OFFICES OF ALAN R. SMITH<br><br>By: _____<br>    Alan R. Smith, Esq.<br><br>*Attorneys for Lenders Protection Group* |
| | **Approved/Disapproved by:**<br>OFFICE OF THE U.S. TRUSTEE<br><br>By: _____<br>    August B. Landis, Esq. |

Bullivant|Houser|Bailey PC
3980 Howard Hughes Pkwy., Suite 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

-5-

1    IT IS FURTHER ORDERED that prior to August 17, 2007, Compass shall not complete

2    a foreclosure sale of any real property collateral for any Loan (the "Collateral") absent further

3    order of the Court or the approval of the holders of fifty-one-percent (51%) or more of the

4    beneficial interests of record in the particular Loan; provided that (i) Compass remains

5    authorized to continue to initiate and pursue foreclosure sales with respect to Collateral up until

6    the point of completing such sales, and (ii) subject to this Court's calendar, Compass shall be

7    permitted to schedule a hearing with respect to a request for Court approval to complete a

8    foreclosure sale upon at least seven (7) days notice to the Law Offices of Alan R. Smith.

9    IT IS FURTHER ORDERED that the Court shall deem and treat the Motion as an

10   adversary proceeding to permit the parties to commence discovery on the issues raised in the

11   Motion in compliance with a discovery plan approved by this Court, and that the rules set forth

12   in Rule 9014(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

13   including all provisions of Bankruptcy Rule 7026, are applicable to the matters raised by the

14   Motion; provided that, notwithstanding Rule 7026 of the Local Rules of Bankruptcy Procedure,

15   the parties shall meet and confer within five (5) days and shall submit a discovery plan within

16   seven (7) days of the date this Order is entered.

17

18   | Submitted by: | Approved/Disapproved by: |
19   | MILBANK, TWEED, HADLEY & McCLOY, LLP | LAW OFFICES OF ALAN R. SMITH |
20   | -and- | By: _____ |
21   | BULLIVANT HOUSER BAILEY PC | Alan R. Smith, Esq. |
22   | By: _Georganne W. Bradley_ | Attorneys for Lenders Protection Group |
23   | Georganne W. Bradley, Esq. | |
24   | Attorneys for Compass Financial Partners | |
25   | | Approved/Disapproved by: |
26   | | OFFICE OF THE U.S. TRUSTEE |
27   | | By: _____ |
28   | | August B. Landis, Esq. |

*(left margin, vertical text)*
Bullivant|Houser|Bailey PC
3980 Howard Hughes Pkwy., Suite 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

1    IT IS FURTHER ORDERED that prior to August 17, 2007, Compass shall not complete

2    a foreclosure sale of any real property collateral for any Loan (the "Collateral") absent further

3    order of the Court or the approval of the holders of fifty-one-percent (51%) or more of the

4    beneficial interests of record in the particular Loan; provided that (i) Compass remains

5    authorized to continue to initiate and pursue foreclosure sales with respect to Collateral up until

6    the point of completing such sales, and (ii) subject to this Court's calendar, Compass shall be

7    permitted to schedule a hearing with respect to a request for Court approval to complete a

8    foreclosure sale upon at least seven (7) days notice to the Law Offices of Alan R. Smith.

9    IT IS FURTHER ORDERED that the Court shall deem and treat the Motion as an

10    adversary proceeding to permit the parties to commence discovery on the issues raised in the

11    Motion in compliance with a discovery plan approved by this Court, and that the rules set forth

12    in Rule 9014(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

13    including all provisions of Bankruptcy Rule 7026, are applicable to the matters raised by the

14    Motion; provided that, notwithstanding Rule 7026 of the Local Rules of Bankruptcy Procedure,

15    the parties shall meet and confer within five (5) days and shall submit a discovery plan within

16    seven (7) days of the date this Order is entered.

17

| 18 | Submitted by: | Approved/Disapproved by: |
|----|----|----|
| 19 | MILBANK, TWEED, HADLEY & McCLOY, LLP | LAW OFFICES OF ALAN R. SMITH |
| 20 | -and- BULLIVANT HOUSER BAILEY PC | By: _____ |
| 21 | | Alan R. Smith, Esq. |
| 22 | By: _____ | *Attorneys for Lenders Protection Group* |
| 23 | Georganne W. Bradley, Esq. | |
| 24 | *Attorneys for Compass Financial Partners* | |
| 25 | | Approved/Disapproved by: |
| 26 | | OFFICE OF THE US TRUSTEE |
| 27 | | By: _____ |
| 28 | | August B. Landis, Esq. |

- 5 -

Bullivant|Houser|Bailey PC

3980 Howard Hughes Pkwy., Suite 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

In accordance with Local Rule 9021, the undersigned certifies:

_____ The court waived the requirements of LR 9021.

_____ No parties appeared or filed written objections, and there is no trustee appointed in the case.

___✓___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below:

Alan R. Smith, Esq. :    _Approved 7/31/07_

Office of U.S. Trustee:    _Approved 8/1/07_

BULLIVANT HOUSER BAILEY P.C.

By: _Georganne W. Bradley_
        Georganne W. Bradley, Esq.

Bullivant|Houser|Bailey PC
3980 Howard Hughes Pkwy., Suite 550
Las Vegas, NV 89169
Telephone: (702) 650-6565
Facsimile: (702) 650-2995

–6–