Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com
and
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
Attorneys for Debtors

E-FILED ON AUGUST 7, 2007

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case Nos. BK-S-06-10725 LBR<br>Case Nos. BK-S-06-10726 LBR<br>Case Nos. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case Nos. BK-S-06-10728 LBR<br>Case Nos. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |

/ / /

/ / /

|   |   |
|---|---|
| USA COMMERCIAL MORTGAGE COMPANY,<br><br>            Plaintiff,<br><br>vs.<br><br>COMPASS USA SPE LLC,<br><br>            Defendant. | Adversary No.<br><br><br>**COMPLAINT** |

USA Commercial Mortgage Company ("USACM" or "Debtor") as its Complaint against Compass USA SPE LLC ("Compass" or "Defendant") states as follows:

## PARTIES

1. The jointly administered Debtors, including USACM, filed voluntary petitions for relief on April 13, 2006 (the "Petition Date").

2. Defendant is a limited liability company that purchased assets from USACM and certain other of the jointly administered estates.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and parties to this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), 11 U.S.C. § 541, and Fed. R. Bankr. P. 7001.

4. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

5. Venue is proper in this court pursuant to 28 U.S.C. § 1409.

6. In the agreement which is the subject of this action, defendant expressly consented to the jurisdiction of this court.

## CLAIM FOR RELIEF

7. In connection with the sale of the assets by USACM, USACM and Compass entered into a Subservicing Agreement (the "Agreement"), dated as of February 16, 2007, a copy of which is attached hereto as Exhibit A and incorporated herein.

8. USACM has fully performed its obligations to Compass under the Agreement.

9. Although USACM invoiced Compass for the amounts owed, Compass has failed to pay, thereby defaulting on its obligation evidenced by the Agreement.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1      10.     Compass is liable to USACM for the sum of Two Hundred Fifty Eight Thousand Nine Hundred Ninety-Six Dollars (258,996.00), the amount rightfully due to USACM under the terms of the Agreement.

       11.     USACM has made demand upon Compass for payment of the above amount. Compass has refused to pay USACM.

       12.     USACM is entitled to recover from Compass the amount due to it under the terms of the Agreement.

       13.     Pursuant to the Agreement, USACM is entitled to recover from Compass the reasonable attorney's fees and costs incurred by USACM.

       WHEREFORE, USA Commercial Mortgage Company prays for judgment on its Claim for Relief against Compass USA SPE LLC as follows:

       1.      for judgment in the sum of Two Hundred Fifty-Eight Thousand Nine Hundred Ninety-Six Dollars ($258,996.00).

       2.      for interest thereon at the legal rate of interest until entry of judgment and at the judgment rate of interest thereon, until paid in full;

       3.      for all costs incurred;

       4.      for reasonable attorney fees; and

       5.      for such other relief as the court deems appropriate.

       DATED this 7th day of August, 2007.

                                    Annette W. Jarvis, Utah Bar No. 1649
                                    Steven C. Strong, Utah Bar No. 6340
                                    RAY QUINNEY & NEBEKER P.C.
                                    36 South State Street, Suite 1400
                                    P.O. Box 45385
                                    Salt Lake City, Utah 84145-0385

                                    and

                                     /s/ Jeanette E. McPherson
                                    Lenard E. Schwartzer, Nevada Bar No. 0399
                                    Jeanette E. McPherson, Esq., Nevada Bar No. 5423
                                    SCHWARTZER & MCPHERSON LAW FIRM
                                    2850 South Jones Boulevard, Suite 1
                                    Las Vegas NV  89146
                                    Attorneys for Debtors

3
P:\USA Commercial Mortgage\Adversary Proceedings\USACM v Compass USA SPE\Complaint.doc

# EXHIBIT "A"

# SUBSERVICING AGREEMENT

THIS SUBSERVICING AGREEMENT (the "Agreement") is executed this ___ day of February 2007, by and between **USA COMMERCIAL MORTGAGE COMPANY**, a Nevada corporation (the "Company") and **COMPASS USA SPE LLC**, as successor in interest to Compass Partners, LLC ("Compass"). The Company and Compass shall sometimes hereinafter be referred to individually as a "Party" and collectively as the "Parties."

