LEWIS AND ROCA LLP — LAWYERS

E-Filed on 8/8/07

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

| STUTMAN, TREISTER & GLATT, P.C. | SHEA & CARLYON, LTD. |
|---|---|
| FRANK A. MEROLA | JAMES PATRICK SHEA |
| (CA State Bar No. 136934) | (Nevada State Bar No. 000405) |
| EVE H. KARASIK | CANDACE C. CARLYON |
| (CA State Bar No. 155356) | (Nevada State Bar No. 002666) |
| CHRISTINE M. PAJAK | SHLOMO S. SHERMAN |
| (CA State Bar No. 217173), Members of | (Nevada State Bar No. 009688) |
| 1901 Avenue of the Stars, 12th Floor | 701 Bridger, Suite 850 |
| Los Angeles, California 90067 | Las Vegas, Nevada 89101 |
| Telephone: (310) 228-5600 | Telephone: (702) 471-7432 |
| Facsimile: (310) 228-5788 | Facsimile: (702) 471-7435 |
| Email:  fmerola@stutman.com | Email:  jshea@sheacarlyon.com |
|         ekarasik@stutman.com |         ccarlyon@sheacarlyon.com |
|         cpajak@stutman.com |         ssherman@sheacarlyon.com |

Counsel for the Official Committee Of
Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | Case No. BK-S-06-10725-LBR |
|---|---|
|  | Case No. BK-S-06-10726-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | Case No. BK-S-06-10727-LBR |
|  | Case No. BK-S-06-10728-LBR |
| USA CAPITAL REALTY ADVISORS, LLC, | Case No. BK-S-06-10729-LBR |
|  |  |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | CHAPTER 11 |
|  |  |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | Jointly Administered Under Case No. BK-S-06-10725 LBR |
|  |  |
| USA SECURITIES, LLC, | **Objection of USACM Trust To Caroline Gerwin Claim Filed in Wrong Debtor's Case; Objection of FTDF to Proposed Allowance of Claim** |
|                        Debtors. |  |
| **Affects:** | Hearing Date:    October 15, 2007 |
| ☐ All Debtors | Hearing Time:    9:30 a.m. |
| ☒ USA Commercial Mortgage Company |  |
| ☐ USA Capital Realty Advisors, LLC |  |
| ☐ USA Capital Diversified Trust Deed Fund, LLC |  |
| ☒ USA Capital First Trust Deed Fund, LLC |  |
| ☐ USA Securities, LLC |  |

224228.1
429627V2

Caroline Gerwin filed Proof of Claim No. 10725-00390 against USA Commercial Mortgage Company in the amount of $25,000.00. The USACM Liquidating Trust (the "USACM Trust") hereby objects to Ms. Gerwin's claim. The basis for the claim is shown on its face and in the attachment as an investment in USA Capital First Trust Deed Fund, LLC ("FTDF"). Accordingly, it is a claim that was incorrectly filed in the USA Commercial Mortgage Company ("USACM") case. The USACM Trust respectfully requests that this claim be disallowed as a claim against USACM. Any claim held by Ms. Gerwin against USACM solely on account of her investment in FTDF is derivative of FTDF's claims against USACM. Under a settlement approved by the Court on June 12, 2007, all such FTDF claims were settled, with FTDF holding a $7.0 million allowed general unsecured claim and beneficial interest in the USACM Liquidating Trust. The equity interest holders in FTDF will share in any recovery on account of that claim.

The Official Committee of Equity Security Holders of FTDF ("FTDF Committee") further objects to any proposed allowance of Ms. Gerwin's claim as a claim against the FTDF estate.

Bankruptcy Code section 502 authorizes a party in interest to object to claims. See 11 U.S.C. § 502(a). Upon such objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b). Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. Ashford v. Consolidated Pioneer Mortg. (In re Consoldiated Pioneer Mortg.), 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996) (quoting In re Allegheny International, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)).

The FTDF Committee has analyzed the Gerwin claim and has determined that it has been incorrectly designated as a "proof of claim." Pursuant to Bankruptcy Code

429627V2

224228.1

section 502, a "creditor . . . may file a proof of claim."  An equity security interest holder, however, must file a proof of interest.  See 11 U.S.C. § 501(a).  Bankruptcy Code section 101(16) defines "equity security" to include a "share in a corporation, whether or not transferable or denominated 'stock', or *similar security*" or a "warrant or right . . . to purchase, sell, or subscribe to a share, security, or interest" of a share in a corporation. 11 U.S.C. § 101(16) (emphasis added).  See also Nev. Rev. Stat. §86.521 (upon dissolution of a limited liability company, a limited liability company must pay liabilities to creditors before paying liabilities in respect of profits and/or capital to members of the limited liability company).

The Gerwin claim clearly reflects that it is based on its membership in the FTDF and not based on any debt the claimants hold against the FTDF.  For example, annexed to the Gerwin claim are account statements that list the number of shares Ms. Gerwin holds in the FTDF, the price of such shares, and the FTDF Member's account identification number.  Membership interests and/or shares in the FTDF clearly fall within the definition of "equity security" under Bankruptcy Code section 101(16).  Thus, the holders of the equity interests are equity security interest holders of the FTDF and do not hold unsecured claims against the FTDF estate.

This objection does not seek to prejudice the rights of Ms. Gerwin as an FTDF member to recover from the FTDF estate on account of her membership interest of $25,000 which is the amount asserted in the Gerwin claim. Ms. Gerwin shall retain her interest in FTDF in the amount of $25,000 as reflected in the books and records of FTDF. Indeed, Ms. Gerwin has received distributions based on this FTDF membership interest to date, with no objection.

Accordingly, the USACM Trust and the FTDF Committee seek entry of an order that will disallow the Gerwin claim against USACM, disallow any proposed allowance of the Gerwin claim in the FTDF case, and appropriately allow Ms. Gerwin to retain her

equity interest in the FTDF in the amount of $25,000 as reflected in the books and records of FTDF as of the bankruptcy petition filing date.

This objection is made pursuant to Bankruptcy Code section 502, Federal Rule of Bankruptcy Procedure 3007, and Local Rule of Bankruptcy Practice 3007.

Dated: August 8, 2007

By: ___/s/ Eve H. Karasik___
FRANK A. MEROLA (CA State Bar No. 136934),
EVE H. KARASIK (CA State Bar No. 155356), and
CHRISTINE M. PAJAK (CA State Bar No. 217173), Members of
STUTMAN, TREISTER & GLATT, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA  90067
Telephone:  (310) 228-5600

and

CANDACE C. CARLYON
Shea & Carlyon, Ltd.
701 Bridger, Suite 850
Las Vegas, NV  89101
Telephone:  (702) 471-7432
COUNSEL FOR THE
OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
OF USA CAPITAL FIRST TRUST DEED FUND, LLC

By: ___/s/ Rob Charles (#006593)___
SUSAN M. FREEMAN
ROB CHARLES
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-0961
Facsimile (702) 949-8321
Telephone (702) 949-8320
COUNSEL FOR USACM Liquidating Trust

429627V2

224228.1

4

**LEWIS AND ROCA LLP — LAWYERS**

1 | Copy of the foregoing
2 | Mailed this 8th day of August, 2007 to:
3 |
4 | Caroline Gerwin
  | 4775 Summit Ridge Dr., Apt. 1101
5 | Reno, NV 89523-7917
6 | By    /s/  Renee L. Creswell

429627V2

224228.1

5