**LEWIS AND ROCA LLP — LAWYERS**

E-Filed on 8/8/2007

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

| STUTMAN, TREISTER & GLATT, P.C. | SHEA & CARLYON, LTD. |
|---|---|
| FRANK A. MEROLA | JAMES PATRICK SHEA |
| (CA State Bar No. 136934) | (Nevada State Bar No. 000405) |
| EVE H. KARASIK | CANDACE C. CARLYON |
| (CA State Bar No. 155356) | (Nevada State Bar No. 002666) |
| CHRISTINE M. PAJAK | SHLOMO S. SHERMAN |
| (CA State Bar No. 217173), Members of | (Nevada State Bar No. 009688) |
| 1901 Avenue of the Stars, 12th Floor | 701 Bridger, Suite 850 |
| Los Angeles, California 90067 | Las Vegas, Nevada 89101 |
| Telephone: (310) 228-5600 | Telephone: (702) 471-7432 |
| Facsimile: (310) 228-5788 | Facsimile: (702) 471-7435 |
| Email:     fmerola@stutman.com | Email:     jshea@sheacarlyon.com |
|            ekarasik@stutman.com |            ccarlyon@sheacarlyon.com |
|            cpajak@stutman.com |            ssherman@sheacarlyon.com |

Counsel for the Official Committee Of
Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br>                            Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☒ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**Objection of USACM Trust To Victor Maus Claims Filed in Wrong Debtor's Case; Objection of FTDF to Duplicative Claim and Proposed Allowance of Claim**<br><br>Hearing Date:    October 15, 2007<br>Hearing Time:    9:30 a.m. |

429662V3

224215.1

Victor Maus filed Proof of Claim No. 10725-01384 against USA Commercial Mortgage Company ("USACM") showing claim amounts of both $11,518.50 and $11,997.31, with no attachment, and Claim No. 10725-01384 in the amount of $11,518.50, with an attached statement showing an investment in USA Capital First Trust Deed Fund, LLC ("FTDF") with a "Old Statement Value" of $11,518.50 and "Book Value" of $11,979.31.  The USACM Liquidating Trust (the "USACM Trust") hereby objects to Mr. Maus' claims.  The basis for both claims is evidenced on their face as "share purchases" and in the attachment to Claim 10725-01384 as an investment in FTDF.  In addition, Mr. Maus filed a proof of interest in the FTDF case in the amount of $11,519.50 (the "Proof of Interest").  Accordingly, the claims were incorrectly filed in the USACM case.

The USACM Trust respectfully requests that these claims be disallowed as claims against USACM.  Any claim held by Mr. Maus against USACM solely on account of his investment in FTDF is derivative of FTDF's claims against USACM.  Under a settlement approved by the Court on June 12, 2007, all such FTDF claims were settled, with FTDF holding a $7.0 million allowed general unsecured claim and beneficial interest in the USACM Liquidating Trust.  The equity interest holders in FTDF will share in any recovery on account of that claim.

The Official Committee of Equity Security Holders of FTDF ("FTDF Committee") further object to any proposed allowance of Mr. Maus' claims in the FTDF estate for two reasons: (1) the claims are duplicative; and (2) they are equity interests that have been improperly characterized as claims..

Bankruptcy Code section 502 authorizes a party in interest to object to claims.  See 11 U.S.C. § 502(a).  Upon such objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ."  11 U.S.C. § 502(b).  Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the

presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim.  <u>Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)</u>, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), <u>aff'd</u>, 91 F.3d 151 (9th Cir. 1996) (quoting <u>In re Allegheny International, Inc.</u>, 954 F.2d 167, 173-74 (3d Cir. 1992)).

The FTDF Committee has analyzed the Maus claims and has determined that they have been incorrectly designated as "proofs of claim."  Indeed, Mr. Maus appropriately filed the Proof of Interest in the FTDF case. Pursuant to Bankruptcy Code section 502, a "creditor . . . may file a proof of claim."  An equity security interest holder, however, must file a proof of interest.  <u>See</u> 11 U.S.C. § 501(a).  Bankruptcy Code section 101(16) defines "equity security" to include a "share in a corporation, whether or not transferable or denominated 'stock', or *similar security*" or a "warrant or right . . . to purchase, sell, or subscribe to a share, security, or interest" of a share in a corporation. 11 U.S.C. § 101(16) (emphasis added).  <u>See</u> also Nev. Rev. Stat. §86.521 (upon dissolution of a limited liability company, a limited liability company must pay liabilities to creditors before paying liabilities in respect of profits and/or capital to members of the limited liability company).

