**LEWIS AND ROCA LLP — LAWYERS**

E-Filed on 8/8/07

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

| | |
|---|---|
| STUTMAN, TREISTER & GLATT, P.C. | SHEA & CARLYON, LTD. |
| FRANK A. MEROLA | JAMES PATRICK SHEA |
| (CA State Bar No. 136934) | (Nevada State Bar No. 000405) |
| EVE H. KARASIK | CANDACE C. CARLYON |
| (CA State Bar No. 155356) | (Nevada State Bar No. 002666) |
| CHRISTINE M. PAJAK | SHLOMO S. SHERMAN |
| (CA State Bar No. 217713), Members of | (Nevada State Bar No. 009688) |
| 1901 Avenue of the Stars, 12th Floor | 701 Bridger, Suite 850 |
| Los Angeles, California 90067 | Las Vegas, Nevada 89101 |
| Telephone: (310) 228-5600 | Telephone: (702) 471-7432 |
| Facsimile: (310) 228-5788 | Facsimile: (702) 471-7435 |
| Email:    fmerola@stutman.com | Email:    jshea@sheacarlyon.com |
|          ekarasik@stutman.com |          ccarlyon@sheacarlyon.com |
|          cpajak@stutman.com |          ssherman@sheacarlyon.com |

Counsel for the Official Committee Of
Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br>                            Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☒ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**Objection of USACM Trust To Dr. Dennis Campton Claim Filed in Wrong Debtor's Case; Objection of FTDF to Proposed Allowance of Claim**<br><br>Hearing Date:    October 15, 2007<br>Hearing Time:    9:30 a.m. |

224222.1
429653V2

Dr. Dennis Campton filed Proof of Claim No. 10725-01074 against USA Commercial Mortgage Company in the amount of $145,600.87.  The USACM Liquidating Trust (the "USACM Trust") hereby objects to Dr. Campton's claim.  The basis for the claim is shown on its face and in the attachment as an investment in USA Capital First Trust Deed Fund, LLC ("FTDF").  Accordingly, it is a claim that was incorrectly filed in the USA Commercial Mortgage Company ("USACM") case.  The USACM Trust respectfully requests that this claim be disallowed as a claim against USACM.  Any claim held by Dr. Campton against USACM solely on account of his investment in FTDF is derivative of FTDF's claims against USACM.  Under a settlement approved by the Court on June 12, 2007, all such FTDF claims were settled, with FTDF holding a $7.0 million allowed general unsecured claim and beneficial interest in the USACM Liquidating Trust.  The equity interest holders in FTDF will share in any recovery on account of that claim.

The Official Committee of Equity Security Holders of FTDF ("FTDF Committee") further objects to any allowance of Dr. Campton's claim as a claim against the FTDF estate.

Bankruptcy Code section 502 authorizes a party in interest to object to claims.  See 11 U.S.C. § 502(a).  Upon such objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ."  11 U.S.C. § 502(b).  Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim.  Ashford v. Consolidated Pioneer Mortg. (In re Consoldiated Pioneer Mortg.), 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996) (quoting In re Allegheny International, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)).

The FTDF Committee has analyzed the Campton claim and has determined that it has been incorrectly designated as a "proof of claim."  Pursuant to Bankruptcy Code

