Case: 06-10725 LBR

Edward Kline
    in Pro Per
9932 Arbuckle Dr.
Las Vegas, NV 89134
Tel: (702) 256-6429
For: Edward Kline
    and Edward,Leah Kline
    Family Trust

ꟿ RECEIVED & FILED

'07  AUG 14  A9 :43

U.S. BANKRUPTCY COURT
MARY A. SCHOTT CLERK

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br><br>                                         Debtors. | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No.<br>BK-S-06-10725-LBR<br>DATE : 10/15/07<br>Time : 9:30 AM<br><br>Notice to Lewis and Roca<br>LLP Lawyers<br>3993 Howard Hughes Parkway<br>Las Vegas, NV 89169<br>Of Notice to Object to<br>Summary Motion regarding<br>Claim - 10725-00572 |

Affects:
☐ All Debtors
☒ USA Commercial Mortgage Company
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA Capital First Trust Deed Fund, LLC
☐ USA Securities, LLC

   Notice is hereby given to Lewis and Roca that on August 14, 2007, Edward Kline filed a Motion to Disallow a Summary Judgement related to Claim #10725-00572.  Along with notice Edward Kline is serving USACM Liquidating Trust with a copy of this motion.

(1)

SCANNED
LME

This petitioner wishes the Court to note that the Court appointed USACM Liquidating Trust has employed another Firm, i.e. Geoffrey Berman, as Trustees (Development Specilists of Los Angeles) to present its case to Bankruptcy Court. This again adds to the costs and reduces all Lender's equities. The Court did not appoint Mr. Berman, and his fees should not be paid by any Lenders equities.

The Court should also note that the number of Petitioners objecting to this Objection has increased to approximately 81, from about 4 since 4/26/07.

The facts as noted by Mr. Berman, items 1 to 17, may be undisputed, but have no relevancy to this Petitioner's claims that USACM acted illegally by converting a First Trust Deed to a Second Trust Deed. Therefore, USACM amd Milanowski,etal, took on more than any Loan Agreement authorized and assumed a fiduciary responsibility on its own to secure the Lender's interests. They fraudulently transferred property and should not be permitted to be absolved by being relieved by this action to liquidate its responsibilities. See Exhibits 1 and 2.

One additional point regarding assets of USACM. In the Case of 10725-00547(Margarita Annex)USACM has $3.5 Million in their portfolio as a Creditor.

Petitioner has previosly sent proofs of Claim rackets to USACM re Fox Hills 216 LLC, as well as to BMC Group, the Court, and Liquidating Trust.

(2)

Compass Financial Partners LLC
333 Seventh Ave.
Third Floor
New York, NY 10001

Mr. & Mrs. Edward Kline

Exhibit #1

June 18, 2007                                    Re:   Fox Hills 216 LLC

Sirs:

In reply to your undated correspondence received June 7, 2007 as a "Fox Hills 216 LCC" lender, I reject your actions in my behalf, and claims for interest from me.

I did not agree in any way to my first Trust Deed to becoming a second Trust Deed, or offering it as collateral for a loan on your Fox Hills Slough. These are two separate properties and I did not authorize that action. Therefore, you undertook this on your own and are responsible for the consequences, including interest payments.

I demand that you cease and desist in your actions to collect interest from me on your loan, and from changing my First Trust Deed into a Second Trust Deed.

