Larry & Patsy Rieger, trustees
The Larry L. Rieger and Patsy R. Rieger Revocable Trust dtd 8/14/91
2615 Glen Eagles Drive
Reno, NV  89523

RECEIVED
AND FILED

2007 AUG 16  PM 12: 44

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

August 13, 2007

U.S. Govt. Bankruptcy Court
300 S. Las Vegas Blvd.
Las Vegas, NV  89101
VIA CERTIFIED MAIL

Re:    DE #4352 filed on 7/30/07
       Notice to Larry L. & Patsy R. Rieger of Motion For Summary Judgment
       Regarding Claim No. 10725-01739
       (Claim Asserting Priority Status)

Based on documentation submitted in support of our proof of claim (copy of pertinent
documentation attached), we are opposing the debtor's request for relief in this matter.  We, the
creditors, are the ones who desperately need relief.  This is just one particular case of post-
petition breach which was discovered prior to the bar date.  Other instances are still surfacing, for
which it is too late to file claims.

In regard to the Amesbury Hatters Point loan, breach of fiduciary duty was carried on post-
petition in the same manner as pre-petition, specifically deeded releases of collateral were
granted by USACM, on a non-performing loan, without collecting principal repayment from the
borrower as per the terms of the loan agreement and the loan servicing agreement.

We maintain our position that the proportionate amount of our claim applicable to this post-
petition breach ($32,844.00) should be classified as an administrative priority status claim.

This letter should be regarded as our written response served to the Court, and also served upon
the person who sent us this notice.

Thank you,

Larry L. Rieger, Ttee

Patsy R. Rieger, Ttee

(775) 746-1439

Case Number: 06-10725, Proof of Claim #10725-01739
Cc:
Lewis and Roca
Susan M. Freeman
Rob Charles
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169-5996

**LEWIS**
AND
**ROCA**
——LLP——
L A W Y E R S

3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8320
Facsimile: (702) 949-8321

40 North Central Avenue
Phoenix, Arizona 85004

Susan M. Freeman, AZ State Bar No. 004199
E-mail: sfreeman@lrlaw.com
Rob Charles, NV State Bar No. 006593
E-mail: rcharles@lrlaw.com
John Hinderaker, AZ State Bar No. 018024
E-mail: jhindera@lrlaw.com

Attorneys for the USACM Liquidating Trust

<div style="text-align:right">E-Filed on 7/30/07</div>

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br><br>                       Debtors.<br><br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725-LBR<br><br>**Notice to Larry L & Patsy R Rieger Revocable Trt Dtd 8/14/91 of Motion For Summary Judgment Regarding Claim No(s). 10725-01739** |

     **NOTICE IS HEREBY GIVEN** to Larry L & Patsy R Rieger Revocable Trt Dtd 8/14/91 that on July 30, 2007, the USACM Liquidating Trust ("USACM") filed a Motion for Summary Judgment related to Claim No(s). 10725-01739 (the "Motion"). Along with this notice, USACM is serving Larry L & Patsy R Rieger Revocable Trt Dtd 8/14/91 with a copy of the Motion.

*Copy*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

### PROOF OF CLAIM

| Name of Debtor: | Case Number: |
|---|---|
| USA Commercial Mortgage Company | 06-10725-LBR |

NOTE: See Reverse for List of Debtors and Case Numbers.
This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor and Address:**

Larry L. Rieger & Patsy R. Rieger
Revocable Trust Dated 8/14/91
c/o Larry L. & Patsy R. Rieger, Tttees.
2615 Glen Eagles Drive
Reno, NV 89523-2080

Creditor Telephone Number ( ) **(775) 746.1439**
Last four digits of account or other number by which creditor identifies debtor:
**2658**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court or BMC Group in this case.

☐ Check box if this address differs from the address on the envelope sent to you by the court.

DO NOT FILE THIS PROOF OF CLAIM FOR A SECURED INTEREST IN A BORROWER THAT IS NOT ONE OF THE DEBTORS.

If you have already filed a proof of claim with the Bankruptcy Court or BMC, you do not need to file again.

THIS SPACE IS FOR COURT USE ONLY

Check here if this claim ☐ replaces ☐ amends a previously filed claim dated:

**1. BASIS FOR CLAIM**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other (describe briefly)
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #: _____
  Unpaid compensation for services performed from: _____ to _____
- ☒ Unremitted principal
- ☒ Other claims against servicer (not for loan balances)

**2. DATE DEBT WAS INCURRED:** 7/24/03 – 9/30/06

**3. IF COURT JUDGMENT, DATE OBTAINED:** N/A

**4. CLASSIFICATION OF CLAIM.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
See reverse side for important explanations.

**UNSECURED NONPRIORITY CLAIM $ 260,008.00**
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**UNSECURED PRIORITY CLAIM**
☒ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $ **32,844.00**

Specify the priority of the claim:
- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
- ☐ Wages, salaries, or commissions (up to $10,000)*, earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**SECURED CLAIM**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other

Value of Collateral: $ _____

Amount of arrearage and other charges **at time case filed** included in secured claim, if any: $ _____

- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☒ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) ( ___ ).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:** $ **260,008.00** (unsecured)  $ _____ (secured)  $ **32,844.00** (priority)  $ **292,852.00** (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges

**6. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. DATE-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

The original of this completed proof of claim form must be sent by mail or hand delivered (FAXES NOT ACCEPTED) so that it is actually received on or before 5:00 pm, prevailing Pacific time, on November 13, 2006 for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units).

