John F. O'Reilly, Esq.
Nevada Bar No. 1761
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
Claudia K. Cormier, Esq.
Nevada Bar No. 0880
**O'REILLY LAW GROUP, LLC**
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-2500
Facsimile: (702) 384-6266
Attorneys for Creditor MICHAEL PETERSEN

E-Filed on 8/17/07

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | CASE NO.: BK-S-06-10725 LBR |
| | DEPT. NO.: |
| USA COMMERCIAL MORTGAGE COMPANY, | BK-S-06-10726 LBR |
| | BK-S-06-10727 LBR |
| Debtor. | BK-S-06-10728 LBR |
| | BK-S-06-10729 LBR |
| In Re: | Chapter 11 |
| USA CAPITAL REALTY ADVISORS, LLC, | Jointly Administered Under |
| Debtor. | Case No. BK-S-06-10725- LTR |
| In Re: | **OPPOSITION OF MICHAEL PETERSEN TO MOTION OF USACM LIQUIDATING TRUST FOR SUMMARY JUDGMENT** |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | |
| Debtor. | Date: October 15, 2007 |
| | Time: 9:30 a.m. |
| In Re: | |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | |
| Debtor. | |
| In Re: | |
| USA SECURITIES, LLC, | |
| Debtor. | |

**COMES NOW** Michael Petersen, by and through his counsel, O'Reilly Law Group, LLC, ("Petersen") and opposes USACM Liquidating Trust's ("USACM Trust") Motion for Summary Judgment in the above-entitled matter.

## I. Introduction.

In order to prevail on its Motion for Summary Judgment with respect to the claim of Michael Petersen, USACM Trust must meet two burdens of proof. The first is the well-settled burden of establishing that there is no genuine issue of material fact. The second is the burden of overcoming the claimant's Proof of Claim with evidence equally or more powerful than the Proof of Claim, itself. Both of those burdens must be met. USACM Trust has failed to meet either. USACM Trust's Motion for Summary Judgment must be denied.

USACM Trust posits in its motion that summary judgment should be granted in its favor, which means the claim filed by Petersen in the above-entitled bankruptcy proceeding (the "Petersen Secured Claim") would be found to be unsecured. USACM Trust has succinctly stated its argument with respect to the Petersen Secured Claim in only two paragraphs. USACM Trust Motion, at 6. Its argument rests solely on one case and the Berman Declaration. Id, at 6. Neither carries the day for the moving party.

First, citing no authority other than *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240 (1989), USACM Trust argues that the Petersen Secured Claim is not secured by property of the USACM estate and asserts that, "[s]ecured claims are claims 'by creditors against the estate that are secured by a lien on property in which the estate has an interest.'" USACM Trust goes on to assert with respect to all of the secured claims that oppose being cast as unsecured, which includes the Petersen Secured Claim:

"None of [Petersen's claims] are secured by such a lien" and

Petersen has "offered zero evidence in support of [his] contention.

Rather, it appears that most of the claimants [apparently including Petersen] are under the misimpression that because their loan investments

2

serviced by USACM were secured by collateral of the borrowers, any claim they might have asserted against USACM would also be secured." USACM Trust Motion, at 6.

The *Ron Pair* case does not stand for the proposition quoted above by USACM Trust, which is mere dictum concerning the application of Section 506 of the Bankruptcy Code to <u>oversecured</u> claims. *Ron Pair* holds that the Bankruptcy Code authorizes payment of postpetition interest on nonconsensual oversecured prepetition claims. *Ron Pair* has nothing whatsoever to do with the question of whether USACM Trust has established by evidence that the Petersen claim is unsecured.

Moreover, USACM Trust cannot meet its burden by shifting it to the opposing party, as it attempts to do by saying the claimant has "offered zero evidence in support of [his] contention." The claimant does not have the burden. USACM Trust has the burden and has failed to meet it.

Relying entirely on the Berman Declaration, USACM Trust asserts that it "has examined all of the books and records and performed a lien search in Nevada and has been unable to find the existence of any security instrument . . . that would demonstrate that the [Petersen Secured Claim is] secured against USACM." *Id.* The Berman Declaration is, respectfully, self-serving and insufficient to meet the standard of proof required with respect to the Petersen Secured Claim.

