**LEWIS** AND **ROCA** LLP
LAWYERS

E-Filed on 8/20/2007

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br>                                                Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**OBJECTION OF THE USACM LIQUIDATING TRUST TO PROOF OF CLAIM OF TONY SUAREZ ASSERTING PRIORITY STATUS WITH CERTIFICATE OF SERVICE**<br><br>Hearing Date:    September 28, 2007<br>Hearing Time:    1:30 p.m. |

The USACM Liquidating Trust (the "USACM Trust") objects to Proof of Claim No. 10725-02395 Asserting Priority Status ("Objection") filed by Tony Suarez ("SUAREZ") and moves this Court, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order denying priority status to the claim. The USACM Trust is not, by this filing, objecting at this time to the Claim as an unsecured Claim, but reserves the right to do so. This Objection is supported by the Court's record and explained in the following Memorandum.

1858872.1

**I.     JURISDICTION**

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

**II.     BACKGROUND**

1. On April 13, 2006 ("Petition Date"), USACM, USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with DTDF, the "Funds") (collectively the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

2. USACM is a Nevada Corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.

3. This business included the solicitation of individual investors to purchase fractional interest in loans that USACM originated and then serviced. These investors, totaling approximately 3,600 as of the Petition Date, are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

4. Although USACM serviced and sometimes originated the loans in which the Direct Lenders invested, USACM was not a borrower on these loans.

5. On September 14, 2006, the Court entered its Order Setting Deadline to File

LEWIS AND ROCA LLP LAWYERS

Proofs of Claim and Proofs of Interest (the "Bar Date Order") [Docket No. 1280]. The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file proof of claims.

6. On September 25, 2006, Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358]. All creditors, as well as Direct Lenders were served with a copy of the Bar Date order. [Docket No. 1358]

7. On November 6, 2006, a stipulation was filed and an order entered extending the Bar Date for Direct Lenders only to file proofs of claim until January 13, 2007 [Docket No. 1729].

8. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" [Docket No. 2376].

9. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

10. The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee.

11. SUAREZ filed a proof of claim against USACM asserting priority status. There is no basis in the proof of claim, any attached documentation, or in the books and records of the Debtors that would support a priority Claim. The USACM Trust contends that the Claim is not entitled to priority status and contends that it should be reclassified as a general unsecured Claim (albeit subject to potential further objection).

12. This objection is timely under the Plan and this Court's order [Docket No. 4097] extending the deadline for all claims objections to October 9, 2007.

### III.   APPLICABLE AUTHORITY

1. Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the

LEWIS AND ROCA LLP LAWYERS

Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

2. The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a).

3. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the Claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

### IV. OBJECTION TO CLAIM

1. As more particularly described herein, the USACM Trust seeks in this Objection the reclassification of the Priority Claim filed by SUAREZ as a general unsecured Claim.

2. The Claim may be the subject of multiple objections herein for any of the reasons stated in this Objection. The Claim may also be subject to prior or subsequently filed objections.

3. The USACM Trust reserves the right to further object to any and all Claims filed by SUAREZ, whether or not the subject of this Objection, for allowance and/or distribution purposes on any other grounds. The USACM Trust further reserves the right to modify, supplement and/or amend this Objection as it pertains to any Claim or claimant herein.

4. Section 507 of the Bankruptcy Code establishes the ten types of Claims that are entitled to priority status. The Ninth Circuit has stated that "'because the presumption

4

in bankruptcy cases is that the debtor's limited resources will be equally distributed among its creditors, *statutory priorities are narrowly construed*.'" *In re Peaches Records and Tapes, Inc.*, 102 B.R. 193, 195 (9th Cir. B.A.P. 1989) (*quoting Trustees of Amalgamated Ins. Fund v. McFarlin's*, 789 F.2d 98, 100-01 (2nd Cir. 1986) (emphasis in original)). A party claiming priority status bears the burden of establishing priority status. *See e.g.*, *In re Terra Distrib., Inc.*, 148 B.R. 598, 600 (Bankr. D. Idaho 1992) (stating that the "burden to demonstrate the elements required for priority status lies upon the claimant").

5. The USACM Trust objects to the SUAREZ Claim on the basis that it is not one of the ten types of Claims entitled to priority status under § 507, and asserts it should be reclassified as a general unsecured Claim. The claimant has produced no evidence or documentation supporting the contention that it should be treated as a priority Claim. The USACM Trust does not object to the validity or amount of the Claim at this time but reserves the right to do so in the future.

## V. CONCLUSION

The USACM Trust objects to the priority status asserted in SUAREZ's proof of claim and requests that the Court reclassify the Claim as a general unsecured Claim (albeit subject to possible additional objections). The USACM Trust also requests such other and further relief as is just and proper.

Dated: August 20, 2007.

**LEWIS AND ROCA LLP**

By: /s/ RC (#6593)
Susan M. Freeman, AZ 4199 (*pro hac vice*)
Rob Charles, NV 6593
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320
Email: RCharles@LRLaw.com
*Counsel for USACM Liquidating Trust*

LEWIS AND ROCA LLP
LAWYERS

## Proof of Service

COPY of the foregoing served via email where an email address is listed, and if no email address is listed, by first class mail, postage prepaid, on August 20, 2007, to the following party:

Tony Suarez
16 Bland Street
Emerson, NJ 07630-1154

/s/ Candice R. Elliott
Candice R. Elliott
Lewis and Roca LLP

1858872.1