E-Filed on 08/23/07

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile  (702) 949-8321

Susan M. Freeman, AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>                              Debtor.<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>                              Debtor.<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>                              Debtor.<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>                              Debtor.<br>In re:<br>USA SECURITIES, LLC,<br><br>                              Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR<br><br>JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle<br><br>**APPLICATION FOR ORDER TO SHOW CAUSE WHY DR. LUCIUS BLANCHARD SHOULD NOT BE HELD IN CONTEMPT OF COURT** |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Hearing Date: September 28, 2007<br>Hearing Time: 1:30 p.m. |

Pursuant to Federal Rule of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45(e), the USACM Liquidating Trust (the "Trust") respectfully requests that the Court enter an order to show cause why Dr. Lucius Blanchard ("Blanchard") should not be held in contempt for his continued non-compliance with the Rule 2004 subpoena served upon Blanchard on July 26, 2007. A true and correct copy of the subpoena is attached hereto as Exhibit "A." This Application is supported by the following memorandum, attached exhibits, papers and pleadings filed in this bankruptcy case, and such argument as the Court may entertain at the hearing on this Application.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## BACKGROUND

3. On April 13, 2006 (the "Petition Date"), USACM, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC, and USA Securities, LLC (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors' Third Amended Joint Chapter 11 Plan of Reorganization became effective on March 12, 2007 (the "Effective Date"), and the Trust succeeded to certain claims and causes of action held by USACM.

4. In connection with its investigation of such claims and causes of action, the Trust has pursued discovery from various parties under Federal Rule of Bankruptcy Procedure 2004.

2

5. On July 19, 2007, the Trust filed a Motion for Order Requiring Dr. Lucius Blanchard to Appear for Examination Pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "2004 Motion").[1]

6. On July 23, 2007, the Court entered an Order Requiring Dr. Lucius Blanchard to Appear for Examination Pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "2004 Order").[2]

7. On July 26, 2007, the Trust served the following upon Blanchard: (a) Subpoena for Rule 2004 Examination[3] (the "Subpoena"); (b) the 2004 Motion; (c) the 2004 Order; and (d) a $43.00 witness fee check. On August 9, 2007, the Trust filed the requisite notice of this service with the Court.[4]

8. The Subpoena required Blanchard to appear for examination on August 13, 2007. However, on August 3, 2007, Blanchard's counsel — Barney Ales of Goold Patterson Ales & Day — contacted the Trust's counsel to request a postponement of Blanchard's examination to mid September 2007. Blanchard's counsel subsequently requested that the examination be further postponed to September 25, 2007. Each time, the Trust's counsel agreed to accommodate Blanchard's scheduling requests for the Rule 2004 examination.

9. Despite the Trust's cooperative approach in this regard, Blanchard has virtually ignored his obligation to produce any documents responsive to the Subpoena. The Subpoena required Blanchard to produce responsive documents to the Trust on or before August 3, 2007. Blanchard, however, failed to produce any documents or assert any objections to the Subpoena.

---

[1] *See* Docket No. 4187.

[2] *See* Docket No. 4197.

[3] A true and correct copy of the Subpoena is attached hereto as Exhibit "A-1."

[4] *See* Docket No. 4466.

10. On August 8, 2007, the Trust's counsel made a written request to Blanchard's counsel that Blanchard produce the responsive documents no later than August 13, 2007.[5] Once again, Blanchard failed to produce any documents or assert any objections to the Subpoena.

11. On August 15, 2007, the Trust's counsel made another written request to Blanchard's counsel that responsive documents be produced no later than August 20, 2007.[6] Yet again, Blanchard failed to produce any documents or assert any objections to the Subpoena.

12. In addition to written requests, the Trust's counsel made several attempts to discuss this matter with Blanchard's counsel in an effort to obtain responsive documents. Initially, Blanchard's counsel waffled on whether Blanchard possesses any responsive documents. His counsel, however, later acknowledged that Blanchard probably has some responsive documents, but then admitted that counsel still had not reviewed the Subpoena as of August 21, 2007.

## POINTS AND AUTHORITIES

**A. BLANCHARD SHOULD BE ORDERED TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT OF COURT.**

13. Blanchard has failed to comply with the Subpoena and, therefore, may be held in contempt of court under Federal Rule of Civil Procedure 45, which governs subpoenas for Rule 2004 examinations.[7] Pursuant to Rule 45, "a subpoena *duces tecum* is itself a court order." *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983). As such, the failure to comply with a subpoena "may be deemed a contempt of the court from which the subpoena issued." FED. R. CIV. P. 45(e).

---

[5] *See* Letter from Eric D. Madden to Barney Ales dated Aug. 8, 2007. A true and correct copy of this letter is attached hereto as Exhibit "A-2."

[6] *See* Letter from Eric D. Madden to Barney Ales dated Aug. 15, 2007. A true and correct copy of this letter is attached hereto as Exhibit "A-3."

