E-Filed on 08/24/07

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile  (702) 949-8321

Susan M. Freeman, AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | **MOTION TO APPROVE AMENDED STIPULATED PROTECTIVE ORDER** |
| Affects:<br>☒All Debtors<br>☐USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Hearing Date:<br>Hearing Time: |

The USACM Liquidating Trust (the "USACM Trust") files this Motion to Approve Amended Stipulated Protective Order (the "Motion"), seeking to amend certain provisions of the Stipulated Protective Order previously entered by this Court on January 31, 2007 [Docket No. 2624] (the "Stipulated Protective Order") and, in support thereof, respectfully avers as follows:

118765-1

**INTRODUCTION**

1. Approximately six months ago, the then-existing key players in these chapter 11 cases executed the Stipulated Protective Order, thus putting into place procedures to govern the review and compilation of certain documents relevant to the Debtors' pre-petition business operations. Since that time, the parties have substantially completed their review of over 140 boxes of such documents, and their identification and review of electronic documents continues to this day. Also in those six months USAIP, Hantges, and Milanowski were each placed into involuntary chapter 11 cases, and the Court appointed three new chapter 11 trustees to take possession and control of those estates' assets. The key players and the universe of documents today is thus very different from that which existed six months ago when the Stipulated Protective Order was entered.

2. Through this Motion, therefore, the USACM Trust seeks approval of certain amendments to the Stipulated Protective Order to accommodate the circumstances as they exist in these cases today. For example, rather than requiring the USACM Trust to waste countless hours and estate resources gathering, imaging, indexing, and storing each and every document generated during the Debtors' pre-petition businesses prior to receiving Hantges' and Milanowski's cooperation in identifying allegedly privileged electronic documents, the Amended Stipulated Protective Order only requires those efforts for documents that are relevant to the ongoing investigations into potential claims arising out of USACM's pre-petition business. Likewise, the Amended Stipulated Protective Order contains enforcement provisions that will prevent Hantges and Milanowski from impeding the ongoing investigations with impunity following commencement of their involuntary chapter 11 cases.

118765-1

3. The proposed amendments are intended to preserve estate resources while ensuring that the ongoing investigations do not get bogged down in wasteful and time-consuming discovery efforts. The amendments are the result of arms-length negotiations and discussions between the USACM Trust, the USAIP Trustee, Diversified, the Hantges Trustee, and the Milanowski Trustee (each defined below).

4. Counsel for Hantges and Milanowski have had <u>more than six weeks</u> to review and comment on the Amended Stipulated Protective Order, but have <u>failed to provide any comments</u> to the USACM Trust.[1] In any event, the provisions in the Amended Stipulated Protective Order are both reasonable and necessary in light of the changed circumstances in these cases, and for that reason the USACM Trust seeks entry of an order approving amendment of the Amended Stipulated Protective Order.

**FACTUAL BACKGROUND**

5. On April 13, 2006, USA Commercial Mortgage Company ("<u>USACM</u>"), USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC ("<u>DTDF</u>"), USA Capital First Trust Deed Fund, LLC, and USA Securities, LLC (collectively, the "<u>Debtors</u>") filed voluntary petitions for reorganization under chapter 11 of the United States Bankruptcy Code.

6. On January 8, 2007, this Court entered an order confirming the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "<u>Plan</u>").

7. On January 31, 2007, the Court entered the Stipulated Protective Order, thus approving a stipulation between counsel for the Debtors, the Official Committee of Unsecured

---

[1] The USACM Trust originally provided a draft of the Amended Stipulated Protective Order to counsel for Hantges and Milanowski on July 8, 2007. A true and correct copy of the July 8th e-mail to their counsel is attached hereto as Exhibit "A." After making some minor changes to the Amended Stipulated Protective Order, the USACM Trust sent a redlined copy of the Order to counsel for Hantges and Milanowski on August 21, 2007. True and correct copies of the August 21st emails are attached hereto as Exhibit "B."

118765-1

Creditors for USA Commercial Mortgage Company (the "USACM Committee"), the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC (the "DTDF Committee"), each acting on their own behalf and on behalf of the Post-Effective Date Entities for their estates, and the USACM Trust Committee and DTDF Post-Effective Date Committee, respectively[1]; USA Investment Partners, LLC ("USAIP"), and Joseph D. Milanowski ("Milanowski") acting on his own behalf and all other non-debtor insiders including, but not limited to, Thomas A. Hantges ("Hantges").

8. On March 12, 2007, pursuant to the Plan, the USACM Trust succeeded to certain assets, claims, and other rights previously held by USACM including, but not limited to, USACM's rights and obligations under the Stipulated Protective Order.

9. On March 12, 2007, pursuant to the Plan, Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC ("Diversified") was revested with certain assets, claims, and other rights previously held by Pre-Effective Date USA Capital Diversified Trust Deed Fund, LLC including, but not limited to, Pre-Effective Date USA Capital Diversified Trust Deed Fund's rights and obligations under the Stipulated Protective Order.

