# EXHIBIT "C"

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>                           Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>                           Debtor. | BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>                           Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>                           Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br><br>                           Debtor. | **AMENDED STIPULATED PROTECTIVE ORDER** |
| Affects:<br>☒All Debtors<br>☐USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |

1

This Amended Stipulated Protective Order (the "Amended Protective Order") is made upon the stipulation of counsel for the USACM Liquidating Trust, Post-Effective Date USA Capital Diversified Trust Deed Fund, USA Investment Partners, LLC, Ford Elsaesser as interim chapter 11 trustee for Joseph D. Milanowski, and Michael Carmel as chapter 11 trustee for Thomas A. Hantges (collectively, the "Parties").

WHEREAS, on April 13, 2006, USA Commercial Mortgage Company ("USCM"), USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC, and USA Securities, LLC (collectively, the "Debtors") filed voluntary petitions for reorganization under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada, (the "Bankruptcy Court"), Case No. BK-S-06-10725-LBR (the "USACM Chapter 11 Cases");

WHEREAS, on January 8, 2007, the Bankruptcy Court entered an order confirming the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "USACM Plan");

WHEREAS, on January 31, 2007, the Court entered an order (the "Stipulated Protective Order") [Docket No. 2624] approving a stipulation between counsel for the Debtors, the Official Committee of Unsecured Creditors for USA Commercial Mortgage Company, the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC, acting on their own behalf and on behalf of the Post-Effective Date Entities for their estates and the USACM Trust Committee and DTDF Post-Effective Date Committee, respectively[1]; USA Investment Partners, LLC ("USAIP"), and Joseph D.

---

[1] Unless otherwise defined, capitalized terms used herein shall be given the meaning ascribed to such terms pursuant to the Plan.

Milanowski ("Milanowski") acting on his own behalf and all other non-Debtor insiders including, but not limited to, Thomas A. Hantges ("Hantges");

WHEREAS, pursuant to the Plan, on March 12, 2007, the USACM Liquidating Trust (the "USACM Trust") succeeded to certain assets, claims, and other rights previously held by USACM;

WHEREAS, pursuant to the Plan, on March 12, 2007, Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC ("Diversified") was revested with certain assets, claims, and other rights previously held by Pre-Effective Date USA Capital Diversified Trust Deed Fund, LLC;

WHEREAS, on April 4, 2007, USAIP was placed into an involuntary chapter 11 case in the Bankruptcy Court, Case No. BK-S-07-11821-LBR (the "USAIP Chapter 11 Case");

WHEREAS, on April 6, 2007, the Bankruptcy Court entered an order confirming the appointment of Lisa Poulin as interim chapter 11 trustee for the USAIP chapter 11 estate (the "USAIP Trustee");

WHEREAS, on May 9, 2007, the Bankruptcy Court entered an order for relief in the USAIP Chapter 11 Case;

WHEREAS, on or about May 29, 2007, Milanowski was placed into an involuntary chapter 11 case in the Bankruptcy Court, Case No. BK-S-07-13162-LBR (the "Milanowski Chapter 11 Case");

WHEREAS, on or about May 29, 2007, Hantges was placed into an involuntary chapter 11 case in the Bankruptcy Court, Case No. BK-S-07-13163-LBR (the "Hantges Chapter 11 Case");

WHEREAS, on June 8, 2007, the Bankruptcy Court entered an order directing the U.S. Trustee to appoint an interim chapter 11 trustee in the Milanowski Chapter 11 Case;

117996V1

3

WHEREAS, on June 8, 2007, the U.S. Trustee appointed Ford Elsaesser as interim trustee in the Milanowski Chapter 11 Case (the "Milanowski Trustee");

WHEREAS, on June 8, 2007, the Bankruptcy Court entered an order directing the U.S. Trustee to appoint an interim chapter 11 trustee in the Hantges Chapter 11 Case;

WHEREAS, on June 8, 2007, the U.S. Trustee appointed Michael W. Carmel as interim trustee in the Hantges Chapter 11 Case (the "Hantges Trustee");

WHEREAS, on June 22, 2007, the Bankruptcy Court entered an order for relief in the Hantges Chapter 11 Case, and the Hantges Trustee continues to serve as the trustee in the Hantges Chapter 11 Case.

