**LEWIS AND ROCA LLP LAWYERS**

E-Filed on 8/28/07

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
Attorneys for USACM Liquidating Trust

| | |
|---|---|
| STUTMAN, TREISTER & GLATT, P.C. | SHEA & CARLYON, LTD. |
| FRANK A. MEROLA (CA 136934) | JAMES PATRICK SHEA (NV 000405) |
| EVE H. KARASIK (CA 155356) | CANDACE C. CARLYON (NV 002666) |
| CHRISTINE M. PAJAK (CA 217173) | SHLOMO S. SHERMAN (NV 009688) |
| 1901 Avenue of the Stars, 12th Floor | 701 Bridger, Suite 850 |
| Los Angeles, California 90067 | Las Vegas, Nevada 89101 |
| Telephone: (310) 228-5600 | Telephone: (702) 471-7432 |
| Facsimile: (310) 228-5788 | Facsimile: (702) 471-7435 |
| Email: fmerola@stutman.com | Email: jshea@sheacarlyon.com |
| ekarasik@stutman.com | ccarlyon@sheacarlyon.com |
| cpajak@stutman.com | ssherman@sheacarlyon.com |

Counsel for the Official Committee Of Equity Security Holders Of USA Capital First Trust Deed Fund, LLC

| | |
|---|---|
| ORRICK, HERRINGTON & SUTCLIFFE LLP | BECKLEY SINGLETON, CHTD. |
| MARC A. LEVINSON (CA 57613, pro hac vice) | BOB L. OLSON (NV 003783) |
| JEFFERY D. HERMANN (CA 90445, pro hac vice) | ANNE M. LORADITCH (NV 008164) |
| 400 Capitol Mall | 530 Las Vegas Boulevard South |
| Sacramento, California 95814 | Las Vegas, NV 89101 |
| Telephone: (916) 447-9200 | Telephone: (702) 385-3373 |
| Facsimile: (916) 329-4900 | Facsimile: (702) 385-5024 |
| Email: malevinson@orrick.com | Email: bolson@beckleylaw.com |
| jhermann@orrick.com | aloraditch@beckleylaw.com |

Attorneys for Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br>                            Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☒ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**Partial Objection of USACM Trust To Arlene Cronk Claim Filed in Wrong Debtor's Case; Objection of FTDF to Proposed Allowance of Claim; and Objection of DTDF to Proposed Allowance of Claim**<br><br>Heating Date:    September 28, 2007<br>Hearing Time:    1:30 p.m. |

225273.1



Arlene Cronk ("Cronk") filed Proof of Claim 10725-00010 (the "Claim") against USA Commercial Mortgage Company ("USACM") in the amount of $272,206.96 total. An attachment to the Proof of Claim provides the following break down:

| USA CAPITAL HOLDINGS | AMT | 5/11/2006 |
|---|---|---|
| USA CAPITAL FIRST TRUST DEED FUND LLC | $ 20,000 00 | |
| USA CAPITAL FIRST TRUST DEED FUND LLC | $ 10,000 00 | |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND CLASS N | $ 25,000 00 | |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND CLASS N | $ 24,023 66 | |
| MARLTON SQUARE SND | $ 25,000 00 | |
| AMESBURY/HATTERS | $ 9,157 80 | |
| TANAMERA RESORTS | $ 32,000 00 | |
| IRA EDWARD DAVIES   USA CAP 1ST DEED TR FUND LLC | $ 50,920 50 | |
| IRA ARLINE L CRONK  USA CAP 1ST DEED TR FUND LLC | $ 61,105 00 | |
| USA CAP RCC | $ 15,000 00 | |
| TOTAL HOLDINGS | $ 272,206 96 | |

The only supporting documentation attached to the Proof of Claim is a security agreement which indicates that "Arline L. Cronk or Edward H. Davies JTWOS" were direct lenders to Tanamera Resort Condominiums, LLC for $10,000. There is no documentation to support the remainder of the Claim. According to the BMC claims registry, Cronk did not file a proof of claim or a proof of interest in either the FTDF case or the DTDF case.

A.  USACM Trust Objection to Cronk Claims filed in the USACM Case

At this time, the USACM Liquidating Trust (the "USACM Trust") objects to that portion of the Claim related to alleged investments in FTDF ($142,025.50 total) and asks that it be disallowed as a claim against USACM. Any claim Cronk has against USACM solely on account of investments in FTDF is derivative of FTDF's claims against USACM. Under a settlement approved by the Court on June 12, 2007, all such FTDF claims were settled, with FTDF holding a $7.0 million allowed general unsecured claim and beneficial interest in the USACM Liquidating Trust. The equity interest holders in FTDF will share in any recovery on account of that claim.

