**LEWIS AND ROCA LLP LAWYERS**

E-Filed on 8/29/07

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

| | |
|---|---|
| ORRICK, HERRINGTON & SUTCLIFFE LLP<br>MARC A. LEVINSON (CA 57613, pro hac vice)<br>JEFFERY D. HERMANN (CA 90445, pro hac vice)<br>400 Capitol Mall<br>Sacramento, California 95814<br>Telephone: (916) 447-9200<br>Facsimile: (916) 329-4900<br>Email: malevinson@orrick.com<br>       jhermann@orrick.com | BECKLEY SINGLETON, CHTD.<br>BOB L. OLSON (NV 003783)<br>ANNE M. LORADITCH (NV 008164)<br>530 Las Vegas Boulevard South<br>Las Vegas, NV  89101<br>Telephone: (702) 385-3373<br>Facsimile: (702) 385-5024<br>Email: bolson@beckleylaw.com<br>       aloraditch@beckleylaw.com |

Attorneys for Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br>                                         Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**OBJECTION OF USACM TRUST TO KATHLEEN J MOORE ROTH IRA'S CLAIM FILED IN WRONG DEBTOR'S CASE; OBJECTION OF DTDF TO PROPOSED ALLOWANCE OF CLAIM; AND CERTIFICATE OF SERVICE**<br><br>Hearing Date:    October 15, 2007<br>Hearing Time:    9:30 a.m. |

Kathleen J Moore ("Moore") filed Proof of Claim No. 10725-00107 against USA Commercial Mortgage Company ("USACM") in the amount of $28,136.73. The USACM

225308.1

Liquidating Trust (the "USACM Trust") hereby objects to Moore's claim. The basis for the claim is shown on the face of the proof of claim and in the attachment as an investment in USA Capital Diversified Trust Deed Fund, LLC ("DTDF"). Accordingly, it is a claim that was incorrectly filed in the USACM case. The USACM Trust respectfully requests that this claim be disallowed as a claim against USACM. Although DTDF has not yet filed a formal proof of claim against USACM, and there is no deadline for it to do so, DTDF has informally asserted a claim in excess of $100 million and the parties have participated in one unsuccessful mediation on this and other issues. Because DTDF does assert a significant claim against USACM, any claim held by Moore against USACM solely on account of the investment in DTDF is derivative of DTDF's claims against USACM, and Moore may not prosecute such claims on Moore's own behalf.

In *In re Van Dresser Corp.*, plaintiff was a shareholder of Van Dresser, which owned two subsidiaries.[1] The president of Van Dresser looted the subsidiaries, ultimately forcing them and Van Dresser into bankruptcy. The plaintiff had guaranteed $1.125 million in loans to the debtor, and had to repay them when debtor defaulted. Plaintiff then sued the debtor's principal, and two other defendants (who he alleged aided and abetted the corporate looting) for various torts, including conversion, breach of fiduciary duty, and civil conspiracy.

The court stated that a debtor's trustee has the exclusive right to assert a debtor's claims, and that a claim belongs solely to the debtor's estate if the debtor could have raised the claim at the commencement of the bankruptcy case.[2] Additionally, if a judgment against a defendant by either the debtor or another party asserting the debtor's claim

---

[1] *In re Van Dresser Corp.*, 128 F.3d 945 (6th Cir. 1997).
[2] *Id*. at 947 (*citing In re Educators Group Health Trust*, 25 F.3d 1281, 1284 (5th Cir. 1994); *see also In re Real Marketing Services, LLC*, 309 B.R. 783 (S.D. Cal. 2004) (citing *Van Dresser* with approval in a case involving an LLC debtor).

precludes the other from recovery, then the claims are not independent of each other and belong exclusively to the debtor.[3]

Thus, because both the plaintiff and the debtor corporation could state claims for damages against the defendants, but only one could recover on those claims, by default the claims were exclusively property of the Van Dresser trustees.[4] In order for a plaintiff to bring a claim, either the trustee must have truly abandoned the claim, or the plaintiff must be able to allege a distinct and specific injury.[5]

