LEWIS
AND
ROCA
LLP
————
L A W Y E R S

3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona  85004-4429

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 8/31/07

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **In re:** | Jointly Administered |
| **USA Commercial Mortgage Company**<br>        **06-10725 – Lead Case** | Chapter 11 Cases |
| **USA Capital Realty Advisors, LLC**<br>        **06-10726** | Judge Linda B. Riegle Presiding |
| **USA Capital Diversified Trust Deed Fund, LLC**<br>        **06-10727** | **MOTION TO FURTHER EXTEND DEADLINE TO FILE OBJECTION TO ALLOWANCE OF CLAIMS** (with Certificate of Service) |
| **USA Capital First Trust Deed Fund, LLC**<br>        **06-10728** | Date:  September 28, 2007<br>Time:  1:30 p.m. |
| **USA Securities, LLC**<br>        **06-10729** | **Affecting:**<br>☐ All Cases<br>**or Only:**<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC |
| **Debtors.** | |

        The USACM Liquidating Trust  (the "USACM Trust") moves this Court for an

order pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 enlarging the deadline for

filing objections to Allowance of Claims, and in particular unsecured claims, for  an

additional 120 days, or until February 12, 2008.  This Motion is based upon the following

Memorandum of Points and Authorities and is supported by the Court's record and the

declaration of Edward M. Burr filed this date.

LEWIS
AND
ROCA
LLP
L A W Y E R S

# MEMORANDUM

## Background

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as modified herein (DE 2376). Notice of Entry of the Confirmation Order was filed on January 9, 2007, and served on January 11 and 12, 2007 (DE 2387).

Section VII A.1 Objection to Claims of the Plan provides:

> Unless otherwise extended by the Court, objections to the allowance of Claims and Equity Interests shall be filed and served upon the entities asserting such Claims or Equity Interests as follows: (A) for any and all Claims and Equity Interests to which the General Bar Date applies, ninety (90) days after the Effective Date….

Accordingly, the deadline to file an objection to such Claim was 90 days after the Effective Date of March 12, 2007. Therefore, the deadline to file an objection to Claims was June 10, 2007. That deadline was extended to October 9, 2007 by a June 29, 2007 order [DE 4097] after a hearing on June 22, 2007. The deadline was further extended to October 15, 2007 by a bridge order that was approved at the hearing held on August 23, 2007 [DE 4625].

At the time of the filing of the original motion to extend the deadline to file objections to proofs of claim, approximately 2,465 proofs of claim had been filed claiming: $2,812,293.40 as administrative; $286,969,330.16 as secured; $4,479,076.12 as priority; and $453,310,042.10 as unsecured. Since that motion was filed approximately 120 more claims were filed and claims were amended. This compares to approximately 2,319 scheduled claims, comprised of, in the aggregate $169,742 in priority and $59,353,361 in unsecured claims.

At this time the USACM Trust has filed:

- 35 omnibus objections to approximately 1,690 claims filed as secured that asserted claims of over $310,000.00;

1860159.1

LEWIS
AND
ROCA
LLP
L A W Y E R S

- 3 omnibus objections to approximately 108 claims asserting priority status;

- Objections to commission claims asserting priority status;

- Objections to 3 claims asserting administrative expense that aggregate over $95,000.

- 39 individual objection to claims filed as secured in the aggregate amount of approximately $8,000,000.00;

- 8 individual objections to claims filed as priority in the aggregate amount of over $473,000.00;

- 14 objections to claims filed in the USACM case which are not appropriately claims against USACM, although they may be claims against or interests in one or more of the jointly administered Debtors.

In addition, Motions to Reclassify Claims of Insiders in Plan Class A-7 were filed against 3 claimants and other objections were filed to several large claims on the ground that Debtor has no liability.

A Motion for Summary Judgment Regarding (1) Responses to the USACM Trust's First Through Thirty-Third Omnibus Objection to Claims Asserting a Secured Status; (2) Responses to USACM Trust's First through Third Omnibus Objections to Claims Asserting a  Priority Status; and (3) Newly Alleged Secured and Priority Claim [DE 4391] was filed on July 30, 2007.  The motion seeks to reclassify approximately 109 claims in the aggregate amount of over $20,000,000 as general unsecured claims. The motion is scheduled for hearing on October 15, 2007.

