E-Filed on September 6, 2007

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email:  adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email:  emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile  (702) 949-8321

Susan M. Freeman, AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>                       Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>                       Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>                       Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle Presiding |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>                       Debtor. | **NOTICE OF FILING PROOFS OF SERVICE OF SUBPOENAS FOR RULE 2004 EXAMINATIONS** |
| In re:<br>USA SECURITIES, LLC,<br><br>                       Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |

NOTICE IS GIVEN that the USACM Liquidating Trust herewith files the:

   **Proof of Service of Subpoena for Rule 2004 Examination on Ray T. Khirallah , Registered Agent for Arlington/Homes for America, Inc. (Exhibit A Attached);**

120613-1

**Proof of Service of Subpoena for Rule 2004 Examination on Ray T. Khirallah, Registered Agent for Briarmeadow/Homes for America, Inc. (Exhibit B Attached);**

**Proof of Service of Subpoena for Rule 2004 Examination on Mary Foran, Information Specialist and authorized person to accept service on behalf of Registered Agent for Colt Gateway, LLC (Exhibit C Attached);**

**Proof of Service of Subpoena for Rule 2004 Examination on Mary Foran, Information Specialist and authorized person to accept service on behalf of Registered Agent for HFAH Asylum, LLC (Exhibit D Attached); and**

**Proof of Service of Subpoena for Rule 2004 Examination on Lucynda Wood, designated agent for Homes of Azalea Park, LLC f/k/a Homes of Serenity Park, LLC (Exhibit E Attached);**

**Proof of Service of Subpoena for Rule 2004 Examination on Lucynda Wood, designated agent for St. Charles Homes for America, Inc. (Exhibit F Attached);**

**Proof of Service of Subpoena for Rule 2004 Examination on Lucynda Wood, designated agent for Glen Hills Homes for America, Inc. (Exhibit G Attached);**

**Proof of Service of Subpoena for Rule 2004 Examination on Jill Berman, authorized agent for Country Lake Homes Holdings, Inc.  (Exhibit H Attached); and**

**Proof of Service of Subpoena for Rule 2004 Examination on Jill Berman, authorized agent for LEHH, Inc. (Exhibit I Attached).**

DATED:   September 6, 2007

| | |
|---|---|
| **DIAMOND MCCARTHY LLP** | **LEWIS AND ROCA LLP** |
| By: _/s/ Eric D. Madden_ | By: _/s/ Rob Charles_ |
| Allan B. Diamond, TX 05801800 (pro hac vice) | Susan M. Freeman, AZ 4199 (pro hac vice) |
| William T. Reid, IV, TX 00788817 (pro hac vice) | Rob Charles, NV 6593 |
| Eric D. Madden, TX 24013079 (pro hac vice) | 3993 Howard Hughes Parkway, Suite 600 |
| 909 Fannin, Suite 1500 | Las Vegas, Nevada 89169-5996 |
| Houston, Texas 77010 | (702) 949-8320 (telephone) |
| (713) 333-5100 (telephone) | (702) 949-8321 (facsimile) |
| (713) 333-5199 (facsimile) | |
| *Special Litigation Counsel for* | |
| *USACM Liquidating Trust* | *Counsel for USACM Liquidating Trust* |

# United States Bankruptcy Court
### NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br>USA CAPITAL REALTY ADVISORS, LLC,<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND LLC,<br>USA CAPITAL FIRST TRUST DEED FUND LLC,<br>USA SECURITIES, LLC,<br><br>DEBTORS.<br><br>AFFECTS: ALL DEBTORS | SUBPOENA FOR RULE 2004 EXAMINATION<br><br>CASE NOS.  BK-S-06-10725 LBR<br>BK-S-06-10726 LBR<br>BK-S-06-10727 LBR<br>BK-S-06-10728 LBR<br>BK-S-06-10729 LBR<br><br>JOINTLY ADMINISTERED UNDER<br>CASE NO. BK-S-06-10725-LBR<br>IN THE DISTRICT OF NEVADA |

TO:  Arlington/Homes for America, Inc.
By and through its registered agent:
Ray T. Khirallah
1700 Pacific Avenue, Suite 3300
Dallas, TX 75201

**X** YOU ARE COMMANDED to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, regarding the following topics at the place, date and time specified below. The USACM Liquidating Trust reserves the right to videotape all examinations.

### SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| DIAMOND MCCARTHY, LLP<br>1201 ELM STREET, SUITE 3400<br>DALLAS, TEXAS 75270 | September 21, 2007<br><br>1:30 P.M. (or such other mutually agreeable date and time) |

### SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

| PLACE | DATE |
|---|---|
| DIAMOND MCCARTHY, LLP<br>1201 ELM STREET, SUITE 3400<br>DALLAS, TEXAS 75270 | September 7, 2007 (or such other mutually agreeable date and time) |
| ISSUING OFFICER SIGNATURE AND TITLE<br><br>*/s/ signature/*<br>Special Litigation Counsel for the USACM Liquidating Trust | DATE<br><br>August 23, 2007 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>ERIC D. MADDEN<br>DIAMOND MCCARTHY LLP<br>1201 ELM STREET, SUITE 3400<br>DALLAS, TX 75270<br>(214) 389-5300 |  EXHIBIT A |

{00365037;}

## PROOF OF SERVICE

| DATE: | PLACE: |
|---|---|

SERVED:

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

### DECLARATION OF SERVER

\*\* SEE ATTACHED \*\*
\*\*\* AFFIDAVIT \*\*\*

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
                       Date                                    Signature of Server

\*\* SEE ATTACHED \*\*
\*\*\* AFFIDAVIT \*\*\*

_____
Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 8/23/2007 | 1700 PACIFIC AVENUE, SUITE 3300 DALLAS, TEXAS 75201 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| ARLINGTON/HOMES FOR AMERICA, INC BY DELIVERING TO ITS REGISTERED AGENT RAY T. KHIRALLAH | PERSONAL |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| ADIL TADLI | TEXAS PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on AUGUST 23RD 2007
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER
5470 LBJ FREEWAY
DALLAS, TEXAS 75240

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected material and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

M:\My Documents\Cox\Adversary\Wood\Amy Subpoena.wpd

# United States Bankruptcy Court
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br>USA CAPITAL REALTY ADVISORS, LLC,<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND LLC,<br>USA CAPITAL FIRST TRUST DEED FUND LLC,<br>USA SECURITIES, LLC,<br><br>DEBTORS.<br><br>AFFECTS: ALL DEBTORS | **SUBPOENA FOR RULE 2004 EXAMINATION**<br><br>CASE NOS.   BK-S-06-10725 LBR<br>                   BK-S-06-10726 LBR<br>                   BK-S-06-10727 LBR<br>                   BK-S-06-10728 LBR<br>                   BK-S-06-10729 LBR<br><br>JOINTLY ADMINISTERED UNDER<br>CASE NO. BK-S-06-10725-LBR<br>IN THE DISTRICT OF NEVADA |

TO: Briarmeadow/Homes for America, Inc.
By and through its registered agent:
Ray T. Khirallah
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201

**X** YOU ARE COMMANDED to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, regarding the following topics at the place, date and time specified below. The USACM Liquidating Trust reserves the right to videotape all examinations.

**SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION**

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| DIAMOND MCCARTHY, LLP<br>1201 ELM STREET, SUITE 3400<br>DALLAS, TEXAS 75270 | September 21, 2007<br>1:30 P.M. (or such other mutually agreeable date and time) |

**SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED**

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

| PLACE | DATE |
|---|---|
| DIAMOND MCCARTHY, LLP<br>1201 ELM STREET, SUITE 3400<br>DALLAS, TEXAS 75270 | September 7, 2007 (or such other mutually agreeable date and time) |
| ISSUING OFFICER SIGNATURE AND TITLE<br>*[signature]*<br>Special Litigation Counsel for the USACM Liquidating Trust | DATE<br><br>August 23, 2007 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>ERIC D. MADDEN<br>DIAMOND MCCARTHY LLP<br>1201 ELM STREET, SUITE 3400<br>DALLAS, TX 75270<br>(214) 389-5300 | EXHIBIT<br>B |

{00365037;}

## PROOF OF SERVICE

|  | DATE: | PLACE: |
|---|---|---|

SERVED:

SERVED ON (PRINT NAME) | MANNER OF SERVICE *** SEE ATTACHED *** AFFIDAVIT ***

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

Date

Signature of Server *** SEE ATTACHED *** *** AFFIDAVIT ***

_____

Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 8/23/2007 | 1700 PACIFIC AVENUE, SUITE 3300 DALLAS, TEXAS 75201 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| BRIARMEADOW/HOMES FOR AMERICA, INC BY DELIVERING TO ITS REGISTERED AGENT RAY T. KHIRALLAH | PERSONAL |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| ADIL TADLI | TEXAS PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on AUGUST 23RD 2007
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER
5470 LBJ FREEWAY
DALLAS, TEXAS 75240

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected material and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

