# United States Bankruptcy Court
### NORTHERN DISTRICT OF TEXAS

AUG 2 7 2007

@ 9 am

| | |
|---|---|
| IN RE<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br>USA CAPITAL REALTY ADVISORS, LLC,<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND LLC,<br>USA CAPITAL FIRST TRUST DEED FUND LLC,<br>USA SECURITIES, LLC,<br><br>DEBTORS.<br><br>AFFECTS: ALL DEBTORS | **SUBPOENA FOR RULE 2004 EXAMINATION**<br><br>CASE NOS.  BK-S-06-10725 LBR<br>BK-S-06-10726 LBR<br>BK-S-06-10727 LBR<br>BK-S-06-10728 LBR<br>BK-S-06-10729 LBR<br><br>JOINTLY ADMINISTERED UNDER<br>CASE NO. BK-S-06-10725-LBR<br>IN THE DISTRICT OF NEVADA |

TO: St. Charles Homes for America, Inc.
By and through its registered agent:
Capitol Corporate Services, Inc.
800 Brazos, Suite 400
Austin, TX 75233

**X** YOU ARE COMMANDED to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, regarding the following topics at the place, date and time specified below. The USACM Liquidating Trust reserves the right to videotape all examinations.

### SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| DIAMOND MCCARTHY, LLP<br>1201 ELM STREET, SUITE 3400<br>DALLAS, TEXAS 75270 | September 21, 2007<br>1:30 P.M. (or such other mutually agreeable date and time) |

### SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

| PLACE | DATE |
|---|---|
| DIAMOND MCCARTHY, LLP<br>1201 ELM STREET, SUITE 3400<br>DALLAS, TEXAS 75270 | September 7, 2007 (or such other mutually agreeable date and time) |
| ISSUING OFFICER SIGNATURE AND TITLE<br><br>[signature]<br>Special Litigation Counsel for the USACM Liquidating Trust | DATE<br><br>August 23, 2007 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br><br>ERIC D. MADDEN<br>DIAMOND MCCARTHY LLP<br>1201 ELM STREET, SUITE 3400<br>DALLAS, TX 75270<br>(214) 389-5300 | |



EXHIBIT F

Affidavit Attached

ORIGINAL

{00365037;}

# PROOF OF SERVICE

| DATE: | PLACE: 800 BRAZOS STREET, STE 400 |
|---|---|
| SERVED: AUG 27, 2007 @ 10:15 pm | AUSTIN, TX 78701 |
| SERVED ON (PRINT NAME): LUCYNDA WOOD | MANNER OF SERVICE: Personal Service |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  AUGUST 28, 2007      X _____
             Date                     Signature of Server

**Affidavit Attached**

809 Rio Grande, STE 103
Address of Server  Austin, TX 78701

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}

# AFFIDAVIT OF SERVICE

Came to hand on the **27th** day of **August**, 2007, at 9:00 o'clock am.
Cause No. BK-S-06-10725 LBR

Executed at 800 Brazos Street, Suite 400 Austin, Texas 78701 within the County of **Travis** at **12:15 o'clock pm** on the **27th** day of **August**, 2007, by delivering to the within named:

**ST. CHARLES HOMES FOR AMERICA, INC.,**
by delivering to its Registered Agent, CAPITOL CORPORATE SERVICES, INC.,
by delivering to its designated agent, LUCYNDA WOOD, in person, a true copy of
this Subpoena for Rule 2004 Examination with Exhibits A & B attached, having
first endorsed upon such copy of such Subpoena the date of delivery, and
tendering to such witness the sum of $50.00

I am not a party to or interested in the outcome of the suit referenced above.
I am authorized by written order to serve citation and other notices. I am not
less than eighteen (18) years of age.

Service Fee $

```
IN RE:
USA COMMERCIAL MORTGAGE COMPANY,
USA CAPITAL REALTY ADVISORS, INC
ET AL                    Plaintiff

V.
AFFECTS ALL DEBTORS


                         Defendant
```

By: _____
Jefferson R. Keyton    ID# SCH-735
(Authorized Person)

**THOMAS PROCESS**
809 Rio Grande Street
Suite 103
Austin, Texas 78701
(512) 320-8330

## VERIFICATION

STATE OF TEXAS       §
COUNTY OF TRAVIS     §

BEFORE ME, A NOTARY PUBLIC, on this day personally appeared **Jefferson R. Keyton**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.
Given under my hand and seal of office this 28th day of August, A.D., 2007.

