LEWIS AND ROCA LLP
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8320
Facsimile: (702) 949-8321

Susan M. Freeman, AZ State Bar No. 004199 (Pro Hac Vice)
E-mail: sfreeman@lrlaw.com
Rob Charles, NV State Bar No. 006593
E-mail: rcharles@lrlaw.com
John Hinderaker, AZ State Bar No. 018024 (Pro Hac Vice)
E-mail: jhindera@lrlaw.com

Attorneys for the USACM Liquidating Trust

E-Filed on 9/14/07

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br><br>                    Debtors.<br><br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725-LBR<br><br>**Reply in Support of Motion For Summary Judgment Regarding (1) Responses To The USACM Liquidating Trust's First Through Thirty-Third Omnibus Objections To Claims Asserting A Secured Status; (2) Responses to USACM Trust's First Through Third Omnibus Objections To Claims Asserting A Priority Status; And (3) Newly Alleged Secured And Priority Claims**<br><br>Hearing Date: October 15, 2007<br>Time: 9:30 a.m. |

The USACM Liquidating Trust (the "USACM Trust") files this Reply in Support of its pending Motion for Summary Judgment (the "Motion") [DE 4291]. The Motion challenges Direct Lender claims that wrongly assert secured and/or priority status and requests that the Court re-designate those claims as general unsecured claims. The Motion does not, as some of the claimants apparently fear, threaten Direct Lender interests in deeds of trust or mortgages granted by borrowers to secure loans brokered by USACM.

## I.  INTRODUCTION

The vast majority of Direct Lender claimants affected by the Motion did not oppose it, but the following nine claimants (the "Claimants") did:

1. John Dutkin, Trustee of the John Dutkin Revocable Living Trust Dated 1/17/00 ("Dutkin Trust"), Claim No. 10725-01395;

2. Joanne M. Grundman, Claim No. 10725-01544;

3. Erna D. Grundman, Claim No. 10725-01542;

4. Edward Kline And Leah Kline Family Trust ("Kline Family Trust"), Claim No. 10725-00547;

5. Edward Kline, Claim No. 10725-00572;

6. Michael Petersen, Claim Nos. 10725-00754 and 01470;

7. Larry L. Rieger and Patsy R. Rieger Revocable Trust Dated 8/14/91 ("Rieger"), Claim No. 10725-01739;

8. Jack S. Tiano, Claim No. 10725-00391, 01831 and 01832; and

9. Osvaldo Zunino, Claim No. 10725-02548;

The USACM Trust files herewith a Supplemental Statement of Facts ("SSOF"). The SSOF attaches as exhibits each Claimant's Proof(s) of Claim and includes additional facts related to each claim. The SSOF is supported by declarations from Geoffrey Berman and Susan Smith responding to certain Claimants' allegations. Below, in Section II, the USACM Trust summarizes the undisputed facts related to each Claimant and replies to the specific arguments raised by each Claimant.

Before analyzing each claim specifically, however, the USACM Trust will address an argument raised by almost all of the Claimants: that USACM's alleged fraud created a perfected security interest for them in USACM's real or personal property. Although several of the claimants are represented by counsel, not one of them explains how USACM's alleged fraud could give rise to a lien, much less a perfected security interest. Not one of them cites a single case or even a rule that supports that proposition.

Claimants' fraud argument, without more, is not sufficient to defeat the Motion. The USACM Trust has established with the Declaration of Geoffrey Berman that based on

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

225136.1

USACM's records and UCC searches there was neither a security interest or a priority claim created in favor of any Claimant (Statement of Facts filed at DE 4293 ("SOF") ¶ 15.) Thus, the burden shifted to Claimants to present specific facts and law showing that there is a genuine issue for trial.[1] The non-moving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists."[2] Having offered no facts or law to prove up their secured and/or priority claims, Claimants have failed to meet their burden on summary judgment.

