**LEWIS** AND
**ROCA** LLP
L A W Y E R S

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-0961
Facsimile (702) 949-8321
Telephone (702) 949-83209

Susan M. Freeman AZ State Bar No. 004199 (Pro Hac Vice)
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018020 (Pro Hace Vice)
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on September 20, 2007

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| **In re:** | Jointly Administered |
| **USA Commercial Mortgage Company**<br>    06-10725 – Lead Case | Chapter 11 Cases |
| **USA Capital Realty Advisors, LLC**<br>    06-10726 | Judge Linda B. Riegle Presiding |
| **USA Capital Diversified Trust Deed Fund, LLC**<br>    06-10727 | **AMENDED OBJECTION OF THE USACM LIQUIDATING TRUST TO PROOF OF CLAIM NO. 1366 FILED BY LOS VALLES LAND & GOLF, LLC** |
| **USA Capital First Trust Deed Fund, LLC**<br>    06-10728 | **Affecting:**<br>☐ All Cases<br>**or Only:**<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC |
| **USA Securities, LLC**<br>    06-10729<br>                            **Debtors.** | |

The USACM Liquidating Trust (the "USACM Trust") files an amended objection to Claim No. 1366 ("Claim") filed by Los Valles Land & Golf, LLC ("Los Valles"). This amended objection supersedes the USACM Trust's March 13, 2007 Objection [DE 3076]. This objection is made pursuant to § 502 of title 11 of the U.S. Bankruptcy Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007 of the Local Rules of Bankruptcy Procedure (the "Local Rules"). This objection is explained in the following memorandum and is

226372.1

LEWIS AND ROCA LLP LAWYERS

supported by the Court's record and the declaration of Edward M. Burr filed on March 13, 2007.

## I. JURISDICTION

A. The Court has jurisdiction over this objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

B. The statutory predicate for the relief requested herein is 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II. BACKGROUND

A. On April 13, 2006 ("Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with DTDF, the "Funds"), and USA Securities, LLC ("USA Securities") (collectively the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Management duties of USACM were conducted by Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow") who serves as the President and Chief Restructuring Officer.

B. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein (the "Confirmation Order") confirming Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan").

C. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

D. The USACM Trust exists on the Effective Date of the Plan, which was March 12, 2007.

LEWIS
AND
ROCA
LLP
LAWYERS

E.     USACM originated loans for borrowers and solicited the funding of such loans from numerous individuals and entities (collectively, the "Direct Lenders"). Upon information and belief, with few exceptions, USACM originated loans that provided for a mandatory initial funding amount with any additional funding to be made solely at the discretion of the Direct Lenders. Upon further information and belief, when USACM arranged an increase in the original loan amount, USACM solicited the existing Direct Lenders in the original loan for the additional funds. Absent the affirmation decision by the Direct Lenders to invest additional funds, the original loan would not be increased.

F.     Los Valles filed Claim No. 1366 on November 13, 2006. The Claim alleges:

    1.     Unlawful collection and/or charging of loan fees, extension fees, and exit fees pursuant to California Business and Professional Code §10130 and/or 10131;

    2.     Willful failure to timely deliver payoff statement demanded under California Civil Code § 2943 and Nevada Revised Statutes §107 210;

    3.     Intentional misrepresentation;

    4.     Violation of consumer protection statutes and/or unfair competition; and

    5.     A claim for attorneys fees in an amount to be determined.

G.     Attached to the Claim is an Attachment to Proof of Claim of Los Valles Land & Golf, LLC ("Attachment"), as well as copies of several documents referenced in the Attachment. Those documents include a copies of a Fee Agreement dated March 3, 2004 by and between Los Valles as Borrower, and USACM ("Fee Agreement"); a Buyer's Settlement Statement dated March 17, 2004, prepared by First American Title Company ("Settlement Statement"); an incomplete copy of a Loan Agreement dated March 3, 2004 between Los Valles as Borrower and the Los Valles Direct Lenders as Lender ("Loan Agreement"); a Loan Extension Agreement dated October 3, 2005 by and between Los

