E-Filed on 10/23/07

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Susan M. Freeman, AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>                Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>                Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>                Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>                Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br><br>                Debtor. | **Adversary No. 07-1154_____** |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | **FIRST AMENDED COMPLAINT UNDER 11 U.S.C. §§ 544, 547, 548, AND 550 AND NRS 112.180 AND 112.220, AND REQUEST FOR DECLARATORY RELIEF**<br><br>Hearing Date:   n/a<br>Hearing Time:   n/a |
| USACM LIQUIDATING TRUST,<br><br>                Plaintiff,<br><br>      v.<br><br>J.M.K. INVESTMENTS, LTD.; SIMON FAMILY TRUST; STEVEN PORTNOFF; JWB INVESTMENTS, INC.; BROUWERS FAMILY LP; LARRY C. JOHNS; MARY L. JOHNS; PAUL BLOCH LIVING TRUST; RONI AMID; | |

ROBERT M. PORTNOFF; SARAH PORTNOFF; MORNINGSIDE HOMES, INC.; AURORA INVESTMENTS LP; STEVEN JANOVITCH; LINDA JANOVITCH; FIRST SAVINGS BANK FBO VALLIERA MCGUIRE; THE MARVIN & VALLIERA MYERS TRUST; LARRY J. MIDDLETON; JENNIFER MIDDLETON; ALABRUJ LIMITED PARTNERSHIP; AND FRANCIS FAMILY TRUST

Defendants.

Plaintiff, USACM Liquidating Trust (the "Trust"), as and for its First Amended Adversary Complaint, alleges as follows:

## NATURE OF THIS ACTION

1. This is an action seeking to recover pre-petition transfers to non-creditors of the USACM chapter 11 estate. As described herein, in the weeks leading up to commencement of USACM's chapter 11 case, USACM's principals transferred over $4 million of USACM's assets to their friends and close associates as part of a fraudulent scheme to prevent those assets from being available to satisfy claims of USACM's creditors, many of whom were also investors with USACM but who were not given the same favored treatment as the defendants in this action. As the Court-appointed holder of all avoidance actions that could be brought by the USACM chapter 11 estate, the Trust seeks to avoid each of the Transfers (defined below) and recover those assets for the Trust's beneficiaries.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 544, 547 548, and 550, and Nevada Revised Statute ("NRS") 112.180.

3. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (H), and (O).

4. This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001.

119233-6

5.   This Court has venue over this proceeding pursuant to 28 U.S.C. § 1409(a).

**PARTIES**

6.   The Trust, plaintiff herein, is the court-appointed holder of certain post-effective date assets of the USA Commercial Mortgage Company ("USACM" or the "Debtor") chapter 11 estate including, but not limited to, all USACM Litigation Claims (as such term is defined in the Debtors' Third Amended Joint Plan of Reorganization).

7.   Defendant J.M.K. Investments, Ltd. ("JMK") is a corporation organized under the laws of the State of Nevada, with its principal place of business located at 630 Trade Center Drive, Las Vegas, NV 89119.  JMK facilitated execution of the JMK Note (defined below) and acted as the Lender Defendants' (defined below) agent in handling the Transfers (defined below) sought to be recovered pursuant to this Adversary Proceeding.

8.   Upon information and belief, defendant Simon Family Trust ("Simon") is a trust organized under the laws of the State of California with a principal place of business located at 15517 Oakstand Court, Poway, CA 92064.  Simon was a holder of the JMK Note (defined below) and recipient of a Transfer (defined below).

9.   Upon information and belief, defendant Steven Portnoff is resident of the State of Nevada, with a business address located at 1000 N. Green Valley Parkway, Suite 300-147, Henderson, NV 89074.  Steven Portnoff was a holder of the JMK Note (defined below) and recipient of a Transfer (defined below).

10.  Defendant JWB Investments, Inc. ("JWB") is a corporation organized under the State of Nevada with its principal place of business located at 2333 Dolphin Court, Las Vegas, NV 89014. JWB was a holder of the JMK Note (defined below) and recipient of a Transfer (defined below).

