Kelly J. Brinkman, Esq.
Nevada Bar No. 6238
Thomas Rondeau, Esq.
Nevada Bar No. 3586
GOOLD PATTERSON ALES & DAY
4496 South Pecos Road
Las Vegas, Nevada 89121
(702) 436-2600 (Telephone)
(702) 436-2650 (Fax)

Attorneys for Creditors

E-Filed on 10/23/07

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                          Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                            Debtor. | |
| In re:<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                            Debtor. | Chapter 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR |
| In re:<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                            Debtor. | OPPOSITION TO AMENDED MOTION FOR ORDER REQUIRING GOOLD PATTERSON ALES & DAY, CHARTERED TO PRODUCE ONE OR MORE REPRESENTATIVES FOR EXAMINATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 |
| In re:<br><br>USA SECURITIES, LLC,<br>                                            Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |

       On October 18, 2007, the USACM Liquidating Trustee served a copy of its AMENDED MOTION FOR ORDER REQUIRING GOOLD PATTERSON ALES & DAY, CHARTERED ("GPAD") TO PRODUCE ONE OR MORE REPRESENTATIVES FOR EXAMINATION

PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 on GPAD. Rather than protract these proceedings by making objections at the deposition, GPAD prefers, with the court's permission, to air out and resolve its objections by way of this opposition. Because the motion requested that the deposition could be set as soon as ten days after the date of the motion, GPAD files this immediately. If we can work out the issues before a hearing or ruling, we will; otherwise, we want the issues raised in this opposition to be resolved by the court.

ISSUE ONE

The Liquidating Trust is spending millions that could have gone into the pockets of the investors. The only justification for this is that it will result in finding a greater amount of money then spent on this endeavor for distribution to the investors. Any other result would be a travesty of justice and the result of poor planning and thought, with the unwanted result of taking money out of the pockets of the investors and lining the pockets of attorneys.

The Liquidating Trustee has been investigating these bankruptcies for months. At least five employees (or former employees) of GPAD have done transactional work for USACM: Barry Goold, Jeff Patterson, Bryan Day, Tom DeVore (former employee), and Thomas Rondeau. In addition, Thomas Rondeau, Barney Ales and Doug Monson (former employee) have represented USACM in litigation. GPAD cannot close its offices and have five of seven current attorneys show up because they may be needed. At this point, more than five months after GPAD delivered all of their files to the Liquidating Trustee – most of which covered loans done in the 1990's that have been fully repaid without complaint from the investors or borrowers – it seems that one of the fruits of the Liquidating Trustee's and his attorneys' labors, and an inevitable result of the investigation over more than a year into USACM's affairs, is that the Liquidating Trustee can meaningfully limit the scope of the exam to specific loans or litigation

GOOLD PATTERSON
ALES & DAY
ATTORNEYS AT LAW
4496 SOUTH PECOS ROAD
LAS VEGAS,
NEVADA 89121
(702) 436-2600

matters that he has identified as a source of misappropriation of funds or other past conduct that could lead to a recovery for the investors.

Postconfirmation 2004 exams are limited to issues that the court may still entertain, and their use is not as broad as in a preconfirmation exam. See <u>In re</u> Medical Management, Inc., 104 B.R. 522 (Bankr. M.D. Ga. 1989), among many cases so holding. Asking the Liquidating Trustee now to properly limit the scope of his exam is appropriate, and should be doable with relatively little effort if he has properly prepared his deposition before moving the Court for permission to conduct it.

Considering the foregoing, GPAD asks that this Court order the Liquidating Trustee to limit the scope of the 2004 exam to the matters that he has identified that he reasonably believes would lead to something of value to the investors or other creditors of USACM, or would assist in postpetition administration. GPAD may then determine who should attend the exam, and can work with the Liquidating Trustee's attorneys to schedule appearances of those who should attend in such a manner as to avoid the needless imposition upon GPAD to either shut down to be potentially ready with the right people, or to waste time after the depositions start with scheduling issues on an ad hoc basis as we learn the matters covered by the deposition. GPAD also believes that if the Liquidating Trustee is unable to do so after the time and money already expended in the investigation, then perhaps that money and effort have not been well spent, and the Court should evaluate the investigation because it would appear to be for the benefit of only the Liquidating Trustee and its attorneys.

ISSUE TWO

The motion affects, according to the box checked on page 1, USA Commercial Mortgage Company only. GPAD is unaware of the authority of the Liquidating Trustee to waive the attorney client privilege for the other debtors, yet the motion seeks examination into the other

GOOLD PATTERSON
ALES & DAY
ATTORNEYS AT LAW
4496 SOUTH PECOS ROAD
LAS VEGAS,
NEVADA 89121
(702) 436-2600

3

debtors, their affiliates, as well as other unnamed and unspecified "otherwise related entities."

GPAD is a law firm, and our communications with our clients are of course privileged. Absent a valid waiver of that privilege, the 2004 examination into anyone other than USACM will be severely truncated, and perhaps useless. Surely the Liquidating Trustee knows what other entities are pertinent to its examination at this time, and can name them, as well as identify the waiver of the attorney-client privilege that it is relying on; or if none exists, what non-privileged facts he hopes to learn that will assist him in his quest to find more money for the creditors. Again, at this point in the proceedings, this seems little to ask, and the revelation will significantly assist GPAD with its efforts to cooperate in good faith with the subpoena.

CONCLUSION

GPAD is happy to provide any information that it has and may lawfully disclose to aid the Liquidating Trustee's search for additional assets to satisfy creditors' claims. GPAD believes that asking the Liquidating Trustee to specifically identify what conduct or transactions of USACM it reasonably believes GPAD may provide useful information about – especially in light of the dozens of closed and repaid loans for which all statutes of limitations have run – is both fair and reasonable. As for any entity other than USACM, GPAD's requests about proper waiver of the attorney-client privilege are appropriate. If the privilege has not been waived, the Liquidating Trustee should be able to identify what non-privileged information of value he hopes to learn. GPAD's request to basically conform the order for a 2004 exam to what the Liquidating Trustee has learned that he needs, rather than leaving it open to misuse because not reasonably limited, is reasonable and should be granted.

(Remainder of page left blank; signature page follows).

GOOLD PATTERSON
ALES & DAY
ATTORNEYS AT LAW
4496 SOUTH PECOS ROAD
LAS VEGAS,
NEVADA 89121
(702) 436-2600

4

Dated this 23 day of October, 2007.

                                       GOOLD PATTERSON ALES & DAY


                                 By:   /s/Thomas Rondeau
                                        Thomas Rondeau

GOOLD PATTERSON
ALES & DAY
ATTORNEYS AT LAW
4496 SOUTH PECOS ROAD
LAS VEGAS,
NEVADA 89121
(702) 436-2600

5