

**Entered on Docket
October 23, 2007**

_____
**Hon. Linda B. Riegle
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case Nos. BK-S-06-10725-LBR; BK-S-06-10726-LBR; BK-S-06-10727-LBR; BK-S-06-10728-LBR; BK-S-06-10729-LBR |
| USA COMMERCIAL MORTGAGE COMPANY | |
| USA CAPITAL REALTY ADVISORS, LLC, | Chapter 11 |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | Jointly Administered Under Case No. BK-S-06-10725-LBR |
| USA CAPITAL FIRST TRUST DEED FUND, LLC | |
| USA SECURITIES, LLC, | STIPULATION AND CONFIDENTIALITY ORDER |
| Debtors. | |

RECITALS

WHEREAS the USACM Liquidating Trust (the "Trust"), the successor to USA Commercial Mortgage Company, seeks documents and deposition testimony from Deloitte & Touche LLP ("D&T") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure to investigate potential assets and liabilities of the Debtor;

WHEREAS D&T believes that some of the documents and information exchanged will contain trade secrets or other confidential and proprietary research, development or commercial information within the meaning of F.R.C.P. 45(c)(3)(B)(i) as incorporated through Rule 9016 of the Federal Rules of Bankruptcy Procedure or under other provisions of applicable federal and state law;

WHEREAS the Trust and D&T have agreed that any confidential documents and confidential information D&T produces to the Trust shall be kept confidential pursuant to the terms of this stipulation and confidentiality order;

The Trust and D&T, by and through their respective counsel of record, hereby stipulate and agree to be bound by the following terms of this Stipulation and Confidentiality Order, as approved by the Court.

1. D&T may designate as confidential any documents (and copies thereof) or other material produced, furnished, authored, generated or originated by D&T , or testimony related thereto, which it contends is confidential, by marking such documents, material or testimony with the word "CONFIDENTIAL." Deposition testimony may be designated CONFIDENTIAL by oral statement by D&T or the Trust at the deposition or by written statement thereafter, in the manner described below. If portions of deposition testimony are designated CONFIDENTIAL during the deposition, the transcript of the designated testimony shall be bound in a separate volume and Marked "CONFIDENTIAL." D&T may designate portions of deposition transcripts as CONFIDENTIAL after the deposition by written notice to the reporter and to all counsel of record, given within ten (10) days after a deposition transcript is received by D&T's counsel, in which case all counsel receiving the transcript shall be responsible for marking copies of the designated transcript in their possession or under their control as directed by D&T. D&T will have ten (10) days following the entry of this order to designate as confidential any deposition transcripts received by D&T's counsel prior to the entry of the order. During this ten (10) day designation period, all parties shall treat the deposition transcript as if it had been designated CONFIDENTIAL. Documents and information designated "CONFIDENTIAL" shall not be disclosed to anyone except as provided in this Stipulation and Confidentiality Order (hereinafter "Order"). The provisions of this Order shall be applicable to any documents, material or testimony designated "CONFIDENTIAL," the information contained therein, and to any abstracts, summaries or similar materials prepared from, or based upon, such documents, material or testimony (hereinafter

"Confidential Information").

2. Except as hereinafter provided, Confidential Information shall be used only by the Trust in the above-captioned bankruptcy action (the "Bankruptcy Action") and related proceedings (including bankruptcy court, district court, and appellate proceedings arising in, arising under, or deemed related to this Bankruptcy Action) for purposes necessary to the Trust's investigations, or to prosecute or defend potential claims of the Debtors. Confidential Information shall not be used for any commercial, business, competitive or other purposes for any reason whatsoever, or in or for any other judicial or administrative proceedings, disputes, or cases, except that the Trust may use Confidential Information to prosecute any potential claims the Debtors may have, if the Trust determines the Debtors have any such claims, provided that with respect to claims against any other party (other than D&T), before the Trust may use Confidential Information to prosecute such claims, it shall use reasonable efforts to obtain a confidentiality agreement and order acceptable to D&T and the Trust but shall otherwise obtain an appropriate Court Order requiring such other party keep the Confidential Information confidential.

