Marc A. Levinson (California Bar No. 57613)
Jeffery D. Hermann (California Bar No. 90445)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: (916) 447-9200
Facsimile: (916) 329-4900
Email: malevinson@orrick.com
       jhermann@orrick.com

Robert Kinas (Nevada Bar No. 6019)
Claire Y. Dossier (Nevada Bar No. 10030)
SNELL & WILMER LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: rkinas@swlaw.com
       cdossier@swlaw.com

*Attorneys for USA Capital Diversified Trust Deed Fund, LLC*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                                              Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                                              Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                                              Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                                              Debtor. | **OBJECTION TO PROOF OF CLAIM OF SALVATORE J. REALE** |
| In re:<br>USA SECURITIES, LLC,<br>                                              Debtor. | Hearing Date: December 5, 2007<br>Hearing Time: 9:30 a.m. |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | |

USA Capital Diversified Trust Deed Fund, LLC ("Diversified"), a revested debtor in the above-captioned cases, by and through its counsel, hereby submits this Objection (the "Objection) to the Proof of Claim of Salvatore J. Reale ("Reale") filed on September 17, 2007, in the amount of $4,869,310.57 (the "Proof of Claim"). This Objection is made on the dual grounds (i) that the

1

Proof of Claim is untimely; and (ii) that there is no discernable theory or set of facts justifying any claim against Diversified set forth within the Proof of Claim.

The Objection is made pursuant to Sections 502 and 510 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 3003 and 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules"), the points and authorities contained herein, the pleadings and papers on file with the Court, and any argument of counsel the Court may wish to entertain at the hearing on this matter.

Based on the foregoing, Diversified requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing the Proof of Claim in its entirety and for all purposes; and (iii) granting such other and further relief as the Court may deem just and proper.

Respectfully submitted this 2nd day of November, 2007.

SNELL & WILMER LLP

By: _____
Robert Kinas (Nevada Bar No. 6019)
Claire Dossier (Nevada Bar No. 10030)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200

Marc A. Levinson (California Bar No. 57613)
Jeffery D. Hermann (California Bar No. 90445)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capital Mall, Suite 3000
Sacramento, CA 95814-4497

*Attorneys for USA Capital Diversified Trust Deed Fund, LLC*

## POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

#### A. Background Information

On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA First Trust Deed Fund, LLC ("FTDF"), and Diversified (collectively with USACM, USA Securities, USA Realty, and the FTDF, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

Diversified is owned by approximately 1,350 equityholder members (the "Diversified Members") who purchased membership interests in the Diversified limited liability entity. The Diversified Members are the Debtors' only class of investors, and they have not received a cash distribution since prior to the Petition Date.

On May 9, 2006, the Court entered its Order Regarding Joint Administration Without Substantive Consolidation [Docket No. 184] linking the Debtors' chapter 11 cases for joint administration under the USACM case name and number, BK-S-06-10725-LBR.

On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] ("Bar Date Order") setting the deadline of November 13, 2006 (the "Bar Date") to file proofs of claim in the Debtors' chapter 11 cases.

On September 18, 2006, Debtors mailed proof of claim forms, proof of interest forms and notice of the Bar Date Order. Declaration of Rachel Patience Ragni in Support of Motion to Establish Disputed Claim Reserve (the "Ragni Decl."), Exh. A.

On November 15, 2006, the Debtors' filed the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan") [Dkt. No. 1799] and the Debtors' First Amended Disclosure Statement (the "Disclosure Statement") [Dkt. No. 1798]. The Plan was confirmed by order of the Court entered on the docket on January 18, 2007 [Dkt. No. 2376], and went effective on March 12, 2007.

#### B. Reale Claim

On September 17, 2007, ten months after the Bar Date, Reale filed a proof of

claim (the "Reale Proof of Claim") in the amount of $4,869,310.57. The Reale Proof of Claim purports to be for "money loaned" and includes a copy of a Purchase Agreement and related documents.

Reale is a Las Vegas businessman with an established and substantial business relationship with he former principals of the Debtors, Tom Hantges ("Hantges"), Joseph Milanowski ("Milanowski"), and companies affiliated with them.

In 2003, Reale agreed to sell to Diversified a loan in the principal amount of $2,050,000 secured by junior deeds of trust upon: (i) the Hotel Marquis in Palm Springs, California, and (ii) a parcel of undeveloped land consisting of 45 acres in Palm Springs, California. For that purpose, Reale entered into an Agreement for Purchase of Loan with Diversified (the "Purchase Agreement"). (Ragni Decl., Exh. A). The Purchase Agreement contains detailed recitals reflecting the parties' understanding of the factual circumstances giving rise to the transaction. Because at the time of the sale, the loan was in default and the owner of the Hotel Marquis was in bankruptcy, the purchase price for the loan was the principal amount of $2,050,000 although accrued interest was also due and owing in connection with the loan.

In connection with the Purchase Agreement, Diversified and Reale also reached specific agreement as to how the proceeds of the sale would be handled. Reale instructed the escrow agent to distribute $2.05 million of the sales proceeds to USA Investment Partners LLC ("USAIP") and to deliver the remaining $50,000 to USACM. (Ragni Decl., Exh. C). Diversified rendered full performance and funds were transferred precisely in accordance with these instructions. (Ragni Decl., Exh. D). A promissory note between Reale as lender and Hantges/Milanowski as borrowers was amended to reflect the $2.05 million increase in the amount owed to Reale. (Ragni Decl., Exh. E).

