# Exhibit B

## AGREEMENT FOR PURCHASE OF LOAN

Shadroc, LLC, a Nevada limited liability company ("Shadroc"), Salvatore J. Reale ("Reale"), and USA Capital Diversified Trust Deed Fund, LLC, a Nevada limited liability company (the "Fund"), hereby agree as follows:

### RECITALS

A.      Reale is the sole member owning 100% of Shadroc. USA Commercial Mortgage Company, a Nevada corporation ("USA") is the manager of Shadroc, and has control over the Fund by virtue of being the manager of USA Investment Partners, LLC, a Nevada limited liability company, the manager of USA Capital Realty Advisors, LLC, a Nevada limited liability company, the manager of the Fund.

B.      Shadroc's sole business is ownership of a Loan to Palm Springs Marquis, Inc., a Delaware corporation and Shadowrock Development Corporation, a California corporation ("Shadowrock"). Reale informed USA of the opportunity to make the Loan and of his desire to fund it, and asked USA to assist him in arranging the Loan, which USA did. Capitalized terms used herein without definition have the meanings assigned to them in the Loan Agreement dated September 3, 1999 by and among Shadroc as Lender and Palm Springs Marquis, Inc. and Shadowrock Development Corporation, collectively as Borrower.

C.      The Loan was secured by two deeds of trust, a leasehold deed of trust given by Palm Springs Marquis, Inc. encumbering the property known as the Palm Springs Marquis Hotel in Palm Springs, California that was recorded September 10, 2000 as Document No. 1999-405742 (the "Marquis Trust Deed"), and one given by Shadowrock encumbering vacant land located in or near Palm Springs, California that was recorded September 10, 2000 as Document No. 1999-405741 (the "Shadowrock Trust Deed"), both in Official Records of Riverside County, California. The Shadowrock Trust Deed is a third priority trust deed, subordinate to two senior deeds of trust (the "Senior Trust Deeds").

D.      Shadroc and Reale wish to sell to the Fund, which wishes to purchase from Shadroc, all of Shadroc's right, title, and interest in the Loan, including all Loan Documents.

E.      The Loan was originally made on or about September 10, 1999 in the amount of $2,000,000. USA holds all of the original Loan Documents, including the Note, and has administered the Loan for Shadroc, and is familiar with its current status due to its administration of the Loan.

F.      The Loan is in default, and Shadowrock has filed bankruptcy in the United States Bankruptcy Court, Central District of California under Case No. RS03-10367 DN. Palm Springs Marquis, Inc. has also filed bankruptcy. The Marquis Trust Deed was discharged or foreclosed as a result of the Palm Springs Marquis, Inc. bankruptcy. The holder of the Senior Trust Deeds has moved for relief from the automatic stay so that he may foreclose one or both of the Senior Trust Deeds.

G.      On or about September 1, 2000, the principal amount of the Loan was increased to

SR00412

$2,100,000. The current amount due Shadroc under the Loan exceeds $3.1 million. Borrower last made any payment on the Loan on or about July of 2001.

H.   Neither Shadroc nor USA has any knowledge or record of any prior transfer of, including a transfer of any kind for security purposes, or claim against Reale's membership interest in Shadroc, and Reale affirmatively represents that he has not transferred in any manner any of said membership interest, and that he still holds the entire membership interest unencumbered in any way.

I.   There is a possibility that a third party may purchase the property encumbered by the Shadowrock Trust Deed, and that the purchase may provide sufficient funds to repay the Note in full, or, if not in full, it may result in payment to Shadroc of more than $2,050,000, the current principal balance of the Note due to Shadroc.

J.   During the past two years, Reale has diligently tried to achieve a workout of the Loan to effect payment of all or a portion of the Loan Amount, but has not been successful. Reale now desires to sell the Loan to the Fund upon the terms and conditions set out herein to obtain peace of mind and closure with respect to the Loan.

K.   Reale has had an opportunity to consult with counsel of his choice regarding the subject matter of this Agreement as well as this Agreement, and makes this Agreement based on his independent assessment that it is best for him under all of the circumstances. Reale and USA acknowledge that Reale has consulted with principals of USA regarding this Agreement and the sale described herein, and Reale specifically represents that he has decided to make this Agreement because of his independent assessment. Reale further acknowledges that he has independently verified all factual recitals contained herein, and that USA has repeatedly inquired of his desire to make this Agreement in light of the aforementioned potential sale of the Shadowrock property to a third party.

NOW, THEREFOR, in consideration of the truth of the foregoing recitals, which the parties hereby acknowledge, and for other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, Shadroc, Reale and the Fund agree that the Fund may purchase the Loan upon the terms and conditions set out below.

## AGREEMENTS

1.   Reale, Shadroc, USA, and the Fund hereby acknowledge the truth and accuracy of all recitals made above, and incorporate them as material consideration for this Agreement.

2.   USA shall pay $2,050,000 for the Loan. Payment of that amount shall be made no later than October 3, 2003.

3.   Shadroc shall execute and deliver to the Fund an allonge to the Note, and an assignment of the Shadowrock Trust Deed transferring the Note to the Fund, and assigning said trust deed to the Fund. The Fund acknowledges that USA, in its capacity as the ultimate manager of the Fund, currently possesses all of the original Loan Documents.

SR00413

4. The transaction contemplated hereby shall close through an escrow that shall be established with First American Title Company. All parties agree to promptly provide documents reasonably requested by escrow to complete this transaction. USA and the Fund, as determined between them, shall pay all costs and expenses of escrow.

5. The laws of the State of Nevada shall govern the construction and enforcement of this Agreement. Should suit be brought to construe or enforce this Agreement, venue shall lie in Clark County, Nevada, and the prevailing party or parties shall be entitled to recover reasonable attorneys' fees. This Agreement shall be binding on the parties' heirs, successors and assigns, and anyone claiming by or through them.

IN AGREEMENT HEREWITH THE PARTIES HAVE SET THEIR HANDS AS OF THIS 5th DAY OF SEPTEMBER, 2003.

SHADROC, LLC

By: USA Commercial Mortgage Company, Manager

By: _____
Joseph D. Milanowski, President

USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC

By: USA Capital Realty Advisors, LLC, Manager
By: USA Investment Partners, LLC, its Manager
By: USA Commercial Mortgage Company, its Manager

By: _____
Joseph D. Milanowski, President

**CONSENT OF MEMBER:**

The undersigned sole member of Shadroc, LLC hereby approves the form and substance of this Agreement.

_____
Salvatore J. Reale