Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
Attorneys for Debtors

**E-FILED ON NOVEMBER 2, 2007**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | Date of Hearing: December 20, 2007<br>Time of Hearing: 9:30 a.m. |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **USA CAPITAL REALTY ADVISORS, LLC'S MOTION FOR SUMMARY JUDGMENT AND POINTS AND AUTHORITIES IN SUPPORT** |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☒ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | **(Affects USA Capital Realty Advisors, LLC)** |

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

USA Capital Realty Advisors, LLC ("USA Realty") hereby files this Motion for Summary Judgment ("Motion")[1] seeking summary judgment in favor of USA Realty on the basis that it has no liability on account of proofs of claim numbered 41 and 57 filed by the Margaret B. McGimsey Trust in the amount of $96,094.75 each; 42 and 56 filed by Sharon or Jerry McGimsey in the amount of $311,091.58 each; 43 and 55 filed by Johnny Clark in the amount of $99,467.90 each; and 44 and 54 filed by Bruce McGimsey in the amount of $86,171.22 each, all of which were filed as general, unsecured claims (collectively, the "Claims"), which claimants are hereinafter referred to collectively as the "McGimsey Claimants." The Claims are unauthorized derivative actions and should be disallowed in their entirety. The Claims are the only unresolved proofs of claim against USA Realty. This Motion is supported by the following Memorandum of Points of Authorities setting forth the undisputed facts.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. The statutory predicate for the relief requested herein is Rule 56 of the Federal Rules of Civil Procedure, which is made applicable to this proceeding by Rules 9014 and 7056 of the Federal Rules of Bankruptcy Procedure.

### II. BACKGROUND

3. On April 13, 2006 ("Petition Date"), USA Realty, USA Commercial Mortgage Company ("USACM"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF"), and USA Securities, LLC (collectively, the "Debtors") filed petitions for relief under chapter 11 of the Bankruptcy Code. By order entered June 9, 2006, the Court approved the joint administration of the Debtors' cases.

---

1. Unless otherwise provided herein, all capitalized words and terms are defined in the confirmed Plan.

4. USA Realty is a Nevada limited liability company that, prior to the Petition Date, was the manager of DTDF and FTDF.

5. DTDF is a Nevada limited liability company organized as of February 3, 2000, which, as of the Petition Date, had approximately 1,350 members including the McGimsey Claimants

6. The Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan") was confirmed by the Bankruptcy Court by an order entered January 8, 2007 (the "Confirmation Order").[2]

7. With regard to DTDF and USA Realty, section IV.E.5 of the Plan contains the following compromise:

> **5. The DTDF/USA Realty Compromise.**
> **a. *Subordinated Claim:*** DTDF shall subordinate any Allowed Claim it has against USA Realty to the payment of all other Allowed Claims against USA Realty except the subordinated Claim of FTDF against USA Realty to the extent that, and in the amount that, the Allowed Claim of DTDF against USA Realty exceeds $50 million. Such Subordinated Claim of DTDF against USA Realty shall be paid pari passu with the Subordinated Claim of FTDF against the USA Realty Estate.
> **b. *Litigation Claims:*** In exchange for the partial subordination of the DTDF Claim, Litigation Claims held by USA Realty, including without limitation, the Avoidance Actions and the Non-Debtor Litigation, shall be preserved and transferred to Post-Effective Date DTDF, which may be pursued at the discretion of, and at the sole cost of, the Post-Effective Date DTDF.
> **c. *Management Fees*:** USA Realty releases DTDF from all management fees accrued, but unpaid, as of the Petition Date. With respect to management fees paid postpetition to USACM through USA Realty, or collected and held by USACM postpetition, the payment, waiver, refund or other treatment of those management fees shall be as mutually agreed upon by the USACM Committee and the DTDF Committee or, in the absence of agreement, will be determined by the Court after evidence submitted by both Committees.

8. The Plan does not release any intercompany claims that DTDF may have against USA Realty. Furthermore, intercompany claims were not subject to the Claims Bar Date so DTDF was not required to file a proof of claim. Rather, DTDF asserted a claim against USA

2. The McGimsey Claimants did not object to the Plan or appeal the Order confirming it.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Realty through the Plan itself, agreed to the limited subordination of this claim, and negotiated for the remainder of the USA Realty assets up to $50 million. All this was done by DTDF for the benefit of all DTDF Fund Members.

