E-Filed on 11/14/07

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile  (702) 949-8321

Susan M. Freeman, AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle Presiding |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | **NOTICE OF FILING PROOFS OF SERVICE OF SUBPOENAS FOR RULE 2004 EXAMINATION** |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |

NOTICE IS GIVEN that the USACM Liquidating Trust herewith files the:

**Proof of Service of Subpoena for Rule 2004 Examination on St. Tropez – Homes for America Holdings, LLC f/k/a Riviera – HFAH, LLC (Exhibit A Attached);**

118179-1

**Proof of Service of Subpoena for Rule 2004 Examination on Mediterranee-HFA, LLC f/k/a HFAH – Monaco, LLC (Exhibit B Attached);**

**Proof of Service of Subpoena for Rule 2004 Examination on HFAH Clear Lake, LLC (Exhibit C Attached);**

**Proof of Service of Subpoena for Rule 2004 Examination on Beau Rivage Homes for America, LLC (Exhibit D Attached); and**

**Proof of Service of Subpoena for Rule 2004 Examination on Vanderpool, Frostick & Nishanian (Exhibit E Attached).**

DATED:   November 14, 2007

**DIAMOND MCCARTHY LLP**                          **LEWIS AND ROCA LLP**

By: ___/s/ Eric D. Madden_____          By: ___/s/ Rob Charles_____
Allan B. Diamond, TX 05801800 (pro hac vice)       Susan M. Freeman, AZ 4199 (pro hac vice)
William T. Reid, IV, TX 00788817 (pro hac vice)    Rob Charles, NV 6593
Eric D. Madden, TX 24013079 (pro hac vice)         3993 Howard Hughes Parkway, Suite 600
909 Fannin, Suite 1500                             Las Vegas, Nevada  89169-5996
Houston, Texas 77010                               (702) 949-8320 (telephone)
(713) 333-5100 (telephone)                         (702) 949-8321 (facsimile)
(713) 333-5199 (facsimile)

*Special Litigation Counsel for*
*USACM Liquidating Trust*                          *Counsel for USACM Liquidating Trust*

118179-1

75

B254 (5/92) Subpoena for Rule 2004 Examination

# United States Bankruptcy Court
## SOUTHERN DISTRICT OF NEW YORK

IN RE

USA COMMERCIAL MORTGAGE COMPANY,
USA CAPITAL REALTY ADVISORS, LLC,
USA CAPITAL DIVERSIFIED TRUST DEED FUND LLC,
USA CAPITAL FIRST TRUST DEED FUND LLC,
USA SECURITIES, LLC,

DEBTORS.

AFFECTS: ALL DEBTORS

**SUBPOENA FOR RULE 2004 EXAMINATION**

CASE NOS.   BK-S-06-10725 LBR
            BK-S-06-10726 LBR
            BK-S-06-10727 LBR
            BK-S-06-10728 LBR
            BK-S-06-10729 LBR

JOINTLY ADMINISTERED UNDER
CASE NO. BK-S-06-10725-LBR
IN THE DISTRICT OF NEVADA

TO:   St. Tropez – Homes for America Holdings, LLC
      f/k/a Riviera – HFAH, LLC
      Attn:  Any Officer or Director
      86 Main Street, 2nd Floor
      Yonkers, New York 10701

**X** YOU ARE COMMANDED to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, regarding the following topics at the place, date and time specified below.  The USACM Liquidating Trust reserves the right to videotape all examinations.

### SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>25 W. 45TH STREET, SUITE 900<br>NEW YORK, NEW YORK  10036 | Fourteen days after date of service (or such other mutually agreeable date and time) |

### SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

| PLACE | DATE |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>25 W. 45TH STREET, SUITE 900<br>NEW YORK, NEW YORK  10036 | September 28, 2007 (or such other mutually agreeable date and time) |
| ISSUING OFFICER SIGNATURE AND TITLE<br>*Michael Yoder*<br>Special Litigation Counsel for the USACM Liquidating Trust | DATE<br>September 6, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

MICHAEL YODER
DIAMOND MCCARTHY, LLP
909 FANNIN, SUITE 1500
HOUSTON, TX 77010
(713) 333-5100

{00365037;}

**EXHIBIT**

A

## PROOF OF SERVICE

| DATE:<br>September 7,2007<br>SERVED: at 11:15am | PLACE: St. Tropez-Homes for America Holdings, LLC<br>86 Main Street, 2nd Fl<br>Yonkers,NY  10701 |
|---|---|
| SERVED ON (PRINT NAME)<br>"Jane Doe", Receptionist<br>*Nancy Benzal,General Corporation Counsel<br>refused to come back out to accept papers | MANNER OF SERVICE<br>Personal Service |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___September 10,2007___
Date

Signature of Server
John Axelrod

_____
Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance.
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.
(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}

75

B254 (5/92) Subpoena for Rule 2004 Examination

# United States Bankruptcy Court
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE | **SUBPOENA FOR RULE 2004 EXAMINATION** |

**USA COMMERCIAL MORTGAGE COMPANY,**
**USA CAPITAL REALTY ADVISORS, LLC,**
**USA CAPITAL DIVERSIFIED TRUST DEED FUND LLC,**
**USA CAPITAL FIRST TRUST DEED FUND LLC,**
**USA SECURITIES, LLC,**

CASE NOS.   BK-S-06-10725 LBR
            BK-S-06-10726 LBR
            BK-S-06-10727 LBR
            BK-S-06-10728 LBR
            BK-S-06-10729 LBR

DEBTORS.

JOINTLY ADMINISTERED UNDER
CASE NO. BK-S-06-10725-LBR
IN THE DISTRICT OF NEVADA

AFFECTS: ALL DEBTORS

**TO:**   Mediterranee-HFA, LLC
        f/k/a HFAH – Monaco, LLC
        Attn: Any Officer or Director
        86 Main Street, 2nd Floor
        Yonkers, New York 10701

**X YOU ARE COMMANDED** to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, regarding the following topics at the place, date and time specified below. The USACM Liquidating Trust reserves the right to videotape all examinations.

### SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>25 W. 45TH STREET, SUITE 900<br>NEW YORK, NEW YORK 10036 | Fourteen days after date of service (or such other mutually agreeable date and time) |

### SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED

**X YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

| PLACE | DATE |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>25 W. 45TH STREET, SUITE 900<br>NEW YORK, NEW YORK 10036 | September 28, 2007 (or such other mutually agreeable date and time) |
| ISSUING OFFICER SIGNATURE AND TITLE<br><br>*[signature]*<br>Special Litigation Counsel for the USACM Liquidating Trust | DATE<br><br>September 6, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

MICHAEL YODER
DIAMOND MCCARTHY, LLP
909 FANNIN, SUITE 1500
HOUSTON, TX 77010
(713) 333-5100

**EXHIBIT**
B

{00365037;}

## PROOF OF SERVICE

| DATE: | PLACE: | |
|---|---|---|
| SERVED: September 7,2007 at 11:15am | | Mediterranee-HFA, LLC f/k/a HFAH-Monaco, LLC 86 Main Street, 2nd Fl Yonkers, NY  10701 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| "Jane Doe",Receptionist *Nancy Benzal,General Corporation Counsel refused to come back out to accept papers | Personal Service |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___September 10,2007_____

Date                                                     Signature of Server

John Axelrod

_____
Address of Server

---

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance.
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.
(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

, 75

B254 (5/92) Subpoena for Rule 2004 Examination

# United States Bankruptcy Court

## SOUTHERN DISTRICT OF NEW YORK

IN RE

**USA COMMERCIAL MORTGAGE COMPANY,**
**USA CAPITAL REALTY ADVISORS, LLC,**
**USA CAPITAL DIVERSIFIED TRUST DEED FUND LLC,**
**USA CAPITAL FIRST TRUST DEED FUND LLC,**
**USA SECURITIES, LLC,**

                              DEBTORS.

