**LEWIS AND ROCA LLP LAWYERS**

E-Filed on 11/14/07

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

| | |
|---|---|
| HALE LANE PEEK DENNISON AND HOWARD<br>PAULINE NG LEE (NV 6392)<br>SCOTT D. FLEMING (NV 5638)<br>3930 Howard Hughes Parkway, 4th Floor<br>Las Vegas, NV  89169<br>Telephone:  (702) 222-2500<br>Facsimile:  (702) 365-6940<br>Email:   plee@halelane.com<br>            sfleming@halelane.com<br>Attorneys for Los Valles Land & Golf LLC | AKIN GUMP STRAUSS HAUER & FELD, LLP<br>PETER J. MORT (CA 102480)<br>BRUCE JACOBS (CA 194114)<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA  90067-3012<br>Telephone: (310) 229-1000<br>Facsimile: (310) 229-1001<br>Email:   pmort@akingump.com<br>            bjacobs@akingump.com |

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br>                                              Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**STANDARD DISCOVERY PLAN**<br><br>Date of Hearing: November 16, 2007<br>Time of Hearing: 9:30 a.m. |

229411.2

The USACM Liquidating Trust (the "USACM Trust") and Los Valles Land & Golf, LLC ("Los Valles") request that the Court enter a discovery plan and scheduling order in this matter.

**1.    Discovery Plan:**

_____    Request for waiver of requirement to prepare and file a formal discovery plan.

The parties certify that all discovery can be completed informally, without the need of court intervention and in conformance of the Standard Discovery Plan, and that the matter will be ready for trial within 120 days, or

__X__    A discovery plan is needed or useful in this case. Check one:

_____    The parties agree to the standard discovery plan. The first defendant answered or otherwise appeared on January 24, 2007. Discovery shall be completed within _____ days, measured from the date the first defendant answered or otherwise appeared. Discovery will close by _____ .

__X__    The parties jointly propose to the court the attached discovery plan and scheduling order included below under Paragraph 8. (Use Official Form 35 to the Federal Rules of Civil Procedure.)

_____    The parties cannot agree on a discovery plan and scheduling order. The attached sets forth the parties' disagreements and reasons for each party's position. (Use Official Form 35 of the Federal Rules of Civil Procedure.) Complete parts 2 - 6.

**2.    Nature of The Case:**

Los Valles has asserted a claim in excess of $2 million against USA Commercial Mortgage Company ("USACM"). USACM arranged for a $11,700,000 loan to Los Valles to finance a residential development located in Los Angeles County, California. The loan terms, including fees to be paid to USACM by Los Valles, are documented in a March 3,

229411.2

2004 Loan Agreement. USACM and Los Valles further documented their agreement in a March 3, 2004 Fee Agreement.

On March 17, 2004, USACM funded the loan with funds provided by Direct Lenders. Los Valles secured the loan with a deed of trust executed in favor of the Direct Lenders. Pursuant to the Fee Agreement, Los Valles paid USACM a $500,000 loan fee when the loan funded. The Loan Agreement further provides for Los Valles to pay an "Exit Fee" as a "deferred loan fee." The Loan Agreement provides that the Exit Fee is equal to 1.5% of the gross sales price of each lot sold and that the Exit Fee becomes payable at the time that each lot sale closes.

Under the Loan Agreement, the Los Valles loan matured 18 months after USACM funded the loan (September 17, 2005). The Loan Agreement and the Fee Agreement provided that Los Valles could request an extension of time in which to repay the loan, and if USACM granted that extension it would be entitled to a further fee of 1% of the existing balance of the loan for each 3 month extension. Los Valles sought and received two six-month extensions on October 3, 2005 and March 17, 2006. Los Valles agreed to pay a $234,000 Extension Fee for each six month extension. Los Valles never paid the Extension Fees, however.

Post-petition, but pre-confirmation, on October 6, 2006, the parties entered into a Letter Agreement. Under the Letter Agreement, USACM released the deed of trust and Los Valles paid the principal and interest due on the loan. Los Valles was not required to pay the unpaid Extension Fees or the Exit Fee due under the Loan Agreement. Los Valles agreed instead to pay a Deferred Extension Fee of $586.045.83 no later than December 31, 2007 and an additional amount upon the sale of each lot equal to approximately 1% of the sale price for each lot.

On November 9, 2006, Los Valles filed Proof of Claim No. 10725-01366, asserting an unsecured nonpriority claim for "no less than $2,000,000." The Los Valles Proof of

3

229411.2

Claim is based upon five separate legal theories: (1) unlawful collection of a real estate broker's fee pursuant to California Business and Professions Code § 10130; (2) willful failure to timely deliver a payoff demand statement under California Civil Code § 2943 and Nevada Revised Statutes § 107 210; (3) intentional misrepresentation; (4) violation of California consumer protection statutes; and (4) a claim for attorneys' fees.

