WILLIAM L. McGIMSEY
A Professional Corp.
Nevada Bar No. 546
516 So. Sixth Street, Suite 300
Las Vegas, NV 89101
(702) 382-9948

E-FILED - 11/19/07

Attorney for Margaret B. McGimsey Trust, Bruce McGimsey, Jerry McGimsey, Sharon McGimsey and Johnny Clark

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:

USA COMMERCIAL MORTGAGE COMPANY,

Debtor.

USA CAPITAL REALTY ADVISORS, LLC,

Debtor.

USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,

Debtor.

USA CAPITAL FIRST TRUST DEED FUND, LLC,

Debtor.

USA SECURITIES, LLC,

Debtor.

Affects:
☐ All Debtors
☐ USA Commercial Mortgage Company
☐ USA Securities, LLC
☐ USA Capital Realty Advisors, LLC
■ USA Capital Diversified Trust Deed Fund, LLC
☐ USA First Trust Deed Fund, LLC

Case No. BK-S-06-10725 LBR
Case No: BK-S-06-10726 LBR
Case No. BK-S-06-10727 LBR
Case No. BK-S-06-10728 LBR
Case No. BK-S-06-10729 LBR

Chapter 11

RESPONSE AND OBJECTION TO MOTION TO ESTABLISH <u>DISPUTED CLAIM RESERVE</u>

Date: 12/05/07
Time: 9:30 a.m.

COME NOW Creditors Margaret B. McGimsey Trust, Bruce McGimsey, Sharon McGimsey, Jerry McGimsey and Johnny Clark (collectively referred to as "McGimsey"), by and through their

attorney, William L. McGimsey, Esq., and file the within Response and Objection to Motion to Establish Disputed Claim Reserve.

As the Motion indicates, the claimants are Diversified Members who have filed creditor claims in the amount of $592,825.45. Those creditor claims have not been objected to and no objection to those claims is as of yet pending. An attempt to object to the claims was made on the basis that such claims should be subordinated under U.S.C. §510(b). This Court had a hearing in that proceeding and disallowed the McGimsey claims. On appeal, the Bankruptcy Appellate Panel decided nothing more than that there had been no basis to disallow the claims and if the claims were to be subordinated an adversary proceeding would be required.

The Movants here still do not object to the claims nor do they say that the claims are not appropriate. They instead simply assert that the claims will ultimately be subordinated. In support of that proposition, it has attached to its Motion a Memorandum opinion from the Bankruptcy Appellate Panel, not to be published, which goes into some discussion about why that particular Appellate Panel felt that ultimately the McGimsey claims would in fact be subordinated. The matter was never raised, briefed nor argued. The question of whether or not subordination is appropriate is before this Court in an adversary proceeding which has not even yet begun the discovery process.

It is interesting to note that in that very opinion at page 12 thereof in footnote 7, the Bankruptcy Appellate Panel noted as follows:

> It is true that the Committee argued that Appellants' claims should be disallowed as they are derivative claims that belong to Diversified and not to equity holders individually. Similarly, the Committee argued that Appellants could not have a claim based on breach of contract as a matter of law. However, as the bankruptcy court did not rule on these arguments and instead based its entire ruling on the argument that the proofs of claim and the proofs of interest are duplicative, we decline to address them.

This position is entirely correct and one which McGimsey claimants agree. That is positions which were not raised below, argued nor decided are not an appropriate subject for a decision by the Appellate Court.

Notwithstanding this, the Bankruptcy Appellate Panel took it upon itself to opine, in what McGimsey claimants say is nothing more than an advisory opinion, on the issue of subordination

pursuant to §510(b) which again had never been raised below, argued below nor argued before the Bankruptcy Appellate Panel.

The result is that the McGimsey claims have not been objected to and have not been disallowed. There is no basis whatsoever for determining that the claims' value is less than the claimed amount. Even if the claims were to be subordinated, they would still be claims in the amounts claimed.

Nevertheless, for the purpose of the distribution of $3,000,000.00 to the Diversified Members, the McGimsey claimants will consent to have said $3,000,000.00 distributed without any reserve for the McGimsey claims, but only at this time for the purpose of this distribution.

Respectfully submitted,

s// William L. McGimsey
WILLIAM L. McGIMSEY, ESQ.
601 East Charleston Blvd.
Las Vegas, NV 89104
Attorney for the McGimseys and Johnny Clark

3