Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com
Attorneys for Debtors

E-FILED ON NOVEMBER 21, 2007

*(left margin)* SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **USA SECURITIES, LLC'S MOTION TO CLOSE CASE AND REQUEST FOR FINAL DECREE**<br>(Affects USA Securities, LLC) |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☒ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | **Date:   December 20, 2007**<br>**Time:   9:30 a.m.** |

USA Securities, LLC ("USA Securities"), by and through its counsel and pursuant to 11 U.S.C. § 350(a) and Fed. R. Bankr. P. 3022, hereby files its Motion to Close Case and Request for Final Decree ("Motion").  This Motion is submitted together with "USA Securities, LLC's Final Report of Action Taken and Progress Toward Consummation of Confirmed Plan of Reorganization" ("Final Report") and the Declaration of Susan Smith in Support of Motion to Close ("Smith Declaration"), both filed contemporaneously herewith and incorporated herein by reference, pursuant to 11 U.S.C. § 350(a), Federal Rule of Bankruptcy Procedure 3022, Local Rule 3022, Article VIII, Section U of the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan"), and Paragraph 75 of the "Order Confirming the Debtors' 'Third Amended Joint Chapter 11 Plan of Reorganization,' as Modified Herein" (the "Confirmation Order") (Docket No. 2376).  In support hereof USA Securities states as follows.

## I.    JURISDICTION

1.        The Court has jurisdiction to consider this Motion and to enter a Final Decree in this case pursuant to 11 U.S.C. § 350(a), 28 U.S.C. §§ 157(b)(2)(A) and 1334, Art. VIII, Section D.24 of the confirmed Plan, and Paragraphs 23 and 79 of the Confirmation Order.

## II.    BACKGROUND

2.        On April 13, 2006, USA Securities filed in this Court a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  USA Commercial Mortgage Company ("USACM"), USA Capital Diversified Trust Deed Fund, LLC, USA Capital Realty Advisors, LLC, and USA Capital First Trust Deed Fund, (collectively, with USA Securities, the "Debtors") also filed voluntary petitions seeking relief under chapter 11 of the Bankruptcy Code on the same day.  All of the Debtors' bankruptcy cases have been jointly administered (Docket No. 184).

3.        On January 8, 2007, the Court entered the Confirmation Order, confirming the Debtors' Plan.   Among other things, the Confirmation Order approved the sale of the assets of FTDF and certain assets of USACM to Compass Partners, LLC ("Compass" and the "Compass Sale"), which is memorialized in an Asset Purchase Agreement dated December 8, 2006 between FTDF and USACM, as sellers, the remaining Debtors, as acknowledging parties, and Compass, as

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

purchaser.

4.      On or prior to January 18, 2007, the following three appeals from the Confirmation Order were filed, which were ultimately assigned to the United States District Court for the District of Nevada (the "District Court"): (a) an appeal by USA Investment Partners, LLC, designated as District Court No. 07-00138 (the "IP Appeal"); (b) an appeal by Debt Acquisition Company of America V, LLC, designated as District Court No. 07-00160 (the "DACA Appeal"); and (c) an appeal by the so-called "Lenders Protection Group" and the Jones Vargas Direct Lenders, designated as District Court No. 07-00072 (the "LPG Appeal") (collectively, the "Appeals").

a.   Pursuant to USA Securities' motion to dismiss, the District Court has entered an Order dismissing the IP Appeal with prejudice, and that Order is now final. *See* IP Appeal, Docket No. 28.

b.   Pursuant to a stipulation that was approved by an Order entered by the District Court on July 12, 2007, USA Securities has been dismissed from the DACA Appeal.  *See* DACA Appeal, Docket No. 77.

c.   Pursuant to a stipulation that was approved by an Order entered by the District Court on July 11, 2007, USA Securities has been dismissed from the LPG Appeal.  *See* LPG Appeal, Docket No. 98.[1]

5.      On February 16, 2007, the Compass Sale closed.

6.      The Plan became effective on March 12, 2007 (the "Effective Date").   On the Effective Date, distributions pursuant to the Plan commenced.

7.      On July 7, 2007, Compass filed a "conditional" complaint against, in relevant part, USA Securities and the other Debtors, designated as Adversary Proceeding No. 07-01105 (the "Compass Proceeding"), seeking to revoke the Confirmation Order.  On October 26, 2007, Compass filed a Notice of Dismissal voluntarily dismissing USA Securities from the Compass Proceeding.  *See* Compass Proceeding, Docket No. 16.

---

[1] After the dismissal of USA Securities from the DACA Appeal and LPG Appeal, the District Court issued its joint opinion affirming the Confirmation Order.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

8.      On November 21, 2007, USA Securities filed its Final Report with the Court.   The Final Report is incorporated herein by reference.

