Marc A. Levinson (California Bar No. 57613)
Jeffery D. Hermann (California Bar No. 90445)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: (916) 447-9200
Facsimile: (916) 329-4900
Email: malevinson@orrick.com;
       jhermann@orrick.com

Robert Kinas (Nevada Bar No. 6019)
Claire Y. Dossier (Nevada Bar No. 10030)
SNELL & WILMER LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: rkinas@swlaw.com
       cdossier@swlaw.com

Attorneys for USA Capital
Diversified Trust Deed Fund, LLC

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **STATUS CONFERENCE STATEMENT REGARDING OBJECTION TO PROOF OF CLAIM OF SALVATORE J. REALE** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Hearing:<br><br>Date: December 5, 2007<br>Time: 9:30 a.m.<br>Place: Courtroom 1, Foley Federal Building |

USA Capital Diversified Trust Deed Fund, LLC ("Diversified") hereby submits this Status Conference Statement Regarding Diversified's Objection (the "Objection" [Docket 5249]) to the Proof of Claim of Salvatore J. Reale ("Reale") filed on September 17, 2007, in the amount of $4,869,310.57 (the "Proof of Claim"). Contemporaneously with the filing of the Objection,

160472.1

1  Diversified filed its Motion to Establish Disputed Claim Reserve (the "Reserve Motion" [Docket
2  5250]).
3        In both the Objection and the Reserve Motion, Diversified argued that that the Proof of
4  Claim should be disallowed because (i) it is untimely; and (ii) there is no discernable theory or set
5  of facts justifying any claim against Diversified set forth within the Proof of Claim.
6        On November 20, 2007, Reale filed his Opposition to the Reserve Motion (the "Reserve
7  Motion Opposition" [Docket 5386]) and one week later, on November 27, 2007, Reale filed his
8  Response to Diversified's Objection (the "Claim Objection Response" [Docket 5408]).  On
9  November 28, 2007, Diversified filed its Reply to the Reale Reserve Motion Opposition (the
10 "Reply" [Docket 5412]).
11       In both the Reserve Motion Opposition and the Claim Objection Response, Reale seeks
12 to justify the late filing of his Proof of Claim by explaining that:
13
14 • On the Bar Date of November 13, 2006, despite the fact that he had not yet
15 received payment of the M/H Note[1], Reale considered himself to be fully paid for his sale of the
16 Shadrock Loan, and therefore had no claim against Diversified;
17 • in late December 2006, after he had been paid approximately $10 million
18 on the M/H Note from the proceeds of the sale of the Royal Hotel, 2006, Reale still had no claim
19 against Diversified; *but*
20 • after settlement of the HMA adversary proceeding wherein Reale agreed to
21 disgorge about $4.5 million of the Royal Hotel proceeds (obviously still retaining $5.5 million of
22 that money), for the first time ever Reale had a claim against Diversified on account of the sale of
23 the Shadrock Loan four years prior.
24       Diversified submits that this explanation makes no sense whatsoever.
25       With respect to Diversified's observation that the Proof of Claim is devoid of any legal
26 theory of liability against Diversified, and is similarly devoid of any factual basis for Reale to

---

[1] Capitalized terms not defined herein have the same meaning set forth in the Objection, the Reserve Motion or the Reply.

160472.1
-2-

have any dispute or dissatisfaction with Diversified, Reale responded in the Reserve Motion Opposition that he has a claim against Diversified because he never received payment on account of his 2003 sale of the Shadrock Loan to Diversified[2]. The Reply deals with the many problems with this erroneous contention. However, in the Claim Objection Response, filed a week after Reale filed the Reserve Motion Opposition, Reale belatedly introduces a new theory as to why he has a claim against Diversified, namely a claim that Messrs. Milanowski and Hantges somehow misled him into selling the Shadrock Loan, thus causing him to suffer damages. As demonstrated below, this latest theory is unsupported by the evidence provided in the Affidavit of Salvatore J. Reale attached to the Claim Objection Response (the "Reale Affidavit"). Because this new theory was not included within Reale's pleading responsive to the Reserve Motion and because the theory is unsupported by any factual showing, Reale should be precluded from arguing this theory in opposing the Reserve Motion and the Court should not consider this theory when ruling upon the Reserve Motion.

## I.    DISCOVERY AND TRIAL

Since Reale has responded to the Objection, the Objection should now proceed as a contested matter. In the event that the Court does not summarily disallow the Reale Proof of Claim on the grounds suggested by Diversified, because Reale has now introduced disputed facts, discovery and trial will be necessary.

Diversified thus anticipates that it will need to depose Reale, Messrs Milanowski and Hantges, and any percipient witnesses disclosed by those depositions. Diversified also will request that Reale produce all relevant documents. It therefore suggests that the Court should schedule a further status conference in approximately 60 days.

