KEHOE & ASSOCIATES
TY E. KEHOE, ESQ.
Nevada Bar No. 006011
871 Coronado Center Drive, Suite 200
Henderson, Nevada 89052
Telephone: (702) 837-1908
Facsimile: (702) 837-1932
Email: TyKehoeLaw@aol.com
Attorney for Dr. Lucius Blanchard

E Filed 12-4-07

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

USA COMMERCIAL MORTGAGE COMPANY,

Debtor.

Case No. BK-S-06-10725-LBR
Chapter 11

Date: December 20, 2007
Time: 9:30 a.m.

## OPPOSITION TO USACM LIQUIDATING TRUST'S MOTION FOR SUMMARY JUDGMENT TO CLASSIFY CLAIM BY PECOS PROFESSIONAL PARK LIMITED PARTNERSHIP IN PLAN CLASS A-7

Dr. Lucius Blanchard ("Blanchard"), by and through his counsel Ty E. Kehoe, Esq., hereby submits his Opposition to USACM Liquidating Trust's Motion for Summary Judgment to Classify Claim by Pecos Professional Park Limited Partnership in Plan Class A-7 ("Motion").

This Opposition is based upon the Points and Authorities attached hereto, the papers and pleadings on file in this action, and any oral argument to be presented at the time of the hearing on the Motion.

Dated this 4th day of December, 2007.

KEHOE & ASSOCIATES

*[signature]*

Ty E. Kehoe, Esq.
Nevada Bar No. 006011
871 Coronado Center Drive, Suite 200
Henderson, NV 89052

# POINTS AND AUTHORITIES

## Facts

The Motion has to do with a proof of claim filed by Pecos Professional Park, Limited Partnership, a Nevada limited partnership ("Pecos") related to rejection damages for USACM's rejection of a valid and legitimate commercial real property lease agreement between USACM and Pecos. Dr. Lucius Blanchard is not an affiliate or insider of USACM, but is a 49% limited partner of Pecos and the President of Nevada Skin & Cancer, Lucius Blanchard, M.D., Chtd., a Nevada corporation which is a 1% general partner of Pecos. According to a portion of a motion filed by the Trustee for the Thomas Hantges Bankrupcy, Case No. 07-13163-LBR, a copy of which is attached hereto as **Exhibit A**, Institutional Equity Partners, LLC is a 49% limited partner of Pecos, and USA Development Inc., is a 1% general partner of Pecos.

## The Plan Does Not Call for Subordination of the Pecos Proof of Claim

The analysis for determining whether Pecos should be subordinated under the confirmed plan ("Plan") is quite convoluted. Counsel for Pecos has spent literally hours trying to walk through dozens of steps to understand the Liquidating Trustee's thought process. In addition, Counsel for Pecos has attempted to understand the Liquidating Trustee's analysis by communicating via several emails with counsel for the Liquidating Trustee. So many possible computations exist that Pecos has finally conceded its ability to understand what computation the Liquidating Trustee is using to determine that Pecos' Proof of Claim should be subordinated. Thus, Pecos requests that the Liquidating Trustee clarify its specific analysis for determining that the Pecos' Proof of Claim should be subordinated.

In its analysis thus far, Pecos has determined the following:

Pecos is clearly not an IP party.

KEHOE & ASSOCIATES
871 Coronado Center Drive, Suite 200
Henderson, Nevada 89052
(702) 837-1908

Pecos does not appear to be an affiliate of the Debtor under 11 U.S.C. 101(2) because under 11 U.S.C. 101(2)(A) Pecos does not control USACM; 11 U.S.C. 101(2)(B) is not applicable because Pecos is not a corporation as defined in Section 101(9) which specifically excludes limited partnerships, and 11 U.S.C. 101(2)(C) & (D) do not seem to be remotely applicable. Thus, it does not appear that Pecos is an affiliate of the Debtors or the IP Parties.

