**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 12/10/07

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>**USA Commercial Mortgage Company**<br>        06-10725 – Lead Case<br><br>**USA Capital Realty Advisors, LLC**<br>        06-10726<br><br>**USA Capital Diversified Trust Deed Fund, LLC**<br>        06-10727<br><br>**USA Capital First Trust Deed Fund, LLC**<br>        06-10728<br><br>**USA Securities, LLC**<br>        06-10729<br>                            **Debtors.** | Jointly Administered<br><br>Chapter 11 Cases<br><br>Judge Linda B. Riegle Presiding<br><br>**Affecting:**<br>☐ All Cases<br>**or Only:**<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC |

**Declaration of Edward M. Burr in Support of Motion to Further Extend Deadline to Object to Allowance of Claims**

I, Edward M. Burr, hereby declare under penalty of perjury that:

1.    I am a principal with Sierra Consulting Group, LLC ("Sierra").

2.    I submit this declaration on behalf of the Motion to Further Extend Deadline to Object to Allowance of Claims (the "Motion") [DE 5461] filed by the USACM Liquidating Trust (the "USACM Trust"), as successor to USA Commercial Mortgage Company ("USACM").

3.    Sierra previously served as financial adviser to the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company ("Committee").

231093.1

LEWIS
AND
ROCA
LLP
L A W Y E R S

4. I assisted the Committee in analyzing facts concerning these jointly administered bankruptcy cases, including scheduled liabilities and proofs of claim. The Committee ceased to exist on March 12, 2007, the Effective Date of the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization ("Plan"), and I am now assisting the USACM Liquidating Trust ("USACM Trust") created under the Plan.

5. I make the following declaration based upon my personal knowledge, and upon the records of the Debtors and the USACM Trust described in this declaration.

6. I understand that under the Plan as modified by the Confirmation Order, the deadline for interested parties to object to Allowance of Claims and Equity Interests was 90 days after the Effective Date, or June 10, 2007. That deadline was further extended to October 9, 2007 by a June 29, 2007 order [DE 4097] after a hearing held on June 22, 2007. The deadline was further extended to October 15, 2007 by a bridge order that was approved at a hearing held on August 23, 2007 [DE 4625]. On October 11, 2007, the Court entered an order [DE 4971] extending the deadline to February 12, 2008.

7. At the time of the filing of the original Motion to Extend Deadline to file Objection to Proofs of Claim, approximately 2,465 proofs of claim had been filed claiming: $2,812,293.40 as administrative; $286,969,330.16 as secured; $4,479,076.12 as priority; and $453,310,042.10 as unsecured. Since that Motion was filed approximately 120 more claims were filed and claims were amended. This compares to approximately 2,419 newly scheduled claims comprised of, in the aggregate, $169,742 in newly scheduled priority and $40,439,356 in unsecured claims.

8. Sierra has been working with BMC Group, Inc., the Court-authorized Claims Agent for the Debtors, to prepare an accurate database for claims analysis and reconciliation as well as for disbursement purposes once the allowed amounts are known. It now compares the scheduled and proof of claim amounts.

/////

LEWIS
AND
ROCA
LLP
LAWYERS

9. As of this date, the USACM Trust has filed:

- 35 omnibus objections to approximately 1,690 claims filed as secured that asserted claims of over $310,000,000;
- 3 omnibus objections to approximately 110 claims asserting priority status;
- Objections to commission claims asserting priority status;
- Objections to 3 claims asserting administrative expense that aggregate over $95,000;
- 39 individual objection to claims filed as secured in the aggregate amount of approximately $8,000,000;
- 8 individual objections to claims filed as priority in the aggregate amount of over $640,000.00;
- 14 objections to claims filed in the USACM case which are not appropriately claims against USACM, although they may be claims against or interests in one or more of the jointly administered Debtors;
- Motions to Reclassify Claims of Insiders in Plan Class A-7 were filed against 3 claimants and other objections were filed to several large claims on the ground that Debtor has no liability;
- 30 objections to claims filed in wrong debtor cases;
- Withdrawals of over 25 proofs of claim; and
- Objections to Priority and Amended Proofs of claim.

10. A Motion for Summary Judgment Regarding (1) Responses to the USACM Trust's First Through Thirty-Third Omnibus Objection to Claims Asserting a Secured Status; (2); Responses to USACM Trust's First through Third Omnibus Objections to Claims Asserting a Priority Status; and (3) Newly Alleged Secured and Priority Claim [DE 4391] was filed on July 30, 2007. The motion sought to reclassify approximately 110 claims in the aggregate amount of over $17,500,000 as general unsecured claims. The

231093.1

LEWIS AND ROCA LLP LAWYERS

motion came on for hearing on October 15, 2007. Orders sustaining the objections and granting the motion for summary judgment on approximately 95 claims were entered. Stipulations have been reached with seven other claimants. Hearings have been scheduled on the remaining claimants.

11. Twelve Omnibus Objections to Proofs of Claim for Lack of Documentation were filed on November 19, 2007. The motions request that the Court deny about 140 claims totaling about $12,000,000 because they were filed without evidence supporting their claim's validity and the claims do not appear to be supported by USACM's books and records. The hearing date on these objections is December 20, 2007.

12. On November 20, 2007, two Omnibus Objections to Proof of Claims Based, in Whole or in Part, Upon Investment in the Opaque/Mt. Edge $7,350,000 Loan were filed requesting that the Court disallow about 15 Proofs of Claim filed by individual investors to the extent such claims are based upon an investment in the Opaque/Mt. Edge $7,350,000 loan. The omnibus hearing date is December 20, 2007.

13. Further, as the USACM Trust has received information from claimants, it has entered into stipulations for the allowance and disallowance of priority and secured claims. Conversely, some claimants have stipulated to either withdraw their claims or have them reclassified as unsecured claims upon discussion with the USACM Trust's counsel.

14. The remaining claims filed and scheduled are complex and require in depth investigation. The February 13, 2008 deadline does not allow sufficient time for the Trustee to review, investigate, analyze and resolve disputes on the claims.

15. There are large baskets of unsecured claims at issue. Some are large, discrete claims of borrowers and others asserting commercial litigation types of claims. The vast majority are claims of direct lenders asserting losses arising out of direct loans. The latter cannot be analyzed except on a loan by loan basis, preferably after the loans have been collected, a process that will take a number of months.

231093.1

16. Sorting thousands of claims on a loan by loan basis is difficult. For example, many dozens of claimants filed proofs of claim that either lack documentation or sufficient information for the USACM Trust to determine if these are direct lenders claims, and if so, what loan or loans are issue. Rather than file many dozens of objections based on a lack of documentation, the USACM Trust corresponded directly with almost 400 claimants to try to find out the basis for the claim(s) asserted. The Trust has received approximately 150 responses.

17. When all of the direct lender claims are sorted on a loan by loan basis, the USACM Trust will then work through the paid loans to see if there is a valid basis for a claim, and if so, in what amount. The USACM Trust is trying not to file an objection to any claim on a particular direct loan until it is prepared to meet and confer with all of the claimants on that loan under the alternative dispute resolution mechanism provided by the Plan.

I make this declaration under penalty of perjury of the laws of the United States of America on December 10, 2007.

By /s/ Edward M. Burr
Edward M. Burr