# EXHIBIT B

## Transcript of November 6, 2007 Proceedings

[see attached]

1

```
                    UNITED STATES BANKRUPTCY COURT

                         DISTRICT OF NEVADA

                         LAS VEGAS, NEVADA

In re:  USA COMMERCIAL MORTGAGE    )    E-Filed:  11/28/07
COMPANY,                           )
                                   )
        Debtor.                    )    Case No.
                                   )    BK-S-06-10725-LBR
                                   )    Chapter 11
_____)
BINFORD MEDICAL DEVELOPERS, LLC,   )
                                   )
        Plaintiff,                 )
                                   )
   vs.                             )    Adversary No.
                                   )    06-01212-LBR
FIDELITY NATIONAL TITLE GROUP,     )
                                   )
        Defendant.                 )
_____)
```

TRANSCRIPT OF PROCEEDINGS
OF
(06-01212) SETTLEMENT CONFERENCE
RE: AMENDED COMPLAINT, NO. 86
VOLUME 1
BEFORE THE HONORABLE MIKE K. NAKAGAWA
UNITED STATES BANKRUPTCY JUDGE

Tuesday, November 6, 2007

1:30 p.m.

Court Recorder:         Helen C. Smith

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

2

```
 1  APPEARANCES:

 2  For Binford Medical        SUSAN WILLIAMS SCANN, ESQ.
    Developers, LLC:           Deaner, Deaner, Scann, Malan & Larsen
 3                             720 South Fourth Street
                               Suite 300
 4                             Las Vegas, Nevada 89101

 5                             JOHN W. GRAUB, II, ESQ.
                               Hostetler & Kowalik, P.C.
 6                             101 West Ohio Street
                               Suite 2100
 7                             Indianapolis, Indiana 46204

 8  For Compass Financial      GEORGANNE W. BRADLEY, ESQ.
    Partners, LLC:             Bullivant Houser Bailey, P.C.
 9                             3883 Howard Hughes Parkway
                               Suite 550
10                             Las Vegas, Nevada 89169

11                             ROBERT J. MOORE, ESQ.
                               Milbank, Tweed, Hadley & McCloy, LLP
12                             601 South Figueroa Street
                               Thirtieth Floor
13                             Los Angeles, California 90017

14  Also Present:              KENNETH E. SCHMIDT
                               Representative
15                             Binford Medical Developers, LLC

16                             BORIS PISKUN
                               Manager
17                             Compass Financial Partners, LLC

18

19

20

21

22

23

24

25
```

3

| | |
|---|---|
| 1 | (Court convened at 08:16:29 a.m.) |
| 2 | THE COURT: We are here on the matter of Binford |
| 3 | Medical Developers, LLC, versus Fidelity National Title Group. |
| 4 | The adversary proceeding number is 06-01212. |
| 5 | May I have appearances of counsel. |
| 6 | MS. SCANN: Susan Williams Scann on behalf of |
| 7 | Binford Medical -- |
| 8 | THE COURT: All right. |
| 9 | MS. SCANN: -- LLC, and I'd like to introduce to the |
| 10 | Court Mr. John Graub. I don't believe he is admitted. He's |
| 11 | admitted in Indiana. |
| 12 | THE COURT: All right. Mr. Graub, for purposes of |
| 13 | this proceeding, you're admitted pro hac vice. |
| 14 | MR. GRAUB: Thank you, your Honor. |
| 15 | THE COURT: All right. You're welcome. |
| 16 | And your client is present as well? |
| 17 | MS. SCANN: Yes. Mr. Ken Schmidt is present -- |
| 18 | THE COURT: All right. |
| 19 | MS. SCANN: -- from Binford. |
| 20 | THE COURT: Thank you, Mr. Schmidt. |
| 21 | Other counsel. |
| 22 | MS. BRADLEY: Georganne Bradley, the law firm of |
| 23 | Bullivant Houser Bailey, appearing as Nevada counsel -- |
| 24 | THE COURT: All right. |
| 25 | MS. BRADLEY: -- for Compass Financial Partners, LLC. |

```
 1              THE COURT:  Okay.
 2              MS. BRADLEY:  With me this evening is Robert Moore,
 3  Milbank, Tweed, Hadley & McCloy.  I think I have --
 4              MR. MOORE:  Yes.
 5              MS. BRADLEY:  -- that right.
 6              MR. MOORE:  You had it right.
 7              THE COURT:  Okay.
 8              MS. BRADLEY:  And we're going to be filing papers to
 9  approve Mr. Moore pro hac vice --
10              THE COURT:  Okay.
11              MS. BRADLEY:  -- and would ask that he be
12  permitted --
13              THE COURT:  All right.
14              MS. BRADLEY:  -- to appear --
15              THE COURT:  All right.
16              MS. BRADLEY:  -- this evening.
17              THE COURT:  For purposes of this proceeding,
18  Mr. Moore is permitted to appear pro hac vice.
19              MS. BRADLEY:  Thank you.
20              THE COURT:  And your client is here as well?
21              MS. BRADLEY:  Boris Piskun of Compass Financial
22  Partners is also present.
23              THE COURT:  All right.  Fair enough.
24        Let the record show that at approximately 1:30 p.m. this
25  afternoon the parties convened pursuant to a previous order
```

