**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile No.: (702) 949-8321
Telephone: (702) 949-8320

Rob Charles NV State Bar No. 006593
E-mail: rcharles@lrlaw.com
Susan M. Freeman AZ State Bar No. 004199
E-mail: sfreeman@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 12/17/07

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-06-10725-LBR |
| | Case No. BK-S-06-10726-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | Case No. BK-S-06-10727-LBR |
| | Case No. BK-S-06-10728-LBR |
| USA CAPITAL REALTY ADVISORS, LLC, | Case No. BK-S-06-10729-LBR |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | CHAPTER 11 |
| | Jointly Administered Under Case No. BK-S-06-10725-LBR |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | Judge Linda B. Riegle Presiding |
| USA SECURITIES, LLC, | **USACM LIQUIDATING TRUST'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT TO CLASSIFY CLAIM BY PECOS PROFESSIONAL PARK LIMITED PARTNERSHIP IN PLAN CLASS A-7** |
| Debtors, | |
| **Affects:** | |
| ☐ All Debtors | Hearing Date: December 20, 2007 |
| ☒ USA Commercial Mortgage Company | Hearing Time: 9:30 a.m. |
| ☐ USA Capital Realty Advisors, LLC | |
| ☐ USA Capital Diversified Trust Deed Fund, LLC | |
| ☐ USA Capital First Trust Deed Fund, LLC | |
| ☐ USA Securities, LLC | |

USACM Liquidating Trust ("USACM Trust") replies in support of its Motion for Summary Judgment to Classify Claims Filed by Pecos Professional Park Limited Partnership ("Pecos") in Plan Class A-7 [DE 5122] ("Motion").

The Court should reject Dr. Lucius Blanchard's Opposition to USACM Trust's Motion [DE 5432] on behalf of Pecos for three reasons: (1) Under the confirmed Third Amended Joint Chapter 11 Plan of Reorganization ("Plan") definition of "insider", Pecos' Claim for rejection damages under an unexpired lease with USACM (the "Pecos Lease") is either the claim of an "insider" or an "affiliate" of an insider that must be considered a

231438.1



Class A-7 Subordinated Claim; (2) Pecos' objection to subordinated treatment of its claim for rejection damages was waived because it was not pursued via the presentation of evidence or argument at the Plan confirmation hearing and Pecos did not appeal the confirmation order; and (3) Bankruptcy Rule 7001 expressly provides that an adversary proceeding is not required to subordinate a claim if the plan provides for subordination.

This Reply is supported by the Court's record, the following Memorandum of Points and Authorities, the Motion [DE 5122], the Statement of Facts filed simultaneously in support of the Motion ("SOF") [DE 5123], and any oral argument offered at the hearing on the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    USACM TRUST IS ENTITLED TO SUMMARY JUDGMENT.**

   **A.    Pecos Does Not Offer Any Controverting Evidence.**

USACM Trust's Motion is supported by a separate Statement of Facts [DE 5123], including supporting documents and an affidavit setting out undisputed facts supporting the Motion. Pecos does not present any controverting, specific facts, by affidavit or other evidentiary materials as required by Fed. R. Civ. P. 56(e),[1] to show that there is a genuine issue of material fact precluding summary judgment.[2] "The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically

---

[1] Fed. R. Civ. P. 56(e)(2) provides:

> Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

[2] "[T]he nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by *Rule 56(e)*, showing there is a genuine issue of for trial." *Brandau v. American Family Mut. Ins. Co.*, Case No. 2:05-CV-0048-KJD-PAL, 2006 U.S. Dist. LEXIS 40279, *4 (D. Nev., June 14, 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d. 202 (1986)). *See also Bickley v. Norfolk & Western Railway Co.*, 60 F.Supp.2d 732, 734-35 (N.D. Ohio 1998).

231438.1



averred by that party contradict facts specifically averred by the movant."[3]  "Summary judgment shall be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"[4]

Pecos' failure to present anything but conclusory statements about claimed representations of USACM are insufficient to raise a genuine issue of material fact and compels summary judgment for USACM Trust.[5]

### B. Insiders Control and/or Own Pecos; Pecos' Claim For Rejection Damages Arising Out of a Lease With USACM Is Therefore a Subordinated Claim Under the Plan.

Under the Plan, "any and all Claims of Non-Debtor Insiders against USACM" are "Subordinated Claims."[6]  As explained in the Motion, Pecos meets the Plan's definition of a "non-debtor insider" and, therefore, it holds a subordinated claim.

