**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John C. Hinderaker AZ State Bar No. 18024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 1/7/08

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br>                                           Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>■ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**SEVENTEENTH OMNIBUS OBJECTION OF THE USACM LIQUIDATING TRUST TO PROOFS OF CLAIM FOR LACK OF DOCUMENTATION WITH CERTIFICATE OF SERVICE**<br><br>Hearing Date:    February 21, 2008<br>Hearing Time:   9:30 a.m. |

The USACM Liquidating Trust (the "USACM Trust") hereby files its Omnibus Objection to Proofs of Claim (the "Claims") for Lack of Documentation ("Objection"). Pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the USACM Trust moves the Court to deny the claims listed in Exhibit A, attached, because they were filed without supporting documentation. This Objection is supported by the Court's record and explained in the following Memorandum.

1891926.1

LEWIS
AND
ROCA
LLP
LAWYERS

## I.  JURISDICTION

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II.  BACKGROUND

1. On April 13, 2006 ("Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with DTDF, the "Funds") (collectively the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

2. USA Commercial Mortgage Company ("USACM") is a Nevada Corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.

3. On September 14, 2006, this Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest (the "Bar Date Order") [Docket No. 1280].  The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file proof of claims.

1891926.1

LEWIS AND ROCA LLP LAWYERS

4. On September 25, 2006, the Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358]. All Direct Lenders were served with a copy of the Bar Date Order as well [Docket No. 1358].

5. On November 6, 2006, a stipulation was filed and an order entered extending the Bar Date for Direct Lenders only to file proofs of claim until January 13, 2007 [Docket No. 1729].

6. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376].

7. Debtors' Third Amended Chapter 11 Plan of Reorganization (the "Plan") [Docket No. 1799] provides the following deadlines for objections to Claims:

> (A) for any and all Claims and Equity Interests to which the General Bar Date applies, ninety (90) days after the Effective Date; (B) for any and all Claims to which the Administrative Claims Bar Date or the Professionals Administrative Bar Date applies, thirty (30) days after the expiration of the respective Bar Date; and (C) for any and all Claims to which the Bar Date applicable under section B.3 of Art. V of the Plan applies, thirty (30) days after the expiration of that Bar Date.

The deadline for claims objections has been continued from time to time by this Court's order. The current deadline for such objections is February 12, 2008 [DE 4971].

8. USACM's claims and noticing agent received approximately 2,436 proofs of claim as of the January 13, 2007 Bar Date, asserting claims totaling more than $997,000,000, plus unknown amounts based on unliquidated Claims.

9. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

10. The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee.

11. Various claimants filed proofs of claim against USACM without supporting

1891926.1

documentation of their Claims.  Further, the proofs of claim do not appear to be supported by USACM's books and records.  The USACM Trust contends that the Claims listed on **Exhibit A** attached hereto are not valid Claims and should be disallowed because there is no supporting documentation for the Claims as required under Bankruptcy Rule 3001(f).

12. The USACM Trust contacted the claimants and requested the supporting documentation for the Claims in an effort to avoid objecting to the Claims.  The USACM Trust sent out almost 400 letters and received about 150 responses.  The USACM Trust's request has gone unanswered by the Claimants on **Exhibit A**.

### III.    APPLICABLE AUTHORITY

1. Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).

2. The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a).  This objection is timely under the Court's orders.

3. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the Claim.  *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).  The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant."  *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

LEWIS
AND
ROCA
LLP
LAWYERS

## IV. OBJECTIONS TO CLAIMS

1. The USACM Trust objects to the Claims listed on **Exhibit A** on the basis that there is no proof to support the Claims and these claimants have produced no evidence or documentation supporting their Claim's validity. The USACM Trust asks that the Court disallow these Claims in their entirety.

2. The USACM Trust reserves the right to modify, supplement and/or amend this Objection as it pertains to any Claim or claimant herein.

## V. CONCLUSION

For the reasons discussed above, the USACM Trust objects to the proofs of claim listed on **Exhibit A** and requests that the Court disallow them in their entirety. The USACM Trust also requests such other and further relief as is just and proper.

Dated: January 7, 2008.

**LEWIS AND ROCA LLP**

By:  /s/ RC (#6593)
   Susan M. Freeman, AZ 4199 (*pro hac vice*)
   Rob Charles, NV 6593
   John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320
Email: RCharles@LRLaw.com
*Counsel for USACM Liquidating Trust*

Copy of the foregoing mailed on January 7, 2008 to the parties listed on Exhibit A attached hereto:

 /s/ Renee L. Creswell
Lewis and Roca LLP

1891926.1