UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA
Foley Federal Building
300 Las Vegas Boulevard South
Las Vegas, NV 89101

2008 JAN 30 AM 11: 15

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

Rob Charles (#6593)
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

In re: USA COMMERCIAL MORTGAGE COMPANY
Jointly Administered Case No. BK-S-06-10725 LBR
Date / Time of Hearing: 2/21/08 at 9:30 am

## OBJECTION OF VOSS FAMILY TRUST TO REDUCE CLAIM (IN CONJUNCTION WITH SEVENTH OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED, IN WHOLE OR IN PART, UPON INVESTMENT IN THE ONE POINT STREET, LLC – HFA NORTH YONKERS LOAN, E-FILED ON 1/18/08, DOCKET # 5698 / 5699)

We herewith object to the USACM Trust motion seeking an order to reduce our claim (claim no. 10725-01653) by $31,250 for the following reasons:

### OVERALL CLAIM BASED ON TOTAL PORTFOLIO, NOT INDIVIDUAL LOANS

While we confirm that our investment in the One Point Street, LLC – HFA North Yonkers Loan has been paid back in full, our overall claim was calculated, based on an estimated combined loss of 25% for the entire portfolio. This assumes that some loans (such as HFA North Yonkers) would be paid back in full while other loans would recover a substantially lower amount so that OVERALL the loss is estimated to amount to 25% (see Exhibit B). This means that our claim is not based on and does not contain a HFA North Yonkers specific loss, and therefore the amount of $31,250, listed under column "Approximate Amount Subject to Objection" in Exhibit A, is artificial, and should read "0" or "N/A".

### USACM TRUST MOTION IS PREMATURE

Since many loans have not yet been resolved, the ultimate loss is unknown and still subject to estimates. Therefore, asking for a claim reduction at this time is premature. The exact amount of the allowed claim should be determined after all loans have been resolved.

## CONCLUSION

Unless USACM Trust agrees in writing that it will allow the final claim to be adjusted (i.e. increased or reduced) after all loans are resolved, we respectfully ask the court to EITHER:
- Dismiss the motion, OR
- Delay the final claim adjustment ruling until the actual damage is known, OR
- Rule that the final claim must be adjusted (i.e. increased or reduced) at a later time, if the actual damage should turn out to be higher or lower than originally estimated.

To reduce future administrative burdens and legal fees, we also respectfully ask the court to decide on this issue as a matter of principle that applies to all similar cases rather than ruling on the issue on a loan by loan basis.

Dated: 1/28/08

*[signature]*

Voss Family Trust
Wolf D. & Claudia Voss
14 Via Ambra
Newport Beach, CA 92657

Attachments: Exhibit A, Exhibit B

FORM B10 (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT | DISTRICT OF NEVADA | PROOF OF CLAIM |
|---|---|---|

Name of Debtor: USA COMMERCIAL MORTGAGE Co.
Case Number: 06-10725

**EXHIBIT B**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C § 503

Name of Creditor (The person or other entity to whom the debtor owes money or property): WOLF DIETER VOSS & CLAUDIA VOSS TRUSTEES OF THE VOSS FAMILY TRUST UTD 10/4/99

Name and address where notices should be sent:
ROBERT C. LEPOME
10120 S. EASTERN #200
HENDERSON, NV 89052
Telephone number: (702) 492-1271

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor: 5030

Check here ☐ replaces
if this claim ☐ amends a previously filed claim dated _____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☑ Other — NEGLIGENCE & FRAUD

GENERAL UNSECURED CLAIM – CLASS 4

☐ Retiree benefits as defined in 11 U S C § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS # _____
Unpaid compensation for services performed
from _____ to _____
     (date)       (date)

**2. Date debt was incurred:** JAN 1, 2005 TO APRIL 12, 2006

**3. If court judgment, date obtained**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

Unsecured Nonpriority Claim $ 346,662
☑ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none of only part of your claim is entitled to priority

Secured Claim
☐ Check this box if your claim is secured by collateral (including a right of setoff)
Brief Description of Collateral
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____
Value of Collateral $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any $ _____

Unsecured Priority Claim
☐ Check this box if you have an unsecured claim all or part of which is entitled to priority
Amount entitled to priority $ _____
Specify the priority of the claim

☐ Domestic support obligations under 11 U.S.C § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business whichever is earlier – 11 U S C § 507(a)(4)
☐ Contributions to an employee benefit plan – 11 U.S.C § 507(a)(5)

☐ Up to $2,225* of deposits toward purchase lease or rental of property or services for personal, family or household use – 11 U S C § 507(a)(7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)
☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed.**  $346,662 (unsecured)  (secured)  (priority)  $346,662 (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim

**7. Supporting Documents** Attach copies of supporting documents such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available explain. If the documents are voluminous, attach a summary

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date: Dec 10 06

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)
ROBERT C. LEPOME, ATTY FOR CLAIMANT   BAR # 1980

Penalty for presenting fraudulent claim. Fine of up to $500,000 or imprisonment for up to 5 years or both 18 U.S.C §§ 152 and 3571

HFA – North Yonkers
Multiple Loan Claims

# EXHIBIT A
Seventh Omnibus Objection

| Claim | Name | Address | Total Claim Amount | Approximate Amount Subject to Objection Because it Relates to an Investment In the HFA - North Yonkers Loan |
|---|---|---|---|---|
|  |  |  |  |  |
| 10725-01653 | Voss Family Trust Dated 10/4/99 | Wolf and Claudia Voss Trustees 14 Via Ambra Newport Beach, CA 92657 | $346,662.00 | $31,250.00 |

232876.1

Page 2 to proof of Claim of _WOLF DIETER VOSS & CLAUDIA VOSS TRUSTEES OF THE VOSS FAMILY TRUST UTD 10/4/99_.

