E-Filed on 02/05/08

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email:  adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email:  emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile  (702) 949-8321

Susan M. Freeman, AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | Judge Linda B. Riegle |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | **USACM LIQUIDATING TRUST'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY WELLS FARGO** |
| Affects:<br>☐All Debtors<br>☒USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Hearing Date: OST REQUESTED for February 21, 2008<br><br>Hearing Time: OST REQUESTED for 9:30 a.m. |

1.  Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016 and Federal Rule of Civil Procedure 45, the USACM Liquidating Trust (the "Trust") hereby moves the Court to compel Wells Fargo Bank ("Wells Fargo" or the "Bank") to produce all documents responsive to the Trust's subpoena for Rule 2004 Examination served on Wells Fargo on March 13, 2007 (the "Subpoena") and to order the Rule 2004 examination on the topics listed in the Subpoena and the substantive issues related to the underlying documents within at least 20 days of the production deadline.  A true and correct copy of the Subpoena is attached hereto as "Exhibit A."  This Motion is supported by the following memorandum, the attached exhibits, the papers and pleadings filed in these jointly administered bankruptcy cases and their adversary proceedings, and such argument as the Court may entertain at the hearing on the Motion.

## I.  INTRODUCTION

2.  On March 13, 2007, the Trust served Wells Fargo the Subpoena for examination and for the production of documents.  Since Wells Fargo was the primary bank for USA Commercial Mortgage ("USACM") and its related entities, holding upwards of 20 accounts for the USACM and its affiliates and principles, the Subpoena sought production of documents in Wells Fargo's control related to the bank accounts that the Debtors, USA Investment Partners LLC ("USAIP"), or the entities in which USAIP or USACM were majority or managing members,[1] maintained at Wells Fargo.

3.  Wells Fargo undeniably possesses responsive documents as it produced some of them following the receipt of the Subpoena.  These incomplete productions included documents

---

[1]  *See* Letter from Eric D. Madden to Lisa Chow (Apr. 23, 2007) (without prejudice or waiver of other requests contained in the Subpoena, the letter limited the requests for production to documents relating to the Debtors, USAIP, and the entities in which they were a majority or managing member) (Exhibit " B").

related to Investors Trust Account, Collections Trust Account, Mountain Vista Account, and 10-90, Inc. Account.  Many transactions between the USACM and related parties originated out of or passed through these accounts.  Discovering and understanding the nature of these transactions and who was involved in them is key to recovering the Debtors' assets.  Such information cannot be obtained, however, unless Wells Fargo produces bank account statements, ACH and wire transfers documents indicating the beneficiaries of each transfer.

4.    Furthermore, the Trust is aware that Wells Fargo possesses responsive correspondence and emails because copies of such correspondence have been found in the productions of other non-parties in these bankruptcy proceedings.  Specifically, the Trust is aware that several Wells Fargo employees engaged in email exchanges with such USACM's insiders as Joe Milanowski, Robert Hilson, Linda Howe, Vicki Hessling, Vicki Loob, Tom Rondeau, and others.   The Trust needs this correspondence to determine the role that each of the insiders played in the transactions that passed through the USACM accounts at Wells Fargo.

5.    Finally, the Trust has evidence that some of Wells Fargo employees had conversations with borrower-developer David Fogg regarding Mountain Vista and 10-90 Inc. in which the bank employees expressed a concern about the purpose of the transactions involving those two entities.[2]   Any correspondence or emails that Wells Fargo has regarding such conversations are crucial to the evaluation of the Trust's claims against David Fogg and other potential defendants.

6.    Although, in response to the Bank's original objections to the Subpoena, the Trust has limited its requests for production several times, the Bank continues to refuse to honor some requests entirely and has only partially honored other requests for production.  The basis for such

---

[2] *See* E-mail from David Fogg to Joe Milanowski (June 11, 2003) (Exhibit "C").

USACM LIQUIDATING TRUST'S                                                           127688-1
MOTION TO COMPEL PRODUCTION
OF DOCUMENTS BY WELLS FARGO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

refusal is not clear, however, given that all of the Bank's objections are blanket, overbroad objections to the entire Subpoena.[3]  Moreover, an entire *eight months* after the Bank was served with the Subpoena, its general counsel asserted a whole slew of boilerplate objections that have never been asserted before and are untimely.[4]  Moreover, these objections are also general objections to the entire Subpoena that have no application to the specific requests.  Since that time, the Bank has completely refused to produce any emails or electronically stored documents and its internal policies related to bank accounts, and has provided only a partial response to the requests for bank account statements, ACH and wire transfers, account files, and correspondence.

7.    The Trust's counsel attempted to contact the Wells Fargo's counsel on several occasions to inquire whether the Bank was going to produce missing documents and otherwise cooperate with the production of documents.[5]  The Trust's counsel left numerous voicemails and sent several e-mails to the Bank's counsel, but the Bank remained silent.  On December 19, 2007, the Trust's counsel notified the Bank that the Trust will file a motion to compel unless the Bank produces the responsive documents.[6]  Once again, the Bank neither responded nor produced the documents.

