# EXHIBIT A

B254 (5/92) Subpoena for Rule 2004 Examination

# United States Bankruptcy Court

### DISTRICT OF NEVADA

IN RE

**USA COMMERCIAL MORTGAGE COMPANY,**
**USA CAPITAL REALTY ADVISORS, LLC,**
**USA CAPITAL DIVERSIFIED TRUST DEED FUND LLC,**
**USA CAPITAL FIRST TRUST DEED FUND LLC,**
**USA SECURITIES, LLC,**

                                                    DEBTORS.

AFFECTS: ALL DEBTORS

**SUBPOENA FOR RULE 2004 EXAMINATION**

CASE NOS.    BK-S-06-10725 LBR
             BK-S-06-10726 LBR
             BK-S-06-10727 LBR
             BK-S-06-10728 LBR
             BK-S-06-10729 LBR

JOINTLY ADMINISTERED UNDER
CASE NO. BK-S-06-10725-LBR

TO:    Wells Fargo Bank, N.A.
       and Wells Fargo Bank of Nevada
       c/o CSC Services of Nevada, Inc.
       502 East John Street, Room E
       Carson City, Nevada  89706

**X YOU ARE COMMANDED** to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, pursuant to the attached court order, regarding the following topics at the place, date and time specified below:

### SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| LEWIS AND ROCA, LLP<br>3993 HOWARD HUGHES PARKWAY, SUITE 600<br>LAS VEGAS, NEVADA 89169<br>(702) 949-8200 | April 11, 2007<br>10:00 A.M. |

**X YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

### SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED

| PLACE | DATE |
|---|---|
| DIAMOND MCCARTHY LLP<br>909 FANNIN STREET, SUITE 1500<br>HOUSTON, TEXAS  77010<br>(713) 333-5100 | March 27, 2007 |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| _(signature)_<br>Special Litigation Counsel for the USACM Liquidating Trust | March 13, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

ERIC D. MADDEN
DIAMOND MCCARTHY LLP
1201 ELM STREET, 34TH FLOOR
DALLAS, TEXAS  75270
(214) 389-5306

{00365037;}

# PROOF OF SERVICE

| DATE: | | PLACE: | |
|---|---|---|---|

SERVED:

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

  Date                                    Signature of Server

  _____

  Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}

# EXHIBIT A

The topics of examination under Federal Rule of Bankruptcy Procedure 2004 shall include:

(1)    Your policies, if any, regarding document destruction and retention, and how those policies were applied to the documents requested in EXHIBIT B (the "documents");

(2)    How and where the documents are kept and filed;

(3)    Whether the documents are kept in the ordinary and usual course of business;

(4)    How the documents came to be created, including the identities (specifically or by category) of the persons creating them;

(5)    Whether the persons creating the documents had personal knowledge of the matters stated in the documents, or created from them information transmitted by someone with such knowledge;

(6)    Whether it was regular practice to create the documents (or keep a file of the documents, if created by others);

(7)    The efforts made to locate and produce the documents;

(8)    The identities of all persons assisting with the search for responsive documents;

(9)    Whether any responsive documents were withheld on any ground;

(10)    Whether any responsive documents have been destroyed, and if so, when and for what reason or pursuant to what policy or instruction;

(11)    Whether any documents that should have been found were missing, and if so, the reasons that the documents were missing; and

(12)    Whether any of the instructions provided in EXHIBIT B were not followed, and if so, which instructions were not followed and the reasons for any and all departures from the instructions.

## EXHIBIT B

## I. DEFINITIONS

As used herein, unless otherwise indicated:

1.      "Communication" means any transmittal of information, of any kind, without regard to whether such information was transmitted orally, in writing, electronically, visually, or by any other means.

2.      "Debtors" shall mean USA Commercial Mortgage Company, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC, USA Securities, LLC, and their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of any of the Debtors, including any attorneys, advisors, or consultants.

3.      "Document" means all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements,

- 1 -

records of inventory, financial and/or accounting records, catalogues, trade journals, and any other documented or recorded information. The term "document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method. The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

4.    "Entity" or "Entities" shall mean the following entities, their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of any of the Entities, including any attorneys, advisors, or consultants:

- Abogo Marketing, LLC
- A. L. LLC
- Amblamo, LLC
- Ashby USA, LLC
- ASQ, Inc.
- Aware TM 30850, LLC
- Barone-Tanamera Condominiums, LLC
- Barusa, LLC
- B&L Investments, Inc.
- Bellavista Partners Limited Partnership
- Blue Vale, LLC
- Brentwood 128, LLC
- Cabernet Highlands, LLC
- California Desert, LLC

- Campo Land Investment, LLC
- Caughlin Club Management Partners, LLC
- Caughlin Club Real Property Investors, LLC
- CCRE Investors, LLC
- Chardonnay Village Investors, LLC
- Classic Residences, LLC
- Clemency, LLC
- Commercial Concepts, LLC
- Comstock Village Investors, LLC
- Conference Pros, LLC
- Cornman Toltec 160, LLC
- DDH Financial Corp.
- Diamond Village Investors, LLC
- Dirt Holdings, LLC
- Double Diamond Homes, LLC
- Double Diamond Management Company, LLC
- Eagle Ranch, LLC
- Eagle Ranch, LLC
- Eagle Ranch Development, LLC
- Eagle Ranch Residential, LLC
- Electro Optical Systems Corp.
- Emigh Investments, LLC
- Equus Management Group
- Foothill Commerce Center, LLC
- FWY 101 USA Investors, LLC
- Hamilton & Montoure, LLC
- The Hantges Children's Educational Trust
- Happy Valley, LLC
- Haspinov, LLC
- HBM Holdings, LLC
- HBM Inc.
- HMA Management, LLC
- HMA Sales, LLC
- Homewood Village Investors I, LLC
- Housing Partners, LLC
- Indian Wells California Partners, LLC
- Institutional Equity Partners, LLC
- Institutional Income Fund
- Intelligent E-Mail, Inc.
- JaDeM Investments, LLC
- Joseph D. Milanowski 1998 Trust
- Kburr Brokerage Company, LLC
- Kegan, LLC
- Kenya 98, LLC
- La Hacienda Land Investors
- Longley Town Centre, LLC
- Longley Professional Campus, LLC

- Lucid Land Development, LLC
- Lucius Blanchard Family Foundation
- Market Consultants Limited Partnership
- The Meadows Investors, LLC
- Medical Billing Alliance, Inc.
- Met Partners, LLC
- Miners Village Investors, LLC
- M.M.P.LE., LLC
- Mojave Advertising, LLC
- Monticello Investors, LLC
- Mountainview Campus Investors, LLC
- M.P.D.D. Ranch, LLC
- M.P. Tanamera, LLC
- Nellis Crossing Management, LLC
- Nevada Skin and Cancer, Lucius Blanchard, M.D. Chartered
- Nevada Technology Networks, LLC
- Opaque Land Development, LLC
- Palmdale Associates, LLC
- Palomino Partners, a Nevada Limited Partnership
- Paul Steven Hamilton Family Limited Partnership
- PBH Family, L.P.
- Perusa, LLC
- Pecos Professional Park Limited Partnership
- Pecos Professional Park Property Owners Association
- PES, L.L.C.
- Pioneer Village Investors, LLC
- Placer County Land Investors, LLC
  (formerly Placer County Land Speculators, LLC)
- Random Developments, LLC
- Robert V. Jones, Corp.
- Preserve at Galleria, LLC
- Ravenswood Apple Valley, LLC
- Red Granite, LLC
- Redundant Networks, Inc.
- Reno Corporate Center, LLC
- Reno Design Center, LLC
- Reno South Meadows, LLC
- Resort International Marketing Inc.
- Resort Magic, LLC
- Resort Management Solutions, LLC
- Rowe Family Trust
- Royal Center Associates, LLC
- Royal Hotel Corporation
- Royal Resort Enterprises, LLC
- Royal Resort Operating Company, LLC
- Royal Resort Vacation Owners Association, Inc.
- Royal Vacation Suites, Inc.

