# EXHIBIT G

**Dolghih, Leiza**

| | |
|---|---|
| **From:** | Dolghih, Leiza |
| **Sent:** | Friday, November 30, 2007 3:37 PM |
| **To:** | 'Toysha.R.Martin@wellsfargo.com' |
| **Subject:** | USA Commercial Mortgage: Document Request |

Toysha,

　　Could you update me please on the status of: (1) the protective order - have you decided whether it is acceptable to the bank? (2) correspondence - when will we begin to receive the correspondence that is being collected by Wells Fargo? and (3) the documents that were missing from the original production related to the bank accounts (signature cards, application forms, etc.) - when will we receive those documents?

　　Thank you

　　Leiza Dolghih


Elisaveta (Leiza) Dolghih
**Diamond McCarthy L.L.P.**
1201 Elm St. Suite 3400
Dallas, Texas 75270
214-389-5300 (main)
214-389-5333 (direct)
214-389-5399 (fax)

www.diamondmccarthy.com

1

**EXHIBIT "G"**

# EXHIBIT H

# DIAMOND McCARTHY LLP
### Attorneys & Counselors

Renaissance Tower |1201 Elm Street, 34th Floor | Dallas, TX 75270 | Phone: 214.389.5300 | Fax: 214.389.5399

Writer's Direct Dial Number
(214) 389-5333

Email Address
edolghih@diamondmccarthy.com

December 19, 2007

**VIA FAX: (602) 378-4428**
**and E-MAIL: toysha.r.martin@wellsfargo.com**

Toysha Martin
Senior Counsel
Wells Fargo Bank
100 W. Washington St. 14th Floor
Phoenix, Arizona 85003

Re:   *In re USA Commercial Mortgage Company, et al.*, Case No. 06-10725, in the
      United States Bankruptcy Court for the District of Nevada.
      Wells Fargo File No. 0320971-01

Dear Ms. Martin:

As of the date of this letter, the USACM Liquidating Trust (the "Trust") still has not received most of the documents requested in the Rule 2004 Subpoena and the Request for Production (the "Subpoena") that was served on Wells Fargo in the above-referenced case on March 14, 2007.

In light of your refusal to return my voicemails or respond to my emails during the last two weeks, I am writing this letter in a last-ditch attempt to resolve this issue without seeking judicial intervention.

Since your receipt of the Subpoena in March 2007, Wells Fargo has been asserting the same objection – that the Subpoena is too voluminous and too overbroad for the bank to answer.  To address this concern, the Trust has attempted to limit the documents requested in the Subpoena on several occasions, only to receive the same complaint from the bank.  Finally, on October 26, 2007 (as memorialized in the attached October 30, 2007 letter), Wells Fargo agreed to produce the following categories of documents on a rolling basis:

- ACH and wire transfer information for the following accounts: (1) Collections Trust Account No. 089-5737864; (2) Investors Trust Account No. 046-5657146; (3) Mountain Vista Inc. Account No. 552-5221536; and (4) 10-90, Inc. Account No. 552-5221528; and

- Internal and external communications regarding bank accounts maintained by USA Commercial Mortgage Company ("USACM") or related entities at Wells Fargo; and

- The documents missing from the previously produced bank account files, such as signature cards and applications.

123224

**EXHIBIT "H"**

Diamond McCarthy LLP

October 10, 2007
Page 2

Additionally, with regard to the production of its internal policies, the bank agreed to consider entering in a stipulated protective order designed to protect any proprietary value that the bank might have in such policies, prior to producing such policies.

Despite the fact that Wells Fargo agreed to produce these categories of documents, the only documents that have been produced to date are a handful of letters and an incomplete set of wire transfer records for the Investors Trust Account and the Collections Trust Account.

First, the correspondence that the bank has produced is utterly inadequate and shows complete lack of effort on Wells Fargo's behalf to respond to the Subpoena. The correspondence produced by the bank is limited to almost entirely post-bankruptcy correspondence from the bankruptcy trustee to Wells Fargo. It does not include either the pre-bankruptcy correspondence or the correspondence addressed by Wells Fargo employees to USACM employees.

Second, the wire transfer documents that the bank has produced are incomplete. Wells Fargo has not produced the wire transfer documents for the Collections Trust Account No. 089-5737864 respecting the following time periods: (1) Jan. 2000 – Oct. 2001; (2) Oct. 2002 – Sept. 2003; (3) Jan. 2004 – July 2004; and (4) Mar. 2005 – Sept. 2005. Similarly, Wells Fargo has not produced the wire transfer documents for the Investors Trust Account No. 046-5657146 respecting the time period from December 2002 to September 2003.

Third, the bank has not produced <u>any</u> ACH transfer documents.

Fourth, the majority of the recently produced signature cards and applications are duplicative of bank account documents that have already been produced – despite the fact that the Trust provided Wells Fargo with a chart clearly indicating which signature cards, applications, and monthly bank account statements were still missing from the production. Nevertheless, two months later, the bank still has not produced these documents.

Finally, on November 20, 2007, the Trust provided the bank with a draft of a stipulated protective order. Despite several attempts to solicit the bank's agreement to enter into the stipulated order or to produce its internal policies, the Trust has yet to receive any response from the bank.

The Trust has been very reasonable regarding its production requests. We have granted multiple extensions to the bank and spent many hours trying to iron out issues related to the Subpoena. However, the bank's consistent delay and spotty production has forced the Trust to conclude that Wells Fargo has no intention of answering the Subpoena in good faith within any reasonable timeline.

Thus, by this letter, the Trust demands that Wells Fargo immediately produce the following categories of documents by *<u>no later than</u>* Friday, January 4, 2008:

- All remaining ACH and wire transfer information for the following accounts: (1) Collections Trust Account No. 089-5737864; (2) Investors Trust Account No. 046-5657146; (3) Mountain Vista Inc. Account No. 552-5221536; and (4) 10-90, Inc. Account No. 552-5221528; and

Diamond McCarthy LLP

October 10, 2007
Page 3

- All remaining internal and external communications (including letters and emails) regarding bank accounts maintained by USACM or related entities at Wells Fargo; and

- All remaining documents that were missing from the previously produced bank account files, including signature cards and application.[1]

- Wells Fargo's internal policies.

If Wells Fargo does not produce these documents within this timeframe, the Trust will have no choice but to seek a judicial resolution of this dispute and to seek any and all appropriate remedies, including sanctions. Please contact me if you have any questions or would like any further information. I look forward to hearing from you and receiving your additional documents.

Very truly yours,

Elisaveta Dolghih

---

[1] *See* Exhibit 1.

# EXHIBIT 1

| Production No. | Description | Missing | Wire/ACH info produced |
|---|---|---|---|
| WF 5-39, 84-88 | **Mountain Vista Inc.**<br>**Business Cash Management**<br>**Account No. 552-5221536**<br>Monthly statements (3/19/03-1/20/05) | Application<br>Signature Card | |
| WF 40-83 | **10-90 Inc.**<br>**Basic Business Checking**<br>**Account No. 552-5221528**<br>Monthly statements (3/31/03-12/31/04) | Application<br>Signature Card | |
| WF 118-121<br>WF 122-124 | **DTDF**<br>**Choice IV Checking**<br>**Account No. 562-7688038**<br>Account Application (12/20/04)<br>Monthly statements (12/20/04-2/28/05) | | |
| WF 128-502<br>WF 125<br>WF 127<br>WF 126 | **USACM**<br>**Choice IV Checking**<br>**Account No. 083461O149**<br>Monthly statements (1/31/00-5/31/06)<br>Addendum to Certificate of Authority<br>Fax Signature Authorization (4/16/04)<br>Addendum to Certificate of Authority<br>(3/01/06) | Application<br>Signature Card | |

| | | Application | Signature Card | |
|---|---|---|---|---|
| **USACM Collections Trust Account No. 089-5737864** | | | | |
| WF 515-1500 | Monthly statements (1/31/00-6/30/06) | | | **Missing: 1/00-10/01** **Missing: 10/02-9/03** **Missing: 1/04-07/04** |
| WF 125 | Addendum to Certificate of Authority (8/30/02) | | | |
| WF 127 | Fax Signature Authorization (4/16/04) | | | |
| WF 126 | Addendum to Certificate of Authority (3/1/06) | | | |
| WF 503-507, WFB 0128 | Business Account Application (6/7/06) | | | |
| **USACM Confidential Discretionary Account No. 5627688020** | | | | |
| WF 1501-1504 | Business Account Application (12/16/04) | | | |
| WFB 0013 | Certificate of Authority (12/16/04) | | | |
| WF 1505-1527 | Monthly statements (12/16/04 – 5/3/06) | | | **Missing: 3/05-9/05** |
| **USACM Exclusive Account No. 562768186** | | Signature Card | | |
| WF 1528-1532 | Business Account Application (3/9/05) | | | |
| WF 1533-1558 | Monthly statements (3/9/05 – 5/31/06) | | | |
| WF 126, WFB0128 | Addendum to Certificate of Authority (3/1/06) | | | |
| WFB0029-0031 | Business Client Acceptance Checklist (3/3/05) | | | |

