**EXHIBIT B**

# DECLARATION OF MICHELLE SCHNEIDER

I, Michelle Schneider, declare as follows:

1. I am an employee of Wells Fargo Bank, N.A ("Wells Fargo") in the Legal Order Processing Department.

2. My title is Paralegal. I have worked at Wells Fargo for 7 years.

3. I am above the age of 18 and am otherwise competent to testify to the matters set forth herein.

4. I am familiar with Wells Fargo's business practices in processing and responding to subpoenas and searching for and producing Wells Fargo customer records.

5. I have personal knowledge of all matters stated in this declaration.

6. On March 14, 2007, Wells Fargo was served with a subpoena, issued March 13, 2007 by counsel for the USACM Liquidating Trust, Eric Madden, Esq., of the law firm of Diamond McCarthy, LLP. The subpoena was issued in connection with the following consolidated bankruptcy proceedings: In re: USA Commercial Mortgage Company, United States Bankruptcy Court, District of Nevada, BK-S-06-10725-LBR; In re: USA Capital Realty Advisors, LLC, United States Bankruptcy Court, District of Nevada, BK-S-06-10726-LBR; In re: USA Capital Diversified Trust Deed Fund, LLC, United States Bankruptcy Court, District of Nevada, BK-S-06-10727-LBR; In re: USA Capital First Trust Deed Fund, LLC, United States Bankruptcy Court, District of Nevada, BK-S-06-10728-LBR; and, In re: USA Securities, LLC, United States Bankruptcy Court, District of Nevada, BK-S-06-10729-LBR.

7. The subpoena requested documents regarding 231 named individuals and businesses. No other identifying information was provided. The subpoena also requested production on 93 specifically identified items covering a 10 year time frame beginning January 1, 1997.

1

8. On March 20, 2007 a Wells Fargo Subpoena Processing Representative made written objection to the production of records called for in the subpoena, a copy of which is attached hereto as **Exhibit 1**.

9. Following Wells Fargo's objection, Wells Fargo contacted the requesting attorney to obtain additional information to assist in locating the named individuals and entities. Eric Madden provided additional identifying information in which Wells Fargo located 12 entities with 22 total accounts from the 231 named individuals and businesses.

10. Wells Fargo's policy is to notify its customers when Wells Fargo receives third party requests for a customer's financial information. In accordance with our policy, we mailed written notice to the 12 customers located.

11. I am informed that, on or about April 11, 2007, a Subpoena Processing Representative of Wells Fargo discussed the production called for by the subpoena with Mr. Madden. Mr. Madden agreed to extend the file for 60 days after receipt of the statements and signature cards pending his review to determine what additional records his client may need.

12. Prior to shipping the statements and signature cards, Wells Fargo began receiving objections from multiple customers. Copies of two of the written objections are collectively attached hereto as **Exhibit 2**. Mr. Madden was made aware of the objections, and agreed he would limit the production for his client's records only.

13. Mr. Madden limited the production to the following entities: USA Commercial Mortgage Company, USA Capital Realty Advisors LLC, USA Capital Diversified Trust Deed Fund LLC, USA Capital First Trust Deed Fund, USA Securities LLC, and USA Investment Partners. These entities had a total of 17 accounts.

14. On or about May 2, 2007 a shipment of documents consisting of statements and signature cards pertaining to the above referenced entities was sent to Mr. Madden. The documents comprised hundreds of pages, as it is my understanding that approximately 726 statements were provided, with some of the statements being up to 30 pages long.

2

15. I am informed that, on or about June 5, 2007, a Subpoena Processing Representative followed up with Mr. Madden regarding the status of the subpoena. At that time Mr. Madden indicated he was still reviewing the statements and requested to have the file extended another 60 days to give him additional time for reviewing the statements to determine what additional items would he would be requesting to be produced. During this additional 60 day period, there was no additional research, document production, or retrieval conducted by Wells Fargo.

16. I am informed that, on or about August 8, 2007, a Subpoena Processing Representative followed up with Mr. Madden's law firm, and was directed to Leiza Dolghih. Ms. Dolghih indicated they were continuing to review the previous shipment of statements and would let Wells Fargo know by September 10, 2007 what additional documents counsel would be seeking to be produced.

17. I am informed that, in early September, 2007 (i.e., on or about September 4, 2007), Ms. Dolghih contacted Subpoena Processing. In contrast with the prior discussion with Mr. Madden, Ms. Dolghih stated that counsel for the USACM Liquidating Trust would now be seeking the entire scope of the documents originally set forth in the subpoena served on Wells Fargo on or about March 14, 2007.

