Richard F. Holley, Esq. (NV Bar No. 3077)
Victoria L. Nelson, Esq. (NV Bar No. 5436)
SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: 702/791-0308
Facsimile: 702/791-1912
Email: vnelson@nevadafirm.com

MOSES & SINGER LLP
Mark N. Parry (MP-0827)
Declan M. Butvick (DB-8289)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 554-7800
Facsimile: (212) 554-7700

*Attorneys for Homes for America Holdings, Inc., et al.*

***Electronically Filed on*** 2-19-08

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:
USA COMMERCIAL MORTGAGE COMPANY,
Debtor.

In re:
USA CAPITAL REALTY ADVISORS, LLC,
Debtor.

In re:
USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,
Debtor.

In re:
USA CAPITAL FIRST TRUST DEED FUND, LLC,
Debtor.

In re:
USA SECURITIES, LLC,
Debtor.

Affects:
☒ All Debtors
☐ USA Commercial Mortgage Company
☐ USA Securities, LLC
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA First Trust Deed Fund, LLC

Case No. BK-S-06-10725-LBR
Case No. BK-S-06-10726-LBR
Case No. BK-S-06-10727-LBR
Case No. BK-S-06-10728-LBR
Case No. BK-S-06-10729-LBR

Chapter 11
Jointly Administered Under
Case No. BK-S-06-10725-LBR

OPPOSITION TO MOTION TO COMPEL HOMES FOR AMERICA HOLDINGS, INC. ("HFAH"); ONE POINT STREET, INC.; COLT GATEWAY, LLC; HFAH CLEAR LAKE, LLC; ST. TROPEZ-HOMES FOR AMERICA HOLDINGS, LLC F/K/A RIVIERA-HFAH, LLC; ST. CHARLES TOWNHOMES PARTNERS, LP; BEAU RIVAGE HOMES FOR AMERICA, LLC; ST. CHARLES HOMES FOR AMERICA, INC.; RIVIERA-HOMES FOR AMERICA HOLDINGS, LLC F/K/A ST. RAPHAEL-HOMES FOR AMERICA, LLC; AND MEDITERRANEE-HFA, LLC F/K/A HFAH-MONACO, LLC TO COMPLY WITH SUBPOENAS FOR PRODUCTION OF DOCUMENTS and CERTIFICATE OF SERVICE

Date of Hearing: 02/21/2008
Time of Hearing: 9:30 a.m.

**OPPOSITION TO MOTION TO COMPEL HOMES FOR AMERICA HOLDINGS, INC. ("HFAH"); ONE POINT STREET, INC.; COLT GATEWAY, LLC; HFAH CLEAR LAKE, LLC; ST. TROPEZ-HOMES FOR AMERICA HOLDINGS, LLC F/K/A RIVIERA-HFAH, LLC; ST. CHARLES TOWNHOMES PARTNERS, LP; BEAU RIVAGE HOMES FOR AMERICA, LLC; ST. CHARLES HOMES FOR AMERICA, INC.; RIVIERA-HOMES FOR AMERICA HOLDINGS, LLC F/K/A ST. RAPHAEL-HOMES FOR AMERICA, LLC; AND MEDITERRANEE-HFA, LLC F/K/A HFAH-MONACO, LLC TO COMPLY WITH SUBPOENAS FOR PRODUCTION OF DOCUMENTS AND CERTIFICATE OF SERVICE**

Homes for America Holdings, Inc. ("HFAH"), One Point Street, Inc. ("One Point"), Colt Gateway, LLC ("Colt Gateway"), HFAH Clear Lake, LLC ("Clear Lake"), St. Tropez-Homes for America Holdings, LLC f/k/a Riviera-HFAH, LLC ("St. Tropez"), St. Charles Townhomes, LP (St. Charles Townhomes"), Beau Rivage Homes for America, LLC ("Beau Rivage"), St. Charles Homes for America, Inc. ("St. Charles-HFA"), Riviera- Homes for America Holdings, LLC f/k/a St. Raphael-Homes for America, LLC ("Riviera"), and Mediterranee-HFA, LLC f/k/a HFAH Monaco, LLC ("Mediterranee-HFA") (collectively, the "HFA Entities") by their attorneys, Moses & Singer LLP, submits this opposition (the "Opposition") to the USACM Liquidating Trust's ("USACM Trust") Motion to Compel the HFA Entities to Comply with Subpoenas for Production of Documents (the "Motion").

