**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile  (702) 949-8321

Susan M. Freeman, AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND,<br>LLC,<br><br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | Judge Linda B. Riegle |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | **STIPULATION AND<br>CONFIDENTIALITY ORDER** |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |

114979.1

## RECITALS

WHEREAS the USACM Liquidating Trust ("the Trust"), the duly authorized successor to USA Commercial Mortgage Company, seeks documents and examination testimony from Nevada State Bank ("NSB") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure to investigate potential assets and liabilities of the Debtor;

WHEREAS NSB believes that some of the documents and information exchanged may contain (1) confidential financial or personal data; and/or (2) trade secrets or other confidential and proprietary research, development or commercial information within the meaning of F.R.C.P. 45(c)(3)(B)(i) as incorporated through Rule 9016 of the Federal Rules of Bankruptcy Procedure or under other provisions of applicable federal and state law;

WHEREAS the Trust and NSB have agreed that any confidential documents and information that NSB produces to the Trust shall be kept confidential pursuant to the terms of this Stipulation and Confidentiality Order (hereinafter "Order");

The Trust and NSB, by and through their respective counsel of record, hereby stipulate and agree to be bound by the following terms of this Order, as approved by the Court.

1.    NSB may designate as confidential any documents or other material produced, furnished, authored, generated or originated by NSB, or testimony related thereto, which it contends in reasonable good faith is confidential, by marking such documents, material or testimony with the word "CONFIDENTIAL." Examination or deposition testimony may be designated CONFIDENTIAL by oral statement on the record at the examination or deposition by NSB or by written statement thereafter, in the manner described below. If portions of testimony are designated CONFIDENTIAL during the examination or deposition, the transcript of the designated testimony shall either be bound in a separate volume and marked "CONFIDENTIAL,"

STIPULATION AND CONFIDENTIALITY ORDER    2

or the confidential designations by page and line reference shall be affixed to the cover of the transcript. NSB may designate portions of transcripts as CONFIDENTIAL after the examination or deposition by written notice to the reporter and to all counsel of record within ten (10) days after such transcript is received by NSB's counsel, after which time all counsel receiving the transcript shall be responsible for marking copies of the designated transcript in their possession or under their control as directed by NSB. During this ten (10) day designation period, all parties shall treat the transcript as if it had been designated CONFIDENTIAL. The provisions of this Order shall be applicable to any documents, material or testimony designated "CONFIDENTIAL," which is not de-designated by the parties' agreement or by subsequent court order (hereinafter "Confidential Information").

2.    Except as hereinafter provided, Confidential Information shall be used by the Trust only in the above-captioned bankruptcy action (the "Bankruptcy Action") and any related proceedings (including bankruptcy court, district court, and appellate proceedings arising in, arising under, or deemed related to this Bankruptcy Action) for purposes necessary to the Trust's investigations, or to prosecute or defend potential claims of the Debtors. Confidential Information shall not be used for any other commercial, business, competitive or other purposes, except that the Trust may use Confidential Information to prosecute any potential claims the Debtors may have, if and when the Trust determines the Debtors have such claims.

3.    If the Trust objects to the designation of any material as CONFIDENTIAL, the Trust will meet and confer with NSB in an effort to resolve the dispute. NSB may decide to remove the CONFIDENTIAL designation in a written statement to the Trust. If the meet and confer process does not resolve the dispute, however, the Trust may apply to the Bankruptcy Court for an order removing the CONFIDENTIAL designation. The contested information shall

retain its confidential status pending resolution of the dispute. Upon resolution of the dispute, the prevailing party may recover its attorney's fees and costs from the opposing party.

4.    All Confidential Information filed with the Court shall be filed in sealed envelopes bearing the caption of this action, a brief description of the nature of the contents of the sealed envelope, the word "CONFIDENTIAL" and a statement in substantially the following form:

> "THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT AND CONTAINS CONFIDENTIAL INFORMATION, AND IS NOT TO BE OPENED OR THE CONTENTS THEREOF TO BE DISPLAYED OR REVEALED BY ANYONE EXCEPT UPON ORDER OF THE COURT."

