IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| USA COMMERCIAL MORTGAGE | ) | |
| COMPANY, *et al*., | ) | Case No. BK-S-06-10725 LBR |
| | ) | (District of Nevada) |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| BRYAN CAVE LLP, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Misc. Action No. 07-00401-A659 |
| | ) | |
| USACM LIQUIDATING TRUST, by and | ) | |
| through its Trustee, GEOFFREY L. | ) | |
| BERMAN, | ) | |
| | ) | Motion No. 7 |
| Respondent. | ) | |
| | ) | Hearing Date:  June 25, 2007 |
| USA SECURITIES, LLC, USA | ) | Hearing Time:  10:00 a.m. |
| COMMERCIAL MORTGAGE | ) | Location:  Courtroom 7-N, St. Louis |
| COMPANY, USA CAPITAL | ) | |
| DIVERSIFIED TRUST DEED FUND, | ) | |
| LLC, USA CAPITAL FIRST TRUST | ) | |
| DEED FUND, LLC, USA CAPITAL | ) | |
| REALTY ADVISORS, LLC, USA | ) | |
| INVESTMENT PARTNERS, LLC, | ) | |
| JOSEPH D. MILANOWSKI, and JOHN | ) | |
| DOES 1-5 (unknown principals of USA | ) | |
| Investment Partners, LLC), | ) | |
| | ) | |
| Additional Interested Parties. | ) | |
| _____ | ) | |

### STIPULATION AND ORDER REGARDING
### MOTION TO QUASH SUBPOENA OR, IN THE
### ALTERNATIVE, FOR PROTECTIVE ORDER

Movant Bryan Cave LLP, Respondent USACM Liquidating Trust, and Interested Parties

USA Securities, LLC, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust

Deed Fund, LLC, USA Capital Realty Advisors, LLC, Lisa M. Poulin, in her capacity as Chapter

11 Trustee for the estate of USA Investment Partners, LLC, Ford Elsaesser, in his capacity as

Chapter 11 Trustee for the estate of Joseph D. Milanowski, and Michael W. Carmel, in his

capacity as Chapter 11 Trustee for the estate of Thomas A. Hantges, hereby STIPULATE AND

AGREE as follows:

### Procedural Background

A.      The subpoena at issue in this proceeding (the "Subpoena") was issued from this

Court on March 16, 2007 by attorneys for the USACM Liquidating Trust (the "Trust").  It called

for the production of documents by Bryan Cave LLP ("Bryan Cave") on March 30, 2007 and for

an examination of a representative of Bryan Cave pursuant to Federal Rule of Bankruptcy

Procedure 2004 on April 20, 2007.  Both deadlines were extended by agreement of Bryan Cave

and the Trust pending the resolution of the Motion.

B.      USA Commercial Mortgage Company ("USACM") filed a petition for relief

under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District

of Nevada (the "Nevada Court") on April 13, 2006 (the "Petition Date").  On that date, several

affiliates of USACM also sought bankruptcy protection:  USA Securities, LLC ("Securities"),

USA Capital Diversified Trust Deed Fund ("DTDF"), USA Capital First Trust Deed Fund

("FTDF"), and USA Capital Realty Advisors, LLC ("Realty").  A liquidating Chapter 11 plan for

USACM, Securities, DTDF, FTDF, and Realty (collectively, the "Reorganized Debtors")

became effective on March 12, 2007.

C.      Although USACM continues to exist, its successor for purposes of this

proceeding is the Trust.  Geoffrey L. Berman serves as the trustee of the Trust.

D.    Prior to the Petition Date, each of the Reorganized Debtors was managed by Joseph D. Milanowski ("Milanowski") and/or Thomas A. Hantges ("Hantges").

E.    At the time the Motion was filed, Milanowski and Hantges (or trusts controlled by them) owned, in whole or in part, and managed another entity that had not sought bankruptcy protection, USA Investment Partners, LLC ("Investment").

F.    On April 4, 2007, the day after the Motion was filed, certain creditors of Investment filed an involuntary petition for relief against Investment under Chapter 11 of the Bankruptcy Code in the Nevada Court. Pursuant to Sections 303 and 1104 of the Bankruptcy Code, that court ordered the appointment of a trustee of the estate of Investment, and Lisa M. Poulin ("Poulin") was so appointed. An order for relief was entered in Investment's bankruptcy case on May 9, 2007.

