

Entered on Docket
March 12, 2008

Hon. Linda B. Riegle
United States Bankruptcy Judge

___

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br>                              Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**ORDER GRANTING USACM LIQUIDATING TRUST'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY WELLS FARGO** |

The USACM Liquidating Trust's ("the Trust's") Motion to Compel Production of Documents by Wells Fargo ("Motion to Compel"), brought pursuant to Federal Rules of

207439.1

Bankruptcy Procedure 2004 and 9016 and Federal Rule of Civil Procedure 45, came on for hearing on February 21, 2007 before the Honorable Linda B. Riegle. Stephen T. Loden and Elisaveta Dolghih appeared for the Trust. Kent F. Larsen appeared for Wells Fargo.

The Court, having considered the papers filed in support of and in opposition to the motion, and having heard oral argument by both parties at the hearing, hereby GRANTS the Motion to Compel for the reasons stated on the record, which is incorporated herein by this reference.

Accordingly, IT IS HEREBY ORDERED that:

A. Pursuant to the stipulation between the Trust and Wells Fargo entered into prior to the hearing, Wells Fargo will produce the following documents that are responsive to the Trust's subpoena to Wells Fargo dated March 13, 2007 ("Subpoena"):

(1) Wells Fargo's document retention policies and procedures, including the polices and procedures regarding retention of emails;

(2) Wells Fargo's Know-Your-Customer policies and procedures;

(3) Wells Fargo's policies and procedures regarding the application process, opening, acceptance, management, ongoing review, and oversight of the accounts at Wells Fargo, including any policies and procedures regarding wire transfers, ACH transfers, and any form of electronic transfers;

(4) Wells Fargo's ACH records for the Collections Trust Acct. No. 089-5737864; Investors Trust Acct. No. 046-5657146; 10-90, Inc. Acct. No. 552-5221528; Mountain Vista Acct. No. 552-5221536; Diversified Trust Deed Acct.

No. 562-7688038; USACM Choice IV Checking Acct. No. 0834610149; and Palomino Partners Acct. No. 834-614422;

(5) Wells Fargo's wire records for the Collections Trust Acct. No. 089-5737864; Investors Trust Acct. No. 046-5657146; 10-90, Inc. Acct. No. 552-5221528; Mountain Vista Acct. No. 552-5221536; Diversified Trust Deed Acct. No. 562-7688038; USACM Choice IV Checking Acct. No. 0834610149; and Palomino Partners Acct. No. 834-614422;

(6)    The reasonable costs for production of documents by Wells Fargo will be $ 0.10 per page and $10 per research hour, and Wells Fargo has estimated that its research time will be approximately 79 hours.

B.    Wells Fargo shall produce its policies and procedures that ensure regulatory and internal audit compliance with respect to its customers and accounts, the production of which will be subject to an "attorneys' eyes only" confidentiality designation, and the procedures regarding which will be agreed upon by Wells Fargo and the Trust in a separate stipulation and order.

C.    Wells Fargo shall produce its policies and procedures regarding the discovery and reporting of suspicious activity regarding its customers and accounts, the production of which will be subject to an "attorneys eyes only" confidentiality designation, and the procedures regarding which will agreed upon by Wells Fargo and the Trust in a separate stipulation and resulting order.

D. Wells Fargo will conduct an additional search for responsive documents in the following categories: (1) correspondence, including any print-outs of emails concerning the following accounts, and including any emails to or from Wells Fargo's employees who worked on the following accounts: Mountain Vista Inc, Acct. No. 552-5221536; 10-90 Inc. Acct. No. 552-5221528; DTDF Choice IV Checking Acct. No. 562-7688038; USACM Choice IV Checking Acct. No. 083-4610149; USACM Collections Trust Acct. No. 089-5737864; USACM Confidential Acct. No. 5627688020; USACM Exclusive Acct. No. 5627688186; USACM Investors Trust Acct. No. 046-5657146; Market Rate Acct. No. 8371724478; Market Rate Acct. No. 4000046896; USAREG Group Trust Acct. No. 083-4606261; Pecos Professional Park Acct. No. 829-699743; Palomino Partners Acct. No. 834-614422; USAREG Commercial Checking Acct. No. 083-465487; USA Investors Partners LLC Acct. No. 928-6810925; USA Investors I Acct. No. 465-657039; USA Investors VI Acct. No. 989-8109567; USA Investors VI Acct. No. 989-8394169; USA Investors VI Acct. No. 989-8108304; Investors VI Acct. No. 200-0279329; Investors VI Acct. No. 200-0279337; Investors VI Acct. No. 989-8368494 (collectively, the "USACM accounts"); (2) work files, including any files maintained by Wells Fargo's employees who worked on the USACM accounts; (3) account opening documents for the USACM accounts, including signature cards, applications, and

checklists. The scope of the search shall include hard copy files, electronic files, and any off-site storage facilities used by Wells Fargo.

E.  Wells Fargo shall produce all of the documents specified in this Order by no later than March 6, 2008, at the offices of Diamond McCarthy LLP, 1201 Elm Street, Suite 3400, Dallas, Texas 75270.

F.  Within 14 days of producing these documents Wells Fargo will designate and produce one or more corporate representative(s) most knowledgeable about the activities and communications reflected in the produced documents, including the relationship manager for the USACM accounts, if such person is still under Wells Fargo's control. The examination shall be conducted at a mutually agreed upon location within 100 miles of the residence of such corporate representative. Additionally, within 14 days of producing these documents, Wells Fargo will designate and produce one or more corporate representatives most knowledgeable about Wells Fargo's document production, email system, internal policies specified in this Order, and such other topics listed in Exhibit A to the Subpoena. The examination(s) shall be conducted at mutually agreed upon location(s) within 100 miles of the residence(s) of such corporate representatives.

Prepared by:
**DIAMOND MCCARTHY LLP**

By: ___/s/ Elisaveta Dolghih___
Allan B. Diamond, TX 05801800 (pro hac vice)
William T. Reid, IV, TX 00788817 (pro hac vice)
Elisaveta Dolghih, TX 24043355 (pro hac vice)
1201 Elm St. Suite 3400
Dallas, TX 75270
(214) 389-5300 (telephone)
(214) 389-5399 (facsimile)

*Special Counsel for USACM Liquidating Trust*

Approved as to Form:

By: _____
Kent F. Larsen, Esq.
Nevada Bar No. 3463
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
(702) 252-5002

Attorney for Wells Fargo Bank, N.A.