LEWIS AND ROCA LLP
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-0961
Facsimile (702) 949-8321
Telephone (702) 949-83209

E-Filed on 3/13/2008

Susan M. Freeman AZ State Bar No. 004199 (Pro Hac Vice)
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018020 (Pro Hac Vice)
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[1]<br><br>USA SECURITIES, LLC,[2]<br><br>                         Debtors. | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[1]<br>Case No. BK-S-06-10729-LBR[2]<br><br>Chapter 11 Cases<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>Judge Linda B. Riegle Presiding<br><br>**USACM LIQUIDATING TRUST'S AMENDED ADVERSARY COMPLAINT AGAINST LOS VALLES LAND & GOLF, LLC AND DAN S. PALMER, JUNIOR** |
| USACM Liquidating Trust, a Nevada business trust,<br><br>                         Plaintiff,<br><br>     vs.<br><br>Los Valles Land & Golf, LLC, a Delaware Limited Liability Company, and Dan S. Palmer, Jr., a married man residing in California,<br><br>                         Defendants. | Adv. No. 08-01058 |

---

[1] This bankruptcy case was closed on October 12, 2007.
[2] This bankruptcy case was closed on December 26, 2007.

235148.2

LEWIS AND ROCA LLP LAWYERS

For its amended adversary complaint against Los Valles Land & Golf, LLC ("Los Valles") and Dan S. Palmer, Jr. ("Palmer"), the USACM Liquidating Trust (the "USACM Trust") alleges as follows:

## JURISDICTION AND PARTIES

1. Los Valles is a Delaware limited liability company.

2. Palmer is a resident and citizen of California.

3. USA Commercial Mortgage Company ("USACM") is a Nevada corporation.

4. On April 13, 2006 ("Petition Date"), USACM, USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF" and together with DTDF, the "Funds"), and USA Securities, LLC ("USA Securities") (collectively the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Management duties of USACM were conducted by Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow") who serves as the President and Chief Restructuring Officer.

5. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein (the "Confirmation Order") confirming Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan").

6. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims and to recover the assets of USACM not otherwise disposed of under the Plan, including the causes of action asserted here.

7. The USACM Trust exists as a Nevada business trust as of the Effective Date of the Plan, which was March 12, 2007.

LEWIS AND ROCA LLP LAWYERS

8. Los Valles filed Proof of Claim No. 10725-01366, on November 13, 2006. USACM filed its First Amended Objection to that claim on September 20, 2007. This amended adversary complaint closely relates to the proof of claim and the Court may exercise jurisdiction over it under 28 U.S.C. § 1334(b). The amended adversary complaint is related to the USACM bankruptcy case and is a core proceeding under 28 U.S.C. § 157(b)(2)(C), (O).

9. The statutory predicate for the relief requested herein is 11 U.S.C. § 502 and Bankruptcy Rules 3007 and 7001.

10. The USACM Trust asserts claims against Los Valles that were property of the USACM estate, and are now owned by the USACM Trust pursuant to the confirmed Plan of Reorganization and will be used to pay creditors' claims. The USACM Trust consents to this Court's entry of final orders in this adversary proceeding.

11. To the extent that this adversary complaint is not "related to" the USACM case, this Court may exercise supplemental jurisdiction over the claims under 28 U.S.C. § 1367 to the extent that the claims are so related to Los Valles' loan and USACM's objection to that claim that they arise out of the same case or controversy as the matters within this Court's § 1334(b) jurisdiction.

12. Alternatively, this is a suit between citizens of separate states where the amount in controversy exceeds $75,000 over which the district court may exercise diversity jurisdiction, and which this Court may exercise under the District's general order of reference.

**GENERAL ALLEGATIONS**

13. USACM originated loans for borrowers and solicited the funding of such loans from numerous individuals and entities (collectively, the "Direct Lenders"). Upon information and belief, with few exceptions, USACM originated loans that provided for a mandatory initial funding amount with any additional funding to be made solely at the

discretion of the Direct Lenders.  Upon further information and belief, when USACM arranged an increase in the original loan amount, USACM solicited the existing Direct Lenders in the original loan for the additional funds.  Absent the affirmative decision by the Direct Lenders to invest additional funds, the original loan would not be increased.

14. On March 3, 2004, Los Valles and USACM entered into a Loan Agreement whereby USACM arranged a loan to Los Valles of $11,700,000.  The Loan Agreement provided that USACM was entitled to receive interest in the amount of 18% annually, an Exit Fee of 1.5% of the gross sale price of lots to be paid at the time each lot closed, and Loan Extension fees, among other fees.  The Loan Agreement provided Nevada law applied to the interpretation of the Loan Agreement without regard to Nevada choice of law provisions.  The Loan Agreement also provided that Los Valles submitted to jurisdiction in Nevada and agreed that any action relating to the Loan Agreement may be brought in Nevada.

15. On March 3, 2004, Los Valles and USACM entered into a Fee Agreement providing for a Loan Fee of 5% to be paid to USACM.  The Fee Agreement provided that it was governed by Nevada law.

