**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | STIPULATION AND CONFIDENTIALITY ORDER ARISING FROM FEBRUARY 21, 2008 HEARING ON THE USACM LIQUIDATING TRUST'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY WELLS FARGO |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |

114979.1

WHEREAS on February 5, 2008, the USACM Liquidating Trust ("the Trust"), the duly authorized successor to USA Commercial Mortgage Company, filed its Motion to Compel Production of Documents by Wells Fargo Bank N.A. ("Wells Fargo");

WHEREAS, on February 21, 2008, the Court heard and granted the Motion to Compel Production of Documents by Wells Fargo (the "Motion"). During the hearing, over the objection of Wells Fargo, the Court ordered that subject to the "Attorneys' Eyes Only" confidentiality designation, Wells Fargo produce: (1) Wells Fargo policies and procedures that ensure regulatory and internal audit compliance with respect to its customers and accounts, and (2) Wells Fargo policies and procedures regarding the discovery and reporting of suspicious activity regarding its customers and account (collectively, the "Policies").

WHEREAS, in light of the Court's order arising from the February 21, 2008 hearing on the Motion, the Trust and Wells Fargo have agreed that Wells Fargo will produce the Policies pursuant to the terms of this Stipulation and Confidentiality Order (the "Order"). The Trust and Wells Fargo also agree that the Order relates solely to the agreed upon procedures to implement the Court's order arising from the February 21, 2008 hearing on the Motion, and that the Order shall not be construed as a waiver of the objections of Wells Fargo to the production of the Policies that are the subject of this Order.

The Trust and Wells Fargo, by and through their respective counsel of record, hereby stipulate and agree to be bound by the following terms of this Order, as approved by the Court.

1. Wells Fargo may designate the documents evidencing the Policies and any testimony concerning such documents, as being for "Attorneys' Eyes Only," by marking such documents, material or testimony with the words "Attorneys' Eyes Only." Except that

STIPULATION AND CONFIDENTIALITY ORDER 2

information or material that is generally available to the public or is a matter of public record, including records on file with city, county, state or federal offices that are subject to public disclosure, or publicly available catalogues, marketing materials, advertising materials, and the like shall not be designated as "Attorneys' Eyes Only." The designation as "Attorneys' Eyes Only" will not be construed as a waiver or admission by either the Trust or Wells Fargo as to the legal treatment or status of such documents or information, including as to whether such documents or information constitute trade secrets, or confidential or proprietary materials under law or contract, or whether such documents or information are properly admissible in any evidentiary proceeding.

2. Examination or deposition testimony concerning the Policies provided by Wells Fargo's representatives may be designated for "Attorneys' Eyes Only" by oral statement on the record at the examination or deposition by Wells Fargo or by written statement thereafter, in the manner described below. If portions of testimony are designated "Attorneys' Eyes Only" during the examination or deposition, the transcript of the designated testimony shall either be bound in a separate volume and marked "Attorneys' Eyes Only," or the confidential designations by page and line reference shall be affixed to the cover of the transcript. Wells Fargo may designate portions of transcripts as "Attorneys' Eyes Only" after the examination or deposition by written notice to the reporter and to all counsel of record within ten (10) days after such transcript is received by Wells Fargo's counsel, after which time all counsel receiving the transcript shall be responsible for marking copies of the designated transcript in their possession or under their control as directed by Wells Fargo. During this ten (10) day designation period, all parties shall treat the transcript as if it had been designated "Attorneys' Eyes Only." The provisions of this Order shall be applicable to any documents, material or testimony concerning the Policies and designated "Attorneys'

STIPULATION AND CONFIDENTIALITY ORDER 3

Eyes Only" which is not de-designated by the parties' agreement or by subsequent court order (hereinafter "Attorneys' Eyes Only Information").

3. Documents and other materials related to the Policies and produced in this Bankruptcy Action by Wells Fargo may be designated by Wells Fargo as "Attorneys' Eyes Only" by marking each page of the document(s) so designated with a stamp stating "Attorneys' Eyes Only." In lieu of marking the original of the document, Wells Fargo may mark the photocopies of any documents that are produced or exchanged. Where the documents are produced electronically, such that the documents are not subject to being easily marked, Wells Fargo may notify the Trust in writing that such documents should be treated as "Attorneys' Eyes Only."

