HENRY G. RENDLER
[CA State Bar #83704]
Attorney at Law
1550 The Alameda, Suite 308
San Jose, California 95126
Telephone:    (408) 293-5112
Facsimile:    (408) 293-4939
henry@rendlerlaw.com
Attorney for Creditor
Spectrum Capital, LLC

RECEIVED AND FILED

2008 MAR 21  P 2: 19

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

In re:

USA Commercial Mortgage Company, et al.,

　　　　　Debtors.

Case No. BK-S-06-10725 LBR
(Jointly Administered)
Date:  March 25, 2008
Time: 9:30 A.M.

### RESPONSE OF SPECTRUM CAPITAL, LLC TO SIXTH OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED UPON INVESTMENT IN THE ONE POINT STREET, LLC--HFA NORTH YONKERS LOAN; AND CERTIFICATE OF SERVICE

Creditor Spectrum Capital, LLC ("Spectrum") submits the following Response to the Sixth Omnibus Objection of USACM Trust to Proofs of Claim Based Upon Investment in the One Point Street, LLC--HFA North Yonkers Loan, filed herein on January 18, 2008.

**Spectrum Makes No Claim Based On Its Investment in the One Point Street, LLC--HFA North Yonkers Loan**

1. Spectrum agrees with the Trustee that Spectrum has been paid off in full all amounts due Spectrum on the One Point Street, LLC--HFA North Yonkers Loan. Spectrum is not making, and will not make, any claim against the estate based upon the One Point Street, LLC--HFA North Yonkers Loan.

**Spectrum's Proof of Claim Was An Aggregate Claim Based On A Portfolio of Five (5) Different Investments, and Included a Built-In Discount Based on Expected Recoveries From the Various Properties**

Page 1

USA Commercial Mortgage Company, et al., Debtors    Response of Spectrum Capital LLC to Sixth Omnibus Objection of USACM Trust    Case No.  BK-S-06-10725 LBR

2. Spectrum filed its Proof of Claim herein as Claim No. 10725-01414 in the sum of $ 144, 997.19. Three pages of detailed expert analysis and computations were appended thereto, prepared by Spectrum's former counsel, Robert Le Pome, Esq. The claim was based upon Spectrum's investment in five (5) different projects of Debtor, namely: Universal Hawaii; Glendale Towers; One Point Street, LLC--HFA-North Yonkers; Brookmere/Matteson; and Amesbury/Hatters Point. The aggregate gross amount due and owing Spectrum on the entire investment portfolio was $ 579, 988.74. Spectrum reasonably estimated for purposes of the Proof of Claim that it would receive payment of about 75% ($ 434,991.55) from the liquidation of the various properties. It thus estimated its net claim to be $ 144, 997.19, representing 25% of the aggregate $ 579, 988.74 investment. The claim was thus based on the entire portfolio, not the individual loans, and contained a built-in discount resulting in what Spectrum believed would be its expected net claim against the estate for the entire portfolio. Spectrum understands that this methodology was utilized by Mr. Le Pome on behalf of 30+ other creditors in this matter.

**The Ultimate Loss on Spectrum's Portfolio is Still Unknown and Subject to Estimates, So It is Suggested That The Final Claims Analysis Be Deferred Until All Loans Have Been Resolved**

Spectrum has been paid off in full on the within loan, One Point Street, LLC--HFA North Yonkers, and on Glendale Tower Partners, LLC. The other 3 remain open. Thus, the final net loss cannot yet be determined. Depending on how precise Spectrum's estimate was, there may be minimal or no further claims objection proceedings required. It is suggested, therefore, that the claims objection be deferred until such time as the remaining 3 properties are liquidated, so that the precise loss can be ascertained. Spectrum understands that this method is acceptable to the Trustee on this claim objection, on condition that Spectrum acknowledge that it has indeed been paid in full on the aforementioned One Point Street, LLC--HFA North Yonkers Loan, and will be making no claim based thereon. Spectrum hereby makes this acknowledgment.

## Conclusion:

Spectrum respectfully requests that the final ruling on the claim objection be deferred until such time as the 3 remaining loans have been resolved, and the actual damage ascertained. As that time, the claim can be adjusted (i.e., increased or decreased), if the actual damage turns out to be higher or lower than originally estimated.

Respectfully submitted

Dated: March 18, 2008

Henry G. Rendler, Esq.
CA State Bar # 83704
Attorney for Creditor Spectrum Capital, LLC