# EXHIBIT 1

1688943.1

**LEWIS AND ROCA LLP**
**LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429
Facsimile (602) 734-3824
Telephone (602) 262-5756

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com

*Attorneys for USACM Liquidating Trust*

E-Filed on 3/13/08

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| In re: | Case No. BK-S-06-10725-LBR |
|---|---|
| USA Commercial Mortgage Company, | Case No. BK-S-06-10726-LBR |
| | Case No. BK-S-06-10727-LBR |
| USA Capital Realty Advisors, LLC, | Case No. BK-S-06-10728-LBR[1] |
| | Case No. BK-S-06-10729-LBR[2] |
| USA Capital Diversified Trust Deed Fund, LLC, | CHAPTER 11 |
| USA Capital First Trust Deed Fund, LLC,[1] | Jointly Administered Under Case No. BK-S-06-10725 LBR |
| USA Securities, LLC,[2]        Debtors. | **Motion to Approve Settlement Agreement With USA Capital Diversified Trust Deed Fund, LLC with Certificate of Service** |
| **Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Date: OST Requested – March 25, 2008<br>Time: OST Requested – 9:30 a.m. |

The USACM Liquidating Trust (*Trust*), successor to USA Commercial Mortgage Company (*USACM*) under the confirmed Joint Plan of Reorganization, moves this Court for an order approving its settlement with USA Capital Diversified Trust Deed Fund, LLC

---

[1] This bankruptcy case was closed on October 12, 2007.

[2] This bankruptcy case was closed on December 26, 2007.

235899.1



(*DTDF*) in the form attached as **Exhibit 1**. This Motion is based upon the following Memorandum of Points and Authorities and is supported by the Court's record.

## MEMORANDUM

### Background

The Trust will not recite facts the Court is well familiar with, including the filing of each of five Debtors' chapter 11 voluntary bankruptcy petitions, prosecution of the bankruptcy cases, and ultimately confirmation of the Joint Plan of Reorganization.[3] That Plan became effective on March 12, 2007.

Certain issues were not resolved by USACM and DTDF before the Plan was confirmed. Those issues were reserved for future determination and were generally described on pages 73-74 of the Debtors' First Amended Disclosure Statement for Debtors' Third Amended Joint Plan of Reorganization, filed on November 15, 2006. For the Court's convenience, we quote:

> 6. **Remaining Disputes Between USACM and DTDF.**
>
> Despite substantial efforts among the USACM Committee and the DTDF Committee, these two Committees have been unable to reach agreement on a resolution of the disputes between USACM and DTDF. These parties will continue to attempt to settle the remaining disputes prior to the Confirmation Hearing. If any such settlements are reached, the details of such settlement(s) will be posted on the USACM website at usacapitalcorp.com. The Debtors will request that the Court approve such settlements at the confirmation hearing. The disputes between USACM and DTDF primarily consist of the following:
>
> a. The allowed amount of the DTDF general unsecured claim against USACM.

---

[3] See Confirmation Order for the Debtors' Third Amended Joint Plan of Reorganization. See Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization," As Modified Herein, docketed by the Court on January 8, 2007, as Docket No. 2376, and Findings of Fact and Conclusions of Law in Support of the "Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization, As Modified Herein," docketed by the Court on January 8, 2007, as Docket No. 2377.

235899.1

      b. The allocation of the USAIP $58 Million Promissory Note as between USACM and DTDF.

      c. The assignment of priority (i.e., first priority liens or second priority liens) of the collateral pledged by USAIP for both the DTDF 10-90, Inc. Loan and the IP Security Agreement. (The IP Security Agreement is dated May 31, 2006 and was made by USAIP in favor of USACM, DTDF, FTDF, USA Securities and USA Realty as modified by the Order Approving the Agreement with Investment Partners entered by the Bankruptcy Court on July 24, 2006.)

      d. USACM's right to recovery from DTDF of $4,641,402 in Prepaid Interest, given DTDF's claims against USACM, including for Diverted (or Unremitted) Principal, and the possibility of offsetting such claims.

      e. DTDF's payment of the approximately $124,000 per month management fee to USA Realty, which management fee is then paid over by USA Realty to USACM.

