E-filed March 27, 2008

1  Marc A. Levinson (California Bar No. 57613)   Robert R. Kinas (Nevada Bar No. 6019)
   Jeffery D. Hermann (California Bar No. 90445)   Claire Y. Dossier (Nevada Bar No. 10030)
2  ORRICK, HERRINGTON & SUTCLIFFE LLP   SNELL & WILMER LLP
   400 Capitol Mall, Suite 3000   3883 Howard Hughes Parkway, Suite 1100
3  Sacramento, California  95814-4497   Las Vegas, Nevada 89169
   Telephone:   (916) 447-9200   Telephone:   (702) 784-5200
4  Facsimile:   (916) 329-4900   Fax:   (702) 784-5252
   Email:   malevinson@orrick.com   Email:   rkinas@swlaw.com
5          jhermann@orrick.com         cdossier@swlaw.com

6  *ATTORNEYS FOR USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC*

7

8  ## UNITED STATES BANKRUPTCY COURT

9  ## DISTRICT OF NEVADA

10

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>　　　　　　　　　　　　Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>　　　　　　　　　　　　Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br>　　　　　　　　　　　　Debtor. | Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>　　　　　　　　　　　　Debtor. | **NOTICE OF FILING PROOF OF<br>SERVICE OF SUBPOENA FOR<br>RULE 2004 EXAMINATION<br>(STEIN & LUBIN LLP)** |
| In re:<br>USA SECURITIES, LLC,<br>　　　　　　　　　　　　Debtor. | |
| Affects:<br>　☐　All Debtors<br>　☐　USA Commercial Mortgage Company<br>　☐　USA Securities, LLC<br>　☐　USA Capital Realty Advisors, LLC<br>　☒　USA Capital Diversified Trust Deed Fund, LLC<br>　☐　USA First Trust Deed Fund, LLC | |

24  ///

25  ///

26  ///

27  ///

28

8674247.1

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1        NOTICE IS HEREBY GIVEN that USA CAPITAL DIVERSIFIED TRUST DEED

2    FUND, LLC herewith files Proof of Service upon Stein & Lubin LLP of Subpoena for Rule 2004

3    Examination, attached as Exhibit A and Exhibit B.

4        Dated this _27th_ day of March, 2008.

5

6                            SNELL & WILMER LLP

7

8                        By: _____
                        Robert Kinas (Nevada Bar No. 6019)

9                            Claire Y. Dossier (Nevada Bar No. 10030)
                        3883 Howard Hughes Parkway, Suite 1100

10                           Las Vegas, NV 89169
                        Telephone: (702) 784-5200

11                           Marc A. Levinson (California Bar No. 57613)

12                           Jeffery D. Hermann (California Bar No. 904445)
                        ORRICK, HERRINGTON & SUTCLIFFE LLP

13                           400 Capital Mall, Suite 3000
                        Sacramento, CA 95814-4497

14                           *Attorneys for USA Capital Diversified Trust Deed Fund,*

15                           *LLC*

16

17

18

19

20

21

22

23

24

25

26

27

28

8674247.1

Form 254 - Subpoena for Rule 2004 Examination (12/06)

# United States Bankruptcy Court
NORTHERN DISTRICT OF CALIFORNIA

**In re**

USA COMMERCIAL MORTGAGE COMPANY
USA CAPITAL REALTY ADVISORS, LLC,
USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,
USA CAPITAL FIRST TRUST DEED FUND, LLC,
USA SECURITIES, LLC,

                                    **Debtors.**

**AFFECTS: ALL DEBTORS**

**SUBPOENA FOR RULE 2004 EXAMINATION**

**Case Nos.  BK-S-06-10725 LBR**
**BK-S-06-10726 LBR**
**BK-S-06-10727 LBR**
**BK-S-06-10728 LBR**
**BK-S-06-10729 LBR**

**Chapter 11**
**Jointly Administered Under**
**Case No. BK-S-06-10725-LBR**
**PENDING IN THE DISTRICT OF NEVADA**

TO:  Stein & Lubin LLP
ATTN: Managing Partner
600 Montgomery Street, 14th Floor
San Francisco, CA 94111

☒ **YOU ARE COMMANDED** to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below. USA Capital Diversified Trust Deed Fund, LLC reserves the right to videotape all examinations.

### SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY<br>Orrick, Herrington & Sutcliffe LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105-2669 | DATE AND TIME<br><br>April 4, 2008<br>10:00 a.m. |
|---|---|

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE ATTACHED EXHIBIT B FOR DOCUMENT TO BE PRODUCED

| PLACE<br>Orrick, Herrington & Sutcliffe LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105-2669 | DATE AND TIME<br><br>March 28, 2008<br>10:00 a.m. |
|---|---|
| ISSUING OFFICER SIGNATURE AND TITLE<br>*[signature]*<br>*Attorneys for USA Capital Diversified Trust Deed Fund, LLC* | DATE<br>March 11, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Claire Dossier (Nevada Bar. No. 10030), Snell & Wilmer L.L.P, 3883 Howard Hughes Parkway, Suite 1100, Las Vegas, NV 89169 (702) 784-5200.

**(See Rule 45, Federal Rules of Civil Procedure, Parts C & D)**

8625634.1

Form 254 - Subpoena for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

8625634.1

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A
### to Subpoena for
### Stein & Lubin LLP

The topics of examination under Federal Rule of Bankruptcy Procedure 2004 shall include:

(1)    Your policies, if any, regarding document destruction and retention, and how those policies were applied to the documents requested in EXHIBIT B (the "documents");

(2)    How and where the documents are kept and filed;

(3)    Whether the documents are kept in the ordinary and usual course of business;

(4)    How the documents came to be created, including the identities (specifically or by category) of the persons creating them;

(5)    Whether the persons creating the documents had personal knowledge of the matters stated in the documents, or created from them information transmitted by someone with such knowledge;

(6)    Whether it was regular practice to create the documents (or keep a file of the documents, if created by others);

(7)    The efforts made to locate and produce the documents;

(8)    The identities of all persons assisting with the search for responsive;

(9)    Whether any responsive documents were withheld on any ground;

(10)   Whether any responsive documents have been destroyed, and if so, when and for what reason or pursuant to what policy or instruction;

(11)   Whether any documents that should have been found were missing, and if so, the reasons that the documents were missing; and

(12)   Whether any of the instructions provided in EXHIBIT B were not followed, and if so, which instructions were not followed and the reasons for any and all departures from the instructions.

**EXHIBIT B**
**to Subpoena for**
**Stein & Lubin LLP**

## I. DEFINITIONS

As used herein, unless otherwise indicated:

1.      "Communication" means any transmittal of information, of any kind, without regard to whether such information was transmitted orally, in writing, electronically, visually, or by any other means.

2.      "Debtors" shall mean USA Capital Diversified Trust Deed Fund, LLC, USA Commercial Mortgage Company, USA Capital Realty Advisors, LLC, USA Capital First Trust Deed Fund, LLC, USA Securities, LLC, and their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other Persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of any of the Debtors, including any attorneys, advisors, or consultants.

3.      "Document" means all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements, records of inventory, financial and/or accounting records, catalogues, trade journals, and any other documented or recorded information.  The term "Document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method.  The term "Document" refers to copies,

- 1 -

duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

4.      "Entity" or "Entities" shall mean the following entities, their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other Persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of any of the Entities, including any attorneys, advisors, or consultants:

- Abogo Marketing, LLC
- A. L. LLC
- Amblamo, LLC
- Ashby USA, LLC
- ASQ, Inc.
- Aware TM 30850, LLC
- Barone-Tanamera Condominiums, LLC
- Barusa, LLC
- B&L Investments, Inc.
- Bellavista Partners Limited Partnership
- Blue Vale, LLC
- Brentwood 128, LLC
- Cabernet Highlands, LLC
- California Desert, LLC
- Campo Land Investment, LLC
- Caughlin Club Management Partners, LLC
- Caughlin Club Real Property Investors, LLC
- CCRE Investors, LLC
- Chardonnay Village Investors, LLC
- Classic Residences, LLC
- Clemency, LLC
- Commercial Concepts, LLC
- Comstock Village Investors, LLC
- Conference Pros, LLC
- Cornman Toltec 160, LLC
- DDH Financial Corp.
- Diamond Village Investors, LLC
- Dirt Holdings, LLC
- Double Diamond Homes, LLC
- Double Diamond Management Company, LLC
- Eagle Ranch, LLC
- Eagle Ranch, LLC
- Eagle Ranch Development, LLC

