E-filed March 27, 2008

Marc A. Levinson (California Bar No. 57613)
Jeffery D. Hermann (California Bar No. 90445)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone:    (916) 447-9200
Facsimile:    (916) 329-4900
Email:    malevinson@orrick.com
          jhermann@orrick.com

Robert R. Kinas (Nevada Bar No. 6019)
Claire Y. Dossier (Nevada Bar No. 10030)
SNELL & WILMER LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone:    (702) 784-5200
Fax:    (702) 784-5252
Email:    rkinas@swlaw.com
          cdossier@swlaw.com

*ATTORNEYS FOR USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>                              Debtor.<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>                              Debtor.<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>                              Debtor.<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>                              Debtor.<br>In re:<br>USA SECURITIES, LLC,<br>                              Debtor.<br>Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725-LBR<br><br>**NOTICE OF FILING PROOF OF SERVICE OF SUBPOENA FOR RULE 2004 EXAMINATION (UNSER/CENTRAL PARTNERS, LLP)** |

/ / /

/ / /

/ / /

/ / /

8674244.1

1  NOTICE IS HEREBY GIVEN that USA CAPITAL DIVERSIFIED TRUST DEED
2  FUND, LLC herewith files Proof of Service upon Unser/Central Partners, LLP of Subpoena for
3  Rule 2004 Examination, attached as Exhibit A.
4  Dated this 27th day of March, 2008.

SNELL & WILMER LLP

By: _____
Robert Kinas (Nevada Bar No. 6019)
Claire Y. Dossier (Nevada Bar No. 10030)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200

Marc A. Levinson (California Bar No. 57613)
Jeffery D. Hermann (California Bar No. 904445)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capital Mall, Suite 3000
Sacramento, CA 95814-4497

*Attorneys for USA Capital Diversified Trust Deed Fund, LLC*

8674244.1

- 2 -

Form 254 - Subpoena for Rule 2004 Examination (12/06)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| In re<br><br>USA COMMERCIAL MORTGAGE COMPANY<br>USA CAPITAL REALTY ADVISORS, LLC,<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>USA SECURITIES, LLC,<br><br>                           Debtors.<br><br>AFFECTS: ALL DEBTORS | SUBPOENA FOR RULE 2004 EXAMINATION<br><br>Case Nos.  BK-S-06-10725 LBR<br>                BK-S-06-10726 LBR<br>                BK-S-06-10727 LBR<br>                BK-S-06-10728 LBR<br>                BK-S-06-10729 LBR<br><br>Chapter 11<br>Jointly Administered Under<br>Case No. BK-S-06-10725-LBR<br>PENDING IN THE DISTRICT OF NEVADA |

TO:   UNSER/CENTRAL PARTNERS, LLP
        BY AND THROUGH ITS REGISTERED AGENT:
        FRANK S TOMKINS
        ARENDT TOMKINS LAW GROUP PLC
        5009 E WASHINGTON STE 125
        PHOENIX, AZ 85034

☒ **YOU ARE COMMANDED** to produce a corporate representative for examination pursuant to Federal Rule of Bankruptcy Procedure 2004, regarding the following topics at the place, date, and time specified below. USA Capital Diversified Trust Deed Fund, LLC reserves the right to videotape all examinations.

**SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION**

| PLACE OF TESTIMONY<br>FTI Consulting, Inc.<br>One Renaissance Square<br>Two North Central Avenue<br>Suite 1200<br>Phoenix, AZ 85004-2322 | DATE AND TIME<br><br>April 4, 2008<br>10:00 a.m. |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHED EXHIBIT B FOR DOCUMENTS TO BE PRODUCED**

| PLACE<br>FTI Consulting, Inc.<br>One Renaissance Square<br>Two North Central Avenue<br>Suite 1200<br>Phoenix, AZ 85004-2322 | DATE AND TIME<br><br>March 21, 2008<br>10:00 a.m. |
| ISSUING OFFICER SIGNATURE AND TITLE<br>*[signature]*<br>Attorneys for USA Capital Diversified Trust Deed Fund, LLC | DATE<br>March 11, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Claire Dossier (Nevada Bar. No. 10030), Snell & Wilmer L.L.P, 3883 Howard Hughes Parkway, Suite 1100, Las Vegas, NV 89169 (702) 784-5200.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D)

