PAUL NG LEE (SBN 6392)
TIM LUKAS (SBN 4678)
**HALE LANE PEEK DENNISON & HOWARD**
3930 Howard Hughes Parkway, 4th Floor
Las Vegas, Nevada 89169
Telephone: 702-222-2500
Facsimile: 702-365-6940
plee@halelane.com
tlukas@halelane.com


BRUCE JACOBS (Admitted *Pro Hac Vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone: 310-229-1000
Facsimile: 310-229-1001
bjacobs@akingump.com

Attorneys for Defendant
LOS VALLES LAND & GOLF, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>    Debtors. | Case No. BK-S-06-10725-LBR<br>Jointly Administered<br>Chapter 11<br><br>Adversary No.: 08-01058-LBR<br><br>[The Honorable Linda B. Riegle] |
| USACM LIQUIDATING TRUST,<br><br>    Plaintiff,<br><br>v.<br><br>LOS VALLES LAND & GOLF, LLC, a Delaware Limited Liability Company,<br><br>    Defendant. | **DEFENDANT LOS VALLES LAND & GOLF, LLC'S OBJECTION TO USACM LIQUIDATING TRUST'S MOTION TO CONSOLIDATE**<br><br>Date:  April 17, 2008<br>Time:  10:30 a.m. |

6219616

DEFENDANT LOS VALLES LAND & GOLF, LLC'S OBJECTION
TO USACM LIQUIDATING TRUST'S MOTION TO CONSOLIDATE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Through this motion, the USACM Trust ("USACM") seeks to improperly circumvent the Court's Order and the parties' stipulated agreement, that USACM be required to bring a motion in order to amend its claims to join another party.

Los Valles filed a Proof of Claim in this bankruptcy proceeding arising out of a dispute between itself and USACM. In December 2007, USACM filed a motion to amend its objection to Los Valles' Proof of Claim in order to include a counterclaim against Los Valles' for payment of certain monies, and against Dan Palmer, an individual that USACM claims guaranteed Los Valles' alleged obligations. The parties agreed and stipulated that USACM would be allowed to amend its objection to include the counterclaim against Los Valles, but would withdraw its motion as it pertained to Mr. Palmer. As to Mr. Palmer, the parties agreed that USACM could only join Mr. Palmer if it again brought a motion for leave to amend. On January 29, 2008, the Court entered an Order consistent with the parties' stipulation.

On February 25, 2008, USACM filed an adversary complaint against Los Valles alone, consistent with the Court's Order and the parties' stipulation. Just days later, however, on March 13, 2008, USACM amended its adversary complaint to join Mr. Palmer, and the next day filed this motion to consolidate the adversary action including Mr. Palmer with the objection to Los Valles' Proof of Claim.

Los Valles would not object to the consolidation of USACM's objection to Los Valles' Proof of Claim with the originally filed adversary complaint against Los Valles itself. Indeed, that is exactly what the parties intended through their stipulation. USACM should not, however, be allowed to use the consolidation procedure as a means to circumvent the Court's Order and the parties' agreement concerning the joinder of Dan Palmer. Nor should USACM be allowed to interject side issues concerning Mr. Palmer into the dispute between USACM and Los Valles.

Los Valles, therefore, respectfully requests that the Court deny USACM's improper motion for consolidation.

## II. BACKGROUND

In November 2006, Los Valles filed Proof of Claim No. 10725-01366, seeking contract and tort damages arising out of a loan brokered by USACM. On September 20, 2007, USACM filed an objection to Los Valles Proof of Claim.

On December 21, 2007, USACM moved to amend its claim objection to include a counterclaim against Los Valles, to allege a purported breach of contract in failing to pay certain monies, and against Dan Palmer, who purportedly guaranteed such payment. Prior to a hearing on the matter, the parties agreed and stipulated that the Court grant USACM's motion as it pertained to USACM's counterclaim against Los Valles and that USACM would withdraw its motion as it pertained to Dan Palmer. Any further amendment to join Mr. Palmer, the parties agreed, would require USACM to file a new motion for leave to amend. The parties also requested that the Court set a trial on the claim objection for July 2008.

