LEWIS AND ROCA LLP LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 4/2/08

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[1]<br><br>USA SECURITIES, LLC,[2]<br><br>Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[1]<br>Case No. BK-S-06-10729-LBR[2]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**SECOND OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED UPON INVESTMENT IN ELIZABETH MAY REAL ESTATE LOAN; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing: May 8, 2008<br>Time of Hearing: 10:30 a.m. |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing Proofs of Claim filed by individual investors ("Direct Lenders") against

---

[1] This bankruptcy case was closed on October 12, 2007.

[2] This bankruptcy case was closed on December 26, 2007.

235794.1

USA Commercial Mortgage Company ("USACM") that are based upon an investment in the Elizabeth May Real Estate Loan (the "Elizabeth May Loan"). This Objection is supported by the Court's record and the Declaration of Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in Elizabeth May Real Estate Loan filed with the Court today (the "Burr Decl.").

## I.   INTRODUCTION

1. On about January 18, 2007, the borrower paid off the Elizabeth May Loan in full. In turn, USACM distributed the proceeds from the Elizabeth May Loan to the Direct Lenders who invested in the Elizabeth May Loan. The Direct Lenders were thus paid in full, subject to servicing fees and any other charges under their respective Loan Servicing Agreements and this Court's orders, including the Confirmation Order. Accordingly, there is no longer any basis for a Direct Lender claim against USACM based upon an investment in the Elizabeth May Loan.

2. This Objection seeks to disallow Direct Lender claims that are based entirely upon an investment in the Elizabeth May Loan. Those claims are listed in **Exhibit A**, attached.

## II.   JURISDICTION

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

2. The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.   BACKGROUND

1. On April 13, 2006 ("Petition Date"), USACM, USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC

("FTDF," together with DTDF, the "Funds") (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtors' post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

2. USACM is a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.

3. That business included the solicitation of individual investors to purchase fractional interest in loans that USACM originated and then serviced. These investors, totaling approximately 3,600 as of the Petition Date, are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

4. Although USACM serviced and sometimes originated the loans in which the Direct Lenders invested, generally USACM was not a borrower on these loans.

5. On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] (the "Bar Date Order"). The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file proof of claims.

6. On September 25, 2006, Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358]. All Creditors, including the Direct Lenders, were served with a copy of the Bar Date order as well [Docket No. 1358].

7. On November 6, 2006, a stipulation was filed and an order entered extending the Bar Date for Direct Lenders only to file proofs of claim until January 13, 2007 [Docket No. 1729].

235794.1

8. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376] (the "Confirmation Order").

9. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

10. Under the Plan, unsecured claims of Direct Lenders against USACM are classified in Class A-5. Allowed Unsecured Claims "shall receive a beneficial interest in the USACM Trust, and on account of their Allowed Claim may receive a Pro Rata Share of the assets of the USACM Trust after satisfaction of all Allowed unclassified Claims, Allowed Class A-1, A-2, and A-3 Claims, and all post-Effective Date fees, costs, and expenses of implementation of the USACM Plan for USACM and the USACM Trust."

11. The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee.

12. **Exhibit A** to this Objection lists Proofs of Claim filed by Direct Lenders that appear to be based entirely upon an investment in the Elizabeth May Loan. (Burr Decl. ¶ 7.) For each claim listed, **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, and the total amount of the claim. The claims listed in **Exhibit A** are referred to hereafter as the Elizabeth May Claims. (Burr Decl. ¶ 7.)

13. On or about January 18, 2007, the Elizabeth May Loan was paid off in full, as reflected in USACM's books and records. (Burr Decl. ¶ 8.) Shortly thereafter, USACM processed the payoff and distributed the proceeds to the Direct Lenders on the Elizabeth May Loan. (Burr Decl. ¶ 8.)

14. The Direct Lenders were in turn paid in full, subject to servicing fees and any other charges under their respective Loan Servicing Agreements and this Court's orders, including the Confirmation Order. In general, the Direct Lenders received their principal and interest on the Elizabeth May Loan, less sums withheld for servicing fees,

servicer advances, Prepaid Interest and sums known as the 2% Holdback pursuant to the Confirmed Plan. On the Effective Date of the Plan, the Prepaid Interest was applied, a portion of the 2% Holdback was applied to the allowed claims of the Direct Lender Committee, and the balance paid to the Direct Lenders. (Burr Decl. ¶ 9.)

15. Accordingly, the USACM Trust no longer has further obligations to the Direct Lenders arising out of the Elizabeth May Loan because, pursuant to USACM's books and records, the Elizabeth May Loan has been repaid in full, and the Direct Lenders have received such payment. (Burr Decl. ¶ 10.)

## IV. APPLICABLE AUTHORITY

1. Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

2. The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a). This objection is timely under the confirmed Plan, as the deadline for such objections has been extended to February 12, 2008, by this Court's orders.

3. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

235794.1



## V. OBJECTION TO CLAIMS LISTED IN EXHIBIT A

1. **Exhibit A** attached hereto and incorporated herein by this reference lists the Elizabeth May Claims. The USACM Trust objects to these claims because they are based entirely upon an investment in the Elizabeth May Loan. According to USACM's books and records as reconstructed by Mesirow, the Elizabeth May Loan has been repaid in full, and the Direct Lenders have received such payment, as provided by the applicable Loan Servicing Agreement, this Court's orders and the Confirmation Order.

2. The USACM Trust reserves the right to further object to any and all Claims, whether or not the subject of this Objection, for allowance and/or distribution purposes on any other grounds. The USACM Trust further reserves the right to modify, supplement and/or amend this Objection as it pertains to any Claim or claimant herein.

## VI. CONCLUSION

1. The USACM Trust respectfully requests that the Court disallow in full the claims listed in **Exhibit A**. The USACM Trust also requests such other and further relief as is just and proper.

Dated: April 2, 2008.

LEWIS AND ROCA LLP

By /s/ Rob Charles (#6593)
Susan M. Freeman, AZ 4199 (*pro hac vice*)
Rob Charles, NV 6593
John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Telephone:  (702) 949-8200
Facsimile:   (702) 949-8398
E-mail:  rcharles@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

235794.1

LEWIS AND ROCA LLP LAWYERS

1 | Copy of the foregoing mailed by first class
Postage prepaid U.S. Mail on
2 | April 2, 2008 to:

3 | All parties in interest listed on
Exhibit A attached.

4

5 |   /s/ Renee L. Creswell
Renee L. Creswell

7

235794.1