LEWIS
AND
ROCA
——— LLP ———
L A W Y E R S

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 4/2/08

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-06-10725-LBR |
| | Case No. BK-S-06-10726-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | Case No. BK-S-06-10727-LBR |
| | Case No. BK-S-06-10728-LBR[1] |
| | Case No. BK-S-06-10729-LBR[2] |
| USA CAPITAL REALTY ADVISORS, LLC, | CHAPTER 11 |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | Jointly Administered Under Case No. BK-S-06-10725 LBR |
| USA CAPITAL FIRST TRUST DEED FUND, LLC,[1] | **FOURTH OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED, IN WHOLE OR IN PART, UPON INVESTMENT IN ELIZABETH MAY REAL ESTATE LOAN; AND CERTIFICATE OF SERVICE** |
| USA SECURITIES, LLC,[2]          Debtors. | |
| **Affects:** | |
| ☐ All Debtors | Date of Hearing: May 8, 2008 |
| ☒ USA Commercial Mortgage Company | Time of Hearing: 10:30 a.m. |
| ☐ USA Capital Realty Advisors, LLC | |
| ☐ USA Capital Diversified Trust Deed Fund, LLC | |
| ☐ USA Capital First Trust Deed Fund, LLC | |
| ☐ USA Securities, LLC | |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant

to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and

Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an

order disallowing the Proofs of Claim filed by individual investors ("Direct Lenders")

---

[1] This bankruptcy case was closed on October 12, 2007.

[2] This bankruptcy case was closed on December 26, 2007.

235797.1


LEWIS
AND
ROCA
LLP
L A W Y E R S

against USA Commercial Mortgage Company ("USACM") to the extent such claims are based upon an investment in the Elizabeth May Real Estate Loan (the "Elizabeth May Loan").  This Objection is supported by the Court's record and the Declaration of Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in Elizabeth May Real Estate Loan filed with the Court today (the "Burr Decl.").

## I.    INTRODUCTION

On about January 18, 2007, the borrower paid off the Elizabeth May Loan in full. In turn, USACM distributed the proceeds from the Elizabeth May Loan to the Direct Lenders who invested in the Elizabeth May Loan.  The Direct Lenders were thus paid in full, subject to servicing fees and any other charges under their respective Loan Servicing Agreements and this Court's orders, including the Confirmation Order.

Accordingly, this Omnibus Objection seeks an order from the Court disallowing Direct Lender claims to the extent they are based upon an investment in the Elizabeth May Loan.  To the extent a Direct Lender claim is based upon an investment in a different loan, it will not be impacted by this Objection.

## II.    JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C.  §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.    BACKGROUND

1.    On April 13, 2006 ("Petition Date"), USACM, USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF," together with DTDF, the "Funds") (collectively, the "Debtors"), filed voluntary petitions

2

235797.1



1    for relief under chapter 11 of the Bankruptcy Code.  Debtors continued to operate their

2    businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the

3    Bankruptcy Code.  Debtors' post-petition management of the Debtors was under the

4    direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC

5    ("Mesirow"), who served as the Chief Restructuring Officer.

6          2.      USACM is a Nevada corporation that, prior to the Petition Date, was in the

7    business of underwriting, originating, brokering, funding and servicing commercial loans

8    primarily secured by real estate, both on behalf of investors and for its own account.

9          3.      That business included the solicitation of individual investors to purchase

10    fractional interest in loans that USACM originated and then serviced.  These investors,

11    totaling approximately 3,600 as of the Petition Date, are referred to as "Direct Lenders" in

12    USACM's bankruptcy case and in this Objection.

13          4.      Although USACM serviced and sometimes originated the loans in which the

14    Direct Lenders invested, generally USACM was not a borrower on these loans.

15          5.      On September 14, 2006, the Court entered its Order Setting Deadline to File

16    Proofs of Claim and Proofs of Interest [Docket No. 1280] (the "Bar Date Order").  The Bar

17    Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the

18    deadline ("Bar Date") for creditors to file proof of claims.

19          6.      On September 25, 2006, Debtors served a copy of the Bar Date Order on

20    their service lists [Docket No. 1358].  All Creditors, including the Direct Lenders, were

21    served with a copy of the Bar Date order as well [Docket No. 1358].

22          7.      On November 6, 2006, a stipulation was filed and an order entered extending

23    the Bar Date for Direct Lenders only to file proofs of claim until January 13, 2007 [Docket

24    No. 1729].

25

26

235797.1



8.      On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376] (the "Confirmation Order").

9.      Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

10.     Under the Plan, unsecured claims of Direct Lenders against USACM are classified in Class A-5.  Allowed Unsecured Claims "shall receive a beneficial interest in the USACM Trust, and on account of their Allowed Claim may receive a Pro Rata Share of the assets of the USACM Trust after satisfaction of all Allowed unclassified Claims, Allowed Class A-1, A-2, and A-3 Claims, and all post-Effective Date fees, costs, and expenses of implementation of the USACM Plan for USACM and the USACM Trust."

