E-filed on 4/2/2008

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320
Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

**FOLEY & LARNER LLP**
321 North Clark Street, Suite 2800
Chicago, IL 60610
Facsimile (312) 832-4700
Telephone (312) 832-4500
Edward J. Green IL State Bar No. 6225069
Email:
Geoffrey S. Goodman IL State Bar No. 6272297

*Attorneys for USACM Liquidating Trust*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-06-10725-LBR |
| | Case No. BK-S-06-10726-LBR |
| USA Commercial Mortgage Company, | Case No. BK-S-06-10727-LBR |
| | Case No. BK-S-06-10728-LBR[1] |
| USA Capital Realty Advisors, LLC, | Case No. BK-S-06-10729-LBR[2] |
| USA Capital Diversified Trust Deed Fund, LLC, | CHAPTER 11 |
| USA Capital First Trust Deed Fund, LLC,[1] | Jointly Administered Under Case No. BK-S-06-10725 LBR |
| USA Securities, LLC,[2] | |
| Debtors. | **Stipulation Resolving Proofs Of Claim Filed By The Pension Benefit Guaranty Corporation** |
| **Affects:** | |
| ☐ All Debtors | Date of Hearing:  April 17, 2008 |
| ☒ USA Commercial Mortgage Company | Time of Hearing:  9:30 a.m. |
| ☐ USA Capital Realty Advisors, LLC | |
| ☐ USA Capital Diversified Trust Deed Fund, LLC | |
| ☐ USA Capital First Trust Deed Fund, LLC | |
| ☐ USA Securities, LLC | |

This Stipulation is made as of March 28, 2008, by and between the USACM Liquidating Trust (the "Liquidating Trust") and the Pension Benefit Guaranty Corporation (the "PBGC").

## RECITALS

1.    On April 13, 2006, USA Commercial Mortgage Company ("USACM") and four related entities identified in the caption above (collectively, "Debtors") filed

---

[1] This bankruptcy case was closed on October 12, 2007.
[2] This bankruptcy case was closed on December 26, 2007.

CHIC_2596587.1

1910676.1

voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Debtors' chapter 11 cases were jointly administered by an order of this Court.

2.    On January 8, 2007, this Court entered an order (the "Confirmation Order") confirming Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan").  The Plan became effective on March 12, 2007 (the "Effective Date").

3.    On the Effective Date, the Liquidating Trust was created pursuant to the terms of the Plan and the Confirmation Order.  Under the Plan, the Liquidating Trust is the successor to USACM with respect to standing to seek allowance and disallowance of claims.

4.    On November 9, 2006, the PBGC filed three claims against USACM's estate (collectively, the "Original Claims").  Claim No. 10725-00791 ("791") was an unliquidated claim for pension insurance premiums allegedly owed by USACM to the PBGC.  Claim No. 10725-00793 ("793") was an estimated claim in the amount of $1,068,233 for minimum funding contributions allegedly owed by USACM to its pension plan (the "Pension Plan").  Claim No. 10725-00794 ("794") was an estimated claim in the amount of $884,389 for unfunded benefit liabilities allegedly owed to the PBGC in connection with the Pension Plan.

5.    On January 26, 2007, USACM and PBGC entered into the Agreement for Appointment of Trustee and Termination of Plan ("Trusteeship Agreement").  Under the Trusteeship Agreement, the Pension Plan was terminated, PBGC was appointed statutory trustee, and the plan termination date was established as January 15, 2007.

6.    On March 2, 2007, USACM filed an objection to the Original Claims [DE 2978].

7.    Prior to distributing estate property to the USACM Trust under the Plan, USACM held a reserve for the PBGC's alleged administrative and priority Claims.

8.    On April 23, 2007, the PBGC filed amended Claim No. 791 in an estimated amount of $120,870, consisting of an administrative claim in the amount of $112,500 pursuant to 29 U.S.C. § 1306(a)(7) (the "Termination Premium Claim"), an

CHIC_2596587.1                                                                                                1910676.1

1    administrative claim for flat-rate and variable-rate premiums in the amount of $72, and an

2    unsecured claim in the amount of $8,298.

3        9.    On April 23, 2007, the PBGC also filed amended Claim No. 793, an

4    administrative claim in an estimated amount of $1,211,242.

