**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-0961
Facsimile (702) 949-8321
Telephone (702) 949-83209

Susan M. Freeman AZ State Bar No. 004199 (Pro Hac Vice)
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018020 (Pro Hace Vice)
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on April 4, 2008

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| **In re:**<br><br>**USA Commercial Mortgage Company**<br>    **06-10725 – Lead Case**<br><br>**USA Capital Realty Advisors, LLC**<br>    **06-10726**<br><br>**USA Capital Diversified Trust Deed Fund, LLC**<br>    **06-10727**<br><br>**USA Capital First Trust Deed Fund, LLC**<br>    **06-10728**<br><br>**USA Securities, LLC**<br>    **06-10729**<br>                          **Debtors.** | Jointly Administered<br>Chapter 11 Cases<br>Judge Linda B. Riegle Presiding<br><br>**USACM TRUST'S REPLY IN SUPPORT OF MOTION TO CONSOLIDATE**<br><br>Affecting:<br>☐ All Cases<br>**or Only:**<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC<br><br>Date: April 17, 2008<br>Time: 10:30 a.m. |

The Court should grant the Motion to Consolidate [DE 5991] for the sake of judicial economy and efficiency. The factual allegations and legal issues raised by USACM Trust's Amended Objection to Claim No. 10725-01366 and USACM Trust's Amended Adversary Complaint against Los Valles and Dan S. Palmer Jr. (Case No. 08-01058) are closely intertwined. Both cases arise out of the same transactions and involve the same parties. Significantly, USACM Trust sues Mr. Palmer because he guaranteed Los Valles' performance under the October 6, 2006 Letter Agreement. Overlapping legal

237334.1

LEWIS
AND
ROCA
LLP
LAWYERS

issues related to the Letter Agreement will predominate both cases.[1] Neither Los Valles nor Mr. Palmer will be prejudiced by consolidation.

Los Valles does not dispute any of the above points. Nor could it. If – as Los Valles concedes – the Court should consolidate all claims related to Los Valles, then the same goes for all claims related to Mr. Palmer, who was Los Valles' guarantor.[2] Since Los Valles is probably "judgment proof," it makes little sense to litigate this matter without Mr. Palmer as a party.

Instead of opposing consolidation on the merits, Los Valles raises a technical argument, claiming that the Motion to Consolidate is an improper "end run" around a supposed "requirement that (USACM Trust) bring a motion in order to join Mr. Palmer in the parties proceedings." As a threshold matter, there is no such "requirement." Nothing in the Order [DE 5722] or the Stipulation [DE 5691] bars USACM Trust from bringing an adversary proceeding against Mr. Palmer. The Order merely states: "The Motion to Amend is withdrawn by USACM to the extent it seeks to join Dan S. Palmer as a counter defendant and may be renewed at a later date." USACM Trust never agreed to surrender its right to bring an adversary proceeding against Mr. Palmer.

Los Valles' assertion that USACM Trust acted improperly by amending its adversary complaint without first obtaining leave of the Court is absurd. On January 18, 2008, USACM Trust stipulated to withdraw its Motion to Amend as to Mr. Palmer to avoid triggering certain disclosure requirements for Mr. Palmer while the parties went to a

---

[1] The October 6, 2006 is attached as Exhibit A to USACM Trust's Amended Adversary Complaint against Los Valles and Mr. Palmer.
[2] *See Staffco, Inc. v. Maricopa Trading Co.*, 122 Ariz 353, 356-57, 595 P.2d 31, 34-35 (Ariz. 1979) (holding that guarantor of lease properly joined in forcible entry and detainer action; Rules of Civil Procedure "encourage the joinder of all appropriate parties in a single suit to avoid multiplicity of litigation. The election … rests with the plaintiff in the first instance."); *In Re: Circle Y of Yoakum, Texas*, 354 B.R. 349, 362 (Bankr. Ct. Del. 2006) (consolidating adversary proceeding against debtor corporation with proceeding against principal under Rule 42(a) because common facts and legal questions involved, and principal owned and controlled debtor corporation); *Torres v. Sachs*, 381 F. Supp. 309, 311 n.2 (S.D.N.Y. 1974) (consolidation of cases under Rule 42(a) appropriate where, although some of named defendants not the same, the questions of law an fact were virtually identical, and defendant with ultimate responsibility in both cases was same).

**LEWIS AND ROCA LLP**
LAWYERS

1  March 3, 2008 settlement conference. When the case did not settle, the USACM Trust

2  predictably filed an amended complaint, which included Mr. Palmer. Because USACM

3  Trust filed its first amended complaint before Los Valles filed a responsive pleading,

4  USACM Trust could do so "as a matter of course." Fed. R. Civ. P. 15, as incorporated by

5  Fed. R. Bankr. P. 7015.

6      Ultimately, Los Valles' complaints are much ado about nothing. Mr. Palmer has

7  suffered no prejudice. Los Valles can oppose the Motion to Consolidate on the same

8  grounds that it could have opposed a motion to amend the objection to join Mr. Palmer as

9  a counter defendant. The only difference is that the USACM Trust's current approach

10  does not violate Rule 3007(b), as effective December 1, 2007.

11      USACM Trust requests that the Court grant the Motion to Consolidate [DE 5991]

12  and thus consolidate the proceedings related to USACM Trust's Amended Objection to

13  Claim No. 10725-01366 [DE 4820] with Adversary Case No. 08-01058.

14      RESPECTFULLY SUBMITTED April 4, 2008.

15                                **LEWIS AND ROCA LLP**

16

17                      By   /s/ RC (#006593)

18                          Susan M. Freeman *(pro hac vice)*
                        Rob Charles

19                          John Hinderaker *(pro hac vice)*
                        *Attorneys for USACM Liquidating Trust*

20

21

22

23

24

25

26

LEWIS
AND
ROCA
LLP
LAWYERS

COPY of the foregoing served via e-mail where an e-mail address is listed, and if no e-mail address is listed, then by first class, postage paid US mail, this 4th day of April, 2008 addressed to:

Dan S. Palmer, Jr.
c/o Palmer Investments, Inc.
Los Valles Land & Golf LLC
233 Wilshire Blvd., Suite 800
Santa Monica, CA 90401-1207

Peter J. Mort, Esq.
Bruce Jacobs, Esq.
Akin Gump Strauss Hauer & Field LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
pmort@akingump.com
bjacobs@akingump.com
Attorneys for Los Valles Land & Golf LLC

Pauline Ng Lee
Scott D. Fleming
Hale Lane Peek Dennison and Howard
3930 Howard Hughes Parkway, 4th Floor
Las Vegas, Nevada  89169
plee@halelane.com
sfleming@halelane.com
Attorneys for Los Valles Land & Golf LLC

  /s/ Renee L. Creswell
Renee L. Creswell
Lewis and Roca LLP

237334.1