LEWIS
AND
ROCA
LLP
─────────
L A W Y E R S

1    Susan M. Freeman (AZ Bar No. 4199) *pro hac vice*
     Rob Charles (NV Bar No. 6593)
2    Anne M. Loraditch (NV Bar No. 8164)
3    **LEWIS AND ROCA LLP**
     3993 Howard Hughes Parkway, Suite 600
4    Last Vegas, Nevada 89169
     Telephone (702) 949-8200
5    Facsimile (702) 949-8398
     Email: sfreeman@lralw.com
6            rcharles@lrlaw.com
             aloraditch@lrlaw.com
7    *Attorneys for USACM Liquidating Trust*

8

| | Electronically Filed April 11, 2008 |

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

In Re:

USA COMMERCIAL MORTGAGE
COMPANY,
USA CAPITAL REALTY ADVISORS, LLC,
USA CAPITAL DIVERSIFIED TRUST DEED
FUND, LLC, USA CAPITAL FIRST TRUST
DEED FUND, LLC, USA SECURITIES, LLC,

                              Debtors.

**Affects:**
☐ All Debtors
☒ USA Commercial Mortgage Company
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund,
LLC
☐ USA Capital First Trust Deed Fund, LLC
☐ USA Securities, LLC

USACM Liquidating Trust,

                              Plaintiff,

     v.

Greenwald, Pauly, Foster & Miller, a California
professional corporation,

                              Defendant.

Case No. BK-S-06-10725-LBR
Case No. BK-S-06-10726-LBR
Case No. BK-S-06-10727-LBR
Case No. BK-S-06-10728-LBR
Case No. BK-S-06-10729-LBR

CHAPTER 11

Jointly Administered Under
Case No. BK-S-06-10725 LBR

Adversary No. _____

**COMPLAINT TO AVOID AND
RECOVER PRE-PETITION
TRANSFERS PURSUANT TO
11 U.S.C.  §§ 547, 548 AND 550**

        The USACM Liquidating Trust (the "Trust"), by and through its undersigned counsel,

hereby files its Complaint to Avoid and Recover Pre-Petition Transfers Pursuant to 11

LEWIS
AND
ROCA
LLP
L A W Y E R S

U.S.C. §§ 547, 548, and 550 against Greenwald, Pauly, Foster & Miller, and alleges as follows:

**I.**

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and 157.

2.      This is a core proceeding pursuant to 28 U.S.C.§ 157(b).

3.      Venue in this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

**II.**

**PARTIES AND BACKGROUND**

4.      On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM") commenced its reorganization case (the "Case") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.      The Trust is successor to USACM by virtue of this Court's confirmation of the plan of reorganization in the Case which became effective on March 12, 2007 (the "Effective Date"). The Trust seeks to avoid and recover the transfer, described below, for the Trust's beneficiaries.

6.      The Trust is the Court-appointed holder of certain post-Effective Date assets of the USACM chapter 11 estate.

7.      Defendant Greenwald  (the "Transferee"), is a professional corporation organized under the laws of the State of California, with its principal place of business located at 1299 Ocean Avenue, Suite 400, Santa Monica, CA  90401-1007.

8.      The Transferee is an entity that was transacting business with USACM prior to the commencement of the Case.

///

409417_1.DOC

LEWIS
AND
ROCA
LLP
L A W Y E R S

### III.

### FIRST CLAIM FOR RELIEF

### (Avoidance of a Transfer of Property Pursuant to § 547(b))

9.      The allegations contained in paragraphs 1 though 8 above are incorporated herein by reference.

10.      On February 27, 2006, March 8, 2006, March 13, 2006, and March 22, 2006, USACM caused the transfer of the amounts of $9,223.53, $1,012.10, $6,914.93 and $4,907.88, respectively (the "Transfers") from a bank account containing funds owned by USACM to the Transferee.  Accordingly, the Transfers were transfers of an interest of USACM in the property.

11.      The Transfers were made to or for the benefit of the Transferee, who was a creditor of USACM, for an amount not less than the amount of the Transfers at the time of the Transfers. The Transferee's claim against USACM for which the Transfers were made was an antecedent debt.

12.      The Transfers were made at a time that USACM's debts exceeded the value of all of its property.  Accordingly, the Transfers were made while USACM was insolvent, as that term is defined by 11 U.S.C. § 101(32).

13.      The Transfers were made on or within ninety (90) days before the Petition Date.

14.      The Transfers enabled the Transferee to receive more than it would have received if (a) the Case was a case under chapter 7, (b) the Transfers had not been made, and (c) the Transferee received payment of its debt to the extent provided by the Bankruptcy Code.

