**LEWIS AND ROCA LLP**
LAWYERS

Susan M. Freeman (AZ Bar No. 4199) *pro hac vice*
Rob Charles (NV Bar No. 6593)
Anne M. Loraditch (NV Bar No. 8164)
**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Last Vegas, Nevada 89169
Telephone (702) 949-8200
Facsimile (702) 949-8398
Email: sfreeman@lralw.com
       rcharles@lrlaw.com
       aloraditch@lrlaw.com
*Attorneys for USACM Liquidating Trust*

Electronically Filed April 11, 2008

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In Re:

USA COMMERCIAL MORTGAGE COMPANY,
USA CAPITAL REALTY ADVISORS, LLC,
USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, USA CAPITAL FIRST TRUST DEED FUND, LLC, USA SECURITIES, LLC,

   Debtors.

**Affects:**
☐ All Debtors
☒ USA Commercial Mortgage Company
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA Capital First Trust Deed Fund, LLC
☐ USA Securities, LLC

USACM Liquidating Trust,

   Plaintiff,

   v.

Gentile De Palma, Ltd.,

   Defendant.

Case No. BK-S-06-10725-LBR
Case No. BK-S-06-10726-LBR
Case No. BK-S-06-10727-LBR
Case No. BK-S-06-10728-LBR
Case No. BK-S-06-10729-LBR

CHAPTER 11

Jointly Administered Under
Case No. BK-S-06-10725 LBR

**Adversary No.** _____

**COMPLAINT TO AVOID AND RECOVER PRE-PETITION TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550**

409425_1.DOC

The USACM Liquidating Trust (the "Trust"), by and through its undersigned counsel, hereby files its Complaint to Avoid and Recover Pre-Petition Transfers Pursuant to 11 U.S.C. §§ 547, 548, and 550 against Gentile De Palma, Ltd., and alleges as follows:

## I.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and 157.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue in this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

## II.

## PARTIES AND BACKGROUND

4. On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM") commenced its reorganization case (the "Case") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. The Trust is successor to USACM by virtue of this Court's confirmation of the plan of reorganization in the Case, which became effective on March 12, 2007 (the "Effective Date"). The Trust seeks to avoid and recover the transfer, as described below, for the Trust's beneficiaries.

6. The Trust is the Court-appointed holder of certain post-Effective Date assets of the USACM chapter 11 estate.

7. Defendant Gentile De Palma (the "Transferee"), is an entity that was transacting business with USACM prior to the commencement of the Case.

///

///

///

409425_1.DOC

### III.

### FIRST CLAIM FOR RELIEF

### (Avoidance of a Transfer of Property Pursuant to § 547(b))

8. The allegations contained in paragraphs 1 though 7 above are incorporated herein by reference.

9. On or about March 10, 2006, USACM caused the transfer of the amount of $30,000.00 (the "Transfer") from a bank account containing funds owned by USACM to the Transferee. Accordingly, the Transfer was a transfer of an interest of USACM in the property.

10. The Transfer was made to or for the benefit of the Transferee, who was a creditor of USACM, for an amount not less than the amount of the Transfer at the time of the Transfer. The Transferee's claim against USACM for which the Transfer was made was an antecedent debt.

11. The Transfer was made at a time that USACM's debts exceeded the value of all of its property. Accordingly, the Transfer was made while USACM was insolvent, as that term is defined by 11 U.S.C. § 101(32).

12. The Transfer was made on or within ninety (90) days before the Petition Date.

13. The Transfer enabled the Transferee to receive more than it would have received if (a) the Case was a case under chapter 7, (b) the Transfer had not been made, and (c) the Transferee received payment of its debt to the extent provided by the Bankruptcy Code.

