E-filed on 4/11/08

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Susan M. Freeman, AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |
| USACM LIQUIDATING TRUST<br><br>Plaintiff,<br><br>v.<br><br>BINGHAM MCCUTCHEN, LLP<br><br>Defendants. | **Adversary No. 08-___**<br><br>**USACM LIQUIDATING TRUST'S ORIGINAL COMPLAINT**<br><br>Hearing Date: n/a<br>Hearing Time: n/a |

<u>**USACM LIQUIDATING TRUST'S ORIGINAL COMPLAINT**</u>                    Page -- 1

Plaintiff USACM Liquidating Trust (the "Trust"), as successor to USA Commercial Mortgage Company, hereby complains as follows:

## I. NATURE OF THIS ACTION

1. In April 2006, USA Commercial Mortgage Company ("USACM"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), and certain related entities were forced to file for bankruptcy protection as a result of the gross misconduct by certain insiders, namely Thomas A. Hantges ("Hantges") and Joseph D. Milanowski ("Milanowski") (collectively, the "Culpable Insiders"). Among other wrongful conduct, the Culpable Insiders systematically looted USACM and DTDF to fund USA Investment Partners, LLC ("USAIP"), an entity that functioned as their personal "piggy bank," as well as other entities in which they stood to reap substantial personal profits.

2. In the aggregate, the Culpable Insiders misappropriated tens of millions of dollars from USACM and DTDF in order: (a) to fund the negative cash flow operations of USAIP and its vast network of affiliated entities; and (b) to pay USAIP's obligations to third parties. In this adversary proceeding, the Trust seeks to recover $ 200,000 of funds misappropriated from USACM and transferred to Defendant.

## II. JURISDICTION / VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334(b) in that this action arises under, arises in, and/or relates to this bankruptcy case.

4. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H), and (O).

5. This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001.

6. The Defendant is subject to personal jurisdiction in this Court.

**USACM LIQUIDATING TRUST'S ORIGINAL COMPLAINT**          **Page -- 2**

7. This Court has venue over this proceeding pursuant to 28 U.S.C. § 1409(a).

### III. PARTIES

**A. PLAINTIFF**

8. Plaintiff Trust was created pursuant to the Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan") filed by USACM, DTDF, and three other debtors in Bankruptcy Case No. 06-10725 (Docket No. 1799). The Joint Plan was confirmed by the Bankruptcy Court on January 8, 2007, and became effective on March 12, 2007. The Joint Plan expressly retained USACM's causes of action for enforcement by the Trust, pursuant to 11 U.S.C. § 1123(b)(3)(B). The Joint Plan also transferred certain causes of action belonging to USA Capital First Trust Deed Fund, LLC to the Trust. The Trust, therefore, has standing to bring this action against the Defendants. The Trust is a liquidating trust organized under Nevada law. The Trust's beneficiaries are the holders of allowed unsecured claims against USACM. Geoffrey L. Berman serves as the trustee of the Trust and may be served through undersigned counsel.

**B. DEFENDANT**

9. Defendant Bingham McCutchen LLP ("Bingham" or "Defendant") is a Massachusetts limited liability partnership with its principal place of business in the State of Massachusetts at 150 Federal St., Boston, Massachusetts 21101-7610. Defendant Bingham can be served under Fed. R. Civ. P. 4(h)(1)(A) and Nev. Civ. R. Pro. 4(d)(2) through the Nevada Secretary of State.

**USACM LIQUIDATING TRUST'S ORIGINAL COMPLAINT**     **Page -- 3**

# IV. FACTUAL ALLEGATIONS

## A. BACKGROUND OF USACM AND ITS DEMISE

10. In April 2006, USACM and certain related companies collapsed due to the fraud perpetrated on them by Culpable Insiders. Beginning as early as 1997, the Culpable Insiders employed a pervasive "Ponzi"-like scheme that enabled them to loot and/or misappropriate tens of millions of dollars from USACM. As a result of these wrongful activities, USACM was insolvent at least as early as December 31, 2001, if not earlier. Eventually USACM (the "Debtor") filed for relief under Chapter 11 of the Bankruptcy Code on April 13, 2006 (the "Petition Date").

