**LEWIS AND ROCA LLP LAWYERS**

E-Filed on 5/2/08

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No. BK-S-06-10725-LBR |
|---|---|
| USA COMMERCIAL MORTGAGE COMPANY, | Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[1]<br>Case No. BK-S-06-10729-LBR[2] |
| USA CAPITAL REALTY ADVISORS, LLC, | CHAPTER 11 |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | Jointly Administered Under Case No. BK-S-06-10725 LBR |
| USA CAPITAL FIRST TRUST DEED FUND, LLC,[1] | **DECLARATION OF EDWARD M. BURR IN SUPPORT OF OMNIBUS OBJECTIONS TO PROOFS OF CLAIM BASED UPON INVESTMENT IN PALM SPRINGS MARQUIS HOTEL LOAN; AND CERTIFICATE OF SERVICE** |
| USA SECURITIES, LLC,[2]  Debtors. | |
| **Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Date of Hearing: June 9, 2008<br>Time of Hearing: 9:30 a.m. |

I, Edward M. Burr, hereby declare under penalty of perjury that:

1.  I am a principal with Sierra Consulting Group, LLC ("Sierra"). Sierra is one of the leading providers of restructuring advisory and litigation support services in the

---

[1] This bankruptcy case was closed on October 12, 2007.

[2] This bankruptcy case was closed on December 26, 2007.

237954.1

Southwest.  Sierra is a leading national consulting firm comprised of experienced CPAs and other financial professionals.

2. I submit this declaration on behalf of the USACM Liquidating Trust's Objections to Proofs of Claim filed this date.

3. This Court approved the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company's ("Committee") appointment of Sierra as financial advisers on August 11, 2006.  From that date to the Effective Date of the Debtors' confirmed Plan of Reorganization, I have assisted the Committee in analyzing facts concerning these jointly administered bankruptcy cases.  As of the Effective Date of the confirmed Plan of Reorganization, Sierra has been retained by the USACM Liquidating Trust to investigate and reconcile the claims against the USA Commercial Mortgage Company ("USACM") estate.

4. I make the following declaration based upon my personal knowledge, and upon the records of the Debtors described in this declaration, including Debtors' original and amended schedules of liabilities and the proofs of claim described herein, as well as Debtors' accounting records.

5. On March 12, 2007 Effective Date of the Plan, the USACM Liquidating Trust succeeded to USACM's rights with respect to books and records.

6. Sierra has been working closely with both the Trustee for the USACM Liquidating Trust and Development Specialist Inc. ("DSI"), the Trustee's financial advisor, in evaluating all of the claims that were filed in the USACM estate.

7. **Exhibit A**, attached, lists Proofs of Claim that appear to be based, in whole or in part, upon an investment in the Palm Springs Marquis Hotel Loan ("Marquis Hotel Loan").  For each claim listed, **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the

claim that appears to be related to the Marquis Hotel Loan based upon the information provided by the claimant.

8. We are advised by the loan servicer, confirmed by payment records, that on or about February 25, 2008, the Marquis Hotel Loan was paid in full, as reflected in USACM's books and records. Shortly thereafter, USACM processed the payoff and distributed the proceeds to the Direct Lenders on the Marquis Hotel Loan.

9. The Direct Lenders were paid in full, subject to servicing fees and any other charges under their respective Loan Servicing Agreements and this Court's orders, including the Confirmation Order. In general, the Direct Lenders received their principal and interest on the Marquis Hotel Loan, less sums withheld for Prepaid Interest and sums known as the 2% Holdback. On the Effective Date of the Plan, the Prepaid Interest was applied, a portion of the 2% Holdback was applied to the allowed claims of the Direct Lender Committee, and the balance paid to the Direct Lenders.

10. Accordingly, the USACM Trust no longer has further obligations to the Direct Lenders arising out of the Marquis Hotel Loan because, pursuant to USACM's books and records, the Marquis Hotel Loan has been repaid in full, and the Direct Lenders have received such payment as they were entitled to under the confirmed plan of reorganization.

Dated: May 2, 2008

                                  /s/ Edward M. Burr
                                         Edward M. Burr

237954.1

LEWIS AND ROCA LLP LAWYERS

1  Copy of the foregoing mailed by first class
   Postage prepaid U.S. Mail on
2  May 2, 2008 to:

3  All parties in interest listed on
   Exhibit A attached.

4

5  s/ Renee L. Creswell
   Renee L. Creswell

4

237954.1