Israel Goldowitz, Chief Counsel
Karen L. Morris, Deputy Chief Counsel
James L. Eggeman, Assistant Chief Counsel, VA Bar No. 37101[*]
Frank A. Anderson, Attorney, D.C. Bar No. 478234[**]
Erika E. Barnes, Attorney, Cal. Bar No. 197309[**]
PENSION BENEFIT GUARANTY CORPORATION
Office of the Chief Counsel
1200 K Street, NW, Suite 340
Washington, D.C.  20005-4026
Tel: (202) 326-4020, ext. 3759
Fax: (202) 326-4112
anderson.frank@pbgc.gov and efile@pbgc.gov

and

Gregory A. Brower
United States Attorney, District of Nevada, NV Bar No. 5232
Carlos A. Gonzalez
Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Tel:  (702) 388-6336
Fax:  (702) 388-6787
Carlos.Gonzalez2@usdoj.gov

Attorneys for Pension Benefit Guaranty Corporation

Electronically Filed:
May 13, 2008

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | Case No. BK-S-06-10725 LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | ) | Case No. BK-S-06-10726 LBR |
| Debtor. | ) | Case No. BK-S-06-10727 LBR |
| In re: | ) | Case No. BK-S-06-10728 LBR |
| USA CAPITAL REALTY ADVISORS, LLC | ) | Case No. BK-S-06-10729 LBR |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | ) | |
| Debtor. | ) | Jointly Administered Under |
| In re: | ) | Case No. BK-S-06-10725 LBR |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | ) | |
| Debtor. | ) | |
| In re: | ) | Hearing Date: April 17, 2008 |
| USA SECURITIES, LLC | ) | Hearing Time: 9:30 a.m. |
| Debtor. | ) | |

---

[*] Motion to permit appearance of government attorney pending.
[**] Admitted pro hac vice.

**PBGC'S OBJECTION TO PROPOSED ORDER DISALLOWING AMENDED CLAIM
NO. 791 FILED BY THE PENSION BENEFIT GUARANTY CORPORATION**

## I.    INTRODUCTION

Pursuant to Local Rule 9021(b), the Pension Benefit Guaranty Corporation ("PBGC")
hereby respectfully submits its statement of objections and alternate proposal relating to the
Court's oral ruling on April 17, 2008, concerning the objection of the USACM Liquidating Trust
("Liquidating Trust").  PBGC's alternate proposed order is attached hereto as Exhibit A, and a
blackline comparison with the Liquidating Trust's proposed order is attached hereto as Exhibit
B.

The parties attempted in good faith to reach a consensual agreement on the form of
proposed order.  To assist the parties in reaching a resolution, PBGC obtained a transcript of the
hearing on an expedited basis and provided a copy of the transcript to counsel for the Liquidating
Trust.[1]  However, the parties were unable to reach agreement.

## II.    ARGUMENT

**The Court should provide in its order the basis for sustaining the Liquidating
Trust's objection to PBGC's termination premium claim under 29 U.S.C.
§ 1306(a)(7).**

On April 17, 2008, the Court heard the Liquidating Trust's objections to the PBGC's
claim for termination premiums under 29 U.S.C. § 1306(a)(7).  Subparagraph (A) of that
subsection sets forth the termination premium.  Subparagraph (B) provides that for pension plans
terminated under certain statutory provisions "during pendency of any bankruptcy reorganization
proceeding under chapter 11 of title 11 . . . subparagraph (A) shall not apply to such plan until

_____

[1] Relevant portions of the transcript for the Liquidating Trust's objection to PBGC's Claim No.
791 on April 17, 2008 ("Transcript") are attached hereto as Exhibit C.

the date of the discharge or dismissal of such person in such case." In its pleadings and at the hearing, the Liquidating Trust set forth alternative objections to PBGC's termination premium claim, ranging from the argument that there is no bankruptcy claim against the estate – thereby precluding any recovery – to the argument that the termination premium is a contingent claim that could be allowed only as a general unsecured claim.

