LEWIS AND ROCA LLP
LAWYERS

E-filed on July 18, 2008

Rob Charles (NV Bar No. 6593)
Marvin C. Ruth (NV Bar No. 10979)
**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Last Vegas, Nevada 89169
Telephone (702) 949-8200
Facsimile (702) 949-8398
Email: rcharles@lrlaw.com
           mruth@lrlaw.com
*Attorneys for USACM Liquidating Trust*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | Case No. BK-S-06-10725-LBR |
| | Case No. BK-S-06-10726-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | Case No. BK-S-06-10727-LBR |
| USA CAPITAL REALTY ADVISORS, LLC, | Case No. BK-S-06-10728-LBR |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, USA CAPITAL FIRST TRUST DEED FUND, LLC, USA SECURITIES, LLC, | Case No. BK-S-06-10729-LBR |
| | CHAPTER 11 |
| Debtors. | Jointly Administered Under Case No. BK-S-06-10725 LBR |
| **Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |
| USACM Liquidating Trust,<br>                    Plaintiff,<br>         v.<br>Donald Granatstein, an individual; and International Resort Management, Inc., a Florida corporation,<br>                    Defendants. | Adversary No. _____<br><br>**Complaint To Avoid And Recover Pre-Petition Transfers Pursuant To 11 U.S.C. §§ 547, 548 AND 550** |

The USACM Liquidating Trust (the "Trust") alleges:

409411_1.DOC

LEWIS AND ROCA LLP LAWYERS

## I.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and 157.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Trust consents to this Court's entry of final orders in this proceeding.

3. Venue in this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

## II.

## PARTIES AND BACKGROUND

4. On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM") commenced its reorganization case (the "Case") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. The Trust is successor to USACM by virtue of this Court's confirmation of the plan of reorganization in the Case which became effective on March 12, 2007 (the "Effective Date"). The Trust seeks to avoid and recover the transfer, as described below, for the Trust's beneficiaries.

6. The Trust is the Court-appointed holder of certain post-Effective Date assets of the USACM chapter 11 estate, including the causes of action asserted herein.

7. Defendant Donald Granatstein is an individual believed to reside in Florida. Defendant International Resort Management, Inc. (together with Donald Granatstein, the "Transferees"), is a corporation organized under the laws of the State of Florida, with its principal place of business located at 401 N. Orange Blossom Trail, Orlando, FL 32805.

8. The Transferees are entities that were transacting business with USACM prior to the commencement of the Case.

409411_1.DOC

## III.

## FIRST CLAIM FOR RELIEF

### (Avoidance of a Transfer of Property Pursuant to § 547(b))

9.  On or about April 3, 2006, USACM caused the transfer of the amount of $17,750.00 (the "Transfer") from a bank account containing funds owned by USACM to the Transferees. Accordingly, the Transfer was a transfer of an interest of USACM in the property.

10.  The Transfer was made to or for the benefit of the Transferees, who were creditors of USACM, for an amount not less than the amount of the Transfer at the time of the Transfer. The Transferees' claim against USACM for which the Transfer was made was an antecedent debt.

11.  The Transfer was made at a time that USACM's debts exceeded the value of all of its property. Accordingly, the Transfer was made while USACM was insolvent, as that term is defined by 11 U.S.C. § 101(32).

12.  The Transfer was made on or within 90 days before the Petition Date.

13.  The Transfer enabled the Transferees to receive more than they would have received if (a) the Case was a case under chapter 7, (b) the Transfer had not been made, and (c) the Transferees received payment of its debt to the extent provided by the Bankruptcy Code.

14.  The Transfer is avoidable pursuant to Bankruptcy Code § 547(b).

## IV.

## SECOND CLAIM FOR RELIEF

### (Avoidance of a Transfer of Property Pursuant to 11 U.S.C. § 548(a)(1)(B))

15.  To the extent the Transferees allege they were not creditors of USACM or that the Transfer was not made on account of an antecedent debt, USACM did not receive reasonably equivalent value in exchange for the Transfer.

409411_1.DOC

16. The Transfer was made on or within 90 days before the Petition Date.

17. The Transfer is avoidable pursuant to Bankruptcy Code § 548(a)(1)(B).

## V.

## THIRD CLAIM FOR RELIEF

### (Recovery of Avoided Transfer Pursuant to 11 U.S.C. § 550(a))

18. The Transferees are the initial transferees of the Transfer.

19. Upon the avoidance of the Transfer, the Trust may recover the Transfer, or the value thereof, from the Transferees, pursuant to Bankruptcy Code § 550(a).

## VI.

## FOURTH CLAIM FOR RELIEF

### (Disallowance of Claim(s) Pursuant to 11 U.S.C. § 502(d))

20. The Transfer is avoidable pursuant to Bankruptcy Code § 547(b) and/or § 548; and property is recoverable from the Transferees pursuant to Bankruptcy Code § 550.

21. To the extent the Transferees hold claims against USACM or its bankruptcy estate, the Court should disallow such claim(s), pursuant to Bankruptcy Code § 502(d), because the Transferees have failed to pay to the estate (or otherwise return to the Trust or the estate) the amount of the Transfer.

22. The Trust, by counsel, made written demand upon the Transferees for the return of the Transfer on February 12, 2008, but the Transferees have failed or refused to return the Transfer.

23. The Trust was unnecessarily delayed in its recovery of the Transfer by the Transferees' failure to respond to the Trust's demand for the return of the Transfer.

24. The Trust is entitled to a grant of pre-judgment interest on the value of the Transfer from the date of the Trust's demand letter until the entry of judgment in this proceeding to compensate the estate for the delay arising from the Transferees' refusal to return the Transfer.

409411_1.DOC

**LEWIS AND ROCA LLP**
**LAWYERS**

25. The Trust hereby specifically reserves the right to bring any and all other causes of action that it may maintain against the Transferees including, without limitation, causes of action arising out of the same transaction(s) set forth herein, to the extent discovery in this action or further investigation by the Trust reveals such further causes of action.

## VII.

## CONCLUSION

WHEFORE, the Trust request judgment against the Transferees, jointly and severally, that includes:

A. Avoidance and recovery of the Transfer, pursuant to Bankruptcy Code §§ 547(b) and 550(a);

B. Avoidance and recovery of the Transfer, pursuant to Bankruptcy Code §§ 548(a) and 550(a);

C. Disallowance of any claims of the Transferee, and avoidance and recovery of the Transfer, pursuant to Bankruptcy Code § 502(d);

D. An award of prejudgment interest at the maximum legal rate from the date of the Trust's demand until entry of the judgment;

E. An award of costs and disbursements incurred by the Trust in this action; and

F. An award of such other relief as may be just and proper.

DATED: July 18, 2008.

**LEWIS AND ROCA LLP**

By /s/ Marvin Ruth (10979)
Rob Charles (NV Bar 6593)
Marvin C. Ruth (NV Bar 10979)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone (702) 949-8200
*Attorneys for USACM Liquidating Trust*