**LEWIS AND ROCA LLP**
LAWYERS

Rob Charles (NV Bar No. 6593)
Marvin Ruth (NV Bar No. 10979)
**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Last Vegas, Nevada 89169
Telephone (702) 949-8320
Facsimile (702) 949-8321
Email: RCharles@LRLaw.com
          MRuth@LRLaw.com
*Attorneys for USACM Liquidating Trust*

E-Filed on 8/5/2008

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>USA Capital Realty Advisors, LLC,<br><br>USA Capital Diversified Trust Deed Fund, LLC,<br><br>USA Capital First Trust Deed Fund, LLC,[1]<br><br>USA Securities, LLC,[2]<br>                              Debtors. | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[1]<br>Case No. BK-S-06-10729-LBR[2]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR |
| USACM Liquidating Trust,<br>                              Plaintiff,<br>          v.<br>Dominic P. Gentile, Ltd., a Nevada domestic corporation, dba Gentile de Palma Ltd.,<br>                              Defendant. | Adversary No. 08-01120-lbr<br><br>**First Amended Complaint To Avoid And Recover Pre-Petition Transfers Pursuant To 11 U.S.C. §§ 547, 548 And 550** |

---

[1] This bankruptcy case was closed on October 12, 2007.
[2] This bankruptcy case was closed on December 26, 2007.

1958011.1

The USACM Liquidating Trust (the "Trust") alleges:

## I.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Trust consents to entry of final orders or judgment by the bankruptcy judge.

3. Venue in this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

## II.

## PARTIES AND BACKGROUND

4. On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM") commenced its reorganization case (the "Case") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. The Trust is successor to USACM by virtue of this Court's confirmation of the plan of reorganization in the Case, which became effective on March 12, 2007 (the "Effective Date"). The Trust seeks to avoid and recover the transfer, as described below, for the Trust's beneficiaries.

6. The Trust is the Court-appointed holder of certain post-Effective Date assets of the USACM chapter 11 estate.

7. Defendant Dominic P. Gentile, Ltd. dba Gentile De Palma Ltd. (the "Transferee"), is an entity that was transacting business with USACM prior to the commencement of the Case. Upon information and belief, the Transferee transacted business with USACM under the unregistered trade name Gentile de Palma Ltd., the defendant named in the initial Complaint filed by the Trust on April 11, 2008.

1958011.1

## III.

## FIRST CLAIM FOR RELIEF

### (Avoidance of a Transfer of Property Pursuant to § 547(b))

8. On or about March 10, 2006, USACM issued its check no. 21622 in the amount of $30,000.00 (the "Transfer") payable to the order of Gentile De Palma Ltd. from a USACM bank account at Wells Fargo Bank, N.A.

9. The check was indorsed by Dominic P. Gentile Ltd. for deposit in the Transferee's account at Nevada State Bank.

10. Wells Fargo Bank debited USACM's account for the Transfer and conveyed that amount to Nevada State Bank for the account of the Transferee. Accordingly, the Transfer was a transfer of an interest of USACM in its property.

11. On information and belief, the Transfer was made to or for the benefit of the Transferee, who was a creditor of USACM, for an amount not less than the amount of the Transfer at the time of the Transfer. The Transferee's claim against USACM for which the Transfer was made was an antecedent debt.

12. The Transfer was made at a time that USACM's debts exceeded the value of all of its property. Accordingly, the Transfer was made while USACM was insolvent, as that term is defined by 11 U.S.C. § 101(32).

13. The Transfer was made on or within 90 days before the Petition Date.

14. The Transfer enabled the Transferee to receive more than it would have received if (a) the Case was a case under chapter 7, (b) the Transfer had not been made, and (c) the Transferee received payment of its debt to the extent provided by the Bankruptcy Code.

15. The Transfer is avoidable pursuant to Bankruptcy Code § 547(b).

1958011.1

Case 06-10725-gwz    Doc 6544    Entered 08/05/08 11:58:52    Page 4 of 6

LEWIS
AND
ROCA
LLP
LAWYERS

IV.

**SECOND CLAIM FOR RELIEF**

**(Avoidance of a Transfer of Property Pursuant to 11 U.S.C. § 548(a)(1)(B))**

16. To the extent the Transferee alleges it was not a creditor of USACM or that the Transfer was not made on account of an antecedent debt, USACM did not receive reasonably equivalent value in exchange for the Transfer.

17. The Transfer was made on or within 90 days before the Petition Date.

18. The Transfer is avoidable pursuant to Bankruptcy Code § 548(a)(1)(B).

V.

**THIRD CLAIM FOR RELIEF**

**(Recovery of Avoided Transfer Pursuant to 11 U.S.C. § 550(a))**

19. The Transferee is the initial transferee of the Transfer.

20. Upon the avoidance of the Transfer, the Trust may recover the Transfer, or the value thereof, from the Transferee, pursuant to Bankruptcy Code § 550(a).

VI.

**FOURTH CLAIM FOR RELIEF**

**(Disallowance of Claim(s) Pursuant to 11 U.S.C. § 502(d))**

21. The Transfer is avoidable pursuant to Bankruptcy Code § 547(b) and/or § 548; and property is recoverable from the Transferee pursuant to Bankruptcy Code § 550.

22. To the extent the Transferee holds a claim against USACM or its bankruptcy estate, the Court should disallow such claim(s), pursuant to Bankruptcy Code § 502(d), because the Transferee has failed to pay to the estate (or otherwise return to the Trust or the estate) the amount of the Transfer.

## VII.

## **FIFTH CLAIM FOR RELIEF**

### **(Prejudgment Interest)**

23. The Trust, by counsel, made written demand upon the Transferee as Gentile de Palma, Ltd. for the return of the Transfer on February 12, 2008, but the Transferee has failed or refused to return the Transfer.

24. The Trust was delayed in its recovery of the Transfer by the Transferee's failure to respond to the Trust's demand for the return of the Transfer.

25. The Trust is entitled to a grant of pre-judgment interest in the amount of the Transfer from the date of the Trust's demand letter until the entry of judgment in this proceeding to compensate the estate for the delay arising from the Transferee's refusal to return the Transfer.

## VIII.

## **RESERVATION OF RIGHTS**

26. The Trust reserves the right to bring any and all other causes of action that it may maintain against the Transferee including, without limitation, causes of action arising out of the same transaction(s) set forth herein, to the extent discovery in this action or further investigation by the Trust reveals such further causes of action.

## IX.

## **CONCLUSION**

The Trust requests entry of judgment against the Transferee that includes:

(1) Avoidance and recovery of the Transfer, pursuant to Bankruptcy Code §§ 547(b) and 550(a);

(2) Avoidance and recovery of the Transfer, pursuant to Bankruptcy Code §§ 548(a) and 550(a);

(3) Disallowance of any claims of the Transferee, and avoidance and recovery of the Transfer, pursuant to Bankruptcy Code § 502(d);

**LEWIS AND ROCA LLP**
LAWYERS

(4)    An award of prejudgment interest at the maximum legal rate from the date of the Trust's demand until entry of the judgment;

(5)    An award of costs and disbursements incurred by the Trust in this action; and

(6)    An award of such other relief as may be just and proper.

DATED this 5th day of August 2008.

**LEWIS AND ROCA LLP**

By   /s/ Marvin Ruth
    ROB CHARLES, ESQ.
    Nevada Bar No. 6593
    MARVIN RUTH, ESQ.
    Nevada Bar No. 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
*Attorneys for USACM Liquidating Trust*

1958011.1