Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com

Attorneys for Debtors

E-FILED ON AUGUST 13, 2008

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **USA CAPITAL REALTY ADVISORS, LLC'S MOTION TO CLOSE CASE AND REQUEST FOR FINAL DECREE**<br><br>(Affects USA Capital Realty Advisors, LLC) |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☒ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | Hearing Date:   September 8, 2008<br>Hearing Time:  9:30 a.m. |

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    USA Capital Realty Advisors, LLC ("USA Realty"), by and through its counsel and

2    pursuant to 11 U.S.C. § 350(a) and Fed. R. Bankr. P. 3022, hereby files its Motion to Close Case

3    and Request for Final Decree ("Motion").  This Motion is submitted, together with "USA Capital

4    Realty Advisors, LLC's Final Report of Action Taken and Progress Toward Consummation of

5    Confirmed Plan of Reorganization" ("Final Report"), pursuant to 11 U.S.C. § 350(a), Federal Rule

6    of Bankruptcy Procedure 3022, Local Rule 3022, Article VIII, Section T of the Debtors' Third

7    Amended Joint Chapter 11 Plan of Reorganization (the "Plan"), and Paragraph 74 of the "Order

8    Confirming the Debtors' 'Third Amended Joint Chapter 11 Plan of Reorganization,' as Modified

9    Herein" (the "Confirmation Order") (Docket No. 2376).  This Motion is supported by the

10    Declaration of Susan M. Smith (the "Smith Declaration") and the Final Report both filed

11    concurrently herewith and incorporated herein by reference.  In further support hereof, USA

12    Realty states as follows:[1]

### I.    JURISDICTION

14    1.    The Court has jurisdiction to consider this Motion and to enter a Final Decree in

15    this case pursuant to 11 U.S.C. § 350(a), 28 U.S.C. §§ 157(b)(2)(A) and 1334, Art. VIII, Section

16    D.24 of the confirmed Plan, and Paragraphs 23 and 79 of the Confirmation Order.

### II.    BACKGROUND

18    2.    On April 13, 2006, USA Realty filed in this Court a voluntary petition for relief

19    under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). USA

20    Commercial Mortgage Company ("USACM"), USA Capital Diversified Trust Deed Fund, LLC

21    ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF"), and USA Securities, LLC

22    (collectively, with USA Realty, the "Debtors") also filed voluntary petitions seeking relief under

23    chapter 11 of the Bankruptcy Code on the same day.  All of the Debtors' bankruptcy cases have

24    been jointly administered (Docket No. 184), and no trustee or examiner has been appointed.

25    3.    No committee was appointed in the USA Realty bankruptcy case.

---

[1] Unless otherwise provided herein, all capitalized words and terms are defined in the confirmed Plan.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

4.    On January 8, 2007, the Court entered the Confirmation Order, confirming the Debtors' Plan.  Among other things, the Confirmation Order approved the sale of the assets of FTDF and certain assets of USACM to Compass Partners, LLC ("Compass" and the "Compass Sale"), which is memorialized in an Asset Purchase Agreement dated December 8, 2006 between FTDF and USACM, as sellers, the remaining Debtors, as acknowledging parties, and Compass, as purchaser.

5.    On or prior to January 18, 2007, the following three appeals from the Confirmation Order were filed, which were ultimately assigned to the United States District Court for the District of Nevada (the "District Court"): (a) an appeal by USA Investment Partners, LLC, designated as District Court No. 07-00138 (the "IP Appeal"); (b) an appeal by Debt Acquisition Company of America V, LLC, designated as District Court No. 07-00160 (the "DACA Appeal"); and (c) an appeal by the so-called "Lenders Protection Group" and the Jones Vargas Direct Lenders, designated as District Court No. 07-00072 (the "LPG Appeal") (collectively, the "Appeals").

    a.    Pursuant to USA Realty's motion to dismiss, the District Court has entered an Order dismissing the IP Appeal with prejudice, and that Order is now final. *See* Final Report at ¶ III.2.a; Smith Declaration at ¶ 17.a.

