Annette W. Jarvis, Utah Bar No. 1649
Steven C. Strong, Utah Bar No. 6340
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: ajarvis@rqn.com

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Debtors

E-FILED ON AUGUST 13, 2008

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>**DECLARATION OF SUSAN M. SMITH IN SUPPORT OF USA CAPITAL REALTY ADVISORS, LLC'S MOTION TO CLOSE CASE AND REQUEST FOR FINAL DECREE**<br><br>(**Affects USA Capital Realty Advisors, LLC**) |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☒ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC | |

1

I, Susan M. Smith, hereby declare and state as follows:

1. On April 13, 2006 ("Petition Date"), USA Capital Realty Advisors, LLC ("USA Reality"), USA Commercial Mortgage Company ("USACM"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF"), and USA Securities, LLC ("USA Securities") (collectively, the "Debtors") filed petitions seeking relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada (the "Chapter 11 Cases"). By order entered on June 9, 2006, the Court approved the joint administration of the Chapter 11 Cases.

2. Effective as of the Petition Date, Mesirow Financial Interim Management, LLC ("Mesirow") has been employed as crisis managers for the Debtors, and Thomas J. Allison of Mesirow has served as the Debtors' Chief Restructuring Officer. I am employed by Mesirow as a Senior Vice President, and I have worked extensively for the Debtors and have overseen substantial aspects of these cases under Mr. Allison's direction.

3. This Declaration is based on my personal knowledge or, if so stated, upon information and belief. Thus, all matters set forth in this Declaration are based on (a) my personal knowledge, (b) my review of relevant documents and records, (c) my view, based upon my experience and knowledge of the Debtors' business and financial condition, and/or (d) as to matters involving United States bankruptcy law or rules, my reliance on advice of bankruptcy counsel to the Debtors. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

4. On August 13, 2008, USA Realty filed its Final Report of Action Taken and Progress Towards Consummation of Confirmed Plan of Reorganization ("Final Report") pursuant to Article VIII, Section U of the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan"), and Paragraph 75 of the Court's "Order Confirming the Debtors' 'Third Amended Joint Chapter 11 Plan of Reorganization,' as Modified Herein" (Docket No. 2376) (the "Confirmation Order"). Unless otherwise stated, all capitalized words and terms used herein are defined in the confirmed Plan. The Final Report and this Declaration are submitted in support of

USA Realty's Motion to Close Case and Request for Final Decree ("Motion to Close") filed contemporaneously herewith.

5. As set forth below, as of this date, the USA Realty Estate has been fully administered.

## I. Transfer of Assets and Distributions Made to Date

6. All assets in the USA Realty Estate have been distributed in accordance with the Plan. As discussed below, all administrative expense claims, allowed proofs of claim, and allowed scheduled claims (other than USACM's scheduled claim) have been paid in full or provision has been made to pay them.

## II. Resolution of Proofs of Claim Filed Against USA Realty

7. As of the Effective Date, 67 proofs of claim had been filed against USA Realty.

8. All proofs of claim filed against USA Realty have been withdrawn or disallowed except (A) claim number 10726-00045 filed by the Internal Revenue Service (the "IRS Claim") which, pursuant to a stipulation entered into with USA Realty and approved by Order dated June 12, 2007 (Docket No. 3957), has been allowed as a $1,000 unsecured non-priority claim, and (B) claim number 10726-00030 filed by the Pension Real Estate Association as an unsecured non-priority claim in the amount of $2,585 (the "PREA Claim"), and to which no objection was filed (the "PREA Claim").

9. The PREA Claim and IRS Claims have been paid in full.

10. Thus, all proofs of claim filed against USA Securities have now been resolved.

## III. Resolution of Scheduled Claims

11. On June 15, 2006, USA Realty filed its Schedules listing eight unsecured non-priority claims totaling $125,224.15 (Docket No. 673).

12. On June 8, 2007, USA Realty filed an omnibus objection to the scheduled claims of Beadle McBride, Kummer Kaempfer Bonner Renshaw & Ferrario, and Santoro Driggs asserting that USA Realty was no longer liable on account of these claims since the parties had affirmatively sought payment of their claims from other Debtors (Docket No. 3919). By Order dated July 31, 2007, the Court sustained USA Realty's objection thereby disallowing the

scheduled claims of Beadle McBride, Kummer Kaempfer Bonner Renshaw & Ferrario, and Santoro Driggs in their entirety (Docket No 4386).

13. The remaining claims listed on USA Realty's Schedules are those of Intershow ($9,795), PREA (which has been superseded by the PREA Claim discussed above), RR Donnelley Receivables Inc. ($160), Transfer Solutions ($2,508.42), and USACM ($40,277) (the "USACM Scheduled Claim"). Except for the USACM Scheduled Claim, these scheduled claims have all been paid in full.

## IV. Resolution of Post-Petition Management Fees Issue

14. As of the Confirmation of the Plan, certain disputes between USACM and DTDF were left unresolved with the expectation that the parties would work towards the eventual resolution of these issues. *See* Disclosure Statement at pp. 73-74. Included among these unresolved issues was the "payment, waiver, refund, or other treatment" of post-petition management fees purportedly owed by DTDF to USACM through USA Realty. *See* Plan at § IV.E.5.c. This issue was to be resolved as "mutually agreed upon" by the USACM Trust and the Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC ("Reorganized DTDF"). *See id*. These post-petition management fees were the only remaining assets in the USA Realty estate as of the filing of the Third Report.

