E-filed on 10/16/08

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile  (702) 949-8321

Susan M. Freeman, AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>USA CAPITAL REALTY ADVISORS, LLC<br>USA CAPITAL DIVERSIFIED TRUST DEEF FUND, LLC<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>USA SECURITIES, LLC<br>Debtors<br>**Affects:**<br>USA Commercial Mortgage Company | Case No.: BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br>Chapter 11<br>Jointly Administered Under Case No. BK-S-06-10725-LBR<br>Judge Linda B. Riegle<br>**MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**<br>Hearing Date:  November 18, 2008<br>Hearing Time:  9:30 a.m. |

The USACM Liquidating Trust (the "USACM Trust"), files this, its Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion"), and respectfully moves this Honorable Court for an order: (i) approving the Proposed Settlement (defined below) between the USACM Trust, J.M.K. Investments, Ltd. ("JMK"), Simon Family Trust ("Simon"), Steven Portnoff ("Portnoff"), JWB Investments, Inc. ("JWB"), Brouwers Family LP ("Brouwers"), Larry C. Johns ("LCJ"), Mary L. Johns ("MLJ"), Paul Bloch Living Trust (the "Bloch Trust"), Roni Amid ("Amid"), Robert M. Portnoff ("RMP"), Sarah Portnoff ("SP"), Morningside Homes, Inc. ("Morningside"), Aurora Investments LP ("Aurora"),

Steven Janovitch ("SJ"), Linda Janovitch ("LJ"), First Savings Bank FBO Valliera McGuire ("FSB"), Marvin & Valliera Myers Trust (the "Myers Trust"), Larry J. Middleton ("LJM"), Jennifer Middleton ("JM"), Alabruj Limited Partnership ("Alabruj"), and Francis Family Trust ("Francis"), (collectively, the "Parties")[1]; and (ii) authorizing Geoffrey Berman, in his capacity as Trustee of the USACM Trust (the "Trustee"), to execute the Proposed Settlement on behalf of the USACM Trust.

This Motion is made pursuant to rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and is based upon the points and authorities listed herein, the Declaration of Geoffrey Berman in Support of the Joint Motion to Approve Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Berman Declaration"), attached hereto as **Exhibit A**, the pleadings, papers, and other records on file with the clerk of the Court, and any evidence and argument to be presented at the time of the hearing of the Motion.

## BACKGROUND FACTS

*The USACM Trust*

On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM") and certain of its affiliated companies and subsidiaries (collectively, the "Debtors"), each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"). The Debtors' chapter 11 cases are being jointly administered under Bankruptcy Case No. BK-S-06-10725-LBR (the "USA Capital Bankruptcy Case"). On January 8, 2007, the Bankruptcy Court confirmed the Third Amended Joint Chapter 11 Plan of

---

[1] Simon, Portnoff, JWB, Brouwers, LCJ, MLJ, the Bloch Trust, Amid, RMP, SP, Morningside, Aurora, SJ, LJ, FSB, the Myers Trust, LJM, JM, Alabruj, and the Francis Trust are collectively referred to in this Motion as the "Lender Defendants." The Lender Defendants, collectively with JMK, are referred to in this Motion as "Defendants."

150366-3

Reorganization (the "Joint Plan"), and on March 12, 2007, the Joint Plan became effective and the Debtors emerged from bankruptcy.

The USACM Trust was created pursuant to the Joint Plan and is governed by the provisions of the Liquidating Trust Agreement (the "USACM Trust Agreement"). The Joint Plan expressly retained the Debtors' causes of action for enforcement by the USACM Trust, pursuant to 11 U.S.C. § 1123(b)(3)(B). Accordingly, the USACM Trust now holds any and all potential claims and causes of action, whether arising pre-petition or post-petition, that USACM and the USACM Trust may have or may at any time have had against the Defendants.

*The Pending Litigation*

On September 12, 2007, the USACM Trust commenced adversary proceeding number 07-01154, entitled *USACM Liquidating Trust v. JMK Investments, Ltd., et al.* (the "Pending Litigation") seeking to recover over $4 million in USACM funds that were transferred to Defendants immediately prior to the Petition Date (collectively, the "Transfers"). **Exhibit A**, ¶ 4. In the Pending Litigation, the USACM Trust asserts that USACM received no benefits for the Transfers, and that the Transfers were made in contravention of Bankruptcy Code sections 547 and 548, and section 112.180 of the Nevada Revised Statutes. Defendants deny each and every one of the USACM Trust's allegations in the Pending Litigation, which is currently set for trial in the Bankruptcy Court commencing on November 4, 2008.

