E-filed on 10/21/08

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>        Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>        Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>        Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>        Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br><br>        Debtor. | **ERRATA TO APPLICATION TO COMPROMISE AND SETTLE CONTROVERSIES WITH BEADLE, MCBRIDE, EVANS & REEVES, LLP, ET AL.** |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Hearing Date: November 18, 2008<br>Hearing Time: 9:30 a.m. |

| | |
|---|---|
| 1 | USACM LIQUIDATING TRUST; and |
| 2 | USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC; |
| 3 | Plaintiffs, |
| 4 | v. |
| 5 | BEADLE, MCBRIDE, EVANS & REEVES, LLP, REEVES, EVANS, MCBRIDE & ZHANG, LLP, TG MCBRIDE CPA LTD., and T. GARTH MCBRIDE, |
| 6 | Defendants. |

Geoffrey Berman ("Berman" or the "Trustee"), Trustee of the USACM Liquidating Trust (the "USACM Trust") and Michael Tucker ("Tucker" or the "Manager"), Manager of the USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), hereby file this Errata to the Application to Compromise and Settle Controversies With Beadle, McBride, Evans & Reeves, LLP, *et al.* (the "BMER Compromise Application") filed on October 20, 2008 as Docket Entry 6573. The BMER Compromise Application was filed without Exhibit D attached.

A true and correct copy of Exhibit D to the BMER Compromise Application is attached hereto, and is hereby incorporated in the BMER Compromise Application by this reference.

*{Remainder of Page Intentionally Left Blank}*

140453.1

Dated: October 21, 2008

| DIAMOND MCCARTHY LLP | DIAMOND MCCARTHY LLP |
|---|---|
| By: */s/ Allan B. Diamond* <br> Allan B. Diamond, TX 05801800 (pro hac vice) <br> J. Maxwell Beatty, TX 24051740 (pro hac vice) <br> 909 Fannin, Suite 1500 <br> Houston, Texas 77010 <br> (713) 333-5100 (telephone) <br> (713) 333-5199 (facsimile) <br><br> *Special Litigation Counsel for USACM Liquidating Trust* | By: */s/ Eric D. Madden* <br> William T. Reid, IV, TX 00788817 (pro hac vice) <br> Eric D. Madden, TX 24013079 (pro hac vice) <br> P. Jason Collins, TX 24040711 (pro hac vice pending) <br> 6504 Bridge Point Parkway <br> Suite 400 <br> Austin, Texas 78730 <br> (512) 617-5200 (telephone) <br> (512) 617-5299 (facsimile) <br><br> *Special Litigation Counsel for USACM Liquidating Trust* |
| **LEWIS AND ROCA LLP** <br><br> By: */s/ Rob Charles* <br> Susan M. Freeman, AZ 4199 (pro hac vice) <br> Rob Charles, NV 6593 <br> 3993 Howard Hughes Parkway, Suite 600 <br> Las Vegas, Nevada 89169-5996 <br> (702) 949-8321 (telephone) <br> (702) 949-8320 (facsimile) <br><br> *Counsel for USACM Liquidating Trust* | |

140453.1

# EXHIBIT D

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>                              Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>                              Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>                              Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>                              Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br><br>                              Debtor. | |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |

TUCKER DECLARATION IN SUPPORT OF
SETTLEMENT WITH BMER

Page 1 of 7

EXHIBIT D

USACM LIQUIDATING TRUST; and
USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC;

          Plaintiffs,

v.

BEADLE, MCBRIDE, EVANS & REEVES, LLP, REEVES, EVANS, MCBRIDE & ZHANG, LLP, TG MCBRIDE CPA LTD., and T. GARTH MCBRIDE,

          Defendants.

## DECLARATION OF MICHAEL TUCKER IN SUPPORT OF MOTION TO APPROVE SETTLEMENT – BMER

Michael Tucker, Manager of USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), hereby declares the following under penalty of perjury:

1. I am the Manager of DTDF pursuant to the Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan") filed by DTDF, USA Commercial Mortgage Company ("USACM"), USA Capital Realty Advisors, USA Capital First Trust Deed Fund, LLC ("FTDF"), and USA Securities, LLC (collectively, the "Debtors"). The plan was confirmed by order of this Court on January 8, 2007 and became effective on March 12, 2007.

