LEWIS AND ROCA LLP
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: JHindera@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 10/23/2008

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>USA Capital Realty Advisors, LLC,<br><br>USA Capital Diversified Trust Deed Fund, LLC,<br><br>USA Capital First Trust Deed Fund, LLC,[1]<br><br>USA Securities, LLC,[2]<br>                                 Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[1]<br>Case No. BK-S-06-10729-LBR[2]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**NUNC PRO TUNC MOTION TO FURTHER EXTEND DEADLINE TO FILE OBJECTION TO ALLOWANCE OF CLAIMS**<br>**(with Certificate of Service)**<br><br>Date: November 18, 2008<br>Time: 9:30 a.m. |

      The USACM Liquidating Trust (the "USACM Trust") by Lewis and Roca LLP, its counsel, moves this Court for an order *nunc pro tunc* pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rules 3007 and 9006(b)(1) enlarging the deadline for filing objections to allowance of claims, and in particular unsecured claims, for an additional 120 days from

---

[1] This bankruptcy case was closed on October 12, 2007.

[2] This bankruptcy case was closed on December 26, 2007.

October 10, 2008 to February 9, 2009. This Motion is based upon the following Memorandum of Points and Authorities and is supported by the Court's record and the declarations of Edward M. Burr and John Hinderaker filed this date.

**MEMORANDUM**

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as modified herein [DE 2376]. Notice of Entry of the Confirmation Order was filed on January 9, 2007, and served on January 11 and 12, 2007 [DE 2387].

There is no deadline for claims objections after plan confirmation under either the Bankruptcy Code or Rules. However, Section VII A.1 Objection to Claims of the Plan provides:

> Unless otherwise extended by the Court, objections to the allowance of Claims and Equity Interests shall be filed and served upon the entities asserting such Claims or Equity Interests as follows: (A) for any and all Claims and Equity Interests to which the General Bar Date applies, ninety (90) days after the Effective Date….

Accordingly, the deadline to file an objection to such Claim was 90 days after the Effective Date of March 12, 2007, or June 10, 2007. The Court extended the deadline to October 9, 2007, after a hearing [DE 4097]. The Court extended the deadline to October 15, 2007, by a bridge order after a hearing on August 23, 2007 [DE 4625]. On October 11, 2007, the Court entered an order [DE 4971] extending the deadline to February 12, 2008. On January 22, 2008, the Court entered an order [DE 5709] extending the deadline to June 12, 2008. On May 13, 2008, the Court entered an order [DE 6347] extending the June 12, 2008 deadline to October 10, 2008.

**I.    PROOFS OF CLAIM AND CLAIMS OBJECTIONS**

**A.    Overview**

To date there have been seven administrative claims filed totaling $2,016,499.08; 103 priority claims filed totaling $7,751,955.91; 1,676 secured claims filed totaling

1985489.2

$297,052,436.44; 1232 unsecured claims filed totaling $627,644,519.30; and 79 unknown claims filed totaling $649,390.57. Additional claims were scheduled by Debtors.

**B.     Objections**

To date, the Trust has filed:

- Objections to 1667 secured claims that have been sustained and reclassified as unsecured in aggregate of $296,160,362.79.
- Objections to 76 priority claims that have been sustained and reclassified as unsecured in aggregate of $5,122,243.
- One objection to the status of an administrative claim totaling $14,248 that has been sustained and reclassified as unsecured.
- Objections to 66 "Wrong Debtor" claims in the amount of $12,098,062. All but one of those objections were sustained or a stipulation withdrawing the subject claim was approved.
- Objections to three claims not enforceable against USACM in the amount of $75,503,580; one of these claims totaling $12,841,680 remains unresolved.
- Objections to 147 claims for lack of documentation in the amount of $19,708,808; 23 of these objections to claims totaling $1,920,750 were withdrawn due to claimants sending in sufficient supporting documents and 124 objections were sustained totaling $17,788,058.
- Objections to 34 claims on miscellaneous grounds in the amount of $39,394,064. Two of these objections were sustained totaling $3,502,383; 17 objections have stipulated withdrawals totaling $4,884,078; five claims totaling $6,416,532 have orders allowing the claim; and ten objections totaling $24,591,071 are unresolved.
- A total of 779 objections to Direct Lenders claims in the amount of $59,688,216, principally on loans paid in full by the borrowers. The Court

- has sustained these objections or the claimants have agreed that they are not making a claim based upon the paid loan in question.
- A stipulation has been executed and an order signed which provides for the disallowance of the Spectrum and Weddell proofs of claim in the amount of $125,000,000.

The Trust prosecuted objections to claims, including the Loans known as Hasley Canyon; Fiesta Beaumont $2.4 million; Ashby Financial Company $7,200,000; Glendale Tower Partners, LLC; Golden State Investments II; 5252 Orange, LLC; Midvale Market Place, LLC; Urban Housing Alliance – 435 Lofts Loan; Boise/Gowen 93, LLC; LCG Gilroy, LLC; J Jireh's Corporation; One Point Street, LLC – HFA North Yonkers; Goss Road Loan; Elizabeth May Real Estate Loan; Slade Development; Wasco Investments, LLC; I-40 Gateway West, LLC 2nd; Cottonwood Hills, LLC; Standard Property Development, LLC; and Palm Springs Marquis Hotel. The Trust has other adversary proceedings pending that constitute claims objections.

