Peter C. Bernhard, NV Bar No. 734
Georganne W. Bradley, NV Bar No. 1105
BULLIVANT HOUSER BAILEY PC
3883 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone No.(702) 669-3600
Facsimile No. (702) 650-2995
E-Mail: peter.bernhard@bullivant.com
E-mail georganne.bradley@bullivant.com

Counsel for Compass Financial Partners LLC and
Compass USA SPE LLC

**E-FILED October 31, 2008**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No. BK-S-06-10725 LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor. | Case No. BK-S-06-10727<br>Chapter 11<br><br>JOINTLY ADMINISTERED<br><br>**MOTION TO WITHDRAW AS COUNSEL FOR COMPASS FINANCIAL PARTNERS, LLC AND COMPASS USA SPE LLC**<br><br>Date: December 16, 2008<br>Time: 9:30 a.m.<br>Est. length of hearing: 5 minutes |

The law firm of Bullivant Houser Bailey PC ("Bullivant") hereby seeks an order from this Court permitting Bullivant to withdraw as Nevada counsel for Compass Financial Partners LLC and Compass USA SPE LLC (collectively, "Compass") in the above-captioned Chapter 11 cases.

This motion is made and based upon Rule 2014 of the Local Rules of Bankruptcy Procedure, Rule IA 10-6(b) and (e) of the Local Rules of Practice for the United States District Court for the District of Nevada, and Rule 1.16 of the Nevada Rules of Professional Conduct, and is supported by the Memorandum of Points and Authorities included herein and the

– 1 –

Declaration of Georganne W. Bradley (the "Bradley Declaration") filed contemporaneously herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

Bullivant was initially engaged by Compass in December 2006 to serve as its Nevada counsel in connection with its bid to acquire the assets of USA Commercial Mortgage Company ("USACM") in the above-captioned cases. Bullivant has continued to serve as Nevada counsel for Compass and/or its affiliates and principals in connection with these cases, related adversary proceedings, and the U.S. District Court cases arising after or in connection with Compass' acquisition of assets from USACM and its affiliates. For the reasons stated below, Bullivant desires to terminate its representation of Compass and respectfully submits that sufficient grounds exist for permitting it to withdraw as counsel.

### Procedural Status

On April 13, 2006, USACM, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC, and USA Securities, LLC (collectively, the "Debtors") filed petitions for relief under Chapter 11 of the Bankruptcy Code.[1] Effective February 16, 2007, Compass acquired substantially all of the assets of the Debtors, including, among other things, USACM's rights under each loan servicing agreement, all accrued default rate interest, servicing fees, late charges, success fees and other fees and sums due the servicer under the LSAs, pursuant to an Asset Purchase Agreement, dated as of December 7, 2006 (the "Sale"), which was approved by this Court by Order entered January 8, 2007 (the "Confirmation Order"), confirming the Debtors' chapter 11 plan of reorganization (the "Plan"). Compass is a party to three open adversary proceedings. Bullivant is filing a Motion to Withdraw as Counsel in each of the adversary proceedings contemporaneously herewith.

---

[1] The Debtors' cases are jointly administered under Case No. 06-10725. Case Nos. 07-1026 (USA Capital Realty Advisors, LLC), 07-10728 (USA Capital First Trust Deed Fund, LLC) and 07-10729 (USA Securities, LLC) were closed on September 23, 2008, September 28, 2007, and December 26, 2007, respectively.

## Legal Argument

Rule 2014 of the Local Rules of Bankruptcy Procedure provides, in relevant part, as follows:

>    (a)    Appearances. An attorney who appears in a case on behalf of a party is the attorney of record for the party for any and all purposes except adversary proceedings until an order is entered permitting the withdrawal of the attorney or the case is closed or dismissed. …
>
>    (2)    Unless the court orders otherwise or further appearance is made in an adversary proceeding, an attorney who has appeared for a party only in the main bankruptcy case is not automatically the attorney of record for the party in the adversary proceeding.
>
>    (b)    Withdrawals. See LR IA 10-6 of the Local Rules of Practice for the United States District Court for the District of Nevada.

LR IA 10-6 provides, in pertinent part, that (i) no attorney may withdraw after appearing in a case except by leave of court after notice served on the affected client and opposing counsel, and (ii) except for good cause shown, no withdrawal shall be approved if delay of discovery, the trial or any hearing in the case would result.

Rule 1.16(b) of the Nevada Rules of Professional Conduct ("NRCP") provides, in relevant part, that a lawyer may withdraw from representing a client if: (i) withdrawal can be accomplished without material adverse effect on the interests of the client; or (ii) other good cause for withdrawal exists. NRPC 1.16(b)(1) and (7). The rule further provides that a lawyer may withdraw from representing a client if: (i) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; or (ii) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client. NRCP Rule 1.16(b)(5) and (6). *See also* California v. M & P Investments, 2007 WL 3119666 (E.D. Cal. 2007) (relying on rules substantially similar to LR IA 10-6 and NRPC 1.16, permitting an attorney to withdraw based on the client's failure to pay fees and lack of communication between the client and attorney); Ringgold Corp. v. Worral, 880 F.2d 1138, 1140 (9th Cir. 1989) (holding that a client's failure to pay its attorneys' fees or costs may constitute adequate grounds for permitting an attorney to withdraw from a case).

- 3 -

**(1)    Bullivant has notified the Clients of its intention to seek permission to withdraw as Nevada counsel.**

Bullivant has provided Compass and its principals with written notice of its intention to file this motion seeking permission to withdraw as counsel. *See* Bradley Declaration. Moreover, Compass and all interested parties in these cases will receive notice of Bullivant's request to withdraw upon the filing and service of this motion. Bullivant has not received any written or verbal statement from Compass or its principals in opposition to its stated intention to withdraw as counsel nor a request that Bullivant refrain from filing the motion. *See* Bradley Declaration.

