Peter C. Bernhard, NV Bar No. 734
Georganne W. Bradley, NV Bar No. 1105
BULLIVANT HOUSER BAILEY PC
3883 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone No.(702) 669-3600
Facsimile No. (702) 650-2995
E-Mail: peter.bernhard@bullivant.com
E-mail georganne.bradley@bullivant.com

Counsel for Compass Financial Partners LLC and
Compass USA SPE LLC

E-FILED October 31, 2008

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No. BK-S-06-10725 LBR<br>Chapter 11 |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor. | Case No. BK-S-06-10727<br>Chapter 11<br><br>JOINTLY ADMINISTERED<br><br>DECLARATION OF GEORGANNE W. BRADLEY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR COMPASS FINANCIAL PARTNERS, LLC AND COMPASS USA SPE LLC<br><br>Date: December 16, 2008<br>Time: 9:30 a.m.<br>Est. length of hearing: 5 minutes |

I, Georganne W. Bradley, hereby declare as follows:

1. I am duly licensed to practice law in the State of Nevada. I am an attorney practicing law with and through the law firm of Bullivant, Houser, Bailey PC ("Bullivant"), counsel for Compass Financial Partners LLC and Compass USA SPE LLC, a Delaware limited liability company (collectively, "Compass"). I submit this declaration in support of Bullivant's Motion to Withdraw as Nevada Counsel for Compass in the above-captioned Chapter 11 cases (the "Motion"). I am over the age of twenty-one years and am otherwise competent and

1 qualified to make this declaration. I have personal knowledge of the facts stated in this declaration and, if called upon to do so, would testify competently thereto at trial.

2. Bullivant was initially engaged by Compass in December 2006 to serve as its Nevada counsel in connection with its bid to acquire the assets of USA Commercial Mortgage Company("USACM") and its affiliates.

3. Bullivant has continued to serve as Nevada counsel for Compass in connection with the above-captioned cases, related adversary proceedings, other related Chapter 11 cases initiated after Compass acquired the USACM assets, and certain U.S. District Court cases.

4. On June 3, 2008 and July 11, 2008, I notified Compass in writing that Bullivant may have to withdraw as counsel if Compass did not bring its account receivable current. On October 10, 2008, I notified Compass and its principals, Len Mezei, Boris Piskun, David Blatt, and Ron Friedman, in writing that Bullivant has decided to withdraw as counsel for Compass, its affiliates, and principals, in all U.S. District Court and U.S. Bankruptcy Court cases in Nevada, and that Bullivant would be filing a motion for permission to withdraw in each of those cases. I explained that our decision was based on lack of communication with Compass, and Compass' failure to pay Bullivant for services previously rendered and costs incurred on Compass' behalf.

5. As of the date of this declaration, although Compass and Piskun acknowledged receipt of my notice of Bullivant's intended withdrawal, no one from Compass has objected to Bullivant's intended withdrawal.

6. Although other Bullivant attorneys have provided legal services for Compass since the firm was engaged as Nevada counsel, I have been the lead attorney and the primary contact person between Compass and Bullivant. I do not believe that Bullivant has been kept apprised of matters of which it should have been made aware in order to competently perform legal services.

7. On several occasions in 2008, I have been unable to obtain information from Compass, despite written and verbal requests, which Bullivant needs to obtain in order to properly advise this Court regarding the status and strategy for prosecuting this case or to

respond to requests for information made by counsel for opposing parties and other interested parties in connection with this adversary proceeding and other cases. In addition, on several occasions in 2008, I learned of Compass' actions by reading pleadings filed with this Court and the U.S. District Court.

8. I learned that Silar Advisors, LP ("Silar") apparently foreclosed on the collateral for its loan to Compass, and that Silar has apparently succeeded to all of Compass' rights and obligations purchased from USACM, including the loan servicing rights, by reading the Receiver's Report Regarding Settlement Agreement that was filed on October 6, 2008. Upon reading the Receiver's Report, I contacted Compass' lead counsel, Milbank, Tweed, Hadley & McCloy LLP ("Milbank"), and was advised by Linda Dakin-Grimm that Milbank would be filing a motion to withdraw as counsel for Compass, Blatt, and Piskun in the U.S. District Court and U.S. Bankruptcy Court cases.

9. As of the date of this declaration, Bullivant is owed, but has not been paid, $85,816.67 for legal services rendered and costs incurred in connection with its representation of Compass and its principals.

10. Bullivant has been carrying a past due balance for Compass for at least ten months. Over the past ten months, either I or my colleague, Peter C. Bernhard, have communicated or attempted to communicate, verbally and in writing, with Compass no less than eight times regarding Compass' past due balance.

11. I was informed by Ms. Dakin-Grimm that communication has also broken down between Milbank and Compass.

12. I am informed and believe that the U.S. District Court settlement agreement to which Compass was a party is "essentially moot", that the Receiver is negotiating with or has entered into a new agreement with Silar, and that Silar, by foreclosing on its collateral, has apparently succeeded to all of Compass' rights and obligations purchased from USACM.

\\\\\

\\\\\\

– 3 –

13. I am informed and believe that Silar has taken over responsibility for servicing the loans.

Executed this 30th day of October, 2008, in Las Vegas, Nevada.

_Georganne W. Bradley_
GEORGANNE W. BRADLEY

— 4 —