**O'REILLY LAW GROUP, LLC**
John F. O'Reilly, Esq.
Nevada Bar No. 1761
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Tel: (702) 382-2500
Fax: (702) 384-6266
E-Mail: tor@oreillylawgroup.com

**BIENERT, MILLER, WEITZEL & KATZMAN**
Steven J. Katzman, Esq.
California Bar No. 132755
117 Avenida Miramar
San Clemente, California 92672
Tel: (949) 369-3700; Fax: (949) 369-3701
E-Mail: skatzman@bmwklaw.com

Attorney for Parties-in-Interest
MARY PETERSEN, INDIVIDUALLY AND AS TRUSTEE OF THE MARY PETERSEN FAMILY TRUST DTD 8/12/98; MICHAEL PETERSEN, INDIVIDUALLY AND AS TRUSTEE OF THE MICHALE D. PETERSEN FAMILY TRUST DTD 8/12/98; KATHRYN PETERSEN INDIVIDUALLY AND AS TRUSTEE OF THE KATHRYN L. PETERSEN LIVING TRUST AND THE KLP TRUST DTD 7/15/99

E-FILED 11/6/08

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In Re:<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | JOINTLY ADMINSTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle |
| In Re:<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor. | **OPPOSITION TO THE APPLICATION OF THE USACM LIQUIDATING TRUST TO COMPROMISE AND SETTLE CONTROVERSIES WITH PIERCY, BOWLER, TAYLOR & KERN, PC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| In Re: | |

USA CAPITAL FIRST TRUST DEED FUND, LLC,

Debtor.

In Re:

USA SECURITIES, LLC,

Debtor.

Affects:

☒ All Debtors
☐ USA Commercial Mortgage Company
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA Commercial Mortgage Company
☐ USA Commercial Mortgage Company

Parties-in-Interest Mary Petersen, Individually and as Trustee of the Mary Petersen Family Trust DTD 8/12/98; Michael Petersen, Individually and as Trustee of the Michael D. Petersen Family Trust DTD 8/12/98; Kathryn Petersen, Individually and as Trustee of the Kathryn L. Petersen Living Trust and the KLP Trust DTD 7/15/99 (collectively, the "Petersens") submit the following Opposition to the Application of Geoffrey Berman, Trustee ("Trustee") of the USACM Liquidating Trust (the "USACM Trust") and Michael Tucker, Manager ("Manager;" the Trustee and Manager are collectively referred to as the "Trustee/Manager"), of the USA Capital Diversified Trust Deed Fund, LLC ("DTDF") to Compromise and Settle Controversies (the "Motion") with Piercy, Bowler, Taylor & Kern PC ("PBTK"):

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

In the Motion, the Trustee/Manager seeks to settle, through the terms of a confidential settlement, certain claims against PBTK for, among other things, accounting

malpractice/professional negligence and breach of contract.[1] See Motion at 6, Para. 12. As a result of informal settlement discussions, the parties reached a mutually acceptable settlement agreement without filing any lawsuit. See Motion at 6, Para. 13.

According to the Motion, the settlement is conditioned upon the entry of a "Bar Order" (the "Bar Order"), barring claims against PBTK for indemnity and/or contribution by any party receiving notice of the Motion. See Motion at 2, 14-16; Proposed Order at Para. 2.[2] The purported authority for the Bar Order is Nevada Revised Statute §17.245 (the "Nevada Good Faith Settlement Statute").

The Petersens are defendants in two separate adversary actions brought by the Trustee for alleged: avoidance of alleged fraudulent conveyances; aiding and abetting breaches of fiduciary duty; and liability for treble damages for allegedly receiving $12.8 million knowing that funds were misappropriated by theft and/or other offense(s) that constitute a crime against property.[3] See Adversary Actions USACM Liquidating Trust, et. al. v. Mary Petersen, et al, Adversary Proceeding Number 08-01134-lbr; USACM Liquidating Trust, et. al. v. Kathryn Petersen, et al, Adversary Proceeding Number 08-01133-lbr (Collectively, the "Adversary Actions"). Copies of the Adversary Actions are attached as Exhibits "1" and "2" to the Declaration of Timothy O'Reilly,

---

[1] PBTK allegedly audited USACM's financial statements for fiscal years ending December 31, 2002 through December 31, 2004, and was in the process of conducting the audit for fiscal year 2005 at the time that USACM filed for bankruptcy protection. For the fiscal years 2002 through 2004, PBTK issued unqualified audit opinions on USACM's financial statements. See Motion at 5-6 Para. 11.

