O'REILLY LAW GROUP, LLC
John F. O'Reilly, Esq.
Nevada Bar No. 1761
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Tel: (702) 382-2500; Fax: (702) 384-6266
E-Mail: tor@oreillylawgroup.com

E-FILED 11/6/08

BIENERT, MILLER, WEITZEL & KATZMAN
Steven J. Katzman, Esq.
California Bar No. 132755
117 Avenida Miramar
San Clemente, California 92672
Tel: (949) 369-3700; Fax: (949) 369-3701
E-Mail: skatzman@bmwklaw.com

Attorneys for Parties-in-Interest
MARY PETERSEN, INDIVIDUALLY AND AS TRUSTEE OF THE MARY PETERSEN FAMILY TRUST DTD 8/12/98; MICHAEL PETERSEN, INDIVIDUALLY AND AS TRUSTEE OF THE MICHALE D. PETERSEN FAMILY TRUST DTD 8/12/98; KATHRYN PETERSEN INDIVIDUALLY AND AS TRUSTEE OF THE KATHRYN L. PETERSEN LIVING TRUST AND THE KLP TRUST DTD 7/15/99

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In Re:<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | JOINTLY ADMINSTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle |
| In Re:<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor. | **OPPOSITION TO THE APPLICATION OF THE USACM LIQUIDATING TRUST TO COMPROMISE AND SETTLE CONTROVERSIES WITH BEADLE, MCBRIDE, EVANS & REEVES, LLP.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| In Re:<br><br>USA CAPITAL FIRST TRUST DEED FUND, | |

| | |
|---|---|
| LLC, | |
| | Debtor. |
| In Re: | |
| USA SECURITIES, LLC, | |
| | Debtor. |
| Affects: ☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Commercial Mortgage Company<br>☐ USA Commercial Mortgage Company | |

Parties-in-Interest Mary Petersen, Individually and as Trustee of the Mary Petersen Family Trust DTD 8/12/98; Michael Petersen, Individually and as Trustee of the Michael D. Petersen Family Trust DTD 8/12/98; Kathryn Petersen , Individually and as Trustee of the Kathryn L. Petersen Living Trust and the KLP Trust DTD 7/15/99 (collectively, the "Petersens") submit the following Opposition to the Application of Geoffrey Berman, Trustee ("Trustee") of the USACM Liquidating Trust (the "USACM Trust") and Michael Tucker, Manager ("Manager;" the Trustee and Manager are collectively referred to as the "Trustee/Manager"), of the USA Capital Diversified Trust Deed Fund, LLC ("DTDF") to Compromise and Settle Controversies (the "Motion") with Beadle, McBride, Evans & Reeves, LLP, et al. ("BMER"):

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

In the Motion, the Trustee/Manager seeks to settle, for a sum of $1,500,000 certain claims against BMER for, among other things, accounting malpractice/professional negligence and breach of contract.[1]  See Motion at 7, Para. 16, 18a.  On May 16, 2008 the USACM Trust and DTDF filed

---

[1] BMER allegedly audited DTDF's financial statements for fiscal years ending December 31,

-2-
Opposition to Application to Compromise and Settle

a civil complaint against BMER in the United States Bankruptcy Court District of Nevada, Adversary No. 08-1164 (the "BMER Action"). See Motion at 7, Para. 16. The complaint, in addition to aforementioned causes of action, also plead claims for aiding and abetting a breach of fiduciary duty. As a result of mediation and informal settlement discussions, the parties reached a mutually acceptable settlement agreement. See Motion at 7, Para. 17.

According to the Motion, The USACM Trust and DTDF are contractually obligated to engage in good faith efforts to seek the entry of a Bar Order (the "Bar Order"), barring claims against BMER for indemnity and/or contribution by any party receiving notice of the Motion. See Motion at 2, 15-17; Proposed Order at Para. 2.[2] The purported authority for the Bar Order is Nevada Revised Statute §17.245 (the "Nevada Good Faith Settlement Statute").

The Petersens are defendants in two separate adversary actions brought by the Trustee for alleged: avoidance of alleged fraudulent conveyances; aiding and abetting breaches of fiduciary duty; and liability for treble damages for allegedly receiving $12.8 million knowing that funds were misappropriated by theft and/or other offense(s) that constitute a crime against property.[3] See Adversary Actions USACM Liquidating Trust, et. al. v. Mary Petersen, et al, Adversary

---

2000 through December 31, 2003. For the fiscal years 2001 through 2002, BMER issued unqualified audit opinions on DTDF's financial statements. BMER continued work on DTDF's 2003 financial statements through October of 2004, when it was informed DTDF no longer required audit services. BMER also allegedly audited USA Capital First Trust Deed Fund, LLC ("FTDF") financial statements for the period ending March 29, 2001 and the fiscal years ending December 31, 2001 through December 31, 2005. BMER issued unqualified audit opinions on FTDF's March 29, 2001 through December 31, 2004 financial statements, but did not complete its 2005 audit due to FTDF's bankruptcy. See Motion at 6-7 Para. 14-15.

