**O'REILLY LAW GROUP, LLC**
John F. O'Reilly, Esq.
Nevada Bar No. 1761
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 S. Maryland Parkway
Las Vegas, Nevada  89101
Tel:  (702) 382-2500
Fax:  (702) 384-6266
E-Mail: tor@oreillylawgroup.com

Attorney for Party-in-Interest STANLEY E. FULTON

E-FILED 11/6/08

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In Re:<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | JOINTLY ADMINSTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle |
| In Re:<br><br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br><br>Debtor. | OPPOSITION TO THE<br>APPLICATION OF THE USACM<br>LIQUIDATING TRUST TO<br>COMPROMISE AND SETTLE<br>CONTROVERSIES WITH BEADLE,<br>MCBRIDE, EVANS &<br>REEVES, LLP.; MEMORANDUM OF |
| In Re:<br><br>USA CAPITAL FIRST TRUST DEED FUND,<br>LLC,<br><br>Debtor. | POINTS AND AUTHORITIES IN<br>SUPPORT THEREOF |
| In Re:<br><br>USA SECURITIES, LLC,<br><br>Debtor. | |
| Affects: | |

O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway • Las Vegas, Nevada 89101
Telephone (702) 382-2500 • Facsimile (702) 384-6266

| | |
|---|---|
| ☒ | All Debtors |
| ☐ | USA Commercial Mortgage Company |
| ☐ | USA Capital Realty Advisors, LLC |
| ☐ | USA Capital Diversified Trust Deed Fund, LLC |
| ☐ | USA Commercial Mortgage Company |
| ☐ | USA Commercial Mortgage Company |

Party-in-Interest Stanley E. Fulton ("Mr. Fulton") submits the following opposition to the Application of Geoffrey Berman, Trustee ("Trustee") of the USACM Liquidating Trust (the "USACM Trust") and Michael Tucker, Manager ("Manager;" the Trustee and Manager are collectively referred to as the "Trustee/Manager"), of the USA Capital Diversified Trust Deed Fund, LLC ("DTDF") to Compromise and Settle Controversies (the "Motion") with Beadle, McBride, Evans & Reeves, LLP, et al. ("BMER"):

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

In the Motion, the Trustee/Manager seeks to settle, for a sum of $1,500,000 certain claims against BMER for, among other things, accounting malpractice/professional negligence and breach of contract.[1] See Motion at 7, Para. 16, 18a. On May 16, 2008 the USACM Trust and DTDF filed a civil complaint against BMER in the United States Bankruptcy Court District of Nevada, Adversary No. 08-1164 (the "BMER Action"). See Motion at 7, Para. 16. The complaint, in addition to aforementioned causes of action, also plead claims for aiding and abetting a breach of fiduciary duty. As a result of mediation and informal settlement discussions, the parties reached a mutually acceptable settlement agreement. See Motion at 7, Para. 17.

---

[1] BMER allegedly audited DTDF's financial statements for fiscal years ending December 31, 2000 through December 31, 2003. For the fiscal years 2001 through 2002, BMER issued unqualified audit opinions on DTDF's financial statements. BMER continued work on DTDF's 2003 financial statements through October of 2004, when it was informed DTDF no longer required audit services. BMER also allegedly audited USA Capital First Trust Deed Fund, LLC ("FTDF") financial statements for the period ending March 29, 2001 and the fiscal years ending December 31, 2001 through December 31, 2005. BMER issued unqualified audit opinions on FTDF's March 29, 2001 through December 31, 2004 financial statements, but did not complete its 2005 audit due to FTDF's bankruptcy. See Motion at 6-7 Para. 14-15.

O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway • Las Vegas, Nevada 89101
Telephone (702) 382-2500 • Facsimile (702) 385-8808

O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
125 South Maryland Parkway • Las Vegas, Nevada 89101
Telephone (702) 382-2500 • Facsimile (702) 384-0266

1      According to the Motion, The USACM Trust and DTDF are contractually obligated to seek

2 engage in good faith efforts to seek the entry of a Bar Order (the "Bar Order"), barring claims

3 against BMER for indemnity and/or contribution by any party receiving notice of the Motion. <u>See</u>

4 Motion at 2, 15-17; Proposed Order at Para. 2.[2]  The purported authority for the Bar Order is

5 Nevada Revised Statute §17.245 (the "Nevada Good Faith Settlement Statute").

6      Mr. Fulton is a defendant in an adversary action brought by the Trustee for alleged:

7 avoidance of transfers; unjust enrichment, money had and received, and liability for treble damages

