E-filed on 11/11/08

| | |
|---|---|
| **DIAMOND MCCARTHY LLP**<br>909 Fannin, Suite 1500<br>Houston, Texas 77010<br>Telephone (713) 333-5100<br>Facsimile (713) 333-5199<br><br>Allan B. Diamond, TX State Bar No. 05801800<br>Email: adiamond@diamondmccarthy.com<br>Eric D. Madden, TX State Bar No. 24013079<br>Email: emadden@diamondmccarthy.com<br><br>Special Litigation Counsel for USACM Liquidating Trust | **LEWIS AND ROCA LLP**<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169-5996<br>Telephone (702) 949-8320<br>Facsimile (702) 949-8321<br><br>Rob Charles, NV State Bar No. 006593<br>Email: rcharles@lrlaw.com<br><br>Counsel for USACM Liquidating Trust |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>  Debtor.<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>  Debtor.<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>  Debtor.<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>  Debtor.<br>In re:<br>USA SECURITIES, LLC,<br><br>  Debtor.<br>Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR<br><br>JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle<br><br>**Omnibus Response To Objections To Applications To Compromise And Settle Controversies With Piercy, Bowler, Taylor & Kern, PC and Beadle, McBride, Evans & Reeves, LLP, et al.**<br><br>Date:   November 18, 2008<br>Time:   9:30 a.m. |

**OMNIBUS RESPONSE TO OBJECTIONS TO APPLICATIONS
TO COMPROMISE AND SETTLE CONTROVERSIES WITH
PIERCY, BOWLER, TAYLOR & KERN, PC AND
<u>BEADLE, MCBRIDE, EVANS & REEVES, LLP, et al.</u>**

Geoffrey Berman ("Berman" or the "Trustee"), Trustee of the USACM Liquidating Trust (the "USACM Trust") and Michael Tucker ("Tucker" or the "Manager"), Manager of the USA Capital Diversified Trust Deed Fund, LLC ("DTDF") filed the *Application to Compromise and Settle Controversies with Piercy, Bowler, Taylor & Kern PC* (the "PBTK Motion") and the *Application to Compromise and Settle Controversies with Beadle, McBride, Evans & Reeves, LLP, et al.* (the "BMER Motion") to maximize creditor returns consistent with the confirmed plan of reorganization and applicable law. The objections filed by Mary Petersen, et al., and Stanley E. Fulton lack merit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

Under the terms of their settlement agreements with Piercy, Bowler, Taylor & Kern PC ("PBTK") and Beadle, McBride, Evans & Reeves, LLP ("BMER"), the USACM Trust and DTDF (collectively, "Plan Plaintiffs") are obligated to seek entry of bar orders pursuant to Nevada Revised Statutes 17.245, et seq. (the "Bar Orders"). In fact, the settlement with PBTK is conditioned entirely upon this Court's entry of the requested Bar Order. The USACM Trust and DTDF seek entry of the Bar Orders demanded by PBTK and BMER in an effort to allow their respective creditors to benefit from the favorable and efficient settlement of these claims. Two sets of defendants, who are themselves subject to the jurisdiction of this Court, have objected to the Bar Orders, claiming this Court has no authority to grant the requested relief. This is simply not the case.

In order for this Court to have jurisdiction and power to enter these orders, the entry of the Bar Orders must arise from or be related to USACM and DTDF's bankruptcy and be

"necessary or appropriate" in the administration of their estates.  Without question, the settlements were executed in the administration of the Plan Plaintiffs' estates, and therefore, the Court has the power to approve the settlements.[1]  As such, it is appropriate for this Court to enter an order that allows Plan Plaintiffs to settle their claims with PBTK and BMER for a substantial sum while eliminating needless costs and uncertainty that accompany litigation.  Furthermore, the entry of the Bar Orders requires the Court to make a single determination that is focused solely on Plan Plaintiffs—whether their settlements were reached in good faith.  No one seriously questions good faith here, and this finding does not require the Court to exercise jurisdiction over any parties other than the USACM Trust and DTDF.  For these reasons, this Court should grant both the PBTK Motion and the BMER Motion.

## II. Background

On October 20, 2008, the USACM Trust and DTDF filed the PBTK Motion and the BMER Motion seeking this Court's approval of settlements reached with PBTK and BMER. During negotiations, PBTK refused to settle with Plan Plaintiffs unless this Court entered the Bar Order.  According to the settlement agreement with PBTK, the settlement is conditioned upon entry of a Bar Order.  Similarly, BMER sought protection from contribution and indemnity claims, requiring that Plan Plaintiffs make a good faith effort to obtain a Bar Order.

