# EXHIBIT A

1

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100

2

Facsimile (713) 333-5199

3

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

4

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

5

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

6

7

In re:
USA COMMERCIAL MORTGAGE COMPANY,

Debtor.

8

In re:
USA CAPITAL REALTY ADVISORS, LLC,

9

Debtor.

10

In re:
USA CAPITAL DIVERSIFIED TRUST DEED FUND,
LLC,

11

Debtor.

12

In re:
USA CAPITAL FIRST TRUST DEED FUND, LLC,

13

Debtor.

14

In re:
USA SECURITIES, LLC,

15

Debtor.

16

Affects:
☒All Debtors
☐USA Commercial Mortgage Company

17

☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC

18

☐ USA Capital First Trust Deed Fund, LLC
☐ USA Securities, LLC

19

USACM LIQUIDATING TRUST; and
USA CAPITAL DIVERSIFIED TRUST DEED FUND,

20

LLC;

Plaintiffs,

21

v.

22

BEADLE, MCBRIDE, EVANS & REEVES, LLP,
REEVES, EVANS, MCBRIDE & ZHANG, LLP, TG
MCBRIDE CPA LTD., and T. GARTH MCBRIDE,

23

Defendants.

Case Nos.:
BK-S-06-10725-LBR
BK-S-06-10726-LBR
BK-S-06-10727-LBR
BK-S-06-10728-LBR
BK-S-06-10729-LBR

JOINTLY ADMINISTERED
Chapter 11 Cases

Judge Linda B. Riegle

**DECLARATION OF MICHAEL
TUCKER IN SUPPORT OF
MOTION TO APPROVE
SETTLEMENT - BMER**

1

2

**DECLARATION OF MICHAEL TUCKER IN SUPPORT OF MOTION TO APPROVE
SETTLEMENT – BMER**

3

4

Michael Tucker, Manager of USA Capital Diversified Trust Deed Fund, LLC ("DTDF"),
hereby declares the following under penalty of perjury:

5

6

7

8

9

1.      I am the Manager of DTDF pursuant to the Third Amended Joint Chapter 11 Plan
of Reorganization (the "Joint Plan") filed by DTDF, USA Commercial Mortgage Company
("USACM"), USA Capital Realty Advisors,   USA Capital First Trust Deed Fund, LLC
("FTDF"), and USA Securities, LLC (collectively, the "Debtors").   The plan was confirmed by
order of this Court on January 8, 2007 and became effective on March 12, 2007.

10

11

12

13

14

15

16

17

2.      Pursuant to the Joint Plan and Confirmation Order, post-effective date DTDF
expressly retained DTDF's causes of action, including the Litigation Claims as defined in the
Joint Plan.  This Court retained jurisdiction in Section VIII. D of the Joint Plan over numerous
matters, including "[h]earing and determining any and all adversary proceedings, motions,
applications, requests for disgorgement and contested or litigated matters arising out of, arising
under or related to the Chapter 11 Cases, including with out limitation the Litigation Claims and
the Non-Debtor Insider Litigation" and "[a]pproving compromises and settlements under Rule
9019 of the Bankruptcy Rules to the extent required under or included in the plan."

18

19

20

21

22

23

3.      After I was appointed as DTDF's Manager, I performed an extensive
investigation as to the factual circumstances that led to DTDF's bankruptcy.  During the course
of this investigation, I discovered facts that give rise to litigation claims against Beadle,
McBride, Evans & Reeves, LLP Reeves, Evans, McBride & Zhang, LLP, TG McBride CPA
Ltd., and T. Garth McBride (collectively, "BMER") related to its audits of DTDF's financial
statements.   I believe that BMER failed to conduct its audits of DTDF in accordance with

1    contractual and professional standards. This allowed certain insiders to perpetrate a financial

2    fraud on USACM, DTDF, and other related entities, thereby leading to the loss of tens of

3    millions of dollars. Furthermore, I believe that BMER failed to appropriately audit the financial

4    statements of FTDF, thereby causing the loss of substantial sums of money due to defaulting

5    loans. As a result of these findings, the USACM Liquidating Trust (the "USACM Trust") and

6    DTDF filed a civil complaint against BMER in the United States Bankruptcy Court District of

7    Nevada, Adversary No. 08-1164 on May 16, 2008.

8        4.    DTDF and BMER participated in informal settlement discussions in May 2008

9    related to these claims, but did it did not immediately result in a compromise of DTDF's claims

10   against BMER. However, DTDF and BMER continued to discuss settlement for the period

11   following that meeting. After extensive discussions, meetings, and arms-length settlement

12   negotiations, I ultimately arrived at a settlement agreement BMER in July 2008. This agreement

13   was memorialized in the Settlement Agreement, Mutual Release, and Covenants that was entered

14   into between the USACM Trust, DTDF, and BMER (the "Settlement Agreement").

15       5.    I, along with Special Litigation Counsel, have analyzed DTDF's claims against

16   BMER and the Settlement Agreement. It is my considered judgment that the Settlement

17   Agreement with BMER and the proposed settlement set forth therein are fair, reasonable, and in

18   the best interests of DTDF for the reasons set forth below. I have entered into the settlement

19   agreement with BMER in good faith after weighing what I believe to be all relevant and

20   material factors, including but not limited to the amount of the proposed settlement; the strengths

21   of the asserted claims and defenses; the costs and burdens of litigation of the claims to judgment,

22   including expert witness costs; the effect of such litigation on DTDF's litigation against other

23   parties; the insurance policy limits and insurance funds available to BMER to pay the claims

1  now and in the future and other potential sources of payment by BMER of the claims now and in

2  the future; and the general uncertainty involved in litigation of the claims.

