# EXHIBIT B

GARY P. SINKELDAM, ESQ.
Nevada State Bar No. 6500
LAW OFFICE OF GARY P. SINKELDAM
618 S. Seventh Street
Las Vegas, NV 89109
Telephone:   (702) 866-0089
Facsimile:   (702) 866-0093

Attorneys for **BEADLE McBRIDE EVANS & REEVES**
and **GARTH McBRIDE**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | Case No. **BK-S-06-10725-LBR** |
| USA COMMERCIAL MORTGAGE COMPANY, | JOINTLY ADMINISTERED Chapter 11 Cases |
| Debtor. | Judge Linda B. Riegle |
| USACM LIQUIDATING TRUST; and USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | Adversary Case No. **08-01164-LBR** |
| Plaintiffs, | DECLARATION OF GARTH McBRIDE IN SUPPORT OF MOTION TO APPROVE SETTLEMENT – BEADLE McBRIDE EVANS & REEVES, LLP |
| v. | |
| BEADLE McBRIDE EVANS & REEVES, LLP; REEVES, EVANS, McBRIDE & ZHANG, LLP, TG McBRIDE CPA LTD.; and T GARTH McBRIDE, | |
| Defendants. | |

<u>DECLARATION OF GARTH McBRIDE</u>

I, GARTH McBRIDE, hereby swear under oath:

1.  I am over the age of 18, and mentally competent, and I have knowledge of the facts in this matter and if called upon to do so, could and would testify:

1

DECLARATION OF GARTH McBRIDE                                        BK-S-06-10725-LBR

2. I was a partner in the then existing BEADLE, McBRIDE, EVANS & REEVES, LLP, and am a current partner in REEVES, EVANS, McBRIDE & ZHANG (hereinafter BMER).

3. I was the partner at BEADLE, McBRIDE, EVANS & REEVES, LLP, that was in charge of the accounting performed for the various entities controlled under the USACM LIQUIDATING TRUST including but not limited to DTDF and FTDF. While the BMER group of defendants vehemently deny the allegations of malpractice in accounting related negligence set forth by the USACM LIQUIDATING TRUST, it was determined to be in the best interests of BMER to settle the case for $1.5 million from insurance proceeds provided by the insurance carrier for BMER.

4. Allegations have been made as to the value of claims of the USACM Trust against BMER to be in excess of $30 million. Again, BMER vehemently denies any wrongdoing or liability for any of the claims set forth by the Trust. However, BMER recognizes that a judgment in excess of the applicable insurance coverage of $1 or $2 million provided by the malpractice insurance carrier for BMER would be financially disastrous.

5. Other than the insurance assets, BMER and its individual partners do not have the financial capacity, through insurance or otherwise, to pay a judgment that the trustees might recover against it on the relevant claims. BMER would not be in any position to fund any judgment in excess of the aforesaid insurance. A judgment for anything in excess of the insurance would be financially disastrous to the BMER group of defendants. Beyond the financial implications, the plain and simply fact is that there are minimal assets available from any of the BMER entities or

1  defendants that would be available to satisfy said judgment.

2      6. Also, the insurance carrier for BMER has filed a
3  Declaratory Relief Action against BMER. If the insurer succeeds on
4  the Declaratory Relief Action, there would not even be insurance
5  coverage to fund a judgment. Also, the insurer is claiming policy
6  limits to be only $1 million, not $2 million.

7      I declare under penalty of perjury under the laws of the
8  United States of America that the foregoing is true and correct and
9  that this declaration was executed on this 24 day of November,
10  2008, at Las Vegas, Nevada.

_____
GARTH McBRIDE

STATE OF NEVADA    )
                        ) ss.
COUNTY OF CLARK    )

SUBSCRIBED AND SWORN to before me by AFFIANT this 24 day of November, 2008.

_____
NOTARY PUBLIC

Notary Public - State of Nevada
County of Clark
ZOLA T. ABADIE
My Appointment Expires
April 4, 2012
No: 00-62642-1

3

DECLARATION OF GARTH McBRIDE             BK-S-06-10725-LBR