LEWIS AND ROCA LLP LAWYERS

E-Filed On 12/17/08

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
Anthony W. Austin NV Bar No. 010850
Email: AAustin@lrlaw.com

Attorneys for USACM Liquidating Trust

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

USA Commercial Mortgage Company,

USA Capital Realty Advisors, LLC,[1]

USA Capital Diversified Trust Deed Fund, LLC,

USA Capital First Trust Deed Fund, LLC,[2]

USA Securities, LLC,[3]

Debtors.

**Affects:**
☐All Debtors
☒ USA Commercial Mortgage Company
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA Capital First Trust Deed Fund, LLC
☐ USA Securities, LLC

USACM Liquidating Trust,

Plaintiff,

v.

Compass USA SPE, LLC, a Delaware limited liability company, and Compass Partners, LLC, a Delaware limited liability company, and Republic Title of Texas, Inc.,

Defendants.

Case No. BK-S-06-10725-LBR
Case No. BK-S-06-10726-LBR[1]
Case No. BK-S-06-10727-LBR
Case No. BK-S-06-10728-LBR[2]
Case No. BK-S-06-10729-LBR[3]

CHAPTER 11

Jointly Administered Under Case No. BK-S-06-10725 LBR

Adv. No. 08-01066-lbr

**Motion to Approve Settlement Agreement Between USACM Liquidating Trust and Silar Advisors LP and Asset Resolution, LLC**

Date: OST Requested
Time: OST Requested

[1] This bankruptcy case was closed on September 23, 2008.
[2] This bankruptcy case was closed on October 12, 2007.
[3] This bankruptcy case was closed on December 21, 2007.

LEWIS AND ROCA LLP LAWYERS

The USACM Liquidating Trust (the "Trust") moves the Court to enter an order pursuant to Federal Rule of Bankruptcy Procedure 9019 ("Rule 9019") approving the Settlement Agreement (attached as Exhibit A) (the "Agreement") (the "Agreement") between the Trust and Silar Advisors LP and Asset Resolution, LLC (collectively "Silar"). A proposed form of order is attached as Exhibit B.

This motion is made pursuant to Rule 9019 and is more fully supported by the following memorandum of points and authorities as well as any evidence and argument to be presented at the time of the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Factual Background

1. *APA.* USA Commercial Mortgage Company ("USACM") and other Sellers entered into an Asset Purchase Agreement ("APA") with Compass USA SPE, LLC, a Delaware limited liability company, and Compass Partners, LLC, a Delaware limited liability company (collectively "Compass").

2. The sale of the assets covered by the APA closed on February 16, 2006 (the "Closing"). Before the Closing, disputes arose between Compass and Sellers with respect to Compass' entitlement to certain disputed price adjustments claimed by Compass under the APA.

3. *Escrows.* In order to complete the Closing by the deadline outlined in the Compass APA, Compass and Sellers entered into two escrow agreements whereby a total of $2,565,666.45 was placed into escrow (the "Escrow"), pending determination by this Court with respect to Compass' entitlement to the disputed price adjustments that Compass claimed under the Compass APA.

4. The Escrow Agent (Republic Title of Texas, Inc.) reports that the balance in the Escrow after disbursements is $2,099,067.79.

5. The Trust recently learned that neither Compass nor Sellers directed the Escrow Agent to deposit the Escrow into an interest-bearing account.

6. Silar represents that after the Trust filed this suit, all of Compass' interest in the Escrow was transferred to Silar via foreclosure. The Trust has sought an order from this Court joining Silar as defendants. Silar does not oppose entry of an order joining it as a party defendant in this action.

7. *Prepaid Interest.* Compass was obligated to account to the Trust for Prepaid Interest collected from Lenders after the APA closed. The Trust has alleged in this action that Prepaid Interest should be netted from Lenders on a Lender by Lender basis.

8. The parties have negotiated with respect to the issues raised in the Complaint and have reached a settlement as reflected in the Agreement. They understand that they are settling disputed issues of fact and law without admitting the correctness of any position asserted by any party.

## II. The Proposed Settlement

The settlement is conditioned up approval by this Court. The principal terms of the proposed settlement are as follows:

1. *Escrows.* The Escrow shall be split equally between the Trust and Silar.

