# EXHIBIT A

**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
Anthony W. Austin NV Bar No. 010850
Email: AAustin@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>USA Capital Realty Advisors, LLC,[1]<br><br>USA Capital Diversified Trust Deed Fund, LLC,<br><br>USA Capital First Trust Deed Fund, LLC,[2]<br><br>USA Securities, LLC,[3]<br>                          Debtors. | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR |
| **Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |
| USACM Liquidating Trust,<br>                          Plaintiff,<br>            v.<br>Compass USA SPE, LLC, a Delaware limited liability company, and Compass Partners, LLC, a Delaware limited liability company, and Republic Title of Texas, Inc.,<br>                          Defendants. | Adv. No. 08-01066-lbr<br><br>**Settlement Agreement with Silar Advisors LP and Asset Resolution, LLC** |

---

[1] This bankruptcy case was closed on September 23, 2008.
[2] This bankruptcy case was closed on October 12, 2007.
[3] This bankruptcy case was closed on December 26, 2007.

249071.1

The USACM Liquidating Trust (the "Trust") and Silar Advisors LP and Asset Resolution, LLC (collectively "Silar") stipulate through counsel:

1. *APA*. USA Commercial Mortgage Company ("USACM") and other Sellers entered into an Asset Purchase Agreement ("APA") with Compass USA SPE, LLC, a Delaware limited liability company, and Compass Partners, LLC, a Delaware limited liability company (collectively "Compass").

2. The sale of the assets covered by the APA closed on February 16, 2006 (the "Closing"). Before the Closing, disputes arose between Compass and Sellers with respect to Compass' entitlement to certain disputed price adjustments claimed by Compass under the APA.

3. *Escrows*. In order to complete the Closing by the deadline outlined in the Compass APA, Compass and Sellers entered into two escrow agreements whereby a total of $2,565,666.45 was placed into escrow (the "Escrow"), pending determination by this Court with respect to Compass' entitlement to the disputed price adjustments that Compass claimed under the Compass APA.

4. The Escrow Agent (Republic Title of Texas, Inc.) reports that the balance in the Escrow after disbursements is $2,099,067.79.

5. Silar represents that after the Trust filed this suit, all of Compass' interest in this action was transferred to Silar via foreclosure. The Trust has sought an order from this Court joining Silar as defendants. Silar does not oppose entry of an order joining it as a party defendant in this action.

6. *Prepaid Interest*. Compass was obligated to account to the Trust for Prepaid Interest collected from Lenders after the APA closed. The Trust has alleged in this action that Compass failed to account to the Trust for post-Effective Date collections and failed to collect and remit Prepaid Interest in an amount to be determined. Silar has provided the Trust with an accounting that Silar believes, based on records it received from Compass,

accurately reflects Prepaid Interest collected from Lenders after the APA closed, as well as the unpaid balance of Prepaid Interest after application of collections.

7. The Trust is indebted to Compass for $237,023.29, which is USACM Liquidating Trust Marquis distribution check No. 1174 (the "Distribution"). The Complaint in this action alleges that the Trust holds this sum in order to preserve its rights of offset against Compass.

8. The parties have negotiated with respect to the issues raised in the Complaint and have reached a settlement of some of those issues as reflected in this Agreement. They understand that they are settling disputed issues of fact and law without admitting the correctness of any position asserted by any party.

9. *Agreements.* Upon Court approval of this Agreement:

9.1. *Escrows.* The Escrow shall be split equally between the Trust and Silar.

9.2. *Prepaid Interest.* On a going forward basis, Silar shall deduct Prepaid Interest from any cash distributions to Lenders on Loans that Silar is servicing with liability for Prepaid Interest on a Lender-by-Lender basis; *provided, however,* that the Trust shall, prior to any distribution by Silar (or any successor servicer), provide Silar (or any successor servicer) with a schedule detailing the amount of Prepaid Interest owed by each Lender entitled to receive the particular distribution. Silar (or any successor servicer) shall be entitled to rely on the notice received from the Trust. Silar (or any successor servicer) shall notify the Trust of a distribution within 10 calendar days prior to making such distribution. The Trust may seek appropriate relief from the Court to establish the amount of Prepaid Interest owed by each Lender. Silar shall cooperate with the Trust's efforts to seek such appropriate relief. With every distribution of Prepaid Interest to the Trust, Silar shall include a detailed accounting, on a Lender by Lender basis, of Prepaid Interest collected and paid to the Trust.

249071.1

LEWIS AND ROCA LLP LAWYERS

9.3. *Directions to the Escrow Agent.* Upon Court approval of this Agreement, the Escrow Agent shall wire the Escrow balance equally to Silar and to the Trust.

9.4. *Indemnity.* Silar shall indemnify and hold the Trust harmless from any cause of action asserted by Compass or liability of the Trust to Compass with respect to the Escrow.

