1 **O'REILLY LAW GROUP, LLC**                                    **E-FILED 12/22/08**
John F. O'Reilly, Esq.
2 Nevada Bar No. 1761
Timothy R. O'Reilly, Esq.
3 Nevada Bar No. 8866
325 S. Maryland Parkway
4 Las Vegas, Nevada  89101
Tel:  (702) 382-2500; Fax:  (702) 384-6266

5
**BIENERT, MILLER, WEITZEL & KATZMAN**
6 Steven J. Katzman, Esq.
California Bar No. 132755
7 117 Avenida Miramar
San Clemente, California  92672
8 Tel:  (949) 369-3700; Fax:  (949) 369-3701
E-Mail: skatzman@bmwklaw.com

9
Attorneys for Parties-in-Interest
10 MARY PETERSEN, INDIVIDUALLY AND AS TRUSTEE OF THE MARY PETERSEN
FAMILY TRUST DTD 8/12/98; MICHAEL PETERSEN, INDIVIDUALLY AND AS TRUSTEE
11 OF THE MICHALE D. PETERSEN FAMILY TRUST DTD 8/12/98; KATHRYN PETERSEN
INDIVIDUALLY AND AS TRUSTEE OF THE KATHRYN L. PETERSEN LIVING TRUST
12 AND THE KLP TRUST DTD 7/15/99

13                    **UNITED STATES BANKRUPTCY COURT**

14                              **DISTRICT OF NEVADA**

15

16  In Re:                                          Case Nos.:
                                                    BK-S-06-10725-LBR
17  USA COMMERCIAL MORTGAGE COMPANY,                BK-S-06-10726-LBR
                                                    BK-S-06-10727-LBR
18            Debtor.                               BK-S-06-10728-LBR
                                                    BK-S-06-10729-LBR
19  In Re:
                                                    JOINTLY ADMINSTERED
20  USA CAPITAL REALTY ADVISORS, LLC,               Chapter 11 Cases

21            Debtor.                               Judge Linda B. Riegle

22  In Re:                                          **SUPPLEMENTAL RESPONSE TO
                                                    THE APPLICATION OF THE
23                                                  USACM LIQUIDATING TRUST TO
    USA CAPITAL DIVERSIFIED TRUST DEED              COMPROMISE AND SETTLE
24  FUND, LLC,                                      CONTROVERSIES WITH PIERCY,
                                                    BOWLER, TAYLOR & KERN, PC;
25            Debtor.                               MEMORANDUM OF POINTS AND
                                                    AUTHORITIES IN SUPPORT
26  In Re:                                          THEREOF**

27   USA CAPITAL FIRST TRUST DEED FUND,
     LLC,
28

O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway • Las Vegas, Nevada 89101
Telephone (702) 382-2500 • Facsimile (702) 384-6266

1

                                    Debtor.

2

3   In Re:

    USA SECURITIES, LLC,

4                                   Debtor.

5   Affects:

6
    ☒  All Debtors
    ☐  USA Commercial  Mortgage Company
7   ☐  USA Capital Realty Advisors, LLC
    ☐  USA Capital Diversified Trust Deed Fund,
8      LLC
    ☐  USA Commercial  Mortgage Company
9   ☐  USA Commercial  Mortgage Company

10

11      Parties-in-Interest  Mary Petersen, Individually and as Trustee of the Mary Petersen Family

12  Trust DTD 8/12/98; Michael Petersen, Individually and as Trustee of the Michael D. Petersen

13  Family Trust DTD 8/12/98; Kathryn Petersen, Individually and as Trustee of the Kathryn L.

14  Petersen Living Trust and the KLP Trust DTD 7/15/99  (collectively, the "Petersens") submit the

15  following supplemental response to the Application of Geoffrey Berman, Trustee ("Trustee") of

16  the USACM Liquidating Trust (the "USACM Trust") and Michael Tucker, Manager ("Manager;"

17  the Trustee and Manager are collectively referred to as the "Trustee/Manager"), of the USA Capital

18  Diversified Trust Deed Fund, LLC ("DTDF") to Compromise and Settle Controversies (the

19  "Motion") with Piercy, Bowler, Taylor & Kern PC ("PBTK"):

