**O'REILLY LAW GROUP, LLC**                                       **E-FILED 12/22/08**
John F. O'Reilly, Esq.
Nevada Bar No. 1761
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-2500
Facsimile: (702) 384-6266

Attorneys for Party-in Interest STANELY E. FULTON

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case Nos.: |
| | BK-S-06-10725-LBR |
| USA COMMERCIAL MORTGAGE | BK-S-06-10726-LBR |
| COMPANY, | BK-S-06-10727-LBR |
| | BK-S-06-10728-LBR |
| Debtor. | BK-S-06-10729-LBR |
| _____ | |
| In re: | JOINTLY ADMINSTERED |
| | Chapter 11 Cases |
| USA CAPITAL REALTY ADVISORS, LLC | |
| | Judge Linda B. Riegle |
| Debtor. | |
| _____ | **SUPPLEMENTAL RESPONSE TO THE** |
| In re: | **APPLICATION OF THE USACM** |
| | **LIQUIDATING TRUST TO COMPROMISE** |
| USA CAPITAL DIVERSIFIED TRUST | **AND SETTLE CONTROVERSIES WITH** |
| DEED FUND, LLC | **PIERCY, BOWLER, TAYLOR & KERN,** |
| | **PC; MEMORANDUM OF POINT AND** |
| Debtor. | **AUTHORITIES IN SUPPORT THEREOF** |
| _____ | |
| In re: | |
| | |
| USA CAPITAL FIRST TRUST DEED FUND, LLC | |
| | |
| Debtor. | |
| _____ | |
| In re: | |
| | |
| USA SECURITIES, LLC, | |

|   |   |
|---|---|
| 1 | ) |
| 2 | Debtor.                                    ) |
|   | _____ ) |
| 3 | Affects:                                   ) |
|   | ) |
| 4 | _X_ All Debtors                            ) |
|   | ___ USA Commercial Mortgage Company        ) |
| 5 | ___ USA Capital Realty Advisors, LLC       ) |
|   | ___ USA Capital Diversified Trust Deed Fund, ) |
| 6 | ___ LLC                                    ) |
|   | ___ USA Capital First Trust Deed Fund, LLC ) |
| 7 | ___ USA Securities, LLC                    ) |
| 8 | _____ ) |

Law Offices
O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway • Las Vegas, Nevada 89101
Telephone (702) 382-2500 • Facsimile (702) 384-6266

Party-in-Interest Stanley E. Fulton ("Mr. Fulton") submits the following supplemental response to the Application of Geoffrey Berman, Trustee ("Trustee") of the USACM Liquidating Trust (the "USACM Trust") and Michael Tucker, Manager ("Manager;" the Trustee and Manager are collectively referred to as the "Trustee/Manager"), of the USA Capital Diversified Trust Deed Fund, LLC ("DTDF") to Compromise and Settle Controversies (the "Motion") with Piercy, Bowler, Taylor & Kern PC ("PBTK"):

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. **INTRODUCTION**

At the initial hearing on the Motion, the Court extensively questioned counsel for the Trustee/Manager and PBTK on their failure to submit a copy of the proposed settlement agreement and propriety to rule on the Motion without reviewing a copy of the same. See Reporter's Transcript of Proceedings for November 18, 2008 ("RT 11/18/08") at 1-8, 10-12.[1] The Court specifically noted that the Trustee/Manager did not have to seek court approval of the Settlement, stating:

> "Now, if you don't insist on the bar order, there is no need as far as I'm concerned for this Court to approve it because the Liquidating Trust has the right to settle

---

[1] For the Court's convenience, a copy of the Reporter's Transcript of Proceedings for November 18, 2008 is attached as Exhibit "1."

agreements. You know, I'm not sure why. I mean, I understand Mr. Berman is wanting me to bless things, but I'm a little troubled by on one hand saying, all right, we have the absolute right to just settle things -- and that's part of the Trust -- and then coming back in here and saying that I've got to do it, but giving me no facts.... So you make a decision if you believe -- I don't think that I need to under 9019 approve the settlement because the trustee has that power without going through the Court."

