**LEWIS AND ROCA LLP**
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: JHindera@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 12/22/2008

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>USA Capital Realty Advisors, LLC,[1]<br><br>USA Capital Diversified Trust Deed Fund, LLC,<br><br>USA Capital First Trust Deed Fund, LLC,[2]<br><br>USA Securities, LLC,[3]<br><br>                           Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**MOTION TO FURTHER EXTEND DEADLINE TO FILE OBJECTION TO ALLOWANCE OF CLAIMS (with Certificate of Service)**<br><br>Date: January 22, 2009<br>Time: 9:30 a.m. |

      The USACM Liquidating Trust (the "USACM Trust") by Lewis and Roca LLP, its counsel, moves this Court for an order pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rules 3007 and 9006(b)(1) enlarging the deadline for filing objections to allowance of

---

[1] This bankruptcy case was closed on September 23, 2008.

[2] This bankruptcy case was closed on October 12, 2007.

[3] This bankruptcy case was closed on December 21, 2007.

1998704.1

claims, and in particular unsecured claims, for an additional 120 days from February 9, 2009 to June 9, 2009. This Motion is based upon the following Memorandum of Points and Authorities and is supported by the Court's record and the declarations of Edward M. Burr and John Hinderaker filed this date. The USACM Trust still does not have access to information about the resolution of over ___ loans. Therefore, it has been unable to value the claims associated with those loans and make objections accordingly.

**MEMORANDUM**

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as modified herein [DE 2376]. Notice of Entry of the Confirmation Order was filed on January 9, 2007, and served on January 11 and 12, 2007 [DE 2387].

There is no deadline for claims objections after plan confirmation under either the Bankruptcy Code or Rules. However, Section VII A.1 Objection to Claims of the Plan provides:

> Unless otherwise extended by the Court, objections to the allowance of Claims and Equity Interests shall be filed and served upon the entities asserting such Claims or Equity Interests as follows: (A) for any and all Claims and Equity Interests to which the General Bar Date applies, ninety (90) days after the Effective Date….

Accordingly, the deadline to file an objection to such Claim was 90 days after the Effective Date of March 12, 2007, or June 10, 2007. The Court extended the deadline to October 9, 2007, after a hearing [DE 4097]. The Court extended the deadline to October 15, 2007, by a bridge order after a hearing on August 23, 2007 [DE 4625]. On October 11, 2007, the Court entered an order [DE 4971] extending the deadline to February 12, 2008. On January 22, 2008, the Court entered an order [DE 5709] extending the deadline to June 12, 2008. On May 13, 2008, the Court entered an order [DE 6347] extending the deadline to October 10, 2008. On December 2, 2008, the Court entered an order [DE 6636] extending the deadline to February 9, 2009.

1998704.1

LEWIS AND ROCA LLP
LAWYERS

## I. PROOFS OF CLAIM AND CLAIMS OBJECTIONS

### A. Overview

To date there have been seven administrative claims filed totaling $2,016,499.08; 103 priority claims filed totaling $7,751,955.91; 1,676 secured claims filed totaling $297,052,436.44; 1232 unsecured claims filed totaling $627,644,519.30; and 79 unknown claims filed totaling $649,390.57. Additional claims were scheduled by Debtors.

### B. Objections

To date, the Trust has filed:

- Objections to 1667 secured claims that have been sustained and reclassified as unsecured in aggregate of $296,160,362.79.
- Objections to 76 priority claims that have been sustained and reclassified as unsecured in aggregate of $5,122,243.
- One objection to the status of an administrative claim totaling $14,248 that has been sustained and reclassified as unsecured.
- Objections to 66 "Wrong Debtor" claims in the amount of $12,098,062. All but one of those objections were sustained or a stipulation withdrawing the subject claim was approved;
- Objections to three claims not enforceable against USACM in the amount of $75,503,580; one of these claims totaling $12,841,680 remains unresolved.
- Objections to 147 claims for lack of documentation in the amount of $19,708,808; 23 of these objections to claims totaling $1,920,750 were withdrawn due to claimants sending in sufficient supporting document and 124 objections were sustained totaling $17,788,058.
- Objections to 34 claims on miscellaneous grounds in the amount of $39,394,064. Two of these objections were sustained totaling $3,502,383; 17 objections have stipulated withdrawals totaling $4,884,078; 5 claims

1998704.1

totaling $6,416,532 have orders allowing the claim; and ten objections totaling $24,591,071 are unresolved.

- A total of 806 objections to Direct Lenders claims in the amount of $60,980,695, principally on loans paid in full by the borrowers. The Court has sustained these objections or the claimants have agreed that they are not making a claim based upon the paid loan in question, with the exception of the Persevere at Galleria objection which will be heard on January 22, 2009.
- A stipulation has been executed and an order signed which provides for the disallowance of the Spectrum and Weddell proofs of claim in the amount of $125,000,000.

