**LEWIS AND ROCA LLP**
**LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: JHindera@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 12/22/2008

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>USA Capital Realty Advisors, LLC,[1]<br><br>USA Capital Diversified Trust Deed Fund, LLC,<br><br>USA Capital First Trust Deed Fund, LLC,[2]<br><br>USA Securities, LLC,[3]<br>         Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**DECLARATION OF EDWARD M. BURR IN SUPPORT OF MOTION TO FURTHER EXTEND DEADLINE TO FILE OBJECTION TO ALLOWANCE OF CLAIMS; AND CERTIFICATE OF SERVICE**<br><br>Date: January 22, 2009<br>Time: 9:30 a.m. |

I Edward M. Burr, hereby declare under penalty of perjury that:

I am a principal with Sierra Consulting Group, LLC ("Sierra").

---

[1] This bankruptcy case was closed on September 23, 2008.

[2] This bankruptcy case was closed on October 12, 2007.

[3] This bankruptcy case was closed on December 21, 2007.

2003963.1

LEWIS AND ROCA LLP
LAWYERS

1. I submit this declaration on behalf of the Motion to Further Extend Deadline to File Objection to Allowance of Claims (the "Motion") [DE 6582] filed by the USACM Liquidating Trust (the "USACM Trust"), as successor to USA Commercial Mortgage Company ("USACM").

2. Sierra previously served as financial adviser to the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company ("Committee").

3. I assisted the Committee in analyzing facts concerning these jointly administered bankruptcy cases, including scheduled liabilities and proofs of claim. The Committee ceased to exist on March 12, 2007, the Effective Date of the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization ("Plan"), and I am now assisting the USACM Liquidating Trust ("USACM Trust") created under the Plan.

4. I make the following declaration based upon my personal knowledge, and upon the records of the Debtors and the USACM Trust described in this declaration.

5. I understand that under the Plan as modified by the Confirmation Order, the deadline for interested parties to object to Allowance of Claims and Equity Interests was 90 days after the Effective Date, or June 10, 2007. That deadline was further extended to October 9, 2007 by a June 29, 2007 order [DE 4097] after a hearing held on June 22, 2007. The deadline was further extended to October 15, 2007 by a bridge order that was approved at a hearing held on August 23, 2007 [DE 4625]. On October 11, 2007, the Court entered an order [DE 4971] extending the deadline to February 12, 2008. On January 22, 2008, the Court entered an order [DE 5709] extending the deadline to June 12, 2008. On May 13, 2008, the Court entered an order [DE 6347] extending the deadline to October 10, 2008. On December 2, 2008, the Court entered an Order [DE 6636] extending the deadline to February 9, 2009.

6. To date there have been seven administrative claims filed totaling $2,016,499.08; 103 priority claims filed totaling $7,751,955.91; 1,676 secured claims filed totaling

2003963.1

$297,052,436.44; 1232 unsecured claims filed totaling $627,644,519.30; and 79 unknown claims filed totaling $649,390.57. Additional claims were scheduled by Debtors.

To date, the Trust has filed:

- Objections to 1667 secured claims that have been sustained and reclassified as unsecured in aggregate of $296,160,362.79.

- Objections to 76 priority claims that have been sustained and reclassified as unsecured in aggregate of $5,122,243.

- One objection to the status of an administrative claim totaling $14,248 that has been sustained and reclassified as unsecured.

- Objections to 66 "Wrong Debtor" claims in the amount of $12,098,062. All but one of those objections were sustained or a stipulation withdrawing the subject claim was approved;

- Objections to three claims not enforceable against USACM in the amount of $75,503,580; one of these claims totaling $12,841,680 remains unresolved.

- Objections to 147 claims for lack of documentation in the amount of $19,708,808; 23 of these objections to claims totaling $1,920,750 were withdrawn due to claimants sending in sufficient supporting document and 124 objections were sustained totaling $17,788,058.

