E-Filed on 12/22/2008

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
P. Jason Collins, TX State Bar No. 24040711
Email: jcollins@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>                      Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>                      Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>                      Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>                      Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br><br>                      Debtor. | **SUPPLEMENTAL REPLY IN SUPPORT OF APPLICATION TO COMPROMISE AND SETTLE CONTROVERSIES WITH PIERCY, BOWLER, TAYLOR & KERN, PC**<br><br>**Hearing Date:  December 23, 2008**<br>**Hearing Time: 11:00 a.m.** |
| Affects:<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |

Geoffrey Berman ("Berman" or the "Trustee"), Trustee of the USACM Liquidating Trust (the "USACM Trust") and Michael Tucker ("Tucker" or the "Manager"), Manager of the USA Capital Diversified Trust Deed Fund, LLC ("DTDF") hereby file this response in support of their Application to Compromise and Settle Controversies with Piercy, Bowler, Taylor & Kern, PC (the "Motion"). Mary Petersen, et. al ("Petersen") and Stanley Fulton ("Fulton") have filed an

untimely Supplemental Response to the Motion ("Supplemental Response"), requesting not that this Court deny the Motion, but rather that the Settlement Agreement, the Amendment thereto, and the Bowler Declaration (the "Settlement Documents") be unsealed. For the reasons set forth below, this Court should grant the Motion and deny Petersen and Fulton's request to unseal the Settlement Documents.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Petersen and Fulton filed their Supplemental Response with the Court in an attempt to highjack this 9019 proceeding and conduct discovery for their adversary proceedings. Petersen and Fulton's filings are untimely, and for purposes of the hearing on the Motion, should be ignored pursuant to the local rules. Moreover, Petersen and Fulton have received copies of the Settlement Documents, which leaves them without standing and renders their arguments moot. This inappropriately titled Supplemental Response is actually a Motion to Unseal which is nothing more than an attempt to seek discovery for their adversary proceedings. Petersen and Fulton have made their intentions clear throughout the 9019 process, and further evidence their intentions by failing to cite a single case suggesting that the 9019 Motion should not be granted.

On its face, these Supplemental Responses are inappropriate, and will only serve to run the meter on legal fees for Petersen, Fulton, the USACM Trust, and DTDF. This proceeding is not the appropriate venue for resolving discovery disputes related to a separate adversary proceeding, and as such, the Court should disregard the Petersen and Fulton responses as irrelevant to the issue before the court—whether this settlement is fair and equitable to USACM Trust and DTDF.

## I. The Settlement is Fair and Equitable and Should be Approved

Petersen and Fulton's conclusory argument that the settlement agreement should not be approved ignores the weight of the evidence in favor of approval. As a token attempt at challenging the propriety of the settlement, Petersen and Fulton stated that the Settlement Documents "raised substantial questions[] as to. . . the amount of the settlement relative to the purported damages of USACM and the estimated total liability of PBTK; the total amount of insurance available and the purported basis for the variance; [and] the lack of information provided with respect to the ability of PBTK to pay outside of insurance." Petersen Supplemental Response, page 4-5; Fulton Supplemental response, page 4. This statement both begins and ends Petersen and Fulton's inquiry, as neither can articulate any reason that this settlement should not be approved.

Under applicable 9th circuit precedent, the bankruptcy court must consider several factors in determining approving settlement, including "the difficulties, if any, to be encountered in the matter of collection." *In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986). Of all the relevant inquiries, this is the most important given that: (a) USA Commercial Mortgage Company ("USACM") alone suffered over $70 million in damages; and (b) PBTK has limited assets to provide for any meaningful recovery. According to PBTK, "a judgment in excess of the applicable insurance coverage provided by the malpractice insurance carrier for PBT&K would be financially disastrous" and "[o]ther than insurance assets, PBT&K and its principals do not have the financial capacity, through insurance or otherwise, to pay a judgment that the trustees might recover against it on the relevant claims." Bowler Declaration, Exhibit C to 12/10/2008 Supplement, ¶¶ 5-6. Bowler also states that "PBT&K would not be in any position to fund any judgment in excess of the aforesaid insurance" because "there are minimal assets available from

PBT&K that would be available to satisfy any judgment." Bowler Declaration, Exhibit C to 12/10/2008 Supplement, ¶¶6-7.

