LEWIS AND ROCA LLP LAWYERS

E-Filed on 1/16/09

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br>         Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**THIRD OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED UPON PALM TERRACE LITIGATION; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing: February 20, 2009<br>Time of Hearing: 9:30 a.m. |

  The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing Proofs of Claim filed by individual defendants in the Palm Terrace, LLC

---

[1] This bankruptcy case was closed on September 23, 2008.
[2] This bankruptcy case was closed on October 12, 2007.
[3] This bankruptcy case was closed on December 21, 2007.

2005944.1

*et al* litigation, further defined below. The claims are based upon possible damages incurred in litigation brought against the claimants, which the Trust is informed has since been settled.[4] The claims are duplicative and grossly overstated, and the claimants lack standing to assert them. This Objection seeks to disallow those Palm Terrace Litigation claims, which are listed in **Exhibit A**, attached hereto, and is supported by the Court's record and the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND

1.    On April 13, 2006 ("Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, and USA Capital First Trust Deed Fund, LLC (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtors' post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

2.    USACM is a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of individual investors to purchase fractional interest in loans that USACM originated and then serviced.

---

[4] The case was filed in the Superior Court of the State of California, County of Santa Clara, Albert Lee et al, Plaintiff v. Palm Terrace, et al, defendants, Case No. 106-cv-057298.

2005944.1

3. On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] (the "Bar Date Order"). The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file proof of claims.

4. On September 25, 2006, Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358]. All Creditors were served with a copy of the Bar Date order as well [Docket No. 1358].

5. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376] (the "Confirmation Order").

6. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

7. Under the Plan, allowed Unsecured Claims "shall receive a beneficial interest in the USACM Trust, and on account of their Allowed Claim may receive a Pro Rata Share of the assets of the USACM Trust after satisfaction of all Allowed unclassified Claims, Allowed Class A-1, A-2, and A-3 Claims, and all post-Effective Date fees, costs, and expenses of implementation of the USACM Plan for USACM and the USACM Trust."

8. The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee.

**II.    JURISDICTION**

9. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

10. The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

2005944.1

### III. APPLICABLE AUTHORITY

11. Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

12. The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a). This objection is timely under the confirmed Plan, as the deadline for such objections has been extended to February 9, 2009, by this Court's orders.

13. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

### IV. THE CLAIMANTS

14. On or about February 1, 2006, the purchaser of an apartment complex known as Palm Terrace Apartments, located in Las Vegas, Nevada, filed a Complaint (the "Palm Terrace Litigation"). Among the named defendants were Andrew Hantges, the sales broker, and the sellers of the property, who are now the claimants listed in **Exhibit A** (the "Palm Terrace Claimants").[5]

---

[5] The Third Omnibus Objection addresses eight of the 32 Palm Terrace Claims, per order of the Honorable Judge Linda Riegle, which limits omnibus objections to ten claims per

4

2005944.1

15. Upon information and belief, the Palm Terrace Litigation has since settled, for a *sum total* of less than $2,0000,000.00, plus attorneys' fees.

16. On November 2, 2006, the Palm Terrace Claimants filed individual claims against USACM, alleging that their liability in the Palm Terrace Litigation arose due to the actions of a sales broker acting on behalf of USACM. *Each* Palm Terrace Claimant filed two proofs of claim in the amount of $2,000,000.00, for a total of over $64,000,000.00 in claims arising from a single settlement payment of approximately $2,000,0000. The proofs of claim are in most respects identical to one another.

## V.   THE OBJECTIONS

17. **Exhibit A** to this Objection lists Proofs of Claim filed by Palm Terrace Claimants. For each claim listed, **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, and the total amount of the claim. The USACM Trust objects to these claims on the following bases:

### a.   The Claims are duplicative.

18. Upon information and belief, the Palm Terrace Litigation resulted in a single settlement for less than $2 million that was funded by only some of the claimants or their insurance carriers, *not* a $2 million judgment against each claimant. Consequently, each claim is duplicative of every other claim listed in **Exhibit A** (as well as those claims listed in the Exhibit A's to the First, Second, and Fourth Palm Terrace Omnibus Objections filed concurrently herewith).

### b.   The Palm Terrace Claimants lack standing.

19. Upon information and belief, all or most of the Palm Terrace Claimants did not remit any funds or anything else of value pursuant to the Palm Terrace Litigation

---

objection. Consequently, a First, Second, and Fourth Omnibus Objection are being filed concurrently herewith to address the remaining claims. The Omnibus Objections are otherwise identical in all other material respects.

Case 06-10725-gwz    Doc 6754    Entered 01/16/09 15:03:40    Page 6 of 7



settlement. All or most of the Palm Terrace Claimants have thus not been damaged and lack standing to bring an action against USACM.

### c.  The Palm Terrace Claimants come with unclean hands.

20. To the extent any fraud was perpetrated on the Plaintiff in the Palm Terrace Litigation, the Palm Terrace Claimants were complicit in such fraud, or had knowledge thereof. Any information passed on to the Palm Terrace Litigation plaintiff by Andrew Hantges which served as the basis for the complaint, originally came from some of the Palm Terrace Claimants.

### d.  The doctrine of respondeat superior is inapplicable.

21. The alleged actions of the sales broker, Andrew Hantges, are the only nexus between the Palm Terrace Claimants and USACM, and thus the only source of USACM's purported liability. Mr. Hantges, however, in his dealings with the Palm Terrace Litigation plaintiff, was not acting within the course and scope of his duties, and did not have authority to bind USACM. Consequently, USACM is not liable for his actions.

### e.  The Palm Terrace Claimants are *in pari delicto.*

22. *See* Paragraph 20 above.

### f.  The Palm Terrace Claimants failed to mitigate their damages.

23. *See* Paragraph 18 above.

24. The USACM Trust reserves the right to further object to any and all Claims, whether or not the subject of this Objection, for allowance and/or distribution purposes on any other grounds. The USACM Trust further reserves the right to modify, supplement and/or amend this Objection as it pertains to any Claim or claimant herein.

6

2005944.1

## VI. CONCLUSION

25. The USACM Trust respectfully requests that the Court disallow in full the claims listed in **Exhibit A**. The USACM Trust also requests such other and further relief as is just and proper.

Dated: January 16, 2009.

LEWIS AND ROCA LLP

By /s/ John Hinderaker (#18024)
Rob Charles, NV 6593
John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: jhinderaker@rlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing mailed by first class postage prepaid U.S. Mail on January 16, 2009 to:

Bruce Piontkowski
ROPERS, MAJESKI, KOHN & BENTLEY
80 North First Street
San Jose, CA 95113-1201

Bruce Piontkowski
Tingley Piontkowski, LLP
10 Almaden Blvd.
Suite # 430
San Jose, CA 95113

LEWIS AND ROCA LLP


 /s/ Carrie Lawrence
Carrie Lawrence

2005944.1