E-filed on 2/10/2009

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199
Facsimile  (702) 949-8321

Allan B. Diamond, TX State Bar No. 05801800
Email:  adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email:  emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | **MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** |
| Affects:<br>☐All Debtors<br>☒USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Hearing Date:    February 20, 2009<br>Hearing Time:   10:30 a.m. PST |

Geoffrey Berman, Trustee of the USACM Liquidating Trust (the "USACM Trust"),

hereby files this Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules

of Bankruptcy Procedure (the "Motion"), and respectfully moves this Honorable Court for an

order approving the Proposed Settlement (defined below) between the USACM Trust, Fiesta

Development, Inc. ("Fiesta"), Ashby USA, LLC ("Ashby USA"), Richard K. Ashby ("Ashby"), Random Developments, LLC ("Random"), and Ashby Development Company, Inc. ("Ashby Development")[1] (collectively, the "Parties").  A proposed form of order is attached as Exhibit "A."

This Motion is made pursuant to Federal Rule of Bankruptcy Procedure 9019 and is based upon the points and authorities listed herein, the Declaration of Geoffrey Berman in Support of the Motion for Approval of Settlement Pursuant to Rule 9019 the Federal Rules of Bankruptcy Procedure (the "Berman Declaration," hereto attached as Exhibit "B"), and any evidence and argument to be presented at the time of the hearing of this Motion.

## BACKGROUND FACTS

On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM") and certain of its affiliated companies and subsidiaries (collectively, the "Debtors"), each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").  The Debtors' chapter 11 cases are being jointly administered under Bankruptcy Case No. BK-S-06-10725-LBR (the "USA Capital Bankruptcy Case").  On January 8, 2007, the Bankruptcy Court confirmed the Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan"), and on March 12, 2007, the Joint Plan became effective.

The USACM Trust was created pursuant to the Joint Plan and is governed by the provisions of the Liquidating Trust Agreement (the "USACM Trust Agreement").  The Joint Plan expressly retained the Debtors' causes of action for enforcement by the USACM Trust, pursuant to 11 U.S.C. § 1123(b)(3)(B).  Accordingly, the USACM Trust now holds any and all

---

[1] Fiesta, Ashby, Ashby USA, Random, and Ashby Development are collectively referred to as the "Defendants."

potential claims and causes of action, whether arising pre-petition or post-petition, that USACM and the USACM Trust may have or may at any time have had against the Defendants.

### *The Pending Litigation*

On April 11, 2008, the USACM Trust commenced adversary proceeding number 08-01123-LBR, entitled *USACM Liquidating Trust v. Fiesta Development, Inc., et al.* (the "Adversary Proceeding") seeking to recover approximately $4.9 million in USACM funds that were transferred to the Defendants as a part of Thomas Hantges and Joseph Milanowski's fraudulent looting and self-dealing scheme. Ex. B, ¶ 4. These funds were transferred either directly to the Defendants or indirectly through USA Investment Partners, LLC ("USAIP") in order to satisfy USAIP's obligations to make capital contributions to certain of the Defendants. Ex. B, ¶ 4. In the Adversary Proceeding, the USACM Trust asserts that USACM received no benefit for these transfers, and that they were recoverable under applicable federal and state fraudulent transfer statutes. In addition, the USACM Trust filed claims for unjust enrichment, money had and received, and Nevada Revised Statute § 41.580 seeking recovery of these funds.

### *The Proposed Settlement*

Following a settlement conference conducted on January 20, 2009 before Judge Randall J. Newsome, the Parties reached an agreement to resolve the Adversary Proceeding subject to the execution of a settlement agreement that is approved by the Bankruptcy Court (a form copy the "Proposed Settlement," attached hereto as Exhibit "C"). Ex. B, ¶ 5. The material terms of the Proposed Settlement are summarized as follows[2]:

- Defendants will pay $82,500.00 within five business days of the Court's approval of the Proposed Settlement (the "Settlement Payment");

---

[2] The following is solely a summary of the terms of the Settlement Agreement, and in no way is intended as an amendment, modification, or supplementation of the Settlement Agreement terms. The terms of the written settlement agreement between the Parties shall prevail in the event of any conflict with this summary.

