ORIGINAL

RECEIVED & FILED

1  CURTIS R. TINGLEY (SBN 112322)
   ctingley@tingleyllp.com
2  BRUCE C. PIONTKOWSKI (SBN 152202)
   bpiontowski@tingleyllp.com
3  JONATHAN A. MCMAHON (SBN 239370)
   jmcmahon@tingleyllp.com
4  TINGLEY PIONTKOWSKI LLP
   10 Almaden Boulevard, Suite 430
5  San Jose, California 95113
   Telephone:    (408) 283-7000
6  Facsimile:    (408) 283-7010
7  Attorneys for Palm Terrace Claimants

'09  FEB 12  AM :37

8                UNITED STATES BANKRUPTCY COURT

9                      DISTRICT OF NEVADA

10

11  In re:                                Case No.  BK-S-06-10725-LBR
                                          Case No.  BK-S-06-10726-LBR
12  USA COMMERCIAL MORTGAGE               Case No.  BK-S-06-10727-LBR
    COMPANY,                              Case No.  BK-S-06-10728-LBR
13                                        Case No.  BK-S-06-10729-LBR
14  USA CAPITAL REALTY ADVISORS,
    LLC,                                  CHAPTER 11

15  USA CAPITAL DIVERSIFIED TRUST         Jointly Administered Under Case No.
16  DEED FUND, LLC,                       BK-S-06-10725-LBR

17  USA CAPITAL FIRST TRUST DEED          RESPONSE TO SECOND OMNIBUS
    FUND, LLC,                            OBJECTION OF USACM TRUST TO
18                                        PROOFS OF CLAIM BASED ON PALM
    USA SECURITIES, LLC,                  TERRACE LITIGATION
19
                   Debtors.              Date:       February 20, 2009
20                                       Time:           9:30 a.m.
                                         Courtroom 1
21                                       Honorable Linda B. Riegle

22    Affects:
         All Debtors
       X USA Commercial Mortgage Company
23       USA Capital Realty Advisors, LLC
         USA Capital Diversified Trust Deed Fund, LLC
24       USA Capital First Deed Fund, LLC
         USA Securities, LLC
25

26        The Palm Terrace Claimants (as defined in the Second Omnibus Objection of USACM

27  Trust to Proofs of Claim Based Upon Palm Terrace Litigation) hereby respond to the USACM

28  Liquidating Trust's Second Omnibus Objection of USACM Trust to Proofs of Claim Based Upon

TINGLEY
PIONTKOWSKI LLP
ATTORNEYS AT LAW
SAN JOSE

RESPONSE TO SECOND OMNIBUS OBJECTION
BK-S-06-10725-LBR

1  Palm Terrace Litigation as follows:

2  <center>**MEMORANDUM OF POINTS AND AUTHORITIES**</center>

3  **I.    BACKGROUND**

4  1.  On or about February 1, 2006, sixteen investors (the "Palm Terrace Plaintiffs") in an

5  apartment complex known as the Palm Terrace Apartments in Las Vegas, Nevada filed an action

6  in the Santa Clara County Superior Court (the "Palm Terrace Litigation") against the seller of the

7  apartments and several other individuals and businesses involved in the sale.  The Palm Terrace

8  Plaintiffs' Complaint alleged causes of action for fraud, negligent misrepresentation, breach of

9  fiduciary duty, unfair competition, false advertising, negligence, conspiracy, and aiding and

10  abetting.  At the heart of the Palm Terrace Plaintiffs' causes of action was the allegation that they

11  and their lender, LaSalle Bank, had been provided false information, in the form of rent rolls for

12  the apartments, regarding the apartment complex's financial situation.

13  2. Among the defendants in the Palm Terrace Litigation were USA Commercial Mortgage

14  Company ("USACM") and Andrew Hantges ("Hantges"), who held himself out as a Vice

15  President of USACM.  (*See* the Declaration of Jonathan A. McMahon filed concurrently herewith

16  (the "McMahon Decl.") at ¶ 11).  Hantges represented the Palm Terrace Plaintiffs as their

17  mortgage broker in the transaction to purchase the apartment complex. (*See* McMahon Decl. ¶ 5).

18  In his haste to close the deal, Hantges submitted false information in the form of rent rolls and

19  other financial documents, which he signed, to the Palm Terrace Plaintiff's lender. (*See*

20  McMahon Decl. ¶¶ 7-10).  This false information, which overstated the amount of rental income

21  the apartments would generate, allowed the Palm Terrace Plaintiffs to obtain their loans and close

22  escrow on the complex.

