ORIGINAL          RECEIVED & FILED

'09 FEB 12 A11:39

U.S. BANKRUPTCY COURT

CURTIS R. TINGLEY (SBN 112322)
ctingley@tingleyllp.com
BRUCE C. PIONTKOWSKI (SBN 152202)
bpiontowski@tingleyllp.com
JONATHAN A. MCMAHON (SBN 239370)
jmcmahon@tingleyllp.com
TINGLEY PIONTKOWSKI LLP
10 Almaden Boulevard, Suite 430
San Jose, California 95113
Telephone:    (408) 283-7000
Facsimile:     (408) 283-7010

Attorneys for Palm Terrace Claimants

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br><br>                Debtors.<br><br>**Affects:**<br>　　All Debtors<br>X  USA Commercial Mortgage Company<br>　　USA Capital Realty Advisors, LLC<br>　　USA Capital Diversified Trust Deed Fund, LLC<br>　　USA Capital First Deed Fund, LLC<br>　　USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725-LBR<br><br>**RESPONSE TO FOURTH OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED ON PALM TERRACE LITIGATION**<br><br>Date:     **February 20, 2009**<br>Time:     **9:30 a.m.**<br>**Courtroom 1**<br>**Honorable Linda B. Riegle** |

The Palm Terrace Claimants (as defined in the Fourth Omnibus Objection of USACM Trust to Proofs of Claim Based Upon Palm Terrace Litigation) hereby respond to the USACM Liquidating Trust's Fourth Omnibus Objection of USACM Trust to Proofs of Claim Based Upon

Palm Terrace Litigation as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

1. On or about February 1, 2006, sixteen investors (the "Palm Terrace Plaintiffs") in an apartment complex known as the Palm Terrace Apartments in Las Vegas, Nevada filed an action in the Santa Clara County Superior Court (the "Palm Terrace Litigation") against the seller of the apartments and several other individuals and businesses involved in the sale. The Palm Terrace Plaintiffs' Complaint alleged causes of action for fraud, negligent misrepresentation, breach of fiduciary duty, unfair competition, false advertising, negligence, conspiracy, and aiding and abetting. At the heart of the Palm Terrace Plaintiffs' causes of action was the allegation that they and their lender, LaSalle Bank, had been provided false information, in the form of rent rolls for the apartments, regarding the apartment complex's financial situation.

2. Among the defendants in the Palm Terrace Litigation were USA Commercial Mortgage Company ("USACM") and Andrew Hantges ("Hantges"), who held himself out as a Vice President of USACM. (*See* the Declaration of Jonathan A. McMahon filed concurrently herewith (the "McMahon Decl.") at ¶ 11). Hantges represented the Palm Terrace Plaintiffs as their mortgage broker in the transaction to purchase the apartment complex. (*See* McMahon Decl. ¶ 5). In his haste to close the deal, Hantges submitted false information in the form of rent rolls and other financial documents, which he signed, to the Palm Terrace Plaintiff's lender. (*See* McMahon Decl. ¶¶ 7-10). This false information, which overstated the amount of rental income the apartments would generate, allowed the Palm Terrace Plaintiffs to obtain their loans and close escrow on the complex.

3. On November 6, 2006, the Palm Terrace Claimants (as defined in the Fourth Omnibus Objection of USACM Trust to Proofs of Claim Based Upon Palm Terrace Litigation) filed their claims against USACM, alleging that their liability, if any, in the Palm Terrace Litigation arose due to the actions of Andrew Hantges, acting on behalf of USACM as the mortgage broker for the Palm Terrace Plaintiffs.

4. In or around November 2008, the parties to the Palm Terrace Litigation, with the

TINGLEY
PIONTKOWSKI LLP
ATTORNEYS AT LAW
SAN JOSE

- 2 -

RESPONSE TO FOURTH OMNIBUS OBJECTION
BK-S-06-10725-LBR

1  exception of USACM, entered into a confidential settlement agreement and the Palm Terrace
2  Litigation was dismissed.

3      5. At least a portion of the confidential settlement was funded by one or more of the Palm
4  Terrace Claimants' insurance carriers. The Palm Terrace Claimants, however, did incur
5  $184,965.74 in legal fees arising out of the Palm Terrace Litigation that was not funded by any
6  insurance carrier. (*See* McMahon Decl. ¶¶ 2, 3).

7      6. On January 16, 2009 the USACM Trust filed its Notice of Hearing and First, Second,
8  Third, and Fourth Omnibus Objections USACM Trust to Proofs of Claim Based Upon Palm
9  Terrace Litigation.

10      7. The USACM Trust's Notice of Hearing states that, pursuant to Local Rule 2007(b),
11  this response must be filed by <u>February 13, 2009</u>.

12  **II.     RESPONSE TO OBJECTIONS**

13      **a.     Claims Are Not Duplicative.**

14      8. At the time the Palm Terrace Claimants filed their individual proofs of claim, the Palm
15  Terrace Litigation was ongoing and the Palm Terrace Claimants could only estimate each of their
16  individual liability arising out of the litigation. Thus, each Palm Terrace Claimant filed an
17  individual claim.

18      9. As a result of the confidential settlement of the Palm Terrace Litigation, the Palm
19  Terrace Claimants now know the amount of their liability arising out of the litigation. Of the
20  settlement funds, costs, and attorney's fees incurred in defending the Palm Terrace Litigation,
21  $184,965.74 were not paid by any insurance carrier. Palm Terrace Claimant WOW Enterprises,
22  Inc. (Claim # 10725-00918) incurred $184,965.74 in legal fees arising out of the joint defense of
23  the Palm Terrace Litigation and the remaining Palm Terrace Claimants have assigned their claims
24  in these proceedings to claimant WOW Enterprises, Inc. (*See* McMahon Decl. ¶¶ 2, 3).

