RECEIVED & FILED

'09 FEB 13 P12 :47

US BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

Marcia Knox

1885 Vintners Place

Reno, NV 89519

February 12, 2009

Regarding: USA Commercial Mortgage Bankruptcy Case # 10725 response filed by February 13, 2009, for court hearing February 20, 2009

US Bankruptcy Court

300 Las Vegas Blvd.

South, 4th Floor

Las Vegas, NV 89101

Dear Bankruptcy Court Representative(s),

This letter is to clarify the following bankruptcy court claims made by the Marcia J. Knox Living Trust dated 8/16/04, a direct lender in the Bay Pompano Beach, LLC development, involved in the USA Commercial Mortgage Bankruptcy FKA USA Capital court proceedings, case number: 06-10725-LBR:

| Claim#       | Amount       | Represents |
|--------------|--------------|------------|
| 10725-01905  | $75,539.24   | Total of all single, non-duplicated, claims below |
| 10725-01637  | $75,539.24   | Total of all single, non-duplicated, claims below |
| 10725-01037  | $46,095.47   | Mesirows' Balance after the bankruptcy filing by USA Capital |
| 10725-00797  | $46,095.47   | Mesirows' Balance after the bankruptcy filing by USA Capital |
| 10725-00766  | $ 1,527.68   | Interest not distributed/received prior to BK (3/1/06-4/13/06)@12.5% |
| 10725-01029  | $ 1,527.68   | Interest not distributed/received prior to BK (3/1/06-4/13/06)@12.5% |
| 10725-01028  | $27,916.09   | Divert. Princ.=74,011.56(Bal3/27/06)-46,095.47(Bal6/30/06)= 27,916.09 |
| 10725-00798  | $27,916.09   | Divert. Princ.=74,011.56(Bal3/27/06)-46,095.47(Bal6/30/06)= 27,916.09 |
| 10725-04635  | Amount Unknown -- Contingent based on Legal Theories... | |

I would like to explain why there were duplicate claims filed. I wanted to ensure that the claims were received by at least one of the entities accepting the claims. In the event that the BMC group did not receive or process the claim, the bankruptcy court would have record of it. I felt there was too much at stake to take any chances. Further, I apologize if this has caused any additional work or confusion regarding my claims.

Please match claim dollar amounts in this paragraph with their corresponding claim numbers above for an explanation of claims. Prior to the bankruptcy filing by USA Commercial Mortgage, the principal balance on my last statement received, dated 3/27/06 was $74,011.56(Principal balance immediately prior to USA Capital's bankruptcy filing), which was correct based on principal paybacks that were made on the original $100,000 investment. After the bankruptcy, the Mesirow Teams' first statement received, only showed $46,095.47 (Mesirow Teams' balance immediately after the bankruptcy filing), a difference of $27,916.09 (diverted principal). This difference is the diverted principal. The claim for $1,527.68 was for interest never received from USA Commercial Mortgage on the Bay Pompano investment at 12.5% for the period from 3/1/06 – 4/13/06, the date of the filing of the bankruptcy. A grand total, all inclusive, claim is for the $75,539.24 amount which includes the unpaid interest prior to BK, diverted principal, and the principal according to Escrow's Team after the bankruptcy filing. The claim number 10725-04635 of an Unknown Amount was filed per my attorney, Steve Harris, as a catch-all claim, stating the following:

> "This claim is filed in an unknown amount. This claim is contingent and until the loans in which claimant is a direct lender have been paid off, or until the underlying collateral has been foreclosed upon and sold, claimant cannot know whether representations made by the Debtor, are not limited to, fraud, breach of fiduciary obligation, breach of a confidential relationship and violations of applicable Nevada statues governing mortgage and/or loan brokers."

Now that the meaning of all claims regarding Bay Pompano Beach have been explained, let me explain the logic behind so many claims.

I have already explained the duplication of some of the claims above, so I will not reiterate it here. My primary concern was that perhaps the court would not allow certain claims, such as diverted principal and unpaid interest prior to the BK. In such a case, I was concerned that the grand total claim may be thrown out in its entirety; therefore, I filed everything separately and completely. If the surviving claim, which includes diverted principal, unpaid interest and principal balance, is sufficient to the court, in that it can be paid, in portion, or completely, and will not be thrown out because part of it will not be recognized by the court, then the surviving claim of #10725-01905 of $75,539.24 should be acceptable, but only if the claim # 10725-04635 also remains in the Unknown amount as a "catch-all" pertaining to this loan, as well as, other loans I am invested in with USA Commercial Mortgage Company and/or various Borrowers as a direct lender. It is my understanding that this proceeding only extends to my claims for the Bay Pompano Beach investment and does not include any claims regarding other investments I am involved in.

I hope this has been helpful in simplifying the various claims sent to the bankruptcy court. I ask that the judge and/or bankruptcy court ensure that the proper claims remain active to ensure the fair and equitable payment of remaining distributions to the Marcia J. Knox Living Trust dated 8/16/04.

Respectfully,

*Marcia J. Knox, Trustee for the Marcia J. Knox Trust dated 8/16/04*

Marcia J. Knox

Trustee for the Marcia J. Knox Living Trust dated 8/16/04

cc: Lewis and Roca, John Hinderaker