**LEWIS AND ROCA LLP LAWYERS**

E-Filed on 3/2/09

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | Case No. BK-S-06-10725-LBR |
|---|---|
| USA COMMERCIAL MORTGAGE COMPANY, | Case No. BK-S-06-10726-LBR[1] |
| | Case No. BK-S-06-10727-LBR |
| USA CAPITAL REALTY ADVISORS, LLC,[1] | Case No. BK-S-06-10728-LBR[2] |
| | Case No. BK-S-06-10729-LBR[3] |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | CHAPTER 11 |
| USA CAPITAL FIRST TRUST DEED FUND, LLC,[2] | Jointly Administered Under Case No. BK-S-06-10725 LBR |
| USA SECURITIES, LLC,[3]    Debtors. | **FIRST OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED UPON INVESTMENT IN DEL VALLE HOMES, LLC ISLETON LOAN EXCEPT FOR AMOUNTS DESIGNATED AS "UNREMITTED PRINCIPAL"; AND CERTIFICATE OF SERVICE** |
| **Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Date of Hearing: April 10, 2009<br>Time of Hearing: 9:30 a.m. |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an

---

[1] This bankruptcy case was closed on September 23, 2008.

[2] This bankruptcy case was closed on October 12, 2007.

[3] This bankruptcy case was closed on December 26, 2007.

249211.1

order disallowing Proofs of Claim filed by individual investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") to the extent these claims are based upon an investment in the Del Valle Homes, LLC Isleton Loan (the "Del Valle – Isleton Loan") that has been repaid to the Direct Lenders. This Objection is supported by the Court's record and the Declaration of Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in Del Valle Homes, LLC Isleton Loan filed with the Court today (the "Burr Decl.")**.**

## I.   INTRODUCTION

1.   On about May 23, 2006, the borrower paid off the Del Valle – Isleton Loan in full. In turn, USACM distributed the proceeds from the Del Valle – Isleton Loan to the Direct Lenders who invested in the Del Valle – Isleton Loan. However, Mesirow Financial Interim Management, LLC ("Mesirow") determined that some of the proceeds from the Del Valle – Isleton Loan were diverted by USACM and thus never paid to the Direct Lenders ("Unremitted Principal"). Minus Unremitted Principal, the Direct Lenders were paid in full on the Del Valle – Isleton Loan, subject to servicing fees and any other charges under their respective Loan Servicing Agreements and this Court's orders, including the Confirmation Order.

2.   To the extent the Direct Lenders were paid, there is no longer any basis for a Direct Lender claim against USACM based upon an investment in the Del Valle – Isleton Loan and the USACM Trust objects to those amounts. As for Unremitted Principal, the USACM Trust asks that the Court allow those amounts as general unsecured claims. A break down of each Direct Lender's claim on the Del Valle – Isleton Loan, including the amount of Unremitted Principal to be allowed as a general unsecured claim, is listed in **Exhibit A**, attached.



## II.  JURISDICTION

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

2. The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.  BACKGROUND

1. On April 13, 2006 ("Petition Date"), USACM, USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF," together with DTDF, the "Funds") (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Debtors' post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

2. USACM is a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.

3. That business included the solicitation of individual investors to purchase fractional interest in loans that USACM originated and then serviced.  These investors, totaling approximately 3,600 as of the Petition Date, are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

4. Although USACM serviced and sometimes originated the loans in which the Direct Lenders invested, generally USACM was not a borrower on these loans.

249211.1

5. On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] (the "Bar Date Order"). The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file proof of claims.

6. On September 25, 2006, Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358]. All Creditors, including the Direct Lenders, were served with a copy of the Bar Date order as well [Docket No. 1358].

7. On November 6, 2006, a stipulation was filed and an order entered extending the Bar Date for Direct Lenders only to file proofs of claim until January 13, 2007 [Docket No. 1729].

8. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376] (the "Confirmation Order").

9. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

10. Under the Plan, unsecured claims of Direct Lenders against USACM are classified in Class A-5. Allowed Unsecured Claims "shall receive a beneficial interest in the USACM Trust, and on account of their Allowed Claim may receive a Pro Rata Share of the assets of the USACM Trust after satisfaction of all Allowed unclassified Claims, Allowed Class A-1, A-2, and A-3 Claims, and all post-Effective Date fees, costs, and expenses of implementation of the USACM Plan for USACM and the USACM Trust."

