**LEWIS AND ROCA LLP — LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 3/4/09

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br>　　　　　　　　　　　　Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**Objection of USACM Trust to Proofs of Claim filed by William Daniel Carter, Trustee As Duplicative and Based in Part Upon an Investment in FTDF (with Certificate of Service)**<br><br>Date of Hearing: April 10, 2009<br>Time of Hearing: 9:30 a.m. |

　　　　The USACM Liquidating Trust (the "USACM Trust") objects to Proofs of Claim filed by William Daniel Carter. Pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), requests that the Court disallow: Proof

---

[1] This bankruptcy case was closed on September 23, 2008.

[2] This bankruptcy case was closed on October 12, 2007.

[3] This bankruptcy case was closed on December 21, 2007.

1943083.1

of Claim No. 10725-01104 on the ground it is duplicative of claim 10725-01299; and disallow $75,000 of Proof of Claim No. 10725-01299 filed in the wrong debtor case by William Daniel Carter, Trustee ("Carter").

## I.   JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II.   BACKGROUND

1.    On April 13, 2006 ("Petition Date"), USACM, USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF," together with DTDF, the "Funds") (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Debtors' post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

2.    USACM is a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.

3.    On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest (the "Bar Date Order") [Docket No. 1280].  The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file proof of claims.

1943083.1

4.  On September 25, 2006, the Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358]. All Direct Lenders were served with a copy of the Bar Date order as well [Docket No. 1358].

5.  On November 6, 2006, a stipulation was filed and an order entered extending the Bar Date for Direct Lenders only to file proofs of claim until January 13, 2007 [Docket No. 1729].

6.  On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" [Docket No. 2376].

7.  Debtors' Third Amended Chapter 11 Plan of Reorganization (the "Plan") [Docket No. 1799] provides the following deadlines for objections to Claims:

   a.  for any and all Claims and Equity Interests to which the General Bar Date applies, ninety (90) days after the Effective Date; (B) for any and all Claims to which the Administrative Claims Bar Date or the Professionals Administrative Bar Date applies, thirty (30) days after the expiration of the respective Bar Date; and (C) for any and all Claims to which the Bar Date applicable under section B.3 of Art. V of the Plan applies, thirty (30) days after the expiration of that Bar Date.

8.  USACM's claims and noticing agent received approximately 2,436 proofs of claim as of the January 13, 2007 Bar Date, asserting claims totaling more than $997,000,000, plus unknown amounts based on unliquidated Claims.

9.  Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

10. The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee.

**II.  APPLICABLE AUTHORITY**

1.  Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the

1943083.1



Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

2. The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a). This objection is timely under the confirmed Plan, as the deadline for such objections has been extended to June 10, 2009, by this Court's orders.

3. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

### III. OBJECTION TO CLAIM

1. USACM Trust objects to Proof of Claim No. 10725-01104 filed by William Daniel Carter in the amount of $107,998.21 on the ground that it is a duplicate of Proof of Claim No. 10725-01299.

2. USACM Trust objects to Claim 10725-01299 filed by William Daniel Carter in the amount of $107,998.21 on the ground that a portion of this claim ($75,000) was incorrectly filed in the USA Commercial Mortgage Company ("USACM") case. According to the attachment to the proof of claim, $75,000 of the claim is based upon an investment for 15,000 units of Class C in USA Capital First Trust Deed Fund ("FTDF"). The USACM Trust respectfully requests that $75,000 of claim 10725-01299 be disallowed as a claim against USACM. Any claim held by Carter against USACM solely on account



of the investment in FTDF is derivative of FTDF's claims against USACM. Under a settlement approved by the Court on June 12, 2007, all such claims were settled, with FTDF holding a $7.0 million allowed general unsecured claim and beneficial interest in the USACM Liquidating Trust. The equity interest holders in FTDF will share in any recovery on account of that claim. Any equity interest that the claimant has in FTDF will not be affected by this objection.

3. The USA Capital First Trust Deed Fund case was closed on October 12, 2007.

**V.  CONCLUSION**

Accordingly, the USACM Trust respectfully request that the Court disallow proof of claim 10725-1104 on the ground it is a duplicative; and disallow $75,000 of proof of claim 10725-01299 as a claim against USACM on the ground that: (1) any claim held by Carter against USACM solely on account of any investment in FTDF is derivative of FTDF's claims against USACM, and equity interest holders in FTDF will share in any recovery on account of that claim.

The USACM Trust also requests such other and further relief as is just and proper.

DATED: March 4, 2009.

                        LEWIS AND ROCA LLP

By /s/ John Hinderaker (#18024)
   Rob Charles, NV 6593
   John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Telephone:  (702) 949-8200
Facsimile:   (702) 949-8398
E-mail:  rcharles@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

1943083.1

LEWIS AND ROCA LLP LAWYERS

1 PROOF OF SERVICE

2 Copy of the foregoing mailed by First Class, U.S. Mail, postage prepaid, on
3 March 4, 2009 to the following parties:

4
William Daniel Carter, Trustee
5 8710 54th Avenue East
Bradenton, FL 34211
6

7
 /s/ Carrie Lawrence
8 Carrie Lawrence

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6

1943083.1