LEWIS AND ROCA LLP LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: RCharles@LRLaw.com
Susan M. Freeman, AZ 004199
Email: SFreeman@LRLaw.com
Anthony W. Austin, NV 10850
Email: AAustin@LRLaw.com

Attorneys for USACM Liquidating Trust

E-filed on 3/23/09

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>USA Capital Realty Advisors, LLC,[1]<br><br>USA Capital Diversified Trust Deed Fund, LLC,<br><br>USA Capital First Trust Deed Fund, LLC,[2]<br><br>USA Securities, LLC,[3]<br>                             Debtors.<br><br>**Affects:**<br>☒ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**Response To Motion To Interpret The USA Capital Reorganization Plan With Respect To Professionals Liability**<br><br>Date of Hearing: April 10, 2009<br>Time of Hearing: 9:30 a.m. |

      USACM Liquidating Trust (the "USACM Trust") asks the Court to deny the Motion to Interpret the USA Capital Reorganization Plan With Respect to Professionals Liability (the "Motion") filed by Alfred Olsen, Jr. [DE 6894]. The Motion requests an improper advisory opinion from the Court, over causes of action that the movant does not own. Assertion of causes of action would violate the confirmed Plan of Reorganization.

---

[1] This bankruptcy case was closed on September 23, 2008.

[2] This bankruptcy case was closed on October 12, 2007.

[3] This bankruptcy case was closed on December 21, 2007.

2030865.2



Perhaps most practically, assertion of such a cause of action would waste resources that should be used to repay creditors.

## Memorandum of Points and Authorities

### Background

The Confirmation Order[4] confirmed Debtors' reorganization plan.[5]  In the months between the voluntary bankruptcy filings on April 13, 2006 and entry of the Confirmation Order, Debtors continued to operate as debtors-in-possession, managed by Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer, as approved by the Court.[6]  Each Debtor employed counsel, and Official Committees for USACM unsecured creditors, DTDF and FTDF members respectively, and direct lenders were formed and retained counsel and other professionals. Upon Plan confirmation, each of the professional firms sought and were granted a final award of compensation for services rendered and expenses incurred, including Mesirow.[7]

---

[4] January 8, 2007 Order Confirming The "Debtors' Third Amended Joint Chapter 11 Plan Of Reorganization," As Modified Herein (the "Confirmation Order") [DE 2376].

[5] Debtors' Third Amended Joint Chapter 11 Plan Of Reorganization (the "Plan") [DE 1799] filed by USA Commercial Mortgage Company ("USACM"), USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF," together with DTDF, the "Funds") (collectively, the "Debtors").

[6] E.g., Debtors' Motion For Order Authorizing (I) The Employment And Retention Of Mesirow Financial Interim Management, LLC As Crisis Managers For The Debtors, And (II) The Designation Of Thomas J. Allison of Mesirow Financial Interim Management, LLC As Chief Restructuring Officer For The Debtors And The Employment Of Certain Temporary Employees [DE 6]; Interim Order Authorizing the Employment of Thomas J. Allison of Mesirow Financial Interim Management, LLC as Chief Restructuring Officer for the Debtors and Debtors-in-Possession [DE 26]; Order Granting (1) Application by Debtor and Debtor in Possession for Authorization to Retain and Employ Schwartzer & McPherson Law Firm as Counsel Under General Retainer; (2) Debtor's Application to Employ and Retain Ray Quinney & Nebeker P.C. as Counsel for All Debtors; (3) Debtors' Motion for Order Authorizing (i) The Employment and Retention of Mesirow Financial Interim Management, LLC as Crisis Managers for the Debtors, and (ii) The Designation of Thomas J. Allison of Mesirow Financial Interim Management, LLC as Chief Restructuring Officer for the Debtors and the Employment of Certain Temporary Employees [DE 1137].

[7] Order Approving Application for Entry of Order Finally Allowing and Approving All Compensation and Expenses Incurred by Mesirow Financial Interim Management LLC, in



Mr. Olsen's Motion asks the Court for an advisory opinion:

(A) Whether the Plan grants professionals employed by the estate, and in particular Mesirow Financial Services LLC, the former Chief Restructuring Officer, has **absolute immunity** from lawsuits filed by creditors of the estate.

(B) Whether the Plan absolutely prohibits lawsuits against Plan Professionals, and in particular Mesirow, by creditors of the estate for negligence or lack of good faith pursuant to the injunction provisions of the Plan.

The Motion implicates certain Plan provisions.

The Plan conveys all assets of USACM to the USACM Trust. Section IV.D.1 of the Plan provides that the USACM Trust "shall be funded by with all assets of the USACM Estate not collected or disposed of prior to the Effective Date, including Cash and noncash proceeds." Thus, the USACM Trust succeeds to all causes of actions USACM had or may have, including claims against professionals employed by USACM.

