**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Susan M. Freeman AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 3/25/09

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br>                       Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**Objection of USACM Trust to Proof of Claim of Newby 1984 Family Trust Dated 3/19/84 As Filed Partially in Wrong Debtor's Case; Objection of DTDF to Proposed Allowance of Claim (with Certificate of Service)**<br><br>Date of Hearing:  April 30, 2009<br>Time of Hearing: 9:30 a.m. |

      Newby 1984 Family Trust Dated 3/19/84 ("Newby") filed Proof of Claim No. 10725-02487 against USA Commercial Mortgage Company ("USACM") in the amount of $345,000.00 (the "Claim").  The USACM Liquidating Trust (the "USACM Trust") objects to the allowance of $144,000 of the Claim because it is based upon an investment in USA

---

[1] This bankruptcy case was closed on September 23, 2008.

[2] This bankruptcy case was closed on October 12, 2007.

[3] This bankruptcy case was closed on December 21, 2007.

2030609.1

Capital Diversified Trust Deed Fund ("DTDF") and was therefore filed in the wrong debtor case.

DTDF further objects to any allowance of the Claim against the DTDF Estate. DTDF has determined that Newby has an allowed proof of interest in the DTDF case for $144,141.97. This objection does not prejudice Newby's rights as a DTDF member to recover from the DTDF estate on a pro rata basis for Newby's membership interest.

This objection is made pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## I.    JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007. The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II.   BACKGROUND

1.   On April 13, 2006 ("Petition Date"), USACM, USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF," together with DTDF, the "Funds") (collectively, "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtors' post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

2.   USACM is a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.

LEWIS AND ROCA LLP LAWYERS

3. On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest (the "Bar Date Order") [Docket No. 1280]. The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file Proofs of claim.

4. On September 25, 2006, the Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358]. All Direct Lenders were served with a copy of the Bar Date order as well [Docket No. 1358].

5. On November 6, 2006, a stipulation was filed and an order entered extending the Bar Date for Direct Lenders only to file Proofs of Claim until January 13, 2007 [Docket No. 1729].

6. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" [Docket No. 2376].

7. Debtors' Third Amended Chapter 11 Plan of Reorganization (the "Plan") [Docket No. 1799] provides the following deadlines for objections to Claims:

    a. for any and all Claims and Equity Interests to which the General Bar Date applies, ninety (90) days after the Effective Date; (B) for any and all Claims to which the Administrative Claims Bar Date or the Professionals Administrative Bar Date applies, thirty (30) days after the expiration of the respective Bar Date; and (C) for any and all Claims to which the Bar Date applicable under section B.3 of Art. V of the Plan applies, thirty (30) days after the expiration of that Bar Date.

8. USACM's claims and noticing agent received approximately 2,436 Proofs of Claim as of the January 13, 2007 Bar Date, asserting claims totaling more than $997,000,000, plus unknown amounts based on unliquidated Claims.

9. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

10. The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee.

2030609.1

## II. APPLICABLE AUTHORITY

1. Under the Bankruptcy Code, any Claim for which a Proof of Claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the Proof of Claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

2. The USACM Trust is entitled to object to Proofs of Claim under 11 U.S.C. § 502(a). This objection is timely under the confirmed Plan, as the deadline for such objections has been extended to June 10, 2009, by this Court's orders.

3. A properly filed Proof of Claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

## III. OBJECTION TO CLAIM

1. USACM Trust objects to the allowance of $144,000 of the Claim because it is based upon an investment in DTDF and was therefore incorrectly filed in the USACM case. This is demonstrated by the attachments to the Proof of Claim.

2. The USACM Liquidating Trust ("USACM Trust"), as successor to USACM entered into a settlement with USA Capital Diversified Trust Deed Fund, LLC. On April 1, 2008, the Order Granting Motion to Approve Settlement Agreement with USA Capital Diversified Trust Deed Fund, LLC [DE 6091] was signed by this Court. Because DTDF

4

2030609.1



was granted a $128 million unsecured claim in the USACM Estate, any claim held by Newby against USACM solely on account of the investment in DTDF is derivative of DTDF's claims against USACM, and Newby may not prosecute such claims on Newby's own behalf.

3. In *In re Van Dresser Corp.*, plaintiff was a shareholder of Van Dresser, which owned two subsidiaries.[4] The president of Van Dresser looted the subsidiaries, ultimately forcing them and Van Dresser into bankruptcy. The plaintiff had guaranteed $1.125 million in loans to the debtor, and had to repay them when debtor defaulted. Plaintiff then sued the debtor's principal, and two other defendants (who he alleged aided and abetted the corporate looting) for various torts, including conversion, breach of fiduciary duty, and civil conspiracy.

