

LEWIS
AND
ROCA
——— LLP ———
L A W Y E R S

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 3/26/09

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-06-10725-LBR |
| | Case No. BK-S-06-10726-LBR[1] |
| USA COMMERCIAL MORTGAGE COMPANY, | Case No. BK-S-06-10727-LBR |
| | Case No. BK-S-06-10728-LBR[2] |
| | Case No. BK-S-06-10729-LBR[3] |
| USA CAPITAL REALTY ADVISORS, LLC,[1] | CHAPTER 11 |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, | Jointly Administered Under Case No. BK-S-06-10725 LBR |
| USA CAPITAL FIRST TRUST DEED FUND, LLC,[2] | **SECOND OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED, IN WHOLE OR IN PART, UPON INVESTMENT IN COPPER SAGE COMMERCE CENTER, LLC LOAN EXCEPT FOR AMOUNTS DESIGNATED AS "UNREMITTED PRINCIPAL"; AND CERTIFICATE OF SERVICE** |
| USA SECURITIES, LLC,[3] Debtors. | |
| **Affects:** ☐ All Debtors ☒ USA Commercial Mortgage Company ☐ USA Capital Realty Advisors, LLC ☐ USA Capital Diversified Trust Deed Fund, LLC ☐ USA Capital First Trust Deed Fund, LLC ☐ USA Securities, LLC | Date of Hearing: April 30, 2009 Time of Hearing: 9:30 a.m. |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant

to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and

Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an

---

[1] This bankruptcy case was closed on September 23, 2008.

[2] This bankruptcy case was closed on October 12, 2007.

[3] This bankruptcy case was closed on December 26, 2007.

252568.1



LEWIS
AND
ROCA
——LLP——
L A W Y E R S

order disallowing the Proofs of Claim filed by individual investors ("Direct Lenders")

against USA Commercial Mortgage Company ("USACM") to the extent such claims are

based upon an investment in the Copper Sage Commerce Center, LLC Loan (the "Copper

Sage I Loan") that has been repaid to the Direct Lenders.  This Objection is supported by

the Court's record and the Declaration of Edward M. Burr in Support of Omnibus

Objections to Proofs of Claim Based Upon the Investment in Copper Sage Commerce

Center, LLC Loan filed with the Court today (the "Burr Decl.").

## I.    INTRODUCTION

1.    On about June 22, 2006, the borrower paid off the Copper Sage I Loan in

full.  In turn, USACM distributed the proceeds from the Copper Sage I Loan to the Direct

Lenders who invested in the Copper Sage I Loan.  However, Mesirow Financial Interim

Management, LLC ("Mesirow") determined that some of the proceeds from the Copper

Sage I Loan were diverted by USACM and thus never paid to the Direct Lenders

("Unremitted Principal").  Minus Unremitted Principal, the Direct Lenders were paid in

full on the Copper Sage I Loan, subject to servicing fees and any other charges under their

respective Loan Servicing Agreements and this Court's orders, including the Confirmation

Order.

2.    To the extent the Direct Lenders were paid, there is no longer any basis for a

Direct Lender claim against USACM based upon an investment in the Copper Sage I Loan

and the USACM Trust objects to those amounts.  As for Unremitted Principal, the

USACM Trust asks that the Court allow those amounts as general unsecured claims.  A

break down of each Direct Lender's claim on the Copper Sage I Loan, including the

amount of Unremitted Principal to be allowed as a general unsecured claim, is listed in

**Exhibit A**, attached.

252568.1



1

## II.    JURISDICTION

2      1.      The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334

3   and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core

4   proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

5      2.      The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and

6   Bankruptcy Rule 3007.

7

## III.   BACKGROUND

8      1.      On April 13, 2006 ("Petition Date"), USACM, USA Securities, LLC ("USA

9   Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified

10  Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF,"

11  together with DTDF, the "Funds") (collectively, the "Debtors"), filed voluntary petitions

12  for relief under chapter 11 of the Bankruptcy Code.  Debtors continued to operate their

13  businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the

14  Bankruptcy Code.  Debtors' post-petition management of the Debtors was under the

15  direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC

16  ("Mesirow"), who served as the Chief Restructuring Officer.

17     2.      USACM is a Nevada corporation that, prior to the Petition Date, was in the

18  business of underwriting, originating, brokering, funding and servicing commercial loans

19  primarily secured by real estate, both on behalf of investors and for its own account.

20     3.      That business included the solicitation of individual investors to purchase

21  fractional interest in loans that USACM originated and then serviced.  These investors,

22  totaling approximately 3,600 as of the Petition Date, are referred to as "Direct Lenders" in

23  USACM's bankruptcy case and in this Objection.

24     4.      Although USACM serviced and sometimes originated the loans in which the

25  Direct Lenders invested, generally USACM was not a borrower on these loans.

26

252568.1



5.      On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] (the "Bar Date Order").  The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file proof of claims.

6.      On September 25, 2006, Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358].  All Creditors, including the Direct Lenders, were served with a copy of the Bar Date order as well [Docket No. 1358].

7.      On November 6, 2006, a stipulation was filed and an order entered extending the Bar Date for Direct Lenders only to file proofs of claim until January 13, 2007 [Docket No. 1729].

