# EXHIBIT 1

1688943.1



Rob Charles
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

Direct Dial: (702) 949-8320
Direct Fax: (702) 949-8321
RCharles@LRLaw.com
Admitted in: Arizona and Nevada

Our File Number: 47419-00001

March 13, 2008

Jeffery D. Hermann, Esq.
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017-5855

Re:   USACM Liquidating Trust –
      USA Capital Diversified Trust Deed Fund, LLC

Dear Jeff:

This letter, when signed by both parties and authorized as contemplated by paragraph 10 hereof, represents the sole memorialization of a settlement agreement between the USACM Liquidating Trust (the *Trust*) and USA Capital Diversified Trust Deed Fund, LLC (*DTDF*).

   1.   **Prosecution of Causes of Action.** DTDF will retain Diamond McCarthy, LLP (*Diamond*) to prosecute DTDF Litigation Claims, which are those causes of action not yet filed by DTDF against any of the potential litigation targets as has already been identified by DTDF, the Trust, and Diamond McCarthy, and any other entities identified by Diamond and agreed to by DTDF.

        a.   **Exclusions.** DTDF Litigation Claims do not include litigation claims held by DTDF in connection with its efforts to collect on DTDF loans being serviced by DTDF or by Compass Financial Partners, LLC including collection efforts against Joseph Milanowski, Thomas Hantges, USA Investment Partners, LLC, Tree Moss Partners, LLC, HMA Sales, LLC, USA Investors VI, LLC, 10-90, Inc., Colt Gateway, LLC, BySynergy, LLC, Twelve Horses, and Interstate Commerce Center, LLC, proofs of claim filed by DTDF in the bankruptcy cases of any of the above, the underlying DTDF loans, or any other asset of the DTDF estate not consisting of a litigation claim, all of which excluded assets shall remain the property of DTDF.

        b.   **Cooperation.** DTDF and its professionals shall reasonably cooperate with Diamond in the investigation and prosecution of DTDF Litigation Claims.

   2.   **Conflict Waiver.** The terms of Diamond's retention will be governed by an agreement signed by Diamond and DTDF. To the extent that a provision of this



Jeffery D. Hermann, Esq.
March 13, 2008
Page 2

general agreement conflicts with the engagement letter, the engagement letter shall prevail.

Without addressing all of the issues covered by the engagement letter, we recognize that Diamond has and continues to represent the Trust as special litigation counsel. DTDF has consulted with its counsel, Orrick, Herrington & Sutcliffe LLP, and agrees that Diamond may jointly represent the Trust and DTDF. The Trust similarly agrees that Diamond may represent both DTDF and the Trust. Both DTDF and the Trust will maintain the confidentiality of information shared by Diamond as their joint counsel. Neither DTDF nor the Trust may unilaterally waive their agreement of confidentiality but may do so jointly. In the event of a dispute between DTDF and the Trust, Diamond shall not represent either party.

DTDF recognizes that Diamond may continue prosecution of Trust proofs of claim and causes of action, including against USAIP, Hantges and Milanowski. DTDF waives any conflict caused by Diamond's prosecution of such claims and causes of action on behalf of the Trust.

If Lewis and Roca is identified as local counsel on a filing by Diamond on behalf of DTDF, the role shall be solely as local counsel for purposes of the Court's local rules, and Lewis and Roca shall not represent DTDF except in connection with filings on behalf of the clients jointly.

3. **Cost.** Diamond's representation of DTDF shall be on the same terms as its representation of the Trust. The Trust, and not DTDF, shall be solely responsible for Diamond's compensation and the reimbursement of costs and expenses incurred by Diamond, except as set forth in paragraph 4 below.

4. **Decision Making.** Michael A. Tucker, Manager of DTDF (*Manager*), or his successor, in consultation with Geoffrey L. Berman, as Trustee of the Trust (*Trustee*), or his successor, shall be solely responsible for making DTDF's decisions as Diamond's client, with respect to the management and settlement of DTDF Litigation Claims in particular. The Trustee shall direct Diamond's investigation and prosecution of all litigation claims of the Trust. If the Manager rejects a settlement of any DTDF Litigation Claim contrary to the recommendation of the Trustee and Diamond, then DTDF shall be solely responsible to pay Diamond (under the terms of the engagement letter between Diamond and the Trust) for the legal fees and expenses incurred by Diamond from that

235896.1



point forward on such matter; but DTDF shall be reimbursed for the fees and expenses paid to Diamond from the gross proceeds of such claim.

