**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Anthony Austin NV State Bar No. 10850
Email: aaustin@lrlaw.com

Attorneys for USACM Liquidating Trust

E-filed on 4/24/09

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br><br>                           Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**Objection of USACM Trust to Proof of Claim of Salvatore J. Reale (with Certificate of Service)**<br><br>Date of Hearing: June 12, 2009<br>Time of Hearing: 9:30 a.m. |

Pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), USACM Liquidating Trust (the "USACM Trust") requests that the

---

[1] This bankruptcy case was closed on September 23, 2008.

[2] This bankruptcy case was closed on October 12, 2007.

[3] This bankruptcy case was closed on December 21, 2007.

2044021.1



Court disallow Proof of Claim No. 10725-2570 (the "Reale Claim") filed by Salvatore J. Reale ("Reale").

## I.   JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II.   BACKGROUND

A.   On April 13, 2006 ("Petition Date"), USACM, USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF," together with DTDF, the "Funds") (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Debtors' post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

B.   USACM is a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.

C.   Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

D.   The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007.  Geoffrey L. Berman is the Trustee.

2044021.1

**III. APPLICABLE AUTHORITY**

A. Under the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extent that the claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

B. The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a). This objection is timely under the confirmed Plan, as the deadline for such objections has been extended to June 10, 2009, by this Court's orders.

C. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

**IV. OBJECTION TO CLAIM**

USACM Trust objects to the Reale Claim No. 10725-2570 because this Court has held that Reale is a transferee of a transfer avoidable under 11 U.S.C. § 547 & 548. In addition, Reale's proof of claim was untimely. For these reasons, the Court should disallow the Reale Claim No. 10725-2570.

2044021.1



**A.  Reale's Proof of Claim Must Be Disallowed Until He Satisfies the Preferential Transfer/Fraudulent Conveyance Judgment Against Him.**

USACM commenced an adversary action against Reale, on December 18, 2006 to recover several preferential transfers/fraudulent conveyances from USACM to Reale.[4] The USACM Trust assumed that litigation when the Trust became effective on March 12, 2007. This Court entered a final judgment against Reale and in favor of the USACM Trust on May 13, 2008, wherein this Court held that Reale had received a fraudulent transfer from USACM and held Reale liable to the USACM Trust in the amount of $4,000,000.[5]  To date, Reale has been unable to satisfy the judgment.

Section 502(d) of the Bankruptcy Code states that the claim of a transferee of an avoidable transfer shall be disallowed until the transferee has disgorged the amount for which the transferee is liable. *El Paso City of Texas v. America West Airlines, Inc. (In re America West Airlines, Inc.)*, 217 F.3d 1161, 1165-67 (9th Cir. 2000); *In re Sierra-Cal*, 210 B.R. 168, 173 (Bankr. E.D. Cal. 1997).  As the transferee of an avoidable transfer, Reale's proof of claim is disallowed until he satisfies the judgment entered by this Court against him.  11 U.S.C. § 502(d).  Accordingly, Reale's claim should be disallowed.

**B.  Reale Failed to Timely File His Proof of Claim.**

Section 502(b)(9) and Bankruptcy Rule 3002(c) require a proof of claim to be timely filed to be allowed. *Ledlin v. United States of America (In re Tomlan)*, 102 B.R. 790, 796 (9th Cir. 1989).  On September 28, 2006, a copy of the Notice of Deadline Requiring Filing of Proof of Interests on or before November 13, 2006 was mailed to all creditors on the master mailing list for all Debtors.[6]  On September 14, 2006, this Court entered an order setting November 13, 2006 as the proof of claim and proof of interest bar date.[7]  Reale's proof of claim was not filed until September 14, 2007 – more than ten

---

[4] Adversary No. 06-01251.
[5] Adversary No. 06-1251 DE 145.
[6] Case No. 06-10725 DE 1358.
[7] Case No. 06-10725 DE 1280.

months after the proof of claim deadline. Therefore, Reale's proof of claim was not timely filed and should be disallowed in its entirety.

**IV.    CONCLUSION**

The USACM Trust asks that the Court disallow Proof of Claim No. 10725-02570 in its entirety and requests such other relief as is just and proper. The USACM Trust reserves the right to make further objections to this claim.

DATED: April 24, 2009.

LEWIS AND ROCA LLP

By /s/ John Hinderaker (#18024)
Rob Charles, NV 6593
John C. Hinderaker, AZ 18024 (*pro hac vice*)
Anthony Austin, NV 10850
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Telephone:  (702) 949-8200
Facsimile:   (702) 949-8398
E-mail:  rcharles@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

PROOF OF SERVICE

Copy of the foregoing mailed by First Class, U.S. Mail, postage prepaid, on April 24, 2009 to the following parties:

Salvatore J. Reale
421 Indigo Springs
Henderson, Nevada  89014

/s/ Carrie Lawrence
Carrie Lawrence