LEWIS AND ROCA LLP LAWYERS

E-Filed on 4/29/09

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br>                            Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**OBJECTION OF USACM TRUST TO PROOFS OF CLAIM FILED BY JAMES J. LEE, ESQ. AND THE LAW OFFICES OF JAMES J. LEE; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing: June 12, 2009<br>Time of Hearing: 9:30 a.m. |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing Proofs of Claim 10725-1332-1 and 10725-1335-1 (collectively the "Lee

---

[1] This bankruptcy case was closed on September 23, 2008.
[2] This bankruptcy case was closed on October 12, 2007.
[3] This bankruptcy case was closed on December 21, 2007.

2033522.1

Claims") filed by James J. Lee, Esq. and the Law Offices of James J. Lee respectively (collectively "Lee"). The Lee Claims are duplicative and fail to state a claim upon which relief can be granted.

This Objection is supported by the Court's record and the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

1. On April 13, 2006 ("Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, and USA Capital First Trust Deed Fund, LLC (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtors' post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

2. USACM is a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of individual investors to purchase fractional interest in loans that USACM originated and then serviced.

3. On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] (the "Bar Date Order"). The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file proof of claims.

4. On September 25, 2006, Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358]. All Creditors were served with a copy of the Bar Date order as well [Docket No. 1358].

5. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376] (the "Confirmation Order").

6. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

7. Under the Plan, allowed Unsecured Claims "shall receive a beneficial interest in the USACM Trust, and on account of their Allowed Claim may receive a Pro Rata Share of the assets of the USACM Trust after satisfaction of all Allowed unclassified Claims, Allowed Class A-1, A-2, and A-3 Claims, and all post-Effective Date fees, costs, and expenses of implementation of the USACM Plan for USACM and the USACM Trust."

8. The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee.

## II. JURISDICTION

9. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

10. The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III. APPLICABLE AUTHORITY

11. Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the

Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

12. The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a). This objection is timely under the confirmed Plan, as the deadline for such objections has been extended to June 12, 2009, by this Court's orders.

13. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

## IV. THE CLAIMANT

14. On February 6, 2008, the Law Offices of James J. Lee, Esq. filed for Chapter 11 bankruptcy protection (Case No. 08-10969-mkn). There are no claims against the Debtors listed as assets in the Schedules filed with the bankruptcy court on March 7, 2008 [DK 13].

15. On July 24, 2008, James J. Lee filed for Chapter 13 bankruptcy protection. (Case No. 08-18160-lbr). There are no claims against the Debtors listed as assets in the Schedules filed with the bankruptcy court on August 27, 2008 [DK 17].

16. James J. Lee, Esq. and the Law Offices of James J. Lee, Esq. have asserted in their duplicative Proofs of Claim that the Debtors are liable for malicious prosecution based on the following cases :

**A. Case No. A459840, *USA Commercial Mortgage v. James J. Lee, Esq.*, ("Case #1)**

17. USACM filed a complaint against James J. Lee in the Clark County District Court of Nevada, alleging that Lee owed USACM $50,000 pursuant to a loan USACM advanced that Lee had not repaid.

18. On July 6, 2004, the Court granted partial summary judgment in favor of USACM. The Court found that USACM had lent Lee $50,000 pursuant to a promissory note. The Court further found that USACM was entitled to at least $30,000, but there were fact issues as to whether Lee was entitled to an offset of the remaining $20,000. Lee had argued that USACM promised that the fees Lee was incurring in defending individuals in a separate case could be credited against the loan.

19. On November, 1, 2005, the Court entered a judgment against James J. Lee for $30,359.70 plus 15% interest accruing from November 1, 2001.

20. The case was appealed. On March 28, 2008, the Supreme Court of Nevada reversed and remanded, determining that there was a material issue of fact as to whether Lee was entitled to offset the entire loan against attorneys' fees incurred.

21. Case #1 has yet to go to trial, and no final judgment has been entered.

**B. Case No. A473664, *Law Offices of James J. Lee v. Kreg Rowe, et al.* ("Case #2")**

22. On September 16, 2003, the Law Offices of James J. Lee filed a complaint against various individuals and entities in Clark County District Court of Nevada. None of the Debtors was a named defendant in Case #2, and none of the Debtors appeared as a party in Case #2.

