MATTHEW Q. CALLISTER, ESQ.
Nevada Bar No. 001396
mqc@callisterreynolds.com
CALLISTER & REYNOLDS
823 Las Vegas Blvd. South, Fifth Floor
Las Vegas, Nevada 89101
Telephone: (702) 385-3343
Fax: (702) 385-3343
*Attorney for Curtis Clark*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC, and<br><br>USA SECURITIES, LLC,<br><br>Debtors. | Case No. BK-S 06-10725-LBR<br>Case No. BK-S 06-10726-LBR (closed)<br>Case No. BK-S 06-10727-LBR<br>Case No. BK-S 06-10728-LBR (closed)<br>Case No. BK-S 06-10729-LBR (closed)<br><br>**CHAPTER 11**<br><br>Jointly Administered under Case No. BK-S-06-10725-LBR<br><br>**CURTIS F. CLARK'S RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Date: May 29, 2009<br>Time: 9:30 a.m.<br>Courtroom: 3 |

COMES NOW, CURTIS F. CLARK, creditor in the above-captioned Chapter 11 cases being jointly administered under Case No. BK-S-06-10725-LBR, by and through his attorney of record, Matthew Q. Callister, Esq., of the law firm of Callister & Reynolds, and hereby respectfully responds to this Honorable Court's Order to Show Cause why he has not violated Fed.R.Bankr.P. 9011 and Fed.R.Bankr.P. 9018, why the court should not bar Mr. Clark from filing further documents without obtaining prior court approval, and why Mr. Clark's conduct does not warrant referral to the district

Law Offices of
Callister & Reynolds
823 Las Vegas Blvd.
South
Las Vegas, Nevada
89101
(702) 385-3343

1

court for criminal contempt proceedings, as follows.

This response is based upon the following points and authorities, affidavit of Curtis Clark, all papers and pleadings on file in this matter, as well as any oral argument that may be entertained by this Honorable Court at the time of hearing this matter.

## I. STATEMENT OF PERTINENT FACTS

On February 12, 2009, the court clerk's office received and docketed a signed document from respondent Curtis Clark. This document appears as docket entry no. 6813. The document was sent in response and as an opposition to the USACM Liquidating Trust's Motion to Approve Settlement with Debt Acquisition Company of America V, LLC. The response opposed the proposed settlement and contained five specific objections. The fifth objection was entitled, "Compass Partners," and is the subject of the instant Order to Show Cause.

After reviewing this response, Judge Linda B. Riegle recused herself from hearing all contempt or other disciplinary proceedings relating to the Clark response. These matters were transferred to the Honorable Bruce A. Markell, who issued the instant Order to Show Cause.

Specifically, this Honorable Court has pointed to five objectionable statements in the Clark response, which may violate the Federal Rules of Bankruptcy Procedure. These are:

1. Stating that the Bankruptcy Court is a, "brothel,";
2. Stating that Judge Linda B. Riegle is a, "madam,";
3. Implying that professionals employed by the estate are comparable to prostitutes by stating that they are, "working girls,'"
4. Stating that Judge Riegle, "provides the condoms,";
5. Likening the proceedings in the bankruptcy court to an, "all night orgy."

This Honorable Court further noted that this list is merely a synopsis of the alleged impropriety of the entire Clark response. As such, the entire Clark response, rather than simply these five statements, is the subject of the instant Order to Show Cause. Moreover, this Honorable Court

law Offices of
Callister & Reynolds
823 Las Vegas Blvd.
South
Las Vegas, Nevada
89101
(702) 385-3343

2

has specifically noted that the response may possibly violate Fed.R.Bankr.P. 9011 and Fed.R.Bankr.P. 9018. The Court also recognized in its Order to Show Cause that the Bankruptcy Court does not have the inherent authority to hold a party in criminal contempt, and thus required Curtis Clark to appear and show cause why this matter should not be referred to the Federal District Court for criminal contempt proceedings. On April 29, 2009, this Honorable Court lodged an Addendum to its Order to Show Cause, inviting Curtis Clark and any other interested parties to address the opinion of Price v. Lehtinen (In re Lehtinen), BAP No. NC-04-01534-BMaS, when responding to the Court's Order to Show Cause.

Based upon the foregoing, Curtis Clark respectfully submits his response to this Honorable Court's Order to Show Cause and this Honorable Court's Addendum to Order to Show Cause.

