MATTHEW Q. CALLISTER, ESQ.
Nevada Bar No. 001396
mqc@callisterreynolds.com
CALLISTER & REYNOLDS
823 Las Vegas Blvd. South, Fifth Floor
Las Vegas, Nevada 89101
Telephone: (702) 385-3343
Fax: (702) 385-3343
*Attorney for Curtis Clark*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC, and<br><br>USA SECURITIES, LLC,<br><br>Debtors. | Case No. BK-S 06-10725-LBR<br>Case No. BK-S 06-10726-LBR (closed)<br>Case No. BK-S 06-10727-LBR<br>Case No. BK-S 06-10728-LBR (closed)<br>Case No. BK-S 06-10729-LBR (closed)<br><br>**CHAPTER 11**<br><br>Jointly Administered under Case No. BK-S-06-10725-LBR<br><br>**DECLARATION OF CURTIS F. CLARK IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Date: May 29, 2009<br>Time: 9:30 a.m.<br>Courtroom: 3 |

COMES NOW, CURTIS F. CLARK, creditor in the above-captioned Chapter 11 cases being jointly administered under Case No. BK-S-06-10725-LBR, by and through his attorney of record, Matthew Q. Callister, Esq., of the law firm of Callister & Reynolds, and hereby submits the following declaration in support of his response to this Honorable Court's Order to Show Cause why he has not violated Fed.R.Bankr.P. 9011 and Fed.R.Bankr.P. 9018, why the court should not bar Mr. Clark from filing further documents without obtaining prior court approval, and why Mr. Clark's

Law Offices of
Callister & Reynolds
823 Las Vegas Blvd.
South
Las Vegas, Nevada
89101
(702) 385-3343

1

conduct does not warrant referral to the district court for criminal contempt proceedings, as follows.

## DECLARATION OF CURTIS F. CLARK

1. On February 12, 2009, Declarant filed an opposition to the USACM Liquidating Trust's Motion to Approve Settlement with Debt Acquisition Company of America V, LLC.
2. This document appears as docket entry no. 6813.
3. The response opposed the proposed settlement and contained five specific objections. The fifth objection was entitled, "Compass Partners," and is the subject of the instant Order to Show Cause.
4. Declarant is a member of a very large group of unsecured creditors in this action, who have sought from the outset of this case to recover any sums possible from the USA Capital entities.
5. To date, millions of dollars have been expended from the USA Capital Liquidating Trust, funds that could and probably should be disbursed to the many creditors, such as Declarant, to partially reimburse them for the enormous financial losses that they have suffered at the hands of the USA Capital entities.
6. Declarant has lost virtually half of his life savings, in an amount of approximately two hundred thousand dollars ($200,000.00).
7. However, the liquidating trust saw fit to expend these millions of dollars searching for assets of the USA Capital entities.
8. To date, despite the millions of dollars in fees and costs that have been expended, virtually no assets of the USA Capital entities have been recovered.
9. While zealous in nature, and quite possibly overly-zealous, Declarant's hyperbole contained in his opposition is well grounded in the facts and procedural history of this litigation. Admittedly, Declarant's comments are neither popular nor shared by all of the creditors and other parties in this action.

law Offices of
Callister & Reynolds
823 Las Vegas Blvd.
South
Las Vegas, Nevada
89101
(702) 385-3343

10. However, there was, nevertheless, a factual and procedural basis for Declarant's hyperbole.

11. With that said, and with the benefit of hindsight, Declarant in fact realizes how such statements contained in his pleadings and documents could be construed as a violation of Fed.R.Bankr.P. 9011(b), and how such comments can be viewed as inflammatory and improper.

12. It certainly was not the intention of Declarant to cause any unnecessary delay or to increase the cost of litigation in this action, by and through his pleadings.

13. As such, Declarant submits to this Honorable Court that, if this Honorable Court finds that Declarant violated Fed.R.Bankr.P. 9011(b), he did so in a negligent and unintentional manner, rather than with malice or with an intent to harm either the Honorable Judge Riegle or the Bankruptcy Court.

