E-Filed on May 20, 2009

**DIAMOND MCCARTHY LLP**
909 Fanin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Barbara Balliette. TX State Bar No. 00788660
Email: bballiette@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com
Elisaveta Dolghih, TX State Bar No. 24043355
Email: edolghih@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 9490-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | Judge Linda B. Riegle |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | **Adversary No. 08-01129** |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |
| USACM LIQUIDATING TRUST,<br>Plaintiff,<br>v.<br>TANAMERA RESORT PARTNERS, LLC,<br>Defendant. | **MOTION SEEKING THE APPROVAL OF THE SETTLEMENT AGREEMENT BETWEEN THE USACM LIQUIDATING TRUST AND TANAMERA RESORT PARTNERS, LLC**<br><br>Hearing Date:  June 12, 2009<br>Hearing Time:  9:30 a.m. |

Geoffrey L. Berman, the trustee for the USACM Liquidating Trust (the "USACM Trustee"), hereby submits his <u>Motion Seeking the Approval of the Settlement Agreement Between the USACM Liquidating Trust and Tanamera Resort Partners, LLC</u> (the "Motion"), seeking entry of an order approving the Settlement Agreement and Release of Claims (the "Settlement Agreement") between the USACM Liquidating Trust (the "USACM Trust") and Tanamera Resort Partners, LLC ("TRP").

This Motion is based on the points and authorities listed herein, Rule[1] 9019, the <u>Declaration of Geoffrey L. Berman in Support of the Motion Seeking the Approval of the Settlement Agreement Between the USACM Liquidating Trust and Tanamera Resort Partners, LLC</u> (the "Berman Declaration") filed concurrently with this Motion, the pleadings, papers, and other records on file with the clerk of the above-captioned Court, judicial notice of which is hereby respectfully requested, and any argument an evidence presented to the Court at the time of the hearing of the Motion.

# I.
# PERTINENT FACTS

1. On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM") filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), which bankruptcy case was jointly administered with several related cases under bankruptcy case number BK-S-06-10725-LBR (the "USACM Bankruptcy Case"). <u>See Berman Declaration ¶ 4.</u> The Bankruptcy Court confirmed the <u>Third Amended Joint Chapter 11 Plan of Reorganization</u> (the "Joint Plan") pursuant to an order entered on January 8, 2007 (the "Confirmation Order") and the Joint Plan became effective on March 12, 2007. <u>See id</u>. The USACM Trust was created pursuant to the Joint Plan and the Confirmation Order and Geoffrey L. Berman (the "USACM Trustee") serves as the trustee of the USACM Trust. <u>See id</u>. Pursuant to the terms of the Joint Plan and the Confirmation Order, the USACM

---

[1] Unless otherwise expressly stated herein, all references to Chapters or Sections shall refer to 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and all Rule references shall refer to the Federal Rules of Bankruptcy Procedure, 1001-9036.

2

Trust now holds all potential pre- and post-petition claims and causes of action that USACM and the USACM Trust may have or may at any time have had.  See id.

2. On April 11, 2008, the USACM Trust commenced adversary proceeding number 08-01129, entitled *USACM Liquidating Trust v. Tanamera Resort Partners, LLC* (the "Pending Litigation") seeking to recover $577,783.42 in USACM funds that USACM believed were transferred to TRP prior to the Petition Date.  See id. ¶ 5. The Trust has recently filed a Motion for Leave to File an Amended Complaint removing one of the claims for $100,000, thus making total damages currently sought in the Pending Litigation equal $477,783.42 (collectively, the "TRP Transfers").  See Dkt. No. 27.  The motion was granted by this Court, however, the parties reached a verbal settlement agreement by the time of the Court's order granting the motion; therefore, the Amended Complaint has not been filed.  See Dkt. No. 28.   The USACM Trust asserts that USACM received no benefit for the TRP Transfers, and that the TRP Transfers were made in contravention of Bankruptcy Code sections 544 and 550, and section 112.180 of the Nevada Revised Statutes.  See Berman Affidavit ¶ 6.  TRP has continuously denied any liability for the TRP Transfers and has not conceded any of its defenses.  See id.

3. The parties have engaged in substantial settlement negotiations to resolve the Pending Litigation in an effort to minimize the costs of litigation and the extensive time that must be dedicated to such a proceeding, and to avoid the risk inherent in proceeding to trial.  See id. ¶ 8.  These settlement discussions, which have been at arm's-length and in good faith, have culminated in the Settlement Agreement.  See id.

4. The Settlement Agreement provides in pertinent part as follows:

    a. **Settlement Consideration.** TRP shall pay $140,000 to the USACM Trust upon the Effective Date of this Agreement.

    b. **Effective Date.** As used herein, "Effective Date" means the first business day which is eleven (11) days after entry of an order by the Bankruptcy Court in the USACM Bankruptcy Case authorizing the USACM Trust to enter into the Agreement (the "Approval Order").  Unless otherwise ordered by a court, the Effective Date will occur on the first business day which is more than ten (10) days after entry of the Approval Order notwithstanding any pending appeal commenced by one of the Parties or any third-party.  If any stay is imposed as to the effectiveness of this Agreement as a result of an appeal, upon written notification to the other

    Parties, either Party may deem this agreement void and nonbinding on the Parties.

  c. **Releases**.

