E-Filed On May 20, 2009

**DIAMOND MCCARTHY LLP**
909 Fanin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Barbara Balliette. TX State Bar No. 00788660
Email: bballiette@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com
Elisaveta Dolghih. TX State Bar No. 24043355
Email: edolghih@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 9490-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>　　　　Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>　　　　Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>　　　　Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>　　　　Debtor. | Judge Linda B. Riegle |
| In re:<br>USA SECURITIES, LLC,<br>　　　　Debtor. | **Adversary No. 08-01129** |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |
| USACM LIQUIDATING TRUST,<br>　　　　Plaintiff,<br>　v.<br>TANAMERA RESORT PARTNERS, LLC,<br>　　　　Defendant. | Hearing Date: June 12, 2009<br>Hearing Time: 9:30 a.m. |

156986/167797_1

**DECLARATION OF GEOFFREY L. BERMAN IN SUPPORT OF THE MOTION SEEKING THE APPROVAL OF THE SETTLEMENT AGREEMENT BETWEEN THE USACM LIQUIDATING TRUST AND TANAMERA RESORT PARTNERS, LLC**

I, Geoffrey L. Berman, hereby declare as follows:

1. I am over the age of eighteen (18) and am mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so.

2. I am the Court-appointed trustee of the USACM Liquidating Trust (the "USACM Trust"), and I submit this declaration in support of the Motion Seeking the Approval of the Settlement Agreement Between the USACM Liquidating Trust and Tanamera Resort Partners, LLC (the "Motion").[1]

3. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit "A."

4. On April 13, 2006, USA Commercial Mortgage Company ("USACM") filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), which bankruptcy case was jointly administered with several related cases under bankruptcy case number BK-S-06-10725-LBR (the "USACM Bankruptcy Case"). The Bankruptcy Court confirmed the Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan") pursuant to an order entered on January 8, 2007 (the "Confirmation Order") and the Joint Plan became effective on March 12, 2007. The USACM Trust was created pursuant to the Joint Plan and the Confirmation Order and I serve as the trustee of the USACM Trust. Pursuant to the terms of the Third Amended Joint Chapter 11 Plan of Reorganization and the Confirmation Order, the USACM Trust now holds any and all potential claims and causes of action, whether arising pre-petition or post-petition, that USACM and the USACM Trust may have or may at any time have had.

5. The USACM Trust has evaluated potential claims arising from USACM's alleged pre-petition transfers to Tanamera Resort Partners, LLC ("TRP") in 2003 and 2004 totaling $477,783.42 (the "TRP Transfers"), and on April, 11, 2008, commenced adversary proceeding number 08-01129, entitled *USACM Liquidating Trust v. Tanamera Resort Partners, LLC*, in the Bankruptcy Court, asserting claims to recover USACM funds allegedly transferred to TRP via TRP Transfers (the "Pending Litigation").

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Motion.

156986/167797_1

2

6. In the Pending Litigation, the USACM Trust asserts that USACM received no benefit for the TRP Transfers, and that the TRP Transfers were made in contravention of Bankruptcy Code sections 544 and 550, and section 112.180 of the Nevada Revised Statutes. TRP has continuously denied any liability for the TRP Transfers and has not conceded that its defenses are outweighed by the USACM Trust's claims. Thus, I recognize that there is no certainty as to the Trust's success at trial on its claims if this matter was fully litigated. TRP has also indicated on several occasions that due to the recession in the construction and real estate industry, it does not have the liquid funds available to pay a judgment if one was rendered against it in the Pending Litigation. Therefore, there is a real chance that even if judgment was obtained against TRP on the claims arising out of the TRP Transfers, such judgment could not be collected.

7. At my direction, the USACM Trust's litigation counsel, Diamond McCarthy LLP, has aggressively pursued the USACM Trust's claims in the Pending Litigation and has conducted extensive formal and informal written discovery. At the time the settlement agreement was reached, the Parties were scheduled to exchange expert reports by May 5, 2009 and to begin depositions soon thereafter.

8. The Parties engaged in substantial settlement negotiations in an effort to resolve the Pending Litigation, and in order to minimize the cost, expense, and risk inherent in proceeding to trial. On April 7, 2009, I participated in a settlement conference with TRP in an attempt to resolve the Pending Litigation. The Parties negotiated at arm's length and in good faith during the settlement conference, but were unable to reach an agreement. Thereafter, for the next three weeks, the Parties renewed their settlement discussions over e-mail and phone, and were ultimately able to reach a settlement agreement.

