**LEWIS AND ROCA LLP LAWYERS**

E-Filed on 5/29/09

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br>                                    Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**OBJECTION OF USACM TRUST TO PROOF OF CLAIM FILED BY COLT GATEWAY, LLC; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing: August 14, 2009<br>Time of Hearing: 9:30 a.m. |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing Proof of Claim No. 10725-01313 filed by Colt Gateway LLC ("Colt

---

[1] This bankruptcy case was closed on September 23, 2008.
[2] This bankruptcy case was closed on October 12, 2007.
[3] This bankruptcy case was closed on December 21, 2007.

2030005.1

Gateway"), which makes a general unsecured claim for $15,195,931.[4]  This Objection is supported by the Court's record and the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     BACKGROUND**

1.     On April 13, 2006 ("Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, and USA Capital First Trust Deed Fund, LLC (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Debtors' post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

2.     USACM is a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of individual investors to purchase fractional interest in loans that USACM originated and then serviced.

3.     On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] (the "Bar Date Order").  The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file proof of claims.

---

[4] Of this total amount, the Proof of Claim designated $5,195,931 as a secured claim.  The secured portion of the claim has been reclassified as a general unsecured claim by the Court. [DE 4464]

4. On September 25, 2006, Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358]. All Creditors were served with a copy of the Bar Date order as well [Docket No. 1358].

5. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376] (the "Confirmation Order").

6. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

7. Under the Plan, allowed Unsecured Claims "shall receive a beneficial interest in the USACM Trust, and on account of their Allowed Claim may receive a Pro Rata Share of the assets of the USACM Trust after satisfaction of all Allowed unclassified Claims, Allowed Class A-1, A-2, and A-3 Claims, and all post-Effective Date fees, costs, and expenses of implementation of the USACM Plan for USACM and the USACM Trust."

8. The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee.

## II. JURISDICTION

9. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

10. The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III. APPLICABLE AUTHORITY

11. Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the

2030005.1

Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

12. The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a). This objection is timely under the confirmed Plan, as the deadline for such objections has been extended to June 10, 2009, by this Court's orders.

13. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

### IV. THE CLAIMANT

14. Colt Gateway has an outstanding loan obligation currently being serviced by USA Capital Diversified Trust Deed Fund, LLC that is evidenced by a note dated December 22, 2002, as modified July 2003 and again in August 2003, for an original principal amount of $9.75 million, and entered into by Colt Gateway as borrower and Fertitta Enterprises, Inc. ("Fertitta"), USA Capital Diversified Trust Deed Fund, LLC ("Diversified"), USA Commercial Mortgage Company ("USACM"), and Daniel Tabas as lenders ("Note 1"). Note 1 is secured by a lien established against real property of Colt Gateway in the City of Hartford, Hartford County, Connecticut, by a Mortgage Deed and Security Agreement dated December 22, 2002, recorded on January 24, 2003, and modified on July 9, 2003, recorded on August 1, 2003, all in the Hartford Land records of

Hartford County, Connecticut ("Mortgage 1"). Mortgage #1 was modified again on August 18, 2003, to reflect the $9.75 million principal amount.

15. On August 18, 2003, USACM assigned its beneficial interest in Note 1 and Mortgage 1 to Diversified. Thus, Fertitta, Diversified, and the Estate of Daniel Tabas are now the holders of Note 1 and Mortgage 1, as modified, and all security given to secure Note 1.

16. Colt Gateway also has an outstanding loan obligation owed solely to USACM as the direct lender. That loan is evidenced by a note dated August 18, 2003, as modified on January 17, 2004, for an original principal loan amount of One Million Dollars ("Note 2"). Note 2 is secured by a lien established against real property of Colt Gateway in the City of Hartford, Hartford County, Connecticut, by a Mortgage Deed and Security Agreement dated August 19, 2003, recorded on September 8, 2003, in the Hartford Land Records of Hartford County, Connecticut ("Mortgage 2").

17. Colt Gateway is also the recipient of additional loans from Diversified. On July 10, 2003, Diversified provided Colt Gateway with an additional $1,500,000 (the "Div 1 Advance"). On September 26, 2003, Diversified provided Colt Gateway with an additional $3,718,777 ("CREC Advance"), and on April 1, 14, and 23, 2004, Diversified provided Colt Gateway with additional funds totaling $3,100,000 (the "Div 2 Advance"). There is a dispute as to whether these funds were advanced under Note 1 and thus secured by Mortgage 1.

