LEWIS AND ROCA LLP LAWYERS

E-Filed on 6/1/09

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br>                        Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**OBJECTION OF USACM TRUST TO PROOF OF CLAIM NO. 10725-01318 FILED BY HFAH ASYLUM, LLC; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing: August 14, 2009<br>Time of Hearing: 9:30 a.m. |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing Proof of Claim No. 10725-01318 filed by HFAH Asylum, LLC

---

[1] This bankruptcy case was closed on September 23, 2008.
[2] This bankruptcy case was closed on October 12, 2007.
[3] This bankruptcy case was closed on December 21, 2007.

2044129.1



("HFAH"), which makes a general unsecured claim for $6,685,850.  This Objection is supported by the Court's record and the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     BACKGROUND**

1.     On April 13, 2006 ("Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, and USA Capital First Trust Deed Fund, LLC (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Debtors' post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

2.     USACM is a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of individual investors to purchase fractional interest in loans that USACM originated and then serviced.

3.     On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] (the "Bar Date Order").  The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file proof of claims.

4.     On September 25, 2006, Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358].  All Creditors were served with a copy of the Bar Date order as well [Docket No. 1358].

LEWIS AND ROCA LLP LAWYERS

5. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376] (the "Confirmation Order").

6. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

7. Under the Plan, allowed Unsecured Claims "shall receive a beneficial interest in the USACM Trust, and on account of their Allowed Claim may receive a Pro Rata Share of the assets of the USACM Trust after satisfaction of all Allowed unclassified Claims, Allowed Class A-1, A-2, and A-3 Claims, and all post-Effective Date fees, costs, and expenses of implementation of the USACM Plan for USACM and the USACM Trust."

8. The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee.

## II. JURISDICTION

9. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

10. The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III. APPLICABLE AUTHORITY

11. Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

2044129.1

12. The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a). This objection is timely under the confirmed Plan, as the deadline for such objections has been extended to June 10, 2009, by this Court's orders.

13. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

**IV.    THE CLAIMANT**

14. Per HFAH and its Senior Vice President, HFAH accepted $5,050,000 in funds from a Debtor entity or an affiliate of Debtors that it used in order to purchase the Windham Mills property (the "Property") out of bankruptcy. *See* Ex. 1, Excerpt from November 7, 2007 Deposition of Daniel Hayes at 121:3-18, 124:3-13; Ex. 2 at 2. There is no signed loan agreement.

15. HFAH did, however, sign a "Collateral Assignment." *See* Ex. 3 attached hereto. Although there is no countersignature, per the Collateral Assignment, HFAH as "Borrower" contemplated granting a security interest in the Property to various "Lenders" in exchange for a loan of $5,050,000. HFAF further agreed to execute loan documents in the initial amount of $5,050,000. *Id.* at 3.

16. HFAH's Senior Vice President admitted that HFAH has not repaid those $5,050,000 in funds. Ex. 1 at 121:3-18, 124:3-13. Further, HFAH employees calculated that HFAH owed $1,343,160 in interest on the advances, and that $240,000 in loan fees for the advance had been written off. *Id.* at 120:4-120:21, 122:21-123:13; Ex. 2 at 1, 3.



## V. THE OBJECTIONS

### A. Objection to HFAH's Claim #1

*i. The allegations are vague, ambiguous, and incomplete.*

17. HFAH asserts that "USA Commercial Mortgage Company, affiliates, principals, and their agents, representatives and officers" improperly placed lien(s) on HFAH's real estate. The Trust cannot adequately respond to Claim #1 until HFAH provides a more definite statement identifying what entity has asserted a lien to the disparagement of title and provides evidence of that lien. Nor can the Trust adequately respond to allegations vaguely levied against "affiliates, principals, and their agents, representatives and officers," who may not even be Debtors.

*ii. HFAH fails to state a claim.*

18. HFAH admits that it accepted advances from either a Debtor entity or an affiliate and admits that it has not repaid those funds. Consequently, to the extent that any lien arising from such a loan is the basis of HFAH's claim, then HFAH fails to state a claim.

