**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
J. Maxwell Beatty, TX State Bar No. 24051740
Email: mbeatty@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

E-filed on 6/2/09

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br>                                            Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**Objection of USACM Liquidating Trust to Proof of Claim of Community Bank of Nevada (with Certificate of Service)**<br><br>Date of Hearing: June 26, 2009<br>Time of Hearing: 9:30 a.m. |

Pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

---

[1] This bankruptcy case was closed on September 23, 2008.

[2] This bankruptcy case was closed on October 12, 2007.

[3] This bankruptcy case was closed on December 21, 2007.

166722_1

the USACM Liquidating Trust (the "USACM Trust") requests that the Court disallow Proof of Claim No. 10725-00516 filed by Community Bank of Nevada ("Community Bank").

## I. JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II. BACKGROUND

A. On April 13, 2006 ("Petition Date"), USACM, USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF," together with DTDF, the "Funds") (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtors' post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

B. USACM is a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.

C. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

D. The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee.

166722_1

### III. APPLICABLE AUTHORITY

A. Under the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extent that the claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

B. The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a). This objection is timely under the confirmed Plan, as the deadline for such objections has been extended to June 10, 2009, by this Court's orders.

C. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

### IV. OBJECTION TO CLAIM

USACM Trust objects to Claim No. 10725-00516 filed by Community Bank in the amount of $461,170.32, because the underlying loan and guaranty which forms the basis for Community Bank's claim: (1) was absolutely assigned, transferred, and sold to Platinum Properties I, Inc. ("Platinum"), thus, all of Community Bank's right, title, and interest in Claim No. 516 is owned by Platinum; (2) is void for lack of consideration; (3) is a fraudulent conveyance; (4) was not authorized by USACM's board of directors; and (5) fails because the underlying loan was fully or partially paid by HMA Sales, LLC ("HMA Sales"). The basis for Community Bank's claim is a guaranty purportedly executed by USACM on January 14, 2002 in

favor of Bank of Commerce (the "Guaranty"). The Guaranty was made in connection with a loan agreement between Bank of Commerce and HMA Sales. Thereafter, Bank of Commerce was acquired by Community Bank. Prior to USACM's filing for bankruptcy, Community Bank had not called the Guaranty or demanded payment from USACM.

### A.   Community Bank No Longer Owns the Loan or the Guaranty

Community Bank assigned, transferred, and sold all of its right, title, and interest in the underlying loan and Guaranty to Platinum. Because Community Bank did not retain any interest in the loan and Guaranty, Community Bank cannot assert a proof of claim that amounts are due and owing based on a loan obligation that it does not own. Accordingly, without ownership of the loan and Guaranty, Community Bank has no claim against the USACM Trust.

### B.   The Guaranty Lacks Consideration.

A corporation does not derive consideration for a guaranty merely by its ownership of, or affiliation with, the indebted corporation. *Clark v. Sec. Pac. Bus. Credit, Inc. (In re Wes Dor, Inc.)*, 996 F.3d 237, 243 (10th Cir. 1993); *In re Xonics Photochemical Inc.*, 841 F.2d 198 (7th Cir. 1988). There must be some consideration that is "fairly concrete" for a guaranty to be enforceable. *Leibowitz v. Parkway Bank & Trust Co. (In re Image Worldwide, Ltd.)*, 139 F.3d 574, 578 (7th Cir. 1998). Reasonably equivalent value, moreover, is determined whether the debtor's estate lost value from the standpoint of the creditors. *Maddox v. Robertson (In re Prejean)*, 994 F.2d 706, 708 (9th Cir. 1993); *Viscount Air Servs., Inc. v. Cole (In re Viscount Air Servs., Inc.)*, 232 B.R. 416, 434 (Bankr. D. Ariz. 1998).

Here, USACM did not receive any tangible or intangible benefit from the underlying loan and Guaranty that could constitute "fairly concrete" consideration. The Guaranty is, therefore, void and unenforceable. *Mahaffey v. Investor's Nat'l Sec. Co.*, 747 P.2d 890, 892-93 (Nev. 1987).

