

Entered on Docket
June 03, 2009

_____
**Hon. Bruce A. Markell**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC, and<br><br>USA SECURITIES, LLC,<br><br>                    Debtors. | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR (closed)<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR (closed)<br>Case No. BK-S-06-10729-LBR (closed<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725-LBR<br><br>Date:         May 29, 2009<br>Time:        9:30 a.m.<br>Courtroom:   3 |

### ORDER IMPOSING SANCTIONS AGAINST CURTIS F. CLARK

On May 29, 2009, the court held a hearing on the order to show cause directed at Curtis F. Clark (dkt. #7012). For the reasons stated on the record (a transcript of which is attached as Exhibit A), the court imposes the following four sanctions against Mr. Clark:

1. <u>Clark Response.</u>  The document filed by Mr. Clark and docketed as number 6813 shall be stricken on the grounds that it is a scandalous or defamatory paper filed in bankruptcy case, within the meaning of FED. R. BANKR. P. 9018.

2. <u>Pre-Filing Screening.</u>  Pursuant to the court's authority under 11 U.S.C. § 105(a) and FED. R. BANKR. P. 9011 and 9018, the court orders that "Screened Parties" (as defined below) may not file any document in these consolidated cases prior to receiving authorization through the "Screening Process" (as defined below).

     a.     For purposes of these cases, the term "Screened Parties" means: (A) Curtis Clark; and (B) Any entity, as that term is defined by 11 U.S.C. § 101(15) and including groups of persons that have formed, formally or informally, into an entity for purposes of these consolidated bankruptcy cases, that seeks to file a document on behalf of or for the benefit of Curtis Clark. Any such entity may exclude Mr. Clark from its membership; challenges to such exclusions shall be made by motion to the undersigned judge.

     b.     For purposes of these cases, the term "Screening Process" means the review of a document by Judge Bruce A. Markell, applying the standards of review explained on the record at the hearing on the order to show cause. After review, Judge Markell will either enter an order approving the filing of the document, or will indicate in writing that the document may not be filed with the language used. A party may submit a document for screening by mailing it to: Chambers of Judge Bruce A. Markell, 300 Las Vegas Blvd. South, Las Vegas, Nevada 89101.

3.    <u>Civil Discourse Class.</u> Mr. Clark is ordered to complete an "Approved Civil Discourse Class" (as defined below) by December 1, 2009.

     a.     By July 1, 2009, Mr. Clark's attorney shall submit a list of not less than three proposed classes in civil discourse. The court will then enter an order indicating which, if any, of these classes satisfy the requirements stated at the hearing on the order to show cause. Any class found by the court to satisfy the requirement stated at the show cause hearing shall constitute an "Approved Civil Discourse Class." If no class is approved, the court will enter a supplemental order providing for the submission of

a new list of proposed classes.

    b.    In order to demonstrate that Mr. Clark has taken an Approved Civil Discourse Class, he must file a certification, signed by the class instructor, that indicates that he attended all sessions of the class (if more than one), and that he was in attendance for the entire time period that the class was in session. The certification must be filed by December 7, 2009, and must include contact information for the instructor.

4.    <u>Status Report on Mr. Clark's Concerns.</u>  By July 1, 2009, Mr. Clark is to file a report indicating what steps he has taken to express his displeasure with these cases and with the system in general. The report shall indicate in which forums he has sought to express his concerns, and shall explain what relief he is seeking and what has occurred, procedurally and substantively, with respect to those concerns.

IT IS SO ORDERED.

Copies sent to:

ROB CHARLES on behalf of Attorney LEWIS AND ROCA LLP
rcharles@lrlaw.com, cjordan@lrlaw.com

U.S. TRUSTEE - LV - 11 - USTPRegion17.lv.ecf@usdoj.gov

AUGUST B. LANDIS
300 LAS VEGAS BLVD. S., #4300
LAS VEGAS, NV 89101

CURTIS F. CLARK
1403 PUEBLO DRIVE
BOULDER CITY, NV 89005

MATTHEW CALLISTER
CALLISTER & REYNOLDS
823 LAS VEGAS BOULEVARD SOUTH
LAS VEGAS, NEVADA 89101
mqc@callister-reynolds.com, maggie@callister-reynolds.com;jrammos@callister-reynolds.com

