**LEWIS AND ROCA LLP LAWYERS**

E-Filed on 6/24/09

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br>　　　　　　　　　　　　　Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**OBJECTION OF USACM TRUST TO PROOF OF CLAIM FILED BY BOLINO FAMILY REVOCABLE TRUST DATED 3/6/95; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing: August 21, 2009<br>Time of Hearing: 9:30 a.m. |

　　　　The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing Proof of Claim No. 10725-00857 filed by Bolino Family Revocable

---

[1] This bankruptcy case was closed on September 23, 2008.
[2] This bankruptcy case was closed on October 12, 2007.
[3] This bankruptcy case was closed on December 21, 2007.

2056044.1

Case 06-10725-gwz    Doc 7203    Entered 06/24/09 11:29:21    Page 2 of 7



Trust dated 3/6/95 ("Bolino Trust"), as a secured claim in the amount of $100,000.00. The claim was reclassified as an unsecured claim by order dated May 29, 2007 [DE 3809]. This Objection is supported by the Court's record and the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    BACKGROUND**

1. On April 13, 2006 ("Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, and USA Capital First Trust Deed Fund, LLC (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtors' post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

2. USACM is a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of individual investors to purchase fractional interest in loans that USACM originated and then serviced.

3. On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] (the "Bar Date Order"). The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file proof of claims.

2

2056044.1

4. On September 25, 2006, Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358]. All Creditors were served with a copy of the Bar Date order as well [Docket No. 1358].

5. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376] (the "Confirmation Order").

6. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

7. Under the Plan, allowed Unsecured Claims "shall receive a beneficial interest in the USACM Trust, and on account of their Allowed Claim may receive a Pro Rata Share of the assets of the USACM Trust after satisfaction of all Allowed unclassified Claims, Allowed Class A-1, A-2, and A-3 Claims, and all post-Effective Date fees, costs, and expenses of implementation of the USACM Plan for USACM and the USACM Trust."

8. The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee.

## II. JURISDICTION

9. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

10. The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III. APPLICABLE AUTHORITY

11. Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the

Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

12. The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a). This objection is timely under the confirmed Plan, as the deadline for such objections has been extended to October 7, 2009, by this Court's orders.

13. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

### IV. THE CLAIMANT

14. Prior to USACM filing its bankruptcy petition, as Trustees of the Bolino Family Revocable Trust dated 3/9/96, Peter A. & Fabiola Bolino, (the "Bolino Trust") owned a $50,000 interest as a direct lender in the USACM investment known as the Marquis Hotel Loan and a $50,000 interest as a direct lender in the USACM investment known as the Wasco Loan.[4]

15. On or about April 10, 2006, the Bolino Trust assigned its fractional interest in the Marquis Hotel and Wasco Loans to M. Craig Medoff, Trustee of the Medoff Family Trust dated 9/1/88 (the "Medoff Trust"), for a total of $100,000.[5] The sale of the Bolino

---

[4] Declaration of Peter Bolino in support of Motion for Summary Judgment and For Order Directing Release of Funds, ¶ 2, DE 98, Adv. 06-01167.

[5] Declaration of Peter Bolino in support of Motion for Summary Judgment and For Order Directing Release of Funds, ¶ 3, DE 98, Adv. 06-01167.

Trust's rights as a direct lender in Marquis Hotel and Wasco Loans was facilitated by USACM and the funds for the purchase were deposited into the Wells Fargo account that is the subject of the adversary proceeding entitled *USA Commercial Mortgage Co. v. Wells Fargo Bank, N.A., et al*, Adv. No. 06-01146.

16.   Upon completion of the sale and transfer, USACM released the proceeds ($100,000) to the Bolino Trust in the form of a check drawn on one of USACM's accounts at Wells Fargo Bank.  The Bolinos deposited the check, but Wells Fargo returned it unpaid because of USACM's intervening bankruptcy filing.[6]  The $100,000 of funds were subsequently deposited with the Court Registry pursuant to this Court's order filed on July 2, 2007.  [Order Granting Motion for Approval of Stipulation re Interests on Claims, Awarding Fees and Costs In Interpleader Actions, DE 136].

17.   The USACM Trust contacted M. Craig Medoff and inquired whether the Medoff Trust makes any claim to the $100,000.  Mr. Medoff confirmed that it did not.  He also indicated that it had been paid on its direct lender interests in the Marquis Hotel and Wasco Loans.  USACM's records confirm that those loans fully performed and the Medoff Trust was paid for its direct lender interests in those loans.  [Declaration of John Hinderaker, ¶ 3.]

18.   The USACM Trust contacted Peter Bolino to determine the Bolino Trust's intentions regarding the $100,000 deposited in the Registry Account.  Mr. Bolino ultimately indicated that, after searching his files and consulting with his now ex-wife about the issue, the Bolino Trust did not claim an interest in the $100,000.  Mr. Bolino explained that the Bolino Trust assigned its rights to the $100,000 to an entity called "Compass."  Mr. Bolino explained that Compass was from New York and that the Bolinos

---

[6] Declaration of Peter Bolino in support of Motion for Summary Judgment and For Order Directing Release of Funds, ¶ 5, DE 98,  Adv. 06-01167



worked with someone from Ohio on the assignment. Beyond that he did not have any more information about Compass. Mr. Bolino explained that the Bolino Trust was paid for the assignment and the Bolinos did not have any paperwork related to the assignment.

19. The USACM Liquidating Trust filed a Motion to Release the $100,000 Held in the Court Registry [DE 169]. The matter came before the Court for hearing on December 16, 2008. Milbank, Tweed, Hadley & McCloy, ("Milbank"), filed a Notice of Perfection of Attorney's Lien upon any recovery on behalf of the interests of Compass Partners, LLC, compass USA Spe LLC, Compass financial Partners LLC, or affiliates ("Compass") [DE 177]. The Court granted the motion from the bench and indicated that the $100,000 could be distributed to Milbank. Milbank is circulating a form of order. In any event, the $100,000 that belonged to the Bolino Trust will be paid in full and so there is no basis for the Bolino Trust's claim.

## V.     CONCLUSION

20. The USACM Trust respectfully requests that the Court disallow in its entirety the Bolino Trust's Claim No. 10725-00857. The USACM Trust also requests such other and further relief as is just and proper.

Dated: June 24, 2009.

LEWIS AND ROCA LLP

By /s/ John Hinderaker (#18024)
　　Rob Charles, NV 6593
　　John C. Hinderaker, AZ 18024 (*pro hac vice*)
　　Marvin C. Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: jhinderaker@rlaw.com
*Attorneys for the USACM Liquidating Trust*

2056044.1

LEWIS AND ROCA LLP LAWYERS

1  Copy of the foregoing mailed by first
   class postage prepaid U.S. Mail on June
2  24, 2009 to:

3  Peter A. Bolino, Trustee of                Fabiola Bolino, Trustee of the Bolino
   the Bolino Family Trust dated 3/6/95       Family Trust dated 3/6/95
4  17412 Serene Drive                         17412 Serene Drive
   Morgan Hill, CA  95037                     Morgan Hill, CA  95037
5

6   /s/ Carrie Lawrence
   Carrie Lawrence
7  Lewis and Roca LLP

2056044.1