E-Filed on June 24, 2009

**DIAMOND MCCARTHY LLP**
909 Fanin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Barbara Balliette. TX State Bar No. 00788660
Email: bballiette@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | **Adversary No. 08-01119** |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |

| | |
|---|---|
| USACM LIQUIDATING TRUST,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT A. RUSSELL; DEBORAH RUSSELL; RUSSELL AD DEVELOPMENT GROUP, LLC; COPPER SAGE COMMERCE CENTER LLC; FREEWAY 101 USA INVESTORS, LLC; BOISE/GOWEN 93, LLC; DER NV INVESCO, LLC; FWY 101 LOOP RAR INVESTMENT, LLC; and BG/93 INVESTMENTS, LLC; SVRB INVESTMENTS, LLC,<br><br>　　　　　　Defendants. | **Adversary No. 08-01119**<br><br>**MOTION SEEKING THE APPROVAL OF THE SETTLEMENT AGREEMENT BETWEEN THE USACM LIQUIDATING TRUST AND THE RUSSELL ENTITIES**<br><br>Hearing Date: August 21, 2009<br>Hearing Time:  9:30a.m |

　　　　Geoffrey L. Berman, the trustee for the USACM Liquidating Trust (the "USACM Trustee"), hereby submits his Motion Seeking the Approval of the Settlement Agreement Between the USACM Liquidating Trust and the Russell Entities (the "Motion"), seeking entry of an order approving the Settlement Agreement and Release of Claims (the "Settlement Agreement") between the USACM Liquidating Trust (the "USACM Trust") and the following entities:  Robert A. Russell, Deborah Russell, Interstate Commerce Center, LLC, Unser/Central Partners, LLP, AD Albuquerque Development, LLC, Russell A D Development Group, LLC, Copper Sage Commerce Center LLC, Freeway 101 USA Investors, LLC, Boise/Gowen 93, LLC, DER NV Invesco, LLC, Fwy 101 Loop RAR Investment, LLC, BG/93 Investments, LLC, and SVRB Investments, LLC (collectively, "**the Russell Entities**").

　　　　This Motion is based on the points and authorities listed herein, Rule[1] 9019, the Declaration of Geoffrey L. Berman in Support of the Motion Seeking the Approval of the Settlement Agreement Between the USACM Liquidating Trust and the Russell Entities (the "**Berman Declaration**") filed concurrently with this Motion, the pleadings, papers, and other records on file with the clerk of the above-captioned Court, judicial notice of which is hereby respectfully requested, and any argument an evidence presented to the Court at the time of the hearing of the Motion.

---

[1]　Unless otherwise expressly stated herein, all references to Chapters or Sections shall refer to 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and all Rule references shall refer to the Federal Rules of Bankruptcy Procedure, 1001-9036.

## I.   BACKGROUND

1. On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM") filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), which bankruptcy case was jointly administered with several related cases under bankruptcy case number BK-S-06-10725-LBR (the "USACM Bankruptcy Case"). See Berman Declaration ¶ 4. The Bankruptcy Court confirmed the Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan") pursuant to an order entered on January 8, 2007 (the "Confirmation Order") and the Joint Plan became effective on March 12, 2007. See id. The USACM Trust was created pursuant to the Joint Plan and the Confirmation Order and Geoffrey L. Berman (the "USACM Trustee") serves as the trustee of the USACM Trust. See id. Pursuant to the terms of the Joint Plan and the Confirmation Order, the USACM Trust now holds all potential pre- and post-petition claims and causes of action that USACM and the USACM Trust may have or may at any time have had. See id.

2. This proposed settlement agreement presents a global resolution of several matters relating to the Russell Entities, including this adversary proceeding, disputed proofs of claim, and a default on a loan made by Diversified Trust Deed Fund:

   a. On April 11, 2008, the USACM Trust commenced adversary proceeding number 08-01129 against the Russell entities, entitled *USACM Liquidating Trust v. Robert A. Russell, et al.* (the "**Pending Litigation**"). In that lawsuit, the USACM Trust asserted claims of aiding and abetting breaches of fiduciary duty and unjust enrichment based on the Russell Entities' granting membership interests in certain projects to the USACM insiders (or entities owned and controlled by them) even though USACM itself should have received those interests. The USACM Trust also alleged that the Defendants were unjustly enriched because all the profits they received were the result of loans that the USACM insiders fraudulently induced USACM to originate to the Russell Entities. See Berman Declaration ¶ 5. The Russell Entities have continuously denied any liability on these claims on both factual and legal grounds. The Russell Entities have not conceded any of their defenses and have vigorously defended the Pending Litigation. Id. ¶ 7.

   b. Robert A. Russell and one of his affiliated entities have asserted large proofs of claim (collectively, the "**Proofs of Claim**") in the USA Capital Bankruptcy Case: claim number 10725-00493 by Robert A. Russell against USACM in the amount of $140,000 and claim number 10725-01088 by Robert A. Russell against USACM in the amount of $140,000, and claims numbers 10725-0792 and 10725-0792-2 by Copper Sage Commerce Center LLC against USACM in the amount of $3,500,000.

