# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
# BETWEEN THE USACM LIQUIDATING TRUST,
# USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,
# AND THE RUSSELL ENTITIES

This SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (the "Agreement") is made and entered into by (1) the USACM Liquidating Trust (the "USACM Trust"), as a successor to USA Commercial Mortgage Company, (2) USA Capital Diversified Trust Deed Fund, LLC ("DTDF") and (3) Robert A. Russell, Deborah Russell, Interstate Commerce Center, LLC, Unser/Central Partners, LLP, AD Albuquerque Development, LLC, Russell A D Development Group, LLC, Copper Sage Commerce Center LLC, Freeway 101 USA Investors, LLC, Boise/Gowen 93, LLC, DER NV Invesco, LLC, Fwy 101 Loop RAR Investment, LLC, BG/93 Investments, LLC, and SVRB Investments, LLC (collectively, "the Russell Entities"). All of these entities are referred to collectively as the "Parties."

I.

## RECITALS

A.  On April 13, 2006, USA Commercial Mortgage Company ("USACM") and DTDF filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), which bankruptcy case was jointly administered with several related cases under Bankruptcy Case No. BK-S-06-10725-LBR (the "USA Capital Bankruptcy Case"). The Bankruptcy Court confirmed the Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan") pursuant to an order entered on January 8, 2007 (the "Confirmation Order"). The Joint Plan became effective on March 12, 2007. The USACM Trust was created pursuant to the Joint Plan and the Confirmation Order. Geoffrey L. Berman (the "USACM Trustee") serves as the trustee of the USACM Trust. The USACM Trust now holds any and all potential claims and causes of action, whether arising pre-petition or post-petition, that USACM and the USACM Trust may have or may at any time have had. Pursuant to the Joint Plan and the Confirmation Order, post effective date DTDF expressly retained DTDF's causes of action, including the Litigation Claims as defined in the Joint Plan.

B.  Robert A. Russell and Copper Sage Commerce Center LLC filed proofs of claim (collectively, the "Proofs of Claim") in the USA Capital Bankruptcy Case: claim number 10725-00493 by Robert A. Russell against USACM in the amount of $140,000 and claim number 10725-01088 by Robert A. Russell against USACM in the amount of $140,000, and claims numbers 10725-0792 and 10725-0792-2 by Copper Sage Commerce Center LLC against USACM in the amount of $3,500,000.

C.  On April 11, 2008 the USACM Trust filed a lawsuit in the USACM Capital Bankruptcy Case against the Russell Entities asserting claims for breach of fiduciary duty and unjust enrichment, Adversary No. 08-01119 (the "Pending Litigation"). The USACM Trust believes that the claims it has asserted in the Pending Litigation have merit, and the Russell Entities have denied, and continue to deny, any liability whatsoever for the claims asserted.

D.  Reference is made to that certain Construction Loan Agreement dated as of February 20, 2004 (the "Loan Agreement"), between Interstate Commerce Center, LLC as borrower ("Borrower") and DTDF, that certain Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing dated as of February 20, 2004, among Borrower as trustor, Stewart Title Company of Albuquerque as trustee and DTDF as beneficiary, recorded with the county recorder of Bernalillo County New Mexico on February 23, 2004, in book A73, page 2608 as document number 2004022673 (the "Deed of Trust"), that certain Promissory Note Secured by Deed of Trust in the original principal amount of $4,750,000 dated as of February 20, 2004, made by Borrower in favor of DTDF (the "Promissory Note"), that certain Unconditional Repayment and Completion Guaranty executed on February 19, 2004, by Russell/AD Development Group, LLC and Robert Russell as guarantors (the "Guarantors"), the further documents, agreements and other written materials provided by Borrower and/or Guarantors to DTDF in connection with the closing of the loan transaction contemplated in the Loan Agreement (the "Loan"), as the above may have been modified by those certain Loan Extension Agreements dated as of February 20, 2005, August 20, 2005, and February 20, 2006 or by any other writings executed by Borrower and DTDF (collectively, the "Loan Documents").

The Loan was due and payable in full at the maturity date of March 1, 2007. Borrower has failed to repay the amounts due and owing in connection with the Loan on or before March 1, 2007 (the "DTDF Debt"), and, as a result, an Event of Default under the Loan Documents occurred on that date, and amounts due on the Loan have been accruing further interest at the Default Rate of interest specified in paragraph 9 of the Promissory Note in the amount of 20% per annum.

