E-filed on 6/24/09

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile  (702) 949-8321

Susan M. Freeman, AZ State Bar No. 004199
Email: sfreeman@lrlaw.com
Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-06-10725-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | Case No. BK-S-06-10726-LBR |
| | Case No. BK-S-06-10727-LBR |
| USA CAPITAL REALTY ADVISORS, LLC | Case No. BK-S-06-10728-LBR |
| | Case No. BK-S-06-10729-LBR |
| USA CAPITAL DIVERSIFIED TRUST DEEF FUND, LLC | Chapter 11 |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | Jointly Administered Under Case No. BK-S-06-10725-LBR |
| USA SECURITIES, LLC | Judge Linda B. Riegle |
| Debtors | **MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** |
| **Affects:** USA Commercial Mortgage Company | Hearing Date:  August 21, 2009 Hearing Time:  9:30 a.m. |

The USACM Liquidating Trust (the "USACM Trust"), files this, its Motion for Approval

of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

"Motion"), and respectfully moves this Honorable Court for an order approving the Proposed

Settlement (defined below) between the USACM Trust (the "Plaintiff"); Homes For America

Holdings, Inc.("HFAH"); HFA Clear Lake, LLC ("Clear Lake"); One Point Street, Inc.

("OPSI");  and  Mediterranee-HFA, LLC  f/k/a  HFAH-Monaco, LLC  ("Mediterranee")

(collectively, the "Defendants" and, collectively with the USACM Trust, the "Parties").

This Motion is made pursuant to rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and is based upon the points and authorities listed herein, the Declaration of Geoffrey L. Berman in Support of the Joint Motion to Approve Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Berman Declaration"), attached hereto as **Exhibit A**, the pleadings, papers, and other records on file with the clerk of the Court, and any evidence and argument to be presented at the time of the hearing of the Motion.

## **BACKGROUND FACTS**

*The USACM Trust*

1.      On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM") and certain of its affiliated companies and subsidiaries (collectively, the "Debtors"), each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").   The Debtors' chapter 11 cases are being jointly administered under Bankruptcy Case No. BK-S-06-10725-LBR (the "USA Capital Bankruptcy Case").   On January 8, 2007, the Bankruptcy Court confirmed the Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan"), and on March 12, 2007, the Joint Plan became effective and the Debtors emerged from bankruptcy.

2.      The USACM Trust was created pursuant to the Joint Plan and is governed by the provisions of the Liquidating Trust Agreement (the "USACM Trust Agreement").   The Joint Plan expressly retained the Debtors' causes of action for enforcement by the USACM Trust, pursuant to 11 U.S.C. § 1123(b)(3)(B).   Geoffrey L. Berman is the Court appointed Trustee of the USACM Trust.   Accordingly, the USACM Trust now holds any and all potential claims and causes of

158401-2

action, whether arising pre-petition or post-petition, that USACM and the USACM Trust may have or may at any time have had against the Defendants.

*The Pending Litigation*

3.    On April 11, 2008, the USACM Trust commenced adversary proceeding number 08-01124, entitled *USACM Liquidating Trust v. Homes for America Holdings, Inc. et al.,* (the "Pending Litigation") seeking to recover over $2.9 million in USACM funds that were transferred to Defendants prior to the Petition Date (collectively, the "Transfers").  **Exhibit A, ¶ 4.**  In the Pending Litigation, the USACM Trust asserts that USACM received no benefits for the Transfers, and that the Transfers were made in contravention of Bankruptcy Code section 548, and section 112.180 of the Nevada Revised Statutes.  Defendants deny each and every one of the USACM Trust's allegations in the Pending Litigation.

*The Proposed Settlement Agreement*

4.    Following extensive arms-length negotiations at a settlement conference conducted on January 21, 2009 before United States Bankruptcy Judge Newsome, the Parties reached an agreement to resolve the Pending Litigation subject to execution of a mutually-agreeable confidential settlement agreement that is approved by the Bankruptcy Court (the "Proposed Settlement").  **Exhibit A, ¶ 5.**  The material terms of the Proposed Settlement are summarized as follows[1]:

- The Responsible Defendants[2] will execute Agreed Judgments in a joint and several amount of $2,900,000.00 (the "Agreed Judgments") which will be held in escrow as described below;

---

[1]    The following is solely a summary of the terms of the Proposed Settlement, and in no way is intended as an amendment, modification, or supplementation of the Proposed Settlement terms.  The terms of the written settlement agreement between the Parties, a copy of which is attached as **Exhibit B**, shall prevail in the event of any conflict with this summary.

[2]    The Responsible Defendants are HFAH, Clear Lake, and Mediterranee.

- The Responsible Defendants pay the USACM Trust $7,500.00 per month, for 12 months, and $60,000.00 in month 13. In consideration of these payments the USACM Trust agrees not to execute on the Agreed Judgments for 18 months. However, if the Responsible Defendants miss a payment the USACM Trust can execute on the Agreed Judgments immediately.

- The USACM Trust will execute limited releases of all Defendants that become effective upon full satisfaction of the Agreed Judgments.

## **ARGUMENT**

5.    The Joint Plan does not expressly require Bankruptcy Court approval of proposed settlements. Rather, the Joint Plan provides that the USACM Trust shall have the discretion to:

> commence, prosecute, defend against, recover on account of, and settle all rights, Claims, causes of action, defenses, and counterclaims in their sole discretion in accordance with what is in the best interests, and for the benefit, of the Debtors or the Post-Effective Date Entities.

Joint Plan, pps. 47-48, 59. In an abundance of caution, and as required by the Proposed Settlement, the USACM Trust seeks the Bankruptcy Court's approval of the Proposed Settlement pursuant to Bankruptcy Rule 9019.

