# EXHIBIT A

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC<br><br>USA CAPITAL DIVERSIFIED TRUST DEEF FUND, LLC<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC<br><br>Debtors<br><br>**Affects:**<br>USA Commercial Mortgage Company | Case No.: BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>Chapter 11<br><br>Jointly Administered Under Case No. BK-S-06-10725-LBR<br><br>Judge Linda B. Riegle<br><br>**DECLARATION OF GEOFFREY L. BERMAN IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** |

Geoffrey L. Berman, in his capacity as the Court-appointed Trustee of the USACM Liquidating Trust, declares under penalty of perjury as follows:

1. I am an adult person competent to testify in court. I make the following statements based upon my personal knowledge except where otherwise indicated.

2. I am the Court-appointed trustee of the USACM Liquidating Trust (the "USACM Trust") pursuant to the order confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" (the "Joint Plan") entered on January 8, 2007 in *In re USA Commercial Mortgage,* Cause No. BK-S-06-10725 pending in the United States Bankruptcy Court for the

District of Nevada (the "Bankruptcy Court"), and submit this declaration in that capacity. The Joint Plan became effective on March 12, 2007 (the "Effective Date").

3. I submit this declaration in support of the USACM Trust's Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion"). As discussed in the Motion, the USACM Trust seeks Bankruptcy Court approval of the Proposed Settlement[1] between the USACM Trust and the Defendants.

4. In the Pending Litigation, the USACM Trust seeks to recover over $2.9 million, plus interest, that was transferred from USACM to the Defendants immediately prior to the Petition Date. The USACM Trust's litigation counsel, Diamond McCarthy LLP, has aggressively pursued the USACM Trust's claims in the Pending Litigation.

5. On January 21, 2009, I participated in the Bankruptcy Court-ordered settlement conference with the Defendants in an attempt to resolve the Pending Litigation prior to trial. The Parties negotiated at arm's length and in good faith during the Settlement Conference, and ultimately reached agreement as documented by the Proposed Settlement, subject to Bankruptcy Court approval.

6. As discussed in the Motion, I believe the Proposed Settlement represents a fair and reasonable compromise of the Pending Litigation that will result in a recovery for the beneficiaries of the USACM Trust without the expense, time, and risks of further litigation, trial, and efforts to collect on any judgment the USACM Trust may ultimately obtain. If the Proposed Settlement is not approved, the USACM Trust will be required to incur significant additional expenses to pursue the Pending Litigation through what will likely be a protracted, complex, and expensive trial. Moreover, even were the USACM Trust ultimately successful at trial, there is

[1] Unless otherwise defined herein, capitalized terms are used as defined in the Motion.

substantial uncertainty concerning the ability to recover any resulting judgment from many of the Defendants.

7. The Proposed Settlement falls within what I believe to be the reasonable range of likely outcomes of the Pending Litigation, after accounting for litigation risks, costs, and delay associated with trial, appeal and ultimately, if successful, collection of any judgment awarded.

I declare under penalty of perjury that the foregoing is true and correct.

Executed June 23, 2009 at Los Angeles, California.

Geoffrey L. Berman
Development Specialists, Inc.
333 South Grand Ave., Suite 4070
Los Angeles, California 90071-1544

# EXHIBIT B

**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

This SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (the "Agreement") is made and entered into by the USACM LIQUIDATING TRUST (the "USACM Trust"), on one hand; and HOMES FOR AMERICA HOLDINGS, INC. ("HFAH"); HFA CLEAR LAKE LLC ("Clear Lake"); ONE POINT STREET, INC. ("OPSI"); and MEDITERRANEE-HFAH, LLC F/K/A HFAH-MONACO, LLC ("Mediterranee") (collectively, the "Defendants") on the other hand (and collectively with USACM Trust, the "Parties").

**I.**

**RECITALS**

WHEREAS, on April 13, 2006, USA Commercial Mortgage Company ("USACM") filed a voluntary petition under Chapter 11 of the Bankruptcy Code for the District of Nevada (the "Bankruptcy Court"), which bankruptcy case was jointly administered with several related cases under Bankruptcy Case No. BK-S-06-10725-LBR (the "USA Capital Bankruptcy Case");

WHEREAS, the Bankruptcy Court confirmed the Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan") pursuant to order entered on January 8, 2007 (the "Confirmation Order"). The Joint Plan became effective on March 12, 2007;

