LEWIS AND ROCA LLP LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Anthony Austin NV State Bar No. 10850
Email: aaustin@lrlaw.com

*Attorneys for the USACM Liquidating Trust*

E-filed on 7/9/09

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br>　　　　　　　　　　　Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**OBJECTION OF USACM LIQUIDATING TRUST TO PROOF OF CLAIM OF TWELVE HORSES OF NORTH AMERICA** |

Pursuant to § 502 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), USACM Liquidating Trust (the "USACM Trust") requests that the

---
[1] This bankruptcy case was closed on September 23, 2008.
[2] This bankruptcy case was closed on October 12, 2007.
[3] This bankruptcy case was closed on December 21, 2007.



Court disallow Proof of Claim No. 10725-01173 filed by Twelve Horses of North America ("Twelve Horses").

## I.   JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II.   BACKGROUND

On April 13, 2006 ("Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  Debtors' post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM is a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.

Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007.  Geoffrey L. Berman is the Trustee.

. . .

2034914.2



### III. APPLICABLE AUTHORITY

Under the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party -in-interest objects. If a party-in-interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extent that the claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a). This objection is timely under the confirmed Plan, as the deadline for such objections has been extended to October 7, 2009, by this Court's orders.

A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

### IV. OBJECTION TO CLAIM

USACM Trust objects to Claim No. 10725-01173 filed by Twelve Horses in the amount of $177,648.02 because Twelve Horses' proof of claim fails to provide sufficient documentation, and Twelve Horses was the recipient of fraudulent transfers.

A.   *Twelve Horses' Proof of Claim Fails to Provide Sufficient Documentation*

Bankruptcy Rule 3001(c) requires a creditor filing a proof of claim to submit sufficient documentation with its proof of claim to support its claim. Here, Twelve Horses has filed a proof of claim with only a list of alleged open invoices. To date, Twelve

2034914.2

Horses has not amended its claim to provide any detail or clarify whether it is even making a claim. Twelve Horses' claim is, therefore, not properly filed and should be disallowed.

### B. *Twelve Horses' Proof of Claim Must be Disallowed as Twelve Horses Has Received Fraudulent Transfers*

USACM made numerous transfers to Twelve Horses that amount to fraudulent transfers. Twelve Horses received nearly $1,328,000 in fraudulent transfers. USACM used USA Investment Partners as a conduit for transfers to Twelve Horses. USACM was insolvent at the time these transfers were made, and did not receive reasonably equivalent value from Twelve Horses for the transfers. *See* **Exhibits 1 and 2** attached hereto.

Section 502(d) of the Bankruptcy Code states that the claim of a transferee of an avoidable transfer shall be disallowed until the transferee has disgorged the amount for which the transferee is liable. *El Paso City of Texas v. America West Airlines, Inc. (In re America West Airlines, Inc.)*, 217 F.3d 1161, 1165-67 (9th Cir. 2000); *In re Sierra-Cal*, 210 B.R. 168, 173 (Bankr. E.D. Cal. 1997). As the transferee of an avoidable transfer, Twelve Horses' proof of claim should be disallowed until it returns the funds fraudulently transferred to it by USACM. 11 U.S.C. § 502(d).

## V. CONCLUSION

The USACM Trust asks that the Court disallow Proof of Claim No. 10725-01173, and requests such other relief as the Court deems just and proper. The USACM Trust reserves the right to make further objections to this claim.

. . .

. . .

. . .

2034914.2

LEWIS AND ROCA LLP
LAWYERS

DATED: July 9, 2009.

LEWIS AND ROCA LLP

By /s/ Anthony W. Austin (#10850)
Rob Charles, NV 6593
John C. Hinderaker, AZ 18024 (*pro hac vice*)
Anthony Austin, NV 10850
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8321
Facsimile: (702) 949-8320
E-mail: rcharles@lrlaw.com
E-mail: jhinderake@lrlaw.com
E-mail: aaustin@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

PROOF OF SERVICE

Copy of the foregoing mailed by First Class, U.S. Mail, postage prepaid, on July 9, 2009 to the following party:

Twelve Horses of North America
10315 Professional Circle
Reno, NV 89521-4802


  /s/ Colleen J. Scruggs
Colleen J. Scruggs

5

2034914.2