E-Filed on 7/20/2009

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br>Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**OMNIBUS OBJECTION OF USACM LIQUIDATING TRUST TO PROOFS OF CLAIM NOS. 10725-00023, 00024, AND 00025 BY GENERAL ELECTRIC CAPITAL CORPORATION; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing: August 21, 2009<br>Time of Hearing: 9:30 a.m. |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the

---

[1] This bankruptcy case was closed on September 23, 2008.

[2] This bankruptcy case was closed on October 12, 2007.

[3] This bankruptcy case was closed on December 21, 2007.

169939.1

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing the Proofs of Claim filed by General Electric Capital Corporation ("Lessor") against USA Commercial Mortgage Company ("USACM") based upon defaults on equipment leases: Proof of Claim Nos. 10725-00023, 00024, and 00025 (the "Claims").

## I.     INTRODUCTION

1.     The USACM Trust objects to the allowance of the Claims because the (1) Lessor failed to give credit for the value of the leased equipment; (2) Lessor failed to show that they disposed of the collateral in a commercially reasonable manner as required by UCC Article 9; (3) Lessor failed to mitigate their damages; and (4) Lessor lacks standing to assert Proof of Claims 10725-00023 and 00025 because it is not the lessor listed on the leases.

## II.    JURISDICTION

1.     The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

2.     The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.   BACKGROUND

1.     On April 13, 2006 ("Petition Date"), USACM, USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF," together with DTDF, the "Funds") (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Debtors' post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

169939.1

2. USACM is a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.

3. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376] (the "Confirmation Order").

4. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

5. The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee.

## IV. APPLICABLE AUTHORITY

1. Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

2. The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a). This objection is timely under the confirmed Plan, as the deadline for such objections has been extended to October 7, 2009, by this Court's orders.

3. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a

169939.1

proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

## V. OBJECTION

1. The USACM Trust objects to the Claims and requests that they be disallowed in their entirety.

2. The USACM Trust objections to the Claims because Lessor provides no proof that it disposed of the abandoned collateral in a commercially reasonable manner as required by UCC Article 9 and then provided the USACM Estate with a credit for the value of the leased equipment, all of which was abandoned by the debtor.

3. The USACM Trust objects to the Claims because Lessor provides no proof it mitigated its damages.

4. The USACM Trust objects to Proof of Claim Nos. 10725-00023 and 00025 because the lessor shown on POC No. 10725-00023 is ABB Business Finance and the lessor shown on POC No. 10725-00025 is Toshiba Financial Services. Thus, Lessor lacks standing to bring claims based upon these leases.

5. The USACM Trust reserves the right to further object to the Claims, whether or not the subject of this Objection, for allowance and/or distribution purposes on any other grounds. The USACM Trust further reserves the right to modify, supplement and/or amend this Objection as it pertains to any Claim or claimant herein.

## VI. CONCLUSION

The USACM Trust respectfully requests that the Court disallow Proof of Claim Nos. 10725-00023, 00024, and 00025 in their entirety. The USACM Trust also requests such other and further relief as is just and proper.

Dated: July 20, 2009.

169939.1

**DIAMOND MCCARTHY LLP**

By: /s/   *J. Maxwell Beatty*
Allan B. Diamond, TX 05801800 (pro hac vice)
Eric D. Madden, TX 24013079 (pro hac vice)
J. Maxwell Beatty, TX 24051740 (pro hac vice)
909 Fannin, Suite 1500
Houston, Texas 77010
(713) 333-5100 (telephone)
(713) 333-5199 (facsimile)

*Special Litigation Counsel for*
*USACM Liquidating Trust*

Copy of the foregoing mailed by first class
postage prepaid U.S. mail on July 20, 2009 to:

| | |
|---|---|
| Pamela Corrie | Alex Terras, Esq |
| GE Capital Solutions Chief Risk, Restructuring and Litigation Counsel | DLA PIPER RUDNICK GRAY CARY US LLP |
| 10 Riverview Drive | 203 North LaSalle Street, Suite 1900 |
| Danbury, CT  06810 | Chicago, IL 60611 |

  /s/     J. Maxwell Beatty

169939.1