E-Filed on 7/21/2009

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 9490-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>     Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>     Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>     Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>     Debtor. | Judge Linda B. Riegle |
| In re:<br>USA SECURITIES, LLC,<br><br>     Debtor. | **MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Hearing Date: August 21, 2009<br>Hearing Time: 9:30 a.m. |

The USACM Liquidating Trust (the "USACM Trust") files this Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion") seeking entry of an order approving the Settlement Agreement and Release of Claims (the "Proposed Settlement Agreement") between the USACM Trust, Mountain West Mortgage LLC ("MWM"), John M. Keilly ("Keilly") and J.M.K. Investments, Ltd. ("JMK") (collectively, JMK and Keilly are referred to as the "JMK Defendants").

This Motion is made pursuant to Rule[1] 9019 and is based on the points and authorities listed herein, the Declaration of Geoffrey Berman in Support of the Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Berman Declaration"), attached hereto as **Exhibit A**, the pleadings, papers, and other records on file with the clerk of the clerk of the Court, judicial notice of which is hereby respectfully requested, and any argument an evidence to be presented at the time of the hearing of the Motion.

**BACKGROUND FACTS**

*The USACM Trust*

On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM") and certain of its affiliated companies and subsidiaries (collectively, the "Debtors"), each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"). The Debtors' chapter 11 cases are being jointly administered under Bankruptcy Case No. BK-S-06-10725-LBR (the "USA Capital Bankruptcy Case"). On January 8, 2007, the Bankruptcy Court confirmed the Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan"), and on March 12, 2007, the Joint Plan became effective and the Debtors emerged from bankruptcy.

The USACM Trust was created pursuant to the Joint Plan and is governed by the provisions of the Liquidating Trust Agreement (the "USACM Trust Agreement"). The Joint Plan expressly retained the Debtors' causes of action for enforcement by the USACM Trust, pursuant to 11 U.S.C. § 1123(b)(3)(B). Accordingly, the USACM Trust now holds any and all potential claims and causes of action, whether arising pre-petition or post-petition, that USACM and the USACM Trust may have or may at any time have had against MWM, JMK and/or Keilly

---

[1] Unless otherwise expressly stated herein, all references to Chapters or Sections shall refer to 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and all Rule references shall refer to the Federal Rules of Bankruptcy Procedure, 1001-9036.

(collectively, MWM, Keilly, and JMK are referred to as "Defendants").

*The Pending Litigation*

On April 11, 2008, the USACM Trust commenced adversary proceeding number 08-01122, entitled *USACM Liquidating Trust v. J.M.K. Investments, Ltd., John M. Keilly, and Mountain West Mortgage, LLC.* (the "Pending Litigation") seeking to recover approximately $650,000 in USACM funds that were transferred to Defendants prior to the Petition Date as purported payments of brokerage and consulting fees (collectively, the "Transfers"). **Exhibit A**, ¶ 4. In the Pending Litigation, the USACM Trust asserts that USACM received no benefits for the Transfers, and that the Transfers were made in contravention of Bankruptcy Code sections 547 and 548, and section 112.180 of the Nevada Revised Statutes. Defendants deny each and every one of the USACM Trust's allegations in the Pending Litigation.

*The Proposed Settlement Agreement*

Following extensive arms-length negotiations at a settlement conference conducted on April 21, 2009 before United States Bankruptcy Judge Newsome, the USACM Trust and Defendants (collectively, the "Parties") reached a tentative agreement to resolve the Pending Litigation subject to execution of a mutually-agreeable settlement agreement that is approved by the Bankruptcy Court. **Exhibit A, ¶ 5.** The material terms of the Proposed Settlement Agreement are summarized as follows[2]:

   a.    **JMK and Keilly Settlement Payment.** On or before February 1, 2010, the JMK Defendants will pay to the USACM Trust $ 120,000.00 on JMK and Keilly's behalf. If, on or before February 1, 2010, Keilly does not make such a payment, the USACM Trust will file a Stipulation for Entry of Agreed Judgment for $120,000.00 against JMK and Keilly with the Bankruptcy Court or any other court of competent jurisdiction. The interest on such judgment will be calculated at a corresponding Federal Post-Judgment Interest Rate from the date of the JMK Defendants' default

---

[2]    The following is solely a summary of the terms of the Proposed Settlement, and is not intended to amend or modify the actual terms of the written settlement agreement, which terms shall control in the event of any conflicts.

until the payment is made.

**b.**    **MWM Settlement Payment**.  On or before the expiration of nine (9) months following the Effective Date, MWM shall pay to the USACM Trust $ 20,000.00.  If, on or before the expiration of nine (9) months following the Effective Date, MWM does not make the payment, the USACM Trust will file a Stipulation for Entry of Agreed Judgment for $70,000.00 against MWM with the Bankruptcy Court or any other court of competent jurisdiction.  The interest on such judgment will be calculated at a corresponding Federal Post-Judgment Interest Rate from the date of MWM's default until the payment is made.

