LEWIS AND ROCA LLP LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 7/29/09

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: <br><br> USA COMMERCIAL MORTGAGE COMPANY, <br><br> USA CAPITAL REALTY ADVISORS, LLC,[1] <br><br> USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC, <br><br> USA CAPITAL FIRST TRUST DEED FUND, LLC,[2] <br><br> USA SECURITIES, LLC,[3] <br>       Debtors. <br><br> **Affects:** <br> ☐ All Debtors <br> ☒ USA Commercial Mortgage Company <br> ☐ USA Capital Realty Advisors, LLC <br> ☐ USA Capital Diversified Trust Deed Fund, LLC <br> ☐ USA Capital First Trust Deed Fund, LLC <br> ☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR <br> Case No. BK-S-06-10726-LBR[1] <br> Case No. BK-S-06-10727-LBR <br> Case No. BK-S-06-10728-LBR[2] <br> Case No. BK-S-06-10729-LBR[3] <br><br> CHAPTER 11 <br><br> Jointly Administered Under Case No. BK-S-06-10725 LBR <br><br> **FIRST OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED UPON THE INVESTMENT IN THE LA HACIENDA ESTATE, LLC LOAN** <br><br> Date of Hearing: September 29, 2009 <br> Time of Hearing: 9:30 a.m. |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing the Proofs of Claim filed by individual investors ("Direct Lenders")

---

[1] This bankruptcy case was closed on September 23, 2008.
[2] This bankruptcy case was closed on October 12, 2007.
[3] This bankruptcy case was closed on December 21, 2007.



against USA Commercial Mortgage Company ("USACM") based upon an investment in the La Hacienda Estate, LLC Loan (the "Hacienda Estate Loan").  This Objection is supported by the Court's record and the Declaration of Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the La Hacienda Estate, LLC Loan filed with the Court today (the "Burr Decl.")**.**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     BACKGROUND

1.     On April 13, 2006 ("Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, and USA Capital First Trust Deed Fund, LLC (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Debtors' post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

2.     USACM is a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.

3.     That business included the solicitation of individual investors to purchase fractional interest in loans that USACM originated and then serviced.  These investors, totaling approximately 3,600 as of the Petition Date, are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

4.     On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] (the "Bar Date Order").  The

Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file proof of claims.

5. On September 25, 2006, Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358]. All Creditors were served with a copy of the Bar Date order as well [Docket No. 1358].

6. On November 6, 2006, a stipulation was filed and an order entered extending the Bar Date for Direct Lenders only to file proofs of claim until January 13, 2007 [Docket No. 1729].

7. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376] (the "Confirmation Order").

8. As part of the Plan, USACM sold the servicing rights to most of the loans it serviced, including the Hacienda Estate Loan, to Compass Financial Partners, LLC. The sale to Compass Financial Partners closed on February 16, 2007.

9. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

10. Upon information and belief, Silar Advisors foreclosed on its loan(s) to Compass Financial Partners in September 2008 and alleges that it has become the successor servicer to the Hacienda Estate Loan and the Direct Lenders thereto.

11. Under the Plan, unsecured claims of Direct Lenders against USACM are classified in Class A-5. Allowed Unsecured Claims "shall receive a beneficial interest in the USACM Trust, and on account of their Allowed Claim may receive a Pro Rata Share of the assets of the USACM Trust after satisfaction of all Allowed unclassified Claims, Allowed Class A-1, A-2, and A-3 Claims, and all post-Effective Date fees, costs, and expenses of implementation of the USACM Plan for USACM and the USACM Trust."

12. The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee.

13. **Exhibit A** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based entirely upon an investment in the Hacienda Estate Loan. (Burr Decl. ¶ 7.) **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Hacienda Estate Loan based upon the information provided by the claimant. (Burr Decl. ¶ 7.) The claims listed in **Exhibit A** are referred to hereafter as the Hacienda Estate Claims.

## II. JURISDICTION

14. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

15. The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III. APPLICABLE AUTHORITY

16. Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

17. The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a). This objection is timely under the confirmed Plan, as the deadline for such objections has been extended to October 7, 2009, by this Court's orders.

4

2075628.1

18.  A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).  The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant."  *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

**IV.   THE HACIENDA ESTATE LOAN DIRECT LENDERS**

19.  On June 20, 2005, La Hacienda Estate, LLC made and delivered to various lenders, including the Direct Lenders identified in Exhibit A, a Promissory Note, in an amount of $2,300,000 (the "Note").  Additional amounts were lent by Direct Lenders and the ultimate loan amount appears to be $6,225,000.

20.  The Hacienda Estate Loan is secured by a first position Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing ("Deed of Trust") on real property and improvements thereon, as described in the Deed of Trust.  The Deed of Trust was recorded on November 23, 2004 at Document No. 3132839 in the Official Records of the Washoe County Recorder, Nevada.

21.  Upon information and belief, the Hacienda Estate Loan was fully secured at the time of the loan, was fully secured at the time USACM's servicing rights were sold to Compass Partners, and was fully secured at all times in between.

22.  The property securing the Hacienda Estate Loan had an approximate value of $21,600,000 as of November 18, 2005 based on an appraisal by John S. Wright & Associates Real Estate Appraisals and Consulting dated January 27, 2006.

23.  The Hacienda Estate Loan defaulted on November 24, 2006.



## V.    THE OBJECTIONS

24. The Direct Lenders fail to state a claim as the Direct Lenders have not been damaged by USACM. Upon information and belief, the Direct Lenders are owed $117,061 in accrued interest and the principal balance of the loan has been paid off. Thus, even assuming the Direct Lenders are entitled to the above amount, the Hacienda Estate Loan appears to have been fully secured at the time USACM sold its servicing rights, fully secured at the time the Hacienda Estate Loan was entered into, and fully secured now.

25. The Trust objects to the Direct Lenders' claims to the extent they are based on repaid principal.

26. The Direct Lenders fail to state a claim as USACM has not breached the servicing contract. USACM was under no duty to foreclose on the property securing the Hacienda Estate Loan though a Notice of Default was sent to the Borrower and guarantors during the pendency of the USACM bankruptcy and prior to the sale of the servicing rights to Compass Financial Partners. To the extent the property's value has dropped since USACM sold the servicing rights pursuant to the Plan of Reorganization, USACM is no longer a party to any servicing contract and consequently has no rights, duties, or obligations thereunder.

27. Upon information and belief, the Direct Lenders may have been paid back on their investment or may soon be paid back. Thus, the Trust objects to the claims to the extent it determines through discovery that the Direct Lenders have been paid in full or in part.

28. Further, USACM did not guarantee the Direct Lenders' investment in the Hacienda Estate Loan. The Direct Lenders took a known risk by investing. Accordingly, USACM is not liable for the Borrower's default or any decrease in the value of the

2075628.1

collateral caused by the downturn in the real estate market after the Direct Lenders made their respective investments.

## VI. CONCLUSION

The USACM Trust respectfully requests that the Court disallow the claims listed in **Exhibit A** based upon a Direct Lender investment in the Hacienda Estate Loan. The USACM Trust also requests such other and further relief as is just and proper.

Dated: July 29, 2009.

LEWIS AND ROCA LLP

By /s/ Marvin Ruth (#10979)
Rob Charles, NV 6593
John Hinderaker, AZ 18024 (*pro hac vice*)
Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: mruth@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent portion of Exhibit A mailed by first class postage prepaid U.S. Mail on July 29, 2009 to all parties listed on Exhibit A attached.

LEWIS AND ROCA LLP


 /s/ Carrie Lawrence
Carrie Lawrence