EXHIBIT A

# QUARTERLY POST-CONFIRMATION REPORT OF
## GEOFFREY L. BERMAN, TRUSTEE
## USACM LIQUIDATING TRUST

**June 2009**

**USACM Liquidating Trust**
Geoffrey L. Berman, Trustee
Matthew P. Sorenson
Email: gberman@dsi.biz
msorenson@dsi.biz
**Development Specialists, Inc.**
333 South Grand Avenue, Suite 4070
Los Angeles, CA  90071-1544
Facsimile: (213) 617-2718
Telephone: (213) 617-2717

**Lewis and Roca LLP**
Rob Charles
Susan M. Freeman
Email: RCharles@LRLaw.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169-5996
Facsimile: (702) 949-8321
Telephone: (702) 949-8320
Attorneys for the USACM Liquidating
Trust

257742.1

# TABLE OF CONTENTS

**Page**

I.     TRUST ADMINISTRATION .................................................................. 1

    A.    Website ....................................................................................... 1

    B.    Trust Committee ........................................................................ 1

    C.    Trust Staff ................................................................................. 2

    D.    BMC Access to Court Docket .................................................... 2

    E.    Creditor Inquiries ..................................................................... 3

II.    PLAN OF REORGANIZATION ISSUES ......................................... 3

III.    USACM ISSUES .............................................................................. 3

IV.    INVESTIGATING AND PROSECUTING CAUSES OF ACTION AGAINST POTENTIAL TARGET DEFENDANTS .................................................. 4

    A.    Diamond McCarthy ................................................................... 4

    B.    Pending Actions ........................................................................ 4

V.    PRESERVING INSIDER ASSETS AND ADVOCATING TRUST INTERESTS IN OTHER BANKRUPTCY PROCEEDINGS ................................ 9

    A.    USAIP Chapter 11 Case ........................................................... 9

        1.    Trustee ............................................................................ 9

        2.    Proofs of Claim ............................................................. 9

        3.    USAIP Related Issues .................................................... 10

    B.    Insiders – Thomas Hantges and Joseph Milanowski ................. 10

        1.    Hantges ........................................................................... 10

        2.    Milanowski ..................................................................... 11

    C.    HMA Sales, LLC ...................................................................... 13

    D.    Salvatore Reale ......................................................................... 13

**USACM Liquidating Trust**
**June 2009**

E.      JMK Investments...............................................................................14

F.      Tree Moss Partners, LLC .................................................................14

VI.     COLLECTION OF TRUST ASSETS ...........................................................15

A.      Reserves ...........................................................................................15

B.      Colt Loan ..........................................................................................15

C.      Compass Escrows .............................................................................15

D.      Interpleader ......................................................................................15

E.      Lee Suit.............................................................................................16

F.      BySynergy ........................................................................................16

VII.    PROFESSIONAL FEE APPLICATION OBJECTIONS .............................16

VIII.   PROOFS OF CLAIM AND CLAIMS OBJECTIONS...................................16

A.      Overview ...........................................................................................16

B.      Objections .........................................................................................16

C.      PBGC ................................................................................................19

D.      Contact Information ..........................................................................20

E.      Objection Deadline ...........................................................................20

F.      Compass v. LPG ...............................................................................20

G.      Disbursing Agent Agreement ...........................................................21

H.      General Inquiries ..............................................................................21

IX.     LOAN SERVICING ISSUES .......................................................................22

A.      Placer Vineyards ..............................................................................22

B.      Compass Trust Loan Servicing – Collection of Pre-Paid Interest ......23

X.      TRUST FINANCIAL STATEMENT............................................................24

257742.1

### QUARTERLY POST-CONFIRMATION REPORT OF
### GEOFFREY L. BERMAN, TRUSTEE
### USACM LIQUIDATING TRUST

### June 2009

As Trustee, I have continued to focus the efforts of the USACM Liquidating Trust (the "Trust") during April 1, 2009 through June 30, 2009 on:

- administration of the Trust;

- efficient conclusion of the USA Commercial Mortgage Company ("USACM") estate;

- investigation, prosecution and settlement of causes of action against potential recovery targets;

- collection of other assets;

- claims analysis and resolution of disputed claims; and

- Placer receivership issues.

These and other topics are briefly described in this report, along with comments on the financial statement of the Trust as of June 30, 2009.[1]

## I.    TRUST ADMINISTRATION

### A.    Website

The Trust continues to use the following website address: http://usacmcucc.bmcgroup.com.  We invite your suggestions for content on the Trust's website.

### B.    Trust Committee

The Trust functions with a Trust Committee created by the Plan and the Trust Agreement.  The current members of the Trust Committee are Donald Walker, James Bonfiglio, Michael Tucker (in his capacity as Administrator of the USA Capital Diversified Trust Deed Fund, LLC ("DTDF")), Suzanne Nounna, and Janet Chubb and Ken Bonnet, a client representative from the Kehl family (jointly).  The Trust Committee met in a regularly scheduled meeting on April 29, 2009 to discuss the status of the Trust,

---

[1] The Trust's financial statement is provided only to the Office of the United States Trustee and the Trust Committee.

257742.1

**USACM Liquidating Trust**
**June 2009**

the Trustee's prior quarterly reports, and other issues.  Regular communication between the Trust and the Trust Committee members is maintained by telephone calls and e-mails.

### C.    Trust Staff

The Trustee is employed by Development Specialists, Inc. ("DSI").[2]  The Trustee uses DSI staff to administer the Trust, investigate the assets and liabilities of the Trust, and to support the litigation described below.

In addition, and as has previously been reported, the Trustee selected Rob Charles[3] and Susan M. Freeman[4] of Lewis and Roca LLP, prior counsel to the USACM Official Committee of Unsecured Creditors, as its counsel.  Other attorneys at that firm assist the Trust as well, including John Hinderaker, who directs claims and other Trust specific litigation.[5]

Separate litigation counsel, Allan Diamond[6] and Bill Reid[7] of Diamond McCarthy LLP, Houston, TX, was selected by the Official Committee of Unsecured Creditors and approved by the Court in January 2007, whose retention was assumed by the Trust upon the Effective Date of the Plan and the Trust.

### D.    BMC Access to Court Docket

The Trust has paid the monthly expense charged by BMC to maintain public access to the docket of the USACM jointly administered bankruptcy cases.  While those dockets, and the associated claim information, are available to the public for a fee through PACER, the Trust continues to believe that the Court and creditors are better served by the Trust bearing that expense, for the time being.

---

[2] Information about Mr. Berman is available from the DSI website at http://www.dsi.biz/onestaff.asp?id=39.

[3] Information about Mr. Charles is available from the Lewis and Roca LLP website at http://www.lrlaw.com/professional_bio.asp?ProfessionalID=165.

[4] Information about Ms. Freeman is available from the Lewis and Roca LLP website at http://www.lrlaw.com/professional_bio.asp?ProfessionalID=92.

[5] Information about Mr. Hinderaker is available from the Lewis and Roca LLP website at http://www.lewisandroca.com/professional_bio.asp?ProfessionalID=369.

[6] Information about Mr. Diamond is available from the Diamond McCarthy website at http://www.diamondmccarthy.com/adiamond.html.

[7] Information about Mr. Reid is available from the Diamond McCarthy website at http://www.diamondmccarthy.com/wreid.html.

