E-FILED on 8/19/09

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC<br><br>USA CAPITAL DIVERSIFIED TRUST DEEF FUND, LLC<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC<br><br>        Debtors<br><br>**Affects:**<br>USA Commercial Mortgage Company | Case No.: BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>Chapter 11<br><br>Jointly Administered Under Case No. BK-S-06-10725-LBR<br><br>Judge Linda B. Riegle<br><br>**DECLARATION OF GEOFFREY L. BERMAN IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**<br><br>Hearing Date:  August 21, 2009<br>Hearing Time:  9:30 a.m. |

Geoffrey L. Berman, declares under penalty of perjury as follows:

1. I am an adult person competent to testify in court. I make the following statements based upon my personal knowledge except where otherwise indicated.

2. I am the Court-appointed trustee of the USACM Liquidating Trust (the "USACM Trust") pursuant to the order confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" (the "Joint Plan") entered on January 8, 2007 in *In re USA Commercial Mortgage,* Cause No. BK-S-06-10725 pending in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), and submit this declaration in that capacity. The Joint Plan became effective on March 12, 2007 (the "Effective Date").

3. I submit this declaration in support of the USACM Trust's Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion"). As discussed in the Motion, the USACM Trust seeks Bankruptcy Court approval of the Proposed Settlement Agreement[1] between the USACM Trust, Mountain West Mortgage LLC ("MWM"), John M. Keilly ("Keilly") and J.M.K. Investments, Ltd. ("JMK") (collectively, MWM, Keilly, and JMK are referred to as "Defendants"). A copy of the Proposed Settlement Agreement is attached hereto as Exhibit 1.

4. In the Pending Litigation, the USACM Trust seeks to recover $ 637,870.00 that was transferred from USACM to the Defendants in payment of purported brokerage and consulting fees prior to the Petition Date. The USACM Trust's litigation counsel, Diamond McCarthy LLP, has aggressively pursued the USACM Trust's claims in the Pending Litigation, engaging in extensive written discovery and taking a number of fact witness depositions.

5. On April 21, 2009, I participated in the Bankruptcy Court-ordered settlement conference with the Defendants in an attempt to resolve the Pending Litigation prior to trial. The Parties negotiated at arm's length and in good faith during the Settlement Conference, and

---

[1] Unless otherwise defined herein, capitalized terms are used as defined in the Motion.

ultimately reached agreement as documented by the Proposed Settlement Agreement, subject to Bankruptcy Court approval.

6. As discussed in the Motion, I believe the Proposed Settlement Agreement represents a fair and reasonable compromise of the Pending Litigation that will result in a substantial recovery for the beneficiaries of the USACM Trust without the expense, time, and risks of further litigation, trial, and efforts to collect on any judgment the USACM Trust may ultimately obtain. If the Proposed Settlement Agreement is not approved, the USACM Trust will be required to incur significant additional expenses to pursue the Pending Litigation through what will likely be a protracted, complex, and expensive trial. Moreover, even were the USACM Trust ultimately successful at trial, there is substantial uncertainty concerning the ability to recover any resulting judgment from many of the Defendants.

7. The Proposed Settlement Agreement falls within what I believe to be the reasonable range of likely outcomes of the Pending Litigation, after accounting for litigation risks, costs, and delay associated with trial, appeal and ultimately, if successful, collection of any judgment awarded.

I declare under penalty of perjury that the foregoing is true and correct.

Executed July 21, 2009 at Los Angeles, California.

*/s/ Geoffrey L. Berman*
Geoffrey L. Berman
Development Specialists, Inc.
333 South Grand Ave., Suite 4070
Los Angeles, California 90071-1544

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (the "Agreement") is made and entered into by the USACM LIQUIDATING TRUST (the "USACM Trust"), as a successor to USA Commercial Mortgage Company, on one hand, and J.M.K. INVESTMENTS, LTD. ("JMK"), John M. Keilly ("Keilly"; collectively JMK and Keilly are referred to as the "JMK Defendants"), and MOUNTAIN WEST MORTGAGE, LLC (the "MWM"), on the other hand (collectively, the "Parties"). JMK, Keilly and MWM are collectively referred to as the "Defendants."

