E-filed on 08/20/2009

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br><br>Debtor. | Judge Linda B. Riegle |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | **MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | |
| Affects:<br>☐All Debtors<br>☒USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Hearing Date:   October 19, 2009<br>Hearing Time:   3:00 p.m. |

The USACM Liquidating Trust (the "USACM Trust") files this Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion") seeking entry of an order approving the Settlement Agreement and Release (the "Proposed Settlement Agreement") between the USACM Trust and Amesburyport Corporation ("Amesburyport").

This Motion is made pursuant to Rule[1] 9019 and is based on the points and authorities listed herein, the Declaration of Geoffrey Berman in Support of the Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Berman Declaration"), attached hereto as **Exhibit A**, the pleadings, papers, and other records on file with the clerk of the clerk of the Court, judicial notice of which is hereby respectfully requested, and any argument an evidence to be presented at the time of the hearing of the Motion.

## **BACKGROUND FACTS**

### *The USACM Trust*

On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM") and certain of its affiliated companies and subsidiaries (collectively, the "Debtors"), each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"). The Debtors' chapter 11 cases are being jointly administered under Bankruptcy Case No. BK-S-06-10725-LBR (the "USA Capital Bankruptcy Case"). On January 8, 2007, the Bankruptcy Court confirmed the Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan"), and on March 12, 2007, the Joint Plan became effective and the Debtors emerged from bankruptcy.

The USACM Trust was created pursuant to the Joint Plan and is governed by the provisions of the Liquidating Trust Agreement (the "USACM Trust Agreement"). The Joint Plan expressly retained the Debtors' causes of action for enforcement by the USACM Trust, pursuant to 11 U.S.C. § 1123(b)(3)(B). Accordingly, the USACM Trust now holds any and all potential claims and causes of action, whether arising pre-petition

---

[1]    Unless otherwise expressly stated herein, all references to Chapters or Sections shall refer to 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and all Rule references shall refer to the Federal Rules of Bankruptcy Procedure, 1001-9036.

or post-petition, that USACM and the USACM Trust may have or may at any time have had against Amesburyport.

### *The Pending Litigation*

On April 11, 2008, the USACM Trust commenced adversary proceeding number 08-01127, entitled *USACM Liquidating Trust v. Amesburyport Corporation* (the "<u>Pending Litigation</u>") seeking to recover approximately $2,832,832.26 in funds that were transferred to Amesburyport via Lawyers Title Insurance Corporation ("Lawyers Title"), a third party escrow (the "<u>Transfers</u>").  **Exhibit A**, ¶ 4.  In the Pending Litigation, the USACM Trust asserts that USACM received no benefits for the Transfers, and that the Transfers were made in contravention of Bankruptcy Code section 548 and section 112.180 of the Nevada Revised Statutes.  Amesburyport denies each and every one of the USACM Trust's allegations in the Pending Litigation.

### *The Proposed Settlement Agreement*

Following extensive arms-length negotiations, the USACM Trust and Amesburyport (collectively, the "<u>Parties</u>") reached a tentative agreement to resolve the Pending Litigation subject to execution of a mutually-agreeable settlement agreement. **Exhibit A,** ¶ 5.  The material terms of the Proposed Settlement Agreement are summarized as follows[2]:

    a.  **<u>Amesburyport.</u>**  Amesburyport shall execute a Stipulated Judgment to be entered by the Court in favor of the USACM Trust for liability on the Judgment in the aggregate sum of $2,832,832.26.

    b.  **<u>USACM Trust.</u>**  Upon entry of an order approving the Proposed Settlement Agreement by the Court and entry of the approved judgment, the USACM Trust shall dismiss its claims against Amesburyport in the Pending Litigation, with prejudice.

