E-FILED ON 08/26/09

| | |
|---|---|
| **DIAMOND MCCARTHY LLP**<br>909 Fannin, Suite 1500<br>Houston, Texas 77010<br>Telephone (713) 333-5100<br>Facsimile (713) 333-5199<br><br>Allan B. Diamond, TX State Bar No. 05801800<br>Email: adiamond@diamondmccarthy.com<br>Eric D. Madden, TX State Bar No. 24013079<br>Email: emadden@diamondmccarthy.com<br><br>Special Litigation Counsel for USACM Liquidating Trust | **LEWIS AND ROCA LLP**<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169-5996<br>Telephone (702) 949-8320<br>Facsimile (702) 949-8321<br><br>Rob Charles, NV State Bar No. 006593<br>Email: rcharles@lrlaw.com<br><br><br><br>Counsel for USACM Liquidating Trust |

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC<br><br>USA CAPITAL DIVERSIFIED TRUST DEEF FUND, LLC<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC<br><br>Debtors<br><br>**Affects:**<br>USA Commercial Mortgage Company | Case No.: BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>Chapter 11<br><br>Jointly Administered Under Case No.<br>BK-S-06-10725-LBR<br><br>Judge Linda B. Riegle<br><br>**SUPPLEMENTAL DECLARATION OF GEOFFREY L. BERMAN IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**<br><br>Hearing Date:  September 3, 2009<br>Hearing Time:  9:30 a.m. |

Geoffrey L. Berman, in his capacity as the Court-appointed Trustee of the USACM Liquidating Trust, declares under penalty of perjury as follows:

1. I am an adult person competent to testify in court. I make the following statements based upon my personal knowledge except where otherwise indicated.

2. I am the Court-appointed trustee of the USACM Liquidating Trust (the "USACM Trust") pursuant to the order confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" (the "Joint Plan") entered on January 8, 2007 in *In re USA Commercial Mortgage,* Cause No. BK-S-06-10725 pending in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), and submit this declaration in that capacity. The Joint Plan became effective on March 12, 2007 (the "Effective Date").

3. I submit this supplemental declaration in support of the USACM Trust's Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion") and in response to issues raised during the August 21, 2009 hearing on the Motion. As discussed in the Motion, the USACM Trust seeks Bankruptcy Court approval of the Proposed Settlement Agreement[1] between the USACM Trust, Mountain West Mortgage LLC ("MWM"), John M. Keilly ("Keilly") and J.M.K. Investments, Ltd. ("JMK") (collectively, MWM, Keilly, and JMK are referred to as "Defendants"). A copy of the Proposed Settlement Agreement is attached to my original declaration filed in conjunction with the Motion (the "Original Declaration").

4. In addition to considering the factors discussed in my Original Declaration, I have also considered the impact, if any, on the reasonability of the Proposed Settlement caused by the proof of claim MWM has filed in the USACM chapter 11 case (the "Claim") In the Claim, MWM asserts that it is entitled to a general unsecured claim in the amount of $2,048,000.00 for amounts that were allegedly due from USACM as an exit fee for a loan transaction referred to as the "Lerin Hills" loan.

5. On March 13, 2007, the USACM Trust filed the Objection of the USACM Liquidating Trust To Proof Of Claim Filed By Mountain West Mortgage Co./Lerin Hills (Claim

---

[1] Unless otherwise defined herein, capitalized terms are used as defined in the Motion.

2

No. 203) [Docket No. 3078] (the "Claim Objection"). The Court has set trial on the Claim Objection to occur on October 22, 2009 (the "Trial"). As discussed in the Claim Objection, the Trust objected to the Claim because it is based upon an alleged oral agreement that is restated in an affidavit from Joseph Milanowski attached to the Claim. Except for Mr. Milanowski's potential testimony, I am not aware of any evidence MWM has to support its assertions of an oral agreement with USACM for the alleged exit fee. Moreover, *the Lerin Hills loan was never repaid* so that even if there were such an oral agreement, no exit fee is due.. For that reason, I have been unwilling to give MWM any meaningful allowed claim.

6. Further, during the settlement conference which I attended on behalf of the Trust with the Defendants, both I and my counsel attempted to include the Claim as part of the settlement negotiations. Thomas Jurbala (MWM's principal) did not attend the settlement conference despite being order to appear, and his counsel stated that he did not have authority to negotiate resolution of the Claim as part of a global settlement.[2] Therefore, I and my counsel pursued and ultimately reached a settlement solely of this adversary proceeding, exclusive of and knowingly without also resolving the MWM proof of claim. It is that Proposed Settlement that is addressed in the Motion.

7. As discussed in my Original Declaration, I believe the Proposed Settlement represents a reasonable compromise of the Pending Litigation because it will result in a substantial recovery for the beneficiaries of the USACM Trust without the expense, time, and risks of further litigation, trial, and efforts to collect on any judgment the USACM Trust may ultimately obtain. In my judgment, those benefits are worth pursuing even though the Claim will

---

[2] As the Court may recall, Mr. Jurbala was sanctioned for his failure to appear at the settlement conference.

not be resolved. This is especially true because, as discussed above and in the Claim Objection, I believe the Claim is without merit.

7. For all of these reasons, as well as the reasons discussed in my Original Declaration, I continue to believe that the Proposed Settlement falls within the reasonable range of likely outcomes of the Pending Litigation, after accounting for litigation risks, costs, and delay associated with trial, appeal and ultimately, if successful, collection of any judgment awarded.

I declare under penalty of perjury that the foregoing is true and correct.

Executed August 26, 2009 at Los Angeles, California.

/s/ Geoffrey L. Berman
Geoffrey L. Berman
Development Specialists, Inc.
333 South Grand Ave., Suite 4070
Los Angeles, California 90071-1544