LEWIS
AND
ROCA
— LLP —
L A W Y E R S

E-Filed on 9/4/09

1

2

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

3

4

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

5

Attorneys for USACM Liquidating Trust

6

## UNITED STATES BANKRUPTCY COURT

7

## DISTRICT OF NEVADA

8

In re:

9

USA COMMERCIAL MORTGAGE
COMPANY,

10

11

USA CAPITAL REALTY ADVISORS,
LLC,[1]

12

13

USA CAPITAL DIVERSIFIED TRUST
DEED FUND, LLC,

14

USA CAPITAL FIRST TRUST DEED
FUND, LLC,[2]

15

USA SECURITIES, LLC,[3]

16

Debtors.

17

**Affects:**
☐ All Debtors
☒ USA Commercial Mortgage Company
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA Capital First Trust Deed Fund, LLC
☐ USA Securities, LLC

18

19

20

Case No. BK-S-06-10725-LBR
Case No. BK-S-06-10726-LBR[1]
Case No. BK-S-06-10727-LBR[2]
Case No. BK-S-06-10728-LBR[2]
Case No. BK-S-06-10729-LBR[3]

CHAPTER 11

Jointly Administered Under Case No.
BK-S-06-10725 LBR

**NINETEENTH OMNIBUS
OBJECTION OF USACM TRUST TO
PROOFS OF CLAIM BASED, IN
WHOLE OR IN PART, UPON
INVESTMENT IN THE BAY
POMPANO BEACH  LOAN**

Date of Hearing:  October 5, 2009
Time of Hearing: 9:30 a.m.

21

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant

22

to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and

23

Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an

24

order disallowing the Proofs of Claim filed by individual investors ("Direct Lenders")

25

26

[1] This bankruptcy case was closed on September 23, 2008.
[2] This bankruptcy case was closed on October 12, 2007.
[3] This bankruptcy case was closed on December 21, 2007.

LEWIS
AND
ROCA
—— LLP ——
L A W Y E R S

against USA Commercial Mortgage Company ("USACM") to the extent such claims are

based upon an investment in the Bay Pompano Beach Loan (the "Pompano Loan").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      BACKGROUND**

1.      On April 13, 2006 ("Petition Date"), USA Commercial Mortgage Company

("USACM"), USA Securities, LLC, USA Capital Realty Advisors, LLC, USA Capital

Diversified Trust Deed Fund, LLC, and USA Capital First Trust Deed Fund, LLC

(collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the

Bankruptcy Code.  Debtors continued to operate their businesses, if any, as debtors-in-

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Debtors' post-

petition management of the Debtors was under the direction of Thomas J. Allison of

Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief

Restructuring Officer.

2.      USACM is a Nevada corporation that, prior to the Petition Date, was in the

business of underwriting, originating, brokering, funding and servicing commercial loans

primarily secured by real estate, both on behalf of investors and for its own account.

3.      That business included the solicitation of individual investors to purchase

fractional interest in loans that USACM originated and then serviced.  These investors,

totaling approximately 3,600 as of the Petition Date, are referred to as "Direct Lenders" in

USACM's bankruptcy case and in this Objection.

4.      On September 14, 2006, the Court entered its Order Setting Deadline to File

Proofs of Claim and Proofs of Interest [Docket No. 1280] (the "Bar Date Order").  The

Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as

the deadline ("Bar Date") for creditors to file proof of claims.

2088095.1

LEWIS
AND
ROCA
LLP
LAWYERS

5.      On September 25, 2006, Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358].  All Creditors were served with a copy of the Bar Date order as well [Docket No. 1358].

6.      On November 6, 2006, a stipulation was filed and an order entered extending the Bar Date for Direct Lenders only to file proofs of claim until January 13, 2007 [Docket No. 1729].

7.      On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376] (the "Confirmation Order").

8.      As part of the Plan, USACM sold the servicing rights to most of the loans it serviced, including the Pompano Loan, to Compass Financial Partners, LLC.   The sale to Compass Financial Partners closed on February 16, 2007.

9.      Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

10.     On information and belief, Silar Advisors foreclosed on its loan(s) to Compass Financial Partners in September 2008 and alleges that it has become the successor servicer to the Pompano Loan and the Direct Lenders thereto

11.     Under the Plan, unsecured claims of Direct Lenders against USACM are classified in Class A-5.  Allowed Unsecured Claims "shall receive a beneficial interest in the USACM Trust, and on account of their Allowed Claim may receive a Pro Rata Share of the assets of the USACM Trust after satisfaction of all Allowed unclassified Claims, Allowed Class A-1, A-2, and A-3 Claims, and all post-Effective Date fees, costs, and expenses of implementation of the USACM Plan for USACM and the USACM Trust."

