E-Filed on September 4, 2009

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 9490-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>        Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>        Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>        Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>        Debtor. | Judge Linda B. Riegle |
| In re:<br>USA SECURITIES, LLC,<br><br>        Debtor. | **APPLICATION TO COMPROMISE AND SETTLE CONTROVERSIES IN ADV. NO. 08-01268** |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Hearing Date:   October 5, 2009<br>Hearing Time:   9:30 a.m. |

## APPLICATION UNDER 11 U.S.C. § 9019
## TO COMPROMISE AND SETTLE CONTROVERSIES IN ADV. NO. 08-01268

The USACM Liquidating Trust (the "USACM Trust"), by and through its litigation counsel, files this *Application to Compromise and Settle Controversies in Adv. No. 08-01268* (the "Motion") and moves this honorable Court for: (a) an order pursuant to Federal Rule of

Bankruptcy Procedure 9019 ("Rule 9019") approving the *Settlement Agreement, Mutual Release, and Covenants* inclusive of the Letter Agreement Addendum to 'Settlement Agreement, Mutual Release, and Covenant (the "<u>Settlement Agreement,</u>" attached hereto as Exhibit "A") between the USACM Trust and LUCIUS BLANCHARD, the BLANCHARD CHILDREN'S IRREVOCABLE TRUST DTD 12/1/90 ("BCT"), THOMAS A. HANTGES in his capacity as Trustee for the BCT, and PALOMINO PARTNERS, LTD. (collectively, the "Blanchard Defendants") in Adversary Proceeding Number 08-01268 (the "Blanchard Adversary Proceeding"), and (b) an order pursuant to Nevada Revised Statute § 17.225, et seq. barring claims against the Blanchard Defendants for indemnity and/or contribution. A proposed form of order is attached hereto as Exhibit "B."

This Motion is made pursuant to Federal Rule of Bankruptcy Procedure 9019 and is based upon the points and authorities listed herein, the Declaration of Geoffrey L. Berman in Support of the Motion for Approval of Settlement Pursuant to Rule 9019 the Federal Rules of Bankruptcy Procedure (the "Berman Declaration," hereto attached as Exhibit "C"), and any evidence and argument to be presented at the time of the hearing of this Motion.

The USACM Trust would ask that the Court consider this motion in conjunction with the *Application to Compromise and Settle Controversies in Adv. No. 08-01125* (the "Eagle Ranch Adversary Proceeding") and the *Application to Compromise and Settle Controversies in Adv. No. 08-01002* (the "Hantges Estate Adversary Proceeding") as all three motions are based upon the same settlement agreement that resulted from a global settlement of these related claims, and the resolution of all these matters simultaneously was and is a primary benefit of reaching the settlement.

## BACKGROUND FACTS

*The USACM Trust*

On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM") and certain of its affiliated companies and subsidiaries (collectively, the "Debtors"), each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"). The Debtors' chapter 11 cases are being jointly administered under Bankruptcy Case No. BK-S-06-10725-LBR (the "USA Capital Bankruptcy Case"). On January 8, 2007, the Bankruptcy Court confirmed the Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan"), and on March 12, 2007, the Joint Plan became effective and the Debtors emerged from bankruptcy.

The USACM Trust was created pursuant to the Joint Plan and is governed by the provisions of the Liquidating Trust Agreement (the "USACM Trust Agreement"). The Joint Plan expressly retained the Debtors' causes of action for enforcement by the USACM Trust, pursuant to 11 U.S.C. § 1123(b)(3)(B). Accordingly, the USACM Trust now holds any and all potential claims and causes of action, whether arising pre-petition or post-petition, that USACM and the USACM Trust may have or may at any time have had against Lucius Blanchard, Thomas Hantges, BCT, and Palomino Partners (collectively, the "Blanchard Defendants").

*The Blanchard Adversary Proceeding*

On August 25, 2008, the USACM Trust commenced adversary proceeding number 08-01268, entitled *USACM Liquidating Trust v. Blanchard, et al.* (the "Blanchard Adversary Proceeding") seeking to recover USACM funds that were fraudulently transferred to the Blanchard Defendants (collectively, the "Transfers"). Ex. C, ¶ 4. In the Blanchard Adversary Proceeding, the USACM Trust asserts that USACM received no benefits for the Transfers, and

that the Transfers were made in contravention of Bankruptcy Code sections 547 and 548, and section 112.180 of the Nevada Revised Statutes, and that the transfers unjustly enriched the Blanchard Defendants. The Blanchard Defendants deny each and every one of the USACM Trust's allegations in the Blanchard Adversary Proceeding.

### The Proposed Settlement

In an effort to resolve the above-styled adversary as well as two related adversaries—one brought by the USACM Trust and another brought by Michael W. Carmel, the chapter 11 Trustee for the estate of Thomas A. Hantges ("Carmel")—a global joint mediation was held on July 17, 2009. The USACM Trust and the Blanchard Defendants participated in the mediation, along with EAGLE RANCH LLC,[1] Carmel, and the defendants to his claims, which defendants include: THOMAS A. HANTGES, an individual; LUCIUS BLANCHARD, in his individual capacity and as former trustee of The Hantges Children's Education Trust ("HCET"); ANDREW HANTGES, in his individual capacity and as former trustee of HCET; BRENDEN HANTGES, an individual; MATTHEW HANTGES, an individual; ROBERT HANTGES, an individual; VICTORIA LOOB, an individual; WELLS FARGO BANK, N.A., as current trustee for the HCET; and THE HANTGES CHILDREN'S EDUCATION TRUST, a purported Nevada Trust[2] (collectively with the Blanchard Defendants, the "Mediating Defendants")(all parties collectively, the "Mediating Parties"). All Mediating Parties reached a global settlement to resolve both the USACM Trust's and Carmel's claims against the Mediating Defendants except as described herein; the executed Settlement Agreement, subject to this Court's approval is attached hereto as Exhibit "C." The material terms of the Proposed Settlement are summarized

---

[1]    Eagle Ranch LLC is a defendant in Adv. No. 08-01125 (the "Eagle Ranch Adversary Proceeding").

