LEWIS AND ROCA LLP
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: JHindera@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 9/4/09

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>USA Capital Realty Advisors, LLC,[1]<br><br>USA Capital Diversified Trust Deed Fund, LLC,<br><br>USA Capital First Trust Deed Fund, LLC,[2]<br><br>USA Securities, LLC,[3]<br>                                            Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**MOTION TO FURTHER EXTEND DEADLINE TO FILE OBJECTION TO ALLOWANCE OF CLAIMS**<br>**(with Certificate of Service)**<br><br>Date:   October 5, 2009<br>Time:  9:30 a.m. |

The USACM Liquidating Trust (the "USACM Trust") by Lewis and Roca LLP, its counsel, moves this Court for an order pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rules 3007 and 9006(b)(1) enlarging the deadline for filing objections to allowance of claims, and in particular unsecured claims, for an additional 120 days from October 7,

---

[1] This bankruptcy case was closed on September 23, 2008.

[2] This bankruptcy case was closed on October 12, 2007.

[3] This bankruptcy case was closed on December 21, 2007.

259230.1

LEWIS
AND
ROCA
LLP
LAWYERS

2009 to February 4, 2010. This Motion is based upon the following Memorandum of Points and Authorities and is supported by the Court's record and the declaration of Edward M. Burr filed this date.

## MEMORANDUM

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as modified herein [DE 2376]. Notice of Entry of the Confirmation Order was filed on January 9, 2007, and served on January 11 and 12, 2007 [DE 2387].

There is no deadline for claims objections after plan confirmation under either the Bankruptcy Code or Rules. However, Section VII A.1 Objection to Claims of the Plan provides:

> Unless otherwise extended by the Court, objections to the allowance of Claims and Equity Interests shall be filed and served upon the entities asserting such Claims or Equity Interests as follows: (A) for any and all Claims and Equity Interests to which the General Bar Date applies, ninety (90) days after the Effective Date….

Accordingly, the deadline to file an objection to such Claim was 90 days after the Effective Date of March 12, 2007, or June 10, 2007. The Court has extended the deadline several times, most recently, on May 7, 2009, it entered an order [DE 7105] extending the deadline to October 7, 2009.

**I.    PROOFS OF CLAIM AND CLAIMS OBJECTIONS**

**A.    Overview**

To date there have been filed:

- seven administrative claims totaling $2,016,499 — there are no unresolved administrative claims;
- 100 priority claims totaling $6,975,181 — there is one unresolved priority claim for $32,844;

- 1668 secured claims filed totaling $290,860,033 — all secured claims are resolved or have been converted to unsecured claims;
- 1,241 unsecured claims totaling $635,814,820 — as of August 31, 2009, there were $317,343,683 unresolved unsecured claims remaining; and
- 69 unknown claims totaling $316,496 — all unknown claims have been resolved or objected to.

Additional claims were scheduled by the jointly administered Debtors.

**B.  Claims Resolved**

The USACM Trust has periodically brought objections to Claims to this Court's attention, with a number of Claims resolved. There are, however, a significant amount of disputed and otherwise unresolved Claims. To date, the Trust has filed:

- Two objections to the status of an administrative claim for $62,496 that have been sustained, resulting in the claims being reclassified as unsecured. There are no unresolved administrative claims.
- Objections to 76 priority claims that have been sustained and reclassified as unsecured in aggregate of $5,122,367. There is one unresolved alleged priority claim remaining for $32,844. The Trust will be requesting that the Court hold a status conference on that matter on October 5, 2009.
- Objections to 1,659 secured claims that have been sustained and reclassified as unsecured (subject to potential further objection) in the aggregate amount of $289,967,960. There are no unresolved secured claims that assert liens on assets owned by the Trust.[4]

---

[4] Unfortunately, numerous direct loans secured by borrower property have not been resolved.

- As of August 31, 2009, $178,660,053 in unsecured claims have been allowed and $451,058,963 have been disallowed, leaving a total of $317,343,683 in unresolved unsecured claims.

- Objections to 81 "wrong debtor" claims, in the aggregate amount of $13,584,227, were sustained. The Trust believes that it has made all of the available "wrong debtor" objections.

- Objections to 153 claims for lack of documentation in the amount of $21,147,974; 150 objections have been sustained totaling $20,262,921, and 3 objections totaling $885,053 remain to be heard by the Court on October 5, 2009. There are a few objections for lack of documentation, but all known lack of documentation objections are expected to be filed before the Court hears this motion on October 5, 2009.

