**LEWIS AND ROCA LLP — LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

**Rob Charles** NV State Bar No. 006593
Email: rcharles@lrlaw.com
**John Hinderaker** AZ State Bar No. 018024
Email: JHinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

Efiled on 9/15/09

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>USA Capital Realty Advisors, LLC,[1]<br><br>USA Capital Diversified Trust Deed Fund, LLC,<br><br>USA Capital First Trust Deed Fund, LLC,[2]<br><br>USA Securities, LLC,[3]<br>                            Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No.<br>BK-S-06-10725 LBR<br><br>**USACM Liquidating Trust's Motion to Authorize First Interim Distribution To Unsecured Creditors**<br><br>Hearing Date:   October 19, 2009<br>Time:           3:00 p.m. |

Geoffrey L. Berman, Trustee for the USACM Liquidating Trust (the "Trust"), respectfully moves this Court for an order:

---

[1] This bankruptcy case was closed on September 23, 2008.

[2] This bankruptcy case was closed on October 12, 2007.

[3] This bankruptcy case was closed on December 21, 2007.

1

259538.1

1. • Approving **Exhibit A**, attached, as an accurate schedule of Allowed, Disallowed and Disputed (including unresolved) Claims as of September 7, 2010;
2. • Authorizing the Trustee to make an initial interim distribution of $20 million in Trust funds to the Trust's Beneficiaries and unsecured creditors;[4]
3. • Authorizing the Trustee to reserve for Disputed Claims in full;
4. • Approving the Trustee to provide notice of this motion as detailed below; and
5. • Authorizing the Trustee additional authority as may be necessary to make the approved interim distribution.

This motion is explained in the following Memorandum and is supported by the Court's record, the Declaration of Ted Burr in Support of Distribution Motion and the record to be developed at any hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Plan Confirmation and the Trust

This Court confirmed the Third Amended Plan of Reorganization on January 8, 2007.[5] The Plan established the USACM Trust, which incorporated the USACM Trust Agreement by reference.[6] Geoffrey L. Berman was confirmed as trustee. The Trust has filed quarterly post-confirmation reports with the Court, which are publicly available on the Trust's website.[7]

---

[4] All capitalized terms not defined herein are given the meaning ascribed to them in the Plan, including the Plan's supplemental documents.

[5] Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [DE 2376].

[6] *See* Debtors' Third Amended Joint Chapter 11 Plan Of Reorganization ("Plan") [DE 1799] §§ I(C), IV(D)(1), VII.

[7] http://usacmcucc.bmcgroup.com/Trustees%20Quarterly%20Reports/Forms/AllItems.aspx



Under the terms of the Plan, USACM Class A-4 creditors (the General Unsecured Claimants) were made beneficiaries of the USACM Trust.  As Beneficiaries, the General Unsecured Claimants are entitled to periodic, pro rata distributions from the Trust Assets.

**Claims Resolution**

On September 4, 2009, the Trust filed a Motion to Further Extend Deadline to File Objections to Allowance of Claims [DE 7474].  That Motion seeks to extend the deadline to February 4, 2010 and will be heard by the Court on October 5, 2009.  That Motion and its supporting declaration gives a complete review of the claims resolution process through August 31, 2009.  Rather than provide the same review here we incorporate it by reference and provide the following summary:

- There were seven administrative claims totaling $2,016,499.  Those claims are resolved and any approved administrative claims are paid;
- There were 100 priority claims totaling $6,975,181.  All but one of those claims in the amount of $32,844 have been resolved.  The Trust has objected to that priority claim and will ask the Court to set a hearing on the objection at an upcoming omnibus hearing.  All approved priority claims have been paid;
- There were 1,668 secured claims filed totaling $290,860,033.  All secured claims have been disallowed or converted to unsecured claims;
- There were approximately 1,241 unsecured claims filed totaling approximately $635,000,000.  Also, most of the secured claims were converted into unsecured claims thereby increasing the total amount of unsecured claims.  As of September 7, 2009, $179,565,872 in unsecured claims have been allowed, $454,676,493 have been disallowed, leaving a total of $312,903,676 in unresolved unsecured claims.  The Trust expects the Court to resolve still more unsecured claims at the October 5 and 19, 2009

259538.1

LEWIS AND ROCA LLP LAWYERS

omnibus hearings. The Trust intends to take any rulings by the Court at the omnibus hearings into account when it makes the distribution.

- There are 118 unsecured claims for an unliquidated amount. The Trust has reviewed those claims and found that most of them are duplicative of other claims or lack supporting documentation. The Trust will file an objection accordingly and notice the objections for hearing on October 19, 2009. The Trust has reviewed the remaining unliquidated claims and estimates the total amount of those claims to be approximately $4.5 million. The Trust intends to reserve for these unliquidated claims in full as described below when it makes the interim distribution.

**Proposed Schedule of Allowed, Disputed and Disallowed Claims**

The Trustee directed preparation of the schedule attached as **Exhibit A.** It identifies all claims that were scheduled and/or asserted by proof of claim. Scheduled claims that are also the subject of an allowed proof of claim are not included in **Exhibit A** in order to avoid the claim being double counted. For each claim **Exhibit A** provides the claimant's name, the claim amount, the allowed amount, the disallowed amount, and the unresolved amount as of September 7, 2009.

Subject to notice to the claimants and interested parties, the Trustee requests that the Court confirm that the schedule attached as **Exhibit A** is an accurate statement of the status of the claims listed there as of September 7, 2009.

