**LEWIS AND ROCA LLP LAWYERS**

E-Filed on 9/17/09

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br>                               Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**OBJECTION OF USACM TRUST TO PROOF OF CLAIM FILED BY ROCKLIN/REDDING LLC; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing: October 19, 2009<br>Time of Hearing: 3:00 p.m. |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing Proof of Claim No. 10725-00863 filed by Rocklin/Redding LLC (the

---

[1] This bankruptcy case was closed on September 23, 2008.
[2] This bankruptcy case was closed on October 12, 2007.
[3] This bankruptcy case was closed on December 21, 2007.

2095243.1

"Rocklin Claim"), which makes a general unsecured claim for $2,000,000.  This Objection is supported by the Court's record and the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND

1. On April 13, 2006 ("Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, and USA Capital First Trust Deed Fund, LLC (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Debtors' post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

2. USACM is a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of individual investors to purchase fractional interest in loans that USACM originated and then serviced.

3. On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] (the "Bar Date Order").  The Bar Date Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file proof of claims.

4. On September 25, 2006, Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358].  All Creditors were served with a copy of the Bar Date order as well [Docket No. 1358].

5.  On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376] (the "Confirmation Order").

6.  Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

7.  Under the Plan, allowed Unsecured Claims "shall receive a beneficial interest in the USACM Trust, and on account of their Allowed Claim may receive a Pro Rata Share of the assets of the USACM Trust after satisfaction of all Allowed unclassified Claims, Allowed Class A-1, A-2, and A-3 Claims, and all post-Effective Date fees, costs, and expenses of implementation of the USACM Plan for USACM and the USACM Trust."

8.  The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007.  Geoffrey L. Berman is the Trustee.

## II. JURISDICTION

9.  The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

10. The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III. APPLICABLE AUTHORITY

11. Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).

2095243.1

12. The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a). This objection is timely under the confirmed Plan, as the deadline for such objections has been extended to October 12, 2009, by this Court's orders. A motion to further extend that deadline has been filed with this Court.

13. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

**IV.   THE OBJECTIONS**

**A. The Rocklin Claim is duplicative**

14. Rocklin/Redding LLC ("Rocklin") has filed 11 proofs of claim. The first ten claims were Direct Lender claims based on the amount paid "to acquire partial interest in a Promissory Note/Trust Deed".[4] The 11th Proof of Claim, the Rocklin Claim to which the Trust objects, concerns *all* of the same loans subject to its first ten claims; the Rocklin Claim merely adds vague potential tort causes of action that are dependent on various unknown conditions. As Rocklin has already filed claims for the full amount of its investment in the various loans, together with interest, fees, and costs owed, the Rocklin Claim is duplicative and should be disallowed.

**B. The Rocklin Claim is vague and ambiguous**

---

[4] Those Proofs of Claim are: 10725-01757, 10725-01756, 10725-01755, 10725-01754, 10725-01753, 10725-01752, 10725-01751, 10725-01750, 10725-01749, 10725-01755, and 10725-01748.

15. In Exhibit A to the Rocklin Claim, Rocklin asserts that until certain events regarding the loans and the collateral transpire, it "cannot know whether representations made by the Debtor, and relied upon by claimant, were false…." Rocklin then goes on to assert a variety of possible legal theories for recovery that include fraud, violations of mortgage and loan broker statutes, breach of fiduciary duty, and breach of a confidential relationship. The Rocklin Claim never specifies what alleged statements or representations might serve as the basis for a fraud claim, which statutes regarding mortgage or loan brokers are at issue, or what actions by USACM could have breached its alleged fiduciary obligations. Moreover, as the Rocklin Claim is "not limited to" those causes of action, is also appears to be based on additional but as yet unspecified legal theories. In short, the Trust has no way of determining what USACM is being accused of, if anything. The Trust thus cannot adequately respond to the claim until a more definite statement has been provided.

16. The amount of the claim is vague and inconsistent. The Proof of Claim states that the "total amount of claim at time case filed" is $2,000,000, but Exhibit A attached thereto unequivocally states that the claim amount is unknown and contingent. Moreover, the Rocklin Claim is based on potential misrepresentations or breaches concerning ten different loans. The Trust cannot determine which loans are subject to which potential causes of action, nor can the Trust determine the damages that might arise from liability on those various loans. The Trust thus cannot adequately respond to the claim until a more definite statement (and allocation) as to damages has been provided.

17. Furthermore, per Bankruptcy Rule 3001, when a claim is based upon a writing, the claimant must submit the original writing. Here, Rocklin has not submitted any documentation to support its claims. None of the loan documents are attached, nor are any other documents that might serve as the basis for Rocklin's various specified and unspecified causes of action.

2095243.1

### C. Rocklin fails to state a claim.

18.     The Rocklin Claim states that until the loans in which Rocklin is a direct lender have been paid off, or until the collateral has been foreclosed on and sold, Rocklin cannot determine whether USACM's representations were false. As stated above, the Trust cannot determine which representations, if any, Rocklin is addressing with its claim, but it is unlikely that the truth or falsity of the representations rests upon whether Rocklin is repaid or the collateral is sold. While a fraud claim requires proof of consequent and proximate injury caused by reliance on the false representation, the falsity of the representation itself is not tied to the measure of damages. Similarly, the breach of a duty or the violation of a statute exists independently of the damages available for that breach or violation. As the Rocklin Claim does not identify a single breach, misrepresentation, or statutory violation, Rocklin fails to state a claim, and the Rocklin Claim should be disallowed.

### V.     CONCLUSION

19.     The USACM Trust respectfully requests that the Court disallow the Rocklin Claim in full. The USACM Trust also requests such other and further relief as is just and proper.

Dated: September 17, 2009.

LEWIS AND ROCA LLP

By /s/ Marvin Ruth (#10979)
  Rob Charles, NV 6593
  John C. Hinderaker, AZ 18024 (*pro hac vice*)
  Marvin C. Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: jhinderaker@rlaw.com
*Attorneys for the USACM Liquidating Trust*

2095243.1

1  Copy of the foregoing e-mailed or
   mailed by first class postage prepaid
2  U.S. Mail on September 17, 2009 to:

3  Stephen R. Harris, Esq.
   Belding, Harris & Petroni, Ltd.
4  417 W. Plumb Lane
   Reno, Nevada 89509
5  *Attorney for Rocklin/Redding LLC*

6

7   /s/ Leilani Lista_____
   Leilani Lista
8  Lewis and Roca LLP

2095243.1