**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 9/18/09

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br>　　　　　　　　　　　　　　Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**TWENTY-SECOND OMNIBUS OBJECTION OF USACM LIQUIDATING TRUST TO DOUBLE COUNTED CLAIMS; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing: October 19, 2009<br>Time of Hearing: 3:00 p.m. |

　　　　The USACM Liquidating Trust (the "USACM Trust") asserts this omnibus objection to allowance of claims pursuant to § 502 of title 11 of the United States

---

[1] This bankruptcy case was closed on September 23, 2008.

[2] This bankruptcy case was closed on October 12, 2007.

[3] This bankruptcy case was closed on December 21, 2007.

2095801.1



Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

In an apparent effort to cover their bases, 252 direct lenders filed proofs of claim that list the same claim amount three times: as the unsecured claim amount, the secured or priority claim amount, and the total claim amount. The excerpt below from section five of Proof of Claim No. 10725-02289 is typical:

> 5  Total Amount of Claim at Time Case Filed:  $ 268,660.73   268,660.73 _____   268,660.73
>                                                  (unsecured)   (secured)   (priority)   (Total)
> ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

Upon reviewing this proof of claim and others like it, the Claims Agent, BMC Group. Inc. ("BMC"), listed both a secured claim and an unsecured claim on the Claims Registry. Both the secured and unsecured claims were entered for the full amount. Thus, the claims were effectively double counted and, consequently, we will refer to them in this Objection as the "Double Counted Claims."

In March 2007, USACM Trust objected to all secured claims, including the secured portion of the Double Counted Claims. The Court sustained the objections and converted the secured claims into unsecured claims. Thus, the Double Counted Claims are now listed on the Claims Registry as a single unsecured claim for double the intended amount of the claim. To correct the situation, the USACM Trust objects to the Double Counted Claims and asks that the Court disallow half of each remaining unsecured Claim. This Objection is supported by the Court's record and the Declaration of Edward M. Burr in Support of Omnibus Objections to Duplicate Proofs of Claim (the "Burr Decl.") filed with the Court today.

2095801.1

## I. JURISDICTION

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.  The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II. BACKGROUND

2. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376] (the "Confirmation Order").  Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.  The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007.  Geoffrey L. Berman is the Trustee.

## III. APPLICABLE AUTHORITY

3. Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).

4. The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a).  This objection is timely under the confirmed Plan, as the deadline for such objections has been extended to February 9, 2009, by this Court's orders.

5. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*,

3

2095801.1

LEWIS AND ROCA LLP LAWYERS

178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

### IV. OBJECTION TO PART OF THE DOUBLE COUNTED CLAIMS

6. There are about 252 proofs of claim filed where the claimant listed the full amount of their claim as both a secured claim and an unsecured claim.[4] The excerpt below from section five of Proof of Claim No. 10725-02289 filed by Michael T. McGrath is typical:

| 5 Total Amount of Claim at Time Case Filed: | $ 268,660.73 (unsecured) | 268,660.73 (secured) | _____ (priority) | 268,660.73 (Total) |

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

7. When BMC reviewed this proof of claim, BMC listed it in the Claims Registry as two claims: a secured claim for $268.660.73 and an unsecured claim for $268,660.73. Thus, even though the claimant's apparent intent was to make a claim totaling $268,660.73, BMC entered claims totaling twice that amount. BMC treated all other similar proofs of claim the same.

8. In March 2007, the Trust objected to all secured claims. The Court ultimately entered several orders converting the secured claims into unsecured claims. Consequently, as to the Double Counted Claims, the total amount of the remaining unsecured claim now listed in the Claims Registry is still twice the intended amount of the claim.

9. The backup documentation provided with the Double Counted Claims typically includes a form called "Exhibit A", which the claimant used to establish the

---

[4] A couple proofs of claim filed involve claimants who listed their claim as both a priority claim and an unsecured claim.

4

2095801.1



amount of his or her claim.  Below is an excerpt from Exhibit A to Proof of Claim No. 10725-02289:

**EXHIBIT A**

**To Proof Of Claim**

A. <u>Amount Of Claim</u>

| | | |
|---|---|---|
| 1 | Total Amount Invested With USA Commercial Mortgage | $305,666.67 |
| 2 | Interest Due From March 1, 2006 through April 12, 2006 | 4,660.73 |
| 3 | Minus total amount of previously filed A-4 claims by Debtor for Diverted Principal [1] | [ 41,666.67 ] |
| 4 | **TOTAL CLAIM** (line 1 plus (+) line 2 minus (-) line 3): | $268,660.73 [2] |

Based upon section five of the proof of claim and the Exhibit A attached to it, the claimant obviously intended to assert a single claim for $268,660.73.  The same is true for the other proofs of claim listed on Exhibit A, attached, which lists all of the Double Counted Claims. (Burr Decl. ¶ 7.)  **Exhibit A** identifies the claimant, the claimant's address, what is currently listed in the claims registry as the total amount of the claim for purposes of distribution, and the actual amount of the claim that the Trust believes the claimant intended to assert.  (Burr Decl. ¶ 7.)[5]

10. The Trust has previously filed objections to some of the Double Counted Claims.  Where the Court has sustained those objections, the Trust and the Claims Agent have accounted for the double counting.  (Burr Decl. ¶ 8.)

11. Accordingly, the USACM Trust objects to the allowance of the proofs of claim listed on Exhibit A to the extent those claims were incorrectly doubled when entered into the Claims Registry.  If the Court grants this objection, one half of the remaining unresolved amount of the proof of claim will be disallowed.

---

[5] The USACM Trust is not objecting to that portion of any of the filed claims that address diverted principal, as in the sample proof of claim Exhibit A above.

2095801.1

LEWIS AND ROCA LLP LAWYERS

12. This objection is without prejudice to any other objection by any party in interest, including the USACM Trust.

## V. CONCLUSION

The USACM Trust respectfully requests that the Court disallow the Double Counted Claims listed in **Exhibit A** in an amount that is half of the remaining unresolved claim amount. The USACM Trust also requests such other and further relief as is just and proper.

Dated: September 18, 2009.

LEWIS AND ROCA LLP

By /s/ Marvin Ruth (#10979)
Rob Charles, NV 6593
John C. Hinderaker, AZ 18024 (pro hac vice)
Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Telephone:  (702) 949-8320
Facsimile:   (702) 949-8398
E-mail:  mruth@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

LEWIS AND ROCA LLP
LAWYERS

1  Copy of the foregoing and the pertinent
2  portion of Exhibit A mailed by First
   Class postage prepaid U.S. mail on
3  September 18, 2009 to:

4  All parties in interest listed on
   Exhibit A attached

5  LEWIS AND ROCA LLP
6

7   /s/ Leilani Lista
8

2095801.1