1  Dean T. Kirby, Jr.    Calif. Bar No. 090114
   KIRBY & McGUINN, A P.C.
2  707 Broadway, Suite 1750
   San Diego, California 92101
3  Telephone: (619) 525-1652  Facsimile: (619) 525-1651
   dkirby@kirbymac.com
4
   Michelle L. Abrams    Nev. Bar No. 5565
5  ABRAMS & TANKO LLLP
   3085 South Jones Blvd., Suite C
6  Las Vegas, NV  89146
   mabrams@abramstanko.com
7  Telephone: (702) 369-3724 Facsimile (702) 369-0651
   Attorneys for Proposed Plaintiff in Intervention
8  Debt Acquisition Company of America V, LLC

9                    UNITED STATES BANKRUPTCY COURT

10                          DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-06-10725 LBR |
| | Case No. BK-S-06-10726 LBR |
| USA COMMERCIAL MORTGAGE COMPANY | Case No. BK-S-06-10727 LBR |
| | Case No. BK-S-06-10728 LBR |
| USA CAPITAL REALTY ADVISORS, LLC | Case No. BK-S-06-10729 LBR |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC | Chapter 11 |
| USA CAPITAL FIRST TRUST DEED FUND, LLC [1] | Jointly Administered Under Case No. BK-S-06-10725 LBR |
| USA SECURITIES, LLC [2]                    Debtors | Adversary No. 08-01066 LBR |
| **Affects:**<br>❏ All Debtors<br>■ USA Commercial Mortgage Company<br>❏ USA Capital Realty Advisors, LLC<br>❏ USA Capital Diversified Trust Deed Fund, LLC<br>❏ USA Capital First Trust Deed Fund, LLC<br>❏ USA Securities, LLC | COMPLAINT IN INTERVENTION OF DEBT ACQUISITION COMPANY OF AMERICA V, LLC |
| USACM LIQUIDATING TRUST<br>                                    Plaintiff<br>v.<br>COMPASS USA SPE, LLC, et al.,<br>                                    Defendants | |

---

[1.] This bankruptcy case was closed on October 12, 2007

[2.] This bankruptcy case was closed on December 26, 2007

**Exhibit A Page 1 of 8**

DEBT ACQUISITION COMPANY
OF AMERICA V, LLC
      Plaintiff in Intervention

v.

USACM LIQUIDATING TRUST;
COMPASS USA SPE LLC; a Delaware Limited Liability Company; COMPASS PARTNERS, LLC, a Delaware limited liability company; and MILBANK, TWEED, HADLEY & McCloy, LLP; a limited liability partnership

      Defendants.

Plaintiff in Intervention Debt Acquisition Company of America V, LLC ("DACA") alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. § 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue of this action is proper under 28 U.S.C. § 1409(a), in that this proceeding is related to the above-captioned chapter 11 bankruptcy case, which is pending in this District.

## PARTIES

3. DACA is a limited liability company in good standing, duly organized and existing under the laws of the State of California. DACA's chief executive offices are in San Diego, California.

4. Defendant USACM Liquidating Trust (the "USACM Trust") is a liquidating trust organized under Nevada law. The USACM Trust was created pursuant to the Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan") filed in the above-captioned chapter 11 cases on behalf of USA Commercial Mortgage Company ("USACM") and affiliated debtors. The Plan was confirmed by the Bankruptcy Court by Order entered on January 8, 2007, and became effective on March 12, 2007.

5. The Plan expressly retained USACM's causes of action for enforcement by the USACM Trust, pursuant to 11 U.S.C. § 1123(b)(3)(B). The Joint Plan also transferred all assets of USACM on the Effective Date to the USACM Trust.

///

Compass USA SPE LLC, et al. v. Eagle Investment Partners, L.P., et al. Case No. 07-01124-LBR
Complaint in Intervention of Debt Acquisition Company of America V, LLC Page No. 2
**Exhibit A Page 2 of 8**

1  6.  DACA is informed and believes and thereupon alleges: Defendant Compass USA SPE, LLC ("Compass USA") is a limited liability company organized under the laws of the state of Delaware.

7.  DACA is informed and believes and thereupon alleges: Defendant Compass Financial Partners, LLC ("Compass Financial") is a limited liability company organized under the laws of the state of Delaware.

