LEWIS AND ROCA LLP LAWYERS

E-Filed on 10/14/09

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024 (admitted pro hac vice)
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br>                             Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**SECOND OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED IN WHOLE OR IN PART UPON INVESTMENT IN THE SHAMROCK TOWER LP LOAN**<br><br>Date of Hearing: November 13, 2009<br>Time of Hearing: 9:30 a.m. |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing the Proofs of Claim filed by individual investors ("Direct Lenders")

---

[1] This bankruptcy case was closed on September 23, 2008.
[2] This bankruptcy case was closed on October 12, 2007.
[3] This bankruptcy case was closed on December 21, 2007.

260538.1

against USA Commercial Mortgage Company ("USACM") to the extent such claims are based upon an investment in the Shamrock Tower LP Loan (the "Shamrock Loan"). This Objection is supported by the Court's record and the Declaration of Geoffrey L. Berman in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the Shamrock Loan and filed with the Court today (the "Berman Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND

On April 13, 2006 ("Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Securities, LLC, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, and USA Capital First Trust Deed Fund, LLC (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtors' post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

USACM is a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.

That business included the solicitation of individual investors to purchase fractional interest in loans that USACM originated and then serviced. These investors, totaling approximately 3,600 as of the Petition Date, are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On September 14, 2006, the Court entered its Order Setting Deadline to File Proofs of Claim and Proofs of Interest [Docket No. 1280] (the "Bar Date Order"). The Bar Date

Order established 5:00 p.m., prevailing Pacific Time, on November 13, 2006, as the deadline ("Bar Date") for creditors to file proof of claims.

On September 25, 2006, Debtors served a copy of the Bar Date Order on their service lists [Docket No. 1358]. All Creditors were served with a copy of the Bar Date order as well [Docket No. 1358].

On November 6, 2006, a stipulation was filed and an order entered extending the Bar Date for Direct Lenders only to file proofs of claim until January 13, 2007 [Docket No. 1729].

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376] (the "Confirmation Order").

As part of the Plan, USACM sold the servicing rights to most of the loans it serviced to Compass Financial Partners, LLC, ("Compass") including the Shamrock Loan. The sale to Compass Financial Partners closed on February 16, 2007.

Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

On information and belief, Silar Advisors ("Silar") alleges that it foreclosed on its loan(s) to Compass Financial Partners in September 2008 and alleges that it has become the successor servicer to the Shamrock Loan and the Direct Lenders thereto.

Under the Plan, unsecured claims of Direct Lenders against USACM are classified in Class A-5. Allowed Unsecured Claims "shall receive a beneficial interest in the USACM Trust, and on account of their Allowed Claim may receive a Pro Rata Share of the assets of the USACM Trust after satisfaction of all Allowed unclassified Claims, Allowed Class A-1, A-2, and A-3 Claims, and all post-Effective Date fees, costs, and expenses of implementation of the USACM Plan for USACM and the USACM Trust."

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee.

**Exhibit A** attached lists Proofs of Claim filed by Direct Lenders that appear to be based IN PART upon an investment in the Shamrock Loan. (Berman Decl. ¶ 7.) **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Shamrock Loan based upon the information provided by the claimant. (Berman Decl. ¶ 7.) The claims listed in **Exhibit A** are referred to hereafter as the Shamrock Claims.

## II.   JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.   APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a). This objection is timely under the confirmed Plan, as the deadline for such objections has been extended to October 7, 2009, by this Court's orders.

4

260538.1

A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

## IV.  THE SHAMROCK LOAN DIRECT LENDERS

On June 30, 2003, 619 Main, LP made and delivered to Western United Life Assurance Company, a Promissory Note in an amount of $9,262,500 (the "Note"). On July 29, 2004, the Shamrock Direct Lenders, including the Direct Lenders identified in **Exhibit A** attached, purchased the Note through USACM. Through subsequent amendments, the loan was ultimately increased to $10,500,000. (Berman Decl. ¶ 2.)

The Loan was secured by a first Deed of Trust ("Deed of Trust") on real property and improvements thereon, as described in the Deed of Trust. The Deed of Trust was recorded on July 7, 2003 under Clerk's File Number W811419 in the Official Public Records of Real Property of Harris County, Texas. (Berman Decl. ¶ 3.)

Upon information and belief, 619 Main, LP subsequently transferred title to the collateral defined in the Deed of Trust to Shamrock Tower LP. (Berman Decl. ¶ 4.)

Based upon available appraisals, the Shamrock Loan appears to have been fully secured when the Direct Lenders made the Loan and when USACM's servicing rights were sold to Compass.

A March 31, 2004 appraisal by Luedemann & Associates appraised the value of the property securing the Shamrock Loan at an approximate value of $16,215,350 as of March 14, 2004. (Berman Decl. ¶ 5.)

A May 15, 2006 appraisal by Hilco Real Estate Appraisal, LLC estimated the value of the collateral at $14,500,000 as of June 5, 2006.  (Berman Decl. ¶ 6.)

Based on information provided by Windemere Capital, the sub-servicer for the Shamrock Loan, since the servicing rights for the Shamrock Loan were transferred to Compass, it appears that a resolution was reached with the borrower whereby the Direct Lenders took title to the collateral and the collateral was sold to a third-party for approximately $15,000,000.  On information and belief, there is ongoing litigation between Silar and the Direct Lenders in United States District Court, District of Nevada, over the proper amount of Silar's recovery for fees, default interest and other charges.  Upon information and belief, amounts over which there was no dispute were distributed to the Direct Lenders.  Upon information and belief, the Direct Lenders have not yet been paid in full.

### V.    OBJECTIONS

The Direct Lenders fail to state a claim as the Direct Lenders were not damaged by USACM's conduct.  Ultimately, the sale of the collateral yielded sufficient proceeds to cover the principal owed to the Direct Lenders.  USACM is not responsible for Silar's conduct.

Even if the loan was not performing, the Direct Lenders fail to state a claim as the Direct Lenders have not been damaged by USACM's conduct because the Shamrock Loan appears to have been fully secured at the time the Direct Lenders funded the Shamrock Loan, and when USACM sold the servicing rights to Compass.  Also, the USACM Trust is not aware of any information that suggests the Shamrock Loan was anything other than an arms-length transaction.

The USACM Trust is not aware of any breach of the service agreement by USACM.  To the extent the property's value has dropped since USACM sold the servicing

rights pursuant to the Plan of Reorganization, USACM is no longer a party to any servicing contract and consequently has no rights, duties, or obligations thereunder.

USACM did not guarantee repayment of the Shamrock Loan to the Direct Lenders. The Direct Lenders took a risk by funding the loan. USACM is not liable for the Borrower's default or any decrease in the value of the collateral caused by the downturn in the real estate market.

## VI. CONCLUSION

The USACM Trust respectfully requests that the Court disallow the claims listed in **Exhibit A** to the extent they are based upon a Direct Lender investment in the Shamrock Loan. This objection will not affect these claims to the extent they are based upon investments in other loans. The USACM Trust also requests such other and further relief as is just and proper.

DATED this 14th day of October, 2009.

LEWIS AND ROCA LLP

By /s/ Marvin Ruth (#10979)
   Rob Charles, NV 6593
   John Hinderaker, AZ 18024 (*pro hac vice*)
   Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: mruth@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

1  Copy of the foregoing and pertinent portion of Exhibit A mailed by first
2  class postage prepaid U.S. Mail this 14th day of October, 2009,
3  to all parties listed on Exhibit A attached.
4
5  LEWIS AND ROCA LLP
6
7   s/     Leilani Lista  _____
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

8

260538.1