**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John C. Hinderaker AZ State Bar No. 18024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 10/16/09

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br>                              Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>■ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**OBJECTION OF THE USACM TRUST TO PROOF OF CLAIM FILED BY LYNDA STEWART FOR LACK OF DOCUMENTATION; AND CERTIFICATE OF SERVICE**<br><br>Hearing Date:    December 18, 2009<br>Hearing Time:    1:30 p.m. |

      The USACM Liquidating Trust (the "USACM Trust") objects to Proofs of Claim No. 10725-00575 in an unliquidated amount filed by Lynda Stewart (the "Stewart Claim") because it is unsupported by any documentation. This Objection is supported by the Court's record, and explained in the following Memorandum.

---

[1] This bankruptcy case was closed on September 23, 2008.

[2] This bankruptcy case was closed on October 12, 2007.

[3] This bankruptcy case was closed on December 26, 2007.

2105668.1

## I.   JURISDICTION

1. The Court has jurisdiction under 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. The Objection is brought under 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II.   BACKGROUND

1. On April 13, 2006 ("Petition Date"), USA Commercial Mortgage Company ("USACM") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor continued to operate as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Post-petition management of Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

2. On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376].

3. Debtors' Third Amended Chapter 11 Plan of Reorganization (the "Plan") [Docket No. 1799] provides the following deadlines for objections to Claims.  The deadline for claims objections is currently February 9, 2010.

4. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.  The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007.  Geoffrey L. Berman is the Trustee.

5. The claimant filed the Claim against USACM without supporting documentation.  Further, the Claim does not appear to be supported by USACM's books and records.  The USACM Trust contends that the Claim is not a valid Claim and should

be disallowed because there is no supporting documentation for the Claim as required under Bankruptcy Rule 3001(f).

### III. APPLICABLE AUTHORITY

1. Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

2. The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a). This objection is timely under the Court's orders.

3. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the Claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

### IV. OBJECTIONS TO CLAIMS

1. The USACM Trust objects to Lynda Stewart Claim No. 10725-00575 on the basis that there is no proof to support the Claim and the claimant has produced no evidence or documentation supporting the Claim's validity. The USACM Trust asks that the Court disallow Stewart Claim No. 10725-00575 in full.

2105668.1

## V. CONCLUSION

For the reasons discussed above, the USACM Trust objects to the Stewart Claim and requests that it be disallowed in full. The USACM Trust requests other relief deemed appropriate by the Court.

Dated: October 16, 2009.

**LEWIS AND ROCA LLP**

By:  /s/ John Hinderaker (AZ 4199)
 Rob Charles, NV 6593
 John C. Hinderaker, AZ 18024 *(pro hac vice)*
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320
Email: JHinderaker@LRLaw.com
*Counsel for USACM Liquidating Trust*

Copy of the foregoing mailed October 16, 2009 by first class postage prepaid U.S. Mail to:

Lynda Stewart
4605 E. Juana Ct.
Cave Creek, AZ 85231

 /s/ Leilani Lista
Lewis and Roca LLP