WILLIAM W. HUCKINS, ESQ. (CA BAR NO. 201098)
JAMES A. TIMKO, ESQ. (CA BAR NO. 220140)
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
1900 Main Street, Fifth Floor
Irvine, California 92614-7321
Phone: (949) 553-1313
Fax: (949) 553-8354
Email: whuckins@allenmatkins.com
       jtimko@allenmatkins.com

AMBRISH S. SIDHU, ESQ. (NEVADA BAR NO. 7516)
SIDHU LAW FIRM, LLC
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Phone: (702) 384-4436
Fax: (702) 384-4437
Email: asidhu@sidhulawfirm.com

Attorneys for Creditor
AMTRUST BANK

*E-Filed on 10/20/09*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA, LAS VEGAS DIVISION

| | |
|---|---|
| In re<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>    Debtor. | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br><br>Chapter 11 |
| USA CAPITAL REALTY ADVISORS, LLC,<br><br>    Debtor. | Jointly Administered Under<br>Case No. BK-S-06-10725-LBR |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>    Debtor. | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: November 13, 2009<br>Time: 9:30 a.m. |
| USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>    Debtor. | Place: Courtroom 1<br>       Foley Federal Building<br>       300 Las Vegas Blvd., South<br>       Las Vegas, Nevada |
| USA SECURITIES, LLC,<br><br>    Debtor. | |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

885055.01/OC

AFFECTS:
___ All Debtors
_X_ USA Commercial Mortgage Company
___ USA Capital Realty Advisors, LLC
___ USA Capital Diversified Trust Deed Fund, LLC
___ USA Securities, LLC.

AmTrust Bank ("AmTrust"), by and through its counsel, moves this Court pursuant to Bankruptcy Code sections 541, 362(d)(1) and (d)(2), Federal Rule of Bankruptcy Procedure 4001(a), and Local Rule 4001 for entry of an order determining that the automatic stay imposed by Bankruptcy Code section 362 does not apply with respect to that certain real property located in the City of Temecula, County of Riverside, State of California, more particularly described in Exhibit "A" attached hereto (the "Property"), which secures the indebtedness of Ashby USA, LLC, a California limited liability company ("Ashby") to AmTrust.

In an abundance of caution, AmTrust has filed this Motion for assurances because it seeks to exercise its rights and remedies against Ashby under its loan documents, security interests and applicable law, including foreclosure against the Property. The reason for this Motion is that USACM Liquidating Trust (the "Trust"), as post-confirmation successor to USA Commercial Mortgage Company ("USACM" or the "Debtor"), previously claimed to hold an equitable interest in property titled in certain affiliates of USA Investment Partners LLC ("USAIP"), which may include Ashby the owner of the Property; and USACM may also hold a lien on the ownership interest of USAIP in Ashby to secure payments of a certain promissory note.

The Trust has, however, concluded a settlement of litigation against Ashby, its affiliates, and one of its principals, Richard Ashby, and other related entities, under Adversary Proceeding Case Number 08-01123-LBR in this Court. Accordingly, any equitable claims that the Trust may have to the Ashby property (including the Temecula Property) have been liquidated in that settlement, and thus such claims pose no impediment to AmTrust exercising its rights against Ashby. Further, while the Trust may claim to have liens on USAIP's ownership interests, including USAIP's membership interest in Ashby, any land owned by Ashby is not property of the Debtor's bankruptcy estate or of the Trust. Accordingly, AmTrust, which is owed over

$133,600,000 under its loan to Ashby, seeks a determination that the automatic stay imposed by Bankruptcy Code section 362 would not prohibit AmTrust from exercising its state law rights, including foreclosing on the Property.

During the meet and confer process, counsel for AmTrust received a letter from counsel for the Trust stating the Trust does not assert any interest in real property in Temecula, California. Counsel for the Trust further stated that he did not believe a request for relief from the stay was necessary. Based on the response from counsel for the Trust, AmTrust does not believe that the Trust or any other party will object to the relief requested herein. However, due to the complicated nature of these bankruptcy proceedings, the various business relationships, and AmTrust's significant loan against the Property, AmTrust determined that is necessary to file this Motion.

