# EXHIBIT "2"

Loan No. 6035-34938

**REVOLVING DEED OF TRUST NOTE**
(Land Loan)
(Roripaugh Ranch)

$106,500,000.00 (U.S.)                                                                                                August 29, 2005

    FOR VALUE RECEIVED, on or before the maturity date (hereinafter defined), the undersigned ASHBY USA, LLC, a California limited liability company ("Maker"), as a principal and not as an accommodation party, promises to pay to the order of OHIO SAVINGS BANK, a federal savings bank (hereinafter called "Bank" or, with its successors and assigns, "Holder"), at its principal office at Ohio Savings Plaza, 1801 East Ninth Street, Cleveland, Ohio 44114, or at such other place as Holder hereof from time to time may designate in writing, the principal sum of One Hundred Six Million Five Hundred Thousand and No/One-Hundredths Dollars ($106,500,000.00) (U.S.), or such lesser amount as shall have actually been borrowed by Maker from Bank under a line of credit established by Bank for use by Maker in refinancing and land development, with interest as hereinafter provided. Interest on the unpaid principal balance of this Note from time to time outstanding shall be computed at the rate of seven and three-quarters percent (7.75%) per annum from the date of this Note until the end of the current calendar month and, during each calendar month thereafter, at a per annum rate equal to the greater of (i) seven and one-quarter percent (7.25%), or (ii) one and one-quarter percent (1.25%) above the "Prime Rate" as in effect on the last day of the immediate preceding calendar month (the "Rate Lock Date"). The "Prime Rate" is defined as the rate designated as the "Prime Rate" in the Money Rates table published from time to time in the Central Edition of The Wall Street Journal. If for any reason The Wall Street Journal is not published on the Rate Lock Date, Holder shall use the first published Prime Rate prior to the Rate Lock Date. If such Prime Rate is otherwise unavailable at any time, Holder shall select a replacement index or other measure appropriate as a basis for setting the rate in lieu thereof and Maker shall confirm such replacement index or other basis for setting the rate in writing to Holder. The Prime Rate is not necessarily the lowest interest rate offered or charged by Holder at any given time.

    All accrued interest shall be due and payable on the first day of each calendar month in consecutive monthly installments commencing on October 1, 2005.

    Advances made under this Note shall be in the form of a continual revolving credit whereby advances may be made, repaid and readvanced from time to time; provided that the maximum principal amount which may be outstanding hereunder at any one time, exclusive of protective advances that Bank may make pursuant to the "Loan Documents" (defined below), shall not exceed One Hundred Six Million Five Hundred Thousand and No/One-hundredths Dollars ($106,500,000.00) or such lesser amount as may be permitted by the terms of the Loan Agreement of even date by and among Bank and Maker (hereinafter referred to as the "Agreement"). Notwithstanding anything to the contrary herein, aggregate advances of Loan proceeds, exclusive of protective advances that Bank may make pursuant to the Loan Documents shall not exceed the maximum principal amount outstanding authorized by Section 2.A of the Agreement.

Page 1 of Deed of Trust Note of
Ashby USA, LLC
Dated: August 29, 2005
459667_4.DOC

Exhibit 2

Maker shall pay any and all documentary stamps and intangible taxes that may be due for any Advance. Bank shall maintain an account on its books (the "Loan Account"), which shall evidence at all times the amount from time to time outstanding under this Note. Bank shall by appropriate entries debit to the Loan Account the amount of each advance hereunder, all accrued interest thereon and any other amounts due Bank with respect to this Note and shall credit to the Loan Account each payment of principal and interest on account of advances hereunder and other amounts payable hereunder. The Loan Account shall constitute prima facie evidence of all advances made by Bank hereunder and of all other entries contained therein. In the event of any discrepancy between the records of Bank and Maker with regard to the Loan Account, the records of Bank shall prevail.

The unpaid principal and all accrued interest thereon, if any, shall be due and payable in full on August 29, 2007 (the "maturity date").

At the option of Holder in its sole and absolute discretion, the maturity date of this Note may be extended an additional six (6) months to February 29, 2008, subject to the following conditions:

(a) Maker, at least thirty (30) days prior to the extension period, shall have (i) given Holder written notice that Maker desires such extension, and (ii) paid to Holder in cash or immediately available funds an extension fee in an amount equal to one-half of one percent (.50%) of the sum of the then outstanding principal amount of this Note plus all amounts that are committed but not yet advanced under this Note;

(b) Maker shall have made aggregate principal payments on this Note of not less than Seventy Nine Million and no/100 Dollars ($79,000,000.00), of which at least Forty Million and no/100 Dollars ($40,000,000.00) shall have been received as reimbursements from the *Temecula CFD* from the proceeds of the *Temecula CFD Bonds* (as such italicized terms are defined in the Agreement).

(c) Holder, in its reasonable discretion, shall have determined that there has been no material adverse change in the financial condition of Maker or any guarantor of this Note; and

(d) No Event of Default and no event which, with the giving of notice or the passage of time, or both, would be an Event of Default, shall have occurred and be continuing on the date of Maker's notice of extension to Holder or on the commencement of the extension period.

The Holder shall determine the interest for each day by multiplying a daily interest factor (based on the annual interest rate then in effect divided by 360) by the unpaid principal balance outstanding for such day. Interest shall be calculated and accrue on each advance of the principal of this Note from and including the day on which such advance is made.

