# EXHIBIT "3"

RECORDING REQUSTED BY:

FIRST AMERICAN TITLE COMPANY NHS

WHEN RECORDED MAIL TO:


FREEMAN, FREEMAN AND SMILEY, LLC

ATT: JILL M. DRAFFIN

2 PARK PLAZA, SUITE 1245


1971947-29

**DOC # 2005-0730193**
09/02/2005 08:00A Fee:136.00
Page 1 of 32
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

| M | S | U | PAGE | SIZE | DA | PCOR | NOCOR | SMF | MISC. |
|---|---|---|------|------|-----|------|-------|-----|-------|
|   | 3 | N | 32 |   |   |   | 1 |   | V6 |
| A | R | L |   |   | COPY | LONG | REFUND | NCHG | EXAM |

CONSTRUCTION DEED OF TRUST, ASSIGNMENT OF
RENTS, SECURITY AGREEMENT AND FIXTURE FILING

*136*

T
VG

# THIS AREA
# FOR
# RECORDER'S
# USE ONLY

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
($3.00 Additional Recording Fee Applies)

STC-SCSD 996a (Rev 8/97)

Exhibit 3

Recording Requested By and When
Recorded Return To:

Freeman, Freeman and Smiley, LLP
Attn: Jill M. Draffin
2 Park Plaza, Suite 1245
Irvine, California 92614

_____

(Space Above For Recorder's Use Only)

## CONSTRUCTION DEED OF TRUST, ASSIGNMENT OF RENTS, SECURITY AGREEMENT AND FIXTURE FILING
### (Land Loan and Letter of Credit Loan)
### (Roripaugh Ranch)

This CONSTRUCTION DEED OF TRUST, ASSIGNMENT OF RENTS, SECURITY AGREEMENT AND FIXTURE FILING (this "Deed of Trust") dated as of August 29, 2005 is executed and delivered by and among ASHBY USA, LLC, a California limited liability company (the "Trustor"), whose mailing address and whose chief executive office (or residence if such party is an individual without an office) is located at c/o Fiesta Development, 470 East Harrison Street, Corona, California 92879, FIRST AMERICAN TITLE INSURANCE COMPANY (the "Trustee"), whose mailing address is 3625 Fourteenth Street, Riverside, CA 92501, and OHIO SAVINGS BANK, a federal savings bank (the "Beneficiary"), whose mailing address is Commercial/Construction Lending Department, 200 Ohio Savings Plaza, 1801 East Ninth Street, Mail Code OH99-0205, Cleveland, Ohio 44114, under the circumstances summarized in the following recitals:

THIS DEED OF TRUST IS ALSO TO BE RECORDED AS A "FIXTURE FILING" AS DEFINED IN SECTION 9-102(a) OF THE UNIFORM COMMERCIAL CODE OF THE STATE OF CALIFORNIA. IT COVERS GOODS THAT ARE OR ARE TO BECOME FIXTURES UNDER THE LAWS OF THE STATE OF CALIFORNIA ON THE REAL PROPERTY KNOWN AS PLANNING AREAS 13 THROUGH 32, INCLUSIVE IN THE RORIPAUGH RANCH SUBDIVISION, LOCATED EAST OF BUTTERFIELD STAGE ROAD IN RIVERSIDE COUNTY, CALIFORNIA, MORE PARTICULARLY DESCRIBED ON EXHIBIT A ATTACHED HERETO. THE NAME OF THE RECORD OWNER OF THE REAL PROPERTY IS ASHBY USA, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY.

A.    In consideration for a revolving line of credit loan in the amount of One Hundred Six Million Five Hundred Thousand and No/One-Hundredths Dollars ($106,500,000.00) (the "Land Loan") made by Beneficiary to Trustor, Trustor has executed and delivered to Beneficiary a certain Deed of Trust Note (Land Loan) of even date herewith in the principal amount of the Land Loan as aforesaid (the "Land Note"), which Land Note accrues interest at a variable rate as provided therein, the terms of which are incorporated herein by this reference.

458989_3.DOC

Exhibit 3

B.    In consideration for a loan in the amount of Six Million and No/One-hundredths Dollars ($6,000,000.00) (the "L/C Loan") made by Beneficiary to Trustor, Trustor has executed and delivered to Beneficiary a certain Deed of Trust Note (letter of credit) of even date herewith in the principal amount of the L/C Loan as aforesaid (the "L/C Note"), which L/C Note accrues interest at a variable rate as provided therein, the terms of which are incorporated herein by this reference.

C.    The Land Loan and the L/C Loan are severally and collectively referred to herein as the "Loan." The Land Note and the L/C Note are severally and collectively referred to as the "Note."

D.    This Deed of Trust secures the payment of the unpaid principal balances of the Note, together with interest as therein provided and all other obligations of Trustor pursuant to the Note, this Deed of Trust, the Loan Agreement of even date herewith between Trustor and Beneficiary (the "Agreement") and all other documents or instruments evidencing or securing the Loan or otherwise executed in connection with the Loan and any partial or total extensions, renewals, modifications, amendments, restatements, replacements or substitutions thereof or therefor (collectively referred to herein as the "Loan Documents"), except for the Unsecured Environmental Indemnity Agreement of even date herewith;

E.    It is intended that this Deed of Trust shall secure unpaid balances of advances made after this Deed of Trust is recorded in the applicable real property records.

NOW, THEREFORE, in consideration of the Loan made by Beneficiary to Trustor, as evidenced by the Note, and for other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and for the purpose of securing: (i) all payments to be made by Trustor pursuant to the Note, the Deed of Trust and/or any other Loan Document, (ii) all future or additional advances made at the option of Beneficiary, as contemplated herein, (iii) all amounts advanced or costs incurred by Beneficiary for the protection of the Trust Property (as hereinafter defined) or the enforcement of this Deed of Trust, the Note, the Agreement and/or any other Loan Document (except for the Unsecured Environmental Indemnity Agreement of even date herewith), (iv) any other cost or expense which, by the terms of this Deed of Trust, the Note, the Agreement and/or any other Loan Document (except for the Unsecured Environmental Indemnity Agreement of even date herewith), may be the subject of reimbursement to Beneficiary by Trustor, and (v) the performance and observance of each covenant and agreement of Trustor contained in this Deed of Trust, the Note, the Agreement and/or any other Loan Document (except for the Unsecured Environmental Indemnity Agreement of even date herewith), Trustor does hereby irrevocably grant, bargain, sell, convey, assign and transfer unto the Trustee, in trust, with power of sale, for the benefit of Beneficiary, its successors and assigns, the following property whether now owned or hereafter acquired (the "Trust Property"):

(a)    The land described in Exhibit "A" attached hereto (the "Land"), which shall be developed to contain an estimated One thousand one hundred two (1,102) detached single family residential building sites (each such site is referred to herein as a "Sublot" or a "Lot"), together with all buildings, structures, additions, improvements, facilities, fixtures and other property, now or hereafter located in, upon or under, or based at, such Land (the "Premises");

Exhibit 3

(b)    All easements, rights of way or uses, licenses, privileges, franchises, servitudes, tenements, hereditaments and appurtenances now or hereafter belonging or in any way appertaining thereto, including, without limitation, all right, title and interest of Trustor in any street, alley, or sidewalk, open or proposed, and in front of, adjoining, adjacent or contiguous thereto, and all rights and estates in reversion or remainder;

(c)    Subject to the conditional license granted to Beneficiary under Section 19 hereof, all leases, rentals, revenues, payments, repayments, income, charges, moneys, issues and profits thereof;

(d)    The proceeds from any insurance or condemnation award pertaining thereto, or compensation in lieu thereof, including, but not limited to, any award or compensation for the alteration of the grade of any street or any other injury to, or decrease in the value of, the Trust Property;

(e)    All of Trustor's right, title, interest, estate, claim and demand, either at law or in equity, in and to all architectural, engineering and similar plans, specifications, drawings, renderings, profiles, studies, shop drawings, reports, plats, permits, surveys and the like, all sewer taps, permits and allocations, and all agreements for utilities, bonds, sureties and the like, relating to the Premises or appurtenant facilities erected or to be erected upon or about the Land;

(f)    All contracts and other agreements for the sale of any of the Trust Property or any part thereof or interest therein, now or hereafter entered into by Trustor, and all right, title and interest of Trustor thereunder, including, without limitation, all right, title and interest of Trustor in cash or securities deposited thereunder to secure the performance by the contract purchasers of their obligations thereunder, and including, without limitation, the right to receive and collect the proceeds thereof, and further including, without limitation, the rights of Trustor under the certain Option Agreement and Agreement for Purchase and Sale of Real Property and Escrow Instructions dated as of July 11, 2005 between Trustor as optionor and KB Home Coastal Inc., a California corporation, as optionee;

(g)    All of Trustor's rights, powers and privileges (but not the burdens and obligations) under any construction contract or architect's (or engineer's) agreement now or hereafter entered into by Trustor relating to the Trust Property, and all bonds and surety agreements related thereto;

(h)    All contracts and other agreements, if any, relating to the sale, lease, brokerage, development, management, maintenance and/or operation of the Trust Property (or of any part thereof or interest therein) or otherwise pertaining thereto, including, without limitation, franchise agreements;

(i)    All rights of Trustor under any commitment for any other loan secured by the Trust Property or any part thereof or interest of Trustor therein;

(j)    All right, title and interest of Trustor in all tradenames, trademarks and/or servicemarks hereinafter used in connection with the Trust Property, and all contract rights and contracts, franchise agreements, general intangibles, actions and rights of action, accounts, deposit accounts, instruments, letter of credit rights, supporting obligations, investment property,

Exhibit 3

documents, chattel paper, deposits, prepaid expenses, permits, and licenses, owned by Trustor and used in connection with or related to the Trust Property or in the possession or control of Beneficiary, specifically including, but not limited to, all rights of Trustor (including contract rights, cash, accounts, accounts receivable, and rights to payment) arising from the certain Acquisition Agreement to be entered into by and between Trustor and the Temecula Public Financing Authority, a joint exercise of powers authority organized and existing under the laws of the State of California;

(k)    All machinery, apparatus, equipment, fittings, fixtures, inventory, appliances, furniture and articles of personal property of every kind and nature whatsoever, other than consumable goods, now or hereafter located in or upon said Premises or any part thereof, owned by Trustor and used or useable in connection with any present or future operation of said Premises (herein collectively called "Equipment"), including, but without limiting the generality of the foregoing, all heating, lighting, laundry, incinerating, plumbing, lifting, cleaning, fire-prevention, fire-extinguishing, refrigerating, ventilating, communications, air-conditioning and air-cooling equipment or apparatus, engines, pipes, pumps, tanks, motors, conduits, switchboards, elevators, escalators, shades, awnings, screens, storm doors and windows, stoves, wall beds, refrigerators, attached cabinets, partitions, ducts and compressors, and all of the right, title and interest of Trustor in and to any Equipment which may be subject to any conditional bill of sale, chattel mortgage or security interest superior to the lien or security interest established by this Deed of Trust;

(l)    All proceeds of the conversion, voluntary or involuntary, of any of the foregoing into cash or liquidated claims, including, without limitation, the proceeds of insurance; and

(m)    All proceeds, additions, replacements and substitutions of and to any of the foregoing.

