E-Filed on 11/11/09

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

*Special Litigation Counsel for USACM Liquidating Trust and USA Capital Diversified Trust Deed Fund, LLC*

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

*Counsel for USACM Liquidating Trust*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>　　　　　Debtor.<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>　　　　　Debtor.<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>　　　　　Debtor.<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>　　　　　Debtor.<br>In re:<br>USA SECURITIES, LLC,<br>　　　　　Debtor.<br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR<br><br>JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle<br><br>**EX PARTE JOINT MOTION TO FILE PROPOSED SETTLEMENT AGREEMENT UNDER SEAL**<br><br>Hearing Date: N/A<br>Hearing Time: N/A |

The USACM Liquidating Trust (the "USACM Trust"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), Mary Petersen, individually and as Trustee of the Mary Petersen Family Trust DTD 8/12/98 ("Mary Petersen"), Michael Petersen, individually and as Trustee of the Michael D. Petersen Family Trust DTD 8/12/98 ("Michael Petersen"), Kathryn L. Petersen, individually and as Trustee of the Kathryn L. Petersen Living Trust and as Trustee of the KLP

1

Trust DTD 7/15/99 ("Kathryn Petersen"), Specialized Development Tahoe, LLC, and Specialized Development, LLC (collectively, with Specialized Development Tahoe, LLC, "Specialized Development") file this Ex Parte Joint Motion to File Proposed Settlement Agreement Under Seal (the "Motion"). This Motion is supported by the following Memorandum of Points and Authorities, the papers and pleadings filed in these jointly administered bankruptcy cases and their related proceedings, and such argument as the Court may entertain at the hearing on this matter.

## INTRODUCTION

The USACM Trust and DTDF (collectively, "Plaintiffs") have reached an agreement to settle their claims against Mary Petersen, Michael Petersen, Kathryn Petersen, and Specialized Development (collectively, "Defendants"), subject to the approval of this Court under Federal Rule of Bankruptcy Procedure 9019. This agreement is memorialized in the Settlement Agreement, Mutual Release, and Covenants (the "Proposed Settlement Agreement") between the USACM Trust and DTDF, on the one hand, and the Defendants, on the other hand (collectively, the "Parties"). The Proposed Settlement Agreement expressly requires that its terms remain confidential and protected from unnecessary disclosure to third parties. Accordingly, the Parties jointly request that this Court enter an order under 11 U.S.C. § 107 ("Section 107") and Federal Rule of Bankruptcy Procedure 9018 ("Rule 9018") authorizing Plaintiffs to file the Proposed Settlement Agreement under seal in connection with the Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Rule 9019 Motion"). The Parties, however, have agreed to provide the Proposed Settlement Agreement to any party-in-interest that requests a copy of the agreement in connection with the Rule 9019 Motion and that executes a confidentiality agreement.

The Parties seek the requested relief on an ex parte basis for two reasons. First, the proposed approach is consistent with and virtually identical to the procedure previously approved by this Court in connection with the settlement between the USACM Trust, DTDF, and Piercy,

Bowler, Taylor & Kern, PC.[1]  Second, after engaging in protracted negotiations over the past three months, the Parties would like to present the Rule 9019 Motion to this Court and, if approved by this Court, conclude the settlement before the close of 2009.

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, as well as Section ¶ VIII. D. 21 of the Joint Plan.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper herein pursuant to 28 U.S.C. §§ 1408 and 1409.  The relief sought herein is authorized pursuant to Rule 9018.

## FACTUAL BACKGROUND

**A.    The Bankruptcy Cases**

On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM"), DTDF, and certain affiliated companies and subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").  These chapter 11 cases are being jointly administered under Case No. BK-S-06-10725-LBR.  On January 8, 2007, the Bankruptcy Court confirmed the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan"), and on March 12, 2007, the Joint Plan became effective and the Debtors emerged from bankruptcy.

