E-filed on 11/13/09

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust and
USA Capital Diversified Trust Deed Fund, LLC

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | Judge Linda B. Riegle<br><br>Adv. No. 08-1133-lbr<br>Adv. No. 08-1134-lbr |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | **MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**<br><br>Hearing Date:    December 2, 2009<br>Hearing Time:   9:30 a.m. |

The USACM Liquidating Trust (the "USACM Trust") and USA Capital Diversified Trust Deed Fund, LLC ("DTDF") file this Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion"), seeking entry of an order approving the Settlement Agreement, Mutual Release, and Covenants between the USACM Trust and DTDF, on the one hand, and Mary Petersen, individually and as Trustee of the Mary

Petersen Family Trust DTD 8/12/98 ("Mary Petersen"), Michael Petersen, individually and as Trustee of the Michael D. Petersen Family Trust DTD 8/12/98 ("Michael Petersen"), Kathryn L. Petersen, individually and as Trustee of the Kathryn L. Petersen Living Trust and as Trustee of the KLP Trust DTD 7/15/99 ("Kathryn Petersen"), Specialized Development Tahoe, LLC, and Specialized Development, LLC (collectively, with Specialized Development Tahoe, LLC, "Specialized Development"), on the other hand.  A proposed form of order is attached hereto as Exhibit "A."

This Motion is made pursuant to Federal Rule of Bankruptcy Procedure 9019 and is based on the points and authorities listed herein, the Declaration of Geoffrey L. Berman in Support of the Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Berman Declaration") attached hereto as Exhibit "B," the Declaration of Michael A. Tucker in Support of the Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Tucker Declaration") attached hereto as Exhibit "C," the pleadings, papers, and other records on file with the clerk of the clerk of the Court, judicial notice of which is hereby respectfully requested, and any argument or evidence to be presented at the time of the hearing of the Motion.

## BACKGROUND FACTS

**A.    The USACM Trust**

On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM"), DTDF, and certain affiliated companies and subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").  The Debtors' chapter 11 cases are being jointly administered under Bankruptcy Case No. BK-S-06-10725-LBR (the "USA Capital Bankruptcy Case").  On January 8, 2007, the Bankruptcy Court confirmed the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan"), and on March 12, 2007, the Joint Plan became effective and the Debtors emerged from bankruptcy.

The Joint Plan expressly retained USACM's causes of action for enforcement by the USACM Trust, pursuant to 11 U.S.C. § 1123(b)(3)(B).  The Joint Plan expressly retained DTDF's causes of action for enforcement by DTDF, pursuant to 11 U.S.C. § 1123(b)(3)(B). Accordingly, the USACM Trust and DTDF now hold any and all potential claims and causes of action, whether arising pre-petition or post-petition, that USACM and DTDF, respectively, may have or may at any time have had against Mary Petersen, Michael Petersen, Kathryn Petersen, and Specialized Development (collectively, the "<u>Defendants</u>").  Geoffrey L. Berman serves as the trustee of the USACM Trust (the "<u>USACM Trustee</u>").  Michael A. Tucker serves as the Manager of DTDF (the "<u>DTDF Manager</u>").

**B.    The Pending Adversary Proceedings**

On April 12, 2008, DTDF commenced adversary proceeding number 08-01133, entitled *USA Capital Diversified Trust Deed Fund, LLC v. Kathryn L. Petersen et al.* (the "<u>Kathryn Petersen Litigation</u>"), seeking to recover approximately $700,000 in DTDF funds that were transferred to Kathryn Petersen and/or Specialized Development prior to the Petition Date (collectively, the "<u>08-01133 Transfers</u>").[1]  In the Kathryn Petersen Litigation, DTDF asserts various claims related to the 08-01133 Transfers, including claims pursuant to 11 U.S.C. §§ 544 and 550, and sections 112.180 and 112.220 of the Nevada Revised Statutes.[2]  Kathryn Petersen and Specialized Development deny DTDF's allegations in the Kathryn Petersen Litigation.  The Kathryn Petersen Litigation will be amended substantially as part of the settlement through the filing of a Second Amended Complaint that will be dismissed as part of the settlement.

On April 12, 2008, the USACM Trust and DTDF commenced adversary proceeding number 08-01134, entitled *USACM Liquidating Trust et al. v. Mary Petersen et al.* (the "<u>Mary Petersen Litigation</u>"), seeking to recover approximately $13 million that was transferred to Mary Petersen, Michael Petersen, and/or Kathryn Petersen prior to the Petition Date (collectively, the

---

[1] Tucker Declaration ¶ 4.

[2] Tucker Declaration ¶ 4.

"08-01134 Transfers").[3]   In the Mary Petersen Litigation, the USACM Trust and DTDF assert various claims related to the 08-01134 Transfers, including claims pursuant to 11 U.S.C. §§ 544, 548, and 550, and sections 112.180 and 112.220 of the Nevada Revised Statutes.[4]   Mary Petersen, Michael Petersen, and Kathryn Petersen deny the USACM Trust's and DTDF's allegations in the Mary Petersen Litigation.   The Mary Petersen Litigation will be amended substantially as part of the settlement through the filing of a Second Amended Complaint that will be dismissed as part of the settlement.

