Case 06-10725-gwz    Doc 7833    Entered 12/07/09 05:33:20    Page 1 of 5



**Entered on Docket
December 07, 2009**

_____
**Hon. Bruce A. Markell
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re: ) | |
| ) | BK-S-06-10725-LBR |
| USA COMMERCIAL MORTGAGE ) | BK-S-06-10726-LBR (closed) |
| COMPANY; ) | BK-S-06-10727-LBR |
| ) | BK-S-06-10728-LBR (closed) |
| USA CAPITAL REALTY ADVISORS, LLC; ) | BK-S-06-10729-LBR (closed) |
| ) | |
| USA CAPITAL DIVERSIFIED TRUST DEED ) | Chapter 11 |
| FUND, LLC; ) | |
| ) | Jointly Administered Under Case No. |
| USA CAPITAL FIRST TRUST DEED FUND, ) | BK-S-06-10725-LBR |
| LLC; and ) | |
| ) | Date:    Dec. 22, 2009 |
| USA SECURITIES, LLC, ) | Time:    11:30 a.m. |
| ) | Courtroom:  3 |
| Debtors. ) | |
| ) | |
| _____ ) | |

**ORDER TO SHOW CAUSE WHY MATTHEW CALLISTER AND CURTIS CLARK
SHOULD NOT BE HELD IN CONTEMPT OF THIS COURT'S JUNE 3, 2009 ORDER**

The court orders MATTHEW Q. CALLISTER and CURTIS F. CLARK to appear and show cause why they have not violated the court's order of June 3, 2009, and, if they have violated the order, why they should not be found in contempt. The hearing on this order to show cause will be held on **December 22, 2009** at **11:30 a.m.**, in the Foley Federal Building, 300 Las Vegas Blvd. South, Las Vegas, Nevada, in Courtroom #3, before Judge Bruce A. Markell.

On May 29, 2009, the court held a hearing on the order to show cause directed at Curtis F. Clark (dkt. #7012). On June 3, 2009, the court, after reviewing Mr. Clark's response to the order to show cause (dkt. #7113) and declaration in support of his response (dkt. #7114), issued an order

imposing sanctions against Mr. Clark (dkt. #7178) ("Sanctions Order").  That order imposed the following four sanctions:

1. <u>Clark Response.</u>  The document filed by Mr. Clark and docketed as number 6813 shall be stricken on the grounds that it is a scandalous or defamatory paper filed in bankruptcy case, within the meaning of FED. R. BANKR. P. 9018.

2. <u>Pre-Filing Screening.</u>  Pursuant to the court's authority under 11 U.S.C. § 105(a) and FED. R. BANKR. P. 9011 and 9018, the court orders that "Screened Parties" (as defined below) may not file any document in these consolidated cases prior to receiving authorization through the "Screening Process" (as defined below).

   a. For purposes of these cases, the term "Screened Parties" means: (A) Curtis Clark; and (B) Any entity, as that term is defined by 11 U.S.C. § 101(15) and including groups of persons that have formed, formally or informally, into an entity for purposes of these consolidated bankruptcy cases, that seeks to file a document on behalf of or for the benefit of Curtis Clark.  Any such entity may exclude Mr. Clark from its membership; challenges to such exclusions shall be made by motion to the undersigned judge.

   b. For purposes of these cases, the term "Screening Process" means the review of a document by Judge Bruce A. Markell, applying the standards of review explained on the record at the hearing on the order to show cause.  After review, Judge Markell will either enter an order approving the filing of the document, or will indicate in writing that the document may not be filed with the language used.  A party may submit a document for screening by mailing it to: Chambers of Judge Bruce A. Markell, 300 Las Vegas, Blvd. South, Las Vegas, Nevada 89101.

3. <u>Civil Discourse Class.</u>  Mr. Clark is ordered to complete an "Approved Civil

Discourse Class" (as defined below) by December 1, 2009.

  a. By July 1, 2009, Mr. Clark's attorney shall submit a list of not less than three proposed classes in civil discourse.  The court will then enter an order indicating which, if any, of these classes satisfy the requirements stated at the hearing on the order to show cause.  Any class found by the court to satisfy the requirement stated at the show cause hearing shall constitute an "Approved Civil Discourse Class."  If no class is approved, the court will enter a supplemental order providing for the submission of a new list of proposed classes.

  b. In order to demonstrate that Mr. Clark has taken an Approved Civil Discourse Class, he must file a certification, signed by the class instructor, that indicates that he attended all sessions of the class (if more than one), and that he was in attendance for the entire time period that the class was in session.  The certification must be filed by December 7, 2009, and must include contact information for the instructor.

