MATTHEW Q. CALLISTER, ESQ.
Nevada Bar No. 001396
mqc@call-law.com
**CALLISTER + ASSOCIATES, LLC.**
823 Las Vegas Blvd. South, Fifth Floor
Las Vegas, Nevada 89101
Telephone: (702) 385-3343
Fax: (702) 385-3343
*Attorney for Curtis Clark*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC, and<br><br>USA SECURITIES, LLC,<br><br>Debtors. | Case No. BK-S 06-10725-LBR<br>Case No. BK-S 06-10726-LBR (closed)<br>Case No. BK-S 06-10727-LBR<br>Case No. BK-S 06-10728-LBR (closed)<br>Case No. BK-S 06-10729-LBR (closed)<br><br>**CHAPTER 11**<br><br>Jointly Administered under Case No. BK-S-06-10725-LBR<br><br>**ATTORNEY MATTHEW CALLISTER AND CURTIS F. CLARK'S RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Date: December 22, 2009<br>Time: 11:30 a.m.<br>Courtroom: 3 |

COMES NOW, Attorney MATTHEW Q. CALLISTER, ESQ. and CURTIS F. CLARK, creditor in the above-captioned Chapter 11 cases being jointly administered under Case No. BK-S-06-10725-LBR, by and through his attorney of record, Matthew Q. Callister, Esq., of the law firm of Callister + Associates, LLC, and hereby respectfully responds to this Honorable Court's Order to Show Cause why they should not be held in contempt of this Court's June 3, 2009 Order, as follows.

This response is based upon the following points and authorities, affidavit of Matthew P. Pawlowski, Esq., all papers and pleadings on file in this matter, as well as any oral argument that

1

may be entertained by this Honorable Court at the time of hearing this matter.

## I. STATEMENT OF PERTINENT FACTS

On February 12, 2009, the court clerk's office received and docketed a signed document from respondent Curtis Clark. This document appears as docket entry no. 6813. The document was sent in response and as an opposition to the USACM Liquidating Trust's Motion to Approve Settlement with Debt Acquisition Company of America V, LLC. The response opposed the proposed settlement and contained five specific objections. The fifth objection was entitled, "Compass Partners," and is the subject of the instant Order to Show Cause.

After reviewing this response, Judge Linda B. Riegle recused herself from hearing all contempt or other disciplinary proceedings relating to the Clark response. These matters were transferred to the Honorable Bruce A. Markell, who issued the instant Order to Show Cause.

Specifically, this Honorable Court has pointed to five objectionable statements in the Clark response, which may violate the Federal Rules of Bankruptcy Procedure. These are:

1. Stating that the Bankruptcy Court is a, "brothel,";
2. Stating that Judge Linda B. Riegle is a, "madam,";
3. Implying that professionals employed by the estate are comparable to prostitutes by stating that they are, "working girls,'"
4. Stating that Judge Riegle, "provides the condoms,";
5. Likening the proceedings in the bankruptcy court to an, "all night orgy."

This Honorable Court further noted that this list is merely a synopsis of the alleged impropriety of the entire Clark response. As such, the entire Clark response, rather than simply these five statements, is the subject of the instant Order to Show Cause. Moreover, this Honorable Court has specifically noted that the response may possibly violate Fed.R.Bankr.P. 9011 and Fed.R.Bankr.P. 9018. The Court also recognized in its Order to Show Cause that the Bankruptcy Court does not have the inherent authority to hold a party in criminal contempt, and thus required Curtis Clark to appear and show cause why this matter should not be referred to the Federal District

Court for criminal contempt proceedings. On April 29, 2009, this Honorable Court lodged an Addendum to its Order to Show Cause, inviting Curtis Clark and any other interested parties to address the opinion of Price v. Lehtinen (In re Lehtinen), BAP No. NC-04-01534-BMaS, when responding to the Court's Order to Show Cause.

At the hearing of June 3, 2009, after taking oral argument from counsel, Matthew Q. Callister, Esq., and after taking testimony of Curtis Clark under oath, this Honorable Court issued an order, delineating certain restrictions and requirements that the Court was placing on Curtis Clark, as a result of the Court's Order to Show Cause. The Order further included a requirement that Matthew Q. Callister, Esq., submit certain documentation to the Court.

Specifically, Curtis Clark was required to submit a report, by July 1, 2009, indicating what steps he has taken to pursue his complaints in other forums, how he can express his displeasure with the bankruptcy case he is involved in and with the bankruptcy system in general. Matthew Callister was to submit a list of not less than three proposed classes in civil discourse, by July 1, 2009. The Court was to review the list, advise which class it would like Curtis Clark to attend, and Mr. Clark was to complete the Court-selected class by December 1, 2009.

**PERTINENT FACTS OCCURRING AFTER THIS COURT'S ORDER OF JUNE 3, 2009**

Subsequent to the hearing of June 3, 2009, the law firm of Callister & Reynolds (now identified as Callister + Associates, LLC) began its search for classes in civil discourse, which would potentially satisfy the Court's requirement. Attorney Matthew P. Pawlowski, Esq., was placed in charge of this search.

