**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: JHindera@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | Case No. BK-S-06-10725-LBR |
|---|---|
| USA Commercial Mortgage Company, | Case No. BK-S-06-10726-LBR[1] |
| | Case No. BK-S-06-10727-LBR |
| USA Capital Realty Advisors, LLC,[1] | Case No. BK-S-06-10728-LBR[2] |
| | Case No. BK-S-06-10729-LBR[3] |
| USA Capital Diversified Trust Deed Fund, LLC, | CHAPTER 11 |
| USA Capital First Trust Deed Fund, LLC,[2] | Jointly Administered Under Case No. BK-S-06-10725 LBR |
| USA Securities, LLC,[3] | |
| Debtors. | **MOTION TO FURTHER EXTEND DEADLINE TO FILE OBJECTION TO ALLOWANCE OF CLAIMS (with Certificate of Service)** |
| **Affects:** | |
| ☐ All Debtors | Date: OST Requested: January 11, 2010 |
| ☒ USA Commercial Mortgage Company | Time: OST Requested 9:30 a.m. |
| ☐ USA Capital Realty Advisors, LLC | |
| ☐ USA Capital Diversified Trust Deed Fund, LLC | |
| ☐ USA Capital First Trust Deed Fund, LLC | |
| ☐ USA Securities, LLC | |

The USACM Liquidating Trust (the "USACM Trust") by Lewis and Roca LLP, its counsel, moves for an order pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rules 3007 and 9006(b)(1) enlarging the deadline for filing objections to allowance of claims, and in

---

[1] This bankruptcy case was closed on September 23, 2008.

[2] This bankruptcy case was closed on October 12, 2007.

[3] This bankruptcy case was closed on December 21, 2007.

2130699.1



particular unsecured claims, for an additional 120 days from February 4, 2009 to June 4, 2010.  This Motion is based upon the following Memorandum of Points and Authorities and is supported by the Court's record and the declaration of Edward M. Burr filed this date.

## MEMORANDUM

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as modified herein [DE 2376].  Notice of Entry of the Confirmation Order was filed on January 9, 2007, and served on January 11 and 12, 2007 [DE 2387].

There is no deadline for claims objections after plan confirmation under either the Bankruptcy Code or Rules.  However, Section VII A.1 Objection to Claims of the Plan provides:

> Unless otherwise extended by the Court, objections to the allowance of Claims and Equity Interests shall be filed and served upon the entities asserting such Claims or Equity Interests as follows:  (A) for any and all Claims and Equity Interests to which the General Bar Date applies, ninety (90) days after the Effective Date….

Accordingly, the deadline to file an objection to such Claim was 90 days after the Effective Date of March 12, 2007, or June 10, 2007.  The Court has extended the deadline several times, most recently, on October 27, 2009, it entered an order [DE 7680] extending the deadline to February 4, 2010.

I.      PROOFS OF CLAIM AND CLAIMS OBJECTIONS

A.      Overview

Below is an overview of where the claims resolution process stands.  These figures are supported by the Declaration of Ted Burr filed in support of this motion.  The Burr Declaration also includes a summary of the claims resolved to reach this point:

To date there have been filed:

- seven administrative claims totaling $2,016,499 — there are no unresolved administrative claims;
- 100 priority claims totaling $6,975,181 — there is one unresolved priority claim for $32,844;
- 1669 secured claims filed totaling $291,093,538 — all secured claims are resolved or have been converted to unsecured claims;
- 1,241 unsecured claims totaling $635,120,837.33 — as of December 8, 2009, there were $215,094,144 unresolved unsecured claims remaining; and
- 69 unknown claims totaling $322,617 — all unknown claims have been resolved or objected to.

