**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for the USA Capital
Diversified Trust Deed Fund, LLC

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for the USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases<br><br>Judge Linda B. Riegle |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | |
| USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC<br><br>Plaintiff,<br>v.<br>KATHRYN L. PETERSEN, individually and as TRUSTEE of the KATHRYN L. PETERSEN LIVING TRUST and TRUSTEE of the KLP TRUST DTD 7/15/99 and SPECIALIZED DEVELOPMENT TAHOE, LLC,<br><br>Defendants. | **Adversary No. 08-01133**<br><br>**USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC'S SECOND AMENDED COMPLAINT**<br><br>Hearing Date:  n/a<br>Hearing Time:  n/a |

Plaintiff USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), hereby complains as follows:

## I. JURISDICTION / VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334(b) in that this action arises under, arises in, and/or relates to this bankruptcy case.

2. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H), and (O).

3. This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001.

4. The Defendants are subject to personal jurisdiction in this Court.

5. This Court has venue over this proceeding pursuant to 28 U.S.C. § 1409(a).

## II. PARTIES

**A. PLAINTIFF**

6. Plaintiff DTDF is a limited liability company organized under Nevada law on or about February 3, 2000. DTDF offered Nevada investors the opportunity to purchase membership interests in a fund and thereby invest in loans that USACM originated and serviced on behalf of DTDF. Upon confirmation of the Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan") filed by USACM, DTDF, and three other debtors in Case No. 06-10725 (Docket No. 1799), the DTDF Amended Operating Agreement was enacted and became effective. The Joint Plan was confirmed by the Bankruptcy Court on January 8, 2007, and became effective on March 12, 2007. The Joint Plan expressly retained DTDF's causes of action for enforcement by DTDF pursuant to 11 U.S.C. § 1123(b)(3)(B) upon the effective date of the Joint Plan.

**B. DEFENDANTS**

7. Defendant, Kathryn L. Petersen, individually, as trustee of the Kathryn L. Petersen Living Trust, and as trustee of the KLP Trust DTD 7/15/99 ("Petersen") is an individual

residing in the State of Nevada. Defendant can be served by personal service at 900 Granger Farm Way, Las Vegas, Nevada 89145 or wherever she may be found. The Kathryn L. Petersen Living Trust is a trust organized under the laws of the state of Nevada and can be served personal service on its trustee, Kathryn L. Petersen at the address listed above. The KLP Trust DTD 7/15/99 is a trust organized under the laws of the state of Nevada and can be served personal service on its trustee, Kathryn L. Petersen at the address listed above.

8. Defendant Specialized Development, LLC ("Specialized Development") is a Nevada limited liability company with its principal place of business in Nevada. Defendant Specialized Development can be served through its registered agent, Kurt A. Johnson, Esq. at 7881 W. Charleston Blvd., Suite 220, Las Vegas, Nevada 89117. Upon information and belief, Defendant Specialized Development is managed by Petersen.

9. Defendant Specialized Development Tahoe, LLC ("Specialized Development Tahoe") is a Nevada limited liability company with its principal place of business in Nevada. Defendant Specialized Development can be served through its registered agent, Kurt A. Johnson, esq. at 7881 W. Charleston Blvd., Suite 220, Las Vegas, Nevada 89117. Upon information and belief, Defendant Specialized Development was managed by Petersen.

10. Petersen, Specialized Development, and Specialized Development Tahoe shall be referred to collectively herein as "Defendants."

### III. FACTUAL ALLEGATIONS

11. In April 2006, DTDF, USA Commercial Mortgage Company ("USACM"), and certain related entities were forced to file for bankruptcy protection as a result of the gross misconduct by certain insiders, namely USACM's former Chairman and CEO Thomas A. Hantges ("Hantges") and its former President Joseph D. Milanowski ("Milanowski") (Hantges and Milanowski are sometimes collectively referred to as "Culpable Insiders"). Among other wrongful conduct, including that which is set forth in the criminal information filed on August

SECOND AMENDED COMPLAINT — PAGE 3

4, 2009 (Case 2:09-cr-00291) in which Milanowski is the named Defendant, the Culpable Insiders systematically looted USACM and DTDF to fund USA Investment Partners, LLC (USAIP), an entity that functioned as their personal "piggy bank", as well as other entities in which they stood to reap substantial personal profits. Milanowski and Hantges have asserted their constitutional privilege against self-incrimination under the Fifth Amendment and refused to answer substantive questions regarding these allegations.

12.  In the aggregate, the Culpable Insiders misappropriated tens of millions of dollars from USACM and DTDF in order: (a) to fund the negative cash flow operations of USAIP and its vast network of affiliated entities; (b) to pay USAIP's obligations to third parties; and (c) to perpetuate the "Ponzi like" scheme that enabled multiple forms of looting to occur, all of which rendered USACM and DTDF insolvent at the time of the transfers set forth herein.[1]

13.  On July 23, 2002, DTDF transferred $510,000 to Nevada Title Company for the benefit of Kathy Petersen (the "Depository Escrow Transfer").

