E-filed on 12/28/09

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for the USACM Liquidating Trust
And USA Capital Diversified Trust Deed Fund, LLC

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for the USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>                    Debtor.<br>In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>                    Debtor.<br>In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>                    Debtor.<br>In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>                    Debtor.<br>In re:<br>USA SECURITIES, LLC,<br><br>                    Debtor.<br>Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR<br><br>JOINTLY ADMINISTERED<br>Chapter 11 Cases Under<br>Case No. BK-S-10725-LBR<br><br>Judge Linda B. Riegle |

**SECOND AMENDED COMPLAINT — PAGE 1**

| | |
|---|---|
| USACM LIQUIDATING TRUST and USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MARY PETERSEN, INDIVIDUALLY AND AS TRUSTEE OF THE MARY PETERSEN FAMILY TRUST DTD 8/12/98; MICHAEL PETERSEN INDIVIDUALLY AND AS TRUSTEE OF THE MICHAEL D. PETERSEN FAMILY TRUST DTD 8/12/98; KATHRYN PETERSEN INDIVIDUALLY AND AS TRUSTEE OF THE KATHRYN L. PETERSEN LIVING TRUST AND THE KLP TRUST DTD 7/15/99,<br><br>Defendants. | Adversary No. 08-01134<br><br>**USACM LIQUIDATING TRUST'S AND DTDF'S SECOND AMENDED COMPLAINT**<br><br>Hearing Date:  n/a<br>Hearing Time:  n/a |

Plaintiffs USACM Liquidating Trust ("USACM Trust"), as successor to USA Commercial Mortgage Company ("USACM") and USA Capital Diversified Trust Deed Fund, LLC ("DTDF") (collectively the "Plaintiffs"), hereby complain as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334(b) in that this action arises under, arises in, and/or relates to this bankruptcy case.

2. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A),(C), (H), and (O).

3. This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001.

4. The Defendants are all subject to personal jurisdiction in this Court.

5. This Court has venue over this proceeding pursuant to 28 U.S.C. § 1409(a).

## II. PARTIES

**A.  PLAINTIFFS**

6. Plaintiff USACM Trust was created pursuant to the Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan") filed by USACM, DTDF, and three other

SECOND AMENDED COMPLAINT — PAGE 2

debtors in Bankruptcy Case No. 06-10725 (Docket No. 1799). The Joint Plan was confirmed by the Bankruptcy Court on January 8, 2007, and became effective on March 12, 2007. The Joint Plan expressly retained USACM's causes of action for enforcement by the USACM Trust, pursuant to 11 U.S.C. § 1123(b)(3)(B). The Joint Plan also transferred certain causes of action belonging to USA Capital First Trust Deed Fund, LLC ("FTDF") to the USACM Trust. The USACM Trust, therefore, has standing to bring this action against the Defendants. The USACM Trust is a liquidating trust organized under Nevada law. The USACM Trust's beneficiaries are the holders of allowed unsecured claims against USACM. Geoffrey L. Berman serves as the trustee of the USACM Trust and may be served through undersigned counsel.

7. Plaintiff DTDF is a limited liability company organized under Nevada law on or about February 3, 2000. DTDF offered Nevada investors the opportunity to purchase membership interests in a fund and thereby invest in loans that USACM originated and serviced on behalf of DTDF. Upon confirmation of the Joint Plan, the DTDF Amended Operating Agreement was enacted and became effective. The Joint Plan expressly retained DTDF's causes of action for enforcement by DTDF pursuant to 11 U.S.C. § 1123(b)(3)(B) upon the effective date of the Joint Plan.

**B.    DEFENDANTS**

8. Defendant, Mary Petersen, individually, and as trustee of the Mary Petersen Family Trust DTD 8/12/98, is an individual residing in the State of Nevada. Defendant can be served by personal service at 8913 Players Club, Las Vegas, Nevada 89134 or wherever she may be found. The Mary Petersen Family Trust DTD 8/12/98 (the "Mary Petersen Trust") is a trust organized under the laws of the state of Nevada and can be served by personal service on its trustee, Mary Petersen, at the address listed above.

9. Defendant, Michael D. Petersen, individually, and as trustee of the Michael D. Petersen Family Trust DTD 8/12/98, is an individual residing in the State of Nevada. Defendant can be served by personal service at 9005 Grove Crest Lane, Las Vegas, Nevada 89134 or wherever he may be found. The Michael D. Petersen Family Trust DTD 8/12/98 (the "Michael Petersen Trust") is a trust organized under the laws of the state of Nevada and can be served by personal service on its trustee, Michael D. Petersen at the address listed above.

