

E-Filed on 1/7/10

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[1]<br><br>USA SECURITIES, LLC,[2]<br><br>                                    Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[1]<br>Case No. BK-S-06-10729-LBR[2]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED, IN WHOLE OR IN PART, UPON INVESTMENT IN BOISE/GOWEN 93, LLC LOAN; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing: February 5, 2010<br>Time of Hearing: 9:30 a.m. |

The USACM Liquidating Trust (the "USACM Trust") moves under § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing the Proof of Claim filed by individual investors ("Direct Lenders") against USA

---

[1] This bankruptcy case was closed on October 12, 2007.

[2] This bankruptcy case was closed on December 26, 2007.

2138271.1



1  Commercial Mortgage Company ("USACM") to the extent such claims are based upon an
2  investment in the Boise/Gowen 93, LLC Loan (the "Boise/Gowen Loan").  This Objection
3  is supported by the Court's record and the Declaration of Edward M. Burr in Support of
4  Omnibus Objections to Proofs of Claim Based Upon the Investment in Boise/Gowen Loan
5  filed with the Court on January 30, 2008 [DE 5750] (the "Burr Decl.").

## I.   INTRODUCTION

On September 7, 2006, the borrower paid off the Boise/Gowen Loan in full.  In turn, USACM distributed the proceeds to the Direct Lenders who were paid in full, subject to servicing fees and any other charges under their respective Loan Servicing Agreements and this Court's orders, including the Confirmation Order.  This Objection seeks an order from the Court disallowing Direct Lender claims to the extent they are based upon an investment in the Boise/Gowen Loan.  To the extent a Direct Lender claim is based upon an investment in a different loan, it will not be impacted by this Objection.

## II.   JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C.  §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.   BACKGROUND

On April 13, 2006 ("Petition Date"), USACM, USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF," together with DTDF, the "Funds") (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of

2138271.1

the Bankruptcy Code.  Debtors' post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.  That business included the solicitation of individual investors to purchase fractional interest in loans that USACM originated and then serviced.  These investors, totaling approximately 3,600 as of the Petition Date, are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.  Although USACM serviced and sometimes originated the loans in which the Direct Lenders invested, generally USACM was not a borrower on these loans.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376] (the "Confirmation Order").  Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.  The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007.  Geoffrey L. Berman is the Trustee.

The spreadsheet attached as **Exhibit A** lists Proofs of Claim filed by Direct Lenders that appear to be based, in whole or in part, upon an investment in the Boise/Gowen Loan.  **Exhibit A** shows the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Boise/Gowen Loan based upon the information provided by the claimant.  The claims listed in **Exhibit A** are referred to hereafter as the Boise/Gowen

2138271.1



1  Claims.  A copy of the first page of the proof(s) of claim listed on **Exhibit A** is attached
2  as **Exhibit B**.

3  On or about September 7, 2006, the Boise/Gowen Loan was paid off in full, as
4  reflected in USACM's books and records.  (Burr Decl. ¶ 8.)  Shortly thereafter, USACM
5  processed the payoff and distributed the proceeds to the Direct Lenders on the
6  Boise/Gowen Loan.  *Id.*  The Direct Lenders were in turn paid in full for their investment
7  in the Boise/Gowen Loan, subject to servicing fees and any other charges under their
8  respective Loan Servicing Agreements and this Court's orders, including the Confirmation
9  Order.  (Burr Decl. ¶ 9.)  In general, the Direct Lenders received their principal and
10 interest on the Boise/Gowen Loan, less sums withheld for servicing fees, servicer
11 advances, Prepaid Interest and sums known as the 2% Holdback pursuant to the confirmed
12 Plan.  *Id.*  On the Effective Date of the Plan, the Prepaid Interest was applied, a portion of
13 the 2% Holdback was applied to the allowed claims of the Direct Lender Committee, and
14 the balance paid to the Direct Lenders.  *Id.*  Accordingly, the USACM Trust no longer has
15 further obligations to the Direct Lenders arising out of the Boise/Gowen Loan.  (Burr
16 Decl. ¶ 10.)

17 **IV.    OBJECTION**

18 Under the Bankruptcy Code, any Claim for which a proof of claim has been filed
19 will be allowed unless a party in interest objects.  If a party in interest objects to the proof
20 of claim, the Court, after notice and hearing, shall determine the amount of the Claim and
21 shall allow the Claim except to the extent that the Claim is "unenforceable against the
22 debtor . . . under any . . . applicable law for a reason other than because such claim is
23 contingent or unmatured."  11 U.S.C. § 502(b).  The USACM Trust is entitled to object to
24 proofs of claim under 11 U.S.C. § 502(a).  This objection is timely under the confirmed

Plan, as the deadline for such objections has been extended to February 5, 2010, by this Court's orders.

The USACM Trust objects to the Boise/Gowen Claims and requests that the Court disallow the claims listed in **Exhibit A** to the extent those claims are based upon a Direct Lender investment in the Boise/Gowen Loan because the Direct Lenders were paid in full on their investments in Boise/Gowen Loan. The USACM Trust asks that the Court sustain this objection and grant such other and further relief as is just and proper.

Dated: January 7, 2010.

LEWIS AND ROCA LLP

By /s/ John Hinderaker
Rob Charles, NV 6593
John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: rcharles@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent portion of
Exhibit A and B mailed by first class
Postage prepaid U.S. mail
On January 7, 2010 to:

All parties in interest listed on
Exhibit A attached

 /s/ Leilani Lista
Leilani Lista
Lewis and Roca LLP

2138271.1