**LEWIS AND ROCA LLP — LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-0961
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024 (Pro Hac Vice)
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 1/13/10

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br><br>                              Debtors. | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>Chapter 11 Cases<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>Judge Linda B. Riegle Presiding |
| USACM Liquidating Trust,<br><br>                    Plaintiff,<br><br>vs.<br><br>Los Valles Land & Golf, LLC, a Delaware Limited Liability Company, and Dan S. Palmer, Jr., a married man residing in California,<br><br>                    Defendants. | Adv. No. 08-01058<br><br>**MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN THE USACM TRUST, LOS VALLES LAND & GOLF, LLC, AND DAN S. PALMER, JR.**<br><br>Hearing Date: February 5, 2010<br>Time:  9:30 a.m. |

---

[1] This bankruptcy case was closed on September 23, 2008
[2] This bankruptcy case was closed on October 12, 2007.
[3] This bankruptcy case was closed on December 21, 2007.

263662.1

Geoffrey L. Berman, the trustee for the USACM Liquidating Trust (the "USACM Trustee"), hereby submits his Motion Seeking the Approval of the Settlement Agreement Between the USACM Liquidating Trust, Los Valles Land & Golf, LLC, and Dan S. Palmer, Jr. (the "Motion"), seeking entry of an order approving the Settlement Agreement and Release of Claims (the "Settlement Agreement") between the USACM Liquidating Trust (the "USACM Trust"), Los Valles Land & Golf, LLC ("LVLG") and Dan S. Palmer, Jr. ("Palmer").

This Motion is based on Bankruptcy Rule 9019, the Declarations of Geoffrey L. Berman and Dan S. Palmer, Jr.[4] filed in support of the Motion (the "Berman Declaration" and the "Palmer Declaration" respectively) and any argument and evidence presented to the Court at the hearing of the Motion. This Motion will be heard at the February 5, 2010 omnibus hearing. During the status conference on January 11, 2010, the Court orally granted the USACM Trust permission to have this Motion heard on shortened notice.

## I.    BACKGROUND

On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM") filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), which bankruptcy case was jointly administered with several related cases under bankruptcy case number BK-S-06-10725-LBR (the "USACM Bankruptcy Case").[5] The Bankruptcy Court confirmed the Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan") pursuant to an order entered on January 8, 2007 (the "Confirmation Order") and the Joint Plan became effective on March 12, 2007.[6] The USACM Trust was created pursuant to the Joint Plan and the Confirmation Order and Geoffrey L. Berman (the "USACM Trustee") serves as

---

[4] The USACM Trust has filed a motion with the Court seeking leave to file the Palmer Declaration under seal, due to Mr. Palmer's privacy concerns regarding his finances.
[5] Berman Declaration ¶ 4.
[6] *Id.*

the trustee of the USACM Trust.[7] Pursuant to the terms of the Joint Plan and the Confirmation Order, the USACM Trust now holds all potential pre- and post-petition claims and causes of action that USACM and the USACM Trust may have or may at any time have had.[8] The proposed settlement agreement presents a global resolution of the USACM Trust's adversary proceeding number 08-01058 (the "Pending Litigation") and LVLG's Proof of Claim No. 10725-01366 in the amount of $2,000,000 filed against USACM ("Proof of Claim").

### A.  Pending Litigation

On February 26, 2008, the USACM Trust commenced the Pending Litigation asserting claims for breach of a Letter Agreement dated October 6, 2006 ("Letter Agreement") by LVLG and Palmer, as LVLG's guarantor under the Letter Agreement.[9] The amended complaint seeks to recover as damages a "Deferred Extension Fee" for $586,000, plus interest at $177 per day from October 6, 2006 to the date of judgment. Also, the Letter Agreement calls for the payment of additional fees upon the sale of residential lots ("Deferred Exit Fees"). The amended complaint requests a declaratory judgment that LVLG and Palmer must pay the Deferred Exit Fees if any home sales occur in the future.[10] To date, no home sales have occurred and the lender, iStar Financial, has initiated the foreclosure process on the subject property.[11] LVLG and Palmer have continuously denied any liability on these claims on both factual and legal grounds. LVLG and Palmer have not conceded any of their defenses and have vigorously defended the Pending Litigation.[12] By order dated November 13, 2009, the Court granted the USACM Trust partial summary judgment. The Court ruled that the Letter Agreement is

