**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

*Attorneys for USACM Liquidating Trust*

E-Filed on 2/23/10

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br>                               Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR<br><br>**OBJECTION OF USACM TRUST TO PROOF OF CLAIM OF TOBIAS VON EUW REVOCABLE TRUST DATED 11/23/04 AS FILED PARTIALLY IN WRONG DEBTOR'S CASE (WITH CERTIFICATE OF SERVICE)**<br><br>Date of Hearing: April 22, 2010<br>Time of Hearing: 9:30 a.m. |

---

[1] This bankruptcy case was closed on September 23, 2008.

[2] This bankruptcy case was closed on October 12, 2007.

[3] This bankruptcy case was closed on December 21, 2007.

2158602.1



Tobias Von Euw Revocable Trust Dated 11/23/04 ("Tobias Von Euw") filed Proof of Claim No. 10725-02481 against USA Commercial Mortgage Company ("USACM") in the amount of $1,468,967.93 (the "Claim"). As required by Nevada LR 3007, a copy of the first page of the proof of claim is attached as Exhibit A. The USACM Liquidating Trust (the "USACM Trust") objects to the allowance of $947,616.84 of the Claim because it is based upon an investment in USA Capital Diversified Trust Deed Fund ("DTDF") and was therefore filed in the wrong debtor case. This objection does not affect the remainder of the Claim, which is based upon a direct lender investment in specific loans.

Counsel for DTDF has confirmed that Tobias Von Euw has an allowed proof of interest in the DTDF case for two investments, one in the amount of $504,496.89, and another for $443,119.95, for a total of $947,616.84. This objection will not prejudice Tobias Von Euw's rights as a DTDF member to recover for this membership interest.

This objection is made pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

I.   **JURISDICTION**

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007. The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

II.  **BACKGROUND**

On April 13, 2006 ("Petition Date"), USACM, USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC



("FTDF," together with DTDF, the "Funds") (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtors' post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

USACM is a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" [Docket No. 2376].

Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee.

### III.   APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a Proof of Claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the Proof of Claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

The USACM Trust is entitled to object to Proofs of Claim under 11 U.S.C. § 502(a). This objection is timely under the confirmed Plan, as the deadline for such objections has been extended to May 10, 2010, by this Court's orders.

2158602.1



## IV. OBJECTION TO CLAIM

USACM Trust objects to the allowance of $947,616.84 of the Claim because it is based upon an investment in DTDF and was therefore incorrectly filed in the USACM case. This is demonstrated by the documentation to the Proof of Claim, provided by Tobias Von Euw.

The USACM Liquidating Trust ("USACM Trust"), as successor to USACM entered into a settlement with USA Capital Diversified Trust Deed Fund, LLC. On April 1, 2008, the Order Granting Motion to Approve Settlement Agreement with USA Capital Diversified Trust Deed Fund, LLC [DE 6091] was signed by this Court. Because DTDF was granted a $128 million unsecured claim in the USACM Estate, any claim held by Tobias Von Euw against USACM solely on account of the investment in DTDF is derivative of DTDF's claims against USACM, and Tobias Von Euw may not prosecute such claims on Tobias Von Euw's own behalf.

In *In re Van Dresser Corp.*, plaintiff was a shareholder of Van Dresser, which owned two subsidiaries.[4] The president of Van Dresser looted the subsidiaries, ultimately forcing them and Van Dresser into bankruptcy. The plaintiff had guaranteed $1.125 million in loans to the debtor, and had to repay them when debtor defaulted. Plaintiff then sued the debtor's principal, and two other defendants (who he alleged aided and abetted the corporate looting) for various torts, including conversion, breach of fiduciary duty, and civil conspiracy.

The court stated that a debtor's trustee has the exclusive right to assert a debtor's claims, and that a claim belongs solely to the debtor's estate if the debtor could have raised

---

[4] *In re Van Dresser Corp.*, 128 F.3d 945 (6th Cir. 1997).



the claim at the commencement of the bankruptcy case.[5]  Additionally, if a judgment against a defendant by either the debtor or another party asserting the debtor's claim precludes the other from recovery, then the claims are not independent of each other and belong exclusively to the debtor.[6]

Thus, because both the plaintiff and the debtor corporation could state claims for damages against the defendants, but only one could recover on those claims, by default the claims were exclusively property of the Van Dresser trustees.[7]  In order for a plaintiff to bring a claim, either the trustee must have truly abandoned the claim, or the plaintiff must be able to allege a distinct and specific injury.[8]

Counsel for DTDF has confirmed that Tobias Von Euw has an allowed proof of interest in the DTDF case in the amount of $947,616.84.  This objection does not seek to prejudice the rights of Tobias Von Euw as a DTDF member to recover from the DTDF estate on a pro rata basis on account of Tobias Von Euw's membership interest in the amount of $947,616.84.  Tobias Von Euw shall retain his already approved interest in DTDF in the amount of $947,616.84, as reflected in the books and records of DTDF, and Tobias Von Euw is entitled to receive distributions on a pro rata basis with all other DTDF members.

## V.    CONCLUSION

Accordingly, the USACM Trust, pursuant to Bankruptcy Code section 502, Federal Rule of Bankruptcy Procedure 3007, and Local Rule of Bankruptcy Practice 3007, seek

---

[5] *Id*. at 947 (*citing In re Educators Group Health Trust*, 25 F.3d 1281, 1284 (5th Cir. 1994); *see also In re Real Marketing Services, LLC*, 309 B.R. 783 (S.D. Cal. 2004) (citing *Van Dresser* with approval in a case involving an LLC debtor).

[6] *Id*.

[7] *Id*. at 948.

[8] *Id*. at 949 (for example, a claim for the attorneys' fees plaintiff incurred defending the suits on the guaranty).

2158602.1

LEWIS AND ROCA LLP
LAWYERS

1  entry of an order that will disallow $947,616.84 of Tobias Von Euw's claim against
2  USACM. This will not affect Tobias Von Euw's existing equity interest in DTDF in the
3  amount of $947,616.84. USACM Trust reserves the right to object to the remaining
4  balance of the claim at a later date.

5    DATED: February 23, 2010.

**LEWIS AND ROCA LLP**

By /s/ John Hinderaker (#18024)
    Rob Charles, NV 6593
    John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: rcharles@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

**PROOF OF SERVICE**

Copy of the foregoing mailed by First Class, U.S. Mail, postage prepaid, on February 23, 2010 to the following party:

Tobias Von Euw Revocable Trust Dated 11/23/04
c/o Tobias Von Euw Trustee
2448 Lark Sparrow St.
Las Vegas, NV 89084-3726


 /s/ Leilani Lista
Leilani Lista
Lewis and Roca LLP

6

2158602.1