**LEWIS AND ROCA LLP**
**LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: JHindera@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 4/12/10

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>USA Capital Realty Advisors, LLC,[1]<br><br>USA Capital Diversified Trust Deed Fund, LLC,<br><br>USA Capital First Trust Deed Fund, LLC,[2]<br><br>USA Securities, LLC,[3]<br>                            Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>Chapter 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**Motion To Permit Objection To Proofs Of Claim To Be Mailed To Most Current Address Supplied By Creditor Or Creditor's Authorized Agent (with Certificate of Service)**<br><br>Date: May 11, 2010<br>Time: 9:30 a.m. |

      The USACM Liquidating Trust (the "USACM Trust") moves this Court for an order permitting the USACM Trust to serve objections to the allowance of proofs of claim on creditors at the most current address provided by the creditor or its authorized agent.

---

[1] This bankruptcy case was closed on September 23, 2008.

[2] This bankruptcy case was closed on October 12, 2007.

[3] This bankruptcy case was closed on December 21, 2007.

2169094.1

LEWIS
AND
ROCA
LLP
LAWYERS

This Motion is based upon the following Memorandum of Points and Authorities and is supported by the Court's record and the declaration of Edward M. Burr filed this date.

## MEMORANDUM

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" As Modified Herein [DE 2376]. Notice of Entry of the Confirmation Order was filed on January 9, 2007, and served on January 11 and 12, 2007 [DE 2387]. The proof of claim deadline was November 13, 2006. The deadline for Direct Lenders to file proof of claim was January 13, 2007.

The USACM Trust has worked with BMC as the original noticing agent, Sierra Consulting Group, LLC and Lewis and Roca staff to try to ensure that each creditor or other entity entitled to notice received notice, and that the addresses used for notice are accurate.

The original master mailing matrix was maintained and updated by BMC. The USACM Trust believes from communications with BMC that as proofs of claim were filed through BMC, BMC updated its mailing list to account for addresses listed on the proofs of claim.

Debtors' amended mailing list, maintained by BMC, is no longer accurate. For example, since the creditors filed their proofs of claim, numerous creditors have notified the USACM Trust that their addresses have changed. The USACM Trust has retained Sierra Consulting to track claims. When address changes are received by the Trust, they are forwarded to Sierra Consulting to up date its records. Also, some notices of changed address have been sent directly to Sierra Consulting. These updated addresses have not been filed with the Court, but Sierra Consulting has updated its database as it has received updated address information.

The USACM Trust has also worked with BMC to take the original and amended mailing lists and update them as creditors provide notices of change of address.

2169094.1

Similarly, when mail is returned undeliverable, the USACM Trust has used Sierra Consulting and Lewis and Roca personnel to research the creditor name, searching for valid addresses.

The USACM Trust now has a working service list that tracks change of address information and deletes addresses where mail is returned as undeliverable.

During the post-confirmation administration, the USACM Trust has filed objections to certain proofs of claim; and more will be filed along with notices and other motions, etc. The Trust requests the Court's permission to provide notice to creditors at the updated, current addresses provided to the Trust, rather than outdated addresses, whether those listed on Debtors' master mailing list or listed on certain proofs of claim. The Trust has not eliminated duplicate addresses, only those addresses that have proven to be invalid due to returned mail. If the Trust were required to serve the creditors at those invalid addresses, merely because the address was listed on a master mailing list or proof of claim, the act would be futile and cause unneeded expense. The remedy for this problem — allowing notices to be sent to the updated addresses — complies with the bankruptcy laws and better serves the creditors' due process rights.

## I. DISCUSSION

Typically, under Rule 2002(g) of the Federal Rules of Bankruptcy Procedure, copies of objections to proofs of claim should be mailed to creditors at the addresses in the most recent court filing, which here are the proofs of claim. Fed. R. Bankr. P. 2002(g). But the rule can also be satisfied by providing the receiving party with actual notice, because "[i]n bankruptcy, a procedural rule requiring notice is adequately complied with whereby a party not receiving formal notice does receive actual notice and has some available remedy to set aside the judgment." *In re Travelstead*, 227 B.R. 638, 648 (D. Mich. 1998) (holding creditor had no recourse where her claim had not been scheduled, but she nonetheless knew of the bankruptcy, filed motions, and participated in hearings);

*In re Am. Dev. Int'l Corp.*, 188 B.R. 925, 934 (N.D. Tex. 1995) (holding that rule had been satisfied where party actually received notice and participated in hearing); *In re Toth*, 61 B.R. 160, 166 (Bankr. N.D. Ill. 1986) (holding that rule was complied with where creditor was aware of filing, had been invited by court to respond, and engaged in dilatory tactics relating to that filing). Thus, as long as the creditors receive actual notice, Rule 2002(g) has been satisfied.

Sending objections to the updated addresses on file also better serves the creditors' due process rights because that practice is best calculated to inform them of the objection. *In re La Sierra Financial Servs., Inc.*, 290 B.R. 718, 733 (9th Cir. B.A.P. 2002): *In re Eagle Bus. Mfg., Inc.*, 62 F.3d 730, 736 (5th Cir. 1995) (applying this rule to notice of bar dates). In fact, mailing the notice to an updated address increases the likelihood that due process will be satisfied. *See Mackie v. Production Oil Co.*, 100 B.R. 826, 828 (N.D. Tex. 1988) (noting that in bankruptcy case, notice is adequate if it is reasonably calculated to achieve "actual notice").

If the Trust is aware that the address on the proof of claim is no longer valid, it will satisfy Rule 2002(g) by mailing objections to the updated address. This practice would ensure that the creditors receive actual notice. In addition, their due process rights will best be satisfied by this procedure. The Court should authorize this procedure rather than requiring the Trust to mail notices to addresses that are known to be outdated, which furthers no purpose and wastes the estate's money.

**II.    CONCLUSION**

The USACM Trust requests that the Court enter an order permitting the USACM Trust to satisfy the notice requirements of Rule 2002(g) by providing notice to creditors at the most current, or last known, mailing address(es) provided to the USACM Trust by the creditor or its authorized agent.


LEWIS AND ROCA LLP
LAWYERS

Dated: April 12, 2010.

**LEWIS AND ROCA LLP**

By /s/ JH (#018024)
Robert M. Charles, Jr., NV 6593
John Hinderaker, AZ 18024 (pro hac vice)
*Attorneys for USACM Liquidating Trust*

Proof of service

Copy of the foregoing posted on the USACM Liquidating Trust website and served on April 12, 2010 via email, where an email address is listed, or by first class mail, postage prepaid U.S. Mail, addressed to:

All parties in interest listed on the Post Effective Date Service List on file with the Court

 s/Jennifer Cook
Lewis and Roca LLP

2169094.1