**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: JHindera@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on
April 13, 2010

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>USA Capital Realty Advisors, LLC,[1]<br><br>USA Capital Diversified Trust Deed Fund, LLC,<br><br>USA Capital First Trust Deed Fund, LLC,[2]<br><br>USA Securities, LLC,[3]<br>                                Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**DECLARATION OF EDWARD M. BURR IN SUPPORT OF MOTION TO FURTHER EXTEND DEADLINE TO FILE OBJECTION TO ALLOWANCE OF CLAIMS; AND CERTIFICATE OF SERVICE**<br><br>Date: May 11, 2010<br>Time: 9:30 a.m. |

I Edward M. Burr, hereby declare under penalty of perjury that:

I am a principal with Sierra Consulting Group, LLC ("Sierra").

---

[1] This bankruptcy case was closed on September 23, 2008.

[2] This bankruptcy case was closed on October 12, 2007.

[3] This bankruptcy case was closed on December 26, 2007.

267303.1

LEWIS
AND
ROCA
LLP
LAWYERS

I submit this declaration on behalf of the Motion to Further Extend Deadline to File Objection to Allowance of Claims (the "Motion") [DE 8033] filed by the USACM Liquidating Trust (the "USACM Trust"), as successor to USA Commercial Mortgage Company ("USACM").

Sierra previously served as financial adviser to the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company ("Committee").

I assisted the Committee in analyzing facts concerning these jointly administered bankruptcy cases, including scheduled liabilities and proofs of claim.  The Committee ceased to exist on March 12, 2007, the Effective Date of the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization ("Plan"), and I am now assisting the USACM Liquidating Trust ("USACM Trust") created under the Plan.

I make the following declaration based upon my personal knowledge, and upon the records of the Debtors and the USACM Trust described in this declaration.

I understand that under the Plan as modified by the Confirmation Order, the deadline for interested parties to object to Allowance of Claims and Equity Interests was 90 days after the Effective Date, or June 10, 2007.  That deadline was further extended to October 9, 2007 by a June 29, 2007 order [DE 4097] after a hearing held on June 22, 2007.  The deadline was further extended to October 15, 2007 by a bridge order that was approved at a hearing held on August 23, 2007 [DE 4625].  On October 11, 2007, the Court entered an order [DE 4971] extending the deadline to February 12, 2008.  On January 22, 2008, the Court entered an order [DE 5709] extending the deadline to June 12, 2008.  On May 13, 2008, the Court entered an order [DE 6347] extending the deadline to October 10, 2008.  On December 2, 2008, the Court entered an Order [DE 6636] extending the deadline to February 9, 2009.  On February 19, 2009, this Court entered an order [DE 6843] extending the deadline to June 9, 2009.  On May 7, 2009 entered an order [DE 7105] extending the deadline to October 7, 2009.  On October 27, 2009 entered an

267303.1

order [DE 7680] extending the deadline to February 4, 2010. On February 1, 2010 entered an order [DE 7945] extending the deadline to June 4, 2010.

To date there have been filed:

- seven administrative claims totaling $2,016,499 — there are no unresolved administrative claims;
- 100 priority claims totaling $6,975,181 — there is one unresolved priority claim for $32,844;
- 1668 secured claims filed totaling $290,860,033 — all secured claims are resolved or have been converted to unsecured claims;
- 1,241 unsecured claims totaling $635,814,820 — as of August 31, 2009, there were $317,343,683 unresolved unsecured claims remaining; and
- 69 unknown claims totaling $316,496 — all unknown claims have been resolved or objected to.
- Two objections to the status of an administrative claim for $62,496 that have been sustained, resulting in the claims being reclassified as unsecured. There are no unresolved administrative claims.
- Objections to 76 priority claims that have been sustained and reclassified as unsecured in aggregate of $5,122,367. There is one unresolved alleged priority claim remaining for $32,844. The Trust will be requesting that the Court hold a status conference on that matter on October 5, 2009.
- Objections to 1,659 secured claims that have been sustained and reclassified as unsecured (subject to potential further objection) in the aggregate amount of $289,967,960. There are no unresolved secured claims that assert liens on assets owned by the Trust.[4]

---

[4] Unfortunately, numerous direct loans secured by borrower property have not been resolved.

