LEWIS AND ROCA LLP LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

E-Filed on 5/14/10

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

USA COMMERCIAL MORTGAGE COMPANY,

USA CAPITAL REALTY ADVISORS, LLC,[1]

USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,

USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]

USA SECURITIES, LLC,[3]

Debtors.

**Affects:**
☐ All Debtors
☒ USA Commercial Mortgage Company
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA Capital First Trust Deed Fund, LLC
☐ USA Securities, LLC

Case No. BK-S-06-10725-LBR
Case No. BK-S-06-10726-LBR[1]
Case No. BK-S-06-10727-LBR
Case No. BK-S-06-10728-LBR[2]
Case No. BK-S-06-10729-LBR[3]

CHAPTER 11

Jointly Administered Under Case No. BK-S-06-10725 LBR

**SECOND OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED IN WHOLE OR IN PART UPON INVESTMENT IN THE 60TH STREET VENTURE, LLC LOAN**

Date of Hearing: June 15, 2010
Time of Hearing: 9:30 a.m.

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing the Proofs of Claim filed by individual investors ("Direct Lenders")

---

[1] This bankruptcy case was closed on September 23, 2008.
[2] This bankruptcy case was closed on October 12, 2007.
[3] This bankruptcy case was closed on December 21, 2007.

268504.1



against USA Commercial Mortgage Company ("USACM") to the extent such claims are based upon an investment in the 60th Street Venture, LLC Loan (the "60th Street Loan"). To the extent such claimants are based upon investments in other loans, they will not be affected by this objection. This Objection is supported by the Court's record and the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the 60th Street Loan filed with the Court today (the "Berman Decl." and "Burr Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  BACKGROUND

On April 13, 2006 ("Petition Date"), USA Commercial Mortgage Company ("USACM") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of individual investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the 60th

268504.1

LEWIS AND ROCA LLP LAWYERS

Street Loan. The sale to Compass closed on February 16, 2007. The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution[, LLC] and took ownership of the Purchased Assets. … Silar created Asset Resolution as a "single purpose entity," conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets. (citations omitted)" Asset Resolution is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[4] A trustee has been appointed in the Asset Resolution case.

The Trust has attempted to monitor loan collections through monitoring the district court litigation, but candidly has only limited information concerning servicing and

---

[4] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Anchor B SPE LLC, and Shamrock SPE LLC.

268504.1

LEWIS AND ROCA LLP LAWYERS

resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution.

## II. JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III. APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## IV. THE 60TH STREET LOAN DIRECT LENDERS

On December 22, 2005, 60th Street Venture, LLC made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a Promissory Note, in an amount of $3,700,000 (the "Note"). (Berman Decl., ¶ 3.)

The Note is secured by a second position Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing ("Deed of Trust") on real property and

improvements thereon, as described in the Deed of Trust.  (Berman Decl., ¶ 4.)  The Deed of Trust was originally recorded on December 30, 2005 at Instrument Number 2005-1119677 in the Official Records of the San Diego County Recorder's Office.  (Berman Decl., ¶ 5.)

The Deed of Trust expressly states that the deed is in "second position."  (Berman Decl., ¶ 6.)  The Offer Sheet providing information about the 60th Street Loan that was, upon information and belief, supplied or made available to the 60th Street Claimants prior to their lending money, expressly states that the investment is a **"SUBORDINATED TRUST DEED INVESTMENT"** (emphasis in the original) and further states that the collateral will consist of a "second deed of trust."  A copy of the Offer Sheet is attached hereto as **Exhibit C.**  (Berman Decl., ¶ 7.)  Moreover, the Offer Sheet's stated loan to value calculation is supported by the property's Aggregate Retail Value as of November 11, 2004, as assessed by CB Richard Ellis in a November 18, 2004 appraisal.  (Berman Decl., ¶ 8.)

The Note is also secured by a Guaranty USACM entered into with Matthew Maisel and Rob Presley (the "Guarantors"), wherein the Guarantors expressly agreed to pay all indebtedness owed by 60th Street Venture, LLC related to the Note.   (Berman Decl., ¶ 9.)

According to USACM records, the 60th Street Loan was performing, in that interest was being paid from a reserve, but the Loan defaulted on August 1, 2006.  During the bankruptcy case, USACM treated sums due to the Direct Lenders in accordance with this Court's orders and the confirmed Plan.  The USACM Trust does not know the ultimate disposition of this loan or whether the Direct Lenders will be repaid in whole or in part.[5]  (Berman Decl., ¶ 10.)

---

[5] In the Asset Resolution, LLC bankruptcy (BK-S-09-32824-RCJ), a motion to transfer the loan servicing agreement and related rights for the 60th Street Loan to Gross FLS, LLC was filed on April 23, 2010, and is pending before the Court.

## V. THE OBJECTIONS

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based in part upon an investment in the 60th Street Loan. (Burr Decl. ¶ 7.) **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the portion of the claim that appears to be related to an investment in the 60th Street Loan based upon the information provided by the claimant. (Burr Decl. ¶ 7.) The claims listed in **Exhibit A** are referred to hereafter as the 60th Street Claims. As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the above-referenced claims are attached as **Exhibit B**.

The Direct Lenders fail to state a claim because the Direct Lenders took a calculated risk by investing money in a loan secured only by a *second deed of trust*. The 60th Street Claimants accepted greater potential returns in exchange for greater risk of default given their more tenuous secured position. Consequently, USACM is not liable should the collateral's current value prove insufficient to generate a return for the 60th Street Claimants.

The Direct Lenders fail to state a claim because USACM did not guarantee the Direct Lenders' investment in the 60th Street Loan. USACM is not liable for the Borrower's default or any decrease in the value of the collateral caused by the downturn in the real estate market.

The Direct Lenders fail to state a claim as USACM has not breached the servicing contract. USACM was under no duty to foreclose on the collateral securing the 60th Street Loan.

To the extent that the Direct Lenders were repaid, or are repaid in the future, on the 60th Street Loan, their claims should be reduced accordingly.

268504.1

## VI. CONCLUSION

The USACM Trust respectfully requests that the Court disallow the claims listed in **Exhibit A** to the extent these claims are based upon an investment in the 60th Street Loan. To the extent the claims listed are based upon investments in other loans, they are not affected by this objection. The USACM Trust also requests such other and further relief as is just and proper.

Dated: May 14, 2010.

LEWIS AND ROCA LLP

By s/John Hinderaker (AZ 18024)
Robert M. Charles, Jr., NV 6593
John Hinderaker, AZ 18024 (*pro hac vice*)
Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
E-mail: JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent portion of Exhibit A mailed by first class postage prepaid U.S. Mail on May 14, 2010 to all parties listed on Exhibit A attached.

LEWIS AND ROCA LLP

s/ Renee L. Creswell

268504.1