E-filed on May 21, 2010

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 9490-8321

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Special Litigation Counsel for USACM Liquidating Trust

Counsel for USACM Liquidating Trust

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | Judge Linda B. Riegle |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | APPLICATION TO COMPROMISE AND SETTLE CONTROVERSIES WITH ANTHONY MONACO, SUSAN K. MONACO, AND MONACO DIVERSIFIED CORPORATION. |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Hearing Date: June 15, 2010<br>Hearing Time: 9:30 a.m. |

## APPLICATION UNDER 11 U.S.C. § 9019
## TO COMPROMISE AND SETTLE CONTROVERSIES AGAINST ANTHONY MONACO, SUSAN K. MONACO, AND MONACO DIVERSIFIED CORPORATION IN ADV. NO. 08-01125

The USACM Liquidating Trust (the "USACM Trust"), hereby files this *Application to Compromise and Settle Controversies with Anthony Monaco, Susan K. Monaco and Monaco*

1

*Diversified Corporation* (the "<u>Motion</u>") and moves this Honorable Court for an order pursuant to Federal Rule of Bankruptcy Procedure 9019 ("Rule 9019") approving the *Settlement Agreement, Mutual Release, and Covenants* (the "<u>Settlement Agreement,</u>" attached hereto as Exhibit "A") between the USACM Trust, on the one hand, and Anthony Monaco, Susan K. Monaco and Monaco Diversified Corporation on the other (the "<u>Monaco Defendants</u>") (collectively the Monaco Defendants and the USACM Trust shall be referred to as the "<u>Parties</u>").

This Motion is made pursuant to Federal Rule of Bankruptcy Procedure 9019 and is based upon the points and authorities listed herein, the Declaration of Geoffrey L. Berman in Support of the Motion for Approval of Settlement Pursuant to Rule 9019 the Federal Rules of Bankruptcy Procedure (the "<u>Berman Declaration</u>," hereto attached as Exhibit "B"), and the Affidavits of each of the Monaco Defendants (the "Monaco Affidavits," hereto attached as Exhibit "C"), and any evidence and argument to be presented at the time of the hearing of this Motion.

## BACKGROUND FACTS

### *The USACM Trust*

On April 13, 2006 (the "<u>Petition Date</u>"), USA Commercial Mortgage Company ("<u>USACM</u>") and certain of its affiliated companies and subsidiaries (collectively, the "<u>Debtors</u>"), each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Nevada (the "<u>Bankruptcy Court</u>"). The Debtors' chapter 11 cases are being jointly administered under Bankruptcy Case No. BK-S-06-10725-LBR (the "<u>USA Capital Bankruptcy Case</u>"). On January 8, 2007, the Bankruptcy Court confirmed the Third Amended Joint Chapter 11 Plan of Reorganization (the "<u>Joint Plan</u>"), and on March 12, 2007, the Joint Plan became effective and the Debtors emerged from bankruptcy.

The USACM Trust was created pursuant to the Joint Plan and is governed by the provisions of the Liquidating Trust Agreement (the "USACM Trust Agreement"). The Joint Plan expressly retained the Debtors' causes of action for enforcement by the USACM Trust, pursuant to 11 U.S.C. § 1123(b)(3)(B). Accordingly, the USACM Trust now holds any and all potential claims and causes of action, whether arising pre-petition or post-petition, that USACM and the USACM Trust may have or may at any time have had against the Monaco Defendants.

*The Pending Litigation*

On April 11, 2008, the USACM Trust commenced adversary proceeding number 08-01125, entitled *USACM Liquidating Trust v. Eagle Ranch, et al.* (the "Adversary Proceeding") seeking restitution from the Monaco Defendants related to the unjust enrichment they received in connection with approximately $7.4 million transferred by USACM to real estate development projects in which the Monaco Defendants held direct or indirect equity interests. Ex. B, ¶ 4. The Monaco Defendants denied each and every one of the USACM Trust's allegations in the Adversary Proceeding.

