LEWIS AND ROCA LLP
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br>                                    Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**SECOND OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED IN PART UPON INVESTMENT IN THE CHARLEVOIX HOMES LOAN**<br><br>Date of Hearing:  September 23, 2010<br>Time of Hearing:  10:30 a.m.<br>Estimated Time for hearing:  10 min. |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing the Proofs of Claim listed in **Exhibit A**. These claims were filed by

---

[1] This bankruptcy case was closed on September 23, 2008.
[2] This bankruptcy case was closed on October 12, 2007.
[3] This bankruptcy case was closed on December 21, 2007.

2217097.1



individual investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") based in part upon an investment in a loan (the "Charlevoix Homes Loan") to Charlevoix Homes, LLC ("Borrower"). To the extent such claims are based upon investments in other loans, they will not be affected by this objection.  This Objection is supported by the Court's record and the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the Charlevoix Homes Loan, both of which were filed with the Court today (the "Berman Decl." and "Burr Decl.")**.**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND FACTS

#### a.  The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USA Commercial Mortgage Company ("USACM") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.  That business included the solicitation of individual investors to purchase fractional interest in loans that USACM originated and then serviced.  These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376].  As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this

2217097.1

Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Charlevoix Homes Loan. The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution[, LLC] and took ownership of the Purchased Assets. … Silar created Asset Resolution as a "single purpose entity," conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets. (citations omitted)" Asset Resolution is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[4] A trustee has been appointed in the Asset Resolution case.

---

[4] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Anchor B SPE LLC, and Shamrock SPE LLC.

The Trust has attempted to monitor loan collections through monitoring the district court litigation, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution.

The Trust notes that by Order entered on July 19, 2010 by the Hon. Robert C. Jones in United States Bankruptcy Court (Case No. BK-S-09-32824-RCJ), the servicing rights for 19 loans were transferred to Cross, FLS. The Charlevoix Homes Loan was not, however, among the loans whose servicing rights were transferred to Cross, FLS.

### b. The Charlevoix Homes Loan

In about March 2006, USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for a second position acquisition and development loan to a borrower identified as "Charlevoix Homes, LLC." A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. (Berman Decl., ¶ 4.) The total loan amount proposed was $3.4 million. The loan would be used by Charlevoix Homes would use to develop a 92 lot subdivision in Chandler, Arizona. The Offer Sheet described the investment as a "Subordinated Trust Deed" and noted that the investment would be secured by a subordinated deed of trust to the senior lender, "M&I Bank in Phoenix." The Offer Sheet indicated that the loans would be repaid through the construction and sale of homes and stated that the combined loan to value would be approximately 92% based on the bulk value of finished lots. The loan to value figures listed in the Offer Sheet were supported by an appraisal from Grumley Valuation & Consulting of Phoenix, Arizona dated February 17, 2006.

On April 2, 2006, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Deed of Trust" (the "Note") and a related "Loan Agreement" ("Loan Agreement") (Berman Decl., ¶5.)

The Note and Loan Agreement provided for an acquisition and development loan of $3,400,000. (Berman Decl., ¶5.)

The Note is secured by a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing ("Deed of Trust") on real property and improvements thereon, as described in the Deed of Trust. (Berman Decl., ¶ 6.) The Deed of Trust was recorded on April 6, 2006 in the Official Records of the Maricopa County, Arizona. (Berman Decl., ¶ 7.) The Deed of Trust was, pursuant to a Subordination Agreement executed on April 6, 2006, in second position to a $15,000,000 acquisition and development loan from M&I Marshall and Ilsley Bank and a future construction loan of $8,300,000. (Berman Decl., ¶ 8.) The Subordination Agreement was recorded on April 6, 2006 in the Official Records of the Maricopa County, Arizona. (Berman Decl., ¶ 8.)

According to USACM records, Borrower was performing on the Note as of July 31, 2006 and was still performing as of February 28, 2007. (Berman Decl., ¶ 9.) A review of the public records of Maricopa County indicates that M&I foreclosed on the subject property on May 22, 2008. (Berman Decl, ¶ 10.) A review of the public records of Maricopa County do not indicate that M&I Bank has foreclosed on the subject property or that title has transferred from Borrower. (Berman Decl, ¶ 10.)

During this bankruptcy case, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders and the confirmed Plan. Beyond what it was able to determine from the Maricopa County public records the USACM Trust does not know the ultimate disposition of the Charlevoix Homes Loan, the collateral securing that loan or whether the Direct Lenders were be repaid in whole or in part. (Berman Decl., ¶ 11.)

   c. The Charlevoix Homes Claims

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based in part upon an investment in the Charlevoix Homes Loan. (Burr Decl. ¶ 7.)

2217097.1



**Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Charlevoix Homes Loan based upon the information provided by the claimant (in this instance the Trust is objecting to the entire claim). (Burr Decl. ¶ 7.) The claims listed in **Exhibit A** are referred to hereafter as the "Charlevoix Homes Claims." As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the above-referenced claims are attached as **Exhibit C**.

## II. JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III. APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

2217097.1

## IV. THE OBJECTION

The Charlevoix Homes Loan appears to have been a legitimate, arms-length transaction. The loan to value figures represented to the Direct Lenders in the Offer Sheet were supported by what appears to be a legitimate appraisal prepared for M&I Bank. In addition, the Direct Lenders knowingly took a calculated risk by entering into an investment secured by a deed of trust junior to that of M&I Bank.

The Direct Lenders listed in **Exhibit A** fail to state a claim based upon the Charlevoix Homes Loan because USACM did not guarantee the Direct Lenders' investment in the Charlevoix Homes Loan. USACM is not liable for the Borrower's default or any decrease in the value of the collateral caused by the downturn in the real estate market.

The Direct Lenders fail to state a claim because USACM did not breach the loan servicing agreements with respect to collection of the Charlevoix Homes Loan. USACM was under no duty to foreclose on the collateral securing the Charlevoix Homes Loan or take any other action.

To the extent that the Direct Lenders were repaid, or are repaid in the future, on the Charlevoix Homes Loan, their claims should be reduced accordingly.

2217097.1

## V. CONCLUSION

The USACM Trust respectfully requests that the Court disallow the claims listed in Exhibit A to the extent these claims are based upon an investment in the Charlevoix Homes Loan. The USACM Trust also requests such other and further relief as is just and proper.

Dated: August 4, 2010.

LEWIS AND ROCA LLP

By s/John Hinderaker (AZ 18024)
Robert M. Charles, Jr., NV 6593
John Hinderaker, AZ 18024 (*pro hac vice*)
Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
E-mail: JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent portion of Exhibits mailed by first class postage prepaid U.S. Mail on August 4, 2010 to all parties listed on Exhibit A attached.

LEWIS AND ROCA LLP

s/Renee L. Creswell

2217097.1