**LEWIS AND ROCA LLP — LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br>           Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**THIRD OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED IN PART UPON INVESTMENT IN THE HUNTSVILLE LOAN AKA THE WEST HILLS PARK LOAN**<br><br>Date of Hearing:  September 23, 2010<br>Time of Hearing:  10:30 a.m.<br>Estimated Time for hearing:  10 min. |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing in part the Proofs of Claim listed in **Exhibit A**. These claims were filed

---

[1] This bankruptcy case was closed on September 23, 2008.
[2] This bankruptcy case was closed on October 12, 2007.
[3] This bankruptcy case was closed on December 21, 2007.

2223774.1

by investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") based in part upon an investment in a loan to West Hills Park Joint Venture ("Borrower"). This loan is sometimes referred to as the "Huntsville Loan" and that is how we will refer to it here. This Objection is supported by the Court's record and the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the Huntsville Loan aka the West Hills Park Loan, filed with this objection (the "Berman Decl." and "Burr Decl.")**.**

THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDERS' CLAIMS AS SECURED CREDITORS IN THE HUNTSVILLE SPE, LLC BANKRUPTCY, BK-S-09-32824-RCJ.  THE OBJECTION RELATES ONLY TO THE CLAIMS MADE BY THE DIRECT LENDERS AGAINST USACM, WHICH BROKERED AND SERVICED THE HUNTSVILLE LOAN, BUT DID NOT GUARANTEE ITS REPAYMENT.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   BACKGROUND FACTS

#### a.   The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that

USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Huntsville Loan. The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution[, LLC] and took ownership of the Purchased Assets. … Silar created Asset Resolution as a "single purpose entity," conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets. (citations omitted)" Asset Resolution, LLC ("ARC") is now a

debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[4] William A. Leonard, Jr. was appointed trustee in the Asset Resolution case.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution.

The Trust notes that by Order entered on July 19, 2010 by the Hon. Robert C. Jones in United States Bankruptcy Court (Case No. BK-S-09-32824-RCJ), the servicing rights for 19 loans were transferred to Cross, FLS. The Huntsville Loan was not, however, among the loans whose servicing rights were transferred to Cross, FLS.

**b. The Huntsville Loan**

In about March 2004, USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "West Hills Park Joint Venture." A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. (Berman Decl., ¶ 4.) The total loan amount proposed was up to $13,000,000.00. The loan would be used by Borrower for a commercial development on property located in Huntsville, Texas. The Offer Sheet described the investment as a "First Trust Deed" and noted that the investment would be secured by a first deed of trust on approximately 38 acres of land and a subordinated deed of trust on three other parcels totaling 50 acres. The Offer Sheet indicated that the loans would be repaid through the sale of retail pads to end users and indicated that the loan to

---

[4] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Anchor B SPE LLC, and Shamrock SPE LLC. The court docket and Bankruptcy Schedules filed for Huntisville SPE LLC in BK-S-09-32824-RCJ indicate that the debtor holds title to the real property that secured the Huntsville Loan through a tax lien foreclosure. The summary of schedules indicates that the value of the property is $2,375,000 and the total amount of secured claims scheduled was $6,002,724.53.

4

2223774.1

value would be approximately 62% on the combined parcel appraisals done by Commercial Realty Advisors, Inc. dated September 19, 2003. The Trust was unable to locate a copy of this appraisal, but has assumed it will support this figure.

On March 13, 2004, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Deed of Trust" (the "Note") and a related "Construction Loan Agreement" ("Loan Agreement") (Berman Decl., ¶5.) The Note and Loan Agreement provided for a loan in the initial principal amount of $9,000,000, but allowed USACM to increase the loan amount up to $12,500,000. The loan was intended to fund the acquisition of a portion of the subject property and construction of the contemplated commercial development. (Berman Decl., ¶5.)

