E-filed on 8/31/10

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust and
USA Capital Diversified Trust Deed Fund, LLC

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile  (702) 949-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED<br>FUND, LLC,<br><br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | Judge Linda B. Riegle |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | **MOTION FOR APPROVAL OF<br>SETTLEMENT PURSUANT TO<br>RULE 9019 OF THE FEDERAL<br>RULES OF BANKRUPTCY<br>PROCEDURE**<br><br>Hearing Date:    OST pending<br>Hearing Time:   OST pending |

The USACM Liquidating Trust (the "USACM Trust") and USA Capital Diversified

Trust Deed Fund, LLC ("DTDF") file this Motion for Approval of Settlement Pursuant to Rule

9019 of the Federal Rules of Bankruptcy Procedure (the "Motion"), seeking entry of an order

approving the Settlement Agreement, Mutual Release, and Covenants between DTDF, on the

one hand, and Stanley E. Fulton ("Fulton"), on the other hand.  A proposed form of order is attached hereto as Exhibit "A."

This Motion is made pursuant to Federal Rule of Bankruptcy Procedure 9019 and is based on the points and authorities listed herein, the Declaration of Michael A. Tucker in Support of the Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Tucker Declaration") attached hereto as Exhibit "B," the Declaration of Geoffrey L. Berman in Support of the Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Berman Declaration") attached hereto as Exhibit "C," the pleadings, papers, and other records on file with the clerk of the Court, judicial notice of which is hereby respectfully requested, and any argument or evidence to be presented at the time of the hearing of the Motion.

## BACKGROUND FACTS

### A.    The Bankruptcy Case

On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM"), DTDF, and certain affiliated companies and subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").  The Debtors' chapter 11 cases are being jointly administered under Bankruptcy Case No. BK-S-06-10725-LBR (the "USA Capital Bankruptcy Case").  On January 8, 2007, the Bankruptcy Court confirmed the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan"), and on March 12, 2007, the Joint Plan became effective and the Debtors emerged from bankruptcy.

The Joint Plan expressly retained USACM's causes of action for enforcement by the USACM Trust, pursuant to 11 U.S.C. § 1123(b)(3)(B).  The Joint Plan expressly retained DTDF's causes of action for enforcement by DTDF, pursuant to 11 U.S.C. § 1123(b)(3)(B).  Accordingly, the USACM Trust and DTDF now hold any and all potential claims and causes of action, whether arising pre-petition or post-petition, that USACM and DTDF, respectively, may

2

have or may at any time have had against Fulton.  Geoffrey L. Berman serves as the trustee of the USACM Trust (the "<u>USACM Trustee</u>").  Michael A. Tucker serves as the Manager of DTDF (the "<u>DTDF Manager</u>").

**B.    The Pending Adversary Proceeding**

On April 12, 2008, DTDF commenced adversary proceeding number 08-01132, entitled *USA Capital Diversified Trust Deed Fund, LLC v. Stanley E. Fulton* (the "<u>Fulton Litigation</u>"), seeking to recover approximately $2.25 million in DTDF funds that were transferred to Fulton prior to the Petition Date (collectively, the "<u>DTDF Transfers</u>").[1]  In the Fulton Litigation, DTDF asserted various claims related to the DTDF Transfers, including:  (1) fraudulent transfer claims pursuant to 11 U.S.C. §§ 544 and 550, and sections 112.180 and 112.220 of the Nevada Revised Statutes (the "<u>Fraudulent Transfer Claims</u>"); (2) a claim for receipt of stolen property under section 41.580 of the Nevada Revised Statutes (the "<u>Receipt of Stolen Property Claim</u>"); and (3) claims for unjust enrichment and money had and received (the "<u>Equitable Claims</u>").[2]  DTDF sought treble damages, plus attorney's fees, pre- and post-judgment interest, and costs in the Fulton Litigation.  Fulton had denied and continues to deny DTDF's allegations in the Fulton Litigation.

