# EXHIBIT B

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust and
USA Capital Diversified Trust Deed Fund, LLC

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>Debtor. | Judge Linda B. Riegle |
| In re:<br>USA SECURITIES, LLC,<br><br>Debtor. | Adv. No. 08-1133-lbr<br>Adv. No. 08-1134-lbr |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | **DECLARATION OF MICHAEL A. TUCKER IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**<br><br>Hearing Date:   OST pending<br>Hearing Time:   OST pending |

Michael A. Tucker, as Manager of the USA Capital Diversified Trust Deed Fund, LLC, hereby declares the following under penalty of perjury:

1. I am an adult person competent to testify in court. I make the following statements based upon my personal knowledge except where otherwise indicated. I am

1

submitting this declaration in support of the Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion"), seeking entry of an order approving the Settlement Agreement, Mutual Release, and Covenants between DTDF, on the one hand, and Stanley E. Fulton ("Fulton"), on the other hand.

2. I am the Manager of DTDF, which was reorganized pursuant to the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan") filed by USA Commercial Mortgage Company ("USACM"), DTDF, and certain affiliated companies and subsidiaries. The Joint Plan was confirmed by this Court on January 8, 2007, and then became effective on March 12, 2007.

3. The Joint Plan expressly retained USACM's causes of action for enforcement by the USACM Trust, pursuant to 11 U.S.C. § 1123(b)(3)(B). The Joint Plan expressly retained DTDF's causes of action for enforcement by DTDF, pursuant to 11 U.S.C. § 1123(b)(3)(B). Accordingly, the USACM Trust and DTDF now hold any and all potential claims and causes of action, whether arising pre-petition or post-petition, that USACM and DTDF, respectively, may have or may at any time have had against Fulton. This Court retained jurisdiction in Section VIII.D of the Joint Plan over numerous matters, including "[a]pproving compromises and settlements under Rule 9019 of the Bankruptcy Rules to the extent required under or included in the plan."

4. On April 12, 2008, DTDF commenced adversary proceeding number 08-01132, entitled *USA Capital Diversified Trust Deed Fund, LLC v. Stanley E. Fulton* (the "Fulton Litigation"), seeking to recover approximately $2.25 million in DTDF funds that were transferred to Fulton prior to the Petition Date (collectively, the "DTDF Transfers"). In the Fulton Litigation, DTDF asserted various claims related to the DTDF Transfers, including: (1) fraudulent transfer claims pursuant to 11 U.S.C. §§ 544 and 550, and sections 112.180 and 112.220 of the Nevada Revised Statutes (the "Fraudulent Transfer Claims"); (2) a claim for receipt of stolen property under section 41.580 of the Nevada Revised Statutes (the "Receipt of Stolen Property Claim"); and (3) claims for unjust enrichment and money had and received (the

"Equitable Claims"). DTDF sought treble damages, plus attorney's fees, pre- and post-judgment interest, and costs in the Fulton Litigation. Fulton has denied and continues to deny DTDF's allegations in the Fulton Litigation.

5.  On December 11, 2009, this Court recommended entry of summary judgment in Fulton's favor on the Receipt of Stolen Property Claim and entry of partial summary judgment in Fulton's favor on the Fraudulent Transfer Claims. Specifically, the Court found that: (1) there were no circumstances by which a reasonable person could have known or caused a reasonable person to know that the DTDF Transfers could have constituted stolen property pursuant to section 41.580 of the Nevada Revised Statutes; and (2) Fulton provided value to USA Investment Partners, LLC, as defined under section 112.220(1) of the Nevada Revised Statutes, in exchange for the DTDF Transfers.

6.  This Court subsequently transferred the Fulton Litigation to the United States District Court for the District of Nevada (the "District Court") for a final ruling on summary judgment and for a jury trial. The Fulton Litigation was docketed in the District Court under case no. 2:09-CV-1946-RLH-LRL. On May 7, 2010, the District Court entered an order adopting this Court's findings, conclusions, and recommendations regarding summary judgment.

7.  On June 16, 2010, the District Court ruled upon various motions in limine filed by DTDF and Fulton. The District Court, for example, ruled that the following evidence was unduly prejudicial and could not be presented by DTDF at trial: (1) losses sustained by DTDF and its investors; (2) the outstanding balance of the loan to 10-90, Inc. or the various transfers that were booked to that loan other than the DTDF Transfers themselves; (3) the criminal plea agreement and sentencing of Joseph Milanowski; and (4) Fulton's wealth and power in the community. The trial for Fulton Litigation was scheduled to begin in the District Court on June 28, 2010.

