E-filed: September 20, 2010

Marc A. Levinson (California Bar No. 57613)
Jeffery D. Hermann (California Bar No. 90445)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone: (916) 447-9200
Facsimile: (916) 329-4900
Email: malevinson@orrick.com
       jhermann@orrick.com

Robert Kinas (Nevada Bar No. 6019)
Claire Dossier (Nevada Bar No. 10030)
SNELL & WILMER LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: (702) 784-5200
Fax: (702) 784-5252
Email: rkinas@swlaw.com
       cdossier@swlaw.com

*ATTORNEYS FOR USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br>　　　　　　　　　　　　　　　Debtors | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter Number: 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | **USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC'S NINTH REPORT OF ACTION TAKEN AND PROGRESS TOWARDS CONSUMMATION OF CONFIRMED PLAN OF REORGANIZATION** |

**POST-EFFECTIVE DATE USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC'S NINTH REPORT OF ACTION TAKEN AND PROGRESS TOWARDS CONSUMMATION OF CONFIRMED PLAN OF REORGANIZATION**

Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC ("Diversified" or "Revested Debtor"), a revested debtor in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through its counsel noted above, hereby submits this Ninth Report of Action Taken and Progress Towards Consummation of Confirmed Plan of Reorganization (the "Ninth Report"), pursuant to the Court's "Order Confirming the 'Debtors' Third Amended Joint Chapter

53634.0001\DOSSIEC\SWDMS\11068437

11 Plan of Reorganization,' as Modified Herein" [Docket No. 2376] (the "Confirmation Order") entered January 8, 2007. *See* Confirmation Order, ¶ 74. The Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan") went effective on March 12, 2007 (the "Effective Date").

This Ninth Report is for the period from **August 1, 2009 to November 1, 2009**. This Ninth Report incorporates the requirements and structure of former Rule 3020(a) of the Court's Local Rules of Bankruptcy Practice, abrogated in May 2006, which were as follows:

**(A)    A schedule of personal property costing more than $5,000 and any real property acquired, sold or disposed of and the price paid for each:**

| | |
|---|---|
| Personal property costing more than $5,000: | None |
| Real property acquired, sold or disposed of: | None |
| Total: | $0.00 |

**(B)    A schedule listing each debt, the total amount required to be paid under the Plan, the amount required to be paid to date, the amount actually paid to date, and the amount unpaid:**

Due to the nature of its operations as an investment fund with contracted services through intercompany debtor entities and no employees, Diversified had only a relatively small number of claims filed against it in the Chapter 11 Cases. Such claims included general unsecured claims (many of which were misfiled as creditor claims by holders of equity interests in Diversified) and administrative expense claims related to professional fees accrued during the Chapter 11 Cases. All of the general unsecured claims were paid in full on February 19, 2008.

**(C)    A schedule of executory contracts entered into:**

Pursuant to the Plan, Diversified entered into agreements, as of March 13, 2007, retaining professionals to provide legal and financial advisory services necessary to conduct Diversified's affairs. Those agreements are detailed in previous quarterly reports filed with the Court. Diversified has also entered into additional contracts with Baker Tilly Virchow Krause, LLP, Stewart Archibald & Barney LLP, and Reid Davis LLP.

11068437-2                                                2

Diversified retained Baker Tilly Virchow Krause, LLP and Stewart Archibald & Barney LLP to provide accounting services. Diversified retained Reid Davis LLP to perform legal services.

**(D)    A statement listing each postpetition tax (i.e., income, payroll, property, sales), payee, and the amount actually paid:**

| | |
|---|---|
| Federal Unemployment taxes: | None |
| Federal Payroll taxes: | None |
| Nevada Unemployment taxes: | None |
| Total: | $0.00 |

**(E)    Progress toward completion of the Plan and a list and status of any pending adversary proceedings or motions and resolutions expected:**

**1.    General Progress**

The major terms of the Plan with respect to Diversified have all been accomplished. The Operating Agreement of Diversified has been amended, USA Capital First Trust Deed Fund, LLC has made certain payments and assignments to Diversified, and Diversified is operating in the post-confirmation realm.

Diversified continues to focus on recovering assets and the investigation and prosecution of causes of action against potential recovery targets. During the period covered by this Ninth Report, Diversified hired an accounting firm that specializes in tax matters to research and advise Diversified on potential theft loss tax adjustments for DTDF as a fund. *See* October 14, 2009 posting to investors regarding theft ruling, attached as Exhibit 1.

