E-filed: September 20, 2010

| | |
|---|---|
| Marc A. Levinson (California Bar No. 57613) | Robert Kinas (Nevada Bar No. 6019) |
| Jeffery D. Hermann (California Bar No. 90445) | Claire Dossier (Nevada Bar No. 10030) |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | SNELL & WILMER LLP |
| 400 Capitol Mall, Suite 3000 | 3883 Howard Hughes Parkway, Suite 1100 |
| Sacramento, California 95814-4497 | Las Vegas, Nevada 89169 |
| Telephone: (916) 447-9200 | Telephone: (702) 784-5200 |
| Facsimile: (916) 329-4900 | Fax: (702) 784-5252 |
| Email: malevinson@orrick.com | Email: rkinas@swlaw.com |
| jhermann@orrick.com | cdossier@swlaw.com |

*ATTORNEYS FOR USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br>　　　　　　　　　　　　　　Debtors | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter Number: 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | **USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC'S TENTH REPORT OF ACTION TAKEN AND PROGRESS TOWARDS CONSUMMATION OF CONFIRMED PLAN OF REORGANIZATION** |

**POST-EFFECTIVE DATE USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC's TENTH REPORT OF ACTION TAKEN AND PROGRESS TOWARDS CONSUMMATION OF CONFIRMED PLAN OF REORGANIZATION**

Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC ("Diversified" or "Revested Debtor"), a revested debtor in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through its counsel noted above, hereby submits this Tenth Report of Action Taken and Progress Towards Consummation of Confirmed Plan of Reorganization (the "Tenth Report"), pursuant to the Court's "Order Confirming the "Debtors' Third Amended Joint

11068462.1

Chapter 11 Plan of Reorganization,' as Modified Herein" [Docket No. 2376] (the "Confirmation Order") entered January 8, 2007. *See* Confirmation Order, ¶ 74. The Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan") went effective on March 12, 2007 (the "Effective Date").

This Tenth Report is for the period from November 1, 2009 – February 1, 2010. This Tenth Report incorporates the requirements and structure of former Rule 3020(a) of the Court's Local Rules of Bankruptcy Practice, abrogated in May 2006, which were as follows:

**(A)    A schedule of personal property costing more than $5,000 and any real property acquired, sold or disposed of and the price paid for each:**

| | |
|---|---|
| Personal property costing more than $5,000: | None |
| Real property acquired, sold or disposed of: | None |
| Total: | $0.00 |

**(B)    A schedule listing each debt, the total amount required to be paid under the Plan, the amount required to be paid to date, the amount actually paid to date, and the amount unpaid:**

Due to the nature of its operations as an investment fund with contracted services through intercompany debtor entities and no employees, Diversified had only a relatively small number of claims filed against it in the Chapter 11 Cases. Such claims included general unsecured claims (many of which were misfiled as creditor claims by holders of equity interests in Diversified) and administrative expense claims related to professional fees accrued during the Chapter 11 Cases.

**(C)    A schedule of executory contracts entered into:**

Pursuant to the Plan, Diversified entered into agreements, as of March 13, 2007, retaining professionals to provide legal and financial advisory services necessary to conduct Diversified's affairs. Those agreements are detailed in previous quarterly reports filed with the Court.

**(D)    A statement listing each postpetition tax (i.e., income, payroll, property, sales), payee, and the amount actually paid:**

11068462.1                                                         2

| | | |
|---|---|---|
| Federal Unemployment taxes: | None | |
| Federal Payroll taxes: | None | |
| Nevada Unemployment taxes: | None | |
| Total: | $0.00 | |

**(E)  Progress toward completion of the Plan and a list and status of any pending adversary proceedings or motions and resolutions expected:**

**1.  General Progress**

The major terms of the Plan with respect to Diversified have all been accomplished. The Operating Agreement of Diversified has been amended, USA Capital First Trust Deed Fund, LLC has made certain payments and assignments to Diversified, and Diversified is operating in the post-confirmation realm.

Diversified continues to focus on recovering assets and the investigation and prosecution of causes of action against potential recovery targets. Diversified updated its investors on the status of its efforts to monetize assets and make distributions on December 1, 2009. *See* December 1, 2009 letter from Chairman of the Board Robert Worthern to investors (the "December Letter"), a copy which is attached hereto as Exhibit 1.

