RANDOLPH L. HOWARD, ESQ.
Nevada Bar No. 006688
BART K. LARSEN, ESQ.
Nevada Bar No. 008538
**KOLESAR & LEATHAM, CHTD.**
3320 W. Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-mail:   rhoward@klnevada.com
          pnavarro@klnevada.com

Attorneys for Kolesar & Leatham, Chtd. and
Randolph L. Howard, Esq.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Asset Resolution LLC, | Case No.: BK-S-06-10725 LBR |
| Plaintiff, | CHAPTER 11 |
| vs. | Consolidated With:<br>Case No. BK-S-06-10725-LBR |
| USA Commercial Mortgage Company,<br>USA Capital First Trust Deed Fund, LLC, and<br>Geoffrey L. Berman, in his capacity as Trustee<br>for the USACM Liquidating Trust, and not<br>individually, | Case No. BK-S-06-10726-LBR<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br>Adv. Proc. No. 09-01284-LBR |
| Defendants. | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT OF
TRUSTEE'S CLAIM PURSUANT TO BANKRUPTCY RULE 9019**

Geoffrey L. Berman, as Trustee of the USACM Liquidating Trust (the "Trust"), Kolesar & Leatham, Chtd. ("K&L") and Randolph L. Howard, Esq. ("Howard"), by and through their respective undersigned counsel, hereby jointly request pursuant to Bankruptcy Rule 9019 that this Court enter an Order approving of the parties' voluntary agreement to compromise and settle the Trust's claim for sanctions against K&L and Howard as described in the Trust's Motion for Sanctions pursuant to Bankruptcy Rule 9011 filed in this adversary proceeding on August 3, 2010 (the "Motion for Sanctions") [Adversary Docket No. 63] and to vacate the Court's prior

Order granting the Motion for Sanctions [Adversary Docket No. 79]. This Motion is made and based upon the attached Memorandum of Points and Authorities and the pleadings and papers on file in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  FACTUAL AND PROCEDURAL BACKGROUND

1. Asset Resolution, LLC ("ARC") is the successor in interest to Compass Partners, LLC ("Compass") in that certain Asset Purchase Agreement ("APA")[1] dated December 8, 2006 under which Compass purchased from Defendant USA Capital First Trust Deed Fund, LLC ("FTDF") its interests in certain commercial loans and from Defendant USA Commercial Mortgage Company ("USACM") its interests in certain loan servicing agreements and related contracts (the "LSAs"). (FTDF and USACM are hereinafter referred to collectively as the "Debtors").

2. The APA was the result of Compass being the successful bidder for the assets identified in the Third Amended Joint Chapter 11 Plan of Reorganization[2] (the "Plan") filed on November 16, 2006.[3] Compass bid and agreed to pay a total of approximately $67 million for the assets under the APA.

3. The Compass bid for said assets differed materially from the stalking horse bid included in the Plan in that "the Compass bid contemplated the purchase of all assets associated with USACM's servicing rights, including accrued servicing fees, late charges, success fees and sums due to USACM for $8 million"[4] (the "Commercial Mortgage Assets").

4. The Commercial Mortgage Assets included "all Servicing Agreements and Personal Property for all of the Serviced Loans set forth in the Serviced Loan Schedule, including without

---

[1] Filed December 18, 2006, Docket No. 2164.

[2] Docket No. 1799.

[3] Declaration of Thomas J. Allison in Support of the Confirmation of the Debtors' Third Amended Plan of Reorganization (the "Allison Declaration") filed December 15, 2006, Docket No. 2147, ¶¶ 36-40.

[4] Allison Declaration ¶ 26.

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

1  limitation, Default Rate Interest, Accrued Servicing Fees, Late Charges, Success Fees, and other
2  fees and sums due the loan servicer under any of the Servicing Agreements ..."[5]

3      5.      After a hearing on December 19, 2006, the Court entered its Order Confirming the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization[6] (the "Confirmation Order") on January 11, 2007. The sale to Compass described in the APA and authorized by the Plan was consummated on February 16, 2007.

6.      Shortly thereafter, litigation arose between Compass and certain direct lenders (the "Direct Lenders"[7]) who had opposed confirmation of the Plan concerning the loan servicing rights and other assets that had been conveyed to Compass in the APA.

7.      Since the Effective Date of the Plan, Compass and its successors in interest in the APA, including ARC, have been continuously embroiled in litigation on multiple fronts concerning the rights and assets described in the APA.

8.      K&L and Howard filed ARC's complaint in the instant adversary proceeding on October 7, 2009 asserting claims of breach of contract and unjust enrichment against the Trust.

