E-filed: January 10, 2011

| | |
|---|---|
| Marc A. Levinson (California Bar No. 57613) | Robert Kinas (Nevada Bar No. 6019) |
| Jeffery D. Hermann (California Bar No. 90445) | Claire Dossier (Nevada Bar No. 10030) |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | SNELL & WILMER LLP |
| 400 Capitol Mall, Suite 3000 | 3883 Howard Hughes Parkway, Suite 1100 |
| Sacramento, California 95814-4497 | Las Vegas, Nevada 89169 |
| Telephone: (916) 447-9200 | Telephone: (702) 784-5200 |
| Facsimile: (916) 329-4900 | Fax: (702) 784-5252 |
| Email: malevinson@orrick.com | Email: rkinas@swlaw.com |
| jhermann@orrick.com | cdossier@swlaw.com |

ATTORNEYS FOR USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br>Debtors | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter Number: 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC'S ELEVENTH REPORT OF ACTION TAKEN AND PROGRESS TOWARDS CONSUMMATION OF CONFIRMED PLAN OF REORGANIZATION |

## POST-EFFECTIVE DATE USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC's ELEVENTH REPORT OF ACTION TAKEN AND PROGRESS TOWARDS CONSUMMATION OF CONFIRMED PLAN OF REORGANIZATION

Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC ("Diversified" or "Revested Debtor"), a revested debtor in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through its counsel noted above, hereby submits this Eleventh Report of Action Taken and Progress Towards Consummation of Confirmed Plan of Reorganization (the "Eleventh Report"), pursuant to the Court's "Order Confirming the "Debtors' Third Amended

12423253.1

Joint Chapter 11 Plan of Reorganization,' as Modified Herein" [Docket No. 2376] (the "Confirmation Order") entered January 8, 2007. *See* Confirmation Order, ¶ 74. The Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan") went effective on March 12, 2007 (the "Effective Date").

This Eleventh Report is for the period from February 1, 2010 – July 1, 2010.[1] This Eleventh Report incorporates the requirements and structure of former Rule 3020(a) of the Court's Local Rules of Bankruptcy Practice, abrogated in May 2006, which were as follows:

(A)    **A schedule of personal property costing more than $5,000 and any real property acquired, sold or disposed of and the price paid for each:**

    Personal property costing more than $5,000:     None
    Real property acquired, sold or disposed of:    None
    Total:                                          $0.00

(B)    **A schedule listing each debt, the total amount required to be paid under the Plan, the amount required to be paid to date, the amount actually paid to date, and the amount unpaid:**

Due to the nature of its operations as an investment fund with contracted services through intercompany debtor entities and no employees, Diversified had only a relatively small number of claims filed against it in the Chapter 11 Cases. Such claims included general unsecured claims (many of which were misfiled as creditor claims by holders of equity interests in Diversified) and administrative expense claims related to professional fees accrued during the Chapter 11 Cases. All unsecured creditors and administrative expense claims have been paid in full.

(C)    **A schedule of executory contracts entered into:**

Pursuant to the Plan, Diversified entered into agreements, as of March 13, 2007, retaining professionals to provide legal and financial advisory services necessary to conduct Diversified's affairs. Since March 13, 2007, Diversified has retained additional

---

[1] This report thus covers five (5) months, rather than three (3) months.

professionals. The agreements with those professionals are detailed in previous reports filed with the Court.

(D)  **A statement listing each postpetition tax (i.e., income, payroll, property, sales), payee, and the amount actually paid:**

| | |
|---|---|
| Federal Unemployment taxes: | None |
| Federal Payroll taxes: | None |
| Nevada Unemployment taxes: | None |
| Total: | $0.00 |

(E)  **Progress toward completion of the Plan and a list and status of any pending adversary proceedings or motions and resolutions expected:**

1.  **General Progress**

The major terms of the Plan with respect to Diversified have all been accomplished. The Operating Agreement of Diversified has been amended, USA Capital First Trust Deed Fund, LLC has made certain payments and assignments to Diversified, and Diversified is operating in the post-confirmation realm.

