

3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: JHindera@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>USA Capital Realty Advisors, LLC,[1]<br><br>USA Capital Diversified Trust Deed Fund, LLC,<br><br>USA Capital First Trust Deed Fund, LLC,[2]<br><br>USA Securities, LLC,[3]<br>                            Debtors. | Case No. BK-S-06-10725-LBR[1]<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR[2]<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**MOTION TO FURTHER EXTEND DEADLINE TO FILE OBJECTION TO ALLOWANCE OF CLAIMS** (with Certificate of Service)<br><br>Date:  February 4, 2011<br>Time: 1:30 p.m.<br>Estimated Time of Hearing: 10 minutes |

**Affects:**
☐ All Debtors
☒ USA Commercial Mortgage Company
☐ USA Capital Realty Advisors, LLC
☐ USA Capital Diversified Trust Deed Fund, LLC
☐ USA Capital First Trust Deed Fund, LLC
☐ USA Securities, LLC

     The USACM Liquidating Trust  (the "USACM Trust") by Lewis and Roca LLP, its

counsel, moves for an order pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rules 3007

and 9006(b)(1) enlarging the deadline for filing objections to allowance of claims, and in

particular unsecured claims, for an additional 180 days from February 7, 2011 to August 8,

---

[1] This bankruptcy case was closed on September 23, 2008.

[2] This bankruptcy case was closed on October 12, 2007.

[3] This bankruptcy case was closed on December 21, 2007.


1   2011.  This Motion is based upon the following Memorandum of Points and Authorities

2   and is supported by the Court's record and the declaration of Edward M. Burr filed this

3   date.

4   **MEMORANDUM**

5   **Background**

6   On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third

7   Amended Joint Chapter 11 Plan of Reorganization" as modified herein [DE 2376].  Notice

8   of Entry of the Confirmation Order was filed on January 9, 2007, and served on January

9   11 and 12, 2007 [DE 2387].

10  There is no deadline for claims objections after plan confirmation under either the

11  Bankruptcy Code or Rules.  However, Section VII A.1 Objection to Claims of the Plan

12  provides:

13  > Unless otherwise extended by the Court, objections to the
    > allowance of Claims and Equity Interests shall be filed and
14  > served upon the entities asserting such Claims or Equity
    > Interests as follows:  (A) for any and all Claims and Equity
15  > Interests to which the General Bar Date applies, ninety (90)
    > days after the Effective Date….
16
17  Accordingly, the deadline to file an objection to such Claim was 90 days after the

    Effective Date of March 12, 2007, or June 10, 2007.  The Court has extended the deadline
18
    several times, most recently, on October 8, 2010, it entered an order [DE 8192] extending
19
    the deadline to February 7, 2011.
20
    The following is an overview of where the claims resolution process stands.  These
21
    figures are supported by the Declaration of Ted Burr filed in support of this motion.  The
22
    Burr Declaration also includes a summary of the claims resolved to reach this point:
23
    To date there have been filed:
24
    •   Seven administrative claims totaling $2,016,499 — Two objections to the
25
        status of an administrative claim for $62,496 that have been sustained,
26

resulting in the claims being reclassified as unsecured.  There are no
unresolved administrative claims;

- 100 priority claims totaling $6,975,181 — there are no unresolved priority claims;

- 1669 secured claims filed totaling $291,093,538 — all secured claims are resolved or have been converted to unsecured claims;

- 1,241 unsecured claims totaling $635,466,221 — as of January 1, 2011, there were $191,935,242 unresolved unsecured claims remaining.

- 69 unknown claims totaling $322,617 of which $142,139 remains unresolved.

