**LEWIS AND ROCA LLP**
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: JHindera@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>USA Capital Realty Advisors, LLC,[1]<br><br>USA Capital Diversified Trust Deed Fund, LLC,<br><br>USA Capital First Trust Deed Fund, LLC,[2]<br><br>USA Securities, LLC,[3]<br>　　　　　　　　　　　　Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**DECLARATION OF EDWARD M. BURR IN SUPPORT OF MOTION TO FURTHER EXTEND DEADLINE TO FILE OBJECTION TO ALLOWANCE OF CLAIMS; AND CERTIFICATE OF SERVICE**<br><br>Date: February 4, 2011<br>Time: 1:30 p.m.<br>Estimated Time of Hearing: 10 minutes |

I Edward M. Burr, hereby declare under penalty of perjury that:

I am a principal with Sierra Consulting Group, LLC ("Sierra").

---

[1] This bankruptcy case was closed on September 23, 2008.

[2] This bankruptcy case was closed on October 12, 2007.

[3] This bankruptcy case was closed on December 26, 2007.

267303.1

LEWIS AND ROCA LLP
LAWYERS

I submit this declaration on behalf of the Motion to Further Extend Deadline to File Objection to Allowance of Claims (the "Motion") [DE 8252] filed by the USACM Liquidating Trust (the "USACM Trust"), as successor to USA Commercial Mortgage Company ("USACM").

Sierra previously served as financial adviser to the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company ("Committee").

I assisted the Committee in analyzing facts concerning these jointly administered bankruptcy cases, including scheduled liabilities and proofs of claim. The Committee ceased to exist on March 12, 2007, the Effective Date of the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization ("Plan"), and I am now assisting the USACM Liquidating Trust ("USACM Trust") created under the Plan.

I make the following declaration based upon my personal knowledge, and upon the records of the Debtors and the USACM Trust described in this declaration.

I understand that under the Plan as modified by the Confirmation Order, the deadline for interested parties to object to Allowance of Claims and Equity Interests was 90 days after the Effective Date, or June 10, 2007. That deadline was further extended to October 9, 2007 by a June 29, 2007 order [DE 4097] after a hearing held on June 22, 2007. The deadline was further extended to October 15, 2007 by a bridge order that was approved at a hearing held on August 23, 2007 [DE 4625]. On October 11, 2007, the Court entered an order [DE 4971] extending the deadline to February 12, 2008. On January 22, 2008, the Court entered an order [DE 5709] extending the deadline to June 12, 2008. On May 13, 2008, the Court entered an order [DE 6347] extending the deadline to October 10, 2008. On December 2, 2008, the Court entered an Order [DE 6636] extending the deadline to February 9, 2009. On February 19, 2009, this Court entered an order [DE 6843] extending the deadline to June 9, 2009. On May 7, 2009 entered an order [DE 7105] extending the deadline to October 7, 2009. On October 27, 2009 entered an

order [DE 7680] extending the deadline to February 4, 2010. On February 1, 2010 entered an order [DE 7945] extending the deadline to June 4, 2010. On May 21, 2010 entered an order [DE 8070] extending the deadline to October 8, 2010. On October 8, 2010 entered an order [DE 8192] extending the deadline to February 7, 2011.

To date there have been filed:

- seven administrative claims totaling $2,016,499 — there are no unresolved administrative claims;
- 100 priority claims totaling $6,975,181 — there are no unresolved priority claims;
- 1669 secured claims filed totaling $291,093,538 — all secured claims are resolved or have been converted to unsecured claims;
- 1,241 unsecured claims totaling $635,466,221 — as of January 1, 2011, there were $$191,935,242 unresolved unsecured claims remaining; and
- 69 unknown claims totaling $322,617 of which $142,139 remains unresolved.
- Two objections to the status of administrative claims totaling $62,496 that have been sustained, resulting in the claims being reclassified as unsecured. There are no unresolved administrative claims.
- Objections to 74 priority claims in aggregate of $4,458,040 that have been sustained, resulting in the claims being reclassified as unsecured.
- Objections to 1,660 secured claims in aggregate of $290,201,464 that have been sustained, resulting in the claims being reclassified as unsecured (subject to potential further objection). There are no unresolved secured claims that assert liens on assets owned by the Trust.[4]

---

[4] Unfortunately, numerous direct loans secured by borrower property have not been resolved.

