E-filed on 01/14/11

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust and
USA Capital Diversified Trust Deed Fund, LLC

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR<br>BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | Judge Linda B. Riegle |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | **MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**<br><br>Hearing Date: February 15, 2011<br>Hearing Time: 10:30 a.m. |

The USACM Liquidating Trust (the "USACM Trust") files this Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion"), seeking entry of an order approving the Settlement Agreement, Mutual Release, and Covenants

between the USACM Trust, on the one hand, and Joseph D. Milanowski ("Milanowski"), on the other hand. A proposed form of order is attached hereto as Exhibit "A."

This Motion is made pursuant to Federal Rule of Bankruptcy Procedure 9019 and is based on the points and authorities listed herein, the Declaration of Geoffrey L. Berman in Support of the Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Berman Declaration") attached hereto as Exhibit "B," the pleadings, papers, and other records on file with the clerk of the clerk of the Court, judicial notice of which is hereby respectfully requested, and any argument or evidence to be presented at the time of the hearing of the Motion.

## BACKGROUND FACTS

### A. The USACM Trust

On April 13, 2006 (the "Petition Date"), USA Commercial Mortgage Company ("USACM"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), and certain affiliated companies and subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"). The Debtors' chapter 11 cases are being jointly administered under Bankruptcy Case No. BK-S-06-10725-LBR (the "USA Capital Bankruptcy Case"). On January 8, 2007, the Bankruptcy Court confirmed the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan"), and on March 12, 2007, the Joint Plan became effective and the Debtors emerged from bankruptcy.

The Joint Plan expressly retained USACM's causes of action for enforcement by the USACM Trust, pursuant to 11 U.S.C. § 1123(b)(3)(B). Accordingly, the USACM Trust now holds any and all potential claims and causes of action, whether arising pre-petition or post-petition, that USACM may have or may at any time have had against Milanowski. Geoffrey L. Berman serves as the trustee of the USACM Trust (the "USACM Trustee").

**B. The Pending Adversary Proceeding**

On March 28, 2008, the USACM Trust commenced adversary proceeding number 08-01093, entitled *USACM Liquidating Trust v. Joseph D. Milanowski* (the "USACM Trust Non-Dischargeability Litigation"), in Milanowski's Bankruptcy case, pending before the Bankruptcy Court as petition number 07-013162 (the "Milanowski Bankruptcy Case"). In the USACM Trust Non-Dischargeability Litigation, the USACM Trust asserted claims seeking to determine the non-dischargeability of Milanowski's debt to the USACM Trust pursuant to 11. U.S.C. § 523(a).

**C. Other Pertinent Litigation Involving Mr. Milanowski**

On March 28, 2008, DTDF also brought an adversary proceeding against Milanowksi seeking to determine the non-dischargeability of Milanowski's debt to the DTDT pursuant to 11. U.S.C. § 523(a). This adversary proceeding is pending before the Bankruptcy Court as adversary proceeding number 08-01090, and is entitled *USA Capital Diversified Trust Deed Fund, LLC v. Joseph D. Milanowski*.

Several investor plaintiff groups have also brought adversary proceedings in the Milanowski Bankruptcy Case seeking to determine the non-dischargeability of Milanowski's respective debts to each plaintiff. These other pending adversary proceedings include the following (collectively, the "Investor Non-Dischargeability Litigation"):

- Adversary proceeding number 07-01212, entitled *Aurora Investments L.P, a Nevada Limited Partnership, et al v. Joseph D. Milanowski*, and filed in the Bankruptcy Court on November 19, 2007;
- Adversary proceeding number 08-01052, entitled *Robert J. Kehl, et al v. Joseph D. Milanowski*, and filed in the Bankruptcy Court on February 19, 2008; and

The Investor Non-Dischargeability Litigation is currently pending before the Bankruptcy Court.

The U.S. Government initiated criminal proceedings against Milanowski, case no. 2:09-cr-00291-RLH-PAL-1 in the U.S. District Court for the District of Nevada, on July 21, 2009 (the

"Milanowski Criminal Proceeding"). In connection with the Milanowski Criminal Proceeding, the District Court entered a Judgment in a Criminal Case against Milanowski on April 9, 2010, which requires Milanowski to pay restitution in the amount of $86.9 million (the "Criminal Judgment").[1]

On June 7, 2010, the acting United States Trustee for the region brought an adversary proceeding against Milanowski pursuant to 11 U.S.C. § 727, entitled *Kistler v. Milanowski* and pending as adversary proceeding number 10-01196-LBR in the Bankruptcy Court (the "Section 727 Litigation"). The Section 727 Litigation is currently pending before the Bankruptcy Court.

