# EXHIBIT B

**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone (713) 333-5100
Facsimile (713) 333-5199

Allan B. Diamond, TX State Bar No. 05801800
Email: adiamond@diamondmccarthy.com
Eric D. Madden, TX State Bar No. 24013079
Email: emadden@diamondmccarthy.com

Special Litigation Counsel for USACM Liquidating Trust and
USA Capital Diversified Trust Deed Fund, LLC

**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone (702) 949-8320
Facsimile (702) 949-8321

Rob Charles, NV State Bar No. 006593
Email: rcharles@lrlaw.com

Counsel for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>    Debtor. | Case Nos.:<br>BK-S-06-10725-LBR<br>BK-S-06-10726-LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>    Debtor. | BK-S-06-10727-LBR<br>BK-S-06-10728-LBR<br>BK-S-06-10729-LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>    Debtor. | JOINTLY ADMINISTERED<br>Chapter 11 Cases Under<br>Case No. BK-S-06-10725-LBR |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>    Debtor. | |
| In re:<br>USA SECURITIES, LLC,<br>    Debtor. | Judge Linda B. Riegle |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | **DECLARATION OF GEOFFRY L. BERMAN IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**<br><br>Hearing Date: _<br>Hearing Time: |

1

Geoffrey L. Berman, as Trustee of the USACM Liquidating Trust, hereby declares the following under penalty of perjury:

1. I am an adult person competent to testify in court. I make the following statements based upon my personal knowledge except where otherwise indicated. I am submitting this declaration in support of the Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion"), seeking entry of an order approving the Settlement Agreement, Mutual Release, and Covenants between the USACM Liquidating Trust (the "USACM Trust") on the one hand, Joseph D. Milanowski ("Milanowski"), on the other hand.

2. I am the Trustee of the USACM Trust, which was created pursuant to the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Joint Plan"), which was filed by USA Commercial Mortgage Company ("USACM"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), and certain affiliated companies and subsidiaries. The Joint Plan was confirmed by this Court on January 8, 2007, and then became effective on March 12, 2007.

3. On March 28, 2008, the USACM Trust commenced adversary proceeding number 08-01093, entitled *USACM Liquidating Trust v. Joseph D. Milanowski* (the "USACM Trust Non-Dischargeability Litigation"), in Milanowski's Bankruptcy case, pending before the Bankruptcy Court as petition number 07-013162 (the "Milanowski Bankruptcy Case"). In the USACM Trust Non-Dischargeability Litigation, the USACM Trust asserted claims seeking to determine the non-dischargeability of Milanowski's debt to the USACM Trust pursuant to 11. U.S.C. § 523(a).

4. On October 22, 2010, I participated in a settlement conference with the USACM Trust's counsel and Milanowski (through counsel), as well as DTDF (through counsel), and August Landis, Acting U.S. Trustee for Region 17. Following extensive arms-length negotiations, the USACM Trust reached an agreement to resolve the USACM Trust Non-Dischargeability Litigation subject to approval by the Bankruptcy Court under Federal Rule of Bankruptcy Procedure 9019.

5. The USACM Trust and Milanowski have memorialized their agreement as part of a global settlement by executing the Settlement Agreement, Mutual Release, and Covenants (the "Proposed Settlement Agreement"), a true and correct copy of which is attached to the Motion as Exhibit "C." The material terms of the Proposed Settlement Agreement, as such terms relate to the USACM Trust, are summarized below:

   a. **Agreed Judgment.** Milanowski will agree to a judgment in the amount of Five Million Dollars ($5,000,000.00) in favor of the USACM Trust and DTDF. Milanowski agrees that the judgment will not be dischargeable in the Milanowski Bankruptcy Case. DTDF will share in the settlement as a beneficiary of the USACM Trust and as otherwise outlined in the agreement between the USACM Trust and DTDF filed with the Court on March 13, 2008.

   b. **Bankruptcy Court Approval.** The Proposed Settlement Agreement is contingent upon this Court's approval of the settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

   c. **Mutual Release.** Upon the Court's approval of the settlement and the execution and entry of the USA Capital Agreed Judgment, the USACM Trust and Milanowski will exchange full mutual releases as to all claims that they ever had, now have, or may at any future time have against each other.

   d. **Cooperation.** Milanowski will cooperate with the USACM Trust and DTDF in connection with *USA Capital Diversified Trust Deed Fund, LLC v. Thomas A. Hantges*, pending as adversary proceeding number 08-01041 in the Bankruptcy Court and *USACM Liquidating Trust v. Thomas A. Hantges*, pending as adversary proceeding number 08-01042 in the Bankruptcy Court.

6. Although I believe that the claims in the USACM Trust Non-Dischargeability Litigation have substantial merit and evidentiary support, there is no guarantee or certainty that the USACM Trust would be successful in prosecuting its claims. In particular, it is my understanding that the USACM Trust's claims are dependent upon a finding of actual fraudulent intent on the part of Milanowski. While I believe such a finding would possibly be made, there is no certainty to this point.

3

7. Even if the USACM Trust were to prevail in the litigation, it would face virtually insurmountable obstacles in collecting a meaningful portion of any judgment obtained against Milanowski. Currently, Milanowski has virtually no assets, as is evident from the proceedings in the Milanowski Bankruptcy Case, including the settlement negotiated between Mr. Milanowski and his Chapter 11 trustee. Further, Milanowski is currently serving a twelve (12) year sentence in federal prison and has a non-dischargeable obligation to pay $86.9 million in restitution pursuant to that Criminal Judgment. Mr. Milanowski will have no means of income while in prison, and his prospects of earning significant income upon his release will be meager at best as a convicted felon nearing retirement age.

8. It is my belief that further litigation against Milanowski would be complex and costly. The claims against Milanowski would require discovery into virtually the entire history of USACM from 2000 to 2006, likely necessitating dozens of depositions and significant analysis of a myriad of complex financial transactions. The USACM Trust would also likely need to retain expert witnesses. Finally, the USACM Trust would face a costly and protracted trial of this case, a case involving complex financial transactions spanning a six-year period of time.

9. In summary, the Proposed Settlement Agreement is in the paramount interest of the creditors and other beneficiaries of the USACM Trust. The USACM Trust Agreed Judgment is substantial, especially in light of the fact that the agreed upon amount of $5 million is likely far in excess of what Milanowski will ever actually be able to pay to the USACM Trust. Similarly, the costs of additional litigation against Milanowski would likely exceed the maximum amount that Milanowski will ever be able to pay to the USACM Trust. Finally, the Proposed Settlement Agreement will help ensure that Milanowski provides truthful testimony in connection with other ongoing litigation.

I declare under perjury that the foregoing is true and correct.

Executed on January 13, 2011 in Los Angeles, California

*[signature]*
Geoffrey L. Berman, Trustee of the
USACM Liquidating Trust

5