# EXHIBIT C

# SETTLEMENT AGREEMENT, MUTUAL RELEASE, AND COVENANTS

This SETTLEMENT AGREEMENT, MUTUAL RELEASE, AND COVENANTS (this "**Agreement**") is made and entered into by, on the one hand, (i) the USACM LIQUIDATING TRUST (the "**USACM Trust**"); (ii) USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC ("**DTDF**"); (iii) ROBERT J. KEHL; RUTH ANN KEHL; ROBERT A. KEHL; CHRISTINA "TINA" M. KEHL; KRYSTINA L. KEHL; DANIEL J. KEHL; KEVIN A. KEHL, *INDIVIDUALLY & ON BEHALF OF SUSAN L. KEHL & ANDREW R. KEHL*; CHRISTINA M. KEHL; PATRICK J. ANGLIN; CYNTHIA A. WINTER; KEHL DEVELOPMENT CORPORATION; JUDY A. BONNET; KEVIN A. MCKEE; PAMELA J. MCKEE; WARREN HOFFMAN FAMILY INVESTMENTS, LP; CHARLES B ANDERSON, *AS TRUSTEE OF THE CHARLES B ANDERSON TRUST*; RITA P ANDERSON, *AS TRUSTEE OF THE RITA P. ANDERSON TRUST*; BALTES COMPANY; and DEATH VALLEY ACQUISITIONS LLC, successor in interest to MOJAVE CANYON, INC. (collectively, the "**Investor Complainants**"); (iv) AURORA INVESTMENTS L.P., *A NEVADA LIMITED PARTNERSHIP*; ALABRUJ INVESTMENTS, LLC, *A NEVADA LIMITED LIABILITY COMPANY*; RONI AMID; JAMES BRENNAN, *TRUSTEE OF THE J.M.B. REVOCABLE C.P. TRUST*; PAUL BLOCH, *TRUSTEE OF THE PAUL BLOCH LIVING TRUST DATED 10/29/02*; BROUWERS FAMILY LP, *A NEVADA LIMITED PARTNERSHIP*; JWB INVESTMENTS, INC., *A NEVADA CORPORATION*; CAROLINE COPELAND; FIRST SAVINGS BANK, *CUSTODIAN FOR J. RANDALL EDWARDS IRA*; J. RANDALL EDWARDS, AS TRUSTEE FOR THE ELIZABETH EDWARDS EDUCATION TRUST; J. RANDALL EDWARDS, AS TRUSTEE FOR THE EAN K. EDWARDS EDUCATION TRUST; J. RANDALL EDWARDS, AS TRUSTEE FOR THE ELIJAH K. EDWARDS EDUCATION TRUST; MAURICE FINK, *TRUSTEE OF THE MAURICE FINK TRUST*; MARK FINE; BRUCE FRANCIS, *TRUSTEES OF THE FRANCIS FAMILY TRUST DATED 11/10/98*; DODD & ZAN HYER, *TRUTEES OF THE HYER ASSET PROTECTION TRUST*; LARRY C JOHNS; MARY L JOHNS; STEVEN JANOVITCH; LINDA JANOVITCH; JMK INVESTMENTS LTD, *A NEVADA CORPORATION*; LAS VEGAS REAL ESTATE SERVICES, *A NEVADA CORPORATION*; THOMAS J MOORE, *TRUSTEE OF THE THOMAS J. MOORE REVOCABLE TRUST*; MARVIN MYERS, *TRUSTEE OF THE MARVIN & VALLIERA MYERS TRUST*; FIRST SAVINGS BANK, *CUSTODIAN FOR VALLIERA MCGUIRE IRA TRUST DEPT.*; MINITA UNLIMITED, *A NEVADA CORPORATION*; BRUCE A. MANNES; CARRIE MANNES; LARRY J. MIDDLETON; MELISSA MAMULA; JEFFERY M. MYERS; JENNIFER MIDDLETON; CHRISTOPHER T. MOORE; JOHN NIX; LISA NIX; DAN NELSON; TERI NELSON; TEDDY NELSON; MARY A. NELSON; ROBERT M PORTNOFF; SARAH PORTNOFF; RANDLE P PHELPS; ROXANNE C. PHELPS; RULON D ROBISON, *TRUSTEE OF THE RULON D. ROBISON PROFIT SHARING PLAN*; LARRY SIMON, *TRUSTEE OF THE SIMON FAMILY TRUST*; BILLY SHOPE JR. FAMILY LIMITED PARTNERSHIP, *A NEVADA LIMITED PARTNERSHIP*; PEGGY SCHNEIDER; ROBERT SANDLER, *TRUSTEE OF THE SANDLER LIVING TRUST*; ANTON TRAPMAN; IRA SHAPIRO; VENTURA ENTERPRISES INVESTMENT & DEVELOPMENT. INC., A NEVADA CORPORATION (collectively, the "**Mountain West Complainants**") (collectively the USACM Trust, DTDF, Investor Complainants, and Mountain West Complainants are

