E-filed: January 21, 2011

Marc A. Levinson (California Bar No. 57613)
Jeffery D. Hermann (California Bar No. 90445)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone:   (916) 447-9200
Facsimile:   (916) 329-4900
Email:       malevinson@orrick.com
             jhermann@orrick.com

Robert Kinas (Nevada Bar No. 6019)
Claire Dossier (Nevada Bar No. 10030)
SNELL & WILMER LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone:   (702) 784-5200
Fax:         (702) 784-5252
Email:       rkinas@swlaw.com
             cdossier@swlaw.com

*ATTORNEYS FOR USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br><br>                          Debtors | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter Number: 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | **USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC'S TWELFTH REPORT OF ACTION TAKEN AND PROGRESS TOWARDS CONSUMMATION OF CONFIRMED PLAN OF REORGANIZATION** |

### POST-EFFECTIVE DATE USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC's TWELFTH REPORT OF ACTION TAKEN AND PROGRESS TOWARDS CONSUMMATION OF CONFIRMED PLAN OF REORGANIZATION

Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC ("Diversified" or "Revested Debtor"), a revested debtor in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through its counsel noted above, hereby submits this Twelfth Report of Action Taken and Progress Towards Consummation of Confirmed Plan of Reorganization (the "Twelfth Report"), pursuant to the Court's "Order Confirming the "Debtors' Third Amended Joint

12207124.2

Chapter 11 Plan of Reorganization,' as Modified Herein" [Docket No. 2376] (the "Confirmation Order") entered January 8, 2007. *See* Confirmation Order, ¶ 74. The Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan") went effective on March 12, 2007 (the "Effective Date").

This Twelfth Report is for the period from July 1, 2010 – January 1, 2011. This Twelfth Report incorporates the requirements and structure of former Rule 3020(a) of the Court's Local Rules of Bankruptcy Practice, abrogated in May 2006, which were as follows:

(A) **A schedule of personal property costing more than $5,000 and any real property acquired, sold or disposed of and the price paid for each:**

| | |
|---|---|
| Personal property costing more than $5,000: | None |
| Real property acquired, sold or disposed of: | None |
| Total: | $0.00 |

(B) **A schedule listing each debt, the total amount required to be paid under the Plan, the amount required to be paid to date, the amount actually paid to date, and the amount unpaid:**

Due to the nature of its operations as an investment fund with contracted services through intercompany debtor entities and no employees, Diversified had only a relatively small number of claims filed against it in the Chapter 11 Cases. Such claims included general unsecured claims (many of which were misfiled as creditor claims by holders of equity interests in Diversified) and administrative expense claims related to professional fees accrued during the Chapter 11 Cases. All unsecured creditors and administrative expense claims have been paid in full.

(C) **A schedule of executory contracts entered into:**

Pursuant to the Plan, Diversified entered into agreements, as of March 13, 2007, retaining professionals to provide legal and financial advisory services necessary to conduct Diversified's affairs. Since March 13, 2007, Diversified has retained additional professionals. The agreements with those professionals are detailed in previous reports

12207124.2

- 2 -

filed with the Court. In addition, Diversified has retained Diamond McCarthy, LLP as litigation counsel for the adversary proceedings filed against Debtors Thomas Hantges and Joseph Milanowski pursuant to 11 U.S.C. § 523. *See disc. infra.*

(D) A statement listing each postpetition tax (i.e., income, payroll, property, sales), payee, and the amount actually paid:

| | |
|---|---|
| Federal Unemployment taxes: | None |
| Federal Payroll taxes: | None |
| Nevada Unemployment taxes: | None |
| Total: | $0.00 |

(E) Progress toward completion of the Plan and a list and status of any pending adversary proceedings or motions and resolutions expected:

1. **General Progress**

The major terms of the Plan with respect to Diversified have all been accomplished. The Operating Agreement of Diversified has been amended, USA Capital First Trust Deed Fund, LLC has made certain payments and assignments to Diversified, and Diversified is operating in the post-confirmation realm. On September 15, 2010, Diversified sent a letter to its investors updating them on the status of Diversified's recovery efforts. *See* September 15, 2010 letter, a copy of which is attached hereto as Exhibit A.

