LEWIS AND ROCA LLP LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br>                           Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**MOTION OF USACM LIQUIDATING TRUST TO APPROVE PROOFS OF CLAIM BASED UPON INVESTMENT IN THE PLACER II LOAN**<br><br>Date of Hearing: July 26, 2011<br>Time of Hearing: 1:30 p.m.<br>Estimated Time For Hearing: 10 minutes |

       The USACM Liquidating Trust (the "USACM Trust") moves this Court for an order to allow the Proofs of Claim listed in **Exhibit A**. These claims were filed by investors

---

[1] This bankruptcy case was closed on September 23, 2008.
[2] This bankruptcy case was closed on October 12, 2007.
[3] This bankruptcy case was closed on December 21, 2007.

280635.2



("PLACER II Lenders") against USA Commercial Mortgage Company ("USACM") based upon an investment in a second position loan to Placer County Land Speculators, LLC ("Borrower") (the "PLACER II Loan"). This Objection is supported by the Court's record and the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of Motion to Allow Proofs of Claim Based Upon the Investment in the PLACER II Loan (the "Berman Decl." and "Burr Decl.")**.**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  BACKGROUND FACTS

#### a. The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and in limited instances for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. Pursuant to the Plan, those assets which were not sold to Compass Partners, LLC and Compass Financial Partners, LLC, vested in the USACM Trust, which exists as of the Plan's March 12, 2007 Effective Date. The right to service the Placer I Loan, as well as the Placer II Loan, were rights that were not sold to Compass. Geoffrey L. Berman is the Trustee of the



USACM Trust. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

### b. The PLACER II Loan

Around November 2004, USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for a "Second Deed Trust Investment" to fund an acquisition and development loan to a borrower identified as "USA Investment Partners, LLC or assignee." A copy of the PLACER II Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. (Berman Decl., ¶ 4.) The total loan amount proposed in the PLACER II Offer Sheet was $6,500,000. The loan proceeds were to be used to acquire property for the development of a community in an area approximately twenty miles northeast of Sacramento California, all within a larger specific plan that encompassed five thousand acres, and would ultimately include dwelling units, commercial and business parks, schools, parks, and open space. The PLACER II Offer Sheet noted that the investment would be secured by a second deed of trust on approximately 338 acres (the "Property") and repayment would be guaranteed personally by Tom Hantges and Joe Milanowski.

At the same time that USACM circulated the PLACER II Offer Sheet, it also circulated another offer sheet for a "First Trust Deed Investment" related to the same real estate development (the "Placer I Offer Sheet"). The "First Trust Deed Investment" contemplated a $31,500,000 loan for the acquisition of the Property to "USA Investment Partners, LLC or assignee" (the "Placer I Loan"). The Placer I Loan was to be secured by a first deed of trust on the Property and a personal guaranty from Tom Hantges and Joe Milanowski.

The PLACER II Offer Sheet indicated that the loan would be repaid after the Borrower sold the entire property to one or more merchant builders, upon approval of the site's specific plan. The PLACER II Offer Sheet also indicated that the loan to value ratio would be approximately 60.8% upon completion of the specific plan. The Offer Sheet purported to

280635.2



base the loan to value ratio upon an appraisal that was "in process." In USACM's file, there is a December 21, 2004 appraisal from Seevers Jordan Ziegenmeyer, that values the Property as of December 3, 2004. It indicates that the Property had an approximate value of $33,830,000 and a "hypothetical prospective market value upon final approval of Placer Vineyard Specific Plan" of $67,660,000. Thus, the loan to value figure provided in the PLACER II Offer Sheet appears to be supported by a contemporaneous appraisal.

On December 10, 2004, Borrower made and delivered to various lenders, including the Placer I Lenders, a "Promissory Note Secured by Deed of Trust" (the "Placer I Note") and a Loan Agreement related to the Placer I Loan (the "Placer I Loan Agreement"). (Berman Decl., ¶6.) The Placer I Note and Placer I Loan Agreement provided for a loan in the initial principal amount of $27,500,000, however, the Placer I Loan Agreement provided for an increase in the loan amount up to $31,500,000. This is the amount ultimately lent to the Borrower by the Placer I Lenders, pursuant to subsequent amendments to the Placer I Loan Agreement and the Placer I Note. The Placer I Note was secured by a document entitled "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" (the "Placer I Deed of Trust"), that was recorded as Document No. 2004-0169766 in the official records of Placer County, California on December 20, 2004. (Berman Decl., ¶ 6.) The Placer I Deed of Trust was the senior lien on the Property. Later loan advances were secured by amendments to the Placer I Deed of Trust likewise recorded in Placer County. (Berman Decl., ¶ 6.)

