

1  3993 Howard Hughes Parkway, Suite 600
   Las Vegas, NV 89169-5996
2  Facsimile (702) 949-8321
   Telephone (702) 949-8320

3  Robert M. Charles, Jr. NV State Bar No. 006593
   Email: rcharles@lrlaw.com
   John Hinderaker AZ State Bar No. 018024
4  Email: jhinderaker@lrlaw.com
   Marvin Ruth NV State Bar No. 10979
   Email: mruth@lrlaw.com

5  Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No. BK-S-06-10725-LBR |
| --- | --- |
| USA COMMERCIAL MORTGAGE COMPANY, | Case No. BK-S-06-10726-LBR |
| | Chapter 11 |
| Debtor. | Jointly Administered Under Case No. BK-S-06-10725 LBR |
| | **FIFTH OMNIBUS OBJECTION OF USACM LIQUIDATING TRUST TO PROOFS OF CLAIM BASED IN WHOLE OR IN PART UPON INVESTMENT IN THE PLACER I LOAN** |
| | Date of Hearing: July 26, 2011<br>Time of Hearing: 1:30 p.m.<br>Estimated Time for hearing: 10 minutes |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing the Proofs of Claim listed in **Exhibit A** to the extent they are based upon an investment in the loan to Placer County Land Speculators, LLC ("Borrower") (the "Placer I Loan"). These claims were filed by investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") based upon an investment in a first position loan to

2401575.1

Borrower. This Objection is supported by the Court's record and the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the Placer I Loan. (the "Berman Decl." and "Burr Decl.")**.**

THIS OBJECTION DOES NOT RELATE TO AND WILL NOT AFFECT THE DIRECT LENDERS' RIGHTS TO SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF THE REAL PROPERTY THAT SECURED THE PLACER I LOAN.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    BACKGROUND FACTS**

**a.  The USACM Bankruptcy**

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and in limited instances for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. Pursuant to the Plan, those assets which were not sold to Compass Partners, LLC and Compass Financial Partners, LLC, vested in the USACM Trust, which existed as of the

LEWIS AND ROCA LLP LAWYERS

Plan's March 12, 2007 Effective Date. The right to service the Placer I Loan, as well as the Placer II Loan, were rights that were not sold to Compass. Geoffrey L. Berman is the Trustee of the USACM Trust. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

### b. The Placer I Loan

Around November 2004, USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "USA Investment Partners, LLC or assignee." A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. (Berman Decl., ¶ 4.) The total loan amount proposed was ultimately $31,500,000. The loan proceeds were to be used by Borrower to acquire two non-contiguous parcels of property for the development of a community in an area approximately twenty miles northeast of Sacramento, in Placer County, California, all within a larger specific plan that encompassed five thousand acres, and would ultimately include dwelling units, commercial and business parks, schools, parks, and open space. The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on approximately 338 acres of land.

The Offer Sheet indicated that the loan would be repaid after the Borrower sold the entire property to one or more merchant builders, upon approval of the site's specific plan. The Offer Sheet also indicated that the loan to value ratio would be approximately 50% upon completion of the specific plan. Based upon a December 21, 2004 appraisal from Seevers Jordan Ziegenmeyer, as of December 3, 2004, the property securing the Placer I Loan had an approximate value of $33,830,000 and a "hypothetical prospective market value upon final approval of Placer Vineyard Specific Plan" of $67,660,000. Thus, the loan to value figure provided in the Offer Sheet appears to be supported by a contemporaneous appraisal.

2401575.1

On December 10, 2004, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Deed of Trust" (the "Note") and a Loan Agreement (Berman Decl., ¶6.)  The Note and Loan Agreement provided for a loan in the initial principal amount of $27,500,000, however, the Loan Agreement provided for an increase in the loan amount up to $31,500,000, which is what was ultimately lent to the Borrower, pursuant to subsequent amendments to the Loan Agreement and the Note.  The loan was intended to be used to acquire the subject property and pay for certain pre-development costs.  (Berman Decl., ¶6.)  The Note was secured by a document entitled "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" (the "Deed of Trust"), that was recorded in the official records of Placer County, California on December 20, 2004.  (Berman Decl., ¶ 6.)   The Deed of Trust was the senior lien on the real property (the "Property").  Later loan advances were secured by amendments to the Deed of Trust likewise recorded in Placer County.  (Berman Decl., ¶ 6.)

