LEWIS
AND
ROCA
——LLP——
L A W Y E R S

1

2

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

3

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

4

Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

5

Attorneys for USACM Liquidating Trust

6

## UNITED STATES BANKRUPTCY COURT

7

## DISTRICT OF NEVADA

8

In re:

Case No. BK-S-06-10725-LBR

9

USA COMMERCIAL MORTGAGE
COMPANY,

CHAPTER 11

10

11

Debtor.

12

13

14

15

**SECOND OMNIBUS OBJECTION
OF USACM TRUST TO PROOFS OF
CLAIM BASED IN WHOLE OR IN
PART  UPON INVESTMENT IN
THE FIESTA MURRIETA LOAN**

**Date of Hearing: July 26, 2011
Time of Hearing: 1:30 p.m.
Estimated Time for hearing:  10 min**.

16

17

18

19

20

21

22

23

24

25

26

        The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant

to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and

Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an

order disallowing in whole in art the Proofs of Claim listed in **Exhibit A**.  These claims

were filed by investors ("Direct Lenders") against USA Commercial Mortgage Company

("USACM") based upon an investment in a loan to Fiesta Development, Inc. (the

"Borrower").  This loan was sometimes referred to as the "Fiesta Murrieta Loan" and that

is how the USACM Trust will refer to it here.  This Objection is supported by the Court's

record and the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of

2404355.1

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

Omnibus Objections to Proofs of Claim Based Upon the Investment in the Fiesta Murrieta Loan.  (the "Berman Decl." and "Burr Decl.").

THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDERS' RIGHTS TO REPAYMENT ON THE FIESTA MURRIETA LOAN OR TO SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF THE REAL PROPERTY SECURING THE FIESTA MURRIETA LOAN.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND FACTS

#### a.  The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.  That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced.  These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376].  As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass

2404355.1

LEWIS
AND
ROCA
—— LLP ——
L A W Y E R S

Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Fiesta

Murrieta Loan.  The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12,

2007.  Geoffrey L. Berman is the Trustee.  Under the Plan, the USACM Trust is the

successor to USACM with respect to standing to seek allowance and disallowance of

Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District

of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC,*

*et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP

("Silar") financed Compass' acquisition of the Purchased Assets, including the loan

service agreements in the USACM bankruptcy case and took a secured interest in those

Purchased Assets by executing a Master Repurchase Agreement ("Repurchase

Agreement") with Compass, and by filing a UCC-1 financing statement with the State of

Delaware."  *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of

September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset

Resolution") and took ownership of the Purchased Assets.  … Silar created Asset

Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase

Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of

Compass, including the Purchased Assets."  (Citations omitted.)  Asset Resolution LLC is

now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-

RCJ, along with certain affiliates.[1]  William A. Leonard, Jr. was appointed trustee in the

Asset Resolution case.  By Order entered on July 19, 2010 by the Hon. Robert C. Jones in

---

[1] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Fiesta Murrieta SPE LLC, and Shamrock SPE LLC.

3

2404355.1

the Asset Resolution Case, the servicing rights for 19 loans were transferred to Cross, FLS.  The Fiesta Murietta Loan, was among the loans whose servicing rights were transferred to Cross, FLS.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution.  The Trust has also been in contract with Cross FLC about certain loans that it is servicing, including the Fiesta Murrieta Loan.  The following is the extent of the USACM Trust's information on the current servicing and status of the Fiesta Murrieta Loan.

### b.  The Fiesta Murrieta Loan

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Fiesta Development." A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference**.**  (Berman Decl., ¶ 4.)  The total loan amount proposed was $6,500,000.  The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on "approximately 26 acres for development into approximately 56 single family residential lots" in Southwest Riverside County near the intersection of Interstate 15 and 215.[2]  Pursuant to the Loan Agreement, the loan was intended for Borrower to acquire the subject real estate.

