LEWIS AND ROCA LLP LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>**FOURTH OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED IN WHOLE OR IN PART UPON INVESTMENT IN THE TAPIA RANCH LOAN**<br><br>**Date of Hearing: July 26, 2011**<br>**Time of Hearing: 1:30 p.m.**<br>**Estimated Time for hearing: 10 min**. |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing in whole or in part the Proofs of Claim listed in **Exhibit A**. These claims were filed by investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") based in whole or in part upon an investment in a loan to Castaic Partners, LLC (the "Borrower"). This loan was sometimes referred to as the "Tapia Ranch Loan" and that is how the USACM Trust will refer to it here. This Objection is supported by the Court's record and the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the Tapia Ranch Loan. (the "Berman Decl." and "Burr Decl.").

2407249.1

<u>THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDERS' RIGHTS TO REPAYMENT ON THE TAPIA RANCH LOAN, SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF THE REAL PROPERTY SECURING THE TAPIA RANCH LOAN OR SHARE IN THE RECOVERY OF ANY FUNDS FROM THE GUARANTOR FOR THE LOAN.</u>

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND FACTS

#### a. The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Tapia Ranch Loan. The sale to Compass closed on February 16, 2007.

LEWIS AND ROCA LLP LAWYERS

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[1] By Order entered on July 19, 2010 by the Hon. Robert C. Jones in the Asset Resolution Case, the servicing rights for 19 loans were transferred to Cross, FLS. The Tapia Ranch Loan, was among the loans whose servicing rights were transferred to Cross, FLS.

---

[1] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Tapia Ranch SPE LLC, and Shamrock SPE LLC.

2407249.1

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution. The Trust has also attempted to contact Cross FLS about certain loans that it is servicing, including the Tapia Ranch Loan. The following is the extent of the USACM Trust's information on the current servicing and status of the Tapia Ranch Loan.

### b. The Tapia Ranch Loan

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Castaic Partners, LLC." A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. (Berman Decl., ¶ 4.) The total loan amount proposed was $22,000,000. The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on approximately 834 acres of property in the hillside of Castaic, in Los Angeles, California. The Circular further provides a loan to value percentage of 73%, based on a sale agreement with Toll Brothers in December 2003.[2] The Circular stated that an appraisal was in process.

Pursuant to the Loan Agreement, the loan was intended to acquire the subject property, including the purchase of third party options to acquire the property. (Berman Decl., ¶ 5.)

On September 28, 2004, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Deed of Trust" (the "Note") and a Loan Agreement. (Berman Decl., ¶ 6.) The Note and Loan

---

[2] Counsel for the Trust has been unable to locate a copy of the referenced purchase agreement in the USACM documents and files that are available for review. There were three Castaic Partners loans for the Tapia Ranch development. It appears that each covered a different section of the development. The Circulars all mention a different sale agreement with Toll Brothers, presumably one for each section of development.

4

2407249.1

LEWIS AND ROCA LLP LAWYERS

Agreement provided for a loan of $18,500,000, with potential subsequent increases up to $22,000,000.  The Note was secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" from the Borrower in favor of the Direct Lenders that was recorded in the official records of Los Angeles County, California on October 8, 2004 at Instrument Number 042598922, as were subsequent amendments to the Deed of Trust to secure subsequent advances.  The Note was also supported by an Unconditional Guaranty executed by William Barkett on September 28, 2004.  The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Non-performing" on the Note as of July 31, 2006.  (Berman Decl., ¶ 6.)  During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders.

Counsel for the Trustee had a brief conversation with a representative of Cross, FLS regarding the status of the Tapia Ranch Loan.  According to Cross, FLS, the Direct Lenders continue to have an interest in the collateral through a joint venture they entered into with Mr. Howard Justice, a Direct Lender himself.   The Direct Lenders are attempting to negotiate down the unpaid property taxes that have accrued on the property, in order to foreclose on, and then sell, the collateral.

### c. The Tapia Ranch Claims

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based in whole in part upon an investment in the Tapia Ranch Loan.  (Burr Decl. ¶ 7.) **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Tapia Ranch Loan based upon the information provided by the claimant.  (Burr Declaration ¶ 7.)  The claims listed in **Exhibit A** are referred to hereafter as the "Tapia Ranch Claims."  As required by Nevada LR 3007, a copy of the

2407249.1

first page of the proof of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit C**.

## II. JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III. APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## IV. THE OBJECTION

The Tapia Ranch Loan appears to have been a legitimate, arms-length transaction with a third party borrower. In addition, the Direct Lenders took a known risk by investing in a promissory note secured by a lien on real property.

USACM is not liable for the Borrower's default or any decrease in the value of the collateral.



The Direct Lenders fail to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the Tapia Ranch Loan.  USACM was under no duty to foreclose on the collateral securing the Tapia Ranch Loan or take any other action.

This objection will not affect the Direct Lenders' right to be repaid on the Tapia Ranch Loan by the Borrower or to recover from the sale of any collateral that secured the Tapia Ranch Loan or on the guarantee supporting the Tapia Ranch Loan.

## V.  CONCLUSION

The USACM Trust respectfully requests that the Court disallow the claims against USACM listed in Exhibit A in whole in part to the extent those claims are based upon an investment in the Tapia Ranch Loan.  This objection concerns only claims based upon an investment in the Tapia Ranch Loan and not any other claims of any of the Direct Lenders.  The USACM Trust also requests such other and further relief as is just and proper.

Dated:  June 22, 2011.

LEWIS AND ROCA LLP

By s/*John Hinderaker* (AZ 18024)
    Robert M. Charles, Jr., NV 6593
    John Hinderaker, AZ 18024 (*pro hac vice*)
    Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
E-mail:  JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent portion of Exhibits mailed by first class postage prepaid U.S. Mail on June 22, 2011 to all parties listed on Exhibit A attached.

LEWIS AND ROCA LLP

  s/     *Matt Burns*
Matt Burns

2407249.1