

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John C. Hinderaker AZ State Bar No. 18024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>                              Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>**USACM Liquidating Trust's Motion To Allow De Minimus Claims**<br><br>Hearing Date:   July 26, 2011<br>Hearing Time:   1:30 p.m.<br>Estimated Time for Hearing:  10 minutes |

The USACM Liquidating Trust (the "USACM Trust") moves to allow a group of claims that the Trustee deems to be too small to be economical to process for objection. The USACM Trust has been reviewing and (at times) objecting to claims on a loan by loan basis. Given the small aggregate amount of the claims associated with some of the loans, it does not make sense to review USA Commercial Mortgage Company's files regarding the particular loan and then prepare objections to some of those claims. Simply put, the Trust would likely spend more money to review and object to these claims than it would by just allowing them. Thus, the Trust moves the Court to allow these claims.

## MEMORANDUM

### I.  JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core

261173.2



proceeding under 28 U.S.C. § 157(b)(2)(B).  The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II.     BACKGROUND

On April 13, 2006 USA Commercial Mortgage Company ("USACM"), USA Securities, LLC, USA Capital Realty Advisors, LLC, USA Capital Diversified Trust Deed Fund, LLC, USA Capital First Trust Deed Fund, LLC (collectively "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.  Post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

On January 8, 2007, the Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376].  Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.  The USACM Trust exists as of the Effective Date of the Plan, March 12, 2007.  Geoffrey L. Berman is the Trustee.

## III.    APPLICABLE AUTHORITY

Under the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).  The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a).  This objection is timely under the Plan and the Court's orders.

261173.2



## IV. MOTION TO ALLOW DE MINIMUS CLAIMS

The Trust has been processing claims on a loan by loan basis. As the Court will recall, the overwhelming majority of the servicing rights for the then outstanding loans were sold to Compass Partners per the Court's order of December 2006, followed by the financial issues and direct lender litigation that followed that sale, the Trust has not had direct access to current information on almost all of the outstanding loans. To complete the review of each loan, the Trust reviews the loan file (to the extent there was one) and then searches the database for additional documents that may be relevant. The Trust has also checked the public record and other available sources of information to determine the disposition of collateral securing a loan. In any event, this takes at least several hours of attorney time. It also takes attorney and paralegal time to draft the objections, notices of hearing, etc. In addition, it takes time and money to mail out the notices to the direct lenders. An attorney must also prepare for and appear at a hearing on the objection. In a limited number of cases, Direct Lenders have opposed the objections and that have led to a mediation and time intensive negotiations to try to settle the matter. The Trust must pay for the above costs in hundred cent dollars. In addition, the Court incurs its own burdens dealing with claim objections.

The Trustee does not know how much the USACM Trust will ultimately distribute on a given claim, but to date the Court has authorized an interim distribution of 4.92% of the allowed claim amount. The Trust expects to make a second distribution once the claims objection process is completed. The amount of the second distribution is unknown, but the Trustee does not believe that it will exceed the amount of the first distribution.

Below is the list of loans affected by this motion and the total amount of claims associated with those loans:

261173.2



| Loan | $ Amount of Claims |
|---|---|
| Beau Rivage Homes/$8,000,000 | $3,458 |
| Fiesta Inland 1.3 | 6,923 |
| Lady Luck | 14,615 |
| Aware TM-Parris/$500,000,000 | 15,000 |
| Palm Coast Blue Water | 25,000 |
| PerUSA, LLC | 39,009 |
| Standard Property Development, LLC | 80,000 |
| Tanamera Resort Condominiums, LLC | 82,000 |
| Bundy Canyon $8.9 | 100,000 |
| Rio Bravo $4.5M | 100,000 |
| Rio Bravo 2nd $2.3M | 118,050 |
| Southern California Land 2nd | 330,367 |
| HFA-Clear Lake 2nd (HFAH Clear L) | 450,000 |

Attached as **Exhibit A** is a list of the claims that the Trustee is moving to allow. As to each, the following information is given: claim number, name of the claimant, address for the claimant, amount of the claim and the name of the loan upon which the claimant appears to base the claim.

In light of the very limited amounts being sought against these loans, the initial distribution that would be applicable to the claims assuming they are allowed as filed (the total interim distribution on these claims is approximately $67,000, which amount has been fully reserved for since the allowance of the initial creditor distribution), and the costs to the estate to pursue objections to these claims, the Trust respectfully requests that the Court allow these claims in full.

261173.2

## V.   NOTICE

Because each claim is proposed to be allowed in the amount filed, the USACM Trust submits that notice of this motion need not be provided to the individual claimants, much less the master mailing matrix.  Accordingly, the Trust has limited notice to those parties requesting post-confirmation notice pursuant to the Plan.

Dated:  June 28, 2011.

**LEWIS AND ROCA LLP**

By:  s/ Robert M. Charles, Jr. (NV 6593)
　　　Robert M. Charles,  Jr., NV 6593
　　　John C. Hinderaker, AZ 18024 *(pro hac vice)*
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320
Email: RCharles@LRLaw.com
*Counsel for USACM Liquidating Trust*

Copy of the foregoing
Mailed by first class postage prepaid
U.S. Mail or via e-mail if an
e-mail address available to the
parties listed on the
Post Effective Date Limited
Service List on June 28, 2011.

　　　/s/ Marilyn Schoenike
　　Marilyn Schoenike
　　Lewis and Roca LLP

5

261173.2