

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John C. Hinderaker AZ State Bar No. 18024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>                                    Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>**Declaration Of Geoffrey L. Berman In Support Of USACM Liquidating Trust's Motion To Allow De Minimus Claims**<br><br>Hearing Date:      July 26, 2011<br>Hearing Time:     1:30 p.m.<br>Estimated Time for Hearing:  10 minutes |

Geoffrey L. Berman declares under penalty of perjury:

1.    I am an adult person competent to testify in court.

2.    I make this declaration based upon my personal knowledge, and upon the records of USA Commercial Mortgage Company ("USACM").

3.    I am the Trustee of the USACM Liquidating Trust ("USACM Trust"), which is an entity created by the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization ("Plan"), in the jointly-administered bankruptcy cases, In re USA Commercial Mortgage Company, BK-S-06-10725-LBR, pending in the United States Bankruptcy Court for the District of Nevada.

4.    The USACM Trust seeks to allow a group of claims that I believe to be too small to be economical to process for objection.

284084.3



5. The Trust has been processing claims on a loan by loan basis. The overwhelming majority of the servicing rights for the then outstanding loans were sold to Compass Partners per the Court's order of December 2006, which was below the Plan went Effective and the Trust was formed. Followed by Compass' financial issues and direct lender litigation that followed that sale, the Trust has not had direct access to current information on almost all of the outstanding loans. To complete the review of each loan, the Trust reviews the loan file (to the extent there was one) and then searches the database for additional documents that may be relevant. The Trust has also checked the public record and other available sources of information to determine the disposition of collateral securing a loan.

6. This investigative work takes at least several hours of attorney time. It also takes attorney and paralegal time to draft the objections, notices of hearing, etc. In addition, it takes time and money to mail out the notices to the direct lenders. An attorney must also prepare for and appear at a hearing on the objection.

7. In a limited number of cases, Direct Lenders have opposed the objections and that have led to a mediation and time intensive negotiations to try to settle the matter. The Trust must pay for the costs related to the objection process in hundred cent dollars.

8. I do not know how much the USACM Trust will ultimately distribute on a given claim, but to date the Court has authorized an interim distribution of 4.92% of the allowed claim amount. I expect to make a second distribution once the claims objection process is completed. The amount of the second distribution is unknown, but I do not believe that it will exceed the amount of the first distribution.

9. Given the small aggregate amount of the claims associated with some of the loans, I believe it is not cost efficient for the Trust to review USACM's files regarding these particular loans and then prepare objections to some of those claims.

284084.3

10. Simply put, the Trust would likely spend more money to review and object to these claims than it would by just allowing them.

11. Below is the list of loans affected by the motion accompanying this Declaration and the total amount of claims associated with those loans:

| Loan | $ Amount of Claims |
|---|---|
| Beau Rivage Homes/$8,000,000 | $3,458 |
| Fiesta Inland 1.3 | 6,923 |
| Lady Luck | 14,615 |
| Aware TM-Parris/$500,000,000 | 15,000 |
| Palm Coast Blue Water | 25,000 |
| PerUSA, LLC | 39,009 |
| Standard Property Development, LLC | 80,000 |
| Tanamera Resort Condominiums, LLC | 82,000 |
| Bundy Canyon $8.9 | 100,000 |
| Rio Bravo $4.5M | 100,000 |
| Rio Bravo 2nd $2.3M | 118,050 |
| Southern California Land 2nd | 330,367 |
| HFA-Clear Lake 2nd (HFAH Clear L) | 450,000 |
| | $1,364,422.00 |

The total interim distribution on these claims is approximately $67,000, which amount has been fully reserved for since the allowance of the initial creditor distribution. I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 28, 2011.

    /s/Geoffrey L. Berman
    Geoffrey L. Berman

3

284084.3

LEWIS AND ROCA LLP LAWYERS

Proof of service

Copy of the foregoing posted on the USACM Liquidating Trust website and served on June 28, 2011 via email, where an email address is listed, or by first class mail, postage prepaid U.S. Mail, addressed to:

All parties in interest listed on the Post Effective Date Service List on file with the Court

  s/Marilyn Schoenike
Marilyn Schoenike
Lewis and Roca LLP

284084.3