**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>**THIRD OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED ENTIRELY UPON INVESTMENT IN THE PALM HARBOR ONE LOAN**<br><br>Hearing Date:   August 30, 2011<br>Hearing Time:   10:30 a.m.<br>Estimated Time for Hearing:  10 minutes |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing the Proofs of Claim listed in **Exhibit A**. These claims were filed by investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") based upon an investment in a loan (the "Palm Harbor Loan") to Palm Harbor One, LLC (the "Borrower"). This Objection is supported by the Court's record and the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the Palm Harbor Loan. (the "Berman Decl." and "Burr Decl.")**.**

2417076.1

<u>THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDERS' RIGHTS TO REPAYMENT ON THE PALM HARBOR LOAN, SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF THE REAL PROPERTY SECURING THE PALM HARBOR LOAN, OR SHARE IN THE RECOVERY OF ANY FUNDS FROM THE GUARANTOR FOR THE LOAN.</u>

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND FACTS

#### a.  The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Palm Harbor Loan. The sale to Compass closed on February 16, 2007.

2417076.1

LEWIS AND ROCA LLP LAWYERS

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[1]

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or

---

[1] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Palm Harbor SPE LLC, and Shamrock SPE LLC.

their successors, including the trustee in bankruptcy for Asset Resolution. The Trust has learned that an entity by the name of CCM Pathfinder Palm Harbor Management LLC ("Pathfinder") is now the asset manager and loan servicer for the Palm Harbor Loan pursuant to an order entered on June 10, 2010 by the Hon. Robert C. Jones in the United States Bankruptcy Court (Case No. BK-S-09-32824-RCJ). The Trust's counsel has received information from Pathfinder about the Palm Harbor Loan.[2]

### b. The Palm Harbor Loan

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Palm Harbor One, LLC." A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. (Berman Decl., ¶ 4.) The total loan amount proposed was $29,000,000. The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on "approximately 20 acres with two adjacent apartment complexes with a total of 432 units in Palm Harbor, Florida." The loan to value ratio was 73% based on an October 17, 2005 appraisal from Hendry Real Estate Advisors. (Berman Decl., ¶ 4.)

Pursuant to the Offer Sheet, the loan was intended for Borrower to purchase the apartment complexes and convert them into condominium units. (Berman Decl., ¶ 4.)

On November 28, 2005, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Deed of Trust" (the "Note") and a Loan Agreement. (Berman Decl., ¶5.) The Note and Loan Agreement provided for a loan of $29,000,000, with an initial loan in the amount of $26,200,000. The Note was secured by a "Mortgage, Security Agreement and Assignment of Rents" from the Borrower in favor of the Direct Lenders that was recorded in the official records of Pinellas County, Florida on December 16, 2005 at Instrument Number 2005502422, as

---

[2] The Order originally named CCM Pathfinder Pompano Bay, LLC as the asset manager and receiver.

were subsequent amendments to the Deed of Trust to secure subsequent advances and add additional beneficiaries. The Note was also supported by an Unconditional Guaranty signed by Joseph Lilly, who, pursuant to the Offer Sheet, had a "reported net worth of approximately $8,000,000 as of August 15, 2005." (Berman Decl., ¶ 7)

The USACM "Loan Summary" dated February 28, 2007 and filed in this case shows that Borrower was "Performing" on the Note as of February 28, 2007. (Berman Decl., ¶ 7.) During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders and the confirmed Plan.

Counsel for the Trustee followed up with Pathfinder regarding the Palm Harbor Loan, and Pathfinder provided the Trustee with a copy of its March 31, 2011 update on the status of the Palm Harbor Loan. Pursuant to that update, the Borrower filed for bankruptcy in Massachusetts in summer 2007. In March 2008, Compass entered into a settlement agreement with the Borrower and the Official Committee of Unsecured Creditors pursuant to which, Compass was granted relief from the automatic stay to foreclose on the collateral and the Committee would receive no less than $300,000 from the proceeds from the sale of the collateral. Ultimately, Pathfinder agreed to pay the Committee $150,000 in exchange for their support for the implementation of a 11 U.S.C. § 363 sale of the collateral, which funds would count toward the payment owing under the settlement agreement with the Committee. The Massachusetts bankruptcy court has approved the 363 sale, and Pathfinder plans to enter a credit bid on behalf of the Direct Lenders. Pursuant to the update, some of the condominium units subject to the Mortgage were conveyed by the Borrower without payment to USACM or Compass and without a corresponding release of the Mortgage. Thus, Pathfinder is also pursuing foreclosure in Florida on those units and is contemplating an action against the title company.

2417076.1

### c. The Palm Harbor Claims

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based entirely upon an investment in the Palm Harbor Loan. (Burr Decl. ¶ 7.) **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Palm Harbor Loan based upon the information provided by the claimant. (Burr Declaration ¶ 7.) The claims listed in **Exhibit A** are referred to hereafter as the "Palm Harbor Claims." As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit C**.

## II.  JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.  APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated*

*Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## IV. THE OBJECTION

The Palm Harbor Loan appears to have been a legitimate, arms-length transaction with a third party borrower. In addition, the Direct Lenders took a known risk by investing in a promissory note secured by a lien on real property.

USACM is not liable for the Borrower's default or any decrease in the value of the collateral.

The Direct Lenders fail to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the Palm Harbor Loan. USACM was under no duty to foreclose on the collateral securing the Palm Harbor Loan or take any other action.

This objection will not affect the Direct Lenders' right to be repaid on the Palm Harbor Loan by the Borrower, to recover from the sale of any collateral that secured the Palm Harbor Loan or share in any funds generated by enforcing the guaranty associated with the Palm Harbor Loan.

## V. CONCLUSION

The USACM Trust respectfully requests that the Court disallow the claims against USACM listed in Exhibit A in full because those claims are based entirely upon an investment in the Palm Harbor Loan. This objection concerns only the Palm Harbor Loan and not any other claims of any of the Direct Lenders. This objection will not affect the Direct Lenders rights arising out of the Palm Harbor promissory note and deed of trust. The USACM Trust also requests such other and further relief as is just and proper.

7

2417076.1

DATED this 10th day of July, 2011.

LEWIS AND ROCA LLP

By _s/*John Hinderaker* (AZ 18024)_
Robert M. Charles, Jr., NV 6593
John Hinderaker, AZ 18024 (*pro hac vice*)
Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
E-mail:  JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent portion of Exhibits mailed by first class postage prepaid U.S. Mail on July 11, 2011 to all parties listed on Exhibit A attached.

LEWIS AND ROCA LLP

 _s/      Matt Burns_

8

2417076.1