

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>          Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>**ELEVENTH OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED IN WHOLE OR IN PART UPON INVESTMENT IN THE FOX HILLS 216, LLC LOAN**<br><br>Hearing Date:    August 30, 2011<br>Hearing Time:    10:30 a.m.<br>Estimated Time for Hearing:  10 minutes |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing the Proofs of Claim filed by individual investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") to the extent such claims are based upon an investment in a loan to Fox Hills 216, Fox Hills 73, Fox Hills 50, Fox Hills 26, Fox Hills Mitigation, and Fox Hills Fresno Slough, LLCs (collectively, the "Borrower").  This loan was sometimes referred to as the "Fox Hill Loan" and that is how the USACM Trust will refer to it here.  This Objection will not impact the direct lenders' claims to the extent those claims are based upon an investment in other USACM loans.

2417122.1

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

This Objection is supported by the Court's record and the Declarations of Geoffrey Berman Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the Fox Hills Loan filed with the Court today (the "Burr Decl.").

THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDERS' RIGHTS TO REPAYMENT ON THE FOX HILLS LOAN, SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF THE REAL PROPERTY SECURING THE FOX HILLS LOAN OR SHARE IN THE RECOVERY OF ANY FUNDS FROM THE GUARANTOR FOR THE FOX HILLS LOAN.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.     **BACKGROUND FACTS**

    **a.  The USACM Bankruptcy**

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.  That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced.  These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376].  As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this

2417122.1

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

Court, USACM sold the servicing rights to most of the loans it serviced to Compass

Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the

Margarita Annex Loan.  The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12,

2007.  Geoffrey L. Berman is the Trustee.  Under the Plan, the USACM Trust is the

successor to USACM with respect to standing to seek allowance and disallowance of

Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District

of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC,*

*et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP

("Silar") financed Compass' acquisition of the Purchased Assets, including the loan

service agreements in the USACM bankruptcy case and took a secured interest in those

Purchased Assets by executing a Master Repurchase Agreement ("Repurchase

Agreement") with Compass, and by filing a UCC-1 financing statement with the State of

Delaware."  *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of

September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset

Resolution") and took ownership of the Purchased Assets.  … Silar created Asset

Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase

Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of

Compass, including the Purchased Assets."  (Citations omitted.)  Asset Resolution LLC is

now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-

RCJ, along with certain affiliates.[1]  By Order entered on July 19, 2010 by the Hon. Robert

---

[1] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million
SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC,
HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean
Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Margarita Annex SPE LLC, and Shamrock
SPE LLC.

2417122.1

**LEWIS
AND
ROCA
——LLP——
L A W Y E R S**

1

2

3

C. Jones in the Asset Resolution Case, the servicing rights for 19 loans were transferred to Cross, FLS.  The Fox Hills Loan, was among the loans whose servicing rights were transferred to Cross, FLS.

4

5

6

7

8

9

10

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution.  The Trust has also been in contract with Cross FLC about certain loans that it is servicing, including the Fox Hills Loan.  The following is the extent of the USACM Trust's information on the current servicing and status of the Fox Hills Loan.

11

### b.  The Fox Hills Loan

12

13

14

15

16

17

18

19

20

21

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Fox Hills 216, LLC."[2]   A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference.  (Berman Decl., ¶ 4.)  The total loan amount proposed was $29,000,000. The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on 987 acres generally known as Fox Hills Phase II, which was being planned for approximately 900 homes.  The Offer Sheet noted that the second phase of the community was awaiting final entitlement approval, which was estimated to occur in the summer of 2006.  The Offer Sheet further stated that the loan to value was approximately 55% based on values of similar properties

22

23

24

_____

25

[2] The name of the borrower on the Offer Sheet is a different entity from the actual borrowing entities that signed the loan agreement.

26

4

2417122.1

in the area.[3]  Pursuant to the Circular, the loan was intended to acquire the remainder of the land acreage and water rights necessary to complete the master planned community.[4]

On January 23, 2006, the Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a Promissory Note Secured by Deed of Trust, in the amount of $25,755,000 (the "Note") and a Loan Agreement.  (Berman Decl. ¶ 5).  The Loan Agreement and Note provided for potential future loan increases up to $29,000,00.  (Berman Decl. ¶ 5).  The Note was secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" from Fox Hills Fresno Slough, LLC in favor of the Direct Lenders that was recorded in the official records of Fresno County, California on February 15, 2006 at Instrument Number 2006-0033494. The Note was also secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" from Fox Hills 216, Fox Hills 99, Fox Hills 50, and Fox Hills Nursery LLCs in favor of the Direct Lenders that was recorded in the official records of Merced County, California on February 10, 2006 at Instrument Number 2006-011230.  The Note was also supported by an Unconditional Guaranty executed by Kent Hoggan and Catamount Management, LLC on January 23, 2006.

