**LEWIS**
**AND**
**ROCA**
**——LLP——**
**L A W Y E R S**

1    3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
2    Facsimile (702) 949-8321
Telephone (702) 949-8320

3    Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
4    Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

5    Attorneys for USACM Liquidating Trust

6

7                    **UNITED STATES BANKRUPTCY COURT**

8                              **DISTRICT OF NEVADA**

| | |
|---|---|
| 9  In re: | Case No. BK-S-06-10725-LBR |
| 10  USA COMMERCIAL MORTGAGE COMPANY, | Chapter 11 |
| 11                    Debtor. | **SEVENTH OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED IN WHOLE OR IN PART UPON INVESTMENT IN THE GESS LOAN** |
| 12 | |
| 13 | |
| 14 | **Date of Hearing:  August 30, 2011** |
| 15 | **Time of Hearing: 10:30 a.m.** **Estimated Time for hearing:  10 min**. |

16        The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant

17    to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and

18    Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an

19    order disallowing in whole or in part the Proofs of Claim listed in **Exhibit A**.  These

20    claims were filed by investors ("Direct Lenders") against USA Commercial Mortgage

21    Company ("USACM") based in whole or in part upon an investment in a loan to 6425

22    Gess, Ltd. (the "Borrower").  This loan was sometimes referred to as the "Gess Loan" and

23    that is how the USACM Trust will refer to it here.  This Objection is supported by the

24    Court's record and the Declarations of Geoffrey L. Berman and Edward M. Burr in

25    Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the Gess

26    Loan.  (the "Berman Decl." and "Burr Decl.").

2418579.1

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDERS' RIGHTS TO REPAYMENT ON THE GESS LOAN,  SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF THE REAL PROPERTY SECURING THE GESS LOAN OR SHARE IN THE RECOVERY OF ANY FUNDS FROM THE GUARANTOR FOR THE LOAN.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      BACKGROUND FACTS

#### a.  The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.  That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced.  These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376].  As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Gess Loan.  The sale to Compass closed on February 16, 2007.

2418579.1

LEWIS
AND
ROCA
—— LLP ——
L A W Y E R S

1   The USACM Trust exists as of the Effective Date of the Plan, which was March 12,

2   2007.  Geoffrey L. Berman is the Trustee.  Under the Plan, the USACM Trust is the

3   successor to USACM with respect to standing to seek allowance and disallowance of

4   Claims under 11 U.S.C. § 502(a).

5   Upon information derived from filings in the United States District Court, District

6   of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC,*

7   *et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP

8   ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan

9   service agreements in the USACM bankruptcy case and took a secured interest in those

10   Purchased Assets by executing a Master Repurchase Agreement ("Repurchase

11   Agreement") with Compass, and by filing a UCC-1 financing statement with the State of

12   Delaware."  *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

13   Further, from filings in the same action, the Trust believes that "Effective as of

14   September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset

15   Resolution") and took ownership of the Purchased Assets.  … Silar created Asset

16   Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase

17   Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of

18   Compass, including the Purchased Assets."  (Citations omitted.)  Asset Resolution LLC is

19   now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-

20   RCJ, along with certain affiliates.[1]

21   The following is the extent of the USACM Trust's information on the current

22   servicing and status of the Gess Loan.

23   **b.  The Gess Loan**

24

25   [1] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP
     Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC,
26   Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP
     Gess SPE LLC, and Shamrock SPE LLC.

3

2418579.1

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1    USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding

2    for an acquisition and development loan to a borrower identified as "6425 Gess, Ltd."  A

3    copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference.

4    (Berman  Decl., ¶ 4.)  The total loan amount proposed was $26,500,000.  The Offer Sheet

5    described the investment as a "First Trust Deed Investment" and noted that the investment

6    would be secured by a first deed of trust on an 810-unit apartment complex located on

7    South Gessner Drive in Houston, Texas.  The Offer Sheet further provided a loan to value

8    percentage of 76% supported by an October 18, 2004 appraisal by The George Kahle

9    Group.  Pursuant to the Offer Sheet, the loan proceeds would be used to refinance the

10    collateral.  (Berman Decl., ¶ 4.)

