**LEWIS AND ROCA LLP — LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>**FIRST OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED ENTIRELY UPON INVESTMENT IN THE 5055 COLLWOOD LOAN**<br><br>Hearing Date:  August 30, 2011<br>Hearing Time:  10:30 a.m.<br>Estimated Time for Hearing: 10 minutes |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing the Proofs of Claim listed in **Exhibit A**. These claims were filed by investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") based upon an investment in a loan (the "5055 Collwood Loan") to 5055 Collwood, LLC (the "Borrower"). This Objection is supported by the Court's record and the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the 5055 Collwood Loan. (the "Berman Decl." and "Burr Decl.")**.**

286795.1

<u>THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDERS' RIGHTS TO REPAYMENT ON THE 5055 COLLWOOD LOAN, SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF THE REAL PROPERTY SECURING THE LOAN, OR SHARE IN THE RECOVERY OF ANY FUNDS FROM THE GUARANTOR FOR THE LOAN.</u>

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     BACKGROUND FACTS

#### a.  The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the 5055 Collwood. The sale to Compass closed on February 16, 2007.

LEWIS AND ROCA LLP LAWYERS

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[1]

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information

---

[1] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Palm Harbor SPE LLC, and Shamrock SPE LLC.

3

286795.1

concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution.

### b. The 5055 Collwood Loan

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for a loan to a borrower identified as 5055 Collwood, LLC. A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. (Berman Decl., ¶ 4.) The Offer Sheet provides that the loan amount will be $1.5 million and the interest rate is 16 percent. The Offer Sheet says that the Borrower will use the funds to complete a condominium conversion project. It expressly states the investment is in a "**SECOND TRUST DEED INVESTMENT**" (emphasis in the original). The Offer Sheet indicates that the combined loan-to-value was "approximately 80%."

On February 24, 2006, 5055 Collwood, LLC made and delivered to various lenders, including the Direct Lenders identified on **Exhibit A**, a Promissory Note in an amount of $1,500,000 (the "Note"). (Berman Decl., ¶ 5.) The Note was secured by a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing ("Deed of Trust") on real property and improvements thereon, as described in the Deed of Trust. (Berman Decl., ¶ 5.) The Deed of Trust was originally recorded on March 3, 2006 at Instrument Number 2006-0149662 in the Official Records of the San Diego County Recorder's Office. (Berman Decl., ¶ 6.) USACM executed a subordination agreement, which acknowledged that a first position lender had loaned 5055 Collwood, LLC $12,100,000. (Berman Decl., ¶ 6.) The Note was also supported by Unconditional Guaranties signed by Matthew Maisel and Rob Presley. (Berman Decl., ¶ 6.)

The USACM "Loan Summary" dated February 28, 2007 and filed in this case shows that Borrower was "Performing" on the Note as of February 28, 2007. (Berman Decl., ¶ 7.) During this bankruptcy case through the transfer of servicing to Compass,

USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders and the confirmed Plan.

Counsel for the Trustee has inquired into the public records of San Diego County, California regarding the Property. Based upon the public records, it appears that all of the units have been converted into condominiums and sold. The Borrower apparently continued to sell individual units into September of 2008. The Trustee does not know whether the Direct Lenders listed on **Exhibit A** received any of the proceeds from the sales of the individual units. The Trustee does not know who, if anyone, is currently servicing this loan.

### c. The 5055 Collwood Claims

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based entirely upon an investment in the Collwood 5055 Loan. (Burr Decl. ¶ 7.) **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the 5055 Collwood Loan based upon the information provided by the claimant. (Burr Declaration ¶ 7.) The claims listed in **Exhibit A** are referred to hereafter as the "5055 Collwood Claims." As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit C**.

### II. JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

286795.1

### III. APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

### IV. THE OBJECTION

The 5055 Collwood Loan appears to have been an arms-length transaction with a third party borrower. The Direct Lenders took a known risk by investing in a promissory note secured by a second position deed of trust in real property.

USACM is not liable for the Borrower's default or any decrease in the value of the collateral.

The Direct Lenders fail to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the 5055 Collwood Loan. USACM was under no duty to foreclose on the collateral securing the 5055 Collwood Loan or take any other action.

This objection will not affect the Direct Lenders' right to be repaid on the 5055 Collwood Loan by the Borrower, to recover from the sale of any collateral that secured the 5055 Collwood Loan or share in any funds generated by enforcing the guaranty associated with the 5055 Collwood Loan.

## V. CONCLUSION

The USACM Trust respectfully requests that the Court disallow the claims against USACM listed in **Exhibit A** in full because those claims are based entirely upon an investment in the 5055 Collwood Loan. This objection concerns only the 5055 Collwood Loan and not any other claims of any of the Direct Lenders. This objection will not affect the Direct Lenders rights arising out of the 5055 Collwood promissory note and deed of trust. The USACM Trust also requests such other and further relief as is just and proper.

DATED this 18th day of July, 2011.

LEWIS AND ROCA LLP

By s/John Hinderaker (AZ 18024)
  Robert M. Charles, Jr., NV 6593
  John Hinderaker, AZ 18024 (*pro hac vice*)
  Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
E-mail: JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent portion of Exhibits mailed by first class postage prepaid U.S. Mail on July 18, 2011 to all parties listed on Exhibit A attached.

LEWIS AND ROCA LLP

s/ Matt Burns
Matt Burns

286795.1