**LEWIS AND ROCA LLP — LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br><br>        Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**EIGHTH OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED IN PART UPON INVESTMENT IN THE BROOKMERE MATTESON LOAN**<br><br>**Date of Hearing: August 30, 2011**<br>**Time of Hearing: 10:30 a.m.**<br>**Estimated Time for hearing: 10 min**. |

   The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing in part the Proofs of Claim listed in **Exhibit A** to the extent those claims

---

[1] This bankruptcy case was closed on September 23, 2008.
[2] This bankruptcy case was closed on October 12, 2007.
[3] This bankruptcy case was closed on December 21, 2007.

2422904.1

are based upon an investment in a loan to Brookmere, LLC and Lord & Essex Matteson, LLC (together, the "Borrowers"). This loan was sometimes referred to as the "Brookmere Matteson Loan" and that is how the USACM Trust will refer to it here. These claims were filed by investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") based upon investments in multiple loans, including a loan to the Borrowers. To the extent the claims are based upon investments in other USACM loans they will not be affected by this objection. This Objection is supported by the Court's record and the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the Brookmere Matteson Loan. (the "Berman Decl." and "Burr Decl.").

<u>THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDERS' RIGHTS TO REPAYMENT ON THE BROOKMERE MATTESON LOAN, SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF THE REAL PROPERTY SECURING THE BROOKMERE MATTESON LOAN, OR SHARE IN THE RECOVERY OF ANY FUNDS FROM THE GUARANTOR FOR THE LOAN.</u>

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND FACTS

#### a. The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

1  USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Brookmere Matteson Loan. The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset

Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[4] William A. Leonard, Jr. was appointed trustee in the Asset Resolution case.

Pursuant to a November 6, 2007 order from the Honorable Robert Jones in the District of Nevada case, the Brookmere Matteson Loan was abandoned by Compass. Subsequently, pursuant to a June 16, 2008 order, Tom Grimmett was appointed as the receiver for Brookmere Lenders, LLC, a limited liability company formed by the Brookmere Loan Direct Lenders. Furthermore, by an order entered on May 11, 2009, Mr. Grimmett was appointed as the "full equity Receiver for the Brookmere Loan interests." Counsel for the Trustee has been in contact with counsel for Mr. Grimmett regarding the Brookmere Matteson Loan.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution. The Trust has also been in contract with Cross FLC about certain loans that it is servicing, but Cross FLC is not servicing the Brookmere Matteson Loan.[5] The following is the extent of the

---

[4] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Brookmere Matteson SPE LLC, and Shamrock SPE LLC.

[5] By Order entered on July 19, 2010 by the Hon. Robert C. Jones in United States Bankruptcy Court (Case No. BK-S-09-32824-RCJ), the servicing rights for 19 loans were transferred to Cross, FLS. The Brookmere Matteson Loan however, was not among the loans whose servicing rights were transferred to Cross, FLS.

2422904.1

USACM Trust's information on the current servicing and status of the Brookmere Matteson Loan.

### b. The Brookmere Matteson Loan

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to borrowers identified as "Brookmere Matteson, LLC" and "Lord & Essex Matteson, LLC." A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. (Berman Decl., ¶ 4.) The total loan amount proposed was $27,050,000. The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on 156 acres to be developed into: finished single-family lots, single-family lots with grading and off-site improvements completed, and acreage devoted to commercial/retail property to be completed with infrastructure. The project was located at the Highway 57 and Vollmer Road in Matteson, Illinois. The loan was intended to "retire existing debt on the property and provide for the backbone infrastructure of the property, as well as the completion of 334 residential lots." (Berman Decl., ¶ 4.)

