# EXHIBIT A

# PROMISSORY NOTE
# SECURED BY DEED OF TRUST



$27,500,000     Las Vegas, Nevada
December 10, 2004

This Promissory Note ("Note"), dated as of December 10, 2004 is made and delivered by Placer County Land Speculators, LLC, a California limited liability company ("Borrower"), in favor of the persons listed on **Exhibit "A"** hereto ("Lender").

FOR VALUE RECEIVED, Borrower promises to pay to Lender, or order, the principal sum of Twenty-Seven Million Five Hundred Thousand Dollars ($27,500,000) (the "Note Amount"), together with interest as provided herein. The Note Amount may be increased to $31,500,000 by future advances.

1. Interest Rate. Interest shall accrue on the outstanding portion of the Note Amount, from the date Lender initially disburses such funds until the date the Note Amount is paid in full, at the rate of twelve and one half percent (12.5%) per annum. Interest shall be calculated on the basis of a 360-day year and actual days elapsed. Accrued but unpaid interest shall be compounded monthly.

2. Payments. Monthly interest on the Note Amount shall be due and payable on the first day of each month, in arrears. For example, interest that accrues in the month of May will be due and payable on June 1, and will be calculated on the amount due under the Note on that day. All payments shall be made in lawful money of the United States of America and in immediately available funds at Lender's office, the address for which is specified below, or at such other place as the Lender hereof may from time to time direct by written notice to Borrower.

3. Maturity Date. If not sooner paid, the outstanding principal balance under this Note, all accrued and unpaid interest, and all other indebtedness of Borrower owing under any and all of the Loan Documents shall be due and payable in full on or before the date which is eighteen months after the Deed of Trust is recorded (the "Maturity Date").

4. Application of Payments. All payments on this Note shall, at the option of the Lender hereof, be applied first to the payment of accrued interest then payable.

5. Prepayment. Borrower agrees that all loan fees and any prepaid finance charges are fully earned as of the date hereof and will not be subject to refund upon early payment (whether voluntary or as a result of default). Subject to the foregoing, at any time prior to the Maturity Date, Borrower may prepay this Note in full or in part at any time.

6. Collateral. This Note is secured by a deed of trust encumbering real property located in Placer County, California.

1

7. <u>Defaults; Acceleration</u>. The occurrence of any Event of Default (as hereinafter defined) shall be a default hereunder. Upon the occurrence of an Event of Default, Lender may declare the entire principal balance of the Note then outstanding (if not then due and payable) and all other obligations of Borrower hereunder to be due and payable immediately. Subject to the applicable provisions of law, upon any such declaration, the principal of the Note and accrued and unpaid interest, and all other amounts to be paid under this Note shall become and be immediately due and payable, anything in this Note to the contrary notwithstanding.

The occurrence of any one or more of the following, whatever the reason therefor, shall constitute an "Event of Default" hereunder:

(a) Borrower shall fail to pay when due any amount due pursuant to the Note; or

(b) Borrower or any guarantor ("Guarantor") of the Note shall fail to perform or observe any term, covenant or agreement contained in the Note or any guaranty executed and delivered concurrently herewith on its part to be performed or observed, other than the failure to make a payment covered by subsection (a), and such failure shall continue uncured as of ten (10) calendar days after written notice of such failure is given by Lender to Borrower; provided, however, that if the default cannot be cured in 10 days but Borrower is diligently pursuing the cure, then Borrower shall have thirty (30) days after written notice to effect the cure (the cure period set forth in this subsection (b) shall not apply to any other Event of Default); or

(c) any representation or warranty contained in any document made or delivered pursuant to or in connection with any of the Loan Documents proves incorrect or to have been incorrect in any material respect when made; or

(d) Borrower (which term shall include any entity comprising Borrower) is dissolved or liquidated, or otherwise ceases to exist, or all or substantially all of the assets of Borrower or any Guarantor are sold or otherwise transferred without Lender's written consent; or

(e) Borrower or any Guarantor is the subject of an order for relief by the bankruptcy court, or is unable or admits in writing its inability to pay its debts as they mature, or makes an assignment for the benefit of creditors; or Borrower or any Guarantor applies for or consents to the appointment of any receiver, trustee, custodian, conservator, liquidator, rehabilitator or similar officer (the "Receiver"); or any Receiver is appointed without the application or consent of Borrower or any Guarantor, as the case may be, and the appointment continues undischarged or unstayed for sixty (60) calendar days; or Borrower or any Guarantor institutes or consents to any bankruptcy, insolvency, reorganization, arrangement, readjustment of debt, dissolution, custodianship, conservatorship, liquidation, rehabilitation or similar proceedings relating to it or to all or any part of its property under the laws of any jurisdiction; or any similar proceeding is instituted without the consent of Borrower or any Guarantor, as the case may be, and continues undismissed or unstayed for sixty (60) calendar days; or any judgment, writ, attachment, execution or similar process is issued or levied against all or any part of the Property or Borrower or any Guarantor, and is not released, vacated or fully bonded within thirty (30) calendar days after such issue or levy; or

(f) there shall occur a material adverse change in the financial condition of Borrower or any Guarantor from their respective financial conditions as of the date of this Note, as determined by Lender in its reasonable discretion; or

(g) any Loan Document, at any time after its execution and delivery and for any reason other than the agreement of Lender or the satisfaction in full of all indebtedness and obligations of Borrower under the Loan Documents, ceases to be in full force and effect or is declared to be null and void by a court of competent jurisdiction; or Borrower or any trustee, officer, director, shareholder or partner of any entity comprising Borrower or any Guarantor claims that any Loan Document is ineffective or unenforceable, in whole or in part, or denies any or further liability or obligation under any Loan Document, unless all indebtedness and obligations of Borrower thereunder have been fully paid and performed; or

(h) all or a substantial portion of the Property is condemned, seized or appropriated by any Governmental Agency; or

(i) any lien or security interest created by any Security Document, at any time after the execution and delivery of that Security Document and for any reason other than the agreement of Lender or the satisfaction in full of all indebtedness and obligations of Borrower under the Loan Documents, ceases or fails to constitute a valid, perfected and subsisting lien of the priority required by this Agreement or security interest in and to the Property purported to be covered thereby, subject only to the Permitted Exceptions; or

(j) any default occurs in any loan document or other agreement by and between Borrower and Lender or by Borrower in favor of Lender with reference to the Loan or otherwise, or any default occurs in any loan document regarding any loan or other obligation secured by the Property or any portion thereof.

