3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>**SECOND OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED IN PART UPON INVESTMENT IN THE GARDENS TIMESHARE LOAN**<br><br>Hearing Date:   August 30, 2011<br>Hearing Time:   10:30 a.m.<br>Estimated Time for Hearing: 10 minutes |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing in part the Proofs of Claim listed in **Exhibit A**. These claims were filed by investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") based upon an investments in multiple loans, including a loan to The Gardens, LLC, a Florida limited liability company ("Borrower"). This loan was sometimes referred to as the "Gardens LLC Timeshare Loan" and that is how the Trust will refer to it here. This Objection is supported by the Court's record and the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of Omnibus

2422934.1

Objections to Proofs of Claim Based Upon the Investment in the Gardens LLC Timeshare Loan. (the "Berman Decl." and "Burr Decl.").

<u>THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDERS' RIGHTS TO REPAYMENT ON THE GARDENS LLC TIMESHARE LOAN, SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF THE REAL PROPERTY SECURING THE GARDENS LLC TIMESHARE LOAN OR SHARE IN THE RECOVERY OF ANY FUNDS FROM THE GUARANTOR FOR THE LOAN.</u>

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND FACTS

#### a. The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this

Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Gardens LLC Timeshare Loan. The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[1] By Order entered on July 19, 2010 by

---

[1] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Clear Lake SPE LLC, and Shamrock SPE LLC.

the Hon. Robert C. Jones in the Asset Resolution Case, the servicing rights for 19 loans were transferred to Cross, FLS. The Gardens LLC Timeshare Loan, however, was not among the loans whose servicing rights were transferred to Cross, FLS.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/ARC or their successors, including the trustee in bankruptcy for ARC. The following is the extent of the USACM Trust's information on the current servicing and status of the Gardens LLC Timeshare Loan.

### b. The Gardens LLC Timeshare Loan

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for a construction loan to a borrower identified as "The Gardens, LLC." A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. (Berman Decl., ¶ 4.) The total loan amount proposed was $5,800,000. The loan proceeds were to be used by Borrower to construct 18 timeshare units located on Rock Lake in Orlando, Florida, 50% of which were already reserved. The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on approximately 3.5 acres of land located on Rock Lake. (Berman Decl., ¶ 4.) In addition, the investment would also be secured by a subordinated deed of trust on an adjacent resort, and a second deed of trust on 5.5 acres of vacant land planned for an additional 146 timeshare units. (Berman Decl., ¶ 4.) The Offer Sheet indicated that the loan to value ratio would be approximately 64% of the gross sell out value. (Berman Decl., ¶ 4.) This loan to value ratio was supported by an appraisal dated September 29, 2005 located in USACM's file and prepared by Integra Realty Resources. (Berman Decl., ¶ 4.)

4

2422934.1

On March 24, 2004, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Mortgage" (the "Note") and a Construction Loan Agreement (Berman Decl., ¶ 5.)  The Note and Construction Loan Agreement provided for a loan in the initial principal amount of $1,500,000.00, with potential subsequent advances up to $5,800,000.  (Berman Decl., ¶ 5.)  The Loan Agreement provides that the loan was intended for Borrower to acquire and develop real property.  (Berman Decl., ¶ 5.)  The Note was secured by a "Mortgage, Security Agreement and Assignment of Rents" ("Mortgage") that was recorded in the official records of Orange County, Florida, on April 23, 2004 at Instrument Number 20040241451, as were subsequent amendments thereto to secure additional advances as well as subsequent Direct Lenders who funded those advances.  (Berman Decl., ¶ 5.)[2]  The Mortgage stated that it imposed a first priority lien on property described as Parcels 2 and 3, and a second position lien on property described as Parcel 1.[3]  (Berman Decl., ¶ 5.)  The Note was also secured by a "Mortgage, Security Agreement and Assignment of Rents" that was expressly stated to be in "Third position" on property separate and apart from that covered by the Mortgage.[4]  (Berman Decl., ¶ 5.)  The Note was also supported by an Unconditional Repayment and Completion Guaranty signed by Gerald Cadesky and M. Donald Granatstein on March 24, 2004.   (Berman Decl., ¶ 5.)

