

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>　　　　　　　　　Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>**DECLARATION OF GEOFFREY L. BERMAN IN SUPPORT OF OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED UPON INVESTMENT IN THE GARDENS TIMESHARE LOAN**<br><br>**Date of Hearing:  August 30, 2011**<br>**Time of Hearing:  10:30 a.m.**<br>**Estimated Time for hearing:  10 min**. |

Geoffrey L. Berman declares under penalty of perjury:

1. I am an adult person competent to testify in court.

2. I make this declaration based upon my personal knowledge, and upon the records USA Commercial Mortgage Company.

3. I am the Trustee of the USACM Liquidating Trust ("USACM Trust"), which is an entity created by the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization ("Plan"), in the jointly-administered bankruptcy cases, In re USA Commercial Mortgage Company, BK-S-06-10725-LBR, pending in the United States Bankruptcy Court for the District of Nevada.

4. USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for a construction loan to a borrower identified as "The Gardens, LLC." A copy

2422938.1

of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. The total loan amount proposed was $5,800,000. The loan proceeds were to be used by Borrower to construct 18 timeshare units located on Rock Lake in Orlando, Florida, 50% of which were already reserved. The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on approximately 3.5 acres of land located on Rock Lake. In addition, the investment would also be secured by a subordinated deed of trust on an adjacent resort, and a second deed of trust on 5.5 acres of vacant land planned for an additional 146 timeshare units. The Offer Sheet indicated that the loan to value ratio would be approximately 64% of the gross sell out value. This loan to value ratio was supported by an appraisal dated September 29, 2005 located in USACM's file and prepared by Integra Realty Resources.

5.  On March 24, 2004, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Mortgage" (the "Note") and a Construction Loan Agreement. The Note and Construction Loan Agreement provided for a loan in the initial principal amount of $1,500,000.00, with potential subsequent advances up to $5,800,000. The Loan Agreement provides that the loan was intended for Borrower to acquire and develop real property. The Note was secured by a "Mortgage, Security Agreement and Assignment of Rents" ("Mortgage") that was recorded in the official records of Orange County, Florida, on April 23, 2004 at Instrument Number 20040241451, as were subsequent amendments thereto to secure additional advances as well as subsequent Direct Lenders who funded those advances.[1]

---

[1] The only Direct Lender identified in the original Note and Mortgage was USA Capital Diversified Trust Deed Fund. Subsequently, Direct Lenders identified in Exhibit A funded additional advances. Those additional Direct Lenders included USA Capital First Trust Deed Fund. The amount of the loan made by USA Capital Diversified Trust Deed Fund begins as $1,500,000 and is later reduced to $315,000. The amount of the loan made by USA Capital First Trust Deed Fund is listed as $1,800,000. The claim of the USA Capital First Trust Deed Fund was resolved pursuant to the Order confirming the joint Plan and the USA Capital Diversified Trust Deed Fund claim was resolved by stipulation in March 2008 and are not affected by this claim objection.

The Mortgage stated that it imposed a first priority lien on property described as Parcels 2 and 3, and a second position lien on property described as Parcel 1.[2] The Note was also secured by a "Mortgage, Security Agreement and Assignment of Rents" that was expressly stated to be in "Third position" on property separate and apart from that covered by the Mortgage.[3]  The Note was also supported by an Unconditional Repayment and Completion Guaranty signed by Gerald Cadesky and M. Donald Granatstein on March 24, 2004.

6. The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was Performing on the Note as of July 31, 2006.  The USACM "Loan Summary" dated February 28, 2007 and filed in this case shows that Borrower was Non-Performing as of that date.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 20, 2011

                                                  /s/ *Geoffrey L. Berman*
                                                  Geoffrey L. Berman

Copy of the foregoing (without exhibits)
Mailed by First Class postage prepaid
U.S. Mail on July 20, 2011 to the
Investors listed on Exhibit A.


s/    *Matt Burns*
Matt Burns
Lewis and Roca LLP

---

[2] It appears that the second position lien was subsequently released pursuant to a Mortgage Modification and Spreader Agreement recorded in Orange County, Florida at Instrument Number 20050571847.  The Spreader Agreement states that additional mortgaged land is being provided as described in Exhibit A, but there is no attached exhibit describing that alleged additional land.  Exhibit A is a list of the direct lenders.

[3] The Note was also secured by a UCC-1 Financing Statement covering the Borrower's personal property, recorded at Instrument Number 20040241453 on April 23, 2004 in the official records of Orange County, Florida.

2422938.1