LEWIS AND ROCA LLP LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>**FOURTH OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED IN PART UPON INVESTMENT IN FIESTA/USA STONERIDGE LOAN**<br><br>Date of Hearing: August 30, 2011<br>Time of Hearing: 10:30 a.m.<br>Estimated Time for hearing: 10 min. |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing in part the Proofs of Claim listed in **Exhibit A**. These claims were filed by investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") based upon investments in multiple loans, including a loan to Capital Land Investors, LLC, ("Borrower"). This loan was sometimes referred to as the "Fiesta/USA Stoneridge" and that is how the Trust will refer to it here. This Objection is supported by the Court's record and the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the Fiesta/USA Stoneridge Loan. (the "Berman Decl." and "Burr Decl.")**.**

2424892.1

THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDERS' RIGHTS TO REPAYMENT ON THE FIESTA/USA STONERIDGE LOAN, TO SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF THE REAL PROPERTY SECURING THE FIESTA/USA STONERIDGE LOAN OR TO SHARE IN THE RECOVERY OF ANY FUNDS FROM THE GUARANTOR FOR THE LOAN.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND FACTS

#### a. The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass

Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Fiesta/USA Stoneridge Loan. The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[1] By Order entered on July 19, 2010 by the Hon. Robert C. Jones in the Asset Resolution Case, the servicing rights for 19 loans were transferred to

---

[1] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Anchor B SPE LLC, and Shamrock SPE LLC.

Cross, FLS. The Fiesta/USA Stoneridge Loan was among those loans transferred to Cross FLS Services.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution. The Trust has also been in contact with Cross FLC about certain loans that it is servicing, but Cross FLC is not servicing the Fiesta/USA Stoneridge Loan. The following is the extent of the USACM Trust's information on the current servicing and status of the Fiesta/USA Stoneridge Loan.

### b. The Fiesta/USA Stoneridge Loan

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition loan to a borrower identified as "a joint venture between Fiesta Development, and USA Investment Partners -- an affiliate of USA Capital." A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. (Berman Decl., ¶ 4.) The total loan amount proposed was $10,000,000.00. *Id.* The loan proceeds were to be used by Borrower to complete the acquisition of the real property. *Id.* The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on approximately 640 acres located in Riverside County - just east of Perris, California. *Id.* The Offer Sheet indicated that the loan to value ratio would be approximately 58% of the current value of the property.[2] *Id.*

On September 22, 2003, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Deed of Trust" (the "Note") and a Loan Agreement, (Berman Decl., ¶ 5.) The Note and Loan Agreement provided for a loan in the initial principal amount of $10,000,000.00. *Id.* The Note was

---

[2] The Trustee has been unable to locate an appraisal from 2003 that would support this valuation.

4

2424892.1

secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" ("Deed of Trust") that was recorded in the official records of Riverside County, California on June 22, 2004. (Berman Decl., ¶ 5.) The Offer Sheet indicated that Joe Milanowski and Tom Hantges would personally guarantee repayment of the loan. The Trustee cannot locate a signed personal guarantee from either person, however. (Berman Decl., ¶ 5.)

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Non-performing" on the Note as of July 31, 2006. (Berman Decl., ¶ 6.) The USACM "Loan Summary" dated February 28, 2007 and filed in this case shows that Borrower was "Interest Default". (Berman Decl., ¶ 6.)

On March 22, 2005, the Borrower made and delivered a Loan Extension Agreement signed to USACM. (Berman Decl., ¶ 7.) Tom Hantges and Joe Milanowski signed the Loan Extension Agreement as guarantors. (Berman Decl., ¶ 7.)

On March 29, 2006, the Borrower made and delivered a second Loan Extension Agreement to USACM. (Berman Decl., ¶ 8.) Tom Hantges and Joe Milanowski signed the second Loan Extension Agreement as guarantors. (Berman Decl., ¶ 8.)

Counsel for the Trust has been in touch with Howard Justice of Debt Acquisition Company of America ("DACA") regarding the Fiesta/USA Stoneridge Loan. Mr. Justice indicated that DACA purchased many Direct Lender interests in the loan. Thus, many of the Direct Lenders were compensated in this fashion. Further, Mr. Justice explained that the Promissory Note and Deed of Trust were eventually sold to a third party. Thus, DACA and the remaining Direct Lenders received the value of the underlying collateral to the Fiesta/USA Stoneridge loan. According to Mr. Justice, the terms of the sale are confidential. Although the USACM Trust has determined that the Direct Lenders did receive compensation on this loan, the USACM Trust has not been able to determine whether the Direct Lenders were fully compensated.

2424892.1

### c. The Fiesta/USA Stoneridge Claims

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based in whole or in part upon an investment in the Fiesta/USA Stoneridge Loan.  (Burr Decl. ¶ 7.)  **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Fiesta/USA Stoneridge Loan based upon the information provided by the claimant.  (Burr Declaration ¶ 7.)  The claims listed in **Exhibit A** are referred to hereafter as the "Fiesta/USA Stoneridge Claims."  As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit C**.

## II.   JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.   APPLICABLE AUTHORITY

Under the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).  A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated*

*Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## IV. THE OBJECTION

USA Investment Partners ("USA IP") held an interest in the Borrower and that interest was disclosed on the Offer Sheet described above and attached as **Exhibit B**. As such, and unlike many of the other loans brokered by USACM, the Fiesta/USA Stoneridge Loan was not completely arms' length. However, the Direct Lenders received the first position interest in the collateral securing the loan as promised by the Offer Sheet. In addition, the Direct Lenders took a known risk by investing in a promissory note secured by a lien on real property.

Notwithstanding USA IP's involvement in the transaction, the Fiesta/USA Stoneridge Loan appears to have been a legitimate transaction that was secured by valuable collateral. Additionally, the Direct Lenders recovered on their "secured" claims against the borrower (and not USACM) to the extent of the value of that collateral. The Direct Lenders should not therefore be allowed a general unsecured claim for their investment in the Fiesta/USA Stoneridge loan.

The Direct Lenders fail to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the Fiesta/USA Stoneridge Loan. USACM was under no duty to foreclose on the collateral securing the Fiesta/USA Stoneridge Loan or take any other action.

This objection will only affect the Direct Lenders' proof of claim to the extent that it is based upon an investment in the Fiesta/USA Stoneridge loan. This objection will not affect the proof of claim to the extent it is based upon an investment in a different loan.

## V. CONCLUSION

The USACM Trust respectfully requests that the Court disallow the claims against USACM listed in **Exhibit A** to the extent those claims are based upon an investment in the Fiesta/USA Stoneridge Loan. This objection concerns only the Fiesta/USA Stoneridge Loan and not any other claims of any of the Direct Lenders. This objection will not affect the Direct Lenders rights arising out of the Fiesta/USA Stoneridge promissory note and deed of Trust. The USACM Trust also requests such other and further relief as is just and proper.

Dated: July 22, 2011.

LEWIS AND ROCA LLP

By  s/John Hinderaker (AZ 18024)
  Robert M. Charles, Jr., NV 6593
  John Hinderaker, AZ 18024 (*pro hac vice*)
  Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
E-mail: JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent portion of Exhibits mailed by first class postage prepaid U.S. Mail on July 22, 2011 to all parties listed on Exhibit A attached.

LEWIS AND ROCA LLP

s/Matt Burns

2424892.1