

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>**ELEVENTH OMNIBUS OBJECTION OF USACM TRUST TO UNALLOCATED AMOUNTS OF PROOFS OF CLAIM**<br><br>**Date of Hearing:** August 30, 2011<br>**Time of Hearing:** 10:30 a.m.<br>**Estimated Time for hearing:** 10 min. |

      The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing the Unallocated Amounts of the Proofs of Claim listed in **Exhibit A**. The claims at issue are all multiple loan claims, meaning each claim is based upon investments in more than one loan. When the Trust adds together the partial claims that make up each claim, the sum total is less than the total amount of the claim stated on the face of the proof of claim. The difference between the total of the partial claims and the total amount of the proof of claim is referred to herein as the "Unallocated Amount." This Objection is supported by the Court's record and the Declaration of Edward M. Burr in

2425956.1

Support of Omnibus Objections to Unallocated Claim Amounts (the "Burr Decl.") filed with this objection.

THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDERS' RIGHTS TO REPAYMENT ON THEIR INVESTMENTS OR TO SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF THE REAL PROPERTY SECURING THEIR LOANS.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND FACTS

#### a. The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass

Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Eagle Meadows Loan. The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

### B. The Unallocated Amounts

Sierra Consulting Group, LLC ("Sierra") has been working closely with both the Trustee for the USACM Trust and Development Specialist Inc. ("DSI"), the Trustee's financial advisor, in evaluating all of the claims that were filed in the USACM estate. (Burr Declaration ¶ 6.).

Sierra discovered upon review of the proofs of claim filed in the USACM case that many of them were based on multiple direct lender loans, so in some instances a single proof of claim was actually several claims based on each Direct Lender's investments in multiple loans. Each part of such a claim is referred to as a "Partial Claim." Sierra relied upon the information provided in the proofs of claim to allocate "Partial Claim" amounts to the Direct Lender loans listed in the supporting documentation. Sierra additionally discovered that in some cases the "Partial Claims" did not add up to the claim amount listed on the claim register, "Total Claim Amount." Sometimes "Partial Claims" added up to an amount more than the "Total Claim Amount" and in other instance the" Partial Claims" added up to an amount less than the "Total Claim Amount." Exhibit A to the Burr Declaration lists the proofs of Claim where the sum of its "Partial Claims" is less than the "Total Claim Amount." The "Unallocated Amount" listed on the exhibit is the difference between the "Total Claim Amount" and the sum of its "Partial Claims." (Burr Declaration ¶ 7.)

2425956.1

**Exhibit A,** attached to the Burr Declaration, lists Proofs of Claim in which the amounts referred to in the partial claim(s) is (are) less that the total amount stated on the face of the proof(s) of claim (the "Unallocated Amount"). (Burr Decl. ¶ 8.) **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the amount of the claim that appears to Unallocated based upon the information provided by the claimant. (Burr Declaration ¶ 8.) The claims listed in **Exhibit A** are referred to hereafter as the "Unallocated Claims." As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit B**.

## II.     JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.    APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated*

2425956.1

*Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

### IV. THE OBJECTION

The objection only pertains to the amount of each claim that is not allocated to a particular investment or cause of action as set forth in the proof of claim. As to Unallocated Claims, the claimant has not articulated a theory of liability or damages.

This objection will not affect the Direct Lenders' right to be repaid on an investment by the applicable Borrower, to recover from the sale of any collateral that secured the applicable loan, or to recover on the guaranty supporting the loan. Nor will this objection affect the Direct Lenders claim to the extent that it is clearly based upon an investment in a particular loan.

### V. CONCLUSION

The USACM Trust respectfully requests that the Court disallow the portion of the claims against USACM listed in **Exhibit A** to the extent the total amount claimed on the face of the proof of claim exceeds the amounts set forth in exhibits to the proof of claim, that is the Unallocated Amount. This objection concerns only the Unallocated Amount of the claims and not any other claims of any of the claimants. The USACM Trust also requests such other and further relief as is just and proper.

Dated: July 24, 2011

LEWIS AND ROCA LLP

By  s/*John Hinderaker* (AZ 18024)
    Robert M. Charles, Jr. NV 6593
    John Hinderaker, AZ 18024 (*pro hac vice*)
    Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
E-mail: JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

5

2425956.1

LEWIS AND ROCA LLP LAWYERS

1  Copy of the foregoing and pertinent portion of Exhibits deposited on July 24, 2011 in the U.S. Mail, first class postage prepaid, to all parties listed on Exhibit A attached.
2
3

4    s/    *Matt Burns*
  Matt Burns
5    LEWIS AND ROCA LLP

6

2425956.1