LEWIS AND ROCA LLP LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>                              Debtor. | Case No. BK-S-06-10725-LBR<br><br>CHAPTER 11<br><br>**SECOND OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED UPON INVESTMENT IN THE CABERNET HIGHLANDS LOAN**<br><br>**Date of Hearing: August 30, 2011**<br>**Time of Hearing: 10:30 a.m.**<br>**Estimated Time for hearing: 10 min**. |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order allowing in part and disallowing in part each Proof of Claim listed in **Exhibit A,** attached. These claims were filed by investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") based upon an investment in a loan to Cabernet Highlands, LLC ("Borrower"). This loan was sometimes referred to as the "Cabernet Highlands Loan" and that is how the Trust will refer to it here. There is diverted principal associated with the Cabernet Highlands Loan and, as a threshold matter, the Trust requests an order allowing all diverted principal claims. As to the remainder of

each Cabernet Highlands Claim, the Trust requests an order allowing 20% of the claim and disallowing the remaining 80% of the claim. This Objection is supported by the Court's record and the Supporting Declarations of Geoffrey L. Berman and Edward M. Burr (the "Berman Decl." and "Burr Decl.").

THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDERS' RIGHTS TO REPAYMENT ON THE CABERNET HIGHLANDS LOAN OR TO SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF THE REAL PROPERTY SECURING THE CABERNET HIGHLANDS LOAN. THIS OBJECTION WILL NOT IMPACT THE DIRECT LENDERS' RIGHT TO RECOVER BASED UPON CLAIMS MADE FOR DIVERTED PRINCIPAL RELATED TO THE CABERNET HIGHLANDS LOAN. THERE ARE DIVERTED PRINCIPAL CLAIMS ASSOCIATED WITH THIS LOAN AND THE TRUSTEE WILL ALLOW THOSE CLAIMS TO THE EXTENT NOT ALREADY ALLOWED.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND FACTS

#### a. The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that

USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Cabernet Highlands Loan. The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is

LEWIS AND ROCA LLP LAWYERS

now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[1] William A. Leonard, Jr. was appointed trustee in the Asset Resolution case.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution. The Trust has also been in contract with Cross FLC about certain loans that it is servicing, but Cross FLC is not servicing the Cabernet Highlands Loan.[2] The following is the extent of the USACM Trust's information on the current servicing and status of the Cabernet Highlands Loan.

### b. The Cabernet Highlands Loan

In or around December 2004, USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Cabernet at the Highlands, LLC." A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. (Berman Decl., ¶ 4.) The total loan amount proposed was $3,900,000. *Id.* The Offer Sheet described the investment as a "Subordinated Trust Deed Investment" and noted that the investment would be secured by a subordinated deed of trust on approximately 189 acres located in Reno, Nevada, off of Highway 395 and Golden Valley Road. *Id.*

In February 2005, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Deed of Trust"

---

[1] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Anchor B SPE LLC, and Shamrock SPE LLC.

[2] By Order entered on July 19, 2010 by the Hon. Robert C. Jones in United States Bankruptcy Court (Case No. BK-S-09-32824-RCJ), the servicing rights for 19 loans were transferred to Cross, FLS. The Cabernet Highlands Loan however, was not among the loans whose servicing rights were transferred to Cross, FLS.

2425974.1

(the "Note") and a Loan Agreement. (Berman Decl., ¶ 5.) The Note and Loan Agreement provided for a loan in the initial principal amount of $500,000, with the potential for subsequent increases up to a $2,600,000 loan. *Id.* Pursuant to an April 15, 2005 Loan Modification Agreement, the loan was increased to $3,900,000. *Id.* The Note was secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing (Third Position)" ("Deed of Trust") that was recorded in the official records of Washoe County Recorder, Nevada on March 1, 2005, with subsequent loan increases secured by amendments to the Deed of Trust. *Id.* The Note was also supported by a February 17, 2005 Guaranty from DDH Financial Corp., USA Investment Partners, LLC, Kreg D. Rowe, and Joseph D. Milanowski. (Berman Decl., ¶ 6.)

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Performing" on the Note as of July 31, 2006. (Berman Decl., ¶ 7.) The USACM "Loan Summary" dated February 28, 2007 and filed in this case shows that the loan was in maturity default. *Id.*

During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders and the confirmed Plan. The USACM Trust has not been able to determine the ultimate disposition of the Cabernet Highlands Loan or whether the Direct Lenders were repaid on the loan in whole or in part. (Berman Decl., ¶ 8.)