## RECITALS

WHEREAS, the Company owned and operated a commercial mortgage and loan servicing business (the "Business") headquartered in Las Vegas, Nevada whereunder it serviced 115 loans as of April 13, 2006 (the "Loans").

WHEREAS, the Company and certain of its affiliates (collectively, the "Debtors") filed petitions for relief under Chapter 11 of the U.S. Bankruptcy Code on April 13, 2006 in the U.S. Bankruptcy Court for the District of Nevada, Las Vegas Division (the "Bankruptcy Court"), and these bankruptcy cases are being jointly administered under Case No. 06-10725 LBR.

WHEREAS, on January 8, 2007, the Bankruptcy Court entered an order confirming the Company's plan of reorganization (the "Plan").

WHEREAS, in accordance with the terms of the Plan, Company and another of the Debtors, USA Capital First Trust Deed Fund, LLC ("FTDF"), as the sellers, and Compass, as the buyer, entered into a certain Asset Purchase Agreement dated December 8, 2006 (the "Purchase Agreement"), pursuant to which Company and FTDF agreed to sell to Compass the "Commercial Mortgage Assets" and the "First Trust Deed Fund Assets" as those terms are defined in the Purchase Agreement (collectively, the "Purchased Assets").

WHEREAS, under the Purchase Agreement, the Company and Compass are required to close the sale of the Purchased Assets by February 16, 2007, the "Outside Approval Date," and the date on which the closing occurs is defined as the "Closing Date."

WHEREAS, Compass has applied to the State of Nevada, Department of Business and Industry, Division of Mortgage Lending (the "Mortgage Lending Division") for a mortgage broker license to operate the Business in the State of Nevada, but has not yet obtained such license.

WHEREAS, the Company currently holds a mortgage broker license (the "License") that expires on June 30, 2007 and is subject to those conditions set forth in that certain Final Order Conditioning Mortgage Broker's License entered by the Mortgage Lending Division on or about June 9, 2006 (the "Conditional License Order").

WHEREAS, the Parties desire to close the sale of the Purchased Assets as soon as possible but in no event later than February 16, 2007.

WHEREAS, Company and Compass desire to enter into this Agreement in order to facilitate the closing of the sale of the Purchased Assets by February 16, 2007.

NOW, THEREFORE, in consideration of the premises and the mutual covenants hereinafter set forth and other good and valuable consideration, the actual receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1. **SUBSERVICING.**

    A. *Performance of Services.* Pursuant to the confirmed Plan, on the Closing Date, Compass will acquire, among other things, the right to service the Loans. The Company and Compass agree that the Company shall serve as subservicer for Compass for the Term of this Agreement, and shall perform the services of a mortgage broker, as permitted by its License and the Conditional License Order, including those services identified on <u>Exhibit "A"</u>, attached hereto and incorporated herein by this reference, which may be amended from time to time by the Parties by mutual agreement. The Company shall use its best efforts to maintain, or cause to be maintained, accurate and complete books and records relating to the Loans and the performance of its services hereunder during the Term, which shall be kept substantially in accordance with generally accepted accounting principles utilized by mortgage brokers in the State of Nevada. Such books and records shall be maintained in the Company's principal office, and Compass may at any time, during regular business hours, examine and copy said books and records. The Company and Compass shall meet on such dates and at such times and in such manner as shall be agreed upon by the parties to discuss any issues which may exist as a result of the Company's performance of services under this Agreement, and any other matters relating to this Agreement. To the extent the Company receives Purchased Assets from borrowers subsequent to the Closing Date, the Company shall promptly forward one hundred percent (100%) of such Purchased Assets to a lock-box account to be identified by Compass in writing.

    B. *Compliance with Laws.* The Company agrees to use its best efforts to service the Loans in compliance with the Conditional License Order, all applicable federal and state statutes and all applicable regulations, including but not limited to title 11 of the United States Code and the laws of the State of Nevada governing mortgage brokers. The Company shall use its best efforts to ensure that it maintains the License for the Term of the Agreement. The Company shall use its best efforts to comply with all requirements and prepare and provide all required reports under the rules and regulations of the Mortgage Lending Division. The Company shall, within three (3) business days of receipt, provide Compass with written notice of any verbal or written notice the Company or any of its affiliates receive from the Mortgage Lending Division after the Closing Date that the License will or may be suspended or revoked, or that it will or may be subject to disciplinary action. Company agrees it will not release or compromise any rights or interests purchased and acquired by Compass under the Purchase Agreement without Compass' prior written consent.