The Maus claims clearly reflect that they are based on Mr. Maus' membership in the FTDF and not based on any debt he holds against the FTDF.  For example, annexed to one of the Maus claims are account statements that list the number of shares Mr. Maus holds in the FTDF, the price of such shares, and the FTDF member's account identification number.  Membership interests and/or shares in the FTDF clearly fall within the definition of "equity security" under Bankruptcy Code section 101(16).  Thus, the holders of the equity interests are equity security interest holders of the FTDF and do not hold unsecured claims against the FTDF estate.  Indeed, Mr. Maus appropriately filed the Proof of Interest in the FTDF case.

In addition, Mr. Maus filed one of his claims using the amount described as "book value" on investor statements provided to FTDF members by the FTDF.  "Book value" as

listed on investor statements is not the proper measure of an FTDF member's equity interest in the FTDF. An FTDF member's equity interest is the amount that the FTDF member has invested in the FTDF, either through the purchase of shares or the reinvestment of dividends.  The "book value" listed on an FTDF member's investor statement simply represents an estimate of the FTDF's net assets on a given day divided by the number of shares outstanding.  Because it is an estimate that constantly changes, "book value" should not be the benchmark used to determine each FTDF member's interest in the FTDF.  In contrast, the amount of each FTDF Member's equity interest in the FTDF as of the Petition Date is a value that is a fixed amount that is readily ascertainable from the Debtors' books and records.  Therefore, since Mr. Maus asserts an amount in excess of Mr. Maus' equity interest in the FTDF as of the Petition Date, on account of the "book value" listed on an investor statement, i.e., $11,979.31,[1] Mr. Maus should retain his equity interest in the FTDF, but only in the amount as of the Petition Date, which is $11,518.50.

       This objection does not seek to prejudice the rights of Mr. Maus as an FTDF member to recover from the FTDF estate on account of his membership interest of $11,518.50, which is the amount asserted both in one of his claims, in the Proof of Interest and in the Debtor's books and records. Mr. Maus shall retain his interest in FTDF in the amount of $11,518.50 as reflected both in the Proof of Interest and the books and records of FTDF.  Indeed, Mr. Maus has received distributions based on this FTDF membership interest to date, with no objection.

       Accordingly, the USACM Trust and the FTDF Committee seek entry of an order that will disallow the Maus claims against USACM, disallow any proposed allowance of the Maus claims in the FTDF case, and appropriately allow Mr. Maus to retain his equity

---

[1] The Maus claim that seeks the Book Value amount is actually in the amount of $11,997.31 which appears to be an inadvertent transposition of numbers since the Book value on the attached statements is listed as $11,979.31.

429662V3

4

224215.1

LEWIS AND ROCA LLP LAWYERS

interest in the FTDF in the amount of $11,518.50 as reflected both in the Proof of Interest and the books and records of FTDF as of the bankruptcy petition filing date.

This objection is made pursuant to Bankruptcy Code section 502, Federal Rule of Bankruptcy Procedure 3007, and Local Rule of Bankruptcy Practice 3007.

Dated: August 8, 2007

| | |
|---|---|
| By: /s/ Eve H. Karasik<br>FRANK A. MEROLA (CA State Bar No. 136934),<br>EVE H. KARASIK (CA State Bar No. 155356), and<br>ANDREW M. PARLEN (CA State Bar No. 230429), Members of<br>STUTMAN, TREISTER & GLATT, P.C.<br>1901 Avenue of the Stars, 12th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 228-5600<br><br>and<br><br>CANDACE C. CARLYON<br>Shea & Carlyon, Ltd.<br>233 S. Fourth Street, Suite 200<br>Las Vegas, NV 89101<br>Telephone: (702) 471-7432<br>COUNSEL FOR THE<br>OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS<br>OF USA CAPITAL FIRST TRUST DEED FUND, LLC | By: /s/ Rob Charles (#006593)<br>SUSAN M. FREEMAN<br>ROB CHARLES<br>LEWIS AND ROCA LLP<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169-0961<br>Facsimile (702) 949-8321<br>Telephone (702) 949-8320<br>COUNSEL FOR USACM Liquidating Trust |

429662V3

5

224215.1

LEWIS
AND
ROCA
—LLP—
LAWYERS

1  Copy of the foregoing
2  Mailed this 8th day of
   August, 2007 to:
3
4  Victor Maus
   2999 Douglas Blvd. #155
5  Roselle, CA 95661

6  By ___/s/ Renee L. Creswell_____

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

429662V3

6

224215.1