429653V2

224222.1

LEWIS
AND
ROCA
——LLP——
LAWYERS

1  section 502, a "creditor . . . may file a proof of claim."  An equity security interest holder,
2  however, must file a proof of interest.  See 11 U.S.C. § 501(a).  Bankruptcy Code
3  section 101(16) defines "equity security" to include a "share in a corporation, whether or
4  not transferable or denominated 'stock', or *similar security*" or a "warrant or right . . . to
5  purchase, sell, or subscribe to a share, security, or interest" of a share in a corporation. 11
6  U.S.C. § 101(16) (emphasis added).  See also Nev. Rev. Stat. §86.521 (upon dissolution of
7  a limited liability company, a limited liability company must pay liabilities to creditors
8  before paying liabilities in respect of profits and/or capital to members of the limited
9  liability company).
10       The Campton claim clearly reflects that it is based on its membership in the FTDF
11 and not based on any debt the claimants hold against the FTDF.  For example, annexed to
12 the Campton claim is an account statements that lists the number of shares Dr. Campton
13 holds in the FTDF, the price of such shares, and the FTDF Member's account
14 identification number.  Membership interests and/or shares in the FTDF clearly fall within
15 the definition of "equity security" under Bankruptcy Code section 101(16).  Thus, the
16 holders of the equity interests are equity security interest holders of the FTDF and do not
17 hold unsecured claims against the FTDF estate.
18       In addition, Dr. Campton filed the Campton claim using the amount described as
19 "book value" on investor statements provided to FTDF members by the FTDF.  "Book
20 value" as listed on investor statements is not the proper measure of an FTDF member's
21 equity interest in the FTDF. An FTDF member's equity interest is the amount that the
22 FTDF member has invested in the FTDF, either through the purchase of shares or the
23 reinvestment of dividends.  In contrast, the "book value" listed on an FTDF Member's
24 investor statement simply represents an estimate of the FTDF's net assets on a given day
25 divided by the number of shares outstanding.  Because it is an estimate that constantly
26 changes, "book value" should not be the benchmark used to determine each FTDF

429653V2

224222.1

3

member's interest in the FTDF. The amount of each FTDF Member's equity interest in the FTDF as of the Petition Date is a value that is a fixed amount that is readily ascertainable from the Debtors' books and records. Therefore, since Dr. Campton asserts an amount in excess of Dr. Campton's equity interest in the FTDF as of the Petition Date, on account of the "book value" listed on an investor statement, i.e., $145,600.87, Dr. Campton should retain his equity interest in the FTDF, but only in the amount as of the Petition Date, which is $140,000.

This objection does not seek to prejudice the rights of Dr. Campton as an FTDF member to recover from the FTDF estate on account of his membership interest of $140,000. Dr. Campton shall retain his interest in FTDF in the amount of $140,000 as reflected in the books and records of FTDF. Indeed, Dr. Campton has received distributions based on this FTDF membership interest to date, with no objection.

Accordingly, the USACM Trust and the FTDF Committee seek entry of an order that will disallow the Campton claim against USACM, disallow any proposed allowance of the Campton claim in the FTDF case, and appropriately allow Dr. Campton to retain his equity interest in the FTDF in the amount of $140,000 as reflected in the books and records of FTDF as of the bankruptcy petition filing date.

///
///
///
///
///
///
///
///

429653V2

LEWIS AND ROCA LLP LAWYERS

This objection is made pursuant to Bankruptcy Code section 502, Federal Rule of Bankruptcy Procedure 3007, and Local Rule of Bankruptcy Practice 3007.

Dated: August 8, 2007.

| By: /s/ Eve H. Karasik | By: /s/ Rob Charles (#006593) |
|---|---|
| FRANK A. MEROLA (CA State Bar No. 136934), | SUSAN M. FREEMAN |
| EVE H. KARASIK (CA State Bar No. 155356), and | ROB CHARLES |
| CHRISTINE M. PAJAK (CA State Bar No. 217173), Members of | LEWIS AND ROCA LLP |
| STUTMAN, TREISTER & GLATT, P.C. | 3993 Howard Hughes Parkway, Suite 600 |
| 1901 Avenue of the Stars, 12th Floor | Las Vegas, NV 89169-0961 |
| Los Angeles, CA 90067 | Facsimile (702) 949-8321 |
| Telephone: (310) 228-5600 | Telephone (702) 949-8320 |
|  | COUNSEL FOR USACM Liquidating Trust |

and

CANDACE C. CARLYON
Shea & Carlyon, Ltd.
701 Bridger, Suite 850
Las Vegas, NV 89101
Telephone: (702) 471-7432
COUNSEL FOR THE
OFFICIAL COMMITTEE OF EQUITY
SECURITY HOLDERS
OF USA CAPITAL FIRST TRUST DEED
FUND, LLC

Copy of the foregoing
Mailed this 8th day of
August, 2007 to:

Dr. Dennis Campton, M.D.
5741 Ken S Place
Pahrump, NV 89060

By /s/ Renee L. Creswell

429653V2

224222.1