Edward Kline

Trustee of the Edward
and Leah Family Trust
dated 7/9/91


cc: Judge Linda B. Reigle
    Bankruptcy Court        Case # BK-S-06-10725 LBR
    300 Las Vegas Blvd.                   10726 LBR
    Las Vegas, NV 89101                   10727 LBR
                                          10728 LBR
                                          10729 LBR


(1)

cc: continued:

August B. Landis
Asst. U.S. Trustee
300 Las Vegas Bl    Suite 4300
Las Vegas, NV 89101


Catherine Cortez Masto
Attorney General
State of Nevada
Attn: Richard Dreitzer
Deputy Attorney General
Mortgage Lending Division
555 E. Washington Ave.   Rm. 3900
Las Vegas, NV 89101

(2)

| | |
|---|---|
| **RECORDING REQUESTED BY**<br>First American Title Company<br><br>**AND WHEN RECORDED MAIL TO:**<br>Fox Hills Fresno Slough, LLC c/o Sheppard,<br>Richter & Hampton LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111 | ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>FRESNO County Recorder<br>Robert C. Werner<br>**DOC- 2007-0077638**<br>Acct 5-First American Title Insurance Company<br>**Wednesday, APR 18, 2007 08:00:00**<br>Ttl Pd   $9.00         Nbr-0002483369<br>                              DJG/R6/1-1 |

_____ Space Above This Line for Recorder's Use Only _____

A.P.N.: 028-041-21 and 028-041-46S and 028-041-47S and 028-041-48S and 028-041-50S and 028-041-51S and 028-041-63S

File No.: 1004-2055894-A (DE)

# FULL RECONVEYANCE

First American Title Company, a California Corporation, as Trustee under that certain Deed of Trust dated January 26, 2006, executed by Fox Hills Fresno Slough, LLC, a California Limited Liability Company as Trustor, and recorded on February 10, 2006, in Book XXX, Page(s) XXX, as Instrument No. 2006-0030918, of Official Records, in the Office of the County Recorder of Fresno County, California , having been requested in writing, by holder of the obligations secured by said Deed of Trust, to reconvey the estate granted to Trustee under said Deed of Trust, DOES HEREBY RECONVEY TO THE PERSON OR PERSONS LEGALLY ENTITLED THERETO, WITHOUT WARRANTY, ALL THE ESTATE, TITLE AND INTEREST acquired by Trustee under said Deed of Trust.

Dated:    April 17, 2007

**First American Title Company, a California Corporation**

By: _____
          Darryl Evans, Vice President

STATE OF    California            )SS
COUNTY OF   Fresno               )

On ___April 17, 2007___, before me, ___Shannon Williquette___, Notary Public, personally appeared ___Darryl Evans___, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____
Shannon Williquette
My Commission Expires: Oct 23, 2008

Notary Name: Shannon Williquette
Notary Registration Number: 1521364

SHANNON WILLIQUETTE<br>COMM. #1521364<br>Notary Public-California<br>MADERA COUNTY<br>My Comm. Exp. Oct 23, 2008

_This area for official notarial seal_

Notary Phone: 559.221.1968
County of Principal Place of Business: Madera

Page 1 of 1



*Exibit 2*

COMPASS FINANCIAL

July 18, 2007

TO:    Direct Lenders holding a beneficial interest in the loan commonly referred to as **Fox Hills 216**

RE:    **Fox Hills Advance**

Dear Investor:

Compass Financial Partners LLC ("Compass") is the servicer of your loan commonly referred to as "Fox Hills 216" (the "Loan"). The Loan is secured by two (2) Deeds of Trust. It is secured by a First Deed of Trust on real property located in Merced County, California, and also by a Second Deed of Trust on the real property commonly known as Fox Hills Fresno Slough located in Fresno County, California (the "Fresno Property"). We are writing in response to your recent request for information regarding the $3,311,949.99 advance to the borrower (the "Borrower").

As you may know, the holder of the First Deed of Trust on the Fresno Property (the "Senior Lien") initiated a non-judicial foreclosure on the Fresno Property and had scheduled a trustee's sale for April 18, 2007. If the sale had gone forward, the Second Deed of Trust securing your Loan would have been extinguished by the Senior Lien under California law. In order to protect the Direct Lenders' interest in the collateral and prevent your Second Deed of Trust from being extinguished by the Senior Lien, Compass redeemed the Senior Lien by wiring $3,311,949.99 to First American Title Company on behalf of the Direct Lenders. The amount funded under the Line constituted an advance to the Borrower under the Second Deed of Trust and increased the balance of your Loan by the amount of the advance. As a result of the advance, the collateral securing the Direct Lenders investment remained intact and the balance of the Loan is now collateralized by a senior lien on the Merced County property _and_ a _senior_ lien on the Fresno Property. Without the advance, the Direct Lenders had potential exposure to losses under the circumstances. For all of these reasons, Compass believes the advance was in the best interest of the Direct Lenders.