BY MAIL TO:
BMC Group
Attn: USACM Claims Docketing Center
P. O. Box 911
El Segundo, CA 90245-0911

BY HAND OR OVERNIGHT DELIVERY TO:
BMC Group
Attn: USACM Claims Docketing Center
1330 East Franklin Avenue
El Segundo, CA 90245

THIS SPACE FOR COURT USE ONLY

**FILED DEC 1 1 2006**

DATE
11/10/2006

SIGN and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
*Larry L. Rieger, Tree*   *Patsy R. Rieger, TTEE*
Larry L. Rieger, Tree   Patsy R. Rieger, Tree

Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 AND 3571

USA CMC

1072501739

Larry & Patsy Rieger, Trustees
The Larry L. Rieger & Patsy R. Rieger Revocable Trust Dtd 8/14/91
2615 Glen Eagles Drive
Reno, NV  89523

USA Commercial Mortgage
4484 So. Pecos Road
Las Vegas, NV

November 10, 2006

Re:    Proof of Claim, USACM BK Case #06-10725-LBR
       Breach of Fiduciary Responsibility, Unscheduled Debt:  Amesbury Hatters Point Loan

This constitutes a Claim for losses suffered due to USACM's breach of fiduciary responsibility under the Loan Servicing Agreement contract, via mishandling of lenders' investments by releasing collateral on the Amesbury Hatters Point loan without collecting principal payments in exchange for the lien releases.  This breach of USACM's fiduciary responsibility occurred both pre-petition (33 unit releases) and post-petition (3 unit releases).

Attached is a schedule of lien releases and dates provided over the period of the loan (Pre-Petition December 2002 to April 2006, also Post-Petition May 2006 to September 2006).  This information was obtained from the Essex County, Mass. Recorder's Office.  According to the terms of the Amesbury Loan Agreement dated 12/18/2002, page 5, Sec. 2.4 Unit Release Provisions, principal payments equaling 92% to 94% of the net proceeds received by Amesburyport Corporation should have been paid with each unit release.  The recorded Partial Release documents include the term "for consideration paid" to USACM; however, most of the releases were recorded for -0- consideration (-0- principal collected from the borrower nor paid to the lenders).

It is documented by post-petition management of USACM, that only 8% of the loan principal was reduced on the loan over the period December 2002 through April 12, 2006.  During that time period, over $17 million in unit sales were recorded by Amesburyport Corporation.  According to the terms of the Loan Agreement, that should have resulted in principal repayments on the loan of over $16 million, or 75% of the loan.

Also included herein is the following documentation:
-Essex County, Mass search results:  Recorded deeds granted by Amesburyport Corp., showing sales $$
-Copies, recorded Partial Releases USACM to Amesburyport Corporation
-Original TD Investment Prospectus
-USACM letter(s) 7/25/03 and 8/11/03, verifying receipt of investment $$
-Copy (partial), Amesbury Loan Agreement dated 12/18/2002, page 5, Sec. 2.4 Unit Release Provisions
-Copy (partial), Thomas Allison's statement within court motion, requesting partial releases
-USACM Statement as of 9/30/06 for Account Holder, Larry & Patsy Rieger, Trustees
-Copy BK Schedule G, Executory Contracts…page listing Loan Servicing Agreement,
 Larry L. Rieger & Patsy R. Rieger, Trustees:  Contract Date 7/24/2003
-Copy Example, USACM Loan Servicing Agreement (dated prior to 12/31/2004)
-Copies of each recorded collateral release by USACM to Amesburyport Corp. (Dec. 2002 thru Aug.
2006)

Page 2 of 2
Re: Proof of Claim, USACM BK Case #06-10725-LBR
      Breach of Fiduciary Responsibility, Unscheduled Debt: Amesbury Hatters Point Loan

The following documentation is too voluminous to include herein; however, is available upon request:
-Copy (complete) mortgage loan documents
-Copy recorded deed of trust

**STATEMENT:** This Claim reflects a portion of the known liability of the debtor to Creditor, Larry L. Rieger & Patsy R. Rieger Revocable Trust Dated 8/14/91. Larry L. Rieger & Patsy R. Rieger reserve the right to amend this Claim to assert subsequently discovered liabilities. Claimant reserves the right to amend this claim to properly reflect priority or other classification, credits and charges after the date set forth or after the date hereof, attorney's fees, costs and related charges assessable against the Debtor or its' property, particularly but not limited to those contemplated by section 506(b) of the Bankruptcy Code. Until the determinations thereof are made, and the precise date of payment of this claim is determined, the amount and priority thereof is undeterminable, and must accordingly be determined by an appropriate Order of the court to be entered at an appropriate time.

Yours truly,

Larry L. Rieger, Trustee

Patsy R. Rieger, Trustee

<!--StartFragment-->Aug. 28, 2006

Question regarding my investment in the Amesbury/Hatters Point loan:

My statement indicates that the Borrower has repaid approx. 8.5% of the loan since my investment (August 2003). In checking the Essex County Recorder's documents, I find that 35 units in Phases 1A and 1B have been sold and deed transferred to new owners by Amesburyport Corporation. Total gross sales price of those 35 units was $15,981,925. The remittances from the Borrower should have been 75% of the loan amount ($21,750,000), not 8.5%, as was repaid on my investment.