## II. USACM Trust Has Two Burdens.

As pointed out by USACM Trust in Section III, paragraph 20 of its Motion, its first burden is proving "the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bank. P. Fed 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We agree, as USACM Trust states, that a fact is "material" when, under the governing substantive law, it could affect the outcome of the case, and that a "genuine issue" of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). We also agree that where

3

1  the case turns on a mixed question of fact and law and the only disputes relate to the legal
2  significance of undisputed facts, the controversy collapses into a question of law suitable to
3  disposition on summary judgment, relying on *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1523 (9th
4  Cir. 1994) and *Graham v. City of Chicago*, 828 F. Supp. 576, 583 (N.D. Ill. 1993).

5  We would add what the moving party has chosen to omit – that USACM Trust has an
6  additional burden of producing evidence and showing facts that defeat the Petersen claim by
7  probative force equal to that of the allegations of the proof of claim, itself. *U.S. v. Oxford Finance,*
8  *Inc. (In re Medina)*, 205 B.R. 216, 222 (9th Cir. BAP 1996) *quoting In re Margillo*, 176 B.R. 524,
9  529 (9th Cir. BAP 1995), *re Holm*, 931 F.2d 620, 623 (9th Cir. 1991). See *Petersen's Opposition*
10 *to Twenty-fourth Omnibus Objection of the USACM Liquidating Trust to Claims Asserting Secured*
11 *Status*, filed in the above-entitled case on April 19, 2007 ("Petersen's Opposition").

12 USACM Trust has not established by reliance on the *Ron Pair* case the absence of a
13 genuine issue of material fact. Furthermore, the Berman Declaration as a self-serving statement
14 does not provide evidence that has probative force equal to that of the allegations of the proof of
15 claim, itself. Thus, USACM Trust is not entitled to judgment that the Petersen Secured Claim is
16 unsecured as a matter of law.

17 **III.    Genuine Issues of Material Fact Exist.**

18 As set forth in the *Petersen Declaration*, attached hereto as Exhibit A, Petersen invested
19 approximately $1.5 million with USA Capital. It was his understanding at the time he made the
20 investment that his investment was secured by certain real property collateral. *Id.* See also, Proof
21 of Claim, attached as Exhibit A to the Petersen Opposition. Mr. Petersen does not recall at any
22 time signing any document that would have made his investment unsecured and would not have
23 knowingly signed such a document. *Id.* Mr. Petersen does not recall signing any consent at any
24 time to the removal of secured protection of his $1.5 million investment. *Id.* Mr. Petersen believed
25 that when USA Capital filed bankruptcy, his claim in the bankruptcy proceeding was secured. *Id.*
26 Mr. Petersen received certain statements on stationery from "USA CAPITAL," and the words,
27
28

4

"convertible debentures" appear on those statements, but Mr. Petersen never understood that to mean that his $1.5 million investment was no longer secured in the event USA Capital went bankrupt. *Id.* He was surprised to learn that his $1.5 million investment was being classified as an "unsecured claim." *Id.* And last but not least, Mr. Petersen would have removed his investment from USA Capital rather than having it in an unsecured investment. *Id.*

By any standards, Petersen's investment is substantial. Yet USACM Trust has produced nothing beyond the Berman Declaration to prove that Petersen's claim is not secured. Instead, USACM Trust misrepresents Petersen's position, as well as his opposition, by claiming that Petersen is asserting a factual error, which is not the case. Petersen is not asserting that because his loan investments were "serviced" by USACM they are "secured." Rather, Petersen is asserting that it is not his legal obligation to prove that his claim is secured and instead, it is the legal obligation (i.e., the legal burden) of USACM Trust to prove that it is unsecured.

Petersen's actual position – as opposed to the misrepresented position – stands to reason since the records pertaining to Petersen's $1.5 million investment are in the hands of those who handled those investment dollars. USACM Trust's assertion that Petersen must somehow prove his claim is secured is not only unreasonable, it is also impossible without tracing the investments made with Petersen's $1.5 million by the "servicing" entity for USA Capital. This may explain why the law requires USACM Trust to establish "by probative force equal to that of the allegations of the proofs of claims themselves" that the Petersen Secured Claim is unsecured. *Oxford Finance, supra.* In other words, USACM Trust must meet Petersen's Proof of Claim with something considerably stronger than an assumption or an inference that Mr. Petersen has somehow failed to establish the secured status of his claim or by way of a self-serving declaration. Respectfully, the Berman Declaration does not carry the burden, particularly when viewed in relation to the Petersen Declaration. Accordingly, the Motion for Summary Judgment must be denied.