[7] Subpoenas served pursuant to Rule 2004 are handled in the manner provided by Federal Rule of Bankruptcy Procedure 9016. *See* FED. R. BANKR. P. 2004(c). Rule 9016, in turn, states that Federal Rule of Civil Procedure 45 applies in cases under the Bankruptcy Code. *See* FED. R. BANKR. P. 9016.

14. As stated above, Blanchard has yet to produce a single document to the Trust or to state unequivocally that he possesses no responsive documents. Nor has he asserted any objections (whether oral or written) to the Subpoena or taken any other action which would justify his non-compliance with the Subpoena. Accordingly, the Court can and should order Blanchard to show cause why he should not be held in civil contempt for his non-compliance with the Subpoena.

15. Alternatively, the Court can and should set a date certain for Blanchard to comply with the Subpoena with an admonition that failure to comply with the Court's order will be punished as a criminal contempt of court.

**B.    BLANCHARD HAS WAIVED ANY OBJECTIONS TO THE SUBPOENA.**

16. By failing to timely file written objections to Subpoena, Blanchard has waived any objections to the Subpoena. "[A] nonparty's failure to timely make objections to a Rule 45 subpoena *duces tecum* generally requires the court to find that any objections have been waived." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); *see also Deal v. Lutheran Hosp. & Homes*, 127 F.R.D. 166, 168 (D. Alaska 1989) (finding that objections to a subpoena were waived by failure to object within the time frame set forth in Rule 45).

17. Under Rule 45(c)(2)(B), Blanchard was permitted to assert written objections to the Subpoena only "within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service." FED. R. CIV. P. 45(c)(2)(B).

18. Blanchard, of course, failed to serve any objections to the Subpoena — whether before or after the 14-day period provided under Rule 45(c)(2)(B). Thus, Blanchard has waived any and all objections to the Subpoena.

### C. BLANCHARD SHOULD BE REQUIRED TO PAY THE TRUST'S REASONABLE EXPENSES RELATED TO THIS APPLICATION.

19. The Trust has incurred expenses in preparing and filing this Application.[8] "A subpoena *duces tecum* is itself a court order, and non-compliance may warrant sanctions," including an award of the fees and expenses necessary to enforce the subpoena. *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983); *see also Fidelity Nat'l Fin., Inc. v. Friedman*, No. CIV 03-1222 PHX RCB, 2007 WL 446134, at *4 (D. Ariz. Feb. 7, 2007) (awarding attorney fees after granting a motion to compel production because "[a] subpoena *duces tecum* is itself a court order, noncompliance with which may warrant contempt sanctions"). The Trust is entitled to an award of its reasonable expenses, including attorney fees, incurred in seeking the relief requested in this Application. To date, the Trust has incurred approximately $1,500 in such expenses.[9]

### CONCLUSION

For all of the foregoing reasons, the Trust respectfully requests that this Court: (a) enter an order to show cause why Blanchard should not be held in contempt; (b) rule that Blanchard has waived any and all objections to the Subpoena; (c) order Blanchard to pay $1,500 for reasonable expenses incurred by the Trust in filing this Application; and (d) grant such other and further relief to which the Trust may be entitled.

---

[8] *See* Declaration of Eric D. Madden in Support of Application for Order to Show Cause Why Dr. Lucius Blanchard Should Not Be Held in Contempt of Court ¶¶ 10-11. A true and correct copy of the affidavit is attached hereto as Exhibit "A."

[9] *See id.* ¶ 10.

6

DATED: August 23, 2007

| | |
|---|---|
| **DIAMOND MCCARTHY LLP** | **LEWIS AND ROCA LLP** |
| By:  */s/ Eric D. Madden* | By:  */s/ Rob Charles 6593* |
| Allan B. Diamond, TX 05801800 (pro hac vice) | Susan M. Freeman, AZ 4199 (pro hac vice) |
| William T. Reid, IV, TX 00788817 (pro hac vice) | Rob Charles, NV 6593 |
| Eric D. Madden, TX 24013079 (pro hac vice) | 3993 Howard Hughes Parkway, Suite 600 |
| 909 Fannin, Suite 1500 | Las Vegas, Nevada 89169-5996 |
| Houston, Texas 77010 | (702) 949-8320 (telephone) |
| (713) 333-5100 (telephone) | (702) 949-8321 (facsimile) |
| (713) 333-5199 (facsimile) | |
| *Special Litigation Counsel for USACM Liquidating Trust* | *Counsel for USACM Liquidating Trust* |

**CERTIFICATE OF CONFERENCE**

  As more specifically set forth in the separate declaration filed with this motion, I certify that counsel for the Trust and counsel for Blanchard have personally conducted a conference at which there was a substantive discussion of every item presented to the Court in this motion and despite best efforts the counsel have not been able to resolve those matters presented.

  Certified to the 23rd day of August, 2007 by the undersigned.

              *Eric D. Madden*
              Eric D. Madden