10. From March 21, 2007 through March 23, 2007, the original parties to the Stipulated Protective Order and their successors-in-interest reviewed approximately 144 boxes of hard copy documents that were subject to that order. As part of that review, the IP Parties (as defined in the Stipulated Protective Order) marked six boxes of documents as "privileged" or "confidential" (collectively, the "Taint Boxes"), which are currently maintained pursuant to the Stipulated Protective Order. Although paragraph 5 of the Stipulated Protective Order required the

---

[1] Unless otherwise defined, capitalized terms used herein shall be given the meaning ascribed to such terms pursuant to the Plan.

118765-1

IP Parties to provide a privilege log for the Taint Boxes no later than two weeks following completion of that document review on March 23, 2007, Hantges and Milanowski have yet to produce privilege logs for documents over which they may assert privileges in their individual capacities, and have not complied with taint team agreed procedures to review and evaluate the Taint Boxes as a team.

11. On April 4, 2007, USAIP was placed into an involuntary chapter 11 case in this Court, Case No. BK-S-07-11821-LBR (the "USAIP Chapter 11 Case"). On April 6, 2007, the Court entered an order confirming the appointment of Lisa Poulin as interim chapter 11 trustee for the USAIP (the "USAIP Trustee") and, on May 9, 2007, the Court entered an order for relief in the USAIP Chapter 11 Case. The USAIP Trustee is the successor-in-interest to USAIP's rights and obligations under the Stipulated Protective Order.

12. On May 29, 2007, Milanowski was placed into an involuntary chapter 11 case in this Court, Case No. BK-S-07-13162-LBR (the "Milanowski Chapter 11 Case"). On or about June 8, 2007, the Court entered an order confirming the appointment of Ford Elsaesser as interim chapter 11 trustee in the Milanowski Chapter 11 Case (the "Milanowski Trustee"). On August 13, 2007, the Court entered an order for relief in the Milanowski Chapter 11 Case. The Milanowski Trustee is a successor-in-interest to the IP Parties' rights and obligations under the Stipulated Protective Order.

13. On May 29, 2007, Hantges was placed into an involuntary chapter 11 case in this Court, Case No. BK-S-07-13163-LBR (the "Hantges Chapter 11 Case"). On or about June 8, 2007, the Court entered an order confirming the appointment of Michael Carmel as interim chapter 11 trustee in the Hantges Chapter 11 Case (the "Hantges Trustee"). On June 22, 2007, the

118765-1

Court entered an order for relief in the Hantges Chapter 11 Case. The Hantges Trustee is a successor-in-interest to Hantges' rights and obligations under the Stipulated Protective Order.

**RELIEF REQUESTED**

14. As successors-in-interest to certain parties to the Stipulated Protective Order, each of the USACM Trust, the USAIP Trustee, Diversified, the Milanowski Trustee, and the Hantges Trustee (collectively, the "Parties") have jointly and individually concluded that several of the procedures set forth in the Stipulated Protective Order concerning the review and production of Documents (as such term is defined in the Stipulated Protective Order) are unworkable in light of the current circumstances of these chapter 11 cases. For example, Hantges and Milanowski have not provided privilege logs to conclude the taint team procedure even as to the documents their taint team members identified as potentially privileged. Delays and frustrations in dealing with them are compounded by the conclusion that the Stipulated Protective Order arguably requires the USACM Trust to image, index, and store literally millions of pages of documents generated during the Debtors' pre-petition business operations without regard to whether those documents have any relevance whatsoever to the ongoing investigations and proceedings. Moreover, while the Stipulated Protective Order states each of the parties' obligations, it contains no mechanism to enforce compliance with those obligations, thus effectively allowing Hantges and Milanowski to impede the USACM Trust's investigations with impunity and without recourse.

15. As discussed below, the Amended Stipulated Protective Order remedies those flaws in the Stipulated Protective Order, thus ensuring that the ongoing investigations can continue as efficiently and expeditiously as possible. Accordingly, through this Motion and pursuant to paragraph 27 of the Stipulated Protective Order, the USACM Trust and the Parties seek entry of the Amended Stipulated Protective Order, replacing certain provisions of the

118765-1

Stipulated Protective Order with the procedures set forth in the Amended Stipulated Protective Order attached hereto as Exhibit "C."

### Amendments to Document Processing Provisions

16. Hantges and Milanowski maintain that paragraph 25 of the Stipulated Protective Order requires the Debtors to image and index every pre-petition document (regardless of whether it is relevant or not) and make the resulting database available for full-text searching. Imaging and indexing millions of pages of completely irrelevant documents would take months and cost hundreds of thousands of dollars; maintaining the resulting computer database would likewise costs tens of thousands of dollars each month. According to Hantges and Milanowski, however, until the USACM Trust completes that onerous task, they have no obligation whatsoever to assist in the identification of documents for which a purported privilege may apply.

17. Setting aside the question of whether Hantges' and Milanowski's unreasonably expansive reading of paragraph 25 is accurate, it cannot be seriously argued that in executing the Stipulated Protective Order, the original parties' intended to waste countless hours and dollars compiling and storing documents that have little – if anything – to do with the ongoing investigations. The Stipulated Protective Order was intended to facilitate the collection and review of relevant documents; it was never intended to require the parties to engage in a months-long wasteful and completely irrelevant exercise in exchange for Hantges' and Milanowski's cooperation in discovery of relevant documents.