WHEREAS, on August 13, 2007, the Bankruptcy Court entered an order for relief in the Milanowski Chapter 11 Case, and the Milanowski Trustee continues to serve as the trustee in the Milanowski Chapter 11 Case.

WHEREAS, paragraph 27 of the Stipulated Protective Order states that it may be amended as necessary or appropriate, and paragraph 28 of the Stipulated Protective Order states that it will be binding upon the successors of each of the parties thereto, including the Debtors' successors as provided in the Plan, and further provides that each such successor shall have all of the rights and obligations of a party to the Stipulated Protective Order;

WHEREAS, from March 21, 2007 through March 23, 2007, the parties to the Stipulated Protective Order conducted an initial review of hard copy documents subject to that order, and the documents initially designated by the IP Parties (as defined in the Stipulated Protective Order) as "privileged" or "confidential" during that review were segregated from the remaining documents for deliberation by the taint team and are currently maintained in six boxes pursuant to the Stipulated Protective Order (collectively, the "Taint Boxes"), with taint team members having compact discs prepared by a third party vendor that

117996V1

4

scanned, imaged, and labeled with a bates number every document contained in the Taint Boxes (collectively, the "Imaged Taint Documents");

WHEREAS, for various reasons, the parties to the Stipulated Protective Order have been unable to complete the review and production of the electronic documents, including e-mails, that are subject to the terms of the Stipulated Protective Order;

WHEREAS, as successors-in-interest to the parties to the Stipulated Protective Order, the Parties have jointly and individually concluded that the procedures set forth in the Stipulated Protective Order concerning the review and production of Documents (as such term is defined in the Stipulated Protective Order) should be replaced by the procedures set forth in this Amended Protective Order, thereby providing shared access to Documents and other writings within the scope of the Stipulated Protective Order, and providing the individual debtors Hantges and Milanowski with a procedure to individually assert privileges with respect to such Documents and writings;

NOW THEREFORE, based upon the foregoing recitals, the Parties and their respective counsel agree to amend and replace paragraphs 3, 4, 5, 6, 7, 10, 11, 24, 25, and 30 of the Stipulated Protective Order as follows:

PRIVILEGE REVIEW OF TAINT BOXES

1.  The USACM Trust's taint team member shall provide copies of the compact discs containing the Imaged Taint Documents to Hantges and Milanowski (collectively, the "Insiders") through their counsel.

2.  On or before the expiration of ten (10) days following delivery of the discs containing the Imaged Taint Documents to the Insiders as required by paragraph 1 hereof (the "Taint Documents Privilege Log Deadline"), an Insider claiming a privilege with respect to any Imaged Taint Document shall deliver to each Party a log setting forth the following

117996V1

5

information with respect to each such document as to which a privilege is asserted (a "<u>Taint Documents Privilege Log</u>"): (a) the bates number(s) of the document; (b) the type of document; (c) general subject-matter of the document; (d) the date of the document; (e) the letterhead, if any, on the document; (f) the name of the person or entity asserting the privilege; (g) the name and title of the author(s) of the document; (h) the name and title of the recipient(s) of the document; and (i) the nature of the privilege(s) being asserted.

3. The Insiders shall not make any copies of such discs or of the Imaged Taint Documents contained therein in any form whatsoever. On or before the Taint Documents Privilege Log Deadline, the Insiders shall return the discs to the IP Parties' taint team participant along with the IP Parties' copy of the discs. Acceptance by the Insiders of the Imaged Taint Documents shall bind the Insiders to this obligation.