The USACM Trust also objects to that portion of the Claim related to alleged investments in DTDF ($49,023.66 total) and asks that it be disallowed as a claim against

225273.1

USACM. Any claim held by Cronk against USACM solely on account of an investment in DTDF is derivative of DTDF's claims against USACM. While the amount of DTDF's claims against USACM has not been resolved, the equity interest holders in DTDF will share in any recovery on account of those claims.

The USACM Trust also objects to the $15,000 of the Claim that relates to "USA CAP RCC." This does not appear to be a direct lender claim and Cronk provides no documentation to explain or support the portion of the claim related to "USA CAP RCC."

The USACM Trust does not at this time object to that portion of the Claim that appears to relate to Cronks' alleged interest as a direct lender in the following loans: Marlton Square ($25,000); Amesbury/Hatters ($9,157.80); and Tanamera Resorts ($32,000). The USACM Trust reserves the right to make further objections to these direct lender claims.

B.  FTDF Committee Objection to Proposed Allowance of Cronk Claim in FTDF Case

The Official Committee of Equity Security Holders of FTDF ("FTDF Committee") further objects to any proposed allowance of the Cronk Claim as a claim against the FTDF estate.

Bankruptcy Code section 502 authorizes a party in interest to object to claims. See 11 U.S.C. § 502(a). Upon such objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b). Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. Ashford v. Consolidated Pioneer Mortg. (In re Consoldiated Pioneer Mortg.), 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996) (quoting In re Allegheny International, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)).

225273.1

The FTDF Committee has analyzed the Cronk Claim and has determined that the portion of the Claim that is attributable to the FTDF estate has been incorrectly designated as a "proof of claim." Pursuant to Bankruptcy Code section 502, a "creditor . . . may file a proof of claim." An equity security interest holder, however, must file a proof of interest. See 11 U.S.C. § 501(a). Bankruptcy Code section 101(16) defines "equity security" to include a "share in a corporation, whether or not transferable or denominated 'stock', or *similar security*" or a "warrant or right . . . to purchase, sell, or subscribe to a share, security, or interest" of a share in a corporation. 11 U.S.C. § 101(16) (emphasis added). See also Nev. Rev. Stat. §86.521 (upon dissolution of a limited liability company, a limited liability company must pay liabilities to creditors before paying liabilities in respect of profits and/or capital to members of the limited liability company).

The Cronk Claim reflects that it is based on various investments in the FTDF and not based on any debt that Cronk holds against the FTDF. Indeed, the amounts that Cronk lists as attributable to the FTDF precisely match the three investments made in the FTDF as reflected in Debtor's books and records. Those investments are as follows:

1. Arline L. Cronk And Edward H. Davies TTEE's Of The Arline L. Cronk And Edward H. Davies Living Trust 6/27/03 – $30,000.00;
2. Retirement Accounts Inc TTEE FBO Arline L. Cronk – $61,105.00;
3. Retirement Accounts Inc. TTEE FBO Edward Davies – $50,920.50.

Membership interests and/or shares in the FTDF clearly fall within the definition of "equity security" under Bankruptcy Code section 101(16). Thus, the holders of the equity interests are equity security interest holders of the FTDF and do not hold unsecured claims against the FTDF estate.

This Objection does not seek to prejudice the rights of any of the FTDF members listed above to recover from the FTDF estate on account of their membership interests in

225273.1

the above amounts, which are the same amounts asserted in the Cronk Claim. Each of The Arline L. Cronk And Edward H. Davies Living Trust 6/27/03, Ms. Cronk, and Mr. Davies shall retain their interests in FTDF in the amounts of $30,000.00, $61,105.00, and $50,920.50, respectively, as reflected in the books and records of FTDF. Indeed, these members have received distributions based on their respective FTDF membership interests to date, with no objection.

C.  DTDF Objection to Proposed Allowance of Cronk Claim in DTDF Case.

USA Capital Diversified Trust Deed Fund, LLC ("DTDF") further objects to any proposed allowance of the Cronk Claim as a claim against the DTDF estate.