Similarly, in *In re Real Marketing*, the debtor had attempted to enter into an asset purchase agreement that specifically included the assumption of debt owed to the debtor's managing member. The agreement fell through, and after the managing member filed an involuntary petition for relief against the debtor, the managing member asserted various causes of action against the purchasing company, including contract claims, debt assumption claims, misrepresentation claims, and interference claims.[6] The court, however, found that all of the claims involved both the debtor's managing member and the debtor itself, and thus the right to pursue all of the causes of action resided with the trustee.[7]

DTDF further objects to any allowance of Moore's claim as a claim against the DTDF estate. DTDF has determined that Moore has an allowed proof of interest in the DTDF case in the amount of $28,136.73 under account no. 13890 for her ROTH

---

[3] *Id*.

[4] *Id*. at 948.

[5] *Id*. at 949 (for example, a claim for the attorneys' fees plaintiff incurred defending the suits on the guaranty).

[6] *In re Real Marketing*, 309 B.R. 783, 786-87 (S.D. Cal. 2004).

[7] *See also In re Ionosphere Clubs, Inc.*, 156 B.R. 414 (S.D.N.Y. 1993) (courts determine whether action is individual or derivative based on state law, and the preferred shareholders breach of fiduciary duty claims were derivative per Delaware law); *In re Van Dresser*, 128 F.3d at 947 ("whether a creditor has sole right to a cause of action is determined in accordance with state law").

Individual Retirement Account.[8]  This objection does not seek to prejudice the rights of Moore as a DTDF member to recover from the DTDF estate on a pro rata basis on account of her membership interest in the amount of $28,136.73.  Moore shall retain an interest in DTDF in the amount of $28,136.73, as reflected in the books and records of DTDF, and Moore is entitled to receive distributions on a pro rata basis with all other DTDF members.

Accordingly, the USACM Trust and DTDF seek entry of an order that will disallow the Moore claim against USACM, disallow any proposed allowance of the Moore claim in the DTDF case, and appropriately allow Moore to retain an equity interest in the DTDF in the amount of $28,136.73 under account no. 13890, as reflected in the books and records of DTDF as of April 13, 2006.

This objection is made pursuant to Bankruptcy Code section 502, Federal Rule of Bankruptcy Procedure 3007, and Local Rule of Bankruptcy Practice 3007.

Dated:  August 29, 2007.

| **BECKLEY SINGLETON, CHTD.** | **LEWIS AND ROCA LLP** |
|---|---|
| By  /s/ Anne M. Loraditch<br>    Bob L. Olson (NV Bar #3783)<br>    Anne M. Loraditch (NV Bar # 8164)<br>530 Las Vegas Boulevard South<br>Las Vegas, Nevada  89101<br>Telephone:  (702) 385-3373<br>          and<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>Marc A. Levinson<br>Jeffery D. Hermann<br>400 Capitol Mall, Suite 3000<br>Sacramento, California  95814-4497<br>*Attorneys for Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC* | By:  /s/ Rob Charles (006593)<br>    Susan M. Freeman<br>    Rob Charles<br>    John Hinderaker<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169-0961<br>Facsimile (702) 949-8321<br>Telephone (702) 949-8320<br>*Counsel For USACM Liquidating Trust* |

---

[8]  DTDF also has determined that Moore has an allowed proof of interest in the DTDF case in the amount of $30,072.37 under account no. 11516, which is a non-IRA account.

Certificate of Service

I certify that a copy of the foregoing was served via first class mail, postage prepaid, addressed as set forth below, on this 29th day of August, 2007 to:

Kathleen J Moore
1603 Lefty Garcia Way
Henderson, NV  89002


 /s/ Renee L. Creswell
Renee L. Creswell
Lewis and Roca LLP

225308.1