Further, as the USACM Trust has received information from claimants, it has entered into stipulations for the allowance and disallowance of priority and unsecured claims. Conversely, some claimants have stipulated to either withdraw their claims or have them reclassified as unsecured claims upon discussion with the USACM Trust's counsel.

1860159.1

LEWIS
AND
ROCA
LLP
L A W Y E R S

1        The remaining claims filed and scheduled are complex and require in depth

2   investigation.  The October 15, 2007 deadline does not allow sufficient time for the

3   Trustee to review, investigate, analyze and resolve disputes on the claims.  There are large

4   baskets of unsecured claims at issue.  Some are large, discrete claims of borrowers and

5   others asserting commercial litigation types of claims.  The vast majority are claims of

6   direct lenders asserting losses arising out of direct loans.  The latter can not be analyzed

7   except on a loan by loan basis, preferably after the loans have been collected, a process

8   that will take a number of months.

9        Sorting thousands of claims on a loan by loan basis is difficult.  For example, many

10  dozens of claimants filed proofs of claim that either lack documentation or sufficient

11  information for the USACM Trust to determine if these are direct lenders claims, and if so,

12  what loan or loan is at issue.

13       Rather than file many dozens of objections based on a lack of documentation, the

14  USACM Trust is corresponding directly with each alleged claimant to try to find out the

15  basis for the claim(s) asserted.  When all of the direct lender claims are sorted on a loan by

16  loan basis, the USACM Trust will then work through the paid loans to see if there is a

17  valid basis for a claim, and if so, in what amount. The USACM Trust is trying not to file

18  an objection to any claim on a particular direct loan until it is prepared to meeting and

19  confer with all of the claimants on that loan under the alternative dispute resolution

20  mechanism provided by the Plan.

21       For all of these reasons, the USACM Trust believes it needs well more than 120

22  days to complete its review of the claims and file objections, but asks only for 120 days

23  now, so that the Court can monitor the claims resolution process.

24                       **Discussion**

25       Bankruptcy Rule 9006(b)(1) provides that as except as otherwise provided by the

26  Rule:

1860159.1

LEWIS
AND
ROCA
LLP
L A W Y E R S

1   when an act is required or allowed to be done at or within a specified period
    by the rules or by a notice given thereunder or by order of court, the court
2   for cause shall at any time in its discretion (1) with or without motion or
    notice order the period enlarged if the request therefore is made before the
3   expiration of the period originally prescribed or as extended by a previous
    order or (2) on motion made after the expiration of the specified period,
4   permit the act to be done where the failure to act was the result of excusable
    neglect.

5           None of the exceptions in Rule 9006(b)(2) or (3) apply here.  Accordingly, the

6   Court may, for the cause shown in this Motion, extend the deadline for filing objections to

7   allowance of claims.  Nothing in the Plan prohibits the Court from extending the deadline

8   for objecting to claims.

9                                       **Conclusion**

10          The USACM Trust requests that the Court enter its order further extending the

11  deadline to file objections to allowance of claims until February 12, 2008, without

12  prejudice to an additional extension.

13          Dated August 31, 2007.

14                                      **LEWIS AND ROCA LLP**

15

16                                      By /s/ RC (#006593)
                                            Susan M. Freeman, AZ 4199 (pro hac vice)
17                                          Rob Charles, NV 6593
                                            *Attorneys for USACM Liquidating Trust*
18

19

20

21

22

23

24

25

26

                                            5                                      1860159.1

LEWIS
AND
ROCA
LLP
L A W Y E R S

1

Proof of service

2

Copy of the foregoing served on August 31, 2007 via email, where an email address is
listed, or by first class mail, postage prepaid, addressed to:

3

4

All parties in interest listed on the
Post Effective Date Service List on file

5

with the Court.

6

By: Christine Laurel

7

Lewis and Roca LLP

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1860159.1