M:\My Documents\Cox\Adversary\Wood\Amy Subpoena.wpd

B254 (5/92) Subpoena for Rule 2004 Examination

# United States Bankruptcy Court
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br>USA CAPITAL REALTY ADVISORS, LLC,<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND LLC,<br>USA CAPITAL FIRST TRUST DEED FUND LLC,<br>USA SECURITIES, LLC,<br><br>DEBTORS.<br><br>AFFECTS: ALL DEBTORS | **SUBPOENA FOR RULE 2004 EXAMINATION**<br><br>CASE NOS.  BK-S-06-10725 LBR<br>BK-S-06-10726 LBR<br>BK-S-06-10727 LBR<br>BK-S-06-10728 LBR<br>BK-S-06-10729 LBR<br><br>JOINTLY ADMINISTERED UNDER<br>CASE NO. BK-S-06-10725-LBR<br>IN THE DISTRICT OF NEVADA |

TO:   Colt Gateway, LLC
      By and through its registered agent:
      CT Corporation system
      One Corporate Center, 11th Floor
      Hartford, CT 06103-3220

**X** **YOU ARE COMMANDED** to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, regarding the following topics at the place, date and time specified below. The USACM Liquidating Trust reserves the right to videotape all examinations.

**SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION**

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>25 W. 45TH STREET, SUITE 900<br>NEW YORK, NEW YORK 10036 | September 21, 2007<br>9:30 A.M. (or such other mutually agreeable date and time) |

**SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED**

**X** **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

| PLACE | DATE |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>25 W. 45TH STREET, SUITE 900<br>NEW YORK, NEW YORK 10036 | September 7, 2007 (or such other mutually agreeable date and time) |
| ISSUING OFFICER SIGNATURE AND TITLE<br><br>*[signature]*<br>Special Litigation Counsel for the USACM Liquidating Trust | DATE<br><br>August 23, 2007 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br><br>ERIC D. MADDEN<br>DIAMOND MCCARTHY LLP<br>1201 ELM STREET, SUITE 3400<br>DALLAS, TX 75270<br>(214) 389-5300 | **EXHIBIT C** |

{00365037;}

# PROOF OF SERVICE

|  |  |  |
|---|---|---|
| SERVED: | DATE:<br>August 27, 2007<br>1:28 PM | PLACE: CT CORPORATION SYSTEM<br>One Corporate Center, 11th Floor<br>Hartford, CT 06103 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| MARY FORAN, INFORMATION SPECIALIST | CORPORATE -- REGISTERED AGENT |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    August 28, 2007                                   [signature]
                    Date                                  Signature of Server    MICHELE VONEISENGREIN

East Hartford, CT 06108
Address of Server

---

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}

# United States Bankruptcy Court
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br>USA CAPITAL REALTY ADVISORS, LLC,<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND LLC,<br>USA CAPITAL FIRST TRUST DEED FUND LLC,<br>USA SECURITIES, LLC,<br><br>DEBTORS.<br><br>AFFECTS: ALL DEBTORS | **SUBPOENA FOR RULE 2004 EXAMINATION**<br><br>CASE NOS.   BK-S-06-10725 LBR<br>                       BK-S-06-10726 LBR<br>                       BK-S-06-10727 LBR<br>                       BK-S-06-10728 LBR<br>                       BK-S-06-10729 LBR<br><br>JOINTLY ADMINISTERED UNDER<br>CASE NO. BK-S-06-10725-LBR<br>IN THE DISTRICT OF NEVADA |

TO:   HFAH Asylum, LLC
      By and through its registered agent:
      CT Corporation system
      One Corporate Center, 11th Floor
      Hartford, CT 06103-3220

**X** YOU ARE COMMANDED to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, regarding the following topics at the place, date and time specified below. The USACM Liquidating Trust reserves the right to videotape all examinations.

### SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>25 W. 45TH STREET, SUITE 900<br>NEW YORK, NEW YORK 10036 | September 21, 2007<br>9:30 A.M. (or such other mutually agreeable date and time) |

### SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

| PLACE | DATE |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>25 W. 45TH STREET, SUITE 900<br>NEW YORK, NEW YORK 10036 | September 7, 2007 (or such other mutually agreeable date and time) |
| ISSUING OFFICER SIGNATURE AND TITLE<br><br>*[signature]*<br>Special Litigation Counsel for the USACM Liquidating Trust | DATE<br><br>August 23, 2007 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br><br>ERIC D. MADDEN<br>DIAMOND MCCARTHY LLP<br>1201 ELM STREET, SUITE 3400<br>DALLAS, TX 75270<br>(214) 389-5300 | EXHIBIT D |

{00365037;}

## PROOF OF SERVICE

| SERVED: | DATE:<br>August 27, 2007<br>1:28 PM | PLACE: | CT CORPORATION SYSTEM<br>One Corporate Center, 11th Floor<br>Hartford, CT 06103 |
|---|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| MARY FORAN, INFORMATION SPECIALIST | CORPORATE -- REGISTERED AGENT |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   August 28, 2007                       _/s/ MOE_____
                 Date                              Signature of Server / MICHELE VONEISENGREIN

East Hartford, CT 06108
Address of Server

---

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}

# United States Bankruptcy Court
## Southern District of New York

AUG 2 7 2007
@ 9 AM

### SUBPOENA FOR RULE 2004 EXAMINATION

IN RE

USA COMMERCIAL MORTGAGE COMPANY,
USA CAPITAL REALTY ADVISORS, LLC,
USA CAPITAL DIVERSIFIED TRUST DEED FUND LLC,
USA CAPITAL FIRST TRUST DEED FUND LLC,
USA SECURITIES, LLC,

DEBTORS.