[Notary Seal: SCOTT L. THOMAS, Notary Public, State of Texas, My Commission Expires January 09, 2008]

_____
NOTARY PUBLIC, STATE OF TEXAS

35008/236-0164

# United States Bankruptcy Court
## Northern District of Texas

AUG 2 7 2007
6:9AM

Came To Hand

| | |
|---|---|
| IN RE<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br>USA CAPITAL REALTY ADVISORS, LLC,<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND LLC,<br>USA CAPITAL FIRST TRUST DEED FUND LLC,<br>USA SECURITIES, LLC,<br><br>         DEBTORS.<br><br>AFFECTS: ALL DEBTORS | **SUBPOENA FOR RULE 2004 EXAMINATION**<br><br>CASE NOS.  BK-S-06-10725 LBR<br>                BK-S-06-10726 LBR<br>                BK-S-06-10727 LBR<br>                BK-S-06-10728 LBR<br>                BK-S-06-10729 LBR<br><br>JOINTLY ADMINISTERED UNDER<br>CASE NO. BK-S-06-10725-LBR<br>IN THE DISTRICT OF NEVADA |

TO:    Glen Hills Homes for America, Inc.
         By and through its registered agent:
         Capitol Corporate Services, Inc.
         800 Brazos, Suite 400
         Austin, TX 75233

**X YOU ARE COMMANDED** to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, regarding the following topics at the place, date and time specified below. The USACM Liquidating Trust reserves the right to videotape all examinations.

**SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION**

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| DIAMOND MCCARTHY, LLP<br>1201 ELM STREET, SUITE 3400<br>DALLAS, TEXAS 75270 | September 21, 2007<br>1:30 P.M. (or such other mutually agreeable date and time) |

**SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED**

**X YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

| PLACE | DATE |
|---|---|
| DIAMOND MCCARTHY, LLP<br>1201 ELM STREET, SUITE 3400<br>DALLAS, TEXAS 75270 | September 7, 2007 (or such other mutually agreeable date and time) |
| ISSUING OFFICER SIGNATURE AND TITLE<br><br>*[signature]*<br>Special Litigation Counsel for the USACM Liquidating Trust | DATE<br><br>August 23, 2007 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br><br>ERIC D. MADDEN<br>DIAMOND MCCARTHY LLP<br>1201 ELM STREET, SUITE 3400<br>DALLAS, TX 75270<br>(214) 389-5300 | EXHIBIT<br>G |

ORIGINAL

Affidavit Attached

{00365037;}

## PROOF OF SERVICE

| | DATE: | PLACE: 800 BRAZOS, STE 400 AUSTIN, TX 78701 |
|---|---|---|
| SERVED: | Aug. 27, 2007 @ 12:15 pm | |
| SERVED ON (PRINT NAME): Lucynda Wood | | MANNER OF SERVICE: Personal Service |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on __Aug 28, 2007__     X _____signature_____
            Date                    Signature of Server

**Affidavit Attached**

Address of Server: 809 Rio Grande, Ste 103, Austin, TX 78701

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}

# **AFFIDAVIT OF SERVICE**

Came to hand on the **27th** day of **August**, 2007, at **9:00** o'clock **am**.
Cause No. **BK-S-06-10725 LBR**

Executed at **800 Brazos Street, Suite 400**    **Austin, Texas 78701**
within the County of **Travis** at **12:15** o'clock **pm** on the **27th** day
of **August**, 2007, by delivering to the within named:

**GLEN HILLS HOMES FOR AMERICA, INC.,**
by delivering to its Registered Agent, CAPITOL CORPORATE SERVICES, INC.,
by delivering to its designated agent, LUCYNDA WOOD, in person, a true copy of
this Subpoena for Rule 2004 Examination with Exhibits A & B attached, having
first endorsed upon such copy of such Subpoena the date of delivery, and
tendering to such witness the sum of $50.00.

I am not a party to or interested in the outcome of the suit referenced above.
I am authorized by written order to serve citation and other notices. I am not
less than eighteen (18) years of age.

Service Fee $

| IN RE:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>USA CAPITAL REALTY ADVISORS, INC<br>ET AL                    Plaintiff<br><br>V.<br>AFFECTS ALL DEBTORS<br><br>                              Defendant | By: _____<br>Jefferson R. Keyton    ID# SCH-735<br>(Authorized Person)<br><br>**THOMAS PROCESS**<br>809 Rio Grande Street<br>Suite 103<br>Austin, Texas 78701<br>(512) 320-8330 |

VERIFICATION

STATE OF TEXAS            §
COUNTY OF TRAVIS          §

    BEFORE ME, A NOTARY PUBLIC, on this day personally appeared
**Jefferson R. Keyton**                , known to me to be the person whose name
is subscribed to the foregoing document and, being by me first duly sworn,
declared that the statements therein contained are true and correct.
    Given under my hand and seal of office this 28th day of
August   , A.D., 2007.