Not only does the fraud argument fail because Claimants offer no facts or law to support it, but also because USACM has no real or personal property in which Claimants could take a security interest. (SSOF ¶¶ 1-3.) USACM has no personal property that would be the subject of a perfected security interest established by a security agreement and a corresponding UCC-1 filing. (SSOF ¶ 2.) USACM has searched the records of the Nevada Secretary of State and confirmed there are no UCC-1's on file. (SSOF ¶ 3.) On the petition date, USACM did not hold an interest in any of the loans in which Claimants had investments. (SSOF ¶ 4.)

Ultimately, Claimants seek to improperly secure a higher priority in the bankruptcy to the detriment of other similarly situated Direct Lenders. The Court should grant the Motion as to all claims referenced in Exhibits A and B to the Motion and re-designate those claims as general unsecured claims (but subject to further objection).

## II. REPLIES TO INDIVIDUAL CLAIMANTS

### A. DUTKIN TRUST, CLAIM NO. 10725-00139

#### 1. Undisputed Facts

The Court can find the Dutkin Trust's Response at DE 4628. According to its Proof of Claim, the Dutkin Trust asserts a $56,120.90 secured claim in the "assignment of interest in Deeds of Trust". (SSOF ¶ 5). The Dutkin Trust had a Direct Lender investment

---

[1] *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055-56 (9th Cir. 2002).
[2] *Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

in two loans totaling $56,120.90. (*Id.*) Both loans were secured by deeds of trust executed by the borrowers. (Dutkin Trust Response [DE 4628], p. 3.)

In early 2006, the Dutkin Trust asked USACM to cash out its Direct Lender investments. (Dutkin Trust Response [DE 4628], p. 2-3.) In response, USACM sent the Dutkin Trust three separate documents entitled "Assignment of Beneficial Interest in Deed of Trust" (the "Assignments") with instructions to sign, notarize and return them. (Dutkin Trust Response [DE 4628], p. 3.) On March 23, 2006, the Dutkin Trust, through its trustee, executed the Assignments and returned them to USACM, thereby releasing its security interest in the real property that secured its investments. (Assignments, attached as pages 9 -15 to the Dutkin Trust Response [DE 4628].) The Assignments, however, did not assign the Dutkin Trust's interest to USACM, but to other Direct Lenders as follows:

10. A $25,000 interest in the deed of trust securing the Fiesta USA/Stoneridge Loan to Howard and Lorene Connell;

11. A $25,000 interest in the deed of trust securing the Fiesta USA/Stoneridge Loan to Jean Jacques Berthelot, Trustee of the Berthelot Living Trust dated 4/9/03;

12. A 100% interest in the Dutkin Trust's investment in a mortgage executed by Brookmere, LLC and Lord & Essex Matteson, LLC. to First Trust Company of Onaga Custodian for Karen S. Moberly IRA (this related to the Brookmere/Matteson loan).

(*Id.*) Accordingly, from the face of the Assignments it is apparent that USACM has no interest now and has never had any interest in the Assignments in which the Dutkin Trust now claims a security interest. (*Id.*)

In exchange for the Assignments, USACM issued and mailed three checks to the Dutkin Trust: (1) a $25,000 check dated March 27, 2006; (2) a $25,000 check dated March 30, 2006 for $25,000; and (3) a $6,120.90 check dated April 5, 2006. (Dutkin Trust Response [DE 4628], p. 3.) Three weeks after the last check was issued, the Dutkin Trust deposited all three checks at its bank on April 26, 2007, and they were returned unpaid. (*Id.*); presumably because USACM had in the interim filed its bankruptcy petition on April 13, 2007.

### 2. The Dutkin Trust Does Not Have a Secured Claim

The Dutkin Trust claims a security interest in the Assignments it executed because USACM procured them through fraud. (Dutkin Trust Response [DE 4628], pp. 3 – 4.) Although represented by counsel, the Dutkin Trust makes no effort to explain how USACM's alleged fraud could give the Dutkin Trust a security interest in the Assignments even though USACM did not hold any interest in the Assignments on the petition date; rather the Dutkin Trust assigned its interests to other Direct Lenders. For this reason and for the reasons discussed above in Section I, the Dutkin Trust's claim to a security interest in the Assignments fails as a matter of law.