LEWIS AND ROCA LLP LAWYERS

H. Valles as Borrower, and the Los Valles Direct Lenders as Lender ("First Loan Extension Agreement"); an Assumption Agreement dated January 3, 2006, between Los Valles as Borrower, the Los Valles Direct Lenders as Lender, and Transferee, Los Valles Company, Inc. ("Assumption Agreement"); a Loan Extension Agreement dated March 17, 2006, by and between Los Valles Company, Inc. as Borrower, and the Los Valles Direct Lenders as Lender ("Second Loan Extension Agreement"); a Promissory Note Secured by Deed of Trust dated March 3, 2004, in the principal amount of $11,700,000 ("Note"); a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing (Second Position) dated March 3, 2004 ("Deed of Trust"); three letters to USACM concerning Los Valles' request for a payoff demand and per diem amount through December 31, 2004 ("Los Valles correspondence"); and a Demand for Payment from USACM dated February 23, 2005 ("Demand for Payment").

I. Los Valles alleges that it paid $500,000 in loan fees at closing, as required by the Loan Agreement. Los Valles contends that the Loan Agreement further obliges Los Valles to pay USACM two extension fees of $234,000 and an exit fee, as a deferred loan fee, of 1.5% of the gross sales price of each lot at the time sale of each lot closes.

J. Los Valles also contends that under the First Loan Extension Agreement and Second Loan Extension Agreement Los Valles is obliged to pay extension fees of $234,000 for each extension.

K. Los Valles asserts that the Fee Agreement was entered into in California and that USACM is not a licensed real estate broker in California. Los Valles contends that, therefore, USACM was not authorized to collect or charge loan fees, extension fees, and/or exit fees from Los Valles.

L. The Fee Agreement, however, provides that Los Valles is a Delaware limited liability company and that USACM is a Nevada corporation. It further provides that the Fee Agreement "shall be governed by the laws of the State of Nevada." Los

LEWIS
AND
ROCA
LLP
LAWYERS

Valles seeks restitution from USACM for any amounts it paid or may be required to pay in the future. Los Valles asserts that its unsecured, nonpriority claim is for no less than $2,000,000 in loan fees, extension fees, and exit fees collected or charged by USACM, but does not provide a calculation of how it arrived at that figure.

M. Los Valles contends that notwithstanding the Assumption Agreement and that the Second Loan Extension Agreement was issued to Los Valles Company, Inc. as Borrower, Los Valles remains liable for the extension fees and exit fee and any interest thereon to USACM.

N. Los Valles additionally alleges that USACM willfully refused to deliver a payoff demand statement under California Civil Code § 2943 and Nevada Revised Statutes § 107 210, and that when USACM provided the payoff demand statement, it intentionally misrepresented therein that Los Valles owed an exit fee of $1,664,403.94, knowing that the sale of lots was a condition precedent to Los Valles' liability for an exit fee and that no lot sales had yet occurred. Los Valles claims that it relied on USACM's statement, and was thereby prevented from obtaining new financing, which allegedly triggered the need for loan extensions and obtaining for USACM the extension fees and the exit fee. Los Valles asserts that USACM is therefore liable to Los Valles for no less than $2,000,000, and that Los Valles is entitled to punitive or exemplary damages for USACM's alleged willful and intentional conduct in making alleged false statements.

O. Finally, Los Valles alleges that USACM violated unspecified consumer protection statutes by engaging in unfair competition through each of the above alleged acts, including charging fees for arranging a loan without having a California real estate license, willfully failing to issue a timely payoff demand statement, and repeatedly and intentionally misrepresenting the amount required to pay off the loan. Los Valles seeks restitution of no less than $2,000,000 on this claim.

P.  Los Valles asserts that USACM is liable for its attorneys' fees in connection with each of Los Valles' claims.

Q.  Los Valles further asserts a right to setoff and/or recoup any payments that Los Valles has made or may make on account of the loan fee, extension fees, or the exit fee, as well as any of its other claims against USACM, against amounts that Los Valles may owe to USACM and the Direct Lenders under the Note, Deed of Trust, Fee Agreement, Loan Agreement, and related documents.

R.  The Los Valles proof of claim makes no mention of an October 6, 2006 letter agreement between Los Valles and USACM as part of a satisfaction of the USACM direct loan known as Halsey Canyon wherein USACM compromised its rights and claims with Los Valles (the "Letter Agreement").  The Letter Agreement reflects compromises by USACM to its detriment in consideration of the promises and commitments by Los Valles therein, including acknowledgment of the sums due and acknowledgment that Nevada law governs.