119233-6

11.     Defendant Brouwers Family LP ("Brouwers") is a limited partnership organized under the State of Nevada with its principal place of business located at 2333 Dolphin Court, Las Vegas, NV 89014.  Brouwers was a holder of the JMK Note (defined below) and recipient of a Transfer (defined below).

12.     Defendant Larry C. Johns ("LCJ") is an individual residing in the State of Nevada with his residence located at 7404 Via Fiorentino, Las Vegas, NV 89131.  LCJ was a holder of the JMK Note (defined below) and recipient of a Transfer (defined below).

13.     Defendant Mary L. Johns ("MLJ") is an individual residing in the State of Nevada with her residence located at 7404 Via Fiorentino, Las Vegas, NV 89131.  MLJ was a holder of the JMK Note (defined below) and recipient of a Transfer (defined below).

14.     Defendant Paul Bloch Living Trust (the "Bloch Trust") is a trust organized under the laws of the State of Nevada with its principal place of business located at 2111 Strada Mia, Las Vegas, NV 89117.  The Bloch Trust was a holder of the JMK Note (defined below) and recipient of a Transfer (defined below).

15.     Defendant Roni Amid ("Amid") is an individual residing in the State of Nevada, with an address at 630 Trade Center Drive, 2nd Floor, Las Vegas, NV 89119.  Amid was a holder of the JMK Note (defined below) and recipient of a Transfer (defined below).

16.     Defendant Robert M. Portnoff ("RMP") is an individual residing in the State of Nevada, with his residence located at 285 Francisco Street, Henderson, NV 89014.  RMP was a holder of the JMK Note (defined below) and recipient of a Transfer (defined below).

17.     Defendant Sarah Portnoff is an individual residing in the State of Nevada, with her residence located at 285 Francisco Street, Henderson, NV 89014.  Sarah Portnoff was a holder of the JMK Note (defined below) and recipient of a Transfer (defined below).

119233-6

18.     Defendant Morningside Homes, Inc. ("Morningside") is a corporation organized under the laws of the State of Nevada, with its principal place of business located at 7500 W. Lake Mead Blvd., # 9-489, Las Vegas, NV 89128.  Morningside was a holder of the JMK Note (defined below) and recipient of a Transfer (defined below).

19.     Defendant Aurora Investments LP ("Aurora") is a limited partnership organized under the laws of the State of Nevada, with its principal place of business located at 2710 Harbor Hills Lane, Las Vegas, NV 89117.  Aurora was a holder of the JMK Note (defined below) and recipient of a Transfer (defined below).

20.     Defendant Steven Janovich ("SJ") is an individual residing in the State of Nevada, with his residence located at 9425 Mast Drive, Las Vegas, NV 89117.  SJ was a holder of the JMK Note (defined below) and recipient of a Transfer (defined below).

21.     Defendant Linda Janovitch ("LJ") is an individual residing in the State of Nevada with her residence located at 9425 Mast Drive, Las Vegas, NV 89117.  LJ was a holder of the JMK Note (defined below) and recipient of a Transfer (defined below).

22.     Defendant First Savings Bank FBO Valliera McGuire ("FSB") is a federal savings association organized under the laws of the State of South Dakota with a principal place of business located at 2605 East Flamingo Road, Las Vegas, NV 89121.  Upon information and belief, FSB maintained one or more accounts for the benefit of Valliera McGuire.  FSB is named as a defendant herein in its capacity as a holder of the JMK Note (defined below) and recipient of a Transfer (defined below) for the benefit of Valleria McGuire.

23.     Defendant The Marvin & Valliera Myers Trust (the "Myers Trust") is a trust organized under the laws of the State of Nevada with its principle place of business located at 6822 Baile Road,

119233-6

Las Vegas, NV 89146. The Myers Trust was a holder of the JMK Note (defined below) and recipient of a Transfer (defined below).

24. Defendant Larry J. Middleton ("LJM") is an individual residing in the State of Nevada, with his residence located at 2815 E. Russell Road, Las Vegas, NV 89120. LJM was a holder of the JMK Note (defined below) and recipient of a Transfer (defined below).