3. If the Trust objects to the designation of any material as CONFIDENTIAL, the Trust will meet and confer with D&T in an effort to resolve the dispute. If the meet and confer process does not resolve the dispute, the Trust may apply to the Bankruptcy Court for an order removing the CONFIDENTIAL designation. The contested information shall retain its confidential status pending resolution of the dispute.

4. All Confidential Information filed with the Court shall be filed in sealed envelopes bearing the caption of this action, a brief description of the nature of the contents of the sealed envelope, the word "CONFIDENTIAL" and a statement in substantially the following form:

> "THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT AND CONTAINS CONFIDENTIAL INFORMATION, AND IS NOT TO BE OPENED OR THE CONTENTS THEREOF TO BE DISPLAYED OR REVEALED BY ANYONE EXCEPT UPON ORDER OF THE COURT."

5. Confidential Information may be disclosed only to the Court; court personnel; court

reporters and video personnel recording depositions where Confidential Information is disclosed; counsel for the Trust; support staff of the Trust and its counsel (e.g., paralegals, secretaries, law clerks, internal or external copying services); and to "Qualified Persons," defined as follows:

   (a) Individuals at the Trust and its counsel with direct responsibility for overseeing the activities of the Trust and/or its counsel in connection with litigation and investigation matters.

   (b) Expert witnesses or consultants retained by the Trust, or its counsel.

   (c) Witnesses during depositions, provided that the deposition is designated CONFIDENTIAL by the Trust or D&T as provided in paragraph 1 above.

  6. Before receiving any Confidential Information, a Qualified Person shall evidence his or her agreement to be bound by the provisions of this Order by executing a copy of the Non-Disclosure Certificate attached hereto as Exhibit A, and shall retain a copy of this Order and such executed certificate.

  7. Before counsel for the Trust may disclose Confidential Information to a Qualified Person, the disclosing counsel shall obtain from the Qualified Person who is going to receive such Confidential Information an executed copy of the Non-Disclosure Certificate attached hereto as Exhibit A. Counsel who discloses Confidential Information to a Qualified Person shall retain the Qualified Person's original executed Non-Disclosure Certificate pending further order of the Court or for a one-year period following the final termination of this Bankruptcy Action.

  8. In the event the Trust or a Qualified Person subject to this Order (a) is subpoenaed in another action, (b) is served with a demand in another action to which the Trust or a Qualified Person is a party, or (c) is served with any other legal process that seeks Confidential Information that was designated as CONFIDENTIAL or produced by someone other than a Qualified Person who receives the subpoena, demand or other legal process, the Trust or such Qualified Person shall give prompt written notice of the receipt of such subpoena, demand or other legal process to D&T. The Trust or Qualified Person shall not disclose any Confidential Information without the express

written consent of D&T unless or until the Trust or Qualified Person's obligation to produce such information has been resolved by a court and such court has ordered the production of the Confidential Information. Nothing herein shall be construed as requiring the Qualified Person from whom the Confidential Information is being sought, or anyone else subject to this Order, to challenge or appeal any order requiring production of the Confidential Information protected by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

9.  In the event D&T elects to produce documents for inspection and the Trust desires to inspect them before designating them for copying, D&T need not mark the documents in advance of any such inspection. For purposes of the inspection, and any subsequent inspection of the original documents, all documents produced for inspection shall be treated as if they were marked "CONFIDENTIAL." Thereafter, upon selection of specified documents for copying by the Trust, D&T may mark copies of such documents with the appropriate confidentiality designation at the time the copies are produced to the Trust.

10. Within 30 days of the final determination of this Bankruptcy Action, including any appeal, any person who is in possession of Confidential Information shall return such Confidential Information to D&T or D&T's counsel, or shall destroy it. Written confirmation of such return or destruction shall be forwarded to D&T or D&T's counsel. Notwithstanding this provision, however, Confidential Information that (1) has been filed in pleading files maintained by the Trust's counsel, or (2) is mentioned in notes, memoranda or other writings prepared by the Trust's counsel and covered by the work product doctrine, need not be returned or destroyed. Confidential Information contained in counsels' pleadings files or work product shall not thereafter be disclosed to any person or used for any purpose.