Concurrently with this Objection, Diversified has filed a Motion to Establish Disputed Claim Reserve (the "Motion"). The Motion asks the Court to determine that no reserve is required or establish a nominal reserve for the Proof of Claim to enable Diversified to make a $3 million distribution to the Diversified Members. Diversified incorporates the Motion's factual assertions, the declaration of Rachel Patience Ragni in Support of Motion to Establish Disputed

Claim Reserve and the attached exhibits to that declaration.

III. **LEGAL ARGUMENT**

Under the Bankruptcy Code and the Bankruptcy Rules, a claim will not be paid through the estate unless allowed. *See, e.g.*, 11 U.S.C. §§ 726 and 1129; Fed. R. Bankr. P. 3003. A claim will not be allowed and paid unless scheduled by the debtor as undisputed non-continent, or liquidated, or a proof of claim is separately filed by the creditor (or certain other parties in interest) and there is no objection to such claim or any objection is overruled. *See, e.g.*, 11 U.S.C. §§ 1111(a) and 502; Fed. R. Bankr. P. 3003.[1]

A.   **Reale's Proof of Claim is Untimely**

Reale's Proof of Claim is untimely and thus should be disallowed. Pursuant to Bankruptcy Rule 3003 a bankruptcy court *shall* fix the time, and for cause shown may extend the time, within which proofs of claim or interest may be filed. After the bar date, the court may enlarge the time to file a proof of claim in a chapter 11 case only upon a showing of "excusable neglect." Fed. R. Bankr. P. 9006(1); *In re Dix*, 95 B.R. 134, 137 (9th Cir. B.A.P. 1988). To determine excusable neglect, the court must evaluate "all relevant circumstances," including: (1) danger of prejudice to the debtor; (2) length of delay and its potential impact on proceedings; (3) the reason for the delay and (4) whether the movant acted in good faith. *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 385 (1993).

Reale has offered no excuse, let alone excusable neglect, for his failure to file his Proof of Claim by the Bar Date. Reale was well aware of the Bar Date, the Debtors' bankruptcy cases and the related adversary proceedings, but he chose to wait ten months past the Bar Date to assert a purported claim that matured four years ago before filing his Proof of Claim. Diversified can only speculate as to why Reale waited so many months past the Bar Date to file his $4.9 million Proof of Claim. Diversified would be prejudiced if Reale's Proof of Claim were allowed, as the Plan and the Disclosure Statement anticipated few unsecured claims, let alone a claim for $4.9 million. This unexpected claim would drastically affect the timing and amount of a

---

[1] Local Rule 3007(d) requires all objections to claims in a chapter 11 case must be filed within 60 days after entry of an order confirming a plan. Since the Reale Proof of Claim was not filed until well after the Plan was confirmed, Diversified could not comply with this Local Rule.

distribution to the Diversified Members, who have not received a single distribution since the filing of bankruptcy cases almost 18 months ago, and would likely have altered Diversified's strategy in negotiating and promoting a plan of reorganization, and would likely have affected the voting of the Diversified Members on the existing Plan of Reorganization. After examining the "relevant circumstances" this Court should not enlarge the time to file a proof of claim and Reale's claim should be disallowed as it is untimely.

### B. Reale's Proof of Claim is Baseless and Unenforceable

As further detailed in the Motion, Reale's Proof of Claim is baseless. The terms of Diversified's purchase of the underlying loan were carefully described in the Purchase Agreement. Pursuant thereto, Reale assigned to Diversified the then-defaulted loan and all collateral rights that had been pledged in connection therewith. In return, Diversified agreed to pay $2.05 million to Reale.

Diversified discharged its purchase obligation in precisely the manner directed by Reale. Reale directed that $2.05 million of the sale proceeds were to be provided to USAIP and expressly acknowledged that he held a note "accounting for this disbursement." (Ragni Decl., Exh. B) Diversified fully performed and made the transfer as directed by Reale which was its only obligation under the Purchase Agreement.

The Proof of Claim is devoid of any legal theory of liability against Diversified and is similarly devoid of any factual basis for Reale to have any dispute or dissatisfaction whatsoever with Diversified. The stated basis for the Proof of Claim, as set forth by checked box in section 1 of the Proof of Claim, is "Money loaned". However, there is not even a suggestion that Reale ever loaned any money whatsoever to Diversified. Not only is there no apparent basis for the Reale Proof of Claim, Diversified had no notice during the plan of reorganization formulation process that Reale may have a creditor claim.

Reale's delay in asserting his claim not only makes the Proof of Claim untimely but provides strong evidence that Reale conceded by his conduct that he had no basis for any such claim.

///

## IV. CONCLUSION

For the reasons set forth herein, Diversified requests that the Court enter an order (i) sustaining the Objection; (ii) disallowing the Proof of Claim in its entirety and for all purposes; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated this 2nd day of November, 2007.

SNELL & WILMER LLP

By: /s/ Claire Y. Dossier
Robert Kinas (Nevada Bar No. 6019)
Claire Y. Dossier (Nevada Bar No. 10030)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200

Marc A. Levinson (California Bar No. 57613)
Jeffery D. Hermann (California Bar No. 904445)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capital Mall, Suite 3000
Sacramento, CA 95814-4497

*Attorneys for USA Capital Diversified Trust Deed Fund, LLC*