9. Also under the Plan, USA Realty transferred all Litigation Claims it held to DTDF for the benefit of DTDF Fund Members on account of and as a compromise of DTDF's claims against USA Realty. Consequently, DTDF is now authorized to pursue these claims as well for the benefit of all DTDF Fund Members. *See* Plan at IV.E.5.b.

10. The Court confirmed the Plan by Order dated January 8, 2007 (Docket No. 2376) (the "Confirmation Order"). The McGimsey Claimants received notice of the Plan (*See* Docket No. 2201) but did not vote on the Plan. They also did not object to the Plan or file an appeal of the Confirmation Order.

11. The Plan became effective on March 12, 2007 (the "Effective Date") (*See* Docket No. 3083).

12. The McGimsey Claimants filed their Claims in two sets with the first set being filed on November 13, 2006, and the second set being filed on November 20, 2006.[3] Each of the Claims states that it is based on "Breach of Contract/Fraud," but there was no supporting documentation attached to the proof of claim forms and no further explanation as to the nature of the Claims. The McGimsey Claimants filed similar claims against USACM, FTDF, and DTDF.

13. On March 8, 2007, USA Realty filed its Omnibus Objection to Certain Claims (the "USA Realty Objection") (Docket No. 3017). Included in the USA Realty Objection was an objection to the Claims on the basis that they were unsupported and were also filed in duplicate. USA Realty denied all liability on account of the Claims.

14. On April 19, 2007, the McGimsey Claimants filed a response to the USA Realty Objection (the "Response") (Docket No. 3487) stating the basis of their claims against USA

---

3. It appears that the second set of claims (claims 54 through 57) is duplicative of the first set of claims (claims 41 through 44). Regardless, for the reasons discussed herein, the USA Realty Objection as to all of the Claims should be sustained and the Claims should be disallowed in their entirety.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Realty were alleged violations of contractual provisions contained in an Offering Circular and the Subscription Agreement executed by the McGimsey Claimants and accepted by DTDF. USA Realty was not a party to the Subscription Agreement.[4] Indeed, the McGimsey Claimants have not alleged or provided any evidence that USA Realty was a party to any contract with them, but have only alleged that USA Realty was in privity of contract with DTDF as its manager. Rather, the Response alleges only that USA Realty, as the manager of DTDF, violated certain contractual provisions of the Subscription Agreement by causing unsecured loans to be made to insiders to the detriment of DTDF. *See* Response at 3-4.

**The DTDF Committee Objection Proceedings**

15. On November 30, 2006, the DTDF Committee filed its "Omnibus Objection of the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC to Claims on Equity Misfiled As Proofs of Claims" (the "DTDF Committee Objection") (Docket No. 1891).

16. The DTDF Committee Objection objected to the claims filed against it by the McGimsey Claimants on the basis that they were not creditor claims but claims on equity and, if they were treated as creditor claims, that they should be subordinated pursuant to section 510(b).

17. The Court sustained the DTDF Committee Objection by order dated February 14, 2007 (Docket No. 2765), and the McGimsey Claimants filed a notice of appeal to the Bankruptcy Appellate Panel for the Ninth Circuit (the "BAP") the same day (Docket No. 2782)

18. USA Realty and the McGimsey Claimants agreed to continue the hearing on the USA Realty Objection until the resolution of their appeal to the BAP.

---

4. A person making a contract with another as agent for a disclosed principal does not become a party to the contract. *Seigworth v. State*, 91 Nev. 536, 539, 539 P.2d 464, 466 (1975) (holding that a bail bondsman who signed a bond for a disclosed surety was not personally liable for a bond forfeiture). See also *Buchanan v. Henderson,* 131 B.R. 859, 866-7 (D.Nev. 1990) ("Where an agent enters into a contract on behalf of a disclosed principal, the agent does not become a party to the contract and is not liable thereon."), reversed on other grounds, *Henderson v. Buchanan,* 985 F.2d 1021 (9th Cir. 1993).