AFFECTS:  ALL DEBTORS

**SUBPOENA FOR RULE 2004 EXAMINATION**

CASE NOS.    BK-S-06-10725 LBR
                      BK-S-06-10726 LBR
                      BK-S-06-10727 LBR
                      BK-S-06-10728 LBR
                      BK-S-06-10729 LBR

JOINTLY ADMINISTERED UNDER
CASE NO. BK-S-06-10725-LBR
IN THE DISTRICT OF NEVADA

**TO:**    HFAH Clear Lake, LLC
           Attn:  Any Officer or Director
           86 Main Street, 2nd Floor
           Yonkers, New York 10701

**X** YOU ARE COMMANDED to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, regarding the following topics at the place, date and time specified below.  The USACM Liquidating Trust reserves the right to videotape all examinations.

## SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>25 W. 45TH STREET, SUITE 900<br>NEW YORK, NEW YORK  10036 | Fourteen days after date of service (or such other mutually agreeable date and time) |

## SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

| PLACE | DATE |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>25 W. 45TH STREET, SUITE 900<br>NEW YORK, NEW YORK  10036 | September 28, 2007 (or such other mutually agreeable date and time) |
| ISSUING OFFICER SIGNATURE AND TITLE<br>*Michael Yoder*<br>Special Litigation Counsel for the USACM Liquidating Trust | DATE<br><br>September 6, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

MICHAEL YODER
DIAMOND MCCARTHY, LLP
909 FANNIN, SUITE 1500
HOUSTON, TX 77010
(713) 333-5100

{00365037;}

**EXHIBIT**

exhibit  C

## PROOF OF SERVICE

| DATE: | PLACE: |
|---|---|
| September 7,2007<br>SERVED: at 11:15am | HFAH Clear Lake, LLC<br>86 Main Street, 2nd Floor<br>Yonkers, NY  10701 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| "Jane Doe", Receptionist<br>*Nancy Benzal,General Corporation Counsel | Personal Service |

refused to come back out to accept papers

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___September 10,2007___

Date                              Signature of Server     John Axelrod

_____
Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}

75

B254 (5/92) Subpoena for Rule 2004 Examination

# *United States Bankruptcy Court*

### SOUTHERN DISTRICT OF NEW YORK

IN RE                                              **SUBPOENA FOR RULE 2004 EXAMINATION**

USA COMMERCIAL MORTGAGE COMPANY,                CASE NOS.    BK-S-06-10725 LBR
USA CAPITAL REALTY ADVISORS, LLC,                            BK-S-06-10726 LBR
USA CAPITAL DIVERSIFIED TRUST DEED FUND LLC,                 BK-S-06-10727 LBR
USA CAPITAL FIRST TRUST DEED FUND LLC,                       BK-S-06-10728 LBR
USA SECURITIES, LLC,                                         BK-S-06-10729 LBR

                        DEBTORS.                JOINTLY ADMINISTERED UNDER
                                               CASE NO. BK-S-06-10725-LBR
AFFECTS: ALL DEBTORS                           IN THE DISTRICT OF NEVADA


**TO:**    Beau Rivage Homes for America, LLC
           Attn: Any Officer or Director
           86 Main Street, 2nd Floor
           Yonkers, New York 10701

**X** YOU ARE COMMANDED to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, regarding the following topics at the place, date and time specified below. The USACM Liquidating Trust reserves the right to videotape all examinations.

### SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>25 W. 45TH STREET, SUITE 900<br>NEW YORK, NEW YORK 10036 | Fourteen days after date of service (or such other mutually agreeable date and time) |

### SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

| PLACE | DATE |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>25 W. 45TH STREET, SUITE 900<br>NEW YORK, NEW YORK 10036 | September 28, 2007 (or such other mutually agreeable date and time) |
| ISSUING OFFICER SIGNATURE AND TITLE<br><br>*Michael Yoder*<br>Special Litigation Counsel for the USACM Liquidating Trust | DATE<br><br>September 6, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

MICHAEL YODER
DIAMOND MCCARTHY, LLP
909 FANNIN, SUITE 1500
HOUSTON, TX 77010
(713) 333-5100

{00365037;}



EXHIBIT

D

## PROOF OF SERVICE

| DATE:<br>September 7, 2007<br>SERVED: at 11:15am | PLACE: Beau Rivage Homes for America LLC<br>86 Main Street, 2nd Fl<br>Yonkers, NY 10701 |
|---|---|
| SERVED ON (PRINT NAME)<br>"Jane Doe", Receptionist<br>*Nancy Benzal, General Corporation Counsel<br>refused to come back out to accept papers | MANNER OF SERVICE<br>Personal Service |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___September 10, 2007___

Date

Signature of Server

John Axelrod

Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}

75

B254 (5/92) Subpoena for Rule 2004 Examination

# *United States Bankruptcy Court*
### DISTRICT OF COLUMBIA

IN RE

USA COMMERCIAL MORTGAGE COMPANY,
USA CAPITAL REALTY ADVISORS, LLC,
USA CAPITAL DIVERSIFIED TRUST DEED FUND LLC,
USA CAPITAL FIRST TRUST DEED FUND LLC,
USA SECURITIES, LLC,

DEBTORS.

AFFECTS: ALL DEBTORS

**SUBPOENA FOR RULE 2004 EXAMINATION**

CASE NOS.   BK-S-06-10725 LBR
            BK-S-06-10726 LBR
            BK-S-06-10727 LBR
            BK-S-06-10728 LBR
            BK-S-06-10729 LBR

JOINTLY ADMINISTERED UNDER
CASE NO. BK-S-06-10725-LBR
IN THE DISTRICT OF NEVADA

TO:   Vanderpool, Frostick & Nishanian, P.C.
      Attn: Any Officer or Director
      9200 Church Street, Suite 400
      Manassas, Virginia 20110

☒ YOU ARE COMMANDED to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, regarding the following topics at the place, date and time specified below. The USACM Liquidating Trust reserves the right to videotape all examinations.

### SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>1100 CONNECTICUT AVE. NW, SUITE 850<br>WASHINGTON, DC 20036 | September 28, 2007<br>9:30 A.M. (or such other mutually agreeable date and time) |

### SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

| PLACE | DATE |
|---|---|
| MERRILL LEGAL SOLUTIONS<br>1100 CONNECTICUT AVE. NW, SUITE 850<br>WASHINGTON, DC 20036 | September 7, 2007 (or such other mutually agreeable date and time) |
| ISSUING OFFICER SIGNATURE AND TITLE<br>*Michael Yoder*<br>Special Litigation Counsel for the USACM Liquidating Trust | DATE<br>August 24, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
MICHAEL YODER
DIAMOND MCCARTHY LLP
909 FANNIN, SUITE 1500
HOUSTON, TEXAS 77010
(713) 333-5100

{00365037;}

EXHIBIT
E

## PROOF OF SERVICE

|  | DATE: | PLACE: Vanderpool, Frostick & Nishanian, P.C. |
|---|---|---|
| SERVED: | 9/4/07 @ 2:15 pm | 9200 Church Street, Suite 400 |
|  |  | Manassas, VA 20110 |

SERVED ON (PRINT NAME)

Michael R. Vanderpool

MANNER OF SERVICE

Corporate

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    September 4, 2007

Date                              Signature of Server

Address of Server

MACH 5 Couriers, Inc.
1201 Louisiana, Suite 210
Houston, TX 77002

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}