The USACM Trust filed an Objection [DE 3076] to the Los Valles claim on March 13, 2007 and an Amended Objection [DE 4820] on September 20, 2007. The Amended Objection disputes each theory asserted in the Los Valles Claim on factual and/or legal grounds and disputes the Los Valles claimed damages. The Amended Objection also asserts several affirmative defenses.

On October 15, 2007, Los Valles filed a response [DE 5017] to USACM's Amended Objection.

**3.    Jury Trials:**

A demand for a jury trial has not been made.

**4.    Additional Pleadings:**

Are there any counterclaims, cross claims or amendments to the pleadings expected to be filed?

The USACM Trust will soon file an Amended Objection that will assert an affirmative demand for relief against Los Valles. More specifically, Los Valles will seek a declaratory judgment to establish that Los Valles is obligated to make the payments due under the October 6, 2006 Letter Agreement. Because the relief sought by USACM will be of the kind specified in Bankruptcy Rule 7001(1) and (9), this matter will become an adversary proceeding pursuant to Bankruptcy Rule 3007. Los Valles does not oppose the amendment and will not object to the matter being decided by this Court.

229411.2

5.  **Settlement Conference: Check one:**

_____    A settlement conference is requested.

X    Settlement cannot be evaluated prior to additional discovery. The parties may later request a settlement conference.

6.  **Trial:**

The parties believe that this case will be ready for a bench trial by March 17, 2008, and that the trial will last three days.

7.  **All parties consent to this court entering final judgment.**

8.  **JOINT REPORT OF PARTIES' PLANNING MEETING**

A.  **Pursuant to Fed. R. Civ. P. 26(f), a Telephonic Meeting Was Held on November 13, 2007 and Was Attended by:**

Bruce Jacobs of Akin Gump Strauss Hauer & Feld, LLP for the claimant, Los Valles Land & Golf, LLC plaintiff

John Hinderaker of Lewis and Roca, LLP for the debtor, the USACM Liquidating Trust.

B.  **Pre-discovery Disclosures.**

The parties will exchange by **November 26, 2007** the information required by Fed. R. Civ. P. 26(a)(1).

C.  **Discovery Plan.**

The parties jointly propose to the Court the following discovery plan:

Discovery will be needed on the following subjects: The factual basis for each of Los Valles' five claims against USACM; the factual basis for Los Valles' alleged damages; the facts and negotiations between USACM and Los Valles related to the October 6, 2006 Letter Agreement; and the factual basis for any claim that the USACM Trust may bring against Los Valles.

All discovery commenced in time to be completed by March 14, 2008.

5

229411.2

Maximum of 25 interrogatories by each party to any other party. Responses due 20 days after service.

Maximum of 50 requests for admission by each party to any other party. Responses due 20 days after service.

Responses to requests for production of documents, electronically stored information and things will be due 20 days after service.

Maximum of 5 depositions by Los Valles and 5 by the USACM Trust.

Each deposition limited to maximum of 4 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

from Los Valles by December 14, 2007.

from the USACM Trust by February 1, 2008.

Supplementations under Rule 26(e) due February 14, 2008.

The parties agree that the disclosure or discovery of electronically stored information should be handled as follows:

Disclosure and discovery of electronically stored information: The parties are to preserve all electronically stored information that is relevant to this lawsuit or reasonably likely to be subject to discovery. If and when a party requests electronically stored information, the parties shall confer regarding the manner in which the producing party will disclose such information to the requesting party. If, after conferring, the parties cannot agree on the manner in which to disclose such information, the requesting party shall file a discovery motion.

### D.    Other Items.

The parties request a pretrial conference in March 2008.

The parties should be allowed until December 15, 2008 to join additional parties and to amend the pleadings.

229411.2

All potentially dispositive motions should be filed by February 29, 2008.

Settlement cannot be evaluated prior to December 1, 2007.

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from Los Valles by February 22, 2008.

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from USACM by February 29, 2008.

Parties should have 7 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

The case should be ready for a bench trial by March 17, 2008 and at this time trial is expected to take approximately 3 days.

Dated: November 14, 2007

| AKIN GUMP STRAUSS HAUER & FELD, LLP | LEWIS AND ROCA LLP |
|---|---|
| By /s/ Bruce Jacobs<br>  Peter J. Mort (CA 102480)<br>  Bruce Jacobs (CA 194114)<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA  90067-3012<br><br>and<br><br>**HALE LANE PEEK DENNISON AND HOWARD**<br>Pauline Ng Lee (NV 6392)<br>Scott D. Fleming (NV 5638)<br>3930 Howard Hughes Parkway, 4th Floor<br>Las Vegas, Nevada  89169<br>Telephone:  (702) 222-2500<br>*Attorneys for Los Valles Land & Golf LLC* | By: /s/ Rob Charles (006593)<br>  Susan M. Freeman<br>  Rob Charles<br>  John Hinderaker<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169-0961<br>Facsimile (702) 949-8321<br>Telephone (702) 949-8320<br>*Counsel For USACM Liquidating Trust* |

7

229411.2