### III.    APPLICABLE AUTHORITY

9.      Section 350(a) of the Bankruptcy Code, states in relevant part, as follows: "After an estate has been fully administered . . . the court shall close the case."  11 U.S.C. § 350(a).

10.     Federal Rule of Bankruptcy Procedure 3022, which implements Section 350(a) and specifically applies to chapter 11 cases, provides: "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.

11.     Local Rule 3022, which like Bankruptcy Rule 3022, specifically applies to chapter 11 cases, provides: "Unless otherwise provided in the plan or by court order, or unless there are pending contested matters or adversary proceedings, a [Chapter 11] case is deemed fully administered 180 days after plan confirmation, and the clerk may then enter a final decree without further notice."

12.     The confirmed Plan and the Confirmation Order state that once the USA Securities Estate "has been fully administered, as referred to in Bankruptcy Rule 3022," USA Securities "shall File a final report and account of all receipts and disbursements. . . ."  *See* Plan at Art. VIII, Section U; Confirmation Order at ¶ 75.  In conjunction with the Final Report, USA Securities must also "request that the Court enter a Final Decree" in its case.  *Id.*

### IV.    DISCUSSION

As set forth in greater detail in the Final Report, the USA Securities Estate has been "fully administered" and, therefore, pursuant to the applicable authority set forth above, it is respectfully requested that the Court grant this Motion closing USA Securities' case and entering a Final Decree therein.

The Bankruptcy Code does not define the term "fully administered."  However, the Advisory Committee Note on the 1991 amendments to Bankruptcy Rule 3022 explains that there are a number of factors that a court may consider in determining when an estate has been fully administered, including:

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

(1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022 (Advisory Committee Note—1991 Amendment), *quoted in In re Ground Sys., Inc.*, 213 B.R. 1016, 1019 (9th Cir. BAP 1997).  While, as recognized in the Advisory Committee Note,[2] the terms of a plan and confirmation order serve as the largest determining factor in considering whether entry of a Final Decree in a chapter 11 case is appropriate, *see Ground Sys.*, 213 at 1019, the Committee's suggested factors serve as useful guide in determining whether an estate has been fully administered.   Thus, in chapter 11 cases such as the present where the plan and confirmation order simply state that a final decree is appropriate when the case has been "fully administered," courts typically look at the factors set forth in the Advisory Committee Note and any other factors particular to the case at hand.

The USA Securities Estate has been fully administered because all of the factors set forth in the Advisory Committee Note have been satisfied  In particular, applying the Advisory Committee Note factors:

- <u>Final Order</u>.  The Confirmation Order is final with respect to USA Securities.  Specifically, and as discussed above, the IP Appeal has been dismissed with prejudice by a Final Order, and USA Securities was voluntarily dismissed from both the DACA Appeal and LPG Appeal.

- <u>Distribution of "Deposits"</u>.  No "deposits" were required under the Plan.

- <u>Property Transferred</u>.  This factor is not applicable to USA Securities as there are no transfers of property with respect to USA Securities required under the Plan.

- <u>Assumption of Business or Management</u>.  This factor is not applicable to USA Securities as it was dormant and had ceased business operations prior to Petition

---

[2] Specifically, the Advisory Committee Note states: "If the plan or confirmation order provides that he case shall remain open until a certain date or event because of the likelihood that the court's jurisdiction may be required for specific purposes prior thereto, the case should remain open until that date or event."  Advisory Committee Note (1991 Amendments), *quoted in Ground Sys.,* 213 B.R. at 1019 (holding that plan and confirmation order terms govern closing of case).

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Date.  On November 20, 2007, USA Securities was formally dissolved under the laws of the State of Nevada.  *See* Final Report at Section V.

- Payments Under the Plan.  Payments under the Plan have commenced, and all payments will be made in accordance with the Plan within ten days of the entry of an Order granting this Motion.

- Resolution of Litigation.  All motions, contested matters, and adversary proceedings involving USA Securities, including all claims objections, have been finally resolved.  *See* Final Report at Sections I-III.

In addition, outside of the Committee Note factors, the USA Securities Estate has been fully administered because the Plan has been substantially consummated and implemented.  *See generally,* Final Report.

Accordingly, based on the foregoing the USA Securities case has been "fully administered" within the meaning of Section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, Local Rule 3022, the Plan, and the Confirmation Order.  USA Securities therefore respectfully submits that this Motion should be granted, its case should be closed, and the Court should enter a Final Decree in USA Securities' case.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

## V.    CONCLUSION

For the reasons stated herein and in the incorporated Final Report, USA Securities respectfully requests that the Court grant this Motion and enter a Final Decree in its case, designated as Case No. 06-10729.  USA Securities also requests that the Court grant such other and further relief as is just and proper.

Respectfully submitted this 21st day of November, 2007.


  /s/   Lenard E. Schwartzer, Esq.
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146

and

Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

955866

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122