## II.   THE COURT SHOULD NOT CONSIDER THE REALE CLAIM OBJECTION RESPONSE AS AN ADDITIONAL BRIEF ON THE RESERVE MOTION

As discussed above, Reale provided a single basis for his Proof of Claim when responding to the Reserve Motion, namely that he had failed to receive payment for his sale of the Shadrock

---

[2] As observed in the Reply, logic dictates that if Reale failed to receive a payment he was entitled to receive in 2003, his claim would arise in 2003 and not in 2007.

160472.1

- 3 -

Loan.[3] Diversified provided the Court with its thinking on this assertion in the Reply. However, Diversified did not have an opportunity in the Reply to address Reale's newly-realized alternative basis to justify his claim – that he was somehow misled by Milanowski and Hantges into selling the Shadrock Loan – and Reale should not be allowed by the Court to argue his new theory in connection with the Reserve Motion for that reason alone. In other words, the Court should not allow Reale to sandbag Diversified and its 1,300+ investors on the Reserve Motion.

In addition, the Court should not consider many of the statements and arguments contained in the Claim Objection Response for any purpose whatsoever, on the grounds, demonstrated below, that the Claim Objection Response is seriously misleading as to the actual factual showing made by Reale. The Claim Objection Response does this by:

- embellishing upon relatively benign statements that are actually made in the Reale Affidavit,
- intentionally mischaracterizing the factual showing actually made in the Reale Affidavit, and
- including statements of alleged fact not even addressed in the Reale Affidavit.

### III. REALE ATTEMPTS TO MISLEAD THE COURT

The factual showing for the Claim Objection Response is set forth in the Reale Affidavit wherein Reale explains that he was the owner of Shadrock, LLC in 1999, that Shadrock, LLC was the sole lender on the Shadrock Loan[4], and that he was "informed by Milanowski and Hantges that my Shadrock loan was not performing and that the Borrower had stopped making payments." (Reale Affidavit, para. 3). Long after he had sold the Shadrock Loan, Reale learned that the loan had been repaid in full and he was upset, in part "because I had been misled by Milanowski and Hantges with respect to the viability of this loan." (Reale Affidavit, para. 8).

Reale does not state that the information provided to him (i.e., that the Shadrock loan was not performing) was incorrect. Nor does he specify what information was incorrect or how he

---

[3] Other than the documents attached to the Proof of Claim, documents that demonstrate that Reale was in fact paid, Reale provided the Court with no evidentiary support for this contention.

[4] Reale fails to inform the Court as to why the Proof of Claim was not filed on behalf of Shadrock, LLC, the actual owner of the Shadrock Loan, and why it is instead filed by Reale personally.

160472.1

- 4 -

was "misled" by Milanowski or Hantges. In fact, the statement by Reale that he was "misled" is a self-serving conclusion of Reale for which he provides no foundational facts whatsoever[5], and that stands in total contradiction to the recitals and agreements contained in the contemporaneous agreements executed by Reale.[6]

However benign, Reale's self-serving conclusion that he was "misled" by Messrs. Milanowski and Hantges is completely mischaracterized in the Claim Objection Response by statements such as the following:

- "As Reale later learned, he was *severely* misled by Milanowski and Hantges as to the viability of the Shadrock Loan." Emphasis added. (Claim Objection Response, p. 3, ll. 15-16).

- "Milanowski and Hantges . . . informed Reale . . . that the prospects for collecting on his loan did not look good". (Claim Objection Response, p. 3, ll. 17-19).

- "Based upon the representations of Milanowski and Hantges regarding the uncollectibility of the Shadrock Loan . . . Reale agreed to transfer the Shadrock Loan to DTDF . . " (Claim Objection Response, p. 3, ll. 22-25).

- "Reale learned that he had been *severely* misled *and defrauded* by Milanowski, Hantges, ***DTDF, USACM and USAIP*** with respect to the Shadrock Loan." Emphasis added. (Claim Objection Response, p. 4, ll. 26-27).

- "Reale learned . . . that he had been *severely* misled *and defrauded* by Milanowski, Hantges, ***DTDF, USACM and USAIP*** . . . " Emphasis added. (Claim Objection Response, p. 5, ll. 10-11).

---

[5] Diversified is confident that if this matter proceeds to trial, it will be abundantly clear to the Court that Reale was not misled by anybody in the slightest as to any aspect of his decision to sell the Shadrock Loan, but instead, that Reale made an informed business decision to sell a troubled loan, became upset with his decision when he later learned that the loan had been repaid in full, and then proceeded to blame others for the fact that he would have been better off holding the troubled loan after all.

[6] In paragraph I on page 4 of the Agreement For Purchase of Loan, Reale acknowledged that he understood that a potential purchaser for the real property collateral for the Shadrock Loan existed and that the Shadrock Loan may thereby be paid in full, and in paragraph K on page 4 thereof, Reale acknowledged that he had independently verified for himself all relevant facts bearing upon his decision to sell the Shadrock Loan and acknowledged that "[Diversified] has repeatedly inquired of his desire to make this Agreement in light of the aforementioned potential sale of the Shadowrock property to a third party".