Pecos does not appear to be an insider of any one of the defined Debtors, or of Hantges as an IP Party. The applicable debtor, USACM, is a corporation under 11 U.S.C. 101(31)(B), and Pecos is not a director of USACM, officer of USACM, person in control of USACM, partnership in which USACM is a general partner, general partner of USACM or a relative of USACM.

As for Hantges as an individual under 11 U.S.C. 101(31)(A), Pecos is not a relative of Hantges, Hantges is not a general partner of Pecos, Pecos is not a general partner of Hantges, and Pecos, as shown above, is not a corporation (as defined in 11 U.S.C. 101(9)).

The Liquidating Trustee has argued that Hantges indirectly controls Pecos through USA Development, Inc. the managing general partner of Pecos, and thus Hantges is effectively the general partner of Pecos. However, as shown above, nothing in the Code permits indirect control for purposes of Insider determination.[1] Pecos is controlled by USA Development, Inc. a separate legal entity. Hantges does not control Pecos.

Thus, again, Pecos respectfully requests that the Liquidating Trustee file a supplemental pleading explaining the exact sections of the Plan and/or the Code upon which it is relying to

---

[1] Indirect control is relevant under 11 U.S.C. 101(2) defining affiliate; however, as shown above Pecos does not appear to be an affiliate of USACM. It thus appears that the Liquidating Trustee is crossing Section 101(2) with 101(31).

determine that Pecos' Proof of Claim should be subordinated, as well as the Liquidating Trustee's step by step analysis of those Plan and/or Code sections.

**The Debtor is Estopped from Seeking Subordination of Pecos' Proof of Claim because of its Actions during the Plan Confirmation Process**

Original counsel for Pecos filed an objection during the Plan confirmation process. That process and the argument related thereto is more fully laid out in prior counsel's Opposition to the Liquidating Trustee's objection to Pecos' Proof of Claim, which opposition was filed herein on April 19, 2007 as Docket # 3494. A true and correct copy of that brief is attached hereto as **Exhibit B**, and incorporated herein by reference. In brief summary, during the Plan confirmation and in response to Pecos' objection to the Plan, the Debtor stated as follows:

> The Pecos Objection seeks clarification that the cure payments that are scheduled to be paid to the Pecos entities (which are the landlords of the two adjacent buildings in which the Debtors conduct business) will not be subordinated under the Plan. The Plan does not intend to do so, and again, clarifying language may be provided in the Confirmation Order. Additionally, if the Haspinov, LLC., and Pecos Professional Park Limited Partnership leases for real property are assumed, the cure payments will not be subordinated under the provisions of the Debtor's Plan.

The Debtor's Plan did not specifically articulate its intent to subordinate the claims of Pecos relating to the unexpired lease. Indeed, the Debtor's plan of reorganization indicated that the Debtor intended to assume the unexpired lease and to pay the Cure Payment on the Effective Date. Pecos sought clarification as it related to the Debtor's intent to subordinate its claim and received assurances that subordination was not contemplated. As a result, Pecos withdrew the objection to the Debtor's Proposed Third Amended Plan of Reorganization. USACM subsequently determined to reject the lease, which gave rise to a claim of rejection damages. Thus, the Liquidating Trustee should not now be permitted to interpret the Plan as subordinating Pecos' Proof of Claim.

KEHOE & ASSOCIATES
871 Coronado Center Drive, Suite 200
Henderson, Nevada 89052
(702) 837-1908

**Subordination of the Claim of Pecos is Procedurally Improper**

Pursuant to the principals of equitable subordination, the court may, after notice and a hearing, subordinate all or part of an allowed claim to all or part of another allowed claim. See 11 U.S.C. § 510(c). 11 U.S.C. § 510(c) does not define the principals of equitable subordination. However, generally, for courts to subordinate a claim or an interest, the holder of the subordinated claims must have engaged in inequitable conduct which resulted in injury to creditors or conferred an unfair advantage on the claimant. See Pepper v. Litton, 308 U.S. 295, 60 S. Ct. 238, 84 L. Ed. 281 (1939).