1   scheduling a settlement conference in this matter.  The parties
2   proceeded to negotiate in good faith to try to resolve this
3   adversary proceeding.
4       Also appearing at the proceeding was one -- let's see -- a
5   Mr. Stewart Mazden (sic) -- or Matson (phonetic) -- excuse
6   me -- who represented himself and also ostensibly as a
7   representative of a group known as the direct lenders with
8   respect to this particular matter.
9       He did not formally appear.  He is not a party to the
10  action nor the direct lenders; however, they are interested in
11  the outcome of this proceeding.
12      After concluding settlement negotiations, the parties have
13  reached a settlement which will be further subject to
14  bankruptcy court approval in a proceeding to be brought before
15  Judge Riegle.
16      And the purpose of this matter at this time is to put that
17  settlement on the record, so I would ask counsel from each side
18  to appear and someone take the lead in putting the terms of the
19  settlement on the record.
20          MR. MOORE:  Your Honor, Robert Moore of Milbank,
21  Tweed, Hadley & McCloy --
22          THE COURT:  All right.
23          MR. MOORE:  -- on behalf of Compass.  If your Honor
24  would permit me, I would like to offer to put the settlement on
25  the record.

```
 1         THE COURT:  Please do so.  Can you appear at the
 2   microphones at the lectern.  It will pick up the recording much
 3   better.
 4         MR. MOORE:  Yes, your Honor.  First of all, the
 5   parties to the stipulation I'm about to recite into the record
 6   are Binford Medical Developers, LLC, Kenneth E. Schmidt,
 7   Compass Financial Partners, LLC, and its affiliated entities.
 8         The parties will reduce this stipulation to written
 9   form.  That written document will reflect the following
10   agreements:
11         First of all, the parties will stipulate that as of
12   November 6th, 2007, the allowable amount of the indebtedness
13   under the Binford promissory note to the direct lenders is
14   $10,521,978.52.
15         The parties further will stipulate that as of
16   November 6th, 2007, the value of the underlying real property
17   which serves as collateral for the mortgage securing that
18   promissory note is $5,400,000.
19         The parties stipulate that Binford Medical Developers,
20   LLC, will pay 5.4 million dollars to Compass on behalf of
21   itself and the direct lenders in full satisfaction of the
22   indebtedness reflected in the promissory note by no later than
23   the later of ten days after the entry of a bankruptcy court
24   order approving this settlement agreement or March 31, 2008.
25         The parties agree that there will be a release of some
```

1  $330,000 that has been deposited with the Clerk of the Court in
2  Indianapolis, Indiana; two, the entity, the Smith (phonetic)
3  entity, that serves as the general contractor in connection
4  with the construction ongoing with respect to the collateral.
5     And in connection with that release, the Smith entity will
6  record or file dismissals with prejudice of any outstanding
7  litigation claims that exist against the direct lenders,
8  Compass, or USA Commercial Mortgage.
9     Next, the parties stipulate that there will be dismissals
10 with prejudice and mutual releases that will be recorded and
11 entered into in connection with the adversary proceeding
12 pending in the bankruptcy court which is the subject of this
13 mediation.
14    Next, the parties stipulate that Binford will be allowed
15 an unsecured claim in the amount of $925,000 against
16 USA Commercial Mortgage.
17    Next, the parties and in this case Compass on its behalf
18 and on behalf of the direct lenders agree to provide a release
19 of the personal guarantee of Kenneth Schmidt.
20    Next, the parties agree that Compass may proceed to file
21 and prosecute a foreclosure action in the state court in
22 Indiana to a decree of foreclosure.
23    However, Compass will agree that it may not set a
24 sheriff's sale in connection with that decree of foreclosure
25 for a date any earlier than April 1, 2008.