The Plan defines "Non-Debtor Insiders" as any "Insider" that is not a Debtor, and expressly includes, without limitation, the IP Parties, any Affiliate of the Debtors and the IP Parties, and Insiders of the IP Parties.[7]  The "IP Parties" are defined to mean Joseph Milanowski, Thomas Hantges, Paul Hamilton, and USA Investment Partners, LLC ("USAIP").[8]  Thomas Hantges Joseph Milanowski were the principal owners and officers of USACM.  In addition to being "IP Parties", Hantges and Milanowski were also "insiders" under the Plan.

---

[3] *Brandau*, 2006 U.S. Dist. LEXIS 40279, *4 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

[4] *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

[5] *Id.* (citing *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 345 (9th Cir. 1995)).

[6] Plan § 1.A.126.

[7] Plan § 1.A.99.

[8] Plan § 1.A.92.  It should also be noted that separate bankruptcy proceedings for USA Investment Partners, LLC, Joseph Milanowski and Thomas Hantges are now underway in this District, which bear the case no. 07-11821, 07-13162 and 07-13163 respectively.  Nothing in this Reply is meant to address any claims the USACM Trust may have against any of these debtors in this particular matter.

231438.1



The Plan defines "insider" as follows:

> "Insider" has the meaning ascribed to this term in section 101(31) of the Bankruptcy Code. For purposes of this definition, the term "affiliate" in section 101(31)(E) has the meaning ascribed to that term in the Plan, <u>and to the extent not included in the definition of "Affiliate" under the Plan, shall include any and all Persons whose business is owned or controlled by the Debtors or any of the Insiders of Debtors (as defined herein), or in which the Debtors or Insiders of the Debtors (as defined herein) have any ownership, participation, profit sharing or any other kind of interest whatsoever.</u>[9]

Significantly, Bankruptcy Code Section 101(31)(E), which is referenced in the above definition of "insider", defines an "insider" to include an "affiliate, or insider of an affiliate as if such affiliate were the debtor."[10]

Pecos meets Plan Section I.A.88's definition of "affiliate" and Pecos is therefore an "insider." USA Development is a general partner in Pecos. Hantges, in his capacity as president of USA Development, controlled Pecos, even signing the Pecos Lease with USACM on behalf of Pecos. Accordingly, Pecos is an "affiliate" under Section I.A.88 of the Plan because it is controlled by an "insider." As an "affiliate", Pecos also meets the Plan's definition of an "insider."[11]

Pecos also meets the definition of "affiliate" and "insider" under the Plan for a second reason: Hantges and Milanowski both hold significant ownership interests in Pecos through Institutional Equity Partners, LLC ("IEP"). Dr. Blanchard's Objection correctly notes that IEP is a 49% limited partner of Pecos. (Blanchard Objection, p. 2, l. 12.) What the Blanchard Objection fails to explain is that, according to IEP's business records, IEP is owned by Joseph D. Milanowski (33.33%), the Thomas A. Hantges Separate Property Trust UAD 12-24-97 (33.33%), and the Jamie Linn Hantges Separate Property Trust UAD 6-12-97 (33.33%). (Declaration of Geoffrey L. Berman, attached hereto as Exhibit A, ¶ 5.) Milanowski and Hantges were the principal owners and officers of USACM. (*Id.* ¶ 6.)

---

[9] Plan § 1.A.88 (underline added).
[10] 11 U.S.C. § 101(31)(E).
[11] 11 U.S.C. § 101(31)(E); Plan § I.A.88

231438.1



1  Accordingly, Pecos is an "affiliate" and therefore an "insider" under Plan Section I.A.88
2  for this reason as well.

3  Indeed, Pecos' former counsel conceded in its Opposition to USACM Liquidating
4  Trust's Motion to Classify Claims Filed by Pecos Professional Park Limited Partnership in
5  Plan Class A-7, and Reservation of Counterclaims and Objections [DE 3494], a copy of
6  which is attached as Exhibit B to Blanchard's Opposition, that it understood that, under the
7  Plan's "broad definition of insider, Pecos could have been deemed an insider and,
8  therefore, a subordinated claim receiving Class A-7 treatment."[12]

## II. PECOS DID NOT PURSUE ITS OBJECTION TO SUBORDINATION OF THE PECOS CLAIM FOR REJECTION DAMAGES AND THEREFORE WAIVED IT.