This Investor has a portfolio whose estimated net value is about 75% of its face value. The loss of 25% would not have occurred except for the negligence or intentional misconduct of Debtor which includes at least one of failures to act or acts stated below

The Debtor made one or more representations which this investor reasonably relied upon as stated below which Debtor knew or with reasonable care should have known. Further, Debtor failed to comply with the requirements of Nevada Revised Statutes including but not limited to Section 645B

1. "Your invested funds will be placed in a new loan the proceeds of which will be used to acquire and/or develop the real property"

2. "Your investment will be secured by a security interest evidenced by a note Secured by First Deed of Trust upon the property and if the note becomes delinquent we will take collection action including but not limited to foreclosure upon the property within a reasonable time after any missed interest payment or other event of default"

3. "Your investment is protected by equity which exceeds the note amount by 30%"

4. "Your note will be guaranteed by the principal maker or another guarantor whose personal worth substantially exceeds the face amount of the note"

A truthful statement with regard to the investments would have been

1. "Your funds will be used to purchase the interest of a prior investor. The prior investor's loan is in default and your funds will be used to bail out that private investor and you will be stuck with the defaulted note. You should also know that one who purchases a loan which is in default does not obtain the substantial legal benefits of a holder in due course. This means that any personal defenses of the borrower may be asserted as a defense to the loan. A Defaulted Note, if purchased at all, should be purchased at a substantial discount. You will pay full face value of this defaulted note

2. If there is a default upon your note we will not take appropriate steps to collect your note. We will not initiate foreclosure. Further we will take the proceeds of another person's loan payoff to forward you interest payments as though the your borrower were current. We will do this to conceal the fact of a delinquency from you and from the Nevada Commissioner of Mortgage Lending

3. The Nevada standards of mortgage lending would require that we order our own appraisal with you as the client so that if the appraisal was not done in accordance with the standards of the industry you would have a claim against the appraiser. Instead, we will accept

Page 3 to Proof of Claim  WOLF DIETER VOSS & CLAUDIA VOSS TRUSTEES OF THE VOSS FAMILY TRUST UTD 10/4/99

the borrower's representation as to value or we will accept an appraisal provided by the borrower even though this procedure is likely to give an inflated value for the property  Because of our failure to follow Nevada standard mortgage lending practices, your loan may have little or no protective equity

4  We may not actually obtain the personal guarantee of the maker or obtain the signature of another guarantor of your note even if we promise to do so  Further, if we do obtain a personal guarantee we will not obtain a financial statement from the guarantor  If a borrower or guarantor furnishes us with a financial statement, we will not take reasonable steps to verify the accuracy of any financial statement that the borrower or guarantor gives us  This will make it difficult for you to collect from the borrower or guarantor in the event of default

## ANALYSIS

If the Debtor had made accurate and truthful representations, this investor would never have made his investment and therefor would not have sustained any loss  It is highly probable that if this investor were free to file suit and not subject to this bankruptcy, he would obtain judgment against the debtor for the actual amount of his loss plus costs and reasonable attorney fees plus punitive damages at least equal to his loss  In a bankruptcy case the punitive damages do not serve the purpose of punishing the wrongdoer or teaching him a lesson  Punitive damages would merely take proceeds away form another worthy claimant and therefor they have no place in bankruptcy unless and until all claimants are paid in full as to their actual damages

The precise amount of the actual damages are difficult to ascertain because some of the loans which are expected to produce less than full value may in fact pay in full and vice versa  An analysis of the portfolio of most of the loans in which this investor participated was performed by SPCP GROUP, LLC as of November 6, 2006  This analysis was published in its Asset Purchase Agreement dated November 7, 2006 which as filed herein as Docket #1749  Values ranged from 95% on Schedule 4 to 65% for the loans on schedule 7  The average value for sale purposes was set at about 73% of face value  On an individual basis, actual sale prices differ from the "bucket price"  For instance, a $150,000 00 interest in Margarita Annex which is in the 85% bucket sold for 80% as part of the Interpleader Settlement between USA Capital First Trust Deed Fund and investors Gorts and Arnold  In helping him to make an estimate of his actual loss, this investor has had the advice of counsel who was formerly a Mortgage Broker licensed by the State of Nevada  An analysis of some of the various investments with the aid of the HILCO appraisals and input from several similarly-situated investors who actually walked the properties with their own real estate brokers was performed  This investor has been advised and believes that a fair estimate of the value of his portfolio value is 75% of face value and that this reduction from 100% is proximately caused by the negligence and/or intentional misrepresentation of Debtor  This estimate of damage and therefore this claim is made in accordance with Bankruptcy Rule 9011 and this claimant reserves the right to amend his Proof of Claim when more data becomes available  Total Investment $ 1,386,646.26 /4 = $ 346,662