8.    To date, Wells Fargo has not fully responded to even one request for production in the Subpoena.  Thus, pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), the Trust moves this Court to compel Wells Fargo to respond to the Subpoena and the requests for production.

---

[3] *See* Letter from Lisa Chow to Eric D. Madden (March 20, 2007) (Exhibit "D").

[4] *See* Letter from Toysha Martin to Eric D. Madden (Oct 2, 2007) (Exhibit "E").

[5] *See* Email from Leiza Dolghih to Toysha Martin (Nov. 20, 2007) (Exhibit "F"); Email from Leiza Dolghih to Toysha Martin (Nov. 30, 2007) (Exhibit "G").

[6] *See* Letter from Leiza Dolghih to Toysha D. Martin (Dec. 19, 2007) (Exhibit "H").

USACM LIQUIDATING TRUST'S                                                              127688-1
MOTION TO COMPEL PRODUCTION
OF DOCUMENTS BY WELLS FARGO

### III.  **BACKGROUND**

9.    The Trust has served the Subpoena on Wells Fargo on March 13, 2007.[7]

10.    On March 20, 2007, the Bank sent a letter to the Trust's counsel in which it asserted the following objections to the Subpoena (the "March 2007 Objections"):

    a.    The scope of the subpoena is "overly broad."

    b.    The scope of the subpoena "imposes an undue burden Wells Fargo."

    c.    "[A]ny responsive documents may contain confidential and/or proprietary information.[8]

11.    During the phone calls following the letter, and to expedite the Bank's search and production efforts, the Trust agreed to reduce the number of entities for which Wells Fargo was to search for documents from 120 to just 30.[9]

12.    On May 2, 2007, the Bank produced bank account statements for 22 accounts held at Wells Fargo by USACM or related entities.  Although the requests for production asked for "any and all documents evidencing any and all accounts at Wells Fargo" related to the entities specified in the Subpoena, Wells Fargo failed to produce basic account documents such as account applications and signature cards.[10]

13.    From April, 2007 until October, 2007, Wells Fargo kept requesting extensions of time in which to produce the records, and the Trust granted each extension.[11]

---

[7]  *See* Exhibit A.

[8]  *See* Exhibit D.

[9]  *See* Exhibit B.

[10]  *See* Exhibit H.

[11]  *See* Letter from Kristine Grimes to Leiza Dolghih (Aug. 9, 2007) (Exhibit "I"); Letter from Kristine Grimes to Leiza Dolghih (Sept. 10, 2007) (Exhibit "J").

USACM LIQUIDATING TRUST'S                                                              127688-1
MOTION TO COMPEL PRODUCTION
OF DOCUMENTS BY WELLS FARGO

14.     On September 13, 2007, the Trust's attorney notified Wells Fargo that no more extensions would be granted after October 10, 2007.[12]

15.     On October 2, 2007 – <u>eight months after the Subpoena was served on Wells Fargo</u> – the Bank's general counsel sent a letter to the Trust re-asserting its March 2007 Objections and stating a litany of new ones.[13]   The Bank's new objections, couched in boilerplate terms, consisted of the following (the "October 2007 Objections"):

(a)     "Wells Fargo objects to the extent, the Subpoena seeks to impose a duty upon Wells Fargo to locate, review, and produce documents that are not the records of Wells Fargo, but may be records of separate entities that are affiliates of Wells Fargo."

(b)     "Wells Fargo objects to the extent that the Subpoena may require Wells Fargo to produce documents on [sic] the possession, custody, or control of any persons acting under the control of or on behalf of Wells Fargo.  Wells Fargo can produce such documents only if they are in the possession, custody, or control of Wells Fargo."

(c)     "Wells Fargo Objects to the Subpoena to the extent that it seeks documents and information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege."

(d)     "Wells Fargo Objects to the Subpoena to the extent that the description of the requested documents and/or information is vague, ambiguous, and unintelligible and does not identify the documents requested or information sought with reasonable particularity."

(e)     "Wells Fargo Objects to the Subpoena to the extent that it requests information, such as e-mails or any other records stored electronically or otherwise, that are not part of any physical file and are, therefore, not readily available.  Requiring Wells Fargo, a non-party, to search for the existence of such records imposes an undue and unfair burden on it, in terms of employee hours and financial cost.  It is unreasonable to require Wells Fargo to bear the burdens of searching electronic records or other storage means, if any, for the possibility of locating documents that fall within the scope of the Subpoena."

---

[12]  *See* Letter from Leiza Dolghih to Kristine Grimes (Sept. 13, 2007) (Exhibit "K").

[13]  *See* Exhibit E.