- RTTC Communications, LLC
- Sandhill Business Campus, LLC
- Sandhill Properties, LLC
- Shadow Glen 420, Inc.
- Shadroc, LLC
- Shoshone Cattle and Land Development Co.
- Sierra Vista Investors, LLC
- Signature/USA Partners Limited Partnership
- Soda Flats Land Company, LLC
- South Meadows Apartments, LLC
- South Meadows Commercial Property, LLC
- South Meadows Office Investors, LLC
- South Meadows Residential Partners, LLC
- Southern California Land Development, LLC
- Sparks Galleria Investors, LLC
- Sparks Galleria Investors, LLC
- Sparks Galleria Investors II, LLC
- Sugartree, LLC
- TA Management, LLC
- Tanamera Apartments, LLC
- Tanamera Commercial Development, LLC
- Tanamera Corporate Center, LLC
- Tanamera Development, LLC
- Tanamera Homes, LLC
- Tanamera Holding Company, Inc.
- Tanamera Management, LLC
- Tanamera Residential, LLC
- Tanamera Resort Condominiums, LLC
- Tanamera Resort Partners, LLC
- Tanamera Seniors Village, LLC
- TCD Financial Corp.
- TCD Land Investments
- Telephone Associates of Arizona Limited Liability Company
- Telephone Associates of Nevada Limited Liability Company
- Thunderbird Hotel Corporation
- Tigger Too
- TJA Marketing, LLC
- Toblak, LLC
- Trading Places International, Inc.
- Trans-Aero Land & Development Company
- Tree Moss Partners, LLC
- Twelve Horses North America, Inc.
- Twelve Horses North America, LLC
- USA Capital Diversified Trust Deed Fund
- USA Capital First Trust Deed Fund
- USA Capital Fund I, LLC
- USA Capital Fund II, LLC

- USA Capital Fund III, LLC
- USA Capital High Income Real Estate Lending Fund, LLC
- USA Capital Institutional High Income Fund, LLC
- USA Capital Mortgage, LLC
- USA Capital Realty Advisors, LLC
- USA Capital Secured Income Fund, LLC
- USA Capital Specialty Finance, LLC
- USA Commercial Mortgage Company
- USA Commercial Real Estate Group
- USA Development, Inc.
- USA Development Fund Two Limited Partnership
- USA Investment Partners, LLC
- USA Investors I, LLC
- USA Investors II, LLC
- USA Investors III, LLC
- USA Investors IV, LLC
- USA Investors V, LLC
- USA Investors VI, LLC
- USA Lottery Investors, LLC
- USA Partners, Inc.
- USA Reno Mini-Storage, LLC
- USA Secured Income Fund, LLC
- USA Securities, LLC
- USA South Tech Partners, Ltd.
- USA/RVJ Development Fund One Limited Partnership
- Vaudio, LLC
- Vegas Hot Spots, LLC
- Vineyard Highlands, LLC
- The Vineyard Investors, LLC
- Vineyard Professional Campus, LLC
- Waterford Partners, LLC
- Willowbrook Residential, LLC
- Wyndgate Partners II, LLC
- Wyndgate Investors, LLC

5.     "Evidencing" means constituting, mentioning, describing, concerning,
referring to, relating to, supplementing, amending, superseding, replacing, modifying, or
pertaining to, in whole or in part, the subject matter of the particular requests.

6.     "Identify" or "identity" with respect to a natural person requires that the
following information be provided for each such person:

(a)     the name of the person;

- 6 -

(b)    the last known home address, business address and/or telephone number of each person.

7.    "Identify" or "identity" with respect to a person other than a natural person (e.g., corporation, partnership, unincorporated joint venture, sole proprietorship, subchapter S corporation) requires that the following information be provided for each such person:

(a)    the name of the person;

(b)    the last known address and telephone number of that person's headquarters or principal place of business.

8.    "Identify" or "identity" with respect to a document means to state the date and author of the document, the type of document (e.g., letter, memorandum, telegram, chart), the addressee or intended recipient, a summary of its contents or other means of identifying the document, and the present location and custodian of the document. Alternatively, in lieu of the foregoing identification, the document may be produced along with an identification of the interrogatory to which it is responsive.  If any such document was, but is no longer, in the possession, custody, or control of Wells Fargo or Wells Fargo's attorneys or agents, state what disposition was made of it and the date of such disposition.    With respect to document identification, documents prepared subsequent to or prior to the time period specified in these interrogatories but which relate or refer to such time or period are to be included in your response.

9.    "Identify" or "identity" with respect to a communication, written or oral conversation, conference or meeting, means to identify all persons participating in or in

- 7 -

attendance at the communication, conversation, conference or meeting, and to identify all documents recording, summarizing or otherwise arising from the communication, conversation, conference or meeting in accordance with the definitions stated above. In addition, "identify" or "identity" with respect to a communication, conversation, conference or meeting means to state in detail its purpose, all subjects discussed, the method(s) of communication.

10. "Individual" or "Individuals" shall mean the following individuals:

- Allen Abolafia
- Richard Ashby
- David M. Berkowitz
- Lucius Blanchard
- Eugene Buckley
- Phil Dickinson
- Michael Efstratis
- David A. Fogg
- Cynthia ("Cindy") Gatto
- Paul Hamilton
- Andrew Hantges
- Thomas Hantges
- Stephen R. Hefner
- Rob Hilson
- R.J. Jackson
- Robert V. Jones
- Kraig Knudsen
- Victoria (Hessling) Loob
- Joe Lopez
- Robert MacFarlane
- Cynthia Milanowski
- Joseph Milanowski
- Anthony Monaco
- Sue Monaco
- Christianne Orear
- Salvatore Reale
- Thomas Rondeau

- Kreg D. Rowe
- Robert Russell
- Jeanne Russo
- Michael Scofield
- Brett Seabert
- (Amir) Faisal Siddiqui
- Tracy Suttles
- Robert "Bobby" Tomljenovich
- Albert Whalen

11.    "Person" means an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity.  "Person" means the plural as well as the singular.

12.    "Relating or referring" and/or "relate or refer" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

13.    "Wells Fargo" shall refer to Wells Fargo Bank, N.A. and Wells Fargo Bank of Nevada and predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of Wells Fargo, including any attorneys, advisors, or consultants

- 9 -

14.    "You" or "your" refers to Wells Fargo (as defined above) and its employees, officers, agents, subsidiaries, affiliates and all other persons acting, understood to act, or purporting to act on its behalf or under its direction or control.