| WF Reference | Account / Documents | Application | Signature Card | Monthly Statements | |
|---|---|---|---|---|---|
| WF 1560-1872, WF 126, WFB0128, WF 127 | **USACM Investors Trust** Account No. 046-5657146 / Monthly statements (2/1/05-5/31/06) / Addendum to Certificate of Authority (3/1/06) / Fax Signature Authorization (4/16/04) | Application | Signature Card | Monthly Statements | **Missing: 12/02-9/03** |
| WF 1873-1874, WF 1875-1876 | **Market Rate** Account No. 837172478 (Credit) / Account No. 400046896 (Debit) / Application (8/12/05) / Monthly Statement (Credit) (8/31/05) | | Signature Card | Monthly Statements | |
| WFB0155, WF 1879-1974, WF 1877-78, WFB0005 | **USA REG "Group Trust"** Account No. 083-4606261 / Monthly statement (6/31/00-6/30/06) / Fax Signature Authorization (4/16/04) / Addendum to Certificate of Authority (3/1/06) / Addendum to Certificate of Authority (no date) | Application | Signature Card | | |
| WF 1975-76, WFB0153 | **Pecos Professional Park** Account No. 829-699743 / Fax Signature authorization (4/16/04) / Addendum to Certificate of Authority (no date) | Application | | Monthly Statements | |

| | | Application | Signature Card | Monthly Statements |
|---|---|---|---|---|
| WF 1975-76<br>WFB0154 | **Palomino Partners**<br>**Account No. 834-614422**<br>Fax Signature authorization (4/16/04)<br>Addendum to Certificate of Authority | Application | | Monthly Statements |
| WF 1977-2112<br>WF 1975-76<br>WFB0006<br>WF0155 | **USA REG**<br>**Commercial Checking**<br>**Account No. 083-465487**<br>Monthly statements (1/31/00-6/30/06)<br>Fax Signature authorization (4/16/04)<br>Addendum to Certificate of Authority (3/1/06)<br>Addendum to Certificate of Authority (no date) | Application<br>Signature Card | | |
| WFB0079, 83<br>WFB0080-84<br>WF 2114-2155<br>WF 1877-78<br>WF 2113,<br>FWB0085 | **USA Investment Partners LLC**<br>**Account No. 928-6810925**<br>Account Application (9/4/03)<br>Certificate of Authority (9/4/03)<br>Monthly statements (9/16/03-6/30/06)<br>Fax Signature Authorization (4/16/04)<br>Addendum to Certificate of Authority (3/15/06) | | | |
| WF 2157-2211<br>WF 2156<br>WF 1877-78 | **USA Investors I**<br>**Account No. 465-657039**<br>Monthly statements (1/31/00-1/31/03)<br>Addendum to Certificate of Authority (8/30/02)<br>Fax Signature Authorization (4/16/04) | Application | Signature Card | |

| | | Application Signature Card |
|---|---|---|
| WF 2212-2392 | USA Investors VI<br>DBA Sheraton Hotel<br>**Account. No. 989-8109567**<br>Monthly statements (2/25/03 – 9/30/06) | |
| WF 2393-96<br>WF 2399-2400<br>WF 2398<br>WF 2397<br>WF 2401-2476 | USA Investors VI<br>SBA Sheraton Hotel<br>**Account No. 989-8394169**<br>Account Application (2/13/03)<br>Certificate of Authority (3/14/03)<br>Addendum to Certificate of Authority (2/13/03)<br>Addendum to Certificate of Authority (8/11/05)<br>Monthly statements (2/28/03-4/30/06) | Signature Card |
| WF 2393-94<br>WF 2585-2660 | USA Investors VI<br>SBA Sheraton Hotel<br>**Account No. 989-8108304**<br>Account Application (2/13/03)<br>Monthly statements (2/13/03-12/31/05) | Signature Card |
| WF 2479-2527<br>WF2477-78 | Investors VI<br>DBA Sheraton Hotel<br>**Account No. 200-0279329**<br>Account Application (2/13/03)<br>Monthly Statements (2/28/03-12/30/05) | Signature Card |
| | Investors VI | Signature Card |

| WF 2377-2478 | **DBA Sheraton Hotel**<br>**Account no. 200-0279337**<br>Account Application (2/13/03) | Application<br>Signature Card |
| --- | --- | --- |
| WF 2479-2527 | Monthly statements (2/28/03-12/30/05) | |
| WF 2662-2731 | **Investors VI**<br>**DBA Sheraton Hotel**<br>**Account no. 989-8368494**<br>Monthly statements (2/14/03-12/31/05) | |

# DIAMOND McCARTHY LLP
### Attorneys & Counselors

Renaissance Tower | 1201 Elm Street, 34th Floor | Dallas, TX 75270 | Phone: 214.389.5300 | Fax: 214.389.5399

Writer's Direct Dial Number
(214) 389-5333

Email Address
edolghih@diamondmccarthy.com

October 30, 2007

**VIA FAX: (602) 378-4428**
**and E-MAIL: toysha.r.martin@wellsfargo.com**

Toysha Martin
Senior Counsel
Wells Fargo Bank
100 W. Washington St. 14th Floor
Phoenix, Arizona 85003

Re:    *In re USA Commercial Mortgage Company, et al.*, Case No. 06-10725, in the
       United States Bankruptcy Court for the District of Nevada; Wells Fargo File No.
       0320971-01

Dear Ms. Martin:

I am writing a follow-up letter to confirm our conversation on October 26, 2007, regarding Wells Fargo's response to the Rule 2004 Subpoena and the Request for Production (the "Subpoena") that was served on Wells Fargo in the above-referenced case on March 14, 2007.

With respect to the information that you have already produced, I am enclosing a table that indicates which documents are still missing from the production of the bank account statements (WF 000001-WF 002731).[1]  As you will see from the table, most of the missing documents include account applications and original signature cards.  Additionally, I believe that some account statements have not been produced for at least one account.  The bank account statements produced for Account No. 552-5221528, which was held in the name of 10-90 Inc., do not include account statements after December 31, 2004.  We have reason to believe that this account remained open until sometime in 2005.  Please verify that you have produced all bank account statements for the entire time period during which each of these accounts were open at Wells Fargo.

With respect to internal and external communications regarding bank accounts maintained by USACM or related entities at Wells Fargo, you have indicated that there were two bankers who opened the accounts for USACM and/or related entities.  You have agreed to produce documents reflecting internal and external communications involving these two bankers related to any bank accounts maintained by USACM or related entities.

---

[1] *See* Exhibit A to this letter.

123224

Diamond McCarthy Taylor Finley & Lee LLP
Houston | Two Houston Center | 909 Fannin, Suite 1500 | Houston, TX 77010 | Phone: 713.333.5100 | Fax: 713.333.5199
Austin | 6504 Bridgepoint Parkway | Suite 400 | Austin, TX 78730 | Phone: 512.617.5200 | Fax: 512.617.5299
www.diamondmccarthy.com

Diamond McCarthy LLP

October 10, 2007
Page 2

You have not agreed to produce the bank's internal policies because you believe that it is proprietary information. You have agreed, however, to consider whether the bank would be willing to produce such policies if a stipulated protective order were in place. Please let us know if the bank is willing to produce such documents under a mutually agreeable protective order.

You have indicated that any sort of electronic or website access to the closed accounts is impossible due to the closure of such accounts; therefore, you are not able to produce such information or grant us access to it.

You have also informed us that the collection of ACH and wire transfer information has already begun with respect to the Collections Trust Account No. 089-5737864 and Investors Trust Account No. 046-5657146. You have agreed to produce these documents on a rolling basis. We also ask that Wells Fargo collect similar ACH and wire transfer documents related to the following two accounts: Mountain Vista Inc. Business Cash Management Account No. 552-5221536 and 10-90, Inc. Basic Business Checking Account No. 552-5221528. Our request with respect to these two accounts is limited to the period from January 2002 until present time.

I believe this letter accurately summarizes our conversation. If you disagree, please let me know as soon as possible.