18. A Subpoena Processing Representative then provided cost and time estimates to Ms. Dolghih. Ms. Dolghih then indicated she would need to speak with the requesting attorney and would call back.

19. I am informed that, on or about September 10, 2007, Ms. Dolghih contacted a Subpoena Processing Representative indicating there were approximately 40 specific wire transfers and ACH transactions that were needed. Ms. Dolghih indicated she desired to have these documents produced by Wells Fargo by October 10, 2007.

3

20. I am informed that, on or about September 20, 2007, Ms. Dolghih contacted a Subpoena Processing Representative and stated she would need an estimate for the costs of producing all ACH and wire activity on all accounts.

21. I am informed that, on or about September 25, 2007 a Subpoena Processing Representative contacted Ms. Dolghih and provided an estimate of $3,000.00 for wire activity and of $2,000.00 for ACH activity.

22. It was estimated it would take a minimum of 6 months to get the requested ACH transfer activity due to the fact there were 8 entities involving 17 accounts spanning 10 years.

23. The 40 specific items from the September 10, 2007 conversation with Ms. Dolghih and a Subpoena Processing Representative were mailed to Ms. Dolghih on or about October 3, 2007.

24. In early October, 2007, an in house attorney with Wells Fargo became involved in assisting with the discussions with counsel for the USACM Liquidating Trust regarding the continuing records production issues. As a result of these discussion, Wells Fargo limited its records production efforts to pulling wires and ach transfers on two accounts, starting with the last two years of activity.

25. On or about November 16, 2007 and November 23, 2007, the documentation reflecting approximately 1,900 wires was produced. The retrieval process regarding this documentation alone took approximately 2 minutes per wire, which involved approximately 3,800 minutes or approximately 63 hours to produce.

26. Additionally, it was identified there were approximately 459 ACH transactions to produce for the 2 negotiated accounts. The time ranges to produce these documents ranged from an average of 5 minutes per transaction to 18 minutes per transaction, depending on the time frame of the transaction. This work is completed as of the date of this declaration. The retrieval process regarding this documentation took approximately 130 hours.

4

27. With respect to the five additional accounts for which counsel for the USACM Liquidating Trust seeks the ACH records and wire transfer records (i.e., 10-90, Inc. Acct. No. 552-5221528; Mountain Vista Acct. No. 552-5221536; Diversified Trust Deed Acct. No. 562-7688038; USACM Choice IV Checking 0834610149; and Palomino Partners Acct. No. 834-614422) my estimate is that it will take approximately 79 hours to produce this documentation/information. From the information available to me it appears that the following accounts have the following wire/ACH activity: (i) 10-90, Inc. Acct. No. 552-5221528 — approximately 45 wires and no ACH activity; (ii) Mountain Vista Acct. No. 552-5221536 — approximately 45 wires and no ACH activity; (iii) Diversified Trust Deed Acct. No. 562-7688038 — no wires and no ACH activity; (iv) USACM Choice IV Checking 0834610149 — approximately 339 wires and approximately 324 ACH items; and, (vi) Palomino Partners Acct. No. 834-614422 — no wires and no ACH activity.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct, and that this Declaration was executed this 15th day of February, 2008, at Chandler, Arizona.

*/s/ Michelle Schneider*
Michelle Schneider

5

EXHIBIT B-1


**WELLS FARGO**

Subpoena Processing Department
P.O. Box 29728
MAC# S3928-020
Phoenix, AZ 85038-9728

March 20, 2007

<u>Via Facsimile (214) 389-5399</u>
<u>& Regular US Mail</u>

DIAMOND MCCARTHY LLP
ATTN.: ERIC D. MADDEN
1201 ELM STREET  34/FL
DALLAS, TX 75270

    Re:    **Federal Civil Subpoena**
    Case No.:    BK-S-06-10725-LBR
    Case Name:  USA Commercial Mortgage Co. et al
    Bank Reference No.:  1162559

Dear Mr. Madden:

The subpoena referenced above and received on 03/14/2007, has been assigned to me for response.

Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, Wells Fargo objects to production, inspection or copying of these documents on the grounds that the scope to the subpoena is overly broad and imposes an undue burden on Wells Fargo. In addition, any responsive documents may contain confidential and/or proprietary information.

Wells Fargo is unable to produce the documents requested by 04/11/2007. Wells Fargo is willing to discuss a mutually satisfactory solution to this problem but felt it necessary to preserve its right in the event that this issue cannot be otherwise mutually resolved. Please also be advised that Wells Fargo exercises its right to reimbursement under the Federal Rules of Civil Procedure. The normal fee for producing these records is $0.10 per item and $10.00 per hour for research and copy time.