## INTRODUCTION

On August 23, 2007, August 24, 2007, and September 6, 2007, the USACM Trust issued 16 subpoenas to HFAH and certain of its affiliates purportedly pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In the Motion, the USACM Trust seeks to compel compliance with regard to 10 of those subpoenas (the "Subpoenas"). The Subpoena issued to HFAH (the "HFAH Subpoena") was issued by this Court. The Subpoenas issued to St. Charles- HFA (the "St. Charles- HFA Subpoena"), St. Charles Townhomes (the "St. Charles Townhomes Subpoena"), and One Point (the "One Point Subpoena") were issued by the United States Bankruptcy Court for the Northern District of Texas (collectively, the "Texas Subpoenas"). The subpoenas issued to Colt Gateway, Beau Rivage, St. Tropez Riviera, Mediteranee-HFA, and Clear Lake were issued by the United States Bankruptcy Court for the Southern District of New York (the "NY Subpoenas"). Each of the Subpoenas demanded that



[06531-01/238801]

the HFA Entities produce a corporate representative for examination as well as produce voluminous documents.

The Motion should be denied for several reasons. First, with regard to the Subpoena issued by this Court, the documents requested are beyond the subpoena power of this Court. Second, the motion improperly seeks to have this Court enforce Subpoenas issued by courts in other jurisdictions. Third, even if this Court had the power to enforce the Subpoenas, the Motion should be denied because the documents requested are beyond the scope of Bankruptcy Rule 2004, which may not be used to conduct post-confirmation fishing expeditions. Fourth, notwithstanding the deficiencies in the Subpoenas and subject to the objections set forth, the HFA Entities voluntarily complied with each of the Subpoenas. The HFA Entities produced a corporate representative for examination in compliance with the 2004 Orders, and produced nearly five thousand pages of documents. The additional documents requested encompass practically all of the HFA Entities' records. Under the circumstances, the HFA Entities are entitled to a protective order from such unduly burdensome and oppressive requests. Fifth, the USACM Trust failed to fulfill its obligation to meet and confer regarding this discovery dispute, in violation of this Court's Local Bankruptcy Rule 7026(g)(2). Finally, the orders entered by this Court authorizing the USACM Trust to conduct a Bankruptcy Rule 2004 examination of the HFA Entities only authorized the examination of corporate representatives, not the production of documents. Accordingly, the USACM Trust is not even authorized by this Court to seek the documents requested.

## ARGUMENT

### I. The Motion Must Be Denied Because The Documents Requested Are Outside The Subpoena Power Of This Court.

This Court only has the power to enforce the HFAH Subpoena, because it was purportedly issued by this Court. Bankruptcy Rule 2004(c) provides that the production of documents may be compelled as provided in Bankruptcy Rule 9016. Fed. R. Bankr. P. 2004. Rule 45 of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 9016,

limits the subpoena power of this Court to this judicial district and to places outside of this district which are within 100 miles of the place of trial or hearing. Rule 45(b)(2) provides:

> Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:
> (A) within the district of the issuing court;
> (B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;
> (C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or
> (D) that the court authorizes on motion and for good cause, and if a federal statute so provides.

FRCP 45(b)(2).

HFAH's principal and only place of business is located in Yonkers, New York. Although HFAH was properly served in the District of Nevada, through its registered agent, because HFAH has no documents located in the District of Nevada, the documents are beyond this Court's subpoena power. *See Ariel v. Jones*, 693 F.2d 1058, 1060-61 (11th Cir. 1982) (upheld the quashing of a subpoena for the production of documents served on agent in Florida because the agent did not control the documents which were located in Colorado, and the issuing party had the ability to obtain the documents through another federal district court); *see also Natural Gas Pipeline Co. of Am. V. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993) ("[A] federal court sitting in one district cannot issue a subpoena *duces tecum* to a non-party for the production of documents located in another district."); *Insinga v. DaimlerChrysler Corporation*, 208 WL 202701 (N.D.N.Y. January 23, 2008) (motion to compel compliance with subpoena denied where subpoena was issued by improper court and sought production of documents beyond subpoena power of the court). Accordingly, with regard to the HFAH Subpoena, because Yonkers, New York, is well beyond the geographical limits of this Court's subpoena power, the Motion should be denied.

II. **The Motion Must Be Denied Because This Court Lacks The Authority To Adjudicate Disputes Arising Under Subpoenas Issued By Court's In Other Jurisdictions.**

The Motion seeks to compel the production of documents with regard to nine subpoenas issued by courts outside of the District of Nevada: 6 issued by the Southern District of New York and 3 issued by the Northern District of Texas.