5.    Unless otherwise required by law or court order, Confidential Information may be disclosed only to the Court; court personnel; court reporters and video personnel recording depositions where Confidential Information is disclosed; counsel for the Trust or other party and its counsel subject to a joint prosecution agreement with the Trust; support staff and agents of the Trust, its counsel, or other party and its counsel subject to a joint prosecution agreement with the Trust (e.g., paralegals, secretaries, law clerks, internal or external copying services);  and to "Qualified Persons," defined as follows:

(a)    Individuals at the Trust and its counsel with responsibility for overseeing the activities of the Trust and/or its counsel in connection with litigation and investigation matters.

(b)    Expert witnesses or consultants retained by the Trust, or its counsel.

(c)    Witnesses during examinations or depositions.

(d)    Any party and its counsel subject to a joint prosecution agreement with the Trust.

6.    Before receiving any Confidential Information, a Qualified Person shall evidence his or her agreement to be bound by the provisions of this Order by executing a copy of the Non-Disclosure Certificate attached hereto as Exhibit A.

STIPULATION AND CONFIDENTIALITY ORDER    4

7.    In the event NSB elects to produce documents for inspection and the Trust desires to inspect them before designating them for copying, NSB need not mark the documents in advance of any such inspection. For purposes of the inspection, and any subsequent inspection of the original documents, all documents produced for inspection shall be treated as if they were marked "CONFIDENTIAL." Thereafter, upon selection of specified documents for copying by the Trust, NSB may mark copies of such documents with the appropriate confidentiality designation at the time the copies are produced to the Trust.

8.    Within 60 days of the final determination of this Bankruptcy Action, including any appeal, any person who is in possession of Confidential Information shall return such Confidential Information to NSB or the NSB's counsel, or shall destroy it. Written confirmation of such return or destruction shall be forwarded to NSB or the NSB's counsel. Notwithstanding this provision, however, Confidential Information that (1) has been filed in pleading files maintained by the Trust's counsel, or (2) is mentioned in notes, memoranda or other writings prepared by the Trust's counsel and covered by the work product doctrine, need not be returned or destroyed.

9.    If a document, other material or testimony related thereto that NSB intends to designate as CONFIDENTIAL, is inadvertently disclosed without being marked as CONFIDENTIAL in accordance with paragraphs 1 through 3 of this Order, the failure to so mark the document, other material or testimony shall not be deemed a waiver of its confidentiality.

10.    If any document or other material subject to any privilege or legal prohibition against disclosure is inadvertently disclosed, the fact of the disclosure shall not constitute a waiver of the applicable privilege or legal prohibition against disclosure. Upon prompt written notification by NSB, the person to whom the material was disclosed shall either (a) immediately return or destroy it, including any copies thereof, to NSB, and shall destroy any notes or work

STIPULATION AND CONFIDENTIALITY ORDER    5

product concerning the material; or (b) if the person to whom such document or material was inadvertently disclosed disagrees with NSB's claim of privilege or legal prohibition against disclosure, the person shall not use such documents or materials until allowed to do so by Court order. In any such dispute, NSB shall have the burden of making the motion to establish it is entitled to its return. During any such dispute, the Trust is authorized to provide a copy of the document subject to dispute to the court under seal for purposes of a court determination as to whether or not the claimed privilege applies to the document.

11.    If the Trust inadvertently discloses a privileged or confidential document, the Trust will make a good faith effort of recovering such document from the person to whom the document was inadvertently disclosed.

12.    This Order is entered without prejudice to the right of NSB to use any Confidential Information designated by NSB in any manner NSB deems appropriate.

13.    Prior to the disclosure of any Confidential Information in open court at any hearing in this Bankruptcy Action, counsel who desire to disclose such Confidential Information shall take reasonable steps to afford the NSB's counsel the opportunity to object to disclosure of Confidential Information in open court.