G.    On May 29, 2007, certain creditors of Milanowski filed an involuntary petition for relief against Milanowski under Chapter 11 of the Bankruptcy Code in the Nevada Court. Pursuant to Sections 303 and 1104 of the Bankruptcy Code, that court ordered the appointment of a trustee for the estate of Milanowski, and Ford Elsaesser ("Elsaesser") was so appointed. An order for relief was entered in Milanowski's bankruptcy case on August 13, 2007.

H.    On May 29, 2007, certain creditors of Hantges filed an involuntary petition for relief against Hantges under Chapter 11 of the Bankruptcy Code in the Nevada Court. Pursuant to Sections 303 and 1104 of the Bankruptcy Code, that court ordered the appointment of a trustee for the estate of Hantges, and Michael W. Carmel ("Carmel") was so appointed. An order for relief was entered in Hantges' bankruptcy case on June 22, 2007.

I.      By agreement of Bryan Cave and the Trust, the hearing on the Motion was continued to June 25, 2007, with objections to the Motion required to be filed with the Court no later than June 18, 2007.

J.      Copies of the Motion and a notice of the scheduled hearing date and objection deadline were served on the Trust, USACM, Securities, DTDF, FTDF, Realty, Investment, Milanowski, Hantges, Poulin, and attorneys of record in the Nevada proceedings for each of the foregoing, as described in greater detail in the certificates of service filed in this proceeding.

K.      No party in interest filed an objection to the Motion.

L.      In papers filed in their respective bankruptcy cases in Nevada, Securities, DTDF, FTDF, and Realty consented to the production of documents by Bryan Cave to the Trust pursuant to the Subpoena, notwithstanding any claim of attorney-client privilege or work-product protection applicable to Securities, DTDF, FTDF, or Realty.

M.      By letter dated June 15, 2007, Poulin consented to the production of documents by Bryan Cave pursuant to the Subpoena.  However, Poulin's consent was conditioned on the production of such documents to her attorneys, Gordon & Silver, Ltd., rather than to the Trust, and Poulin expressly reserved and did not waive Investment's right to assert any attorney-client privilege or work-product protection applicable to Investment.  Poulin has subsequently agreed to the joint production of documents as described below.

N.      Poulin also has expressly reserved and has not waived Investment's right to assert any attorney-client privilege or work-product protection applicable to any other entity defined as an "Entity" in definitional paragraph 4 of the Subpoena, to the extent that Investment controls any such privilege or protection.  Nothing in this Stipulation constitutes an acknowledgment or

determination that any attorney-client relationship existed between Bryan Cave and any of such Entities.

O.      By their agreement to this Stipulation, Elsaesser and Carmel consent to the production of documents by Bryan Cave as described below, each reserving and not waiving his right to assert any attorney-client privilege or work-product protection applicable to Milanowski, Hantges, or any Entity (as described in the preceding paragraph), to the extent that Elsaesser or Carmel, as the case may be, controls any such privilege or protection.  Nothing in this Stipulation constitutes an acknowledgment that any attorney-client relationship existed between Bryan Cave and Milanowski, Hantges, or any of such Entities.

P.      By their agreement to this Stipulation, the Trust, DTDF, Securities, FTDF, and Realty consent to the production described in this Stipulation.

**Factual Background**

Q.      Bryan Cave was engaged by Securities on or about February 14, 2005, in connection with an examination then being conducted by the United States Securities and Exchange Commission (the "SEC").  Securities was at that time registered as a broker-dealer with the SEC pursuant to Section 15 of the Securities Exchange Act of 1934.

R.      Bryan Cave advised Securities regarding the securities laws of the United States. In the course of that representation, the SEC issued informal requests for the production of documents and subpoenas to Securities, each of the other Reorganized Debtors, and Investment. Bryan Cave assisted Securities and its affiliates in responding to these subpoenas.  In connection with that effort, these entities provided Bryan Cave with copies of a large volume of hard-copy documents and electronic-mail messages.  Bryan Cave understood and observed that these documents and messages were commingled in the files and records of Securities and its

affiliates—that is, the companies did not segregate their documents and messages on a company-by-company basis. Bryan Cave has asserted that it did not have at the time, and does not have today, any practical means of segregating these documents by company.

S.    Bryan Cave has asserted that its attorney-client relationship with Securities and its affiliates terminated on or about March 7, 2006.

T.    Bryan Cave did not have an attorney-client relationship with Milanowski, Hantges, or any other individual associated with Securities. However, as discussed in the Motion, after the Subpoena was issued, Milanowski claimed that certain documents in the possession of Bryan Cave might be privileged as to him or others.