16. On March 3, 2004, USACM and Palmer entered into a Limited Guaranty, which provided that Palmer personally guaranteed repayment of all indebtedness (up to a maximum of $9,000,000) of Los Valles to USACM under and/or arising out of and/or related to the loan to Los Valles.  The Limited Guaranty provided that it was governed by Nevada law.

17. On October 6, 2006, USACM, Los Valles, and Dan S. Palmer entered into a letter agreement (the "Letter Agreement").  The Letter Agreement provided that it was governed by Nevada law.  A true and accurate copy of the Letter Agreement is attached hereto as **Exhibit A**.

18. The Letter Agreement provided for the following sums to be paid by Los Valles to USACM: the sum of $586,045.83 plus any applicable Per Diem Amounts and other fees no later than December 31, 2007; an amount equal to 1% of the gross proceeds from the sale of residential lots, or an "Earnout Rate" determined under the formula in paragraph 4(C) of the Letter Agreement; additional Per Diem Amounts as defined in the Letter Agreement; and interest on certain fees to which USACM is entitled under the Letter Agreement.

19. Palmer personally guaranteed payment to USACM of the amounts due under the Letter Agreement, no later than December 31, 2007.

20. The Letter Agreement reflects a compromise between Los Valles, USACM and Palmer as part of a satisfaction of the USACM loan.

21. The Letter Agreement reflects compromises by USACM to its detriment in consideration of the promises and commitments by Los Valles therein, including acknowledgment of the sums due and acknowledgment that Nevada law governs.

22. The Letter Agreement constitutes an accord and satisfaction of the parties' claims.

23. The Letter Agreement and Palmer's guarantee constitute a valid and enforceable contract.

### Count One: Breach Of Contract — Los Valles

24. The allegations and paragraphs 1 through 23 are incorporated by reference.

25. Under the Letter Agreement, Los Valles is obligated to pay USACM the sum of $586,045.83 plus any applicable Per Diem Amounts and other fees no later than December 31, 2007.

26. Under the Letter Agreement, Los Valles is also obligated to pay USACM an amount equal to 1% of the gross proceeds from the sale of residential lots, or an "Earnout Rate" determined under the formula in paragraph 4(C) of the Letter Agreement.

235148.2

LEWIS
AND
ROCA
LLP
LAWYERS

27. Los Valles failed to make the December 31, 2007 payment and counsel for Los Valles has indicated that Los Valles does not intend to make any other payments due under the Letter Agreement pending the outcome of Los Valles' claim against USACM. Los Valles' refusal to perform under the Letter Agreement constitutes a material breach and a repudiation of the Letter Agreement.

28. Because Los Valles has repudiated its obligations under the Letter Agreement, the USACM Trust may accelerate the payments due.

29. USACM Trust has been damaged by Los Valles' breach and repudiation of the Letter Agreement in an amount to be proven at trial, including the sum of $586,045.83, any applicable Per Diem Amounts, Earnout Rate fees or deferred extension fees, attorneys' fees and costs, and any other fees available under the Letter Agreement.

**Count Two: Breach Of Guaranty - Dan S. Palmer, Jr.**

30. The allegations and paragraphs 1 through 29 are incorporated by reference.

31. In the Letter Agreement, Palmer personally guaranteed payment of Los Valles' obligations under the Letter Agreement.

32. Upon information and belief, Los Valles is financially unable to pay its obligations due under the Letter Agreement.

33. Palmer has refused to honor the guarantee contained in the Letter Agreement. Accordingly, Palmer has breached the Letter Agreement.

34. By repudiating his obligations as guarantor under the Letter Agreement, the USACM Trust may accelerate its damages against Palmer.

35. USACM Trust's damages arising from Palmer's breach of his personal guaranty include all amounts currently owing to USACM, including the sum of $586,045.83, any applicable Per Diem Amounts, accelerated Earnout Rate fees or delayed extension fees, attorneys' fees and costs, and any other fees available under the Letter Agreement.

235148.2

**LEWIS AND ROCA LLP**
**LAWYERS**

WHEREFORE the USACM Trust requests judgment against Los Valles and Palmer as follows:

    A.    Finding the Letter Agreement constitutes an accord and satisfaction and bars any defenses Los Valles or Palmer may assert and/or that Los Valles and Palmer are estopped from asserting additional defenses related to the fees they promised to pay under the Letter Agreement;

    B.    Awarding the USACM Trust compensatory damages arising out of Los Valles' breach and repudiation of the Letter Agreement in an amount to be determined at trial;

    C.    Awarding the USACM Trust prejudgment interest;

    D.    Awarding the USACM Trust its reasonable attorneys' fees and costs under the Letter Agreement; and

    E.    Awarding the USACM Trust any other relief the Court deems just and proper.

RESPECTFULLY SUBMITTED this 13th day of March, 2008.

**LEWIS AND ROCA LLP**

By   /s/ RC (#0006593)
    Susan M. Freeman *(pro hac vice)*
    Rob Charles
    John Hinderaker *(pro hac vice)*
    *Attorneys for USACM Liquidating Trust*

235148.2