4. Except as hereinafter provided, Attorneys' Eyes Only Information shall be used by the Trust only in the above-captioned bankruptcy action (the "Bankruptcy Action") and any related proceedings (including bankruptcy court, district court, and appellate proceedings arising in, arising under, or deemed related to this Bankruptcy Action) for purposes necessary to the Trust's investigations, or to prosecute or defend potential claims of the Debtors. Attorneys' Eyes Only Information shall not be used for any other commercial, business, competitive or other purposes, except that the Trust may use Attorneys' Eyes Only Information to prosecute any potential claims the Debtors may have, if and when the Trust determines the Debtors have such claims.

5. The Attorneys' Eyes Only Information may be disclosed pursuant to the terms of this Order only to the following "Qualified Persons":

    (a) Attorneys of record for the Trust in this Bankruptcy Action and employees of such attorneys to whom it is necessary that the materials be shown for the purpose of this Bankruptcy Action;

STIPULATION AND CONFIDENTIALITY ORDER 4

(b) Court reporters, stenographers, videographers, and persons preparing transcripts of testimony under the supervision of a court reporter, stenographer, or videographer;

(c) Potential or actual testifying experts who have been designated in writing by notice to all counsel prior to any disclosure of Attorneys' Eyes Only Information to such persons;

(d) If this Court so elects, any other person may be designated by order of this Court, after notice and hearing to Wells Fargo.

6. Except for counsel for Wells Fargo, counsel for the Trust and the Court, any person who is provided access to the Attorneys' Eyes Only Information shall first read this Order and execute a sworn statement, in the form attached hereto as Exhibit "A," stating that he has read this Order and will abide by its terms.

7. The Trust shall not be obligated to challenge the propriety of a designation as "Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude subsequent challenge thereto. If the Trust objects to the designation of any material as "Attorneys' Eyes Only" the Trust will meet and confer with Wells Fargo in an effort to resolve the dispute. Wells Fargo may decide to remove the "Attorneys' Eyes Only" designation in a written statement to the Trust. If the meet and confer process does not resolve the dispute, however, the Trust may apply to the Bankruptcy Court for an order removing the "Attorneys' Eyes Only" designation. The contested information shall retain its "Attorneys' Eyes Only" status pending resolution of the dispute.

8. Nothing herein shall prevent disclosure beyond the terms of this Order if Wells Fargo designating the information as "Attorneys' Eyes Only" consents to such disclosure or, if the Court, after hearing and notice to all affected parties, orders such disclosure. The Trust and Wells Fargo may, by stipulation, provide for exceptions to this Order and either party may seek an order of this Court modifying this Order.

STIPULATION AND CONFIDENTIALITY ORDER 5

9. All Attorneys' Eyes Only Information filed with the Court shall be filed in sealed envelopes bearing the caption of this action, a brief description of the nature of the contents of the sealed envelope, the word "CONFIDENTIAL" and a statement in substantially the following form:

> "THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT AND CONTAINS CONFIDENTIAL INFORMATION, AND IS NOT TO BE OPENED OR THE CONTENTS THEREOF TO BE DISPLAYED OR REVEALED BY ANYONE EXCEPT UPON ORDER OF THE COURT."

10. Within 60 days of the final determination of this Bankruptcy Action and any related proceedings, including any appeal, any Qualified Person designated under Paragraph 5 who is in possession of Attorneys' Eyes Only Information shall return such information to Wells Fargo or Wells Fargo's counsel, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. Written confirmation of such return shall be forwarded to Wells Fargo or Wells Fargo's counsel.

11. If a document, material or testimony concerning the Policies, that Wells Fargo intends to designate as "Attorneys' Eyes Only" is inadvertently disclosed without being marked as "Attorneys' Eyes Only" in accordance with the Order, the failure to so mark the document, material or testimony shall not be deemed a waiver of its confidential status pursuant to the terms of this Order.

12. If any document or other material subject to any privilege or legal prohibition against disclosure is inadvertently disclosed, the fact of the disclosure shall not constitute a waiver of the applicable privilege or legal prohibition against disclosure. Upon prompt written notification by Wells Fargo, the person to whom the material was disclosed shall either (a) immediately return or destroy it, including any copies thereof, to Wells Fargo, and shall destroy any notes or work product concerning the material; or (b) if the person to whom

STIPULATION AND CONFIDENTIALITY ORDER 6

such document or material was inadvertently disclosed disagrees with Wells Fargo's claim of privilege or legal prohibition against disclosure, the person shall not use such documents or materials until allowed to do so by Court order. In any such dispute, Wells Fargo shall have the burden of making the motion to establish it is entitled to its return. During any such dispute, the Trust is authorized to provide a copy of the document subject to dispute to the Court under seal for purposes of a court determination as to whether or not the claimed privilege applies to the document.