      f. The refund of the 2% Holdback to DTDF and the payment by DTDF of a one percent (1%) servicing fee to USACM for both the prepetition and postpetition periods.

      g. The amount and payment of DTDF's share of the professional fees and costs incurred by the Debtors' professionals in the USACM Estate commencing on the Petition Date. The USACM Committee and the DTDF Committee will continue to work to settle these disputes. If these Committees are unable to resolve these disputes in whole or in part, the USACM Trust and the Post Effective Date DTDF will litigate these disputes after the Effective Date.[4]

After the Effective Date, Michael A. Tucker, Manager of Reorganized DTDF, and Geoffrey L. Berman, Trustee of the Trust, continued to discuss and eventually negotiate the unresolved disputes. After a meeting last week, DTDF and the Trust reached conceptual approval of an agreement, subject to approval by the DTDF Board and this Court.

The proposed settlement is set forth in a letter agreement signed by the parties.

In summary, the parties' settlement provides:

- ▪    DTDF is allowed a $128 million unsecured claim in the USACM Estate;

---

[4] Debtors' First Amended Disclosure Statement for Debtors' Third Amended Joint Plan of Reorganization, filed on November 15, 2006, at 73-74.

235899.1

- DTDF hires Diamond McCarthy, LLP to pursue certain DTDF Litigation Claims, that will generally be prosecuted jointly with similar claims asserted by the Trust through Diamond McCarthy;

- DTDF and the Trust will jointly share proceeds of litigation claims, including those DTDF Litigation Claims prosecuted by Diamond McCarthy, on a 50-50 basis for the first $20 million of recoveries, and then DTDF receiving 35% of all recoveries thereafter;

- DTDF, by reason of its allowed general unsecured claim, will share in recoveries from non-litigation claims and/or assets of the Trust on a pro-rata basis with all other allowed general unsecured creditor claims;

- DTDF and the Trust share proceeds of the $58 million note made by USA Investment Partners, LLC on an equal basis; and

- DTDF and the Trust release each other.

**Discussion**

The Plan does not expressly require this Court's approval of proposed settlements. Rather, the Plan provides:

> The USACM Trust shall have the discretion, subject to review by the USACM Trust Committee appointed in accordance with the USACM Trust Agreement, to retain and compensate professionals, compensate the USACM Trustee, compensate the Debtors' Professionals for any assistance of information requested of them by the USACM Trust, employ staff or agents, object to Claims, realize assets, whether by suit, compromise, release or otherwise, and take all actions reasonable to maximize the recovery to beneficiaries of the USACM Trust.[5]
>
> The Debtors or the Post-Effective Date Entities may commence, prosecute, defend against, recover on account of, and settle all rights, Claims, causes of action, defenses, and counterclaims in their sole discretion in accordance with what is in the best interests, and for the benefit, of the Debtors or the Post-Effective Date Entities.[6]

---

[5] Plan at 47-48.

[6] Plan at 59.

235899.1



Nevertheless, given the amounts involved, the fact that the negotiating parties are the post-confirmation representatives of the USACM and DTDF estates, and that DTDF has representatives on the USACM Trust Oversight Committee, disclosure to the Court for its consideration seemed prudent. The Court would clearly have jurisdiction to approve such a settlement under 28 U.S.C. § 1334.

The parties considered much larger claims and more aggressive positions asserted by DTDF and the Trust on the several issues presented in the settlement agreement. For example, DTDF filed a proof of claim for $176,380,997.80 against the estate of USA Investment Partners, LLC, but has agreed to compromise its claims against the Trust in consideration of other agreements in the settlement.

The settlement, when executed, allows Diamond McCarthy to aggressively prosecute causes of action against the persons and entities that injured USACM and DTDF in a coordinated manner. The Trust bears the initial expense of that representation, with DTDF directly sharing in proceeds as well as obtaining a pro rata distribution of Trust assets as the beneficiary of the Trust. DTDF substantially reduces its ongoing administrative expenses in a manner that should nevertheless result in recovery for its members. Under the circumstances, the compromise appears fair and reasonable to the parties.

**Request for Relief**

The Trust requests that this Court consider and approve the proposed settlement after expedited notice to the parties on the limited service list.

5

235899.1

Dated: March 13, 2008.