8625565.1

- Eagle Ranch Residential, LLC
- Electro Optical Systems Corp.
- Emigh Investments, LLC
- Equus Management Group
- Foothill Commerce Center, LLC
- FWY 101 USA Investors, LLC
- Hamilton & Montoure, LLC
- The Hantges Children's Educational Trust
- Happy Valley, LLC
- Haspinov, LLC
- HBM Holdings, LLC
- HBM Inc.
- HMA Management, LLC
- HMA Sales, LLC
- Homewood Village Investors I, LLC
- Housing Partners, LLC
- Indian Wells California Partners, LLC
- Institutional Equity Partners, LLC
- Institutional Income Fund
- Intelligent E-Mail, Inc.
- JaDeM Investments, LLC
- Joseph D. Milanowski 1998 Trust
- Kburr Brokerage Company, LLC
- Kegan, LLC
- Kenya 98, LLC
- La Hacienda Land Investors
- Longley Town Centre, LLC
- Longley Professional Campus, LLC
- Lucid Land Development, LLC
- Lucius Blanchard Family Foundation
- Market Consultants Limited Partnership
- The Meadows Investors, LLC
- Medical Billing Alliance, Inc.
- Met Partners, LLC
- Miners Village Investors, LLC
- M.M.P.LE., LLC
- Mojave Advertising, LLC
- Monticello Investors, LLC
- Mountainview Campus Investors, LLC
- M.P.D.D. Ranch, LLC
- M.P. Tanamera, LLC
- Nellis Crossing Management, LLC
- Nevada Skin and Cancer, Lucius Blanchard, M.D. Chartered
- Nevada Technology Networks, LLC
- Opaque Land Development, LLC
- Palmdale Associates, LLC
- Palomino Partners, a Nevada Limited Partnership

- 3 -

- Paul Steven Hamilton Family Limited Partnership
- PBH Family, L.P.
- Perusa, LLC
- Pecos Professional Park Limited Partnership
- Pecos Professional Park Property Owners Association
- PES, L.L.C.
- Pioneer Village Investors, LLC
- Placer County Land Investors, LLC
  (formerly Placer County Land Speculators, LLC)
- Random Developments, LLC
- Robert V. Jones, Corp.
- Preserve at Galleria, LLC
- Ravenswood Apple Valley, LLC
- Red Granite, LLC
- Redundant Networks, Inc.
- Reno Corporate Center, LLC
- Reno Design Center, LLC
- Reno South Meadows, LLC
- Resort International Marketing Inc.
- Resort Magic, LLC
- Resort Management Solutions, LLC
- Rowe Family Trust
- Royal Center Associates, LLC
- Royal Hotel Corporation
- Royal Resort Enterprises, LLC
- Royal Resort Operating Company, LLC
- Royal Resort Vacation Owners Association, Inc.
- Royal Vacation Suites, Inc.
- RTTC Communications, LLC
- Sandhill Business Campus, LLC
- Sandhill Properties, LLC
- Shadow Glen 420, Inc.
- Shadroc, LLC
- Shoshone Cattle and Land Development Co.
- Sierra Vista Investors, LLC
- Signature/USA Partners Limited Partnership
- Soda Flats Land Company, LLC
- South Meadows Apartments, LLC
- South Meadows Commercial Property, LLC
- South Meadows Office Investors, LLC
- South Meadows Residential Partners, LLC
- Southern California Land Development, LLC
- Sparks Galleria Investors, LLC
- Sparks Galleria Investors, LLC
- Sparks Galleria Investors II, LLC
- Sugartree, LLC
- TA Management, LLC