Form 254 - Subpoena for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |
| SERVED ON (PRINT NAME) |  | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) |  | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
             DATE                         SIGNATURE OF SERVER

                                          _____
                                          ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A
## to Subpoena for
## UNSER/CENTRAL PARTNERS, LLP

The topics of examination under Federal Rule of Bankruptcy Procedure 2004 shall include:

1. Your policies, if any, regarding document destruction and retention, and how those policies were applied to the documents requested in Exhibit B (the "documents");

2. How and where the documents are kept and filed;

3. Whether the documents are kept in the ordinary and usual course of business;

4. How the documents came to be created, including the identities (specifically or by category) of the persons creating them;

5. Whether the persons creating the documents had personal knowledge of the matters stated in the documents, or created from them information transmitted by someone with such knowledge;

6. Whether it was regular practice to create the documents (or keep a file of the documents, if created by others);

7. The efforts made to locate and produce the documents;

8. The identities of all persons assisting with the search for responsive documents;

9. Whether any responsive documents were withheld on any ground;

10. Whether any responsive documents have been destroyed, and if so, when and for what reason or pursuant to what policy or instruction;

11. Whether any documents that should have been found were missing, and if so, the reasons that the documents were missing; and

12. Whether any of the instructions provided in Exhibit B were not followed, and if so, which instructions were not followed and the reasons for any and all departures from the instructions.

13. Your understanding regarding the documents produced pursuant to Exhibit B of this Subpoena.

14. The purpose, financial history, and business operations of Unser/Central Partners, LLP.

4166210

**EXHIBIT B**
**to Subpoena for**
**UNSER/CENTRAL PARTNERS, LLC**

## I. DEFINITIONS

The following definitions shall subscribe to the documents requested:

"Document" shall mean writings and any other similar materials in your custody, possession, control, whether printed, handwritten, recorded, on disk or other computer medium, or photocopied or otherwise reproduced, and whether claimed to be exempt from production pursuant to a properly asserted privilege or for any other reason, with this definition including, for illustrative purposes and without limitation, all of the following: letters, reports, agreements, communications, notes, correspondence, telegrams, memoranda, computer data and/or messages such as e-mails, summaries or records of conversations or meetings of any kind, diaries, forecasts, photographs, tape recordings, reports and/or summaries of investigations, opinions and/or reports, appraisals and/or other analyses of any kind, notations on any documents (as heretofore described), and all drafts (and revisions) of every such document.

As used herein, the term "communication" means any transmission or exchange of information, whether orally, in writing, electronically, or any other means or mode of transmission or exchange of information.

As used herein, the term "person" means any natural person, corporation, partnership, joint venture, or any other entity or form of organization or association.

As used herein, the term "you" and "your" refers to Unser/Central Partners, LLC, its agents, officers, directors, employees, attorneys, affiliates, corporations, entities, representatives, or any other persons acting or purporting to act on your behalf.

As used herein, the phrase "refer or relate" or "referring to or relating to" means constituting, comprising, containing, alluding to, responding to, commenting upon, discussing, showing, disclosing, explaining analyzing, construing, evidencing, setting forth, summarizing, or characterizing, either directly or indirectly, in whole or in part.

The singular form of a word shall be interpreted to include the plural, the masculine gender shall be deemed to include the feminine, and vice versa. If you should have any questions regarding the production demanded hereunder, your counsel is invited to **contact** the undersigned in advance of the examination date.

4166187.2

## II.   INSTRUCTIONS

1.  The following document requests are to be responded to fully, by furnishing all information in your possession, custody, or control. Your having possession, custody, or control of a document includes your having a right, superior to other parties, to compel the production of such document from a third party, such as your agent, employee, representative, or, unless privileged, attorney.

2.  If any document requested herein has been lost, discarded, or destroyed, the document so lost, discarded, or destroyed should be identified as completely as possible, including without limitation, the date the document was lost, discarded, or destroyed, the manner in which the document was lost, discarded, or destroyed, the reason(s) the document was lost, discarded, or destroyed, the person who authorized that the document be destroyed or discarded, and the person who lost, discarded, or destroyed the document.