On January 29, 2008, the Court entered an Order approving the stipulation, and providing, in part, that the motion for leave to amend as it pertains to Mr. Palmer is withdrawn without prejudice, and allowing USACM to file a new motion for leave to amend if it wished to join Mr. Palmer at a later date.

On February 25, 2008, USACM filed an adversary complaint against Los Valles, consistent with the Court's order and the parties' agreement. On March 13, 2008, however, before Los Valles had an opportunity to answer, USACM filed an amended adversary complaint in which it joined Dan Palmer. USACM did not file any motion for leave to amend its adversary complaint. The very next day, March 14, 2008, USACM filed the instant motion to consolidate its objection to Los Valles' Proof of Claim with the adversary proceeding.

## III. ARGUMENT

USACM's motion should be denied because it is an impermissible attempt to circumvent this Court's Order, and the parties agreement, requiring USACM to seek leave join Dan Palmer.

While USACM seeks relief through its motion only under Federal Rules of Bankruptcy Procedure, Rules 3007 and 7001, a request for consolidation is actually governed by Bankruptcy Rule 7042. *See* Fed. R. Bankr. Proc. 3007, Advisory Committee Notes, 2007 Amendments ("If a claim

objection is filed separately from a related adversary proceeding, the court may consolidate the objection with the adversary proceeding under Rule 7042."). Bankruptcy Rule 7042 simply provides that Federal Rules of Civil Procedure, Rule 42, applies in adversary proceedings. Fed. R. Bankr. Proc. 7042.

Rule 42 provides that, "[i]f actions before the court involve common question of law or fact, the court *may* . . . consolidate the actions." Fed. R. Civ. Proc. 42 (emphasis added). Under Rule 42, a court has broad discretion to determine whether consolidation is appropriate given the circumstances of the instant case. *See Investors Research Co. v. United States District Court for the Central District of California*, 877 F.2d 777, 777 (9th Cir. 1989). Courts have consistently found, however, that a court should not allow a party to use consolidation as a means of avoiding other procedural rules, such as rules governing the time and means for amending pleadings. *See In re Prudential Securities Inc. Ltd. Partnership Litigation*, 158 F.R.D. 562, 570 (S.D.N.Y. 1994) (noting that in determining whether to consolidate actions, a court must ensure that the party seeking to use the procedure is not doing so "for the purpose of circumventing the rules pertaining to the amendment of complaints . . . ."); *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977) (finding that consolidation is inappropriate when the moving party seeks to use it as a means "to expand the procedural rights that he would have otherwise enjoyed," such as "circumventing the rules pertaining to amendment of complaints . . . ."); *Alpine Bank v. Hubbell*, 2007 WL 219948, at *4 (D. Colo. 2007) (despite recognizing that judicial economy weighed in favor of consolidation, refusing to consolidate actions because the point of the request was to circumvent another procedural requirement).

Here, USACM seeks to circumvent this Court's Order, and the parties' agreement, that USACM is required to seek leave to join Dan Palmer. Before Los Valles even had the opportunity to answer USACM's pleading, USACM amended the complaint to join Mr. Palmer and brought the instant motion to consolidate. The Court should not, in its discretion, reward USACM's attempted end run around the requirement that it bring a motion in order to join Mr. Palmer in the parties' proceedings.

Moreover, USACM has not made any evidentiary showing that consolidation would be beneficial to either the parties or this Court. The parties agreed to and requested a quick resolution of

Los Valles claim and USACM's counterclaim (now adversary complaint) by July 2008. Now, however, USACM seeks to add an extraneous issue, Mr. Palmer's potential liability on a guarantee. Such unnecessary litigation would only delay the effort to resolve the pertinent issues between Los Valles and USACM – the issues that both parties agreed would alone be litigated unless USACM sought relief from this Court to include Mr. Palmer.

## IV. CONCLUSION

USACM's actions evidence an apparent attempt to use the consolidation procedure as a means to circumvent this Court's Order, and the parties' stipulated agreement, that USACM must file a motion for leave to amend if it wishes to join Mr. Palmer in the parties' litigation. The Court should therefore exercise its discretion to deny USACM's improper motion.

Dated: April 1, 2008

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By /s/ Bruce Jacobs
Bruce Jacobs
Attorneys for Defendant
LOS VALLES LAND & GOLF, LLC