11.     The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007.  Geoffrey L. Berman is the Trustee.

12.     **Exhibit A** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based, in part, upon an investment in the Elizabeth May Loan.  (Burr Decl. ¶ 7.) **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Elizabeth May Loan based upon the information provided by the claimant.  (Burr Decl. ¶ 7.)  The claims listed in **Exhibit A** are referred to hereafter as the Elizabeth May Claims**.**

13.     On or about January 18, 2007, the Elizabeth May Loan was paid off in full, as reflected in USACM's books and records.  (Burr Decl. ¶ 8.)  Shortly thereafter, USACM processed the payoff and distributed the proceeds to the Direct Lenders on the Elizabeth May Loan.  (Burr Decl. ¶ 8.)

235797.1



14.     The Direct Lenders were in turn paid in full for their investment in the Elizabeth May Loan, subject to servicing fees and any other charges under their respective Loan Servicing Agreements and this Court's orders, including the Confirmation Order.  In general, the Direct Lenders received their principal and interest on the Elizabeth May Loan, less sums withheld for servicing fees, servicer advances, Prepaid Interest and sums known as the 2% Holdback pursuant to the confirmed Plan.  On the Effective Date of the Plan, the Prepaid Interest was applied, a portion of the 2% Holdback was applied to the allowed claims of the Direct Lender Committee, and the balance paid to the Direct Lenders.  (Burr Decl. ¶ 9.)

15.     Accordingly, the USACM Trust no longer has further obligations to the Direct Lenders arising out of the Elizabeth May Loan because, pursuant to USACM's books and records, the Elizabeth May Loan has been repaid in full, and the Direct Lenders have received such payment.  (Burr Decl. ¶ 10.)

## IV.    APPLICABLE AUTHORITY

1.     Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).

2.     The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a).  This objection is timely under the confirmed Plan, as the deadline for such objections has been extended to February 12, 2008, by this Court's orders.

3.     A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the

235797.1

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

## V.    OBJECTION TO CLAIMS LISTED IN EXHIBIT A

1.    **Exhibit A** attached hereto and incorporated herein by this reference contains the list of the Elizabeth May Claims. The USACM Trust objects to each of these claims to the extent it is based upon an investment in the Elizabeth May Loan because, pursuant to USACM's books and records as reconstructed by Mesirow, the Elizabeth May Loan has been repaid in full, and the Direct Lenders have received such payment, as provided by the applicable Loan Servicing Agreement, this Court's orders and the Confirmation Order.

2.    Certain of the Elizabeth May Claims may be the subject of subsequent, and perhaps multiple, objections if they are being asserted on the basis of multiple investments through USACM. Such Claims may also be subject to prior or subsequently filed objections, and this objection is without prejudice to any other objection by any party in interest, including the USACM Trust.

3.    The USACM Trust reserves the right to further object to any and all Claims, whether or not the subject of this Objection, for allowance and/or distribution purposes on any other grounds. The USACM Trust further reserves the right to modify, supplement and/or amend this Objection as it pertains to any Claim or claimant herein.

4.    For the convenience of the Court and the parties, the USACM Trust will endeavor to file any subsequent objections to the Claims on a loan by loan basis. Thus, this

6

235797.1

LEWIS
AND
ROCA
LLP
—————
L A W Y E R S

1    Objection is one of a series of many potential objections to those Claims that are asserted,

2    in whole or in part, on the basis of an investment that has been repaid in full.

3    **VI.    CONCLUSION**

4         The USACM Trust respectfully requests that the Court disallow the claims listed in

5    **Exhibit A** to the extent those claims are based upon a Direct Lender investment in the

6    Elizabeth May Loan.  The USACM Trust also requests such other and further relief as is

7    just and proper.

8         Dated: April 2, 2008.

9                                    LEWIS AND ROCA LLP

10

11                                    By  /s/  Rob Charles (#6593)
                                         Susan M. Freeman, AZ 4199 (*pro hac vice*)
12                                       Rob Charles, NV 6593
                                         John C. Hinderaker, AZ 18024 (*pro hac vice*)
13                                       3993 Howard Hughes Parkway, Suite 600
                                         Las Vegas, Nevada  89169
14                                       Telephone:  (702) 949-8200
                                         Facsimile:   (702) 949-8398
15                                       E-mail:  rcharles@lrlaw.com
                                         *Attorneys for the USACM Liquidating Trust*
16    Copy of the foregoing mailed by first class

17    Postage prepaid U.S. mail
      On April 2, 2008 to:
18

19    All parties in interest listed on
      Exhibit A attached
20

21     /s/ Renee L. Creswell
      Renee L. Creswell

22

23

24

25

26

235797.1