5        10.    On April 25, 2007, the PBGC filed amended Claim No. 794, an unsecured,

6    non-priority claim in an estimated amount of $1,700,624.  Amended Claim No. 794 also

7    reserved the right to seek administrative or priority tax treatment for the claim.

8        11.    On September 11, 2007, the Liquidating Trust filed an objection (the

9    "Objection") to amended Claim Nos. 791, 793, and 794 (collectively, the "Amended

10   Claims") [DE 4728].  On November 1, 2007, the PBGC filed a response to the Objection.

11   On November 21, 2007, the Liquidating Trust filed a reply in support of the Objection.

12       12.    Through arms-length negotiations between the Liquidating Trust and the

13   PBGC, the Liquidating Trust and the PBGC have come to a mutually agreeable

14   resolution of the Amended Claims, other than the Termination Premium Claim, pursuant

15   to the terms and conditions set forth below.

16       NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO AND

17   AGREED, by and among the undersigned as follows:

18       1.    PBGC's Amended Claim No. 794 is hereby allowed as an unsecured, non-

19   priority claim against USACM's estate in the amount of $1,000,000.00 (the "Allowed

20   Unsecured Claim").    Other than the Allowed Unsecured Claim or as set forth in

21   paragraph 3, the PBGC releases, waives and forever discharges any and all other

22   unsecured claims that it may possess against USACM's estate.

23       2.    PBGC's Amended Claim No. 793 is hereby allowed as an administrative

24   claim, pursuant to § 503(b) of the Bankruptcy Code, in the amount of $100,000.00 (the

25   "Allowed Administrative Claim").  Other than the Allowed Administrative Claim or as

26   set forth in paragraph 3, the PBGC releases, waives and forever discharges any and all

27   other administrative or priority claims that it may possess against (a) USACM's estate,

28   (b) the estate of any of the other four jointly administered Debtors, and (c) any other

1  estates of businesses related to USA Commercial Mortgage Company, including, but not

2  limited to, USA Investors VI, LLC, HMA Sales, LLC, USA Investment Partners, LLC,

3  and Tree Moss Partners, LLC collectively, the ("USA Capital Estates").

4      3.    The parties are not resolving the Termination Premium Claim pursuant to

5  this Stipulation.  The PBGC's rights with respect to the Termination Premium Claim,

6  including its rights to argue that the Termination Premium Claim is entitled to

7  administrative or priority treatment, and the Liquidating Trust's rights to oppose the

8  amount or priority of the Termination Premium Claim are expressly preserved.  The

9  Court is currently scheduled to hear argument on the Termination Premium Claim on

10  April 17, 2008.  Pursuant to the request of the Court and by agreement of the parties, all

11  briefs on the issues on the Termination Premium Claim shall be submitted on or before

12  March 31, 2008.

13      4.    USACM shall maintain a reserve of $150,000 for the Termination Premium

14  Claim pending this Court's decision on the allowance or disallowance of such claim.  All

15  other reserves for the Amended Claims will be released by USACM to the Liquidating

16  Trust.  Any of the USA Capital Estates may also release any reserves created for claims

17  asserted by the PBGC against such estates.

18      5.    The stipulation or order approving the stipulation shall have no impact on

19  any claims that the PBGC has asserted or may possess against Thomas Hantges or Joseph

20  Milanowski in their respective individual capacities, whether in their personal bankruptcy

21  cases or otherwise.

22      6.    The Court may approve the parties' stipulation without notice or a hearing.

23      DATED:  March 28, 2008.

24  **LEWIS AND ROCA LLP**

25

26  By:  /s/ RC (#6593)
         Susan M. Freeman, AZ 4199 (*pro hac vice*)

27           Rob Charles, NV 6593

28           -and-

CHIC_2596587.1

1910676.1

**FOLEY & LARDNER LLP**
Edward J. Green
Geoffrey S. Goodman

*Counsel for USACM Liquidating Trust*


**PENSION BENEFIT GUARANTY CORPORATION**


By: /s/ *Erika E. Barnes* (#197309)
    James Eggeman Assistant Chief Counsel
    Frank A. Anderson, DC 478234 (*pro hac vice*)
    Erika E. Barnes, CA 197309 (*pro hac vice*)
Office of the Chief Counsel
1200 K Street, NW Suite 340
Washington, DC 20005-4026
Tel: 202-326-4020, ext. 3759
Email: anderson.frank@pbgc.gov

CHIC_2596587.1

1910676.1