15.      The Transfers are avoidable pursuant to Bankruptcy Code § 547(b).

### IV.

### SECOND CLAIM FOR RELIEF

### (Avoidance of a Transfer of Property Pursuant to 11 U.S.C. § 548(a)(1)(B))

16.      The allegations contained in paragraphs 1 though 15 above are incorporated herein by reference.

3

409417_1.DOC

LEWIS
AND
ROCA
LLP
L A W Y E R S

17.   To the extent the Transferee alleges it was not a creditor of USACM or that the Transfers were not made on account of an antecedent debt, USACM did not receive reasonably equivalent value in exchange for the Transfers.

18.   The Transfers were made on or within ninety (90) days before the Petition Date.

19.   The Transfers are avoidable pursuant to Bankruptcy Code § 548(a)(1)(B).

## V.

### THIRD CLAIM FOR RELIEF

### (Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550(a))

20.   The allegations contained in paragraphs 1 though 19 above are incorporated herein by reference.

21.   The Transferee is the initial transferee of the Transfers.

22.   Upon the avoidance of the Transfers, the Trust may recover the Transfers, or the value thereof, from the Transferee, pursuant to Bankruptcy Code § 550(a).

## VI.

### FOURTH CLAIM FOR RELIEF

### (Disallowance of Claim(s) Pursuant to 11 U.S.C. § 502(d))

23.   The allegations contained in paragraphs 1 though 22 above are incorporated herein by reference.

24.   The Transfers are avoidable pursuant to Bankruptcy Code § 547(b) and/or § 548; and property is recoverable from the Transferee pursuant to Bankruptcy Code § 550.

25.   To the extent the Transferee holds a claim against USACM or its bankruptcy estate, the Court should disallow such claim(s), pursuant to Bankruptcy Code § 502(d), because the Transferee has failed to pay to the estate (or otherwise return to the Trust or the estate) the amount of the Transfers.

///

///

409417_1.DOC

LEWIS
AND
ROCA
LLP
L A W Y E R S

## VII.

### FIFTH CLAIM FOR RELIEF

### (Prejudgment Interest)

26.     The allegations contained in paragraphs 1 though 25 above are incorporated herein by reference.

27.     The Trust, by counsel, made written demand upon the Transferee for the return of the Transfers on February 12, 2008, but the Transferee has failed or refused to return the Transfers.

28.     The Trust was unnecessarily delayed in its recovery of the Transfers by the Transferee's failure to respond to the Trust's demand for the return of the Transfers.

29.     The Trust is entitled to a grant of pre-judgment interest on the value of the Transfers from the date of the Trust's demand letter until the entry of judgment in this proceeding to compensate the estate for the delay arising from the Transferee's refusal to return the Transfers.

## VIII.

### RESERVATION OF RIGHTS

30.     The Trust hereby specifically reserves the right to bring any and all other causes of action that it may maintain against the Transferee including, without limitation, causes of action arising out of the same transaction(s) set forth herein, to the extent discovery in this action or further investigation by the Trust reveals such further causes of action.

## IX.

### CONCLUSION

**WHEREFORE**, the Trust, by counsel, respectfully prays for a judgment against the Transferee that includes:

(1)     Avoidance and recovery of the Transfers, pursuant to Bankruptcy Code §§ 547(b) and 550(a);

409417_1.DOC

LEWIS
AND
ROCA
LLP
L A W Y E R S

    (2)    Avoidance and recovery of the Transfers, pursuant to Bankruptcy Code §§ 548(a) and 550(a);

    (3)    Disallowance of any claims of the Transferee, and avoidance and recovery of the Transfers, pursuant to Bankruptcy Code § 502(d);

    (4)    An award of prejudgment interest at the maximum legal rate from the date of the Trust's demand until entry of the judgment;

    (5)    An award of costs and disbursements incurred by the Trust in this action; and

    (6)    An award of such other relief as may be just and proper.

DATED this 11th day of April 2008.

**LEWIS AND ROCA LLP**

By    /s/Anne M. Loraditch
    SUSAN M. FREEMAN, ESQ., *pro hac vice*
    Arizona Bar No. 4199
    ROB CHARLES, ESQ.
    Nevada Bar No. 6593
    ANNE M. LORADITCH, ESQ.
    Nevada Bar No. 8164
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone (702) 949-8200

*Attorneys for USACM Liquidating Trust*

409417_1.DOC



**EXHIBIT 1**
**Transfer Detail**

| Date | Check No. | Amount |
|------|-----------|--------|
| 1/6/06 | 21635 | $6,914.93 |
| 2/3/06 | 21696 | $4,907.88 |
| 3/8/06 | 21592 | $1,012.10 |
| | **TOTAL** | **$12,834.91** |

409417_1.DOC