14. The Transfer is avoidable pursuant to Bankruptcy Code § 547(b).

### IV.

### SECOND CLAIM FOR RELIEF

### (Avoidance of a Transfer of Property Pursuant to 11 U.S.C. § 548(a)(1)(B))

15. The allegations contained in paragraphs 1 though 14 above are incorporated herein by reference.

///

///

3

409425_1.DOC

16. To the extent the Transferee alleges it was not a creditor of USACM or that the Transfer was not made on account of an antecedent debt, USACM did not receive reasonably equivalent value in exchange for the Transfer.

17. The Transfer was made on or within ninety (90) days before the Petition Date.

18. The Transfer is avoidable pursuant to Bankruptcy Code § 548(a)(1)(B).

**V.**

**THIRD CLAIM FOR RELIEF**

**(Recovery of Avoided Transfer Pursuant to 11 U.S.C. § 550(a))**

19. The allegations contained in paragraphs 1 though 18 above are incorporated herein by reference.

20. The Transferee is the initial transferee of the Transfer.

21. Upon the avoidance of the Transfer, the Trust may recover the Transfer, or the value thereof, from the Transferee, pursuant to Bankruptcy Code § 550(a).

**VI.**

**FOURTH CLAIM FOR RELIEF**

**(Disallowance of Claim(s) Pursuant to 11 U.S.C. § 502(d))**

22. The allegations contained in paragraphs 1 though 21 above are incorporated herein by reference.

23. The Transfer is avoidable pursuant to Bankruptcy Code § 547(b) and/or § 548; and property is recoverable from the Transferee pursuant to Bankruptcy Code § 550.

24. To the extent the Transferee holds a claim against USACM or its bankruptcy estate, the Court should disallow such claim(s), pursuant to Bankruptcy Code § 502(d), because the Transferee has failed to pay to the estate (or otherwise return to the Trust or the estate) the amount of the Transfer.

///

///

409425_1.DOC

## VII.

## **FIFTH CLAIM FOR RELIEF**

### **(Prejudgment Interest)**

25. The allegations contained in paragraphs 1 though 24 above are incorporated herein by reference.

26. The Trust, by counsel, made written demand upon the Transferee for the return of the Transfer on February 12, 2008, but the Transferee has failed or refused to return the Transfer.

27. The Trust was unnecessarily delayed in its recovery of the Transfer by the Transferee's failure to respond to the Trust's demand for the return of the Transfer.

28. The Trust is entitled to a grant of pre-judgment interest on the value of the Transfer from the date of the Trust's demand letter until the entry of judgment in this proceeding to compensate the estate for the delay arising from the Transferee's refusal to return the Transfer.

## VIII.

## **RESERVATION OF RIGHTS**

29. The Trust hereby specifically reserves the right to bring any and all other causes of action that it may maintain against the Transferee including, without limitation, causes of action arising out of the same transaction(s) set forth herein, to the extent discovery in this action or further investigation by the Trust reveals such further causes of action.

## IX.

## **CONCLUSION**

**WHEREFORE**, the Trust, by counsel, respectfully prays for a judgment against the Transferee that includes:

(1) Avoidance and recovery of the Transfer, pursuant to Bankruptcy Code §§ 547(b) and 550(a);

(2) Avoidance and recovery of the Transfer, pursuant to Bankruptcy Code §§ 548(a) and 550(a);

409425_1.DOC

(3)     Disallowance of any claims of the Transferee, and avoidance and recovery of the Transfer, pursuant to Bankruptcy Code § 502(d);

(4)     An award of prejudgment interest at the maximum legal rate from the date of the Trust's demand until entry of the judgment;

(5)     An award of costs and disbursements incurred by the Trust in this action; and

(6)     An award of such other relief as may be just and proper.

DATED this 11th day of April 2008.

**LEWIS AND ROCA LLP**

By     /s/Anne M. Loraditch
SUSAN M. FREEMAN, ESQ., *pro hac vice*
Arizona Bar No. 4199
ROB CHARLES, ESQ.
Nevada Bar No. 6593
ANNE M. LORADITCH, ESQ.
Nevada Bar No. 8164
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone (702) 949-8200

*Attorneys for USACM Liquidating Trust*

409425_1.DOC