11. USACM was a mortgage broker and loan servicing company whose primary business activities were: (a) "originating" short-term loans from investors to real estate developers; and (b) servicing the loans that it originated by collecting principal and interest from borrowers and distributing those payments to the investors. USACM earned revenue by charging various fees for these services, including origination, servicing, and extension fees, although these fees often went uncollected.

12. A significant portion of the fee revenues that USACM actually received was subsequently misappropriated by the Culpable Insiders. Specifically, the Culpable Insiders misappropriated USACM's money to fund entities in which they held an indirect ownership interest through USA Investment Partners, LLC ("USAIP"), including time-share hotels, real estate development entities, and technology companies. The Culpable Insiders often earmarked USACM funds and used USAIP as a conduit for fraudulently transferring these funds to such entities. In other instances, the Culpable Insiders caused USACM to directly transfer funds to entities in which

USAIP and the Culpable Insiders had an interest. In the aggregate, the Culpable Insiders misappropriated tens of millions of dollars from USACM to fund their outside business ventures.

13. It was completely adverse to USACM's interests for the Culpable Insiders to misappropriate USACM's funds for the benefit of USAIP. USACM owed no obligation, and received no benefit for the money provided to USAIP and/or on its behalf. The Culpable Insiders did not charge and/or collect interest on any of these transfers of USACM's funds, thereby precluding USACM from using this money in legitimate investments. In addition, the Culpable Insiders rarely repaid transfers of USACM's funds for USAIP's benefit. In the aggregate, USACM transferred at least $58 million to USAIP to fund USAIP's investments and pay its obligations.[1] Prior to the Petition Date, USAIP's obligation to repay USACM was undocumented and appeared only as an enormous intercompany receivable to USACM. In at least some instances, the Bankruptcy Court has already found that USACM did not receive reasonably equivalent value when it transferred funds to USAIP in exchange for incremental increases to this intercompany receivable. USAIP's failure to repay such transfers and its ultimate bankruptcy has prevented any possibility of USACM fully recovering on such obligations.

14. In addition, the Culpable Insiders caused USACM to make scores of other payments for which it received no benefit and for which it had no underlying obligation. Routinely, the Culpable Insiders commingled USACM's operating funds with funds held in the USACM Collections Trust Account and other funds to make regular interest and principal payments to investors in non-performing loans. These payments were made to conceal delinquent and defaulted

---

[1] The $58 million obligation is in part or in whole reflected in the note between USACM and USAIP dated May 15, 2006. The Bankruptcy Court approved the note by order dated July 24, 2006.

**USACM LIQUIDATING TRUST'S ORIGINAL COMPLAINT**            **Page -- 5**

loans from other USACM directors, officers, employees, shareholders, as well as the investors and regulatory authorities. In turn, this induced existing investors to maintain or increase their investments with USACM and enticed new investors to entrust their money to USACM, thereby providing the Culpable Insiders with liquidity to fund their scheme, and thus, future sources of funds to loot from USACM.

15. Ultimately, USACM lost millions of dollars by making principal and interest payments on loan obligations that it did not owe on behalf of defaulting borrowers. USACM did not receive any benefit from making these "pre-payments" of interest and principal. Rather, such payments were expressly forbidden by Nevada law, including NRS 645B.250.

16. The Culpable Insiders also misappropriated USACM's funds directly for their personal benefit. USACM frequently made unsecured, interest-free "advances" directly to the Culpable Insiders. In other instances, the Culpable Insiders misappropriated USACM funds to pay for professional services rendered solely for the benefit of the Culpable Insiders and/or one of their outside business ventures.

17. Ultimately, USACM lost tens of millions of dollars through the myriad of ways in which the Culpable Insiders' systematically misappropriated USACM funds.[2] Additionally, the Culpable Insiders also systematically looted DTDF to fund USAIP and its affiliated entities. Approximately $55 million was taken from DTDF and sent to USAIP and related entities, either directly or indirectly through two sham companies — 10-90, Inc. ("10-90") and Mountain Vista, Inc.