The parties agree that the Court ruled that a liquidating Chapter 11 case falls within the meaning of "any bankruptcy reorganization proceeding under chapter 11 of title 11" under 29 U.S.C. § 1306(a)(7)(B). The primary area of disagreement between the parties with respect to the proposed order appears to be whether the Court held that the termination premium under 29 U.S.C. § 1306(a)(7)(B) is not a bankruptcy claim under Section 101(5) of the Code. The following discourse in the transcript appears to indicate that this was precisely the Court's ruling:

> MR. EGGEMAN:  . . .  So you're saying that under [29 U.S.C. §1306(a)(7)(B)] no claim would arise in a liquidating 11, is that --
>
> THE COURT:  I --
>
> MR. EGGEMAN:  -- but in --
>
> THE COURT:  That's right.  No.  As long as it's a Chapter 11 proceeding then it doesn't apply, there is no claim, and I think that's the point because I think even the code means, even -- let's assume that we had a reorganization.  I don't believe it's even a claim in the estate because it says it doesn't apply until the date --
>
> MR. EGGEMAN: Well, that's the argument --
>
> THE COURT:  -- of the confirmation.

3

Comments on the record by counsel for the Liquidating Trust reflect the understanding that the Court had held that there was no claim for termination premiums.[2]

Given the arguments raised by the Liquidating Trust in its objections, PBGC believes that the Court should include the basis of its ruling in the order.  An order that states the basis of the Court's ruling would give the parties guidance as to the scope of the Court's holding, which is relevant in both this case and the related matters, and will assist PBGC in determining what further action, if any, should be taken in connection with PBGC's termination premium claim in this case and in the related bankruptcy proceedings.[3]  Orders in this case and in the related cases have generally stated a reason or reasons for the order.[4]

For the above reasons, and as reflected by the Court's statements at the close of the hearing, PBGC proposes the following order which concisely sets forth the Court's holding on the disposition of PBGC's termination premium claim:

IT IS HEREBY ORDERED:

1.    The Objection is sustained for the following reasons:

   a.   The USA Commercial Mortgage Company Defined Benefit Pension Plan terminated "during the pendency of any bankruptcy reorganization proceeding under chapter 11," within the meaning of 29 U.S.C. Sec. 1306(a)(7)(B);

---

[2] *See* Transcript at 61:22-62:4 ("there would be no claim"); 61:22-62:4  ("even if it were a claim").  *See also* Transcript at 62:21-63:4 (understands court not adopting Liquidating Trust's contingency claim argument).

[3] The Court noted that it was "not [its] intent to publish at this time."  Transcript, 60:14-15.

[4] This has often been true even for uncontested objections.  *See e.g.,* Order Sustaining First Omnibus Objection of USACM Trust to Proofs of Claim Based Upon Investment in the Hasley Canyon Loan, docket #6222, at 2; Order Sustaining First Omnibus Objection of USACM Trust to Proofs of Claim Based Upon Investment in the Homes for America Holding, LLC – Riviera 2nd Deed of Trust Loan, docket #5970, at 2.

    b.   The termination premium of 29 U.S.C. Sec. 1306(a)(7)(A) applies only upon discharge of the debtor or dismissal of the bankruptcy case;[5]

    c.   No bankruptcy claim within the meaning of Sec. 101(5) of the Bankruptcy Code for termination premiums arises in this case; and

    d.   For the reasons set forth by this Court in its oral ruling at the Hearing; and

2.     The Termination Premium Claim No. 10725-00791-2 is hereby disallowed in its entirety.

### III.    CONCLUSION

For the foregoing reasons, PBGC respectfully submits the attached Proposed Order at Exhibit A for the court's consideration.

Dated: May 13, 2008

Respectfully Submitted,

 /s/  Frank A. Anderson

| | |
|---|---|
| Local Counsel: | Israel Goldowitz, Chief Counsel |
| Gregory A. Brower, | Karen L. Morris, Deputy Chief Counsel |
| United States Attorney, | James L. Eggeman, Assistant Chief Counsel, |
| District of Nevada, | VA Bar No. 37101 |
| NV Bar No. 5232 | Frank A. Anderson, Attorney, |
| Carlos A. Gonzalez, | D.C. Bar No. 478234 |
| Assistant United States Attorney | Erika E. Barnes, Attorney, |
| 333 Las Vegas Blvd. South, Suite 5000 | Cal. Bar No. 197309 |
| Las Vegas, Nevada 89101 | PENSION BENEFIT GUARANTY |
| Tel:  (702) 388-6336 | CORPORATION |
| Fax:   (702) 388-6787 | Office of the Chief Counsel |
| Carlos.Gonzalez2@usdoj.gov | 1200 K Street, NW, Suite 340 |
| | Washington, D.C.  20005-4026 |
| | Tel: (202) 326-4020, ext. 3460 |
| | Fax: (202) 326-4112 |

---

[5] Language from proposed sections (a) and (b) is taken from the statute at issue, 29 U.S.C. § 1306(a)(7)(B).