    b.    Pursuant to a stipulation that was approved by an Order entered by the District Court on July 12, 2007, USA Realty has been dismissed from the DACA Appeal.  *See* Final Report at ¶ III.2.b; Smith Declaration at ¶ 17.b; and DACA Appeal, Docket No. 77.

    c.    Pursuant to a stipulation that was approved by an Order entered by the District Court on July 11, 2007, USA Realty has been dismissed from the LPG Appeal.  *See* Final Report at ¶ III.2.c.; Smith Declaration at ¶ 17.c.[2]

6.    On February 16, 2007, the Compass Sale closed.

---

[2] After the dismissal of USA Realty from the DACA Appeal and LPG Appeal, the District Court issued its joint opinion and Order affirming the Confirmation Order in both appeals.

7.      The Plan became effective on March 12, 2007 (the "Effective Date").  On the Effective Date, distributions pursuant to the Plan commenced, certain cash "reserves" required under the confirmed Plan and the "Order Granting Second Joint Motion for Order for Implementation of Confirmed Plan" ("Implementation Order") (Docket No. 2987) were established, and the "Intercompany Compromises" set forth in Art. IV, Section E of the confirmed Plan became effective.

8.      At this time, all assets remaining in the USA Realty estate have been distributed. *See* Final Report at ¶ IV; Smith Declaration at ¶ 15.

9.      On July 30, 2008, USA Realty was dissolved as an entity with the State of Nevada. *See* Final Report at ¶ V; Smith Declaration at ¶ 19.

10.     On August 13, 2008, USA Realty filed its Final Report with the Court.  The Final Report is incorporated herein by reference.

### III.    APPLICABLE AUTHORITY

11.     Section 350(a) of the Bankruptcy Code, states in relevant part, as follows: "After an estate has been fully administered . . . the court shall close the case."  11 U.S.C. § 350(a).

12.     Federal Rule of Bankruptcy Procedure 3022, which implements Section 350(a) and specifically applies to chapter 11 cases, provides: "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.

13.     Local Rule 3022, which like Bankruptcy Rule 3022, specifically applies to chapter 11 cases, provides: "Unless otherwise provided in the plan or by court order, or unless there are pending contested matters or adversary proceedings, a [Chapter 11] case is deemed fully administered 180 days after plan confirmation, and the clerk may then enter a final decree without further notice."

14.     The confirmed Plan and the Confirmation Order state that once the USA Realty Estate "has been fully administered, as referred to in Bankruptcy Rule 3022," USA Realty "shall File a final report and account of all receipts and disbursements. . . ."  Plan, Art.  VIII, Section T; Confirmation Order ¶ 75.  In conjunction with the Final Report, USA Realty must also "request

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    that the Court enter a Final Decree" in its case. *Id.*

## IV. DISCUSSION

As set forth in greater detail in the Final Report, the Smith Declaration, and in any Supplemental Report, the USA Realty Estate has been "fully administered" and, therefore, pursuant to the applicable authority set forth above, it is respectfully requested that the Court grant this Motion closing USA Realty's case numbered 06-10726 and entering a Final Decree therein.

The Bankruptcy Code does not define the term "fully administered." However, the Advisory Committee Note on the 1991 amendments to Bankruptcy Rule 3022 explains that there are a number of factors that a court may consider in determining when an estate has been fully administered, including:

> (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022 (Advisory Committee Note—1991 Amendment), *quoted in In re Ground Sys., Inc.*, 213 B.R. 1016, 1019 (9th Cir. BAP 1997). While, as recognized in the Advisory Committee Note,[3] the terms of a plan and confirmation order serve as the largest determining factor in considering whether entry of a Final Decree in a chapter 11 case is appropriate, *see Ground Sys.*, 213 B.R. at 1019, the Committee's suggested factors serve as useful guide in determining whether an estate has been fully administered. Thus, in chapter 11 cases such as the present where the plan and confirmation order simply state that a final decree is appropriate when the case has been "fully administered," courts typically look at the factors set forth in the Advisory Committee Note and any other factors particular to the case at hand.