15. After extensive negotiations, the USACM Trust and the Reorganized DTDF reached a resolution of the claims between them, including USACM's direct or indirect claim against the Reorganized DTDF to any or all of the post-petition management fees owed by the Reorganized DTDF to USA Realty. This settlement (the "USACM Trust/Reorganized DTDF Settlement") was included in the "Motion to Approve Settlement Agreement with USA Capital Diversified Trust Deed Fund, LLC with Certificate of Service" filed on March 13, 2008 (Docket No. 5979) and approved by the Court by Order dated April 1, 2008 (Docket No. 6091).

16. The only remaining assets in USA Realty available to pay the remaining administrative, priority and unsecured claims against USA Realty were the unpaid post-petition management fees owed by the Reorganized DTDF to USA Realty and an equity interest in DTDF. This being the case, USA Realty confirmed with the USACM Trust that the USACM

4

Trust/Reorganized DTDF Settlement resolved all claims the USACM Trust would have against USA Realty that might be payable from monies recovered from Reorganized DTDF. Consequently, the Reorganized DTDF and USA Realty agreed that a payment by the Reorganized DTDF of the amount necessary to pay all remaining administrative, priority and unsecured claims allowed or scheduled in the USA Realty case (except for the USACM Scheduled Claim) would be in full satisfaction of the claim USA Realty had against the Reorganized DTDF for unpaid post-petition management fees and for any distribution that would be made on account of the DTDF interest. This payment has been made, and all administrative, priority and unsecured claims allowed or scheduled in the USA Realty case (except for the USACM Scheduled Claim) have been paid as follows:

| **Claimant** | **Allowed Amount of Claim** | **Payment** |
| --- | --- | --- |
| **Administrative Expenses**[1] | | |
| Mesirow Financial | N/A | $8,544.00 |
| Ray Quinney & Nebeker | N/A | $15,000.00 |
| Schwartzer & McPherson | N/A | $10,353.00 |
| LeAnn Weese | N/A | $2,950.00 |
| U.S. Trustee – 2nd Quarter | N/A | $325.00 |
| U.S. Trustee – 3rd Quarter[2] | N/A | $325.00 |
| Miscellaneous (Bank fees, etc.) | N/A | $930.00 |
| **Proofs of Claim** | | |
| Internal Revenue Service | $1,000.00 | $1,000.00 |
| Pension Real Estate Assoc. | $2,585.00 | $2,585.00 |

---

[1] These administrative expenses are comprised of post-Effective Date expenses that remain unpaid.

[2] The U.S. Trustee's fee for the third quarter of 2008 is expected to be $325. This will be paid out of the funds distributed to Ray Quinney & Nebeker.

5

**Scheduled Claims**

| | | |
|---|---|---|
| Intershow | $9,795.00 | $9,795.00 |
| RR Donnelley Receivables Inc | $160.00 | $160.00 |
| Transfer Solutions | $2,508.42 | $2,508.42 |
| | **Total Distributed** | **$54,150** |
| | **Percentage Paid on Account of Unsecured Claims** | **100%** |

## V. Resolution of Litigation

17. All motions, contested matters, and/or adversary proceedings involving USA Realty have been resolved.

18. On or prior to January 18, 2007, the following three appeals from the Confirmation Order were filed, which were ultimately assigned to the United States District Court for the District of Nevada (the "District Court"): (a) an appeal by USA Investment Partners, LLC, designated as District Court No. 07-00138 (the "IP Appeal"); (b) an appeal by Debt Acquisition Company of America V, LLC, designated as District Court No. 07-00160 (the "DACA Appeal"); and (c) an appeal by the so-called "Lenders Protection Group" and the Jones Vargas Direct Lenders, designated as District Court No. 07-00072 (the "LPG Appeal") (collectively, the "Appeals").

    a. Pursuant to USA Realty's motion to dismiss, the District Court has entered an Order dismissing the IP Appeal with prejudice, and that Order is now final. *See* IP Appeal Docket No. 32.

    b. Pursuant to a stipulation that was approved by an Order entered by the District Court on July 12, 2007, USA Realty has been dismissed from the DACA Appeal. *See* DACA Appeal, Docket No. 77.

   c. Pursuant to a stipulation that was approved by an Order entered by the District Court on July 11, 2007, USA Realty has been dismissed from the LPG Appeal. *See* LPG Appeal, Docket No. 98.[3]

19. On July 7, 2007, Compass filed a "conditional" complaint against, in relevant part, USA Securities and the other Debtors, designated as Adversary Proceeding No. 07-01105 (the "Compass Proceeding"), seeking to revoke the Confirmation Order. On October 26, 2007, Compass filed a Notice of Dismissal voluntarily dismissing USA Realty from the Compass Proceeding. *See* Compass Proceeding, Docket No. 16.

## VI. Dissolution of USA Realty

20. On July 30, 2008, USA Realty was formally dissolved as an entity under the laws of the State of Nevada

Dated this 13th day of August, 2008

*Susan M. Smith* (signature)

Susan M. Smith

982198v3

---

[3] After the dismissal of USA Securities from the DACA Appeal and LPG Appeal, the District Court issued its joint opinion affirming the Confirmation Order in both appeals.

7