*The Proposed Settlement Agreement*

Following extensive arms-length negotiations at a settlement conference conducted on September 17, 2008 before United States Bankruptcy Judge Markell, the Parties reached a tentative agreement to resolve the Pending Litigation subject to execution of a mutually-agreeable confidential settlement agreement that is approved by the Bankruptcy Court (the "Proposed

150366-3

Settlement"). **Exhibit A, ¶ 5.** The material terms of the Proposed Settlement are summarized as follows[2]:

- Within one year of the effective date, Defendants will pay $2,750,000.00 to the USACM Trust, plus interest at the then-applicable Federal Post-Judgment Interest Rate (the "Settlement Payment");

- If paid on or before June 30, 2009, the Settlement Payment will be reduced to $2,250,000.00;

- Upon the USACM Trust's receipt of a Defendant's portion of the Settlement Payment, the USACM Trust will fully release such Defendant from all claims arising out of or related to the Pending Litigation; and

- In the event any Defendant does not pay its portion of the Settlement Payment within one year of the effective date of the Proposed Settlement, the USACM Trust is authorized to file a stipulated agreed judgment against such non-performing Defendant(s) in the full amount of such non-performing Defendant's portion of the Settlement Payment, plus interest.

## ARGUMENT

The Joint Plan does not expressly require Bankruptcy Court approval of proposed settlements. Rather, the Joint Plan provides that the USACM Trust shall have the discretion to:

> commence, prosecute, defend against, recover on account of, and settle all rights, Claims, causes of action, defenses, and counterclaims in their sole discretion in accordance with what is in the best interests, and for the benefit, of the Debtors or the Post-Effective Date Entities.

Joint Plan, pps. 47-48, 59. In an abundance of caution, and as required by the Proposed Settlement, the USACM Trust seeks the Bankruptcy Court's approval of the Proposed Settlement pursuant to Bankruptcy Rule 9019.

---

[2] The following is solely a summary of the terms of the Proposed Settlement, and in no way is intended as an amendment, modification, or supplementation of the Proposed Settlement terms. The terms of the confidential written settlement agreement between the Parties shall prevail in the event of any conflict with this summary.

150366-3

Bankruptcy Rule 9019 provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019. In order to approve a compromise and settlement, the Court must find that it is fair and equitable to the estate and, "[i]n determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Arden v. Motel Partners (In re: Arden)*, 156 F.3d 729 (9th Cir. 1999); *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377 (9th Cir. 1986), *cert. denied,* 479 U.S. 854 (1986).

The USACM Trust is not required to satisfy each of these factors as long as the factors as a whole favor approving the settlement. *See In re Pacific Gas & Electric Co.,* 304 B.R. 395, 416 (Bankr. N.D.Cal. 2004). In considering the factors, "a precise determination of the likely outcome is not required, since an exact judicial determination of the values at issue would defeat the purpose of compromising the claim." *In re Telesphere Comm's, Inc.,* 179 B.R. 544, 553 (Bankr. N.D.Ill. 1994) (internal quotations omitted). Thus, rather than determining various issues of fact and law, the court should "canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re Lion Capital Group,* 49 B.R. 163, 175 (Bankr. S.D.N.Y. 1985) (internal quotations omitted).

The USACM Trust respectfully submits that the Proposed Settlement satisfies each of these factors. If the USACM Trust and the Defendants do not enter into the Proposed Settlement, or if it is not approved by this Court, the USACM Trust will be required to expend significant resources in pursuit of the Pending Litigation. **Exhibit A, ¶** 6. There are more than

150366-3

20 Defendants in the Pending Litigation, each of whom presumably would take the stand in defense of the USACM Trust's claims. The Parties would also likely call multiple expert witnesses to testify on issues such as insolvency and forensic accounting. As such, trial of this matter will likely be protracted, complex, and expensive, and there are no guarantees as to the ultimate outcome. **Exhibit A,** ¶ 6. Moreover, even were the USACM Trust ultimately successful at trial, there is substantial uncertainty of the ability to recover any judgment from the Defendants following exhaustion of any appeals. **Exhibit A,** ¶ 6.