2. Pursuant to the Joint Plan and Confirmation Order, post-effective date DTDF expressly retained DTDF's causes of action, including the Litigation Claims as defined in the Joint Plan. This Court retained jurisdiction in Section VIII. D of the Joint Plan over numerous matters, including "[h]earing and determining any and all adversary proceedings, motions, applications, requests for disgorgement and contested or litigated matters arising out of, arising under or related to the Chapter 11 Cases, including with out limitation the Litigation Claims and the Non-Debtor Insider Litigation" and "[a]pproving compromises and settlements under Rule 9019 of the Bankruptcy Rules to the extent required under or included in the plan."

3. After I was appointed as DTDF's Manager, I authorized an extensive investigation as to the factual circumstances that led to DTDF's bankruptcy. During the course of this investigation, I discovered facts that give rise to litigation claims against Beadle, McBride, Evans & Reeves, LLP, Reeves, Evans, McBride & Zhang, LLP, TG McBride CPA Ltd., and T. Garth McBride (collectively, "BMER") related to its audits of DTDF's financial statements. I believe that BMER failed to conduct its audits of DTDF in accordance with contractual and professional standards. This allowed certain insiders to perpetrate a financial fraud on USACM, DTDF, and other related entities, thereby leading to the loss of tens of millions of dollars. Furthermore, I believe that BMER failed to appropriately audit the financial statements of FTDF, thereby causing the loss of substantial sums of money due to defaulting loans. As a result of these findings, the USACM Liquidating Trust (the "USACM Trust") and DTDF filed a civil complaint against BMER in the United States Bankruptcy Court District of Nevada, Adversary No. 08-1164 on May 16, 2008.

4. DTDF and BMER participated in informal settlement discussions in May 2008 related to these claims, but did not immediately result in a compromise of DTDF's claims against BMER. However, DTDF and BMER continued to discuss settlement for the period following that meeting. After extensive discussions, meetings, and arms-length settlement negotiations, USACM, DTDF, and BMER ultimately arrived at a settlement agreement in July 2008. This agreement was memorialized in the Settlement Agreement, Mutual Release, and Covenants that was entered into between the USACM Trust, DTDF, and BMER (the "Settlement Agreement").

5. I, along with Special Litigation Counsel, have analyzed DTDF's claims against BMER and the Settlement Agreement. It is my considered judgment that the Settlement Agreement with BMER and the proposed settlement set forth therein are fair, reasonable, and in

the best interests of DTDF for the reasons set forth below. I have entered into the settlement agreement with BMER in good faith after weighing what I believe to be all relevant and material factors, including but not limited to the amount of the proposed settlement; the strengths of the asserted claims and defenses; the costs and burdens of litigation of the claims to judgment, including expert witness costs; the effect of such litigation on DTDF's litigation against other parties; the insurance policy limits and insurance funds available to BMER to pay the claims now and in the future and other potential sources of payment by BMER of the claims now and in the future; and the general uncertainty involved in litigation of the claims.

## BMER CLAIMS

6. DTDF's claims are for accounting malpractice/professional negligence and breach of contract related to services provided to DTDF. BMER audited DTDF's financial statements for the fiscal years ending in December 31, 2000 through December 31, 2003. For the fiscal years 2001 through 2002, BMER issued unqualified audit opinions on DTDF's financial statements. BMER continued work on DTDF's 2003 financial statements through October of 2004, when BMER was informed DTDF no longer required audit services.

7. I believe that DTDF's claims against BMER have substantial merit and that BMER bears substantial responsibility for DTDF's losses. I have been advised that counsel for BMER has strongly denied the validity of any such claims and any potential liability to DTDF. In assessing the appropriate settlement in this matter, I have taken into account BMER's assertions that the problems encountered in the audit were caused by USACM management and employees; and that the accuracy of the financial statements was the responsibility of management and not BMER.