Further, as the Trust has received information from claimants, it has entered into stipulations for the allowance and disallowance of priority and unsecured claims. Conversely, some claimants have stipulated to either withdraw their claims or have them reclassified as unsecured claims upon discussion with the USACM Trust's counsel.

The remaining direct lender claims relate to loans that (1) fully performed, but involve diverted principal; (2) partially performed; (3) are non-performing or still outstanding. The extent to which those loans perform and/or the direct lenders may be compensated from the sale of collateral securing the loans has a major impact on the amount of the claims. The Trustee is handling these claims on a loan by loan basis.

Not all of the claims objections can be resolved through motions. The Court has ordered that the Trust's objection to claim 1366 of Los Valles Land & Golf, LLC be

consolidated with a related adversary proceeding filed by the Trust against Los Valles and its guarantor, Dan S. Palmer, Jr.

**II.     DISCUSSION**

This Court has previously considered and granted, after notice, and without opposition, extensions of the Plan's deadline for claim objections under Bankruptcy Rule 9006(b)(1), provides that except as otherwise provided by the Rule:

> when an act is required or allowed to be done at or within a specified period by the rules or by a notice given thereunder or by order of court, the court for cause shall at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect.

Here, the request for an extension comes after the October 10, 2008 deadline for filing objections to Allowance of Claims has already expired. Thus, the Court must find good cause for extending the deadline and that the failure to timely request the extension was the result of excusable neglect.

This request is supported by good cause. Nothing in the Plan prohibits the Court from extending the deadline for objecting to claims. The previous extension have all been granted without prejudice to further extensions. The Trust has been requesting only 120 day extensions so that the Court could monitor the claims process. The other direct lender claims to which the Trustee has yet to object relate to loans that (1) fully performed, but involve diverted principal; (2) partially performed; (3) are non-performing or still outstanding. The extent to which those loans perform and/or the direct lenders may be compensated from the sale of collateral securing the loans has a major impact on the amount of the claims. The Trustee is handling these claims on a loan by loan basis. There are also some non-direct lender claims to which the Trust may object.

Moreover, as to most of the outstanding loans, Compass (or its successors) and the USACM Trust (Placer Vineyards) are still attempting to collect on those loans, and, therefore, it is difficult, if not impossible, to accurately value the claims at this time.

For all of these reasons, the USACM Trust believes it needs more than 120 days to complete its review of the claims and file objections, but asks only for 120 days now, so that the Court can continue to monitor the claims resolution process.

This request for an extension is filed after the deadline has run. Therefore, the Court must also find "excusable neglect." In evaluating whether neglect is excusable, a district court must consider the four factors established by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*:[3] "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith."[4] The Supreme Court in *Pioneer r*ejected a rigid rule for excusable neglect, applying a broader standard that permitted a finding of excusable neglect even where the filer was in control of the situation that caused the delay.[5] Taken together, the four factors weigh in favor of granting the motion:

First, there is no danger of prejudice to the non-moving parties. Indeed, the opposite is true. If the Court does not grant the extension, then less than valid or overstated claims will be allowed and those claimants with legitimate claims will be prejudiced by a diminished distribution.

---

[3] *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1498, 123 L.Ed.2d 74 (1993).

[4] *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004).

[5] 507 U.S. at 386-95 ("'[E]xcusable neglect' . . . is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer.").

Second, the delay in seeking the extension is short. This motion seeks a 120 day extension and it is filed less than two weeks after the deadline ran on October 10, 2008.

Third, the failure to timely move for an extension is attributable in part to a serious family medical emergency that arose for the Trustee's attorney who is principally in charge of preparing claims objections.

Fourth, moving counsel has at all times acted in good faith.

### III. CONCLUSION

The USACM Trust requests that the Court enter its order *nunc pro tunc* further extending the deadline to file objections to allowance of claims until February 9, 2009, without prejudice to an additional extension.

Dated: October 23, 2008.

**LEWIS AND ROCA LLP**

By /s/ JH (#018024)
Susan M. Freeman, AZ 4199 (pro hac vice)
Rob Charles, NV 6593
John Hinderaker, AZ 18024 (pro hac vice)
*Attorneys for USACM Liquidating Trust*

LEWIS
AND
ROCA
LLP
L A W Y E R S

Proof of service

Copy of the foregoing posted on the USACM Liquidating Trust website and served on October 23, 2008 via email, where an email address is listed, or by first class mail, postage prepaid, addressed to:

All parties in interest listed on the Post Effective Date Service List on file with the Court and all parties on the pre-confirmation service list, which includes all direct lenders

  s/Renee L. Creswell
Lewis and Roca LLP

1985489.2