**(2)    Good cause for withdrawal exists.**

Bullivant submits that good cause exists for permitting it to withdraw as Nevada counsel for the Compass, that Compass will not be prejudiced by permitting Bullivant to withdraw, and that this Chapter 11 case will not be delayed or affected in any way if Bullivant is permitted to withdraw.

**(A)    Communications between Bullivant and Compass have broken down to an extent that Bullivant cannot adequately perform legal services.**

Bullivant's ability to provide competent legal services to and for Compass has been severely hindered as a result of lack of communication with Compass. Although Bullivant was engaged to serve as local counsel for Compass, and Compass was more than adequately represented by its lead counsel, Milbank Tweed Hadley & McCloy LLP or Sheppard Mullin Richter & Hampton, LLP, during the course of these cases, Bullivant has not been kept apprised of matters of which it should have been made aware in order to competently perform legal services. *See* Bradley Declaration. Bullivant has been unable to obtain information from Compass, despite written and verbal requests, which Bullivant needs to obtain in order to respond to requests for information made by counsel for opposing or interested parties or, if it becomes necessary for any reason, to apprise the Court of Compass' activities. *See* Bradley Declaration. Most recently, and perhaps most disturbingly, Bullivant learned that Silar Advisors, LP ("Silar") apparently foreclosed on the collateral for its loan to Compass, and that

-4-

1  Silar has apparently succeeded to all of Compass' rights and obligations purchased from
2  USACM, including the loan servicing rights, by reading the Receiver's Report Regarding
3  Settlement Agreement that was filed in U.S. District Court in Case No. 2:07-cv-892-RCJ(GWF)
4  on October 6, 2008. *See* Bradley Declaration. Consequently, Bullivant does not believe that it
5  can competently represent Compass in this proceeding.

6  **(B)    Compass has failed to fulfill its obligation to pay Bullivant for**
7  **services rendered and reimburse Bullivant for costs incurred.**

8  Compass has failed to fulfill its financial obligations to Bullivant, and continued
9  representation will result in an unreasonable financial burden on this firm. Bullivant has been
10 carrying a past due balance for Compass for at least ten months. Over the past ten months,
11 Bullivant has had numerous written and verbal communications with Compass' representatives
12 regarding Bullivant's unpaid invoices. On several occasions since May, Bullivant advised
13 Compass that the firm could not continue to carry the account receivable, and that Bullivant
14 would have to consider withdrawing as Compass' Nevada counsel if Compass was unable or
15 unwilling to fulfill its obligation to pay Bullivant fees for services rendered and to reimburse
16 Bullivant for costs incurred on behalf of Compass. To date, Compass has not fulfilled its
17 financial obligation to Bullivant. *See* Bradley Declaration.

18 **(C)    Bullivant's withdrawal as Nevada counsel will not prejudice**
19 **Compass or delay or hinder the progress of the cases.**

20 Bullivant's withdrawal as Nevada counsel will not materially adversely affect the
21 interests of Compass or any other party to these Chapter 11 cases. As of the date of this motion,
22 there are no pending motions filed by Compass or to which Compass must or should respond.
23 Compass will have more than ample time to engage new counsel to represent its interests in this
24 case. Therefore, no party will be prejudiced by Bullivant's withdrawal as local counsel for
25 Compass.

26 For the foregoing reasons, Bullivant Houser Bailey PC respectfully requests that this
27 Court grant its Motion to Withdraw as Nevada Counsel for Compass.

28

DATED: October 31, 2008

BULLIVANT HOUSER BAILEY PC

By: /s/ Georganne W. Bradley
Georganne W. Bradley (NV Bar No. 1105)
3883 Howard Hughes Pkwy., Ste. 550
Las Vegas, Nevada 89169

Attorneys for Compass Financial Partners LLC and Compass USA SPE LLC

Bullivant|Houser|Bailey PC
3883 Howard Hughes Parkway, Suite 550
Las Vegas, NV 89169
Telephone: (702) 669-3600
Facsimile: (702) 650-2995

## CERTIFICATE OF SERVICE

1. On October 31, 2008, the following documents were served:

   (a) MOTION TO WITHDRAW AS COUNSEL FOR COMPASS FINANCIAL PARTNERS, LLC AND COMPASS USA SPE LLC

   (b) DECLARATION OF GEORGANNE W. BRADLEY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR COMPASS FINANCIAL PARTNERS, LLC AND COMPASS USA SPE LLC

2. The above-named documents were served by the following means to the persons listed below:

   ☒ a. **ECF System.** See Notice of Electronic Filing.

   ☐ b. **United States mail, postage full prepaid to the following:**

   ☐ c. **Personal service.**

   I personally delivered the documents to the persons at these addresses:

   ☐ For a party represented by an attorney, delivery was made by handing the documents at the attorney's office with a clerk or other person in charge, or if no one is in charge, by leaving the documents in a conspicuous place in the office.

   ☐ For a party, delivery was made by handing the documents to the party or by leaving the documents at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

   ☐ d. **By direct email.**

   I caused the documents to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

   ☐ e. **By fax transmission.**

   Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

1  ☐   f.   **By messenger.**

2  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

3

4  I declare under penalty of perjury that the foregoing is true and correct.

5  DATED this 31st day of October, 2008.

6

7  _/s/ Mary A. Opatrny_
   Name: Mary A. Opatrny

8  an employee of Bullivant Houser Bailey PC

– 8 –