[2] The Motion is somewhat inconsistent in its requested relief. The Motion states that it is seeking a bar for indemnity and contribution (Motion at 2, Proposed Order at Para. 2.), but then further states "It addresses the concern of PBTK that it may later be faced with claims for indemnity, contribution, or other claims arising from the facts underlying this action." See Motion at 14, Para 32 (Emphasis Added).

[3] The alleged authority for this cause of action arises under NRS § 41.580, which provides "If property has been taken from its owner by larceny, robbery, burglary, embezzlement, theft or any other offense that is a crime against property and another person buys, receives, possesses or withholds the property under circumstances that make such conduct a violation of subsection 1 of NRS § 205.275, the owner of the property may bring a civil action against the person who bought, received, possessed or withheld the property and may recover treble the amount of any damage the owner has suffered, together with his costs in the action and a reasonable attorney's fee."

In turn, NRS 205.275 provides in part that "1. A person commits an offense involving stolen property if the person, for his own gain or to prevent the owner from again possessing his property, buys, receives, possesses or withholds property: (a) Knowing that it is stolen property; or (b) Under such circumstances as should have caused a reasonable person to know that it is stolen property."

filed concurrently with this Opposition ("O'Reilly Declaration"). The Adversary Actions are at their initial stages of litigation, with initial disclosures occurring on September 9, 2008, by the Defendants and September 26, 2008, by the Plaintiffs. Written discovery, specifically requests for production of documents, was only propounded by each side within the last week, and the discovery cutoff date is not scheduled until February 23, 2009. See O'Reilly Declaration at Paragraph 3.

The Petersens vehemently deny the allegations set forth in the Adversary Actions. Nevertheless, to the extent they face any potential liability under the Adversary Actions, the Petersens wish to preserve the claims to mitigate such damages, including but not limited to any claims for indemnity or contribution. The proposed Bar Order affects the Petersens' rights for such mitigation of claims. Through the proposed Bar Order, the Trustee/Manager seek to discharge any such claims against third party, non debtors, who are neither co-defendants or alleged joint tortfeasors, despite the fact that there is no pending adversary action against PBTK (let alone that the parties for which the Trustee/Manager seek the imposition of the Bar Order). As set forth more particularly below, the Trustee/Manager has wholly failed to establish that: the request for the Bar Order is properly before this Court; this Court has subject matter jurisdiction to impose the Bar Order; the Bar Order is legally permissible; or the proposed application of Nevada Good Faith Settlement Statute to impose the Bar Order is appropriate in this context. Accordingly, the request for the Bar Order should be denied.

## II. THE MOTION FAILS TO IDENTIFY THE REQUISITE PROCEDURAL AND SUBJECT-MATTER JURISDICTION TO ENTER THE BAR ORDER

It is well recognized within the Ninth Circuit that bankruptcy courts lack the authority to discharge the liability of third parties not before the court. See Underhill v. Royal, 769 F.2d 1426, 1432 (9th Cir. 1985) (Ninth Circuit reasoned that the language of 11 U.S.C. §524(e) prohibits the court from discharging the liabilities of non-debtors, regardless of creditor consent); Stratosphere Litigation, LLC v. Grand Casinos, Inc., 298 F.3d 1137, 1143 (9th Cir. 2002) (stating, "[i]t is true that a bankruptcy court cannot confirm a reorganization plan that discharges the liabilities of a third party"); In re Lowenschuss, 67 F.3d 1394, 1401 (9th Cir. 1995) (finding that §524(e) specifically

-4-
Opposition to Application to Compromise and Settle

prevents the bankruptcy court from discharging the liabilities of non-debtors); American Hardwoods, Inc. v. Deutsche Credit Corp., 885 F.2d 621, 626 (9th Cir. 1989) (explicitly rejecting the argument that the Omnibus Power Provision, §105(a), permits the court to discharge the liabilities of non-debtors and affirming prior holdings that the court's power in this regard is limited by §524(e)).

Nevertheless, under the auspices of the Nevada Good Faith Settlement Statute, the Trustee/Manager seeks such an order discharging any claim against PBTK by all parties the Trustee/Manager so chooses, merely serving them with a copy of the Motion. There are two serious, fundamental flaws with this approach.