[2] The Motion is somewhat inconsistent in its requested relief. The Motion states that it is seeking a bar for indemnity and contribution (Motion at 2, Proposed Order at Para. 2.), but then further states "It addresses the concern of BMER that it may later be faced with claims for indemnity, contribution, or other claims arising from the facts underlying this action." See Motion at 15, Para 36 (Emphasis Added).

[3] The alleged authority for this cause of action arises under NRS § 41.580, which provides "If property has been taken from its owner by larceny, robbery, burglary, embezzlement, theft or any other offense that is a crime against property and another person buys, receives, possesses or withholds the property under circumstances that make such conduct a violation of subsection 1 of NRS § 205.275, the owner of the property may bring a civil action against the person who bought, received, possessed or withheld the property and may recover treble the amount of any damage the owner has suffered, together with his costs in the action and a reasonable attorney's fee."

In turn, NRS 205.275 provides in part that "1. A person commits an offense involving stolen property if the person, for his own gain or to prevent the owner from again possessing his property, buys, receives, possesses or withholds property: (a) Knowing that it is stolen property; or (b) Under such circumstances as should have caused a reasonable person to know that it is stolen property."

Proceeding Number 08-01134-lbr; <u>USACM Liquidating Trust, et. al. v. Kathryn Petersen, et al</u>, Adversary Proceeding Number 08-01133-lbr (Collectively, the "Adversary Actions"). Copies of the Adversary Actions are attached as Exhibits "1" and "2" to the Declaration of Timothy O'Reilly, filed concurrently with this Opposition ("O'Reilly Declaration"). The Adversary Actions are at their initial stages of litigation, with initial disclosures occurring on September 9, 2008, by the Defendants and September 26, 2008, by the Plaintiffs. Written discovery, specifically requests for production of documents, was only propounded by each side within the last week, and the discovery cutoff date is not scheduled until February 23, 2009. See O'Reilly Declaration at Paragraph 3.

The Petersens vehemently deny the allegations set forth in the Adversary Actions. Nevertheless, to the extent they face any potential liability under the Adversary Actions, the Petersens wish to preserve the claims to mitigate such damages, including but not limited to any claims for indemnity or contribution. The proposed Bar Order affects the Petersens' rights for such mitigation of claims. Through the proposed Bar Order, the Trustee/Manager seek to discharge any such claims against third party, non debtors, who are neither co-defendants or alleged joint tortfeasors in the BMER Action. As set forth more particularly below, the Trustee/Manager has wholly failed to establish that: the request for the Bar Order is properly before this Court; this Court has subject matter jurisdiction to impose the Bar Order; the Bar Order is legally permissible; or the proposed application of Nevada Good Faith Settlement Statute to impose the Bar Order is appropriate in this context. Accordingly, the request for the Bar Order should be denied.

## II. THE MOTION FAILS TO IDENTIFY THE REQUISITE PROCEDURAL AND SUBJECT-MATTER JURISDICTION TO ENTER THE BAR ORDER

It is well recognized within the Ninth Circuit that bankruptcy courts lack the authority to discharge the liability of third parties not before the court. See <u>Underhill v. Royal</u>, 769 F.2d 1426, 1432 (9th Cir. 1985) (Ninth Circuit reasoned that the language of 11 U.S.C. §524(e) prohibits the court from discharging the liabilities of non-debtors, regardless of creditor consent); <u>Stratosphere Litigation, LLC v. Grand Casinos, Inc.</u>, 298 F.3d 1137, 1143 (9th Cir. 2002) (stating, "[i]t is true that a bankruptcy court cannot confirm a reorganization plan that discharges the liabilities of a third

Opposition to Application to Compromise and Settle

party"); In re Lowenschuss, 67 F.3d 1394, 1401 (9th Cir. 1995) (finding that §524(e) specifically prevents the bankruptcy court from discharging the liabilities of non-debtors); American Hardwoods, Inc. v. Deutsche Credit Corp., 885 F.2d 621, 626 (9th Cir. 1989) (explicitly rejecting the argument that the Omnibus Power Provision, §105(a), permits the court to discharge the liabilities of non-debtors and affirming prior holdings that the court's power in this regard is limited by §524(e)).