8 for allegedly receiving $2 million knowing that funds were misappropriated by theft and/or other

9 offense(s) that constitute a crime against property. [3]  <u>See</u> Adversary Actions <u>USACM Liquidating</u>

10 <u>Trust, et. al. v. Stanley E. Fulton</u>, Adversary Proceeding Number 08-01132-lbr; ("Adversary

11 Action").  Copy of the Adversary Action is attached as Exhibit "1" to the Declaration of Timothy

12 O'Reilly, filed concurrently with this Opposition ("O'Reilly Declaration").  The Adversary Action

13 is at the initial stage of litigation, with initial disclosures occurring on September 9, 2008, by the

14 Defendant and September 26, 2008, by the Plaintiffs.  Written discovery, specifically requests for

15 production of documents, was only propounded by Plaintiffs this week, and the discovery cutoff

16 date is not scheduled until February 23, 2009.  <u>See</u> O'Reilly Declaration at Paragraph 3.

17      Mr. Fulton vehemently denies the allegations set forth in the Adversary Action.

18 Nevertheless, to the extent he faces any potential liability under the Adversary Action, Mr. Fulton

19 wishes to preserve the claims to mitigate such damages, including but not limited to any claims for

20

21 [2] The Motion is somewhat inconsistent in its requested relief.  The Motion states that it is seeking a bar for indemnity and contribution (Motion at 2, Proposed Order at Para. 2.), but then further states

22 "It addresses the concern of BMER that it may later be faced with claims for indemnity, contribution, or other claims arising from the facts underlying this action." <u>See</u> Motion at 15, Para

23 36 (Emphasis Added).
[3] The alleged authority for this cause of action arises under NRS § 41.580, which provides "If

24 property has been taken from its owner by larceny, robbery, burglary, embezzlement, theft or any other offense that is a crime against property and another person buys, receives, possesses or

25 withholds the property under circumstances that make such conduct a violation of subsection 1 of NRS § 205.275, the owner of the property may bring a civil action against the person who bought,

26 received, possessed or withheld the property and may recover treble the amount of any damage the owner has suffered, together with his costs in the action and a reasonable attorney's fee."

27 In turn, NRS 205.275 provides in part that "1.  A person commits an offense involving stolen property if the person, for his own gain or to prevent the owner from again possessing his property,

28 buys, receives, possesses or withholds property: (a) Knowing that it is stolen property; or (b) Under such circumstances as should have caused a reasonable person to know that it is stolen property."

O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway • Las Vegas, Nevada 89101
Telephone (702) 382-2500 • Facsimile (702) 384-6266

1  indemnity or contribution.  The proposed Bar Order affects Mr. Fulton's rights for such mitigation

2  of claims.  Through the proposed Bar Order, the Trustee/Manager seeks to discharge any such

3  claims against third party, non debtors, who are neither co-defendants or alleged joint tortfeasors in

4  the BMER Action.  As set forth more particularly below, the Trustee/Manager has wholly failed to

5  establish that: the request for the Bar Order is properly before this Court; this Court has subject

6  matter jurisdiction to impose the Bar Order; the Bar Order is legally permissible; or the proposed

7  application of Nevada Good Faith Settlement Statute to impose the Bar Order is appropriate in this

8  context.  Accordingly, the request for the Bar Order should be denied.

9
10
## II.  THE MOTION FAILS TO IDENTIFY THE REQUISITE PROCEDURAL AND SUBJECT-MATTER JURISDICTION TO ENTER THE BAR ORDER

11        It is well recognized within the Ninth Circuit that bankruptcy courts lack the authority to

12  discharge the liability of third parties not before the court.  See Underhill v. Royal, 769 F.2d 1426,

13  1432 (9th Cir. 1985) (Ninth Circuit reasoned that the language of 11 U.S.C. §524(e) prohibits the

14  court from discharging the liabilities of non-debtors, regardless of creditor consent); Stratosphere

15  Litigation, LLC v. Grand Casinos, Inc., 298 F.3d 1137, 1143 (9th Cir. 2002) (stating, "[i]t is true

16  that a bankruptcy court cannot confirm a reorganization plan that discharges the liabilities of a third

17  party"); In re Lowenschuss, 67 F.3d 1394, 1401 (9th Cir. 1995) (finding that §524(e) specifically

18  prevents the bankruptcy court from discharging the liabilities of non-debtors); American

19  Hardwoods, Inc. v. Deutsche Credit Corp., 885 F.2d 621, 626 (9th Cir. 1989) (explicitly rejecting

20  the argument that the Omnibus Power Provision, §105(a), permits the court to discharge the

21  liabilities of non-debtors and affirming prior holdings that the court's power in this regard is

22  limited by §524(e)).