On November 6, 2008, defendants from two adversary proceedings filed objections to the BMER Motion and the PBTK Motion: (1) Stanley E. Fulton ("Fulton"); and (2) Mary Petersen (individually and as trustee of the Mary Petersen Family Trust DTD 8/12/98), Michael Petersen

---

[1] As the Court will recall, the USACM Trust and DTDF reached a settlement over the disputed DTDF claim against USACM.  Pursuant to this settlement, DTDF receives 50% of the first $20 million in litigation proceeds.  These settlements are included in the litigation contemplated in the DTDF settlement and therefore DTDF stands to receive 50% of the settlement amounts when paid by the settling defendants. *See* Motion to Approve  Settlement Agreement Between USACM Trust and DTDF (Doc. No.5979, Ex. 1) & Court Approval (Doc. No. 6091).

**OMNIBUS RESPONSE TO**                      Page **3** of **12**
**OBJECTIONS TO 9019 MOTIONS**

1  (individually and as the trustee of the Michael D. Petersen Family Trust DTD 8/12/98), and
2  Kathryn Petersen (individually and as the trustee of the Kathryn L. Petersen Living Trust and the
3  KLP Trust DTD 7/15/99) (collectively, the "Petersens").[2] In their objections to both the BMER
4  Motion and the PBTK Motion, Fulton and the Petersens argue that this Court lacks jurisdiction
5  and power to enter an order under Nevada Revised Statutes § 17.245 ("Section 17.245"), barring
6  joint tortfeasors from seeking indemnity or contribution from PBTK and BMER. However, their
7  objections ignore the nature of the statutes in question and the terms of the relevant settlement
8  agreements.[3]

### III.  This Court Has the Appropriate Authority to Enter the Requested Bar Orders

Approval of the Bar Orders is necessary and appropriate to carry out the Third Amended Joint Plan of Reorganization (the "Plan"), and therefore, this Court has the jurisdiction and authority to enter such order under 11 U.S.C. § 105. Entry of the Bar Orders would have a direct effect on the administration of Plan Plaintiffs' estates, and therefore, is squarely within this Court's jurisdiction and power. Furthermore, entry of the Bar Orders does not require adjudication of third-party rights, but rather only a determination that the settlements were executed in good faith—a finding similar to that required by Federal Rule of Bankruptcy Procedure 9019. Finally, the Bar Orders have no effect on either Fulton or the Petersens, and as

---

[2] In addition to Fulton and the Petersens' objections, three direct lenders filed letters with the court regarding the settlements with PBTK and BMER. It appears that these objections are centered upon the adequacy of the settlement amounts. The proposed settlements provide the USACM Trust and DTDF with an opportunity to collect the lion's share of both firms' available insurance coverage without engaging in costly litigation. The direct lenders' objections fail to explain how the settlements are insufficient in this context. If necessary, USACM Trust and DTDF will address these objections at the hearing set for November 18, 2008.

[3] The Plan Plaintiffs made a copy of the PBTK settlement agreement available to all interested parties upon execution of a confidentiality agreement. The Petersens requested a copy of the settlement agreement, but never responded to a request to execute the confidentiality agreement. Instead, the Petersens opted to file their objection without reviewing the terms of the PBTK settlement. Fulton never requested a copy of the PBTK settlement agreement.

**OMNIBUS RESPONSE TO**                            **Page 4 of 12**
**OBJECTIONS TO 9019 MOTIONS**

such, they lack standing to object. For these reasons, this Court has the authority and jurisdiction to enter the Bar Order and the objections filed by Fulton and the Petersens should be denied.

    a. *This Court has Authority to Enter the Bar Orders Because the Settlements Effect the Administration of Plan Plaintiffs' Estates*

This Court has jurisdiction to enter the Bar Orders because they are related to Plan Plaintiffs' bankruptcy estates. According to 28 U.S.C. § 1334(b), this Court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[4] This Court, moreover, recently ruled that it has post-confirmation jurisdiction over an action to prosecute claims retained under the Plan. Furthermore, the Plan specifically states that this Court retained jurisdiction to "[a]pprov[e] compromises and settlements under Rule 9019 of the Bankruptcy Rules."[5] Here, Plan Plaintiffs are seeking approval of settlements related to claims retained for enforcement under the Plan—something that is specifically contemplated by Federal Rule of Bankruptcy Procedure 9019 and the Plan.