3  ## BMER CLAIMS

4  6.    DTDF's claims are for accounting malpractice/professional negligence and breach

5  of contract related to services provided to DTDF.  BMER audited DTDF's financial statements

6  for the fiscal years ending in December 31, 2000 through December 31, 2003.  For the fiscal

7  years 2001 through 2002, BMER issued unqualified audit opinions on DTDF's financial

8  statements.  BMER continued work on DTDF's 2003 financial statements through October of

9  2004, when it was informed DTDF no longer required audit services.

10  7.    I believe that DTDF's claims against BMER have substantial merit and that

11  BMER bears substantial responsibility for DTDF's losses.  I have been advised that counsel for

12  BMER has strongly denied the validity of any such claims and any potential liability to DTDF.

13  In assessing the appropriate settlement in this matter, I have taken into account BMER's

14  assertions that the problems encountered in the audit were caused by USACM management and

15  employees; and that the accuracy of the financial statements was the responsibility of

16  management and not BMER.

17  8.    The case filed against BMER is complex, and will be expensive for both DTDF

18  and BMER to litigate.  I am also aware that the outcome of the case, like any other litigation

19  outcome, is inherently uncertain and subject to risk.

20  9.    DTDF's attorneys and BMER's attorneys agreed to informal settlement

21  discussions in an effort to resolve the claims, with my full knowledge and consent.  Further

22  discussion and negotiations between counsel for DTDF and counsel for BMER ensued over the

23  period that followed.  The parties explored the merits of the claims and defenses, and the

1  complexity, expense, and unpredictability of the litigation of the claims against BMER. DTDF

2  and BMER entered into a settlement with respect to DTDF's claims against BMER. The terms

3  and conditions of the proposed settlement are set forth in the Settlement Agreement. DTDF will

4  share in this settlement as a beneficiary of the USACM Trust and as otherwise outlined in the

5  agreement between the USACM Trust and DTDF dated and filed with the Court on March 13,

6  2008.

7       10.    The proposed settlement agreement with BMER, in my judgment, is reasonable,

8  fair, and in the interest of DTDF. The amount of the settlement is substantial in light of the

9  current stage of the case, the complexity, expense, and the risks and uncertainty of litigation. I

10  have entered into the proposed settlement in good faith, and there has been no collusion or other

11  improper conduct in connection with this proposed settlement to my knowledge.

12       11.    In assessing the appropriate settlement in this matter, I have also taken into

13  account that litigation against BMER at this time would present additional expense to DTDF. I

14  am not confident that BMER has the financial capability, through insurance or otherwise, to pay

15  a judgment that DTDF would be likely to recover against it on the relevant claims. In connection

16  with the settlement negotiations, BMER's insurance carrier has strongly asserted that there are

17  meritorious coverage defenses under the relevant insurance policies that may make all or some of

18  the policy proceeds unavailable to pay any judgment DTDF may recover against BMER. This

19  settlement is significant relative to the total amount of coverage BMER has available for DTDF's

20  claims. Additionally, the settlement nearly exhausts BMER's available insurance coverage, and

21  in light of potential coverage defenses, I believe it to be reasonable.

22       12.    In addition, continued litigation of DTDF's claims against BMER would be

23  complex, expensive, time-consuming, and the outcome of any such litigation would inherently

1  be uncertain. Any litigation of this claim would involve substantial costs related to discovery

2  alone as there are millions of pages of documents related to this claim, many witnesses that

3  would need to be deposed, and the claims would require the retention of multiple expert

4  witnesses.

5      13.    There is a substantial benefit to DTDF from resolving the claims against BMER

6  now, without the necessity of continued litigation. I believe that the settlement amount is within

7  the reasonable range of likely outcomes from litigation in light of issues related to the ultimate

8  collectibility of any judgment against BMER. In light of all of the relevant factors, the proposed

9  settlement with BMER is reasonable, fair and in the best interests of DTDF and will facilitate a

10  prompt and meaningful recovery to DTDF and its interest holders. I have entered into it in good

11  faith, and there has been no collusion or other improper conduct relating to the proposed

12  settlement with BMER to my knowledge.

13  **PROTECTION AGAINST THIRD-PARTY CLAIMS**

14      14.    During the negotiations with BMER, the protection of BMER against the

15  possibility of claims for contribution or indemnity was a significant issue. BMER wants

16  reasonable assurance that they will not be subject to such further claims and litigation arising

17  from many of the same events. Such claims for contribution or indemnity could conceivably be

18  asserted by current defendants in other cases related to the Debtors' bankruptcy, although none

19  have in fact been asserted to date.

20      15.    Entry of an appropriate order protecting BMER against the possibility of future

21  claims for contribution or indemnity will be of benefit to DTDF, and will serve the purposes of

22  the Joint Plan by facilitating recoveries for the benefit of the beneficiaries of DTDF who have

23  suffered loss as a result of the events leading to the Debtors' bankruptcy.

## DTDF'S LOSSES

16.    DTDF lost in excess of $90 million as a result of the fraudulent scheme, exclusive of any interest or potential punitive damages.  I believe that BMER shares some responsibility for these losses in an amount that could only be determined through discovery, including expert analysis and opinions.


I DECLARE under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 24, 2008.


Michael Tucker, Manager of USA
Capital Diversified Trust Deed Fund, LLC