2. *Prepaid Interest.* On a going forward basis, Silar shall deduct Prepaid Interest from any cash distributions to Lenders on Loans that Silar is servicing with liability for Prepaid Interest on a Lender-by-Lender basis; *provided, however,* that the Trust shall, prior to any distribution by Silar (or any successor servicer), provide Silar (or any successor servicer) with a schedule detailing the amount of Prepaid Interest owed by each Lender entitled to receive the particular distribution. Silar (or any successor servicer) shall be entitled to rely on the notice received from the Trust. Silar (or any successor servicer) shall notify the Trust of a distribution within 10 calendar days prior to making such distribution. The Trust may seek appropriate relief from the Court to establish the



amount of Prepaid Interest owed by each Lender. Silar shall cooperate with the Trust's efforts to seek such appropriate relief. With every distribution of Prepaid Interest to the Trust, Silar shall include a detailed accounting, on a Lender by Lender basis, of Prepaid Interest collected and paid to the Trust.

3. *Indemnity.* Silar shall indemnify and hold the Trust harmless from any cause of action asserted by Compass or liability of the Trust to Compass with respect to the Escrow.

4. *Mutual Release*. Upon entry of a final order approving this Agreement, each Party on behalf of itself and any person or entity claiming by and through it, shall be deemed to have released the other Party, and its agents, attorneys, employees, representatives, members, advisors, officers, directors, shareholders, partners, insurers, affiliates, successors, assigns, and transferees, from any and all claims, demands and causes of action of any kind, nature or description whatsoever, known or unknown, through the entry of such final order, and from any and all liabilities, damages, injuries, actions whether in law or in equity, which such Party now holds or has asserted, or in the future may hold or may assert relating in any way to the allegations and claims set forth in the pleadings filed in the case solely concerning the Escrow. Nothing in this release shall operate as a release of the causes of action of the Trust against Compass.

## III. Argument

The requested relief is authorized by Rule 9019(a) of the Federal Rules of Bankruptcy Procedure. Bankruptcy courts have broad discretion in approving compromise agreements.[4] The Court may approve a compromise if it is fair and equitable.[5] In determining the fairness and adequacy of a proposed compromise agreement, the Court should consider the following four factors: (1) the probability of

---

[4] *In re Woodson*, 839 F.2d 610 (9th Cir. 1988).

[5] *Id.*

LEWIS AND ROCA LLP LAWYERS

success in litigation; (2) the difficulties, if any, to be encountered in collection; (3) the complexity of the litigation involved as well as the expense, inconvenience and delay necessarily attendant to the litigation; and (4) the paramount interest of creditors and a proper deference to their reasonable views.

Consideration of these factors does not require the Court to decide question of law or fact raised in the controversies sought to be settled, or determine that the compromise presented is the best possible outcome. Rather, the Court need only canvass the issues to determine whether the settlement fails "below the lowest point in the zone of reasonableness."[6] Accordingly, if the court finds the compromise does not fall below the threshold of reasonableness, the compromise should be approved.[7]

The Trust concedes that neither the Bankruptcy Code, the Bankruptcy Rules, nor the confirmed plan of reorganization in this case or the confirmation order require Court approval of proposed settlements. The Trust requests a hearing principally to determine if Compass, or anyone claiming through Compass, i.e. its former counsel, objects to approval of the Agreement.

The Trust believes that this proposed resolution of claims is in the best interest of the Trust beneficiaries both because the actual terms of the settlement are equitable and because resolution of this matter will preserve assets of the estate that would otherwise be wasted through litigation. Early settlement also furthers judicial economy by avoiding a trial. Under the circumstances of this case, the applicable factors for approval are present.

Accordingly, the Trust requests an Order of this Court approving the settlement as proposed herein.

---

[6] *Newman v. Stein*, 464 F.2d 689, 698 (2nd Cir. 1972); *see also In re Pennsylvania Truck Lines, Inc*., 150 B.R. 595, 598 (Bankr. E.D. Pa. 1992) (holding that a bankruptcy court must consider these factors to see whether the settlement falls below the lowest point in the range of reasonableness.).

[7] *In re Planned Protective Services, Inc*., 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991).