9.5. *Mutual Release.* Upon entry of a final order approving this Agreement, each Party on behalf of itself and any person or entity claiming by and through it, shall be deemed to have released the other Party, and its agents, attorneys, employees, representatives, members, advisors, officers, directors, shareholders, partners, insurers, affiliates, successors, assigns, and transferees, from any and all claims, demands and causes of action of any kind, nature or description whatsoever, known or unknown, through the entry of such final order, and from any and all liabilities, damages, injuries, actions whether in law or in equity, which such Party now holds or has asserted, or in the future may hold or may assert relating in any way to the allegations and claims set forth in the pleadings filed in the case solely concerning the Escrow. Nothing in this release shall operate as a release of the causes of action of the Trust against Compass.

10. *Miscellaneous*.

10.1. *No Admission.* Any action taken by any Party pursuant to this Agreement is done as a compromise of disputed claims to effect an amicable settlement and avoid the time, expense and uncertainty that would accompany litigation. This Agreement is not to be construed as any admission of liability by any Party.

10.2. *Interpretation.* Each party has had the opportunity to be represented by counsel during negotiations of this Agreement and to consult with counsel regarding its meaning and effect. The terms and provisions of this Agreement are not to be construed

249071.1

more strictly against either of the Parties. The terms and provisions of this Agreement shall be construed as having the plain meaning.

10.3. *Modification in Writing.* This Agreement may be amended only by written agreement signed by each of the Parties. Any alleged breach of this Agreement may be waived only by a written waiver signed by the party granting the waiver.

10.4. *Final Agreement.* This Agreement represents the complete, entire, and final agreement between the Parties relating to the subject matter hereof and supersedes any and all other negotiations, representations, understandings and agreements, and it shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each. This Agreement may not be contradicted by evidence of prior, contemporaneous or subsequent oral or written agreements and understandings of the Parties in connection therewith. No representation, warranty, covenant, agreement or condition not expressed herein shall be binding upon the Parties or shall affect or be effective to interpret, change or restrict the provisions contained herein. There are no unwritten oral agreements between the Parties.

10.5. *Nevada Law.* This Agreement shall be construed and interpreted in accordance with the laws of the State of Nevada as they exist at the time of the execution of this Agreement.

10.6. *Counterparts.* This Agreement may be executed in counterparts, each copy of which shall serve as an original for all purposes, but all copies shall constitute one and the same agreement. Faxed and/or emailed copies of signatures hereto shall be effective, provided that the original signature pages shall be maintained by the Parties or their respective counsel.

10.7. *Authority to Execute.* Each signatory to this Agreement represents and warrants that they have the authority of their respective clients to execute this Agreement on their behalf.

249071.1

**10.8.** *Bankruptcy Court Jurisdiction.* The Bankruptcy Court shall retain exclusive jurisdiction over the interpretation and enforcement of this Agreement, as well as any disputes that may arise between the Parties relating to this Agreement. The Parties consent to the exclusive jurisdiction of the Bankruptcy Court for these purposes.

**10.9.** *Time is of the Essence.* The Parties agree that time is of the essence. Accordingly, the Trust has agreed to use its best efforts to cause the payments to Silar described in this Agreement to occur on or before December 31, 2008, including by filing a motion to approve this Agreement and to have such motion heard on an expedited basis.

249071.1

Dated: December 17, 2008.

**LEWIS AND ROCA LLP**

By /s/ Rob Charles (#6593)
 Rob Charles, NV 6593
 Anthony W. Austin, NV 10850
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8320
Facsimile: (702) 949-8321
E-mail: rcharles@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Thacher Proffitt & Wood LLP

By _____
 Louis A. Curcio
LCurcio@tpw.com
Two World Financial Center
New York, New York 10281
Attorneys for Silar Advisors LP and Asset Resolution, LLC
 and
Nile Leatham
nleatham@klnevada.com
Randolph L. Howard
RHoward@klnevada.com
Kolesar & Leatham, Chartered
Wells Fargo Financial Center
3320 W. Sahara Ave., Suite 380
Las Vegas, Nevada 89102
Local counsel for Silar Advisors LP and Asset Resolution, LLC

Dated: December 17, 2008.

**LEWIS AND ROCA LLP**

By /s/ Rob Charles (#6593)
Rob Charles, NV 6593
Anthony W. Austin, NV 10850
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8320
Facsimile: (702) 949-8321
E-mail: rcharles@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Thacher Proffitt & Wood LLP

By _____
Louis A. Curcio
LCurcio@tpw.com
Two World Financial Center
New York, New York 10281
Attorneys for Silar Advisors LP and Asset Resolution, LLC

and

Nile Leatham
nleatham@klnevada.com
Randolph L. Howard
RHoward@klnevada.com
Kolesar & Leatham, Chartered
Wells Fargo Financial Center
3320 W. Sahara Ave., Suite 380
Las Vegas, Nevada 89102
Local counsel for Silar Advisors LP and Asset Resolution, LLC

7

249071.1