20

21                      **MEMORANDUM OF POINTS AND AUTHORITIES**

22

23  **I.  INTRODUCTION**

24      At the initial hearing on the Motion, the Court extensively questioned counsel for the

25  Trustee/Manager and PBTK on their failure to submit a copy of the proposed settlement agreement

26  and propriety to rule on the Motion without reviewing a copy of the same.  See Reporter's

27

28

Supplemental Response to Application to Compromise and Settle

O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway • Las Vegas, Nevada 89101
Telephone (702) 382-2500 • Facsimile (702) 384-6266

1    Transcript of Proceedings for November 18, 2008 ("RT 11/18/08") at 1-8, 10-12.[1]  The Court

2    specifically noted that the Trustee/Manager did not have to seek court approval of the Motion,

3    stating:

4          "Now, if you don't insist on the bar order, there is no need as far as I'm concerned

5          for this Court to approve it because the Liquidating Trust has the right to settle

6          agreements. You know, I'm not sure why. I mean, I understand  Mr. Berman is

7          wanting me to bless things, but I'm a little troubled by on one hand saying, all

8          right, we have the absolute right to just settle things -- and that's part of the Trust

9          -- and then coming back in here and saying that I've got to do it, but giving me no

10         facts.... So you make a decision if you believe -- I don't think that I need to under

11         9019 approve the settlement because the trustee has that power without going

12         through the Court."

13   See RT 11/18/08: 11, Line 16-12, Line 7.[2]  The Court further opined that "**If you want to give up**

14   **the bar order, then you certainly can maintain your confidentiality** or you could put that in

15   there and just wait when somebody else sues you, and you raise that as a defense I guess because I

16   don't think there's any need for a Court to make a good-faith ruling."  See RT 11/18/08: 12, Lines

17   8-12 (Emphasis Added).  Nevertheless, counsel requested the Court to continue the matter.  See RT

18   11/18/08: 11-13.  The Court authorized the filing of the settlement agreement and related

19   documentation under seal "subject to at the hearing **if I think something should be unsealed, then**

20   **I'll let you know, and you can argue it**."  See RT 11/18/08: 20, Lines 9-11. (Emphasis Added).

21        Counsel for PBTK noted that parties who wished to review the settlement agreement have

22   been required to execute a confidentiality agreement. See RT 11/18/08: 22, Line 16 – 23, Line 7.

23   The Court, in response, stated that the confidentiality would not be an issue if the parties were not

24   seeking approval of the settlement of the motion under Rule 9019. See RT 11/18/08: 23, Line 22 –

25

26   _____

27   [1]  For the Court's convenience, a copy of the Reporter's Transcript of Proceedings for November 18, 2008 is attached as Exhibit "1."

28   [2] In addition to the settlement agreement, the Court indicated that it needed information to evaluate PBTK's ability to pay outside insurance.  See RT 11/18/08: 14, Line 25 – 15 Line 1.

O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway • Las Vegas, Nevada 89101
Telephone (702) 382-2500 • Facsimile (702) 384-6266

1   24, Line 10.    In response to the confidentiality request, counsel for the Petersens specifically

2   noted that it was asked to sign a confidentiality agreement and declined in order to not "taint our

3   future ability to use the settlement agreement or the terms in an evidentiary form or for any purpose

4   we thought was appropriate for our client."  The Petersens further reserved the right to address the

5   issue at the continued hearing.  See RT 11/18/08: 25, Lines 9-20.