See RT 11/18/08: 11, Line 16-12, Line 7.[2]  The Court further opined that "**If you want to give up the bar order, then you certainly can maintain your confidentiality** or you could put that in there and just wait when somebody else sues you, and you raise that as a defense I guess because I don't think there's any need for a Court to make a good-faith ruling." See RT 11/18/08: 12, Lines 8-12 (Emphasis Added).  Nevertheless, counsel requested the Court to continue the matter. See RT 11/18/08: 11-13.  The Court authorized the filing of the settlement agreement and related documentation under seal "subject to at the hearing **if I think something should be unsealed, then I'll let you know, and you can argue it**." See RT 11/18/08: 20, Lines 9-11. (Emphasis Added).

    Counsel for PBTK noted that parties who wished to review the settlement agreement have been required to execute a confidentiality agreement. See RT 11/18/08: 22, Line 16 – 23, Line 7. The Court, in response, stated that the confidentiality would not be an issue if the parties were not seeking approval of the settlement of the motion under Rule 9019. See RT 11/18/08: 23, Line 22 – 24, Line 10.  In response to the confidentiality request, counsel for Mr. Fulton specifically noted that it was asked to sign a confidentiality agreement and declined in order to not "taint our future ability to use the settlement agreement or the terms in an evidentiary form or for any purpose we thought was appropriate for our client." Mr. Fulton further reserved the right to address the issue at the continued hearing. See RT 11/18/08: 25, Lines 9-20.

    On December 10, 2008, counsel for the Trustee/Manager filed their supplemental filing in support of the Motion.  However, certain documentation was filed under seal, which appeared to

---

[2] In addition to the settlement agreement, the Court indicated that it needed information to evaluate PBTK's ability to pay outside insurance.  See RT 11/18/08: 14, Line 25 – 15 Line 1.

include an amended settlement agreement and declaration of Richard Bowler. <u>See</u> Supplemental filing in support of the Motion at Exhibits A and D (the "Sealed Documents"). Thereafter, commencing on December 13, 2008, counsel for Mr. Fulton repeatedly requested a copy of the sealed documents. <u>See</u> Declaration of Timothy O'Reilly ("O'Reilly Declaration"), filed in support of Supplemental Response at Para. 4. Finally, on December 18, 2008, notwithstanding the aforementioned comments of the Court and concerns raised by Mr. Fulton, counsel for the Trustee/Manager asserted that they would only provide a copy of the Sealed Documents if Mr. Fulton agreed to execute a confidentiality agreement, which was then first presented with a version designed to address the Sealed Documents on December 18, 2008. A copy of the confidentially agreement (the "Confidentiality Agreement") is attached as Exhibit "2." <u>See</u> "O'Reilly Declaration" at Para. 5. Counsel for Mr. Fulton, desirous to determine what was filed with the Court, executed the Confidentiality Agreement on December 19, 2008, but reserved the right to object to the terms of the Agreement, either at the settlement hearing currently scheduled for Tuesday, December 23 or in the future as deemed necessary. <u>See</u> "O'Reilly Declaration at Para. 5.

Thereafter, on December 19, 2008, counsel for Mr. Fulton was provided the Sealed Documents. <u>See</u> "O'Reilly Declaration" at Para. 6. The review of the Sealed Documents raised substantial questions: as to its sealed nature and the limitations of the Confidentiality Agreement; the amount of the settlement relative to the purported damages of USACM[3] and the estimated total liability of PBTK[4]; the total amount of insurance available and the purported basis for the variance and; the lack of information provided with respect to the ability of PBTK to pay outside of insurance. Given the contents of the Sealed Documents, Mr. Fulton believes that this information