The Trust prosecuted objections to claims, including the Loans known as Hasley Canyon; Fiesta Beaumont $2.4 million; Ashby Financial Company $7,200,000; Glendale Tower Partners, LLC; Golden State Investments II; 5252 Orange, LLC; Midvale Market Place, LLC; Urban Housing Alliance – 435 Lofts Loan; Boise/Gowen 93, LLC; LCG Gilroy, LLC; J Jireh's Corporation; One Point Street, LLC – HFA North Yonkers; Goss Road Loan; Elizabeth May Real Estate Loan; Slade Development; Wasco Investments, LLC; I-40 Gateway West, LLC 2nd; Cottonwood Hills, LLC; Standard Property Development, LLC; and Palm Springs Marquis Hotel. The Trust has other adversary proceedings pending that constitute claims objections.

Further, as the Trust has received information from claimants, it has entered into stipulations for the allowance and disallowance of priority and unsecured claims. Conversely, some claimants have stipulated to either withdraw their claims or have them reclassified as unsecured claims upon discussion with the USACM Trust's counsel.

The remaining direct lender claims relate to loans that (1) fully performed, but involve diverted principal; (2) partially performed; (3) are non-performing or still outstanding. The extent to which those loans perform and/or the direct lenders may be

LEWIS AND ROCA LLP LAWYERS

compensated from the sale of collateral securing the loans has a major impact on the amount of the claims. The Trustee is handling these claims on a loan by loan basis.

Not all of the claims objections can be resolved through motions. The Court has ordered that the Trust's objection to claim 1366 of Los Valles Land & Golf, LLC be consolidated with a related adversary proceeding filed by the Trust against Los Valles and its guarantor, Dan S. Palmer, Jr.

USACM Trust has 99 direct lender loans on record for which investors have filed a proof of claim asserting money owed. To date USACM Trust has objected to proofs of claims based on 27 of these loans for having been repaid in full. There are 3 additional paid in full loans that also have amounts scheduled for unremitted principal. USACM Trust will soon be objecting to the proofs of claims based on these loans. USACM Trust will object to the difference between the amount asserted on the proof of claim and the predetermined amount allowed as an unsecured claim for the subject loan. There will be an additional 69 direct lender loans outstanding after these loans are resolved, the majority of these loans are being serviced by Compass Financial. USACM Trust has been unable to obtain the status of these outstanding loans from Compass Financial and thus has not started evaluating the claims associated with these loans.

All of the direct lender claims have been sorted on a loan by loan basis; USAM Trust will begin to work through the direct lender claims, as information becomes available from Compass, to see if there is a valid basis for a claim, and if so, in what amount. The USACM Trust is trying not to file an objection to any claim on a particular direct loan until it is prepared to meet and confer with all of the claimants on that loan under the alternative dispute resolution mechanism provided by the Plan.

There are a limited number of non-direct lender claims that USACM Trust may still object to. USACM Trust is attempting to resolve these without bringing objections, but may be unable to do so, in which case it will file objections.

5

LEWIS AND ROCA LLP LAWYERS

## II.   DISCUSSION

This Court has previously considered and granted, after notice, and without opposition, extensions of the Plan's deadline for claim objections under Bankruptcy Rule 9006(b)(1), provides that except as otherwise provided by the Rule:

> when an act is required or allowed to be done at or within a specified period by the rules or by a notice given thereunder or by order of court, the court for cause shall at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect.

This request is supported by good cause.  Nothing in the Plan prohibits the Court from extending the deadline for objecting to claims.  The previous extension have all been granted without prejudice to further extensions.  The Trust has been requesting only 120 day extensions so that the Court could monitor the claims process.  The other direct lender claims to which the Trustee has yet to object relate to loans that (1) fully performed, but involve diverted principal; (2) partially performed; (3) are non-performing or still outstanding.  The extent to which those loans perform and/or the direct lenders may be compensated from the sale of collateral securing the loans has a major impact on the amount of the claims.  The Trustee is handling these claims on a loan by loan basis.  There are also some non-direct lender claims to which the Trust may object.

Moreover, as to most of the outstanding loans, Compass (or its successors) and the USACM Trust (Placer Vineyards) are still attempting to collect on those loans, and, therefore, it is difficult, if not impossible, to accurately value the claims at this time.

For all of these reasons, the USACM Trust believes it needs more than 120 days to complete its review of the claims and file objections, but asks only for 120 days now, so that the Court can continue to monitor the claims resolution process.

LEWIS AND ROCA LLP
LAWYERS

### III. CONCLUSION

The USACM Trust requests that the Court enter its order further extending the deadline to file objections to allowance of claims until June 10, 2009, without prejudice to an additional extension.

Dated: December 22, 2008.

**LEWIS AND ROCA LLP**

By /s/ JH (#018024)
　　Susan M. Freeman, AZ 4199 (pro hac vice)
　　Rob Charles, NV 6593
　　John Hinderaker, AZ 18024 (pro hac vice)
*Attorneys for USACM Liquidating Trust*

Proof of service

Copy of the foregoing posted on the USACM Liquidating Trust website and served on December 22, 2008 via email, where an email address is listed, or by first class mail, postage prepaid U.S. Mail, addressed to:

All parties in interest listed on the Post Effective Date Service List on file with the Court


  /s/Carrie Lawrence
Lewis and Roca LLP