- Objections to 34 claims on miscellaneous grounds in the amount of $39,394,064. Two of these objections were sustained totaling $3,502,383; 17 objections have stipulated withdrawals totaling $4,884,078; 5 claims totaling $6,416,532 have orders allowing the claim; and ten objections totaling $24,591,071 are unresolved.

- A total of 806 objections to Direct Lenders claims in the amount of $60,980,695, principally on loans paid in full by the borrowers. The Court has sustained these objections or the claimants have agreed that they are not

2003963.1

making a claim based upon the paid loan in question, with the exception of the Persevere at Galleria objection which will be heard on January 22, 2009.

- A stipulation has been executed and an order signed which provides for the disallowance of the Spectrum and Weddell proofs of claim in the amount of $125,000,000.

The Trust prosecuted objections to claims, including the Loans known as Hasley Canyon; Fiesta Beaumont $2.4 million; Ashby Financial Company $7,200,000; Glendale Tower Partners, LLC; Golden State Investments II; 5252 Orange, LLC; Midvale Market Place, LLC; Urban Housing Alliance – 435 Lofts Loan; Boise/Gowen 93, LLC; LCG Gilroy, LLC; J Jireh's Corporation; One Point Street, LLC – HFA North Yonkers; Goss Road Loan; Elizabeth May Real Estate Loan; Slade Development; Wasco Investments, LLC; I-40 Gateway West, LLC 2nd; Cottonwood Hills, LLC; Standard Property Development, LLC; Meadow Creek Partners; I-40 Gateway West; Gateway Stone; and Palm Springs Marquis Hotel.  The Trust has other adversary proceedings pending that constitute claims objections.

Further, as the Trust has received information from claimants, it has entered into stipulations for the allowance and disallowance of priority and unsecured claims.  Conversely, some claimants have stipulated to either withdraw their claims or have them reclassified as unsecured claims upon discussion with the USACM Trust's counsel.

The remaining direct lender claims relate to loans that (1) fully performed, but involve diverted principal; (2) partially performed; (3) are non-performing or still outstanding.  The extent to which those loans perform and/or the direct lenders may be compensated from the sale of collateral securing the loans has a major impact on the amount of the claims.  The Trustee is handling these claims on a loan by loan basis.

Not all of the claims objections can be resolved through motions.  The Court has ordered that the Trust's objection to claim 1366 of Los Valles Land & Golf, LLC  be

2003963.1

consolidated with a related adversary proceeding filed by the Trust against Los Valles and its guarantor, Dan S. Palmer, Jr.

USACM Trust has 99 direct lender loans on record for which investors have filed a proof of claim asserting money owed. To date USACM Trust has objected to proofs of claims based on 27 of these loans for having been repaid in full. There are 3 additional paid in full loans that also have amounts scheduled for unremitted principal. USACM Trust is intending on objecting to the proofs of claims based on these loans, USACM Trust will be objecting to the difference between the amount asserted on the proof of claim and the predetermined amount allowed as an unsecured claim for the subject loan. There will be an additional 69 direct lender loans outstanding after these loans are resolved, the majority of these loans are being serviced by Compass Financial. USACM Trust has been unable to obtain the status of these outstanding loans from Compass Financial.

All of the direct lender claims have been sorted on a loan by loan basis; USAM Trust will begin to work through the direct lender claims, as information becomes available from Compass, to see if there is a valid basis for a claim, and if so, in what amount. The USACM Trust is trying not to file an objection to any claim on a particular direct loan until it is prepared to meet and confer with all of the claimants on that loan under the alternative dispute resolution mechanism provided by the Plan.

I make this declaration under penalty of perjury of the laws of the United States of America on December 22, 2008.

By /s/ *Edward M. Burr*
Edward M. Burr

2003963.1

LEWIS AND ROCA LLP
LAWYERS

Copy of the foregoing served on December 22, 2008, via e-mail or first class postage prepaid U.S. Mail to all parties listed on the Post Effective Date Service List on file with this Court:

 /s/ Carrie Lawrence
Carrie Lawrence
Lewis and Roca LLP

6

2003963.1