Petersen and Fulton appear to ignore these facts, urging the estates to expend further assets while providing no additional source or likelihood for increased recoveries. By there nature, the PBTK claims are complex and would require a large expenditure of funds related to expert witness fees and document production costs. Berman Declaration, Exhibit B to 12/10/2008 Supplement, ¶12. However, even if the USACM Trust pursued its claims to judgment and collection, it would never receive more than the total value of the insurance given PBTK's limited assets. Petersen and Fulton essentially argue that the USACM Trust and DTDF should continue to litigate the PBTK claims, despite the fact that doing so would only serve to reduce the amount ultimately recovered. For this reason, the Court should disregard Petersen and Fulton's arguments and approve the Motion.

**II.     Petersen and Fulton's Objections are Untimely Under the Local Rules**

Petersen and Fulton continued their pattern of ignoring local rules to the great prejudice of opposing parties by filing their Supplemental Response the day before the scheduled hearing. Petersen and Fulton were required to file their response to the Motion and supplemental filings "no later than five (5) business days before the hearing, unless the court orders otherwise." LR-9014(d)(1). Despite the fact that Petersen and Fulton knew that the Supplemental Documents were filed under seal on December 10, 2008, they waited twelve days to file their Supplemental Response, asking this Court to unseal the documents. This amounts to nothing more than gamesmanship—Petersen and Fulton wanted to blind-side the USACM Trust and DTDF, allowing no time to respond to the request to unseal the documents.

1　　　　"If no response or opposition is filed within the time required by [the local rules], the

2　matter will be deemed unopposed, the court may enter an order granting the relief requested in

3　the motion without further notice and without a hearing, and no appearance need be made." LR-

4　9014(d)(3).  Because Petersen and Fulton failed to file their Supplemental Response timely, this

5　Court should deem the Motion unopposed and grant the Motion.

### III.　Petersen and Fulton Lack Standing to Argue the Documents Should Be Unsealed, Because They Received a Copy of the Settlement Documents

8　　　　Additionally, Petersen and Fulton seek relief that was mooted when they received a copy

9　of the very documents that they want unsealed.  Petersen and Fulton, through their counsel, have

10　received a copy of the Settlement Documents, and therefore, have no standing to complain of

11　prejudice.  For purposes of the hearing on this Motion, Petersen and Fulton are fully apprised of

12　the facts and possess the relevant documents in order to fashion any objection they may have.

13　　　　Petersen and Fulton come before this Court arguing that this proceeding should be further

14　delayed, at continuing cost to the USACM Trust, DTDF, and their beneficiaries, "[b]ecause

15　creditors and parties in interest have not had the opportunity to review the settlement and its

16　purported terms."  Petersen Supplemental Response, page 8; Fulton Supplemental Response,

17　page 7.  Neither Petersen nor Fulton have standing to argue on behalf of "creditors and parties in

18　interest" other than themselves, and given that they have received the Settlement Documents,

19　they have no standing to argue prejudice at this proceeding.  All creditors and parties in interest

20　were noticed of this proceeding and have had the opportunity to request and receive a copy of the

21　settlement agreement upon execution of a confidentiality agreement.  *See* Verified Certificate of

22　Mailing at Docket Entry No. 6587.  Thus, it appears as though Petersen and Fulton are seeking

an unwanted remedy on behalf of unknown parties solely to frustrate and delay these proceedings. The Court should reject this type of gamesmanship.