- Ashby Development, Fiesta, and Random, shall execute a Stipulated Judgment to be entered by the Bankruptcy Court in favor of the USACM Trust for joint and several liability on the Judgment in the aggregate sum of $4,980,266.49;

- Parties contributing to the Settlement Payment agree to refrain from filing a voluntary bankruptcy for ninety days following the USACM Trust's receipt of the Settlement Payment;

- Upon approval this Court's of the Proposed Settlement and receipt of the Settlement Payment, the USACM Trust shall release Ashby, his wife and children, Ashby USA, and Larry Redman (the "Released Parties") from claims brought by the USACM Trust;

- The USACM Trust covenants not to sue Larry Redman's wife or children;

- Upon this Court's approval of the Proposed Settlement and receipt of the Settlement Payment, the Released Parties shall release the USACM Trust from all potential claims they may have against the USACM Trust;

- Upon this Court's approval of the Proposed Settlement and receipt of the Settlement Payment, the USACM Trust will dismiss the Adversary Proceeding, with prejudice.

## ARGUMENT

The Joint Plan does not expressly require Bankruptcy Court approval of proposed settlements. Rather, the Joint Plan provides that the USACM Trust shall have the discretion to:

> commence, prosecute, defend against, recover on account of, and settle all rights, Claims, causes of action, defenses, and counterclaims in their sole discretion in accordance with what is in the best interests, and for the benefit, of the Debtors or the Post-Effective Date Entities.

Joint Plan, pps. 47-48, 59. In an abundance of caution, and as required by the Proposed Settlement, the USACM Trust seeks the Bankruptcy Court's approval of the Proposed Settlement pursuant to Bankruptcy Rule 9019.

Bankruptcy Rule 9019 provides that, "[o]n motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019. In order

to approve a compromise and settlement, the Court must find that it is fair and equitable to the estate and, "[i]n determining the fairness, reasonableness and adequacy of a proposed settlement, the court must consider:  (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Arden v. Motel Partners (In re: Arden)*, 156 F.3d 729 (9th Cir. 1999); *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377 (9th Cir. 1986), *cert. denied,* 479 U.S. 854 (1986).

The USACM Trust is not required to satisfy each of these factors as long as the factors as a whole favor approving the settlement. *See In re Pacific Gas & Electric Co.,* 304 B.R. 395, 416 (Bankr. N.D.Cal. 2004).  In considering the factors, "a precise determination of the likely outcome is not required, since an exact judicial determination of the values at issue would defeat the purpose of compromising the claim." *In re Telesphere Comm's, Inc.,* 179 B.R. 544, 553 (Bankr. N.D.Ill. 1994) (internal quotations omitted).  Thus, rather than determining various issues of fact and law, the court should "canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re Lion Capital Group,* 49 B.R. 163, 175 (Bankr. S.D.N.Y. 1985) (internal quotations omitted).

The USACM Trust respectfully submits that the Proposed Settlement satisfies each of these factors.  If the USACM Trust and the Defendants do not enter into the Proposed Settlement, or if it is not approved by this Court, the USACM Trust will be required to expend significant resources in pursuit of the Adversary Proceeding.  Ex. B, ¶ 6.  The Parties would also likely call multiple expert witnesses to testify on issues such as insolvency and forensic

accounting.  As such, trial of this matter will likely be protracted, complex, and expensive, and there are no guarantees as to the ultimate outcome.  Ex. B, ¶ 6.

Moreover, even were the USACM Trust ultimately successful at trial, there is substantial doubt as to the ability to recover any judgment from the Defendants.  During settlement discussions, Defendants provided the USACM Trust with a liquidation analysis for the Defendants and substantial supporting documentation.  Prior to the settlement conference before Judge Newsome, the USACM Trust conducted the depositions of Ashby and Fiesta, through its accountant, Daniel Limone.  During these depositions, the USACM Trust learned that: (1) Fiesta development is nearing bankruptcy; (2) Ashby USA is insolvent, in default of its loan obligations, and expects its lender to proceed with foreclosure on its only substantial asset soon; (3) Random development has no assets of value, and the property it was previously developing has been foreclosed on; (4) Ashby has several lawsuits against him related to personal guarantees in excess of $300 million, has outstanding judgments against him of over $9 million, and does not have sufficient assets to repay these obligations; and (4) Ashby Development is likewise insolvent, without any significant assets.  Ex. B, ¶ 7.  As a result of these depositions, the USACM Trust believes that any assets available for settlement at this point would be likely completely depleted if the USACM Trust proceeded to trial.  Ex. B, ¶ 7.