23  3. On November 6, 2006, the Palm Terrace Claimants (as defined in the Second Omnibus

24  Objection of USACM Trust to Proofs of Claim Based Upon Palm Terrace Litigation) filed their

25  claims against USACM, alleging that their liability, if any, in the Palm Terrace Litigation arose

26  due to the actions of Andrew Hantges, acting on behalf of USACM as the mortgage broker for the

27  Palm Terrace Plaintiffs.

28  4.  In or around November 2008, the parties to the Palm Terrace Litigation, with the

TINGLEY
PIONTKOWSKI LLP
ATTORNEYS AT LAW
SAN JOSE

- 2 -

RESPONSE TO SECOND OMNIBUS OBJECTION
BK-S-06-10725-LBR

1    exception of USACM, entered into a confidential settlement agreement and the Palm Terrace

2    Litigation was dismissed.

3        5. At least a portion of the confidential settlement was funded by one or more of the Palm

4    Terrace Claimants' insurance carriers.  The Palm Terrace Claimants, however, did incur

5    $184,965.74 in legal fees arising out of the Palm Terrace Litigation that was not funded by any

6    insurance carrier. (*See* McMahon Decl. ¶¶ 2, 3).

7        6. On January 16, 2009 the USACM Trust filed its Notice of Hearing and First, Second,

8    Third, and Fourth Omnibus Objections USACM Trust to Proofs of Claim Based Upon Palm

9    Terrace Litigation.

10        7. The USACM Trust's Notice of Hearing states that, pursuant to Local Rule 2007(b),

11    this response must be filed by February 13, 2009.

12    **II.        RESPONSE TO OBJECTIONS**

13    **a.        Claims Are Not Duplicative.**

14        8. At the time the Palm Terrace Claimants filed their individual proofs of claim, the Palm

15    Terrace Litigation was ongoing and the Palm Terrace Claimants could only estimate each of their

16    individual liability arising out of the litigation.  Thus, each Palm Terrace Claimant filed an

17    individual claim.

18        9. As a result of the confidential settlement of the Palm Terrace Litigation, the Palm

19    Terrace Claimants now know the amount of their liability arising out of the litigation.  Of the

20    settlement funds, costs, and attorney's fees incurred in defending the Palm Terrace Litigation,

21    $184,965.74 were not paid by any insurance carrier.  Palm Terrace Claimant WOW Enterprises,

22    Inc. (Claim # 10725-00918) incurred $184,965.74 in legal fees arising out of the joint defense of

23    the Palm Terrace Litigation and the remaining Palm Terrace Claimants have assigned their claims

24    in these proceedings to claimant WOW Enterprises, Inc. (*See* McMahon Decl. ¶¶ 2, 3).

25        10. USACM Trust is correct in that the claims originally filed by the Palm Terrace

26    Claimants do not accurately state the amount of their claims as of this date.  WOW Enterprises,

27    Inc.'s claim (Claim # 10725-00918), however, remains valid in the amount of $184,965.74. (*See*

28    McMahon Decl. ¶¶ 2, 3).

TINGLEY
PIONTKOWSKI LLP
ATTORNEYS AT LAW
SAN JOSE

- 3 -

RESPONSE TO SECOND OMNIBUS OBJECTION
BK-S-06-10725-LBR

1      **b.**    **The Palm Terrace Claimants Have Standing.**

2         11.  At least a portion of the confidential settlement of the Palm Terrace Litigation was

3  funded by one or more of the Palm Terrace Claimants' insurance carriers.  The Palm Terrace

4  Claimants, however, did incur $184,965.74 in legal fees arising out of the Palm Terrace Litigation

5  that was not funded by any insurance carrier.  This amount has been charged to Claimant WOW

6  Enterprises, Inc. (Claim # 10725-00918) and the remaining Palm Terrace Claimants have

7  assigned their claims in these proceedings to WOW Enterprises, Inc. (*See* McMahon Decl. ¶¶ 2,

8  3).

9         12.  The Palm Terrace Claimants, therefore, have been damaged in the amount of

10  $184,965.14 and consequently have standing to being their actions against USACM.