25      10. USACM Trust is correct in that the claims originally filed by the Palm Terrace
26  Claimants do not accurately state the amount of their claims as of this date. WOW Enterprises,
27  Inc.'s claim (Claim # 10725-00918), however, remains valid in the amount of $184,965.74. (*See*
28  McMahon Decl. ¶¶ 2, 3).

TINGLEY
PIONTKOWSKI LLP
ATTORNEYS AT LAW
SAN JOSE

- 3 -

RESPONSE TO FOURTH OMNIBUS OBJECTION
BK-S-06-10725-LBR

### b. The Palm Terrace Claimants Have Standing.

11. At least a portion of the confidential settlement of the Palm Terrace Litigation was funded by one or more of the Palm Terrace Claimants' insurance carriers. The Palm Terrace Claimants, however, did incur $184,965.74 in legal fees arising out of the Palm Terrace Litigation that was not funded by any insurance carrier. This amount has been charged to Claimant WOW Enterprises, Inc. (Claim # 10725-00918) and the remaining Palm Terrace Claimants have assigned their claims in these proceedings to WOW Enterprises, Inc. (*See* McMahon Decl. ¶¶ 2, 3).

12. The Palm Terrace Claimants, therefore, have been damaged in the amount of $184,965.14 and consequently have standing to being their actions against USACM.

### c. The Palm Terrace Claimants Do Not Come With Unclean Hands

13. A proof of claim is presumed valid under Bankruptcy Rule 3001(f). "[A] proof of claim is prima facie evidence of the validity of the claim. Although the creditor bears the ultimate burden of persuasion, **the debtor must come forward with evidence to rebut the presumption of validity**." *In re Southern Calif. Plastics, Inc.* 165 F.3d 1243, 1248 (9th Cir. 1999) (emphasis added). In its Fourth Omnibus Objection, the USCAM Trust has offered no evidence that any of the Palm Terrace Claimants were complicit in, or had knowledge of, the fraud perpetrated by Hantges on the Palm Terrace Plaintiffs. The USCAM Trust, therefore, has not presented sufficient evidence to rebut the presumption of validity of the Palm Terrace Claimants' claims.

14. Evidence discovered during the Palm Terrace Litigation shows that Hantges filled out and signed falsified Multifamily Rent Rolls, Income and Expense Statements, and Collateral Information Questionnaires. (*See* McMahon Decl. ¶¶ 7-10). These were forms provided to Hantges by the Palm Terrace Plaintiffs' lender, LaSalle Bank, and submitted by Hantges to the lender in order to secure the loans to purchase the apartments. (Id.) Any fraud that was committed during the transaction to purchase the Palm Terrace Apartments was perpetrated by Hantges, acting in his capacity as a mortgage broker for USACM. The Palm Terrace Claimants do not come with unclean hands. The Palm Terrace Claimants, therefore, are entitled to

TINGLEY
PIONTKOWSKI LLP
ATTORNEYS AT LAW
SAN JOSE

- 4 -

RESPONSE TO FOURTH OMNIBUS OBJECTION
BK-S-06-10725-LBR

indemnification and contribution from USACM in the amount of $184,965.74.

### d. The Doctrine of Respondeat Superior Applies

15. At all times during the transaction to purchase the Palm Terrace Apartments, Hantges held himself out to be acting on behalf of USACM. Evidence obtained during discovery in the Palm Terrace Litigation shows that Hantges sent emails to the various parties from the email address ahantges@usacapitalcorp.com. (*See* McMahon Decl. ¶ 8). The signature block on Hantges' emails identified him as "Andrew Hantges, CCIM, USA Commercial Mortgage." (Id.) Hantges also sent the Palm Terrace Plaintiffs Letters of Interest on USA Commercial Mortgage letterhead which identified him as "Vice President, USA Commercial Mortgage." (*See* McMahon Decl. ¶ 11) No argument can be made that Hantges was not acting within the course and scope of his duties at USACM.

16. Furthermore, Debtor has provided no evidence that Hantges was not acting in the scope and course of his employment with USACM. A proof of claim is presumed valid and, in an objection, the debtor must come forward with evidence to rebut the presumption of validity. *In re Southern Calif. Plastics, Inc.* 165 F.3d 1243, 1248 (9th Cir. 1999). USACM has not presented any evidence that the doctrine of respondeat superior does not apply.

### e. The Palm Terrace Claimants Are Not *In Pari Delicto*

17. *See* Paragraphs 13 and 14 above.

### f. The Palm Terrace Claimants Did Not Fail to Mitigate Their Damages.

18. *See* Paragraphs 8 through 10 above.

19. In addition, the USACM Trust has provided no evidence that the Palm Terrace Claimants failed to mitigate their damages, despite its obligation to do so. *See In re Southern Calif. Plastics, Inc.* 165 F.3d 1243, 1248 (9th Cir. 1999)

### III. CONCLUSION

For the forgoing reasons, the Palm Terrace Claimants respectfully ask the Court to overrule the USACM Trust's objections to the claims arising out of the Palm Terrace Litigation and allow such claims in the amount of $184,965.74.

///

| | |
|---|---|
| Dated: February 11, 2009 | TINGLEY PIONTKOWSKI LLP |
| | By: _____ |
| | JONATHAN A. MCMAHON |
| | Attorneys for Palm Terrace Claimants |

TINGLEY
PIONTKOWSKI LLP
ATTORNEYS AT LAW
SAN JOSE

- 6 -

RESPONSE TO FOURTH OMNIBUS OBJECTION
BK-S-06-10725-LBR