11. The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee.

12. **Exhibit A** to this Objection lists Proofs of Claim filed by Direct Lenders that appear to be based entirely upon an investment in the Del Valle – Isleton Loan. (Burr Decl. ¶ 7.) For each claim listed, **Exhibit A** identifies the Proof of Claim number, the

claimant, the claimant's address, the total amount of the claim and the total amount of Unmitted Principal scheduled by Mesirow. The claims listed in **Exhibit A** are referred to hereafter as the Del Valle – Isleton Claims**.** (Burr Decl. ¶ 7.)

13. The column listing "Unremitted Principal" on **Exhibit A** represents amounts determined by Mesirow to be General Unsecured Claims held against the USACM Estate as a result of USACM collecting principal from a Borrower under a loan, but not remitting such principal to the Direct Lender. (Burr Decl. ¶ 8.) Amounts designated as Unremitted Principal are documented in the Third Amendment to Bankruptcy Schedule F-1 of the Schedules and Statements filed on March 20, 2007. (Burr Decl. ¶ 8.)

14. On or about May 23, 2006, the Del Valle – Isleton Loan was paid off in full by the borrower, as reflected in USACM's books and records. (Burr Decl. ¶ 9.) Shortly thereafter, USACM processed the payoff and distributed the proceeds to the Direct Lenders on the Del Valle – Isleton Loan. (Burr Decl. ¶ 9.)

15. Minus Unremitted Principal, the Direct Lenders were in turn paid in full, subject to servicing fees and any other charges under their respective Loan Servicing Agreements and this Court's orders, including the Confirmation Order. In general, the Direct Lenders received their principal and interest on the Del Valle – Isleton Loan, less Unremitted Principal and sums withheld for servicing fees, servicer advances, Prepaid Interest and sums known as the 2% Holdback pursuant to the Confirmed Plan. On the Effective Date of the Plan, the Prepaid Interest was applied, a portion of the 2% Holdback was applied to the allowed claims of the Direct Lender Committee, and the balance paid to the Direct Lenders. (Burr Decl. ¶ 10.)

16. Accordingly, the USACM Trust no longer has further obligations to the Direct Lenders arising out of the Del Valle – Isleton Loan to the extent that loan has been repaid to the Direct Lenders, pursuant to USACM's books and records. (Burr Decl. ¶ 11.)

249211.1



## IV. APPLICABLE AUTHORITY

1. Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

2. The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a). This objection is timely under the confirmed Plan, as the deadline for such objections has been extended to February 12, 2009, by this Court's orders.

3. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

## V. OBJECTION TO CLAIMS LISTED IN EXHIBIT A; EXCEPT FOR UNREMITTED PRINCIPAL WHICH SHOULD BE ALLOWED AS A GENERAL UNSECURED CLAIM.

1. **Exhibit A** attached and incorporated by this reference lists the Del Valle – Isleton Claims. The USACM Trust objects to these claims to the extent they are based upon an investment in the Del Valle – Isleton Loan that USACM repaid to the Direct Lenders. According to USACM's books and records as reconstructed by Mesirow, the Del Valle – Isleton Loan has been repaid in full, and the Direct Lenders have received

249211.1

such payment, except for Unremitted Principal, as provided by the applicable Loan Servicing Agreement, this Court's orders and the Confirmation Order.

2. As for the amounts designated as Unremitted Principal on **Exhibit A,** the USACM Trust moves the Court to allow those amounts as general unsecured claims.

3. The USACM Trust reserves the right to further object to any and all Claims, whether or not the subject of this Objection, for allowance and/or distribution purposes on any other grounds. The USACM Trust further reserves the right to modify, supplement and/or amend this Objection as it pertains to any Claim or claimant herein.

## VI.    CONCLUSION

1. The USACM Trust respectfully requests that the Court allow the amounts listed as "Unremitted Principal" on **Exhibit A** as general unsecured claims, but disallow the remainder of the claim because it is based upon an investment that has been repaid in full. The USACM Trust also requests such other and further relief as is just and proper.

Dated: March 2, 2009.

LEWIS AND ROCA LLP


By /s/ John Hinderaker (#18024)
   Rob Charles, NV 6593
   John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: jhinderaker@rlaw.com
*Attorneys for the USACM Liquidating Trust*

249211.1

LEWIS AND ROCA LLP LAWYERS

1  Copy of the foregoing mailed by first class
   Postage prepaid U.S. Mail on
2  March 2, 2009 to:

3  All parties in interest listed on
   Exhibit A attached.

4

5   /s/ Renee L. Creswell
   Renee L. Creswell

249211.1