To prevent interference with the USACM Trust's pursuit of these claims, the Plan at Section IV.H provides that:

> As of the Effective Date, all Entities are precluded from asserting against any assets that are distributed or to be distributed under the Plan any Claims, rights, causes of action, liabilities or interests based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, other than as expressly provided in the Plan or Confirmation Order, regardless of the filing, lack of filing, allowance or disallowance of such a Claim or Equity Interest and regardless of whether such an Entity has voted to accept the Plan.

To prevent further interference from other parties Section VIII.A.1 of the Plan provides for the limitation of liability and states that:

> Except as otherwise expressly provided in the Plan, on or after the Effective Date, none of the Debtors, the Debtors in Possession, the Committees, the members of the Committees, nor any of their employees, officers, directors, agents, or representatives, nor any Professionals employed by any of them, shall have or incur any liability to any Entity for any authorized act taken or authorized omission made in good faith in connection with or related to the Chapter 11 Cases of the Estates

---

its Capacity as Debtors' Crisis Managers and Chief Restructuring Officers for the period April 13, 2006 through March 12, {2007} [DE 4505].



**Argument**

I.    **The Motion Seeks An Improper Advisory Opinion**

This Court may only exercise jurisdiction over a case or controversy.[8] Accordingly, this Court lacks jurisdiction to issue advisory opinions.[9]

The Motion asks the Court to describe the perimeter of an unknown suit by unknown plaintiffs on unexplained theories in order to avoid violation of the confirmed Plan. The request is, simply put, a request for an advisory opinion or answer to a hypothetical question, over which the Court lacks jurisdiction.

II.    **The Estates' Causes Of Action Against Mesirow Are Owned By The Post-Confirmation Entities, Protected By An Injunction, And Largely Released**

As explained above, the confirmed Plan re-vests all estate assets in the applicable post-confirmation entities. For example, Section IV.D.1 of the Plan vests USACM property, including causes of action, in the USACM Trust. Given that Mesirow was employed as a professional to USACM, logically any cause of action against Mesirow would now be owned by the Trust.

The Plan anticipated and bars creditors' efforts to wrest estate assets from the post-confirmation entities after Plan confirmation. For example, Section IV.H of the Plan prevents creditors from exercising control over or interfering with estate assets.

Third, with respect to professionals, the Plan limited the causes of action that could be asserted after Plan confirmation. Section VIII.A.1 of the Plan prevents any cause of action against a professional for an action taking during the administration of the estates in good faith. Creditors were free to object to the professionals' fee applications, and some did so. What they were not free to do was to wait years after Plan confirmation to assert

---

[8] *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997); *In re Di Giorgio*, 134 F.3d 971, 974 (9th Cir.1998).

[9] *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 241 (1937); *In re MacNeil*, 907 F.2d 903 (9th Cir. 1990) (lower courts' opinions on claims priority vacated as improper advisory opinion).

2030865.2



causes of action against estate professionals for actions taken in relation to the bankruptcy cases.

Parenthetically, the USACM Trust would ask the movant to consider the unnecessary expense that responding to the Motion involves. The Trustee and his counsel have worked on this response. Counsel to USACM in liquidation may also incur expense, and perhaps Mesirow as well. Mesirow administers a claims reserve that is used to pay the post-Effective Date billings by USACM's counsel and Mesirow. Any unused funds will revert to the Trust, and spending them on this process seems simply wasteful.

### Conclusion

The Motion seeks an advisory opinion interpreting provisions of the Plan that are unambiguous on their face. The structure of the Plan clearly vests all causes of actions owned by USACM in the USACM Trust. The Plan provides that the USACM Trust is the exclusive entity to pursue these claims. To effectuate this, the Plan prevents other parties, such as Mr. Olsen, from asserting those causes of interest in interference with the USACM Trust's activities. Accordingly, Mr. Olsen's Motion should be denied.

DATED: March 23, 2009.

**LEWIS AND ROCA LLP**

By /s/ RC 6593
  Rob Charles, NV 6593
  Susan M. Freeman, AZ 004199 (*pro hac vice*)
  Anthony W. Austin, NV 10850
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8320
Facsimile: (702) 949-8321
E-mail: rcharles@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

2030865.2

LEWIS AND ROCA LLP LAWYERS

PROOF OF SERVICE

COPY of the foregoing sent via e-mail on March 23, 2009 to the parties listed on Post-Effective Official Service List for Limited Notice No. 4 Dated January 8, 2008 and to the following party:

Jeffrey A. Cogan, Esq.
3990 Vegas Drive
Las Vegas, Nevada 89108
Jeffrey@jeffreycogan.com
*Attorney for Movant, Alfred Olsen, Jr.*

/s/ Carrie Lawrence
Carrie Lawrence
Lewis and Roca LLP

2030865.2