4. The court stated that a debtor's trustee has the exclusive right to assert a debtor's claims, and that a claim belongs solely to the debtor's estate if the debtor could have raised the claim at the commencement of the bankruptcy case.[5] Additionally, if a judgment against a defendant by either the debtor or another party asserting the debtor's claim precludes the other from recovery, then the claims are not independent of each other and belong exclusively to the debtor.[6]

5. Thus, because both the plaintiff and the debtor corporation could state claims for damages against the defendants, but only one could recover on those claims, by default the claims were exclusively property of the Van Dresser trustees.[7] In order for a plaintiff

---

[4] *In re Van Dresser Corp.*, 128 F.3d 945 (6th Cir. 1997).

[5] *Id*. at 947 (*citing In re Educators Group Health Trust*, 25 F.3d 1281, 1284 (5th Cir. 1994); *see also In re Real Marketing Services, LLC*, 309 B.R. 783 (S.D. Cal. 2004) (citing *Van Dresser* with approval in a case involving an LLC debtor).

[6] *Id*.

[7] *Id*. at 948.

2030609.1



1   to bring a claim, either the trustee must have truly abandoned the claim, or the plaintiff
2   must be able to allege a distinct and specific injury.[8]

3   6.   Similarly, in *In re Real Marketing*, the debtor had attempted to enter into an
4   asset purchase agreement that specifically included the assumption of debt owed to the
5   debtor's managing member.  The agreement fell through, and after the managing member
6   filed an involuntary petition for relief against the debtor, the managing member asserted
7   various causes of action against the purchasing company, including contract claims, debt
8   assumption claims, misrepresentation claims, and interference claims.[9]  The court,
9   however, found that all of the claims involved both the debtor's managing member and the
10  debtor itself, and thus the right to pursue all of the causes of action resided with the
11  trustee.[10]

12  7.   DTDF further objects to any allowance of Newby's claim as a claim against
13  the DTDF Estate.  DTDF has determined that Newby has an allowed proof of interest in
14  the DTDF case in the amount of $144,141.97.  This objection does not seek to prejudice
15  the rights of Newby as a DTDF member to recover from the DTDF estate on a pro rata
16  basis on account of Newby's membership interest in the amount of $144,141.97.  Newby
17  shall retain an interest in DTDF in the amount of $144,141.97, as reflected in the books
18  and records of DTDF, and Newby is entitled to receive distributions on a pro rata basis
19  with all other DTDF members.

---

[8] *Id*. at 949 (for example, a claim for the attorneys' fees plaintiff incurred defending the suits on the guaranty).

[9] *In re Real Marketing*, 309 B.R. 783, 786-87 (S.D. Cal. 2004).

[10] *See also In re Ionosphere Clubs, Inc.*, 156 B.R. 414 (S.D.N.Y. 1993) (courts determine whether action is individual or derivative based on state law, and the preferred shareholders breach of fiduciary duty claims were derivative per Delaware law); *In re Van Dresser*, 128 F.3d at 947 ("whether a creditor has sole right to a cause of action is determined in accordance with state law").

2030609.1

## V. CONCLUSION

Accordingly, the USACM Trust and DTDF, pursuant to Bankruptcy Code section 502, Federal Rule of Bankruptcy Procedure 3007, and Local Rule of Bankruptcy Practice 3007, seek entry of an order that will disallow $144,000 of Newby's claim against USACM, disallow any proposed allowance of Newby's claim in the DTDF case, and appropriately allow Newby to retain an equity interest in DTDF in the amount of $144,141.97 as reflected in the books and records of DTDF as of April 13, 2006. The USACM Trust reserves the right to object to the balance of the claim at a later date.

DATED: March 25, 2009.

LEWIS AND ROCA LLP

By /s/ John Hinderaker (#18024)
Rob Charles, NV 6593
John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: rcharles@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

PROOF OF SERVICE

Copy of the foregoing mailed by First Class, U.S. Mail, postage prepaid, on March 25, 2009 to the following party:

Newby 1984 Family Trust Dated 3/19/84
c/o C E Newby & Carole Newby Trustees
5209 Elm Grove Dr
Las Vegas, NV 89130-3669

/s/ Carrie Lawrence
Carrie Lawrence

2030609.1