8.      On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376] (the "Confirmation Order").

9.      Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

10.     Under the Plan, unsecured claims of Direct Lenders against USACM are classified in Class A-5.  Allowed Unsecured Claims "shall receive a beneficial interest in the USACM Trust, and on account of their Allowed Claim may receive a Pro Rata Share of the assets of the USACM Trust after satisfaction of all Allowed unclassified Claims, Allowed Class A-1, A-2, and A-3 Claims, and all post-Effective Date fees, costs, and expenses of implementation of the USACM Plan for USACM and the USACM Trust."

11.     The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007.  Geoffrey L. Berman is the Trustee.

12.     **Exhibit A** to this Objection lists Proofs of Claim filed by Direct Lenders that appear to be based, in part, upon an investment in the Copper Sage I Loan.  (Burr Decl. ¶

4



7.)  **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim, the total amount of the claim that appears to be related to an investment in the Copper Sage I Loan based upon the information provided by the claimant, and the total amount of Unremitted Principal scheduled by Mesirow.  (Burr Decl. ¶ 7.)  The claims listed in **Exhibit A** are referred to hereafter as the Copper Sage I Claims**.**

13.    The column listing "Unremitted Principal" on **Exhibit A** represents amounts determined by Mesirow to be General Unsecured Claims held against the USACM Estate as a result of USACM collecting principal from a Borrower under a loan, but not remitting such principal to the Direct Lender.  (Burr Decl. ¶ 8.)  Amounts designated as Unremitted Principal are documented in the Third Amendment to Bankruptcy Schedule F-1 of the Schedules and Statements filed on March 20, 2007.  (Burr Decl. ¶ 8.)

14.    On or about June 22, 2006, the Copper Sage I Loan was paid off in full, as reflected in USACM's books and records.  (Burr Decl. ¶ 9.)  Shortly thereafter, USACM processed the payoff and distributed the proceeds to the Direct Lenders on the Copper Sage I Loan.  (Burr Decl. ¶ 9.)

15.    Minus Unremitted Principal, the Direct Lenders were in turn paid in full, subject to servicing fees and any other charges under their respective Loan Servicing Agreements and this Court's orders, including the Confirmation Order.  In general, the Direct Lenders received their principal and interest on the Copper Sage I Loan, less Unremitted Principal and sums withheld for servicing fees, servicer advances, Prepaid Interest and sums known as the 2% Holdback pursuant to the Confirmed Plan.  On the Effective Date of the Plan, the Prepaid Interest was applied, a portion of the 2% Holdback was applied to the allowed claims of the Direct Lender Committee, and the balance paid to the Direct Lenders.  (Burr Decl. ¶ 10.)

252568.1



16.     Accordingly, the USACM Trust no longer has further obligations to the Direct Lenders arising out of the Copper Sage I Loan to the extent that loan has been repaid to the Direct Lenders, pursuant to USACM's books and records.  (Burr Decl. ¶ 11.)

## IV.     APPLICABLE AUTHORITY

1.     Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).

2.     The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a).  This objection is timely under the confirmed Plan, as the deadline for such objections has been extended to February 12, 2008, by this Court's orders.

3.     A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).  The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant."  *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

## V.     OBJECTION TO CLAIMS LISTED IN EXHIBIT A

1.     **Exhibit A** attached and incorporated by this reference lists the Copper Sage I Claims.  The USACM Trust objects to these claims to the extent they are based upon an investment in the Copper Sage I Loan that USACM repaid to the Direct Lenders.

252568.1



According to USACM's books and records as reconstructed by Mesirow, the Copper Sage I Loan has been repaid in full, and the Direct Lenders have received such payment, except for Unremitted Principal, as provided by the applicable Loan Servicing Agreement, this Court's orders and the Confirmation Order.

2.      As for the amounts designated as Unremitted Principal on **Exhibit A,** the USACM Trust moves the Court to allow those amounts as general unsecured claims.

3.      Certain of the Copper Sage I Claims may be the subject of subsequent, and perhaps multiple, objections if they are being asserted on the basis of multiple investments through USACM. Such Claims may also be subject to prior or subsequently filed objections, and this objection is without prejudice to any other objection by any party in interest, including the USACM Trust.

4.      The USACM Trust reserves the right to further object to any and all Claims, whether or not the subject of this Objection, for allowance and/or distribution purposes on any other grounds. The USACM Trust further reserves the right to modify, supplement and/or amend this Objection as it pertains to any Claim or claimant herein.

5.      For the convenience of the Court and the parties, the USACM Trust will endeavor to file any subsequent objections to the Claims on a loan by loan basis. Thus, this Objection is one of a series of many potential objections to those Claims that are asserted, in whole or in part, on the basis of an investment that has been repaid in full.

252568.1

LEWIS
AND
ROCA
LLP
L A W Y E R S

## VI.    CONCLUSION

The USACM Trust respectfully requests that the Court allow the amounts listed as "Unremitted Principal" on Exhibit A, but disallow the claims listed in **Exhibit A** to the extent those claims are based upon a Direct Lender investment in the Copper Sage I Loan. The USACM Trust also requests such other and further relief as is just and proper.

Dated: March 26, 2009.

LEWIS AND ROCA LLP


By /s/ John Hinderaker (#18024)
    Rob Charles, NV 6593
    John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: jhinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and the pertinent
portion of Exhibit A mailed by first class
postage prepaid U.S. mail
on March 26, 2009 to:

All parties in interest listed on
Exhibit A attached

 /s/ Renee L. Creswell
Renee L. Creswell

8

252568.1