5. **DTDF Unsecured Claim.** Although DTDF suffered significantly larger damages on account of the acts of numerous wrongdoers, as a compromise between DTDF and the Trust, DTDF shall be allowed a prepetition, unsecured claim of $128,000,000 against USA Commercial Mortgage Company (*USACM*), and accordingly will share pro rata in distributions as a beneficiary of the Trust without offset or subordination and, for the avoidance of doubt, DTDF shall share pro rata with other unsecured creditors in the Trust's share (50% up to $20,000,000 and 65% thereafter) of litigation recoveries dealt with in this agreement. Only distributions from the Trust, will reduce the amount of DTDF's claim, and third party recoveries and recoveries on DTDF's loans will not reduce the amount of DTDF's claim. Nothing herein shall impair or diminish DTDF's rights to receive distributions from the Trust as an unsecured creditor on account of the unsecured claim of the USA Capital First Trust Deed Fund, LLC ("FTDF"), which claim was transferred to DTDF pursuant to the Plan of Reorganization confirmed in January, 2007, by the Bankruptcy Court in the chapter 11 cases of, among others, USACM, DTDF and FTDF, and the $128,000,000 claim amount does not include the amount of such FTDF claim assigned to DTDF.

6. **USACM Reserves and Related Disputes.** USACM created reserves of $3,900,453.29 and $1,100,000 (approx.) on the Effective Date of the Joint Plan of Reorganization for amounts of interest and principal (respectively) paid to DTDF before the USACM bankruptcy filing when the underlying borrowers had not made such payments. The Trust and DTDF jointly direct USACM to release these reserves, and interest earned thereon, 60% to the Trust and 40% to DTDF.

7. **Releases.** Except to the extent of DTDF's rights to participate in distributions from the Trust as an unsecured creditor of USACM, DTDF and the Trust mutually release each other from claims and causes of action of any kind, whether or not contingent, liquidated, known or otherwise, not resolved by confirmation of the Plan, including without limitation, concerning management, loan servicing and other fees charged before the Effective Date of the Plan, sharing of the allowed fees and expenses of Debtors" professionals, and reimbursement of sums advanced for litigation and other purposes after the Effective Date of the Plan. To avoid doubt, this release shall not be construed in a manner that adversely affects any claim of the Trust or DTDF against any person or entity for conduct occurring before April 13, 2006, and no third party shall be a beneficiary of such release.



8. **USAIP Note.** USA Investment Partners, LLC is the maker of that certain promissory note dated as of May 31, 2006, in the original principal amount of $58,374,918.81 in favor of USACM (as modified by the "Order Approving Agreement with Investment Partners" entered by the Court on July 24, 2006 [Docket No. 946]). DTDF and the Trust shall share all recoveries on account of this Note on a 50/50 basis.

9. **Sharing of Trust Litigation Recoveries.** The Trust shall pay to DTDF, when received, a percentage of gross recoveries on litigation commenced by the Trust after this date (but excluding preference actions), regardless of whether such recoveries are on account of the DTDF Litigation Claims described in paragraph 1 above or on account of other claims held by the Trust as to which litigation is commenced after this date, and regardless of whether any judgment or settlement characterizes or allocates such recoveries as belonging to DTDF or to the Trust, as follows: 50% of the first $20,000,000, and 35% of all recoveries thereafter. This sharing shall not apply to the Trust's or DTDF's recovery on proofs of claim filed by DTDF, the Trust or USACM against Joseph Milanowski, Thomas Hantges, USA Investment Partners, LLC, Tree Moss Partners, LLC, HMA Sales, LLC, or USA Investors VI, LLC. The Trust represents that it has commenced no litigation prior to this date that has not been specifically disclosed to DTDF.

10. **Authority.** DTDF's consent is contingent upon approval of its Oversight Board. The Trust's consent is contingent upon Bankruptcy Court approval. Both DTDF and the Trust will immediately seek such approval.

The impetus behind this settlement agreement is the need to eliminate issues between the Trust and DTDF and the desire to use one set of counsel to pursue the litigation claims of both the Trust and DTDF. By agreeing to a tiered allocation of recoveries between the Trust and DTDF, the interests between DTDF and the Trust are aligned, which will facilitate efficient management of the claims contemplated herein.

We look forward to finalizing the agreement.

Sincerely,

Rob Charles
Attorneys for USACM Liquidating Trust

235896.1



LEWIS
AND
ROCA
——LLP——
LAWYERS

Jeffery D. Hermann, Esq.
March 13, 2008
Page 5

**Agreed:**

Orrick, Herrington & Sutcliffe LLP

*/s/ Jeffery D. Hermann/*
Jeffery D. Hermann
Attorneys for USA Capital Diversified Trust Deed Fund, LLC

RC/
copy: Geoffrey L. Berman, Trustee
Michael A. Tucker, Manager
Allan B. Diamond, Esq.
William T. Reid, IV, Esq.
Marc A. Levinson, Esq.
Chas Harvick
Susan M. Freeman, Esq.

235896.1