23. Case #2 has yet to go to trial, and no final judgment has been entered.

**C. Case No. A488769, *USA Commercial Mortgage Co. v. James J. Lee, Esq. and Law Offices of James J. Lee* ("Case #3")**

2033522.1

24. On July 14, 2004, USACM filed suit against James J. Lee and the Law Offices of James J. Lee in Clark County District Court of Nevada alleging that USACM had advanced $100,000 for Lee's defense of Robert Jones and his companies in an action in the Clark County District Court. USACM further alleged that Lee had agreed to repay the advance out of any recovery, but failed to do so.

25. On January 25, 2006, the Court denied Lee's motion for summary judgment.

26. Case #3 has yet to go to trial, and no final judgment has been entered.

## V.   THE OBJECTIONS

The USACM Trust objects to the Lee Claims on the following bases:

### A. The Lee Claims are duplicative.

27. Claim 1335-1 and Claim 1332-1 assert the same $200,000 injury arising from the same cause of action: malicious prosecution stemming from Cases #1, #2, and #3. Consequently, the claims are duplicative, and at least one claim should be struck.

### B. Lee fails to state a claim

28. The Lee Claims are for "malicious prosecution." However, "[a] malicious prosecution claim requires that the defendant initiated, procured the institution of, or actively participated in the continuation of a *criminal* proceeding against the plaintiff." *LaMantia v. Redisi*, 118 Nev. 27, 38 P.3d 877, 879-880 (2002). Absent the institution of a criminal proceeding, there can be no claim for malicious prosecution as a matter of law. *Id.* As the Debtors did not institute a criminal proceeding against Lee, there can be no claim for malicious prosecution, and the Lee Claims should be dismissed.

29. To the extent Lee intended to assert an abuse of process claim, that claim fails as well. Abuse of process requires: "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *LaMantia*, 118 Nev. at 30, 38 P.3d at

879. As the Debtors did not assert a claim or counterclaim against Lee in Case #2, that case, as a matter of law, cannot form the basis of an abuse of process claim.

30.    Furthermore, the judge in Case #1 actually granted judgment in favor of USACM before the appellate court reversed finding that material issues of fact still existed and the judge in Case #3 struck down Lee's motion for summary judgment, finding that material issues of fact remained in USACM's case against Lee.  Consequently, USACM's claims against Lee in Case #1 and #3 were not a "willful act…not proper in the regular conduct of the proceeding" nor were they utilized for an "ulterior purpose."

31.    Finally, Lee asserts "attorneys' fees" incurred as the basis for the Lee Claims.  There has not been a final judgment entered in any of the Cases, however.  Consequently, there is no basis for an apportionment of attorneys' fees incurred.

### C. Lee overstates and/or misstates the damage incurred.

32.    The Lee Claims allege $200,000 in damages arising from three separate actions, each with distinct parties and facts.  Absent a more definite statement from Lee, the Trust cannot determine which actions purportedly led to the damages asserted (Case #2 did not even involve the Debtors), or in what amounts.

## VI.    CONCLUSION

A.    The USACM Trust respectfully requests that the Court disallow in full the Lee Claims.  The USACM Trust also requests such other and further relief as is just and proper.

**LEWIS AND ROCA LLP**
**LAWYERS**

Dated: April 29, 2009.

LEWIS AND ROCA LLP

By /s/ Marvin Ruth (#10979)
   Rob Charles, NV 6593
   John Hinderaker, AZ 18024 (*pro hac vice*)
   Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: mruth@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing mailed by first class postage prepaid U.S. Mail on April 29, 2009 to:

James J. Lee
7674 W. Lake Mead Blvd., #108
Las Vegas, Nevada 89128

David A. Riggi
5550 Painted Mirage Road #320
Las Vegas, NV 89149

LEWIS AND ROCA LLP


 /s/ Carrie Lawrence
Carrie Lawrence

8

2033522.1