## II. LEGAL POINTS AND AUTHORITIES

Based upon the foregoing, Curtis Clark respectfully submits his response to this Honorable Court's Order to Show Cause and this Honorable Court's Addendum to Order to Show Cause.

A.  **ANALYSIS OF ORDER TO SHOW CAUSE UNDER FED.R.BANKR.P. 9011.**

Fed.R.Bankr.P. 9011(b) reads, in relevant part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery...

law Offices of
Callister & Reynolds
823 Las Vegas Blvd.
South
Las Vegas, Nevada
89101
(702) 385-3343

3

In response to this Honorable Court's request for Mr. Clark to demonstrate that each fact stated in his motion, which gave rise to this instant Order to Show Cause, is supported by the record, or that, "if Mr. Clark's statements were hyperbole, that such excesses were permissible advocacy and not attacks on Judge Riegle personally, or the bankruptcy court process generally."

Mr. Clark first posits to this Honorable Court that his statements contained in the documents at issue certainly fall under the classification of metaphor and hyperbole. To classify the statements that were made by Mr. Clark as factual in nature simply belies any rational application of such statements to the individuals which they reference or to the Bankruptcy Court. The United States Bankruptcy Court for the Southern District of Nevada is certainly not a, "brothel." It is a Federal Court system located and operating out of a government building. Judge Linda B. Riegle is certainly not a, "madam." She is a United States Bankruptcy Judge. Estate professionals certainly are not, "working girls," or prostitutes. They are attorneys, accountants and other trained, experienced professionals. Judge Riegle certainly has not, "provided condoms," to any person at any time during the pendency of this litigation. Finally, this case certainly is not an, "all night orgy." These statements simply cannot be construed, by any stretch of the imagination, as assertions of fact.

As Mr. Clark's statements can only rationally be construed as metaphor, which may rise to the level of hyperbole, Mr. Clark must demonstrate, as Ordered by this Court, that his statements were permissible advocacy, rather than personal attacks on Judge Riegle and on the Bankruptcy Court. Based upon the nature of Mr. Clark's statements, it is undeniable that he is displeased with the manner in which the instant action has proceeded, from the filing of the initial involuntary Chapter 11 petition in this case, through the present.

Mr. Clark is a member of a very large group of unsecured creditors in this action, who have sought from the outset of this case to recover any sums possible from the USA Capital entities. To date, <u>literally millions of dollars</u> have been expended from the USA Capital Liquidating Trust, funds that could and probably should be disbursed to the many creditors, such as Mr. Clark, to partially reimburse them for the enormous financial losses that they have suffered at the hands of the USA

law Offices of
Callister & Reynolds
823 Las Vegas Blvd.
South
Las Vegas, Nevada
89101
(702) 385-3343

Capital entities. In Mr. Clark's case, he has lost virtually his entire life savings, in an amount of approximately two hundred thousand dollars ($200,000.00). However, the liquidating trust saw fit to expend these millions of dollars searching for assets of the USA Capital entities. To date, despite the millions of dollars in fees and costs that have been expended, virtually no assets of the USA Capital entities have been recovered.

While certainly not an excuse, the above course of events provide a valid or at least cognizable backdrop for Mr. Clark's frustrations. It is this frustration with the liquidating trust's inability to recover assets, despite expending millions to do so, that prompted Mr. Clark's metaphorical comments. While zealous in nature, and quite possibly overly-zealous, Mr. Clark's hyperbole contained in his opposition is well grounded in the facts and procedural history of this litigation. Admittedly, Mr. Clark's comments are neither popular nor shared by all of the creditors and other parties in this action. However, there was, nevertheless, at least a factual and procedural basis for Mr. Clark's hyperbole.

With that said, and with the benefit of hindsight, Mr. Clark in fact realizes how such statements contained in his pleadings and documents could be construed as a violation of Fed.R.Bankr.P. 9011(b), and how such comments can be viewed as inflammatory and improper. It certainly was not the intention of Mr. Clark to cause any unnecessary delay or to increase the cost of litigation in this action, by and through his pleadings. As such, Mr. Clark submits to this Honorable Court that, if this Honorable Court finds that Mr. Clark violated Fed.R.Bankr.P. 9011(b), he did so in a negligent and unintentional manner, rather than with malice or with an intent to harm either the Honorable Judge Riegle or the Bankruptcy Court.