14. For these reasons, Declarant does not object to an Order from this Court striking his pleading and subsequent letter which have given rise to this Order to Show Cause.

15. Declarant further respectfully proffers that, however, to simply bar Declarant in his entirety from participating in this litigation with such a substantial claim at stake would serve to unfairly, "freeze-out," Declarant from any legal rights as a creditor that he may have from the issuance of such an Order onward.

16. A more appropriate remedy, also as suggested in this Honorable Court's Order to Show Cause, would be to require Declarant to obtain permission from the Court, prior to filing any pleadings in this action. This would strike a proper balance between the Court's desire to effectuate compliance with Court rules and regulations and Declarant's right to appear and participate in this action as a creditor.

17. As such, Declarant proposes that this Honorable Court issue an Order that leave of Court be obtained, prior to filing any Motions or other responsive pleadings in this action.

18. Regarding this Court's instruction to demonstrate why this matter should not be referred for criminal proceedings to the Federal District Court, Declarant contends that he has made a

law Offices of
Callister & Reynolds
823 Las Vegas Blvd.
South
Las Vegas, Nevada
89101
(702) 385-3343

3

miscalculation regarding the proper classification of the Court docket as a non-public, rather than a public, forum, for First Amendment purposes.

19. What this mistake demonstrates is that Declarant is an individual who is not trained nor well-versed in the Federal Rules of Bankruptcy Procedure.

20. He is not a trained attorney, nor is he versed in the legal differentiations between a public and non-public governmental forum.

21. As such, Declarant did not act with criminal intentions when filing the documents that are the subject of this Order to Show Cause.

22. Declarant was under the impression, albeit mistakenly, that his speech contained in his subject documents was protected by the First Amendment.

23. Upon review of this Court's Order to Show Cause, that certainly appears to not be the case.

24. However, at no time did Declarant act with any form of malice or criminal undertones when filing his documents.

25. At no time did Declarant wilfully violate any of the Federal Rules of Bankruptcy Procedure that are the subject of this Order to Show Cause.

26. Rather, Declarant acted negligently, under the mistaken belief that he was afforded First Amendment protections in a forum that, again, he mistakenly believed was public in nature.

27. Declarant contends that this mistake clearly does not rise to the level of criminal intent or activity required for a finding of criminal contempt, under 18 U.S.C. § 401(1).

28. Moreover, Declarant did not act with intentional disobedience or resistance to any Court rule.

29. He simply made a miscalculation as to what speech as permitted on a Court docket and what speech was not permitted.

30. In sum, the actions of Declarant were negligent.

31. Declarant did not act with criminal intent, and to refer this matter to the Federal District Court for contempt proceedings will not serve to effectuate justice in this case.

32. Declarant should be educated about his mistake, specifically as to what language is and is not

law Offices of
Callister & Reynolds
823 Las Vegas Blvd.
South
Las Vegas, Nevada
89101
(702) 385-3343

permitted in Court-filed pleadings.

33. A criminal referral will not serve to promote any purpose or final goal that this Court seeks through the instant Order to Show Cause.

34. The Bankruptcy Court is a Court of equity, fairness and ultimately forgiveness.

35. Declarant humbly requests that this Honorable Court take the steps suggested previously in this response, to both remedy the mistakes of Declarant and to ensure that this situation does not repeat itself, rather than referring a retired man, who has lost half of his life savings, for criminal contempt proceedings in the Federal District Court.

*FURTHER THIS DECLARANT SAYETH NAUGHT.*

**CURTIS F. CLARK**

**Curtis F. Clark**, Declarant

SUBSCRIBED and SWORN to before me this ____ day of May, 2009.

NOTARY PUBLIC, in and for said County and State.



Gaylynn West
Notary Public
State of Nevada
Date Appointment Exp: 06-19-2010
Certificate No: 02-76169-1

law Offices of
Callister & Reynolds
823 Las Vegas Blvd.
South
Las Vegas, Nevada
89101
(702) 385-3343

5