   <u>Release of Claims by the USACM Trust.</u>  Upon the Effective Date, the USACM Trust fully releases and discharges TRP and all of its present and former principals, members, employees (in both their corporate and individual capacities), staff, predecessors, successors, subsidiaries, contractors, managers, affiliates, and respective attorneys, consultants, adjustors and insurers ("TRP Released Parties") in their capacities as such, from any and all, known or unknown, claims, demands, damages, liabilities, actions, causes of action or suits at law or in equity arising out of or related to the TRP Transfers, the allegations in the Pending Litigation and the business or financial relationship of USACM to the TRP Released Parties. This release relates only to claims that the USACM Trust has or had and specifically does not include claims of other entities, including, without limitation, USA Investment Partners, LLP.  This release includes all claims that the USACM Trust ever had or now has against TRP relating to the TRP Transfers, <u>provided, however</u>, that the USACM Trust does not release TRP from any obligations created under this Agreement (the "USACM Released Claims").

   <u>Release of Claims by TRP.</u>  Upon the Effective Date, TRP, on behalf of all of its present and former principals, employees (in both their corporate and individual capacities), staff, predecessors, successors, subsidiaries, contractors, managers, affiliates, and respective attorneys, consultants, adjustors and insurers in their capacities as such, fully releases and discharges USACM, the USACM Trust, the USACM Trustee, and all of their present and former trustees, managers, employees, agents, consultants, attorneys, directors, and officers, and their respective insurers in their capacities as such from any and all, known or unknown, claims, demands, damages, liabilities, actions, causes of action or suits at law or in equity arising out of or related to the TRP Transfers, the allegations in the Pending Litigation, and the business or financial relationship of USACM to the TRP Released Parties.  This release includes all claims that TRP ever had or now has against the USACM, the USACM Trust, and the USACM Trustee, relating to the TRP Transfers, <u>provided, however</u>, that TRP does not release USACM, the USACM Trust, and the USACM Trustee from their obligations created under this Agreement (the "TRP Released Claims").

<u>See</u> Settlement Agreement, attached as Exhibit "A" to the Berman Declaration.

# I.
# LEGAL ARGUMENT

  The Joint Plan does not expressly require Bankruptcy Court to approve proposed settlements.  Rather, the Joint Plan provides that the USACM Trust shall have the discretion to:

>commence, prosecute, defend against, recover on account of, and settle all rights, Claims, causes of action, defenses, and counterclaims in their sole discretion in accordance with what is in the best interests, and for the benefit, of the Debtors or the Post-Effective Date Entities.

Joint Plan, pps. 47-48, 59. In an abundance of caution, and as required by the Settlement Agreement, the USACM Trust seeks the Bankruptcy Court's approval of the Settlement Agreement pursuant to Bankruptcy Rule 9019 and notes that compromise and settlement agreements have long been an inherent component of the bankruptcy process. See Protective Comm. for Index Stockholders of TMT Trailer Ferry v. Anderson, 390 U.S. 414, 424 (1958) (citing Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 130 (1939)).

Bankruptcy Rule 9019(a) that governs the approval of settlement agreements in bankruptcy proceedings, provides that "[on] motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a).

Pursuant to this rule, compromises are favored in bankruptcy; therefore, the decision of the bankruptcy judge to approve or disapprove the compromise of the parties rests in his or her sound discretion. See In re Stein, 236 B.R. 34, 37 (Bankr. D. Or. 1999). The law favors compromise "as long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise." In re A&C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986). Public policy favors pretrial compromises because litigation "can occupy a court's docket for years on end, depleting resources of the parties and the taxpayers while rendering meaningful relief elusive." In re Grau, 267 B.R. 896, 899 (Bankr. S.D.Fla 2001), quoting Matter of Munford, Inc., 97 F.3d 449, 455 (11th Cir. 1996).

The United States Supreme Court has expressed that a bankruptcy settlement must be fair and equitable. See Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968). The Ninth Circuit Court of Appeals has enunciated that "in order to determine whether a proposed settlement is fair and equitable, the bankruptcy court must

5

consider four factors: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." See In re Stein, 236 B.R. at 37; see also In re A&C Properties, 784 F.2d at 1381; Schmitt v. Ulrich, 215 B.R. 417, 421 (B.A.P. 9th Cir. 1997). The debtor is not necessarily required to satisfy each of these factors as long as the factors as a whole favor approving the settlement. See In re Pacific Gas and Electric Co., 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004); In re WCI Cable, Inc., 282 B.R. 457, 473-74 (Bankr. D. Or. 2002).

However, the settlement does not have to be the best the debtor could have possibly obtained; rather, the settlement must only fall "within the reasonable range of litigation possibilities." See In re Adelphia Comm. Corp., 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (citing In re Penn Cent. Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979) ("Indeed, a court may approve a settlement even if it believes that the Trustee ultimately would be successful." Id.).