9. I believe that in the Pending Litigation, the probability of success is outweighed by the costs and inherent delays to be incurred in continuing the adversary proceeding. Furthermore, approval of the Settlement Agreement at this time, will allow the USACM Trust to avoid significant costs connected with obtaining deposition testimony of several witnesses and procuring expert reports and expert testimony. If the proposed settlement is not approved, the USACM Trust will be required to incur significant additional expenses to pursue the Pending Litigation through what will likely be a protracted, complex, and expensive trial. Moreover, even were the USACM Trust ultimately successful at trial, based on the information made

3

156986/167797_1

available to me during the settlement process, there is substantial uncertainty concerning the ability to recover any resulting judgment from TRP.

10. As discussed in the Motion, I believe the proposed Settlement Agreement represents a fair and reasonable compromise of the Pending Litigation that will result in a substantial recovery for the beneficiaries of the USACM Trust without the expense, time, and risks of further litigation, trial, and efforts to collect on any judgment the USACM Trust may ultimately obtain. Additionally, efficient resolution of the Pending Litigation is in the best interest of the USACM Trust's creditors, because it efficiently alleviates an ongoing dispute and eliminates potential subsequent liability to the USACM Trust

11. The proposed Settlement Agreement falls within what I believe to be the reasonable range of likely outcomes of the Pending Litigation, after accounting for litigation risks, costs, and delay associated with trial, appeal and ultimately, if successful, collection of any judgment awarded.

I declare under penalty of perjury that the foregoing is true and correct.

Executed May 19, 2009 at Los Angeles, California.

Geoffrey L. Berman
The Trustee for USACM Liquidating Trust
Development Specialists, Inc.
333 South Grand Ave., Suite 4070
Los Angeles, California 90071-1544

156986/167797_1

4

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the law firm of DIAMOND MCCARTHY LLP, and that on the 20th day of May 2009, I served a true and correct copy of the foregoing **DECLARATION OF GEOFFREY L. BERMAN IN SUPPORT OF MOTION SEEKING THE APPROVAL OF THE SETTLEMENT AGREEMENT BETWEEN THE USACM LIQUIDATING TRUST AND TANAMERA RESORT PARTNERS, LLC** by electronic transmission to counsel for Tanamera, Leigh Goddard, at lgoddard@mcdonaldcarano.com.

 /s/ Catherine A. Burrow, CLA
Catherine A. Burrow, CLA
Diamond McCarthy LLP

# Exhibit A

# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS BETWEEN THE USACM LIQUIDATING TRUST AND TANAMERA RESORT PARTNERS, LLC

This SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (the "Agreement") is made and entered into by the USACM Liquidating Trust (the "USACM Trust"), as a successor to USA Commercial Mortgage Company, and Tanamera Resort Partners, LLC ("TRP"). These entities are referred to collectively as the "Parties."

## I.

## RECITALS

WHEREAS, on April 13, 2006, USA Commercial Mortgage Company ("USACM") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), which bankruptcy case was jointly administered with several related cases under Bankruptcy Case No. BK-S-06-10725-LBR (the "USA Capital Bankruptcy Case"). The Bankruptcy Court confirmed the Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan") pursuant to an order entered on January 8, 2007 (the "Confirmation Order"). The Joint Plan became effective on March 12, 2007. The USACM Trust was created pursuant to the Joint Plan and the Confirmation Order. Geoffrey L. Berman (the "USACM Trustee") serves as the trustee of the USACM Trust. The USACM Trust now holds any and all potential claims and causes of action, whether arising pre-petition or post-petition, that USACM and the USACM Trust may have or may at any time have had.

WHEREAS, the USACM Trust has evaluated potential claims arising from USACM's alleged pre-petition transfers to TRP in 2003 and 2004 totaling $477,783.42 (the "TRP Transfers").

WHEREAS, on April, 11, 2008, the USACM Trust commenced adversary proceeding number 08-01129, entitled *USACM Liquidating Trust v. Tanamera Resort Partners, LLC,* in the Bankruptcy Court, asserting claims to recover USACM funds allegedly transferred to TRP via TRP Transfers (the "Pending Litigation").

WHEREAS, the USACM Trust believes that the claims it has asserted in the Pending Litigation arising out of the TRP Transfers have merit, and TRP has denied, and continues to deny, any liability whatsoever arising from the TRP Transfers.

WHEREAS, in order to avoid the costs and uncertainty of litigation, the Parties have agreed to settle the dispute regarding the TRP Transfers and all related disputes and controversies between them on the terms set forth in this Agreement without resort to further litigation between them.

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
167069v1

Page   1 of 5

## II.

## TERMS AND CONDITIONS

NOW, THEREFORE, in consideration of the covenants, promises and releases set forth herein, and in full settlement of all such claims, the Parties hereby agree on behalf of themselves and any and all of their predecessors, successors, assigns, parents, insurers, and any other parties or persons claiming by, through or under any of the Parties hereto, as follows:

### A. Settlement Consideration

TRP shall pay $140,000 to the USACM Trust upon the Effective Date of this Agreement. TRP shall also withdraw any and all proofs of claim filed in the USACM bankruptcy, without the right to assert later that such claims should participate in any distribution to allowed unsecured creditor claims.