## V.    THE OBJECTIONS

### A. Objection to Colt Gateway's Claim #1

*i.    The allegations are vague, ambiguous, and incomplete.*

18. Claim #1 asserts that Colt Gateway made three principal payments that were not properly credited to Note 1, but only lists the date and amount of one such alleged payment. The Trust cannot adequately respond to Claim #1 until Colt Gateway provides a

more definite statement detailing which other payments USACM purportedly mishandled, and until Colt Gateway provides its loan history reports and any other evidence that supports the allegation that payments weren't properly credited.

      ii.    *Colt Gateway fails to state a claim.*

19. USACM Trust is unaware of any payments made by Colt Gateway that were not applied.

**B. Objection to Colt Gateway's Claim #2**

      i.    *The allegations are vague, ambiguous, and incomplete.*

20. Colt Gateway asserts that "USA Commercial Mortgage Company, affiliates, principals, and their agents, representatives and officers" improperly placed lien(s) on Colt Gateway's real estate. Colt Gateway, however, was the beneficiary of at least five different loans from at least four different entities. The Trust cannot adequately respond to Claim #2 until Colt Gateway provides a more definite statement specifying which entity asserted a lien to the disparagement of title and which lending relationship led to the lien. Nor can the Trust adequately respond to allegations vaguely levied against "affiliates, principals, and their agents, representatives and officers," who may not even be Debtors.

21. Colt Gateway also alleges, in support of Claim #2, that "USA Commercial Mortgage Company, affiliates, principals, and their agents, representatives and officers" advanced funds to Colt Gateway without evidence of a promissory note, in lieu of an alleged equity funding requirement. Colt was the beneficiary of at least five different loans from at least four different persons or entities, at least two of which (Note 1 and 2) are evidenced by promissory notes and mortgages. The Trust cannot adequately respond to Claim #2 until Colt Gateway provides a more definite statement as to which specific person or entity advanced funds, when those funds were advanced, what obligation the lender had to fund via equity as opposed to debt, and how those advances serve as the basis for a valid claim. Nor can the Trust adequately respond to allegations vaguely levied

against "affiliates, principals, and their agents, representatives and officers" who may not even be Debtors.

  *ii. Colt Gateway fails to state a claim.*

22. The Trust is unable to decipher from the claim which loan led to the offending liens, however, Note 1 and Note 2 each are secured by validly executed and recorded Mortgages, and neither Note has been paid off.   Thus any continuing lien arising from either Note 1 or Note 2 is proper and not the basis of a claim against the Debtors' estates.

**C. Objection to Colt Gateway's Claim #3**

  *i. The allegations are vague, ambiguous, and incomplete*

23.  Colt Gateway asserts that "USA Commercial Mortgage Company, affiliates, principals, and their agents, representatives and officers" failed to fund equity contributions to Colt Gateway pursuant to a joint venture agreement, thereby harming Colt Gateway.  The Trust cannot adequately respond to Claim #3 until Colt Gateway provides a more definite statement as to which specific person or entity entered into a joint venture agreement with Colt Gateway, and which specific person or entity had an obligation pursuant to that agreement to make equity contributions.  Further, the Trust is aware that an equity interest in at least some portion of the Colt Gateway project was given to USA Investments Partners, LLC ("USAIP"), an affiliate of USACM and now in its own bankruptcy proceedings.

24.  Colt Gateway also alleges, in support of Claim #3, that "USA Commercial Mortgage Company, affiliates, principals, and their agents, representatives and officers" advanced funds to Colt Gateway without evidence of a promissory note, in lieu of an alleged equity funding requirement.  Colt was the beneficiary of at least five different loans from at least four different persons or entities, at least two of which (Note #1 and #2) are evidenced by promissory notes and mortgages.  The Trust cannot adequately respond

to Claim #3 until Colt Gateway provides a more definite statement as to which specific person or entity advanced funds, when those funds were advanced, and what obligation the lender had to fund via equity, as opposed to debt, and how those advances serve as the basis for a valid claim. Nor can the Trust adequately respond to allegations vaguely levied against "affiliates, principals, and their agents, representatives and officers," who may not even be Debtors.

25. Furthermore, per Bankruptcy Rule 3001, when a claim is based upon a writing, the claimant must submit the original writing. Here, the documentation Colt attached regarding Claim #3 is incomplete. The attached pages from the "Second Amended and Restated Operating Agreement" fail to explain how or why any of the Debtor entities owed a contractual duty to Colt Gateway to fund equity contributions pursuant to a joint venture, as alleged in Claim #3. Colt Gateway merely attaches signature pages, which notably, are not signed by any Debtor.

  ii. *Colt Gateway fails to state a claim*

26. In support of Claim #3, Colt Gateway alleges that "USA agreed in the original operating agreement for Colt Entity to fund total equity of…$9,750,000." None of the Debtors, however, signed the original operating agreement for Colt Entity, and thus Colt Gateway fails to state a claim against them.

27. Additionally and as stated above, USAIP signed the "Second Amended and Restated Operating Agreement" as well as the initial "Operating Agreement." If any entity had an obligation to fund an equity interest in Colt Gateway, USAIP would have had such obligation and not USACM. Therefore, USACM would not bear any responsibility or liability for USAIP's actions or inactions, and Colt Gateway has not alleged any facts or theories that would support an alter ego or piercing the veil claim against Debtor USACM, USAIP's managing partner.