### B. Objection to HFAH's Claim #2

*i. The allegations are vague, ambiguous, and incomplete*

19. HFAH asserts that "USA Commercial Mortgage Company, affiliates, principals, and their agents, representatives and officers" failed to fund equity contributions to HFAH pursuant to a joint venture agreement, instead funding debt, thereby harming HFAH. HFAH also asserts, in support of Claim #2, that "USA Commercial Mortgage Company, affiliates, principals, and their agents, representatives and officers" agreed with HFAH to fund equity secured by certain property upon HFAH's acquisition of that property out of foreclosure. The Trust cannot adequately respond to Claim #2 until HFAH provides a more definite statement as to which specific person or entity entered into a joint venture agreement with HFAH, and which specific person or

entity had an obligation pursuant to that agreement to make equity contributions. Nor can the Trust adequately respond to allegations vaguely levied against "affiliates, principals, and their agents, representatives and officers," who may not even be Debtors.

20. Furthermore, per Bankruptcy Rule 3001, when a claim is based upon a writing, the claimant must submit the original writing. Here, despite premising Claim #2 on an alleged "joint venture agreement" that required equity contributions, HFAH has not submitted any documentation supporting such a agreement.

    *ii. HFAH fails to state a claim*

21. None of the Debtors entered into a joint venture agreement with HFAH, let alone a joint venture agreement that required any Debtor to fund equity contributions.

22. To the extent that any entity had an obligation to fund an equity interest in HFAH, that entity would be USA Investment Partners ("USAIP"), which is currently a Chapter 11 debtor in the District of Nevada Bankruptcy Court. Debtors do not bear any responsibility or liability for USAIP's actions or inactions, and HFAH has not alleged any facts or theories that would support an alter ego or piercing the veil claim against Debtor USACM, USAIP's managing partner until June 2004, after which Joseph Milanowski became the manager of USAIP.

23. Furthermore, per N.R.S. § 86.371, a member or manager of an LLC is *not* liable for the debts or liability of the company. Thus Debtor USACM is not liable for USAIP's potential duties under any operating agreement as a matter of law.

    *iii. HFAH is subject to the affirmative defenses of estoppel and waiver, and accord and satisfaction*

24. As part of Claim #2, HFAH asserts that unnamed entities lent funds without regard to their purported equity funding obligations, and without evidence of a promissory note or loan documentation. HFAH, however, accepted those loan funds (even calculating



the interest due and owing thereon), and has thereby waived any argument, and is estopped from now claiming, that those funds should have been categorized as anything but loans.

25. To the extent any Debtor party had equity funding obligations to HFAH pursuant an operating agreement, HFAH's subsequent acceptance of non equity advances acts as an accord and satisfaction of the previous purported obligation to make an equity contribution.

**C. HFAH has failed to mitigate its damages, if any.**

26. HFAH has not paid off its obligations, and has thereby failed to mitigate any damages it suffered as a result of any liens arising from those obligations.

27. The USACM Trust reserves the right to further object to any and all Claims, whether or not the subject of this Objection, for allowance and/or distribution purposes on any other grounds. The USACM Trust further reserves the right to modify, supplement and/or amend this Objection as it pertains to any Claim or claimant herein.

**D. HFAH improperly characterizes its claim as secured**

28. HFAH states that its $6,685,850 claim is secured by real estate. HFAH's claims, however, are for an alleged improper lien on its property and for an alleged failure to fund an equity contribution. HFAH never explains how the purported damages arising from either allegation could be secured, nor does HFAH explain what collateral secures these claims.

**VI. CONCLUSION**

29. The USACM Trust respectfully requests that the Court disallow in full the HFAH Claim. The USACM Trust also requests such other and further relief as is just and proper.

2044129.1

LEWIS AND ROCA LLP
LAWYERS

Dated: June 1, 2009.

LEWIS AND ROCA LLP

By /s/ John Hinderaker (#18024)
   Rob Charles, NV 6593
   John C. Hinderaker, AZ 18024 (*pro hac vice*)
   Marvin C. Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: jhinderaker@rlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing e-mailed or mailed by first class postage prepaid U.S. Mail on June 1, 2009 to:

HFAH Asylum, LLC
c/o Homes for America Holdings, Inc.
Attn: Nancy B. Bensal, Esq., Corporate Counsel
86 Main Street, Second Floor
Yonkers, New York 10701-2738
NBensal@hfaholdings.com

HFAH Asylum, LLC
Daniel G. Hayes
Senior Vice President
Homes For America Holdings, Inc.
Station Plaza
86 Main Street, 2nd Floor
Yonkers, NY 10701


 /s/ Carrie Lawrence
Carrie Lawrence
LEWIS AND ROCA LLP

2044129.1