### C.   The Guaranty Is Avoidable as a Fraudulent Transfer.

Community Bank's claim also represents a fraudulent transfer that should be avoided. An obligation incurred by a debtor is fraudulent as to a creditor if the obligation was incurred without

receiving a reasonably equivalent value in exchange for the obligation, and the debtor was insolvent at the time the obligation was incurred. N.R.S. § 112.190.

As discussed above, USACM did not receive any direct consideration for the Guaranty. Further, USACM did not receive any indirect consideration that was "fairly concrete."

As for the solvency of USACM, USACM was insolvent in December 2001 and likely insolvent long before that. The Guaranty was executed on January 14, 2002 and was within the zone of insolvency that surrounded USACM at that time. Accordingly, the Guaranty is avoidable under 11 U.S.C. § 544(b) by the USACM Trust. *In re Consol. Capital Equities Corp.*, 143 B.R. 80 (Bankr. N.D. Tex. 1992); *Viscount*, 232 B.R. 416.

D.     The Guaranty Was Not Authorized By the Board of Directors.

Nevada Revised Statute § 78.565 requires board of director approval to pledge the assets of the corporation as collateral. Failure to obtain such approval voids the pledge and does not bind the corporation. N.R.S. § 78.135(3).

The USACM Trust is unaware of any evidence that USACM's board of directors ever ratified or approved the Guaranty executed in favor of Bank of Commerce, and Community Bank provides no such evidence with its claim. Further, the signatory to the Guaranty was not authorized and did not have authority to pledge the assets of USACM without the board of directors' approval. Accordingly, the Guaranty is void and is not binding on USACM. N.R.S. § 78.135(3).

E.     HMA Sales Paid or Partially Paid Off the Loan.

The claim against USACM is based upon USACM's guaranty of a loan to HMA Sales. Upon information and belief, HMA Sales paid or partially paid off the loan from Bank of Commerce. Accordingly, there is no claim against USACM as the alleged guarantor or the claim is for an incorrect amount.

166722_1

## V.   CONCLUSION

The USACM Trust respectfully requests that the Court disallow Proof of Claim No. 10725-00516 as a claim against the USACM Trust because (1) Community Bank does not have any right or interest in Claim No. 516 whatsoever because Community Bank assigned, transferred, and sold all of its right, title, and interest in the underlying loan and Guaranty to Platinum; (2) the Guaranty is void for lack of consideration, (3) the Guaranty is a fraudulent transfer under N.R.S. § 112.190, (4) the Guaranty was never authorized by USACM's board of directors, and (5) HMA Sales paid or partially paid off the loan that USACM guaranteed.  The USACM Trust also requests such other and further relief as is just and proper.

DATED: June 2, 2009.

**DIAMOND MCCARTHY LLP**

By:   */s/ J. Maxwell Beatty*
Allan B. Diamond, TX 05801800 (pro hac vice)
J. Maxwell Beatty, TX 24051740 (pro hac vice)
909 Fannin, Suite 1500
Houston, Texas 77010
(713) 333-5100 (telephone)
(713) 333-5199 (facsimile)

*Special Litigation Counsel for*
*USACM Liquidating Trust*

166722_1

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the law firm of DIAMOND MCCARTHY LLP, and that on the 2nd day of June 2009, I served a true and correct copy of the foregoing **Objection of USACM Liquidating Trust to Proof of Claim of Community Bank of Nevada** (a) by electronic transmission to all parties on the USACM Post-Effective Date Service List Dated March 31, 2009 and (b) by United States Mail, first class, postage prepaid to Community Bank of Nevada, Summerlin Offices, 7676 W. Lake Mead Boulevard, Las Vegas, NV 89128-6642.

 /s/  *Catherine A. Burrow, CLA*
Catherine A. Burrow, CLA
Diamond McCarthy LLP

166722_1