###

# Exhibit A

1

|   |   |   |
|---|---|---|
| 1 | UNITED STATES BANKRUPTCY COURT | |
| 2 | DISTRICT OF NEVADA | |
| 3 | LAS VEGAS, NEVADA | |
| 4 | In re: USA COMMERCIAL MORTGAGE COMPANY, ) | E-Filed: 06/01/09 |
| 5 | ) | |
|   | Debtor.            ) | Case No. |
| 6 | ) | BK-S-06-10725-LBR |
|   | _____) | Chapter 11 |

PARTIAL TRANSCRIPT OF PROCEEDINGS
OF
JUDGE'S RULING
ON
SHOW CAUSE HEARING
WHY CURTIS F. CLARK HAS NOT VIOLATED
FEDERAL BANKRUPTCY RULES 9011 AND 9018, NO. 7109
VOLUME 1
BEFORE THE HONORABLE BRUCE A. MARKELL
UNITED STATES BANKRUPTCY JUDGE

Friday, May 29, 2009

9:30 a.m.

Court Recorder:       Helen C. Smith

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

Cline Transcription Services, Inc.   (702) 644-1123

Case 06-10725-gwz Doc 7187 Entered 06/05/09 22:37:03 Page 2 of 19
Case 06-10725-gwz Doc 7187 Entered 06/05/09 14:57:24 Page 2 of 19