The USACM Trust has contested these proofs of claim. Id. ¶ 9.

c. In addition to the matters involving the USACM Trust, the Diversified Trust Deed Fund ("**DTDF**") has asserted that Robert A. Russell and several Russell entities are liable on a loan that was due on March 1, 2007 (the "**DTDF Debt**"). Id. ¶ 10.

3. The USACM Trust and the Russell Entities have engaged in substantial settlement negotiations to resolve the Pending Litigation and the Proofs of Claim in an effort to minimize the costs of litigation and the extensive time that must be dedicated to such proceedings, and to avoid the risk inherent in proceeding to trial. In addition because of the limited funds available to the Russell Entities to pay any judgments against them and the Russell Entities' demand to resolve all matters related to USACM in a global settlement agreement, DTDF became involved in the settlement discussions. These settlement discussions, which have been at arm's-length and in good faith, have culminated in the Settlement Agreement. See id. ¶ 11.

4. The proposed Settlement Agreement (attached as Exhibit A to the Berman Declaration) provides in pertinent part as follows:

**Settlement Consideration.**

- The Russell Entities shall pay $7,500 to the USACM Trust upon the Effective Date of this Agreement.

- On or before the Effective Date of this Agreement, the Russell Entities shall withdraw the Proofs of Claim, as well as any and all other proof(s) of claim any Russell Entity may have filed in the USACM bankruptcy, without the right to assert later that such claims should participate in any distribution to allowed unsecured creditor claims.

- On or before the Effective Date of this Agreement, Robert A. Russell shall execute a promissory note payable to the USACM Trust in the amount of $20,000 (the "**Promissory Note**"). The Promissory Note shall be a two-year, non-interest-bearing note. Robert A. Russell shall be the only obligor on the Promissory Note. If the Promissory Note is paid in full within 18 months of its execution, the amount due shall be reduced to $15,000. In conjunction with the execution of the Promissory Note, Robert A. Russell shall also consent to a stipulation of judgment against Robert A. Russell in the amount of $25,000 in favor the USACM Trust ("**Stipulation of Judgment**"). Counsel for the USACM Trust, the law firm of Diamond McCarthy, LLP, shall hold the Stipulation of Judgment without filing it.

4

- If the Promissory Note is paid in full within 2 years of its execution, Counsel for the USACM Trust shall return the Stipulation of Judgment to counsel for Robert A. Russell, Scott McGath.  If the Promissory Note is not paid in full within 2 years of its execution, the Stipulation of Judgment shall be filed and execution shall issue upon the Judgment.

.

**Effective Date.**

"Effective Date" means the first business day which is eleven (11) days after entry of an order by the Bankruptcy Court in the USACM Bankruptcy Case authorizing the USACM Trust to enter into the Agreement (the "Approval Order").  Unless otherwise ordered by a court, the Effective Date will occur on the first business day which is more than ten (10) days after entry of the Approval Order notwithstanding any pending appeal commenced by one of the Parties or any third-party.  If any stay is imposed as to the effectiveness of this Agreement as a result of an appeal, upon written notification to the other Parties, either Party may deem this agreement void and nonbinding on the Parties.

**Releases**.

- Release of Claims by the USACM Trust.  Upon the Effective Date, the USACM Trust fully releases and discharges the Russell Entities, individually and collectively, and all of their present and former principals, employees, staff, predecessors and successors, and their respective attorneys, consultants, adjustors and insurers in their capacities as such, from any and all claims, demands, damages, liabilities, actions, causes of action or suits at law or in equity.  This release includes all claims that the USACM Trust ever had or now has against the Russell entities, provided, however, that the USACM Trust does not release the Russell Entities from any obligations under this Agreement (the "**USACM Released Claims**").

- Release of Claims by DTDF.  Upon the Effective Date, DTDF fully releases and discharges the Russell Entities, individually and collectively, and all of their present and former principals, employees, staff, predecessors and successors, and their respective attorneys, consultants, adjustors and insurers in their capacities as such, from any and all claims, demands, damages, liabilities, actions, causes of action or suits at law or in equity.  This release includes all claims that DTDF ever had or now has against the Russell entities, provided, however, that DTDF does not release the Russell Entities from any obligations under this Agreement (the "**DTDF Released Claims**").