E.  In order to avoid the costs and uncertainty of litigation, the Parties have agreed to settle their disputes regarding the Proofs of Claim, the Pending Litigation, the DTDF Debt and all related disputes and controversies between them on the terms set forth in this Agreement without resort to litigation between them.

II.

## TERMS AND CONDITIONS

NOW, THEREFORE, in consideration of the covenants, promises and releases set forth herein, and in full settlement of all such claims, the Parties hereby agree on behalf of themselves and any and all of their predecessors, successors, assigns, parents, insurers, and any other parties or persons claiming by, through or under any of the Parties hereto, as follows:

### A.  Settlement Consideration

1.  The Russell Entities shall pay $7,500 to the USACM Trust upon the Effective Date of this Agreement.

2.  On or before the Effective Date of this Agreement, the Russell Entities shall withdraw the Proofs of Claim defined above, as well as any and all other proof(s) of claim any Russell Entity may have filed in the USACM bankruptcy, without the right to assert later that such claims should participate in any distribution to allowed unsecured creditor claims.

3.  On or before the Effective Date of this Agreement, Robert A. Russell shall

execute a promissory note (in the form attached hereto as Exhibit A) payable to the USACM Trust in the amount of $20,000 (the "**Promissory Note**"). The Promissory Note shall be a two-year, non-interest-bearing note. Robert A. Russell shall be the only obligor on the Promissory Note. If the Promissory Note is paid in full within 18 months of its execution, the amount due shall be reduced to $15,000. In conjunction with the execution of the Promissory Note, Robert A. Russell shall also consent to a stipulation of judgment (in the form attached hereto as Exhibit B) against Robert A. Russell in the amount of $25,000 in favor the USACM Trust ("**Stipulation of Judgment**"). Counsel for the USACM Trust, the law firm of Diamond McCarthy, LLP, shall hold the Stipulation of Judgment without filing it.

If the Promissory Note is paid in full within 2 years of its execution, Counsel for the USACM Trust shall return the Stipulation of Judgment to counsel for Robert A. Russell, Scott McGath. If the Promissory Note is not paid in full within 2 years of its execution, the Stipulation of Judgment shall be filed and execution shall issue upon the Judgment.

**B.     Releases**

1.     <u>Release of Claims by the USACM Trust.</u> Upon the Effective Date, the USACM Trust fully releases and discharges the Russell Entities, individually and collectively, and all of their present and former principals, employees, staff, predecessors and successors, and their respective attorneys, consultants, adjustors and insurers in their capacities as such, from any and all claims, demands, damages, liabilities, actions, causes of action or suits at law or in equity. This release includes all claims that the USACM Trust ever had or now has against the Russell entities, provided, however, that the USACM Trust does not release the Russell Entities from any obligations under this Agreement (the "**USACM Released Claims**").

2.     <u>Release of Claims by DTDF.</u> Upon the Effective Date, DTDF fully releases and discharges the Russell Entities, individually and collectively, and all of their present and former principals, employees, staff, predecessors and successors, and their respective attorneys, consultants, adjustors and insurers in their capacities as such, from any and all claims, demands, damages, liabilities, actions, causes of action or suits at law or in equity. This release includes all claims that DTDF ever had or now has against the Russell entities, provided, however, that DTDF does not release the Russell Entities from any obligations under this Agreement (the "**DTDF Released Claims**").

3.     <u>Release of Claims by the Russell Entities.</u> Upon the Effective Date, each one of the Russell Entities, individually and collectively, on behalf of all of their present and former principals, employees, staff, predecessors and successors, and their respective attorneys, consultants, adjustors and insurers in their capacities as such, fully releases and discharges USACM, the USACM Trust, the USACM Trustee, DTDF, the DTDF Manager, and all of their present and former trustees, managers, employees, agents, consultants, attorneys, directors, and officers, and their respective insurers in their capacities as such from any and all claims, demands, damages, liabilities, actions, causes of action or suits at law or in equity. This release includes all claims that the Russell entities, ever had or now have against the USACM, the USACM Trust, the USACM Trustee, DTDF, the DTDF Manager, provided, however, that the

Russell Entities do not release USACM, the USACM Trust, the USACM Trustee, DTDF, and the DTDF Manager, from their obligations under this Agreement (the "Russell Entities Released Claims").

### C. General Terms and Provisions

1. **Legal Costs and Expenses.** Each Party agrees to pay its own legal costs and expenses incurred in connection with this Agreement.