6.    Bankruptcy Rule 9019 provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019. In order to approve a compromise and settlement, the Court must find that it is fair and equitable to the estate and, "[i]n determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the

premises." *Arden v. Motel Partners (In re: Arden)*, 156 F.3d 729 (9th Cir. 1999); *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377 (9th Cir. 1986), *cert. denied,* 479 U.S. 854 (1986).

7.    The USACM Trust is not required to satisfy each of these factors as long as the factors as a whole favor approving the settlement. *See In re Pacific Gas & Electric Co.,* 304 B.R. 395, 416 (Bankr. N.D.Cal. 2004).  In considering the factors, "a precise determination of the likely outcome is not required, since an exact judicial determination of the values at issue would defeat the purpose of compromising the claim." *In re Telesphere Comm's, Inc.,* 179 B.R. 544, 553 (Bankr. N.D.Ill. 1994) (internal quotations omitted).  Thus, rather than determining various issues of fact and law, the court should "canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re Lion Capital Group,* 49 B.R. 163, 175 (Bankr. S.D.N.Y. 1985) (internal quotations omitted).

8.    The USACM Trust respectfully submits that the Proposed Settlement satisfies each of these factors.  If the USACM Trust and the Defendants do not enter into the Proposed Settlement, or if it is not approved by this Court, the USACM Trust will be required to expend significant resources in pursuit of the Pending Litigation.  **Exhibit A, ¶** 6.  There are 4 Defendants in the Pending Litigation, each of whom presumably would take the stand in defense of the USACM Trust's claims.  The Parties would also likely call multiple expert witnesses to testify on issues such as insolvency and forensic accounting of the transfers in question.  As such, trial of this matter will likely be protracted, complex, and expensive, and there are no guarantees as to the ultimate outcome.  **Exhibit A, ¶** 6.  Moreover, even were the USACM Trust ultimately successful at trial, there is substantial uncertainty of the ability to recover any judgment from the Defendants following exhaustion of any appeals.  **Exhibit A, ¶** 6.

9.    If approved, however, the Proposed Settlement will allow the USACM Trust to avoid protracted and complex litigation with the Defendants, bring value to the USACM Trust through the Defendants repayment of a substantial portion of the Transfers with interest, and resolve all claims, obligations, demands, actions, causes of action and liabilities between the Parties relating to the Pending Litigation.  The terms of the Proposed Settlement fall within the reasonable range of likely outcomes of the Pending Litigation with the Defendants, eliminate litigation risks, costs, and delay associated with trial and a potential appeal, and provide a prompt recovery to the USACM Trust's estate.  Further, the Defendants expressed concerns with their ability to fund any significantly increased amount, even if to the point of judgment, which concerns were articulated to the USACM Trust and counsel, and supported by additional facts as part of the settlement discussions.  **Exhibit A,** ¶ 7.  The Proposed Settlement is the product of arms' length bargaining, without fraud or collusion.  **Exhibit A,** ¶ 5.  The Proposed Settlement will thus facilitate recoveries for the benefit of the beneficiaries of the USACM Trust who have suffered loss as a result of the events leading to the USACM bankruptcy.

10.    Accordingly, the Trustee has concluded, in the exercise of his reasonable business judgment, that the time and expense that would necessarily be attendant with continued pursuit of the Pending Litigation greatly outweighs the benefits to be gained by resolving these matters on the terms set forth in the Proposed Settlement.  **Exhibit A,** ¶ 7.

## CONCLUSION

For the foregoing reasons, the USACM Trust requests entry of an order, substantially in the form attached hereto as **Exhibit C**, approving the Proposed Settlement, authorizing the USACM Trustee to execute the Settlement Agreement on behalf of the USACM Trust, and granting such other and further relief as the Court deems appropriate.

158401-2

Dated: June 24, 2009.

Respectfully submitted,

**DIAMOND MCCARTHY LLP**                    **LEWIS AND ROCA LLP**

By: _____/s/ Stephen T. Loden_____    By: ___/s/ Rob Charles_____
Allan B. Diamond, TX 05801800 (pro hac vice)    Rob Charles, NV 6593
Eric D. Madden, TX 24013079 (pro hac vice)     3993 Howard Hughes Parkway, Suite 600
Stephen T. Loden, TX 24002489 (pro hac vice)    Las Vegas, Nevada  89169-5996
Elisaveta Dolghih, TX 24043355 (pro hac vice)    (702) 949-8320 (telephone)
909 Fannin, Suite 1500                        (702) 949-8321 (facsimile)
Houston, Texas 77010
(713) 333-5100 (telephone)
(713) 333-5199 (facsimile)

*Special Counsel for USACM Liquidating Trust*    *Counsel for USACM Liquidating Trust*

158401-2

## **CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the law firm of DIAMOND MCCARTHY LLP, and that on the 24th day of June 2009, I served a true and correct copy of the foregoing MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY_PROCEDURE was served (1) by electronic transmission to all parties registered to receive ECF notification; (2) by electronic transmission to all parties on the Post-Effective Date Service List Dated March 31, 2009; and (3) by electronic transmission to counsel for the Defendants, Richard F. Holley, Victoria L. Nelson, Santoro, Driggs, Walch, Kearney, Holley & Thompson, 400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101, rholley@nevadafirm.com, vnelson@nevadafirm.com and Mark N. Parry, Declan M. Butvick, Moses & Singer, LLP, The Chrysler Building, 405 Lexington Avenue, New York, New York 10174, mparry@mosessinger.com.


*/s/ Catherine A. Burrow,*
Catherine A. Burrow
Legal Assistant
Diamond McCarthy LLP

158401-2