WHEREAS, the USACM Trust was created pursuant to the Joint Plan and the Confirmation Order and Geoffrey L. Berman serves as the trustee of the USACM Trust. The Joint Plan expressly retained USACM's causes of action for enforcement by the USACM Trust, pursuant to 11 U.S.C. § 1123(b)(3)(B). Accordingly, the USACM Trust now holds any and all potential claims and causes of action, whether arising pre-petition or post-petition, that USACM and the USACM Trust may have or may at any time have had against the Defendants;

WHEREAS, the USACM Trust has evaluated potential claims arising from USACM's alleged pre-petition transfer of over $2,900,000 to Defendants;

WHEREAS, on April 11, 2008, the USACM Trust commenced adversary proceeding number 08-01124, entitled *USACM Liquidating Trust v. Homes for America Holdings, Inc. et al.*, in the Bankruptcy Court, asserting claims to recover USACM funds allegedly transferred to the Defendants (the "Pending Litigation");

WHEREAS the USACM Trust believes that the claims it has asserted in the Pending Litigation have merit, and the Defendants have denied, and continued to deny, any liability whatsoever arising from the claims in the Pending Litigation;

WHEREAS the USACM Trust and the Defendants were ordered to and did participate in a judicially supervised settlement conference conducted on January 21, 2009 with Judge Randall Newsome serving as the settlement officer; and

WHEREAS, in order to avoid the costs and uncertainty of litigation, the Parties have agreed to settle the Pending Litigation and all related disputes and controversies between them on the terms set forth in this Agreement, without admitting any liability or wrongdoing and without resort to litigation between them.

## II.

## TERMS AND CONDITIONS

NOW, THEREFORE, in consideration of the covenants, promises and releases set forth herein, and in full settlement of all such claims, the Parties hereby agree on behalf of themselves and any and all of their predecessors, successors, assigns, parents, insurers, and any other parties or persons claiming by, through or under any of the Parties hereto, as follows:

### A. Settlement Consideration.

1. Agreed Judgment. Defendants HFAH, Clear Lake, and Mediterranee (collectively the "Responsible Defendants") shall deliver to the USACM Trust a fully executed Agreed Judgment in the amount of Two Million Eight Hundred Thousand Dollars ($ 2,800,000) substantially in the form as that attached hereto as **Exhibit A**, (the "Agreed Judgment"). Defendant OPSI shall have no liability to USACM Trust. Defendants expressly authorize the USACM Trust to file the Agreed Judgment with the Bankruptcy Court or any other court of competent jurisdiction to consider such matters, provided, however, that the USACM Trust shall hold the Agreed Judgment in escrow and shall not file, execute or attempt to enforce such Agreed Judgment for a period of eighteen (18) months following the Effective Date (defined below) except as expressly authorized under this Agreement.

2. Payments for Delaying Execution of Agreed Judgment. In exchange for the USACM Trust's agreement to hold the Agreed Judgment in escrow, on or before the expiration of ten (10) business days following the Effective Date and thereafter every thirty (30) days for a period of twelve months, the Responsible Defendants shall pay to the USACM Trust $7,500 (collectively, the "12 Month Escrow Payments"). On or before the expiration of 13 months following the Effective Date, the Responsible Defendants shall pay the USACM Trust $60,000 (the "6 Month Escrow Payment" and, collectively with the 12 Month Escrow Payments, the "Escrow Payments").

3. Failure to Make Escrow Payment. In the event any Escrow Payment is not actually received by the USACM Trust on or before the deadline for such payment or within the Default Cure Period (defined below) as set forth herein, Defendants shall be immediately in breach of this Agreement and the USACM Trust shall be immediately relieved of any requirement to hold the Agreed Judgment in escrow pursuant to paragraph II(A)(2) of this Agreement.

4. Default Cure Period. The Responsible Defendants shall have five (5) business days from the date the USACM Trust provides written notice to the Responsible Defendants that they are in default of this Agreement pursuant to paragraph A(6) hereof to cure such default by paying to the USACM Trust any past due Escrow Payments.

5. Means of Payment. The Responsible Defendants shall make payments to the USACM Trust either: (a) by wire transfer to the following account: USACM Liquidating Trust, Account No. 304-923176, ABA No. 021000021, at JPMorgan Chase Bank, N.A., New York, NY.; or (b) delivery of a cashier's check to the address set forth in section C(4) hereof.

6. Grace Period. There will be NO grace period for any payments required to be made under this Agreement.

7. Default. The failure by the Responsible Defendants to timely make any payment or cure any default as required by this Agreement shall constitute a material breach of this Agreement by all Defendants.