**c.**    **Effective Date.** The "Effective Date" shall be the first business date upon which each of the following events has occurred: (a) the Proposed Settlement Agreement has been duly executed and delivered by each of the Parties; and (b) the Bankruptcy Court has entered a final order approving the Proposed Settlement Agreement.

**d.**    **Release of Claims by the USACM Trust as to the Defendants.**  Upon the date a Defendant's payment is actually received by the USACM Trust, the USACM Trust will fully release and discharge such tendering Defendants and all of their present and former principals, employees, staff, predecessors and successors, and their respective attorneys, consultants, adjustors and insurers in their capacities as such, from any and all claims, demands, damages, liabilities, actions, causes of action or suits at law or in equity arising out of or related to the Transfers or the Pending Litigation, that the USACM Trust ever had or now has against the Defendant Released Parties.

**e.**    **Release of Claims by the Defendants as to USACM.**  Upon the Effective Date, each Defendant, for itself and on behalf of all of his/its present and former principals, employees, staff, predecessors and successors, and their respective attorneys, consultants, adjustors and insurers in their capacities as such, on the one hand will fully release and discharge USACM, the USACM Trust, the USACM Trustee, and all of their present and former trustees, managers, employees, agents, consultants, attorneys, directors, and officers, and their respective insurers in their capacities as such (collectively, the "USACM Trust Released Parties"), from any and all claims, demands, damages, liabilities, actions, causes of action or suits at law or in equity arising out of or related to the Transfers or the Pending Litigation, that such Defendant ever had or now has against the USACM Trust Released Parties.

See Proposed Settlement Agreement, attached as **Exhibit 1** to the Berman Declaration.

## **ARGUMENT**

The Joint Plan does not expressly require Bankruptcy Court approval of proposed

4

settlements.  Rather, the Joint Plan provides that the USACM Trust shall have the discretion to:

> commence, prosecute, defend against, recover on account of, and settle all rights, Claims, causes of action, defenses, and counterclaims in their sole discretion in accordance with what is in the best interests, and for the benefit, of the Debtors or the Post-Effective Date Entities.

Joint Plan, pps. 47-48, 59.  In an abundance of caution, and as required by the Proposed Settlement Agreement, the USACM Trust seeks the Bankruptcy Court's approval of the Proposed Settlement Agreement pursuant to Bankruptcy Rule 9019.

Bankruptcy Rule 9019 provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  FED. R. BANKR. P. 9019.  In order to approve a compromise and settlement, the Court must find that it is fair and equitable to the estate and, "[i]n determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider:  (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises."  *Arden v. Motel Partners (In re: Arden)*, 156 F.3d 729 (9th Cir. 1999); *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377 (9th Cir. 1986), *cert. denied,* 479 U.S. 854 (1986).

The USACM Trust is not required to satisfy each of these factors as long as the factors as a whole favor approving the settlement.  *See In re Pacific Gas & Electric Co.,* 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004).  In considering the factors, "a precise determination of the likely outcome is not required, since an exact judicial determination of the values at issue would defeat the purpose of compromising the claim."  *In re Telesphere Comm's, Inc.,* 179 B.R. 544, 553 (Bankr. N.D.Ill. 1994) (internal quotations omitted).  Thus, rather than determining various issues of fact and law, the court should "canvass the issues and see whether the settlement

fall[s] below the lowest point in the range of reasonableness." *In re Lion Capital Group,* 49 B.R. 163, 175 (Bankr. S.D.N.Y. 1985) (internal quotations omitted).

The USACM Trust respectfully submits that the Proposed Settlement Agreement satisfies each of these factors. If the Proposed Settlement Agreement is not approved by this Court, the USACM Trust will be required to expend significant resources in pursuit of the Pending Litigation. **Exhibit A, ¶** 6. Presumably, all six fact witnesses that have been deposed in this case, would also testify at trial. Moreover, the Parties would also likely call expert witnesses to testify on issues such as insolvency and forensic accounting. As such, trial of this matter will likely be protracted, complex, and expensive, and there are no guarantees as to the ultimate outcome. **Exhibit A, ¶** 6. Moreover, even were the USACM Trust ultimately successful at trial, there is substantial uncertainty of the ability to recover any judgment from the Defendants following exhaustion of any appeals. **Exhibit A, ¶** 6.

If approved, however, the Proposed Settlement Agreement will allow the USACM Trust to avoid protracted and complex litigation with the Defendants, bring significant value to the USACM Trust through the Defendants repayment of a substantial portion of the Transfers, and resolve all claims, obligations, demands, actions, causes of action and liabilities between the Parties relating to the Pending Litigation. The amount of the Settlement is substantial in light of the current stage of the Pending Litigation, the complexity, expense, and the risks and uncertainty of going to trial. The terms of the Proposed Settlement Agreement fall within the reasonable range of likely outcomes of the Pending Litigation with the Defendants, eliminate litigation risks, costs, and delay associated with trial and a potential appeal, and provide a prompt and substantial recovery to the USACM Trust's estate. **Exhibit A**, ¶ 7. The Proposed Settlement Agreement is the product of arms' length bargaining, without fraud or collusion. **Exhibit A, ¶** 5. The Proposed Settlement Agreement will thus facilitate recoveries for the

benefit of the beneficiaries of the USACM Trust who have suffered loss as a result of the events leading to the USACM bankruptcy.