257742.1

**USACM Liquidating Trust**
**June 2009**

### E.     Creditor Inquiries

Both the Trustee and the Trust's counsel receive periodic inquiries from direct lenders concerning servicing, tax issues, pre-paid interest and other questions.  Both the Trustee and the counsel have made every effort to respond to each such inquiry, although often the Trust is not in a position to provide a specific answer, since the Trust cannot provide lenders with legal or tax advice.

## II.     PLAN OF REORGANIZATION ISSUES

The sole remaining appeal (by Debt Acquisition Company of America V, LLC ("DACA")) from the Confirmation Order, which was affirmed by the United States District Court, District of Nevada, was pending before the United States Court of Appeals for the Ninth Circuit at Case No. 07-16796.  The final brief was filed and served April 29, 2008.  The Ninth Circuit scheduled oral argument in the appeal, but that became moot due to a settlement with DACA described below, and the appeal has been dismissed.  The district court's order on the mandate was filed on May 8, 2009.

The adversary proceeding brought by Compass USA SPE, LLC seeking to revoke confirmation of the plan was dismissed by the Bankruptcy Court's January 16, 2009 order.  As such, there are no remaining challenges to the Confirmation Order.

## III.     USACM ISSUES

USACM continued to wind up its affairs and file monthly reports of those efforts with the bankruptcy court.  USACM has been dissolved under Nevada law, with Thomas Allison of MFIM responsible for winding up its affairs.

The Trust continued to monitor the liquidation of USACM under the direction of Mr. Allison and its pre-effective date counsel.  USACM files periodic operating reports disclosing its status of assets and liabilities, payments and obligations incurred.  USACM also holds reserves for certain unresolved claims as well as unresolved expenses of administration.  Any excess of the funds in escrow over the claims paid would be assets of the Trust.

Periodically creditors seek relief from the automatic stay caused by the USACM bankruptcy case for a variety of reasons.  The Trust generally responds to point out that the confirmation of the plan and vesting of USACM property in either the buyer or the Trust terminated the automatic stay.  The Trust will continue to work with creditors who need clarification of the automatic stay or other issues caused by the USACM bankruptcy filing and plan confirmation.

The Trust participated in briefing and a hearing before the bankruptcy court concerning a contempt of court.

257742.1

**USACM Liquidating Trust**
**June 2009**

## IV.    INVESTIGATING AND PROSECUTING CAUSES OF ACTION AGAINST POTENTIAL TARGET DEFENDANTS

### A.    Diamond McCarthy

Diamond McCarthy as special litigation counsel to the Trust has actively conducted formal and informal discovery of files, witnesses and transactions since its informal engagement in January 2007, which was formalized once the Plan went effective in March 2007.  The goals were to develop and then prosecute causes of action against insiders and third parties to recover damages for the benefit of creditors.  In addition, special litigation counsel identified assets diverted by insiders and their affiliates so that the assets can be recovered to generate payment for creditors.  Diamond McCarthy continues to coordinate those efforts with others, including DTDF, the USA Investment Partners, LLC ("USAIP") Trustee (Lisa Poulin), and the bankruptcy trustees for Hantges and Milanowski mentioned below.  Many witnesses have been deposed or interviewed and tens of thousands of pages of documents have been reviewed.  Further, Diamond McCarthy continues to coordinate efforts with various federal and state governmental agencies, including the FBI, U.S. Attorney's Office for Las Vegas, and the SEC. Diamond McCarthy maintains a confidential work product database that has been instrumental in helping the Trust coordinate discovery requests and responses at lower cost.  Diamond McCarthy is lead counsel on the bulk of the Trust's litigation described below.

### B.    Pending Actions

The Trust had the benefit of a two-year tolling period under Bankruptcy Code § 108 to bring many claims and causes of action owned by USACM on the date of its bankruptcy filing.  The two-year anniversary of the bankruptcy filing was April 13, 2008.  The Trust filed numerous causes of action before this deadline.  Lawsuits were filed against the following:

| Case No. | Defendant |
|----------|-----------|
| 08-01114 | Shober Consulting, Inc.[8] |
| 08-01115 | Bob Stupak[9] |

---

[8] A Trust's adversary complaint against Shobert Consulting, Inc. was set for pretrial conference on July 28, 2009 and a trial scheduled for August 10, 2009.  The parties reached a settlement.

[9] The adversary proceeding against Bob Stupak was dismissed with prejudice on the motion of the Trust filed on October 28, 2008.

4

257742.1

**USACM Liquidating Trust**
**June 2009**

| Case No. | Defendant |
|---|---|
| 08-01116 | Greenwald, Pauly, Foster & Miller[10] |
| 08-01117 | David Rentz[11] |
| 08-01118 | Jerry Cadeski[12] |
| 08-01119 | Robert A. Russell; Deborah Russell; Russell A. Development Group, LLC; Freeway 101 Investors, LLC; Freeway 101 Loop RAR Investment, LLC; Boise/Gowen, LLC; BG/93 Investments, LLC; Copper Sage Commerce Center, LLC; Der NV Invesco, LLC; SVRB Investments, LLC[13] |
| 08-01120 | Gentile De Palma Ltd.[14] |
| 08-01121 | Fertitta Enterprises, Inc.[15] |
| 08-01122 | J.M.K Investments, Ltd., John M. Keilly, Mountain West Mortgage LLC[16] |

---

[10] The Trustee entered into a settlement agreement and general release with Greenwald, Pauly, Foster & Miller of the causes of action asserted in adv. No. 08-01116-lbr. The defendant agreed to settle the case for payment of $13,000. That payment would result in dismissal of the adversary. The case was dismissed on December 23, 2008 after the defendant paid the settlement amount. The adversary proceeding against Greenwald, Pauly, Foster & Miller was closed on January 7, 2009.

[11] The adversary proceeding against David Rentz was dismissed on the Trust's stipulation on September 30, 2008.

[12] The Trust's lawsuit against Jerry Cadeski was dismissed on February 3, 2009.

[13] The Trustee settled this cause of action subject to court approval at a hearing scheduled on August 21, 2009. The defendants withdraw their proofs of claim and agree to make certain payments to the Trust over time. The parties otherwise exchange releases.

[14] On August 5, 2008, the Trust amended its complaint. The Trust entered into a settlement agreement with Dominic P. Gentile, providing for an agreed obligation, deferred payments, backed up by a stipulated judgment if the payments were not timely made.

[15] A continued scheduling conference is set for August 21, 2009.

[16] This matter is set for status hearing on August 21, 2009.

In a separate adversary concerning J.M.K. Investments, Ltd. et al, the defendant John M. Keilly filed a motion for summary judgment as J.M.K. Investments on March 16, 2009. The Trust has opposed the motion, which is set for hearing on May 7, 2009. A settlement

257742.1

**USACM Liquidating Trust**
**June 2009**

| Case No. | Defendant |
|---|---|
| 08-01123 | Fiesta Development, Inc.; Ashby USA, LLC; Richard K. Ashby; Random Developments, LLC; Ashby Development Company, Inc.[17] |
| 08-01124 | Homes for America Holdings, Inc.; HFAH Clearlake, LLC; One Point Street Inc.; Mediterranee-HFAH, LLC[18] |
| 08-01125 | Monaco Diversified Corporation; Anthony Monaco; Susan K. Monaco; Eagle Ranch Residential, LLC; Eagle Ranch, LLC; Willowbrook Residential, LLC; Brentwood 128, LLC; Ravenswood Apple Valley, LLC[19] |

---

conference was conducted on April 21, 2009 and a status hearing scheduled for May 7, 2009.  The claims in that case were resolved at that settlement conference, with JMK Investments paying the Trust in excess of $100,000 and Mountain West Mortgage paying an additional $20,000 to resolve the Trust's claims.  A status hearing is set for August 21, 2009.