### I. RECITALS

WHEREAS, on April 13, 2006, USA Commercial Mortgage Company ("USACM") filed a voluntary petition under Chapter 11 of the Bankruptcy Code for the District of Nevada (the "Bankruptcy Court"), which bankruptcy case was jointly administered with several related cases under Bankruptcy Case No. BK-S-06-10725-LBR (the "USA Capital Bankruptcy Case");

WHEREAS, the Bankruptcy Court confirmed the Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan") pursuant to order entered on January 8, 2007 (the "Confirmation Order"). The Joint Plan became effective on March 12, 2007;

WHEREAS, the USACM Trust was created pursuant to the Joint Plan and the Confirmation Order. Geoffrey L. Berman serves as the trustee of the USACM Trust. The Joint Plan expressly retained USACM's causes of action for enforcement by the USACM Trust, pursuant to 11 U.S.C. § 1123(b)(3)(B). Accordingly, the USACM Trust now holds any and all potential claims and causes of action, whether arising pre-petition or post-petition, that USACM and the USACM Trust may have or may at any time have had against the Defendants;

WHEREAS, the USACM Trust has evaluated potential claims arising from USACM's alleged transfers of $637,870.00 of USACM funds to the Defendants as purported consulting or brokerage fees (the "Fee Transfers");

WHEREAS, on April 11, 2008, the USACM Trust commenced adversary proceeding number 08-01122, entitled *USACM Liquidating Trust v. J.M.K. Investments, Ltd., John M. Keilly, and Mountain West Mortgage, LLC* in the Bankruptcy Court (the "Pending Litigation"), asserting claims to recover the Fee Transfers;

WHEREAS the USACM Trust believes that the claims it has asserted in the Pending Litigation have merit, and the Defendants have denied, and continued to deny, any liability whatsoever arising from the claims in the Pending Litigation;

WHEREAS, in order to avoid the costs and uncertainty of litigation, the Parties have agreed to settle the Pending Litigation and all related disputes and controversies between them on the terms set forth in this Agreement, without admitting any liability or wrongdoing and without resort to litigation between them.

### II. TERMS AND CONDITIONS

NOW, THEREFORE, in consideration of the covenants, promises and releases set forth herein, and in full settlement of all such claims, the Parties hereby agree on behalf of themselves and any and all of their predecessors, successors, assigns, parents, insurers, and any other parties or persons claiming by, through or under any of the Parties hereto, as follows:

A.  **Settlement Consideration.**

1.  <u>JMK and Keilly Settlement Payment.</u> On or before February 1, 2010, the JMK Defendants will pay to the USACM Trust $ 120,000.00 on Keilly's and JMK's behalf. If, on or before February 1, 2010, the JMK Defendants do not make such a payment, the USACM Trust will file a Stipulation for Entry of Agreed Judgment for $ 120,000.00 against JMK and Keilly jointly pursuant to paragraph A(7) with the Bankruptcy Court or any other court of competent jurisdiction. The interest on such judgment will be calculated at a corresponding Federal Post-Judgment Interest Rate from the date of the JMK Defendant's default on this Agreement until the payment is made.

2.  <u>MWM Settlement Payment</u>. On or before the expiration of nine (9) months following the Effective Date, MWM shall pay to the USACM Trust $ 20,000.00. If, on or before the expiration of nine (9) months following the Effective Date, MWM does not make the payment, the USACM Trust will file a Stipulation for Entry of Agreed Judgment for $ 70,000.00 against MWM, pursuant to paragraph A(7) with the Bankruptcy Court or any other court of competent jurisdiction. The interest on such judgment will be calculated at a corresponding Federal Post-Judgment Interest Rate from the date of MWM's default on this Agreement until the payment is made.

3.  <u>Independent Obligations.</u> The payment by one Defendant of his/its obligation to the USACM Trust pursuant to this Agreement shall have no impact on the accrual of interest on any other Defendant's outstanding payment obligations; provided that a payment by JMK shall also be for the benefit of Keilly and a payment by Keilly shall also be for the benefit of JMK.