---

[2]    The following is solely a summary of the terms of the Proposed Settlement, and is not intended to amend or modify the actual terms of the written settlement agreement, which terms shall control in the event of any conflicts.

c.    **Release of Claims by the USACM Trust.**  Except as set forth in the Proposed Settlement Agreement, the USACM Trust, on behalf of itself, its predecessors, affiliates, successors and assigns, will release and discharge Amesburyport, the Estate of William H. Sullivan, Tracey E. Belden, Eric W. Sullivan, and their executors, administrators and personal representatives (collectively, the "Released Parties") from any and all claims, demands, liabilities, obligations, damages, payments, fees, losses, and expenses, known or unknown, asserted or unasserted, of whatever nature, now existing or hereafter arising or in any way related to the Transfers alleged in the Original Complaint in the Adversary Proceeding, Adversary No. 08-01127-LBR.

d.    **Release of Claims by Released Parties as to USACM**.  Except as set forth in the Proposed Settlement Agreement, the Released Parties, on behalf of themselves, their predecessors, affiliates, successors and assigns, hereby release and discharges the USACM Trust, its Trustee, and all agents, professionals, and counsel from any and all claims, demands, liabilities, obligations, damages, payments, fees, losses, and expenses, known or unknown, asserted or unasserted, of whatever nature, now existing or hereafter arising or in any way related to the transfers alleged in the Original Complaint in the Adversary Proceeding, Adversary No. 08-01127-LBR.

See Proposed Settlement Agreement, attached as **Exhibit 1** to the Berman Declaration.

## ARGUMENT

The Joint Plan does not expressly require Bankruptcy Court approval of proposed settlements.  Rather, the Joint Plan provides that the USACM Trust shall have the discretion to:

> commence, prosecute, defend against, recover on account of, and settle all rights, Claims, causes of action, defenses, and counterclaims in their sole discretion in accordance with what is in the best interests, and for the benefit, of the Debtors or the Post-Effective Date Entities.

Joint Plan, pps. 47-48, 59.  In an abundance of caution, and as required by the Proposed Settlement Agreement, the USACM Trust seeks the Bankruptcy Court's approval of the Proposed Settlement Agreement pursuant to Bankruptcy Rule 9019.

Bankruptcy Rule 9019 provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019. In order to approve a compromise and settlement, the Court must find that it is fair and equitable to the estate and, "[i]n determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Arden v. Motel Partners (In re: Arden)*, 156 F.3d 729 (9th Cir. 1999); *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377 (9th Cir. 1986), *cert. denied,* 479 U.S. 854 (1986).

The USACM Trust is not required to satisfy each of these factors as long as the factors as a whole favor approving the settlement. *See In re Pacific Gas & Electric Co.,* 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004). In considering the factors, "a precise determination of the likely outcome is not required, since an exact judicial determination of the values at issue would defeat the purpose of compromising the claim." *In re Telesphere Comm's, Inc.,* 179 B.R. 544, 553 (Bankr. N.D.Ill. 1994) (internal quotations omitted). Thus, rather than determining various issues of fact and law, the court should "canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re Lion Capital Group,* 49 B.R. 163, 175 (Bankr. S.D.N.Y. 1985) (internal quotations omitted).

The USACM Trust respectfully submits that the Proposed Settlement Agreement satisfies each of these factors. If the Proposed Settlement Agreement is not approved by this Court, the USACM Trust will be required to expend significant resources in pursuit of the Pending Litigation. **Exhibit A, ¶** 6. Trial of this matter will likely be protracted, complex, and expensive, and there are no guarantees as to the ultimate outcome. **Exhibit A, ¶** 6. Moreover, even were the USACM Trust ultimately successful at trial,

there is substantial uncertainty of the ability to recover any judgment from Amesbury, who has limited assets available to satisfy any judgment. **Exhibit A, ¶** 6.

If approved, however, the Proposed Settlement Agreement will allow the USACM Trust to avoid protracted and complex litigation with Amesbury, allow the USACM Trust to seek recovery on the judgment from what remains of Amesbury's assets, and resolve all claims, obligations, demands, actions, causes of action and liabilities between the Parties relating to the Pending Litigation.    The result of the Settlement is substantial in light of the current stage of the Pending Litigation, the complexity, expense, the risks and uncertainty of going to trial, and the uncertainty related to collection.    The terms of the Proposed Settlement Agreement fall within the reasonable range of likely outcomes of the Pending Litigation with Amesburyport, while eliminating litigation risks, costs, and delay associated with trial and a potential appeal. **Exhibit A**, ¶ 7.    The Proposed Settlement Agreement is the product of arms' length bargaining, without fraud or collusion.    **Exhibit A, ¶** 5.    The Proposed Settlement Agreement will thus facilitate recoveries for the benefit of the beneficiaries of the USACM Trust who have suffered loss as a result of the events leading to the USACM bankruptcy.