12.     The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007.  Geoffrey L. Berman is the Trustee.

2088095.1

LEWIS
AND
ROCA
—— LLP ——
L A W Y E R S

13.    **Exhibit A** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based, in part, upon an investment in the Pompano Loan.  **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Pompano Loan based upon the information provided by the claimant.  The claims listed in **Exhibit A** are referred to hereafter as the Pompano Claims**.**

## II.    JURISDICTION

14.    The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

15.    The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.    APPLICABLE AUTHORITY

16.    Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).

17.    The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a).  This objection is timely under the confirmed Plan, as the deadline for such objections has been extended to October 7, 2009, by this Court's orders.

18.    A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*,

4

2088095.1

178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).  The ultimate

burden of proof as to the validity of a proof of claim "remains at all times upon the

claimant."  *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035,

1039 (9th Cir. 2000).

### IV.   THE POMPANO LOAN DIRECT LENDERS

19.   On June 20, 2005, Bay Pompano Beach, LLC made and delivered to various

lenders, including the Direct Lenders identified in **Exhibit A**, a Promissory Note, in an

amount of $32,000,000 (the "Note").

20.   The Pompano Loan is secured by a first position Mortgage, Security

Agreement and Assignment of Rents ("Mortgage") on real property and improvements

thereon, as described in the Mortgage.  The Mortgage was recorded on June 30, 2005 at

Instrument No. 105140658 in the Official Records of the Broward County Commission,

Florida.

21.   Upon information and belief, the Pompano Loan was fully secured at the

time of the loan and was fully secured at the time USACM's servicing rights were sold to

Compass Partners.

22.   Upon information and belief, the property securing the Pompano Loan had

an approximate value of $30,100,000 as of May 25, 2006 based on an appraisal by Hilco

Real Estate Appraisal, LLC dated June 16, 2006.

23.   The Loan defaulted on June 19, 2006.

### V.   THE OBJECTIONS

24.   The Direct Lenders fail to state a claim as the Direct Lenders have not been

damaged by USACM.  Upon information and belief, the Direct Lenders are owed the

following as of July 1, 2009:

$3,387,598    Principal

$4,545,208    Accrued Interest

2088095.1

$7,932,806    Total of above

Thus, even assuming the Direct Lenders are entitled to all of the above amounts, the Pompano Loan appears to have been fully secured at the time USACM sold those servicing rights, and fully secured at the time the Pompano Loan was entered into.

25.     The Trust objects to the Direct Lenders' claims to the extent they are based on repaid principal.

26.     The Direct Lenders fail to state a claim as USACM has not breached the servicing contract.  USACM was under no duty to foreclose on the property securing the Pompano Loan, though a Notice of Default was sent to the Borrower and guarantors during the pendency of the USACM bankruptcy and prior to the sale of the servicing rights to Compass Financial Partners.  To the extent the property's value has dropped since USACM sold the servicing rights pursuant to the Plan of Reorganization, USACM is no longer a party to any servicing contract and consequently has no rights, duties, or obligations thereunder.

27.     USACM did not guarantee the Direct Lenders' investment in the Pompano Loan.  The Direct Lenders took a known risk by investing.  Accordingly, USACM is not liable for the Borrower's default or any decrease in the value of the collateral caused by the downturn in the real estate market.

28.     Upon information and belief, the direct lenders in the Bay Pompano claim were paid in full.

**VI.     CONCLUSION**

The USACM Trust respectfully requests that the Court disallow the claims listed in **Exhibit A** to the extent those claims are based upon a Direct Lender investment in the Pompano Loan.  The USACM Trust also requests such other and further relief as is just and proper.

Dated: September 4, 2009.

2088095.1

LEWIS AND ROCA
AND
ROCA
—LLP—
L A W Y E R S

1

2                                                LEWIS AND ROCA LLP

3

4                                                By /s/ Marvin Ruth (#10979)
                                                     Rob Charles, NV 6593
5                                                    John Hinderaker, AZ 18024 (*pro hac vice*)
                                                     Marvin Ruth, NV 10979
6                                                3993 Howard Hughes Parkway, Suite 600
                                                 Las Vegas, Nevada  89169
7                                                Telephone:  (702) 949-8200
                                                 Facsimile:   (702) 949-8398
8                                                E-mail:  mruth@lrlaw.com
                                                 *Attorneys for the USACM Liquidating Trust*
9
     Copy of the foregoing and pertinent
10   portion of Exhibit A mailed by first
     class postage prepaid U.S. Mail on
11   September 4, 2009 to all parties listed on
     Exhibit A attached.
12

13   LEWIS AND ROCA LLP

14

15    /s/ Carrie Lawrence_____
     Carrie Lawrence
16

17

18

19

20

21

22

23

24

25

26

                                        7

2088095.1