[2]    Lucius Blanchard, Thomas Hantges, Andrew Hantges, Matthew Hantges, Robert Hantges, Brendan Hantges and Wells Fargo Bank, N.A. (the "Hantges Defendants") are defendants in Adv. No. 08-01002 (the "Hantges Adversary Proceeding").

as follows: [3]

- The Mediating Defendants unconditionally agree to pay the sum of two million five hundred fifty thousand dollars ($2,550,000) to Carmel and the USACM Liquidating Trust (the "Plaintiffs") by wire transfer, certified check, or other method as may be agreed upon by the Mediating Parties (the "Settlement Payment") on or before the fifth business day after approval of the Proposed Settlement Agreement by this Court;

- Upon approval of the Proposed Settlement Agreement by the court pursuant to Rule 9019, Wells Fargo, in its capacity as trustee of the HCET, has authority to release and pay any amounts to effectuate the Proposed Settlement Agreement as agreed to by the HCET beneficiaries. The Proposed Settlement Agreement supercedes any and all orders or agreements concerning the HCET. Upon timely payment of the settlement payment, Wells Fargo or any successor trustee shall be authorized to administer the trust in accordance with the terms therein without further order of the Court;

- Eagle Ranch LLC unconditionally agrees to and shall assign to the Plaintiffs all claims and interest in any and all proceeds from the claims belonging to Eagle Ranch LLC against the City of Victorville currently the subject of pending litigation in San Bernardino County, California. Documents to effectuate the assignment will be drafted within ten business days of the execution of the Settlement Agreement. The assignment will be executed on our before the fifth business day after the approval of the Settlement Agreement by the Court;

- Palomino Partners, Ltd. unconditionally agrees to purchase from Plaintiffs, upon Plaintiffs' demand, the claims, interest, and proceeds assigned to the Plaintiffs as described in the preceding paragraph for the sum of five hundred thousand dollars ($500,000) in cash (the "Eagle Ranch Put"). Plaintiffs intend to exercise the Eagle Ranch Put on our before the fifth business day after assignment, but no later than thirty (30) days after the assignment. Upon Plaintiffs' exercise of the Eagle Ranch Put, the Eagle Ranch Put transaction will be executed and effectuated. Documents necessary to effectuate consummation of the Eagle Ranch Put will be drafted within 10 days of the execution of the Settlement Agreement;

- Upon receipt of the Settlement Payment, the Plaintiffs hereby release and discharge all Defendant Released Parties (which per the agreement explicitly *excludes* Thomas Hantges) and all of their present and former principals, members, agents, employees, staff, predecessors, and successors and the respective attorneys, consultants, adjustors and insurers in the capacities as such, from any and all claims, demands, damages, liabilities, actions, and causes of action or suits at law or in equity of whatever kind, whether state or federal, arising pre-petition or post-petition, known or unknown, including but not limited to those brought in the Blanchard Adversary Proceeding, the

---

[3]    The following is solely a summary of the terms of the Settlement Agreement, and in no way is intended as an amendment, modification, or supplementation of the Settlement Agreement terms. The terms of the written settlement agreement between the Parties shall prevail in the event of any conflict with this summary. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

Eagle Ranch Adversary Proceeding, and the Hantges Adversary Proceeding. Thomas Hantges will not receive this general release, but claims asserted against him and all of the Mediating Defendants specifically made in the Hantges Adversary Proceeding, the Blanchard Adversary Proceeding and the Eagle Ranch Adversary Proceeding will be dismissed with prejudice, with Plaintiffs to bear only their own attorneys' fees and costs;

- Plaintiffs also hereby release and discharge any and all claims against certain entities not parties to the Hantges Adversary Proceeding, the Blanchard Adversary Proceeding or the Eagle Ranch Adversary Proceeding, including: HBM Holdings LLC, Reno South Meadows LLC, South Meadows Apartments LLC, MET Partners LLC, Tanamera Holding Company, Inc., Eagle Ranch Residential LLC, Premier Trust of Nevada, Inc., the members of Eagle Ranch, LLC and of South Meadows Apartments, LLC, and Nevada Skin and Cancer, Lucius Blanchard, M.D. Chartered.

- The *only* release as to Thomas Hantges, individually, is as to the claims arising out of or relating to those claims asserted in the Hantges Adversary Proceeding, the Blanchard Adversary Proceeding and the Eagle Ranch Adversary Proceeding. No other claims whatsoever by either the USACM Liquidating Trust or the Trustee of the Chapter 11 Thomas Hantges Bankruptcy Estate are being released or dismissed;

- With the exception of Thomas Hantges, individually, the Blanchard Defendants in all the capacities in which they appear in the Hantges Adversary Proceeding, the Blanchard Adversary Proceeding and the Eagle Ranch Adversary Proceeding, release and discharge both Michael W. Carmel, in his capacity as Chapter 11 Trustee for the Estate of Thomas A. Hantges and Geoffrey Berman, trustee of the USACM Liquidating Trust and all of their present and former principals, members, agents employees, staff, predecessors and successors, and their respective attorneys, consultants, adjustors and insurers in their capacities as such, from any and all claims, demands, damage, liabilities, actions and causes of action, or suits at law or in equity of whatever kind, whether state or federal, arising pre-petition or post petition, known or unknown.

- Within five business days of receipt of the Settlement Payment and either (a) receipt of the Eagle Ranch Put or (b) expiration of the exercise of the Eagle Ranch Put (30 days after assignment), Plaintiffs will file dismissal papers with the Court effectuating dismissal with prejudice as set forth above. Upon filing of the dismissal, Eagle Ranch shall withdraw the writ of mandamus filed before the Ninth Circuit in the Eagle Ranch Adversary Proceeding;

- The Mediating Parties agree to support the Proposed Settlement Agreement in all material ways, including in its application and enforcement against any and all persons or entities seeking to avoid or limit the applicability or scope of the Proposed Settlement Agreement in any manner; and

The USACM Trust and Carmel, taking into consideration the relative merits and difficulties of their respective claims, including collectability, and the contributions of counsel

for both the Hantges Estate and the USACM Liquidating Trustee to the Settlement, have reached an agreement as to the fair and reasonable division of the settlement proceeds. The settlement proceeds include $2,550,000 on the "Settlement Payment" and $500,000 cash from the exercise of the Eagle Ranch Put Agreement for a total of $3,050,000 in settlement proceeds.

The two estates, represented by trustees Michael W. Carmel (Chapter 11 Trustee of the Hantges Estate) and Geoffrey L. Berman (Trustee of the USACM Liquidating Trust), have agreed to divide the above-described settlement proceeds such that fifty percent of the proceeds will be distributed to each estate.

## ARGUMENT

Bankruptcy Rule 9019 provides that, "[o]n motion by the USACM Trust and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019. In order to approve a compromise and settlement, the Court must find that it is fair and equitable to the estate and, "[i]n determining the fairness, reasonableness and adequacy of a proposed settlement, the court must consider: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Arden v. Motel Partners (In re: Arden*), 156 F.3d 729 (9th Cir. 1999); *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377 (9th Cir. 1986), *cert. denied,* 479 U.S. 854 (1986).