- Objections to 47 claims based on miscellaneous grounds in the amount of $87,974,170. Eighteen of these objections have been sustained totaling $53,081,903; thirteen objections have stipulated withdrawals totaling $13,866,574; three claims totaling $14,270,528 have been partially allowed in the amount of $12,458,662, with the remaining balance of $1,811,866 disallowed. Thirteen objections totaling $6,755,165 remain unresolved.

- A total of 1,163 objections to Direct Lenders' claims in the amount of $84,861,983, principally on loans paid in full by the borrowers. The Court has sustained these objections or the claimants have agreed that they are not making a claim based upon the paid loan in question.

- A stipulation has been executed and an order signed which provides for the disallowance of the Spectrum and Weddell proofs of claim in the amount of $125,000,000.

259230.1

Case 06-10725-gwz    Doc 7474    Entered 09/04/09 16:40:33    Page 5 of 7

LEWIS
AND
ROCA
LLP
LAWYERS

- Thirty-two objections to claims based on the Palm Terrace lawsuit totaling $64,000,000; of which 31 claims have been disallowed in their entirety and one claim was deemed partially allowed in the amount of $50,000 with the remaining portion of the claim disallowed. Thus, $63,950,000 of the Palm Terrace Claims have been disallowed.

- Thirty-one objections to claims totaling $2,564,293 based on investments in the 3685 San Fernando Road Partners loan have been sustained, and orders are pending.

- 221 objections to claims totaling $12,610,791 based on investments in the Bay Pompano Beach loan and orders are pending.

Not all of the claims objections can be resolved through motions. The Court has ordered that the Trust's objection to claim 1366 of Los Valles Land & Golf, LLC be consolidated with a related adversary proceeding filed by the Trust against Los Valles and its guarantor, Dan S. Palmer, Jr.

Most objections to the allowance of non-direct lender claims have been resolved. The Trust expects to file few, if any, additional objections to the allowance of non-direct lender claims. The vast majority of the remaining claims objections that the Trust still intends to file are to direct lender claims, which the Trust intends to resolve primarily on a loan by loan basis. The Trust is now moving through these loans and filing objections.

## II. DISCUSSION

This Court has previously considered and granted, after notice, and without opposition, extensions of the Plan's deadline for claim objections under Bankruptcy Rule 9006(b)(1), provides that except as otherwise provided by the Rule:

> when an act is required or allowed to be done at or within a specified period by the rules or by a notice given thereunder or by order of court, the court for cause shall at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period,

LEWIS AND ROCA LLP LAWYERS

permit the act to be done where the failure to act was the result of excusable neglect.

This request is supported by good cause. Nothing in the Plan prohibits the Court from extending the deadline for objecting to claims. The previous extensions have all been granted without prejudice to further extensions. The Trust has been requesting only 120 day extensions so that the Court could monitor the claims process. The other direct lender claims to which the Trustee has yet to object relate mostly to loans that were previously serviced by Compass Partners and have more recently been serviced by Silar. As of August 31, 2009, these claims total approximately $317,000,000. The Trust has been able to gather some information about the remaining loans from Silar and is in the process of preparing additional omnibus objections on a loan by loan basis.

For all of these reasons, the USACM Trust believes it needs more than 120 days to complete its review of the claims and file objections, but for now asks only for an 120 days, so that the Court can continue to monitor the claims resolution process.

## III. CONCLUSION

The USACM Trust requests that the Court enter its order further extending the deadline to file objections to allowance of claims until February 4, 2010, without prejudice to an additional extension.

259230.1

**LEWIS AND ROCA LLP**
LAWYERS

Dated: September 4, 2009.

**LEWIS AND ROCA LLP**

By /s/ JH (#018024)
Rob Charles, NV 6593
John Hinderaker, AZ 18024 (pro hac vice)
*Attorneys for USACM Liquidating Trust*

Proof of service

Copy of the foregoing posted on the USACM Liquidating Trust website and served on September 4, 2009 via email, where an email address is listed, or by first class mail, postage prepaid U.S. Mail, addressed to:

All parties in interest listed on the Post Effective Date Service List on file with the Court

s/Renee Creswell
Lewis and Roca LLP

7

259230.1