The Trust has filed, and will be filing, objections and motions that will be scheduled for hearing by the Court on the Court's October 5 and October 19, 2009 omnibus hearing calendars. To the extent the Court disallows or allows additional claims following those hearings, the Trust asks that the Court authorize the Trustee to amend **Exhibit A** to incorporate those rulings in determining the appropriate distributions and reserves.

259538.1



**Proposed Distribution and Reserves**

The Trustee is entitled to make a distribution whenever the Trustee, in his discretion, believes the USACM Trust has cash in an amount sufficient to make a distribution while leaving enough left over in the Trust to fund its operations; and the Trustee is required to distribute the net income from the Trust Assets at least annually.[8] With respect to distributions and reserves, the confirmed Plan provides in part:

> Prior to making any distribution on Allowed Claims and Equity Interests, the {Trust} shall establish a Cash reserve for each Disputed Claim and Equity Interest, including unclassified Claims. Except as provided below, the Cash reserve for a Disputed Claim or Equity Interest shall be equal {to} the amount set forth in the proof of Claim or Equity Interest, or if no proof of Claim or Equity Interest has been Filed, the amount set forth for the Claim or Equity Interest on the Schedules.[9]

Although the next paragraph of the Plan authorizes the Trustee to seek this Court's permission to reserve for Disputed Claims in some other amount, the Trustee does not seek that authority now.

Because until recently the amount of Disputed Claims more than doubled the amount of Allowed Claims (subject to this Court's confirmation), the Trustee determined that the administrative expense of making a very small distribution to the holders of Allowed Claims could not be justified.

By way of general background, the Trustee recently filed his Quarterly Report for the period ending June 2009.[10] Further, two litigation matters were recently settled, which assuming Court approval of the settlements,[11] will provide the Trust with additional

---

[8] USACM Trust Agreement § 3.5(d)(iv).

[9] Plan § VII(B)(2).

[10] DE 7321.

[11] One of those matters, USACM Trust and Lucius Blanchard, the Blanchard Children's Irrevocable Trust Dtd 12/1/90 ("BCI"), Thomas A. Hantges in his capacity as Trustee for the BCT, and Palomino Partners, Ltd, adversary number 08-01268 and related adversaries, is set to be heard on October 5, 2009.

259538.1

monies that the Trustee believes should be made available with the other assets of the Trust and distributed to the creditor Beneficiaries. After reserving in order to "provide for all expense reserves necessary for the USACM Trust,"[12] the Trustee believes that $20,000,000 in cash should be distributed to Beneficiaries at this time. The Trustee believes that the amount of Trust assets, including approximately $1 million held by USACM in liquidation under Mesirow Financial Interim Management's control,[13] leaves the Trust with appropriate reserves.

The Trustee then would make a distribution to the Beneficiaries with Allowed Claims pro rata based upon the Court approved **Exhibit A** and the Court's rulings on objections and motions heard on October 5 and 19, 2009, and reserve for Disputed (including unresolved) Claims. If no additions are made to **Exhibit A** at the upcoming omnibus hearings, on a pro rata basis, about 36% of the interim Distribution will be paid to holders of Allowed Claims, and about 64% will be held in reserve. The interim Distribution represents a dividend of about 4% of the total Allowed Unsecured Claims at this time.

The Plan provides, however, that the Trustee will not make *de minimis* distributions to Beneficiaries. A distribution is *de minimis* if it would be less than $5.[14] Accordingly, the Trustee will not be making distributions to Beneficiaries whose allowed claim would result in a first interim distribution less than $5 on the date of the interim Distribution.

**Notice**

The Trust will provide notice of this motion as follows.

- Notice via the Court's ECF system;

---

[12] Plan § IV(D)(1).

[13] Monthly Operating Report for Filing Period Ending July 2009 [DE 7478].

[14] *See* Plan § VII(D).

259538.1

1. - Service of this motion and the notice of hearing by email or mail to the parties on the post-confirmation limited service list;
2. - Service of this motion and a notice by first class mail to each claimant listed on **Exhibit A**. The Trust will provide each claimant with the applicable portion of **Exhibit A** relevant to the particular claimant's claim(s) and not with a complete copy of **Exhibit A**.
3. - Posting the motion and the entire **Exhibit A** on the Trust's website - http://usacmcucc.bmcgroup.com/default.aspx.
4. - Providing a copy of the motion and notice upon request made to the undersigned counsel.
5. - Any additional notice as directed by the Court.

**Request For Relief**

The Trustee respectfully requests that this Court enter an order:

- Approving the notice of this motion;
- Approving **Exhibit A**, attached, as an accurate schedule of Allowed, Disallowed and Disputed (including unresolved) Claims as of September 7, 2009;
- Authorizing the Trustee to consider any rulings made by the Court at its October 5 and 19, 2009 omnibus hearing when determining the appropriate amount of the interim distributions and reserves;
- Authorizing the Trustee to make an initial interim distribution of $20 million in Trust funds to the Trust's Beneficiaries and unsecured creditors;[15]
- Authorizing the Trustee to reserve for Disputed Claims in full and for the amount of the estimated unliquidated claims;

---

[15] All capitalized terms not defined herein are given the meaning ascribed to them in the Plan, including the Plan's supplemental documents.



- Authorizing the Trustee additional authority as may be necessary to make the approved interim distribution; and
- Such other relief as is proper.

Respectfully submitted September 15, 2009.

**LEWIS AND ROCA LLP**

By: <u>John Hinderaker (AZ #18024)</u>
    Rob Charles, NV 6593
    John Hinderaker, AZ 018024 (*pro hac vice*)
    *Counsel for USACM Liquidating Trust*

259538.1