8.  DACA is informed and believes and thereupon alleges: Defendant Milbank Tweed, Hadley & McCloy ("Milbank") is a limited liability partnership with its chief executive offices in the State of New York.

## GENERAL ALLEGATIONS

9.  DACA is informed and believes and thereupon alleges: Compass USA and Compass Financial (collectively, "Compass") succeeded to the interest of Buyer under that certain Asset Purchase Agreement ("APA") which was approved by the Bankruptcy Court as a part of its Order Confirming Debtors' Third Amended Joint Plan of Reorganization entered January 8, 2009 as Docket No. 2376 (the "Confirmation Order").

10.  Among the assets purchased under the APA was the right to service certain fractionated trust deed loans originated by USACM. Compass succeeded to the rights and duties of the loan servicer under the existing Loan Servicing Agreements and the Plan. The investors holding beneficial interests under the USACM originated loans are referred to in the Plan as the "Direct Lenders."

11.  The Plan includes a compromise between the class of Direct Lenders and the bankruptcy estate, which dealt among other things with what the Plan called "Prepaid Interest." The term "Prepaid Interest" refers to funds advanced by USACM to the Direct Lenders in lieu of payments which USACM had not actually received from the borrowers. Under the compromise, the Direct Lenders agreed, and the Plan provides in part as follows:

> Prepaid Interest: Claims for Prepaid Interest, offsets, or holdbacks from Direct Lenders under the Plan (whether collected from the Borrowers or the Direct Lenders) shall be property of the USACM Estate free and clear of all liens, Claims and interests, except as otherwise provided in the Plan.

Compass USA SPE LLC, et al. v. Eagle Investment Partners, L.P., et al.    Case No. 07-01124-LBR
Complaint in Intervention of Debt Acquisition Company of America V, LLC    Page No. 3
**Exhibit A Page 3 of 8**

|   |   |
|---|---|
| 1 | i. Pre-Effective Date Prepaid Interest – Claims for Prepaid Interest, offsets, or holdbacks from Direct Lenders collected through the Effective Date are retained by USACM, and will be used to satisfy Allowed unclassified Claims and Allowed Class A-1, A-2 and A-3 Claims in accordance with the Plan, with any excess being contributed to the USACM Trust. |
| 2 | |
| 3 | |
| 4 | |
| 5 | ii. Post-Effective Date Prepaid Interest – The Prepaid Interest shall be collected post-Effective Date through an assignment of Prepaid Interest to the USACM Trust, which shall survive the Effective Date, so that the Asset Purchaser or any substitute or subsequent servicer will continue to net Prepaid Interest sums due from Direct Lenders in accordance with the Plan and will collect Prepaid Interest from Borrowers, and remit those amounts to the USACM Trust, except as otherwise provided herein. |

12. Both prior to and after confirmation of the Plan, Prepaid Interest was recovered by means of a series of offsets against distributions made to Direct Lenders, a process referred to in the bankruptcy case as "netting."

13. On October 2, 2006, this Court entered its Modified Order Authorizing Interim Distributions and Holdbacks at Docket 1424. This Holdback Order authorized USACM on an interim basis to withhold from sums due to Lenders among other things "1.4. any remaining amounts that each Lender received prepetition from USA on non-performing loans (the "Offsets"), as reflected by the sum of the amounts to be remitted by USA (due from the Lender) as shown on the Direct Lender Statements prepared for each Lender by account number for the month in question."

14. Footnote 1 to ¶ 1.4 of the Holdback Order explained: "For example, if a particular Lender invested in five different loans under a single vesting name, the amounts (which may be positive or negative) shown on Line 12 of each of the five Lender Statements for that vesting name will be netted together and the resulting amount, if positive, will be available for distribution to the Lender."

15. Paragraph 28 of the Confirmation Order provides that Prepaid Interest, "including Prepaid Interest collected by [Compass] post-Closing" vests in the USACM Trust. Paragraph 47 of the Confirmation Order provides in part: "In accordance with Article IV, Section E.1.d.ii of the Plan, Section 7.3 of the Asset Purchase Agreement and any other orders of this Court, the Asset Purchaser is authorized and directed to net Prepaid Interest sums due from Direct Lenders and collect Prepaid Interest from Borrowers, and remit those amounts to USACM or the USACM Trust, as applicable."