The Court should grant this Motion because another creditor filed a motion and obtained an order from the Court in this case holding that the automatic stay does not prevent the secured creditor from pursuing its rights and remedies, including foreclosure, because of USACM's lien on the equity interest of USAIP in Ashby. Thus, AmTrust should similarly be allowed to proceed to enforce its rights and remedies under applicable state law, including the foreclosure of its interest in the Property. Additionally, based on the response from the Trust's counsel, the Trust does not object to the relief sought by AmTrust.

Further, it is well-settled that the filing of a bankruptcy case by one entity does not stay or enjoin collection actions against purportedly related nondebtor entities because the nondebtor entities' property is not property of the bankruptcy estate. As such, the fact that USACM may have a lien or other interest on USAIP's ownership interest in the actual owner of the Property, does not stay or enjoin AmTrust from exercising its state law rights against the Property.

Moreover, any interest that USACM may have in USAIP's interest in Ashby has no value because AmTrust's senior lien consumes all of the value of the Property (indeed, according to an appraisal of the Property obtained by AmTrust, AmTrust is significantly undersecured). Additionally, AmTrust has not received any payments on its fully matured loan in the last two

years, and approximately $133,600,000 remains due and owing, while interest continues to accrue at a rate of approximately $33,600 a day.

Thus, to the extent the Court determines that the automatic stay applies, AmTrust seeks entry of an order lifting the automatic stay to allow AmTrust to exercise its rights and remedies against the Property because: (1) "cause" exists to lift the automatic stay under Bankruptcy Code section 362(d)(1), as AmTrust's security interest is not adequately protected; and (2) there is no equity in the Property or USACM's interest in USAIP's equity interest against the Property and the Property was not necessary to the Debtor's reorganization, as the interest remained with the Trust under the order confirming the Debtor's plan of reorganization and the Debtor was a mortgage broker and servicer not a real estate developer. (See Docket No. 2376).

Pursuant to Local Rule 4001(a)(2), the required Section 362 Information Sheet is attached hereto as Exhibit "B".

This Motion is supported by the attached Memorandum of Points and Authorities, the Declaration of Michael Attias, the Declaration of Michael Frauenthal, the Declaration of Ambrish S. Sidhu, and all matters of record in this case of which AmTrust respectfully requests the Court to take judicial notice.

DATED this 20th day of October, 2009.

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
William W. Huckins, Esq.
James A. Timko, Esq.
1900 Main Street, Fifth Floor
Irvine, California 92614-7321

- and -

SIDHU LAW FIRM, LLC

By: _____
Ambrish S. Sidhu, Esq.
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101

Attorneys for Creditor
AmTrust Bank

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

AmTrust is the holder of the senior deed of trust and security interest in the Property, which is owned by Ashby.[1] Ashby has defaulted on its loan obligations to AmTrust and currently owes approximately $133,600,000 under the loans. As a result of Ashby's defaults, AmTrust seeks to enforce its rights under the loan documents and applicable law, including foreclosing on its senior lien against the Property. The Motion should be granted for two reasons. First, under section 541 of the Bankruptcy Code, the fact that USACM may hold a lien against USAIP's equity interest in Ashby, the nondebtor owner of the Property, does not grant USACM with an interest in the Property to which the automatic stay applies.

Second, this Court has previously issued an order that while the Trust claimed an interest in USAIP's interest in Ashby, the real property is nevertheless not property of the Trust's estate. [See Docket No. 7194].

Third, during the meet and confer process, counsel for the Trust stated that the Trust does not assert ownership in the Property and does not oppose the relief sought.

Fourth, any interest that the Trust could claim in the Property has no value as the Property is worth well less than the senior debt owed to AmTrust and the Trust is not adequately protecting AmTrust's interest because neither USACM, the Trust, nor Ashby, have made any payments on the amounts owed to AmTrust in approximately two years. Thus, "cause" exists requiring this Court to lift the automatic stay under Bankruptcy Code section 362(d)(1).