Holder may apply any and all amounts received by it for application to the loan evidenced hereby in such order and manner as Holder in its discretion may determine. Any

payment may be applied at the option of Holder to the repayment of any sums advanced by Holder for payment of taxes, assessments, insurance premiums, or for keeping, maintaining and/or protecting the property subject to the Deed of Trust; or Holder may require said sums so advanced to be repaid together with interest thereon at a rate which is five percent (5.00%) per annum higher than the rate of interest accruing from time to time in accordance with the provisions of the first paragraph of this Note (the "Default Rate"), in addition to the required monthly installments.

If any of the aforesaid monthly installments or any sums required to be paid under the terms of the Deed of Trust or the Agreement are not paid within ten (10) calendar days after the same are due and payable, Holder hereof, at its option, and in addition to any other remedies available to it, may charge Maker a "late charge" of five percent (5%) of each unpaid monthly installment and/or sum, to reimburse Holder for the extra expense involved in handling delinquent payments, in otherwise servicing the loan evidenced by this Note and in the loss to the Holder of the use of the money due but not yet paid. The undersigned understands and agrees that if for any reason it fails to pay any amount due under this Note on or before the date when due, the Holder shall be entitled to damages for the detriment caused thereby, but that it is extremely difficult and impractical to ascertain the extent of such damages. Therefore, the undersigned agrees that the late charge described in this paragraph is a reasonable estimate of such damages and shall be payable not as a penalty but as liquidated damages.

In addition to any funds applied to the balance of this Note in connection with partial releases as provided in Section 48 of the Deed of Trust, Maker may prepay this Note, without prepayment charge, in full or in part, at any time. Nothing contained herein shall waive, limit or otherwise impair amounts payable in connection with a partial release as described in Section 6 of the Agreement.

The aforesaid monthly installments are to be paid each and every calendar month irrespective of any prepayment until this Note is paid in full, and Holder may, without notice, at its option, apply all or part of any such prepayment to the payment of any monthly installments of interest not paid when due.

The terms, covenants, conditions, stipulations and agreements contained in the Deed of Trust and in the Agreement are hereby made a part of this Note to the same extent as though said Deed of Trust and Agreement were fully set forth herein.

Maker hereby expressly agrees that time is of the essence hereof, and if Maker fails to pay any installment of interest within ten (10) calendar days after the same is due and payable hereunder, or fails to pay the entire indebtedness hereof when due, or if an Event of Default occurs under the Deed of Trust or the Agreement, or if a default occurs under any other note, guaranty, mortgage, deed of trust or other obligation of Maker to Bank, the unpaid principal balance hereof (including any amounts advanced by Holder in accordance with the Deed of Trust and/or the Agreement and not repaid) with all accumulated interest thereon shall, at the option of Holder hereof, become immediately due and payable without notice or demand, such notice and demand being hereby expressly waived, and shall thereafter until this Note is paid in full bear interest at the Default Rate. The undersigned recognizes that such failure to make the interest

payments when due, the failure to pay the entire indebtedness when due, or the occurrence of such an Event of Default or default, will result in the Holder incurring additional ongoing expenses in servicing the loan evidenced by this Note and in loss to the Holder of the use of the money due. Further, the undersigned understands and agrees that if for any reason it fails to pay any installment of interest when due, or fails to pay the entire indebtedness hereof when due, or if an Event of Default occurs under the Deed of Trust or the Agreement, or if a default occurs under any other note, guaranty, mortgage, deed of trust or other obligation of Maker to Bank, the Holder shall be entitled to damages for the detriment caused thereby, but that it is extremely difficult and impractical to ascertain the extent of such damages. Therefore, the undersigned agrees that the Default Rate is a reasonable estimate of such ongoing damages and shall be payable not as a penalty but as liquidated damages.

Maker shall pay on demand any and all costs, fees and expenses (including reasonable attorney fees) incurred by Holder in connection with the exercise or enforcement of any of its rights, powers or remedies pursuant hereto or to the Deed of Trust or the Agreement, or to otherwise obtain judicial relief in connection with the transactions which are the subject of this Note, the Deed of Trust or the Agreement, whether or not litigation has been commenced (including in all trial, bankruptcy and appellate proceedings), and all such amounts shall bear interest at the Default Rate and be secured by the Deed of Trust.

Maker and all sureties, guarantors and/or endorsers hereof (or of any obligation hereunder) (all of which, including Maker, are severally each hereinafter called an "Obligor") each: (a) agree that the liability under this Note of all parties hereto is joint and several; (b) severally waive any homestead or exemption laws and right thereunder affecting the full collection of this Note; (c) severally waive any and all formalities in connection with this Note to the maximum extent allowed by law, including (but not limited to) demand, diligence, presentment for payment, protest and demand, and notice of extension, dishonor, protest, demand and nonpayment of this Note; and (d) consent that Holder may extend the time of payment or otherwise modify the terms of payment of any part or the whole of the debt evidenced by this Note, at the request of any other person liable hereon, and such consent shall not alter nor diminish the liability of any person hereon.

The loan evidenced hereby is for commercial or business purposes, and is not intended and will not be used for personal, family, household, educational, consumer or agricultural purposes.

This Note is governed by the laws of the State of California, and Maker hereby consents to personal jurisdiction in any state or federal court in the State of California and to venue in any state or federal court in Riverside County, California, in connection with any claim, allegation, cause of action or legal proceeding relating in any way to this Note, the Deed of Trust, the Agreement or any other document or instrument evidencing or securing the loan evidenced by this Note or otherwise executed in connection therewith (hereinafter collectively referred to as the "Loan Documents") or any security or collateral related thereto.