TO HAVE AND TO HOLD the Trust Property unto Trustee, and its successors or substitutes in this trust, and to its or their successors and assigns, in trust for the benefit of Beneficiary, upon the terms, provisions and conditions herein set forth.

Section 1.    <u>Representations and Warranties</u>.    Trustor represents and warrants that: (i) Trustor is lawfully seized with good and marketable title in fee simple absolute to the Trust Property, free and clear of all liens and encumbrances whatsoever, except general and special taxes and assessments that are not delinquent, zoning ordinances, and those matters set forth in Exhibit "B" attached hereto (hereinafter "Permitted Encumbrances"), and has good and marketable title to all personal property included in the Trust Property, subject only to the Permitted Encumbrances; (ii) it has full right, power and authority to bargain, sell, mortgage and convey the Trust Property as herein provided; and (iii) except as expressly provided above, it will warrant to Beneficiary, and defend for the benefit of Beneficiary, such title to the Trust Property and the lien and interest of Beneficiary therein and thereon against all claims and demands whatsoever, and will maintain the priority of the lien of, and the security interest granted by, this Deed of Trust upon the Trust Property until Trustor shall be entitled to defeasance as provided herein.

Section 2. <u>After-Acquired Property</u>.  All property of every kind acquired by Trustor after the date hereof, and located at, on or under the Premises, shall, without further mortgage, conveyance or assignment, become subject to the lien of this Deed of Trust as fully as though now owned by Trustor and specifically described herein.  Nevertheless, Trustor shall take such actions and execute and deliver such additional instruments as Beneficiary shall reasonably require to further evidence or confirm the subjection of any such property to the lien of this Deed of Trust.

Section 3. <u>Payment of Indebtedness</u>.  Trustor will pay the indebtedness secured hereby in the manner and at the times provided herein and/or in the Note or any other Loan Document, and, until the indebtedness secured hereby is fully paid, will comply with all of the covenants, terms and provisions contained herein, in the Agreement, and in all of the other Loan Documents.

Section 4. <u>Loan Advances</u>.  Advances made under the Land Note shall be in the form of a continual revolving credit whereby advances may be made, repaid and readvanced from time to time.  Beneficiary shall maintain an account on its books (the "Loan Account"), which shall evidence at all times the amount from time to time outstanding under the Land Note.  This Deed of Trust secures the unpaid balances of all advances or readvances made under the Note, this Deed of Trust, the Agreement, or any other Loan Document.  It is also expressly provided for and agreed that this Deed of Trust secures said future advances and readvances, whether such advances and readvances are obligatory or to be made at the option of Beneficiary or otherwise, to the same extent as if such future advances and readvances were made on the date of the execution of this Deed of Trust, although there may be no advance made at the time of execution of this Deed of Trust or no indebtedness outstanding at the time any advance or readvance is made.  All provisions of this Deed of Trust shall apply to any future advances or readvances made pursuant to the provisions of this Section.  Nothing contained in this Section shall limit the amount secured by this Deed of Trust.

Section 5. <u>Continuing Lien</u>.  Trustor expressly agrees that any and all of the Trust Property, howsoever and whensoever acquired, received or arising, shall secure any and all obligations, howsoever and whensoever incurred, without apportionment between obligations of Trustor to Beneficiary under or with respect to any of the Loan Documents.  Accordingly, all of the Trust Property is mortgaged, assigned and conveyed, and a security interest in favor of Beneficiary is granted therein, to secure (a) the entire indebtedness which may be owed to Beneficiary from time to time pursuant to the Note or any other Loan Document, and (b) all other obligations of Trustor under or with respect to any of the Loan Documents, and in no manner shall the rights of Beneficiary in all or any portion of the Trust Property be limited by virtue of the fact that any portion of the Trust Property may have been (1) mortgaged, assigned and conveyed to Beneficiary, or a security interest in favor of Beneficiary granted therein, or (2) placed in the possession or control of Beneficiary ancillary to the making of a particular advance hereunder or the incurrence of any other obligation, and Beneficiary shall have the right, in its sole and absolute discretion, to determine the order in which its rights in or remedies against any Trust Property are to be exercised, which type(s) or portion(s) of Trust Property are to be proceeded against, and the order of application of proceeds of Trust Property as against any particular obligation.

- 5 -

Exhibit 3

Upon the sale, exchange or other disposition of any of the Trust Property, the lien and security interest created and provided for herein shall, without break in continuity and without further formality or act, continue in and attach to the instruments for the payment of money, accounts receivable, contract rights and all other cash and non-cash proceeds of such sale, exchange or disposition. Beneficiary's right to proceeds specifically set forth herein or indicated in any financing statement shall never constitute an express or implied authorization on the part of Beneficiary to Trustor's sale, exchange or other disposition of any or all of the Trust Property except as expressly authorized in the Loan Documents or consented to in writing by Beneficiary.

The lien, security interests and rights granted to Beneficiary hereunder shall continue in full force and effect until expressly released by Beneficiary, notwithstanding the termination of the line of credit provided in the Land Note and the Agreement, or the fact that the Loan Account may from time to time indicate a temporary zero balance or a temporary credit in favor of the Trustor.

Section 6. <u>Hazardous Substances</u>.

(a)    Trustor hereby warrants and represents that neither Trustor nor any other person or entity has ever generated, used or disposed of any Hazardous Substance (as defined below) from or in connection with the Trust Property or used the Trust Property as a storage facility for any Hazardous Substance.

(b)    Trustor hereby agrees to indemnify Beneficiary and hold Beneficiary harmless from and against any and all losses, liabilities (including, without limitation, strict liability), damages, injuries, expenses (including, without limitation, reasonable attorneys' and paralegals' fees), costs of any settlement or judgment, and claims, of any and every kind whatsoever paid, incurred or suffered by, or asserted against, Beneficiary by any person or entity or governmental agency for, with respect to, or as a direct or indirect result of, the presence, usage, storage, generation or disposal on or under or in connection with the Trust Property, or the escape, seepage, leakage, spillage, discharge, emission, discharging or release from the Trust Property, of any Hazardous Substance (including, without limitation, any losses, liabilities, including strict liability, damages, injuries, expenses, including, without limitation, reasonable attorneys' and paralegals' fees, costs of any settlement or judgment or claims asserted or arising under the Comprehensive Environmental Response, Compensation and Liability Act, under any so called Federal, state or local "superfund" or "superlien" law, or under any statute, law, ordinance, code, rule, regulation, order or decree regulating, relating to or imposing liability, including strict liability, or standards of conduct concerning any Hazardous Substance), regardless of whether such occurrence was within the control of Beneficiary.

(c)    For purposes of this Section 6, "Hazardous Substance" shall mean and include those elements or compounds which are from time to time contained in the list of hazardous substances adopted by the United States Environmental Protection Agency ("EPA") and the list of toxic pollutants designated by Congress or the EPA, or defined by any other Federal, state or local statute, law, ordinance, code, rule, regulation, order or decree regulating, relating to, or imposing liability or standards of conduct concerning any hazardous, toxic or dangerous waste, substance or material, as now or at any time hereafter in effect.

Exhibit 3

(d)     If Trustor receives any notice of (i) the happening of any event involving the spill, release, leak, seepage, discharge or cleanup of any Hazardous Substance on, or in connection with, the Trust Property, or in connection with operations thereon, or (ii) any complaint, order, citation or notice with regard to air emissions, water discharges, or any other environmental, health or safety matter affecting or related to the Trust Property (an "Environmental Complaint") from any person or entity (including without limitation the EPA), then Trustor shall immediately notify Beneficiary orally and in writing of said notice.

(e)     Beneficiary shall have the right but not the obligation, and without limitation of Beneficiary's rights under this Deed of Trust, to enter onto the Trust Property or to take such actions as Beneficiary deems necessary or advisable to clean up, remove, resolve or minimize the impact of, or otherwise deal with, any such Hazardous Substance or Environmental Complaint following receipt of any notice from any individual or entity (including, without limitation, the EPA) asserting the existence of any Hazardous Substance or any Environmental Complaint pertaining to the Trust Property or any part thereof which, if true, could result in an order, suit or other action against Trustor and/or which, in the absolute and sole opinion of Beneficiary, could jeopardize Beneficiary's security under this Deed of Trust. All reasonable costs and expenses incurred by Beneficiary in the exercise of any such rights shall be secured by this Deed of Trust and shall be payable by Trustor upon demand.

(f)     Beneficiary shall have the right, in its reasonable discretion, to require Trustor to periodically (but not more frequently than annually unless an Environmental Complaint is then outstanding) perform (at Trustor's expense) an environmental audit and, if deemed necessary by Beneficiary, an environmental risk assessment, each of which must be satisfactory to Beneficiary, of the Trust Property and of hazardous waste management practices and/or hazardous waste disposal sites used in connection with operations conducted at the Trust Property. Said audit and/or risk assessment must be conducted by an environmental consultant reasonably satisfactory to Beneficiary. Should Trustor's environmental consultant fail to perform said environmental audit and/or risk assessment within thirty (30) days after Beneficiary's written request to Trustor, Beneficiary shall have the right, but not the obligation, to retain an environmental consultant to perform said environmental audit and/or risk assessment. All costs and expenses incurred by Beneficiary in the exercise of such rights shall be secured by this Deed of Trust and shall be payable by Trustor upon demand or charged to the balance of the Loan, at the discretion of Beneficiary.

(g)     Any breach of any warranty, representation or agreement contained in this Section 6 shall be an Event of Default under this Deed of Trust and the Agreement and shall entitle Beneficiary to exercise any and all remedies provided in this Deed of Trust or otherwise permitted in the Agreement, or by law or equity. The provisions of this Section 6 shall survive satisfaction, release or foreclosure of this Deed of Trust and shall inure to the benefit of any transferee of title to the Trust Property through foreclosure of the Deed of Trust or any Loan Document, through any trustee's sale of the Trust Property or through deed in lieu thereof (but only to the extent such transferee is Beneficiary, its successor, an assignee of the Note, a participant of any of the foregoing, or an affiliate or entity related to any of the foregoing).