The Joint Plan expressly retained USACM's causes of action for enforcement by the USACM Trust, pursuant to 11 U.S.C. § 1123(b)(3)(B).  The Joint Plan expressly retained DTDF's causes of action for enforcement by DTDF, pursuant to 11 U.S.C. § 1123(b)(3)(B).  Accordingly, the USACM Trust and DTDF now hold any and all potential claims and causes of action, whether

---

[1] The Court previously approved this procedure on an oral motion by the USACM Trust and DTDF.  *See* Order Granting Motion to File Documents Under Seal (DE #6767).  The Court also approved the settlement.  *See* Order Approving Settlement with Piercy, Bowler, Taylor & Kern, PC (DE #6727).

3

arising pre-petition or post-petition, that USACM and DTDF, respectively, may have or may at any time have had against the Defendants.

**B.  The Adversary Proceedings**

On April 12, 2008, DTDF commenced adversary proceeding number 08-01133, entitled *USA Capital Diversified Trust Deed Fund, LLC v. Kathryn L. Petersen et al.* (the "Kathryn Petersen Litigation"), seeking to recover approximately $700,000 in DTDF funds that were transferred to Kathryn Petersen and/or Specialized Development prior to the petition date (collectively, the "08-01133 Transfers"). In the Kathryn Petersen Litigation, DTDF asserts various claims related to the 08-01133 Transfers, including claims pursuant to 11 U.S.C. §§ 544 and 550, and sections 112.180 and 112.220 of the Nevada Revised Statutes. Kathryn Petersen and Specialized Development deny DTDF's allegations in the Kathryn Petersen Litigation.

On April 12, 2008, the USACM Trust and DTDF commenced adversary proceeding number 08-01134, entitled *USACM Liquidating Trust et al. v. Mary Petersen et al.* (the "Mary Petersen Litigation"), seeking to recover approximately $13 million that was transferred to Mary Petersen, Michael Petersen, and/or Kathryn Petersen prior to the petition date (collectively, the "08-01134 Transfers"). In the Mary Petersen Litigation, the USACM Trust and DTDF assert various claims related to the 08-01134 Transfers, including claims pursuant to 11 U.S.C. §§ 544, 548, and 550, and sections 112.180 and 112.220 of the Nevada Revised Statutes. Mary Petersen, Michael Petersen, and Kathryn Petersen deny the USACM Trust's and DTDF's allegations in the Mary Petersen Litigation.

**C.  The Proposed Settlement Agreement**

Counsel for the Parties participated in an informal settlement conference in early January 2009. The Parties subsequently participated in mediation on July 15, 2009, before the Honorable Dickran Tevrizian, a former federal district court judge for the Central District of California. Following extensive arms-length negotiations at the July 15th mediation and subsequent settlement discussions in late July and early August 2009, the Parties reached a confidential agreement to

4

resolve the Kathryn Petersen Litigation and Mary Petersen Litigation subject to approval by the Bankruptcy Court under Federal Rule of Bankruptcy Procedure 9019. The Parties have memorialized this confidential settlement by executing the Proposed Settlement Agreement.[2]

The Proposed Settlement Agreement expressly requires that its terms remain confidential and protected from unnecessary disclosure to third parties. The Parties, therefore, jointly request approval to file the agreement under seal pursuant to Section 107 and Rule 9018. The Parties, however, have agreed to provide the Proposed Settlement Agreement to any party-in-interest that requests a copy of the agreement in connection with the Rule 9019 motion and that executes a confidentiality agreement.

### ARGUMENTS AND AUTHORITIES

Section 107(b) of the Bankruptcy Code and Rule 9018 both allow the submission of certain confidential commercial information under seal. *See Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (recognizing that "[i]n the bankruptcy area . . . Congress has established a special rule for trade secrets and confidential research, development and commercial information"). Section 107(b) provides, in pertinent part, as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

As recognized in *Orion*, if the information sought to be sealed "fits any of the specified categories, the court is required to protect a requesting interested party." 21 F.3d at 27. The Court, moreover, has discretion to limit access to the information even outside the strictures of Section 107. *See, e.g., In re The Bennett Funding Group, Inc.*, 226 B.R. 331, 336 (Bankr. N.D.N.Y. 1998). Thus, if the Court does not invoke the protections afforded by Section 107, the

---

[2] The Parties have contemporaneously submitted a courtesy copy of this Motion, along with the Proposed Settlement Agreement for *in camera* review, to Judge Linda B. Riegle.