## C.    The Proposed Settlement Agreement

Counsel for the USACM Trust, DTDF, and the Defendants (collectively, the "Parties") participated in an informal settlement conference in early January 2009.[5]   The Parties subsequently participated in mediation on July 15, 2009, before the Honorable Dickran Tevrizian, a former federal district court judge for the Central District of California.[6]   Following extensive arms-length negotiations at the July 15th mediation and subsequent settlement discussions in late July and early August 2009, the Parties reached a confidential agreement to resolve the Kathryn Petersen Litigation and Mary Petersen Litigation subject to approval by the Bankruptcy Court under Federal Rule of Bankruptcy Procedure 9019.[7]   The Parties have memorialized this confidential settlement by executing the Settlement Agreement, Mutual Release, and Covenants (the "Proposed Settlement Agreement").   Pursuant to the confidentiality provisions of the Proposed Settlement Agreement, the Parties have contemporaneously filed a joint motion to file the Proposed Settlement Agreement under seal with this Court.   However, any party-in-interest may receive and review the Proposed Settlement Agreement in connection with this Motion, provided that such party-in-interest executes the Confidentiality Agreement

---

[3] Berman Declaration ¶ 5; Tucker Declaration ¶ 5.

[4] Berman Declaration ¶ 5; Tucker Declaration ¶ 5.

[5] Berman Declaration ¶ 6; Tucker Declaration ¶ 6.

[6] Berman Declaration ¶ 6; Tucker Declaration ¶ 6.

[7] Berman Declaration ¶ 6; Tucker Declaration ¶ 6.

attached hereto as Exhibit "D" and returns an executed copy of it to counsel for the Parties.  The material terms of the Proposed Settlement Agreement are summarized below:[8]

> a.  **Settlement Payment.**  The Defendants will pay a confidential sum (the "Settlement Payment") to the USACM Trust to settle all claims available to the USACM Trust and DTDF against the Defendants.  DTDF will share in the settlement as a beneficiary of the USACM Trust and as otherwise outlined in the agreement between the USACM Trust and DTDF filed with the Court on March 13, 2008.

> b.  **Bankruptcy Court Approval.**  The Proposed Settlement Agreement is contingent upon this Court's approval of the settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

> c.  **Mutual Release.**  Upon the Court's approval of the settlement and the irrevocable receipt of the Settlement Payment by the USACM Trust, the Parties will exchange full mutual releases as to all claims that they ever had, now have, or may at any future time have against each other.

> d.  **Confidentiality.**  The Parties will keep the terms of the Proposed Settlement Agreement confidential and avoid disclosing such terms to third parties subject to several limited exceptions, including any party-in-interest who has executed and returned the Confidentiality Agreement in connection with this Motion.[9]

## ARGUMENT

A.    **The Standard for Approval of Settlement Agreements**

Compromise and settlement have long been an inherent component of the bankruptcy process.[10]  Federal Rule of Bankruptcy Procedure 9019 provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."[11]  In order to approve a compromise and settlement, the Court must find that it is fair and equitable to the

---

[8] Berman Declaration ¶ 7; Tucker Declaration ¶ 7.  The information above is only a summary of the terms of the Proposed Settlement Agreement, and is not intended to amend or modify the actual terms of the written settlement agreement, the terms of which shall control in the event of any conflicts.

[9] *See* Berman Declaration ¶ 7; Tucker Declaration ¶ 7.

[10] *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1958) (citing *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).

[11] FED. R. BANKR. P. 9019.

estate and, "[i]n determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider:  (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises."[12]

The USACM Trust and DTDF are not required to satisfy each of these factors as long as the factors as a whole favor approving the settlement.[13]  In considering the factors, "a precise determination of the likely outcome is not required, since an exact judicial determination of the values at issue would defeat the purpose of compromising the claim."[14]  Thus, rather than determining various issues of fact and law, the Court should "canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness."[15]

**B.    The Proposed Settlement Agreement Is Fair and Equitable**

The USACM Trust and DTDF respectfully submit that the Proposed Settlement Agreement satisfies each of the relevant factors.[16]  *First*, although the USACM Trust and DTDF believe that the claims in the Kathryn Petersen Litigation and the Mary Petersen Litigation have substantial merit and evidentiary support, there is no guarantee or certainty that the USACM Trust and/or DTDF would be successful in prosecuting their claims.[17]  *Second*, even if the USACM Trust and DTDF were to prevail in the litigation, they would face a number of obstacles in collecting any judgment, including the potential inability of some of the

---

[12] *Arden v. Motel Partners (In re Arden)*, 156 F.3d 729 (9th Cir. 1999); *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377 (9th Cir. 1986).

[13] *See In re Pacific Gas & Electric Co.,* 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004).

[14] *In re Telesphere Comm's, Inc.,* 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (internal quotations omitted).

[15] *In re Lion Capital Group,* 49 B.R. 163, 175 (Bankr. S.D.N.Y. 1985) (internal quotations omitted).

[16] Berman Declaration ¶ 8; Tucker Declaration ¶ 8.

[17] Berman Declaration ¶ 8; Tucker Declaration ¶ 8.