4. <u>Status Report on Mr. Clark's Concerns.</u>  By July 1, 2009, Mr. Clark is to file a report indicating what steps he has taken to express his displeasure with these cases and with the system in general.  The report shall indicate in which forums he has sought to express his concerns, and shall explain what relief he is seeking and what has occurred, procedurally and substantively, with respect to those concerns.

The Sanctions Order directs Mr. Callister to submit a list of not less than three proposed classes in civil discourse by July 1, 2009.  After the court received the list and approved a class from the list that met the requirements stated at the hearing, Mr. Clark was ordered to complete the class by December 1, 2009.

This point was made clear during the prior hearing:

| | | |
|---|---|---|
| 1 | THE COURT: | As a former educator, I think education does work.  And, in fact – |
| 2 | MR. CALLISTER: | And this was in civil discourse, your Honor? |
| 3 | THE COURT: | Well, civil discourse or permitted discourse if you will, civil as opposed |
| 4 | | to uncivil – |
| 5 | MR. CALLISTER: | I understand. |
| 6 | THE COURT: | – discourse.  My own preliminary research indicates that there are |
| 7 | | probably a number of such programs out there that are available. |
| 8 | | That's why I say, you know, within the next month I would ask that you |
| 9 | | submit a list of three or more to me, and I'll approve those, so that he |
| 10 | | knows that it's approved before he attends. |
| 11 | | And once that class is completed – and I would ask him to submit |
| 12 | | evidence of that. |
| 13 | MR. CALLISTER: | Um-h'm. |
| 14 | THE COURT: | And I would link that to point 2.  That is once that class is completed I |
| 15 | | will remove the restriction with respect to prefiling pleadings. |
| 16 | MR. CALLISTER: | We appreciate that. |
| 17 | THE COURT: | I will also indicate that if, in fact, that's removed and he resumes the |
| 18 | | activity here I would not hesitate to immediately send out across the |
| 19 | | street for purposes of criminal prosecution. |
| 20 | MR. CALLISTER: | I understand, your Honor. |

21 Transcript of Hearing, pp. 8-9 (dkt. #7178, Exhibit A).

22    The Sanctions Order also required Mr. Clark to submit a report, by July 1, 2009, indicating
23 what steps he has taken to pursue his complaints in other forums, how he can express his displeasure
24 with the bankruptcy case he is involved in, and with the bankruptcy system in general.

25    Neither the list of possible classes in civil discourse required of Mr. Callister, nor the report of
26 what steps Mr. Clark has taken to pursue his complaints in other forums, has been submitted to the

court or located on the docket.

The court orders **MATTHEW Q. CALLISTER** and **CURTIS F. CLARK** to appear and show cause why they should not be sanctioned for contempt for failure to obey the Sanctions Order. Further, Mr. Clark is ordered to show cause why his conduct is not a continuation of his criminal contempt and why this entire matter should not be referred to the district court for criminal contempt proceedings.

The hearing on this order to show cause will be held on **December 22, 2009** at **11:30 a.m.** in the Foley Federal Building, 300 Las Vegas Blvd. South, Las Vegas, Nevada, in Courtroom #3 before Judge Bruce A. Markell. This hearing is held pursuant to the court's powers under 11 U.S.C. § 105(a), FED. R. BANKR. P. 9020, and the court's inherent authority to enforce compliance with orders of the court and to enforce compliance with controlling law. Caldwell v. Unified Capital Corp. (*In re* Rainbow Magazine, Inc.), 77 F.3d 278, 284 - 85 (9th Cir. 1996).

IT IS SO ORDERED.

Copies sent to:

BNC Mailing Matrix

MATTHEW Q. CALLISTER mqc@call-law.com, glwest@call-law.com

ROB CHARLES on behalf of Attorney LEWIS AND ROCA LLP rcharles@lrlaw.com, cjordan@lrlaw.com

U.S. TRUSTEE - LV - 11 - USTPRegion17.lv.ecf@usdoj.gov

AUGUST B. LANDIS
300 LAS VEGAS BLVD. S., #4300
LAS VEGAS, NV 90101

CURTIS F. CLARK
1403 PUEBLO DRIVE
BOULDER CITY, NV 89005

# # #