Upon conducting this search, which included placing phone calls to various departments of the College of Southern Nevada, Nevada State College, Las Vegas College, Touro University, Kaplan College and the University of Nevada - Las Vegas (UNLV). Upon speaking with individuals at these institutions, not one of them had any indication of which of their programs, classes or other events would fall in to the category of, "civil discourse." Discouraged, attorney Pawlowski began an online search of the curriculums of these institutions. Upon investigating said course offerings,

3

attorney Pawlowski noted two traits of these conversations:

1. None of the representatives from any of the schools listed above were able to give assistance as to a course in, "civil discourse."

2. A review of the course selection at these schools did little, if anything at all, to clarify exactly what kind of course Mr. Clark was required to attend.

As such, attorneys Pawlowski and Callister have been unable to locate a suitable (or even potentially suitable) class for Mr. Clark to attend, to satisfy the civil discourse class requirement of this Court's Order of June 3, 2009. However, Mr. Clark is, as he has always been, willing, ready and able to take any such class that this Court may be able to locate, as suggested during oral discussions between the Court and Mr. Callister on June 3, 2009. Mr. Clark and Mr. Callister seek this Court's assistance and guidance in locating a suitable class, in to which Mr. Clark will immediately enroll himself.

Further, regarding the status report that was to be provided by Mr. Clark, attorney Pawlowski and Matthew Q. Callister, Esq., met several times with Mr. Clark at length, regarding steps that can be taken to express displeasure with these cases and the bankruptcy system in general. However, after such lengthy meetings, it was the conclusion of attorneys Callister and Pawlowski and Mr. Clark that, while he is displeased with the operations of the cases at issue in this matter, the discretionary functions of the Court remain in place for a reason. Based upon this conclusion, it was decided between the three persons at issue that Mr. Clark would be functionally unable to seek relief in alternate forums, regarding the USA Capital Bankruptcy cases.

It was upon this basis, and the fact that there would virtually be no contents to the report that was required of Curtis Clark, that Mr. Clark was advised directly by Mr. Pawlowski that, based upon attorney Pawlowski's interpretation of the Court Order, that no report could either be drafted or submitted. Stated another way, Mr. Clark's report would essentially be blank. As such, no report was created. However, should this Honorable Court desire, attorneys Pawlowski and Callister are certainly willing and able to provide a summary of the contents of the meetings between said attorneys and Mr. Clark, should this Honorable Court desire the same.

4

## II. LEGAL POINTS AND AUTHORITIES

Based upon the foregoing, Matthew Q. Callister, Esq. and Curtis Clark respectfully submit their response to this Honorable Court's Order to Show Cause, as follows.

**A. NONE OF THE OMISSIONS OF WHICH THIS COURT ASSERTS IN ITS MOST RECENT ORDER TO SHOW CAUSE ARE THE FAULT OR CREATION OF CURTIS CLARK, AND AS SUCH, MR. CLARK SHOULD NOT BE HELD IN CONTEMPT OF THIS COURT'S JUNE 3, 2009 ORDER.**

Respondents first point out that none of the omissions described in the newest Order to Show Cause are the fault or result of any impropriety on the part of Curtis Clark. As such, no additional sanctions should be levied against him.

Respondents Callister and his associate, Pawlowski, represented to Mr. Clark that they would locate a suitable class for him to take. Mr. Clark relied upon this representation. As described above, Mr. Callister and Mr. Pawlowski have yet been unable to locate a class which seems to fit under the description of Civil Discourse. Mr. Clark was told that the search for such a class would be done for him, and he relied upon this representation. Mr. Callister and Mr. Pawlowski have been unable to locate such a class, and would greatly appreciate any assistance or guidance that this Court can provide, in order to locate such a class.

Moreover, as discussed above, regarding the status report that was to be provided by Mr. Clark, attorney Pawlowski and Matthew Q. Callister, Esq., met several times with Mr. Clark at length, regarding steps that can be taken to express displeasure with these cases and the bankruptcy system in general. However, after such lengthy meetings, it was the conclusion of attorneys Callister and Pawlowski and Mr. Clark that, while he is displeased with the operations of the cases at issue in this matter, the discretionary functions of the Court remain in place for a reason. Based upon this conclusion, it was decided between the three persons at issue that Mr. Clark would be functionally unable to seek relief in alternate forums, regarding the USA Capital Bankruptcy cases.

It was upon this basis, and the fact that there would virtually be no contents to the report that was required of Curtis Clark, that Mr. Clark was advised directly by Mr. Pawlowski that, based upon attorney Pawlowski's interpretation of the Court Order, that no report could either be drafted or

5

submitted. Stated another way, Mr. Clark's report would essentially be blank. As such, no report was created. However, should this Honorable Court desire, attorneys Pawlowski and Callister are certainly willing and able to provide a summary of the contents of the meetings between said attorneys and Mr. Clark, should this Honorable Court desire the same

In sum, Curtis Clark has not wilfully violated the Court's Order of June 3, 2009. He is of course still ready, willing and able to take the required civil discourse class, once a suitable class is located. Additionally, should additional information be required of Mr. Clark, regarding steps he will take to address his displeasure with the bankruptcy case at issue or system in general, Mr. Callister and Mr. Pawlowski would be more than happy to assist in the same. However, to date, Curtis Clark has not demonstrated any willful violation of the June 3, 2009 Order, and should not be held in contempt of the same.