The Trust prosecuted objections to claims, including the Loans known as Opaque Mt Edge $7,350,000; HFA Riviera; HFA Riviera 2nd; Hasley Canyon; Fiesta Beaumont $2.4 million; Ashby Financial Company $7,200,000; Glendale Tower Partners, LLC; Golden State Investments II; 5252 Orange, LLC; Midvale Market Place, LLC; Urban Housing Alliance – 435 Lofts Loan; Boise/Gowen 93, LLC; LCG Gilroy, LLC; J Jireh's Corporation; One Point Street, LLC – HFA North Yonkers; Goss Road Loan; Elizabeth May Real Estate Loan; Slade Development; Wasco Investments, LLC; I-40 Gateway West, LLC 2nd; Cottonwood Hills, LLC; Standard Property Development, LLC; Meadow Creek Partners; I-40 Gateway West; Gateway Stone; Palm Springs Marquis Hotel; Roam Development; Del Valle Isleton; Preserve at Galleria; Copper Sage Commerce I; 3685 San

1   Fernando Road; Bar USA; Bay Pompano Beach; Beastar, LLC; Beau Rivage; Clear
2   Creek; La Hacienda; Rio Rancho Business Park; and Shamrock Tower.  The Trust has
3   other adversary proceedings pending that constitute claims objections.

4       Further, as the Trust has received information from claimants, it has entered into
5   stipulations for the allowance and disallowance of priority and unsecured claims.
6   Conversely, some claimants have stipulated to either withdraw their claims or have them
7   reclassified as unsecured claims upon discussion with the USACM Trust's counsel.

8       Not all of the claims objections can be resolved through motions.  The Court has
9   ordered that the Trust's objection to claim 1366 of Los Valles Land & Golf, LLC be
10  consolidated with a related adversary proceeding filed by the Trust against Los Valles and
11  its guarantor, Dan S. Palmer, Jr.

12      Direct Lenders have filed proofs of claim asserting money owed based upon 99
13  different loans.  To date USACM Trust has objected to proofs of claims based on loans
14  that were repaid in full.  There are additional paid in full loans that also have amounts
15  scheduled for unremitted principal, and USACM Trust has objected to the proofs of claims
16  based on these loans.

17  **II.   DISCUSSION**
18      This Court has previously considered and granted, after notice, and without
19  opposition, extensions of the Plan's deadline for claim objections under Bankruptcy Rule
20  9006(b)(1), provides that except as otherwise provided by the Rule:

21      when an act is required or allowed to be done at or within a specified period
        by the rules or by a notice given thereunder or by order of court, the court
22      for cause shall at any time in its discretion (1) with or without motion or
        notice order the period enlarged if the request therefore is made before the
23      expiration of the period originally prescribed or as extended by a previous
        order or (2) on motion made after the expiration of the specified period,
24      permit the act to be done where the failure to act was the result of excusable
        neglect.
25
26



1   This request is supported by good cause.  Nothing in the Plan prohibits the Court
2   from extending the deadline for objecting to claims.  The previous extensions have all
3   been granted without prejudice to further extensions.  The Trust has been requesting only
4   120 day extensions so that the Court could monitor the claims process.  The other direct
5   lender claims to which the Trustee has yet to object relate mostly to loans that were
6   previously serviced by Compass Partners and have more recently been serviced by Silar or
7   an entity that may be related to Silar called Servicing Oversight Solutions, LLC.  As of
8   December 1, 2009, the unresolved unsecured claims total approximately $215,000,000.
9   That Trust is continuing to gather information about the remaining loans and is preparing
10  additional omnibus objections on a loan by loan basis.

11  For all of these reasons, the USACM Trust believes it needs more than 120 days to
12  complete its review of the claims and file objections, but for now asks only for an 120
13  days, so that the Court can continue to monitor the claims resolution process.

### III.  CONCLUSION

The USACM Trust requests that the Court enter its order further extending the deadline to file objections to allowance of claims until June 4, 2010, without prejudice to an additional extension.

Dated:  December 18, 2009.

**LEWIS AND ROCA LLP**

By /s/ JH (#018024)
    Rob Charles, NV 6593
    John Hinderaker, AZ 18024 (pro hac vice)
*Attorneys for USACM Liquidating Trust*

2130699.1

1. Proof of service

2. Copy of the foregoing posted on the USACM Liquidating Trust website and served on December 18, 2009 via email, where an email address is listed, or by first class mail, postage prepaid U.S. Mail, addressed to:

All parties in interest listed on the Post Effective Date Service List on file with the Court

  s/Marilyn Schoenike
Lewis and Roca LLP

2130699.1