14.  On July 23, 2002, DTDF transferred $190,000 to Specialized Development, "FBO Kathy Petersen" (the "Specialized Development Transfer"). Specialized Development then wrote a $190,000 check to Specialized Development Tahoe in late July 2002.

## IV.    CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**(11 U.S.C. § 544 and NRS 112.180(1)(a))**

15.  DTDF re-alleges and fully incorporates the allegations pleaded above as if fully set forth herein.

16.  The Transfers were of an interest of the Debtor in property.

17.  The Transfers were made within the applicable four year period under NRS 112.180(1)(a).

---

[1] The Culpable Insiders fraudulently induced DTDF's investors to invest in DTDF, likely giving rise to contract and tort claims by DTDF investors against DTDF. Such contingent liabilities likely rendered DTDF insolvent for purposes of a fraudulent transfer claim, regardless of the distribution scheme to investors under the Joint Plan and under 11 U.S.C. § 510(b), which statute addresses the priority of distributions in a bankruptcy case rather than the allowance or disallowance of the types of claims described in § 510(b).

SECOND AMENDED COMPLAINT — PAGE 4

18. On the date of the Transfers and the Petition Date, upon information and belief, there were creditors with allowable unsecured claims who could have avoided the Transfers pursuant to Nevada state law.

19. The Culpable Insiders caused the Debtor to make the Transfers with the actual intent to hinder, delay, or defraud creditors of the Debtor.

20. Accordingly, the Transfers (a) are fraudulent under NRS 112.180(1)(a); and (b) may be recovered under NRS 112.220.

21. Pursuant to 11 U.S.C. § 544(b), DTDF asks the Court to avoid the Transfers under applicable state law.

## SECOND CAUSE OF ACTION
### (11 U.S.C. § 550(a) and NRS 112.220)

22. DTDF re-alleges and fully incorporates the allegations pleaded above as if fully set forth herein.

23. The Transfers are avoidable under 11 U.S.C. § 544 and NRS 112.180(1)(a).

24. DTDF may recover the value of the Depository Escrow Transfer directly from Defendant Petersen as the entity for whose benefit the transfer was made pursuant to 11 U.S.C. § 550(a)(1). Specifically, the wire transfer confirmation stated that the transfer was "fbo: Kathy Petersen." Moreover, Petersen directed the Culpable Insiders to wire transfer the funds to the depository escrow account in order to enable her and/or one of her controlled entities to obtain real property. As such, the Depository Escrow transfer was made with the intent to benefit Petersen, and the transfer did actually provide a benefit to her.

25. DTDF may recover the value of the Specialized Development Transfer directly from Defendant Specialized Development as an initial transferee pursuant to 11 U.S.C. § 550(a)(1) and NRS 112.220.

26. DTDF may also recover the value of the Specialized Development Transfer from Defendant Petersen as the entity for whose benefit the transfer was made pursuant to 11 U.S.C. § 550(a)(1). Specifically, the wire transfer confirmation provided that the wire transfer was being made: "FBO: Kathy Petersen." Moreover, Petersen directed the Culpable Insiders to wire transfer the funds to the Specialized Development account in order to enable her and/or one of her controlled entities to obtain real property. As such, the Specialized Development Transfer was made with the intent to benefit Petersen, and the transfer did actually provide a benefit to her.

27. Finally, DTDF may recover the value of the Specialized Development Transfer from Specialized Development Tahoe as a subsequent transferee under 11 U.S.C. § 550(a)(2).

## V.  PRAYER FOR RELIEF

WHEREFORE, DTDF respectfully request that the Court enter judgment as follows:

(a) Avoiding each of the Transfers;

(b) Directing Defendants (respectively) to repay the value of the Transfers to DTDF;

(c) Directing Defendants (respectively) to pay to DTDF all pre- and post-judgment interest on the Transfers at the maximum rate allowable by law and/or equity;

(d) Directing Defendants (respectively) to pay DTDF's costs of court;

(e) Awarding DTDF such other relief that this Court deems just and proper.

SECOND AMENDED COMPLAINT — PAGE 6

Dated: December 28, 2009.

| | |
|---|---|
| **DIAMOND MCCARTHY LLP** | **LEWIS AND ROCA LLP** |
| By: */s/ Eric D. Madden* | By: */s/ Rob Charles* |
| Allan B. Diamond, TX 05801800 (pro hac vice) | Rob Charles, NV 6593 |
| Eric D. Madden, TX 24013079 (pro hac vice) | 3993 Howard Hughes Parkway, Suite 600 |
| Michael J. Yoder, TX 24056572 (pro hac vice) | Las Vegas, Nevada 89169-5996 |
| 909 Fannin, Suite 1500 | (702) 949-8320 (telephone) |
| Houston, Texas 77010 | (702) 949-8321 (facsimile) |
| (713) 333-5100 (telephone) | |
| (713) 333-5199 (facsimile) | |
| *Special Litigation Counsel for USA Capital Diversified Trust Deed Fund, LLC* | *Counsel for USACM Liquidating Trust* |

SECOND AMENDED COMPLAINT — PAGE 7