10. Defendant, Kathryn L. Petersen, individually, as trustee of the Kathryn L. Petersen Living Trust, and as trustee of the KLP Trust DTD 7/15/99 ("Petersen") is an individual residing in the State of Nevada. Defendant can be served by personal service at 900 Granger Farm Way, Las Vegas, Nevada 89145 or wherever she may be found. The Kathryn L. Petersen Living Trust is a trust organized under the laws of the state of Nevada and can be served personal service on its trustee, Kathryn L. Petersen at the address listed above. The KLP Trust DTD 7/15/99 is a trust organized under the laws of the state of Nevada and can be served personal service on its trustee, Kathryn L. Petersen at the address listed above.

### III.   FACTUAL ALLEGATIONS

11. In April 2006, USACM, DTDF and certain related entities were forced to file for bankruptcy protection as a result of the gross misconduct by certain insiders, namely USACM's former Chairman and CEO Thomas A. Hantges ("Hantges") and its former President Joseph D. Milanowski ("Milanowski") (Hantges and Milanowski are sometimes collectively referred to as "Culpable Insiders"). Among other wrongful conduct, including that which is set forth in the criminal information filed on August 4, 2009 (Case 2:09-cr-00291) in which Milanowski is the named Defendant, the Culpable Insiders systematically looted USACM and DTDF to fund USA Investment Partners, LLC (USAIP), an entity that functioned as their personal "piggy bank", as well as other entities in which they stood to reap substantial personal profits. Milanowski and Hantges have asserted their constitutional privilege against self-incrimination under the Fifth Amendment and refused to answer substantive questions regarding these allegations.

SECOND AMENDED COMPLAINT — PAGE 4

12. In the aggregate, the Culpable Insiders misappropriated tens of millions of dollars from USACM and DTDF in order: (a) to fund the negative cash flow operations of USAIP and its vast network of affiliated entities; (b) to pay USAIP's obligations to third parties; and (c) to perpetuate the "Ponzi like" scheme that enabled multiple forms of looting to occur, all of which rendered USACM and DTDF insolvent at the time of the transfers set forth herein.[1]

13. USACM's inability to collect the funds due from USAIP contributed to USACM's insolvency, which supports the constructive fraudulent transfer claims asserted by Plaintiffs herein. Furthermore, a substantial reason USACM was insolvent was the fact that the USACM principals were engaged in the operation of a ponzi scheme and other forms of conduct that were detrimental to USACM.

14. Between April 13, 2002 and the Petition Date, USACM transferred approximately $10 million to one or more of the Defendants (collectively the "UFTA Transfers"). Approximately $4.3 million of this amount was transferred between April 13, 2005 and the Petition Date (collectively, the "§ 548 Transfers").

15. On November 1, 2004, DTDF transferred $3.25 million to Mary Petersen (the "DTDF Transfer").

---

[1] The Culpable Insiders fraudulently induced DTDF's investors to invest in DTDF, likely giving rise to contract and tort claims by DTDF investors against DTDF. Such contingent liabilities likely rendered DTDF insolvent for purposes of a fraudulent transfer claim, regardless of the distribution scheme to investors under the Joint Plan and under 11 U.S.C. § 510(b), which statute addresses the priority of distributions in a bankruptcy case rather than the allowance or disallowance of the types of claims described in § 510(b).

SECOND AMENDED COMPLAINT — PAGE 5

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (11 U.S.C. § 548(a)(1)(B))

16. The Plaintiffs re-allege and fully incorporate the allegations pleaded above as if fully set forth herein.

17. The § 548 Transfers each constituted a transfer of an interest of USACM in property.

18. The § 548 Transfers were made within one year of the Petition Date.

19. USACM received less than a reasonably equivalent value in exchange for each of the § 548 Transfers.

20. USACM was insolvent on the date each of the § 548 Transfers was made or became insolvent as a result of these § 548 Transfers.

21. As a result of the § 548 Transfers, USACM was engaged in business or a transaction or was about to engage in business or a transaction for which any property remaining with the USACM was unreasonably small capital.

22. As a result of the § 548 Transfers, USACM intended to incur or believed that it would incur debts that would be beyond its ability to pay as such debts matured.