---

[7] *Id.*
[8] *Id.*
[9] Berman Declaration ¶ 5.
[10] *Id.*
[11] Palmer Declaration ¶ 2. The USACM Trust has filed a motion seeking to file the Palmer Declaration under seal.
[12] Berman Declaration ¶ 7.

valid and enforceable, and allowed one affirmative defense - recoupment - to survive summary judgment.[13] LVLG's recoupment claim is based upon the claims alleged in the Proof of Claim. The Court was scheduled to consider granting summary judgment on several other affirmative defenses when the case settled.

### B. Proof of Claim

LVLG filed the Proof of Claim in the amount of $2,000,000 on November 13, 2006.[14] The Proof of Claim asserts pre-petition claims that arise primarily out of two theories: (1) USACM lacked a California real estate broker's license and therefore LVLG has damages equal to all broker's commission, paid and unpaid; and (2) USACM failed to deliver a timely payoff statement when requested and, when USACM did deliver a payoff statement dated February 23, 2005, it was wrongfully inflated and thus LVLG was unable to refinance the USACM loan on more favorable terms with another lender.[15] By order dated November 13, 2009, the Court granted the USACM Trust summary judgment on LVLG's claims that were premised on USACM's lack of a California Real Estate license, but denied summary judgment on LVLG's claims arising out of USACM's alleged failure to deliver a timely and accurate payoff statement.[16]

### C. The Settlement.

The USACM Trust and Palmer have engaged in substantial settlement negotiations to resolve the Pending Litigation and the Proof of Claim in an effort to minimize the costs and time that must be dedicated to a trial, and to avoid the risk inherent in proceeding to trial. These settlement discussions, which have been at arm's-length and in good faith, have culminated in the Settlement Agreement.[17]

---

[13] *Id.*
[14] *Id.* at ¶ 8.
[15] *Id.*
[16] *Id.*
[17] *Id.* ¶ 10.

4

263662.1

The proposed Settlement Agreement (attached as Exhibit A to the Berman Declaration) provides in pertinent part as follows:

### Settlement Consideration

- Palmer shall pay $75,500 to the USACM Trust within three (3) business days after the Effective Date of this Agreement (the "Settlement Payment"). The Parties hereby stipulate and agree that, in the event of a "Default", as described below, a stipulated judgment may be entered in favor of the USACM Trust and against LVLG and Palmer (the "Stipulated Judgment"), in the amount of $586,000. The Stipulated Judgment shall be in the form attached hereto as Exhibit 1. This term is a material part of this Agreement. It shall be an event of "Default" under this Agreement in the event that LVLG and Palmer fail to make the Settlement Payment within three (3) business days of the Effective Date of this Agreement (as provided for, above) or, if Palmer pays by check, the check does not clear the bank upon which it is drawn and, after receiving written notice of the Default, LVLG or Palmer has not cured the Default within five business days. In the event of a Default, the Trust may make a motion, on an ex parte basis, with ex parte notice to LVLG and Palmer in the manner provided for under this Agreement, to have the Court enter the Stipulated Judgment and to have it recorded and pursue all available rights and remedies.