3

267303.1

LEWIS AND ROCA LLP LAWYERS

- As of August 31, 2009, $178,660,053 in unsecured claims have been allowed and $453,780,843 have been disallowed, leaving a total of $211,641,798 in unresolved unsecured claims.

- Objections to 81 "wrong debtor" claims, in the aggregate amount of $13,584,227, were sustained. The Trust believes that it has made all of the available "wrong debtor" objections.

- Objections to 158 claims for lack of documentation in the amount of $23,447,974 have been sustained.

- Objections to 40 claims based on miscellaneous grounds in the amount of $87,822,585. Thirty six of these objections have been sustained totaling $74,163,923; 4 claims were partially deemed allowed in the amount of $13,658,662.

- Direct Lenders' claims in the amount of $93,073,703, principally on loans paid in full by the borrowers. The Court has sustained these objections or the claimants have agreed that they are not making a claim based upon the paid loan in question. 19 claims totaling $743,293 in the Rio Rancho, Beastar, and Beau Rivage loans.

- A stipulation has been executed and an order signed which provides for the disallowance of the Spectrum and Weddell proofs of claim in the amount of $125,000,000.

- Thirty-two objections to claims based on the Palm Terrace lawsuit totaling $64,000,000; of which 31 claims have been disallowed in their entirety and one claim was deemed partially allowed in the amount of $50,000 with the remaining portion of the claim disallowed. Thus, $63,950,000 of the Palm Terrace Claims have been disallowed.

267303.1

LEWIS
AND
ROCA
LLP
LAWYERS

The Trust prosecuted objections to claims, including the Loans known as Opaque Mt Edge $7,350,000; HFA Riviera; HFA Riviera 2nd; Hasley Canyon; Fiesta Beaumont $2.4 million; Ashby Financial Company $7,200,000; Glendale Tower Partners, LLC; Golden State Investments II; 5252 Orange, LLC; Midvale Market Place, LLC; Urban Housing Alliance – 435 Lofts Loan; Boise/Gowen 93, LLC; LCG Gilroy, LLC; J Jireh's Corporation; One Point Street, LLC – HFA North Yonkers; Goss Road Loan; Elizabeth May Real Estate Loan; Slade Development; Wasco Investments, LLC; I-40 Gateway West, LLC 2nd; Cottonwood Hills, LLC; Standard Property Development, LLC; Meadow Creek Partners; I-40 Gateway West; Gateway Stone; Palm Springs Marquis Hotel; Roam Development; Del Valle Isleton; Preserve at Galleria; and Copper Sage Commerce I. The Trust has other adversary proceedings pending that constitute claims objections.

Further, as the Trust has received information from claimants, it has entered into stipulations for the allowance and disallowance of priority and unsecured claims. Conversely, some claimants have stipulated to either withdraw their claims or have them reclassified as unsecured claims upon discussion with the USACM Trust's counsel.

Not all of the claims objections can be resolved through motions. The Court has ordered that the Trust's objection to claim 1366 of Los Valles Land & Golf, LLC be consolidated with a related adversary proceeding filed by the Trust against Los Valles and its guarantor, Dan S. Palmer, Jr.

USACM Trust has 99 direct lender loans on record for which investors have filed a proof of claim asserting money owed. To date USACM Trust has objected to proofs of claims based on 27 of these loans for having been repaid in full. There are 3 additional paid in full loans that also have amounts scheduled for unremitted principal. USACM Trust has objected to the proofs of claims based on these loans, USACM Trust has objected to the difference between the amount asserted on the proof of claim and the predetermined amount allowed as an unsecured claim for the subject loan. There will be

267303.1

an additional 69 direct lender loans outstanding after these loans are resolved, the majority of these loans are being serviced by Compass Financial. USACM Trust has been unable to obtain the status of these outstanding loans from Compass Financial.

I make this declaration under penalty of perjury of the laws of the United States of America on April 13, 2010.

By /s/ *Edward M. Burr*
Edward M. Burr

LEWIS
AND
ROCA
LLP
L A W Y E R S

1  Copy of the foregoing served on April
   13, 2010, via e-mail or first class postage
2  prepaid U.S. Mail to all parties listed on
   the Post Effective Date Service List on
3  file with this Court:

4

5   s/Renee L. Creswell
   Renee L. Creswell
6  Lewis and Roca LLP

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

267303.1