*The Proposed Settlement*

Following a series of discussions between the USACM Trust and the Monaco Defendants, through their respective counsel, the Parties reached an agreement to resolve the Adversary Proceeding as against the Monaco Defendants subject to the execution of a settlement agreement that is approved by the Bankruptcy Court. Ex. B, ¶ 5. The material terms of the Proposed Settlement are summarized as follows: [1]

1.   Anthony Monaco, Susan Monaco and MDC, jointly and severally, unconditionally agree to a judgment against all the Defendants in the amount of Five Million Five Hundred

---

[1] The following is solely a summary of the terms of the Settlement Agreement, and in no way is intended as an amendment, modification, or supplementation of the Settlement Agreement terms. The terms of the written settlement agreement between the Parties shall prevail in the event of any conflict with this summary. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

3

1    Thousand Dollars ($5,500,000) in accordance with the terms and conditions contained herein.

2    2.    The Defendants shall deliver to the USACM Trust a fully executed Agreed Judgment in the amount of Five Million Five Hundred Thousand Dollars ($5,500,000) substantially in the form as that attached hereto as Exhibit "A" (the "**Agreed Judgment**"). Defendants expressly authorize the USACM Trust to file the Agreed Judgment with the Bankruptcy Court or any other court of competent jurisdiction to consider such matters, and upon the Bankruptcy Court's approval of the terms of this Settlement Agreement, Defendants agree to take any and all necessary steps to enter the judgment in the United States District Court, District of Nevada in the matter Case No. 2:09-CV-01947-RCJ-PAL currently before Judge Jones (the "District Court").

3.    Upon execution of this Settlement Agreement and the Agreed Judgment (but before the entry of the Agreed Judgment), the Plaintiff shall file the motion to approve the settlement. This Motion satisfies this term of the settlement.

4.    The Parties will enter the judgment upon the Bankruptcy Court's granting, orally and/or in a written order, whichever comes first, the Rule 9019 Motion approving this Agreement.

5.    Subject to and upon entry of the Agreed Judgment as set forth in this Agreement, and in no event before the entry of the Agreed Judgment, the Plaintiff fully releases and discharges the Monaco Released Parties from any and all liability with respect to the USACM Trust Released Claims.

6.    Upon entry of the Agreed Judgment as set forth in this Agreement, the Defendants, on behalf of themselves and the Monaco Released Parties, fully release and discharge the USACM Trust Released Parties from any and all liability with respect to the Monaco Released Claims.

7.    The Parties agree to take whatever action necessary to suspend trial proceedings pending the approval of this Settlement pursuant to Rule 9019.

8.    The Parties each agree to take such actions and execute such documents (and, where applicable, so instruct their counsel) as may be reasonably necessary to implement the terms of this Agreement, including, without limitation, obtaining approval of this Agreement by the Bankruptcy Court under Federal Rule of Bankruptcy Procedure 9019.

## <u>ARGUMENT</u>

Bankruptcy Rule 9019 provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019. In order to approve a compromise and settlement, the Court must find that it is fair and equitable to the

4

estate and, "[i]n determining the fairness, reasonableness and adequacy of a proposed

settlement, the court must consider:   (a) the probability of success in the litigation; (b) the

difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the

litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d)

the paramount interest of the creditors and a proper deference to their reasonable views in the

premises." *Arden v. Motel Partners (In re: Arden)*, 156 F.3d 729 (9th Cir. 1999); *Martin v.*

*Kane (In re A&C Properties)*, 784 F.2d 1377 (9th Cir. 1986), *cert. denied,* 479 U.S. 854 (1986).

The USACM Trust is not required to satisfy each of these factors so long as the factors

as a whole favor approving the settlement. *See In re Pacific Gas & Electric Co.,* 304 B.R. 395,

416 (Bankr. N.D.Cal. 2004).  In considering the factors, "a precise determination of the likely

outcome is not required, since an exact judicial determination of the values at issue would

defeat the purpose of compromising the claim." *In re Telesphere Comm's, Inc.,* 179 B.R. 544,

553 (Bankr. N.D.Ill. 1994) (internal quotations omitted).  Thus, rather than determining various

issues of fact and law, the court should "canvass the issues and see whether the settlement

fall[s] below the lowest point in the range of reasonableness." *In re Lion Capital Group,* 49

B.R. 163, 175 (Bankr. S.D.N.Y. 1985) (internal quotations omitted).