On July 17, 2004, Borrower executed a first amendment to the deed of trust and a first amendment to loan documents that provided for the funding of an additional $250,000; On December 8, 2004, Borrower executed a second amendment to the deed of trust and a first amendment to loan documents that provided for the funding of an additional $750,000; On February 28, 2004, Borrower executed a third amendment to the deed of trust and a first amendment to loan documents that provided for the funding of an additional $475,000, bringing the total principal amount of the loan to $10,475,000.

The Note was secured by a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing ("Deed of Trust") on real property and improvements thereon, as described in the Deed of Trust. (Berman Decl., ¶ 7.) The Deed of Trust was recorded in the Official Records of the Walker County, Texas on April 7, 2004. (Berman Decl., ¶ 7.)

The loan came due on April 7, 2005 with the principal amount outstanding of $10,475,000 and interest due in the amount of $507,118.05 through April 30, 2005. The

parties entered into a loan extension agreement that extended the due date of the loan for one year to April 7, 2006.  Tom Curtis of Curtis Development guaranteed the loan.

According to the USACM "Loan Summary" filed in this case, Borrower was not performing on the Note as of July 31, 2006.  (Berman Decl., ¶ 9.)  A review of the public records of Walker County, Texas indicates that the parcels located in Walker County that secured the loan are no longer owned by West Hills Park Joint Venture and at least some of the parcels that secured the loan are owned by an affiliate of ARC. (Berman Decl., ¶ 9.)

During this bankruptcy case, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders and the confirmed Plan.  Beyond what it was able to determine from the Walker County public records, the USACM Trust does not know the ultimate disposition of the Huntsville Loan, the collateral securing that loan or whether the Direct Lenders were repaid in whole or in part.  (Berman Decl., ¶ 10.)

### c. The Huntsville Claims

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based in part upon an investment in the Huntsville Loan.  (Burr Decl. ¶ 7.)  **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Huntsville Loan based upon the information provided by the claimant. (Burr Declaration ¶ 7.)   The claims listed in **Exhibit A** are referred to hereafter as the "Huntsville Claims."  As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the above-referenced claims are attached as **Exhibit C**.

### II.     JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

### III. APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

### IV. THE OBJECTION

The Huntsville Loan appears to have been a legitimate, arms-length transaction. In addition, the Direct Lenders took a known risk by investing in a promissory note.

The Direct Lenders listed in **Exhibit A** fail to state a claim based upon the Huntsville Loan because USACM did not guarantee the Direct Lenders' investment in the Huntsville Loan.

USACM is not liable for the Borrower's default or any decrease in the value of the collateral caused by the downturn in the real estate market.

The Direct Lenders fail to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the Huntsville Loan. USACM was under no duty to foreclose on the collateral securing the Huntsville Loan or take any other action.

2223774.1

This objection will not affect the Direct Lenders' right to be repaid on the Huntsville Loan by the Borrower or from the sale of any collateral that secured the Huntsville Loan.

## V. CONCLUSION

The USACM Trust respectfully requests that the Court disallow the claims against USACM listed in **Exhibit A** in part because those claims are based in part upon an investment in the Huntsville Loan. This objection concerns only the Huntsville Loan and not any other claims of any of the Direct Lenders. ALSO, THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDERS' CLAIMS AS SECURED CREDITORS IN THE HUNTSVILLE SPE, LLC BANKRUPTCY, BK-S-09-32824-RCJ. The USACM Trust also requests such other and further relief as is just and proper.

Dated: August 17, 2010.

LEWIS AND ROCA LLP

By s/John Hinderaker (AZ 18024)
Robert M. Charles, Jr., NV 6593
John Hinderaker, AZ 18024 (*pro hac vice*)
Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
E-mail: JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent portion of Exhibits mailed by first class postage prepaid U.S. Mail on August 17, 2010 to all parties listed on Exhibit A attached.

LEWIS AND ROCA LLP

 s/ Marilyn Schoenike

2223774.1