On December 11, 2009, this Court recommended entry of summary judgment in Fulton's favor on the Receipt of Stolen Property Claim and entry of partial summary judgment in Fulton's favor on the Fraudulent Transfer Claims.[3]  Specifically, the Court found that:  (1) there were no circumstances by which a reasonable person could have known or caused a reasonable person to know that the DTDF Transfers could have constituted stolen property pursuant to section 41.580 of the Nevada Revised Statutes; and (2) Fulton provided value to USA Investment Partners,

---

[1] Berman Declaration ¶ 4; Tucker Declaration ¶ 4.

[2] Berman Declaration ¶ 4; Tucker Declaration ¶ 4.

[3] Berman Declaration ¶ 5; Tucker Declaration ¶ 5; *see also* Findings of Fact, Conclusions of Law and Recommendations Regarding (1) Defendant's Motion for Summary Judgment; (2) Plaintiff's Motion for Partial Summary Judgment; and (3) Defendant's Countermotion for Summary Judgment (DE #149).

LLC, as defined under section 112.220(1) of the Nevada Revised Statutes, in exchange for the DTDF Transfers.[4]

This Court subsequently transferred the Fulton Litigation to the United States District Court for the District of Nevada (the "District Court") for a final ruling on summary judgment and for a jury trial.[5]  The Fulton Litigation was docketed in the District Court under case no. 2:09-CV-1946-RLH-LRL.  On May 7, 2010, the District Court entered an order adopting this Court's findings, conclusions, and recommendations regarding summary judgment.[6]

On June 16, 2010, the District Court considered and ruled upon various motions in limine filed by DTDF and Fulton.  The District Court, for example, ruled that the following evidence was unduly prejudicial and could not be presented by DTDF at trial:  (1) losses sustained by DTDF and its investors; (2) the outstanding balance of the loan to 10-90, Inc. or the various transfers that were booked to that loan other than the DTDF Transfers themselves; (3) the criminal plea agreement and sentencing of Joseph Milanowski; and (4) Fulton's wealth and power in the community.[7]  The trial for Fulton Litigation was scheduled to begin in the District Court on June 28, 2010.[8]

**C.    The Proposed Settlement Agreement**

DTDF and Fulton (collectively, the "Parties"), through their counsel, participated in an informal settlement conference in early January 2009.[9]  The Parties subsequently participated in mediation on May 6, 2009, before the Honorable William Maupin, the former Chief Justice of

---

[4]  Berman Declaration ¶ 5; Tucker Declaration ¶ 5; *see also* Proposed Findings of Fact, Conclusions of Law and Recommendations Regarding (1) Defendant's Motion for Summary Judgment; (2) Plaintiff's Motion for Partial Summary Judgment; and (3) Defendant's Countermotion for Summary Judgment (DE #149).

[5]  Berman Declaration ¶ 6; Tucker Declaration ¶ 6.

[6]  Berman Declaration ¶ 6; Tucker Declaration ¶ 6; *see also* Order (DE #26).

[7]  Berman Declaration ¶ 7; Tucker Declaration ¶ 7; *see also* Reporter's Transcript of Calendar Call (DE # 63).

[8]  Berman Declaration ¶ 7; Tucker Declaration ¶ 7.

[9]  Berman Declaration ¶ 8; Tucker Declaration ¶ 8.

the Nevada Supreme Court.[10]  The Parties were unable to reach a settlement at mediation. However, following the District Court's rulings regarding summary judgment and motions in limine, the Parties participated in additional settlement discussions in late June 2010, which resulted in an agreement to compromise and settle the Fulton Litigation subject to approval by this Court under Federal Rule of Bankruptcy Procedure 9019.[11]

The Parties have memorialized this settlement by executing the Settlement Agreement, Mutual Release, and Covenants (the "Proposed Settlement Agreement").[12]  The information set forth in this Motion is not intended to amend, alter, modify, contradict or limit in any way the actual terms of the written settlement agreement, the terms of which shall control at all times, including but not limited to in the event of a conflict with this Motion.  The material terms of the Proposed Settlement Agreement are summarized below:[13]

    a.    **Settlement Payment.**    Fulton will pay $300,000 (the "Settlement Payment") to the USACM Trust to settle all claims in the Fulton Litigation.  DTDF will share in the settlement as a beneficiary of the USACM Trust and as otherwise outlined in the agreement between the USACM Trust and DTDF filed with the Court on March 13, 2008.