8.  DTDF and Fulton (collectively, the "Parties"), through their counsel, participated in an informal settlement conference in early January 2009. The Parties subsequently participated in mediation on May 6, 2009, before the Honorable William Maupin, the former

3

Chief Justice of the Nevada Supreme Court. The Parties were unable to reach a settlement at mediation. However, following the District Court's rulings regarding summary judgment and motions in limine, the Parties participated in additional settlement discussions in late June 2010, which resulted in an agreement to compromise and settle the Fulton Litigation subject to approval by this Court under Federal Rule of Bankruptcy Procedure 9019.

9. The Parties have memorialized this settlement by executing the Settlement Agreement, Mutual Release, and Covenants (the "Proposed Settlement Agreement"). The material terms of the Proposed Settlement Agreement are summarized below:

    a. **Settlement Payment.** Fulton will pay $300,000 (the "Settlement Payment") to the USACM Trust to settle all claims in the Fulton Litigation. DTDF will share in the settlement as a beneficiary of the USACM Trust and as otherwise outlined in the agreement between the USACM Trust and DTDF filed with the Court on March 13, 2008.

    b. **Bankruptcy Court Approval.** The Proposed Settlement Agreement is contingent upon this Court's approval of the settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

    c. **Mutual Release.** Upon the Court's approval of the settlement and the irrevocable receipt of the Settlement Payment by the USACM Trust, the Parties will exchange full mutual releases as to all claims that they ever had, now have, or may at any future time have against each other.

    d. **Regulatory Issues.** DTDF will provide Fulton with the letter attached as Exhibit "C" to the Proposed Settlement Agreement. Fulton has informed DTDF that he intends to provide this letter to federal, state, and/or local regulatory agencies and commissions in order to address any and all concerns resulting from the allegations in the Fulton Litigation. With this understanding, DTDF has agreed to provide such a letter.

    e. **No Admissions.** Fulton does not admit that he is liable to DTDF for the monies sought in the litigation. DTDF does not admit that the claims brought against Fulton were improper.[1]

---

[1] The information above is only a summary of the terms of the Proposed Settlement Agreement, and is not intended to contradict, alter, amend, modify, supplement, waive or otherwise change

4

10. As discussed in the Motion, I believe the Proposed Settlement Agreement represents a fair and reasonable compromise of the Fulton Litigation. *First*, I believe that the claims in the Fulton Litigation have merit and evidentiary support, but I recognize that there is no guarantee or certainty that DTDF would be successful in prosecuting its claims. *Second*, the District Court's recent rulings regarding summary judgment and motions in limine make it substantially more difficult for DTDF to prevail at trial, particularly in a jury trial. *Third*, even though the USACM Trust and DTDF believe those rulings could be successfully challenged on appeal, it is likely that such an appeal would simply result in a second trial before the District Court. *Fourth*, even if DTDF were to prevail in either the first or second trial, it would face a number of obstacles in collecting any judgment, including potential for a lengthy and expensive appeal of the judgment by Fulton. *Fifth*, there is no doubt that a trial would be complex and costly. This trial would involve approximately ten witnesses, last approximately five days, and require substantial pretrial and post-trial briefing, let alone the costs of future appeals. *Sixth*, I believe the Proposed Settlement Agreement is in the paramount interest of the creditors and other beneficiaries of the USACM Trust, including DTDF. The Settlement Payment is appropriate given the substantial costs, delays, and risks of further litigation, particularly given the District Court's recent rulings regarding summary judgment and motions in limine.

11. In sum, I believe the Proposed Settlement Agreement provides a prompt and meaningful recovery to the USACM Trust and DTDF for the benefit of their respective constituencies, while avoiding the substantial costs, delays, and risks of the Fulton Litigation. The Settlement Payment falls within what I believe to be the reasonable range of likely outcomes of the pending litigation with Fulton based on the District Court's rulings to date and eliminates the continued expense and uncertainty associated with trial and potential appeals. In addition, the Proposed Settlement Agreement is the product of arms-length bargaining, without fraud or

---

any portion of the written settlement agreement, the terms of which shall control in the event of any conflicts.

5

collusion. Accordingly, I believe the benefits gained by resolving the Fulton Litigation on the terms set forth in the Proposed Settlement Agreement are reasonable as compared to fully litigating this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **August 26**, 2010 in Phoenix, Arizona.

*Michael A. Tucker*
Michael A. Tucker
Manager of USA Capital
Diversified Trust Deed Fund, LLC

6