**2.    Nondischargeability Complaint – In re Thomas A. Hantges**

On February 11, 2008, Diversified filed a nondischargeability complaint (the "Hantges Dischargeability Complaint") in the Thomas A. Hantges bankruptcy proceeding. [Docket No. 527 in Bankruptcy Case No. 07-13163; Adversary Case No. 08-01041]. The Hantges Dischargeability Complaint alleges that Mr. Hantges' debts to Diversified should not be discharged under 11 U.S.C. § 523 because Mr. Hantges (1)

obtained money and property from Diversified through false pretenses, false representations, and/or actual fraud, (2) Mr. Hantges misappropriated Diversified's money and property while acting in a fiduciary capacity towards Diversified, and (3) Mr. Hantges obtained Diversified's money and property by means of willful and malicious injury and/or reckless disregard to Diversified. The Hantges Dischargeability Complaint seeks a determination that all of Mr. Hantges' debts to Diversified are nondischargeable, and a judgment for Diversified in an amount not less than $149,555,735.

On October 24, 2008, the Court entered an *Order Approving Oral Stipulation to Stay Discovery Pending Further Order of the Court* [Docket No. 21], which stayed discovery pending either (1) the filing of a chapter 11 plan providing for discharge of Mr. Hantges, or (2) the conversion of the chapter 11 case to a chapter 7 bankruptcy.

On August 21, 2009, the Court held a status check on the various nondischargeability complaints against Mr. Hantges. At that time, the Court announced that the chapter 11 trustee of Mr. Hantges' bankruptcy case had until October 19, 2009 to present a decision about whether to convert the case to chapter 7, or keep it in a chapter 11 and prepare a plan of reorganization. The trustee's decision to convert to chapter 7 was relevant to the nondischargeability actions against Mr. Hantges because conversion would trigger a new deadline to object to Mr. Hantges' discharge. The new deadline would give the chapter 7 trustee of Mr. Hantges' estate, and the United States Trustee's Office, time to consider whether to file an objection to discharge pursuant to 11 U.S.C. § 727, which would prevent Mr. Hantges from receiving a discharge of any of his debts, not merely the debts he owes Diversified or the other nondischargeability plaintiffs. If Mr. Hantges were denied any discharge at all as a result of an 11 U.S.C. § 727 action, it may not be an efficient use of resources for Diversified or the other nondischargeability plaintiffs to pursue their individual 11 U.S.C. § 523 claims against him.

On October 19, 2009, the chapter 11 trustee for Mr. Hantges' bankruptcy case informed the Court that he would move to convert the case to chapter 7, and that he had

11068437-2                                4

spoken with the United States Trustee's Office, and he would continue to serve as the chapter 7 trustee upon conversion. The Court set a continued status conference for November 13, 2009, the same time as the status conference on the various objections to Mr. Milanowski's discharge. *See disc. infra*.

### 3. Nondischargeability Complaint – In re Joseph D. Milanowski

On March 28, 2008, Diversified filed a nondischargeability complaint (the "Milanowski Dischargeability Complaint") in the Joseph D. Milanowski bankruptcy proceeding. [Docket No. 416 in Bankruptcy Case No. 07-13162; Adversary Case No. 08-01090]. The Milanowski Dischargeability Complaint alleges that Mr. Milanowski's debts to Diversified should not be discharged under 11 U.S.C. § 523 because Mr. Milanowski (1) obtained money and property from Diversified through false pretenses, false representations, and/or actual fraud, (2) Mr. Milanowski misappropriated Diversified's money and property while acting in a fiduciary capacity towards Diversified, and (3) Mr. Milanowski obtained Diversified's money and property by means of willful and malicious injury and/or reckless disregard to Diversified. The Milanowski Dischargeability Complaint seeks a determination that all of Mr. Milanowski's debts to Diversified are nondischargeable, and a judgment for Diversified in an amount not less than $149,555,735. Mr. Milanowski filed an Answer [Docket No. 7 in Adversary Case No. 08-01090] on June 30, 2008.

On September 30, 2008, Diversified and Mr. Milanowski appeared for a Scheduling Conference before the Court, and the Court agreed to stay the adversary proceeding pending certain developments in Mr. Milanowski's underlying bankruptcy case. The Court set a status check for November 13, 2009 at 9:30 a.m.

As to the underlying bankruptcy case, on June 2, 2009, the Court entered an Order approving chapter 11 trustee Ford Elsaesser's *Motion to Approve Settlement Agreement and Release Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Docket No. 475]. The proposed settlement agreement with Mr. Milanowski contemplates conversion of the chapter 11 bankruptcy case to a chapter 7 bankruptcy

11068437-2                                            5

case.