The December Letter informs investors that Diversified is distributing $7.0 million to its investors, which represents 4.7% of the total investment in Diversified of just under $149.6 million. This is the third distribution to investors (the first was in December 2007, and the second was in February 2009), bringing the total return of investment to 13.4%. This sum includes the first distribution of 2%, or $3,000,000, the second distribution of 6.7%, or $10,000,000, and the most recent distribution of 4.7%, or $7,000,000. The December Letter provides a table of the cases Diversified currently has filed against potential target defendants, an outline of Diversified's participation in other bankruptcy cases, an update on the status of additional settlement funds to be distributed to investors, as well as information about how investors can contact Diversified representatives with any questions they may have.

11068462.1                                      3

### 2. Nondischargeability Complaint – In re Thomas A. Hantges

On February 11, 2008, Diversified filed a nondischargeability complaint (the "Hantges Dischargeability Complaint") in the Thomas A. Hantges bankruptcy proceeding. [Docket No. 527 in Bankruptcy Case No. 07-13163; Adversary Case No. 08-01041]. The Hantges Dischargeability Complaint alleges that Mr. Hantges' debts to Diversified should not be discharged under 11 U.S.C. § 523 because Mr. Hantges (1) obtained money and property from Diversified through false pretenses, false representations, and/or actual fraud, (2) Mr. Hantges misappropriated Diversified's money and property while acting in a fiduciary capacity towards Diversified, and (3) Mr. Hantges obtained Diversified's money and property by means of willful and malicious injury and/or reckless disregard to Diversified. The Hantges Dischargeability Complaint seeks a determination that all of Mr. Hantges' debts to Diversified are non-dischargeable, and a judgment for Diversified in an amount not less than $149,555,735.

On October 24, 2008, the Court entered an *Order Approving Oral Stipulation to Stay Discovery Pending Further Order of the Court* [Docket No. 21], which stayed discovery pending either 1) the filing of a chapter 11 plan providing for discharge of Mr. Hantges or 2) the conversion of the chapter 11 case to a chapter 7 bankruptcy. On November 25, 2009, Mr. Hantges' bankruptcy case was converted from chapter 11 to chapter 7.

On November 13, 2009, the Court held a status check in the various nondischargeability adversary proceedings against Mr. Hantges. At the status check, the various plaintiffs' counsel requested a continuance until the new deadline for objecting to discharge – triggered by the conversion of Mr. Hantges' case from chapter 11 to chapter 7 – expired. The reason counsel requested the continuance is because if some party filed a global objection to discharge pursuant to 11 U.S.C. § 727, then it would not be efficient to simultaneously pursue the various 11 U.S.C. § 523 actions. The Court permitted the stay of litigation to continue, and set the matter for further status check on April 1, 2010 [Docket No. 47].

**3.    Nondischargeability Complaint – In re Joseph D. Milanowski**

On March 28, 2008, Diversified filed a nondischargeability complaint (the "Milanowski Dischargeability Complaint") in the Joseph D. Milanowski bankruptcy proceeding. [Docket No. 416 in Bankruptcy Case No. 07-13162; Adversary Case No. 08-01090]. The Milanowski Dischargeability Complaint alleges that Mr. Milanowski's debts to Diversified should not be discharged under 11 U.S.C. § 523 because Mr. Milanowski (1) obtained money and property from Diversified through false pretenses, false representations, and/or actual fraud, (2) Mr. Milanowski misappropriated Diversified's money and property while acting in a fiduciary capacity towards Diversified, and (3) Mr. Milanowski obtained Diversified's money and property by means of willful and malicious injury and/or reckless disregard to Diversified. The Milanowski Dischargeability Complaint seeks a determination that all of Mr. Milanowski's debts to Diversified are non-dischargeable, and a judgment for Diversified in an amount not less than $149,555,735. Mr. Milanowski filed an Answer [Docket No. 7 in Adversary Case No. 08-01090] on June 30, 2008. On September 30, 2008, Diversified and Mr. Milanowski appeared for a Scheduling Conference before the Court, and the Court agreed to stay the adversary proceeding pending certain developments in Mr. Milanowski's underlying bankruptcy case.