9.      ARC's complaint was based primarily upon the allegations that Compass and its successors in interest to the APA, including ARC, were deprived of substantial benefits for which they bargained under the APA, including, among other things, the collection of accrued default interest, servicing fees, late charges, extension fees and origination fees described in the APA and a Letter Agreement.[8]

10.    USACM in dissolution filed a motion to dismiss the complaint.

---

[5] APA, Art. I, p. 2.

[6] Filed January 9, 2007, Docket No. 2387.

[7] As defined in the Plan and used herein, a Direct Lender is an "entity who is a beneficiary under the Loan, excluding USACM and the Funds, to the extent of the beneficial interest in a Loan." Plan, Art. I, § A.42.

[8] ARC Complaint, ¶ 21-24, 37.

11. Shortly after the filing of its complaint, ARC and certain affiliates filed chapter 11 petitions in the United States Bankruptcy Court for the Southern District of New York.[9] ARC's chapter 11 case was later transferred to the District of Nevada.

12. The Trust sent K&L correspondence, dated November 12, 2009 advising that the complaint was without merit and would be subject to Bankruptcy Rule 9011 sanctions if not dismissed. K&L did not dismiss the complaint or otherwise disclaim the filing.

13. On December 21, 2009, the Trust filed a motion for summary judgment seeking dismissal of ARC's complaint.[10] K&L subsequently filed a response to the motion for summary judgment on behalf of ARC.

14. Before the Trust's motion for summary judgment could be heard, the ARC chapter 11 case was converted to a chapter 7 case[11] and William A. Leonard, Jr. was appointed as ARC's chapter 7 trustee. The chapter 7 trustee chose not to employ K&L or Howard to represent ARC in this adversary proceeding following the conversion of the ARC bankruptcy case. The chapter 7 trustee did not oppose the Trust's motion for summary judgment or USACM's motion to dismiss.

15. The Trust's motion for summary judgment and USACM's motion to dismiss were eventually heard and granted by this Court on May 11, 2010.[12]

16. On August 3, 2010, the Trust filed the Motion for Sanctions against K&L and Howard seeking sanctions in the amount of $15,662.26 as compensation for the attorney fees and costs incurred by the Trust in defending against the ARC complaint.

17. K&L and Howard filed a response to the Motion for Sanctions on October 7, 2010.[13] The Trust filed a reply on October 14, 2010.[14] This Court granted the Motion for Sanctions on October 21, 2010.

---

[9] *In re Asset Resolution, LLC*, Case No. 09-16142.

[10] Adversary Docket No. 24.

[11] Nunc Pro Tunc Order Converting Chapter 11 Cases to Chapter 7 Cases, 09-32824, Docket No. 356.

[12] Adversary Docket No. 55.

[13] Adversary Docket No. 72.

[14] Adversary Docket No. 75.

18.  The Court entered its Order Granting USACM Liquidating Trust's Motion for Sanctions [Adversary Docket No. 79] (the "Order") on December 22, 2010.

19.  Subsequent to the October 21, 2010 hearing, K&L, Howard and the Trust reached an agreement whereby the Trust has agreed (i) to stipulate to have the Order vacated; (ii) to stipulate to deeming the Motion for Sanctions withdrawn; and (iii) to accept the reduced sum of $13,000.00 in full and final satisfaction of its claim for sanctions against K&L and Howard, who have, in return, agreed to waive their right to appeal this Court's decision to grant the motion for sanctions. The full extent of the parties' agreement to settle and compromise the Trust's claim is set forth in Exhibit 1 attached hereto.

## II. LEGAL ARGUMENT

### A.  The Parties' Settlement Is Appropriate and Should Be Approved by the Court.

In considering whether to approve the settlement of a claim held by a bankruptcy estate, courts typically consider four factors that are derived from the U.S. Supreme Court's opinion in *Protective Committee of Stockholder of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25, 88 S.Ct. 1157, 1163 (1968) and were adopted by the Ninth Circuit Court of Appeals in *In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986). Those four factors are: (1) the probability of success in the litigation, (2) difficulties to be encountered in collection, (3) the complexities of the litigation involved, and (4) the paramount interest of the creditors and a proper deference to their reasonable views. The Trustee, K&L and Howard each agree that the above factors weigh in favor of approving the parties' settlement in this case.

Should K&L and Howard appeal the Court's ruling on the Trust's Motion for Sanctions, K&L believes the legal issues involved in this matter are exceeding complex and disputes whether the Trust would prevail. Moreover, K&L and Howard would be strongly motivated to pursue any appeal that is made. Thus, it is possible that the Court's ruling on the Motion for Sanctions could be overturned, which would deny the Trust any recovery on its claim and would, in all likelihood, greatly extend the timeframe for the payment of the sanctions awarded by the Court.