Diversified continues to focus on recovering assets and the investigation and prosecution of causes of action against potential recovery targets. On March 3, 2010, Diversified sent a letter to its investors with a recommendation that the investors consult with their tax advisors regarding filing a 2006 protective claim and the filing of 2009 tax returns. A copy of the March 3, 2010 letter is attached as Exhibit 1. While the letter does not provide tax advice, it provides helpful information to investors.

2.  **Nondischargeability Complaint – In re Thomas A. Hantges**

On February 11, 2008, Diversified filed a nondischargeability complaint (the "Hantges Dischargeability Complaint") in the Thomas A. Hantges bankruptcy proceeding. [Docket No. 527 in Bankruptcy Case No. 07-13163; Adversary Case No. 08-01041]. The Hantges Dischargeability Complaint alleges that Mr. Hantges' debts to Diversified should not be discharged under 11 U.S.C. § 523 because Mr. Hantges (1) obtained money and property from Diversified through false pretenses, false

12423253.1

- 3 -

representations, and/or actual fraud, (2) Mr. Hantges misappropriated Diversified's money and property while acting in a fiduciary capacity towards Diversified, and (3) Mr. Hantges obtained Diversified's money and property by means of willful and malicious injury and/or reckless disregard to Diversified. The Hantges Dischargeability Complaint seeks a determination that all of Mr. Hantges' debts to Diversified are non-dischargeable, and a judgment for Diversified in an amount not less than $149,555,735.

On October 24, 2008, the Court entered an *Order Approving Oral Stipulation to Stay Discovery Pending Further Order of the Court* [Docket No. 21], which stayed discovery pending either 1) the filing of a chapter 11 plan providing for discharge of Mr. Hantges or 2) the conversion of the chapter 11 case to a chapter 7 bankruptcy. Mr. Hantges bankruptcy case has since been converted to chapter 7, and the new deadline to object to his discharge has passed.

On July 13, 2010, the Court ordered all of the plaintiffs with 11 U.S.C. § 523 claims against Mr. Hantges, including Diversified, to participate in an October 21, 2010 settlement conference. If a settlement agreement is not reached, then the Court will set a trial date, the stay will terminate, and discovery will commence in Diversified's action against Mr. Hantges.

3.  **Nondischargeability Complaint – In re Joseph D. Milanowski**

On March 28, 2008, Diversified filed a nondischargeability complaint (the "Milanowski Dischargeability Complaint") in the Joseph D. Milanowski bankruptcy proceeding. [Docket No. 416 in Bankruptcy Case No. 07-13162; Adversary Case No. 08-01090]. The Milanowski Dischargeability Complaint alleges that Mr. Milanowski's debts to Diversified should not be discharged under 11 U.S.C. § 523 because Mr. Milanowski (1) obtained money and property from Diversified through false pretenses, false representations, and/or actual fraud, (2) Mr. Milanowski misappropriated Diversified's money and property while acting in a fiduciary capacity towards Diversified, and (3) Mr. Milanowski obtained Diversified's money and property by means of willful and malicious injury and/or reckless disregard to Diversified. The

12423253.1

- 4 -

Milanowski Dischargeability Complaint seeks a determination that all of Mr. Milanowski's debts to Diversified are non-dischargeable, and a judgment for Diversified in an amount not less than $149,555,735. Mr. Milanowski filed an Answer [Docket No. 7 in Adversary Case No. 08-01090] on June 30, 2008.

On September 30, 2008, Diversified and Mr. Milanowski appeared for a Scheduling Conference before the Court, and the Court agreed to stay the adversary proceeding pending certain developments in Mr. Milanowski's underlying bankruptcy case. Since then, Mr. Milanowski's bankruptcy case was converted to chapter 7, and the United States Trustee filed a complaint objecting to his discharge pursuant to 11 U.S.C. § 727. *See* Complaint [Docket No. 668 in Bankruptcy Case No. 07-13162]. Various private plaintiffs, referred to by shorthand as the "Kehls," also added a Section 727 claim to their objection to Mr. Milanowski's discharge. *See* Amended Complaint [Docket No. 657 in Bankruptcy Case No. 07-13162].