The Trust prosecuted objections to claims, including the Loans known as 3685 San Fernando Road Partners; 5252 Orange; 60th St. Venture, LLC; Ashby Financial $7,200,000; BarUSA/$15,300,000 (Barusa, LLC); Bay Pompano Beach, LLC; Beastar, LLC; Boise/Gowen; Charlevoix Homes, LLC, Clear Creek Plantation; Copper Sage Commerce Center, LLC; Corral, LLC; Cottonwood Hills, LLC; Del Valle Isleton; Elizabeth May Real Estate,  LLC; Fiesta 6; Fiesta Mcnaughton; Fiesta/Beaumont $2.4m; Gateway Stone (Gateway Stone Association); Glendale Tower Partners, L.P.; Golden State; Goss Road Savannah Homes, LLC; Gramercy Court Condos; Hasley Canyon; HFA-North Yonkers; HFA Riviera; HFA Riviera 2nd; I-40 Gateway West, LLC; I-40 Gateway West, LLC 2nd; J Jireh Corporation; La Hacienda Estate, LLC; LCG Gilroy, LLC; Marquis Hotel; Meadow Creek Partners, LLC; Midvale Marketplace, LLC; Opaque/Mt. Edge $7,350,000; Preserve at Galleria, LLC; Rio Rancho Executive Plaza, LLC; Roam Development Group L.P.; Shamrock Tower, LP; Slade Development,  Inc.; The Gardens, LLC $2,425,000; Urban Housing Alliance - 435 Loft; and Wasco Investments LLC.

The Trust has other adversary proceedings pending that constitute claims objections.

3

267241.3

Further, as the Trust has received information from claimants, it has entered into stipulations for the allowance and disallowance of priority and unsecured claims. Conversely, some claimants have stipulated to either withdraw their claims or have them reclassified as unsecured claims upon discussion with the USACM Trust's counsel.

Direct Lenders have filed proofs of claim asserting money owed based upon 104 different loans. To date USACM Trust has objected to proofs of claims based on loans that were repaid in full. There are additional paid in full loans that also have amounts scheduled for unremitted principal, and USACM Trust has objected to the proofs of claims based on these loans. As of January 1, 2011, the unresolved unsecured claims total approximately $180,000,000. As a result of the most recent claim objections, over $550,000 has been made available from the Disputed Claims Reserve to augment Trust funds. The Trust is continuing to gather information about the remaining loans and is preparing additional omnibus objections on a loan by loan basis.

## DISCUSSION

This Court has previously considered and granted, after notice, and without opposition, extensions of the Plan's deadline for claim objections under Bankruptcy Rule 9006(b)(1), provides that except as otherwise provided by the Rule:

> when an act is required or allowed to be done at or within a specified period by the rules or by a notice given thereunder or by order of court, the court for cause shall at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect.

This request is supported by good cause. Nothing in the Plan prohibits the Court from extending the deadline for objecting to claims. The previous extensions have all been granted without prejudice to further extensions. The Trust has been requesting only 120 day extensions so that the Court may continue to monitor the claims process, but on


this occasion the Trust is requesting a 180 day extension. The other direct lender claims to which the Trustee has yet to object relate mostly to loans that were previously serviced by Compass Partners and have more recently been serviced by Silar or an entity that may be related to Silar called Servicing Oversight Solutions, LLC. Resolution of those loans has been impacted by the bankruptcy filing of the Asset Resolution, LLC and the appointment of a trustee for that entity. For all of these reasons, the USACM Trust believes it may need more than 180 days to complete its review of the claims and file objections, but for now asks only for an 180 days, so that the Court can continue to monitor the claims resolution process.

## CONCLUSION

The USACM Trust requests that the Court enter its order further extending the deadline to file objections to allowance of claims until August 8, 2011, without prejudice to an additional extension.

Dated: January 11, 2011.


**LEWIS AND ROCA LLP**


By /s/ JH (#018024)
          Robert M. Charles, Jr., NV 6593
          John Hinderaker, AZ 18024 (pro hac vice)
          *Attorneys for USACM Liquidating Trust*

267241.3

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

1    Proof of service

2    Copy of the foregoing posted on the
     USACM Liquidating Trust website and
3    served on January 11, 2011 via email,
     where an email address is listed, or by
4    first class mail, postage prepaid U.S.
     Mail, addressed to:

5
     All parties in interest listed on the Post
6    Effective Date Service List on file with
     the Court
7

8

9
      s/Marie H. Mancino_____
10   Lewis and Roca LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

267241.3