3

267303.1

LEWIS AND ROCA LLP
LAWYERS

- As of January 1, 2011 approximately, $180,000,000 in unsecured claims have been allowed and $576,500,000 have been disallowed, leaving a total of $192,000,000 in unresolved unsecured claims.
- Objections to 77 "wrong debtor" claims, in the aggregate amount of $12,544,484, were sustained. The Trust believes that it has made all of the available "wrong debtor" objections.
- Objections to 158 claims for lack of documentation in the amount of $23,447,974 have been sustained.
- Objections to 40 claims based on miscellaneous grounds in the amount of $87,822,585. Of these objections $74,223,924 has been sustained with the remaining balance of $13,658,662 being deemed allowed.
- Direct Lenders' claims in the amount of $134,547,021.73, principally on loans paid in full by the borrowers. The Court has sustained these objections or the claimants have agreed that they are not making a claim based upon the paid loan in question.
- A stipulation and a signed order which provides for the disallowance of the Spectrum and Weddell proofs of claim in the amount of $125,000,000.
- Thirty-two objections to claims based on the Palm Terrace lawsuit totaling $64,000,000; of which 31 claims have been disallowed in their entirety and one claim was deemed partially allowed in the amount of $50,000 with the remaining portion of the claim disallowed. Thus, $63,950,000 of the Palm Terrace Claims have been disallowed.

The Trust prosecuted objections to claims, including the Loans known as 3685 San Fernando Road Partners; 5252 Orange; 60th St. Venture, LLC; Ashby Financial $7,200,000; BarUSA/$15,300,000 (Barusa, LLC); Bay Pompano Beach, LLC; Beastar, LLC; Boise/Gowen; Charlevoix Homes, LLC, Clear Creek Plantation; Copper Sage

Commerce Center, LLC; Corral, LLC; Cottonwood Hills, LLC; Del Valle Isleton; Elizabeth May Real Estate, LLC; Fiesta 6; Fiesta Mcnaughton; Fiesta/Beaumont $2.4m; Gateway Stone (Gateway Stone Association); Glendale Tower Partners, L.P.; Golden State; Goss Road Savannah Homes, LLC; Gramercy Court Condos; Hasley Canyon; HFA-North Yonkers; HFA Riviera; HFA Riviera 2nd; I-40 Gateway West, LLC; I-40 Gateway West, LLC 2nd; J Jireh Corporation; La Hacienda Estate, LLC; LCG Gilroy, LLC; Marquis Hotel; Meadow Creek Partners, LLC; Midvale Marketplace, LLC; Opaque/Mt. Edge $7,350,000; Preserve at Galleria, LLC; Rio Rancho Executive Plaza, LLC; Roam Development Group L.P.; Shamrock Tower, LP; Slade Development, Inc.; The Gardens, LLC $2,425,000; Urban Housing Alliance - 435 Loft; and Wasco Investments LLC.

The Trust has other adversary proceedings pending that constitute claims objections.

Further, as the Trust has received information from claimants, it has entered into stipulations for the allowance and disallowance of priority and unsecured claims. Conversely, some claimants have stipulated to either withdraw their claims or have them reclassified as unsecured claims upon discussion with the USACM Trust's counsel.

Not all of the claims objections can be resolved through motions. The Court has ordered that the Trust's objection to claim 1366 of Los Valles Land & Golf, LLC be consolidated with a related adversary proceeding filed by the Trust against Los Valles and its guarantor, Dan S. Palmer, Jr.

USACM Trust has 104 direct lender loans on record for which investors have filed a proof of claim asserting money owed. To date USACM Trust has objected to proofs of claims based on 45 of these loans for having been repaid in full. There will be an additional 59 direct lender loans outstanding after these loans are resolved, the majority of these loans are being serviced by Compass Financial. USACM Trust has been unable to obtain the status of these outstanding loans from Compass Financial.

5                                                                                    267303.1

I make this declaration under penalty of perjury of the laws of the United States of America on January 11, 2011.

By /s/ *Edward M. Burr*<br>
Edward M. Burr

LEWIS AND ROCA LLP
L A W Y E R S

Copy of the foregoing served on January 11, 2011, via e-mail or first class postage prepaid U.S. Mail to all parties listed on the Post Effective Date Service List on file with this Court:

  s/Marie H. Mancino
MARIE H. MANCINO
Lewis and Roca LLP

267303.1