**D. The Proposed Settlement Agreement**

On October 22, 2010, the USACM Trust and Milanowski (through counsel), as well as DTDF (through counsel), and August Landis, Acting U.S. Trustee for Region 17, participated in a settlement conference. Following extensive arms-length negotiations, the USACM Trust, DTDF, the plaintiffs in the Investor Non-Dischargeability Litigation, on the one hand, and Milanowski, on the other hand, reached an agreement to resolve the Investor Non-Dischargeability Litigation and the USACM Trust Non-Dischargeability Litigation subject to approval by the Bankruptcy Court under Federal Rule of Bankruptcy Procedure 9019.[2]

The USACM Trust, DTDF, and Milanowski have memorialized their agreement as part of a global settlement by executing the Settlement Agreement, Mutual Release, and Covenants (the "Proposed Settlement Agreement"), a true and correct copy of which is attached hereto as Exhibit "C." The material terms of the Proposed Settlement Agreement, as such terms relate to the USACM Trust, are summarized below:[3]

**a.** **Agreed Judgment.** Milanowski will agree to a judgment in the amount of Five Million Dollars ($5,000,000.00) in favor of the USACM Trust and

[1] *U.S. v. Milanowski*, Case No. 2:09-cr-00291-RLH-PAL-1 in the U.S. District Court for the District of Nevada [DE# 31].

[2] Berman Declaration ¶ 4.

[3] Berman Declaration ¶ 5. The information above is only a summary of the terms of the Proposed Settlement Agreement, and is not intended to amend or modify the actual terms of the written settlement agreement, the terms of which shall control in the event of any conflicts.

DTDF. Milanowski agrees that the judgment will not be dischargeable in the Milanowski Bankruptcy Case. DTDF will share in the settlement as a beneficiary of the USACM Trust and as otherwise outlined in the agreement between the USACM Trust and DTDF filed with the Court on March 13, 2008.

**b.** **Bankruptcy Court Approval.** The Proposed Settlement Agreement is contingent upon this Court's approval of the settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**c.** **Mutual Release.** Upon the Court's approval of the settlement and the execution and entry of the USA Capital Agreed Judgment, the USACM Trust and Milanowski will exchange full mutual releases as to all claims that they ever had, now have, or may at any future time have against each other.

**d.** **Cooperation.** Milanowski will cooperate with the USACM Trust and DTDF in connection with *USA Capital Diversified Trust Deed Fund, LLC v. Thomas A. Hantges*, pending as adversary proceeding number 08-01041 in the Bankruptcy Court and *USACM Liquidating Trust v. Thomas A. Hantges*, pending as adversary proceeding number 08-01042 in the Bankruptcy Court.

## ARGUMENT

### A. The Standard for Approval of Settlement Agreements

Compromise and settlement have long been an inherent component of the bankruptcy process. Federal Rule of Bankruptcy Procedure 9019 provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."[4] In order to approve a compromise and settlement, the Court must find that it is fair and equitable to the estate and, "[i]n determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the

[4] FED. R. BANKR. P. 9019.

paramount interest of the creditors and a proper deference to their reasonable views in the premises."[5]

The USACM Trust is not required to satisfy each of these factors as long as the factors as a whole favor approving the settlement.[6] In considering the factors, "courts need not rule upon disputed facts and questions of law, but only canvass the issues."[7] "If the court were required to do more than canvass the issue, 'there would be no point in compromising; the parties might as well go ahead and try the case.'"[8]

**B. The Proposed Settlement Agreement Is Fair and Equitable**

The USACM Trust respectfully submits that the Proposed Settlement Agreement satisfies each of the relevant factors.

***First***, although the USACM Trust believes that the claims in the USACM Trust Non-Dischargeability Litigation have substantial merit and evidentiary support, there is no guarantee or certainty that the USACM Trust would be successful in prosecuting its claims.[9] In particular, the USACM Trust's claims are dependent upon a finding of actual fraudulent intent on the part of Milanowski,[10] and while the USACM Trust believes such a finding would possibly be made, there is no certainty to this point.[11]

***Second***, even if the USACM Trust were to prevail in the litigation, it would face virtually insurmountable obstacles in collecting a meaningful portion of any judgment obtained against Milanowski.[12] Currently, Milanowski has virtually no assets, as is evident from the

---

[5] *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986) (internal quotations and citations omitted); *Suter v. Goedert*, 396 B.R. 535, 548 (D. Nev. 2008).

[6] *See, e.g., In re Pacific Gas & Electric Co.*, 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004) ("It is not necessary to satisfy each of these factors provided that the factors as a whole favor approving the settlement.").

[7] *Suter*, 396 B.R. at 548 (quoting *Burton v. Ulrich (In re Schmitt)*, 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997).

[8] *Id.* at 548 (quoting 10 COLLIER ON BANKRUPTCY ¶ 9019.02).

[9] Berman Declaration ¶ 6.

[10] *See* 11 U.S.C.A. § 523(a).

[11] Berman Declaration ¶ 6.

[12] Berman Declaration ¶ 7.

proceedings in the Milanowski Bankruptcy Case[13], including the settlement negotiated between Mr. Milanowski and his Chapter 11 trustee. Further, Milanowski is currently serving a twelve (12) year sentence in federal prison[14] and has a non-dischargeable obligation to pay $86.9 million in restitution pursuant to that Criminal Judgment.[15] Mr. Milanowski will have no means of income while in prison, and his prospects of earning significant income upon his release will be meager at best as a convicted felon nearing retirement age.[16]

***Third***, there is no doubt that further litigation against Milanowski would be complex and costly.[17] The claims against Milanowski would require discovery into virtually the entire history of USACM from 2000 to 2006, likely necessitating dozens of depositions and significant analysis of a myriad of complex financial transactions.[18] The USACM Trust would also likely need to retain expert witnesses.[19] Finally, the USACM Trust would face a costly and protracted trial of this case, a case involving complex financial transactions spanning a six-year period of time.[20]

***Fourth***, the Proposed Settlement Agreement is in the paramount interest of the creditors and other beneficiaries of the USACM Trust.[21] The USA Capital Agreed Judgment is substantial, especially in light of the fact that the agreed upon amount of $5 million is likely far

---

[13] Berman Declaration ¶ 7.

[14] Berman Declaration ¶ 7.

[15] The restitution ordered against Milanowski was based on his violation of 18 U.S.C. § 1343, and thus the restitution obligation is non-dischargeable. 11 U.S.C.A. § 523(a)(13); *see also, e.g., F.D.I.C. v. Soderling, (In re Soderling)*, 998 F.2d 730, 733 (9th Cir. 1993) (holding that federal court criminal restitution orders are non-dischargeable under 11 U.S.C. § 523(a)(7)).

[16] Berman Declaration ¶ 7.

[17] Berman Declaration ¶ 8.

[18] Berman Declaration ¶ 8.

[19] Berman Declaration ¶ 8.

[20] Berman Declaration ¶ 8.

[21] Berman Declaration ¶ 9. This factor requires the Court to consider whether the settlement "reflects not only the desire of creditors to obtain the maximum possible recovery but also their competing desire that that recovery occur in the least amount of time." *In re Marples*, 266 B.R. 202, 207 (Bankr. D. Idaho 2001).

in excess of what Milanowski will ever actually be able to pay to the USACM Trust.[22] Similarly, the costs of additional litigation against Milanowski would likely exceed the maximum amount that Milanowski will ever be able to pay to the USACM Trust for the reasons discussed above.[23] Finally, the Proposed Settlement Agreement will help ensure that Milanowski provides truthful testimony in connection with other ongoing litigation.[24]

In sum, the Proposed Settlement Agreement avoids the substantial costs, delays, and risks in proceeding with the USACM Trust Non-Dischargeability Litigation, while at the same time obtaining a non-dischargeable agreed judgment in an amount that exceeds what Milanowski will likely ever be able to actually pay. In addition, the Proposed Settlement Agreement is the product of arms-length bargaining, without fraud or collusion. Accordingly, the time and expense that would necessarily be attendant with continued pursuit of the USACM Trust Non-Dischargeability Litigation outweigh the benefits to be gained by resolving these matters on the terms set forth in the Proposed Settlement Agreement.

**CONCLUSION**

For the foregoing reasons, the USACM Trust respectfully requests that the Court approve the Proposed Settlement Agreement and provide such other and further relief as the Court deems appropriate.

---

[22] Berman Declaration ¶ 9.

[23] Berman Declaration ¶ 9.

[24] Berman Declaration ¶ 9.

DATED: January 14, 2011.

**DIAMOND MCCARTHY LLP**

By: *_/s/ Michael J. Yoder_*
Allan B. Diamond, TX 05801800 (pro hac vice)
Eric D. Madden, TX 24013079 (pro hac vice)
Michael J. Yoder TX 24056572 (pro hac vice)
909 Fannin, Suite 1500
Houston, Texas 77010
(713) 333-5100 (telephone)
(713) 333-5199 (facsimile)

*Special Litigation Counsel for USACM Liquidating Trust*

**LEWIS AND ROCA LLP**

By: *_/s/ Rob Charles_*
Rob Charles, NV 6593
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
(702) 949-8320 (telephone)
(702) 949-8321 (facsimile)

*Counsel for USACM Liquidating Trust*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of January 2011, I caused to be served a true and correct copy of the foregoing **MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** by electronic transmission to the USACM Post-Confirmation Service List Dated March 31, 2009, and by electronic transmission to (1) counsel for Joseph Milanowski, Russ Walker at rwalker@wklawpc.com; (2) counsel for DTDF, Chas Harvic at Chas.Harvick@FTIConsulting.com; (3) counsel for the Investor Complainants, Janet Chubb at jchubb@ ArmstrongTeasdale.com; (4) counsel for the Mountain West Complainants, George Lazar at GLazar@foxjohns.com; and (5) the United States Trustee, Augie Landis at Augie.Landis@usdoj.gov.

*/s/ Catherine A. Burrow*
Catherine A. Burrow
Senior Paralegal
Diamond McCarthy LLP