referred to herein as the "**Private Party Non-Dischargeability Complainants**"); and (v) the OFFICE OF THE UNITED STATES TRUSTEE (the "**US Trustee**" or the "**Government Non-Dischargeability Complainant**") and, on the other hand, JOSEPH D. MILANOWSKI ("**Milanowski**").  The USACM Trust, DTDF, Investor Complainants, Mountain West Complainants, US Trustee and Milanowski collectively shall be referred to as the "**Parties**."

## I. Recitals

A.  On April 13, 2006 (the "**Petition Date**"), USA Commercial Mortgage Company ("**USACM**"), USA Securities, LLC, USA Capital Realty Advisors, LLC, DTDF, and USA Capital First Trust Deed Fund, LLC (collectively, the "**USA Capital Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada (the "**Bankruptcy Court**"), which are jointly administered as Case No. BK-S-06-10725-LBR (the "**USA Capital Bankruptcy Case**").

B.  The Bankruptcy Court confirmed the Third Amended Joint Chapter 11 Plan of Reorganization (the "**Joint Plan**") pursuant to order entered on January 8, 2007 (the "**Confirmation Order**").  The Joint Plan became effective on March 12, 2007.

C.  Upon confirmation of the Joint Plan, DTDF's Amended Operating Agreement became effective, and, as a result, Michael A. Tucker serves as the Manager for DTDF.  The USACM Trust was created pursuant to the Joint Plan and the Confirmation Order, and Geoffrey L. Berman serves as the Trustee of the USACM Trust.  The Joint Plan expressly retained DTDF's and USACM's causes of action for enforcement by DTDF and the USACM Trust, respectively, pursuant to 11 U.S.C. § 1123(b)(3)(B).  Accordingly, DTDF and the USACM Trust now hold any and all potential claims and causes of action, whether arising pre-petition or post-petition, that DTDF and USACM, respectively, may have or may at any time have had against Milanowski.

D.  On May 29, 2007, an involuntary bankruptcy proceeding was initiated against Milanowski in the Bankruptcy Court, petition number 07-13162 (the "**Milanowski Bankruptcy Case**").

E.  On March 28, 2008, the USACM Trust commenced adversary proceeding number 08-01093, entitled *USACM Liquidating Trust v. Joseph D. Milanowski*, in the Bankruptcy Court (the "**USACM Trust Non-Dischargeability Litigation**").

F.  On March 28, 2008, DTDF commenced adversary proceeding number 08-01090, entitled *USA Capital Diversified Trust Deed Fund, LLC v. Joseph D. Milanowski*, in the Bankruptcy Court (the "**DTDF Non-Dischargeability Litigation**").

G.  On February 19, 2008, the Investor Complainants commenced adversary proceeding number 08-01052, entitled *Robert J. Kehl, et al v. Joseph D. Milanowski*, in the Bankruptcy Court (the "**Investor Non-Dischargeability Litigation**").

H. On November 19, 2007, the Mountain West Complainants commenced adversary proceeding number 07-01212, entitled *Aurora Investments L.P, a Nevada Limited Partnership, et al v. Joseph D. Milanowski*, in the Bankruptcy Court (the "**Mountain West Non-Dischargeability Litigation**").

I. The Judgment in a Criminal Case entered against Milanowski on April 9, 2010 in connection with the criminal proceeding brought by the U.S. Government against him, case no. 2:09-cr-00291-RLH-PAL-1 in the U.S. District Court for the District of Nevada, requires Milanowski to pay restitution in the amount of $86.9 million.

J. The Private Party Non-Dischargeability Complainants and Milanowski have agreed to settle all disputes and controversies between them in connection with the USACM Trust Non-Dischargeability Litigation, the DTDF Non-Dischargeability Litigation, the Investor Non-Dischargeability Litigation, and the Mountain West Non-Dischargeability Litigation pursuant to the terms set forth in this Agreement, without admitting any liability or wrongdoing and without resort to litigation between them.

K. This Agreement or any of the terms, conditions and representations set forth herein does not constitute any form of admission or acknowledgement by the parties and, other than for enforcement of the provisions of the Agreement or for determination of tax issues, shall not be used as such or otherwise admissible in any other case or adversary proceeding.

## II. Representations And Warranties

A. The Private Party Non-Dischargeability Complainants represent that they hold and have the exclusive power and authority to assert and to compromise any and all claims, demands, damages, liabilities, actions, causes of action, or suits at law, or in equity of whatever kind, whether state or federal, arising pre-petition or post-petition, known or unknown ("**Claims**"), that the Private Party Non-Dischargeability Complainants ever had, now have, or may at any future time have against Milanowski and all of his present and former principals, employees, staff, predecessors, and successors, and his respective attorneys, accountants, representatives, advisors, consultants, adjustors, agents and insurers in their capacities as such (collectively, the "**Milanowski Released Parties**"). The Claims described in this paragraph shall hereinafter be referred to as the "**Private Party Non-Dischargeability Released Claims**."

B. Milanowski represents that he holds and has the exclusive power and authority to assert and to compromise any and all claims, demands, damages, liabilities, actions, causes of action, or suits at law, or in equity of whatever kind, if any, whether state or federal, arising pre-petition or post-petition, known or unknown ("**Claims**"), that Milanowski ever had, now has, or may at any future time have against the Private Party Non-Dischargeability Complainants and all of their present and former principals, employees, staff, predecessors, and successors, and its respective attorneys, accountants, representatives, trustees, advisors, consultants, adjustors, agents and insurers in their capacities as such (collectively, the "Private Party **Non-Dischargeability Complainant Released Parties**"). The Claims described in this paragraph shall hereinafter be referred to as the "**Milanowski Released Claims**." The Parties acknowledge

Page 3 of 11

that Milanowski intends to release all Claims that he has or may have the power to assert to the full extent of the law.

### III.  Terms and Conditions

NOW, THEREFORE, in consideration for the representations, warranties, covenants, promises, and releases set forth herein, and in full settlement of Private Party Non-Dischargeability Released Claims and the Milanowski Released Claims, the Private Party Non-Dischargeability Complainants and Milanowski hereby agree on behalf of themselves and any and all of their respective predecessors, successors, assigns, and insurers, and any other parties or persons claiming by, through, or under any of such parties hereto, as follows:

1. Milanowski unconditionally agrees to a judgment in the amount of Five Million Dollars ($5,000,000.00) in favor of the USACM Trust and DTDF (collectively, the "**USA Capital Parties**") in accordance with the terms and conditions contained herein. Milanowski shall deliver to the USA Capital Parties a fully executed Agreed Judgment in the amount of Five Million Dollars ($5,000,000.00) substantially in the form as that attached hereto as Exhibit "A" (the "**USA Capital Agreed Judgment**"). Milanowski expressly authorizes the USA Capital Parties to file the USA Capital Agreed Judgment with the Bankruptcy Court or any other court of competent jurisdiction to consider such matters, and Milanowski agrees to take any and all necessary steps to enter the judgment in the Milanowski Bankruptcy Case. Milanowski expressly acknowledges that the USA Capital Agreed Judgment shall not be dischargeable in the Milanowski Bankruptcy Case.

2. Milanowski unconditionally agrees to a judgment in the amount of Seven Hundred Fifty Thousand Dollars ($750,000) in favor of the Investor Complainants in accordance with the terms and conditions contained herein. Such judgment shall increase to Three Million Dollars ($3,000,000) if it is determined by the Bankruptcy Court (or another court should the Bankruptcy Court decline to hear the matter) after notice and a hearing that Milanowski failed to disclose any material assets in connection with the Milanowski Bankruptcy Case. Milanowski shall deliver to the Investor Complainants a fully executed Agreed Judgment substantially in the form as that attached hereto as Exhibit "B" (the "**Investor Complainants Agreed Judgment**"). Milanowski expressly authorizes the Investor Complainants to file the Investor Complainants Agreed Judgment with the Bankruptcy Court or any other court of competent jurisdiction to consider such matters, and Milanowski agrees to take any and all necessary steps to enter the judgment in the Milanowski Bankruptcy Case. Milanowski expressly acknowledges that the Investor Complainants Agreed Judgment shall not be dischargeable in the Milanowski Bankruptcy Case.

3. Milanowski unconditionally agrees to a judgment in the amount of Two Hundred Thirty Thousand Dollars ($230,000) in favor of the Mountain West Complainants in accordance with the terms and conditions contained herein. Milanowski shall deliver to the Mountain West Complainants a fully executed Agreed Judgment in the amount of Two Hundred Thirty Thousand Dollars ($230,000) substantially in the form as that attached

hereto as Exhibit "C" (the "**Mountain West Complainants Agreed Judgment**"). Milanowski expressly authorizes the Mountain West Complainants to file the Mountain West Complainants Agreed Judgment with the Bankruptcy Court or any other court of competent jurisdiction to consider such matters, and Milanowski agrees to take any and all necessary steps to enter the judgment in the Milanowski Bankruptcy Case. Milanowski expressly acknowledges that the Mountain West Complainants Agreed Judgment shall not be dischargeable in the Milanowski Bankruptcy Case.

4. Milanowski unconditionally agrees to provide full, complete, and unfettered assistance and cooperation to any and all of the Private Party Non-Dischargeability Complainants and The Office of the United States Trustee as well as any other division or office of the United States Department of Justice in connection with *USA Capital Diversified Trust Deed Fund, LLC v. Thomas A. Hantges*, pending as adversary proceeding number 08-01041 in the Bankruptcy Court; *USACM Liquidating Trust v. Thomas A. Hantges*, pending as adversary proceeding number 08-01042 in the Bankruptcy Court; and *Robert J. Kehl, et al v. Thomas A. Hantges*, pending as adversary proceeding number 08-01040 in the Bankruptcy Court (collectively, the "**Hantges Non-Dischargeability Litigation**"). Milanowski unconditionally agrees that such cooperation and assistance in connection with the Hantges Non-Dischargeability Litigation shall include, but not be limited to: (a) attendance and participation with truthful testimony in witness interviews, depositions, hearings, trials and other preparation sessions; (b) review, preparation, and execution of requested written affidavits; (c) production of all relevant documents and records and securing and giving of evidence; and (d) such other assistance as may be reasonably necessary in the sole, good faith discretion of the Private Party Non-Dischargeability Complainants and the U.S. Trustee. Milanowski unconditionally agrees that such cooperation and assistance shall pertain to the entire universe of the subject matter at issue in the Hantges Non-Dischargeability Litigation, as determined in the sole, good faith discretion of the Private Party Non-Dischargeability Complainants and the U.S. Trustee. The Parties jointly agree to engage in good faith efforts to make appropriate arrangements to enable Milanowski to assist and cooperate.

5. Milanowski unconditionally agrees to provide full, complete, and unfettered assistance and cooperation to any federal, state, and local authorities in connection with any criminal investigations or proceedings involving Thomas A. Hantges (collectively, the "**Hantges Criminal Proceedings**"). Milanowski unconditionally agrees that such cooperation and assistance in connection with the any Hantges Criminal Proceedings shall include, but is not limited to, (a) attendance and participation with truthful testimony in witness interviews, depositions, hearings, trials and other preparation sessions; (b) review, preparation, and execution of written affidavits; (c) production of all relevant documents and records and securing and giving of evidence; and (d) such other assistance as may be reasonably necessary in the sole, good faith discretion of any federal, state, and local authorities pursuing criminal investigations or proceedings involving Thomas A. Hantges. The Parties jointly agree to engage in good faith efforts to make appropriate arrangements to enable Milanowski to assist and cooperate.

6.  Milanowski expressly acknowledges that any testimony or other evidence he provides will be truthful and complete in all material respects. If Milanowski fails to provide truthful and complete testimony or other evidence in all material respects, such failure shall constitute a material breach of this Agreement.

7.  Upon execution of this Agreement and the USA Capital Agreed Judgment, the Investor Complainants Agreed Judgment, and the Mountain West Complainants Agreed Judgment (but before the entry of the USA Capital Agreed Judgment, the Investor Complainants Agreed Judgment, and the Mountain West Complainants Agreed Judgment), the USACM Trust shall file a motion to approve the settlement substantially in the form attached hereto as Exhibit "D" (the "**Rule 9019 Motion**").

8.  Upon the entry of a Final Order by the Bankruptcy Court granting the Rule 9019 Motion approving this Agreement, the Parties will enter the USA Capital Agreed Judgment, the Investor Complainants Agreed Judgment, and the Mountain West Complainants Agreed Judgment. The term "Final Order" as used herein means (a) an order of the Bankruptcy Court as to which the time to appeal, or move for re-argument or rehearing has expired, and as to which no appeal, or other proceedings for re-argument or rehearing shall then be pending; or (b) in the event that an appeal, re-argument, or rehearing thereof has been sought, such order of the Bankruptcy Court has been affirmed in material respects by the highest court to which such order may be appealed, and the time to take any further appeal, move for re-argument, or rehearing shall have expired; provided, however, an order that is subject to appeal may be treated as a Final Order if no stay of the order has been obtained and the Parties consent to treating such order as a Final Order.

9.  Subject to and upon Milanowski's assistance and cooperation as set forth in paragraphs 4, 5, and 6 of this Agreement and entry of the USA Capital Agreed Judgment, the Investor Complainants Agreed Judgment, and the Mountain West Complainants Agreed Judgment, the Private Party Non-Dischargeability Complainants fully release and discharge the Milanowski Released Parties from any and all liability with respect to the Private Party Non-Dischargeability Released Claims.

10. Upon entry of the USA Capital Agreed Judgment, the Investor Complainants Agreed Judgment, and the Mountain West Complainants Agreed Judgment as set forth in this Agreement, Milanowski, on behalf of himself and the Milanowski Released Parties, fully releases and discharges the Private Party Non-Dischargeability Complainant Released Parties from any and all liability with respect to the Milanowski Released Claims.

11. The Parties each agree and acknowledge that the Private Party Non-Dischargeability Released Claims and the Milanowski Released Claims may include Claims that they do not know or suspect to exist, or Claims that they may not know or suspect to be assertable on behalf of other persons, or entities who are not Parties (the "**Unknown Claims**"). Each of the Parties acknowledges that the Unknown Claims may be material, and that such Claims would, if known to them, materially affect their respective decisions to enter into this Agreement. Each of the Parties hereby expressly waives any Unknown Claims

in its favor and any right to invalidate this Agreement based on any Unknown Claims. Further, each of the Parties expressly waives any rights that it may have under any statute or common-law rule providing that unknown claims are not compromised or released.

12. Upon the releases set forth in paragraphs 9 and 10 of this Agreement becoming effective, the Private Party Non-Dischargability Complainants and Milanowski each agree not to commence any litigation or assert any claims against one another with respect to the Milanowski Released Claims and the Private Party Non-Dischargeability Released Claims.

13. The Private Party Non-dischargability Complainants and Milanowski hereby agree to take whatever action reasonably necessary to suspend the non-dischargeability litigation pending the approval of this Agreement pursuant to the Rule 9019 Motion.

14. Upon the entry of a Final Order by the Bankruptcy Court granting the Rule 9019 Motion approving this Agreement, the US Trustee shall agree to continue the current trial date in *Kistler v. Milanowski*, pending as adversary proceeding number 10-01196-LBR in the Bankruptcy Court (the "**Section 727 Litigation**"), until each matter constituting the Hantges Non-Dischargeability Litigation is finally resolved, but not through the pendency of any appeal(s).

15. After the entry of a final court order approving the 9019 Motion described above, the US Trustee agrees to consider in good faith Milanowski's assistance and cooperation pursuant to paragraphs 4, 5, and 6 of this Agreement and in deciding whether to pursue the Section 727 Litigation objecting to Milanowski's discharge in the bankruptcy or whether to dismiss the 727 Litigation. The United States Trustee shall in good faith weigh Milanowski's assistance and cooperation under this settlement agreement in making its determinations.

16. All Parties, other than the US Trustee, agree that if Milanowski provides the assistance and cooperation as stated in the Agreement, they will in good faith respond to any request of them to support an appropriate application by Milanowski that seeks to reduce his current criminal sentence. Such assistance will not be required of any of the Parties before the completion and final resolution of the Hantges Non-Dischargeability Litigation, including the resolution of any and all appeals in such litigation.

17. Any notice in connection with this Agreement to each of the Parties shall be given, by electronic mail and by certified mail, to the following individuals:

    For the USACM Trust:

    Geoffrey L. Berman
    DEVELOPMENT SPECIALISTS, INC.
    333 South Grand Avenue, Suite 4070
    Los Angeles, California 90071
    Telephone: (213) 617-2717
    Email Address: gberman@dsi.biz

Allan B. Diamond
DIAMOND McCARTHY LLP
909 Fannin Street, 15th Floor
Houston, Texas 77010
Telephone: (713) 333-5100
Email Address: adiamond@diamondmccarthy.com

AND

Eric Madden
DIAMOND McCARTHY LLP
1201 Elm Street, Suite 3400
Dallas, Texas 75270
Telephone: (214) 389-5300
Email Address: emadden@diamondmccarthy.com

For DTDF:

Michael A. Tucker
FTI CONSULTING
Two North Central Avenue, Suite 1200
Phoenix, AZ 85004-2322
Telephone: (602) 744-7100
Email Address: michael.tucker@fticonsulting.com

AND

Robert R. Kinas
SNELL & WILMER LLP
3883 Howard Hughes Parkway #1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Email Address: rkinas@swlaw.com

For the Investor Complainants:

Janet L. Chubb
ARMSTRONG TEASDALE LLP
50 W. Liberty Street, Ste. 950
Reno, NV 89501
Telephone: (775) 322-3400
Email Address: jchubb@armstrongteasdale.com

<div style="margin-left: 2em;">

For the Mountain West Complainants:

George C. Lazar
FOX JOHNS LAZAR PEKIN & WEXLER
525 B St. #1500
San Diego, CA 92101
Telephone: (877) 272-0150
Email Address: glazar@foxjohns.com

For the US Trustee:

August B. Landis
OFFICE OF THE UNITED STATES TRUSTEE
300 Las Vegas Boulevard South, Suite 4300
Las Vegas, NV 89101
Telephone: (702) 388-6600
Email Address: Augie.Landis@usdoj.gov

For Milanowski:

Russell S. Walker
WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Telephone: (801) 364-1100
Email Address: rwalker@wklawpc.com

</div>

18. This Agreement shall be treated as jointly drafted, and will not be construed against any Party as drafter. This Agreement provides no rights to any third party except to the extent expressly set forth herein.

19. This Agreement is entered into as a good-faith compromise among the Parties for purposes of N.R.S. § 17.245 for the complete and final settlement of any and all claims, disputes and causes of action among them. By this settlement, no Party admits liability to any other Party in any respect, or makes any admission as to factual or legal contentions relating to the matters settled herein.

20. The Parties acknowledge that they have had the opportunity to be represented by counsel during negotiations of this Agreement and to consult with their respective attorneys regarding its meaning and effect. The Parties agree that (a) the terms and provisions of this Agreement are not to be construed more strictly against either of the Parties; and (b) it is their mutual intention that the terms and provisions of this Agreement be construed as having the plain meaning of the terms used herein.

21. This Agreement constitutes the entire agreement among the Parties on the subjects addressed herein. No supplement, modification, amendment, waiver, or termination of

this Agreement shall be binding unless executed in writing by the Parties to be bound thereby. No contrary or supplementary oral agreement shall be admissible in a court to contradict, alter, supplement, or otherwise change the meaning of this Agreement.

22. If any term or provision of this Agreement shall be determined to be unenforceable, invalid, or illegal in any respect, the unenforceability, invalidity, or illegality shall not affect any other term or provision of this Agreement, but this Agreement shall be construed as if such unenforceable, invalid, or illegal term or provision had never been contained herein. Notwithstanding the foregoing, the release provisions are material provisions of this Agreement and not subject to the terms of this paragraph.

23. This Agreement may be executed in any number of counterparts, each of which, when executed and delivered, shall be deemed an original and all of which together shall constitute one and the same Agreement. The signatories executing this Agreement represent and warrant that they are authorized to execute this Agreement on behalf of the Parties and entities for whom they sign. Signatures obtained by facsimile or email in PDF format or other electronic transmission shall be deemed to be original signatures.

24. Each Party agrees to bear its own fees and costs with respect to any duties required of the Party under this Agreement; in any matter involving, referring, or relating to the interpretation and enforcement of this Agreement; and in connection with any disputes that may arise between the Parties relating to this Agreement.

25. This Agreement is to be governed by the laws of the State of Nevada. The Bankruptcy Court shall retain jurisdiction over the interpretation and enforcement of this Agreement, as well as any disputes that may arise between the Parties relating to this Agreement; and the Parties consent to the exclusive jurisdiction of the Bankruptcy Court for these purposes subject to the right of either of the Plaintiffs and Defendants to appeal any such decision to the United States District Court for the District of Nevada. In the event that the Bankruptcy Court refuses to exercise its jurisdiction, the Parties agree to submit to the jurisdiction of the United States District Court for the District of Nevada.

26. Each Party warrants, represents and agrees that s/he (a) has not assigned, subrogated, pledged or transferred to any person, firm, partnership, corporation or other entity whatsoever any of the claims, counterclaims, actions, demands or causes of action to be released pursuant to the releases set forth in this Agreement; and (b) is fully authorized to enter into this Agreement without the consent of any third parties. Specifically, each person signing the Agreement represents and warrants that s/he has been authorized and empowered to sign this Agreement on behalf of the Party the person purports to represent and that this Agreement is lawful and is a binding obligation of the Party on whose behalf the person is signing.

27. This Agreement will inure to the benefit of and will be binding upon the Parties and their respective heirs, executors, successors, assigns, grantees, administrators, executors and trustees.

♦♦♦

DATED: January 12, 2011

USACM LIQUIDATING TRUST

By: /s/ Geoffrey L. Berman
Geoffrey L. Berman, solely in his capacity as Trustee of the USACM Liquidating Trust

DATED:_____

USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC

By:_____
Michael Tucker, solely in his capacity as manager of post-effective date DTDF

DATED:_____

INVESTOR COMPLAINANTS

By:_____
Janet L. Chubb, as authorized agent for the Investor Complainants

DATED:_____

MOUNTAIN WEST COMPLAINANTS

By:_____
George C. Lazar, as authorized agent for the Mountain West Complainants

DATED:_____

OFFICE OF THE UNITED STATES TRUSTEE

By:_____
August B. Landis, Acting United States Trustee for Region 17

DATED:_____

JOSEPH D. MILANOWSKI

By:_____

_____

❖ ❖ ❖

DATED:_____  **USACM LIQUIDATING TRUST**

By:_____
Geoffrey L. Berman, solely in his capacity as Trustee of the USACM Liquidating Trust

DATED:_____  **USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC**

By: *[signature]*
Michael Tucker, solely in his capacity as manager of post-effective date DTDF

DATED:_____  **INVESTOR COMPLAINANTS**

By:_____
Janet L. Chubb, as authorized agent for the Investor Complainants

DATED:_____  **MOUNTAIN WEST COMPLAINANTS**

By:_____
George C. Lazar, as authorized agent for the Mountain West Complainants

DATED:_____  **OFFICE OF THE UNITED STATES TRUSTEE**

By:_____
August B. Landis, Acting United States Trustee for Region 17

DATED:_____  **JOSEPH D. MILANOWSKI**

By:_____
_____

❖❖❖

DATED:_____   **USACM LIQUIDATING TRUST**

By:_____
Geoffrey L. Berman, solely in his capacity as
Trustee of the USACM Liquidating Trust

DATED:_____   **USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC**

By:_____
Michael Tucker, solely in his capacity as
manager of post-effective date DTDF

DATED: 1/12/11   **INVESTOR COMPLAINANTS**

By: /s/ Janet L. Chubb
Janet L. Chubb, as authorized agent for the
Investor Complainants

DATED:_____   **MOUNTAIN WEST COMPLAINANTS**

By:_____
George C. Lazar, as authorized agent for the
Mountain West Complainants

DATED:_____   **OFFICE OF THE UNITED STATES TRUSTEE**

By:_____
August B. Landis, Acting United States
Trustee for Region 17

DATED:_____   **JOSEPH D. MILANOWSKI**

By:_____

_____

◆◆◆

DATED:_____  **USACM LIQUIDATING TRUST**

By:_____
Geoffrey L. Berman, solely in his capacity as Trustee of the USACM Liquidating Trust

DATED:_____  **USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC**

By:_____
Michael Tucker, solely in his capacity as manager of post-effective date DTDF

DATED:_____  **INVESTOR COMPLAINANTS**

By:_____
Janet L. Chubb, as authorized agent for the Investor Complainants

DATED: 1/12/11  **MOUNTAIN WEST COMPLAINANTS**

By: _/s/ George C. Lazar_
George C. Lazar, as authorized agent for the Mountain West Complainants

DATED:_____  **OFFICE OF THE UNITED STATES TRUSTEE**

By:_____
August B. Landis, Acting United States Trustee for Region 17

DATED:_____  **JOSEPH D. MILANOWSKI**

By:_____

♦♦♦

DATED:_____ USACM LIQUIDATING TRUST

By:_____
Geoffrey L. Berman, solely in his capacity as Trustee of the USACM Liquidating Trust

DATED:_____ USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC

By:_____
Michael Tucker, solely in his capacity as manager of post-effective date DTDF

DATED:_____ INVESTOR COMPLAINANTS

By:_____
Janet L. Chubb, as authorized agent for the Investor Complainants

DATED:_____ MOUNTAIN WEST COMPLAINANTS

By:_____
George C. Lazar, as authorized agent for the Mountain West Complainants

DATED: January 13, 2011 OFFICE OF THE UNITED STATES TRUSTEE

By: *[signature]* Acting US Trustee
August B. Landis, Acting United States Trustee for Region 17

DATED:_____ JOSEPH D. MILANOWSKI

By:_____

_____

Page 11 of 11

DATED:_____     **OFFICE OF THE UNITED STATES TRUSTEE**

By:_____

August B. Landis, Acting United States
Trustee for Region 17

DATED: *Jan. 13, 2011*     **JOSEPH D. MILANOWSKI**

By: */s/ Russell S. Walker*

Russell S. Walker, Attorney for .
Joseph D. Milanowski