2. **Nondischargeability Complaint – In re Thomas A. Hantges**

On February 11, 2008, Diversified filed a nondischargeability complaint (the "Hantges Dischargeability Complaint") in the Thomas A. Hantges bankruptcy proceeding. [Docket No. 527 in Bankruptcy Case No. 07-13163; Adversary Case No. 08-01041]. The Hantges Dischargeability Complaint alleges that Mr. Hantges' debts to Diversified should not be discharged under 11 U.S.C. § 523 because Mr. Hantges (1) obtained money and property from Diversified through false pretenses, false representations, and/or actual fraud, (2) Mr. Hantges misappropriated Diversified's money and property while acting in a fiduciary capacity towards Diversified, and (3)

12207124.2

- 3 -

Mr. Hantges obtained Diversified's money and property by means of willful and malicious injury and/or reckless disregard to Diversified. The Hantges Dischargeability Complaint seeks a determination that all of Mr. Hantges' debts to Diversified are non-dischargeable, and a judgment for Diversified in an amount not less than $149,555,735.

On October 24, 2008, the Court entered an *Order Approving Oral Stipulation to Stay Discovery Pending Further Order of the Court* [Docket No. 21], which stayed discovery pending either 1) the filing of a chapter 11 plan providing for discharge of Mr. Hantges or 2) the conversion of the chapter 11 case to a chapter 7 bankruptcy. Mr. Hantges bankruptcy case has since been converted to chapter 7, and the new deadline to object to his discharge has passed.

On July 13, 2010, the Court ordered all of the plaintiffs with 11 U.S.C. § 523 claims against Mr. Hantges, including Diversified, to participate in an October 21, 2010 settlement conference.

Diversified did not settle with Mr. Hantges at the settlement conference, and will try the case against Mr. Hantges with its counsel, Diamond McCarthy LLP on June 21, 23, and 24, 2011. Diamond McCarthy LLP is also representing the USACM Liquidating Trust in its objection to discharge case filed against Mr. Hantges, Adversary Proceeding No. 08-0142-lbr, set for trial on June 21, 23, and 24, 2011 concurrently with Diversified.

3.  **Nondischargeability Complaint – In re Joseph D. Milanowski**

On March 28, 2008, Diversified filed a nondischargeability complaint (the "Milanowski Dischargeability Complaint") in the Joseph D. Milanowski bankruptcy proceeding. [Docket No. 416 in Bankruptcy Case No. 07-13162; Adversary Case No. 08-01090]. The Milanowski Dischargeability Complaint alleges that Mr. Milanowski's debts to Diversified should not be discharged under 11 U.S.C. § 523 because Mr. Milanowski (1) obtained money and property from Diversified through false pretenses, false representations, and/or actual fraud, (2) Mr. Milanowski misappropriated Diversified's money and property while acting in a fiduciary capacity towards Diversified, and (3) Mr. Milanowski obtained Diversified's money and property by

12207124.2

- 4 -

means of willful and malicious injury and/or reckless disregard to Diversified. The Milanowski Dischargeability Complaint seeks a determination that all of Mr. Milanowski's debts to Diversified are non-dischargeable, and a judgment for Diversified in an amount not less than $149,555,735. Mr. Milanowski filed an Answer [Docket No. 7 in Adversary Case No. 08-01090] on June 30, 2008.

On September 30, 2008, Diversified and Mr. Milanowski appeared for a Scheduling Conference before the Court, and the Court agreed to stay the adversary proceeding pending certain developments in Mr. Milanowski's underlying bankruptcy case. Since then, Mr. Milanowski's bankruptcy case was converted to chapter 7, and the United States Trustee filed a complaint objecting to his discharge pursuant to 11 U.S.C. § 727. *See* Complaint [Docket No. 668 in Bankruptcy Case No. 07-13162]. Various private plaintiffs, referred to by shorthand as the "Kehls," also added a Section 727 claim to their objection to Mr. Milanowski's discharge. *See* Amended Complaint [Docket No. 657 in Bankruptcy Case No. 07-13162].

During a July 13, 2010 status check, the Court set a settlement conference for the plaintiffs with 11 U.S.C. § 727 claims against Mr. Milanowski, and for the USACM Liquidating Trust, for October 22, 2010. The Milanowski Dischargeability Complaint is set for a status check on November 17, 2010, at the same time as the Scheduling Conference for the United States Trustee's Section 727 action against Mr. Milanowski.

Mr. Milanowksi is currently serving time in federal prison for charges related to his involvement in Diversified, and his criminal sentence includes a non-dischargeable restitution award of $86,900,000. These are just some of the factors that weigh in favor of settlement in Mr. Milanowski's case, versus the continued expense of a trial.

Diversified and the other parties with claims against Mr. Milanowski reached a tentative settlement agreement during the October 22, 2010 settlement conference.[1] The

---

[1] As noted supra, Diamond McCarthy LLP represents Diversified in the objection to discharge proceeding against Mr. Milanowski. Diamond McCarthy LLP also represents the USACM Liquidating Trust in its objection to discharge adversary proceeding against Mr. Milanowski, Adversary Case No. 08-01093.

12207124.2

- 5 -

parties informed the Court of the general terms of the settlement during the November 17, 2010 status check, and anticipate filing a motion to approve settlement pursuant to Fed. R. Bankr. P. 9019 within the next month.

### 4. Status of Complaints Filed

Diversified and USACM have filed a number of complaints to recover assets through their litigation counsel, Diamond McCarthy LLP. Diversified's past operating reports have detailed the status of concluded litigation and settlement recoveries prior to the time period encompassed by this Twelfth Report. The following cases are still active:

- *USACM Liquidating Trust v. Deloitte & Touche, LLP and Victoria Loob (Case No. 08-00461)*: This Complaint was filed in United States District Court, District of Nevada, on April 11, 2008. Discovery closed January 30, 2009 [Docket No. 83]. On April 26, 2010, Defendant Deloitte & Touche LLP filed a Motion for Summary Judgment (Imputation, In Pari Delicto, and Statute of Limitations) [Docket No. 97]. Both sides have filed motions for summary judgment, and the Court entertained oral argument on those motions on August 30, 2010 [Docket No. 149]. The Court has not yet issued an order regarding the motions for summary judgment.

- *USA Capital Diversified Trust Deed Fund LLC v. Stanley E. Fulton (Adversary Case No. 08-01132)*: This Complaint was filed as an adversary proceeding in Jointly Administered Bankruptcy Case No. 06-10725 on April 11, 2008, and transferred to the District Court because defendant requested a jury trial on October 18, 2009. The parties have reached a settlement agreement, and the District Court dismissed the case with prejudice on October 21, 2010 [Docket No. 74].

- *USA Capital Diversified Trust Deed Fund, LLC v. Wells Fargo Bank, N.A. (Adversary Case No. 08-01135)*: Trial took place between July 7, 2010 and July 16, 2010. On August 2, 2010, the Court announced its findings orally on the record, finding against Diversified and in favor of Defendant Wells Fargo Bank, N.A. On September 30, 2010, Defendant Wells Fargo Bank, N.A. submitted proposed findings of fact and conclusions of law [Docket No. 401].

///
///
///
///
///
///
///

12207124.2

**(F)    A statement regarding the status of payment of UST quarterly fees:**

All UST fees have been paid in full through January 1, 2011, the final date covered by this Twelfth Report.

Dated this 21st day of January, 2011.

                SNELL & WILMER L.L.P.

By:    /s/ Claire Y. Dossier
Robert R. Kinas (Nevada Bar No. 6019)
Claire Y. Dossier (Nevada Bar No. 10030)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
*Attorneys for USA Capital Diversified Trust Deed Fund, LLC*

                and

ORRICK, HERRINGTON & SUTCLUFFE LLP
Marc A. Levinson
Jeffery D. Hermann
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
*Attorneys for USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC*

12207124.2

- 7 -