Also on December 10, 2004, Borrower made and delivered to various lenders, including the PLACER II Lenders identified in **Exhibit A**, a "Promissory Note Secured by Deed of Trust" (the "PLACER II Note") and a Loan Agreement related to the PLACER II Loan (the "PLACER II Loan Agreement"). (Berman Decl., ¶6.) The PLACER II Note and PLACER II Loan Agreement provided for a loan in the initial principal amount of $6,500,000. The PLACER II Loan, like the Placer I Loan, was intended to be used to acquire the Property and pay for certain pre-development costs. (Berman Decl., ¶6.) The PLACER

4

280635.2



II Note was secured by a document entitled "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing, Second Position" (the "PLACER II Deed of Trust"), that was recorded as Document No. 2004-0169767 in the official records of Placer County, California on December 20, 2004.  (Berman Decl., ¶ 6.)

The PLACER II Offer Sheet indicates that the PLACER II Loan will be guaranteed by the principals of USA Investment Partners, Tom Hantges and Joe Milanowski, and states that they have a combined worth of approximately $97 million as of June 30, 2004.  Hantges and Milanowski executed personal guarantees and claims were made in their respective bankruptcy cases.  (Berman Decl., ¶ 6.)

Pursuant to its terms, the Placer I Note and the PLACER II Note were scheduled to mature eighteen months after the Deed of Trust was recorded, in May 2006.  By then, USACM was a debtor in possession in a chapter 11 bankruptcy.  According to the USACM July 31, 2006 "Loan Summary" the Placer I Loan and the PLACER II Loan were nonperforming, and USACM records indicate no payments were ever made.  By letters dated November 30, 2006, USACM informed Hantges and Milanowski that the loan was in default and they were therefore in default of their guarantees.  (Berman Decl., ¶ 6.)

The Placer I loan documents noted the loan would be supported by a $65. Million investment by the Borrower.  Tom Hantges and Joe Milanowski, the guarantors on both the Placer I and Placer II loans, were the principals of the Borrower through USA Investment Partner's ownership interests.  Unbeknownst to the PLACER II Lenders, Tom Hantges and Joe Milanowski used the proceeds from the PLACER II Loan to fund their obligations under the Placer I investment documents  Tom Hantges' and Joe Milanowski's intent to do this should have been disclosed to the Placer II Direct Lenders.  Had it been disclosed, the Trustee believes the PLACER II Lenders would not have invested in the PLACER II Loan.

According to the USACM July 31, 2006 "Loan Summary" both Loans were nonperforming, and USACM records indicate that the Loan Outstanding Balance at 2/28/07



for the Placer I Loan was $31,500,000, with $5,602,920 in Interest Outstanding at 2/28/07, and $1,228,292 in Interest Prepaid to Investors, and also indicates that the Loan Outstanding Balance at 2/28/07 for the PLACER II Loan was $6,500,000, with $1,435,656 in Interest Outstanding at 2/28/07, and $259,999 in Interest Prepaid to Investors.

      **c.  Servicing Of The Placer I and II Loans.**

Pursuant to the confirmed plan of reorganization, the USACM Trust assumed the obligation to service the Placer I Loan.  After USACM sought authority to assign the servicing rights to Compass,[4] the motion was withdrawn.[5]

On April 27, 2007, the USACM Trust made demand on the Borrower for payment of the Placer I and II Loans.  The Borrower did not make any payments.  On May 10, 2007, the USACM Trust made demand on the guarantors - Joseph Milanowski and Thomas Hantges.  The guarantors did not make any payments.  The USACM Trust reported monthly to the Lenders[6] on the status of loan collection efforts and the need for a servicer advance to pay unpaid real estate taxes.

In June 2007, after consultation with and with the consent of the Lenders, the USACM Trust advanced $678,649.19 to bring the taxes current on the Property in order that the Property might be included in certain public entitlements approved by the Placer County Board of Supervisors later that month.  The taxes were paid and the entitlements were obtained.

Based upon appraisals and consultation with interested parties, the USACM Trust determined that the market value of the Property was less than the balance owed on the Placer

---

[4] Motion to Sell Under Section 363 All Commercial Mortgage Assets of Debtor USA Commercial Mortgage Company In The Placer Vineyards Loans to Compass USA SPE, LLC [DE 3037].

[5] Notice of Withdrawal of: Motion to Sell Under Sell Under Section 363 All Commercial Mortgage Assets of Debtor USA Commercial Mortgage Company in the Placer Vineyards Loans [DE 3424].

[6] http://usacmcucc.bmcgroup.com/Placer%20County/Forms/AllItems.aspx.

280635.2



I Loan, so that no value remained to pay the PLACER II Loan.  The USACM Trust so advised the Lenders.

The USACM Trust consulted with the trustee of USA Investment Partners, LLC about the possibility of a sale of the Property for market value, but less than the full payoff due on the Placer I Loan (much less the PLACER II Loan).  A number of Lenders opposed the proposition of a sale of the Property for less than all sums due on the Loans.  Accordingly, the USACM Trust initiated a non-judicial foreclosure sale of the Property.

As the foreclosure process was ongoing, a number of Lenders questioned the authority of the Trust to direct the foreclosure sale on behalf of the Placer I Lenders.  Accordingly, on October 2, 2008, the USACM Trust filed a complaint against the Borrower and the Direct Lenders, seeking the appointment of a receiver over the Property.  The matter came before the Honorable Kent Dawson, United States District Court, District of Nevada, in case number 2:08-cv-01276-KJD-RJJ   On December 16, 2008, Elli Mills was appointed as receiver for the Placer I Lenders (the "Receiver") and authorized to foreclose on the Property.  The Receiver submits periodic reports to the Placer I Lenders and maintains a website for their information.

After appointment of the Receiver, a foreclosure sale on the Property occurred on December 22, 2008, upon a $8,404,030 credit bid, and the trustee's sale deed was recorded in the Records of Placer County, California.  This extinguished the PLACER II Deed of Trust and thus the lien on the Property securing repayment of the PLACER II Note.

### d.  Lenders' Claims On The PLACER II Loan.

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based upon an investment in the Placer I Loan.  (Burr Decl. ¶ 7.)  **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Placer I Loan based upon the information provided by the claimant.  (Burr Declaration ¶ 7.)  The claims listed in **Exhibit A** are referred to hereafter as the "PLACER II Loan Claims."

7

280635.2



## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III. APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).

## IV. EXPLANATION

In light of the failure of USACM (through Messers Hantges and Milanowski) to fully inform the Placer II investors of the true nature of their investment in this loan as the disguised equity contribution in support of the Placer I loan the Trustee believes the PLACER II Lenders would not have invested in the PLACER II Loan. Thus, the Trustee believes that the PLACER II Lenders have a valid claim for fraud in the inducement and so he moves to approve the PLACER II claims listed in **Exhibit A**.

## V. CONCLUSION

The USACM Trust respectfully requests that the Court allow the claims against USACM listed in **Exhibit A** in the full amount of the unpaid principal balance of the loan. This objection concerns only the PLACER II Loan and not any other claims of any of the Direct Lenders.

280635.2

Dated: June 13, 2011.

LEWIS AND ROCA LLP

By s/ *John Hinderaker* (AZ 18024)
 Robert M. Charles, Jr., NV 6593
 John Hinderaker, AZ 18024 (*pro hac vice*)
 Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
E-mail: JHinderaker@lrlaw.com
Attorneys for the USACM Liquidating Trust

Copy of the foregoing and pertinent portion of Exhibits mailed by First Class postage prepaid U.S. Mail on June 13, 2011 to all parties listed on Exhibit A attached.

LEWIS AND ROCA LLP


s/ Matt Burns
Matt Burns
Lewis and Roca LLP