The Offer Sheet indicates that the loan will be guaranteed by the principals of USA Investment Partners, Tom Hantges and Joe Milanowski, and states that they have a combined worth of approximately $97 million as of June 30, 2004.  Hantges and Milanowski executed personal guarantees and claims were made in their respective bankruptcy cases. (Berman Decl., ¶ 7.)

Pursuant to its terms, the Note was scheduled to mature eighteen months after the Deed of Trust was recorded, in May 2006.  By then, USACM was a debtor in possession in a chapter 11 bankruptcy.  By letters dated November 30, 2006, USACM informed Hantges and Milanowski that the loan was in default and they were therefore in default of their guarantees.  (Berman Decl., ¶ 8.)

The loan was secured by a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing recorded on December 20, 2004 as Document No. 2004-0169766, with the Placer County Recorder, State of California, with respect to the Placer Vineyards 1st

Position Loan (original principal balance: $27,500,000), the Sixth Amendment to Deed of Trust recorded on November 23, 2005, as Document No. 2005-0158127, with the Placer County Recorder, evidencing the increase in the principal balance of the Placer Vineyards 1st Position Loan to $31,500,000. The Placer II Loan was secured by the Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing (Second Position) recorded on December 20, 2004 as Document No. 2004-0169767, with the Placer County Recorder, State of California, with respect to the Placer Vineyards 2nd Position Loan (principal balance: $6,500,000).

According to the USACM July 31, 2006 "Loan Summary" the Loan was nonperforming, and USACM records indicate that the Loan Outstanding Balance at 2/28/07 for the Placer Vineyards 1st Position Loan (Placer I) was $31,500,000, with $5,602,920 in Interest Outstanding at 2/28/07, and $1,228,292 in Interest Prepaid to Investors, and also indicates that the Loan Outstanding Balance at 2/28/07 for the Placer Vineyards 2nd Position Loan (Placer II) was $6,500,000, with $1,435,656 in Interest Outstanding at 2/28/07, and $259,999 in Interest Prepaid to Investors.

### c. Servicing Of The Placer I Loan.

Pursuant to the confirmed plan of reorganization, the USACM Trust assumed the obligation to service the Placer I Loan. After USACM sought authority to assign the servicing rights to Compass,[1] the motion was withdrawn.[2]

On April 27, 2007, the USACM Trust made demand on the Borrower for payment of the Placer I and II Loans. The Borrower did not make any payments. On May 10, 2007, the USACM Trust made demand on the guarantors - Joseph Milanowski and Thomas Hantges, who did not make any payments. The USACM Trust reported monthly to the Lenders[3] on

---

[1] Motion to Sell Under Section 363 All Commercial Mortgage Assets of Debtor USA Commercial Mortgage Company In The Placer Vineyards Loans to Compass USA SPE, LLC [DE 3037].

[2] Notice of Withdrawal of: Motion to Sell Under Sell Under Section 363 All Commercial Mortgage Assets of Debtor USA Commercial Mortgage Company in the Placer Vineyards Loans [DE 3424].

[3] http://usacmcucc.bmcgroup.com/Placer%20County/Forms/AllItems.aspx.

the status of loan collection efforts and the need for a servicer advance to pay unpaid real estate taxes.

In June 2007, after consultation with and with the consent of the Lenders, the USACM Trust advanced $678,649.19 to bring the taxes current on the Property in order that the Property might be included in certain public entitlements approved by the Placer County Board of Supervisors later that month. The taxes were paid and the entitlements were obtained.

The USACM Trust consulted with the trustee of USA Investment Partners, LLC about the possibility of a sale of the Property for market value, but less than the full payoff due on the Placer I Loan (much less the Placer II Loan). A number of Lenders opposed the proposition of a sale of the Property for less than all sums due on the Loans. Accordingly, the USACM Trust initiated a non-judicial foreclosure sale of the Property.

As the foreclosure process was ongoing, a number of Lenders acted in concert to question the authority of the Trust to direct the foreclosure sale on behalf of the Placer I Lenders. Accordingly, on October 2, 2008, the USACM Trust filed a complaint against the Borrower and the Direct Lenders, seeking the appointment of a receiver over the Property. The matter came before the Honorable Kent Dawson, United States District Court, District of Nevada, in case number 2:08-cv-01276-KJD-RJJ  On December 16, 2008, Elli Mills was appointed as receiver for the Placer I Lenders (the "Receiver") and authorized to foreclose on the Property. The Receiver submits periodic reports to the Placer I Lenders and maintains a website for their information.

After appointment of the Receiver, a foreclosure sale on the Property occurred on December 22, 2008, upon a $8,404,030 credit bid, and the trustee's sale deed was recorded in the Records of Placer County, California. The Receiver continues to market the Property for sale. The amount of the eventual distribution to the Placer I Lenders is unknown, but the

2401575.1

Trustee expects any distribution to be well below the value of the principal amount of the Placer I Loan.

### d. Lenders' Claims On The Placer I Loan.

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based in part upon an investment in the Placer I Loan. (Burr Decl. ¶ 7.) **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Placer I Loan based upon the information provided by the claimant. (Burr Declaration ¶ 7.) The claims listed in **Exhibit A** are referred to hereafter as the "Placer I Loan Claims." As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the above-referenced claims are attached as **Exhibit C**.

## II.     JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.    APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and

LEWIS AND ROCA LLP LAWYERS

amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## IV.  THE OBJECTION

The Placer I Loan appears to have been secured by valuable real estate as represented in the Offer Sheet. The Placer I Lenders took a known risk by investing in a promissory note secured by liens on real property. The Direct Lenders are expected to eventually recoup some of their monies from the sale of the real property securing the Placer I Loan. How much is unknown.

The Trustee's legal counsel has reviewed the proofs of claim associated with the Placer I Loan. The POC's are nonspecific and give no detail to explain the basis of the claim with any clarity. Thus, the Direct Lenders listed in **Exhibit A** fail to state a claim based upon the Placer I Loan because USACM did not guarantee the Direct Lenders' investment in the Placer I Loan.

USACM is not liable for the Borrower's default or any decrease in the value of the collateral.

The Direct Lenders fail to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the Placer I Loan. USACM was under no duty to foreclose on the collateral securing the Placer I Loan or take any other action.

This objection will not affect the Direct Lenders' right to be repaid on the Placer I Loan by the Borrower or to recover from the sale of any collateral that secured the Placer I Loan.

## V.  CONCLUSION

The USACM Trust respectfully requests that the Court disallow the claims against USACM listed in **Exhibit A** to the extent those claims are based upon an investment in the

8

2401575.1

Placer I Loan.  The Direct Lenders proof of claim will not be affected by this objection to the extent the proof of claim is based upon an investment in a different loan.  This objection will not affect the Direct Lenders' rights to share in the proceeds of the sale of the Property upon its disposition by the Receiver.  The USACM Trust also requests such other and further relief as is just and proper.

Dated:  June 13, 2011.

LEWIS AND ROCA LLP

By  s/John Hinderaker (AZ 18024)
   Robert M. Charles, Jr., NV 6593
   John Hinderaker, AZ 18024 (*pro hac vice*)
   Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
E-mail:  JHinderaker@lrlaw.com
Attorneys for the USACM Liquidating Trust

Copy of the foregoing and pertinent portion of Exhibits mailed by First Class postage prepaid U.S. Mail on June 13, 2011 to all parties listed on Exhibit A attached.

  s/ Matt Burns
LEWIS AND ROCA LLP