On April 14, 2005, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note" (the "Note") and a Loan Agreement.  (Berman Decl., ¶ 5.)  The Note and Loan Agreement provided for a loan of $6,500,000.  The Note was secured by a "Deed of Trust, Assignment of Rents, Security

---

[2] There does not appear to be an appraisal to support this loan.  Loan to value was represented to be 50% based on prices of "similarly situated finished lots".  This property pledged as collateral does not appear to have been finished, however.

2404355.1

1    Agreement and Fixture Filing" from the Borrower in favor of the Direct Lenders that was

2    recorded in the official records of Riverside County, California on April 15, 2005 at

3    Instrument Number 2005-0298213.  The Note was also supported by an April 14, 2005

4    Guaranty signed by Richard Ashby and Larry Redman, who, pursuant to the Offer Sheet,

5    "indicate a combined net worth in excess of $20 million."  (Berman Decl., ¶ 6.)

6        The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows

7    that Borrower was "Performing" on the Note as of July 31, 2006 and the "Loan Summary"

8    dated February 28, 2007 shows that Borrower was "Performing" on the Note as of

9    February 28, 2007.  (Berman Decl., ¶ 7.)  During this bankruptcy case through the transfer

10    of servicing to Compass, USACM treated the Direct Lenders with respect to any interim

11    payments by the borrower in accordance with this Court's orders.

12        Counsel for the Trustee spoke with Cross FLS regarding the current status of the

13    Margarita Annex Loan.  Upon information and belief, the loan has stopped performing,

14    and Cross FLS is attempting to find a buyer for the Note.  The Borrower continues to own

15    the collateral.

16            **c.  The Fiesta Murrieta Claims**

17        **Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be

18    based in whole in part upon an investment in the Fiesta Murrieta Loan.  (Burr Decl. ¶ 7.)

19    **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the

20    total amount of the claim and the total amount of the claim that appears to be related to an

21    investment in the Fiesta Murrieta Loan based upon the information provided by the

22    claimant.  (Burr Declaration ¶ 7.)  The claims listed in **Exhibit A** are referred to

23    hereafter as the "Fiesta Murrieta Claims."  As required by Nevada LR 3007, a copy of the

24    first page of the proof of claim for each of the claims referenced in **Exhibit A** are attached

25    as **Exhibit C**.

26

2404355.1

## II.    JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.    APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).  A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## IV.    THE OBJECTION

The Fiesta Murrieta Loan appears to have been a legitimate, arms-length transaction.  In addition, the Direct Lenders took a known risk by investing in a promissory note secured by a lien on real property.

USACM is not liable for the Borrower's default or any decrease in the value of the collateral.

The Direct Lenders fail to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the Fiesta Murrieta

2404355.1



Loan.  USACM was under no duty to foreclose on the collateral securing the Fiesta Murrieta Loan or take any other action.

This objection will not affect the Direct Lenders' right to be repaid on the Fiesta Murrieta Loan by the Borrower or to recover from the sale of any collateral that secured the Fiesta Murrieta Loan.

## V.    CONCLUSION

The USACM Trust respectfully requests that the Court disallow the claims against USACM listed in Exhibit A in whole or in part to the extent the claims are based upon an investment in the Fiesta Murrieta Loan.  This objection concerns only the Fiesta Murrieta Loan and not any other claims of any of the Direct Lenders.  The USACM Trust also requests such other and further relief as is just and proper.

Dated:  June 16, 2011.

LEWIS AND ROCA LLP

By  s/*John Hinderaker (AZ 18024)*
     Robert M. Charles, Jr., NV 6593
     John Hinderaker, AZ 18024 (*pro hac vice*)
     Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
E-mail:  JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent
portion of Exhibits mailed by first
class postage prepaid U.S. Mail on
June 16, 2011 to all parties listed on
Exhibit A attached.

LEWIS AND ROCA LLP

 s/ *Matt Burns*
Matt Burns

2404355.1