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Non-performing" on the Note as of July 31, 2006.  (Berman Decl., ¶ 6.)  During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders.

Counsel for the Trustee has been advised by a representative of Cross, FLS that the accrued taxes on the property currently exceed the value of the property for the Fox Hills

---

[3] Although the Offer Sheet said that an appraisal had been ordered, counsel for the Trust has been unable to locate an appraisal.

[4] The Loan Agreement stated that the loan was intended to "acquire and/or refinance" the subject property.

2417122.1

LEWIS
AND
ROCA
—— LLP ——
L A W Y E R S

Loan.  Cross, FLS has been told by brokers that there is no interest in purchasing the land

for development (as had originally been planned), and that no such interest is anticipated.

Consequently, Cross, FLS has marketed the property's water rights and has entered into a

contract with a buyer, however, that sale has stalled due to the taxes on the property.  The

guarantor has filed for bankruptcy.

### c.  The Fox Hills Claims

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be

based upon investments in multiple loans, including the Fox Hills Loan.  (Burr Decl. ¶ 7.)

**Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the

total amount of the claim and the total amount of the claim that appears to be related to an

investment in the Fox Hills Loan based upon the information provided by the claimant.

(Burr Declaration ¶ 7.)  The claims listed in **Exhibit A** are referred to hereafter as the

"Fox Hills Claims."  As required by Nevada LR 3007, a copy of the first page of the proof

of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit C**.

## II.    JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and

157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and

Bankruptcy Rule 3007.

## III.   APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed

will be allowed unless a party in interest objects.  If a party in interest objects to the proof

of claim, the Court, after notice and hearing, shall determine the amount of the Claim and

shall allow the Claim except to the extent that the Claim is "unenforceable against the

debtor . . . under any . . . applicable law for a reason other than because such claim is

2417122.1

contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## IV.    THE OBJECTIONS

The Fox Hills Loan appears to have been a legitimate, arms-length transaction with a third party borrower. In addition, the Direct Lenders took a known risk by investing in a promissory note secured by a lien on real property.

USACM is not liable for the Borrower's default or any decrease in the value of the collateral.

The Direct Lenders fail to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the Fox Hills Loan. USACM was under no duty to foreclose on the collateral securing the Fox Hills Loan or take any other action.

This objection will not affect the Direct Lenders' right to be repaid on the Fox Hills Loan by the Borrower, to recover from the sale of any collateral that secured the Fox Hills Loan, or to recover on the guaranty supporting the Fox Hills Loan.

## V.    CONCLUSION

The USACM Trust respectfully requests that the Court disallow the claims against USACM listed in **Exhibit A** to the extent that those claims are based upon an investment in the Fox Hills Loan. This objection concerns only claims based upon an investment in the Fox Hills Loan and not any other claims of any of the Direct Lenders. The USACM Trust also requests such other and further relief as is just and proper.

7

2417122.1

1    DATED this 13th day of July, 2011.

2                                                    LEWIS AND ROCA LLP

3

4                                                    By /s/ *Marvin Ruth* (#10979)

5                                                        Rob Charles, NV 6593
                                                         John Hinderaker, AZ 18024 (*pro hac vice*)
6                                                        Marvin Ruth, NV 10979
                                                     3993 Howard Hughes Parkway, Suite 600
7                                                    Las Vegas, Nevada  89169
                                                     Telephone:  (702) 949-8200
8                                                    Facsimile:   (702) 949-8398
                                                     E-mail:  mruth@lrlaw.com
9                                                    *Attorneys for the USACM Liquidating Trust*

10   Copy of the foregoing and pertinent
     portion of Exhibit A mailed by first
11   class postage prepaid U.S. Mail on
     July 13, 2011 to all parties listed on
12   Exhibit A attached.

13

14   LEWIS AND ROCA LLP

15

16    /s/    *Matt Burns*    _____

17

18

19

20

21

22

23

24

25

26

2417122.1