11    On April 14, 2005, Borrower made and delivered to various lenders, including the

12    Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Deed of Trust"

13    (the "Note") and a Loan Agreement.   (Berman Decl., ¶ 5.)  The Note and Loan

14    Agreement provided for a loan of $26,500,000 to refinance the property.  The Note was

15    secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture

16    Filing" from the Borrower in favor of the Direct Lenders that was recorded in the official

17    records of Harris County, Texas on April 21, 2005.  The Note was also supported by an

18    Unconditional Guaranty executed by Tracy D. Suttles on April 15, 2005.  (Berman Decl.,

19    ¶ 5.)

20    The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows

21    that Borrower was "Non-performing" on the Note as of July 31, 2006.  (Berman Decl., ¶

22    6.)  During this bankruptcy case through the transfer of servicing to Compass, USACM

23    treated the Direct Lenders with respect to any interim payments by the borrower in

24    accordance with this Court's orders.

25    On August 8, 2009, the Honorable Robert C. Jones entered an "Order Authorizing

26    the Sale of the Gess Property to the Gess Joint Venture" (the "JV Order") in the United

4

2418579.1

States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF.   Pursuant to the JV Order, the Direct Lenders owned the property, and the property would be sold to a joint venture made up of (i) Direct Lenders who opted into the joint venture and (ii) Wicklow LLC.   The Direct Lenders who did not opt into the joint venture would receive a pro rata share of $8.5 million, along with Asset Resolution.

### c.  The Gess Claims

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders, which appear to be based in whole or in part upon an investment in the Gess Loan.  (Burr Decl. ¶ 7.) **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Gess Loan based upon the information provided by the claimant.  (Burr Declaration ¶ 7.)  The claims listed in **Exhibit A** are referred to hereafter as the "Gess Claims."  As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit C**.

## II.    JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.    APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the

2418579.1

1    debtor . . . under any . . . applicable law for a reason other than because such claim is

2    contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is

3    presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof

4    of claim controverts the presumption, the creditor ultimately bears the burden of

5    persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated*

6    *Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P.

7    1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

8    **IV.    THE OBJECTION**

9           The Gess Loan appears to have been a legitimate, arms-length transaction with a

10   third party borrower. In addition, the Direct Lenders took a known risk by investing in a

11   promissory note secured by a lien on real property.

12          USACM is not liable for the Borrower's default or any decrease in the value of the

13   collateral.

14          The Direct Lenders fail to state a claim because USACM does not appear to have

15   breached the loan servicing agreements with respect to collection of the Gess Loan.

16   USACM was under no duty to foreclose on the collateral securing the Gess Loan or take

17   any other action.

18   **V.    CONCLUSION**

19          The USACM Trust respectfully requests that the Court disallow the claims against

20   USACM listed in Exhibit A to the extent those claims are based upon an investment in the

21   Gess Loan. This objection concerns only claims based upon an investment in the Gess

22   Loan and not any other claims of any of the Direct Lenders. This objection will not in any

23   way affect the DL's rights and interests arising out of the promissory note, deed of trust

24   and guarantee associated with the Gess Loan. The USACM Trust also requests such other

25   and further relief as is just and proper.

26

2418579.1

LEWIS
AND
ROCA
—— LLP ——
L A W Y E R S

1        Dated:  July 14, 2011.

2                              LEWIS AND ROCA LLP

3

4                          By  s/*John Hinderaker* (AZ 18024)
                               Robert M. Charles, Jr., NV 6593

5                               John Hinderaker, AZ 18024 (*pro hac vice*)
                               Marvin Ruth, NV 10979

6                          3993 Howard Hughes Parkway, Suite 600
                          Las Vegas, Nevada  89169

7                          E-mail:  JHinderaker@lrlaw.com
                          *Attorneys for the USACM Liquidating Trust*

8    Copy of the foregoing and pertinent
     portion of Exhibits mailed by first

9    class postage prepaid U.S. Mail on
     July 14, 2011 to all parties listed on

10   Exhibit A attached.

11

     LEWIS AND ROCA LLP

12

13    s/    *Matt Burns*
     Matt Burns

14

15

16

17

18

19

20

21

22

23

24

25

26

7

2418579.1