On October 29, 2003, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note" (the "Note") and a Construction Loan Agreement. (Berman Decl., ¶ 5.) The Note and Loan Agreement provided for a loan of $27,050,000. *Id.* The Loan Agreement was subsequently modified to allow Borrower to place a junior mortgage on the property. *Id.* The Note was secured by (a) two "Assignment of Rents and Leases," one from Brookmere, LLC and one from Essex Matteson, LLC, each in favor of the Direct Lenders, granting the Direct Lenders a secured interest in the Borrowers' interest in any lease, or sublease, (b) two "Mortgage, Assignment of Rents and Security Agreements," one from Brookmere, LLC and one from Essex Matteson, LLC, each in favor of Direct Lenders, which were each recorded in the

5

2422904.1

LEWIS AND ROCA LLP LAWYERS

official records of Cook County, Illinois on November 7, 2003, and (c) Security Agreements in favor the Direct Lenders providing a first priority security interest in all of the Borrowers' collective interest in their personal property, accounts, and other personal assets. *Id.* The Note was also supported by Guaranties signed by Christopher Smith and John Popp, as well as a Completion Guaranty signed by Christopher Smith and John Popp, who, pursuant to the Offer Sheet, "indicate a combined net worth in excess of $20 million." Christopher Smith and John Popp appear to have provided USACM personal financial statements in support of their indicated combined net worth. (Berman Decl., ¶ 5.)

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Non-performing" on the Note as of July 31, 2006. (Berman Decl., ¶ 6.) During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders and the confirmed Plan.

Counsel for the Trustee had a brief conversation with counsel for Tom Grimmett regarding the status of the Brookmere Matteson Loan. According to the receiver's counsel, the Direct Lenders continue to have an interest in the collateral, although the full extent of that interest is currently subject to an Illinois appeal of a trial verdict regarding the validity of certain releases granted after a refinancing of the Brookmere Matteson Loan by Botaba Realty Company, Ltd. *See Botaba Realty Company, Ltd. v. Harris Bank Joliet, N.A., as Trustee under a Trust Agreement dated September 17, 2002 and known as Trust Number HTJ8067, et al.*, Appellate Court of Illinois, Case Nos. 11-1379 and 11-1380. Moreover, the Direct Lenders received a partial pay down of the amounts owed to them upon that refinancing.

2422904.1

### c. The Brookmere Matteson Claims

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based upon investments in multiple USACM Loans, including an investment in the Brookmere Matteson Loan.  (Burr Decl. ¶ 7.)  **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Brookmere Matteson Loan based upon the information provided by the claimant.  (Burr Declaration ¶ 7.)  The claims listed in **Exhibit A** are referred to hereafter as the "Brookmere Matteson Claims."  As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit C**.

### II.  JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

### III.  APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).  A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated*

*Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

### IV.    THE OBJECTION

The Brookmere Matteson Loan appears to have been a legitimate, arms-length transaction.  In addition, the Direct Lenders took a known risk by investing in a promissory note secured by a lien on real property.

USACM is not liable for the Borrower's default or any decrease in the value of the collateral.

The Direct Lenders fail to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the Brookmere Matteson Loan.  USACM was under no duty to foreclose on the collateral securing the Brookmere Matteson Loan or take any other action.

To the extent the Court might disagree with the Trust's objection, the Direct Lenders' claims should be reduced by the amount of any recoveries received by those Direct Lenders as a result of the refinancing referenced above in Section I.B, subject to proof being provided to the Trustee and/or the Court.

This objection will only affect the Direct Lenders' proof of claim to the extent that it is based upon an investment in the Brookmere Matteson Loan.  This objection will not affect the proof of claim to the extent it is based upon an investment in a different loan.

This objection will not affect the Direct Lenders' right to be repaid on the Brookmere Matteson Loan by the Borrower, to recover from the sale of any collateral that secured the Brookmere Matteson Loan, or on the guarantees supporting the Brookmere Matteson Loan.

### V.    CONCLUSION

The USACM Trust respectfully requests that the Court disallow the claims against USACM listed in **Exhibit A** to the extent those claims are based upon an investment in the

8

2422904.1

Brookmere Matteson Loan. This objection concerns only claims based upon an investment in the Brookmere Matteson Loan and not any other claims of any of the Direct Lenders. The USACM Trust also requests such other and further relief as is just and proper.

Dated: July 19, 2011.

LEWIS AND ROCA LLP

By  s/John Hinderaker (AZ 18024)
Robert M. Charles, Jr., NV 6593
John Hinderaker, AZ 18024 (*pro hac vice*)
Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
E-mail: JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent portion of Exhibits mailed by first class postage prepaid U.S. Mail on July 19, 2011 to all parties listed on Exhibit A attached.

LEWIS AND ROCA LLP

 s/ Marilyn Schoenike