8. <u>Late Charge</u>. Borrower acknowledges that if any interest payment is not made when due or if the entire amount due under this Note is not paid by the Maturity Date, or, if accelerated as permitted by this Note or any other Loan Document, by the date given in the notice of acceleration, the Lender hereof will incur extra administrative expenses (i.e., in addition to expenses incident to receipt of timely payment) and the loss of the use of funds in connection with the delinquency in payment. Because the actual damages suffered by the Lender hereof by reason of such extra administrative expenses and loss of use of funds would be impracticable or extremely difficult to ascertain, Borrower agrees that five percent (5%) of the amount so delinquent shall be the amount of damages to which such Lender is entitled, upon such breach, in compensation therefor. Therefore, Borrower shall, in the event any payment required under this Note is not paid within five (5) days after the date when such payment becomes due and payable pursuant to Sections 2 and 3, above, and without regard to any default notice under Section 7(a), and without further notice, pay to the Lender hereof as such Lender's sole monetary recovery to cover such extra administrative expenses and loss of use of funds, liquidated damages in the amount of five percent (5%) of the amount of such delinquent payment. The provisions of this paragraph are intended to govern only the determination of damages in the event of a breach in the performance of the obligation of Borrower to make timely payments hereunder, including timely payment of any

3

accelerated amount. Nothing in this Note shall be construed as an express or implied agreement by the Lender hereof to forbear in the collection of any delinquent payment or in exercising any of its rights and remedies under the Loan Documents, or be construed as in any way giving Borrower the right, express or implied, to fail to make timely payments hereunder, whether upon payment of such damages or otherwise. The right of the Lender hereof to receive payment of such liquidated and actual damages, and receipt thereof, are without prejudice to the right of such Lender to collect such delinquent payments and any other amounts provided to be paid hereunder or under any security for this Note or to declare a default hereunder or under any security for this Note.

9. Default Rate. From and after the Maturity Date or, if any Event of Default occurs and is not timely cured, from the date the payment was due regardless of any cure period provided in the notice of default, through and including the date such default is cured, at the option of the Lender hereof, all amounts owing under the Note and all sums owing under all of the Loan Documents shall bear interest at a default rate equal to twenty percent (20%) per annum ("Default Rate"). Such interest shall be paid on the first day of each month thereafter, or on demand if sooner demanded.

10. Waivers. Borrower waives any right of offset it now has or may hereafter have against the Lender hereof and its successors and assigns. Borrower waives presentment, demand, protest, notice of protest, notice of nonpayment or dishonor and all other notices in connection with the delivery, acceptance, performance, default or enforcement of this Note. Borrower expressly agrees that any extension or delay in the time for payment or enforcement of this Note, to renewal of this Note and to any substitution or release of the Property, all without any way affecting the liability of Borrower hereunder. Any delay on Lender's part in exercising any right hereunder or under any of the Loan Documents shall not operate as a waiver. Lender's acceptance of partial or delinquent payments or the failure of Lender to exercise any rights shall not waive any obligation of Borrower or any right of Lender, or modify this Note, or waive any other similar default.

11. Costs of Collection. Borrower agrees to pay all costs of collection when incurred and all costs incurred by the Lender hereof in exercising or preserving any rights or remedies in connection with the enforcement and administration of this Note or following a default by Borrower, including but not limited to actual attorneys' fees. If any suit or action is instituted to enforce this Note, Borrower promises to pay, in addition to the costs and disbursements otherwise allowed by law, such sum as the court may adjudge reasonable attorneys' fees in such suit or action.

12. Usury. Borrower hereby represents that this loan is for commercial use and not for personal, family or household purposes. It is the specific intent of the Borrower and Lender that this Note bear a lawful rate of interest, and if any court of competent jurisdiction should determine that the rate herein provided for exceeds that which is statutorily permitted for the type of transaction evidenced hereby, the interest rate shall be reduced to the highest rate permitted by applicable law, with any excess interest theretofore collected being applied against principal or, if such principal has been fully repaid, returned to Borrower upon written demand.

13. Notices. All notices to be given pursuant to this Note shall be sufficient if given by personal services, by guaranteed overnight delivery services, by telex, telecopy or telegram or by

being mailed postage prepaid, certified or registered mail, return receipt requested, to the described addresses of the parties hereto as set forth below, or to such other address as a party may request in writing. Any time period provided in the giving of any notice hereunder shall commence upon the date of personal service, the date after delivery to the guaranteed overnight delivery service, the date of sending the telex, telecopy or telegram or two (2) days after mailing certified or registered mail.

**BORROWER'S ADDRESS:**  Placer County Land Speculators, LLC
4484 South Pecos Road
Las Vegas, Nevada 89121
Attn. Joseph D. Milanowski

**LENDER'S ADDRESS:**  c/o USA Commercial Mortgage Company
4484 South Pecos Road
Las Vegas, Nevada 89121
Attn. Thomas Rondeau

14.  <u>Assignment By Lender</u>. Lender may assign its rights hereunder or obtain participants in this Note at any time, and any such assignee, successor or participant shall have all rights of the Lender hereunder.

15.  <u>Multiple Parties</u>. A default on the part of any one entity comprising Borrower or any Guarantor of this Note shall be deemed a default on the part of Borrower hereunder.

16.  <u>Construction</u>. This Note and all security documents and guaranties executed in connection with this Note have been reviewed and negotiated by Borrower, Lender and Guarantors at arms' length with the benefit of or opportunity to seek the assistance of legal counsel and shall not be construed against either party. The titles and captions in this Note are inserted for convenience only and in no way define, limit, extend, or modify the scope of intent of this Note.

17.  <u>Partial Invalidity</u>. If any section or provision of this Note is declared invalid or unenforceable by any court of competent jurisdiction, said determination shall not affect the validity or enforceability of the remaining terms hereof. No such determination in one jurisdiction shall affect any provision of this Note to the extent it is otherwise enforceable under the laws of any other applicable jurisdiction.

18.  <u>Governing Law; Jurisdiction; Waiver of Jury Trial</u>.

(a)  This Note shall be construed according to and governed by the laws of the State of Nevada, without regard to its choice of law provisions.

(b)  BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, (i) SUBMITS TO PERSONAL JURISDICTION IN THE STATE OF NEVADA OVER ANY SUIT, ACTION OR PROCEEDING BY ANY PERSON ARISING FROM OR RELATING TO THIS NOTE, OR ANY OTHER OF THE

5

LOAN DOCUMENTS, (ii) AGREES THAT ANY SUCH ACTION, SUIT OR PROCEEDING MAY BE BROUGHT IN ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION SITTING IN CLARK COUNTY, NEVADA, (iii) SUBMITS TO THE JURISDICTION OF SUCH COURTS, AND, (iv) TO THE FULLEST EXTENT PERMITTED BY LAW, AGREES THAT IT WILL NOT BRING ANY ACTION, SUIT OR PROCEEDING IN ANY FORUM OTHER THAN CLARK COUNTY, NEVADA (BUT NOTHING HEREIN SHALL AFFECT THE RIGHT OF LENDER TO BRING ANY ACTION, SUIT OR PROCEEDING IN ANY OTHER FORUM). BORROWER FURTHER CONSENTS AND AGREES TO SERVICE OF ANY SUMMONS, COMPLAINT OR OTHER LEGAL PROCESS IN ANY SUCH SUIT, ACTION OR PROCEEDING BY REGISTERED OR CERTIFIED U.S. MAIL, POSTAGE PREPAID, TO THE BORROWER AT THE ADDRESS FOR NOTICES DESCRIBED IN SECTION 13 HEREOF, AND CONSENTS AND AGREES THAT SUCH SERVICE SHALL CONSTITUTE IN EVERY RESPECT VALID AND EFFECTIVE SERVICE (BUT NOTHING HEREIN SHALL AFFECT THE VALIDITY OR EFFECTIVENESS OF PROCESS SERVED IN ANY OTHER MANNER PERMITTED BY LAW).

(c) BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, WAIVES, RELINQUISHES AND FOREVER FORGOES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATING TO THE INDEBTEDNESS SECURED HEREBY OR ANY CONDUCT, ACT OR OMISSION OF LENDER, TRUSTEE OR BORROWER, OR ANY OF THEIR DIRECTORS, OFFICERS, PARTNERS, MEMBERS, EMPLOYEES, AGENTS OR ATTORNEYS, OR ANY OTHER PERSONS AFFILIATED WITH LENDER, TRUSTEE OR BORROWER, IN EACH OF THE FOREGOING CASES, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.

**BORROWER:** Placer County Land Speculators, LLC
By: USA Investors II, LLC, Manager
By: USA Investment Partners, LLC, its Manager

By: _____
Joseph D. Milanowski, Manager

6

# EXHIBIT "A"

## LENDERS

| | Names | Amount |
|---|---|---|
| 1. | Premiere Holdings Inc. Defined Benefit Pension Plan & Trust | $50,000 |
| 2. | Wara L.P., a Pennsylvania limited partnership | $100,000 |
| 3. | Arthur V. Adams Trustee of the Arthur V. Adams Trust dated 9/12/97 | $50,000 |
| 4. | Kenneth Addes & Victoria Addes, Co-Trustees of the Addes Trust | $100,000 |
| 5. | Stanley Alexander Trustee of the Stanley Alexander Trust | $100,000 |
| 6. | Alvin L. Allen & Valerie Allen, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 7. | Robert L. And Donna L. Allgeier Trustees of the R.L. Allgeier Family Trust dated 10/4/97 | $50,000 |
| 8. | Arnold Alves & Agnes Alves Trustees of the Alves Family Trust dated 10/27/89 | $100,000 |
| 9. | Charles B. Anderson Trustee of the Charles B. Anderson Trust | $200,000 |
| 10. | First Savings Bank Custodian for Larry H. Anderson IRA | $300,000 |
| 11. | Rita P. Anderson Trustee FBO Rita P. Anderson Trust | $100,000 |
| 12. | Steven K. Anderson Trustee of the Steven K. Anderson Family Trust dated 6/30/94 | $50,000 |
| 13. | Joan M. Arends Trustee of the Arends Family Trust | $50,000 |
| 14. | William P. Austin & Mary Lee Austin, as joint tenants with right of survivorship | $50,000 |
| 15. | Gemini 5 Family Limited Partnership, Darrin Badger General Partner | $500,000 |
| 16. | Stanley J. Baldwin & Patricia A. Baldwin, husband & wife, as joint tenants with right of survivorship | $200,000 |
| 17. | Pedro Luis Barroso & Carol Ann Barroso Trustees for the benefit of Pedro L. & Carol A. Barroso Trust dated 11/29/90 | $50,000 |
| 18. | Teresa Anne Bell Trustee of the Teresa Anne Bell Living Trust | $50,000 |
| 19. | Dorothy Bennett, a single woman & Robert Bennett, a married man dealing with his sole & separate property, as joint tenants with right of survivorship | $50,000 |
| 20. | Virgil L. Birgen & La Donna F. Birgen Trustees of the Birgen Charitable Trust dated 8/1/90 | $50,000 |
| 21. | First Savings Bank Custodian for Albert Blumenthal IRA | $50,000 |
| 22. | James R. Bonfiglio & Donna M. Bonfiglio Trustees of the Bonfiglio Family Limited Partnership | $100,000 |
| 23. | Charles E. Borom & Lanna G. Borom, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 24. | Helena A. Bova, a single woman | $50,000 |
| 25. | Richard L. Bowman Trustee for the benefit of The Bowman 1989 Revocable Trust | $50,000 |
| 26. | Larry R. Brasuell & Susan L. Brasuell Trustees of The Larry R. & Susan L. Brasuell 1996 Living Trust dated 7/22/96 | $50,000 |

7

| 27. | Glen J. Brecht & Janine K. Brecht Trustees of the Glen J. Brecht Trust dated 1/24/86 | $75,000 |
|---|---|---|
| 28. | Marshall J. Brecht & Janet L. Brecht Trustees of the Marshall J. Brecht Trust dated 2/5/86 | $100,000 |
| 29. | Hannah Brehmer, an unmarried woman & Marti McAllister, a married woman, as joint tenants with right of survivorship | $100,000 |
| 30. | Roger C. Bruce, a single man | $50,000 |
| 31. | Neil G. Buckwald Trustee of the Buckwald Revocable Trust dated 2/11/92 | $50,000 |
| 32. | Dr. Joselito Tan Burgos, a single man | $50,000 |
| 33. | Evelyn A. Calhoun, an unmarried woman with Transfer on Death to Dale E. Calhoun | $50,000 |
| 34. | William C. Campbell & Lois M. Campbell Trustees of the 2001 Campbell Family Trust dated 10/03/01 | $50,000 |
| 35. | Louis John Canepa Trustee of the Louis John Canepa Revocable Trust dated 6/18/98 | $50,000 |
| 36. | Scott K. Canepa Charitable Supporting Organization | $1,250,000 |
| 37. | John R. Cangelosi & Margaret M. Cangelosi, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 38. | James Cardwell & Reba Cardwell Trustees of the Cardwell Family Trust | $600,000 |
| 39. | Don F. Carrier & Sara L. Carrier Trustees of the Carrier Family Trust dated 8/9/91 | $50,000 |
| 40. | Douglas Carson Trustee of the Douglas W. Carson Trust | $100,000 |
| 41. | Ronald R. Carter & Leslie A. Carter Trustees of the Ronald R. Carter & Leslie A. Carter Revocable Trust dated 10/24/91 | $50,000 |
| 42. | Maurice A. Cauchois & Jacqueline M. Cauchois Trustees of the M & J Cauchois Family Trust dated 2/25/93 | $50,000 |
| 43. | Michael W. Cecil, a married man dealing with his sole & separate property | $55,000 |
| 44. | Frank A. Cerrone & Shari L. Cerrone Trustees of The Cerrone Family Trust dated 1/26/96 | $50,000 |
| 45. | Ray L. Coffin & Toni H. Coffin, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 46. | Shirley M. Collins Trustee as her sole & separate property under the Collins Family Trust dated 1/29/93 | $75,000 |
| 47. | Pamela Conboy, an unmarried woman | $50,000 |
| 48. | June Cook Trustee of the Alvin Broido Marital Trust U/A dated 4/24/72 | $50,000 |
| 49. | Harold Corcoran & Joyce Corcoran, husband & wife, as joint tenants with right of survivorship | $110,000 |
| 50. | James B. Corison Trustee of the James B. Corison Trust dated 12/3/98 | $100,000 |
| 51. | Iris G. Corley Trustee of the Iris G. Corley Trust dated 9/19/84 | $50,000 |
| 52. | Sam Costanza, Trustee of The Costanza 1987 Decedent's Trust | $100,000 |
| 53. | Howard L. Craig & Frankye D. Craig Trustees of the Craig Living Trust dated 08/10/00 | $100,000 |
| 54. | Shelley Wike Cranley Trustee of The S.W. Cranley Revocable Trust dated 2/20/03 | $100,000 |

| | | |
|---|---|---|
| 55. | Richard N. Dahlke, a married man dealing with his sole & separate property | $50,000 |
| 56. | Davis Investments, a Nevada partnership | $50,000 |
| 57. | Donna Lou Denny Trustee of The Denny 1983 Marital Trust dtd 2/14/83 | $100,000 |
| 58. | James D. Dery & Ann R. Dery, husband & wife | $75,000 |
| 59. | Tamara Dias Trustee for the Helms Grandchildren Educational Trust FBO Jarod Dias dated 7/21/98 | $100,000 |
| 60. | Tamara Dias Trustee of the Separate Property Trust of Tamara Dias dated 12/04/00 | $100,000 |
| 61. | Robert DiBias & Louise G. Sherk Trustees of the Louise G. Sherk, MD a medical corporation, Employee Benefit Plan Trust | $50,000 |
| 62. | Ronald O. Dixon & Heidi R. Dixon, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 63. | Pat A. Dolce, a married man dealing with his sole & separate property | $50,000 |
| 64. | D. Joseph Doucet & Louise M. Doucet Trustees of the D. Joseph & Louise M. Doucet 1989 Trust dated 3/30/89 | $55,000 |
| 65. | Mary E. Dunlop Trustee of the Mary E. Dunlop 1992 Trust dated 7/29/03 | $50,000 |
| 66. | Mark L. Eames & Sandy K. Eames, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 67. | John D. Eichhorn & Jill A. Eichhorn, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 68. | Allan R. Eisenbach & Jayne M. Eisenbach, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 69. | Robert Essaff & Cindy H. Essaff Trustees of the Essaff Family Trust dated 6/18/02 | $200,000 |
| 70. | William H. Favro & Carol M. Favro Trustees of the Favro Trust dated 9/14/00 | $75,000 |
| 71. | Paul Fedrizzi & Jane E. Fedrizzi, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 72. | Larry Fernandez Trustee of the Fernandez Family Trust dated 6/20/84 | $50,000 |
| 73. | Carol A. Fischer Trustee of the Fischer Trust dated 1/6/92 | $50,000 |
| 74. | Mildred Fischermann, a single woman & Stanley Ferraro & Florence Ferraro, husband & wife, as joint tenants with right of survivorship | $60,000 |
| 75. | John R. Fleiner & Karen M. Fleiner, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 76. | Donald T. Flood & Betty R. Flood Trustees of the Flood Family Trust dated 12/24/85 | $50,000 |
| 77. | Fraley Limited Partnership, a Nevada limited partnership | $100,000 |
| 78. | Gregory L. Freeman Trustee of the Lillian M. Freeman Trust dated 5/31/85 | $55,000 |
| 79. | Gail A. Freitas Trustee of the Gail A. Freitas Revocable Trust dtd 6/20/03 | $50,000 |
| 80. | David Fuller & Monica Fuller Trustees of the David R. Fuller & Monica D. Fuller Trust | $60,000 |
| 81. | Jerry L. Gage & Darlene C. Gage Trustees of the Dakota Trust dtd 9/16/96 | $100,000 |

| | | |
|---|---|---|
| 82. | Brian K. Gallagher & Mariateresa Gallagher, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 83. | Anthony V. Gambello & Elizabeth Gambello Trustees of the Gambello Trust | $50,000 |
| 84. | Elmer Eugene Gilbert, Jr., a married man dealing with his sole & separate property | $50,000 |
| 85. | Lynn M. Gillmore & Jimmy D. Gillmore, husband & wife | $50,000 |
| 86. | Gale Gladstone-Katz Trustee of the Gale Gladstone-Katz Revocable Living Trust dated 12/10/03 | $75,000 |
| 87. | Jo M. Gledhill Trustee of the Gledhill Revocable Family Trust | $50,000 |
| 88. | Nancy Golden, a married woman dealing with sole & separate property | $50,000 |
| 89. | Jack Goldenthal & Sylvia Goldenthal, husband & wife, as joint tenants with right of survivorship | $200,000 |
| 90. | Barry J. Goldstein & Patricia B. Goldstein, as joint tenants with right of survivorship | $50,000 |
| 91. | Sylvia M. Good Successor Trustee under the Sylvia M. Good Survivor's Trust established under the Sam Good Family Trust dated 6/25/86, amended & restated 3/14/91 as amended | $50,000 |
| 92. | Nancy L. Gouveia Trustee of the Nancy L. Gouveia Trust dated 10/23/98 | $60,000 |
| 93. | Noel S. Gouveia, a married man dealing with his sole & separate property | $50,000 |
| 94. | Robin B. Graham Trustee of the Graham Family Marital Trust B dated 2/13/97 | $100,000 |
| 95. | First Savings Bank Custodian for Michael H. Greeley IRA | $100,000 |
| 96. | Bernie Gregorio & Corazon S. M. Gregorio, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 97. | Charles T. Hamm & Sandra L. Hamm, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 98. | Darlene Hammond Trustee of the Dar Living Trust dated 2/12/03 | $50,000 |
| 99. | John A. M. Handal, a single man | $50,000 |
| 100. | MLH Family Investment Limited, a Texas company | $300,000 |
| 101. | Waldemar Hanslik & Katharina Hanslik Trustees of the Hanslik Family Trust dated 12/23/91 | $70,000 |
| 102. | Roger N. Havekost, a married man dealing with his sole & separate property | $50,000 |
| 103. | Helms Homes, LLC, a Nevada limited liability company | $200,000 |
| 104. | Terry Helms Trustee of the Terry Helms Living Trust dated 11/11/94 | $200,000 |
| 105. | Jay E. Henman Trustee of the Jay E. Henman Retirement Plan | $100,000 |
| 106. | Patricia A. Herrin & Terry W. Royder, wife & husband, as joint tenants with right of survivorship | $100,000 |
| 107. | Roy H. Hibdon & Oma C. Hibdon, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 108. | Michael Hilgenberg & Shellie Hilgenberg, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 109. | Maureen A. Hjelte & G. Craig Hjelte, husband & wife, as joint tenants with right of survivorship | $50,000 |

| | | |
|---|---|---|
| 110. | Fred Holland & Marjorie Holland Trustees of the Holland Family Trust dated 1993 | $50,000 |
| 111. | Jason L. Holt & Sally A. Holt, husband & wife, as joint tenants with right of survivorship | $65,000 |
| 112. | Homfeld II, LLC, a Florida limited liability company | $200,000 |
| 113. | Earl Howsley, a married man dealing with his sole & separate property | $50,000 |
| 114. | Jack Humphry & Alice Humphry Trustees of the Humphry 1999 Trust | $75,000 |
| 115. | Leslie Irwin, a single woman | $50,000 |
| 116. | Evelyn A. Ives Trustee of the Mevin J. Ives & Evelyn A. Ives QTIP Trust | $150,000 |
| 117. | First Savings Bank Custodian for Mary Jellison, IRA | $100,000 |
| 118. | Everett H. Johnston Trustee of the Everett H. Johnston Family Trust dated 1/24/90 | $100,000 |
| 119. | Maurice Jones & Marlene Y. Jones Trustees of the Jones Family Trust dated 9/3/98 | $50,000 |
| 120. | William J. Kassel Trustee of the Kassel 1988 Trust | $50,000 |
| 121. | Christina M. Kehl, an unmarried woman | $200,000 |
| 122. | Kehl Development, an Iowa corporation | $500,000 |
| 123. | Kevin A. Kehl, a married man dealing with his sole & separate property | $150,000 |
| 124. | Krystina Kehl, a single woman | $500,000 |
| 125. | Robert J. Kehl & Ruth Ann Kehl, husband & wife, as joint tenants with right of survivorship | $2,000,000 |
| 126. | Carol A. Kelly, a single woman | $50,000 |
| 127. | Marsha Kendall Trustee of the David A. Gean Revocable Trust dtd 4/3/92 | $150,000 |
| 128. | Melvin W. Kerner Trustee of the Kerner Revocable Trust B dated 3/16/81 | $50,000 |
| 129. | Norma M. Kerner Trustee of the Eugene H. & Norma M. Stokes Trust dated 5/16/84 | $50,000 |
| 130. | Mildred P. Kesler Trustee of the Lindsey H. Kesler Family Revocable Trust dated 10/15/80 | $85,000 |
| 131. | Clawiter Associates, LLC, a California limited liability company | $50,000 |
| 132. | Dunham Trust Company Trustee of the Frederick W. Kewell IRA | $75,000 |
| 133. | Frederick W. Kewell Trustee of the Barbara J. Kewell Trust dated 7/18/89 | $50,000 |
| 134. | Frederick W. Kewell, II Trustee of the Kewell Living Trust dated 7/18/89 | $50,000 |
| 135. | Travis L. Killebrew & Lorna F. Killebrew, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 136. | Edward H. Kim, an unmarried man | $50,000 |
| 137. | Walter Klevay & Gail Klevay, husband & wife | $50,000 |
| 138. | Bernard A. Kloenne Trustee of the Bernard Kloenne Living Trust dated 10/10/86 | $50,000 |
| 139. | Ronald Kreykes & Linda Kreykes, husband & wife, as tenants in common | $200,000 |
| 140. | Jester, LP, a Nevada limited partnership | $50,000 |
| 141. | Jor Law, a single man | $50,000 |
| 142. | James W. Lehr & Julie Anne Lehr, husband & wife, as joint tenants with right of survivorship | $65,000 |
| 143. | Larry D. Lehrmann & Kathleen F. Lehrmann Trustees of the Lehrmann Family Trust dated 4/19/96 | $60,000 |

| | | |
|---|---|---|
| 144. | Richard Glenn Leiby & Carol K. Leiby, Trustees of the Leiby Family 1992 Trust dated 7/8/92 | $50,000 |
| 145. | Bruce R. LeMar, an unmarried man | $50,000 |
| 146. | William H. Lenhart Trustee of the William H. Lenhart Living Trust | $50,000 |
| 147. | James H. Lidster & Phyllus M. Lidster Trustees of the James H. Lidster Family Trust dated 1/20/92 | $50,000 |
| 148. | Anna Lieblein, an unmarried woman & John Drakoules, an unmarried man | $100,000 |
| 149. | Steve Lindquist Trustee of the Steve Lindquist Charitable Remainder Unit Trust dated 9/9/96 | $60,000 |
| 150. | Edward G. Loughlin, an unmarried man & Thelma E. Guevara, an unmarried woman, as joint tenants with right of survivorship | $100,000 |
| 151. | R. Lance Loughlin, a married man dealing with his sole & separate property | $100,000 |
| 152. | Henri L. Louvigny & Marcelle A. Louvigny Co-Trustees of the Henry L. Louvigny & Marcelle A. Louvigny Family Trust dated 10/18/84 | $50,000 |
| 153. | B. Sue Luthi Trustee of the B. Sue Luthi Trust dated 7/9/97 | $50,000 |
| 154. | B & W Precast Construction, Inc., a California corporation | $200,000 |
| 155. | Edward D. Lynch, a single man | $100,000 |
| 156. | Thomas D. Lynch Trustee of The Thomas D. Lynch 1995 Revocable Living Trust | $100,000 |
| 157. | Terry Markwell Trustee of the Terry Markwell Profit Sharing Plan & Trust | $50,000 |
| 158. | Michael C Maroko & Haviva Maroko Trustees of the Michael C Maroko & Haviva Maroko 2001 Revocable Intervivos Trust dated 12/19/01 | $100,000 |
| 159. | JV Marrone Trustee for the benefit of The JV Marrone Revocable Trust dated 12/12/95 | $50,000 |
| 160. | Morris Massry, a married man dealing with his sole & separate property | $100,000 |
| 161. | James M. McConnell & M. Fay McConnell, husband & wife, as joint tenants with right of survivorship | $120,000 |
| 162. | J. Richard McMichael & Karen L. McMichael Trustees of the McMichael Living Trust dated 12/16/88 | $50,000 |
| 163. | William L. McQuerry Trustee of the McQuerry Family Partnership | $50,000 |
| 164. | Don D. Meyer, an unmarried man & Dennis E. Hein, an unmarried man, as joint tenants with right of survivorship | $50,000 |
| 165. | Michaelian Holdings, LLC, a Nevada limited liability company | $50,000 |
| 166. | Gary A. Michelsen, an unmarried man | $100,000 |
| 167. | Patricia A. Middel Trustee of the Middel Separate Property Revocable Living Trust dated 11/7/00 | $50,000 |
| 168. | Robert D. Mierau & Sandra J. Mierau Trustees of the Mierau Living Trust dated 9/14/98 | $100,000 |
| 169. | Cynthia Milanowski Trustee of the Cynthia Milanowski Trust | $50,000 ° |
| 170. | Monighetti, Inc., a Nevada corporation | $150,000 |
| 171. | Wesley L. Monroe & Jeannie M. Monroe, joint tenants with right of survivorship | $100,000 |

12

| | | |
|---|---|---|
| 172. | Albert Montero Trustee of the Albert Montero Family Trust U/A dated 11/3/94 | $100,000 |
| 173. | William L. Montgomery, Jr., an unmarried man | $50,000 |
| 174. | James Michael Moore & Jody C. Moore, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 175. | Robert J. Moretto & Josephine Moretto Trustees of the Moretto Family Living Trust dated 9/19/94 | $50,000 |
| 176. | Adelaide Moschogianis, an unmarried woman & Christine Moschogianis, an unmarried woman | $50,000 |
| 177. | GSL Investments LLC, a Nevada Company | $50,000 |
| 178. | Elaine Mullin Trustee for the benefit of Elaine P. Mullin Trust dtd 8/6/90 | $50,000 |
| 179. | Denise A. Murphy, a single woman | $50,000 |
| 180. | Marvin Lynn Nicola Trustee of the Marvin Lynn Nicola Faimly Trust dated 6/13/78 | $50,000 |
| 181. | Olga O'Buch Trustee of the Olga O'Buch Trust dated 5/28/98 | $50,000 |
| 182. | Gary J. O'Hara & Janice D. O'Hara Co Trustees of the O'Hara Family Trust dated 2/26/93 | $70,000 |
| 183. | Douglas O'Herron & Nancy O'Herron Trustees of the Douglas & Nancy O'Herron Revocable Trust dated 4/2/02 | $50,000 |
| 184. | William W. Ogren & Betty R. Ogren, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 185. | Jennefer Cole Peele Trustee of the Peele Bypass Trust dated 2/10/87 | $50,000 |
| 186. | Michael Pezzano & Lisa Pezzano, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 187. | Phil L. Pfeiler & Loy E. Pfeiler, husband & wife, as joint tenants with right of survivorship | $200,000 |
| 188. | Michael Eugene Pinney, a single man | $50,000 |
| 189. | Stephen Polacheck Trustee of the Polacheck & Associates, Inc. Profit Sharing Plan dated 2/20/73 | $100,000 |
| 190. | Jack Polen Trustee of the Jack & Gladys Polen Family Trust dated 6/28/88 | $50,000 |
| 191. | Sheldon Portman & Marion G. Portman Trustees of the Sheldon & Marion G. Portman Trust dated 11/01/85 | $100,000 |
| 192. | Helmut O. Przystaw & Erika L. Przystaw, joint tenants with right of survivorship | $50,000 |
| 193. | Dennis Raggi, a married man dealing with his sole & separate property | $100,000 |
| 194. | Rains Properties, LP, a Nevada limited partnership | $350,000 |
| 195. | First Savings Bank FBO Robert E. Ray IRA | $100,000 |
| 196. | Elan Reddell Trustee of the Elan Reddell Revocable Living Trust dated 8/4/03 | $100,000 |
| 197. | Donald E. Redmon & Jaylyle Redmon Trustees of the Donald E. Redmon & Jaylyle Redmon Family Trust dated 10/31/95 | $50,000 |
| 198. | Orban H. Reich Trustee of the Orban H. Reich Trust dated 12/27/00 | $50,000 |
| 199. | Lawrence H. Reynolds & Jayne L. Reynolds, husband & wife, as joint tenants with right of survivorship | $60,000 |

13

| | | |
|---|---|---|
| 200. | Larry L. Rieger & Patsy R. Rieger Trustees of the Larry L. Rieger & Patsy R. Rieger Revocable Trust dated 8/14/91 | $200,000 |
| 201. | Rachel Riehle, an unmarried woman | $50,000 |
| 202. | Nancy K. Rivard & David L. Olden Trustees of the Nancy Kathryn Rivard & David Lee Olden Trust dated 7/20/83 | $50,000 |
| 203. | Blair E. Roach & Barbara K. Roach, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 204. | Robert W. Roberts & Donna R. Roberts, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 205. | Alan Robinson & Gail Robinson, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 206. | Saul Roisentul & Ilene Roisentul Trustees of the Roisentul Family Trust | $75,000 |
| 207. | Crosbie B. Ronning, a single woman | $50,000 |
| 208. | Grable B. Ronning, an unmarried woman | $85,000 |
| 209. | Grable B. Ronning Trustee of the Bosworth 1988 Family Trust for the benefit of Eric Ronning dated 11/4/88 | $50,000 |
| 210. | Stuart J. Ross, a married man dealing with his sole & separate property & Heather Goolsby, a married woman dealing with her sole & separate property, as joint tenants with right of survivorship | $60,000 |
| 211. | Robert J. Rossetter & Jane L. Rossetter, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 212. | Dr. Toya V. Russell, a single woman | $100,000 |
| 213. | Barbara M. Sanchez Trustee of The Barbara M. Sanchez 2002 Revocable Living Trust dated 4/4/02 | $50,000 |
| 214. | First Savings Bank Custodian For Randy Sanchez IRA | $50,000 |
| 215. | Randy M. Sanchez & Sharon Sanchez Trustees of the Sanchez Living Trust dated 10/13/03 | $50,000 |
| 216. | First Savings Bank Custodian for Karen E. Sass IRA | $50,000 |
| 217. | Arthur P. Schnitzer & Lynn S. Schnitzer Trustees of the Schnitzer Living Trust dated 10/29/91 | $300,000 |
| 218. | Edward Schreiber & Sally Schreiber Trustees of the Schreiber Family Trust | $55,000 |
| 219. | Alvina Agatha Sedlak Trustee of the Alvina Agatha Sedlak Living Trust dated 6/23/04 | $50,000 |
| 220. | Carey B. Sigmen & Lisa K. Sigmen Trustees of The Carey B. Sigmen & Lisa K. Sigmen Trust dated 3/3/97 | $50,000 |
| 221. | Alan R. Simmons & Judith B. Simmons, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 222. | Emery T. Smith & Mary C. Smith, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 223. | Robert D. Smith, an unmarried man & Jane Feld, an unmarried woman, as joint tenants with right of survivorship | $50,000 |
| 224. | Woodrow Smith & Mary Alyce Smith, as joint tenants with right of survivorship | $50,000 |

| | | |
|---|---|---|
| 225. | Bruce Sonnenberg & Rosemary Sonnenberg, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 226. | Robert Speckert Trustee of the Robert S. Speckert Rev. Living Trust dated 6/11/92 | $80,000 |
| 227. | Clifton H. Spindle & Verna R. Spindle, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 228. | Floyd M. Spindle, an unmarried man with transfer on death to A. Cherryl Sergeant | $100,000 |
| 229. | Stater Family Ltd Partnership | $250,000 |
| 230. | Neal J. Stehly & Kam E. Stehly Trustees of the Neal & Kam Stehly Family Trust dated 1/8/00 | $100,000 |
| 231. | Nicholas A. Steinmetz & Cynthia M. Steinmetz Trustees of the 2001 Steinmetz Family Trust | $50,000 |
| 232. | Nicole Steinmnetz, a single woman | $50,000 |
| 233. | Gordon N. Stimpson & Marjorie I. Stimpson Co-Trustees of The Stimpson Family Trust | $50,000 |
| 234. | Jacqueline S. Stroehmann, an unmarried woman | $50,000 |
| 235. | Leland K. Swanson & Lena M. Swanson Trustees of the Swanson Family Trust dated 9/14/94 | $60,000 |
| 236. | Michael Tarr, a single man | $50,000 |
| 237. | Gary N. Taylor Trustee of the Gary N. Taylor PSP | $100,000 |
| 238. | KTaylorGO Investments, LTD, a Texas company | $100,000 |
| 239. | First Savings Bank Custodian For Louise Teeter IRA Rollover | $50,000 |
| 240. | Norman Teeter, a single man | $100,000 |
| 241. | Douglas Tichenor & Susan Tichenor, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 242. | John M. Tripp Trustee of the Tripp Family Trust 1997 | $50,000 |
| 243. | Augustine Tuffanelli Trustee of the Augustine Tuffanelli Family Trust dated 7/26/94 | $50,000 |
| 244. | Shirley Jean Tuffanelli Trustee of the Shirley Jean Tuffanelli Trust dated 6/18/91 | $50,000 |
| 245. | Louis H. Turner & Shirley M. Turner Trustees of the Louis H. & Shirley M. Turner Family Trust dated 9/9/97 | $50,000 |
| 246. | Turner Development, LLC, a California limited liability company | $100,000 |
| 247. | Robert W. Ulm, an unmarried man | $50,000 |
| 248. | Nevada Trust Company Custodian for Cal-Mark Beverage Company Defined Benefit Plan | $100,000 |
| 249. | USA Commercial Mortgage | $913,000 |
| 250. | First Savings Bank Custodian for Peggy Ann Valley IRA | $90,000 |
| 251. | Jay C. McLaughlin & Peggy Ann Valley Trustees of the McLaughlin-Valley Trust dated 2/24/97 | $100,000 |
| 252. | Lloyd F. Van Sickle Trustee of The Van Sickle Family Trust dtd 5/20/99 | $100,000 |
| 253. | Kenneth B. Van Woert Trustee of the Sheehan Van Woert Bigotti Architects 401(k) PSP & Trust dated 7/1/98 | $50,000 |

| | | |
|---|---|---:|
| 254. | Kip E. Virts & Melissa A. Virts, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 255. | Linda C. Vlautin Trustee of the Linda C. Vlautin Trust dated 10/31/01 | $50,000 |
| 256. | Wolf Dieter Voss & Claudia Voss Trustees of The Voss Family Trust dated 10/4/99 | $125,000 |
| 257. | Robert R. Wade & Shirley E. Wade, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 258. | John H. Warner, Jr. & Linda M. Warner Trustees of The Warner Family Trust dated 3/17/00 | $75,000 |
| 259. | First Trust Company of Onaga C/F Frank Wasko Beneficiary for Stephanie Wasko IRA | $62,000 |
| 260. | Dean Watson, a married man dealing with his sole & separate property | $50,000 |
| 261. | Donna Webb, a single woman | $50,000 |
| 262. | Ardis Weible & Dean F. Weible Co-Trustees of the Weible 1981 Trust dated 6/30/81 | $50,000 |
| 263. | John Austin Werthing, Sr. & Sallie Mae Werthing Trustees of the Werthing Senior Family Trust UAD 10/22/01 | $50,000 |
| 264. | Gerald W. Wickland & Irene F. Wickland Co-Trustees of the Wickland Family Trust dated 2/10/81 | $70,000 |
| 265. | William D. Wickland & Victoria R. Wickland, husband & wife, as joint tenants with right of survivorship | $60,000 |
| 266. | Edna P. Wilson, a married woman & Sloan D. Wilson, an unmarried man, as joint tenants with right of survivorship | $50,000 |
| 267. | Albert Winemiller Inc. | $100,000 |
| 268. | Debra Ann Winemiller, a married woman dealing with her sole & separate property | $50,000 |
| 269. | Cynthia A. Winter, a married woman dealing with her sole & separate property | $100,000 |
| 270. | Jerry Woldorsky, a married man dealing with his sole & separate property | $50,000 |
| 271. | Richard Woldorsky, a single man | $50,000 |
| 272. | Richard D. Wood Trustee of the Wood Living Trust dated 10/1/99 | $90,000 |
| 273. | Melvin B. Wright & Susan D. Wright Trustees of the S.B. Wright Family Trust dated 12/28/94 | $50,000 |
| 274. | Kenneth H. Wyatt & Phyllis P. Wyatt Trustees of The Kenneth H. & Phyllis P. Wyatt Family Trust | $50,000 |
| 275. | Ernie C. Young Trustee of The Ernie C. Young Living Trust dated 9/23/96 | $100,000 |
| 276. | Joseph G. Zappulla & Carol A. Zappulla, husband & wife, as joint tenants with right of survivorship | $75,000 |
| 277. | Zawacki, a California LLC | $100,000 |
| 278. | Teresa G. Zeller Trustee of the Teresa G. Zeller Trust | $50,000 |
| 279. | Franz J. Zimmer Trustee of the Franz J. Zimmer Revocable Trust dated 02/05/97 | $75,000 |
| 280. | Raymond J. Zurfluh, Jr. & Shirley J. Zurfluh, husband & wife, as joint tenants with right of survivorship | $65,000 |
| | TOTAL | $27,500,000 |