---

[2] The only Direct Lender identified in the original Note and Mortgage was USA Capital Diversified Trust Deed Fund.  Subsequently, Direct Lenders identified in Exhibit A funded additional advances.  Those additional Direct Lenders included USA Capital First Trust Deed Fund.  The amount of the loan made by USA Capital Diversified Trust Deed Fund begins as $1,500,000 and is later reduced to $315,000.  The amount of the loan made by USA Capital First Trust Deed Fund is listed as $1,800,000.  The claim of the USA Capital First Trust Deed Fund was resolved pursuant to the Order confirming the joint Plan and the USA Capital Diversified Trust Deed Fund claim was resolved by stipulation in March 2008 and are not affected by this claim objection.

[3] It appears that the second position lien was subsequently released pursuant to a Mortgage Modification and Spreader Agreement recorded in Orange County, Florida at Instrument Number 20050571847.  The Spreader Agreement states that additional mortgaged land is being provided as described in Exhibit A, but there is no attached exhibit describing that alleged additional land.  Exhibit A is a list of the direct lenders.

[4] The Note was also secured by a UCC-1 Financing Statement covering the Borrower's personal property, recorded at Instrument Number 20040241453 on April 23, 2004 in the official records of Orange County, Florida.

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was Performing on the Note as of July 31, 2006. (Berman Decl., ¶ 6.) The USACM "Loan Summary" dated February 28, 2007 and filed in this case shows that Borrower was Non-Performing as of that date. (Berman Decl., ¶ 6.)

According to information provided to the USACM Trust, this loan was being serviced by Servicing Oversight Solutions, LLC. Counsel for the Trust has made several calls to Servicing Oversight Solutions to see if it can determine the status of the loan. Servicing Oversight Solutions finally left counsel a voicemail, stating that a "bankruptcy trustee" had taken over servicing, but did not provide additional information. Servicing Oversight Solutions appears to be an affiliate of Asset Resolution and Silar.

During this bankruptcy case until the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders and the confirmed Plan. The USACM Trust has not been able to determine the ultimate disposition of The Gardens LLC Timeshare Loan, the collateral securing that loan or whether the Direct Lenders were repaid in whole or in part.

### c. The Gardens LLC Timeshare Claims

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based in part, upon an investment in the Gardens LLC Timeshare Loan. (Burr Decl. ¶ 7.) **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Gardens LLC Timeshare Loan based upon the information provided by the claimant. (Burr Decl. ¶ 7.) The claims listed in **Exhibit A** are referred to hereafter as the "Gardens LLC Timeshare Claims." As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit C**.

2422934.1

## II. JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III. APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## IV. THE OBJECTION

On its face, the Gardens LLC Timeshare Loan appears to have been a legitimate, arms-length transaction with a third party borrower. The Direct Lenders took a known risk by investing in a promissory note secured by liens on real property.

USACM is not liable for the Borrower's default or any decrease in the value of the collateral.

The Direct Lenders fail to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the Gardens LLC

2422934.1

Timeshare Loan. USACM was under no duty to foreclose on the collateral securing the Gardens LLC Timeshare Loan or take any other action.

This objection will only affect the Direct Lenders' proof of claim to the extent that it is based upon an investment in the Gardens LLC Timeshare Loan. This objection will not affect the proof of claim to the extent it is based upon an investment in a different loan

This objection will not affect the Direct Lenders' right to be repaid on the Gardens LLC Timeshare Loan by the Borrower or to recover from the sale of any collateral that secured the Gardens LLC Timeshare Loan, or any potential cause of action the direct lenders might have against any successive servicer.

## V. CONCLUSION

The USACM Trust respectfully requests that the Court disallow the claims against USACM listed in **Exhibit A** to the extent those claims are based upon an investment in the Gardens LLC Timeshare Loan. This objection concerns only the Gardens LLC Timeshare Loan and not any other claims of any of the Direct Lenders. The USACM Trust also requests such other and further relief as is just and proper.

Dated: July 20, 2011.

LEWIS AND ROCA LLP

By s/John Hinderaker (AZ 18024)
    Robert M. Charles, Jr., NV 6593
    John Hinderaker, AZ 18024 (*pro hac vice*)
    Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
E-mail:  JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent portion of Exhibits mailed by first class postage prepaid U.S. Mail on July 20, 2011 to all parties listed on Exhibit A attached.

LEWIS AND ROCA LLP

s/ Marilyn Schoenike
Marilyn Schoenike