As for the collateral, counsel for the Trustee has been able to determine, upon reviewing the documents recorded in Washoe County, that the collateral, which consisted of twelve different parcels, was consolidated into 4 separate parcels. Parcels 1 and 2 were conveyed to an entity called Lakemont Wild Stallion, LLC in May 2005. Parcel 3 became a residential subdivision, and the individual lots were sold to property owners. Borrower appears to still own 18 lots in Parcel 3. A portion of Parcel 4 became a residential

subdivision, and Borrower appears to still own all of those lots, as well as the remaining, unsubdivided, property, consisting of approximately 90.1 acres.

### c. The Cabernet Highlands Claims

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based entirely upon an investment in the Cabernet Highlands Loan. (Burr Decl. ¶ 7.) **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim, the total amount of diverted principal and the total amount of the claim that appears to be related to an investment in the Cabernet Highlands Loan based upon the information provided by the claimant. (Burr Declaration ¶ 7.) The claims listed in **Exhibit A** are referred to hereafter as the "Cabernet Highlands Claims." As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit C**. There were $900,000 in diverted principal claims associated with the Cabernet Highlands Loan. This Objection carves out the diverted principal portion of the Direct Lenders' claims and asks that the Court allow that portion of each claim.

## II. JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III. APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the

debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).  A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## IV.    THE OBJECTION

USA Investment Partners ("USA IP") controlled the Borrower.  That fact was disclosed on the Offer Sheet described above and attached hereto as **Exhibit B**.  As such, and unlike many of the other loans brokered by USACM, the Cabernet Highlands Loan was not completely arms' length.  Further, DDH Financial Corp and its principal, Kreg Rowe, are well known to the Trust as having had an intimate relationship with USACM, Joe Milanowski, Tom Hantges and USA Investment Partners.[3]  Mr. Rowe at one time was referenced as an officer of USACM out of its Northern Nevada (Reno) offices.

The Direct Lenders however did receive the subordinated security interest in the collateral promised them by the Borrower through the Offer Sheet.  The Trust believes USACM is not liable for the Borrower's default but the Trustee recognizes the potential conflict of interest arising from USACM's brokering the loan for an affiliate, being the loan's servicer and then potentially not acting diligently to demand payment from a defaulting borrower.  USACM however is not responsible for any decrease in the value of the collateral.

In light of the potential conflict of interest, the Trustee is prepared to allow a partial claim for the Direct Lenders that have filed proofs of claim arising from their investment

---

[3] Earlier this year the chapter 11 trustee for USAIP settled her claims against Mr. Rowe and DDH Financial, along with Mr. Rowe's associate Bret Sebert and B&L Investments Inc.

in the Cabernet Highlands Loan in an amount of 20% of the portion of the Proof of Claim that does not relate to diverted principal.  The Trust objects to the remaining 80% of the claim, excluding diverted principal, because the Direct Lenders fail to state a claim.  USACM does not appear to have breached the loan servicing agreements with respect to collection of the Cabernet Highlands Loan.  USACM was under no duty to foreclose on the collateral securing the loan or take any other action.

This objection will not affect the Direct Lenders' right to be repaid on the Cabernet Highlands Loan by the Borrower, to recover from the sale of any collateral that secured the Cabernet Highlands Loan, or share in any funds generated by enforcing the guarantees associated with the loan[4].

---

[4] The Trust recognizes that guarantees by USAIP and Mr. Milanowski are now of little if any value as a result of the bankruptcy proceedings for both.  Mr. Milanowski's case is now a proceeding under chapter 7 and Mr. Milanowski is subject to an $86.9 million restitution order arising out of his plea agreement with the Federal Government (and under which Mr. Milanowski is currently serving a twelve year sentence).  Claims in the USAIP bankruptcy case will be substantially more than the available funds/assets in the case, making any meaningful recovery on guaranty claims unlikely.

8

2425974.1

### V. CONCLUSION

The USACM Trust respectfully requests that the Court allow the portion of each Cabernet Highlands Claim that relates to diverted principal, and then allow 20% and disallow 80% of what remains of each claim after subtracting out the diverted principal. The claims listed in **Exhibit A** are based entirely upon an investment in the Cabernet Highlands Loan and the Court's order should therefore resolve those claims. This objection concerns only the Cabernet Highlands Loan and not any other claims of any of the Direct Lenders. The USACM Trust also requests such other and further relief as is just and proper.

Dated: July 25, 2011.

LEWIS AND ROCA LLP

By s/John Hinderaker (AZ 18024)
   Robert M. Charles, Jr., NV 6593
   John Hinderaker, AZ 18024 (*pro hac vice*)
   Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
E-mail:  JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent portion of Exhibits mailed by first class postage prepaid U.S. Mail on July 25, 2011, to all parties listed on Exhibit A attached.

LEWIS AND ROCA LLP

  s/ Matt Burns

2425974.1