    C. *Notification of Disputes.* During the Term, the Company shall notify Compass if a dispute arises between the Company and borrower or lender or other third party with respect to any of the Loans within three (3) business days after the Company becomes aware of such dispute.

2. **EXPENSES TO BE PAID BY COMPASS.** Compass shall be liable for, and shall advance to the Company sufficient funds to pay all costs and expenses of the Company in performing services under this Agreement, including, but not limited to, all costs and expenses of Company's officers, directors, professionals, consultants and employees and all operational expenses incurred by

2

the Company in connection with services provided under this Agreement. Compass shall initially advance to the Company two weeks' estimated operational funds. The Company shall forward invoices for its costs and expenses to Compass on a weekly basis during the term of this Agreement. To the extent funds advanced by Compass for this purpose are insufficient to pay such invoices, Compass shall, upon receipt of such invoices, advance additional funds to the Company or pay directly such invoices directly.

3. **GENERAL INDEMNIFICATION.** Compass agrees to indemnify, defend, and hold harmless the Company and its officers, directors, employees, agents, consultants, professionals, representatives, successors or assigns, including without limitation Mesirow Financial Interim Management, LLC, its affiliates, officers, directors, employees, agents, consultants, professionals and representatives (collectively, the "Indemnified Parties" or individually the "Indemnified Party") from and against any and all liabilities, judgments, settlements, losses, damages, consequential damages, costs, and expenses, including, without limitation, attorneys' fees, court costs, arbitration costs, costs of investigation, settlement costs, and other litigation expenses, of every kind and nature, relating to any and all claims, actions, disputes, suits, proceedings, demands, inquiries and investigations arising from or in connection with the Company's performance of services under this Agreement (collectively, the "Claims"); provided, however, such indemnity shall not apply to any such Claims to the extent they are found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from such Indemnified Party's gross negligence or willful misconduct, and in that event, the Indemnified Parties shall, within ten (10) days of receipt of an invoice therefore, reimburse Compass for all funds paid in indemnifying and/or defending the Indemnified Parties for such Claims. The indemnification set forth above shall survive the termination of this Agreement.

4. **TERM.** The term of this Agreement shall begin on the Closing Date and shall terminate on the first to occur of (a) the 90th day after the Closing Date, (b) the date on which Compass is issued a mortgage broker license by the Mortgage Lending Division, and (c) June 30, 2007; provided, however, Compass shall have the right to terminate this Agreement at any time prior to its stated term upon five (5) business days written notice to the Company (collectively, the "Term").

5. **ENTIRE AGREEMENT.** This Agreement, together with the other agreements specifically described, contains the entire agreement between the Parties relating to the rights herein granted and obligations herein assumed. Any oral representations or modifications concerning this Agreement shall be of no force or effect except by a subsequent modification in writing signed by all the Parties.

6. **ASSIGNMENT.** No assignment of this Agreement or any right accruing hereunder shall be made, in whole or in part, by any Party without the prior written consent of the other Parties.

7. **BINDING EFFECT.** Subject to the provisions regarding assignment, this Agreement shall be binding upon the heirs, administrators, legal representatives, successors and assigns of the Parties.

8. **GOVERNING LAW.** This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada. The Parties acknowledge and agree that jurisdiction for any dispute relating to this Agreement shall be proper in the Bankruptcy Court.

9. **SEVERABILITY.** In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid or unenforceable in any respect, then such invalidity or unenforceability shall not affect any other provision hereof and this Agreement shall be construed as if such invalid or unenforceable provision had never been contained herein.

10. **ATTORNEYS' FEES.** If any action at law or in equity is brought to enforce or interpret the provisions of this Agreement, the prevailing Party or Parties shall be entitled to recover from the other Party or Parties its or their reasonable attorneys' fees, expert witness fees and all other related costs in addition to any other relief to which that Party or Parties may be entitled.

11. **FURTHER ASSURANCES.** The Parties shall each execute, acknowledge and deliver such instruments, do such things and perform such acts as may be reasonably necessary to carry out the terms and conditions of this Agreement.

12. **CONSTRUCTION.** All pronouns and any variations thereof shall be deemed to refer to the masculine, feminine or neuter gender thereof or to the plurals of each, as the identity of the person or persons or the context may require. The descriptive headings contained in this Agreement are for reference purposes only and are not intended to describe, interpret, define or limit the scope, extent or intent of this Agreement or any provision contained in this Agreement. The Parties and their legal counsel have participated jointly in the negotiation and drafting of this Agreement. In the event an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by the Parties hereto and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any provisions of this Agreement.

13. **UNENFORCEABILITY.** If any provision contained in this Agreement shall for any reason be held to be invalid, void or unenforceable in any respect, such provision shall be deemed modified so as to constitute a provision conforming as nearly as possible to such invalid, void or unenforceable provision while still remaining valid and enforceable; and the remaining terms or provisions contained herein shall not be affected thereby.

14. **TIME IS OF THE ESSENCE.** Time shall be of the essence with respect to this Agreement and the consummation of the transactions contemplated hereby.

15. **REMEDIES.** Except as expressly set forth in this Agreement, none of the remedies provided herein shall be the exclusive remedy of any Party for a breach of this Agreement. The Parties hereto shall have the right to seek any other remedy at law or in equity in lieu of or in addition to any remedies provided for in this Agreement including, without limitation, specific performance and/or injunctive relief.

16. **NOTICES.** All notices and other communications hereunder shall be (i) in writing, dated with the current date of such notice, and signed by the party giving such notice, and (ii) delivered (a) by registered or certified mail, return receipt requested, addressed to the party to be notified; (b) by personal delivery or overnight courier; or (c) by facsimile or email. Written notice shall be deemed given when received by the party to be notified or when the party to be notified refuses to accept delivery of the notice. The initial addresses of the Parties shall be as follows:

If to Compass:	David Blatt
	Compass Financial Partners LLC
	4730 South Fort Apache, Suite 140
	Las Vegas, NV 89147

If to the Company:	USA Commercial Mortgage Company
	4484 S. Pecos Rd.
	Las Vegas, NV 89121
	Attn: Thomas J. Allison
	Telephone: (702) 734-2400
	Facsimile: (702) 734-0163

The Parties hereto shall have the right from time to time to change their respective addresses and facsimile numbers by written notice to the other Parties.

**17. WAIVER.** No waiver of any breach or default hereunder shall be considered valid unless in writing and signed by the Party giving such waiver, and no such waiver shall be deemed a waiver of any subsequent breach or default of the same or similar nature.

**18. COUNTERPARTS; FACSIMILE SIGNATURES.** This Agreement may be executed in one or more counterparts, all of which taken together shall constitute one and the same instrument. Facsimile signatures shall be binding in the same manner as original signatures.

**19. INDEPENDENT CONTRACTOR.** The Company shall perform under this Agreement as an independent contractor. Nothing set forth herein shall be considered or deemed to create the relationship of employer and employee, partnership, or joint venture between the parties.

**20. GOVERNMENTAL AND/OR COURT APPROVALS.** To the extent necessary, the Company and Compass shall, at its own expense, take any and all action necessary to obtain all required approvals and/or licenses from the United States Bankruptcy Court and the Mortgage Lending Division that are necessary for that party to consummate and carry-out the transactions contemplated by this Agreement. The parties agree to reasonably cooperate with each other in their efforts to obtain all such approvals and/or licenses.

21. **THIRD PARTY BENEFICIARY.** Notwithstanding anything herein to the contrary, Mesirow Financial Interim Management, LLC, its affiliates, officers, directors, employees, agents, consultants, professionals and representatives shall be deemed third party beneficiaries of this Agreement as to Paragraph 3 of this Agreement only.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date above first written.

**USA COMMERCIAL MORTGAGE COMPANY**

By: _____
Name: Thomas J. Allison_____
Its: President and CRO_____

**COMPASS USA SPE LLC**

By:_____
Name:_____
Its:_____

**Solely for purposes of agreeing to Paragraph 3 of this Agreement:**

**MESIROW FINANCIAL INTERIM MANAGEMENT, LLC**

By:_____
Name: Thomas J. Allison_____
Its: Executive Vice President_____

21. **THIRD PARTY BENEFICIARY.** Notwithstanding anything herein to the contrary, Mesirow Financial Interim Management, LLC, its affiliates, officers, directors, employees, agents, consultants, professionals and representatives shall be deemed third party beneficiaries of this Agreement as to Paragraph 3 of this Agreement only.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date above first written.

**USA COMMERCIAL MORTGAGE COMPANY**

By:_____
Name:_____
Its:_____

**COMPASS USA SPE LLC**

By: /s/ David Blatt
Name: David Blatt
Its: Manager

**Solely for purposes of agreeing to Paragraph 3 of this Agreement:**

**MESIROW FINANCIAL INTERIM MANAGEMENT, LLC**

By:_____
Name:_____
Its:_____

## EXHIBIT "A"

### Scope of Services

Without limiting any other provision of the Agreement, but without exceeding any authority conferred upon it or restrictions imposed upon it by its License or the Conditional License Order, the Company's services, to be performed in accordance with the Agreement, shall include:

1. Ownership and control of trust account(s)
2. Issuance of funds to direct lenders
3. Accounting of funds held in trust account(s)
4. Reporting to Mortgage Lending Division and all other applicable regulatory bodies
5. Maintenance of books and records relating to the Loans
6. Maintenance and delivery to Compass of complete and accurate records of costs and expenses incurred in performing the services

The Company's services shall not include negotiations with borrowers, foreclosures, or other legal proceedings.

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFF**<br>USA Commercial Mortgage Company | **DEFENDANT**<br>Compass USA SPE, LLC |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Lenard E. Schwartzer, Esq.<br>Jeanette E. McPherson, Esq.<br>Schwartzer & McPherson Law Firm<br>2850 South Jones Blvd., Suite 1<br>Las Vegas NV  89146<br>(702) 228-7590 | ATTORNEYS (If Known) |

**PARTY** (Check one box only)  ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ■ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
11 U.S.C. §541

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ■ | 454 | To Recover Money or Property | ☐ | 455 | To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan | ☐ | 456 | To obtain a declaratory judgment relating to any of foregoing causes of action |
| ☐ | 435 | To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☐ | 426 | To determine the dischargeability of a debt 11 U.S.C. §523 | ☐ | 459 | To determine a claim or cause of action removed to a bankruptcy court |
| ☐ | 458 | To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ | 434 | To obtain an injunction or other equitable relief | ☐ | 498 | Other (specify) |
| ☐ | 424 | To object or to revoke a discharge 11 U.S.C. §727 | ☐ | 457 | To subordinate any allowed claim or interest except where such subordination is provided in a plan | | | |

| **ORIGIN OF PROCEEDINGS**<br>(Check one box only.) | ■ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| **DEMAND** | NEAREST THOUSAND<br>$259 | OTHER RELIEF SOUGHT | | ☐ JURY DEMAND |
|---|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>USA Commercial Mortgage Company<br>USA Capital Realty Advisors, LLC<br>USA Capital Diversified Trust Deed Fund, LLC<br>USA First Trust Deed Fund, LLC<br>USA Securities, LLC | BANKRUPTCY CASE NO.<br>BK-S-06-10725 LBR<br>BK-S-06-10726 LBR<br>BK-S-06-10727 LBR<br>BK-S-06-10728 LBR<br>BK-S-06-10729 LBR<br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>NEVADA | DIVISIONAL OFFICE<br>LAS VEGAS | NAME OF JUDGE<br>HONORABLE LINDA B. RIEGLE |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE**   (Check one box only.)    ■ FEE ATTACHED    ☐ FEE NOT REQUIRED    ☐ FEE IS DEFERRED

| DATE<br>08/07/07 | PRINT NAME<br>Jeanette E. McPherson, Esq. | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/  Jeanette E. McPherson* |
|---|---|---|

B-104