Enclosed is a Loan Summary Sheet setting forth the material terms of the advance. Compass is open to alternative financings, workouts, and restructurings, and welcomes your input and suggestions on strategies for maximizing recoveries. Please direct any such proposals to us by email to info@compass-partners.net and we will immediately take them into consideration. In addition, if you have any questions or concerns with respect to the foregoing, please direct them to us by email to the same address.

Very truly yours,

*Cliff Roca*

Cliff Roca
Director of Investor Relations
Compass Financial Partners LLC

333 Seventh Avenue

Third Floor

New York, NY 10001



July 18, 2007

TO:      Direct Lenders holding a beneficial interest in the loan commonly referred to as **Fox Hills 216**

RE:      **Fox Hills Advance**

Dear Investor:

Compass Financial Partners LLC ("Compass") is the servicer of your loan commonly referred to as "Fox Hills 216" (the "Loan"). The Loan is secured by two (2) Deeds of Trust. It is secured by a First Deed of Trust on real property located in Merced County, California, and also by a Second Deed of Trust on the real property commonly known as Fox Hills Fresno Slough located in Fresno County, California (the "Fresno Property"). We are writing in response to your recent request for information regarding the $3,311,949.99 advance to the borrower (the "Borrower").

As you may know, the holder of the First Deed of Trust on the Fresno Property (the "Senior Lien") initiated a non-judicial foreclosure on the Fresno Property and had scheduled a trustee's sale for April 18, 2007. If the sale had gone forward, the Second Deed of Trust securing your Loan would have been extinguished by the Senior Lien under California law. In order to protect the Direct Lenders' interest in the collateral and prevent your Second Deed of Trust from being extinguished by the Senior Lien, Compass redeemed the Senior Lien by wiring $3,311,949.99 to First American Title Company on behalf of the Direct Lenders. The amount funded under the Line constituted an advance to the Borrower under the Second Deed of Trust and increased the balance of your Loan by the amount of the advance. As a result of the advance, the collateral securing the Direct Lenders investment remained intact and the balance of the Loan is now collateralized by a senior lien on the Merced County property and a senior lien on the Fresno Property. Without the advance, the Direct Lenders had potential exposure to losses under the circumstances. For all of these reasons, Compass believes the advance was in the best interest of the Direct Lenders.

Enclosed is a Loan Summary Sheet setting forth the material terms of the advance. Compass is open to alternative financings, workouts, and restructurings, and welcomes your input and suggestions on strategies for maximizing recoveries. Please direct any such proposals to us by email to info@compass-partners.net and we will immediately take them into consideration. In addition, if you have any questions or concerns with respect to the foregoing, please direct them to us by email to the same address.

Very truly yours,

Cliff Roca
Director of Investor Relations
Compass Financial Partners LLC

333 Seventh Avenue
Third Floor
New York, NY 10001

July 23, 2007


Compass Financial Partners, LLC
c/o The Garden City Group, Inc.
Mailing Agent for Compass Financial Partners, LCC
P.O. Box #6487
Merrick, NY 11566-9000

Dear Sirs:
        This is in reply to your letter of July 18,2007 regarding
Fox Hills 216 Re Fox Hills Advance.
        I again state that the change from my "Fox Hills" from a
First Trust Deed to a Second Trust Deed by USA Capital (Mr.
Malanowski et al) was not authorized by me and therefore an
illegal action.  Actions by subsequent agents are also not
authorized.
        It is like a bank that is authorized by me to be me to be
my agent in collections on a loan secured by a First Deed of
Trust that decides to alter it to a Second Deed of Trust to
assist itself on another piece of property.  That is called theft
and the bank is not permitted to benefit, to my detriment.
        Secondly, the receiver of stolen property, even if they
paid for it, is not allowed to keep that property. For example,
Germany stole Art and other property and sold it to museums.
If the owners of that property could prove that it was theirs,
the museums were ordered to return it without compensation to
the owners.
        I have proof of my ownership by the Loan Agreements and
First Trust Deed signed bj Fox Hills. etc.  The Reconveance is
therefore illegal.
        Again, I claim that transfer to a Second Trust Deed, and
additionsl loans made, do not have my permission, agreement,
or sanction, and I will not accept responsibilities for them.


                                Sincerely yours,
                                Edward Kline
                                Edward Kline
                                Trustee Direct Lender


cc: Judge Linda B. Riegle
    Mr. August Landis, U.S. Dept. of Justice
    Lewis and Roca, Attn: Rob Charles
    First American Title Co. Fresno, CA
    Fresno County Redorder, Official Records
        Fresno CA



Correspondence to Fox Hills Investors

Compass Financial Partners LLC ("Compass") is the servicer of your loan commonly referred to as "Fox Hills 216" (the "Loan"). The Loan was secured by a Second Deed of Trust on the real property commonly known as Fox Hills Fresno Slough located in Fresno County, California (the "Fresno Property"). The Loan was also secured by a First Deed of Trust on real property located in Merced County, California.

As you may know, the holder of the First Deed of Trust on the Fresno Property (the "Senior Lien") initiated a non-judicial foreclosure on the Fresno Property and had scheduled a trustee's sale for April 18, 2007 (the "Foreclosure Sale"). If the Foreclosure Sale had gone forward, the Deed of Trust securing your Loan would have been extinguished under California law.

In order to protect the Direct Lenders' interest in the Loan in accordance with the terms of the Loan Servicing Agreement and prevent your Deed of Trust from being extinguished, on April 16, 2007, Compass redeemed the Senior Lien by wiring $3,311,949.99 (the "Advance") to First American Title Company on behalf of the Direct Lenders. As a result of the redemption, the Senior Lien was reconveyed and your Deed of Trust is now the senior deed of trust on the Property.

In order to fund the Advance and protect the Direct Lenders' interests, Compass was required to borrow the funds from its line of credit (the "Line"). The interest rate on the Line is 18%, which is consistent with current market rates. Interest continues to accrue on the Advance at that rate. The amount funded under the Line constituted an "advance" to the Borrower under the Deed of Trust and increased the balance of the Loan by the amount of the Advance.

As stated, Compass was compelled to fund the Advance in order to protect the Deed of Trust from being extinguished. Under the Loan Servicing Agreement, upon demand by Compass, the Direct Lenders are obligated to reimburse Compass for its expenses incurred in protecting the Direct Lenders' interests. Compass therefore requests that each Direct Lender reimburse its pro rata share of the Advance plus all interest that has accrued since the Advance was made. In the event a Direct Lender opts not to reimburse Compass for the Advance at this time, the funds advanced by Compass will continue to accrue interest in accordance with the rate set forth in the Line.

The attached spreadsheet (the "Spreadsheet") shows the amounts to be reimbursed. Each Direct Lender should forward the amount shown in column (G) for such lender, calculated as: the amount in column (D) of the Spreadsheet, plus column (E) which represents the accrued interest due for the number of days that have passed since April 17, 2007, plus column (F) which represents the legal expenses which were incurred through April 30, 2007 in connection with this advance. Any Direct Lender with questions regarding the appropriate reimbursement amount may contact us at info@compassloans.net to obtain a reimbursement quote if the payment is sent in before or after June 15, 2007.


Very truly yours,


Compass Financial Partners LLC