In addition, court docket #592 (6/9/06) includes request for permission to provide partial releases on three Amesbury units with net sales proceeds to be paid toward the loan principal, which was projected to be approx. $1,500,000. The Essex County Recorder shows only two (not three) units released by Amesbury to buyers on 5/23 & 5/24/06. The two partial releases from USACM to Amesbury are recorded on 8/21/06. There is no indication in the June 30th Loan Summary of any principal payments made on the Amesbury loan post-petition.

**Amesbury/ Hatters Point**
**Grant Deeds on condo sales:**

(starting Dec. '02):

Total Loan$ Dec'02: $21,750,000

*release price for Unit807 shall be "0", net proceeds equals Borrower's Initial Equity/Contrib/
84% of Net Proceeds per Unit (less $56/sf) s/b:

| Date Recorded- Amesbury release to Buyer | Unit # | Gross Sales Amount ($ consideration) | Date Recorded- USACM Partial Release to Amesbury | Per Unit Release Price s/b: | Cumulative Pmt. On Loan s/b: | Loan Balance s/b: | Rieger Inv's Aug'03: | Payment Date | Princ. Payments Rec'd from USACM: | Rieger Balance s/b: |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/10/2003 | 807 | $975,000 | 4/11/2003 | $349,680 | $623,220 | $21,126,780 | | | | $440,417 |
| 2/26/2003 | 805 | $372,000 | (no unit release recorded) | $273,540 | $954,100 | $20,795,900 | | | | $432,042 |
| 3/21/2003 | 908 | $291,000 | 5/29/2003 | $330,880 | $1,304,344 | $20,445,656 | | | | $426,047 |
| 5/16/2003 | 802 | $352,000 | 6/5/2003 | $350,244 | $1,583,524 | $20,166,476 | | | | $410,989 |
| 7/23/2003 | 705 | $372,600 | 8/27/2003 | $279,180 | $1,967,044 | $19,782,956 | | | | $404,112 |
| 8/8/2003 | 903 | $297,000 | 7/2/2004 | $383,520 | $2,241,524 | $19,508,476 | $475,000 (Aug'03) | | | $390,255 |
| 8/19/2003 | 905 | $408,000 | (no unit release recorded) | $274,480 | $2,931,014 | $18,818,986 | | | | $376,932 |
| 9/19/2003 | 907 | $292,000 | 10/12/2003 | $689,490 | $3,245,914 | $18,504,086 | | | | $368,492 |
| 11/3/2003 | 804 | $733,500 | 11/6/2003 | $314,900 | $3,880,414 | $17,869,586 | | | | $361,820 |
| 11/25/2003 | 902 | $335,000 | 11/25/2003 | $634,500 | $4,490,474 | $17,259,526 | | | | $352,408 |
| 12/23/2003 | 912 | $675,000 | 12/23/2003 | $610,060 | $4,876,932 | $16,873,069 | | | | $344,504 |
| 1/14/2004 | 704 | $649,000 | 1/14/2004 | $386,458 | $5,182,432 | $16,567,569 | | | | $336,006 |
| 2/11/2004 | 706 | $411,125 | 2/11/2004 | $305,500 | $5,613,422 | $16,136,579 | | | | $326,029 |
| 3/19/2004 | 702 | $325,000 | 3/23/2004 | $430,990 | $5,975,322 | $15,774,679 | | | | $317,811 |
| 4/23/2004 | 707 | $458,500 | 4/23/2004 | $361,900 | $6,364,482 | $15,385,519 | | | | $306,037 |
| 6/25/2004 | 609 | $385,000 | 1/4/2005 | $389,160 | $6,821,322 | $14,928,679 | | | | $290,185 |
| 6/28/2004 | 608 | $414,000 | 7/6/2004 | $456,840 | $7,197,602 | $14,552,399 | | | | $282,148 |
| 6/30/2004 | 701 | $486,000 | 7/16/2004 | $376,280 | $7,736,722 | $14,013,279 | | | | $272,122 |
| 8/2/2004 | 610 | $409,900 | 8/25/2004 | $639,120 | $8,462,602 | $13,287,399 | | | | $264,125 |
| 8/5/2004 | 703 | $586,000 | 8/9/2004 | $725,880 | $8,830,602 | $12,919,399 | | | | $250,834 |
| 8/13/2004 | 909 | $789,000 | 8/13/2004 | $368,000 | $9,289,682 | $12,460,319 | | | | $234,399 |
| 10/13/2004 | 602 | $400,000 | 10/13/2004 | $459,080 | $9,655,842 | $12,094,159 | | | | $226,061 |
| 12/20/2004 | 601 | $499,000 | 12/20/2004 | $366,160 | $10,264,422 | $11,485,579 | | | | $217,602 |
| 12/29/2004 | 611 | $398,000 | 1/3/2005 | $608,580 | $10,627,822 | $11,122,179 | | | | $208,019 |
| 2/11/2005 | 613 | $661,500 | 12/29/2004 | $363,400 | $11,016,982 | $10,733,019 | | 1/10/2005 | $14,337 | $199,399 |
| 2/28/2005 | 603 | $395,000 | 1/27/2006 | $389,160 | $11,398,782 | $10,351,219 | | 3/9/2005 | $3,501 | $187,344 |
| 4/28/2005 | 604 | $423,000 | 3/2/2005 | $381,800 | $11,786,102 | $9,963,899 | | | | |
| 4/28/2005 | 606 | $415,000 | 4/28/2005 | $387,320 | $12,224,942 | $9,525,059 | | 5/10/2005 | $7,291 | |
| 5/10/2005 | 612 | $421,000 | 10/14/2005 | $438,840 | $12,619,622 | $9,130,379 | | 5/20/2005 | $7,657 | |
| 5/18/2005 | 607 | $477,000 | 5/16/2005 | $394,680 | $13,171,622 | $8,578,379 | | 6/8/2005 | $7,219 | |
| 10/11/2005 | 605 | $429,000 | 5/18/2005 | $552,000 | $13,737,422 | $8,012,579 | | | | |
| 3/3/2006 | 617 | $600,000 | (no unit release recorded) | $565,800 | | | | | | |
| | 615 | $615,000 | 3/29/2006 | | | | | | | |

Total Gross Sales$: $17,383,925

# Recorded Partial Releases (USACM to Amesbury): 32

# Units deeded to Buyers, by Amesbury: 35

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 5/23/2006 | 616 | $541,000 | 8/21/2006 | $497,720 | $14,235,142 | $7,514,859 | $164,118 |
| 5/24/2006 | 614 | $543,700 | 8/21/2006 | $500,204 | $14,735,346 | $7,014,655 | $153,194 |
| 8/18/2006 | 618 | $550,000 | (no unit release recorded) | $506,000 | $15,241,346 | $6,506,655 | $142,143 |

USACM 9/30/2006 Balance is: (Cumulative) $14,235,142 Pre petition; $14,735,346; $15,241,346 Post petition
USACM 9/30/2006 Balance is: (Loan) $19,242,193 ($11,229,015) ($1,503,924); $7,514,859; $7,014,655; $6,506,655
USACM 9/30/2006 Balance Is: (Rieger) $434,995

Claim for non-payment of principal when collateral releases provided  Pre-petition
Claim for non-payment of principal when collateral releases provided  Post petition

2007012600302 Bk:26509 Pg:397
01/26/2007 13:16:00 PRL Pg 1/2

## PARTIAL RELEASE

USA Commercial Mortgage Company, a Nevada Corporation with principal offices at 4484 South Pecos Road, Las Vegas, Nevada 89121 ("USA Commercial"), Lender's ("USA Capital"), said USA Capital being the present holder of a Construction Mortgage and Security Agreement ("Mortgage") from Amesburyport Corporation, a Massachusetts corporation with principal offices at Dammonmill Square, 9 Pond Lane, Concord, MA 01742 ("Amesburyport"), said Mortgage having been given to USA Capital, dated December 16, 2002 and recorded with Essex South District Registry of Deeds in Book 19843, Page 2, for consideration paid, release to the said Amesburyport Corporation, its successors and assigns, all interest acquired under said Mortgage in the following described portion of the mortgaged premises:

The Condominium Unit known as Unit 618 ("The Unit") in the Hatter's Point Condominium, A Community For Persons Fifty-Five Years of Age Or Older (the "Condominium"), located at 60 Merrimac Street, Amesbury, Essex County, Massachusetts, which Condominium was created pursuant to M.G.L. Chapter 183A by a certain Master Deed dated April 29, 2002 registered with the Land Registration Office for the Essex County, Southern District Registry of Deeds as Document No. 402235, as amended by an Amended and Restated Master Deed dated July 15, 2002 and recorded with the Essex South District Registry of Deeds in Book 18960, Page 180, and as further amended of record (the "Master Deed") and all interest in and to Parking Space(s) referenced in and all appurtenances to the Unit as set froth in the Unit Deed thereof.

USA Capital also releases to Amesburyport, as to the aforesaid Unit 618, all interest acquired under a certain Collateral Assignment of Leases and Rents dated December 16, 2002 and recorded with said Deeds in Book 19843, Page 29.

This release shall not affect or impair the right of USA Capital to hold under the above Mortgage and as security for the sum remaining due on the Note secured thereby, or to sell under the power of sale contained in said Mortgage, all the remainder of the premises therein conveyed and not hereby released.

IN WITNESS WHEREOF, the said USA Commercial Mortgage Company, Lender's Representative as aforesaid, has caused this partial release to be signed in its name and behalf by     Mark L. Olson              itsChief Operating Officer hereunto duly authorized this  21  day of December, 2006.

USA Commercial Mortgage Company

By: _Mark L Olson_
hereunto duly authorized



2006082100266 Bk:26001 Pg:184
08/21/2006 11:46:00  PRL Pg 1/2

## PARTIAL RELEASE

USA Commercial Mortgage Company, a Nevada Corporation with principal offices at 4484 South Pecos Road, Las Vegas, Nevada 89121 ("USA Commercial"), Lender's ("USA Capital"), said USA Capital being the present holder of a Construction Mortgage and Security Agreement ("Mortgage") from Amesburyport Corporation, a Massachusetts corporation with principal offices at Dammonmill Square, 9 Pond Lane, Concord, MA 01742 ("Amesburyport"), said Mortgage having been given to USA Capital, dated December 16, 2002 and recorded with Essex South District Registry of Deeds in Book 19843, Page2, for consideration paid, release to the said Amesburyport Corporation, its successors and assigns, all interest acquired under said Mortgage in the following described portion of the mortgaged premises:

The Condominium Unit known as Unit 614 ("The Unit") in the Hatter's Point Condominium, A Community For Persons Fifty-Five Years of Age Or Older (the "Condominium"), located at 60 Merrimac Street, Amesbury, Essex County, Massachusetts, which Condominium was created pursuant to M.G.L. Chapter 183A by a certain Master Deed dated April 29, 2002 registered with the Land Registration Office for the Essex County, Southern District Registry of Deeds as Document No. 402235, as amended by an Amended and Restated Master Deed dated July 15, 2002 and recorded with the Essex South District Registry of Deeds in Book 18960, Page 180, and as further amended of record (the "Master Deed") and all interest in and to Parking Space(s) referenced in and all appurtenances to the Unit as set froth in the Unit Deed thereof.

USA Capital also releases to Amesburyport, as to the aforesaid Unit 614, all interest acquired under a certain Collateral Assignment of Leases and Rents dated December 16, 2002 and recorded with said Deeds in Book 19843, Page 29.

This release shall not affect or impair the right of USA Capital to hold under the above Mortgage and as security for the sum remaining due on the Note secured thereby, or to sell under the power of sale contained in said Mortgage, all the remainder of the premises therein conveyed and not hereby released.

IN WITNESS WHEREOF, the said USA Commercial Mortgage Company, Lender's Representative as aforesaid, has caused this partial release to be signed in its name and behalf by Joseph D. Milanowski, its President, hereunto duly authorized this day of August, 2006.

USA Commercial Mortgage Company

By:  Mark L Olson, COO
hereunto duly authorized





2006082100267 Bk:26001 Pg:186
08/21/2006 11:45:00 PRL Pg 1/2

## PARTIAL RELEASE

USA Commercial Mortgage Company, a Nevada Corporation with principal offices at 4484 South Pecos Road, Las Vegas, Nevada 89121 ("USA Commercial"), Lender's ("USA Capital"), said USA Capital being the present holder of a Construction Mortgage and Security Agreement ("Mortgage") from Amesburyport Corporation, a Massachusetts corporation with principal offices at Dammonmill Square, 9 Pond Lane, Concord, MA 01742 ("Amesburyport"), said Mortgage having been given to USA Capital, dated December 16, 2002 and recorded with Essex South District Registry of Deeds in Book 19843, Page2, for consideration paid, release to the said Amesburyport Corporation, its successors and assigns, all interest acquired under said Mortgage in the following described portion of the mortgaged premises:

The Condominium Unit known as Unit 616 ("The Unit") in the Hatter's Point Condominium, A Community For Persons Fifty-Five Years of Age Or Older (the "Condominium"), located at 60 Merrimac Street, Amesbury, Essex County, Massachusetts, which Condominium was created pursuant to M.G.L. Chapter 183A by a certain Master Deed dated April 29, 2002 registered with the Land Registration Office for the Essex County, Southern District Registry of Deeds as Document No. 402235, as amended by an Amended and Restated Master Deed dated July 15, 2002 and recorded with the Essex South District Registry of Deeds in Book 18960, Page 180, and as further amended of record (the "Master Deed") and all interest in and to Parking Space(s) referenced in and all appurtenances to the Unit as set froth in the Unit Deed thereof.

USA Capital also releases to Amesburyport, as to the aforesaid Unit 616, all interest acquired under a certain Collateral Assignment of Leases and Rents dated December 16, 2002 and recorded with said Deeds in Book 19843, Page 29.

This release shall not affect or impair the right of USA Capital to hold under the above Mortgage and as security for the sum remaining due on the Note secured thereby, or to sell under the power of sale contained in said Mortgage, all the remainder of the premises therein conveyed and not hereby released.

IN WITNESS WHEREOF, the said USA Commercial Mortgage Company, Lender's Representative as aforesaid, has caused this partial release to be signed in its name and behalf by Joseph D. Milanowski, its President, hereunto duly authorized this day of August, 2006.

USA Commercial Mortgage Company

By: Mark L Olson, COO
hereunto duly authorized

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

29.    It is USACM's business judgment that the $125,000 additional loan advance should be made from USACM's existing operating funds to avoid the filing of mechanic's liens on the Boise/Gowan Project and to pay off property taxes on the Boise/Gowan Project in order to enhance Boise/Gowan's ability to quickly sell the completed Boise/Gowan Project and repay the Boise/Gowan Loan.

### Partial Releases for Three Amesbury Loan Condominium Units

30.    On December 18, 2002, USACM as Servicer originated a loan (the "Amesbury Loan") to Borrower Amesburyport Corporation, a Massachusetts corporation ("Amesburyport"). Under the Amesbury Loan Agreement dated December 18, 2002 (the "Amesbury Loan Agreement"), the original principal amount of the Amesbury Loan was $21,750,000.  The Guarantor of the Amesbury Loan is William H. Sullivan.

31.    The Amesbury Loan was made to Amesburyport for the renovation of nine old factory buildings located in Amesbury, Massachusetts, which is approximately 50 miles north of Boston, Massachusetts, and conversion of the buildings into condominium units.  The current outstanding principal on the Amesbury Loan is $18,672,455, with unpaid interest and fees owing of approximately $5,803,787 (this number is preliminary only and includes default interest and late fees).  There are 393 Direct Lenders for the Amesbury Loan.  Diversified Trust Deed Fund is a Direct Lender in the Amesbury Loan with a 15.18% undivided interest in the Amesbury Loan. First Trust Deed Fund is also a Direct Lender in the Amesbury Loan with a 1.72% undivided interest in the Amesbury Loan.  USACM is also a Direct Lender in the Amesbury Loan with a 0.25% undivided interest in the Amesbury Loan.  The Amesbury Loan is a Nonperforming Loan, both because of the unpaid interest on the Amesbury Loan and because the Amesbury Loan matured on June 30, 2005.

32.    The last three condominiums from Phase I of the Amesbury Project are currently under contract at list price.  All of the other condominiums in Phase I have been sold. Amesburyport has requested that USACM as Servicer consent to the sales of the last three condominium units and issue Partial Releases for these units.  The estimated net proceeds from these sales are approximately $500,000 per unit, for an estimated return to USACM as Servicer of

# LOAN AGREEMENT COPY

This Loan Agreement (the "Agreement") is executed as of the ___*18*___ day of December, 2002 by and between the Borrower, who hereby agrees to borrow, and the Lender, who hereby agrees to lend, the amounts set forth below under the Note subject to and in accordance with the following terms and conditions:

1. ## DEFINITIONS.

When used herein, the terms set forth below shall be defined as follows:

1.1    "**Architect's Contract**" shall mean the contracts for architectural services · relating to the Project entered into between Borrower and the applicable architect.

1.2    "**Borrower**" means Amesburyport Corporation, a Massachusetts corporation.

1.3    "**Borrower's Notice Address**" is Damonmill Square, 9 Pond Lane, Concord, MA 01742.

1.4    "**Budget**" means that certain development budget (the "Development Budget"), which shall include all costs of constructing the improvements related to the Project. The Development Budget is attached hereto as **Exhibit "A"**.

1.5    "**Collateral**" is collectively all property now or hereafter pledged, mortgaged, assigned, hypothecated or otherwise provided to the Lender as collateral security for the obligations evidenced by the Loan Documents, whether to secure the Note, this Loan Agreement, or any other instrument, indebtedness or undertaking.

1.6    "**Commitment Fee**" is S1,305,000.

1.7    "**Completion Date**" means sixty (60) days prior to the Maturity Date, by which date the Project shall be substantially complete, except for punch list items that shall be completed within the next thirty (30) days, and certifications of occupancy issued.

1.8    "**Contractor**" means Kaplan Corporation, or any other general contractor which Lender has approved in writing.

1.9    "**Control Account**" means Disbursement Agent's account in which the Control Account Funds shall be held.

1.10    "**Control Account Escrow Agreement**" means the Construction Loan Disbursement Agreement by and between Borrower, Lender and Disbursement Agent of even date herewith.

2.4    <u>Unit Release Provisions</u>.

(a) Upon the sale of each Unit to a bona fide, third party purchaser for value, Borrower shall pay to Lender, together with any applicable Exit Fees, an amount (the "Release Price") equal to ninety-four percent (94%) of the Net Proceeds from sale of the Unit until (a) an aggregate of $6,500,000 has been repaid on the Loan and (b) the Lender reasonably determines that the Loan has been sufficiently reduced so that the Loan To Value ratio is less than fifty percent (50%). Following Lender's determination that the preceding clauses (a) and (b) have been satisfied, the Release Price shall be adjusted so that Borrower shall pay to Lender, upon the sale of each Unit to a bona fide, third party purchaser for value a release price equal to ninety-two percent (92%) of the Net Proceeds from sale of the Unit, together with any applicable Exit Fees (which shall be paid to Lender's Representative), through the remaining term of the Loan. Notwithstanding the foregoing, Lender shall only be obligated to release Units as described above if, at the time Borrower satisfies the above conditions, there does not exist any Event of Default beyond all applicable grace and/or cure periods. As used herein, "Net Proceeds" means the gross sale price of the Unit, less usual and customary closing adjustments and costs (i.e. documentary stamps, recording fees and reasonable attorney's fees). Borrower and Lender agree that the minimum gross sale price for each Unit shall be according to Schedule A attached hereto.

(b) Upon Lender making the Additional Advance (as defined in Section 2.6), Borrower shall also pay the Exit Fee to Lender's Representative, together with the applicable Release Price as provided for herein. If the Loan is repaid at any time that Units are subject to accepted offers to purchase or purchase and sale agreements, such repayment shall include payment of Exit Fees (which shall be paid to Lender's Representative) based on the greater of (1) the anticipated gross sales proceeds from such Units or (2) the minimum gross sale price for such Units according to Schedule A attached hereto.

(c) In the event any brokerage fees are/become due in connection with the sale of a Unit, such brokerage fees shall be limited to not more than two percent (2%) of the sale price of the Unit if the broker is a person or entity related to Borrower.

(d) Notwithstanding anything contained herein to the contrary, the Release Price for Unit #807 shall be "zero" provided that the Net Proceeds from the sale are recycled into the Project by the Borrower to, in part, make up Borrower's Initial Equity Contribution.

# USA Commercial Mortgage Company
## Investor History Report

Vesting: Larry L. Rieger & Patsy R. Rieger Trustees of the Larry L. Rieger & Patsy R. Rieger Revocable Trust dated 8/14/91
Loan: Amesbury/Hatters Point
Client ID: 3147
Account ID: 2658
Loan Interest Rate: 13.50%
Original Service Fee: 0.50%
Current Service Fee¹: 1.00%

| Date | Transaction | A Investment | B Principal Paid by Borrower | C Principal Paid to Investor | D=B-C Principal Owed to Investor | E Unsecured/Diverted Principal | F Interest Earned | G Loan Service Fee Retained by USACM | H Interest Paid by Borrower, Net of Service Fee | I=F-G-H Cumulative Amount Due from Borrower, Net of Service Fee | J Interest Paid to Investor | K=H-J Cumulative Amount Held for/(Due from) Investor |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/06/2005 | Interest Paid to Investor | $434,995.39 | | | $0.01 | | | | | $19,408.72 | $4,869.53 | ($19,342.54) |
| 09/30/2005 | Interest and Service Fee (9/1 - 9/30) | $434,995.39 | | | $0.01 | | $4,893.70 | $181.25 | | $24,121.17 | | ($19,342.54) |
| 10/05/2005 | Interest Paid to Investor | $434,995.39 | | | $0.01 | | | | | $24,121.17 | $4,712.45 | ($24,054.99) |
| 10/11/2005 | Interest Paid By Borrower | $434,995.39 | | | $0.01 | | | | $12,308.46 | $11,812.71 | | ($11,746.53) |
| 10/31/2005 | Interest and Service Fee (10/1 - 10/3) | $434,995.39 | | | $0.01 | | $5,056.82 | $333.26 | | $16,536.27 | | ($11,746.53) |
| 11/07/2005 | Interest Paid to Investor | $434,995.39 | | | $0.01 | | | | | $16,536.27 | $4,869.53 | ($16,616.06) |
| 11/30/2005 | Interest and Service Fee (11/1 - 11/3) | $434,995.39 | | | $0.01 | | $4,893.70 | $362.50 | | $21,067.47 | | ($16,616.06) |
| 12/07/2005 | Interest Paid to Investor | $434,995.39 | | | $0.01 | | | | | $21,067.47 | $4,712.45 | ($21,328.51) |
| 12/31/2005 | Interest and Service Fee (12/1 - 12/3) | $434,995.39 | | | $0.01 | | $5,056.82 | $362.50 | | $25,761.80 | | ($21,328.51) |
| 01/09/2006 | Interest Paid to Investor | $434,995.39 | | | $0.01 | | | | | $25,761.80 | $4,869.53 | ($26,198.04) |
| 01/31/2006 | Interest and Service Fee (1/1 - 1/31) | $434,995.39 | | | $0.01 | | $5,056.82 | $362.50 | | $30,456.12 | | ($26,198.04) |
| 02/07/2006 | Interest Paid to Investor | $434,995.39 | | | $0.01 | | | | | $30,456.12 | $4,869.53 | ($31,067.57) |
| 02/28/2006 | Interest and Service Fee (2/1 - 2/28) | $434,995.39 | | | $0.01 | | $4,567.45 | $362.50 | | $34,661.08 | | ($31,067.57) |
| 03/06/2006 | Interest Paid By Borrower | $434,995.39 | | | $0.01 | | | | $12,591.91 | $22,069.17 | | ($18,475.66) |
| 03/10/2006 | Interest Paid to Investor | $434,995.39 | | | $0.01 | | | | | $22,069.17 | $4,398.29 | ($22,873.95) |
| 03/31/2006 | Interest and Service Fee (3/1 - 3/31) | $434,995.39 | | | $0.01 | | $5,056.82 | $362.50 | | $26,763.50 | | ($22,873.95) |
| 04/30/2006 | Interest and Service Fee (4/1 - 4/30) | $434,995.39 | | | $0.01 | | $5,087.15 | $362.50 | | $31,488.15 | | ($22,873.95) |
| 05/30/2006 | Interest Paid By Borrower | $434,995.39 | | | $0.01 | | | | $10,050.73 | $21,437.42 | | ($12,823.22) |
| 05/31/2006 | Interest and Service Fee (5/1 - 5/31) | $434,995.39 | | | $0.01 | | $5,195.20 | $362.50 | | $26,270.12 | | ($12,823.22) |
| 05/31/2006 | Interest Paid By Borrower | $434,995.39 | | | $0.01 | | | | $10,383.25 | $15,896.86 | | ($2,439.97) |

This statement is provided for informational purposes only and is intended for the sole benefit of the named vested party.
This statement is not intended to represent a loan payoff quote. USA reserves the right to update and supplement this statement.

¹ This rate may be adjusted according to your loan servicing agreement.

# USA Commercial Mortgage Company
## Investor History Report

**Vesting:** Larry L. Rieger & Patsy R. Rieger Trustees of the Larry L. Rieger & Patsy R. Rieger Revocable Trust dated 8/14/91

**Loan:** Amesbury/Hatters Point
**Client ID:** 3147
**Account ID:** 2658
**Loan Interest Rate:** 13.50%
**Original Service Fee:** 0.50%
**Current Service Fee:** 1.00%

| Date Transaction | A Investment | B Principal Paid by Borrower | C Principal Paid to Investor | D = B - C Principal Owed to Investor | E Unsecured / Diverted Principal | F Interest Earned | G Loan Service Fee Retained by USACM | H Interest Paid by Borrower Net of Service Fee | I = F - G - H Cumulative Amount Due from Borrower, Net of Service Fee | J Interest Paid to Investor | K = H - J Cumulative Amount Held for/(Due from) Investor |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/30/2006 Interest and Service Fee (6/1 - 6/30) | $434,995.39 | | | $0.01 | | $5,086.05 | $362.50 | | $20,610.42 | | ($2,439.97) |
| 07/31/2006 Interest and Service Fee (7/1 - 7/31) | $434,995.39 | | | $0.01 | | $5,314.71 | $362.50 | | $25,562.64 | | ($2,439.97) |
| 08/31/2006 Interest and Service Fee (8/1 - 8/31) | $434,995.39 | | | $0.01 | | $5,376.50 | $362.50 | | $30,576.64 | | ($2,439.97) |
| 09/07/2006 Interest Paid By Borrower | $434,995.39 | | | $0.01 | | | | $9,288.69 | $21,287.95 | | $6,848.72 |
| 09/30/2006 Interest and Service Fee (9/1 - 9/30) | $434,995.39 | | | $0.01 | | $5,150.91 | $362.50 | | $26,076.37 | | $6,848.72 |
| 10/20/2006 Principal Paid to Investor | $434,995.39 | | $0.01 | | | | | | $26,076.37 | | $6,848.72 |
| **TOTALS:** | $434,995.39 | $40,004.61 | $40,004.61 | $0.00 | $0.00 | $198,163.01 | $9,328.06 | $162,758.58 | $26,076.37 | $155,909.86 | $6,848.72 |

[1] This rate may be adjusted according to your loan servicing agreement.

This statement is provided for informational purposes only and is intended for the sole benefit of the named vested party.
This statement is not intended to represent a loan payoff quote.  USA reserves the right to update and supplement this statement.

THIS STATEMENT REFLECTS ACTIVITY THROUGH SEPTEMBER 30, 2006

In re ___USA Commercial Mortgage Company___    Case No.___06-10725-LBR___
                Debtor                                    (If known)

### SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
| --- | --- |
| RIEDMAN, THOMAS<br>995 PUTNAM AVE<br>NORTH MERRICK, NY 11566 | LOAN SERVICING AGREEMENT<br>THOMAS T. RIEDMAN, A MARRIED MAN DEALING WITH HIS SOLE AND SEPARATE PROPERTY: CONTRACT DATE: 3/29/2006 |
| RIEDNER, ANNA<br>6059 W ELDORA<br>LAS VEGAS, NV 89102 | LOAN SERVICING AGREEMENT<br>ANNA RIEDNER: CONTRACT DATE: NO DATE |
| RIEGER, LARRY<br>2615 GLEN EAGLES DRIVE<br>RENO, NV 89523 | LOAN SERVICING AGREEMENT<br>LARRY L. RIEGER & PATSY R. RIEGER TRUSTEES OF THE LARRY L. RIEGER & PATSY R. RIEGER REVOCABLE TRUST DATED 8/14/91: CONTRACT DATE: 7/24/2003 |
| RIEHLE, RACHEL<br>9962 WESTHAVEN CIRCLE<br>WESTMINSTER, CA 92683 | LOAN SERVICING AGREEMENT<br>RACHEL RIEHLE, AN UNMARRIED WOMAN: CONTRACT DATE: 5/20/2004 |
| RIFKIN, ALLEN<br>10024 PINNACLE VIEW PLACE<br>LAS VEGAS, NV 89134 | LOAN SERVICING AGREEMENT<br>ALLEN RIFKIN & ROSALYN RIFKIN TRUSTEES OF THE RIFKIN 2000 TRUST: CONTRACT DATE: 3/18/2003 |
| RIGGS, JR, FRANCIS<br>711 N LUCIA AVE<br>REDONDO BEACH, CA 90277 | LOAN SERVICING AGREEMENT<br>FRANCIS DONALD RIGGS JR., TRUSTEE OF THE RIGGS TRUST DATED 6/11/90: CONTRACT DATE: 6/14/2005 |
| RILEY, BRIAN<br>2605 E FLAMINGO RD<br>LAS VEGAS, NV 89121 | LOAN SERVICING AGREEMENT<br>FIRST SAVINGS BANK CUSTODIAN FOR BRIAN L. RILEY IRA: CONTRACT DATE: 12/6/2004 |
| RILEY, DANNY<br>3853 SILVESTRI LANE<br>LAS VEGAS, NV 89120 | LOAN SERVICING AGREEMENT<br>DLR INVESTMENTS IV ST. CROIX STREET, LLC: CONTRACT DATE: NO DATE |
| RILEY, JACK<br>2375 E TROPICANA AVE 321<br>LAS VEGAS, NV 89119 | LOAN SERVICING AGREEMENT<br>LIQUID INVESTMENTS, L.P.: CONTRACT DATE: NO DATE |
| RILEY, MARY<br>2710 CRESTWOOD LN<br>HIGHLAND VILLAGE, TX 75077 | LOAN SERVICING AGREEMENT<br>MARY A. RILEY AND BRIAN L. RILEY, HUSBAND AND WIFE AS JOINT TENANTS WITH RIGHT OF SURVIVORSHIP: CONTRACT DATE: 7/1/2005 |
| RILEY, MICHAEL<br>2025 HOT OAK RIDGE<br>LAS VEGAS, NV 89134 | LOAN SERVICING AGREEMENT<br>MICHAEL R. RILEY AND CAROL M. RILEY TRUSTEES OF THE RILEY FAMILY TRUST DATED 8/12/04: CONTRACT DATE: 10/31/2005 |
| RILEY, SUZANNE<br>1683 MAR WEST<br>TIBURON, CA 94920 | LOAN SERVICING AGREEMENT<br>SUZANNE S. RILEY, AN UNMARRIED WOMAN: CONTRACT DATE: 8/4/2005 |
| RINALDI, JOSEPH<br>1069 VANLIER<br>HENDERSON, NV 89015 | LOAN SERVICING AGREEMENT<br>JOSEPH R. RINALDI & GLORIA E. RINALDI TRUSTEES OF THE JOSEPH R. RINALDI & GLORIA E. RINALDI REVOCABLE TRUST DATED 7/23/02: CONTRACT DATE: 10/18/2000 |