USACM Trust's motion is premature with respect to the Petersen Secured Claim because no substantive discovery has yet been undertaken or even scheduled. Petersen should be provided

5

with the records tracing each and every dollar of his $1.5 million investment to determine how the $1.5 million investment he believed was "secured" magically became "unsecured" – apparently without his permission and knowledge. If a review by an objective third person of that information produces evidence that the Petersen Secured Claim was either never secured, or was converted in fact to unsecured investments, then the question is whether that conversion was knowingly made and agreed to by the investor, Michael Petersen. Those are questions of fact, and certainly present genuine issues that are material to a determination of USACM Trust's Motion. Those questions could, under the governing substantive law, determine the outcome. A reasonable jury could return a verdict for the nonmoving party, Mr. Petersen. And even if the Court determines that the question presented with respect to the Petersen Secured Claim turns on a mixed question of fact and law, the dispute clearly relates to the legal significance of disputed facts, and thus, the question here is not a question of law suitable to disposition on summary judgment. Rule 56(c); Fed. R. Bank. P. Fed. 7056; *Celotex Corp. v. Catrett*, supra; *Anderson v. Liberty Lobby, Inc.*, supra, *Union Sch. Dis. v. Smith*, supra; *Graham v. City of Chicago*, supra.

    Moreover, the Berman Declaration does not save the day for USACM Trust's motion. Mr. Berman in his declaration at Section 18, states that Exhibit A to his Declaration lists those claimants who "responded to the Secured Claim Objections, but did not enter into stipulations to reclassify their claims, and those claimants who, after the Secured Claim Objections were filed, submitted new proofs of claim that improperly asserted secured claims." Michael Petersen is listed on Exhibit A. However, Michael Petersen did not enter into a stipulation to reclassify his claim, nor did he submit a new proof of claim after the Secured Claim Objections were filed. He did not have to. His Proof of Claim, Number 10725-00754 (attached to the Peterson Opposition as Exhibit A) states that the claim is a secured claim, that the investment was secured by "real estate" and "proceeds from sale Tanamara Apartments Reno, Nevada." *Id.* Michael Petersen's Declaration, attached hereto, confirms that his understanding with respect to his investment with USA Capital was that it was secured at all times by collateral equal to or greater than the monies invested. *Id.* Furthermore, as stated in the Petersen Declaration, Michael Petersen does not recall

6

approving or agreeing to the removal of secured protection for his $1.5 million investment. *Id.* No reasonable person would want to put that much money at that much risk.

If USACM Trust takes the position that the Petersen Secured Claim is now unsecured, how did it get that way and by what authority did the "servicing" arm of USA Capital move his investment to unsecured investment vehicles? Those are questions that have not been answered. They raise genuine issues of material fact, as does the fundamental question of whether the claim is secured or unsecured.

USACM Trust has produced nothing beyond the Trustee's self-serving generalized statements to refute Petersen's proof of claim. Instead, USACM Trust implies, through Mr. Berman's Declaration, that Petersen is among that group of claimants who tried to change their claims from unsecured to secured by filing amended or "new" Proofs of Claim. That implication is not true for Petersen and accordingly, is flatly denied. Furthermore, USACM Trust has not traced the invested dollars, which Petersen has stated he believed were "at all times secured" to prove that those dollars were either never invested in secured investments as Mr. Petersen believed, or were moved with an authorization that he cannot recall giving from secured investments to unsecured investments. The moving party has provided no documentation to support its contentions, and thus, they are mere assumptions that cannot support a determination by the Court that the Petersen Secured Claim is unsecured.

## IV.  Conclusion.

What is at stake in the Court's ruling in this instance is whether Mr. Petersen will recover less or more or any of his $1.5 million. USACM Trust's motion is premature with respect to Mr. Petersen's claim since no substantive discovery has been conducted to arrive at facts that are highly material to a determination of whether Mr. Petersen's secured claim is now unsecured. Regardless of whether USACM Trust failed to follow Mr. Petersen's directions or acted without his authority, their position that his claim is now unsecured has not been proven as required by law. If the Court finds that USACM Trust has met its burden, then it may have construed USACM Trust's position as an admission of improper conduct. Either way, USACM Trust must not be rewarded by a

finding that the $1.5 million claimed by Petersen is in the unsecured pool of claims. The Motion for Summary Judgment as to the Petersen Secured Claim must be denied.

DATED: August 17, 2007

                                                  **O'REILLY LAW GROUP, LLC**

By: /s/ Claudia K. Cormier
John F. O'Reilly, Esq.
Nevada Bar No. 1761
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
Claudia K. Cormier, Esq.
Nevada Bar No. 0880
O'Reilly Law Group, LLC
325 South Maryland Parkway
Las Vegas, Nevada 89101
Attorneys for Creditor
MICHAEL PETERSEN

8

## PROOF OF SERVICE

I HEREBY CERTIFY that I am employed in the law offices of O'REILLY LAW GROUP, LLC and that, on this **17** day of **August**, 2007, served the above and foregoing **OPPOSITION OF MICHAEL PETERSEN TO MOTION OF USACM LIQUIDATING TRUST FOR SUMMARY JUDGMENT**, pursuant to LR 9041(C)(1)(a), by placing a copy of same in a sealed envelope, with postage fully prepaid thereon, and sending via U.S. mail to the following:

Annette W. Jarvis, Esq.
Ray Quinney & Nebeker P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Fax: (801) 532-7543
Co-Counsel for Debtors

Lenard E. Schwartzer, Esq.
Jeanette E. McPherson
Schwartzer & McPherson Law Firm
2850 S. Jones Blvd., Suite 1
Las Vegas, Nevada  89146-5308
Fax:  (702) 892-0122
Co-Counsel for Debtors

Susan M. Freeman, Esq.
Rob Charles, Esq.
Lewis and Roca, LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Fax:  (702) 949-8321
Attorneys for the USACM Liquidating Trust

_Misty R. Guerra_
An Employee of O'REILLY LAW GROUP, LLC

2

USA COMMERCIAL MORTGAGE/MICHAEL PETERSEN
CASE NO.: BK-S-06-10725-LBR

EXHIBIT "A"

## DECLARATION OF MICHAEL PETERSEN

STATE OF NEVADA    )
                   ) SS.
COUNTY OF CLARK    )

I, MICHAEL PETERSEN, hereby declare and state as follows:

1. My name is Michael Petersen I have personal knowledge of the following and if called upon to testify as a witness, would and could competently testify as set forth in this Declaration.

2. I invested approximately $1.5 million with USA Capital.

3. It was my understanding at the time I made the investment that my investment was secured by certain real property collateral.

4. I do not recall at any time signing any document that would have made my investment unsecured and would not have knowingly signed such a document.

5. I do not recall signing any consent at any time to the removal of secured protection for my $1.5 million investment.

6. I believed that when USA Capital filed bankruptcy, my claim in the bankruptcy proceeding was secured.

7. I received certain statements on stationery from "USA CAPITAL," and the words, "convertible debentures" appeared on those statements, but I never understood that to mean that my $1.5 million investment was no longer secured in the event USA Capital went bankrupt.

8. I was surprised to learn that the $1.5 million investment was being classified as an "unsecured claim."

9. I would have removed my investment from USA Capital rather than having it in an unsecured investment.

10. My Proof of Claim, Number 10725-00754 (attached to the "Petersen Opposition" as Exhibit A) states that the claim is a secured claim, that the investment was secured by "real estate" and "proceeds from sale Tanamara Apartments Reno, Nevada."

11. It was my understanding, with respect to my investment with USA Capital, that it was secured at all times by collateral equal to or greater than the monies invested.

Page 1 of 2
DECLARATION OF MICHAEL PETERSEN

I declare under penalty of perjury pursuant to the laws of the State of Nevada that the foregoing is true and correct.

Executed this 17 day of August, 2007.

_____
Michael Petersen

Subscribed and sworn to before me
this 17 day of August, 2007.

_____
Notary Public

[Notary Seal: M. MCNARY, Commission # 1682241, Notary Public - California, Orange County, My Comm. Expires Jul 18, 2010]