18. The Amended Stipulated Protective Order clarifies that there is no such prerequisite to Hantges' and Milanowski's cooperation, and reiterates that the Parties' time, effort, and resources should be spent on identifying, imaging, and maintaining documents that have relevance to the ongoing investigations and any litigation that may flow from those investigations.

118765-1

*See* Ex. C ¶¶ 8-10.  Stated simply, if the Parties have no intention of reviewing or relying upon a particular document, the Amended Stipulated Protective Order does not require them to spend the time and money to catalog and create a database to store that document prior to obtaining Hantges' and Milanowski's cooperation in discovery of relevant documents.

### Putting "Teeth" into the Protective Order

19. Paragraph 5 of the Stipulated Protective Order required Hantges and Milanowski to provide privilege logs within two weeks of completing their review of approximately 144 boxes of documents referenced in the fourth "whereas" clause of the Stipulated Protective Order.  *See* Stipulated Protective Order ¶ 5.  The parties ceased their review of those boxes on March 23, 2007, and in the process set aside the Taint Boxes containing documents for which one or more of the IP Parties contend that a privilege applies.  Under the Stipulated Protective Order, the IP Parties claiming those privileges were required to provide privilege logs on or before April 6, 2007, and committed to the taint team members to provide drafts for discussion before that.  *Id.* Despite repeated requests, however, neither Milanowski nor Hantges has provided a privilege log for the Taint Boxes, thus effectively preventing the Parties from completing their review of certain documents.

20. The continuing refusal of Hantges and Milanowski to comply with their obligations has highlighted a serious flaw in the Stipulated Protective Order – it contains no enforcement mechanism.  While it is theoretically possible for the Parties to seek an order holding Hantges and Milanowski in contempt of court for violation of the Stipulated Protective Order, such an enforcement mechanism suffers from the same flaws as the Stipulated Protective Order – it would unnecessarily hinder and delay the ongoing investigations by requiring the Parties to expend limited estate resources to appear again and again before the Court seeking entry of orders

118765-1

compelling Hantges and Milanowski to comply with their own stipulated and court-ordered obligations.

21. The Amended Stipulated Protective Order remedies that flaw by adding an enforcement mechanism into the document review procedures. *See* Ex. C ¶¶ 1-7. This enforcement mechanism, like the Federal Rules of Civil Procedure, provides that if Hantges and Milanowski do not timely produce a privilege log for the Taint Boxes, then the Parties are permitted access to the Taint Boxes without further order by the Court. *Id*; FED. R. CIV. P., 26(b)(5)(A); *Dorf & Stanton Comms. v. Molson Breweries*, 100 F.3d 919, 923 (Fed. Cir. 1996) (stating that withholding discovery materials without sufficient notice to other parties is sanctionable and may result in waiver of the asserted privilege). The Amended Stipulated Protective Order carries that enforcement mechanism forward to the electronic document review procedures, likewise providing that if Hantges and Milanowski do not timely provide a privilege log for electronic documents, the Parties may access those documents without further order by the Court. *See* Ex. C ¶ 15.

118765-1

## CONCLUSION

22. As discussed herein, the commencement of additional chapter 11 cases related to USACM, the appointment of chapter 11 trustees in each of those new cases, and six months of experience with the Stipulated Protective Order demonstrate that certain amendments are needed to ensure that the ongoing investigations proceed efficiently and expeditiously. The amendments reflected in the Amended Stipulated Protective Order are carefully tailored to address each of the perceived flaws in the Stipulated Protective Order, while providing that all other provisions of the Stipulated Protective Order remain in force and effect. For the reasons discussed herein, the proposed amendments are reasonable and necessary, and thus the USACM Trust seeks entry of an order approving the Amended Stipulated Protective Order.

WHEREFORE, the USACM Trust respectfully requests that this Court enter the Amended Stipulated Protective Order substantially in the form attached hereto as Exhibit "C," thereby amending those provisions of the Stipulated Protective Order that experience has shown to be unworkable, and continuing in force and effect all other provisions of the Stipulated Protective Order.

Dated: August 24, 2007

| DIAMOND MCCARTHY LLP | LEWIS AND ROCA LLP |
|---|---|
| By: */s/ Eric D. Madden* <br> Allan B. Diamond, TX 05801800 (pro hac vice) <br> Eric D. Madden, TX 24013079 (pro hac vice) <br> 909 Fannin, Suite 1500 <br> Houston, Texas 77010 <br> (713) 333-5100 (telephone) <br> (713) 333-5199 (facsimile) <br> <br> *Special Litigation Counsel for* <br> *USACM Liquidating Trust* | By: */s/ Rob Charles* <br> Susan M. Freeman, AZ 4199 (pro hac vice) <br> Rob Charles, NV 6593 <br> 3993 Howard Hughes Parkway, Suite 600 <br> Las Vegas, Nevada 89169-5996 <br> (702) 949-8320 (telephone) <br> (702) 949-8321 (facsimile) <br> <br> *Counsel for USACM Liquidating Trust* |

118765-1