4. All taint team members shall destroy all copies of any Imaged Taint Documents and any discs containing any Imaged Taint Documents within ten (10) days after the Taint Documents Privilege Log Deadline**.**

<u>ACCESS TO TAINT DOCUMENTS</u>

5. Upon receipt of a Taint Documents Privilege Log complying with paragraph 2 hereof, the USACM Trust shall direct the third party vendor that scanned, imaged, and labeled the Imaged Taint Documents to (1) segregate all Imaged Taint Documents identified on the Taint Documents Privilege Log(s) (the "Allegedly Privileged Taint Documents") from the remaining Imaged Taint Documents, and (2) provide the Parties with discs containing Imaged Taint Documents in accordance with the following:

    (a) If and only if Hantges submits a Taint Documents Privilege Log in accordance with the foregoing provisions, then Hantges shall receive discs containing (i) all Imaged Taint Documents identified on that

117996V1

6

Taint Documents Privilege Log, and (ii) all other Imaged Taint Documents not identified on any Taint Documents Privilege Log submitted by Milanowski.

    (b)    If and only if Milanowski submits a Taint Documents Privilege Log in accordance with the foregoing provisions, then Milanowski shall receive discs containing (i) all Imaged Taint Documents identified on that Taint Documents Privilege Log, and (ii) all other Imaged Taint Documents not identified on any Taint Documents Privilege Log submitted by Hantges.

    (c)    The Parties shall receive discs containing all Imaged Taint Documents, except the Allegedly Privileged Taint Documents.

6.    Commencing on the day following the Taint Documents Privilege Log Deadline, the Parties shall be allowed to access, review, print, or copy all Imaged Taint Documents with the exception of the Allegedly Privileged Taint Documents. The Parties shall not be allowed to access, review, print, or copy the Allegedly Privileged Taint Documents, except pursuant to the provisions of paragraph 20 hereof.

7.    If the Insiders fail to provide a Taint Documents Privilege Log on or before the Taint Documents Privilege Log Deadline, any and all privileges held by the Insiders shall be waived as to the Imaged Taint Documents.

<u>IMAGING OF ELECTRONIC DOCUMENTS</u>

8.    The USACM Trust shall hire and direct forensic computer technicians (collectively, the "<u>Computer Technicians</u>") to identify and image certain electronic documents from each of the Debtors' electronic data sources that existed as of the petition date in the USACM Chapter 11 Cases, including, but not limited to, (a) all e-mails and other

7

117996V1

documents extracted from Hantges' and Milanowski's files and folders on the USACM Exchange Servers and the hard drives of the computers used by Hantges and Milanowski during their employment by the Debtors or their affiliates (collectively, the "Extracted Documents"); and (b) e-mails and other documents extracted from other USACM employees' files and folders on the USACM Exchange Servers and the hard drives of the computers used by other USACM employees (collectively, the "Third Party Extracted Documents"). The USACM Trust shall be under no obligation to image the entire universe of USACM's electronic documents.

9. The fees and expenses incurred by the Computer Technicians in connection with the above-referenced project shall be shared equally (or as otherwise agreed) among the Parties.

10. The identification and imaging of Extracted Documents pursuant to the terms of this Amended Protective Order shall not cause, and shall not give a right to anyone to claim, a waiver of any privilege with respect to such Extracted Documents. It is the express intention of the Parties to preserve and protect any and all privileges that may be applicable to the Extracted Documents pursuant to the terms of this Amended Protective Order.

PRIVILEGE REVIEW OF EXTRACTED DOCUMENTS

11. At any time following entry of this Amended Protective Order, the Insiders may notify the USACM Trust of the Search Terms (as defined below) to be used to locate Extracted Documents as to which the Insiders contend they may hold a privilege (collectively, the "Potentially Privileged Extracted Documents").

12. In the event the USACM Trust receives a written notice of Search Terms from one or both of the Insiders with an agreement to pay for the cost of the Search Term procedures in paragraphs 12-14 hereof (a "Search Term Notice"), the USACM Trust shall

117996V1

8

direct the Computer Technicians: (a) to employ such Search Terms to search those Extracted Documents that are identified and imaged (i) as of the Extracted Documents Review Date (as defined below), or (ii) after the date such Search Term Notice is actually received by the USACM Trust, whichever is later, to locate Potentially Privileged Extracted Documents; and (b) to deliver a copy of all so-identified Potentially Privileged Extracted Documents directly to Hantges or Milanowski, according to the Search Terms provided by each such Insider.

13. For the purposes of this Amended Protective Order, the term "Search Terms" shall mean and refer to all keywords that an Insider desires the Computer Technicians to employ in running queries on the Extracted Documents in a good faith effort to identify Potentially Privileged Extracted Documents, provided, however, that Search Terms shall (a) in each instance include at least one lawyer or law firm in conjunction with any other keywords, and (b) not include references to lawyers or law firms that performed legal services for USACM or USAIP, any entity affiliated with USACM or USAIP (collectively, "Joint Counsel"), unless the Insider seeking to include references to such Joint Counsel in the Search Terms delivers to the USACM Trust a sworn affidavit or declaration from such Joint Counsel stating that such Joint Counsel agreed to represent and did represent such Insider in his personal capacity.

14. On or before the expiration of ten (10) days following receipt by an Insider of Potentially Privileged Extracted Documents pursuant to paragraph 12 hereof (the "Extracted Documents Privilege Log Deadline"), such Insider shall deliver to each Party hereto a log setting forth the following information with respect to each Potentially Privileged Extracted Document as to which such Insider asserts a privilege: (a) type of document; (b) general subject-matter of the document; (c) the date of the document; (d) the letterhead, if any, on which the document is printed; (e) the name of the person or entity asserting the privilege; (f)

117996V1

9

the name and title of the author(s) of the document; (g) the name and title of the recipient(s) of the document; and (h) the nature of the privilege(s) being asserted (a "<u>Extracted Documents Privilege Log</u>").  Upon receipt of an Extracted Documents Privilege Log complying with this provision, the USACM Trust shall direct the Computer Technicians to segregate all Potentially Privileged Extracted Documents identified on such Extracted Documents Privilege Log (collectively, the "<u>Allegedly Privileged Extracted Documents</u>").

<u>ACCESS TO EXTRACTED DOCUMENTS</u>

15. Commencing on the date that is ten (10) days following entry of this Amended Protective Order by the Bankruptcy Court (the "<u>Extracted Documents Review Date</u>"), the Parties shall be allowed to access, review, print, or copy all Extracted Documents that are not identified as Potentially Privileged Extracted Documents pursuant to the provisions of this Amended Protective Order.  Commencing upon expiration of the Extracted Documents Privilege Log Deadline, the Parties shall be allowed to access, review, print, or copy all Potentially Privileged Extracted Documents that are not designated as Allegedly Privileged Extracted Documents pursuant to paragraph 14 hereof.  The Parties shall not be allowed to access, review, print, or copy Allegedly Privileged Extracted Documents, except pursuant to the provisions of paragraph 21 hereof.

16. If the Insiders fail to provide an Extracted Documents Privilege Log on or before the Extracted Documents Privilege Log Deadline, any and all privileges held by the Insiders shall be waived as to the Potentially Privileged Extracted Documents.

<u>ACCESS TO THIRD PARTY EXTRACTED DOCUMENTS</u>

17. At any time following the entry of this Amended Protective Order, the Parties shall be allowed to access, review, print, and/or copy all Third Party Extracted Documents in accordance with the provisions of this Amended Protective Order.

MISCELLANEOUS PROVISIONS

18. This Amended Protective Order is entered into in accordance with Federal Rules of Bankruptcy Procedure 7026 and 9018 in order to provide for the protection of privileged and confidential information.

19. Any notice, request, demand, instruction, or other communication to be given pursuant to this Amended Protective Order shall be in writing and may be delivered either by facsimile transmission, hand delivery, or United States First Class certified mail, return receipt requested, to the Parties and persons listed below.  If notice is mailed pursuant to the terms of this provision, such notice shall be deemed to have been delivered, whether actually received or not, upon deposit in a regularly maintained official depository of the United States Postal Service located in the continental United States:

Counsel to the USACM Liquidating Trust
Rob Charles
Lewis and Roca, LLP
One S. Church Avenue, Suite 700
Tucson, Arizona  85701
(520) 622-2090 (Telephone)
(520) 622-3088 (Facsimile)

Allan B. Diamond
Diamond McCarthy LLP
Two Houston Center
909 Fannin, Suite 1500
Houston, Texas 77010
(713) 333-5100 (Telephone)
(713) 333-5199 (Facsimile)

Counsel to Diversified
Marc A. Levinson
Orrick, Herrington & Sutcliffe LLP
400 Capitol Mall, Suite 3000
Sacramento, California 95814
(916) 329-4910 (Telephone)
(916) 329-4900 (Facsimile)

117996V1

11

Counsel to USAIP
Gregory E. Garman
3960 Howard Hughes Pkwy, 9th Floor
Las Vegas, Nevada 89169
(702) 796-5555 (Telephone)
(702) 369-2666 (Facsimile)

Counsel to the Milanowski Trustee
Deborah D. Williamson
Cox Smith Matthews Incorporated
112 E. Pecan, Suite 1800
San Antonio, Texas 78205
(210) 554-5275 (Telephone)
(210) 226-8395 (Facsimile)

Counsel to the Hantges Trustee
Robbin L. Itkin
Steptoe & Johnson LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
(310) 734-3272 (Telephone)
(310) 734-3172 (Facsimile)

20. The terms and conditions of the Stipulated Protective Order shall remain in place and force following entry of this Amended Protective Order by the Bankruptcy Court, provided, however, that paragraphs 3, 4, 5, 6, 7, 10, 11, 24, 25, and 30 of the Stipulated Protective Order are expunged and replaced by the terms of this Amended Protective Order.

21. Nothing contained herein shall be deemed to be a determination of the existence or waiver of any privilege with respect to the Documents or other writings addressed in this Amended Protective Order including, but not limited to, the Extracted Documents and the Taint Documents. Any Party hereto may challenge the propriety of the designation of any Extracted Document as an Allegedly Privileged Extracted Document, or Taint Document as an Allegedly Privileged Taint Document, by filing an application with the Bankruptcy Court seeking an *in camera* review of such challenged documents. The Insider asserting a privilege with respect to such challenged documents shall then have ten (10) days to either remove the designation or to oppose the application, which opposition shall include

117996V1    12

providing a legible copy of such challenged documents to the Bankruptcy Court for its use in conducting the *in camera* review. Nothing herein precludes the Bankruptcy Court from appointing a special master to conduct the *in camera* review. Agreement by the Parties to the terms of this Amended Protective Order does not preclude the Bankruptcy Court from imposing sanctions on Insiders if the Court determines that privilege assertions have not been made in good faith.

22. This Amended Protective Order may be amended or supplemented from time to time as is necessary or appropriate.

STIPULATED and AGREED to this 22nd day of August 2007.

| | |
|---|---|
| **DIAMOND MCCARTHY LLP** | **STEPTOE & JOHNSON, LLP** |
| /s/ Eric D. Madden | /s/ Robbin Itkin |
| Eric D. Madden | Robbin Itkin |
| *Special Litigation Counsel for the* | *Counsel for Michael W. Carmel,* |
| *USACM Liquidating Trust* | *Chapter 11 Trustee for* |
| | *Thomas A. Hantges* |
| **LEWIS AND ROCA, LLP** | **COX SMITH MATTHEWS INCORPORATED** |
| /s/ Rob Charles | /s/ Deborah D. Williamson |
| Rob Charles | Deborah D. Williamson |
| *Counsel for the* | *Counsel for Ford Elsaesser,* |
| *USACM Liquidating Trust* | *Chapter 11 Trustee for* |
| | *Joseph D. Milanowski* |

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

/s/ Marc A. Levinson
Marc A. Levinson
*Counsel for Post-Effective Date*
*USA Capital Diversified Trust Deed*
*Fund, LLC*

**GORDON & SILVER LTD.**

/s/ Greg E. Garman
Greg E. Garman
*Counsel for Lisa M. Poulin,*
*Chapter 11 Trustee for USA Investment Partners, LLC*

117996V1

14