Bankruptcy Code section 502 authorizes a party in interest to object to claims. See 11 U.S.C. § 502(a). Upon such objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b). Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. Ashford v. Consolidated Pioneer Mortg. (In re Consoldiated Pioneer Mortg.), 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996) (quoting In re Allegheny International, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)).

DTDF has analyzed the Cronk Claim and has determined that the portion of the Claim that is attributable to the DTDF estate has been incorrectly designated as a "proof of claim." Pursuant to Bankruptcy Code section 502, a "creditor . . . may file a proof of claim." An equity security interest holder, however, must file a proof of interest. See 11 U.S.C. § 501(a). Bankruptcy Code section 101(16) defines "equity security" to include a "share in a corporation, whether or not transferable or denominated 'stock', or *similar security*" or a "warrant or right . . . to purchase, sell, or subscribe to a share, security, or interest" of a share in a corporation. 11 U.S.C. § 101(16) (emphasis added). See also Nev. Rev. Stat. §86.521 (upon dissolution of a limited liability company, a limited liability

225273.1

5

company must pay liabilities to creditors before paying liabilities in respect of profits and/or capital to members of the limited liability company).  Membership interests and/or shares in the DTDF clearly fall within the definition of "equity security" under Bankruptcy Code section 101(16).  Thus, the holders of the equity interests are equity security interest holders of the DTDF and do not hold unsecured claims against the DTDF estate.

The Cronk Claim reflects that it is based on two investments in the DTDF and not based on any debt that Cronk holds against the DTDF.  Thus, no portion of the Cronk Claim should be allowed in the DTDF Estate.  Further, only one of the amounts that Cronk lists as attributable to the DTDF matches the investment made in the DTDF in the amount of $24,023.66, as reflected in Debtor's books and records.  Such amount is the sole investment in the DTDF currently held by Cronk.  DTDF has no record that Cronk has a second investment in the DTDF in the amount of $25,000.00.

This Objection does not seek to prejudice Cronk's rights to recover from the DTDF estate on a pro rata basis on account of its membership interests in the amount of $24,023.66, which is the same amount as one of two amounts asserted in the Cronk Claim.  The Arline L. Cronk and Edward H. Davies Living Trust 6/27/03 shall retain its interests in DTDF in the amount of $24,023.66, as reflected in the books and records of DTDF.  DTDF objects to any other amounts asserted by Cronk being allowed against the DTDF.

/////
/////
/////
/////
/////
/////
/////
/////
/////

**LEWIS AND ROCA LLP LAWYERS**

This objection is made pursuant to Bankruptcy Code section 502, Federal Rule of Bankruptcy Procedure 3007, and Local Rule of Bankruptcy Practice 3007.

Dated: August 28, 2007

By: */s/ Eve H. Karasik*
FRANK A. MEROLA (CA State Bar No. 136934),
EVE H. KARASIK (CA State Bar No. 155356), and
CHRISTINE M. PAJAK (CA State Bar No. 217173), Members of
STUTMAN, TREISTER & GLATT, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone: (310) 228-5600
  and
CANDACE C. CARLYON
Shea & Carlyon, Ltd.
701 Bridger, Suit 850
Las Vegas, NV 89101
Telephone: (702) 471-7432
COUNSEL FOR THE
OFFICIAL COMMITTEE OF EQUITY
SECURITY HOLDERS
OF USA CAPITAL FIRST TRUST DEED
FUND, LLC

By: */s/ Rob Charles (#006593)*
SUSAN M. FREEMAN
ROB CHARLES
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-0961
Facsimile (702) 949-8321
Telephone (702) 949-8320
COUNSEL FOR USACM Liquidating Trust

**BECKLEY SINGLETON, CHTD.**

By */s/ Anne M. Loraditch*
  Bob L. Olson (NV Bar #3783)
  Anne M. Loraditch (NV Bar # 8164)
530 Las Vegas Boulevard South
Las Vegas, Nevada 89101
Telephone: (702) 385-3373
  and
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Marc A. Levinson
Jeffery D. Hermann
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
*Attorneys for Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC*

225273.1

LEWIS AND ROCA LLP — LAWYERS

| | |
|---|---|
| 1 | Copy of the foregoing mailed this 28th day of August, 2007 to: |
| 2 | |
| 3 | Michael Lehners, Esq.<br>429 Marsh Ave. |
| 4 | Reno, NV 89509 |
| 5 | |
| 6 | By   /s/  Renee L. Creswell |

225273.1