AFFECTS: ALL DEBTORS

CASE NOS.   BK-S-06-10725 LBR
            BK-S-06-10726 LBR
            BK-S-06-10727 LBR
            BK-S-06-10728 LBR
            BK-S-06-10729 LBR

JOINTLY ADMINISTERED UNDER
CASE NO. BK-S-06-10725-LBR
IN THE DISTRICT OF NEVADA

TO:  Homes of Azalea Park, LLC
     f/k/a Homes of Serenity Park, LLC
     By and through its registered agent:
     Capitol Corporate services, Inc.
     800 Brazos, Suite 400
     Austin, TX 78701

**X** **YOU ARE COMMANDED** to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, regarding the following topics at the place, date and time specified below. The USACM Liquidating Trust reserves the right to videotape all examinations.

### SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>25 W. 45TH STREET, SUITE 900<br>NEW YORK, NEW YORK 10036 | September 21, 2007<br>9:30 A.M. (or such other mutually agreeable date and time) |

### SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED

**X** **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

| PLACE | DATE |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>25 W. 45TH STREET, SUITE 900<br>NEW YORK, NEW YORK 10036 | September 7, 2007 (or such other mutually agreeable date and time) |
| ISSUING OFFICER SIGNATURE AND TITLE<br><br>Special Litigation Counsel for the USACM Liquidating Trust | DATE<br><br>August 23, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

ERIC D. MADDEN
DIAMOND MCCARTHY LLP
1201 ELM STREET, SUITE 3400
DALLAS, TX 75270
(214) 389-5300



EXHIBIT E

Affidavit Attached

ORIGINAL

{00365037;}

## PROOF OF SERVICE

| | DATE: | PLACE: | 800 BRAZOS ST. STE 400 |
|---|---|---|---|
| SERVED: | AUGUST 27, 2007 @ 12:15 pm | | AUSTIN, TX 78701 |
| SERVED ON (PRINT NAME): LUCYNA WOOD | | MANNER OF SERVICE | PERSONAL SERVICE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  AUGUST 28, 2007            X _____
            Date                          Signature of Server

**Affidavit Attached**

Address of Server: 809 Rio Grande, Ste 103, Austin, TX 78701

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}

# AFFIDAVIT OF SERVICE

Came to hand on the **27th** day of **August**, 2007, at 9:00 o'clock am.
Cause No. BK-S-06-10725 LBR

Executed at 800 Brazos Street, Suite 400 Austin, Texas 78701 within the County of **Travis** at **12:15 o'clock pm** on the **27th** day of **August**, 2007, by delivering to the within named:

**HOMES OF AZALEA PARK, LLC f/k/a HOMES OF SERENITY PARK, LLC,**
by delivering to its Registered Agent, CAPITOL CORPORATE SERVICES, INC.,
by delivering to its designated agent, LUCYNDA WOOD, in person, a true copy of
this Subpoena for Rule 2004 Examination with Exhibits A & B attached, having
first endorsed upon such copy of such Subpoena the date of delivery, and
tendering to said witness the sum of $50.00.

I am not a party to or interested in the outcome of the suit referenced above. I am authorized by written order to serve citation and other notices. I am not less than eighteen (18) years of age.

Service Fee $

| IN RE: |
| --- |
| USA COMMERCIAL MORTGAGE COMPANY, |
| USA CAPITAL REALTY ADVISORS, INC |
| ET AL                      Plaintiff |
| |
| V. |
| AFFECTS ALL DEBTORS |
| |
| Defendant |

By: _____
Jefferson R. Keyton   ID# SCH-735
(Authorized Person)

**THOMAS PROCESS**
809 Rio Grande Street
Suite 103
Austin, Texas 78701
(512) 320-8330

## VERIFICATION

STATE OF TEXAS       §
COUNTY OF TRAVIS     §

BEFORE ME, A NOTARY PUBLIC, on this day personally appeared **Jefferson R. Keyton**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.
Given under my hand and seal of office this 28th day of August, A.D., 2007.

SCOTT L. THOMAS
Notary Public, State of Texas
My Commission Expires
January 09, 2008

_____
NOTARY PUBLIC, STATE OF TEXAS

35006/236-0167