NOTARY PUBLIC, STATE OF TEXAS

35007/236-0163

# United States Bankruptcy Court
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE | **SUBPOENA FOR RULE 2004 EXAMINATION** |
| USA COMMERCIAL MORTGAGE COMPANY, | CASE NOS.  BK-S-06-10725 LBR |
| USA CAPITAL REALTY ADVISORS, LLC, | BK-S-06-10726 LBR |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND LLC, | BK-S-06-10727 LBR |
| USA CAPITAL FIRST TRUST DEED FUND LLC, | BK-S-06-10728 LBR |
| USA SECURITIES, LLC, | BK-S-06-10729 LBR |
| DEBTORS. | JOINTLY ADMINISTERED UNDER CASE NO. BK-S-06-10725-LBR |
| AFFECTS: ALL DEBTORS | IN THE DISTRICT OF NEVADA |

TO:   Country Lake Homes Holdings, Inc.
      By and through its registered agent:
      Registered Agents of Florida, LLC
      100 Southeast Second Street, Suite 2900
      Miami, FL 33131

**X** YOU ARE COMMANDED to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, regarding the following topics at the place, date and time specified below. The USACM Liquidating Trust reserves the right to videotape all examinations.

### SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>25 W. 45TH STREET, SUITE 900<br>NEW YORK, NEW YORK 10036 | September 21, 2007<br>9:30 A.M. (or such other mutually agreeable date and time) |

### SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

| PLACE | DATE |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>25 W. 45TH STREET, SUITE 900<br>NEW YORK, NEW YORK 10036 | September 7, 2007 (or such other mutually agreeable date and time) |
| ISSUING OFFICER SIGNATURE AND TITLE<br>*/s/ [signature]*<br>Special Litigation Counsel for the USACM Liquidating Trust | DATE<br>August 23, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

ERIC D. MADDEN
DIAMOND MCCARTHY LLP
1201 ELM STREET, SUITE 3400
DALLAS, TX 75270
(214) 389-5300

**EXHIBIT H**

{00365037;}

# PROOF OF SERVICE

DATE: 8/29/07 @ 2:40 pm    PLACE: 100 SE 2nd St. Suite 2900 Miami FL 33131

SERVED: Country Lake Homes Holdings, Inc.

SERVED ON (PRINT NAME): Jill Berman

MANNER OF SERVICE: Authorized Agent

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on AUG 29 2007

Date

Signature of Server: Jesus Guerra

Address of Server: 19 W. Flagler St. Miami FL 33130

---

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}

# United States Bankruptcy Court
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br>USA CAPITAL REALTY ADVISORS, LLC,<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND LLC,<br>USA CAPITAL FIRST TRUST DEED FUND LLC,<br>USA SECURITIES, LLC,<br><br>DEBTORS.<br><br>AFFECTS: ALL DEBTORS | **SUBPOENA FOR RULE 2004 EXAMINATION**<br><br>CASE NOS.   BK-S-06-10725 LBR<br>                     BK-S-06-10726 LBR<br>                     BK-S-06-10727 LBR<br>                     BK-S-06-10728 LBR<br>                     BK-S-06-10729 LBR<br><br>JOINTLY ADMINISTERED UNDER<br>CASE NO. BK-S-06-10725-LBR<br>IN THE DISTRICT OF NEVADA |

TO:    LEHH, Inc.
         By and through its registered agent:
         Registered Agents of Florida, LLC
         100 S.E. 2nd Street, Suite 2900
         Miami, FL 33131-2130

**X** **YOU ARE COMMANDED** to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, regarding the following topics at the place, date and time specified below. The USACM Liquidating Trust reserves the right to videotape all examinations.

**SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION**

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>25 W. 45TH STREET, SUITE 900<br>NEW YORK, NEW YORK 10036 | September 21, 2007<br>9:30 A.M. (or such other mutually agreeable date and time) |

**SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED**

**X** **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

| PLACE | DATE |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>25 W. 45TH STREET, SUITE 900<br>NEW YORK, NEW YORK 10036 | September 7, 2007 (or such other mutually agreeable date and time) |
| ISSUING OFFICER SIGNATURE AND TITLE<br><br>*[signature]*<br>Special Litigation Counsel for the USACM Liquidating Trust | DATE<br><br>August 23, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

ERIC D. MADDEN
DIAMOND MCCARTHY LLP
1201 ELM STREET, SUITE 3400
DALLAS, TX 75270
(214) 389-5300

EXHIBIT I

{00365037;}

# PROOF OF SERVICE

DATE: 8/29/07 @ 2:40pm   PLACE: 100 SE 2nd St, Suite #2100, Miami FL 33131

SERVED: Lehh, Inc.

SERVED ON (PRINT NAME): Jill Berman

MANNER OF SERVICE: Authorized Agent

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on **AUG 29 2007**
　　　　　　Date

Signature of Server: Jesus Guerra

Address of Server: 19 W. Flagler St, Miami FL 33130

---

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P..

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

　(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

　(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

　(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

　(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

　　(i) fails to allow reasonable time for compliance.
　　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

　　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
　　(iv) subjects a person to undue burden.
　(B) If a subpoena
　　(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
　　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
　　(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

　(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

　(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}