### B. JOANNE M. GRUNDMAN, CLAIM NO. 10725-01544

#### 1. Undisputed Facts

The Court can find Joanne Grundman's Response at DE 4492. Section 4 of Joanne Grundman's Proof of Claim asserts a $50,000 secured claim in real estate and states that at the time the case was filed the amount of arrearages included within the secured claim was $4,818.08. (SSOF ¶ 6.) Inconsistent with Section 4, Section 5 of the Proof of Claim asserts a $50,000 secured claim, plus a $4,818.08 priority claim that was not listed in Section 4. (*Id.*) The supporting documentation to the Proof of Claim and Joanne Grundman's Response [DE 4492] indicate that she had one $50,000 Direct Lender investment in the Fiesta Oak Valley Loan. (*Id.*) Nothing in the Proof of Claim or its supporting documentation would suggest that she had a perfected security interest in collateral owned by USACM or a priority claim. (*Id.*)

Joanna Grundman's one page Response to the Motion asserts that USACM defrauded her through its handling of the Fiesta Oak Valley Loan. More specifically, she alleges that USACM extended the loan even though it was not performing and did not tell the Direct Lenders. She also asserts that USACM was an investor in the Fiesta Oak Valley Loan. Based upon this alleged fraud, her Response asserts that she is entitled to a secured claim in unspecified collateral and a priority claim under "US Bankruptcy Code, Chapter 11, Subsection 507.10(b)."

### 2. Joanna Grundman Does Not Have a Secured Claim or a Priority Claim

As explained in Section I above, Ms. Grundman's amorphous fraud allegations are insufficient to survive summary judgment. Also, Ms. Grundman offers no evidence to suggest that her Direct Lender investment was secured by real or personal property owned by USACM on the petition date. USACM held no interest in the Fiesta Oak Valley Loan on the petition date (SSOF ¶ 4). Ms. Grundman cannot have a perfected security interest in something that does not exist.

Ms. Grundman asserts a priority claim under "US Bankruptcy Code, Chapter 11, Subsection 507.10(b)". Although there is a Section 507 and it does govern priority claims, there is no Subsection 10(b). Thus, Ms. Grundman's argument is unclear. That said, Section 507 plainly does not apply in Ms. Grundman's case.

### C. ERNA D. GRUNDMAN, CLAIM NO. 10725-01542

#### 1. Undisputed Facts

Erna Grundman filed a joint Response to the Motion along with Joanne Grundman. The Court can find that Response at DE 4492. The Response only references Joanne Grundman's claim, Claim No. 10725-01544, but seems intended to also cover Erna Grundman's claim, Claim No. 10725-01542. Accordingly, the USACM Trust will construe the Grundmans' Joint Response to cover Edna Grundman's claim even though it is not referenced there.

Section 4 of Erna Grundman's Proof of Claim asserts an unsecured priority claim in the amount of $7,872.22. (SSOF ¶ 7.) Inconsistent with Section 4, Section 5 of the Proof of Claim lists a $7,872.22 priority claim and a $10,038.89 secured claim not referenced in Section 4. (*Id.*) The documentation attached to the Proof of Claim gives no suggestion that Erna Grundman is entitled to a secured claim or a priority claim. (*Id.*) Rather, the documentation indicates that, at the time USACM filed its bankruptcy petition, Erna Grundman had one $7,341.77 direct lender investment in the Fiesta Oak Valley Loan. (*Id.*) The Proof of Claim gives no basis for Ms. Grundman's priority or secured claims.

(*Id.*)  Obviously, the creditor has not attempted to identify any collateral to which a perfected lien attaches.

### 2. Erna Grundman Does Not Have a Secured or Priority Claim

Erna Grundman's assertion of secured and priority claim status fails for the same reasons that Joanna Grundman's fails.  *See* Section II.B *above.*

### D. KLINE FAMILY TRUST, CLAIM NO. 10725-00547

#### 1. Undisputed Facts

Section 4 of the Kline Family Trust Proof of Claim assets a $100,000 secured claim in real estate.  (SSOF ¶ 8.)  Inconsistent with Section 4, Section 5 of the Proof of Claim asserts a $105,060 secured claim.  (*Id.*)  The supporting documentation filed with the Proof of Claim indicates that the Kline Family Trust had one $100,000 Direct Lender investment in the Margarita Annex Loan.  (*Id.*)  Obviously, the creditor has not attempted to identify any collateral to which a perfected lien attaches.

Edward Kline filed two responses to the Motion [DE 4508 and 4509] that both make essentially the same arguments.  Both also state that they relate to Claim No. 10725-00572, which is not the Kline Family Trust's claim number.  The Response filed at DE 4508, however, references the Margarita Annex Loan and, therefore, the USACM Trust is construing this Response as an opposition to the Motion related to the Kline Family Trust Claim, No. 10725-00547.

#### 2. The Kline Family Trust Does Not Have a Secured Claim

As a threshold matter, Mr. Kline takes issue with the USACM Liquidating Trust's appointment of Geoffrey Berman as Trustee.  Mr. Kline's criticism is misplaced. Mr. Berman was validly appointed.  The Trustee was designated by notice of filing the USACM Committee's Plan Documents Supplement and Disclosure with Liquidating Trust Agreement [DE 2002].  The Plan was confirmed without objection on this point.[3]  The Plan became effective.[4]  On April 4, 2007, the Trust Agreement making Mr. Berman the

---

[3] Order Confirming the Debtor's Third Amended Joint Plan of Reorganization [DE 2376].
[4] Notice of Effective Date of Confirmed Plan [DE 3083].

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

Trustee was filed with this Court.[5] Simply put, Mr. Berman was validly appointed as the Trustee for the USACM Trust after notice and a hearing, without objection, and upon the Court's approval.

The Kline Family Trust's Response [DE 4508] at page 2, asserts that USACM committed fraud by not disclosing certain information to Direct Lenders and "transferring property." The Response does not include any supporting declarations and the only documents attached to it appear to show that the Kline Family Trust made a $100,000 investment in the Margarita Annex Loan and that USACM made some representations regarding its handling of that loan. As explained above in Section I, such fraud allegations do not create a security interest in collateral owned by USACM.

### E.    EDWARD KLINE, CLAIM NO. 10725-00572

#### 1.    Undisputed Facts

The Court can find Mr. Kline's Response at DE 4508. Section 4 of Mr. Kline's Proof of Claim asserts a $100,000 secured claim in real estate. (SSOF ¶ 9.) Inconsistent with Section 4, Section 5 of the Proof of Claim asserts a $105,600 secured claim. (*Id.*) The supporting documentation indicates that Edward Kline had one $100,000 direct lender investment in the Foxhill 216, LLC Loan. (*Id.*) The supporting documentation indicates that this investment was secured by a deed of trust in property owned by Foxhills Fresno Lough, LLC. (*Id.*) He did not identify any collateral in which he has a perfected lien.

#### 2.    Kline Does Not Have a Secured Claim

Mr. Kline's Response argues that USACM's fraudulent handling of the Foxhill 216, LLC Loan created a security interest in his favor. As explained in Section I above, that fraud argument has no merit.

---

[5] Notice of Filing: Estate Administration and Liquidating Trust Agreement and Declaration of the Trust by and Among USA Commercial Mortgage Company, Debtor and Geoffrey L. Berman, as Liquidating Trustee [DE 3335].

### F. MICHAEL PETERSEN, CLAIM NOS. 10725-00754 AND 01470

#### 1. Undisputed Facts

Michael Petersen filed the identical Response twice at DE 4571 and 4612. Mr. Petersen also filed the identical Proof of Claim twice, Proof of Claim Nos. 10725-00754 and 01470. (SSOF 10.) Both assert a $1,500,000 secured claim in the "proceeds from the sale of the Tanamera Apartments, Reno, Nevada." (*Id.*) The only supporting documentation included with either Proof of Claim is a transmittal letter from Mr. Petersen's attorney, Michael O'Reilly, which gives no further information about the claim. (*Id.*) It does not identify any property in which he has a perfected lien. (*Id.*)

#### 2. Michael Petersen Does Not Have a Secured Claim

Although represented by counsel, Mr. Petersen's Response cites no supporting legal authority that would explain how he obtained a perfected security interest in USACM owned property. Rather, the Response asserts that USACM did not offer sufficient evidence with the Motion to overcome even Mr. Petersen's Proof of Claim.

Since the Petersen Proof of Claim includes no supporting documentation whatsoever, that argument is disingenuous. The USACM Trust carried its burden of production with a Declaration from Geoffrey Berman establishing that USACM has no record of Mr. Petersen having a security interest in any of USACM's property. (SOF ¶ 15). Moreover, there is no evidence in the Nevada public record that Mr. Petersen held a security interest in USACM's personal property. (SSOF ¶ 3.)

Accordingly, the burden shifted on summary judgment to Mr. Petersen to come forward with evidence to support his claim. Mr. Petersen has not even tried to carry this burden, instead arguing that the Court must summarily dismiss Berman's declaration because it is "self-serving". (Petersen Response, p. 3.) The argument is nonsensical. Were the mere cry that a declaration is "self serving" enough to defeat a motion for summary judgment then no court would ever grant such a motion. The Response includes a declaration from Mr. Petersen, but it does nothing to rebut the Berman Declaration. In sum, the Petersen Declaration indicates that USACM told Mr. Petersen his direct lender

investment would be secured; that he believed it was secured by collateral equal to or greater than his investment; and that he never received any indication that he had given up his security interest.

Taking Mr. Petersen's assertions as true, the Petersen declaration is not enough to survive summary judgment. Nothing Mr. Petersen says in his declaration is sufficient to create a security interest in USACM's property, much less a perfected lien in any specific property. Mr. Petersen presumably held a security interest as a Direct Lender in the form of an interest in a deed of trust in the borrower's property, but he never obtained a security interest in USACM's property. At most, Mr. Petersen is alleging that USACM defrauded him. As explained in Section I, such fraud allegations are insufficient to establish a perfected security interest.

### G. RIEGER, CLAIM NO. 10725-01739

#### 1. Undisputed Facts

Rieger filed Proof of Claim No. 10725-01739. (SSOF ¶ 11.) Rieger asserts a $260,008.00 general unsecured claim and a $32,844 priority claim. (*Id*.) The Motion challenges only the priority claim. Rieger's priority claim is based upon allegations of post-petition misconduct by USACM related to the Amesbury Hatters Point loan. (*Id*.) More specifically, Rieger asserts in its one page Response [DE 4548] that USACM breached its fiduciary duties by granting a release of collateral securing the Amesbury Hatters Point loan without obtaining principal repayment of the loan in return.

The facts with regard to USACM's post-petition handling of the Amesbury Hatters Point Loan are undisputed (explained in the declaration of Susan M. Smith attached to the SSOF as Exhibit 9) and are as follows. On June 9, 2006, USACM filed its "Motion for Authority to Forbear and to Provide Further Funding for Certain Outstanding Loans" (SSOF ¶ 12.) The motion was served upon Rieger. (SSOF ¶ 14.) The motion sought this Court's authorization to issue partial releases for three Amesbury Condominium Units (the "Amesbury Units") in exchange for the net proceeds from the sale of the units. (SSOF ¶ 13.)

By order dated July 18, 2006, the Court granted the motion in relevant part and expressly authorized USACM to consent to the sale of the Amesbury Units. (SSOF ¶ 15.) Pursuant to the Court's order, USACM issued partial releases for the Amesbury Units in exchange for the net sales proceeds from the Amesbury Units, which totaled $1,409,131.90. (SSOF ¶ 16.)

### 2. Rieger Does Not Have a Priority Claim As a Matter of Law

Reiger's one-page Response [DE 4548] states that Rieger's opposition to the Motion is based upon the documentation attached to the Proof of Claim. The Response further states that the basis for the claim is that USACM made post-petition releases of collateral (the Amesbury Units) on a non-performing loan without collecting principal repayments from the borrower. A November 10, 2006 letter from Riegers attached to the Proof of Claim echoes this claim, stating that USACM breached its fiduciary duties "by releasing collateral on the Amesbury Hatters Point loan without collecting principal payments in exchange for the lien releases." (SSOF ¶11.) Further, that letter states that the post-petition claim is based upon USACM's release of "three units". (SSOF ¶ 11).

Rieger misstates or ignores several critical facts that are beyond dispute: (1) the Court, after notice and a hearing, authorized USACM to release the Amesbury Units in exchange for the sale proceeds; (2) USACM received the sale proceeds; and (3) Rieger's share of the sale proceeds was credited against prepaid interest Rieger owed USACM pursuant to the Confirmed Plan. USACM was entitled to release the Amesbury Units for sale and apply the sale proceeds in this fashion because it had the Court's permission to do so. Accordingly, Rieger does not have a priority claim.

Rieger may argue that Rieger did not receive any of the sale proceeds. That is incorrect. Although Rieger did not receive cash from the sale, Rieger benefited because USACM applied Rieger's share of the net proceeds to reduce USACM's claim for prepaid interest against Rieger. More specifically, as of March 10, 2006, Rieger had received $22,873.96 in prepaid interest with respect to their Direct Lender interest in the Amesbury Loan. (SSOF ¶ 17.) In addition to the prepaid interest owed by Rieger for the Amesbury

Loan, Rieger also owed USACM the following amounts of prepaid interest as of September 20, 2006: $23,695.79 for the Fiesta Stoneridge Loan, $8,756.95 for the Marquis Hotel Loan, $16,430.48 for the Fiesta Oak Valley Loan, $7,058.65 for the Shamrock Tower Loan, $7,837.44 for the Placer Vineyards Loan, and $16,240.00 for the HFA-Clear Lake Loan. (SSOF ¶ 19.)

Rieger's share of the net sales proceeds for the Amesbury Units was $29,722.67. (SSOF ¶ 18.) As authorized by the Confirmed Plan, USACM offset the prepaid interest owed by Rieger on the Amesbury Loan against the sale proceeds, which left a remaining balance of $6,848.72. (SSOF ¶¶ 20 and 22.) (Confirmed Plan, Section I(A)(113) on page 17 and Section IV(E)(1)(d)(ii) on page 52.) Consistent with the Confirmed Plan, USACM then applied the remaining balance of $6,848.72 to a portion of the additional prepaid interest owed by Rieger to USACM on the six additional loans referenced in the preceding paragraph. (*Id*.) USACM's application of the funds from the sale of the Amesbury Units was also consistent with the promissory note signed by the borrower, which provided: "All payments received will be applied (a) first, to any of the following then due and payable in such order and manner as the Lender in its sole discretion shall determine: fees, charges, costs, expenses, late fees, interest, or principal and (b) second, to the outstanding Loan Amount." (SSOF ¶ 21.)

The net sales proceeds from the sales were not lost, misapplied or misappropriated by USACM after the Petition Date. Rieger benefited from the sale of the Amesbury Units by the $29,722.67 reduction to the total prepaid interest amount owed by Rieger to USACM. (SSOF ¶¶ 22 and 23.) USACM acted pursuant to the Amesbury Order in selling the units and pursuant to the Confirmed Plan and the Amesbury Note in applying the net proceeds received from the sale. (SSOF ¶ 22.) Rieger has no basis for any administrative or priority claim against USACM.

### H.    JACK TIANO, CLAIM NOS. 10725-00391, 01831 and 01832.

#### 1.    Undisputed Facts

The Court will find Mr. Tiano's Response at DE 4472. Mr. Tiano's response does not indicate to which claim it relates. Mr. Tiano personally filed one claim, Claim No. 10725-00391. (SSOF ¶ 24.) However, there are two other claims filed by "Jack S. Tiano, Accountancy Corp.", Claim Nos. 10725-01831 and 01832. (*Id.*)

Jack Tiano's Proof of Claim No. 10725-00391 asserts a $10,574 secured claim in real estate. (*Id.*) Proof of Claim No. 10725-01831 asserts a $56,673.28 secured claim in real estate. (*Id.*) Proof of Claim No. 10725-01832 asserts a $53,389.12 secured claim in real estate. (*Id.*) The basis for Mr. Tiano's assertion of secured claim status against USACM is unclear from the supporting documentation attached to his Proofs of Claim. (*Id.*) Obviously, the creditor has not attempted to identify any collateral to which a perfected lien attaches.

#### 2.    Tiano Does Not Have a Secured Claim As a Matter of Law

Mr. Tiano's Response states that USACM diverted principal and interest payments owed to the Direct Lenders. In other words, he asserts that he has a security interest in USACM's property based upon allegations of fraud. As discussed in Section I, Mr. Tiano's fraud allegations do not established a security interest. He has a general unsecured claim.

### I.    OSVALDO ZUNINO, CLAIM NO. 10725-02548

#### 1.    Undisputed Facts

The Court will find Mr. Zunino's Response to the Motion at DE 4627. Mr. Zunino's Proof of Claim asserts a $620,000 secured claim in real estate. (SSOF ¶ 25.) The documentation supporting the Proof of Claim indicates that Mr. Zunino held direct lender investments in six different USACM loans. (*Id.*) He did not identify any specific property in which he alleges a perfected lien.

### 2. Zunino Does Not Have a Secured Claim as a Matter of Law

Mr. Zunino's two sentence Response [DE 4627] indicates that he wants a secured claim because if the Court does not grant his claim secured status he will not recover all of the unpaid principal and interest due him from USACM. Mr. Zunino does not explain why the law entitles him to a secured claim. It does not. Mr. Zunino's Response does not meet the burden necessary to survive summary judgment.

## III. CONCLUSION

None of Claimants comes close to carrying their burden on summary judgment. They offer no facts or law that would establish that they have a secured or priority claim. There is no public record showing that any of the claimants had a security interest in USACM property. Indeed USACM owns no property in which Claimants could hold a security interest. Claimants like the other similarly situated Direct Lenders, have general unsecured claims.

Accordingly, the USACM Trust requests that the Court enter summary judgment reclassifying the claims identified in **Exhibit A** and **Exhibit B** to the Motion as general unsecured claims subject to possible additional objections.

Dated September 14, 2007.

LEWIS AND ROCA LLP

By /s/ RC (#6593)
Susan M. Freeman, AZ 4199 (*pro hac vice*)
Rob Charles, NV 6593
John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8320
Facsimile: (702) 949-8321
E-mail: rcharles@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

1  Copy of the foregoing
   mailed this 14th day of
2  September, 2007 to:

3  Jack S Tiano Accountancy Corp
   116 W. El Portal, Suite 103
4  San Clemente, CA  92672

5  Erna D. Grundman
   114 E Yolo Street
6  Orland, CA 95963-1938

7
   Joanne Grundman
8  1608 Brown Street
   Carson City, NV 89701

9
   Larry L and Patsy R Rieger Trustees
10 2615 Glen Eagles Drive
   Reno, NV 89523

11
   John F. O'Reilly, Esq.
12 O'Reilly Law Group, LLC
   325 S. Maryland Parkway
13 Las Vegas, NV 89101
   Attorneys for Michael Petersen

14
   Edward & Leah Kline Family Trust Dtd 7/9/91
15 c/o Edward & Leah Kline Trustees
   9932 Arbuckle Drive
16 Las Vegas, NV 89134-7530

17 Osvaldo Zunino Living Trust Dtd 12/18/98
   c/o Osvaldo Zunino Trustee
18 3575 Tioga Way
   Las Vegas, NV 89109

19
   George D. Frame, Esq.
20 George D. Frame, Ltd.
   601 Greenway Road, Suite D
21 Henderson, NV  89002
   Attorney for John Dutkin

22
23 Copy of the foregoing
   emailed to the post effective
24 official service list on file with
   this court this 14th day of
25 September, 2007 to:

26

27 By    /s/  Renee L. Creswell

28