### III. APPLICABLE AUTHORITIES

A.  Pursuant to § 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extend that the claim is "unenforceable against the debtor … under any … applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).

B.  The USACM Liquidating Trust is entitled to object to proofs of claim under § 502(a) of the Bankruptcy Code and the Confirmed Plan of Reorganization.

C.  A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the

claim. See *Ashford v. Consolidated Pioneer Mortg.* (*In re Consolidated Pioneer Mortg.*), 178 B.R. 222, 226 (B.A.P. 9th Circ. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc.* (*In re Lundell*), 223 F.3d 1035, 1039 (9th Cir. 2000).

### IV. OBJECTION TO LOS VALLES' CLAIM

#### A. Claim 1: Los Valles' Claim to Recover Broker's Fees Paid to USACM.

Los Valles makes a claim to recover broker's fees earned by USACM under the Fee Agreement. These fees include the loan fee of $500,000, the first extension fee of $234,000, the second extension fee of $234,000, the exit fees and interest on these fees. First, the USACM Trust objects to this claim because it was not required to hold a California real estate broker's license under the circumstances and, therefore, did not violate California law.

Second, the USACM Trust objects to Los Valles' claim to recover broker's fees that it never paid to USACM. Of the various fees that Los Valles agreed to pay, it only paid the $500,000 loan fee. The parties acknowledged in the Letter Agreement that Los Valles would not have to pay the two loan extension fees and the exit fees called for in the Fee Agreement. Los Valles cannot have a claim to recover fees it never paid.

Third, the USACM Trust objects to Los Valles' claim to recover the $500,000 loan fee as time barred. Under California law, a one-year statute of limitations governs claims for penalties (Calif. Code Civ. Proc., § 340, subd. (a) ["An action upon a statute for a penalty or forfeiture"]). Los Valles appears to be asserting a "penalty claim," which is barred by the one-year statute of limitations.

Fourth, the USACM Trust objects to Los Valles' claim to recover brokers fees because that claim is a "Penalty Claim" subject to treatment under the Plan as part of Class A-6. The Plan defines "Penalty Claim" on page 16 in Paragraph I.A.104:

LEWIS
AND
ROCA
LLP
LAWYERS

104. **"Penalty Claim"** means a Claim against a Debtor for a fine, penalty, forfeiture, or for multiple, exemplary or punitive damages, arising before or after the Petition Date, to the extent that such fine, penalty, forfeiture or damages are not compensation for actual pecuniary loss suffered by the holder of such Claim or is asserted by a governmental unit.

Further, the Plan details how a "Penalty" is to be classified and treated on page 34, Paragraph II. C. 1. f:

> **f. Class A-6: Allowed Penalty Claims.**
>
> i. *Classification:* Class A-6 consists of all Allowed Penalty Claims against USACM.
>
> ii. *Treatment:* Payment to holders of Allowed Penalty Claims shall be subordinated to the payment in full, plus interest, of all Allowed General Unsecured Claims. It is anticipated that holders of Allowed Penalty Claims shall receive no distribution under the Plan. In the unlikely event that Cash exists after all Allowed General Unsecured Claims are paid in full, plus interest, the Plan shall be deemed to be amended to provide that such Cash be distributed Pro Rata to the holders of Allowed Penalty Claims, plus interest. Class A-6 is impaired, and the holders of Class A-6 Claims are deemed to reject the Plan.

**B.    Claim 2: Willful Failure to Timely Deliver Payoff Demand Statement.**

Los Valles claims that USACM violated Calif. Civil Code § 2943 and N.R.S. § 107.210 by failing to timely deliver a payoff statement in late 2004/early 2005. Both California and Nevada law required USACM to deliver a payoff statement within 21 days after receiving a payoff demand. Although the USACM Trust does not concede this point, based upon the documents currently available for review by counsel, it appears that USACM did not deliver a payoff statement until February 23, 2005, 126 days after Los Valles' initial request and 106 days late.

Well over a year after it received the payoff from USACM, Los Valles refinanced through Mountain Funding at a 16% interest rate. The interest rate on the USACM loan was 18%. Los Valles calculates the claim amount based on the 2% differential between

the two rates and the nearly two year period between the date Los Valles requested a payoff and USACM delivered one. Los Valles estimates these damages at $423,764.38.

The USACM Trust objects because Los Valles seeks almost two years worth of interest even though USACM delivered the payoff statement, at most, 106 days late. USACM is not liable for the period after it delivered the payoff statement.

Second, the USACM Trust objects because Los Valles offers nothing to show that USACM's delay caused it to lose substitute financing or damaged Los Valles in any way.

### C.    Claim 3: Intentional Misrepresentation.

Los Valles claims that when USACM delivered the payoff statement on February 23, 2005, it misrepresented the payoff amount. More specifically, USACM included within the payoff a $1,664,403.94 charge for an exit fee. Los Valles alleges that no exit fee was due and USACM understood this. Regarding the exit fee, the Loan Agreement provides:

> 3.8 Exit Fee: Borrower shall pay USA, as a deferred loan fee, one and one half percent (1.5%) of the gross sale price of each lot (but not less than the fair market value). It will be paid at the time the sale of the lot closes.

USACM disputes the Proof of Claim's assertion that Los Valles did not owe an exit fee to USACM if it had paid off its loan in February 2006.

USACM objects to Los Valles's intentional misrepresentation claim because Los Valles must show that it reasonably relied upon USACM's alleged misrepresentation contained in the payoff statement and it cannot do so if its current interpretation of the letter Agreement is correct.

### D.    Claim 4: Violation of Consumer Protection Statutes.

Los Valles's "Claim IV" (Violation of Consumer Protection Statutes) appears to reassert the same claims made in Claims I through III discussed above, but under California's consumer protection statutes. Thus, as to Claim IV, the USACM Trust

226372.1

renews the objections stated above in Sections A, B and C.  Also, the USACM Trust Objects that California law does not apply.

### E.  Claim 5: Attorneys' Fees.

Los Valles seeks to recover its attorneys' fees incurred so far.  These fees were incurred to negotiate the Letter Agreement with USACM and file a claim.  Los Valles cites to no legal authority that would support its claim to attorneys fees.  The USACM Trust objects that Los Valles, an unsecured creditor, is not entitled to recover attorneys' fees under applicable law.

### F.  Additional Objections.

1. The USACM Trust objects that documentation attached to the Claim is incomplete, i.e. pages are missing from the Loan Agreement, Note, and Deed of Trust, and the documentation provided does not substantiate the Claim.

2. The USACM Trust further believes that the damages stated in the Claim are overstated, subject to mitigation and reduction, and are unliquidated and speculative.

3. The USACM Trust believes that the Claim is subject to other affirmative defenses including without limitation release, accord and satisfaction, estoppel, waiver, laches, and/or unjust enrichment.

4. The USACM Trust has analyzed Los Valles' Claim and contends that USACM has no liability on account of this Claim.

5. The USACM Trust reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, and any other grounds.  The USACM Trust further reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

## V.  CONCLUSION

A.  For the reasons set forth herein, the USACM Liquidating Trust respectfully

226372.1

**LEWIS AND ROCA LLP**
LAWYERS

requests that the Court enter an Order sustaining its objection in disallowing Claim No. 1366 filed by Los Valles in its entirety, or alternatively, allow the Claim in an amount to be proven at trial. The USACM Trust also requests that the Court grant such other and further relief as it deems just and proper.

RESPECTFULLY SUBMITTED September 20, 2007.

**LEWIS AND ROCA LLP**

By  /s/ RC (#006593)
    Susan M. Freeman *(pro hac vice)*
    Rob Charles
    John Hinderaker *(pro hac vice)*
    *Attorneys for USACM Liquidating Trust*

COPY of the foregoing served via
e-mail where an e-mail address is
listed, and if no e-mail address is listed,
then by first class, postage paid US mail,
this 20th day of September, 2007 addressed to:

Dan S. Palmer, Jr.
c/o Palmer Investments, Inc.
Los Valles Land & Golf LLC
233 Wilshire Blvd., Suite 800
Santa Monica, CA 90401-1207

Peter J. Mort, Esq.
David P. Simonds, Esq.
Akin Gump Strauss Hauer & Field LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Attorneys for Los Valles Land & Golf LLC

 /s/ Renee L. Creswell
Renee L. Creswell
Lewis and Roca LLP

226372.1