25. Defendant Jennifer Middleton ("JM") is an individual residing in the State of Nevada, with her residence located at 11062 Ampus Place, Las Vegas, NV 89141. JM was a holder of the JMK Note (defined below) and recipient of a Transfer (defined below).

26. Defendant Alabruj Limited Partnership ("Alabruj") is a limited partnership organized under the laws of the State of Nevada, with its principal place of business located at 630 Trade Center Drive, Las Vegas, NV 89119. Alabruj was a holder of the JMK Note (defined below) and recipient of a Transfer (defined below).

27. Defendant Francis Family Trust (the "Francis Trust") is a trust organized under the laws of the State of Arizona, with its principal place of business located at 2360 East Mallory Circle, Mesa AZ 85213. The Francis Trust was a holder of the JMK Note (defined below) and recipient of a Transfer (defined below).

28. Simon, Steven Portnoff, JWB, Brouwers, LCJ, MLJ, the Bloch Trust, Amid, RMP, Sarah Portnoff, Morningside, Aurora, SJ, LJ, FSB, the Myers Trust, LJM, JM, Alabruj, and the Francis Trust are collectively referred to herein as the "Lender Defendants".

## FACTUAL ALLEGATIONS

29. On or about October 25, 2005, Joseph D. Milanowski ("Milanowski"), acting as manager of USA Investment Partners LLC ("USAIP"), executed a promissory note in favor of each of the Lender Defendants, evidencing USAIP's promise to repay the principal sum of $4,000,000.00,

119233-6

together with interest at the rate of 25% per annum to each of the Lender Defendants (the "JMK Note"). The proceeds of the JMK Note were used for USAIP's working capital needs.

30. JMK Investments facilitated execution of the JMK Note and, upon information and belief, earned substantial fees in connection therewith. JMK Investments is owned and managed by John M. Keilly ("Keilly"), a close friend and business associate of Milanowski and Thomas A. Hantges ("Hantges"). Upon information and belief, Keilly was aware of Milanowski's and Hantges' business practices leading up to commencement of USACM's chapter 11 case and, as a result, facilitated execution and repayment of the JMK Note with full-knowledge of their improper business activities.

31. Upon information and belief, JMK held general powers of attorney from each of the Lender Defendants, pursuant to which JMK was authorized to sign all documents and execute all transactions on behalf of the Lender Defendants in connection with the JMK Note. Accordingly, as a matter of law, each of the Lender Defendants are imputed with JMK's knowledge of all material facts concerning the JMK Note, including, without limitation, the voidability of the Transfers. *See generally* RESTATEMENT OF AGENCY (THIRD), § 5.03 (2007).

32. On or about March 8, 2006, JMK sent a written demand to USAIP seeking repayment of the JMK Note. That same day, Milanowski and/or Hantges directed USACM to transfer $4,096,044.04 to USAIP, and instructed USAIP to use USACM's funds to "pay the JMK loan off plus interest." Acting on USACM's instructions, USAIP used USACM's funds to repay each of the Lender Defendants in the following amounts (collectively, the "Transfers"):

| **Transferee** | **Amount of Transfer** |
|---|---|
| Simon Family Trust | $409,600.01 |
| Steven Portnoff | $511,999.99 |
| JWB Investments, Inc. Pension Plan | $76,800.00 |
| Brouwers Family LP | $76,800.00 |
| Larry C. Johns & Mary L. Johns | $102,404.01 |

119233-6

| | |
|---|---|
| Paul Bloch Living Trust | $511,999.99 |
| Roni Amid | $256,000.01 |
| Robert M. Portnoff & Sarah Portnoff | $102,400.01 |
| Morningside Homes, Inc. | $153,600.00 |
| Aurora Investments LP | $1,024,000.01 |
| Steven & Linda Janovitch | $102,400.01 |
| First Savings Bank | $51,199.99 |
| Marvin & Valliera Myers Trust | $51,199.99 |
| Larry J. Middleton | $25,600.01 |
| Jennifer Middleton | $25,600.01 |
| Alabruj Limited Partnership | $511,999.99 |
| Francis Family Trust | $102,400.01 |
| **TOTAL** | **$4,096,004.04** |

33. USACM was not a party to the JMK Note and received no benefit therefrom. USACM was not obligated to the Lender Defendants under the JMK Note, and USACM received no benefit from repayment of the JMK Note.

34. USACM filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 13, 2006 (the "Petition Date").

**FIRST CAUSE OF ACTION**
**(11 U.S.C. § 548(a)(1)(A))**

35. The Trust repeats and re-avers allegations 1 through 34 as if fully set forth herein.

36. The Transfers were of an interest of the Debtor in property.

37. The Transfers were made within one year of the Petition Date.

38. The Transfers were made with the intent to hinder, delay, or defraud entities to which the Debtor was or became indebted to on or after the date these transfers were made.

39. Pursuant to 11 U.S.C. § 548(a)(1)(A), the Trust asks this Court to avoid the Transfers.

**SECOND CAUSE OF ACTION**
**(11 U.S.C. § 548(a)(1)(B))**

40. The Trust repeats and re-avers allegations 1 through 34 as if fully set forth herein.

119233-6

41. The Transfers were of an interest of the Debtor in property.

42. The Transfers were made within one year of the Petition Date.

43. The Debtor received less than a reasonably equivalent value in exchange for the Transfers because said Transfers were made to satisfy obligations not owed by the Debtor.

44. The Debtor was insolvent on the date the Transfers were made or became insolvent as a result of these transfers.

45. As a result of the Transfers, the Debtor was engaged in business or a transaction or was about to engage in business or a transaction for which any property remaining with the Debtor was unreasonably small capital.

46. As a result of the Transfers, the Debtor intended to incur or believed that it would incur debts that would be beyond its ability to pay as such debts matured.

47. Pursuant to 11 U.S.C. § 548(a)(1)(B), the Trust asks this Court to avoid the Transfers.

### THIRD CAUSE OF ACTION
### (11 U.S.C. § 544 and NRS 112.180(1)(a))

48. The Trust repeats and re-avers allegations 1 through 34 as if fully set forth herein.

49. The Transfers were of an interest of the Debtor in property.

50. The Transfers were made within four years of the Petition Date.

51. On the date of the Transfers and the Petition Date, there were creditors with allowable unsecured claims who could have avoided the Transfers pursuant to Nevada state law.

52. The Debtor made the Transfers with the actual intent to hinder, delay, or defraud creditors of the Debtor.

53. Accordingly, the Transfers (a) are fraudulent under NRS 112.180(1)(a); and (b) may be recovered under NRS 112.220.

119233-6

54. Pursuant to 11 U.S.C. § 544(b), the Trust asks the Court to avoid the Transfers under applicable state law.

### FOURTH CAUSE OF ACTION
### (11 U.S.C. § 544 and NRS 112.180(1)(b))

55. The Trust repeats and re-avers allegations 1 through 34 as if fully set forth herein.

56. The Transfers were of an interest of the Debtor in property.

57. The Transfers were made within four years of the Petition Date.

58. On the date of the Transfers and the Petition Date, there were creditors with allowable unsecured claims who could have avoided the Transfers pursuant to Nevada state law.

59. The Debtor received less than a reasonably equivalent value in exchange for the Transfers because the Transfers were made to satisfy obligations not owed by the Debtor.

60. The Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or the transaction.

61. The Debtor was engaged in business or a transaction or was about to engage in business or a transaction for which any property remaining with the Debtor was unreasonably small capital.

62. The Debtor intended to incur or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

63. Accordingly, the Transfers (a) are fraudulent under NRS 112.180(1)(b); and (b) may be recovered under NRS 112.220.

64. Pursuant to 11 U.S.C. § 544(b), the Trust asks the Court to avoid the Transfers under applicable state law.

### FIFTH CAUSE OF ACTION

119233-6

**(11 U.S.C. § 547(b))**

65. The Trust repeats and re-avers allegations 1 through 34 as if fully set forth herein.

66. Pleading further, or in the alternative, if the Court determines as a matter of law that USACM was liable for repayment of the JMK Note, the Trust seeks to recover the Transfers under 11 U.S.C. §547(b).

67. The Transfers were made to or for the benefit of USAIP, JMK, and the Lender Defendants, all of whom were creditors of the Debtor.

68. The Transfers were made for or on account of antecedent debt owed by the Debtor pursuant to the JMK Note.

69. The Debtor was insolvent at the time the Transfers were made.

70. The Transfers were made on or within 90 days before the Petition Date.

71. The Transfers enabled each of the Lender Defendants to receive more than would have been received if (a) the case were a case under Chapter 7 of the Bankruptcy Code; (b) such transfers had not been made; and (c) each of the Lender Defendants had received payment on such debt to the extent provided by the provisions of the Bankruptcy Code.

**SIXTH CAUSE OF ACTION**
**(11 U.S.C. § 550(a))**

72. The Trust repeats and re-avers allegations 1 through 34 as if fully set forth herein.

73. The Transfers are avoidable under 11 U.S.C. §§ 544 (through NRS 112.180(1)(a) and NRS 112.180(1)(b)), 547 and 548.

74. USAIP was not the initial transferee of the Transfers, but was instead a conduit through which Milanowski and/or Hantges used USACM funds to repay the Lender Defendants. Accordingly, the Trust may recover the value of the Transfers directly from JMK and each of the Lender Defendants as initial transferees of the Transfers pursuant to 11 U.S.C. § 550(a)(1).

119233-6

75. In the alternative and in the event the Court finds that USAIP was the initial transferee of the Transfers, the Trust may recover the value of the Transfers from (i) USAIP by asserting a claim pursuant to 11 U.S.C. § 550(a)(1) in USAIP's chapter 11 case[1], and (ii) JMK and each of the Lender Defendants pursuant to 11 U.S.C. § 550(a)(2) as immediate or mediate transferees of the Transfers who took such Transfers without good faith and with knowledge of the voidability of the Transfers.

WHEREFORE, the Trust respectfully requests that the Court enter judgment as follows:

(a) Avoiding each of the Transfers;

(b) Directing the Lender Defendants and/or JMK to repay the value of the Transfers to the Trust;

(c) Directing the Lender Defendants and/or JMK to pay to the Trust all pre- and post-judgment interest on the Transfers at the maximum rate allowable by law and/or equity;

(d) Directing the Lender Defendants and/or JMK to pay the Trust's costs of court; and

(e) Awarding the Trust such other relief that this Court deems just and proper.

Respectfully submitted this 23rd day of October 2007.

---

[1] In light of the pending USAIP chapter 11 case in this Court, the Trust is **not** presently seeking entry of monetary judgment against USAIP, nor is the Trust seeking to obtain possession or exercise control over property of the USAIP chapter 11 estate through this adversary proceeding.

119233-6

| | |
|---|---|
| **DIAMOND MCCARTHY LLP** | **LEWIS AND ROCA LLP** |
| By: */s/ Eric D. Madden* | By: */s/ Rob Charles* |
| Allan B. Diamond, TX 05801800 (pro hac vice) | Susan M. Freeman, AZ 4199 (pro hac vice) |
| William T. Reid, IV, TX 00788817 (pro hac vice) | Rob Charles, NV 6593 |
| Eric D. Madden, TX 24013079 (pro hac vice) | 3993 Howard Hughes Parkway, Suite 600 |
| Stephen T. Loden, TX 24002489 (pro hac vice) | Las Vegas, Nevada 89169-5996 |
| 909 Fannin, Suite 1500 | (702) 949-8320 (telephone) |
| Houston, Texas 77010 | (702) 949-8321 (facsimile) |
| (713) 333-5100 (telephone) | |
| (713) 333-5199 (facsimile) | |
| *Special Litigation Counsel for USACM Liquidating Trust* | *Counsel for USACM Liquidating Trust* |

119233-6