11. If a document, other material or testimony related thereto which D&T intends to designate as CONFIDENTIAL, is inadvertently disclosed without being marked as CONFIDENTIAL in accordance with paragraphs 1 through 3 of this Order, the failure to so mark

5

the document, other material or testimony shall not be deemed a waiver of its confidentiality.  If it is understood by the person receiving the document, other material or testimony that confidential treatment was intended, the document, other material or testimony should be treated as the person receiving it understands production was intended.  When the documents, material or testimony is designated as CONFIDENTIAL, all recipients thereof shall take prompt steps to assure that it is marked as CONFIDENTIAL, or returned to the person who disclosed it for confidential designation pursuant to paragraphs 1 through 3 of this Order.

12.     If any document or other material subject to any privilege or legal prohibition against disclosure is inadvertently disclosed, the fact of the disclosure shall not constitute a waiver of the applicable privilege or legal prohibition against disclosure.  Upon written notification by D&T, the person to whom the material was disclosed shall either (a) immediately return or destroy it, including any copies thereof, to D&T, and shall destroy any notes or work product concerning the material; or (b) if the person to whom such document or material was inadvertently disclosed disagrees with D&T's claim of privilege or legal prohibition against disclosure, not use such document or material until allowed to do so by Court order.  In any such dispute, D&T shall have the burden of making the motion to establish it is entitled to its return.  During any such dispute, the Trust is authorized to provide a copy of the document subject to dispute to the court under seal for purposes of a court determination as to whether or not the claimed privilege applies to the document.  Unless otherwise agreed, the motion shall be made within ten (10) calendar days of the time D&T first gives notice of the inadvertent production to the party to which inadvertent disclosure was made.

13.     This Order is entered without prejudice to the right of D&T to use any Confidential Information designated by D&T in any manner D&T deems appropriate.

14.     Prior to the disclosure at any hearing in this Bankruptcy Action of any Confidential Information, counsel who desires to disclose such Confidential Information shall take reasonable steps to afford D&T's counsel the opportunity to object to disclosure of Confidential Information in

open court.

15. This Order shall survive the final conclusion of this Bankruptcy Action and shall continue in full force and effect. The Court shall retain jurisdiction over the parties, and any other person bound by this Order, to enforce this order.

16. All persons bound by this Order are hereby notified that if this Order is in any manner violated, the person or entity who commits such violation shall be subject to such sanctions as the Court, on motion and after notice and a hearing, deems just.

DATED: October 11, 2007

            LATHAM & WATKINS LLP

            By: */s/ Kristina Pickering*
              Kristina Pickering, No. 992
              Rosa Solis-Rainey, No. 7921

            Attorneys for Deloitte & Touche LLP

DATED: October 11, 2007

            DIAMOND MCCARTHY LLP

            By: */s/ Eric D. Madden*
              Eric D. Madden

            Attorneys for USACM Liquidating Trust

Based upon the foregoing stipulation of the parties, and good cause appearing therefore, IT IS SO ORDERED

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>USA COMMERCIAL MORTGAGE COMPANY<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC<br><br>USA SECURITIES, LLC,<br><br>            Debtors. | Case Nos. BK-S-06-10725-LBR; BK-S-06-10726-LBR; BK-S-06-10727-LBR; BK-S-06-10728-LBR; BK-S-06-10729-LBR<br><br>Chapter 11<br><br>Jointly Administered Under Case No. BK-S-06-10725-LBR<br><br><u>NON-DISCLOSURE CERTIFICATE</u> |

    I certify my understanding that access to materials designated as "CONFIDENTIAL" is provided to me pursuant to the terms and restriction of a Stipulation and Confidentiality Order entered by the Court on _____, 2007 (the "Order"). I certify that I have been given a copy of, and have read, the Order and agree to comply with its terms. I understand that the contents of any material designated "CONFIDENTIAL," and any notes or other memoranda or any other forms of information which copy or disclose material designated "CONFIDENTIAL," shall not be disclosed to anyone other than in accordance with the Order and shall be used only for the purposes set forth therein.

    I agree to be subject to the jurisdiction of this Court for purposes of enforcement of this Non-Disclosure Certificate and the Order.

By:_____

Title:_____

Representing:_____

Date:_____