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

19. On August 15, 2007, the BAP reversed the order granting the DTDF Objection finding that the claims filed by the McGimsey Claimants were not duplicative of their equity interests and that an adversary proceeding would be required to subordinate the claims under section 510(b). The BAP also explained that if an adversary proceeding were commenced the claims filed by the McGimsey Claimants against DTDF should be subordinated under section 510.

20. With the resolution of the proceedings before the BAP, USA Realty now moves for summary judgment on the USA Realty Objection in order to close its case, as all claims against it have been resolved except for those of the McGimsey Claimants.

## III. ANALYSIS

Rule 56 of the Federal Rules of Civil Procedure, which is made applicable to this proceeding by Rules 9014 and 7056 of the Federal Rules of Bankruptcy Procedure, mandates the entry of summary judgment where the movant demonstrates that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. A "material" fact is one that might affect the outcome of a case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" where a "reasonable jury could return a verdict for the nonmoving party." *Id.* Furthermore, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249. As discussed below, there is no genuine issue of material fact that the Claims are derivative actions and that USA Realty is entitled to judgment as a matter of law.

### A. There is No Genuine Issue of Material Fact that the Claims are Derivative Actions

The Nevada Supreme Court has explained that a derivative action is "one brought by a shareholder on behalf of the corporation to recover for harm done to the corporation." *Cohen v. Mirage Resorts, Inc.*, 62 P.3d 720, 732 (Nev. 2003). The Nevada Supreme Court has further explained that a "stockholders' derivative suit on behalf of the corporation derives its cause of action out of an invasion of the rights of the corporation." *Nelson v. Sierra Constr. Corp.*, 364

P.2d 402, 405 (Nev. 1961).[5] Furthermore, because such actions actually belong to the company, any relief received by the plaintiff (minus reasonable expenses and attorneys' fees) must be remitted to the company for the benefit of *all* of its equity holders. *See* Nev. Rev. Stat. Ann. § 86.489 (2007).

In their Response, the McGimsey Claimants state that their Claims are based on alleged violations of an Offering Circular and Subscription Agreement. Specifically, the Response states that USA Realty violated certain contractual provisions by causing unsecured loans to be made to insiders "not for the benefit of the Diversified Trust Deed Fund but rather for the benefit of the real owners of USA Commercial Mortgage Company and Realty Advisors, to-wit: Mr. Hantges and Mr. Milanowski." *See* Response at 3-4. The McGimsey Claimants do not allege an injury to them personally but only assert that the alleged violations were detrimental to DTDF itself. As such, the Claims are based on an alleged "violation of the rights" of DTDF and are thus properly classified as derivative actions.

**B. <u>USA Realty is Entitled to Judgment as a Matter of Law</u>**

**1. Nevada Law Prohibits the McGimsey Claimants from Pursuing Derivative Actions**

Section 86.483 of the Nevada Revised Statutes Annotated provides that the member of a limited liability company may bring a derivative action on behalf of the limited liability company only "when permitted by the terms of the articles of organization or operating agreement." Nev. Rev. Stat. Ann. § 86.483 (2006).[6] Neither the DTDF Articles of Organization (attached hereto as

---

5. Although these passages refer to actions involving corporations, this reasoning applies equally to a derivative action brought by a member of a limited liability company.

6. Section 86.483 was amended on June 13, 2007, and now reads:

> A member, including a noneconomic member unless otherwise prohibited by the terms of the articles of organization or operating agreement, may bring an action in the right of a limited-liability company to recover a judgment in its favor if managers or members with authority to do so have refused to bring the action or if an effort to cause those managers or members to bring the action is not likely to succeed.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Exhibit A) nor the DTDF Operating Agreement (attached hereto as Exhibit B) expressly authorize or permit DTDF Fund Members to bring a derivative action on behalf of DTDF. The Articles of Organization does not mention derivative actions and the Operating Agreement only mentions them in the context of indemnification of the Manager, which language is largely boilerplate and intended to provide broad indemnification protection to management rather than to grant any substantive rights to DTDF Fund Members. *See* Exhibit B at ¶ 3.04. Rather, the Operating Agreement states that "[e]xcept as *expressly* provided herein, the Members . . . shall have no right or authority *to act for* or bind the Company." Exhibit B at ¶ 4.04 (emphasis added). A derivative action, whereby the Member purports to act for the benefit of the limited liability company, can only be brought by a DTDF Fund Member if the Operating Agreement expressly provides for such action. The Operating Agreement contains no such express authorization. Therefore, under Nevada law, the McGimsey Claimants are not authorized to bring a derivative action, and USA Realty is entitled to judgment as a matter of law. Nevada law recognizes the unfairness associated with allowing one member of a limited liability company to attempt to obtain a greater return than they would normally be entitled to, to the detriment of the remaining members, by prohibiting derivative actions except where specifically authorized by the entity in its articles of incorporation or operating agreement. Since neither the DTDF Articles of Organization nor its Operating Agreement permit the DTDF Fund Members to bring derivative actions, the Claims should be disallowed in their entirety

---

Nev. Code Ann. § 86.483(2007). The Nevada Supreme Court has explained that "[i]n the absence of clear legislative intent to make a statute retroactive, it will be interpreted to have only a prospective effect." *Nevada Power Co. v. Metro. Development Co.*, 765 P.2d 1162, 1163 (Nev. 1988) (finding that a prior version of the statute applied to the proceeding because the cause of action accrued before the enactment of the revisions to the statute). The amendments to section 86.483 do not indicate any intent by the Nevada Legislature to make the amendments retroactive. Thus, the prior version of section 86.483, which was in effect when the alleged breaches occurred and when the McGimsey Claimants filed their Claims, applies. Regardless, even if the current version applies the Claims should be dismissed for the reasons stated in section III.B.2 *infra*.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**2. DTDF has Already Brought Claims Against USA Realty**

An additional requirement for bringing a derivative action under Nevada law, is that the member must show that the "managers or members with authority to do so have refused to bring the action or if an effort to cause those managers or members to bring the action is not likely to succeed." Nev. Rev. Stat. Ann. § 86.483 (2006).[7] As discussed above, DTDF has already brought and pursued claims against USA Realty through the Plan itself for the benefit of all its Fund Members, including negotiating for the remainder of the USA Realty assets up to $50 million, after a limited subordination of its claim. As part of this pursuit of its claim, DTDF has further already secured the rights under the Plan to pursue USA Realty Litigation Claims against non-Debtor third parties for the benefit of all DTDF Fund Members. Thus, the McGimsey Claimants cannot show that DTDF "refused to bring the action," because DTDF has in fact already pursued its claim against USA Realty for the benefit of all DTDF Fund Members, including the McGimsey Claimants. To permit the McGimsey Claimants to now pursue the Claims would allow them to receive a preferential and disproportionately large recovery at the expense of the remaining DTDF Fund Members based on claims that belong to DTDF which, under Nevada law, can only be pursued for the benefit of all DTDF Fund Members. By pursuing the Claims, which have already been pursued and compromised by DTDF in the Plan for the benefit of all DTDF Fund Members, the McGimsey Claimants are simply attempting to obtain a greater return that they would normally be entitled to, to the detriment of the remaining DTDF Fund Members. Again, recognizing the unfairness associated with allowing derivative actions in this instance, the Nevada statute does not permit derivative actions by one member of a limited liability company where the company itself has already pursued or is pursuing the claim itself on behalf of all members. Consequently, as the McGimsey Claimants do not and can not meet the requirements for bringing derivative actions against USA Realty, the Claims should be disallowed in their entirety.

---

[7] This requirement is retained under the revised version of section 86.483. Thus, even if the current version of this section applies to the Claims, the McGimsey Claimants still have not met the requirements for bringing a derivative action.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**IV. CONCLUSION**

For the reasons discussed above and in the USA Realty Objection, USA Realty requests that the Court grant this Motion and sustain the USA Realty Objection to the Claims filed by the McGimsey Claimants disallowing the Claims in their entirety. The McGimsey Claimants are attempting to secure for themselves a claim that belongs to DTDF and which has been pursued by DTDF for the benefit of all DTDF Fund Members. Such action is a clear violation of Nevada law. USA Realty also requests that the Court grant such other and further relief as is just and proper.

Respectfully submitted this 2nd day of November, 2007.

/s/Lenard E. Schwartzer
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385