160472.1

- 5 -

- "Upon learning this information, Reale immediately confronted Milanowski and Hantges, who admitted that they had taken advantage of him." (Claim Objection Response, p. 5, ll. 16-17).

These statements range from minor embellishments of what Reale actually says in the Reale Affidavit to what can charitably be described as deliberate attempts to mislead the Court with inaccurate information wholly unsupported by the evidence presented to the Court.

However, the Claim Objection Response does not draw the line at mere mischaracterization of evidence provided by Reale. In addition to containing mostly inaccurate and untrue information, the following statements are not even addressed in the Reale Affidavit or any other evidence before the Court:

- The M/H Note was increased by the amount of $2.05 million "to extend liability for the Shadrock Obligations to Milanowski and Hantges, until it was paid in full."[7] (Claim Objection Response, p. 4, ll. 8-9).

- "However, the reality is that Reale signed numerous documents that Milanowski and Hantges represented as the loan transfer documents, among which was an instruction to have DTDF pay the $2,050,000.00 in purchase proceeds directly to USAIP instead of Reale. In other words, DTDF, USACM, USAIP, Milanowski and Hantges were all part of a fraudulent scheme in which they induced Reale to give up a valuable loan for a fraction of its true value, and then kept the inadequate consideration they were to pay Reale. In relying upon these fraudulent representations, Reale simply executed the documents he was given and then waited for a payment he thought he was going to receive." (Claim Objection Response, p. 4, ll. 17-24). (Claim Objection Response, p. , ll. 17-24).

- "Reale learned that DTDF, by fraudulently exercising Reale's rights as "lender" under the Shadrock Loan, received payment on the Shadrock Loan . . ." (Claim Objection Response, p. 5, ll. 1-2).

---

[7] The implication being that the transaction documents provided that Diversified continued to be liable for payment of the same $2.05 million, when, of course, the transaction documents provided just the opposite.

160472.1

- 6 -

- "Based upon the information provided by the Borrower (Mark Bragg), at the time that Reale transferred the Shadrock Loan to DTDF, Milanowski, Hantges, USACM and DTDF were all aware that there was a buyer who was willing to purchase the property securing the Shadrock Loan, for an amount sufficient to repay all accrued interest and late charges. Milanowski, Hantges, USACM (the loan servicer) and DTDF (the transferee of the Shadrock Loan) concealed this information from Reale so that they could profit at his expense." (Claim Objection Response, p. 5, ll. 21-26).

- "Furthermore, it is important to note that Reale was initially not even aware that a claim existed for the interest portion of the Shadrock Loan because he did not know about DTDF's role in the fraud perpetrated by Milanowski, Hantges, USACM, USAIP and DTDF until undertaking discovery in the DTDF Adversary Case discussed above, and in the related USACM Adversary Case."[8] (Claim Objection Response, p. 12, ll. 4-8).

In addition to being unsupported by any evidence now proffered by Reale, in the event that this matter proceeds to trial, Diversified is confident that it will demonstrate to the satisfaction of the Court that almost all of the information set forth in the assertions above is false and inaccurate. However, Because none of this was even hinted at in the Reserve Motion Opposition, and because the assertions are not in the slightest supported by the Reale Affidavit, the Court should not allow such assertions to be argued in opposition to the Reserve Motion and should not consider such assertions when ruling upon the Reserve Motion.

///
///
///
///
///
///

---

[8] How could Reale realize for the first time that he had not been paid for the Shadrock Loan during discovery in early 2007? How could Reale have learned for the first time that the Shadrock Loan had been paid in full during discovery in early 2007 when he attaches to his Proof of Claim the affidavit that he obtained from Mark Bragg to that effect dated September 16, 2006 – almost two months prior to the Bar Date?

160472.1

- 7 -

## IV. CONCLUSION

For the reasons set forth herein, Diversified requests that the Court set a further status conference in the matter of the Objection to the Reale Proof of Claim in approximately 60 days, and requests that the Court ensure that neither Reale's new-found basis for his claim nor the embellishments and mischaracterizations of the same are argued or considered in connection with the Reserve Motion.

Dated this 3rd day of December, 2007.

SNELL & WILMER LLP

By: /s/ Claire Y. Dossier
Robert Kinas (Nevada Bar No. 6019)
Claire Y. Dossier (Nevada Bar No. 10030)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200

Marc A. Levinson (California Bar No. 57613)
Jeffery D. Hermann (California Bar No. 904445)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capital Mall, Suite 3000
Sacramento, CA 95814-4497

Attorneys for USA Capital Diversified Trust Deed Fund, LLC

160472.1

- 8 -