Courts have articulated three prerequisites for equitable subordination: (1) the claimant must have engaged in some type of inequitable conduct; (2) the conduct must have resulted in injury to the creditors of the debtor or conferred unfair advantage on the claimant; and (3) equitable subordination of the claim must not be inconsistent with the provisions of the code. See In re Lazar, 83 F.3d. 306 (9th Cir. 1996).

Importantly, any action to subordinate under § 510(c) must be brought as an adversary proceeding. See In re Vermont Toy Work, Inc., 135 B.R. 762 (Dist. Vt. 1991); In re A. Barletta & Sons, Inc., 185 B.R. 976 (Bankr. M.D. Pa. 1995); In re Danbury Square Associates Limited Partnership, 153 B.R. 657 (Bankr. S.D.N.Y. 1993). See also Federal Bankruptcy Procedure 7001(8). The adversary proceeding requirement, therefore, requires the plaintiff to plead and prove the equitable basis for subordination. In addition, the Ninth Circuit has acknowledge that "[i]f an issue must be raised through an adversary proceeding, it is not part of the confirmation process and, unless it is actually litigated, confirmation will have no preclusive effect." In re Enwally, 368 F.3d 1165, 1173 (9th Cir. 2004). In other words, although confirmed plans are *res judicata* to issues therein, the confirmed plan has no preclusive effect on issues that must be

KEHOE & ASSOCIATES
871 Coronado Center Drive, Suite 200
Henderson, Nevada 89052
(702) 837-1908

brought by adversary proceeding. Id.; See also In re Ransom, 336 B.R. 790 (B.A.P. 9th Cir. 2005).

In the instant case, the USACM's proposed plan of reorganization did not articulate any of the three prerequisites for equitable subordination of the claim of Pecos. Thus, even assuming, *arguendo*, that equitable subordination may be accomplished through a plan of reorganization, the plan of reorganization will have no preclusive effect as the procedural due process requirements were not satisfied and the issues were not actually litigated.

## CONCLUSION

For the foregoing reasons, Pecos respectfully requests that this court deny the Motion for Summary Judgment, or alternatively require the Liquidating Trustee to more clearly define its steps and analysis for arguing that Pecos Proof of Claim should be subordinated.

DATED this 4th day of December, 2007.

KEHOE & ASSOCIATES

_____
Ty E. Kehoe, Esq.
871 Coronado Center Drive, Suite 200
Henderson, Nevada 89052

KEHOE & ASSOCIATES
871 Coronado Center Drive, Suite 200
Henderson, Nevada 89052
(702) 837-1908

**EXHIBIT A**

1  Robbin L. Itkin, Esq., CA Bar # 117105        E-Filed: July 31, 2007
   *(Admitted Pro Hac Vice)*
2  Francis J. Burke, Jr., AZ Bar # 010570,
3  CA Bar # 75970 *(Admitted Pro Hac Vice)*
   **STEPTOE & JOHNSON LLP**
4  2121 Avenue of the Stars
   Suite 2800
5  Los Angeles CA 90067
6  Phone: (310) 734-3200
   Fax:    (310) 734-3300
7  Email: ritkin@steptoe.com
   Email: fburke@steptoe.com
8
9  Brian D. Shapiro, Esq., NV Bar # 5772
   Law Office of Brian D. Shapiro, LLC
10 624 S. 9th Street
   Las Vegas, NV 89101
11 Phone: (702) 385-5266
12 Fax:    (702) 382-2967
   Email: bshapiro@brianshapirolaw.com
13
14 *Attorneys for MICHAEL W. CARMEL,*
   *Ch. 11 Trustee for the Estate of Thomas A. Hantges*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| In re: | Case No.: 07-13163-LBR |
|---|---|
| THOMAS A. HANTGES, | Chapter 11 |
| Debtor. | DATE: August 23, 2007 |
|  | TIME: 9:30 a.m. |

**TRUSTEE'S MOTION FOR ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE (A) AUTHORIZING THE SALE OF THE REAL PROPERTY LOCATED AT 4484 SOUTH PECOS ROAD, LAS VEGAS, NEVADA AND CERTAIN PERSONAL PROPERTY SPECIFIED IN EXHIBIT "7" TO THE CARMEL DECLARATION; (B) APPROVING CERTAIN BIDDING PROCEDURES TO OBTAIN THE HIGHEST CASH BID; (C) REQUIRING SALE PROCEEDS TO BE MAINTAINED IN ESCROW OR OTHER SEGREGATED ACCOUNT PENDING DETERMINATION OF OWNERSHIP; (D) ATTACHING LIENS AND INTERESTS TO THE SALE PROCEEDS; AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

8.   During the first weekly telephonic conference between the Creditor Representatives on June 25, 2007, the Trustee first learned from one of the Creditor Representatives about a proposed sale of a vacant office building entered into by the Debtor after the involuntary petition had been filed and after the appointment of a trustee in this Bankruptcy Case. Neither the Debtor nor his counsel, with whom the Trustee had met on June 21, 2007, had advised the Trustee about this proposed sale transaction. *See* Carmel Declaration ¶ 7.

**B.   Pecos Professional Park Limited Partnership**

9.   The Pecos Property, which includes the vacant office building located at 4484 S. Pecos Road, Las Vegas, Nevada, APN No. 161-19-216-002 and the personal property, including, without limitation, furniture, fixtures, and equipment located in the office building that is set forth on Exhibit "7" attached to the Carmel Declaration, is owned by Pecos Professional Park Limited Partnership, a Nevada limited partnership ("Pecos"). *See* Carmel Declaration ¶ 17. Based on the Limited Partnership Agreement dated October 21, 1992 (the "LPA"), a true and correct copy of which is attached as Exhibit "1" to the Carmel Declaration, Pecos' primary asset is the Pecos Property and Pecos' business is to manage the Pecos Property, including, but not limited to, leasing and/or selling the Property or portions thereof (the "Business"). *See* Carmel Declaration ¶ 8; LPA, Art. I, Section 1.3. The two General Partners of Pecos are: USA Development, Inc., a Nevada corporation ("USA Development"), by and through its President, the Debtor; and Nevada Skin & Cancer, Lucius Blanchard, M.D., Chartered, a Nevada corporation ("NSCLB"), by and through its President, Lucius Blanchard, M.D. ("Dr. Blanchard"). USA Development and NSCLB have power of attorney to act for and in place of the Limited Partners (as defined in the LPA). *See* LPA, Article I, Section 1.2.3.

10.   Subject to only a few exceptions delineated in the LPA, USA Development manages and controls the Business and all decisions of USA Development are binding on all of the Pecos partners. *See* LPA Article IV, Section 4.1. USA Development is authorized under the LPA to enter into all contracts and other agreements, including brokerage agreements. *See* LPA Article IV, Section 4.1.1.

    11.    In addition to the two General Partners, USA Development and NSCLB, each of which, according to the LPA, own 1% of Pecos, there are two Limited Partners: (1) Institutional Equity Partners, LLC ("IEP"), owning 49%; and (2) Dr. Blanchard, as an individual, owning 49%. *See* LPA, Exhibit "B" and Assignments of Partnership Interest dated February 12, 1998 and April 30, 1999, respectively, all of which are attached as Exhibits "1" through "3" to the Carmel Declaration. The Debtor has direct ownership interests in USA Development and IEP, both of which, according to a review of financial information in the Hantges Related Cases appear to be mere investment vehicles and have no operations or liabilities other than nominal fees due the tax preparers. Accordingly, the Debtor's estate has a direct interest in the sale proceeds. *See* Carmel Declaration ¶ 9.

    12.    Information gathered to date shows that USA Development was owned in its entirety by Thomas and Jamie Linn Hantges as Trustees of the Hantges Family Revocable Living Trust UAD 12/31/91 before the Hantges' divorce in 2003. The divorce decree indicates that USA Development was awarded to the Debtor as his sole and separate property. In other words, the Debtor is the sole individual who stands to benefit from any assets of USA Development, the General Partner of Pecos, and thereby holds a direct, equitable interest in the proceeds of any sale of property held by Pecos. Available information reflects that as of June 2004, IEP was owned by the Thomas A. Hantges Separate Property Trust UAD 12-24-97 (33.33%), the Jamie Linn Hantges Separate Property Trust UAS 6-12-97 (33.33%), and Joseph D. Milanowski ("Mr. Milanowski") and/or the Milanowski Family Trust (33.33%). Further, the Nevada Secretary of State identifies USAIP, another debtor before this Court, as the manager of IEP, although USAIP does not appear to have any direct or indirect ownership interests in IEP. *See* Carmel Declaration ¶ 10

    C.    **Marketing of the Pecos Property**

    13.    Efforts to market the Pecos Property are set forth in detail in the White Declaration filed concurrently herewith. Mr. White is a Senior Investment Associate with Marcus & Millichap Real Estate Investment Services of Nevada ("M&M"), who was actively involved in the marketing of the Pecos Property. M&M was retained by Pecos as the exclusive

DOC. # CC-163599 V.4

**EXHIBIT B**

SYLVESTER & POLEDNAK, LTD                                E-FILED April 19, 2007
JEFFREY R. SYLVESTER, ESQ.
Nevada Bar No. 4396
7371 Prairie Falcon, Suite 120
Las Vegas, Nevada 89128
(702) 952-5200
*Attorneys for Pecos Professional Park Limited Partnership*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE<br>COMPANY (fka USA CAPITAL)<br>Debtor. | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC.<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC.<br>Debtor. | **OPPOSITION TO USACM<br>LIQUIDATING TRUST'S MOTION TO<br>CLASSIFY CLAIMS FILED BY PECOS<br>PROFESSIONAL PARK LIMITED |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND,<br>LLC.<br>Debtor. | PARTNERSHIP IN PLAN CLASS A-7,<br>AND RESERVATION OF<br>COUNTERCLAIMS AND<br>OBJECTIONS** |
| In re:<br>USA SECURITIES, LLC.<br>Debtor. | Hearing Date: April 26, 2007<br>Hearing Time: 9:30 a.m. |
| Affects:<br>☐ All Debtors<br>■ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified<br>    Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |

Pecos Professional Park Limited Partnership ("Pecos"), by and through its attorney,

Jeffrey R. Sylvester, Esq. of the law firm of Sylvester & Polednak, Ltd., hereby submits its

Opposition USACM Liquidating Trust's Motion to Classify Claims Filed by Pecos Professional

Park Limited Partnership in Plan Class A -7, and Reservation of Counterclaims and Objections [**Document No. 3081**].

This Opposition is made and based upon the attached Points and Authorities, the papers and pleadings on file herein, and any oral argument that the Court may entertain at the time of any hearing on this motion.

DATED this 19th day of April, 2007.

SYLVESTER & POLEDNAK, LTD.

By  /s/ Jeffrey R. Sylvester
Jeffrey R. Sylvester, Esq.
7371 Prairie Falcon Road, Suite 120
Las Vegas, Nevada 89128

## POINTS AND AUTHORITIES

### I.

### FACTUAL BACKGROUND

**The Pecos Professional Lease.**

1. Pecos Professional Park Limited Partnership, is a Nevada limited partnership comprised of USA Development, Inc., a Nevada corporation, and Nevada Skin and Cancer, Lucius Blanchard, M.D. Chartered, a Nevada corporation.

2. USA Commercial Mortgage Company ("USACM") was a lessee under an "Office Lease" with Pecos as the landlord (the "Pecos Lease").

3. Pursuant to the terms and conditions of the Pecos Lease, the USACM leased that real property located at 4484 South Pecos Road, Las Vegas, Nevada, 89121 (the "Pecos Premises").

4. Pursuant to an "Amendment to Office Lease," the parties agreed to extend the term of the Pecos Lease to October 31, 2010.

5. As the Debtor had not made a decision whether to assume or reject the Pecos Lease due

to the status of the bankruptcy case, "cause" under 11 U.S.C. § 365(d)(4) existed to extend the time for the Debtor to assume or reject the Pecos Lease. As a result, the Debtor and Pecos stipulated and agreed that the Debtor had until November 11, 2006, to assume or reject the Pecos Lease.

6. On November 3, 2006, Pecos and the Debtor agreed to extend the time to assume or reject the Pecos Lease until the latter or either sixty (60) days after entry of an order confirming the Debtor's Plan of Reorganization or March 30, 2007.

**The Debtor's Proposed Plan of Reorganization.**

7. The Pecos Lease was, as of the Plan confirmation date, an unexpired lease.

8. Article V, Section A, of the Debtor's Proposed Plan provides, in relevant part as follows:

> In the schedule of Executory Contracts and Unexpired Leases Filed and served in accordance with Section D of Art. 1 of the Plan, the Debtor shall set forth the executory contracts and unexpired leases that are to be assumed or assumed and assigned effective upon the effective date, and shall specify the Cure Payment, if any, that the Debtors believe must be tendered on the Effective Date, in order to provide compensation in accordance with Section 365(b)(1)(A) and (B) of the Bankruptcy Code.

9. On November 29, 2006, the USACM filed a Notice of Schedule of Executory Contracts and Unexpired Leases in connection with Debtor's Third Amended Joint Chapter 11 Plan of Reorganization. A true and correct copy of the Notice of Schedule of Executory Contracts is annexed hereto and marked as Exhibit A.

10. Pursuant to the Notice of Schedule of Executory Contracts, USACM stated that it intended to assume that the Pecos Lease and provided for a cure payment of One Hundred and Sixty-six Thousand, Seven Hundred and Eighty-eight Dollars and Forty-two Cents ($166,788.42) (the "Cure Payment").

11. Pecos did not object to the assumption of the unexpired leases, nor did it dispute the Cure Payment.

**Class A-7: Subordinated Claims.**

12. The Debtor's Third Amended Joint Chapter 11 Plan of Reorganization attempted to subordinate the claims of non-debtor insiders. The plan provided, in relevant part, as follows:

> I. *Classification*: Class A-7 consists of all Subordinated Claims against USACM.
>
> II. *Treatment*: Payment to holders of Allowed Subordinated Claims shall be subordinated to the payment in full, plus interest, of all Allowed Penalty Claims. It is anticipated that holders of Allowed subordinated claims shall receive no distribution under the plan. In the unlikely event that cash exists after all Allowed Penalty Claims are paid in full, plus interest, the plan shall be deemed to be amended to provide that such cash be distributed Pro Rata to the holder of Allowed Subordinated Claims, plus interest. Class A-7 is impaired and the holders of Class A-7 claims are deemed to reject the plan.

13. The plan defined subordinated claims as "any and all claims of non-debtor insiders against USACM."

14. The plan defined insider as follows:

> "Insider" has the meaning ascribed to this term in § (31) of the Bankruptcy Code. For purposes of this definition, the term "Affiliate" in §101(31)(e) has the meaning ascribed to that term in the plan and to the extent not included in the definition of "Affiliate" under the plan, shall include any and all persons whose business is owned or controlled by the Debtors or any insiders of the Debtors (as defined herein), or in which the Debtors or insiders of the Debtors (as defined herein) have any ownership, participation, profit sharing or any other kind of interest whatsoever.

15. Under the Debtor's broad definition of insider, Pecos could have been deemed an insider and, therefore, a subordinated claim receiving Class A-7 treatment.

**Pecos Objected to the Debtors' Proposed Plan of Reorganization.**

16. On December 11, 2006, Pecos filed a limited objection seeking a clarification of the Debtor's Plan of Reorganization with respect to its intent to subordinate the claims of Pecos.

17. In response, the Debtor stated as follows:

> The Pecos Objection seeks clarification that the cure payments that are scheduled to be paid to the Pecos entities (which are the landlords of the two adjacent buildings in which the Debtors conduct business) will not subordinated under the Plan. The Plan does not intend to do so, and again, clarifying the language may be provided in Confirmation Order. Additionally, if the Haspinov, LLC., and Pecos Professional Park Limited Partnership leases for real property are assumed, the cure payments will not be subordinated under the provisions of the Debtor's Plan.

See Reply Brief Supporting Confirmation of Debtor's Third Amended Joint Plan of Reorganization at p. 54, ll. 8-13.

18. Ultimately, the Debtor rejected the lease, giving rise to the claim for rejection damages.

## II.

## LEGAL ARGUMENT

**A.     Subordination of the Claim of Pecos is Inappropriate.**

The Debtor's Plan did not specifically articulate its intent to subordinate the claims of Pecos relating to the unexpired lease. Indeed, the Debtor's plan of reorganization indicated that the Debtor intended to assume the unexpired lease and to pay the Cure Payment on the Effective Date. As noted above, Pecos sought clarification as it related to the Debtor's intent to subordinate its claim and received assurances that subordination was not contemplated. As a result, Pecos withdrew the objection to the Debtor's Proposed Third Amended Plan of Reorganization. USACM subsequently determined to reject the lease, which gave rise to a claim of rejection damages. USACM now seeks to classify the claim of Pecos as Class A-7 claim subordinated to all other claims.

Pursuant to the principals of equitable subordination, the Court may, after notice and a hearing, subordinate all or part of an allowed claim to all or part of another allowed claim. See 11 U.S.C. § 510(c). 11 U.S.C. § 510(c) does not define the principals of equitable subordination. However, generally, for courts to subordinate a claim or an interest, the holder of the subordinated claims must have engaged in inequitable conduct which resulted in injury to creditors or conferred an unfair advantage on the claimant. See Pepper v. Litton 308 U.S. 295, 60 S. Ct. 238, 84 L. Ed. 281

(1939).

Courts have articulated three prerequisites for equitable subordination: (1) the claimant must have engaged in some type of inequitable conduct; (2) the conduct must have resulted in injury to the creditors of the debtor or conferred unfair advantage on the claimant; and (3) equitable subordination of the claim must not be inconsistent with the provisions of the code. See In re Lazar 83 F.3d. 306 (9th Cir. 1996).

Importantly, any action to subordinate under § 510(c) must be brought as an adversary proceeding. See In re Vermont Toy Work, Inc. 135 B.R. 762 (Dist. Vt. 1991); In re A. Barletta & Sons, Inc., 185 B.R. 976 (Bankr. M.D. Pa. 1995); In re Danbury Square Associates Limited Partnership 153 B.R. 657 (Bankr. S.D.N.Y. 1993). See also Federal Bankruptcy Procedure 7001(8). The adversary proceeding requirement, therefore, requires the plaintiff to plead and prove the equitable bases for subordination. In addition, the Ninth Circuit has acknowledge that "[i]f an issue must be raised through an adversary proceeding, it is not part of the confirmation process and, unless it is actually litigated, confirmation will have no preclusive effect." In re Enwally, 368 F.3d 1165, 1173 (9th Cir. 2004). In other words, although confirmed plans are *res judicata* to issues therein, the confirmed plan has no preclusive effect on issues that must be brought by adversary proceeding. Id.; See also In re Ransom, 336 B.R. 790 (B.A.P. 9th Cir. 2005).

In the instant case, the USACM's proposed plan of reorganization did not articulate any of the three prerequisites for equitable subordination of the claim of Pecos. Thus, even assuming, *arguendo*, that equitable subordination may be accomplished through a plan of reorganization, the plan of reorganization will have no preclusive effect as the procedural due process requirements were not satisfied and the issues were not actually litigated.

## III.

## CONCLUSION

WHEREFORE, in light of the foregoing, Pecos Professional Park Limited Partnership respectfully requests that this Court enter and order denying USACM Liquidating Trust's Motion in its entirety and to award such other an relief as my be just and proper.

DATED this 19th day of April, 2007.

                                              SYLVESTER & POLEDNAK, LTD.

                                              By: */s/ Jeffrey R. Sylvester*
                                                    Jeffrey R. Sylvester, Esq.
                                                    7371 Prairie Falcon, Suite 120
                                                    Las Vegas, Nevada 89128