1       And, additionally, to the extent that all of the prior
2  conditions to closing occur by March 31 or an earlier date, at
3  the time of the closing, any decree of foreclosure or judgment
4  of foreclosure that has been obtained will be set aside, and
5  the foreclosure case itself will be dismissed with prejudice.
6       This settlement is subject to certain conditions
7  subsequent.  One is approval of the settlement by the
8  bankruptcy court before which the adversary proceeding is
9  pending.
10      Second is approval under the terms of the loan-servicing
11 agreements between Compass -- excuse me -- between USA and the
12 direct lenders.
13      Compass serves as the successor in interest to USA under
14 those agreements and, also, pursuant to whatever procedures are
15 imposed upon the process by the United States District Court
16 for the District of Nevada through Judge Jones in connection
17 with litigation that is pending before that Court, and,
18 therefore, a process will have to be pursued to obtain consents
19 from those direct lenders to this settlement.
20      And then, lastly, we will have to obtain the consent of
21 the liquidating trustee in the USA Commercial Mortgage case to
22 the allowance of the unsecured claim in the amount of $925,000,
23 and I believe that represents all the terms of the settlement.
24           THE COURT:  Okay.
25      (Colloquy not on the record.)

| | |
|---|---|
| 1 | MR. MOORE: Your Honor, I believe when we discussed |
| 2 | this stipulation with counsel for Mr. Schmidt and for Binford |
| 3 | we indicated that in connection with the release of the |
| 4 | $330,000 to the Smith entity that Smith would provide |
| 5 | dismissals with prejudice in favor of the direct lenders and |
| 6 | Compass. We did not discuss the notion of a release in favor |
| 7 | of USA Commercial Mortgage. |
| 8 | That is an acceptable result from our point of view; |
| 9 | however, I believe we will be able to consensually address that |
| 10 | issue -- |
| 11 | THE COURT: Okay. |
| 12 | MR. MOORE: -- following this court proceeding. |
| 13 | THE COURT: All right. |
| 14 | MR. MOORE: And we believe that it is probably |
| 15 | appropriate to dismiss them as well. But from the point of |
| 16 | view of the stipulation on the record -- |
| 17 | THE COURT: All right. |
| 18 | MR. MOORE: -- that would not be a necessary |
| 19 | component. |
| 20 | THE COURT: All right. Okay. Mr. Graub -- |
| 21 | MR. GRAUB: I -- |
| 22 | THE COURT: -- are -- |
| 23 | MR. GRAUB: Your Honor, I believe that complies with |
| 24 | the agreement of the parties. |
| 25 | THE COURT: All right. At this time, would the |

1  principals of each of the respective parties indicate that they
2  are in agreement with these terms of the settlement reached
3  today.
4      MR. SCHMIDT:  Yes, your Honor.  Ken Schmidt for
5  Binford Medical.
6      THE COURT:  All right.  Thank you, Mr. Schmidt.
7      MR. PISKUN:  Your Honor, Boris Piskun with Compass
8  Financial.  We agree to the terms.
9      THE COURT:  All right.  Okay.  Well, the Court has
10 taken on the record the terms of the settlement reached after a
11 substantial good-faith negotiation between the parties this
12 date.
13     There will be a motion to approve this settlement that
14 will be scheduled before Judge Riegle I believe with such other
15 approvals as may be necessary I believe in front of Judge Jones
16 if necessary in district court.
17     That being the settlement that's on the record, I believe
18 that counsel for Compass will take the laboring oar in
19 preparing the documents and bringing the motion.
20     Is there anything else that needs to be put on the record
21 at this time?  All right.  There being none, court is
22 adjourned.
23     MS. BRADLEY:  Thank you, your Honor.
24     MR. MOORE:  Thank you, your Honor.
25     MR. GRAUB:  Thank you, your Honor.

11

1      MS. SCANN:  Thank you, your Honor.
2      MR. PISKUN:  Thank you, your Honor.
3      MR. SCHMIDT:  Thank you, your Honor.
4  (Court concluded at 08:27:39 a.m.)

1       I certify that the foregoing is a correct transcript
2  from the electronic sound recording of the proceedings in
3  the above-entitled matter.
4
5
6  /s/ Lisa L. Cline                              11/28/07
   _____           _____
7  Lisa L. Cline, Transcriptionist                  Date