11  On December 11, 2006, Pecos and another landlord objected to confirmation of the
12  Plan, objecting to, among other things, the subordination of the Pecos claims [DE 2038,
13  2052]. After considering the testimony in support of the Plan and oral argument, on
14  January 8, 2007, the Court entered an order confirming the Plan [DE 2376]. Pecos did not
15  urge its limited objection at the confirmation, did not put a stipulation on the record
16  modifying the Plan, and did not take an appeal. A party that fails to object or appeal the
17  confirmation order cannot complain about a provision in the plan even if such a provision
18  is inconsistent with the Bankruptcy Code.[13] Thus, the Plan is effective and binding on
19  Pecos.[14]

20  USACM Trust does not dispute that the Plan calls for cure payments under the
21  lease to be made to Pecos and that those cure payments are not subordinated under the
22  Plan. But Pecos' argument goes further, claiming without any supporting affidavit or
23  evidence that it "sought clarification as it related to the Debtor's intent to subordinate its

---

[12] DE 3494 at ¶ 15.

[13] *Great Lakes Higher Education Corp. v. Padee (In re Padee)*, 193 F.3d 1083, 1086-87 (9th Cir. 1999).

[14] "Once a bankruptcy plan is confirmed, it is binding on all parties and all questions that could have been raised pertaining to the plan are entitled to *res judicata* effect." *Trulis v. Barton*, 107 F.3d 685, 691 (9th Cir. 1995); *see also Stratosphere Litigation LLC v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 (9th Cir. 2002) (failure to object to plan bars claim on discharged obligation).

5

231438.1



claim [for rejection damages] and received assurances that subordination was not contemplated."[15] The quoted portion of Debtor's response to Pecos' limited objection shows that the only assurances USACM allegedly gave related to "cure payments" under the lease:

> The Pecos Objection seeks clarification that the <u>cure payments</u> that are scheduled to be paid to the Pecos entities (which are landlords of the two adjacent buildings in which the Debtors conduct business) will not be subordinated under the Plan. The Plan does not intend to do so, and again, clarifying language may be provided in the Confirmation Order. Additionally, if the . . . Pecos Professional Park Limited Partnership leases for real property are assumed, the <u>cure payments</u> will not be subordinated under the provisions of the Debtor' Plan.[16]

The alleged quote says nothing about Pecos' current claim for rejection damages. And Pecos presents <u>no evidence</u> that USACM ever assured Pecos that a claim for rejection damages would not be subordinated under the Plan. Such an alleged agreement modifying the Plan would not be enforceable unless it was in writing or placed on the record with notice to interested parties and otherwise made in accordance with 11 U.S.C. § 1127.

### III. THE USACM TRUST IS NOT REQUIRED TO SEEK EQUITABLE SUBORDINATION BY ADVERSARY PROCEEDING BECAUSE THE PLAN CALLS FOR SUBORDINATION OF PECOS' CLAIM FOR REJECTION DAMAGES.

Pecos' equitable subordination argument is a red herring. USACM does not need to seek equitable subordination through an adversary action because the Plan calls for subordination of the Pecos Claim as the claim of a Non-Debtor Insider. Bankruptcy Rule 7001 expressly provides that an adversary proceeding is not required to subordinate a claim if the plan provides for subordination.[17] Pecos did not pursue its limited objection to the Plan related to subordination of its claim. It did not take an appeal.

---

[15] Opposition at p. 4, ll. 22-23.

[16] Opposition at p. 4, ll. 13-18 (underline added).

[17] Bankr. R. 7001(8) ("The following are adversary proceedings: . . . (8) a proceeding to subordinate any allowed claim or interest, except when a . . . chapter 11 . . . plan provides for subordination.").

231438.1

USACM kept its part of the bargain. Cure payments on the lease were not subordinated under the Plan. USACM never represented that a claim for rejection damages from the unexpired lease payments would not be subject to subordination if the lease was rejected.

Under these circumstances, Pecos' failure to appeal the confirmation order is fatal to its argument.

## IV. CONCLUSION.

The USACM Trust asks that the Court grant this motion for summary judgment and, consequently, sustain the Objection, reclassify the Pecos Claim as a Class A-7 Subordinated Claim under the Plan, and grant any other relief the Court considers just and proper.

Dated December 17, 2007.

**LEWIS AND ROCA LLP**

By /s/ RC (#006593)
Susan M. Freeman, AZ 4199 (pro hac vice)
Rob Charles, NV 6593
John Hinderaker, AZ 018024 (pro hac vice)
*Attorneys for the USACM Liquidating Trust*

231438.1

LEWIS AND ROCA LLP
LAWYERS

1  Copy of the foregoing served on December 17, 2007, via email where an email address is listed, and if no email address is listed, then by first class mail, postage paid, addressed to:
2
3  Ty E. Kehoe, Esq.
   Email: tykehoelaw@aol.com
   871 Coronado Center Drive, Suite 200
4  Henderson, NV 89052
   *Attorneys for Dr. Lucius Blanchard*
5

6  By: /s/ Renee Creswell
   Renee Creswell
7  Lewis and Roca LLP

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

231438.1