(f)    "Wells Fargo objects to the Subpoena to the extent that it does not provide sufficient time for compliance."[14]

Attached to the letter expressing the October 2007 Objections was a production of 146 pages related to a loan that Wells Fargo extended to USACM.

16.    On October 10, 2007, the Trust's attorney conferred with the Bank's attorney and, without prejudice or waiver of other requests contained in the Subpoena, specified that it wanted the Bank to produce three categories of documents.[15]  During the phone call, the Bank's counsel seemed to agree to produce such documents, but recanted its position the next day.[16]  On October 26, 2007, the Trust's counsel conferred with the Bank's council in an attempt to pinpoint the Bank's shifting position on the document production.  During the phone call, the Bank agreed to produce ACH and wire records for Investors Trust Account, and Collections Trust Account, and external and internal communication involving two bankers that opened USACM accounts.[17]  The Bank also agreed to consider entering in a stipulated protective order and producing the responsive documents in which it might maintain proprietary information.[18]

17.    Despite its agreement to produce documents responsive to certain requests, the Bank failed to produce: (1) any ACH transfer documents; (2) signature cards or applications for each USACM account; (3) complete wire transfer documents; (4) requested correspondence; and (4) any email or electronically stored documents requested in the Subpoena.  The Bank also refused to consider the stipulated protective order.[19]

---

[14]  *See id.*

[15]  *See* Letter from Leiza Dolghih to Toysha Martin (Oct. 10, 2007) (Exhibit "L").

[16]  *See* Letter from Toysha Martin to Leiza Dolghih (Oct. 11, 2007) (Exhibit "M").

[17]  *See* Letter from Leiza Dolghih to Toysha Martin (Oct. 30, 2007) (Exhibit "N").

[18]  *See id.*

[19]  *See* Exhibits F, G, and H.

18.     On December 19, 2007, the Trust notified the Bank that it will be filing a motion to compel if the Bank does not produce the requested records by January 4, 2008.[20]   The Bank neither produced the records nor responded to the letter.

19.     Thus, without waiver or prejudice as to the requests remaining in the Subpoena, by this Motion, the Trust seeks to compel Wells Fargo to produce the following records:

(a)     ACH records for the Collections Trust Acct. No. 089-5737864; Investors Trust Acct. No. 046-5657146; 10-90, Inc. Acct. No. 552-5221528; Mountain Vista Acct. No. 552-5221536; Diversified Trust Deed Acct. No. 562-7688038; USACM Choice IV Checking Acct. No. 0834610149; and Palomino Partners Acct. No. 834-614422.

(b)     Wire Transfer records for the Collections Trust Acct. No. 089-5737864; Investors Trust Acct. No. 046-5657146; 10-90, Inc. Acct. No. 552-5221528; Mountain Vista Acct. No. 552-5221536; Diversified Trust Deed Acct. No. 562-7688038; USACM Choice IV Checking Acct. No. 0834610149; and Palomino Partners Acct. No. 834-614422.

(c)     Documents reflecting the identity and status of the current and former Wells Fargo employees who handled transactions or accounts of Debtors, Individuals or Entities.[21]

(d)     Any and all documents, including signature cards and account applications, that evidence the accounts at Wells Fargo held in the name of or for the benefit of any Debtors, Entities and Individuals, and the accounts' type and purpose.

(e)     All internal (among Wells Fargo employees) and external communication (between Wells Fargo employees and the Debtor, Entities or Individuals), including letters and emails, regarding bank accounts maintained by USACM or related entities at Wells Fargo.

(f)     Wells Fargo internal policies, including:  (i) document retention policy; (ii) Wells Fargo "know your customer" policy; (iii) Wells Fargo policies and procedures on reporting suspicious activity in accounts including circular wire transfers and unusually large wire transfers; (iv) Wells Fargo policies and procedures that deal with the application, opening, acceptance, management, ongoing review and oversight of the accounts at Wells Fargo; (v) Wells Fargo policies and procedures that ensure regulatory and internal

---

[20] *See* Exhibit H.

[21] Debtors, Individuals, and Entities are used here as they are defined in the Subpoena and modified by April 23, 2007 letter.  *See* Exhibit A (Subpoena) and Exhibit  B (April 23, 2007 letter).

1
2

audit compliance with respect to the accounts at Wells Fargo; (vi) Wells Fargo policies and procedures applicable

3

### IV.  POINTS AND AUTHORITIES

4
5

**A.    THE BANK'S BOILERPLATE MARCH 2007 OBJECTIONS ARE INADEQUATE TO PREVENT THE ENFORCEMENT OF THE SUBPOENA.**

6
7
8
9
10
11

20.    The Bank's March 2007 Objections consist of three boilerplate assertions that the Subpoena is "overbroad," that it imposes an "undue burden" on Wells Fargo, and that it requests documents that "may contain confidential and/or proprietary information."[22]  These objections are grossly inadequate since the Bank neither describes the basis for each objection nor identifies particular requests for production to which each of the objections apply.

12

### 1.    The Subpoena Is Not Overbroad.

13
14
15
16
17
18
19
20
21

21.    Under Federal Rule of Bankruptcy Procedure 2004, the Court can order an examination of any entity and the production of documents relating to the "acts, conduct, or property, or to the liabilities and financial condition of the debtor, or to any other matter which may affect the administration of the debtor's estate."[23]  Such Rule 2004 examinations are designed to conduct a "broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate and the discovery of fraudulent conduct."[24]  The scope of the examination and documents production and the range of the discoverable subject matter in a Rule 2004 examination is "unfettered and broad," and "in the nature of fishing expedition."[25]

22
23

[22] *See* Exhibit D.

24

[23] FED. R. CIV. P. 2004.

25

[24] *See 2435 Plainfield Ave., Inc. v. Twp. of Scotch Plains, (In re 2435 Plainfield Ave., Inc.),* 223 B.R. 440, 456 (Bankr. D.N.J. 1998).

26

[25] *In re Dinubilo,* 177 B.R. 932, 939 (E.D. Cal. 1993); *In re Int'l Fibercom, Inc.,* 283 B.R. 290, 293 (Bankr. D. Ariz. 2002) (citing  *In re Sun Med. Mgmt., Inc.,* 104 B.R. 522, 524 (Bankr. M.D. Ga. 1989) (allowing Rule 2004 examination when there is possible fraud) and *In re Table Talk, Inc.,* 51 B.R. 143, 145 (Bankr. D. Mass. 1985)

USACM LIQUIDATING TRUST'S                                                                                              127688-1
MOTION TO COMPEL PRODUCTION
OF DOCUMENTS BY WELLS FARGO

22. The Trust's topics of examination and requests for production relate to the bank accounts that USACM and related entities maintained at Wells Fargo and fall fully within the scope of the Rule 2004. Since the Trust is authorized to engage in a "quick fishing expedition" under the Rule 2004, the requests for production do not have to be as narrow as the ones allowed under the Federal Rules of Civil Procedure.[26] In fact, the only limitation of the scope of the Rule 2004 examination and request for production is that they must relate to "acts, conduct, or property, or to the liabilities and financial condition of the debtor, or to any other matter which may affect the administration of the debtor's estate." The Subpoena's requests for documents related to the USACM's and Debtors' bank accounts in which their assets were held – directly relate to acts, conduct and financial condition of the Debtors. For example, the Trust has requested documents such as bank account statements, wires, ACH transfers and other type of documents related to the bank accounts that the debtor or related entities maintained at Wells Fargo. These documents are crucial to the investigation of debtor's assets and property. Similarly, email and correspondence between USACM employees and Wells Fargo are likewise crucial to the investigation of not only the Trust's assets and liabilities but also the acts and conduct of its insiders.

23. Furthermore, since the Bank first objected to the Subpoena on the grounds of it being overbroad, the Trust has limited its requests for production to only a fraction of the original

---

("Bankruptcy Rule 2004 examinations are allowed for the purpose of discovering assets and unearthing frauds")); *In re Valley Forge Plaza Assoc.,* 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990); *In re Enron Corp.,* 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002); *In re Wilcher,* 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985); *In Re Vantage Petroleum Corp.,* 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983); *In Re Mittco, Inc.,* 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984); *In Re GHR Energy Corp.,* 35 B.R. 534 (Bankr. D. Mass.1983); *see also* 6 NORTON BANKR. L. & PRAC. 2d § 141:35 (2004) ("The scope of the 2004 exam is 'broad and unfettered.' It is broader than discovery under the Federal Rules of Civil Procedure and has fewer procedural safeguards").

[26] *Id.*

USACM LIQUIDATING TRUST'S                                                                127688-1
MOTION TO COMPEL PRODUCTION
OF DOCUMENTS BY WELLS FARGO

requests.[27]  Thus, the initial objection that the 93 requests for production were overbroad, cannot

equally apply to the six requests for production that are subject of this Motion.[28]

24.    Finally, the Bank's partial response to the Subpoena proves that it is not

overbroad.[29]   The Bank had no trouble identifying and producing some of the correspondence

and bank account statements, wire transfers and ACH transfers, thus, it should be able to produce

the remaining records.

25.    For these reasons, the Court should disregard Wells Fargo's objection that the

Subpoena is overbroad and compel the Bank to produce the responsive documents.

### 2.    The Subpoena Does Not Impose Undue Burden on The Bank.

26.    Courts have broad discretion to determine whether a subpoena is unduly

burdensome.[30]  The burden of proof to demonstrate the Subpoena's undue burden lies with Wells

Fargo.[31]  Generalized and unsupported allegations of undue burden, however, are not sufficient to

prevent enforcement of the Subpoena.[32]    Wells Fargo's objection that "the Subpoena places

undue burden on Wells Fargo" certainly falls in the category of "unsupported" and "generalized."

On these grounds alone, this Court should disregard the objection and compel the production.

27.    However, even if the Court engages in a balancing analysis of whether the

Subpoena has imposed an undue burden on Wells Fargo, the Court will see that the relevance of

---

[27] *See* Exhibits B, N & H.

[28] The Trust has limited the requests for production, without prejudice or waiver of other requests contained in the Subpoena.

[29] *See Kaur v. Alameida,* No. CV F 05 276 OWW DLB, 2007 WL 1521564, at *3 (E.D. Ca. May 23, 2007).

[30] *See Exxon Shipping Co. v. U.S. Dep't of Interior,* 34 F.3d 774, 779 (9th Cir. 1994); *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988); *Diamond State Ins. Co. v. Rebel Oil Co.,* 157 F.R.D. 691, 696 (D. Nev. 1994).

[31] *See Official Committee of Unsecured Creditors v. Ashdale (In re LaBrum & Doak),* 1998 Bankr. LEXIS 925, at *6-7 (Bankr. E.D. Pa. July 27, 1998) (citing *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 49 (S.D.N.Y. 1996)) (the burden is on the objector to the subpoena to show that it imposes an undue burden).

[32] *See Doyle v. F.B.I.,* 722 F.2d 554, 555 (9th Cir. 1983); *Diamond State Ins. Co.,* 157 F.R.D. at 696.

the documents and the Trust's need for them greatly outweigh the potential hardship on the Bank.[33] The documents requested by the Trust, as discussed above, are within the scope of permissible Rule 2004 examination, and are more than relevant to the Trust's investigation of potential claims against USACM insiders, David Fogg, and other potential defendants.

28.    Furthermore, the Trust cannot obtain the documents from any other source.  Aside from the random scraps of correspondence involving Wells Fargo employees and USACM insiders that other non-parties produced to the Trust during its investigation, the Bank is the only entity in possession and/or control of emails and correspondence that its employees carried out with USACM and related entities.  Furthermore, since Wells Fargo managed USACM's accounts, it is the only entity in possession or control of information related to wire and ACH transfers to and out of theses accounts and the beneficiaries of such transfers.

29.    On the other hand, the potential hardship of responding to the Subpoena on the Bank is not so excessive as to prevent the production of responsive documents.  In fact, that Bank has already produced some of the requested bank account statements, wire transfers and correspondence, proving that the production does not impose an "undue" burden.  Wells Fargo will not suffer a revenue loss and its operations will not be interrupted if it is required to search for the requested records.[34]    Therefore, this Court should compel the Bank to respond to the Subpoena.

### 3.    The Bank May Not Avoid the Production of Confidential And Proprietary Documents After Rejecting A Stipulated Protective Order.

---

[33] *See Beinin v. Ctr. For Study of Popular Culture,* No. C 06-2298 JW (RS), 2007 WL 832962, at *2 (N.D. Cal. Mar. 16, 2007); *Gonzalez v. Google,* 234 F.R.D. 674, 680 (N.D. Cal. 2006).

[34] *See Beinin*, 2007 WL 832962, at *2 (finding that a request for production that would practically shut down the sole proprietor's business for three days while he was looking for the requested records, was undue burden).

30.    The general counsel for Wells Fargo indicated that the Bank will not produce its internal policies requested pursuant to the Subpoena on the grounds that such policies constitute proprietary and trade secret information.[35]  However, instead of making a generalized statement that such policies are proprietary, Wells Fargo must make a "strong showing that it has historically sought to maintain the confidentiality of this information"[36] in order to prevent its production.  The Bank has not made such a showing.

31.    Moreover, the Bank's refusal to produce the Bank's internal policies is unreasonable, as disclosure of trade secrets and proprietary information is allowed "when appropriate protective measures are in place."[37]   The Trust has offered that a stipulated protective order be entered by the parties in order to protect any proprietary interest or trade secrets that the Bank might have in its internal policies, limiting the use of such policies to this litigation.[38] Although, the Bank had at first promised to consider such protective order, it never provided its revisions to the Trust's proposed order and, effectively, refused to allow such protection to be put in place.[39]   The Bank cannot hide behind its empty objection when a legally acceptable solution has been proposed by the Trust.  Therefore, this Court should compel the Bank to produce its internal policies.

**B.    THE BANK'S OTHER UNTIMELY OBJECTIONS HAVE BEEN WAIVED AND ARE OTHERWISE INADEQUATE.**

**1.    The Untimely Objections Have Been Waived.**

---

[35] *See* Exhibit N.

[36] *See Gonzales v. Google, Inc.,* 234 F.R.D. 674, 684 (N.D. Cal. 2006) (citing *Compaq Computer Corp. v. Packard Bell Elec., Inc.,* 163 F.R.D. 329, 338 (N.D. Cal. 1995).

[37] *See id.* at 686; *Heat & Control, Inc. v. Hester Indus., Inc.,* 785 F.2d 1017, 1025 (Fed. Cir. 1986).

[38] *See* Exhibits N & F.

[39] *See* Exhibit H.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

        32.      On October 2, 2007, <u>eight months after the service of the Subpoena on the Bank,</u> Wells Fargo submitted the October 2007 Objections (Section II, supra).[40]   For the first time, the Bank objected on the grounds that: (1) the Subpoena seeks to impose a duty for Wells Fargo to produce documents that are not Wells Fargo's records but are records of Wells Fargo affiliates; (2) the Subpoena requires Wells Fargo to produce documents in the possession or control of persons acting under the control or on behalf of Wells Fargo; (3) the Subpoena seeks documents protected from disclosure by attorney-client privilege, work-product "or any other applicable privilege;" (4) the description of the requested documents is "vague, ambiguous, and unintelligible" and without reasonable particularity; and (5) the request for emails and electronic records imposes undue burden on Wells Fargo in terms of labor and financial cost."[41]

        33.      Under Federal Rule of Civil Procedure 45(c)(2)(B), when a non-party "commanded to produce and permits inspection, copying, testing, or sampling" has 14 days after service of the subpoena to assert any written objections to producing any or all of the designate materials.[42]   A party who does not timely object to a Rule 45 subpoena waives any objection to the subpoena.[43] Moreover, the rule requires "the recipient of a subpoena to raise *all* objections at once and in a timely manner so that discovery does not become a 'game.'"[44]

---

[40] *See* Exhibit E.

[41] *See id.*

[42] FED. R. CIV. P. 45.

[43] *See Millennium Holding Group, Inc. v. Sutura, Inc.,* No. 2:05-cv-00356-JCM-LRL, 2007 WL 121567, at *3 (D. Nev. Jan. 11, 2007); *U.S. ex rel. Schwartz v. TRW, Inc*., 211 F.R.D. 388, 392 (C.D. Cal. 2002) ("Failure to serve timely objections waives all grounds for objection, including privilege"); *see also In re DG Acquisition Corp.,* 151 F.3d 75, 81 (2d Cir. 1998) (same); *McCoy v. Southwest Airlines Co.,* 211 F.R.D. 381, 385 (C.D. Cal., 2002) (same).

[44] *Id.* at 385 ("Rule 45(c)(2)(B)[ ] require[s] the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a 'game.'"); *see also In re Corso,* 328 B.R. 375, 384 (E.D.N.Y. 2005) (citing *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 48-49 (S.D.N.Y. 1996)) (same).

1    34.    Wells Fargo's asserted the October 2007 Objections more than seven months after

2 the Rule 45 response deadline had passed. Therefore, the October 2007 Objections have been

3 waived, and the Court should compel the Bank to respond to the Subpoena.

4
### 2.    The October 2007 Objections Are Otherwise Inadequate.

5

6
#### a.    Wells Fargo Must Produce All Responsive Documents Within Its Control.

7    35.    Under Federal Rule of Civil Procedure 45(a)(1)(C), Wells Fargo must produce all

8 responsive documents that are within its possession, custody, or control.[45]  If Wells Fargo has

9
10 legal right to obtain documents upon demand from one of its affiliates or subsidiaries, then the

11 responsive documents that such an affiliate or subsidiary has are within Wells Fargo's control and

12 must be produced.[46]  Wells Fargo has control over any documents that are maintained by its

13 wholly-owned subsidiaries.[47]  With regards to other affiliates or subsidiaries, Wells Fargo's

14 objections should be disregarded until it shows that it has requested the records from its affiliates

15 and was denied the production.[48]

16
#### b.    A Blanket Assertion of Attorney-Client Privilege is Insufficient to Establish Such Privilege.

17

18    36.    Wells Fargo's October 2007 Objections included an objection on the grounds of

19 attorney-client privilege, work-product "or any other applicable privilege."    Under Rule

20 45(d)(2)(A):

21

22

23
[45] FED. R. CIV. P. 45(1)(a)(C).

24
[46] *See U.S. v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO,* 870 F.2d 1450, 1452 (9th Cir. 1989) (Control is defined as the legal right to obtain documents upon demand); *Searock v. Stripling,* 736 F.2d 650, 653 (11th Cir. 1984) (same).

25
[47] *See ATM Fee Antitrust Litig.,* 233 F.R.D. 542, 545 (N.D. Cal., 2005).

26
[48] *Zervos v. S.S. Sam Houston,* 79 F.R.D. 593, 595-96 (S.D.N.Y.1978) (A party ordered to show that he requested bank records and was denied access before records would be deemed beyond his control).

1

2

3

4

   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.[49]

5

6

37.  Thus, such blanket and generalized statements of privilege as Wells Fargo employed in response to the Subpoena are utterly insufficient to assert the privilege.[50]   Wells

7

Fargo has the burden of making a *prima facie* showing that the privilege protects the information

8

that it intends to withhold, and it can only make such a showing by providing a privilege log that

9

would allow the Trust to identify which documents are being withheld.[51]   Such privilege log must

10

identify: (a) attorney and client involved, (b) the nature off the documents, (c) all persons or entities

11

shown on the document to have received or sent the document, (d) all persons or entities

12

known to have been furnished the documents or informed of its substance, and, (e) the date the

13

14

documents was generated, prepared, or dated.[52]   In contrast, Wells Fargo's generalized assertion

15

of attorney-client privilege, does not come even close to meeting its *prima facie* burden.

16

38.  Similarly, the party asserting a work-product privilege, must establish such

17

privilege for each document by submitting detailed affidavits sufficient to show that precise facts

18

exist to support the doctrine.[53]   Wells Fargo's blanket and conclusory allegation of work product

19

immunity is likewise insufficient to prevent the production of documents.

20

21

22

[49] FED. R. CIV. P. 45(d)(2)(A).

23

[50] *Diamond State Ins. Co.,* 157 F.R.D. at 698; *Hodges, Grant & Kaufman v. United States,* 768 F.2d 719, 721 (5th Cir. 1985).

24

[51] *Id.; In re Grand Jury Investigation,* 974 F.2d 1068, 1070 (9th Cir. 1992).

25

[52] *Diamond State Ins. Co.,* 157 F.R.D. at 698; *In re Grand Jury Investigation,* 974 F.2d at 1071 (citing *Dole v. Milonas,* 889 F.2d 885, 888 n.3 890 (9th Cir. 1989)).

26

53 *Diamond State Ins. Co.,* 157 F.R.D. at 699; *Conoco Inc. v. United States Dept. of Justice,* 687 F.2d 724, 728 (3rd Cir. 1982); *Harvey's Wagon Wheel, Inc. v. N.L.R.B.,* 550 F.2d 1139, 1141 (9th Cir. 1976).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

39.      Finally, Wells Fargo must identify what privilege protects it from producing the documents.   A general statement that the documents are protected by "any other privilege" is entirely insufficient as it does not identify for the Trust what specific privilege is claimed by Wells Fargo, or what documents are protected by such privilege.

### c.    A Boilerplate Objection That The Subpoena Is "Vague and Ambiguous" Is An Inadequate Objection.

40.      A blanket assertion that the entire subpoena is vague and ambiguous is insufficient to prevent the enforcement of the Subpoena.[54]  For its objections to carry any weight, Wells Fargo must *specifically* identify the language that it considers vague and ambiguous, otherwise the party who drafted the subpoena and the Court are left to speculate what specific basis the Bank has for its objections.[55]  Although Wells Fargo made a blanket objection that the Subpoena was vague and ambiguous, the Bank failed to explain what specifically it considered to be vague or ambiguous.   Therefore, the Court should disregard Wells Fargo's objections and compel the response to the Subpoena.

41.      Furthermore, the Bank's objection that the Subpoena is "unintelligible" is not an adequate objection.   Without the Bank specifically identifying which language it does not understand,[56] the Trust and the Court are left guessing what the Bank finds objectionable.

42.      Finally, the Bank's objection that the Subpoena does not "identify the documents requested or information sought with reasonable particularity" is completely inadequate as well. Under Federal Rule of Civil Procedure 34(b) that addresses documents requests, a request for

---

54 *See Diamond State Ins. Co.,* 157 F.R.D. at 695.

55 *Id.*

56 *See Black's Law Dictionary* 1374 (5th Ed.) (Defining "Unintelligible" as "That which cannot be understood").

USACM LIQUIDATING TRUST'S                                                                    127688-1
MOTION TO COMPEL PRODUCTION
OF DOCUMENTS BY WELLS FARGO

1
2
3
4
5
6
7
8
9
10
11
12

production must be set out with "reasonable particularity."[57]  The test for reasonable particularity

is whether the request places the party upon "reasonable notice of what is called for and what is

not."[58]    Therefore, the party requesting the production of documents must provide "sufficient

information to enable [the party to whom the request is directed] to identify responsive

documents."[59]   For example, a document request is not reasonably particular if it merely requests

documents "related to a claim or defense" in the litigation.[60]   Here, the Trust has identified the

relevant time period, the entities to which the documents relate, and particular types of documents.

Such specifications are sufficient to help Wells Fargo to identify the responsive documents.

Furthermore, the Bank has already partially responded to the requests for production proving that

the requests are stated with "reasonable particularity."

13

**d.    Wells Fargo's Objection to Production of Emails Fails Because the Bank Has Not Made a Required Showing of Undue Burden.**

14
15
16
17
18
19
20

43.    One of Wells Fargo's October 2007 Objections was based on the fact that the

Subpoena requested information "such as e-mails or any other records stored electronically or

otherwise, that are not part of any physical file and are, therefore, not readily available."[61]   Under

Rule 45(d)(1)(D), on a motion to compel discovery, a non-party from whom discovery is sought

must show that the electronically stored information sought is not reasonably accessible because

of undue burden or cost.[62]

21

22

[57] Fed. R. Civ. P. 34.

23

[58] *Parsons v. Jefferson-Pilot Corp.,* 141 F.R.D. 408, 412 (M.D.N.C. 1992) ("Document requests ... must be described with 'reasonable particularity.'"); *Kidwiler v. Progressive Ins. Co.,* 192 F.R.D. 193, 202 (N.D.W. Va. 2000) (same);

24

[59] *Id.*

25

[60] *Id.*

[61] *See* Exhibit E.

26

[62] *See* FED. R. CIV. P. 45(d)(1)(D).

USACM LIQUIDATING TRUST'S                                                                       127688-1
MOTION TO COMPEL PRODUCTION
OF DOCUMENTS BY WELLS FARGO

44.    Wells Fargo's conclusory objection automatically assumes that any electronic information that is "not a party of any physical file" is not reasonably accessible.    Such assumption is a far cry from reality.  In fact, as many courts have noticed before "[e]lectronic evidence is frequently cheaper and easier to produce than paper evidence because it can be searched automatically, key words can be run for privilege checks, and the production can be made in electronic form obviating the need for mass photocopying."[63]   Thus, Wells Fargo must make an *evidentiary showing* that the requested e-mails between Wells Fargo employees and USACM, related entities and individuals are not reasonable accessible because of undue burden or cost.[64]  Since Wells Fargo has not made such a showing, the Court should compel its responses to the Subpoena.[65]

45.    Because Wells Fargo's objections made eights months after the Subpoena was served on the Bank are untimely and have been waived, and because such objections are otherwise inadequate to prevent the enforcement of the Subpoena, the Court should compel Wells Fargo to produce the requested documents.

## V.  CONCLUSION

46.    WHEREFORE, the Trust respectfully requests that this Court enter an order compelling Wells Fargo (a) to produce the documents requested by the Trust pursuant to Federal Rule of Bankruptcy Procedure 2004 and (b) to order the Rule 2004 examination regarding the

---

[63] *See Zubulake v. UBS Warburg LLC,* 217 F.R.D. 309, 318 (S.D.N.Y. 2003) (citing Shira A Scheidnlin & Jefrrey Rabkin, *Electronic Discovery in Federal Civil Litigation: Is Rule 34 Up to the Task?,* 41 B.C. L. Rev. 327, 335-41 (2000); *Auto Club Family Ins. Co. v. Ahner*, No. Civ. A. 05-5723 2007 WL 2480322, at *3 (E.D. La. Aug. 29, 2007).

[64] *Id.*

[65] In anticipation of Wells Fargo's argument regarding costs of such production, the Trust agrees to share in some reasonable production costs, as with Wells Fargo's prior production, which covers the Bank's time in searching and retrieving electronic documents responsive to the Subpoena.

1  topics listed in the Subpoena and the substantive issues related to the underlying documents

2  within at least 20 days after the production deadline.

3      Dated:  February 5, 2008

4

**DIAMOND MCCARTHY LLP**                        **LEWIS AND ROCA LLP**

5

6

7  By: ___/s/ Eric D. Madden_____          By: _____/s/ Rob Charles _____
   Allan B. Diamond, TX 05801800 (pro hac vice)      Rob Charles, NV 6593
8  William T. Reid, IV, TX 00788817 (pro hac vice)    3993 Howard Hughes Parkway, Suite 600
   Eric D. Madden, TX 24013079 (pro hac vice)         Las Vegas, Nevada  89169-5996
9  909 Fannin, Suite 1500                             (702) 949-8321 (telephone)
   Houston, Texas 77010                               (702) 949-8320 (facsimile)
10 (713) 333-5100 (telephone)
   (713) 333-5199 (facsimile)
11
                                                      *Counsel for USACM Liquidating Trust*
12 *Special Counsel for USACM Liquidating Trust*

13

14                          **Certificate of Conference**

15      On February 5, 2007, Ms. Elisaveta Dolghih, another attorney at Diamond McCarthy LLP,

16 on behalf of Eric D. Madden, counsel for USACM Liquidating Trust, and Ms. Toysha Martin,

17 counsel for Wells Fargo, held a conference pursuant to Local Rule 7026.  The parties were unable

18 to resolve the matter without court action.

19

20

21 By: ___/s/ Eric D. Madden_____
   Allan B. Diamond, TX 05801800 (pro hac vice)
22 William T. Reid, IV, TX 00788817 (pro hac vice)
   Eric D. Madden, TX 24013079 (pro hac vice)
23 909 Fannin, Suite 1500
   Houston, Texas 77010
24 (713) 333-5100 (telephone)
   (713) 333-5199 (facsimile)
25

26

USACM LIQUIDATING TRUST'S                                              127688-1
MOTION TO COMPEL PRODUCTION
OF DOCUMENTS BY WELLS FARGO