## II. INSTRUCTIONS

1.    The following document requests are to be responded to fully, by furnishing all information in your possession, custody or control.   Your having possession, custody, or control of a document includes your having a right, superior to other parties, to compel the production of such document from a third party, such as your agent, employee, representative, or, unless privileged, attorney.

2.    If any document requested herein has been lost, discarded, or destroyed, the document so lost, discarded or destroyed should be identified as completely as possible, including without limitation, the date the document was lost, discarded, or destroyed, the manner in which the document was lost, discarded, or destroyed, the reason(s) the document was lost, discarded, or destroyed, the person who authorized that the document be destroyed or discarded, and the person who lost, discarded, or destroyed the document.

3.    If you cannot produce a document because it no longer exists or is no longer in your possession, custody, or control, please identify that document by:  (a) its title; (b) its nature (for example, a "letter" or "e-mail"); (c) the date it was created or sent; (d) its author(s) and signator(y/ies); (e) any of its recipient(s); (f) the last place it was known to have been located; (g) the circumstances under which it ceased to exist or passed from your possession, custody, or control; and (h) the identity and last known

residence and business address of any person who had knowledge of its existence and location.

4.    Produce the original, as well as all non-identical duplicates or copies and/or drafts, of all requested documents in your possession, in the possession of your agents, attorneys, accountants or employees, or which are otherwise within your custody, control, or access, wherever located. A document with handwritten notes, editing marks, etc., is not identical to one without such notes or marks and therefore must be produced if within the scope of documents requested.

5.    Produce each requested document in its entirety, including all attachments and enclosures, even if only a portion of the document is responsive to the request.

6.    If you withhold from production any document (or portion of any document) that is otherwise responsive to a request on the basis of a claim of privilege, work product, or other ground, you must provide sufficient information regarding the withheld document to permit the Court and the parties to evaluate the propriety of your objection. Specifically, you must identify:  (a) the name and title of the author(s) of the document; (b) the name and title of each person to whom the document was addressed; (c) the name and title of each person to whom the document was distributed; (d) the name and title of each person to whom the document was disclosed, in whole or in part; (e) the type of document (e.g., "memorandum" or "report"); (f) the subject matter of the document; (g) the purpose(s) of the document; (g) the date on the document and, if different, the date on which the document was created and/or sent; (h) the number of pages of the document; (i) the specific request herein to which the document is

responsive; (j) the nature of the privilege(s) asserted as to the document; and (k) a detailed, specific explanation as to why the document is privileged or otherwise immune from discovery, including a presentation of all factual grounds and legal analyses.

7.    If any requested document cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

8.    Please produce each specified document either (a) in the original file or organizational system in which it is regularly maintained or organized or (b) designate which documents are being produced in response to which of the numbered specifications below.  Produce the requested documents either in their original file folders or appended to a copy of any writing on the file folders from which the documents are taken.

9.    Identify each document produced by the paragraph number of this schedule to which it is responsive.  If a document is produced in response to more than one request, it is sufficient to identify only the first request to which the document is responsive.

10.    All electronically stored information must be produced in the same form or forms in which it is ordinarily maintained.   Specifically, all electronically stored information must be produced in its native format, so that the metadata can be accessed.

11.    Unless otherwise specified, the relevant time period for this request is from January 1, 1997 through and including the present.

12.    This request is a continuing one that calls for the supplemental or additional production of documents if any defendant or its counsel obtains supplemental or additional documents.

13.    In responding to the requests below: (a) the disjunctive shall also be read to include the conjunctive and vice versa; (b) "including" shall be read to mean "including without limitation;" (c) the singular shall also be read to include the plural and vice versa; (d) the present shall also be read as if the past tense and vice versa; (e) "any" shall be read to include "all" and vice versa; and (f) "and" shall be read to include "or" and vice versa.

## III. <u>DOCUMENTS TO BE PRODUCED</u>

1.    Any and all documents evidencing any and all accounts at Wells Fargo held in the name of or for the benefit of any of the Debtors.

2.    Any and all documents evidencing any and all accounts at Wells Fargo held in the name of or for the benefit of any of the Entities.

3.    Any and all documents evidencing any and all accounts at Wells Fargo held in the name of or for the benefit of any of the Individuals.

4.    Any and all documents evidencing the type and purpose of any and all accounts at Wells Fargo held in the name of or for the benefit of any of the Debtors.

5.    Any and all documents evidencing the type and purpose of any and all accounts at Wells Fargo held in the name of or for the benefit of any of the Entities.

6.    Any and all documents evidencing the type and purpose of any and all accounts at Wells Fargo held in the name of or for the benefit of any of the Individuals.

7.    Any and all documents evidencing the transactions and/or activity in the accounts at Wells Fargo held in the name of or for the benefit of any of the Debtors.

8.      Any and all documents evidencing the transactions and/or activity in the accounts at Wells Fargo held in the name of or for the benefit of any of the Entities.

9.      Any and all documents evidencing the transactions and/or activity in the accounts at Wells Fargo held in the name of or for the benefit of any of the Individuals.

10.      Any and all documents evidencing the history of the relationship between any of the Debtors and Wells Fargo.

11.      Any and all documents evidencing the history of the relationship between any of the Entities and Wells Fargo.

12.      Any and all documents evidencing the history of the relationship between any of the Individuals and Wells Fargo.

13.      Any and all documents evidencing the identification and status of all present and former employees responsible for handling transactions or accounts of any of the Debtors at Wells Fargo over the course of Wells Fargo's relationship with any of the Debtors.

14.      Any and all documents evidencing the identification and status of all present and former employees responsible for handling transactions or accounts of any of the Entities at Wells Fargo over the course of Wells Fargo's relationship with any of the Entities.

15.      Any and all documents evidencing the identification and status of all present and former employees responsible for handling transactions or accounts of any of the Individuals at Wells Fargo over the course of Wells Fargo's relationship with any of the Individuals.

16.    Any and all documents evidencing actual, apparent, and/or purported authorization of any and all individuals to act on behalf of any Debtors, including but limited to signature cards and authorization letters.

17.    Any and all documents evidencing actual, apparent, and/or purported authorization of any and all individuals to act on behalf of any Individuals, including but limited to signature cards and authorization letters.

18.    Any and all documents evidencing actual, apparent, and/or purported authorization of any and all individuals to act on behalf of any Entities, including but limited to signature cards and authorization letters.

19.    Any and all documents evidencing the application, opening, acceptance, management, ongoing review and oversight of the accounts at Wells Fargo held in the name of or for the benefit of any of the the Debtors, and any Wells Fargo policies and procedures applicable to these activities.

20.    Any and all documents evidencing the application, opening, acceptance, management, ongoing review and oversight of the accounts at Wells Fargo held in the name of or for the benefit of any of the Entities, and any Wells Fargo policies and procedures applicable to these activities.

21.    Any and all documents evidencing the application, opening, acceptance, management, ongoing review and oversight of the accounts at Wells Fargo held in the name of or for the benefit of any of the Individuals, and any Wells Fargo policies and procedures applicable to these activities.

22.    Any and all correspondence files, account officer files, customer call records and credit files with respect to any accounts at Wells Fargo held in the name of or for the benefit of any of the Debtors.

23.    Any and all correspondence files, account officer files, customer call records and credit files with respect to any accounts at Wells Fargo held in the name of or for the benefit of any of the Entities.

24.    Any and all correspondence files, account officer files, customer call records and credit files with respect to any accounts at Wells Fargo held in the name of or for the benefit of any of the Individuals.

25.    Any and all documents pertaining to the Debtors' accounts for internal audit and regulatory compliance purposes.

26.    Any and all documents evidencing handling of overdrafts on any accounts at Wells Fargo held in the name of or for the benefit of any of the Debtors.

27.    Any and all documents evidencing handling of overdrafts on any accounts at Wells Fargo held in the name of or for the benefit of any of the Entities.

28.    Any and all documents evidencing handling of overdrafts on any accounts at Wells Fargo held in the name of or for the benefit of any of the Individuals.

29.    Any and all documents evidencing Wells Fargo's training of employees with respect to opening of accounts, due diligence to be performed on account applicants, maintenance of client correspondence files, maintenance of the account officer files, maintenance of customer call records, maintenance of credit files, extension of credit, determination and monitoring of credit worthiness, monitoring of accounts for internal

audit and regulatory compliance purposes, handling of overdrafts on accounts and waivers of limitations on accounts and wire transfers.

30.    Any and all documents evidencing any site visits or reviews of any Debtors conducted by Wells Fargo.

31.    Any and all documents evidencing any site visits or reviews of any Entities conducted by Wells Fargo.

32.    Any and all documents evidencing Wells Fargo's actions, systems, policies and procedures to assure regulatory and internal audit compliance with respect to the accounts and the transactions and activity in the accounts of any Debtors, Entities, or Individuals.

33.    Any and all documents evidencing Wells Fargo's policies and procedures applicable to monitoring, review and/or investigation of transactions and activity in the accounts of the Debtors, Entities, or Individuals.

34.    Any and all documents evidencing actions taken by Wells Fargo to comply with "know your customer" policies with respect to any person or company affiliated with any Debtors that held an account at Wells Fargo.

35.    Any and all documents evidencing actions taken by Wells Fargo to comply with "know your customer" policies with respect to any person or company affiliated with any Entities that held an account at Wells Fargo.

36.    Any and all documents evidencing actions taken by Wells Fargo to comply with "know your customer" policies with respect to any person or company affiliated with any Individuals that held an account at Wells Fargo.

37.     Any and all documents evidencing Wells Fargo's detection of any suspicious activity in any accounts of any Debtors and actions taken in response thereto.

38.     Any and all documents evidencing Wells Fargo's detection of any suspicious activity in any accounts of any Entities and actions taken in response thereto.

39.     Any and all documents evidencing Wells Fargo's detection of any suspicious activity in any accounts of any Individuals and actions taken in response thereto.

40.     Any and all documents evidencing Wells Fargo's detection of circular transactions in any accounts of the Debtors and actions taken in response thereto.

41.     Any and all documents evidencing Wells Fargo's policies and procedures with respect to the filing of suspicious activity reports.

42.     Any and all documents evidencing Wells Fargo's policies and procedures with respect to the PC Manager computer program (or any other computer program provided by Wells Fargo to its customers for the processing of wire transfers).

43.     Any and all documents evidencing loans or other forms of credit extended to any person or company affiliated with the Debtors, Entities, and/or Individuals by Wells Fargo and the terms thereof.

44.     Any and all documents evidencing actions taken by Wells Fargo to determine and monitor the credit worthiness of any person or company affiliated with the Debtors, Entities, and/or Individuals to whom Wells Fargo made loans or extended other forms of credit.

45.    Any and all documents evidencing correspondence and communications between any of the Debtors and Wells Fargo.

46.    Any and all documents evidencing correspondence and communications between any of the Entities and Wells Fargo.

47.    Any and all documents evidencing correspondence and communications between any of the Individuals and Wells Fargo.

48.    Any and all documents evidencing correspondence and communications between Wells Fargo and the auditors of any of the Debtors, including, but not limited to, Deloitte & Touche LLP, Piercy Bowler Taylor & Kern, and Beadle McBride Evans & Reeves LLP.

49.    Any and all documents evidencing meetings between Wells Fargo and any Debtors.

50.    Any and all documents evidencing meetings between Wells Fargo and any Entities.

51.    Any and all documents evidencing meetings between Wells Fargo and any Individuals.

52.    Any and all documents evidencing wire transfers received or sent by Wells Fargo with reference to any accounts at Wells Fargo held in the name of or for the benefit of any of the Debtors.

53.    Any and all documents evidencing wire transfers received or sent by Wells Fargo with reference to any accounts at Wells Fargo held in the name of or for the benefit of any of the Entities.

54.     Any and all documents evidencing wire transfers received or sent by Wells Fargo with reference to any accounts at Wells Fargo held in the name of or for the benefit of any of the Individuals.

55.     Any and all documents evidencing Wells Fargo's policies and procedures applicable to wire transfers to or from the accounts of any Debtors, Entities, and/or Individuals.

56.     Any and all documents evidencing wire transfers to or from accounts of any Debtors that were circular in nature or unusually large in dollar amount.

57.     Any and all documents evidencing wire transfers to or from accounts of any Entities that were circular in nature or unusually large in dollar amount.

58.     Any and all documents evidencing wire transfers to or from accounts of any Individuals that were circular in nature or unusually large in dollar amount.

59.     Any and all documents evidencing Wells Fargo's policies and procedures applicable to wire transfers to or from accounts of any Debtors, Entities, or Individuals that were circular in nature or unusually large in dollar amount.

60.     Any and all documents evidencing wire transfers to or from accounts of any Debtors where the name of the recipient or transferor is not identified.

61.     Any and all documents evidencing wire transfers to or from accounts of any Entities where the name of the recipient or transferor is not identified.

62.     Any and all documents evidencing wire transfers to or from accounts of any Individuals where the name of the recipient or transferor is not identified.

63.    Any and all documents evidencing Wells Fargo's policies and procedures with respect to wire transfers to or from accounts of any Debtors, Entities, and/or Individuals where the name of the transferor or recipient is not identified.

64.    Any and all documents evidencing Wells Fargo's knowledge of the sources and uses of funds deposited into any accounts at Wells Fargo held in the name of or for the benefit of any of the Debtors.

65.    Any and all documents evidencing Wells Fargo's knowledge of the sources and uses of funds deposited into any accounts at Wells Fargo held in the name of or for the benefit of any of the Entities.

66.    Any and all documents evidencing Wells Fargo's knowledge of the sources and uses of funds deposited into any accounts at Wells Fargo held in the name of or for the benefit of any of the Individuals.

67.    Any and all documents evidencing Wells Fargo's knowledge of the business activities of any Debtors.

68.    Any and all documents evidencing Wells Fargo's knowledge of the business activities of any Entities.

69.    Any and all documents evidencing Wells Fargo's knowledge of the business activities of any Individuals.

70.    Any and all documents evidencing Wells Fargo's knowledge of any illegal activity by any Entities or any activity of any Entities considered by Wells Fargo to be suspicious.

71.    Any and all documents evidencing Wells Fargo's knowledge of any illegal activity by any Individuals or any activity of any Individuals considered by Wells Fargo to be suspicious.

72.    Any and all documents evidencing any concerns or problems that arose, including but not limited to regulatory or internal audit compliance concerns, with respect to any of the accounts of any Debtors at Wells Fargo or any activity or transactions therein, and the actions taken by Wells Fargo to remedy those concerns or problems.

73.    Any and all documents evidencing any concerns or problems that arose, including but not limited to regulatory or internal audit compliance concerns, with respect to any of the accounts of any Entities at Wells Fargo or any activity or transactions therein, and the actions taken by Wells Fargo to remedy those concerns or problems.

74.    Any and all documents evidencing any concerns or problems that arose, including but not limited to regulatory or internal audit compliance concerns, with respect to any of the accounts of any Individuals at Wells Fargo or any activity or transactions therein, and the actions taken by Wells Fargo to remedy those concerns or problems.

75.    Any and all documents evidencing overdrafts on accounts of any Debtors and actions taken by Wells Fargo with respect to such overdrafts.

76.    Any and all documents evidencing overdrafts on accounts of any Entities and actions taken by Wells Fargo with respect to such overdrafts.

77.    Any and all documents evidencing overdrafts on accounts of any Individuals and actions taken by Wells Fargo with respect to such overdrafts.

78.    Any and all documents evidencing Wells Fargo's policies and procedures applicable to overdrafts on any accounts held by Debtors, Entities, and/or Individuals.

79.    Any and all documents evidencing any participation by Wells Fargo in any loans extended by any Debtors to a third party.

80.    Any and all documents evidencing any participation by Wells Fargo in any loans extended by any Entities to a third party.

81.    Any and all documents evidencing any participation by Wells Fargo in any loans extended by any Individuals to a third party.

82.    Any and all documents evidencing any reports or filings made to any regulatory agency or group relating to any Debtors.

83.    Any and all documents evidencing any reports or filings made to any regulatory agency or group relating to any Entities.

84.    Any and all documents evidencing any reports or filings made to any regulatory agency or group relating to any Individuals.

85.    Any and all documents evidencing fees earned by Wells Fargo and its employees for the handling of the accounts of any Debtors and wire transfers to or from those accounts.

86.    Any and all documents evidencing fees earned by Wells Fargo and its employees for the handling of the accounts of any Entities and wire transfers to or from those accounts.

87.    Any and all documents evidencing fees earned by Wells Fargo and its employees for the handling of the accounts of any Individuals and wire transfers to or from those accounts.

88.    Any and all documents evidencing correspondence and communications between Wells Fargo and any attorneys for any of the Debtors, including but not limited to Goold Patterson Ales & Day; Kummer Kaemper Bonner Renshaw & Ferrario; Santoro, Driggs, Walch, Kearney, Johnson & Thompson; and Bryan Cave LLP.

89.    Any and all documents evidencing correspondence and communications between Wells Fargo and any attorneys for any of the Entities, including but not limited to Goold Patterson Ales & Day; Kummer Kaemper Bonner Renshaw & Ferrario; Santoro, Driggs, Walch, Kearney, Johnson & Thompson; and Bryan Cave LLP.

90.    Any and all documents evidencing correspondence and communications between Wells Fargo and any attorneys for any of the Individuals, including but not limited to Goold Patterson Ales & Day, Chartered; Kummer Kaemper Bonner Renshaw & Ferrario, Ltd.; Santoro, Driggs, Walch, Kearney, Johnson & Thompson, Ltd.; and Bryan Cave LLP.

91.    Any and all documents evidencing any transactions, including wire transfers, between any of the Debtors and any of the Entities.

92.    Any and all documents evidencing any transactions, including wire transfers, between any of the Debtors and any of the Individuals.

93.    Any and all documents evidencing any transactions, including wire transfers, between any of the Entities and any of the Individuals.

- 24 -





**Entered on Docket
March 08, 2007**

_____

Hon. Linda B. Riegle
United States Bankruptcy Judge

## LEWIS AND ROCA LLP

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

_Attorneys for Official Committee of Unsecured Creditors
of USA Commercial Mortgage Company_

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| **In Re:** | Jointly Administered |
| **USA Commercial Mortgage Company**<br>**06-10725 – Lead Case** | Chapter 11 Cases |
| **USA Capital Realty Advisors, LLC**<br>**06-10726** | Judge Linda B. Riegle Presiding |
| **USA Capital Diversified Trust Deed Fund, LLC**<br>**06-10727** | [No Hearing Required] |
| **USA Capital First Trust Deed Fund, LLC**<br>**06-10728** | **Affecting:**<br>☐ All Cases<br>**or Only:**<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund,<br>LLC |
| **USA Securities, LLC**<br>**06-10729**<br>                    **Debtors.** | ☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC |

1814728.1

### ORDER REQUIRING WELLS FARGO BANK, N.A. TO PRODUCE ONE OR MORE CORPORATE REPRESENTATIVES FOR EXAMINATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

The Official Committee of Unsecured Creditors of USA Commercial Mortgage Company ("Movant") filed a Motion for Order Requiring Wells Fargo Bank, N.A. to Produce One or More Corporate Representatives for Examination Pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "Motion"), having been submitted to this Court, and good cause appearing,

IT IS HEREBY ORDERED that Wells Fargo Bank, N.A. ("Wells Fargo") produce one or more corporate representatives, as set forth in subpoenas issued under Federal Rule Bankruptcy Procedure 9016, to appear for examination at the law office of Lewis and Roca, LLP, 3993 Howard Hughes Parkway, Suite 600, Las Vegas, NV 89169, on a business day no earlier than ten (10) business days after the filing of the Motion and no later than April 30, 2007, or at such other mutually agreeable location, date, and time, and continuing from day to day thereafter until completed.

### ###

PREPARED AND SUBMITTED:

**LEWIS AND ROCA LLP**

By:    /s/ RC (#0006593)
        Susan M. Freeman
        Rob Charles
*Attorneys for the Official Committee of Unsecured
Creditors of USA Commercial Mortgage Company*

-and-

2

1814728.1

1  **DIAMOND MCCARTHY TAYLOR FINLEY**
   **& LEE LLP**
2
   By: /s/ *Eric D. Madden* (pro hac vice)
3  Allan B. Diamond, TX 05801800 (pro hac vice)
   William T. Reid, IV, TX 00788817 (pro hac
4  vice)
   Eric D. Madden, TX 24013079 (pro hac vice)
5  1201 Elm Street, 34th Floor
   Dallas, Texas  75270
6
7  *Special Litigation Counsel for Official*
   *Committee of Unsecured Creditors of USA*
8  *Commercial Mortgage Company*
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

1814728.1

# EXHIBIT B

# DIAMOND McCARTHY LLP
### Attorneys & Counselors

Renaissance Tower | 1201 Elm Street, 34th Floor | Dallas, TX 75270 | Phone: 214.389.5300 | Fax: 214.389.5399

Writer's Direct Dial Number
(214) 389-5306

Email Address
emadden@diamondmccarthy.com

April 23, 2007

**VIA FACSIMILE**
**AND CERTIFIED MAIL RRR 70000520002346830110**

Ms. Lisa Chow
Wells Fargo
Subpoena Processing Department
P.O. Box 29728
Phoenix, Arizona 85038

      Re:    *In re USA Commercial Mortgage Company*, Case No. BK-S-06-10725-LBR,
                  pending in the United States Bankruptcy Court for the District of Nevada

Dear Ms. Chow:

      My firm is special litigation counsel to the USACM Liquidating Trust ("Trust") in the above-referenced matter. The Trust recently served a Rule 2004 subpoena (the "Subpoena") upon you, seeking a production of certain documents and an examination of a designated corporate representative.

      Please be advised that the Trust will not enforce those document requests in Exhibit "B" to the Subpoena that are unrelated to the Debtors (as that term is defined therein), USA Investment Partners, LLC ("USAIP"), and those entities in which USAIP or USA Commercial Mortgage Company ("USACM") is the managing or majority member. Such requests are hereby withdrawn. The Trust, however, expressly reserves the right to make the same or similar requests in the future, pursuant to Rule 2004 or otherwise. In the meantime, you should nonetheless comply with all document requests in Exhibit "B" related to the Debtors, USAIP, and those entities in which USAIP or USACM is the managing or majority member.[1]

      Thank you in advance for your cooperation in connection with the Subpoena. Please call me if you have any questions.

                          Very truly yours,

                          Eric D. Madden

Enclosure

---

[1]    A list of such entities is attached hereto as Exhibit "A."

114041.2        Diamond McCarthy Taylor Finley & Lee LLP
Houston | Two Houston Center | 909 Fannin, Suite 1500 | Houston, TX 77010 | Phone: 713.333.5100 | Fax: 713.333.?
Austin | 6504 Bridgepoint Parkway | Suite 400 | Austin, TX 78730 | Phone: 512.617.5200 | Fax: 512.617.5299
www.diamondmccarthy.com

**EXHIBIT "B"**

Diamond McCarthy LLP

Ms. Lisa Chow
April 23, 2007
Page 2

cc:    Geoffrey Berman
       Allan Diamond
       Bill Reid
       Rob Charles
       John Moe

114000.1

## EXHIBIT "A"

- Amblano, LLC
- Ashby USA, LLC
- Aware TM 30850, LLC
- Blue Vale, LLC
- Brentwood 128, LLC
- California Desert, LLC
- Clemency, LLC
- Cornman Toltec 160, LLC
- Double Diamond Management Company, LLC
- Eagle Ranch, LLC
- Eagle Ranch Residential, LLC
- FWY 101 USA Investors, LLC
- Happy Valley, LLC
- Haspinov, LLC
- HMA Management, LLC
- HMA Sales, LLC
- Indian Wells California Partners, LLC
- Institutional Equity Partners, LLC
- Kegan, LLC
- Lucid Land Development, LLC
- Mojave Advertising, LLC
- M.P.D.D. Ranch, LLC
- Nevada Technology Networks, LLC
- Opaque Land Development, LLC
- PerUSA, LLC
- Pecos Professional Park Limited Partnership
- Placer County Land Investors, LLC
  (formerly Placer County Land Speculators, LLC)
- Random Developments, LLC
- Ravenswood Apply Valley, LLC
- Red Granite, LLC
- Reno Design Center, LLC
- Soda Flats Land Company, LLC
- South Meadows Commercial Property, LLC
- South Meadows Office Investors, LLC
- Southern California Land Development, LLC
- Sparks Galleria Investors, LLC
- Sugartree, LLC
- Tanamera Commercial Development, LLC
- Tanamera Development, LLC
- Tanamera Homes, LLC
- Tanamera Management, LLC
- Tanamera Residential, LLC
- TJA Marketing, LLC

114063v1

- Toblak, LLC
- Tree Moss Partners, LLC
- Twelve Horses North America, LLC
- USA Capital Institutional High Income Fund, LLC
- USA Capital Mortgage, LLC
- USA Capital Realty Advisors, LLC
- USA Capital Secured Income Fund, LLC
- USA Capital Specialty Finance, LLC
- USA Investors I, LLC
- USA Investors II, LLC
- USA Investors III, LLC
- USA Investors VI, LLC
- Vegas Hot Spots, LLC

114063v1

# EXHIBIT C

**Dolghih, Leiza**

| | |
|---|---|
| **From:** | dave fogg [dave.fogg@verizon.net] |
| **Sent:** | Wednesday, June 11, 2003 3:25 PM |
| **To:** | Joe Milanowski |
| **Subject:** | call me re 10-90, inc and mountain vista |
| **Attachments:** | dave fogg.vcf |

i need to verify the business purpose of the wire transfers that are coming into 10-90, inc and being transferred by me to mountain vista, inc and then wired back to usaip.  wells fargo had asked me the last time i was in.  since i have been so busy i have just been making these transfers at your request, without much thought as to the reason why you would like them this way.  the last transfer required me to sit with the wells fargo manager and go over the business purpose of the transfers to ensure that nothing inappropriate way taking place.  i had a vague notion that the transfers were related to a future real estate investment, but i am not sure.

i have absolute confidence that you are requesting my help for a valid and legitimate business purpose, but i need to get something in writing from you that gives me an explanation.

dave

4

**EXHIBIT "C"**

# EXHIBIT D



Subpoena Processing Department
P.O. Box 29728
MAC# S3928-020
Phoenix, AZ 85038-9728

March 20, 2007

<u>Via Facsimile (214) 389-5399</u>
<u>& Regular US Mail</u>

DIAMOND MCCARTHY LLP
ATTN.: ERIC D. MADDEN
1201 ELM STREET   34/FL
DALLAS, TX  75270

      Re:    **Federal Civil Subpoena**
      **Case No.:    BK-S-06-10725-LBR**
      **Case Name:  USA Commercial Mortgage Co. et al**
      **Bank Reference No.:  1162559**

Dear Mr. Madden:

The subpoena referenced above and received on 03/14/2007, has been assigned to me for
response.

Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, Wells Fargo objects to
production, inspection or copying of these documents on the grounds that the scope to the
subpoena is overly broad and imposes an undue burden on Wells Fargo. In addition, any
responsive documents may contain confidential and/or proprietary information.

Wells Fargo is unable to produce the documents requested by 04/11/2007. Wells Fargo is willing
to discuss a mutually satisfactory solution to this problem but felt it necessary to preserve its
right in the event that this issue cannot be otherwise mutually resolved.  Please also be advised
that Wells Fargo exercises its right to reimbursement under the Federal Rules of Civil Procedure.
The normal fee for producing these records is $0.10 per item and $10.00 per hour for research
and copy time.

If you have any questions, please contact me at the number listed below.

Sincerely,

Lisa Chow
Subpoena Processing Representative
1-(480) 724-2048
Hours of Operation:  8:30 a.m. to 5:00 p.m. MST (no Daylight Savings Time)

I:\Subpoena Department\Letters\FedCivObj.doc
Rev. 04-04

**EXHIBIT "D"**

JOB STATUS REPORT

```
TIME  : 03/20/2007 07:45
NAME  : WELLS FARGO
FAX#  : 4807245115
TEL.# : 4807245115
SER.# : BRO4J2526991
```

```
DATE,TIME            03/20  07:45
FAX NO./NAME         912143895399
DURATION             00:00:30
PAGE(S)              02
RESULT               OK
MODE                 STANDARD
                     ECM
```



**WELLS FARGO SERVICES**
SUBPOENA PROCESSING DEPARTMENT
P.O. Box 29728 – MAC #S3928-020
Phoenix, AZ  85038

---

### Fax Cover Sheet

#### March 20, 2007

To:        Eric D. Madden                          Fax #:  (214) 389-5399

From:      Lisa Chow                          Phone #: (480) 724-2048
                                               Fax # (480) 724-5106

# of pages (including) this cover sheet:  2

---

Re:   USA Commercial Mortgage et al.  Our File 1162559.

# EXHIBIT E



**WELLS FARGO**

**Law Department**
**MAC T5311-010**
**6301 Gaston Avenue, Suite 200W**
**Dallas, Texas 75214**

October 2, 2007

Eric Madden
Diamond McCarthy, LLP
1201 Elm Street, 34th Floor
Dallas, Texas 75270

**RE:    Subpoena - USA Commercial Mortgage Company, et al.**
**Case No. BKS0610725LBR**
**Wells Fargo File No. 0320971-01**

Dear Eric Madden:

Your Subpoena in the above-referenced matter has been forwarded to me for response.

I am hopeful that you are willing to work with Wells Fargo to reach a mutually satisfactory resolution to this matter. Even so, we feel it is necessary to preserve our rights by making these objections to your Subpoena. Pursuant to Rule 45(d)2(B) of the Nevada Rules of Civil Procedure, Wells Fargo Objects to the production, inspection, or copying of documents designated in the Subpoena for the following reasons.

First, Wells Fargo objects to the extent that the Subpoena seeks to impose a duty upon Wells Fargo to locate, review, and produce documents that are not the records of Wells Fargo, but may be records of separate entities that are affiliates of Wells Fargo. Obtaining documents from other separate entities including, but not limited to, affiliates of Wells Faro would require the issuance of subpoenas addressed to those separate entities and proper service upon those separate entities.

Second, Wells Fargo objects to the extent that the Subpoena may require Wells Fargo to produce documents on the possession, custody, or control of any persons acting under the control of or on behalf of Wells Fargo. Wells Fargo can produce such documents only if they are in the possession, custody, or control of Wells Fargo.

Third, Wells Fargo Objects to the Subpoena to the extent that it seeks documents and information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, and it will not produce such documents and information, if any exist.

**EXHIBIT "E"**

Fourth, Wells Fargo Objects to the Subpoena to the extent that it seeks documents containing confidential, private, proprietary, or trade secret information of Wells Fargo. At this time, Wells Fargo will not produce such documents and information, if any exist.

Fifth, Wells Fargo objects to the Subpoena on the grounds that the scope of the Subpoena is overly broad and imposes and undue burden on Wells Fargo in that it requests records that are producible from another source. Thus, the Subpoena imposes an undue burden on Wells Fargo, a non-party to the proceeding, to research and produce the requested records.

Sixth, Wells Fargo objects to the Subpoena to the extent that the description of the requested documents and/or information is vague, ambiguous, and unintelligible and does not identify the documents requested or information sought with reasonable particularity.

Seventh, Wells Fargo objects to the Subpoena to the extent that it requests information, such as e-mails or any other records stored electronically or otherwise, that are not part of any physical file and are, therefore, not readily available. Requiring Wells Fargo, a non-party, to search for the existence of such records imposes an undue and unfair burden on it, in terms of employee hours and financial cost. It is unreasonable to require Wells Fargo to bear the burdens of searching electronic records or other storage means, if any, for the possibility of locating documents that fall within the scope of the Subpoena.

Eighth, Wells Fargo objects to the Subpoena to the extent that it does not provide sufficient time for compliance.

Without waiving the previously stated objections, Wells Fargo Bank agrees to produce those documents responsive to your request which we believe are not covered by the stated objection.

Again, I am hopeful that we can work out a mutually satisfactory resolution to your document request. Please also be advised that Wells Fargo exercises it right to reimbursement as permitted by the local rules. Our fees for production will be determined once the scope of your Subpoena is more narrowly defined.

Please contact Beverly Williams at (214)841-3231 to further discuss terms of the production.

Sincerely,

*Beverly Williams for Toysha Martin*

Toysha Martin
Senior Counsel

cc:    Beverly Williams
       T5311-010

# EXHIBIT F

**Dolghih, Leiza**

| | |
|---|---|
| **From:** | Dolghih, Leiza |
| **Sent:** | Tuesday, November 20, 2007 4:08 PM |
| **To:** | 'Toysha.R.Martin@wellsfargo.com' |
| **Subject:** | USA Commercial Mortgage: Protective Order |

**Attachments:**    125691_2.DOC



125691_2.DOC (73
KB)

       Toysha, pursuant to our conversation this morning, I am sending you a proposed Stipulation and Confidentiality Order that should address your concerns about the release of documents that may be proprietary. I will be leaving the office at 2 pm tomorrow and will not be back until Monday. Please review the order and let me know if this is acceptable, so we can proceed with the production of the bank's policies. If you want to give me a call tomorrow, I will be here until 2; otherwise, we can talk on Monday.

       Thank you

       Leiza Dolghih

**EXHIBIT "F"**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case Nos. BK-S-06-10725-LBR; BK-S-06-10726-LBR; BK-S-06-10727-LBR; BK-S-06-10728-LBR; BK-S-06-10729-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | |
| USA CAPITAL REALTY ADVISORS, LLC, | Chapter 11 |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | Jointly Administered Under Case No. BK-S-06-10725-LBR |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | |
| USA SECURITIES, LLC, | STIPULATION AND CONFIDENTIALITY ORDER |
| Debtors. | |

## RECITALS

WHEREAS the USACM Liquidating Trust ("the Trust"), the duly authorized successor to USA Commercial Mortgage Company, seeks documents and examination testimony from Wells Fargo Bank N.A. ("the Bank" or "Wells Fargo") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure to investigate potential assets and liabilities of the Debtor;

WHEREAS Wells Fargo believes that some of the documents and information exchanged may contain trade secrets or other confidential and proprietary research, development or commercial information within the meaning of F.R.C.P. 45(c)(3)(B)(i) as incorporated through Rule 9016 of the Federal Rules of Bankruptcy Procedure or under other provisions of applicable federal and state law;

WHEREAS the Trust and Wells Fargo have agreed that any confidential documents and information that Wells Fargo produces to the Trust shall be kept confidential pursuant to the terms of this Stipulation and Confidentiality Order (hereinafter "Order");

The Trust and Wells Fargo, by and through their respective counsel of record, hereby

stipulate and agree to be bound by the following terms of this Order, as approved by the Court.

      1.     Wells Fargo may designate as confidential any documents or other material produced, furnished, authored, generated or originated by Wells Fargo, or testimony related thereto, which it contends in reasonable good faith is confidential, by marking such documents, material or testimony with the word "CONFIDENTIAL." Examination or deposition testimony may be designated CONFIDENTIAL by oral statement on the record at the examination or deposition by Wells Fargo or by written statement thereafter, in the manner described below. If portions of testimony are designated CONFIDENTIAL during the examination or deposition, the transcript of the designated testimony shall either be bound in a separate volume and marked "CONFIDENTIAL," or the confidential designations by page and line reference shall be affixed to the cover of the transcript. Wells Fargo may designate portions of transcripts as CONFIDENTIAL after the examination or deposition by written notice to the reporter and to all counsel of record within ten (10) days after such transcript is received by Wells Fargo's counsel, after which time all counsel receiving the transcript shall be responsible for marking copies of the designated transcript in their possession or under their control as directed by Wells Fargo. During this ten (10) day designation period, all parties shall treat the transcript as if it had been designated CONFIDENTIAL. The provisions of this Order shall be applicable to any documents, material or testimony designated "CONFIDENTIAL," which is not de-designated by the parties' agreement or by subsequent court order (hereinafter "Confidential Information").

      2.     Except as hereinafter provided, Confidential Information shall be used by the Trust only in the above-captioned bankruptcy action (the "Bankruptcy Action") and any related proceedings (including bankruptcy court, district court, and appellate proceedings arising in, arising under, or deemed related to this Bankruptcy Action) for purposes necessary to the Trust's investigations, or to prosecute or defend potential claims of the Debtors. Confidential Information shall not be used for any other commercial, business, competitive or other purposes, except that the Trust may use Confidential Information to prosecute any potential claims the Debtors may have, if and when the Trust determines the Debtors have such claims.

STIPULATION AND CONFIDENTIALITY ORDER – PAGE 2

3.      If the Trust objects to the designation of any material as CONFIDENTIAL, the Trust will meet and confer with Wells Fargo in an effort to resolve the dispute. Wells Fargo may decide to remove the CONFIDENTIAL designation in a written statement to the Trust. If the meet and confer process does not resolve the dispute, however, the Trust may apply to the Bankruptcy Court for an order removing the CONFIDENTIAL designation. The contested information shall retain its confidential status pending resolution of the dispute.

4.      All Confidential Information filed with the Court shall be filed in sealed envelopes bearing the caption of this action, a brief description of the nature of the contents of the sealed envelope, the word "CONFIDENTIAL" and a statement in substantially the following form:

> "THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT AND CONTAINS CONFIDENTIAL INFORMATION, AND IS NOT TO BE OPENED OR THE CONTENTS THEREOF TO BE DISPLAYED OR REVEALED BY ANYONE EXCEPT UPON ORDER OF THE COURT."

5.      Unless otherwise required by law or court order, Confidential Information may be disclosed only to the Court; court personnel; court reporters and video personnel recording depositions where Confidential Information is disclosed; counsel for the Trust or other party and its counsel subject to a joint prosecution agreement with the Trust; support staff and agents of the Trust, its counsel, or other party and its counsel subject to a joint prosecution agreement with the Trust (e.g., paralegals, secretaries, law clerks, internal or external copying services); and to "Qualified Persons," defined as follows:

(a)      Individuals at the Trust and its counsel with responsibility for overseeing the activities of the Trust and/or its counsel in connection with litigation and investigation matters.

(b)      Expert witnesses or consultants retained by the Trust, or its counsel.

(c)      Witnesses during examinations or depositions.

6.      Before receiving any Confidential Information, a Qualified Person shall evidence his or her agreement to be bound by the provisions of this Order by executing a copy of the Non-

Disclosure Certificate attached hereto as Exhibit A.

7.     In the event Wells Fargo elects to produce documents for inspection and the Trust desires to inspect them before designating them for copying, Wells Fargo need not mark the documents in advance of any such inspection.  For purposes of the inspection, and any subsequent inspection of the original documents, all documents produced for inspection shall be treated as if they were marked "CONFIDENTIAL."  Thereafter, upon selection of specified documents for copying by the Trust, Wells Fargo may mark copies of such documents with the appropriate confidentiality designation at the time the copies are produced to the Trust.

8.     Within 60 days of the final determination of this Bankruptcy Action, including any appeal, any person who is in possession of Confidential Information shall return such Confidential Information to Wells Fargo or the Bank's counsel, or shall destroy it.  Written confirmation of such return or destruction shall be forwarded to the Bank or the Bank's counsel.  Notwithstanding this provision, however, Confidential Information that (1) has been filed in pleading files maintained by the Trust's counsel, or (2) is mentioned in notes, memoranda or other writings prepared by the Trust's counsel and covered by the work product doctrine, need not be returned or destroyed.

9.     If a document, other material or testimony related thereto that Wells Fargo intends to designate as CONFIDENTIAL, is inadvertently disclosed without being marked as CONFIDENTIAL in accordance with paragraphs 1 through 3 of this Order, the failure to so mark the document, other material or testimony shall not be deemed a waiver of its confidentiality.

10.     If any document or other material subject to any privilege or legal prohibition against disclosure is inadvertently disclosed, the fact of the disclosure shall not constitute a waiver of the applicable privilege or legal prohibition against disclosure.  Upon prompt written notification by Wells Fargo, the person to whom the material was disclosed shall either (a) immediately return or destroy it, including any copies thereof, to Wells Fargo, and shall destroy any notes or work product concerning the material; or (b) if the person to whom such document or material was inadvertently disclosed disagrees with Wells Fargo's claim of privilege or legal prohibition against disclosure, the person shall not use such documents or materials until allowed to do so by Court order.  In any such

dispute, Wells Fargo shall have the burden of making the motion to establish it is entitled to its return. During any such dispute, the Trust is authorized to provide a copy of the document subject to dispute to the court under seal for purposes of a court determination as to whether or not the claimed privilege applies to the document.

11.     This Order is entered without prejudice to the right of Wells Fargo to use any Confidential Information designated by Wells Fargo in any manner the Bank deems appropriate.

12.     Prior to the disclosure of any Confidential Information in open court at any hearing in this Bankruptcy Action, counsel who desire to disclose such Confidential Information shall take reasonable steps to afford the Bank's counsel the opportunity to object to disclosure of Confidential Information in open court.

13.     This Order shall survive the final conclusion of this Bankruptcy Action and shall continue in full force and effect. The Court shall retain jurisdiction over the parties, and any other person bound by this Order, to enforce this order.

DATED: November __, 2007          WELLS FARGO BANK


By:     _____
                    Toysha R. Martin
                    Attorney for Wells Fargo Bank

DATED:  November __, 2007

DIAMOND MCCARTHY LLP


By:_____
Eric D. Madden
Special Litigation Counsel for
USACM Liquidating Trust


Based upon the foregoing stipulation of the parties, and good cause appearing

therefore, IT IS SO ORDERED

Dated this _____ day of _____, 2007


BY THE COURT:


_____
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case Nos. BK-S-06-10725-LBR; BK-S-06-10726-LBR; BK-S-06-10727-LBR; BK-S-06-10728-LBR; BK-S-06-10729-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | |
| USA CAPITAL REALTY ADVISORS, LLC, | Chapter 11 |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | Jointly Administered Under Case No. BK-S-06-10725-LBR |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | NON-DISCLOSURE CERTIFICATE |
| USA SECURITIES, LLC, | |
| Debtors. | |

I certify my understanding that access to materials designated as "CONFIDENTIAL" is provided to me pursuant to the terms and restriction of a Stipulation and Confidentiality Order entered by the Court on _____, 2007 (the "Order"). I certify that I have been given a copy of, and have read, the Order and agree to comply with its terms. I understand that the contents of any material designated "CONFIDENTIAL," and any notes or other memoranda or any other forms of information which copy or disclose material designated "CONFIDENTIAL," shall not be disclosed to anyone other than in accordance with the Order and shall be used only for the purposes set forth therein.

I agree to be subject to the jurisdiction of this Court for purposes of enforcement of this Non-Disclosure Certificate and the Order.

By: _____

Title: _____

Representing: _____

Date: _____

STIPULATION AND CONFIDENTIALITY ORDER – EXHIBIT A