Very truly yours,

Elisaveta Dolghih

EXHIBIT A

| Production No. | Description | Missing |
|---|---|---|
| WF 5-39, 84-88 | **Mountain Vista Inc.**<br>**Business Cash Management**<br>**Account No. 552-5221536**<br>Monthly statements (3/19/03-1/20/05) | Application<br><br>Signature Card |
| WF 40-83 | **10-90 Inc.**<br>**Basic Business Checking**<br>**Account No. 552-5221528**<br>Monthly statements (3/31/03-12/31/04) | Application<br><br>Signature Card |
| WF 118-121<br>WF 122-124 | **DTDF**<br>**Choice IV Checking**<br>**Account No. 562-7688038**<br>Business Account Application (12/20/04)<br>Monthly statements (12/20/04-2/28/05) | Signature Card |
| WF 128-502<br>WF 125<br>WF 127<br>WF 126 | **USACM**<br>**Choice IV Checking**<br>**Account No. 0834610149**<br>Monthly statements (1/31/00-5/31/06)<br>Addendum to Certificate of Authority (8/30/02)<br>Fax Signature Authorization (4/16/04)<br>Addendum to Certificate of Authority (3/01/06) | Application<br><br>Signature Card |
| WF 515-1500<br>WF 125<br>WF 127<br>WF 126<br>WF 503-507 | **USACM**<br>**Collections Trust**<br>**Account No. 089-5737864**<br>Monthly statements (1/31/00-6/30/06)<br>Addendum to Certificate of Authority (8/30/02)<br>Fax Signature Authorization (4/16/04)<br>Addendum to Certificate of Authority (3/1/06)<br>Business Account Application (Tom Allison)<br>(6/7/06) | Application<br><br>Signature Card |
| WF 1501-1504<br>WF 1505-1527 | **USACM**<br>**Confidential Discretionary**<br>**Account No. 5627688020**<br>Business Account Application (12/16/04)<br>Monthly statements (12/16/04 – 5/3/06) | Signature Card |

-1-

| | | |
|---|---|---|
| WF 1528-1532<br>WF 1533-1558<br>WF 126 | **USACM**<br>**Exclusive Account No. 5627688186**<br>Business Account Application (3/9/05)<br>Monthly statements (3/9/05 – 5/31/06)<br>Addendum to Certificate of Authority (3/1/06) | Signature Card |
| WF 1560-1872<br>WF 126<br>WF 127 | **USACM**<br>**Investors Trust**<br>**Account No. 046-5657146**<br>Monthly statements (2/1/05-5/31/06)<br>Addendum to Certificate of Authority (3/1/06)<br>Fax Signature Authorization (4/16/04) | Application<br><br>Signature Card |
| WF 1873-1874<br>WF 1875-1876 | **Market Rate**<br>**Account No. 8371724478 (Credit)**<br>**Account No. 4000046896 (Debit)**<br>Application (8/12/05)<br>Monthly Statement (Credit) (8/31/05) | Signature Card<br><br>Monthly Statements |
| WF 1879-1974<br>WF 1877-78 | **USA REG "Group Trust"**<br>**Account  No. 083-4606261**<br>Monthly statement (6/31/00-6/30/06)<br>Fax Signature Authorization (4/16/04) | Application<br><br>Signature Card |
| WF 1975-76 | **Account No. 829-699743**<br>Fax Signature authorization (4/16/04) | Application<br><br>Monthly Statements |
| WF 1975-76 | **Account No. 834-614422**<br>Fax Signature authorization (4/16/04) | Application<br><br>Monthly Statements |
| WF 1977-2112<br>WF 1975-76 | **USA REG**<br>**Commercial Checking**<br>**Account No. 083-465487**<br>Monthly statements (1/31/00-6/30/06)<br>Fax Signature authorization (4/16/04) | Application<br><br>Signature Card |
| WF 2114-2155<br>WF 1877-78<br>WF 2113 | **Account No. 928-6810925**<br>Monthly statements (9/16/03-6/30/06)<br>Fax Signature Authorization (4/16/04)<br>Addendum to Certificate of Authority (3/15/06) | Application<br><br>Signature Card |
| WF 2157-2211<br>WF 2156<br>WF 1877-78 | **USA Investors I**<br>**Account No. 465-657039**<br>Monthly statements (1/31/00-1/31/03)<br>Addendum to Certificate of Authority (8/30/02)<br>Fax  Signature Authorization (4/16/04) | Application<br><br>Signature Card |

12-190v1

| | | |
|---|---|---|
| WF 2212-2392 | **USA Investors VI**<br>**DBA Sheraton Hotel**<br>**Account. No. 989-8109567**<br>Monthly statements (2/25/03 – 9/30/06) | Application<br><br>Signature Card |
| WF 2393-96<br>WF 2399-2400<br>WF 2398<br>WF 2397<br>WF 2401-2476 | **USA Investors VI**<br>**SBA Sheraton Hotel**<br>**Account No. 989-8394169**<br>Business Account Application (2/13/03)<br>Certificate of Authority (3/14/03)<br>Addendum to Certificate of Authority (2/13/03)<br>Addendum to Certificate of Authority (8/11/05)<br>Monthly statements (2/28/03-4/30/06) | Signature Card |
| WF 2393-94<br>WF 2585-2660 | **USA Investors VI**<br>**SBA Sheraton Hotel**<br>**Account No. 989-8108304**<br>Business Account Application (2/13/03)<br>Monthly statements (2/13/03-12/31/05) | Signature Card |
| WF 2479-2527<br>WF 2477-78 | **Investors VI**<br>**DBA Sheraton Hotel**<br>**Account No. 200-0279329**<br>Monthly Statements (2/28/03-12/30/05)<br>Account Application (2/13/03) | Signature Card |
| WF 2528-2583<br>WF 2377-2478 | **Investors VI**<br>**DBA Sheraton Hotel**<br>**Account no. 200-0279337**<br>Monthly statements (2/28/03-12/30/05)<br>Account Application (2/13/03) | Signature Card |
| WF 2662-2731 | **Investors VI**<br>**DBA Sheraton Hotel**<br>**Account no. 989-8368494**<br>Monthly statements (2/14/03-12/31/05) | Account Application<br><br>Signature Card |

```
┌─────────────────────────────────────────┐
│     TRANSMISSION VERIFICATION REPORT      │
└─────────────────────────────────────────┘

                          TIME   : 12/19/2007 10:36
                          NAME   : DMTFB&L
                          FAX    : 2143895399
                          TEL    : 2143895300
                          SER.#  : BROK2J713976
```

| | |
|---|---|
| DATE,TIME | 12/19  10:33 |
| FAX NO./NAME | 16023784428---643100 |
| DURATION | 00:02:59 |
| PAGE(S) | 14 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |



# DIAMOND McCARTHY LLP
## Attorneys & Counselors

Renaissance Tower | 1201 Elm Street, 34th Floor | Dallas, TX 75270 | Phone: 214.389.5300 | Fax: 214.389.5399

Writer's Direct Dial Number
(214) 389-5333

Email Address
edolghih@diamondmccarthy.com

December 19, 2007

**VIA FAX: (602) 378-4428**
**and E-MAIL: toysha.r.martin@wellsfargo.com**

Toysha Martin
Senior Counsel
Wells Fargo Bank
100 W. Washington St. 14th Floor
Phoenix, Arizona 85003

> Re:     *In re USA Commercial Mortgage Company, et al.*, Case No. 06-10725, in the
> United States Bankruptcy Court for the District of Nevada.
> Wells Fargo File No. 0320971-01

Dear Ms. Martin:

As of the date of this letter, the USACM Liquidating Trust (the "Trust") still has not received most of the documents requested in the Rule 2004 Subpoena and the Request for Production (the "Subpoena") that was served on Wells Fargo in the above-referenced case on March 14, 2007.

In light of your refusal to return my voicemails or respond to my emails during the last two weeks, I am writing this letter in a last-ditch attempt to resolve this issue without seeking judicial intervention.

Since your receipt of the Subpoena in March 2007, Wells Fargo has been asserting the same objection — that the Subpoena is too voluminous and too overbroad for the bank to answer. To

# EXHIBIT I



Subpoena Processing Department
P.O. Box 29728
MAC# S3928-020
Phoenix, AZ 85038-9728

August 9, 2007

Via Facsimile – (214) 389-5399

DIAMOND MCCARTHY, LLP
LEIZA DOLGHIH
1201 ELM STREET, SUITE 3400
DALLAS, TX 75270

      **Re:   SUBPOENA**
      **Case No.:   BKS0610725LBR**
      **Case Name:   USA COMMERCIAL MORTGAGE COMPANY ET AL**
      **Bank Reference No.:  1162559**

Dear Ms. Dolghih:

This letter is sent in confirmation of our conversation of August 8th, 2007, concerning legal process served upon Wells Fargo BAnk, in the above referenced matter.

You agreed to grant Wells Fargo an extension of time in which to produce records. This includes any reductions or limitations to the scope of the order, which you may have represented. We mutually agreed that the new compliance date for production of the records as discussed is September 10, 2007. Wells Fargo exercises its right for reimbursement, unless otherwise prohibited.

If this is not your understanding of our conversation and agreement, please contact me immediately at the number listed below.

Thank you for your cooperation in this matter.

Sincerely

Kristine Grimes
Subpoena Processing Representative
1-(480) 724-2025
Hours of Operation: 8:30 a.m. to 5:00 p.m. MST (no Daylight Savings Time)

X 2034 - Production)

**EXHIBIT "I"**



WELLS FARGO SERVICES
SUBPOENA PROCESSING DEPARTMENT
P.O. Box 29728 – MAC #S3928-020
Phoenix, AZ  85038

---

| **Fax Cover Sheet** |
|:---:|
| **August 9, 2007** |

---

To: Leiza Dolghih

Fax #:  (214) 389-5399

From: KRISTINE GRIMES

Phone #: (480) 724-2025
Fax # (480) 724-5108

# of pages (including) this cover sheet:  2

---

**Re:   EXTENSION LETTER**

USA COMMERCIAL MORTGAGE COMPANY ET AL  (1162559)

---

**CAUTION:** THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, COPYING OR UNAUTHORIZED USE OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

**IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY TELEPHONE, AND RETURN THE FACSIMILE TO THE SENDER AT THE ABOVE ADDRESS VIA THE UNITED STATES POSTAL SERVICE, THANK YOU.**

If you did not receive all of the pages, or have any problems, please call the above phone number as soon as possible.

# EXHIBIT J

**WELLS FARGO**

Subpoena Processing Department
P.O. Box 29728
MAC# S3928-020
Phoenix, AZ 85038-9728

September 10, 2007

Via Facsimile – (214) 389-5399

LEIZA DOLGHIH
DIAMOND MCCARTHY, LLP
1201 ELM STREET, SUITE 3400
DALLAS, TX 75270

      Re:    **SUBPOENA**
      Case No.:    **BKS0610725LBR**
      Case Name:    **USA COMMERCIAL MORTGAGE COMPANY ET AL**
      Bank Reference No.:  1162559

Dear Ms. Dolghih:

This letter is sent in confirmation of our conversation of September 10th, 2007, concerning legal process served upon Wells Fargo BAnk, in the above referenced matter.

You agreed to grant Wells Fargo an extension of time in which to produce records. This includes any reductions or limitations to the scope of the order, which you may have represented. We mutually agreed that the new compliance date for production of the records as discussed is October 10, 2007. Wells Fargo exercises its right for reimbursement, unless otherwise prohibited.

If this is not your understanding of our conversation and agreement, please contact me immediately at the number listed below.

Thank you for your cooperation in this matter.

Sincerely,

Kristine Grimes
Subpoena Processing Representative
1-(480) 724-2025
Hours of Operation:  8:30 a.m. to 5:00 p.m. MST (no Daylight Savings Time)

I:\Subpoena Department\Letters\Extension Conf 1.doc
Rev. 04/04

**EXHIBIT "J"**



WELLS FARGO SERVICES
SUBPOENA PROCESSING DEPARTMENT
P.O. Box 29728 – MAC #S3928-020
Phoenix, AZ  85038

---

### Fax Cover Sheet

### September 10, 2007

To: LEIZA DOLGHIH              Fax #:  (214) 389-5399
    DIAMOND MCCARTHY, LLP

From: Kristine Grimes         Phone #: (480) 724-2025
                              Fax # (480) 724-5108

# of pages (including) this cover sheet:  3

---

Re:    EXTENSION LETTER AND ESTIMATED COSTS REQUEST

USA COMMERCIAL MORTGAGE COMPANY ET AL   (1162559)

Please fax a copy of the check with the bank reference # on the check to my attention @480-724-5108
and mail the check to: WELLS FARGO BANK
                       MAC S3928-020
                       2700 S PRICE RD, 2nd Floor
                       CHANDLER, AZ 85286-7804

Thank you, Kristine Grimes

---

CAUTION: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, COPYING OR UNAUTHORIZED USE OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY TELEPHONE, AND RETURN THE FACSIMILE TO THE SENDER AT THE ABOVE ADDRESS VIA THE UNITED STATES POSTAL SERVICE. THANK YOU.

If you did not receive all of the pages, or have any problems, please call the above phone number as soon as possible.



SUBPOENA PROCESSING DEPARTMENT
P.O. BOX 29728
MAC# S3928-020
PHOENIX, AZ 85038-9728

September 10, 2007

Leiza Dolghih
DIAMOND MCCARTHY, LLP
1201 ELM STREET   34/FL
HOUSTON, TX 75270

RE:                  FEDERAL CIVIL SUBPOENA
SERVED NAME:         USA COMMERCIAL MORTGAGE COMPANY ET AL
AGENCY CASE #:       BKS0610725LBR
BANK REFERENCE #: 1162559

### ESTIMATED COSTS REIMBURSEMENT REQUEST

TO WHOM IT MAY CONCERN:

This quote is provided as an estimate of costs to be incurred by Wells Fargo in the production of documents for the case referenced above. Should our expectations vary by more than an additional $100.00, we will seek added authority to invoice upon delivery.

### BILLING DETAILS

|                   | Items | Items Charge | Hours | Hours Charge |   | Total Charge |
|-------------------|-------|--------------|-------|--------------|---|--------------|
| Film Copies:      | 2     | $4.00        | 0.00  | $0.00        | $ | 4.00         |
| Image Copies:     | 0     | $0.00        | 0.00  | $0.00        | $ | 0.00         |
| **Other Items**   |       |              |       |              |   |              |
| Production Items: | 73    |              |       |              | $ | 146.00       |
| Production Hours: | 29.6  |              |       |              | $ | 740.00       |
|                   |       |              |       |              |   |              |
| Copies:           | 73    |              |       |              | $ | 0.00         |
| Statements:       | 744   |              |       |              | $ | 1,488.00     |
| Postage Charge:   |       |              |       |              | $ | 4.90         |
| **Total Amount Quoted:** |       |              |       |              | $ | **2,382.90** |

Please contact us at (480) 724-2013 if you have any questions.

Sincerely,

Subpoena Processing Department



DIAMOND McCARTHY TAYLOR
FINLEY & LEE LLP
DALLAS ACCOUNT
1201 ELM STREET, SUITE 3400
DALLAS, TX 75270

1930

35-1125-1130

DATE  9/10/07

PAY TO THE
ORDER OF  Wells Fargo                                    $ 2382.90

Two Thousand Three hundred Eighty Two @ 90/100 ───────── DOLLARS

AMEGYBANK OF TEXAS
HOUSTON, TEXAS 77227-7459

⑈001930⑈ ⑆113011258⑆ ⑈0000338893⑈

DETACH AND RETAIN THIS STATEMENT
THE ATTACHED CHECK IS IN PAYMENT OF ITEMS DESCRIBED BELOW.
IF NOT CORRECT PLEASE NOTIFY US PROMPTLY. NO RECEIPT DESIRED.
Ⓓ DELUXE BUSINESS FORMS  1-800-328-0304  www.deluxeforms.com

DELUXE - FORM DVCY-3 V-4

DIAMOND McCARTHY
TAYLOR FINLEY & LEE LLP
DALLAS ACCOUNT

1930

| INVOICE | | DESCRIPTION | TOTAL AMOUNT | DEDUCTIONS | | FREIGHT | NET AMOUNT |
| DATE | NO. | | | DISCOUNT | | | |
|---|---|---|---|---|---|---|---|
| 9/10/07 | 6431/10 | COPIES OF BANK DOCUMENTS | 2382.90 | | | | |

V-4

# EXHIBIT K

*(handwritten: Linda (480) 724 2034 Work Director)*

**Diamond McCarthy**
Taylor Finley & Lee, L.L.P.

Renaissance Tower • 1201 Elm Street, 34th Floor • Dallas • Texas • 75270 • 214 389-5300 • FAX 214 389-5399

Writer's Direct Dial Number
(214) 389-5333

Email Address
edolghih@diamondmccarthy.com

September 13, 2007

**VIA FACSIMILE 480.724.5115**
**And email: Kristine.Grimes@wellsfargo.com**

Kristine Grimes
Wells Fargo
Subpoena Processing Department
P.O. Box 29728
Phoenix, Arizona 85038

Re:    *In re USA Commercial Mortgage Company, et al.*, Case No. 06-10725, in the
       United States Bankruptcy Court for the District of Nevada.

Dear Ms. Grimes:

On March 13, 2007 Wells Fargo was served with a Rule 2004 subpoena (the "Subpoena"), seeking a production of certain documents in the above-referenced case.

On April 23, 2007, the USACM Liquidating Trust ("Trust") notified Wells Fargo that it will not enforce those document requests in Exhibit "B" to the Subpoena that are unrelated to the Debtors (as that term is defined therein), USA Investment Partners, LLC ("USAIP"), and those entities in which USAIP or USA Commercial Mortgage Company ("USACM") is the managing or majority member.[1]  This letter decreased the number of entities for which Wells Fargo was required to produce documents to one-forth of the entities originally listed in the Subpoena.[2]

On August 8, 2007, I spoke to you on the telephone and granted Wells Fargo a written extension for document production until September 8, 2007.  I explained to you that the Trust is seeking production of all documents requested in the Subpoena, except the documents already produced by Wells Fargo on May 2, 2007.

I spoke to you on the telephone on several occasions in August and September specifying each time that the Trust wants Wells Fargo to produce *all* documents requested in the Subpoena. So far, you have agreed to produce only a certain specific set of documents related to the wire transfers out of the Collections Trust Account.  Neither this specific set of documents, nor any other documents requested in the Subpoena have been produced.

---

[1]  In the letter, the Trust expressly reserved the right to make the same or similar requests in the future, with respect to other entities listed in the Subpoena, pursuant to Rule 2004 or otherwise.

[2]  The letter and is attached hereto as Exhibit B.

113118.1

www.diamondmccarthy.com

Austin 6504 Bridgepoint Parkway • Suite 400 • Austin • Texas • 78730 • 512 617-5200 • FAX 512 617-5299
Houston 909 Fannin • Suite 1500 • Houston • Texas • 77010 • 713 333-5100 • FAX 713 333-5199

**EXHIBIT "K"**

Diamond McCarthy LLP

September 13, 2007
Page 2

On September 10th, I agreed to give another extension to Wells Fargo to produce the documents requested in the Subpoena and referred you again to the Exhibit "B" to the Subpoena which specifically lists each and every category of documents that the Trust seeks.  The documents are now due on October 10th.  The Trust is entitled to receive these documents under the Subpoena from Wells Fargo and it will not grant any more extensions.

In order to assist you in the production of the documents requested in the Subpoena, I am reiterating below the categories of the documents requested in the Subpoena which the Trust is entitled to receive from Wells Fargo pursuant to that Subpoena.  The instructions for production, as well as definitions, can be found in the corresponding sections of the Subpoena.

1.    Any and all documents evidencing any and all accounts at Wells Fargo held in the name of or for the benefit of any of the Entities.[3]

2.    Any and all documents evidencing the type and purpose of any and all accounts at Wells Fargo held in the name of or for the benefit of any of the Entities.

3.    Any and all documents evidencing the transactions and/or activity in the accounts at Wells Fargo held in the name of or for the benefit of any of the Entities.

4.    Any and all documents evidencing the history of the relationship between any of the Entities and Wells Fargo.

5.    Any and all documents evidencing the identification and status of all present and former employees responsible for handling transactions or accounts of any of the Entities at Wells Fargo over the course of Wells Fargo's relationship with any of the Entities.

6.    Any and all documents evidencing actual, apparent, and/or purported authorization of any and all individuals to act on behalf of any Entities, including but not limited to signature cards and authorization letters.

7.    Any and all documents evidencing the application, opening, acceptance, management, ongoing review and oversight of the accounts at Wells Fargo held in the name of or for the benefit of any of the Entities, and any Wells Fargo policies and procedures applicable to these activities.

8.    Any and all correspondence files, account officer files, customer call records and credit files with respect to any accounts at Wells Fargo held in the name of or for the benefit of any of the Entities.

---

[3] The list of Entities is attached hereto as Exhibit A.

112497.1

Diamond McCarthy LLP

September 13, 2007
Page 3

9. Any and all documents pertaining to the Entities' accounts for internal audit and regulatory compliance purposes.

10. Any and all documents evidencing handling of overdrafts on any accounts at Wells Fargo held in the name of or for the benefit of any of the Entities.

11. Any and all documents evidencing Wells Fargo's training of employees with respect to opening of accounts, due diligence to be performed on account applicants, maintenance of client correspondence files, maintenance of the account officer files, maintenance of customer call records, maintenance of credit files, extension of credit, determination of credit worthiness, monitoring of accounts for internal audit and regulatory compliance purposes, handling of overdrafts on accounts and waivers of limitations on accounts and wire transfers.

12. Any and all documents evidencing any site visits or reviews of any Entities conducted by Wells Fargo.

13. Any and all documents evidencing Wells Fargo's actions, systems, policies and procedures to assure regulatory and internal audit compliance with respect to the accounts and the transactions and activity in the accounts of any Entities.

14. Any and all documents evidencing Wells Fargo's policies and procedures applicable to monitoring, review and /or investigation of transactions and activity in the accounts of the Entities.

15. Any and all documents evidencing actions taken by Wells Fargo to comply with "know your customer" policies with respect to any person or company affiliated with any Entities that held an account at Wells Fargo.

16. Any and all documents evidencing Wells Fargo's detection of any suspicious activity in any accounts of any Entities and actions taken in response thereto.

17. Any and all documents evidencing Wells Fargo's detection of any circular transactions in any accounts of the Entities and actions taken in response thereto.

18. Any and all documents evidencing Wells Fargo's policies and procedures with respect to the filing of suspicious activity reports.

19. Any and all documents evidencing Wells Fargo's polices and procedures with respect to the PC Manager computer program (or any other computer program provided by Wells Fargo to its customers for the processing of wire transfers).

112497.1

Diamond McCarthy LLP

September 13, 2007
Page 4

20.    Any and all documents evidencing loans or other forms of credit extended to any person or company affiliated with the Entities by Wells Fargo and the terms thereof.

21.    Any and all documents evidencing actions taken by Wells Fargo to determine and monitor the credit worthiness of any person or company affiliated with the Entities to whom Wells Fargo made loans or extended other forms of credit.

22.    Any and all documents evidencing correspondence and communications between any of the Entities and Wells Fargo.

23.    Any and all documents evidencing correspondence and communications between Wells Fargo and the auditors of any of the Entities, including, but not limited to, Deloitte & Touche LLP, Piercy Bowler Taylor & Kern, and Beadle McBride Evans & Reeves LLP.

24.    Any and all documents evidencing meetings between Wells Fargo and any Entities.

25.    Any and all documents evidencing wire transfers received or sent by Wells Fargo with reference to any accounts at Wells Fargo held in the name of or for the benefit of any of the Entities.

26.    Any and all documents evidencing Wells Fargo's policies and procedures applicable to wire transfers to or from the accounts of any Entities.

27.    Any and all documents evidencing wire transfers to or from accounts of any Entities that were circular in nature or unusually large in dollar amount.

28.    Any and all documents evidencing Wells Fargo's policies and procedures applicable to wire transfer to or from accounts of any Entities that were circular in nature or unusually large in dollar amount.

29.    Any and all documents evidencing wire transfers to or from accounts of any Entities where the name of the recipient or transferor is not identified.

30.    Any and all documents evidencing Wells Fargo's knowledge of the sources and uses of funds deposited into any accounts at Wells Fargo held in the name of or for the benefit of any of the Entities.

Diamond McCarthy LLP

September 13, 2007
Page 5

31.     Any and all documents evidencing Wells Fargo's knowledge of the business activities of any Entities.

32.     Any and all documents evidencing Wells Fargo's knowledge of any illegal activity by any Entities or any activity of any Entities considered by Wells Fargo to be suspicious.

33.     Any and all documents evidencing any concerns or problems that arose, including but not limited to regulatory or internal audit compliance concerns, with respect to any of the accounts of any Entities at Wells Fargo or any activity or transactions therein, and the actions taken by Wells Fargo to remedy those concerns or problems.

34.     Any and all documents evidencing overdrafts on accounts of any Entities and actions taken by Wells Fargo with respect to such overdrafts.

35.     Any and all documents evidencing Wells Fargo's policies and procedures applicable to overdrafts on any accounts held by Entities.

36.     Any and all documents evidencing any participation by Wells Fargo in any loans extended by any Entities to a third party.

37.     Any and al documents evidencing any reports or filing made to any regulatory agency or group relating to any Entities.

38.     Any and all documents evidencing fees earned by Wells Fargo and its employees for the handling of the accounts of any Entities and wire transfers to or from those accounts.

39.     Any and all documents evidencing correspondence and communications between Wells Fargo and any attorneys for any of the Entities, including but not limited to Goold Patterson Ales & Day; Kummer Kaemper Bonner Renshaw & Ferrario; Santorro, Driggs, Walch, Kearney, Johnson & Thompston; and Bryan Cave LLP.

40.     Any and all documents evidencing any transactions, including wire transfers, between any of the Entities.


        Once again, we expect Wells Fargo to produce these documents by October 10, 2007. Thank you again for your assistance. Please call me if you have any questions.


112497.1

Diamond McCarthy LLP

September 13, 2007
Page 6

Very truly yours,

Elisaveta Dolghih

Enclosure

112497.1

Diamond McCarthy LLP

September 13, 2007
Page 7

# EXHIBIT A

- Amblano, LLC
- Ashby USA, LLC
- Aware TM 30850, LLC
- Blue Vale, LLC
- California Desert, LLC
- Clemency, LLC
- Cornman Toltec 160, LLC
- FWY 101 USA Investors, LLC
- Happy Valley, LLC
- Haspinov, LLC
- HMA Management, LLC
- HMA Sales, LLC
- Housing Partners, LLC
- Indian Wells California Partners, LLC
- Institutional Equity Partners, LLC
- Lucid Land Development, LLC
- Mojave Advertising, LLC
- Nevada Technology Networks, LLC
- Opaque Land Development, LLC
- Perusa, LLC
- Placer County Land Investors, LLC
- Placer County Land Speculators, LLC
- Random Developments, LLC
- Ravenswood Apple Valley, LLC
- Reno Design Center, LLC
- Soda Flats Land Company, LLC
- Southern California Land Development, LLC
- Sparks Galleria Investors, LLC
- Sugartree, LLC
- Tanamera Commercial Development, LLC
- Tanamera Development, LLC
- Tanamera Homes, LLC
- Tanamera Residential, LLC
- TJA Marketing, LLC
- Toblak, LLC
- Tree Moss Partners, LLC
- Twelve Horses North America, LLC
- USA Capital Diversified Trust Deed Fund, LLC
- USA Capital First Trust Deed Fund, LLC
- USA Capital Mortgage, LLC
- USA Capital Realty Advisors, LLC

112497.1

Diamond McCarthy LLP

September 13, 2007
Page 8

- USA Capital Secured Income Fund, LLC
- USA Capital Specialty Finance, LLC
- USA Commercial Mortgage Company
- USA Investors II, LLC
- USA Investors III, LLC
- USA Investors VI, LLC
- USA Securities, LLC
- Vegas Hot Spots, LLC

112497.1

# DIAMOND McCARTHY LLP
## Attorneys & Counselors

Renaissance Tower | 1201 Elm Street, 34th Floor | Dallas, TX 75270 | Phone: 214.389.5300 | Fax: 214.389.5399

Writer's Direct Dial Number
(214) 389-5306

Email Address
emadden@diamondmccarthy.com

April 23, 2007

**VIA FACSIMILE**
**AND CERTIFIED MAIL RRR 70000520002346830110**

Ms. Lisa Chow
Wells Fargo
Subpoena Processing Department
P.O. Box 29728
Phoenix, Arizona 85038

Re:    *In re USA Commercial Mortgage Company*, Case No. BK-S-06-10725-LBR,
       pending in the United States Bankruptcy Court for the District of Nevada

Dear Ms. Chow:

My firm is special litigation counsel to the USACM Liquidating Trust ("Trust") in the above-referenced matter. The Trust recently served a Rule 2004 subpoena (the "Subpoena") upon you, seeking a production of certain documents and an examination of a designated corporate representative.

Please be advised that the Trust will not enforce those document requests in Exhibit "B" to the Subpoena that are unrelated to the Debtors (as that term is defined therein), USA Investment Partners, LLC ("USAIP"), and those entities in which USAIP or USA Commercial Mortgage Company ("USACM") is the managing or majority member. Such requests are hereby withdrawn. The Trust, however, expressly reserves the right to make the same or similar requests in the future, pursuant to Rule 2004 or otherwise. In the meantime, you should nonetheless comply with all document requests in Exhibit "B" related to the Debtors, USAIP, and those entities in which USAIP or USACM is the managing or majority member.[1]

Thank you in advance for your cooperation in connection with the Subpoena. Please call me if you have any questions.

Very truly yours,

Eric D. Madden

Enclosure

---
[1]    A list of such entities is attached hereto as Exhibit "A."

114041.2

Diamond McCarthy Taylor Finley & Lee LLP
Houston | Two Houston Center | 909 Fannin, Suite 1500 | Houston, TX 77010 | Phone: 713.333.5100 | Fax: 713.333.5
Austin | 6504 Bridgepoint Parkway | Suite 400 | Austin, TX 78730 | Phone: 512.617.5200 | Fax: 512.617.5299
www.diamondmccarthy.com



EXHIBIT
B

Diamond McCarthy LLP

---

Ms. Lisa Chow
April 23, 2007
Page 2

cc:     Geoffrey Berman
        Allan Diamond
        Bill Reid
        Rob Charles
        John Moe

114000.1

## EXHIBIT "A"

- Amblano, LLC
- Ashby USA, LLC
- Aware TM 30850, LLC
- Blue Vale, LLC
- Brentwood 128, LLC
- California Desert, LLC
- Clemency, LLC
- Cornman Toltec 160, LLC
- Double Diamond Management Company, LLC
- Eagle Ranch, LLC
- Eagle Ranch Residential, LLC
- FWY 101 USA Investors, LLC
- Happy Valley, LLC
- Haspinov, LLC
- HMA Management, LLC
- HMA Sales, LLC
- Indian Wells California Partners, LLC
- Institutional Equity Partners, LLC
- Kegan, LLC
- Lucid Land Development, LLC
- Mojave Advertising, LLC
- M.P.D.D. Ranch, LLC
- Nevada Technology Networks, LLC
- Opaque Land Development, LLC
- PerUSA, LLC
- Pecos Professional Park Limited Partnership
- Placer County Land Investors, LLC
  (formerly Placer County Land Speculators, LLC)
- Random Developments, LLC
- Ravenswood Apply Valley, LLC
- Red Granite, LLC
- Reno Design Center, LLC
- Soda Flats Land Company, LLC
- South Meadows Commercial Property, LLC
- South Meadows Office Investors, LLC
- Southern California Land Development, LLC
- Sparks Galleria Investors, LLC
- Sugartree, LLC
- Tanamera Commercial Development, LLC
- Tanamera Development, LLC
- Tanamera Homes, LLC
- Tanamera Management, LLC
- Tanamera Residential, LLC
- TJA Marketing, LLC

114063v1

- Toblak, LLC
- Tree Moss Partners, LLC
- Twelve Horses North America, LLC
- USA Capital Institutional High Income Fund, LLC
- USA Capital Mortgage, LLC
- USA Capital Realty Advisors, LLC
- USA Capital Secured Income Fund, LLC
- USA Capital Specialty Finance, LLC
- USA Investors I, LLC
- USA Investors II, LLC
- USA Investors III, LLC
- USA Investors VI, LLC
- Vegas Hot Spots, LLC

114063v1

# EXHIBIT L

Writer's Direct Dial Number                                                                              Email Address
(214) 389-5333                                                                            edolghih@diamondmccarthy.com

October 10, 2007

**VIA FAX: (602) 378-4428**
**and E-MAIL: toysha.r.martin@wellsfargo.com**


Toysha Martin
Senior Counsel
Wells Fargo Bank
100 W. Washington St. 14th Floor
Phoenix, Arizona 85003

      Re:     *In re USA Commercial Mortgage Company, et al.*, Case No. 06-10725, in the
                 United States Bankruptcy Court for the District of Nevada.
                 Wells Fargo File No. 0320971-01

Dear Ms. Martin:

      I am writing a follow-up letter to confirm our conversation regarding Wells Fargo's response to the Rule 2004 Subpoena and the Request for Production (the "Subpoena") that was served on Wells Fargo in the above-referenced case on March 14, 2007.

      First, I would like to clarify that given the amount of extensions that the bank has been given since March, 2007 and given that the last deadline for producing the documents was <u>today</u>, I expect the bank to answer this Subpoena in an expedited manner.

      This being said, you have indicated this afternoon, that the bank will be able to produce the requested documents faster if I prioritized the categories of documents requested in the Subpoena. I provide you with such a list as follows (according to priority from top to bottom):

      1.     Documents related to ACH and wire transfers that identify the beneficiary of such transfers (for transfers made *out of* an account) and the transferor (for transfers that were made *in* the account). In particular, we seek such documents for the Collections Trust Account No. 089-5737864 and Investors Trust Acct. No. 046-5657146. The fact that we ask the bank to gather these documents on two particular accounts first, should not be interpreted as a waiver with respect to the other accounts. Thus, we expect the bank to produce similar ACH and wire transfer documents related to all of the accounts maintained at Wells Fargo by the Entities listed in the Subpoena as soon as the bank collects such documents in an expedited manner.

      2.     Documents reflecting the identity of the current and former Wells Fargo employees who handled transactions or accounts of any of the Entities at Wells Fargo as well as any correspondence or communication that such employees had with any of the Entities, including e-mails.

123224

**EXHIBIT "L"**

Diamond McCarthy LLP

October 10, 2007
Page 2

    3.       The following bank policies:

        (a) Wells Fargo document retention policy;

        (b) Wells Fargo "know your customer" policy;

        (c) Wells Fargo policies and procedures on reporting suspicious activity in accounts including circular wire transfers and unusually large wire transfers;

        (d) Wells Fargo policies and procedures that deal with the application, opening, acceptance, management, ongoing review and oversight of the accounts at Wells Fargo;

        (e) Wells Fargo polices and procedures that ensure regulatory and internal audit compliance with respect to the accounts at Wells Fargo;

        (f) Wells Fargo policies and procedures applicable to monitoring, review, and investigation of transactions and activity in the accounts related to the Entities listed in the Subpoena;

        (g) Wells Fargo policies and procedures applicable to wire transfers to or from the accounts of any Entities;

        (h) Wells Fargo policy regarding overdrafts on any accounts held by Entities listed in the Subpoena;

I discussed the above-listed categories of the documents with you this afternoon and I provide this list now without prejudice to or waiver of the other requests contained in the Subpoena.

With regards to the other matters discussed this afternoon, you have mentioned that the bank is prohibited by certain federal regulations from providing certain documents requested in the Subpoena and you offered to point me to the appropriate federal statute or regulation regarding this issue.  I respectfully ask you to provide me with this information.

I believe that this letter provides an accurate summary of our conversation this afternoon. If you feel differently, I ask you to respond in writing immediately.

Finally, I ask that the requested documents be produced on rolling basis, but at the very latest by November 2, 2007.

                         Very truly yours,

                         Elisaveta Dolghih

# EXHIBIT M



**WELLS FARGO**

Toysha R. Martin
Senior Counsel

Law Department
MAC S4101-142
Suite 1418, 14th Floor
100 W. Washington
Phoenix, AZ 85003-1805
602 378-4766
602 378-4428 Fax
toysha.r.martin@wellsfargo.com

October 11, 2007

<u>**Sent Via US Mail and Facsimile to 214.389.5399**</u>
Elisaveta Dolghih
Diamond McCarthy LLP
Renaissance Tower
1201 Elm Street, 34th Floor
Dallas, TX 75270

Re:     *In re USA Commercial Mortgage Company, et al.*, Case No. 06-10725

Ms. Dolghih:

I am in receipt of your letter dated October 10, 2007 which attempts to summarize our conversation. Your misstatements and omissions are corrected with this response.

First, I will point out that prior to receiving your letter, I forwarded via email a copy of the March 2007 Rule 45 objection letter made in response to your subpoena. A copy of that letter and the fax confirmation sheet is attached. As with several other items, your letter fails to mention this aspect of our discussion. Under Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure:

> ...a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance..., serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials...If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials...except pursuant to an order of the court...

Although the Bank's position is that we are under no obligation to further produce anything under the March 2007 Subpoena absent a court order, Wells Fargo has repeatedly demonstrated our willingness to work with you. As I explained during our telephone conversation, since Wells Fargo Bank receives more than 2000 subpoena requests for financial records per month, it is necessary that we object to overly broad subpoenas which cause an undue burden and expense on the Bank, a non-party to the litigation. Your subpoena falls into that category. Your initial request for records identified over 100 entities. To your credit, that list was ultimately reduced to approximately 20 entities, but continues to cover a 10 year period.

For the reasons provided, Wells Fargo attempted to negotiate the scope and breadth of the subpoenas following our objection. On April 11, 2007, Wells Fargo made a mutually agreed upon partial production of account statements to which Eric Madden requested a 60 day extension to review those documents and to determine what additional items were needed. The first extension ended on or near June 5, 2007. Thereafter, Mr. Madden agreed to a second 60 day extension to continue his review of those statements. At no time during the first four months

**EXHIBIT "M"**

following our written objection did Eric Madden ever identify additional records to be produced. Therefore, Wells Fargo did not search for records requested by the March 2007 Subpoena for two reasons: (1) Although Wells Fargo agreed to work with you, Wells Fargo made a valid and timely written objection and had no obligation to produce any records, and (2) Mr. Madden did not identify additional records for review. So your assertion that Wells Fargo was provided sufficient time to produce records is a gross mischaracterization of the facts. Neither of the first two extensions was for the benefit of Wells Fargo Bank to gather records.

The second extension ended on August 6, 2007. Two days later, you requested an extension until September 10, 2007; again without identifying records to be produced. There was also no search or retrieval for records during this time. Finally, on September 4, 2007, you called Wells Fargo's Legal Order Processing group demanding production of every item listed on the March 2007 Subpoena to be produced by October 10, 2007. You were told then that was not possible and refused to provide the time necessary for production. I remind you that under Rule 45(c)(2)(1) of the Federal Rules of Civil Procedure, you have an obligation to "avoid imposing an undue burden or expense" on those subject to your subpoena.

Your next misstatement occurs when you attempt to summarize my communications about what the Bank will be able to produce "faster." You were advised on multiple occasions by multiple Wells Fargo personnel that your request consists of more than 50,000 items which will take over six months to retrieve, excluding any database search for email communications of every bank employee having contact with the named entities. It doesn't matter how you prioritize the requested items, it will still take a minimum of six months to produce everything requested.

A more accurate recantation of our conversation follows: I asked if there was something in particular you were looking for that could help narrow the focus and expedite the production. You responded that this is your "first stage of investigation" and you "want everything identified in the Subpoena." I again asked if there was a particular account or particular items you believed to be more significant, attempting to get you to narrow your focus. Finally, you agreed there were two accounts the Bank could focus its production.

In response to your other points:
1) As promised, Well Fargo will definitely try to expedite the production of the records on the Collections Trust Account and the Investor Trust Account identified. It will still take over six months to produce every item you've requested, if not longer.
2) The signature cards previously produced provide names of employees working on the account. Please note, these accounts were all closed over a year ago or more. Any attempt to retrieve information regarding "current and former employees who handled transactions or accounts of any of the Entities at Wells Fargo as well as any correspondence or communication that such employees had with any of the Entities, including emails…" is an extensive undertaking of research time and costs that is unduly burdensome for what amounts to a fishing expedition of information which may or may not exist. To that end, our objections stand, but I will gladly make a call to our IT group.
3) Wells Fargo will provide copies of what is publicly available to our customers regarding our consumer/business relationship obligations. Our objections stand for any internal

policies. As to your request for SAR information, please refer to 31 U.S.C. 5318. Many of the items you request are also federally regulated and available other means.

Unfortunately, as repeatedly explained to you, to produce everything under the March 2007 Subpoena is an extensive undertaking and cannot be achieved prior to the November 2, 2007 deadline identified in your letter; however, efforts will be made to produce the items discussed.

Kindest regards,

Toysha Martin

Enclosure(s)

cc:     Beverly Williams
        Michelle Schneider

```
┌─────────────────────────────┐
│      JOB STATUS REPORT       │
└─────────────────────────────┘
```

```
                              TIME  : 03/20/2007 07:45
                              NAME  : WELLS FARGO
                              FAX#  : 4807245115
                              TEL#  : 4807245115
                              SER.# : BR04J2626991
```

```
┌──────────────────────────────────────────────────────────────┐
│                                                                │
│   DATE,TIME          03/20  07:45                              │
│   FAX NO./NAME       912143895399                             │
│   DURATION           00:00:30                                  │
│   PAGE(S)            02                                         │
│   RESULT             OK                                         │
│   MODE               STANDARD                                  │
│                      ECM                                        │
│                                                                │
└──────────────────────────────────────────────────────────────┘
```



## WELLS FARGO SERVICES
### SUBPOENA PROCESSING DEPARTMENT
P.O. Box 29728 – MAC #S3928-020
Phoenix, AZ 85038

---

### Fax Cover Sheet

**March 20, 2007**

---

To:     Eric D. Madden              Fax #:  (214) 389-5399

From:   Lisa Chow              Phone #: (480) 724-2048
                               Fax # (480) 724-5106

# of pages (including) this cover sheet: 2

---

Re: USA Commercial Mortgage et al. Our File 1162559.



Subpoena Processing Department
P.O. Box 29728
MAC# S3928-020
Phoenix, AZ 85038-9728

March 20, 2007

<u>Via Facsimile (214) 389-5399</u>
<u>& Regular US Mail</u>

DIAMOND MCCARTHY LLP
ATTN.: ERIC D. MADDEN
1201 ELM STREET  34/FL
DALLAS, TX  75270

  **Re: Federal Civil Subpoena**
  **Case No.: BK-S-06-10725-LBR**
  **Case Name: USA Commercial Mortgage Co. et al**
  **Bank Reference No.: 1162559**

Dear Mr. Madden:

The subpoena referenced above and received on 03/14/2007, has been assigned to me for response.

Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, Wells Fargo objects to production, inspection or copying of these documents on the grounds that the scope to the subpoena is overly broad and imposes an undue burden on Wells Fargo. In addition, any responsive documents may contain confidential and/or proprietary information.

Wells Fargo is unable to produce the documents requested by 04/11/2007. Wells Fargo is willing to discuss a mutually satisfactory solution to this problem but felt it necessary to preserve its right in the event that this issue cannot be otherwise mutually resolved. Please also be advised that Wells Fargo exercises its right to reimbursement under the Federal Rules of Civil Procedure. The normal fee for producing these records is $0.10 per item and $10.00 per hour for research and copy time.

If you have any questions, please contact me at the number listed below.

Sincerely,

Lisa Chow
Subpoena Processing Representative
1-(480) 724-2048
Hours of Operation:  8:30 a.m. to 5:00 p.m. MST (no Daylight Savings Time)

L:\Subpoena Department\Letters\FedCivObj.doc
Rev. 04-04



**WELLS FARGO BANK, LAW DEPARTMENT**
S4101-142, Suite 1418
100 W. Washington, 14th Floor
Phoenix, AZ 85003

# CONFIDENTIAL AND/OR PRIVILEGED

### PLEASE DELIVER TO:

Date:                    October 11, 2007

Name:          **Elisaveta Dolghih**

Company:    **Diamond McCarthy LLP**

Phone Number:    214.389.5333              Facsimile Number:    214.389.5399

Cc:                      Beverly                           Facsimile Number:    214.841.3210

### FROM:

Name:             Toysha R. Martin

Phone Number:    (602) 378-4766              Facsimile Number:    (602) 378-4428

Page(s) To Follow **INCLUDING** This Cover Sheet    6

RE:    *In re USA Commercial Mortgage Company, et al.*, Case No. 06-10725

Comments:

**IMPORTANT:** If you do not receive all pages, please call the Law Department at Wells Fargo Bank as soon as possible.

PLEASE NOTE, THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AT THE ABOVE TELEPHONE NUMBER AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA REGULAR POSTAL SERVICE. THANK YOU.

# EXHIBIT N

# DIAMOND McCARTHY LLP
### Attorneys & Counselors

Renaissance Tower | 1201 Elm Street, 34th Floor | Dallas, TX 75270 | Phone: 214.389.5300 | Fax: 214.389.5399

Writer's Direct Dial Number
(214) 389-5333

Email Address
edolghih@diamondmccarthy.com

October 30, 2007

**VIA FAX: (602) 378-4428**
**and E-MAIL: toysha.r.martin@wellsfargo.com**

Toysha Martin
Senior Counsel
Wells Fargo Bank
100 W. Washington St. 14th Floor
Phoenix, Arizona 85003

      Re:   *In re USA Commercial Mortgage Company, et al.*, Case No. 06-10725, in the United States Bankruptcy Court for the District of Nevada; Wells Fargo File No. 0320971-01

Dear Ms. Martin:

    I am writing a follow-up letter to confirm our conversation on October 26, 2007, regarding Wells Fargo's response to the Rule 2004 Subpoena and the Request for Production (the "Subpoena") that was served on Wells Fargo in the above-referenced case on March 14, 2007.

    With respect to the information that you have already produced, I am enclosing a table that indicates which documents are still missing from the production of the bank account statements (WF 000001-WF 002731).[1]  As you will see from the table, most of the missing documents include account applications and original signature cards.  Additionally, I believe that some account statements have not been produced for at least one account.  The bank account statements produced for Account No. 552-5221528, which was held in the name of 10-90 Inc., do not include account statements after December 31, 2004.  We have reason to believe that this account remained open until sometime in 2005.  Please verify that you have produced all bank account statements for the entire time period during which each of these accounts were open at Wells Fargo.

    With respect to internal and external communications regarding bank accounts maintained by USACM or related entities at Wells Fargo, you have indicated that there were two bankers who opened the accounts for USACM and/or related entities.  You have agreed to produce documents reflecting internal and external communications involving these two bankers related to any bank accounts maintained by USACM or related entities.

---

[1] *See* Exhibit A to this letter.

123224

Diamond McCarthy Taylor Finley & Lee LLP
Houston | Two Houston Center | 909 Fannin, Suite 1500 | Houston, TX 77010 | Phone: 713.333.5100 | Fax: 713.333.5199
Austin | 6504 Bridgepoint Parkway | Suite 400 | Austin, TX 78730 | Phone: 512.617.5200 | Fax: 512.617.5299
www.diamondmccarthy.com

**EXHIBIT "N"**

Diamond McCarthy LLP

October 10, 2007
Page 2

You have not agreed to produce the bank's internal policies because you believe that it is proprietary information. You have agreed, however, to consider whether the bank would be willing to produce such policies if a stipulated protective order were in place. Please let us know if the bank is willing to produce such documents under a mutually agreeable protective order.

You have indicated that any sort of electronic or website access to the closed accounts is impossible due to the closure of such accounts; therefore, you are not able to produce such information or grant us access to it.

You have also informed us that the collection of ACH and wire transfer information has already begun with respect to the Collections Trust Account No. 089-5737864 and Investors Trust Account No. 046-5657146. You have agreed to produce these documents on a rolling basis. We also ask that Wells Fargo collect similar ACH and wire transfer documents related to the following two accounts: Mountain Vista Inc. Business Cash Management Account No. 552-5221536 and 10-90, Inc. Basic Business Checking Account No. 552-5221528. Our request with respect to these two accounts is limited to the period from January 2002 until present time.

I believe this letter accurately summarizes our conversation. If you disagree, please let me know as soon as possible.

Very truly yours,

Elisaveta Dolghih

**EXHIBIT A**

| Production No. | Description | Missing |
|---|---|---|
| WF 5-39, 84-88 | **Mountain Vista Inc.**<br>**Business Cash Management**<br>**Account  No. 552-5221536**<br>Monthly statements (3/19/03-1/20/05) | Application<br><br>Signature Card |
| WF 40-83 | **10-90 Inc.**<br>**Basic Business Checking**<br>**Account  No. 552-5221528**<br>Monthly statements (3/31/03-12/31/04) | Application<br><br>Signature Card |
| WF 118-121<br>WF 122-124 | **DTDF**<br>**Choice IV Checking**<br>**Account No. 562-7688038**<br>Business Account Application (12/20/04)<br>Monthly statements (12/20/04-2/28/05) | Signature Card |
| WF 128-502<br>WF 125<br>WF 127<br>WF 126 | **USACM**<br>**Choice IV Checking**<br>**Account No. 0834610149**<br>Monthly statements (1/31/00-5/31/06)<br>Addendum to Certificate of Authority (8/30/02)<br>Fax Signature Authorization (4/16/04)<br>Addendum to Certificate of Authority (3/01/06) | Application<br><br>Signature Card |
| WF 515-1500<br>WF 125<br>WF 127<br>WF 126<br>WF 503-507 | **USACM**<br>**Collections Trust**<br>**Account No. 089-5737864**<br>Monthly statements (1/31/00-6/30/06)<br>Addendum to Certificate of Authority (8/30/02)<br>Fax Signature Authorization (4/16/04)<br>Addendum to Certificate of Authority (3/1/06)<br>Business Account Application (Tom Allison)<br>(6/7/06) | Application<br><br>Signature Card |
| WF 1501-1504<br>WF 1505-1527 | **USACM**<br>**Confidential Discretionary**<br>**Account No. 5627688020**<br>Business Account Application (12/16/04)<br>Monthly statements (12/16/04 – 5/3/06) | Signature Card |

12-190v1

| | | |
|---|---|---|
| WF 1528-1532<br>WF 1533-1558<br>WF 126 | **USACM**<br>**Exclusive Account No. 5627688186**<br>Business Account Application (3/9/05)<br>Monthly statements (3/9/05 – 5/31/06)<br>Addendum to Certificate of Authority (3/1/06) | Signature Card |
| WF 1560-1872<br>WF 126<br>WF 127 | **USACM**<br>**Investors Trust**<br>**Account No. 046-5657146**<br>Monthly statements (2/1/05-5/31/06)<br>Addendum to Certificate of Authority (3/1/06)<br>Fax Signature Authorization (4/16/04) | Application<br><br>Signature Card |
| WF 1873-1874<br>WF 1875-1876 | **Market Rate**<br>**Account No. 8371724478 (Credit)**<br>**Account No. 4000046896 (Debit)**<br>Application (8/12/05)<br>Monthly Statement (Credit) (8/31/05) | Signature Card<br><br>Monthly Statements |
| WF 1879-1974<br>WF 1877-78 | **USA REG "Group Trust"**<br>**Account  No. 083-4606261**<br>Monthly statement (6/31/00-6/30/06)<br>Fax Signature Authorization (4/16/04) | Application<br><br>Signature Card |
| WF 1975-76 | **Account No. 829-699743**<br>Fax Signature authorization (4/16/04) | Application<br><br>Monthly Statements |
| WF 1975-76 | **Account No. 834-614422**<br>Fax Signature authorization (4/16/04) | Application<br><br>Monthly Statements |
| WF 1977-2112<br>WF 1975-76 | **USA REG**<br>**Commercial Checking**<br>**Account No. 083-465487**<br>Monthly statements (1/31/00-6/30/06)<br>Fax Signature authorization (4/16/04) | Application<br><br>Signature Card |
| WF 2114-2155<br>WF 1877-78<br>WF 2113 | **Account No. 928-6810925**<br>Monthly statements (9/16/03-6/30/06)<br>Fax Signature Authorization (4/16/04)<br>Addendum to Certificate of Authority (3/15/06) | Application<br><br>Signature Card |
| WF 2157-2211<br>WF 2156<br>WF 1877-78 | **USA Investors I**<br>**Account No. 465-657039**<br>Monthly statements (1/31/00-1/31/03)<br>Addendum to Certificate of Authority (8/30/02)<br>Fax  Signature Authorization (4/16/04) | Application<br><br>Signature Card |

12-190v1

| | | |
|---|---|---|
| WF 2212-2392 | **USA Investors VI**<br>**DBA Sheraton Hotel**<br>**Account. No. 989-8109567**<br>Monthly statements (2/25/03 – 9/30/06) | Application<br><br>Signature Card |
| WF 2393-96<br>WF 2399-2400<br>WF 2398<br>WF 2397<br>WF 2401-2476 | **USA Investors VI**<br>**SBA Sheraton Hotel**<br>**Account No. 989-8394169**<br>Business Account Application (2/13/03)<br>Certificate of Authority (3/14/03)<br>Addendum to Certificate of Authority (2/13/03)<br>Addendum to Certificate of Authority (8/11/05)<br>Monthly statements (2/28/03-4/30/06) | Signature Card |
| WF 2393-94<br>WF 2585-2660 | **USA Investors VI**<br>**SBA Sheraton Hotel**<br>**Account No. 989-8108304**<br>Business Account Application (2/13/03)<br>Monthly statements (2/13/03-12/31/05) | Signature Card |
| WF 2479-2527<br>WF 2477-78 | **Investors VI**<br>**DBA Sheraton Hotel**<br>**Account No. 200-0279329**<br>Monthly Statements (2/28/03-12/30/05)<br>Account Application (2/13/03) | Signature Card |
| WF 2528-2583<br>WF 2377-2478 | **Investors VI**<br>**DBA Sheraton Hotel**<br>**Account no. 200-0279337**<br>Monthly statements (2/28/03-12/30/05)<br>Account Application (2/13/03) | Signature Card |
| WF 2662-2731 | **Investors VI**<br>**DBA Sheraton Hotel**<br>**Account no. 989-8368494**<br>Monthly statements (2/14/03-12/31/05) | Account Application<br><br>Signature Card |

12-190v1