If you have any questions, please contact me at the number listed below.

Sincerely,

*Lisa Chow*
Lisa Chow
Subpoena Processing Representative
1-(480) 724-2048
Hours of Operation: 8:30 a.m. to 5:00 p.m. MST (no Daylight Savings Time)

I:\Subpoena Department\Letters\FedCivObj.doc
Rev. 04-04

EXHIBIT B-2

# LUCE FORWARD

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

601 S. Figueroa
Suite 3900
Los Angeles, CA 90017
213.892.4902
213.892.7731 fax

www.luce.com

JOHN A. MOE, II, PARTNER
DIRECT DIAL NUMBER 213.892.4905
DIRECT FAX NUMBER 213.452.8039
EMAIL ADDRESS jmoe@luce.com

April 18, 2007

35606/1

**VIA FACSIMILE (480) 724-5155
AND UNITED STATES MAIL**

Lisa Chow
Subpoena Processing Representative
Subpoena Processing Department
Wells Fargo Bank
P.O. Box 29728
MAC# S3928-020
Phoenix, Arizona 85038-9728

07 APR 23 AM 9: 22

Re:  Subpoena
     Case No. BKS0610725LBR
     Case Name: USA Commercial Mortgage Company, et al.
     Bank Reference No. 1162559

Dear Lisa:

Thank you for taking my telephone call on Monday, April 16, 2009, and my telephone call this afternoon.

This office represents David Fogg and Soda Flats Land Company, LLC.

We object to Wells Fargo Bank producing any of the documents that are the subject of the Subpoena, *as it relates to David Fogg and Soda Flats Land Company, LLC*.

We are preparing to file a Motion For Protective Order and/or Motion To Quash (as appropriate) in the United States Bankruptcy Court for the District Of Nevada, to prevent Wells Fargo Bank from having to produce the documents.

We ask for Wells Fargo Bank's cooperation, in not producing documents until after the Motion is resolved by the United States Bankruptcy Court. Of course, we will send to you a copy of the Motion as soon as it is filed.

# LUCE FORWARD

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

Lisa Chow
April 18, 2007
Page 2

If you have any questions, please contact me.

Cordially,

*John A. Moe, II*

John A. Moe, II
of
LUCE, FORWARD, HAMILTON & SCRIPPS LLP

Cc:   Andrew P. Gordon
      McDonald Carano Wilson
      2300 West Sahara Avenue
      No. 10, Suite 1000
      Las Vegas, Nevada  89102

      Kaaran Thomas
      McDonald Carano Wilson
      2300 West Sahara Avenue
      No. 10, Suite 1000
      Las Vegas, Nevada  89102



**KUMMER KAEMPFER BONNER RENSHAW & FERRARIO**

ATTORNEYS AT LAW

RENO OFFICE

JAMES W. PUZEY
jpuzey@kkbrf.com
775.824.3003

LAS VEGAS OFFICE
3800 Howard Hughes Parkway
Seventh Floor
Las Vegas, NV 89169
Tel: 702.792.7000
Fax: 702.796.7181

SUMMERLIN OFFICE
3425 Cliff Shadows Parkway
Suite 150
Las Vegas, NV 89129
Tel: 702.693.4260
Fax: 702.939.8457

RENO OFFICE
5585 Kietzke Lane
Reno, NV 89511
Tel: 775.852.3900
Fax: 775.852.3982

CARSON CITY OFFICE
510 W. Fourth Street
Carson City, NV 89703
Tel: 775.882.1311
Fax: 775.882.0257

May 24, 2007

Ms. Lisa Chow
Wells Fargo Bank
Subpoena Processing Department
2700 South Price Road
Chandler, AZ 85248

**Via Facsimile (480) 724-5115
and Regular U.S. Mail**

Re:  Subpoena for USA Commercial Mortgage Company, et al.
     Your Reference No. 1162559

Dear Ms. Chow:

As you are aware from your conversation with my assistant, we just received a copy of a subpoena to Wells Fargo Bank regarding USA Commercial Mortgage Company, et al. wherein it is requested that you provide information regarding my client Barone-Tanamera Condominiums, LLC.

It is my understanding that as of today's date, you have not disclosed any information on my client. I hereby request that you do not disclose any information on Barone-Tanamera Condominiums, LLC without the consent of my client.

Should you have any questions or comments, please do not hesitate to contact me.

Sincerely,
Kummer Kaempfer Bonner Renshaw & Ferrario

James W. Puzey

JWP/mln



347382_1.DOC [14150.1]