Rule 45(c)(2)(B), made applicable by Bankruptcy Rule 9016, provides that when an objection to a subpoena is made, the issuing party shall not be entitled to production of documents "except pursuant to an order of the court by which the subpoena was issued." Fed. R. Civ. P. 45(c)(2)(B). Therefore, when an objection has been filed, as in this case, only the court that issued the subpoena may resolve disputes regarding such subpoena. *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 632-33 (8th Cir. 2002) (quoting Rule 45(c)(2)(B), determined that the district court issuing subpoenas was proper court to rule on the motion to quash subpoenas). Accordingly, with regard to subpoenas issued by the United States Bankruptcy Court for the Southern District of New York and the United States Bankruptcy Court for the Northern District of Texas, the Motion must be denied because it ignores the plain language of Rule 45(c)(2)(B).[1]

III. **The Motion Should Be Denied Because The Subpoenas Seek Documents Outside The Post-Confirmation Scope Of Bankruptcy Rule 2004.**

Even if the documents requested by the USACM Trust were within this Court's subpoena power, which they are not, the Motion should be denied because the documents requested are beyond the scope of Bankruptcy Rule 2004, since the information sought would not affect the post-effective date administration of the Confirmed Plan.[2]

---

1 Moreover, even if this Court could enforce the Texas Subpoenas, which it cannot, no documents are located in the Northern District of Texas. The documents requested are located in Yonkers, New York, well beyond the Northern District of Texas.

2 On November 15, 2006, the Debtors filed their Third Amended Chapter 11 Plan of Reorganization (the "Plan"). On January 8, 2007, this Court entered an Order confirming the Plan and the Plan subsequently went effective. After the effective date of the Plan, the USACM Trust sought discovery pursuant to Bankruptcy Rule 2004.

While Bankruptcy Rule 2004 allows for extremely broad discovery pre-confirmation, its scope post-confirmation is extremely limited. Bankruptcy Rule 2004 provides, in pertinent part, that the examination

> may relate only to the acts, conduct or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. . . . In a . . . reorganization case under Chapter 11 of the Code . . . the examination may also relate to the operation of any business and the desireability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan.

Fed. R. Bankr. P. 2004(b). Once a plan has been confirmed, Bankruptcy Rule 2004's scope is limited to administration of the case post-confirmation. *In re Express One Int'l., Inc.*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998) (holding that the moving party may conduct a post-confirmation examination of the debtor but only for the limited purpose of discovering whether the debtor was setting aside funds for payment of the movant's administrative claim which was necessary to complete the administration of the case); *see also In re Cinderella Clothing Indus., Inc.*, 93 B.R. 373, 379 (Bankr. E.D. Pa. 1988) (holding that a post-confirmation 2004 examination was appropriate *only* to discover whether the Debtor had the ability to comply with the terms of the Plan). Without even stating whether it has a potential claim against any of the HFA Entities, the USACM Trust demands massive amounts of documents under the purported authority of Bankruptcy 2004, for the sole purpose of investigating potential causes of action. This is simply beyond the post-confirmation scope of Bankruptcy Rule 2004. *In re Good Hope Refineries, Inc.*, 9 B.R. 421, 423 (Bankr. D. Mass. 1981).[3]

The court in *Good Hope* addressed the post-confirmation scope of Bankruptcy Rule 2004 with facts closely analogous to the present facts involving the USACM Trust. In *Good Hope*, a post-confirmation Debtor sought to conduct a [2004] examination of E.I. Dupont Company ("Dupont"), a post-petition supplier of petroleum products to investigate whether Dupont engaged in unlawful discrimination in sales to the Debtor. *Id.* at 421-22. Although no complaint

---

[3] The Bankruptcy Court in *Good Guy* discussed Bankruptcy Rule 2004's predecessor, Rule 205. The analysis set forth by the *Good Guy* court, however, remains equally applicable.

had been filed, the Debtors sought to use Rule [2004] to discover whether there were enough facts to support a cause of action. *Id.* at 422. After noting the safeguards provided by the Federal Rules of Civil Procedure that are absent in a [2004] examination, the Bankruptcy Court held:

> [Rule 2004] is not intended to give the rehabilitated debtor post confirmation a strategic advantage in fishing for potential private litigation. Our basic concept of fair play expressed in the constitutional legalese of equal protection and due process should require all litigants to use the same discovery and procedural rules when not directly engaged in those activities that call for the bankruptcy umbrella, namely, that collection of activities characterized as the administration of the estate.

*Id.* at 423. Similar to *Good Hope*, the USACM Trust has not filed a complaint and is seeking to examine the HFA Entities merely to determine whether a colorable claim exists. That is exactly what the Bankruptcy Court in *Good Hope* held was an abuse of Bankruptcy Rule 2004 and a circumvention of the Federal Rules of Civil Procedure. *Id.*

Nevertheless, relying on *In re Daisytek, Inc. et al.*, 323 B.R.180 (N.D. TX. 2005), USACM Trust attempts to argue that because the Plan gives it the power to pursue causes of action and maximize recovery for the unsecured creditors, the Subpoenas fall within the post-confirmation scope of Bankruptcy Rule 2004. *Daisytek*, however, had nothing to do with the post-confirmation scope of Bankruptcy Rule 2004. The issue in *Daisytek* was whether the Bankruptcy Court had the jurisdiction to grant a 2004 motion post-confirmation. *Daisytek*, 323 B.R. at 185. In fact, although conveniently not mentioned in the Motion, the District Court in *Daisytek* expressly stated that the issue of the post-confirmation scope of Rule 2004 was not preserved on appeal because it was not raised in the Bankruptcy Court. *Id.* at 184 n.6. *Daisytek* merely stands for the proposition that the court had authority to grant a post-confirmation 2004 motion, not the scope of that post-confirmation 2004 examination. The USACM Trust's reliance on *Daisytek* is misplaced.

Because the information sought would not affect the post-effective date administration of the Confirmed Plan, the documents requested are beyond the scope of Bankruptcy Rule 2004. Accordingly, the Motion should be denied in its entirety.

## IV. The Motion Should Be Denied Because The HFA Entities Have Complied With The Subpoenas.

On September 6, 2007 and September 12, 2007, pursuant to FRCP 45(c)(2), made applicable by Bankruptcy Rule 9016, each of the HFA Entities objected to the Subpoenas. There were numerous grounds for the objection, including, *inter alia*: (i) with regard to the HFAH Subpoena and the Texas Subpoenas, the examination and documents requested were outside the subpoena power of the bankruptcy courts issuing the subpoenas; (ii) the examination and documents requested by the USACM Trust post-confirmation were beyond the scope of Bankruptcy Rule 2004, since the information sought would not affect the post-effective date administration of the Confirmed Plan; (iii) to the extent that subpoenas sought the production of privileged documents or attorney work product (or any similar applicable privilege or doctrine); and (iv) the document requests were unduly burdensome and oppressive.

On September 27, 2007, after consultation with counsel for the USACM Trust, subject to their respective objections, the HFA Entities produced over 4100 pages of documents. On October 8, 2007, the HFA Entities produced an additional 663 pages of documents. On November 7, 2007, the HFA Entities produced Daniel Hayes for examination, which the USACM Trust conducted. Accordingly, notwithstanding their preserved objections, the HFA Entities have complied with the Subpoenas. Any documents requested in excess of what the HFA Entities have voluntarily produced is simply oppressive, unnecessary and beyond the scope of Bankruptcy Rule 2004.

The Subpoenas, all of which are substantially the same, each contained approximately 27 document requests. The requests were so broad that they would have required the production of essentially all of the HFA Entities' books and records. On November 13, 2007, following the 2004 examination of Mr. Hayes, the HFA Entities responded to the USACM Trust's supplementary document requests. (Motion, Ex. H) Those requests form the purported factual basis of USACM Trust's motion to compel. In the November 13th letter, the HFA Entities responded to the various categories of requested documents as follows:

1. Audit Work Papers – HFAH's auditors, who conducted any audits related to any loans, transfers and/or advances from any USA Entity to HFAH, are in possession of all such audit work papers. HFAH does not maintain a copy of such audit work papers.

2. Bank Statements of all HFAH-related entities – This request is extremely broad and HFAH would be required to expend an extraordinary amount of work and effort in order to compile the bank statements for each HFAH entity over a five year period. Significantly, the production of the requested bank statements would not be helpful or productive. Most, if not all, of the information that USACM seeks would not be found on the HFAH bank statements because USA Entity advances and/or loans were paid directly to third parties at the closing of the underlying project. The information requested is included in the general ledgers and/or journal entries, which will be produced in response to item #3.

3. Journal Entries, general ledgers, detailed trial balances, etc.– HFAH is gathering the requested journal entries, general ledger entries and trial balances, which will be produced as soon as practicable. As noted in response to item #2, bank reconciliations would have little or no probative information and would be enormously time consuming and burdensome to locate and produce.

4. Documents related to Joyce Timberlake's analysis of advances/loans made by USA Entities – In analyzing any advances and/or loans made by the USA Entities, Ms. Timberlake relied upon the loan documents and additional transaction documents, all of which were previously produced to USACM in response to the Subpoenas.

5. Emails, faxes, letters and communications evidencing items 1-4 – HFAH has previously produced to USACM the correspondence related to the above requests in response to the Subpoenas.

Motion, Ex. H. With regard to the request for audit work papers, HFAH explained that it does not maintain a copy of such audit work papers. With regard to USACM Trust's request for bank statements from all of the HFA Entities, HFAH explained the enormous burden that this production would entail. Moreover, HFAH explained how the production of the requested bank statements would not be helpful or productive. The explanation fell on deaf ears. With regard to the documents reviewed by Ms. Timberlake, notwithstanding USACM Trust's unfounded protestations to the contrary, all such documents were previously produced.

By letter dated December 6, 2007, HFAH explained again to USACM Trust why it objected to the production of documents requested in the Subpoenas, including, specifically, the production of all bank statements during the period from January 1, 2002, through April 7, 2007.

(Motion, Ex. J) Significantly, as an alternative, by the December 6th letter, HFAH also offered to investigate specific transaction(s) regarding a specific project(s) about which USACM sought bank information and agreed to endeavor to find corresponding bank statements. (Motion, Ex. J) USACM failed to identify any specific transaction(s) or specific project(s) for which it wanted HFAH to locate corresponding bank statements. By letter dated January 25, 2008, HFAH reiterated its concerns, again offered to investigate specific transactions and/or projects, and offered to make Mr. Hayes available for a continued examination. (A copy of which is attached as Exhibit A)

In the event this Court determines that it has authority to compel the production of documents located outside of this judicial district, and that the post-confirmation investigation is properly within the scope of Bankruptcy Rule 2004, given the enormous burden associated with the production of bank statements for each HFAH entity over a five year period, and the practical reality that such information would be unhelpful and unproductive, the HFA Entities should not be compelled to produce such documents. Instead, as HFAH offered on two separate occasions, the USACM Trust should be ordered to identify the specific transaction and/or project that it would like to investigate. The HFA Entities should be given should be given sufficient time, 30 days, to comply with any such request.

V. **The USACM Trust Failed To Comply With Local Bankruptcy Rule 7026(g)(2).**

Local Bankruptcy Rule 7026(g)(2) provides that "Discovery motions will not be considered unless a statement of moving counsel is attached certifying that, after consultation or sincere effort to do so, the parties have been unable to resolve the matter without court action." Similarly, Local Bankruptcy Rule 7007.1 of the Northern District of Texas[4] and Local Bankruptcy Rule 7007-1 of the Southern District of New York[5] also require that the moving

[4] Local Bankruptcy Rule 7007.1 of the Northern District of Texas adopts the local district court rule which requires a conference in advance of any discovery related motion practice.

[5] Local Bankruptcy Rule 7007-1(a) of the Southern District of New York provides that "No discovery-related motion under Bankruptcy Rules 7026 through 7037 shall be heard unless counsel for the moving party files with the Court, at or prior to the hearing, an affidavit certifying that such counsel has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the

party meet and confer prior to making a discovery related motion. While HFAH and the USACM Trust may ultimately disagree regarding the proper scope of the documents to be produced, HFAH received no response to its January 25th letter (which was conspicuously not attached as an exhibit to the motion), other than the attached motion, contrary to the certification of conference attached to the Motion. The local rules require more from counsel. Accordingly, the Motion should be denied for having failed to comply with Local bankruptcy Rule 7026(g)(2).

## VI. The Motion Should Be Denied Because The Production Of Documents Was Not Authorized.

On August 17, 2007, the USACM Trust filed motions requesting authorization to conduct 2004 examinations (the "2004 Motions"). The 2004 Motions only requested an order requiring the HFA Entities to produce one or more corporate representatives for examination. On or about August 20, 2007, the Court entered the orders granting the 2004 Motions (the "2004 Orders") and the HFA Entities were directed to produce a representative for examination. The 2004 Orders do not provide for the production of documents. Accordingly, the USACM Trust is not currently, nor was it ever, authorized to seek documents from the HFA Entities.[6]

## CONCLUSION

Because the Subpoenas are beyond the subpoena power of this Court, and/or were not issued by this Court, this Court should deny the Motion in its entirety. Moreover, the HFA Entities, having substantially complied with the Subpoenas, are entitled to a protective order given the unduly burdensome nature of the document requests. Furthermore, USACM Trust's counsel's failure to confer with counsel for the HFA Entities is also grounds for denial of the

(continued)

Court and has been unable to reach an agreement."

[6] The 2004 Orders cannot be construed as implicitly requiring the production of documents. If that was the proper construction of Bankruptcy Rule 2004, then the USACM Trust would not have needed to tailor the 2004 Motions to the relief requested therein. The HFA Entities should not be obligated to do anything more than what the Court specifically ordered in response to very specific motions.

Motion. Finally, the Motion should be denied in its entirety because the production of documents was never authorized in the 2004 Orders.

DATED this 19th day of February, 2008.

**SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON**

Victoria L. Nelson, Esq.
Nevada Bar No. 5436
Ogonna M. Atamoh, Esq.
Nevada Bar No. 7589
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

And

MOSES & SINGER LLP
Mark N. Parry (MP-0827)
Declan M. Butvick (DB-8289)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

*Attorneys for Homes for America Holdings, Inc., et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Santoro, Driggs, Walch, Kearney, Holley & Thompson, and that on the 19th day of February, 2008, I caused to be served a true and correct copy of Opposition to Motion to Compel Homes for America Holdings, Inc. ("HFAH"); One Point Street, Inc.; Colt Gateway, LLC; HFAH Clear Lake, LLC; St. Tropez-Homes for America Holdings, LLC fka Riviera-HFAH, LLC; St. Charles Townhomes Partners, LP; Beau Rivage Homes for America, LLC; St. Charles Homes for America, Inc.; Riviera-Homes for America Holdings, LLC fka St. Raphael-Homes for America, LLC; and Mediterranee-HFA, LLC fka HFAH-Monaco, LLC to Comply with Subpoenas for Production of Documents in the following manner:

☒ (ELECTRONIC SERVICE) Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

An employee of Santoro, Driggs, Walch, Kearney, Holley & Thompson

# EXHIBIT A

**MOSES & SINGER LLP**

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800 Fax: 212.554.7700
www.mosessinger.com
Mark N. Parry
Direct: 212.554.7876
mparry@mosessinger.com

January 25, 2008

FEDERAL EXPRESS

Michael J. Yoder, Esq.
Diamond McCarthy LLP
Two Houston Center
909 Fannin, Suite 1500
Houston, TX 77010

Re: Subpoenas for Rule 2004 Examinations

Dear Michael:

This letter is in response to your letter to me dated January 11, 2008. With regard to the Bankruptcy Rule 2004 subpoenas (the "Subpoenas") issued on behalf of the USACM Liquidating Trust ("USACM") and served on Homes for America Holdings, Inc. and its affiliates (collectively "HFAH"), I note that additional documents were produced, subject to and without waiver of HFAH's objections, on December 14, 2008. We explained to you by letter dated December 6, 2007, the reasons why HFAH objected to the production of all bank statements during the period from January 1, 2002, through April 7, 2007. In the December 6th letter, HFAH also offered to investigate specific transaction(s) regarding a specific project(s) about which USACM sought bank information and agreed to endeavor to find corresponding bank statements. USACM failed to identify any specific transaction(s) or specific project(s) for which it wanted HFAH to locate corresponding bank statements.

Regarding the Bankruptcy 2004 subpoena served on Daniel Hayes ("Hayes Subpoena"), please find enclosed non-objectionable, responsive documents. The documents are Bates labeled DH 000001 – DH 000044. This production is subject to and without waiver of the objections previously served in connection with the Hayes Subpoena. If additional non-objectionable, responsive documents are located, such documents will be produced.

Regarding the continued 2004 examination, Mr. Hayes will not be available the week of February 4th, 2008, but he will be generally available the week of February 11th, 2008 and the week of February 19th, 2008. Please let us know what dates are convenient for you. If you have any questions or concerns, please do not hesitate to contact me.

Sincerely yours,

Mark N. Parry

cc: Daniel G. Hayes, Esq.

667536