14.    This Order shall survive the final conclusion of this Bankruptcy Action and shall continue in full force and effect. The Court shall retain jurisdiction over the parties, and any other person bound by this Order, to enforce this order.

15.    Nothing in this Order shall be deemed to preclude NSB from obtaining, on an appropriate showing, additional protection with respect to the confidentiality of any Confidential Information produced in discovery in this action, or other modification of this Order. The entry of

this Order shall neither constitute nor be used as a basis for a finding that NSB or the Trust has waived any objections that it may have to the use, relevance, or admissibility of any Information.

16.    The production of any document or other information during discovery in this action, which absent such production would have been in whole or in part privileged under the attorney-client privilege, work-product privilege, or any other applicable privilege, will not release or waive the attorney-client privilege, work-product privilege, or other applicable privilege as to any documents and other information not produced, regardless of its subject matter. The inadvertent or unintentional production by NSB of any privileged or otherwise protected information shall not be deemed a waiver or an impairment of any claim of privilege or protection, including without limitation the attorney-client privilege or the protection afforded by the attorney work-product doctrine.

17.    Nothing in this Order releases NSB from its obligations to produce a privilege log with respect to the documents that it claims to be protected by the attorney-client privilege.

18.    Execution of this Order shall not prevent a party to this action from seeking, upon application to the Court on ten (10) business days notice, to modify this Order for good cause shown or from seeking such other relief upon good cause shown as may become appropriate or necessary.

Dated: February 27, 2008.

**DIAMOND MCCARTHY LLP**                          **LEWIS AND ROCA LLP**

By: _____
Allan B. Diamond, TX 05801800 (pro hac vice)
William T. Reid, IV, TX 00788817 (pro hac vice)
Elisaveta Dolghih, TX 24043355 (pro hac vice)
909 Fannin, Suite 1500
Houston, Texas 77010
(713) 333-5100 (telephone)
(713) 333-5199 (facsimile)

*Special Litigation Counsel for*
*USACM Liquidating Trust*

By: ___*/s/ Rob Charles*_____
Susan M. Freeman, AZ 4199 (pro hac vice)
Rob Charles, NV 6593
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
(702) 949-8320 (telephone)
(702) 949-8321 (facsimile)

*Counsel for USACM Liquidating Trust*

**GREENBERG TRAURIG LLP**

By: _____
Eric W. Swanis
Nevada Bar No. 6840
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada, 89169
*Counsel for Nevada State Bank*

**ORDER**

Based upon the foregoing stipulation of the parties, and good cause appearing therefore, IT

IS SO ORDERED.

STIPULATION AND CONFIDENTIALITY ORDER    8

## EXHIBIT "A"

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

In re

USA COMMERCIAL MORTGAGE COMPANY,

USA CAPITAL REALTY ADVISORS, LLC,

USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,

USA CAPITAL FIRST TRUST DEED FUND, LLC,

USA SECURITIES, LLC,

Debtors.

Case Nos. BK-S-06-10725-LBR; BK-S-06-10726-LBR; BK-S-06-10727-LBR; BK-S-06-10728-LBR; BK-S-06-10729-LBR

Chapter 11

Jointly Administered Under Case No. BK-S-06-10725-LBR

NON-DISCLOSURE CERTIFICATE

I certify my understanding that access to materials designated as "CONFIDENTIAL" is provided to me pursuant to the terms and restriction of a Stipulation and Confidentiality Order entered by the Court on _____, 2008 (the "Order"). I certify that I have been given a copy of, and have read, the Order and agree to comply with its terms. I understand that the contents of any material designated "CONFIDENTIAL," and any notes or other memoranda or any other forms of information which copy or disclose material designated "CONFIDENTIAL," shall not be disclosed to anyone other than in accordance with the Order and shall be used only for the purposes set forth therein.

I agree to be subject to the jurisdiction of this Court for purposes of enforcement of this Non-Disclosure Certificate and the Order.

By: _____

Title: _____

Representing: _____

Date: _____

STIPULATION AND CONFIDENTIALITY ORDER – EXHIBIT A