**Disposition of Motion**

U.    As among the parties to this Stipulation, the Motion to Quash Subpoena or, in the Alternative, for Protective Order filed in this proceeding on April 3, 2007 (the "Motion") shall be resolved as provided in the following paragraphs of this Stipulation. Bryan Cave intends to submit to the Court a separate proposed order granting the Motion as to Milanowski and Hantges individually (the "Milanowski Order"). Bryan Cave's agreement to this Stipulation is expressly conditioned on the Court's entry of the Milanowski Order and its becoming final and non-appealable.

V.    Within ten (10) days after the later of (a) the date on which the Court approves this Stipulation and (b) the date on which the Milanowski Order becomes final and is no longer subject to appeal, Bryan Cave shall produce for inspection and copying jointly by the Trust, USACM, Securities, DTDF, FTDF, Realty, Investment, Poulin, Elsaesser, and Carmel (collectively, the "Reviewing Parties") the documents requested by the Subpoena that are in Bryan Cave's possession, custody, or control, excluding the following: (a) personnel files and

performance reviews identified in paragraph 18 of the Subpoena; (b) calendars and diaries identified in paragraph 19 of the Subpoena; (c) document retention policies and other documents identified in paragraph 20 of the Subpoena; (d) documents identified in paragraph 23 of the Subpoena; and (e) insurance policies identified in paragraph 25 of the Subpoena.

W.    Such production shall be made at the offices of Bryan Cave in St. Louis, Missouri, or at another location agreeable to Bryan Cave and the Reviewing Parties. Alternatively, Poulin, with the written consent of the other Reviewing Parties, may arrange for the complete set of documents to be copied and shipped to her attorneys, at her expense, or the Trust, with the written consent of the other Reviewing Parties, may arrange for the complete set of documents to be copied and shipped to its attorneys, at its expense.

X.    The production of documents pursuant to the Subpoena and this Stipulation shall not be deemed to be a waiver of any attorney-client privilege or work-product protection applicable to any of the Reviewing Parties or to any person as to which any of the Reviewing Parties controls any such privilege or protection. Any attorney-client privilege or work-product protection which any of the Reviewing Parties may have or may assert with respect to such documents shall be preserved and maintained despite such production of documents to the other Reviewing Parties.

Y.    Bryan Cave shall produce documents as they are maintained in the ordinary course of business (except for electronic mail messages, which may be produced on a CD-ROM or DVD) and shall not be required to identify each document with the paragraph number of the Subpoena to which it is responsive.

Z.    In addition, Bryan Cave shall make such documents available for a supplemental review by the Reviewing Parties upon reasonable written request by any of the Reviewing

Parties made within sixty (60) days after the commencement of the initial production pursuant to paragraphs V and W of this Stipulation.  Any such supplemental production shall be limited to a single occasion, shall be made following written notice to all of the Reviewing Parties, and shall be conducted at the offices of Bryan Cave in St. Louis, Missouri, or at another location agreeable to Bryan Cave and all Reviewing Parties choosing to participate in such production.  After the expiration of such 60-day period or the conclusion of such supplemental review, USACM, Securities, DTDF, FTDF, Realty, Elsaesser, and Carmel shall look solely to Poulin or the Trust (or any other Reviewing Party that participated in a supplemental production) if they desire to review or copy any of the documents produced by Bryan Cave pursuant to the Subpoena, and Bryan Cave shall not be required to produce such documents subsequently to USACM, Securities, DTDF, FTDF, Realty, Elsaesser, or Carmel pursuant to any subpoena or other process.  Any dispute between or among any of the Reviewing Parties or any successor to any of them regarding the refusal of any of the Reviewing Parties to produce or provide documents to any other of the Reviewing Parties, on the grounds of attorney-client privilege or work-product protection or otherwise, shall be resolved by a court of competent jurisdiction without the involvement of Bryan Cave as a party.

AA.    Bryan Cave shall not be required to produce a representative for an examination pursuant to the Subpoena.  This Stipulation does not preclude (a) the Trust or another interested party from seeking leave from the United States Bankruptcy Court for the District of Nevada to conduct such an examination after reviewing the documents produced by Bryan Cave and exploring other reasonable alternatives to such an examination, such as authenticating declarations; or (b) Bryan Cave from opposing such a request.

BB.    Except as expressly stated otherwise in this Stipulation, the Court shall retain

jurisdiction to hear and determine all matters arising from the implementation of this Order.

Stipulated to by:

BRYAN CAVE LLP

/s/ Brian C. Walsh
Lloyd A. Palans
Brian C. Walsh
David S. Slavkin
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO  63102-2750
(314) 259-2000

DIAMOND McCARTHY LLP

/s/ Eric D. Madden (by BCW)
Eric D. Madden
1201 Elm St., Suite 3400
Dallas, TX  75270
(214) 389-5306

Attorneys for the USACM Liquidating Trust

GORDON & SILVER, LTD.

/s/ Brigid M. Higgins (by BCW)
Brigid M. Higgins
Ninth Floor
3960 Howard Hughes Parkway
Las Vegas, NV  89169
(702) 796-5555

Attorneys for Lisa M. Poulin, Chapter 11 Trustee
for USA Investment Partners, LLC

RAY QUINNEY & NEBEKER P.C.


/s/ Annette W. Jarvis (by BCW)
Annette W. Jarvis
36 South State St., Suite 1400
P.O. Box 45835
Salt Lake City, UT  84145
(801) 532-1500

Attorneys for USA Capital Realty Advisors, LLC,
USA Capital First Trust Deed Fund, LLC, and
USA Securities, LLC


ORRICK, HERRINGTON & SUTCLIFFE LLP


/s/ Marc A. Levinson (by BCW)
Marc A. Levinson
400 Capitol Mall, Suite 3000
Sacramento, CA  95814
(916) 447-9200

Attorneys for USA Capital Diversified Trust Deed
Fund, LLC


COX SMITH MATTHEWS INCORPORATED


/s/ Deborah D. Williamson (by BCW)
Deborah D. Williamson
112 East Pecan St., Suite 1800
San Antonio, TX  78205
(210) 554-5500

Attorneys for Ford Elsaesser, Chapter 11 Trustee
for Joseph D. Milanowski

STEPTOE & JOHNSON LLP


/s/ Robbin L. Itkin (by BCW)
Robbin L. Itkin
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA  90067
(310) 734-3272

Attorneys for Michael D. Carmel, Chapter 11 Trustee
for Thomas A. Hantges


KATHY A. SURRATT-STATES
U. S. Bankruptcy Judge


DATED:  November 8, 2007
St. Louis, Missouri
jcs

jcs

-11-

Parties To Be Served

Brian C. Walsh, Esq.
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO  63102-2750

USACM Liquidating Trust
c/o Geoffrey L. Berman, Trustee
Development Specialists, Inc.
333 S. Grand Ave., Suite 4070
Los Angeles, CA  90071

Eric D. Madden, Esq.
Diamond McCarthy LLP
1201 Elm St., Suite 3400
Dallas, TX  75270

USA Securities, LLC
USA Commercial Mortgage Company
USA Capital First Trust Deed Fund, LLC
USA Capital Realty Advisors, LLC
c/o Thomas J. Allison
Mesirow Financial Interim Management, LLC
321 N. Clark St., 13th Floor
Chicago, IL  60610

Annette W. Jarvis, Esq.
Ray Quinney & Nebeker P.C.
P.O. Box 45385
Salt Lake City, UT  84145

USA Capital Diversified Trust Deed Fund, LLC
c/o Michael Tucker
FTI Consulting
Two N. Central Ave, Suite 1200
Phoenix, AZ  85004

Marc A. Levinson, Esq.
Orrick, Herrington & Sutcliffe, LLP
400 Capitol Mall, Suite 3000
Sacramento, CA  95814

Joseph D. Milanowski
8520 Chiquita Dr.
Las Vegas, NV  89128

Russell S. Walker, Esq.
Woodbury & Kesler, P.C.
265 East 100 South, Suite 300
Post Office Box 3358
Salt Lake City, UT  84111

Ford Elsaesser, Esq.
Elsaesser Jarzabek Anderson Marks
   Elliott & McHugh, Chartered
P.O. Box 1049
Sandpoint, ID  83864

Deborah D. Williamson, Esq.
Cox Smith Matthews Incorporated
112 East Pecan St., Suite 1800
San Antonio, TX  78205

Thomas Hantges
47 Nightshade Ct.
Henderson, NV  89074

Matthew Q. Callister, Esq.
Callister & Reynolds
823 Las Vegas Blvd. South
Las Vegas, NV  89101

Michael W. Carmel, Esq.
80 East Columbus Ave.
Phoenix, AZ  85012

Robbin L. Itkin, Esq.
Steptoe & Johnson LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA  90067

USA Investment Partners, LLC
c/o Lisa M. Poulin, Chapter 11 Trustee
Corporate Revitalization Partners LLC
13355 Noel Road, Suite 1825
Dallas, TX  75240

Brigid M. Higgins, Esq.
Gordon & Silver, Ltd.
Ninth Floor
3960 Howard Hughes Parkway
Las Vegas, NV  89169