13. If the Trust inadvertently discloses a document which has been designated as Attorneys' Eyes Only, the Trust will make a good faith effort of recovering such document from the person to whom the document was inadvertently disclosed.

14. Nothing in this Order shall be deemed to preclude Wells Fargo from obtaining, on an appropriate showing, additional protection with respect to the confidentiality of any Attorneys' Eyes Only Information produced in connection with this Order, or other modification of this Order. The entry of this Order shall neither constitute nor be used as a basis for a finding that Wells Fargo or the Trust has waived any objections that it may have to the use, relevance, or admissibility of any such Information.

15.. The production of any document or other information during discovery in this action, which absent such production would have been, in whole or in part, privileged under the attorney-client privilege, work-product privilege, or any other applicable privilege, will not release or waive the attorney-client privilege, work-product privilege, or other applicable privilege as to any documents and other information not produced, regardless of its subject matter. The inadvertent or unintentional production by Wells Fargo of any privileged or otherwise protected information shall not be deemed a waiver or an impairment of any claim

of privilege or protection, including, without limitation, the attorney-client privilege or the protection afforded by the attorney work-product doctrine.

16. Nothing in this Order releases Wells Fargo from its obligations to produce a privilege log with respect to the documents that it claims to be protected by the attorney-client privilege.

17. Execution of this Order shall not prevent a party to this action from seeking, upon application to the Court on ten (10) business days' notice, to modify this Order for good cause shown or from seeking such other relief upon good cause shown as may become appropriate or necessary.

18. This Order shall survive the final conclusion of this Bankruptcy Action and shall continue in full force and effect. The Court shall retain jurisdiction over the parties, and any other person bound by this Order, to enforce this order.

Dated: March 18, 2008.

DIAMOND MCCARTHY LLP

By: _____
Allan B. Diamond, TX 05801800 (pro hac vice)
William T. Reid, IV, TX 00788817 (pro hac vice)
Elisaveta Dolghih, TX 24043355 (pro hac vice)
909 Fannin, Suite 1500
Houston, Texas 77010
(713) 333-5100 (telephone)
(713) 333-5199 (facsimile)

*Special Litigation Counsel for*
*USACM Liquidating Trust*

STIPULATION AND CONFIDENTIALITY ORDER  8

SMITH, LARSEN & WIXOM

By: /s/ Kent F. Larsen    3/18/08
Kent F. Larsen
Nevada Bar No. 3463
1935 Village Center Circle
Las Vegas, Nevada 89134
*Counsel for Wells Fargo Bank, N.A.*

## ORDER

Based upon the foregoing stipulation of the parties, and good cause appearing therefore, IT IS SO ORDERED.

STIPULATION AND CONFIDENTIALITY ORDER 9

# EXHIBIT "A"

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br><br>                Debtors. | Case Nos. BK-S-06-10725-LBR; BK-S-06-10726-LBR; BK-S-06-10727-LBR; BK-S-06-10728-LBR; BK-S-06-10729-LBR<br><br>Chapter 11<br><br>Jointly Administered Under Case No. BK-S-06-10725-LBR<br><br><br>NON-DISCLOSURE CERTIFICATE |

I certify my understanding that access to materials designated as "ATTORNEYS' EYES ONLY" is provided to me pursuant to the terms and restriction of a Stipulation and Confidentiality Order Arising from February 21, 2008 Hearing on the USACM Liquidating Trust's Motion to Compel Production of Documents by Wells Fargo entered by the Court on _____, 2008 (the "Order"). I certify that I have been given a copy of, and have read, the Order and agree to comply with its terms. I understand that the contents of any material designated "ATTORNEYS' EYES ONLY," and any notes or other memoranda or any other forms of information which copy or disclose material designated "ATTORNEYS' EYES ONLY," shall not be disclosed to anyone other than in accordance with the Order and shall be used only for the purposes set forth therein.

I agree to be subject to the jurisdiction of this Court for purposes of enforcement of this Non-Disclosure Certificate and the Order.

By: _____

Title: _____

Representing: _____

Date: _____

STIPULATION AND CONFIDENTIALITY ORDER – EXHIBIT A