**LEWIS AND ROCA LLP**

By /s/ Rob Charles (#006593)
Rob Charles, NV 6593
RCharles@LRLaw.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
Facsimile: (702) 949-8321
Telephone: (702) 949-8320
*Attorneys for the USACM Liquidating Trust*

PROOF OF SERVICE

COPY of the aforementioned sent via e-mail or U.S. First Class Mail on March 13, 2008 to the parties listed on Post-Effective Official Service List for Limited Notice No. 4 Dated January 8, 2008.

 /s/ Christine E Laurel
Christine E Laurel
Lewis and Roca LLP

235899.1


## Declaration

Geoffrey L. Berman declares under penalty of perjury:

1. I am an adult person competent to testify in court. I make the following statements based upon my personal knowledge, except where otherwise indicated.

2. I am Trustee of the USACM Liquidating Trust (*Trust*), which is an entity created by the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization ("Plan"), in the jointly-administered bankruptcy cases, *In re USA Commercial Mortgage Company*, BK-S-06-10725-LBR, pending in the United States Bankruptcy Court for the District of Nevada

3. Certain issues were not resolved by USACM and USA Capital Diversified Trust Deed Fund, LLC (*DTDF*) before the Plan was confirmed. Those issues were reserved for future determination and were generally described on pages 73-74 of the Debtors' First Amended Disclosure Statement for Debtors' Third Amended Joint Plan of Reorganization, filed on November 15, 2006.

4. I have been involved in the negotiation and resolution of the DTDF claims since the Effective date.

5. Diamond McCarthy (Diamond) has been actively investigating potential causes of action on behalf of the Trustee since its employment was approved by the Court in January.

6. After the Effective Date, Michael A. Tucker, Manager of Reorganized DTDF and I, as Trustee of the Trust, have discussed on a regular basis the unresolved disputes

7. After a meeting last week, DTDF and the Trust reached conceptual approval of an agreement, subject to approval by the DTDF Board and this Court.

8. The proposed settlement is set forth in a letter agreement signed by the parties. DTDF will retain Diamond to prosecute DTDF Litigation Claims, which are

7

235899.1

those causes of action not yet filed by DTDF against any of the potential litigation targets as has already been identified by DTDF, the Trust and Diamond McCarthy, and any other entities identified by Diamond and agreed to by DTDF.

9. As explained in the motion to which this declaration is attached, I believe that the proposed compromise is a fair settlement of the claims and disputes between DTDF and the Trust and is in the best interests of the creditors of the USACM Trust.

I declare under penalty of perjury that the foregoing is true and correct.

Executed Thursday, March 13, 2008 at Los Angeles, California.

_____
Geoffrey L. Berman, Trustee
USACM Liquidating Trust
gberman@dsi.biz
c/o Development Specialists, Inc.
333 South Grand Avenue, Suite 4070
Los Angeles, CA 90071-1544

# EXHIBIT 1

1688943.1



**LEWIS AND ROCA LLP LAWYERS**

Rob Charles
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

Direct Dial: (702) 949-8320
Direct Fax: (702) 949-8321
RCharles@LRLaw.com
Admitted in: Arizona and Nevada

Our File Number: 47419-00001

March 13, 2008

Jeffery D. Hermann, Esq.
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017-5855

Re:   USACM Liquidating Trust –
      USA Capital Diversified Trust Deed Fund, LLC

Dear Jeff:

This letter, when signed by both parties and authorized as contemplated by paragraph 10 hereof, represents the sole memorialization of a settlement agreement between the USACM Liquidating Trust (the *Trust*) and USA Capital Diversified Trust Deed Fund, LLC (*DTDF*).

      1.    **Prosecution of Causes of Action.** DTDF will retain Diamond McCarthy, LLP (*Diamond*) to prosecute DTDF Litigation Claims, which are those causes of action not yet filed by DTDF against any of the potential litigation targets as has already been identified by DTDF, the Trust, and Diamond McCarthy, and any other entities identified by Diamond and agreed to by DTDF.

      a.    **Exclusions.** DTDF Litigation Claims do not include litigation claims held by DTDF in connection with its efforts to collect on DTDF loans being serviced by DTDF or by Compass Financial Partners, LLC including collection efforts against Joseph Milanowski, Thomas Hantges, USA Investment Partners, LLC, Tree Moss Partners, LLC, HMA Sales, LLC, USA Investors VI, LLC, 10-90, Inc., Colt Gateway, LLC, BySynergy, LLC, Twelve Horses, and Interstate Commerce Center, LLC, proofs of claim filed by DTDF in the bankruptcy cases of any of the above, the underlying DTDF loans, or any other asset of the DTDF estate not consisting of a litigation claim, all of which excluded assets shall remain the property of DTDF.

      b.    **Cooperation.** DTDF and its professionals shall reasonably cooperate with Diamond in the investigation and prosecution of DTDF Litigation Claims.

      2.    **Conflict Waiver.** The terms of Diamond's retention will be governed by an agreement signed by Diamond and DTDF. To the extent that a provision of this



Jeffery D. Hermann, Esq.
March 13, 2008
Page 2

general agreement conflicts with the engagement letter, the engagement letter shall prevail.

Without addressing all of the issues covered by the engagement letter, we recognize that Diamond has and continues to represent the Trust as special litigation counsel. DTDF has consulted with its counsel, Orrick, Herrington & Sutcliffe LLP, and agrees that Diamond may jointly represent the Trust and DTDF. The Trust similarly agrees that Diamond may represent both DTDF and the Trust. Both DTDF and the Trust will maintain the confidentiality of information shared by Diamond as their joint counsel. Neither DTDF nor the Trust may unilaterally waive their agreement of confidentiality but may do so jointly. In the event of a dispute between DTDF and the Trust, Diamond shall not represent either party.

DTDF recognizes that Diamond may continue prosecution of Trust proofs of claim and causes of action, including against USAIP, Hantges and Milanowski. DTDF waives any conflict caused by Diamond's prosecution of such claims and causes of action on behalf of the Trust.

If Lewis and Roca is identified as local counsel on a filing by Diamond on behalf of DTDF, the role shall be solely as local counsel for purposes of the Court's local rules, and Lewis and Roca shall not represent DTDF except in connection with filings on behalf of the clients jointly.

3. **Cost.** Diamond's representation of DTDF shall be on the same terms as its representation of the Trust. The Trust, and not DTDF, shall be solely responsible for Diamond's compensation and the reimbursement of costs and expenses incurred by Diamond, except as set forth in paragraph 4 below.

4. **Decision Making.** Michael A. Tucker, Manager of DTDF (*Manager*), or his successor, in consultation with Geoffrey L. Berman, as Trustee of the Trust (*Trustee*), or his successor, shall be solely responsible for making DTDF's decisions as Diamond's client, with respect to the management and settlement of DTDF Litigation Claims in particular. The Trustee shall direct Diamond's investigation and prosecution of all litigation claims of the Trust. If the Manager rejects a settlement of any DTDF Litigation Claim contrary to the recommendation of the Trustee and Diamond, then DTDF shall be solely responsible to pay Diamond (under the terms of the engagement letter between Diamond and the Trust) for the legal fees and expenses incurred by Diamond from that

235896.1



**LEWIS AND ROCA** LLP — LAWYERS

Jeffery D. Hermann, Esq.
March 13, 2008
Page 3

point forward on such matter; but DTDF shall be reimbursed for the fees and expenses paid to Diamond from the gross proceeds of such claim.

    5.    **DTDF Unsecured Claim.** Although DTDF suffered significantly larger damages on account of the acts of numerous wrongdoers, as a compromise between DTDF and the Trust, DTDF shall be allowed a prepetition, unsecured claim of $128,000,000 against USA Commercial Mortgage Company (*USACM*), and accordingly will share pro rata in distributions as a beneficiary of the Trust without offset or subordination and, for the avoidance of doubt, DTDF shall share pro rata with other unsecured creditors in the Trust's share (50% up to $20,000,000 and 65% thereafter) of litigation recoveries dealt with in this agreement. Only distributions from the Trust, will reduce the amount of DTDF's claim, and third party recoveries and recoveries on DTDF's loans will not reduce the amount of DTDF's claim. Nothing herein shall impair or diminish DTDF's rights to receive distributions from the Trust as an unsecured creditor on account of the unsecured claim of the USA Capital First Trust Deed Fund, LLC ("FTDF"), which claim was transferred to DTDF pursuant to the Plan of Reorganization confirmed in January, 2007, by the Bankruptcy Court in the chapter 11 cases of, among others, USACM, DTDF and FTDF, and the $128,000,000 claim amount does not include the amount of such FTDF claim assigned to DTDF.

    6.    **USACM Reserves and Related Disputes.** USACM created reserves of $3,900,453.29 and $1,100,000 (approx.) on the Effective Date of the Joint Plan of Reorganization for amounts of interest and principal (respectively) paid to DTDF before the USACM bankruptcy filing when the underlying borrowers had not made such payments. The Trust and DTDF jointly direct USACM to release these reserves, and interest earned thereon, 60% to the Trust and 40% to DTDF.

    7.    **Releases.** Except to the extent of DTDF's rights to participate in distributions from the Trust as an unsecured creditor of USACM, DTDF and the Trust mutually release each other from claims and causes of action of any kind, whether or not contingent, liquidated, known or otherwise, not resolved by confirmation of the Plan, including without limitation, concerning management, loan servicing and other fees charged before the Effective Date of the Plan, sharing of the allowed fees and expenses of Debtors' professionals, and reimbursement of sums advanced for litigation and other purposes after the Effective Date of the Plan. To avoid doubt, this release shall not be construed in a manner that adversely affects any claim of the Trust or DTDF against any person or entity for conduct occurring before April 13, 2006, and no third party shall be a beneficiary of such release.

235896.1

Case 06-10725-lbr Doc #: 5973-2 Filed: 03/13/2008 Page: 5 of 6



LEWIS AND ROCA LLP LAWYERS

Jeffery D. Hermann, Esq.
March 13, 2008
Page 4

8.  **USAIP Note.** USA Investment Partners, LLC is the maker of that certain promissory note dated as of May 31, 2006, in the original principal amount of $58,374,918.81 in favor of USACM (as modified by the "Order Approving Agreement with Investment Partners" entered by the Court on July 24, 2006 [Docket No. 946]). DTDF and the Trust shall share all recoveries on account of this Note on a 50/50 basis.

9.  **Sharing of Trust Litigation Recoveries.** The Trust shall pay to DTDF, when received, a percentage of gross recoveries on litigation commenced by the Trust after this date (but excluding preference actions), regardless of whether such recoveries are on account of the DTDF Litigation Claims described in paragraph 1 above or on account of other claims held by the Trust as to which litigation is commenced after this date, and regardless of whether any judgment or settlement characterizes or allocates such recoveries as belonging to DTDF or to the Trust, as follows: 50% of the first $20,000,000, and 35% of all recoveries thereafter. This sharing shall not apply to the Trust's or DTDF's recovery on proofs of claim filed by DTDF, the Trust or USACM against Joseph Milanowski, Thomas Hantges, USA Investment Partners, LLC, Tree Moss Partners, LLC, HMA Sales, LLC, or USA Investors VI, LLC. The Trust represents that it has commenced no litigation prior to this date that has not been specifically disclosed to DTDF.

10. **Authority.** DTDF's consent is contingent upon approval of its Oversight Board. The Trust's consent is contingent upon Bankruptcy Court approval. Both DTDF and the Trust will immediately seek such approval.

The impetus behind this settlement agreement is the need to eliminate issues between the Trust and DTDF and the desire to use one set of counsel to pursue the litigation claims of both the Trust and DTDF. By agreeing to a tiered allocation of recoveries between the Trust and DTDF, the interests between DTDF and the Trust are aligned, which will facilitate efficient management of the claims contemplated herein.

We look forward to finalizing the agreement.

Sincerely,

*[signature]* for:
Rob Charles
Attorneys for USACM Liquidating Trust

235896.1



Jeffery D. Hermann, Esq.
March 13, 2008
Page 5

**Agreed:**

Orrick, Herrington & Sutcliffe LLP

Jeffery D. Hermann
Attorneys for USA Capital Diversified Trust Deed Fund, LLC

RC/
copy: Geoffrey L. Berman, Trustee
Michael A. Tucker, Manager
Allan B. Diamond, Esq.
William T. Reid, IV, Esq.
Marc A. Levinson, Esq.
Chas Harvick
Susan M. Freeman, Esq.

235896.1