- 4 -

- Tanamera Apartments, LLC
- Tanamera Commercial Development, LLC
- Tanamera Corporate Center, LLC
- Tanamera Development, LLC
- Tanamera Homes, LLC
- Tanamera Holding Company, Inc.
- Tanamera Management, LLC
- Tanamera Residential, LLC
- Tanamera Resort Condominiums, LLC
- Tanamera Resort Partners, LLC
- Tanamera Seniors Village, LLC
- TCD Financial Corp.
- TCD Land Investments
- Telephone Associates of Arizona Limited Liability Company
- Telephone Associates of Nevada Limited Liability Company
- Thunderbird Hotel Corporation
- Tigger Too
- TJA Marketing, LLC
- Toblak, LLC
- Trading Places International, Inc.
- Trans-Aero Land & Development Company
- Tree Moss Partners, LLC
- Twelve Horses North America, Inc.
- Twelve Horses North America, LLC
- USA Capital Diversified Trust Deed Fund
- USA Capital First Trust Deed Fund
- USA Capital Fund I, LLC
- USA Capital Fund II, LLC
- USA Capital Fund III, LLC
- USA Capital High Income Real Estate Lending Fund, LLC
- USA Capital Institutional High Income Fund, LLC
- USA Capital Mortgage, LLC
- USA Capital Realty Advisors, LLC
- USA Capital Secured Income Fund, LLC
- USA Capital Specialty Finance, LLC
- USA Commercial Mortgage Company
- USA Commercial Real Estate Group
- USA Development, Inc.
- USA Development Fund Two Limited Partnership
- USA Investment Partners, LLC
- USA Investors I, LLC
- USA Investors II, LLC
- USA Investors III, LLC
- USA Investors IV, LLC
- USA Investors V, LLC
- USA Investors VI, LLC
- USA Lottery Investors, LLC

8625565.1

- USA Partners, Inc.
- USA Reno Mini-Storage, LLC
- USA Secured Income Fund, LLC
- USA Securities, LLC
- USA South Tech Partners, Ltd.
- USA/RVJ Development Fund One Limited Partnership
- Vaudio, LLC
- Vegas Hot Spots, LLC
- Vineyard Highlands, LLC
- The Vineyard Investors, LLC
- Vineyard Professional Campus, LLC
- Waterford Partners, LLC
- Willowbrook Residential, LLC
- Wyndgate Partners II, LLC
- Wyndgate Investors, LLC

5.    "Evidencing" means constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

6.    "Identify" or "identity" with respect to a natural person requires that the following information be provided for each such Person:

       (a)    the name of the Person;

       (b)    the last known home address, business address and/or telephone number of each Person.

7.    "Identify" or "identity" with respect to a person other than a natural person (e.g., corporation, partnership, unincorporated joint venture, sole proprietorship, subchapter S corporation) requires that the following information be provided for each such Person:

       (a)    the name of the Person;

       (b)    the last known address and telephone number of that Person's headquarters or principal place of business.

8.    "Identify" or "identity" with respect to a Document means to state the date and author of the Document, the type of Document (e.g., letter, memorandum, telegram, chart), the addressee or intended recipient, a summary of its contents or other means of identifying the Document, and the present location and custodian of the Document. Alternatively, in lieu of the foregoing identification, the Document may be produced along with an identification of the

- 6 -

8625565.1

interrogatory to which it is responsive. If any such Document was, but is no longer, in the possession, custody, or control of Stein Lubin or Stein Lubin's attorneys or agents, state what disposition was made of it and the date of such disposition. With respect to Document identification, Documents prepared subsequent to or prior to the time period specified in these interrogatories but which relate or refer to such time or period are to be included in your response.

9.      "Identify" or "identity" with respect to a communication, written or oral conversation, conference or meeting, means to identify all Persons participating in or in attendance at the communication, conversation, conference or meeting, and to identify all Documents recording, summarizing or otherwise arising from the communication, conversation, conference or meeting in accordance with the definitions stated above. In addition, "identify" or "identity" with respect to a communication, conversation, conference or meeting means to state in detail its purpose, all subjects discussed, the method(s) of communication.

10. "Individual" or "Individuals" shall mean the following individuals:

- Joseph Milanowski
- Salvatore Reale
- Thomas Hantges
- Paul Hamilton
- David Berkowitz
- Victoria (Hessling) Loob
- Tom Barry
- Tom Rondeau
- Robert Hilson
- Eugene Buckley

11.      "Person" means an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity. "Person" means the plural as well as the singular.

12.      "Relating or referring" and/or "relate or refer" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation Documents that relate to the

preparation of another Document, or Documents that are attached to or enclosed with another Document.

13.    "Stein Lubin" shall refer to Stein & Lubin LLP, its predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other Persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of Stein Lubin, including any attorneys, advisors, or consultants

14.    "You" or "your" refers to Stein Lubin (as defined above), its employees, officers, agents, subsidiaries, affiliates and all other Persons acting, understood to act, or purporting to act on its behalf or under its direction or control.

## II. INSTRUCTIONS

1.    The following Document requests are to be responded to fully, by furnishing all information in your possession, custody or control. Your having possession, custody, or control of a Document includes your having a right, superior to other parties, to compel the production of such Document from a third party, such as your agent, employee, representative, or, unless privileged, attorney.

2.    If any Document requested herein has been lost, discarded, or destroyed, the Document so lost, discarded or destroyed should be identified as completely as possible, including without limitation, the date the Document was lost, discarded, or destroyed, the manner in which the Document was lost, discarded, or destroyed, the reason(s) the Document was lost, discarded, or destroyed, the Person who authorized that the Document be destroyed or discarded, and the Person who lost, discarded, or destroyed the Document.

3.    If you cannot produce a Document because it no longer exists or is no longer in your possession, custody, or control, please identify that Document by: (a) its title; (b) its nature (for example, a "letter" or "e-mail"); (c) the date it was created or sent; (d) its author(s) and signator(y/ies); (e) any of its recipient(s); (f) the last place it was known to have been located; (g) the circumstances under which it ceased to exist or passed from your possession, custody, or control; and (h) the identity and last known residence and business address of any Person who had knowledge of its existence and location.

- 8 -

4.    Produce the original, as well as all non-identical duplicates or copies and/or drafts, of all requested Documents in your possession, in the possession of your agents, attorneys, accountants or employees, or which are otherwise within your custody, control, or access, wherever located.  A Document with handwritten notes, editing marks, etc., is not identical to one without such notes or marks and therefore must be produced if within the scope of Documents requested.

5.    Produce each requested Document in its entirety, including all attachments and enclosures, even if only a portion of the Document is responsive to the request.

6.    If you withhold from production any Document (or portion of any Document) that is otherwise responsive to a request on the basis of a claim of privilege, work product, or other ground, you must provide sufficient information regarding the withheld Document to permit the Court and the parties to evaluate the propriety of your objection.  Specifically, you must identify: (a) the name and title of the author(s) of the Document; (b) the name and title of each Person to whom the Document was addressed; (c) the name and title of each Person to whom the Document was distributed; (d) the name and title of each Person to whom the Document was disclosed, in whole or in part; (e) the type of Document (e.g., "memorandum" or "report"); (f) the subject matter of the Document; (g) the purpose(s) of the Document; (g) the date on the Document and, if different, the date on which the Document was created and/or sent; (h) the number of pages of the Document; (i) the specific request herein to which the Document is responsive; (j) the nature of the privilege(s) asserted as to the Document; and (k) a detailed, specific explanation as to why the Document is privileged or otherwise immune from discovery, including a presentation of all factual grounds and legal analyses.

7.    If any requested Document cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

8.    Please produce each specified Document either (a) in the original file or organizational system in which it is regularly maintained or organized or (b) designate which Documents are being produced in response to which of the numbered specifications below. Produce the requested Documents either in their original file folders or appended to a copy of any writing on the file folders from which the Documents are taken.

- 9 -

9.      Identify each Document produced by the paragraph number of this schedule to which it is responsive. If a Document is produced in response to more than one request, it is sufficient to identify only the first request to which the Document is responsive.

10.     All electronically stored information must be produced in the same form or forms in which it is ordinarily maintained. Specifically, all electronically stored information must be produced in its native format, so that the metadata can be accessed.

11.     Unless otherwise specified, the relevant time period for this request is from January 1, 1997 through and including the present.

12.     This request is a continuing one that calls for the supplemental or additional production of Documents if any defendant or its counsel obtains supplemental or additional Documents.

13.     In responding to the requests below: (a) the disjunctive shall also be read to include the conjunctive and vice versa; (b) "including" shall be read to mean "including without limitation;" (c) the singular shall also be read to include the plural and vice versa; (d) the present shall also be read as if the past tense and vice versa; (e) "any" shall be read to include "all" and vice versa; and (f) "and" shall be read to include "or" and vice versa.

### III. DOCUMENTS

YOU ARE REQUESTED to produce the Documents set forth below:

1.      All engagement letters and other Documents and communications referring or relating to any engagement letters between You and any of the Debtors.

2.      All engagement letters and other Documents and communications referring or relating to any engagement letters between You and any of the Entities.

3.      All engagement letters and other Documents and communications referring or relating to any engagement letters between You and any of the Individuals.

4.      All Documents and communications referring or relating to any services or work performed by You for any of the Debtors.

5.      All Documents and communications referring or relating to any services or work performed by You for any of the Entities.

8625565.1

6.      All Documents and communications referring or relating to any services or work performed by You for any of the Individuals.

7.      All Documents referring or relating to any services or work performed by You that was billed to or paid for by any of the Debtors.

8.      All Documents referring or relating to any services or work performed by You that was billed to or paid for by any of the Entities.

9.      All Documents referring or relating to any services or work performed by You that was billed to or paid for by any of the Individuals.

10.      All Documents and communications referring or relating to payment for any services or work performed by You for any of the Debtors, including but not limited to all timekeeping records, bills, invoices, and records of payments.

11.      All Documents and communications referring or relating to payment for any services or work performed by You for any of the Entities, including but not limited to all timekeeping records, bills, invoices, and records of payments.

12.      All Documents and communications referring or relating to payment for any services or work performed by You for any of the Individuals, including but not limited to all timekeeping records, bills, invoices, and records of payments.

13.      All Documents and communications referring or relating to any transactions entered into by any of the Debtors, including but not limited to:

    (a)      Communications to and from any of the Entities, attorneys representing the Entities, or any other representatives of any of the Entities;

    (b)      Communications to and from any of the Debtors, attorneys representing any of the Debtors, or any other representatives of any of the Debtors;

    (c)      Communications to and from any of the Individuals, attorneys representing any of the Individuals, or any other representatives of any of the Individuals;

    (d)      Communications to and from any potential or actual investors, lenders, or other individuals or entities (collectively, the "Third Parties"), attorneys representing any of the Third Parties, or any other representatives of any of the Third Parties;

8625565.1

(e)    Communications to and from any potential or actual appraisal firms;

(f)    Any and all Documents and communications referring or relating to the valuation or appraisal of any and all real property interests involved in the transaction;

(g)    Communications to and from any and all potential or actual title companies;

(h)    Any and all Documents and communications referring or relating to the title of any real property interests involved in the transaction;

(i)    Communications to and from any and all potential or actual accountants, auditors, accounting firms, and auditing firms;

(j)    Any and all Documents and communications referring or relating to the financial condition, valuation, or financial records of any and all Entities and Debtors involved in the transaction; and

(k)    Any and all Documents or communications referring or relating to any legal opinion or analysis on or regarding the legality of the transaction.

14.    All Documents and communications referring or relating to any transactions entered into by any of the Entities, including but not limited to:

(a)    Communications to and from any of the Entities, attorneys representing the Entities, or any other representatives of any of the Entities;

(b)    Communications to and from any of the Debtors, attorneys representing any of the Debtors, or any other representatives of any of the Debtors;

(c)    Communications to and from any of the Individuals, attorneys representing any of the Individuals, or any other representatives of any of the Individuals;

(d)    Communications to and from any potential or actual investors, lenders, or other individuals or entities (collectively, the "Third Parties"), attorneys representing any of the Third Parties, or any other representatives of any of the Third Parties;

(e)    Communications to and from any potential or actual appraisal firms;

(f)    Any and all Documents and communications referring or relating to the valuation or appraisal of any and all real property interests involved in the transaction;

- 12 -

(g)     Communications to and from any and all potential or actual title companies;

(h)     Any and all Documents and communications referring or relating to the title of any real property interests involved in the transaction;

(i)     Communications to and from any and all potential or actual accountants, auditors, accounting firms, and auditing firms;

(j)     Any and all Documents and communications referring or relating to the financial condition, valuation, or financial records of any and all Entities and Debtors involved in the transaction; and

(k)     Any and all Documents or communications referring or relating to any legal opinion or analysis on or regarding the legality of the transaction.

15.     All Documents and communications referring or relating to any transactions entered into by any of the Individuals, including but not limited to:

(a)     Communications to and from any of the Entities, attorneys representing the Entities, or any other representatives of any of the Entities;

(b)     Communications to and from any of the Debtors, attorneys representing any of the Debtors, or any other representatives of any of the Debtors;

(c)     Communications to and from any of the Individuals, attorneys representing any of the Individuals, or any other representatives of any of the Individuals;

(d)     Communications to and from any potential or actual investors, lenders, or other individuals or entities (collectively, the "Third Parties"), attorneys representing any of the Third Parties, or any other representatives of any of the Third Parties;

(e)     Communications to and from any potential or actual appraisal firms;

(f)     Any and all Documents and communications referring or relating to the valuation or appraisal of any and all real property interests involved in the transaction;

(g)     Communications to and from any and all potential or actual title companies;

- 13 -

8625565.1

(h)    Any and all Documents and communications referring or relating to the title of any real property interests involved in the transaction;

(i)    Communications to and from any and all potential or actual accountants, auditors, accounting firms, and auditing firms;

(j)    Any and all Documents and communications referring or relating to the financial condition, valuation, or financial records of any and all Entities and Debtors involved in the transaction; and

(k)    Any and all Documents or communications referring or relating to any legal opinion or analysis on or regarding the legality of the transaction.

16.    All Documents referring or relating to meetings, minutes of meetings, presentations to, votes, or decisions by the management or boards of directors for any of the Debtors.

17.    All Documents referring or relating to meetings, minutes of meetings, presentations to, votes, or decisions by the management or boards of directors for any of the Entities.

18.    All personnel files, including any and all performance reviews for Your attorneys who performed any services or work for any of the Entities, Debtors, and/or Individuals.

19.    All calendars, diaries, notes, and desk files of Your attorneys who performed any services or work for any of the Entities, Debtors, and/or Individuals.

20.    All of Your Document retention policies (or any other Document setting forth guidelines for the retention, disposal, or destruction of Documents) from January 1997 through the present time.

21.    All Documents and communications referring or relating to audited financial statements, audit work papers, appraisals, valuation reports, or any other assessment of the financial condition of any Debtors and/or Entities.

22.    All Documents referring or relating to any audit responses submitted by You to any auditor for any of the Debtors and/or Entities.

23.    All Documents referring or relating to any conflict of interest in your simultaneous representation of any of the Debtors, Entities, and/or Individuals.

- 14 -

8625565.1

24.     All Documents referring or relating to any transaction between any of the Debtors and any of the Entities or Individuals.

25.     All of your insurance policies, including but not limited to primary, excess, umbrella, errors and omissions or other policies, in effect for the time period between January 1, 1997 through the present.

26.     All Documents and communications concerning Your knowledge of any actual or potential illegal or fraudulent activity committed or believed to be committed by any of the Debtors, Entities, or Individuals.

8625565.1

# EXHIBIT A

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT    NORTHERN DISTRICT OF    STATE OF CALIFORNIA

CASE NO.: BK-S-06-10725    DEPT NO.: 11    DOCKET NO.: USA

Snell & Wilmer    ATTORNEYS FOR:

Claire Y. Dossier, Esq.    STATE BAR NO.: 10030

3883 Howard Hughes Pkwy, 11th Floor

Las Vegas , NV 89109

*USA Commercial Mortgage Company*    *Plaintiff*    Date: April 4, 2008

*vs*    Time: 10:00 AM

*Stein & Lubin LLP*    *Defendant*    AFFIDAVIT OF SERVICE

*Paul Hammond Norman*, being duly sworn deposes and says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, licensed to serve civil process and not a party to or interested in the proceeding in which this affidavit is made. The affiant received the

Subpoena for Rule 2004 Examination

Order Requiring Stein & Lubin, LLP to Produce One or More Representatives for Examination

Pursuant to Federal Rule of Bankruptcy Procedure 2004

Witness Fee Check $40.00

on the __12th__ day of __March__ , __2008__ and served the same on the __13__ day of __March__ , __2008__ at __1:05 pm__ by:

delivering a copy to the witness: __Stein & Lubin LLP__

at address: __600 Montgomery Street, 14th Floor, San Francisco, CA 94111__

(    ) by personal service

( X ) by leaving copies with : __Paul Weaver - Office Service coordinator -__

SUBSCRIBED AND SWORN to before me on this __14__ day of __March__ __2008__

_____
Notary Public

_____
Affiant

**Legal Process Service**
626 S. Eighth Street
Las Vegas, Nevada 89101
WorkOrderNo **0802708**

J. BROWN
NOTARY PUBLIC - CALIFORNIA
ALAMEDA COUNTY
COMMISSION # 1722116
MY COMM. EXPIRES JAN. 28, 2011

# EXHIBIT B

# EXHIBIT B

1   Marc A. Levinson (California Bar No. 57613)        Robert R. Kinas (Nevada Bar No. 6019)
    Jeffery D. Hermann (California Bar No. 90445)      Claire Y. Dossier (Nevada Bar No. 10030)
2   ORRICK, HERRINGTON & SUTCLIFFE LLP                 SNELL & WILMER LLP
    400 Capitol Mall, Suite 3000                       3883 Howard Hughes Parkway, Suite 1100
3   Sacramento, California  95814-4497                 Las Vegas, Nevada 89169
    Telephone:     (916) 447-9200                      Telephone:    (702) 784-5200
4   Facsimile:     (916) 329-4900                      Fax:          (702) 784-5252
    Email:         malevinson@orrick.com               Email:        rkinas@swlaw.com
5                  jhermann@orrick.com                               cdossier@swlaw.com

6   *ATTORNEYS FOR USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC*

7

8                      **UNITED STATES BANKRUPTCY COURT**

9                            **DISTRICT OF NEVADA**

10

11  In re:                                             Case No. BK-S-06-10725 LBR
    USA COMMERCIAL MORTGAGE COMPANY,                   Case No. BK-S-06-10726 LBR
12                                  Debtor.            Case No. BK-S-06-10727 LBR
                                                       Case No. BK-S-06-10728 LBR
13  In re:                                             Case No. BK-S-06-10729 LBR
    USA CAPITAL REALTY ADVISORS, LLC,
14                                  Debtor.
                                                       Chapter 11
15  In re:
    USA CAPITAL DIVERSIFIED TRUST DEED
16  FUND, LLC,                                         Jointly Administered Under
                                    Debtor.            Case No. BK-S-06-10725-LBR
17
    In re:
18  USA CAPITAL FIRST TRUST DEED FUND, LLC,
                                    Debtor.
19
    In re:
20  USA SECURITIES, LLC,                               **AFFIDAVIT OF SERVICE**
                                    Debtor.
21
    Affects:
22    ☐   All Debtors
      ☐   USA Commercial Mortgage Company
23    ☐   USA Securities, LLC
      ☐   USA Capital Realty Advisors, LLC
24    ☒   USA Capital Diversified Trust Deed Fund, LLC
      ☐   USA First Trust Deed Fund, LLC
25

26  STATE OF NEVADA        )
                           ) SS
27  COUNTY OF CLARK        )

28          I, Jill A. Math, being first duly sworn upon my oath, depose and state:

            1.      I am a resident of Clark County, Nevada.  I am over 18 years of age, and am duly

8638477.1

1   authorized to make this affidavit.

2       2.      I am a legal secretary at the law firm of Snell & Wilmer L.L.P., 3883 Howard

3   Hughes Parkway, Suite 1100, Las Vegas, Nevada 89169.

4       3.      On March 13, 2008, I caused copies of the **ORDER REQUIRING STEIN &**

5   **LUBIN LLP TO PRODUCE ONE OR MORE REPRESENTATIVES FOR**

6   **EXAMINATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE**

7   **2004** [Docket Entry No. 5963], and (2) **SUBPOENA** issued to Stein & Lubin LLP to be served

8   upon Stein & Lubin LLP by mailing the same via U.S. certified mail, return receipt requested to

9   the address listed below:

STEIN & LUBIN LLP
ATTN: MANAGING PARTNER
600 MONTGOMERY STREET, 14TH FL
SAN FRANCISCO CA 94111

FURTHER YOUR AFFIANT SAYETH NOT.

Jill A. Math

Subscribed and sworn to before me this
13th day of March, 2008

Notary Public



Notary Public - State of Nevada
County of Clark
N. JEANNE FORREST
My Appointment Expires
November 2, 2008
No. 05-94033-1

8638477.1

- 2 -

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

## OFFICIAL USE

| | |
|---|---|
| Postage | $ 1.48 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.28 |

Postmark
Here

Sent To Stein + Lubin LLP
Attn: Managing Partner
Street, Apt. No.; or PO Box No. 600 Montgomery Street, 14th Floor
City, State, ZIP+4 San Francisco, CA 94111

7006 2150 0000 3852 4258

PS Form 3800, August 2006        See Reverse for Instructions

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Stein + Lubin LLP
Attn: Managing Partner
14th Floor
600 Montgomery Street
San Francisco, CA 94111

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X                                    ☒ Agent
                                     ☐ Addressee

B. Received by ( Printed Name)      C. Date of Delivery
P SIVA                              3-17-08

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☒ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☒ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7006 2150 0000 3852 4258

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540