3.  If you cannot produce a document because it no longer exists or is no longer in your possession, custody, or control, please identify that document by: (a) its title; (b) its nature (for example, a "letter" or "email"); (c) the date it was created or sent; (d) its author(s) and signator(y/ies); (e) any of its recipient(s); (f) the last place it was known to have been located; (g) the circumstances under which it ceased to exist or passed from your possession, custody, or control; and (h) the identity and last known residence and business address of any person who had knowledge of its existence and location.

4.  Produce all non-identical duplicates or copies and/or drafts, of all requested documents in your possession, in the possession of your agents, attorneys, accountants, or employees, or which are otherwise within your custody, control, or access, wherever located. A document with handwritten notes, editing marks, etc. is not identical to one without such notes or marks and therefore must be produced if within the scope of documents requested.

5.  Produce each requested document in its entirety, including all attachments and enclosures, even if only a portion of the document is responsive to the request.

6.  If you withhold from production any document, or any portion of any document, that is otherwise responsive to a request on the basis of privilege, work product, or any other ground, you must provide sufficient information regarding the withheld document to permit the Court and the parties to evaluate the propriety of your objection. Specifically, you must identify:

4166187.2                                   2

(a) the name and title of the author(s) of the document; (b) the name and title of each person to whom the document was addressed; (c) the name and title of each person to whom the document was distributed; (d) the name and title of each person to whom the document was disclosed, in whole or in part; (e) the type of document (e.g. "memorandum" or "report"); (f) the subject matter of the document; (g) the purpose(s) of the document; (h) the date on the document, and, if different, the date on which the document was created and / or sent; (i) the specific request herein to which the document is responsive; (j) the nature of the privilege(s) asserted as to the document; and (k) a detailed, specific explanation as to why the document is privileged or otherwise immune from discovery, including a presentation of all factual grounds and legal analyses.

7. If any requested document cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

8. Please produce each specified document either (a) in the original file or organization system in which it is regularly maintained or organized, or (b) designate which documents are being produced in response to which of the numbered specifications below. Produce the requested documents either in their original file folders or appended to a copy of any writing on the file folders from which the documents are taken.

9. Identify each document produced by the paragraph number of this schedule to which it is responsive. If a document is produced in response to more than one request, it is sufficient to identify only the first request to which the document is responsive.

10. All electronically stored information must be produced in the same form or forms in which it is ordinarily maintained. Specifically, all electronically stored information must be produced in its native format, so that the metadata can be assessed.

11. Unless otherwise specified, the relevant time period for this request is from the formation of Unser/Central Partners, LLC up to and including the present.

12. This request is a continuing one that calls for the supplemental or additional production of documents if you or your counsel obtains supplemental or additional documents.

13. In responding to the requests below: (a) the disjunctive shall also be read to include the conjunctive and vice versa; (b) "including" shall be read to mean "including without limitation"; (c) the singular shall also be read to include the plural and vice versa; (d) the present

shall also be read as if the past tense and vice versa; (e) "any" shall be read to include "all" and vice versa, and (f) "and" shall be read to include "or" and vice versa.

## III.    DOCUMENTS

**YOU ARE FURTHER COMMANDED** to produce at the above-stated time and place the Documents set forth below:

1) Documents evidencing the structure of Unser/Central Partners, LLC ("Unser"), including but not limited to such areas as:
    a. Unser's subsidiaries and other affiliates, parent companies, joint ventures, partnerships, associations, and other arrangements (collectively, the "Companies");
    b. Unser's percentage of direct or indirect ownership in the Companies, and
    c. The Companies' locations, including where they are qualified to conduct business, or own, lease, or license real property.
2) Financial information regarding Unser from its inception to date, including but not limited to the following:
    a. Current balance sheet;
    b. Prior year-end balance sheets;
    c. Current income statement;
    d. Prior year-end income statements;
    e. Current cash flow statement;
    f. Prior year-end cash flow statements;
    g. Auditor's notes to financial statements;
    h. Letters from the independent public accountants to Unser, and responses thereto;
    i. Description of accounting policies, noting any of which may be controversial;
    j. Current budgets, and
    k. Prior year budgets.
3) Governing Documents for Unser and the Companies, including but not limited to the following:
    a. Articles of Incorporation or Organization, as amended, for the Companies;
    b. Bylaws or operating agreements, as amended;

4166187.2                                                4

    c. Other governing Documents, as amended;

    d. Minute books, including minutes of board members' meetings, resolutions, committees, and minutes of shareholder meetings (if applicable);

    e. Copies of all licenses, conditional use permits, or other Documents required to transact business in any state in which the Companies have done business, and

    f. All joint venture and partnership agreements to which the Companies are a party.

4) Documents showing Unser's tax history from its formation until the present, including but not limited to the following:

    a. Federal and state tax returns, including all correspondence with any agency regarding these returns;

    b. Good standing and tax certificates for state of incorporation and states where Unser does business, and

    c. All notices of deficiency, tax assessment, or audit.

5) Auditors' reports from Unser's inception to date, including but not limited to the following Documents:

    a. Copies of any auditors' letters to the directors or a committee of directors or management of any of the Companies regarding internal accounting controls, pending and unasserted claims, including auditor inquiry letters and responses thereto;

    b. Letters from Unser to its accountants regarding certain representations requested by such accountants in connection with their audit of Unser, and

    c. All management reports from the auditors of Unser to Unser.

6) Organizational charts showing Unser's internal and external structure.

7) Documents showing the business purpose, past operations, and status of Unser, including but not limited to the following:

    a. Unser and the Companies' latest annual report and all quarterly or other interim reports;

    b. Copies of all documents and other items related to:

        i. The terms and conditions of any past, current, or proposed merger, acquisition, disposition, reorganization, or similar event;

      ii. Any bankruptcy proceeding involving Unser or the Companies, including agreements, memoranda, and other documents;

      iii. All internally prepared analyses of Unser and / or the Companies' business, including marketing studies, credit reports, and other types of reports, financial or otherwise;

      iv. All externally prepared analyses of Unser and / or each Company, including marketing studies, credit reports, and other types of reports, financial or otherwise;

      v. All outlines and / or business plans for the future development of Unser and / or the Companies.

  c. Resumes of the members of the board of directors, managers, officers, senior management, and other key employees of Unser;

  d. Any Document showing Unser's membership in any trade, merchant, marketing, or other professional or industry-related organization or association, and

  e. Recent analyses prepared by investment bankers, engineers, management consultants, accountants or others, including marketing studies, credit reports, and other types of reports, financial or otherwise.

8) Debt-related Documents, including but not limited to the following:
   a. Documents showing the current outstanding debt of Unser;
   b. Documents showing the current outstanding leases of Unser;
   c. Documents evidencing either existing or prospective debt, including: loan and credit agreements, promissory notes, and other evidence of indebtedness and any guaranty arrangements;
   d. Documents showing correspondence with lenders regarding existing or prospective debt, including compliance reports submitted by Unser or the Companies or their accountants, and
   e. Copies of all indentures, mortgages, notes, security agreements, pledge agreements, or other agreements relating to loans made either to or by Unser or the Companies.

9) Documents related to litigation, including but not limited to the following:

    a. Documents showing any actions, suits, proceedings, investigations, claims, or inquiries currently pending or threatened relative to Unser or the Companies or their assets, including all pleadings;

    b. All consent decrees, judgments, settlement agreements, and agreements, decrees, or orders to which Unser, or any of its officers, directors, managers, key employees, or controlling shareholders or members are bound;

    c. All reports, notices, or correspondence relating to any violation or infringement by Unser or the Companies of government regulations;

    d. Documents showing past litigation, suits, actions, administrative proceedings, or other governmental investigations, or inquiries, pending or threatened, affecting the businesses or operation of Unser;

    e. All liens, including tax liens, charges, security interests, pledges, easements, covenants, agreements, restrictions, and encumbrances, with respect to the property and other assets of Unser, and

    f. Copies of all UCC filings by or against Unser.

10) Employment documents, including but not limited to the following:

    a. Documents showing the organization of Unser, including but not limited to Documents detailing officers, directors, key employees, and consultants;

    b. Documents showing compensation plans, including but not limited to executive compensation plans, bonus or other incentive arrangements, commissioned or other contingency arrangements, employee stock purchase, and administration manuals, guidelines, or procedures relating to any of the aforementioned plans, and

    c. Documents showing personnel policies and procedures, including all policies, handbooks, and other Documents which relate to employment, staffing, recruiting, and discipline.

11) Personal property Documents, including but not limited to the following:

    a. Bank account statements;

    b. Securities holdings;

    c. Customer lists;

   d. Gaming licenses, liquor licenses, and any other licenses required for the operation of the property;
   e. Trade or barter agreements, and
   f. Security agreements with employees and with other companies with respect to proprietary information.

12) Real property Documents, including but not limited to the following:
   a. Schedules of all deeds, mortgages, deeds of trust, security agreements, title reports and policies, leases, subleases, assignments, and related agreements for all real property owned or occupied by Unser;
   b. Schedules of all easements, right of ways, options to buy, zoning matters, and other encumbrances to the property;
   c. Schedules of all fixtures, and
   d. Recent professional appraisals, if any, of real property owned or occupied by Unser.

13) Press Documents, including but not limited to the following:
   a. Any press releases, articles, or brochures issued by Unser or relating to its products, services, or material events;
   b. Copies of all speeches delivered or interviews given by any officer or director of Unser in the past year, and
   c. Marketing and promotional literature of Unser, including marketing plans and advertising and marketing agreements.

14) Any Documents evincing communication with USA Capital Diversified Trust Deed Fund, LLC, USA Investment Partners, LLC, USA Securities, LLC, USA Commercial Mortgage Company, USA Capital Realty Advisors, LLC, USA Capital First Trust Deed Funds, LLC, Joseph Milanowski, Thomas Hantges, and / or any other entity or person related to the aforementioned persons and entities.

# EXHIBIT A

# EXHIBIT A

| | | | |
|---|---|---|---|
| 1 | UNITED STATES BANKRUPTCY COURT | DISTRICT OF ARIZONA | STATE OF ARIZONA |
| 2 | CASE NO.: BK-S-06-10725 LBR    DEPT NO.: 11 | DOCKET NO.: USA | |
| 3 | Snell & Wilmer    ATTORNEYS FOR: | | |
| 4 | Claire Dossier    STATE BAR NO.: 10030 | | |
| 5 | 3883 Howard Hughes Pkwy, 11th Floor | | |
| 6 | Las Vegas, NV 89109 | | |
| 7 | USA Commercial Mortgage Company; et al | Plaintiff | Date: April 4, 2008 |
| 8 | vs | | Time: 10:00 am |
| 9 | Unser/Central Partners, LLP | Defendant | AFFIDAVIT OF SERVICE |

Bryan Blair, being duly sworn deposes and says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, licensed to serve civil process and not a party to or interested in the proceeding in which this affidavit is made. The affiant received the

Subpoena for Rule 2004 Examination

Order Requiring Unser/Central Partners, LLP to Produce One or More Representatives for Examination Pursuant to Federal Rule of Bankruptcy Procedure 2004

Witness Fee Check

on the 13th day of March, 2008 and served the same on the 13th day of March, 2008 at 12:08 pm by:

delivering a copy to the witness: **Unser/Central Partners, LLP**

at address: 201 E. Washington Street, 2nd Floor, Phoenix, AZ 85004 (Address of Res. Agent)

( ) by personal service

(X) by leaving copies with: Frank Tomkins, Statutory Agent

SUBSCRIBED AND SWORN to before me on this 14th day of March, 2008

_____
Notary Public

Affiant

**Legal Process Service**
626 S. Eighth Street
Las Vegas, Nevada 89101
WorkOrderNo **0802709**

OFFICIAL SEAL
JON MORRIS
Notary Public State of Arizona
MARICOPA COUNTY
My Comm. Expires Aug. 7, 2011