---

[2] A more detailed discussion of the fraudulent scheme leading to USACM's demise and bankruptcy may be found in the USACM Liquidating Trust's Complaint Against Deloitte & Touche, LLP and Victoria Loob. *See* Docket No. 1 in Cause No. 2:08-cv-00461-PMP-PAL, pending in the United States District Court, District of Nevada, Las Vegas Division.

**USACM LIQUIDATING TRUST'S ORIGINAL COMPLAINT**     **Page -- 6**

**B.    TRANSFER FROM USACM TO DEFENDANT**

18.    On August 11, 2005, USACM originated a $30 million construction loan to MS Acquisition Company, LLC (the "Marlton Square Loan") for the purpose of constructing a mixed use development in Los Angeles, California ("Marlton Square").  USACM's only contractual obligations in connection with the Marlton Square Loan were as: (i) the loan originator (or broker); and (ii) the loan servicer for the lenders.  USACM was not a lender in the Marlton Square Loan, nor did it have any legal interest in the Marlton Square Loan.  FTDF and several investors were the only lenders in the Marlton Square Loan and the only "Lender" identified in all of the loan documents, including the recorded deed(s) of trust.  Thus, USACM had no obligation to transfer its own funds to Defendant, nor could USACM receive any benefit from transferring its own funds to pay obligations incurred by others in connection with the Marlton Square project.

19.    On January 10, 2006, the Culpable Insiders caused USACM to wire transfer $200,000 from its operating account to Defendant (the "Transfer").  Upon information and belief, USACM transferred $200,000 to Defendant for legal fees incurred by others in connection with Marlton Square project.  Milanowski directed that the Transfer be recorded as an account receivable on the Marlton Square project and indicated that USACM was "going to get [its] money back." USACM has not been reimbursed for the Transfer by Defendant nor by any other entity.  USACM had no obligation to transfer $200,000 to Defendant and USACM received no benefit in exchange for making the Transfer.  Given USACM's limited involvement in the Marlton Square Loan, the Transfer to Defendant was made completely against USACM's interests.

<u>**USACM LIQUIDATING TRUST'S ORIGINAL COMPLAINT**</u>        **Page -- 7**

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (11 U.S.C. § 548(a)(1)(A))

20. The Trust re-alleges and fully incorporates the allegations pleaded above as if fully set forth herein.

21. The Transfer constituted a transfer of an interest of the Debtor in property.

22. The Transfer was made within one year of the Petition Date.

23. The Transfer was made with the intent to hinder, delay, or defraud entities to which the Debtor was or became indebted to on or after the date the Transfer was made.

24. Pursuant to 11 U.S.C. § 548(a)(1)(A), the Trust asks this Court to avoid the Transfer.

### SECOND CAUSE OF ACTION
### (11 U.S.C. § 548(a)(1)(B))

25. The Trust re-alleges and fully incorporates the allegations pleaded above as if fully set forth herein.

26. The Transfer constituted a transfer of an interest of the Debtor in property.

27. The Transfer was made within one year of the Petition Date.

28. The Debtor received less than a reasonably equivalent value in exchange for the Transfer.

29. The Debtor was insolvent on the date the Transfer was made or became insolvent as a result of the Transfer.

30. As a result of the Transfer, the Debtor was engaged in business or a transaction or was about to engage in business or a transaction for which any property remaining with the Debtor was unreasonably small capital.

**USACM LIQUIDATING TRUST'S ORIGINAL COMPLAINT**          **Page -- 8**

31. As a result of the Transfer, the Debtor intended to incur or believed that it would incur debts that would be beyond its ability to pay as such debts matured.

32. Pursuant to 11 U.S.C. § 548(a)(1)(B), the Trust asks this Court to avoid the Transfer.

### THIRD CAUSE OF ACTION
### (11 U.S.C. § 544 and NRS 112.180(1)(a))

33. The Trust re-alleges and fully incorporates the allegations pleaded above as if fully set forth herein.

34. The Transfer constituted a transfer of an interest of the Debtor in property.

35. The Transfer was made within the applicable four-year period under NRS 112.180(1)(a).

36. On the date of the Transfer and on the Petition Date, there were creditors with allowable unsecured claims who could have avoided the Transfer pursuant to Nevada state law.

37. The Culpable Insiders caused the Debtor to make the Transfer with the actual intent to hinder, delay, or defraud creditors of the Debtor.

38. Accordingly, the Transfer: (a) is a fraudulent transfer under NRS 112.180(1)(a); and (b) may be recovered under NRS 112.220.

39. Pursuant to 11 U.S.C. § 544(b), the Trust asks the Court to avoid the Transfer under applicable state law.

### FOURTH CAUSE OF ACTION
### (11 U.S.C. § 544 and NRS 112.180(1)(b))

40. The Trust re-alleges and fully incorporates the allegations pleaded above as if fully set forth herein.

41. The Transfer constituted a transfer of an interest of the Debtor in property.

42. The Transfer was made within the applicable four-year period under NRS 112.180(1)(b).

43. On the date of the Transfer and the Petition Date, there were creditors with allowable unsecured claims who could have avoided the Transfer pursuant to Nevada state law.

44. The Debtor received less than a reasonably equivalent value in exchange for the Transfer.

45. The Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or the transaction.

46. The Debtor was engaged in business or a transaction or was about to engage in business or a transaction for which any property remaining with the Debtor was unreasonably small capital.

47. The Debtor intended to incur or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

48. Accordingly, the Transfer (a) is a fraudulent transfer under NRS 112.180(1)(b); and (b) may be recovered under NRS 112.220.

49. Pursuant to 11 U.S.C. § 544(b), the Trust asks the Court to avoid the Transfer under applicable state law.

### FIFTH CAUSE OF ACTION
### (11 U.S.C. § 550(a) and NRS 112.220)

50. The Trust re-alleges and fully incorporates the allegations pleaded above as if fully set forth herein.

<u>USACM LIQUIDATING TRUST'S ORIGINAL COMPLAINT</u>    **Page -- 10**

51. The Transfer is avoidable under 11 U.S.C. § 544 (through NRS 112.180(1)(a) and (b)) and/or 11 U.S.C. § 548 (a)(1)(A) and § 548 (a)(1)(B).

52. The Trust may recover the value of the Transfer directly from Defendant as an initial transferee pursuant to 11 U.S.C. § 550(a)(1) and NRS 112.220.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Trust respectfully requests that the Court enter judgment as follows:

(a) Avoiding the Transfer;

(b) Directing Defendant to pay the value of the Transfer to the Trust;

(c) Directing Defendant to pay to the Trust all pre-judgment and post-judgment interest on the Transfer at the maximum rate allowable by law and/or equity;

(d) Directing Defendant to pay the Trust's costs of court; and

(e) Awarding the Trust such other relief that this Court deems just and proper.

Dated: April 11, 2008.

**DIAMOND MCCARTHY LLP**

By: */s/ Erin E. Jones*
Allan B. Diamond, TX 05801800 (pro hac vice)
Eric D. Madden, TX 24013079 (pro hac vice)
Erin E. Jones, TX 24032478 (pro hac vice)
Elisaveta Dolghih, TX 24043355 (pro hac vice)
909 Fannin, Suite 1500
Houston, Texas 77010
(713) 333-5100 (telephone)
(713) 333-5199 (facsimile)

*Special Litigation Counsel for USACM Liquidating Trust*

**LEWIS AND ROCA LLP**

By: */s/ Rob Charles*
Susan M. Freeman, AZ 4199 (pro hac vice)
Rob Charles, NV 6593
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
(702) 949-8320 (telephone)
(702) 949-8321 (facsimile)

*Counsel for USACM Liquidating Trust*

**USACM LIQUIDATING TRUST'S ORIGINAL COMPLAINT**          **Page -- 11**