The USA Realty Estate has been fully administered because all of the factors set forth in

---

[3] Specifically, the Advisory Committee Note states: "If the plan or confirmation order provides that he case shall remain open until a certain date or event because of the likelihood that the court's jurisdiction may be required for specific purposes prior thereto, the case should remain open until that date or event." Advisory Committee Note (1991 Amendments), *quoted in Ground Sys.*, 213 B.R. at 1019 (holding that plan and confirmation order terms govern closing of case).

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  the Advisory Committee Note have been satisfied, and additional factors particular to USA

2  Realty's case, outlined below, evidence that USA Realty's case has been fully administered.  In

3  particular, applying the Advisory Committee Note factors:

- Final Order.  The Confirmation Order is final with respect to USA Realty. Specifically, the IP Appeal has been dismissed with prejudice by a Final Order, and the District Court has approved stipulations dismissing USA Realty as a party in the DACA Appeal and LPG Appeal.  *See* Final Report ¶ III.2.a-c; Smith Declaration at ¶ 17.a-c.

- Distribution of "Deposits".  No "deposits" were required under the Plan.  However, a final distribution of all of USA Realty's Cash on deposit has been made and all administrative expenses, allowed proofs of claim, and allowed scheduled claims have been paid in full.  *See* Final Report ¶ IV; Smith Declaration at ¶ 15.

- Property Transferred.  This factor is not applicable to USA Realty as, other than the final distribution of all Cash in the USA Realty estate, there are no transfers of property with respect to USA Realty required under the Plan.

- Assumption of Business or Management.  This factor is not applicable to USA Realty as its sole operations prior to the Petition Date involved its role as manager of FTDF and DTDF.  After the Effective Date, FTDF was dissolved as an entity under Nevada law and the Court closed its bankruptcy case and issued a Final Decree.  Also after the Effective Date, the Post-Effective Date DTDF replaced USA Realty as its manager.  Thus, USA Realty has no on-going business operations.

- Payments Under the Plan.  A Final Distribution has occurred and all administrative expenses, allowed proofs of claim, and allowed scheduled claims have been paid in full.  *See* Final Report ¶ IV; Smith Declaration at ¶ 15.

- Resolution of Litigation.  All motions, contested matters, and adversary proceedings involving USA Realty, including all claims objections, have been finally resolved.  *See* Final Report ¶ I-III; Smith Declaration.

1  In addition, outside of the Committee Note factors, the USA Realty Estate has been fully

2  administered because the Plan has been substantially consummated and implemented. *See*

3  *generally,* Final Report; Smith Declaration.

4       Accordingly, based on the foregoing, the USA Realty Estate has been "fully administered"

5  within the meaning of Section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, Local Rule

6  3022, the Plan, and the Confirmation Order.  USA Realty therefore respectfully submits that this

7  Motion should be granted, its case should be closed, and the Court should enter a Final Decree in

8  USA Realty's case.

## V.    CONCLUSION

10      For the reasons stated herein and in the incorporated Final Report and Smith Declaration,

11  USA Realty respectfully requests that the Court grant this Motion and enter a Final Decree in its

12  case, designated as Case No. 06-10726.  USA Realty also requests that the Court grant such other

13  and further relief as is just and proper.

14      Respectfully submitted this 13th day of August, 2008.

16      Lenard E. Schwartzer, Nevada Bar No. 0399
17      Jeanette E. McPherson, Nevada Bar No. 5423
        SCHWARTZER & MCPHERSON LAW FIRM
18      2850 South Jones Boulevard, Suite 1
        Las Vegas, Nevada  89146
19

20      and

21      Annette W. Jarvis, Utah Bar No. 1649
        Steven C. Strong, Utah Bar No. 6340
22      RAY QUINNEY & NEBEKER P.C.
        36 South State Street, Suite 1400
23      P.O. Box 45385
        Salt Lake City, Utah 84145-0385
24      977446v3

25

26

27

28

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122