If approved, however, the Proposed Settlement will allow the USACM Trust to avoid protracted and complex litigation with the Defendants, bring significant value to the USACM Trust through the Defendants repayment of a substantial portion of the Transfers with interest, and resolve all claims, obligations, demands, actions, causes of action and liabilities between the Parties relating to the Pending Litigation. The amount of the Settlement is substantial in light of the current stage of the Pending Litigation, the complexity, expense, and the risks and uncertainty of going to trial. The terms of the Proposed Settlement fall within the reasonable range of likely outcomes of the Pending Litigation with the Defendants, eliminate litigation risks, costs, and delay associated with trial and a potential appeal, and provide a prompt and substantial recovery to the USACM Trust's estate. **Exhibit A**, ¶ 7. The Proposed Settlement is the product of arms' length bargaining, without fraud or collusion. **Exhibit A,** ¶ 5. The Proposed Settlement will thus facilitate recoveries for the benefit of the beneficiaries of the USACM Trust who have suffered loss as a result of the events leading to the USACM bankruptcy.

Accordingly, the USACM Trust has concluded in the exercise of its reasonable business judgment that the time and expense that would necessarily be attendant with continued pursuit of

150366-3

the Pending Litigation greatly outweighs the benefits to be gained by resolving these matters on the terms set forth in the Proposed Settlement. **Exhibit A,** ¶ 7.

## CONCLUSION

For the foregoing reasons, the USACM Trust requests entry of an order, substantially in the form attached hereto as **Exhibit B**, approving the Proposed Settlement, authorizing the USACM Trustee to execute the Settlement Agreement on behalf of the USACM Trust, and granting such other and further relief as the Court deems appropriate.

Dated: October 16, 2008.

Respectfully submitted,

| **DIAMOND MCCARTHY LLP** | **LEWIS AND ROCA LLP** |
|---|---|
| By: _____*/s/ Stephen T. Loden*_____<br>Allan B. Diamond, TX 05801800 (pro hac vice)<br>Eric D. Madden, TX 24013079 (pro hac vice)<br>Stephen T. Loden, TX 24002489 (pro hac vice)<br>Elisaveta Dolghih, TX 24043355 (pro hac vice)<br>909 Fannin, Suite 1500<br>Houston, Texas 77010<br>(713) 333-5100 (telephone)<br>(713) 333-5199 (facsimile)<br><br>*Special Counsel for USACM Liquidating Trust* | By: ____*/s/ Rob Charles*_____<br>Rob Charles, NV 6593<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, Nevada 89169-5996<br>(702) 949-8320 (telephone)<br>(702) 949-8321 (facsimile)<br><br><br><br><br><br>*Counsel for USACM Liquidating Trust* |

150366-3

# EXHIBIT A

Case 06-10725-gwz    Doc 6571    Entered 10/16/08 12:44:01    Page 8 of 14

| | |
|---|---|
| **DIAMOND MCCARTHY LLP**<br>909 Fannin, Suite 1500<br>Houston, Texas 77010<br>Telephone (713) 333-5100<br>Facsimile (713) 333-5199<br><br>Allan B. Diamond, TX State Bar No. 05801800<br>Email:  adiamond@diamondmccarthy.com<br>Eric D. Madden, TX State Bar No. 24013079<br>Email:  emadden@diamondmccarthy.com<br><br>Special Litigation Counsel for USACM Liquidating Trust | **LEWIS AND ROCA LLP**<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169-5996<br>Telephone (702) 949-8320<br>Facsimile  (702) 949-8321<br><br>Rob Charles, NV State Bar No. 006593<br>Email: rcharles@lrlaw.com<br><br><br><br>Counsel for USACM Liquidating Trust |

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC<br><br>USA CAPITAL DIVERSIFIED TRUST DEEF FUND, LLC<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC<br><br>Debtors<br><br>**Affects:**<br>USA Commercial Mortgage Company | Case No.: BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>Chapter 11<br><br>Jointly Administered Under Case No. BK-S-06-10725-LBR<br><br>Judge Linda B. Riegle<br><br>**DECLARATION OF GEOFFREY L. BERMAN IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** |

Geoffrey L. Berman, in his capacity as the Court-appointed Trustee of the USACM Liquidating Trust, declares under penalty of perjury as follows:

1. I am an adult person competent to testify in court. I make the following statements based upon my personal knowledge except where otherwise indicated.

2. I am the Court-appointed trustee of the USACM Liquidating Trust (the "USACM Trust") pursuant to the order confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" (the "Joint Plan") entered on January 8, 2007 in *In re USA Commercial Mortgage,* Cause No. BK-S-06-10725 pending in the United States Bankruptcy Court for the

**EXHIBIT A**

District of Nevada (the "<u>Bankruptcy Court</u>") and submit this declaration in that capacity. The Joint Plan became effective on March 12, 2007 (the "<u>Effective Date</u>").

3. I submit this declaration in support of the USACM Trust's Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Motion</u>"). As discussed in the Motion, the USACM Trust seeks Bankruptcy Court approval of the Proposed Settlement[1] between the USACM Trust and the Defendants.

4. In the Pending Litigation, the USACM Trust seeks to recover over $4 million, plus interest, that was transferred from USACM to the Defendants immediately prior to the Petition Date. The USACM Trust's litigation counsel, Diamond McCarthy LLP, has aggressively pursued the USACM Trust's claims in the Pending Litigation, and the litigation is currently set for trial in the Bankruptcy Court commencing on November 4, 2008.

5. On September 17, 2008, I participated in the Bankruptcy Court-ordered settlement conference with the Defendants in an attempt to resolve the Pending Litigation prior to trial. The Parties negotiated at arm's length and in good faith during the Settlement Conference, and ultimately reached agreement as documented by the Proposed Settlement, subject to Bankruptcy Court approval.

6. As discussed in the Motion, I believe the Proposed Settlement represents a fair and reasonable compromise of the Pending Litigation that will result in a substantial recovery for the beneficiaries of the USACM Trust without the expense, time, and risks of further litigation, trial, and efforts to collect on any judgment the USACM Trust may ultimately obtain. If the Proposed Settlement is not approved, the USACM Trust will be required to incur significant additional expenses to pursue the Pending Litigation through what will likely be a protracted, complex, and

---

[1] Unless otherwise defined herein, capitalized terms are used as defined in the Motion.

150381-3

expensive trial. Moreover, even were the USACM Trust ultimately successful at trial, there is substantial uncertainty concerning the ability to recover any resulting judgment from many of the Defendants.

7. The Proposed Settlement falls within what I believe to be the reasonable range of likely outcomes of the Pending Litigation, after accounting for litigation risks, costs, and delay associated with trial, appeal and ultimately, if successful, collection of any judgment awarded.

I declare under penalty of perjury that the foregoing is true and correct.

Executed October 15, 2008 at Los Angeles, California.

*/s/ Geoffrey L. Berman*
Geoffrey L. Berman

150381-3

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC<br><br>USA CAPITAL DIVERSIFIED TRUST DEEF FUND, LLC<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC<br><br>Debtors<br><br>**Affects:**<br>USA Commercial Mortgage Company | Case No.: BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>Chapter 11<br><br>Jointly Administered Under Case No. BK-S-06-10725-LBR<br><br>Judge Linda B. Riegle<br><br>**ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** |

Upon consideration of the motion, dated October 16, 2008 (the "Motion"), filed by the USACM Liquidating Trust (the "USACM Trust"), seeking authorization and approval to settle the Pending Litigation (as such term is defined in the Motion) pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and due notice of the Motion and the hearing to be held thereon having been served to all parties entitled thereto in accordance with the Bankruptcy Rules and this Court's Local Rules, and no other or further notice need be given; and a hearing having been held before this Court; and the Court having concluded

EXHIBIT B

that the Proposed Settlement (as such term is defined in the Motion) is the result of good faith arm's-length bargaining and not the product of fraud or collusion; and it appearing that the relief requested in the Motion is in the best interest of the estates and the beneficiaries of the USACM Trust, and upon the proceedings before the Court; and good and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that all objections, if any, to the Motion or the relief requested therein or granted in this Order, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled; and it is further

ORDERED that the Proposed Settlement as described in the Motion is authorized and approved pursuant to Bankruptcy Rule 9019; and it is further

ORDERED that in the event the description of the Proposed Settlement set forth in the Motion differs from the terms of Settlement Agreement itself, the terms of the Settlement Agreement shall control; and it is further

ORDERED that Geoffrey L. Berman, in his capacity as the Court-appointed trustee of the USACM Trust, is authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary to consummate the Proposed Settlement and perform any and all obligations contemplated therein on behalf of the USACM Trust; and it is further

ORDERED that this Court shall retain jurisdiction over any and all disputes arising under or otherwise relating to the construction, performance and enforcement of the terms of this Order on the terms and conditions of the Settlement Agreement hereby authorized or approved.

# # #

150339-2