8. The case filed against BMER is complex, and will be expensive for both DTDF and BMER to litigate. I am also aware that the outcome of the case, like any other litigation outcome, is inherently uncertain and subject to risk.

9. DTDF's attorneys and BMER's attorneys agreed to informal settlement discussions in an effort to resolve the claims, with my full knowledge and consent. Further discussion and negotiations between counsel for DTDF and counsel for BMER ensued over the period that followed. The parties explored the merits of the claims and defenses, and the complexity, expense, and unpredictability of the litigation of the claims against BMER. DTDF and BMER entered into a settlement with respect to DTDF's claims against BMER. The terms and conditions of the proposed settlement are set forth in the Settlement Agreement. DTDF will share in this settlement as a beneficiary of the USACM Trust and as otherwise outlined in the agreement between the USACM Trust and DTDF dated and filed with the Court on March 13, 2008.

10. The proposed settlement agreement with BMER, in my judgment, is reasonable, fair, and in the interest of DTDF. The amount of the settlement is substantial in light of the current stage of the case, BMER's insurance policy limits, the complexity, expense, and the risks and uncertainty of litigation. I have entered into the proposed settlement in good faith, and there has been no collusion or other improper conduct in connection with this proposed settlement to my knowledge.

11. In assessing the appropriate settlement in this matter, I have also taken into account that litigation against BMER at this time would present additional expense to DTDF. I am not convinced that BMER has the financial capability, through insurance or otherwise, to pay a judgment that DTDF would be likely to recover against it on the relevant claims. In connection

with the settlement negotiations, BMER's insurance carrier has strongly asserted that there are meritorious coverage defenses under the relevant insurance policies that may make all or some of the policy proceeds unavailable to pay any judgment DTDF may recover against BMER. This settlement is significant relative to the total amount of coverage BMER has available for DTDF's claims. Additionally, the settlement nearly exhausts BMER's available insurance coverage, and in light of potential coverage defenses, I believe it to be reasonable.

12. In addition, continued litigation of DTDF's claims against BMER would be complex, expensive, time-consuming, and the outcome of any such litigation would inherently be uncertain. Any litigation of this claim would involve substantial costs related to discovery alone as there are millions of pages of documents related to this claim, many witnesses that would need to be deposed, and the claims would require the retention of multiple expert witnesses.

13. There is a substantial benefit to DTDF from resolving the claims against BMER now, without the necessity of continued litigation. I believe that the settlement amount is within the reasonable range of likely outcomes from litigation in light of issues related to the ultimate collectibility of any judgment against BMER. In light of all of the relevant factors, the proposed settlement with BMER is reasonable, fair and in the best interests of DTDF and will facilitate a prompt and meaningful recovery to DTDF and its interest holders. I have entered into the Settlement Agreement in good faith, and there has been no collusion or other improper conduct relating to the proposed settlement with BMER to my knowledge.

### PROTECTION AGAINST THIRD-PARTY CLAIMS

14. During the negotiations with BMER, the protection of BMER against the possibility of claims for contribution or indemnity was a significant issue. BMER wants

reasonable assurance that they will not be subject to such further claims and litigation arising from many of the same events. Such claims for contribution or indemnity could conceivably be asserted by current defendants in other cases related to the Debtors' bankruptcy, although none have in fact been asserted to date.

15. Entry of an appropriate order protecting BMER against the possibility of future claims for contribution or indemnity will be of benefit to DTDF, and will serve the purposes of the Joint Plan by facilitating a recovery from PBTK for the benefit of the beneficiaries of DTDF who have suffered loss as a result of the events leading to the Debtors' bankruptcy.

I DECLARE under penalty of perjury that the foregoing is true and correct and that this declaration was executed on October 20, 2008.

*Michael A Tucker*
Michael Tucker, Manager of USA
Capital Diversified Trust Deed Fund, LLC