First, the Trustee/Manager has failed to establish that this Court has procedural and subject matter jurisdiction to adjudicate the claims underlying the settlement agreement, or jurisdiction over the parties subject to the potential imposition of the Bar Order. Additionally, the Trustee/Manager has failed to establish how the Bar Order is legally permissible as applied to such parties. Under strikingly similar circumstances, the issue of the bankruptcy court's jurisdiction and authority to issue such a Bar Order was recently addressed by the court in In Re Stratesec, Inc., 375 B.R. 1 (Bankr. D.D.C. 2007). In Stratesec, following the court's approval of Chapter 11 trustee's settlement with released parties, the trustee filed expedited motion seeking entry of a bar order enjoining "all persons" from pursuing those released parties on contribution or indemnity claims. In denying the motion, the court held:

1. The Bar Order violated the Federal Rules of Bankruptcy Procedure, which require that a proceeding seeking an injunction be brought as an adversary proceeding, with a requirement of service of a summons with the complaint to satisfy the requirements of due process. The court further stated "Injunctive relief against entities who are not parties to a settlement agreement ought not be included as part of an order granting a motion to approve a settlement agreement. Without an adversary proceeding having been commenced, a Bar Order, if issued, would not be worth the paper it is written on, except to use in an attempt to frighten off entities that might pursue claims for contribution and indemnification, and I will not assist the parties in obtaining a Bar Order, utterly devoid of legal authority, to utilize for that improper purpose. Attorneys, who are officers of the court, similarly ought not defeat the rule of law by seeking from the court an order that they ought to well know has not been sought in a procedurally correct fashion." Id. at 3-4

2.  That the trustee did not establish that the court had the subject matter jurisdiction to enter the Bar Order by failing to show that "granting the requested Bar Order – enjoining third parties (identified as only "all persons") from pursuing claims for contribution or indemnification from the released parties – would have an impact on the administration of the bankruptcy estate." Id. at 4. The court further held: "Without any such impact on the estate, this court would lack subject matter jurisdiction under 28 U.S.C. § 1334. Plainly, it does not suffice that a party, against whom a trustee had a claim that has already been settled, would find it attractive to obtain an adjudication of the collateral consequences on third parties of its settlement with the trustee." Id.

3.  The proposed Bar Order raises substantive issues regarding the Court's authority to issue the Bar Order, in that the trustee "has not shown that the releases under the Settlement Agreement in favor of the released parties provide a basis for ruling that all contribution and indemnification claims against them have been extinguished." The court reasoned that "Because the Bar Order would enjoin 'all persons,' and does not identify their contribution and indemnification claims, the court would have to examine the laws of all the states (indeed, of all the world) to ascertain the effect of a release of claims against the released parties on any possible contribution and indemnification claims of other entities." Id. at 3-5.[4]

Similarly, here: 1. There is no pending adversary proceeding requesting any form of injunctive relief; 2. There is no showing of subject matter jurisdiction for the requested Bar Order; 3. There is no identification of the parties, the nature of their contribution and indemnification claim that are affected by the Bar Order. Accordingly, as with counsel in In Re Stratesec, the Trustee/Manager should "similarly ought not defeat the rule of law by seeking from the court an order that they ought to well know has not been sought in a procedurally correct fashion."

Second, even if this Court had procedural and substantive jurisdiction under the Motion to enter the Bar Order, which it does not, the Trustee/Manager has failed to establish that the Nevada Good Faith Settlement Statute maybe properly used to discharge the obligations of entities that are not before the Court in any pending adversary proceeding.

---

[4] Contrast this to the case of In re 350 Encinitas Investments, LLC, 2007 WL 2669546 (S.D. Cal. 2007), where the district court affirmed the bankruptcy court's order approving a motion to compromise controversy, brought by a post confirmation disbursing agent and responsible person. In 350 Encinitas Investments, the bankruptcy court was asked not to enter a bar order as part of the approval of the settlement, but merely to approve a settlement agreement in which a condition was to authorize seeking a good faith determination from the state court where the lawsuit was pending, specifically "The Superior Court acting in the State Court Action shall have entered its order approving the compromise embodied in this Agreement as a Good Faith Settlement . . . and served upon all defendants named in the Original Complaint." Id. at 4, 7-8.

The Nevada Good Faith Settlement Statute codifies the Uniform Contribution Among Tortfeasors Act. In 1973, the Nevada Legislature adopted the Uniform Contribution Among Tortfeasors Act in order to "specifically address the inequities that resulted from adherence to the traditional common law rule." Russ v. General Motors Corp., 906 P.2d 718, 721 (Nev. 1995).[5] Within the statutory scheme that was created to prevent such inequities, the Legislature included Section 17.245 to encourage settlement by preventing further claims against the settling party. However, as noted by the Court in The Doctors Co. v. Vincent, 98 P.3d 681, 683 (Nev. 2004), the application of the Nevada Good Faith Settlement Statute is limited to parties before the court, expressly stating "any joint tortfeasor *in a multi-defendant tort action* may obtain protection from claims of contribution and implied indemnity by settling with the tort claimant in good faith under NRS 17.245." (Emphasis added).

None of the cases cited by the Trustee/Manager may obtain an order barring a claim for indemnification or contribution against parties who are not before the Court in a pending adversary action. See generally Carpenter v. U.S., 710 F. Supp. 747, 752-53 (D. Nev. 1988); Velsicol Chemical Corp. v. Davidson, 811 P.2d 561 (Nev. 1991); Gen. Motors Corp. v. Reagle, 714 P.2d 176 (Nev. 1986); The Doctors Co. v. Vincent, 98 P.3d 681, 686-87 (Nev. 2004). In fact, as noted above, The Doctors Co. v. Vincent expressly stated the contrary. Id. at 683.[6] On of the bases of a lack of such showing, the request for a Bar Order, without the existence of an adversary proceeding underlying the same, against entities that are not parties to such non existent proceeding with the settling parties, cannot stand.[7]

---

[5] Historically, the release of one tortfeasor automatically acted as a release of all other potential parties, both named and unnamed. Russ v. General Motors Corp., 906 P.2d 718, 720 (1995), citing Dougherty v. California Kettleman Oil Royalties, 13 Cal.2d 174 (1939).

[6] Indeed, in an attempt to resolve this matter short of litigation, the Petersen's attempted to obtain a clarification of legal authority that the Trustee/Manager was relying upon for the Bar Order and, in response, was merely directed to the Motion. See email correspondence dated October 28, 2008, a copy of which is attached as Exhibit "3" to the O'Reilly Declaration.

[7] Additionally, under the Nevada Good Faith Settlement Statute, a judicial determination and ensuing bar on claims amongst joint tortfeasors cannot be issued on claims for breach of fiduciary duty. See NRS § 17.305 ("NRS 17.225 to 17.305, inclusive, do not apply to breaches of trust or of other fiduciary obligation."). It is possible that the Trustee/Manager's claims against PBTK would include, or could otherwise be deemed an action for breach of fiduciary duty. However, since no action has been filed, let alone analyzed, one cannot tell whether the Bar Order would be precluded under for this provision.

## III. CONCLUSION

For the foregoing reasons, the request for the Bar Order, as requested in the Motion, should be denied.

DATED: November 6th, 2008      O'REILLY LAW GROUP, LLC

By: /s/ Timothy R. O'Reilly
John F. O'Reilly, Esq.
Nevada Bar No. 1761
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 South Maryland Parkway
Las Vegas, Nevada 89101
Attorney for Parties-in-Interest
Mary Petersen, Individually and as Trustee of the Mary Petersen Family Trust DTD 8/12/98; Michael Petersen, Individually and as Trustee of the Michael D. Petersen Family Trust DTD 8/12/98; Kathryn Petersen, Individually and as Trustee of the Kathryn L. Petersen Living Trust and the KLP Trust DTD 7/15/99

BIENERT, MILLER, WEITZEL & KATZMAN

By: /s/ Steven J. Katzman
Steven J. Katzman, Esq.
California Bar No. 132755
117 Avenida Miramar
San Clemente, California 92672
Telephone: (949) 369-3700
Facsimile: (949) 369-3701
E-Mail: skatzman@bmwklaw.com

Attorneys for Parties-in-Interest
Mary Petersen, Individually and as Trustee of the Mary Petersen Family Trust DTD 8/12/98; Michael Petersen, Individually and as Trustee of the Michael D. Petersen Family Trust DTD 8/12/98; Kathryn Petersen, Individually and as Trustee of the Kathryn L. Petersen Living Trust and the KLP Trust DTD 7/15/99