Nevertheless, under the auspices of the Nevada Good Faith Settlement Statute, the Trustee/Manager seeks such an order discharging any claim against BMER by all parties the Trustee/Manager so chooses, who are not parties to the BMER Action, merely serving them with a copy of the Motion. There are two serious, fundamental flaws with this approach.

First, the Trustee/Manager has failed to establish that this Court has procedural and subject matter jurisdiction to adjudicate the claims underlying the settlement agreement, or jurisdiction over the parties subject to the potential imposition of the Bar Order. Additionally, the Trustee/Manager has failed to establish how the Bar Order is legally permissible as applied to such parties. Under similar circumstances, the issue of the bankruptcy court's jurisdiction and authority to issue such a Bar Order was recently addressed by the court in In Re Stratesec, Inc., 375 B.R. 1 (Bankr. D.D.C. 2007). In Stratesec, following the court's approval of Chapter 11 trustee's settlement with released parties, the trustee filed expedited motion seeking entry of a bar order enjoining "all persons" from pursuing those released parties on contribution or indemnity claims. In denying the motion, the court held:

1. The Bar Order violated the Federal Rules of Bankruptcy Procedure, which require that a proceeding seeking an injunction be brought as an adversary proceeding, with a requirement of service of a summons with the complaint to satisfy the requirements of due process. The court further stated "Injunctive relief against entities who are not parties to a settlement agreement ought not be included as part of an order granting a motion to approve a settlement agreement. Without an adversary proceeding having been commenced, a Bar Order, if issued, would not be worth the paper it is written on, except to use in an attempt to frighten off entities that might pursue claims for contribution and indemnification, and I will not assist the parties in obtaining a Bar Order, utterly devoid of legal authority, to utilize for that improper purpose. Attorneys, who are officers of the court, similarly ought not defeat the rule of law by seeking from the court an order that they ought to well know has not been sought in a procedurally correct fashion." Id. at 3-4

2. That the trustee did not establish that the court had the subject matter jurisdiction to enter the Bar Order by failing to show that "granting the requested Bar Order – enjoining third parties (identified as only "all persons") from pursuing claims for contribution or indemnification from the released parties -- would have an impact on the administration of the bankruptcy estate." Id. at 4. The court further held: "Without any such impact on the estate, this court would lack subject matter jurisdiction under 28 U.S.C. § 1334. Plainly, it does not suffice that a party, against whom a trustee had a claim that has already been settled, would find it attractive to obtain an adjudication of the collateral consequences on third parties of its settlement with the trustee." Id.

3. The proposed Bar Order raises substantive issues regarding the Court's authority to issue the Bar Order, in that the trustee "has not shown that the releases under the Settlement Agreement in favor of the released parties provide a basis for ruling that all contribution and indemnification claims against them have been extinguished." The court reasoned that "Because the Bar Order would enjoin 'all persons,' and does not identify their contribution and indemnification claims, the court would have to examine the laws of all the states (indeed, of all the world) to ascertain the effect of a release of claims against the released parties on any possible contribution and indemnification claims of other entities." Id. at 3-5.[4]

Similarly, here: 1. The Petersens and all others affected by the Bar Order are not parties to the BMER Action, have not been named in any proceeding seeking such injunctive relief, and have not been provided service of a summons with the complaint to satisfy the requirements of due process; 2. There is no showing of subject matter jurisdiction for the requested Bar Order; and 3. There is no identification of the parties, the nature of their contribution and indemnification claim that are affected by the Bar Order. Accordingly, as with counsel in In Re Stratesec, the Trustee/Manager should "similarly ought not defeat the rule of law by seeking from the court an order that they ought to well know has not been sought in a procedurally correct fashion."

Second, even if this Court had procedural and substantive jurisdiction under the Motion to enter the Bar Order, which it does not, the Trustee/Manager has failed to establish that the Nevada

---

[4] Contrast this to the case of In re 350 Encinitas Investments, LLC, 2007 WL 2669546 (S.D. Cal. 2007), where the district court affirmed the bankruptcy court's order approving a motion to compromise controversy, brought by a post confirmation disbursing agent and responsible person. In 350 Encinitas Investments, the bankruptcy court was asked not asked to enter a bar order as part of the approval of the settlement, but merely to approve a settlement agreement in which a condition was to authorize seeking a good faith determination from the state court where the lawsuit was pending, specifically "The Superior Court acting in the State Court Action shall have entered its order approving the compromise embodied in this Agreement as a Good Faith Settlement . . . and served upon all defendants named in the Original Complaint." Id. at 4, 7-8.

-6-
Opposition to Application to Compromise and Settle

Good Faith Settlement Statute maybe properly used to discharge the obligations of entities that are not before the Court in the BMER Action.

The Nevada Good Faith Settlement Statute codifies the Uniform Contribution Among Tortfeasors Act. In 1973, the Nevada Legislature adopted the Uniform Contribution Among Tortfeasors Act in order to "specifically address the inequities that resulted from adherence to the traditional common law rule." Russ v. General Motors Corp., 906 P.2d 718, 721 (Nev. 1995).[5] Within the statutory scheme that was created to prevent such inequities, the Legislature included Section 17.245 to encourage settlement by preventing further claims against the settling party. However, as noted by the Court in The Doctors Co. v. Vincent, 98 P.3d 681, 683 (Nev. 2004), the application of the Nevada Good Faith Settlement Statute is limited to parties before the court, expressly stating "any joint tortfeasor *in a multi-defendant tort action* may obtain protection from claims of contribution and implied indemnity by settling with the tort claimant in good faith under NRS 17.245." (Emphasis added).

None of the cases cited by the Trustee/Manager may obtain an order barring a claim for indemnification or contribution against parties who are not before the Court in a pending adversary action. See generally Carpenter v. U.S., 710 F. Supp. 747, 752-53 (D. Nev. 1988); Velsicol Chemical Corp. v. Davidson, 811 P.2d 561 (Nev. 1991); Gen. Motors Corp. v. Reagle, 714 P.2d 176 (Nev. 1986); The Doctors Co. v. Vincent, 98 P.3d 681, 686-87 (Nev. 2004). In fact, as noted above, The Doctors Co. v. Vincent expressly stated the contrary. Id. at 683.[6] On of the bases of a lack of such showing, the request for a Bar Order, not within the context of an adversary proceeding in which BMER and the parties subject to the Bar Order are alleged joint tortfeasors in a multi-defendant tort action, cannot stand.[7]

---

[5] Historically, the release of one tortfeasor automatically acted as a release of all other potential parties, both named and unnamed. Russ v. General Motors Corp., 906 P.2d 718, 720 (1995), citing Dougherty v. California Kettleman Oil Royalties, 13 Cal.2d 174 (1939).

[6] Indeed, in an attempt to resolve this matter short of litigation, the Petersen's attempted to obtain a clarification of legal authority that the Trustee/Manager was relying upon for the Bar Order and, in response, was merely directed to the Motion. See email correspondence dated October 28, 2008, a copy of which is attached as Exhibit "3" to the O'Reilly Declaration.

[7] Additionally, under the Nevada Good Faith Settlement Statute, a judicial determination and ensuing bar on claims amongst joint tortfeasors cannot be issued on claims for breach of fiduciary duty. See NRS § 17.305 ("NRS 17.225 to 17.305, inclusive, do not apply to breaches of trust or of

## III. CONCLUSION

For the foregoing reasons, the request for the Bar Order, as requested in the Motion, should be denied.

DATED: November 6th, 2008          O'REILLY LAW GROUP, LLC

By: /s/ Timothy R. O'Reilly
───────────────────────────────
John F. O'Reilly, Esq.
Nevada Bar No. 1761
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 South Maryland Parkway
Las Vegas, Nevada 89101
Attorneys for Parties-in-Interest
Mary Petersen, Individually and as Trustee of the Mary Petersen Family Trust DTD 8/12/98; Michael Petersen, Individually and as Trustee of the Michael D. Petersen Family Trust DTD 8/12/98; Kathryn Petersen, Individually and as Trustee of the Kathryn L. Petersen Living Trust and the KLP Trust DTD 7/15/99

BIENERT, MILLER, WEITZEL & KATZMAN

By: /s/ Steven J. Katzman
───────────────────────────────
Steven J. Katzman, Esq.
California Bar No. 132755
117 Avenida Miramar
San Clemente, California 92672
Telephone: (949) 369-3700
Facsimile: (949) 369-3701
E-Mail: skatzman@bmwklaw.com

Attorneys for Parties-in-Interest,
Mary Petersen, Individually and as Trustee of the Mary Petersen Family Trust DTD 8/12/98; Michael Petersen, Individually and as Trustee of the Michael D. Petersen Family Trust DTD 8/12/98; Kathryn Petersen ,Individually and as Trustee of the Kathryn L. Petersen Living Trust and the KLP Trust DTD 7/15/99

───────────────────────────────
other fiduciary obligation."). Since the BMER Action also includes causes of action for aiding and abetting a breach of fiduciary duty, I is possible that the Bar Order would be precluded under for this provision.