23        Nevertheless, under the auspices of the Nevada Good Faith Settlement Statute, the

24  Trustee/Manager seeks such an order discharging any claim against BMER by all parties the

25  Trustee/Manager so chooses, who are not parties to the BMER Action, merely serving them with a

26  copy of the Motion.  There are two serious, fundamental flaws with this approach.

27        First, the Trustee/Manager has failed to establish that this Court has procedural and subject

28  matter jurisdiction to adjudicate the claims underlying the settlement agreement, or jurisdiction

Opposition to Application to Compromise and Settle

over the parties subject to the potential imposition of the Bar Order. Additionally, the Trustee/Manager has failed to establish how the Bar Order is legally permissible as applied to such parties. Under similar circumstances, the issue of the bankruptcy court's jurisdiction and authority to issue such a Bar Order was recently addressed by the court in In Re Stratesec, Inc., 375 B.R. 1 (Bankr. D.D.C. 2007). In Stratesec, following the court's approval of Chapter 11 trustee's settlement with released parties, the trustee filed expedited motion seeking entry of a bar order enjoining "all persons" from pursuing those released parties on contribution or indemnity claims. In denying the motion, the court held:

1.  The Bar Order violated the Federal Rules of Bankruptcy Procedure, which require that a proceeding seeking an injunction be brought as an adversary proceeding, with a requirement of service of a summons with the complaint to satisfy the requirements of due process. The court further stated "Injunctive relief against entities who are not parties to a settlement agreement ought not be included as part of an order granting a motion to approve a settlement agreement. Without an adversary proceeding having been commenced, a Bar Order, if issued, would not be worth the paper it is written on, except to use in an attempt to frighten off entities that might pursue claims for contribution and indemnification, and I will not assist the parties in obtaining a Bar Order, utterly devoid of legal authority, to utilize for that improper purpose. Attorneys, who are officers of the court, similarly ought not defeat the rule of law by seeking from the court an order that they ought to well know has not been sought in a procedurally correct fashion." Id. at 3-4

2.  That the trustee did not establish that the court had the subject matter jurisdiction to enter the Bar Order by failing to show that "granting the requested Bar Order – enjoining third parties (identified as only "all persons") from pursuing claims for contribution or indemnification from the released parties – would have an impact on the administration of the bankruptcy estate." Id. at 4. The court further held: "Without any such impact on the estate, this court would lack subject matter jurisdiction under 28 U.S.C. § 1334. Plainly, it does not suffice that a party, against whom a trustee had a claim that has already been settled, would find it attractive to obtain an adjudication of the collateral consequences on third parties of its settlement with the trustee." Id.

3.  The proposed Bar Order raises substantive issues regarding the Court's authority to issue the Bar Order, in that the trustee "has not shown that the releases under the Settlement Agreement in favor of the released parties provide a basis for ruling that all contribution and indemnification claims against them have been extinguished." The court reasoned that "Because the Bar Order would enjoin 'all persons,' and does not identify their contribution and indemnification claims, the court would have to examine the laws of all states (indeed, of all the world) to ascertain the

O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway • Las Vegas, Nevada 89101
Telephone (702) 382-2500 • Facsimile (702) 384-6266

Opposition to Application to Compromise and Settle

effect of a release of claims against the released parties on any possible contribution and indemnification claims of other entities." Id. at 3-5.[4]

Similarly, here: 1. Mr. Fulton and all others affected by the Bar Order are not parties to the BMER Action, have not been named in any proceeding seeking such injunctive relief, and have not been provided service of a summons with the complaint to satisfy the requirements of due process; 2. There is no showing of subject matter jurisdiction for the requested Bar Order; and 3. There is no identification of the parties, the nature of their contribution and indemnification claim that are affected by the Bar Order. Accordingly, as with counsel in In Re Stratesec, the Trustee/Manager should "similarly ought not defeat the rule of law by seeking from the court an order that they ought to well know has not been sought in a procedurally correct fashion."

Second, even if this Court had procedural and substantive jurisdiction under the Motion to enter the Bar Order, which it does not, the Trustee/Manager has failed to establish that the Nevada Good Faith Settlement Statute maybe properly used to discharge the obligations of entities that are not before the Court in the BMER Action.

The Nevada Good Faith Settlement Statute codifies the Uniform Contribution Among Tortfeasors Act. In 1973, the Nevada Legislature adopted the Uniform Contribution Among Tortfeasors Act in order to "specifically address the inequities that resulted from adherence to the traditional common law rule." Russ v. General Motors Corp., 906 P.2d 718, 721 (Nev. 1995).[5] Within the statutory scheme that was created to prevent such inequities, the Legislature included Section 17.245 to encourage settlement by preventing further claims against the settling party. However, as noted by the Court in The Doctors Co. v. Vincent, 98 P.3d 681, 683 (Nev. 2004), the application of the Nevada Good Faith Settlement Statute is limited to parties before the court,

---

[4] Contrast this to the case of In re 350 Encinitas Investments, LLC, 2007 WL 2669546 (S.D. Cal. 2007), where the district court affirmed the bankruptcy court's order approving a motion to compromise controversy, brought by a post confirmation disbursing agent and responsible person. In 350 Encinitas Investments, the bankruptcy court was asked not asked to enter a bar order as part of the approval of the settlement, but merely to approve a settlement agreement in which a condition was to authorize seeking a good faith determination from the state court where the lawsuit was pending, specifically "The Superior Court acting in the State Court Action shall have entered its order approving the compromise embodied in this Agreement as a Good Faith Settlement . . . and served upon all defendants named in the Original Complaint." Id. at 4, 7-8.
[5] Historically, the release of one tortfeasor automatically acted as a release of all other potential parties, both named and unnamed. Russ v. General Motors Corp., 906 P.2d 718, 720 (1995), citing Dougherty v. California Kettleman Oil Royalties, 13 Cal.2d 174 (1939).

Opposition to Application to Compromise and Settle

O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway • Las Vegas, Nevada 89101
Telephone (702) 382-2500 • Facsimile (702) 382-0266

1  expressly stating "any joint tortfeasor *in a multi-defendant tort action* may obtain protection from

2  claims of contribution and implied indemnity by settling with the tort claimant in good faith under

3  NRS 17.245." (Emphasis added).

4           None of the cases cited by the Trustee/Manager may obtain an order barring a claim for

5  indemnification or contribution against parties who are not before the Court in a pending adversary

6  action. See generally Carpenter v. U.S., 710 F. Supp. 747, 752-53 (D. Nev. 1988); Velsicol

7  Chemical Corp. v. Davidson, 811 P.2d 561 (Nev. 1991); Gen. Motors Corp. v. Reagle, 714 P.2d

8  176 (Nev. 1986); The Doctors Co. v. Vincent, 98 P.3d 681, 686-87 (Nev. 2004). In fact, as noted

9  above, The Doctors Co. v. Vincent expressly stated the contrary. Id. at 683.[6] On of the bases of a

10  lack of such showing, the request for a Bar Order, not within the context of an adversary

11  proceeding in which BMER and the parties subject to the Bar Order are alleged joint tortfeasors in

12  a multi-defendant tort action, cannot stand.[7]

13                          III.  **CONCLUSION**

14           For the foregoing reasons, the request for the Bar Order, as requested in the Motion, should

15  be denied.

16  DATED: November 6, 2008          **O'REILLY LAW GROUP, LLC**

17

18                                   By: _J — R. O'Reilly_
                                        John F. O'Reilly, Esq.
19                                      Nevada Bar No. 1761
                                        Timothy R. O'Reilly, Esq.
20                                      Nevada Bar No. 8866
                                        325 South Maryland Parkway
21                                      Las Vegas, Nevada 89101
                                        Attorney for Party-in-Interest Stanley E. Fulton
22

23  _____

24  [6] Indeed, in an attempt to resolve this matter short of litigation, the Petersen's attempted to obtain a
    clarification of legal authority that the Trustee/Manager was relying upon for the Bar Order and, in
25  response, was merely directed to the Motion. See email correspondence dated October 28, 2008, a
    copy of which is attached as Exhibit "3" to the O'Reilly Declaration.
26  [7] Additionally, under the Nevada Good Faith Settlement Statute, a judicial determination and
    ensuing bar on claims amongst joint tortfeasors cannot be issued on claims for breach of fiduciary
27  duty. See NRS § 17.305 ("NRS 17.225 to 17.305, inclusive, do not apply to breaches of trust or of
    other fiduciary obligation."). Since the BMER Action also includes causes of action for aiding and
28  abetting a breach of fiduciary duty, I is possible that the Bar Order would be precluded under for
    this provision.

O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway • Las Vegas, Nevada 89101
Telephone (702) 382-2500 • Facsimile (702) 384-0266