This Court also has power to enter the Bar Orders because they are necessary to effectuate the appropriate administration of this case. According to 11 U.S.C. § 105, this Court "may issue **any order**, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." (Emphasis added).[6] The settlement agreements require Plan Plaintiffs to seek entry of the Bar Orders, and in the case of PBTK, the settlement agreement is conditioned upon the entry of a Bar Order. Put simply, but for the potential entry of the Bar Order, PBTK would not have entered into a settlement with Plan Plaintiffs. Absent entry

---

[4] *See also*, 28 U.S.C. § 157 (providing for the referral of cases arising under title 11 to bankruptcy judges for the district).
[5] Plan at VIII.D.21.
[6] Federal Rule of Civil Procedure 16(c)(2)(I), which is incorporated into adversary proceedings by Federal Rule of Bankruptcy Procedure 7016, provides additional support for the entry of a Bar Order related to the BMER Motion: "At any [settlement] conference under this rule consideration may be given, and the court may take appropriate action, with respect to . . . (I) settling the case and using special procedures to assist in resolving the dispute when authorized by statute or local rule." *E.g.*, *In re Munford*¸ 97 F.3d 449, 454-55 (11th Cir. 1996).

**OMNIBUS RESPONSE TO**                  **Page 5 of 12**
**OBJECTIONS TO 9019 MOTIONS**

of a Bar Order, Plan Plaintiffs will be forced to file suit against PBTK at great expense to their respective creditors. This is not an attempt by Plan Plaintiffs to enter a third-party discharge—Plan Plaintiffs are seeking approval of settlements under Federal Rule of Bankruptcy Procedure 9019 in order to effectuate the administration of Plan Plaintiffs' estates that, by operation of Nevada law, necessarily affect the rights of third-parties.

*b. The Entry of the Bar Order Does Not Require This Court to Adjudicate the Rights of Third-Parties*

Fulton and the Petersens mistakenly argue that the Bar Orders necessarily require this Court to examine and adjudicate the rights of third-parties. Instead, a finding that the USACM Trust and DTDF settled their claims in "good faith" bars third-parties from seeking contribution or indemnity from BMER and PBTK without the further examination of any third-party's rights. According to Section 17.245:

> When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
> (a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and
> (b) It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor.

Based upon the plain language of the statute itself, the Court is not required to examine the existence of any claims against third-parties, whether or not BMER or PBTK was a co-defendant in litigation before this or any other court, any evidence of relative culpability, or the applicability of any potential settlement credits. Plan Plaintiffs are asking this Court only to look

at the settlements between Plan Plaintiffs and PBTK and BMER to determine whether they were executed in good faith sufficient to give rise to the application of Section 17.245.[7]

Section 17.245 does not require Plan Plaintiffs to file suit against all potential defendants in the same case for a settlement to give rise to the statutory bar on contribution and indemnity claims. Fulton and the Petersens argue that a recent Nevada Supreme Court case, *The Doctors Co. v. Vincent*,[8] requires a "multi-defendant tort action" for Section 17.245 to have any application. This reading is inappropriate for at least two reasons.

First, the *Vincent* court made no specific holding regarding whether or not a suit must be filed against multiple parties before the statute applied. In *Vincent*, the plaintiff sued multiple defendants in a single suit, and settled its claims after the suit was on file. The court was never asked to address whether a joint lawsuit against all potentially liable defendants was necessary, and by the nature of the suit, it was not required to examine the topic. Moreover, such a requirement would force courts to examine the entirety of the plaintiff's and defendant's evidence in order to determine the potential existence of any other party who may be jointly and severally liable for the plaintiff's claims[9]—a difficult proposition that is unsupported by Nevada law.[10] Section 17.245 eliminates the need for such a determination by its own language in requiring courts to examine only the behavior and actions of the settling parties.

Second, such a requirement flies in the face of the purpose of the statute—to encourage settlement. Any holding to the contrary would force plaintiffs to sue all potential defendants before discussing settlement if there was a mere possibility of joint and several liability.

---

[7] Neither Fulton nor the Petersens filed an objection claiming that the settlements were not executed in good faith.
[8] 98 P.3d 681 (Nev. 2004).
[9] Notably, the *Vincent* Court never discussed the potential existence of other joint tortfeasors nor the necessity of making such a finding during its examination of the case. *Id.*
[10] In order to alleviate any potential problems caused by this issue, the Bar Orders have been narrowly tailored to only effect parties receiving notice Plan Plaintiffs are seeking entry of the Bar Orders.

Defendants would be discouraged from settling claims, confronted with concerns about potential indemnity claims from unknown parties. Such a requirement would decrease judicial efficiency and require needless expenditure of costs associated with drafting, filing, and litigating unnecessary lawsuits.

  c. *The Primary Authority Relied on by Fulton and the Petersens, In re Stratesec, is Not Applicable*

The primary authority relied on by Fulton and the Petersens, *In re Stratesec, Inc.*,[11] has no application to this matter for at least three reasons.

First, the bar order sought in *Stratesec* was not a condition of settlement like the proposed Bar Orders before this Court.[12] In fact, the *Stratesec* court specifically noted that the contemplated bar order was captioned for filing in a different court with respect to a different suit.[13] In this case, both BMER and PBTK specifically required Plan Plaintiffs to seek entry of the Bar Orders, and in fact, PBTK conditioned its settlement upon entry of the Bar Order.

Second, the *Stratesec* court's due process and procedural concerns are not an issue here. The *Stratesec* court noted that an adversary proceeding was required, specifically noting that it would have required "service of a summons with the complaint to satisfy the requirements of due process."[14] But unlike the bar order in *Stratesec*, the requested Bar Orders have been narrowly tailored and do not bar "all persons" from seeking contribution or indemnity from PBTK or BMER. Rather, the proposed Bar Orders only enjoin persons who: (i) "**received notice**" of the PBTK Motion and the BMER Motion; and (ii) are otherwise barred from pursuing contribution or indemnity claims by operation of law pursuant to Section 17.245. Here, the due process

---

[11] *In re Stratesec*, 375 B.R. 1, 2 (Bankr. D.C. Cir. 2007).
[12] *Id.* at 2 ("The Settlement Agreement does not appear to have required the trustee to seek a Bar Order from this court.").
[13] *Id.* at 3.
[14] *Id.* at 3-4.

OMNIBUS RESPONSE TO                           Page **8** of 12
OBJECTIONS TO 9019 MOTIONS

concerns addressed by the *Stratesec* court have no application because all affected parties received notice and are subject to Nevada's restriction on contribution and indemnity claims against settling parties.[15]

Third, entering the Bar Order under Section 17.245 does not require this Court to examine the laws of various jurisdictions. The *Stratesec* bar order sought to enjoin "all persons" from bringing suit against the settling defendant, and as a result, the court noted it would be required to "examine the laws of all the states (indeed, of all the world) to ascertain the effect of a release of claims against the released parties on any possible contribution and indemnification claims of other entities."[16] The requested Bar Orders are not as broad—they simply provide for application of established Nevada law and all relief is limited to the express terms of the applicable statute. This Court has only been asked to determine that the settling parties acted in good faith, which gives rise to the rights and obligations of Section 17.245.

### d. Fulton and the Petersens Lack Standing to Object to the Bar Order as They have no Right to Contribution or Implied Indemnity

Fulton and the Petersens are unaffected by the Bar Orders, and therefore lack standing to attack them. Nevada Revised Statute § 17.225(1) ("Section 17.225") provides that two or more persons have "a right of contribution among them" where they are "jointly or severally liable in tort for the same injury to person or property." Nevada Revised Statute § 17.255, however, provides that "[t]here is no right of contribution in favor of any tortfeasor who has intentionally caused or contributed to the injury." In *The Doctors Co. v. Vincent,* the Nevada Supreme Court reiterated the law, noting that contribution was not available for damages based on "**intentional**

---

[15] In fact, the mere existence of the objections here evidences the fact that the procedure employed by the Plan Plaintiffs provided adequate notice to parties potentially affected by the Bar Orders. Both Fulton and the Petersens received notice sent by Plan Plaintiffs that stated they were seeking entry of the Bar Orders. As such, they were given appropriate notice and the right to be heard before this Court through the objection process.
[16] *Id.* at 5.

OMNIBUS RESPONSE TO                              Page **9 of 12**
OBJECTIONS TO 9019 MOTIONS

**or punitive liability."[17]**  Because all of the Plan Plaintiffs' claims supporting joint and several liability are based on intentional torts, Section 17.245 and the entry of the Bar Orders has no potential effect on either Fulton or the Petersens.

DTDF's claims against Fulton plainly do not support a contribution claim.[18]  In the Fulton adversary, DTDF filed claims for avoidance of fraudulent transfers, unjust enrichment, money had and received, and treble damages associated with knowingly receiving misappropriated funds.  Neither PBTK nor BMER were alleged to have received any portion of the fraudulent transfers nor were they alleged to have unjustly benefited from the transfers.[19]  Thus, neither PBTK nor BMER are joint tortfeasors, and Fulton therefore has no rights to contribution or indemnity under Section 17.225.  Moreover DTDF's claims for money had and received and the related claim for treble damages against Fulton do not create any right to contribution and/or indemnity—neither BMER nor PBTK were alleged to have received the money, and to the extent treble damages are sought, they are **punitive** in nature and based on knowing and **intentional** acts.[20]  Given that Fulton has no right to contribution, he is not affected by the Bar Orders.

Similarly, Plan Plaintiffs' claims against the Petersens do not support a contribution claim against PBTK or BMER.  In the Petersen adversary, Plan Plaintiffs filed claims for avoidance of fraudulent transfers, aiding and abetting breaches of fiduciary duty, money had and received, and treble damages associated with knowingly receiving misappropriated funds.[21]

---

[17] *The Doctors Co. v. Vincent*, 98 P.3d 681, 690 (Nev. 2004)("[R]elief in contribution and implied indemnity is unavailable to the extent those claims arise from the intentional or punitive liability of such party seeking relief.")
[18] The only plaintiff in the Fulton Adversary is DTDF.  *See* Complaint, *USA Capital Diversified Trust Deed Fund, LLC. v. Stanley E. Fulton*, Adversary Proceeding Number 08-01132-lbr (the "Fulton Adversary").
[19] *See* Complaint, Fulton Adversary.
[20] *See* Complaint, *Fulton Adversary*; NEVADA REVISED STATUTES § 17.255; *Vincent*, 98 P.3d at 690.
[21] *See* Complaint, *USACM Liquidating Trust, et. al. v. Mary Petersen, et. al.*, Adversary Proceeding Number 08-01134-lbr; *USACM Liquidating Trust, et. al. v. Kathryn Petersen, et. al.*, Adversary Proceeding Number 08-01133-lbr (collectively, the "Petersen Adversaries").

Again, the Petersens lack the ability to claim contribution for the fraudulent transfers or for money had and received because Plan Plaintiffs did not claim that either PBTK or BMER benefited from the transactions. And the aiding and abetting breaches of fiduciary duties and the treble damages claims related to money had and received do not support contribution or indemnity claims because any liability is based on **intentional** torts and/or **punitive** liability.[22] Furthermore, Nevada Revised Statute § 17.305 states that Section 17.225 "does not apply to breaches of trust or of other fiduciary obligations." As such, the Petersens likewise do not have a contribution claim related to Plan Plaintiffs' claims.

## VI.  CONCLUSION

For the foregoing reasons, the request for the Bar Orders, as set out in the BMER Motion and the PBTK Motion, should be granted and all objections thereto should be denied.

DATED this 11th day of November, 2008.

*{Remainder of Page Left Intentionally Blank}*

---

[22] *See* Complaint, *Petersen Adversaries*; NEVADA REVISED STATUTES § 17.255; *Vincent*, 98 P.3d at 690.

Respectfully Submitted,

| **DIAMOND MCCARTHY LLP** | **DIAMOND MCCARTHY LLP** |
|---|---|
| By:  */s/ Allan B. Diamond*<br>Allan B. Diamond, TX 05801800 (pro hac vice)<br>J. Maxwell Beatty, TX 24051740 (pro hac vice)<br>909 Fannin, Suite 1500<br>Houston, Texas 77010<br>(713) 333-5100 (telephone)<br>(713) 333-5199 (facsimile)<br><br>*Special Litigation Counsel for USACM Liquidating Trust* | By:   */s/ Eric D. Madden*<br>William T. Reid, IV, TX 00788817 (pro hac vice)<br>Eric D. Madden, TX 24013079 (pro hac vice)<br>P. Jason Collins, TX 24040711 (pro hac vice pending)<br>6504 Bridge Point Parkway<br>Suite 400<br>Austin, Texas 78730<br>(512) 617-5200 (telephone)<br>(512) 617-5299 (facsimile)<br><br>*Special Litigation Counsel for USACM Liquidating Trust* |
| **LEWIS AND ROCA LLP**<br><br>By:  */s/ Rob Charles*<br>Rob Charles, NV 6593<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, Nevada 89169-5996<br>(702) 949-8321 (telephone)<br>(702) 949-8320 (facsimile)<br><br>*Counsel for USACM Liquidating Trust* | |