LEWIS AND ROCA LLP LAWYERS

Dated: December 17, 2008.

**LEWIS AND ROCA LLP**

By /s/ Rob Charles (#6593)
Rob Charles, NV 6593
Anthony W. Austin, NV 10850
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8320
Facsimile: (702) 949-8321
E-mail: rcharles@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

LEWIS AND ROCA LLP LAWYERS

Copy of the foregoing served via email, where an email address is listed, or if not, by first class mail, postage prepaid, on December 17, 2008, addressed to:

Louis A. Curcio
LCurcio@tpw.com
Thacher Proffitt & Wood LLP
Two World Financial Center
New York, New York 10281
Attorneys for Silar

Nile Leatham
nleatham@klnevada.com
Randolph L. Howard
RHoward@klnevada.com
Kolesar & Leatham, Chartered
Wells Fargo Financial Center
3320 W. Sahara Ave., Suite 380
Las Vegas, Nevada 89102
Local counsel for Silar

Georganne W. Bradley
Bullivant Houser Bailey PC
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Email: Georganne.bradley@bullivant.com
Former local counsel for Compass

Tyson M. Lomazow
Milbank, Tweed, Hadley & McCoy, LLP
1 Chase Manhattan Plaza
New York, New York 10005
TLomazow@milbank.com
Former attorneys for Compass

Office of the U.S. Trustee
Foley Federal Building, Suite 4300
300 Las Vegas Blvd South
Las Vegas, NV 89101

/s/ Carrie Lawrence
Lewis and Roca LLP

EXHIBIT A

LEWIS AND ROCA LLP
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
Anthony W. Austin NV Bar No. 010850
Email: AAustin@lrlaw.com

Attorneys for USACM Liquidating Trust

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>USA Capital Realty Advisors, LLC,[1]<br><br>USA Capital Diversified Trust Deed Fund, LLC,<br><br>USA Capital First Trust Deed Fund, LLC,[2]<br><br>USA Securities, LLC,[3]<br>Debtors. | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR |
| **Affects:**<br>☐All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |
| USACM Liquidating Trust,<br><br>Plaintiff,<br>v.<br><br>Compass USA SPE, LLC, a Delaware limited liability company, and Compass Partners, LLC, a Delaware limited liability company, and Republic Title of Texas, Inc.,<br><br>Defendants. | Adv. No. 08-01066-lbr<br><br>**Settlement Agreement with Silar Advisors LP and Asset Resolution, LLC** |

[1] This bankruptcy case was closed on September 23, 2008.
[2] This bankruptcy case was closed on October 12, 2007.
[3] This bankruptcy case was closed on December 26, 2007.



The USACM Liquidating Trust (the "Trust") and Silar Advisors LP and Asset Resolution, LLC (collectively "Silar") stipulate through counsel:

1. *APA.* USA Commercial Mortgage Company ("USACM") and other Sellers entered into an Asset Purchase Agreement ("APA") with Compass USA SPE, LLC, a Delaware limited liability company, and Compass Partners, LLC, a Delaware limited liability company (collectively "Compass").

2. The sale of the assets covered by the APA closed on February 16, 2006 (the "Closing"). Before the Closing, disputes arose between Compass and Sellers with respect to Compass' entitlement to certain disputed price adjustments claimed by Compass under the APA.

3. *Escrows.* In order to complete the Closing by the deadline outlined in the Compass APA, Compass and Sellers entered into two escrow agreements whereby a total of $2,565,666.45 was placed into escrow (the "Escrow"), pending determination by this Court with respect to Compass' entitlement to the disputed price adjustments that Compass claimed under the Compass APA.

4. The Escrow Agent (Republic Title of Texas, Inc.) reports that the balance in the Escrow after disbursements is $2,099,067.79.

5. Silar represents that after the Trust filed this suit, all of Compass' interest in this action was transferred to Silar via foreclosure. The Trust has sought an order from this Court joining Silar as defendants. Silar does not oppose entry of an order joining it as a party defendant in this action.

6. *Prepaid Interest.* Compass was obligated to account to the Trust for Prepaid Interest collected from Lenders after the APA closed. The Trust has alleged in this action that Compass failed to account to the Trust for post-Effective Date collections and failed to collect and remit Prepaid Interest in an amount to be determined. Silar has provided the Trust with an accounting that Silar believes, based on records it received from Compass,

LEWIS AND ROCA LLP LAWYERS

accurately reflects Prepaid Interest collected from Lenders after the APA closed, as well as the unpaid balance of Prepaid Interest after application of collections.

7. The Trust is indebted to Compass for $237,023.29, which is USACM Liquidating Trust Marquis distribution check No. 1174 (the “Distribution”). The Complaint in this action alleges that the Trust holds this sum in order to preserve its rights of offset against Compass.

8. The parties have negotiated with respect to the issues raised in the Complaint and have reached a settlement of some of those issues as reflected in this Agreement. They understand that they are settling disputed issues of fact and law without admitting the correctness of any position asserted by any party.

9. *Agreements.* Upon Court approval of this Agreement:

9.1. *Escrows.* The Escrow shall be split equally between the Trust and Silar.

9.2. *Prepaid Interest.* On a going forward basis, Silar shall deduct Prepaid Interest from any cash distributions to Lenders on Loans that Silar is servicing with liability for Prepaid Interest on a Lender-by-Lender basis; *provided, however,* that the Trust shall, prior to any distribution by Silar (or any successor servicer), provide Silar (or any successor servicer) with a schedule detailing the amount of Prepaid Interest owed by each Lender entitled to receive the particular distribution. Silar (or any successor servicer) shall be entitled to rely on the notice received from the Trust. Silar (or any successor servicer) shall notify the Trust of a distribution within 10 calendar days prior to making such distribution. The Trust may seek appropriate relief from the Court to establish the amount of Prepaid Interest owed by each Lender. Silar shall cooperate with the Trust’s efforts to seek such appropriate relief. With every distribution of Prepaid Interest to the Trust, Silar shall include a detailed accounting, on a Lender by Lender basis, of Prepaid Interest collected and paid to the Trust.

9.3. *Directions to the Escrow Agent.* Upon Court approval of this Agreement, the Escrow Agent shall wire the Escrow balance equally to Silar and to the Trust.

9.4. *Indemnity.* Silar shall indemnify and hold the Trust harmless from any cause of action asserted by Compass or liability of the Trust to Compass with respect to the Escrow.

9.5. *Mutual Release.* Upon entry of a final order approving this Agreement, each Party on behalf of itself and any person or entity claiming by and through it, shall be deemed to have released the other Party, and its agents, attorneys, employees, representatives, members, advisors, officers, directors, shareholders, partners, insurers, affiliates, successors, assigns, and transferees, from any and all claims, demands and causes of action of any kind, nature or description whatsoever, known or unknown, through the entry of such final order, and from any and all liabilities, damages, injuries, actions whether in law or in equity, which such Party now holds or has asserted, or in the future may hold or may assert relating in any way to the allegations and claims set forth in the pleadings filed in the case solely concerning the Escrow. Nothing in this release shall operate as a release of the causes of action of the Trust against Compass.

10. *Miscellaneous.*

10.1. *No Admission.* Any action taken by any Party pursuant to this Agreement is done as a compromise of disputed claims to effect an amicable settlement and avoid the time, expense and uncertainty that would accompany litigation. This Agreement is not to be construed as any admission of liability by any Party.

10.2. *Interpretation.* Each party has had the opportunity to be represented by counsel during negotiations of this Agreement and to consult with counsel regarding its meaning and effect. The terms and provisions of this Agreement are not to be construed

LEWIS AND ROCA LLP LAWYERS

more strictly against either of the Parties. The terms and provisions of this Agreement shall be construed as having the plain meaning.

10.3. *Modification in Writing.* This Agreement may be amended only by written agreement signed by each of the Parties. Any alleged breach of this Agreement may be waived only by a written waiver signed by the party granting the waiver.

10.4. *Final Agreement.* This Agreement represents the complete, entire, and final agreement between the Parties relating to the subject matter hereof and supersedes any and all other negotiations, representations, understandings and agreements, and it shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each. This Agreement may not be contradicted by evidence of prior, contemporaneous or subsequent oral or written agreements and understandings of the Parties in connection therewith. No representation, warranty, covenant, agreement or condition not expressed herein shall be binding upon the Parties or shall affect or be effective to interpret, change or restrict the provisions contained herein. There are no unwritten oral agreements between the Parties.

10.5. *Nevada Law.* This Agreement shall be construed and interpreted in accordance with the laws of the State of Nevada as they exist at the time of the execution of this Agreement.

10.6. *Counterparts.* This Agreement may be executed in counterparts, each copy of which shall serve as an original for all purposes, but all copies shall constitute one and the same agreement. Faxed and/or emailed copies of signatures hereto shall be effective, provided that the original signature pages shall be maintained by the Parties or their respective counsel.

10.7. *Authority to Execute.* Each signatory to this Agreement represents and warrants that they have the authority of their respective clients to execute this Agreement on their behalf.

LEWIS AND ROCA LLP LAWYERS

10.8. *Bankruptcy Court Jurisdiction.* The Bankruptcy Court shall retain exclusive jurisdiction over the interpretation and enforcement of this Agreement, as well as any disputes that may arise between the Parties relating to this Agreement. The Parties consent to the exclusive jurisdiction of the Bankruptcy Court for these purposes.

10.9. *Time is of the Essence.* The Parties agree that time is of the essence. Accordingly, the Trust has agreed to use its best efforts to cause the payments to Silar described in this Agreement to occur on or before December 31, 2008, including by filing a motion to approve this Agreement and to have such motion heard on an expedited basis.

LEWIS AND ROCA LLP LAWYERS

Dated: December 17, 2008.

**LEWIS AND ROCA LLP**

By /s/ Rob Charles (#6593)
Rob Charles, NV 6593
Anthony W. Austin, NV 10850
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8320
Facsimile: (702) 949-8321
E-mail: rcharles@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Thacher Proffitt & Wood LLP

By ______________________
Louis A. Curcio
LCurcio@tpw.com
Two World Financial Center
New York, New York 10281
Attorneys for Silar Advisors LP and Asset Resolution, LLC

and

Nile Leatham
nleatham@klnevada.com
Randolph L. Howard
RHoward@klnevada.com
Kolesar & Leatham, Chartered
Wells Fargo Financial Center
3320 W. Sahara Ave., Suite 380
Las Vegas, Nevada 89102
Local counsel for Silar Advisors LP and Asset Resolution, LLC

Dated: December 17, 2008.

**LEWIS AND ROCA LLP**

By /s/ Rob Charles (#6593)
Rob Charles, NV 6593
Anthony W. Austin, NV 10850
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8320
Facsimile: (702) 949-8321
E-mail: rcharles@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Thacher Proffitt & Wood LLP

By ______________________
Louis A. Curcio
LCurcio@tpw.com
Two World Financial Center
New York, New York 10281
Attorneys for Silar Advisors LP and Asset Resolution, LLC

and

Nile Leatham
nleatham@klnevada.com
Randolph L. Howard
RHoward@klnevada.com
Kolesar & Leatham, Chartered
Wells Fargo Financial Center
3320 W. Sahara Ave., Suite 380
Las Vegas, Nevada 89102
Local counsel for Silar Advisors LP and Asset Resolution, LLC

LEWIS AND ROCA LLP LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
Anthony W. Austin NV Bar No. 010850
Email: AAustin@lrlaw.com

Attorneys for USACM Liquidating Trust

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

USA Commercial Mortgage Company,

USA Capital Realty Advisors, LLC,[1]

USA Capital Diversified Trust Deed Fund, LLC,

USA Capital First Trust Deed Fund, LLC,[2]

USA Securities, LLC,[3]

Debtors.

**Affects:**
☐All Debtors
☒ USA Commercial Mortgage Company
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA Capital First Trust Deed Fund, LLC
☐ USA Securities, LLC

Case No. BK-S-06-10725-LBR
Case No. BK-S-06-10726-LBR[1]
Case No. BK-S-06-10727-LBR
Case No. BK-S-06-10728-LBR[2]
Case No. BK-S-06-10729-LBR[3]

CHAPTER 11

Jointly Administered Under Case No. BK-S-06-10725 LBR

USACM Liquidating Trust,

Plaintiff,

v.

Compass USA SPE, LLC, a Delaware limited liability company, and Compass Partners, LLC, a Delaware limited liability company, and Republic Title of Texas, Inc.,

Defendants.

Adv. No. 08-01066-lbr

**Order Approving Joinder of Silar Advisors LP and Asset Resolution, LLC as Defendants and Approving the Settlement Agreement Between Silar Advisors LP and Asset Resolution, LLC**

DRAFT

---

[1] This bankruptcy case was closed on September 23, 2008.
[2] This bankruptcy case was closed on October 12, 2007.
[3] This bankruptcy case was closed on December 21, 2007.

LEWIS AND ROCA LLP LAWYERS

DRAFT

The Motion to Approve the Settlement Agreement Between the USACM Liquidating Trust and Silar Advisors, LP and Asset Resolution, LLC (the "Motion") [DE ______], was filed with the Court on December 17, 2008. Due notice of the Motion was given to the parties to the adversary and to the Office of the U.S. Trustee. Good cause appearing,

IT IS ORDERED:

1. Joining Silar Advisors LP and Asset Resolution, LLC as defendants in this adversary proceeding.

2. Approving the terms set forth in the Settlement Agreement attached to the Application and to this Order as Exhibit A, and incorporated herein by reference. The terms of the Settlement Agreement are to be given the same effect as an order of this Court.

DATED AND SIGNED ABOVE

**U.S. Bankruptcy Court**

**District of Nevada**

Notice of Electronic Filing

The following transaction was received from CHARLES, ROB entered on 12/17/2008 at 4:21 PM PST and filed on 12/17/2008

**Case Name:** USACM LIQUIDATING TRUST v. COMPASS USA SPE, LLC et al
**Case Number:** 08-01066-lbr
**Document Number:** 36

**Docket Text:**
Motion to Approve Settlement *Agreement Between USACM Liquidating Trust and Silar Advisors LP and Asset Resolution, LLC* Filed by ROB CHARLES on behalf of USACM LIQUIDATING TRUST (Attachments: # (1) Exhibit A# (2) Exhibit B) (CHARLES, ROB)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**H:\USACM Trust\Adv 08-1066\Motion to Approve Silar Settlement.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=989277954 [Date=12/17/2008] [FileNumber=11269080-0] [34bafafc7352ae352d887b777925779579c77869d50abea6ea3d98b1a209ef1342 00bbb82b4dcb6363f7a1d50bd0871499113e71f25067844c9516891eacc4d3]]
**Document description:**Exhibit A
**Original filename:**H:\USACM Trust\Adv 08-1066\Motion to Approve Silar Settlement - Ex A.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=989277954 [Date=12/17/2008] [FileNumber=11269080-1] [8ce399ddd7ada84df4bb49a31b0dc3818ab365ceadf60dab45b545071aeea380cf 5e5788b06c5fe303b6cfe8a17af2363597684d42a722b9598763594adf5eda]]
**Document description:**Exhibit B
**Original filename:**H:\USACM Trust\Adv 08-1066\Motion to Approve Silar Settlement - Ex B.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=989277954 [Date=12/17/2008] [FileNumber=11269080-2] [17b0c04e7a57b1f5efd0105eca5a636426aca496828c511e16d8055e0b1c8225dd f5b67cc96b0a62af8850b61a6f7a635e00b05c21eabf91864999867905957d]]

**08-01066-lbr Notice will be electronically mailed to:**

GEORGANNE W. BRADLEY georganne.bradley@bullivant.com, mary.opatrny@bullivant.com

ROB CHARLES rcharles@lrlaw.com, cjordan@lrlaw.com

**08-01066-lbr Notice will not be electronically mailed to:**

LINDA DAKIN-GRIMM
601 SOUTH FIGUEROA STREET, 30TH FLOOR
LOS ANGELES, CA 90017-5735

REPUBLIC TITLE OF TEXAS, INC.
NA, NA 0

USACM LIQUIDATING TRUST
C/O ROB CHARLES
LEWIS AND ROCA LLP
3993 HOWARD HUGHES PKWY SUITE 600
LAS VEGAS, NV 89169-5996