6          On December 8, 2008, counsel for the Trustee/Manager filed their third supplemental filing

7   in support of the Motion.  However, certain documentation was filed under seal, which appeared to

8   include an amended settlement agreement and declaration of Richard Bowler.  See Supplemental

9   filing in support of the Motion at Exhibits A and D (the "Sealed Documents").  Thereafter,

10  commencing on December 13, 2008, counsel for the Petersen's repeatedly requested a copy of the

11  sealed documents.  See Declaration of Timothy O'Reilly ("O'Reilly Declaration"), filed in support

12  of Supplemental Response at Para. 4. Finally, on December 18, 2008, notwithstanding the

13  aforementioned comments of the Court and concerns raised by the Petersens, counsel for the

14  Trustee/Manager asserted that they would only provide a copy of the Sealed Documents if the

15  Petersens agreed to execute a confidentiality agreement, which was then first presented with a

16  version designed to address the Sealed Documents on December 18, 2008.  A copy of the

17  confidentially agreement (the "Confidentiality Agreement") is attached as Exhibit "2."  See

18  "O'Reilly Declaration at Para. 5.  Counsel for the Petersens, desirous to determine what was filed

19  with the Court, executed the Confidentiality Agreement on December 19, 2008, but reserved the

20  right to object to the terms of the Agreement, either at the settlement hearing currently scheduled

21  for Tuesday, December 23 or in the future as deemed necessary.  See "O'Reilly Declaration at

22  Para. 5.

23          Thereafter, on December 19, 2008, counsel for the Petersens were provided the Sealed

24  Documents.  See "O'Reilly Declaration at Para. 6.  The review of the Sealed Documents raised

25  substantial questions: as to its sealed nature and the limitations of the Confidentiality Agreement;

26  the amount of the settlement relative to the purported damages of USACM[3] and the estimated total

27  _____

28  [3] The Trustee has asserted that USACM sustained damages in excess of 70 million dollars.  See
    Declaration of Geoffrey Berman, Exhibit "B" to the Third Supplemental Filing, at Para. 16.

-4-
Supplemental Response to Application to Compromise and Settle

O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway • Las Vegas, Nevada 89101
Telephone (702) 382-2500 • Facsimile (702) 384-6266

1  liability of PBTK[4]; the total amount of insurance available and the purported basis for the variance

2  and; the lack of information provided with respect to the ability of PBTK to pay outside of

3  insurance.  Given the contents of the Sealed Documents, the Petersens believe that this information

4  is invaluable for their case.  Nevertheless, given the severe limitations of the Confidentiality

5  Agreement, the Petersens would be precluded from any use of the same.[5]

6  It now appears that although the Trustee/Manager is abandoning their request for the Bar

7  Order, they are still seeking Court approval of the settlement, something the Court expressly has

8  noted is not required.  Given the strong presumption of public access to the Courts, the content of

9  the Sealed Documents, and the significant limitations imposed by the Confidentiality Agreement,

10  this Court should order the Sealed Documents unsealed and continue the Motion to allow all

11  parties in interest to freely comment upon the contents of the same, particularly the settlement

12  terms and conditions in relation to the available insurance proceeds.

13

14  **II.    THE COURT SHOULD ORDER THE SEALED DOCUMENTS UNSEALED**

15  **A.    There Exists a Strong Presumption to Public Access to records in Bankruptcy Cases.**

16  There exists a long standing presumption in favor of access to public records in bankruptcy

17  proceedings.  In re FiberMark, Inc., 330 B.R. 480, 505 (Bkrtcy.D.Vt. 2005); In re General Homes

18  Corp., 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995). The preference for public access is rooted in the

19  public's First Amendment right to know about the administration of justice. In re Orion Pictures,

20  Corp., 21 F.3d 24, 26 (2nd Cir. 1994). It also safeguards the integrity of the judicial system. Id.

21  (citations omitted).  "Federal courts have long recognized the strong common law presumption in

22

23

24  [4] PBTK has claimed that allegations have been made that the value of the claims against PBTK

25  exceed 30 million dollars. See Declaration of Richard Bowler, Exhibit "C" to the Third
   Supplemental Filing, at Para. 5.

26  [5]  The Confidentiality Agreement limits its use to evaluation of the settlement motion only (See
   Confidentiality Agreement at Para 3, 5) and requires destruction of the Sealed Documents (See

27  Confidentiality Agreement at Para 4. "Within ten (10) days of the Bankruptcy Court's ruling on the
   Motion, the Requesting Party will delete any electronic copies and destroy any physical copies of

28  the Settlement Agreement and the related Declaration.").

favor of public access to court proceedings and records." <u>In re General Homes Corp</u>., 181 B.R.

898, 903 (Bankr. S.D. Tex. 1995) (<u>citing e.g., Nixon v. Warner Communications, Inc.</u>, 435 U.S.

589, 597 (1978)). That presumption is codified in § 107(a) of the Bankruptcy Code, which

provides: "a paper filed in a [bankruptcy case] and the dockets of a bankruptcy court are public

records and open to examination by an entity at reasonable times without charge." 11 U.S.C. §

107(a).  "This policy of open inspection, codified generally in § 107(a) of the Bankruptcy Code,

evidences Congress's strong desire to preserve the public's right of access to judicial records in

bankruptcy proceedings."  <u>In re FiberMark, Inc</u>., 330 B.R. at 505.

The court has authority to seal court records, in order to protect trade secrets or confidential

research, development, or confidential information, or to protect a person with regard to a

scandalous or defamatory matter.  11 U.S.C. § 107(b); <u>In re General Homes Corp.</u>, 181 B.R. at 903.

However, in order to use its discretionary authority to limit public access to papers, the court must

specifically find that the interest of secrecy outweighs the presumption in favor of access.  <u>In re</u>

<u>Continental Airlines</u>, 150 B.R. 334 (D.Del.1993).  Moreover, if the documents sought to be

protected do not fall into one of the enumerated exceptions in § 107(b), it must be open to public

inspection. <u>In re Food Mgmt Group, LLC</u>, 359 B.R. 543, 554 (Bankr. S.D.N.Y 2007).  "If the

§ 107(b) exceptions do not apply, the inquiry is complete and the Court's decision will favor

public access."  <u>In re FiberMark, Inc</u>., 330 B.R. at 506.  Any limitation on the public's right of

access must be viewed as an extraordinary measure that is warranted only under rare

circumstances. <u>In re Analytical Systems</u>, Inc., 83 B.R. 833, 835 (Bankr. N.D. Ga. 1987).

**B.      The Court Should Order the Settlement Agreement and Accompanying Sealed Materials Unsealed, Particularly Where the Movants Were Not Required to Seek Court Approval of the Settlement**.

Courts routinely have found that settlement agreements do not constitute the material

warranting the protections of § 107(b).  See <u>In re Analytical Systems, Inc</u>., 83 B.R. at 835

-6-
Supplemental Response to Application to Compromise and Settle

O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway • Las Vegas, Nevada 89101
Telephone (702) 382-2500 • Facsimile (702) 384-6266

O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway • Las Vegas, Nevada 89101
Telephone (702) 382-2500 • Facsimile (702) 384-6266

1  (Settlement agreement entered into between debtor and creditor contained no trade secrets or

2  confidential research, development, or commercial information, or any scandalous or defamatory

3  matters within meaning of provision to Bankruptcy Code governing protective orders, and thus,

4  agreement would be unsealed); In re Hemple, 295 B.R. 200, 203 (Bkrtcy.D.Vt.,2003) (Court

5  denied trustees motion's sealed motion to approve settlement agreement, finding that the Trustee

6  had not demonstrated that the filing of the settlement agreement falls within the articulated

7  exceptions to the Bankruptcy Code's general rule that all documents in a bankruptcy case be

8  available to the public). See also In Re Neal, 461 F.3d 1048, 1054 (8th Cir. 2006) ("In cases

9  analyzing § 107(b)(2), courts have repeatedly stated that injury or potential injury to reputation is

10  not enough to deny public access to court documents.")

11  　　　　In the instant case, there is no showing that the Sealed Documents either constitute such

12  materials, warrant any overriding compelling interest in public access to the Courts. Particularly

13  here, where the Court clearly advised counsel for the Trustee/Manager and PBTK that Court

14  approval of the settlement was not necessary and that the disclosure would not be an issue if the

15  parties were not seeking approval of the settlement of the motion under Rule 9019.

16  　　　　This Court should contrast this case to In Re Comdisco, 2006 WL 2375458  (N.D. Ill. 2006)

17  where the  District Court reversed the order of the bankruptcy court, ordering the liquidating trustee

18  to turnover settlement agreement it had entered into with a third party.  The Comdisco Court

19  ratified the legal proposition the presumption of disclosure attaches to documents filed in

20  bankruptcy cases, but specifically noted the settlement agreement was not filed with the bankruptcy

21  court, stating "We assume, by virtue of the separate proceedings, that the settlement agreement has

22  not been filed with the bankruptcy court, and that the bankruptcy judge played no role in settlement

23  negotiations. The Trustee could have sought the bankruptcy court's authorization of the settlement .

24  . . but it elected not to do so." Id. at 4.  Here the Trustee/Manager and PBTK chose to seek

25  approval of the settlement, notwithstanding the fact that the liquidating plan provided the

26  Trustee/Manager to settle without court approval, as specifically noted by this Court at the earlier

27  hearing on the Motion.

28

O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway • Las Vegas, Nevada 89101
Telephone (702) 382-2500 • Facsimile (702) 384-6266

1    Here the parameters of the Confidentiality Agreement, without unsealing the Sealed

2  Documents, would substantially prejudice the Petersens.  The Settlement Agreement and Sealed

3  Documents provide important information for use in the Petersens' litigation but, without unsealing

4  the motion, the Petersens would be required to destroy the Sealed Documents and would otherwise

5  be precluded from otherwise referencing the contents of the same.  Because the Sealed Documents

6  do not meet the limited parameters afforded to sealing of documents, with the bankruptcy court, the

7  Court should order the same unsealed.

8

9  **C.    The Court Should Continue the Hearing on the Motion to Allow All Parties in Interest**

10 **the Opportunity Order the Settlement Agreement and Accompanying Sealed Materials**

11 **Unsealed, Particularly Where the Movants Were Not Required to Seek Approval of the**

12 **Settlement**

13   As can be more particularly addressed at the hearing at the continued Motion, there are

14 significant concerns regarding the proposed settlement amount, the amount of the settlement

15 relative to the purported damages of USACM and the estimated total liability of PBTK, the total

16 amount of insurance available and the purported basis for the variance, and lack of information

17 provided with respect to the ability of PBTK to pay outside of insurance.  Because creditors and

18 parties in interest have not had the opportunity to review the settlement and its purported terms,

19 this Court should continue the matter and direct the Trustee/Manager to serve the Sealed

20 Documents under creditors and parties in interest.

21

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

Supplemental Response to Application to Compromise and Settle

III. **CONCLUSION**

For the foregoing reasons, the Court should unseal the Sealed Documents and continue the hearing to allow creditors and parties in interest to review the same and express any concerns with the proposed settlement.

DATED: December 22, 2008.                    **O'REILLY LAW GROUP, LLC**

By: /s/ Timothy R. O'Reilly
John F. O'Reilly, Esq.
Nevada Bar No. 1761
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 South Maryland Parkway
Las Vegas, Nevada 89101
Attorneys for Parties-in-Fact
Mary Petersen, Individually and as Trustee of the Mary Petersen Family Trust DTD 8/12/98; Michael Petersen, Individually and as Trustee of the Michael D. Petersen Family Trust DTD 8/12/98; Kathryn Petersen, Individually and as Trustee of the Kathryn L. Petersen Living Trust and the KLP Trust DTD 7/15/99

**BIENERT, MILLER, WEITZEL & KATZMAN**

By: /s/ Steven J. Katzman
Steven J. Katzman, Esq.
California Bar No. 132755
117 Avenida Miramar
San Clemente, California 92672
Telephone: (949) 369-3700
Facsimile: (949) 369-3701
E-Mail: skatzman@bmwklaw.com
Attorneys for Parties-in-Fact
Mary Petersen, Individually and as Trustee of the Mary Petersen Family Trust DTD 8/12/98; Michael Petersen, Individually and as Trustee of the Michael D. Petersen Family Trust DTD 8/12/98; Kathryn Petersen, Individually and as Trustee of the Kathryn L. Petersen Living Trust and the KLP Trust DTD 7/15/99

O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway • Las Vegas, Nevada 89101
Telephone (702) 382-2500 • Facsimile (702) 384-6266