---

[3] The Trustee has asserted that USACM sustained damages in excess of 70 million dollars. <u>See</u> Declaration of Geoffrey Berman, Exhibit "B" to the Third Supplemental Filing, at Para. 16.
[4] PBTK has claimed that allegations have been made that the value of the claims against PBTK exceed 30 million dollars. <u>See</u> Declaration of Richard Bowler, Exhibit "C" to the Third Supplemental Filing, at Para. 5.

is invaluable for his case.  Nevertheless, given the severe limitations of the Confidentiality Agreement, Mr. Fulton would be precluded from any use of the same.[5]

It now appears that although the Trustee/Manager is abandoning their request for the Bar Order, they are still seeking Court approval of the settlement, something the Court expressly has noted is not required.  Given the strong presumption of public access to the Courts, the content of the Sealed Documents, and the significant limitations imposed by the Confidentiality Agreement, this Court should order the Sealed Documents unsealed and continue the Motion to allow all parties in interest to freely comment upon the contents of the same, particularly the settlement terms and conditions in relation to the available insurance proceeds.

## II. THE COURT SHOULD ORDER THE SEALED DOCUMENTS UNSEALED

### A. There Exists a Strong Presumption to Public Access to records in Bankruptcy Cases.

There exists a long standing presumption in favor of access to public records in bankruptcy proceedings.  In re FiberMark, Inc., 330 B.R. 480, 505 (Bkrtcy.D.Vt. 2005); In re General Homes Corp., 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995). The preference for public access is rooted in the public's First Amendment right to know about the administration of justice. In re Orion Pictures, Corp., 21 F.3d 24, 26 (2nd Cir. 1994). It also safeguards the integrity of the judicial system. Id. (citations omitted).  "Federal courts have long recognized the strong common law presumption in favor of public access to court proceedings and records." In re General Homes Corp., 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) (citing e.g., Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978)). That presumption is codified in § 107(a) of the Bankruptcy Code, which provides: "a paper filed in a [bankruptcy case] and the dockets of a bankruptcy court are public

---

[5] The Confidentiality Agreement limits its use to evaluation of the settlement motion only (See Confidentiality Agreement at Para 3, 5) and requires destruction of the Sealed Documents (See Confidentiality Agreement at Para 4. "Within ten (10) days of the Bankruptcy Court's ruling on the Motion, the Requesting Party will delete any electronic copies and destroy any physical copies of the Settlement Agreement and the related Declaration.").

records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a). "This policy of open inspection, codified generally in § 107(a) of the Bankruptcy Code, evidences Congress's strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings." In re FiberMark, Inc., 330 B.R. at 505.

The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter. 11 U.S.C. § 107(b); In re General Homes Corp., 181 B.R. at 903. However, in order to use its discretionary authority to limit public access to papers, the court must specifically find that the interest of secrecy outweighs the presumption in favor of access. In re Continental Airlines, 150 B.R. 334 (D.Del.1993). Moreover, if the documents sought to be protected do not fall into one of the enumerated exceptions in § 107(b), it must be open to public inspection. In re Food Mgmt Group, LLC, 359 B.R. 543, 554 (Bankr. S.D.N.Y 2007). "If the § 107(b) exceptions do not apply, the inquiry is complete and the Court's decision will favor public access." In re FiberMark, Inc., 330 B.R. at 506. Any limitation on the public's right of access must be viewed as an extraordinary measure that is warranted only under rare circumstances. In re Analytical Systems, Inc., 83 B.R. 833, 835 (Bankr. N.D. Ga. 1987).

**B.    The Court Should Order the Settlement Agreement and Accompanying Sealed Materials Unsealed, Particularly Where the Movants Were Not Required to Seek Court Approval of the Settlement**.

Courts routinely have found that settlement agreements do not constitute the material warranting the protections of § 107(b). See In re Analytical Systems, Inc., 83 B.R. at 835 (Settlement agreement entered into between debtor and creditor contained no trade secrets or confidential research, development, or commercial information, or any scandalous or defamatory matters within meaning of provision to Bankruptcy Code governing protective orders, and thus, agreement would be unsealed); In re Hemple, 295 B.R. 200, 203 (Bkrtcy.D.Vt.,2003) (Court

denied trustees motion's sealed motion to approve settlement agreement, finding that the Trustee had not demonstrated that the filing of the settlement agreement falls within the articulated exceptions to the Bankruptcy Code's general rule that all documents in a bankruptcy case be available to the public). See also In Re Neal, 461 F.3d 1048, 1054 (8th Cir. 2006) ("In cases analyzing § 107(b)(2), courts have repeatedly stated that injury or potential injury to reputation is not enough to deny public access to court documents.")

In the instant case, there is no showing that the Sealed Documents either constitute such materials, warrant any overriding compelling interest in public access to the Courts. Particularly here, where the Court clearly advised counsel for the Trustee/Manager and PBTK that Court approval of the settlement was not necessary and that the disclosure would not be an issue if the parties were not seeking approval of the settlement of the motion under Rule 9019.

This Court should contrast this case to In Re Comdisco, 2006 WL 2375458 (N.D. Ill. 2006) where the District Court reversed the order of the bankruptcy court, ordering the liquidating trustee to turnover settlement agreement it had entered into with a third party. The Comdisco Court ratified the legal proposition the presumption of disclosure attaches to documents filed in bankruptcy cases, but specifically noted the settlement agreement was not filed with the bankruptcy court, stating "We assume, by virtue of the separate proceedings, that the settlement agreement has not been filed with the bankruptcy court, and that the bankruptcy judge played no role in settlement negotiations. The Trustee could have sought the bankruptcy court's authorization of the settlement . . . but it elected not to do so." Id. at 4. Here the Trustee/Manager and PBTK chose to seek approval of the settlement, notwithstanding the fact that the liquidating plan provided the Trustee/Manager to settle without court approval, as specifically noted by this Court at the earlier hearing on the Motion.

Here the parameters of the Confidentiality Agreement, without unsealing the Sealed Documents, would substantially prejudice Mr. Fulton. The Settlement Agreement and Sealed Documents provide important information for use in the Fulton litigation but, without unsealing the motion, Mr. Fulton would be required to destroy the Sealed Documents and would otherwise be precluded from otherwise referencing the contents of the same. Because the Sealed Documents do

1 not meet the limited parameters afforded to sealing of documents, with the bankruptcy court, the
2 Court should order the same unsealed.

### C. The Court Should Continue the Hearing on the Motion to Allow All Parties in Interest the Opportunity to Receive the Document by Ordering the Settlement Agreement and Accompanying Sealed Materials Unsealed, Particularly Where the Movants Were Not Required to Seek Approval of the Settlement

As can be more particularly addressed at the hearing at the continued Motion, there are significant concerns regarding the proposed settlement amount, the amount of the settlement relative to the purported damages of USACM and the estimated total liability of PBTK, the total amount of insurance available and the purported basis for the variance, and lack of information provided with respect to the ability of PBTK to pay outside of insurance. Because creditors and parties in interest have not had the opportunity to review the settlement and its purported terms, this Court should continue the matter and direct the Trustee/Manager to serve the Sealed Documents under creditors and parties in interest.

### III. CONCLUSION

For the foregoing reasons, the Court should unseal the Sealed Documents and continue the hearing to allow creditors and parties in interest to review the same and express any concerns with the proposed settlement.

DATED: December 22, 2008.        **O'REILLY LAW GROUP, LLC**

By: /s/ Timothy R. O'Reilly
John F. O'Reilly, Esq.
Nevada Bar No. 1761
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 South Maryland Parkway
Las Vegas, Nevada 89101
Attorneys for Party-in-Interest
STANLEY E. FULTON

Law Offices
O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway • Las Vegas, Nevada 89101
Telephone (702) 382-2500 • Facsimile (702) 384-6266