**IV.   Petersen and Fulton Have Improperly Characterized a Motion to Unseal as a Supplemental Response to the Motion**

Moreover, Petersen and Fulton's Supplemental Response is procedurally improper as a disguised motion. Their entire objection revolves around unsealing documents rather than objecting to the settlement as unfair to the estates. Seemingly recognizing this issue, Petersen and Fulton attempt to side step this issue by mentioning the settlement in the introduction to their Supplemental Responses. However, a cursory glance at the substantive argument unveils this cursory attempt at legitimacy. The bodies of those Supplemental Responses contain only one heading and substantive argument: "The Court Should Order the Sealed Documents Unsealed." Petersen Supplemental Response, page 5; Fulton Supplemental Response, page 5. This argument, if made at all, should have been made through a motion to unseal the documents separate and apart from the proceedings surrounding the Motion. On its face, the Supplemental Response shows no basis for this Court to deny the Motion, and as such, this Court should approve the settlement with PBTK and require Petersen and Fulton to comply with applicable rules for any future motions.

**V.   This Hearing is Not the Appropriate Forum to Resolve Discovery Disputes**

The Supplemental Response is no more than a blatant effort to side-step the bounds Federal Rule of Civil Procedure 34. Petersen and Fulton's counsel have both reviewed the Settlement Documents, and therefore have all sufficient information necessary to object to the Motion. However, they filed the Supplemental Response as part of an effort to unseal

documents already in their possession for use in a separate adversary proceeding. This Court should deny their attempted abuse of this process and force Petersen and Fulton to comply with the Federal Rules of Civil Procedure in connection with all future discovery requests.

The hearing on the Motion is not the appropriate time or place to conduct discovery for a separate proceeding, and therefore, this Court should deny Petersen and Fulton's request to unseal the Settlement Documents. Bankruptcy courts have repeatedly denied attempts to circumvent the Federal Rules through Bankruptcy procedures. For example, the "pending proceeding rule" prevents parties from using Rule 2004 exams to usurp the narrower rules related to adversary proceedings and other litigation. *E.g., In re Int'l Fibercom, Inc.*, 283 B.R. 290, 232 (Bankr. D. Ariz. 2002); *In re French*, 145 B.R. 991, 992-93 (Bankr. D.S.D. 1992)("If a contested matter or adversary proceeding is pending, Rule 2004 should not be used, but, rather, the various discovery provisions of the Federal Rules of Civil Procedure should apply."). Inexplicably, Petersen and Fulton have elected to ignore the procedures available to them through the Federal Rules to conduct discovery in their separate proceeding, and instead attempt to seek discovery through the Motion and related hearing.

Petersen and Fulton have never attempted to disguise their attempts to circumvent the applicable discovery rules. During the November 18, 2008 hearing, Petersen and Fulton set forth the reasoning for their requests for the Settlement Agreement, stating that they refused to sign any confidentiality agreement because "We did not want to taint our future ability to use the settlement agreement or the terms in an evidentiary form or for any purpose we thought was appropriate for our client." Transcript 11/18/2008, page 25, lines 13-15. In their most recent filing, Petersen further clarified this basis for seeking to obtain the documents, stating that "the Petersens believe that this information is invaluable for their case." Petersen further states that

leaving the seal in place "would substantially prejudice the Petersens" because "[t]he Settlement Agreement and Sealed Documents provide important information for use in the Petersens' litigation." Petersen Supplemental Response, page 8; Fulton Supplemental Response, page 7.

Petersen and Fulton's objections and argument to unseal the documents could and should be resolved through Rule 34 requests accompanied by appropriate protective orders. To date, both Petersen and Fulton have ignored this possibility, instead arguing that confidential settlement information should be fully disclosed to the public. Petersen and Fulton's attempt to publicly disclose this information is harassing, unwarranted, violates applicable rules for discovery, and as such, should be denied.

**VI.    The Settlement Agreement Should Remain Sealed**

Section 107(b) of the Bankruptcy Code and Rule 9018 both allow the submission of certain confidential commercial information under seal. *See Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (recognizing that "[i]n the bankruptcy area . . . Congress has established a special rule for trade secrets and confidential research, development and ***commercial information***") (emphasis added). According to Section 107:

> "(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ."

As recognized in *Orion*, if the information sought to be sealed "fits any of the specified categories, the court is required to protect a requesting interested party . . . ." *In re Orion*

*Pictures Corp.*, 21 F.3d at 27.  The Settlement Documents are commercial information that should be afforded protection.

The Settlement Documents contain information that the USACM Trust, DTDF, and PBTK consider to be confidential commercial information that would harm PBTK in the marketplace if it was revealed publicly.  Unsealing the Settlement Documents would do irreparable harm to PBTK.

Though not precedent, the unreported California case *JMS Automotive Rebuilders, Inc. v. Neilson* is of particular interest because of the factual similarity to this case.  In *JMS*, the debtor and a third-party filed a 9019 motion seeking the approval of the parties' settlement.  *JMS Automotive Rebuilders, Inc. v. Neilson*, 2002 WL 32817517, at *1 (C.D.Cal. Jan. 15, 2002).  The court, on its own initiative, required the parties to file supplemental documentation and continued the hearing to a later date.  *Id.*  Jensen, an interested party, filed objections to the settlement and to the order sealing the supplemental filings.  *Id*. at 1-2.  The court denied Jensen's request to unseal the documents noting that Jensen had "failed to produce a[n] explanation, other than a general disagreement with the bankruptcy court's decision, demonstrating an extraordinary circumstance or compelling need" to unseal the documents.

Similar to *JMS*, Petersen and Fulton can show no extraordinary circumstance or compelling need for unsealing the Settlement Documents.  Petersen and Fulton have reviewed the documents, were given an opportunity to object, and have adequate means outside of this proceeding to obtain the documents for their pending adversary proceedings.  Like Jensen, Petersen and Fulton "still had the opportunity to challenge the reasonableness of the settlement agreement," even without unsealing the Settlement Documents.  *Id.* at 4.  In addition, and also like Jensen, Petersen and Fulton were present at the hearing where this Court ordered the

documents would be filed under seal, but failed to object. *Id.* Moreover, Petersen and Fulton have adequate means to receive and utilize the Settlement Documents through a Rule 34 request for production. It is wholly unnecessary to disturb the confidentiality of the agreement by unsealing the documents and making them publicly available. As such, this Court should deny Petersen and Fulton's request to unseal the documents on the same basis the *JMS* court denied such arguments.

## CONCLUSION

For the above discussed reasons, the USACM Trust and DTDF respectfully request this Court approve the settlement between the USACM Trust, DTDF, and PBTK and deny Petersen and Fulton's untimely and procedurally improper request to unseal the Settlement Documents.

DATED this 22nd of December, 2008.

Respectfully Submitted:

**DIAMOND McCARTHY LLP**

By: /s/ *Eric D. Madden*
Eric D. Madden, TX 24013079 (pro hac vice)
P. Jason Collins, TX 24040711 (pro hac vice)
J. Maxwell Beatty, TX 24051740 (pro hac vice)
6504 Bridge Point Parkway
Suite 400
Austin, Texas 78730
(512) 617-5200 (telephone)
(512) 617-5299 (facsimile)

*Special Litigation Counsel for Plaintiffs*

**LEWIS AND ROCA LLP**

By: /s/ *Rob Charles*
Rob Charles, NB 6593
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169-5996
(702) 949-8321 (telephone)
(702) 949-8320 (facsimile)

*Counsel for USACM Liquidating Trust*

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 22, 2008, a copy of the foregoing was served either electronically or via first class mail to Mary Petersen, et. al and Stanley Fulton through their counsel of record, Timothy O'Reilly.

/s/ *P. Jason Collins*
P. Jason Collins