If approved, however, the Proposed Settlement will allow the USACM Trust to avoid protracted and complex litigation with the Defendants, bring value to the USACM Trust through the Defendants' immediate payment of the Settlement Payment, provide the USACM Trust with value in the form of claims in the Defendants' potential bankruptcy estates, and resolve all claims in the Adversary Proceeding.  The amount of the settlement is fair in light of the stage of the Adversary Proceeding, the uncertainty surrounding the collection of any judgment against the

Defendants, and the complexity, expense and risks associated with trial.  The terms of the Proposed Settlement fall within the reasonable range of likely outcomes of the Adversary Proceeding when considering the issues revolving around collection.  This settlement eliminates litigation risk, cost, and delay, and provides a prompt and substantial recovery to the USACM Trust's estate.  Ex. B, ¶ 6.  The Proposed Settlement is the product of arms' length bargaining, without fraud or collusion.  Ex. B, ¶ 5.  The Proposed Settlement will thus facilitate recoveries for the benefit of the beneficiaries of the USACM Trust who have suffered a loss as a result of the events leading to the USACM bankruptcy.

Accordingly, the USACM Trust has concluded in the exercise of its reasonable business judgment that the benefits gained by resolving the Adversary Proceeding on the terms set forth in the Proposed Settlement exceed any benefit that the USACM Trust would receive in fully litigating this matter.  Ex. B, ¶ 8.

**CONCLUSION**

For the foregoing reasons, the USACM Trust respectfully requests that this Court approve the Proposed Settlement on the terms set forth above and provide such other and further relief as the Court deems appropriate.

DATED: February 10, 2009.

Respectfully Submitted,

1

**DIAMOND MCCARTHY LLP**

**LEWIS AND ROCA LLP**

2

By: _____/s/ Stephen T. Loden_____
Allan B. Diamond, TX 05801800 (pro hac vice)

By: _____/s/ Rob Charles_____
Rob Charles, NV 6593

3

Stephen T. Loden, TX 24002489 (pro hac vice)
J. Maxwell Beatty, TX 24051740 (pro hac vice)
909 Fannin, Suite 1500

3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169-5996
(702) 949-8320 (telephone)

4

Houston, Texas 77010
(713) 333-5100 (telephone)

(702) 949-8321 (facsimile)

5

(713) 333-5199 (facsimile)

*Counsel for USACM Liquidating Trust*

6

*Special Litigation Counsel*
*for USACM Liquidating Trust*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the law firm of DIAMOND MCCARTHY LLP, and that on the 10th day of February 2009, I served a true and correct copy of the foregoing **MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** by electronic transmission to all parties on the Post Effective Date Service List and counsel for all Defendants as set forth below:

Richard F. Holley
Santoro, Driggs, Walch, Kearney, Holley & Thompson
400 South Fourth Street, Third Floor
Las Vegas, NV  89101
rholley@nevadafirm.com

 /s/  Catherine A. Burrow, CLA
Catherine A. Burrow, CLA
Diamond McCarthy LLP

EXHIBIT A

1

2

3

4

5

6

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

7

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND,<br>LLC,<br><br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | **ORDER APPROVING MOTION<br>FOR APPROVAL OF<br>SETTLEMENT PURSUANT TO<br>RULE 9019 OF THE FEDERAL<br>RULES OF BANKRUPTCY<br>PROCEDURE** |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |

8

9

10

11

12

13

14

15

16

17

18

19

20

On February 20, 2009, this Court held a hearing on the Motion for Approval of

21

Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure filed by

22

Geoffrey Berman, Trustee of the USACM Liquidating Trust (the "USACM Trust"). The Motion

23

requested this court enter an order approving the Settlement Agreement and Release dated

24

February 5, 2009 between the USACM Trust, Fiesta Development, Inc., Ashby USA, LLC,

Richard K. Ashby, Random Developments, LLC, and Ashby Development Company, Inc. (the

"Proposed Settlement").  The relief requested is hereby GRANTED.

Pursuant to the Motion this Court hereby GRANTS the following relief:

1.    The Proposed Settlement is approved pursuant to Federal Rule of Bankruptcy
      Procedure 9019.

2.    This Court shall retain jurisdiction to interpret and enforce the terms of the
      Settlement Agreement and this Order Approving Settlement.

###

EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>        Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>        Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>        Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>        Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br><br>        Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | **DECLARATION OF GEOFFREY L. BERMAN IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** |

**DECLARATION OF GEOFFREY L. BERMAN IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Geoffrey L. Berman, in his capacity as the Court-appointed Trustee of the USACM Liquidating Trust (the "USACM Trust"), declares under penalty of perjury as follows:

1.      I am an adult person competent to testify in court. I make the following statements based upon my personal knowledge except where otherwise indicated.

1     2.     I am the Court-appointed trustee of the USACM Trust pursuant to the order

2  confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" (the "Joint

3  Plan") entered on January 8, 2007 in *In re USA Commercial Mortgage,* Cause No. BK-S-06-

4  10725 pending in the United States Bankruptcy Court for the District of Nevada (the

5  "Bankruptcy Court"), and submit this declaration in that capacity.  The Joint Plan became

6  effective on March 12, 2007 (the "Effective Date").

7     3.     I submit this declaration in support of the USACM Trust's Motion for Approval

8  of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

9  "Motion").  As discussed in the Motion, the USACM Trust seeks Bankruptcy Court approval of

10  the Proposed Settlement[1] between the USACM Trust and the Defendants.

11     4.     In the Adversary Proceeding, the USACM Trust seeks to recover approximately

12  $4.9 million in USACM funds that were transferred to the Defendants as a part of Thomas

13  Hantges and Joseph Milanowski's fraudulent looting and self-dealing scheme.  These funds were

14  transferred either directly to the Defendants or indirectly through USA Investment Partners, LLC

15  ("USAIP") in order to satisfy USAIP's obligations to make capital contributions to certain of the

16  Defendants.

17     5.     On January 20, 2009, I participated in the Bankruptcy Court-ordered settlement

18  conference with the Defendants before Judge Randall J. Newsome in an attempt to resolve the

19  Adversary Proceeding prior to trial.  The Parties ultimately reached agreement as documented by

20  the Proposed Settlement, subject to Bankruptcy Court approval.

21     6.     As discussed in the Motion, I believe the Proposed Settlement represents a fair

22  and reasonable compromise of the Adversary Proceeding that will result in a recovery for the

23

---

[1]     Unless otherwise defined herein, capitalized terms are used as defined in the Motion.

beneficiaries of the USACM Trust without the expense, time, and risks of further litigation, trial, and efforts to collect on any judgment the USACM Trust may ultimately obtain. If the Proposed Settlement is not approved, the USACM Trust will be required to incur significant additional expenses to pursue the Adversary Proceeding through what will likely be a protracted, complex, and expensive trial.

7.      Moreover, even if the USACM Trust was ultimately successful at trial, there is substantial doubt concerning the ability to recover any resulting judgment from the Defendants. During settlement discussions, Defendants provided the USACM Trust with a liquidation analysis for the Defendants and substantial supporting documentation. Prior to the settlement conference, the USACM Trust conducted the depositions of Mr. Richard K. Ashby and Fiesta, through its accountant, Daniel Limone. During these depositions, the USACM Trust learned that: (1) Fiesta development is nearing bankruptcy; (2) Ashby USA is insolvent, is in default of its loan obligations, and expects its lender to proceed with foreclosure on its only substantial asset soon; (3) Random development has no assets of value, and the property it was previously developing has been foreclosed on; (4) Ashby has several lawsuits against him related to personal guarantees in excess of $300 million, has outstanding judgments against him of over $9 million, and does not have sufficient assets to repay his obligations; and (4) Ashby Development is likewise insolvent, without any significant assets. As a result of these depositions, I believe that any assets available for settlement at this point would be likely completely depleted if the USACM Trust proceeded to trial.

8.      The Proposed Settlement falls within what I believe to be the reasonable range of likely outcomes of the Adversary Proceeding, after accounting for litigation risks, costs, delay associated with trial and any appeal, and perhaps most importantly, difficulties encountered in

1    the collection of any judgment awarded, if successful.  Accordingly, I believe that the benefits

2    gained by resolving the Adversary Proceeding on the terms set forth in the Proposed Settlement

3    exceed any benefit that the USACM Trust would receive in fully litigating this matter.

4

5        I declare under penalty of perjury that the foregoing is true and correct.

6

7    Executed February 6, 2009 at ~~Los Angeles, California.~~ LAS VEGAS, NV.

8

9

10       Geoffrey L. Berman
         Development Specialists, Inc.

11       333 South Grand Ave., Suite 4070
         Los Angeles, California 90071-1544

12

13

14

15

16

17

18

19

20

21

22

23

# EXHIBIT C

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE (the "Settlement Agreement")
dated this fifth day of February, 2009, is entered into by and between GEOFFREY L. BERMAN
(the "Trustee"), solely in his capacity as Trustee of the USACM Liquidating Trust (the "Trust"),
successor to USA Commercial Mortgage Company ("USACM") on the one hand, and FIESTA
DEVELOPMENT, INC. ("Fiesta"), ASHBY USA, LLC ("Ashby USA"), RICHARD K.
ASHBY ("R. Ashby"), RANDOM DEVELOPMENTS, LLC ("Random"), and ASHBY
DEVELOPMENT COMPANY, INC. ("Ashby Development") on the other hand (all signatories
to this Settlement Agreement are collectively referred to as the "Parties" or individually referred
to as a "Party"), based upon the following facts and representations.

## RECITALS

A.      On April 11, 2008, the Trust commenced Adversary Proceeding No. 08-01123-
LBR (the "Adversary Proceeding") by filing the USACM Liquidating Trust's Original
Complaint, followed by a First Amended Complaint and Second Amended Complaint against
Fiesta, Random, Ashby, Ashby USA, and Ashby Development (collectively, the "Defendants").
In the Adversary Proceeding, the Trust seeks the recovery of $4,980,266.49 allegedly transferred
to Defendants as part of a fraudulent looting and self-dealing scheme Thomas Hantges and
Joseph Milanowski perpetrated on USACM.  Milanowski and Hantges allegedly caused USACM
to transfer funds directly to Defendants or indirectly through USA Investment Partners, LLC
("USAIP") to meet USAIP's capital contributions to Defendants.

B.      On January 20, 2009, the Parties participated in a settlement conference before
Settlement Judge Randall J. Newsome pursuant to the Order Establishing Procedure for Judicial
Settlement Conference, entered November 24, 2008 [Dkt. No. 33], and reached an agreement to

settle the Adversary Proceeding pursuant to the terms set forth herein, and which were made part of the record of the Settlement Conference, subject to approval by the Bankruptcy Court.

**NOW THEREFORE**, in consideration of the mutual covenants, representations, disclosures and agreements between the Parties set forth in this Settlement Agreement, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

(A)     Party Performance.

      1.     Defendants.

      a)     Ashby Development, Fiesta and Random shall each execute a Stipulated Judgment in a form substantially similar to that attached hereto as **Exhibit A** (the "Judgment") to be entered by the Bankruptcy Court in favor of the Trust for joint and several liability on the Judgment in the aggregate sum of $4,980,266.49.

      b)     Payment shall be made to the Trust in the amount of $82,500.00 (the "Settlement Consideration") by wire transfer or certified funds within five business (5) days of the entry of the Bankruptcy Court's Order approving this Settlement Agreement. The identity of any person(s) or entity(ies) contributing to payment of the Settlement Consideration (collectively, the "Standstill Entities") shall be disclosed by the Defendants to the Trust in writing (the "Settlement Consideration Information").

      c)     For the period of time (the "Bankruptcy Standstill Period") commencing on the first business-day following the Trust's receipt and deposit of the Settlement Consideration and the Trust's receipt of the Settlement Consideration Information (the "Standstill Commencement Date"), and ending on the date which is ninety (90) days after the Standstill Commencement Date, none of the Standstill Entities shall file a voluntary petition seeking relief under any federal or state bankrutpcy or insolvency law, nor shall any Party,

Released Party (as defined below), or Covenant Party (as defined below) induce any other person to file a voluntary or involuntary petition seeking relief against any of the Standstill Entities under any federal or state bankruptcy or insolvency law.

   d)  In the event of any violation of the terms set forth in Paragraph A(1)(c) of this Settlement Agreement, the Trust shall be entitled to immediately execute on and enforce the Judgment.

   2.  <u>USACM Liquidating Trust</u>.

   a)  Except as provided in Paragraph A(1)(d) of this Settlement Agreement, the Trust agrees not to enforce the Judgment against Ashby Development, Random and Fiesta until the expiration of the Bankruptcy Standstill Period.

   b)  Upon entry of an order approving this settlement by the Bankruptcy Court and the Trust's receipt of the cleared Settlement Consideration, the Trust shall dismiss its claims against Ashby USA and R. Ashby in the Adversary Proceeding, Case No. 08-01123-LBR, with prejudice.

   (B)  <u>Release</u>.

   1.  <u>Release by USACM Liquidating Trust</u>. Except as set forth in this Settlement Agreement, upon the Standstill Commencement Date, the Trust, on behalf of itself, its predecessors, affiliates, successors and assigns, hereby releases and discharges Ashby USA, R. Ashby, Deanna W. Ashby, Richard Craig Ashby, Deirdre Ashby, aka Deirdre Booth, Bradley Ashby, Justin Ashby, Lawrence E. Redman, and their executors, administrators and personal representatives (collectively, the "<u>Released Parties</u>") from any and all claims, demands, liabilities, obligations, damages, payments, fees, losses, and expenses, known or unknown, asserted or unasserted, of whatever nature, now existing or hereafter arising or in any way related

to the Transfers alleged in the Second Amended Complaint in the Adversary Proceeding, Adversary No. 08-01123-LBR.

(C)     Covenant Not to Sue.  Except as set forth in this Settlement Agreement, upon the Standstill Commencement Date, the Trust, on behalf of itself, its predecessors, affiliates, successors and assigns, hereby covenants not to sue Joy Redman, Brady Redman and Brandi Redman (collectively, the "Covenant Parties").

(D)     Release In Favor of USACM Trust By Released Parties.  Except as set forth in this Settlement Agreement, upon the Standstill Commencement Date, the "Released Parties", on behalf of themselves, their predecessors, affiliates, successors and assigns, hereby releases and discharges the USACM Trust, its Trustee, and all agents, professionals, and counsel from any and all claims, demands, liabilities, obligations, damages, payments, fees, losses, and expenses, known or unknown, asserted or unasserted, of whatever nature, now existing or hereafter arising or in any way related to the Transfers alleged in the Second Amended Complaint in the Adversary Proceeding, Adversary No. 08-01123-LBR.

(E)     Jurisdiction.  Settlement Judge Randall J. Newsome shall retain jurisdiction to settle any disputes arising out of this Settlement Agreement.

(F)     Unknown Facts.  The Parties hereby agree and acknowledge that they may hereafter discover facts different from, or in addition to, those that they now believe to be true with respect to any and all liabilities, debts, demands, rights, covenants, judgments, controversies, claims, damages, or causes of action, here released.  Nevertheless, the Parties hereby agree that the releases set forth shall be and remain effective and in full force in all respects, notwithstanding the discovery of different or additional facts. The Parties represent that they understand and acknowledge the legal significance and consequences of the foregoing

release, dismissal and settlement of all unknown claims and hereby assume all responsibilities for any inquiries, damages, losses and/or liabilities that hereafter may occur.

(G)     Compromise of Disputed Claims.    This Settlement Agreement constitutes a compromise of the claims in the Adversary Proceeding. Neither this settlement nor anything contained in this Settlement Agreement shall be construed as an admission of liability on the part of any Party.

(H)     Bankruptcy Court Approval. This Settlement Agreement is subject to Bankruptcy Court Approval. Pending Bankruptcy Court approval of this Settlement Agreement, as to all Parties to this Settlement Agreement, except as otherwise ordered by the Court, all future discovery, discovery deadlines, hearings, and pending responses to the Second Amended Complaint in the Adversary Proceeding shall be stayed and held in abeyance.

(I)     Severability. The provisions of this Settlement Agreement are severable and the invalidity or unenforceability of any provision of this Settlement Agreement shall not affect the validity or enforceability of the remaining provisions.

(J)     Governing Law. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Nevada, except as such laws may be preempted or superseded by the laws of the United States.

(K)     Attorney's Fees. In the event of a dispute over or relating to the terms of this Settlement Agreement, the prevailing Party in any action or proceeding brought in connection with such dispute or the enforcement of this Settlement Agreement shall be entitled to recover from the other Party his, her, or its costs, including reasonable attorney fees.

(L)     Litigation Fees and Expenses. Each Party hereto agrees to bear its own attorney's fees and costs arising out of or related to the Adversary Proceeding, including without limitation,

the negotiation, documentation and court approval of this Settlement Agreement.

(M)     Settlement Agreement as Defenses to Future Actions. This Settlement Agreement may be pled as a full and complete defense to, and the Parties hereby consent that it may be used as the basis for, an injunction against any action, suit, or other proceeding based on the claims released by this Settlement Agreement.

(N)     Counterparts. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument. A facsimile signature shall also constitute an original signature of this Settlement Agreement.

(O)     Headings for Convenience Only. The Parties acknowledge that the paragraph headings contained herein are only for the convenience of the Parties. The substance and provisions hereof control without regard to the headings.

(P)     Preparation of Settlement Agreement. The Parties acknowledge that this Settlement Agreement has been negotiated and prepared in an arms-length transaction and that all Parties are deemed to have drafted this Settlement Agreement and this Settlement Agreement shall not be interpreted against any Party as the draftsperson.

(Q)     Authority to Execute Settlement Agreement. Each Party represents and warrants that it has the authority to execute this Settlement Agreement and that it has not assigned such rights, or any of its claims released herein, to any other Party by way of explicit assignment, subrogation, operation of law, or otherwise.

(R)     Other Acts and Documents. The Parties agree to undertake such other acts and execute such other documents as may be reasonably necessary to affect the purpose and intent of this Settlement Agreement.

(S)    Successors and Assigns. This Agreement, except as otherwise expressly provided herein, will be binding on, and will inure to the benefit of, the respective legatees, devisees, heirs, executors, administrators, assigns, directors, trustees, successors and partners of interest of the parties. This Agreement is not intended to have any third party beneficiaries.

(T)    Amendment or Modification. This Agreement may only be amended or modified by a written instrument signed by all Parties. The Parties agree that any oral modification or termination, or modification or termination by conduct of any of the Parties will not be effective or enforceable unless the Parties have executed a written amendment expressly referring to this Settlement Agreement.

(U)    Waiver of Breach. The waiver by one party of any breach of this Agreement by the other party will not be deemed a waiver of a future breach of the same provision, or a waiver of any other provision of this Agreement.

(V)    Containment of Entire Agreement. This Agreement supersedes any and all other agreements and contains the entire Agreement of the parties except as otherwise provided for herein. This Agreement is not subject to any condition precedent with respect to formation or performance, written, oral or otherwise implied not specifically set forth herein.

(W)    Agreement Voluntarily and Clearly Understood. Each Party to this Agreement acknowledges and declares that he/it (i) is fully and completely informed as to the facts relating to the subject matter of this Agreement and as to the rights, duties and liabilities of all Parties; (ii) enters into this Agreement voluntarily, free from undue influence, coercion or duress of any kind; (iii) has given careful thought to the making of this Agreement; (iv) has carefully read each of the provisions of this Agreement; and (v) fully and completely understands each provision of this Agreement.

(X)    Representation by Counsel. The Parties each warrant and acknowledge that they have read and understood the terms of this Settlement Agreement and that they have had the opportunity to retain legal counsel of their choice throughout the negotiations which preceded the signing of this Settlement Agreement and rely solely on their counsel's representations.

**IN WITNESS WHEREOF**, the Parties execute this Settlement Agreement as of the day and year first written above.

| USACM LIQUIDATING TRUST | ASHBY USA, LLC |
|---|---|
| By: _____<br>Title: _____ | By: _____<br>Title: _____ |
| RANDOM DEVELOPMENTS, LLC | ASHBY DEVELOPMENT, LLC |
| By: _____<br>Title: _____ | By: _____<br>Title: _____ |
| FIESTA DEVELOPMENT, LLC<br><br>By: _____<br>Title: _____ | _____<br>Richard Ashby |
| _____<br>Deanna W. Ashby | _____<br>Richard Craig Ashby |
| _____<br>Deirdre Ashby aka Deirdre Booth | _____<br>Bradley Ashby |
| _____<br>Justin Ashby | _____<br>Lawrence E. Redman |

1

2

3

4

5

6

7    DIAMOND MCCARTHY LLP                      LEWIS AND ROCA LLP
     909 Fannin, Suite 1500                     3993 Howard Hughes Parkway, Suite 600
8    Houston, Texas 77010                       Las Vegas, Nevada 89169-5996
     Telephone: (713) 333-5100                  Telephone: (702) 949-8320
9    Facsimile: (713) 333-5199                  Facsimile: (702) 949-8321

10   Special Litigation Counsel for the         Counsel for the USACM Liquidating Trustee
     USACM Liquidating Trust

11

12                    UNITED STATES BANKRUPTCY COURT
                              DISTRICT OF NEVADA
13

14   In re:                                     Case Nos.: BK-S-06-10725-LBR
     USA COMMERCIAL MORTGAGE COMPANY,           Chapter 11

15   _____ Debtor.                    Judge Linda B. Riegle

16   USACM LIQUIDATING TRUST,                   Adversary No. 08-1123

17                    Plaintiff,                **STIPULATION AND ORDER FOR
                                                ENTRY OF AGREED JUDGMENT**
           v.
18                                              Hearing Date: N/A
     FIESTA DEVELOPMENT, INC., ASHBY USA, LLC,  Hearing Time: N/A
19   RICHARD K. ASHBY, RANDOM DEVELOPMENTS,
     LLC, and ASHBY DEVELOPMENT COMPANY,
20   INC.

21                    Defendants.

22

23

24          The Court has reviewed the Parties' Settlement Agreement regarding the judgment set

25   forth below.    Based upon the Settlement Agreement, the Court ORDERS, DECREES, and

26   ADJUDGES that:

1        1.    The USACM Trust shall have and recover from Defendants Ashby Development

2  Company, Inc., Fiesta Development, Inc., and Random Developments, LLC, jointly and severally,

3  the sum of Four-Million, Nine-Hundred and Eighty Thousand, Two-Hundred Sixty-Six Dollars

4
  and Forty-Nine Cents ($4,980,266.49) together with interest at the federal post-judgment interest
5
  rate as provided by law.
6

7        2.    This is a final judgment that disposes of all remaining claims and causes of action

8  in this adversary proceeding. Accordingly, the Court directs entry of judgment as to the parties

9  and claims covered hereby.

10       3.    This Court shall retain jurisdiction of this case for any post-judgment discovery or

11  enforcement proceedings in accordance with applicable law.

12      **IT IS SO ORDERED.**

13

14  **STIPULATED AND AGREED:**

15  **Ashby Development Company, Inc.**

16

17  By: _____
        Richard K. Ashby
18        Title: _____
        Date: _____

19  **Fiesta Development, Inc.**

20

21  By: _____
        Richard K. Ashby
22        Title: _____
23        Date: _____

24

25

26

1  **Random Developments, LLC**

2

3  By: _____
              Richard K. Ashby
4              Title: _____
              Date: _____
5
       **USACM Liquidating Trust**
6

7  By: _____
              Geoffrey L. Berman, Trustee
8              Date: _____

9
10  PREPARED AND SUBMITTED BY:

11  LEWIS AND ROCA LLP
       3993 Howard Hughes Parkway, Suite 600
12  Las Vegas, Nevada 89169-5996

13  -and-

14  DIAMOND MCCARTHY LLP

15

16
              _____ /s/ Stephen T. Loden_____
17  Allan B. Diamond (TX Bar No. 05801800)
       Stephen T. Loden, TX 24002489 (pro hac vice)
18  Eric D. Madden (TX Bar No. 24013079)
       909 Fannin, Suite 1500
19  Houston, Texas 77010
20                                                    # # #

21

22

23

24

25

26

158305-1