11      **c.**    **The Palm Terrace Claimants Do Not Come With Unclean Hands**

12         13.  A proof of claim is presumed valid under Bankruptcy Rule 3001(f).  "[A] proof of

13  claim is prima facie evidence of the validity of the claim.  Although the creditor bears the

14  ultimate burden of persuasion, **the debtor must come forward with evidence to rebut the**

15  **presumption of validity**." *In re Southern Calif. Plastics, Inc.* 165 F.3d 1243, 1248 (9th Cir.

16  1999) (emphasis added).  In its Second Omnibus Objection, the USCAM Trust has offered no

17  evidence that any of the Palm Terrace Claimants were complicit in, or had knowledge of, the

18  fraud perpetrated by Hantges on the Palm Terrace Plaintiffs.  The USCAM Trust, therefore, has

19  not presented sufficient evidence to rebut the presumption of validity of the Palm Terrace

20  Claimants' claims.

21         14.  Evidence discovered during the Palm Terrace Litigation shows that Hantges filled out

22  and signed falsified Multifamily Rent Rolls, Income and Expense Statements, and Collateral

23  Information Questionnaires. (*See* McMahon Decl. ¶¶ 7-10).  These were forms provided to

24  Hantges by the Palm Terrace Plaintiffs' lender, LaSalle Bank, and submitted by Hantges to the

25  lender in order to secure the loans to purchase the apartments. (Id.)  Any fraud that was

26  committed during the transaction to purchase the Palm Terrace Apartments was perpetrated by

27  Hantges, acting in his capacity as a mortgage broker for USACM.  The Palm Terrace Claimants

28  do not come with unclean hands.  The Palm Terrace Claimants, therefore, are entitled to

TINGLEY
PIONTKOWSKI LLP
ATTORNEYS AT LAW
SAN JOSE
- 4 -
RESPONSE TO SECOND OMNIBUS OBJECTION
BK-S-06-10725-LBR

1   indemnification and contribution from USACM in the amount of $184,965.74.

2       **d.    The Doctrine of Respondeat Superior Applies**

3       15. At all times during the transaction to purchase the Palm Terrace Apartments, Hantges

4   held himself out to be acting on behalf of USACM. Evidence obtained during discovery in the

5   Palm Terrace Litigation shows that Hantges sent emails to the various parties from the email

6   address ahantges@usacapitalcorp.com. (*See* McMahon Decl. ¶ 8). The signature block on

7   Hantges' emails identified him as "Andrew Hantges, CCIM, USA Commercial Mortgage." (*Id.*)

8   Hantges also sent the Palm Terrace Plaintiffs Letters of Interest on USA Commercial Mortgage

9   letterhead which identified him as "Vice President, USA Commercial Mortgage." (*See* McMahon

10  Decl. ¶ 11) No argument can be made that Hantges was not acting within the course and scope of

11  his duties at USACM.

12      16. Furthermore, Debtor has provided no evidence that Hantges was not acting in the

13  scope and course of his employment with USACM. A proof of claim is presumed valid and, in

14  an objection, the debtor must come forward with evidence to rebut the presumption of validity.

15  *In re Southern Calif. Plastics, Inc.* 165 F.3d 1243, 1248 (9th Cir. 1999). USACM has not

16  presented any evidence that the doctrine of respondeat superior does not apply.

17      **e.    The Palm Terrace Claimants Are Not *In Pari Delicto***

18      17. *See* Paragraphs 13 and 14 above.

19      **f.    The Palm Terrace Claimants Did Not Fail to Mitigate Their Damages.**

20      18. *See* Paragraphs 8 through 10 above.

21      19. In addition, the USACM Trust has provided no evidence that the Palm Terrace

22  Claimants failed to mitigate their damages, despite its obligation to do so. *See In re Southern*

23  *Calif. Plastics, Inc.* 165 F.3d 1243, 1248 (9th Cir. 1999)

24  **III.    CONCLUSION**

25      For the forgoing reasons, the Palm Terrace Claimants respectfully ask the Court to

26  overrule the USACM Trust's objections to the claims arising out of the Palm Terrace Litigation

27  and allow such claims in the amount of $184,965.74.

28  ///

1    Dated: February 11, 2009                    TINGLEY PIONTKOWSKI LLP

2

3                                                By: _____
                                                    JONATHAN A. MCMAHON
4                                                   Attorneys for Palm Terrace Claimants

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TINGLEY
PIONTKOWSKI LLP
ATTORNEYS AT LAW
SAN JOSE

RESPONSE TO SECOND OMNIBUS OBJECTION
BK-S-06-10725-LBR