**B.   ANALYSIS OF ORDER TO SHOW CAUSE UNDER FED.R.BANKR.P. 9018.**

Fed.R.Bankr.P. 9018 does permit the court, "[o]n motion or its own initiative, with or without notice, [to] make any order which justice requires...to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code." "[a]llegations may be

stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664 (7th Cir. 1992). Material may be defamatory when it consists of untrue factual allegations. Knievel v. ESPN, 393 f.3d 1068, 1073079 (9th Cir. 2005).

As discussed above, Mr. Clark is aware, upon reflection, how his statements can be construed to violate Fed.R.Bankr.P. 9011(b). While Mr. Clark still contends that the entirety of his previous pleadings sound in metaphor and simile, rather than of factual allegations, it nevertheless remains clear to Mr. Clark that it is possible for his pleading to be construed as possibly scandalous or defamatory. Moreover, as Case No. BK-S-06-10725-LBR has already resolved the issue of the proposed settlement between USACM Liquidating Trust and Debt Acquisition Company of America V, LLC, Mr. Clark's objections as contained in his pleading have effectively been rendered moot and/or irrelevant, for purposes of that Motion to Approve Settlement. For these reasons, Curtis Clark does not object to an Order from this Court striking his pleading and subsequent letter which have given rise to this Order to Show Cause.

This Court has also advised, however, that it will consider barring Mr. Clark from making further Court filings, pursuant to 11 U.S.C. § 105(a). Said statute gives the Court the authority to take any action necessary to enforce or implement court orders or rules, or to prevent an abuse of process. In response, Mr. Clark respectfully proffers that, in spite of his pleadings and documents that have given rise to this Order to Show Cause, he is still a creditor in the instant action, with a pending claim of approximately two hundred thousand dollars ($200,000.00). To simply bar Mr. Clark in his entirety from participating in this litigation with such a substantial claim at stake would serve to unfairly, "freeze-out," Mr. Clark from any legal rights as a creditor that he may have from the issuance of such an Order onward.

A more appropriate remedy, also as suggested in this Honorable Court's Order to Show Cause, would be to require Mr. Clark to obtain permission from the Court, prior to filing any pleadings in this action. This would strike a proper balance between the Court's desire to effectuate

6

compliance with Court rules and regulations and Mr. Clark's right to appear and participate in this action as a creditor. As such, Curtis Clark proposes that this Honorable Court, rather than issuing a complete bar from participation in this action by Mr. Clark, issue an Order that leave of Court be obtained by Mr. Clark, prior to filing any Motions or other responsive pleadings in this action.

C. **ANALYSIS OF ORDER TO SHOW CAUSE FOR REFERRAL OF CRIMINAL CONTEMPT MATTER.**

There are two types of contempt: civil and criminal. F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1137-38 (9th Cir. 2001). When a sanction seeks to coerce compliance with a court order, it is in the nature of civil contempt, and when a sanction is punitive and levied to vindicate the authority of the court or otherwise protect the integrity of the judicial process, it is in the nature of criminal contempt. Int'l. Union United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827-28 (1994). While the bankruptcy court does not have the authority to issue criminal contempt, it may nevertheless refer criminal contempt matters to the District Court for the district in which it sits. Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, n. 17 (9th Cir. 2003).

Criminal contempt referrals are made pursuant to 18 U.S.C. §§ 401(1) and 401(3). Criminal contempt under § 401(1) has four elements, which must be proven beyond a reasonable doubt: (1) misbehavior; (2) in or near the presence of the court; (3) with criminal intent; (4) that resulted in an obstruction to the administration of justice. United States v. Ortlieb, 274 F.3d 871, 874 (5th Cir. 2001). Criminal contempt under § 401(3) requires disobedience or resistance to a court's lawful...rule. United States v. Galin, 222 F.3d 1123, 1127 (9th Cir. 2000).

In the instant action, the key factor that should be considered by this Honorable Court is whether or not Curtis Clark either: (1) acted with criminal intent, under the provisions of 18 U.S.C. § 401(1), or (2) whether Curtis Clark acted with wilful disobedience to any rule of this Honorable Court, pursuant to 18 U.S.C. § 401(3).

With regard to this inquiry, it is important for this Honorable Court to understand that Mr. Clark was of the opinion, both prior to, during and subsequent to the filing of his documents that are

Law Offices of
Callister & Reynolds
823 Las Vegas Blvd.
South
Las Vegas, Nevada
89101
(702) 385-3343

7

the subject of this litigation, that his comments were in fact protected by Mr. Clark's First Amendment rights. As this Honorable Court has noted in its Order to Show Cause, through the cases of United States Postal Serv. v. Council of Greenburgh Civil Assocs., 453 U.S. 114 (1981) and Int'l Soc. For Krishna Consciousness, Inc. v. Lee, 505 U.S. 672, 678 (1992), the Court's docket is not a, "public forum," that will provide a protection for all forms of free speech, specifically those that were expressed by Mr. Clark. Rather, the Court's docket is considered a, "non-public forum," the Court has the ability to control the time, place, manner and even content, provided that any such limitations thereon are reasonable. *See*, Postal Serv.v. Greenburgh at 129-130. The Court has sought to reasonably limit the nature of speech that may be placed upon the Court's docket, via filed pleadings, through Fed.R.Bankr.P. 9011 and Fed.R.Bankr.P. 9018.

Mr. Clark does not, through this response, challenge the propriety or constitutionality of the provisions of Fed.R.Bankr.P. 9011 or Fed.R.Bankr.P. 9018. What Mr. Clark does seek, through this response, is to demonstrate to the Court that he has made a miscalculation regarding the proper classification of the Court docket as a non-public, rather than a public, forum, for First Amendment purposes. What this mistake demonstrates is that Mr. Clark is an individual who is not trained nor well-versed in the Federal Rules of Bankruptcy Procedure. He is not a trained attorney, nor is he versed in the legal differentiations between a public and non-public governmental forum. As such, he did not act with criminal intentions when filing the documents that are the subject of this Order to Show Cause.

Mr. Clark was under the impression, albeit mistakenly, that his speech contained in his subject documents was protected by the First Amendment. Upon review of this Court's Order to Show Cause, that certainly appears to not be the case. However, at no time did Mr. Clark act with any form of malice or criminal undertones when filing his documents. At no time did Mr. Clark wilfully violate any of the Federal Rules of Bankruptcy Procedure that are the subject of this Order to Show Cause. Rather, Mr. Clark acted negligently, under the mistaken belief that he was afforded First Amendment protections in a forum that, again, he mistakenly believed was public in nature.

Law Offices of
Callister & Reynolds
823 Las Vegas Blvd.
South
Las Vegas, Nevada
89101
(702) 385-3343

8

This mistake clearly does not rise to the level of criminal intent or activity required for a finding of criminal contempt, under 18 U.S.C. § 401(1). Moreover, Mr. Clark did not act with intentional disobedience or resistance to any Court rule. He simply made a miscalculation as to what speech as permitted on a Court docket and what speech was not permitted.

In sum, the actions of Mr. Clark were negligent. Mr. Clark did not act with criminal intent, and to refer this matter to the Federal District Court for contempt proceedings will not serve to effectuate justice in this case. Mr. Clark should be educated about his mistake, specifically as to what language is and is not permitted in Court-filed pleadings. A criminal referral will not serve to promote any purpose or final goal that this Court seeks through the instant Order to Show Cause. The Bankruptcy Court is a Court of equity, fairness and ultimately forgiveness. Mr. Clark humbly requests that this Honorable Court take the steps suggested previously in this response, to both remedy the mistakes of Mr. Clark and to ensure that this situation does not repeat itself, rather than referring a retired man, who has lost his entire life savings, for criminal contempt proceedings in the Federal District Court.

D. **ANALYSIS OF THE PRICE (*IN RE* LEHTINEN) OPINION IN REGARD TO THE PROPRIETY OF CIVIL SANCTIONS IN THIS MATTER.**

This Honorable Court has requested that responding parties to the Order to Show Cause address the holding of the Court in the case of Price v. Lehtinen (*In re* Lehtinen), BAP No. NC-04-01534-BMaS. While the facts of the Price decision are far from analogous to the instant case, Mr. Clark does note that the decision contains a significant amount of case law and other citation regarding the propriety of issuance of civil penalties, which, in turn, lend guidance to the nature and appropriateness of civil sanctions in this case.

The Price Court noted that a bankruptcy court's inherent power allows it to sanction, "bad faith," or, "willful misconduct," and allows the court to, "deter and provide compensation for a broad range of improper litigation tactics. Id. At 4983 (*citing* Fink v. Gomez, 239 f.3d 989, 992-93 (9th Cir. 2001)). However, "because of their very potency, inherent powers must be exercised with

restraint and discretion." Id. At 4984 (*citing* Chambers v. NASCO, Inc., 501 U.S. 32, 42 (1991)). "Before imposing sanctions under its inherent sanctioning authority, a court must make an explicit finding of bad faith or willful misconduct. Id. (*citing* Fink, 239 F.3d at 992-93). Bad faith or willful misconduct consists of something more egregious than mere negligence or recklessness. Id. (*citing* Fink, 239 F.3d at 993-94).

Regarding the characteristics of civil sanctions, as compared to sanctions that are punitive in nature, "civil penalties must either be compensatory or designed to coerce compliance." Id. at 4985 (*citing* Knupfer v. Lindblade (*In re* Dyer), 322 F.3d 1178, 1192 (9th Cir. 2003). A penalty is criminal (punitive) in nature, "if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance, and the fine is not compensatory." Id. (*citing* Dyer, 322 F.3d at 1192). A penalty is also criminal if the sanction is intended, "to vindicate the authority of the court." Id. At 4985 (*citing* F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.2d 1128, 1138 (9th Cir. 2001). The Dyer Court specifically noted that even, "a flat unconditional fine totaling even as little as $50.00 could be criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance. Id. (*citing* Dyer, 322 F.3d. at 1192).

Pursuant to the Fink opinion, it is clear that sanctions against Curtis Clark are not appropriate in this case. As discussed previously, Mr. Clark was under the impression, albeit mistakenly, that his speech contained in his subject documents was protected by the First Amendment. Upon review of this Court's Order to Show Cause, that certainly appears to not be the case. However, at no time did Mr. Clark act with any form of malice or criminal undertones when filing his documents. Such a mistake of the law constitutes negligence on the part of Curtis Clark. However, as held by Fink, mere negligence is not enough to sustain a civil sanction. Even if the actions of Curtis Clark, in filing his subject documents, rose to the level of recklessness, the issuance of civil sanctions against him would still be inappropriate, under Fink.

Moreover, in this case, there is a manner in which this Honorable Court can correct the mistakes of Curtis Clark and ensure that such mistakes do not occur again. In point of fact, it is this

10

Honorable Court that has suggested such remedies in its Order to Show Cause. Specifically, by striking the arguably inappropriate pleadings of Curtis Clark and requiring Court approval, prior to Mr. Clark filing any subsequent documents with the Court, will correct all of the wrongs that have created this situation. To financially penalize Mr. Clark, via a fine or sanction, will not serve to correct any of the conduct that Mr. Clark is accused of, nor serve as the most reasonable and effective deterrent against any future such filings.

For these reasons, Curtis Clark respectfully requests that this Honorable Court not issue monetary sanctions against him for his conduct, as any such fine would serve to vindicate the authority of the Court, rather than remedy the situation as it stands. Such sanctions are prohibited, as detailed in <u>Hanshaw</u>, cited above, and should not be issued by this Honorable Court.

### III. CONCLUSION

Based upon the foregoing, and in the interest of jurisprudence, Curtis Clark has no objection to this Honorable Court striking his prior pleadings, which gave rise to this litigation. Curtis Clark also does not object to this Honorable Court issuing an Order requiring Curtis Clark to obtain Court approval, prior to filing any subsequent pleadings or other documents in this action.

Curtis Clark also requests that this matter not be referred to the United States District Court for criminal proceedings, as Curtis Clark lacked the requisite criminal intent and willfulness of conduct required to warrant either a referral of this matter to Federal District Court for criminal contempt proceedings or to issue civil sanctions against Mr. Clark in this Court. As such, Mr. Clark respectfully requests that neither course of action be followed by this Honorable Court.

DATED this 13 day of May, 2009.

**CALLISTER & REYNOLDS**

By /s/ Matthew Q. Callister, Esq.
MATTHEW Q. CALLISTER, ESQ.
Nevada Bar No. 001396
823 Las Vegas Blvd. South, Fifth Floor
Las Vegas, Nevada 89101
*Attorney for Curtis Clark*

Law Offices of
Callister & Reynolds
823 Las Vegas Blvd.
South
Las Vegas, Nevada
89101
(702) 385-3343

11