> There is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion—and the judge will not be reversed if the appellate court concludes that the settlement lies with that range.

See id. (citing Newman v. Stein, 464 F.2d 689, 693 (2d Cir. 1972)). The bankruptcy court "need not conduct an independent investigation into the reasonableness of the settlement but must only 'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'" See id. (citing In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983)); see also Ars Brook, LLC v. Jalbert (In re Servisense.com, Inc.), 382 F.3d 68, 71-72 (1st Cir. 2004); In re Energy Cooperative, Inc., 886 F.2d 921, 929 (7th Cir. 1989); New Concept Housing, Inc. v. Poindexter et al. (In re New Concept Housing, Inc.), 951 F.2d 932, 938 (8th Cir. 1991).

It is evident that the proposed Settlement Agreement surpasses this standard and is fair and reasonable and in the best interest of the estate's creditors. See Berman Declaration ¶ 10. First, TRP has asserted several defenses to USACM's claims, has continuously and strenuously

denied any liability arising out of the TRP Transfers, and has made no indication that it will concede any of its defenses. See id. ¶ 6. Thus, the USACM Trust's success is not if this matter was fully litigated. See id.

Second, the proposed Settlement Agreement represents that culmination of arm's-length negotiations undertaken with an appreciation of the extensive time and expense required to try the issues necessary for the Court to render a determination that TRP Transfers were fraudulent. See id. This is particularly true as the parties have reached this compromise prior to having undertaken any depositions or having retained any experts. See id. ¶ 7. The expense, inconvenience, and delay inherent in any adversary proceeding undertaken to resolve the Pending Litigation weighs heavily in favor of approval of the Settlement Agreement. See id. ¶ 9.

Third, the paramount interest of creditors which the Court must consider in deciding whether to approve a proposed compromise generally "reflects not only the desire of creditors to obtain the maximum possible recovery but also their competing desire that that recovery occur in the least amount of time." In re Marples, 266 B.R. 202, 207 (Bankr. D. Idaho 2001). The USACM Trustee contends that the probability of success is outweighed by the costs and inherent delays to be incurred in taking the Pending Litigation to trial. See Berman Declaration ¶ 9. After a thorough evaluation of all available information, the USACM Trustee has determined that approval of the Settlement Agreement is fair and equitable and in the best interest of the USACM Trust's creditors because it efficiently alleviates an ongoing dispute and eliminates potential subsequent liability to the USACM Trust. See id. ¶ 10.

Fourth, TRP has indicated on several occasions that due to the recession in the construction and real estate industry, it does not have the funds to pay a judgment if one was rendered against it in the Pending Litigation. See id. ¶ 6. Therefore, there is a real chance that such judgment could not be collected even if judgment was obtained against TRP. See id.

Finally, the USACM Trustee believes that the proposed Settlement Agreement falls within a reasonable range of likely outcomes of the Pending Litigation, after accounting for

7

litigation risks, costs, and delay associated with trial, appeal and ultimately, if successful, collection of any judgment awarded. See id. ¶ 11. The proposed Settlement Agreement also will not result in any negative impact on any third parties.

WHEREFORE, the USACM Trustee respectfully requests that this Court grant this Motion, thereby approving the proposed Settlement Agreement and for such other and further relief as the Court deems just and proper.

DATED this 20th day of May, 2009.

| | |
|---|---|
| **DIAMOND MCCARTHY LLP** | **LEWIS AND ROCA LLP** |
| By: */s/ Eric D. Madden* | By: */s/ Rob Charles* |
| Allan B. Diamond, TX 05801800 (pro hac vice) | Rob Charles, NV 6593 |
| Barbara Balliette, TX 00788660 (pro hac vice) | 3993 Howard Hughes Parkway, Suite 600 |
| Eric D. Madden, TX 24013079 (pro hac vice) | Las Vegas, Nevada 89169-5996 |
| Elisaveta Dolghih, TX24043355 (pro hac vice) | (702) 949-8320 (telephone) |
| 909 Fannin, Suite 1500 | (702) 949-8321 (facsimile) |
| Houston, Texas 77010 | |
| (713) 333-5100 (telephone) | *Counsel for USACM Liquidating Trust* |
| (713) 333-5199 (facsimile) | |
| *Special Litigation Counsel for USACM Liquidating Trust* | |

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the law firm of DIAMOND MCCARTHY LLP, and that on the 21st day of May 2009, I served a true and correct copy of the foregoing **MOTION SEEKING THE APPROVAL OF THE SETTLEMENT AGREEMENT BETWEEN THE USACM LIQUIDATING TRUST AND TANAMERA RESORT PARTNERS, LLC** by electronic transmission to counsel for Tanamera, Leigh Goddard, at lgoddard@mcdonaldcarano.com.

/s/ Catherine A. Burrow, CLA
Catherine A. Burrow, CLA
Diamond McCarthy LLP