### B. Releases

1. **Release of Claims by the USACM Trust.** Upon the Effective Date, the USACM Trust fully releases and discharges TRP and all of its present and former principals, members, employees (in both their corporate and individual capacities), staff, predecessors, successors, subsidiaries, contractors, managers, affiliates, and respective attorneys, consultants, adjustors and insurers ("TRP Released Parties") in their capacities as such, from any and all, known or unknown, claims, demands, damages, liabilities, actions, causes of action or suits at law or in equity arising out of or related to the TRP Transfers, the allegations in the Pending Litigation and the business or financial relationship of USACM to the TRP Released Parties. This release relates only to claims that the USACM Trust has or had and specifically does not include claims of other entities, including, without limitation, USA Investment Partners, LLP. This release includes all claims that the USACM Trust ever had or now has against TRP relating to the TRP Transfers, provided, however, that the USACM Trust does not release TRP from any obligations created under this Agreement (the "USACM Released Claims").

2. **Release of Claims by TRP.** Upon the Effective Date, TRP, on behalf of all of its present and former principals, employees (in both their corporate and individual capacities), staff, predecessors, successors, subsidiaries, contractors, managers, affiliates, and respective attorneys, consultants, adjustors and insurers in their capacities as such, fully releases and discharges USACM, the USACM Trust, the USACM Trustee, and all of their present and former trustees, managers, employees, agents, consultants, attorneys, directors, and officers, and their respective insurers in their capacities as such from any and all, known or unknown, claims, demands, damages, liabilities, actions, causes of action or suits at law or in equity arising out of or related to the TRP Transfers, the allegations in the Pending Litigation, and the business or financial relationship of USACM to the TRP Released Parties. This release includes all claims that TRP ever had or now has against the USACM, the USACM Trust, and the USACM Trustee, relating to the TRP Transfers, provided, however, that TRP does not release USACM, the USACM Trust, and the USACM Trustee from their obligations created under this Agreement (the "TRP Released Claims").

### C. General Terms and Provisions

1. **Legal Costs and Expenses.** Each Party agrees to pay its own legal costs and expenses incurred in connection with the Pending Litigation and this Agreement.

2. <u>Effective Date</u>. As used herein, "Effective Date" means the first business day which is eleven (11) days after entry of an order by the Bankruptcy Court in the USACM Bankruptcy Case authorizing the USACM Trust to enter into the Agreement (the "Approval Order"). Unless otherwise ordered by a court, the Effective Date will occur on the first business day which is more than ten (10) days after entry of the Approval Order notwithstanding any pending appeal commenced by one of the Parties or any third-party. If any stay is imposed as to the effectiveness of this Agreement as a result of an appeal, upon written notification to the other Parties, either Party may deem this agreement void and nonbinding on the Parties.

3. <u>Notice to the Parties.</u> Any notices in connection with this Agreement to each of the Parties shall be given, by fax and by certified mail, to the following individuals:

> For the USACM Trust:
> Geoffrey L. Berman
> DEVELOPMENT SPECIALISTS, INC.
> 333 South Grand Avenue, Suite 4070
> Los Angeles, California 90071-1544
> Telephone: (213) 617-2717
> Facsimile: (213) 617-2718
>
> Barbara Whiten Balliette
> DIAMOND MCCARTHY, LLP
> 6504 Bridgepoint Pkwy
> Suite 500
> Austin, Texas 78730
> Telephone: (512) 617-5200
> Facsimile: (512) 617-5299
>
> For TRP:
> Leigh Goddard
> MCDONALD CARANO WILSON LLP
> 100 West Liberty
> 10th Floor
> P.O. Box 2670
> Reno, Nevada 89505

4. <u>Good Faith Compromise.</u> This Agreement is entered into as a good faith compromise between the Parties for the complete and final settlement of the claims related to the TRP Transfers. By this settlement, no Party admits liability to any other Party in any respect, or makes any admission as to factual or legal contentions relating to the matters settled herein.

5. <u>Plain Meaning.</u> The Parties acknowledge that they have had the opportunity to be represented by counsel during negotiations of this Agreement and to consult with their respective attorneys regarding its meaning and effect. The Parties agree that (a) the terms and provisions of this Agreement are not to be construed more strictly against either of the Parties; and (b) it is their mutual intention that the terms and provisions of this Agreement be construed as having the plain meaning of the terms used herein.

6. *Integration.* This Agreement constitutes the entire agreement between the Parties on the subjects addressed herein. This Agreement is executed without reliance upon any representations by any person or entity concerning the nature, cause or extent of injuries, or legal liability therefore, or any other representations of any type or nature except as set forth herein. No contrary or supplementary oral agreement shall be admissible in a court to contradict, alter, supplement, or otherwise change the meaning of this Agreement. THE PARTIES ALSO ACKNOWLEDGE THE CONTESTED AND ADVERSARIAL NATURE OF THE DISPUTE REGARDING THE TRP TRANSFERS AND STIPULATE THAT IN EXECUTING THIS AGREEMENT THEY ARE NOT RELYING ON ANY REPRESENTATION BY ANY OTHER PARTY OR ITS AGENTS, REPRESENTATIVES OR ATTORNEYS, WITH REGARD TO (1) FACTS UNDERLYING THE LAWSUIT, (2) THE SUBJECT MATTER OR EFFECT OF THIS AGREEMENT, AND (3) ANY OTHER FACTS OR ISSUES WHICH MIGHT BE DEEMED MATERIAL TO THE DECISION TO ENTER INTO THIS AGREEMENT, OTHER THAN AS SPECIFICALLY SET FORTH IN THIS AGREEMENT.

7. *Amendments.* This Agreement may be amended only by written agreement signed by each of the Parties, and any alleged breach of this Agreement may be waived only by a written waiver signed by the party granting the waiver. This Agreement and any such amendments or waivers of breach may be executed either directly by the Parties, or on their behalf by authorized counsel.

8. *Severability.* If any term or provision of this Agreement shall be determined to be unenforceable or invalid or illegal in any respect, the unenforceability, invalidity or illegality shall not affect any other term or provision of this Agreement, but this Agreement shall be construed as if such unenforceable, invalid or illegal term or provision had never been contained herein.

9. *Counterparts and Signatures.* This Agreement may be executed in any number of counterparts each of which, when executed and delivered, shall be deemed an original and all of which together shall constitute but one and the same agreement. Signatures obtained by facsimile or email in .pdf format shall be deemed to be original signatures.

10. *Enforcement of the Agreement.* Each Party agrees to bear its own fees and costs with respect to any duties required of the Party under this Agreement; in any matter involving, referring, or relating to the interpretation and enforcement of this Agreement; and in connection with any disputes that may arise between the Parties relating to this Agreement.

11. *Construction.* This Agreement is to be governed by the law of the State of Nevada. The Bankruptcy Court shall retain exclusive jurisdiction over the interpretation and enforcement of this Agreement, as well as any disputes that may arise between the Parties relating to this Agreement, and the Parties consent to the exclusive jurisdiction of the Bankruptcy Court for these purposes.

12. *Representations.* Except as expressly stated herein, each Party warrants, represents and agrees that it (i) has not assigned, subrogated, pledged or transferred to any person, firm, partnership, corporation or other entity whatsoever any of the claims, counterclaims, actions, demands or causes of action to be released pursuant to the releases set forth in this Agreement and (ii) is fully authorized to enter into this Agreement without the consent of any third-parties. Specifically, each person signing the Agreement represents and warrants that upon obtaining entry of the Approval Order, s/he has been authorized and

empowered to sign this Agreement on behalf of the Party the person purports to represent and that this Agreement is lawful and binding obligations of the Party on whose behalf the person is signing.

13. <u>Inurement</u>. This Agreement will inure to the benefit of and will be binding upon the Parties and their respective heirs, executors, successors, assigns, grantees, administrators, executors and trustees.

DATED: May _19_, 2009                **USACM LIQUIDATING TRUST**

By: _/s/ Geoffrey L. Berman_
Geoffrey L. Berman, in his capacity as
Trustee of the USACM Liquidating Trust

DATED: May____, 2009                **TANAMERA RESORT PARTNERS, LLC**
By: Resort Partners Management, LLC,
Manager

By:_____
Kreg Rowe, President
DDH Financial Corp, Manager

empowered to sign this Agreement on behalf of the Party the person purports to represent and that this Agreement is lawful and binding obligations of the Party on whose behalf the person is signing.

    13.  Inurement. This Agreement will inure to the benefit of and will be binding upon the Parties and their respective heirs, executors, successors, assigns, grantees, administrators, executors and trustees.

DATED: May ____, 2009    **USACM LIQUIDATING TRUST**

By:_____
  Geoffrey L. Berman, in his capacity as
  Trustee of the USACM Liquidating Trust

DATED: May 20, 2009    **TANAMERA RESORT PARTNERS, LLC**
By: Resort Partners Management, LLC,
Manager

By: _____
  Kreg Rowe, President
  DDH Financial Corp, Manager