2030005.1

28. Furthermore, per N.R.S. § 86.371, a member or manager of an LLC is *not* liable for the debts or liability of the company. Thus Debtor USACM is not liable for USAIP's purported duties under any operating agreement as a matter of law.

29. USAIP, to the extent it was obligated to fund Colt Gateway, satisfied that obligation by procuring the loan evidenced by Note 1 and its subsequent amendments. As admitted by Colt Gateway in its Answer to a Complaint filed by Diversified, Fertitta, and the Daniel Tabas Trust, "USAIP's equity contribution was fulfilled by USAIP's procuring a loan from its affiliates, USACM, Diversified, Fertitta, and Daniel M. Tabas"(though it should be noted neither Fertitta or Tabas are "affiliates" of USACM) (*See attached* Ex. 1 at 7). Furthermore, the Operating Agreement specifically states that USAIP could satisfy any alleged funding requirement by "provid[ing] to [Colt Gateway] the initial loan and equity financing…under the credit facility established pursuant to that certain Loan Agreement dated December 22, 2002…," i.e., Note 1.

30. Finally, Colt Gateway states an inconsistent request for relief. Colt Gateway cannot simultaneously be harmed (a) by a failure to fund $9.75 million, as alleged in Claim #3 and (b) by the advancement of $9.75 million in funds pursuant to Note 1, as alleged in Claim #2.

    iii. *Colt Gateway is subject to the affirmative defenses of estoppel and waiver, and accord and satisfaction*

31. As part of Claim #2 and #3, Colt Gateway asserts that unnamed entities lent funds without regard to the equity funding obligations of USAIP and without evidence of a promissory note or loan documentation. Colt Gateway, however, accepted those loan funds and has thereby waived any argument, and is estopped from now claiming, that those funds should have been categorized as anything but loans.

32. To the extent any Debtor party had equity funding obligations to Colt Gateway pursuant an operating agreement, Colt Gateway's subsequent acceptance of debt

2030005.1

pursuant to Note 1 acts as an accord and satisfaction of the previous obligation to make an equity contribution.

### D. There are third parties at fault for any damages Colt may have suffered.

33.    To the extent Colt Gateway suffered any damages, those damages were caused, or contributed to, by entities other than the Debtors, with whom Colt Gateway had lending relationships, and with whom Colt Gateway attempted to negotiate lien releases.

### E. Colt Gateway has failed to mitigate its damages, if any.

34.    Colt Gateway has not paid off its obligations under Note 1 or Note 2, and has thereby failed to mitigate any alleged damages it suffered as a result of liens arising from Note 1 or Note 2, funds advanced pursuant to Note 1 or Note 2, or interest accumulating on the amounts due under Note 1 or Note 2.

35.    The USACM Trust reserves the right to further object to any and all Claims, whether or not the subject of this Objection, for allowance and/or distribution purposes on any other grounds.  The USACM Trust further reserves the right to modify, supplement and/or amend this Objection as it pertains to any Claim or claimant herein.

## VI.  CONCLUSION

36.    The USACM Trust respectfully requests that the Court disallow in full the Colt Claim.  The USACM Trust also requests such other and further relief as is just and proper.

Dated: May 29, 2009.

LEWIS AND ROCA LLP

By  /s/  John Hinderaker (#18024)
    Rob Charles, NV 6593
    John C. Hinderaker, AZ 18024 (*pro hac vice*)
    Marvin C. Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Telephone:  (702) 949-8200
Facsimile:   (702) 949-8398
E-mail:  jhinderaker@rlaw.com
*Attorneys for the USACM Liquidating Trust*

2030005.1

LEWIS AND ROCA LLP
LAWYERS

| | |
|---|---|
| 1 | Copy of the foregoing e-mailed or mailed by first class postage prepaid |
| 2 | U.S. Mail on May 29, 2009 to: |
| 3 | Colt Gateway LLC |
| | c/o Homes for America Holdings |
| 4 | 1 Odell Plz |
| | Yonkers, NY 10701-1402 |
| 5 | 86 Main Street, Second Floor |
| | Yonkers, NY 10701-2738 |
| 6 | |
| | Colt Gateway LLC |
| 7 | c/o Homes for America Holdings, Inc. |
| | Attn: Nancy B. Bensal, Esq. |
| 8 | Corporate Counsel |
| | 86 Main Street, Second Floor |
| 9 | Yonkers, New York 10701-2738 |
| | NBensal@hfaholdings.com |
| 10 | |
| | Daniel G. Hayes |
| 11 | Senior Vice President |
| | Homes For America Holdings, Inc. |
| 12 | Station Plaza |
| | 86 Main Street, 2nd Floor |
| 13 | Yonkers, NY 10701 |
| 14 | |
| 15 |  /s/ Carrie Lawrence |
| | Carrie Lawrence |
| 16 | Lewis and Roca LLP |

11

2030005.1