2

```
 1    APPEARANCES:

 2    For Curtis F. Clark:      MATTHEW Q. CALLISTER, ESQ.
                                MATTHEW P. PAWLOWSKI, ESQ.
 3                              Callister & Reynolds
                                823 Las Vegas Boulevard South
 4                              Las Vegas, Nevada 89101

 5    For the USACM             ROB CHARLES, JR., ESQ.
      Liquidating Trust:        Lewis and Roca, LLP
 6                              3993 Howard Hughes Parkway
                                Suite 600
 7                              Las Vegas, Nevada 89169

 8    Also Present:             CURTIS F. CLARK

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1    (Court previously convened at 09:34:09 a.m.)

2    (Partial transcript at 10:12:15 a.m.)

3     THE COURT: All right. All right. Let me rule now.

4 These will constitute my findings of fact and conclusions of

5 law. I do not intend to write anything further on this.

6   A couple of things, and then let me just kind of go in

7 order. I think today there's a concession by Mr. Clark through

8 his attorney that what was submitted and what's been admitted

9 into evidence as Document 6183, Pleading 6183, did, in fact,

10 violate Rule 9011 and 9018.

11   Thus, the focus, really, of the hearing today for me was

12 whether or not there was sufficient cause to refer this to the

13 district court as I have to under Dyre (phonetic) for purposes

14 of conducting further investigations with respect to whether it

15 was criminal and, thus, would result in, presumably, a trial in

16 district court on that merit.

17   Let me start backwards because I think there are

18 violations of Rule 9011, 9018, and the possible criminal

19 referral, also potential violations under the inherent power of

20 the Court.

21   I have decided not to refer the matter as a criminal

22 matter. I think and believe that it would be difficult to

23 establish the requisite criminal intent under United States

24 versus Kirk and United States versus Thoreen, 641 F .2d 684 and

25 653 F .2d 1332, and the more recent cases of U.S. versus Doe,

4

1  125 F .3d 1249, and Federal Trade Commission versus
2  American National Cellular, 868 F .2d 315.
3      Although their disagreement between my understanding of
4  the case isn't what counsel has put forward in the pleadings, I
5  do believe that Mr. Clark was animated by frustration.
6      That doesn't excuse it.  That simply indicates I think
7  the criminal intent, the mens rea, would be difficult to
8  prove.
9      And at that point, you know, further attention to this I
10 think magnifies and republishes if you will the scandalous and
11 horrid things that were said.  And at some point, it has to
12 come to an end.
13     There's a story about Mr. Justice Holmes who is actually
14 one of the first Supreme Court justices to actually use law
15 clerks that one day he and (indiscernible) used to have a habit
16 of walking at lunch.
17     That one day he was walking at lunch with one of his
18 clerks, and he came to a railroad trestle, one of those types
19 of things that indicates the end of the tracks, and he says,
20 son, salute that, and the clerk saluted first and asked later
21 why.
22     Mr. Justice Holmes said there are very few things in this
23 life that come to an end.  And when you see them, they're
24 deserving of respect.  I would like this to come to an end.
25     To that end, as I said, I do not think a criminal referral

5

1 is warranted under the facts, although there may have been
2 criminal contempt, but I don't think that it rises to the level
3 that I would send it to the district court.
4   That being said, I think the sanctions that flow civilly
5 are probably more than or somewhat more than what has been
6 indicated here.
7   First, let me start with some of the easy ones.  First, I
8 will order the pleading stricken -- that's Document No. 6183 --
9 and taken off the record of the court or taken off the docket
10 of the court.
11   Second, as a combined sanction both under Rule 9018 and
12 9011, I am going to adopt counsel's suggestion that Mr. Clark
13 vet through me instead of Judge Riegle any pleadings that he
14 intends to file in any of the USA Commercial Mortgage cases
15 which is pretty standard.  That vetting would be simply for the
16 language that is being used.
17   I do not want and will not censor in the sense of the
18 substantive statements that he wishes to make simply the
19 characterizations as we have talked about today, hyperbole or
20 what have you.
21   We're here I think not because Mr. Clark is upset with the
22 process, but we're here because Mr. Clark expressed that in
23 ways that are unacceptable in any civil society, so I will
24 simply vet that, and vet it at a pretty low standard.
25   That is to say I certainly do not want to squelch a desire

Case 06-10725-gwz Doc 7187 Entered 06/05/09 23:43:24 Page 10 of 19
Case 06-10725-lbr Doc 7187 Entered 06/05/09 14:53:24 Page 6 of 14

6

1   to indicate a displeasure with the process if appropriate or a
2   proposed action if appropriate, but I think as I said in my
3   order to show cause something that exceeds the bounds of
4   advocacy will not be permitted.
5           MR. CALLISTER:  I understand, your Honor.
6           THE COURT:  That also not only will extend to
7   Mr. Clark, but to any group or subgroup which purports to
8   represent the interest of Mr. Clark.
9       That is to say it would be too easy to evade the court
10  order by simply having the statements moved to someone else who
11  purports to represent him formally or informally.  Now this may
12  cause problems.
13      I understand that they're (indiscernible), and this is
14  prompted by the fact that in his declaration which I have taken
15  and read that he says he's a member of a very large group of
16  unsecured creditors and who have sought from the outset of this
17  case to recover any sums possible that to the extent that any
18  formal or informal grouping exists of which Mr. Clark is a
19  member.  As he states in his declaration, this prefiling
20  injunction will extend.
21      Now, if there's any question, obviously, they can say we
22  don't represent Mr. Clark.  And in which case, he doesn't pick
23  up the benefit of that representation, so much the better in
24  the sense of that would form a part of the sanction here.
25      You will not be able to join a member of the group if they

1 don't want to take on the disabilities that I am putting on him
2 here.
3     I also don't want to review everything that's filed in
4 USACM. Although if they want to represent Mr. Clark under
5 those circumstances, I will be able to do so.
6     Also, I will add that there will be absolutely no
7 extensions of any time deadlines because of this requirement.
8 That means that it will have to be done in advance.
9         MR. CALLISTER: I understand, your Honor.
10         THE COURT: Mr. Charles.
11         MR. CHARLES: We have not worked through almost
12 200,000,000 or -- no. I'm sorry -- almost 400,000,000 of
13 claims.
14     I'm pretty sure Mr. Clark's secured claim is in a pot that
15 at some point we have to figure out, and we will work with
16 Mr. Clark if we object to the claim, so that he's not
17 prejudiced by that.
18     But I'm also not going to be in a situation where he
19 couldn't file a response to a claim objection because he gets
20 caught up in an omnibus, so we'll make every effort to avoid
21 any prejudice to Mr. Clark in that regard if that's all right
22 with you.
23         THE COURT: How could I object to you not working so
24 as to avoid any prejudice to Mr. Clark?
25         MR. CHARLES: I understand.

Case 06-10725-gwz Doc 7187 Entered 06/05/09 23:37:24 Page 12 of 19
Case 06-10725-lbr Doc 7187 Entered 06/05/09 14:53:24 Page 12 of 19

8

```
 1            MR. CALLISTER:  I was waiting to see what the
 2   objection was.
 3            THE COURT:  All right.  So, point 1, strike the
 4   pleading.  Point 2, the prevetting process.  Point 3 is one
 5   that I'm going to add that has not been mentioned in the papers
 6   thus far, and it links to point 2.
 7        Within the next six months, I want Mr. Clark to take a
 8   class in civil discourse.  This is prompted by paragraph 32 of
 9   his declaration that says, "Declarant" -- meaning Mr. Clark --
10   "should be educated about his mistakes specifically as to what
11   language is and is not permitted in court-filed pleadings."
12        I would ask that as his attorney or whatever you submit to
13   me, you know, three potential courses he will take within the
14   next -- I'm looking for something that's at least an hour if
15   not more.
16            MR. CALLISTER:  Okay.
17            THE COURT:  As a former educator, I think education
18   does work.  And, in fact --
19            MR. CALLISTER:  And this was in civil discourse,
20   your Honor?
21            THE COURT:  Well, civil discourse or permitted
22   discourse if you will, civil as opposed to uncivil --
23            MR. CALLISTER:  I understand.
24            THE COURT:  -- discourse.  My own preliminary
25   research indicates that there are probably a number of such
```

9

1 programs out there that are available.
2     That's why I say, you know, within the next month I would
3 ask that you submit a list of three or more to me, and I'll
4 approve those, so that he knows that it's approved before he
5 attends.
6     And once that class is completed -- and I would ask him to
7 submit evidence of that.
8         MR. CALLISTER: Um-h'm.
9         THE COURT: And I would link that to point 2. That
10 is once that class is completed I will remove the restriction
11 with respect to prefiling pleadings.
12         MR. CALLISTER: We appreciate that.
13         THE COURT: I will also indicate that if, in fact,
14 that's removed and he resumes the activity here I would not
15 hesitate to immediately send out across the street for purposes
16 of criminal prosecution.
17         MR. CALLISTER: I understand, your Honor.
18         THE COURT: In essence, I take Mr. Clark as a gruff
19 person used to rougher discourse than we see in court
20 pleadings, and, I mean, I think what he did was objectionable,
21 more than objectionable.
22     I don't think it rises to the level of criminal because as
23 you have pointed out in your papers I'm very desirous of
24 protecting of the First Amendment.
25     But at the same point, there are limits. For example, as

Cline Transcription Services, Inc. (702) 644-1123

10

1   I indicated when he first got on the stand, the First Amendment
2   doesn't protect you in court from perjury.
3       Similarly, if Mr. Clark did not like a particular
4   candidate in a political election, he couldn't spray-paint over
5   the person's name when he walked into the ballot box.
6       There are limitations on the ways in which people can
7   express their displeasure with the system but, yet, still work
8   within it, and I think the three items that I have proposed I
9   think actually put a significant restriction on Mr. Clark.
10      But, also, in the words of 9011, it is supposed to be a
11  sanction that not only acts as a deterrent to Mr. Clark's
12  future transgressions, but the people similarly situated.
13      And in this case, striking the pleading, putting a
14  prefiling requirement in until such time as some mandatory
15  education has been completed, hopefully, will send the message
16  that the bankruptcy court is a court that will listen to all
17  complaints, but the complaints have to be formed in a way in
18  which they're within the reasonable bounds of advocacy.
19      The fourth thing I would add -- and this is I think more
20  easy to comply with, but I think, hopefully, it is responsive
21  to some of Mr. Clark's concerns -- I would also like a report
22  within a month as to what steps he's taken to express his
23  displeasure at the system.
24      If, in fact, his comments indicate that he had concerns
25  with the actions of professionals or the Court, I take it today

Case 06-10725-gwz Doc 7187 Entered 06/05/09 22:37:03 Page 15 of 19
Case 06-10725-gwz Doc 7187 Entered 06/05/09 22:38:24 Page 15 of 19

11

1  that he felt that those were futile.  I don't think they are.
2  I hope they're not.
3       But I would like him to tell me what actions he's taken to
4  pursue his complaints in other forums because most of what he
5  complains about is, quite frankly, something, historically,
6  bankruptcy has always been the subject of.
7       You can go back to hearings in the 1930s and earlier in
8  terms of fees in professional cases.  Congress held hearings in
9  the '30s and in the early and mid '30s about how much money in
10 bankruptcy was going to the professionals and not to the
11 creditors.
12      It is, unfortunately, a bad circumstance in that sometimes
13 it takes a lot of money to figure out what's gone wrong.  I
14 understand it.  I think most of the professionals in the system
15 understand that, but, perhaps, Mr. Clark has not.
16      And if he pursues the other avenues that are available to
17 him, perhaps, he will come to a better understanding of the
18 system.
19      And it may be that I will never be able to change
20 Mr. Clark's mind on that, but I certainly think he should
21 pursue those avenues if he thinks he has been truly wronged.
22      And that's a measure of good faith on my part that what
23 has been done, his lashing out, was a measure of frustration at
24 the system and not a personal attack.  If that's true, pursue
25 those avenues.  Don't lash out again.

Case 06-10725-gwz Doc 7187 Entered 06/05/09 22:37:02 Page 16 of 19
Case 06-10725-gwz Doc 7187 Entered 06/05/09 22:38:24 Page 12 of 14

12

1     So with those four things as sanctions for the violations
2  of 9011 and 9018 with an indication I will not refer the matter
3  for criminal proceedings, I believe I am ready to conclude the
4  hearing, but I would appreciate it if you have any questions as
5  to what Mr. Clark has to do.  I could answer --
6           MR. CALLISTER:  Well, I think --
7           THE COURT:  -- those now.
8           MR. CALLISTER:  -- I understand, your Honor.  Is the
9  Court going to craft or am I to do so based on the --
10          THE COURT:  Well, what I would propose to do is I
11 will order the transcript of today's hearing.
12          MR. CALLISTER:  Thank you.
13          THE COURT:  I will enter an order.  The Court will
14 enter an order that says for the reasons and stated on the
15 record the order on the record is a permanent order, and we'll
16 enter that, so --
17          MR. CALLISTER:  Thank you.
18          THE COURT:  So that no one has to kind of go back
19 because I understand that what I have done is somewhat vague in
20 some --
21          MR. CALLISTER:  Well, I --
22          THE COURT:  -- of the circumstances.
23          MR. CALLISTER:  I think I understand, your Honor.
24          THE COURT:  Well, it's intentionally vague because I
25 have no idea what type of educational class he will take, and I

13

1  mean to leave that open in terms of -- I mean, and part of the
2  sanction is having him think through what he really wants to
3  do.
4       MR. CALLISTER:  You bet.
5       THE COURT:  And so I think we'll simply do it that
6  way, and I'll enter an order on the transcript, and what I said
7  is what I've said.
8       MR. CALLISTER:  Thank you, your Honor.
9       THE COURT:  All right.
10      MR. CALLISTER:  I have nothing further.
11      THE COURT:  Is there anything further from anyone?
12 All right.
13    Then we're adjourned.
14      MR. CALLISTER:  Thank you, your Honor.
15      THE CLERK:  All rise.
16      MR. CALLISTER:  Thank you for the Court's time.
17    (Court concluded at 10:28:13 a.m.)
18
19
20
21
22
23
24
25

Cline Transcription Services, Inc.  (702) 644-1123

Case 06-10725-gwz    Doc 7187    Entered 06/05/09 24:33:03    Page 18 of 19
Case 06-10725-gwz    Doc 7187    Entered 06/05/09 14:36:24    Page 18 of 19

14

```
 1      I certify that the foregoing is a correct transcript
 2   from the electronic sound recording of the proceedings in
 3   the above-entitled matter.
 4
 5
 6   /s/ Michele Phelps                        06/01/09
     _____          _____
 7   Michele Phelps, Transcriptionist            Date
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Cline Transcription Services, Inc.   (702) 644-1123

# CERTIFICATE OF NOTICE

```
District/off: 0978-2            User: lakaswm              Page 1 of 1              Date Rcvd: Jun 03, 2009
Case: 06-10725                  Form ID: pdf805            Total Served: 2
```

The following entities were served by first class mail on Jun 05, 2009.
        +CURTIS F. CLARK,   1403 PUEBLO DRIVE,   BOULDER CITY, NV 89005-3203

The following entities were served by electronic transmission on Jun 04, 2009.
        +E-mail/Text: USTPRegion17.LV.ECF@usdoj.gov                            AUGUST B. LANDIS,
    300 LAS VEGAS BLVD. S., #4300,   LAS VEGAS, NV 89101-5803
                                                                                                        TOTAL: 1

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

**Date: Jun 05, 2009**                    Signature:        _Joseph Speetjens_