- Release of Claims by the Russell Entities.  Upon the Effective Date, each one of the Russell Entities, individually and collectively, on behalf of all of their present and former principals, employees, staff, predecessors and successors, and their respective attorneys, consultants, adjustors and insurers in their capacities as such, fully releases and discharges USACM, the USACM Trust, the USACM Trustee, DTDF, the DTDF Manager, and all of their present and former trustees, managers, employees, agents, consultants, attorneys, directors, and officers, and their respective insurers in their capacities as such from any and all claims, demands, damages, liabilities, actions, causes of action or suits at law or in equity.  This release includes all claims that the

>Russell entities, ever had or now have against the USACM, the USACM Trust, the USACM Trustee, DTDF, the DTDF Manager, <u>provided, however</u>, that the Russell Entities do not release USACM, the USACM Trust, the USACM Trustee, DTDF, and the DTDF Manager, from their obligations under this Agreement (the "**Russell Entities Released Claims**").

<u>See</u> Settlement Agreement, attached as Exhibit "A" to the Berman Declaration.

5.	The USACM Trust has agreed to divide the settlement payments with DTDF as follows: (1) the $7,500 payment shall be made to DTDF; (2) payments under the promissory note shall be divided 1/3 to the USACM Trust and 2/3 to DTDF. <u>See</u> Berman Declaration ¶ 12.

## II.    LEGAL ARGUMENT

The Joint Plan does not expressly require Bankruptcy Court to approve proposed settlements. Rather, the Joint Plan provides that the USACM Trust shall have the discretion to:

>commence, prosecute, defend against, recover on account of, and settle all rights, Claims, causes of action, defenses, and counterclaims in their sole discretion in accordance with what is in the best interests, and for the benefit, of the Debtors or the Post-Effective Date Entities.

Joint Plan, pps. 47-48, 59. In an abundance of caution, and as required by the Settlement Agreement, the USACM Trust seeks the Bankruptcy Court's approval of the Settlement Agreement pursuant to Bankruptcy Rule 9019 and notes that compromise and settlement agreements have long been an inherent component of the bankruptcy process. <u>See</u> <u>Protective Comm. for Index Stockholders of TMT Trailer Ferry v. Anderson</u>, 390 U.S. 414, 424 (1958) (citing <u>Case v. Los Angeles Lumber Prods. Co.</u>, 308 U.S. 106, 130 (1939)).

Bankruptcy Rule 9019(a) that governs the approval of settlement agreements in bankruptcy proceedings, provides that "[on] motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." <u>Fed. R. Bankr. P. 9019(a).</u>

Pursuant to this rule, compromises are favored in bankruptcy; therefore, the decision of the bankruptcy judge to approve or disapprove the compromise of the parties rests in his or her

6

sound discretion. See In re Stein, 236 B.R. 34, 37 (Bankr. D. Or. 1999). The law favors compromise "as long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise." In re A&C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986). Public policy favors pretrial compromises because litigation "can occupy a court's docket for years on end, depleting resources of the parties and the taxpayers while rendering meaningful relief elusive." In re Grau, 267 B.R. 896, 899 (Bankr. S.D.Fla 2001), quoting Matter of Munford, Inc., 97 F.3d 449, 455 (11th Cir. 1996).

The United States Supreme Court has expressed that a bankruptcy settlement must be fair and equitable. See Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968). The Ninth Circuit Court of Appeals has enunciated that "in order to determine whether a proposed settlement is fair and equitable, the bankruptcy court must consider four factors: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." See In re Stein, 236 B.R. at 37; see also In re A&C Properties, 784 F.2d at 1381; Schmitt v. Ulrich, 215 B.R. 417, 421 (B.A.P. 9th Cir. 1997). The debtor is not necessarily required to satisfy each of these factors as long as the factors as a whole favor approving the settlement. See In re Pacific Gas and Electric Co., 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004); In re WCI Cable, Inc., 282 B.R. 457, 473-74 (Bankr. D. Or. 2002).

However, the settlement does not have to be the best the debtor could have possibly obtained; rather, the settlement must only fall "within the reasonable range of litigation possibilities." See In re Adelphia Comm. Corp., 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (citing In re Penn Cent. Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979) ("Indeed, a court may approve a settlement even if it believes that the Trustee ultimately would be successful." Id.).

> There is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion—and the judge will not be reversed if the appellate court concludes that the settlement lies with that range.

See id. (citing Newman v. Stein, 464 F.2d 689, 693 (2d Cir. 1972)). The bankruptcy court "need not conduct an independent investigation into the reasonableness of the settlement but must only 'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'" See id. (citing In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983)); see also Ars Brook, LLC v. Jalbert (In re Servisense.com, Inc.), 382 F.3d 68, 71-72 (1st Cir. 2004); In re Energy Cooperative, Inc., 886 F.2d 921, 929 (7th Cir. 1989); New Concept Housing, Inc. v. Poindexter et al. (In re New Concept Housing, Inc.), 951 F.2d 932, 938 (8th Cir. 1991).

The proposed Settlement Agreement surpasses this standard and is fair and reasonable and in the best interest of the estate's creditors. See Berman Declaration ¶ 8. First, the Russell Entities have asserted several defenses to USACM's claims in the Pending Litigation and have strongly stated that they will vigorously defend the litigation through a jury trial. See id. ¶ 7. In addition, the USACM's Trust's claims are novel and would certainly involve lengthy appellate challenges and review. In addition, the claims are factually complicated and would require significant expert testimony and legal briefing. The USACM Trust's success is not certain and, given the difficulty of the claims and the proof required, would involve significant, lengthy legal challenges. See id.

Second, Robert A. Russell and his wife, Deborah Russell, have provided financial information to the USACM Trust relating to their assets and the assets of other Russell Entities. These financial statements and evidence show that, even if the USACM Trust were successful in recovering a judgment in the Pending Litigation, the Russell Entities have very little assets available to satisfy such a judgment. Thus, the Trust would encounter serious difficulties in collecting on a judgment against the Russell Entities. See id. ¶ 10.

Third, the proposed Settlement Agreement benefits other creditors by eliminating the Russell Entities' Proofs of Claim, which total nearly $4 million. The Settlement Agreement ensures that no Russell Entity will receive any distribution from the estate. See id. ¶ 15.

Fourth, proposed Settlement Agreement represents the culmination of arm's-length negotiations undertaken with an appreciation of the extensive time and expense required to try the issues. See id. ¶ 12. By incorporating the Proofs of Claim and the DTDF Debt into this settlement, the USACM Trust believes that it has reached a satisfactory global settlement that resolves several competing claims without incurring significant expense. See id. ¶ 16-17. The expense, inconvenience, and delay inherent in any adversary proceeding undertaken to resolve the Pending Litigation and the Proofs of Claim weighs heavily in favor of approval of the Settlement Agreement. See id.

Fifth, the paramount interest of creditors which the Court must consider in deciding whether to approve a proposed compromise generally "reflects not only the desire of creditors to obtain the maximum possible recovery but also their competing desire that that recovery occur in the least amount of time." In re Marples, 266 B.R. 202, 207 (Bankr. D. Idaho 2001). The USACM Trustee contends that the probability of success is outweighed by the costs and inherent delays to be incurred in taking both the Pending Litigation and the Proofs of Claim to trial. See Berman Declaration ¶ 13.

After a thorough evaluation of all available information, the USACM Trustee believes that approval of the Settlement Agreement is fair and equitable and in the best interest of the USACM Trust's creditors because it efficiently alleviates several ongoing disputes, including disputed proofs of claim filed in the Debtors' cases and eliminates potential subsequent liability to the USACM Trust. See id. ¶ 17.

Finally, the USACM Trustee believes that the proposed Settlement Agreement falls within a reasonable range of likely outcomes of the Pending Litigation and Proofs of Claim, after accounting for litigation risks, costs, and delay associated with trial, appeal and ultimately, if successful, collection of any judgment awarded. See id. ¶ 17. The proposed Settlement Agreement also will not result in any negative impact on any third parties.

9

WHEREFORE, the USACM Trustee respectfully requests that this Court grant this Motion, thereby approving the proposed Settlement Agreement and for such other and further relief as the Court deems just and proper.

DATED this 24th day of June, 2009.

**DIAMOND MCCARTHY LLP**

By:   */s/ Eric D. Madden*
Allan B. Diamond, TX 05801800 (pro hac vice)
Barbara Balliette, TX 00788660 (pro hac vice)
Eric D. Madden, TX 24013079 (pro hac vice)
909 Fannin, Suite 1500
Houston, Texas 77010
(713) 333-5100 (telephone)
(713) 333-5199 (facsimile)

*Special Litigation Counsel for*
*USACM Liquidating Trust*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of June 2009, a true and correct copy of the foregoing MOTION SEEKING THE APPROVAL OF THE SETTLEMENT AGREEMENT BETWEEN THE USACM LIQUIDATING TRUST AND THE RUSSELL ENTITIES was served (1) by electronic transmission to all parties registered to receive ECF notification; (2) by electronic transmission to all parties on the Post-Effective Date Service List Dated March 31, 2009; and (3) by electronic transmission to counsel for the Russell Defendants, Scott A. McGath at sam@omhdlaw.com

 */s/ Catherine Burrow*
Catherine Burrow
Senior Paralegal
Diamond McCarthy LLP