2. **Effective Date.** As used herein, "Effective Date" means the first business day which is eleven (11) days after entry of an order by the Bankruptcy Court in the USACM Bankruptcy Case authorizing the USACM Trust to enter into the Agreement (the "Approval Order"). Unless otherwise ordered by a court, the Effective Date will occur on the first business day which is more than ten (10) days after entry of the Approval Order notwithstanding any pending appeal commenced by one of the Parties or any third-party. If any stay is imposed as to the effectiveness of this Agreement as a result of an appeal, upon written notification to the other Parties, either Party may deem this agreement void and nonbinding on the Parties.

3. **Notice to the Parties.** Any notices in connection with this Agreement to each of the Parties shall be given, by fax and by certified mail, to the following individuals:

> For the USACM Trust:
> Geoffrey L. Berman
> DEVELOPMENT SPECIALISTS, INC.
> 333 South Grand Avenue, Suite 4070
> Los Angeles, California 90071-1544
> Telephone: (213) 617-2717
> Facsimile: (213) 617-2718
>
> Barbara Whiten Balliette
> DIAMOND MCCARTHY, LLP
> 6504 Bridgepoint Pkwy
> Suite 500
> Austin, Texas 78730
> Telephone: (512) 617-5200
> Facsimile: (512) 617-5299
>
> For DTDF:
> Michael A. Tucker FTI Consulting
> Two N. Central Ave. Suite 1200
> Phoenix, Arizona 85004
> Telephone: (602) 744-7144
> Facsimile: (602) 744-7110

Jeffrey D. Hermann
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017-5855
Telephone: (213)-629-2020
Facsimile: (213) 612-2499

For the Russell Entities:
Scott A. McGath
Overturf McGath Hull & Doherty, PC
625 E. 16th Ave., Suite 100
Denver, CO 80203
Telephone: (303) 860-2848
Facsimile: (303) 860-2869

4. Good Faith Compromise. This Agreement is entered into as a good faith compromise between the Parties for the complete and final settlement of the claims between the Parties. By this settlement, no Party admits liability to any other Party in any respect, or makes any admission as to factual or legal contentions relating to the matters settled herein.

5. Plain Meaning. The Parties acknowledge that they have had the opportunity to be represented by counsel during negotiations of this Agreement and to consult with their respective attorneys regarding its meaning and effect. The Parties agree that (a) the terms and provisions of this Agreement are not to be construed more strictly against either of the Parties; and (b) it is their mutual intention that the terms and provisions of this Agreement be construed as having the plain meaning of the terms used herein.

6. Integration. This Agreement constitutes the entire agreement between the Parties on the subjects addressed herein. This Agreement is executed without reliance upon any representations by any person or entity concerning the nature, cause or extent of injuries, or legal liability therefore, or any other representations of any type or nature except as set forth herein. No contrary or supplementary oral agreement shall be admissible in a court to contradict, alter, supplement, or otherwise change the meaning of this Agreement. THE PARTIES ALSO ACKNOWLEDGE THE CONTESTED AND ADVERSARIAL NATURE OF THE DISPUTES AND STIPULATE THAT IN EXECUTING THIS AGREEMENT THEY ARE NOT RELYING ON ANY REPRESENTATION BY ANY OTHER PARTY OR ITS AGENTS, REPRESENTATIVES OR ATTORNEYS, WITH REGARD TO (1) FACTS UNDERLYING THE LAWSUIT, (2) THE SUBJECT MATTER OR EFFECT OF THIS AGREEMENT, AND (3) ANY OTHER FACTS OR ISSUES WHICH MIGHT BE DEEMED MATERIAL TO THE DECISION TO ENTER INTO THIS AGREEMENT, OTHER THAN AS SPECIFICALLY SET FORTH IN THIS AGREEMENT.

7. **Amendments.** This Agreement may be amended only by written agreement signed by each of the Parties, and any alleged breach of this Agreement may be waived only by a written waiver signed by the party granting the waiver. This Agreement and any such amendments or waivers of breach may be executed either directly by the Parties, or on their behalf by authorized counsel.

8. **Severability.** If any term or provision of this Agreement shall be determined to be unenforceable or invalid or illegal in any respect, the unenforceability, invalidity or illegality shall not affect any other term or provision of this Agreement, but this Agreement shall be construed as if such unenforceable, invalid or illegal term or provision had never been contained herein.

9. **Counterparts and Signatures.** This Agreement may be executed in any number of counterparts each of which, when executed and delivered, shall be deemed an original and all of which together shall constitute but one and the same agreement. Signatures obtained by facsimile or email in .pdf format shall be deemed to be original signatures.

10. **Enforcement of the Agreement.** Each Party agrees to bear its own fees and costs with respect to any duties required of the Party under this Agreement; in any matter involving, referring, or relating to the interpretation and enforcement of this Agreement; and in connection with any disputes that may arise between the Parties relating to this Agreement.

11. **Construction.** This Agreement is to be governed by the law of the State of Nevada. The Bankruptcy Court shall retain exclusive jurisdiction over the interpretation and enforcement of this Agreement, as well as any disputes that may arise between the Parties relating to this Agreement, and the Parties consent to the exclusive jurisdiction of the Bankruptcy Court for these purposes.

12. **Representations.** Except as expressly stated herein, each Party warrants, represents and agrees that it (i) has not assigned, subrogated, pledged or transferred to any person, firm, partnership, corporation or other entity whatsoever any of the claims, counterclaims, actions, demands or causes of action to be released pursuant to the releases set forth in this Agreement and (ii) is fully authorized to enter into this Agreement without the consent of any third-parties. Specifically, each person signing the Agreement represents and warrants that upon obtaining entry of the Approval Order, s/he has been authorized and empowered to sign this Agreement on behalf of the Party the person purports to represent and that this Agreement is lawful and binding obligations of the Party on whose behalf the person is signing.

13. **Inurement.** This Agreement will inure to the benefit of and will be binding upon the Parties and their respective heirs, executors, successors, assigns, grantees, administrators, executors and trustees.

DATED: June _12_, 2009	**USACM LIQUIDATING TRUST**

By: _/s/ Geoffrey L. Berman_
Geoffrey L. Berman, in his capacity as
Trustee of the USACM Liquidating Trust

DATED: May___, 2009	**USA Capital Diversified Trust Deed Fund, LLC**

By: :_____
Michael Tucker solely in his capacity as
Manager of USA Capital Diversified Trust Deed
Fund, LLC

DATED: May___, 2009	**Robert A. Russell**

:_____

DATED: May___, 2009	**Deborah Russell**

:_____

DATED: May___, 2009	**Interstate Commerce Center, LLC**

By:_____

Title:_____

DATED: May___, 2009	**Unser/Central Partners, LLP**

By:_____

Title:_____

DATED: May _____, 2009     **USACM LIQUIDATING TRUST**

By:_____
Geoffrey L. Berman, in his capacity as
Trustee of the USACM Liquidating Trust

DATED: ~~May~~ June 12, 2009     **USA Capital Diversified Trust Deed Fund, LLC**

By: _/s/ Michael G. Tucker_
Michael Tucker solely in his capacity as
Manager of USA Capital Diversified Trust Deed Fund, LLC

DATED: May ___, 2009     **Robert A. Russell**

:_____

DATED: May ___, 2009     **Deborah Russell**

:_____

DATED: May ___, 2009     **Interstate Commerce Center, LLC**

By:_____

Title:_____

DATED: May ___, 2009     **Unser/Central Partners, LLP**

By:_____

Title:_____

| | |
|---|---|
| DATED: May _____, 2009 | **USACM LIQUIDATING TRUST**<br><br>By: _____<br>Geoffrey L. Berman, in his capacity as<br>Trustee of the USACM Liquidating Trust |
| DATED: May ___, 2009 | **USA Capital Diversified Trust Deed Fund, LLC**<br><br>By: _____<br>Michael Tucker solely in his capacity as<br>Manager of USA Capital Diversified Trust Deed Fund, LLC |
| DATED: May ___, 2009 | Robert A. Russell<br><br>*/s/ Robert Russell* |
| DATED: May ___, 2009 | Deborah Russell<br><br>*/s/ Deborah E Russell* |
| DATED: May ___, 2009 | **Interstate Commerce Center, LLC**<br><br>By: */s/*<br>Title: Mgr |
| DATED: May ___, 2009 | **Unser/Central Partners, LLP**<br><br>By: */s/*<br>Title: Mgr |

DATED: May___, 2009        AD Albuquerque Development, LLC

By: _____

Title: __Mgr_____

DATED: May___, 2009        Russell A D Development Group, LLC

By: _____

Title: __Mgr_____

DATED: May___, 2009        Copper Sage Commerce Center LLC

By: _____

Title: __Mgr_____

DATED: May___, 2009        Freeway 101 USA Investors, LLC

By: _____

Title: __Mgr_____

DATED: May___, 2009        Boise/Gowen 93, LLC

By: _____

Title:: __Mgr_____

DATED: May___, 2009    DER NV Invesco, LLC

By: _____

Title: _____Mgr_____

DATED: May___, 2009    Fwy 101 Loop RAR Investment, LLC

By: _____

Title: _____Mgr_____

DATED: May___, 2009    BG/93 Investments, LLC

By: _____

Title: _____Mgr_____

DATED: May___, 2009    SVRB Investments, LLC

By: _____

Title: _____Mgr_____

## PROMISORY NOTE

$20,000.00                                          Effective June 20, 2009

FOR VALUE RECEIVED, **ROBERT A. RUSSELL**, ("Payor"), promises to pay to the USACM Liquidating Trust or its assigns ("Holder"), the principal sum of Twenty Thousand and no/100 dollars ($20,000.00). All sums hereunder are payable c/o Geoffrey L. Berman, Trustee for the USACM Liquidating Trust, Development Specialists, Inc., 333 South Grand Ave., Suite 4070, Los Angeles, California 90071-1544, unless otherwise agreed hereafter in writing by Payor and Holder.

1. **Principal**. The principal of this Note shall be due and payable in full on June 20, 2011. Principal may be pre-paid by Payor at any time without penalty. If the principal is paid in full by December 20, 2010, the principal amount is reduced to Fifteen Thousand and no/100 dollars ($15,000.00)

2. **Interest**. This note is non-interest bearing.

3. **Default**. Upon Payor's failure to pay this Note or any principal or interest hereunder as it becomes due, pursuant to a Settlement Agreement between the parties, Robert A. Russell agrees to the entry of a Stipulated Judgment against him in the amount of Twenty-five Thousand and no/100 ($25,000.00). The agreed Stipulated Judgment is attached hereto as Exhibit A. The Stipulated Judgment shall not be entered if Robert A. Russell pays this Note in full on or before June 20, 2011.

4. **Past Due Amounts**. Holder shall be entitled to recover from Payor, in addition to all other amounts, its reasonable attorney's fees and expenses incurred in connection with collection of the Stipulated Judgment. This Note and Debenture are intended by the parties to

comply with all applicable laws, and shall be amended or reformed as necessary by any court with jurisdiction to the extent necessary to effect that intention. Without limitation, the parties hereto do not intend to contract for or charge any interest in excess of the amount permitted by applicable law.

6. <u>Governing Law and Venue</u>. This Note and Debenture and the rights and obligations of the parties hereunder shall be governed by the laws of the United State of America and by the laws of the State of Nevada, and are performable in Clark County, Nevada.

PAYOR

_____
Robert A. Russell

## PROMISORY NOTE

$20,000.00                                                                    Effective June 20, 2009

FOR VALUE RECEIVED, ROBERT A. RUSSELL, ("Payor"), promises to pay to the USACM Liquidating Trust or its assigns ("Holder"), the principal sum of Twenty Thousand and no/100 dollars ($20,000.00). All sums hereunder are payable c/o Geoffrey L. Berman, Trustee for the USACM Liquidating Trust, Development Specialists, Inc., 333 South Grand Ave., Suite 4070, Los Angeles, California 90071-1544, unless otherwise agreed hereafter in writing by Payor and Holder.

1. **Principal.** The principal of this Note shall be due and payable in full on June 20, 2011. Principal may be pre-paid by Payor at any time without penalty. If the principal is paid in full by December 20, 2010, the principal amount is reduced to Fifteen Thousand and no/100 dollars ($15,000.00)

2. **Interest.** This note is non-interest bearing.

3. **Default.** Upon Payor's failure to pay this Note or any principal or interest hereunder as it becomes due, pursuant to a Settlement Agreement between the parties, Robert A. Russell agrees to the entry of a Stipulated Judgment against him in the amount of Twenty-five Thousand and no/100 ($25,000.00). The agreed Stipulated Judgment is attached hereto as Exhibit A. The Stipulated Judgment shall not be entered if Robert A. Russell pays this Note in full on or before June 20, 2011.

4. **Past Due Amounts.** Holder shall be entitled to recover from Payor, in addition to all other amounts, its reasonable attorney's fees and expenses incurred in connection with collection of the Stipulated Judgment. This Note and Debenture are intended by the parties to

EXHIBIT Russell A to Settlement

comply with all applicable laws, and shall be amended or reformed as necessary by any court with jurisdiction to the extent necessary to effect that intention. Without limitation, the parties hereto do not intend to contract for or charge any interest in excess of the amount permitted by applicable law.

6. <u>Governing Law and Venue.</u> This Note and Debenture and the rights and obligations of the parties hereunder shall be governed by the laws of the United State of America and by the laws of the State of Nevada, and are performable in Clark County, Nevada.

**PAYOR**

_____
Robert A. Russell

E-Filed on ▬▬▬▬

**DIAMOND MCCARTHY LLP**
909 Fanin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Barbara Balliette, TX State Bar No. 00788660
Email: bballiette@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | Adversary No. 08-01119 |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |

EXHIBIT
B to Settlement
Russell

| | |
|---|---|
| USACM LIQUIDATING TRUST,<br><br>                Plaintiff,<br><br>v.<br><br>ROBERT A. RUSSELL; DEBORAH RUSSELL; RUSSELL AD DEVELOPMENT GROUP, LLC; COPPER SAGE COMMERCE CENTER LLC; FREEWAY 101 USA INVESTORS, LLC; BOISE/GOWEN 93, LLC; DER NV INVESCO, LLC; FWY 101 LOOP RAR INVESTMENT, LLC; and BG/93 INVESTMENTS, LLC; SVRB INVESTMENTS, LLC,<br><br>                Defendants. | **Adversary No. 08-01119**<br><br>**STIPULATED JUDGMENT**<br><br>Hearing Date:<br>Hearing Time: |

        This Stipulation for Entry of Judgment is entered into by and between Plaintiff USACM Liquidating Trust (the "USACM Trust") and Defendant Robert A. Russell ("Russell").

        **WHEREAS**, on or about April 11, 2008, the USACM Trust filed a lawsuit in the above-captioned adversary against Russell and other defendants, in which the USACM Trust sought to recover damages from Russell and the other defendants.

        **WHEREAS**, pursuant to a "Settlement Agreement and Release of Claims" ("Settlement Agreement") made as of June 12, 2009, by and between the USACM Trust, Russell, and other entities, the USACM Trust is authorized to file and have entered this Stipulated Judgment against Russell, in favor of the USACM Trust, for the total sum of $25,000, in the event that Russell fails to timely make his settlement payments under the Agreement and, therefore, are in breach of the Agreement (the Settlement Agreement is attached hereto as Exhibit A);

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** between the USACM Trust, on the one hand, and Russell, on the other hand, as follows:

If Russell does not make the payment of $20,000 under the Promissory Note as required by paragraph 2.A.3 of the Settlement Agreement within two years of the execution of the Settlement Agreement, Russell agrees that he has breached the Settlement Agreement.

Upon the Declaration of the USACM Trust's attorney with respect to Russell's breach of the Agreement, and no other showing of proof, the USACM Trust is authorized to file, have entered, and enforce this Stipulated Judgment against Russell, and in favor of the USACM Trust, in the amount of $25,000.

The parties hereto also agree, acknowledge and stipulate that the Court retains jurisdiction over them to determine any appropriate motion brought with respect to the Stipulation for Entry of Judgment.

Signed this ___ day of _____, 2009.

_____

United States Bankruptcy Judge

| | |
|---|---|
| **DIAMOND MCCARTHY LLP**<br><br>By:  /s/ Barbara Balliette<br>Allan B. Diamond, TX 05801800 (pro hac vice)<br>Barbara Balliette, TX 00788660 (pro hac vice)<br>Eric D. Madden, TX 24013079 (pro hac vice)<br>909 Fannin, Suite 1500<br>Houston, Texas 77010<br>(713) 333-5100 (telephone)<br>(713) 333-5199 (facsimile)<br><br>*Special Litigation Counsel for*<br>*USACM Liquidating Trust* | **OVERTURF MCGATH HULL & DOHERTY, P.C.**<br><br>By:  /s/ Scott McGath<br>Scott A. McGath<br>Overturf McGath Hull & Doherty, PC<br>625 E. 16th Ave., Suite 100<br>Denver, CO 80203<br>Telephone:  (303) 860-2848<br>Facsimile:  (303) 860-2869<br><br>*Counsel for Robert A. Russell* |