**B. Releases.**

1. Release of Claims by the USACM Trust. Upon complete satisfaction of the Agreed Judgment, the USACM Trust shall release and discharge Defendants HFAH, Clear Lake, and Mediterranee and all of their present and former principals, employees, staff, predecessors and successors, and their respective attorneys, consultants, adjustors and insurers in their capacities as such, from any and all claims, demands, damages, liabilities, actions, and causes of action brought in the Pending Litigation. On delivery of a counterpart of this Agreement USACM Trust does hereby release and discharge OPSI and all of their present and former principals, employees, staff, predecessors and successors, and their respective attorneys, consultants, adjustors and insurers in their capacities as such, from any and all claims, demands, damages, liabilities, actions, and causes of action brought in the Pending Litigation and relating to OPSI.

2. Release of Claims by Defendants. Upon execution of this Agreement the Defendants shall release and discharge the USACM Trust and all of their present and former principals, employees, staff, predecessors and successors, and their respective attorneys, consultants, adjustors and insurers in their capacities as such, from any and all claims, demands, damages, liabilities, actions, and causes of action arising out of or relating to the subject matter of the Pending Litigation and/or relating to USA Commercial Mortgage, Inc.

**C. General Terms and Provisions**

1. Legal Costs and Expenses. Each Party agrees to pay its own legal costs and expenses incurred in connection with the Pending Litigation.

2. Effective Date. The "Effective Date" of this Agreement shall be the first business date upon which each of the following events has occurred: (a) the Agreement has been duly executed and delivered by each of the Parties; and (b) the Bankruptcy Court has entered a Final Order (defined below) approving the Settlement Agreement (the "Approval Order") and Defendants shall have received a certified copy of the Approval Order; provided, however, that paragraphs C(5) and C(6) hereof shall be effective against, and enforceable by, the Parties immediately upon execution of this Agreement and without regard to entry of the Approval Order.

3. Final Order. As used herein, the term "Final Order" shall mean and refer to (i) an order of a court as to which the time to appeal, petition for certiorari, or move for re-argument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for re-argument or rehearing shall then be pending or, (ii) in the event that an appeal, writ of certiorari, reargument or rehearing thereof has been sought, such order of the Bankruptcy Court shall have been affirmed by the highest court to which such order may be appealed, or certiorari has been denied, and the time to take any further appeal, petition for certiorari or move for re-argument or rehearing shall have expired; provided however, provided, however, that the possibility that a motion under Section 502(j) of the Bankruptcy Code, Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any comparable rule under the Bankruptcy Rules, may be filed with respect to such order shall not cause such order not to be a Final Order;

provided further, that notwithstanding the foregoing, an Order that is subject to appeal may be treated as a Final Order if no stay of the Order has been obtained and if all Parties consent to treating such Order as a Final Order.

4. Notice to the Parties. Any notices in connection with this Agreement to each of the Parties shall be given, by fax and by certified mail, to the following individuals:

For the USACM Trust:

Geoffrey L. Berman
DEVELOPMENT SPECIALISTS, INC.
333 South Grand Avenue, Suite 4070
Los Angeles, California 90071-1544
Telephone: (213) 617-2717
Facsimile: (213) 617-2718

Stephen T. Loden
DIAMOND MCCARTHY LLP
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199

For HFAH, HFA Clear Lake, LLC; One Point Street, Inc.; and Mediterranee-HFAH, LLC f/k/a HFAH-Monaco, LLC:

Keldar Advisors LLC
Attn.: Daniel G. Hayes, President
520 White Plains Road, Suite 500
Tarrytown, New York 10591-5116
Telephone: (914) 366-7341
Facsimile: (914) 801-4667

Mark N. Parry
MOSES & SINGER LLP
The Chrysler Bldg.
405 Lexington Ave.
New York, NY 10174
Telephone: (212) 554-7800
Facsimile: (212) 554-7700

5. Reasonable Efforts. The Parties agree to engage in a reasonable, good faith effort to: (a) seek entry of the Approval Order; and (b) support this Agreement against any and all persons or entities seeking to prohibit entry of the Approval Order, or to avoid or limit the applicability or scope of the Agreement in any manner.

6. Confidentiality. The Parties will keep the terms of this Agreement confidential, and will not disclose the terms to third parties except to the extent: (a) as may be required by law, statute, court, or regulation, provided however, that such disclosing party shall

give notice describing the proceeding and information so requested to the non-disclosing party sufficiently in advance of such disclosure to afford the non-disclosing party a reasonable opportunity to either contest the disclosure entirely or seek appropriate confidentiality restrictions in connection therewith; or (b) as may be required to be disclosed on a confidential basis to the auditors, officers, directors, shareholders, creditor-beneficiaries of the USACM Trust, regulators, accountants, attorneys, or other advisors of the Parties or their parent or affiliated corporations, with assurances of confidentiality from any such person; or (c) as may be required to prepare and file tax returns and tax reporting information by a Party; or (d) reasonably necessary to obtain approval of the Bankruptcy Court to enter into the Agreement; or (e) reasonably necessary to enforce rights with respect to payments made or releases provided under this Agreement. Notwithstanding the foregoing, the Parties hereto, are permitted to disclose: "that the parties have resolved their dispute on confidential terms satisfactory to all" or words that that effect.

7. Good Faith Compromise. This Agreement is entered into as a good faith compromise among the Parties and after satisfaction of the Agreed Judgments will constitute the complete and final settlement of the Pending Litigation. By this settlement, no Party admits liability to any other Party in any respect, or makes any admission as to factual or legal contentions relating to the matters settled herein.

8. Plain Meaning. The Parties acknowledge that they have had the opportunity to be represented by counsel during negotiations of this Agreement and to consult with their respective attorneys regarding its meaning and effect. The Parties agree that (a) the terms and provisions of this Agreement are not to be construed more strictly against either of the Parties; and (b) it is their mutual intention that the terms and provisions of this Agreement be construed as having the plain meaning of the terms used herein.

9. Integration. This Agreement constitutes the entire agreement among the Parties on the subjects addressed herein. This Agreement is executed without reliance upon any representations by any person or entity concerning the nature, cause or extent of injuries, or legal liability therefore, or any other representations of any type or nature except as set forth herein. No contrary or supplementary oral agreement shall be admissible in a court to contradict, alter, supplement, or otherwise change the meaning of this Agreement. THE PARTIES ALSO ACKNOWLEDGE THE CONTESTED AND ADVERSARIAL NATURE OF THE PENDING LITIGATION AND STIPULATE THAT IN EXECUTING THIS AGREMENT THEY ARE NOT RELYING ON ANY REPRESENTATION BY ANY OTHER PARTY OR ITS/HIS AGENTS, REPRESENTATIVES OR ATTORNEYS, WITH REGARD TO (1) FACTS UNDERLYING THE LAWSUIT, (2) THE SUBJECT MATTER OR EFFECT OF THIS AGREEMENT, AND (3) ANY OTHER FACTS OR ISSUES WHICH MIGHT BE DEEMED MATERIAL TO THE DECISION TO ENTER INTO THIS AGREEMENT, OTHER THAN AS SPECIFICALLY SET FORTH IN THIS AGREEMENT.

10. Amendments. This Agreement may be amended only by written agreement signed by each of the Parties, and any alleged breach of this Agreement may be waived only by a written waiver signed by the party granting the waiver. This Agreement and any such amendments or waivers of breach may be executed either directly by the Parties, or on their behalf by authorized counsel.

11. Severability. If any term or provision of this Agreement shall be determined to be unenforceable or invalid or illegal in any respect, the unenforceability, invalidity or illegality shall not affect any other term or provision of this Agreement, but this Agreement shall be construed as if such unenforceable, invalid or illegal term or provision had never been contained herein.

12. Counterparts and Signatures. This Agreement may be executed in any number of counterparts each of which, when executed and delivered, shall be deemed an original and all of which together shall constitute but one and the same agreement. Signatures obtained by facsimile or email in pdf format shall be deemed to be original signatures.

13. Enforcement of the Agreement. Each Party agrees to bear its own fees and costs with respect to any duties required of the Party under this Agreement; in any matter involving, referring, or relating to the interpretation and enforcement of this Agreement; and in connection with any disputes that may arise between the Parties relating to this Agreement.

14. Construction. This Agreement is to be governed by the law of the State of Nevada. The Bankruptcy Court shall retain exclusive jurisdiction over the interpretation and enforcement of this Agreement, as well as any disputes that may arise between the Parties relating to this Agreement, and the Parties consent to the exclusive jurisdiction of the Bankruptcy Court for these purposes.

15. Representations. Each Party warrants, represents and agree that s/he (i) has not assigned, subrogated, pledged or transferred to any person, firm, partnership, corporation or other entity whatsoever any of the claims, counterclaims, actions, demands or causes of action to be released pursuant to the releases set forth in this Agreement and (ii) is fully authorized to enter into this Agreement without the consent of any third parties. Specifically, each person signing the Agreement represents and warrants that s/he has been authorized and empowered to sign this Agreement on behalf of the Party the person purports to represent and that this Agreement is lawful and binding obligations of the Party on whose behalf the person is signing.

16. Inurement. This Agreement will inure to the benefit of and will be binding upon the Parties and their respective heirs, executors, successors, assigns, grantees, administrators, executors and trustees.

17. Retained Jurisdiction. Judge Newsome will retain jurisdiction over the terms of the Agreement reached by the parties and will act to resolve any disputes that may arise in the future as to the terms agreed to by the parties, without further Order of the Bankruptcy Court.

[Signatures of parties appear on next succeeding page.]

DATED: June 23, 2009

**USACM LIQUIDATING TRUST**

By: ______________________
Geoffrey L. Berman, solely in his capacity as Trustee of the USACM Liquidating Trust

DATED: June 15, 2009

**HOMES FOR AMERICA HOLDINGS, INC.**

By: ______________________
Daniel G. Hayes
Title: Senior Vice President

DATED: June 15, 2009

**HFA CLEAR LAKE LLC**

By: ______________________
Daniel G. Hayes
Title: Manager

DATED: June 15, 2009

**ONE POINT STREET, INC**

By: ______________________
Daniel G. Hayes
Title: Authorized Representative

DATED: June 15, 2009

**MEDITERRANEE-HFA, LLC F/K/A HFAH-MONACO, LLC**

By: ______________________
Daniel G. Hayes
Title: Manager

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC<br><br>USA CAPITAL DIVERSIFIED TRUST DEEF FUND, LLC<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC<br><br>Debtors<br><br>**Affects:**<br>USA Commercial Mortgage Company | Case No.: BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>Chapter 11<br><br>Jointly Administered Under Case No. BK-S-06-10725-LBR<br><br>Judge Linda B. Riegle<br><br>**ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** |

Upon consideration of the motion, dated June 24, 2009 (the "Motion"), filed by the USACM Liquidating Trust (the "USACM Trust"), seeking authorization and approval to settle the Pending Litigation (as such term is defined in the Motion) pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and due notice of the Motion and the hearing to be held thereon having been served to all parties entitled thereto in accordance with the Bankruptcy Rules and this Court's Local Rules, and no other or further notice need be given; and a hearing

having been held before this Court; and the Court having concluded that the Proposed Settlement (as such term is defined in the Motion) is the result of good faith arm's-length bargaining and not the product of fraud or collusion; and it appearing that the relief requested in the Motion is in the best interest of the estates and the beneficiaries of the USACM Trust, and upon the proceedings before the Court; and good and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that all objections, if any, to the Motion or the relief requested therein or granted in this Order, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled; and it is further

ORDERED that the Proposed Settlement as described in the Motion is authorized and approved pursuant to Bankruptcy Rule 9019; and it is further

ORDERED that Adversary Proceeding Number 08-01124-LBR shall remain **open** but **stayed** for a period not less than 12 months from the date of this order or as further directed by the Court; and it is further

ORDERED that in the event the description of the Proposed Settlement set forth in the Motion differs from the terms of Settlement Agreement itself, the terms of the Settlement Agreement shall control; and it is further

ORDERED that Geoffrey L. Berman, in his capacity as the Court-appointed trustee of the USACM Trust, is authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary to consummate the Proposed Settlement and perform any and all obligations contemplated therein on behalf of the USACM Trust; and it is further

ORDERED that this Court shall retain jurisdiction over any and all disputes arising under or otherwise relating to the construction, performance and enforcement of the terms of this Order on the terms and conditions of the Settlement Agreement hereby authorized or approved.

# # #

PREPARED AND SUBMITTED:

DIAMOND MCCARTHY LLP

By: /s/ Stephen T. Loden
Allan B. Diamond, TX 05801800 (pro hac vice)
William T. Reid, IV, TX 00788817 (pro hac vice)
Eric D. Madden, TX 24013079 (pro hac vice)
Stephen T. Loden, TX 24002489 (pro hac vice)
909 Fannin, Suite 1500
Houston, Texas 77010
(713) 333-5100 (telephone)
(713) 333-5199 (facsimile)

Special Litigation Counsel for
USACM Liquidating Trust