Accordingly, the USACM Trust has concluded in the exercise of its reasonable business judgment that the time and expense that would necessarily be attendant with continued pursuit of the Pending Litigation greatly outweighs the benefits to be gained by resolving these matters on the terms set forth in the Proposed Settlement Agreement.  **Exhibit A, ¶** 7.

## CONCLUSION

For the foregoing reasons, the USACM Trust requests entry of an order, substantially in the form attached hereto as **Exhibit B**, approving the Proposed Settlement Agreement, authorizing the USACM Trustee to execute the Settlement Agreement on behalf of the USACM Trust, and granting such other and further relief as the Court deems appropriate.

DATED 7/21/2009.

**DIAMOND MCCARTHY LLP**

By:     /s/ J. Maxwell Beatty
Allan B. Diamond, TX 05801800 (pro hac vice)
Eric D. Madden, TX 24013079 (pro hac vice)
Stephen T. Loden, TX 24002489 (pro hac vice)
J. Maxwell Beatty, TX 24051740 (pro hac vice
909 Fannin, Suite 1500
Houston, Texas 77010
(713) 333-5100 (telephone)
(713) 333-5199 (facsimile)

*Special Litigation Counsel for*
*USACM Liquidating Trust*

**LEWIS AND ROCA LLP**

By:    /s/ Rob Charles
Rob Charles, NV 6593
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169-5996
(702) 949-8320 (telephone)
(702) 949-8321 (facsimile)

*Counsel for USACM Liquidating Trust*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the law firm of DIAMOND MCCARTHY LLP, and that on the 21st day of July 2009, I served a true and correct copy of the foregoing **MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** (a) by electronic transmission to (i) all parties on the USACM Post-Effective Date Service List Dated March 31, 2009 and (ii) counsel for defendants as follows:

George C. Lazar
525 "B" Street, Suite 1500
San Diego, CA  92101
glazar@foxjohns.com

David A Colvin, Esq.
Erik W. Fox, Esq
Marquis & Aurbach
10001 Park Run Drive
Las Vegas, NV  89145
dcolvin@marquisaurbach.com
efox@marquisaurbach.com

  /s/  Catherine A. Burrow, CLA
Catherine A. Burrow, CLA
Diamond McCarthy LLP

EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (the "Agreement") is made and entered into by the USACM LIQUIDATING TRUST (the "USACM Trust"), as a successor to USA Commercial Mortgage Company, on one hand, and J.M.K. INVESTMENTS, LTD. ("JMK"), John M. Keilly ("Keilly"; collectively JMK and Keilly are referred to as the "JMK Defendants"), and MOUNTAIN WEST MORTGAGE, LLC (the "MWM"), on the other hand (collectively, the "Parties"). JMK, Keilly and MWM are collectively referred to as the "Defendants."

## I. RECITALS

WHEREAS, on April 13, 2006, USA Commercial Mortgage Company ("USACM") filed a voluntary petition under Chapter 11 of the Bankruptcy Code for the District of Nevada (the "Bankruptcy Court"), which bankruptcy case was jointly administered with several related cases under Bankruptcy Case No. BK-S-06-10725-LBR (the "USA Capital Bankruptcy Case");

WHEREAS, the Bankruptcy Court confirmed the Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan") pursuant to order entered on January 8, 2007 (the "Confirmation Order"). The Joint Plan became effective on March 12, 2007;

WHEREAS, the USACM Trust was created pursuant to the Joint Plan and the Confirmation Order. Geoffrey L. Berman serves as the trustee of the USACM Trust. The Joint Plan expressly retained USACM's causes of action for enforcement by the USACM Trust, pursuant to 11 U.S.C. § 1123(b)(3)(B). Accordingly, the USACM Trust now holds any and all potential claims and causes of action, whether arising pre-petition or post-petition, that USACM and the USACM Trust may have or may at any time have had against the Defendants;

WHEREAS, the USACM Trust has evaluated potential claims arising from USACM's alleged transfers of $637,870.00 of USACM funds to the Defendants as purported consulting or brokerage fees (the "Fee Transfers");

WHEREAS, on April 11, 2008, the USACM Trust commenced adversary proceeding number 08-01122, entitled *USACM Liquidating Trust v. J.M.K. Investments, Ltd., John M. Keilly, and Mountain West Mortgage, LLC* in the Bankruptcy Court (the "Pending Litigation"), asserting claims to recover the Fee Transfers;

WHEREAS the USACM Trust believes that the claims it has asserted in the Pending Litigation have merit, and the Defendants have denied, and continued to deny, any liability whatsoever arising from the claims in the Pending Litigation;

WHEREAS, in order to avoid the costs and uncertainty of litigation, the Parties have agreed to settle the Pending Litigation and all related disputes and controversies between them on the terms set forth in this Agreement, without admitting any liability or wrongdoing and without resort to litigation between them.

## II. TERMS AND CONDITIONS

NOW, THEREFORE, in consideration of the covenants, promises and releases set forth herein, and in full settlement of all such claims, the Parties hereby agree on behalf of themselves and any and all of their predecessors, successors, assigns, parents, insurers, and any other parties or persons claiming by, through or under any of the Parties hereto, as follows:

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Page   1

A.    **Settlement Consideration.**

1.    <u>JMK and Keilly Settlement Payment.</u>  On or before February 1, 2010, the JMK Defendants will pay to the USACM Trust $ 120,000.00 on Keilly's and JMK's behalf.  If, on or before February 1, 2010, the JMK Defendants do not make such a payment, the USACM Trust will file a Stipulation for Entry of Agreed Judgment for $ 120,000.00 against JMK and Keilly jointly pursuant to paragraph A(7) with the Bankruptcy Court or any other court of competent jurisdiction.  The interest on such judgment will be calculated at a corresponding Federal Post-Judgment Interest Rate from the date of the JMK Defendant's default on this Agreement until the payment is made.

2.    <u>MWM Settlement Payment.</u>  On or before the expiration of nine (9) months following the Effective Date, MWM shall pay to the USACM Trust $ 20,000.00.  If, on or before the expiration of nine (9) months following the Effective Date, MWM does not make the payment, the USACM Trust will file a Stipulation for Entry of Agreed Judgment for $ 70,000.00 against MWM, pursuant to paragraph A(7) with the Bankruptcy Court or any other court of competent jurisdiction.  The interest on such judgment will be calculated at a corresponding Federal Post-Judgment Interest Rate from the date of MWM's default on this payment on this Agreement until the payment is made.

3.    <u>Independent Obligations.</u>  The payment by one Defendant of his/its obligation to the USACM Trust pursuant to this Agreement shall have no impact on the accrual of interest on any other Defendant's outstanding payment obligations; provided that a payment by JMK shall also be for the benefit of Keilly and a payment by Keilly shall also be for the benefit of JMK.

4.    <u>Means of Payment.</u>  Defendants shall make payments to the USACM Trust either: (a) by wire transfer to the following account: USACM Liquidating Trust, Account No. 304-923176, ABA No. 021000021, at JPMorgan Chase Bank, N.A., New York, NY.; or (b) delivery of a cashier's check to the address set forth in section C(4) hereof.  Within ten (10) business days following receipt of the full payment from a Defendant, the USACM Trust shall provide acknowledgment to the payor recognizing that his/its debt has been satisfied.

5.    <u>Grace Period.</u>  There will be NO grace period for any payments.

6.    <u>Default.</u>  The failure by any Defendant to timely make any payment required by this Agreement shall constitute a material breach of this Agreement by such non-performing Defendant.  The breach of this Agreement by one or more Defendant(s) shall not relieve any other Defendant(s) of their obligations under this Agreement, nor shall a default or breach of this Agreement by one or more Defendants be construed as a default or breach of this Agreement by any other Defendant(s).

7.    <u>Entry of Agreed Judgment.</u>  Concurrent with execution of this Agreement, Defendants shall execute stipulations for Entry of Judgment, the forms for which are attached hereto as Exhibit 1 (for Keilly and JMK) and Exhibit 2 (for MWM).  Defendants expressly authorize the USACM Trust to file any Stipulation for Entry of Agreed Judgment with the Bankruptcy Court or any other court of competent jurisdiction to consider such matters, <u>provided, however,</u> that the USACM Trust shall hold each Stipulation for Entry of Judgment in trust and shall not file, execute or attempt to enforce any Stipulation of Entry of Judgment or any judgment entered thereon against any Defendant unless and until the USACM Trust provides

such Defendant at least ten (10) days written notice that it is in default of this Agreement.

8. <u>Pending Litigation</u>. The Parties will jointly request the Bankruptcy Court to remove the Pending Litigation from the Court's active docket and to suspend all pending deadlines as set forth in any applicable scheduling orders until February 1, 2010 (the "Litigation Stay"). During the Litigation Stay, no Party may commence any discovery or file any motion in the Pending Litigation other than a motion asking the Court to lift the Litigation Stay. Within 10 business days following expiration of the Litigation Stay, the USACM Trust will either: (a) dismiss the Pending Litigation with prejudice to refiling in the event that each Defendant's payment obligations pursuant to this Agreement have been satisfied; or (b) advise the Court of each Defendant's payment status and file any appropriate motions or pleadings concerning any Defendant that has failed to timely satisfy his/her/its payment obligations pursuant to this Agreement.

**B.**    **<u>Releases</u>.**

1. <u>Release of Claims by the USACM Trust as to the Defendants.</u> Upon the date a Defendant's payment required by sections A(1) or A(2) of this Agreement is actually received by the USACM Trust, the USACM Trust fully releases and discharges such tendering Defendants and all of their present and former principals, employees, staff, predecessors and successors, and their respective attorneys, consultants, adjustors and insurers in their capacities as such (collectively, the "Defendant Released Parties"), from any and all claims, demands, damages, liabilities, actions, causes of action or suits at law or in equity arising out of or related to the Fee Transfers or the Pending Litigation, that the USACM Trust ever had or now has against the Defendant Released Parties, provided, however, that the USACM Trust does not release any Defendant Released Parties from their obligations under this Agreement (collectively, the "USACM Trust's Released Claims") and provided further that any payment made by Keilly shall be a payment for the benefit of JMK and any payment by JMK shall be a payment for Keilly.

2. <u>Release of Claims by the Defendants as to USACM.</u> Upon the Effective Date, each Defendant, for itself and on behalf of all of his/its present and former principals, employees, staff, predecessors and successors, and their respective attorneys, consultants, adjustors and insurers in their capacities as such, on the one hand (collectively, the "Defendant Releasers") fully releases and discharges USACM, the USACM Trust, the USACM Trustee, and all of their present and former trustees, managers, employees, agents, consultants, attorneys, directors, and officers, and their respective insurers in their capacities as such (collectively, the "USACM Trust Released Parties"), from any and all claims, demands, damages, liabilities, actions, causes of action or suits at law or in equity arising out of or related to the Fee Transfers or the Pending Litigation, that such Defendant Releasers ever had or now have against the USACM Trust Released Parties, provided, however, that the Defendant Releasers do not release the USACM Trust from its obligations under this Agreement (collectively, the "Defendants' Released Claims").

**C.**    **<u>General Terms and Provisions</u>**

1. <u>Legal Costs and Expenses</u>. Each Party agrees to pay its own legal costs and expenses incurred in connection with the Pending Litigation.

2.      **Effective Date.**  The "Effective Date" of this Agreement shall be the first business date upon which each of the following events has occurred: (a) the Agreement has been duly executed and delivered by each of the Parties; and (b) the Bankruptcy Court has entered a Final Order (defined below) approving the Settlement Agreement (the "Approval Order"); provided, however, that paragraphs C(5) and C(6) hereof shall be effective against, and enforceable by, the Parties immediately upon execution of this Agreement and without regard to entry of the Approval Order.

3.      **Final Order.**  As used herein, the term "Final Order" shall mean and refer to (i) an order of a court as to which the time to appeal, petition for certiorari, or move for re-argument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for re-argument or rehearing shall then be pending or, (ii) in the event that an appeal, writ of certiorari, reargument or rehearing thereof has been sought, such order of the Bankruptcy Court shall have been affirmed by the highest court to which such order may be appealed, or certiorari has been denied, and the time to take any further appeal, petition for certiorari or move for re-argument or rehearing shall have expired; provided however, provided, however, that the possibility that a motion under Section 502(j) of the Bankruptcy Code, Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any comparable rule under the Bankruptcy Rules, may be filed with respect to such order shall not cause such order not to be a Final Order; provided further, that notwithstanding the foregoing, an Order that is subject to appeal may be treated as a Final Order if no stay of the Order has been obtained and if all Parties consent to treating such Order as a Final Order.

4.      **Notice to the Parties.**  Any notices in connection with this Agreement to each of the Parties shall be given, by fax and by certified mail, to the following individuals:

For the USACM Trust:

Geoffrey L. Berman
DEVELOPMENT SPECIALISTS, INC.
333 South Grand Avenue, Suite 4070
Los Angeles, California 90071-1544
Telephone: (213) 617-2717
Facsimile: (213) 617-2718

Andrea Kim
DIAMOND MCCARTHY LLP
909 Fannin, Suite 1500
Houston, Texas  77010
Telephone:  (713) 333-5100
Facsimile:  (713) 333-5199

For JMK and Keilly:

George Lazar
Attorney-at-Law
525 "B" Street, Suite 1500
San Diego, California 92101
Telephone: (877) 272-3734
Facsimile: (877) 227-0150

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

For MWM:

David A. Colvin, Esq.
Marquis & Aurbach
10001 Park Run Drive
Las Vegas, Nevada 89145

5.     Reasonable Efforts.  The Parties agree to engage in a reasonable, good faith effort to: (a) seek entry of the Approval Order; and (b) support this Agreement against any and all persons or entities seeking to prohibit entry of the Approval Order, or to avoid or limit the applicability or scope of the Agreement in any manner.

6.     Good Faith Compromise.  This Agreement is entered into as a good faith compromise among the Parties for the complete and final settlement of the USACM Trust's Released Claims and the Defendants' Released Claims.  By this settlement, no Party admits liability to any other Party in any respect, or makes any admission as to factual or legal contentions relating to the matters settled herein.

7.     Plain Meaning.   The Parties acknowledge that they have had the opportunity to be represented by counsel during negotiations of this Agreement and to consult with their respective attorneys regarding its meaning and effect.  The Parties agree that (a) the terms and provisions of this Agreement are not to be construed more strictly against either of the Parties; and (b) it is their mutual intention that the terms and provisions of this Agreement be construed as having the plain meaning of the terms used herein.

8.     Integration.  This Agreement constitutes the entire agreement among the Parties on the subjects addressed herein.  This Agreement is executed without reliance upon any representations by any person or entity concerning the nature, cause or extent of injuries, or legal liability therefore, or any other representations of any type or nature except as set forth herein.  No contrary or supplementary oral agreement shall be admissible in a court to contradict, alter, supplement, or otherwise change the meaning of this Agreement.  THE PARTIES ALSO ACKNOWLEDGE THE CONTESTED AND ADVERSARIAL NATURE OF THE PENDING LITIGATION AND STIPULATE THAT IN EXECUTING THIS AGREMENT THEY ARE NOT RELYING ON ANY REPRESENTATION BY ANY OTHER PARTY OR ITS/HIS AGENTS, REPRESENTATIVES OR ATTORNEYS, WITH REGARD TO (1) FACTS UNDERLYING THE LAWSUIT, (2) THE SUBJECT MATTER OR EFFECT OF THIS AGREEMENT, AND (3) ANY OTHER FACTS OR ISSUES WHICH MIGHT BE DEEMED MATERIAL TO THE DECISION TO ENTER INTO THIS AGREEMENT, OTHER THAN AS SPECIFICALLY SET FORTH IN THIS AGREEMENT.

9.     Amendments.   This Agreement may be amended only by written agreement signed by each of the Parties, and any alleged breach of this Agreement may be waived only by a written waiver signed by the party granting the waiver.  This Agreement and any such amendments or waivers of breach may be executed either directly by the Parties, or on their behalf by authorized counsel.

10.     Severability.   If any term or provision of this Agreement shall be determined to be unenforceable or invalid or illegal in any respect, the unenforceability, invalidity or illegality shall not affect any other term or provision of this Agreement, but this

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Agreement shall be construed as if such unenforceable, invalid or illegal term or provision had never been contained herein.

      11.    <u>Counterparts and Signatures.</u>  This Agreement may be executed in any number of counterparts each of which, when executed and delivered, shall be deemed an original and all of which together shall constitute but one and the same agreement.  Signatures obtained by facsimile or email in .pdf format shall be deemed to be original signatures.

      12.    <u>Enforcement of the Agreement</u>.  Each Party agrees to bear its own fees and costs with respect to any duties required of the Party under this Agreement; in any matter involving, referring, or relating to the interpretation and enforcement of this Agreement; and in connection with any disputes that may arise between the Parties relating to this Agreement.

      13.    <u>Construction</u>.  This Agreement is to be governed by the law of the State of Nevada.  The Bankruptcy Court shall retain exclusive jurisdiction over the interpretation and enforcement of this Agreement, as well as any disputes that may arise between the Parties relating to this Agreement, and the Parties consent to the exclusive jurisdiction of the Bankruptcy Court for these purposes.

      14.    <u>Representations</u>.  Each Party warrants, represents and agree that s/he (i) has not assigned, subrogated, pledged or transferred to any person, firm, partnership, corporation or other entity whatsoever any of the claims, counterclaims, actions, demands or causes of action to be released pursuant to the releases set forth in this Agreement and (ii) is fully authorized to enter into this Agreement without the consent of any third parties.  Specifically, each person signing the Agreement represents and warrants that s/he has been authorized and empowered to sign this Agreement on behalf of the Party the person purports to represent and that this Agreement is lawful and binding obligations of the Party on whose behalf the person is signing.

      15.    <u>Inurement</u>.  This Agreement will inure to the benefit of and will be binding upon the Parties and their respective heirs, executors, successors, assigns, grantees, administrators, executors and trustees.

DATED: June 2<u>5</u>, 2009             **USACM LIQUIDATING TRUST**

                                     By: *Geoffrey L. Berman*

                                     Geoffrey L. Berman, in his capacity as
                                     Trustee of the USACM Liquidating Trust

DATED: June ___, 2009         **J.M.K. INVESTMENTS LTD.**

                                     By:_____

                                       John M. Keilly
                                     Title: _____

Agreement shall be construed as if such unenforceable, invalid or illegal term or provision had never been contained herein.

11.    Counterparts and Signatures.    This Agreement may be executed in any number of counterparts each of which, when executed and delivered, shall be deemed an original and all of which together shall constitute but one and the same agreement. Signatures obtained by facsimile or email in .pdf format shall be deemed to be original signatures.

12.    Enforcement of the Agreement.    Each Party agrees to bear its own fees and costs with respect to any duties required of the Party under this Agreement; in any matter involving, referring, or relating to the interpretation and enforcement of this Agreement; and in connection with any disputes that may arise between the Parties relating to this Agreement.

13.    Construction.    This Agreement is to be governed by the law of the State of Nevada. The Bankruptcy Court shall retain exclusive jurisdiction over the interpretation and enforcement of this Agreement, as well as any disputes that may arise between the Parties relating to this Agreement, and the Parties consent to the exclusive jurisdiction of the Bankruptcy Court for these purposes.

14.    Representations.    Each Party warrants, represents and agree that s/he (i) has not assigned, subrogated, pledged or transferred to any person, firm, partnership, corporation or other entity whatsoever any of the claims, counterclaims, actions, demands or causes of action to be released pursuant to the releases set forth in this Agreement and (ii) is fully authorized to enter into this Agreement without the consent of any third parties. Specifically, each person signing the Agreement represents and warrants that s/he has been authorized and empowered to sign this Agreement on behalf of the Party the person purports to represent and that this Agreement is lawful and binding obligations of the Party on whose behalf the person is signing.

15.    Inurement.    This Agreement will inure to the benefit of and will be binding upon the Parties and their respective heirs, executors, successors, assigns, grantees, administrators, executors and trustees.

DATED: June ___, 2009                    **USACM LIQUIDATING TRUST**

                                         By: _____
                                             Geoffrey L. Berman, in his capacity as
                                             Trustee of the USACM Liquidating Trust

DATED: June 25, 2009                     **J.M.K. INVESTMENTS LTD.**

                                         By: _____
                                             John M. Keilly
                                             Title: _____

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

                                                                    **Page  6**

DATED: June 25, 2009

**JOHN M. KEILLY**

_____

DATED: June___, 2009

**MOUNTAIN WEST MORTGAGE, LLC**

By: _____
Thomas Jurbala

DATED:  June ____, 2009                    **JOHN M. KEILLY**

_____

DATED:  June 30, 2009                      **MOUNTAIN WEST MORTGAGE, LLC**

By: _____
Thomas Jurbala    MANAger
For
MWM, LLC

1
2
3
4
5
6
7
8

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor.<br><br>USACM LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>J.M.K. INVESTMENTS, LTD., JOHN M. KEILLY,<br>AND MOUNTAIN WEST MORTGAGE, LLC.<br><br>Defendants. | Case Nos.: BK-S-06-10725-LBR<br>Chapter 11<br><br>Judge Linda B. Riegle<br><br>Adversary No. 08-01122<br><br>**STIPULATION FOR ENTRY OF**<br>**AGREED JUDGMENT**<br><br>Hearing Date: N/A<br>Hearing Time:  N/A |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

The Court has reviewed the Parties' Settlement Agreement and the Parties stipulation regarding the judgment set forth below.   Based upon the Settlement Agreement and the stipulations, the Court ORDERS, DECREES, and ADJUDGEDES that:

1.    The USACM Trust shall have and recover from Defendant J.M.K. Investments, Ltd. and/or John M. Keilly the sum of One Hundred Twenty Thousand Dollars ($120,000.00) together with the interest at the federal post-judgment interest rate on the principal amount of $120,000.00 from and including February 2, 2010 through the date of the payment.

2.      This is a final judgment that disposes of all remaining claims and causes of action in this adversary proceeding.  Accordingly, the Court directs entry of judgment as to the parties and claims covered hereby.

3.      This Court shall retain jurisdiction of this case for any post-judgment discovery or enforcement proceedings in accordance with applicable law.

**STIPULATED AND AGREED:**

**J.M.K. Investments, Ltd.**

**By:** _____
　　　　**John M. Keilly**
　　　　**Title:** _____
　　　　**Date:** _____


**John M. Keilly**

_____


**USACM Liquidating Trust**

By _____
　　　**Geoffrey L. Berman, Trustee**
　　　**Date:** _June 15, 2009_____

###

2.    This is a final judgment that disposes of all remaining claims and causes of action in this adversary proceeding. Accordingly, the Court directs entry of judgment as to the parties and claims covered hereby.

3.    This Court shall retain jurisdiction of this case for any post-judgment discovery or enforcement proceedings in accordance with applicable law.

**STIPULATED AND AGREED:**

**J.M.K. Investments, Ltd.**

By: _____
    **John M. Keilly**
    Title: _____
    Date: _____

**John M. Keilly**

_____

**USACM Liquidating Trust**

By: _____
    **Geoffrey L. Berman, Trustee**
    Date: _____

###

1
2
3
4
5
6
7
8

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

9

| In re: | Case Nos.: BK-S-06-10725-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | Chapter 11 |

10

| Debtor. | Judge Linda B. Riegle |

11

| USACM LIQUIDATING TRUST, | Adversary No. 08-01122 |

12

| Plaintiff, | |

13

| v. | **STIPULATION FOR ENTRY OF** |
| | **AGREED JUDGMENT** |

14

| J.M.K. INVESTMENTS, LTD., JOHN M. KEILLY, AND MOUNTAIN WEST MORTGAGE, LLC. | Hearing Date: N/A |
| | Hearing Time:  N/A |

15

| Defendants. | |

16

17       The Court has reviewed the Parties' Settlement Agreement and the Parties stipulation

18  regarding the judgment set forth below.   Based upon the Settlement Agreement and the

19  stipulations, the Court ORDERS, DECREES, and ADJUDGEDES that:

20       1.    The USACM Trust shall have and recover from Defendant Mountain West

21

22  Mortgage, LLC. the sum of Seventy Thousand Dollars ($70,000.00) together with the interest at

23  the federal post-judgment interest rate on the principal amount of $70,000.00 from and including

24  the date upon which Mountain West Mortgage, LLC defaulted on the Settlement Agreement, as

25  defined in that agreement, and until the payment.

26

2.      This is a final judgment that disposes of all remaining claims and causes of action in this adversary proceeding.  Accordingly, the Court directs entry of judgment as to the parties and claims covered hereby.

3.      This Court shall retain jurisdiction of this case for any post-judgment discovery or enforcement proceedings in accordance with applicable law.


**STIPULATED AND AGREED:**


**Mountain West Mortgage, LLC.**


**By:** _____
          **Thomas Jurbala**
          **Title:** _____
          **Date:** _____


**USACM Liquidating Trust**

By: ~~Geoffrey L. Berman~~
          Geoffrey L. Berman, Trustee
          Date: June 25, 2009

\#\#\#

1      2.      This is a final judgment that disposes of all remaining claims and causes of action

2    in this adversary proceeding. Accordingly, the Court directs entry of judgment as to the parties

3    and claims covered hereby.

4

5      3.      This Court shall retain jurisdiction of this case for any post-judgment discovery or

6    enforcement proceedings in accordance with applicable law.

7

8    **STIPULATED AND AGREED:**

9

10   Mountain West Mortgage, LLC

11   By: _____

12        Thomas Jurbala
          Title: _____
13       Date: _____

14

15   **USACM Liquidating Trust**

16

17   By: _____

18        Geoffrey L. Berman, Trustee
          Date: _____

19

20                          ###

21

22

23

24

25

26

EXHIBIT B

1
2
3
4
5
6

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

7   In re:                                                    Case No. BK-S-06-10725-LBR
8   USA COMMERCIAL MORTGAGE COMPANY,                          Case No. BK-S-06-10726-LBR
                                                              Case No. BK-S-06-10727-LBR
9   USA CAPITAL REALTY ADVISORS, LLC                          Case No. BK-S-06-10728-LBR
                                                              Case No. BK-S-06-10729-LBR
10  USA CAPITAL DIVERSIFIED TRUST DEEF FUND,
    LLC                                                       Chapter 11
11  USA CAPITAL FIRST TRUST DEED FUND, LLC,                   Jointly Administered Under Case No.
                                                              BK-S-06-10725-LBR
12  USA SECURITIES, LLC
                                                              Judge Linda B. Riegle
13                           Debtors

14      **Affects:**                                          **ORDER GRANTING MOTION**
        USA Commercial Mortgage Company                       **FOR APPROVAL OF**
15                                                            **SETTLEMENT PURSUANT TO**
                                                              **RULE 9019 OF THE FEDERAL**
16                                                            **RULES OF BANKRUPTCY**
                                                              **PROCEDURE**
17

18

19          Upon consideration of the motion, dated July 21, 2009 (the "Motion"), filed by the

20  USACM Liquidating Trust (the "USACM Trust"), seeking authorization and approval to settle the

21  Pending Litigation (as such term is defined in the Motion) pursuant to Rule 9019 of the Federal

22  Rules of Bankruptcy Procedure; and it appearing that the Court has jurisdiction to consider the

23  Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and due notice of

24  the Motion and the hearing to be held thereon having been served to all parties entitled thereto in

25  accordance with the Bankruptcy Rules and this Court's Local Rules, and no other or further notice

26

need be given; and a hearing having been held before this Court; and the Court having concluded that the Proposed Settlement Agreement (as such term is defined in the Motion) is the result of good faith arm's-length bargaining and not the product of fraud or collusion; and it appearing that the relief requested in the Motion is in the best interest of the estates and the beneficiaries of the USACM Trust, and upon the proceedings before the Court; and good and sufficient cause appearing therefor, it is:

ORDERED that the Motion is granted; and it is further

ORDERED that all objections, if any, to the Motion or the relief requested therein or granted in this Order, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled; and it is further

ORDERED that the Proposed Settlement Agreement as described in the Motion is authorized and approved pursuant to Bankruptcy Rule 9019; and it is further

ORDERED that Adversary Proceeding Number 08-01122 shall remain **open** but **stayed** until February 1, 2010, or as further directed by the Court; and it is further

ORDERED that Geoffrey L. Berman, in his capacity as the Court-appointed trustee of the USACM Trust, is authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary to consummate the Proposed Settlement Agreement and perform any and all obligations contemplated therein on behalf of the USACM Trust; and it is further

ORDERED that this Court shall retain jurisdiction over any and all disputes arising under or otherwise relating to the construction, performance and enforcement of the terms of this Order on the terms and conditions of the Proposed Settlement Agreement hereby authorized or approved.

PREPARED AND SUBMITTED:

**DIAMOND MCCARTHY LLP**

By:  _/s/ J. Maxwell Beatty_
Allan B. Diamond, TX 05801800 (pro hac vice)
Eric D. Madden, TX 24013079 (pro hac vice)
Stephen T. Loden, TX 24002489 (pro hac vice)
J. Maxwell Beatty, TX 24051740 (pro hac vice
909 Fannin, Suite 1500
Houston, Texas 77010
(713) 333-5100 (telephone)
(713) 333-5199 (facsimile)

_Special Litigation Counsel for_
_USACM Liquidating Trust_

###