[17] After prosecution of the litigation, and then extensive negotiations, on February 10, 2009, the Trust sought authority to enter into a compromise under Bankruptcy Rule 9019 with Fiesta Development, Inc., Ashby USA, LLC, Richard K. Ashby, Random Developments, LLC, and Ashby Development Company, Inc.  The compromise provided for an immediate payment of $82,500 and a stipulated judgment of $4,980,266.49.  The compromise was approved after a hearing on February 20, 2009.  On March 5, 2009, the Court entered its order approving the settlement with Fiesta Development, Ashby USA, Richard Ashby, Random Developments and Ashby Development Company.  Judgment was entered on June 30, 2009.

[18] In the adversary proceeding against Homes for America Holdings, Inc. et al, the parties reached agreement on a settlement after discovery.  The motion to approve the settlement is set for hearing on August 21, 2009.  The material terms of the Proposed Settlement are summarized as follows: The Responsible Defendants (HFAH, Clear Lake, and Mediterranee) will execute Agreed Judgments in a joint and several amount of $2,900,000.00 (the "Agreed Judgments") which will be held in escrow as described below; The Responsible Defendants pay the USACM Trust $7,500.00 per month, for 12 months, and $60,000.00 in month 13. In consideration of these payments the USACM Trust agrees not to execute on the Agreed Judgments for 18 months. However, if the Responsible Defendants miss a payment the USACM Trust can execute on the Agreed Judgments immediately. The USACM Trust will execute limited releases of all Defendants that become effective upon full satisfaction of the Agreed Judgments.

[19] In the adversary proceeding against Eagle Ranch, LLC et al, the parties are proceeding with discovery and motions. The defendants' motion to disqualify Judge Riegle was

6

**USACM Liquidating Trust**
**June 2009**

| Case No. | Defendant |
|----------|-----------|
| 08-01126 | James Cioffi Architect Corporation[20] |
| 08-01127 | Amesbury Port Corporation[21] |
| 08-01128 | K&S Properties (Minden)[22] |
| 08-01129 | Tanamera Resort Partners, LLC[23] |
| 08-01130 | Phillips USA LLC[24] |
| 08-01131 | Bingham McCutcheon, LLP[25] |
| 08-01132 | Stanley E. Fulton[26] |

---

denied. An Order was entered granting in part, and denying in part Eagle Ranch, LLC's Motion To Dismiss Second Amended Complaint.

[20] On December 2, 2008, the Trust dismissed its claims against James Cioffi Architect Corporation and the adversary case was then closed.

[21] The Trust and defendant Amesburyport Corporation filed a stipulation to jointly stay discovery deadlines on January 16, 2009, and the Trust withdrew its motion to compel. The matter was set for status hearing on July 15, 2009 pending documentation of a settlement.

[22] After investigation, the Trust sought dismissal of the adversary proceeding against K&S Properties, adversary No. 08-1128. The stipulation for dismissal was filed in August 2008 and granted by the Court thereafter.

[23] In the Trust's litigation with Tanamera Resort Partners, L.L.C., the parties reached agreement on a settlement subject to court approval. TRP shall pay $140,000 to the Trust.

[24] In the adversary proceeding against Philips USA LLC, the court entered its default judgment on December 24, 2008 for $425,000, together with pre- and post-judgment interest. The Trust will seek to collect the judgment.

[25] The Trust's lawsuit is in the discovery and dispositive motions phases.

[26] Plaintiff is DTDF. The Trust and the defendant submitted a discovery plan, rescheduled their informal settlement conference and asked the court to approve the amended discovery plan. The case is set for trial in the district court for the week of October 19, 2009.

257742.1

**USACM Liquidating Trust**
**June 2009**

| Case No. | Defendant |
|---|---|
| 08-01133 | Kathryn L. Petersen; Kathryn L. Petersen Living Trust; KLP Trust dated 7/15/99; Specialized Development Tahoe, LLC[27] |
| 08-01134 | Mary Petersen; Mary Petersen Family Trust dated 8/12/98; Michael D. Petersen; Michael D. Petersen Family Trust dated 8/12/98; Kathryn L. Petersen; Kathryn L. Petersen Living Trust; KLP Trust dated 7/15/99[28] |
| 08-01135 | Wells Fargo Bank, N.A.[29] |
| 08-01164 | Beadle, McBride, Evans & Reeves, LLP; Reeves, Evans, McBride & Zhang, LLP; TG McBride, CPA Ltd.; T. Garth McBride[30] |
| 08-0112-0 | David A. Fogg[31] |

Additionally, a complaint was filed in the United States District Court for the District of Nevada, as follows:

| Case No. | Plaintiffs | Defendants |
|---|---|---|
| 2:08-CV-461 | Trust and DTDF | Deloitte & Touche, LLP;[32] Victoria Loob[33] |

These actions are being prosecuted in order to recover funds for the Trust beneficiaries and DTDF.  Many of the above matters have been resolved through negotiated

---

[27] Plaintiff is DTDF.  In the adversary proceeding, the parties are proceeding with motions and discovery.  The plaintiff sought leave to amend the complaint.

[28] Plaintiffs are the Trust and DTDF.  In the adversary proceeding, the parties are proceeding with motions and discovery.  Michael Petersen was allowed to withdraw his proof of claim.  The plaintiffs seek leave to amend the complaint.

[29] Plaintiffs are the Trust, DTDF and FTDF.  This is not an avoidance action.  A first amended complaint was filed on May 15, 2009.

[30] Plaintiffs are the Trust and DTDF.  See below.

[31] Plaintiffs are the Trust and DTDF.  In the adversary proceeding against David Fogg, the court scheduled a scheduling conference for June 26, 2009.

[32] The Trust and Deloitte & Touche, LLP entered into a stipulation re: confidentiality and proposed protective order on January 6, 2009.  The magistrate judge approved the order on January 9, 2009.  The matter is subject to pretrial scheduling orders.

[33] The action has been dismissed against Ms. Loob.

8

**USACM Liquidating Trust**
**June 2009**

settlements.  However, the actions against Deloitte & Touche, Wells Fargo Bank, David
Fogg, Fertitta Enterprises, Stanley Fulton, Mary Petersen (and others) remain open and
for the moment not ready for settlement.

## V.    PRESERVING INSIDER ASSETS AND ADVOCATING TRUST INTERESTS IN OTHER BANKRUPTCY PROCEEDINGS

### A.    USAIP Chapter 11 Case

USAIP is the maker of a $58,374,918.81 promissory note (the "$58 Million Note") to
USACM for the benefit of creditors (including DTDF).  Repayment of the $58 Million
Note and other obligations of USAIP are secured by liens on USAIP's interest in entities
owned or in part by USAIP.[34]  The Trust may also claim equitable ownership rights in
some assets titled in such entities and they may be a source of value to satisfy damages
claims.  USAIP is a debtor in a bankruptcy case pending in Nevada (case #07-11821-
LBR).

### 1.    Trustee

Over the objection of Hantges and Milanowski, through counsel, the bankruptcy court
(Honorable Linda B. Riegle) entered an order directing the United States Trustee to
appoint an interim trustee for USAIP.  Lisa M. Poulin was appointed and continues to
serve as trustee.  She selected Gordon Silver of Las Vegas, Nevada as her counsel, with
the Court's approval.

### 2.    Proofs of Claim

On behalf of the Trust, Diamond McCarthy timely filed a proof of claim seeking
$158,900,000 from the USAIP estate on behalf of the Trust.

As Lisa Poulin identified USAIP subsidiaries in need of bankruptcy protection,
bankruptcy cases were filed, she was appointed trustee, and the cases were jointly
administered.  These include: USAIP; USA Investors VI, LLC, Case No. 07-12377; Tree
Moss Partners, LL, Case No. 06-13758; HMA Sales, LLC, Case No. 07-12694; Capital
Land Investors, LLC, Case No. 07-18099; Oak Mesa Investors, LLC, Case No. 08-
10397; and Buffalo Land Development Co., LLC, Case No. 08-10398.

---

[34] Capital Land Investors, LLC, a California limited liability company; Ashby USA,
LLC, a California limited liability company; Placer County Land Investors, LLC a
California limited liability company (f/k/a Placer County Land Speculators, LLC); Oak
Mesa Investors, LLC, a California limited liability company; HMA Sales, LLC, a Nevada
limited liability company; Tanamera Properties, LLC; Random Developments, LLC, a
California limited liability company; and Buffalo Land Developments, LLC, a California
limited liability company.

9

**USACM Liquidating Trust**
**June 2009**

USAIP sought and obtained approval to retain Foley & Lardner LLP as special counsel to deal with the claims of the Pension Benefit Guaranty Corporation ("PBGC"), in part as a result of the successful resolution of the objections of the USACM Liquidating Trust to the PBGC proofs of claim.  USAIP then objected to three proofs of claim filed by the PBGC in the aggregate amount of approximately $3 million.  That objection is unresolved.

### 3.    USAIP Related Issues

USA Commercial Mortgage Company as agent for USAIP filed a proof of claim for $4,055,706.65 in the chapter 7 bankruptcy case of American Enchantment II, LLC.  The chapter 7 trustee objected to the claim, which the Trust investigated and ultimately determined was properly dealt with by the USAIP Trustee.

The Trust continues to monitor the USAIP bankruptcy case, including reviewing its monthly operating reports, adversary proceedings and settlements.  The Trust also worked with the USAIP Trustee on cost-benefit considerations of the pursuit of assets and potential causes of action by the USAIP Trustee and the related post-confirmation estates.

### B.    Insiders – Thomas Hantges and Joseph Milanowski

### 1.    Hantges

Due to the actions of the Trust, the Administrator of the DTDF and other creditors, Thomas A. Hantges is a debtor in a chapter 11 bankruptcy case in Nevada, Case No. 07-13163-lbr.  Michael Carmel was appointed trustee in the Hantges bankruptcy.

The Trust timely filed a proof of claim against the Hantges estate seeking the amount of $305,000,000.  Resolution of claims against the Hantges estate and the possibility of payment are months or years away.

On February 11, 2008, the Trust through Diamond McCarthy filed a complaint to determine non-dischargeability of debt against Hantges, assigned Adversary No. 08-01042-lbr.  Hantges has answered the complaint and the matter is in the early discovery stages.  Similar lawsuits were filed against Hantges by DTDF (No. 08-01041), the Kehl family (No. 08-01040), and the United States Pension Benefit Guaranty Corporation ("PBGC") (No. 08-01039).

The Trust continues to prosecute the adversary complaints against Joseph Milanowski, Case No. 08-01093, and Thomas Hantges, Case No. 08-01042.  Discovery in the Hantges adversary proceedings were stayed pending settlement discussions by the court's October 24, 2008 order.

257742.1

**USACM Liquidating Trust**
**June 2009**

The Trust had provided limited post-petition financing to the Hantges estate pursuant to a loan approved by the bankruptcy court.  In an amendment, the Trust agreed to increase the amount of the loan to $2,250,000.  The purpose of the loan is to enable the Hantges trustee to collect assets owed to the Hantges creditors, including the Trust.  The obligation continues to bear interest and be secured by a first priority lien on all unencumbered assets of the Hantges estate, and a junior lien on any encumbered assets, as well as a super-priority administrative claim.  The amendment to the loan was approved by the Bankruptcy Court in its May 9, 2008 order.  The outstanding loan amount is slightly less than $2 million.

The bankruptcy court's order denying Hantges' motion to dismiss or alternative motion to convert the bankruptcy case to chapter 7 was entered on the docket on November 14, 2008.  Without being unnecessarily, pejorative, Hantges, who claims he has no money, found the resources to have his attorneys file a notice of appeal on November 24, 2008.  Hantges elected to have the appeal considered by the district court, and assigned district court number 08-cv-01665.  The appeal remains pending.

The Trust and the Trustee for the Hantges estate entered into an agreement for prosecution of claims by the Trust against Lucius Blanchard, the Blanchard Childrens' Trust, Palomino Partners and Thomas A. Hantges with respect to the transfers to and assets of the alleged Trust.  The lawsuit was filed by the Trust on August 25, 2008 at Case No. 08-01268.  The Hantges estate also retained the Trust's special litigation counsel – Diamond McCarthy – to prosecute certain actions on behalf of the Hantges estate.  The Trustee sought and obtained approval of employment of Diamond McCarthy.

In the adversary proceeding brought by Mr. Carmel as trustee for the Hantges estate, No. 08-01002, Lucius Blanchard, individually and as trustee of the Hantges Children's Education Trust, the parties engaged in discovery and negotiated toward a settlement for all causes of action in July 2009.  That settlement is subject to approval of the Bankruptcy Court in both the USACM and Hantges estates.

The Trust continued to monitor the bankruptcy case of Thomas Hantges, Michael Carmel as Trustee.

## 2.    Milanowski

Similarly, due to the actions of the Trust and DTDF and other creditors, Joseph Milanowski is a debtor in a chapter 11 bankruptcy case in Nevada, Case No. 07-13162-lbr.  Again, the Trust, DTDF and others joined in bringing the involuntary petition against Milanowski.  The Bankruptcy Court entered an order for relief against Milanowski and appointed Ford Elsaesser as the trustee in the Milanowski case.

The Trust filed a proof of claim through Diamond McCarthy against Milanowski for $305,000,000.  The claim includes Milanowski's guarantees of the debts of Placer

257742.1

**USACM Liquidating Trust**
**June 2009**

County Land Speculators, LLC to the Placer 1 and Placer 2 Direct Lenders on the loans that the Trust is servicing.

The Trust through Diamond McCarthy filed a complaint in the bankruptcy court, Adv. No. 08-01093-lbr, to determine the dischargeability of Milanowski's debts to the Trust. That complaint is in the early stages of discovery. Similar lawsuits were filed against Milanowski by DTDF (No. 07-13162), Aurora Investment L.P (No. 07-01212), the Kehl family (No. 08-01052), the PBGC (No. 08-01044), and BySynergy, LLC (No. 07-01209). The cases are set for a status hearing on November 13, 2009.

As indicated above, the Trust continues to prosecute the adversary complaints against Joseph Milanowski, Case No. 08-01093, and Thomas Hantges, Case No. 08-01042.

The Trust continues to cooperate with federal, state and local officials investigating USACM. On April 23, 2008, the SEC brought an action against Joseph Milanowski "in connection with a multi-million dollar fraud" seeking an order requiring Milanowski to disgorge sums obtained. The Trust is not prosecuting this action. The complaint was filed with the United States District for the District of Nevada and is Case No. 2:08-CV-00511. The Trust continues to monitor the SEC's litigation.

The Trust continued to monitor the prosecution of the bankruptcy case of Joseph Milanowski by Ford Elsaesser, the court-appointed trustee. The Trustee, Mr. Milanowski, the Joseph D. Milanowski 1998 Trust, the Milanowski Family Trust, Cynthia Gunther Milanowski, and the Cynthia Gunther Milanowski 1998 Trust negotiated and entered into a settlement agreement, subject to bankruptcy court approval. The Trustee requested input from the Trust concerning the settlement and those discussions were informally obtained.

Ford Elsaesser, Chapter 11 Trustee for the Estate of Joseph D. Milanowski, sought and obtained court approval to enter into a settlement agreement and release with Joseph Milanowski, Cynthia Gunther Milanowski, and certain of their affiliates. The settlement proposed that in exchange for a $1 million payment, the Trustee would not seek to attack certain Milanowski related trusts, retirement accounts and other investments that arguably were property of the Milanowski estate, but which also might be subject to claims of third parties. A portion of the settlement resulted in a payment by the Milanowski estate on the DIP loan, reducing the balance to about $740,000. The Trustee has advised an additional payment on the D-I-P facility will be made in the very near future. Various adversary proceedings against Milanowski were continued to a status hearing on April 10, 2009, including the Trust's non-dischargeability complaint against Milanowski.

**USACM Liquidating Trust**
**June 2009**

### C.    HMA Sales, LLC

The Trust filed a proof of claim in the HMA Sales, LLC bankruptcy case, where Lisa Poulin is the trustee.  Claim No. 47 was in the sum of $4,832,123.96.  Because of disputes as to liability, and more importantly, limited assets of the estate and competing claims, the Trust carefully negotiated a resolution of the proof of claim and the HMA Sales Trustee's objection.  Ms. Poulin and the Trust reached an agreement which was reduced to writing and filed with the bankruptcy case in case No. 07-12694.  The agreement approved by the bankruptcy court allowed the Trust's claim at $1,500,000, but provided for purposes of distribution that the Trust would receive only 50% of funds distributed to holders of unsecured claims until the allowed claim was paid in full.  Thus, the relative size of the Trust's claim was reduced for distribution purposes.  The stipulation was filed with the court on October 28, 2008 and approved by the court that same date.

Separately concerning HMA Sales, a stipulation and order to dismiss cross-claims against USA Commercial Real Estate Group, Inc. was filed in Adv. No. 06-01256, which helped bring about the resolution of that adversary proceeding, in which the Trust claimed no interest.  This suit was set for status hearing on August 21, 2009.

### D.    Salvatore Reale

Prior to the Effective Date, USACM sued Salvatore J. Reale, individually and as trustee of the Salvatore J. Reale Revocable Trust.  The adversary proceeding is Adv. No. 06-01251 pending in the Bankruptcy Court.  On May 25, 2007, the Trust's special litigation counsel (Diamond McCarthy) filed the Trust's Second Amended Complaint.  The Trust originally sought to avoid transfers to or for the benefit of Mr. Reale aggregating slightly less than $10 million.  After further investigation, the Trust narrowed its claims to avoid and recover a $4 million transfer to or for the benefit of Mr. Reale.

After a trial on January 31, 2008, the Bankruptcy Court determined on March 28, 2008 that judgment should be entered in favor of the Trust and against Mr. Reale for $4 million, plus an award of the Trust's taxable costs.  The Trust filed a motion seeking pre- and post-judgment interest, which motion was granted by the Bankruptcy Court after a hearing on May 8, 2008.  The Trust obtained judgment on May 13, 2008.

The Trust continues to work on collection of the $4 million judgment against Salvatore Reale, including seeking post-judgment discovery, filing a motion to compel compliance with the discovery requests, and negotiating with Mr. Reale on a possible settlement. Efforts to recover on the judgment are complicated by a temporary restraining order against Mr. Reale in another matter, as well as an obligation to the Internal Revenue Service.

13

USACM Liquidating Trust
June 2009

### E.    JMK Investments

On September 12, 2007, the Trust sued JMK Investments, Ltd. and a number of individual defendants seeking to avoid certain pre-petition transfers that aggregate to over $4 million (Adv. No. 07-01154).

The Trust worked through its special litigation counsel at Diamond McCarthy LLP and accomplished, through settlement, several significant payments for the Trust.  In connection with the adversary proceeding against JMK Investments, Ltd. et al, the Trust entered into a settlement agreement, subject to court approval, with JMK, Simon Family Trust, Steven Portnoff, JWB Investments, Inc., Brouwers Family LP, Larry C. Johns, Mary L. Johns, Paul Bolch Living Trust, Roni Amid, Robert M. Portnoff, Sarah Portnoff, Morningside Homes, Inc., Aurora Investments LP, Steven Janovitch, Linda Janovitch, First Savings Bank FBO Valliera McGuire, Marvin and Valliera Myers Trust, Larry J. Middleton, Jennifer Middleton, Alabruj Limited Partnership, and Francis Family Trust. Under the agreement, approved by the bankruptcy court after notice and an opportunity for hearing, Defendants will pay $2,750,000 to the Trust.  Payment by June 30, 2009 reduces the payment requirement to $2,250,000.  The JMK settlement was approved by the court's November 24, 2008 order.

In the adversary proceeding concerning J.M.K. Investments, Ltd., counsel for several of the defendants sought leave to withdraw and the matter was scheduled for hearing on February 20, 2009, and a status hearing was scheduled on March 20, 2009 at which the defendant Roni Amid was directed to appear personally.  Counsel was allowed to withdraw and the status hearing was conducted on April 10, 2009 as to Roni Amid.  Mr. Amid subsequently retained new counsel and after review of the settlement, has paid his pro-rate obligation under the settlement.  Two of the defendants chose not to pay the discounted amount and now have until September 30, 2009 to pay their respective obligations.

### F.    Tree Moss Partners, LLC

The Trust does not have a direct interest in Tree Moss Partners, LLC, which is also a debtor in bankruptcy due to an involuntary bankruptcy petition (Case No. 06-13758-LBR).  Ms. Poulin has been appointed trustee for Tree Moss.  Tree Moss owns the condominium project adjacent to the Hotel Zoso.  USAIP's equity in this entity is not pledged as collateral for the $58 million Note.  The Trust filed a proof of unsecured claim for $1,075,799.91 in the case, and continues to monitor progress of the case.

257742.1

## VI.    COLLECTION OF TRUST ASSETS

### A.    Reserves

The Trust monitors certain reserves held by USACM through Mesirow Financial Interim Management, LLC ("MFIM").  These reserves are identified generally in Monthly Operating Reports filed by USACM, which are prepared by MFIM.  Those reserves were held for certain claims, which have been resolved, as well as for the ongoing expenses of MFIM and Dorsey & Whitney on behalf of USACM in liquidation.

### B.    Colt Loan

USACM held a $1 million second lien on property known as the Colt Gateway Property in Hartford, Connecticut, subject to a first lien held by DTDF, Fertitta Enterprises, Inc. and the estate of Daniel Tabas, and USACM held claims for servicing and other fees on that loan.  The Trust continued to work with Michael A. Tucker, the administrator of DTDF, on collection of sums owed on the Colt loans.  Proposals have been received from Homes for America Holding, the developer of the project, for refinancing the project and addressing the outstanding debts, but no significant progress has been made in this regard.

The Trust continues to monitor collection of certain loans involving Colt in the Colt Gateway Campus Urban Revitalization Project in Hartford, Connecticut.  To date, those efforts have not resulted in resolution of the Trust's claims.  The Trust filed an objection to Colt Gateway, LLC's proof of claim.

### C.    Compass Escrows

As a result of its compromise and purchase of the Trust's interest in Prepaid Interest causes of Action, Debt Acquisition Company of America V, LLC sought to intervene as plaintiff in the Trust's adversary proceeding against Compass, adversary no. 08-01066-lbr, after Compass' answer and counterclaim were stricken by the court for lack of counsel.  The matter is continued to a status hearing on August 21, 2009.

### D.    Interpleader

USACM had filed an interpleader, Adversary No. 06-1146, concerning sums held in the USACM investors trust account before bankruptcy.  The Trust has worked with the court and parties to resolve this case.  The court scheduled a hearing on April 30, 2009 on the Trust's motion to distribute remaining unclaimed funds to the Trust and thereafter to dismiss the adversary proceeding.

257742.1

**USACM Liquidating Trust**
**June 2009**

### E.    Lee Suit

One of the assets of the Trust was causes of action asserted against James J. Lee by USACM.  That matter resulted in an appeal to the Supreme Court of the State of Nevada, Case Nos. 46363 and 46781.  In an order filed March 28, 2008, the Supreme Court reversed and remanded summary judgment granted to USACM against Lee.  The Trust is handling this matter through a special counsel relationship with Lenard E. Schwartzer.

Mr. Lee filed a bankruptcy petition, Case No. 08-10969, with the United States Bankruptcy Court in Nevada on February 6, 2008.  The Trust continues to monitor in the Lee bankruptcy case.

### F.    BySynergy

BySynergy is an entity that is obligated to DTDF and the Trust.  It is a debtor in a bankruptcy case pending in the United States Bankruptcy Court for the District of Arizona, Case No. 2:08-bk-07680-RTB.  Counsel for DTDF is taking the lead on enforcing the claims of the post-confirmation entities against BySynergy.

## VII.   PROFESSIONAL FEE APPLICATION OBJECTIONS

With respect to professional fees, the Trustee carefully scrutinizes each month the fee statements presented by professionals for USACM (Ray Quinney Nebeker (now Dorsey & Whitney), Mesirow Financial Interim Management) ("MFIM"), the Trust (including Lewis and Roca and Diamond McCarthy), and other post-confirmation entities and bankruptcy trustees.  With respect to USACM's professionals, while the Trustee is not completely satisfied with the billings, the Trustee has elected not to expend creditor funds in disputing billings that have minor excesses.  With respect to the Trust's professionals, the Trustee deals directly with and receives complete satisfaction of his concerns from his lawyers and other professionals.

## VIII.  PROOFS OF CLAIM AND CLAIMS OBJECTIONS

### A.    Overview

To date there have been seven administrative claims filed totaling $2,016,499.08; 103 priority claims filed totaling $7,751,955.91; 1,676 secured claims filed totaling $297,052,436.44; 1233 unsecured claims filed totaling $627,644,759.4; and 78 unknown claims filed totaling $389,390.57.  Additional claims were scheduled by the jointly administered Debtors.

### B.    Objections

To date, the Trust has filed:

16

**USACM Liquidating Trust**
**June 2009**

- Objections to 1667 secured claims that have been sustained and reclassified as unsecured in aggregate of $296,160,363.

- Objections to 76 priority claims that have been sustained and reclassified as unsecured in aggregate of $5,122,367.

- Two objections to the status of an administrative claim totaling $62,496 that has been sustained and reclassified as unsecured.

- Objections to 81 "Wrong Debtor" claims in the amount of $13,584,227.

- Objections to three claim not enforceable against USACM in the amount of $75,503,580; one of these claims totaling $12,841,680 remains unresolved.

- Objections to 156 claims for lack of documentation in the amount of $ 21,444,843; 123 objections have been sustained totaling $17,738,058, and 33 objections totaling $3,706,785 remain to be heard August, 21 2009.

- Objections to 50 claims based on miscellaneous grounds in the amount of $91,846,803. 16 of these objections have been sustained totaling $31,200,122; 11 objections have stipulated withdrawals totaling $7,496,447; 3 claims totaling $14,270,528 have orders allowing the claims; 1 claim has been deemed partially allowed in the amount of $925,000 with the remaining $2,577,383 deemed disallowed; and 19 objections totaling $35,377,322 remain unresolved.

- A total of 1164 objections to Direct Lenders claims in the amount of $84,728,167.74, principally on loans paid in full by the borrowers. The court has sustained these objections or the claimants have agreed that they are not making a claim based upon the paid loan in question.

- A stipulation has been executed and an order signed which provides for the disallowance of the Spectrum and Weddell proofs of claim in the amount of $125,000,000.

- 32 objections to claims based on the Palm Terrace lawsuit totaling $64,000,000, 31 claims have been disallowed in their entirety and one claim was deemed partially allowed in the amount of $50,000 with the remaining portion of the claim disallowed.

- 31 objections to claims totaling $2,564,293 based on investments in the 3685 San Fernando Road Partners loan.

257742.1

**USACM Liquidating Trust**
**June 2009**

- 221 objections to claims totaling $12,610,791 based on investments in the Bay Pompano Beach loan.

In addition to the claims objections listed above:

- 241 claims totaling $30,611,255 have been amended or duplicated by another proof of claim.

- 76 claims totaling $93,692,248 have stipulated withdrawals.

The Trust continued to attempt to resolve claims on loans that had been resolved.  For example, the Trust filed and prosecuted omnibus and other objections with respect to proofs of claim based upon the loans known as (or claims filed by) Bolino Family Revocable Trust, Community Bank of Nevada, AFAH Asylum, LLC, Mountain West Mortgage LLC, Albert Lee, Larin Hills, Salvatore Reale, Teri Melvin, James J. Lee, Esq., Terry Hansen, Developers Capital Funding Corp., Binford Medical Developers, and the Securities and Exchange Commission.  Orders were entered during the quarter sustaining the Trust's objections, summarized above.  In addition, the Trust began to review individual proofs of claim, including those filed against the wrong debtor, and duplicate proofs of claim.  The pace of objections will accelerate as Compass or its successor, Silar, or its successor, are successful in collecting direct loans.  To that end, the Trust has negotiated an agreement for limited access to Silar's loan servicing database to obtain the information concerning loan collections.  The Trust has agreed not to disclose the confidential information in the database.  Conversely, the Trust has agreed to allow Silar similar access to the Trust's non-privileged document database so that Silar can more efficiently collect loans.

Further, as the Trust has received information from claimants, it has entered into stipulations for the allowance and disallowance of priority and unsecured claims.  Conversely, some claimants have stipulated to either withdraw their claims or have them reclassified as unsecured claims upon discussion with the Trust's counsel.

The remaining direct lender claims relate to loans that (1) fully performed, but involve diverted principal; (2) partially performed; (3) are non-performing or still outstanding.  The extent to which those loans perform and/or the direct lenders may be compensated from the sale of collateral securing the loans has a major impact on the amount of the claims.  The Trustee is handling these claims on a loan by loan basis.

Not all of the claims objections can be resolved through motions.  The Court has ordered that the Trust's objection to claim 1366 of Los Valles Land & Golf, LLC be consolidated with a related adversary proceeding filed by the Trust against Los Valles and its guarantor, Dan S. Palmer, Jr.  The Trust filed an action against Los Valles Land & Golf, LLC, Dan S. Palmer Jr., Case No. 08-01058-lbr.  During the quarter, the Trust conducted some formal discovery and filed a motion for summary judgment.  The bankruptcy court

18

257742.1

**USACM Liquidating Trust**
**June 2009**

ruled on the cross-motions for summary judgment and set the matter for a status conference on July 24, 2009, with the court urging the parties to work toward a settlement.

In general, with respect to claims of Direct Lenders, the Trust is waiting for information concerning collection of loans before turning to the unsecured claims of the direct lenders in the particular loan. The inability of Compass or its successors to collect loans directly impacts the Trust's ability to work on proofs of claim. Without loan collection, the Trust cannot know the actual damages incurred by the Lenders on account of alleged breaches by USACM.

The Trust periodically receives inquiries from lenders concerning their claims and how to report the claims on tax returns. The Trust is, unfortunately, not in a position to offer tax advice to direct lenders. This would include whether lenders may properly seek a bad debt deduction for the unpaid balance of particular loans.

The Trust is also working on claims by non-lenders, and for example objected to the claim of the Securities and Exchange Commission as well as claims of equipment lessors. Other claims were withdrawn by agreement.

A stipulation was filed with and approved by the court allowing the unsecured claim of Del and Ernestine Bunch for $11,358,662.28.

The FTDF claim, in the amount of $7 million, is assigned to DTDF until DTDF equity holders have received 85% on their "claims". It appears that the state of the DTDF assets is such that it is highly unlikely that DTDF will ultimately distribute 85% to the members of the Fund, effectively leaving the allowed FTDF claim as being paid to DTDF. Therefore, the effective DTDF unsecured claim is $135 million (the $128 million allowed claim plus the $7 million FTDF allowed claim).

### C.    PBGC

The PBGC claims against USACM were resolved, as described in prior reports by an Order of the Court entered on August 6, 2008. All sums reserved for the PBGC claims have either been distributed to the PBGC or the Trust, as appropriate.

The PBGC filed substantially similar claims against USAIP and its affiliates. Those entities have hired the Trust's counsel responsible for resolving the PBGC claims as special counsel. Objections have been filed to the PBGC claims, and the PBGC has sought settlement conferences in each of the cases.

257742.1

**USACM Liquidating Trust**
**June 2009**

### D.    Contact Information

For an inquiry on your proof of claim, or on an objection to a proof of claim, please contact:

Sierra Consulting Group
Brant Fylling
E-mail:  USACMTRUST@sierracgllc.com
Telephone 602-424-7020

 For additional information, please refer to the website of the USACM Liquidating Trust: http://usacmcucc.bmcgroup.com.  You may send an e-mail on a general inquiry to: USAcommittee@lrlaw.com.

### E.    Objection Deadline

The Trust continued to investigate possible objections to proofs of claim.  The Trust sought and obtained an extension of the deadline to file objections to proofs of claim through October 7, 2009.  The Trust will a motion for an additional extension of that deadline.

As noted above, the Trust reviewed the thousands of proofs of claim filed with the Court to determine those which appeared to be filed by Direct Lenders.  In turn, each Direct Lender's claim was analyzed to see what direct loan or loans it arose out of.  The Trust's intention is to take each group of Direct Lender claims on a loan-by-loan basis, determine if the claims are valid, and in what amount, and then to advise all Direct Lenders who filed proofs of claim with respect to that loan of the Trust's recommendation.  This approach is consistent with the alternative dispute resolution mechanism implemented for Direct Lenders by confirmation of the Plan, which in general requires personal consultation by the Trust and the affected Direct Lenders who disagree with the Trust's position, as well as mediation.

Numerous claimants have asked when the Trust will have concluded its examination of claims.  In general, the claims will not be resolved until the last direct loan has been paid or otherwise resolved.  This is because there are proofs of claim filed by Direct Lenders in all of the loans that USACM serviced.  However, as the pool of unresolved loans becomes smaller, it may be possible to estimate the claims that might be allowed with respect to the unresolved loans.  That process will, nevertheless, take many months.

### F.    Compass v. LPG

As indicated above, the Trust believes that the most efficient way to evaluate unsecured claims of Direct Lenders is after the applicable direct loan has been resolved, presumably through collection.  A number of disputes are in litigation among the plaintiffs in lawsuits

20

**USACM Liquidating Trust**
**June 2009**

pending in the District Court, as well as the Lender Protection Group (the "LPG") and other (collectively referred to as "LPG") and Compass USA SPE, LLC, Compass Partners, LLC, and Compass Financial Partners, LLC ("Compass"), which have expanded to include certain named Direct Lenders and Compass' officers and lender. Asset Resolution, LLC and Silar Advisors, LP and Silar Special Opportunities, LP have succeeded to the economic interests of Compass, with disputes over the validity and effect of that transfer. That litigation is generally managed by the United States District Court for the District of Nevada under Case No. 2:07-cv-00892-RCJ-GWF. The Trust is not a party to that litigation. Nevertheless, the litigation does adversely impact the Trust's ability to evaluate claims.

One aspect of this litigation raised a new issue for the Trust in the quarter. The lawfirm of Greenberg Traurig, LLP, which previously represented Mesirow in Mesirow's role in USACM and the jointly administered debtors, represented a potential buyer and creditors in the case, which has been joined by former counsel to DTDF, the Trust and USACM's prepetition counsel, now represents Silar and its affiliates. Greenberg advises that the lawyers who have played prior roles in connection with the USACM cases will be screened off from the Silar representation, and that there is no conflict.

###    G.    Disbursing Agent Agreement

The Trust and USA Capital First Trust Deed Fund, LLC ("FTDF") entered into a Stipulation Concerning Amended Disbursing Agent Agreement. The Court approved the parties' stipulation on June 29, 2007, so that the Trust will act as the disbursing agent for equity holders of FTDF if there is a distribution on the $7 million FTDF unsecured claim, now that entity is liquidated. The bankruptcy court entered a final decree and order closing the FTDF case on October 12, 2007. The Trust was advised that the final distribution to the members of the Fund, along with their respective K-1's for 2006, was released to the members. In the transmittal to the Fund members, members were advised to address all further inquiries about the status of the Fund to the Trust. The Trust is attempting to answer these questions as best it can in light of not having prepared the distribution or K-1 information returns.

The Trust is the distribution agent for any additional distributions owed to members of FTDF. FTDF investors periodically request information from the Trust, which the Trust provides to the extent it has the information in its files as a result of turnover from FTDF, including the final FTDF tax return.

###    H.    General Inquiries

The Trust periodically receives inquiry from lien creditors, borrowers or lenders on loans to be serviced by Compass or its successors. The Trust, as a courtesy, makes every effort to direct the inquiry to the appropriate person handling servicing of the loan. Similarly, the Trust periodically receives requests for production and other formal and informal

257742.1

**USACM Liquidating Trust**
**June 2009**

discovery requests for review of the business records of USACM, some of which the Trust holds as successor to USACM. Again, the Trust cooperates with those discovery requests, at the requesting party's reasonable expense.

During the quarter, the Trust's counsel worked with the bankruptcy court staff to identify and resolve a variety of motions and adversary proceedings that had been filed during the course of the USACM jointly administered bankruptcy cases.

## IX.    LOAN SERVICING ISSUES

### A.    Placer Vineyards

The balances of the Notes by Placer County Land Speculators, LLC as Borrower to Direct Lenders on loans serviced by the Trust were as follows as of December 22 (the foreclosure date):

|  | Placer 1 | Placer 2 |
|---|---|---|
| Principal | $31,500,000.00 | $6,500,000.00 |
| Interest | 15,183,487.95 | 4,134,138.22 |
| Default Interest | 9,111,393.85 | 1,035,761.89 |
| Late Fees | 2,334,174.40 | 531,706.91 |
| **Total** | $58,129,056.20 | $12,201,607.02 |

The Trust, as servicer, reports monthly to the Direct Lenders. Those reports are posted on the Trust's website. As previously reported in these reports, the Trust filed a complaint and a motion for appointment of a receiver for the Placer 1 Loan in the United States District Court for the District of Nevada on September 24, 2008 and assigned case no. 2:08-cv-1276. The case was assigned to United States District Judge Kent J. Dawson and United States Magistrate Judge Robert L. Johnston.

The receivership motion was heard by the Honorable Kent J. Dawson on December 3, 2008. At the hearing, Judge Dawson directed the appointment of Elli Mills as Receiver. The Trust thereafter worked with counsel for interested parties and Mr. Mills on entry of an appropriate order directing the appointment of a receiver. The District Court's order appointing the receiver was entered on December 16, 2008.

The Receiver subsequently investigated and made the decision to conclude the foreclosure sale, which had been continued to December 22, 2008. The Receiver directed a credit bid of $8,404,030 at the December 22, 2008 foreclosure sale.

Prior to the appointment of a receiver, the Trust continued to work with interested Direct Lenders on issues concerning the Loan and the Property, including whether to take an appeal of the valuation of the Property for real estate tax purposes.

**USACM Liquidating Trust**
**June 2009**

The Trust continues to work with the Placer 1 receiver both with respect to the Trust's claims as servicer as well as in attempting to assist the receiver in the performance of his duties.

During the quarter, the Trust received as a courtesy, reports from the Placer Vineyards Management group and of its periodic meetings, assessments and other information. That information was provided to certain direct lenders and has since been turned over to the Receiver.

One effect of the foreclosure was to extinguish the lien on the Property securing repayment of the Placer 2 Note. Accordingly, the sole potential source of recovery for the Placer 2 Lenders, in addition to any proofs of claim they may filed in the USACM bankruptcy case, is the proof of claim filed by the Trust as servicer on the personal guaranties of Thomas Hantges and Joseph Milanowski.

The litigation filed by the Trust concerning the Placer loan, in which the Receiver was obtained, remains pending before the District Court. The deadline to serve unserved defendants was continued to May 22, 2009. Because of the foreclosure, the Trust sought consent to dismissal of the Placer 2 Lenders as parties to the litigation. The Receiver became responsible to deal with the Placer Vineyards Development Group, LLC with respect to development of the Property. The Trust ceased reporting to the Lenders with respect to the Placer 1 and Placer 2 Loans after December, 2008, because the Placer 2 Loan no longer had collateral and the Placer 1 Loan was in the control of the Receiver, who is providing periodic reports. The Receiver's periodic reports are posted by the Trust on the Trust's website and there fore available to all of the Placer 1 (and Placer 2) Lenders.

The Receiver sought authority from the receivership court to borrow up to $250,000 in interim financing to cover the expenses of the receivership. The Trust considered offering the funding in order to save expense for the receivership and to prevent concerns over having another lender looking to the property for repayment of a loan at a time when the Trust had made advances as servicer for property taxes and asserted a claim for unpaid servicing fees. Ultimately, although the receivership court approved the loan, the Trust Committee did not approve the Trust's service as interim lender. Accordingly, the Trustee did agree to extend $100,000 of interim financing to the Receiver on a bridge basis while the Receiver sought more permanent financing. The Receiver sought authority for a replacement loan and reports that he is confident he will obtain that replacement financing for the interim.

**B.    Compass Trust Loan Servicing – Collection of Pre-Paid Interest**

The Trust was entitled to collect sums from escrows established in the sale to Compass, including $157,704 on June 15, 2007. Further, Compass collected from Direct Lenders and was required to remit Pre-Paid Interest to the Trust pursuant to the Plan, including

23

**USACM Liquidating Trust**
**June 2009**

$156,471.33 on May 11, 2007.  The Trust was aware of collections from Borrowers on several notes since Compass last remitted recouped prepaid interest to the Trust.  The Trust requested an accounting of the collected monies from Compass and to date continues to await that accounting, or transmittal of any additional recouped monies.  As indicated above, the Trust has sued Compass to receive the monies that were to be collected and remitted pursuant to the terms of the confirmed Plan.

In the lawsuit filed by the Trust against Compass USA SPE, LLC, Compass Partners, LLC Adv. No. 08-01066-lbr, concerning disputes over certain escrows, Compass' accounting and failure to collect and remit pre-paid interest, the settlement with Silar resolved certain disputes so that Pre-Paid Interest will be netted by Compass, Silar and their successors on a Lender by Lender basis from an agreed schedule.  This agreement was approved by the bankruptcy court's December 23, 2008 order.

Debt Acquisition Company of America V, LLC ("DACA"), through its affiliate, Pacific Receivables LLC, made an offer to the Trust to purchase the uncollected balance of Pre-Paid Interest liability owed to the Trust by Direct Lenders.  The Trust had earlier had informal discussions with Silar and other parties potentially interested in acquiring the right to collect Pre-Paid Interest.  An agreement in principle was reached with DACA for the transfer of the right to collect Pre-Paid Interest from Lenders, subject to specific terms and limitations.  DACA has requested that the Agreement be approved by the Bankruptcy Court.  In January, the Trustee concluded the negotiations with DACA to approve the purchase by DACA of the uncollected causes of action for prepaid interest as well as for DACA to dismiss its appeal, then pending in the United States Court of Appeals for the Ninth Circuit, of the order confirming the USACM Plan of Reorganization.  The motion to approve settlement was filed on January 27, 2009.  After a hearing on February 20, 2009, and after incorporating comments from interested parties, and considering objections, the Court entered an order approving the settlement and purchase.  Thereafter, the Trust and DACA discovered an error in the accounting of uncollected prepaid interest, and renegotiated the purchase price, which was paid by DACA.  DACA's appeal of the confirmation order was dismissed on stipulation.

## X.    TRUST FINANCIAL STATEMENT

A Trust financial statement showing the status of the Trust's finances as of June 30, 2009, has been provided to the Trust Committee.

257742.1