4.  <u>Means of Payment</u>. Defendants shall make payments to the USACM Trust either: (a) by wire transfer to the following account: USACM Liquidating Trust, Account No. 304-923176, ABA No. 021000021, at JPMorgan Chase Bank, N.A., New York, NY.; or (b) delivery of a cashier's check to the address set forth in section C(4) hereof. Within ten (10) business days following receipt of the full payment from a Defendant, the USACM Trust shall provide acknowledgment to the payor recognizing that his/its debt has been satisfied.

5.  <u>Grace Period</u>. There will be NO grace period for any payments.

6.  <u>Default</u>. The failure by any Defendant to timely make any payment required by this Agreement shall constitute a material breach of this Agreement by such non-performing Defendant. The breach of this Agreement by one or more Defendant(s) shall not relieve any other Defendant(s) of their obligations under this Agreement, nor shall a default or breach of this Agreement by one or more Defendants be construed as a default or breach of this Agreement by any other Defendant(s).

7.  <u>Entry of Agreed Judgment</u>. Concurrent with execution of this Agreement, Defendants shall execute stipulations for Entry of Judgment, the forms for which are attached hereto as Exhibit 1 (for Keilly and JMK) and Exhibit 2 (for MWM). Defendants expressly authorize the USACM Trust to file any Stipulation for Entry of Agreed Judgment with the Bankruptcy Court or any other court of competent jurisdiction to consider such matters, <u>provided, however,</u> that the USACM Trust shall hold each Stipulation for Entry of Judgment in trust and shall not file, execute or attempt to enforce any Stipulation of Entry of Judgment or any judgment entered thereon against any Defendant unless and until the USACM Trust provides

such Defendant at least ten (10) days written notice that it is in default of this Agreement.

8. <u>Pending Litigation</u>. The Parties will jointly request the Bankruptcy Court to remove the Pending Litigation from the Court's active docket and to suspend all pending deadlines as set forth in any applicable scheduling orders until February 1, 2010 (the "Litigation Stay"). During the Litigation Stay, no Party may commence any discovery or file any motion in the Pending Litigation other than a motion asking the Court to lift the Litigation Stay. Within 10 business days following expiration of the Litigation Stay, the USACM Trust will either: (a) dismiss the Pending Litigation with prejudice to refiling in the event that each Defendant's payment obligations pursuant to this Agreement have been satisfied; or (b) advise the Court of each Defendant's payment status and file any appropriate motions or pleadings concerning any Defendant that has failed to timely satisfy his/her/its payment obligations pursuant to this Agreement.

B. **Releases**.

1. <u>Release of Claims by the USACM Trust as to the Defendants.</u> Upon the date a Defendant's payment required by sections A(1) or A(2) of this Agreement is actually received by the USACM Trust, the USACM Trust fully releases and discharges such tendering Defendants and all of their present and former principals, employees, staff, predecessors and successors, and their respective attorneys, consultants, adjustors and insurers in their capacities as such (collectively, the "Defendant Released Parties"), from any and all claims, demands, damages, liabilities, actions, causes of action or suits at law or in equity arising out of or related to the Fee Transfers or the Pending Litigation, that the USACM Trust ever had or now has against the Defendant Released Parties, <u>provided, however,</u> that the USACM Trust does not release any Defendant Released Parties from their obligations under this Agreement (collectively, the "USACM Trust's Released Claims") and provided further that any payment made by Keilly shall be a payment for the benefit of JMK and any payment by JMK shall be a payment for Keilly.

2. <u>Release of Claims by the Defendants as to USACM.</u> Upon the Effective Date, each Defendant, for itself and on behalf of all of his/its present and former principals, employees, staff, predecessors and successors, and their respective attorneys, consultants, adjustors and insurers in their capacities as such, on the one hand (collectively, the "Defendant Releasers") fully releases and discharges USACM, the USACM Trust, the USACM Trustee, and all of their present and former trustees, managers, employees, agents, consultants, attorneys, directors, and officers, and their respective insurers in their capacities as such (collectively, the "USACM Trust Released Parties"), from any and all claims, demands, damages, liabilities, actions, causes of action or suits at law or in equity arising out of or related to the Fee Transfers or the Pending Litigation, that such Defendant Releasers ever had or now have against the USACM Trust Released Parties, <u>provided, however,</u> that the Defendant Releasers do not release the USACM Trust from its obligations under this Agreement (collectively, the "Defendants' Released Claims").

C. **General Terms and Provisions**

1. <u>Legal Costs and Expenses</u>. Each Party agrees to pay its own legal costs and expenses incurred in connection with the Pending Litigation.

2. <u>Effective Date.</u> The "Effective Date" of this Agreement shall be the first business date upon which each of the following events has occurred: (a) the Agreement has been duly executed and delivered by each of the Parties; and (b) the Bankruptcy Court has entered a Final Order (defined below) approving the Settlement Agreement (the "Approval Order"); <u>provided, however,</u> that paragraphs C(5) and C(6) hereof shall be effective against, and enforceable by, the Parties immediately upon execution of this Agreement and without regard to entry of the Approval Order.

3. <u>Final Order.</u> As used herein, the term "Final Order" shall mean and refer to (i) an order of a court as to which the time to appeal, petition for certiorari, or move for re-argument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for re-argument or rehearing shall then be pending or, (ii) in the event that an appeal, writ of certiorari, reargument or rehearing thereof has been sought, such order of the Bankruptcy Court shall have been affirmed by the highest court to which such order may be appealed, or certiorari has been denied, and the time to take any further appeal, petition for certiorari or move for re-argument or rehearing shall have expired; provided however, <u>provided, however,</u> that the possibility that a motion under Section 502(j) of the Bankruptcy Code, Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any comparable rule under the Bankruptcy Rules, may be filed with respect to such order shall not cause such order not to be a Final Order; provided further, that notwithstanding the foregoing, an Order that is subject to appeal may be treated as a Final Order if no stay of the Order has been obtained and if all Parties consent to treating such Order as a Final Order.

4. <u>Notice to the Parties.</u> Any notices in connection with this Agreement to each of the Parties shall be given, by fax and by certified mail, to the following individuals:

<u>For the USACM Trust:</u>

Geoffrey L. Berman
DEVELOPMENT SPECIALISTS, INC.
333 South Grand Avenue, Suite 4070
Los Angeles, California 90071-1544
Telephone: (213) 617-2717
Facsimile: (213) 617-2718

Andrea Kim
DIAMOND MCCARTHY LLP
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199

<u>For JMK and Keilly:</u>

George Lazar
Attorney-at-Law
525 "B" Street, Suite 1500
San Diego, California 92101
Telephone: (877) 272-3734
Facsimile: (877) 227-0150

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Page 4

      For MWM:

      David A. Colvin, Esq.
      Marquis & Aurbach
      10001 Park Run Drive
      Las Vegas, Nevada 89145

      5.    <u>Reasonable Efforts.</u> The Parties agree to engage in a reasonable, good faith effort to: (a) seek entry of the Approval Order; and (b) support this Agreement against any and all persons or entities seeking to prohibit entry of the Approval Order, or to avoid or limit the applicability or scope of the Agreement in any manner.

      6.    <u>Good Faith Compromise.</u> This Agreement is entered into as a good faith compromise among the Parties for the complete and final settlement of the USACM Trust's Released Claims and the Defendants' Released Claims. By this settlement, no Party admits liability to any other Party in any respect, or makes any admission as to factual or legal contentions relating to the matters settled herein.

      7.    <u>Plain Meaning.</u> The Parties acknowledge that they have had the opportunity to be represented by counsel during negotiations of this Agreement and to consult with their respective attorneys regarding its meaning and effect. The Parties agree that (a) the terms and provisions of this Agreement are not to be construed more strictly against either of the Parties; and (b) it is their mutual intention that the terms and provisions of this Agreement be construed as having the plain meaning of the terms used herein.

      8.    <u>Integration.</u> This Agreement constitutes the entire agreement among the Parties on the subjects addressed herein. This Agreement is executed without reliance upon any representations by any person or entity concerning the nature, cause or extent of injuries, or legal liability therefore, or any other representations of any type or nature except as set forth herein. No contrary or supplementary oral agreement shall be admissible in a court to contradict, alter, supplement, or otherwise change the meaning of this Agreement. THE PARTIES ALSO ACKNOWLEDGE THE CONTESTED AND ADVERSARIAL NATURE OF THE PENDING LITIGATION AND STIPULATE THAT IN EXECUTING THIS AGREMENT THEY ARE NOT RELYING ON ANY REPRESENTATION BY ANY OTHER PARTY OR ITS/HIS AGENTS, REPRESENTATIVES OR ATTORNEYS, WITH REGARD TO (1) FACTS UNDERLYING THE LAWSUIT, (2) THE SUBJECT MATTER OR EFFECT OF THIS AGREEMENT, AND (3) ANY OTHER FACTS OR ISSUES WHICH MIGHT BE DEEMED MATERIAL TO THE DECISION TO ENTER INTO THIS AGREEMENT, OTHER THAN AS SPECIFICALLY SET FORTH IN THIS AGREEMENT.

      9.    <u>Amendments.</u> This Agreement may be amended only by written agreement signed by each of the Parties, and any alleged breach of this Agreement may be waived only by a written waiver signed by the party granting the waiver. This Agreement and any such amendments or waivers of breach may be executed either directly by the Parties, or on their behalf by authorized counsel.

      10.    <u>Severability.</u> If any term or provision of this Agreement shall be determined to be unenforceable or invalid or illegal in any respect, the unenforceability, invalidity or illegality shall not affect any other term or provision of this Agreement, but this

Agreement shall be construed as if such unenforceable, invalid or illegal term or provision had never been contained herein.

          11. <u>Counterparts and Signatures.</u> This Agreement may be executed in any number of counterparts each of which, when executed and delivered, shall be deemed an original and all of which together shall constitute but one and the same agreement. Signatures obtained by facsimile or email in .pdf format shall be deemed to be original signatures.

          12. <u>Enforcement of the Agreement.</u> Each Party agrees to bear its own fees and costs with respect to any duties required of the Party under this Agreement; in any matter involving, referring, or relating to the interpretation and enforcement of this Agreement; and in connection with any disputes that may arise between the Parties relating to this Agreement.

          13. <u>Construction.</u> This Agreement is to be governed by the law of the State of Nevada. The Bankruptcy Court shall retain exclusive jurisdiction over the interpretation and enforcement of this Agreement, as well as any disputes that may arise between the Parties relating to this Agreement, and the Parties consent to the exclusive jurisdiction of the Bankruptcy Court for these purposes.

          14. <u>Representations.</u> Each Party warrants, represents and agree that s/he (i) has not assigned, subrogated, pledged or transferred to any person, firm, partnership, corporation or other entity whatsoever any of the claims, counterclaims, actions, demands or causes of action to be released pursuant to the releases set forth in this Agreement and (ii) is fully authorized to enter into this Agreement without the consent of any third parties. Specifically, each person signing the Agreement represents and warrants that s/he has been authorized and empowered to sign this Agreement on behalf of the Party the person purports to represent and that this Agreement is lawful and binding obligations of the Party on whose behalf the person is signing.

          15. <u>Inurement.</u> This Agreement will inure to the benefit of and will be binding upon the Parties and their respective heirs, executors, successors, assigns, grantees, administrators, executors and trustees.

DATED: June 25, 2009                      **USACM LIQUIDATING TRUST**

                                                            By: _____
                                                            Geoffrey L. Berman, in his capacity as
                                                            Trustee of the USACM Liquidating Trust

DATED: June ___, 2009                   **J.M.K. INVESTMENTS LTD.**

                                                            By: _____
                                                            John M. Keilly
                                                           Title: _____

Jun 25 2009 3:09PM 702-737-4370 p.6

Case 06-10725-gwz    Doc 7365    Entered 08/19/09 16:34:46    Page 11 of 19
Case 06-10725-lbr    Doc 7305    Entered 07/24/09 20:35:14    Page 16 of 26

Agreement shall be construed as if such unenforceable, invalid or illegal term or provision had never been contained herein.

11. <u>Counterparts and Signatures.</u> This Agreement may be executed in any number of counterparts each of which, when executed and delivered, shall be deemed an original and all of which together shall constitute but one and the same agreement. Signatures obtained by facsimile or email in .pdf format shall be deemed to be original signatures.

12. <u>Enforcement of the Agreement.</u> Each Party agrees to bear its own fees and costs with respect to any duties required of the Party under this Agreement; in any matter involving, referring, or relating to the interpretation and enforcement of this Agreement; and in connection with any disputes that may arise between the Parties relating to this Agreement.

13. <u>Construction.</u> This Agreement is to be governed by the law of the State of Nevada. The Bankruptcy Court shall retain exclusive jurisdiction over the interpretation and enforcement of this Agreement, as well as any disputes that may arise between the Parties relating to this Agreement, and the Parties consent to the exclusive jurisdiction of the Bankruptcy Court for these purposes.

14. <u>Representations.</u> Each Party warrants, represents and agree that s/he (i) has not assigned, subrogated, pledged or transferred to any person, firm, partnership, corporation or other entity whatsoever any of the claims, counterclaims, actions, demands or causes of action to be released pursuant to the releases set forth in this Agreement and (ii) is fully authorized to enter into this Agreement without the consent of any third parties. Specifically, each person signing the Agreement represents and warrants that s/he has been authorized and empowered to sign this Agreement on behalf of the Party the person purports to represent and that this Agreement is lawful and binding obligations of the Party on whose behalf the person is signing.

15. <u>Inurement.</u> This Agreement will inure to the benefit of and will be binding upon the Parties and their respective heirs, executors, successors, assigns, grantees, administrators, executors and trustees.

DATED: June ___, 2009    **USACM LIQUIDATING TRUST**

By:_____
Geoffrey L. Berman, in his capacity as
Trustee of the USACM Liquidating Trust

DATED: June 25, 2009    **J.M.K. INVESTMENTS LTD.**

By:_____
John M. Keilly
Title: _____

Jun 25 2009 3:10PM                          702-737-4370                        p.7

Case 06-10725-gwz    Doc 7365    Entered 08/19/09 12:44:46    Page 12 of 19
Case 06-10725-gwz    Doc 7250    Entered 07/24/09 20:35:14    Page 17 of 26

DATED: June 25, 2009                **JOHN M. KEILLY**

                                               */s/ John Keilly*
                                               _____

DATED: June___, 2009                **MOUNTAIN WEST MORTGAGE, LLC**

                                               By: _____
                                               Thomas Jurbala

DATED: June ___, 2009                JOHN M. KEILLY

                                     _____

DATED: June 30, 2009                 MOUNTAIN WEST MORTGAGE, LLC

                                     By: _____
                                     Thomas Jurbala    Manager
                                     For
                                     MWM, LLC

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.: BK-S-06-10725-LBR<br>Chapter 11<br><br>Judge Linda B. Riegle |
| USACM LIQUIDATING TRUST,<br>Plaintiff,<br>v.<br>J.M.K. INVESTMENTS, LTD., JOHN M. KEILLY, AND MOUNTAIN WEST MORTGAGE, LLC.<br>Defendants. | Adversary No. 08-01122<br><br>**STIPULATION FOR ENTRY OF AGREED JUDGMENT**<br><br>Hearing Date: N/A<br>Hearing Time: N/A |

The Court has reviewed the Parties' Settlement Agreement and the Parties stipulation regarding the judgment set forth below. Based upon the Settlement Agreement and the stipulations, the Court ORDERS, DECREES, and ADJUDGEDES that:

1. The USACM Trust shall have and recover from Defendant J.M.K. Investments, Ltd. and/or John M. Keilly the sum of One Hundred Twenty Thousand Dollars ($120,000.00) together with the interest at the federal post-judgment interest rate on the principal amount of $120,000.00 from and including February 2, 2010 through the date of the payment.

2. This is a final judgment that disposes of all remaining claims and causes of action in this adversary proceeding. Accordingly, the Court directs entry of judgment as to the parties and claims covered hereby.

3. This Court shall retain jurisdiction of this case for any post-judgment discovery or enforcement proceedings in accordance with applicable law.

**STIPULATED AND AGREED:**

**J.M.K. Investments, Ltd.**

By: _____
    John M. Keilly
    Title: _____
    Date: _____


John M. Keilly

_____


**USACM Liquidating Trust**

By: *[signature]*
    Geoffrey L. Berman, Trustee
    Date: June 25, 2009

###

Jun 25 2009 3:11PM 702-737-4370 p.9
Case 06-10725-gwz Doc 7365 Entered 08/19/09 10:34:46 Page 16 of 19
Case 06-10725-lbr Doc 7250 Entered 07/24/09 20:35:14 Page 24 of 26

2. This is a final judgment that disposes of all remaining claims and causes of action in this adversary proceeding. Accordingly, the Court directs entry of judgment as to the parties and claims covered hereby.

3. This Court shall retain jurisdiction of this case for any post-judgment discovery or enforcement proceedings in accordance with applicable law.

**STIPULATED AND AGREED:**

J.M.K. Investments, Ltd.

By: _____
John M. Keilly
Title: Pres
Date: 6/25/09

John M. Keilly

_____

USACM Liquidating Trust

By: _____
Geoffrey L. Berman, Trustee
Date: _____

###

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.: BK-S-06-10725-LBR<br>Chapter 11<br><br>Judge Linda B. Riegle |
| USACM LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>J.M.K. INVESTMENTS, LTD., JOHN M. KEILLY, AND MOUNTAIN WEST MORTGAGE, LLC.<br><br>Defendants. | Adversary No. 08-01122<br><br>**STIPULATION FOR ENTRY OF AGREED JUDGMENT**<br><br>Hearing Date: N/A<br>Hearing Time: N/A |

The Court has reviewed the Parties' Settlement Agreement and the Parties stipulation regarding the judgment set forth below. Based upon the Settlement Agreement and the stipulations, the Court ORDERS, DECREES, and ADJUDGEDES that:

1. The USACM Trust shall have and recover from Defendant Mountain West Mortgage, LLC. the sum of Seventy Thousand Dollars ($70,000.00) together with the interest at the federal post-judgment interest rate on the principal amount of $70,000.00 from and including the date upon which Mountain West Mortgage, LLC defaulted on the Settlement Agreement, as defined in that agreement, and until the payment.

2. This is a final judgment that disposes of all remaining claims and causes of action in this adversary proceeding. Accordingly, the Court directs entry of judgment as to the parties and claims covered hereby.

3. This Court shall retain jurisdiction of this case for any post-judgment discovery or enforcement proceedings in accordance with applicable law.

**STIPULATED AND AGREED:**

**Mountain West Mortgage, LLC.**

By: _____
    **Thomas Jurbala**
    Title: _____
    Date: _____


**USACM Liquidating Trust**

By: _/s/ Geoffrey L. Berman_____
    **Geoffrey L. Berman, Trustee**
    Date: June 25, 2009

###

2. This is a final judgment that disposes of all remaining claims and causes of action in this adversary proceeding. Accordingly, the Court directs entry of judgment as to the parties and claims covered hereby.

3. This Court shall retain jurisdiction of this case for any post-judgment discovery or enforcement proceedings in accordance with applicable law.

STIPULATED AND AGREED:

Mountain West Mortgage, LLC

By: _____
Thomas Jurbala
Title: _____
Date: 7/9/09


USACM Liquidating Trust

By: _____
Geoffrey L. Berman, Trustee
Date: _____

###