Accordingly, the USACM Trust has concluded in the exercise of its reasonable business judgment that the time and expense that would necessarily be attendant with continued pursuit of the Pending Litigation greatly outweighs the benefits to be gained by resolving these matters on the terms set forth in the Proposed Settlement Agreement. **Exhibit A, ¶** 7.

## **CONCLUSION**

For the foregoing reasons, the USACM Trust requests entry of an order, substantially in the form attached hereto as **Exhibit B**, approving the Proposed Settlement Agreement, authorizing the USACM Trustee to execute the Settlement

1   Agreement on behalf of the USACM Trust, and granting such other and further relief as

2   the Court deems appropriate.

3
    DATED August 20, 2009.
4   **DIAMOND MCCARTHY LLP**                    **LEWIS AND ROCA LLP**

5   By: _____/s/ J. Maxwell Beatty_____         By: _____/s/ Rob Charles_____
6   Allan B. Diamond, TX 05801800 (pro hac vice)   Rob Charles, NV 6593
    Eric D. Madden, TX 24013079 (pro hac vice)     3993 Howard Hughes Parkway, Suite 600
7   Stephen T. Loden, TX 24002489 (pro hac vice)   Las Vegas, Nevada  89169-5996
    J. Maxwell Beatty, TX 24051740 (pro hac vice   (702) 949-8320 (telephone)
8   909 Fannin, Suite 1500                         (702) 949-8321 (facsimile)
    Houston, Texas 77010
9   (713) 333-5100 (telephone)                     *Counsel for USACM Liquidating Trust*
10  (713) 333-5199 (facsimile)

11  *Special Litigation Counsel for*
    *USACM Liquidating Trust*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that I am an employee of the law firm of DIAMOND

3

MCCARTHY LLP and that on the 20th day of August 2009, I caused to be served a true

4

and correct copy of the **MOTION FOR APPROVAL OF SETTLEMENT**

5

**PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF**

6

**BANKRUPTCY PROCEDURE** (1) by electronic transmission to all parties on the

7

Post-Effective Date Service List Dated 03/31/09 and (2) by United States mail on the 21st

8

9

day of August 2009, to counsel for the Defendant, Richard Dowd, Esq., 108 Warren Road,

10

Framingham, MA 01702.

11

12

_/s/ Catherine A. Burrow_

13

Catherine A. Burrow, CLA
Legal Assistant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

EXHIBIT A

1

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
2  Houston, Texas 77010
Telephone (713) 333-5100
3  Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
4  Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

5  Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

6

7

8

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

9  In re:
USA COMMERCIAL MORTGAGE COMPANY,

10  USA CAPITAL REALTY ADVISORS, LLC

11

USA CAPITAL DIVERSIFIED TRUST DEEF FUND,
12  LLC

13  USA CAPITAL FIRST TRUST DEED FUND, LLC,

14  USA SECURITIES, LLC

15                        Debtors

16  **Affects:**
USA Commercial Mortgage Company

17

18

19

20

21

22

Case No.: BK-S-06-10725-LBR
Case No. BK-S-06-10726-LBR
Case No. BK-S-06-10727-LBR
Case No. BK-S-06-10728-LBR
Case No. BK-S-06-10729-LBR

Chapter 11

Jointly Administered Under Case No.
BK-S-06-10725-LBR

Judge Linda B. Riegle

**DECLARATION OF GEOFFREY
L. BERMAN IN SUPPORT OF
MOTION FOR APPROVAL OF
SETTLEMENT PURSUANT TO
RULE 9019 OF THE FEDERAL
RULES OF BANKRUPTCY
PROCEDURE**

Hearing Date:   August 21, 2009
Hearing Time:   9:30 a.m.

23

24        Geoffrey L. Berman, in his capacity as the Court-appointed Trustee of the

25  USACM Liquidating Trust, declares under penalty of perjury as follows:

26

27

1.     I am an adult person competent to testify in court. I make the following statements based upon my personal knowledge except where otherwise indicated.

2.     I am the Court-appointed trustee of the USACM Liquidating Trust (the "USACM Trust") pursuant to the order confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" (the "Joint Plan") entered on January 8, 2007 in *In re USA Commercial Mortgage,* Cause No. BK-S-06-10725 pending in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), and submit this declaration in that capacity. The Joint Plan became effective on March 12, 2007 (the "Effective Date").

3.     I submit this declaration in support of the USACM Trust's Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion"). As discussed in the Motion, the USACM Trust seeks Bankruptcy Court approval of the Proposed Settlement Agreement[1] between the USACM Trust and Amesburyport Corporation ("Amesburyport"). A copy of the Proposed Settlement Agreement is attached hereto as **Exhibit 1**.

4.     In the Pending Litigation, the USACM Trust is seeking to recover approximately $2,832,832.26 in funds that were transferred to Amesburyport via Lawyers Title, a third party escrow. The USACM Trust's litigation counsel, Diamond McCarthy LLP, has aggressively pursued the USACM Trust's claims.

5.     Following extensive arms-length negotiations, the Parties reached a tentative agreement to resolve the Pending Litigation subject to execution of a mutually-agreeable settlement agreement.

6.     As discussed in the Motion, I believe the Proposed Settlement Agreement represents a fair and reasonable compromise of the Pending Litigation. If the Proposed Settlement Agreement is not approved by this Court, the USACM Trust will be required

---

[1]    Unless otherwise defined herein, capitalized terms are used as defined in the Motion.

to expend significant resources in pursuit of the Pending Litigation. Trial of this matter will likely be protracted, complex, and expensive, and there are no guarantees as to the ultimate outcome. Moreover, even were the USACM Trust ultimately successful at trial, there is substantial uncertainty of the ability to recover any judgment from Amesbury, who has limited assets available to satisfy any judgment. During settlement discussions, the USACM Trust requested and received financial information from Amesburyport's third-party accountant, William E. Sheid. Mr. Sheid informed the USACM Trust that the bulk of Amesburyport's assets consisted of land holdings with a book value of approximately $1.35 million. However, based on the USACM Trust's investigation, this land is subject to a lien that greatly exceeds the likely realizable value of the property.

7.    The terms of the Proposed Settlement Agreement falls within what I believe to be the reasonable range of likely outcomes of the Pending Litigation with Amesburyport, while eliminating litigation risks, costs, and delay associated with trial and a potential appeal.

I declare under penalty of perjury that the foregoing is true and correct.

Executed August 20 , 2009 at Los Angeles, California.

Geoffrey L. Berman
Development Specialists, Inc.
333 South Grand Ave., Suite 4070
Los Angeles, California 90071-1544

3

Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE (the "Settlement Agreement")
dated this fifth day of February, 2009, is entered into by and between GEOFFREY L. BERMAN
(the "Trustee"), solely in his capacity as Trustee of the USACM Liquidating Trust (the "Trust"),
successor to USA Commercial Mortgage Company ("USACM") on the one hand, and
AMESBURYPORT COPRORATION ("Amesburyport"), the Estate of William H. Sullivan,
Tracey E. Belden, and Eric W. Sullivan on the other hand (all signatories to this Settlement
Agreement are collectively referred to as the "Parties" or individually referred to as a "Party"),
based upon the following facts and representations.

## RECITALS

A.      On April 11, 2008, the Trust commenced Adversary Proceeding No. 08-01127-
LBR (the "Adversary Proceeding") by filing the USACM Liquidating Trust's Original
Complaint against Amesburyport.  In the Adversary Proceeding, the Trust seeks the recovery of
$2,832,832.26 allegedly transferred to Amesburyport via Lawyers Title Insurance Corporation
("Lawyers Title"), a third party escrow.

B.      Amesburyport is a Massachusetts corporation that developed a 5.3 acre parcel of
property on Merrimac Street in Amesbury, Essex County, Massachusetts as a condominium
development during the years 2000-2005.

C.      The Trust has alleged that certain insiders of USACM are guilty of wrongful
conduct, looting and misappropriation. However, the Trust has not alleged that Amesburyport or
Mr. William H. Sullivan directly participated in these acts, and Amesburyport vigorously and
emphatically denies any wrongdoing by Amesburyport or Sullivan.  Rather, the instant suit
merely seeks the recovery of funds transferred to Amesburyport at the direction of USACM's

culpable insiders, without Amesburyport's knowledge of the fraudulent nature of those transfers.

D.     Amesbury and the Estate of William Sullivan have advised the Trust that other than his shares in Amesbury, Mr. William H. Sullivan owned only the following property at the time of his death: (a) a 1994 Chevrolet Camaro worth less than $6,000.00; (b) a boat with an approximate value of $14,000.00; and (c) Miscellaneous personal property (including furnishings, office equipment, clothing, etc.) worth less than $5,000.00.

## AGREEMENT

**NOW THEREFORE**, in consideration of the mutual covenants, representations, disclosures and agreements between the Parties set forth in this Settlement Agreement, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

(A)     Party Performance.

    1.     <u>Amesburyport</u>.

        a)     Amesburyport shall execute a Stipulated Judgment in a form substantially similar to that attached hereto as **Exhibit A** (the "<u>Judgment</u>") to be entered by the Bankruptcy Court in favor of the Trust for liability on the Judgment in the aggregate sum of $2,832,832.26.

    2.     <u>USACM Liquidating Trust</u>.

        a)     Upon entry of an order approving this settlement by the Bankruptcy Court and entry of the approved judgment, the Trust shall dismiss its claims against Amesburyport in the Adversary Proceeding, Case No. 08-01127-LBR, with prejudice.

(B)     <u>Release</u>.

<u>Release by USACM Liquidating Trust</u>.     Except as set forth in this Settlement

Agreement, the Trust, on behalf of itself, its predecessors, affiliates, successors and assigns, hereby releases and discharges Amesburyport, the Estate of William H. Sullivan, Tracey E. Belden, Eric W. Sullivan, and their executors, administrators and personal representatives (collectively, the "Released Parties") from any and all claims, demands, liabilities, obligations, damages, payments, fees, losses, and expenses, known or unknown, asserted or unasserted, of whatever nature, now existing or hereafter arising or in any way related to the Transfers alleged in the Original Complaint in the Adversary Proceeding, Adversary No. 08-01127-LBR.

(C)    Release In Favor of USACM Trust By Amesburyport.    Except as set forth in this Settlement Agreement, the Released Parties, on behalf of themselves, their predecessors, affiliates, successors and assigns, hereby release and discharges the USACM Trust, its Trustee, and all agents, professionals, and counsel from any and all claims, demands, liabilities, obligations, damages, payments, fees, losses, and expenses, known or unknown, asserted or unasserted, of whatever nature, now existing or hereafter arising or in any way related to the transfers alleged in the Original Complaint in the Adversary Proceeding, Adversary No. 08-01127-LBR.

(E)    Jurisdiction.    The bankruptcy court for the District of Nevada shall retain jurisdiction to settle any disputes arising out of this Settlement Agreement.

(F)    Unknown Facts.    The Parties hereby agree and acknowledge that they may hereafter discover facts different from, or in addition to, those that they now believe to be true with respect to any and all liabilities, debts, demands, rights, covenants, judgments, controversies, claims, damages, or causes of action, here released.    Nevertheless, the Parties hereby agree that the releases set forth shall be and remain effective and in full force in all respects, notwithstanding the discovery of different or additional facts. The Parties represent that they understand and acknowledge the legal significance and consequences of the foregoing

release, dismissal and settlement of all unknown claims and hereby assume all responsibilities for any inquiries, damages, losses and/or liabilities that hereafter may occur.

(G)     <u>Compromise of Disputed Claims</u>.    This Settlement Agreement constitutes a compromise of the claims in the Adversary Proceeding.   Neither this settlement nor anything contained in this Settlement Agreement shall be construed as an admission of liability on the part of any Party.

(H)     <u>Bankruptcy Court Approval</u>.   This Settlement Agreement is subject to Bankruptcy Court Approval.    Pending Bankruptcy Court approval of this Settlement Agreement, as to all Parties to this Settlement Agreement, except as otherwise ordered by the Court, all future discovery, discovery deadlines, hearings, and pending responses to the Second Amended Complaint in the Adversary Proceeding shall be stayed and held in abeyance.

(I)     <u>Severability</u>.    The provisions of this Settlement Agreement are severable and the invalidity or unenforceability of any provision of this Settlement Agreement shall not affect the validity or enforceability of the remaining provisions.

(J)     <u>Governing Law</u>.   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Nevada, except as such laws may be preempted or superseded by the laws of the United States.

(K)     <u>Attorney's Fees</u>.   In the event of a dispute over or relating to the terms of this Settlement Agreement, the prevailing Party in any action or proceeding brought in connection with such dispute or the enforcement of this Settlement Agreement shall be entitled to recover from the other Party his, her, or its costs, including reasonable attorney fees.

(L)     <u>Litigation Fees and Expenses</u>. Each Party hereto agrees to bear its own attorney's fees and costs arising out of or related to the Adversary Proceeding, including without limitation,

the negotiation, documentation and court approval of this Settlement Agreement.

(M)    <u>Settlement Agreement as Defenses to Future Actions</u>.  This Settlement Agreement may be pled as a full and complete defense to, and the Parties hereby consent that it may be used as the basis for, an injunction against any action, suit, or other proceeding based on the claims released by this Settlement Agreement.

(N)    <u>Counterparts</u>.  This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument.  A facsimile signature shall also constitute an original signature of this Settlement Agreement.

(O)    <u>Headings for Convenience Only</u>.  The Parties acknowledge that the paragraph headings contained herein are only for the convenience of the Parties.  The substance and provisions hereof control without regard to the headings.

(P)    <u>Preparation of Settlement Agreement</u>.  The Parties acknowledge that this Settlement Agreement has been negotiated and prepared in an arms-length transaction and that all Parties are deemed to have drafted this Settlement Agreement and this Settlement Agreement shall not be interpreted against any Party as the draftsperson.

(Q)    <u>Authority to Execute Settlement Agreement</u>.  Each Party represents and warrants that it has the authority to execute this Settlement Agreement and that it has not assigned such rights, or any of its claims released herein, to any other Party by way of explicit assignment, subrogation, operation of law, or otherwise.

(R)    <u>Other Acts and Documents</u>.  The Parties agree to undertake such other acts and execute such other documents as may be reasonably necessary to affect the purpose and intent of this Settlement Agreement.

(S)    <u>Successors and Assigns</u>. This Agreement, except as otherwise expressly provided herein, will be binding on, and will inure to the benefit of, the respective legatees, devisees, heirs, executors, administrators, assigns, directors, trustees, successors and partners of interest of the parties. This Agreement is not intended to have any third party beneficiaries.

(T)    <u>Amendment or Modification</u>. This Agreement may only be amended or modified by a written instrument signed by all Parties. The Parties agree that any oral modification or termination, or modification or termination by conduct of any of the Parties will not be effective or enforceable unless the Parties have executed a written amendment expressly referring to this Settlement Agreement.

(U)    <u>Waiver of Breach</u>. The waiver by one party of any breach of this Agreement by the other party will not be deemed a waiver of a future breach of the same provision, or a waiver of any other provision of this Agreement.

(V)    <u>Containment of Entire Agreement</u>. This Agreement supersedes any and all other agreements and contains the entire Agreement of the parties except as otherwise provided for herein. This Agreement is not subject to any condition precedent with respect to formation or performance, written, oral or otherwise implied not specifically set forth herein.

(W)    <u>Agreement Voluntarily and Clearly Understood</u>. Each Party to this Agreement acknowledges and declares that he/it (i) is fully and completely informed as to the facts relating to the subject matter of this Agreement and as to the rights, duties and liabilities of all Parties; (ii) enters into this Agreement voluntarily, free from undue influence, coercion or duress of any kind; (iii) has given careful thought to the making of this Agreement; (iv) has carefully read each of the provisions of this Agreement; and (v) fully and completely understands each provision of this Agreement.

(X)    <u>Representation by Counsel</u>.  The Parties each warrant and acknowledge that they have read and understood the terms of this Settlement Agreement and that they have had the opportunity to retain legal counsel of their choice throughout the negotiations which preceded the signing of this Settlement Agreement and rely solely on their counsel's representations.

**IN WITNESS WHEREOF**, the Parties execute this Settlement Agreement as of the day and year first written above.

| USACM LIQUIDATING TRUST | AMESBURYPORT CORPORATION |
|---|---|
| *Geoffrey L. Berman* (signature) | |
| By: GEOFFREY L. BERMAN | By: _____ |
| Title: TRUSTEE | Title: _____ |
| _____ | _____ |
| Eric W. Sullivan | Tracey E. Belden |
| ESTATE OF WILLIAM H. SULLIVAN | |
| _____ | |
| By: _____ | |
| Title: _____ | |

(X)    Representation by Counsel. The Parties each warrant and acknowledge that they have read and understood the terms of this Settlement Agreement and that they have had the opportunity to retain legal counsel of their choice throughout the negotiations which preceded the signing of this Settlement Agreement and rely solely on their counsel's representations.

**IN WITNESS WHEREOF,** the Parties execute this Settlement Agreement as of the day and year first written above.

| USACM LIQUIDATING TRUST | AMESBURYPORT CORPORATION |
|---|---|
| By: _____<br>Title: _____ | By: _Tracey Belden_____<br>Title: _President and Treasurer_ |
| _[signature]_<br>Eric W. Sullivan | _[signature]_<br>Tracey E. Belden |
| ESTATE OF WILLIAM H. SULLIVAN<br>_[signature]_<br>By: _Tracey Belden_<br>Title: _Heir-at-law_ | |

# EXHIBIT B

1
2
3
4
5

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

6

| | |
|---|---|
| In re: | Case No. BK-S-06-10725-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | Case No. BK-S-06-10726-LBR |
| | Case No. BK-S-06-10727-LBR |
| USA CAPITAL REALTY ADVISORS, LLC | Case No. BK-S-06-10728-LBR |
| | Case No. BK-S-06-10729-LBR |
| USA CAPITAL DIVERSIFIED TRUST DEEF FUND, LLC | Chapter 11 |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | Jointly Administered Under Case No. BK-S-06-10725-LBR |
| USA SECURITIES, LLC | |
| | Judge Linda B. Riegle |
| Debtors | |
| **Affects:** | **ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** |
| USA Commercial Mortgage Company | |

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Upon consideration of the motion, dated August 20, 2009 (the "Motion"), filed by the USACM Liquidating Trust (the "USACM Trust"), seeking authorization and approval to settle the Pending Litigation (as such term is defined in the Motion) with Amesburyport Corporation ("Amesburyport") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and due notice of the Motion and the hearing to be held thereon having been served to all parties entitled thereto in accordance with the Bankruptcy Rules and this Court's Local Rules, and no other or further notice need be given; and a hearing having been held before this Court; and the Court having concluded that the Proposed Settlement Agreement (as such term is defined in the Motion) is the result of good faith arm's-length

bargaining and not the product of fraud or collusion; and it appearing that the relief requested in the Motion is in the best interest of the estates and the beneficiaries of the USACM Trust, and upon the proceedings before the Court; and good and sufficient cause appearing therefor, it is:

ORDERED that the Motion is granted; and it is further

ORDERED that all objections, if any, to the Motion or the relief requested therein or granted in this Order, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled; and it is further

ORDERED that the Proposed Settlement Agreement as described in the Motion is authorized and approved pursuant to Bankruptcy Rule 9019; and it is further

ORDERED that Geoffrey L. Berman, in his capacity as the Court-appointed trustee of the USACM Trust, is authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary to consummate the Proposed Settlement Agreement and perform any and all obligations contemplated therein on behalf of the USACM Trust; and it is further

ORDERED that this Court shall retain jurisdiction over any and all disputes arising under or otherwise relating to the construction, performance and enforcement of the terms of this Order on the terms and conditions of the Proposed Settlement Agreement hereby authorized or approved.

PREPARED AND SUBMITTED:
**DIAMOND MCCARTHY LLP**
By: _____/s/ J. Maxwell Beatty_____
Allan B. Diamond, TX 05801800 (pro hac vice)
Eric D. Madden, TX 24013079 (pro hac vice)
Stephen T. Loden, TX 24002489 (pro hac vice)
J. Maxwell Beatty, TX 24051740 (pro hac vice
909 Fannin, Suite 1500
Houston, Texas 77010
(713) 333-5100 (telephone)
(713) 333-5199 (facsimile)

*Special Litigation Counsel for*
*USACM Liquidating Trust*

###