The USACM Trust is not required to satisfy each of these factors so long as the factors as a whole favor approving the settlement. *See In re Pacific Gas & Electric Co.,* 304 B.R. 395, 416 (Bankr. N.D.Cal. 2004). In considering the factors, "a precise determination of the likely outcome is not required, since an exact judicial determination of the values at issue would defeat the purpose of compromising the claim." *In re Telesphere Comm's, Inc.,* 179 B.R. 544,

553 (Bankr. N.D.Ill. 1994) (internal quotations omitted).  Thus, rather than determining various issues of fact and law, the court should "canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re Lion Capital Group,* 49 B.R. 163, 175 (Bankr. S.D.N.Y. 1985) (internal quotations omitted).

The USACM Trust respectfully submits that the Proposed Settlement satisfies each of these factors.  If the USACM Trust and the Blanchard Defendants do not enter into the Proposed Settlement, or if it is not approved by this Court, the USACM Trust will be required to incur significant additional expenses to pursue the Blanchard Adversary Proceeding through what will likely be a protracted, complex, and expensive trial.  Moreover, even if the USACM Trust were ultimately successful at trial, there is substantial uncertainty concerning the ability to recover any resulting judgment from many of the Blanchard Defendants. Ex. C, ¶ 6.

If approved, however, the Proposed Settlement Agreement will allow the USACM Trust to avoid the costs associated with continuing the protracted and complex litigation with the Blanchard Defendants, bring significant value to the USACM Trust through the repayment of a substantial portion of the Transfers, and resolve all claims, obligations, demands, actions, causes of action and liabilities between the Parties relating to the Blanchard Adversary Proceeding. *Id.* The settlement is fair in light of the stage of the Blanchard Adversary Proceeding, and the complexity, expense, delay, and risks associated with protracted litigation, trial, and ultimate collection of any judgment obtained. *Id.*

The terms of the Proposed Settlement fall within the reasonable range of likely outcomes of the Blanchard Adversary Proceeding with the Blanchard Defendants, will eliminate litigation risks, costs, and delay associated with trial and a potential appeal, and will provide a prompt and substantial recovery to the USACM Trust.  Ex. C, ¶ 7.  The Proposed Settlement is the product of arms' length bargaining, without fraud or collusion.  Ex. C, ¶ 5.  The Proposed Settlement will

1    thus facilitate recoveries for the benefit of the beneficiaries of the USACM Trust who have
2    suffered a loss as a result of the events leading to the USA Bankruptcies.

3        Accordingly, the USACM Trust has concluded in the exercise of its reasonable business
4    judgment that the benefits gained by resolving the Adversary Proceeding on the terms set forth in
5    the Proposed Settlement exceed any benefit that the USACM Trust would receive in fully
6    litigating this matter.  Ex. C, ¶ 8.

7                                      **CONCLUSION**

8        For the foregoing reasons, the USACM Trust respectfully requests that this Court
9
10   approve the Proposed Settlement on the terms set forth above and provide such other and further
11   relief as the Court deems appropriate.

12

13   Respectfully submitted September 4, 2009.

14

15   **DIAMOND MCCARTHY LLP**                    **LEWIS AND ROCA LLP**

16   By: _____ */s/ Allan B. Diamond* _____      By: _____ */s/ Rob Charles* _____
17   Allan B. Diamond, TX 05801800 (pro hac vice)  Rob Charles, NV 6593
     Eric D. Madden, TX 24013079 (pro hac vice)   3993 Howard Hughes Parkway, Suite 600
18   Stephen T. Loden, TX 24002489 (pro hac vice)  Las Vegas, Nevada  89169-5996
     J. Maxwell Beatty, TX 24051740 (pro hac vice  (702) 949-8320 (telephone)
19   909 Fannin, Suite 1500                       (702) 949-8321 (facsimile)
20   Houston, Texas 77010
     (713) 333-5100 (telephone)                   *Counsel for USACM Liquidating Trust*
21   (713) 333-5199 (facsimile)

22   *Special Litigation Counsel for*
     *USACM Liquidating Trust*

23

24

25

26

27

9

1

2

**<u>CERTIFICATE OF SERVICE</u>**

3

I hereby certify that on the 4th day of September 2009, I caused to be served a true and

4

correct copy of the foregoing **APPLICATION TO COMPROMISE AND SETTLE**

5

**CONTROVERSIES** by electronic transmission to the Post-Confirmation Service List, dated

6

March 31, 2009, and to counsel for the Mediating Defendants as follows: (1) Barney C. Ales,

7

Goold Patterson Ales & Day, 4496 South Pecos Rd., Las Vegas Nevada 89121,

8

bales@gooldpatterson.com, counsel of record for Lucius Blanchard; (2) Dana Dwiggins,

9

Solomon Dwiggins & Freer, 9060 West Cheyenne Ave., Las Vegas NV 89129,

10

ddwiggins@sdfnvlaw.com, counsel of record for the Blanchard Children's Education Trust; (3)

11

Timothy S. Cory, Timothy S. Cory & Associates, 8831 West Sahara Ave., Las Vegas NV 89117,

12

tim.cory@corylaw.us, counsel of record for Thomas A. Hantges; (4) Carol Harris, Harrison,

13

Kemp, Jones, & Coulthard LLP, Wells Fargo Tower, 3800 Howard Hughes Parkway, 17th Floor,

14

Las Vegas NV 89169, c.harris@kempjones.com, counsel of record for Victoria Loob; and (5)

15

Brian Holthus, Jolley, Urga, Wirth Woodbury, & Standish, Wells Fargo Tower, 3800 Howard

16

17

Hughes Parkway, 16th Floor, Las Vegas NV 89169, beh@juww.com, counsel of record for Wells

18

Fargo N.A. and the Hantges Children's Education Trust.

19

20

21

_____/s/ Catherine A. Burrow_____
Catherine Burrow, Legal Assistant

22

23

24

25

26

27

28

EXHIBIT A

## SETTLEMENT AGREEMENT, MUTUAL RELEASE, AND COVENANTS

This SETTLEMENT AGREEMENT, MUTUAL RELEASE, AND COVENANTS (this "**Agreement**") is made and entered into by, on the one hand, the USACM LIQUIDATING TRUST (the "**USACM Trust**") and MICHAEL W. CARMEL, TRUSTEE FOR THE ESTATE OF THOMAS A. HANTGES ("Carmel") ("**Carmel**" and together with the **USACM Trust**, the "**Plaintiffs**"), and, on the other hand, the HANTGES CHILDREN'S EDUCATION TRUST ("**HCET**"); LUCIUS BLANCHARD ("**Blanchard**"), individually and in his capacity as former Trustee of HCET; the BLANCHARD CHILDREN'S EDUCATION TRUST ("**BCT**"), THOMAS A. HANTGES ("**Thomas Hantges**"), individually and in his capacity as trustee of BCT; PALOMINO PARTNERS, A Nevada Limited Partnership ("**Palomino Partners**"); ANDREW HANTGES individually and in his capacity as former Trustee of HCET ("**Andrew Hantges**"); MATTHEW HANTGES ("**Matthew Hantges**"); BRENDEN HANTGES ("**Brenden Hantges**"); ROBERT HANTGES ("**Robert Hantges**") and Robert Hantges together with Andrew Hantges, Matthew Hantges, and Brenden Hantges (the "**HCET Beneficiaries**"); EAGLE RANCH, LLC ("**Eagle Ranch**"); and WELLS FARGO BANK N.A. in its capacity as trustee of HCET ("**Wells Fargo**") (all collectively referred to as the "**Parties**"). Blanchard, BCT, HCET, Hantges, Palomino Partners, Andrew Hantges, Matthew Hantges, Robert Hantges, Brenden Hantges, the HCET Beneficiaries, Wells Fargo, Eagle Ranch, and ERR shall be referred to as "**Defendants**".

### I. Recitals

**A.** On April 13, 2006 (the "**USACM Petition Date**"), USACM, USA Securities, USACRA, DTDF, and FTDF (collectively, the "**USA Capital Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada (the "**Bankruptcy Court**"), which are jointly administered as Case No. BK-S-06-10725-LBR (the "**USA Capital Bankruptcy Case**").

**B.** The Bankruptcy Court confirmed the Third Amended Joint Chapter 11 Plan of Reorganization (the "**Joint Plan**") pursuant to order entered on January 8, 2007 (the "**Confirmation Order**"). The Joint Plan became effective on March 12, 2007.

**C.** The USACM Trust was created pursuant to the Joint Plan and the Confirmation Order and Geoffrey L. Berman serves as the trustee of the USACM Trust. The Joint Plan expressly retained USACM's causes of action for enforcement by the USACM Trust, pursuant to 11 U.S.C. § 1123(b)(3)(B). Accordingly, the USACM Trust now holds any and all potential claims and causes of action, whether arising pre-petition or post-petition, that USACM and the USACM Trust may have or may at any time have had against the Defendants.

**D.** On April 11, 2008, the USACM Trust commenced adversary proceeding number 08-01125, entitled *USACM Liquidating Trust v. Eagle Ranch et al.,* in the Bankruptcy Court, asserting claims against Eagle Ranch, and other individuals and entities not party to this Agreement (the "**USACM Eagle Ranch Litigation**").

E.     On August 25, 2008, the USACM Trust commenced adversary proceeding number 08-1268, entitled *USACM Liquidating Trust v. Blanchard et al.,* in the Bankruptcy Court, asserting claims against Blanchard, Hantges, BCT, and Palomino Partners (the "**USACM Blanchard Litigation**").

F.     On May 29, 2007 (the "**Hantges Petition Date**"), an involuntary petition for relief under Chapter 11 of the Bankruptcy Code against Thomas Hantges was filed in the Bankruptcy Court, which is administered as Case No. BK-S-07-13163-LBR (the "**Hantges Bankruptcy Case**").

G.     The Bankruptcy Court issued an order appointing Michael W. Carmel ("Carmel") as chapter 11 Trustee of the Hantges Bankruptcy Case on June 11, 2007.

H.     Carmel, as Trustee, has exclusive power to assert claims on behalf of the Hantges Bankruptcy Case.

I.     On January 3, 2008, Carmel commenced adversary proceeding number 08-01002, entitled *Michael W. Carmel v. Hantges et al.,* in the Bankruptcy Court, asserting claims against Hantges, Blanchard, HCET, the HCET Beneficiaries, and Wells Fargo (the "**Carmel Litigation**").

J.     Based on their investigation and analysis to date, Geoffrey L. Berman, solely in his capacity as Trustee of the USACM Trust (the "**USACM Trustee**"), and Carmel, solely in his capacity as Trustee of the Hantges Estate (the "**Hantges Estate Trustee**"), have independently weighed the risks and potential benefits for their respective constituents in continuing to litigate the claims asserted in their respective cases, and have concluded that it is in the best interest of their constituents to compromise such claims on the terms set forth herein. Specifically, the USACM Trustee and the Hantges Estate Trustee have concluded that, while they believe that the claims asserted in their respective complaints have merit, there are numerous potential factual and legal challenges to their recovery on such claims, that further litigation would be extremely costly, that the outcome would be highly uncertain, and that there are likely collection issues and risks. As such, the USACM Trustee and the Hantges Estate Trustee believe that the terms of the settlement set forth herein are within the reasonable range considering the amount of their asserted damages and the potential difficulties in recovering such amount through continued litigation.

K.     The Parties have therefore agreed to settle all disputes and controversies between them on the terms set forth in this Agreement, without admitting any liability or wrongdoing and without resort to litigation between them.

## II.  Representations And Warranties

1.     The Plaintiffs represent that they hold and have the exclusive power and authority to assert and to compromise any and all claims, demands, damages, liabilities, actions, causes of action, or suits at law or in equity of whatever kind, whether state or federal, arising pre-petition or post-petition, known or unknown ("**Claims**"), that USACM, the USACM Trust,

or Carmel as Trustee of the Hantges Bankruptcy Estate ever had, now have, or may at any future time have against the Defendants and all of their present and former principals, agents, members, employees, staff, predecessors, and successors, and their respective attorneys, consultants, adjustors, and insurers in their capacities as such (All Defendants except Thomas A. Hantges shall be collectively referred to herein as, the **"Defendant Released Parties"**). The Claims described in this paragraph shall hereinafter be referred to as the **"Plaintiffs Released Claims."** The Parties acknowledge that the Plaintiffs intend by this Agreement to release all Claims that they have the power to assert to the full extent of the law.

       **2.**     The Plaintiffs further release any and all claims, demands, damages, liabilities, actions, causes of action, or suits at law or in equity of whatever kind, whether state or federal, arising pre-petition or post-petition, known or unknown against the following entities that are not parties to the litigation matters covered by this settlement agreement: HBM Holdings LLC, Reno South Meadows LLC, South Meadows Apartments LLC, MET Partners LLC, Tanamera Holding Company, Inc., Eagle Ranch Residential, LLC, Premier Trust of Nevada, Inc., the members of Eagle Ranch, LLC and of South Meadows Apartments LLC, and Nevada Skin and Cancer, Lucius Blanchard, M.D. Chartered.

       **3.**     The Plaintiffs further represent that they have obtained all necessary consents or approvals to enter into this Agreement.

### III. Terms and Conditions

       NOW, THEREFORE, in consideration for the representations, warranties, covenants, promises, and releases set forth herein, and in full settlement of the Plaintiffs' Claims, the Parties hereby agree on behalf of themselves and any and all of their predecessors, successors, assigns, and insurers, and any other parties or persons claiming by, through, or under any of the Parties hereto, as follows:

1.  Defendants unconditionally agree to and shall pay to the Plaintiffs the sum of Two Million Five Hundred Thousand Dollars ($2,600,000) by wire transfer, certified check, or other method as may be agreed by the Plaintiffs and Defendants (the **"Settlement Payment"**) on or before the fifth business day after the approval of this settlement agreement pursuant to Bankruptcy Rule 9019.

2.  Upon approval of the settlement by the court pursuant to Rule 9019, Wells Fargo, in its capacity as trustee of HCET, has authority to release and pay any amounts to effectuate this settlement agreement as agreed to by the HCET Beneficiaries. This settlement agreement supercedes any and all orders or agreements concerning the HCET. Wells Fargo or any successor trustee shall be authorized to administer the trust in accordance with the terms therein without further order of the court.

3.  Eagle Ranch unconditionally agrees to and shall assign to the Plaintiffs all claims and interests in and any and all proceeds from the claims belonging to Eagle Ranch, LLC against the City of Victorville currently the subject of pending litigation in San Bernadino County, California. Documents to effectuate the assignment will be drafted within ten

(10) business days of the execution of this agreement. The assignment will be executed on or before the fifth business day after the approval of this settlement agreement. The case number and full style of such San Bernadino litigation will be attached to this settlement agreement in the form of a letter agreement within 10 days of the execution of this agreement.

4. Palomino Partners unconditionally agrees to purchase from Plaintiffs, upon Plaintiffs' demand, the claims, interests and proceeds assigned to the Plaintiffs as described in paragraph 3 above for the sum of Five Hundred Thousand dollars ($500,000) in cash (the "Eagle Ranch Put"). Plaintiffs intend to exercise the Eagle Ranch Put on or before the fifth business day after assignment as set forth in Section III. Paragraph 3, but no later than 30 days after the assignment. Upon Plaintiffs' exercise of the Eagle Ranch Put, the Eagle Ranch Put transaction will be executed and effectuated. Documents necessary to effectuate this paragraph will be drafted within 10 days of the execution of this agreement.

5. Upon receipt of the Settlement Payment, the Plaintiffs hereby release and discharge all Defendant Released Parties and all of their present and former principals, members, agents, employees, staff, predecessors and successors, and their respective attorneys, consultants, adjustors and insurers in their capacities as such, from any and all claims, demands, damages, liabilities, actions, and causes of action or suits at law or in equity of whatever kind, whether state or federal, arising pre-petition or post-petition, known or unknown, including but not limited to those brought in the USACM Blanchard Litigation, the USACM Eagle Ranch Litigation, and the Carmel Litigation. Thomas Hantges will not receive this general release, but claims asserted against him and all Defendants in the Carmel Litigation, the USACM Blanchard Litigation, and the USACM Eagle Ranch Litigation will be dismissed with prejudice, with Plaintiffs to bear only their own attorneys' fees and costs.

6. Within five business days of receipt of the Settlement Payment and either (a) receipt of the Eagle Ranch Put or (b) expiration of the exercise of the Eagle Ranch Put (30 days after assignment), Plaintiffs will file dismissal papers with the court effectuating dismissal with prejudice as set forth in Section III, paragraph 5 above. Upon the filing of dismissal, Eagle Ranch shall withdraw the writ of mandamus filed before the Ninth Circuit in the USACM Eagle Ranch Litigation.

7. The Parties agree to support this Agreement in all material ways, including in its application and enforcement against any and all persons or entities seeking to avoid or limit the applicability or scope of the Agreement in any manner.

8. Any notice in connection with this Agreement to each of the Parties shall be given, by facsimile and by certified mail, to the following individuals:

For the USACM Trust:

Geoffrey L. Berman
DEVELOPMENT SPECIALISTS, INC.
333 South Grand Avenue, Suite 4070
Los Angeles, California 90071-1544
Telephone:      (213) 617-2717
Facsimile:      (213) 617-2718

Andrea L. Kim
DIAMOND McCARTHY LLP
909 Fannin Street, Suite 1500
Houston, Texas 77027
Telephone:      (713) 333-5100
Facsimile:      (713) 333-5199

For the Hantges Estate:

Michael W. Carmel
80 E. Columbus Ave.
Phoenix, AZ  85012
Telephone:  (602) 264-4965
Facsimile:  (602) 277-0144

Andrea L. Kim
DIAMOND McCARTHY LLP
909 Fannin Street, Suite 1500
Houston, Texas 77027
Telephone:      (713) 333-5100
Facsimile:      (713) 333-5199

For Hantges:

Timothy S. Cory
DURHAM, JONES & PINEGAR, PC.
8831 W. Sahara Avenue, Las Vegas Business Park
Las Vegas, Nevada 89117
Telephone:      (702) 388-1996
Facsimile:      (702)

Page 5 of 10

For Blanchard, Palomino Partners, and HCET:

Barney C. Ales
GOOLD PATTERSON ALES & DAY Chartered
4496 South Pecos Road
Las Vegas, Nevada 89121
Telephone:        (702) 436-2600
Facsimile:        (702) 436-2650

For Eagle Ranch, BCT, and the HCET Beneficiaries:

Dana A. Dwiggins
Solomon Dwiggins & Freer Ltd.
9060 W. Cheyenne Avenue
Las Vegas, Nevada 89129
Telephone:        (702) 853-5483
Facsimile:        (702) 853-5485

For Wells Fargo:

Brian E. Holthus
JOLLY URGA WIRTH WOODBURY & STANDISH LLP
3800 Howard Hughes Parkway, Suite 1600
Las Vegas, Nevada 89169
Telephone:        (702) 699-7500
Facsimile:        (702) 699-7555

9.  This Agreement is entered into as a good-faith compromise among the Parties for purposes of N.R.S. § 17.245 for the complete and final settlement of any and all claims, disputes, and causes of action among them. By this settlement, no Party admits liability to any other Party in any respect, or makes any admission as to factual or legal contentions relating to the matters settled herein.

10. This Agreement shall be treated as jointly drafted, and will not be construed against any Party as drafter. This Agreement provides no rights to any third party except to the extent expressly set forth herein.

11. The Parties acknowledge that they have had the opportunity to be represented by counsel during negotiations of this Agreement and to consult with their respective attorneys regarding its meaning and effect. The Parties agree that (a) the terms and provisions of this Agreement are not to be construed more strictly against either of the Parties; and (b) it is their mutual intention that the terms and provisions of this Agreement be construed as having the plain meaning of the terms used herein.

Page 6 of 10

12. This Agreement constitutes the entire agreement among the Parties on the subjects addressed herein. No supplement, modification, amendment, waiver, or termination of this Agreement shall be binding unless executed in writing by the Parties to be bound thereby. No contrary or supplementary oral agreement shall be admissible in a court to contradict, alter, supplement, or otherwise change the meaning of this Agreement. THE PARTIES ALSO ACKNOWLEDGE THE CONTESTED AND ADVERSARIAL NATURE OF THE PLAINTIFFS RELEASED CLAIMS AND UNDERLYING DISPUTES AND STIPULATE THAT IN EXECUTING THIS AGREEMENT THEY ARE NOT RELYING ON ANY REPRESENTATION BY ANY OTHER PARTY, OR ITS AGENTS, REPRESENTATIVES, OR ATTORNEYS, WITH REGARD TO (a) FACTS UNDERLYING THE LAWSUIT, (b) THE SUBJECT MATTER OR EFFECT OF THIS AGREEMENT, AND (c) ANY OTHER FACTS OR ISSUES WHICH MIGHT BE DEEMED MATERIAL TO THE DECISION TO ENTER INTO THIS AGREEMENT, OTHER THAN AS SPECIFICALLY SET FORTH IN THIS AGREEMENT.

13. The terms and provisions of this Agreement are subject to bankruptcy court approval. If the bankruptcy court does not approve this agreement, the parties rights are unaffected by this Agreement.

14. If any term or provision of this Agreement shall be determined to be unenforceable, invalid, or illegal in any respect, the unenforceability, invalidity, or illegality shall not affect any other term or provision of this Agreement, but this Agreement shall be construed as if such unenforceable, invalid, or illegal term or provision had never been contained herein. Notwithstanding the foregoing, the release provisions are material provisions of this Agreement and not subject to the terms of this paragraph.

15. This Agreement may be executed in any number of counterparts, each of which, when executed and delivered, shall be deemed an original and all of which together shall constitute one and the same agreement. The signatories executing this Agreement represent and warrant that they are authorized to execute this Agreement on behalf of the Parties and entities for whom they sign. Signatures obtained by facsimile or email in PDF format shall be deemed to be original signatures.

16. Each Party agrees to bear its own fees and costs with respect to any duties required of the Party under this Agreement; in any matter involving, referring, or relating to the interpretation and enforcement of this Agreement; and in connection with any disputes that may arise between the Parties relating to this Agreement.

17. This Agreement is to be governed by the law of the State of Nevada. The Bankruptcy Court shall retain exclusive jurisdiction over the interpretation

and enforcement of this Agreement, as well as any disputes that may arise between the Parties relating to this Agreement; and the Parties consent to the exclusive jurisdiction of the Bankruptcy Court for these purposes.  In the event that the Bankruptcy Court refuses to exercise its jurisdiction, the Parties agree to submit to the jurisdiction of the United States District Court for the District of Nevada.

18. Each Party warrants, represents and agree that s/he (i) has not assigned, subrogated, pledged or transferred to any person, firm, partnership, corporation or other entity whatsoever any of the claims, counterclaims, actions, demands or causes of action to be released pursuant to the releases set forth in this Agreement and (ii) is fully authorized to enter into this Agreement without the consent of any third parties.  Specifically, each person signing the Agreement represents and warrants that s/he has been authorized and empowered to sign this Agreement on behalf of the Party the person purports to represent and that this Agreement is lawful and binding obligations of the Party on whose behalf the person is signing.

19. This Agreement will inure to the benefit of and will be binding upon the Parties and their respective heirs, executors, successors, assigns, grantees, administrators, executors and trustees.

✧✧✧

DATED: July 17, 2009

USACM LIQUIDATING TRUST

By: _____
Geoffrey L. Berman, solely in his capacity as
Trustee of the USACM Liquidating Trust

DATED: July 17, 2009

THE HANTGES ESTATE

By: Geoffrey L. Berman for Michael W. Carmel, Trustee
Michael W. Carmel, solely in his capacity as
Trustee of the Chapter 11 Estate of Thomas A.
Hantges

DATED: 17 Jly 2009

LUCIUS BLANCHARD

By: _____

Page 8 of 10

DATED: _17 July 2009_

PALOMINO PARTNERS, A NEVADA LIMITED PARTNERSHIP

By: _____

Lucius Blanchard, solely in his capacity as general partner

DATED: _7-17-09_

BLANCHARD CHILDREN'S EDUCATION TRUST

By: _____

Thomas A. Hantges, solely in his capacity as Trustee of the Blanchard Children's Education Trust

DATED: _____

HANTGES CHILDREN'S EDUCATION TRUST

By: _____

Eve Mills, solely in her capacity as Trustee of the Hantges Children's Education Trust

DATED: _7-17-09_

EAGLE RANCH, LLC.

By: _____

Thomas A. Hantges, solely in his capacity as Manager

DATED: _7-17-09_

ANDREW HANTGES

By: _____

Page 9 of 10

DATED: 7-17-09                          MATTHEW HANTGES

                                        By: _____

DATED: 7-17-09                          BRENDEN HANTGES

                                        By: _____

DATED: 7-17-09                          ROBERT HANTGES

                                        By: _____

DATED: _____                  WELLS FARGO BANK, N.A.

                                        By: _____
                                            Eve Mills

DATED: 7-17-09                          THOMAS A. HANTGES

                                        By: _____

                                        ◆ ◆ ◆

**Letter Agreement Addendum to**
**'Settlement Agreement, Mutual Release, and Covenants'**

This addendum is fully incorporated into the 10-page Settlement Agreement, Mutual Release and Covenants agreed to on July 17, 2009 (with the final signature and therefore, full execution on July 28, 2009) among and between the following Parties:

*Plaintiffs:*
The USACM Liquidating Trust
Michael W. Carmel, Trustee for the Estate of Thomas A. Hantges
*Defendants:*
The Hantges Children's Education Trust ("HCET")
Lucius Blanchard, individually and in his capacity as former HCET Trustee
The Blanchard's Children's Education Trust ("BCT")
Thomas A. Hantges, individually and in his capacity as former Trustee of BCT
Palomino Partners, a Nevada Limited Partnership
The Beneficiaries of HCET:
    Andrew Hantges, individually and in his capacity as former Trustee of HCET;
    Matthew Hantges;
    Brenden Hantges; and
    Robert Hantges
Eagle Ranch, LLC
Wells Fargo Bank N.A. solely in its capacity as trustee of HCET

## I. Assigned Matter Style:

As is anticipated by Section III, paragraph 3 of the Settlement Agreement, Mutual Release, and Covenants (the "Settlement Agreement"), the full title and style of the San Bernadino litigation is:

**Eagle Ranch LLC, a Nevada limited liability corporation, Plaintiff v. City of Victorville, a municipal corporation et al., Defendants; Case No. CIVVS901408 In the Superior Court of the State of California, County of San Bernardino – Victorville District.**

*Plaintiff's counsel in the San Bernardino litigation is:*
Stephen A. Lindsley, Esq. (SBN 145550): Law Offices of Stephen A. Lindsley, 42620 Rio Nedo, Temecula, California 92590; Tel. (951) 296 1698; (951) 296 1488

## II. Errata: Settlement Payment

Whereas Section III, Paragraph 1 on page 3 of the Settlement Agreement contains an obvious error in that it states *in prose* "Two Million Five Hundred Thousand Dollars" but *in arabic numerals* "$2,600,000";

Whereas the Parties all agreed to the total settlement cash compensation available to the Plaintiffs being $3,050,000 when considering the cash Put sale price of $500,000 in Section III, paragraph 3 together with the cash Settlement Payment provided in Section III, paragraph 1, which means that the "Settlement Payment" must be in amount of the difference ($3,050,000 less $500,000), or $2,550,000 (Two million five hundred fifty thousand dollars).

Page 10-A

The Parties agree that the following paragraph replaces Section III, Paragraph 1 on page 3 of the Settlement Agreement (which paragraph only corrects the error in the amount of the Settlement Payment):

"1. Defendants unconditionally agree to and shall pay to the Plaintiffs the sum of Two Million Five Hundred Fifty Thousand Dollars ($2,550,000) by wire transfer, certified check, or other method as may be agreed by the Plaintiffs and Defendants (the "**Settlement Payment**") on or before the fifth business day after the approval of this settlement agreement pursuant to Bankruptcy Rule 9019."

### III. Errata: Representations and Warranties

Whereas the parties intended that all Defendants except Thomas A. Hantges, individually, be granted a general release, as provided for in Section III, Paragraph 5 of the Settlement Agreement. For clarification purposes, "Defendant Released Parties," as defined in Section II, Paragraph 1 of the Settlement Agreement shall mean all Defendants except Thomas A. Hantges, individually.

### IV. Errata: Mutual Release

Whereas the parties intended *mutual* releases in the Settlement Agreement, but did not maintain the provision providing a general release from any claims of both Plaintiffs and their trustees (the USACM Liquidating Trust and its trustee, Geoff Berman, and the Chapter 11 Bankruptcy Estate of Thomas Hantges and its trustee, Michael W. Carmel), the Parties hereby incorporate the following release language into the Settlement Agreement to be inserted as paragraph 5.1 in Section III:

"5.1 Defendant Released Parties in all the capacities in which they appear in the USACM Blanchard Litigation, the USACM Eagle Ranch Litigation, and the Carmel Litigation, hereby release and discharge Plaintiffs and all of their present and former principals, members, agents employees, staff, predecessors and successors, and their respective attorneys, consultants, adjustors and insurers in their capacities as such, from any and all claims, demands, damage, liabilities, actions and causes of action, or suits at law or in equity of whatever kind, whether state or federal, arising pre-petition or post petition, known or unknown. Thomas A. Hantges, individually, is granting no release under the Settlement Agreement."

**USACM LIQUIDATING TRUST**

Geoffrey L. Berman, solely in his capacity as
Trustee of the USACM Liquidating Trust

**Page 10-B**

**THE HANTGES ESTATE**

_____
Michael W. Carmel, solely in his capacity as
Trustee of the Chapter 11 Estate of Thomas A.
Hantges


**LUCIUS BLANCHARD**


_____


**PALOMINO PARTNERS, A NEVADA
PARTNERSHIP**


_____
Lucius Blanchard, as general partner of Palomino
Partners


**HANTGES CHILDREN'S EDUCATION
TRUST**


_____
Eve Mills, solely in her capacity as Trustee of the
Hantges Children's Education Trust


**EAGLE RANCH, LLC**


_____
Thomas A. Hantges, Manager of Eagle Ranch, LLC


Page 10-C

**THE HANTGES ESTATE**

_____

Michael W. Carmel, solely in his capacity as
Trustee of the Chapter 11 Estate of Thomas A.
Hantges

**LUCIUS BLANCHARD**

_____

**PALOMINO PARTNERS, A NEVADA
PARTNERSHIP**

_____

Lucius Blanchard, as general partner of Palomino
Partners

**HANTGES CHILDREN'S EDUCATION
TRUST**

_____

Eve Mills, solely in her capacity as Trustee of the
Hantges Children's Education Trust

**EAGLE RANCH, LLC**

_____

Thomas A. Hantges, Manager of Eagle Ranch, LLC

Page 10-C

**THE HANTGES ESTATE**

_____

Michael W. Carmel, solely in his capacity as
Trustee of the Chapter 11 Estate of Thomas A.
Hantges

**LUCIUS BLANCHARD**

_____

**PALOMINO PARTNERS, A NEVADA
PARTNERSHIP**

_____

Lucius Blanchard, as general partner of Palomino
Partners

**HANTGES CHILDREN'S EDUCATION
TRUST**

_____

Eve Mills, solely in her capacity as Trustee of the
Hantges Children's Education Trust

**EAGLE RANCH, LLC**

_____ — Manager

Thomas A. Hantges, Manager of Eagle Ranch, LLC

Page 10-C

**THE HANTGES ESTATE**

_____
Michael W. Carmel, solely in his capacity as
Trustee of the Chapter 11 Estate of Thomas A.
Hantges

**LUCIUS BLANCHARD**

_____

**PALOMINO PARTNERS, A NEVADA
PARTNERSHIP**

_____
Lucius Blanchard, as general partner of Palomino
Partners

**HANTGES CHILDREN'S EDUCATION
TRUST**

_____
Eve Mills, solely in her capacity as Trustee of the
Hantges Children's Education Trust

**EAGLE RANCH, LLC**

_____
Thomas A. Hantges, Manager of Eagle Ranch, LLC

Page 10-C

**BLANCHARD CHILDREN'S EDUCATION TRUST**

Thomas A. Hantges, Trustee of the Blanchard
Children's Education Trust

**ANDREW HANTGES**

_____

**MATTHEW HANTGES**

_____

**BRENDEN HANTGES**

_____

**ROBERT HANTGES**

_____

**THOMAS A. HANTGES**

_____

**BLANCHARD CHILDREN'S EDUCATION TRUST**

_____
Thomas A. Hantges, Trustee of the Blanchard
Children's Education Trust

**ANDREW HANTGES**

_____

**MATTHEW HANTGES**

_____

**BRENDEN HANTGES**

_____

**ROBERT HANTGES**

_____

**THOMAS A. HANTGES**

_____

EXHIBIT B

1

2

3

4

5

6

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

7

8

9

10

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-06-10725-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | Case No. BK-S-06-10726-LBR |
| | Case No. BK-S-06-10727-LBR |
| USA CAPITAL REALTY ADVISORS, LLC | Case No. BK-S-06-10728-LBR |
| | Case No. BK-S-06-10729-LBR |
| USA CAPITAL DIVERSIFIED TRUST DEEF FUND, LLC | Chapter 11 |
| USA CAPITAL FIRST TRUST DEED FUND, LLC, | Jointly Administered Under Case No. BK-S-06-10725-LBR |
| USA SECURITIES, LLC | |
| | Judge Linda B. Riegle |
| Debtors | |
| **Affects:** | **PROPOSED ORDER ON APPLICATION TO COMPROMISE AND SETTLE CONTROVERSIES IN ADVERSARY NO. 08-01268** |
| USA Commercial Mortgage Company | |
| | Hearing Date:    October 5, 2009 |
| | Hearing Time:   9:30 a.m. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## PROPOSED ORDER ON APPLICATION TO COMPROMISE AND SETTLE CONTROVERIES IN ADVERSARY NO. 08-01268

On _____, 2009, this Court held a hearing on the Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure filed by the USACM Liquidating Trust.  The Motion requested this court enter an order approving the Settlement Agreement and Release dated _____, 2009 between the USACM Trust and the Blanchard Defendants (the "Proposed Settlement").  The relief requested is hereby GRANTED.

Pursuant to the Motion this Court hereby GRANTS the following relief:

1.      The Proposed Settlement is approved pursuant to Federal Rule of Bankruptcy Procedure 9019.

2.      This Court shall retain jurisdiction to interpret and enforce the terms of the Settlement Agreement and this Order Approving Settlement.

## CERTIFICATION PURSUANT TO LOCAL RULE 9021

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

_____ The court has waived the requirement of approval under LR 9021

_____ No parties appeared or filed written objections, and there is no trustee appointed in the case.

__X__ I have delivered a copy of this proposed order to all counsel, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or filed to respond to the document.]

Dana Dwiggins                    _____

Barney Ales                      _____

DATED: _____, 2009.

                                 _____/s/ Michael J. Yoder_____
                                 Michael J. Yoder

                                          ###

3

**EXHIBIT C**

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC<br><br>USA CAPITAL DIVERSIFIED TRUST DEEF FUND, LLC<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC<br><br>        Debtors<br><br>**Affects:**<br>USA Commercial Mortgage Company | Case No.: BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>Chapter 11<br><br>Jointly Administered Under Case No.<br>BK-S-06-10725-LBR<br><br>Judge Linda B. Riegle<br><br>**DECLARATION OF GEOFFREY L. BERMAN IN SUPPORT OF APPLICATION TO COMPROMISE AND SETTLE CONTROVERSIES IN ADVERSARY NO. 08-01268**<br><br>Hearing Date:   October 5, 2009<br>Hearing Time:  9:30 a.m. |

## DECLARATION OF GEOFFREY L. BERMAN IN SUPPORT OF APPLICATION TO COMPROMISE AND SETTLE CONTROVERSIES IN ADVERSARY NO. 08-01268 PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Geoffrey L. Berman, in his capacity as the Court-appointed Trustee of the USACM

Liquidating Trust, declares under penalty of perjury as follows:

1.    I am an adult person competent to testify in court.  I make the following statements based upon my personal knowledge except where otherwise indicated.

2.    I am the Court-appointed trustee of the USACM Liquidating Trust (the "USACM Trust") pursuant to the order confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" (the "Joint Plan") entered on January 8, 2007 in *In re USA Commercial Mortgage*, Cause No. BK-S-06-10725 pending in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), and submit this declaration in that capacity.  The Joint Plan became effective on March 12, 2007 (the "Effective Date").

3.    I submit this declaration in support of the USACM Trust's Application to Compromise and Settle Controversies in Adversary No. 08-01268 (the "Motion").  As discussed in the Motion, the USACM Trust seeks Bankruptcy Court approval of the Settlement Agreement[1] between the USACM Trust, Lucius Blanchard, the Blanchard Children's Irrevocable Trust DTD 12/1/90, and Palomino Partners, Ltd. (collectively, the "Blanchard Defendants").  A copy of the Settlement Agreement is attached hereto as Exhibit 1.

4.    In the Blanchard Adversary Proceeding, the USACM Trust seeks to recover funds transferred from USACM to the Blanchard Defendants prior to the Petition Date.  The USACM Trust's litigation counsel, Diamond McCarthy LLP, has aggressively pursued the USACM Trust's claims for, among other things, unjust enrichment and

---

[1]    Unless otherwise defined herein, capitalized terms are used as defined in the Motion.

2

turnover, engaging in extensive written discovery and taking a number of fact witness depositions.

5.    On July 17, 2009, I engaged in mediation with the Blanchard Defendants, and their counsel, in conjunction with the mediation on the "Eagle Ranch, LLC" claims, in an attempt to resolve the Blanchard Adversary Proceeding prior to trial.    Michael W. Carmel participated in that mediation, in an attempt to resolve two related adversary proceedings as set forth in the Motion.    With the assistance of an accredited mediator, the Mediating Parties ultimately reached agreement as documented by the Settlement Agreement, subject to Bankruptcy Court approval.

6.    As discussed in the Motion, I believe the Settlement Agreement represents a fair and reasonable compromise of the Blanchard Adversary Proceeding that will result in a significant benefit to the beneficiaries of the USACM Trust without the further expense, time, and risks of continued litigation, trial, and efforts to collect on any judgment that the Trust may ultimately obtain.    If the Settlement Agreement is not approved, the USACM Trust will be required to incur significant additional expenses to pursue the Blanchard Adversary Proceeding through what will likely be a protracted, complex, and expensive trial.    Moreover, even if the Trust were ultimately successful at trial, there is substantial uncertainty concerning the ability to recover any resulting judgment from many of the Blanchard Defendants.

7.    The Settlement Agreement falls within what I believe to be the reasonable range of likely outcomes of the Blanchard Adversary Proceeding, after accounting for

litigation risks, costs, delay associated with trial and any appeal, and most importantly, difficulties encountered in the collection of any judgment awarded, if successful. Accordingly, I believe that the benefits gained by resolving the Blanchard Adversary Proceeding on the terms set forth in the Settlement Agreement exceed any benefit that the USACM Trust would receive in fully litigating this matter.

8.     I have agreed with Michael W. Carmel, Chapter 7 Trustee for the Estate of Thomas A. Hantges, that the total settlement proceeds, totaling $3,050,000 will be divided equally between the Hantges Chapter 11 Estate and the USACM Liquidating Trust, i.e., fifty percent of the total being distributed to each estate, to take into account the various aspects of the Trust's claims and those of Mr. Carmel as Chapter 11 Trustee for the Estate of Thomas A. Hantges

I declare under penalty of perjury that the foregoing is true and correct.

Executed August 31, 2009 at Los Angeles, California.

Geoffrey L. Berman
Development Specialists, Inc.
333 South Grand Ave., Suite 4070
Los Angeles, California 90071-1544

4

# EXHIBIT 1

INTENTIONALLY OMITTED - REFER TO EXHIBIT A
TO MOTION