Compass USA SPE LLC, et al. v. Eagle Investment Partners, L.P., et al.                    Case No. 07-01124-LBR
Complaint in Intervention of Debt Acquisition Company of America V, LLC                   Page No. 4

**Exhibit A Page 4 of 8**

1        16.      DACA is informed and believes and thereupon alleges: On the Effective Date of the Plan, USACM applied the Prepaid Interest holdback to Lenders' Prepaid Interest obligations to USACM, accounted for the recoupment, and then provided Compass with a schedule of the as yet uncollected Prepaid Interest broken down by Loan and Lender.

17.      DACA is informed and believes and thereupon alleges: Thereafter, Compass elected to collect Prepaid Interest on a Loan by Loan, not Lender basis, contrary to the provisions of the Plan and the Confirmation Order. When this omission was called to the attention of Compass, it asserted that it was uncertain as to its authority to withhold distributions on a Lender by Lender basis, rather than a loan by loan basis.

18.      Paragraph 82 of the Confirmation Order directed Compass with respect to Loan collections:

> If, as between the provisions of the Loan Servicing Agreements and the order(s) of the Bankruptcy Court, it is not clear to Compass how the sums collected shall be distributed, then Compass shall hold the sums payable to the Lender until Compass either receives direction from the Lender and, as to items not constituting Commercial Mortgage Assets (as such term is defined in the Asset Purchase Agreement), the Sellers (or their successor or assignee under the Plan) regarding disbursement of interest, or is directed by an order from a court of competent jurisdiction.

19.      DACA is informed and believes and thereupon alleges: Instead of withholding Prepaid Interest on a Lender basis and seeking agreement of the Lender or an order of this Court, Compass paid Lenders Prepaid Interest otherwise due to the USACM Trust under the Plan. The amount of Prepaid Interest that Compass failed to collect, in violation of its duties under the Plan, is $476,677.92. Despite demand, Compass has failed to remit any portion of that sum.

20.      On about January 14, 2009, DACA and the USACM Trust entered into a Purchase Agreement, a true and correct copy of which is attached as Exhibit 1 hereto. As a part of the Purchase Agreement, the USACM Trust agreed to sell to DACA:

> a.      The right of Trust to receive all Prepaid Interest which is required under section IV E. 1. (d)(ii) of the Plan to be collected by "any substitute or subsequent servicer" of a Loan and remitted to Trust;
>
> b.      All causes of action to recover Prepaid Interest, subject to the tolling of limitations on such causes of action as provided for under the Plan; and

---

Compass USA SPE LLC, et al. v. Eagle Investment Partners, L.P., et al.      Case No. 07-01124-LBR
Complaint in Intervention of Debt Acquisition Company of America V, LLC      Page No. 5

        c.      All payments to be collected on any Loan that would otherwise be payable to a Lender that received Prepaid Interest, but only to the extent of such advanced principal or interest payments (collectively, the "Assets").

    21.    The Purchase Agreement was approved by order of this Court entered March 4, 2009 as Docket No. 6893. The sale of Prepaid Interest subsequently was closed and consummated, and DACA now stands in the shoes of the USACM Trust with respect to any right which the Liquidating Trust now possesses to recover Prepaid Interest.

FIRST CLAIM FOR RELIEF (Money Judgment to Recover Prepaid Interest from Compass):

    22.    DACA realleges and incorporates herein by this reference paragraphs 1 through 21 above.

    23.    Despite demand, Compass has failed and refused to remit and turn over to the USACM Trust or to DACA as its successor in interest, the sum of $476,677.92, which sum constituted property of the bankruptcy estate and was sold to DACA. Such failure constitutes a breach of Compass's obligations under the Plan and Confirmation Order, rendering Compass liable to DACA in that amount, plus interest at the legal rate from the date of collection, according to proof.

SECOND CLAIM FOR RELIEF (Recovery of the Marquis Distribution Offset)

    24.    DACA realleges and incorporates herein by this reference paragraphs 1 through 21 above.

    25.    DACA is informed and believes and thereupon alleges: The Liquidating Trust is indebted to Compass in the amount of $237,023.29, as evidenced by "Marquis distribution check No. 1174." The Complaint of the USACM Trust in this Adversary Proceeding alleges that "as the obligations of Compass and the USACM Trust described here are mutual, the USACM Trust seeks to offset its claims against Compass against its debt to Compass." The "Marquis distribution check No. 1174" simply refers to funds (hereafter, the "Marquis Distribution") held by the USACM Trust, which would otherwise have been distributed to Compass, but which are subject to offset against claims against Compass held by the USACM Trust.

/ / /

/ / /

Compass USA SPE LLC, et al. v. Eagle Investment Partners, L.P., et al.    Case No. 07-01124-LBR
Complaint in Intervention of Debt Acquisition Company of America V, LLC    Page No. 6
**Exhibit A Page 6 of 8**

1   26.   By reason of its purchase of the right to collect Prepaid Interest, DACA has succeeded to the rights of the USACM Trust to offset claims for Prepaid Interest against the asset of Compass represented by the "Marquis distribution check No. 1174."

THIRD CLAIM FOR RELIEF (Declaratory Relief Against All Defendants)

27.   DACA realleges and incorporates herein by this reference paragraphs 1 through 26 above.

28.   On December 11, 2008, Milbank appeared in this Adversary Proceeding by filing a "Notice of Perfection of Attorney's Lien" as Adversary Proceeding Docket No. 32. A true and correct copy of this document as attached as Exhibit 2 for the Court's convenience. This document states in relevant part that "pursuant to Nevada Revised Statute § 18.015, Milbank perfects an attorney's lien on any recovery on behalf of Compass's interests in the instant adversary proceeding, and on any settlement proceeds derived therefrom."

29.   An actual controversy has arisen between DACA on the one hand and Defendants on the other hand, as follows:

    29.1   DACA contends that the right to receive payment under the "Marquis distribution check No. 1174" in the amount of $237,023.29 has been transferred to DACA as part of the rights sold to DACA by the USACM Trust under the Purchase Agreement.

    29.2   DACA contends that the purported attorney's lien asserted by Milbank has not attached and cannot attach to the Marquis Distribution.

    29.3   DACA contends that in any event DACA's right in the Marquis Distribution are superior in priority to any right of Milbank.

30.   DACA is informed and believes, and thereupon alleges, that Defendants, and each of them, dispute these contentions. A declaratory judgment is necessary and appropriate at this time in order that the rights and obligations of the parties may be determined.

/ / /

/ / /

/ / /

/ / /

Compass USA SPE LLC, et al. v. Eagle Investment Partners, L.P., et al.                    Case No. 07-01124-LBR
Complaint in Intervention of Debt Acquisition Company of America V, LLC                    Page No. 7

**Exhibit A Page 7 of 8**

1  WHEREFORE DACA prays for relief as follows:

2  FOR THE FIRST CLAIM FOR RELIEF

3  31. For a money judgment against Compass in the amount of $476,677.92, plus interest at
4  the legal rate from the date on which such funds were received by Compass for the account of the
5  USACM Trust, according to proof at trial.

6  FOR THE SECOND CLAIM FOR RELIEF

7  32. For turnover of the Marquis Distribution.

8  FOR THE THIRD CLAIM FOR RELIEF

9  33. For a declaratory judgment stating as follows:

10  33.1 That the right to payment of the Marquis Distribution has been transferred to
11  DACA as part of the rights sold to DACA by the USACM Trust under the Purchase Agreement.

12  33.2 That the purported attorney's lien asserted by Milbank has not attached and
13  cannot attach to the Marquis Distribution.

14  33.3 That in any event DACA's right in the Marquis Distribution are superior in
15  priority to any right of Milbank.

16  FOR ALL CLAIMS FOR RELIEF

17  34. For costs of suit.

18  35. For such other and further relief as this Court deems just.

20  DATE: July 23, 2009                                        KIRBY & McGUINN, A P.C.

22                                                             By: /s/ Dean T. Kirby, Jr.
                                                               Dean T. Kirby, Jr. Attorneys for
23                                                             Plaintiff in Intervention
                                                               Debt Acquisition Company of
24                                                             America V, LLC

---

Compass USA SPE LLC, et al. v. Eagle Investment Partners, L.P., et al.           Case No. 07-01124-LBR
Complaint in Intervention of Debt Acquisition Company of America V, LLC          Page No. 8

**Exhibit A Page 8 of 8**