Fifth, because any lien USACM held or now may hold against USAIP's equity interest in Ashby has no value as the Property's value is less than AmTrust's senior lien; thus, under section 362(d)(2) of the Bankruptcy Code, this Court is required to lift the automatic stay because there is no equity in the Property or any interest thereon, and any such interest is not necessary to an effective reorganization as USACM's plan was already confirmed and USACM's interest in USAIP was granted to the Trust under the plan.

---

[1] Terms not defined herein are as defined in the Motion.

## II. JURISDICTION AND VENUE

The Court has jurisdiction and authority over this Motion pursuant to 28 U.S.C. sections 157 and 1134. Venue is proper under 28 U.S.C. sections 1408 and 1409. This is a core proceeding under 28 U.S.C. section 157(b). The legal predicates for the relief sought in this Motion are Bankruptcy Code sections 362(d)(1) and (2) and 541, Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001.

## III. BACKGROUND

### A. Ownership of the Temecula Property

Upon information and belief, prior to the petition date, USACM was a mortgage broker and loan servicing company whose primary business activities were: (a) "originating" short-term loans from investors to real estate developers; and (b) servicing the loans it originated by collecting principal and interest from borrowers and distributing those payments to the investors. USACM earned revenue by charging various fees for these services, including origination, servicing, and extension fees. The entities with which USACM was involved included Ashby, which acquired and owns the Property.

Upon information and belief, certain insiders of the Debtor used USAIP as a vehicle for the transfer of funds from USACM, and, in the aggregate, USACM transferred at least $58 million to USAIP to fund USAIP's investments and pay its obligations. This has been memorialized in a note between USACM and USAIP dated May 15, 2006, in the amount of approximately $58 million, approved by order of this Court dated July 24, 2006 (the "Note"). Upon information and belief, the Note is secured by liens on USAIP's interests in entities owned (in whole or in part) by USAIP, including Ashby. See, e.g., USACM Liquidating Trust Quarterly Report for Period Ending September 30, 2007, at pg. 5 and n.6 [Docket No. 5035]. The Debtor is not, however, the record title holder of the Property, nor does the Debtor own any direct legal or equitable interest in the Property.

//
//
//

### B. The Loan

Ashby is the owner of the Property. To develop the Property, as part of a project called Roripaugh Ranch in Temecula, California (the "Project"), Ashby obtained financing from AmTrust, then named Ohio Savings Bank, a federal savings bank. A brief description of the loan and related documents follows.

#### 1. The Loan Agreement and Notes

AmTrust, as lender, and Ashby, as borrower, are parties to a Loan Agreement dated as of August 29, 2005 (as modified, the "Loan Agreement"). [Declaration of Michael Attias filed concurrently herewith ("Attias Decl.") ¶ 4, Ex. 1.] In connection with the Loan Agreement, Ashby executed two promissory notes in favor of AmTrust: (i) a Revolving Deed of Trust Note (Land Loan) (Roripaugh Ranch), dated as of August 29, 2005, in the amount of $106,500,000 (the "Revolving Note"); and (ii) a Deed of Trust Note (Letter of Credit), dated August 29, 2005 (the "LC Note," and collectively with the Revolving Note, the "Notes"). [Attias Decl. ¶ 4, Ex. 2.]

#### 2. The Security Documents

To secure Ashby's obligations under the Loan Agreement and the Notes, Ashby executed the following documents in favor of AmTrust: (i) a Construction Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing, dated as of August 29, 2005, encumbering the Property (the "DOT"); (ii) an Assignment of Rents and Leases and Agreements Affecting Real Estate, dated as of August 29, 2005 (the "Assignment"); and (iii) a Security Agreement Pledge, dated as of August 29, 2005 (the "Pledge Agreement," and collectively with the DOT and the Assignment, the "Security Documents"). [Attias Decl. ¶ 5, Exs. 3-5.] Under the Security Documents, among other things, Ashby assigned to AmTrust the rights to certain rents and profits from the Property, granted to AmTrust a security interest in certain parcels of land underlying the Property, and granted to AmTrust a security interest in substantially all of Ashby's personal property related to the Project.

On September 2, 2005, the DOT and Assignment were recorded in the official records of the County of Riverside, California (the "Official Records"). [Attias Decl. ¶ 5, Exs. 3-4.] A UCC-1 financing statement perfecting AmTrust's security interest granted under the Pledge

Agreement was filed with the California Secretary of State's Office on September 26, 2005. [Attias Decl. ¶ 5, Ex. 6.]

### 3. The Loan Modification

AmTrust and Ashby entered into a Modification Agreement (Land Loan and Unit Construction Revolving Loan) (Roripaugh Ranch) dated February 14, 2006 (the "First Modification"). [Attias Decl. ¶ 6, Ex. 7.] Under the terms of the First Modification, AmTrust agreed, among other things, to increase the amount of the LC Note to $8,005,000 and extend the timeframe for Ashby to meet certain obligations. In connection with the First Modification, Ashby executed a Replacement Deed of Trust Note (Letter of Credit) (Roripaugh Ranch), dated February 14, 2006 in favor of AmTrust (the "Modification Note"). [Attias Decl. ¶ 6, Ex. 8.] To secure the obligations owed to AmTrust under the First Modification and the Modification Note, Ashby executed a Modification of Construction Deed of Trust and Assignment of Rents (Land Loan and Revolving Loan) (the "Modified DOT"), dated February 14, 2006. The Modified DOT was recorded in the Official Records on March 3, 2006. [Attias Decl. ¶ 6, Ex. 9.]

### C. The Loan Fully Matured in August 2007 and Remains Unpaid

Ashby defaulted under the Loan Agreement and Revolving Note on June 30, 2006, by failing to make certain principal payments. [Attias Decl. ¶ 7.] This default and others remain uncured.[2] [Attias Decl. ¶ 7.] Under the terms of the Revolving Note and Loan Agreement, the Revolving Note fully matured as of August 29, 2007. [Attias Decl. ¶ 7.] Ashby failed to pay off the amounts due and owing under the Loan Agreement and Revolving Note upon the maturity date. [Attias Decl. ¶ 7.] The full amount of the Revolving Note remains due and owing at present.[3] Further, AmTrust has made and continues to make additional advances for, among other things, taxes, insurance and erosion control in order to protect its interest in the Property. [Attias Decl. ¶ 7.] Ashby currently owes AmTrust approximately $133,600,000 under the Revolving

---

[2] The loan defaults are documented in correspondence and notices between the parties. AmTrust reserves its rights with respect to any and all defaults under the Loan Agreement and related documents and nothing herein should be construed as a waiver of such rights.

[3] The LC Note, as modified, has been satisfied.

Note and Loan Agreement, while interest continues to accrue at a rate of approximately $33,600 a day. [Attias Decl. ¶ 8.]

### D. The Bankruptcy Case

Following USACM's bankruptcy filing, the Trust has from time to time filed quarterly reports that mention Ashby. For example, in the report for the quarter ended September 30, 2007, the Trust states:

> USAIP is the maker of a $58,374,918.81 promissory note (the "$58 million Note") to USACM for the benefit of creditors (including DTDF). Repayment of the $58 million Note and other obligations of USAIP are secured by liens on USAIP's interest in entities owned [sic] or in part by USAIP.[4] The Trustee may also claim equitable ownership rights in some assets titled in such entities....

USACM Liquidating Trust Quarterly Report or Period Ending September 30, 2007 at pg. 5 and n.6. [Docket No. 5035].

### E. The Adversary Proceeding and Its Settlement

On April 11, 2008, the USACM Trust commenced Adversary Proceeding Case Number 08-01123-LBR, entitled <u>USACM Liquidating Trust v. Fiesta Development, Inc., et al.</u> (the "Adversary Proceeding") seeking to recover, under a broad array of theories, approximately $4.9 million in USACM funds that were allegedly transferred to Fiesta Development, Inc., Ashby, Richard K. Ashby, Random Developments, LLC, and Ashby Development Company, Inc. (collectively, the "Defendants").

Ultimately, on February 10, 2009, the Trust moved pursuant to Bankruptcy Rule 9019 for approval of a settlement (the "Settlement Agreement") of the Adversary Proceeding ("9019 Motion") [Docket Number 6794] providing, among other things, for an $82,500 payment to the Trust (the "Settlement Consideration"), and entry of a stipulated judgment in the amount of approximately $4.9 million against the defendants (excluding Ashby and Richard Ashby) (the "Stipulated Judgment"). In the 9019 Motion, the Trust alleged, among other things:

> Prior to the settlement conference before Judge Newsome, the USACM Trust conducted the depositions of Ashby and Fiesta, through its accountant, Daniel Limone. During these depositions,

---

[4] Ashby is listed among these entities, at note 6 of this document.

> the USACM Trust learned that: (1) Fiesta Development is nearing bankruptcy; (2) Ashby [] is insolvent, in default of its loan obligations, and expects its lender [AmTrust] to proceed with foreclosure on its only substantial asset soon; (3) Random Development has no assets of value, and the property it was previously developing has been foreclosed on; (4) [Richard] Ashby has several lawsuits against him related to personal guarantees in excess of $300 million, has outstanding judgments against him of over $9 million, and does not have sufficient assets to repay these obligations; and (4) Ashby Development is likewise insolvent, without any significant assets. [citation omitted].

9019 Motion, at pg. 6.

On March 5, 2009, this Court approved the 9019 Motion. Pursuant to the provisions of the Settlement Agreement (at pgs. 2-3), upon payment of the $82,500 Settlement Consideration, the Trust's claims against Ashby will be dismissed with prejudice. Ashby and Richard Ashby are excluded from liability under the Stipulated Judgment. See Settlement Agreement at pgs. 2-3 (attached to the 9019 Motion as Exhibit A).

Accordingly, the Trust has liquidated any equitable claims it has to the property of Ashby (including the Property). Presently, the extent of the Trust's interest, in connection with Ashby, is a lien on USAIP's membership interest in Ashby.

### F. The Property Is Worth Well Less than the Loan Default

An appraisal of the Property was performed in June 2008 (the "Appraisal"). Based on the Appraisal, the "as is" value of the Property as of May 28, 2008 was approximately $15.3 to $15.6 million. The potential value of the Property in "blue-top" condition as of August 31, 2009 was projected to be $82,200,000 [Declaration of Michael Frauenthal filed concurrently herewith ("Frauenthal Decl.") ¶¶ 3-4, Ex. 1], but the further development necessary to achieve "blue-top" condition was not undertaken, and the Property has not been improved since the June 2008 Appraisal. [Attias Decl. ¶ 9]. Regardless of the appraisal method, whether "as is" or "blue-top," the value of the Property is well more than $50 million less than the debt due and owing to AmTrust, which is secured by a first lien against the Property.

//
//
//

G. **The Court's Prior Order for Relief from the Automatic Stay by Another Creditor**

The Temecula Public Finance Authority (the "Finance Authority") filed a motion seeking entry of an order determining that the automatic stay did not apply to prevent its efforts to foreclose on certain real property owned by Ashby, because the Debtor held, at most, a lien on USAIP's interest in Ashby and a claimed equitable interest in certain properties which were resolved as part of the Stipulated Judgment. [Docket No. 7015]. The Finance Authority's motion was opposed by the Trust, but ultimately the Court entered an order granting the Finance Authority's motion on June 12, 2009. [Docket No. 7200].

H. **The Trust Does Not Assert an Ownership Interest in the Property**

On October 12, 2009, counsel for AmTrust delivered a meet and confer letter to counsel for the Trust (the "Meet and Confer Letter") stating, among other things, that AmTrust will be seeking relief from the automatic stay with respect to the Property. [Sidhu Decl. ¶ 3, Ex. 1]. Shortly thereafter, by facsimile dated October 13, 2009, counsel for the Trustee responded to the Meet and Confer Letter, stating that the Trust "does not assert any interest in real property located in the City of Temecula, County of Riverside, CA" and that the Trust saw no reason to be named in a motion for relief from stay. [Sidhu Decl. ¶ 4, Ex. 2].

IV. **RELIEF REQUESTED**

AmTrust requests that this Court enter an order: (i) confirming that the automatic stay does not apply to the Property because of the Trust's lien on USAIP's equity interest in Ashby, the actual owner of the Property; and (ii) confirming that the automatic stay does not prevent AmTrust from pursuing its rights and remedies against the Property. Further, to the extent the Court determines the automatic stay does apply, AmTrust asserts that any interest the Debtor claims in USAIP and the Property has no value to the bankruptcy estate and cause exists to lift stay because AmTrust's interests are not adequately protected, and is not necessary to a reorganization. As such, AmTrust requests that the Court enter an order lifting the automatic stay to allow AmTrust to exercise its state law rights and remedies against the Property. Moreover, to the extent

applicable, AmTrust requests that the ten-day stay of this Court's order under Federal Rule of Bankruptcy Procedure 4001(a)(3) be waived.

## V. ARGUMENT

### A. The Property Is Not Property of the Debtor's Estate

Bankruptcy Code section 362(a) states that the filing of a bankruptcy petition:

Operates as a stay, applicable to all entities, of –

\*       \*       \*

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate; [and]

(5) an act to create, perfect or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case . . .

11 U.S.C. § 362(a).

The bankruptcy estate is comprised of, among other things, "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). A debtor's bankruptcy estate does not expand a debtor's property rights and "[t]he estate succeeds to property only to the extent of the right and title possessed by the prepetition debtor." Emerson v. Maples (In re Mark Benskin & Co.), 161 B.R. 644, 653 (Bankr. W.D. Tenn. 1993); see also Begier v. Internal Revenue Service, 496 U.S. 53, 59 (1990) (bankruptcy estate consists of legal and equitable interests as of commencement of case); In re Advent Management Corp., 104 F.3d 293, 295 (9th Cir. 1997) (debtor does not have a property interest in funds held under constructive trust). Further, as a general rule, the automatic stay only protects the debtor, property of the debtor or property of the estate. Chugach Timber Corp. v. Northern Stevedoring & Handling Corp. (In re Chugach Forest Prods., Inc.), 2 F.3d 241, 246 (9th Cir. 1994) (citations omitted). Thus, the automatic stay neither protects nondebtor parties or their property, nor does it stay actions against guarantors, sureties, corporate affiliates, or other nondebtor parties liable on the debts of the debtor. Id. (citations omitted). Moreover, the automatic stay does not apply to a wholly owned

1 subsidiary of a debtor absent "unusual circumstances," even if the action against the nondebtor
2 entity may lower the value of the debtor's property. Kreisler v. Goldberg, 478 F.3d 209, 214 (4th
3 Cir. 2007); see In re A Partners, LLC, 344 B.R. 114 (Bankr. E.D. Cal. 2006).

4     Based on the foregoing, because the Trust does not own the Property (nor did USACM
5 own the Property as of the petition date), the Property is not property of USACM's bankruptcy
6 estate, and this Court should enter an order stating that the Debtor's equity interest in Ashby does
7 not prevent or enjoin AmTrust from pursuing its rights and remedies against the Property. As
8 discussed above, the Court has previously entered a similar action granting such relief in similar
9 circumstances. Moreover, based on the Trust's response to AmTrust's Meet and Confer Letter, the
10 Trust does not assert an ownership interest in the Property and does not oppose the relief sought
11 by AmTrust.

**B.    The Court Should Grant the Requested Relief Because "Cause" Exists to Lift the Automatic Stay**

    **1.    "Cause" Exists Because AmTrust's Interests in the Property Are Not Adequately Protected**

16     Bankruptcy Code section 362(d)(1) provides that upon a request of a party in interest, the
17 automatic stay shall be lifted "for cause, including the lack of adequate protection." 11 U.S.C.
18 § 362(d)(1). An interest in property requiring adequate protection includes "the right of a secured
19 creditor to have the security applied in payment of the debt upon completion of the reorganization;
20 and that interest is not adequately protected if the security is depreciating during the term of the
21 stay." United Sav'n Ass'n. v. Timbers of Inwood Forest Assocs., 484 U.S. 365, 370 (1988).

22     Here, there is little question that "cause," due to the lack of adequate protection, exists.
23 Simply stated, the loan to Ashby matured more than two years ago and there have been no
24 payments on the loan in that time. As a result, an outstanding balance of approximately
25 $133,600,000 remains fully due and owing and interest continues to accrue at a rate of
26 approximately $33,600 a day. Since the loan was made, real estate values in Temecula, and
27 Riverside County, as a whole, have declined precipitously. Indeed, this decline in value is
28 highlighted by the fact that the Property was recently valued on an "as is" basis at less than

$16,000,000 when many multiples of that amount were advanced under the loan since 2005. Furthermore, not only is the Property's value plummeting, AmTrust is continuing to expend funds to pay the property taxes, insurance, and erosion control to protect its interest in the Property. AmTrust's interests are not being adequately protected and relief from stay must be granted.

### 2. **The Automatic Stay Should Be Lifted Because the Debtor Has No Equity in the Property and the Property Is Not Necessary to an Effective Reorganization**

Bankruptcy Code section 362(d)(2) provides:

> On request of a party in interest and after notice and a hearing, the court **shall** grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> (2)   with respect to a stay of any act against property under subsection (a) of this section, if –
>
>   (A)   the debtor does not have an equity in such property; and
>
>   (B)   such property is not necessary to an effective reorganization . . . .

11 U.S.C. § 362(d)(2) (emphasis added).

There are two prongs that must be satisfied for relief from the automatic stay under Bankruptcy Code section 362(d)(2). First, the debtor must have no equity in the property. For the purposes of the first prong, "equity" is defined as the property's fair market value above all secured claims, not just those of the moving party and superior lienholders. In other words, for there to be "equity" in a subject property, a sale of the property must yield proceeds for the benefit of unsecured creditors. In re Mellor, 734 F.2d 1396, 1400 n.2 (9th Cir. 1984).

Second, the subject property must not be necessary to an effective reorganization. To defeat a motion under section 362(d)(2), a debtor must demonstrate "a reasonable possibility of successful reorganization within a reasonable time." United Savings v. Timbers of Inwood Forest, 484 U.S. 365, 376 (1988).

The movant secured creditor bears the burden of proof on a lack of equity in the subject property, while the trustee or debtor bears the burden of proof on all other issues. 11 U.S.C. § 362(g)(1).

Based on the Appraisal, the "as is" value of the Property was between $15,300,000 and $15,600,000 in May 2008, and if the Property were in "blue-topped" condition, which is not the case, the value of the Property as of August 31, 2009 was $82,200,000. Under either appraisal method, it is indisputable that the value is significantly less than the approximate $133,600,000 currently due and owing to AmTrust under the Loan Agreement, Notes and DOT. As a result, the interest the Trust holds as a lienholder on USAIP's equity interest in Ashby is valueless. Indeed, in its 9019 Motion, the Trust admitted that "Ashby is insolvent, in default on its loan obligations," and it was expected that AmTrust would proceed with a foreclosure on its only substantial asset (i.e., the Property) soon. 9019 Motion, at pg. 6. Additionally, USACM's plan of reorganization has already been confirmed, and USACM's lien rights against USAIP remained with the Trust.

Based on the absence of any equity in the Property or in Ashby, and the fact that USACM's lien against USAIP's interest in Ashby was not utilized as part of USACM's plan of reorganization, AmTrust is entitled to relief from the automatic stay under Bankruptcy Code section 362(d)(2).

## VI. CONCLUSION

Based on the foregoing, AmTrust respectfully requests that the Court enter an order: (i) confirming that the automatic stay does not apply to the Property because of the Trust's lien on USAIP's equity interest in Ashby; (ii) granting AmTrust immediate relief from the automatic stay

//
//
//
//
//
//

so that AmTrust may pursue its rights and remedies against the Property; and (iii) waiving the ten-day stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

DATED this 20th day of October, 2009.

        ALLEN MATKINS LECK GAMBLE
          MALLORY & NATSIS
        William W. Huckins, Esq.
        James A. Timko, Esq.
        1900 Main Street, Fifth Floor
        Irvine, California 92614-7321

- and -

SIDHU LAW FIRM, LLC

By: _____
    Ambrish S. Sidhu, Esq.
    810 S. Casino Center Blvd., Suite 104
    Las Vegas, Nevada 89101

Attorneys for Creditor
AmTrust Bank

EXHIBIT "A"

# EXHIBIT "A"

(Legal Description)

Real property in the City of Temecula, County of Riverside, State of California, described as follows:

PARCEL A:

LOTS 7 THROUGH 11 AND LETTERED LOTS "I", "J" AND "L" OF TRACT 29353-2, IN THE CITY OF TEMECULA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER PLAT RECORDED IN BOOK 342 OF MAPS, PAGE(S) 73 THROUGH 85, INCLUSIVE, RECORDS OF SAID COUNTY.

APN: 958-260-013 THROUGH 017 AND 958-260-019 THROUGH 021

PARCEL B:

SECTION 21, TOWNSHIP 7 SOUTH, RANGE 2 WEST, SAN BERNARDINO BASE AND MERIDIAN, IN THE CITY OF TEMECULA ACCORDING TO THE OFFICIAL GOVERNMENT PLAT THEREOF.

ALSO EXCEPTING THEREFROM ALL THOSE PORTIONS CONVEYED TO THE CITY OF TEMECULA BY DEED RECORDED MAY 22, 2003 AS INSTRUMENT NO. 03-371374 OF OFFICIAL RECORDS RIVERSIDE COUNTY, CALIFORNIA.

ALSO EXCEPTING THEREFROM ALL OF TRACT 29353-2, AS PER MAP RECORDED IN BOOK 342 OF MAPS PAGES 73 THROUGH 85 INCLUSIVE RECORDS OF SAID COUNTY.

APN: 958-260-022 (PREVIOUSLY A PORTION OF 958-260-011)

EXHIBIT "B"

## * * § 362 INFORMATION SHEET * *

In re USA Commercial Mortgage  
**DEBTOR**

Case No: 07-10725-lbr  
CHAPTER: 11  
MOTION #:

**MOVANT**

### Certification of Attempt to Resolve the Matter Without Court Action:
Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(3), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.

Date: 10/20/09            Signature: /s/ Ambrish S. Sidhu  
                                        Attorney for Movant

PROPERTY INVOLVED IN THIS MOTION: APN 958-260-013 TO 017, 958-260-019 TO 025  
NOTICE SERVED ON: Debtor(s) ✓ ; Debtor's counsel ✓ ; Trustee ✓ ;  
DATE OF SERVICE:

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st $133,600,000 | 1st |
| 2nd | 2nd |
| 3rd | 3rd |
| 4th | 4th |
| Other: | Other: |
| Total Encumbrances: | Total Encumbrances: |
| APPRAISAL of OPINION as to VALUE: $15,300,000 to $82,200,000 | APPRAISAL of OPINION as to VALUE: |
| **TERMS of MOVANT'S CONTRACT with the DEBTOR(S):** | **DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT:** |
| Amount of Note: | . |
| Interest Rate: | . |
| Duration: | . |
| Payment per Month: | . |
| Date of Default: | . |
| Amount in Arrears: | . |
| Date of Notice of Default: | . |
| SPECIAL CIRCUMSTANCES: See Motion - Statement of Facts | SPECIAL CIRCUMSTANCES: |
| SUBMITTED BY: Ambrish S. Sidhu /s/ Ambrish S. Sidhu | SUBMITTED BY: SIGNATURE: |

MLS-Sec-362-Inf-12-00.wpd (District of Nevada)                "EXHIBIT A"