Notwithstanding any provision in this Note, the Deed of Trust or any other Loan Document, the total liability for payments of interest and payments in the nature of interest,

including all charges, fees, exactions, or other sums which may at any time be deemed to be interest, shall not exceed the limit imposed by the usury laws of the State of California or the applicable laws of the United States of America, whichever shall be higher (the "Maximum Rate"). In the event the total liability for payments of interest and payments in the nature of interest, including, without limitation, all charges, fees, exactions or other sums which may at any time be deemed to be interest, which for any month or other interest payment period exceeds the Maximum Rate, all sums in excess of those lawfully collectible as interest for the period in question (and without further agreement or notice by, among or to Holder or Maker) shall be applied to the reduction of the principal balance, with the same force and effect as though Maker had specifically designated such excess sums to be so applied to the reduction of the principal balance and Holder had agreed to accept such sums as a premium-free prepayment of principal; provided, however, that Holder may, at any time and from time to time, elect, by notice in writing to Maker, to waive, reduce or limit the collection of any sums in excess of those lawfully collectible as interest rather than accept such sums as a prepayment of the principal balance. Maker does not intend or expect to pay nor does Holder intend or expect to charge, accept or collect any interest under this Note or under the Loan Documents greater than the Maximum Rate. Maker agrees to an effective rate of interest that is the rate stated herein plus any additional rate of interest resulting from any other charges in the nature of interest paid or to be paid by or on behalf of Maker, or any benefit received or to be received by Holder, in connection with this Note.

If any term, clause or provision of this Note shall be determined by any court to be illegal, invalid or unenforceable, the illegality, invalidity or unenforceability of such term, clause or provision shall not affect the legality, validity or enforceability of the remainder thereof or of any other term, clause or provision hereof, and this Note shall be construed and enforced as if such illegal, invalid or unenforceable term, clause or provision had not been contained herein, and all covenants, obligations and agreements shall be enforceable to the full extent permitted by law.

The obligations of Maker under this Note shall be absolute and unconditional and shall remain in full force and effect until the entire principal, interest, penalties, premiums and late charges, if any, on this Note and all additional payments, if any, due pursuant to the Agreement, the Deed of Trust and/or any other Loan Document shall have been paid and, until such payment has been made, shall not be discharged, affected, modified or impaired upon the happening from time to time of any event, including, without limitation, any of the following, whether or not with notice to or the consent of Maker: (a) the waiver, compromise, indulgence, settlement, release, termination, modification or amendment (including, without limitation, any extension or postponement of the time for payment or performance or renewal or refinancing) of any or all of the obligations, covenants or agreements of Maker under this Note, the Agreement, the Deed of Trust or any other Loan Document; (b) the failure to give notice to Maker of the occurrence of a default under the terms and provisions of this Note or any other Loan Document; (c) the release, substitution or exchange by Holder of this Note of any security held by it for the payment of any amount due pursuant to this Note or any other Loan Document (whether with or without consideration) or the acceptance by Holder of this Note of any additional security for such payments or the availability or claimed availability of any other security, collateral or source of repayment; (d) the voluntary or involuntary liquidation, dissolution, sale or other disposition of

all or substantially all of the assets of, the marshalling of assets and liabilities, receivership, insolvency, bankruptcy, assignment for the benefit of creditors, or reorganization of, or the consummation of an arrangement, composition with creditors, readjustment of debts, or other similar proceedings affecting, the Maker or any other natural person or entity who, or any of whose property, shall at the time in question be obligated in respect of the debt evidenced by this Note or any part thereof; (e) any failure, omission, delay or neglect by Holder in enforcing, asserting or exercising any right, power or remedy under this Note, any other Loan Document, or at law or in equity; (f) the release of any person primarily or secondarily liable for all or any part of the debt evidenced by this Note; (g) any non-perfection or other impairment of any security; (h) any assignment or transfer by Holder of all or any interest in this Note; (i) the invalidity or unenforceability of any term or provision in this Note or any other Loan Document; (j) any merger or consolidation involving Maker, any sale, assignment, transfer, conveyance or issuance of any stock, partnership or other equity interest by Maker or any sale, transfer or conveyance by Maker or any other person of all or any part of such person's interest in Maker or any affiliate of Maker; or (k) to the extent permitted by law, any event or action that would, in the absence of this clause, result in the release or discharge of Maker from the performance or observance of any obligation, covenant or agreement contained in this Note. Without limiting the foregoing, it is the intention of the parties to this Note that any modification, limitation, or discharge of the obligations of Maker arising out of or by virtue of any bankruptcy, reorganization or similar proceeding for relief of debtors under Federal or state law shall not affect, modify, limit or discharge the liability of any other Obligor in any manner whatsoever, and this Note shall remain and continue in full force and effect and shall be enforceable against such Obligor to the same extent and with the same force and effect as if any such proceedings had not been instituted; and each Obligor shall be jointly and severally liable to Holder for the full amount payable hereunder irrespective of any modification, limitation, or discharge of the liability of any Obligor that may result from any such proceeding. The obligations of Maker to Holder pursuant hereto include and apply to any payment or payments received by Holder on account of the liabilities evidenced hereby, which payment or payments or any part thereof are subsequently invalidated, declared to be fraudulent or preferential, set aside and/or required to be paid to a trustee, receiver, or any other person or entity under any bankruptcy, insolvency, reorganization, moratorium, fraudulent conveyance or similar law, common law or equitable doctrine. If any action or proceeding seeking such repayment is pending or, in Holder's sole judgment, threatened, this Note and all security interests therefor shall remain in full force and effect notwithstanding that Maker may not then be obligated to Holder. The obligations of Maker to Holder under this Note, and any security therefor, shall remain in full force and effect (or be reinstated) until Holder has received payment in full of all amounts payable to it pursuant to this Note, the Deed of Trust, the Agreement and any other Loan Document and the expiration of any applicable preference or similar period pursuant to any bankruptcy, insolvency, reorganization, moratorium or similar law, or at law or in equity, without any claim having been made before the expiration of such period asserting an interest in all or any part of any payment(s) received by Holder.

Maker expressly agrees that Holder shall not be required first to institute any suit or to exhaust its remedies against Maker or any other person or party to become liable hereunder or against any collateral or security for the loan evidenced hereby, in order to enforce this Note; and expressly agrees that, notwithstanding the occurrence of any of the foregoing, Maker shall be, and remain, directly and primarily liable for all sums due under this Note and under the Loan

Page 6 of Deed of Trust Note of
Ashby USA, LLC
Dated: August 29, 2005
459667_4.DOC

Exhibit 2

Documents. Upon disposition by Holder of any property encumbered by the Deed of Trust or any other collateral or security for the loan evidenced hereby, Maker shall be and shall remain liable for any deficiency.

All rights and claims of Maker against any other Obligor or the property of any other Obligor now or hereafter existing (collectively, the "Borrower Claims") shall be subordinate and subject in right of payment to the prior payment in full of the obligations of Maker to Holder. Until such obligations have been paid in full, and Maker has performed all of its obligations pursuant to this Note and the other Loan Documents, Maker shall not receive or collect, directly or indirectly, from any Obligor or any other party any payment upon any Borrower Claim nor seek to realize upon any collateral securing any such Borrower Claim. Notwithstanding the foregoing, if Maker shall receive any such payment, Maker shall hold such payment in trust for Holder and shall have absolutely no rights in or to such payment except to deliver it promptly to Holder, and Maker hereby covenants to do so. Maker will not assert any right to which it may be or become entitled, whether by subrogation, contribution or otherwise, against any other Obligor or against the property of any other Obligor, by reason of the performance by such Obligor of its obligations under this Note or under any other Loan Document, except after performance and payment in full of this Note and all other Loan Documents.

No set-off, counterclaim, reduction or diminution of any obligation, or any defense of any kind or nature, which Maker has or may have against any Obligor shall affect, modify or impair its obligations hereunder.

No extension, postponement, forbearance, delay or failure on the part of Holder in the exercise of any power, right or remedy hereunder, under the Deed of Trust, the Agreement or any other Loan Document, or at law or in equity, shall operate as a waiver thereof, nor shall a single or partial exercise of any power or right preclude other or further exercise thereof or the exercise of any other power, right or remedy. All rights, powers and remedies of Holder shall be cumulative and may be exercised simultaneously or from time to time in such order and manner as Holder in its sole discretion may elect.

This Note is secured, among other things, by a Construction Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing of even date granted by Maker for the use and benefit of Holder and encumbering Planning Areas 13 through 32, inclusive, and such portions of the B Land (as defined in the Agreement) as are described in a deed of trust executed by Borrower in favor of Lender, in the Roripaugh Ranch subdivision, located east of Butterfield Stage Road in Riverside County, California (the "Deed of Trust").

MAKER WAIVES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, OR RELATED TO, ANY ASPECT OF THE TRANSACTION

IN CONNECTION WITH WHICH THIS DOCUMENT IS BEING GIVEN OR ANY DOCUMENT EXECUTED OR DELIVERED IN CONNECTION WITH SUCH TRANSACTION. THIS WAIVER IS KNOWINGLY, INTENTIONALLY AND VOLUNTARILY MADE BY MAKER AND MAKER ACKNOWLEDGES THAT NO ONE HAS MADE ANY REPRESENTATIONS OF FACT TO INDUCE THIS WAIVER OF TRIAL BY JURY OR IN ANY WAY TO MODIFY OR NULLIFY ITS EFFECT. MAKER FURTHER ACKNOWLEDGES HAVING BEEN REPRESENTED BY INDEPENDENT LEGAL COUNSEL, SELECTED BY MAKER'S OWN FREE WILL, IN CONNECTION WITH THE TRANSACTION WITH RESPECT TO WHICH THIS DOCUMENT IS BEING GIVEN AND IN THE MAKING OF THIS WAIVER, AND THAT MAKER HAS HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH SUCH COUNSEL. MAKER FURTHER ACKNOWLEDGES THAT IT HAS READ, AND UNDERSTANDS, THE MEANING AND RAMIFICATIONS OF THIS WAIVER PROVISION.

ASHBY USA, LLC,
a California limited liability company

By:   Ashby Development Company, Inc., a
      California corporation,
      Its Managing Member

By: _____  8-26-05
    Justin K. Ashby, President

MAKER

STATE OF CALIFORNIA          )
       Riverside                     )
COUNTY OF ~~ORANGE~~         )

On __8-26__, 2005, before me, __Tracy M. Browne__ a Notary Public in and for said state, personally appeared __Justin K. Ashby__, personally known to me (~~or proved on the basis of satisfactory~~ evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/~~she~~ executed the same in his/~~her~~ authorized capacity, and that by his/~~her~~ signature on the instrument, the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.



_Tracy M Browne_
Notary Public in and for said State

**TRACY M. BROWNE**
Commission # 1394895
Notary Public - California
Riverside County
My Comm. Expires Jan 20, 2007

Page 9 of Deed of Trust Note of
Ashby USA, LLC
Dated: August 29, 2005
459667_3.DOC

Exhibit 2

# DEED OF TRUST NOTE
(Letter of Credit)
(Roripaugh Ranch)

$6,000,000.00 (U.S.)                                                                August 29, 2005

FOR VALUE RECEIVED, the undersigned ASHBY USA, LLC, a California limited liability company, whose address is c/o Fiesta Development, 470 East Harrison Street, Corona, California 92879 ("Maker"), as a principal and not as an accommodation party, promises to pay to the order of OHIO SAVINGS BANK, a federal savings bank (hereinafter called "Bank" or, with its successors and assigns, "Holder"), at its principal office at Ohio Savings Plaza, 1801 East Ninth Street, Cleveland, Ohio 44114 Attn: Senior Executive Vice President, Commercial/Construction Lending Department, Mail Code OH99-0204, or at such other place as Holder hereof from time to time may designate in writing, on the next succeeding Business Day following written demand by Holder, the principal sum of Six Million and No/One-hundredths Dollars ($6,000,000.00) (U.S.), or so much thereof as Holder may advance to or for the benefit of Maker, with interest as hereinafter provided. As used in this Note, "Business Day" means any day on which Holder is open for business, other than Saturday, Sunday, and any day on which federal savings banks in the State of California and/or in the State of Ohio are authorized or required to be closed under applicable federal law. Such written demand shall be sent by Holder by registered or certified U.S. mail, or by a nationally recognized overnight courier service that can provide written evidence of delivery, to Maker at its address listed above, pursuant to the notice provisions in that certain Loan Agreement between Maker and Lender, of even date herewith (the "Agreement"). Interest on the unpaid principal balance of this Note shall accrue at the rate of seven and three-quarters percent (7.75%) per annum from the date of this Note until the end of the current calendar month and, during each calendar month thereafter until the principal balance of this Note is paid in full, at a per annum rate equal to the greater of (i) seven and one-quarter percent (7.25%), or (ii) one and one-quarter percent (1.25%) above the "Prime Rate" as in effect on the last day of the immediate preceding calendar month (the "Rate Lock Date"). The "Prime Rate" is defined as the rate designated as the "Prime Rate" in the Money Rates table published from time to time in the Central Edition of <u>The Wall Street Journal</u>. If for any reason <u>The Wall Street Journal</u> is not published on the Rate Lock Date, Holder shall use the first published Prime Rate prior to the Rate Lock Date. If such Prime Rate is otherwise unavailable at any time, Holder shall select a replacement index or other measure appropriate as a basis for setting the rate in lieu thereof and Maker shall confirm such replacement index or other basis for setting the rate in writing to Holder. The Prime Rate is not necessarily the lowest interest rate offered or charged by Holder at any given time.

Unless previously repaid as provided herein or in the Agreement, if no demand for payment of principal and interest under this Note is made, as provided above, the unpaid principal and all accrued but unpaid interest thereon, if any, shall be due and payable to Holder in full on the earliest to occur of (a) the date the letter of credit issued pursuant to Section 2.F of the Agreement, if any, expires and is not renewed, (b) the date such letter of credit is returned to the issuer with instructions from the beneficiary thereof to cancel the same, and (c) August 29, 2007 (the "maturity date") as such date may be extended as provided below. Moreover, if no demand for payment of principal and interest on this Note is made, as provided above, Maker

Page 1 of Revolving Deed of Trust Note of
Ashby USA, LLC
Dated August 29, 2005
459661_4.DOC

Exhibit 2

shall nevertheless pay to Holder, without any required notice or demand, the accrued interest on this Note, on the first day of each calendar month, beginning on October 1, 2005, and continuing until the earliest to occur of the following, at which time the unpaid principal and all accrued interest on this Note shall be due and payable to Holder: (i) the date the letter of credit issued pursuant to Section 2.F of the Agreement, if any, expires and is not renewed, (ii) the date such letter of credit is returned to the issuer with instructions from the beneficiary thereof to cancel the same, and (iii) the maturity date.

At the option of Holder in its sole and absolute discretion, the maturity date of this Note may be extended an additional six (6) months to February 29, 2008, subject to the following conditions:

(a) Holder, in its reasonable discretion, shall have determined that there has been no material adverse change in the financial condition of Maker or any guarantor of this Note;

(b) No Event of Default or event which, with the giving of notice or the passage of time, or both, would be an Event of Default, shall have occurred and be continuing; and

(c) Maker shall have satisfied the conditions for the extension of the Revolving Deed of Trust Note (Land Loan) executed by Maker concurrently herewith and shall have obtained the extension thereof.

The Holder shall determine the interest for each day by multiplying a daily interest factor (based on the annual interest rate then in effect divided by 360) by the unpaid principal balance outstanding for such day. Interest shall be calculated and accrue on each advance of the principal of this Note from and including the day on which such advance is made.

Holder may apply any and all amounts received by it for application to the loan evidenced hereby in such order and manner as Holder in its discretion may determine. Any payment may be applied at the option of Holder to the repayment of any sums advanced by Holder for payment of taxes, assessments, insurance premiums, or for keeping, maintaining and/or protecting the property subject to the Deed of Trust (hereinafter defined); or Holder may require said sums so advanced to be repaid together with interest thereon at a rate which is five percent (5.00%) per annum higher than the rate of interest accruing from time to time in accordance with the provisions of the first paragraph of this Note (the "Default Rate").

If any of the aforesaid monthly installments of interest or any other sums required to be paid under the terms of the Deed of Trust or the Agreement are not paid within ten (10) calendar days after the same are due and payable, Holder, at its option, and in addition to any other remedies available to it, may charge Maker a "late charge" of five percent (5%) of each unpaid monthly installment and/or sum, to reimburse Holder for the extra expense involved in handling delinquent payments, in otherwise servicing the loan evidenced by this Note and in the loss to the Holder of the use of the money due but not yet paid. The undersigned understands and agrees that if for any reason it fails to pay any amount due under this Note on or before the date when due, the Holder shall be entitled to damages for the detriment caused thereby, but that it is

Page 2 of Revolving Deed of Trust Note of
Ashby USA, LLC
Dated August 29, 2005
459661_4.DOC

Exhibit 2

extremely difficult and impractical to ascertain the extent of such damages. Therefore, the undersigned agrees that the late charge described in this paragraph is a reasonable estimate of such damages and shall be payable not as a penalty but as liquidated damages.

Maker may prepay this Note, without prepayment charge, in full or in part, at any time.

The aforesaid monthly installments of interest are to be paid each and every calendar month, as provided above, irrespective of any prepayment, and Holder may, without notice, at its option, apply all or part of any such prepayment to the payment of any monthly installments of interest not paid when due.

The terms, covenants, conditions, stipulations and agreements contained in the Deed of Trust and in the Agreement are hereby made a part of this Note to the same extent as though said Deed of Trust and Agreement were fully set forth herein.

Maker hereby expressly agrees that time is of the essence hereof; and if Maker fails to pay any installment of interest within ten (10) calendar days after the same is due and payable hereunder, or fails to pay the entire indebtedness hereof when due, or if an Event of Default occurs under the Deed of Trust or the Agreement, or if a default occurs under any other note, guaranty, mortgage, deed of trust or other obligation of Maker to Bank, the unpaid principal balance hereof (including any amounts advanced by Holder in accordance with the Deed of Trust and/or the Agreement and not repaid), with all accumulated interest thereon, shall, at the option of Holder hereof, become immediately due and payable without notice or demand, such notice and demand being hereby expressly waived, and shall thereafter until this Note is paid in full bear interest at the Default Rate. The undersigned recognizes that such failure to make the interest payments when due, the failure to pay the entire indebtedness when due, or the occurrence of such an Event of Default or default, will result in the Holder incurring additional ongoing expenses in servicing the loan evidenced by this Note and in loss to the Holder of the use of the money due. Further, the undersigned understands and agrees that if for any reason it fails to pay any installment of interest when due, or fails to pay the entire indebtedness hereof when due, or if an Event of Default occurs under the Deed of Trust or the Agreement, or if a default occurs under any other note, guaranty, mortgage, deed of trust or other obligation of Maker to Bank, the Holder shall be entitled to damages for the detriment caused thereby, but that it is extremely difficult and impractical to ascertain the extent of such damages. Therefore, the undersigned agrees that the Default Rate is a reasonable estimate of such ongoing damages and shall be payable not as a penalty but as liquidated damages.

Maker shall pay on demand any and all costs, fees and expenses (including, without limitation, reasonable attorney fees) incurred by Holder in connection with the exercise or enforcement of any of its rights, powers or remedies pursuant hereto or to the Deed of Trust or the Agreement, or to otherwise obtain judicial relief in connection with the transactions which are the subject of this Note, the Deed of Trust or the Agreement, whether or not litigation has been commenced (including in all trial, bankruptcy and appellate proceedings), and all such amounts shall bear interest at the Default Rate and be secured by the Deed of Trust.

Maker and all sureties, guarantors and/or endorsers hereof (or of any obligation hereunder) (all of which, including Maker, are severally each hereinafter called an "Obligor")

each: (a) agree that the liability under this Note of all parties hereto is joint and several; (b) severally waive any homestead or exemption laws and right thereunder affecting the full collection of this Note; (c) severally waive any and all formalities in connection with this Note to the maximum extent allowed by law, including (but not limited to) demand, diligence, presentment for payment, protest and demand, and notice of extension, dishonor, protest, demand and nonpayment of this Note; and (d) consent that Holder may extend the time of payment or otherwise modify the terms of payment of any part or the whole of the debt evidenced by this Note, at the request of any other person liable hereon, and such consent shall not alter nor diminish the liability of any person hereon.

The loan evidenced hereby is for commercial or business purposes, and is not intended and will not be used for personal, family, household, educational, consumer or agricultural purposes.

This Note is governed by the laws of the State of California, and Maker hereby consents to personal jurisdiction in any state or federal court in the State of California and to venue in any state or federal court in Riverside County, California, in connection with any claim, allegation, cause of action or legal proceeding relating in any way to this Note, the Deed of Trust, the Agreement or any other document or instrument evidencing or securing the loan evidenced by this Note or otherwise executed in connection therewith (hereinafter collectively referred to as the "Loan Documents") or any security or collateral related thereto.

Notwithstanding any provision in this Note, the Deed of Trust or any other Loan Document, the total liability for payments of interest and payments in the nature of interest, including all charges, fees, exactions, or other sums which may at any time be deemed to be interest, shall not exceed the limit imposed by the usury laws of the State of California or the applicable laws of the United States of America, whichever shall be higher (the "Maximum Rate"). In the event the total liability for payments of interest and payments in the nature of interest, including, without limitation, all charges, fees, exactions or other sums which may at any time be deemed to be interest, which for any month or other interest payment period exceeds the Maximum Rate, all sums in excess of those lawfully collectible as interest for the period in question (and without further agreement or notice by, among or to the Holder or Maker) shall be applied to the reduction of the principal balance, with the same force and effect as though Maker had specifically designated such excess sums to be so applied to the reduction of the principal balance and Holder had agreed to accept such sums as a premium-free prepayment of principal; provided, however, that Holder may, at any time and from time to time, elect, by notice in writing to Maker, to waive, reduce or limit the collection of any sums in excess of those lawfully collectible as interest rather than accept such sums as a prepayment of the principal balance. Maker does not intend or expect to pay nor does Bank intend or expect to charge, accept or collect any interest under this Note or under the Loan Documents greater than the Maximum Rate. Maker agrees to an effective rate of interest that is the rate stated herein plus any additional rate of interest resulting from any other charges in the nature of interest paid or to be paid by or on behalf of Maker, or any benefit received or to be received by Holder, in connection with this Note.

If any term, clause or provision of this Note shall be determined by any court to be illegal, invalid or unenforceable, the illegality, invalidity or unenforceability of such term, clause

Page 4 of Revolving Deed of Trust Note of
Ashby USA, LLC
Dated August 29, 2005
459661_4.DOC

Exhibit 2

or provision shall not affect the legality, validity or enforceability of the remainder thereof or of any other term, clause or provision hereof, and this Note shall be construed and enforced as if such illegal, invalid or unenforceable term, clause or provision had not been contained herein, and all covenants, obligations and agreements shall be enforceable to the full extent permitted by law.

The obligations of Maker under this Note shall be absolute and unconditional, and shall remain in full force and effect until the entire principal, interest, penalties, premiums and late charges, if any, on this Note and all additional payments, if any, due pursuant to the Agreement, the Deed of Trust and/or any other Loan Document shall have been paid and, until such payment has been made, shall not be discharged, affected, modified or impaired upon the happening from time to time of any event, including, without limitation, any of the following, whether or not with notice to or the consent of Maker: (a) the waiver, compromise, indulgence, settlement, release, termination, modification or amendment (including, without limitation, any extension or postponement of the time for payment, performance, renewal or refinancing) of the obligations, covenants or agreements of Maker under this Note, the Agreement, the Deed of Trust or any other Loan Document; (b) the failure to give notice to Maker of the occurrence of a default under the terms and provisions of this Note or any other Loan Document; (c) the release, substitution or exchange by Holder of any security held by it for the payment of any amount due pursuant to this Note or any other Loan Document (whether with or without consideration) or the acceptance by Holder of any additional security for such payments or the availability or claimed availability of any other security, collateral or source of repayment; (d) the voluntary or involuntary liquidation, dissolution, sale or other disposition of all or substantially all of the assets of, the marshalling of assets and liabilities, receivership, insolvency, bankruptcy, assignment for the benefit of creditors, or reorganization of, or the consummation of an arrangement, composition with creditors, readjustment of debts, or other similar proceedings affecting, the Maker or any other natural person or entity who, or any of whose property, shall at the time in question be obligated in respect of the debt evidenced by this Note or any part thereof; (e) any failure, omission, delay or neglect by Holder in enforcing, asserting or exercising any right, power or remedy under this Note, any other Loan Document, or at law or in equity; (f) the release of any person primarily or secondarily liable for all or any part of the debt evidenced by this Note; (g) any non-perfection or other impairment of any security; (h) any assignment or transfer by Holder of all or any interest in this Note; (i) the invalidity or unenforceability of any term or provision in this Note or any other Loan Document; (j) any merger or consolidation involving Maker, any sale, assignment, transfer, conveyance or issuance of any stock, partnership or other equity interest by Maker, or any sale, transfer or conveyance by Maker or any other person of all or any part of such person's interest in Maker or any affiliate of Maker; or (k) to the extent permitted by law, any event or action that would, in the absence of this clause, result in the release or discharge of Maker from the performance or observance of any obligation, covenant or agreement contained in this Note. Without limiting the foregoing, it is the intention of the parties to this Note that any modification, limitation, or discharge of the obligations of Maker arising out of or by virtue of any bankruptcy, reorganization or similar proceeding for relief of debtors under Federal or state law shall not affect, modify, limit or discharge the liability of any other Obligor in any manner whatsoever, and this Note shall remain and continue in full force and effect and shall be enforceable against such Obligor to the same extent and with the same force and effect as if any such proceedings had not been instituted; and each Obligor shall be jointly and severally liable to Holder for the full amount payable hereunder irrespective of any modification, limitation, or discharge of the

Page 5 of Revolving Deed of Trust Note of
Ashby USA, LLC
Dated August 29, 2005
459661_4.DOC

Exhibit 2

liability of any Obligor that may result from any such proceeding. The obligations of Maker to Holder pursuant hereto include and apply to any payment or payments received by Holder on account of the liabilities evidenced hereby, which payment or payments or any part thereof are subsequently invalidated, declared to be fraudulent or preferential, set aside and/or required to be paid to a trustee, receiver, or any other natural person or entity under any bankruptcy, insolvency, reorganization, moratorium, fraudulent conveyance or similar law, common law or equitable doctrine. If any action or proceeding seeking such repayment is pending or, in Holder's sole judgment, threatened, this Note and any security interest therefor shall remain in full force and effect, notwithstanding that Maker may not then be obligated to Holder. The obligations of Maker to Holder under this Note, and any security therefor, shall remain in full force and effect (or be reinstated) until Holder has received payment in full of all amounts payable to it pursuant to this Note, the Deed of Trust, the Agreement and any other Loan Document, and the expiration of any applicable preference or similar period pursuant to any bankruptcy, insolvency, reorganization, moratorium or similar law, or at law or equity, without any claim having been made before the expiration of such period asserting an interest in all or any part of any payment(s) received by Holder.

Maker expressly agrees that Holder shall not be required first to institute any suit or to exhaust its remedies against Maker or any other person or party to become liable hereunder or against any collateral or security for the loan evidenced hereby, in order to enforce this Note; and expressly agrees that, notwithstanding the occurrence of any of the foregoing, Maker shall be and remain, directly and primarily liable for all sums due under this Note and under the Loan Documents. Upon disposition by Holder of any property encumbered by the Deed of Trust or any other collateral or security for the loan evidenced hereby, Maker shall be and shall remain liable for any deficiency.

All rights and claims of Maker against any other Obligor or the property of any other Obligor now or hereafter existing (collectively, the "Borrower Claims") shall be subordinate and subject in right of payment to the prior payment in full of all obligations of Maker to Holder. Until such obligations have been paid in full, and Maker has performed all of its obligations pursuant to this Note and any other Loan Documents, Maker shall not receive or collect, directly or indirectly, from any other Obligor or any other party to the Loan Documents any payment upon any Borrower Claim, nor seek to realize upon any collateral securing any such Borrower Claim. Notwithstanding the foregoing, if Maker shall receive any such payment, Maker shall hold such payment in trust for Holder and shall have absolutely no rights in or to such payment except to deliver it promptly to Holder, and Maker hereby covenants to do so. Maker will not assert any right to which it may be or become entitled, whether by subrogation, contribution or otherwise, against any other Obligor or against the property of any other Obligor by reason of the performance by such Obligor of its obligations under this Note or under any other Loan Documents, except after performance and payment in full of this Note and all other Loan Documents.

No set-off, counterclaim, reduction or diminution of any obligation, or any defense of any kind or nature, which Maker has or may have against any Obligor shall affect, modify or impair its obligations hereunder.

No extension, postponement, forbearance, delay or failure on the part of Holder in the exercise of any power, right or remedy hereunder, under the Deed of Trust, the Agreement or any other instrument executed in connection herewith, or at law or in equity, shall operate as a waiver thereof, nor shall a single or partial exercise of any power or right preclude other or further exercise thereof or the exercise of any other power, right or remedy. All rights, powers and remedies of Holder shall be cumulative and may be exercised simultaneously or from time to time in such order and manner as Holder in its sole discretion may elect.

This Note is secured, among other things, by a Construction Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing of even date granted by Maker for the use and benefit of Holder encumbering Planning Areas 13 through 32, inclusive, and such portions of the B Land (as defined in the Agreement) as are described in a deed of trust executed by Borrower in favor of Lender, in the Roripaugh Ranch subdivision, located east of Butterfield Stage Road in Riverside County, California (the "Deed of Trust").

MAKER WAIVES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, OR RELATED TO, ANY ASPECT OF THE TRANSACTION IN CONNECTION WITH WHICH THIS DOCUMENT IS BEING GIVEN OR ANY DOCUMENT EXECUTED OR DELIVERED IN CONNECTION WITH SUCH TRANSACTION. THIS WAIVER IS KNOWINGLY, INTENTIONALLY AND VOLUNTARILY MADE BY MAKER, AND MAKER ACKNOWLEDGES THAT NO ONE HAS MADE ANY REPRESENTATIONS OF FACT TO INDUCE THIS WAIVER OF TRIAL BY JURY OR IN ANY WAY TO MODIFY OR NULLIFY ITS EFFECT. MAKER FURTHER ACKNOWLEDGES HAVING BEEN REPRESENTED BY INDEPENDENT LEGAL COUNSEL, SELECTED BY MAKER'S OWN FREE WILL, IN CONNECTION WITH THE TRANSACTION WITH RESPECT TO WHICH THIS DOCUMENT IS BEING GIVEN AND IN THE MAKING OF THIS WAIVER, AND THAT MAKER HAS HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH SUCH COUNSEL. MAKER FURTHER ACKNOWLEDGES THAT IT HAS READ, AND UNDERSTANDS, THE MEANING AND RAMIFICATIONS OF THIS WAIVER PROVISION.

ASHBY USA, LLC,
a California limited liability company

By: Ashby Development Company, Inc., a California corporation,
Its Managing Member

By: _____
Justin K. Ashby, President

MAKER

STATE OF CALIFORNIA            )
                    Riverside  )
COUNTY OF ~~ORANGE~~           )

On __8-26_____, 2005, before me, Tracy M. Browne, a Notary Public in and for said state, personally appeared __Justin K. Ashby__, personally known to me (~~or proved on the basis of satisfactory evidence~~) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/~~she~~ executed the same in his/~~her~~ authorized capacity, and that by his/~~her~~ signature on the instrument, the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_Tracy M Browne_
Notary Public in and for said State

TRACY M. BROWNE
Commission # 1394895
Notary Public - California
Riverside County
My Comm. Expires Jan 20, 2007

Page 8 of Revolving Deed of Trust Note of
Ashby USA, LLC
Dated August 29, 2005
459661_4.DOC

Exhibit 2