Section 7. <u>Uniform Commercial Code Financing Statement</u>. In order to further secure the payment of the secured indebtedness referred to herein, and the performance of the

Exhibit 3

obligations, covenants, agreements, warranties, and undertakings of Trustor herein contained, Trustor hereby grants to Beneficiary a security interest in all of the Trust Property that is personal property or fixtures. This Deed of Trust constitutes a security agreement, and creates a continuing security interest in favor of Beneficiary as to all or any part of the Trust Property which is of a nature that a security interest therein can be created and perfected under the Uniform Commercial Code from time to time in effect in the State of California, and all replacements and additions thereto and substitutions and proceeds thereof. Beneficiary shall have all remedies of a secured party under the Uniform Commercial Code with respect to any property subject to the security interest created pursuant to this Section. This Deed of Trust also constitutes a financing statement filed as a fixture filing with respect to any and all property included in the Trust Property which is or may become fixtures. Trustor hereby irrevocably authorizes Beneficiary at any time and from time to time to file in any Uniform Commercial Code jurisdiction any initial financing statements and amendments thereto and any continuation statements containing such information as Beneficiary shall require in order to perfect Beneficiary's security interest in the Trust Property. In addition, Trustor hereby authorizes Beneficiary to file carbon, photographic, electronic and/or other forms of reproduction of a financing statement, and any such filing shall constitute a sufficient financing statement under the Uniform Commercial Code. This Deed of Trust is a "Construction Mortgage" as defined in the Uniform Commercial Code.

Section 8. <u>Maintenance and Use of Trust Property</u>. Trustor, at its expense, shall keep the Trust Property in good order and in a clean and safe condition (ordinary wear and tear excepted), and shall make all necessary or appropriate repairs, replacements, restorations and renewals thereof, including, without limitation, interior, exterior, structural and non-structural, ordinary and extraordinary, and foreseen and unforeseen. Trustor shall not do, or permit to be done, any act or thing which might impair the value or usefulness of the Trust Property or any part thereof, shall not commit or permit any waste of the Trust Property or any part thereof, and shall not permit any unlawful occupation, business or trade to be conducted on the Trust Property or any part thereof. Trustor shall also, at its expense, promptly comply with all rights of way, privileges, franchises, servitudes, licenses, easements, tenements, hereditaments, restrictions of record and appurtenances that are a part of, or that burden, the Trust Property.

Section 9. <u>Compliance with Legal and Insurance Requirements</u>. Trustor, at its expense, shall promptly comply with all Legal Requirements and Insurance Requirements, and shall procure, maintain and comply with all permits, licenses and other authorizations required for the construction, installation, operation, maintenance and use of the Trust Property. As used in this Section, "Legal Requirements" means all laws, statutes, codes, acts, ordinances, resolutions, orders, judgments, decrees, injunctions, rules, regulations, permits, licenses, authorizations, directions and requirements of all governmental entities, departments, commissions, boards, courts, authorities, agencies, officials and officers, foreseen and unforeseen, and ordinary or extraordinary, which now or at any time hereafter may be applicable to the Trust Property or any part thereof, or to any use or condition of the Trust Property or any part thereof, and "Insurance Requirements" means all provisions of any insurance policy covering or applicable to the Trust Property or any part thereof, all requirements of the issuer of any such policy, and all orders, rules, regulations and other requirements of the National Board of Fire Underwriters (or any other body exercising similar functions) applicable to or affecting the Trust Property or any part thereof, or to any use or condition thereof. Trustor may, at its expense and after prior written

Exhibit 3

notice to Beneficiary, contest in good faith, by appropriate legal proceedings, any Legal Requirement, and postpone compliance therewith pending the resolution or settlement of such contest, provided that (i) such postponement does not, in the reasonable opinion of Beneficiary, adversely affect the condition, or value of, or the lien of this Deed of Trust as to, any part of the Trust Property, and (ii) Trustor deposits in escrow with Beneficiary, pending such contest, moneys sufficient in amount to cover the cost of compliance with the Legal Requirement so contested.

Section 10.  <u>Alterations, Additions and Demolition</u>.  Trustor may, at its expense, make from time to time additions, modifications and/or improvements to the Trust Property, provided that no additions, modifications or improvements involving an expenditure in excess of $10,000.00 shall be made without the prior written consent of Beneficiary, and further provided that the proposed work shall not adversely affect the structural integrity or strength of any improvements constituting a part of the Trust Property or materially interfere with the use and operation thereof.  If so requested, Trustor shall submit to Beneficiary the opinion of a licensed engineer, satisfactory to Beneficiary, certifying that such addition, modification or improvement does not so affect the improvements or so interfere with the use and operation thereof.  All additions, modifications and improvements so made by Trustor shall become or be deemed to constitute a part of the Trust Property.  No building or improvements, or any part thereof, on the Trust Property may be removed or demolished without the prior written consent of Beneficiary.

Section 11.  <u>Substitutions and Removals</u>.  If any item of personal property constituting a part of the Trust Property becomes inadequate, obsolete, worn-out, unsuitable, undesirable or unnecessary, or should be replaced, Trustor may remove such item, provided that Trustor shall either:

(a)    Prior to or simultaneously with such removal, substitute other personal property having equal or greater value as such removed personal property (but not necessarily the same function) as part of the Trust Property, and install such other personal property in the operation of the Trust Property, which such substituted property shall be free from all liens and encumbrances (other than Permitted Encumbrances) and shall become part of the Trust Property; or

(b)    In the case of removal of any of the Trust Property without substitution, promptly pay to Beneficiary an amount equal to (i) the proceeds of such sale or the scrap value thereof, if the removed property is sold or scrapped, or (ii) if the removed property is used as a trade-in for property not to be installed as part of the Trust Property, the trade-in credit received by Trustor, or (iii) in the case of the retention of such removed property by Trustor for other purposes, the fair market value of such property, as determined by a licensed engineer satisfactory to Beneficiary.

Trustor shall promptly report to Beneficiary each such removal, sale or other disposition, and shall pay to Beneficiary such amounts as are required by the provisions of Subsection 11(b) above promptly after the sale, trade-in or other disposition requiring such payment; provided that no such report and payment need be made until the amount to be paid to Beneficiary on account of all such sales, trade-ins or other dispositions not previously reported aggregates at least $5,000.00 in any consecutive twelve-month period.  Beneficiary shall apply such moneys to the

Exhibit 3

payment of principal installments on the Note, as provided therein, within Beneficiary's sole discretion.

Section 12. <u>Payment of Taxes and Other Governmental Charges</u>.   Trustor shall pay promptly when due all taxes, assessments (whether general or special), and other governmental charges of any kind whatsoever, foreseen or unforeseen, and ordinary or extraordinary, that now or may at any time hereafter be imposed, assessed or levied against or with respect to the Trust Property or any part thereof, (including, without limitation, any taxes levied upon or with respect to the revenues, income or profits of Trustor from the Trust Property) or upon Beneficiary's interest therein (without regard to any law heretofore or hereafter enacted imposing payment of the whole or any part thereof upon Beneficiary).   Within ten (10) business days before they become delinquent, Trustor shall provide Beneficiary with satisfactory evidence of payment of real estate taxes or assessments relating to the Trust Property.

If at any time applicable law shall require Federal, state and/or local revenue stamps to be affixed to the Note, Trustor shall pay for the same, together with any interest or penalties imposed in connection therewith.   In the event of the passage after the date of this Deed of Trust of any Federal, state or local law that deducts from the value of real property for the purposes of taxation any lien thereon, or that changes in any way the laws or the taxation of deeds of trust or debts secured by deeds of trust for Federal, State or local purposes, or the manner of the collection of any such taxes, and that imposes a tax, either directly or indirectly, on this Deed of Trust, the Note, any other indebtedness secured hereby or any instrument securing the indebtedness secured hereby, the holder of this Deed of Trust and of the debt which it secures shall have the right to declare the debt secured by this Deed of Trust and any interest thereon due on a date to be specified in a written notice to be given to Trustor by Beneficiary, which date shall be not less than thirty (30) days after the date of the notice; provided, however, that such election shall be ineffective if Trustor is permitted by law to pay the whole of such tax, in addition to all other payments required hereunder, and if Trustor, prior to such specified date, does pay such tax and agrees to pay any such tax when thereafter levied or assessed against the Trust Property, and such agreement shall constitute a modification of this Deed of Trust.

Trustor may, at its expense and after prior notice to Beneficiary, by appropriate proceedings diligently prosecuted, contest in good faith the validity or amount of any such taxes, assessments and other charges and, during the period of such contest, permit the items so contested to remain unpaid.   However, if at any time Beneficiary shall notify Trustor that, in its reasonable opinion, by nonpayment of any such items the lien of the Deed of Trust as to any part of the Trust Property will be adversely affected, or the nonpayment of any such items will result in the creation of a lien upon the Trust Property, Trustor shall promptly pay such taxes, assessments or charges.   During the period when the taxes, assessments or other charges so contested remain unpaid, Trustor shall deposit in escrow with Beneficiary moneys equal in amount to the amount of such contested taxes, assessments or charges.

Section 13. <u>Required Insurance Coverage</u>.

(a)    Prior to the commencement of the installation and construction of any buildings, structures, additions, facilities, fixtures or other improvements included in the Trust Property (excluding such improvements as are not insured by standard builder's risk policies,

Exhibit 3

such as excavations, underground foundations, underground utilities and footings below ground level) (collectively, the "Insurable Improvements"), Trustor shall obtain and continuously maintain, until such improvements are released from the lien of this Deed of Trust or insured pursuant to Section 13(b) below, builder's all risk insurance on a completed value, non-reporting form with an extended coverage endorsement, including theft, vandalism, malicious mischief, collapse, falsework, temporary buildings and debris removal coverage, and such other coverage(s) as Beneficiary may reasonably require, in amounts approved by Beneficiary, but not less than one hundred percent (100%) of the full insurable replacement cost of the Insurable Improvements without regard for depreciation and with an inflation rider, duly endorsed to show the interest of Beneficiary under a standard non-contributing co-beneficiary or mortgagee clause, and under a loss payee clause.

(b)    Trustor shall keep all Insurable Improvements not included in any insurance obtained pursuant to Section 13(a) above continuously insured for the benefit of Beneficiary against loss or damage by fire and other hazards included in a standard fire insurance policy with an extended coverage endorsement, including theft, vandalism, malicious mischief, collapse and debris removal coverage, and such other coverage(s) as Beneficiary may reasonably require, duly endorsed to show the interest of Beneficiary under a standard non-contributing beneficiary clause, in an amount equal to the replacement value of the Insurable Improvements, without regard to depreciation and with an inflation rider. If any of the Insurable Improvements are located within a hazardous flood area as designated by any governmental authority, Trustor shall obtain and continuously maintain flood insurance coverage in the maximum amount available, with appropriate endorsements thereto, providing for Beneficiary's interest in the same manner as in the standard fire insurance for the Insurable Improvements.

(c)    Trustor shall obtain and continuously maintain single limit comprehensive general accident and public liability insurance in minimum amounts of $2,000,000.00, and naming Beneficiary as an additional insured, and Beneficiary may, in its discretion, require such increases in coverage as it deems necessary or advisable as a result of the operations conducted by Trustor on the Trust Property and/or the insurance coverage carried by other entities conducting similar operations.

(d)    All insurance required to be obtained and maintained pursuant to this Deed of Trust shall be obtained from generally recognized, responsible insurance companies qualified or licensed to transact such business in the State of California and otherwise satisfactory to Beneficiary. Each policy of insurance shall not be subject to cancellation or substantial modification without at least thirty (30) days prior written notice to Beneficiary. The loss deductible provision for each such insurance policy shall not exceed $10,000.00.

(e)    Trustor shall deposit with Beneficiary all such policies of insurance or, at the option of Beneficiary, binders, certificates or other evidence satisfactory to Beneficiary that (i) the insurance required hereby has been obtained and is in full force and effect, and (ii) all premiums thereon have been paid in full. Prior to the expiration of any such insurance, Trustor shall furnish Beneficiary with evidence, satisfactory to Beneficiary, that such insurance has been renewed or replaced and that all premiums thereon have been paid in full, and all insurance policies required hereby are in full force and effect.

Exhibit 3

(f)    Subject to Section 18 hereof, Trustor hereby assigns to Beneficiary all of Trustor's right, title and interest in and to all such policies of insurance and in and to all insurance proceeds resulting therefrom to the full extent of the indebtedness secured hereby, authorizes Beneficiary to collect, adjust and compromise all claims under such insurance policies, and further authorizes and directs the insurer to pay any and all such proceeds directly to Beneficiary. Beneficiary may, at its option, collect, adjust and compromise any claims under any such insurance policies. In the event of a foreclosure of this Deed of Trust, the purchaser of the Trust Property shall succeed to all of the rights of Trustor (including any right to unearned premiums) in and to all policies of insurance assigned to Beneficiary pursuant hereto.

(g)    Trustor shall maintain, or cause to be maintained, in connection with the Trust Property any workers' compensation coverage required by the laws of the State of California. Trustor shall also maintain liability insurance coverage to insure against any liability or risks on or at the Trust Property not covered by workers' compensation coverage or the other insurance coverage required by this Section.

Section 14.  Taxes and Insurance Premiums.  In order to more fully protect the security of this Deed of Trust, and if Beneficiary shall so elect at any time after the occurrence of an Event of Default or an event which, with notice or lapse of time or both would constitute an Event of Default, Trustor shall pay to Beneficiary, together with and in addition to each payment of principal and interest required by the Note, one-twelfth (1/12th) of the amount (as estimated by Beneficiary) of the annual taxes and annual insurance premiums next becoming due and payable with respect to the Trust Property and the policies of insurance referred to in this Deed of Trust, and Trustor shall also pay to Beneficiary on demand therefor the amount by which the actual taxes and insurance premiums exceed payments actually made pursuant hereto. Any unpaid balance of advances by Beneficiary for taxes and/or insurance premiums shall bear interest at the Default Rate (as hereinafter defined) and, together with such interest, shall be secured by this Deed of Trust. Beneficiary shall not be considered to be a fiduciary with respect to any amounts paid to or received by it pursuant to the terms of this Section, and shall not be liable for the payment of interest on all or any part of such funds.

Section 15.  Disposition of Trust Property; Liens and Encumbrances.  Except as otherwise expressly permitted by Sections 11, 19 and 48 of this Deed of Trust, Trustor shall not sell, convey, assign, transfer, lease, or dispose of all or any part of the Trust Property, or any interest therein, or enter into any agreement for any of the foregoing, in any case without the prior written consent of Beneficiary. Trustor shall not directly or indirectly create or permit to remain, and will promptly discharge, any mortgage, lien, encumbrance or charge on, pledge of, security interest in, or conditional sale or other title retention agreement with respect to, all or any part of the Trust Property, or any interest therein, or any revenues, income, profit or other sums arising from the Trust Property or any part thereof (including, without limitation, any lien, encumbrance or charge as a result of the operation of law) other than: (i) the lien and security interest of this Deed of Trust; (ii) liens for taxes, assessments and other governmental charges which are not at the time required to be paid pursuant to Section 12 hereof; and (iii) the Permitted Encumbrances specified in Section 1 hereof, if any.

Section 16.  Construction and Other Liens.  Trustor shall not permit any construction, mechanics' or other liens to be filed or to exist against the Trust Property or any part thereof, and

Exhibit 3

Trustor shall, within sixty (60) days after the date of the filing of any such lien, cause the same to be discharged of record by payment, deposit, bond, order of a court of competent jurisdiction, or otherwise satisfactory to Beneficiary.

Section 17.  No Claims Against Beneficiary.  Nothing contained in this Deed of Trust shall be construed as a request by Beneficiary, expressed or implied, for the performance of any labor or services or the furnishing of any materials or other property with respect to the Trust Property or any part thereof, or be construed to give Beneficiary any right, power or authority to contract for or permit the performance of any labor or services or the furnishing of any materials or other property with respect to the Trust Property or any part thereof, or be construed to give Trustor any right, power or authority to contract for or permit the performance of any labor or services or the furnishing of any material or other property on behalf of Beneficiary, or in such manner as to provide the basis for any claim either against Beneficiary or that any lien based on the performance of such labor or services, or the furnishing of any such material or other property, is prior to the lien of this Deed of Trust.

Section 18.  Damage, Destruction, Eminent Domain.

(a)    Trustor shall promptly notify Beneficiary in writing of any damage to or destruction of any part of the Trust Property, and such notice shall include a description of the nature, extent and date of the damage, the estimated cost of repair, and the estimated net proceeds of insurance.  Trustor shall promptly notify Beneficiary in writing of any proposed, threatened or actual taking of or injury to any part of the Trust Property pursuant to the use of the power of eminent domain, which notice shall include a description of the nature, extent and date of the taking or proposed taking and the estimated net proceeds of the condemnation award, or the price for conveyance under threat of condemnation.

(b)    Trustor hereby assigns to Beneficiary all of Trustor's right, title and interest in and to any and all such proceeds of insurance and/or eminent domain awards (including any amount paid for a conveyance under threat of condemnation), and all such proceeds shall be paid to Beneficiary for application to Beneficiary's costs of collection, any amounts then due pursuant to the Note, the Agreement or this Deed of Trust, and then to the prepayment, without premium, of principal; provided, however, that, subject to Subsection 18(c) below, and so long as (i) no Event of Default, or event which with notice or lapse of time or both would constitute an Event of Default, has occurred, and (ii) all sales agreements, option agreements, or purchase contracts relating to all or any portion of the Trust Property shall continue in full force and effect or Trustor has obtained substitute sales agreements or purchase contracts satisfactory to Beneficiary for any such agreements or contracts which have not continued, Beneficiary shall permit all or any part of such insurance proceeds to be used for the purpose of repairing, replacing, restoring and rebuilding the Trust Property as nearly as practicable to the value, condition and character thereof immediately prior to such damage or destruction, with such changes or alterations, however, as Trustor may deem necessary for proper use or operation of the Trust Property and as may be approved by Beneficiary, in accordance with Subsection 18(e) hereof.

(c)    If (i) a significant portion (as determined by Beneficiary in its sole discretion reasonably exercised) of any buildings, structures, additions, facilities or other

Exhibit 3

improvements included in the Trust Property is damaged or destroyed to such an extent that such improvements cannot be reasonably repaired, replaced or restored within a period of six (6) months to the condition thereof immediately preceding such damage or destruction, or (ii) title to, or the temporary use of a significant portion (as determined by Beneficiary in its sole discretion reasonably exercised) of the Trust Property shall have been taken to such an extent that (x) the Trust Property cannot be reasonably repaired, replaced or restored within a period of six (6) months to a condition not substantially different from that existing prior to such taking, or (y) normal use and operation of the Trust Property is prevented for a period of six (6) months or more, then, in any of such events, Beneficiary may at its sole option, and within thirty (30) days after receiving notice of any such events, declare the entire indebtedness secured hereby to be due and payable, on a date not earlier than thirty (30) days after the date of such declaration, and thereupon the entire amount of said indebtedness shall be due and payable without premium on such date, and shall thereafter bear interest at the Default Rate (as hereinafter defined).

(d)    All prepayments of principal pursuant to Subsection (b) of this Section shall be made without premium or penalty in the inverse order of the maturity thereof, and shall not reduce the periodic installments thereafter becoming due.

(e)    Unless any damage or destruction results in the exercise by Beneficiary of its option pursuant to Subsection (c) of this Section, Trustor shall, regardless of the adequacy or availability of insurance proceeds, if any, promptly commence and complete the restoration, repair, replacement and rebuilding of the Trust Property as nearly as practicable to the value, condition and character thereof immediately prior to such damage or destruction. Unless any taking results in the exercise by Beneficiary of its option pursuant to Subsection (c) of this Section, Trustor shall, regardless of the adequacy or availability of proceeds of condemnation therefor, if any, promptly commence and complete the restoration, repair, replacement and rebuilding of the Trust Property as nearly as practicable to the value, condition and character thereof immediately prior to such taking. Unless any damage or destruction results in the exercise by Beneficiary of its option pursuant to Subsection (c) of this Section, and subject to the satisfaction of the conditions set forth in Subsection (b) of this Section, Beneficiary shall make any insurance proceeds available for any such repair or restoration, and shall disburse such funds as work progresses in accordance with and subject to Beneficiary's then normal and customary construction loan disbursement practices and procedures, provided that Beneficiary may require Trustor either to deposit with Beneficiary, for disbursement prior to the disbursement of any such insurance proceeds, the amount in addition to such available net proceeds of insurance that will be required (in Beneficiary's judgment) to complete such repair or restoration, or to provide Beneficiary with evidence, satisfactory to Beneficiary, that such additional funds are available for such purposes.

Section 19. Leases; Assignment of Rents and Leases.    Trustor hereby absolutely transfers and assigns to Beneficiary all right, title and interest of Trustor in and to (a) all existing and future leases, subleases, licenses and other agreements for the use and occupancy of all or any part of the Trust Property, whether written or oral and whether for a definite term or month to month, together with all guarantees of the lessee's obligations thereunder and together with all extensions, modifications and renewals thereof (hereinafter called the "Leases"), and (b) all income, receipts, revenues, rents, issues and profits now or hereafter arising from or out of the Leases or from or out of the Trust Property or any part thereof, including, without limitation,

Exhibit 3

room rents, minimum rents, additional rents, percentage rents, occupancy and user fees and charges, license fees, parking and maintenance charges and fees, tax and insurance contributions, proceeds of the sale of utilities and services, cancellation premiums, claims for damages arising from any breach of the Leases, proceeds from any sale or other disposition of all or any portion of the Trust Property, and all other benefits arising from the use or enjoyment of, or the lease, sale or other disposition of, all or any portion of the Trust Property, together with the immediate and continuing right to receive all of the foregoing (hereinafter called the "Rents"). The assignment of Rents and Leases contained herein shall be subject only to the conditional license granted by Beneficiary to Trustor to collect such rentals, income and revenues during such times as no Event of Default shall have occurred hereunder. Trustor shall not enter into any Lease except with the prior written consent of Beneficiary and pursuant to lease terms in form and substance satisfactory to Beneficiary. Unless otherwise provided by written instrument signed by Beneficiary, any and all Leases (other than Permitted Encumbrances, if any) shall be subordinated to this Deed of Trust. Concurrently with the execution and delivery hereof, and not in lieu of the provisions hereof, Trustor has also executed and delivered to Beneficiary an assignment of its interests as lessor in all Leases and to all rentals, income and other revenues payable thereunder or derived therefrom, as additional collateral for the indebtedness hereby secured.

Trustor shall perform, fulfill, comply with and observe each and every covenant, agreement and condition to be performed, fulfilled, complied with and observed by Trustor as lessor under the Leases, and will not suffer or permit any default of Trustor as lessor thereunder to occur (except defaults which are duly cured within the time provided in the Leases for the curing thereof, if any).

Trustor shall not, and shall not have the right or power to, as against Beneficiary without its consent, cancel, terminate, abridge or modify any Lease, accept a surrender thereof or accept prepayments of installments of rent or other sums due or to become due thereunder.

Section 20. <u>Inspection</u>. Beneficiary, and its agents and employees, shall have the right to enter upon and inspect the Trust Property at any and all reasonable times for the protection of its interest in the Trust Property and for such other purposes as may, in Beneficiary's sole discretion, be necessary or desirable in connection with the exercise of Beneficiary's rights hereunder or under the Agreement.

Section 21. <u>Indemnification</u>. Trustor hereby protects, indemnifies and saves harmless Beneficiary, its officers, directors, agents and employees, from and against any and all liabilities, obligations, claims, damages, penalties, causes of action, costs and expenses (including without limitation, reasonable attorneys' fees and expenses whether or not litigation has been commenced and in all trial, bankruptcy and appellate proceedings) imposed upon, incurred by, or asserted against Beneficiary or any of such persons by reason of any of the following (except to the extent resulting from the gross negligence or willful misconduct of Beneficiary) (a) ownership of any interest in the Trust Property or any part thereof, (b) any accident, injury to or death of persons or loss of or damage to property occurring on or about the Trust Property or any part thereof or the adjoining sidewalks, curbs, vaults and vault space, if any, streets or ways, (c) any use, disuse or condition of the Trust Property or any part thereof, or the adjoining sidewalks, curbs, vaults and vault space, if any, or any streets or ways, (d) any failure on the part of Trustor to perform or

Exhibit 3

comply with any of the terms hereof or of the Agreement, or any inaccuracy in any representation or warranty made by Trustor herein or in the Agreement, (e) any defense of the right, title or interest conveyed by this Deed of Trust, (f) the performance of any labor or services or the furnishing of any materials or other property in respect of the Trust Property or any part thereof, (g) any subsidence or erosion of any part of the surface of the Trust Property, including any shoreline or any bank of any river, stream, creek, canal, lake, ocean or other water source, or (h) the location or existence of asbestos or any toxic or hazardous waste, chemicals, materials or substance on, at, in or under the Trust Property or any part thereof. If any action, suit or proceeding is brought against Beneficiary, or any of its officers, directors, agents or employees, for any such reason, Trustor, upon the request of any such individual or entity, shall at Trustor's expense, cause such action, suit or proceeding to be resisted and defended by counsel satisfactory to Beneficiary or such individual or entity. Any amounts payable to an indemnified person under this Section which are not paid within ten (10) days after written demand therefor shall bear interest at the Default Rate from the date of such demand, and such amounts, together with such interest, shall be indebtedness secured by this Deed of Trust. The obligations of Trustor under this Section shall survive any defeasance of the Deed of Trust.

Section 22. <u>Events of Default</u>. Any one or more of the following events shall be an "Event of Default" under this Deed of Trust:

(a)    Failure by Trustor or any co-maker or guarantor to pay any installment of principal, interest or premium under the Note within ten (10) calendar days after the same is due and payable, or any other indebtedness secured hereby as and when the same becomes due and payable, or the entire unpaid balance of the Land Note upon the maturity of the Land Note, or the entire unpaid balance of the L/C Note upon the maturity of the L/C Note;

(b)    Failure by Trustor, or any co-maker or guarantor of the Land Note and/or the L/C Note (a "Guarantor") to observe or perform any other term, covenant or agreement contained herein, in the Note or in any other Loan Document that is not otherwise specifically set forth in this Section 22; provided, however, that if the failure is other than the payment of money, is not intentional or grossly negligent on the part of Trustor, does not involve a breach of Sections 12, 13 or 15 of this Deed of Trust, and does not constitute an emergency in the sole opinion of Beneficiary, such failure shall not constitute an Event of Default if: (i) Trustor institutes curative action and pursues such action to completion within thirty (30) days after written notice of such failure has been provided to Trustor by Beneficiary; or (ii) the failure is of such a nature that it can be corrected but not within thirty (30) days after written notice thereof has been provided to Trustor by Beneficiary, and Trustor has within the aforesaid thirty (30) days instituted curative action and diligently and continuously pursues such action to completion, provided that such failure shall become an Event of Default if not cured within ninety (90) days after such written notice;

(c)    Trustor or any Guarantor shall: (i) become insolvent or generally not pay, or be unable to pay, or admit in writing its inability to pay, its debts generally as they become due; (ii) commence a proceeding under any Federal or state bankruptcy, insolvency, reorganization or other similar code or law, or have such a proceeding commenced against it and either have an order of insolvency or reorganization entered against it or have the proceeding remain pending for sixty (60) days; (iii) make an assignment for the benefit of its creditors; (iv)

458989_3.DOC                                    - 16 -

E x h i b i t   3

have a receiver or trustee or custodian appointed for it or for the whole or any substantial part of its property or for all or any part of the Trust Property; or (v) adopt a plan of liquidation of its assets;

(d)    Failure by Trustor or any Guarantor to pay any indebtedness or to observe or perform any terms, covenants or provisions contained in any note, mortgage, deed of trust, guaranty, agreement or other obligation to Beneficiary, and such failure is not cured within any applicable grace period;

(e)    If any material adverse change shall occur in the financial condition of Trustor or any Guarantor at any time during the term of the Loan from the financial condition disclosed in statements heretofore presented to Beneficiary, or if Trustor or any Guarantor or any general partner of Trustor (i) shall cease to exist or to be qualified to do or transact business in the State of California or be dissolved, (ii) shall be a party to a merger or consolidation, (iii) shall issue stock of any type or series (if a corporation), (iv) shall sell all or substantially all of its assets, or (v) if an individual, should die, become incapacitated or adjudged incompetent;

(f)    If Trustor or any Guarantor is a corporation, any shares of stock of Trustor or any such Guarantor are issued, sold, transferred, conveyed, assigned, mortgaged, pledged, or otherwise disposed of, whether voluntarily or by operation of law, and whether with or without consideration, or any agreement for any of the foregoing is entered into; or, if Trustor or any Guarantor is a partnership, any general or limited partnership interest or other equity interest in such partnership is sold, transferred, assigned, conveyed, mortgaged, pledged or otherwise disposed of, whether voluntarily or by operation of law, and whether with or without consideration, or an agreement for any of the foregoing is entered into, or, if Trustor or any Guarantor is a limited liability company, any membership or other equity interest in such limited liability company is sold, transferred, assigned, conveyed, mortgaged, pledged or otherwise disposed of, whether voluntarily or by operation of law, and whether with or without consideration, or an agreement for any of the foregoing is entered into;

(g)    Any shares of stock of any corporation that is a general partner of Trustor or of any Guarantor, or a general partner of a partnership that is a general partner of Trustor or of any Guarantor, or the managing member of a limited liability company that is a general partner of Trustor or of any Guarantor, are issued, sold, transferred, assigned, conveyed, mortgaged, pledged or otherwise disposed of, whether voluntarily or by operation of law, and whether with or without consideration, or any agreement for any of the foregoing is entered into, executed or delivered, or any general partnership interest in any general partnership that is itself a general partner of Trustor or of any Guarantor is sold, transferred, assigned, conveyed, mortgaged, pledged or otherwise disposed of, whether voluntarily or by operation of law, and whether with or without consideration, or any agreement for any of the foregoing is entered into;

(h)    If any statement or representation contained in the loan application or any financial statements or other materials furnished to Beneficiary prior or subsequent to the making of the Loan is discovered to have been false or incorrect or incomplete in any material respect;

(i)    An action for foreclosure or marshalling of liens is commenced against all or any part of the Trust Property; or

E x h i b i t   3

(j)    A default occurs under any other mortgage, deed of trust or security agreement encumbering all or any part of the Trust Property and the same is not cured within any applicable grace period, or Beneficiary receives any notice which limits or may limit the amount of indebtedness that may be secured by this Deed of Trust.

Section 23.  Right to Cure.  If Trustor fails to make any payment or perform any act required to be made or performed under this Deed of Trust or the Agreement, Beneficiary, without demand upon Trustor and without waiving or releasing any obligation or default, may (but shall be under no obligation to) make such payment or perform such act for the account and at the expense of Trustor, and may enter upon the Trust Property or any part thereof for such purpose and take all such action thereon as, in Beneficiary's sole opinion, may be necessary or appropriate therefor, all without prejudice to any other rights or remedies available to Beneficiary.  All payments so made by Beneficiary and all costs, fees and expenses incurred in connection therewith or in connection with the performance by Beneficiary of any such act, together with interest thereon at the Default Rate (as hereinafter defined) from the date of payment or incurrence, shall constitute additional indebtedness secured by this Deed of Trust and shall be paid by Trustor to Beneficiary on demand.

Section 24.  Remedies.  If an Event of Default occurs, Beneficiary may exercise any or all, or any combination of, the remedies conferred upon or reserved to it under this Deed of Trust, the Agreement or any other Loan Document, or now or hereafter existing at law or in equity or by statute.  Without limitation, Beneficiary may do one or more of the following:

(a)    Declare the entire unpaid principal balance of the indebtedness secured hereby to be immediately due and payable, without notice or demand, the same being expressly waived by Trustor, and upon such declaration the entire indebtedness secured hereby shall become immediately due and payable and shall thereafter bear interest at a rate equal to five percent (5%) per annum in excess of the rate that would otherwise be applicable pursuant to the terms of the Land Note or, if the Land Note has been repaid in full, pursuant to the terms of the L/C Note (the "Default Rate").

(b)    Judicially foreclose the lien of this Deed of Trust as against all or any part of the Trust Property in the manner provided by law for the foreclosure of a deed of trust against real property.

(c)    Give such notice of default and of election to cause the Trust Property to be sold at a trustee's sale as may be required by law or as may be necessary to cause Trustee to exercise the power of sale granted herein.  If Beneficiary shall elect to instruct the Trustee to commence a trustee's sale of the Trust Property, the sale shall be conducted as follows:

(1)    Beneficiary shall deliver to Trustee a written declaration of default and demand for sale and a written notice of default and election to cause the Trust Property to be sold, which notice Trustee shall cause to be filed for record.  Beneficiary shall also deposit with Trustee this Deed of Trust, the Land Note and/or the L/C Note, as required by law, and all documents evidencing expenditures secured hereby.

Exhibit 3

(2)    After a lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell the Trust Property at the time and place fixed by it in the notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale.  Trustee may postpone the sale of all or any portion of the Trust Property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement.  Trustee shall deliver to such purchaser its deed conveying the Trust Property so sold, but without any covenant or warranty, express or implied.  The recitals in such deed of any matters or facts shall be conclusive as to the accuracy thereof.  Any person, including Trustor, Trustee and Beneficiary, may purchase at the sale.   In the event of a sale, by foreclosure or otherwise, of less than all of the Trust Property, this Deed of Trust shall continue as a lien on the remaining portion of the Trust Property.

Any person, including Trustor, Trustee, or Beneficiary, may purchase at any sale of the Trust Property under this Deed of Trust, and if Beneficiary is the highest bidder, may credit the portion of the purchase price that would be distributed to Beneficiary against the indebtedness secured hereby in lieu of paying cash.  The proceeds of such sale shall be applied as provided in Section 31.

(d)    Exercise any or all of the remedies of a secured party under the Uniform Commercial Code with respect to the personal property that is included within the Trust Property.   If Beneficiary should proceed to dispose of any of such personal property in accordance with the provisions of the Uniform Commercial Code, five (5) days' notice by Beneficiary to Trustor shall be deemed to be commercially reasonable notice under each provision of the Uniform Commercial Code requiring notice.  At Beneficiary's request, Trustor shall cause all Trust Property which is personal property to be assembled at one or more reasonably convenient locations.  Trustor, however, agrees that all property of every nature and description, whether real or personal, covered by this Deed of Trust, together with all personal property used on or in connection with the Premises or any business conducted thereon by Trustor and covered by separate security agreements, is encumbered as one unit, that this Deed of Trust and such security interests, at Beneficiary's option, may be foreclosed or sold in the same proceeding, and that all property encumbered (both realty and personalty), at Beneficiary's option, may be sold as such in one unit as a going business, subject to the provisions of applicable law.

Trust Property (whether real, personal or mixed) may be sold in such portions, order or parcels as Beneficiary may determine, with or without having first taken possession of same, and in such manner and order as Trustee, in his sole discretion, may elect; the right of sale arising out of any Event of Default shall not be exhausted by any one or more sales or attempted sales, any other action, proceeding, or other exercise of a remedy, and the liens granted by this Deed of Trust shall continue unimpaired.

(e)    Make application to a court of competent jurisdiction for, and obtain from such court as a matter of strict right and without notice to Trustor or regard to the adequacy of the Trust Property for the repayment of the indebtedness secured hereby, the appointment of a

458989_3.DOC                          - 19 -

Exhibit 3

receiver of all or any portion of the Trust Property, and Trustor irrevocably consents to such appointment, at the cost and expense of Trustor. Any such receiver shall have all the usual powers and duties of receivers in similar cases, including the full power to rent, maintain and otherwise operate the Trust Property upon such terms as may be approved by the court, and shall apply such rents in accordance with the provisions of Section 31. The foregoing is agreed to, in part, in recognition of the fact that a delay in the management, development, disposition or other activity involving the Trust Property may substantially adversely affect Beneficiary's security or the value thereof. Upon appointment of said receiver, Trustor shall immediately deliver possession of all of the Trust Property to such receiver. Neither the appointment of a receiver for the Trust Property by any court at the request of Beneficiary or by agreement with Trustor, nor the entering into possession of all or any part of the Trust Property by such receiver, shall constitute the Beneficiary a "mortgagee in possession" or otherwise make Beneficiary responsible or liable in any manner with respect to the Trust Property or the occupancy, operation or use thereof.

(f)     Without regard to the adequacy of any security for the obligations secured hereby or the solvency of Trustor or any other person or entity, send notifications to any and all lessees and tenants under the Leases that all Rents shall be paid to Beneficiary. Thereafter, Beneficiary shall be entitled to collect the Rents until Trustor cures all Events of Default and may apply the Rents collected at its sole discretion to the maintenance of the Trust Property and/or the payment of the obligations secured hereby.

(g)     With or without notice, and without releasing Trustor from any obligation hereunder, to cure any default of Trustor and, in connection therewith, Beneficiary or its agents, acting by themselves or through a court appointed receiver, may enter upon the Trust Property or any part thereof and perform such acts and things as Beneficiary deems necessary or desirable to inspect, investigate, assess, and protect the security hereof, including without limitation of any of its other rights: (a) to obtain a court order to enforce Beneficiary's right to enter and inspect the Trust Property under California Civil Code Section 2929.5, to which the decision of Beneficiary as to whether there exists a release or threatened release of a Hazardous Substance in or onto the Trust Property shall be deemed reasonably and conclusive as between the parties hereto; and (b) to have a receiver appointed under California Code of Civil Procedure Section 564 to enforce Beneficiary's right to enter and inspect the Trust Property for Hazardous Substances. All costs and expenses incurred by Beneficiary with respect to the audits, tests, inspections, and examinations which Beneficiary or its agents or employees may conduct, including the fees of the engineers, laboratories, contractors, consultants, and attorneys, shall be paid by Trustor. All costs and expenses incurred by Trustee and Beneficiary pursuant to this subparagraph (including, without limitation, court costs, consultant fees and attorney fees, whether incurred in litigation or not and whether before or after judgment) shall bear interest at the greater of ten percent (10%) per annum or the Default Rate (as hereinafter defined), from the date they are incurred until said sums have been paid, and shall be secured by this Deed of Trust and the other security for the Land Note and/or the L/C Note.

To seek a judgment that Trustor has breached its covenants, representations and/or warranties with respect to the environmental matters set forth in the Environmental Indemnity, by commencing and maintaining an action or actions in any court of competent jurisdiction for breach of contract pursuant to California Code of Civil Procedure

Exhibit 3

Section 736, whether commenced prior to foreclosure of the Trust Property, and to seek the recovery of any and all costs, damages, expenses, fees, penalties, fines, judgments, indemnification payments to third parties, and other out-of-pocket costs or expenses actually incurred by Beneficiary (collectively, the "Environmental Costs") incurred or advanced by Beneficiary relating to the cleanup, remediation or other response action required by Applicable Law or to which Beneficiary believes necessary to protect the Trust Property, it being conclusively presumed between Beneficiary and Trustor that all such Environmental Costs incurred or advanced by Beneficiary relating to the cleanup, remediation, or other response action of or to the Trust Property were made by Beneficiary in good faith. All Environmental Costs incurred by Beneficiary under this subparagraph (including, without limitation, court costs, consultant fees and attorneys' fees, whether incurred in litigation or not and whether before or after judgment) shall bear interest at the Default Rate from the date of expenditure until said sums have been paid. Beneficiary shall be entitled to bid, at the sale of the Trust Property held under Subsection (b) above, the amount of said costs, expenses and interest in addition to the amount of the other obligations hereby secured as a credit bid, the equivalent of cash.

Trustor acknowledges and agrees that notwithstanding any term or provision contained herein or in the other Loan Documents, the Environmental Costs shall be exceptions to any limited recourse or exculpatory provision of the Loan Documents, and Trustor shall be fully and personally liable for the Environmental Costs hereunder, and such liability shall not be limited to the original principal amount of the obligations secured by this Deed of Trust, and Trustor's obligations shall survive the foreclosure, deed in lieu of foreclosure, release, reconveyance, or any other transfer of the Trust Property or this Deed of Trust. For the purposes of any action brought under this subparagraph, Trustor hereby waives the defense of laches and any applicable statute of limitations.

To waive its lien against the Trust Property or any portion thereof, whether fixtures or personal property, to the extent such property is found to be environmentally impaired in accordance with California Code of Civil Procedure Section 726.5 and to exercise any and all rights and remedies of an unsecured creditor against Trustor and all of Trustor's assets and property for the recovery of any deficiency and Environmental Costs, including, but not limited to, seeking an attachment order under California Code of Civil Procedure Section 483.010. As between Beneficiary and Trustor, for purposes of California Code of Civil Procedure Section 726.5, Trustor shall have the burden of providing that Trustor or any related party (or any affiliate or agent of Trustor or any related party) was not in any way negligent in permitting the release or threatened release of a Hazardous Substance. Trustor acknowledges and agrees that notwithstanding any term or provision contained herein or in the other Loan Documents, all judgments and awards entered against Trustor shall be exceptions to any nonrecourse or exculpatory provision of the Loan Documents, and Trustor shall be fully and personally liable for all judgments and awards entered against Trustor hereunder and such liability shall not be limited to the original principal amount of the obligations secured by this Deed of Trust and Trustor's obligations shall survive the foreclosure, deed in lieu of foreclosure, release, reconveyance, or any other transfer of the Trust Property or this Deed of Trust. For the purposes of any action brought under this subparagraph, Trustor hereby waives the defense of laches and any applicable statute of limitations.

Exhibit 3

Section 25.  Waiver of Appraisement, Valuation.  Trustor hereby waives, to the full extent that it may lawfully do so, the benefit of all appraisement, valuation, stay and extension laws now or hereafter in force and all rights of marshalling of assets in the event of any sale of the Trust Property, any part thereof or any interest therein, and any court having jurisdiction to foreclose the lien hereof may sell the Trust Property (real or personal, or both) as an entirety or in such parcels, lots, manner or order as Beneficiary, in its sole discretion, may elect.

Section 26.  Reserved.

Section 27.  Possession, Management and Income; Assignment.  If an Event of Default occurs, Beneficiary, to the extent permitted under applicable law, and without notice to Trustor, may enter upon and take possession of the Trust Property or any part thereof by force, summary proceedings, ejectment or otherwise, and may remove Trustor and all other persons and any and all property therefrom, and may hold, operate and manage the same and receive all revenues, income and profits accruing with respect thereto or any part thereof.  Beneficiary shall have no liability for or by reason of any such entry, taking of possession, removal, holding, operation, or management, or for the failure to do so, except for grossly negligent or intentional misconduct.

Section 28.  Remedies Cumulative.  Each right, power and remedy of Beneficiary provided for in this Deed of Trust, in the Note, in the Agreement, in any other Loan Document, or now or hereafter existing at law or in equity or by statute or otherwise, shall be cumulative and concurrent and shall be in addition to every other such right, power or remedy, and the exercise or beginning of the exercise or partial exercise by Beneficiary of any one or more of such rights, powers or remedies shall not preclude the simultaneous or later exercise by Beneficiary of any or all such other rights, powers or remedies.

Section 29.  Provisions Subject to Applicable Law.  All rights, powers and remedies provided herein may be exercised only to the extent that the exercise thereof does not violate any applicable law, and are intended to be limited to the extent necessary so that they will not render this Deed of Trust invalid, unenforceable or not entitled to be recorded, registered or filed under any applicable law.

Section 30.  No Waiver by Beneficiary.  No failure by Beneficiary to insist upon the strict performance of any term hereof or to exercise any right, power or remedy consequent upon a breach thereof shall constitute a waiver of any such term or of any such breach.  No waiver of any breach shall affect or alter this Deed of Trust, which shall continue in full force and effect with respect to any other then existing or subsequent breach.

Section 31.  Application of Proceeds.  The proceeds of any sale of, and the rents and other amounts generated by the holding, leasing, management, operation or other use of the Trust Property, shall be applied by Beneficiary or Trustee (or the receiver, if one is appointed) in the following order unless otherwise required by applicable law:

(a) to the payment of the costs and expenses of taking possession of the Trust Property and of holding, using, leasing, repairing, improving and selling the same, including, without limitation (1) trustee's and receiver's fees and expenses, (2) court costs, (3) attorneys' and accountants' fees and expenses, (4) costs of advertisement, and (5) the payment of all ground

Exhibit 3

rent, real estate taxes and assessments, except any taxes, assessments, or other charges subject to which the Trust Property shall have been sold;

(b) to the payment of all amounts (including interest), other than the unpaid principal balance of the Note and accrued but unpaid interest, which may be due to Beneficiary under the Loan Documents;

(c) to the payment of the indebtedness secured hereby and performance of the obligations secured hereby in such manner and order of preference as Beneficiary in its sole discretion may determine; and

(d) the balance, if any, to the payment of the persons legally entitled thereto.

Section 32. Additional Security.  Without impairment of the lien and rights created by this Deed of Trust, Beneficiary may accept additional security for the indebtedness secured by this Deed of Trust from Trustor or (without notice to or the consent of Trustor) from any other person or persons.  Beneficiary may release or subordinate any part of the security for the indebtedness secured by this Deed of Trust without in any way impairing or affecting the validity or priority of this Deed of Trust as to the Trust Property not specifically released.  Beneficiary may resort to the security created by this Deed of Trust or to any such additional security in such manner and order as Beneficiary may elect, in each case without affecting the lien hereof and the rights conferred hereunder.

Section 33. Notices.  Any notice, demand or request required or permitted by this Deed of Trust shall be in writing and shall be deemed to have been sufficiently given at the earlier of when personally delivered or at 6:00 P.M. (in the time zone of the addressee of the notice) on the second business day after deposit in the United States certified or registered mail, postage prepaid, or deposit with a nationally recognized overnight delivery service, and addressed to the address of the party to whom such notice is directed as such address is set forth at the beginning of this Deed of Trust, and in the case of Beneficiary, to the attention of Senior Executive Vice President, Commercial/Construction Lending Department, Mail Code: OH99-0204, or at such other address as any party may from time to time notify the other by notice in writing as aforesaid.  A business day is any day other than a Saturday, Sunday or any day on which federal savings banks in Ohio or California are authorized or required to be closed.

Section 34. Reimbursement of Attorneys' Fees and Expenses.  If Beneficiary becomes a party to any action wherein Beneficiary must establish or defend the validity or priority of this Deed of Trust, or if Beneficiary should incur expenses in connection with the collection or enforcement of this Deed of Trust, the Note, the Agreement or any other instrument or document ancillary thereto, Trustor shall reimburse Beneficiary on demand for any and all such costs and/or expenses incurred by Beneficiary, including, without limitation, attorneys' fees in all trial, bankruptcy and appellate proceedings, and whether or not litigation has been commenced, together with interest thereon at the Default Rate from the date such costs and expenses are incurred, and all of said amounts, including interest, shall constitute indebtedness secured by this Deed of Trust to the extent permitted by law.  In the event of any court proceedings, court costs and attorneys' fees shall be set by the court and not by the jury and shall be included in any judgment obtained by Beneficiary.

Exhibit 3

Section 35.  Discharge of Deed of Trust.  Upon written request of Beneficiary stating that the Note and all other sums payable under this Deed of Trust and the Agreement have been fully paid, and if Trustor has complied with all of the terms, conditions and requirements hereof, and of the Agreement, and upon surrender of this Deed of Trust and the Note to Trustee for cancellation and retention or, if requested, delivery, then Trustee (and Beneficiary if necessary to clear title), upon payment of Trustee's fees, shall reconvey, without warranty, the Trust Property. The recitals in such reconveyance of any matters or facts shall be conclusive as to the accuracy thereof.  The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."  Five (5) years after issuance of such full reconveyance, Trustee may destroy the Note and this Deed of Trust (unless directed in such request to retain them), unless prior thereto Trustee has been directed to deliver them to the person or persons to whom the property was reconveyed.

Section 36.  Recordation.  Trustor, at its expense, shall cause this Deed of Trust, all instruments supplemental hereto, and financing statements, including all necessary amendments, supplements and appropriate continuation statements, to be recorded, registered and filed, and to be kept recorded, registered and filed, in such manner and in such places as may be required in order to establish, preserve and protect the lien of this Deed of Trust as a valid lien on all real property and fixtures included in the Trust Property and a valid, perfected first priority security interest in all fixtures included in the Trust Property (including in each such case, without limitation, any such properties acquired after the execution hereof).

Section 37.  Further Assurances.  Trustor shall properly execute and deliver, or cause to be executed and delivered, from time to time, at the request of Beneficiary, all such further deeds, conveyances, deeds of trust, security agreements, financing statements, assignments of leases now existing or hereafter entered into, transfers and such other assurances as Beneficiary shall require for better assuring, mortgaging, pledging, assigning and confirming unto Beneficiary, all and singular, the Trust Property and the title thereto.

Section 38.  Estoppel Affidavits.  Trustor, within ten (10) days after the date of a written request from Beneficiary, shall furnish a written statement, duly acknowledged, setting forth what Trustor believes to be the unpaid principal of, and interest on, the indebtedness secured hereby, and stating whether or not Trustor believes that any offsets or defenses exist against the obligations of Trustor to pay such principal and interest.

Section 39.  Amendments, Changes and Modifications.  Except as otherwise provided in this Deed of Trust, this Deed of Trust may not be effectively amended, changed, modified, altered or terminated without the prior written consent of Beneficiary.  If the payment of the indebtedness secured by this Deed of Trust, or any part thereof, is extended or varied, or if any part of the security or guaranties therefor is released, then all persons now or at any time hereafter liable therefor, or interested in the Trust Property, shall be held to assent to such extension, variation or release, and their liability and the lien of this Deed of Trust and all provisions hereof shall continue in full force and effect.  The right of recourse against all such persons is expressly reserved by Beneficiary, notwithstanding any such extension, variation or release.  Any natural person, firm, corporation, limited liability company, or other entity, taking a junior deed of trust, mortgage, or other lien upon the Trust Property or any part thereof or any interest therein, shall take said lien subject to the rights of Beneficiary to amend, modify, extend

Exhibit 3

and/or release this Deed of Trust, the Agreement or any other document or instrument evidencing, securing or guarantying the indebtedness secured by this Deed of Trust, in each and every case without obtaining the consent of the holder of such junior lien and without the lien of this Deed of Trust losing its priority over the rights of any such junior lien. Any acceptance by Beneficiary of part payment of any installment of principal or interest, or both, or part performance of any covenant, or delay by Beneficiary for any period of time in exercising the option to accelerate any indebtedness evidenced by the Note, or secured by this Deed of Trust, shall not operate as a waiver of the right to exercise such option to accelerate such indebtedness.

Section 40. <u>Governing Law</u>. This Deed of Trust shall be deemed to be made under the laws of the State of California and for all purposes shall be governed by and construed in accordance with the laws of the State of California.

Section 41. <u>Binding Effect</u>. This Deed of Trust shall inure to the benefit of and be binding upon Trustor, its successors and assigns, and Beneficiary, its successors and assigns, provided that Trustor may not assign (a) any of Trustor's rights or benefits under this Deed of Trust; or (b) any of the Trust Property, without the prior written consent of Beneficiary.

Section 42. <u>Severability</u>. If any term or provision of this Deed of Trust, or the operation thereof, shall be held to be invalid, illegal or unenforceable, the validity of the remaining provisions hereof, and the operation thereof, shall in no way be affected thereby, and each such remaining provision shall be deemed to be effective to the full extent permitted by law.

Section 43. <u>Captions</u>. The captions and headings herein shall be solely for convenience of reference and in no way define, limit or describe the scope or intent of any provisions or sections of this Deed of Trust.

Section 44. <u>Counterparts</u>. This Deed of Trust may be executed in any number of counterparts, each of which shall be regarded as an original and all of which shall constitute but one and the same instrument; it shall not be necessary, in proving the validity of this Deed of Trust, to produce or account for more than one such counterpart, or a copy hereof, certified by the appropriate recording officer.

Section 45. <u>Joint and Several Liability</u>. If Trustor consists of more than one party, each of the undersigned shall be jointly and severally liable for the performance of all of the obligations, covenants and agreements of Trustor contained herein.

Section 46. <u>No Setoffs</u>. Trustor acknowledges that the indebtedness secured hereby was incurred in good faith for full value received, and Trustor has no defenses, setoffs or counterclaims thereto.

Section 47. <u>Definitions</u>. Whenever in this instrument the context so admits or requires, the terms "Trustor" and "Beneficiary" shall be construed as including their respective heirs, legal representatives, successors and assigns, as the case may be (provided, however, that nothing herein shall be construed to permit the assignment of this Deed of Trust by Trustor); and the pronoun as used herein to refer to either Trustor or Beneficiary in the third person, singular number and masculine gender, shall be construed as meaning the person, number and gender appropriate to the first designation to the respective parties hereto.

458989_3.DOC

Exhibit 3

Section 48. <u>Partial Releases</u>. The Beneficiary will consent to the sale of a Sublot, and a partial release of such Sublot from the lien and operation of this Deed of Trust, upon Trustor's written request and at Trustor's expense, subject to the following terms and conditions:

(a)    As of the time of the Trustor's request for the partial release and at all times thereafter, the representations and warranties contained in this Deed of Trust and in the Agreement are true, correct and complete, and no default has occurred under the Note, and no Event of Default or event which, with notice or the lapse of time or both would constitute an Event of Default, has occurred under this Deed of Trust or the Agreement and is continuing.

(b)    Receipt by Beneficiary of a legal description of the Sublot to be released, which description must be satisfactory to Beneficiary.

(c)    Receipt by Beneficiary of the release price and all other amounts due in connection with a partial release, as set forth in the Agreement.

(d)    Suitable easements or dedicated rights-of-way for ingress and egress are assured for the remaining portion of the Premises subject to this Deed of Trust.

(e)    Receipt by Beneficiary of recorded covenants, conditions and restrictions relating to the Trust Property, which must be satisfactory to Beneficiary in form and substance.

(f)    All release instruments shall be prepared by Trustor's counsel at Trustor's expense and shall be in form and substance satisfactory to Beneficiary's counsel. Beneficiary shall be furnished, in connection with such releases and at Trustor's expense, with such surveys and evidence of title and other documentation as Beneficiary may, in its reasonable discretion, deem necessary.

(g)    Releases shall be made only in connection with the sale of a Sublot to an arms' length bona fide purchaser for value. Trustor shall retain and make available at all times for inspection by Beneficiary, or transmit to Beneficiary at its request, the following:

(a)    A copy of each Purchase Agreement for the sale of the Sublot to the purchaser;

(b)    A copy of each deed transferring title to the purchaser; and

(c)    Copies of all settlement sheets relative to the closing of each sale, including, but not limited to, summaries of the transactions of the Buyer and of the Seller.

(h)    Satisfactory evidence of compliance with the requirements of such Federal, State and/or local laws and regulations as may from time to time apply to such sales, if requested by Beneficiary, appropriate endorsements to the Beneficiary's policy of title insurance assuring that the portions of the Trust Property remaining subject: to the Deed of Trust constitute a legal subdivision of land.

Exhibit 3

Section 49.  Subordinate Deed of Trust.

(a)    This Deed of Trust is superior to the Junior Deeds of Trust as described in Exhibit "B" hereto.

(b)    In the event that Trustor defaults in any payment or any other condition stipulated in the Junior Deeds of Trust, then the entire principal sums, together with all accrued interest thereon, secured by this Deed of Trust shall become due and payable at the option of Beneficiary.

(c)    Trustor covenants and agrees to make all payments and perform all conditions and covenants in the Junior Deeds of Trust, and in the event of any default in any such payment or payments, conditions or covenants, Beneficiary, without waiving the option to foreclose, herein reserves the right to make such payments, or perform such conditions or covenants, so as to maintain the Junior Deeds of Trust in good standing and prevent a foreclosure thereof.  Any and all sums paid or expenses incurred by Beneficiary on behalf of Trustor pursuant to this Section, together with interest thereon from the date of payment at the Default Rate, shall be added to the indebtedness secured by this Deed of Trust.

(d)    Any future advances which may be made under the Junior Deeds of Trust are hereby assigned to Beneficiary as additional security for the payment of the Note, and any such future advances shall be paid directly to Beneficiary and applied by Beneficiary upon the unpaid principal balance of the Note, in the sole discretion of the Beneficiary.

Section 50.  Joinders and Consents.  Beneficiary agrees, upon the request of Trustor, to join in any plat for the Land and any utility easements or licenses, and to consent to any homeowner association documents or declarations, development agreements or similar instruments affecting the Land and needed by Trustor in connection with the development of the Trust Property as contemplated by the Loan Documents, at no cost or liability to Beneficiary, for the sole purpose of subjecting the lien of this Deed of Trust to the effects of such instruments, provided that such instruments are in form and substance acceptable to Beneficiary in Beneficiary's sole and absolute discretion reasonably exercised.  Beneficiary shall have no obligation to join in or consent to any such documents if doing so would materially diminish the value of the Trust Property or require Beneficiary to directly assume any of Trustor's obligations under such instruments.

Section 51.  Waiver of Jury Trial.  THE UNDERSIGNED WAIVE THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, OR RELATED TO, ANY ASPECT OF THE TRANSACTION IN CONNECTION WITH WHICH THIS DOCUMENT IS BEING GIVEN OR ANY DOCUMENT EXECUTED OR DELIVERED IN CONNECTION WITH SUCH TRANSACTION.  THIS WAIVER IS KNOWINGLY, INTENTIONALLY AND VOLUNTARILY MADE BY THE UNDERSIGNED AND THE UNDERSIGNED ACKNOWLEDGE THAT NO ONE HAS MADE ANY REPRESENTATIONS OF FACT TO INDUCE THIS WAIVER OF TRIAL BY JURY OR IN ANY WAY TO MODIFY OR NULLIFY ITS EFFECT.  THE UNDERSIGNED FURTHER ACKNOWLEDGE HAVING BEEN REPRESENTED IN CONNECTION WITH THE TRANSACTION WITH RESPECT TO WHICH THIS DOCUMENT IS BEING GIVEN AND

Exhibit 3

IN THE MAKING OF THIS WAIVER BY INDEPENDENT LEGAL COUNSEL, SELECTED BY THE UNDERSIGNEDS' OWN FREE WILL, AND THAT THE UNDERSIGNED HAVE HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH SUCH COUNSEL. THE UNDERSIGNED FURTHER ACKNOWLEDGE THAT THEY HAVE READ AND THAT THEY UNDERSTAND THE MEANING AND RAMIFICATIONS OF THIS WAIVER PROVISION.

Section 52. <u>Trustee</u>. The acceptance by Trustee of this trust shall be evidenced when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law. The trust created hereby is irrevocable by Trustor. If Trustee or any successor Trustee shall die, resign or become disqualified from acting in the execution of this trust, or Beneficiary shall desire to appoint a substitute Trustee, Beneficiary shall have full power without conveyance to appoint one or more substitute Trustees and, if preferred, several substitute Trustees in succession who shall succeed to all the estates, rights, powers and duties of Trustee. Such appointment may be executed by any authorized agent of Beneficiary, and as so executed, such appointment shall be conclusively presumed to be executed with authority, valid and sufficient, without further proof of any action.

IN WITNESS WHEREOF, this instrument has been signed and acknowledged as of the date set forth above.

ASHBY USA, LLC,
a California limited liability company

By:   Ashby Development Company, Inc., a
        California corporation,
        Its Managing Member

By: _____
        Justin K. Ashby, President

TRUSTOR

Exhibit 3

STATE OF CALIFORNIA            )
                              ) ss
COUNTY OF Riverside )

On 8-26 , 2005, before me, Tracy M. Browne , a Notary Public in and for
said State, personally appeared Justin K. Ashby , personally known to me (or proved
to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Tracy  M Browne_
Signature

> TRACY M. BROWNE
> Commission # 1394895
> Notary Public - California
> Riverside County
> My Comm. Expires Jan 20, 2007

458989_3.DOC                    - 29 -

Exhibit 3

EXHIBIT "A"

(Legal Description)

Real property in the City of Temecula, County of Riverside, State of California, described as follows:

PARCEL A:

LOTS 7 THROUGH 11 AND LETTERED LOTS "I", "J" AND "L" OF TRACT 29353-2, IN THE CITY OF TEMECULA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER PLAT RECORDED IN BOOK 342 OF MAPS, PAGE(S) 73 THROUGH 85, INCLUSIVE, RECORDS OF SAID COUNTY.

APN: 958-260-013 THROUGH 017 AND 958-260-019 THROUGH 021

PARCEL B:

SECTION 21, TOWNSHIP 7 SOUTH, RANGE 2 WEST, SAN BERNARDINO BASE AND MERIDIAN, IN THE CITY OF TEMECULA ACCORDING TO THE OFFICIAL GOVERNMENT PLAT THEREOF.

ALSO EXCEPTING THEREFROM ALL THOSE PORTIONS CONVEYED TO THE CITY OF TEMECULA BY DEED RECORDED MAY 22, 2003 AS INSTRUMENT NO. 03-371374 OF OFFICIAL RECORDS RIVERSIDE COUNTY, CALIFORNIA.

ALSO EXCEPTING THEREFROM ALL OF TRACT 29353-2, AS PER MAP RECORDED IN BOOK 342 OF MAPS PAGES 73 THROUGH 85 INCLUSIVE RECORDS OF SAID COUNTY.

APN: 958-260-022 (PREVIOUSLY A PORTION OF 958-260-011)

458989_3.DOC

Exhibit 3

## EXHIBIT "B"

### (Permitted Encumbrances)

1.    Those matters set forth as Items 1 through 4, as to amounts not delinquent, Items 10, 11, 15, 16, 18, 22 through 25, 27, 28, 29, 31 through 36, 39 and 40 of the Preliminary Title Report issued by First American Title Insurance Company under Order No. RCO-1971947129 for an A.L.T.A. Loan Policy of Title Insurance to be issued in favor of Ohio Savings Bank, as proposed insured, dated June 16, 2005.

2.    Junior lien of a deed of trust in favor of GRC Development Company, L.P., a California limited partnership dated October 5, 2001 and recorded in the Official Records of Riverside County, California (the "Official Records") on October 9, 2001, as Instrument No. 2001-408798, as modified; which deed of trust is subordinate in all respects to the lien of this Deed of Trust pursuant to the terms of an Intercreditor and Subordination Agreement of even date by and among Beneficiary, Trustor, and GRC Development Company, L.P., a California limited partnership.

3.    Junior lien of a Deed of Trust dated May 1, 2001 in favor of USA Investment Partners, LLC, a Nevada limited liability company, securing the principal amount not to exceed $4,250,000.00, recorded in the Official Records on March 21, 2002 as Instrument Number 2002-143547, which deed of trust is subordinate in all respects to the lien of this Deed of Trust pursuant to the terms of a Continuing Subordination and Estoppel Agreement of even date by and among USA Investment Partners, LLC, a Nevada limited liability company, KB Home Coastal Inc., a California corporation, Beneficiary and Trustor.

4.    Junior lien of a performance deed of trust in favor of KB Home Coastal Inc., a California corporation to be recorded in the Official Records substantially concurrently herewith, which deed of trust secures the obligations of Trustor as optionor under the certain Option Agreement and Agreement for Purchase and Sale of Real Property and Escrow Instructions dated July 11, 2005, as amended by the First Amendment to the Option Agreement and Agreement for Purchase and Sale of Real Property and Escrow Instructions, a memorandum of which has been or will be recorded in the Official Records, and which is subordinate in all respects to the lien of this Deed of Trust pursuant to the terms of a Recognition, Attornment and Subordination Agreement of even date herewith by and among Trustor, Beneficiary and KB Home Coastal Inc., a California corporation (collectively with the deeds of trust described in Paragraphs 2 and 3 above, the "Junior Deeds of Trust").

Exhibit 3