5

Parties jointly request that the Court use its inherent discretion to allow Plaintiffs to file the Proposed Settlement Agreement under seal.

Given the confidential nature of the Proposed Settlement Agreement, the information included therein, and the importance to the Parties of maintaining its confidentiality, the Parties submit that adequate cause exists for the entry of an order authorizing the Proposed Settlement Agreement to be filed under seal pursuant to Section 107 and Rule 9018. The Parties further submit that this requested relief will not impair the interests of creditors and parties-in-interest to review the Proposed Settlement Agreement and assert objections, if any, to its approval under Federal Rule of Bankruptcy Procedure 9019. As explained in the Rule 9019 Motion, the Parties will provide the Proposed Settlement Agreement to any party-in-interest that executes and returns the confidentiality agreement attached to that motion to both of the following counsel:

> Eric D. Madden
> Diamond McCarthy LLP
> 909 Fannin, Suite 1500
> Houston, Texas 77010
> (713) 333-5100 (telephone)
> (713) 333-5199 (facsimile)
> Counsel for the USACM Liquidating Trust and
> USA Capital Diversified Trust Deed Fund, LLC
>
> -and-
>
> John F. O'Reilly
> O'Reilly Law Group, LLC
> 325 South Maryland Parkway
> Las Vegas, Nevada 89101
> (702) 382-2500 (telephone)
> (702) 384-6266 (facsimile)
> Counsel for Mary Petersen, Michael Petersen,
> Kathryn Petersen, and Specialized Development

Finally, the Parties note that this proposed approach is consistent with the procedure previously approved by this Court in connection with the settlement between the USACM Trust, DTDF, and Piercy, Bowler, Taylor & Kern PC, which this Court approved in January 2009.[3]

## CONCLUSION

WHEREFORE, the Parties respectfully request that the Court authorize the USACM Trust and DTDF to file the Proposed Settlement Agreement under seal in connection with the Rule 9019 Motion.

Dated: November 11, 2009

**DIAMOND MCCARTHY LLP**

By: ___/s/ Eric D. Madden_____
Allan B. Diamond, TX 05801800 (pro hac vice)
Eric D. Madden, TX 24013079 (pro hac vice)
909 Fannin, Suite 1500
Houston, Texas 77010
(713) 333-5100 (telephone)
(713) 333-5199 (facsimile)

*Special Litigation Counsel for
USACM Liquidating Trust and
USA Capital Diversified Trust Deed Fund, LLC*

**LEWIS AND ROCA LLP**

By: ___/s/ Rob Charles_____
Susan M. Freeman, AZ 4199 (pro hac vice)
Rob Charles, NV 6593
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
(702) 949-8320 (telephone)
(702) 949-8321 (facsimile)

*Counsel for USACM Liquidating Trust*

---

[3] The Court previously approved this procedure on an oral motion by the USACM Trust and DTDF. *See* Order Granting Motion to File Documents Under Seal (DE #6767). The Court also approved the settlement. *See* Order Approving Settlement with Piercy, Bowler, Taylor & Kern, PC (DE #6727).

| | |
|---|---|
| **O'REILLY LAW GROUP, LLC** | **BIENERT, MILLER, WEITZEL & KATZMAN** |
| By:  */s/ Timothy R. O'Reilly*<br>John F. O'Reilly, NV 1761<br>Timothy R. O'Reilly, NV 8866<br>325 South Maryland Parkway<br>Las Vegas, Nevada 89101<br>E-Mail: tor@oreillylawgroup.com | By:  */s/ Steven J. Katzman*<br>Steven J. Katzman, CA 132755<br>Luis Feldstein, CA 184824<br>115 Avenida Miramar<br>San Clemente, California  92672<br>(949) 369-3700 (telephone)<br>(949) 369-3701 (facsimile)<br>Email: skatzman@bmwklaw.com |
| *Attorneys for Defendants* | *Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of November 2009, I caused to be served a true and correct copy of the foregoing **EX PARTE JOINT MOTION TO FILE PROPOSED SETTLEMENT AGREEMENT UNDER SEAL** by electronic transmission to the Post-Confirmation Service List, dated March 31, 2009.

        /s/ Catherine A. Burrow
Catherine Burrow, Legal Assistant