Defendants to satisfy a large judgment and the potential for a lengthy and expensive appeal of the judgment by the Defendants.[18]  **Third**, there is no doubt that further litigation against the Defendants would be complex and costly.  Defendants, for example, noticed the depositions of more than 20 witnesses in these cases immediately prior to the settlement of the cases. Significant and time-consuming discussions with the Defendants about their ability to take all of these depositions had already begun prior to reaching the Proposed Settlement Agreement.[19] The Parties also would engage in expensive depositions of four expert witnesses.[20]  Similarly, the USACM Trust and DTDF would face a costly and protracted trial of these cases, involving complex financial transactions spanning a six-year period of time.[21]  **Fourth**, the Proposed Settlement Agreement is in the paramount interest of the creditors and other beneficiaries of the USACM Trust and DTDF.[22]  The Settlement Payment is substantial in light of the current stage of the Kathryn Petersen Litigation and the Mary Petersen Litigation, especially the fact that the Parties have not yet embarked on costly series of nearly two dozen depositions.[23]  Any eventual judgment, moreover, would likely become the subject of protracted appeals and collection delay, particularly given the complexity of these cases.[24]

In sum, the Proposed Settlement Agreement provides a prompt and meaningful recovery to the USACM Trust and DTDF for the benefit of their respective constituencies, while avoiding the substantial costs, delays, and risks of the Kathryn Petersen Litigation and the Mary Petersen Litigation.[25]  The Settlement Payment falls within the reasonable range of likely outcomes of the

---

[18] Berman Declaration ¶ 8; Tucker Declaration ¶ 8.

[19] Berman Declaration ¶ 8; Tucker Declaration ¶ 8.

[20] Berman Declaration ¶ 8; Tucker Declaration ¶ 8.

[21] Berman Declaration ¶ 8; Tucker Declaration ¶ 8.

[22] Berman Declaration ¶ 8; Tucker Declaration ¶ 8.  This factor requires the Court to consider whether the settlement "reflects not only the desire of creditors to obtain the maximum possible recovery but also their competing desire that that recovery occur in the least amount of time."  *In re Marples*, 266 B.R. 202, 207 (Bankr. D. Idaho 2001).

[23] Berman Declaration ¶ 8; Tucker Declaration ¶ 8.

[24] Berman Declaration ¶ 8; Tucker Declaration ¶ 8.

[25] Berman Declaration ¶ 9; Tucker Declaration ¶ 9.

pending litigation with the Defendants, but eliminates the expense and uncertainty associated with trial and a potential appeal.[26]   In addition, the Proposed Settlement Agreement is the product of arms-length bargaining, without fraud or collusion.[27]   Accordingly, the USACM Trustee and the DTDF Manager have concluded in the exercise of their reasonable business judgment that the time and expense that would necessarily be attendant with continued pursuit of the Kathryn Petersen Litigation and the Mary Petersen Litigation outweigh the benefits to be gained by resolving these matters on the terms set forth in the Proposed Settlement Agreement.[28]

*{Remainder of Page Intentionally Left Blank}*

---

[26] Berman Declaration ¶ 9; Tucker Declaration ¶ 9.

[27] Berman Declaration ¶ 9; Tucker Declaration ¶ 9.

[28] Berman Declaration ¶ 9; Tucker Declaration ¶ 9.

## CONCLUSION

For the foregoing reasons, the USACM Trust and DTDF respectfully request that the Court approve the Proposed Settlement Agreement and provide such other and further relief as the Court deems appropriate.

DATED: November 13, 2009.

**DIAMOND MCCARTHY LLP**

By: _____/s/ Eric D. Madden_____
Allan B. Diamond, TX 05801800 (pro hac vice)
Eric D. Madden, TX 24013079 (pro hac vice)
Michael J. Yoder TX 24056572 (pro hac vice)
909 Fannin, Suite 1500
Houston, Texas 77010
(713) 333-5100 (telephone)
(713) 333-5199 (facsimile)

*Special Litigation Counsel for*
*USACM Liquidating Trust and*
*USA Capital Diversified Trust Deed Fund, LLC*

**LEWIS AND ROCA LLP**

By: _____/s/ Rob Charles_____
Rob Charles, NV 6593
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169-5996
(702) 949-8320 (telephone)
(702) 949-8321 (facsimile)

*Counsel for USACM Liquidating Trust*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of November 2009, I caused to be served a true and correct copy of the foregoing **MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** by electronic transmission to the USACM Post-Confirmation Service List Dated March 31, 2009, and by electronic transmission and United States Mail to counsel for the Defendants, Tim O'Reilly, O'Reilly Law Group, LLC, 325 South Maryland Parkway, Las Vegas, NV 89101-5300, tor@oreillylawgroup.com, and Steven J. Katzman, Beinert, Miller, Weitzel & Katzman, P.C., 115 Avenida Miramar, San Clemente, California 92672, skatzman@bmwklaw.com.

_/s/ Catherine A. Burrow_
Catherine A. Burrow
Senior Paralegal
Diamond McCarthy LLP

10

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br><br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | Judge Linda B. Riegle<br><br>Adv. No. 08-1133-lbr<br>Adv. No. 08-1134-lbr |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | **ORDER GRANTING<br>MOTION FOR APPROVAL OF<br>SETTLEMENT PURSUANT TO<br>RULE 9019 OF THE FEDERAL<br>RULES OF BANKRUPTCY<br>PROCEDURE** |

Upon consideration of the Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion"), filed by the USACM Liquidating Trust (the "USACM Trust") and USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), seeking approval, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, of the

1

Settlement Agreement, Mutual Release, and Covenants (the "Proposed Settlement Agreement") between the USACM Trust and DTDF, on the one hand, and Mary Petersen, individually and as Trustee of the Mary Petersen Family Trust DTD 8/12/98 ("Mary Petersen"), Michael Petersen, individually and as Trustee of the Michael D. Petersen Family Trust DTD 8/12/98 ("Michael Petersen"), Kathryn L. Petersen, individually and as Trustee of the Kathryn L. Petersen Living Trust and as Trustee of the KLP Trust DTD 7/15/99 ("Kathryn Petersen"), Specialized Development Tahoe, LLC, and Specialized Development, LLC (collectively, with Specialized Development Tahoe, LLC, "Specialized Development"), on the other hand; the other papers and pleadings filed in these jointly administered bankruptcy cases and their related proceedings; and the arguments of counsel; the Court hereby finds and concludes that:

1.      Notice of the Motion was properly served on all creditors and parties-in-interest in the above-referenced bankruptcy cases under applicable law and procedure, including the Federal Rules of Bankruptcy Procedure and the local rules.

2.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(a), and this matter is a "core proceeding" under 28 U.S.C. § 157(b).

3.      The terms of the Proposed Settlement Agreement were negotiated at arms-length and in good faith by the USACM Trust, DTDF, Mary Petersen, Michael Petersen, Kathryn Petersen, and Specialized Development.

4.      The terms of the Proposed Settlement Agreement:  (a) are fair and equitable to the USACM Trust and DTDF; (b) are in the best interests of the USACM Trust, DTDF, and their respective creditors and beneficiaries; and (c) meet the requirements for court approval under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.      The Motion should be granted, the Proposed Settlement should be approved, and the following order should be entered.

ACCORDINGLY, IT IS HEREBY:

ORDERED that the Motion is granted; and it is further

ORDERED that the Proposed Settlement Agreement is authorized and approved pursuant

2

to Rule 9019 of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that Geoffrey L. Berman and Michael A. Tucker, in their capacities as the respective representatives of the USACM Trust and DTDF, are authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary to consummate the Proposed Settlement Agreement and perform any and all obligations contemplated therein on behalf of the USACM Trust and DTDF; and it is further

ORDERED that this Court shall retain jurisdiction to interpret and enforce the terms of the Proposed Settlement Agreement and this Order.

PREPARED AND SUBMITTED BY:

DIAMOND MCCARTHY LLP

By:    _/s/ Eric D. Madden_
Allan B. Diamond, TX 05801800 (pro hac vice)
Eric D. Madden, TX 24013079 (pro hac vice)
Michael J. Yoder, TX 24056572 (pro hac vice)
909 Fannin, Suite 1500
Houston, Texas 77010
(713) 333-5100 (telephone)
(713) 333-5199 (facsimile)

Special Litigation Counsel for
USACM Liquidating Trust and
USA Capital Diversified Trust Deed Fund, LLC

3

## CERTIFICATION PURSUANT TO LOCAL RULE 9021

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

_____    The Court has waived the requirement of approval under LR 9021

_____    No parties appeared or filed written objections, and there is no trustee appointed in the case.

_____    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document.]

_____          _____

_____          _____

_____          _____


DATED:  November ___, 2009


_____
Eric D. Madden


# # #

4

# EXHIBIT B

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust and
USA Capital Diversified Trust Deed Fund, LLC

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>        Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>        Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br><br>        Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>        Debtor. | Judge Linda B. Riegle<br><br>Adv. No. 08-1133-lbr<br>Adv. No. 08-1134-lbr |
| In re:<br>USA SECURITIES, LLC,<br><br>        Debtor. | **DECLARATION OF<br>GEOFFREY L. BERMAN IN<br>SUPPORT OF MOTION FOR<br>APPROVAL OF SETTLEMENT** |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | **PURSUANT TO RULE 9019 OF<br>THE FEDERAL RULES OF<br>BANKRUPTCY PROCEDURE**<br><br>Hearing Date:  December 2, 2009<br>Hearing Time: 9:30 a.m. |

Geoffrey L. Berman, as Trustee of the USACM Liquidating Trust, hereby declares the

following under penalty of perjury:

1.    I am an adult person competent to testify in court.  I make the following

statements based upon my personal knowledge except where otherwise indicated.  I am

submitting this declaration in support of the Motion for Approval of Settlement Pursuant to Rule

1

9019 of the Federal Rules of Bankruptcy Procedure (the "Motion"), seeking entry of an order approving the Settlement Agreement, Mutual Release, and Covenants between the USACM Liquidating Trust (the "USACM Trust") and USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), on the one hand, and Mary Petersen, individually and as Trustee of the Mary Petersen Family Trust DTD 8/12/98 ("Mary Petersen"), Michael Petersen, individually and as Trustee of the Michael D. Petersen Family Trust DTD 8/12/98 ("Michael Petersen"), Kathryn L. Petersen, individually and as Trustee of the Kathryn L. Petersen Living Trust and as Trustee of the KLP Trust DTD 7/15/99 ("Kathryn Petersen"), Specialized Development Tahoe, LLC, and Specialized Development, LLC (collectively, with Specialized Development Tahoe, LLC, "Specialized Development"), on the other hand.

2.      I am the Trustee of the USACM Trust, which was created pursuant to the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan"), which was filed by USA Commercial Mortgage Company ("USACM"), DTDF, and certain affiliated companies and subsidiaries. The Joint Plan was confirmed by this Court on January 8, 2007, and then became effective on March 12, 2007.

3.      The Joint Plan expressly retained USACM's causes of action for enforcement by the USACM Trust, pursuant to 11 U.S.C. § 1123(b)(3)(B). The Joint Plan expressly retained DTDF's causes of action for enforcement by DTDF, pursuant to 11 U.S.C. § 1123(b)(3)(B). Accordingly, the USACM Trust and DTDF now hold any and all potential claims and causes of action, whether arising pre-petition or post-petition, that USACM and DTDF, respectively, may have or may at any time have had against Mary Petersen, Michael Petersen, Kathryn Petersen, and Specialized Development (collectively, the "Defendants"). This Court retained jurisdiction in Section VIII.D of the Joint Plan over numerous matters, including "[a]pproving compromises and settlements under Rule 9019 of the Bankruptcy Rules to the extent required under or included in the plan."

4.      On April 12, 2008, DTDF commenced adversary proceeding number 08-01133, entitled *USA Capital Diversified Trust Deed Fund, LLC v. Kathryn L. Petersen et al.* (the

"Kathryn Petersen Litigation"), seeking to recover approximately $700,000 in DTDF funds that were transferred to Kathryn Petersen and/or Specialized Development prior to the Petition Date (collectively, the "08-01133 Transfers"). In the Kathryn Petersen Litigation, DTDF asserts various claims related to the 08-01133 Transfers, including claims pursuant to 11 U.S.C. §§ 544 and 550, and sections 112.180 and 112.220 of the Nevada Revised Statutes. These allegations will be amended substantially as part of the settlement through the filing of the Second Amended Complaint that will be dismissed as part of the settlement.

5.      On April 12, 2008, the USACM Trust and DTDF commenced adversary proceeding number 08-01134, entitled *USACM Liquidating Trust et al. v. Mary Petersen et al.* (the "Mary Petersen Litigation"), seeking to recover approximately $13 million that was transferred to Mary Petersen, Michael Petersen, and/or Kathryn Petersen prior to the Petition Date (collectively, the "08-01134 Transfers"). In the Mary Petersen Litigation, the USACM Trust and DTDF assert various claims related to the 08-01134 Transfers, including claims pursuant to 11 U.S.C. §§ 544, 548, and 550, and sections 112.180 and 112.220 of the Nevada Revised Statutes. These allegations will be amended substantially as part of the settlement through the filing of the Second Amended Complaint that will be dismissed as part of the settlement.

6.      Counsel for the USACM Trust, DTDF, and the Defendants (collectively, the "Parties") participated in an informal settlement conference in early January 2009. The Parties subsequently participated in mediation on July 15, 2009, before the Honorable Dickran Tevrizian, a former federal district court judge for the Central District of California. Following extensive arms-length negotiations at the July 15th mediation and subsequent settlement discussions in late July and early August 2009, the Parties reached an agreement to resolve the Kathryn Petersen Litigation and Mary Petersen Litigation subject to approval by this Court under Federal Rule of Bankruptcy Procedure 9019. The Parties have memorialized this settlement by executing the Settlement Agreement, Mutual Release, and Covenants (the "Proposed Settlement Agreement").

7.  The material terms of the Proposed Settlement Agreement are summarized below:

    a.  **Settlement Payment.**  The Defendants will pay the agreed upon settlement amount, which is confidential (see below) pursuant to the terms of the settlement (the "Settlement Payment"), to the USACM Trust to settle all claims available to the USACM Trust and DTDF against the Defendants.  DTDF will share in the settlement as a beneficiary of the USACM Trust and as otherwise outlined in the agreement between the USACM Trust and DTDF filed with the Court on March 13, 2008.

    b.  **Bankruptcy Court Approval.**  The Proposed Settlement Agreement is contingent upon this Court's approval of the settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

    c.  **Mutual Release.**  Upon the Court's approval of the settlement and the irrevocable receipt of the Settlement Payment by the USACM Trust, the Parties will exchange full mutual releases as to all claims that they ever had, now have, or may at any future time have against each other.

    d.  **Confidentiality.**  The Parties will keep the terms of the Proposed Settlement Agreement confidential and avoid disclosing such terms to third parties subject to several limited exceptions, including any party-in-interest who agrees to and executes and returns the Confidentiality Agreement in connection with the Motion.

8.  As discussed in the Motion, I believe the Proposed Settlement Agreement represents a fair and reasonable compromise of the Mary Petersen Litigation and the Kathryn Petersen Litigation.  *First*, although I believe that the claims in the Mary Petersen Litigation and the Kathryn Petersen Litigation have substantial merit and evidentiary support, there is no guarantee or certainty that the USACM Trust and/or DTDF would be successful in prosecuting their claims.  *Second*, even if the USACM Trust and DTDF were to prevail in the litigation, they would face a number of obstacles in collecting any judgment, including the potential inability of some of the Defendants to satisfy a large judgment and the potential for a lengthy and expensive appeal of the judgment by the Defendants.  *Third*, further litigation against the Defendants would certainly be complex and costly.  Defendants, for example, noticed the

4

depositions of more than 20 witnesses in these cases immediately prior to the settlement of the cases. Significant and time-consuming discussions with counsel for the Defendants about their ability to take all of these depositions had already begun prior to reaching the Proposed Settlement Agreement. The Parties also would need to engage in expensive depositions of four expert witnesses. Similarly, the USACM Trust and DTDF would face a costly and protracted trial of these cases, involving complex financial transactions spanning a six-year period of time. **Fourth**, I believe the Proposed Settlement Agreement is in the paramount interest of the creditors and other beneficiaries of the USACM Trust and DTDF. The Settlement Payment is substantial in light of the current stage of the Kathryn Petersen Litigation and the Mary Petersen Litigation, especially the fact that the Parties have not yet embarked on the costly series of noticed depositions. Any eventual judgment, moreover, would likely become the subject of protracted appeals and collection delay, particularly given the complexity of these cases.

9.    In sum, I believe the Proposed Settlement Agreement provides a prompt and meaningful recovery to the USACM Trust and DTDF for the benefit of their respective constituencies, while avoiding the substantial costs, delays, and risks of the Kathryn Petersen Litigation and the Mary Petersen Litigation. The Settlement Payment falls within what I believe to be the reasonable range of likely outcomes of the pending litigation with the Defendants and eliminates the continued expense and uncertainty associated with trial and a potential appeal. In addition, the Proposed Settlement Agreement is the product of arms-length bargaining, without fraud or collusion. Accordingly, I believe the benefits gained by resolving the Kathryn Petersen Litigation and the Mary Petersen Litigation on the terms set forth in the Proposed Settlement Agreement exceed any benefit that the USACM Trust would likely receive in fully litigating this matter.

5

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2009 in Los Angeles, California.

Geoffrey L. Berman
Trustee of the USACM Liquidating Trust

6

# EXHIBIT C

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust and
USA Capital Diversified Trust Deed Fund, LLC

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br><br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | Judge Linda B. Riegle<br><br>Adv. No. 08-1133-lbr |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | Adv. No. 08-1134-lbr |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | **DECLARATION OF<br>MICHAEL A. TUCKER IN<br>SUPPORT OF MOTION FOR<br>APPROVAL OF SETTLEMENT<br>PURSUANT TO RULE 9019 OF<br>THE FEDERAL RULES OF<br>BANKRUPTCY PROCEDURE**<br><br>Hearing Date:    December 2, 2009<br>Hearing Time:    9:30 a.m. |

Michael A. Tucker, as Manager of the USA Capital Diversified Trust Deed Fund, LLC,

hereby declares the following under penalty of perjury:

1.    I am an adult person competent to testify in court.    I make the following

statements based upon my personal knowledge except where otherwise indicated.    I am

1

submitting this declaration in support of the Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion"), seeking entry of an order approving the Settlement Agreement, Mutual Release, and Covenants between the USACM Liquidating Trust (the "USACM Trust") and USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), on the one hand, and Mary Petersen, individually and as Trustee of the Mary Petersen Family Trust DTD 8/12/98 ("Mary Petersen"), Michael Petersen, individually and as Trustee of the Michael D. Petersen Family Trust DTD 8/12/98 ("Michael Petersen"), Kathryn L. Petersen, individually and as Trustee of the Kathryn L. Petersen Living Trust and as Trustee of the KLP Trust DTD 7/15/99 ("Kathryn Petersen"), Specialized Development Tahoe, LLC, and Specialized Development, LLC (collectively, with Specialized Development Tahoe, LLC, "Specialized Development"), on the other hand.

   2. I am the Manager of DTDF, which was reorganized pursuant to the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan") filed by USA Commercial Mortgage Company ("USACM"), DTDF, and certain affiliated companies and subsidiaries. The Joint Plan was confirmed by this Court on January 8, 2007, and then became effective on March 12, 2007.

   3. The Joint Plan expressly retained USACM's causes of action for enforcement by the USACM Trust, pursuant to 11 U.S.C. § 1123(b)(3)(B). The Joint Plan expressly retained DTDF's causes of action for enforcement by DTDF, pursuant to 11 U.S.C. § 1123(b)(3)(B). Accordingly, the USACM Trust and DTDF now hold any and all potential claims and causes of action, whether arising pre-petition or post-petition, that USACM and DTDF, respectively, may have or may at any time have had against Mary Petersen, Michael Petersen, Kathryn Petersen, and Specialized Development (collectively, the "Defendants"). This Court retained jurisdiction in Section VIII.D of the Joint Plan over numerous matters, including "[a]pproving compromises and settlements under Rule 9019 of the Bankruptcy Rules to the extent required under or included in the plan."

4.      On April 12, 2008, DTDF commenced adversary proceeding number 08-01133, entitled *USA Capital Diversified Trust Deed Fund, LLC v. Kathryn L. Petersen et al.* (the "Kathryn Petersen Litigation"), seeking to recover approximately $700,000 in DTDF funds that were transferred to Kathryn Petersen and/or Specialized Development prior to the Petition Date (collectively, the "08-01133 Transfers"). In the Kathryn Petersen Litigation, DTDF asserts various claims related to the 08-01133 Transfers, including claims pursuant to 11 U.S.C. §§ 544 and 550, and sections 112.180 and 112.220 of the Nevada Revised Statutes. These allegations will be amended substantially as part of the settlement through the filing of a Second Amended Complaint that will be dismissed as part of the settlement.

5.      On April 12, 2008, the USACM Trust and DTDF commenced adversary proceeding number 08-01134, entitled *USACM Liquidating Trust et al. v. Mary Petersen et al.* (the "Mary Petersen Litigation"), seeking to recover approximately $13 million that was transferred to Mary Petersen, Michael Petersen, and/or Kathryn Petersen prior to the Petition Date (collectively, the "08-01134 Transfers"). In the Mary Petersen Litigation, the USACM Trust and DTDF assert various claims related to the 08-01134 Transfers, including claims pursuant to 11 U.S.C. §§ 544, 548, and 550, and sections 112.180 and 112.220 of the Nevada Revised Statutes. These allegations will be amended substantially as part of the settlement through the filing of a Second Amended Complaint that will be dismissed as part of the settlement.

6.      Counsel for the USACM Trust, DTDF, and the Defendants (collectively, the "Parties") participated in an informal settlement conference in early January 2009. The Parties subsequently participated in mediation on July 15, 2009, before the Honorable Dickran Tevrizian, a former federal district court judge for the Central District of California. Following extensive arms-length negotiations at the July 15th mediation and subsequent settlement discussions in late July and early August 2009, the Parties reached an agreement to resolve the Kathryn Petersen Litigation and Mary Petersen Litigation subject to approval by this Court under Federal Rule of Bankruptcy Procedure 9019. The Parties have memorialized this settlement by

executing the Settlement Agreement, Mutual Release, and Covenants (the "<u>Proposed Settlement Agreement</u>").

7.    The material terms of the Proposed Settlement Agreement are summarized below:

   a.    **Settlement Payment.**  The Defendants will pay the agreed upon settlement amount, which is confidential (see below) pursuant to the terms of the settlement (the "<u>Settlement Payment</u>"), to the USACM Trust to settle all claims available to the USACM Trust and DTDF against the Defendants.  DTDF will share in the settlement as a beneficiary of the USACM Trust and as otherwise outlined in the agreement between the USACM Trust and DTDF filed with the Court on March 13, 2008.

   b.    **Bankruptcy Court Approval.**  The Proposed Settlement Agreement is contingent upon this Court's approval of the settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

   c.    **Mutual Release.**  Upon the Court's approval of the settlement and the irrevocable receipt of the Settlement Payment by the USACM Trust, the Parties will exchange full mutual releases as to all claims that they ever had, now have, or may at any future time have against each other.

   d.    **Confidentiality.**  The Parties will keep the terms of the Proposed Settlement Agreement confidential and avoid disclosing such terms to third parties subject to several limited exceptions, including any party-in-interest who agrees to and executes and returns the Confidentiality Agreement in connection with the Motion.

8.    As discussed in the Motion, I believe the Proposed Settlement Agreement represents a fair and reasonable compromise of the Mary Petersen Litigation and the Kathryn Petersen Litigation. *First*, although I believe that the claims in the Mary Petersen Litigation and the Kathryn Petersen Litigation have substantial merit and evidentiary support, there is no guarantee or certainty that the USACM Trust and/or DTDF would be successful in prosecuting their claims. *Second*, even if the USACM Trust and DTDF were to prevail in the litigation, they would face a number of obstacles in collecting any judgment, including the potential inability of some of the Defendants to satisfy a large judgment and the potential for a lengthy

and expensive appeal of the judgment by the Defendants. *Third,* further litigation against the Defendants would certainly be complex and costly. Defendants, for example, noticed the depositions of more than 20 witnesses in these cases immediately prior to the settlement of the cases. Significant and time-consuming discussions with counsel for the Defendants about their ability to take all of these depositions had already begun prior to reaching the Proposed Settlement Agreement. The Parties also would need to engage in expensive depositions of four expert witnesses. Similarly, the USACM Trust and DTDF would face a costly and protracted trial of these cases, involving complex financial transactions spanning a six-year period of time. *Fourth,* I believe the Proposed Settlement Agreement is in the paramount interest of the creditors and other beneficiaries of the USACM Trust and DTDF. The Settlement Payment is substantial in light of the current stage of the Kathryn Petersen Litigation and the Mary Petersen Litigation, especially the fact that the Parties have not yet embarked on the costly series of noticed depositions. Any eventual judgment, moreover, would likely become the subject of protracted appeals and collection delay, particularly given the complexity of these cases.

9.    In sum, I believe the Proposed Settlement Agreement provides a prompt and meaningful recovery to the USACM Trust and DTDF for the benefit of their respective constituencies, while avoiding the substantial costs, delays, and risks of the Kathryn Petersen Litigation and the Mary Petersen Litigation. The Settlement Payment falls within what I believe to be the reasonable range of likely outcomes of the pending litigation with the Defendants and eliminates the continued expense and uncertainty associated with trial and a potential appeal. In addition, the Proposed Settlement Agreement is the product of arms-length bargaining, without fraud or collusion. Accordingly, I believe the benefits gained by resolving the Kathryn Petersen Litigation and the Mary Petersen Litigation on the terms set forth in the Proposed Settlement Agreement are reasonable as compared to fully litigating this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2009 in Phoenix, Arizona.

Michael A. Tucker
Manager of USA Capital
Diversified Trust Deed Fund, LLC

6

# EXHIBIT D

## CONFIDENTIALITY AGREEMENT

The undersigned understands and agrees that the Settlement Agreement by and between the USACM Liquidating Trust (the "USACM Trust"); USA Capital Diversified Trust Deed Fund, LLC ("DTDF" and together with the USACM Trust, the "Plaintiffs"); Mary Petersen, Individually and as Trustee of the Mary Petersen Family Trust DTD 8/12/98 ("Mary Petersen"); Michael Petersen, Individually and as Trustee of the Michael D. Petersen Family Trust DTD 8/12/98 ("Michael Petersen"), and Kathryn L. Petersen, individually and as Trustee of the Kathryn L. Petersen Living Trust, and as Trustee of the KLP Trust DTD 7/15/99 ("Kathryn Petersen"), Specialized Development Tahoe, LLC, Specialized Development, LLC (collectively with Specialized Development Tahoe, LLC, "Specialized Development") (Mary Petersen, Michael Petersen, Kathryn Petersen and Specialized Development are collectively referred to as the "Defendants"), is highly sensitive and strictly confidential. The undersigned understands that all such information is being furnished solely in connection with the approval of the Settlement Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019, and the undersigned hereby agrees as follows:

1. The Settlement Agreement shall be treated as confidential and shall not be disclosed except as provided herein.

2. Defined terms used herein shall be as follows:

    a. *Motion*. As used herein, Motion means the motion filed by the USACM Trust and DTDF seeking approval of the Settlement Agreement in accordance with Federal Rule of Bankruptcy Procedure Rule 9019;

    b. *Settlement Agreement.* As used herein, Settlement Agreement means the *Settlement Agreement, Mutual Release, and Covenants* executed on November 10, 2009, by and between the Plaintiffs and the Defendants and all information contained therein;

    c. *Settling Parties.* As used herein, Settling Parties means Plaintiffs and Defendants.

    d. *Confidentiality Agreement*. As used herein, Confidentiality Agreement means the terms of this Confidentiality Agreement and expressly incorporates the terms and information set forth herein;

    e. *Requesting Party.* As used herein, a Requesting Party is the undersigned party who requests permission to review and or receive a copy of the Settlement Agreement or its terms.

3. In conjunction with court approval of the Settlement Agreement in accordance with Federal Rule of Bankruptcy Procedure Rule 9019, the Requesting Party may review and/or receive an electronic copy of the Settlement Agreement to determine if the Requesting Party wishes to file an objection to the Motion.

4.      Within ten (10) days after the Bankruptcy Court's ruling on the Motion, the Requesting Party will delete any electronic copies and destroy any physical copies of the Settlement Agreement.   After the Requesting Party's copies of the Settlement Agreement have been deleted and/or destroyed, the Requesting Party will send written notice of deletion and/or destruction to the Plaintiffs and Defendants at the following addresses:

> Cathy Burrow
> Diamond McCarthy LLP
> 909 Fannin Street, Suite 1500
> Houston, Texas 77010
>
> -and-
>
> Timothy O'Reilly
> O'Reilly Law Group, LLC
> 325 S. Maryland Parkway
> Las Vegas, Nevada 89101

5.      A Requesting Party may not produce, provide copies, or disseminate information from the Settlement Agreement to any person or entity, other than the Requesting Party's attorney, without the express written consent of all of the Settling Parties.

6.      If a court orders disclosure of the Settlement Agreement or if all of the Settling Parties consent to the disclosure or use of the Settlement Agreement for any purpose except in conjunction with court approval of the Settlement Agreement in accordance with Federal Rule of Bankruptcy Procedure Rule 9019, then the Requesting Party cannot use or disclose the Settlement Agreement to any other party or individual without Court Order or Settling Parties consent.

7.      If all of the attorneys for the Settling Parties do not consent to the disclosure or use of the Settlement Agreement, then the Requesting Party shall not use or disclose the Settlement Agreement in any fashion, without Court Order, other than determining whether or not to object to the Motion.

8.      Consent to the disclosure or use of the Settlement Agreement for any purpose other than determining whether to object to the Motion is deemed limited to the use specifically identified and shall not be deemed to be a waiver of any party's rights, including, but not limited to, the party's right to object to the admissibility of the Settlement Agreement as evidence.

9.      To the extent that the Settlement Agreement is disclosed pursuant to this Confidentiality Agreement, the documents shall be appropriately marked with the following legend:  DOCUMENT SUBJECT TO CONFIDENTIALITY AGREEMENT.

10.     To the extent that a document filed with the Bankruptcy Court or any other court may reveal the terms of the Settlement Agreement, any portion of the document containing such

Confidential Information shall be filed in a sealed envelope and the document and envelope shall bear the following legend:

CONFIDENTIAL: NOT TO BE USED, COPIED, OR DISCLOSED EXCEPT IN ACCORDANCE WITH THE RELATED CONFIDENTIALITY AGREEMENT

The service copies shall also be so marked. The clerk shall maintain under seal the Settlement Agreement filed under seal with the court.

11.     The provisions of this Confidentiality Agreement shall survive and remain in effect after the Court's ruling on the Motion.

12.     This Confidentiality Agreement shall be read to cover and otherwise include the Settlement Agreement, any amendments thereto, and associated documents that are subject to the confidentiality provisions contained in the Settlement Agreement.    Specifically, this Confidentiality Agreement shall be read to cover and otherwise include all exhibits attached to the Motion

13.     This Confidentiality Agreement is to be governed by the laws of the State of Nevada.  The Bankruptcy Court shall retain jurisdiction over the interpretation and enforcement of this Agreement, as well as any disputes that may arise between the Parties relating to this Agreement; and the Parties consent to the exclusive jurisdiction of the Bankruptcy Court for these purposes subject to the right of either of the Plaintiffs and Defendant to appeal any such decision to the United States District Court for the District of Nevada.  In the event that the Bankruptcy Court refuses to exercise its jurisdiction, the Parties agree to submit to the jurisdiction of the United States District Court for the District of Nevada.  In the event the Bankruptcy Court and the United States District Court for the District of Nevada decline jurisdiction, the Parties consent to the jurisdiction of District Court of Clark County, Nevada.

14.     The Settling Parties and any Requesting Party bound by this Confidentiality Agreement are hereby notified that if this Agreement is in any manner violated, the person or entity who commits such violation shall be subject to such sanctions as the Court, on motion and after notice and a hearing, deems just.

DATED this _____ day of _____, 2009.

By:     _____

Name:   _____

Title:  _____

3