**B. THIS MATTER CERTAINLY SHOULD NOT BE REFERRED TO THE FEDERAL DISTRICT COURT FOR CRIMINAL PROCEEDINGS, AGAIN, AS MR. CLARK HAS NOT WILFULLY VIOLATED ANY ORDER OF THIS COURT.**

Again, attorneys Callister and Pawlowski cannot stress enough how this situation is not the result of any intentional or malicious acts of Curtis Clark. Attorneys Callister and Pawlowski were charged with locating a suitable civil discourse class for Curtis Clark to attend, and have been unable to do so. It was also Mr. Callister and Mr. Pawlowski who, after lengthy meetings with Mr. Clark, concluded that, while he is displeased with the operations of the cases at issue in this matter, the discretionary functions of the Court remain in place for a reason. Based upon this conclusion, it was decided between the three persons at issue that Mr. Clark would be functionally unable to seek relief in alternate forums, regarding the USA Capital Bankruptcy cases.

It was upon this basis, and the fact that there would virtually be no contents to the report that was required of Curtis Clark, that Mr. Clark was advised directly by Mr. Pawlowski that, based upon attorney Pawlowski's interpretation of the Court Order, that no report could either be drafted or submitted. Stated another way, Mr. Clark's report would essentially be blank. As such, no report was created. Mr. Clark relied upon this representation.

6

In sum, there is simply no continuing criminal contempt on the part of Mr. Clark in this case. As such, this matter should not be referred to the Federal District Court for criminal proceedings.

### III. CONCLUSION

Based upon the foregoing, respondents request that this Honorable Court reserve its ruling on this matter and assist the respondents in locating a civil discourse class, which would allow Curtis Clark to meet the class requirements of this Court's June 3, 2009 Order. Further, respondents request guidance, in accordance with the foregoing response, regarding the nature and content of the response which Curtis Clark is required to provide, and with which Matthew Q. Callister, Esq., will assist, in order to meet the Court's requirement of a synopsis of actions taken by Curtis Clark to express his dissatisfaction with the proceedings of this case. Finally, respondents request that this Honorable Court decline to refer this matter to the Federal District Court for criminal proceedings, as the omissions which gave rise to this instant Order are not the fault of respondent Clark.

DATED this 14 day of December, 2009.

CALLISTER + ASSOCIATES, LLC.

By /s/ Matthew Q. Callister, Esq.
MATTHEW Q. CALLISTER, ESQ.
Nevada Bar No. 001396
823 Las Vegas Blvd. South, Fifth Floor
Las Vegas, Nevada 89101
*Attorney for Curtis Clark*

## CERTIFICATE OF SERVICE

1. On <u>December 14, 2009</u> I served the following document(s):

   ATTORNEY MATTHEW CALLISTER AND CURTIS F. CLARK'S RESPONSE TO ORDER TO SHOW CAUSE.

2. I served the above-named document(s) by the following means to the persons as listed below:

   X   a.   ECF System as listed below:

   ROB CHARLES on behalf of Attorney LEWIS AND ROCA LLP
   rcharles@lrlaw.com, cjordan@lrlaw.com

   USTPRegion17.lv.ecf@usdoj.gov
   U.S. Trustee - LV - 11

   X   b.   United States Mail, first-class postage fully prepaid and addressed as follows:
   ***(See Mailing Matrix attached hereto as Exhibit 1)***

   ☐   c.   Personal Service *(List persons and addresses)*
   I personally delivered the document(s) to the persons at these addresses:

   ☐   d.   By Direct email *(as opposed to through ECF System)*
   *(List persons and email addresses. Attach additional paper if necessary)*

   ☐   e.   By facsimile transmission *(List persons and fax numbers)*

   ☐   f.   By messenger *(List persons and address)*

   DATED:    December 14, 2009

   <u>    Nikki L. Ramsey    </u>           <u>/s/ Nikki L. Ramsey</u>
   An employee of
   CALLISTER + ASSOCIATES, LLC.

# EXHIBIT "1"

FIT Consulting, Inc.
2 North Central Ave., Ste. 1200
Phoenix, AZ 85004

LEWIS AND ROCA LLP
on behalf of Creditor Committee
Official Committee of Unsecured Creditors
For Usa Commercial Mortgage Company
3993 Howard Hughes Pkwy., #600
Las Vegas, NV 89169

Marvin C. Ruth on behalf of Plaintiff
USACM Liquidating Trust
LEWIS AND ROCA LLP
40 N. Central Ave., Ste. 1900
Phoenix, AZ 85004

August B. Landsis
300 Las Vegas Blvd. South, #4300
Las Vegas, NV 89101