23. Accordingly, pursuant to 11 U.S.C. § 548(a)(1)(B), the USACM Trust asks this Court to avoid the Transfers.

### SECOND CAUSE OF ACTION
### (11 U.S.C. § 544, NRS 112.190, and NRS 112.180(1)(b))

24. The Plaintiffs re-allege and fully incorporate the allegations pleaded above as if fully set forth herein.

25. The UFTA Transfers each constituted a transfer of an interest of USACM in property.

26. The DTDF Transfer constituted a transfer of an interest of DTDF in property.

27. The UFTA Transfers and the DTDF Transfer were made within the applicable four-year period under NRS 112.180(1)(b) and NRS 112.190.

28. On the date of the UFTA Transfers, the DTDF Transfer, and the Petition Date, there were creditors with allowable unsecured claims who could have avoided the UFTA Transfers and the DTDF Transfer pursuant to Nevada state law.

29. USACM received less than a reasonably equivalent value in exchange for each of the UFTA Transfers. DTDF received less than a reasonably equivalent value in exchange for each of the DTDF Transfer.

30. USACM was engaged or was about to engage in a business or a transaction for which the remaining assets of USACM were unreasonably small in relation to the business or the transaction. USACM was engaged in business or a transaction or was about to engage in business or a transaction for which any property remaining with USACM was unreasonably small capital. USACM intended to incur or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

31. DTDF was engaged or was about to engage in a business or a transaction for which the remaining assets of DTDF were unreasonably small in relation to the business or the transaction. DTDF was engaged in business or a transaction or was about to engage in business or a transaction for which any property remaining with DTDF was unreasonably small capital. DTDF intended to incur or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

32. Accordingly, the UFTA Transfers and the DTDF Transfer (a) are fraudulent transfers under NRS 112.180(1)(b) and NRS 112.190; and (b) may be recovered under NRS 112.220.

33. Pursuant to 11 U.S.C. § 544(b), the USACM Trust asks the Court to avoid the UFTA Transfers under applicable state law.  Pursuant to 11 U.S.C. § 544(b), DTDF asks the Court to avoid the DTDF Transfer under applicable state law.

### THIRD CAUSE OF ACTION
### (11 U.S.C. § 550(a) and NRS 112.220)

34. The Plaintiffs re-allege and fully incorporate the allegations pleaded above as if fully set forth herein.

35. The § 548 Transfers are avoidable under 11 U.S.C. § 548(a)(1)(B).

36. The UFTA Transfers and DTDF Transfer are avoidable under 11 U.S.C. § 544 (through NRS 112.180(1)(b), and NRS 112.190).

37. The value of the § 548 Transfers, the UFTA Transfers, and the DTDF Transfer are recoverable from one or more of the Defendants as an initial transferee pursuant to 11 U.S.C. § 550(a)(1) and/or NRS 112.220.

### V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs USACM Trust and DTDF respectfully request that the Court enter judgment as follows:

(a) Avoiding each of the § 548 Transfers, UFTA Transfers, and the DTDF Transfer;

(b) Directing Defendants to repay the value of the § 548 Transfers, UFTA Transfers, and DTDF Transfer.

(c) Directing Defendants to pay to the USACM Trust and/or DTDF all pre- and post-judgment interest on the § 548 Transfers, UFTA Transfers, and DTDF Transfer at the maximum rate allowable by law and/or equity;

(d) Directing Defendants to pay the USACM Trust's and DTDF's costs of court;

(e)  Awarding Plaintiffs such other relief that this Court deems just and proper.

Dated:  December 28, 2009.

| **DIAMOND MCCARTHY LLP** | **LEWIS AND ROCA LLP** |
|---|---|
| By: */s/ Eric D. Madden*<br>Allan B. Diamond, TX 05801800 (pro hac vice)<br>Eric D. Madden, TX 24013079 (pro hac vice)<br>Michael J. Yoder, TX 24056572 (pro hac vice)<br>909 Fannin, Suite 1500<br>Houston, Texas 77010<br>(713) 333-5100 (telephone)<br>(713) 333-5199 (facsimile) | By: */s/ Rob Charles*<br>Rob Charles, NV 6593<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, Nevada 89169-5996<br>(702) 949-8320 (telephone)<br>(702) 949-8321 (facsimile) |
| *Special Litigation Counsel for USACM Liquidating Trust and USA Capital Diversified Trust Deed Fund, LLC* | *Counsel for USACM Liquidating Trust* |