In the event the Settlement Payment received by the Trust under this Agreement is avoided under (i) 11 U.S.C. §§ 544, 547, 548, 549, 550 or 553, or (ii) applicable non-bankruptcy law permitting the avoidance of preferential or fraudulent transfers (each of (i) and (ii), an "Avoidance Law"), then (a) the release provided by the USACM Trust below in Section B shall be automatically deemed void with regard to the person or entity that filed bankruptcy as of the effective date of this Agreement and the USACM Trust shall be allowed to re-assert each of its claims and causes of action set forth in the Pending Litigation against the person or entity for the full amount of all sums claimed by the USACM Trust in the Pending Litigation, and (b) all statutes of limitations, statutes of repose, equitable defenses of latches, and all other time-related bars and defenses applicable to the USACM Trust's claims in the Pending Litigation shall be deemed tolled as of the date that LVLG and Palmer sign this agreement until 45 days after avoidance of the Settlement Payment. For the purposes of clarification and not limitation, the tolling provision of the previous sentence includes any time period prescribed by Rule 4007 of the Federal Rules of Bankruptcy Procedure for the filing of a complaint to determine the dischargability of a debt under 11 U.S.C. § 523, and in the event any benefit is avoided, this Agreement shall be deemed a stipulation by Palmer to extend such period for filing a dischargability complaint to the end of the tolling period prescribed in the previous sentence.

- Within three (3) business days after the Effective Date of this Agreement, LVLG shall withdraw the Proof of Claim defined above, without the right to assert later that such claims should participate in any distribution to allow unsecured creditor claims.

263662.1

- Upon the USACM Trust's receipt of the funds constituting the Settlement Payment the USACM Trust, LVLG and Palmer shall immediately file a stipulation dismissing, with prejudice, the Pending Litigation.[18]

### Effective Date

- "Effective Date" means the first business day which is eleven (11) days after entry of an order by the Bankruptcy Court in the USACM Bankruptcy Case authorizing the USACM Trust to enter into the Agreement (the "Approval Order").

### Releases

- Release of Claims by LVLG and Palmer. Upon the Effective Date of this Agreement, LVLG and Palmer, individually and collectively, on behalf of all of their respective Affiliates, in their capacities as such, fully releases and discharges USACM, the USACM Trust, the USACM Trustee and all of their respective Affiliates from any and all Claims, from the beginning of time through the Effective Date of this Agreement, including, but not limited to, those arising out of or relating to the Pending Litigation and the Proof of Claim (the "LVLG Released Claims").[19]

## II. LEGAL ARGUMENT

The Joint Plan does not expressly require Bankruptcy Court to approve proposed settlements. Rather, the Joint Plan provides that the USACM Trust shall have the discretion to:

> commence, prosecute, defend against, recover on account of, and settle all rights, Claims, causes of action, defenses, and counterclaims in their sole discretion in accordance with what is in the best interests, and for the benefit, of the Debtors or the Post-Effective Date Entities.[20]

In an abundance of caution, and as required by the Settlement Agreement, the USACM Trust seeks the Bankruptcy Court's approval of the Settlement Agreement pursuant to Bankruptcy Rule 9019 and notes that compromise and settlement agreements have long been an inherent component of the bankruptcy process.[21]

---

[18] Settlement Agreement, pp. 2-3, attached as Exhibit A to the Berman Declaration.
[19] Settlement Agreement, p. 3, attached as Exhibit A to the Berman Declaration.
[20] Joint Plan, pp. 47-48, 59.
[21] *Protective Comm. for Index Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 424 (1958) (citing *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).

LEWIS AND ROCA LLP LAWYERS

Bankruptcy Rule 9019(a) that governs the approval of settlement agreements in bankruptcy proceedings, provides that "[on] motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct."[22]

Pursuant to this rule, compromises are favored in bankruptcy; therefore, the decision of the bankruptcy judge to approve or disapprove the compromise of the parties rests in his or her sound discretion.[23] The law favors compromise "as long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise."[24] Public policy favors pretrial compromises because litigation "can occupy a court's docket for years on end, depleting resources of the parties and the taxpayers while rendering meaningful relief elusive."[25]

The United States Supreme Court has expressed that a bankruptcy settlement must be fair and equitable.[26] The Ninth Circuit Court of Appeals has enunciated that "in order to determine whether a proposed settlement is fair and equitable, the bankruptcy court must consider four factors: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in

---

[22] Fed. R. Bankr. P. 9019(a).
[23] *In re Stein*, 236 B.R. 34, 37 (Bankr. D. Or. 1999).
[24] *In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986).
[25] *In re Grau*, 267 B.R. 896, 899 (Bankr. S.D.Fla 2001), quoting *Matter of Munford, Inc.,* 97 F.3d 449, 455 (11th Cir. 1996).
[26] *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968).

the premises."[27]  The debtor is not necessarily required to satisfy each of these factors as long as the factors as a whole favor approving the settlement.[28]

However, the settlement does not have to be the best the debtor could have possibly obtained; rather, the settlement must only fall "within the reasonable range of litigation possibilities."[29]

> There is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion—and the judge will not be reversed if the appellate court concludes that the settlement lies with that range.[30]

The bankruptcy court "need not conduct an independent investigation into the reasonableness of the settlement but must only 'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'"[31]

The proposed Settlement Agreement surpasses this standard and is fair and reasonable and in the best interest of the estate's creditors.[32]  First, LVLG has asserted a recoupment defense to USACM's claims in the Pending Litigation and has stated that it will vigorously defend the litigation through trial and that it will pursue its Proof of Claim through trial.[33]  LVLG's recoupment defense is factually complicated and would require evidence and legal briefing.  The USACM Trust's success is uncertain.[34]

---

[27] *In re Stein*, 236 B.R. at 37; *In re A&C Properties*, 784 F.2d at 1381; *Schmitt v. Ulrich*, 215 B.R. 417, 421 (B.A.P. 9th Cir. 1997).
[28] *In re Pacific Gas and Electric Co.*, 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004); *In re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr. D. Or. 2002).
[29] *In re Adelphia Comm. Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (citing *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979) ("Indeed, a court may approve a settlement even if it believes that the Trustee ultimately would be successful."  *Id*.).
[30] *Id*. (citing *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)).
[31] *Id*. (citing *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)); *Ars Brook, LLC v. Jalbert* (*In re Servisense.com, Inc*.), 382 F.3d 68, 71-72 (1st Cir. 2004); *In re Energy Cooperative, Inc.*, 886 F.2d 921, 929 (7th Cir. 1989); *New Concept Housing, Inc. v. Poindexter et al*. (*In re New Concept Housing, Inc*.), 951 F.2d 932, 938 (8th Cir. 1991).
[32] Berman Declaration ¶¶ 9-11.
[33] *Id*. ¶ 7.
[34] *Id*.

263662.1

1  Second, Palmer has provided a declaration to the USACM Trust relating to LVLG's and Palmer's inability to pay in full any judgment that might be rendered against them.[35] The USACM Trust has, concurrent with this motion, filed a motion to file the Palmer Declaration under seal. The Palmer Declaration shows that even if the USACM Trust were successful in recovering a judgment in the Pending Litigation, LVLG would have no assets available to satisfy a judgment and Palmer would have limited assets to satisfy a judgment.[36] Thus, the Trust would encounter serious difficulties in collecting on a judgment against LVLG and Palmer. The Trust's concerns about collecting a judgment from Palmer are heightened by the October 22, 2009 disclosure that Mr. Palmer has been diagnosed with leukemia.[37] A letter from Palmer's treating physician, Lawrence D. Piro, M.D., indicates that Mr. Palmer's bone marrow is heavily infiltrated with leukemia; that his condition is serious; and his prognosis is uncertain at this time.[38] That letter is attached as "Exhibit B" to the Berman Declaration.

Third, the proposed Settlement Agreement benefits other creditors by eliminating LVLG's $2,000,000 Proof of Claim. The Settlement Agreement ensures that LVLG will receive no distribution from the estate and the reserve established for this proof of claim will become available for distribution to allowed creditor beneficiaries at such time as the Trust moves for and obtains approval to make its second interim distribution

Fourth, the proposed Settlement Agreement represents the culmination of arm's-length negotiations undertaken with an appreciation of the time and expense required to try the issues.[39] By incorporating the Proof of Claim, the USACM Trust believes that it has reached a satisfactory global settlement that resolves several competing claims without

---

[35] *Id*. at ¶ 9.
[36] *Id*.
[37] *Id*.
[38] *Id*.
[39] *Id*. ¶ 12.

incurring further expense.[40] The expense, inconvenience, and delay inherent in any adversary proceeding undertaken to resolve the Pending Litigation and the Proof of Claim weighs heavily in favor of approval of the Settlement Agreement.[41] Moreover, although there is a trial set to begin on February 1, 2010, Mr. Palmer has filed a motion to continue the trial because of his illness. Given the severity of Mr. Palmer's illness, it is uncertain whether the case will be tried on February 1, 2010 and, if a continuance is granted, when the case could be tried in the future given Mr. Palmer's uncertain prognosis.

Fifth, the paramount interest of creditors which the Court must consider in deciding whether to approve a proposed compromise generally "reflects not only the desire of creditors to obtain the maximum possible recovery but also their competing desire that that recovery occur in the least amount of time."[42] The USACM Trustee contends that the probability of success and collection of a judgment that might be obtained is outweighed by the costs and inherent delays to be incurred in taking both the Pending Litigation and the Proof of Claim to trial and then attempting to collect on a judgment.[43]

After a thorough evaluation of all available information, the USACM Trustee believes that approval of the Settlement Agreement is fair and equitable and in the best interest of the USACM Trust's creditors because it efficiently alleviates several ongoing disputes, including disputed proofs of claim filed in the Debtors' cases and eliminates potential subsequent liability to the USACM Trust.[44]

Finally, the USACM Trustee believes that the proposed Settlement Agreement falls within a reasonable range of likely outcomes of the Pending Litigation and Proofs of Claim, after accounting for litigation risks, costs, and delay associated with trial, appeal

---

[40] *Id.* ¶¶ 14-15.
[41] *Id.*
[42] *In re Marples*, 266 B.R. 202, 207 (Bankr. D. Idaho 2001).
[43] Berman Declaration ¶ 13.
[44] *Id.* ¶ 17.

and ultimately, if successful, collection of any judgment awarded.[45] The proposed Settlement Agreement also will not result in any negative impact on any third parties.

### III. CONCLUSION

For the foregoing reasons, the USACM Trustee respectfully requests that this Court grant this Motion, thereby approving the proposed Settlement Agreement, and grant such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED January 13, 2010.

**LEWIS AND ROCA LLP**

By ___s/ John Hinderaker (#018024)___
Rob Charles
John Hinderaker *(pro hac vice)*
*Attorneys for USACM Liquidating Trust*

---

[45] *Id.* ¶ 17.

| | |
|---|---|
| 1 | COPY of the foregoing served via e-mail this 13th day of January, 2010 addressed to: |
| 2 | |
| 3 | Jeffrey Lee Costell, Esq.<br>Costell & Corenelius Law Corporation |
| 4 | 1299 Ocean Avenue, #400<br>Santa Monica, CA  90401 |
| 5 | jlcostell@costell-law.com<br>Attorneys for Los Valles Land & Golf LLC and |
| 6 | Dan S. Palmer, Jr. |
| 7 | Pauline Ng Lee, Esq.<br>Holland, Holland & Hart LLP |
| 8 | 3930 Howard Hughes Parkway, 4th Floor<br>Las Vegas, NV  89169 |
| 9 | plee@hollandhart.com<br>Attorneys for Los Valles Land & Golf LLC |
| 10 | |
| 11 | Parties in interest listed on the Post Effective Date Service List on file with the Court |
| 12 | |
| 13 | _s/Renee L. Creswell_____<br>Lewis and Roca LLP |

263662.1