The USACM Trust respectfully submits that the Proposed Settlement satisfies each of

these factors.  If the proposed settlement it is not approved by this Court, the USACM Trust will

be required to incur significant additional expenses to pursue the Adversary Proceeding against

the Monaco Defendants.  The settlement was reached on the eve of the trial between the parties

to this settlement.  As such, if this settlement is not approved the Trust would have to seek a new

trial date and immediately prepare for trial at significant cost to the Trust.  Even if the USACM

Trust were ultimately successful at trial, there is substantial uncertainty concerning the ability to

recover any resulting judgment from the Monaco Defendants.  Ex. B, ¶ 6.

Moreover, even if the USACM Trust were ultimately successful at trial against the Monaco Defendants, there is substantial likelihood that the USACM Trust would have to endure both the cost and delay of an appeal by the Monaco Defendants.  Mr. Monaco's assets are insufficient to satisfy a judgment on the damages that the USACM Trust was seeking at trial that could have been levied against him as a result of a USACM's claim against him in the above-captioned lawsuit, and he has no liquid assets to contribute to this settlement.  Ex. C.

During settlement discussions, the Monaco Defendants made disclosures, and provided supporting documentation to the USACM Trust regarding their financial condition.  The Monaco Defendants have advised that they are not in a financial position to make any settlement involving a cash component, and based on discussions with the Monaco Defendants, the USACM Trust believes that is the case.  Ex. B. ¶ 7.

The terms of the proposed settlement fall within the reasonable range of likely outcomes of the Adversary Proceeding against the Monaco Defendants and will eliminate litigation risks, costs, and delay associated with trial and a potential appeal.  Ex. B, ¶ 8.  The proposed settlement is the product of arms length bargaining, without fraud or collusion.  Ex. B, ¶ 9.  The proposed settlement will thus facilitate recoveries for the benefit of the beneficiaries of the USACM Trust who have suffered a loss as a result of the events leading to the USA Bankruptcies without the further expenditure of significant funds of the Trust.  Ex. B, ¶ 9.

Accordingly, the USACM Trust has concluded in the exercise of its reasonable business judgment that the benefits gained by resolving the Adversary Proceeding on the terms set forth in the proposed settlement exceed any benefit that the USACM Trust would likely receive in fully litigating this matter.  Ex. B, ¶ 10.

## CONCLUSION

For the foregoing reasons, the USACM Trust respectfully requests that this Court

approve the proposed settlement on the terms set forth above and provide such other and further relief as the Court deems appropriate.

Respectfully submitted May ___, 2010.

**DIAMOND MCCARTHY LLP**

By: ___ */s/ Allan B. Diamond* ___
Allan B. Diamond, TX 05801800 (pro hac vice)
909 Fannin, Suite 1500
Houston, Texas 77010
(713) 333-5100 (telephone)
(713) 333-5199 (facsimile)

*Special Litigation Counsel for*
*USACM Liquidating Trust*

**LEWIS AND ROCA LLP**

By: ___ */s/ Rob Charles* ___
Rob Charles, NV 6593
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169-5996
(702) 949-8320 (telephone)
(702) 949-8321 (facsimile)

*Counsel for USACM Liquidating Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on the __th day of May 2010, I caused to be served a true and correct copy of the foregoing **APPLICATION TO COMPROMISE AND SETTLE CONTROVERSIES** by electronic transmission to the Post-Confirmation Service List, dated March 31, 2009, and to counsel for the Monaco Defendants as follows: Harold P. Gewerter, Harold P. Gewerter Esq. Ltd., 2705 Airport Drive, North Las Vegas, Nevada, 89032, Harold@gewerterlaw.com, counsel of record for the Monaco Defendants.

/s/ ___ *Catherine Burrow* ___
Catherine Burrow, Legal Assistant

7