    b.    **Bankruptcy Court Approval.** The Proposed Settlement Agreement is contingent upon this Court's approval of the settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

    c.    **Mutual Release.**  Upon the Court's approval of the settlement and the irrevocable receipt of the Settlement Payment by the USACM Trust, the Parties will exchange full mutual releases as to all claims that they ever had, now have, or may at any future time have against each other.

    d.    **Regulatory Issues.**  DTDF will provide Fulton with the letter attached as Exhibit "C" to the Proposed Settlement Agreement.  Fulton has informed DTDF that he intends to provide this letter to federal, state, and/or local regulatory agencies and commissions in order to address any and all

---

[10] Berman Declaration ¶ 8; Tucker Declaration ¶ 8.

[11] Berman Declaration ¶ 8; Tucker Declaration ¶ 8.

[12] A true and correct copy of the Proposed Settlement Agreement, including all exhibits, is attached as Exhibit "D."

[13] Berman Declaration ¶ 9; Tucker Declaration ¶ 9.

concerns resulting from the allegations in the Fulton Litigation.  With this understanding, DTDF has agreed to provide such a letter.

e.  **No Admissions.**  Fulton does not admit that he is liable to DTDF for the monies sought in the litigation.  DTDF does not admit that the claims brought against Fulton were improper.[14]

## ARGUMENT

### A.    The Standard for Approval of Settlement Agreements

Compromise and settlement have long been an inherent component of the bankruptcy process.[15]  Federal Rule of Bankruptcy Procedure 9019 provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."[16]  In order to approve a compromise and settlement, the Court must find that it is fair and equitable to the estate and, "[i]n determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider:  (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises."[17]

The USACM Trust and DTDF are not required to satisfy each of these factors as long as the factors as a whole favor approving the settlement.[18]  In considering the factors, "a precise determination of the likely outcome is not required, since an exact judicial determination of the values at issue would defeat the purpose of compromising the claim."[19]  Thus, rather than

---

[14] *See* Berman Declaration ¶ 9(a)-(e); Tucker Declaration ¶ 9(a)-(e).

[15] *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1958) (citing *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).

[16] FED. R. BANKR. P. 9019.

[17] *Arden v. Motel Partners (In re Arden*), 156 F.3d 729 (9th Cir. 1999); *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377 (9th Cir. 1986).

[18] *See In re Pacific Gas & Electric Co.,* 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004).

[19] *In re Telesphere Comm's, Inc.,* 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (internal quotations omitted).

determining various issues of fact and law, the Court should "canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness."[20]

**B.    <u>The Proposed Settlement Agreement Is Fair and Equitable</u>**

The USACM Trust and DTDF respectfully submit that the Proposed Settlement Agreement satisfies each of the relevant factors.[21] *First*, the USACM Trust and DTDF believe that the claims in the Fulton Litigation have merit and evidentiary support, but the USACM Trust and DTDF recognize that there is no guarantee or certainty that DTDF would be successful in prosecuting its claims.[22] *Second*, the District Court's recent rulings regarding summary judgment and motions in limine make it substantially more difficult for DTDF to prevail at trial, particularly in a jury trial. *Third*, even though the USACM Trust and DTDF believe those rulings could be successfully challenged on appeal, it is likely that such an appeal would simply result in a second trial before the District Court. *Fourth*, even if DTDF were to prevail in either the first or second trial, it would face a number of obstacles in collecting any judgment, including potential for a lengthy and expensive appeal of the judgment by Fulton.[23] *Fifth*, there is no doubt that a trial would be complex and costly. This trial would involve approximately ten witnesses, last approximately five days, and require substantial pretrial and post-trial briefing, let alone the costs of future appeals.[24] *Sixth*, the Proposed Settlement Agreement is in the paramount interest of the creditors and other beneficiaries of the USACM Trust, including DTDF.[25] The Settlement Payment is appropriate given the substantial costs,

---

[20] *In re Lion Capital Group,* 49 B.R. 163, 175 (Bankr. S.D.N.Y. 1985) (internal quotations omitted).

[21] Berman Declaration ¶ 10; Tucker Declaration ¶ 10.

[22] Berman Declaration ¶ 10; Tucker Declaration ¶ 10.

[23] Berman Declaration ¶ 10; Tucker Declaration ¶ 10.

[24] Berman Declaration ¶ 10; Tucker Declaration ¶ 10.

[25] Berman Declaration ¶ 10; Tucker Declaration ¶ 10. This factor requires the Court to consider whether the settlement "reflects not only the desire of creditors to obtain the maximum possible recovery but also their competing desire that that recovery occur in the least amount of time." *In re Marples*, 266 B.R. 202, 207 (Bankr. D. Idaho 2001).

delays, and risks of further litigation, particularly given the District Court's recent rulings regarding summary judgment and motions in limine.[26]

In sum, the Proposed Settlement Agreement provides a prompt and meaningful recovery to the USACM Trust and DTDF for the benefit of their respective constituencies, while avoiding the substantial costs, delays, and risks of the Fulton Litigation.[27]  The Settlement Payment falls within the reasonable range of likely outcomes of the pending litigation with Fulton based on the District Court's ruling to date, but eliminates the expense and uncertainty associated with trial and potential appeals.[28]  The Proposed Settlement Agreement is also the product of arms-length bargaining, without fraud or collusion.[29]  Accordingly, the USACM Trustee and the DTDF Manager have concluded in the exercise of their reasonable business judgment that the time and expense that would necessarily be attendant with continued pursuit of the Fulton Litigation outweigh the benefits to be gained by resolving these matters on the terms set forth in the Proposed Settlement Agreement.[30]

## CONCLUSION

For the foregoing reasons, the USACM Trust and DTDF respectfully request that the Court approve the Proposed Settlement Agreement and provide such other and further relief as the Court deems appropriate.

---

[26] Berman Declaration ¶ 10; Tucker Declaration ¶ 10.

[27] Berman Declaration ¶ 11; Tucker Declaration ¶ 11.

[28] Berman Declaration ¶ 11; Tucker Declaration ¶ 11.

[29] Berman Declaration ¶ 11; Tucker Declaration ¶ 11.

[30] Berman Declaration ¶ 11; Tucker Declaration ¶ 11.

DATED:  August 31, 2010.

**DIAMOND MCCARTHY LLP**

By:  _/s/ Eric D. Madden_
Allan B. Diamond, TX 05801800 (pro hac vice)
Eric D. Madden, TX 24013079 (pro hac vice)
Michael J. Yoder TX 24056572 (pro hac vice)
909 Fannin, Suite 1500
Houston, Texas 77010
(713) 333-5100 (telephone)
(713) 333-5199 (facsimile)

*Special Litigation Counsel for*
*USACM Liquidating Trust and*
*USA Capital Diversified Trust Deed Fund, LLC*

**LEWIS AND ROCA LLP**

By:  _/s/ Rob Charles_
Rob Charles, NV 6593
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169-5996
(702) 949-8320 (telephone)
(702) 949-8321 (facsimile)

*Counsel for USACM Liquidating Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2010, I caused to be served a true and correct copy of the foregoing **MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** by electronic transmission to the USACM Post-Confirmation Service List Dated March 31, 2009, and by electronic transmission and United States Mail to counsel for Defendant, Timothy R. O'Reilly, O'Reilly Law Group, LLC, 325 South Maryland Parkway, Las Vegas, NV 89101-5300, tor@oreillylawgroup.com, and Steven J. Katzman, Bienert, Miller & Katzman, P.C., 903 Calle Amancecer, San Clemente, California 92673, skatzman@bmkattorneys.com.


  /s/  Catherine A. Burrow
Catherine A. Burrow
Senior Paralegal
Diamond McCarthy LLP