In addition, in the federal criminal case against Mr. Milanowski, he entered a Binding Plea Memorandum (the "Plea Memorandum") on or about August 4, 2009. *See* Plea Memorandum, Docket No. 6, Case No. 2:09-cr-00291-RLH-PAL, attached as Exhibit 2. In the Plea Memorandum, Mr. Milanowski stated that he would plead guilty to one count of Wire Fraud pursuant to 18 U.S.C. § 1343. The elements of Wire Fraud are: (1) the defendant made up a scheme or plan for obtaining money or property by making false promises or statements; (2) the defendant knew that the promises or statements were false; (3) the promises or statements were material; (4) the defendant acted with the intent to defraud, and (5) the defendant used, or caused to be used, wire communications in interstate commerce. *See* Plea Memorandum, Exhibit 2, at p. 8. The Plea Memorandum also contains a section entitled "Facts that Support a Guilty Plea," which details some of Mr. Milanowski's transactions with Diversified, including the 10-90 loan. *Id.* at pp. 9-12.

### 5. Status of Complaints Filed

Diversified and USACM have filed a number of complaints to recover assets through their litigation counsel, Diamond McCarthy LLP. Diversified and USACM have resolved their dispute with Piercy, Bowler, Taylor & Kern, PC on confidential terms satisfactory to all parties.

- *USACM Liquidating Trust v. Deloitte & Touche, LLP and Victoria Loob (Case No. 08-00461)*: This Complaint was filed in United States District Court, District of Nevada (the "District Court"), on April 11, 2008. Discovery closes November 30, 2009, the dispositive motion deadline is December 30, 2009, and the last day to file a joint pretrial order is January 29, 2010 [Docket No. 68]. On October 1, 2009, the parties filed an Interim Status Report, informing the Court they anticipated completing discovery within the set deadlines, and providing proposed trial dates in July and August 2010, estimating trial to take 14 days [Docket No. 74].

- *USA Capital Diversified Trust Deed Fund LLC v. Stanley E. Fulton (Adversary Case No. 08-01132)*: This Complaint was filed as an adversary proceeding in Jointly Administered Bankruptcy Case No. 06-10725 on April 11, 2008. The Court certified the case to the District Court on September 4, 2009, because the defendants requested a jury trial [Docket No. 134]. Because various dispositive motions were pending at that time, the Court recommended that the October 19, 2009 trial date be vacated pending the Court's review of the same, and that the District Court set a status check [Docket No. 134]. In District Court, the case is pending as Case No. 2:09-cv-01946-RLH-LRL. On October 16, 2009, the

11068437-2                                6

District Court vacated the trial date and set a status check for November 9, 2009 [Docket No. 2].

- *USAC Liquidating Trust and USA Capital Diversified Trust Deed Fund, LLC v. Mary Petersen, individually and as Trustee of the Mary Petersen Family Trust Dtd 8/12/98; Michael Petersen individually and as Trustee of the Michael D. Petersen Family Trust Dtd 8/12/98; Kathryn Petersen individually and as Trustee of the Kathryn L. Petersen Living Trust and the KLP Trust Dtd 7/15/99 (Adversary Case No. 08-01134)*. The Court approved a Stipulation to Further Stay Proceeding Pending Settlement [Docket No. 134] on September 22, 2009, and a status hearing was set for November 13, 2009 [Docket No. 135].

- *USA Capital Diversified Trust Deed Fund v. Kathryn L. Petersen, individually and as Trustee of the Kathryn L. Petersen Living Trust and Trustee of KLP Trust Dtd 7/15/99 and Specialized Development Tahoe, LLC (Adversary Case No. 08-01133)*: Plaintiffs filed a Motion for Leave to File First Amended Complaint, which was granted in part and denied in part on August 3, 2009 [Docket No. 126].

- *USA Capital Diversified Trust Deed Fund, LLC v. Wells Fargo Bank, N.A. (Adversary Case No. 08-01135)*: On October 27, 2009, the Court denied Wells Fargo's *Amended Motion to Stay Pending Determination of Arbitrability, or, Alternatively, to Dismiss or Stay Pending Arbitration* [Docket No. 104] and stayed the arbitration pending between Diversified and Wells Fargo as 79 148 Y 00068 08 before the American Arbitration Association [Docket No. 179].

**(F)    A statement regarding the status of payment of UST quarterly fees:**

All UST fees have been paid in full through November 1, 2009, the final date covered by this Ninth Report.

Dated this 20th day of September, 2010.

                SNELL & WILMER L.L.P.

                By:    /s/ Claire Y. Dossier
                    Robert R. Kinas (Nevada Bar No.6019)
                    Claire Y. Dossier (Nevada Bar No. 10030)
                    3883 Howard Hughes Parkway, Suite 1100
                    Las Vegas, Nevada  89169

                      And

                    ORRICK, HERRINGTON & SUTCLUFFE LLP
                    Marc A. Levinson
                    Jeffery D. Hermann
                    400 Capitol Mall, Suite 3000
                    Sacramento, California  95814-4497
                    *Attorneys for USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC*

11068437-2                    7