On November 13, 2009, the Court held a status check on the various 11 U.S.C. § 523 objections to discharge adversary proceedings pending against Mr. Milanowski. At that time, the Court permitted the litigation stay to continue, because it was anticipated that Mr. Milanowski's case would be converted to chapter 7. As discussed above, conversion to chapter 7 triggers a new deadline to object to discharge. Mr. Milanowski's underlying bankruptcy case was converted from chapter 11 to chapter 7 on December 31, 2009. *See* Order Granting Motion To Convert Case to Chapter 7 [Docket No. 585]. The Court set a new status check for March 17, 2010 in the adversary proceeding [Docket No. 33].

11068462.1                                                5

**5.    Status of Complaints Filed**

Diversified and USACM have filed a number of complaints to recover assets through their litigation counsel, Diamond McCarthy LLP. Diversified and USACM have resolved their dispute with Piercy, Bowler, Taylor & Kern, PC on confidential terms satisfactory to all parties.

- *USACM Liquidating Trust v. Deloitte & Touche, LLP and Victoria Loob (Case No. 08-00461)*: This Complaint was filed in United States District Court, District of Nevada (the "District Court"), on April 11, 2008. On December 23, 2009, the Court approved a stipulation and order extending discovery deadlines an additional 30 days, from December 30, 2009 to January 30, 2010 [Docket No. 83].

- *USA Capital Diversified Trust Deed Fund LLC v. Stanley E. Fulton (Adversary Case No. 08-01132)*: This Complaint was filed as an adversary proceeding in Jointly Administered Bankruptcy Case No. 06-10725 on April 11, 2008, and transferred to the District Court because defendant requested a jury trial on October 18, 2009. On December 11, 2009, the Court entered its Findings of Facts, Conclusions of Law and Recommendations Regarding (1) Defendant's Motion for Summary Judgment; 2) Plaintiff's Motion for Partial Summary Judgment; and 3) Defendant's Countermotion for Summary Judgment [Docket No. 149]. On January 26, 2010, the District Court set the jury trial on this case for the stacked calendar of June 21, 2010 [Docket No. 11].

- *USAC Liquidating Trust and USA Capital Diversified Trust Deed Fund, LLC v. Mary Petersen, individually and as Trustee of the Mary Petersen Family Trust Dtd 8/12/98; Michael Petersen individually and as Trustee of the Michael D. Petersen Family Trust Dtd 8/12/98; Kathryn Petersen individually and as Trustee of the Kathryn L. Petersen Living Trust and the KLP Trust Dtd 7/15/99 (Adversary Case No. 08-01134)*. On November 13, 2009, plaintiffs filed a Motion to Approve Settlement Agreement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure [Docket No. 137]. On December 8, 2009, the Court approved the proposed settlement agreement [Docket No. 138]. On December 29, 2009, the parties filed a Stipulation to Dismiss with Prejudice [Docket No. 144].

- *USA Capital Diversified Trust Deed Fund v. Kathryn L. Petersen, individually and as Trustee of the Kathryn L. Petersen Living Trust and Trustee of KLP Trust Dtd 7/15/99 and Specialized Development Tahoe, LLC (Adversary Case No. 08-01133)*: On December 28, 2009, Plaintiff filed a Stipulation and Proposed Order to Dismiss the case with prejudice [Docket No. 98] because the parties had reached a settlement agreement. The Court approved, and the adversary proceeding closed on January 28, 2010.

- *USA Capital Diversified Trust Deed Fund, LLC v. Wells Fargo Bank, N.A. (Adversary Case No. 08-01135)*: On January 20, 2010, the Court ordered a pretrial conference on May 14, 2010 and rescheduled the trial to July 7-19, 2010 [Docket No. 211]. On February 5, 2010, the Court denied Defendant's Motion to Withdraw the Reference to District Court [Docket No. 236].

11068462.1

6

**(F)** **A statement regarding the status of payment of UST quarterly fees:**

All UST fees have been paid in full through February 1, 2010, the final date covered by this Tenth Report.

Dated this 20th day of September, 2010.

SNELL & WILMER L.L.P.

By: /s/ Claire Y. Dossier
Robert R. Kinas (Nevada Bar No.6019)
Claire Y. Dossier (Nevada Bar No. 10030)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169

And

ORRICK, HERRINGTON & SUTCLUFFE LLP
Marc A. Levinson
Jeffery D. Hermann
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
*Attorneys for USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC*

11068462.1