Most importantly from the Trust's perspective, the delay would cause the Trust to incur substantial additional fees and expense. Given the relatively small amount of the Trust's claim

($15,662.26), the costs associated with any future litigation could easily exceed the amount of the claim.

Collectability is not at issue in this instance.

The interest of the creditors in this case is to recover upon the assets of the estate at a reasonable cost. Given the relatively small amount of the claim and the large percentage of that claim being paid through the parties' settlement (over 83%), there is little to be gained by creditors through further litigation that is likely to be costly and time consuming. It is not clear that the Trust could recover its attorney fees incurred on appeal even if it prevails. In this case, the circumstances justify a settlement as proposed because it results in the immediate recovery of funds for the benefit of creditors and avoids the incurrence of additional time and expense as well as the uncertainty of future litigation.

**B.   The Parties' Joint Request to Vacate the Order Should Extend the Time for the Filing of a Notice of Appeal of the Order pursuant to Bankruptcy Rule 8002(b).**

In addition to the conditions set forth above, the parties have agreed to extend the time for the filing of a notice of appeal of the Order until this Motion can be heard by the Court. Ordinarily, a notice of appeal must be filed "within 14 days of the day of the entry of the judgment, order, or decree appealed from." *See* Fed. R. Bankr. P. 8002(a). However, this 14-day period can be extended through the filing of certain types of motions as described in Fed. R. Bankr. P. 8002(b), which provides in part:

> If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion:
>
> (1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;
>
> (2) to alter or amend the judgment under Rule 9023;
>
> (3) for a new trial under Rule 9023; or
>
> (4) for relief under Rule 9024 if the motion is filed no later than 14 days after the entry of judgment. …

Fed. R. Bankr. P. 8002(b).

Page 6 of 7

The parties submit that the instant Motion, in that it requests that the Order be vacated, is the practical equivalent of a motion for relief from an order or judgment made pursuant to Fed. R. Civ. P. 60(b), which is made applicable to this matter pursuant to Fed. R. Bankr. P. 9024 and allows the Court to vacate the Order on the grounds that it "has been satisfied, released, or discharged" or for "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b) (5) and (6). Consequently, the instant Motion, having been filed within 14 days after the entry of the Order, should extend the time for all parties to file a notice of appeal of the Order until 14 days after such time as an order disposing of this Motion has been entered. To the extent that the Court disagrees with the above analysis, the parties request that the Court construe the instant Motion as a joint request made pursuant to Fed. R. Bankr. P. 8002(c) that the time for the parties to file a notice of appeal be extended until 14 days after the entry of an order disposing of this Motion.

### III.    CONCLUSION

WHEREFORE, K&L, Howard and the Trust jointly request that the Court (i) approve the parties' agreement to compromise and settle the Trust's claim pursuant to Fed. R. Bankr. P. 9019 and 11 U.S.C. § 105, (ii) vacate the Order and (iii) deem the Motion for Sanctions withdrawn.

Dated this 5th day of January, 2011.

**KOLESAR & LEATHAM, CHTD.**

/s/ Bart K. Larsen, Esq.
BART K. LARSEN, ESQ.
Nevada Bar No. 008538
3320 W. Sahara Avenue, Suite 380
Las Vegas, Nevada  89102

*Attorneys for Kolesar & Leatham, Chtd. and Randolph L. Howard, Esq.*

Dated this 5th day of January, 2011.

**LEWIS AND ROCA LLP**

/s/ *Robert M. Charles, Esq.*
ROBERT M. CHARLES, JR., ESQ.
Nevada Bar No. 006593
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

*Attorneys for USACM Liquidating Trust*

# **EXHIBIT 1**

RANDOLPH L. HOWARD, ESQ.
Nevada Bar No. 006688
BART K. LARSEN, ESQ.
Nevada Bar No. 008538
**KOLESAR & LEATHAM, CHTD.**
3320 W. Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-mail:    rhoward@klnevada.com
           pnavarro@klnevada.com

Attorneys for Kolesar & Leatham, Chtd. and
Randolph L. Howard, Esq.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Asset Resolution LLC, | Case No.: BK-S-06-10725 LBR |
| Plaintiff, | CHAPTER 11 |
| vs. | Consolidated With:<br>Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR |
| USA Commercial Mortgage Company,<br>USA Capital First Trust Deed Fund, LLC, and<br>Geoffrey L. Berman, in his capacity as Trustee<br>for the USACM Liquidating Trust, and not<br>individually, | Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR<br>Case No. BK-S-06-10729-LBR<br>Adv. Proc. No. 09-01284-LBR |
| Defendants. | |

### SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into by Geoffrey L. Berman, as Trustee of the USACM Liquidating Trust (the "Trust"), Kolesar & Leatham, Chtd. ("K&L") and Randolph L. Howard, Esq. ("Howard").

### RECITALS

WHEREAS, there is currently pending in the United States Bankruptcy Court, District of Nevada (the "Court") the chapter 11 bankruptcy case of the Debtor USA Commercial Mortgage Company, Case No. BK-S-06-10725-LBR (the "Bankruptcy Case");

Page 1 of 4

1   WHEREAS, the Court entered its Order Confirming the Debtor's Third Amended Joint Chapter 11 Plan of Reorganization on January 11, 2007 (the "Plan"), under which the Trust was established to administer and liquidate the assets of the Debtor's estate;

WHEREAS, K&L and Howard, as attorneys for Asset Resolution, LLC ("ARC"), commenced an adversary proceeding on October 7, 2009 (the "Adversary Proceeding") asserting claims of breach of contract and unjust enrichment against the Trust arising out of the Plan and that certain Asset Purchase Agreement dated December 8, 2006 to which ARC is a successor in interest;

WHEREAS, the Court entered summary judgment in favor of the Trust in the Adversary Proceeding on May 11, 2010;

WHEREAS, the Trust subsequently filed a Motion for Sanctions pursuant to Bankruptcy Rule 9011 against K&L and Howard on August 3, 2010 in which the Trust requested that it be awarded its attorney fees and costs in the amount of $15,662.26 incurred in defending against the claims asserted in the Adversary Proceeding;

WHEREAS, the Court held a hearing on October 27, 2010 at which the Trust's Motion for Sanctions pursuant to Bankruptcy Rule 9011 was granted;

WHEREAS, the Court entered its Order Granting USACM Liquidating Trust's Motion For Sanctions Pursuant to Bankruptcy Rule 9011 [DE 79]; and

WHEREAS, the parties now wish to resolve the Trust's claim against K&L and Howard and all issues related thereto and to avoid further litigation in this matter.

## AGREEMENT

NOW THEREFORE, K&L, Howard and the Trust agree and stipulate as follows:

1.  Without admitting the validity or merit of any allegation made in the Trust's Motion for Sanctions Pursuant to Bankruptcy Rule 9011, K&L and Howard agree to pay, and the Trust agrees to compromise and accept, the sum of Thirteen Thousand and No/100 Dollars ($13,000.00) (the "Settlement Amount"), in full settlement of the Trust's claim for sanctions pursuant to Bankruptcy Rule 9011.

2.  K&L and Howard shall pay the Settlement Amount to the Trust concurrent with

execution of this Agreement.

3. The Trust stipulates that the Order be vacated upon Court approval of this Agreement and the performance required under ¶ 2.

4. The Trust further stipulates that the Motion for Sanctions shall be deemed withdrawn upon Court approval of this Agreement and the performance required under ¶ 2.

5. The Trust's entry into this Agreement is subject to approval by the Court, which has jurisdiction over the Bankruptcy Case and the Adversary Proceeding. In the event that the Court does not approve this Agreement, the Agreement shall be ineffective.

6. The parties have jointly prepared a motion for approval of this Agreement. The Trust agrees to promptly seek a final order of the Court approving this Agreement.

7. The parties to this Agreement state that this Agreement has been read and the content thereof known and understood, and that this document is signed as an act of free will with the intention to be legally bound thereby.

8. This Agreement embodies the entire agreement and understanding of the parties hereto with respect to the subject matter hereof. No statement, representation, warranty, covenant, or agreement of any kind not expressly set forth in this Agreement shall affect or be used to interpret, change, or restrict the express terms and provisions of this Agreement.

9. The parties hereto agree that the Court shall retain jurisdiction over this matter for the purposes of enabling any of the parties to this Agreement to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the enforcement and compliance with this Agreement, or for the punishment of violations thereof.

10. This Agreement may be executed in any number of counterparts and fax or scanned copies of this Agreement and fax or scanned signatures shall have the same force and effect as originals.

11. The parties stipulate and agree that all parties have jointly participated in the negotiation and drafting of this Agreement upon advice of their own, independent counsel, or that they have had the opportunity to do so, and that Agreement shall be construed fairly and equally as to all parties as if drafted jointly by them. The parties hereby irrevocably waive the

1 benefit of any rule of contract construction which disfavors the drafter of an agreement.

2   12.   This Agreement may only be amended or modified by written instrument
3 executed by all parties to this Agreement.

5 DATED: *1-4-2011*                        Kolesar & Leatham, Chtd.

                                           _____
                                           Nile Leatham, Esq.

9 DATED: *1/4/2011*                        Randolph L. Howard, Esq.

                                           *Randolph L. Howard*

12 DATED: *1/5/2011*                       USACM Liquidating Trust

                                           *Goeffrey L. Berman*
                                           Goeffrey L. Berman, in his capacity as
                                           Trustee of the USACM Liquidating Trust

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472