During a July 13, 2010 status check, the Court set a settlement conference for the plaintiffs with 11 U.S.C. § 727 claims against Mr. Milanowski, and for the USACM Liquidating Trust for October 22, 2010. The Milanowski Dischargeability Complaint is set for a status check on November 17, 2010, at the same time as the Scheduling Conference for the United States Trustee's Section 727 action against Mr. Milanowski. If the parties have not reached a settlement agreement by that time, the Court will set a trial date, the stay will terminate, and discovery will commence in Diversified's action against Mr. Milanowski.

5.  **Status of Complaints Filed**

Diversified and USACM have filed a number of complaints to recover assets through their litigation counsel, Diamond McCarthy LLP. Diversified's past progress reports have detailed the status of concluded litigation and settlement recoveries prior to the time period encompassed by this Eleventh Report. The following cases are still active or were settled subsequent to the last report:

- *USACM Liquidating Trust v. Deloitte & Touche, LLP and Victoria Loob (Case No. 08-00461)*: This Complaint was filed in United States District Court, District of Nevada, on April 11, 2008. Discovery closed January 30, 2009 [Docket No. 83]. On April 26, 2010, Defendant Deloitte & Touche LLP filed a Motion for Summary Judgment (Imputation, In Pari Delicto, and Statute of Limitations) [Docket No. 97]. The dispositive motion deadline was June 4, 2010 [Docket No. 92]. Defendant Deloitte & Touche, LLP filed a Motion for Summary Judgment [Docket No. 111] on June 4, 2010, and the court has not yet ruled on that motion.

- *USA Capital Diversified Trust Deed Fund LLC v. Stanley E. Fulton (Adversary Case No. 08-01132)*: This Complaint was filed as an adversary proceeding in Jointly Administered Bankruptcy Case No. 06-10725 on April 11, 2008, and transferred to the District Court because defendant requested a jury trial on October 18, 2009. On December 11, 2009, the Court entered its Findings of Facts, Conclusions of Law and Recommendations Regarding (1) Defendant's Motion for Summary Judgment; 2) Plaintiff's Motion for Partial Summary Judgment; and 3) Defendant's Countermotion for Summary Judgment [Docket No. 149]. On January 26, 2010, the District Court set the jury trial on this case for the stacked calendar of June 21, 2010 [Docket No. 11]. On May 7, 2010, the District Court ordered that the Court's December 11, 2009 Findings and Recommendations were accepted and adopted [Docket No. 26].

- *USAC Liquidating Trust and USA Capital Diversified Trust Deed Fund, LLC v. Mary Petersen, individually and as Trustee of the Mary Petersen Family Trust Dtd 8/12/98; Michael Petersen individually and as Trustee of the Michael D. Petersen Family Trust Dtd 8/12/98; Kathryn Petersen individually and as Trustee of the Kathryn L. Petersen Living Trust and the KLP Trust Dtd 7/15/99 (Adversary Case No. 08-01134)*. The parties filed a Stipulation to dismiss the case with prejudice [Docket No. 144] on December 29, 2009. The adversary proceeding was closed on March 16, 2010 [Docket No. 145].

- *USA Capital Diversified Trust Deed Fund, LLC v. Wells Fargo Bank, N.A. (Adversary Case No. 08-01135)*: Trial in this case is set for August 2, 2010 [Docket No. 353].

///
///
///
///
///
///
///
///
///

12423253.1

- 6 -

**(F)     A statement regarding the status of payment of UST quarterly fees:**

All UST fees have been paid in full through July 1, 2010, the final date covered by this Eleventh Report.

Dated this 10th day of January, 2011.

SNELL & WILMER L.L.P.

By: /s/ Claire Y. Dossier
Robert R. Kinas (Nevada Bar No.6019)
Claire Y. Dossier (Nevada Bar No. 10030)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169

And

ORRICK, HERRINGTON & SUTCLUFFE LLP
Marc A. Levinson
Jeffery D. Hermann
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
*Attorneys for USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC*